UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: "J" (1) |
| Applies to: No 12-970, *Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production, Inc., et al.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT WITH BP IN ACCORDANCE WITH THIS COURT'S ORDERS

NOW INTO COURT, through undersigned counsel comes Zone A, BEL Claimant 100124796 (hereinafter, "Claimant")[1], who respectfully moves this Court to enforce the Settlement Agreement with BP according to the clear terms of the Release Claimant signed, and according to the Orders of this Court. In support, Claimant avers as follows:

1.

BP proposed[2] – and Claimant accepted[3] – a Release that assured Claimant that upon the execution of the Release, any future court decisions – good or bad – would have no impact on

---

[1] Because of the confidentiality of individual Claimants and Claim-specific files, documents or other information (See Doc. 6430-1, "Deepwater Horizon Economic and Property Damages Settlement Agreement As Amended on May 2, 2012" (Settlement Agreement) Section 4.4.1, Doc. 6822, "Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Implementation" ¶4, and Pre-Trial Order No. 13), undersigned counsel refers to Claimant pursuant to its Claim Number and has redacted identifying information in this submission. Since an Eligibility Notice was issued in this claim, and BP availed itself of its appellate rights, BP is aware of the name of this Claimant and the specifics of the claim. Claimant will file additional pleadings under seal as directed by the Court.

[2] Doc. 6430-45, Exhibit 26 to Motion to Preliminarily Approve Class Action Settlement, and Doc. 6430-1, Section 25.1 of the Settlement Agreement.

[3] *See* Exhibit 1.

the validity and enforceability of the executed Release.[4] Claimant signed the Release and the Release was accepted over a year before any court decision was handed down that should have affected the status and payment of this Claim.

2.

The operable language of the Claimant's Release states that:

> . . . it is possible that the terms of the proposed settlement may change in the future – for better or worse – as a result of further legal proceedings. However, if you sign this Individual Release, none of those uncertain events will affect you . . . In fact, even if the Court does not approve the proposed class action settlement agreement or the approval is reversed by an appellate court, you shall continue to be bound by this Individual Release.[5]

And,

---

[4] *Id.* at p. 2 of 20, paragraph 5:

> The settlement payment you have been offered arises under the auspices of the federal District Court in New Orleans presiding over the multidistrict litigation titled *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (MDL No. 2179). A class action settlement has been proposed in that case, but the Court has <u>not</u> yet given final approval of that proposed settlement. If the Court does approve the proposed class action settlement, an appellate court could reverse the approval. In addition, it is possible that the terms of the proposed settlement may change in the future – for better or worse – as a result of further legal proceedings. However, if you sign this Individual Release, none of those uncertain events will affect you. **By signing this Individual Release you are forever waiving and releasing all the claims that you may have against BP (except for the Expressly Reserved Claims) in exchange for the compensation being provided.** In fact, even if the Court does not approve the proposed class action settlement agreement or the approval is reversed by an appellate court, you shall continue to be bound by this Individual Release." (emphasis supplied).

and, paragraph 16 of Definitions, page 13 of 20:

> <u>**Continuing Effectiveness of Agreement.**</u> This **Individual Release** shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the **Released Parties** in any current or future litigation. **THIS INDIVIDUAL RELEASE SHALL ALSO REMAIN EFFECTIVE REGARDLESS OF WHETHER THE SETTLEMENT AGREEMENT RESOLVING THE CLAIMS OF THE ECONOMIC CLASS IS APPROVED.** (emphasis supplied).

[5] *Id.,* paragraph 5 quoted in its entirety in FN 4, above.

Continuing Effectiveness of Agreement. This Individual Release shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the Released Parties in any current or future litigation. THIS INDIVIDUAL RELEASE SHALL ALSO REMAIN EFFECTIVE REGARDLESS OF WHETHER THE SETTLEMENT AGREEMENT RESOLVING THE CLAIMS OF THE ECONOMIC CLASS IS APPROVED.[6]

3.

