UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>**This Pleading Relates To**<br>• **10-4182** (*Alabama v. BP*)<br>• **10-4183** (*Alabama v. Transocean, et. al*)<br>• **13-2645** (*Alabama v. Anadarko & MOEX*)<br>• **13-2646** (*Alabama v. Transocean*)<br>• **13-2647** (*Alabama v. Halliburton*)<br>• **13-2813** (*Alabama v. BP*) | MDL No. 2179<br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**THE STATE OF ALABAMA'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL "PLACEHOLDER" DISCOVERY RESPONSES**

LUTHER J. STRANGE
*Attorney General*

COREY L. MAZE
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email: cmaze@ago.state.al.us

Attorneys for the State of Alabama

TABLE OF CONTENTS

**Argument**

I. Interrogatory #7:  The State Has Identified the Properties For Which It Claims Damages and Needs Not Disclose the Methodology for Valuing its Loss Until Expert Discovery .........1

II. Interrogatories #1, 2, 10, 12: The State Will Supplement Its Disclosure of At-issue Response and Recovery Costs ...............................................................................................3

III. Interrogatory #5: The State Will Supplement Its Disclosure of Sale and Use Restrictions on At-issue Properties ...................................................................................................3

IV. Rule 33(d): The State Will Comply with Rule 33(d), Once Its Supplemental Production Is Complete .................................................................................................................4

**Conclusion** ................................................................................................................. 4

**Certificate of Service**................................................................................................... 5

TABLE OF AUTHORITIES

**Statutes**

33 U.S.C. §2702(b)(2).................................................................................................... 2

**Other Authorities**

*Moore's Federal Practice* § 26.123 ................................................................................ 3

THE STATE OF ALABAMA'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL "PLACEHOLDER" DISCOVERY REQUESTS

---

Alabama generally agrees with three of the four placeholder requests. *See* Rec. Doc. 13685 at 7-8 (Issues IV (B, C, D)). We start with the request that is due to be denied.

**I.   Interrogatory #7:  The State Has Identified the Properties For Which It Claims Damages and Needs Not Disclose the Methodology for Valuing its Loss Until Expert Discovery.**

Interrogatory #7 asks two questions: (1) What is the State's "proprietary interest" in each parcel of property that suffered damages under *Robins Dry Dock* and (2) how the State's property damages "were or will be realized." Ex. A at 32. The Court should deny Defendants' motion to compel a more detailed answer to either question, as Defendants have all of the information to which they are entitled before expert discovery begins.

1. *Identification of Properties*:  In their original brief, Defendants alleged that they needed "an identification of the properties at issue" and that Alabama had agreed "to supplement its response to identify the properties it has a proprietary interest in and for which it is claiming damages from." Rec. Doc. 13512 at 12. We did; Alabama's supplemental response articulates (a) the properties for which Alabama brings a property damage claim, (b) the State's interest in those properties (*i.e.* it holds legal title for each), and (c) that each property suffered a physical injury resulting from the spill. Ex. A at 34. Thus, Defendants' "identification" complaint is moot.[1]

2. *Factual Basis for Damage*:  In their original brief, Defendants also alleged that they needed to know "the nature of those alleged [property] damages." Rec. Doc. 13512 at 12. But Alabama has provided a sufficient factual basis to support a property damage claim under *Robins*

---

[1] The dispute arose because Interrogatory #7 asks the State to identify of ***all*** damaged properties for which the State has a proprietary interest under *Robins Dry Dock*, not just those for which the State raises a claim. After meet-and-confers, the State supplemented its Response by differentiating between the oiled properties for which the State raises a monetary property damage claim and the oiled properties for which the State does not raise a property damage claim, but may serve as a basis for the State's other claims—*e.g.* tax loss or removal costs. *See* Ex. A at 34.

1

*Dry Dock* (*i.e.* maritime law) and OPA. *See* 33 U.S.C. §2702(b)(2) (providing "[d]amages for injury to … real or personal property, which shall be recoverable by a claimant"). For example, the State's Responses to Interrogatories #1, #2, #9, #17, and #18 provide a written, factual basis for our property damage claims. *See* Ex. A at 2-11, 36-37; Ex. B at 3-6. Alabama has produced (and will produce again) documentary support of its ownership interest in the properties at issue and four years worth of oiling and response reports, which establish damage to, and interference with, the State's proprietary interests. Alabama's response to Interrogatory #5, discussed *infra* at 3-4, will provide the property valuations and restrictions on the sale and use of the properties at issue, and Alabama previously provided links to publicly-available property location and appraisal values in our initial disclosures. *See* Ex. B at 11.

