IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, | *<br>*<br>* | MDL No. 2179 |
| | * | Section: J |
| This Document Relates To: 10-4536 | * | |
| | * | Judge Barbier |
| | * | |
| | * | Magistrate Judge Shushan |
| | *<br>* | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**STIPULATIONS AND ORDER RELATED TO THE "ANY OTHER PENALTY
FOR THE SAME INCIDENT" FACTOR CONCERNING
PRIOR SETTLEMENTS AND CRIMINAL PLEAS IN CONNECTION
WITH THE PENALTY PHASE OF UNITED STATES V. BPXP, ET AL., 10-4536**

The United States, Anadarko Petroleum Corporation ("Anadarko"), and BP Exploration & Production Inc. ("BPXP")[1] (collectively, "the Parties") hereby stipulate to the facts set forth herein related to the "any other penalty for the same incident" factor set forth in 33 U.S.C. § 1321(b)(8), concerning prior settlements and criminal pleas related to the *Deepwater Horizon* incident.  These stipulations relate to the Penalty Phase of *United States v. BPXP, et al.*, No. 10-4536.  The Parties enter into this stipulation to reduce the need for discovery and presentation of evidence.

The settlements summarized below are matters of record. The Parties reserve the right to make arguments or to rely on facts not included in these stipulations based on the judicial record or other relevant sources, and by entering into these stipulations do not concede that other facts pertaining to prior settlements or criminal pleas but not included in these stipulations are relevant.

The Parties do not waive any arguments concerning the relevance of these facts nor does any Party, by entering into these stipulations, concede the relevance of these facts.  The Parties may enter into additional stipulations if warranted.

**BPXP Criminal Plea**

1. On or about November 15, 2012, the United States and BPXP entered into a Plea Agreement in the United States' criminal case filed against BPXP in connection with the *Deepwater Horizon* incident (*United States v. BP Exploration & Production Inc.* (E.D.

---

[1] These stipulations are not binding on any other entity including any State.  The Parties agree that arguments regarding which corporate entities are relevant are reserved and will be resolved elsewhere.

La. Docket No. 12-cr-292)).[2]  Pursuant to that Plea Agreement and the subsequent judgment entered by Judge Vance on January 29, 2013, BPXP will pay a fine of $1.15 billion as to Count 12 (33 U.S.C. §§ 1319(c)(1)(A) & 1321(b)(3) (Clean Water Act)) of the Bill of Information.[3]  BPXP will pay a fine of $5.5 million as to Counts 1-11 (18 U.S.C. § 1115)(Seaman's Manslaughter).[4]  BPXP also will pay a fine of $100 million as to Count 13 (16 U.S.C. §§ 703 & 707(a) (Migratory Bird Treaty Act)) of the Bill of Information to the North American Wetlands Conservation Fund for the purpose of wetlands restoration and conservation projects, and $500,000 as to Count Fourteen (Obstruction of Congress).[5]  BPXP will pay an additional $350 million to the National Academy of Sciences for the purposes of oil spill prevention and response in the Gulf of Mexico and $2.394 billion ($2,394,000,000.00) to the National Fish and Wildlife Foundation.

2. BP Corporation North America Inc. is the primary guarantor and BP p.l.c. is the secondary guarantor for all payments due under the Plea Agreement from BPXP.[6]

3. The Plea Agreement provides that "payments made pursuant to paragraph 4(c)(viii) [providing for entry of the order that was agreed to in connection with the Plea Agreement[7] and that was subsequently entered on January 29, 2013[8]] above shall have no effect on, and shall not be argued by the defendant, BP plc, or any other BP plc entity, to reduce in any way, any civil claims by any party arising out of the *Deepwater Horizon* blowout, explosion, oil spill and response, including but not limited to natural resource damage claims."[9]  The payments made pursuant to paragraph 4(c)(viii) of the Plea Agreement are the above-mentioned $350 million to the National Academy of Sciences and $2.394 billion ($2,394,000,000.00) to the National Fish and Wildlife Foundation. BPXP's payment of criminal fines totaling $1.256 billion ($1,256,000,000) under the terms of the Plea Agreement is not a payment made pursuant to paragraph 4(c)(viii) of the Plea Agreement.

