UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * | MDL NO. 2179 "J"(1) <br> JUDGE BARBIER <br> MAGISTRATE SHUSHAN |
| **THIS DOCUMENT APPLIES TO:** <br> **Case No. 12-311** | * * * | **JURY TRIAL DEMANDED** |

### LIBERTY INSURANCE UNDERWRITERS, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND STAY PENDING APPEAL

Liberty Insurance Underwriters, Inc. ("LIU"), pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), Federal Rule of Civil Procedure 62(d) and Uniform Local Rules 62.2 and 65.1.1, requests that this Court stay execution of its October 31, 2014 Judgment [Docket No. 13588] pending the resolution of the appeal in this matter and for that purpose to approve the Supersedeas Bond attached hereto.

LIU is entitled to a Stay of Execution of Judgment as a matter of right upon filing a supersedeas bond that complies with all aspects of federal law. Federal Rule of Civil Procedure 62(d) provides that "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after obtaining an order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). Under Fifth Circuit law, Federal Rule of Civil Procedure 62(d) "entitles a party appealing a money judgment to an *automatic* stay upon posting a supersedeas bond." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992)(emphasis supplied); *accord Johnson v.*

1

*Cenac Towing, Inc.*, 2007 WL 708784, *1 (E.D. La. March 5, 2007) (Vance, J.); *see also* Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: FEDERAL RULES OF CIVIL PROCEDURE § 2905 ("The stay issues as a matter of right in cases within Rule 62(d), and is effective when the supersedeas is approved by the court.").

For that purpose, LIU requests that the Court approve the Supersedeas Bond attached hereto. Pursuant to Uniform Local Rule 62.2, the amount of the Supersedeas Bond shall be the amount of the judgment, plus 20%. Here the total award in favor of Cameron International Corporation is $56,890,410.96 (including prejudgment interest at 5%) plus 20% pursuant to Uniform Local Rule 62.2, results in the total amount of $68,268,492 of the Supersedeas Bond.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

and

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Robert G. Dees, PRO HAC VICE
Federal I.D. 13899
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

*Attorneys for Liberty Insurance Underwriters, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of November, 2014.



/s/ *Judy Y. Barrasso*

*{1021465_1}*

3

1021465_1