# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J |
| This document relates to: 10-4536. | * * | |
| | * * | Honorable CARL J. BARBIER |
| | * * | Magistrate Judge SHUSHAN |
| | * * | |

---

## BP EXPLORATION & PRODUCTION INC.'S MEMORANDUM
## IN RESPONSE TO MOTIONS OF LOUISIANA AND MISSISSIPPI
## RELATING TO THE PENALTY PHASE TRIAL

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia ("Carrie") Karis, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000

Joel M. Gross
Brian D. Israel
ARNOLD & PORTER LLP
555 12th St., N.W.
Washington D.C. 20004
Telephone: (202) 942-5000

Don K. Haycraft (Bar # 14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.*

# INTRODUCTION[1] [2]

Both Louisiana and Mississippi, neither of which is a party to the upcoming Penalty Phase trial, have sought relief with respect to the Penalty Phase.  On November 10, Louisiana submitted a letter to Magistrate Judge Shushan seeking "a formal affirmation . . . that findings reached in the context of the Penalty Phase . . . will not be binding upon the State in the context of a later trial of its claims."  (Rec. Doc. 13687, docketed on Nov. 19, 2014).  Mississippi filed a motion on November 14 seeking to clarify the scope of the evidence to be allowed during the Penalty Phase or, in the alternative, an order that any such evidence will not have a preclusive effect on Mississippi's natural resource damages ("NRD") claims or its economic loss claims under OPA.  (Rec. Doc. 13656).  BP Exploration & Production Inc. ("BPXP") largely is in agreement with the relief sought by the Louisiana and Mississippi.  In particular, there is agreement on the following issues:

1.  The Penalty Phase is not intended to adjudicate, and will not adjudicate, the claims or defenses of any party for NRD, including the claims of the United States (which is party to the Penalty Phase) and the States of Louisiana and Mississippi (which are not parties to the Penalty Phase).  The Court has made abundantly clear that the Penalty Phase is a separate proceeding from any future phase involving NRD.

---

[1] Anadarko Petroleum Corporation has advised that it agrees with the points made herein.
[2] Instead of using its filing today (Rec. Doc. 13728) to address the relief sought by the States, the United States used its filing to repeat arguments it has made in the past about the environmental, economic, and human health harms arising from the spill, the scope of the seriousness factor, and the parties' respective environmental expert reports. BPXP strongly disagrees with the United States' characterization of (i) the Court's prior rulings with respect to the scope of the Penalty Phase trial; (ii) the nature of the expert reports submitted by the parties; and (iii) the actual or potential environmental, human health, and economic harm caused by the spill.  The United States' effort to litigate the substance of these issues in the context of the current motions by Louisiana and Mississippi is inappropriate. However, if the Court wishes to address these issues, BPXP requests an opportunity to respond to the United States' characterizations.  (With respect to the relief sought in the motions to which the United States is responding, we note that the United States agrees with BPXP and the States that Penalty Phase rulings should not be dispositive on issues relating to future NRD claims.)

2.  Similarly, the Penalty Phase is not intended to adjudicate, and will not adjudicate, any claim of any Gulf State (or local government entity ("LGE")) for economic loss under OPA, or any defenses thereto.

3.  In light of the foregoing, no finding made by the Court in the Penalty Phase should have any preclusive effect, whether under principles of law of the case, collateral estoppel, or otherwise, on any party in connection with future NRD or economic loss claims.

4.  Similarly, notwithstanding the evidence presented and findings made in the Penalty Phase, all parties should have the opportunity to fully develop the factual record to support their claims or defenses in connection with future NRD or economic loss proceedings.

In light of the parties' agreement on the foregoing, it is clear that the Louisiana and Mississippi will not be prejudiced as a result of the evidence presented and findings made in connection with the Penalty Phase trial, and BPXP does not object to the entry of an appropriate Order clarifying each of the foregoing points.  Since the filing of the Louisiana and Mississippi motion papers, BPXP and the USA have conferred regarding a revised form of the proposed order submitted by Louisiana that in BPXP's view would appropriately resolve the present controversy, but have not yet reached agreement.  A copy of a redlined proposed order acceptable to BPXP is attached as Exhibit A.

