IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill By The Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>**This Document Relates To:**<br>**Case Nos. 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, & 13-2813** (Alabama), and **Nos. 10-3059 & 11-0516** (Louisiana) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### THE STATE OF LOUISIANA'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF THE STATE OF ALABAMA'S MOTION TO DISMISS SET-OFF CLAIMS OR IN THE ALTERNATIVE MOTION TO STRIKE SET-OFF AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who respectfully moves for leave to file the attached amicus curiae brief in support of the State of Alabama's motion to dismiss and/or strike Defendants' set-off claims or defenses. (MDL 2179, Doc. No. 13513.)[1]

1. *Interest of Amicus Curiae.* The interests of Louisiana are closely intertwined with those of Alabama in this matter. Both States maintain that they are entitled to sovereign immunity with respect to Defendants' counterclaims or set-off "defenses" under the Oil Pollution

---

[1] The federal rule governing amicus curiae briefs provides that, on appeal, a state may file an amicus curiae brief as a matter of right, Fed. R. App. P. 29(a) ("[A] state may file an amicus-curiae brief without the consent of the parties or leave of court"), and courts have concluded that district courts' inherent authority to allow amici curiae to participate in briefing at the trial level derives, at least in part, from Federal Rule of Appellate Procedure 29, suggesting that the same principle favoring amicus curiae briefs from interested states would hold in the district court as well. *See, e.g.*, *Jin v. Ministry of State Sec.*, 557 F.Supp.2d 131, 136-37 (D.D.C. 2008) (granting motion to file amicus brief and noting that while Rule 29 governs the filing of amicus briefs on appeal, district courts may accept amicus briefs pursuant to their "'inherent authority . . . derived from Rule 29'" (quoting *Smith v. Chrysler Fin. Co., L.L.C.*, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003) (collecting cases), and citing *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 WL 3472851, at *3 (S.D. Tex. Nov. 14, 2007) (finding that no statute, rule or controlling case defines a federal district court's power to grant or deny leave to file amicus brief))). In an abundance of caution, the State of Louisiana respectfully moves for leave to file the attached amicus brief.

Act ("OPA"), 33 U.S.C. §§ 2701-61.  The State has a strong interest in the subject matter of the present motion as it involves purported claims and defenses for offsets that BP asserts against both Louisiana and Alabama (together, "the States"), which both States maintain are impermissible under OPA.[2]  The Court's ruling on the motion to dismiss or strike Defendants' set-off requests may have a significant legal impact on state sovereignty as well as the ability of Louisiana to protect its sovereign interest.[3]

    2. *Assistance of Court.*  Louisiana submits that the attached proposed amicus brief would contribute meaningfully to the parties' arguments and would substantially assist the Court in resolving the important, nuanced question of the contours of state sovereign immunity presented in Alabama's motion.  Accordingly, Louisiana respectfully submits the attached amicus curiae brief in support of Alabama's motion to dismiss and/or strike Defendants' requests for any set-offs in the States' OPA recovery.

    Dated this 1st day of December, 2014.

    Respectfully submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL | KANNER & WHITELEY, LLC |
| | /s/ Allan Kanner |
| James Trey Phillips | Allan Kanner |
| First Assistant Attorney General | Elizabeth B. Petersen |
| Megan K. Terrell | Douglas R. Kraus |
| Assistant Attorney General | Allison M. Shipp |
| Section Chief –Environmental | 701 Camp Street |
| State of Louisiana | New Orleans, LA 70130 |

---

[2] The interest of the State as an amicus curiae is inextricable from the merits of the States' entitlement to sovereign immunity, as is further elaborated in the introduction to the attached proposed amicus curiae brief.

[3] *Cf.* Fed. R. Civ. P. 24(b)(1)(B) (providing for permissive intervention, and not just participation as amici curiae, by parties with a "claim or defense that shares with the main action a common question of law or fact"); *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F.Supp.2d 206 (E.D. Pa. 2005) (granting public housing residents' advocacy group leave to participate in ADA suit, brought by disability rights advocacy group, and conferring "amicus 'plus' status" because the amici had a "special interest" in ensuring that rights of nonparty, non-disabled section 8 tenants were represented in action).

<div style="display: flex;">
<div>

P.O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6708

HENRY DART,
ATTORNEYS AT LAW P.C.

/s/ Henry T. Dart
Henry T. Dart
Grady J. Flattmann
510 N. Jefferson St.
Covington, LA 70433
Telephone: (985) 809-8093
**Special Counsel for Amicus Curiae**
**Attorney General, State of Louisiana**

SHOWS, CALI, BERTHELOT & WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Amicus Curiae**
**Attorney General, State of Louisiana**

</div>
<div>

Telephone: (504) 524-5777
**Special Counsel for Amicus Curiae**
**Attorney General, State of Louisiana**

USRY, WEEKS, &
MATTHEWS, APLC

/s/ T. Allen Usry
T. Allen Usry
1615 Poydras St.
Suite 12
New Orleans, LA 70112
Telephone: (504) 592-4641
**Special Counsel for Amicus Curiae**
**Attorney General, State of Louisiana**

MARTEN LAW, PLLC

/s/ Bradley M. Marten
Bradley M. Marten
Linda R. Larson
1191 Second Avenue
Suite 2200
Seattle, WA 98101
(206) 292-2600
**Special Counsel for Amicus Curiae**
**Attorney General, State of Louisiana**

</div>
</div>

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing motion for leave to file an amicus curiae brief has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of December, 2014.

                                                        Kanner & Whiteley, L.L.C.

                                                        _/s/ Allan Kanner_____
                                                        Allan Kanner
                                                        a.kanner@kanner-law.com