UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| Nos. 10-2179; 10-4536 | * | |
| | * | MAGISTRATE NO. 1 |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

**NOTICE OF LIMITED JOINDER BY ANADARKO PETROLEUM CORPORATION
IN BPXP'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
TO ESTABLISH AS A MATTER OF LAW THE MAXIMUM CWA
PER-BARREL CIVIL PENALTY [REC. DOC. 13666]**

NOW INTO COURT comes Anadarko Petroleum Corporation ("Anadarko"), and hereby submits this Notice of Limited Joinder in BP Exploration & Production's ("BPXP") Federal Rule of Civil Procedure 12(c) Motion for Partial Judgment on the Pleadings to Establish as a Matter of Law the Maximum CWA Per-Barrel Civil Penalty [Rec. Doc. 13666].

BPXP has moved the Court for judgment as a matter of law that the Environmental Protection Agency ("EPA") and Coast Guard regulations inflating the civil penalty rates under the Clean Water Act are *ultra vires* and therefore void because the authority to increase Clean Water Act Section 311(b)(7) civil penalties for inflation is delegated exclusively to the Attorney General of the United States pursuant to the Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996. Rec. Doc. 13666-1. BPXP's motion relates only to inflation of CWA penalties under CWA Section 311(b)(7)(D), which provides that if gross negligence or willful misconduct by a liable party is found, the maximum penalty is $3,000 per barrel. The Government has claimed that the applicable maximum penalty where gross negligence is found is $4,300 per barrel, pursuant to an EPA regulation increasing the

1

penalty for inflation. 40 C.F.R. § 19.4. BPXP argues that only the Attorney General possesses statutory authority to increase Section 311(b)(7) penalties, and has not done so. Because the EPA lacks statutory authority to inflate penalties under CWA Section 311(b)(7)(D), the EPA's regulation is ineffective. BPXP argues that the maximum penalty available against BPXP is therefore the statutory rate of $3,000 per barrel.

Anadarko is not subject to increased penalties for gross negligence under CWA Section 311(b)(7)(D), because the Court has conclusively held that Anadarko was not negligent, at fault, or culpable for the spill. B1 Order, Rec. Doc. 3830, at 28. Nonetheless, the argument that only the Attorney General possesses statutory authority to inflate CWA Section 311(b)(7) penalties applies equally to the $1,000 per barrel penalty applicable to cases where gross negligence is not found under CWA Section 311(b)(7)(A). The EPA and Coast Guard both have promulgated regulations inflating the CWA Section 311(b)(7)(A) penalty from the statutory rate of $1,000 per barrel to $1,100 per barrel. *See* 40 C.F.R. § 19.4 (EPA inflation regulation); 33 C.F.R. § 27.3 (Coast guard inflation regulation). For the reasons set forth in BPXP's memorandum in support of the motion at pages 4-11 and 12-15, in which Anadarko hereby joins, the EPA and Coast Guard's regulations increasing the statutory $1,000 per barrel penalty are ineffective. Rec. Doc. 13666-1.

~   ~   ~

Accordingly, insofar as the Court grants BPXP's motion with respect to the maximum potential gross negligence penalty under CWA Section 311(b)(7)(D), the Court also should reach the same conclusion, and order the same relief, as to the non-gross negligence penalty under CWA Section 311(b)(7)(A) as applicable to Anadarko.

Respectfully submitted,

DATED: December 1, 2014    **MORGAN, LEWIS & BOCKIUS LLP**

/s/ *James J. Dragna*
James J. Dragna
jim.dragna@morganlewis.com
Morgan, Lewis and Bockius LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@morganlewis.com
Thomas Lotterman
thomas.lotterman@morganlewis.com
David B. Salmons
david.salmons@morganlewis.com
Randall M. Levine
randall.levine@morganlewis.com
Morgan, Lewis & Bockius LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

**KUCHLER POLK SCHELL
WEINER & RICHESON, LLC**

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300

New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

5

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of December, 2014.

                                                                                                    /s/ *James J. Dragna*
                                                                                                            James J. Dragna