# EXHIBIT 1

## to

**PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF (1) ITS MOTION *IN LIMINE* TO ADMIT EVIDENCE PERTAINING TO ANADARKO'S CONTENTIONS CONCERNING NON-OPERATORS AND (2) IN OPPOSITION TO ANADARKO'S MOTION TO ENFORCE THE COURT'S ORDER EXCLUDING CULPABILITY EVIDENCE AGAINST ANADARKO**

```
 1                    UNITED STATES DISTRICT COURT
 2                    EASTERN DISTRICT OF LOUISIANA
 3
 4                                            *
    IN RE:  OIL SPILL BY THE OIL RIG          *   Docket 10-MD-2179
 5          DEEPWATER HORIZON IN THE          *
            GULF OF MEXICO ON                 *   Section J (1)
 6          APRIL 20, 2010                    *
                                              *   New Orleans, Louisiana
 7                                            *
                                              *   March 21, 2014
 8                                            *
    Applies to:  All Cases                    *   9:00 a.m.
 9                                            *
    * * * * * * * * * * * * * * * * * * * *   *
10                                            *
    UNITED STATES OF AMERICA                  *   C.A. 10-4536
11                                            *
                                              *   Section J (1)
12  versus                                    *
                                              *   New Orleans, Louisiana
13                                            *
    BP EXPLORATION & PRODUCTION,              *   March 21, 2014
14  INC., ET. AL.                             *
                                              *   9:00 a.m.
15  * * * * * * * * * * * * * * * * * * * *   *
16
               STATUS CONFERENCE RE: PENALTY PHASE
17                 AND MOTION HEARING BEFORE
                 THE HONORABLE CARL J. BARBIER
18                UNITED STATES DISTRICT JUDGE
                               AND
19               THE HONORABLE SALLY SHUSHAN
                 UNITED STATES MAGISTRATE JUDGE
20
21
22
23
24
25
                          OFFICIAL TRANSCRIPT
```

1  negligent -- the ranges of culpability run all the way from
2  strict liability to gross negligence or willful misconduct.  It
3  doesn't say that there's something between strict liability and
4  negligence.  That wasn't the issue in that case at all.
5          **MS. FLICKINGER:**  No, but there is an indication.  I
6  think it's --
7          **THE COURT:**  You picked up on one little isolated
8  sentence there.
9          **MS. FLICKINGER:**  Yes.  But it's in the context of a
10 strict liability case, whereas some of the cases cited by
11 Anadarko are in the context of --
12         **THE COURT:**  No, no.  Actually, in the *CITGO* case, I'm
13 pretty sure, Judge Haik found CITGO was negligent.  In fact,
14 the Fifth Circuit indicated they may have been grossly
15 negligent and sent it back to him, among other things, to
16 reconsider that.  So it wasn't just that they were strictly
17 liable, CITGO.
18         **MS. FLICKINGER:**  Yes.  Thank you, Your Honor.
19              Another point I'd like to make in connection
20 with this evidence is that I know you want to go through
21 penalty by penalty, but Anadarko has indicated that this same
22 topic, the relationship -- the relationship between operators
23 and non-operators and, you know, the kind of evidence that we
24 would seek to get on the record can come in under the final
25 penalty factor which is, "any other matters that justice may

```
 1  require."
 2              So they're putting these topics into play and
 3  intending to put on evidence.  So we would think if you're not
 4  persuaded by our arguments on culpability, that this evidence
 5  also should come in under that final penalty factor.
 6         THE COURT:  All right.  Let's see what Anadarko has
 7  to say about that.
 8         MR. SALMONS:  Good morning, Your Honor.  David
 9  Salmons on behalf of Anadarko.
10         THE COURT:  Is Ms. Flickinger right that Anadarko
11  intends to put on some type of case about this?  What is your
12  intent?
13         MR. SALMONS:  No, Your Honor.  She's wrong about
14  that.
15              What we have said is if there's going to be
16  evidence, if they're going to be allowed to try to put in
17  evidence that somehow, despite Your Honor's rulings, Anadarko
18  has some kind of culpability as a non-operator here, then we're
19  going to need to put in evidence that sort of puts our spin on
20  that evidence and shows why non-operators aren't culpable.
21              But if this is out because there's no
22  culpability, we're not going to introduce this ourselves.
23  There's no reason to.
24         THE COURT:  Let me ask you this:  Is there any reason
25  why Anadarko and the government can't enter into some very
```

```
 1  motion also, which is Record Document 12347.
 2           The second part of that motion by BP is to
 3  exclude evidence relating to unrelated prior incidents, and
 4  that was what we talked about earlier.  I'm going to --
 5           This is what I'll do:  I'm going to deny BP's
 6  motion to the extent it seeks a ruling from the Court, that at
 7  this time the government's evidence on prior incidents has to
 8  be limited to BPXP violations of Section 311, with a further
 9  stipulation that the government is limited to coming forward
10  with the four specific cases that they've identified, and BP
11  will have a chance to -- we'll have a chance to make the final
12  decision before trial as to whether any or all of those are
13  admissible or not.
14           MR. LANGAN:  Thank you, Your Honor.
15           THE COURT:  Okay.
16           MS. HIMMELHOCH:  Your Honor, Sarah Himmelhoch.  Just
17  a quick question on your ruling on the culpability motion.
18           THE COURT:  Yes.
19           MS. HIMMELHOCH:  Since we are going factor by factor,
20  some of these facts may be relevant to arguments under "such
21  other factors as may be required."  So my question is:  Is your
22  ruling that the types of facts discussed in the motion may not
23  be entered as to any factor or only as to the culpability
24  factor?
25           THE COURT:  As to what we just talked about, I don't
```

```
 1  think -- to the extent I've said they're excluded, they're
 2  excluded from the trial.  Yeah.
 3          MS. HIMMELHOCH:  Okay.  Thank you.
 4          THE COURT:  Another issue deals with the discovery
 5  of, I guess it's financial information.  The question is:  Is
 6  the government entitled to discover financial information
 7  beyond BPXP and beyond Anadarko -- is it Anadarko Petroleum
 8  Company?  Is that the name?
 9          MS. KIRBY:  That's correct.
10          THE COURT:  Yeah.  So this goes to the economic
11  impact, I guess, on the violator.
12              Mr. O'Rourke, or who wants to speak on that over
13  here?
14          MS. HANKEY:  Yes, Your Honor.  Rachel Hankey for the
15  United States.
16          THE COURT:  Okay.
17          MS. HANKEY:  So I think -- I think it's a little
18  unclear what our disagreement with BPXP is at this point on
19  what discovery we're entitled to.
20          THE COURT:  Well, I think their argument is that --
21  let me state what I understand and then you can tell me if I'm
22  wrong or argue otherwise.  But my understanding is that BPXP
23  says that they're the violator -- that's the entity that is the
24  designated responsible party and violator and, therefore, the
25  Court needs to consider only -- not only their conduct, but
```