# EXHIBIT 2

## to

**PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF (1) ITS MOTION *IN LIMINE* TO ADMIT EVIDENCE PERTAINING TO ANADARKO'S CONTENTIONS CONCERNING NON-OPERATORS AND (2) IN OPPOSITION TO ANADARKO'S MOTION TO ENFORCE THE COURT'S ORDER EXCLUDING CULPABILITY EVIDENCE AGAINST ANADARKO**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | MDL No. 2179 |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | SECTION "J" |
| | * | JUDGE BARBIER |
| **This Document Relates to:** | * | |
| **Nos. 10-2179; 10-4536; 10-2771** | * | |
| | * | MAGISTRATE NO. 1 |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

## ANADARKO'S MARCH 3, 2014 SUBMISSION

BINGHAM McCUTCHEN LLP

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
Thomas R. Lotterman
tom.lotterman@bingham.com
David B. Salmons
david.salmons@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, N.W.
Washington, D.C. 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
1615 Poydras Street
Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

### F. Mitigation

Although Anadarko was not asked by the Court to submit its position on this factor, Anadarko wishes to note that it intends to adduce very limited testimony at trial concerning its offers and efforts to minimize or mitigate the effects of the discharge.

### G. Economic Impact

No submission is required by Anadarko.

### H. Any Other Matters

The February 21, 2014 Order requests a listing of "any 'other matters' a party believes are pertinent." The United States has reserved the right to argue that evidence found inapplicable to the other factors in Section 311(b)(8) of the Clean Water Act, 33 U.S.C. § 1321(b)(8), might be admissible under this factor. [Rec. Doc. 12351 at 13]. Anadarko disputes this interpretation of Section 311(b)(8) [Rec. Doc. 12341 at 4; Rec. Doc. 12343-1 at 14-15], and reserves its right to contest the relevance of matters raised by the United States under this factor. The extent of this dispute will be clearer once the United States identifies the "other matters" it believes are pertinent.

Anadarko also reserves its right to present additional evidence in response to any matter raised by the United States under this factor (if allowed) or any other factor, even if not specifically listed here. Finally, Anadarko reserves its right to identify additional matters based on discovery in this case.

Below is a list of "other matters" that Anadarko believes are pertinent:

1. Government oversight, approvals, and compliance requirements for deepwater drilling generally and for the Macondo well specifically.

2. Government enforcement actions, including criminal actions, with respect to the Incident.

3. Pre- and post-Incident regulatory guidance, recommendations and practice regarding deepwater drilling and enforcement history as it relates to operators, contractors, and non-operating investors.

4. The importance and benefits of offshore oil development both locally and nationally, and contributions by Anadarko to the local economy and community affected by the Incident.[3]

5. Benefits to the United States of offshore oil development, including royalties.

6. Industry custom and practice (including contractual relationships) between designated operators and non-operating investors.

7. Potential and actual impacts on (i) non-operating investors, (ii) investment in offshore oil development, (iii) offshore drilling operations, and (iv) industry custom and practice (including contractual relationships) if penalties (or the threat of penalties) are imposed on non-operating investors.

8. Efficacy of penalties against non-operating investors.

9. Evidence to rebut any "other matters" introduced by the United States (if allowed).

Respectfully submitted,

DATED: March 3, 2014                         BINGHAM McCUTCHEN LLP

/s/ *James J. Dragna*
James J. Dragna
jim.dragna@bingham.com

---

[3] The February 21, 2014 order requested stipulations only from BP regarding the benefits to the local economy.