# EXHIBIT 3

## to

**PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF (1) ITS MOTION *IN LIMINE* TO ADMIT EVIDENCE PERTAINING TO ANADARKO'S CONTENTIONS CONCERNING NON-OPERATORS AND (2) IN OPPOSITION TO ANADARKO'S MOTION TO ENFORCE THE COURT'S ORDER EXCLUDING CULPABILITY EVIDENCE AGAINST ANADARKO**

| | |
|---|---|
| **From:** | Lotterman, Thomas R. |
| **To:** | Flickinger, Nancy (ENRD); Harvey, Judy (ENRD); Casey, Patrick (ENRD) |
| **CC:** | Lotterman, Thomas R.; Dragna, Jim; Kirby, Ky E. |
| **Sent:** | 6/20/2014 2:58:18 PM |
| **Subject:** | APC's Response to DOJ 6/9/14 EM re Other Matters |
| **Attachments:** | Document.pdf |

Nancy, Judy and Pat,

This email responds to Item 1 in Nancy's email dated June 6, 2014. Attached is revised Section H of APC's March 3, 2014 Submission, which provides an updated list of "other matters" that Anadarko believes are pertinent to this litigation. The attachment includes both a red-lined and clean version of the revisions.

We are available to discuss at your convenience.

Regards,

Tom


Thomas R. Lotterman
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006-1806
T: (202) 373-6031
F: (202) 373-6001
thomas.lotterman@bingham.com

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

F. **Mitigation**

Although Anadarko was not asked by the Court to submit its position on this factor, Anadarko wishes to note that it intends to adduce very limited testimony at trial concerning its offers and efforts to minimize or mitigate the effects of the discharge.

G. **Economic Impact**

No submission is required by Anadarko.

H. **Any Other Matters**

The February 21, 2014 Order requests a listing of "any 'other matters' a party believes are pertinent." The United States has reserved the right to argue that evidence found inapplicable to the other factors in Section 311(b)(8) of the Clean Water Act, 33 U.S.C. § 1321(b)(8), might be admissible under this factor. [Rec. Doc. 12351 at 13]. Anadarko disputes this interpretation of Section 311(b)(8) [Rec. Doc. 12341 at 4; Rec. Doc. 12343-1 at 14-15], and reserves its right to contest the relevance of matters raised by the United States under this factor. The extent of this dispute will be clearer once the United States identifies the "other matters" it believes are pertinent.

Anadarko also reserves its right to present additional evidence in response to any matter raised by the United States under this factor (if allowed) or any other factor, even if not specifically listed here. Finally, Anadarko reserves its right to identify additional matters based on discovery in this case.

Below is a <u>revised</u> list of "other matters" that Anadarko believes are pertinent:

1. Government oversight, approvals, and compliance requirements for deepwater drilling generally and for the Macondo well specifically.

2. ~~Government enforcement actions, including criminal actions, with respect to the Incident.~~

<u>2</u>~~3~~. Pre- and post-Incident regulatory guidance, recommendations and practice regarding deepwater drilling and enforcement history as it relates to operators, contractors, and non-operating investors.

<u>3</u>~~4~~. The importance and benefits of offshore oil development both locally and nationally, and contributions by Anadarko to the local economy and community affected by the Incident.[3]

<u>4</u>~~5~~. Benefits to the United States of offshore oil development, including royalties.

<u>5</u>~~6~~. ~~Industry custom and practice (including contractual relationships) between designated operators and non-operating investors.~~

<u>6</u>~~7~~. Potential ~~and actual~~ impacts<u>, if penalties are imposed on non-operating investors,</u> on (i) non-operat<u>or</u> ~~ing investors, (ii)~~ investment in offshore oil development, (ii~~i~~) <u>safety in offshore well exploration and production operations.</u>~~offshore drilling operations,~~ and (i~~v~~<u>ii</u>) industry custom and practice<u>.</u> ~~(including contractual relationships) if penalties (or the threat of penalties) are imposed on non-operating investors.~~

<u>7</u>~~8~~. Efficacy of penalties against non-operating investors.

<u>8</u>~~9~~. Evidence to rebut any "other matters" introduced by the United States (if allowed).

Respectfully submitted,

DATED: March 3, 2014

BINGHAM McCUTCHEN LLP

/s/ *James J. Dragna*

---

[3] The February 21, 2014 order requested stipulations only from BP regarding the benefits to the local economy.

4