# EXHIBIT 4

## to

**PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF (1) ITS MOTION *IN LIMINE* TO ADMIT EVIDENCE PERTAINING TO ANADARKO'S CONTENTIONS CONCERNING NON-OPERATORS AND (2) IN OPPOSITION TO ANADARKO'S MOTION TO ENFORCE THE COURT'S ORDER EXCLUDING CULPABILITY EVIDENCE AGAINST ANADARKO**

This table compares Anadarko's original "other matters" contentions, submitted to the Court on March 3, 2014, to the revised contentions submitted to counsel for the United States on June 20, 2014, after the Court's ruling on culpability. The table also includes examples from APC expert reports supporting these contentions.

| March 3, 2014 APC "other matters" contentions | June 20 APC revisions/deletions | Comments | Examples from expert opinion |
|---|---|---|---|
| (1) Government oversight, approvals, and compliance requirements for deepwater drilling generally and for the Macondo well specifically | (1) No revision, no deletion | APC reserved for expert opinion. | Arnold opinion (pp. 3-4, 6-9 of Round 1 Report) |
| (2) Government enforcement actions, including criminal actions, with respect to the Incident | Deleted | APC does not need this contention because the parties have agreed to a stipulation on this topic. | Sunding opinion (pp.18-19 of Round 1 Report) |
| (3) Pre-and post-Incident regulatory guidance, recommendations and practice regarding deepwater drilling and enforcement history as it relates to operators, contractors and non-operating investors[1] | (2) No revision or deletion except renumbering | | Arnold opinion (pp.3-4, 6-9 of Round 1 Report) |
| (4) The importance and benefits of offshore oil development both locally and nationally, and contributions by Anadarko to the local economy and community affected by the Incident | (3) No revision or deletion except renumbering | This topic does not implicate culpability ruling or APC's Motion. | Sunding opinion (pp.14-15, 19-20 of Round 1 Report) |
| (5) Benefits to the United States of offshore oil development, including royalties | (4) No revision or deletion except renumbering | This topic does not implicate culpability ruling or APC's Motion. | Sunding opinion (pp.14-15, 19-20 of Round 1 Report) |
| (6) Industry custom and practice (including contractual relationships) between designated operators and non-operating investors | (5) Deleted but moved to Topic G | | (See Topic G) |

---

[1] The United States uses the term "non-operating investors" here only to faithfully replicate APC's contentions. It is not a term used in the industry. *See, e.g.*, Ex. 6 (Arnold Round One Report at p.2, n.1); Ex. 9 (Walkup Round One Report at 10).

| March 3, 2014 APC "other matters" contentions | June 20 APC revisions/deletions | Comments | Examples from expert opinion |
|---|---|---|---|
| (7) Potential and actual impacts of a penalty on (i) non-operating investors, (ii) investment in offshore oil development, (iii) offshore drilling operations, and (iv) industry custom and practice (including contractual relationships) if penalties (or the threat of penalties) are imposed on non-operating investors | (6) Potential impacts, if penalties are imposed on non-operating investors, on (i) non-operator investment in offshore oil development, (ii) safety in offshore well exploration and production operations and (iii) industry custom and practice | This contention is now revised to subsume most of contention F above. Discussion of industry custom and practice still remains in subtopic (iii). | Sunding opinion for (i), (ii), and (iii); Arnold opinion for (ii) and (iii) |
| (8) Efficacy of penalties against non-operating investors | (7) No revision or deletion except renumbering | | Sunding opinion (*passim*) |