# Exhibit J

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois  60654 |  |
|---|---|---|
| Hariklia Karis, P.C.<br>To Call Writer Directly:<br>(312) 862-2330<br>hariklia.karis@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

**By Email**                            August 4, 2014

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

> Re:  MDL 2179 - United States' Untimely Identification of Admiral Mary Landry as a Trial Witness in the Clean Water Act Penalty Phase

Dear Judge Shushan:

BP Exploration & Production Inc. ("BPXP") objects to the United States' ("US") untimely identification of Rear Admiral Mary Landry as a witness for the Penalty Phase trial.  Rather than following the Court's Order to describe "why Landry should be listed as an additional fact witness and if her testimony will be confined in any way," the US opportunistically added Landry to substitute as a corporate representative when Captain Roger Laferriere became unavailable.  Now, the US tries to exploit these circumstances by planning to call Landry as a witness broadly on all mitigation topics.  The US argues that it needs Landry's testimony because it has "become more familiar with what BP is asserting" in its defense.  (*See* 7/25/14 Order, Rec. Doc. 13183; 7/24/14 Tr. 9-10)  This argument lacks merit because the US has long known both about BPXP's defenses and Landry's related involvement.  Having provided no reasonable justification for its late addition, the Court should deny the US's request.

The US does not dispute that its July 11 addition of Landry as a trial witness comes extremely late in the case.  The parties' disclosures of people whom "the disclosing party may use to support its claims or defenses" were due *four months* before the US disclosed Landry.  This disclosure is only the latest in a series of amendments to the US's disclosures adding new witnesses.  The US's first Rule 26(a) disclosure on March 3 identified *no* trial witnesses at all.  After BPXP pressed the US to supplement its disclosures, the US did so on March 14, incorporating BPXP and APC's named witnesses.  (3/12/14 Langan Letter)  The US further amended its disclosures, identifying Lt. Frank Kulesa as a potential witness, on April 4, and in a May 14 letter, the US disclosed more new trial witness, Admiral Meredith Austin and Capt. Roger Laferriere.  (*See* 5/14/14 Himmelhoch Letter)  BP did not object to these additions until the US amended yet again on July 11, naming Landry and others.[1]

---

[1] In addition to Landry, the US disclosed Robyn Conmy of the EPA as a new potential trial witness on July 11.  BPXP objects to the US's disclosure of Conmy as untimely and prejudicial as well and will ask the Court on August 7 to set a schedule for letter briefs.

BPXP has objected to the US's addition of Landry because there is simply no good reason for the delayed disclosure. The US has long known that, as a Federal On Scene Coordinator during the *Deepwater Horizon* Response, Landry has knowledge of BPXP's efforts to mitigate the effects of the spill. She was deposed for two days in October 2012 in Phase 2 proceedings, during which dispersants were mentioned nearly 50 times. Nothing prevented the United States from identifying her as a witness in March, consistent with the Court's deadline.

The US's assertion that it has learned new "details" of BPXP's defenses—including BPXP's intent to raise directives limiting dispersant use—lacks merit. The US has known the relevance of this issue since BPXP served its initial discovery responses on April 28. Those responses detailed BPXP's positions on the mitigation and "other matters" factors, including "limitations on dispersant applications." *See e.g.*, BPXP's Resp. to Interrogs. Nos. 4, 7. If the US believed it needed Landry as a trial witness to address these issues, it could, and should, have supplemented its disclosures in April or May, well before depositions began. Nor has new information about Landry's involvement in the Response or in the limitation of dispersant use been "revealed" to the US during Penalty Phase depositions. While Landry's involvement in the dispersant directive was discussed during Capt. Hanzalik's deposition, this was hardly news to the US. Moreover, Hanzalik's deposition was three weeks before the US added Landry to its trial witness list. All other references to Landry in Penalty Phase depositions have been in passing or involved little substantive information.

Adding Landry as a trial witness at this late juncture would unduly prejudice BPXP. The US disclosed Landry only seven days before the close of fact depositions and a month before the expert report deadline. BPXP has proceeded with fact discovery (including its decisions to forgo certain depositions) and expert planning based on the record as it stands. BPXP decided to withdraw certain of its potential trial witnesses in reliance on the US's witness list. Allowing the US's late addition of Landry would require BPXP to reconsider its witness list and jeopardize the schedule as fact discovery is closed and expert reports are due next week. Plus, permitting the US to add Landry as a fact witness also is contrary to the US's position and PTO 17's rule against re-deposing witnesses already deposed in Phase 1 or 2. (*See* April 25, 2014 O'Rourke Letter) The US should not now be permitted to change its position as it suits them after observing fact development.

The US's reliance on BPXP's identification of Stephen Bray is unfounded. BPXP disclosed Bray as a potential trial witness in May 2014—well before fact depositions began. (*See* May 22, 2014 Langan letter) Contrary to BPXP's proposal for Bray, the US disclosed Landry in mid-July, one week before fact depositions were scheduled to close.

The US has identified no reasonable justification for its untimely disclosure of Landry as potential trial witness and should not now be granted a strategic advantage to revise its disclosures. BPXP requests that the Court reject the US's untimely disclosure.

                                                  Respectfully Submitted,

                                                  Hariklia Karis, P.C.

cc: United States Penalty Phase Counsel
APC Penalty Phase Counsel