```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


   IN RE:   OIL SPILL BY THE OIL RIG   *   10-MD-2179
            DEEPWATER HORIZON IN THE   *
            GULF OF MEXICO ON          *   Section J
            APRIL 20, 2010             *
                                       *   December 5, 2014
                                       *
   Applies to:   13-0706, 13-0810      *   New Orleans, Louisiana
                 13-1143, 13-1185      *
                 13-1222, 13-1386      *
                 13-2006               *
   * * * * * * * * * * * * * * * * * *



               TELEPHONE STATUS CONFERENCE BEFORE
                  THE HONORABLE SALLY SHUSHAN
                  UNITED STATES MAGISTRATE JUDGE






   Official Court Reporter:    Toni Doyle Tusa, CCR, FCRR
                               500 Poydras Street, B-275
                               New Orleans, Louisiana 70130
                               (504) 589-7778


   Proceedings recorded by mechanical stenography using
   computer-aided transcription software.
```

**PROCEEDINGS**

**(December 5, 2014)**

**THE COURT:** Good morning everybody.

Well, Matt, this is your party.

**MR. REGAN:** It's my party and I will get right to it, Judge. Thank you for scheduling this call for us.

When we last spoke a couple weeks ago, we anticipated that we would be finalizing the exchange of some supplemental discovery and interrogatory responses and then really using this month of December for motion practice and motions to compel. I wanted to give you an update of where we are on the schedule of that because, as I said in my note, we just haven't had the progress that we anticipated that we would have.

It doesn't really matter why. That's not really the purpose of this call. I really wanted to first let the Court know why we aren't filing motions to compel right now is because we are in this posture that we have been told more stuff is coming, it just hasn't come yet.

We have been exchanging some letters. We have gotten a response to one of them, with respect to Bisso, from Paul -- and I know he has a trial going on or maybe it's about to start -- with the indication that additional documents are coming from them, but because of his schedule and other things we really need to talk about it later this month.

```
08:34   1              So ultimately I didn't want to wait until next
08:34   2   Thursday, the 11th, to bring this up to the Court.  I'm just
08:34   3   looking for some guidance as to how we manage this schedule
08:34   4   vis-à-vis making sure that we get some things done.  What I
08:34   5   don't want to do -- and I will conclude with this -- is I don't
08:34   6   want to file motions to compel now and have the Court look at
08:34   7   them and have the PSC look at them and the response being,
08:34   8   "Well, we told you we were going to give you more stuff.  It's
08:34   9   coming."  That doesn't seem to be a very efficient thing to do.
08:34  10              THE COURT:  I agree with that, and I'm sure that the
08:34  11   PSC agrees with that.
08:34  12              MR. WILLIAMS:  Absolutely, Judge.
08:34  13              THE COURT:  Look, here's the deal.  We are dealing
08:34  14   with these individual companies that are not sophisticated
08:34  15   companies, for the most part, so I understand the difficulty
08:35  16   that the PSC is encountering.  And I agree, Matt, that I don't
08:35  17   want you to put the time in on motions that could be mooted out
08:35  18   by further production.  So let's talk about a way forward.
08:35  19              First, let's agree that no motions will be filed
08:35  20   until the plaintiffs certify that their production is complete.
08:35  21   Everybody agree with that?
08:35  22              MR. WILLIAMS:  That's fine with us, Your Honor.
08:35  23              THE COURT:  So, for example, if indeed we get
08:35  24   certification from Bisso that their production is complete,
08:35  25   Matt, you can then review their production and file whatever
```

```
08:35   1    motions you believe are appropriate.
08:36   2              MR. REGAN:  Yeah, makes perfect sense.
08:36   3              THE COURT:  And that will be true of all of the
08:36   4    plaintiffs.  So no motions need be filed until each of the
08:36   5    plaintiffs certify in good faith that they believe their
08:36   6    production and responses to discovery are complete.  How about
08:36   7    that?
08:36   8              Duke, do you have any update on that or do you
08:36   9    just want to keep rolling the way you have been rolling?
08:36  10              MR. WILLIAMS:  Well, Judge, let me just say generally
08:36  11    that -- and this is the truth.  I'm doing the best I can.  My
08:36  12    team is doing the best we can.
08:36  13              You know, with respect to Bisso, for instance,
08:36  14    there is a concern voiced by Chris and Matt that, you know,
08:36  15    they have now been informed that there are other documents that
08:37  16    we told them about that we need to produce.  That's what I
08:37  17    think we are obligated to do under the rules and that's what we
08:37  18    are doing.
08:37  19              We have had IT problems.  I mean, I get a letter
08:37  20    last night at 5:30 from somebody named Emily Johnson Henn at
08:37  21    Covington & Burling complaining about Trinity -- I've never
08:37  22    heard of her, never dealt with her before -- and, you know,
08:37  23    complaining of issues with Trinity's e-discovery vendor.
08:37  24    Trinity doesn't have an e-discovery vendor.  She must be
08:37  25    talking about Mikey.  But I will deal with these issues with
```

```
08:37   1    Emily Johnson Henn as well.
08:37   2             The bottom line, without going into all this, is
08:37   3    that we are doing the best we can, that we will continue to
08:37   4    produce documents, will continue to try and answer BP's
08:37   5    reasonable requests to supplement where we are obligated to do
08:38   6    so under the rules, and we are working on that.
08:38   7             I have dropped the ball on the several 30(b)(6)
08:38   8    deposition topics that I agreed to massage some language for
08:38   9    and get it to BP the week before Thanksgiving.  I did not have
08:38  10    a chance to do that and I went out of town to visit my kids.  I
08:38  11    still owe them that and I apologize for not getting them that,
08:38  12    but that is something we can do fairly easily shortly.
08:38  13             I promise not to give anybody a date deadline
08:38  14    again because I have a hard time complying with them,
08:38  15    apparently, but we are doing the best we can and we are trying
08:38  16    to do it consistently.  I thought we had made tremendous
08:38  17    progress and, in fact, had solved the e-discovery issues.  I
08:38  18    will talk to our IT folks, Mikey and Matt, find out what the
08:39  19    issue is now again with Trinity and see if we can't resolve
08:39  20    those issues.  But, you know, we are motoring along.  I thought
08:39  21    we were doing pretty well.  The lack or the slowness of it is
08:39  22    frustrating to everybody --
08:39  23             THE COURT:  Right.
08:39  24             MR. WILLIAMS:  -- and I get that.  It's frustrating
08:39  25    to us.  I promise you we are doing our best.
```

