# EXHIBIT 1



**United States General Accounting Office**
**Washington, DC  20548**

B-290021

July 15, 2002

Mr. Robert E. Fabricant
General Counsel
U.S. Environmental Protection Agency

Subject:  <u>Federal Civil Penalties Inflation Adjustment Act</u>

Dear Mr. Fabricant:

Earlier this year, GAO initiated a review of the implementation of the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended ("Inflation Adjustment Act").[1] This act generally requires federal agencies to issue regulations adjusting their covered civil monetary penalties for changes in the cost of living by October 23, 1996, and to make necessary adjustments at least once every 4 years thereafter.  Section 4, 28 U.S.C. § 2461 note.  The statute defines a "cost-of-living adjustment" as the percentage change in the Consumer Price Index (CPI) between June of the calendar year in which the penalty was last set or adjusted and June of the calendar year preceding the adjustment.  Section 5, 28 U.S.C. § 2461 note.  The statute limited the first adjustment to 10 percent and includes a mechanism for rounding penalty increases.  Sections 5 and 6, 28 U.S.C. § 2461 note.  With regard to rounding, the statute sets out penalty ranges, from amounts less than or equal to $100 to amounts greater than $200,000, and provides different dollar multiples for rounding the increase in each penalty range.  Section 5, 28 U.S.C. § 2461 note.  The statute provides, for example, that "[a]ny increase . . . shall be rounded to the nearest . . . multiple of $10 <u>in the case of penalties</u> less than or equal to $100."  <u>Id</u>.  (Emphasis added.)

The Environmental Protection Agency (EPA) made its first round of civil penalty adjustments under the Inflation Adjustment Act on December 31, 1996.  61 Fed. Reg. 69,360.  Because all of EPA's covered penalties had been in place for at least 5 years, and the amount of inflation occurring during that period was more than

---

[1] The Inflation Adjustment Act is codified at 28 U.S.C. § 2461 note.  The 1990 act was amended in 1996 by the Debt Collection Improvement Act, which added the requirement for agencies to adjust their civil penalties by regulation.  Pub. L. No. 104-134, § 31001, 110 Stat. 1321-373 (1996).

10 percent, the agency adjusted all of its penalties by the statutory maximum of 10 percent, and the rounding mechanism did not apply.

On June 18, 2002, EPA published a direct final rule implementing a second round of penalty adjustments to account for the 13.6 percent change in the CPI between 1996 and June 2001.  67 Fed. Reg. 41,343 (June 18, 2002).[2]  EPA calculated the penalty increase by multiplying the existing penalty amounts by 13.6 percent.  EPA then used the size of the penalty increase to determine the category of rounding.  However, the statute provides that the category of rounding should be determined by the size of the penalty, not the size of the increase.

In the preamble to the June 2002 direct final rule, EPA noted that the agency's approach of rounding based on the amount of the increase achieves the intent of the Inflation Adjustment Act because it "will result in increase amounts that more closely track the changes in the CPI."  67 Fed. Reg. 41,344.  EPA also indicated that calculations based on other rounding approaches "could result in penalty adjustments that are several times the CPI percentage or in no increase at all even with increases in the CPI."  Id.

As noted in our informal discussions with your staff, the method of rounding that the EPA proposes in its June 2002 NPRM and direct final rule is inconsistent with the requirements of the statute.  The so-called "plain meaning" rule of statutory construction dictates that "if the Congress has clearly expressed its intent in the plain language of the statute," then the courts and the agency must give effect to that intent.  Mississippi Poultry Ass'n, Inc. v. Madigan, 31 F.3d 293 (5th Cir. 1994).  The language in the Inflation Adjustment Act makes clear that rounding is based on the dollar amount of the penalty.  In this regard, the statute specifically requires the rounding of "the increase," rather than the penalty, and uses the term "penalty" for determining which rounding range should be used to round the increase.  Thus, when the statute states that any increase "shall be rounded to the nearest . . . multiple of $100 in the case of penalties greater than $100 but less than or equal to $1,000," you must first determine the percent increase, apply it to the current penalty, and then, if the penalty falls in the range of greater than $100 but less than or equal to $1,000, round the increase to the nearest multiple of $100.  Nothing in the plain language of the statute, nor in the legislative history, permits an agency to use the size of the increase to determine the appropriate category of rounding.

---

[2] On that same date, EPA published a notice of proposed rulemaking (NPRM), 67 Fed. Reg. 41,363, that proposed to similarly adjust the civil monetary penalties for inflation, because, if "EPA receives adverse comment by July 18, 2002," the direct final rule "will not take effect."  EPA would then address all public comments in a subsequent final rule based on this proposed rule.

Other agencies have used the same analysis of the statute to reach the same result as we do.[3] In addition, the Department of the Treasury guidelines issued in 1996, after the Inflation Adjustment Act was enacted, state that rounding is based on the amount of the penalty, not the amount of the increase. We also note that Congress used identical language for rounding when it enacted the Consumer Product Safety Improvement Act (Improvement Act), Pub. L. No. 101-608, 104 Stat. 3110 (1990). The Improvement Act authorized the Consumer Product Safety Commission to adjust civil penalties for inflation every 5 years. 15 U.S.C. § 2069 (2000). From a reading of the Commission's adjustment regulations, it is clear that the Commission also rounds on the basis of the penalty, and not on the increase.[4]

While we recognize some advantages to rounding on the basis of the size of the increase rather than the size of the penalty, such a determination does not comport with the language of the statute. Consequently, if EPA wishes to pursue the approach outlined in the Federal Register notices, we respectfully suggest that EPA seek appropriate legislation. If you have any questions regarding this matter, please contact me on 202-512-5400 or Ms. Susan Poling, Managing Associate General Counsel, on 202-512-2667.

Sincerely yours,

/signed/

Anthony H. Gamboa
General Counsel

---

[3] See, e.g., the National Credit Union Administration's inflation adjustment regulation, 65 Fed. Reg. 57,277, n. 5 (2000).

[4] 59 Fed. Reg. 66,523 (1994) and 64 Fed. Reg. 51,963 (1999).