**EXHIBIT 4**

HJ9801
.A453
1990
LAW

EXECUTIVE OFFICE OF THE PRESIDENT
OFFICE OF MANAGEMENT AND BUDGET



# CIVIL MONETARY PENALTY

# ASSESSMENTS AND COLLECTIONS

# 1990 REPORT TO CONGRESS

## AND

# CIVIL MONETARY PENALTY

# INFLATION ADJUSTMENT REPORT

## REPORTS TO THE CONGRESS

JULY 1991

HJ9801
.A453
1990
LAW

EXECUTIVE OFFICE OF THE
PRESIDENT LAW LIBRARY
Room 528 OEOB
Washington, DC 20500

# CIVIL MONETARY PENALTY

# ASSESSMENTS AND COLLECTIONS

# 1990 REPORT TO CONGRESS

## MAY 1991



PROPERTY OF
LIBRARY
EXECUTIVE OFFICE OF
THE PRESIDENT

# TABLE OF CONTENTS

OCT 9 1991

**Page Number**

I.    Annual Reporting Requirement  . . . . . . . . . . . . . . . . . . . .  1

II.   Key Issues in Meeting the Annual Reporting Requirement . . . . . .  2

III.  Summary of Agency Reports  . . . . . . . . . . . . . . . . . . . .  3

IV.   Planned Corrective Actions  . . . . . . . . . . . . . . . . . . . .  4

**Appendices**

1.    Appendix I  -  Definition of Civil Monetary Penalties

2.    Appendix II -  1990 Summary Tables

    A.   Table 1.   FY 1990 Civil Monetary Penalty Assessments and Collections Reported -- Listed by Agency in Descending Order, by Dollar Value of Penalty Collections

    B.   Table 2.   FY 1990 Civil Monetary Penalty Assessments and Collections Reported -- Listed Alphabetically by Agency and Major Bureau (or Division)

    C.   Table 3.   Major Agencies Reporting No Civil Monetary Penalty Assessments or Collections for FY 1990 -- Listed Alphabetically by Agency

# CIVIL MONETARY PENALTY
## ASSESSMENTS AND COLLECTIONS, FY 1990

The Federal Civil Penalties Inflation Adjustment Act of 1990, P.L. 101–410, enacted October 5, 1990, establishes annual reporting requirements for civil monetary penalties (CMPs) assessed and collected each fiscal year. CMPs are non-criminal penalties imposed for violations of Federal law and are defined by law as having a fixed or maximum dollar value. (For a full definition of CMPs, see Appendix I.) This report is the first annual report submitted under the Act.

The purpose of the Act is to provide for the regular evaluation and modification of CMPs to ensure that they continue to perform the deterrent role for which they were originally enacted. The Act also focuses attention on the collection of CMPs to ensure that penalty amounts due the Federal Government are properly accounted for and collected.

In addition to the annual report on penalty assessments and collections, the Act institutes a separate reporting requirement for determining inflation adjustments to civil monetary penalties. The inflation adjustment report, due every five years, will be submitted for the first time in May 1991.

## Annual Reporting Requirement

The Act requires that the President submit to the Congress an annual report, due January 1 of each year, on CMP assessments and collections.[1] The Act requires, to the extent possible, that the report list for each CMP provision of Federal law:

o   The number and dollar value of all CMPs assessed or imposed during the prior fiscal year; and

o   The number and dollar value of all CMPs collected during the prior fiscal year.

The first annual report on CMPs covers penalty assessments and collections for FY 1990. For this report, the Office of Management and Budget (OMB) is

---

[1]The Office of Management and Budget has written to the chairmen of the House Committee on Government Operations and the Senate Committee on Governmental Affairs, requesting an extension for submission of the first annual report.

reporting aggregate assessments and collections by agency, because agency accounting systems are generally not yet able to report data by statute penalty. Reports for subsequent fiscal years will identify assessments and collections activity for each penalty provision in Federal law.

## Key Issues in Meeting the Annual Reporting Requirement

For purposes of this report, 24 Federal agencies have reported CMP assessments and collections activity for FY 1990 (see the tables in Appendix II). These data contain major gaps and should be considered preliminary estimates. Additional agencies have cited authority to levy and collect CMPs, while reporting no assessments or collections activity during FY 1990.

In the relatively limited time since passage of the Act, most agencies have not been able to modify their accounting systems to support the specific data requirements of the Act. Some agencies have been unable to provide full and accurate reporting of all CMP assessments and collections. In some cases, agencies have reported the dollar value of assessments and collections, but not the number of assessments and collections. Sometimes, collections data have been found to be readily available, while assessments data have not, or vice versa. A number of different issues involving agency accounting systems have been identified:

o    Few agencies record CMP assessments and collections at the level of detail required by the Act (by specific penalty) in their accounts receivable.[2]

o    Assessments resulting from the levying of penalties are not always recorded in agencies' accounts receivable. Accounting for penalty receivables is problematic for a number of reasons. For example:

   --  The size of many proposed penalties is routinely negotiated or only finally determined as a result of extensive administrative or civil court proceedings. As a result, some agencies are uncertain as to when and how to report penalty assessments in agency accounts receivable.

---

   [2]A "receivable" is an amount owed the Federal Government by an individual, organization, or other entity to satisfy a debt or claim. An amount assessed as a penalty is considered to be a "receivable."

2

-- Sometimes the agency subdivision identifying the regulatory violation (or proposing the penalty) is not the same entity that formally assesses and collects the penalty. For instance, the Defense Department's Office of Inspector General has identified a number of cases that have been referred to Justice's Civil Division for assessment and collection and are, therefore, not formally carried on Defense's financial records.

o   Because many agency accounting systems are not currently able to distinguish CMPs from other types of receivables, some agencies have had to rely on program offices or other sources for some of the data contained in this report. Often, such data have not been reconciled with agencies' financial records.

