# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | **SECTION "J"** |
| | * | **JUDGE BARBIER** |
| **This Document Relates to:** | * | |
| **Nos. 10-2179; 10-4536** | * | |
| | * | **MAGISTRATE NO. 1** |
| | * | **MAGISTRATE SHUSHAN** |
| * * * * * * * * * * * * | | |

## ANADARKO'S COMBINED: (1) REPLY IN SUPPORT OF MOTION TO ENFORCE COURT'S ORDER EXCLUDING CULPABILITY EVIDENCE; AND (2) OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE OF ANADARKO'S "CULPABILITY"

MORGAN, LEWIS & BOCKIUS LLP

James J. Dragna
jim.dragna@morganlewis.com
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@morganlewis.com
Thomas R. Lotterman
thomas.lotterman@morganlewis.com
David B. Salmons
david.salmons@morganlewis.com
Randall M. Levine
randall.levine@morganlewis.com
2020 K Street, N.W.
Washington, D.C. 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street
Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

## I.     INTRODUCTION

Time and again, the Government has argued that it should be permitted to put on evidence of Anadarko's "culpability" at trial.   On March 21, 2014, when the Court granted Anadarko's motion to exclude that evidence, the Court ruled that enough is enough:

> THE COURT:  I'll say this: I don't think this argument is going to get you anywhere, I really don't, at least not in this court.  It's pretty clear to me that once I -- based on my ruling that Anadarko had no legal duty to intervene or so forth in the context of this well and they could not as a matter of law be negligent, I don't see how you can argue they had some higher degree of culpability beyond strict liability, which there's no dispute they have that.  At least, there's no dispute as far as I'm concerned.[1]

The Government does not deny that its only purpose for admitting all its challenged evidence is to argue—yet again—that Anadarko is "culpable."  U.S. Opp'n 13.   In the Government's view, because Anadarko and its experts rely on and accept the Court's March 21, 2014 non-culpability ruling as a foundation for their opinions, the Government and its experts need the excluded evidence to attack that reliance.   The Government's position is circular nonsense.  The Government cannot relitigate the non-culpability ruling in the guise of rebutting experts who have accepted that ruling.  Anadarko's motion should be granted.

## II.    ARGUMENT

Contrary to the Government's contention, U.S. Opp'n 1, Anadarko never suggested that it would withdraw *all* of its experts under the CWA's "as justice may require" factor if the Court excluded the Government's culpability evidence.  Anadarko simply stated that it would present no evidence (under any factor) *on its culpability—e.g.*, evidence about Anadarko's knowledge and actions related to the spill—if the Court agreed that Anadarko is not culpable as a matter of law and excluded (under any factor) such evidence proffered by the Government.  *See* Hr'g Tr.

---

[1] Hr'g Tr: 43:3-18, March 21, 2014.

36:13-23, March 21, 2014 ("[I]f there's going to be evidence … that … Anadarko has some kind of culpability as a non-operator here, then we're going to need to put in evidence … that shows why non-operators aren't culpable.  But if this is out because there's no culpability, we're not going to introduce it ourselves.  There's no reason to.").  And Anadarko intends to do exactly what it promised: it will not try to prove its non-culpability at trial.  Far from reopening the issue, Anadarko's experts have simply embraced the Court's non-culpability ruling.  One expert has used it as a starting point for his opinions, which explain that culpability and economic benefit are the most important factors in the assessment of a penalty under the CWA and where, as here, there is no culpability, there should be no penalty.  Because Anadarko's experts do not opine on the reasons why Anadarko is not culpable or otherwise rely on any evidence of Anadarko's knowledge or conduct related to the spill, their opinions provide no basis for the Government to relitigate Anadarko's culpability.

### A.       The Court's Non-Culpability Ruling Is the Law of the Case.

The Government refuses to accept that the Court has ruled on Anadarko's lack of fault and culpability.   Using euphemisms like "non-operator contentions" and "other matters contentions," the Government tries to paint Anadarko's experts as "bolster[ing] Anadarko's position" that "BP as the operator was responsible" for the spill and Anadarko had no operational control over activities at Macondo.  U.S. Opp'n 4.  Anadarko does not need to "bolster" those (indisputable) points *because the Court has already so ruled as a matter of law*.[2]

Anadarko's lack of culpability is the law of the case.  All of the culpability evidence the Government seeks to introduce already has been excluded as irrelevant.  "[T]hat should be the

