IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,<br><br>This Document Relates To:<br><br>    No. 10-4536 | *<br>*   MDL No. 2179<br>*<br>*   Section: J<br>*<br>*   Judge Barbier<br>*<br>*   Magistrate Judge Shushan<br>*<br>* |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**BPXP'S MEMORANDUM IN SUPPORT OF ITS MOTION
<u>FOR JUDICIAL NOTICE OF PRIOR CIVIL PENALTIES</u>**

BP Exploration & Production Inc. ("BPXP") hereby requests that the Court take judicial notice of civil penalties assessed by federal district courts (after trial or in court-approved settlements) in other environmental cases, as set forth herein.  The fact that a court assessed a civil penalty of a certain magnitude based on certain factual findings is not subject to reasonable dispute and thus is a proper subject for judicial notice.

In addition, this information is directly relevant to the United States' civil penalty claim against BPXP under Section 1321 of the Clean Water Act ("CWA").  In particular, this information is relevant to the "other matters as justice may require" penalty factor.  In exercising its discretion to assess a civil penalty against BPXP for a violation of the CWA, the Court should, consistent with fundamental concepts of justice, consider how the levels of penalties sought by the United States in this case compare to those that have been assessed by courts against other companies in other environmental cases.  Those other penalties serve as important benchmarks to ensure that any penalty imposed on BPXP is not disproportionate to BPXP's conduct, as calibrated to penalties imposed against other companies in those other cases.

Accordingly, for the reasons discussed herein, BPXP respectfully requests that the Court

1

take judicial notice of the published decisions and court-approved consent decrees that are attached to BPXP's Motion as Exhibits 1 through 23.

## I. RECORDS FROM PRIOR COURT PROCEEDINGS ARE AN APPROPRIATE TOPIC FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 provides that a court may take judicial notice of facts that are not subject to reasonable dispute either because they are "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Courts have held that the fact of a prior court judgment is not subject to reasonable dispute and thus is a proper subject for judicial notice. For example, the Fifth Circuit has held that a district court may "properly take [judicial] notice, under Rule 201(b), of [a prior] judgment for the limited purpose of taking as true the action of the [prior] court in entering judgment. . . ." *Colonial Leasing Co. of New England v. Logistics Control Grp. Int'l*, 762 F.2d 454, 459 (5th Cir. 1985). As the Fifth Circuit explained, "[t]he judicial act itself was not a fact 'subject to reasonable dispute.'" *Id.* (quoting Fed. R. Evid. 201(b)); *see also, e.g.*, *Crawford v. Allstate Texas Lloyd's*, No. 9:10-cv-132, 2012 WL 489151, at *3 n.4 (E.D. Tex. Jan. 11, 2012) ("The proceedings and filings in [another case] are capable of accurate and ready determination by reference to the record of the case available for public viewing in the Court's CM/ECF or PACER docketing system, and the record of filings in that case cannot reasonably be challenged."). In fact, "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5106, at 505 (1st ed. 1977 & Supp. 1997).

Here, the civil penalty amounts assessed by federal district courts in other environmental cases (either after trial or in court-approved settlements), and the fact that those courts made

certain factual findings in determining the appropriate penalty amounts, "can be accurately and readily determined" by reference to the publicly available dockets for those cases. Specifically, those facts can be accurately and readily determined by reference to the published decisions and court-approved consent decrees, which are available in the Federal Reporter as well as on Westlaw, LexisNexis, Pacer, and other publicly available electronic databases. The accuracy of these sources cannot reasonably be questioned. As such, the fact that a civil penalty of a certain magnitude was awarded on certain facts is not "subject to reasonable dispute." In other words, for any given civil penalty assessment, no one can reasonably dispute that: (a) the court made certain factual findings; and (b) the court assessed a civil penalty of a certain magnitude. Those facts are self-evident from the court's decision or the consent decree.

Importantly, BPXP is not asking the Court to take judicial notice of factual findings in other cases for the "truth of the matters asserted." In other words, BPXP does not request that the Court accept other courts' factual findings as true. Rather, BPXP merely requests that the Court take judicial notice of the fact that the courts made those factual findings and assessed a civil penalty of a certain magnitude upon making those findings, neither of which are subject to dispute. *See, e.g.*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (concluding that a court "may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation"); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (a "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'"). As such, judicial notice here is appropriate.

