UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY  THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This document relates to: | * * | |
| No. 10-4536 | * * * | HONORABLE CARL J. BARBIER MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF BPXP'S MOTION *IN LIMINE* TO PRECLUDE THE UNITED STATES FROM INTRODUCING EVIDENCE FOR THE PURPOSE OF ESTABLISHING THE LIABILITY OF BP GROUP ENTITIES OTHER THAN BPXP**

The United States has named BP Exploration & Production Inc. ("BPXP") as the sole BP Group entity responsible party under the Oil Pollution Act ("OPA"), has named BPXP as the sole BP Group entity defendant in its Clean Water Act complaint, and has stated that BPXP is the "liable party in this proceeding."[1]  *See* 2/14/14 Mem. in Supp. of Pl. United States' Mot. in Limine to Permit Relevant Evidence Concerning BP P.L.C. and Other BP Affiliates, Rec. Doc. 12355-1 at 1.  The United States has also acknowledged repeatedly to counsel for BPXP that the United States is not seeking to pierce BPXP's corporate veil.  (*See* Ex. A, 5/6/14 Letter from M. Nomellini to N. Flickinger at 5 (memorializing DOJ representations)).

Accordingly, BPXP files this motion *in limine* to preclude the United States from introducing evidence at the Penalty Phase trial (including the testimony of fact and expert witnesses) for the purpose of establishing the liability of BP Group entities other than BPXP,

---

[1]  BPXP continues to reserve all of its rights to maintain its CWA liability appeal in Fifth Circuit Case No. 12-30883 and its rights to seek appeal of this Court's September 4, 2014 and November 13, 2014 orders.  *See* 9/4/14 Findings of Fact and Conclusions of Law, Phase One Trial, Rec. Doc. 13355; Rec. Doc. 13644 (Nov. 13, 2014) (order denying BPXP's motion for a new trial).

either under the Clean Water Act or a veil-piercing theory.

## ARGUMENT

The United States is not seeking to hold any BP Group entity other than BPXP liable under the Clean Water Act. As this Court recognized, "BP Exploration & Production, Inc. is . . . the only BP entity that was sued by the United States." (9/4/14 Findings of Fact and Conclusions of Law, Phase One Trial, Rec. Doc. 13355 at 9).

In addition to not seeking to hold BP Group entities other than BPXP liable under the Clean Water Act, the United States has repeatedly stated that it is not seeking to pierce BPXP's corporate veil in order to hold other BP Group entities liable. BPXP memorialized these statements in a letter to the United States, in which BPXP noted that, "[DOJ attorneys] Pat Casey and Richard Gladstein each indicated, in discussions on April 16 and 23 [2014], respectively, that the United States is not seeking to pursue a legal theory in this case that involves any attempt to pierce the corporate veil of defendant BPXP." (Ex. A, 5/6/14 Letter from M. Nomellini to N. Flickinger at 5).

To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence introduced for the purpose of holding any BP entity other than BPXP liable under the Clean Water Act or a veil-piercing theory is not relevant to any existing claims and would cause unnecessary delay.[2]

---

[2] *See, e.g.*, *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 45-47 (1st Cir. 2001) (affirming exclusion of evidence related to dismissed claims as irrelevant); *Asanjarani v. City of N.Y.*, No. 09-cv-7495, 2011 WL 6811027, at *1 (S.D.N.Y. Dec. 27, 2011) ("[E]vidence relating exclusively to claims previously dismissed is generally inadmissible."); *Fallon v. Potter*, No. 04-cv-00526, 2008 WL 5395984, at *2 (M.D. La. Dec. 23, 2008) (holding that evidence of abandoned claims was precluded as irrelevant).

2

Despite the Government's claim that it is not bringing a direct operator claim or veil-piercing claim, the Government and its experts have pursued both points during expert discovery. First, during his deposition, United States industrial historian expert Professor Fredric Quivik opined that BP American Production Company ("BPAPC")—an entity that the United States has not sued—was an "operator" of the Macondo well.[3] As the Court is aware, Clean Water Act liability attaches only to an "owner, operator, or person in charge." 33 U.S.C. 1321(b)(7)(A). Hence, operator status is relevant to CWA liability. Professor Quivik's opinion that BPAPC is an operator of the Macondo well is based in part on Professor Quivik's understanding of *United States v. Bestfoods*, 524 U.S. 51 (1998), and in part on the way the term "operator" is used in the "historical literature."[4] Ex. B, Quivik Dep. at 58:14-18 ("Q. So your -- your opinion of BPAPC as an operator is informed by the Best Foods decision? A. Yes, as well as the way that term is used in the historical literature, in the industrial literature, et cetera.").

Professor Quivik's opinion that BPAPC is an "operator" of the Macondo well should be excluded. The United States has not sued BPAPC and has never alleged that BPAPC was an operator at Macondo; thus Professor Quivik's opinion that BPAPC is an "operator" is irrelevant. Moreover, Professor Quivik's opinion that BPAPC is an "operator" should also be excluded because the opinion is not contained in his expert report; Professor Quivik expressed it for the first time at his deposition.

The United States also pursued a veil-piercing theory during expert discovery. Specifically, the United States questioned BPXP corporate governance expert Professor Robert

---

[3] Ex. B, Quivik Dep. at 55:9-19.

[4] Ex. B, Quivik Dep. at 58:4-25 (*Bestfoods* informed Quivik's opinion that BPAPC is an operator); *id*. at 38:8-41:8 (definition of "operator" is encoded in history books). While Professor Quivik claimed that he did not "rely" on *Bestfoods*, (*id*. at 59), he also testified that he evaluated the facts "partly in light of *Bestfoods*." (*id*.) ("Q. So you—and then you evaluated those facts partly in light of *Bestfoods*, correct? A. That's fair.").

3

Daines about the circumstances under which it might be appropriate to pierce the corporate veil. *See, e.g.*, Ex. C, Daines Dep. at 87:19-88:2 ("Q. Looking on Page 110 at the end of the first full paragraph right before the B section. ***There's a sentence, piercing the veil, especially in favor of trade and tort creditors who cannot negotiate with the firm***, reduces the extent to which third parties bear these costs. ***Do you agree with that statement?***") (emphasis added).[5]  This testimony should also be excluded as irrelevant, particularly given the United States' repeated representations that it is not pursuing a veil-piercing theory.

## CONCLUSION

For the reasons discussed in this memorandum, BPXP respectfully requests that the Court enter an order precluding the United States from introducing evidence at the Penalty Phase trial for the purpose of establishing the liability of any BP Group entity other than BPXP, either under the Clean Water Act or under a veil-piercing theory.

Dated: December 9, 2014            Respectfully submitted,

By: /s/ Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile:  (504) 556-4108

---

[5]   *See also* Ex. C, Daines Dep. at 63:7-64:7; 84:4-102:19.

        Robert C. "Mike" Brock
        Kirkland & Ellis LLP
        655 Fifteenth Street, N.W.
        Washington, D.C. 20005
        Telephone:  (202) 879-5000
        Facsimile:  (202) 879-5200

        Richard C. Godfrey, P.C.
        J. Andrew Langan, P.C.
        Hariklia ("Carrie") Karis, P.C.
        Matthew T. Regan, P.C.
        Kirkland & Ellis LLP
        300 North LaSalle Street
        Chicago, Illinois  60654
        Telephone: (312) 862-2000

        ***Attorneys for BP Exploration & Production Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of December, 2014.

/s/ Don K. Haycraft