UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010

This Pleading Relates To
- **10-4182** (*Alabama v. BP*)
- **10-4183** (*Alabama v. Transocean, et. al*)
- **13-2645** (*Alabama v. Anadarko & MOEX*)
- **13-2646** (*Alabama v. Transocean*)
- **13-2647** (*Alabama v. Halliburton*)
- **13-2813** (*Alabama v. BP*)

MDL No. 2179
SECTION: J

JUDGE BARBIER
MAGISTRATE SHUSHAN

# THE STATE OF ALABAMA'S BRIEF REGARDING CONFIDENTIALITY OF LABOR AND ADECA DOCUMENTS

LUTHER J. STRANGE
 *Attorney General*

COREY L. MAZE
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email:  cmaze@ago.state.al.us

Attorneys for the State of Alabama

Based on prior orders and statements of the Court, *see* 20 CFR §603.7(b), the State will produce to Defendants hundreds of thousands of pages of documents that contain the names, social security numbers, home addresses, and phone numbers of dislocated workers and/or unemployment compensation ("UC") claimants. In a perfect world—*i.e.* one in which Alabama could fully and timely redact these documents—Defendants would never see this confidential personal information. But since timely redaction is impractical, we ask the Court to err on the side of protecting the privacy of non-Party citizens in both instances mentioned below.

A. **Paragraph 12:  Protecting UC Claimants and/or Dislocated Workers Against Contact.**

1. *The Concern*: The State's primary concern is safeguarding UC Claimants and dislocated workers' sensitive information, followed closely by protecting these persons from being contacted by Defendants or anyone else with access to Alabama's production of their sensitive information. Unemployed citizens are not parties to the State's case, and the State strains to see how any of them could provide relevant information regarding the State's claims that Defendants do not already have access to.  Simply put, these non-party citizens should not be subjected to Defendants prying into the reasons why they are unemployed and seeking benefits.[1]

2. *The State's Proposal*:  Notwithstanding the fact that contacting UC claimants and dislocated workers is unnecessary, the State's paragraph 12 provides a reasonable, two-step process that could allow Defendants to contact/depose persons whose confidential information is produced under the Court's order. First, Defendants would seek the written consent of the State, thereby allowing the Court to stay out of (we believe) most, if not all, contact requests. Second, if consent is withheld, Defendants could seek permission from the Court for "good cause shown."

---

[1] Frankly, the State also seeks protection for itself.  Should Defendants (or anyone else) use disclosed personal information to contact private individuals, at the very least, the State could be flooded with complaints for failing to protect its citizen's personal information.  At worst, the State could be subjected to hundreds of lawsuits; thereby adding another expense to the ever-growing cost of complying with Defendants' discovery requests.

1

3. *Defendants' Proposal*: Defendants' proposal allows them to contact UC claimants and dislocated workers without the State's or the Court's knowledge or consent if Defendants "independently obtained the relevant personal information." This standard is ripe for abuse. Once the confidential information is disclosed, Defendants need only search for one other source of the same information to establish that the information was "independently obtained," thereby opening the door to undisclosed contact of protected persons. Requiring the State or Court to sign-off on contact, before it happens, should be a minimum requirement.

**B. Paragraph 9: Requirements for Protecting and Disposing of UC Information.**

1. *The Federal Requirements*: Title 20, CFR §603.9(b)(1) requires that the State "must" impose seven requirements for using, storing, and destroying disclosed UC information and "must" impose penalties for non-compliance. Section 603.9 is attached as Exhibit A.

2. *The State's Proposal*: The State acknowledges Defendants' contention that compliance with each provision of §603.9(b)(1) may not be statutorily required because disclosure is being made pursuant to Court order under 20 CFR §603.7(h). *See* 20 CFR §603.9(a). That said, the Court's order should require Defendants to comply with all seven requirements of §603.9(b)(1), just as others who obtain this sensitive information must.

3. *Defendants' Proposal*: Defendants propose compliance with just §603.9(b)(1)(iv), which requires "precautions" that ensure only "authorized personnel are given access to disclosed information stored in computer systems." But this would omit the federal requirements regarding UC information's use (§603.9(b)(1)(i)); its physical storage (§603.9(b)(1)(ii-iii)); its disposal (§603.9(b)(1)(vi)); and, the instruction of persons with access to the sensitive information of these and other requirements (§603.9(b)(1)(v)). At the very least, the Court's order should address each of these protective requirements/issues, not just §603.9(b)(1)(iv).

Respectfully submitted on December 10, 2014.

