UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION J** |
| | * | |
| **This Document Applies to:** | * | **JUDGE BARBIER** |
| | * | |
| *No. 12-311, Cameron International* | * | **MAGISTRATE SHUSHAN** |
| *Corporation v. Liberty Insurance* | * | |
| *Underwriters, Inc., a/k/a Liberty* | * | |
| *International Underwriters* | | |

**ORDER**
**[As to Cameron's Motion for Attorneys' Fees and to Clarify Judgment (Rec. Doc. 13664)]**

On October 31, 2014, the Court issued a 31-page Order & Reasons that ruled on four motions for summary judgment and resolved all claims in the referenced member case. (Rec. Doc. 13583). In short, the Court held that Defendant Liberty Insurance Underwriters, Inc. ("LIU") breached its contract with its insured, Plaintiff Cameron International Corporation ("Cameron"), and was liable to Cameron in the amount of $50 million, the policy limits, plus interest and costs. However, the Court ruled in favor of LIU and against Cameron's claims for attorneys' fees under the contract and for attorneys' fees, damages, and/or penalties under the Texas Insurance Code. The Court issued a Judgment in accordance with these rulings on the same day. (Rec. Doc. 13588). Cameron subsequently filed a motion styled "Motion for Attorneys' Fees and to Clarify Judgment" (Rec. Doc. 13664), which is now before the Court. Pursuant to one of the standing pretrial orders in this multidistrict litigation, this motion was stayed and no responses due until the Court ordered otherwise. (Pretrial Order No. 15, Rec. Doc. 676). After reviewing the motion and in light of a concession by LIU respecting one of Cameron's requests, the Court has decided to rule on the motion without calling for a response.

Cameron's motion makes two requests. First, Cameron seeks an award of $3,389,445.96 in attorneys fees and other legal expenses. Second, Cameron asks the Court to clarify the Judgment with respect to the amount of prejudgment interest owed.

As to the first request, Cameron asserts that Texas law mandates the recovery of reasonable attorneys' fees whenever a plaintiff prevails in a breach of contract claim, as Cameron has done here. Merits aside, the Court finds that Cameron impliedly waived this argument. During summary judgment briefing, Cameron and LIU addressed the issue of whether Cameron could recover attorneys' fees for a violation of Chapter 541 of the Texas Insurance Code. (*See, e.g.*, Cameron Opp'n, Part I.B., Rec. Doc. 12342). The Court considered and rejected Cameron's argument as set forth in the October 31 Order & Reasons. (Rec. Doc. 13583 at 26-27, 30). The issue of attorneys' fees arose a second time on summary judgment when the parties argued over whether the insurance contract imposed on LIU the obligation to reimburse Cameron's attorneys' fees. (*See, e.g.,* Cameron Opp'n, Part II, Rec. Doc. 12342) Again, the Order & Reasons discussed and ultimately rejected Cameron's position. (Rec. Doc. 13583 at 24-25). Thus, the Court twice has considered and dismissed Cameron's theories regarding attorneys' fees.[1]  On a related note, the parties extensively briefed the issue of whether LIU breached the contract when it refused to contribute to or reimburse Cameron's settlement with BP, yet Cameron never argued that attorneys' fees could be recovered as a result of LIU's breach. (*See, e.g.*, Cameron Mot. for Summ. J., Parts I & II, Rec. Doc. 12440).

The Court has already expended considerable time and effort to resolve Cameron and LIU's dispute, which has included two claims for attorneys' fees. While this case involves a substantial

---

[1] Admittedly, Cameron's second theory concerns attorneys' fees incurred in the underlying multidistrict litigation, not attorneys' fees from the instant coverage suit, which are the subject of the first theory (the Chapter 541 claim) and Cameron's present motion.  Nevertheless, the point remains that the Court has already considered two theories by Cameron regarding attorneys' fees prior to the instant motion.

sum of money and no doubt is important to the litigants, it represents only a fraction of a percent of this massive and very active multidistrict litigation. The Court is simply not inclined to hear a third theory concerning LIU's purported liability for attorneys's fees when that theory could have been presented before the Court issued the Order & Reasons and Judgment. Accordingly, the Court finds that Cameron waived its present argument for attorneys' fees.

Turning to Cameron's second request, the Judgment entered on October 31, 2014 states in part that LIU is liable for "prejudgment interest pursuant to Texas law." (Rec. Doc. 13588). Cameron's asks the Court to clarify that LIU owes prejudgment interest at the rate of "5 percent per annum on the principal amount of $50 million for the period from January 30, 2012 [the date Cameron filed its complaint against LIU] through October 31, 2014," which Cameron claims is the proper amount under Texas law. (Rec. Doc. 13664-1 at 20). After Cameron filed this motion, LIU posted a supersedeas bond that calculated prejudgment interest at 5 percent. (Rec. Doc. 13727-1 at 2). In light of this, the Court inquired if LIU disagreed with Cameron's calculation for prejudgment interest. LIU's counsel responded that it does not.[2] Consequently, the Court will grant Cameron's second request.

For the reasons set forth above,

IT IS ORDERED that Cameron's Motion for Attorneys' Fees and to Clarify Judgment (Rec. Doc. 13664) is DENIED IN PART and GRANTED IN PART, as follows:

Cameron's request for attorneys' fees is DENIED;

Cameron's request for clarification is GRANTED and paragraph two of the Judgment entered on October 31, 2014 (Rec. Doc. 13588) is amended to read:

---

[2] To be clear, LIU does not concede that it is actually liable to Cameron for any amounts, including prejudgment interest.

3

As to Plaintiff's demand for damages for breach of contract, judgment is rendered in favor of Plaintiff Cameron International Corporation and against Defendant Liberty Insurance Underwriters, Inc. in the amount of fifty million dollars and zero cents ($50,000,000.00), plus prejudgment interest ~~pursuant to Texas law~~ <u>at a rate of five percent (5%) per annum calculated from January 30, 2012 through October 31, 2014,</u> and postjudgment interest pursuant to 28 U.S.C. § 1961.

The Judgment remains unchanged in all other respects.

New Orleans, Louisiana, this 12th day of December, 2014.

*[signature]*
United States District Judge

**Note to Clerk: File in No. 10-md-2179 and No. 12-311**