IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| Case Nos. 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | * * * | Magistrate Judge Shushan |

**BPXP'S RESPONSE TO THE STATE OF ALABAMA'S MOTION TO ENTER AN ORDER GOVERNING THE PRODUCTION OF CONFIDENTIAL INFORMATION**[1]

---

[1] Defendant Halliburton Energy Services, Inc. joins BPXP's Response.

Fed. R. Civ. P. 26(c) provides that a protective order shall issue only upon a showing of "good cause." As the movant, Alabama bears the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 (5th Cir. 1978) (holding that the court erred when it entered a protective order "upon a bare request from the government and without further inquiry"). Alabama has made no such showing. Instead, its brief is replete with conclusory allegations, all in an effort to avoid its own obligation to redact personal information ("PI") from the UC documents. Alabama provides no justification for its refusal (aside from it being "impractical"), yet it is clear that redaction would protect the confidentiality of PI and alleviate Alabama's unfounded fears of misuse. Alabama cannot have it both ways, and should not be allowed to shift its burden onto BPXP through its proposed protective order.

***First***, while BPXP agrees that parties should not *use* any PI contained in UC documents, Alabama's ¶ 12 imposes a blanket restriction on BPXP's right to *contact* UC claimants, and in actuality, requires UC documents to be searched for any potential "hits" prior to contacting *anyone*—a burdensome prerequisite. Further, ¶ 12 is overly broad and unfairly precludes BPXP from contacting persons whose names and PI happen to appear within the UC documents, but would otherwise be within BPXP's rights to contact (*e.g.*, any UC claimants that filed fraud claims or participated in focus groups). It also severely restricts BPXP's ability to prepare for litigation and develop trial strategy unless "permission" is first obtained from Alabama (*e.g.*, if a potential expert witness had filed a UC claim); BPXP should not be required to reveal its litigation strategy to Alabama in order to obtain written consent. ***Second***, Alabama's contention that BPXP would abuse the discovery standard and engage in "prying" is without merit. BPXP would prefer the PI to be redacted entirely and has made clear to Alabama that it would not contact claimants unless it had an

1

independent basis to do so.  Indeed, Alabama provides no support for its allegations that BPXP would harass or seek irrelevant information.  *Basco v. Wal-Mart Stores, Inc.*, No. CIV.A. 00-3184, 2002 WL 272384, at *4 (E.D. La. Feb. 25, 2002) (denying motion for protective order based on speculation).  **Third**, there is no legal basis—let alone good cause—for imposing the "seven requirements of § 603.9(b)(1), just as others who obtain this sensitive information must," aside from the *ipse dixit* of Alabama.  In fact, § 603.9(a) states—and Alabama concedes—that § 603.9(b)(1) is **not applicable** because the disclosure is made pursuant to this Court's order.  *See also* 20 C.F.R. 603.9(c) (exempting redisclosures "in any civil or criminal proceeding" and "in response to a subpoena" from the safeguards in § 603.9(b)).  Moreover, PTO 13 contains adequate safeguards to protect disclosed UC information, and sufficiently addresses Alabama's concerns.  *See e.g.*, PTO 13, at ¶¶ 5-6 (limiting persons with access), 7 (restricting use to *Deepwater Horizon* litigations), 10 (destroying disclosed UC information).  There is simply no justification for imposing heightened restrictions on BPXP's ability to make copies of, email, and store UC documents, which would prejudice BPXP's ability to work with experts and conduct a meaningful review of such documents.[2]  Under BPXP's proposal, BPXP must provide authorization (on an individual basis) in order for personnel to obtain access to a secure third-party document database, in which confidential UC information will be kept, *in addition to* the safeguard requirements of PTO 13.

To sum, Alabama's proposed order is not only wholly unnecessary, due to adequate safeguards provided in PTO 13, but also overly burdensome, unduly restrictive, and would lead to unnecessary delays.  Therefore, this Court should deny Alabama's motion, or, alternatively, enter BPXP's proposed order as it sufficiently addresses Alabama's concerns without prejudicing BPXP.[3]

---

[2] Even PTO 50, involving issues of national security, did not contain these restrictions.

[3] The best solution, of course, would be to require Alabama to comply with its obligation to redact confidential PI from UC documents "just as others . . . must."

2

Dated:  December 12, 2014

Respectfully submitted,
*/s/ Don K. Haycraft*_____
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #I6984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Maureen F. Browne
Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter, LLP
555 12th Street N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

*/s/ Donald E. Godwin*___
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

*Attorneys for Defendant Halliburton Energy Services, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of December, 2014.

                                                           /s/ Don K. Haycraft  
                                                           Don K. Haycraft