# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010

**This Pleading Relates To**
- **10-4182** (*Alabama v. BP*)
- **10-4183** (*Alabama v. Transocean, et. al*)
- **13-2645** (*Alabama v. Anadarko & MOEX*)
- **13-2646** (*Alabama v. Transocean*)
- **13-2647** (*Alabama v. Halliburton*)
- **13-2813** (*Alabama v. BP*)

MDL No. 2179
SECTION: J

JUDGE BARBIER
MAGISTRATE SHUSHAN

**[PROPOSED] PRETRIAL ORDER NO. ___**
**AMENDING PRETRIAL ORDER 36 TO GOVERN THE PRODUCTION OF**
**CONFIDENTIAL INFORMATION BY THE STATE OF ALABAMA**

Upon consideration of the State of Alabama's Motion for Entry of an Order Relating to the Production of Confidential Information and any opposition thereto, the Court hereby GRANTS the motion and ORDERS that:

1. "Confidential," Highly Confidential", "Objecting Party," and "Information" shall, for the purposes of this Order, have the same meanings that they have in Pretrial Order 13.

2. Except as otherwise stated in this Order, the State of Alabama shall produce, in response to a valid discovery request, otherwise discoverable information in its possession, custody, or control that is Confidential or Highly Confidential, in accordance with Pretrial Order 13, and such information shall be handled in accordance with the procedures in Pretrial Order 13.

3. "Submitting Entity" shall mean, for the purposes of this Order, any entity or individual that has submitted information to the State of Alabama which the entity or individual

claims is protected from public disclosure, or which the State of Alabama has informed the entity or individual would be protected from public disclosure by applicable Federal or State law.

4. If a Party requests otherwise discoverable information from the State of Alabama which a Submitting Entity has claimed is protected from public disclosure, the State of Alabama shall, based upon the claimed grounds of confidentiality, designate such information as "Confidential" or "Highly Confidential" pursuant to this Order and Pretrial Order 13.

5. If, pursuant to a valid discovery request, the State of Alabama produces otherwise discoverable information and designates such information as Confidential or Highly Confidential because a Submitting Entity claims that it is protected from public disclosure or because the State of Alabama has informed the Submitting Entity that it would be protected from public disclosure by applicable Federal law, and an Objecting Party raises an objection pursuant to Paragraph 9 of Pretrial Order 13, the State of Alabama shall, within 14 days, send notice to the Submitting Entity. The State of Alabama shall not be required to respond to the objection until 14 days after such notice has been sent to the Submitting Entity. The Submitting Entity shall be permitted to intervene to defend the designation pursuant to the procedures and standards set forth in Paragraph 9 of Pretrial Order 13.

6. This Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11), and 20 C.F.R. § 603.5(h); the Magnuson-Stevens Act, 16 U.S.C. § 1881a(b)(1)(D); and the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i).

7. Nothing in this Order or in Pretrial Order 13 shall be construed to compel the State of Alabama to produce information that, under law or agreement, it is prohibited from producing, including, inter alia, information protected from compelled disclosure by a Certificate

of Confidentiality or an Assurance of Confidentiality issued pursuant to the Public Health Service Act, 42 U.S.C. §§ 241(d), 242m(d), and/or CIPSEA; confidential substance abuse information protected by 42 U.S.C. §§ 290aa(n) or 290dd-2; visa application material protected by 8 U.S.C. § 1202(f); or information protected by Federal Rule of Criminal Procedure 6(e).

8. Pursuant to Federal Rule of Evidence 502(d), production of any record by a Federal or State agency in this litigation does not waive any Privacy Act protection of that record outside this litigation, including protections afforded by Federal Statute(s) (*see,* e.g., 5 U.S.C. 552a; 42 U.S.C. 1302, *et seq*), Federal Regulations (*see, e.g.*, 20 C.F.R. 603.1, *et seq*.), and State Statute(s)  (*see*, e.g., Code of Alabama, Sections 25-2-22 and 25-4-116); and any such record produced in this litigation must be strictly protected in accordance with this Order and Pretrial Order 13.

9. Otherwise discoverable information that is protected by the Privacy Act, including Confidential Unemployment Compensation ("UC") information, as defined in 20 C.F.R. 603.2(b), and Personally Identifiable Information (PII) which is defined as information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual, shall, in response to a valid discovery request, be designated as Confidential pursuant to Pretrial Order 13. Notwithstanding Paragraphs 5(K) and 7 of Pretrial Order 13, all such confidential UC information must be kept in accordance with the provisions of 20 C.F.R. 603.9(b)(1)(iv) and PII records must be destroyed or returned to the State of Alabama pursuant to Paragraph 10 of Pretrial Order 13 and 20 C.F.R. § 603.9(b)(1)(vi) and may not be used in any related proceeding absent a separate protective order authorizing their disclosure in such proceeding.

3

10. Neither this Order nor Pretrial Order 13 shall govern the production or designation of classified information, sensitive security information, technical data with military or space application, information on classified computer systems, or enforcement-sensitive government documents relating to ongoing criminal investigations.

11. Notwithstanding any federal or state statute or regulation, no agency, officer, employee or attorney of the State of Alabama shall be subject to any civil or criminal penalty or sanction relating to the disclosure of non-public information, provided that such disclosure is made pursuant to the terms of this Order and Pretrial Order 13.

12. ~~Defendants shall not contact any person whose personal information is contained within confidential UC information and PII records produced pursuant to this Order absent written consent of the State. Should the State withhold consent, the Court may allow Defendants to contact particular individuals for good cause shown.~~ Defendants shall not contact any person using personal information that is contained within confidential UC information and PII records provided through a Submitting Entity; provided however, that Defendants may use personal information to the extent that Defendants (i) already were in possession of, or had access to, the relevant personal information, or (ii) independently obtained the relevant personal information.

New Orleans, Louisiana this ___th day of _____, 2014.

_____
THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT COURT JUDGE

4