UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

MEMORANDUM IN SUPPORT OF
MOTION OF THE SPECIAL MASTER FOR RETURN OF
PAYMENTS MADE TO BOBBY LAMBERT, SR.

Special Master Louis J. Freeh moves to have claimant Bobby Lambert, Sr. ("Lambert") return $172,596.85 that the Deepwater Horizon Economic Claims Center ("DHECC") paid based on misrepresentations Lambert made to the DHECC.

Lambert sought recovery as an oyster boat captain and oyster vessel owner. In support of his claims, he presented the DHECC with two sworn statements and 2007, 2008, and 2009 tax "returns" reflecting alleged income from commercial oyster sales. Lambert, however, did not file the 2007 and 2009 "returns" with the Internal Revenue Service ("IRS"), and fraudulently altered the 2008 "return" before he submitted it to the DHECC. Lambert submitted other fraudulent documents to the DHECC, as well.

The Special Master seeks a judgment requiring Lambert to return to the DHECC $172,596.85 (less $43,149.21 already repaid by Lambert's former counsel). Lambert also should be prohibited from participating in any further seafood distributions.

The pre-filing conference with Lambert's former counsel resulted in counsel repaying $43,149.21 to the DHECC Trust Fund (representing the contingency fee that counsel received), but has not resolved the issues presented in this motion.

## A. *Background*

By order of September 6, 2013, this Court directed the Special Master to examine and investigate past or pending claims submitted to the DHECC which are deemed to be suspicious, and to initiate clawback proceedings of fraudulent claims. This Court retains continuing and exclusive jurisdiction over the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Settlement Agreement"), including supervision and oversight activities to ensure the integrity of the DHECC. *See* Settlement Agreement at ¶¶ 4.3.2, 4.3.10, 4.4.7 and 18.1. Disputes concerning enforcement of the Settlement Agreement are to be resolved by motion to the Court. *Id*. at ¶ 18.1.

## B. *The DHECC Claims*

On June 15, 2012, Lambert filed claims with the DHECC seeking compensation as an oyster vessel owner and oyster boat captain. In support of his claims, Lambert submitted numerous documents, as discussed below.

### 1. Seafood Income Documentation

On August 22, 2012, Lambert submitted a Sworn Written Statement for Sufficient Documentation of Benchmark Revenue ("SWS-1") stating that he landed $67,041 in oysters in 2008 and $57,340 in 2009. *See* Ex. A. On September 11, 2012, he submitted a second SWS-1 indicating "[t]he previously submitted SWS-1 is incorrect; it accidentally omitted 2007 income," and that "[s]upporting tax returns and trip tickets are on file."[1] *See* Ex. B. In his second SWS-1, Lambert claimed to have landed $70,108 in oysters in 2007. *See id*.

---

[1] Lambert submitted a summary from Pass Purchasing showing $3,016 in 2009 oyster sales, and hand written "receipts" purporting to record oyster sales of roughly $10,730 in 2008 and $9,143 in 2009. The Alabama trip ticket database reflects that Lambert had oyster sales of $226.24 in 2007, $688.22 in 2008, and $0 in 2009. The Florida, Louisiana and Texas databases contain no trip tickets for Lambert for those years.

Lambert submitted unsigned and undated Form 1040s for 2007, 2008, and 2009, identifying on Schedule C gross revenue from "commercial fishing" consistent with the revenue on his SWS-1's.  *See* Exs. C, D, E.

### 2. DHECC Payments

Relying on the information Lambert provided, the DHECC found that Lambert qualified for compensation of $88,946.29 on his oyster boat captain claim and $99,111.58 on his oyster vessel owner claim.  On November 14, 2012, the DHECC paid Lambert $88,946.29 on his boat captain claim and $83,650.56 on his vessel owner claim, after an offset for prior spill-related payments.

Lambert's former counsel received $43,149.21 from Lambert's claims pursuant to a contingency fee contract.  Counsel has repaid these fees in full to the DHECC Trust Fund.

### C. *Evidence of the Fraudulent Claims*

The totality of the record shows that there is no genuine issue as to any material fact and that the Special Master and the DHECC are entitled to a judgment as a matter of law. *See* Order & Reasons on Special Master's Motion for Return of Payment at 19 (Doc. Rec. 12794) (Apr. 29, 2014) (hereinafter "Order & Reasons").  Drawing an analogy to the procedures used by federal courts to determine summary judgment motions, a genuine issue of fact exists only where competent evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  No such doubt as to material facts exists in this case.  Judgment against Lambert is appropriate.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (opposing party must do more than simply allege some metaphysical doubt as to the facts).

