# EXHIBIT 2

## TO

## United States' Memorandum in Opposition to BPXP'S Motion to Exclude the Reports and Testimony of Dr. Fredric Quivik

1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   The Pinal Creek Group, et al.,          )    No. CV-91-1764-PHX-DAE (LOA)
                                            )
10              Plaintiffs,                  )    **ORDER**
                                            )
11  vs.                                      )
                                            )
12  Newmont Mining Corp., et al.,            )
                                            )
13              Defendants.                  )
                                            )
14  _____)

15          This matter arises on numerous motions *in limine* filed by the parties to this

16  litigation in anticipation of the bench trial on Phase II of this matter.  The parties have

17  collectively filed 19 motions *in limine*.  (docket #s 1777, 1785, 1786, 1788, 1790, 1791, 1792,

18  1793, 1794, 1795, 1796, 1797, 1798, 1799, 1800, 1801, 1802, 1803, and 1804).  The Court will

19  rule on the merits of one of these motions which concerns the release of sealed information in

20  due course.  (docket # 1796; Canadian Oxy's Motion For Access To All Court Records

21  Regarding Norris and Fetter)  The Court will, however, deny the remainder of the motions *in*

22  *limine* without prejudice to objecting to the challenged evidence or witness during the Phase II

23  trial to the bench and will do so at this time to eliminate unnecessary briefing and expense on

24  the subject motions.

25                              **ANALYSIS**

26          This matter is being tried in several phases.  The pending motions *in limine* pertain

27  to witnesses, opinions, exhibits and other evidence that may be offered in evidence during Phase

28  II which will be tried to the Hon. David A. Ezra, not a jury. A motion *in limine* is "[a] pretrial

1   request that certain inadmissible evidence not be referred to or offered at trial." Black's Law

2   Dictionary, 1038 (8th Ed. 2004).  Motions *in limine* are useful because they allow for the pre-

3   trial resolution of evidentiary disputes without having to present potentially prejudicial evidence

4   in front of a jury. Brodit  v. Cambra, 350 F.3d 985, 1004 (9th Cir. 2003) (Berzon, J.,

5   dissenting)(citations omitted).  Motions *in limine* "avoid the obviously futile attempt to 'unring

6   the bell'" once the evidence has been presented before the jury. Id. at 1005 (quoting Kelly v.

7   New W. Fed. Savs., 49 Cal.App.4th 659, 56 Cal.Rptr.2d 803, 808 (1996)).  Federal Rule of

8   Evidence 103 authorizes a district court to make "a definitive ruling on the record admitting or

9   excluding evidence, either at or before trial."  Fed.R.Evid. 103.  "Rule 103 does not require a

10  court to rule on a motion *in limine*." CFM Communications, LLC v. Mitts Telecasting

11  Company, 424 F.Supp.2d 1229, 1233 (9th Cir. 2005).  When presented with a pretrial motion

12  *in limine*, the trial court is forced "to decide the merits of introducing a piece of evidence

13  without the benefit of the context of trial." Id. (citing United States v. Marino, 200 F.3d 6, 11

14  (1st Cir. 1999) (recognizing that proffered evidence can be more accurately assessed in the

15  context of other evidence.).

16          As previously stated, the Phase II issues will be tried to the bench. Thus, the

17  rationale underlying pretrial motions *in limine* — keeping potentially prejudicial information

18  from the jury does not apply.  Judges are presumed to disregard inadmissible evidence and rely

19  on competent evidence. Plummer v. Western International Hotels Company, Inc., 656 F.2d 502,

20  505 (9th Cir. 1981)(citing E. Cleary, McCormick on Evidence § 60, at 137 (2d ed. 1972)).  In

21  view of the complexity of the issues in this case, the trial judge is better able to assess the

22  admissibility of evidence and witnesses in the context of the bench trial upon appropriate and

23  timely objection at the time of trial rather than four months or so before trial. The Court,

24  therefore, will deny the pending motions *in limine* except one without prejudice at this time.

25  Proceeding in this fashion will benefit, rather than prejudice, the parties because after the filing

26  of the detailed Final Pretrial Order and hearing opening statements, the trial judge will have

27  more information and understanding regarding the evidentiary issues at trial and will be better

28  able to rule upon the admissibility of evidence and objections at that time.

