UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "*Deepwater* | : | MDL No. 2179 |
| *Horizon*" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: 10-4536 | : | Honorable CARL J. BARBIER |
| …………………………………………... | : | Magistrate Judge SHUSHAN |

**UNITED STATES' MEMORANDUM IN
OPPOSITION TO BPXP'S MOTION TO EXCLUDE
THE REPORTS AND TESTIMONY OF IAN RATNER**

## [PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................... 1

PROCEDURAL HISTORY ........................................................................................... 1

ARGUMENT ................................................................................................................ 4

    I.     Mr. Ratner's Testimony Is Admissible Under Rule 702 ...................................... 4

          A.    The Subject Matter Is Appropriate for Expert Testimony .......................... 4

          B.    Mr. Ratner Has Specialized Knowledge That Will Help the Court ............ 5

          C.    Mr. Ratner's Testimony is Based on Sufficient Facts and Data ................. 7

                 1.    A Valuation of BPXP Is Not Needed To Show That BPXP
                        Can Pay $18 Billion ........................................................................ 7

                 2.    Mr. Ratner Could Not Value BPXP Because BPXP
                        Refused To Produce the Relevant Information ............................... 9

          D.    Mr. Ratner's Opinions Are the Result of a Reliable Method
              Applied Reliably, and Do Not Require Models ....................................... 10

    II.    Mr. Ratner's Opinions Is Relevant to BPXP's Ability To Pay $18 Billion
        and the Economic Impact Such a Penalty Would Have on BPXP and BP ........... 12

          A.    Mr. Ratner Does Not Speculate About What the BP Group Might
              Do ........................................................................................................... 13

          B.    Mr. Ratner's Discussion of the Long-Term Impact of a Penalty
              Does Not Contradict the Clean Water Act ............................................. 14

CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

**STATUTES**

33 U.S.C. § 1321(b)(8) ...........................................................................................1

**FEDERAL CASES**

*Atl. States Legal Found., Inc. v. Universal Tool & Stamping Co.*, 786 F. Supp. 743 (N.D. Ind. 1992) .................................................................................13

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).......................1, 5, 7

*Idaho Conservation League v. Atlanta Gold Corp.*, 879 F. Supp. 2d 1148 (D. Idaho 2012) .......................................................................................13

*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 841 F.Supp.2d 988 (E.D.La. 2012)...........................................15

*Kelly v. United States*, 203 F.3d 519, 523 (7th Cir. 2000)..................................15

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)....................................10

*PIRG v. Powell Duffryn Terminals, Inc.*, 720 F. Supp. 1158 (D.N.J. 1989), rev'd in part on other grounds, 913 F.2d 64 (3rd Cir. 1990)..................................14

*ProtoComm Corp. v. Novell Advanced Servs., Inc.*, 171 F. Supp. 2d 473 (E.D. Pa. 2001); ................................................................................................4

*Ruiz Trocha v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F. 3d 77 (1st Cir. 1998) .......................................................................................5

*Tuf Racing Prod., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585 (7th Cir.2000)..............4

*Tull v. United States*, 481 U.S. 412 (1987) ....................................................15

*United States v. Citgo Petroleum Corp.*, 2011 WL 10723934 (W.D. Sept. 29, 2011), *vacated and remanded,* 723 F.3d 547 (5th Cir. 2013).......................................13

*United States v. Gulf Park Water Co.*, 14 F. Supp. 2d 854 (S.D. Miss 1998)...................14

*United States v. Mun. Auth. of Union Twp. ("Dean Dairy")*, 150 F.3d 259 (3rd Cir. 1998) .......................................................................................13

*Walden v. City of Chicago*, 755 F. Supp. 2d 942 (N.D. Ill. 2010)................................5, 6

*Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135 (S.D.N.Y. 2003) ....................4,9

**FEDERAL RULES**

Fed. R. Evid. 401 ........................................................................................................14

Fed. R. Evid. 702 ...............................................................................................1, 10, 12

**OTHER AUTHORITIES**

29 Charles Alan Wright et al., *Federal Practice and Procedure* § 6262 (1st ed. 1997) ...............................................................................................................5

29 Charles Alan Wright et al., *Federal Practice and Procedure* § 6264 (1st ed. 1997) ...............................................................................................................4

Shannon P. Pratt, *Valuing a Business*, 5th Edition, McGraw Hill at 40–44 .........................8

Uniform Standards of Professional Appraisal Practice, Standards Rule 9-2 ......................8

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

## [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

# [REDACTED PENDING MOTION TO FILE UNDER SEAL]

The United States has moved to file the above-captioned Memorandum under seal per Paragraph 8.B of MDL No. 2179 Pre-Trial Order # 13 (Order Protecting Confidentiality), which mandates that documents which have been designated as "Confidential" or "Highly Confidential" must be filed under seal.

Respectfully submitted,

JOYCE BRANDA
Acting Assistant Attorney General
Civil Division
PETER FROST
Director, Torts Branch, Civil Division
Admiralty and Aviation
SHARON SHUTLER
MALINDA LAWRENCE
LAURA MAYBERRY
Trial Attorneys
R. MICHAEL UNDERHILL, T.A
Attorney in Charge, West Coast Office

SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division
SARAH HIMMELHOCH
Senior Litigation Counsel for E-Discovery
MICHAEL MCNULTY
Senior Counsel
NANCY FLICKINGER
Senior Attorney
PATRICK CASEY
RICHARD GLADSTEIN
DANIEL S. SMITH
Senior Counsel
ABIGAIL ANDRE
A. NATHANIEL CHAKERES
ANNA CROSS
RACHEL HANKEY
JUDY HARVEY
RACHEL KING
ERICA PENCAK
BRANDON ROBERS
GORDON YOUNG
Trial Attorneys

/s/ Sarah Himmelhoch
_____
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone:  202-514-2779
Facsimile:  202-514-2583
E-mail:  steve.o'rourke@usdoj.gov
KENNETH A. POLITE, JR.
United States Attorney
Eastern District of Louisiana
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12.

Date:  December 15, 2014.                                /s/ Sarah Himmelhoch
                                                         U.S. Department of Justice