# Exhibit 7

# to

**UNITED STATES' MEMORANDUM IN
OPPOSITION TO BPXP'S MOTION TO EXCLUDE
THE REPORTS AND TESTIMONY OF IAN RATNER**

Ex 12286
Worldwide
Court Reporters, Inc.

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Hariklia Karis, P.C.
To Call Writer Directly:
(312) 862-2330
hariklia.karis@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

May 16, 2014

**VIA EMAIL**

Honorable Judge Sally Shushan
United States Magistrate Judge
Eastern District Court of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:   MDL 2179 Penalty Phase Witnesses

Dear Magistrate Judge Shushan:

I write in response to the Court's instruction to identify the roles of the 16 individuals listed in my email to the Court of Wednesday, May 14, 2014. In addition to providing those descriptions, we want to clarify BPXP's position for each of these witnesses in response to Mr. O'Rourke's letter of last night and email today.

**Rule 30(b)(6) Witnesses**:

The United States has served Rule 30(b)(6) requests for 7 different topics, consisting of many more sub-parts. Two of those requests with 15 separate sub-parts in total that pertain exclusively to the Economic Impact factor. (*See* Ex. A, Rule 30(b)(6) Topic #5(a)-(f) and 6(a)-(i)).

BPXP has agreed to produce witnesses for Topics 1-6 subject to the objections discussed and to be served on May 21, 2014, in accordance with the Court's schedule. With respect to Topic #7, BPXP has offered to resolve the request by providing responsive documentation and BPXP's understanding is that the United States is considering BPXP's proposal.

BPXP has designated the following individuals to testify in response to the US' Rule 30(b)(6) discovery:

(1) *Richard Morrison:* Mr. Morrison is Regional President Gulf of Mexico. He served as BPXP's Deputy Area Commander during the *Deepwater Horizon* Response, providing leadership on logistics, operational support, and other issues. He will

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 16, 2014
Page 2

> testify regarding the technological and other advancements developed in drilling and response activities and the positive impact of BPXP on the Gulf economy and community, specifically as requested in U.S. Rule 30(b)(6) Topic #1, 2 (Ex. A)
>
> To avoid any confusion, Mr. Morrison previously has been deposed in MDL 2179 for 2 days on October 18-19, 2011. Per the United States' position that previously deposed witnesses cannot be re-deposed in this phase of the litigation, BPXP seeks to confirm that Mr. Morrison's deposition will be limited to the topics for which he is designated as a corporate representative. BPXP reserves the right to call Mr. Morrison to testify as a fact witness at trial regarding his personal knowledge of any and all issues relevant to the Penalty Phase.
>
> (2) *Laura Folse*: Laura Folse is the Executive Vice President for Response and Environmental Restoration for the Gulf Coast Restoration Organization. Since August, 2010, Ms. Folse has led or overseen BPXP's science team investigating the impacts from the *Deepwater Horizon* incident. Since September, 2012, working with the Unified Command, Ms. Folse has led BPXP's efforts to undertake and complete Response Activities related to the incident. Finally, Ms. Folse is responsible for overseeing the company's participation in the Natural Resource Damages Assessment ("NRDA") process, including Early Restoration. Ms. Folse will testify in response to U.S. Rule 30(b)(6) Topic 3, Ex. A.
>
> (3) *Mike Utsler:* Mike Utsler was the BPXP Incident Commander of the Houma Incident Command Post ("ICP"), which oversaw surface response operations across the Gulf (including surface dispersant application, skimming, and controlled *in situ* burning) and shoreline protection efforts in Louisiana. He was the BPXP Incident Commander for the Unified Area Command. From 2011 through 2013, Mr. Utsler served as President of the Gulf Coast Restoration Organization ("GCRO"), which oversaw remaining response activities and restoration projects. Mr. Utsler will testify in response to U.S. Rule 30(b)(6) Topic 4, Ex. A.
>
> (4) *David Bucknall*: David Bucknall is the BP p.l.c. Group Treasurer. Mr. Bucknall's areas of knowledge include the management of aspects of the BP Group's finances, intercompany capital flows, and access to external capital, including in connection with certain liabilities associated with the Deepwater Horizon Incident. Mr. Bucknall will testify in response to U.S. Rule 30(b)(6) Topic 5(a)-(f), Ex. A.
>
> (5) *Brian Smith*: Brian Smith is Vice President Structured Finance Western Hemisphere and serves as Chief Financial Officer for BP America. Mr. Smith's areas of knowledge include the management of aspects of the capital structure and

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
May 16, 2014
Page 3

> intercompany capital flows with respect to BP Corporation North America Inc. and BP America Inc. Mr. Smith will testify in response to U.S. Rule 30(b)(6) Topic 6(a)-(i), Ex. A.

BPXP has provided deposition dates for each of the above individuals. It has not yet determined whether any of the above individuals will be called to testify at trial as fact witnesses as discovery is just getting underway. As such, BPXP does not object to these individuals being deposed on the same date as their corporate representative depositions about their personal knowledge, with the exception of Mr. Morrison for the reasons stated above.

