UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Pleading Relates To<br>• **10-4182** (*Alabama v. BP*)<br>• **10-4183** (*Alabama v. Transocean, et. al*)<br>• **13-2645** (*Alabama v. Anadarko & MOEX*)<br>• **13-2646** (*Alabama v. Transocean*)<br>• **13-2647** (*Alabama v. Halliburton*)<br>• **13-2813** (*Alabama v. BP*) | MDL No. 2179<br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

# THE STATE OF ALABAMA'S REPLY BRIEF REGARDING CONFIDENTIALITY OF LABOR AND ADECA DOCUMENTS

LUTHER J. STRANGE
 *Attorney General*

COREY L. MAZE
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email:  cmaze@ago.state.al.us

Attorneys for the State of Alabama

   **1. "Good Cause" for PTO:**  Protecting sensitive PII and UC information and complying with a host of federal statutes and regulations, none of which BP claims are inapplicable, satisfies any "good cause" requirement for entering a protective order—just as the same rationales supported entry of PTO 36, which governs sensitive, protected health information.

   **2. "Good Cause" for Contacting Individuals (¶12):**  At the very least, the Court's order should require BP to provide the Court with "good cause" before contacting individuals identified by the covered documents; otherwise the protective order isn't "protective" at all.  If BP has a "potential expert witness" that filed for unemployment compensation in Alabama—and we doubt it—BP can establish good cause by pointing the Court to that person's name on its October 3 list of potential experts.  BP Br. 1.  Or, if a person filed a "fraud claim" or participated in a BP "focus group," *id.*, BP might establish good cause by providing the Court with a list of such persons.

   **3. Protection and Dissemination of Documents (¶9):**  BP claims that, under its proposal, UC information would be stored in a "third-party document database" and that BP "must provide authorization (on an individual basis)" for persons to access that database.  BP Br. 2.  This claim has two problems.  First, BP fails to include this "third-party document database" requirement in its proposed order, even though BP removed 20 CFR §603.9(b)(iii), which covers the storage of electronic UC information, from Alabama's proposal.  Second, BP complains that Alabama's proposal prevents it from emailing confidential UC documents to its experts.  *See id*.  Having a secure document database is pointless if someone at BP/K&E can simply email the documents.  As Sony might attest, emailing sensitive information must be regulated/prevented *above all else*.

   ** The Court can scale back an overprotective order; but no one can claw back the release of sensitive information if the order is under-protective.  Thus, the Court should adopt Alabama's proposal, especially when BP claims that it "would prefer the PI to be redacted entirely" anyway.

Respectfully submitted on December 16, 2014.

LUTHER J. STRANGE
*Attorney General*

 /s/ Corey L. Maze
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email:  cmaze@ago.state.al.us

Attorneys for the State of Alabama

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on December 16, 2014.

 /s/ Corey L. Maze
COREY L. MAZE
*Special Deputy Attorney General*