UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig**<br>    **"Deepwater Horizon" in the Gulf**<br>    **of Mexico, on April 20, 2010** | **MDL NO. 2179**<br><br>**SECTION J** |
| **Applies to:** *10-4536* | **JUDGE BARBIER**<br>**MAGISTRATE JUDGE SHUSHAN** |

## ORDER

**[Regarding BPXP's Motion to Strike the Expert Reports
of Walter H. Cantrell and Renewed Motion *In Limine* to Exclude
Evidence Relating to Unrelated Prior Incidents (Rec. doc. 13475)]**

The Court held its initial status conference in the Penalty Phase on March 21, 2014.[1] In discussing the penalty factor of "history of prior violations,"[2] the Court questioned counsel for the United States regarding how many prior incidents it intended to introduce during the Penalty Phase trial. Counsel indicated four prior incidents which resulted in imposition of fines and/or criminal guilty pleas: 1) Endicott Island, Alaska; 2) Prudhoe Bay, Alaska; 3) Texas City, Texas; and 4) Grangemouth, Scotland. Rec. doc. 12809 at 16. The Court ruled:

> I'm going to rule that the Government is limited to -- my initial ruling is the Government's going to be allowed to use -- to not go beyond the four that they've identified. And with respect to those four, … I'm not going to decide now whether any of those four specifically are admissible or not. We'll deal with those in due course. They'll produce their expert reports, you'll get a chance to respond or you can file a motion later to strike any as not relevant for the reasons you've argued before and we'll look at each one individually.

Id. at 25-26.

---

[1] The transcript of the conference is Rec. doc. 12809.

[2] Penalty factor four of Section 311 of the Clean Water Act, 33 U.S.C. § 1321.

* * *

> I'm going to deny BP's motion to the extent that it seeks a ruling from the Court, that at this time, the Government's evidence on prior incidents has to be limited to BPXP violations of Section 311, with further stipulation that the Government is limited to coming forward with the four specific cases that they've identified, and BP will have a chance to -- we'll have a chance to make the final decision before trial as to whether any or all of those are admissible or not.

Id. at 44.   It is with that background that BPXP has filed the instant motion.[3]

Discovery on the four prior incidents has now been conducted and the U.S. has served the expert report of retired Rear Admiral Walter Cantrell ("Cantrell") as well as his reply report.   Rec. doc. 13475-1 Exhibit B and Exhibit C.   BPXP[4] asserts three grounds for moving to exclude evidence of the four prior incidents as well as the expert reports of Cantrell.

## I.   The Parties' Arguments

**A.   Re-Litigating Phase One Issues**

BPXP first raises the issue that Cantrell's opinions regarding the prior incidents and how they relate to the *Deepwater Horizon* incident will present evidence that was considered and determined by the Court during Phase One.   For example, Cantrell asserts that all five incidents resulted from "common failures" which is that BP's corporate leadership did not learn key lessons for safe and reliable operations from the prior incidents.   BPXP refers to this as Cantrell's "failure to learn" theory.   Cantrell states:

> BP leadership failed to create a safety culture and implement an

---

[3] The U.S. filed an opposition to the motion, rec. doc. 13637, and BPXP filed a reply.   Rec. doc. 13682.

[4] BPXP is the only BP entity that is a defendant in the Penalty Phase.   During Phase One the Court referred to BPXP and BP America Production Company collectively as "BP."   See Findings of Fact and Conclusions of Law, rec. doc. 13355 at 9.   In referring to BP in this order, the Court is using the term as used in Phase One.

2

>effective process safety system which led to violations of other basic process safety principles discussed below and ultimately the blowout at Macondo.

Cantrell report at 55.

BPXP points out that the Court, in its Phase One Order and Reasons, after noting "[t]here was much evidence and testimony at trial concerning process safety," concluded that the BP process safety management system "may not have been perfect, but the evidence has not shown that it was defective or a cause of the blowout, explosion and fire." Rec. doc. 13475-1 at 5 citing Findings of Fact and Conclusions of Law, rec. doc. 13355 at ¶¶ 467-469.

BPXP further cites from portions of Cantrell's initial report as being illustrative of his focus on issues covered during Phase One:

>Macondo was no different than these prior incidents. BP failed to comply with its DWOP, Engineering Technical Practices and industry best practices for critical operations. Examples where BP did not adhere to practices include, but are not limited to:
>
>- Failing to ensure the "BOP [was] capable of shearing and sealing on the main strings of drill pipe" and that limitations on shearing capacity must be risk assessed and addressed;
>- Failing to ensure that the top of cement was determined by a "proven cement evaluation technique";
>- Failing to prepare a well control bridging document; and
>- Failing to perform a management of change analysis prior to reducing the number of centralizers or making changes to the temporary abandonment procedures.

