IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * | MDL NO. 2179 <br><br> SECTION J <br><br><br> Honorable CARL J. BARBIER |
| This document relates to Civ. A. No. 12-970. | * * * * | Magistrate Judge SHUSHAN |

**MEMORANDUM IN SUPPORT OF BP EXPLORATION & PRODUCTION INC.;
BP AMERICA PRODUCTION COMPANY; AND BP P.L.C.'S
<u>MOTION TO UNSEAL THE MCGLADREY CONTRACT</u>**

In October 2013, the Deepwater Horizon Economic Claims Center engaged McGladrey LLP to conduct an internal audit of the Court Supervised Settlement Program ("CSSP" or "Settlement Program"). On December 13, 2013, McGladrey LLP and the Claims Administrator of the CSSP reached a final agreement — the McGladrey Contract — with input from Class Counsel and BP. Out of an abundance of caution engendered by certain positions concerning the impact of the Confidentiality Agreement taken by the Claims Administrator, *see* Rec. Doc. 13586-3 (Oct. 31, 2014), BP previously moved to file the McGladrey Contract under seal after lodging it with the Court. *See* Rec. Doc. 13530-3, Travis Decl., Ex. 2 (Oct. 20, 2014). The Court granted this BP motion. *See* Rec. Doc. 13615 at 1 (Nov. 4, 2014). Especially now that the Claims Administrator, upon this Court's Order, has filed McGladrey's final reports into the public record, *see* Notice of Filing, Rec. Doc. 13716 (Nov. 25, 2014), no legitimate reason remains for requiring the McGladrey Contract to be kept under seal.

Simply put, there is nothing confidential about the McGladrey Contract.  It does not disclose any claim- or claimant-specific files, data, documents, or other information, nor does it go to any confidential settlement negotiations.  In fact, unsealing the McGladrey Contract directly furthers the goal of transparency in all operations of the Settlement Program.  Furthermore, that there might be a review and audit of the CSSP has been public knowledge ever since the Settlement Agreement was adopted and filed on the public record in 2012.  *See* Settlement Agreement § 4.4.14, Rec. Doc. 6430-1 at 30 ("BP and Class Counsel shall have access to all . . . Claims-related data transferred to or generated in the Settlement Program for any legitimate purpose including, without limitation, . . . reviewing and auditing the Settlement Program . . . .") (emphasis added).  And, of course, no sophisticated organization would engage in such important work without a formal written contract, as most members of the public would understand.  More than that, the CSSP disclosed the existence of and progress of the audit itself.  *See* Rec. Doc. 13530 at 5 (May 3, 2012) (stating that the McGladrey LLP report "has still not been finalized" and that when "it has been finalized," the CSSP will simply "deliver the final report to the Court.").  To know that McGladrey was engaged in performing an audit is thus to know that it was acting pursuant to a contract calling for such services.

BP has been diligent in maintaining the confidentiality of the McGladrey Contract and its terms, even though BP has consistently maintained that it could not properly be deemed confidential.  Over one month ago, on November 4, 2014, the Court granted BP's request that the McGladrey Contract and certain other Seafood filing documents be filed under seal "pending further order of the Court."  See Rec. Doc. 13615 at 1.  With McGladrey's final reports filed and available for public consumption, the time is now ripe for this Court to order the McGladrey Contract unsealed.

## **CONCLUSION**

For the foregoing reasons, BP respectfully requests that the Court unseal the McGladrey Contract.

December 16, 2014                                                      Respectfully submitted,

                                                                              */s/ Don K. Haycraft*

Richard C. Godfrey, P.C.                                          S. Gene Fendler (Bar #05510)
Wendy L. Bloom                                                       Don K. Haycraft (Bar #14361)
KIRKLAND & ELLIS LLP                                         R. Keith Jarrett (Bar #16984)
300 North LaSalle Street                                           LISKOW & LEWIS
Chicago, IL 60654                                                      701 Poydras Street, Suite 5000
Telephone: (312) 862-2000                                       New Orleans, LA 70139
Telefax: (312) 862-2200                                           Telephone: (504) 581-7979
                                                                               Telefax: (504) 556-4108

Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Telefax: (202) 879-5200

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.;*
*BP AMERICA PRODUCTION COMPANY; AND BP P.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, on this 16th day of December, 2014.

                                            */s/ Don K. Haycraft*_____
                                            Don K. Haycraft