UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 "J"(1) |
| | | JUDGE BARBIER |
| | | MAGISTRATE SHUSHAN |
| **THIS DOCUMENT APPLIES TO:** Case No. 12-311 | * * * | **JURY TRIAL DEMANDED** |

## LIU's OPPOSITION TO CAMERON'S BILL OF COSTS

Liberty Insurance Underwriters, Inc. ("LIU") opposes the following from Cameron International Corporation ("Cameron")'s Bill of Costs as expenses for items that were not "necessarily obtained for use in the case":

- LIU opposes Cameron's recovery of $9,329.25 for expedited delivery of deposition transcripts, $9,600.75 for ASCII disks and real-time reporting, $748.96 for shipping, and $17,202.30 for videotapes of depositions;[1]

- LIU opposes Cameron's recovery of $24,528.45 for eight depositions Cameron did not use in its summary judgment motion and the Court did not consider in its decision on Cameron's breach of contract claim; and

- LIU opposes Cameron's recovery of $572.62 in unidentified PACER charges. Cameron's redacted invoices submitted in support of its cost petition fail to demonstrate how these charges were necessarily incurred in this case.

As demonstrated below, these costs were not necessarily incurred in this case. Therefore the amount of costs sought by Cameron should be reduced from $64,318.48 to $15,217.25.[2]

---

[1] These figures are for *all* depositions included in the Bill of Costs, whether used for the Motion for Summary Judgment or not.

[2] LIU's attached Exhibit 1 provides a breakdown of Cameron's deposition charges and supports this calculation. The total of $15,217.25 represents recoverable charges for the eleven depositions Cameron used in its motion for summary judgment ($13,580.95), plus Cameron's filing fees ($1,426.00), plus $210.30 Cameron incurred for a hearing transcript.

1

## BACKGROUND

This case involves breach of contract and bad faith claims brought by Cameron against one of its insurers LIU. After 14 months of discovery, the parties submitted all issues to the Court on summary judgment motions. On October 31, 2014, the Court entered final judgment granting Cameron's motion for summary judgment concerning breach of contract, finding that LIU was obligated to reimburse Cameron $50 million for its settlement with BP. *See* Rec. Doc. No. 13583. The Court rejected Cameron's claims for MDL defense costs and bad faith. Significantly, the Court did not consider or cite to *any* depositions in its analysis of the breach of contract claim – the only claim on which Cameron prevailed (in part).

The Court awarded Cameron costs other than attorney's fees. *See* Rec. Doc. No. 13588.[3] Consistent with the Court's judgment, Cameron submitted a Bill of Costs. But this Bill of Costs seeks to recover $64,318.48 in costs under 28 U.S.C. § 1920, without any explanation of how its costs were "necessarily incurred" in connection with the case. In fact, Cameron's Bill of Costs includes excessive costs that are not recoverable, as demonstrated below.

## LAW AND ARGUMENT

Allowable costs are limited to those specified in 28 U.S.C. § 1920 and "expenses that are not authorized by statute or contract must be borne by the party incurring them." *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) (citation omitted). Cameron "must demonstrate that its costs are recoverable under Fifth Circuit precedent" and "should not burden the Court with costs that are clearly not recoverable under the law." *Gonzalez v. Fresenius Med. Care N.A.*, 761 F. Supp. 2d 442, 448 (W.D. Tex. 2010) (internal quotation omitted). To do so, Cameron must "verif[y] that the costs were necessarily

---

[3] Although the Court signed a First Amended Judgment on December 15, 2014, it does not affect Cameron's Bill of Costs or LIU's opposition. Rec. Doc. No. 13852.

2

incurred in the case rather than for the convenience of counsel." *Peacock v. Carpedia Int'l, Ltd.*, No. 10-2273, 2012 WL 4829381, at *2 (S.D. Tex. 2012).

A.   **Cameron's Deposition Costs of $62,319.86 Must Be Reduced.**

   1.   **Costs of Expedited Delivery, ASCII Disks, Real Time Reporting, and Shipping Are Not Recoverable.**

Cameron seeks recovery of $9,329.25 for expedited delivery of at least 18 of 19 depositions taken in the case.[4]  But the Fifth Circuit explained: "the extra cost of obtaining a trial transcript on an expedited basis is not taxable *unless* prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript" and "[t]he same rule applies to a copy of a deposition obtained on an expedited basis." *Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991) (emphasis added).[5]  Neither exception applies.  The Court did not give prior approval to expedite delivery of depositions.  Nor was it necessary for Cameron to expedite receipt of the transcripts.  For example, no briefing or other deadlines required expedited delivery.  Cameron's dispositive motion was filed *five months* after the last fact witness deposition[6] and one month after the last expert witness deposition.  Costs of expedition were neither necessarily incurred nor preapproved and should be denied.

Likewise, Cameron's request for $9,600.75 for ASCII disks and real-time reporting and $748.96 for shipping should be denied.  Such costs typically are not recoverable,

---

[4]   It is not clear from the invoices for the deposition of James Robertson whether this transcript was expedited.

