UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | |
| "DEEPWATER HORIZON" in the Gulf | * | MDL No. 2179 |
| of Mexico, on April 20, 2010 | * | |
| | * | SECTION: J |
| | * | |
| This Filing Relates to: | * | JUDGE BARBIER |
| | * | |
| Cal Dive International, Inc. | * | MAGISTRATE SHUSHAN |
| v. | * | |
| BP Exploration & Production, et al | * | Rule 9(h) |
| 2:13-cv-00709-CJB-SS | * | |

**************************************************************************

AMENDED COMPLAINT FOR DAMAGES UNDER THE OIL POLLUTION
ACT, 33 U.S.C. §2701, ET SEQ. and GENERAL MARITIME LAW

TO THE HONORABLE UNITED STATES DISTRICT COURT, EASTERN DISTRICT
OF LOUISIANA AND THE JUDGES THEREOF:

The Complaint of Cal Dive International, Inc. ("Cal Dive") is hereby amended as

follows:

1.

Cal Dive amends Paragraph 1 of its Complaint for Damages as follows:

Made defendants herein are:

a.  BP Exploration & Production, Inc. ("BP Exploration"), a Delaware corporation with

its principal place of business in Houston, Texas.  BP Exploration was a lease holder

and the designated operator in the lease granted by the former Minerals Management

Service (now Bureau of Ocean Energy Management, Regulation and Enforcement)

allowing it to perform oil exploration, drilling, and production-related operations in

Mississippi Canyon Block 252 and drill the "Macondo" well where the blowout

occurred and the oil spill originated. BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution Act of 1990 (OPA), 33 U.S.C. §2701, et. seq. This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

b. BP America Production Company ("BP America"), a Delaware corporation with its principal place of business in Houston, Texas. BP America was the party to the Drilling Contract with Transocean Ltd. for the drilling of the Macondo well by the Deepwater Horizon vessel. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

c. BP p.l.c., a British public limited company with its corporate headquarters in London, England. BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo. At all material times, BP p.l.c. operated its various business divisions, such as the "Exploration and Production" division in which BP Exploration and BP America fell, through vertical business arrangements aligned by product or service groups. BP p.l.c.'s operations are worldwide, including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Louisiana and the United States.

d. Transocean Ltd. ("Transocean Ltd."), a Swiss corporation that maintains substantial U.S. offices in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. At all material times, Transocean Ltd.

was a party to the contract with BP America for the drilling of the Macondo well and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

e.  Transocean Offshore Deepwater Drilling, Inc. ("Transocean Offshore"), a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Offshore is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

f.  Transocean Deepwater, Inc. ("Transocean Deepwater"), a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district.   Transocean Deepwater is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

g.  Transocean Holdings, LLC ("Transocean Holdings"), a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Holdings is affiliated with Transocean, Ltd. and is a wholly-owned subsidiary of Transocean Offshore. Transocean Holdings was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon and participated in the Deepwater Horizon's offshore oil drilling operations at the Macondo prospect, where the blowout occurred and the spill originated.  Transocean Holdings was a party to the contract with BP America regarding the charter of the Deepwater Horizon for drilling operations in the Gulf of Mexico.  On April 28, 2010, the U. S. Coast Guard named

Transocean Holdings as a "Responsible Party" under the Oil Pollution Act for the surface oil and/or diesel fuel spill resulting from the sinking of the vessel Deepwater Horizon.

h.  Triton Asset Leasing GmbH ("Triton"), a Swiss limited liability company with its principal place of business in Zug, Switzerland.  Triton is affiliated with Transocean Ltd. and is an owner, manager owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

i.  Halliburton Energy Services, Inc.  ("Halliburton"), a Delaware corporation with its principal place of business in Houston, Texas.  Halliburton is registered to do and does business in the State of Louisiana.  Halliburton provided engineering services, materials, design, testing, mixing, and pumping for cementing operations on board the Deepwater Horizon, as well as onshore engineering support for those operations. Halliburton was contractually responsible for the provision of technical advice about the design, modeling, testing, and placement of the cement that was used in the Macondo well.  At Macondo, Halliburton was engaged in cementing operations to isolate the hydrocarbon reservoir zones and seal the bottom of the well against the influx of hydrocarbons.

j.  Halliburton, a division of Sperry Drilling Services (formerly Sperry Sun Drilling Services) was responsible for mudlogging personnel and equipment on the Deepwater Horizon, including downhole drilling tools.  Sperry mudlogging personnel were responsible for monitoring the well, including mud pit fluid levels, mud flow in and out of the well, mud gas levels, and wellbore pressure fluctuations.  Throughout this

Complaint, "Halliburton" shall refer to both Halliburton Energy Services, Inc. and its

Sperry division.

