UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | : | |
| OF MEXICO, ON APRIL 20, 2010 | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: 10-4536 | : | JUDGE BARBIER |
| | : | |
| | : | MAGISTRATE JUDGE SHUSHAN |

_____

### CLEAN WATER ACT – PENALTY PHASE

REPLY OF THE UNITED STATES IN SUPPORT OF:

MOTION BY THE UNITED STATES
SEEKING A LEGAL RULING REGARDING THE APPLICABLE STATUTORY
MAXIMUM REGULATION ($4,300 PER BARREL) (Rec. Doc. 13654)

This reply in support of the United States' Motion (Rec. Doc. 13796) addresses arguments made in BPXP's Opposition brief (Rec Doc. 13789).

BPXP's brief essentially repeats arguments it has already made, but in so doing so it helps to show that EPA has jurisdiction over Clean Water Act ("CWA") civil penalties under Section 311(b)(7), 33 U.S.C. § 1321(b)(7). The very first section of the CWA, Section 101(d), 33 U.S.C. § 1251(d) states, "Except as otherwise *expressly provided* in this chapter, the Administrator of [EPA] . . . shall administer this Chapter." 33 U.S.C. § 1251(d) (emphasis added). BPXP's opposition makes clear that the CWA does not "expressly provide" that EPA does not have this authority over Section 311(b)(7) penalties. BPXP itself notes that Section 311(b)(7), 33 U.S.C. 1321(b)(7), has a "conspicuous silence as to agency delegation." BP Brf at 1. BPXP in fact relies on "CWA Section 1321(b)(7)'s silence" to argue that EPA does *not* have jurisdiction over Section 1321(b)(7) penalties. BP Brf. at 2. But Section 101 of the CWA says the opposite.[1]

BP also places great weight on DOJ's general authority to conduct litigation, citing 28 U.S.C. § 516. BP Brf. at 2. However, buying into that argument would invalidate every agency's attempts to inflate civil penalties that can be sought in federal court, and would be contrary to Congress' express directive to those agencies under the Civil Monetary Penalty Inflation Adjustment Rule.

As to whether EPA's regulations were subject to notice-and-comment rulemaking, BPXP's brief points out the same factual matter that the United States pointed out in its

---

[1] The CWA also states that EPA "is authorized to prescribe such regulations as are necessary to carry out [its] functions" under the CWA.  33 U.S.C. § 1361(a).

1

Opposition (Rec. Doc. 13796) to BP's Motion: EPA published notice, received a comment from GAO, and published a final rule. Ergo, notice-and-comment rulemaking occurred. BP Brf at 9.

BPXP also quotes *Sackett v. EPA*, 132 S.Ct. 1367, 1370 n.1 (2012), for the proposition that the Supreme Court affirmed EPA's authority to adjust maximum penalty under Section § 309(d), 33 U.S.C. 1319(d). BP Brief at 4. It may be worth noting that the very source that the Supreme Court cites regarding EPA's inflation of the 1319(d) civil penalty, 74 Fed. Reg. 626, 627 (Jan. 7, 2009), is the same Federal Register notice where EPA also inflates the civil penalties under Sections 311(b)(7)(A) and 311(b)(7)(D), 33 U.S.C. §§ 1321(b)(7)(A) and (b)(7)(D).

Finally, as to fair notice, BP cites three cases for the proposition that "fair notice" requires that the regulated parties have notice of the "remedies potentially available," and that notice of the prohibited conduct is not sufficient. BP Brief at 12. One of those cases says no such thing. BP's brief states:

> Fair notice in fact demands *notice of the maximum civil penalty* to which regulated parties will be subject in textual terms that are not "so vague that men of common intelligence must necessarily guess at [a statute's] meaning and differ as to its application." *FCC v. Fox Television Stations, Inc.*, 132 S.Ct. 2307, 2317 (2012).

BP Brf. at 12 (emphasis added). But *Fox Television* actually says:

> A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of *conduct that is forbidden or required*. See *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926) ('''[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law''). . . .

*Fox Television* at 2317 (emphasis added). The other two cases to which BPXP cites for the proposition that there must be fair notice of the remedy both relate to the imposition of punitive damage awards, not statutorily-based penalties under federal law. In *BMW*, a court imposed $4 million in punitive damages on a $4,000 compensatory award, *BMW of North America, Inc. v.*

2

*Gore*, 116 S.C. 1589, 1593-94 (1996), while in *State Farm*, a court imposed $145 million in punitive damages on a $1 million compensatory award. 123 S.Ct. at 1519. There is little similarity between unpredictable and disproportionate awards of punitive damages and the statutorily-required inflation of 20 year old penalties that are set out in specified dollar amounts.

For the reasons stated, the Court should deny BPXP's Motion (Rec. Doc. 13666) and grant the Motion of the United States (Rec. Doc. 13654).

                                                    Respectfully submitted,

| | |
|---|---|
| JOYCE R. BRANDA | SAM HIRSCH |
| Acting Assistant Attorney General | Acting Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| | |
| PETER FROST | SARAH HIMMELHOCH |
| Director, Torts Branch, Civil Division | Senior Litigation Counsel |
| Admiralty and Aviation | NANCY FLICKINGER |
| STEPHEN G. FLYNN | Senior Attorney |
| Assistant Director | RICHARD GLADSTEIN |
| SHARON SHUTLER | PATRICK CASEY |
| MALINDA LAWRENCE | Senior Counsel |
| LAURA MAYBERRY | A. NATHANIEL CHAKERES |
| Trial Attorneys | JUDY HARVEY |
| | RACHEL KING |
| R. MICHAEL UNDERHILL, T.A. | ERICA PENCAK |
| Attorney in Charge, West Coast Office | ABIGAIL ANDRE |
| Torts Branch, Civil Division | RACHEL HANKEY |
| U.S. Department of Justice | BRANDON ROBERS |
| | Trial Attorneys |

                                                    /s/ Steven O'Rourke
                                                    STEVEN O'ROURKE
                                                    Environmental Enforcement Section
                                                    U.S. Department of Justice
                                                    P.O. Box 7611, Washington, D.C. 20044
                                                    Telephone: 202-514-2779
                                                    E-mail: steve.o'rourke@usdoj.gov

                                      KENNETH A. POLITE, JR.
                                      United States Attorney
                                        Eastern District of Louisiana

                                      SHARON D. SMITH
                                        Assistant United States Attorney
                                        Eastern District of Louisiana
                                        650 Poydras Street, Suite 1600
                                        New Orleans, LA  70130
                                        Telephone:  (504) 680-3000
                                        Facsimile:  (504) 680-3184
                                        E-mail:  sharon.d.smith@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing documents have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date:  December 8, 2014.                              /s/ Steve O'Rourke_____
                                                                             U.S. Department of Justice