UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179  SECTION J |
| This Document Relates To: 10-4536 | : : : | JUDGE BARBIER  MAGISTRATE JUDGE SHUSHAN |

**CLEAN WATER ACT – PENALTY PHASE**

UNITED STATES' RESPONSE TO:
BPXP'S MOTION IN LIMINE TO PRECLUDE THE UNITED STATES FROM
INTRODUCING EVIDENCE FOR THE PURPOSE OF ESTABLISHING THE
LIABILITY OF BP GROUP ENTITIES OTHER THAN BPXP
(Rec. Doc. 13812, 13816 & 13822)

BP Exploration and Production Inc. ("BPXP") has moved for an order precluding the United States from introducing evidence to establish the liability of BP Group entities other than BPXP (Rec. Do. 13812, 13816 & 13822).[1] Such an order is not necessary: the United States is not seeking to admit evidence about the other Group entities for the purpose of establishing the liability of those entities. Rather, the United States seeks to introduce such evidence for the purpose of establishing the penalty applicable to BPXP.

For purposes of the Penalty Phase, evidence of the other Group entities merely needs to be relevant. No other specific legal test or elements of liability are needed. As explained in detail in the "United States Memorandum in Opposition to BPXP's Motion in Limine to Exclude Evidence Relating to the Economic Impact of a Clean Water Penalty on BP Group Entities Other than BPXP, and to Exclude Financial Information Relating to BP Group Entities Other than BPXP," (filed on today's date) (hereinafter "US Opp. Re: Economic Impact"), ample case law

---

[1] These all appear to be the same brief, just re-filed due to technicalities in e-filing.

- 1 -

supports the legal proposition that evidence related to the corporate affiliates of a named defendant is relevant in a CWA case. See e.g., *United States v. Municipal Authority of Union Township*, 929 F. Supp. 800 (M.D. Pa. 1996), *aff'd,* 150 F.3d 259 (3rd Cir. 1998). We will not repeat those arguments here.

BPXP's motion demonstrates its continuing misunderstanding of the relevance of the Group entities. For example, Professor Daines for the Defendant and Dr. Quivik for the United States both opine as to the corporate organizational and legal structure of the BP Group. Dr. Quivik uses the methods of an industrial historian to opine as to *how* the Group actually operates, but does not opine as to whether such operations are legal, illegal, or call for piercing of a corporate veil. Professor Daines agrees with essentially everything that Dr. Quivik says as to the facts. Both agree that the BPXP board has not provided oversight of operations in the Gulf of Mexico, especially before the disaster, that BPXP has no employees, and that the Group conducted and directed operations in the Gulf, including at the Macondo well and during the response to the disaster. But Professor Daines spends most of his efforts to opine that it is "okay" for corporate affiliates to act in that way.

Analyzing the finances of any company – indeed any individual – requires an examination of where that entity gets its money, spends its money, keeps its money, borrows its money, shares its money, and pays taxes on its money. Some companies use banks to borrow and save. Some companies keep cash on hand and some pay dividends. BPXP both provides and receives money from the Group, and pays taxes as part of the Group. It is largely impossible to analyze the finances of BPXP without considering the finances of the Group. Thus, evidence related to the corporate affiliates of BPXP is relevant and admissible for purposes of Section 311(b). It is not being offered for other purposes (such as "operator" liability for veil piercing purposes against BP p.l.c.).

As outlined in the "US Opp. Re: Economic Impact" (discussed *supra*), BPXP has previously represented to the Court that BP Group assets are relevant to the penalty analysis:

> MR. LANGAN: . . . .We've never said that there's no relevance to the group finances. We've said that BPXP is a defendant, the violator, they're the ones that they moved for summary judgment against and that's where the focus should be.
>
> THE COURT: It's a question of what can that entity afford to pay, but considering the various financial relationships and back and forth and all of that.
>
> MR. LANGAN: Right. That's correct. . . .

Transcript of Status Conference, March 21, 2014, at 51.

BPXP has never contended that piercing the corporate veil is required to consider the assets of a parent company, and there is no reason for the Court to do so now. But if Court prefers, the United States could move to amend the pleading to add such claims (which would require no additional discovery or evidence, and would not delay trial). However, as the United States has repeatedly stated, such steps are not needed because the Court can and should simply admit the evidence for the purposes offered: to analyze the penalty amount for BPXP.

    Respectfully submitted,

| | |
|---|---|
| JOYCE R. BRANDA | SAM HIRSCH |
| Acting Deputy Assistant Attorney General | Acting Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| | |
| PETER FROST | SARAH HIMMELHOCH |
| Director, Torts Branch, Civil Division | Senior Litigation Counsel for E-Discovery |
| Admiralty and Aviation | MICHAEL MCNULTY |
| SHARON SHUTLER | Senior Counsel |
| MALINDA LAWRENCE | NANCY FLICKINGER |
| LAURA MAYBERRY | Senior Attorney |
| Trial Attorneys | PATRICK CASEY |
| R. MICHAEL UNDERHILL, T.A | RICHARD GLADSTEIN |
| Attorney in Charge, West Coast Office | DANIEL S. SMITH |
| | Senior Counsel |
| | ABIGAIL ANDRE |
| | A. NATHANIEL CHAKERES |
| | RACHEL HANKEY |

        JUDY HARVEY
        RACHEL KING
        ERICA PENCAK
        BRANDON ROBERS
        GORDON YOUNG
        Trial Attorneys

        /s/ Steven O'Rourke
        STEVEN O'ROURKE
        Environmental Enforcement Section
        U.S. Department of Justice
        P.O. Box 7611, Washington, D.C. 20044
        Telephone: 202-514-2779
        E-mail: steve.o'rourke@usdoj.gov

        KENNETH A. POLITE, JR.
        United States Attorney
        Eastern District of Louisiana
        SHARON D. SMITH
        Assistant United States Attorney
        Eastern District of Louisiana

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that the above and foregoing has been served on all counsel by electronically uploading the same to Lexis-Nexis File & Serve in accordance with Pretrial Order #12, and the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2719, on this 19th day of December, 2014.

        /s/ Steven O'Rourke
        U.S. Department of Justice