**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig          **MDL NO. 2179**
    "Deepwater Horizon" in the Gulf
    of Mexico, on April 20, 2010        **SECTION J**

Applies to: 10-4536                  **JUDGE BARBIER**
                              **MAGISTRATE JUDGE SHUSHAN**

## ORDER

**[Regarding Cross-Motions on Anadarko's Culpability (Rec. docs. 13633 and 13747)]**

Anadarko's motion in limine to exclude evidence regarding its knowledge of or access to information about well design and/or operations of the Macondo Prospect was granted as to the trial of Phase One.  Evidence of Anadarko's knowledge of or access to information about Macondo Well design and/or operations was irrelevant to any issue in the Phase One trial.  Rec. doc. 5836.  Anadarko's motion in limine to exclude all evidence regarding its culpability or fault was granted as to Phase Two.  Rec. doc. 11367.

On March 21, 2014, there was a Penalty Phase status conference to consider the scope of discovery regarding the penalty factors under the Clean Water Act, 33 U.S.C. § 1321(b)(8).  Anadarko's motion in limine to exclude from the trial of the Penalty Phase all evidence regarding its culpability was granted.  Rec. doc. 12592.

On November 7, 2014, Anadarko filed a motion to enforce the March 21, 2014 order excluding culpability evidence against it.  It urges that the Court: (1) sustain its objections to the U.S. culpability exhibits; (2) strike portions of the reports of a U.S. expert, Gardner Walkup, pertaining to Anadarko's culpability; and (3) preclude the U.S. from offering Gardner Walkup's opinions pertaining to Anadarko's culpability.  Rec. doc. 13633.  The U.S. submitted a motion in limine to admit evidence pertaining to Anadarko's contentions concerning non-operators.  Its

memorandum included its opposition to Anadarko's motion to enforce the March 21, 2014 order. Rec. doc. 13747. Anadarko submitted a reply. Rec. doc. 13810.

At the March 21, 2014 conference, the U.S. argued that evidence of the relationship between operators and non-operators can come in under the final penalty factor (any other matters that justice may require). Rec. doc. 12809 at 35-36. The Court stated that the U.S. could re-urge the legal arguments prior the Penalty Phase trial. Id. at 39.

The parties' briefs do not demonstrate any basis for reconsidering the March 21, 2014 order excluding culpability evidence against Anadarko at the Penalty Phase trial.

IT IS ORDERED that: (1) Anadarko's motion to enforce the Court's order excluding culpability evidence against Anadarko (Rec. doc. 13633) is GRANTED; and (2) the motion of the U.S. to admit evidence pertaining to Anadarko's contentions concerning non-operators (Rec. doc. 13747) is DENIED.

New Orleans, Louisiana, this 22nd day of December, 2014.

**CARL J. BARBIER**
**United States District Judge**