UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179 SECTION J |
| This Document Relates To: | : : | JUDGE BARBIER |
| 10-4536 | : : | MAGISTRATE JUDGE SHUSHAN |

..................................................................................................................................

**CLEAN WATER ACT – PENALTY PHASE**

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*
TO EXCLUDE LEGAL OPINION TESTIMONY OF DAVID SUNDING**

Fundamentally, it is the responsibility of the Court to determine what penalty is appropriate for Anadarko, based on an examination of all the penalty factors and its application of the facts to the law. That Dr. Sunding "forswore" making legal conclusions does not mean that he did not make them, or that his conclusion that a zero penalty is warranted against Anadarko is helpful to the Court. Even in a bench trial, expert testimony may still be excluded, and the circumstances here warrant such exclusion.

**ARGUMENT**

**A. Dr. Sunding's Assessment of the Individual Penalty Factors is Not "Completely Economic," and Exceeds the Bounds of Appropriate Expert Testimony**

Anadarko contends that Dr. Sunding's factor-by-factor assessment was done merely to "illustrate his economic conclusion that culpability and economic benefit are the most important factors" in assessing a penalty against Anadarko. Anadarko Opp'n to Mot. *In Limine* to Exclude Legal Opinion Testimony of David Sunding ("Opp'n") at 9, Rec. Doc. 13853. Yet Dr. Sunding goes significantly beyond that in his opinions, finding additional penalty factors to weigh in

1

Anadarko's favor without providing an economic rationale or basis for support.  For example, as discussed in the United States' opening brief, Dr. Sunding argues, based only on the stipulation between the parties regarding Anadarko's prior violations of the Clean Water Act, that the company is a "model of responsible and safe operations" and that therefore the "history of prior violations" factor weighs in favor of Anadarko.  Sunding Round 1 Report at 18 (Ex. 1 to United States' Motion *in Limine* to Exclude Legal Opinion Testimony of David Sunding ("U.S. Mot."), Rec. Doc. 13764).  Dr. Sunding similarly argues that the mitigation factor weighs in favor of Anadarko, without providing an economic basis for that conclusion.  *Id*. at 17-18.

In support of its Opposition, Anadarko cites to the many qualifications of Dr. Sunding in the field of environmental and resource economics.  Opp'n at 4-5.  These include his article cited in the *Rapanos* case *quantifying* the transaction costs of dredge-and-fill permits and work *calculating* the economic benefits of companies violating permit conditions.  Ex. 1 *hereto* (Sunding Dep. at 31:14-37:4).  He did not use any similar expertise in assessing each individual penalty factor.  Anadarko fails to explain how principles of natural resource economics warrant Dr. Sunding's conclusions about the "seriousness" of the violation, Anadarko's mitigation efforts, or the safety of its Gulf operations.  *See* U.S. Mot. at 5.  Dr. Sunding also argues that the "other penalties for the same incident" factor should be given little weight because they were mostly paid by "actual or potentially culpable parties" and "all were made in the context of a settlement or agreement."  Ex. 1 to U.S. Mot. (Round 1 Report at 18-19).  The precise method by which those earlier penalties were resolved has no connection to Dr. Sunding's economic expertise, and constitutes mere argument.

Even a well-qualified expert may not merely argue the law if his testimony is unhelpful or impermissibly invades the sphere of the Court.  In *Sparton Corp. v. United States*, 77 Fed. Cl.

1 (2007), the court considered a motion to exclude the testimony of an expert opining on how to interpret government contracting regulations. After spending a good deal of time discussing the expert's "impressive" credentials—noting he was an active consultant, widely-published author, and even recognized by the Court of Federal Claims for his contribution to government contract law—the court excluded the expert's testimony as improper legal argument. *Id*. at 9.

Anadarko implies that Dr. Sunding's testimony is not different from other experts who have testified concerning penalty factors, including experts put on by the United States in other Clean Water Act cases. Opp'n at 10. Its sole support is a reference to a brief statement in a Fourth Circuit opinion that summarizes the testimony of experts from the Clean Water Act penalty trial under review. *United States v. Smithfield Foods, Inc.*, 191 F.3d 516, 523 (4th Cir. 1999). The district court's opinion below discusses some of the experts' trial testimony in greater depth, and suggests just how dissimilar their testimony was from the subject of Dr. Sunding's report. The experts in *Smithfield* included an estuary ecologist, fisheries biologist, and environmental biologist, who opined on the severity of the defendants' violations, similar to areas of expert testimony in this case. *See United States v. Smithfield Foods, Inc.*, 972 F. Supp. 338, 343-348 (E.D. Va. 1997). Experts also offered competing calculations on economic benefit. *See id*. at 349 & n.17 (comparing calculation of United States' expert and "risk-free rate" analysis of defendants' experts). No expert cited by the district court appears to weigh the penalty factors or discern the correct penalty, as Dr. Sunding does here.[1]

---

[1] The United States confirmed with lead counsel on the *Smithfield* case (Sarah Himmelhoch) and by a review of filed pleadings that no expert offered in that trial weighed the penalty factors. *See* Ex. 2 *hereto* (excerpts from Order on Final Pretrial Conference listing witnesses and areas of testimony); Ex. 3 *hereto* (excerpts from U.S. Proposed Findings of Fact summarizing expert testimony).

