UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY  THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | *<br>*<br>*<br>* | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br><br>   No. 10-4536 | *<br>*<br>*<br>*<br>* | HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**BPXP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF CAPTAIN MARK VANHAVERBEKE**

Captain Mark VanHaverbeke, the United States' spill response expert, offers opinions regarding (1) the effectiveness of operations during the *Deepwater Horizon* Response, and (2) dispersant use and limitations. While each of these opinions suffers from its own fatal flaws that warrant exclusion, both reflect the United States' repeated disregard for the discovery rules and schedule established by this Court; a pattern of untimely disclosures not based on new information or other justification; and the revelation of new information or expert opinions at a juncture in the case that if allowed, would prejudice BPXP, which would not have an opportunity to seek discovery or respond to the issue. Captain VanHaverbeke's spill response effectiveness and dispersant opinions should be excluded.

**I.      Captain VanHaverbeke's Opinions About the Effectiveness of the *Deepwater Horizon* Response Should Be Excluded under *Daubert*.**

In his Round 2 report, Captain VanHaverbeke opined that skimming, in situ burning, and dispersing operations during the *Deepwater Horizon* Response were not "extraordinarily effective" and did not "achieve[] a removal rate that greatly surpassed the norm for open ocean spill response." (BP Br. Ex. A, 9/12/14 VanHaverbeke Rpt. at 4-5)  As Captain VanHaverbeke admitted in his deposition, however, "***nowhere*** in ***any*** of [his] three expert reports" does he

present any "*accurate mathematical calculations reflecting the effectiveness of operations in the Deepwater Horizon Response*." (Ex. A, VanHaverbeke Dep. at 146:12-17 (emph. added))

In its Opposition, the United States does not dispute that the effectiveness calculations in Captain VanHaverbeke's expert report are unreliable. Nor does it dispute that his analysis is incorrect, based on outdated information, and understates the effectiveness of the response efforts. Instead, the United States argues that Captain VanHaverbeke's opinions survive *Daubert* because he recently performed *new calculations* correcting the erroneous analysis in his report. The United States revealed Captain VanHaverbeke's new analysis for the first time at 5:00 p.m. on December, 5, 2014 — nearly *three months* after his expert report was due and the *same day* that *Daubert* motions were filed. (US Br. Ex. A, 9/5/14 VanHaverbeke Supplement) Captain VanHaverbeke's newly disclosed conclusions are markedly different from those set forth in his expert report, as the examples below demonstrate:

**VANHAVERBEKE'S NEW SPILL RESPONSE EFFECTIVENESS OPINIONS**

| OPINION | 9/12/14 REPORT | 12/5/14 SUPPLEMENT |
|---|---|---|
| Amount of oil spilled | **4.9 million barrels** | **4.2 million barrels** |
| Oil deemed unrecoverable | **67%** | **44%** |
| Oil chemically dispersed, burned or skimmed | **16%** | **28%** |

The United States cannot use its untimely disclosure to cure the admittedly flawed analysis in its expert's report. In its Opposition, the United States makes no attempt to justify its delayed disclosure. Nor could it. When he submitted his expert report on September 12, 2014, Captain VanHaverbeke had access to all of the information he needed to perform an accurate analysis of the response operations. And, as the United States acknowledges, Captain VanHaverbeke was aware of the multiple errors in his analysis no later than September 26, when

2

Captain Paskewich pointed them out in his Round 3 report.  The errors were again extensively explored during Captain VanHaverbeke's October 31 deposition. (*See* US Br. at 6)  The United States nevertheless waited months, until the evening on which *Daubert* motions were due, to disclose VanHaverbeke's new analysis.  There is simply no excuse for such gamesmanship. *See 1488, Inc. v. Phlsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991) (exclusion of untimely expert disclosure "is particularly appropriate" where party fails to provide "adequate explanation" for the delay).

Moreover, allowing the United States to disclose the new opinions at this late juncture would prejudice BPXP, which has had no opportunity to question Captain VanHaverbeke about his new analysis or to have its own expert respond.  Captain VanHaverbeke's expert analysis must stand or fall under *Daubert* based on the content of his expert report; he is not entitled to a "do-over" three months after his expert report was due, and after BPXP's opportunity for rebuttal and discovery on the new analysis has long passed.

