UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig  "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL No. 2179<br><br>SECTION "J" |
| This Document Relates To:<br><br>No. 12-970, Bon Secour Fisheries, Inc., et al., v. BP Exploration & Production Inc. et al. | * * * * * * | JUDGE BARBIER<br><br><br><br>MAGISTRATE JUDGE SHUSHAN |

CLAIMANTS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE CLAIMS MATERIALS UNDER SEAL

Claimants Kevin S. Smith, Solomon J. Fleischman, and John C. Kelly, by and through their attorneys, seek leave to file under seal the record of their Claims in the Court-Supervised Settlement Program, including their Appeals and requests for discretionary review thereof.[1] The Claims at issue are Claim ID XXX632, Claim ID XXX390, and Claim ID XXX567. Each is or will be the subject of an appeal to the U.S. Court of Appeals for the Fifth Circuit. Docketing these materials will assist both the parties and the Fifth Circuit the by ensuring that the full record of the Claims is available to the appellate court. The record of these Claims, however, contains confidential personal and financial information which could harm Claimants if disclosed. Accordingly, any filing must be under seal to preserve their confidentiality.

BACKGROUND

BP has previously filed notices of appeal from this Court's denial of discretionary review of a number of Claims in the Settlement Program. In these appeals, which are pending as Nos.

---

[1] Unless otherwise specified, terms with initial capital letters in this memorandum have the same meaning ascribed to those terms in the *Deepwater Horizon* Economic and Property Damages Settlement Agreement As Amended on May 2, 2012 (hereinafter the "Agreement").

1

13-31296, 13-31299, and 13-31302 in the Fifth Circuit, Class Counsel and BP have contested whether decisions by the Claims Administrator and/or an Appeal Panelist and/or the District Court all give rise to an immediate right to appeal to the Fifth Circuit.  BP has claimed that a right of appeal exists.  In March of 2014, the Fifth Circuit carried motions addressing BP's position with each of these appeals, and oral arguments were heard on October 6, 2014.  Until such time as the Fifth Circuit provides direction concerning the rights of appeal for the 100,000 plus class members from denial of discretionary review by the District Court, Claimants may decide to file notices of appeal on these decisions to fully protect their rights with respect to these Claims until further clarification by the Fifth Circuit.

Claimants Smith and Fleischman have filed such appeals.  These individuals noticed appeals to the United States Court of Appeals for the Fifth Circuit from this Court's Denials of Requests for Discretionary Court Review of Claims ID XXX632 and Claim ID XXX390, respectively.  *See* Rec. Doc. 13881, 13882, 13932, & 13934.[2]  Claimant Kelly anticipates noticing an appeal to the Fifth Circuit with respect to Claim ID XXX567.

## DISCUSSION

Pursuant to the Agreement and this Court's May 20, 2013 and July 16, 2013 Orders, Claims materials are processed through the Settlement Program without filing the relevant documents on this Court's docket.  *See, e.g.*, Rec. Doc. 10185, 10185-1 & 10759.  Under the circumstances of these Claims, filing materials on the docket would assist the Clerk of Court in compiling a record on appeal, as well as ensure that a full presentation of the relevant materials and issues considered is available to the appellate court.

---

[2] All references to "Rec. Doc." refer to the docket in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-2179 (E.D. La.) ("MDL 2179").

The documentation submitted in support of Claims, however, includes confidential personal and financial information about both the Claimants themselves and their business. Such information is protected from disclosure by orders of this Court and the terms of the Agreement. *See* Rec. Doc. 6573 & 6822; Agreement, Section 4.4.1; *see also* Rec. Doc. 12591 & 13000. As an initial matter, this Court's May 22, 2012 Order Regarding Settlement Implementation directed that all "Claims Information" is "deemed 'confidential' under Pre-Trial Order No. 13." *See* Rec. Doc. 6573 ¶ 4.[3] Additionally, this Court's June 29, 2012, Order [Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement] (Rec. Doc. 6822) retains prior limits on, and further addresses, confidentiality of claims materials. *See* Rec. Doc. 6822 (stating, among other things, that "All Claims Information [as defined in the Order] shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court"); *see also* Agreement, Section 4.4.1 (directing, in the context of the Transition Process, that all claims-related information and data "shall be treated by the Settlement Program and the Parties and counsel as 'confidential' under Pre-Trial Order No. 13").

These Orders, and the Agreement's restrictions on disclosure of claims-related materials and information serve an important function in protecting Claimants and implementing the Agreement. Without assurances that sensitive information, such as social security numbers, business records, and other materials required in support of a Claim, would be protected from disclosure, Claimants would be reluctant to participate in the Settlement Program. *Cf. Lewis v. Am. Honda Motor Co., Inc.*, CIV. A. 90-4384, 1991 WL 211580 (E.D. La. Oct. 4, 1991) (granting protective order because disclosure of "competitively sensitive data could certainly

---

[3] For purposes of this Order, the term "Claims Information" encompasses all "claims-related information and data." *See id.* ¶ 3.

result in economic hardship"). Public disclosure of the record of Claims could expose Claimants to the risk of identity theft or competitive disadvantage, and would unduly infringe on Claimant's privacy by making public detailed financial records and personal information. Here, permission to file under seal is appropriate and necessary to protect and avoid unduly burdening Claimants and facilitate judicial review of their appeals. *Compare Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984) (recognizing the potential for abuse of information obtained in litigation); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (explaining that "Rule 26(c) authorizes the district court to issue "*any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden"). *See also Reichert v. Starring*, No. CIV.A. 11-2171, 2011 WL 4404117, at *1-2 (E.D. La. Sept. 21, 2011) (allowing exhibits containing proprietary information to be filed under seal); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. CIV. A. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (ordering that an "exhibit contain[ing] sensitive and proprietary financial information" be placed and maintained under seal). Claimants therefore respectfully request that the Court grant leave to file under seal the relevant materials that were available to the Court in considering their requests for discretionary review of their Claims, and that the Court maintain these materials under seal.

## CONCLUSION

For the reasons set forth above, Claimants Kevin S. Smith, Solomon J. Fleischman, and John C. Kelly respectfully request that this Court grant their motion and enter an Order directing that they shall file under seal the relevant materials that were available to the Court in considering their requests for discretionary review of their Claims.

December 31, 2014					Respectfully submitted,


						__/s/ *Kevin R. Dean*_____

						Joseph F. Rice
						Kevin R. Dean
						Frederick C. Baker
						Lisa M. Saltzburg
						MOTLEY RICE LLC
						28 Bridgeside Blvd.
						Mt. Pleasant, SC 29464
						(843) 216-9000
						(843 216-9450 (fax)
						jrice@motleyrice.com
						kdean@motleyrice.com
						fbaker@motleyrice.com
						lsaltzburg@motleyrice.com

						Louis Kwall
						KWALL, SHOWERS & BARACK, P.A.
						133 North Fort Harrison Ave.
						Clearwater, FL 33755
						(727) 441-4947
						(727) 447-3158 (fax)
						Louis@ksblaw.com

						*Attorneys for Claimants Kevin S. Smith, Soloman J. Fleischman, and John C. Kelly*

## **CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31st day of December, 2014.

                                                                                       ___/s/___*Kevin R. Dean*_____
                                                                                       Kevin R. Dean