UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: 10-4182, 10-4183, 13-2645,<br>　　　　　　13-2646, 13-2647, 13-2813 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

<u>ORDER</u>

**[Regarding Alabama Damage Cases – Alabama's Motion to Compel (Rec. doc. 13511)]**

Alabama seeks an order requiring Defendants, BPXP, Anadarko, MOEX, Halliburton, and Transocean, to respond to interrogatory nos. 13, 43 and 46. Rec. doc. 13511.[1] BPXP filed an opposition and Alabama filed a reply. Rec. docs. 13595 and 13684.

**1. <u>Interrogatory No. 13</u>.**

> To the extent that you contend you are entitled to an offset to the State's economic losses resulting from the oil spill, provide a detailed description supporting your contention, including, but not limited to, the value of the offset you contend you are entitled to, all payments and/or contributions, date of payments and/or contributions, the recipient of the payments and/or contributions, the payor of the payments and/or contributions, the designated use of said payments and/or contributions, and the resulting impact you contend effectuates an offset.

Rec. doc. 13511 (Memorandum at i [Discovery Requests at Issue]).

Alabama simplifies this to a "list of those expenditures that could reduce the trier of fact's judgment of damages via counterclaim or credit." Id. at 2. It contends the information is relevant to its defense against Defendants' counterclaims and credits. Id. at 3. It urges that for the Court to rule on its motion to dismiss, Defendants must provide the Court with: (1) a list of the BP expenditures that it contends entitles it to a set-off credit or serve as the basis of a set-off

---

[1] Transocean and MOEX reached stipulations with BPXP and Alabama relieving them of participation in the trial. Rec. docs. 13673 and 13951. No oppositions were filed by Anadarko or Halliburton, but the requested discovery is not directed to them.

counterclaim; and (2) enough factual information about these expenditures to determine whether Defendants' set-off claims survive Eleventh Amendment scrutiny.

BPXP responds that: (1) interrogatory no. 13 is a contention interrogatory; (2) it responded fully with the information available to it; (3) there are five grants at issue;[2] (4) it cannot provide more information without Alabama providing information on how it spent the grant monies;[3] and (5) Alabama has not identified its unreimbursed response costs so that BPXP can identify the alleged unreimbursed response costs for which Alabama was reimbursed.

Alabama replies that if these five grants are the sole and exclusive basis for Defendant's potential counterclaims and credits, its motion to compel is moot as to interrogatory no. 13.

Alabama's interrogatory no. 13 is a contention interrogatory. It is premature. The motion to compel is denied as to this interrogatory without prejudice.

**2. Interrogatory No. 43**.

> To the extent that Alabama businesses and individuals sought recovery of economic losses associated with the oil spill from YOU, identify, by claims process (BP internal claims program, GCCF, DWH Transition, DWH Settlement Program *et al*.), month, year, and geographic area of origin, the amount(s) sought for recovery.

Rec. doc. 13511 (Memorandum at i [Discovery Requests at Issue]).

Alabama contends that the information sought in this interrogatory is relevant for two reasons. First, if BPXP argues that the tax liability arising from the payment of a claim reduces Alabama's claim for lost tax revenue, information on the amount claimed by an Alabama resident (rather than the amount paid to the Alabama resident) presents a clearer view of whether BP's payment fully compensated the Alabama resident. Second, if BPXP's experts extrapolate

---

[2] The five grants total $93 million. They are: (1) May 2010 block grant for $25 million; (2) June 2010 block grant for $25 million; (3) May 2010 grant for $15 million for tourism; (4) March 2011 grant for $16 million for tourism; and (5) August 2010 grant for $12 million for mental health. Rec. doc. 13595 at 3.

[3] This is one of the issues in Defendants' motion to compel. Rec. doc. 13512.

Alabama's tax revenue loss from BP's payments to Alabama residents, the amount claimed by the Alabama residents is pertinent to weighing the credibility of the expert's opinion. Id. at 6.

BPXP describes Alabama's claims as predicated on a purported reduction in its tax revenue as a result of economic harm allegedly suffered due to the oil spill. As to Alabama's first argument, BPXP contends that the amount claimed by Alabama residents is not persuasive of the actual amount of their damages. As to the second argument, BPXP contends that Alabama provides no explanation as to how the amount claimed by its residents would aide in evaluating an expert's analysis of Alabama's alleged tax revenue loss based on payments made to Alabama residents in response to their claims. Rec. doc. 13595 at 6-9.

