IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| Applies to: | * * | |
| Trinity Offshore v. BP Exploration & Production, et al | * * * | HONORABLE CARL J. BARBIER |
| No. 2:13-cv-01222 | * * * | MAGISTRATE JUDGE SHUSHAN |

**BP EXPLORATION & PRODUCTION INC.'S ANSWER TO THE THIRD SUPPLEMENTAL AND AMENDING COMPLAINT OF TRINITY OFFSHORE, LLC (GULF COAST SHIPYARD GROUP, INC., F/K/A GULF COAST SHIPYARD OPERATIONS, INC.)**

Defendant BP Exploration & Production Inc. ("BPXP"), by its undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers the Third Supplemental and Amending Complaint of Trinity Offshore, LLC, (Rec. Doc. 13719) as follows[1]:

**NOW COMES PLAINTIFF**, Gulf Coast Shipyard Group, Inc., f/k/a Gulf Coast Shipyard Operations, Inc., through undersigned counsel, who does allege, aver and represent as follows:

1. Plaintiff filed the above captioned action in this Court on April 18, 2013.

**ANSWER:**

BPXP admits the allegations of this paragraph.

---

[1] Discovery with regard to the subject matter of the allegations in plaintiff's complaint is ongoing and not complete, and certain information thus remains unavailable to the BPXP at this time, and BPXP therefore specifically reserves the right to amend or supplement its answers and affirmative defenses to the allegations in plaintiff's complaint as additional facts and expert opinions become known to it.

1

2. Plaintiff filed its First Supplemental and Amending Complaint as a matter of course pursuant to F.R.C.P. 15(a)(1) on April 25, 2013.

**ANSWER:**

BPXP acknowledges that this filing occurred.

3. Plaintiff filed its Second Supplemental and Amending Complaint pursuant to this Court's Scheduling Order dated June 3, 2014.

**ANSWER:**

BPXP admits the allegations of this paragraph.

4. Plaintiff now seeks leave to file its Third Supplemental and Amending Complaint with this Court.

**ANSWER:**

BPXP acknowledges the Plaintiff's desire to file its Third Supplemental and Amending Complaint.

5. Plaintiff incorporates by reference each and every allegation, claim, cause of action, and prayer for relief described in its original Complaint, its First Supplemental and Amending Complaint, and its Second Supplemental and Amending Complaint, except as follows.

**ANSWER:**

BPXP incorporates by reference each and every allegation, answer, response to cause of action, and response to prayer for relief described in its original Answer to the First Supplemental and Amending Complaint (Rec. Doc. 13062), including BPXP's General Denial, all 26 of its Affirmative Defenses, and its reservation of rights to supplement or amend its affirmative defenses and this Answer.

6. Plaintiff desires to amend its Complaint to delete paragraphs 7 - 9.

**ANSWER:**

BPXP acknowledges the Plaintiff's desire to delete these paragraphs and notes that the legal effect of doing so is to leave BPXP as the sole defendant in this action, as is consistent with OPA and the OPA Test Case procedures established to govern this case.

7. Plaintiff desires to amend its Second Supplemental and Amending Complaint as follows:

> **1bb. On or about June 6, 2013, Gulf Coast Shipyard Operations, Inc. filed an amendment to its Articles of Incorporation changing its name to Gulf Coast Shipyard Group, Inc.**

**ANSWER:**

BPXP acknowledges the Plaintiff's desire to amend its Second Supplemental and Amending Complaint in the subparagraph immediately above and responds as follows:

> **1bb.  BPXP lacks knowledge or information sufficient to form a belief about the truth of the allegations of sub-paragraph 1bb, and therefore denies them.**

8. Plaintiff further desires to amend paragraph 1c. of its Second Supplemental and Amending Complaint to read:

> **"Gulf Coast Shipyard Group, Inc. f/k/a Gulf Coast Shipyard Operations, Inc., a Delaware corporation, is the legal owner of the claim and is a proper party plaintiff herein."**

**ANSWER:**

BPXP acknowledges the Plaintiff's desire to amend its Second Supplemental and Amending Complaint in the subparagraph immediately above and responds as follows:

> **BPXP lacks knowledge or information sufficient to form a belief about the truth of the allegations of the unnumbered sub-paragraph appearing above, and therefore denies them.**

9.      Plaintiff further desires to amend its Second Supplemental and Amending Complaint as follows:

**WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and in solido, as follows:**

    **(a) Economic and compensatory damages in amounts to be determined at trial;**

    **(b) Pre-judgment and post-judgment interest at the maximum rate allowable by law; and**

    **(c) Such other and further relief available under all applicable federal laws and any relief the Court deems just and appropriate.**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and in solido, as follows:

    (a) Economic and compensatory damages in amounts to be determined at trial;

    (b) Pre-judgment and post-judgment interest at the maximum rate allowable by law; and

    c) Such other and further relief available under all applicable federal laws and any relief the Court deems just and appropriate.

**ANSWER:**

BPXP acknowledges the Plaintiff's desire to amend its Second Supplemental and Amending Complaint's prayer for relief and responds as follows:[2]

BPXP acknowledges the Plaintiff's desire to amend its Second Supplemental and Amending Complaint prayer of relief but BPXP denies that Plaintiff is entitled to any relief in this action.  Additionally, BPXP denies that Plaintiff can pursue attorneys' fees or costs even under the guise of a catch-all concerning "further relief."  Finally, BPXP notes that the newly amended prayer of relief refers to seeking judgment against "Defendants" plural, despite the fact

---

[2]  BPXP answers here on the premise that the repetition of the same prayer for relief following Plaintiff's "WHEREFORE" — one such prayer bolded and one not bolded — is inadvertent and carries no substantive significance.

that BPXP is now the only remaining (and legally proper) defendant.  For this same reason, the request of relief "jointly, severally, and in solido" is also in legal error.

Dated:  January 5, 2015          Respectfully submitted,

/s/  Don K. Haycraft

| | |
|---|---|
| Richard C. Godfrey, P.C. | Don K. Haycraft (Bar #14361) |
| J. Andrew Langan, P.C. | LISKOW & LEWIS |
| Matthew T. Regan, P.C. | 701 Poydras Street, Suite 5000 |
| KIRKLAND & ELLIS LLP | New Orleans, LA  70139-5099 |
| 300 North LaSalle Street | Telephone:  (504) 581-7979 |
| Chicago, IL  60654 | Facsimile:  (504) 556-4108 |
| Telephone:  (312) 862-2000 | |
| Facsimile:  (312) 862-2200 | |

Christopher W. Keegan
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
Telephone:  (414) 439-1400
Facsimile:   (414) 439-1500

Robert C. "Mike" Brock
Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

*Attorneys for BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of January 2015.

                                                    /s/ Don K. Haycraft