# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile::
(312) 862-2200

December 24, 2014

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

I am writing to follow up on the discussion during the last Status Conference regarding the Court's Order on BPXP's motion to strike the expert reports of Walter Cantrell and to exclude evidence relating to prior incidents. (Rec. Doc. 13867.) BPXP disagrees with the Government's position that the Order permits the Government to self-select and introduce a "handful" of documents relating to the four prior incidents, including investigation reports prepared after each incident. Instead, BPXP respectfully seeks confirmation that the Government is permitted to introduce only the guilty plea for each incident, which includes the factual basis contained in each plea agreement.

In its Order, the Court summarized the parties' positions and noted the Government's representation that "[e]ach prior violation at issue rests on a guilty plea, *including* the agreed upon factual basis for that violation." (Rec. Doc. 13867 at 4, citing Rec. Doc. 13637 at 7 (emphasis added).) The Court precluded the Cantrell expert reports and ruled that "[t]he U.S. may admit into evidence the factual basis and guilty plea for each prior incident." (Rec. Doc. 13867 at 6.)

The Government's current position – that the Order permits the introduction of evidence in addition to the guilty pleas and the factual bases contained therein – is inconsistent with the express language of the Court's Order and the Government's prior representation that the guilty pleas "include" the factual basis for each incident. Indeed, the relevant plea agreements include a section titled "Factual Basis" that recites the agreed upon facts relating to the incident and giving rise to the plea.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 24, 2014
Page 2

      In seeking to introduce documents other than the plea agreements, such as various investigation reports, the Government is attempting an end-run around the Order by seeking to introduce the very documents upon which the excluded Cantrell reports rely.  In its opposition to BPXP's motion, the Government emphasized that Admiral Cantrell's opinions are based exclusively on the investigative reports it is now seeking to introduce and the plea agreements: "Additionally, Admiral Cantrell has reviewed and relied on BP's own investigation reports in forming his opinion regarding the similarities among the incidents.  Thus, Admiral Cantrell, in limiting his review to plea agreements and BP investigation reports…." (Rec. Doc. 13637, at 7; *see also id.*, at 2 ("The expert opinion proffered by Admiral Cantrell will succinctly summarize BP's past failures based upon BP's own statements and reports."); Cantrell Dep. at 33 ("Q. And with respect to the prior incidents, you limited your review to causes identified in the investigation reports undertaken by BP or on behalf of BP?  A. That's correct.").

      If the Government is permitted to go beyond the plea agreements and introduce a "handful" of self-selected documents, including the investigation reports relied upon by Cantrell, and to cite those documents in its post-trial findings in order to recreate Cantrell's precluded opinions, BPXP should be permitted to defend itself by introducing its own additional evidence relating to the prior incidents.  This would include documents regarding the efforts to learn and share lessons from each incident, the extensive process safety improvements and follow-up to each incident, and the many specific post-incident initiatives, programs and process safety policies that the Government will undoubtedly fail to acknowledge.  The result would be a "further presentation of process safety evidence in the Penalty Phase [that] would be cumulative and would require the Court to re-evaluate evidence on which a final ruling has been rendered," which is exactly what the Court's Order is intended to avoid.  (Rec. Doc. 13867 at 6.)

      I have attached the plea agreements from the incidents at Endicott Island, Texas City, and Prudhoe Bay, each of which includes an agreed upon "Factual Basis" section.  The Grangemouth plea was entered in a Scottish court and and BPXP has not been able to locate a document titled "Plea Agreement" such as is typically entered in a criminal proceeding in the United States.  Instead, BPXP has located the attached documents titled "Notice of Special Diet Where Accused Intends to Plead Guilty," which include a summary of the facts giving rise to the charges and are signed by the public prosecutor (known in Scotland as the Procurator Fiscal).  There are separate Notices for each of the two BP entities that pled guilty for the incidents at Grangemouth.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 24, 2014
Page 3

      In sum, BPXP requests that the Court confirm that the Order permits only the introduction of the attached Plea Agreements (for Endicott Island, Texas City and Prudhoe Bay) and the "Notices of Special Diet Where Accused Intends To Plead Guilty" (for Grangemouth). To allow the Government to introduce additional documents would allow the Government to recreate the excluded Cantrell reports and require BPXP to introduce rebuttal evidence, which would be contrary to the language and intent of the Court's Order.

                                      Sincerely,

                                      J. Andrew Langan, P.C.

JAL:jmm
Enclosures

cc:    Steve O'Rourke
       Thomas Lotterman