# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Christopher J. Esbrook
To Call Writer Directly:
(312) 862-2032
christopher.esbrook@kirkland.com

Facsimile:
(312) 862-2200

January 7, 2015

**Via E-mail**
Honorable Joseph C. Wilkinson, Jr.
United States Magistrate Judge
500 Poydras Street, Room B409
New Orleans, Louisiana 70130

Re:   Wisner Donation's Complaint For Breach of Contract - Case No. 14-1525

Dear Chief Judge Wilkinson:

This letter is in reference to Case No. 14-1525 in which the Wisner Donation ("Wisner") seeks damages arising out of an alleged breach of the Access Agreement contract. Specifically, I write to respectfully offer a possible path to judicial resolution of Wisner's contract claim before this Court.

In its July 9, 2014 letter to the Court, BP declined to consent to Case No. 14-1525 proceeding under Federal Rule of Civil Procedure 73. It was BP's position that Wisner's complaint included prayers for relief that went far beyond what could conceivably stem from the plain language of the Access Agreement, including prayers for relief that appeared to be based on OPA and maritime law. BP did, however, also state that if Wisner amended its complaint such that it was limited to the alleged breach of the Access Agreement contract, BP would consider consenting under Federal Rule of Civil Procedure 73.

Since that time, this Court has entered a Report and Recommendation holding, among other things, that Case No. 14-1525 does not include OPA or maritime claims:

> The allegations of the complaint in C.A. No. 14-1525 establish that Wisner's claims are based exclusively on defendant's alleged nonperformance of its contractual obligations under the Access Agreement, which governs the parties' agreed relationship as of August 23, 2010, with respect to the access rights and operations described in the contract. The facts and legal sources regarding BP's performance of its contractual obligations to Wisner are separate from those regarding BP's obligations under federal statutes and other laws that determine responsibility for the spill and its direct effects. I find that the two actions are <u>not</u> based on the same facts, do <u>not</u> involve the same subject matter and do <u>not</u> assert the same cause of action.

Beijing    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KIRKLAND & ELLIS LLP

The Honorable Joseph C. Wilkinson, Jr.
January 7, 2015
Page 2

\* \* \*

> The Access Agreement does not cover any obligations to repair damages caused by the oil that might arise from other legal sources, such as state tort laws, the Oil Pollution Act, the Clean Water Act, the Outer Continental Shelf Lands Act and federal maritime law. Such alleged obligations are the subject matter of other lawsuits and claims by Wisner against BP in this multi-district litigation.

(Rec. Doc. 13366 at 8-9, 19.)

Based on this holding that Wisner's claims are based exclusively on the alleged nonperformance of the contractual obligations under the Access Agreement—and not OPA or maritime claims—resolving Case No. 14-1525 before this Court may now be possible from BP's perspective. Consistent with its July 9, 2014 letter, therefore, BP is willing to consent under Rule 73 should Judge Barbier choose to refer this action to Chief Magistrate Judge Wilkinson for determination of Wisner's breach of contract claim, *i.e.*, whether BP breached the Access Agreement and whether the damages alleged in Case No. 14-1525 were caused by such a breach.

While BP is still unwilling to consent to have Wisner's *DWH* lawsuits including OPA and maritime claims proceed under Rule 73 (Nos. 10-2771 Rec. Doc. 326; 12-1971; 10-8888 Rec. Doc. 133248; and 10-9999 Rec Doc. 401), BP respectfully requests a status conference to discuss a possible path to resolution of Wisner Case No. 14-1525 before this Court. Or, if the Court prefers, BP can move before Judge Barbier for a reference to this Court for the resolution of Case No. 14-1525.

Respectfully,

Christopher J. Esbrook

cc: Soren E. Gisleson, Esq.
James Parkerson Roy
Calvin C. Fayard
C. Caroline Fayard
Fred Herman
Walter Leger, Jr.
Joel Waltzer
Robert Wigyul