# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | **MDL 2179** |
| **"Deepwater Horizon" in the** | * | **SECTION: "J" (1)** |
| **Gulf of Mexico, on April 20, 2010** | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |
| ***This Document Relates To:*** | * | |
| **Andry Law Group, et al. v. CNA Financial, et al.** | * | |
| **Civil Action No: 2:14-cv-600** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY, SEVER AND TRANSFER

**MAY IT PLEASE THE COURT:**

### I.       *Facts and Procedural History*

The purpose of Plaintiffs' motion is to effectuate the timely resolution of a contractual dispute concerning the interpretation of a professional liability policy between Plaintiffs, as the insureds, and the insurer.  The underlying matter results from an insurance coverage dispute between Jonathan Andry and his professional malpractice carrier Continental Insurance Company ("Continental").  Continental refused Plaintiffs' demand for defense, forcing Plaintiffs to seek declaratory judgment.  Plaintiffs' state action was removed to the U.S. Eastern District Court based upon diversity jurisdiction and assigned to Judge Sarah Vance.  Judge Vance thereafter transferred the matter to Section J as "related" to the BP Deepwater Horizon MDL-2179, wherein the matter was stayed pursuant to previously entered case management orders.  Plaintiffs now seek relief from that stay.

Mr. Andry, ***through his law practice***, represented individuals and businesses harmed by the

BP Deepwater Horizon explosion and subsequent oil spill that occurred on or about April 20, 2010. In fulfillment of his professional responsibilities, Mr. Andry had contracted with defendant Continental to provide professional liability insurance.  During the pendency of that policy period, on July 2, 2013, the Court appointed Louis J. Freeh as Special Master pursuant to Federal Rule of Civil Procedure 53 to conduct an expansive investigation into the allegations concerning two DHECC Claims Administrator's Office lawyers and to make recommendations based upon his findings.  The Special Master conducted a 66-day investigation to which Plaintiffs were obligated to fully cooperate.

Mr. Andry tendered to Continental written notice of the Court's Show Cause Order and associated professional obligations of cooperating with Special Master's investigation, requesting that Continental fulfill the covenants of its insurance policy.  Continental's contractual duty was invoked by the Court's Show Cause Order because that Order constituted a demand for service within the ambit of Continental's policy.  Continental refused to meet its obligation, and suit was brought.  Plaintiffs posited both that Continental erroneously (and arbitrarily and capriciously) refused to reimburse the legal fees and costs already advanced in complying with the orders of the Court, and erroneously (and arbitrarily and capriciously) refused to honor its defense obligation for the Court's ongoing demand for services.

Expeditious resolution of this dispute was contemplated at Judge Vance's scheduling conference, resulting in the parties moving for partial summary judgment addressing the coverage issue without conducting any discovery.  Just prior to the submission date of those motions, Judge Vance determined that the matter was "related" to the BP MDL litigation and transferred it. Thereafter, the matter appeared to be consolidated and stayed automatically pursuant to this Court's

Pre-Trial Order 15.[1]

However, this contractual dispute should not be considered either a "tag along" or a related case to the BP Oil Spill MDL.  It should be resolved, and Plaintiffs desire that the matter be expeditiously returned to the section where it was originally allotted and/or assigned to the magistrate for resolution.

**II.     Argument**

  **A.     *Plaintiffs' Declaratory Action Should Not Be Consolidated With The MDL As It Is Not a Tag-Along Case***

The *Rules Of Procedure Of The United States Judicial Panel On Multi-District Litigation*, Rule 1.1, defines a "tag-along action" as "a civil action pending in a district court which involves common questions of fact with (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407."

Even if the court were to determine that the instant professional liability contract action involved common questions of fact as those that form the basis of the Deep Water Horizon MDL, the matter could not be considered a tag-along action as it has neither been subject of a  motion to transfer to create an MDL or an action that the MDL panel has considered.  This assertion is supported by U.S. Fifth Circuit precedent.

