UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re Oil Spill by the Oil Rig | * | MDL NO. 10-md-2179 |
|     DEEPWATER HORIZON in the | | |
|     Gulf of Mexico on April 20, 2010 | * | JUDGE CARL E. BARBIER |
| | | |
| APPLIES TO  2:10-cv-4182, 2:10-cv-4183. | * | MAG. JUDGE SALLY SHUSHAN |
|     2:13-cv-2645. 2:13-cv-2646, | | |
|     2:13-cv-2647, and 2:13-cv-2813 | * | |

\*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENAS**

MAY IT PLEASE THE COURT:

Danos & Curole Marine Contractors, LLC ("Danos") submits this memorandum in support of its motion to quash subpoenas.

THE SUBPOENAS

The State of Alabama issued subpoenas for document production[1] and for deposition[2] in this matter to Danos on December 23, 2014.  The subpoenas were delivered by certified mail to Danos' agent for service of process, Khanh Labat, on December 29, 2014.[3]  The subpoena for document production sets a return date of January 16, 2015, and the subpoena for deposition sets a deposition date of February 18, 2015.  For the reasons set forth below, Danos requests the

---

[1]Copy of transmittal letter and Subpoena for Document Production ("Document Subpoena") attached as Exhibit A.

[2]Copy of transmittal letter and Subpoena for Testimony at Deposition ("Deposition Subpoena") attached as Exhibit B.

[3]Declaration Under Penalty of Perjury of Labat attached as Exhibit C.

Court to quash the subpoenas, subject to reissuing, and serving properly, subpoenas with a lesser scope and reasonable time for production of the requested documents.

## IMPROPER SERVICE

The subpoenas were served on Danos by certified mail on December 29, 2014. Personal service, as required by Rule 45, was not made, nor were a witness fee and mileage allowance tendered. The Fifth Circuit has held "proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance." *In re Dennis*, 330 F. 3d 696, 704 (5th Cir. 2003). This Honorable Court has quashed subpoenas which were served by certified mail rather than personal delivery. "As stated above, the Fifth Circuit has interpreted Rule 45's requirement of service to be personal, therefore service by certified mail is invalid." *Plata v. Triton Diving Services, LLC*, 2013 WL 3199720, *3 (E.D. La. June 21, 2013), citing *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.,* 2008 WL 4829583 (E.D. La. November 5, 2008).

The subpoenas should be quashed on the above grounds alone. However, to prevent the repetition of overly broad and unduly burdensome document requests and an unreasonable response time in a subsequent subpoena, Danos will address those issues below.

## STANDARD FOR QUASHING

The Federal Rules of Civil Procedure provides certain protections to persons on whom subpoenas are served, specifically:

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) Avoiding Undue Burden or Expense; Sanctions.

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.
>
> (3) Quashing or Modifying a Subpoena.
>
>> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>>
>>> (i) fails to allow a reasonable time to comply;
>>>
>>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>>>
>>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>>
>>> (iv) subjects a person to undue burden.

Fed. R. Civ. P. Rule 45(d).

In the instant case, in addition to quashing both subpoenas based on improper service, the subpoena for production of documents should be quashed as overly broad and unduly burdensome on Danos, and as the time for compliance is not reasonable in light of the tremendous scope of the document request.

## UNDUE BURDEN AND EXPENSE

Under Rule 45(d)(1), the State of Alabama has a duty to "avoid imposing undue burden or expense" on Danos. Responding to the Document Subpoena, as issued, would impose a tremendous burden and substantial expense on Danos. Pursuant to Rule 45(d)(3), a Court must

3

quash or modify a subpoena which fails to provide a reasonable time to comply or which subjects a person to undue burden.  See *Dixon v. Greyhound Lines, Inc.*, 2014 WL 6474355, *2 (5th Cir. Nov. 19, 2014).  As set forth below, both of these factors are present, and the Document Subpoena should be quashed.

