

BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
———— Attorneys at law

218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA 36103-4160
(334) 269-2343
(800) 898-2034
FAX: (334) 954-7555
BEASLEYALLEN.COM

J. Parker Miller
Parker.Miller@BeasleyAllen.com

December 23, 2014

Khanh Labat
Danos and Curole Marine Contractors, LLC
13083 Highway 308
Larose, LA 70373

    Re:    State of Alabama vs. BP, et al.
             Danos and Curole Marine Contractors, LLC

Dear Mr. Labat:

I hope you are doing well.

My name is Parker Miller, and I represent the State of Alabama in the *Deepwater Horizon* oil spill litigation. Attached to this letter, you will find a copy of a subpoena for deposition testimony. Certainly, if you have any questions or concerns, please do not hesitate to contact me or my colleague, Jenna Day, at 800.898.2034.

Once we have confirmed the particulars of these subpoenas, we can discuss reimbursement of any reasonable costs associated with them (including the deposition, to the extent one is necessary).

May you and your family have a very Merry Christmas and a Happy New Year.

With best regards, I am,

                            Very truly yours,

                            BEASLEY, ALLEN, CROW,
                            METHVIN, PORTIS & MILES, P.C.

                            J. PARKER MILLER

                            Counsel to the Governor of Alabama and
                            Deputy Attorney General for the State of Alabama

JPM/myl
Enclosure

cc:    Rhon E. Jones
       Jennifer E. Day
       Richard D. Stratton



EXHIBIT B

# Beasley Allen

BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Attorneys at law

POST OFFICE BOX 4160
MONTGOMERY, ALABAMA 36103-4160

Address Service Requested






7012 2210 0001 4441 5756



2010000499-322

Khanh Labat
Danos and Curole Marine Contractors, LLC
13083 Highway 308
Larose, LA 70373




U.S. POSTAGE >> PITNEY BOWES
ZIP 36104 $ 007.82°
02 1W
0001375223 DEC 23 2014

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" ) <br> *Plaintiff* ) <br> v. ) <br> This document relates to: 10-4182, 10-4183, ) <br> 13-2645, 13-2646, 1 3-2647, 13-2813 ) <br> *Defendant* ) | Civil Action No.   MDL 2179 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Khanh Labat, Registered Agent for Danos and Curole Marine Contractors, LLC
13083 Highway 308, Larose, LA 70373
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see "Attachment A" attached hereto

| Place: TBA | Date and Time: <br> 02/18/2015 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and videographic.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/23/2014

*CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
The State of Alabama                                   , who issues or requests this subpoena, are:

J. Parker Miller; 218 Commerce Street, Montgomery, AL 36104; parker.miller@beasleyallen.com; 334-269-2343

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. MDL 2179

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment A

## DEPOSITION TOPICS

**Please provide an individual or individuals to be deposed on the following topics in accordance with the definitions and instructions provided below.**

1. The totality of Your involvement in the *Deepwater Horizon* oil spill response, including but not limited to the origination and termination of Your responsibilities, all efforts to observe, monitor, collect, document, mitigate, remove or otherwise manage oil-related materials observed within the territorial borders of the State of Alabama from 2010 to present.

2. The substance of all communications between You and entities participating in the response, including but not limited to BP, Federal and State officials and employees, or any other entity and its employees participating in the oil spill response.

3. Your personnel organizational structure and responsibilities as pertaining to the *Deepwater Horizon* oil spill response.

4. The protocols and procedures You utilized in the *Deepwater Horizon* oil spill response, including the means by which You identified, removed, collected, communicated, documented, staffed or otherwise managed oil-related materials within the territorial borders of the State of Alabama.

5. The locations where You either observed, removed or mitigated the presence of oil-related materials within the territorial borders of the State of Alabama.

6. The content, creation, source and identification of responsive documents produced by You as a result of this subpoena's document requests.

7. The content and source of all information, communications or data relating to oil-related material concentrations within the State of Alabama's coastal areas, including but not limited to, all sampling, studies, oil constituent baseline surveys and/or analyses in Your possession, custody, or control.

8. The content, source, and preparation of all reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to any impact on the State of Alabama as a result of the *Deepwater Horizon* Incident and/or the oil spill response activities.

9. The nature of any rights, privileges, or control that BP had over You, Your oil spill response participation, and any documents or information generated by You as a result of Your participation.

## DEFINITIONS

1. "BP" means BP p.l.c., BP Exploration & Production, Inc., and BP America Production, Inc.

2. "Coastal Areas" refers to all State of Alabama intertidal zones, beaches and dunes immediately adjacent to the Gulf of Mexico, and those Gulf of Mexico waters, bays, inlets and/or bayous within the State of Alabama's territories.

3. "Communication," whether singular or plural, shall mean any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, computer linkups, written memoranda, and face-to-face conversations and meetings. "Communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

4. "Computer" means all devices utilizing microchips or other circuitry to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

5. "Control" refers to ownership, possession, or custody of the document, or the right to secure the document or copy thereof from any person or public and private entity having physical possession thereof.

6. "*Deepwater Horizon*" means, without limitation, the mobile offshore drilling unit (MODU) of that name involved in the drilling of the MC252 Well, or any component thereof, as well as any vessel, vehicle, aircraft, or other equipment used in connection with the process of drilling, developing, exploring for and/or producing oil and gas resources.

7. "*Deepwater Horizon* Incident" and "Incident" mean the events leading to: (i) the loss of well control and the ensuing explosion, fire, injuries and loss of life on the *Deepwater Horizon* rig on or about April 20, 2010; and (ii) the eventual sinking of the rig on April 22, 2010.

