UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

REPLY OF THE SPECIAL MASTER
TO OPPOSITION OF JASON ZIRLOTT AND CAPT JAY, LLC
TO MOTION FOR RETURN OF PAYMENTS

Special Master Louis J. Freeh provides this reply to the opposition (Rec. Doc. 13926) filed by claimants Capt Jay, LLC ("Capt Jay") and Jason Zirlott ("Zirlott," a member of Capt Jay) to the Special Master's motion (Rec. Doc. 13468) for return of payments made by the Deepwater Horizon Economic Claims Center ("DHECC").

Without admitting that over 80 percent of their 2009 revenue came from lucrative marine debris removal work rather than shrimping, Capt Jay and Zirlott state that they did not intend to deceive the DHECC because they considered marine debris removal as a "customary" function for a commercial fisherman. This position ignores the compensation criteria set in the Seafood Compensation Program in the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement"), and contradicts the representations Capt Jay and Zirlott made in sworn statements filed with the DHECC.

A.   <u>Zirlott and Capt Jay Misrepresented their Revenue from Shrimp Landings</u>.

Zirlott and Capt Jay state that they committed no fraud because they innocently and reasonably presented the DHECC with the reported gross income from their 2009 tax filings as "fishing" income. Br. 3. Zirlott explains that "[w]hile some of my income comes

from dragging sonar before I drag my nets to clean the bottom of our fishing grounds, it all comes from my operation of my boat the Capt. Jay, and it is all related to my entire career as a commercial fisherman." Br. Ex. A at ¶ 13.  Citing federal regulations, Zirlott and Capt Jay say that "fishing" can include marine debris removal because the work is sea operations "in support of, or in preparation for" the catching, taking or harvesting of fish.  Br. 6.

Even defined broadly, "fishing" activity has no relevance to calculation of compensation under the Settlement Agreement.  *See Monahan v. Comm'r*, 321 F.3d 1063, 1068 (11th Cir. 2003) (court need not resort to extrinsic evidence to understand an agreement free of ambiguity).  The Settlement Agreement's Shrimp Compensation Plan sets unambiguous criteria concerning compensation for vessel owners and seafood boat captains who earn revenue from "shrimp landed in the Gulf Coast Areas."  Settlement Agreement at Ex. 10 at 21.  The Settlement Agreement requires such claimants to provide proof of "shrimp harvesting" revenue (*not* "fishing" revenue) through trip tickets showing "the volume of shrimp harvested and the sales price" or documents that "identify those components of gross revenue derived from commercial shrimp harvesting."  *Id*. at 10.

Further, Zirlott and Capt Jay did more than simply present income tax records to the DHECC, as claimed in the Opposition.  Zirlott and Capt Jay filed sworn statements affirming that revenue reflected on 2009 tax records came specifically from shrimp landings in the Gulf Coast Areas.  *See* Special Master's Motion for Return of Payments at Exs. D & E (the "Motion").  Zirlott and Capt Jay stated on the form that they had $162,363 in revenue from "shrimp" landed in the Gulf Coast Areas in 2009 – even though over 80 percent of this revenue came from marine debris removal work.  *Id*.  In fact, over $130,000 of the 2009

revenue reported to the DHECC came from Zirlott's work as a subcontractor on public works contracts issued by Texas and Louisiana for marine debris removal.

Zirlott's sworn statements unmistakably conveyed to the DHECC that Zirlott and Capt Jay had $162,363 in revenue from shrimp landings in qualifying waters. In their claim forms, Zirlott and Capt Jay also stated under oath that the *Capt Jay* primarily landed shrimp in Mobile, Alabama between April 20, 2009 and April 16, 2012, even though all of the marine debris work was performed in Texas and Louisiana.

Zirlott states that he did not sign the sworn statements representing that all of his 2009 revenue was from shrimping, apparently conceding that the DHECC claims were paid on incorrect information. Br. Ex. A at ¶ 19. Zirlott and Capt Jay, however, signed retainer agreements with their prior legal counsel authorizing counsel to sign claim documents such as the statement of revenue, landing, and catch type. The retainer agreements were filed with the DHECC, thus allowing counsel to sign documents on behalf of the claimants.

