## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS KEYES, EXECUTOR FOR THE** | ) | |
| **ESTATE OF CHRISTINE C. KEYES,** | ) | **MDL No. 2179** |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 2:14-cv-2211** |
| | ) | |
| **versus** | ) | **Section J - Judge Carl Barbier** |
| | ) | |
| **BP** | ) | **Magistrate Judge Sally Shushan** |
| | ) | |
| Defendant. | ) | |

### OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Garretson Resolution Group ("GRG"), as Claims Administrator under the Medical Benefits Class Action Settlement Agreement, hereby files this opposition to the Motion for Entry of Default filed by Ellis Keyes, as executor for the estate of Christine C. Keyes ("Plaintiff").

Plaintiff served his complaint solely on GRG, despite that BP—not GRG—is the only named defendant in each of the Complaint, the summons issued by the Court, and the executed summons filed by Plaintiff.  GRG is not the agent of BP nor authorized to accept service on its behalf.  Adding to the confusion, in his motion for entry of default, Plaintiff inconsistently identifies the defendant as both "BP" and "BP Deepwater Horizon Claims Administrator."  Because it is unclear which entity Plaintiff has sought the entry of default against, and because GRG was the only entity served, GRG has filed this memorandum in opposition.  Plaintiff's motion should be denied because GRG is not a party to this action—as required by Federal Rule of Civil Procedure 55(a)—and the true defendant, BP, has never been properly served.

## I.   <u>BACKGROUND</u>

Plaintiff Ellis Keyes commenced this action on September 22, 2014, in his capacity as executor for the Estate of his mother, Christine C. Keyes.  (Dkt. #1.)   In his Complaint, Plaintiff names the lone defendant as "BP," both in the caption of the case and the statement of jurisdiction.  (*Id*. at 1.)  No other defendants are identified.[1]

On September 26, 2014, the Court issued a summons "to BP." (Dkt. #4.)  Plaintiff filed the returned summons on October 30, 2014.  (Dkt. #7.)  Like the Complaint, the returned summons lists the sole defendant as "BP."  (*Id*. at 1.)  The summons, however, states that it was served—not on BP—but on "BP Deepwater Horizon Claims Administrator" on October 3, 2014. (*Id*.)  The address of service provided in the summons was for GRG, not BP.  (*See* Declaration of Joseph L. Bruemmer, attached hereto as Exhibit A, at ¶ 4.)  GRG is not the agent of BP and is not authorized to accept service of process on its behalf.  (*Id*. at ¶ 5.)

On December 18, 2014, Plaintiff filed (on the MDL 2179 docket) a "Motion for Entry of Default," pursuant to Federal Rule of Civil Procedure 55(a), on the grounds that "no answer or other defense has been filed by the Defendant."  (MDL No. 2179, Dkt. #13944.)  The caption of that motion again lists the defendant as "BP;" however, the body of the motion states that the summons and complaint were served on "Defendant, BP Deepwater Horizon Claims Administrator."  (*Id*. at 1.)  The motion does not state that BP was ever served with the summons and complaint.

## II.   <u>ARGUMENT</u>

GRG is not the defendant in this action—the Complaint, the summons issued by the court, and the returned summons all state that the defendant is "BP."  (*See* Dkt. #1, 4, 7.)  Under

---

[1] As alleged in the Complaint, Plaintiff submitted a proof of claim form on January 2, 2013 to GRG—as claims administrator for the BP Medical Benefits Class Action Settlement.  (Id. at 1.)

Rule 55(a), default can only be entered against a "party," which GRG is not.  Plaintiff's motion should be denied on this basis alone.

At the same time, Plaintiff never served the summons and complaint on the actual defendant, BP, as he served only GRG.  (*See* Dkt. #7, MDL No. 2179 Dkt. #13944.)  GRG, however, is not BP's agent nor authorized to accept service of process on its behalf.  (Exhibit A, at ¶ 5.)  It is well-settled that a default judgment is void if entered against a defendant who was not properly served.  *See, e.g.*, *Bagneris v. Dorsey*, No. 10-3357, 2013 U.S. Dist. LEXIS 173133, at *6, n.28 (E.D. La. Dec. 10, 2013) (citing *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void . . . .")).  Moreover, a third party cannot be implied to have the authority to accept service on a party's behalf; rather, such authorization must be expressly given.  *See O'Meara v. New Orleans Legal Assistance Corp.*, No. 90-4893, 1991 U.S. Dist. LEXIS 8137, at *4-5 (E.D. La. June 10, 1991) ("[T]o establish such an agency relationship the individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service."); *see also Carter v. City of Thibodaux Police Dep't*, No. 13-105, 2013 U.S. Dist. LEXIS 148184, at *8 (E.D. La. Oct. 15, 2013) (noting that "the courts of the Fifth Circuit" do not permit "authorization by appointment [to] be 'implied in fact'").  Here, GRG was the only entity served, but it could not have accepted process on behalf of BP, making entry of default against BP also improper.

III.     **CONCLUSION**

Because GRG is not the defendant to this action, and because it was not authorized and could not have accepted service on BP's behalf, Plaintiff's Motion for Entry of Default should be denied.

THE MILLER LAW FIRM,
PADUCAH – NEW ORLEANS, PLLC


By: */s/ Stephanie D. Skinner*
Stephanie D. Skinner (#21100)
Allan C. Crane, T.A. (#23700)
365 Canal Street, Suite 860
New Orleans, LA 70130
Tel:     (504) 684-5044
Fax:     (866) 578-2230
Email:  sskinner@millerlaw-firm.com
           acrane@millerlaw-firm.com

*Attorneys for Garretson Resolution Group*


CERTIFICATE OF SERVICE

I hereby certify that on this __13th__ day of January, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those listed below who are on the list to receive e-mail notices for this case, having enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

Ellis Keyes
P.O. Box 1073
Whitesburg, Kentucky 41858-1073

*Pro Se Plaintiff*


 */s/ Stephanie D. Skinner*