UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| | * | |
| Nos. 10-2771 and 10-4536 | * | MAGISTRATE SHUSHAN |
| | * | |

**ORDER**
**[As to Various Motions Relating to the Phase Two Trial]**

There are multiple pending motions that relate to the Phase Two trial. Those motions are addressed in this Order, which issues simultaneously with the Findings of Fact and Conclusions of Law for the Phase Two trial ("Phase Two Findings").

I.  Before the Court are:

  • United States' Motion for Partial Summary Judgment [as to the Minimum Amount of Oil Discharged from the Macondo Well] (Rec. Doc. 10756)

  • BP's Motion for Judgment on Partial Findings Pursuant to Rule 52(c) with Respect to the Source Control Segment (Rec. Doc. 11559)

  • BP's Renewed Motion for Judgment on Partial Findings: Source Control (Rec. Doc. 12046)

  IT IS ORDERED that these motions are MOOT in light of the Phase Two Findings.

II. Before the Court is BP and Anadarko's Motion to Strike Halliburton's Proposed Supplemental Findings of Fact and Conclusions of Law as to Phase Two—Quantification (Rec. Doc. 12288).

  IT IS ORDERED that the motion is GRANTED. The Clerk is directed to strike Halliburton's filing (Rec. Doc. 12224) from the record. The Court did not consider this

document in reaching its findings and conclusions for the Quantification segment.

III. Before the Court are:

- BP's Motion in Limine to Exclude Non-Factual Fact Witness Testimony from Phase II (Rec. Doc. 11038)

- BP's Motion in Limine to Bar Fact or Opinion Testimony on Issues of Law from Phase II (Rec. Doc. 11039)

The Court largely deferred[1] ruling on these motions prior to trial (Rec. Doc. 11367) and allowed BP to raise these arguments as specific objections during trial. The Phase Two trial having concluded, IT IS ORDERED that the motions are MOOT.

IV. Before the Court is BP's Motion to Exclude Certain Opinions and Testimony of Edward R. Ziegler, P.E. (Rec. Doc. 11055).

The Court addressed the arguments contained in this motion during trial. IT IS ORDERED that the motion is MOOT.

V. Before the Court is the United States' Motion to Review Magistrate's Order Regarding Motion to Strike Dr. Nathan Bushnell Deposition Designation (Rec. Doc. 11397).

IT IS ORDERED that the Motion is GRANTED as stated on the record during the Phase Two trial. (Phase Two Tr. 1376-80, 1620-22, 1633-36).

VI. Before the Court is BP's Motion to Exclude the Opinions and Testimony of Dr. Nathan Bushnell (Rec. Doc. 11114).

To the extent the motion was not resolved during trial, IT IS ORDERED that the motion is DENIED.

---

[1] The only portion of BP's latter motion that was not deferred to trial concerned certain statements by Dr. Bea, which the Court excluded during the Pretrial Conference.

VII.   Before the Court are:

- United States' Motion for Partial Summary Judgment as to the Inclusion of Dissolved Oil in the Calculation of the Statutory Maximum Penalty (Rec. Doc. 10752)

- United States' Motion in Limine to Preclude Opinion Testimony of Curtis Whitson as to Pure Question of Law (Rec. Doc. 11056)

IT IS ORDERED that the motions are DENIED. The issue is not a pure question of law. The Court has considered the arguments and testimony regarding this issue with all of the other evidence and arguments presented in the Quantification segment.

New Orleans, Louisiana, this 15th day of January, 2015.

_____
United States District Judge