UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In re:   Oil Spill by the Oil Rig | | * | MDL No. 2179 |
| "*Deepwater Horizon*" in the Gulf of | | * | |
| Mexico, on April 20, 2010 | | * | SECTION:  J |
| | | * | |
| This Document Relates To: 10-4536 | | * | JUDGE BARBIER |
| | | * | MAGISTRATE SHUSHAN |
| *   *   *   *   *   *   *   *   *   *   *   *   * | | * | |

### ANADARKO PETROLEUM CORPORATION'S 1/16/15 OBJECTIONS TO FINAL PENALTY PHASE GOOD-FAITH TRIAL EXHIBIT LISTS

Defendant Anadarko Petroleum Corporation ("Anadarko") respectfully submits its objections to certain exhibits on other parties' First Installment of Penalty Phase Good-Faith Exhibit Lists, attached as Exhibit A.  Anadarko will also serve on the United States and BPXP a version of Exhibit A that is in Excel format.

Anadarko respectfully reserves the right to add, remove, or modify its objections.  Any objection on this list to any particular exhibit acts as an objection to all other exhibits that are duplicative or substantially similar but have different trial exhibit numbers.  If a party divides or subdivides an exhibit into subsections, Anadarko makes the same objections to those subsections as it did to the original exhibit.  To the extent that Anadarko objects to a specific exhibit for reasons other than incompleteness, Anadarko also objects to all "cured" versions of that exhibit.

Anadarko objects to, as improper and in violation of the Court's September 22, 2014 Order limiting the number of depositions from which each party may submit designations for the Penalty Phase trial [Rec. Doc. 13427], any deposition or deposition excerpt that is identified as an exhibit by any party but that is not within those identified by that party as within the limited number of designations it is permitted per the Court's Order.  Anadarko notes that additional

objections relating to deposition designations will appear in the designations themselves, and Anadarko incorporates in each of its objections to a deposition or deposition excerpt each and every general and specific objection it raises within the designations for that deposition.

Anadarko further objects to documents or portions of documents that have been identified as exhibits but that ultimately are stricken by the Court or that represent expert reports and/or depositions by persons who are withdrawn as experts, or who have not properly been identified by a party as among the limited number of live experts or relied-on experts that the Court has permitted that party to identify. Anadarko also objects to any document that is included on a party's First Installment but that is or becomes inadmissible as a result of a ruling by the Court on any of the pending motions *in limine*.

Anadarko further reserves the right: (1) to add and/or remove objections based on objections by other parties; (2) to add and/or remove objections based on any party's motions *in limine* or rulings by the Court; (3) to add objections as to foundation depending on what foundation is proffered at trial (including but not limited to assertions of foundation on the basis of the business records exception to the hearsay rule); (4) to add, remove and/or modify objections in light of other parties' pre-trial filings, exhibit lists, physical exhibits, photographs, and demonstratives, as well as the evidence and arguments presented by other parties at trial; (5) to add, remove and/or modify objections based on documents produced by other parties subsequent to this date; (6) to add, remove and/or modify objections in light of the parties' listing of witnesses on their witness lists; (7) to object to any exhibit related only to non-Penalty Phase issues or to issues already tried in prior phases; (8) to object to any exhibit whose admission is barred by statute or regulation, such as exhibits relating to the Marine Board or U.S. Chemical Safety Board investigations; (9) to object to any exhibit that any party has insufficiently or

incorrectly identified on its exhibit list, or that it has not yet produced; (10) to introduce at trial any exhibit to which Anadarko has objected (*e.g.*, a document may be offered as an admission against another party but may be hearsay with regard to Anadarko); (11) to object at trial to all photographic, demonstrative, and/or physical exhibits; (12) to object to the introduction and/or use of all third-party investigation reports and all testimony, attachments, figures, pictures, and documents related thereto; and (13) to object to the introduction and/or use of all exhibits that set forth full or partial expert reports, including all attachments, figures, pictures, graphs, and related documents attached thereto or included therein.

In addition to the foregoing and to the specific objections in Exhibit A:

1.     Anadarko objects to all exhibits that purport, or are offered, to show Anadarko's alleged culpability, including, but not limited to, Anadarko's projections of possible revenues from Macondo in the event of a discovery, Anadarko's alleged lack of due diligence regarding BP, pre-incident actions Anadarko allegedly could or should have taken regarding BP or Macondo and/or what pre-April 20, 2010 Incident information Anadarko allegedly knew, should have known, or could have requested regarding, or relating in any way to, BP's safety record, the Macondo 252 geology, well design, fluid or petrophysical analyses, or drilling operations as precluded by the Court's ruling on Anadarko's Motion in *Limine* to preclude evidence of Anadarko's culpability [Rec. Doc. 12592, filed Mar. 21, 2014] and its ruling on Anadarko's Motion to Enforce the Court's Order Excluding Culpability Evidence Against Anadarko [Red Doc. 13910, filed Dec. 12, 2014].  For the same reason, Anadarko objects to any expert reports which purport to provide opinions that relate in any way to culpability, including but not limited to these types of matters.  Examples of such exhibits include, but are not limited to, the

following: TREX-5031, TREX-62241, TREX-230103, TREX-013050, TREX-01051, TREX-013201, TREX-013203, TREX-233290.

2. Anadarko objects to all exhibits that relate to any other parties' culpability for the Incident, as the issue of culpability was the subject of the Phase 1 trial and already has been determined in the Court's Findings of Fact and Conclusions of Law [Rec. Doc. 13355, filed Sept 4, 2014]. Furthermore, these exhibits are irrelevant to the issues in this phase with respect to Anadarko which already has been found non-culpable and therefore are inadmissible against Anadarko in any event, because they are hearsay, are not admissions by Anadarko, and are precluded by the Order granting Anadarko's Motion in *Limine* [Rec. Doc. 12592, filed Mar. 21, 2014] and its ruling on Anadarko's Motion to Enforce the Court's Order Excluding Culpability Evidence Against Anadarko [Red Doc. 13910, filed Dec. 12, 2014], if, and to the extent, they are offered against Anadarko.

By objecting to certain exhibits, Anadarko does not waive the right to introduce such exhibits at trial.

Dated: January 16, 2014　　　　　　　　　　Respectfully submitted,

　　　/s/ *Ky E. Kirby*_____

Ky E. Kirby
Ky.Kirby@morganlewis.com
Thomas R. Lotterman
Thomas.Lotterman@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001
James J. Dragna
Jim.Dragna@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Deborah D. Kuchler (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)
KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA  70112

**ATTORNEYS FOR ANADARKO
PETROLEUM CORPORATION**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system (and by email with the exhibit list in native format), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 16th day of January 2014.

                                                                           /s/ *Ky E. Kirby*