IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| Case Nos. 10-2771, 10-4182, 10-4183, 13-02645, 13-cv-02646, 13-cv-02647, 13-cv-02813 | * * * | Magistrate Judge Shushan |

**AGREED STIPULATION AND ORDER REGARDING HESI's
PARTICIPATION IN THE ALABAMA COMPENSATORY TRIAL**

On July 16, 2014, the Court entered an order regarding the preparation of Alabama's compensatory damage claims under OPA (excluding natural resource damages) and general maritime law for trial.  *See* MDL 2179 Doc. 13149.  This trial, together with all pre-trial proceedings, post-trial proceedings, appellate proceedings, and other proceedings that determine Alabama's compensatory damages claims under OPA (excluding natural resource damages) and general maritime law shall be described as "the Alabama Compensatory Trial" for purposes of this Agreed Order and Stipulation.  The Court's July 16, 2014 order excluded from the Alabama Compensatory Trial Alabama's claims for natural resource damages under OPA, *see* 33 U.S.C. §2702(b)(2)(A), and its claims for punitive damages under general maritime law, reserving those claims for trial in subsequent proceedings.

In order to streamline the Alabama Compensatory Trial, the State of Alabama; BP; and Transocean[1] agreed to certain stipulations concerning Transocean's participation in the trial, which were approved by the Court.  (MDL 2179 Doc. 13673.)

---

[1] "BP" and "Transocean" refer to the entities listed in Agreed Stipulation and Order Regarding Transocean's

The State of Alabama; BP; and Halliburton Energy Services, Inc. ("HESI") (collectively, the "Parties") agree that the Alabama Compensatory Trial will be further streamlined by agreeing to certain stipulations concerning HESI's participation in the trial.

Accordingly, subject to approval by the Court, the Parties agree as follows:

1. Subject to the exercise of its rights set out at clauses 8 and 10 below, HESI shall be excused from participating in the Alabama Compensatory Trial and shall not participate in pretrial discovery or other pretrial proceedings leading up to the Alabama Compensatory Trial.

2. Subject to the exercise of its rights set out at clauses 8 and 10 below, HESI will not contest in this case, subsequent cases, or any other proceeding, the determination in the Alabama Compensatory Trial of the amount of compensatory damages under OPA (excluding natural resource damages) and general maritime law.

3. Notwithstanding paragraph 2, HESI will not be bound by any determination of Alabama's compensatory damages where such determination is made by and/or results from a settlement to which HESI is not a party.

4. HESI will not be bound by any determination in the Alabama Compensatory Trial of contribution, comparative fault, allocation, or other similar concepts between and among BP, Transocean, HESI, Anadarko, and/or MOEX as to Alabama's claimed damages (other than the aggregate amount of compensatory damages referred to above)

5. The State of Alabama agrees and acknowledges that the amount of compensatory damages awarded in the Alabama Compensatory Trial shall constitute full, complete, and total satisfaction of the State of Alabama's compensatory damages claims against HESI.

6. The State of Alabama will not seek, accept, or attempt to recover from HESI any compensatory damages, other than the amount of compensatory damages awarded in the Alabama Compensatory Trial. In the event that the State of Alabama is or becomes the beneficiary of any judgment, decision, award, or settlement that would provide it with compensatory damages other than the amount awarded in the Alabama Compensatory Trial, the State of Alabama agrees that it shall not accept, execute on, attempt to collect, or otherwise seek recovery of the compensatory damages provided by such judgment, decision, award, or settlement from HESI.

7. The State of Alabama represents and covenants that it has not assigned any of its claims against HESI for compensatory damages to any other person or entity, including any other government entity. The State of Alabama shall not assign or attempt to assign to any person or entity, including any government entity, its claims against HESI for compensatory damages unless the assignee expressly agrees in writing to be bound by the terms of this Agreed

Participation in the Alabama Compensatory Trial.

Stipulation and Order. Any assignment or attempt to assign the State of Alabama's claims against HESI for compensatory damages without the express written agreement of the assignee to be bound by the terms of this Agreed Stipulation and Order shall be void, invalid, and of no force and effect.

