UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

MEMORANDUM IN SUPPORT OF MOTION OF THE SPECIAL MASTER
FOR RETURN OF PAYMENTS MADE TO TONY RILEY AND OTHERS

Special Master Louis J. Freeh moves to have claimant Tony Riley ("Riley") return $221,681.62 in payments made by the Deepwater Horizon Economic Claims Center ("DHECC"). Riley presented the DHECC with a document he said was an amendment to his 2009 tax return to show his shrimping revenue. Riley never filed the tax form with the Internal Revenue Service. Further, alleged shrimp sale records presented by Riley contained duplicate invoice numbers and contradictory sales figures. These issues, plus the fact that Riley worked 12-hour shifts at a shipping job on the same day as many of the alleged sales, render the alleged records unreliable.

The Special Master seeks a judgment requiring Riley to return money paid on his DHECC claims, requiring professionals who assisted Riley and benefitted from this unjustified payment to similarly return such payments, and prohibiting Riley from participating in any further seafood distributions.

Discussions to resolve the issues presented in the Special Master's motion with Riley's counsel, Andry Lerner LLC, have not resulted in any agreement concerning the relief sought.

### A. *Background*

By order of September 6, 2013, this Court directed the Special Master to examine claims submitted to the DHECC and initiate clawback proceedings of fraudulent claims. This Court retains continuing and exclusive jurisdiction over the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Settlement Agreement"), including supervision and oversight activities to ensure the integrity of the DHECC. *See* Settlement Agreement at ¶¶ 4.3.2, 4.3.10, 4.4.7 and 18.1.  Disputes concerning enforcement of the Settlement Agreement are to be resolved by motion to the Court. *Id*. at ¶ 18.1.

### B. *The DHECC Claims*

On July 2, 2012, Riley filed shrimp vessel owner and shrimp boat captain claims, seeking to have both claims paid using the expedited compensation method based on his 2009 tax records.  Available to shrimp vessel owners and boat captains, the expedited compensation method finds a claim's value from set figures based upon the claimant's vessel size and the "qualifying vessel revenue."  Because Riley claimed a 41-foot vessel, he needed to demonstrate $40,000 in shrimping revenue to qualify for the expedited compensation method.

    1.    Seafood Income Documentation.

Riley had $2,348.15 in 2009 trip tickets from the Louisiana Department of Wildlife and Fisheries ("LDWF").  While Riley did not provide the DHECC a copy of his 2009 Form 1040, he did file a Form 1040X dated June 5, 2010, which purported to amend his 2009 tax return.  *See* Ex. A.  On the Form 1040X, Riley said the 2009 return "is being amended to include fishing income in the amount of 40,000." *Id*.  On

a Schedule C attached to the Form 1040X, Riley reported that he had $40,000 in gross receipts from commercial fishing. *Id*.

On November 27, 2012, Riley's counsel at the Andry Lerner firm, Christina E. Mancuso, signed a Sworn Written Statement for Sufficient Documentation of Benchmark Revenue ("SWS1"), attesting that Riley landed $40,000 in shrimp in the Gulf Coast Areas in 2009. *See* Ex. B. Riley did not sign the SWS1.

2.  DHECC Payments.

The DHECC initially issued eligibility notices for Riley based on his LDWF trip ticket revenue, but the compensation based on this revenue did not exceed the $25,700 that Riley received in prior seafood spill-related payments. The Andry Lerner firm sought reconsideration, stating that Riley's eligibility should be based on the shrimping revenue reflected on "Schedule C of his 2009 Federal Income Tax Return" instead of the LDWF trip tickets. Accepting this position, the DHECC issued post-appeal eligibility notices, finding Riley eligible for the expedited compensation method and awarding him $107,250 on the shrimp boat captain claim and $135,281 on the shrimp vessel owner claim. On March 6, 2013, the DHECC paid Riley $109,395 for his shrimp boat captain claim and $112,286.62 on the shrimp vessel owner claim (after deducting prior spill-related payments and awarding claim support accounting fees).

Upon information and belief, the Andry Lerner firm received attorney's fees of $26,812.50 on Riley's shrimp boat captain claim and $27,395.25 on Riley's shrimp vessel owner claim. The DHECC also reimbursed Riley $5,411.24 for claimant accounting support.

### C. *Evidence of the Fraudulent Claims*

The totality of the record shows that there is no genuine issue as to any material fact and that the Special Master and the DHECC are entitled to a judgment as a matter of law. *See* Order & Reasons on Special Master's Motion for Return of Payment at 19 (Doc. Rec. 12794) (Apr. 29, 2014) (hereinafter "Order & Reasons").

1. Riley Presented Fraudulent Tax Documents to the DHECC.

Riley's eligibility for the expedited method depended upon whether he had $40,000 in shrimping revenue from his vessel in 2009. Riley did not provide the DHECC with a copy of his 2009 Form 1040, but he did provide a Form 1040X purporting to amend his 2009 return and declaring on an attached Schedule C that he had $40,000 in 2009 fishing revenue. *See* Ex. A.

Riley, however, never filed the Form 1040X with the Internal Revenue Service ("IRS"). IRS records provided to the DHECC with Riley's consent reflect that Riley neither filed the Form 1040X with the IRS nor paid the additional tax reflected on the form. *See* Ex. C.

Riley also filed a version of the Form 1040X with the Gulf Coast Claims Facility ("GCCF"). *See* Ex. D. The version of the Form 1040X filed with the GCCF plainly was signed at a different time than the version filed with the DHECC, as the preparer signatures on the two forms are made at different locations on the preparer signature line. *Compare* Exs. A & D (pertinent signatures highlighted in blue). Moreover, neither version of the form ever was filed with the IRS.

