IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-CV-968 | MDL NO. 2179<br><br>SECTION: J<br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

<u>Motion to Enlarge the Time to File Proof of Claim Forms From February 12, 2015 to August 12, 2015 or Later as Equity Requires</u>

Comes now Counsel, on behalf of Cynthia Huffman Jefferson, a resident of Gulfport, Mississippi, Timothy Ray Davis, a resident of Houston, Texas, Captain Harley Dwayne Allen, a resident of Eastpoint, Florida, Gary Mejia, a resident of Houma, Louisiana, Kyle Lee Lachico, a resident of Houma, Louisiana, Sheila R. Smalley, a resident of La Porte, Texas, Mien Tran, a resident of Long Beach, Mississippi, and Glenn Warren, a resident of New Orleans, Louisiana, joined by the Medical Benefits Class Counsel on behalf of the entire Medical Benefits Settlement Class, seeking an enlargement of time for the entire Medical Benefits Settlement Class for any and all deadlines related to the submittal of any Proof of Claim Form (and any ongoing duties to update, supplement, and inform the Claims Administrator) described in the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012[1] (hereinafter "MSA") from February 12, 2015 through August 12, 2015, or later as equity requires, pursuant to Federal Rule of Civil Procedures Rule 6(b)(1)(A) and as a basis therefor would show unto this Honorable Court as follows:

---

[1] Deepwater Horizon *Class Action Medical Benefits Settlement Agreement, as Amended on May 1, 2012*, Rec. Doc. 6247 (May 3, 2012) (No. 2:10-MDL-02179) (hereinafter "*MSA*").

I- JURISDICTION AND AUTHORITY TO ENLARGE TIME

1. The first issue presented is whether this Court has the authority to enlarge the time for all class members to file a Proof of Claim Form.

RELEVANT FACTS

2. The MSA states that the Court shall retain continuing and exclusive jurisdiction over the interpretation, implementation, administration, and enforcement of this MSA:

> Pursuant to the FINAL ORDER AND JUDGMENT, the COURT shall retain continuing and exclusive jurisdiction over … (ii) the subject matter of *Plaisance, et al. v. BP Exploration & Production Inc., et al.*, with respect to the interpretation, implementation, **administration**, and enforcement of this MEDICAL SETTLEMENT AGREEMENT, including all issues related to the scope, application, and **operation of the RELEASE** in Section XVI, the distribution of benefits to MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS, and any dispute arising as to the actions or election of any PARTY under Section XIV. . .

*MSA*, *supra* note 1, § XXVII.

3. Section XXX.I of the MSA says, "MEDICAL BENEFITS CLASS COUNSEL and BP'S COUNSEL may agree, **subject to approval of the COURT where required, to reasonable extensions of time** to carry out the provisions of this MEDICAL SETTLEMENT AGREEMENT." *MSA*, *supra* note 1, § XXX.I.

RELEVANT LEGAL AUTHORITY

4. Federal Rule of Civil Procedure Rule 6(b): "When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or *if a request is made, before the original time or its*

*extension expires.*" FED. R. CIV. P. 6(b)(1)(A) (emphasis added).[2]  "Under Fed.R.Civ.P. 6(b), the district court is granted broad discretion to expand filing deadlines." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995); *see e.g. Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 583 (1st Cir.1994); *Woods v. Allied Concord Financial Corp.,* 373 F.2d 733, 734 (5th Cir.1967).

     5.     When an effective date to begin filing claim forms in a class action law suit is originally set by the Court and not the parties to the agreement, the District Judge may exercise its equitable powers under rule 6(b)(1) to reset the effective date or enlarge the deadline. *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 844-45 (E.D.N.Y. 1995) (providing an example of a District Court enlarging the time for a deadline to file proof of claim forms when the parties had merely agreed in a Class Action Settlement Agreement to a deadline of 90 days after the effective date and the Court, not the parties, set the original effective date); *see* MCL 4th, § 21:661 n.1000.

