Bob F. Wright
James Parkerson Roy
Thomas R. Edwards*
James H. Domengeaux*
Victor J. Versaggi
Brian C. Colomb*
Elwood C. Stevens, Jr.*†
John Parkerson Roy
Thomas A. Thomassie, IV**
Andrew J. Quackenbos¶

* A Professional Law Corporation
** A Limited Liability Company
†Special Counsel
¶A Professional Limited Liability Company
*Also Admitted in Texas

# Domengeaux Wright Roy Edwards & Colomb LLC

James Domengeaux (1907-1988)
Judge Jerome E. Domengeaux (1919-1999)

*Of Counsel*
Thomas A. Budetti
*Worker's Compensation*

556 Jefferson Street
Jefferson Towers, Suite 500
Post Office Box 3668
Lafayette, Louisiana 70502-3668
Fax (337) 232-8213
Telephone (337) 233-3033

www.WrightRoy.com

January 22, 2015

*Via E-Mail Sally_Shushan@laed.uscourts.gov*
Magistrate Judge Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

      RE:   *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* – MDL NO. 2179
              **Class Counsel Supplemental Notice Information Program and Request for Court Approval**

Dear Magistrate Shushan:

    Class Counsel submits this letter and attachments as the request of Class Counsel for court approval of the revised Supplemental Information Program print and internet ads attached. This letter is also in response to Mark Holstein's January 16, 2015 letter withholding BP's consent and urging the Court not to approve Class Counsel's proposed Supplemental Information Program.

    As a preliminary matter, Class Counsel notes that BP did not negotiate a right to <u>consent</u> to the Supplemental Information Program. Pursuant to Section 4.4.15, BP's sole right is to be allowed to <u>comment</u> prior to approval by the Court. At this point, Class Counsel construes BP's January 16, 2015 letter as satisfaction of its comment right. Class Counsel has made a few modifications to the content of the Supplemental Information materials in response to BP's comments.

    Attached are the following:

        Exhibit #1:   <u>New</u>/Revised Print Ad
        Exhibit #2:   <u>Old</u>/Original Print Ad Proposal
        Exhibit #3:   <u>New</u>/Revised Internet Ad
        Exhibit #4:   <u>Old</u>/Original Internet Ad

Magistrate Judge Sally Shushan
Page 2
January 22, 2015

  The negotiated and final Settlement Agreement provides for the following requirements in the Supplemental Information Program: "the Supplemental Program: "(i) is consistent with the **goals** of the Economic Class Settlement Notice Program, (ii) is approved by the Court, and (iii) its content is submitted in advance for review and comment by BP." Section 4.4.15 (emphasis added).

  A reminder of the purpose of the Supplemental Information Program is necessary. The Supplemental Information Program was never intended to substitute for Class Notice. It was negotiated individually between Jim Roy for Class Counsel and Rick Godfrey for BP. The intent of the Program, as negotiated, was to be a "call to action" for members of the Class in an effort to **supplement** Class Notice. Thus, one of the requirements was that the Supplemental Information Program be "consistent with the goals of the Economic Class Action Settlement Program." (Sec. 4.4.15). Most importantly, the Supplemental Information Program was specifically negotiated to be a short, plain language advertisement that would not, and in fact could not, contain all of the detailed information within a typical Class Action Notice.

  The Supplemental Information Program is not a substitute for Class Notice (as BP seems to argue) but is rather a supplement and only needs to be consistent with the **goals** of the notice. The proposed Supplemental Information Program is consistent with those goals: 1) to inform members of the Class of their rights under the Settlement Agreement; 2) to inform members of the Class of the applicable filing deadline; and 3) to encourage members of the Class to participate in the Class Settlement. Thus, BP's comments comparing the content of the Supplemental Information Program to the extensively detailed content of Class Notice are misplaced. The agreement between BP and Class Counsel simply does not provide for the extensive content BP appears to believe is necessary. In fact, BP as recently as yesterday, January 21, 2015, opined in connection with the reminder notice to be published upon recommendation by Hilsoft and approval by the Court that:

> **"..., the starting point of any analysis should not be a duplication of what was done before under Section 8.1.2, but rather what is a reasonable reminder of the coming deadline under the circumstances as they exist today and the limited language of Section 8.1.3."** (E-mail of Steven Pyser dated January 21, 2015 to Cameron Azari and Lauran Schultz with copies to Class Counsel, Pat Juneau, Randall Black, Mark Holstein, and others.)

  Significantly in that same e-mail, BP refers to the Supplemental Information Program ["SIP"] and, inter alia, says the following:

> Importantly, while BP does object to certain content of the proposed SIP as inconsistent with the goals of the Notice Program and inconsistent with the court-approved Notice in violation of Section 4.4.15 of the Agreement, BP does not object to Class Counsel's decision to make the largest text and lead message of the Supplemental Information Program the statement:
> **"June 8, 2015 – Deadline to File."**

It is impracticable and in any event absolutely not required for the Supplemental Information Program to contain all of the detail upon which BP insists. This is why the proposed Supplemental Information Program refers/directs viewers to the Claims Administrators website for further information.

While Class Counsel believe the originally designed Supplemental Information Program was consistent with the requirements of the Settlement Agreement and the goals of Class Notice, Class Counsel has made an effort to implement BP's comments.

