From: "Pyser, Steven" <SPyser@wc.com>
To: Steve Herman <SHERMAN@hhklawfirm.com>, "'James Roy (jimr@wrightroy.com)' (jimr@wrightroy.com)" <jimr@wrightroy.com>
Cc: "Sally_Shushan@laed.uscourts.gov" <Sally_Shushan@laed.uscourts.gov>, "Holstein, Mark E" <Mark.Holstein@bp.com>, "'Richard C. Godfrey P.C. (richard.godfrey@kirkland.com)'" <richard.godfrey@kirkland.com>, "Bloom, Wendy L." <wbloom@kirkland.com>, Patrick Juneau <pjuneau@dheclaims.com>, "mjuneau@dheclaims.com" <mjuneau@dheclaims.com>, Randall Black <rblack@dheclaims.com>
Date: 01/24/2015 08:49 PM
Subject: RE: MDL 2179 - Class Counsel Supplemental Notice Information Program and Request for Court Approval

Dear Jim and Steve:

With respect to the supplemental information program, BP has no objections to Class Counsel's updated banner ad and appreciates the changes made. Attached is your proposed print advertisement, with BP's proposed edits in red. Many of BP's concerns with the original print ad were addressed in your revised submission. The attached proposal, if acceptable to you and approved by the Court, resolves BP's remaining concerns. Thank you for your consideration.

Have a good weekend,
Steve

**Steven M. Pyser**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5808 | (F) 202-434-5029

spyser@wc.com | www.wc.com/spyser From: James Roy <JIMR@wrightroy.com>
To: Magistrate Shushan <Sally_Shushan@laed.uscourts.gov>
Cc: Richard Godfrey <rgodfrey@kirkland.com>, "Bloom, Wendy L." <wbloom@kirkland.com>, Pyser Steven <SPyser@wc.com>, "Pat Juneau (pjuneau@dheclaims.com)" <pjuneau@dheclaims.com>, "Michael Juneau (mjuneau@dheclaims.com)" <mjuneau@dheclaims.com>, "Randall Black (rblack@dheclaims.com)" <rblack@dheclaims.com>, "Steve Herman (SHERMAN@hhklawfirm.com)" <SHERMAN@hhklawfirm.com>
Date: 01/25/2015 05:06 PM
Subject: BP Oil - SIP. Response to Pyser et al

Dear Judge Shushan:

Please accept this as the submission of Class Counsel in response to the BP comments from Steven Pyser yesterday (1/24/2015) regarding the proposed revised SIP ads.

In our second submission to the Court, Class Counsel substantially modified the proposed SIP ads in a good faith attempt to address the concerns of BP. Class Counsel acknowledge that BP now has no objection the internet ad (as revised earlier by Class Counsel), and that BP proposes three further edits (see attached) to the revised print ad submitted by Class Counsel in the second submission.

We are respectful that both sides have distinct views of what this ad should look like, but Class Counsel believe that the **BP-proposed further revisions are unnecessary:**

1. BP's first suggestion is unnecessary and potentially confusing, even misleading:

    In the event that a potentially eligible Class Member, in response to the ad, desires to submit a Claim to the Settlement Program, he or she must of necessity see and read more detailed information about the Settlement Agreement (on the Administrator's website AND on the claim form itself), and thus will learn what is specifically required to submit a valid claim.  If the Class Member does not submit what is necessary to satisfy the Agreement's objective, formula driven causation requirements, the Claim will be denied.

    BP has spent a lot of time, money and effort over the past two years arguing that there was some unknown, unspecified, undefined, additional, subjective requirement that a claimant would have to establish that its loss was "by" or "because of" the Spill, separate, apart from, and in addition to the objective criteria set forth in the Causation Frameworks contained within the Settlement Agreement. That argument was soundly and correctly rejected by the Courts.

    Nevertheless, BP now seeks to re-introduce such potentially misleading and potentially confusing concepts, in an apparent effort to discourage potentially Eligible Class Members from making Claims. Of course, this is contrary to the entire purpose of the Supplemental Information Program, which was intended and agreed to actively motivate and encourage Class Members to submit claims.

2. BP's second suggestion is unnecessary:

    The Claim Form itself contains a sworn attestation. By definition, under the Settlement, one cannot file a valid claim form without a sworn attestation. If a claimant submits a claim without the sworn attestation, the claim will and should be rejected as incomplete if that deficiency is not cured.

3.  <u>BP's third suggestion is unnecessary and also potentially confusing and misleading:</u>

> The Settlement Agreement has a number of Documentation and other requirements for a valid claim. By focusing on this one requirement BP seemingly would like to inferentially suggest that a Class Member has to separately <u>and additionally</u> attest that its **damages** were "caused by" the Spill in some unknown, unspecified, undefined, subjective way, separate, apart from, <u>and in addition to</u> the objective criteria set forth in the Causation Frameworks contained within the Settlement Agreement. Class Counsel believe that a Class Member only has to attest that the <u>documents and information</u> submitted are authentic and accurate, and that the Claimant's damages were "caused by" the Spill, ***<u>as defined in and required by</u>* the Settlement Agreement.** *(objective formulae)*

> BP's suggested addition also seems calculated to confuse and discourage Class Members from making Claims, which, again, is inconsistent with the entire purpose, agreement and intent of the Supplemental Information Program.

This is a motivational advertisement that is in addition to the Hillsoft reminder notice. There are a lot of specific details and requirements that are contained within the 1,000-plus page Settlement Agreement. This ad, like the internet banner ad (that has much less info) both "point" to the Administrator's detailed official website that contains the <u>whole</u> agreement, claim forms and ALL requisites of a valid claim filing.

We will, of course, do as the Court directs, but we believe that BP's suggestions are unnecessary, potentially misleading and confusing, as well as contrary to the nature and spirit of the Supplemental Information Program.

Respectfully submitted,

Jim Roy & Steve Herman
Co-Lead Class Counsel

▬ SIP proposed print ad - with edits (1.23.2015).pdf

## Court-Approved Supplemental Information about the *Deepwater Horizon* Economic Settlement Claim Deadline



# June 8, 2015 – Deadline to File
Claim(s) with the Deepwater Horizon (BP) Economic Settlement Program

The Class Settlement and its objective, financial data based causation tests have been approved by final judgment.

If you reside or have a business in the map above and had economic loss or property damage because of the Deepwater Horizon oil spill, you have the right to file a claim.

If you submit a claim form, including truthful sworn attestation, and all required information and meet the formulas as approved by the Courts, you qualify for an award.

Not every claim filed will be eligible, but if you were damaged by the oil spill you have the right to file and find out.

<u>The June 8, 2015 Deadline will **NOT** be extended</u>

*To file your claim go to:*
www.deepwaterhorizoneconomicsettlement.com
*Or Call* (866) 992-6174



BP Proposed Edits