Combined DRAFT
December 16, 2014
**Class Suggested Language in Blue**
**BP Suggested Language in Red**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: | * | |
| | * | JUDGE BARBIER |
| 12-cv-968: BELO | * | |
| | * | MAGISTRATE JUDGE |
| | * | SHUSHAN |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*PARTIES' PROPOSED* [handwritten] *Fill in the record* [handwritten signature] 1/29/15

CASE MANAGEMENT ORDER NO. ___

[Establishing procedures for the filing of Back End Litigation Option ("BELO") actions alleging Later-Manifested Physical Conditions ("LMPC") filed initially in the Eastern District of Louisiana pursuant to the *Deepwater Horizon* Medical Benefits Class Settlement Agreement, as Amended on May 1, 2012 ("Medical Settlement Agreement" or "Settlement Agreement") and initial discovery protocols in those BELO actions]

These procedures apply to the requirements for commencing a BELO lawsuit by a Medical Benefits Settlement Class Member in the Eastern District of Louisiana, in accordance with the terms and provisions of the Settlement Agreement. It does not address the pre-conditions for commencing a BELO lawsuit, which must be met before a plaintiff may commence a BELO lawsuit in accordance with this Order. This Order applies prospectively only, and Medical Benefits Class Members who have already filed a BELO action in this District do not need to re-file their actions in accordance with this Order.

To facilitate the efficient filing of BELO lawsuits in the Eastern District of Louisiana, to further the fair, efficient, and effective management of those actions, and mindful of the guidance provided by the *Manual for Complex Litigation, Fourth*, this initial BELO Case Management Order establishes the framework for the filing of BELO lawsuits, the captioning of complaints, initial disclosure requirements, and subsequent phased discovery: It is contemplated that this initial Case Management Order will be supplemented with additional orders establishing specific procedures to govern particular aspects of the BELO lawsuits.

**IT IS ORDERED** that:

**A.**   **Filing of BELO Lawsuits**

1.   All individual complaints by Medical Benefits Class Members for Later Manifested Physical Conditions should be titled: "BELO Complaint." The caption for the complaint shall be in the form attached to the Court's Order dated December 8, 2014 [Rec. Doc. 13787] and specifically state that the matter "Applies to: 12-968 BELO."

2.   The Medical Class Action Complaint filed on April 16, 2012 in Civil Action No. 12-cv-698 [Rec. Doc. 1] shall serve as the operative complaint with respect to common and class-wide issues.

3.   In addition, to commence a BELO lawsuit, the Medical Benefits Class Member is required to file an individual BELO Complaint, which shall allege the following:

    (i)   venue, including (a) the plaintiff's current judicial district of residence; (b) the plaintiff's judicial district of residence at the time of exposure; and (c) where the exposure or other injuries occurred;

    (ii)    a description of the plaintiff's LMPC(s) and the date of first diagnosis for each LMPC;

    (iii)    the circumstances of the plaintiff's exposure to the oil and/or chemical dispersant used in response to the oil spill, including where the exposure occurred, when it occurred, and what the level and duration of the exposure was;

    (iv)    the location of the exposure to the oil and/or chemical dispersant used in response to the oil spill;

    (v)    the types of damages plaintiff is seeking; and

    (vi)    whether the plaintiff requests a trial by jury and, if so, the legal basis for the jury request.

4.    The Medical Benefits Class Member [may use] [is required to use] a "Short-Form BELO Complaint" for this purpose. The Parties are directed to meet and confer concerning the composition of the "Short-Form BELO Complaint", and within [45] [xxx] days of the entry of this Order, either file an agreed-to Short-Form BELO Complaint or contact the Court to resolve any impasse.

5.    The standard Short-Form BELO Complaint shall be made available on the official Deepwater Horizon Court-Supervised Settlement Program Website, found at http://www.deepwaterhorizonsettlements.com/.

6.    All BELO actions must be filed in the Eastern District of Louisiana, Section J. The Short-Form BELO Complaint shall be filed electronically, if the plaintiff is represented by counsel, and all subsequent filings shall be filed and served electronically consistent with the Court's electronic case management filing procedures.

For *pro se* plaintiffs, paper filings of the Short-Form BELO Complaints shall be permitted.

