UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| | * | |
| This document relates to all actions. | * | JUDGE BARBIER |
| | * | |
| | * | CHIEF MAGISTRATE |
| | * | JUDGE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**BP'S OPPOSITION TO PLAINTIFFS' MOTION TO
ENLARGE THE TIME TO FILE PROOF OF CLAIM FORMS
FROM FEBRUARY 12, 2015 TO AUGUST 12, 2015**

BP opposes extension of the deadline to submit Proof of Claim Forms ("POCFs") and/or any supporting documentation.

1. **There is no "unfair dilemma" confronting Plaintiffs to submit their POCFs by the bar date**.  The Court's January 28, 2015 Order resolves any purported "dilemma" and renders Plaintiffs' motion moot.  Rec. Doc. 14078.

2. **The POCF deadline is a material term of the MSA—known to all parties for nearly a year**.  It cannot be changed or modified without the express written consent of all parties: "This Medical Settlement Agreement shall not be subject to any change, modification, amendment, or addition without the express written consent of Medical Benefits Class Counsel and BP's Counsel, on behalf of all Parties to this Medical Settlement Agreement."[1]

Courts strictly enforce claims submission deadlines in negotiated class action settlements.  "This principle is strictly followed in class actions where the relief requested would exceed that which the parties had bargained for," and "courts will not permit late-filed claims where the consequence is to increase the obligation of the defendant." *Dahingo v. Royal Caribbean Cruises, Ltd.*, 312 F. Supp. 2d 440, 445-46 (S.D.N.Y. 2004) (internal quotation marks omitted).[2]  Here, an extension will likely result in more claims and increase BP's obligation under the MSA.

---

[1] MSA § XXX.C; *see also* MSA § XXX.I (the parties "*may* agree, subject to approval of the Court where required, to reasonable extensions of time to carry out the provisions" of the MSA (emphasis added)).

[2] *See also In re ML-Lee Acquisition Fund II*, No. CIV.A.92-60-JJF, 1999 WL 184135, at *2 (D. Del. Mar. 23, 1999) (allowing class members to file claims beyond agreed-upon bar date "would, in essence, be to rewrite the Settlement Agreement"); *Yanda v. Vanguard Meter Serv.*, No. 92 Civ. 2827 (CSH), 1995 WL 358663, at *2, *3 (S.D.N.Y. June 14, 1995) ("[T]he Settlement [was] a contract that must be enforced according to its clear terms" and it "contain[ed] an agreed-to bar date after which claims will not be considered").

1

Unlike the facts cited by Plaintiffs in *In re Crazy Eddie Securities Litigation,* where the ***court*** imposed the claims submission deadline, the ***parties*** to the MSA agreed upon it when negotiating the settlement. 906 F. Supp. 840, 844 (E.D.N.Y. 1995) ("[S]ince the deadline for filing proofs of claim was first set ***by Judge Nickerson*** in his order of March 30, 1993, the instant motion is essentially a request for an enlargement of time with respect to ***a court ordered deadline***." (emphasis added)).[3]

    3. **There is no good cause to extend the deadline.** Plaintiffs contend they have not submitted their claims because they required a Court ruling on whether filing an Acute SPC claim waives the right to pursue a BELO lawsuit for a different condition or the "same" condition "if it becomes chronic." Plaintiffs offer no explanation why all 15,000-20,000 claimants are not prepared to submit POCFs for those Acute SPCs that have not become chronic. Similarly, there is no good cause to require a six-month extension for those reportedly small minority of claims that have purportedly progressed to a chronic condition. For class members who would seek SPC and BELO compensation for ***different*** conditions— likely the vast majority of the class—there has never been uncertainty; this is permitted. For the minority of class members who wish to pursue both remedies based on an exacerbation or progression of the same condition, the MSA is clear, and the Policy Statement that the Court has adopted explains clearly how these claims will be processed by the Claims Administrator.

    Plaintiffs warn that if the Court enforces the deadline, the Claims Administrator will be "inundated with 15,000-20,000 Proof of Claim Forms." Mot. at 5. But they cannot

---

[3] The parties in *Crazy Eddie* did not provide "any guidance for determining the deadline" for filing proofs of claim. They had submitted a proof-of-claim form exhibit "contain[ing] a blank where the date should be inserted." 906 F. Supp. at 845.

explain why an extension would result in higher efficiencies and quicker determination of claims. Rather, any extension would merely delay payment of claims from February to August, 2015. Indeed, it is likely that an additional six months to sign up clients and prepare POCFs will result in *more* claims being submitted to the Claims Administrator.

As for the suggestion (or threat) that Plaintiffs will be compelled to submit deficient claims—"each of 20,000 claimants will have to file an incomplete Proof of Claim Form, without a Declaration or supporting documentation for the claim" (Mot. at 6)—this is not good cause, but blackmail. The Court certainly should not grant relief based on the threat that otherwise Plaintiffs will submit intentionally deficient claim forms, thereby further burdening the Claims Administrator.

A class member can seek A1 compensation for an Acute SPC simply by submitting a declaration along with the POCF. MSA Ex. 8, at 1. No additional medical proof is required. For higher compensation benefits, a class member must meet more stringent documentation requirements (such as medical records), that presumably claimants already had well in advance of the Court's recent ruling. There is no "dilemma" about whether to gather them because these types of documents would also be needed to seek BELO compensation. Had Plaintiffs prepared this material in timely fashion, completion—and submission—of POCFs along with the required supporting documentation would not present an insuperable obstacle. Plaintiffs' last minute request for more time to complete this wholly foreseeable task reflects a lack of diligence or a current lack of proof, not uncertainty as to the remedies available under the MSA.

January 30, 2015                    Respectfully submitted,


  */s/ J. Tracey Rogers*                */s/ Kevin M. Hodges*
J. Tracey Rogers                    Kevin M. Hodges
BP AMERICA INC.                     WILLIAMS & CONNOLLY LLP
501 Westlake Park Boulevard         725 Twelfth Street, N.W.
Houston, TX 77079                   Washington, D.C. 20005
Telephone: (281) 366-2000           Telephone: (202) 434-5000
Telefax: (312) 862-2200             Telefax: (202) 434-5029

  */s/ Catherine Pyune McEldowney*
Catherine Pyune McEldowney
MARON MARVEL BRADLEY & ANDERSON LLC
1201 North Market Street, Suite 900
Wilmington, DE 19801
Telephone: (302) 425-5177
Telefax: (302) 425-0180

  */s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, on this 30th day of January, 2015.

/s/ Don K. Haycraft
Don K. Haycraft