UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Pleading Relates To<br>    10-4182 (*Alabama v. BP*)<br>    10-4183 (*Alabama v. Transocean, et. al*)<br>    13-2645 (*Alabama v. Anadarko & MOEX*)<br>    13-2646 (*Alabama v. Transocean*)<br>    13-2647 (*Alabama v. Halliburton*)<br>    13-2813 (*Alabama v. BP*) | MDL No. 2179<br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

THE STATE OF ALABAMA'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO EXERCISE JURISDICTION AND STAY RESPONSE DEADLINES

LUTHER J. STRANGE
 *Attorney General*

COREY L. MAZE
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email:  cmaze@ago.state.al.us

Attorneys for the State of Alabama

# STATE OF ALABAMA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXERCISE JURISDICTION AND STAY RESPONSE DEADLINES

### INTRODUCTION

Alabama's motion and proposed order is designed to (a) bring all of the third-party discovery issues/objections before this Court and (b) give the Parties time to resolve any such issues/objections on their own. Alabama believes that, with more time, the Parties and BP's contractors can work through most, if not all, of the issues raised in both Motions to Quash without the Court's involvement.

### STATEMENT OF RELEVANT FACTS

Danos and Polaris contracted with BP to perform response-related work in Alabama. Alabama issued subpoenas on Danos and Polaris (and another contractor, CrowderGulf) on December 23, 2014. Per the Court's instruction, Alabama has since been working with BP to work through any issues arising from those subpoenas. As part of our discussions, Alabama agreed to BP's request that it could inform the third-parties that their deadline for filing objections to the subpoenas would be January 23, 2015.

Danos filed its motion to quash in this Court on January 9, 2015. *See* Rec. Doc. 13996. Polaris filed its motion to quash in the Western District of Washington on January 23, 2015. *See* Attachment A. Polaris' case has been assigned to the Honorable Robert S. Lasnik and has been given the case number 15-MS-008 (RSL). Alabama understands the Local Rules of Washington's Western District to require a local member of that Court's Bar to respond on Alabama's behalf (because no State attorney is licensed in that Court) by February 16th—unless this Court first exercises jurisdiction over the motion under the MDL statute.

1

# ARGUMENT

## I. The Court Can Exercise Jurisdiction Over Polaris' Motion to Quash.

### A. The MDL Statute Grants This Court the Power to Exercise Jurisdiction Over Polaris' Motion to Quash.

Section 1407(b) of the MDL statute provides that

> The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.

28 U.S.C. §1407(b). Because Alabama's case is still part of the consolidated MDL, §1407(b) vests this Court with the powers of Judge Lasnik (W.D. Washington) with regard to Polaris' Motion to Quash.

The Court has exercised this power under similar circumstances at least twice before. In Phase One, the Court invoked §1407(b) to exercise jurisdiction over John Wright's (Boots and Coots) motion to quash the PSC's subpoena in the Southern District of Texas. *See* Rec. Doc. 3137. In Phase Two, the Court invoked the same power to exercise jurisdiction over BP's subpoena to Woods Hole Oceanic Institute, which was issued in the District Court for Massachusetts. *See* Rec. Doc. 6304.

Polaris' motion to quash presents the same issue—*i.e.* a non-party filing its motion in a Court that does not have a background and history in this case. Accordingly, the Court can and should again exercise its power under §1407(b) to determine Polaris' motion to quash.

### B. The Eastern District of Louisiana is a Proper Place of Compliance Under Rule 45.

Alternatively, the Court has jurisdiction over Polaris' motion because the Eastern District of Louisiana is the proper Court of Compliance under Rule 45. Rule 45(c) states that the

2

place/court of compliance is proper as long it is within either "100 miles" or "the State" "where the person resides, is employed, or regularly transacts business in person." Polaris regularly conducts business in Louisiana/the Gulf Region, as shown by Polaris' project map:[1]



Of course, Alabama is willing to discuss with Polaris the most efficient/cost-effective way to produce documents and a deposition witness (if any). *See* FRCP 45(c) (comm. notes for 2013 amendments) ("Under the current rule, parties often agree that production, particularly of electronically stored information, be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements."). Our point is simply that—in addition to having the ability to exercise the Washington District Court's jurisdiction under §1407(b) of the MDL statute—the Court has jurisdiction to rule on Polaris' motion because the Eastern District of Louisiana is a proper place of compliance.

---

[1] The project map is available at http://www.polarisappliedsciences.com/about/project-experience/project-map/. In addition, a list of all Polaris' projects can be found at http://polarisappliedsciences.com/about/project-experience/.

3

## II.     Staying the Response Deadline to Both Motions to Quash Would Be Beneficial to the Court and the Parties.

Presently, Alabama must respond to Danos' motion before this Court conducts a hearing that is scheduled for February 11, *see* Rec. Doc. 13996-5, and we read the local rules of the Western District of Washington to require a sponsor to respond to Polaris' motion on Alabama's behalf by February 16. Alabama understands the Court's desire that the Parties (and non-Parties) work out as many discovery related issues as possible without Court intervention. Along those lines, Alabama has been working with BP for nearly a month on these issues and is certainly willing to work with Polaris and Danos to address their concerns. Alabama believes it is in everyone's interest that these discussions continue before oppositions are filed, and the Parties can update the Court on the status of these discussions during the February 12 conference.

### CONCLUSION

The Court should enter an order that (a) exercises jurisdiction over Polaris' Motion to Quash and (b) stays all deadlines for filing oppositions to Polaris' and Danos' Motions to Quash.

Respectfully submitted on January 30, 2015.

LUTHER J. STRANGE
*Attorney General*

 /s/ Corey L. Maze
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email:  cmaze@ago.state.al.us
Attorneys for the State of Alabama

4

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on January 30, 2015.

                                                          /s/ Corey L. Maze
                                                          COREY L. MAZE
                                                          *Special Deputy Attorney General*