UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: 10-4536 ………………………………………………….. | : : | Honorable CARL J. BARBIER Magistrate Judge SHUSHAN |

**UNITED STATES' OPPOSITION TO BPXP'S RENEWED MOTION FOR ADJOURNMENT OF PENALTY PHASE TRIAL TO PERMIT LIVE EXPERT TESTIMONY ON THE ECONOMIC IMPACT OF THE PENALTY ON THE VIOLATOR FACTOR**

After eight days of trial, and completion of the United States', Anadarko's, and BPXP's (except for one witness) cases-in-chief, BPXP renews its request for a continuance to allow new discovery and to bring a new expert accountant to endorse BPXP's unavailable expert economist's reports and to testify at a later date (or for the chance to make a closing oral argument, rather than the written submissions already agreed to by the parties and the Court). The determination of whether "to grant or deny a continuance is within the sound discretion of the trial court." *Jones v. Phil Guilbeau Offshore, Inc.*, Civ. No. 13-5078, 2014 WL 4186784, at *1 (E.D. La. Aug. 22, 2014) (internal citations omitted) ("In deciding whether to grant a continuance, the Court's 'judgment range is exceedingly wide,' for it 'must consider not only the facts of the particular case but also all the demands on counsel's time and the court's.'"). As it has previously, the Court should deny BPXP's request.  *See* Rec. Doc. 14132.

BPXP cannot meet the test it claims should control a request for a continuance sought to remedy an expert's unavailability: "(1) due diligence was exercised to obtain the attendance of the witness, (2) the witness would tender substantial favorable evidence, (3) the witness would

be available and willing to testify, and (4) denial of the continuance would materially prejudice the movant." Rec. Doc 14146-1 at 2.[1]

BPXP cannot meet the second factor, "tender substantial evidence." The direct testimony will already be admitted through the four Den Uyl expert economist reports. BPXP says the proposed new accounting expert "believes he will be able to endorse Mr. Den Uyl's basic methodology and conclusions . . . as consistent with [his] experience and standard practice in the industry." Rec.Doc. 14146-1 at 5. The new expert's testimony will either be a rehash of Mr. Den Uyl's direct testimony as provided in his expert reports, or new testimony from different expertise requiring the reopening of discovery. Nor would a new witness address core concern stated BPXP's motion, competing views of the Wood Mackenzie spreadsheets. BPXP never gave Mr. Den Uyl access to all of the Wood Mackenzie worksheets, nor did Mr. Den Uyl talk to anyone at Wood Mackenzie about the spreadsheets, their operation, or content. If a new expert were limited to the work of Mr. Den Uyl, the new witness would be no better situated to shed light on what BPXP says are differences or similarities in various entries in the Wood Mackenzie spreadsheets.

BPXP cannot meet the third factor, "witness would be available and willing to testify." Mr. Den Uyl will not be available. The new, substitute witness, an expert accountant, is not the same type of expert witness as Mr. Den Uyl. The cases cited by BPXP do not provide support that a party can substitute a wholly different type of expert, an "accountant" to adopt the opinions of BPXP's unavailable expert "economist" and testify on his behalf.

---

[1] BPXP cites, *IQ Products Co. v. Onyx Corp.*, No. 01-20364, 2002 WL 1017634 (5th Cir. 2002) (the decision notes that pursuant to 5th CIR.R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4); *see also U.S. v. Olaniyi-Oke*, 199 F.3d 767, 771 (5th Cir. 1999) (applying the same factors under criminal law).

1

BPXP cannot meet the fourth factor, "denial of the continuance would materially prejudice the movant." In his reports U.S. expert Mr. Ratner provided testimony about the Wood Mackenzie Operating Expenses (OpEx) and Mr. Den Uyl's $7.8 billion adjustment. TREX-013125, 013125E, 233888. BPXP cross examined Mr. Ratner for during his six-hour October 21, 2014 deposition and extensively at trial. *See* TREX-233227; PP Tr. at 1116:06-1205:07. BPXP has already made its arguments and offered demonstratives and exhibits on cross examination. *See*, PP Tr. 1990:04-07. BPXP can highlight and draw inferences from these in its proposed findings of fact and closing briefs. BP fully explored Mr. Ratner's his analysis and the basis for his OpEx conclusions on cross-examination. PP Tr. 1195:12-1203:16. As such, there is no need to grant BPXP's request for oral argument on alleged Ratner errors addressed in cross/redirect at trial. In addition, BPXP will be allowed to offer four expert reports as direct testimony like all of the experts in this matter, and 7.5 hours of video deposition. The credibility of BPXP's expert can be assessed in the Court's review of BPXP's video deposition designations.[2] Mr. Den Uyl's complete direct testimony will be admitted in this bench trial through his 4 expert reports. The only prejudice falls upon the United States which will not have the opportunity to cross-examine Mr. Den Uyl at trial and on his Supplemental (fourth) report. The United States is willing to live with that handicap.

Finally, reopening discovery after the United States had rested its case-in-chief will severely prejudice the United States who has diligently prepared and presented its case in this massive and complex matter. Striking the United States' expert's testimony and exhibits will

---

[2] Fed. R. Civ. P. 32(a)(4) provides that a "party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness cannot attend or testify because of . . . illness[.]" The video deposition will allow the Court to "gauge the witness's attitude reflected by his motions, facial expressions, demeanor and voice inflections." *Battle v. Memorial Hospital at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000).

cause significant prejudice to the government's case. As the Court determined, "it wouldn't be fair to them to do that." *See*, PP TR. 2332:17-21. For all of the above reasons, the Court should deny BPXP's renewed request for a continuance.

Date: February 9, 2015

|  | Respectfully submitted, |
|---|---|
| JOYCE BRANDA | JOHN C. CRUDEN |
| Acting Deputy Assistant Attorney General | Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| PETER FROST | SARAH HIMMELHOCH |
| Director, Torts Branch, Civil Division | MICHAEL MCNULTY |
| Admiralty and Aviation | PATRICK CASEY |
| SHARON SHUTLER | RICHARD GLADSTEIN |
| MALINDA LAWRENCE | Senior Counsel |
| LAURA MAYBERRY | NANCY FLICKINGER |
| Trial Attorneys | Senior Attorney |
| R. MICHAEL UNDERHILL, T.A | ABIGAIL ANDRE |
| Attorney in Charge, West Coast Office | A. NATHANIEL CHAKERES |
|  | RACHEL HANKEY |
|  | JUDY HARVEY |
|  | RACHEL KING |
|  | ERICA PENCAK |
|  | BRANDON ROBERS |
|  | GORDON YOUNG |
|  | Trial Attorneys |
|  | /s/ Sarah D. Himmelhoch |
|  | STEVEN O'ROURKE |
|  | Senior Attorney |
|  | Environmental Enforcement Section |
|  | U.S. Department of Justice |
|  | P.O. Box 7611 |
|  | Washington, D.C. 20044 |
|  | Telephone: 202-514-2779 |
|  | E-mail: steve.o'rourke@usdoj.gov |
|  | KENNETH A. POLITE, JR. |
|  | United States Attorney |
|  | Eastern District of Louisiana |
|  | SHARON D. SMITH |
|  | Assistant United States Attorney |
|  | Eastern District of Louisiana |

Attorneys for the UNITED STATES OF AMERICA

3

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that the above and foregoing has been served on all counsel by electronically uploading the same to Lexis-Nexis File & Serve in accordance with Pretrial Order #12, and the foregoing was also electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2719, on this 9th day of February, 2015.

                                                          /s/ Sarah D. Himmelhoch