# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL    *    MDL NO. 2047
     PRODUCTS LIABILITY LITIGATION    *
     *    SECTION: L
     *
     *    JUDGE FALLON
     *    MAG      JUDGE
     WILKINSON

**************************************************

## THIS DOCUMENT RELATES TO ALL CASES

## PRETRIAL ORDER NO. 9

### Plaintiffs' Counsel's Time and Expense Submissions

Reimbursement for costs and/or fees for services of all plaintiff s' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

### General Standards

(1)      All time and expenses submitted must be incurred only for work authorized in advance by the Plaintiffs' Steering Committee.

(2)      These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 2047. Further, any claimants' counsel that may at a later date, seek reimbursement or compensation for common benefit time and expenses (including any state court counsel) shall comply with these guidelines and any submission by such counsel shall be in accordance with this Pre-Trial Order.

Supplemental Exhibit 1

(3)    Plaintiffs' Liaison Counsel has retained and the Court approves the retention of Philip Garrett, CPA ("PG"), to assist and provide accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in MDL 2047. PG will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall submit them with the Court on a monthly basis. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the Court shall be considered as if submitted under seal.

(4)    Time and expense submissions must be submitted timely, on a monthly basis, to PG electronically at the website set up to handle time/billing submissions "GarrettCo-CCMS.com." It is essential that each firm, on a monthly basis, timely submit its records for the preceding month. All submissions shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submission.

(5)    The first submission is due on September 15, 2009 and should include all time and expense through August 31, 2009. Thereafter, time and expense records shall be submitted on the 15th of each month and shall cover the time period through the end of the preceding month. Any time or expense records submitted more than six (6) months in arrears may not be considered or included in any compilation of time or expense calculation and shall be disallowed, except for good cause shown and with Court approval.

<u>Time Reporting</u>

(1)    Only time spent on matters common to all claimants in MDL 2047 will be considered in determining fees. <u>No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted.</u>

(2)    All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines and specifically in accordance with the Litigation Task Definitions as outlined in Attachment "A". All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

(3)    All time for each firm shall be maintained in quarter-of-an-hour increments. Failure to do so may result in time being disallowed.

(4)    All time records shall be submitted to the PG website, together with a summarization of the total of member firm time broken down by each separate name of time keeper and Litigation Task Definition the time spent during the preceding month and the accumulated total of all time incurred by the firm during the particular reporting period. The summary report is located on the PG website.

(5)    The summary report form shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

Expense Reporting

(1)    Advanced costs will be deemed as either "Shared" or "Held."

    a.    Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 2047 Fund account to be established by Plaintiffs' Liaison Counsel and to be funded by all members of the PSC and others as determined by the PSC. The PSC MDL 2047 Fund account will be administered by Herman, Herman, Katz & Cotlar, L.L.P.

    b.    Held Costs are those that will be carried by each attorney in MDL 2047 and reimbursed as and when determined by the PSC.

(2)    Each member of the PSC and any others as set forth in section (1) above will contribute to the Plaintiffs' Steering Committee MDL 2047 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by the PSC.

Shared Costs

(1)    Shared Costs are costs incurred for the common benefit of the MDL as a whole. No individual client-related costs can be considered as Shared Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All Shared Costs must be approved by Plaintiffs' Liaison Counsel prior to being incurred and prior to payment. Shared Costs include:

    a.    Court, filing and service costs

      b.     Deposition and court reporter costs

      c.     Document Depository: creation, operation, staffing, equipment and administration

      d.     Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, conference calls, telecopier, electronic service,postage, meeting expenses, travel for administrative matters, photocopy and printing, secretarial/temporary staff, etc.)

      e.     PSC group administration matters such as meetings and conference calls

      f.     Legal and accountant fees

      g.     Expert witness and consultant fees and expenses

      h.     Printing, copying, coding, shipping, scanning (both in and out of house or extraordinary firm cost)

      i.     Research by outside third party vendors/consultants/attorneys

      j.     Common witness expenses including travel

      k.     Translation costs

      l.     Bank or financial institution charges

      m.     Investigative services

      n.     Claims Administrator charges

      o.     Special Master charges.

(2)     Plaintiffs' Liaison Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and the forms associated therewith. Request for payments should include sufficient information to allow Plaintiffs' Liaison Counsel and the CPA to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Liaison Counsel.

## Held Costs

(1)     Held Costs are costs incurred for the global benefit of the MDL. Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

      I.     Telefax charges

      II.     Postage, shipping, courier, certified mail

      III.     Printing and photocopying (in-house)

      IV.     Computerized research - Lexis/Westlaw

V.      Telephone - long distance (actual charges only)
VI.     Travel - pursuant to Travel Limitations set forth below, including travel for attorney to attend depositions, court or legislative matters.
    A.  Airfare
    B.  Reasonable ground transportation
    C.  Hotel
    D.  Reasonable meals and entertainment
    E.  Reasonable other (parking)
    F.  Car rental, cabs, etc.

<u>Travel Limitations</u>

Except in extraordinary circumstances approved by Plaintiffs' Liaison Counsel or the PSC, all travel reimbursements are subject to the following limitations:

(1)     <u>Airfare</u>.  Only the lowest-price available coach airfare at time of booking (either at restricted coach rates or rates which allow the reservation to be rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed.  Notwithstanding the foregoing, first class airfare shall be allowed for cross-country flights that are in excess of four hours non-stop flight time or international flights.  Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination.  If an invoice or receipt is not available, a canceled check or credit card statement may be submitted provided an Affidavit from the traveler is also submitted stating that the expense was for coach airfare, within the limitations of this Pre-Trial Order, and that the trip was for common benefit.  If first class if flown and only coach fare is reimbursable, proof of applicable coach fare shall be provided.

(2)     <u>Hotel</u>.  Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels (or comparable) in that city.  Hotel expense submissions must be supported by a hotel issued receipt.  If a receipt is not available, a credit card statement or canceled check may be submitted provided it is accompanied by an Affidavit that states that the expense was incurred for travel related to common benefit and within the limitations of this Pre-Trial Order.

(3)     <u>Meals</u>.  Meal expenses must be reasonable.  Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.

(4)     <u>Cash Expenses</u>.  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.)

will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(5) <u>Rental Automobiles</u>. Luxury automobile rentals will not be fully reimbursed. If luxury automobiles are selected, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed. Rental automobile expense submissions must be supported by receipts or credit card statements. Such rentals shall be limited for purposes of traveling to or from meetings, hotel, court appearances and airport. The use of hired limousines is discouraged.

(6) <u>Mileage</u>. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 55 cents per mile).

<u>Non-Travel Limitations</u>

The following apply:

(1) <u>Long Distance and Cellular Telephone</u>: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to this litigation.

(2) <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(3) <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

(4) <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

(5) <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 25¢ per page.

(6) <u>Secretarial and Clerical Overtime</u>: An itemized description of the task and time spent must be submitted for secretarial and clerical time. All such overtime must be approved before submission by Plaintiffs' Liaison Counsel.

(7)    <u>Computerized Research - Lexis/Westlaw</u>: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services. All such computerized legal research must be approved by Plaintiffs' Liaison Counsel in advance and before submission.

### Procedures To Be Established by Plaintiffs' Liaison Counsel

Plaintiffs' Liaison Counsel may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records. These forms shall be made available by Plaintiff's Liaison Counsel or from the Court's website.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Liaison Counsel, Russ M. Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, PH: (504) 581-4892, Fax: (504) 561-6024, E-Mail: Drywall@hhkc.com; or Philip Garrett, CPA, Garrett and Company CPA's, 117 Fairgrounds Blvd., Bush, Louisiana 70431, PH: (985) 635-1500, E-Mail: philipgarrettsr@yahoo.com; or the Court.

New Orleans, Louisiana, this 28th day of July, 2009.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachment "A"

## Litigation Task Code Definitions

The Litigation Code Set is intended for use in all adversarial matters including litigation, binding arbitrations, and regulatory/administrative proceedings. The following definitions elaborate on the intended scope of each phase and task and should guide attorneys in coding time.

### Case Assessment. Development and Administration

Focuses on the case as a whole, the "forest" rather than the "trees".

**Fact Investigation/Development.** All actions to investigate and understand the facts of a matter. Covers interviews of client personnel and potential witnesses, review of documents to learn the facts of the case (but not for document production), work with an investigator, and all related communications and correspondence.

**Analysis/Strategy.** The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted. Once concrete trial preparation begins, use "Other Trial Preparation and Support."

**Experts/Consultants.** Identifying and interviewing experts and consultants (testifying or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions, see "Expert Discovery" or time spent with experts/consultants during trial preparation and trial, see "Expert Witnesses."

**Document/File Management.** A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building litigation support databases should be an Expense.

