**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY  THE OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | * | |
| OF MEXICO, ON APRIL 20, 2010 | * | SECTION J |
| | * | |
| This document relates to: | * | |
| | * | HONORABLE CARL J. BARBIER |
| No. 10-4536 | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |
| | * | |

---

**BPXP'S MEMORANDUM IN SUPPORT OF ADMISSION OF EVIDENCE**
**SHOWING ITS SPILL-RELATED COSTS AND LIABILITIES**

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile:  (504) 556-4108

Robert C. ("Mike") Brock
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia ("Carrie") Karis, P.C.
Matthew T. Regan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

*Attorneys for BP Exploration & Production Inc.*

## INTRODUCTION

BPXP's November 2012 plea agreement with the U.S. presents no restriction on the admissibility of BPXP's spill-related liabilities to provide an accurate and complete view of its current financial condition, even if under the terms of the plea agreement BPXP seeks no credit for two categories of payments under the plea.   TREX-246896, D-34605A, and D-34606A, which present BPXP's incurred liabilities from the spill, should be admitted.

## FACTUAL BACKGROUND

Under the plea agreement, BPXP agreed to "[p]ayment of criminal recoveries totaling $4 billion," including "criminal fines" of $1.256 billion.  (Ex. A, Plea Agreement at ¶ 4(a)-(b)).  As incorporated in ¶ 4(c)(viii) of the plea agreement (and attached as Exhibit B thereto), a separate order required "payment[s]" of the balance of the $4 billion, consisting of $350 million to the National Academy of Sciences ("NAS") and $2.394 billion to the National Fish and Wildlife Foundation ("NFWF").  (*Id*. at Exhibit B, ¶¶ 34-35).  Paragraph 4(c)(viii) and Exhibit B imposed additional obligations, including that BPXP would continue to fulfill its May 2010 commitment to fund GoMRI.  The U.S. and BPXP also agreed to provisions that would, for example, preclude BPXP from receiving credit against its NRD liability for projects NFWF would undertake with that $2.394 billion.  The specific language is limited to the BPXP "payments" listed in Exhibit B:

> [P]ayments made pursuant to paragraph 4(c)(viii) above shall have no effect on, and shall not be argued by the defendant, BP plc, or any other BP plc entity, to reduce in any way, any civil claims by any party arising out of the *Deepwater Horizon* blowout, explosion, oil spill and response, including but not limited to natural resource damage claims.

(*Id*. ¶ 4(c)).  The payments to NAS and NFWF are the only obligations under Exhibit B referred to as "payments," and so the only obligations under the plea agreement which BPXP is precluded from arguing reduce its civil liability.  The U.S. ***recently stipulated to precisely that fact***:

1

> ***The payments made pursuant to paragraph 4(c)(viii) of the Plea Agreement are the above-mentioned $350 million to the National Academy of Sciences and $2.394 billion ($2,394,000,000.00) to the National Fish and Wildlife Foundation.*** BPXP's payment of criminal fines totaling $1.256 billion ($1,256,000,000) under the terms of the Plea Agreement is not a payment made pursuant to paragraph 4(c)(viii) of the Plea Agreement.

(Stipulations and Order filed 11/26/14, at ¶ 3 (Rec. Doc. 13725) (emphasis added) [hereinafter "Stipulations"]).

Consistent with accounting principles, BPXP's $42 billion in spill-related liabilities are reflected in its financial records. In May 2014, the U.S. requested a summary of those costs, which BPXP produced, and a version updated through 3Q 2014 was disclosed as TREX-246896. (The cost information included on D-34605 and D-34606 was derived from TREX-246896.)

Prior to trial, the U.S. never requested that BPXP back out its liabilities under the plea agreement from any document.[1] During trial, however, the U.S. objected to D-34605 and D-34606 on the basis that they included "payments that have been made under th[e] plea agreement." (Tr. 1589-90). The U.S. later requested that BPXP "remove [from them] reference

---

[1]  BPXP has long made clear to the U.S. that its reported spill-related liabilities include payments to NAS and NFWF and that it is not seeking from them any credit, offset, or reduction of the CWA penalty. On March 3, 2014, in response to the Court's February 21, 2014 Order (Rec. Doc. 12392), BPXP submitted its Proposed Stipulated Facts Concerning Liabilities Incurred by BPXP, in which it expressly stated that:

> In noting BPXP's remaining liabilities in connection with the plea agreement, BPXP is not arguing that payments made pursuant to paragraph 4(c)(viii) of the plea agreement reduce the amount of any Clean Water Act civil penalty, but the full amount of those remaining liabilities are instead provided in these proposed stipulations to provide a complete view of the financial position of BPXP.

(Ex. 6 to 3/13/14 BPXP Submission in Response to Court's February 21, 2014 Order at 2 n.2). Likewise, BPXP's expert witness on the economic impact of a penalty on BPXP, R. Bruce Den Uyl, reiterated that point in his August 15, 2014 expert report (TREX-13153 at 6-7 n.26):

> I understand that BPXP is not arguing that payments made pursuant to paragraph 4(c)(viii) of the criminal plea agreement -- i.e., the approximately $2.75 billion in payments to [NFWF and NAS] -- should reduce the amount of any Clean Water Act civil penalty. I also understand that the plea agreement prohibits BPXP from arguing that any civil claims arising out of the Deepwater Horizon incident should be reduced by this $2.75 billion amount. Rather, these payments are included in my evaluation of BPXP's financial condition because they are known liabilities owed by BPXP and, therefore, are necessary to include in order to provide a complete view of the financial position of BPXP, and specifically its future cash flows.

to both GoMRI and [the] DOJ plea, and their associated costs," and objected to TREX-246896

on the grounds that it included costs associated with GoMRI and other payments under the plea.

