UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: 10-4536 ……………………………………………………... | : : | Honorable CARL J. BARBIER Magistrate Judge SHUSHAN |

**UNITED STATES' OPPOSITION TO BPXP'S MEMORANDUM IN SUPPORT OF ADMISSION OF EVIDENCE SHOWING ITS SPILL RELATED COSTS AND LIABILITIES**

SUMMARY

As part of the Plea Agreement BPXP entered into with the United States and asked a U.S. District Court to approve, the company promised that payments made pursuant to its special terms of probations would not be argued to reduce in any way a civil penalty. BPXP continues to press here for admission of exhibits D-34605A, D-34606A and TREX-246896 - each of which highlights payments that falls within the ambit of the plea prohibition without identifying and pulling out all relevant payments. The company argues that these exhibits merely "provide an accurate and complete view of its current financial condition" and do not amount to arguing for any kind of reduction "in any way, any civil claims by any party." BPXP maintains this position even though it has already been rejected by the Court.[1]

BPXP's motion should be denied. The better resolution here is the one proposed by the United States: Each exhibit should be admitted subject to the objections identified on a cover sheet for the exhibits that identifies the contested payments. This course puts the evidence before the Court, which is serving as finder of fact, marked in a fashion to allow the Court to distinguish between what elements of the exhibits (and thus related trial testimony) remain in dispute.

ARGUMENT

***The exhibits are not offered for an "accurate and complete view" as BPXP contends.***
First, as noted by the United States during the testimony, Mr. Morrison, the witness used to sponsor these three exhibits, was not designated to testify regarding the financial impact of a penalty on BPXP, therefore the use of these documents for the claimed purpose during his testimony was inappropriate.[2] Second, not one of these exhibits presents a "complete view" of BPXP's financial condition as they contain only spill related liabilities. The only documents

---

[1] TT at 1589-93, 1599-1600, 1606 (January 27, 2015 a.m.).
[2] Rec. Doc. 12858-15, pg. 6 (also TREX-012683 pg. 6). (compare Mr. Morrison to that of Mr. Robertson.)

1

produced in this litigation regarding BPXP's financial condition are the trial balance and quarterly financial statements, neither of which itemize BPXP's spill related liabilities in the way BPXP seeks to present them to the Court through these three exhibits.[3] Furthermore, BPXP has excluded from these demonstrative exhibits tax deductions, and any anticipated recoveries making them inaccurate for a "complete view" of even spill liabilities.[4] Only the remaining (unpaid) liabilities in any way reflect on BPXP's ability to pay a penalty at some point in the future, yet BPXP has not highlighted the remaining liabilities for the Court to consider. The form of these three exhibits amounts to BPXP asking the Court to consider these specific liabilities in setting a civil penalty; otherwise there is no other, plausible basis attempting to segregate these payments from its other liabilities and assets.

*__The plea agreement does not permit BPXP's interpretation__*. BPXP attempts to parse the language of the Plea Agreement which precludes any BP entity from arguing "payments made pursuant to Paragraph 4(c)(viii) . . . to reduce in any way, any civil claims by any party."[5] Paragraph 4(c)(viii) includes all the special terms of probation, not simply payments made to National Fish and Wildlife Foundation ("NFWF") or the National Academy of Sciences ("NAS"), nor payments under 4(a). Paragraph 33 of the special terms of probation includes a requirement that BPXP continue to fund the Gulf of Mexico Research Initiative ("GOMRI"). BPXP apparently proposes that because the Company's promise to pay for GOMRI includes the word "fund" rather that the word "payments," this somehow merits distinction. This is a

---

[3] See TREX-246898, TREX-011968. Spill liabilities are not itemized in BPXP's quarterly reports, rather the reports direct the reader to BP PLC's reported liabilities. See TREX-246898 pg. 4; also TREX-012673 the first financial report ever prepared by BPXP. Furthermore, that prior payments somehow reflect on BPXP's ability to pay a future penalty is contradicted by Mr. Morrison's own testimony where Mr. Morrison touted the billions in spending BPXP has made since the spill despite these liabilities. TT at 1575-77, 1581, 1583-84; D-34612, D-34613, D-34614, D-34622 (January 27, 2015 a.m.).

[4] TT at 1593-95 (January 27, 2015 a.m.). D-34606A also excludes recoveries from the totals pictured.

[5] TREX-052673 pg. 7, ¶4(c). Paragraph 33 regarding GOMRI is included in the same section of the special terms of probation as the NAS and NFWF requirements on TREX-052673 pg. 35.

distinction without a difference; the Plea Agreement prohibits any payments made pursuant to the terms of probation from being argued to reduce the penalty- not solely specific payments as BPXP suggests. That BPXP would attempt to parse the terms of a criminal plea agreement in such a way should be remembered when assessing any purported commitments it has made and the seriousness with which it has taken its liabilities from this incident.

***BPXP declined to adjust the exhibits as the Court directed.*** In contradiction to what was ordered by the Court, and what BPXP represented it would comply with before being allowed to continue eliciting testimony based on the document, BPXP now claims that it should not be required to alter TREX-246896 as it was prepared in the ordinary course of business.[6] That is simply not accurate; the document was prepared at the request of counsel for this litigation to include specific costs and was altered during discovery.[7] Further, BPXP seems to suggest that it should be permitted to violate its criminal plea because the United States did not ask that the documents be altered earlier.[8] The United States objected when BPXP inappropriately asked the Court to consider the relevant payments; prior to its request there was nothing to object to.