The Claimant executed the Release on February 25, 2013, the Release was accepted on February 27, 2013 and the post-appeal award in Claimant's favor was received on June 11, 2013. The award was due and payable on June 25, 2013.[7],[8] However, BP, as of June 15, 2014, is challenging payment of this Claim by stating that it is subject to revenue matching in the Court's June 27, 2014 Order. Claimant is not arguing Policy 495 issues in this Motion. Claimant's position is merely that this Claim was settled, and "had prior to October 3, 2013: received a final Eligibility Notice...and...no timely appeal had been filed.[9] Moreover, the Release that was signed clearly forecloses any subsequent decisions regarding this claim. A valid and executed contract, via the Release, has existed between the parties since February 2013.

4.

---

[6] *Id.* paragraph 16 quoted in its entirety in FN 4, above.
[7] The timeline for this claim is as follows:

| | |
|---|---|
| Claim filed: | September 25, 2012 |
| Eligibility Notice issued: | February 15, 2013 |
| Release signed: | February 25, 2013 |
| Offer Accepted: | February 27, 2013 |
| BP Appealed Award: | March 8, 2013 |
| DHECC Appeal Panel Decision: | June 10, 2013 |
| Post-Appeal Eligibility Notice: | June 11, 2013 |
| Award Confirmed as Final Award: | June 11, 2013 |
| Award Due and Payable: | June 25, 2013* |

*BP did not seek Judicial Review of the Appellate Panel's Decision.
[8] *See* Exhibit 2, *in globo*, "Claims Events/Notices".
[9] Doc. 12948 filed 5/28/14.

Under the clear terms of the Release, no court ruling subsequent to the execution and acceptance of the Release (which became effective in February 2013), regardless of whether those decisions ultimately turn out positive or negative for a respective side, have any impact on the validity – and enforceability – of the Release.

5.

This Court has issued two Orders that are directly applicable to this Claimant: (1) On May 28, 2014, this Court issued its "Order Dissolving Preliminary Injunction Related to BEL Claims and Implementation of Policy 495: Matching of Revenue and Expenses".[10] In that Order, the Court specifically stated: "Policy 495...shall be applicable to all BEL Claims . . . *save and except those claims that prior to October 3: received a final Eligibility Notice . . . and* (a) no timely appeal had been filed." (emphasis added). As noted above, this Claimant received its Post-Appeal Eligibility Notice a/k/a Final Eligibility Notice on June 11, 2013 and BP did not file for a discretionary appeal. Consequently, under the terms of this Court's May 28, 2014 Order, Policy 495 did not apply to the present Claimant, thus Claimant should have been paid; and (2) On June 27, 2014, this Court held that there are/were certain claims that are unaffected by Policy 495.[11] Specifically, this Court's Order stated that claims that were compromised between BP and the Claimant and had gone through the Settlement Program Appeal Process were unaffected. The Court further held that, such "claims shall be paid promptly without delay."[12] BP did not ask this Court to reconsider its June 27, 2014 Order, nor has it filed an Appeal. The June 27, 2014, holding by this Court is directly on point with the facts of the present case and the law argued in this motion.

---

[10] Doc 12948.
[11] Doc. 13076.
[12] See, *Id.* - "Order [Regarding Motion to Clarify and/or to Alter or Amend Order Lifting Injunction – Doc. 13004]" dated June 27, 2014.

6.

Claimant's counsel has provided copies of this Motion and attached Memorandum to and solicited comments from the Plaintiffs' Liaison Counsel and Steering Committee via email correspondence, in accordance with the Court's Pre-Trial Order.

7.

This is a straightforward Motion, seeking to enforce the terms of the Release, according to this Court's Orders. This request is based not only on bedrock principles of contract law, but also express terms of the executed Release itself. As a result, and for the reasons more fully articulated in the attached Memorandum that, by reference, is incorporated into this Motion as if copied *in extenso*, Claimant asks this Court to enforce clear terms of the Release and to direct BP to immediately pay this claim consistent with this Court's Orders.

Respectfully submitted:

**Law Offices of Ashley E. Philen, LLC**

**/s/ Ashley E. Philen**
Ashley E. Philen
La Bar No. 31285
4217 E. Old Spanish Trail (70560)
P.O. Box 11652 (70562)
New Iberia, Louisiana
Telephone: (337)492-5008
Facsimile: (888)345-7046
Ashley.aeplaw@gmail.com

*Attorney for Claimant*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Motion has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of April, 2013.

      /s/ Ashley E. Philen
_____
      ASHLEY E. PHILEN