In short, Alabama owns (and has not sold) each of the properties for which we bring a monetary property damage claim; each of those properties was damaged when oil touched those properties; and Alabama has produced more than enough factual information for Defendants to prepare for the upcoming <u>fact</u> depositions regarding this damage.

3. *Expert Discovery*: What Defendants really seek is the premature discovery of our expert(s)' method(s) of valuing Alabama's property damage claims. In our Rule 26(a) disclosure, Alabama informed Defendants that we "will rely on expert testimony to establish these [property] damages;" we listed four methodologies the State's expert(s) might employ; and we informed Defendants that we would disclose our "expert calculation(s) and methodology(s) pursuant to the Court's scheduling order." *See* Ex. C at 16.

Alabama need not reveal its methodology for valuing its property damages until the expert discovery period commences, just as BP has refused to reveal any information/methodologies concerning its valuation of the State's tax loss and/or the effect of BP's expenditures on the

State's tax loss. *See*, *e.g.*, *Moore's Federal Practice* § 26.123 (noting that a request "seeking to compel expert information prior to the time that the Rule 26(a)(2) report is due … may be stricken as untimely"); Rec. Doc. 13595-1 at 27-28 (BPXP objecting to Alabama's Interrogatory #9, which asked for information regarding BP's efforts to quantify the spill's impact on Alabama's taxes, as privileged and "premature to the extent it calls for expert discovery").[2] Defendants presently have sufficient <u>factual</u> information to prepare for <u>fact</u> depositions under any valuation method that Alabama's expert(s) choose to employ, and they will have even more once the State's new production is complete. Defendants will receive the expert methodologies and calculations in due course—*i.e.* when the Court orders Alabama's first round of expert reports.

**II.     Interrogatories #1, 2, 10, 12: The State Will Supplement Its Disclosure of At-issue Response and Recovery Costs.**

The State will supplement its responses to Interrogatories #1, 2, 10, and 12 after it completes the new production of documents. Accordingly, Alabama agrees that the Court can enter an order compelling a supplement to these interrogatories, as long as the order contains these caveats: (1) the supplemental response is not due until after Alabama's new production is complete; (2) the State's supplemental response is limited to response and recovery costs for which the State is seeking reimbursement in this phase; and, (3) the State need not disclose any expert calculations or methodologies until the service of expert reports.

**III.    Interrogatory #5: The State Will Supplement Its Disclosure of Sale and Use Restrictions on At-issue Properties.**

The State will supplement its response to Interrogatory #5 after it completes the new production of documents. Accordingly, Alabama agrees that the Court can enter an order compelling a supplement to Interrogatory #5, as long as the order contains these caveats: (1) the

---

[2] Defendants implicitly acknowledge that they cannot ask the Court to compel Alabama's methodology for computing property damages by claiming "not [to] seek the amount of Alabama's damages, or the method used to calculate the alleged damages for the properties." Rec. Doc. 13512 at 12.

supplemental response is not due until after Alabama's new production is complete; (2) the State's supplemental response is limited to the State-owned properties for which the State is bringing a monetary property damage claim; and, (3) the State need not disclose any expert calculations or methodologies until the service of expert reports.

IV. **Rule 33(d):** **The State Will Comply with Rule 33(d), Once Its Supplemental Production Is Complete.**

The State's post-production, supplemental responses will contain citations to the new production that satisfy Rule 33(d) of the Federal Rules of Civil Procedure. Because Alabama is already required to follow the Rules of Civil Procedure, we see no reason to grant a motion to compel future compliance with the Rule.

### CONCLUSION

The Court should deny Defendants' Motion to Compel a more detailed response to Interrogatory # 7. The Court should grant Defendants' Motion to Compel a response to Interrogatories #1, 2, 5, 10, and 12, but only (a) after the State completes its new production and (b) only as to the claims at issue.

Respectfully submitted on November 25, 2014.

LUTHER J. STRANGE
*Attorney General*

/s/ Corey L. Maze
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Email: cmaze@ago.state.al.us
Phone: (334) 242-7300

Attorneys for the State of Alabama

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 25, 2014.

    /s/ Corey L. Maze
COREY L. MAZE
*Special Deputy Attorney General*