**BP p.l.c. Consent to Judgment Regarding SEC Claims**

4. On or about November 15, 2012, the Securities and Exchange Commission ("SEC") and BP p.l.c. entered into a civil settlement and consent to final judgment for violations of Sections 10(b) and 13(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78 m(a),[10] which Judge Barbier entered on December 10, 2012.[11]  Pursuant to the Final Judgment, BP p.l.c. will pay a civil penalty of $525 million to the SEC.[12]

---

[2] E.D. La. Docket No. 12-cr-292, Rec. Doc. 2-1.
[3] E.D. La. Docket No. 12-cr-292, Rec. Docs. 2-1, 66.
[4] E.D. La. Docket No. 12-cr-292, Rec. Docs. 2-1, 66.
[5] E.D. La. Docket No. 12-cr-292, Rec. Docs. 2-1, 66.
[6] E.D. La. Docket No. 12-cr-292, Rec. Docs. 2-1, ¶ 6(a).
[7] E.D. La. Docket No. 12-cr-292, Rec. Docs. 2-1, Ex. B.
[8] E.D. La. Docket No. 12-cr-292, Rec. Doc. 66-3.
[9] E.D. La. Docket No. 12-cr-292, Rec. Docs. 2-1, ¶ 4.
[10] E.D. La. Docket No. 2:12-c-02774, Rec. Docs. 1, 2.

**MOEX Consent Decree**

5. On or around February 17, 2012, the United States reached an agreement with MOEX Offshore 2007 LLC ("MOEX"), subject to court approval, to resolve the United States' claims against MOEX for civil penalties under the Clean Water Act arising from the *Deepwater Horizon* accident, oil spill, and response.[13] According to the terms of the settlement, MOEX agreed to pay $45 million in civil penalties to the United States to resolve alleged violations of the Clean Water Act resulting from the spill, as well as $25 million in civil penalties to the five Gulf States.[14] In addition, MOEX agreed to implement supplemental environmental projects at a cost of at least $20 million.[15] On June 18, 2012, this Court approved the settlement in a partial consent decree.[16]

**Transocean Consent Decree**

6. On or around January 3, 2013, the United States reached an agreement with Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH (collectively, "Transocean"), subject to court approval, to resolve the United States' claims against Transocean for civil penalties under the Clean Water Act arising from the *Deepwater Horizon* accident, oil spill, and response.[17] According to the terms of the settlement, Transocean agreed to pay $1 billion in civil penalties to resolve alleged violations of the Clean Water Act resulting from the spill.[18] On February 19, 2013, this Court approved the settlement in a partial consent decree.[19]

**Transocean Criminal Plea**

7. On or about January 3, 2013, the United States and Transocean Deepwater Inc. entered into a Plea Agreement in the United States' criminal case filed against Transocean Deepwater, Inc. in connection with the *Deepwater Horizon* incident (*United States v. Transocean Deepwater Inc.* (E.D. La. Docket No. 13-cr-1)).[20] Pursuant to that Plea Agreement and the subsequent judgment entered by Judge Milazzo on February 14, 2013, Transocean will pay a fine of $100 million as to Count 1 (33 U.S.C. §§ 1319(c)(1)(A) & 1321(b)(3) (Clean Water Act)) of the Bill of Information.[21] Transocean also will pay an additional $150 million to the National Academy of Sciences for the purpose of oil spill prevention response in the Gulf of Mexico and $150 million to the National Fish and

---

[11] E.D. La. Docket No. 2:12-c-02774, Rec. Doc. 5.
[12] E.D. La. Docket No. 2:12-c-02774, Rec. Doc. 5.
[13] Rec. Docs. 5743 & 5743-1.
[14] Rec. Doc. 5743-1 at 10.
[15] Rec. Doc. 5743-1 at 12.
[16] Rec. Doc. 6698.
[17] Rec. Doc. 8157 & 8157-1.
[18] Rec. Doc. 8157-1 at 9.
[19] Rec. Doc. 8608.
[20] E.D. La. Docket No. 2:13-cr-1, Rec. Doc. 3-1
[21] E.D. La. Docket No. 2:13-cr-1, Rec. Docs. 3, 3-1.