However, apart from the form of an agreed proposed order, Mississippi advances an additional argument that requires further discussion.  Specifically, Mississippi erroneously suggests that certain of the expert testimony that BPXP plans to present in the Penalty Phase on the issue of "seriousness of the violation" should not be permitted, because that testimony may address topics that overlap with the State's NRD claim.  But the Court already has allowed

BPXP to present expert testimony to rebut the Government's claims concerning seriousness of the violation, and the fact that that testimony may overlap with future NRD issues arises not from any intent by BPXP to "back-door" into the Penalty Phase trial an adjudication of NRD issues, but from the facts that (i) the United States has sought to have its penalty claim tried in advance of its NRD claims, and (ii) the penalty claim, like the NRD claims, implicates issues of environmental harm.  Similarly, any evidence that BPXP introduces relating to economic loss will be offered for the limited purpose of rebutting claims by the United States concerning the economic losses that resulted from the spill, again for the purpose of assessing the seriousness of the violation.

Thus, Mississippi's objections are unfounded because evidence regarding environmental harm and economic loss is directly relevant to the penalty factors at issue in the Penalty Phase. Moreover, Mississippi, which is not a party to the Penalty Phase, lacks standing to object to the introduction of this evidence in the Penalty Phase, and even if it had standing, the findings of that phase will not bind Mississippi on its claims.

Finally, the Court need not decide now the extent to which the factual and expert record developed during the Penalty Phase can be used during other phases of trial.  Rather, the Court should retain its powers under the Federal Rules of Civil Procedure, and its inherent powers to manage future proceedings in MDL 2179, to provide for efficient and non-duplicative discovery. In the course of managing such future proceedings, the Court can ensure that the interests of all parties are protected while avoiding the need for duplicative or unnecessary discovery, all while affording all parties a full opportunity to develop the factual records supporting their positions. Similarly, while the Penalty Phase rulings cannot be, and should not be, binding on any parties with respect to future NRD or economic loss proceedings, the parties should not be precluded

from citing to rulings made during the Penalty Phase for consideration by the Court in later proceedings.  Again, the Court will be able to determine, should any such rulings be cited in the future, what consideration, if any, they should be given in the course of the subsequent proceedings.

## ARGUMENT

### I.    The Court Has Already Ruled That BPXP Can Present Evidence Relating to Environmental Harm During the Penalty Phase.

Mississippi (but not Louisiana) takes issue with the fact that BPXP intends to present expert testimony at the Penalty Phase trial on the subject of environmental harm, including on such issues as how and when the Gulf recovered from the spill.  But this issue was briefed to the Court earlier this year on the United States' Motion to Limit Evidence on the Seriousness Factor (a motion which Mississippi neither supported nor opposed in any manner), and the Court ruled that evidence on environmental harm would be allowed with the clear direction that such evidence should not turn the Penalty Phase into an NRD trial.

For example, at the March 21, 2014 Status Conference, counsel for BPXP explained BPXP's position on this issue:

> [W]e're not proposing that we have a premature NRDA trial here as part of the seriousness factor.  That is not our position.
>
> We do take the view, though, that the seriousness factor requires the Court to conduct an inquiry into how serious the spill was, which includes things like the recovery and steps that were taken, and the response, and what the ecosystem was like, and the resiliency of the ecosystem. [3]

BPXP's counsel also emphasized that BPXP was "not asking [the Court] to make NRDA-type determinations and/or decisions."[4]

---

[3] Tr. at 66-67.
[4] Tr. at 74.

The Court made clear that in considering environmental harm, it was not going to be addressing the issues to the same extent as it would as part of a future NRD proceeding:

> So it seems to me that the Court shouldn't, and I don't think is required to, put such a fine point on the seriousness that we say, you know, I have to say, okay, this was the extent of the damage to this species of fish or this extent of this other damage, because then we would be trying the NRDA case.[5]

The Court did limit the discovery BPXP could seek relating to environmental harm, but made clear that "the experts can opine as they wish,"[6] thus explicitly contemplating that BPXP would be entitled to present expert testimony on environmental harm and recovery.  With respect to the United States' Motion to Limit Evidence on the Seriousness Factor, the Court made clear that it was "not granting it to the extent that the government seeks to totally preclude any discovery or evidence on this point."[7]

Thus, the Court has allowed BPXP (as well as the United States) to present evidence on environmental harm and recovery, including expert testimony, and BPXP intends to present such evidence within the time constraints adopted by the Court for the Penalty Phase trial.  BPXP has been preparing for trial on that basis, and there is simply no reason to revisit the issue now.

## II.    BPXP Is Entitled to Offer Evidence on Economic Loss Issues as Part of Addressing the "Seriousness" Factor.

Just as BPXP is entitled to offer limited evidence on environmental harm and recovery during the Penalty Phase (without seeking any rulings on NRD issues), so too may BPXP present certain evidence on economic loss issues without seeking any rulings from the Court on the entitlement of any State, LGE, or any other person to recover such losses under OPA.  Again, this issue arises because the United States has indicated that it intends to present evidence of economic loss to support its position on the seriousness factor.  If the United States presents such

---

[5] Tr. at 69.
[6] Tr. at 84.
[7] Tr. at 85.

evidence, BPXP is entitled as a matter of fairness to present its own evidence on this issue and to address the overall magnitude of economic loss arising from the spill.