08:39 1 **THE COURT:** Duke, I'm not implying to the contrary.
08:39 2 I do think, though, that Matt raises a good point that where we
08:39 3 left off was we thought it would be done and he was going to go
08:39 4 ahead and start filing motions. It's not done. Nobody wants
08:39 5 motions to be filed that could be mooted out, and we want to
08:39 6 narrow any disputes that may remain.
08:39 7 So I think what I'm suggesting is we just go
08:39 8 ahead with the certification process, Matt does not need to be
08:40 9 worrying about filing motions, and you keep motoring on and
08:40 10 making sure that you are providing him with the updated
08:40 11 discovery as promptly as you can. Then you all will have one
08:40 12 last meet-and-confer and Matt will have the green light on any
08:40 13 plaintiff that has certified that all discovery has been
08:40 14 responded to and documents produced.
08:40 15 **MR. WILLIAMS:** That's fine, Your Honor. We are okay
08:40 16 with that. I'm not trying to preempt Jim or Steve here. Also,
08:40 17 I assume that goes for BP too?
08:40 18 **THE COURT:** Yeah.
08:40 19 **MR. WILLIAMS:** We have some issues with BP's
08:40 20 production and their responses. We will work with them. When
08:40 21 they get to the point where they make the similar certification
08:40 22 with respect to BP, then the same rules will apply --
08:41 23 **THE COURT:** That's right.
08:41 24 **MR. WILLIAMS:** -- is that correct?
08:41 25 **THE COURT:** It's always a two-way street, yes.

```
08:41    1            MR. WILLIAMS:  Okay.  Great.
08:41    2            MR. REGAN:  Your Honor, from my standpoint, it's
08:41    3   really a matter of setting expectations.  I think, as you just
08:41    4   articulated, if we all have expectation now, that takes the
08:41    5   pressure off in terms of where we thought we would be for this
08:41    6   month.
08:41    7            THE COURT:  Right.
08:41    8            MR. REGAN:  That was the main issue.  We understand
08:41    9   that there are challenges in producing documents.  We have been
08:41   10   doing it for four years in this case.  So the main thing is
08:41   11   that we are all under the same schedule and same expectations
08:41   12   as to where things go.
08:41   13            THE COURT:  I think that's right.
08:41   14            MR. REGAN:  Duke, we will continue down the path we
08:41   15   are with that understanding.  I think that makes sense.
08:41   16            MR. WILLIAMS:  Okay.
08:41   17            THE COURT:  Let me ask you, guys, we have a
08:41   18   conference set for this coming Thursday, don't we?
08:41   19            MR. REGAN:  We do, yes, Your Honor.
08:41   20            THE COURT:  Do you see a need for it or should we
08:41   21   just let it roll until the next conference?
08:41   22            MR. WILLIAMS:  I don't see a need for it, Your Honor,
08:41   23   but perhaps Matt has a different opinion.
08:42   24            MR. REGAN:  No, Duke.  I'm sorry to talk over you
08:42   25   there.  The main reason I wanted to try to talk today is to not
```

wait another week before we try to reset the expectations here, as we have.  So from where we stand, frankly, I think we can probably put that in abeyance.  Then if for some reason there's a hiccup between us that we think we need your attention, we can follow the same protocol and see if we can get time with the Court.  This is the main issue and I think we have got some clarity on it.

**THE COURT:**  Good.  Well, that's no worries, and we'll go ahead and not have the conference this coming Thursday so everybody has a little time off to work on discovery.

**MR. WILLIAMS:**  Thanks, Your Honor.

**THE COURT:**  Okay, guys.  See you later.

**MR. REGAN:**  Thank you, Judge.

(Proceedings adjourned.)

* * *

### CERTIFICATE

I, Toni Doyle Tusa, CCR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of proceedings in the above-entitled matter.

*s/ Toni Doyle Tusa*
Toni Doyle Tusa, CCR, FCRR
Official Court Reporter