In some cases, the resulting "data gaps" are minor; in others, they are significant. For example, the Department of Transportation, which collected $86.0 million -- or 33.9 percent -- of all identified CMP collections, was unable to provide information on its penalty assessments. Similarly, the Treasury Department substantially underreported because the Customs Service was unable to report for FY 1990 and the Internal Revenue Service (IRS) was unable to identify CMP collections.[3]

Another major shortcoming is that the data provide no information on the size of outstanding, uncollected CMP receivables. While total reported collections are nearly equal to assessments, the collections data relate to both FY 1990 and prior year assessments. Outstanding prior year assessments that have not been collected are not reported.

## Summary of Agency Reports

The following data provide a summary of the reported CMP assessments and collections for FY 1990:

o   A total of 24 Federal agencies reported CMP assessments and collections activity for FY 1990;

-----

[3]The Customs Service is currently working on resolving its reporting problem and plans to be able to report data for FY 1991. IRS' revenue accounting system captures and reports collections data by gross amount and is therefore unable to provide data that meet the requirements of the Act. OMB is working with the IRS to establish a time frame for meeting the reporting requirements.

o   Agencies identified at least 605,907 <u>assessments</u> and assessed penalty
    amounts totalling $292.2 million for the fiscal year;

o   Agencies identified <u>collections</u> of $254.0 million during FY 1990, with
    some of the collections related to prior year assessments.

Summary tables providing assessments and collections data by agency appear in
Appendix II.

## <u>Planned Corrective Actions</u>

OMB anticipates improved agency reporting in the future because most agencies
will have had time to make accounting system adjustments necessary to meet the
reporting requirements under the Act.  However, discussions with agency
officials suggest that agencies would benefit from additional guidance on
financial recordkeeping for CMPs.

In order to improve reporting for FY 1991 and subsequent fiscal years, OMB is
recommending that reporting requirements for CMPs be integrated into the
Department of the Treasury's financial reporting functions.  In addition, OMB
will work with Treasury to ensure that the following corrective actions are
implemented:

|  | Corrective Action | Deadline |
|---|---|---|
| 1. | OMB and Treasury will establish a working group with representatives of agencies with major CMP activity to:  1) identify additional data elements necessary to supplement the reporting requirements for tracking outstanding CMP receivables and collections, and 2) prepare a plan for full implementation of the reporting requirements. | 5/31/91 |
| 2. | OMB, with Treasury's assistance, will issue guidance to the agencies for purposes of maintaining information on CMP activity sufficient to support the annual reporting requirements. | 6/30/91 |
| 3. | Treasury will implement a system for data collection and issue reporting instructions to the agencies for the FY 1991 CMP annual report. | 9/30/91 |
| 4. | Agencies will submit FY 1991 CMP reports to Treasury through its GOALs system. | 11/30/91 |

With the submission of the 1991 inflation adjustment report on CMPs, OMB will
provide an update on efforts underway to improve reporting for FY 1991.

4

# CIVIL MONETARY PENALTY

# INFLATION ADJUSTMENT REPORT

## JULY 1991

CIVIL MONETARY PENALTY
INFLATION ADJUSTMENT REPORT

The Federal Civil Penalties Inflation Adjustment Act of 1990 (the "Act"), P.L. 101-410, enacted October 5, 1990, establishes regular reporting requirements for civil monetary penalties (CMPs). The purpose of the Act is two-fold: (1) to provide a source of revenue enhancements through the regular inflation adjustment of civil penalty authorities in Federal law, and (2) to insure that CMPs continue to have the deterrent value for which they were originally enacted.

The Act requires that the President submit a report to the Congress every five years identifying all applicable penalties and providing inflation adjustments for those that have not been adjusted by law in the last five years. The Act defines a CMP to be any "penalty, fine, or other sanction" for which a given dollar amount or maximum amount is specified by Federal law, and which is assessed or enforced by an agency as a result of an administrative proceeding or a civil action in the Federal courts. Penalties that are defined as a specific dollar amount or maximum (such as "$2,500 per day," "$10,000 per violation," and "10 percent of the gross value, but no more than $5,000") are included under the reporting requirements of the Act. This report is the first inflation adjustment report due under the Act.

In response to an OMB data call, 41 Federal agencies reported CMP penalty authorities. This report, which is a compilation of the submissions of those agencies, contains three parts:

• **EXHIBIT 1 (Civil Monetary Penalty Authorities Identified by Federal Agencies)** is an inventory of existing civil monetary penalty authorities listed in Federal law, including for each provision: the legal citation, description, the year the penalty was last modified or set by law, a description of how the penalty is applied, and an indication as to whether inflation adjustment of the penalty is appropriate (as defined by the Act).

• **EXHIBIT 2 (Civil Monetary Penalty Inflation Adjustments)** provides the penalty values following the inflation adjustment methodology set forth in the Act -- including both "raw" values (before rounding) and the values rounded according to the instructions set forth in the Act.[1]

• **EXHIBIT 3 (Law Modifications Necessary to Enact Civil Monetary Penalty Inflation Adjustments)** provides the changes to existing law that would be required to provide an inflation adjustment for civil monetary penalties.

---

[1]The Act specifies that the inflation adjustments be based on the Consumer Price Index for All Urban Consumers (CPI-U). However, this index is available only back to 1913, and other indices for prior years are incompatible. As a result, the adjustments for the few penalties in which the last adjustment occurred prior to 1913 are calculated as though the adjustment occurred in 1913.