---

[2]       The Government also attacks the Court's application of its earlier holding that Anadarko was not negligent, because it was decided on motion to dismiss instead of summary judgment.  Hr'g Tr. 32:15-23, March 21, 2014.  The distinction is immaterial because the Court's ruling *as a matter of law* was an "adjudication on the merits…." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n. 8 (5th Cir. 1993) (quotation marks and citation omitted); Rec. Doc. 3830 at 39.

end of the matter." *Morrow v. Dillard*, 580 F.2d 1284, 1290 (5th Cir. 1978); *see also Coastal Mobile Homes, Inc. v. General Elec. Credit*, No. 92-7589, slip op. *1, *4 (5th Cir. June 9, 1993); *Jon-T Chemicals, Inc. v. Freeport Chemical Co.*, 704 F.2d 1412, 1417-18 (5th Cir. 1983) (evidence properly excluded because it related to an issue decided as a matter of law).

Anadarko's experts need not and have not "bolstered" the Court's non-culpability ruling. Instead, they rely on that ruling and opine that harmful economic and safety consequences would flow from imposing substantial penalties on a non-culpable non-operating investor like Anadarko. On this evidentiary basis, Anadarko will argue that imposing a substantial penalty on Anadarko would be irrational, unfair, and unjust.

The Government was not "surprised" by Anadarko's argument or the substance of its experts' opinions. U.S. Opp'n 1. Its own expert, Gardner Walkup, anticipated Anadarko's argument and tried to address it in his first report. Without expressly referencing culpability or the excluded evidence, Walkup purported to opine that *beneficial consequences* will flow from imposing a substantial penalty on a non-operator. Anadarko's experts present the flipside—that *harmful consequences* will flow from imposing a substantial penalty on a non-culpable non-operator. The experts can duel on that point without relitigating the Court's non-culpability ruling and, indeed, without litigating anything specific to Anadarko.

The Government's argument is paradoxical: the Court's rejection of the Government's argument that Anadarko *is culpable* precludes Anadarko and its experts from relying on the Court's ruling that Anadarko *is not culpable*. U.S. Opp'n 13. The Court's ruling did not erase the culpability factor from CWA § 311 or strike culpability from this case. Nor could it have. As the Government itself has argued, CWA penalties must be specifically tailored to an individual party's "degree of culpability," because the "degree of culpability" factor is designed

3

to protect "relatively blameless violators from a penalty that is disproportionate to their … culpability."  Rec. Doc. 4840 at 7, 10.  The Court's ruling that Anadarko is not culpable is critical to assessing a just and fair penalty.

### B.    The Government's Rebuttal Contentions Are Pretextual.

Anadarko's experts did not open the door to Anadarko's purported culpability by "discussing non-operators generally in exploration and deepwater drilling activities."  U.S. Opp'n 10.  Exactly the opposite is true.  By discussing non-culpable non-operators in the industry *generally*, Anadarko's experts kept the door closed on Anadarko's *specific* actions in connection with the Macondo Well.  The Government can, and must, rebut Anadarko's evidence about the industry only with general evidence about the industry.  *See Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969) (upholding exclusion of non-responsive "rebuttal" because "rebuttal evidence is of course generally admissible only to meet evidence introduced by the defendant…."); *Gideon v. Johns-Manville Sales Corp.,* 761 F.2d 1129, 1141 (5th Cir. 1985) (evidence admitted to show what asbestos manufacturers other than defendant knew or should have known about dangers of inhaling asbestos fibers did not open door to evidence of specific plaintiff's exposure to other manufacturers' products); *Gagan v. American Cablevision, Inc*., 77 F.3d 951, 967 (7th Cir. 1996) (plaintiff's eliciting of "*general* information regarding tax benefits" did not "open the door" to "evidence as to the *specific* amount of tax benefits received by" plaintiff where specific evidence was excluded by motion *in limine*) (emphases added).