## II.  THE MAGNITUDE OF CIVIL PENALTIES ASSESSED IN OTHER ENVIRONMENTAL CASES IS RELEVANT

The fact that civil penalties of certain magnitudes were awarded in other environmental cases is relevant to the United States' civil penalty claim against BPXP.  Specifically, in assessing a civil penalty against BPXP under the CWA, the Court is required to consider, among other things, "any other matters as justice may require."  33 U.S.C. § 1321(b)(8).  Pursuant to this factor, the Court should, consistent with fundamental concepts of justice, consider how the levels of penalties sought by the United States in this case compare to those that have been assessed by courts against other companies in other environmental cases (either after trial or in a court-approved settlement).  Those other penalties serve as important benchmarks to ensure that any penalty imposed on BPXP is not disproportionate to BPXP's conduct, as calibrated to penalties imposed against other companies and/or in other cases.

To be sure, the civil penalty assessed against BPXP must be based on the facts of this case.  BPXP recognizes, of course, that the civil penalty cases for which it seeks judicial notice involve different parties, different facts, different levels of culpability, different statutory maximum penalty amounts, and, in some cases, different methods for calculating the maximum penalty amount (typically per-day rather than per-barrel).  Nonetheless, these cases, in which courts assessed civil penalties under the same or analogous penalty schemes, provide useful context for the Court.  Thus, while the parties are free to make arguments about the weight to be afforded to these prior cases, if any, such cases are relevant because they provide useful context for the Court, and they should be considered.

## III.  COURT DECISIONS AND CONSENT DECREES FOR WHICH BPXP SEEKS JUDICIAL NOTICE

For the reasons discussed above, BPXP respectfully requests that the Court take judicial notice of the environmental cases set forth below in which (a) civil penalties were assessed by

4

federal district courts after trial in a published opinion; or (b) civil penalties were assessed pursuant to a court-approved consent decree.

In presenting specific cases and consent decrees for judicial notice, BPXP has not cherry-picked the most helpful examples (*i.e.*, those with the lowest penalty amounts). Rather, BPXP has included all cases of which it is aware in which a federal court assessed civil penalties after trial in cases brought by the United States or citizen plaintiffs under Sections 1319(d) or 1321(b) of the CWA or Sections 7413 or 7524 of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7413(e), 7524(b).[1] These statutory provisions were selected because they include the same or analogous penalty factors as CWA Section 1321(b).[2] Similarly, BPXP has selected five court-approved settlements that comprise the largest civil penalties ever assessed under any environmental

---

[1] We have excluded district court civil penalty assessments that were reversed on appeal.

[2] These statutory provisions provide in relevant part:

> 33 U.S.C. § 1319(d): "In determining the amount of a civil penalty the court shall consider the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require."

> 33 U.S.C. § 1321(b)(8): "In determining the amount of a civil penalty, . . . the court . . . shall consider the seriousness of the violation or violations, the economic benefit to the violator, if any, resulting from the violation, the degree of culpability involved, any other penalty for the same incident, any history of prior violations, the nature, extent, and degree of success of any efforts of the violator to minimize or mitigate the effects of the discharge, the economic impact of the penalty on the violator, and any other matters as justice may require."

> 42 U.S.C. § 7413(e): "In determining the amount of any penalty to be assessed . . . the court. . . shall take into consideration (in addition to such other factors as justice may require) the size of the business, the economic impact of the penalty on the business, the violator's full compliance history and good faith efforts to comply, the duration of the violation as established by any credible evidence . . ., payment by the violator of penalties previously assessed for the same violation, the economic benefit of noncompliance, and the seriousness of the violation."

> 42 U.S.C. § 7524(b): "In determining the amount of any civil penalty . . ., the court shall take into account the gravity of the violation, the economic benefit or savings (if any) resulting from the violation, the size of the violator's business, the violator's history of compliance with this subchapter, action taken to remedy the violation, the effect of the penalty on the violator's ability to continue in business, and such other matters as justice may require."

5

statute. If any case or larger civil penalty settlement was inadvertently omitted, the United States can so inform the Court and judicial notice can be taken as to those cases and/or settlements.

    A.    <u>Civil Penalties Assessed After Trial</u>

BP respectfully requests that the Court take judicial notice of the following cases in which civil penalties were assessed by federal district courts after trial:

1. *United States v. A.A. Mactal Const. Co. Inc.*, No. 89-2372-V, 1992 WL 245690 (D. Kan. Apr. 10, 1992) (Exhibit 1 to the Motion), in which the court assessed a civil penalty of $126,000 under Section 7413 of the CAA. *Id.* at *4. The penalty assessed was 27% of the statutory maximum found by the court. *Id.* at *2.