LUTHER J. STRANGE
*Attorney General*

 /s/ Corey L. Maze
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email:  cmaze@ago.state.al.us

Attorneys for the State of Alabama

# EXHIBIT A

**20 CFR 603.9**

§ 603.9 What safeguards and security requirements apply to disclosed information?

(a) In general.  For disclosures of confidential UC information under § 603.5(d)(2) (to a third party (other than an agent) or disclosures made on an ongoing basis); § 603.5(e) (to a public official), except as provided in paragraph (d) of this section; § 603.5(f) (to an agent or contractor of a public official); § 603.6(b)(1) through (4), (6), and (7)(i) (as required by Federal UC law); and § 603.22 (to a requesting agency for purposes of an IEVS), a State or State UC agency must require the recipient to safeguard the information disclosed against unauthorized access or redisclosure, as provided in paragraphs (b) and (c) of this section, and must subject the recipient to penalties provided by the State law for unauthorized disclosure of confidential UC information.

(b) Safeguards to be required of recipients.

(1)  The State or State UC agency must:

(i)  Require the recipient to use the disclosed information only for purposes authorized by law and consistent with an agreement that meets the requirements of § 603.10;

(ii)  Require the recipient to store the disclosed information in a place physically secure from access by unauthorized persons;

(iii)  Require the recipient to store and process disclosed information maintained in electronic format, such as magnetic tapes or discs, in such a way that unauthorized persons cannot obtain the information by any means;

(iv)  Require the recipient to undertake precautions to ensure that only authorized personnel are given access to disclosed information stored in computer systems;

(v)  Require each recipient agency or entity to:

(A)  Instruct all personnel having access to the disclosed information about confidentiality requirements, the requirements of this subpart B, and the sanctions specified in the State law for unauthorized disclosure of information, and

(B)  Sign an acknowledgment that all personnel having access to the disclosed information have been instructed in accordance with paragraph (b)(1)(v)(A) of this section and will adhere to the State's or State UC agency's confidentiality requirements and procedures which are consistent with this subpart B and the agreement required by § 603.10, and agreeing to report any infraction of these rules to the State UC agency fully and promptly,

(vi)  Require the recipient to dispose of information disclosed or obtained, and any copies thereof made by the recipient agency, entity, or contractor, after the purpose for which the information is disclosed is served, except for disclosed information possessed by any court.

Disposal means return of the information to the disclosing State or State UC agency or destruction of the information, as directed by the State or State UC agency. Disposal includes deletion of personal identifiers by the State or State UC agency in lieu of destruction. In any case, the information disclosed must not be retained with personal identifiers for longer than such period of time as the State or State UC agency deems appropriate on a case-by-case basis; and

(vii)  Maintain a system sufficient to allow an audit of compliance with the requirements of this part.

(2)  In the case of disclosures made under § 603.5(d)(2) (to a third party (other than an agent) or disclosures made on an ongoing basis), the State or State UC agency must also—

(i)  Periodically audit a sample of transactions accessing information disclosed under that section to assure that the entity receiving disclosed information has on file a written release authorizing each access. The audit must ensure that the information is not being used for any unauthorized purpose;

(ii)  Ensure that all employees of entities receiving access to information disclosed under § 603.5(d)(2) are subject to the same confidentiality requirements, and State criminal penalties for violation of those requirements, as are employees of the State UC agency.

(c) Redisclosure of confidential UC information.

(1)  A State or State UC agency may authorize any recipient of confidential UC information under paragraph (a) of this section to redisclose information only as follows:

(i)  To the individual or employer who is the subject of the information;

(ii)  To an attorney or other duly authorized agent representing the individual or employer;

(iii)  In any civil or criminal proceedings for or on behalf of a recipient agency or entity;

(iv)  In response to a subpoena only as provided in § 603.7;

(v)  To an agent or contractor of a public official only if the person redisclosing is a public official, if the redisclosure is authorized by the State law, and if the public official retains responsibility for the uses of the confidential UC information by the agent or contractor;

(vi)  From one public official to another if the redisclosure is authorized by the State law;

(vii)  When so authorized by Section 303(e)(5), SSA, (redisclosure of wage information by a State or local child support enforcement agency to an agent under contract with such agency for purposes of carrying out child support enforcement) and by State law; or

(viii)  When specifically authorized by a written release that meets the requirements of § 603.5(d) (to a third party with informed consent).

(2)  Information redisclosed under paragraphs (c)(1)(v) and (vi) of this section must be subject to the safeguards in paragraph (b) of this section.

(d)  The requirements of this section do not apply to disclosures of UC information to a Federal agency which the Department has determined, by notice published in the Federal Register, to have in place safeguards adequate to satisfy the confidentiality requirement of Section 303(a)(1), SSA.