Here, Lambert submitted fraudulent tax forms and SWS-1's to the DHECC that misrepresented and inflated his oyster sales. IRS transcripts provided to the DHECC, with Lambert's consent, reflect that Lambert did not file the 2007 or 2009 tax forms he submitted to the DHECC, or pay the taxes reflected on those forms. *See* Ex. F. For 2008, it appears that the IRS issued a notice that Lambert had not filed his tax return for 2008. *Id*. While a delinquent return was filed, the adjusted gross income reflected in the IRS transcript is $31,642, not $36,409 as shown in the 2008 Form 1040 that Lambert submitted to the DHECC. *See* Exs. D & F. The self-employment taxable income and tax also differ between the IRS transcript and the 2008 Form 1040 that Lambert provided to the DHECC. *Id*.

On October 16, 2014, investigators working for the Special Master met with Lambert's tax preparer who told investigators that she has prepared Lambert's taxes since 2011, when Lambert asked her to prepare his 2009 and 2010 "returns" because he needed them for his BP claim. The tax preparer told investigators she relied on notes Lambert provided to prepare these forms, and that she never filed any returns for Lambert. She also said that about six months after Lambert requested his 2009 and 2010 "returns," Lambert asked her to prepare his 2007 and 2008 tax "returns."

On October 2, 20, and December 2, 2014, investigators met with the office manager for Pass Purchasing who confirmed that Pass Purchasing bought $3,016 worth of oysters from Lambert in 2009, and had no records for purchases from Lambert in 2007 or 2008. Investigators also showed the office manager purported Pass Purchasing trip tickets from 2010 that Lambert submitted to the DHECC, which the office manager identified as being "completely bogus."

## D. *Legal Analysis*

1. Lambert Should Return All Funds Received
from the DHECC Because His Claims Were Fraudulent

The Court's power to order equitable remedies as a result of fraudulent conduct is a broad, flexible and long-standing power. *See Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 244 (1944) (affirming judicial power to set aside fraudulently begotten judgments as such cases present "a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society"); Order & Reasons at 21.

Here, the record plainly shows that Lambert misrepresented his oyster revenue to the Court-supervised DHECC so as to inflate his compensation. Lambert submitted false SWS-1s and fictitious tax forms he never filed with the IRS, which did not accurately reflect his income and were created solely to support his fraudulent claims. While he submitted documentation to show that he earned some oyster income, those records do not show that he earned anywhere near the oyster revenue he claimed to the DHECC. Lambert also submitted forged trip tickets from Pass Purchasing, further evidencing his intent to defraud the DHECC. Taken together, these factors indicate that Lambert's claims were fraudulent.

In light of the evidence, the Special Master seeks an order compelling Lambert to return payments made on his DHECC seafood claims. The return of these payments will make the DHECC whole, deprive Lambert of an unjust enrichment, and deter others from engaging in similar misconduct. *See* Order & Reasons at 22.

2.      <u>Lambert Is Not Entitled to Any Funds from the DHECC</u>

Lambert may argue that he should be permitted to retain some payments from his DHECC claims, as he submitted some evidence of oyster sales in 2007, 2008 and 2009. This Court should reject any such argument to maintain the integrity of the DHECC and the judicial process.

Designed to protect the integrity of the courts, judicial estoppel applies where a litigant knowingly takes a position plainly inconsistent with a prior position that had been advanced by the party and accepted by the court. *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547, 552 (5th Cir. 2011). The doctrine upholds the sanctity of the oath and prevents a litigant from "playing fast and loose with the courts" by, among other things, submitting self-contradictory evidence after having convinced a court to accept a stated position. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999); *American Nat'l Bank v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983).

Here, Lambert swore under penalty of perjury and convinced the court-supervised DHECC settlement program to accept the misrepresentations he made about his oyster sales. *See Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 399 (5th Cir. 2003) (doctrine may be applied when a party makes an argument with the explicit intent to induce the court's reliance). Lambert intentionally made false statements about his revenue. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). The DHECC accepted these representations and paid Lambert for his oyster boat captain and oyster vessel owner claims. Now that his fraud has been discovered, any attempt by Lambert to disavow his misrepresentations and sworn statements, should be rejected under the equitable doctrine of judicial estoppel.

Given Lambert's deception and the fact that he has remained silent about his fraud for more than two years after he received payment for his vessel owner claim and more than 20 months after he received compensation for his boat captain claim, the Court should not now accept a claim that some other measure of alleged loss should be used to compensate a party that deceived the DHECC.

### E. *Conclusion*

For the reasons stated in this memorandum, the Special Master seeks entry of a judgment requiring Lambert to make restitution to the DHECC for $172,596.85 it paid to him in reliance on Lambert's false representations, less the $43,149.21 Lambert's former counsel already has repaid to the DHECC Trust Fund. The Special Master further seeks an order that prohibits Lambert from participating in any further seafood distributions.

Respectfully submitted,

_____/s/_Louis J. Freeh_____
Louis J. Freeh
Special Master

Dated:   December 15, 2014