1       Accordingly,

2       **IT IS HEREBY ORDERED** that the following Motions *in Limine* are **DENIED**

3 without prejudice:  docket. #s 1777, 1785, 1786, 1788, 1790, 1791, 1792, 1793, 1794, 1795,

4 1797, 1798, 1799, 1800, 1801, 1802, 1803, 1804.

5       **IT IS FURTHER ORDERED** that the parties shall timely file Responses and

6 a Reply to Canadian Oxy's Motion For Access To All Court Records Regarding Norris and

7 Fetter etc. (docket # 1796), filed on June 23, 2006.

8       DATED this 26th day of June, 2006.

9

10                    Lawrence O. Anderson

11                    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  William W. Pearson, SBN 012845
   Pamela S. Gates, SBN 017234
2  BRYAN CAVE LLP, #00145700
   Two North Central Avenue, Suite 2200
3  Phoenix, Arizona 85004-4406
   Telephone:  (602) 364-7000
4  Fax:  (602) 364-7070
   E-mail:  wwpearson@bryancave.com
5  E-mail:  psgates@bryancave.com
   Attorneys for Plaintiff BHP Copper Inc.

6

7

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF ARIZONA

10

11

| | |
|---|---|
| The Pinal Creek Group, consisting of Phelps Dodge Miami, Inc., Inspiration Consolidated Copper Company and BHP Copper Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Newmont Mining Corporation, Occidental Petroleum Corporation, CanadianOxy Offshore Production Company, and Atlantic Richfield Company, <br><br> Defendants. | No. CIV 91-1764 PHX DAE (LOA) <br><br> **BHP COPPER INC.'S JOINDER WITH CANADIANOXY OFFSHORE PRODUCTION COMPANY'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINIONS, RELATED EXHIBITS, AND TESTIMONY OF FREDERIC L. QUIVIK FROM THE PHASE II TRIAL** |

        BHP Copper Inc. ("BHP") joins CanadianOxy Offshore Production Company's

("CanadianOxy") Motion in Limine to Exclude Expert Opinions, Related Exhibits, and

Testimony of Frederic L. Quivik ("CanadianOxy's Motion").  Specifically, BHP joins in

requesting that this Court preclude Phelps Dodge Miami, Inc. ("PDMI") and Inspiration

Consolidated Copper Company ("Inspiration") from improperly injecting Dr. Quivik's

Phase I opinions into the Phase II trial.  Moreover, BHP joins CanadianOxy's request that

this Court preclude PDMI and Inspiration from introducing the more than 100 potential

exhibits related to Quivik's Phase I reports.

550392.2

1       On February 10, 2006, PDMI and Inspiration provided BHP and CanadianOxy

2  with an untimely disclosure of their intent to offer, in the Phase II trial, Quivik's Phase I

3  opinions regarding the "technological history and development of mining practices in the

4  Globe-Miami district, in particular the historic mining practices developed and

5  implemented at the Inspiration mine".   If PDMI and Inspiration intended to inject

6  Quivik's Phase I opinions into the Phase II trial, they had an obligation to advise the

7  Parties and comply with the disclosure requirements of the Federal Rules of Civil

8  Procedure.  BHP was unaware of PDMI and Inspiration's intent to offer Quivik's Phase I

9  opinions in the Phase II trial until February 10, 2006.

10      In fact, contrary to PDMI and Inspiration's recent disclosure, BHP received a

11  letter agreement from PDMI and Inspiration stating that they would not call Dr. Quivik as

12  a witness against BHP in the Phase II litigation.  See Letter attached as Exhibit A.

13      Although PDMI and Inspiration may claim that Dr. Quivik's anticipated testimony

14  is factual background, BHP believes that Dr. Quivik's testimony will be offered as

15  alleged historical support for PDMI and Inspiration's allocation theories, which BHP

16  asserts are scientifically unfounded and incorrect.

17      For the reasons set forth above and asserted in greater detail in CanadianOxy's

18  Motion, this Court should preclude PDMI and Inspiration from introducing at the Phase

19  II trial, Quivik's testimony, his expert reports, and the potential exhibits related to his

20  reports.