**Fact Witnesses:**

BPXP has withdrawn numerous witnesses disclosed in its initial Rule 26 disclosures and continues to withdraw individuals as more information becomes known. BPXP has not withdrawn the following individuals as it does not yet know if they will be called to testify at trial as fact witnesses:

(1) *Mike Robertson:* Mike Robertson is the Director of Finance and Performance Management for the Gulf Coast Restoration Organization. Mr. Robertson's areas of knowledge include the financial position of BPXP as reflected in its trial balances and quarterly financial reports and the Incident-related and Response-related expenditures of BPXP, including the tracking of BPXP's costs, liabilities, and intercompany payables relating to the *Deepwater Horizon* Incident. Mr. Robertson also has knowledge of liabilities incurred by BPXP in connection with its non-Deepwater-Horizon-related operating activities.

(2) *Dr. Richard Heron:* Dr. Richard Heron currently holds the position of Vice President Health and Chief Medical Officer at BP p.l.c. Dr. Heron's responsibilities include oversight of occupational health and hygiene and some focus on public and community health in the locations where BP operates. In the aftermath of the DWH incident, Dr. Heron worked with the Unified Command and U.S. government personnel to analyze and respond to potential impacts of the spill on human health.

(3) *Danny Wallace:* Mr. Wallace served as the BPXP Deputy Incident Commander at the Houma ICP and in 2012 became the BPXP Incident Commander of the Unified Area Command. Mr. Wallace worked with the Unified Command to oversee response operations, and he is knowledgeable about BPXP's collaboration with the Unified Command and efforts to respond to, and mitigate and prevent the effects of, the *Deepwater Horizon* spill.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 16, 2014
Page 4

(4)   *Tom Zimmer.* Mr. Zimmer served as the Incident Commander of the Mobile ICP, which directed response operations in Alabama, Mississippi and Florida. In September 2010, Mr. Zimmer became the Deputy Incident Commander for the Gulf Coast Incident Management Team. Through these positions, Mr. Zimmer is knowledgeable about BPXP's efforts to respond to, mitigate and prevent the effects of, the *Deepwater Horizon* spill.

(5)   *Iris Cross:* Ms. Cross currently serves as the General Manager of National Programs and Community for BP America Inc. During the *Deepwater Horizon* Response, Ms. Cross was involved in managing BPXP's community outreach efforts, including with state and local governments, organizations, individuals and communities of the Gulf. She has knowledge of efforts to respond to, and mitigate the effects of, the spill, including, for example, community outreach centers established by BPXP and grants provided to local governments and non-profit organizations.

(6)   *Dr. Elliott Taylor.* Dr. Taylor is a Principal at Polaris Applied Sciences, Inc., an environmental consulting firm that was retained by BPXP to assist with shoreline protection efforts during the *Deepwater Horizon* Response. Dr. Taylor served as the Lead Technical Advisor for the Shoreline Cleanup Assessment Technique ("SCAT") during the Response. He has information concerning BPXP's efforts to protect the shoreline, and assess, cleanup, and monitor shoreline oiling on the Gulf Coast, as well as shoreline impacts and the effectiveness of shoreline treatment.

(7)   *Duane Wilson:* Following the Texas City refinery incident, Mr. Wilson was a member of the BP U.S. Refineries Independent Safety Review Panel, chaired by James A. Baker III (the "Baker Panel"). From 2007-2012, Mr. Wilson served as the Independent Expert to monitor and report annually on the progress made toward implementation of the recommendations of the Baker Panel. Accordingly, Mr. Wilson has knowledge regarding the findings and recommendations of the Baker Panel, as well as his independent assessment of and reports on the progress in implementing those recommendations.

As I noted in my previous email, BPXP objects to the US' request for Mr. Wilson's deposition because his potential testimony relates to the Texas City incident, and the US has represented that it does not intend to take any discovery relating to the "prior violations" factor. (*See, e.g.*, March 21, 2014 Transcript, at 20.) Contrary to the US' contention, BPXP is not attempting "to supplement the extensive fact discovery" relating to the Texas City incident. Mr. Wilson's annual

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 16, 2014
Page 5

> reports, which were all publicly available when issued, were the subject of discovery in Phase 1, as were minutes of the Safety, Ethics and Environment Assurance Committee relating to those reports. Having put the Texas City incident at issue, the United States cannot now complain that testimony from Mr. Wilson relating to his findings and the contents of his reports would be an unfair surprise.

With respect to the remaining witnesses, BPXP continues to work towards further limiting its list of potential fact witnesses recognizing the Court's admonition that discovery should be limited. In the interim, in the interest of cooperation, BPXP will provide deposition dates for the above witnesses by Tuesday at the latest if it has not withdrawn them from its disclosures.

### Fact Witnesses From United States' Rule 26(a) Disclosures

> *(1) Brenda Pennington:* Brenda Pennington served on the Board of Directors of BPXP from November 1, 2009 to January 14, 2011.

> *(2) Denise Robinson:* Denise Robertson served on the Board of Directors of BPXP from November 1, 2009 to January 14, 2011.