Rec. doc. 13475-1 at 6 quoting Cantrell report at 28; citations omitted. Finally, BPXP points out that Cantrell's report refers to 169 exhibits used during Phase One and cites to the testimony of 96 witnesses from Phase One.

3

The U.S. responds that the expert opinion proffered by Cantrell will summarize past violations and highlight "[r]epeated instances in which BP ignored risk, tolerated non-compliance, violated BP's internal policies and practices and repeatedly traded lower cost for more risk and less safety." Rec. doc. 13637 at 4. The U.S. asserts that Cantrell is not offering opinion regarding the causes of the Macondo blowout, but rather is simply comparing the four prior incidents resulting in violations to the evidence adduced during Phase One "to demonstrate the pattern of conduct within the BP Group that has led to the violations." Id. at 5. The U.S. asserts that the text of Section 311(b) allows the Court to review the prior incidents and assess the similarities between them and the Macondo incident, which will assist the Court in assessing penalties in this case. Id. at 6-7.

**B.      Cantrell's Opinions Will Result in Unnecessary "Mini-Trials"**

BPXP urges that the four prior incidents are entirely unrelated to the *Deepwater Horizon* incident and introduction of evidence and expert opinion regarding those incidents will result in "trials within a trial." Rec. doc. 13475-1 at 10-11. In addition, BPXP contends that Cantrell's reports address deficiencies in BP's "safety culture" and "process safety management system," as a result of which BPXP has designated two experts; one to testify regarding safety culture and one regarding process safety management. Id. at 11-12.

The U.S. contends that BPXP's fear is unfounded and that "[e]ach prior violation at issue rests on a guilty plea, including the agreed upon factual basis for that violation." Rec. doc. 13637 at 7.

**C.      Unrelated Dissimilar Incidents Should Not Be Considered**

BPXP urges that, although Section 311 of the Clean Water Act does not provide guidance on the scope of consideration of prior violations, Section 309 requires that prior violations or

4

incidents must be similar to the violation in question.  Rec. doc. 13475-1.[5]  It urges the Court to adopt that approach in this case.

BPXP further argues that the Court may only consider prior violations of Section 311 and not other types of violations under other statutes.  Id. at 13-14.  Finally, BPXP argues that the Court may only consider other incidents that involve BPXP -- not other BP entities.  Id. at 14.

The U.S. argues that the patterns of the four prior incidents confirm BP's history of misconduct which continued at Macondo.  These common failures were found to be a causal factor at Macondo.  Thus, in its findings, the U.S. points out that the Court found that a number of risky decisions at Macondo were profit-driven and that BP ignored risks which was also true at Grangemouth and Texas City.  Rec. doc. 13637 at 8-10.  Another example cited by the U.S. concerns the Endicott Island incident, in which BP admitted to exercising inadequate oversight and supervision of its contractors, much like what the Court found in Phase One.  Id. at 10-11.

BPXP, of course, disagrees and points out that none of the four prior incidents involved BPXP or deep water drilling, and only one of the incidents (Prudhoe Bay) involved a Clean Water Act violation.  Rec. doc. 13475-1 at 14.

Finally, the U.S. argues that even if the prior incidents are not admissible for the penalty factor of "history of prior violations," they are admissible relative to the other Clean Water Act factors.  Rec. doc. 13637 at 12, citing the U.S. brief, rec. doc. 12460 at 14-30.[6]

---

[5] BPXP points out that in Phase One the Court held that the four incidents were too unrelated and dissimilar to the *Deepwater Horizon* incident to be relevant.  Rec. doc. 5634 at 3-5.  Id. at 13.

[6] Citing the U.S. opposition to BPXP's motion *in limine* to exclude (1) additional evidence of culpability and (2) evidence relating to prior incidents (filed March 6, 2014).

## II.  Ruling

BPXP is correct that the Phase One evidence extensively covered process safety issues for BP and Transocean and the Court reached its conclusions after hearing all of the Phase One evidence.   And while the Court concluded that BP's conduct was substandard and was repeatedly driven by a desire to save time and money (see, e.g., rec. doc. 13355 at ¶¶ 195, 211, 298), the fact remains that further presentation of process safety evidence in the Penalty Phase would be cumulative and would require the Court to re-evaluate evidence on which a final ruling has been rendered.   The Court will therefore grant BPXP's motion to preclude the expert reports of retired Admiral Walter H. Cantrell.[7]

The Court will not, however, preclude all evidence of the prior incidents.   The U.S. may admit into evidence the factual basis and guilty plea for each prior incident.   The Court will accord that material such weight as it deems appropriate.   Accordingly;

The motion of BPXP is GRANTED in PART and DENIED in PART as set forth in this order.

New Orleans, Louisiana, this 16th day of December, 2014.

*[signature]*

**CARL J. BARBIER**
**United States District Judge**

---

[7] This ruling also results in the striking of the experts retained by BPXP to rebut Cantrell's reports; Dr. Kathleen Sutcliffe and Morris Burch.