[5]   *See also Roehrs v. Conesys, Inc.*, No. 3:05-CV-829, 2008 WL 755187, at *2 (N.D. Tex. 2008) ("To recover expedited delivery costs, the Fifth Circuit requires a showing of either prior court approval or necessity."); *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 688 (E.D. Tex. 2007) ("[I]ncidental costs associated with depositions, such as the cost of expedited delivery charges . . . are generally not recoverable.").

[6]   Charles Sledge was deposed on September 27, 2013.

3

and Cameron has not identified any reason why such costs are recoverable here. *See Dunaway v. Cowboys of Lake Charles, Inc.*, No. 2:07CV1138, 2010 WL 3883262, at *3 (W.D. La. 2010) ("ASCII and electronic copies of depositions are merely for the convenience of counsel and are not necessary for use in the case."); *Gonzales*, 761 F. Supp. 2d at 450 (ASCII disks "were primarily a convenience to the parties and costs will not be taxed"); *Maurice Mitchell Innovations, L.P.*, 491 F. Supp. 2d at 688 (costs of ASCII disks and real time reporting are "generally not recoverable"); *Harris Corp. v. Sanyo N.A. Corp.*, No. 98-CV-2712, 2002 WL 356755, at *3 (N.D. Tex. 2002) ("[P]laintiff is not entitled to recover incidental costs associated with . . . depositions, such as the cost of ASCII disks[.]"). Shipping costs associated with obtaining copies of depositions similarly are not recoverable. *See Gonzales*, 761 F. Supp. 2d at 450; *Longo v. Chao*, No. 06-cv-00307, 2008 WL 2783509, at *4 (W.D. Tex. 2008).

Cameron's request for real-time reporting fees is demonstrably unnecessary and unreasonable as Cameron had a team of attorneys attend at almost every deposition. As just one example, two partners (one traveling from New Orleans) and one associate attended the deposition of James Engel in New York on May 29, 2013. *See, e.g.,* Rec. Doc. No. 13664, at Exh. 1(E) (p. 72), Exh. 2(B) (p. 60). As Cameron had a team of attorneys present, Cameron cannot possibly show that extra services such as real-time reporting were "necessarily obtained." Such services were not reasonable or necessary, were solely for counsel's convenience, and therefore unrecoverable. Thus, Cameron's costs should be reduced by (1) $9,329.25, the identifiable charges related to expedition; (2) $9,600.75 in incidental services such as ASCII disks and real-time reporting; and (3) $748.96, the cost of shipping.

### 2. Cameron's Request for Video Deposition Costs of $17,202.30 Should Be Denied.

Several courts have rejected claims for costs of video depositions where the video either (a) was not used at trial and/or (b) where the party *could have* examined the witness live at trial. In *Taylor v. Seton Healthcare*, No. 10-cv-650, 2012 WL 2396876, at *2 (W.D. Tex. 2012), for example, the court denied recovery of $1,845.75 in video deposition fees, reasoning that "[c]osts for video depositions that were not used at trial may not be taxed." In *Gonzales*, 761 F. Supp. 2d at 450, the court denied recovery of costs of video depositions that were *actually played at trial*, where "[o]rdinary deposition transcripts were adequate for trial preparation and for use at trial for most witnesses." *See also Peacock*, 2012 WL 4829381, at *4.

Here Cameron asks for $17,202.30 for the cost of videotaping 15 of the 19 depositions. *See* Exh. A. But Cameron has not shown that these video depositions were (a) used in summary judgment, or (b) necessarily obtained. To the contrary, Cameron did not use any video depositions in connection with the summary judgment motions.

Nor has Cameron shown why the videotaped depositions were necessary, or even that it would have used *any* of the 15 video depositions at trial. Nor could it: Eight were of witnesses employed by LIU and Cameron who likely would have testified live at trial.[7] "[C]opies of video depositions of a party's own witnesses who can be expected to appear live at trial are not necessarily obtained for use in the case." *Structural Metals, Inc. v. S & C Elec. Co.*, No. 09-cv-984, 2013 WL 3790450, at *4 (W.D. Tex. 2013). And four were of LIU's expert witnesses --- Messrs. Cole, Feldman, Robertson, and Moomjian -- who certainly would have testified live had this matter gone to trial, and whom Cameron "could have impeached and cross-

---

[7] These witnesses are James Engel (LIU), Jeffrey Roberts (LIU), Jessica Rogin (LIU), Denise Morris (LIU), Tony Black (Cameron), Brad Eastman (Cameron), Alan Mandel (LIU), and Chuck Sledge (Cameron).

examined as a live witness." *See Peacock*, 2012 WL 4829381, at *4 (denying recovery of costs of video deposition where "[a]lthough [defendant] *could* have used portions of the deposition at trial, [defendant] also could have impeached and cross-examined [deponent] as a live witness").

Because Cameron has failed to show why videotaping these depositions was necessary, Cameron's costs request should be reduced by $17,202.30.