2.

Cal Dive re-avers and re-alleges each and every allegation of fact and law contained in

Paragraphs 2 through 68 of its Complaint for Damages as if specifically re-pled herein in their

entirety.

## AND FOR A FOURTH CAUSE OF ACTION

3.

Cal Dive re-avers and re-alleges all foregoing paragraphs in this Amended Complaint for

Damages, including all referenced paragraphs in the Complaint for Damages, as if specifically

re-pled herein in their entirety.

4.

In addition to Cal Dive's economic damages described in its first cause of action, and the

associated property damages alleged in its second cause of action, Cal Dive hereby asserts and

preserves an associated breach of contract claim against Defendants BP America Production

Company and BP Exploration & Production, Inc. (hereinafter collectively referred to as "BP"),

for the damages alleged in the second cause of action.

5.

On or around May 8, 2010, Cal Dive entered into Master Service Contract No. HOU-

WL4-3065 with BP, relating to the charter of vessels in connection with the oil recovery efforts

after the Macondo Well incident.  An amendment to that agreement was entered into in August

2010 (hereinafter referred to as "the Contract").  Cal Dive provided the vessels to BP in

connection with charter agreements entered into between Cal Dive and Martin Marine, a division

of Martin Marine Operating Partnership, LP ("Martin Marine").

6.

Martin Marine has sued Cal Dive in Harris County, Texas claiming that Cal Dive owes it

money for invoices submitted to Cal Dive in connection with repairs/damages that the vessels

sustained in the clean-up operations associated with the Macondo well.

7.

Cal Dive submitted its own invoices to BP relating to the charges that Martin Marine

claims it is owed, but BP has failed to pay Cal Dive the invoiced amounts.  Also, Cal Dive has

presented its claim for performance under the invoices to BP, but BP has refused to pay the

amount due.  Cal Dive makes claim for the recovery of the amounts contained in the invoices

submitted to BP.

8.

Should there be settlement, judgment or other award in favor of Martin Marine and

against Cal Dive for the alleged repairs/damages to Martin Marine's vessels, then Cal Dive

asserts its right to recover from BP pursuant to the terms of the Contract for breach of the

Contract, contribution and/or indemnification.

9.

Jurisdiction of this fourth cause of action against BP is based upon the general maritime

law of the United States.

10.

Cal Dive brings all claims and causes under Federal Rule of Civil Procedure 9(h) and

demands a trial by judge on said claims and causes.

**WHEREFORE**, based on the foregoing, Cal Dive International, Inc. prays for judgment in their favor and against defendants BP Exploration & Production, Inc., BP America Production Company, BP p.l.c., Transocean Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmbH and Halliburton Energy Services, Inc. for compensatory damages as alleged herein in an amount reasonable under the circumstances of this cause, fur punitive damages in an amount to be awarded by this Honorable Court, for legal interest at the maximum allowable rate on those amounts for which Cal Dive International, Inc. is entitled to obtain legal interest, for all reasonable claim preparation expenses, for litigation costs, and for any additional general and equitable relief as the facts of this cause may require.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW, T.A. (#17817)
IAN F. TAYLOR (#33408)
JESSICA IBERT (#33196)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
(504) 588-1500
(504) 588-1514                  Facsimile
sterbcow@lksalaw.com
itaylor@lksalaw.com
jibert@lksalaw.com

**PLEASE SERVE:**

**BP EXPLORATION & PRODUCTION, INC.**
Through its Attorney of Record:
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

**BP AMERICA PRODUCTION COMPANY**
Through its Attorney of Record:

J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

**BP, PLC**
Through its Attorney of Record:
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

**TRANSOCEAN HOLDINGS, LLC.**
Through its Attorney of Record:
Kerry J. Miller, Esq.
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163

**TRITON ASSET LEASING GMBH**
Through its Attorney of Record:
Kerry J. Miller, Esq.
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.**
Through its Attorney of Record:
Kerry J. Miller, Esq.
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163

**TRANSOCEAN DEEPWATER, INC.**
Through its Attorney of Record:
Kerry J. Miller, Esq.
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163

**TRANSOCEAN, Ltd.**
Through its Attorney of Record:
Kerry J. Miller, Esq.
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163

**HALLIBURTON ENERGY SERVICES, INC.**
Through its Attorney of Record:
Donald E. Godwin, Esq.
Godwin Lewis
1201 Elm Street
Suite 1700
Dallas, Texas 75270