## B. Expert Testimony in a Bench Trial May Still Be Excluded if Unhelpful and the Same Arguments Could Be Made by Counsel

The thrust of Anadarko's opposition is that because this is a bench trial, there is little harm to come from the admission of expert testimony as the Court can disregard any improper testimony. Opp'n at 2, 4. The United States agrees with this general proposition and accordingly filed a single motion to exclude expert testimony in this Penalty Phase: its motion against Dr. Sunding. Even in a bench trial, expert testimony is properly rejected if it would not be helpful to the court and if the same arguments could be made by counsel. *See, e.g.*, *Snap-Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194, 197-98 (5th Cir. 1996) (granting a motion *in limine* to exclude expert's opinions during a bench trial); *Sparton*, 77 Fed. Cl. at 9 (same); *EduMoz v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1050 (C.D. Cal. 2013) (same); *CIT Group/Business Credit, Inc. v. Graco Fishing & Rental Tools, Inc.*, 815 F. Supp. 2d 673, 678 (S.D.N.Y. 2011) (same).

Anadarko makes much of the fact that decisions excluding expert testimony typically involve cases tried before juries. Opp'n at 4 ("Protecting juries is why courts exclude expert testimony on legal matters…."). These cases reason that it is the judge's role to instruct the jury on what the law is, and that testimony on the law by both experts and the judge would confuse the jury. *Id*. Jury cases are nonetheless relevant to the extent that they discuss the distinction between a judge's role and an expert's role, specifically that the Court's knowledge of the law is presumed sufficient without the aid of an expert. *See EduMoz, LLC*, 968 F. Supp. 2d at 1050 (in bench trial, excluding expert opining on legal matters and rejecting argument that precedent involving juries is inapplicable). Even in a bench trial, admitting Dr. Sunding's expert testimony could unfairly give Anadarko's "legal arguments the elevated stamp of 'expert.'" *See Sparton* at 9 (citing *Marx & Co., Inc v. Diners' Club Inc.*, 550 F.2d 505, 510 (2d Cir. 1977) ("[A]dmission

4

of . . . testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case").

Anadarko agrees that expert testimony is only admissible if it will help the trier of fact to understand the evidence or determine a fact in issue. Opp'n at 3; Fed. R. Evid. 702. "Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in [understanding the evidence or determining a fact in issue]." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997). *See also Virginia College, LLC v. Martin*, No. 3:11CV682, 2012 WL 6588700, at *2 (S.D. Miss. Dec. 17, 2012) ("As this is a bench trial, the trier of fact is the undersigned, and the Court does not require an expert to apply the law to the facts, which is precisely what [the challenged experts] endeavor to do.") (*citing Snap-Drape*, 98 F.3d at 198). Anadarko asserts that Dr. Sunding's conclusions are "case-specific," Opp'n at 9, but they are not so limited. A fundamental basis for his opinion is the "unique[ness]" of the oil spill statutory scheme, in that OPA "by itself" already achieves optimal deterrence by providing that violators compensate for their harms. Ex. 1 *hereto* (Sunding Dep. at 39:8-13; 175:2-16; 211:5-17); Ex. 2 to U.S. Mot. (Sunding Round 3 Report at 1). Dr. Sunding broadly opines on how OPA and the CWA should work together to achieve deterrence, and suggests that because the purpose of Clean Water Act penalties is to "punish and deter *culpable* conduct," no penalty is warranted against Anadarko here. *Id*. (emphasis in original). But the Clean Water Act provides for several penalty factors, and the responsibility for weighing such factors, including culpability, and applying the law lies squarely with the Court.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the United States' motion and memorandum in support, Rec. Doc. 13764, Dr. Sunding's testimony should be excluded.

Respectfully submitted,

| | |
|---|---|
| JOYCE R. BRANDA | SAM HIRSCH |
| Acting Deputy Assistant Attorney General | Acting Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| PETER FROST | SARAH HIMMELHOCH |
| Director, Torts Branch, Civil Division | Senior Litigation Counsel for E-Discovery |
| Admiralty and Aviation | MICHAEL MCNULTY |
| SHARON SHUTLER | Senior Counsel |
| MALINDA LAWRENCE | NANCY FLICKINGER |
| LAURA MAYBERRY | Senior Attorney |
| Trial Attorneys | PATRICK CASEY |
| R. MICHAEL UNDERHILL, T.A | RICHARD GLADSTEIN |
| Attorney in Charge, West Coast Office | DANIEL S. SMITH |
| | Senior Counsel |
| | ABIGAIL ANDRE |
| KENNETH A. POLITE, JR. | A. NATHANIEL CHAKERES |
| United States Attorney | RACHEL HANKEY |
| Eastern District of Louisiana | JUDY HARVEY |
| SHARON D. SMITH | RACHEL KING |
| Assistant United States Attorney | ERICA PENCAK |
| Eastern District of Louisiana | BRANDON ROBERS |
| 650 Poydras Street, Suite 1600 | GORDON YOUNG |
| New Orleans, LA 70130 | Trial Attorneys |
| Telephone: (504) 680-3000 | |
| Facsimile: (504) 680-3184 | /s/ *Sarah D. Himmelhoch* |
| E-mail: sharon.d.smith@usdoj.gov | STEVEN O'ROURKE |
| | Senior Attorney |
| | Environmental Enforcement Section |
| | U.S. Department of Justice |
| | P.O. Box 7611 |
| | Washington, D.C. 20044 |
| | Telephone: 202-514-2779 |
| | Facsimile: 202-514-2583 |
| | E-mail: steve.o'rourke@usdoj.gov |

Attorneys for the UNITED STATES OF AMERICA

6

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the above and foregoing has been served on all counsel by electronically uploading the same to Lexis-Nexis File & Serve in accordance with Pretrial Order #12, and the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2719, on this 22nd day of December, 2014.

                                                /s/ *Sarah Himmelhoch*
                                                U.S. Department of Justice