The United States asserts that Captain VanHaverbeke's flawed effectiveness calculations are "immaterial" to his "opinion that burning and dispersing oil does not remove it from the environment…."  (US Br. at 6, 8)  But the United States ignores the fact that Captain VanHaverbeke purports to assess "the effectiveness of the *Deepwater Horizon* removal efforts," which includes burning, dispersing, *and* skimming operations. (*Id.* at 6; *see* U.S. Pretrial St. at 6-7, Rec. Doc. 13901 ("Capt. VanHaverbeke will testify that BPXP's evaluation of the response inflates its effectiveness"))  By his own admission, Captain VanHaverbeke has presented no accurate analysis of that issue in any of his expert reports.  (Ex. A, VanHaverbeke Dep. at 143:10-18)  This Court should therefore preclude Captain VanHaverbeke from presenting any assessment of the effectiveness of the Response under *Daubert*.

## II. Captain VanHaverbeke's Dispersant Opinions Should Be Excluded.

Captain VanHaverbeke based his dispersant opinions on information that he obtained from Admiral Mary Landry in a private interview that he conducted just *four days* after this Court ruled, for the *second time*, that the United States could not present Landry as a witness. The law and the record make clear that the United States cannot use Captain VanHaverbeke as a "mouthpiece" for a fact witness whom this Court has twice ordered could not testify.

*First*, the United States' assertion that it can comply with this Court's Orders merely by not calling Admiral Landry as a fact witness is incorrect. (US Br. at 11)  In its opening brief, BPXP cited multiple cases holding that a party violates a court order when its expert repeats information that the court has ruled cannot be admitted. (BP Br. at 4, 11-12)  Nowhere in its Opposition does the United States attempt to distinguish these cases.

*Second*, the United States tries to downplay Captain VanHaverbeke's reliance on Admiral Landry by characterizing it as "limited." (US Br. at 9-11)  In particular, the United States asserts that "nowhere in [the dispersant section of his Round 2 report] does Captain VanHaverbeke quote or cite to his interview of Admiral Landry and the interview was not the sole basis for any opinion offered therein." (*Id.* at 9)  But Captain VanHaverbeke not only references the interview on the very first page of his Round 2 report, he also testified that he relied "directly on [his] conversation with Admiral Landry," rather than the documentary record available to all parties, in forming his dispersant opinions. (BP Br. Ex. A, 9/12/14 VanHaverbeke Rpt. at 1; Ex. A, VanHaverbeke Dep. at 209:11-19; *see also id.* at 220:23-222:2; 244:6-20)  And Captain VanHaverbeke relied on his interview of Admiral Landry as the sole basis for key aspects of his opinions. (Ex. A, VanHaverbeke Dep. at 227:20-228:1)

*Third*, Captain VanHaverbeke's reliance on Admiral Landry is prejudicial to BPXP,

4

which did not have the opportunity to seek discovery about or address that information in its expert reports. The United States' assertion that this prejudice is mitigated because BPXP had the opportunity to question *Captain VanHaverbeke* about his interview of Admiral Landry rings hollow. BPXP should not be forced to accept the recollection of an opposing party's expert, but rather is entitled to explore fact witness testimony directly. In his deposition, Captain VanHaverbeke recounted statements that Admiral Landry apparently made during their interview about specific events and conversations with which she was involved regarding the use of dispersants. BPXP expects that Captain VanHaverbeke will invoke these same untested statements to support his opinions at trial. In contending that BPXP elected not to depose Admiral Landry during the Penalty Phase, the United States ignores the salient issue here — that this Court *twice* ordered that Admiral Landry would not be a witness in this case, thus mooting the need for her deposition. (US Br. at 12) While Admiral Landry was deposed during Phase 2, VanHaverbeke explored in his interview issues that were not addressed during that deposition — explaining why the United States arranged for the interview rather than relying on that transcript.

*Finally*, the United States points to the fact that Bruce Den Uyl, one of BPXP's experts, interviewed individuals whom the United States has not deposed. (US Br. at 11 & n.5) The United States again misses a key distinction: unlike the people whom Mr. Den Uyl interviewed, Admiral Landry was the subject of two prior Court Orders precluding the witness from providing the exact same testimony that the party is now attempting to elicit through its expert.

## **CONCLUSION**

For the forgoing reasons, BPXP respectfully requests that the Court enter an order precluding Captain VanHaverbeke from offering expert opinions and testimony relating to (1) the effectiveness of the *Deepwater Horizon* Response, and (2) dispersant use and limitations.

Date: December 22, 2014                    Respectfully submitted,


                              */s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia ("Carrie") Karis, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. ("Mike") Brock
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

***Attorneys for BP Exploration & Production, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of December, 2014.

*/s/ Don K. Haycraft*