Alabama replies:

> The "circumstances of the pending action,"—i.e. BP stating that evidence of third-party claims payments is part of its mitigation defenses—warrant production of the requested information so that the State can be armed with some of the information necessary to impeach BP's expert opinion that claims payments are relevant in determining the net value of Alabama's claims.

Rec. doc. 13684 at 2.

At its simplest level, the parties indicate that, by way of example: (1) Alabama will contend that its tax revenues were reduced because a beach front restaurant did less business in the aftermath of the spill; (2) the restaurant submitted a claim for its losses from the spill; (3) BP paid part but not all of the claim; (4) as a consequence of the payment, the restaurant paid taxes to Alabama; and (5) Defendants may claim that the restaurant's payment of taxes as a result of BP's payment to it, reduces Alabama's claim for loss of tax revenues.

Assuming *arguendo* that the amount claimed by the restaurant was a completely accurate statement of its loss, the difference between the amount claimed and the amount paid may have marginal relevance to Alabama's claim for lost tax revenues. As argued by BPXP, in most cases

the amount claimed will not be persuasive of the actual loss which substantially reduces the marginal relevance of the information. BPXP demonstrates significant burdens in retrieving the information. Rec. doc. 13595 at 9. The burden of retrieving the information outweighs its likely benefit.

   Alabama's motion to compel is denied as to Interrogatory no. 43.

**3. Interrogatory No. 46**.

> Identify the State of permanent residence of all participants in YOUR oil spill response activities in Alabama, including the Vessels of Opportunity program.

Rec. doc. 13511 (Memorandum at i [Discovery Requests at Issue]).

   Alabama contends the state of residence information is relevant. If the response worker lived in Texas, for example, the worker may not have paid Alabama taxes. BPXP will not be able to argue that the payments to the worker (a Texas resident) while employed in Alabama in the clean-up efforts increased Alabama's tax revenues. Id. at 8-9. BPXP responds that a non-resident of Alabama is subject to tax on all income for services performed in Alabama and the permanent residence of the worker will not determine the tax liability to Alabama. Rec. doc. 13595 at 11. Alabama replies that under its tax code, a non-resident's personal income is determined by the percentage of his Alabama income divided by all sources of income. It argues that to reliably determine Alabama taxes owed by spill response workers, one must know the state of residence and the non-residents' income in other states. Rec. doc. 13684 at 3.

   Assuming BPXP contends that Alabama received tax revenue from workers involved in the response efforts in Alabama, including VOO participants, the permanent residence of the workers is relevant.

   BPXP reports limitations in its ability to retrieve the information sought by Alabama, in part, because the workers were employed by third parties. Rec. doc. 13595 at 12-13. Alabama

4

wants copies of the contracts with the third parties to test BPXP's ability to retrieve the information from the third parties.

Alabama's motion to compel is granted in part as to Interrogatory no. 46. BPXP shall provide the following: (1) the state of residence for the BP employees that worked on the response in Alabama in a supervisory or management role; (2) the "Home State" information that workers self-reported when receiving a badge from one of the Unified Area Command Incident Command Posts; and (3) a randomly selected sample of ten contracts with the Vessels of Opportunity program were the vessels worked on the response in Alabama.

**4. Schedule**.

The parties shall meet-and-confer to reach agreement on a schedule for BPXP's compliance with this order. If they are unable to agree, they shall report to the Court.

IT IS ORDERED that Alabama's motion to compel (Rec. doc. 13511) is DENIED without prejudice as to Interrogatory no 13, DENIED as to Interrogatory no. 43, and GRANTED in PART and DENIED in PART as to Interrogatory no. 46, all as provided herein.[4]

The deadline for any appeal of this order is **January 16, 2015**.

New Orleans, Louisiana, this day of 31st day of December, 2014.

                                                **SALLY SHUSHAN**
                                                **United States Magistrate Judge**

---

[4] Alabama reserved its rights over certain other issues. Rec. doc. 13511 at 10-11. It did not seek the added relief.