---

[1]

  On August 10, 2010, the United States Judicial Panel on Multidistrict Litigation issued its Transfer Order in the *In Re: Oil Spill By The Oil Rig "Deepwater Horizon" In The Gulf Of Mexico, On April 20, 2010*. (Rec. Doc. 1).  In that transfer order, a distinct number of specifically identified actions were transferred to this Court "for coordinated or consolidated pretrial proceedings with the actions pending in the district and listed on Schedule A." (*Id*., p. 6 of 20).  Thereafter, this Court ruled that "[a]ny 'tag-along actions' later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders." (Rec. Doc.2, p. 3, §3).  By Order dated October 19, 2010, the court recognized a third set of cases, that being "all related cases originally filed in this Court or transferred or removed to this Court." (Rec. Doc. 569, p. 2, § I).

In *D & S Marine Services, L.L.C. v. Lyle Properties, L.L.C.*, --- Fed.Appx. ----, 2013 WL 6054358 (C.A.5 (La.),2013), an aggrieved party appealed the district court's denial of its motion to transfer for purposes of consolidation with the Deepwater Horizon Multidistrict litigation. Because of the vagueness of the appellant's papers, the appellate court was unclear on whether the underlying motion to transfer was brought under 28 U.S.C. § 1407—governing multidistrict litigation—or as a simple motion to transfer venue under 28 U.S.C. § 1404. Thus, the Court analyzed both situations.[2]

In upholding the trial court's denial of transfer to the Deepwater Horizon MDL, the Fifth Circuit confirmed that motions to consolidate and transfer actions as part of a multidistrict litigation are governed by 28 U.S.C. § 1407. Specifically, the statute mandates that "[s]uch transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id*. By rule then, such a "transfer may be initiated in one of two ways: (1) the judicial panel on multidistrict litigation may transfer an action of its own initiative; or (2) a party may file a motion to transfer and consolidate with the judicial panel on multidistrict litigation." *D & S Marine Services*, at *3. Because neither of the requirements to consolidate into an MDL are met in the present matter, and in light of Fifth Circuit precedent (that a "district court lacked authority to transfer the case between sections to the MDL." *Id*., at *3), Plaintiffs declaratory action should be consolidated with the MDL. Thus, this Court should sever the matter and return it to Judge Vance's division.

---

[2] The case involved a vessel charter dispute alleging a breach of a contract for charter hire. The connexity to the Deepwater Horizon MDL was a master service agreement with BP wherein a vessel was to assist with oil spill clean-up, and the subject dispute developing between parties to a subsequent sublease of the vessel.

4

**B.        Plaintiffs' Declaratory Action Is Not A Related Case And Should Not Be Delayed**

28 U.S.C. §1404 (b) authorizes "transfer only between different divisions of the same district." *Clinton Foods v. U.S.*, C.A.4 (W.Va.) 1951, 188 F.2d 289, certiorari denied 72 S.Ct. 45, 342 U.S. 825, 96 L.Ed. 624.  The Local Rules of The Eastern District, LR3.1.1, allow that "[t]o promote judicial economy, conserve judicial resources, and avoid potential forum shopping, and conflicting court rulings, all actions described in LR 3.1 must be transferred to the section with the lowest docket number..."[3]  This "first to file" rule is grounded in competing principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947 (C.A.5 (Tex.),1997).  As to judicial administration, "[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.*, quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir., 1985).  Yet this interest should not deter, and must be balanced against, a litigant's right to seek redress for an unresolved dispute.

Clearly, district courts have inherent authority to control their dockets.  Yet it is equally well established that "only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "Whether such a circumstance exists depends on a balance between the harm of moving forward and the harm of holding back." *Ali v. Quarterman*, 607 F.3d 1046, 1049 (5th Cir.2010).

---

[3] LR3.1 describes actions that must be transferred pursuant to the first filed rule as "...a civil matter, commenced in or removed to the court, involv[ing] subject matter that comprises all or a ***material part*** of the subject matter or operative facts of another action." [Emphasis added].

For this Court to deem the instant matter related to the MDL, it must make the crucial inquiry of  determining whether there is "substantial overlap" of the issues brought by the Andry plaintiffs in its declaratory action and the Deep Water Horizon explosion.  *Syntek*, at 950.  Within the Fifth Circuit's jurisdiction, the primary analysis turns upon the determination of whether the "core issues" are the same. *International Fidelity Ins. Co. v. Sweet Little Mexico Corp*., 665 F.3d 671, 678 (C.A.5 (Tex.),2011).  When they are not, as here, the court should not abate a party's action under the first to file rule.