1.      The Document Subpoena is Overly Broad and Unduly Burdensome

The subpoena for the production of documents calls for the production, among other items, of the following tremendously broad categories of documents:

> 1.  All documents, communications or data relating to oil-related materials observed, monitored, collected, documented, mitigated, removed or otherwise managed within the territorial borders of the State of Alabama from 2010 to present.
>
> 2.  All documents, communications or data relating to Your involvement in the Deepwater Horizon oil spill response within the territorial borders of the State of Alabama, including but not limited to Your invoices, billing, charges, and fees, and any payment, remittance, or other earning related to Your involvement.
>
> 3.  All documents, communications or data relating to oil-related material concentrations present within the State of Alabama's coastal areas, including but not limited to, all sampling, studies, oil constituent baseline surveys and/or analyses.
>
> 4.  All communications between You and BP as pertaining to the Deepwater Horizon oil spill.

Document Subpoena, Exhibit A, Attachment A.

Danos has acted in several roles as a contractor of BP with respect to the aftermath of the DEEPWATER HORIZON oil spill, in many geographic areas – ranging from Texas to Florida, and out into the Gulf of Mexico.  In addition to the "beach response" activities it undertook for BP, Danos administered the Vessels Of Opportunity ("VOO") program for BP.  Danos suspects

the State of Alabama actually may be only interested in documents relating to the "beach response" activities, and further limited to the coast of Alabama and adjacent waters. However, as issued, the subpoena goes far beyond that in scope.

Danos initially estimates that the documents potentially responsive to the subpoena of Alabama would be several hundred thousand pages. Removing from the request documents relating to the VOO and relating to the "beach response" efforts in states other than Alabama would substantially reduce the number of potentially responsive document; however, the response would still be voluminous, and each document must be reviewed for potential privilege or possible objection, as well as for redaction of sensitive personal information on the hundreds of workers involved in the "beach response" efforts in Alabama and its adjacent waters.

2.  The Return Date is Unreasonable

The subpoena for the production of documents was sent to Danos by certified mail on December 23, 2014.[4] Although delivered on December 29, 2014, due to the holidays, it was not seen by Labat until December 30, 2014.[5] The subpoena contains a return date of January 16, 2015, just 18 days after service. As illustrated above, the potential response to the subpoena, as issued, is estimated at several hundred thousand pages of documents. It is impossible for Danos to gather the documents responsive to the subpoena, much less to review each document for potential privilege or objection, within the allotted time. Danos does not have in-house personnel devoted to responding to document requests, and responding to this request will entail taking Danos employees away from their regular duties to gather the potentially responsive

---

[4] Exhibits A and B.

[5] Exhibit C.

documents.  Of course, Danos' regular business cannot come to a halt while these employees gather documents, so there will be limited hours per day which the employees can devote to gathering potentially responsive documents while still performing their regular duties. Additionally, Danos will be required to have counsel review the gathered documents prior to production, to determine any applicable privileges or possible objections, and advise Danos with respect to same.  Danos suggests a return date in the range of 120 days would be appropriate for it to respond to a subpoena reduced in scope to involve only the "beach response" activities in the State of Alabama or its adjacent waters, should such be issued subsequently.

3. Compensation to Danos for Compliance

A non-party, like Danos in the instant case, should not be required to bear significant costs in participating in discovery.  "Courts addressing the issue of how the costs of subpoena compliance should be allocated have consistently emphasized that non-parties who have no interest in a litigation should not be required to subsidize the costs of a litigation." *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999).  There is a balance between subjecting a non-party to which discovery is directed to significant financial burden in responding to a subpoena on the one hand, and exposing the party issuing the subpoena to unanticipated costs on the other. This Honorable Court has addressed that balance, holding:

> [W]hile a nonparty ordered to comply with a subpoena must be protected from significant expenses, this must be accomplished in such a manner that the party seeking discovery is protected from excessive costs.  The resolution of these conflicting goals is best accomplished by fixing the costs of compliance in advance of production.  When this is not possible, the risk of uncertain costs must be fully disclosed to the party seeking discovery.

*Goldstein v. State Farm Fire and Cas. Co.*, 2008 WL 4373032, *3 (E.D. La. September 23, 2008).