8. "*Deepwater Horizon* Oil Spill," "Oil Spill," or "Spill" means the discharge of hydrocarbons that occurred in connection with the Deepwater Horizon Incident.

9. "Document" or "Documents" shall have the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including but not limited to, ESI or paper form, and includes the original and all non-identical copies, regardless of origin or location, of any writing or record of any type or description, including but not limited to all writings, including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing whether handwritten, typed, printed or otherwise produced in any format. This definition also includes, without limitation, books, records, manuals, statements, minutes, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, lists, tax returns, schedules, press releases, directives, agreements, contracts, print-outs, studies, summaries, records of telephone conversations, telegrams, notes, reports, compilations,

notebooks, work papers, graphs, graphics, transcripts, charts, blueprints, timelines, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, computer discs (including but not limited to, CDs, CD-Rs, DVDs, DVD-Rest, floppy discs, hard discs and hard drives), flash drives, pen drives, thumb drives, programming instructions, sales, advertising and promotional literature, agreements or minutes of meetings, telephone conversations or other conversation or communication in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, officers, directors, shareholders, employees, agents, representatives and attorneys. This definition also includes non-printed matter such as voice records and reproductions, film impressions, photographs, videos, negatives, slides, microfilms, microfiches, e-mail, and other things that document or record ideas, words or impressions. The term "document" further includes all punch cards, tapes, disks, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, disks or other recordings, and further includes ESI (as defined in section (s)) data or data compilation in electronic or other form that can be printed through proper programming or decoding of the electronic or mechanical data storage facility, including metadata.

10.  "Employee" refers to, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent, representative or other person who is or was employed or subcontracted by the entity for whom information is requested.

11.  "Identify," when used with respect to: (a) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last-known address and telephone number and business address and telephone number

(designating which); (b) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (c) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

12. "Including" or "includes" means "including, but not limited to" or "including without limitation."

13. "MC252 Well" or "Macondo Well" shall mean the exploratory well that was being drilled by the Deepwater Horizon in the Macondo Prospect of Mississippi Canyon 252 in the outer continental shelf of the Gulf of Mexico.

14. "Oil Spill" means the oil released into the Gulf of Mexico as a result of the Incident.

15. "Oil-Related Material," whether singular or plural, means any of the following from the MC252 well or *Deepwater Horizon* oil rig: (i) oil, (ii) polycyclic aromatic hydrocarbons ("PAHs"), (iii) hydrocarbons, (iv) other oil or gas constituents, and (v) well drilling and closure materials, including without limitation, drilling muds and fluids and materials injected into the well-head. "Oil-Related Materials" also shall include (i) derivatives of any of the foregoing from biological, chemical, photochemical, burning or other processes, (ii) any aggregation, mixture or combination of any of the foregoing with any other material including, without limitation, organic matter, inorganic matter, sediments, biological exudates, sand and water; or (iii) any combination of the foregoing.

16. "Oil Constituent Baseline Survey" or "Baseline Survey" shall mean any and all measures, sampling work, studies and/or analyses undertaken, and the results achieved as a result of said measures, sampling work, studies, and/or analyses, to determine the measure, position, base and/or historical constituent background for the presence of oil-related materials in a given

geographic location for a given time.

17. "Oil Spill Response Activities," "Oil Spill Response," "Response Activities," or "Response," refers to any and all efforts and activities performed to respond to, remediate, remove, dispense, clean, mitigate, minimize, collect, or eliminate any oil-related materials of any kind within the State of Alabama's waters and/or lands.

18. "Person" shall mean any individual as well as any entity including any entity, including any proprietorship, partnership, corporation, firm, committee, government agency or subdivision or consultant, or any other organization.

19. "Photograph" shall mean a picture or image, whether physically or digitally stored, generated by any device capable of generating a picture or image as a camera would.

20. "Relating to" or "related to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, references, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

21. "SCAT" refers to the Shoreline Cleanup and Assessment Technique.

22. "SCAT Segment" refers to the land area segments created and designated as part of the SCAT process in response to the oil spill.

23. "State of Alabama" or "Alabama" or "State" means, without limitation, and all lands and waters within the territorial boundaries of the State.

24. "Submerged Oil" shall mean any submerged accumulation, whether buried or not, of oil-related materials in the near shore and sub-tidal environment.

25. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

26. "You," "Your," or "Yours" means Danos and Curole Marine Contractors, LLC, including, without limitation, any predecessors, parents, affiliates, past or present subsidiaries (directly, indirectly, wholly, or partly owned), joint ventures, divisions, departments, and any present or former attorneys, officers, directors, managers, general partners, limited partners, principals, shareholders, agents, representatives, employees, or persons acting, or purporting to act, on its behalf.

## INSTRUCTIONS

1. For each of the above referenced topics, You must produce the person(s) most knowledgeable for each topic.

2. Each request is to be construed independently and not by or with reference to any other request for purposes of limiting the scope of any particular request.

3. If You claim that the language of any request is vague or ambiguous, then You must identify the language You believe is ambiguous and describe the different interpretations that You believe may apply to such language.

4. To the extent they encompass any such information, these requests exclude from their scope any confidential settlement communications regarding claims arising from the *Deepwater Horizon* Incident and/or Oil Spill, any reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections prepared for purposes of settlement negotiations regarding claims arising from the *Deepwater Horizon* Incident and/or Oil Spill and maintained as confidential, and any Settlement Communications protected by MDL 2179 Pretrial Order 38, Rec. Doc. 3201 in Case No. 2:10-md-02179-CJB-SS pending in the Eastern District of Louisiana.