Zirlott and Capt Jay also state that the revenue was "transparent" to their former counsel, suggesting that any error in the claims is the result of someone besides Zirlott and Capt Jay. Br. 4. But fault is irrelevant to the relief sought here, which is recovery of funds incorrectly and unjustifiably paid to Zirlott and Capt Jay. *See* Order & Reasons on Special Master's Motion for Return of Payment at 22-23 ("restoration of a benefit may be ordered without a finding of fault or misconduct") (Rec. Doc. 12794) ("Order & Reasons").

Zirlott and Capt Jay filed documents misrepresenting the source of their revenue in order to vastly elevate the value of their shrimp claims. These misrepresentations amply satisfy the showing that Zirlott and Capt Jay were unjustly enriched by payment of their DHECC claims, and that restitution is an appropriate remedy.

B.     <u>The Court Has Equitable Power to Address Fraud in the Claim Process</u>.

Zirlott and Capt Jay state that the Special Master has not met all of the proof elements for common law fraud.  Br. 4-5.  This Court rejected a similar argument in *Thonn*.  The relief sought here derives not from tort or contract, but rather from exercise of the Court's well-recognized equitable power to devitalize a fraudulently obtained result.  *See* Order & Reasons at 20 & n.15.  As in *Thonn*, the Special Master here seeks restitution of money incorrectly and unjustifiably paid to Zirlott and Capt Jay.  *Id*. at 22.

Zirlott and Capt Jay further state that the DHECC did not exercise reasonable prudence in reviewing the claims so as to discover their misstatements.  Br. 10.  In *Thonn*, this Court again addressed and rejected a similar argument, stating that any missed opportunity to reveal a claimant's fraud is not a license for the Court to turn a blind eye to the fraud that will affect the public.  Order & Reasons at 21.  The rationale for this position is rooted in the fact that the fraud here is not simply an issue between private litigants, but rather concerns "issues of great moment to the public" involving "far more than an injury to a single litigant."  *Id*.  Fraud against the DHECC undermines the integrity of the Settlement Program, and diminishes resources intended for those who suffered true harm.

C.     <u>Judicial Estoppel is an Appropriate Remedy</u>.

Zirlott and Capt Jay state that because they did not intentionally conceal or omit material information in submitting the claims to the DHECC, they should not be barred from further recovery under the DHECC programs.  Br. 11.  The evidence, however, demonstrates that Zirlott and Capt Jay made affirmative misstatements and did not accurately disclose the marine debris removal revenue in the claims.

Application of judicial estoppel is appropriate in these circumstances, so that Zirlott and Capt Jay are not now heard to say that their shrimp revenue was some lesser value after having already wrongfully convinced the DHECC of their prior position. *See Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 399 (5th Cir. 2003) (judicial estoppel applies where a party makes an argument with the explicit intent to induce the court's reliance).

Application of judicial estoppel also is consistent with the DHECC's recent policy addressing cases where a claimant is found to have submitted a false claim. Issued on January 7, 2015, Policy 489 states that if a claimant files a claim determined with finality to be fraudulent, then that claimant is prohibited from recovery on all claims. This is a just way to protect DHECC Trust assets intended to compensate those truly harmed by the oil spill, and deter those who may be tempted to file fraudulent information to support a claim.

D. Conclusion.

The Special Master seeks entry of a judgment requiring Zirlott and Capt Jay jointly and severally to make restitution to the DHECC for $239,519.32 and prohibiting Zirlott and Capt Jay from participating in any further seafood distributions.

          Respectfully submitted,

          \_\_\_\_/s/ Louis J. Freeh_____
          Louis J. Freeh
          Special Master

Dated: January 9, 2015

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing papers have been served this ____9th____ day of January, 2015, on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

                                                  /s/Louis J. Freeh  
                                                  Louis J. Freeh