8. By agreeing not to contest the amount of compensatory damages determined by the trier of fact, as set forth in Paragraph 2 above, HESI retains and does not waive any of its rights to assert and litigate in the Alabama Compensatory Trial, MDL 2179, other trial court or on appeal any legal defenses it may have to Alabama's claims, including, but not limited to, its right to challenge, through pending or future motions or appeals, (a) whether Alabama may pursue claims for compensatory or punitive damages against HESI under any legal theory, and (b) whether and to what extent Alabama's damages are allowable under *Robins Dry Dock* and its progeny, including without limitation, the right to challenge any motion or determination narrowing the limitations and protections of Robins Dry Dock and its progeny applicable to damages claims against HESI or the application of the Robins Dry Dock doctrine to Alabama's compensatory damages claims, or that is inconsistent with the reasoning and terms of the Court's Order and Reasons (as to Motions to Dismiss the B1 Master Complaint) (MDL 2179 Doc. 3830).

9. Although HESI shall be excused from participating in the Alabama Compensatory Trial and shall not participate in pretrial discovery or other pretrial proceeding as set forth in Paragraph 1 above, the Parties to the Alabama Compensatory Trial shall serve HESI with the following documents served or filed in the Alabama Compensatory Trial: (a) written discovery requests and responses; (b) any documents produced in response to any discovery requests; (c) expert reports; and (d) any pretrial and post-trial pleadings or other filings, including filings made under seal. To the same extent as the Parties to the Alabama Compensatory Trial, HESI shall receive or be entitled to obtain all trial transcripts, trial exhibits, and trial demonstratives, and HESI shall be entitled to purchase copies of all deposition transcripts, from the Alabama Compensatory Trial.

10. HESI may request reconsideration of its being excused from the Alabama Compensatory Trial if subsequent rulings or facts come to light showing HESI has interests in this case that are inconsistent with those of BP or that are not being adequately pursued by BP.

11. This Agreed Stipulation and Order is premised on all of Alabama's compensatory damages claims being determined in the Alabama Compensatory Trial and on other assumptions. If (1) compensatory damages claims against HESI are excluded from the Alabama Compensatory Trial; (2) natural resource damages or punitive damages become a part of the Alabama Compensatory Trial; or (3) the Court's Findings of Fact and Conclusions of Law Phase One Trial (MDL 2179 Doc. 13355) allocating 3% fault to HESI (*see, e.g., id.* ¶ 612), determining that HESI's conduct was not grossly negligent (*see, e.g., id.* ¶¶ 583-85, 612), and ruling that HESI's contractual releases and indemnities are valid and enforceable against BP (*see, e.g., id.* ¶¶ 583-85) are for any reason disturbed by the Court or on appeal, then this Agreed Stipulation and Order shall become null and void, without prejudice to the parties negotiating another agreed stipulation and order to streamline the trial. If this Agreed Stipulation and Order becomes null and void pursuant to this paragraph, the Parties agree

11.    that HESI shall be provided with sufficient time to prepare for the Alabama Compensatory Trial such that it will not be prejudiced by the termination of this Agreed Stipulation and Order.

12.    Notwithstanding anything in this Agreed Stipulation and Order, all parties reserve, and do not waive, their rights regarding (i) whether Alabama's claims against the defendants should be tried to the bench or a jury; (ii) the argument that if Alabama's claims are tried to a jury, then all claims triable to a jury must be tried to the same jury under the Seventh Amendment; (iii) the application in general of the Re-Examination Clause of the Seventh Amendment; and (iv) venue for the Alabama Compensatory Trial. The Parties further reserve all of their rights regarding natural resource damages and punitive damages.

13.    This stipulation shall not prejudice any of the Parties with respect to discovery or trial rights in any other proceedings before this Court.

   IT IS SO ORDERED.

Date: January 21st, 2015

**Sally Shushan**
**United States Magistrate Judge**

So Stipulated for the State of Alabama:

LUTHER J. STRANGE
Attorney General

/s/ Corey L. Maze
COREY L. MAZE
Special Deputy Attorney General

WINFIELD J. SINCLAIR
Assistant Attorney General

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email: cmaze@ago.state.al.us

Attorneys for the State of Alabama

So Stipulated for HESI:

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Godwin Lewis PC
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
Godwin Lewis PC
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

So Stipulated for BP:

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter LLP
555 12th Street, N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

/s/ J. Andrew Langan, P.C.
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
R. Chris Heck
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (312) 862-2200