Riley's tax records also indicate that he had income from a job as a fleet deckhand for American River Transportation Company ("ARTCO"), a commodities

transport company operating on the Mississippi River. ARTCO records show that Riley was hired on July 15, 2009, and that he worked a mix of day shifts (4 a.m. to 4 p.m.) and night shifts (4 p.m. to 4 a.m.) from July to December 2009. *See* Exs. E & F.

      2.      <u>Riley Presented Inconsistent Seafood Revenue Documentation</u>.

Riley filed a claim with the GCCF before filing his DHECC claims. On October 11, 2011, Riley filed purported shrimp sale "receipts" with the GCCF. *See* Ex. G. The handwritten, hand-numbered receipts do not bear the names of any alleged customers, and contain other inconsistencies. For example, there are two receipts bearing each of numbers "14", "43", "46", and "62." *See* Ex. G (duplicate numbers highlighted in yellow). Further, 25 receipts are dated for the same days that Riley worked 12-hour shifts at the ARTCO facility. *See* Exs. F & G (pertinent entries highlighted in blue).

There also are differences between the shrimp sale "receipts" and a 2009 revenue schedule that Riley filed with the GCCF on June 13, 2011. *See* Exs. G & H. For example, for several weeks, the weekly revenue claimed in the revenue schedule is significantly different from the sum for the same week of "receipts," as follows:

|  | Shrimp Sales Reflected On Schedule (filed 6-13-11) | Shrimp Sales Reflected On Receipts (filed 10-11-11) |
|---|---:|---:|
| Week of 5-25-09 | $755.00 | $2,300.00 |
| Week of 6-22-09 | $2,605.00 | $1,650.00 |
| Week of 8-17-09 | $1,872.00 | $575.00 |
| Week of 8-24-09 | $1,625.00 | $1,037.50 |
| Week of 9-7-09 | $1,325.00 | $2,425.00 |
| Week of 9-14-09 | $2,200.00 | $1,400.00 |

### D. *Legal Analysis*

1. The Court Should Order Riley to Return All Funds Received from the DHECC Because His Claims Were Fraudulent.

The Court's power to order equitable remedies as a result of fraudulent conduct is a broad, flexible and long-standing power. *See Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 244 (1944) (affirming judicial power to set aside fraudulently begotten judgments as such cases present "a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society"); Order & Reasons at 21.

Here, the record unquestionably reveals that Riley knowingly presented false information to the Court-supervised DHECC to obtain $221,681. Riley falsified a tax form to reflect purported 2009 shrimping revenue, and submitted this form to the DHECC expecting the form to be used to calculate his claims. *See* Ex. A. The tax form was signed and dated to give the form an appearance of legitimacy. *See* Exs. A & D; *see also infra* at 4 (noting discrepancy in signatures on tax forms submitted by Riley). However, no amended tax form ever was filed with the IRS. *See* Ex. C. Riley also produced hand-written "receipts" that reflected shrimp sales on days when he worked 12-hour shifts and that varied widely from other summaries of his shrimping revenue he prepared. *See* Exs. F, G & H.

In light of the evidence, the Special Master seeks an order compelling Riley to return payments made on his DHECC seafood claims. The return of the payments will make the DHECC whole, deprive Riley of an unjust enrichment and deter others from engaging in similar misconduct. *See* Order & Reasons at 22.

2. The Court Should Order the Return of All Funds Received
by Professionals Who Assisted Riley to Submit False Claims.

The professionals who helped Riley to submit his claims also should be required to return any payment received based on these claims. *See* Order & Reasons at 26; *SEC v. Blatt*, 583 F.2d 1325, 1335-36 (5th Cir. 1978) (broad power enables courts to order disgorgement of legal and other professional fees "realized by each defendant for his assistance in executing the fraud" up to the amount of the fee realized). Whether these professionals knew of the falsity of Riley's claim is immaterial to their duty to make restitution of sums that have been received as a result of this improper claim. Order & Reasons at 23; *Schock v. Nash*, 732 A.2d 217, 232-33 (Del. 1999) ("Restitution is permitted even when the defendant retaining the benefit is not a wrongdoer.").

Money paid by contingent fee arrangements may be recouped through restitution where the client's judgment is reversed or voided. *See Mohamed v. Kerr*, 91 F.3d 1124, 1126 (8th Cir. 1996). The contingent fee is the key factor. *See* Order & Reasons at 22-23. Retaining payment made on a contingent fee contract if the client does not prevail or prevails but has the award revoked would be an unjust enrichment. *Id*. at 24.

Here, upon information and belief, Andry Lerner LLC received attorney's fees of $54,207.75 on Riley's claims based upon a contingent fee contract. The fee to the law firm would not have been payable absent payments on these fraudulent claims, and it now should be ordered returned to the DHECC.[1]

---

[1] While requested by the Special Master, the Andry Lerner firm has not produced the retainer agreement for the accounting firm that provided support for Riley's claims. The agreement's terms are relevant to determining the person or entities that may be responsible for repaying the DHECC and in what amounts.

### E. *Conclusion*

For the reasons stated in this memorandum, the Special Master seeks entry of a judgment requiring Riley to make restitution to the DHECC for $221,681, paid by the DHECC in reliance on Riley's false representations.  All professionals who assisted Riley and benefitted from these unjustified payments from the DHECC similarly should be required to return these payments, jointly and severally with Riley up to the value of the amounts they received as payments on the claims.

    Respectfully submitted,

    \_\_\_\_/s/  Louis J. Freeh_____
    Louis J. Freeh
    Special Master

Dated:   January 26, 2015