ANALYSIS & CONCLUSION

     6.     The parties have agreed to grant this Court exclusive and ongoing jurisdiction to administer the MSA and have expressly indicated that they wish to allow this Court to retain ongoing jurisdiction as evidenced by the clear and unambiguous MSA language.

     7.     Further, this Honorable Court set February 12, 2014 as the effective date in the case at bar and the Court has full authority to expand the date, for good cause shown

---

[2] We note that this standard does not require a showing of "excusable neglect" and the *Pioneer Factors* as the filing of this motion was made before the deadline has run, not after. *See Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 385 (1993). The standard of excusable neglect is reserved strictly for the application of the Rule 6(b)(1)(B) when parties are requesting an enlargement of time after the deadline has run. Fed. R. Civ. P. r. 6(b)(1)(B).

and/or when the administration of justice will be facilitated by such a change. The specific date was not an agreed term of the MSA but was selected by the Court, which may exercise his equitable powers under rule 6(b)(1) to reset the effective date or enlarge the deadline. *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 844-45 (E.D.N.Y.1995).

8. For the aforementioned reasons, this Court has the authority to grant a unilateral request for an enlargement of time pursuant to Federal Rule of Civil Procedure rule 6(b)(1)(A), the Court's equitable powers, and the plain and ordinary meaning of the MSA.

## II- DOES GOOD CAUSE EXIST TO GRANT THE MOTION TO ENLARGE TIME?

9. The second issue presented is whether good cause exists for this Honorable Court to enlarge the time for all class members to file a Proof of Claim Form through August 12, 2015 or later as equity requires.

### RELEVANT FACTS

10. Counsel for Plaintiffs have not yet filed between 15,000 and 20,000 claims for Specified Physical Conditions because they are awaiting a ruling by this Honorable Court as to whether the filing of an acute claim constitutes a waiver of a BELO claim by the Class Member. There also exists the issue as to whether the filing of an acute claim as a Specified Physical Condition constitutes a waiver of the right to prosecute the same claim as a BELO case if it becomes chronic.

11. This Honorable Court astutely recognized this problem that confronts Class Members and precludes filing of a Specified Physical Condition claim before receiving guidance from the Court on the "release issue" of the MSA. As the Court recognized during oral arguments on September 24, 2014:

> Class Counsel is correct that claimants need guidance on the "release issue" in order to decide whether to pursue compensation for an acute condition and

       perhaps forego compensation for a chronic condition that was first diagnosed after the operative date; or whether they may have the possibility of pursuing both.

Rec. Doc. 13733, at 7 (Judge Barbier).

    12.    This dilemma continues for Claimants as the one year bar date for submitting Proof of Claim Forms is rapidly approaching on February 12, 2015. The Court further recognized the unfair nature of the dilemma which Claimants face when it stated:

> [I]t seems inherently unfair. Now, what are these people supposed to do? They are supposed to guess as to whether it's in their best interest to make a claim for an acute payment and give up their right to a Back-End Litigation claim, or do they waive their right to the acute payment, and take a chance on a Back-End Litigation claim, which could be several years away before they would know if they could prevail on that claim or not?

Transcripts of September 24, 2014 Oral Arguments, Rec. Doc. 13450, at 55:3-11 (Judge Barbier).

    13.    The solution to this inherently unfair dilemma confronting Claimants is for the Court to grant this request for expansion of the time to file the Proof of Claims through August 12, 2015. This not only solves the "inherently unfair" problem confronting the Claimants through no fault of their own but also leads to the highly efficient administration of justice as raised in the next point.

    III.    THE EFFICIENT ADMINISTRATION OF JUSTICE IN THE PROCESSING OF SPC CLAIMS REQUIRES AN EXTENSION OF AT LEAST 180 DAYS TO FILE PROOF OF CLAIMS

    14.    If the bar date for filing Proof of Claim Forms is not enlarged by this Honorable Court, then Garretson Resolution Group (GRG), the Claims Administrator herein, will be inundated with 15,000 to 20,000 Proof of Claim Forms between the date of the Court's ruling on the issues raised above and February 12, 2015. This will be highly problematic for GRG and will result in duplicated efforts that will delay processing of Proof of Claim Forms and GRG's other administrative duties by several months.