To start, the framework of the advertisement is a map showing the boundaries of the class area. The map is consistent with the Class Notice of the Settlement Agreement, and BP made no comment suggesting the map was not accurate. There is agreement on this issue. Second, both the print ad and the internet ad provide a correct and accurate deadline for the date to file claims. BP also did not comment on this aspect of the program. These two pieces of information are the fundamental foundation of the ads and are necessary information for any potential claimant.

In consideration of BP's comments, Class Counsel has revised the language of the print ad and the internet banner ad to remove the language that the settlement formulas were "upheld by the Supreme Court." While the intent of the language was to convey finality, Class Counsel agrees that the language "upheld" was not technically accurate. This language has now been revised to be more consistent with the Court proceedings – that the settlement has reached final judgment.

Each of the other points of the Supplemental information Program print ad and banner ad are true and correct statements and are consistent with the goals of the Economic Class Settlement Notice Program.

The goal of the print ad is to inform class members of the extent of the class boundary, the deadline to file and the basic filing requirements. It is specifically not designed to be a Class Notice and provide all of intricate details of a Class Notice. This is why the advertisement directs any potential class member to the Class Administrator website. With that said, everything stated in the print advertisement is true. It is a true statement that a class member who resides or has a business within the area defined by the map has the right to file a claim. It is also true that a class member must submit a claim form (which itself provides a certification under penalty of perjury and each of the requirements set forth by the Fifth Circuit) and all required information under the Settlement Agreement. If the required documents are submitted and the various causation formulas are met, the class member will qualify for an award. Further, the print advertisement advises class members that not every filed claim will be eligible but they have the right, as a class member, to file and find out. The print advertisement concludes by again advising of the deadline to file and how to file a claim. The entirety of the ad is consistent the goals of the Economic Settlement Class Notice Program and the requirements of the Settlement Agreement.

Magistrate Judge Sally Shushan
Page 4
January 22, 2015

The proposed <u>internet banner ad</u> is now a <u>static</u> ad intended to act as an additional mechanism to reach out to potential class members. The web has become the primary information source for most individuals and it is critical for the Supplemental Information Program to have a web presence. The goal of this advertisement is the same as the print ad. However, given the limited space, the information is further condensed simply to provide the class boundary map and the deadline to file. The banner ad then provides a click-through mechanism that will direct the reader to the Class Administrator website for more information.

Class Counsel disagrees that it must provide to BP a detail of the publications and sites on which the proposed advertisements will be placed. Again, BP's right is solely to comment on the "content" of the Supplemental Information Program. With that said, Class Counsel previously furnished BP and the Court a tentative list of the print publications that the print ad is proposed to run in with such frequency and placement as may be determined by the ad placement professionals within the budget allowed. (See Exhibit #5 - "Publication List") Class Counsel has targeted for placement local newspapers within the boundaries of the Class Area with a more limited placement in a national publication like *USA Today*. As for the internet banner ads, these ads are typically dependent upon the internet users web history and will appear as banner ads on pages that individual user frequents. For example, through using Google AdWords, the banner ad would be featured on a network of sites that feature Google AdWords ads. Ad placement professionals working at the direction of the administrator would purchase certain search terms like "oil spill" which would cost a set amount of money per click. To the extent the Court requires more information on the exact sites these ads will appear, Class Counsel can provide that information in due course. However, the important point for the present issue is the approval of the content itself as the content could have an impact on the sites on which the ad is placed. Further, BP's sole right is to <u>comment</u> on actual content and not placement.

As explained above, Class Counsel have incorporated revisions to the content of the Supplemental Information Program in an attempt to be cooperative and satisfy some of BP's comments. We believe this issue is now ripe for submission to the Court for approval as BP has been afforded its comment right.

Class Counsel do not believe that the Supplemental Information Program Court approval process requires formal motion practice and we ask that the Court accept this submission and attachments as the formal request of Class Counsel for Court approval of the attached revised print and internet ads and authority for the administrator to cause same to be placed and run with such frequency as the SIP budget funds on hand may allow.[1]

---

[1] In December of 2012 when Class Counsel proposed a television ad as part of the Supplemental Information Program, and BP objected to part of the content thereof, the Court approval process was through submission and did not involve formal motion practice. Class Counsel believe that the attached revised print and internet ads at this time might better serve the SIP than the previously approved T.V. ad.

If the Court prefers this matter to be handled in a different fashion, we will of course comply. If the Court feels it is necessary, we certainly have no objection to any further comment from BP as the Court may deem appropriate.

Respectfully Submitted,

DOMENGEAUX WRIGHT ROY
EDWARDS & COLOMB, LLC

JAMES PARKERSON ROY

JPR/sbl
Enclosure
cc: Steve Herman
    Mark Holstein
    Richard Godfrey
    Brian Barr
    Pat Juneau
    Mike Juneau
    Randy Black

# NEW/REVISED PRINT AD

# EXHIBIT #1

**Court-Approved Supplemental Information about the *Deepwater Horizon* Economic Settlement Claim Deadline**



# June 8, 2015 – Deadline to File

Claim(s) with the *Deepwater Horizon* (BP) Economic Settlement Program

The Class Settlement and its objective, financial data based causation tests have been approved by final judgment.

If you reside or have a business in the map above, you have the right to file a claim.

If you submit a claim form and all required information and meet the formulas as approved by the Courts, you qualify for an award.

Not every claim filed will be eligible, but you have the right to file and find out.

<u>The June 8, 2015 Deadline will **NOT** be extended</u>

*To file your claim go to:*
www.deepwaterhorizoneconomicsettlement.com
*Or Call* (866) 992-6174



Exhibit #1 - New/Revised Print Ad