7. No Short-Form BELO Complaint may name any defendant other than BP Exploration & Production Inc. and BP America Production Company (collectively "BP Defendants" or "BP"). Nothing herein shall be interpreted to preclude the naming or joining any other party as a defendant in a BELO lawsuit.

8. No BELO lawsuit may be filed as a class, mass, or aggregate action. However, Medical Benefits Class Members who share appropriate and proper venue within the same Judicial District may join their actions consistent with the Federal Rules of Civil Procedure.

9. Upon the filing of a BELO Complaint by a Medical Benefits Class Member in Civil Action No. 12-698, the BP Defendants and Class Counsel will receive electronic notice of the filing, and the Clerk of Court will thereafter assign the BELO Complaint a unique Civil Action No. Counsel for the individual BELO Class Member and Counsel for the BP Defendants will be added by the Clerk of Court to receive electronic notice of filings within that Civil Action No. Initially, the Docket of each new BELO Civil Action No. will include:

    (a) The Medical Class Action Complaint filed on April 16, 2012 in Civil Action No. 12-cv-698 [Rec. Doc. 1];

    (b) The BP Defendants' Answer to Plaintiffs' Medical Class Action Complaint filed on May 7, 2012 [MDL Rec. Doc. 6454];

    (c) The Medical Benefits Class Settlement [MDL Rec. Doc. 6273-1];

    (d) The individual Class Member's BELO Complaint; and

  (e) This Pre-Trial Order.

 10. BP agrees to waive service of summons of the Short-Form BELO Complaint pursuant to Federal Rule of Civil Procedure 4(d). A Waiver of Service Form shall be made available on the official *Deepwater Horizon* Court-Supervised Settlement Program, found at http://www.deepwaterhorizonsettlements.com. The Waiver of Service Form, together with a copy of this Order, shall also be provided to the Claims Administrator to make available to any BELO claimant who files a Notice of Intent to Sue in accordance with Section VIII of the Medical Settlement Agreement. Service of the Short-Form BELO Complaint shall be made by [TBD].

 11. BP Defendants' Answer to Plaintiffs' Medical Class Action Complaint filed on May 7, 2012 [MDL Rec. Doc. 6454] shall serve as BP's Answer to each individual Short-Form BELO Complaint and will be deemed automatically filed in response to a Short-Form BELO Complaint upon the filing of that complaint. BP will not file individual answers to the Short-Form BELO Complaints and will not be deemed to have waived any claims or defenses under Federal Rule of Civil Procedure 12 or otherwise, except as stipulated in the Medical Settlement Agreement.

  **B.** **Attorney Appearances**

 12. Attorneys representing the Parties and admitted to practice and in good standing in any United States District Court are automatically admitted *pro hac vice* for purposes of any BELO lawsuit, and the requirements of Local Rules 83.2.6E and 83.2.7 are waived. Association of local counsel is not required.

  **C.** **Briefing of Common BELO Issues**

13. Within 120 days of entry of this Order, the BP Defendants shall file a brief, not to exceed 40 pages, setting forth common defenses the Defendants anticipate they may assert in the BELO actions. That memorandum of law should inform both this Court and any court to which a BELO action might be transferred (if the action is not finally adjudicated in this Court), the common issues that the Defendants would likely contest in such BELO actions and the legal authority that would govern resolution of those issues. Class Counsel shall have 90 days after the date of BP's filing to submit a responsive brief, not to exceed 40 pages, setting forth its opposition to the arguments made in the Defendants' brief, including contrary legal authority. There shall be no reply briefing. These memoranda shall be filed by the Clerk of Court in each individual BELO action.

14. The filing of the briefs outlined in paragraph [12] above does not preclude the right of any party to make a case-specific motion in an individual BELO action once that action has been remanded for trial.

15. Within xxx days from entry of this Order, for purposes of identifying common issues and assisting the Court in the management of what may be a large number of cases, Plaintiffs' Liaison Counsel shall submit to the Court and serve upon BP a filing that (to the best of Plaintiffs' Liason Counsel's knowledge) provides the following information concerning plaintiffs' current inventory of BELO claims ("the Inventory"): (i) the total number of BELO plaintiffs expected to file lawsuits, (ii) the number of expected BELO plaintiffs alleging each type of alleged injury, and (iii) the number of expected BELO plaintiffs whose alleged injury occurred in each state.