**Budgeting.** Covers developing, negotiating, and revising the budget for a matter.

**Settlement/Non-Binding ADR** All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions.

**CLE.** Continuing Legal Education related specifically to this matter.

**Other Case Assessment, Development and Administration.** Time not attributable to any other

overall task. Specific use in a given matter often may be pre-determined jointly by the client and law firm.

## Pre-Trial Pleadings and Motions

Covers all pleadings and all pretrial motions and procedures other than discovery.

**Pleadings.** Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims and third party complaints. Also embraces motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions.

**Preliminary Injunctions/Provisional Remedies.** Developing and discussing strategy for these remedies, preparing motions, affidavits and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy.

**Court Mandated Conferences.** Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences. Dispositive Motions. Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing.

**Other Written Motions/Submissions.** Developing, responding to, and arguing all motions other than dispositive motions, pleadings, and discovery, such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue.

**Class Action Certification and Notice.** Proceedings unique to class action litigation and derivative suits such as class certification and notice.

## Discovery

Includes all work pertaining to discovery according to court or agency rules.

**Written Discovery.** Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule 26(a).

**Document Production.** Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general review of documents produced by other parties falls under this task, coding and entering produced documents into a data base is "Document/File Management" and reviewing documents primarily to understand the facts is "Fact Investigation/Development."

**Depositions.** All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries.

**Expert Discovery.** Same as "Depositions," but for expert witnesses.

**Discovery Motions.** Developing, responding to, and arguing all motions that arise out of the discovery process. Includes the protective order process.

**Other Discovery.** Less frequently used forms of discovery, such as medical examinations and on-site inspections.

### Trial Preparation and Trial

Commences when lawyer and client determine that trial is sufficiently likely and imminent so that the process of actually preparing for trial begins. It continues through the trial and post-trial proceedings in the trial court. Once trial begins, lawyers who appear in court presumptively should bill their court time to "Trial and Hearing Attendance." Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of other attorneys and support personnel), should continue to be classified using "Other Trial Preparation and Support."

**Fact Witnesses.** Preparing for examination and cross-examination of non-expert witnesses.

**Expert Witnesses.** Preparing for examination and cross-examination of expert witnesses.

**Written Motions/Submissions.** Developing, responding to and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence. Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

**Other Trial Preparation and Support.** All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc.

**Trial and Hearing Attendance.** Appearing at trial, at hearings and at court-mandated conferences, including the pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use "Court Mandated Conferences."

**Post-Trial Motions and Submissions.** Developing, responding to and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of

Page 3 of 4

costs, and requests for attorney's fees.

**Enforcement.**   All work performed in enforcing and collecting judgments and asserting or addressing defenses thereto.

## Appeal

Covers all work on appeal or before a reviewing body.

**Appellate Motions and Submissions.** Developing, responding to and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal.

**Appellate Briefs.** Preparing and reviewing appellate briefs.

**Oral Argument.** Preparing for and arguing an appeal before a reviewing body.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION J |
| APRIL 20, 2010 | : | |
| | : | |
| This document relates to: | : | JUDGE BARBIER |
| ALL ACTIONS | : | MAG. JUDGE SHUSHAN |

<u>PRETRIAL ORDER NO. 9</u>

<u>Plaintiffs' Counsel's Time and Expense Submissions</u>

Reimbursement for costs and/or fees for services of all plaintiff s' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

I. <u>General Standards</u>

(1)   All time and expenses submitted must be incurred only for work authorized in advance by the Plaintiffs' Steering Committee ("PSC"), through the Plaintiffs' Liaison Counsel or Executive Committee. Prior to the formation of the PSC, such work may only be authorized by Plaintiffs' Liaison Counsel or the Court.

(2)   These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 2179. Further, any claimants' counsel that may at a later date, seek reimbursement or compensation

-1-

SUPPLEMENTAL EXHIBIT 2

for common benefit time and expenses (including any state court counsel) shall comply with these guidelines and any submission by such counsel shall be in accordance with this Pre-Trial Order.

(3)     Plaintiffs' Liaison Counsel have retained and the Court approves the retention of Philip Garrett, CPA ("PG"), to assist and provide accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in MDL 2179.   PG will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall submit them to the Court on a monthly basis.  These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the Court shall be considered as if submitted under seal.

(4)     Plaintiffs' Liaison Counsel are authorized to establish, by and through PG, on behalf of the Plaintiffs' Steering Committee, one or more bank accounts for the collection and deposit of assessments and for the payment of Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate.  Any and all such bank statements shall be provided to, and reviewed by, PG, on behalf of the Plaintiffs' Steering Committee.

(5)     Time and expense submissions must be submitted timely, on a monthly basis, to PG electronically at the website set up to handle time/billing submissions "www.GarrettCo-CCMS.com/bp/"  It is essential that each firm, on a monthly basis, timely submit its records for the preceding month.  All submissions shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submission.

(6)     The first submission is due on December 15, 2010 and should include all time and expense through November 30, 2010.   Thereafter, commencing on January 15, 2011, time and expense records shall be submitted on the 15th of each month, and shall cover the time period through the end of the preceding month.  Any time or expense records submitted more than six (6) months in arrears may not be considered or included in any compilation of time or expense calculation and shall be disallowed, except for good cause shown and with Court approval.

II.   Time Reporting

(1)     Only time spent on matters common to all claimants in MDL 2179 will be considered in determining fees.  No time spent on developing or processing any case for an individual client (claimant) will be

considered or should be submitted, unless the case is determined by the Plaintiffs Steering Committee or the Court to be a "common benefit case" (*e.g.* "test case" or "bellwether" case), and in such circumstances shall be reported in a separate time submission.

(2)     All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines and specifically in accordance with the Litigation Task Definitions as outlined in **Exhibit "A"**. All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

(3)     All time for each firm shall be maintained in quarter-of-an-hour increments. Time for "common benefit cases" (*e.g.* "bellwether" or "test" cases) shall be submitted separately. Failure to do so may result in time being disallowed.

(4)     All time records shall be submitted to the PG website, either electronically or manually. If submitted manually, it will be submitted together with a summarization of the total of member firm time broken down by each separate name of time keeper and Litigation Task Definition the time spent during the preceding month and the accumulated total of all time incurred by the firm during the particular reporting period. The summary report is located on the PG website. If submitted electronically (*via* a "csv file"), the file must detail the timekeeper, the Litigation Task Definition, and the time spent.

(5)     The summary report form shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

III. Expense Reporting

(1)     Advanced costs will be deemed as either "Shared" or "Held."

a.     Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 2179 Fund account to be established and administered by Plaintiffs' Liaison Counsel, in accordance with Paragraph I (4), to be funded by all members of the PSC and others as determined by the PSC.

   b. Held Costs are those that will be carried by each attorney in MDL 2179 and reimbursed as and when determined by the PSC.

(2) Each member of the PSC and any others as set forth in section (1) above will contribute to the Plaintiffs' Steering Committee MDL 2179 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by the PSC.

IV. <u>Shared Costs</u>

(1) Shared Costs are costs incurred for the common benefit of the MDL as a whole. No individual client-related costs can be considered as Shared Costs, unless the case is determined by the Plaintiffs Steering Committee or the Court to be a "common benefit case" (*e.g.* "test case" or "bellwether" case), which, in such circumstances, shall be noted in the expense submission. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All Shared Costs must be approved by Plaintiffs' Liaison Counsel prior to being incurred and prior to payment. Shared Costs include:

   a. Court, filing and service costs
   b. Deposition and court reporter costs
   c. Document Depository: creation, operation, staffing, equipment and administration
   d. Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, conference calls, telecopier, electronic service,postage, meeting expenses, travel for administrative matters, photocopy and printing, secretarial/temporary staff, etc.)
   e. PSC group administration matters such as meetings and conference calls
   f. Legal and accountant fees
   g. Expert witness and consultant fees and expenses
   h. Printing, copying, coding, shipping, scanning (both in and out of house or extraordinary firm cost)
   i. Research by outside third party vendors/consultants/attorneys
   j. Common witness expenses including travel
   k. Translation costs
   l. Bank or financial institution charges
   m. Investigative services
   n. Claims Administrator charges
   o. Special Master charges.

(2)     Plaintiffs' Liaison Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and the forms associated therewith. Request for payments should include sufficient information to allow Plaintiffs' Liaison Counsel and the CPA to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Liaison Counsel.