## I.  NOTHING PRECLUDES BPXP'S RELIANCE ON ITS FUNDING OF GOMRI.

Under the plea agreement and the Stipulations, there are only two liabilities which may

not be argued to reduce the U.S.'s civil claims against BPXP – its payments to the NAS and

NFWF.  In addition, in Exhibit 1 to its December 19 pretrial brief, ***the U.S. expressly identified***

***GoMRI*** (along with the "Criminal CWA Fine") as a "Reason for Potential Deduction" to be

considered by the Court in its "Penalty Calculation for BPXP."  (Pre-Trial Statement of the U.S.

at Ex. 1 (Rec. Doc. 13901)).  Thus, with respect to GoMRI and other undertakings under the plea

agreement other than payments to NAS and NFWF, the United States' position contravenes the

plea agreement, its Stipulation, and its statements to the Court in its pre-trial brief.

## II.  ALL OF BPXP'S LIABILITIES ARE PART OF AN ACCURATE REFLECTION OF ITS PRESENT AND FUTURE FINANCIAL CONDITION.

The current financial position of BPXP reflects monies that have been paid.  Regardless

of whether those monies were paid for the criminal plea, for other Macondo liabilities, or for

ordinary course items, the funds are gone, and that is reflected in BPXP's business records.

Were the U.S.'s position adopted, BPXP would have to alter its business records (and

demonstratives based on those records) to suggest that BPXP has more money than it has.

While BPXP seeks no offset, credit, or penalty reduction based on the $2.744 billion in

NAS and NFWF liabilities, those figures – of which more than $2 billion remain as scheduled

cash payables – are part of business records setting forth BPXP's financial condition and are

relevant to the Court's analysis.  In assessing BPXP's ability to pay a penalty, the Court will

need accurate and complete information regarding the current financial position of BPXP,

including its significant cash liabilities.  All liabilities set forth in BPXP's records reduce the

valuation of BPXP, which is a key consideration for any prospective investor deciding whether to extend capital to BPXP to enable it to pay a CWA penalty.  All of BPXP's scheduled payments as set forth in its records also affect the cash available to BPXP to fund a penalty in coming years.[2]  Liabilities are therefore essential for the Court to consider, and BPXP should not be required to redact its business records to present them.  Indeed, the alternative is nonsensical, as the U.S. would have BPXP present its financial condition to the Court not in accordance with its business records and proper accounting practices, but as if (1) BPXP somehow had billions of dollars that it does not in fact have and as if (2) BPXP will not have billions of dollars in obligations it does have.  The NAS and NFWF payments are liabilities properly reflected in BPXP's financial records (such as TREX-246896) as they were prepared in the ordinary course of business and produced in this case.

In a note to the relevant demonstratives, as amended, BPXP has clearly identified the two liabilities for which, under the plea agreement, it does not claim any offset, credit, or reduction of the penalty.[3]  The Court can consider the financial records, with those two liabilities noted for what they are, without any need for BPXP to redact its business records or to deviate from accounting, financial, and valuation principles in presenting its evidence in this case.

## CONCLUSION

BPXP respectfully requests the Court admit TREX-246896, D-34605A, and D-34606A.

---

[2] Indeed, the U.S.'s expert Ian Ratner agreed that to look at the expected net cash flows of BPXP would require subtracting BPXP's known liabilities under the plea agreement from its cash flows from operations.  (Tr. 1175-77).

[3] To eliminate any risk of confusion as to the amounts for which BPXP may seek an offset or other reduction of its penalty, BPXP has added the following note to D-34605A and D-34606A:

> Under its November 15, 2012 plea agreement with the United States, BPXP's payments of $350 million to the National Academy of Sciences (of which $20 million had been paid through 3Q 2014) and $2.394 billion to the National Fish and Wildlife Foundation (of which $400 million had been paid through 3Q 2014) shall have no effect on and are not argued by BPXP to reduce in any way the amount of Clean Water Act penalties.

Dated: February 12, 2015                Respectfully submitted,

                                        By: /s/ Don K. Haycraft

                                        Don K. Haycraft (Bar #14361)
                                        R. Keith Jarrett (Bar #16984)
                                        LISKOW & LEWIS
                                        One Shell Square
                                        701 Poydras Street, Suite 5000
                                        New Orleans, Louisiana 70139-5099
                                        Telephone: (504) 581-7979
                                        Facsimile:  (504) 556-4108

                                        Robert C. ("Mike") Brock
                                        Kirkland & Ellis LLP
                                        655 Fifteenth Street, N.W.
                                        Washington, D.C. 20005
                                        Telephone:  (202) 879-5000
                                        Facsimile:  (202) 879-5200

                                        Richard C. Godfrey, P.C.
                                        J. Andrew Langan, P.C.
                                        Hariklia ("Carrie") Karis, P.C.
                                        Matthew T. Regan, P.C.
                                        Kirkland & Ellis LLP
                                        300 North LaSalle Street
                                        Chicago, Illinois  60654
                                        Telephone: (312) 862-2000

                                        ***Attorneys for BP Exploration & Production Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of February, 2015.

<u>/s/ Don K. Haycraft</u>