The United States has attempted to resolve these issues without requiring Court intervention as ordered. Mr. Morrison testified on January 27, 2015 and the United States first received BPXP's proposed response to the objections (which included only two of the three

---

[6] The Court: "Okay. Well, I think you're going to have to identify and pull out the- separately identify the criminal penalties, okay. Ms. Karis: Okay, Your Honor." TT at 1599-1600 (January 27, 2015 a.m.).

[7] Robertson Bundle at 174:1-13 (regarding the first version of the spreadsheet produced TREX-012647 "This particular spreadsheet was requested by counsel") see also 177:1-16. If BPXP kept similar records, they were not produced in this litigation, and are prepared for BP PLC reports. Id. at 156:15-24, 178:5-21

[8] BPXP for example references proposed stipulations that the United States did not sign. BPXP Brief pg. 2, ft. 1. BPXP also suggests that the United States stipulated that payments under GOMRI were not included in the relevant prohibition. BPXP Brief pg 1-2. There is no such stipulation. As stated at trial, the United States agrees that BPXP can reference that GOMRI was created prior to the criminal plea agreement and any payments made prior to the agreement taking effect. BPXP has not identified what payments were made prior to the plea, thus they could not be referenced in the stipulation.TT at 1359-1360 (January 26, 2015 a.m.). Furthermore, the referenced stipulation explicitly reserves all rights and arguments regarding the settlements, including facts not in the stipulations. Rec. Doc. 13725 pg. 1.

exhibits at issue; BPXP refused to alter TREX-246896) on Sunday February 1, 2015 after 7 pm- the night before the last day of trial. The United States responded that evening that BPXP was not complying with the Court's Order. During the last day of trial, the United States suggested that the parties note their objections on the record and BPXP move in the exhibits subject to the objections. BPXP refused, insisting the parties tell the Court they would continue to meet and confer. On February 9, 2015, the parties met and conferred, and the United States suggested that a cover page with the contested dollars and objections be prepared for each exhibit to be admitted. BPXP again refused, proposed no alternatives, and insisted that the parties must brief the issues. The United States' proposal allows both parties to reserve their rights to argue the relevant provisions of the plea agreement and for the Court to resolve these issues as it sees fit.[9]

## CONCLUSION

The proposal of United States is the better one: Each exhibit should be admitted subject to the United States' objections, accompanied by a cover page identifying the contested costs and objections (proposed cover sheet will be provided upon request). This proposal complies with the Court's request that the relevant costs be pulled out and identified.[10] This proposal makes sense in the context of a bench trial, where the Court can ultimately weigh the relevant evidence in light of the record.

Date: February 17, 2015

Respectfully submitted,

---

[9] The United States' proposal is only intended to address the question of how evidence should be considered in this litigation. It is not intended to be and should not be considered as a waiver of any rights the United States may have to argue that BP is in breach of its plea agreement with the United States or to argue that BP is in violation of the terms of its probation.

[10] "So you're going to have to revise this chart or pull out of it whatever . . . but whatever amount shouldn't be included in there, we need to figure out . . . You work that out to the satisfaction of her objections, okay?" TT at 1591-1592 (January 27, 2015 a.m.).

| | |
|---|---|
| JOYCE BRANDA | JOHN C. CRUDEN |
| Acting Deputy Assistant Attorney General | Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| PETER FROST | SARAH HIMMELHOCH |
| Director, Torts Branch, Civil Division | MICHAEL MCNULTY |
| Admiralty and Aviation | PATRICK CASEY |
| SHARON SHUTLER | RICHARD GLADSTEIN |
| MALINDA LAWRENCE | Senior Counsel |
| LAURA MAYBERRY | NANCY FLICKINGER |
| Trial Attorneys | Senior Attorney |
| R. MICHAEL UNDERHILL, T.A | ABIGAIL ANDRE |
| Attorney in Charge, West Coast Office | A. NATHANIEL CHAKERES |
| | RACHEL HANKEY |
| | JUDY HARVEY |
| | RACHEL KING |
| | ERICA PENCAK |
| | BRANDON ROBERS |
| | GORDON YOUNG |
| | Trial Attorneys |
| | /s/ Sarah D. Himmelhoch |
| | STEVEN O'ROURKE |
| | Senior Attorney |
| | Environmental Enforcement Section |
| | U.S. Department of Justice |
| | P.O. Box 7611 |
| | Washington, D.C. 20044 |
| | Telephone:  202-514-2779 |
| | E-mail:  steve.o'rourke@usdoj.gov |
| | KENNETH A. POLITE, JR. |
| | United States Attorney |
| | Eastern District of Louisiana |
| | SHARON D. SMITH |
| | Assistant United States Attorney |
| | Eastern District of Louisiana |

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on all counsel by electronically uploading the same to Lexis-Nexis File & Serve in accordance with Pretrial Order #12, and the foregoing was also electronically filed with the Clerk of the Court of the United

5

States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2719, on this 17th day of February, 2015.

/s/ Sarah D. Himmelhoch