3

Wildlife Foundation.[22] The settlement includes various court-enforceable strictures regarding Transocean's drilling operations.

**Halliburton Plea Agreement**

8. On July 25, 2013, Halliburton Energy Services Inc. entered into a plea agreement in which it agreed to pay a $200,000 criminal fine as part of the criminal investigation into matters related to the *Deepwater Horizon* incident (referred to herein as the "Halliburton plea agreement"). The Halliburton plea agreement related to a misdemeanor violation of 18 U.S.C. § 1030(a)(5)(A), arising from the destruction of records created after the explosion on board the *Deepwater Horizon*.[23]

IT IS SO ORDERED.

New Orleans, Louisiana this 26th day of November, 2014

Carl J. Barbier, United States District Judge

---

[22] E.D. La. Docket No. 2:13-cr-1, Rec. Docs. 3-1, 3-3.
[23] Cooperation Guilty Plea Agreement, *United States v. Halliburton Energy Services, Inc.,* No. 2:13-cr-00165 (E.D. La. July 26, 2013) Rec. Doc. 4.

Date: November 25, 2014                    Respectfully submitted,

/s/ Don K. Haycraft_____
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar # 16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia Karis, P.C.
Matthew Regan, P.c.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
Kirkland & Ellis LLP
655 15th Street, NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

***Attorneys for BP Exploration & Production Inc.***

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@morganlewis.com
Thomas R. Lotterman
thomas.lotterman@morganlewis.com
Morgan, Lewis & Bockius LLP
2020 K Street, NW
Washington, DC  20006-1806
Telephone:  (202) 373-6000
Facsimile: (202) 373-6001

James J. Dragna
jim.dragna@morganlewis.com
Morgan, Lewis & Bockius LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California  90071-3106
Telephone:  (213) 680-6436
Facsimile:  (213) 680-8636


**KUCHLER POLK SCHELL
WEINER & RICHESON, LLC**

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Telephone:  (504) 592-0691
Facsimile:  (504) 592-0696

*Attorneys for Anadarko Petroleum Corporation*

| | |
|---|---|
| JOYCE R. BRANDA<br>Acting Assistant Attorney General<br>Civil Division<br>PETER FROST<br>Director, Torts Branch, Civil Division<br>Admiralty and Aviation<br>STEPHEN G. FLYNN<br>Assistant Director<br>SHARON SHUTLER<br>MALINDA LAWRENCE<br>LAURA MAYBERRY<br>Trial Attorneys<br><br><br>R. MICHAEL UNDERHILL, T.A.<br>Attorney in Charge, West Coast Office<br>Torts Branch, Civil Division<br>U.S. Department of Justice | SAM HIRSCH<br>Acting Assistant Attorney General<br>Environment & Natural Resources Division<br>SARAH HIMMELHOCH<br>Senior Litigation Counsel<br>NANCY FLICKINGER<br>Senior Attorney<br>RICHARD GLADSTEIN<br>PATRICK CASEY<br>Senior Counsel<br>A. NATHANIEL CHAKERES<br>JUDY HARVEY<br>RACHEL KING<br>ERICA PENCAK<br>ABIGAIL ANDRE<br>RACHEL HANKEY<br>BRANDON ROBERS<br>Trial Attorneys<br><br><br>/s/ Steven O'Rourke<br>STEVEN O'ROURKE<br>Senior Attorney<br>Environmental Enforcement Section<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Telephone:  202-514-2779<br>Facsimile:   202-514-2583<br>E-mail:  steve.o'rourke@usdoj.gov<br><br>KENNETH A. POLITE, JR.<br>United States Attorney<br>Eastern District of Louisiana<br>SHARON D. SMITH<br>Assistant United States Attorney<br>Eastern District of Louisiana<br>650 Poydras Street, Suite 1600<br>New Orleans, LA  70130<br>Telephone:  (504) 680-3000<br>Facsimile:  (504) 680-3184<br>E-mail:  sharon.d.smith@usdoj.gov |