### III.   Mississippi Lacks Standing to Object to Evidence to Be Offered in the Penalty Phase.

Mississippi lacks standing to preclude testimony from being offered at the Penalty Phase trial, which effectively is what it is trying to do with this motion.  Neither Mississippi nor any other State is a party to the Clean Water Act ("CWA") Section 1321 penalty claim brought by the United States.  And, in fact, the Court has ruled that the States were not parties to the Penalty Phase and could not attend and monitor Penalty Phase depositions.[8]

Recognizing that it is not a party to the Penalty Phase, Mississippi suggests that it has standing to seek to preclude testimony because it would have been entitled to intervention as of right on the United States' penalty claim, if it had sought to do so.  This argument should be rejected for two reasons.

First, even if a party has the ability to intervene as of right, it must actually do so in order to become a party.  Rule 24(a) of the Federal Rules of Civil Procedure allows for intervention as of right on "timely motion."  Mississippi not only has failed to file a timely motion to intervene, it has failed to file *any* such motion at all.

Second, Mississippi cites two cases (*Massachusetts v. U.S. Veterans Admin.*, 541 F.2d 119 (1st Cir. 1976) and *Illinois v. Outboard Marine Corp*, 619 F.2d 623 (7th Cir. 1980)) for the proposition that States, like other citizens, may intervene as of right in actions brought by the United States under the CWA.  Those cases are inapposite because they involved intervention in actions brought by the United States under provisions of the CWA other than Section 1321.  As

---

[8] Order of Magistrate Judge Shushan, dated June 13, 2014, Rec. Doc. 13016.

demonstrated in connection with this Court's dismissal of the citizens suit D1 Bundle,[9] there is no statutory provision allowing for the commencement of citizen suits under Section 1321, and therefore no right to intervention afforded to States or any other citizens.  Similarly, the Court found no right to intervene under the Clean Water Act when it denied Sierra Club's motion to intervene in connection with the United States' Section 1321 claim.[10]  Therefore, Mississippi has no basis for seeking intervention as of right, and has no standing to seek to preclude testimony to be offered at the Penalty Phase trial.

**IV.    No Rulings in the Penalty Phase Can Have Preclusive Effect on Subsequent NRD or Economic Loss Proceedings.**

Neither Louisiana nor Mississippi will be prejudiced by the evidence to be presented during the Penalty Phase on environmental harm and recovery and on economic loss because, as both States have correctly observed, the Penalty Phase cannot and should not have any preclusive effect on future NRD and economic loss litigation.    The revised proposed order attached as Exhibit A makes this clear.

The Court, as discussed above, has made abundantly clear that the Penalty Phase trial will not be an NRD trial.  Although there may be some overlap in issues, the future NRD case will raise a separate set of issues from the Penalty Phase, and it would be unfair to all parties and without legal basis to preclude any party from raising issues in the NRD proceeding based on the limited consideration of environmental harm in the Penalty Phase.  In particular, it would be highly prejudicial to BPXP if Penalty Phase rulings were deemed dispositive of NRD issues, given that the United States successfully sought to limit the discovery and evidence on issues relating to NRD and BPXP was subsequently precluded from obtaining full discovery or

---

[9] Rec. Doc. 1441, filed Feb. 22, 2011, at 11-16.
[10] Order Regarding the Motion of the Sierra Club, Inc. to Intervene, Rec. Doc.  3065, dated June 28, 2011 (Order of Magistrate Judge Shushan); Order Overruling Sierra Club, Inc.'s Objections to the Magistrate Judge's Order, Rec. Doc. 5059, dated Jan. 3, 2012.

presenting a full record on NRD issues.  For the same reason, BPXP acknowledges that the rulings likewise should not be dispositive on NRD issues against the United States or any of the States.

Similarly, since the Penalty Phase is not intended to adjudicate the merits of any State's or any other person's economic loss claims, no findings or rulings issued in the course of the Penalty Phase should be binding with respect to any future economic loss adjudication.

**V.     All Parties Should Have the Opportunity to Fully Develop the Factual Record to Support Their Claims of Defenses in Connection with Future NRD or Economic Loss Proceedings.**

Because of the limited discovery on environmental harm and economic loss issues during the Penalty Phase, BPXP agrees with Louisiana that all parties should have a full opportunity to conduct discovery and otherwise develop the record on their claims and defenses in any future NRD or economic loss proceedings.  This will further ensure that none of the States will be prejudiced by the presentation of evidence in proceedings to which they were not a party.  The States will have the opportunity to conduct discovery on their claims in the appropriate future proceedings, subject of course to the authority of the Court to manage the litigation as the Court has done in every other phase of MDL 2179.