Exhibit 1

Civil Monetary Penalty Authorities Identified by Federal Agencies

EXHIBIT 1—CIVIL MONETARY PENALTY AUTHORITIES IDENTIFIED BY FEDERAL AGENCIES

| U.S. CODE CITATION | CIVIL MONETARY PENALTY DESCRIPTION | MINIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/81 | MAXIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/81 | HOW PENALTY IS APPLIED | YEAR PENALTY AMOUNT WAS LAST SET BY LAW | LAW MODIFICATION APPROPRIATE | TEXT OF LAW MODIFICATION PROVIDED |
|---|---|---|---|---|---|---|---|
| **U.S. DEPT. OF ENERGY** | | | | | | | |
| **FEDERAL ENERGY REGULATORY COMMISSION** | | | | | | | |
| 15 USC 3414(b)(6)(A)(iv)(1988) | NATURAL GAS POLICY ACT/VIOLATIONS | NA | $5,000 | PER DAY | 1978 | YES | YES |
| 16 USC 825n(a)(1988) | FEDERAL POWER ACT/VIOLATIONS INVOLVING WILLFUL FAILURE W/IN PRESCRIBED TIME | NA | $1,000 | PER DAY | 1935 | YES | YES |
| 17 USC 823c(b)(1988) | FEDERAL POWER ACT/VIOLATION BY LICENSEE, PERMITTEE, EXEMPTEE | NA | $10,000 | PER DAY | 1986 | NO | SEE NOTE (1) |
| 49 USC 6(10)(1988) | INTERSTATE COMMERCE ACT/VIOLATIONS INVOLVING OIL PIPELINES | NA | $500 | PER VIOLATION AND | 1910 | YES | YES |
| | | NA | $25 | PER DAY | 1910 | YES | YES |
| **ENVIRONMENTAL PROTECTION AGENCY** | | | | | | | |
| 7 USC 136 | FEDERAL INSECTICIDE, FUNGICIDE, & RODENTICIDE ACT CIVIL PENALTY | NA | $5,000 | PER VIOLATION | 1978 | YES | YES |
| 15 USC 2641 | ASBESTOS HAZARD EMERGENCY RESPONSE ACT CIVIL PENALTY | NA | $5,000 | PER VIOLATION | 1986 | NO | SEE NOTE (1) |
| 15 USC 2601 | TOXIC SUBSTANCES CONTROL ACT CIVIL PENALTY | NA | $25,000 | PER VIOLATION PER DAY | 1978 | YES | YES |
| 31 USC 3802(a)(1) | PROGRAM FRAUD CIVIL REMEDIES ACT/VIOLATION INVOLVING FALSE CLAIM | NA | $5,000 | PER CLAIM | 1986 | NO | SEE NOTE (1) |
| 31 USC 3802(a)(2) | PROGRAM FRAUD CIVIL REMEDIES ACT/VIOLATION INVOLVING FALSE STATEMENT | NA | $5,000 | PER STATEMENT | 1986 | NO | SEE NOTE (1) |
| 33 USC 1319(d) | CLEAN WATER ACT VIOLATION/CIVIL JUDICIAL PENALTY | NA | $25,000 | PER VIOLATION PER DAY | 1987 | NO | SEE NOTE (1) |
| 33 USC 1319(g)(2)(A) | CLEAN WATER ACT VIOLATION/ADMINISTRATIVE PENALTY | NA | $25,000 | PER VIOLATION | 1987 | NO | SEE NOTE (1) |
| 33 USC 1319(g)(2)(B) | CLEAN WATER ACT VIOLATION/ADMINISTRATIVE PENALTY | NA | $125,000 | PER VIOLATION | 1987 | NO | SEE NOTE (1) |
| 33 USC 1321(b)(6)(B)(i) | CLEAN WATER ACT VIOLATION/ADMIN PENALTY OF SEC 311(b)(3)&(j) | NA | $25,000 | PER DAY | 1990 | NO | SEE NOTE (1) |
| 33 USC 1321(b)(6)(B)(ii) | CLEAN WATER ACT VIOLATION/ADMIN PENALTY OF SEC 311(b)(3)&(j) | NA | $25,000 | PER DAY OF VIOLATION | 1990 | NO | SEE NOTE (1) |
| 33 USC 1321(b)(7)(A) | CLEAN WATER ACT VIOLATION/CIVIL JUDICIAL PENALTY OF SEC 311(b)(3) | NA | $25,000 | PER DAY OF VIOLATION | 1990 | NO | SEE NOTE (1) |
| 33 USC 1321(b)(7)(B) | CLEAN WATER ACT VIOLATION/CIVIL JUDICIAL PENALTY OF SEC 311(c)&(e)(1)(B) | NA | $25,000 | PER DAY OF VIOLATION | 1990 | NO | SEE NOTE (1) |