The Government organized its "rebuttal" points into a chart, but close inspection reveals that its rebuttal contentions are pretextual.  Many of the points the Government claims it wants to "rebut" are not even disputed.  U.S. Opp'n Ex. 11.  For instance, Dr. Sunding opines that "[i]n general, investors not only have imperfect information; they also have an imperfect ability to control operators."  *Id.* (quoting Sunding Round 1 at 7).  Walkup agrees:  "I agree that NOPs do

4

not have primary operational control…."  Walkup Round 3 at 9.  This, of course, forms part of the basis of the Court's non-culpability ruling.  *See Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 549 (5th Cir. 1987).  Along those same lines, Anadarko's safety expert Kenneth Arnold states that "the type and quality of information furnished to a [non-operator] … is typically not sufficient for a [non-operator's] engineer to monitor operations on a real time basis."  U.S. Opp'n Ex. 11 (quoting Arnold Round 1 at 5).  Again, Walkup agrees:  "I agree that non-operators may not have access to the same information as the operator about the day-to-day operations at a rig site."  Walkup Round 2 at 20.  Given that agreement, Walkup's further opinion—that "non-operators are entitled to key technical information about the operations at the well (as Anadarko's own experience at Macondo demonstrates)," *id.*—is not "rebuttal."  It also is irrelevant because the Court already has held that Anadarko was not negligent and, thus, not culpable *despite* allegations that it had access to such "technical information."  Rec. Doc. 3830 at 28 ("Any access to information that Anadarko … may have had did not give rise to a duty….").

Even where Walkup disagrees with Anadarko's experts about general industry practices, his "pointing to evidence relating to Anadarko" does not rebut the point.  U.S. Opp'n 8.  What might have happened on one specific drilling operation vis-à-vis one specific non-operator is not evidence of a "general industry practice."  To establish general industry practice, Walkup can and purportedly does rely on his own experience in the industry, *e.g.*, Walkup Round 2 at 25, and on industry literature that supposedly discusses those practices, *e.g.*, Walkup Round 2 at 12–14 (citing publications).  But he cannot (at least, with a straight face) offer as "rebuttal" the Government's entire culpability proffer, consisting of more than 200 trial exhibits and designations from deposition transcripts relating solely to Anadarko's non-existent "culpability."

Neither of Anadarko's experts has anything to say about Anadarko's specific conduct at Macondo.  The Government's pretense of rebutting those opinions must fail.

### C.     Anadarko Would Be Prejudiced By Admission Of Culpability Evidence.

It is absurd for the Government to argue that Anadarko should have prepared to respond at trial to the Government's culpability evidence *even though it was excluded*.  That would destroy the efficiency of the Court's early ruling.  Anadarko cannot be expected to try an entirely different case now—focused on Anadarko's conduct and knowledge—without a continuance.  It is irrelevant that Anadarko designated deposition bundles and exhibits for Phase I, because they were never admitted.  Anadarko would have to redesignate all such evidence, but was given no opportunity.   Nor was Anadarko required to "substantively respond" to the Government's Proffer, so it cannot be prejudiced by declining to do so.  *See Christensen v. Felton*, 322 F.2d 323 (9th Cir. 1963) (prevailing party need not respond to losing party's proffer of evidence); *c.f.*, *Garner v. Santoro*, 865 F.2d 629, 637 (5th Cir. 1989) (evidence proffer unnecessary when an entire class of evidence is excluded in advance of trial as a matter of law).

### D.     The Government's Arguments Reveal the Basic Flaw in its Case.

The Government has a serious problem.  It admits that "[c]ivil penalties under the Clean Water Act are intended to punish *culpable* individuals and deter future" discharges.  Rec. Doc. 4840 at 7 (emphasis added).  There is no reason to punish Anadarko.  Anadarko did nothing wrong here.  Penalizing investors like Anadarko will not "deter" discharges.  It will deter investment.  The Government's effort to impose substantial penalties on Anadarko is unjust.

## III.    CONCLUSION

For all the foregoing reasons, Anadarko's Motion to Enforce Court's Order Excluding Culpability Evidence against Anadarko should be granted in full.

Respectfully submitted,

DATED: December 9, 2014                    **MORGAN, LEWIS & BOCKIUS LLP**

/s/ *James J. Dragna*
James J. Dragna
jim.dragna@morganlewis.com
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@morganlewis.com
Thomas R. Lotterman
thomas.lotterman@morganlewis.com
David B. Salmons
david.salmons@morganlewis.com
Randall M. Levine
randall.levine@morganlewis.com
Morgan, Lewis & Bockius LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

**KUCHLER POLK SCHELL
WEINER & RICHESON, LLC**

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on December 9, 2014.

<u>/s/ <i>James J. Dragna</i></u>
James J. Dragna