2. *United States v. Midwest Suspension & Brake*, 824 F. Supp. 713 (E.D. Mich. 1993) (Exhibit 2 to the Motion), in which the court assessed a civil penalty of $50,000 under Section 7413 of the CAA. *Id.* at 738. The penalty assessed was 10% of the statutory maximum found by the court. *Id.* 735.

3. *United States v. Mun. Auth. of Union Twp. ("Dean Dairy")*, 929 F. Supp. 800 (M.D. Pa. 1996) (Exhibit 3 to the Motion), in which the court assessed a civil penalty of $4,031,000 under Section 1319 of the CWA. *Id.* at 809. The penalty assessed was 8.8% of the statutory maximum found by the court. *Id.* at 806.

4. *United States v. Vista Paint Corp.*, No. EDCV 94-0127 RT, 1996 WL 477053 (C.D. Cal. Apr. 16, 1996) (Exhibit 4 to the Motion), in which the court assessed a civil penalty of $1,111,250 under Section 7413 of the CAA. *Id.* at *16. The penalty assessed was 2% of the statutory maximum. *Id*.

5. *United States v. Avatar Holdings, Inc. ("Florida Cities")*, No. 93-281-CIV-FTM-21, 1996 WL 479533 (M.D. Fla. Aug. 20, 1996) (Exhibit 5 to the Motion), in

which the court assessed a civil penalty of $309,710 under Section 1319 of the CWA. *Id.* at \*16. The penalty assessed was 0.6% of the statutory maximum found by the court. *Id.* at \*5.

6. *United States v. Smithfield Foods, Inc.*, 972 F. Supp. 338 (E.D. Va. 1997) (Exhibit 6 to the Motion), in which the court assessed a civil penalty of $12.6 million under Section 1319 of the CWA. *Id.* at 354. The penalty assessed was 7.2% of the statutory maximum found by the court. *Id.* at 343.

7. *United States v. Gulf Park Water Co., Inc.*, 14 F. Supp. 2d 854 (S.D. Miss. 1998) (Exhibit 7 to the Motion), in which the court assessed a civil penalty of $1.5 million under Section 1319 of the CWA. *Id.* at 869. The penalty assessed was 3.3% of the statutory maximum found by the court. *Id.* at 857.

8. *United States v. Donovan*, 466 F. Supp. 2d 595 (D. Del. 2006) (Exhibit 8 to the Motion), in which the court assessed a civil penalty of $256,000 under Section 1319 of the CWA. *Id.* at 600. The penalty assessed was 2% of the statutory maximum found by the court. *Id.*

9. *Sierra Club v. MasTec N.A.*, Nos. 03-1697-HO & 06-6071-HO, 2009 WL 426205 (D. Or. Feb. 19, 2009) (Exhibit 9 to the Motion), in which the court assessed a civil penalty of $1.5 million under Section 1319 of the CWA. *Id.* at \*5. The statutory maximum penalty amount was not determined by the court.

10. *Sierra Club v. Franklin Cnty. Power of Ill., LLC*, 670 F. Supp. 2d 825 (S.D. Ill. 2009) (Exhibit 10 to the Motion), in which the court assessed a civil penalty of $100,000 under Section 7413 of the CAA. *Id.* at 831. The penalty assessed was 0.2% of the statutory maximum found by the court. *Id.*

11. *United States v. Scruggs*, No. G-06-776, 2009 WL 500608 (S.D. Tex. Feb. 26, 2009) (Exhibit 11 to the Motion), in which the court assessed a civil penalty of $65,000 under Section 1319 of the CWA. *Id.* at *6. The penalty assessed was 4.7% of the statutory maximum found by the court. *Id.* at *3.

12. *United States v. Bedford*, No. 2:07-cv-491, 2009 WL 1491224 (E.D. Va. May 22, 2009) (Exhibit 12 to the Motion), in which the court assessed a civil penalty of $90,000 under Section 1319 of the CWA. *Id.* at *18. The penalty assessed was 0.2% of the statutory maximum found by the court. *Id.* at *16.

13. *Sierra Club v. City of Colo. Springs*, No. 05-cv-01994, 2009 WL 2588696 (D. Colo. Aug. 20, 2009) (Exhibit 13 to the Motion), in which the court assessed a civil penalty of $35,550 under Section 1319 of the CWA. *Id.* at *15. The penalty assessed was 15.6% of the statutory maximum found by the court. *Id.* at *11.