21      RESPECTFULLY SUBMITTED this 23rd day of June 2006.

22                                          BRYAN CAVE LLP

23

24                                          By: s/William W. Pearson
                                                William W. Pearson
25                                              Pamela S. Gates
                                                Two North Central Avenue, Suite 2200
26                                              Phoenix, AZ 85004-4406
27                                              Attorneys for BHP Copper Inc.

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

550392.2

**CERTIFICATE OF SERVICE**

1

2       I hereby certify that on this 23rd day of June, 2006, I caused the attached document

3 to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing

4 and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

5

6 Frederic D. Bellamy, Esq.
Steptoe & Johnson LLP

7 201 E. Washington Street, 16th Floor
Phoenix, Arizona 85004-2382

8 Attorneys for Phelps Dodge Miami, Inc.

9 and Inspiration Consolidated Copper Co.

10 J. Stanton Curry, Esq.
Gallagher & Kennedy, PA

11 2575 East Camelback Road

12 Phoenix, Arizona 85016-9225
Attorneys for Phelps Dodge Miami, Inc.

13

14 Shane R. Swindle, Esq.
Perkins Coie Brown & Bain, P.A.

15 2901 North Central Avenue
P.O. Box 400

16 Phoenix, Arizona 85004-0400

17 Attorneys for CanadianOxy Offshore Production Co.

18 Michael G. Romey, Esq.
Latham & Watkins LLP

19 633 W. Fifth Street, Suite 4000

20 Los Angeles, California 90071-2007
Attorneys for CanadianOxy Offshore Production Co.

21

22       I hereby certify that on this 23rd day of June, 2006, I caused the attached document

23 to be hand delivered and/or electronically transmitted to the following:

24

25 The Honorable David A. Ezra
United States District Court for the District of Hawaii

26 300 Ala Moana Blvd., Room C-400

27 Honolulu, Hawaii 96850

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

550392.2

3

1    The Honorable Lawrence O. Anderson

2    United States District Court

      Sandra Day O'Connor U.S. Courthouse, Suite 322

3    401 West Washington Street, SPC 11

4    Phoenix, Arizona 85003-2154

5

6    By:     s/Tracy Strachan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

550392.2

4

# EXHIBIT A



Michael D. Guinan
Direct: (602) 364-7310
mdguinan@bryancave.com

December 6, 2004

**VIA E-MAIL (bade@az-law.com)**

Bridget Shelton Bade
Beshears, Wallwork & Bellamy
2700 North Central Avenue, 12th Floor
Phoenix, Arizona  85004-1169

Re:  *The Pinal Creek Group v. Newmont Mining Corporation, et al.*

Bryan Cave LLP
One Renaissance Square
Two North Central Avenue
Suite 2200
Phoenix, AZ 85004-4406
Tel (602) 364-7000
Fax (602) 364-7070
www.bryancave.com

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Riyadh
Shanghai
St. Louis
United Arab Emirates (Dubai)
Washington, DC

*And Bryan Cave,*
*A Multinational Partnership,*
London

Dear Bridget:

Since the oral argument is tomorrow, I thought I better get you the letter I mentioned several months ago.  Please sign a copy of this letter and return it to me.

Consistent with the parties' exchange of E-mails, attached as Exhibit A hereto, Phelps Dodge Miami, Inc. ("PDMI"), Inspiration Consolidated Copper Company ("Inspiration"), and BHP Copper Inc. ("BHP") agree as follows:

1.  BHP will not oppose any of the experts PDMI and Inspiration want to call in the ARCO Phase 1 trial.

2.  In exchange, PDMI and Inspiration agree that they will not call Professor Quivik as a witness against BHP in any subsequent allocation trials or proceedings and they will not attempt to use anything Professor Quivik says in the Phase 1 trial or any other trial or proceeding against BHP in later trials or proceedings relating to the Pinal Creek site.

Best regards and AGREED,

Michael D. Guinan

MDG:dai
Enclosure

AGREED this 7th day of December 2004:

Bridget S. Bade, for PDMI and Inspiration

468471.3