BPXP has explained to the U.S. that these witnesses are entirely duplicative of each other. They served on the Board at the exact same time. BPXP is in the process of developing a proposal to avoid the depositions of these two witnesses and requests the Court's permission to propose a solution by the middle of next week.

### Fact Witnesses Withdrawn By BPXP Whose Depositions Are Requested

> *(1) Nick Bamfield:* Nick Bamfield is the BP p.l.c. Deputy Group Treasurer, reporting directly to David Bucknall whose role is described above and whose deposition is being taken as a corporate representative as discussed above. In his position, Mr. Bamfield provides assistance to Mr. Bucknall with respect to the management of aspects of the BP Group's finances, intercompany capital flows, and access to external capital including in connection with certain liabilities associated with the *Deepwater Horizon* incident.

> *(2) Jared Hogue:* Jared Hogue is Manager Group Funding Americas, in which position he provides assistance to Mr. Smith with respect to the management of aspects of the capital structure and intercompany capital flows with respect to BP Corporation North America Inc. and BP America Inc.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 16, 2014
Page 6

      Neither of these individuals were listed in the US's Rule 26(a) initial disclosures. BPXP listed these individuals along with many others when it submitted its initial disclosures as it worked diligently towards identifying witnesses who may have knowledge and whom it may rely upon at trial. Then, as additional information has become known and following the instruction of the Court to limit discovery, discussed below, BPXP withdrew both of these individuals from its Rule 26(a) disclosures.

      As demonstrated by the above discussion, and to avoid any misunderstanding, BPXP is not asserting that no fact witnesses who overlap with corporate representative topics should be permitted to testify, as the US suggests. BPXP has agreed to provide several witnesses listed above. But, the United States now seeks the depositions of ***all 5 economic impact witnesses identified in BP's disclosures, plus two additional witnesses, all who overlap on a single penalty factor:*** (1) David Bucknall; (2) Nick Bamfield; (3) Brian Smith; (4) Jared Hogue; (5) Mike Robertson; (6) Denise Robertson; and (7) Brenda Pennington. This request is excessive and cumulative, especially given the broad nature of the United States' Rule 30(b)(6) #5, and #6, and potentially Topic #7 if the US doesn't agree to accept documents in lieu of testimony, all relating to this same factor.

      The deadlines set in the Court's Case Management Order reflect what it has previously stated is its objective for the Penalty Phase discovery: "to make sure that any discovery that's necessary is focused and targeted to what's really necessary and important." (March 21, 2014 Hearing Tr. at 13, Ex. B). Judge Barbier has also stated, in connection with the US's discovery on economic impact, ***"I think that the government's request for discovery seemed way, way tremendously overbroad, beyond the scope of what is necessary here."*** (March 21, 2014 Hearing Tr. at 50, Ex. C). The request for 7 deponents – all 5 listed on BPXP's Rule 26(a) disclosures relating to Economic Impact plus 2 listed on the US's disclosures – hardly satisfies the spirit of the Court's admonition.

      The United States asserts now that because these individuals have written a particular document produced in earlier phases of discovery, it should be allowed to take cumulative depositions. First, these documents disprove any assertion that the economic impact factor is a "black box." They also prove that the United States had information regarding these witnesses when it made its Rule 26(a) disclosures. In light of the Court's instruction that the parties should conduct limited discovery, and the limited period of 6 weeks to complete the depositions, the United States should not be able to depose these individuals who it never disclosed, and who BPXP as confirmed it will not call at trial.

      Moreover, the United States states that it seeks Mr. Hogue's deposition because he is identified in BPXP's disclosures as "the custodian for the loans that BPXP produced" and it is

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
May 16, 2014
Page 7

"trying to learn about how the BP Group is able to leverage funds across Group entities." But the United States' Rule 30(b)(6) Topics (4), and 5(a)-(b) seek the same information.

The United States also claims it requires the deposition of Mr. Bamfield because he has knowledge of "'BP p.l.c. Group results Second quarter and half year 2010", and drafted a document that relates to "how BP has flexibility and capitol to meet its financial costs." Once again, the United States' Rule 30(b)(6) topic 5(a) and (c) seek precisely the same information. Moreover, there is absolutely nothing to suggest that the Group Treasurer, Mr. Bamfield's boss, David Bucknall, does not have access to the very same information.

In short, the United States does not deny that the topics for which they seek witness testimony are cumulative of the Rule 30(b)(6) topics it has served on BPXP and the document requests it has served. Indeed, despite the Court's request to speak to the issue of the 30(b)(6) topics, the United States' letter is surprisingly silent on this issue.

Finally, the United States now complains that BPXP is seeking to depose individuals from the United States that it will not call at trial. One significant difference is that BPXP satisfied its obligations and disclosed these individuals in BPXP's Rule 26(a) disclosures. Furthermore, it has dropped several of the individuals who were government employees who BPXP disclosed.

Sincerely,

/s/Hariklia Karis, P.C.

Hariklia Karis, P.C.

hk


cc: Deepwater Horizon Penalty Phase Counsel