### 3. Cameron's Costs for Depositions Not Offered with Cameron's Summary Judgment Motion Should Be Denied.

Under settled law, Cameron can only recover costs of deposition transcripts "necessarily obtained for use in the case," and Cameron bears the burden to prove this standard is met. *See Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 661-62 (N.D. Miss. 1989) (disallowing costs of three of 10 depositions as not "necessarily obtained"), *aff'd*, 902 F.2d 957 (5th Cir. 1990); *Freeny v. Apple, Inc.*, No. 2:13-cv-00361, 2014 WL 6847808, at **3-4 (E.D. Tex. 2014) (denying costs of deposition not necessarily obtained). In *Bank One Texas, N.A. v. Apex Energy, LLC*, No. 3-00-CV-2160, 2002 WL 22055, at *1 (N.D. Tex. 2002), the plaintiff "failed to offer any evidence or argument demonstrating that any of the 16 depositions . . . were necessarily obtained for use in the case." *Id.* Based on this absence of proof, which made the court's job "particularly difficult[,]" the court limited recovery to five depositions submitted with plaintiff's summary judgment motion and four other witnesses identified in defendant's counterclaim. *Id.*

As in *Bank One*, Cameron failed to submit any evidence or argument demonstrating that its $62,319.86 in deposition costs were for transcripts "necessarily obtained for use in the case" as opposed to some other purpose such as investigation or discovery. Instead, Cameron asks the Court to award every penny spent on all 19 depositions taken, an average cost of $3,269 per deposition. These 19 depositions included witnesses whose testimony

did not even arguably relate to Cameron's contract claim – the only claim on which Cameron was successful -- such as Cameron's and LIU's two bad faith and two attorney fee experts (Dane Ciolino, Larry Feldman, James O'Malley, and John Cole). As Cameron failed to show that the 19 depositions were necessarily obtained, the Court should limit Cameron's recovery to the 11 depositions Cameron actually offered in support of its summary judgment motion on the breach of contract claims. Without considering the other issues identified above (addressing unnecessary deposition-related charges such as expedited delivery), disallowing costs associated with the eight depositions Cameron did not use in summary judgment briefing reduces Cameron's total costs by $24,528.45.

**B.      Cameron Cannot Recover $572.62 for its Redacted PACER Invoices.**

Cameron submitted heavily redacted PACER invoices totaling $572.62 and seeks to recover these costs. Cameron's redactions make it impossible to tell why these charges were incurred, as demonstrated by this excerpt:



Rec. Doc. No. 13767, at p. 68 of 86. Costs have been disallowed in just such cases. For example, in *Fogleman*, 920 F.2d at 976, the Fifth Circuit held that the prevailing party had failed

1028334_1

to adequately support its claimed exemplification fees where it "provided no itemized breakdown of the copying costs incurred." As the Fifth Circuit explained, it was "impossible to tell to what extent copies charged to [defendant] were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel." *See also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (vacating award of copying costs where court "neglected to make the requisite finding of necessity"); *Freeny*, 2014 WL 6847808, at **1-3 (disallowing copying costs where party submitted only "heavily redacted set of invoices that show nothing more than the individual charges for color copies and document reproduction" and "fail[ed] to make any showing at all as to what purpose the copying served, even by categories or general subjects").[8] As in *Fogleman*, Cameron cannot recover its PACER costs because it failed to adequately support its request for these charges.

Setting aside the redactions, some courts have found that PACER charges are not recoverable at all under the statute.[9] This is particularly true here to the extent Cameron incurred PACER charges to print documents LIU filed in the case – which it is impossible to tell. LIU e-mailed courtesy copies to Cameron's counsel of its filings making such charges wholly unnecessary. Thus, the Court should deny Cameron the $572.62 in copying costs it claims.

---

[8] *See also Eolas Technologies, Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 807 (E.D. Tex. 2012) (reducing claimed copying fees by 50% where "[d]efendants have provided scant detail regarding many of the copying charges"); *Harris*, 2002 WL 356755, at *2 (disallowing copying charges where "[n]one of the underlying invoices or materials submitted by plaintiff describe the contents of the documents that were copied").

[9] *See*, *e.g.*, *Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-363, 2011 WL 2460943, at *2 (M.D. La. 2011) (PACER research expenses are not taxable under 28 U.S.C. § 1920); *JGT, Inc. v. Ashbritt, Inc.*, No. 1:09cv380, 2011 WL 1323410, at *8 (S.D. Miss. 2011) (same).

1028334_1

## **CONCLUSION**

Cameron failed to meet its burden to show that it necessarily incurred $62,319.86 in deposition costs and $572.62 in exemplification costs that it requests, and Cameron's costs should be reduced to $15,217.25.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504.589.9700 (Telephone)
504.589.9701 (Facsimile)

And

Christopher W. Martin, PRO HAC VICE
Federal I.D. 13515
Robert G. Dees, PRO HAC VICE
Federal I.D. 13899
MARTIN, DISIERE, JEFFERSON &
  WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

*Attorneys for Liberty Insurance
  Underwriters, Inc.*

1028334_1

**CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of December, 2014.

                                                          */s/ Judy Y. Barrasso*

1028334_1