That the core issues between the Andry declaratory action and BP MDL are dissimilar was made clear by the Court most recently when it issued its 153 page Findings of Fact and Conclusions of Law (Rec. Doc. 13355).  Further findings are anticipated from the Court resultant from additional trial phases.  None of the issues addressed in the Court's most recent ruling, nor any anticipated in future rulings, speak to the simple professional liability contract interpretation that is subject of Plaintiffs' and Continental's cross motions for partial summary judgment.  The simple dispute between the Plaintiffs and Continental is whether this Court's show cause order necessitated the plaintiff to perform a "service" as that term is used in the policy drafted by the defendant, Continental. The interpretation of this term in Continental's policy of insurance clearly has nothing having to do with the complex engineering principles associated with ultra-deep water exploration drilling, a resulting oil spill and/or the damages caused thereby.

 The present matter has nothing to do with the BP explosion; it is simply an interpretation of an insurance contract.  The issues being litigated in the consolidated matter will neither address nor resolve the legal and factual issues that must be considered in Plaintiffs' declaratory relief action. In fact, the parties appear to agree upon the underlying facts, and simply seek resolution of the legal

issue of whether this Court's Orders required the plaintiff to perform services as that term is used in the context of what makes up a claim under Continental's policy.  Accordingly, Plaintiffs request that the case be transferred back to Judge Vance's division.

**C.    *Alternatively, Movants Seek The Assignment Of The Magistrate To Address The Outstanding Dispute***

If this Court determines that the case is not ripe for transfer, Plaintiffs request that it be assigned to Magistrate Shushan in order that this distinct legal issue can be addressed expeditiously. 28 U.S.C.A. § 636 ( c ) (1) allows that "[u]pon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."  Additionally, the *Local Civil Rules Of The United States District Court For The Eastern District Of Louisiana*, LR 73.3, allows that  "[a] judge of the district court may refer to a magistrate judge by random allotment any other cases or matters permitted by law."

At the time of the initial scheduling conference, Plaintiffs did not consider requesting assignment to the Magistrate because expeditious resolution from the District Court was anticipated. With the entry of the transfer order and subsequent stay, assignment to the Magistrate is precluded. Yet expeditious resolution is still possible by assignment to the Magistrate because "[w]here there has been a consent to a plenary court trial..., Rule 73 and the local rules compel the conclusion that a magistrate may, as fact finder, resolve factual issues at trial, or, to the extent that there are no genuinely disputed issues of material fact, dispose of the case according to Rule 56." *V.W. v. Favolise*, 131 F.R.D. 654 (D.Conn.,1990).

Plaintiffs are cognizant of the workload undertaken by the District Court via the BP MDL and do not downplay the significance of the Court's Pre-Trial Orders.  However, assignment of the matter to the magistrate allows for the expeditious resolution of a contractual dispute that is neither a "tag-along" nor a related case of the Deepwater Horizon MDL.

### III.   Conclusion

As a contractual dispute concerning the interpretation of a professional liability insurance policy, the action between Plaintiffs and the insurer is neither a "tag along" matter subject to inclusion in the Deepwater Horizon MDL, nor a related matter with "substantial overlap" of core issues as presented in the Deepwater Horizon MDL.  Therefore the Court is well within its authority to lift the stay in this matter, sever it from the Deep Water Horizon Oil Spill MDL and transfer it to the section where the matter was originally allotted.

Alternatively, Plaintiffs request that the matter be assigned to the Magistrate for further handling of the pending motions for partial summary judgment.

Respectfully submitted:

**JOANEN LAW FIRM**

By:    */s/ Scott Joanen*
        L. Scott Joanen (#21431)
        3535 N. Causeway Blvd., Ste. 201
        Metairie, Louisiana  70002
        Telephone:  (504) 833-3036
        Facsimile:    (504) 833-7366
        Email:  scott@joanenlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 8th day of January, 2015.

<u>     <i>/s/ Scott Joanen</i>              </u>

Scott Joanen