Danos wants to make certain that the State of Alabama is informed as to the extent of the costs which will be incurred by Danos in responding to the Document Subpoena for document production or to a subsequent subpoena of reduced scope, and for which Danos will seek reimbursement from the State of Alabama. Danos believes that responding to the subpoena as presently issued, will require full time work from at least two people for several weeks. Even if reduced in scope to involve only the "beach response" activities of Danos in the State of Alabama or its adjacent waters, the response to the Document Subpoena will likely involve production of several thousand pages of documents, and Danos requests the Court to order that Danos be reimbursed the reasonable employee time costs and reasonable third party copying charges it incurs in connection with any such production.

As set forth above, Danos does not have in-house personnel devoted to responding to document requests, and doing so will require the expenditure of substantial time and effort on its part. Danos requests the Court order that the State of Alabama reimburse Danos for its employees' time spent gathering potentially responsive documents at a "paralegal rate" of $70 per hour. Any charges for such time can be reviewed by the Court for reasonableness, should the State of Alabama and Danos be unable to reach an agreement as to the appropriate charges.

Additionally, in responding to the Document Subpoena or to a subsequent subpoena of reduced scope, Danos will be required to have counsel review the gathered documents prior to production, to determine any applicable privileges or possible objections, and advise Danos with respect to same – including, but not limited to the redaction of sensitive personal information

7

from the records of the workers involved in the clean up.  Danos requests the Court order that the State of Alabama reimburse Danos for its attorneys fees incurred in connection with the response to the Document Subpoena – or the response to a subsequent subpoena of reduced scope.  Any charges for such fees can be reviewed by the Court for reasonableness, should the State of Alabama and Danos be unable to reach an agreement as to the appropriate charges.

4.  <u>Compensation for Motion to Quash</u>

As noted above, Rule 45 obligates a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Rule 45.  Rule 45 contemplates "reasonable attorney fees" as a sanction for failing to take the required steps.  In the instant case, the State of Alabama issued an incredibly broad subpoena, and included an obviously unreasonably short time for compliance.  Danos requests the Court to require the State of Alabama to reimburse Danos for the attorney fees incurred in connection with the instant motion to quash.  Again, such fees can be reviewed by the Court for reasonableness, should the State of Alabama and Danos be unable to reach an agreement as to the appropriate charges.

5.  <u>Testimony at Deposition</u>

Danos is willing to produce a corporate representative for deposition in this matter, but believes any such deposition should be deferred until the document production issues have been resolved.  Danos suggests that once those issues have been resolved, the parties and Danos confer to select a deposition date convenient to the parties, witnesses, and counsel.  Danos requests the Court to quash the subpoena for testimony at deposition, subject to reissue at a mutually convenient date and time following the production of documents by Danos.

CONCLUSION

Danos submits both the Document Subpoena and the Deposition Subpoena should be quashed due to the lack of proper service.

Additionally, the Document Subpoena should be quashed as overly broad and unduly burdensome on Danos, and as the return time provided in the subpoena is unreasonable. Danos has purposefully noticed this motion for submission at a late date so that Danos, the State of Alabama, and other the parties can attempt to reach an amicable resolution of the issues related to those points, including, but not limited to adequate compensation to Danos for preparing its response to the Document Subpoena or to a subsequent subpoena of reduced scope.

Respectfully submitted,

/s/ G. Beauregard Gelpi
MICHAEL H. BAGOT, JR. (#2665)
G. BEAUREGARD GELPI (#18226)
WAGNER, BAGOT & RAYER, LLP
Pan American Life Center – Suite 1660
601 Poydras Street
New Orleans, Louisiana 70130
Telephone: 504-525-2141
Facsimile: 504-523-1587
E-mail: mbagot@wb-lalaw.com
E-mail: trayer@wb-lalaw.com
E-mail: bgelpi@wb-lalaw.com
Attorneys for Danos & Curole Marine
Contractors, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing has this 9th day of January 2015 been filed electronically and notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and may access this filing through the Court's system.

                                         /s/ G. Beauregard Gelpi  
                                         G. BEAUREGARD GELPI

629-01\PLDG\0001