15. Once this Honorable Court rules on the pending issues, Counsel for each of the 20,000 claimants will have to advise their clients as to how to proceed with prosecuting their claims. If they are prosecuted as SPC acute claims, the Claimant will have to fill out Proof of Claim Form, fill out and sign a Declaration and provide supporting documentation for each claim. There is not sufficient time for these tasks to be completed by February 12, 2015. The result is that each of 20,000 claimants will have to file an incomplete Proof of Claim Form, without a Declaration or supporting documentation for the claim. GRG will then be required to process these claims and find each of them to be deficient and return them to the attorneys with a Deficiency Notice. The claimant will then have 120 days to correct the deficiencies and refile a Proof of Claim, a signed Declaration and supporting documentation with GRG. This will require GRG to review the Proof of Claim a second time and either make an award, deny the claim, or reject for further deficiencies. This requires duplication of work by GRG which will cause lengthy delays in resolution of claims and will substantially increase the administrative costs to BP.

16. If the Court grants the request to enlarge the time for Filing of Proof of Claims to August 12, 2015, Counsel for individual Class Members have agreed with GRG that they will submit completed Claims, Declarations and supporting documentations to GRG on a schedule that will permit GRG to handle the submissions in an orderly and efficient fashion. This will prevent GRG being inundated with Claims and promote the efficient resolution of submitted claims.

17. The administration of justice in an orderly and efficient manner can be achieved through benefits flowing to Claimants in a timely fashion, Claimants Counsel

working with GRG to achieve an expeditious review of Claims, and decreased administrative costs to BP.

18. Furthermore, this Motion is joined by the Medical Benefits Class Counsel on behalf of all Medical Benefits Settlement Class Members seeking the aforementioned relief for the entire Medical Benefits Settlement Class.

19. This Motion has not been filed prior to this date because we made a good faith effort to file a joint motion with BP. In spite of these efforts whereby individual counsel for class members provided BP with requested demographic information about class members, this request to enlarge the time to file a Proof of Claim Form is being made unilaterally, we hope with no objection from BP.

20. Therefore, it is respectfully requested that this Honorable Court enlarge the time for all deadlines in connection with the submissions of Proof Of Claim Forms (including updating and supplementing Proof of Claim Forms as well as informing the Claims Administrator as information changes)[3] to August 12, 2015 and for such other relief, at law or in equity to which this Honorable Court find the Medical Benefits Settlement Class to be justly entitled.

DATED this 22nd of January, 2015.

Respectfully Submitted,

*/s/ Frank D'Amico, Jr.*
Frank J. D'Amico, Jr., La. Bar No. 17519
The Law Office of Frank D'Amico, Jr.
622 Baronne Street

---

[3] We note that although this enlargement of time request applies to any and all submissions of Proof of Claim Forms (including updating and supplementing Proof of Claim Forms as well as informing the Claims Administrator as information changes), this duty must be distinguished from all Medical Benefits Settlement Class Members' right to have an opportunity to answer Requests for Additional Information (within the agreed to 60 day limit) and Notices of Defects (within the agreed to 120 day limit) which may extend beyond the current or new effective date deadline.

New Orleans, LA 70113
Tel: (504) 525-7272
Fax: (504) 525-9522
E-Mail: frank@damicolaw.net
Counsel for:
    Cynthia Huffman Jefferson
    Timothy Ray Davis
    Kyle Lee Lachico
    Sheila R. Smalley
    Gary Mejia
    Captain Harley Dwayne Allen
    Mien Tran
    Glenn Warren

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on ALL COUNSEL by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of January, 2015.

*/s/ Frank J. D'Amico, Jr.*