16. After submission of the Inventory, the parties will meet and confer regarding the existence, if any, of common issues.

D. **Initial Disclosures**

17. The parties will meet and confer to develop a Plaintiff Profile Form ("PPF") that will be completed by each BELO plaintiff and that will serve in lieu of interrogatory answers. [The Plaintiff Profile Form will be narrowly tailored to provide the BP Defendants with basic necessary information, that is not duplicative or repetitive of the information that has already been provided by the Medical Class Member in the Notice of Intent to Sue, the Plaintiff Medical Information Form (if any), and the Short Form or other BELO Complaint.] [In determining the format and content of the PPF and above Authorizations, the parties and the Court will be guided by the Plaintiff Profile Forms and Authorizations approved for use in *In re: Vioxx Products Liability Litigation*, MDL 1657, by Judge Fallon (E.D. La). The parties will meet and confer within xxx days of the entry of this Order and shall either file an agreed-to PPF or contact Judge Barbier's chambers to resolve any impasse.]

18. Within forty-five (45) days of the filing of each BELO action, [in a form and pursuant to a schedule to be agreed upon by the parties and approved by the Court] the Plaintiff shall provide a completed PPF, and the Plaintiff and the BP Defendants shall both make simultaneous production and initial disclosure of the relevant documents, as follows:

19. The plaintiff shall provide: (i) all documents that are relevant to the claims for physical injury that are in the plaintiff's possession, custody or control, including any and all relevant medical records; (ii) a list of all medical providers from

2008 thru the present; (iii) a HIPPA-compliant executed medical release; and (iv) documents establishing any and all medical invoices, payments or expenses. Clean-Up Workers must submit any relevant employment records in their possession. If the plaintiff is seeking any loss of income and/or loss of earning capacity, he or she must further provide (a) a list of all employers form 2008 thru the present, and (b) an executed release of employment information. To the extent that any or all such documents were already provided in connection with the Plaintiff's Notice of Intent to Sue and/or the Plaintiff Mediation Information Form, the Medical Class Member is not required to provide those documents again.

20. In addition to the verified and witnessed Plaintiff Profile Form ("PPF"), the plaintiff shall provide BP with Authorizations for Release of Medical Records Information, Authorization for Release of Employment Records Information, and Authorization for Release of Social Security Records Information, in forms to be agreed upon by the parties and approved by the Court. The plaintiff shall provide ten (10) signed Authorizations for Release of Medical Records Information; one (1) signed Authorization for Release of Employment Records Information for each employer within the past ten years and one (1) signed Authorization for Release of Social Security Records Information ("Releases"). The Releases shall be dated and signed "in blank," *i.e.*, without setting forth the identity of the custodian of the records or provider of care. BP may use the Releases for all healthcare providers and other sources of information identified in the PPF, without further notice to plaintiff's counsel, by filling in the name of the appropriate custodian of the records or provider of care. BP may request additional Releases as the need arises, such as when additional healthcare providers or employers

require the use of their own form of authorization. The plaintiff will not unreasonably refuse to submit additional Releases and will provide them promptly.

21. Each Plaintiff shall produce any and all documents that are in the Plaintiff's and his or her agent's possession, custody, or control related to: (1) the claims for and diagnosis of the alleged Later-Manifested Physical Condition ("LMPC") in the BELO lawsuit, including all relevant medical records; all executed medical, employment, and Social Security releases and/or authorization forms as described in Paragraphs 9 and 10; documents establishing medical expenses; and information concerning any Medicare liens; and documents concerning private health insurance coverage or any other third-party source of payment or reimbursement with respect to the medical conditions alleged in the Short-Form BELO Complaint; (2) the level, duration, location, and nature of the alleged exposure to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants used in connection with the Response Activities, and the timing thereof; (3) the amount of any compensatory damages to which the Plaintiff is seeking; and (4) any relevant employment records.

22. Subject to HIPAA and other privacy laws, the BP Defendants shall provide any and all documents relating to the plaintiff that are in defendants' possession, custody or control, including, in the case of plaintiffs who were Clean-Up Workers, any information contained in the BP medical encounters database and/or oil spill clean-up worker database. In addition, in the case of plaintiffs who were Clean-Up Workers, defendants must produce in this initial production any and all job duty, job assignment and/or time records relating to the plaintiff, as well as any agreements between BP and

the plaintiff's employer(s) during the course of the oil spill response work, including any alleged requirements, policies and procedures BP imposed on the plaintiff's employer relating to the health, safety and welfare of the workers.