V.     <u>Held Costs</u>

(1)     Held Costs are costs incurred for the global benefit of the MDL. Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs, unless the case is determined by the Plaintiffs Steering Committee or the Court to be a "common benefit case" (*e.g.* "test case" or "bellwether" case), which, under such circumstances, shall be reported in a separate expense submission. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

    I.      Telefax charges
    II.     Postage, shipping, courier, certified mail
    III.    Printing and photocopying (in-house)
    IV.     Computerized research - Lexis/Westlaw
    V.      Telephone - long distance (actual charges only)
    VI.     Travel - pursuant to Travel Limitations set forth below, including travel for attorney to attend depositions, court or legislative matters.
        A.  Airfare
        B.  Reasonable ground transportation
        C.  Hotel
        D.  Reasonable meals and entertainment
        E.  Reasonable other (parking)
        F.  Car rental, cabs, etc.
        G.  Secretarial and clerical overtime

(2) Travel Limitations

Except in extraordinary circumstances approved by Plaintiffs' Liaison Counsel or the PSC, all travel reimbursements are subject to the following limitations:

(a)     <u>Airfare</u>.  Only the lowest-price available coach airfare at time of booking (either at restricted coach rates or rates which allow the reservation to be rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed. Notwithstanding the foregoing, first class airfare shall be allowed for cross-country flights

that are in excess of four hours non-stop flight time or international flights. Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination. If an invoice or receipt is not available, a canceled check or credit card statement may be submitted provided an Affidavit from the traveler is also submitted stating that the expense was for coach airfare, within the limitations of this Pre-Trial Order, and that the trip was for common benefit. If first class if flown and only coach fare is reimbursable, proof of applicable coach fare shall be provided.

(b)    Hotel. Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels (or comparable) in that city. Hotel expense submissions must be supported by a hotel issued receipt. If a receipt is not available, a credit card statement or canceled check may be submitted provided it is accompanied by an Affidavit that states that the expense was incurred for travel related to common benefit and within the limitations of this Pre-Trial Order.

(c)    Meals. Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.

(d)    Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(e)    Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed. Rental automobile expense submissions must be supported by receipts or credit card statements. Such rentals shall be limited for purposes of traveling to or from meetings, hotel, court appearances and airport. The use of hired limousines is discouraged.

(f)    Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 50 cents per mile).

(g)    Parking. Shall be limited to actual documented costs.

(3) Non-Travel Limitations

The following apply:

(1)   <u>Long Distance and Cellular Telephone</u>:   General subscription or monthly lease costs associated with long-distance services and cellular phones are not reimbursable. Long distance and cellular telephone charges for specific MDL 2179-related calls must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to this litigation.

(2)   <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(3)   <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

(4)   <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

(5)   <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 25¢ per page.

(6)   <u>Secretarial and Clerical Overtime</u>: An itemized description of the task and time spent must be submitted for secretarial and clerical time. All such overtime must be approved before submission by Plaintiffs' Liaison Counsel.

(7)   <u>Computerized Research - Lexis/Westlaw</u>: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services. All such computerized legal research must be approved by Plaintiffs' Liaison Counsel in advance and before submission.

## <u>Procedures To Be Established by Plaintiffs' Liaison Counsel</u>

Plaintiffs' Liaison Counsel may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records. These forms shall be made available by Plaintiff's Liaison Counsel or from the Court's website.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Liaison Counsel, James P. Roy, Domengeaux Wright Roy & Edwards LLC, 556 Jefferson Street, Suite 500, Lafayette, Louisiana 70501, Telephone: (337) 233-3033, Fax No. (337) 233-2796, E-Mail: jimr@wrightroy.com; or Stephen J. Herman, Herman Herman Katz & Cotlar LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, Telephone: (504) 581-4892, Fax No. (504) 561-6024, E-Mail: sherman@hhkc.com; or Philip Garrett, CPA, Garrett and Company CPA's, 117 Fairgrounds Blvd., Bush, Louisiana 70431, PH: (985) 746-9165, E-Mail: pgarrett@garrettco.com; or the Court.

New Orleans, Louisiana, this 8th day of October, 2010.

**THE HONORABLE CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**

Exhibit "A"

## LITIGATION TASK CODE DEFINITIONS

The Litigation Code Set is intended for use in all adversarial matters including litigation, binding arbitrations, and regulatory/administrative proceedings. The following definitions elaborate on the intended scope of each phase and task and should guide attorneys in coding time.

### Case Assessment. Development and Administration

Focuses on the case as a whole, the "forest" rather than the "trees".

**Fact Investigation/Development.** All actions to investigate and understand the facts of a matter. Covers interviews of client personnel and potential witnesses, review of documents to learn the facts of the case (but not for document production), work with an investigator, and all related communications and correspondence.

**Analysis/Strategy.** The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted. Once concrete trial preparation begins, use "Other Trial Preparation and Support."

**Experts/Consultants.** Identifying and interviewing experts and consultants (testifying or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions, see "Expert Discovery" or time spent with experts/consultants during trial preparation and trial, see "Expert Witnesses."

**Document/File Management.** A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building litigation support databases should be an Expense.

**Budgeting.** Covers developing, negotiating, and revising the budget for a matter.

**Settlement/Non-Binding ADR** All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions.

**CLE.** Continuing Legal Education related specifically to this matter.

**Other Case Assessment, Development and Administration.** Time not attributable to any other overall task. Specific use in a given matter often may be pre-determined jointly by the client and law firm.

## Pre-Trial Pleadings and Motions

Covers all pleadings and all pretrial motions and procedures other than discovery.

**Pleadings.** Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims and third party complaints. Also embraces motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions.

**Preliminary Injunctions/Provisional Remedies.** Developing and discussing strategy for these remedies, preparing motions, affidavits and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy.

**Court Mandated Conferences.** Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences. Dispositive Motions. Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing.

**Other Written Motions/Submissions.** Developing, responding to, and arguing all motions other than dispositive motions, pleadings, and discovery, such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue.

**Class Action Certification and Notice.** Proceedings unique to class action litigation and derivative suits such as class certification and notice.

## Discovery

Includes all work pertaining to discovery according to court or agency rules.

**Written Discovery.** Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule 26(a).

**Document Production.** Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general review of documents produced by other parties falls under this task, coding and entering produced documents into a data base is "Document/File Management" and reviewing documents primarily to understand the facts is "Fact Investigation/Development."

**Depositions.** All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries.

**Expert Discovery.** Same as "Depositions," but for expert witnesses.

**Discovery Motions.** Developing, responding to, and arguing all motions that arise out of the discovery process. Includes the protective order process.

**Other Discovery.** Less frequently used forms of discovery, such as medical examinations and on-site inspections.

## Trial Preparation and Trial

Commences when lawyer and client determine that trial is sufficiently likely and imminent so that the process of actually preparing for trial begins. It continues through the trial and post-trial proceedings in the trial court. Once trial begins, lawyers who appear in court presumptively should bill their court time to "Trial and Hearing Attendance." Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of other attorneys and support personnel), should continue to be classified using "Other Trial Preparation and Support."

**Fact Witnesses.** Preparing for examination and cross-examination of non-expert witnesses.

**Expert Witnesses.** Preparing for examination and cross-examination of expert witnesses.

**Written Motions/Submissions.** Developing, responding to and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence. Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

**Other Trial Preparation and Support.** All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc.

**Trial and Hearing Attendance.** Appearing at trial, at hearings and at court-mandated conferences, including the pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use "Court Mandated Conferences."

**Post-Trial Motions and Submissions.** Developing, responding to and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of costs, and requests for attorney's fees.

**Enforcement.** All work performed in enforcing and collecting judgments and asserting or. addressing defenses thereto.

## Appeal

Covers all work on appeal or before a reviewing body.

**Appellate Motions and Submissions.** Developing, responding to and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal.

**Appellate Briefs.** Preparing and reviewing appellate briefs.

**Oral Argument.** Preparing for and arguing an appeal before a reviewing body.

## Travel

Time spent traveling in connection with the litigation shall be designated separately.