**VI.    The Court Supervising the Future NRD or Economic Loss Proceedings Can Decide the Extent to Which the Record of the Penalty Phase May Be Relied upon in Those Proceedings, and the Parties Should Be Able to Cite Penalty Phase Rulings as Appropriate.**

In agreeing with Louisiana and Mississippi that the Penalty Phase will not be dispositive or preclusive on future proceedings involving NRD or economic loss issues, BPXP is not suggesting that once the Penalty Phase is complete, the record of the penalty proceedings and the Court's rulings must be ignored in future proceedings.  To the contrary, as the BPXP proposed order at Exhibit A reaffirms, the Federal Rules of Civil Procedure and the Court's authority to

manage MDL 2179 afford the Court ample discretion to manage future cases so as to avoid duplicative or unnecessary discovery.

For example, if an expert who testified at deposition and trial during the Penalty Phase as to how he reached certain opinions is later proffered to present substantially the same opinions in the NRD case, the Court overseeing that case could decide that further deposition of the expert could be appropriately limited given the testimony that was previously given.  The Court would be able to consider what ability the States, which were not able to examine the witness previously, should have to examine the expert.  Similarly, if an expert testified in the future to opinions different than those he expressed during the Penalty Phase, there should generally be no obstacle to allowing other parties to question the expert based on his prior opinions, just as experts can be questioned about opinions in wholly unrelated cases.  And to the extent a witness who testified in the Penalty Phase is not available during later phases, Federal Rule of Evidence 804(b)(1) and other appropriate rules would govern whether the witness's prior testimony could be offered in the future proceeding.

In other words, the Court supervising the future proceedings can balance (i) the interest in managing the litigation as efficiently as possible with (ii) the interest of fairness to the parties given that the issues and parties in the Penalty Phase were different from those in the later phase. This is a balance and exercise of discretion that has been utilized throughout MDL 2179, and need not and should not be decided now.

Similarly, nothing should preclude any party from citing to the rulings in the penalty phase in subsequent proceedings, as long as that party is not seeking to use the cited ruling as dispositive precedent.  Once again, the revised proposed order attached as Exhibit A confirms this.  For example, if the Court in its ruling on the Penalty Phase found a particular expert's

methodology to be critically flawed, parties might reasonably cite to that finding if the same expert were to testify in a later phase.  But again, that would be no different than if a court in a wholly unrelated proceeding had found an expert's methodology to be flawed.  In either case, the Court could exercise its discretion to determine the weight, if any, to give the prior ruling.

## CONCLUSION

In sum, the Penalty Phase is about the assessment of penalties, not the adjudication of NRD or economic losses.  BPXP needs to be able to present its position on the penalty assessment factors, including related to environmental and economic harm as alleged by the United States, even if the evidence it presents may overlap with future proceedings, and the Court has already ruled that it has the right to do so.  Because this will not be an NRD or an economic loss trial, however, the rulings issued in connection with this phase should not be dispositive, or preclude full record development, in the future proceedings.  And of course, the Court in those future proceedings can and should decide how the record of the Penalty Phase can be used or cited to in subsequent proceedings.

BPXP supports issuance of an Order clarifying the foregoing, and its proposed Order is attached as Exhibit A.  The motions of Louisiana (Rec. Doc. 13656) and Mississippi (Rec. Doc. 13687) should be otherwise denied.

Date:   November 26, 2014                    Respectfully submitted,


                                             /s/ Don K. Haycraft                    .

Richard C. Godfrey, P.C.                     Don K. Haycraft (Bar # 14361)
J. Andrew Langan, P.C.                       LISKOW & LEWIS
Hariklia ("Carrie") Karis, P.C.              701 Poydras Street, Suite 5000
Matthew T. Regan, P.C.                       New Orleans, LA 70139
KIRKLAND & ELLIS LLP                         Telephone: (504) 581-7979
300 North LaSalle Street                     Telefax: (504) 556-4108
Chicago, IL 60654
Telephone: (312) 862-2000


Robert C. "Mike" Brock
Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000

Joel M. Gross
Brian D. Israel
ARNOLD & PORTER LLP
555 12th St., N.W.
Washington D.C. 20004
Telephone: (202) 942-5000

           **ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of November, 2014.

/s/ Don K. Haycraft
Don K. Haycraft