| 33 USC 1321(b)(7)(C) | CLEAN WATER ACT VIOLATION/CIVIL JUDICIAL PENALTY OF SEC 311(j) | NA | $25,000 | PER DAY OF VIOLATION | 1990 | NO | SEE NOTE (1) |
| 33 USC 1321(b)(7)(D) | CLEAN WATER ACT VIOLATION/CIVIL JUDICIAL PENALTY OF SEC 311(b)(3) | NA | $100,000 | PER BARREL OF OIL | 1990 | NO | SEE NOTE (1) |
| 42 USC 300g-3(c) | SAFE DRINKING WATER ACT/CIVIL JUDICIAL PENALTY OF SEC 1414(c) | $3,000 | $25,000 | PER VIOLATION | 1986 | NO | SEE NOTE (1) |
| 42 USC 300g-3(c) | SAFE DRINKING WATER ACT/CIVIL JUDICIAL PENALTY OF SEC 1414(c) | NA | $25,000 | PER DAY OF VIOLATION | 1986 | NO | SEE NOTE (1) |
| 42 USC 300h-2(b) | CIVIL JUDICIAL PENALTY/VIOLATIONS OF REGS — UNDERGROUND INJECTION CONTROL | NA | $25,000 | PER DAY OF VIOLATION | 1986 | NO | SEE NOTE (1) |
| 42 USC 300h-2a(X1) | CIVIL ADMIN PENALTY/VIOLATIONS OF REGS — UNDERGROUND INJECTION CONTROL | NA | $125,000 | PER VIOLATION | 1986 | NO | SEE NOTE (1) |
| 42 USC 300h-2a(X2) | CIVIL ADMIN PENALTY/VIOLATIONS OF REGS — UNDERGROUND INJECTION CONTROL | NA | $125,000 | PER VIOLATION | 1986 | NO | SEE NOTE (1) |
| 42 USC 300h-3(c) | WILLFUL VIOLATION/OPERATION OF NEW UNDERGROUND INJECTION WELL | NA | $10,000 | PER VIOLATION PER DAY | 1974 | YES | YES |
| 42 USC 300h-3(c) | VIOLATION/OPERATION OF NEW UNDERGROUND INJECTION WELL | NA | $5,000 | PER VIOLATION PER DAY | 1974 | YES | YES |
| 42 USC 300i-3(c) | TAMPERING WITH PUBLIC WATER SYSTEM/CIVIL JUDICAL PENALTY | NA | $50,000 | PER VIOLATION | 1986 | NO | SEE NOTE (1) |
| 42 USC 300i-(1) | KNOWING FAILURE TO COMPLY W/ORDER ISSUED UNDER SEC. 1441(c)(1) | NA | $5,000 | PER VIOLATION | 1974 | YES | YES |
| 42 USC 300j(a)(1) | FAILURE TO COMPLY W/ORDER ISSUED UNDER SEC. 1441(c)(1) | NA | $2,500 | PER VIOLATION | 1974 | YES | YES |
| 42 USC 300j(a)(2) | REFUSAL TO COMPLY WITH REQS. OF SEC. 1445(a) OR (b) | NA | $25,000 | PER VIOLATION | 1986 | NO | SEE NOTE (1) |
| 42 USC 300j-4(c) | VIOLATIONS/SECTION 1445(b) | NA | $50,000 | PER VIOLATION | 1986 | NO | SEE NOTE (1) |
| 42 USC 300j-23(d) | MARINE PROTECTION, RESEARCH & SANCTUARIES ACT VIOL SEC 104B(a)(1)(B) | NA | $600 | PER TON | 1988 | NO | SEE NOTE (1) |
| 42 USC 1415(a) | MARINE PROTECTION RESEARCH AND SANCTUARIES ACT VIOLATIONS | NA | $125,000 | PER VIOLATION | 1988 | NO | SEE NOTE (1) |
| 42 USC 1431(c) | FAILURE TO COMPLY WITH SEC. 1431(a) ORDER | NA | $5,000 | PER VIOLATION PER DAY | 1974 | YES | YES |
| 42 USC 6928(a)(3) | RESOURCE CONSERVATION & RECOVERY ACT/VIOLATION SUBTITLE C ASSESSED PER ORDER | NA | $25,000 | PER VIOLATION PER DAY | 1984 | YES | YES |
| 42 USC 6928(c) | RES. CONS. & REC. ACT/CONTINUED NONCOMPLIANCE OF COMPLIANCE ORDER | NA | $25,000 | PER VIOLATION PER DAY | 1984 | YES | YES |
| 42 USC 6928(g) | RESOURCE CONSERVATION & RECOVERY ACT/VIOLATION SUBTITLE C | NA | $25,000 | PER VIOLATION | 1976 | YES | YES |
| 42 USC 6928(h)(2) | RES. CONS. & REC. ACT/NONCOMPLIANCE OF CORRECTIVE ACTION ORDER | NA | $25,000 | PER VIOLATION | 1984 | YES | YES |