14. *Ogeechee-Canoochee Riverkeeper, Inc. v. T.C. Logging, Inc.*, No. 608cv064, 2010 WL 1009797 (S.D. Ga. March 18, 2010) (Exhibit 14 to the Motion), in which the court assessed a civil penalty of $78,000 under Section 1319 of the CWA. *Id.* at *4. The penalty assessed was 0.3% of the statutory maximum found by the court. *Id.*

15. *United States v. Righter*, No. 1:08-cv-0670, 2010 WL 4977046 (M.D. Pa. Dec. 2, 2010) (Exhibit 15 to the Motion), in which the court assessed a civil penalty of $37,500 under Section 1319 of the CWA. *Id.* at *6. The penalty assessed was 0.03% of the statutory maximum found by the court. *Id.* at *1 n.2.

16. *Stephens v. City of Morristown*, No. 2:08-cv-96, 2011 WL 797673 (E.D. Tenn. March 1, 2011) (Exhibit 16 to the Motion), in which the court assessed a civil

8

penalty of $105,000 under Section 1319 of the CWA. *Id.* at *9. The penalty assessed was 4.4% of the statutory maximum. *Id*.

17. *United States v. Egan Marine Corp.*, No. 08 C 3160, 2011 WL 8144393 (N.D. Ill. Oct. 13, 2011) (Exhibit 17 to the Motion), in which the court assessed a civil penalty of $100,000 under Section 1321 of the CWA. *Id.* at *7. The penalty assessed was 89.3% of the statutory maximum found by the court. *Id.* at *6.

18. *Idaho Conservation League v. Atlanta Gold Corp.*, 879 F. Supp. 2d 1148 (D. Id. 2012) (Exhibit 18 to the Motion), in which the court assessed a partial civil penalty of $2 million under Section 1319 of the CWA. *Id.* at 1169. The penalty assessed was 2.7% of the statutory maximum found by the court. *Id.*

B.   Civil Penalties Assessed Pursuant to Court-Approved Consent Decrees

BP respectfully requests that the Court take judicial notice of the consent decrees entered into by the United States, which comprise, as best we can determine, the five largest civil penalty settlements in environmental cases. All of the consent decrees set forth below have been entered by the Court except the second one (Hyundai/Kia), which has been lodged with the Court and is undergoing public comment.

1. *In re: Deepwater Horizon Oil Spill*, Partial Consent Decree Between the Plaintiff United States of America and Defendants Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., No. 2:10-md-2179, Rec. Doc. 8157-1 (E.D. La. Jan. 3, 2013) (Exhibit 19 to the Motion), in which the Transocean Defendants agreed to pay $1 billion in civil penalties to resolve the United States' claims under Section 1321 of the CWA.

9

2. *United States v. Hyundai Motor Co.*, No. 1:14-cv-01837, Rec. Doc. 2-1 (D.D.C. Nov. 3, 2014) (Exhibit 20 to the Motion), in which Hyundai Motor Company and Kia Motors Corporation, and their affiliated companies, agreed to pay $100 million in civil penalties to resolve the United States' claims under Section 7524 of the CAA.

3. *In re: Deepwater Horizon Oil Spill*, Consent Decree Between the United States and MOEX Offshore 2007 LLC, No. 2:10-md-2179, Rec. Doc. 6698 (E.D. La. June 18, 2012) (Exhibit 21 to the Motion), in which MOEX agreed to pay $70 million in civil penalties to resolve the United States' claims under Section 1321 of the CWA.

4. *United States v. Colonial Pipeline Co.*, No. 1:00-cv-3142, Rec. Doc. 192 (N.D. Ga. June 16, 2013) (Exhibit 22 to the Motion), in which Colonial Pipeline agreed to pay $34 million to resolve the United States' claims under Section 1321 of the CWA.

5. *United States v. Alpha Natural Resources, Inc.*, No. 2:14-cv-11609, Rec. Doc. 11 (S.D.W.V. Nov. 26, 2014) (Exhibit 23 to the Motion), in which Alpha Natural Resources agreed to pay $27.5 million in civil penalties to resolve the United States' claims under Section 1319 of the CWA.

**IV.   CONCLUSION**

For the reasons set forth above, BPXP respectfully requests that the Court take judicial notice of the prior civil penalty cases and consent decrees described herein.

Date: December 9, 2014									Respectfully submitted,


/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia Karis, P.C.
Matthew Regan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
Kirkland & Ellis LLP
655 15th Street, NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Joel M. Gross
Brian D. Israel
Arnold & Porter LLP
555 12th Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

***Attorneys for BP Exploration & Production Inc.***

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of December, 2014.

      /s/ Don K. Haycraft
      Don K. Haycraft