23. The PPF shall be considered the equivalent of interrogatory answers and Plaintiffs' responses to the PPF shall be supplemented in accordance with Fed. R. Civ. P. 26.

24. As used herein, the term "documents" is synonymous with usage of that term in Rule 34 of the Federal Rules of Civil Procedure.

25. The documents and information required to be produced or disclosed in the initial disclosures are in lieu of the Initial Disclosures set forth in Rule 26 of the Federal Rules of Civil Procedure. To the extent not provided for herein, the initial disclosure requirements of Fed. R. Civ. P. 26(a) are waived.

### E. Streamlined Discovery – BELO Actions for Chronic Conditions

26. For BELO actions that allege one or more of the "Chronic Specified Physical Conditions" as identified in Exhibit 8 of the Medical Settlement Agreement [Case 2:10-mdl-2179-CBJ-SS, Doc. 6427-10, filed May 3, 2012, at page 14],[1] the parties shall have 60 days following the Initial Disclosures to conduct additional discovery, including exchange of expert reports,[2] requests for admissions, and depositions. The following limitations shall apply:

---

[1] Those conditions are: Sequela or damage to conjunctiva, cornea and/or surrounding structures (Occular); Chronic Rhinosinusitis or Reactive Airways Dysfunction Syndrome (Respiratory); Chronic Contact Dermatitis or Chronic Eczematous Reaction (Dermal).

[2] For the purposes of this Order, the plaintiff's treating physicians shall not be considered "experts" nor required to file a formal report under Rule 26(a)(2)(B), but shall be subject to Disclosure under Rule 26(a)(2)(C), and shall be permitted to provide appropriate opinion testimony as he or she may be qualified to give under Federal Rule of Evidence 702.

27. The parties are limited to twenty-five substantive Requests for Admission, including subparts. (Does not apply to the authentication or admissibility of documents.)

28. The Plaintiff is limited to a maximum of four non-expert depositions, including third-party witnesses.[3] The Defendants are limited to a maximum of four non-expert depositions, including third-party witnesses.

29. The Plaintiff and Defendants are permitted to depose any expert witnesses identified.

30. All depositions are limited to one day and may last no longer than seven hours.

### F. Streamlined Discovery – Other BELO Actions

31. For BELO actions that allege Later Manifested Physical Conditions that are *not* identified as a "Chronic Specified Physical Conditions" in Exhibit 8 of the BP Medical Settlement, the parties shall have 120 days following the Initial Disclosures to conduct discovery, including additional request for production of documents not required to be produced in subsection (a) above, exchange of expert reports,[4] requests for admissions, and depositions. The following limitations shall apply:

32. The parties are limited to twenty-five substantive Requests for Admission, including subparts. (Does not apply to the authentication or admissibility of documents.)

---

[3] For purposes of this Order, non-party witnesses include entities that BP and/or the government engaged for response efforts and government witnesses.

[4] For the purposes of this Order, the plaintiff's treating physicians shall not be considered "experts" nor required to file a formal report under Rule 26(a)(2)(B), but shall be subject to Disclosure under Rule 26(a)(2)(C), and shall be permitted to provide appropriate opinion testimony as he or she may be qualified to give under Federal Rule of Evidence 702.

33. The Plaintiff is limited to a maximum of six non-expert depositions, including third-party witnesses.[5] The Defendants are limited to a maximum of six non-expert depositions, including third-party witnesses.

34. The Plaintiff and Defendants are permitted to depose any expert witnesses identified.

35. All depositions are limited to one day and may last no longer than seven hours.

### Additional Discovery Guidelines

36. Each Plaintiff shall submit to an Independent Medical Examination upon request by BP. The Independent Medical Examination shall take place within the Eastern District of Louisiana, unless the parties agree that the Independent Medical Examination shall take place in a different jurisdiction.

37. Generic Discovery

    a. Within xxx days from the entry of this Order, the Plaintiffs' Liaison Counsel shall serve a single, master set of interrogatories and requests for production upon BP. BP shall not be obligated to re-produce documents previously produced in this MDL.