**SAMPLE TIME SHEET**
**In re Deepwater Horizon MDL 2179**

# TASK CODES

**Case Assessment, Development and Administration**
L110 - Fact Investigation/Development
L120 - Analysis/Strategy
L130 - Experts/Consultants
L140 - Documents/File Management
L150 - Budgeting
L160 - Settlement/Non-Binding ADR
L170 - Continuing Legal Education
L190 - Other Case Assessment - Development and Administration

**Trial Preparation and Trial**
L410 - Fact Witnesses
L420 - Expert Witnesses
L430 - Written Motions and Submissions
L440 - Other Trial Preparation and Support
L450 - Trial and Hearing Attendance
L460 - Post-Trial Motions and Submissions
L470 - Enforcement

**Pre-Trial Pleadings and Motions**
L210 - Pleadings
L220 - Preliminary Injunctions/ Provisional Remedies
L230 - Court Mandated Conferences
L240 - Dispositive Motions
L250 - Other written motions and Submissions
L260 - Class action certification and Notice

**Appeal**
L510 - Appellate Motions and Submissions
L520 - Appellate Briefs
L530 - Oral Argument

**Discovery**
L310 - Written Discovery
L320 - Document Production
L330 - Depositions
L340 - Expert Discovery
L350 - Discovery Motions
L390 - Other Discovery

# ACTIVITY CODES

A101 - Plan and prepare for
A102 - Research
A103 - Prepare/Revise
A104 - Review/Analyze
A105 - Communicate (in firm)
A106 - Communicate (with client)
A107 - Communicate (other outside counsel)
A108 - Communicate (other external)
A109 - Appear for/Attend
A110 - Manage data/files
A111 - Other
A112 - Travel

Attorney/Paralegal/Secretary:_____

Specific "Common Benefit" ("Test" or "Bellwether") Case (if any): _____

*Time shall be recorded in increments of 0.25 hours (.25 hr min.)*

| Date | Task Code | Activity Code | TIME | DESCRIPTION OF SERVICES |
|------|-----------|---------------|------|-------------------------|
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |

### MDL 2179: DEEPWATER HORIZON OIL SPILL
### CHECK REQUEST FORM FOR SHARED EXPENSE

| | | GENERAL CHECK REQUEST INFORMATION |
|---|---|---|
| 1. | *Date:* | |
| 2. | *I am requesting a check from:* | MDL 2179 Plaintiffs' Steering Committee c/o Liaison Counsel, Jim Roy and/or Steve Herman |
| 3. | *Payable To:* (Name & Address) | |
| 4. | *Social Security # or TIN # of the payee:* | |
| 5. | *Invoice No.:* | |
| 6. | *Date check needed (check one):* | Now_____ 30 Days_____ 60 Days_____ 90 Days_____ Other_____ |
| 7. | *Purpose of Check:* | *If associated with specific "common benefit case", please identify case:* _____ |
| 8. | *Amount of Check:* | |
| 9. | *Documentation*[1] | Yes: _____    No: _____ |
| 10. | *Send Check To (check one):* | Requestor _____ OR Payee_____ |
| 11. | *Requesting Attorney's Signature*[2] | |

Allocation of costs;

| | | |
|---|---|---|
| $_____ Court filing fees | $_____ Common witness expense | |
| $_____ Deposition/court reporter | $_____ Translation Costs | |
| $_____ Document depository | $_____ Bank or financial institution charges | |
| $_____ PLC (administration) | $_____ Investigative services | |
| $_____ PSC group administration | $_____ Claims administrator charges | |
| $_____ Legal & accounting fees | $_____ Special master charges | |
| $_____ Expert witness/consultant | $_____ Other | |
| $_____ Printing, copying & scanning (bulk or 3rd party) | $_____ | |
| $_____ Research (3rd party) | $_____ | |

$_____ TOTAL

**Liaison Counsel Accounting Use Only:**
Check # _____
Approved by Plaintiffs' Liaison Counsel: _____   Date: _____

---

[1]  Documentation must be provided with check request.
[2]  By signing this request, you certify that the expense request is properly documented, complete and accurate and is being incurred for the common benefit.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  POOL PRODUCTS DISTRIBUTION
MARKET ANTITRUST LITIGATION

)  MDL No. 2328
)
)  SECTION: R(2)
)
)  JUDGE VANCE
)
)  MAG. JUDGE WILKINSON
)
)

**THIS DOCUMENT RELATES TO ALL CASES**

## PRETRIAL ORDER NO. 9

### Plaintiffs' Counsel's Time and Expense Submissions

Payment of common benefit fees and reimbursement of common benefit expenses for services of all plaintiffs' counsel performing functions in accordance with this order in the above captioned matter will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.  The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

### General Standards

(1)     All time and expenses submitted must be incurred only for work authorized in advance by Direct Purchaser Plaintiffs' Co-Liaison Counsel and the Plaintiffs' Executive Committee, or by Indirect Purchaser Plaintiffs' Liaison Counsel, respectively.

(2)     These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 2328.  Further, any claimants' counsel that may at a later date, seek reimbursement or compensation for common benefit time and expenses (including any state court

-1-

Supplemental Exhibit 3

counsel) shall comply with these guidelines and any submission by such counsel shall be in accordance with this Pre-Trial Order.

(3)     Direct Purchaser Plaintiffs' Co-Liaison Counsel and Indirect Purchaser Plaintiffs' Liaison Counsel have retained and the Court approves the retention of Philip Garrett, CPA ("PG"), to assist and provide accounting services to Direct Purchaser Plaintiffs' Co-Liaison Counsel, the Plaintiffs' Executive Committee, the Plaintiffs' Steering Committee, Indirect Purchaser Plaintiffs' Liaison Counsel and the Court in MDL 2328. Compensation for such services shall initially be made to PG based upon an allocation of the amount of time spent by PG in assisting and providing services to Direct Purchasers counsel's and Indirect Purchasers counsel's submissions and reporting. Direct Purchaser Plaintiffs' Co-Liaison Counsel and Indirect Purchaser Plaintiffs' Liaison Counsel shall meet and confer at least quarterly to discuss the compensation rates of PG. PG will be assisting in compiling submissions and will provide separate reports to Direct Purchaser Plaintiffs' Co-Liaison Counsel and Indirect Purchaser Plaintiffs' Liaison Counsel and also a joint compilation report of both to the Court on a monthly basis. Each of the three (3) reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the reports submitted by PG to Direct Purchaser Plaintiffs' Co-Liaison Counsel, Plaintiffs' Executive Committee, Indirect Purchaser Plaintiffs' Liaison Counsel and the Court shall be considered as if submitted under seal and confidential. The reports submitted by PG to Direct Purchaser Plaintiffs' Co-Liaison Counsel and the Plaintiffs' Executive Committee shall only consist of time and expense of Direct Purchaser counsel. The reports submitted by PG to Indirect Purchaser Plaintiffs' Liaison Counsel shall only consist of time and expense of Indirect Purchaser counsel. The reports submitted to the Court shall include the information submitted to Direct Purchaser Plaintiffs' Co-Liaison Counsel and the Plaintiffs' Executive Committee, as well as the information submitted to Indirect Purchaser Plaintiffs' Liaison Counsel, and a compilation of both.

(4)     Direct Purchaser Plaintiffs' Co-Liaison and Indirect Purchaser Plaintiffs' Liaison Counsel are each authorized to establish, by and through PG, on behalf of their respective counsel, one or more bank accounts for the collection and deposit of assessments and for the payment of each of their respective Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate. Any and all such bank statements for Direct Purchasers shall be provided to, and reviewed by, PG, and any and all such bank statements for Indirect Purchasers shall be provided to, and reviewed by, PG. Direct Purchasers' bank statements and

Indirect Purchasers' bank statements shall not be disclosed to one another.

(5)    Time and expense submissions must be submitted timely, on a monthly basis (even if the time or expense is zero it should be submitted), to PG electronically at the website set up to handle time/billing submissions "www.GarrettCo-ccms.com/Pool." It is essential that each firm, on a monthly basis, timely submit its records for the preceding month. All submissions shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submission.

(6)    The first submission is due on July 16, 2012 and should include, broken down on a monthly basis, all time and expense from inception of the litigation through June 30, 2012. Thereafter, time and expense records shall be submitted on the 15th of each month and shall cover the time period through the end of the preceding month. Any time or expense records submitted more than six (6) months in arrears may not be considered or included in any compilation of time or expense calculation and shall be disallowed, except for good cause shown and with Court approval.

(7)    All time and expense submissions by counsel handling common benefit matters solely related to Indirect Purchaser claims shall be submitted to the PG website by reporting time or expenses under the field "case" as "Indirect Purchaser claim" and counsel handling common benefit matters solely related to Direct Purchaser claims shall be submitted to the PG website by reporting time or expenses under the field "case" as "Direct Purchaser claim".

<u>Time Reporting</u>

(1)    Only time spent on matters common to all claimants in MDL 2328 will be considered in determining fees. <u>No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted, unless approved in advance by the Direct Purchaser Plaintiffs' Co-Liaison Counsel and the Plaintiffs' Executive Committee, or the Indirect Purchaser Plaintiffs' Liaison Counsel.</u>

(2)    All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines and specifically in accordance with the Litigation Task Definitions as outlined in Attachment "A". All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition

of A.B."). The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

(3) All time for each firm shall be maintained in quarter-of-an-hour increments and total time for each day shall total to hours actually worked. Failure to do so may result in time being disallowed.

(4) All time records shall be submitted to the PG website, in the format requested by PG which will include the employee code of each time keeper, the Litigation Task Definition, the amount of time recorded for each entry, the date of entry, and a narrative of each activity for the preceding month. A summary report is located on the PG website.