NOTES: (1) PENALTY HAS BEEN ADJUSTED IN LAST FIVE YEARS; LAW MODIFICATION TEXT NOT REQUIRED. (2) INFLATION-ADJUSTED VALUE EQUALS THE ORIGINAL PENALTY DUE TO ROUNDING; MODIFICATION TEXT UNNECESSARY.

EXHIBIT 1—CIVIL MONETARY PENALTY AUTHORITIES IDENTIFIED BY FEDERAL AGENCIES

| U.S. CODE CITATION | CIVIL MONETARY PENALTY DESCRIPTION | MINIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/81 | MAXIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/81 | HOW PENALTY IS APPLIED | YEAR PENALTY AMOUNT WAS LAST SET BY LAW | LAW MODIFICATION APPROPRIATE | TEXT OF LAW MODIFICATION PROVIDED |
|---|---|---|---|---|---|---|---|
| 49 USC 11901(i)(1) | FAILURE TO COMPLY WITH REGULATIONS BY HHG CARRIER | NA | $1,000 / $500 | PER VIOLATION AND / FOR EACH ADDITIONAL DAY | 1980 | YES | YES |
| 49 USC 11901(i)(2)(B) | VIOLATIONS OF HHG REGULATIONS BY FAILURE OR REFUSAL TO COMPLY | NA | $1,000 / $500 | PER FAILURE OR REFUSAL AND / FOR EACH ADDITIONAL DAY | 1980 | YES | YES |
| 49 USC 11901(i)(3) | FALSIFYING HHG DOCUMENTS | NA | $500 / $250 | PER FAILURE OR REFUSAL AND / FOR EACH ADDITIONAL DAY | 1980 | YES | YES |
| 49 USC 11901(k) | FALSIFYING HHG DOCUMENTS | NA | $2,000 | PER VIOLATION | 1980 | YES | YES |
| 49 USC 11902a(a) | FALSIFYING HHG DOCUMENTS/SUBSEQUENT VIOLATIONS | NA | $5,000 | PER SUBSEQUENT VIOLATION | 1980 | YES | YES |
|  | LOADING AND UNLOADING VIOLATION (LUMPING) | NA | $10,000 | PER VIOLATION | 1980 | YES | YES |
| **U.S. DEPT. OF JUSTICE ANTITRUST DIVISION** | | | | | | | |
| 15 USC 16(a)(g)(1) | ACQUIRING VOTING SECURITIES OR ASSETS W/OUT FILING NOTIFICATION, OR DURING WAITI | NA | $10,000 | PER DAY | 1976 | YES | YES |
| **U.S. DEPT. OF JUSTICE CIVIL DIVISION** | | | | | | | |
| 31 USC 3729 | VIOLATIONS/FALSE CLAIMS ACT INVOLVING DOD CONTRACT | NA | $2,000 | PER VIOLATION PLUS 3X DAMAGES & COSTS OF CIVIL ACTION | 1986 | NO | SEE NOTE (1) |
| 31 USC 3729 | VIOLATIONS/FALSE CLAIMS ACT | $5,000 | $10,000 | PER VIOLATION PLUS 3X DAMAGES | 1986 | NO | SEE NOTE (1) |
| **U.S. DEPT. OF JUSTICE IMMIGRATION AND NATURALIZATION SERVICE** | | | | | | | |
| 8 USC 1221 | FAILURE TO DELIVER LIST OF PERSONS ON VESSEL OR AIRCRAFT | NA | $300 | PER PERSON | 1990 | NO | SEE NOTE (1) |
| 8 USC 1227 | IMMEDIATE DEPORTATION OF ALIENS EXCLUDED FROM ADMISSION | NA | $2,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 8 USC 1229 | DESIGNATION OF PORTS OF ENTRY FOR ALIENS ARR. BY CIVIL AIRCRAFT | NA | $2,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 8 USC 1281 | LIST OF ALIEN CREWMEN/REPTS. OF ILLEGAL LANDINGS | NA | $200 | PER ALIEN | 1990 | NO | SEE NOTE (1) |
| 8 USC 1284 | CONTROL OF ALIEN CREWMEN | NA | $3,000 | PER ALIEN | 1990 | NO | SEE NOTE (1) |
| 8 USC 1285 | EMPLOYMENT OF ALIENS W/CERTAIN DISABILITIES | NA | $1,000 | PER ALIEN | 1990 | NO | SEE NOTE (1) |
| 8 USC 1286 | DISCHARGE OF ALIEN CREWMEN | NA | $3,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 8 USC 1287 | BRINGING ALIEN CREWMEN TO U.S. W/INTENT TO EVADE IMM. LAWS | NA | $10,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 8 USC 1321 | INS USER FEE ACCT/PREVENTION OF UNAUTHORIZED LANDING OF ALIENS | NA | $3,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 8 USC 1322 | BRINGING ALIEN TO U.S. W/SPECIFIED MENTAL/PHYSICAL DEFECTS | NA | $3,000 | PER ALIEN | 1990 | NO | SEE NOTE (1) |
| 8 USC 1322 | BRINGING ALIEN TO U.S. W/OTHER MENTAL/PHYSICAL DEFECTS | NA | $3,000 | PER ALIEN | 1990 | NO | SEE NOTE (1) |
| 8 USC 1323 | INS USER FEE ACCT/UNLAWFUL BRINGING ALIEN TO U.S. W/EXPIRED VISA | NA | $3,000 | PER ALIEN | 1990 | NO | SEE NOTE (1) |
| 8 USC 1323 | INS USER FEE ACCT/FAILURE TO DETAIN/DEPORT ALIEN STOWAWAY | NA | $3,000 | PER ALIEN | 1990 | NO | SEE NOTE (1) |
| 8 USC 1324 | EMPLOYER SANCTION/CEASE & DESIST ORDER FOR HIRING, RECRUITING & REFERRAL VIOLATIONS | | | | | | |
| 8 USC 1324(a) | --- 1ST ORDER | $250 | $2,000 | PER ALIEN | 1986 | NO | SEE NOTE (1) |
| 8 USC 1324(a) | --- 2ND ORDER | $2,000 | $5,000 | PER ALIEN | 1986 | NO | SEE NOTE (1) |
| 8 USC 1324(a) | --- 3RD OR SUBSEQUENT ORDER | $3,000 | $10,000 | PER ALIEN | 1986 | NO | SEE NOTE (1) |
| 8 USC 1324(a) | PAPERWORK VIOLATIONS | $100 | $1,000 | PER INDIVIDUAL | 1986 | NO | SEE NOTE (1) |
| 8 USC 1324(a) | VIOLATION/PROHIBITION OF INDEMNITY BONDS | NA | $1,000 | PER VIOLATION | 1986 | NO | SEE NOTE (1) |

NOTES: (1) PENALTY HAS BEEN ADJUSTED IN LAST FIVE YEARS; LAW MODIFICATION TEXT NOT REQUIRED.   (2) INFLATION-ADJUSTED VALUE EQUALS THE ORIGINAL PENALTY DUE TO ROUNDING; MODIFICATION TEXT UNNECESSARY.

EXHIBIT 1—CIVIL MONETARY PENALTY AUTHORITIES IDENTIFIED BY FEDERAL AGENCIES

| U.S. CODE CITATION | CIVIL MONETARY PENALTY DESCRIPTION | MINIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | MAXIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | HOW PENALTY IS APPLIED | YEAR PENALTY AMOUNT WAS LAST SET BY LAW | LAW MODIFICATION APPROPRIATE | TEXT OF LAW MODIFICATION PROVIDED |
|---|---|---|---|---|---|---|---|
| 8 USC 1324c(a) | DOCUMENT FRAUD | | | | | | |
| 8 USC 1324c(a) | -- 1ST ORDER | $250 | $2,000 | PER DOCUMENT | 1990 | NO | SEE NOTE (1) |
| 8 USC 1324c(a) | -- 2ND OR SUBSEQUENT ORDER | $2,000 | $5,000 | PER DOCUMENT | 1990 | NO | SEE NOTE (1) |
| 8 USC 1325c(b) | ANTI-DISCRIMINATION VIOLATIONS | | | | | | |
| 8 USC 1325c(b) | -- 1ST ORDER | $250 | $2,000 | PER INDIVIDUAL | 1990 | NO | SEE NOTE (1) |
| 8 USC 1325c(b) | -- 2ND ORDER | $2,000 | $5,000 | PER INDIVIDUAL | 1990 | NO | SEE NOTE (1) |
| 8 USC 1325c(b) | -- 3RD OR SUBSEQUENT ORDER | $3,000 | $10,000 | PER INDIVIDUAL | 1990 | NO | SEE NOTE (1) |
| 8 USC 1325c(b) | -- CERTAIN DOCUMENTARY PRACTICES | $100 | $1,000 | PER INDIVIDUAL | 1990 | NO | SEE NOTE (1) |