38. Case-Specific Discovery

    a. The parties shall meet and confer regarding protocols for case-specific discovery.

39. Depositions

---

[5] For purposes of this Order, non-party witnesses include entities that BP and/or the government engaged for response efforts and government witnesses.

a. The parties will meet and confer regarding a protocol for depositions protocols. The parties shall be guided by the deposition protocols approved for use in *In re: Vioxx Products Liability Litigation*, MDL 1657, by Judge Fallon (E.D. La). The protocol shall ensure that witnesses on common issues will not be subject to multiple depositions. The protocol shall also include provisions governing case-specific depositions.

40. **Experts**

   a. The expert deposition period shall follow the fact deposition period.

   b. Expert reports shall be provided in accordance with Fed. R. Civ. P. 26(a)(2)(B).

   c. The parties shall meet and confer regarding a protocol for submission of expert reports and depositions of expert witnesses.

   d. If any motions are filed challenging the admissibility of an opinion of an expert or the validity of the diagnosing or treating physician's findings and/or testimony, a hearing shall be scheduled upon request of a party following completion of all briefing.

**Post-Discovery Procedures**

41. Thirty (30) days [xxx days] following the close of discovery, the parties must inform the court, in writing, whether they agree to proceed to mediation. At such mediation, the parties may use any and all discovery obtained in accordance with this order, as well as the declarations of Dr. Michael Harbut and Dr. Jessica Herzstein submitted in support of approval of the Medical Benefits Settlement class,[6] and any other

---

[6] These include the following documents: Declaration of Michael R. Harbut, M.D., M.P.H., F.C.C.P., dated August 11, 2012 [Doc. 7111-3]; Supplemental Declaration of Michael

information permitted by the mediator. The mediator may be selected from the list of mediators maintained by the Claims Administrator pursuant to Section VIII of the Medical Settlement Agreement, provided he or she is not the same mediator that was previously assigned to the plaintiff's case pursuant to Section VIII, E, 1 of the Settlement Agreement.

42. If mediation is agreed to but does not resolve the litigation, or the parties do not agree to mediate the BELO action, the court will, within [   ] days, [may] inform the parties whether it is transferring the case to a different jurisdiction or a different judge within the Eastern District of Louisiana for trial. No case shall be transferred without allowing the parties an opportunity to be heard regarding the proposed transfer.

**Miscellaneous**

43. A copy of this Order and the Short Form BELO Complaint shall be made available on the official Deepwater Horizon Court-Supervised Settlement Program, found at http://www.deepwaterhorizonsettlements.com/. The Order and Short Form BELO Complaint shall also be provided by the Claims Administrator to every plaintiff at the time he or she files a Notice of Intent To Sue, in accordance with Section VIII of the Medical Settlement Agreement, with an explanation that the Order sets forth the requirements for filing a BELO action in the Eastern District of Louisiana in the event the plaintiff's case is not resolved through the mediation process set forth in the Settlement Agreement.

44. Except as provided herein, nothing in this Order is intended to alter the conditions for filing a BELO action, as set forth in Section VIII of the Medical Settlement

---

R. Harbut, M.D., M.P.H., F.C.C.P., dated October 21, 2012 [Doc. 7728-3]; Declaration of Dr. Jessica Herzstein, dated August 12, 2012 [Doc. 7112-7]; and Supplemental Declaration of Dr. Jessica Herzstein, dated October 22, 2012 [Doc. 7732-1].

Agreement. The court will require strict compliance with Section VIII for the filing of BELO actions, and lawsuits filed prior to compliance with the prerequisites for filing a BELO action will be dismissed without prejudice.

45. Nothing in this Order shall be read to preclude a party's right to file motions to dismiss, *Daubert* motions, motions *in limine*, summary judgment motions, and other motions.

46. All Pre-Trial Orders shall be posted via a link on the Court's official website.

47. This Order applies to all pretrial procedures involving all BELO lawsuits, except as otherwise directed by the Court upon motion and for cause shown by the party seeking to have Order declared inapplicable, and supersedes all previous case management orders and amendments thereto.

**SIGNED** New Orleans, Louisiana, this ___ day of December, 2014.

Hon. Carl J. Barbier
U.S. District Court Judge