(5) All time submissions by counsel handling common benefit matters solely related to Indirect Purchaser claims shall be identified in any such submission of time by reporting such as "Indirect Purchaser claim".

(6) The summary report form shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

<u>Expense Reporting by Direct Purchaser Counsel</u>

(1) Advanced costs will be deemed as either "Shared" or "Held."

  a. Shared Costs for Direct Purchaser counsel are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 2328 Fund account to be established by Direct Purchaser Plaintiffs' Co-Liaison Counsel and to be funded by all members of the PSC and others as determined by the Direct Purchaser Plaintiffs' Co-Liaison Counsel and the Plaintiffs' Executive Committee. The PSC MDL 2328 Fund account will be administered by Herman, Herman & Katz, L.L.C.

  b. Held Costs are those that will be carried by each attorney in MDL 2328 and reimbursed as and when determined by the Court.

(2) Each member of the Plaintiffs' Executive Committee and the PSC shall contribute to the Plaintiffs' Steering Committee MDL 2328 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by Direct Purchaser Plaintiffs' Co-Liaison Counsel and the Plaintiffs' Executive Committee.

(3)    All held expense records, with backup supporting documents, shall be submitted to the PG website, in the format requested by PG. A summary report is located on the PG website.

(4)    The summary report form shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

Expense Reporting by Indirect Purchaser Counsel

(1)    Advanced costs will be deemed as either "Shared" or "Held."

        a.    Shared Costs for Indirect Purchaser counsel are costs that will be paid out of a separate Indirect Purchaser MDL 2328 Fund account to be established by Indirect Purchaser Plaintiffs' Liaison Counsel and to be funded by Indirect Purchaser Plaintiffs' Liaison Counsel and others as determined by Indirect Purchaser Plaintiffs' Liaison Counsel. The Indirect Purchaser MDL 2328 Fund account will be administered by Law Office of Thomas H. Brill.

        b.    Held Costs are those that will be carried by each attorney in MDL 2328 and reimbursed as and when determined by the Court.

(2)    Each law firm or attorney representing Indirect Purchaser class clients shall contribute to the Indirect Purchaser MDL 2328 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by Indirect Purchaser Plaintiffs' Liaison Counsel.

(3)    All held expense records, with backup supporting documents, shall be submitted to the PG website, in the format requested by PG. All held expense submissions by counsel handling common benefit matters solely related to Indirect Purchaser claims shall be identified in any such submission of held expense by reporting such as "Indirect Purchaser claim". A summary report is located on the PG website.

(4)    The summary report form shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

Shared Costs

(1)    Shared Costs are costs incurred for the common benefit of the MDL as a whole. No individual client-related costs can be considered as Shared Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be

submitted and paid directly from the MDL account. All Shared Costs must be approved by Direct Purchaser Plaintiffs' Co-Liaison Counsel prior to being incurred and prior to payment from the Plaintiffs' Steering Committee 2328 MDL Fund, and all shared costs for Indirect Purchaser matters must be approved by Indirect Purchaser Plaintiffs' Liaison Counsel from the Indirect Purchaser 2328 MDL Fund. Shared Costs include:

a. Court, filing and service costs

b. Deposition and court reporter costs

c. Document Depository (whether virtual or real): creation, operation, staffing, equipment and administration

d. Direct Purchaser Plaintiffs' Co-Liaison Counsel or Indirect Purchaser Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, conference calls, telecopier, electronic service, postage, meeting expenses, travel for administrative matters, photocopy and printing, secretarial/temporary staff, etc.)

e. PSC, the Plaintiffs' Executive Committee, and Indirect Purchaser group administration matters such as meetings and conference calls

f. Legal and accountant fees

g. Expert witness and consultant fees and expenses

h. Printing, copying, coding, shipping, scanning (only out of house or extraordinary firm cost)

i. Research by outside third party vendors/consultants/attorneys

j. Common witness expenses including travel

k. Translation costs

l. Bank or financial institution charges

m. Outside Investigative services

n. Claims Administrator charges

o. Class Certification Notice cost

p. Special Master/Mediator charges.

(2) Direct Purchaser Plaintiffs' Co-Liaison Counsel and Indirect Purchaser Plaintiffs' Liaison Counsel shall prepare and be responsible for distributing to their respective appropriate plaintiffs' counsel, the Plaintiffs' Executive Committee and the PSC reimbursement procedures and the forms associated therewith. Request for payments shall include sufficient information to allow Direct Purchaser Plaintiffs' Co-Liaison Counsel or Indirect Purchaser Plaintiffs' Liaison Counsel and the CPA to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by the respective Direct Purchaser Plaintiffs' Co-Liaison Counsel or Indirect Purchaser Plaintiffs' Liaison Counsel.

(3)    All shared expense submissions by counsel handling common benefit matters solely related to Indirect Purchaser claims shall be identified in any such submission of shared expense by reporting such as "Indirect Purchaser claim".

## Held Costs

(1)    Held Costs are costs incurred for the global benefit of the MDL. Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by Direct Purchaser Plaintiffs' Co-Liaison Counsel, the Plaintiffs' Executive Committee, Indirect Purchaser Plaintiffs' Liaison Counsel and the Court for future reimbursement.

I.      Telefax charges
II.     Postage, shipping, courier, certified mail
III.    Printing and photocopying (ordinary in-house)
IV.     Computerized research - Lexis/Westlaw
V.      Telephone - long distance (actual charges only)
VI.     Travel - pursuant to Travel Limitations set forth below, including travel for attorney to attend depositions, court or legislative matters.
    A.  Airfare
    B.  Reasonable ground transportation
    C.  Hotel
    D.  Reasonable meals and entertainment
    E.  Reasonable other (parking)
    F.  Car rental, cabs, etc.
    G.  Secretarial and clerical overtime

## Travel Limitations

Except in extraordinary circumstances approved by the respective Direct Purchaser Plaintiffs' Co-Liaison Counsel, the Indirect Purchaser Plaintiffs' Liaison Counsel or the Plaintiffs' Executive Committee, all travel reimbursements are subject to the following limitations:

(1)    Airfare. Only the lowest-price available coach airfare at time of booking (however, www.priceline.com second highest tier prices will be used as a guideline for approval) for a reasonable itinerary will be reimbursed. Notwithstanding the foregoing, first class airfare shall be allowed for cross-country flights that are in excess of four hours non-stop flight time or international flights. Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of

-7-

airfare purchased, name of traveler, and destination. If an invoice or receipt is not available, a canceled check or credit card statement may be submitted provided an Affidavit from the traveler is also submitted stating that the expense was for coach airfare, within the limitations of this Pre-Trial Order, and that the trip was for common benefit. If first class if flown and only coach fare is reimbursable, proof of applicable coach fare shall be provided.

(2)    Hotel. Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels (or comparable) in that city. Hotel expense submissions must be supported by a hotel issued receipt. If a receipt is not available, a credit card statement or canceled check may be submitted provided it is accompanied by an Affidavit that states that the expense was incurred for travel related to common benefit and within the limitations of this Pre-Trial Order.

(3)    Meals. Meal expenses must be reasonable. No request for reimbursement for alcoholic beverages shall be allowed. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.

(4)    Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(5)    Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed. Rental automobile expense submissions must be supported by receipts or credit card statements. Such rentals shall be limited for purposes of traveling to or from meetings, hotel, court appearances and airport. The use of hired limousines is discouraged.

(6)    Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 55.5 cents per mile).

Non-Travel Limitations

The following apply:

(1) <u>Long Distance and Cellular Telephone</u>:  Long distance and cellular telephone charges must be documented.  Copies of the telephone bills must be submitted with notations as to which charges relate to this litigation.

(2) <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(3) <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

(4) <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received.  The per-fax charge shall not exceed $1.00 per page.

(5) <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is 25¢ per page.

(6) <u>Secretarial and Clerical Overtime</u>: An itemized description of the task and time spent must be submitted for secretarial and clerical time.  All such overtime must be approved before submission by Direct Purchasers Plaintiffs' Co-Liaison Counsel and the Plaintiffs' Executive Committee.

(7) <u>Computerized Research - Lexis/Westlaw</u>: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.  All such computerized legal research must be approved by Direct Purchaser Plaintiffs' Co-Liaison Counsel and the Plaintiffs' Executive Committee in advance and before submission.