**U.S. DEPT. OF LABOR**
**EMPLOYMENT STANDARDS ADMINISTRATION**

| U.S. CODE CITATION | CIVIL MONETARY PENALTY DESCRIPTION | MINIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | MAXIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | HOW PENALTY IS APPLIED | YEAR PENALTY AMOUNT WAS LAST SET BY LAW | LAW MODIFICATION APPROPRIATE | TEXT OF LAW MODIFICATION PROVIDED |
|---|---|---|---|---|---|---|---|
| 8 USC 1188 | VIOLATION OF EACH WORK CONTRACT OR H-2A REGULATIONS | NA | $1,000 | PER VIOLATION | 1987 | NO | SEE NOTE (1) |
| 8 USC 1188 | VIOLATION/DISCRIMINATION OR INTERFERENCE W/H-2A INVESTIGATIONS | NA | $1,000 | PER VIOLATION | 1987 | NO | SEE NOTE (1) |
| 29 USC 2110(d) | VIOLATION OF HOMEWORKER REGULATIONS | NA | $500 | PER HOMEWORKER | 1988 | NO | SEE NOTE (1) |
| 29 USC 216(e) | WILLFUL OR REPEATED VIOLATION OF FLSA, MW & OT PAY PROVISIONS | NA | $1,000 | PER VIOLATION | 1989 | NO | SEE NOTE (1) |
| 29 USC 1853 | VIOLATION OF MPSA OR THE REGULATIONS | NA | $1,000 | PER VIOLATION | 1983 | NO | SEE NOTE (2) |
| 29 USC 1853 | VIOLATION OF SAWPAW | NA | $1,000 | PER VIOLATION | 1988 | NO | SEE NOTE (1) |
| 29 USC 2005 | VIOLATION OF ANY PROVISION OF EPPA | NA | $10,000 | PER EMPLOYER | 1988 | NO | SEE NOTE (1) |
| 30 USC 903d(1) | FAILURE TO SECURE BENEFIT | NA | $1,000 | PER DAY | 1977 | YES | YES |
| 30 USC 932(b) | FAILURE TO SUBMIT REPORT | NA | $500 | PER VIOLATION | 1977 | YES | YES |
| 33 USC 914(g) | FAILURE TO REPORT FINAL PAYMENT OF COMPENSATION | NA | $100 | PER VIOLATION | 1927 | YES | YES |
| 33 USC 930(e) | FAILURE TO REPORT INJURY | NA | $10,000 | PER VIOLATION | 1984 | YES | YES |
| 33 USC 948a | DISCRIMINATION AGAINST EMPLOYEES | $1,000 | $5,000 | PER VIOLATION | 1984 | YES | YES |
| PL 101-238 | NONIMMIGRANT ALIEN NURSES | NA | $1,000 | PER VIOLATION | 1989 | NO | SEE NOTE (1) |
| PL 101-549 | VIOLATION OF FLSA CHILD LABOR PROVISIONS | NA | $10,000 | PER EMPLOYEE | 1990 | NO | SEE NOTE (1) |
| PL 101-549 | LIMITATIONS ON PERFORMANCE OF LONGSHORE WORK BY ALIEN CREWMEN | NA | $5,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| PL 101-549 | H-1B SPECIALTY OCCUPATIONS | NA | $1,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |

**U.S. DEPT. OF LABOR**
**MINE SAFETY AND HEALTH ADMINISTRATION**

| U.S. CODE CITATION | CIVIL MONETARY PENALTY DESCRIPTION | MINIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | MAXIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | HOW PENALTY IS APPLIED | YEAR PENALTY AMOUNT WAS LAST SET BY LAW | LAW MODIFICATION APPROPRIATE | TEXT OF LAW MODIFICATION PROVIDED |
|---|---|---|---|---|---|---|---|
| 30 USC 820(a) | VIOLS. SAFETY & HEALTH STDS. AND MINE ACT | NA | $50,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 30 USC 820(b) | FAILURE TO CORRECT | NA | $5,000 | PER DAY | 1990 | NO | SEE NOTE (1) |
| 30 USC 820(g) | VIOLS MINE ACT COMMITTED BY MINER | NA | $250 | PER VIOLATION | 1977 | YES | YES |

**U.S. DEPT. OF LABOR**
**OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION**

| U.S. CODE CITATION | CIVIL MONETARY PENALTY DESCRIPTION | MINIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | MAXIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | HOW PENALTY IS APPLIED | YEAR PENALTY AMOUNT WAS LAST SET BY LAW | LAW MODIFICATION APPROPRIATE | TEXT OF LAW MODIFICATION PROVIDED |
|---|---|---|---|---|---|---|---|
| 29 USC 666(a) | REPEATED VIOLATION OF OSHA STANDARD | NA | $70,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 29 USC 666(b) | SERIOUS VIOLATION OF OSHA STANDARD | $1 | $7,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 29 USC 666(c) | OTHER THAN SERIOUS VIOLATION OF OSHA STANDARD | NA | $7,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 29 USC 666(d) | FAILURE TO CORRECT OSHA STANDARD | NA | $7,000 | PER VIOLATION AND DAY | 1990 | NO | SEE NOTE (1) |
| 29 USC 666(e) | WILLFUL VIOLATION OF OSHA STANDARD | $5,000 | $70,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |

NOTES:  (1) PENALTY HAS BEEN ADJUSTED IN LAST FIVE YEARS; LAW MODIFICATION TEXT NOT REQUIRED.  (2) INFLATION-ADJUSTED VALUE EQUALS THE ORIGINAL PENALTY DUE TO ROUNDING; MODIFICATION TEXT UNNECESSARY.