### <u>Procedures To Be Established by Direct Purchaser Plaintiffs' Co-Liaison Counsel</u>

Direct Purchaser Plaintiffs' Co-Liaison Counsel may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records.  These forms shall be made available by Direct Purchaser Plaintiffs' Co-Liaison Counsel or from the Court's website.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Direct Purchaser Plaintiffs' Co-Liaison Counsel,  Russ M. Herman, Herman, Herman & Katz, L.L.C, 820 O'Keefe Avenue, New Orleans, Louisiana  70113, PH:

(504) 581-4892, Fax: (504) 561-6024, E-Mail: rherman@hhklawfirm.com; or Camilo K. Salas, III, Salas L.C., 650 Poydras Street, Suite 2000, New Orleans, Louisiana 70130-7206, PH: (504) 799-3080, Fax: (504) 799-3085, E-mail: csalas@salaslaw.com or Philip Garrett, CPA, 117 Fairgrounds Blvd., Bush, Louisiana 70431, PH: (985) 635-1500, E-Mail: pgarrett@garrettco.com; or the Court.

### Procedures To Be Established by
### Indirect Purchaser Plaintiffs' Liaison Counsel

Indirect Purchaser Plaintiffs' Liaison Counsel may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records. These forms shall be made available by Indirect Purchaser Plaintiffs' Liaison Counsel or from the Court's website.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Indirect Purchaser Plaintiffs' Liaison Counsel, Thomas H. Brill, Law Office of Thomas H. Brill, 8012 State Line Road, Suite 102, Leawood, Kansas 66208, PH: (913) 677-2004, E-Mail: brillkc@gmail.com or Philip Garrett, CPA, 117 Fairgrounds Blvd., Bush, Louisiana 70431, PH: (985) 635-1500, E-Mail: pgarrett@garrettco.com; or the Court.

New Orleans, Louisiana, this 6th day of July, 2012.

Sarah Vance

SARAH VANCE
UNITED STATES DISTRICT JUDGE

Exhibit "A"

LITIGATION TASK CODE DEFINITIONS

The Litigation Code Set is intended for use in all adversarial matters including litigation, binding arbitrations, and regulatory/administrative proceedings. The following definitions elaborate on the intended scope of each phase and task and should guide attorneys in coding time.

Case Assessment. Development and Administration

Focuses on the case as a whole, the "forest" rather than the "trees".

Fact Investigation/Development. All actions to investigate and understand the facts of a matter. Covers interviews of client personnel and potential witnesses, review of documents to learn the facts of the case (but not for document production), work with an investigator, and all related communications and correspondence.

Analysis/Strategy. The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted. Once concrete trial preparation begins, use "Other Trial Preparation and Support."

Experts/Consultants.   Identifying   and   interviewing   experts   and   consultants   (testifying   or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions, see "Expert Discovery" or time spent with experts/consultants during trial preparation and trial, see "Expert Witnesses."

Document/File Management. A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building litigation support databases should be an Expense.

Budgeting. Covers developing, negotiating, and revising the budget for a matter.

Settlement/Non-Binding ADR All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions.

CLE. Continuing Legal Education related specifically to this matter.

Other Case Assessment, Development and Administration. Time not attributable to any other overall task. Specific use in a given matter often may be pre-determined jointly by the client and law firm.

Pre-Trial Pleadings and Motions

Covers all pleadings and all pretrial motions and procedures other than discovery.

Pleadings.   Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims and third party complaints. Also embraces motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions.

Preliminary Injunctions/Provisional Remedies. Developing and discussing strategy for these remedies, preparing motions, affidavits and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy.

Court Mandated Conferences. Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences. Dispositive Motions. Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing.

Other Written Motions/Submissions. Developing, responding to, and arguing all motions other than dispositive motions, pleadings, and discovery, such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue.

Class Action Certification and Notice. Proceedings unique to class action litigation and derivative suits such as class certification and notice.

Discovery

Includes all work pertaining to discovery according to court or agency rules.

Written Discovery. Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule 26(a).

Document Production. Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general review of documents produced by other parties falls under this task, coding and entering produced documents into a data base is "Document/File Management" and reviewing documents primarily to understand the facts is "Fact Investigation/Development."

Depositions. All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries.

Expert Discovery. Same as "Depositions," but for expert witnesses.

Discovery Motions. Developing, responding to, and arguing all motions that arise out of the discovery process. Includes the protective order process.

Other Discovery. Less frequently used forms of discovery, such as medical examinations and on-site inspections.

Trial Preparation and Trial

Commences when lawyer and client determine that trial is sufficiently likely and imminent so that the process of actually preparing for trial begins. It continues through the trial and post-trial proceedings in the trial court. Once trial begins, lawyers who appear in court presumptively should bill their court time to "Trial and Hearing Attendance." Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of other attorneys and support personnel), should continue to be classified using "Other Trial Preparation and Support."

Fact Witnesses. Preparing for examination and cross-examination of non-expert witnesses.

Expert Witnesses. Preparing for examination and cross-examination of expert witnesses.

Written Motions/Submissions. Developing, responding to and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence. Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

Other Trial Preparation and Support. All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc.

Trial and Hearing Attendance. Appearing at trial, at hearings and at court-mandated conferences, including the pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use "Court Mandated Conferences."

Post-Trial Motions and Submissions. Developing, responding to and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of costs, and requests for attorney's fees.

Enforcement. All work performed in enforcing and collecting judgments and asserting or. addressing defenses thereto.

<u>Appeal</u>

Covers all work on appeal or before a reviewing body.

Appellate Motions and Submissions. Developing, responding to and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal.

Appellate Briefs. Preparing and reviewing appellate briefs.

Oral Argument. Preparing for and arguing an appeal before a reviewing body.


<u>Travel</u>

Time spent traveling in connection with the litigation shall be designated separately.

Antitrust Litigation
MDL 2328

## TASK CODES

**Case Assessment, Development and Administration**
L110 - Fact Investigation/Development
L120 - Analysis/Strategy
L130 - Experts/Consultants
L140 - Documents/File Management
L150 - Budgeting
L160 - Settlement/Non-Binding ADR
L170 - Continuing Legal Education
L190 - Other Case Assessment - Development and Administration

**Trial Preparation and Trial**
L410 - Fact Witnesses
L420 - Expert Witnesses
L430 - Written Motions and Submissions
L440 - Other Trial Preparation and Support
L450 - Trial and Hearing Attendance
L460 - Post-Trial Motions and Submissions
L470 - Enforcement

**Pre-Trial Pleadings and Motions**
L210 - Pleadings
L220 - Preliminary Injunctions/ Provisional Remedies
L230 - Court Mandated Conferences
L240 - Dispositive Motions
L250 - Other written motions and Submissions
L260 - Class action certification and Notice

**Appeal**
L510 - Appellate Motions and Submissions
L520 - Appellate Briefs
L530 - Oral Argument

**Discovery**
L310 - Written Discovery
L320 - Document Production
L330 - Depositions
L340 - Expert Discovery
L350 - Discovery Motions
L390 - Other Discovery

## ACTIVITY CODES

A101 - Plan and prepare for
A102 - Research
A103 - Prepare/Revise
A104 - Review/Analyze
A105 - Communicate (in firm)
A106 - Communicate (with client)
A107 - Communicate (other outside counsel)
A108 - Communicate (other external)
A109 - Appear for/Attend
A110 - Manage data/files
A111 - Other
A112 - Travel

Attorney/Paralegal/Secretary:_____

Specific "Common Benefit" ("Test" or "Bellwether") Case (if any): _____

Time shall be recorded in increments of 0.25 hours (.25 hr min.)

| Date | Task Code | Activity Code | TIME | DESCRIPTION OF SERVICES | Identify if time entry is for "Indirect Purchaser Claim" or "Direct Purchaser Claim" |
|------|-----------|---------------|------|-------------------------|---------------------------------------------------------------------------------------|
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |
|      |           |               |      |                         |                                                                                       |

## MDL 2328: IN RE: POOL PRODUCTS DISTRIBUTION
## MARKET ANTITRUST LITIGATION
## CHECK REQUEST FORM FOR SHARED EXPENSE

| | | *GENERAL CHECK REQUEST INFORMATION* |
|---|---|---|
| 1. | *Date:* | |
| 2. | *I am requesting a check from:* | MDL 2328 Indirect Purchaser Plaintiffs' Liaison Counsel, Thomas H. Brill |
| 3. | *Payable To:* (Name & Address) | |
| 4. | *Social Security # or TIN # of the payee:* | |
| 5. | *Invoice No.:* | |
| 6. | *Date check needed (check one):* | Now_____  30 Days_____  60 Days_____  90 Days_____ Other_____ |
| 7. | *Purpose of Check:* | |
| 8. | *Amount of Check:* | |
| 9. | *Documentation*[1] | Yes:_____ X _____              No: _____ |
| 10. | *Send Check To (check one):* | Requestor_____       OR      Payee_____ |
| 11. | *Requesting Attorney's Signature*[2] | |

Allocation of costs;

| | |
|---|---|
| $_____ Court filing fees | $_____ Common witness expense |
| $_____ Deposition/court reporter | $_____ Translation Costs |
| $_____ Document depository | $_____ Bank or financial institution charges |
| $_____ PLC (administration) | $_____ Investigative services |
| $_____ PSC group administration | $_____ Claims administrator charges |
| $_____ Legal & accounting fees | $_____ Class Certificate Notice |
| $_____ Expert witness/consultant | $_____ Special Master/Mediator charges |
| $_____ Printing, copying & scanning (bulk or 3rd party) | $_____ Other |
| $_____ Research (3rd party) | $_____ |

**$__TOTAL**

**Liaison Counsel Accounting Use Only:**
Check #_____
Approved by Indirect Purchaser Plaintiffs' Liaison Counsel:_____
Date:_____

---

[1]      Documentation must be provided with check request.
[2]      By signing this request, you certify that the expense request is properly documented, complete and accurate and is being incurred for the common benefit.