EXHIBIT 1—CIVIL MONETARY PENALTY AUTHORITIES IDENTIFIED BY FEDERAL AGENCIES

| U.S. CODE CITATION | CIVIL MONETARY PENALTY DESCRIPTION | MINIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | MAXIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | HOW PENALTY IS APPLIED | YEAR PENALTY AMOUNT WAS LAST SET BY LAW | LAW MODIFICATION APPROPRIATE | TEXT OF LAW MODIFICATION PROVIDED |
|---|---|---|---|---|---|---|---|
| 15 USC 80b-3(i) | INVESTMENT ADVISERS ACT OF 1940/VIOLATIONS | | | | | | |
| | —FOR NATURAL PERSON | NA | $5,000 | PER ACT OR OMISSION | 1990 | NO | SEE NOTE (1) |
| | —FOR ANY OTHER PERSON | NA | $50,000 | PER ACT OR OMISSION | 1990 | NO | SEE NOTE (1) |
| | —FOR NATURAL PERSON/FRAUD, RECKLESS DISREGARD OF REG. REQ. | NA | $50,000 | PER ACT OR OMISSION | 1990 | NO | SEE NOTE (1) |
| | —FOR ANY OTHER PERSON/FRAUD, RECKLESS DISREGARD OF REG. REQ. | NA | $250,000 | PER ACT OR OMISSION | 1990 | NO | SEE NOTE (1) |
| | —FOR NATURAL PERSON/SUBSTANTIAL LOSSES TO OTHERS/GAINS TO SELF | NA | $100,000 | PER ACT OR OMISSION | 1990 | NO | SEE NOTE (1) |
| | —FOR ANY OTHER PERSON/SUBSTANTIAL LOSSES TO OTHERS/GAINS TO SELF | NA | $500,000 | PER ACT OR OMISSION | 1990 | NO | SEE NOTE (1) |
| 15 USC 80b-9(e) | INVESTMENT ADVISERS ACT OF 1940/VIOLATIONS (IMPOSED BY COURT) | | | | | | |
| | —FOR NATURAL PERSON | NA | $5,000 | PER VIOLATION, OR GAIN TO DEFENDANT, WHICHEVER GREATER | 1990 | NO | SEE NOTE (1) |
| | —FOR ANY OTHER PERSON | NA | $50,000 | PER VIOLATION, OR GAIN TO DEFENDANT, WHICHEVER GREATER | 1990 | NO | SEE NOTE (1) |
| | —FOR NATURAL PERSON/FRAUD, RECKLESS DISREGARD OF REG. REQ. | NA | $50,000 | PER VIOLATION, OR GAIN TO DEFENDANT, WHICHEVER GREATER | 1990 | NO | SEE NOTE (1) |
| | —FOR ANY OTHER PERSON/FRAUD, RECKLESS DISREGARD OF REG. REQ. | NA | $250,000 | PER VIOLATION, OR GAIN TO DEFENDANT, WHICHEVER GREATER | 1990 | NO | SEE NOTE (1) |
| | —FOR NATURAL PERSON/SUBSTANTIAL LOSSES OR RISK OF LOSSES TO OTHERS | NA | $100,000 | PER VIOLATION, OR GAIN TO DEFENDANT, WHICHEVER GREATER | 1990 | NO | SEE NOTE (1) |
| | —FOR ANY OTHER PERSON/SUBSTANTIAL LOSSES OR RISK OF LOSSES TO OTHERS | NA | $500,000 | PER VIOLATION, OR GAIN TO DEFENDANT, WHICHEVER GREATER | 1990 | NO | SEE NOTE (1) |
| **SMALL BUSINESS ADMINISTRATION** | | | | | | | |
| 31 USC 3729(a) | FALSE CLAIMS | $5,000 | $10,000 | PER CLAIM PLUS 3X DAMAGES TO GOVT. | 1986 | NO | SEE NOTE (1) |
| 31 USC 3802(a)(1) | PROGRAM FRAUD CIVIL REMEDIES ACT/VIOLATION INVOLVING FALSE CLAIM | NA | $5,000 | PER CLAIM | 1986 | NO | SEE NOTE (1) |
| 31 USC 3802(a)(2) | PROGRAM FRAUD CIVIL REMEDIES ACT/VIOLATION INVOLVING FALSE STATEMENT | NA | $5,000 | PER STATEMENT | 1986 | NO | SEE NOTE (1) |
| **U.S. STATE DEPARTMENT** **OFFICE OF DEFENSE TRADE CONTROLS** | | | | | | | |
| 22 USC 2778(e) | VIOLATIONS INVOLVING CONTROLS ON DEFENSE ARTICLES & SVCS | NA | $500,000 | PER VIOLATION | 1985 | YES | YES |
| 22 USC 2780(a)(b) | VIOLATIONS INVOLVING CONTROLS ON DEFENSE ARTICLES & SVCS | NA | $500,000 | PER VIOLATION | 1989 | NO | SEE NOTE (1) |
| **TENNESSEE VALLEY AUTHORITY** | | | | | | | |
| 31 USC 1352(c) | PROHIBITED EXPENDITURE/FAILURE TO FILE OR AMEND REQ. DECLARATION | $10,000 | $100,000 | PER EXPENDITURE, OR PER FAILURE | 1989 | NO | SEE NOTE (1) |
| **U.S. DEPT. OF TRANSPORTATION** **U.S. COAST GUARD** | | | | | | | |
| 33 USC 471 | ANCHORAGE GROUND/HARBOR REGS: GENERAL | NA | $100 | PER VIOLATION | 1983 | NO | SEE NOTE (2) |
| 33 USC 474 | ANCHORAGE GROUND/HARBOR REGS: ST. MARY'S RIVER | NA | $200 | PER VIOLATION | 1986 | YES | YES |
| 33 USC 495 | BRIDGES/ FAILURE TO COMPLY WITH REGS. | NA | $1,000 | PER DAY | 1983 | NO | SEE NOTE (2) |
| 33 USC 499 | BRIDGES/ DRAWBRIDGES | NA | $1,000 | PER VIOLATION | 1966 | NO | SEE NOTE (1) |

NOTES: (1) PENALTY HAS BEEN ADJUSTED IN LAST FIVE YEARS; LAW MODIFICATION TEXT NOT REQUIRED. (2) INFLATION-ADJUSTED VALUE EQUALS THE ORIGINAL PENALTY DUE TO ROUNDING; MODIFICATION TEXT UNNECESSARY.