### MDL 2328: IN RE: POOL PRODUCTS DISTRIBUTION
### MARKET ANTITRUST LITIGATION
### CHECK REQUEST FORM FOR SHARED EXPENSE

| | | **GENERAL CHECK REQUEST INFORMATION** |
|---|---|---|
| *1.* | *Date:* | |
| *2.* | *I am requesting a check from:* | MDL 2328 Direct Purchaser Plaintiffs' Co-Liaison Counsel, Russ M. Herman and Camilo Salas, III. |
| *3.* | *Payable To:* (Name & Address) | |
| *4.* | *Social Security # or TIN # of the payee:* | |
| *5.* | *Invoice No.:* | |
| *6.* | *Date check needed (check one):* | Now_____ 30 Days_____ 60 Days_____ 90 Days_____ Other_____ |
| *7.* | *Purpose of Check:* | |
| *8.* | *Amount of Check:* | |
| *9.* | *Documentation[1]* | Yes:_____X_____                    No:_____ |
| *10.* | *Send Check To (check one):* | Requestor_____   OR   Payee_____ |
| *11.* | *Requesting Attorney's Signature[2]* | |

Allocation of costs;

| | | | |
|---|---|---|---|
| $_____ | Court filing fees | $_____ | Common witness expense |
| $_____ | Deposition/court reporter | $_____ | Translation Costs |
| $_____ | Document depository | $_____ | Bank or financial institution charges |
| $_____ | PLC (administration) | $_____ | Investigative services |
| $_____ | PSC group administration | $_____ | Claims administrator charges |
| $_____ | Legal & accounting fees | $_____ | Class Certificate Notice |
| $_____ | Expert witness/consultant | $_____ | Special Master/Mediator charges |
| $_____ | Printing, copying & scanning (bulk or 3rd party) | $_____ | Other |
| $_____ | Research (3rd party) | $_____ | |

$___TOTAL

**Liaison Counsel Accounting Use Only:**
Check #_____
Approved by Direct Purchaser Plaintiffs' Co- Liaison Counsel:_____
Date:_____

---

[1]   Documentation must be provided with check request.
[2]   By signing this request, you certify that the expense request is properly documented, complete and accurate and is being incurred for the common benefit.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE BARBIER |
| | * | |
| ALL CASES | * | MAG. JUDGE SHUSHAN |
| | * | |

**************************************************************************

## AFFIDAVIT OF PHILIP A. GARRETT, C.P.A.

| | | |
|---|---|---|
| STATE OF LOUISIANA | : | |
| | : | SS |
| PARISH OF ORLEANS | : | |

Philip A. Garrett, being duly sworn according to law deposes and says:

1.     I am a certified public accountant with the accounting firm Philip Garrett, CPA.   I have worked as a public accountant for over 35 years.   A copy of my curriculum vitae summarizing my training and experience in the field of public accounting is attached to this report and affidavit as Exhibit "1."

2.     Pretrial Order No. 9 required that members of the Plaintiffs' Steering Committee (PSC) in MDL 2179 and other attorneys working at their direction report their time and expenses on a monthly periodic basis in accordance with the requirements of that order.

3.     Pretrial Order No. 9 approved my retention and the retention of Philip Garrett, CPA, to assist and provide accounting services to the Plaintiffs' Liaison Counsel, the PSC, and the Court in MDL No. 2179, as follows:

SUPPLEMENTAL EXHIBIT 4

Plaintiffs' Liaison Counsel have retained and the Court approves the retention of Philip Garrett, CPA ("PG"), to assist and provide accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in MDL 2179. PG will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall submit them to the Court on a monthly basis. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the Court shall be considered as if submitted under seal.

4.     In connection with this assignment, I have been asked to conduct a limited review of only the cash assessments and the shared costs. The cash assessments were incurred by each law firm, and used by the PSC to pay the shared costs. This affidavit does not include a review of either common benefit attorney time or held costs from common benefit attorneys.

5.     During the period from October 8, 2010, through today, as it relates to this limited review, my work as the Court- appointed "accountant" involved a review of these expense reports to determine whether they complied with the dictates of PTO No. 9. Where it was determined that   a submission of expense was not in compliance with PTO No. 9, or the procedures established by Plaintiffs' Liaison Counsel, the submitting law firm was advised of this determination and given an opportunity to correct it. I routinely kept the Court advised of my ongoing activities.

6.     Ultimately, I reviewed submissions of assessments from 100 separate law firms who claimed to participate in common benefit costs. The PSC funded its common expenses in this litigation by periodically levying assessments on its members and other law firms working for the common benefit. As of December 31, 2012, common benefit law firms paid assessments totaling $19,387,000.00 which were used to pay shared costs. See Spreadsheet of Total Assessments from Inception, attached as Exhibit "2".

2

7.  Certain "Shared expenses" have not been paid but are payable by the PSC for the administration of the MDL. These expenses were scrutinized as to Worldwide Court Reporters, Inc., Rust Consulting, and The Video Department.  Properly documented shared expenses payable to Worldwide Court Reporters, Inc., total $818,884.45.  Properly documented shared expenses payable to Rust Consulting total $1,880,469.38.  Properly documented shared expenses payable to The Video Department total $218,101.10.  A summary of these payable expenses is attached as Exhibit "3".  This submission does not include scrutiny of any other shared expenses. These payable expenses incurred by the PSC are properly subject to reimbursement as "shared expenses," as defined by PTO No. 9.

8.  In summary, as a result of the accounting conducted by me pursuant to the terms of the Court's pretrial orders, as of January 22, 2013, I have determined that $22,304,454.93 in shared out-of-pocket expenses have been properly documented and are eligible for reimbursement.


PHILIP A. GARRETT, C.P.A.

Sworn & Subscribed
before me this 22nd
day of January,
2013.

NOTARY PUBLIC Exp. # 20176
Martha Elliott
Commission expires at death

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF PHILIP A. GARRETT, C.P.A.

STATE OF LOUISIANA        :
                          :
PARISH OF ORLEANS         :

Philip A. Garrett, being duly sworn according to law deposes and says:

1.      I am a certified public accountant.  For over 35 years I was associated with the public

accounting firm of Wegman Dazet & Company and I am now associated with the firm of Philip A.

Garrett, CPA.  A copy of my curriculum vitae summarizing my training and experience in the field

of public accounting is attached to this report and affidavit as Exhibit "1."

2.      Pretrial Order No. 9 approved my retention to assist and provide accounting services

to the Plaintiffs' Liaison Counsel, the PSC and the Court in MDL No. 2047, as follows:

> Plaintiffs' Liaison Counsel has retained and the Court approves the
> retention of Philip Garrett, CPA ("PG"), to assist and provide
> accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's
> Steering Committee, and the Court in MDL 2047.  PG will be assisting
> in compiling submissions and will provide reports to Plaintiff's Liaison
> Counsel who shall submit them with the Court on a monthly basis.

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**     Supplemental Exhibit 5

These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the Court shall be considered as if submitted under seal.

3.      Pretrial Order No. 9A (PTO 9A) supplemented Pretrial Order No. 9 by setting forth the time and expense reporting procedures for submission of plaintiffs' counsel's time and expense submissions relating to matter common to all claimants in State Court Chinese Drywall litigation matters.

4.      Pretrial Order No. 9 requires that all time and expenses submitted must be incurred only for work authorized in advance by the Plaintiffs' Steering Committee (PSC) and that the time and expense guidelines are intended for all activities performed and expenses incurred by counsel that relates to matters common to all claimants in MDL 2047.   PTO 9A extended these procedures as referenced above.

5.      In connection with this assignment I reviewed the time and expense records of those counsel in MDL 2047 who submitted such records and who, I am advised, will petition the Court for an award of fees and costs for "common benefit" services in the Chinese Drywall Litigation.