EXHIBIT 1—CIVIL MONETARY PENALTY AUTHORITIES IDENTIFIED BY FEDERAL AGENCIES

| U.S. CODE CITATION | CIVIL MONETARY PENALTY DESCRIPTION | MINIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | MAXIMUM PENALTY AMOUNT SET BY LAW AS OF 3/1/91 | HOW PENALTY IS APPLIED | YEAR PENALTY AMOUNT WAS LAST SET BY LAW | LAW MODIFICATION APPROPRIATE | TEXT OF LAW MODIFICATION PROVIDED |
|---|---|---|---|---|---|---|---|
| 33 USC 502 | BRIDGES/ FAILURE TO ALTER BRDG OBSTRUCTING NAV | NA | $1,000 | PER DAY | 1982 | NO | SEE NOTE (2) |
| 33 USC 533 | BRIDGES/ MAINTENANCE AND OPERATION | NA | $1,000 | PER DAY | 1983 | NO | SEE NOTE (2) |
| 33 USC 1208(a) | BRIDGE-TO-BRIDGE COMMUNICATION | NA | $500 | PER VIOLATION | 1971 | YES | YES |
| 33 USC 1208(b) | BRIDGE-TO-BRIDGE COMMUNICATION | NA | $500 | PER VIOLATION | 1971 | YES | YES |
| 33 USC 1232 | PWSA REGULATIONS | NA | $25,000 | PER DAY | 1990 | NO | YES |
| 33 USC 1236(b) | VESSEL NAVIGATION: REGATTAS OR MARINE PARADES | NA | $5,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 33 USC 1236(c) | VESSEL NAVIGATION: REGATTAS OR MARINE PARADES | NA | $5,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 33 USC 1236(d) | VESSEL NAVIGATION: REGATTAS OR MARINE PARADES | NA | $2,500 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 33 USC 1321(b) | OIL/HAZARDOUS SUBSTANCES: DISCHARGES | NA | $25,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 33 USC 1321(i) | OIL/HAZARDOUS SUBSTANCES PREVENTION REGS. | NA | $25,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 33 USC 1322(i) | MARINE SANITATION DEVICES | NA | $2,000 | PER VIOLATION | 1987 | NO | SEE NOTE (1) |
| 33 USC 1322(j) | MARINE SANITATION DEVICES | NA | $5,000 | PER VIOLATION | 1987 | NO | SEE NOTE (1) |
| 33 USC 1617(a) | DEEPWATER PORTS REGULATIONS | NA | $10,000 | PER DAY | 1989 | NO | SEE NOTE (1) |
| 46 USC 2302(a) | NEGLIGENT OPERATIONS | NA | $1,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 2302(c)(1) | NEGLIGENT OPERATIONS | NA | $1,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 2306(a)(2)(B)(4) | VESSEL REPORTING REQUIREMENTS: OWNER | NA | $5,000 | PER VIOLATION | 1984 | YES | YES |
| 46 USC 2306(b)(2) | VESSEL REPORTING REQUIREMENTS: MASTER | NA | $1,000 | PER VIOLATION | 1984 | NO | SEE NOTE (2) |
| 46 USC 3102(c)(1) | IMMERSION SUITS | NA | $5,000 | PER VIOLATION | 1984 | NO | SEE NOTE (1) |
| 46 USC 3302(c)(5) | INSPECTION PERMIT | NA | $1,000 | PER VIOLATION | 1988 | NO | SEE NOTE (1) |
| 46 USC 3318(a) | VESSEL INSPECTION | NA | $5,000 | PER VIOLATION | 1986 | NO | SEE NOTE (1) |
| 46 USC 3318(a) | VESSEL INSPECTION | NA | $5,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 3318(b) | VESSEL INSPECTION | NA | $5,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 3318(b) | VESSEL INSPECTION | NA | $1,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 3318(d)(1) | VESSEL INSPECTION | NA | $1,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 3318(d)(1) | VESSEL INSPECTION | NA | $10,000 | PER DAY | 1990 | NO | SEE NOTE (1) |
| 46 USC 3318(t) | VESSEL INSPECTION | NA | $2,000 | PER DAY | 1990 | NO | SEE NOTE (1) |
| 46 USC 3318(t) | VESSEL INSPECTION | NA | $10,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 3502(e) | LIST/COUNT OF PASSENGERS | NA | $5,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 3504(c) | NOTIFICATION TO PASSENGERS | NA | $100 | PER VIOLATION | 1983 | NO | SEE NOTE (2) |
| 46 USC 3504(c) | NOTIFICATION TO PASSENGERS | NA | $10,000 | PER VIOLATION | 1983 | YES | YES |
| 46 USC 3506 | COPIES OF LAWS ON PASSENGER VESSELS | NA | $500 | PER TICKET | 1983 | YES | YES |
| 46 USC 3718(a)(1) | DANGEROUS CARGO CARRIAGE | NA | $200 | PER VIOLATION | 1983 | YES | YES |
| 46 USC 4106 | UNINSPECTED VESSELS | NA | $25,000 | PER DAY | 1990 | NO | SEE NOTE (1) |
| 46 USC 4311(b) | RECREATIONAL VESSELS | NA | $5,000 | PER VIOLATION | 1988 | NO | SEE NOTE (1) |
| 46 USC 4311(b) | RECREATIONAL VESSELS | NA | $100,000 | PER VIOLATION | 1984 | YES | YES |
| 46 USC 4311(c) | RECREATIONAL VESSELS | NA | $2,000 | PER VIOLATION | 1984 | YES | YES |
| 46 USC 4507 | VESSEL INSPECTION | NA | $1,000 | PER VIOLATION | 1984 | NO | SEE NOTE (2) |
| 46 USC 5116(a) | LOAD LINES | NA | $5,000 | PER VIOLATION | 1988 | NO | SEE NOTE (1) |
| 46 USC 5116(b) | LOAD LINES | NA | $5,000 | PER DAY | 1990 | NO | SEE NOTE (1) |
| 46 USC 5116(c) | LOAD LINES | NA | $10,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 6103(a) | REPORTING MARINE CASUALTIES | NA | $5,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| 46 USC 6103(b) | REPORTING MARINE CASUALTIES | NA | $1,000 | PER VIOLATION | 1988 | NO | SEE NOTE (1) |
| 46 USC 8101(e) | MANNING OF INSPECTED VESSELS | NA | $5,000 | PER VIOLATION | 1988 | NO | SEE NOTE (1) |
| 46 USC 8101(f) | MANNING OF INSPECTED VESSELS | NA | $1,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |
| | | NA | $10,000 | PER VIOLATION | 1990 | NO | SEE NOTE (1) |

NOTES:  (1) PENALTY HAS BEEN ADJUSTED IN LAST FIVE YEARS; LAW MODIFICATION TEXT NOT REQUIRED.   (2) INFLATION–ADJUSTED VALUE EQUALS THE ORIGINAL PENALTY DUE TO ROUNDING; MODIFICATION TEXT UNNECESSARY.