6.      During the period from July 2009 through today, my work as the Court- appointed "accountant" primarily involved a review of these time and expense reports to determine whether they complied with the dictates of PTO No. 9.  Where it was determined that  a submission of common benefit time and expense was not in compliance with PTO No. 9, or the procedures established by Plaintiffs' Liaison Counsel, the submitting law firm was advised of this determination and given an opportunity to correct it.   Further, Pretrial Order No. 28 (PTO 28) provided an opportunity for counsel to request that I modify certain time or expenses to amend or correct any

2

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

submissions to disallow any submissions.  I routinely kept the Court advised of my ongoing activities.

7.      On January 10, 2014, the Court entered PTO 28.  This order provided direction and established guidelines for the efficient presentation to the Court to allow for the determination of making an award of attorney's fees and disbursement of litigation expenses, and subsequently an allocation from such an award.  It also directed the members of the Fee Committee (FC) to file a Joint Fee Petition for an award of attorney's fees and reimbursement of expenses.

8.      Collectively these orders established a procedure for reviewing all submissions of time and expense.  As part of my duties to assist in compiling submissions and making reports, among other things, I disallowed from inclusion in these submissions the following items:

    a.      Any submission or report of professional time and expense in which the hours of service were not properly coded in accordance with Pretrial Order No. 9;

    b.      Any item of expense for which proper receipts or other proof of payment has not been submitted;

    c.      Any item of time or expense which was incurred in connection with the litigation of any individual case or group of individual cases involving a person or persons who made a claim for a Chinese drywall affected property, unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit of Chinese drywall litigants in MDL No. 2047 and the state litigation with which it is coordinated.

9.      Any items of time and expense that were disallowed are reported to the Court in the regular monthly reports provided by me.  Under PTO Nos. 9 and 9A, my determination as to whether to disallow any item of time and expense from inclusion in allowed time or expenses was a matter of procedural convenience for the Court and not a determination on the merits.  I made no subjective judgment regarding the value of any time allowed and attempted to judge solely upon

3

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

objective criteria. Both orders made it clear that a disallowance by me was without prejudice to a determination by the Court of the merits of any submission at a time and manner determined by the Court.

10.     Ultimately, I reviewed submissions of time and expense from 53 separate law firms who claimed to participate in common benefit time and costs.

11.     The review process has been ongoing since time and expense submissions first began being submitted pursuant to PTO No. 9, which was due on September 15, 2009, and required the expenditure of 2,725.25 hours of professional accounting time by myself and the members of my staff through December 31, 2013. Billings for this professional time are $632,546.55, including costs.

12.     The protocol which I observed in reviewing the time and expense submissions of the common benefit counsel consisted of four (4) segments.

  a.     Initially, we reviewed each submission to determine if it complied with the form requirements of PTO No. 9. Among other things, this examination focused on whether the Fee Applicant  reported time according to the guidelines of PTO No.9, whether appropriate time records were included with the submission, whether the position (e.g., partner, associate, paraprofessional or investigator) of each timekeeper was disclosed, whether the reported time was properly categorized in accordance with the requirements of PTO No. 9, and whether the Fee Applicant attached records documenting its claimed expenses.  If we discovered deficiencies in compliance with the procedural requirements of PTO No. 9, they were brought to the attention of the common benefit counsel by means of a suitably completed form letter(s).

  b.     Once we received a time or expense record that was in proper form, we examined the submission rigorously to determine if there were circumstances present which would require us to disallow items of time and expense from inclusion under the terms of PTO No. 9. If we determined that there were such items, we transmitted a letter to the common benefit counsel conditionally disallowing the inclusion of that counsel's time and expenses.

4

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

In the conditional disallowance letters, we clearly advised the applicant of each type of item contained in the submission which was subject to disallowance. Typically, we provided illustrations of each such item from the counsel's time and expense records. The letters provided a period of time for the counsel to correct the deficiencies in its submission insofar as it was able to truthfully do so. In most of these cases, we ultimately issued a letter approving the counsel's revised submission of time and expense. In some of these cases, however, we were required to disallow specific line items of time and/or expense and an appropriate letter issued.

c.    After the above outlined process, we checked the arithmetic accuracy of the summaries of time and expense submitted by each counsel based on the underlying detail records that were supplied to us. This procedure was limited to items of time and expense.

d.    Following the issuance of PTO 28, numerous communications with various counsel took place if a counsel requested that I modify certain time or expenses to amend or correct any submission. We reviewed and amended, as appropriate, revised submissions by counsel so that the Case Cost Management System was updated to reflect time and expenses that were accurate and in accordance with submissions made by counsel who sought compensation for common benefit time and reimbursement of expenses pursuant to PTO Nos. 9 and 9A.

13.    As a consequence of this process of review, Fee Applicants have submitted a significant number of hours of time. This effort has proven itself to be beneficial as common benefit counsel have worked cooperatively, and sometimes eliminated entries that were not directly questioned by me. My analysis of the submissions and reporting of common benefit counsel's time and expenses is an ongoing process. A further and complete analysis will be filed with the Court at the conclusion of my assignment, which will cover any additional submissions made by common benefit counsel.

14.    For purposes of this Report, I performed a mathematical calculation by taking the total amount of common benefit hours as of December 31, 2013 and multiplied that amount by an

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

hourly rate. For this Affidavit, the hourly rate used was counsels' Reported Actual Hourly Rate at Inception.[1]

15.     The total number of hours of professional time was reported as 245,871.19.[2]

16.     The total computed amount of the common benefit hours multiplied by the Reported Actual Hourly Rate at Inception was calculated as $119,864,907.65.

17.     The total amount of "held expenses" as defined by PTO No. 9, incurred by common benefit counsel which has been properly documented as eligible for reimbursement under the terms of the applicable pretrial orders is $4,598,113.97, as of December 31, 2013.

18.     In addition to the reimbursable "held expenses" incurred by each common benefit counsel individually, certain reimbursable "shared expenses," as defined by PTO No. 9, were incurred by the PSC.

19.     The PSC funded many of its common expenses in this litigation by periodically levying assessments on its members. As of December 31, 2013, PSC members each paid assessments the total of which assessments collected over the course of the litigation was $11,335,000.00. The "shared expenses" incurred for the administration of the MDL from the PSC's account paid from the assessments was then scrutinized. As of December 31, 2013, the PSC incurred $13,590,843.83 in properly documented shared expenses which expenses are properly subject to reimbursement.

---

[1]In those few instances where counsel failed to provide or lacked their billing rates, those employees that did not provide positions or rates received the average rate for the population. Those that provided positions, but no rates received the average rate for that position.

[2]Of those counsel participating in both state and MDL litigations, all time reported was attributed to MDL time. Total time is stated rounded up to the nearest whole number.

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

20.     As a result of the accounting conducted by me pursuant to the terms of the Court's pretrial orders, as of December 31, 2013, I have determined that a total of 245,871.19 hours of professional time,   having  a  value  of  $119,864,907.65  is  properly  documented,  and  that $18,188,957.80 [3] of out-of-pocket expenses have been properly documented.[4]  The PSC previously received $18,115,939.53 in partial reimbursement predominantly from the Knauf Settlement Funds of which $9,148,000.00 was used to partially reimburse assessments leaving a balance of unreimbursed assessments of $2,187,000.00.   The remaining funds are retained by the PSC for ongoing shared expenses.

21.     In summary, the total Held Costs of law firms that made submission pursuant to Pre-Trial  Order  No.  9  are  $4,598,113.97  and  cash  assessments  of  common  benefit  counsel  of $2,187,000.00.  They have cash balances at December 31,2013 of approximately $5,000,000.00.

22.     Copies of all of the 53 law firm's submissions provided to me are available to the Court through protected access via the Case Cost Management System.

23.     My Affidavit is based upon submissions received from various counsel pursuant to Pre-Trial  Order  Nos.  9  and  9A.   Because  the  Court  has  ordered  counsel  to  make  certain modifications to submissions, the amounts calculated herein are based upon hours and expenses

---

[3]  This includes Shared Costs of $13,590,843.83 and Held Costs $4,598,113.97.

[4] Additional materials are still being submitted to me by common benefit counsel.  Once these materials are analyzed, my findings will become the subject of a final report.

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**

reviewed as of May 14, 2014, and include time and expenses through December 31, 2013.  Slight

variations and changes may occur due to updated reports received from counsel.

_____
PHILIP A. GARRETT, C.P.A.

Sworn & Subscribed
before me this 15th
day of May, 2014.

_____
NOTARY PUBLIC
Attested to signature only

JENNIFER KLEYLE
Notary Public
State of Louisiana
St. Bernard Parish
Notary ID # 92082
My Commission is for Life

8

**EXHIBIT 4 to Declaration of Russ M. Herman and Arnold Levin**