

HILSOFT
NOTIFICATIONS

# *Deepwater Horizon Oil Spill Litigation Economic and Property Damage Claim Deadline Notice Plan*

*Hilsoft Notifications*
*February 12, 2015*

©2015 Hilsoft Notifications

# *Table of Contents*

*Page*

1. Introduction

    4

2. Overview/Summary                                            5

3. Notice Schedule Flow Chart                                   9

4. Target Audience                                             10

5. Individual Mailed/Email Notice                             12

6. Media Selection                                            14

7. Plan Delivery Summary                                      16

8. Net Reach                                                  17

9. Average Frequency of Exposure                              19

10. Geographic Coverage                                       20

11. Nationwide Publication Plan

    21

12. Nationwide Publication Details                            22

13. Nationwide Publication Coverage                           23

14. Nationwide Publication Circulation                        24

15. Publication Secondary Reader Data                         25

16. Nationwide Publication Audience Data                      26

17. Trade, Business and Specialty Publications               27

18. Local Newspapers                                                                    29

19. African-American, Vietnamese and Spanish Language Publications                      31

20. Local Television                                                                    33

21. TV Dayparts/Programming                                                             34

22. TV Rating Points (GRP's)                                                            35

23. Local Radio Programming                                                             36

24. Internet Banner Notices                                                             37

25. Informational Release                                                               38

26. Placing Notices to Be Highly Visible

        39

27. Case Website                                                                        40

28. Sponsored Search Listings                                                           41

29. Notice Design Strategy                                                              42

30. Draft Forms of Notice                                                               44

**Attachment 1** - *Hilsoft Notifications Curriculum Vitae*

**Attachment 2** – *Local Newspapers*

**Attachment 3** – *Drafts of Notice*

# *1. Introduction*

The "Notice Plan" (or "Plan") that follows details the dissemination effort that will be undertaken to provide comprehensive notice to Class Members in connection with the establishment of the June 8, 2015, claim filing deadline ordered by the Court for the proposed Economic and Property Damage Class Action Settlement in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179.

Hilsoft Notifications previously designed and implemented a comprehensive Notice Plan for both the Economic and Property Damages and the Medical Benefits Settlements, which was approved by the Court (*see Declaration of Cameron R. Azari, Esq. on Economic and Property Damages Settlement Notices and Notice Plan, dated April 18, 2012*). The Notice Plan for the claim deadline is modeled after the successful initial Notice Plan designed and implemented in 2012.

Hilsoft Notifications' principals have been recognized as class action notice experts by judges, and have specific experience designing and implementing large-scale class action notice plans. Principals Cameron Azari, Esq., Epiq Systems Vice President and Director of Hilsoft Notifications, and Lauran Schultz, Epiq Systems Vice President for Complex and Regulatory Engagements, have designed the Plan and Notices, and will oversee implementation to successful completion.

With experience in more than 300 cases, notices prepared by Hilsoft Notifications have appeared in 53 languages with distribution in almost every country, territory and dependency in the world. Judges, including in published decisions, have recognized and approved notice plans developed by Hilsoft Notifications, which have always withstood collateral reviews by other courts and appellate challenges, including to the U.S. Supreme Court. The Curriculum Vitae for Hilsoft Notifications, including judicial comments recognizing notice expertise and approved plans, is included as **Attachment 1**.

The proposed draft notice documents (the "Notice" or "Notices") follow the principles in the Federal Judicial Center's ("FJC") illustrative model notices that were written and designed to embody the satisfaction of the plain language requirements of Federal Rule of Civil Procedure 23(c)(2). To assist judges and attorneys, in state as well as federal courts, the FJC has posted the notices at www.fjc.gov.

# 2. Overview/Summary

- ***Plan Objectives.*** The objective of the program is to provide eligible Class members every reasonable opportunity to participate in the Settlement by submitting a claim before the deadline. The content of the notice program must be neutral, informational and understandable to this very broad and diverse class. Consistent with the prior notification effort in this litigation, a combination of individual notice, measured media and unmeasured media is proposed. The effort will provide assurance to the settlement parties and to the Court to the extent that closure is decisively advanced by a robust program to notify Class members of the impending claim deadline.

- ***Prior Notification Effort.*** This proposed program is informed by the prior notification effort approved by the Court in April of 2012 and subsequently implemented by Hilsoft Notifications. In a declaration we submitted to the Court related to the 2012 program, a reminder notification effort was anticipated: "At the appropriate time, Hilsoft may also develop and implement subsequent notice efforts as agreed to by the parties and/or directed by the Court, including a reminder notice effort in advance of the claim filing deadline. Any reminder notice effort will be guided by the performance of and response to the E&PD Notice Plan."

- ***Factors Considered.*** The 2012 notification effort related to preliminary approval was by all accounts highly successful. At the same time, the percentage of eligible E&PD Class members responding to that notification effort is unknown and unquantifiable for a number of reasons. Consequently, Hilsoft Notifications has developed a reasonable approach that is informed by (1) the 2012 notification effort in this matter which was previously approved by the Court, (2) analogous claim deadline notice programs developed and implemented by Hilsoft Notifications, (3) the significant time which has elapsed since the prior notification effort nearly three years ago, (4) the geographic distribution of claims received thus far, and (5) changing media consumption patterns (e.g., declining newspaper readership).

- ***Notice Content.*** Notice content for this program will be focused on informing potential Class members of the impending deadline. The requirements of Class membership are restated in the notice along with the types of eligible claims (e.g., loss of subsistence, coastal real property damage, wetlands reals property

damage and real property sales damage). The notice content is presented in a neutral fashion and uses, to the extent practical, language and graphics already agreed to by the parties and approved by the Court. The content directs people to www.DeepwaterHorizonSettlements.com and a toll-free number where detailed information can be accessed.

- ***Measured Media Target Audience.*** Three years later, the target audience for this broad and diverse class is the same. The Claim Deadline Notice Plan ("Plan") will be targeted to adults 18 years and older, currently living in the Gulf Coast Areas. In terms of the geographic scope of the Gulf Coast Areas, the same 26 media markets are included in both the 2012 program and this Plan. Consistent with the prior effort, the Plan includes a component (though substantially reduced) to reach unknown Class members who currently reside outside the Gulf Coast Areas.

- ***Multimedia effort.*** In the Gulf Coast Areas, the Plan will use similar media vehicles as in the 2012 effort, but with a reduced frequency. Local newspapers will use ½ the insertions at ½ the ad size as compared to the previous effort, and local television and radio will have roughly 75-85% the number of spots. Local Spanish language and Vietnamese print publications will also again be used, as will appropriate trade publications (with seafood specific trades dropped). The nationwide program will employ some of the same consumer publications, but at a reduced print size. Owing to the fact that the majority of claims have been filed by residents of the Gulf Coast states, several expensive nationwide publications have been eliminated.

- ***Measured Media Performance.*** The measured Claim Deadline Notice Plan will be designed to reach an estimated 85% of adults 18 years and older, currently living in the Gulf Coast Areas. For adults 18 years and older across the United States, the measured media program will have a 53.4% estimated reach.

- ***Notice Tactics.*** The following notice tactics have been selected to best reach Class members:

  1. ***Individual Notice.*** For each name and address of a known, likely E&PD Class member in the Claim Facility database that has not previously filed a claim, notice of the claim deadline will be provided by first class mail in a Number 10 envelope. The outside of the envelope will have an

appropriate call-out advising the recipient that, "June 8, 2015 is the deadline to submit an economic or property damage claim related to the Deepwater Horizon oil spill." Where an email address is available, notice will be sent via email.

2. ***Local Newspapers.*** The Claim Deadline Notice will appear two times each in 351 local newspapers, covering virtually all of Louisiana, Alabama and Mississippi and DMA's[1] within included counties of Texas and Florida. A list of the proposed local newspapers is included as **Attachment 2**.

3. ***Local Television.*** Approximately 225 adult gross rating points ("GRPs")[2] will air per market in the Gulf Coast Areas (matching the DMA's included in the local newspaper effort) substantially over three weeks in a variety of dayparts and programs on local and cable networks.

4. ***Local Radio Programming.*** Approximately 150 adult GRP's will air per market in the Gulf Coast Areas (matching the DMA's included in the local television effort) over two weeks on a variety of programming. Separate local radio efforts will be targeted to the African-American, Spanish-speaking and Cajun populations where appropriate.

5. ***African-American, Vietnamese and Spanish language Publications.*** The Claim Deadline Notice will appear two times each in publications targeted to the relevant local communities.

6. ***Trade, Business and Specialty Publications.*** The Claim Deadline Notice will appear in the *Wall Street Journal* and publications targeted to the industries and activities most likely directly affected by the Deepwater Horizon event.

7. ***Consumer Publications.*** The Claim Deadline Notice will appear in five weekly and monthly consumer publications — one time in *People Essence, People en Espanol, Southern Living* and *Sports Illustrated,* for a total of five insertions.

---

[1] DMA or "Designated Market Area" is a term used by Nielsen to identify an exclusive geographic area of counties/parishes in which the home market television stations hold a dominance of total hours viewed. There are 210 DMA's in the U.S.

[2] One rating point is equal to 1% of a given population. It is necessarily a gross measurement that includes duplicate exposures to the same person.

8. ***Internet Banner Notices.***  Banner Notices measuring 728 x 90 pixels and 300 x 250 pixels will be placed during a one-month period on national online networks: *Yahoo! Ad Network, MSN, AOL Email, Weather.com, Xaxis Ad Network* (formerly *24/7 Real Media*), *Conversant Ad Network* and on selected trade publication websites.  Total online impressions will be approximately 90.2 million.

9. ***Case Website.***  The existing neutral case notice website for the Settlements, where Class Members can obtain additional information about the case and notice documents will be updated to include the Claim Deadline Notice and related text.

- ***Message Content.***  The Claim Deadline Notice has been designed to provide a clear, concise, plain language statement regarding the upcoming June 8, 2015, claim filing deadline.  The Claim Deadline Notice alerts Class Members that the message may affect them.   Drafts of the forms of notice are included as **Attachment 3**.

# 3. Notice Schedule Flow Chart

The chart below shows a hypothetical schedule.  This schedule would allow for completion of the Notice Plan approximately 35-40 days before the claim filing deadline.  The website will remain operational beyond the flowchart shown, until requested to be terminated.

| Notice Tactic | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 |
|---|---|---|---|---|---|---|
| Issue Informational Release | ■ | | | | | |
| Individual Notice Mailing | ■ | ■ | ■ | | | |
| Local Newspapers | | | ■ | | | |
| Local Television* | | | ■ | ■ | ■ | ■ |
| Local Radio | | | ■ | ■ | ■ | |
| Internet Banner Notices | | ■ | ■ | ■ | ■ | |
| National Consumer Publications | | | ■ | | | |
| Trade, Business, Specialty Publications | | | ■ | | | |
| Non-English Language Publications | | | ■ | ■ | ■ | |
| Case Website | ■ | ■ | ■ | ■ | ■ | ■ |
| Sponsored Search | ■ | ■ | ■ | ■ | ■ | ■ |

*Television placements will substantially occur over a 3-week period with the 4th week reserved for "make-goods" and remaining inventory.

Note:  Print media blocks show when readers first receive publications (the on-sale date).  Media selections are subject to change by addition, deletion, or substitution at the time of placement.  Appearance dates may vary within the notice period, based on availability at the time of placement.

© 2015 Hilsoft Notifications

# 4. Target Audience

*The demographics of the class, including, but not limited to, those most likely to be class members.*

The Economic and Property Damage Settlement has specific geographic boundaries. The majority of the Class will be located within a limited geographic area in the Gulf Coast Areas (Louisiana, Mississippi and Alabama and portions of Texas and Florida) and the primary efforts of the Claim Deadline Notice Plan will be focused there. Data on Adults living in the Gulf Coast Areas was reviewed and updated to confirm the key demographic groups used to guide local media selection.

Additionally, because the Class definition encompasses people across all demographic audiences who could reside anywhere in the United States, the Plan again includes a significant component designed to reach Adults 18+ across the country.

According to MRI, demographic highlights of Adults 18+ in the Gulf Coast Areas include the following:

- 87.8% are over the age of 25
- 72.3% are white
- 15.1% are African-American
- 66.8% own a home
- 69.2% reside in county size A or B[1]
- 18.9% own a home valued at less than $100,000
- 54.7% are married
- 15.7% did not graduate high school
- 51.3% lived at their residence five or more years
- 44.5% have a household income of $60,000 or more
- 48.6% work full-time

---

[1] "County size A" is defined as all counties in the largest metropolitan areas which together account for 40% of U.S. households according to the 2000 Census. "County size B" is defined as all counties in the next largest set of metropolitan areas which together account for 30% of U.S. households according to the 2000 Census. No non-metropolitan counties are large enough to qualify as A of B counties.

Using MRI data we can also pinpoint certain key demographics that make up a greater percentage of Adults in the Gulf Coast Areas, relative to the general U.S. adult population.  For instance, Adults in the Gulf Coast Areas are:

- 49.9% more likely to own a home worth less than $100,000
- 23.4% more likely to be African-American
- 28.6% more likely to work in a natural resources or construction field
- 20.0% more likely to have not graduated from high school

# 5. Individual Mailed/Email Notice

*Reaches class members directly with notice by mail.*

For each name and address of a known, likely E&PD Class member in the Claim Facility database that has not previously filed a claim (either accepted or denied) or has not opted out of the Settlement, notice of the claim deadline will be provided by first class mail in a Number 10 envelope (the "Claim Deadline Mailed Notice" or "Mailed Notice"). The outside of the envelope will have an appropriate call-out advising the recipient that, "June 8, 2015 is the deadline to submit an economic or property damage claim related to the Deepwater Horizon oil spill." These records will primarily be potential E&PD Class members who were sent notice of the initial Settlement, but will also include persons who have contacted the Claim Facility subsequent to the initial notice effort either to request information about the Settlement or regarding the filing of a claim. If an email address is available, notice of the claim deadline will be sent via email (the "Claim Deadline Email Notice" or "Email Notice") as well as by mail.

Prior to mailing, all postal addresses will be updated through the National Change of Address (NCOA) database maintained by the USPS to ensure the best postage rate will be obtained and the most current address available in the NCOA database is used. If a record is returned by NCOA as invalid, the address will be updated through third-party advanced address search services and mailed as appropriate. Notices returned as undeliverable will be re-mailed to any new address available including the address provided by the postal service on returned pieces for which the automatic forwarding order has expired (but which is still during the period in which the postal service returns the piece with the address indicated) or if no forwarding address is provided, to better addresses that may be obtained through additional third-party address research. Upon successfully locating an updated address, Notice will be promptly re-mailed on an ongoing basis leading up to the claim filing deadline.

The Email Notice will be sent in addition to the Mailed Notice for known or likely Class members where both a physical address and an email address are available. Communication with Internet Service Providers (ISPs) in advance of the Email Notice will be implemented to facilitate the Email Notice process, assist in the reduction of blockings, and in an effort to get the Email Notice "white-listed" for delivery to recipient mailboxes. Prior to the Email Notice campaign commencing, ISPs scheduled to receive a high volume of emails will be sent a letter in by overnight courier informing them about the Court-approved Email Notice, and requesting their assistance and cooperation with the distribution process. Each ISP

letter will identify the Settlement and contain an overview of the Email Notice including the approximate volume of emails each ISP will receive, the subject line and content of the Email Notice, and the domain name and IP address(es) from which the Email Notices will be sent. In order to promote deliverability and prevent emails from being blocked, the Email Notices initially will be sent at lower daily volume and then increased to levels that would ensure timely completion.

To help maximize Email Notice delivery rates and minimize electronic and manual discarding, special care will be taken in formatting and distribution. The Email Notice will include substantially the same content as the Mailed Notice and will contain a link to the E&PD Settlement website. The Email Notice will be provided using an embedded HTML text format. This format will provide text that is easy to read without graphics, tables, images and other elements that would increase the likelihood that the message is blocked by ISPs and/or SPAM filters. The Email Notice will be reviewed to make sure it does not contain content or parameters that trigger SPAM filters and significantly drive down deliverability, and be run through a set of sender authentication mechanisms to evaluate the probability that the email would encounter spam filtering issues. The verification service performs checks against SPF (Sender Policy Framework), DomainKeys, DKIM (DomainKeys Identified Mail), Sender-ID, and SpamAssassin. Based upon the results of this review, the Email Notice may be updated if certain flags are triggered so that it has a higher pass rate based on all checks performed by the verification service, which in turn provides high probability for successful delivery. Additionally, all standard email protocols such as "unsubscribe" links, as well as listing the Court information and sender contact information in the email will be included, so that the Email Notice can be verified independently by the recipient.

Each Email Notice will be transmitted with a unique message identifier. If the receiving email server cannot deliver the message, a "bounce code" should be returned to the sending server along with the unique message identifier. Failed email delivery attempts will be closely monitored throughout the Email Notice distribution. Reasons emails are not delivered are often due to the email account being closed or the email address having a bad domain name (collectively referred to as "Hard Bounces"). At least three delivery attempts to complete email delivery will be made when an undeliverable notification is received for reasons such as inactive or disabled accounts, full recipient mailboxes, recipient server network or technical auto-replies, and recipient server was too busy or unable to deliver (collectively, "Soft Bounces") as these types of bounces will often result in a delivery by the third attempt.

© 2015 Hilsoft Notifications

# 6. Media Selection

*The media vehicles that will best reach class members in this particular notice program.*

In addition to the individual notice effort, a comprehensive regional and comparatively modest national multi-media effort has been selected to effectively deliver a clear message regarding the June 8, 2015 claim filing deadline. Newspapers and print publications reach older audiences. Television and radio effectively reach less-affluent audiences, and especially African-American and Spanish speaking audiences. Younger audiences will be targeted through the Internet effort. The business audience is targeted with business and trade publications. Non-English speaking audiences will be targeted with print publications in identified languages and via radio. We have reviewed the merits of all forms of media and, based on our analysis, our media selection allows:

- A large majority of Class Members to be reached by the measurable paid print, television, radio and online media alone (at least 85% of adults in the Gulf Coast Areas).

- "Noticeable" Publication Notices in leading consumer magazines, daily newspapers and other publications that will allow readers to have a written record and the ability to refer back to the Notice, pass it on to others, and easily respond via the website or toll-free number.

- High-quality Television Notices that will allow Settlement Class Members to be quickly alerted of the claim filing deadline.

- Radio Notices appearing on general interest radio stations and on African-American, Spanish language and Cajun stations in the Gulf Coast Areas.

- Publication Notice in appropriate business and trade publications targeting industries likely to have been affected by the Deepwater Horizon Incident.

- Publication Notice in appropriate foreign language publications covering major ethnic groups identified as having a presence in the Gulf Coast Areas.

- Extended reach via rotating Banner Notices on a variety of web properties.

- Appropriate national *geographic* coverage as well as comprehensive, targeted local coverage of the Gulf Coast Areas, ensuring that Settlement Class

Members are not excluded based on where they choose to live or may have moved.

- The broadest, most-inclusive *demographic* coverage, ensuring that Class Members are effectively reached through notice placements in a variety of cultural and trade publications as well as television and radio programs focusing on different target segments.

# 7. *Plan Delivery Summary*

| | |
|---|---|
| *National Consumer Publications* | *5* |
| *Gulf Coast Areas Local Newspapers* | *351* |
| *Trade Publications* | *38* |
| *Foreign Language and African-American Publications* | *53* |
| *Total Print Insertions* | *848* |
| *Local Television Adult GRP's per Market* | *≈225* |
| *Total Radio Adult GRP's per Market* | *≈150* |
| *Internet Banner Impressions* | *≈90.2 million* |
| *Avg. Frequency of Exposure – National* | *1.6 times* |
| *Estimated Net % Reached – Local Plan* | *≈85%* |
| *Avg. Frequency of Exposure – Local* | *≈7.0 times* |

*Source: 2014 MRI Doublebase Study, Alliance for Audited Media ("AAM"), formerly ABC and publication circulation statements.*
*\*Total exposures to notice among all those exposed, including repeat exposures.*

# 8. Net Reach

*Total different persons who open or read a publication containing a notice.*

We employ industry-standard computer software, which uses the latest readership data to factor out the duplicate persons reached by the different and overlapping audiences on a notice schedule to yield total net persons reached. The proposed measurable print and television, radio and online efforts are estimated to reach:

| Target | % Reached, Net of Duplication |
|---|---|
| *Adults in the Gulf Coast Areas aged 18+* | ≈85% |

Source: *2014 MRI Doublebase Study, Nielson, Nielsen Audio (formerly Arbitron) and comScore.*

Reach will most certainly be further enhanced by the Individual Mailed Notice effort, notice placements in trade, business and specialty publications, African-American publications, Vietnamese and Spanish language publications, and the case website.

The audience data used to determine these results are the same data used by media professionals to guide the billions of dollars of advertising we see today. The statistics and sources we cite are uniformly relied upon in our field: Alliance for Audited Media ("AAM"), (formerly Audit Bureau of Circulations ("ABC")) data has been relied upon since 1914;[3] Nielsen[4] and Nielsen Audio[5] (formerly Arbitron Inc.) have been relied on since 1950; as well as more recently, comScore.[6] Today,

---

[3] Established in 1914 as the Audit Bureau of Circulations ("ABC"), and rebranded as Alliance for Audited Media ("AAM") in 2012, AAM is a non-profit cooperative formed by media, advertisers, and advertising agencies to audit the paid circulation statements of magazines and newspapers. AAM is the leading third party auditing organization in the U.S. It is the industry's leading, neutral source for documentation on the actual distribution of newspapers, magazines, and other publications. Widely accepted throughout the industry, it certifies thousands of printed publications as well as emerging digital editions read via tablet subscriptions. Its publication audits are conducted in accordance with rules established by its Board of Directors. These rules govern not only how audits are conducted, but also how publishers report their circulation figures. AAM's Board of Directors is comprised of representatives from the publishing and advertising communities.

[4] Nielsen ratings are the audience measurement systems developed by the Nielsen Company to determine the audience size and composition of television programming in the United States. Since first debuting in 1950, Nielsen's methodology has become the primary source of audience measurement information in the television industry around the world, including "time-shifted" viewing via television recording devices.

[5] Nielsen Audio (formerly Arbitron Inc., which was acquired by the Nielsen Company and re-branded Nielsen Audio), is an international media and marketing research firm providing radio media data to companies in the media industry, including radio, television, online and out-of-home; the mobile industry as well as advertising agencies and advertisers around the world.

[6] comScore, Inc. is a global leader in measuring the digital world and a preferred source of digital marketing

© 2015 Hilsoft Notifications

90-100% of media directors use reach and frequency planning;[7] all of the leading advertising and communications textbooks cite the need to use reach and frequency planning;[8] and at least 15,000 media professionals in 85 different countries use media planning software.[9]

---

intelligence. In an independent survey of 800 of the most influential publishers, advertising agencies and advertisers conducted by William Blair & Company in January 2009, comScore was rated the "most preferred online audience measurement service" by 50% of respondents, a full 25 points ahead of its nearest competitor.

[7] *See generally* Peter B. Turk, *Effective Frequency Report: Its Use And Evaluation By Major Agency Media Department Executives*, 28 J. ADVERTISING RES. 56 (1988); Peggy J. Kreshel et al., *How Leading Advertising Agencies Perceive Effective Reach and Frequency*, 14 J.ADVERTISING 32 (1985).

[8] Textbook sources that have identified the need for reach and frequency for years include: JACK S. SISSORS & JIM SURMANEK, ADVERTISING MEDIA PLANNING, 57-72 (2d ed. 1982); KENT M. LANCASTER & HELEN E. KATZ, STRATEGIC MEDIA PLANNING 120-156 (1989); DONALD W. JUGENHEIMER & PETER B. TURK, ADVERTISING MEDIA 123-126 (1980); JACK Z. SISSORS & LINCOLN BUMBA, ADVERTISING MEDIA PLANNING 93-122 (4th ed. 1993); JIM SURMANEK, INTRODUCTION TO ADVERTISING MEDIA: RESEARCH, PLANNING, AND BUYING 106-187 (1993).

[9] For example, Telmar is the world's leading supplier of media planning software and support services. Over 3,000 users in 25 countries, including 95% of the world's top agencies, use Telmar systems for media and marketing planning tools including reach and frequency planning functions. Established in 1968, Telmar was the first company to provide media planning systems on a syndicated basis.

© 2015 Hilsoft Notifications

# 9. *Average Frequency of Exposure*

*Average number of times that each different person reached will have an opportunity to view a vehicle containing a notice placement.*

This Notice Plan is intended to provide Class Members with the best practicable opportunity to be informed of the claim deadline and their right to file a claim. A by-product of the media vehicles necessary for a broad net reach is multiple exposures to notice from overlapping audience coverage.

This Notice Plan relies upon modern-style, audience-documented media coverage as reported herein, and provides a higher frequency of exposure than would a direct mail notice program that sends one notice, one time, to a class member.[10] The average frequency of exposure resulting from the proposed Notice Program is as follows:

| Target | Average Frequency of Exposure |
|---|---|
| *Adults in the Gulf aged 18+* | *8.0* |

Source: *2014 MRI Doublebase Study.*

The frequency of exposure will be further enhanced by the Individual Mailed Notice effort, notice placements in trade, business and specialty publications, African-American publications, Vietnamese and Spanish language publications and case website.

---

[10] The reach achievable through direct mail notice programs varies widely depending on the accuracy and comprehensiveness of class member mailing lists.

© *2015 Hilsoft Notifications*

# 10. Geographic Coverage

*Ensuring that class members are not excluded simply because of where they live.*

The notice effort places a specific focus on the states of Louisiana, Mississippi and Alabama and the enumerated counties in Texas and Florida. It also includes appropriate nationwide elements to reach Class Members who may no longer live in the Gulf Region. Selections of local media markets were informed by these boundaries, with local media coverage extending beyond the actual borders where appropriate.

- The consumer publications have distribution and/or subscribers throughout the U.S., as supported by the detailed AAM statements for each publication.

- The television and radio airings will result in the overall schedule being available to Class Members in Louisiana, Mississippi, Alabama and portions of Texas and Florida.

- Notice placements in local newspapers targeting the Gulf Coast Areas with targeted coverage to Settlement Class Members residing in affected "Zones". Additionally, the recommended consumer publications offer spill-over circulation into these areas.

- Notice placements in trade, business and specialty publications extend reach to targeted industries throughout the Gulf Coast Areas and the entire U.S.

- The Internet Banner Notices and case website allow access to the Notice regardless of geography.

Accordingly, the Notice is designed to reach Class Members regardless of where they choose to live.

# *11. Nationwide Publication Plan*

*The national newspapers and consumer publications in which the notice will appear.*

The Notice Plan includes notice placements in five leading weekly and monthly publications. Notice will appear once in *People, Essence, People en Espanol, Sports Illustrated,* and *Southern Living,* for a total of five insertions. The selected publications cover all demographic groups, specifically targeting a men's and a women's publication, a national magazine that has much of its readership in the South, a magazine aimed at Spanish-speaking readers and a publication specifically targeting the African-American community. The ad units proposed are significantly smaller than those used in the initial notice effort, owing to the shorter notice text proposed for notice of the claim deadline.

Further, though each of these publications has a nationwide circulation, each also has significant readership in the Gulf Coast Areas. Using them allows for both a moderate, nationwide distribution of the Claim Reminder Notice and significantly contributes to the reach to likely Class Members in the Gulf.

| Publication | Issuance | Notice Size | # of Insertions |
|---|---|---|---|
| *Essence* | *Monthly* | *2/3 Page* | *1* |
| *People* | *Weekly* | *2/3 Page* | *1* |
| *People en Espanol* | *10x/year* | *2/3 Page* | *1* |
| *Southern Living* | *Monthly* | *2/3 Page* | *1* |
| *Sports Illustrated* | *Weekly* | *2/3 Page* | *1* |
| *TOTAL* | | | *5* |

# 12. Nationwide Publication Details

*A summary of facts on the consumer publications in which the notice will appear.*

| Publication | Facts |
|---|---|
| **People** | • Weekly entertainment magazine featuring celebrity news, biographies, and gossip.<br>• Readership ranks 2nd among Adults 18+<br>• Provides a large number of pass along readers.<br>• Planned notice size: 2/3 Page<br>• Planned insertions: 1x |
| **Sports Illustrated** | • Weekly sports magazine covering sports news, photos, scores, columns and expert analysis.<br>• Planned notice size: 2/3 Page<br>• Planned insertions: 1x |
| **Southern Living** | • Monthly magazine covering Southern culture, recipes, travel and events.<br>• Planned notice size: 2/3 Page<br>• Planned insertions: 1x |
| **Essence** | • Monthly magazine covering African-American culture, arts, health, travel, love and lifestyle.<br>• Planned notice size: 2/3 Page<br>• Planned insertions: 1x |
| **People en Espanol** | • 10x/year entertainment magazine featuring celebrity news, biographies, and gossip in Spanish.<br>• Planned notice size:  2/3 Page<br>• Planned insertions: 1x |

# 13. Nationwide Publication Coverage

*The size of the audience as a percent of the demographic base (reach).*

The selected publications include two of the top ten in the country, as well as publications that extend reach among various demographic segments.

| Publication | Coverage among U.S. Adults | Coverage Rank |
|---|---|---|
| People | 18.15% | 2nd |
| Sports Illustrated | 8.22% | 9th |
| Southern Living | 6.65% | 16th |
| Essence | 3.15% | 53rd |
| People en Espanol | 2.96% | 61st |

Source:  2014 MRI Doublebase Study.
Read As:  An insertion in People reaches 18.15% of Adults 18+.

# 14. Nationwide Publication Circulation

*Total number of copies sold through all channels (subscription, newsstand)*

The selected publications include some of the largest circulating publications in the country.  Combined, they provide a total circulation of over 10.8 million.

| Publication | Total Circulation |
|---|---|
| People | 3,425,000 |
| Sports Illustrated | 3,000,000 |
| Southern Living | 2,800,000 |
| Essence | 1,050,000 |
| People en Espanol | 540,000 |
| TOTAL | 10,815,000 |

*Source:  AAM audit and publisher's statements.*

# 15. Publication Secondary Reader Data

*Secondary or 'pass-along' readers of a publication.*

Based on MRI readership data, we know that more readers than just those who purchase or otherwise receive circulated issues actually open or read the publication. Many secondary readers see the Notice away from home: for example, at a subscriber's house; at a doctor's office; in an airport; on an airplane; in the reception area of a company; passed around by co-workers at the place of employment; etc. Exposure in a different environment can increase attentiveness and response potential. It is also beneficial that readership tends to build over a period of time following the publication date. This is evidence that issues can be referred to at any time, thereby providing readers with a longer, sustained opportunity to be exposed to the Notice.

The following calculations set forth the average number of readers-per-copy of each of the selected publications:

| Publication | Readers Per Copy |
|---|---|
| People en Espanol | 12.91 |
| People | 12.47 |
| Essence | 7.06 |
| Sports Illustrated | 6.45 |
| Southern Living | 5.60 |

*Source: 2014 MRI Doublebase Study audience numbers and AAM statements.*

# 16. Nationwide Publication Audience Data

*Total different persons opening or reading a publication.*

The following outlines the total Adult audience (readership) for **one insertion** in each of the selected publications. The total audience is based on actual MRI in-depth interview data that tell us how many persons "Opened or Read" a publication.

| Publication | Insertions | Adult Impressions (Readership x insertions) |
|---|---|---|
| People | 1 | 42,726,000 |
| Sports Illustrated | 1 | 19,344,000 |
| Southern Living | 1 | 15,666,000 |
| Essence | 1 | 7,412,000 |
| People en Espanol | 1 | 6,969,000 |
| **Total** | **5** | **92,117,000** |

*Source: 2014 MRI Doublebase Study.*

© 2015 Hilsoft Notifications

# *17. Trade, Business and Specialty Publications*

*The trade and business publications in which the notice will appear.*

The Notice will appear once in 38 publications targeted to the industries and activities most likely to have been directly affected by the Deepwater Horizon event. The Selected publications, which include the national edition of the *Wall Street Journal*, have a combined circulation of over 5.9 million. In the initial notice effort, several seafood-specific trade publications were used. Those have been removed here. The following provides circulation data for the selected Trade, Business and Specialty publications:

| Publication | Distribution | Frequency | # of Insertions | Circulation |
|---|---|---|---|---|
| Bass Master | National | 10x/year | 1 | 500,000 |
| Birmingham Business Journal | Birmingham | Weekly | 1 | 6,895 |
| City Life | Shreveport | Weekly | 1 | 12,000 |
| Conde Nast Traveler | National | Monthly | 1 | 813,747 |
| Florida Sportsman | National | Monthly | 1 | 80,000 |
| GAFF | National | Bi-monthly | 1 | 510,000 |
| Game and Fish | National | Monthly | 1 | 410,000 |
| Gulfcoast Business Review | SW Florida | Weekly | 1 | 90,000 |
| Gulfshore Business | Southwest Florida | Monthly | 1 | 9,000 |
| Houston Business Journal | Houston | Weekly | 1 | 17,472 |
| Louisiana Life | Louisiana | Bi-monthly | 1 | 35,000 |
| Louisiana Sportsman | Louisiana | Monthly | 1 | 31,464 |
| Marina Dock Age | National | 8x yearly | 1 | 17,000 |
| Marine Log | Global | Monthly | 1 | 30,000 |
| Maritime Executive | Global | bi-monthly | 1 | 22,172 |
| Mississippi Business Journal | Jackson | Weekly | 1 | 10,000 |
| Mississippi Sportsman | Mississippi | Monthly | 1 | 10,215 |
| National Fisherman | National | Monthly | 1 | 28,409 |
| New Orleans CityBusiness | New Orleans | Thursday | 1 | 5,100 |
| New Orleans Magazine | New Orleans | Monthly | 1 | 31,715 |
| Offbeat | Louisiana | Monthly | 1 | 50,000 |
| Offshore | Global | Monthly | 1 | 48,000 |
| Oil and Gas Journal | National | Monthly | 1 | 100,000 |
| Recommend Magazine | National | Monthly | 1 | 48,000 |
| Saltwater Sportsman | National | 10x/year | 1 | 125000 |
| Shelby Sunbelt Food Service | Southern States | Monthly | 1 | 30,117 |
| South Florida Business Journal | Miami | Weekly | 1 | 9,625 |
| Sport Fishing | National | 9x/year | 1 | 80000 |
| Tampa Bay Business Journal | Tampa | Weekly | 1 | 9,720 |
| Texas Monthly | National | Monthly | 1 | 301,704 |
| Texas Saltwater Fishing | Texas | Monthly | 1 | 40,000 |

© 2015 Hilsoft Notifications

| The Forum News | Shreveport | Bi-weekly | 1 | 23,000 |
|---|---|---|---|---|
| The Shelby Report of the Southeast | SE | Monthly | 1 | 14,570 |
| The Shelby Report of the Southwest | SW | Monthly | 1 | 14,169 |
| Travel Agent Magazine | Global | Bi-weekly | 1 | 50,000 |
| Travel Weekly | National | Weekly | 1 | 37,422 |
| Vacation Agent Magazine | National | Monthly | 1 | 26,763 |
| Wall Street Journal | National | Daily | 1 | 2,276,207 |
| **Total** | | | **38** | **5,954,486** |

# 18. Local Newspapers

*The newspapers in the Gulf Coast Areas in which the notice will appear.*

The Notice Plan includes daily and weekly newspapers covering each of the Designated Marketing Areas ("DMAs") in which the largest population center within each respective DMA is part of the defined Gulf Coast Areas. DMAs represent a geographic area defined by Nielsen, a global media research company as a group of counties/parishes that make up a particular television market.

According to the Settlement, the "Gulf Coast Areas" include the States of Louisiana, Mississippi, and Alabama; the counties of Chambers, Galveston, Jefferson and Orange in the State of Texas; and the counties of Bay, Calhoun, Charlotte, Citrus, Collier, Dixie, Escambia, Franklin, Gadsden, Gulf, Hernando, Hillsborough, Holmes, Jackson, Jefferson, Lee, Leon, Levy, Liberty, Manatee, Monroe, Okaloosa, Pasco, Pinellas, Santa Rosa, Sarasota, Taylor, Wakulla, Walton, Washington in the State of Florida.

These 28 individual DMAs have been used to establish the geographic scope for the local portion of the media plan. They are as follows:

- Alexandria, LA
- Baton Rouge
- Beaumont-Port Arthur
- Biloxi-Gulfport
- Birmingham (Anniston and Tuscaloosa)
- Columbus-Tupelo-West Point
- Columbus, GA
- Dothan
- Ft. Myers-Naples

- Gainesville
- Greenwood-Greenville
- Hattiesburg-Laurel
- Houston
- Huntsville-Decatur (FL)
- Jackson, MS
- Lafayette, LA
- Lake Charles
- Memphis
- Meridian
- Miami-Ft. Lauderdale

- Mobile-Pensacola-Ft. Walton
- Monroe-El Dorado
- Montgomery-Selma
- New Orleans
- Panama City
- Shreveport
- Tallahassee-Thomasville
- Tampa-St. Petersburg-Sarasota

For the Local Newspaper Notice, these 28 DMAs ringing the Gulf Coast Areas will be covered by a total of 334 individual, local newspapers.

© 2015 Hilsoft Notifications

The Notice will run in an additional 17 newspapers in the Memphis (12), Atlanta (1) and Columbus (4) DMAs.  These three DMA's lie predominately outside the Class geography, but do have small areas carved into the states of Mississippi (Memphis DMA) and Alabama (Atlanta and Columbus DMA's).  It is these small areas that are covered by the 17 additional newspapers.  Including these insertions, the Local Newspaper Notice will run in a total of 351 individual newspapers.

The Notice will appear two times as a half-page ad unit in each newspaper—once on Sunday and once on a weekday in daily newspapers and over two successive weeks in weekly newspapers, for a total of 702 insertions.   The selected newspapers have a combined circulation of over 5.4 million.

The list of selected local newspapers is included as **Attachment 2**.

# 19. African-American, Vietnamese and Spanish Language Publications

In order to target certain communities affected by the Deepwater Horizon Event in mediums culturally appropriate to them, the Claim Deadline Notice will appear as a half or full page ad unit twice in selected daily and weekly publications and once in selected monthly publications covering the African-American, Vietnamese and Spanish language populations in the Gulf Coast Areas. The Notice will be translated into Vietnamese and Spanish where appropriate. The 53 selected publications have a combined circulation of over 2.3 million. The following provides circulation data for the African-American publications and the Vietnamese and Spanish language publications:

| Publication | Distribution | Language | # of Insertions | Circulation |
|---|---|---|---|---|
| African American News & Issues | Houston | English | 2 | 300,000 |
| Alexandria News Weekly | Alexandria | English | 2 | 5,000 |
| Baton Rouge Weekly Press | Baton Rouge | English | 2 | 7,500 |
| Birmingham Times | Birmingham/ Anniston/Tuscaloosa | English | 2 | 16,500 |
| Centro Tampa | Tampa/St. Petersburg | Spanish | 2 | 41,510 |
| Data News Weekly | New Orleans | English | 2 | 19,955 |
| Diario Las Americas | Miami/Ft. Lauderdale | Spanish | 2 | 33,665 |
| El Nuevo Herald | Miami/Ft. Lauderdale | Spanish | 2 | 68,656 |
| El Perico | Beaumont/Port Arthur | Spanish | 2 | 25,000 |
| El Sentinel (Ft. Lauderdale/Miami) | Miami/Ft. Lauderdale | Spanish | 2 | 142,500 |
| El Sol | Houston | Spanish | 2 | 60,000 |
| El Sol De La Florida | Miami/Ft. Lauderdale | Spanish | 1 | 65,000 |
| El Tiempo New Orleans | New Orleans | Bilingual | 1 | 20,000 |
| Florida Courier (S. FL) | Miami/Ft. Lauderdale | English | 2 | 60,000 |
| Florida Sentinel Bulletin | Tampa/St. Petersburg | English | 2 | 25,000 |
| Forward Times | Houston | English | 2 | 64,580 |
| Hispanic Newspaper Network - Combo | Texas - See Below | Bilingual | See Below | 171,515 |
| Brownsville | Brownsville, TX | Spanish | 2 | incl above |
| Harlingen | Harlingen, TX | Spanish | 2 | incl above |
| McAllen | McAllen, TX | Spanish | 2 | incl above |
| Rio Grande Valley | Rio Grande Valley, TX | Spanish | 2 | incl above |
| Weslaco | Weslaco, TX' | Spanish | 2 | incl above |

| | | | | |
|---|---|---|---|---|
| *Houston Defender* | Houston | English | 2 | 21,399 |
| *Jackson Advocate* | Jackson, MS | English | 2 | 8,000 |
| *Jambalaya News* | New Orleans | Bilingual | 2 | 17,000 |
| *La Gaceta* | Tampa/St. Petersburg | Bilingual | 2 | 18,000 |
| *La Informacion* | Houston | Spanish | 2 | 100,000 |
| *La Noticia de Mississippi* | Jackson, MS | Spanish | 2 | 5,000 |
| *La Prensa de Houston* | Houston | Spanish | 2 | 96,500 |
| *La Subasta Houston* | Houston | Spanish | 2 | 120,685 |
| *La Voz De Houston* | Houston | Spanish | 2 | 240,000 |
| *Latino News* | Birmingham/ Anniston/Tuscaloosa | Spanish | 2 | 12,000 |
| *Louisiana Weekly* | New Orleans | English | 2 | 6,500 |
| *Miami Times* | Miami/Ft. Lauderdale | English | 2 | 29,000 |
| *Mississippi Link* | Jackson, MS | English | 2 | 16,404 |
| *Monroe Dispatch* | Monroe/El Dorado | English | 2 | 12,000 |
| *Monroe Free Press* | Monroe/El Dorado | English | 2 | 15,000 |
| *Montgomery-Tuskegee Times* | Montgomery/Selma | English | 2 | 5,000 |
| *New Orleans Tribune* | New Orleans | English | 1 | 20,000 |
| *Nuevos Ecos* | Ft. Myers/Naples | Spanish | 2 | 5,000 |
| *Pensacola Voice* | Mobile/Pensacola/ Ft. Walton Beach | English | 2 | 35,000 |
| *Que Onda! (Houston Edition)* | Houston | Bilingual | 2 | 30,000 |
| *Rolling Out Miami* | Miami/Ft. Lauderdale | English | 2 | 65,928 |
| *Saigon Nho* | New Orleans | Vietnamese | 2 | 15,000 |
| *Semana* | Houston | Spanish | 2 | 145,000 |
| *Shreveport Sun* | Shreveport | English | 2 | 4,900 |
| *Siete Dias (7 Dias)* | Tampa/St. Petersburg | Spanish | 2 | 22,000 |
| *South Florida Times* | Miami/Ft. Lauderdale | English | 2 | 26,000 |
| *Thuong Mai* | Houston | Vietnamese | 2 | 42,000 |
| *Thuong Mai Weekender* | Houston | Vietnamese | 2 | 37,000 |
| *Viet Bao Weekly - Houston Edition* | Houston | Vietnamese | 2 | 25,000 |
| *Vietnam Moi News* | Houston | Vietnamese | 2 | 20,000 |
| *Weekly Challenger* | Tampa/St. Petersburg | English | 2 | 10,000 |
| *Westside Gazette* | Miami/Ft. Lauderdale | English | 2 | 30,000 |
| **Total** | | | **103** | **2,381,697** |

© 2015 Hilsoft Notifications

# 20. Local Television

Mainstream television is a high-reach medium providing exposure to affected people regardless of where they reside (i.e. rural areas, urban areas, etc.).

30-second units will appear on local broadcast and cable television as appropriate in the 26 DMAs identified in section 19. It is estimated that the local television Notice will generate approximately 225 "GRPs" per Market. GRP is a term used in advertising to measure the size of an audience reached by a specific media vehicle or schedule. It is the product of the percentage of the target audience reached by an advertisement times the frequency they see it in a given campaign. For example, a TV advertisement that is aired 5 times reaching 50% of the target audience, it would have 250 GRPs (GRP = 5 × 50%).

# 21. TV Dayparts/Programming

*The periods of the day and programs on which the television notice will air.*

Utilizing several dayparts increases the Notice Plan's ability to reach persons with different viewing habits. Daypart mixes and programming selections may change at the time the buy is authorized, based on negotiations and availabilities.

### Early Morning
- Morning news programming provides an ideal environment for notification messages.
- Loyal audience builds frequency among those reached.
- Programming considered includes *Good Morning America*, *The Today Show*, *CBS Early Show* and *Local News*.

### Daytime
- Extends reach among homemakers, retirees, or unemployed Class Members.
- Loyal audience builds frequency among those reached.
- Programming considered includes daytime dramas, game shows and/or talk shows.

### Syndicated (Prime Access/Early Fringe)
- Extends reach especially among those with varied viewing schedules.
- Programming may include shows like *The People's Court, Judge Mathias, Judge Judy, Ellen DeGeneres Show, Jeopardy, Wheel of Fortune.*

### Early News
- Non-opinionated journalism provides an ideal environment for notification programs.
- Provides broad reach among Class Members.
- Programming considered includes *CBS Evening News*, *ABC World News*, *NBC Nightly News with Brian Williams* and *Local News*.

### Prime
- Provides rapid audience awareness and accumulation.
- Daypart with highest rated programming and viewership.

### Late Night
- Loyal audience builds frequency among those reached.
- Programming considered includes *The Tonight Show with Jimmy Fallon.*

# 22. TV Rating Points (GRP's)

*One rating point equals one percent of the targeted population. This may include the same person reached more than once, so ratings can and often do exceed 100.*

Approximately 225 Gross Rating Points will substantially run over a three-week period in Gulf Coast markets matching the DMA's covered in the Local Newspaper plan. Ads are to air on the top three local stations per market and on the top six cable networks per market. Cable networks may include: CNN, Fox News, Discovery, USA, History, TBS and The Weather Channel.

Daypart allocation may change at the time the buy is authorized, based on negotiations and availabilities.

# 23. *Local Radio Programming*

Local radio is a high-frequency medium providing exposure to affected people regardless of where they reside (i.e. rural areas, urban areas, etc.).

30-second units will appear over a two-week schedule on selected radio stations in the 26 DMAs identified in section 19. It is estimated that the local Radio Notice will generate approximately 150 "GRPs" per Market.

Additionally, the Radio Notice will be placed on appropriate African-American and Spanish language stations. We estimate that 1,900 spots will run on African-American stations. An additional 1,050 spots will run on Spanish language stations in areas of the Gulf Coast with high concentrations of Spanish speaking adults. The Spanish language Radio Notice will be recorded as a 60-second spot to accommodate the translation.

A radio buy will also be executed, targeted toward the Cajun population in Southern Louisiana. Approximately 200 spots will run over a 2-week period on local stations, including: KLEB-AM and KANE-AM. The spot will be voiced in a Cajun dialect.

The Local Radio Notice to Hispanic, African-American and Cajun populations is not calculated into the overall measured reach and frequency of the Notice Plan.

# 24. Internet Banner Notices

*National and local banner notices that will appear on web properties.*

Digital 728 x 90 and 300 x 250 banners will be placed on the following national online networks:

- Yahoo! Ad Network,
- MSN,
- AOL Email,
- Weather.com, and
- Xaxis Ad Network (formerly 24/7 Real Media)
- Conversant Ad Network

Where available, banners will also be placed on the websites of the selected trade and specialty publications included in the print publication plan.

Banner notices will run across 31 days and combined, approximately 90.2 million adult impressions will be generated by these banner notices over a one month period. Clicking on the banner will jump the searcher to the case website where they can obtain information about the settlement.

# 25. Placing Notices to be Highly Visible

*Inserting notices in spots within the media that will help gain class members' attention.*

All placements are not equal. Extra care can and will be taken to place Notices in positions that will generate "noticeability" among Class Members.

In nationwide print, the Notice will predominantly run as a 2/3 page ad unit. Notice will be placed in certain sections of publications to help ensure that over the course of the media schedule, the greatest practicable number of Class Members will see the Notice. In the local newspapers, the Notice will appear as a half-page ad unit.

## Claim Deadline Notice Design

The Summary Publication Notice will feature a prominent headline to alert potential Class Members that they may be affected by the upcoming claim filing deadline. The toll-free number and website address for the Settlement will be featured prominently along the bottom of the Notice.

In television, planned spots may be pre-empted;[11] however, "makegoods" will be sought in acceptable programs. A post-buy analysis will assure that GRP levels are achieved. Efforts will be made to enhance the television reach and frequency by taking advantage of last minute market conditions at the time the buy is placed. This may include varying from the daypart mix or activity weeks in order to capitalize on the most efficient availabilities, or programs expected to be highly rated.

---

[11] TV spot airtimes may change depending on other commercials a network has scheduled, but the network will "make good" on its contract by airing spots with comparable audience delivery.

© 2015 Hilsoft Notifications

# 26. Informational Release

*Seeking non-paid (and other) exposure of court-approved notice information mainly by way of news articles.*

A party-neutral, Court-approved informational release will be issued to approximately 4,200 print and broadcast and 5,500 online press outlets throughout the United States. A news release serves a potentially valuable role, providing additional notice exposure beyond that which will be provided through paid media. There is no guarantee that any news stories will result, but if they do, Class Members will have additional opportunities to learn that the claim filing deadline has been established and is approaching in credible news media, adding to their understanding. The release will include the toll-free number and website address.

A list of press outlets receiving the informational release is available upon request. The informational release itself is part of the notice documents included as **Attachment 3**.

# 27. Case Website

*Delivery of notice via Internet and online services.*

A neutral, informational, notice website with an easy to remember domain name www.DeepWaterHorizonSettlements.com was established for the Settlement as a way for potential Settlement Class Members to obtain additional information and documents regarding the Settlement.

The case notice website address will be prominently displayed in all printed notices, and appear in all broadcast media.  The Banner Notices will link directly to the website.

Visitors to the case notice website are able to easily link to the claims administration website for the Economic and Property Damage Settlement via prominent buttons on the notice website homepage (one reading "Economic and Property Damage Claims").  Claim Forms and other information specific to the Economic and Property Damage Settlement are available on the website.

The claims administrator claims filing website includes an interactive map of the Gulf Coast where visitors can input their property or residency address or select a geographic location to assist them in determining if the address falls into one or more of the defined Settlement "Zones."

# 28. Sponsored Search Listings

To facilitate locating the case website, sponsored search listings will continue to be acquired on the three most highly-visited Internet search engines: Google, Yahoo! and Bing. The search listing ad text will be revised to include language regarding the claim filing deadline. Specifically, phrases such as "Filing Deadline" and "Final Deadline" will be added to existing keywords. When search engine visitors search on common keyword combinations such as "Deepwater Horizon" or "BP Settlement," the sponsored search listing will display either at the top of the page prior to the search results or in the upper right hand column.

# *29. Notice Design Strategy*

The Notice has been designed to motivate Settlement Class Members to view and understand the message and carry a clear message announcing the claim filing deadline. The strategic approach to content and design is entirely consistent with the illustrative "model" notices developed by the Federal Judicial Center ("FJC").

## *Claim Deadline Notice Design Elements:*

- *Bold headline captures attention.* The headline immediately alerts even casual readers who may be potential Settlement Class Members that they should read the Notice and why it is important. It speaks directly to the Class Member.

- *Notice size promotes attention.* The Notice is either a half-page unit in the local newspapers or a 2/3 page unit in most print publications to promote readership.

- *Notice design alerts readers to the legal significance, lending credibility.* The Notice design ensures that readers know that the communication carries legitimate, important information, not commercial advertising. The Notice clearly states that the claim filing deadline is June 8, 2015.

- *Plain language enhances comprehension.* The Notice concisely and clearly states the information in plain, easily understandable language so that Class Members can comprehend the Notice effectively.

- *Comprehensive content reminds readers about the Settlement and the Class.* In addition to prominently featuring the claim deadline, information about Class membership and the Settlement benefits will be included to help readers determine if they are part of the Class.

- *Toll-free number and website invite response.* The Notice invites response by providing simple, convenient mechanisms, such as the toll-free number and website for Settlement Class Members to obtain additional information, if desired.

- *Translations allow participation across speakers of key languages.* The Claim Deadline Notice will be translated into Vietnamese and Spanish for placement in the appropriate Vietnamese and Spanish language newspapers. The Claim Deadline Notice will include tag lines in Spanish and Vietnamese telling

potential Class Members that the Notice is available in each language on the website or by calling the toll-free number.

## *Television and Radio Notice Design Elements:*

- *Designed to stand apart from ads.* Because they are designed to look and sound different from commercials selling products, viewers and listeners understand its significance and take notice.

- *Key words and concepts are depicted on screen.* The principles of communication dictate visual and verbal repetition of key concepts presented.

- *Convenient response-oriented approach is provided.* In the TV Notice, the website and toll-free number are spoken and shown on the screen long enough to allow Class Members to write them down or remember them. The Radio Notice will repeat the toll-free number and website if time permits.

- *Simple information allows sufficient understanding.* Although concise, the purpose of the Notice is served by delivering the substance of the message (that the claim filing deadline is June 8, 2015) and prompting a response to get more information.

.

# 30. Draft Forms of Notice

All notice documents have been drafted by Hilsoft in cooperation with the parties and subject to the approval of the Court. These documents include:

- The **Publication Notice** as it will appear in magazines and newspapers identified in the Notice Plan.

- The **Claim Deadline Mailed Notice** that will be mailed to all known potential Settlement Class Members as well as made available at the website. Also provided is the envelope design with the printed call-out.

- The **Claim Deadline Email Notice** that will be emailed to all known potential Settlement Class Members for whom an email is available.

- The **Television and Radio Notice Script** that will be produced as a 30-second television unit and aired as a paid local spot and as a 30-second radio spot (60-second when translated into Spanish) and aired as a paid local spot.

- The **Internet Banner Notices** that will be posted on a variety of web properties.

- The **Informational Release** that will be issued to national and local press outlets.

Notice drafts are included as **Attachment 3** and foreign language translations will be provided in conjunction with our final report.

# Attachment 1

# ┠ ┠ILSOFT
# NOTIFICATIONS

Hilsoft Notifications is a leading provider of legal notice services for large-scale class action and bankruptcy matters. We specialize in providing quality, expert notice plan development – designing notice programs that satisfy due process requirements and withstand judicial scrutiny. For more than 18 years, Hilsoft Notifications' notice plans have been approved and upheld by courts. Hilsoft Notifications has been retained by defendants and/or plaintiffs on more than 300 cases, including 30 MDL cases, with notices appearing in more than 53 languages and in almost every country, territory and dependency in the world. Case examples include:

➢ Landmark $6.05 billion settlement reached by Visa and MasterCard. The intensive notice program involved over 19.8 million direct mail notices to class members together with insertions in over 1,500 newspapers, consumer magazines, national business publications, trade & specialty publications, and language & ethnic targeted publications. Hilsoft also implemented an extensive online notice campaign with banner notices, which generated more than 770 million adult impressions, a case website in eight languages, and acquisition of sponsored search listings to facilitate locating the website. *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* MDL No. 1720 (E.D.N.Y.).

➢ BP's $7.8 billion settlement of claims related to the Deepwater Horizon oil spill emerged from possibly the most complex class action in U.S. history. Hilsoft Notifications drafted and opined on all forms of notice. The 2012 notice program designed by Hilsoft reached at least 95% Gulf Coast region adults via television, radio, newspapers, consumer publications, trade journals, digital media and individual notice. *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL No. 2179 (E.D. La.).

➢ Overdraft fee class actions have been brought against nearly every major U.S. commercial bank. For related settlements, Hilsoft Notifications has developed programs that integrate individual notice and paid media efforts. PNC, Citizens, TD Bank, Fifth Third, Harris Bank and M&I are among the nearly 20 banks that have retained Hilsoft. *In re: Checking Account Overdraft Litigation,* MDL No. 2036 (S.D. Fla.).

➢ Possibly the largest data breach in U.S. history with approximately 130 million credit and debit card numbers stolen. *In re Heartland Data Security Breach Litigation,* MDL No. 2046 (S.D. Tex.).

➢ Largest and most complex class action in Canadian history. Designed and implemented groundbreaking notice to disparate, remote aboriginal people in the multi-billion dollar settlement. *In re Residential Schools Class Action Litigation,* 00-CV-192059 CPA (Ont. Super. Ct.).

➢ Extensive point of sale notice program of a settlement providing payments up to $100,000 related to Chinese drywall – 100 million notices distributed to Lowe's purchasers during a six-week period. *Vereen v. Lowe's Home Centers,* SU10-CV-2267B (Ga. Super. Ct.).

➢ Largest discretionary class action notice campaign involving virtually every adult in the U.S. for the settlement. *In re Trans Union Corp. Privacy Litigation,* MDL No. 1350 (N.D. Ill.).

➢ Most complex national data theft class action settlement involving millions of class members. *Lockwood v. Certegy Check Services, Inc.,* 8:07-cv-1434-T-23TGW (M.D. Fla.).

➤ Largest combined U.S. and Canadian retail consumer security breach notice program. *In re TJX Companies, Inc., Customer Data Security Breach Litigation*, MDL No. 1838 (D. Mass.).

➤ Most comprehensive notice ever in a securities class action for the $1.1 billion settlement of *In re Royal Ahold Securities and ERISA Litigation*, MDL No. 1539 (D. Md.).

➤ Most complex worldwide notice program in history. Designed and implemented all U.S. and international media notice with 500+ publications in 40 countries and 27 languages for $1.25 billion settlement. *In re Holocaust Victims Assets*, "Swiss Banks," No. CV-96-4849 (E.D.N.Y.).

➤ Largest U.S. claim program to date. Designed and implemented a notice campaign for the $10 billion program. *Tobacco Farmer Transition Program,* (U.S. Dept. of Ag.).

➤ Multi-national claims bar date notice to asbestos personal injury claimants. Opposing notice expert's reach methodology challenge rejected by court. *In re Babcock & Wilcox Co,* No. 00-10992 (E.D. La.).

## LEGAL NOTICING EXPERTS

### Cameron Azari, Esq., Director of Legal Notice

Cameron Azari, Esq. has more than 14 years of experience in the design and implementation of legal notification and claims administration programs. He is a nationally recognized expert in the creation of class action notification campaigns in compliance with Fed R. Civ. P. 23(c)(2) (d)(2) and (e) and similar state class action statutes. Cameron has been responsible for hundreds of legal notice and advertising programs. During his career, he has been involved in an array of high profile class action matters, including *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (MasterCard & Visa)*, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, Heartland Payment Systems, In re: Checking Account Overdraft Litigation, Lowe's Home Centers, Department of Veterans Affairs (VA)*, and *In re Residential Schools Class Action Litigation*. He is an active author and speaker on a broad range of legal notice and class action topics ranging from amendments to FRCP Rule 23 to email noticing, response rates and optimizing settlement effectiveness. Cameron is an active member of the Oregon State Bar. He received his B.S. from Willamette University and his J.D. from Northwestern School of Law at Lewis and Clark College. Cameron can be reached at caza@legalnotice.com.

### Lauran Schultz, Executive Director

Lauran Schultz is responsible for overall management of Hilsoft Notifications. He consults extensively with clients on notice adequacy and innovative legal notice programs. Lauran has more than 20 years of experience as a professional in the marketing and advertising field, specializing in legal notice and class action administration for the past seven years. High profile actions he has been involved in include companies such as: BP, Bank of America, Fifth Third Bank, Symantec Corporation, Lowe's Home Centers, First Health, Apple, TJX, CNA and Carrier Corporation. Prior to joining Epiq Systems in 2005, Lauran was a Senior Vice President of Marketing at National City Bank in Cleveland, Ohio. Lauran's education includes advanced study in political science at the University of Wisconsin-Madison along with a Ford Foundation fellowship from the Social Science Research Council and American Council of Learned Societies. Lauran can be reached at lschultz@hilsoft.com.

## ARTICLES AND PRESENTATIONS

➤ **Cameron Azari** Speaker, "Pitfalls of Class Action Notice and Claims Administration." PLI's Class Action Litigation 2014 Conference, New York, NY, July 9, 2014.

➤ **Cameron Azari** Co-Author, "What You Need to Know About Frequency Capping In Online Class Action Notice Programs." *Class Action Litigation Report*, June 2014.

➤ **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, New York, NY, April 7-8, 2014 and Chicago, IL, April 28-29, 2014.

| HILSOFT | PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| NOTIFICATIONS | PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

2

➤ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements - Recent Developments." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 29-30, 2014.

➤ **Cameron Azari** Speaker, "Legal Notice in Building Products Cases." HarrisMartin's Construction Product Litigation Conference, Miami, FL, October 25, 2013.

➤ **Cameron Azari** Co-Author, "Class Action Legal Noticing: Plain Language Revisited." *Law360*, April 2013.

➤ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements Getting your Settlement Approved." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 31-February 1, 2013.

➤ **Cameron Azari** Speaker, "Perspectives from Class Action Claims Administrators: Email Notices and Response Rates." CLE International's 8th Annual Class Actions Conference, Los Angeles, CA, May 17-18, 2012.

➤ **Cameron Azari** Speaker, "Class Action Litigation Trends: A Look into New Cases, Theories of Liability & Updates on the Cases to Watch." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 26-27, 2012.

➤ **Lauran Schultz** Speaker, "Legal Notice Best Practices: Building a Workable Settlement Structure." CLE International's 7th Annual Class Action Conference, San Francisco, CA, May 2011.

➤ **Cameron Azari** Speaker, "Data Breaches Involving Consumer Financial Information: Litigation Exposures and Settlement Considerations." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 2011.

➤ **Cameron Azari** Speaker, "Notice in Consumer Class Actions: Adequacy, Efficiency and Best Practices." CLE International's 5th Annual Class Action Conference: Prosecuting and Defending Complex Litigation, San Francisco, CA, 2009.

➤ **Lauran Schultz** Speaker, "Efficiency and Adequacy Considerations in Class Action Media Notice Programs." Chicago Bar Association, Chicago, IL, 2009.

➤ **Cameron Azari** Author, "Clearing the Five Hurdles of Email - Delivery of Class Action Legal Notices." *Thomson Reuters Class Action Litigation Reporter*, June 2008.

➤ **Cameron Azari** Speaker, "Planning for a Smooth Settlement." ACI: Class Action Defense – Complex Settlement Administration for the Class Action Litigator, Phoenix, AZ, 2007.

➤ **Cameron Azari** Speaker, "Noticing and Response Rates in Class Action Settlements" – Class Action Bar Gathering, Vancouver, British Columbia, 2007.

➤ **Cameron Azari** Speaker, "Structuring a Litigation Settlement." CLE International's 3rd Annual Conference on Class Actions, Los Angeles, CA, 2007.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Skadden Arps Slate Meagher & Flom, LLP, New York, NY, 2006.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Bridgeport Continuing Legal Education, Class Action and the UCL, San Diego, CA, 2006.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stoel Rives litigation group, Portland, OR / Seattle, WA / Boise, ID / Salt Lake City, UT, 2005.

HILSOFT NOTIFICATIONS | PORTLAND AREA OFFICE / PHILADELPHIA AREA OFFICE | 10900 SW ALLEN BLVD / 1420 LOCUST ST 30 F | BEAVERTON, OR 97005 / PHILADELPHIA, PA 1910 | T 503-597-7697 / T 215-721-2120

3

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stroock & Stroock & Lavan litigation group, Los Angeles, CA, 2005.

➤ **Cameron Azari** Author, "Twice the Notice or No Settlement." Current Developments – Issue II, August 2003.

➤ **Cameron Azari** Speaker, "A Scientific Approach to Legal Notice Communication" – Weil Gotshal litigation group, New York, NY, 2003.

## JUDICIAL COMMENTS

**Judge John Gleeson, *In Re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,** (December 13, 2013) No. 1:05-cv-03800 (E.D.NY.):

> *"The Class Administrator notified class members of the terms of the proposed settlement through a mailed notice and publication campaign that included more than 20 million mailings and publication in more than 400 publications. The notice here meets the requirements of due process and notice standards... The objectors' complaints provide no reason to conclude that the purposes and requirements of a notice to a class were not met here."*

**Judge Lance M. Africk, *Evans, et al v. TIN, Inc., et al*,** (July 7, 2013) No. 2:11-cv-02067 (E.D. La.):

> *The Court finds that the dissemination of the Class Notice... as described in Notice Agent Lauran Schultz's Declaration: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances...; (c) constituted notice that was reasonable, due, adequate, and sufficient; and (d) constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.*

**Judge James B. Zagel, *Saltzman v. Pella Corporation*,** (May 24, 2013) No. 06-cv-4481 (N.D. Ill.):

> *The Class Notice and Notice Plan implemented for the Settlement Class Members were performed in a reasonable manner, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Lawsuit and the Settlement, and fully satisfied the requirements of due process and Fed. R. Civ. P. 23.*

**Judge Edward M. Chen, *Marolda v. Symantec Corporation*,** (April 5, 2013) No. 08-cv-05701 (N.D. Cal.):

> *Approximately 3.9 million notices were delivered by email to class members, but only a very small percentage objected or opted out . . . The Court . . . concludes that notice of settlement to the class was adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process. Class members received direct notice by email, and additional notice was given by publication in numerous widely circulated publications as well as in numerous targeted publications. These were the best practicable means of informing class members of their rights and of the settlement's terms.*

**Judge Ann D. Montgomery, *In Re: Zurn Pex Plumbing Products Liability Litigation*,** (February 27, 2013) No. 0:08cv01958 (D. Minn.):

> *The parties retained Hilsoft Notifications ("Hilsoft"), an experienced class-notice consultant, to design and carry out the notice plan. The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center.*
>
> *The notice plan's multi-faceted approach to providing notice to settlement class members whose identity is not known to the settling parties constitutes "the best notice [\*26] that is practicable under the circumstances" consistent with Rule 23(c)(2)(B).*

⊢ HILSOFT    PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
⊢ NOTIFICATIONS    PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

4

**Magistrate Judge Stewart, *Gessele et al. v. Jack in the Box, Inc.*,** (January 28, 2013) No. 3:10-cv-960 (D. Or.):
> Moreover, plaintiffs have submitted [a] declaration from Cameron Azari (docket #129), a nationally recognized notice expert, who attests that fashioning an effective joint notice is not unworkable or unduly confusing. Azari also provides a detailed analysis of how he would approach fashioning an effective notice in this case.

**Judge Carl J. Barbier, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (Medical Benefits Settlement),** (January 11, 2013) MDL No. 2179 (E.D. La.):
> Through August 9, 2012, 366,242 individual notices had been sent to potential [Medical Benefits] Settlement Class Members by postal mail and 56,136 individual notices had been e-mailed. Only 10,700 mailings—or 3.3%—were known to be undeliverable. (Azari Decl. ¶¶ 8, 9.) Notice was also provided through an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local newspapers (via newspaper supplements). Notice was also provided in non-measured trade, business and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The combined measurable paid print, television, radio, and Internet effort reached an estimated 95% of adults aged 18+ in the Gulf Coast region an average of 10.3 times each, and an estimated 83% of all adults in the United States aged 18+ an average of 4 times each. (Id. ¶¶ 8, 10.) All notice documents were designed to be clear, substantive, and informative. (Id. ¶ 5.)

> The Court received no objections to the scope or content of the [Medical Benefits] Notice Program. (Azari Supp. Decl. ¶ 12.) The Court finds that the Notice and Notice Plan as implemented satisfied the best notice practicable standard of Rule 23(c) and, in accordance with Rule 23(e)(1), provided notice in a reasonable manner to Class Members who would be bound by the Settlement, including individual notice to all Class Members who could be identified through reasonable effort. Likewise, the Notice and Notice Plan satisfied the requirements of Due Process. The Court also finds the Notice and Notice Plan satisfied the requirements of CAFA.

**Judge Carl J. Barbier, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (Economic and Property Damages Settlement),** (December 21, 2012) MDL No. 2179 (E.D. La.):
> The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation.

> The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.

> The Notice Program, as duly implemented, surpasses other notice programs that Hilsoft Notifications has designed and executed with court approval. The Notice Program included notification to known or potential Class Members via postal mail and e-mail; an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, and Sunday local newspapers. Notice placements also appeared in non-measured trade, business, and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The Notice Program met the objective of reaching the greatest possible number of class members and providing them with every reasonable opportunity to understand their legal rights. See Azari Decl. ¶¶ 8, 15, 68. The Notice Program was substantially completed on July 15, 2012, allowing class members adequate time to make decisions before the opt-out and objections deadlines.

> The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.

HILSOFT NOTIFICATIONS    PORTLAND AREA OFFICE 10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE 1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

5

**Judge Alonzo Harris, Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.,** (August 17, 2012) No. 12-C-1599 (27th Jud. D. Ct. La.):

> Notice given to Class Members and all other interested parties pursuant to this Court's order of April 18, 2012, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as Defined for settlement purposes only, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members rights to appear in Court to have their objections heard, and to afford persons or entities within the Class Definition an opportunity to exclude themselves from the Class.   Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined.

**Judge James Lawrence King, In re: Checking Account Overdraft Litigation (IBERIABANK),** (April 26, 2012) MDL No. 2036 (S.D. Fla):

> The Court finds that the Notice previously approved was fully and properly effectuated and was sufficient to satisfy the requirements of due process because it described "the substantive claims . . . [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment." In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1104-05 (5th Cir. 1977).  The Notice, among other things, defined the Settlement Class, described the release as well as the amount and method and manner of proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their rights to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. The Notice also informed Settlement Class Members that a class judgment would bind them unless they opted out, and told them where they could obtain more information, such as access to a full copy of the Agreement. Further, the Notice described in summary form the fact that Class Counsel would be seeking attorneys' fees of up to 30 percent of the Settlement.  Settlement Class Members were provided with the best practicable notice "reasonably calculated, under [the] circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. The content of the Notice fully complied with the requirements of Rule 23.

**Judge Bobby Peters, Vereen v. Lowe's Home Centers,** (April 13, 2012) SU10-CV-2267B (Ga. Super. Ct.):

> The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement, the Amendment, and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, and was in full compliance with Ga. Code Ann § 9-11-23 and the constitutional requirements of due process. Extensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members.

> The affidavit of the notice expert conclusively supports this Court's finding that the notice program was adequate, appropriate, and comported with Georgia Code Ann. § 9-11-23(b)(2), the Due Process Clause of the Constitution, and the guidance for effective notice articulate in the FJC's Manual for Complex Litigation, 4[th].

**Judge Lee Rosenthal, In re: Heartland Payment Systems, Inc. Customer Data Security Breach Litigation,** (March 2, 2012) MDL No. 2046 (S.D. Tex.):

> The notice that has been given clearly complies with Rule 23(e)(1)'s reasonableness requirement… Hilsoft Notifications analyzed the notice plan after its implementation and conservatively estimated that notice reached 81.4 percent of the class members.  (Docket Entry No. 106, ¶ 32).  Both the summary notice and the detailed notice provided the information reasonably necessary for the presumptive class members to determine whether to object to the proposed settlement. See Katrina Canal Breaches, 628 F.3d at 197. Both the summary notice and the detailed notice "were written in easy-to-understand plain English." In re Black Farmers Discrimination Litig., — F. Supp. 2d —, 2011 WL 5117058, at *23 (D.D.C.

HILSOFT NOTIFICATIONS     PORTLAND AREA OFFICE     10300 SW ALLEN BLVD     BEAVERTON, OR 97005     T 503-597-7697
                          PHILADELPHIA AREA OFFICE  1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

6

*2011); accord AGGREGATE LITIGATION § 3.04(c).15 The notice provided "satisf[ies] the broad reasonableness standards imposed by due process" and Rule 23. Katrina Canal Breaches, 628 F.3d at 197 (internal quotation marks omitted).*

**Judge John D. Bates, *Trombley v. National City Bank,* (December 1, 2011) 1:10-CV-00232 (D.D.C.)**

*The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process. The notice was adequate and reasonable, and constituted the best notice practicable under the circumstances. In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.*

**Judge Robert M. Dow, Jr., *Schulte v. Fifth Third Bank,* (July 29, 2011) No. 1:09-cv-6655 (N.D. Ill.):**

*The Court has reviewed the content of all of the various notices, as well as the manner in which Notice was disseminated, and concludes that the Notice given to the Class fully complied with Federal Rule of Civil Procedure 23, as it was the best notice practicable, satisfied all constitutional due process concerns, and provided the Court with jurisdiction over the absent Class Members.*

**Judge Ellis J. Daigle, *Williams v. Hammerman & Gainer Inc.,* (June 30, 2011) No. 11-C-3187-B (27th Jud. D. Ct. La.):**

*Notices given to Settlement Class members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement, and all related procedures and hearings—including, without limitation, the notice to putative Settlement Class members and others more fully described in this Court's order of 30th day of March 2011 were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties and members of the Settlement Class of the pendency of the action, the certification of the Settlement Class, the Settlement Agreement and its contents, Settlement Class members' right to be represented by private counsel, at their own cost, and Settlement Class members' right to appear in Court to have their objections heard, and to afford Settlement Class members an opportunity to exclude themselves from the Settlement Class. Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedures, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Stefan R. Underhill, *Mathena v. Webster Bank, N.A.,* (March 24, 2011) No. 3:10-cv-1448 (D. Conn.):**

*The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.*

**Judge Ted Stewart, *Miller v. Basic Research, LLC,* (September 2, 2010) No. 2:07-cv-871 (D. Utah):**

*Plaintiffs state that they have hired a firm specializing in designing and implementing large scale, unbiased, legal notification plans. Plaintiffs represent to the Court that such notice will include: 1) individual notice by electronic mail and/or first-class mail sent to all reasonably identifiable Class members; 2) nationwide paid media notice through a combination of print publications, including newspapers, consumer magazines, newspaper supplements and the Internet; 3) a neutral, Court-approved, informational press release; 4) a neutral, Court-approved Internet website; and 5) a toll-free telephone number. Similar mixed media plans have been approved by other district courts post class certification. The Court finds this plan is sufficient to meet the notice requirement.*

**Judge Sara Loi, *Pavlov v. Continental Casualty Co.,* (October 7, 2009) No. 5:07cv2580 (N.D. Ohio):**

*As previously set forth in this Memorandum Opinion, the elaborate notice program contained in the Settlement Agreement provides for notice through a variety of means, including direct mail to each class member, notice to the United States Attorney General and each State, a toll free number, and a website*

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE       10300 SW ALLEN BLVD          BEAVERTON, OR 97005       T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F          PHILADELPHIA, PA 1910     T 215-721-2120

7

*designed to provide information about the settlement and instructions on submitting claims. With a 99.9% effective rate, the Court finds that the notice program constituted the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and clearly satisfies the requirements of Rule 23(c)(2)(B).*

**Judge James Robertson, *In re: Department of Veterans Affairs (VA) Data Theft Litigation,*** (September 23, 2009) MDL No. 1796 (D.D.C.):

> *The Notice Plan, as implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances.   The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the Settlement, and their right to appear, object to or exclude themselves from the Settlement.  Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.*

**Judge Lisa F. Chrystal, *Little v. Kia Motors America, Inc.,*** (August 27, 2009) No. UNN-L-0800-01 (N.J. Super. Ct.):

> *The Court finds that the manner and content of the notices for direct mailing and for publication notice, as specified in the Notice Plan (Exhibit 2 to the Affidavit of Lauran R. Schultz), provides the best practicable notice of judgment to members of the Plaintiff Class.*

**Judge Barbara Crowder, *Dolen v. ABN AMRO Bank N.V.,*** (March 23, 2009) No. 01-L-454, 01-L-493 (3rd Jud. Cir. Ill.):

> *The Court finds that the Notice Plan is the best notice practicable under the circumstances and provides the Eligible Members of the Settlement Class sufficient information to make informed and meaningful decisions regarding their options in this Litigation and the effect of the Settlement on their rights.   The Notice Plan further satisfies the requirements of due process and 735 ILCS 5/2-803.  That Notice Plan is approved and accepted.  This Court further finds that the Notice of Settlement and Claim Form comply with 735 ILCS 5/2-803 and are appropriate as part of the Notice Plan and the Settlement, and thus they are hereby approved and adopted.  This Court further finds that no other notice other than that identified in the Notice Plan is reasonably necessary in this Litigation.*

**Judge Robert W. Gettleman, *In re Trans Union Corp.,*** (September 17, 2008) MDL No. 1350 (N.D. Ill.):

> *The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law... Accordingly, all objections are hereby OVERRULED.*

**Judge Steven D. Merryday, *Lockwood v. Certegy Check Services, Inc.,*** (September 3, 2008) No. 8:07-cv-1434-T-23TGW (M.D. Fla.):

> *The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable in the circumstances. The notice as given provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions of the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the notice satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.*

**Judge William G. Young, *In re TJX Companies,*** (September 2, 2008) MDL No. 1838 (D. Mass.):

> *The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

HILSOFT
NOTIFICATIONS

PORTLAND AREA OFFICE       10300 SW ALLEN BLVD          BEAVERTON, OR 97005       T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30F           PHILADELPHIA, PA 1910     T 215-721-2120

8

**Judge Philip S. Gutierrez,** *Shaffer v. Continental Casualty Co.,* (June 11, 2008) SACV-06-2235-PSG (PJWx) (C.D. Cal.):

> *...was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clauses), the Rules of the Court, and any other applicable law.*

**Judge Robert L. Wyatt,** *Gunderson v. AIG Claim Services, Inc.,* (May 29, 2008) No. 2004-002417 (14th Jud. D. Ct. La.):

> *Notices given to Settlement Class members...were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination...Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Mary Anne Mason,** *Palace v. DaimlerChrysler Corp.,* (May 29, 2008) No. 01-CH-13168 (Ill. Cir. Ct.):

> *The form, content, and method of dissemination of the notice given to the Illinois class and to the Illinois Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.   The notice, as given, provided valid, due, and sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process and complied with 735 ILCS §§5/2-803 and 5/2-806.*

**Judge David De Alba,** *Ford Explorer Cases,* (May 29, 2008) JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

> *[T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved—submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.*

**Judge Kirk D. Johnson,** *Webb v. Liberty Mutual Ins. Co.,* (March 3, 2008) No. CV-2007-418-3 (Ark. Cir. Ct.):

> *The Court finds that there was minimal opposition to the settlement.  After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members.*

**Judge Carol Crafton Anthony,** *Johnson v. Progressive Casualty Ins. Co.,* (December 6, 2007) No. CV-2003-513 (Ark. Cir. Ct.):

> *Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated...Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort.   Notice reached a large majority of the Class members.  The Court finds that such notice constitutes the best notice practicable...The forms of Notice and Notice Plan satisfy all of the requirements of Arkansas law and due process.*

**Judge Kirk D. Johnson,** *Sweeten v. American Empire Insurance Co.,* (August 20, 2007) No. CV-2007-154-3 (Ark. Cir. Ct.):

> *The Court does find that all notices required by the Court to be given to class members was done within the time allowed and the manner best calculated to give notice and apprise all the interested parties of the litigation.  It was done through individual notice, first class mail, through internet website and the toll-free telephone call center...The Court does find that these methods were the best possible methods to advise the class members of the pendency of the action and opportunity to present their objections and finds that these notices do comply with all the provisions of Rule 23 and the Arkansas and United States Constitutions.*

⊢ HILSOFT
⊢ NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

9

**Judge Robert Wyatt,** *Gunderson v. F.A. Richard & Associates, Inc.,* (July 19, 2007) No. 2004-2417-D (14th Jud. D. Ct. La.):

*Okay. Let me sign this one. This is the final Order and Judgment regarding the fairness, reasonableness and adequacy. And I am satisfied in all respects regarding the presentation that's been made to the Court this morning in the Class memberships, the representation, the notice, and all other aspects and I'm signing that Order at this time. Congratulations, gentlemen.*

**Judge Lewis A. Kaplan,** *In re Parmalat Securities Litigation,* (July 19, 2007) MDL No. 1653-LAK (S.D.N.Y.):

*The Court finds that the distribution of the Notice, the publication of the Publication Notice, and the notice methodology...met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, (including the Due Process clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. 78u-4, et seq.) (the "PSLRA"), the Rules of the Court, and any other applicable law.*

**Judge Joe Griffin,** *Beasley v. The Reliable Life Insurance Co.,* (March 29, 2007) No. CV-2005-58-1 (Ark. Cir. Ct.):

*[T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process...So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter.*

**Judge Lewis A. Kaplan,** *In re Parmalat Securities Litigation,* (March 1, 2007) MDL No. 1653-LAK (S.D.N.Y.):

*The court approves, as to form and content, the Notice and the Publication Notice, attached hereto as Exhibits 1 and 2, respectively, and finds that the mailing and distribution of the Notice and the publication of the Publication Notice in the manner and the form set forth in Paragraph 6 of this Order...meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, as amended by Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

**Judge Anna J. Brown,** *Reynolds v. The Hartford Financial Services Group, Inc.,* (February 27, 2007) No. CV-01-1529-BR (D. Or):

*[T]he court finds that the Notice Program fairly, fully, accurately, and adequately advised members of the Settlement Class and each Settlement Subclass of all relevant and material information concerning the proposed settlement of this action, their rights under Rule 23 of the Federal Rules of Civil Procedure, and related matters, and afforded the Settlement Class with adequate time and an opportunity to file objections to the Settlement or request exclusion from the Settlement Class. The court finds that the Notice Program constituted the best notice practicable under the circumstances and fully satisfied the requirements of Rule 23 and due process.*

**Judge Kirk D. Johnson,** *Zarebski v. Hartford Insurance Company of the Midwest,* (February 13, 2007) No. CV-2006-409-3 (Ark. Cir. Ct.):

*Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class. Accordingly, the Class Notice and Claim Form as disseminated are finally approved as fair, reasonable, and adequate notice under the circumstances. The Court finds and concludes that due and adequate notice of the pendency of this Action, the Stipulation, and the Final Settlement Hearing has been provided to members of the Settlement Class, and the Court further finds and concludes that the notice campaign described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of Arkansas Rule of Civil Procedure 23 and the requirements of due process under the Arkansas and United States Constitutions.*

HILSOFT NOTIFICATIONS     PORTLAND AREA OFFICE     10300 SW ALLEN BLVD     BEAVERTON, OR 97005     T 503-597-7697
PHILADELPHIA AREA OFFICE     1420 LOCUST ST 30 F     PHILADELPHIA, PA 1910     T 215-721-2120

10

**Judge Richard J. Holwell,** *In re Vivendi Universal, S.A. Securities Litigation,* 2007 WL 1490466, at *34 (S.D.N.Y.):

> *In response to defendants' manageability concerns, plaintiffs have filed a comprehensive affidavit outlining the effectiveness of its proposed method of providing notice in foreign countries. According to this…the Court is satisfied that plaintiffs intend to provide individual notice to those class members whose names and addresses are ascertainable, and that plaintiffs' proposed form of publication notice, while complex, will prove both manageable and the best means practicable of providing notice.*

**Judge Samuel Conti,** *Ciabattari v. Toyota Motor Sales, U.S.A., Inc.,* (November 17, 2006) No. C-05-04289-SC (N.D. Cal.):

> *After reviewing the evidence and arguments presented by the parties…the Court finds as follows…The class members were given the best notice practicable under the circumstances, and that such notice meets the requirements of the Due Process Clause of the U.S. Constitution, and all applicable statutes and rules of court.*

**Judge Ivan L.R. Lemelle,** *In re High Sulfur Content Gasoline Prods. Liability Litigation,* (November 8, 2006) MDL No. 1632 (E.D. La.):

> *This Court approved a carefully-worded Notice Plan, which was developed with the assistance of a nationally-recognized notice expert, Hilsoft Notifications…The Notice Plan for this Class Settlement was consistent with the best practices developed for modern-style "plain English" class notices; the Court and Settling Parties invested substantial effort to ensure notice to persons displaced by the Hurricanes of 2005; and as this Court has already determined, the Notice Plan met the requirements of Rule 23 and constitutional due process.*

**Judge Catherine C. Blake,** *In re Royal Ahold Securities and "ERISA" Litigation,* (November 2, 2006) MDL No. 1539 (D. Md.):

> *The global aspect of the case raised additional practical and legal complexities, as did the parallel criminal proceedings in another district. The settlement obtained is among the largest cash settlements ever in a securities class action case and represents an estimated 40% recovery of possible provable damages. The notice process appears to have been very successful not only in reaching but also in eliciting claims from a substantial percentage of those eligible for recovery.*

**Judge Elaine E. Bucklo,** *Carnegie v. Household International,* (August 28, 2006) No. 98 C 2178 (N.D. Ill.):

> *[T]he Notice was disseminated pursuant to a plan consisting of first class mail and publication developed by Plaintiff's notice consultant, Hilsoft Notification[s]…who the Court recognized as experts in the design of notice plans in class actions. The Notice by first-class mail and publication was provided in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies all requirements of Rule 23(e) and due process.*

**Judge Joe E. Griffin,** *Beasley v. Hartford Insurance Company of the Midwest,* (June 13, 2006) No. CV-2005-58-1 (Ark. Cir. Ct.):

> *Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Individual Notice and the Publication Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order, was the best notice practicable under the circumstances…and the requirements of due process under the Arkansas and United States Constitutions.*

**Judge Norma L. Shapiro,** *First State Orthopedics et al. v. Concentra, Inc., et al.,* (May 1, 2006) No. 2:05-CV-04951-NS (E.D. Pa.):

> *The Court finds that dissemination of the Mailed Notice, Published Notice and Full Notice in the manner set forth here and in the Settlement Agreement meets the requirements of due process and Pennsylvania law. The Court further finds that the notice is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, is the best practicable notice; and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement.*

| HILSOFT | PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| NOTIFICATIONS | PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

11

**Judge Thomas M. Hart,** *Froeber v. Liberty Mutual Fire Ins. Co.,* (April 19, 2006) No. 00C15234 (Or. Cir. Ct.):

>The court has found and now reaffirms that dissemination and publication of the Class Notice in accordance with the terms of the Third Amended Order constitutes the best notice practicable under the circumstances.

**Judge Catherine C. Blake,** *In re Royal Ahold Securities and "ERISA" Litigation,* (January 6, 2006) MDL No. 1539 (D. Md.):

>I think it's remarkable, as I indicated briefly before, given the breadth and scope of the proposed Class, the global nature of the Class, frankly, that again, at least on a preliminary basis, and I will be getting a final report on this, that the Notice Plan that has been proposed seems very well, very well suited, both in terms of its plain language and in terms of its international reach, to do what I hope will be a very thorough and broad-ranging job of reaching as many of the shareholders, whether individual or institutional, as possibly can be done to participate in what I also preliminarily believe to be a fair, adequate and reasonable settlement.

**Judge Catherine C. Blake,** *In re Royal Ahold Securities & "ERISA" Litigation,* 437 F.Supp.2d 467, 472 (D. Md. 2006):

>The court hereby finds that the Notice and Notice Plan described herein and in the Order dated January 9, 2006 provided Class Members with the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

**Judge Robert H. Wyatt, Jr.,** *Gray v. New Hampshire Indemnity Co., Inc.,* (December 19, 2005) No. CV-2002-952-2-3 (Ark. Cir. Ct.):

>Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The Notice contained the essential elements necessary to satisfy due process, including the Settlement Class definition, the identities of the Parties and of their counsel, a summary of the terms of the proposed settlement, Class Counsel's intent to apply for fees, information regarding the manner in which objections could be submitted, and requests for exclusions could be filed. The Notice properly informed Class members of the formula for the distribution of benefits under the settlement…Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort. Notice was also effected by publication in many newspapers and magazines throughout the nation, reaching a large majority of the Class members multiple times. The Court finds that such notice constitutes the best notice practicable.

**Judge Michael J. O'Malley,** *Defrates v. Hollywood Entm't Corp.,* (June 24, 2005) No. 02 L 707 (Ill. Cir. Ct.):

>[T]his Court hereby finds that the notice program described in the Preliminary Approval Order and completed by HEC complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

**Judge Wilford D. Carter,** *Thibodeaux v. Conoco Phillips Co.,* (May 26, 2005) No. 2003-481 F (14th J.D. Ct. La.):

>Notice given to Class Members…were reasonably calculated under all the circumstances and have been sufficient, both as to the form and content…Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due process and sufficient notice to all potential members of the Class as Defined.

**Judge Michael Canaday,** *Morrow v. Conoco Inc.,* (May 25, 2005) No. 2002-3860 G (14th J.D. Ct. La.):

>The objections, if any, made to due process, constitutionality, procedures, and compliance with law, including, but not limited to, the adequacy of notice and the fairness of the proposed Settlement Agreement, lack merit and are hereby overruled.

HILSOFT NOTIFICATIONS   PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30F   PHILADELPHIA, PA 1910   T 215-721-2120

12

**Judge John R. Padova,** *Nichols v. SmithKline Beecham Corp.,* (April 22, 2005) No. 00-6222 (E.D. Pa.):

> *Pursuant to the Order dated October 18, 2004, End-Payor Plaintiffs employed Hilsoft Notifications to design and oversee Notice to the End-Payor Class. Hilsoft Notifications has extensive experience in class action notice situations relating to prescription drugs and cases in which unknown class members need to receive notice…After reviewing the individual mailed Notice, the publication Notices, the PSAs and the informational release, the Court concludes that the substance of the Notice provided to members of the End-Payor Class in this case was adequate to satisfy the concerns of due process and the Federal Rules.*

**Judge Douglas L. Combs,** *Morris v. Liberty Mutual Fire Ins. Co.,* (February 22, 2005) No. CJ-03-714 (D. Okla.):

> *I am very impressed that the notice was able to reach – be delivered to 97 ½ percent members of the class. That, to me, is admirable. And I'm also – at the time that this was initially entered, I was concerned about the ability of notice to be understood by a common, nonlawyer person, when we talk about legalese in a court setting. In this particular notice, not only the summary notice but even the long form of the notice were easily understandable, for somebody who could read the English language, to tell them whether or not they had the opportunity to file a claim.*

**Judge Joseph R. Goodwin,** *In re Serzone Products Liability Litigation,* 231 F.R.D. 221, 231 (S.D. W. Va. 2005):

> *The Notice Plan was drafted by Hilsoft Notifications, a Pennsylvania firm specializing in designing, developing, analyzing and implementing large-scale, unbiased legal notification plans. Hilsoft has disseminated class action notices in more than 150 cases, and it designed the model notices currently displayed on the Federal Judicial Center's website as a template for others to follow…To enhance consumer exposure, Hilsoft studied the demographics and readership of publications among adults who used a prescription drug for depression in the last twelve months. Consequently, Hilsoft chose to utilize media particularly targeting women due to their greater incidence of depression and heavy usage of the medication.*

**Judge Richard G. Stearns,** *In re Lupron® Marketing and Sales Practice Litigation,* (November 24, 2004) MDL No. 1430 (D. Mass.):

> *After review of the proposed Notice Plan designed by Hilsoft Notifications…is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 the Federal Rules of Civil Procedure and due process.*

**Judge Richard G. Stearns,** *In re Lupron® Marketing and Sales Practice Litigation,* (November 23, 2004) MDL No. 1430 (D. Mass.):

> *I actually find the [notice] plan as proposed to be comprehensive and extremely sophisticated and very likely be as comprehensive as any plan of its kind could be in reaching those most directly affected.*

**Judge James S. Moody, Jr.,** *Mantzouris v. Scarritt Motor Group Inc.,* (August 10, 2004) No. 8:03 CV- 0015-T-30 MSS (M.D. Fla.):

> *Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the members of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement, it is hereby determined that all members of the Class, except for Ms. Gwendolyn Thompson, who was the sole person opting out of the Settlement Agreement, are bound by this Order and Final Judgment entered herein.*

**Judge Robert E. Payne,** *Fisher v. Virginia Electric & Power Co.,* (July 1, 2004) No. 3:02CV431 (E.D. Va.):

> *The record here shows that the class members have been fully and fairly notified of the existence of the class action, of the issues in it, of the approaches taken by each side in it in such a way as to inform meaningfully those whose rights are affected and to thereby enable them to exercise their rights*

| HILSOFT | PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97006 | T 503-597-7697 |
| NOTIFICATIONS | PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

13

*intelligently...The success rate in notifying the class is, I believe, at least in my experience, I share Ms. Kauffman's experience, it is as great as I have ever seen in practicing or serving in this job...So I don't believe we could have had any more effective notice.*

**Judge John Kraetzer,** *Baiz v. Mountain View Cemetery,* (April 14, 2004) No. 809869-2 (Cal. Super. Ct.):

*The notice program was timely completed, complied with California Government Code section 6064, and provided the best practicable notice to all members of the Settlement Class under the circumstances. The Court finds that the notice program provided class members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to class members and all other persons wishing to be heard...The Court has determined that the Notice given to potential members of the Settlement Class fully and accurately informed potential Members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all potential members of the Settlement Class, and that it constituted the best practicable notice under the circumstances.*

*Hospitality Mgmt. Assoc., Inc. v. Shell Oil Co.,* 356 S.C. 644, 663, 591 S.E.2d 611, 621 (Sup. Ct. S.C. 2004):

*Clearly, the Cox court designed and utilized various procedural safeguards to guarantee sufficient notice under the circumstances. Pursuant to a limited scope of review, we need go no further in deciding the Cox court's findings that notice met due process are entitled to deference.*

**Judge Joseph R. Goodwin,** *In re Serzone Prods. Liability Litigation,* 2004 U.S. Dist. LEXIS 28297, at *10 (S.D. W. Va.):

*The Court has considered the Notice Plan and proposed forms of Notice and Summary Notice submitted with the Memorandum for Preliminary Approval and finds that the forms and manner of notice proposed by Plaintiffs and approved herein meet the requirements of due process and Fed.R.Civ.P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.*

**Judge James D. Arnold,** *Cotten v. Ferman Mgmt. Servs. Corp.,* (November 26, 2003) No. 02-08115 (Fla. Cir. Ct.):

*Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the member of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement...*

**Judge Judith K. Fitzgerald,** *In re Pittsburgh Corning Corp.,* (November 26, 2003) No. 00-22876-JKF (Bankr. W.D. Pa.):

*The procedures and form of notice for notifying the holders of Asbestos PI Trust Claims, as described in the Motion, adequately protect the interests of the holders of Asbestos PI Trust Claims in a manner consistent with the principles of due process, and satisfy the applicable requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.*

**Judge Carter Holly,** *Richison v. American Cemwood Corp.,* (November 18, 2003) No. 005532 (Cal. Super. Ct.):

*As to the forms of Notice, the Court finds and concludes that they fully apprised the Class members of the pendency of the litigation, the terms of the Phase 2 Settlement, and Class members' rights and options...Not a single Class member—out of an estimated 30,000—objected to the terms of the Phase 2 Settlement Agreement, notwithstanding a comprehensive national Notice campaign, via direct mail and publication Notice...The notice was reasonable and the best notice practicable under the circumstances, was due, adequate, and sufficient notice to all Class members, and complied fully with the laws of the State of California, the Code of Civil Procedure, due process, and California Rules of Court 1859 and 1860.*

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE          10300 SW ALLEN BLVD          BEAVERTON, OR 97005          T 503-597-7697
PHILADELPHIA AREA OFFICE      1420 LOCUST ST 30 F          PHILADELPHIA, PA 1910        T 215-721-2120

14

**Judge Thomas A. Higgins,** *In re Columbia/HCA Healthcare Corp.,* (June 13, 2003) MDL No. 1227 (M.D. Tenn.):

*Notice of the settlement has been given in an adequate and sufficient manner. The notice provided by mailing the settlement notice to certain class members and publishing notice in the manner described in the settlement was the best practicable notice, complying in all respects with the requirements of due process.*

**Judge Harold Baer, Jr.,** *Thompson v. Metropolitan Life Ins. Co.,* 216 F.R.D. 55, 68 (S.D.N.Y. 2003):

*In view of the extensive notice campaign waged by the defendant, the extremely small number of class members objecting or requesting exclusion from the settlement is a clear sign of strong support for the settlement…The notice provides, in language easily understandable to a lay person, the essential terms of the settlement, including the claims asserted…who would be covered by the settlement…[T]he notice campaign that defendant agreed to undertake was extensive…I am satisfied, having reviewed the contents of the notice package, and the extensive steps taken to disseminate notice of the settlement, that the class notice complies with the requirements of Rule 23 (c)(2) and 23(e). In summary, I have reviewed all of the objections, and none persuade me to conclude that the proposed settlement is unfair, inadequate or unreasonable.*

**Judge Edgar E. Bayley,** *Dimitrios v. CVS, Inc.,* (November 27, 2002) No. 99-6209; *Walker v. Rite Aid Corp.,* No. 99-6210; and *Myers v. Rite Aid Corp.,* No. 01-2771 (Pa. Ct. C.P.):

*The Court specifically finds that: fair and adequate notice has been given to the class, which comports with due process of law.*

**Judge Dewey C. Whitenton,** *Ervin v. Movie Gallery, Inc.,* (November 22, 2002) No. 13007 (Tenn. Ch.):

*The content of the class notice also satisfied all due process standards and state law requirements…The content of the notice was more than adequate to enable class members to make an informed and intelligent choice about remaining in the class or opting out of the class.*

**Judge James R. Williamson,** *Kline v. The Progressive Corp.,* (November 14, 2002) No. 01-L-6 (Ill. Cir. Ct.):

*Notice to the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The notice contained the essential elements necessary to satisfy due process…*

**Judge Marina Corodemus,** *Talalai v. Cooper Tire & Rubber Co.,* (September 13, 2002) No. L-008830.00 (N.J. Super. Ct.):

*Here, the comprehensive bilingual, English and Spanish, court-approved Notice Plan provided by the terms of the settlement meets due process requirements. The Notice Plan used a variety of methods to reach potential class members. For example, short form notices for print media were placed…throughout the United States and in major national consumer publications which include the most widely read publications among Cooper Tire owner demographic groups.*

**Judge Harold Baer, Jr.,** *Thompson v. Metropolitan Life Ins. Co.,* (September 3, 2002) No. 00 Civ. 5071-HB (S.D.N.Y.):

*The Court further finds that the Class Notice and Publication Notice provided in the Settlement Agreement are written in plain English and are readily understandable by Class Members. In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.*

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

15

**Judge Milton Gunn Shuffield,** *Scott v. Blockbuster Inc.,* (January 22, 2002) No. D 162-535 (Tex. Jud. Dist. Ct.) Ultimately withstood challenge to Court of Appeals of Texas.  *Peters v. Blockbuster* 65 S.W.3d 295, 307 (Tex. App.-Beaumont, 2001):

> In order to maximize the efficiency of the notice, a professional concern, Hilsoft Notifications, was retained.  This Court concludes that the notice campaign was the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the settlement and afford them an opportunity to present their objections…The notice campaign was highly successful and effective, and it more than satisfied the due process and state law requirements for class notice.

**Judge Marina Corodemus,** *Talalai v. Cooper Tire & Rubber Co.,* (October 30, 2001) No. MID-L-8839-00-MT (N.J. Super. Ct.):

> The parties have crafted a notice program which satisfies due process requirements without reliance on an unreasonably burdensome direct notification process…The form of the notice is reasonably calculated to apprise class members of their rights.  The notice program is specifically designed to reach a substantial percentage of the putative settlement class members.

**Judge Marina Corodemus,** *Talalai v. Cooper Tire & Rubber Co.,* (October 29, 2001) No. L-8830-00-MT (N.J. Super. Ct.):

> I saw the various bar graphs for the different publications and the different media dissemination, and I think that was actually the clearest bar graph I've ever seen in my life…it was very clear of the time periods that you were doing as to each publication and which media you were doing over what market time, so I think that was very clear.

**Judge Stuart R. Pollak,** *Microsoft I-V Cases,* (April 1, 2001) J.C.C.P. No. CJC-00-004106 (Cal. Super. Ct.):

> [C]oncerning dissemination of class notice; and I have reviewed the materials that have been submitted on that subject and basically I'm satisfied.  I think it's amazing if you're really getting 80 percent coverage. That's very reassuring.  And the papers that you submitted responded to a couple things that had been mentioned before and I am satisfied with all that.

**Judge Stuart R. Pollak,** *Microsoft I-V Cases,* (March 30, 2001) J.C.C.P. No. 4106 (Cal. Super. Ct.):

> Plaintiffs and Defendant Microsoft Corporation have submitted a joint statement in support of their request that the Court approve the plan for dissemination of class action notice and proposed forms of notice, and amend the class definition.  The Court finds that the forms of notice to Class members attached hereto as Exhibits A and B fairly and adequately inform the Class members of their rights concerning this litigation. The Court further finds that the methods for dissemination of notice are the fairest and best practicable under the circumstances, and comport with due process requirements.

## LEGAL NOTICE CASES

Hilsoft Notifications has served as a notice expert for planning, implementation and/or analysis in the following partial listing of cases:

| | |
|---|---|
| *Andrews v. MCI (900 Number Litigation)* | S.D. Ga., CV 191-175 |
| *Harper v. MCI (900 Number Litigation)* | S.D. Ga., CV 192-134 |
| *In re Bausch & Lomb Contact Lens Litigation* | N.D. Ala., 94-C-1144-WW |
| *In re Ford Motor Co. Vehicle Paint Litigation* | E.D. La., MDL No. 1063 |
| *Castano v. Am. Tobacco* | E.D. La., CV 94-1044 |

HILSOFT NOTIFICATIONS   PORTLAND AREA OFFICE   PHILADELPHIA AREA OFFICE   10300 SW ALLEN BLVD   1420 LOCUST ST 30 F   BEAVERTON, OR 97005   PHILADELPHIA, PA 1910   T 503-597-7697   T 215-721-2120

16

| | |
|---|---|
| *Cox v. Shell Oil (Polybutylene Pipe Litigation)* | Tenn. Ch., 18,844 |
| *In re Amino Acid Lysine Antitrust Litigation* | N.D. Ill., MDL No. 1083 |
| *In re Dow Corning Corp. (Breast Implant Bankruptcy)* | E.D. Mich., 95-20512-11-AJS |
| *Kunhel v. CNA Ins. Companies* | N.J. Super. Ct., ATL-C-0184-94 |
| *In re Factor Concentrate Blood Prods. Litigation (Hemophiliac HIV)* | N.D. Ill., MDL No. 986 |
| *In re Ford Ignition Switch Prods. Liability Litigation* | D. N.J., 96-CV-3125 |
| *Jordan v. A.A. Friedman (Non-Filing Ins. Litigation)* | M.D. Ga., 95-52-COL |
| *Kalhammer v. First USA (Credit Card Litigation)* | Cal. Cir. Ct., C96-45632010-CAL |
| *Navarro-Rice v. First USA (Credit Card Litigation)* | Or. Cir. Ct., 9709-06901 |
| *Spitzfaden v. Dow Corning (Breast Implant Litigation)* | La. D. Ct., 92-2589 |
| *Robinson v. Marine Midland (Finance Charge Litigation)* | N.D. Ill., 95 C 5635 |
| *McCurdy v. Norwest Fin. Alabama* | Ala. Cir. Ct., CV-95-2601 |
| *Johnson v. Norwest Fin. Alabama* | Ala. Cir. Ct., CV-93-PT-962-S |
| *In re Residential Doors Antitrust Litigation* | E.D. Pa., MDL No. 1039 |
| *Barnes v. Am. Tobacco Co. Inc.* | E.D. Pa., 96-5903 |
| *Small v. Lorillard Tobacco Co. Inc.* | N.Y. Super. Ct., 110949/96 |
| *Naef v. Masonite Corp (Hardboard Siding Litigation)* | Ala. Cir. Ct., CV-94-4033 |
| *In re Synthroid Mktg. Litigation* | N.D. Ill., MDL No. 1182 |
| *Raysick v. Quaker State Slick 50 Inc.* | D. Tex., 96-12610 |
| *Castillo v. Mike Tyson (Tyson v. Holyfield Bout)* | N.Y. Super. Ct., 114044/97 |
| *Avery v. State Farm Auto. Ins. (Non-OEM Auto Parts Litigation)* | Ill. Cir. Ct., 97-L-114 |
| *Walls v. The Am. Tobacco Co. Inc.* | N.D. Okla., 97-CV-218-H |
| *Tempest v. Rainforest Café (Securities Litigation)* | D. Minn., 98-CV-608 |
| *Stewart v. Avon Prods. (Securities Litigation)* | E.D. Pa., 98-CV-4135 |
| *Goldenberg v. Marriott PLC Corp (Securities Litigation)* | D. Md., PJM 95-3461 |
| *Delay v. Hurd Millwork (Building Products Litigation)* | Wash. Super. Ct., 97-2-07371-0 |
| *Gutterman v. Am. Airlines (Frequent Flyer Litigation)* | Ill. Cir. Ct., 95CH982 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7897
T 215-721-2120

17

| Hoeffner v. The Estate of Alan Kenneth Vieira (Un-scattered Cremated Remains Litigation) | Cal. Super. Ct., 97-AS 02993 |
|---|---|
| In re Graphite Electrodes Antitrust Litigation | E.D. Pa., MDL No. 1244 |
| In re Silicone Gel Breast Implant Prods. Liability Litigation, Altrichter v. INAMED | N.D. Ala., MDL No. 926 |
| St. John v. Am. Home Prods. Corp. (Fen/Phen Litigation) | Wash. Super. Ct., 97-2-06368 |
| Crane v. Hackett Assocs. (Securities Litigation) | E.D. Pa., 98-5504 |
| In re Holocaust Victims Assets Litigation (Swiss Banks Litigation) | E.D.N.Y., CV-96-4849 |
| McCall v. John Hancock (Settlement Death Benefits) | N.M. Cir. Ct., CV-2000-2818 |
| Williams v. Weyerhaeuser Co. (Hardboard Siding Litigation) | Cal. Super. Ct., CV-995787 |
| Kapustin v. YBM Magnex Int'l Inc. (Securities Litigation) | E.D. Pa., 98-CV-6599 |
| Leff v. YBM Magnex Int'l Inc. (Securities Litigation) | E.D. Pa., 95-CV-89 |
| In re PRK/LASIK Consumer Litigation | Cal. Super. Ct., CV-772894 |
| Hill v. Galaxy Cablevision | N.D. Miss., 1:98CV51-D-D |
| Scott v. Am. Tobacco Co. Inc. | La. D. Ct., 96-8461 |
| Jacobs v. Winthrop Financial Associates (Securities Litigation) | D. Mass., 99-CV-11363 |
| Int'l Comm'n on Holocaust Era Ins. Claims – Worldwide Outreach Program | Former Secretary of State Lawrence Eagleburger Commission |
| Bownes v. First USA Bank (Credit Card Litigation) | Ala. Cir. Ct., CV-99-2479-PR |
| Whetman v. IKON (ERISA Litigation) | E.D. Pa., 00-87 |
| Mangone v. First USA Bank (Credit Card Litigation) | Ill. Cir. Ct., 99AR672a |
| In re Babcock and Wilcox Co. (Asbestos Related Bankruptcy) | E.D. La., 00-10992 |
| Barbanti v. W.R. Grace and Co. (Zonolite / Asbestos Litigation) | Wash. Super. Ct., 00201756-6 |
| Brown v. Am. Tobacco | Cal. Super. Ct., J.C.C.P. 4042, 711400 |
| Wilson v. Servier Canada Inc. (Canadian Fen/Phen Litigation) | Ont. Super. Ct., 98-CV-158832 |
| In re Texaco Inc. (Bankruptcy) | S.D.N.Y. 87 B 20142, 87 B 20143, 87 B 20144 |
| Olinde v. Texaco (Bankruptcy, Oil Lease Litigation) | M.D. La., 96-390 |
| Gustafson v. Bridgestone/Firestone, Inc. (Recall Related Litigation) | S.D. Ill., 00-612-DRH |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

18

| | |
|---|---|
| *In re Bridgestone/Firestone Tires Prods. Liability Litigation* | S.D. Ind., MDL No. 1373 |
| *Gaynoe v. First Union Corp. (Credit Card Litigation)* | N.C. Super. Ct., 97-CVS-16536 |
| *Carson v. Daimler Chrysler Corp. (Fuel O-Rings Litigation)* | W.D. Tenn., 99-2896 TU A |
| *Providian Credit Card Cases* | Cal. Super. Ct., J.C.C.P. 4085 |
| *Fields v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)* | Cal. Super. Ct., 302774 |
| *Sanders v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)* | Cal. Super. Ct., 303549 |
| *Sims v. Allstate Ins. Co. (Diminished Auto Value Litigation)* | Ill. Cir. Ct., 99-L-393A |
| *Peterson v. State Farm Mutual Auto. Ins. Co. (Diminished Auto Value Litigation)* | Ill. Cir. Ct., 99-L-394A |
| *Microsoft I-V Cases (Antitrust Litigation Mirroring Justice Dept.)* | Cal. Super. Ct., J.C.C.P. 4106 |
| *Westman v. Rogers Family Funeral Home, Inc. (Remains Handling Litigation)* | Cal. Super. Ct., C-98-03165 |
| *Rogers v. Clark Equipment Co.* | Ill. Cir. Ct., 97-L-20 |
| *Garrett v. Hurley State Bank (Credit Card Litigation)* | Miss. Cir. Ct., 99-0337 |
| *Ragoonanan v. Imperial Tobacco Ltd. (Firesafe Cigarette Litigation)* | Ont. Super. Ct., 00-CV-183165 CP |
| *Dietschi v. Am. Home Prods. Corp. (PPA Litigation)* | W.D. Wash., C01-0306L |
| *Dimitrios v. CVS, Inc. (PA Act 6 Litigation)* | Pa. C.P., 99-6209 |
| *Jones v. Hewlett-Packard Co. (Inkjet Cartridge Litigation)* | Cal. Super. Ct., 302887 |
| *In re Tobacco Cases II (California Tobacco Litigation)* | Cal. Super. Ct., J.C.C.P. 4042 |
| *Scott v. Blockbuster, Inc. (Extended Viewing Fees Litigation)* | 136th Tex. Jud. Dist., D 162-535 |
| *Anesthesia Care Assocs. v. Blue Cross of Cal.* | Cal. Super. Ct., 986677 |
| *Ting v. AT&T (Mandatory Arbitration Litigation)* | N.D. Cal., C-01-2969-BZ |
| *In re W.R. Grace & Co. (Asbestos Related Bankruptcy)* | Bankr. D. Del., 01-01139-JJF |
| *Talalai v. Cooper Tire & Rubber Co. (Tire Layer Adhesion Litigation)* | N.J. Super. Ct.,, MID-L-8839-00 MT |
| *Kent v. Daimler Chrysler Corp. (Jeep Grand Cherokee Park-to-Reverse Litigation)* | N.D. Cal., C01-3293-JCS |
| *Int'l Org. of Migration -- German Forced Labour Compensation Programme* | Geneva, Switzerland |
| *Madsen v. Prudential Federal Savings & Loan (Homeowner's Loan Account Litigation)* | 3rd Jud. Dist. Ct. Utah, C79-8404 |

⊢ HILSOFT
Γ NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

19

| Bryant v. Wyndham Int'l., Inc. (Energy Surcharge Litigation) | Cal. Super. Ct., GIC 765441, GIC 777547 |
| In re USG Corp. (Asbestos Related Bankruptcy) | Bankr. D. Del., 01-02094-RJN |
| Thompson v. Metropolitan Life Ins. Co. (Race Related Sales Practices Litigation) | S.D.N.Y., 00-CIV-5071 HB |
| Ervin v. Movie Gallery Inc. (Extended Viewing Fees) | Tenn. Ch., CV-13007 |
| Peters v. First Union Direct Bank (Credit Card Litigation) | M.D. Fla., 8:01-CV-958-T-26 TBM |
| National Socialist Era Compensation Fund | Republic of Austria |
| In re Baycol Litigation | D. Minn., MDL No. 1431 |
| Claims Conference–Jewish Slave Labour Outreach Program | German Government Initiative |
| Wells v. Chevy Chase Bank (Credit Card Litigation) | Md. Cir. Ct., C-99-000202 |
| Walker v. Rite Aid of PA, Inc. (PA Act 6 Litigation) | C.P. Pa., 99-6210 |
| Myers v. Rite Aid of PA, Inc. (PA Act 6 Litigation) | C.P. Pa., 01-2771 |
| In re PA Diet Drugs Litigation | C.P. Pa., 9709-3162 |
| Harp v. Qwest Communications (Mandatory Arbitration Lit.) | Or. Circ. Ct., 0110-10986 |
| Tuck v. Whirlpool Corp. & Sears, Roebuck & Co. (Microwave Recall Litigation) | Ind. Cir. Ct., 49C01-0111-CP-002701 |
| Allison v. AT&T Corp. (Mandatory Arbitration Litigation) | 1st Jud. D.C. N.M., D-0101-CV-20020041 |
| Kline v. The Progressive Corp. | Ill. Cir. Ct., 01-L-6 |
| Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc. (Milk Price Fixing) | Ill. Cir. Ct., 00-L-9664 |
| In re Columbia/HCA Healthcare Corp. (Billing Practices Litigation) | M.D. Tenn., MDL No. 1227 |
| Foultz v. Erie Ins. Exchange (Auto Parts Litigation) | C.P. Pa., 000203053 |
| Soders v. General Motors Corp. (Marketing Initiative Litigation) | C.P. Pa., CI-00-04255 |
| Nature Guard Cement Roofing Shingles Cases | Cal. Super. Ct., J.C.C.P. 4215 |
| Curtis v. Hollywood Entm't Corp. (Additional Rental Charges) | Wash. Super. Ct., 01-2-36007-8 SEA |
| Defrates v. Hollywood Entm't Corp. | Ill. Cir. Ct., 02L707 |
| Pease v. Jasper Wyman & Son, Merrill Blueberry Farms Inc., Allen's Blueberry Freezer Inc. & Cherryfield Foods Inc. | Me. Super. Ct., CV-00-015 |
| West v. G&H Seed Co. (Crawfish Farmers Litigation) | 27th Jud. D. Ct. La., 99-C-4984-A |
| Linn v. Roto-Rooter Inc. (Miscellaneous Supplies Charge) | C.P. Ohio, CV-467403 |

HILSOFT
NOTIFICATIONS

PORTLAND AREA OFFICE        10300 SW ALLEN BLVD                    BEAVERTON, OR 97006        T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F                    PHILADELPHIA, PA 1910       T 215-721-2120

20

| | |
|---|---|
| *McManus v. Fleetwood Enter., Inc. (RV Brake Litigation)* | D. Ct. Tex., SA-99-CA-464-FB |
| *Baiz v. Mountain View Cemetery (Burial Practices)* | Cal. Super. Ct., 809869-2 |
| *Stetser v. TAP Pharm. Prods, Inc. & Abbott Laboratories (Lupron Price Litigation)* | N.C. Super. Ct., 01-CVS-5268 |
| *Richison v. Am. Cemwood Corp. (Roofing Durability Settlement)* | Cal. Super. Ct., 005532 |
| *Cotten v. Ferman Mgmt. Servs. Corp.* | 13th Jud. Cir. Fla., 02-08115 |
| *In re Pittsburgh Corning Corp. (Asbestos Related Bankruptcy)* | Bankr. W.D. Pa., 00-22876-JKF |
| *Mostajo v. Coast Nat'l Ins. Co.* | Cal. Super. Ct., 00 CC 15165 |
| *Friedman v. Microsoft Corp. (Antitrust Litigation)* | Ariz. Super. Ct., CV 2000-000722 |
| *Multinational Outreach - East Germany Property Claims* | Claims Conference |
| *Davis v. Am. Home Prods. Corp. (Norplant Contraceptive Litigation)* | D. La., 94-11684 |
| *Walker v. Tap Pharmaceutical Prods., Inc. (Lupron Price Litigation)* | N.J. Super. Ct., CV CPM-L-682-01 |
| *Munsey v. Cox Communications (Late Fee Litigation)* | Civ. D. La., Sec. 9, 97 19571 |
| *Gordon v. Microsoft Corp. (Antitrust Litigation)* | 4th Jud. D. Ct. Minn., 00-5994 |
| *Clark v. Tap Pharmaceutical Prods., Inc.* | 5th Dist. App. Ct. Ill., 5-02-0316 |
| *Fisher v. Virginia Electric & Power Co.* | E.D. Va., 3:02-CV-431 |
| *Mantzouris v. Scarritt Motor Group, Inc.* | M.D. Fla., 8:03-CV-0015-T-30-MSS |
| *Johnson v. Ethicon, Inc. (Product Liability Litigation)* | W. Va. Cir. Ct., 01-C-1530, 1531, 1533, 01-C-2491 to 2500 |
| *Schlink v. Edina Realty Title* | 4th Jud. D. Ct. Minn., 02-018380 |
| *Tawney v. Columbia Natural Res. (Oil & Gas Lease Litigation)* | W. Va. Cir. Ct., 03-C-10E |
| *White v. Washington Mutual, Inc. (Pre-Payment Penalty Litigation)* | 4th Jud. D. Ct. Minn., CT 03-1282 |
| *Acacia Media Techs. Corp. v. Cybernet Ventures Inc, (Patent Infringement Litigation)* | C.D. Cal., SACV03-1803 GLT (Anx) |
| *Bardessono v. Ford Motor Co. (15 Passenger Vans)* | Wash. Super. Ct., 32494 |
| *Gardner v. Stimson Lumber Co. (Forestex Siding Litigation)* | Wash. Super. Ct., 00-2-17633-3SEA |
| *Poor v. Sprint Corp. (Fiber Optic Cable Litigation)* | Ill. Cir. Ct., 99-L-421 |
| *Thibodeau v. Comcast Corp.* | E.D. Pa., 04-CV-1777 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE     10300 SW ALLEN BLVD        BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE  1420 LOCUST ST 30 F         PHILADELPHIA, PA 1910   T 215-721-2120

21

| Cazenave v. Sheriff Charles C. Foti (Strip Search Litigation) | E.D. La., 00-CV-1246 |
| National Assoc. of Police Orgs., Inc. v. Second Chance Body Armor, Inc. (Bullet Proof Vest Litigation) | Mich. Cir. Ct., 04-8018-NP |
| Nichols v. SmithKline Beecham Corp. (Paxil) | E.D. Pa., 00-6222 |
| Yacout v. Federal Pacific Electric Co. (Circuit Breaker) | N.J. Super. Ct., MID-L-2904-97 |
| Lewis v. Bayer AG (Baycol) | 1st Jud. Dist. Ct. Pa., 002353 |
| In re Educ. Testing Serv. PLT 7-12 Test Scoring Litigation | E.D. La., MDL No. 1643 |
| Stefanyshyn v. Consol. Indus. Corp. (Heat Exchanger) | Ind. Super. Ct., 79 D 01-9712-CT-59 |
| Barnett v. Wal-Mart Stores, Inc. | Wash. Super. Ct., 01-2-24553-8 SEA |
| In re Serzone Prods. Liability Litigation | S.D. W. Va., MDL No. 1477 |
| Ford Explorer Cases | Cal. Super. Ct., J.C.C.P. 4226 & 4270 |
| In re Solutia Inc. (Bankruptcy) | S.D.N.Y., 03-17949-PCB |
| In re Lupron Marketing & Sales Practices Litigation | D. Mass., MDL No. 1430 |
| Morris v. Liberty Mutual Fire Ins. Co. | D. Okla., CJ-03-714 |
| Bowling, et al. v. Pfizer Inc. (Bjork-Shiley Convexo-Concave Heart Valve) | S.D. Ohio, C-1-91-256 |
| Thibodeaux v. Conoco Philips Co. | D. La., 2003-481 |
| Morrow v. Conoco Inc. | D. La., 2002-3860 |
| Tobacco Farmer Transition Program | U.S. Dept. of Agric. |
| Perry v. Mastercard Int'l Inc. | Ariz. Super. Ct., CV2003-007154 |
| Brown v. Credit Suisse First Boston Corp. | C.D. La., 02-13738 |
| In re Unum Provident Corp. | D. Tenn., 1:03-CV-1000 |
| In re Ephedra Prods. Liability Litigation | D.N.Y., MDL No. 1598 |
| Chesnut v. Progressive Casualty Ins. Co. | Ohio C.P., 460971 |
| Froeber v. Liberty Mutual Fire Ins. Co. | Or. Cir. Ct., 00C15234 |
| Luikart v. Wyeth Am. Home Prods. (Hormone Replacement) | W. Va. Cir. Ct., 04-C-127 |
| Salkin v. MasterCard Int'l Inc. (Pennsylvania) | Pa. C.P., 2648 |
| Rolnik v. AT&T Wireless Servs., Inc. | N.J. Super. Ct., L-180-04 |
| Singleton v. Hornell Brewing Co. Inc. (Arizona Ice Tea) | Cal. Super. Ct., BC 288 754 |

| | |
|---|---|
| *Becherer v. Qwest Commc'ns Int'l, Inc.* | Ill. Cir. Ct., 02-L140 |
| *Clearview Imaging v. Progressive Consumers Ins. Co.* | Fla. Cir. Ct., 03-4174 |
| *Mehl v. Canadian Pacific Railway, Ltd* | D.N.D., A4-02-009 |
| *Murray v. IndyMac Bank. F.S.B* | N.D. Ill., 04 C 7669 |
| *Gray v. New Hampshire Indemnity Co., Inc.* | Ark. Cir. Ct., CV-2002-952-2-3 |
| *George v. Ford Motor Co.* | M.D. Tenn., 3:04-0783 |
| *Allen v. Monsanto Co.* | W. Va. Cir. Ct., 041465 |
| *Carter v. Monsanto Co.* | W. Va. Cir. Ct., 00-C-300 |
| *Carnegie v. Household Int'l, Inc.* | N. D. Ill., 98-C-2178 |
| *Daniel v. AON Corp.* | Ill. Cir. Ct., 99 CH 11893 |
| *In re Royal Ahold Securities and "ERISA" Litigation* | D. Md., MDL No. 1539 |
| *In re Pharmaceutical Industry Average Wholesale Price Litigation* | D. Mass., MDL No. 1456 |
| *Meckstroth v. Toyota Motor Sales, U.S.A., Inc.* | 24th Jud. D. Ct. La., 583-318 |
| *Walton v. Ford Motor Co.* | Cal. Super. Ct., SCVSS 126737 |
| *Hill v. State Farm Mutual Auto Ins. Co.* | Cal. Super. Ct., BC 194491 |
| *First State Orthopaedics et al. v. Concentra, Inc., et al.* | E.D. Pa. 2:05-CV-04951-AB |
| *Sauro v. Murphy Oil USA, Inc.* | E.D. La., 05-4427 |
| *In re High Sulfur Content Gasoline Prods. Liability Litigation* | E.D. La., MDL No. 1632 |
| *Homeless Shelter Compensation Program* | City of New York |
| *Rosenberg v. Academy Collection Service, Inc.* | E.D. Pa., 04-CV-5585 |
| *Chapman v. Butler & Hosch, P.A.* | 2nd Jud. Cir. Fla., 2000-2879 |
| *In re Vivendi Universal, S.A. Securities Litigation* | S.D.N.Y., 02-CIV-5571 RJH |
| *Desportes v. American General Assurance Co.* | Ga. Super. Ct., SU-04-CV-3637 |
| *In re: Propulsid Products Liability Litigation* | E.D. La., MDL No. 1355 |
| *Baxter v. The Attorney General of Canada (In re Residential Schools Class Action Litigation)* | Ont. Super. Ct., 00-CV-192059 CPA |
| *McNall v. Mastercard Int'l, Inc. (Currency Conversion Fees)* | 13th Tenn. Jud. Dist. Ct., CT-002506-03 |
| *Lee v. Allstate* | Ill. Cir. Ct., 03 LK 127 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

23

| | |
|---|---|
| *Turner v. Murphy Oil USA, Inc.* | E.D. La., 2:05-CV-04206-EEF-JCW |
| *Carter v. North Central Life Ins. Co.* | Ga. Super. Ct., SU-2006-CV-3764-6 |
| *Harper v. Equifax* | E.D. Pa., 2:04-CV-03584-TON |
| *Beasley v. Hartford Insurance Co. of the Midwest* | Ark. Cir. Ct., CV-2005-58-1 |
| *Springer v. Biomedical Tissue Services, LTD (Human Tissue Litigation)* | Ind. Cir. Ct., 1:06-CV-00332-SEB-VSS |
| *Spence v. Microsoft Corp. (Antitrust Litigation)* | Wis. Cir. Ct., 00-CV-003042 |
| *Pennington v. The Coca Cola Co. (Diet Coke)* | Mo. Cir. Ct., 04-CV-208580 |
| *Sunderman v. Regeneration Technologies, Inc. (Human Tissue Litigation)* | S.D. Ohio, 1:06-CV-075-MHW |
| *Splater v. Thermal Ease Hydronic Systems, Inc.* | Wash. Super. Ct., 03-2-33553-3-SEA |
| *Peyroux v. The United States of America (New Orleans Levee Breech)* | E.D. La., 06-2317 |
| *Chambers v. DaimlerChrysler Corp. (Neon Head Gaskets)* | N.C. Super. Ct., 01:CVS-1555 |
| *Ciabattari v. Toyota Motor Sales, U.S.A., Inc. (Sienna Run Flat Tires)* | N.D. Cal., C-05-04289-BZ |
| *In re Bridgestone Securities Litigation* | M.D. Tenn., 3:01-CV-0017 |
| *In re Mutual Funds Investment Litigation (Market Timing)* | D. Md., MDL No. 1586 |
| *Accounting Outsourcing v. Verizon Wireless* | M.D. La., 03-CV-161 |
| *Hensley v. Computer Sciences Corp.* | Ark. Cir. Ct., CV-2005-59-3 |
| *Peek v. Microsoft Corporation* | Ark. Cir. Ct., CV-2006-2612 |
| *Reynolds v. The Hartford Financial Services Group, Inc.* | D. Or., CV-01-1529 BR |
| *Schwab v. Philip Morris USA, Inc.* | E.D.N.Y., CV-04-1945 |
| *Zarebski v. Hartford Insurance Co. of the Midwest* | Ark. Cir. Ct., CV-2006-409-3 |
| *In re Parmalat Securities Litigation* | S.D.N.Y., MDL No. 1653 (LAK) |
| *Beasley v. The Reliable Life Insurance Co.* | Ark. Cir. Ct., CV-2005-58-1 |
| *Sweeten v. American Empire Insurance Company* | Ark. Cir. Ct., 2007-154-3 |
| *Govt. Employees Hospital Assoc. v. Serono Int., S.A.* | D. Mass., 06-CA-10613-PBS |
| *Gunderson v. Focus Healthcare Management, Inc.* | 14th Jud. D. Ct. La., 2004-2417-D |
| *Gunderson v. F.A. Richard & Associates, Inc., et al.* | 14th Jud. D. Ct. La., 2004-2417-D |
| *Perez v. Manor Care of Carrollwood* | 13th Jud. Cir. Fla., 06-00574-E |

HILSOFT NOTIFICATIONS   PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30F   PHILADELPHIA, PA 1910   T 215-721-2120

24

| | |
|---|---|
| *Pope v. Manor Care of Carrollwood* | 13th Jud. Cir. Fla., 06-01451-B |
| *West v. Carfax, Inc.* | Ohio C.P., 04-CV-1898 (ADL) |
| *Hunsucker v. American Standard Ins. Co. of Wisconsin* | Ark. Cir. Ct., CV-2007-155-3 |
| *In re Conagra Peanut Butter Products Liability Litigation* | N.D. Ga., MDL No. 1845 (TWT) |
| *The People of the State of CA v. Universal Life Resources (Cal DOI v. CIGNA)* | Cal. Super. Ct., GIC838913 |
| *Burgess v. Farmers Insurance Co., Inc.* | D. Okla., CJ-2001-292 |
| *Grays Harbor v. Carrier Corporation* | W.D. Wash., 05-05437-RBL |
| *Perrine v. E.I. Du Pont De Nemours & Co.* | W. Va. Cir. Ct., 04-C-296-2 |
| *In re Alstom SA Securities Litigation* | S.D.N.Y., 03-CV-6595 VM |
| *Brookshire Bros. v. Chiquita (Antitrust)* | S.D. Fla., 05-CIV-21962 |
| *Hoorman v. SmithKline Beecham* | Ill. Cir. Ct., 04-L-715 |
| *Santos v. Government of Guam (Earned Income Tax Credit)* | D. Guam, 04-00049 |
| *Johnson v. Progressive* | Ark. Cir. Ct., CV-2003-513 |
| *Bond v. American Family Insurance Co.* | D. Ariz., CV06-01249-PXH-DGC |
| *In re SCOR Holding (Switzerland) AG Litigation (Securities)* | S.D.N.Y., 04-cv-7897 |
| *Shoukry v. Fisher-Price, Inc. (Toy Safety)* | S.D.N.Y., 07-cv-7182 |
| *In re: Guidant Corp. Plantable Defibrillators Prod's Liab. Litigation* | D. Minn., MDL No. 1708 |
| *Clark v. Pfizer, Inc (Neurontin)* | C.P. Pa., 9709-3162 |
| *Angel v. U.S. Tire Recovery (Tire Fire)* | W. Va. Cir. Ct., 06-C-855 |
| *In re TJX Companies Retail Security Breach Litigation* | D. Mass., MDL No. 1838 |
| *Webb v. Liberty Mutual Insurance Co.* | Ark. Cir. Ct., CV-2007-418-3 |
| *Shaffer v. Continental Casualty Co. (Long Term Care Ins.)* | C.D. Cal., SACV06-2235-PSG |
| *Palace v. DaimlerChrysler (Defective Neon Head Gaskets)* | Ill. Cir. Ct., 01-CH-13168 |
| *Lockwood v. Certegy Check Services, Inc. (Stolen Financial Data)* | M.D. Fla., 8:07-cv-1434-T-23TGW |
| *Sherrill v. Progressive Northwestern Ins. Co.* | 18th D. Ct. Mont., DV-03-220 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (AIG)* | 14th Jud. D. Ct. La., 2004-2417-D |
| *Jones v. Dominion Resources Services, Inc.* | S.D. W. Va., 2:06-cv-00671 |

HILSOFT NOTIFICATIONS   PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

25

| Gunderson v. F.A. Richard & Assocs., Inc. (Wal-Mart) | 14th Jud. D. Ct. La., 2004-2417-D |
| In re Trans Union Corp. Privacy Litigation | N.D. Ill., MDL No. 350 |
| Gudo v. The Administrator of the Tulane Ed. Fund | La. D. Ct., 2007-C-1959 |
| Guidry v. American Public Life Insurance Co. | 14th Jud. D. Ct. La., 2008-3465 |
| McGee v. Continental Tire North America | D.N.J., 2:06-CV-06234 (GEB) |
| Sims v. Rosedale Cemetery Co. | W. Va. Cir. Ct., 03-C-506 |
| Gunderson v. F.A. Richard & Assocs., Inc. (Amerisafe) | 14th Jud. D. Ct. La., 2004-002417 |
| In Re Katrina Canal Breaches Consolidated Litigation | E.D. La., 05-4182 |
| In re Department of Veterans Affairs (VA) Data Theft Litigation | D.D.C., MDL No. 1796 |
| Dolen v. ABN AMRO Bank N.V. (Callable CD's) | Ill. Cir. Ct., 01-L-454 and 01-L-493 |
| Pavlov v. CNA (Long Term Care Insurance) | N.D. Ohio, 5:07cv2580 |
| Steele v. Pergo( Flooring Products) | D. Or., 07-CV-01493-BR |
| Opelousas Trust Authority v. Summit Consulting | 27th Jud. D. Ct. La., 07-C-3737-B |
| Little v. Kia Motors America, Inc. (Braking Systems) | N.J. Super. Ct., UNN-L-0800-01 |
| Boone v. City of Philadelphia (Prisoner Strip Search) | E.D. Pa., 05-CV-1851 |
| In Re Countrywide Customer Data Breach Litigation | W.D. Ky., MDL No.1998 |
| Miller v. Basic Research (Weight-loss Supplement) | D. Utah, 2:07-cv-00871-TS |
| Gunderson v. F.A. Richard & Assocs., Inc. (Cambridge) | 14th Jud. D. Ct. La., 2004-002417 |
| Weiner v. Snapple Beverage Corporation | S.D.N.Y., No. 07-CV-08742 |
| Holk v. Snapple Beverage Corporation | D.N.J., No 3:07-CV-03018-MJC-JJH |
| Coyle v. Hornell Brewing Co. (Arizona Iced Tea) | D.N.J., No. 08-CV-2797-JBS-JS |
| In Re: Heartland Data Security Breach Litigation | S.D. Tex., MDL No. 2046 |
| Satterfield v. Simon & Schuster, Inc. (Text Messaging) | N.D. Cal., No. 06-CV-2893 CW |
| Schulte v. Fifth Third Bank (Overdraft Fees) | N.D. Ill., No. 1:09-CV-06655 |
| Trombley v. National City Bank (Overdraft Fees) | D.D.C., No. 1:10-CV-00232 |
| Vereen v. Lowe's Home Centers (Defective Drywall) | Ga. Super. Ct., SU10-CV-2267B |
| Mathena v. Webster Bank, N.A. (Overdraft Fees) | D. Conn, No. 3:10-cv-01448 |
| Delandro v. County of Allegheny (Prisoner Strip Search) | W.D. Pa., No. 2:06-cv-00927 |

⊢ HILSOFT
⊢ NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

26

| | |
|---|---|
| *Gunderson v. F.A. Richard & Assocs., Inc. (First Health)* | 14th Jud. D. Ct. La., 2004-002417 |
| *Williams v. Hammerman & Gainer, Inc. (Hammerman)* | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc. (Risk Management)* | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc. (SIF Consultants)* | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Gwiazdowski v. County of Chester (Prisoner Strip Search)* | E.D. Pa., No. 2:08cv4463 |
| *Williams v. S.I.F. Consultants (CorVel Corporation)* | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Sachar v. Iberiabank Corporation (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *LaCour v. Whitney Bank (Overdraft Fees)* | M.D. Fla., No. 8:11cv1896 |
| *Lawson v. BancorpSouth (Overdraft Fees)* | W.D. Ark., No. 1:12cv1016 |
| *McKinley v. Great Western Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Wolfgeher v. Commerce Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Harris v. Associated Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Case v. Bank of Oklahoma (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Nelson v. Rabobank, N.A. (Overdraft Fees)* | Cal. Super. Ct., No. RIC 1101391 |
| *Fontaine v. Attorney General of Canada (Stirland Lake and Cristal Lake Residential Schools)* | Ont. Super. Ct., 00-CV-192059 CP |
| *Opelousas General Hospital Authority v. FairPay Solutions* | 27th Jud. D. Ct. La., 12-C-1599-C |
| *Marolda v. Symantec Corporation (Software Upgrades)* | N.D. Cal., No. 3:08-cv-05701 |
| *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Economic and Property Damages Settlement* | E.D. La., MDL No. 2179 |
| *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Medical Benefits Settlement* | E.D. La., MDL No. 2179 |
| *Vodanovich v. Boh Brothers Construction (Hurricane Katrina Levee Breaches)* | E.D. La., 05-cv-4191 |
| *Gessele et al. v. Jack in the Box, Inc.* | D. Or., No. 3:10-cv-960 |
| *Duval v. Citizens Financial Group, Inc. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Mosser v. TD Bank, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (Mastercard & Visa)* | E.D.N.Y., MDL No. 1720 |
| *Saltzman v. Pella Corporation (Building Products)* | N.D. Ill., No. 06-cv-4481 |
| *In Re: Zurn Pex Plumbing, Products Liability Litigation* | D. Minn., MDL No. 1958 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE     10300 SW ALLEN BLVD         BEAVERTON, OR 97005     T 503-597-7697
PHILADELPHIA AREA OFFICE  1420 LOCUST ST 30 F         PHILADELPHIA, PA 1910   T 215-721-2120

27

| | |
|---|---|
| *Blahut v. Harris, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Eno v. M & I Marshall & Ilsley Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Casayuran v. PNC Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Anderson v. Compass Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Evans, et al. v. TIN, Inc. (Environmental)* | E.D. La., No. 2:11-cv-02067 |
| *Opelousas General Hospital Authority v. Qmedtrix Systems, Inc.* | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| *Williams v. SIF Consultants of Louisiana, Inc. et al.* | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Miner v. Philip Morris Companies, Inc. et al.* | Ark. Cir. Ct., No. 60CV03-4661 |
| *Fontaine v. Attorney General of Canada (Mistassini Hostels Residential Schools)* | Qué. Super. Ct., No. 500-06-000293-056 & No. 550-06-000021-056 (Hull) |
| *Glube et al. v. Pella Corporation et al. (Building Products)* | Ont. Super. Ct., No. CV-11-4322294-00CP |
| *Yarger v. ING Bank* | D. Del., No. 11-154-LPS |
| *Price v. BP Products North America* | N.D. Ill, No. 12-cv-06799 |
| *National Trucking Financial Reclamation Services, LLC et al. v. Pilot Corporation et al.* | E.D. Ark., No. 4:13-cv-00250-JMM |
| *Johnson v. Community Bank, N.A. et al. (Overdraft Fees)* | M.D. Pa., No. 3:12-cv-01405-RDM |
| *Rose v. Bank of America Corporation, et al. (TCPA)* | N.D. Cal., No. 11-cv-02390-EJD |
| *McGann, et al., v. Schnuck Markets, Inc. (Data Breach)* | Mo. Cir. Ct., No. 1322-CC00800 |
| *Simmons v. Comerica Bank, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical, LLC, et al. v. Bestcomp, Inc., et al.* | 27th Jud. D. Ct. La., No. 09-C-5242-B |
| *Simpson v. Citizens Bank (Overdraft Fees)* | E.D. Mich, No. 2:12-cv-10267 |
| *In re: Plasma-Derivative Protein Therapies Antitrust Litigation* | N.D. Ill, No. 09-CV-7666 |
| *In re: Dow Corning Corporation (Breast Implants)* | E.D. Mich., No. 00-X-0005 |
| *Mello et al v. Susquehanna Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Crystle Wong v. Alacer Corp. (Emergen-C)* | Cal. Super. Ct., No. CGC-12-519221 |
| *In re American Express Anti-Steering Rules Antitrust Litigation (II) (Italian Colors Restaurant)* | E.D.N.Y., No. 11-MD-2221 |
| *Costello v. NBT Bank (Overdraft Fees)* | Sup. Ct. Del Cnty., N.Y., No. 2011-1037 |

Hilsoft-cv-132

├ HILSOFT
├ NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

28

# Attachment 2

**Deepwater Horizon Oil Spill Settlement**
**Claim Deadline Notice**
**Local Newspaper List**
4-Feb-15

HILSOFT NOTIFICATIONS

## Alabama

| Coverage | Publication | Language | Insertions | Ad Size |
|---|---|---|---|---|
| Alexander City | Alexander City Outlook | English | 2 | 1/2 Page H. |
| Anniston | Anniston Star | English | 2 | 1/2 Page H. |
| Athens | Athens News Courier | English | 2 | 1/2 Page H. |
| Bessemer | Bessemer Western Star | English | 2 | 1/2 Page H. |
| Birmingham | Birmingham News | English | 2 | 1/2 Page H. |
| Oneonta | Blount Countian | English | 2 | 1/2 Page H. |
| Gilbertown | Choctaw Sun-Advocate | English | 2 | 1/2 Page H. |
| Phenix City | Citizen Of East Alabama | English | 2 | 1/2 Page H. |
| Clanton | Clanton Advertiser | English | 2 | 1/2 Page H. |
| Heflin | Cleburne News | English | 2 | 1/2 Page H. |
| Cullman | Cullman Times | English | 2 | 1/2 Page H. |
| Decatur | Decatur Daily | English | 2 | 1/2 Page H. |
| Demopolis | Demopolis Times | English | 2 | 1/2 Page H. |
| Dothan | Dothan Eagle | English | 2 | 1/2 Page H. |
| Enterprise | Enterprise Ledger | English | 2 | 1/2 Page H. |
| Eufaula | Eufaula Tribune | English | 2 | 1/2 Page H. |
| Fayette | Fayette Times-Record | English | 2 | 1/2 Page H. |
| Flomaton | Flomaton Tri-City Ledger | English | 2 | 1/2 Page H. |
| Florala | Florala News | English | 2 | 1/2 Page H. |
| Florence | Florence Times Daily | English | 2 | 1/2 Page H. |
| Fort Payne | Fort Payne Times-Journal | English | 2 | 1/2 Page H. |
| Russellville | Franklin County Times | English | 2 | 1/2 Page H. |
| Gadsden | Gadsden Times | English | 2 | 1/2 Page H. |
| Geneva | Geneva Newspapers Combo | English | 2 | 1/2 Page H. |
| Greenville | Greenville Advocate | English | 2 | 1/2 Page H. |
| See Below | Gulf Coast Newspapers Combo* | See below | See below | See below |
| Fairhope | Baldwin Times | English | 2 | 1/2 Page H. |
| Fairhope | Fairhope Courier | English | 2 | 1/2 Page H. |
| Foley | Foley Onlooker | English | 2 | 1/2 Page H. |
| Foley | Gulf Coast Islander | English | 2 | 1/2 Page H. |
| Robertsdale | Robertsdale Independent | English | 2 | 1/2 Page H. |
| Guntersville | Guntersville Advertiser-Gleam | English | 2 | 1/2 Page H. |
| Haleyville | Haleyville Northwest Alabamian | English | 2 | 1/2 Page H. |
| Hamilton | Hamilton Journal Record | English | 2 | 1/2 Page H. |
| Huntsville | Huntsville Times | English | 2 | 1/2 Page H. |
| Jackson | Jackson South Alabamian | English | 2 | 1/2 Page H. |
| Jasper | Jasper Daily Mountain Eagle | English | 2 | 1/2 Page H. |
| Vernon | Lamar Democrat & The Sulligent News | English | 2 | 1/2 Page H. |
| Mobile | Mobile Press-Register | English | 2 | 1/2 Page H. |
| Monroeville | Monroe Journal | English | 2 | 1/2 Page H. |
| Montgomery | Montgomery Advertiser | English | 2 | 1/2 Page H. |
| See Below | Montgomery Independent / Millbrook Independent Combo* | English | See below | See below |
| Montgomery | Montgomery Independent | English | 2 | Full Page |
| Montgomery | Millbrook Independent | English | 2 | Full Page |
| Gardendale | North Jefferson News | English | 2 | 1/2 Page H. |
| Opp | Opp News | English | 2 | 1/2 Page H. |
| Roanoke | Randolph Leader | English | 2 | 1/2 Page H. |
| Albertville | Sand Mountain Reporter | English | 2 | 1/2 Page H. |
| Scottsboro | Scottsboro Daily Sentinel | English | 2 | 1/2 Page H. |
| Selma | Selma Times-Journal | English | 2 | 1/2 Page H. |
| Columbiana | Shelby County Reporter | English | 2 | 1/2 Page H. |
| Pell City | St. Clair News-Aegis | English | 2 | 1/2 Page H. |
| Livingston | Sumter County Record-Journal | English | 2 | 1/2 Page H. |
| Sylacauga | Sylacauga Daily Home | English | 2 | 1/2 Page H. |
| Wetumpka | Tallassee Tribune | English | 2 | 1/2 Page H. |
| Troy | Troy Messenger | English | 2 | 1/2 Page H. |
| Tuscaloosa | Tuscaloosa News | English | 2 | 1/2 Page H. |
| Lanett | Valley Times-News -Lanett | English | 2 | 1/2 Page H. |
| Citronelle | Washington County News - Alabama | English | 2 | 1/2 Page H. |
| Wetumpka | Wetumpka Eclectic Observer | English | 2 | 1/2 Page H. |
| Wetumpka | Wetumpka Herald | English | 2 | 1/2 Page H. |
| | TOTAL INSERTIONS | | 118 | |

## Florida

| Coverage | Publication | Language | Insertions | Ad Size |
|---|---|---|---|---|
| Alachua | Alachua County Today | | 2 | 1/2 Page H. |
| See Below | Apalachicola and Carrebelle Times/Port St. Joe Star Combo* | See below | See below | See below |
| Apalachicola | Apalachicola and Carrebelle Times | English | 2 | 1/2 Page H. |
| Port Saint Joe | Port Saint Joe Star | English | 2 | 1/2 Page H. |
| Arcadia | Arcadian | English | 2 | Full Page |
| Blountstown | Blountstown County Record | English | 2 | 1/2 Page H. |
| Boca Grande | Boca Beacon | English | 2 | Full Page |
| Bokeelia | Bokeelia Pine Island Eagle | English | 2 | Full Page |
| Naples | Bonita Banner | English | 2 | 1/2 Page H. |
| Pompano Beach | Boynton Forum | English | 2 | Full Page |
| Bradenton | Bradenton Herald | English | 2 | 1/2 Page H. |
| Brandon | Brandon News | English | 2 | 1/2 Page H. |
| Bristol | Bristol Calhoun-Liberty Journal | English | 2 | 1/2 Page H. |
| Cape Coral | Cape Coral Breeze | English | 2 | 1/2 Page H. |
| Tampa | Carrollwood News | English | 2 | 1/2 Page H. |
| Port Charlotte | Charlotte Sun | English | 2 | 1/2 Page H. |
| Chattahoochee | Chattahoochee Twin City News | English | 2 | 1/2 Page H. |
| See Below | Chiefland Citizen/Tri-County Bulletin/Cedar Key Beacon/Williston Pioneer Sun News* | See below | See below | See below |
| Cedar Key | Cedar Key Beacon | English | 2 | Full Page |
| Chiefland | Chiefland Citizen | English | 2 | Full Page |
| Chiefland | Tri-County Bulletin | English | 2 | Full Page |
| Williston | Williston Pioneer Sun News | English | 2 | Full Page |
| Crystal River | Citrus County Chronicle | English | 2 | 1/2 Page H. |
| Naples | Collier Citizen | English | 2 | 1/2 Page H. |
| Crestview | Crestview News Bulletin | English | 2 | 1/2 Page H. |
| Destin | Destin Log | English | 2 | 1/2 Page H. |
| Cross City | Dixie County Advocate | English | 2 | 1/2 Page H. |
| Tavernier | Florida Keys Keynoter | English | 2 | 1/2 Page H. |
| Fort Myers Beach | Fort Myers Beach Observer | English | 2 | Full Page |
| Fort Myers | Fort Myers News-Press | English | 2 | 1/2 Page H. |
| Fort Lauderdale Area | Forum Publishing Group - Weeklies* | English | See below | See below |
| Pompano Beach | Boca Raton Forum (East) | English | 2 | Full Page |
| Pompano Beach | Boynton Forum | English | 2 | Full Page |
| Deerfield Beach | Broward Hi-Riser | English | 2 | Full Page |
| Pompano Beach | Coral Springs/Parkland/Coconut Creek/Margate Forum | English | 2 | Full Page |
| Pompano Beach | Deerfield/Pompano/Lighthouse Point Forum | English | 2 | Full Page |
| Pompano Beach | Delray Forum | English | 2 | Full Page |
| Deerfield Beach | East Side Forum | English | 2 | Full Page |
| Pompano Beach | Forum of Sunrise/Tamarac Lauderhill/N. Lauderdale | English | 2 | Full Page |
| Pompano Beach | Lake Worth Forum | English | 2 | Full Page |
| Pompano Beach | Live Wellington | English | 2 | Full Page |
| Deerfield Beach | Plantation/Davie Cooper City Forum | English | 2 | Full Page |
| Pompano Beach | West Boca Forum | English | 2 | Full Page |
| Quincy | Gadsden County Times | English | 2 | 1/2 Page H. |
| Gainesville | Gainesville Guardian | English | 2 | 1/2 Page H. |
| Gainesville | Gainesville Record | English | 2 | 1/2 Page H. |
| Gainesville | Gainesville Sun | English | 2 | Full Page |
| Trenton | Gilchrist County Journal | English | 2 | 1/2 Page H. |
| Graceville | Graceville News | English | 2 | 1/2 Page H. |
| Gulf Breeze | Gulf Breeze News | English | 2 | 1/2 Page H. |
| Havana | Havana Herald | English | 2 | 1/2 Page H. |
| De Funiak Springs | Herald Breeze | English | 2 | 1/2 Page H. |
| Sebring | Highlands Today | English | 2 | 1/2 Page H. |
| Bonifay | Holmes County Times-Advertiser | English | 2 | 1/2 Page H. |
| Marianna | Jackson County Floridan | English | 2 | 1/2 Page H. |
| Jasper | Jasper News | English | 2 | 1/2 Page H. |
| Key Biscayne | Key Biscayne Islander News | English | 2 | Full Page |
| Key West | Key West Citizen | English | 2 | 1/2 Page H. |
| Lake City | Lake City News Advertiser | English | 2 | Full Page |
| Lake Wales | Lake Wales News/Frostproof News Combo* | English | See below | See below |
| Frostproof | Frostproof News | English | 2 | Full Page |
| Lake Wales | Lake Wales News | English | 2 | Full Page |
| Lakeland | Lakeland Ledger | English | 2 | 1/2 Page H. |
| Lehigh Acres | Lehigh Acres Citizen | English | 2 | Full Page |
| Lehigh Acres | Lehigh News Star | English | 2 | 1/2 Page H. |

| City | Publication | Language | Insertions | Size |
|---|---|---|---|---|
| Longboat Key | Longboat Observer | English | 2 | Full Page |
| Madison | Madison County Carrier | English | 2 | 1/2 Page H. |
| Madison | Madison Enterprise Recorder | English | 2 | 1/2 Page H. |
| Marco Island | Marco Eagle | English | 2 | 1/2 Page H. |
| Marco Island | Marco Island Sun Times | English | 2 | 1/2 Page H. |
| Live Oak | Mayo Free Press | English | 2 | 1/2 Page H. |
| Miami | Miami Herald | English | 2 | 1/2 Page H. |
| Monticello | Monticello News | English | 2 | 1/2 Page H. |
| Naples | Naples Daily News | English | 2 | 1/2 Page H. |
| Navarre | Navarre Press | English | 2 | 1/2 Page H. |
| Cape Coral | North Fort Myers Neighbor | English | 2 | 1/2 Page H. |
| Tampa | Northeast News | English | 2 | Full Page |
| Fort Walton Beach | Northwest Florida Daily News | English | 2 | 1/2 Page H. |
| Tampa | Northwest News | English | 2 | 1/2 Page H. |
| Palm Beach Gardens | Palm Beach Gardens Jupiter | English | 2 | 1/2 Page H. |
| Panama City | Panama City News Herald | English | 2 | Full Page |
| Pensacola | Pensacola News Journal | English | 2 | 1/2 Page H. |
| Plant City | Plant City Courier | English | 2 | 1/2 Page H. |
| See Below | Polk County Democrat/Fort Meade Leader Combo* | See below | See below | See below |
| Bartow | Polk County Democrat | English | 2 | Full Page |
| Bartow | Fort Meade Leader | English | 2 | Full Page |
| Pompano Beach | Pompano Beach Sentry | English | 2 | Full Page |
| Sanibel | Sanibel/Captiva Islander | English | 2 | 1/2 Page H. |
| Milton | Santa Rosa Press Gazette | English | 2 | Full Page |
| Sarasota | Sarasota Herald-Tribune | English | 2 | 1/2 Page H. |
| See Below | Sarasota Observer/Pelican Press Combo* | English | 2 | 1/2 Page H. |
| Sarasota | Sarasota Observer | See below | See below | See below |
| Sarasota | Pelican Press | English | 2 | Full Page |
| Sebring | Sebring News-Sun | English | 2 | Full Page |
| Tampa | South & Central Tampa News | English | 2 | 1/2 Page H. |
| Homestead | South Dade News Leader | English | 2 | 1/2 Page H. |
| Fort Lauderdale | South Florida Sun-Sentinel | English | 2 | 1/2 Page H. |
| Tampa | South Shore News | English | 2 | 1/2 Page H. |
| New Port Richey | Suncoast News - Pasco | English | 2 | 1/2 Page H. |
| Live Oak | Suwannee Democrat | English | 2 | Full Page |
| Perry | Taco Times | English | 2 | 1/2 Page H. |
| Tallahassee | Tallahassee Democrat | English | 2 | 1/2 Page H. |
| Saint Petersburg | Tampa Bay Times | English | 2 | 1/2 Page H. |
| Tampa | Tampa Tribune | English | 2 | 1/2 Page H. |
| Tavernier | Tavernier Reporter | English | 2 | 1/2 Page H. |
| Venice | Venice Gondolier Sun | English | 2 | 1/2 Page H. |
| Crawfordville | Wakulla News | English | 2 | 1/2 Page H. |
| Santa Rosa Beach | Walton Sun | English | 2 | 1/2 Page H. |
| Chipley | Washington County News - Florida | English | 2 | 1/2 Page H. |
| Wauchula | Wauchula Herald-Advocate | English | 2 | 1/2 Page H. |
| Winter Haven | Winter Haven News Chief | English | 2 | 1/2 Page H. |
| Zephyrhills | Zephyrhills News | English | 2 | 1/2 Page H. |
| **TOTAL INSERTIONS** | | | **212** | |

## Louisiana

| Coverage | Publication | Language | Insertions | Ad Size |
|---|---|---|---|---|
| Abbeville | Abbeville Meridional | English | 2 | 1/2 Page H. |
| Alexandria | Alexandria News Weekly | English | 2 | 1/2 Page H. |
| Alexandria | Alexandria Town Talk | English | 2 | 1/2 Page H. |
| Shreveport | Barksdale Warrior | English | 2 | 1/2 Page H. |
| Basile | Basile Weekly | English | 2 | 1/2 Page H. |
| Bastrop | Bastrop Daily Enterprise | English | 2 | 1/2 Page H. |
| Baton Rouge | Baton Rouge Advocate | English | 2 | 1/2 Page H. |
| Deridder | Beauregard Daily News | English | 2 | 1/2 Page H. |
| Bogalusa | Bogalusa Daily News | English | 2 | 1/2 Page H. |
| Marksville | Bunkie Record | English | 2 | 1/2 Page H. |
| Dequincy | Cameron Parish Pilot | English | 2 | 1/2 Page H. |
| Jonesville | Catahoula News Booster | English | 2 | 1/2 Page H. |
| Ferriday | Concordia Sentinel | English | 2 | 1/2 Page H. |
| Crowley | Crowley Post-Signal | English | 2 | 1/2 Page H. |
| Dequincy | Dequincy News | English | 2 | 1/2 Page H. |
| Donaldsonville | Donaldsonville Chief | English | 2 | 1/2 Page H. |
| Eunice | Eunice News | English | 2 | 1/2 Page H. |
| Franklin | Franklin Banner-Tribune | English | 2 | 1/2 Page H. |
| Winnsboro | Franklin Sun | English | 2 | 1/2 Page H. |
| Franklinton | Franklinton Era-Leader | English | 2 | 1/2 Page H. |
| Gonzales | Gonzales Weekly Citizen | English | 2 | 1/2 Page H. |
| Gueydan | Gueydan Journal | English | 2 | 1/2 Page H. |
| Hammond | Hammond Daily Star | English | 2 | 1/2 Page H. |
| See Below | Houma Daily Courier/Daily Comet Combo* | See below | See below | See Above |
| Houma | Houma Daily Courier | English | 2 | See Above |
| Thibodaux | Thibodaux Daily Comet | English | 2 | See Above |
| Jennings | Jennings Daily News | English | 2 | 1/2 Page H. |
| Kaplan | Kaplan Herald | English | 2 | 1/2 Page H. |
| Kinder | Kinder Courier News | English | 2 | 1/2 Page H. |
| Lafayette | Lafayette Daily Advertiser | English | 2 | 1/2 Page H. |
| Lake Charles | Lake Charles American Press | English | 2 | 1/2 Page H. |
| De Ridder | Leesville Daily Leader | English | 2 | 1/2 Page H. |
| Denham Springs | Livingston Parish News | English | 2 | 1/2 Page H. |
| La Place | L'Observateur | English | 2 | 1/2 Page H. |
| Minden | Minden Press-Herald | English | 2 | 1/2 Page H. |
| Monroe | Monroe News-Star | English | 2 | 1/2 Page H. |
| Morgan City | Morgan City Daily Review | English | 2 | 1/2 Page H. |
| Sulphur | Moss Bluff News | English | 2 | 1/2 Page H. |
| Napoleonville | Napoleonville Assumption Pioneer | English | 2 | 1/2 Page H. |
| Natchitoches | Natchitoches Times | English | 2 | 1/2 Page H. |
| New Iberia | New Iberia Daily Iberian | English | 2 | 1/2 Page H. |
| New Orleans | New Orleans Times-Picayune | English | 2 | 1/2 Page H. |
| Oakdale | Oakdale Journal | English | 2 | 1/2 Page H. |
| Opelousas | Opelousas Daily World | English | 2 | 1/2 Page H. |
| Pierre Part | Pierre Part Bayou Journal | English | 2 | 1/2 Page H. |
| Belle Chasse | Plaquemines Gazette | English | 2 | 1/2 Page H. |
| Port Allen | Port Allen West Side Journal | English | 2 | 1/2 Page H. |
| Plaquemine | Postsouth News | English | 2 | 1/2 Page H. |
| Rayne | Rayne Acadian-Tribune | English | 2 | 1/2 Page H. |
| Rayne | Rayne Acadian-Tribune | English | 2 | 1/2 Page H. |
| Ruston | Ruston Daily Leader | English | 2 | 1/2 Page H. |
| Shreveport | Shreveport Times | English | 2 | 1/2 Page H. |
| Metairie | St. Bernard News | English | 2 | 1/2 Page H. |
| Arabi | St. Bernard Voice | English | 2 | 1/2 Page H. |
| Boutte | St. Charles Herald-Guide | English | 2 | 1/2 Page H. |
| Saint Francisville | St. Francisville Democrat | English | 2 | 1/2 Page H. |
| Saint Martinville | St. Martinville Teche News | English | 2 | 1/2 Page H. |
| Covington | St. Tammany Farmer | English | 2 | 1/2 Page H. |
| Sulphur | Sulphur Southwest Daily News | English | 2 | 1/2 Page H. |
| Vacherie | Vacherie Enterprise | English | 2 | 1/2 Page H. |
| Ville Platte | Ville Platte Gazette | English | 2 | 1/2 Page H. |
| Ville Platte | Ville Platte Gazette | English | 2 | 1/2 Page H. |
| Sulphur | Vinton News | English | 2 | 1/2 Page H. |
| Winnfield | Winn Parish Enterprise | English | 2 | 1/2 Page H. |
| Zachary | Zachary Plainsman-News | English | 2 | 1/2 Page H. |
| | | **TOTAL INSERTIONS** | **128** | |

## Mississippi

| Coverage | Publication | Language | Insertions | Ad Size |
|---|---|---|---|---|
| Batesville | Batesville Panolian | English | 2 | 1/2 Page H. |
| Biloxi | Biloxi D'Iberville Press | English | 2 | 1/2 Page H. |
| Biloxi-Gulfport | Biloxi-Gulfport Sun Herald | English | 2 | 1/2 Page H. |
| Booneville | Booneville Banner-Independent | English | 2 | 1/2 Page H. |
| Brookhaven | Brookhaven Daily Leader | English | 2 | 1/2 Page H. |
| Carthage | Carthaginian | English | 2 | 1/2 Page H. |
| Houston | Chickasaw Journal/Shopper Plus Combo | English | 2 | 1/2 Page H. |
| Clarksdale | Clarksdale Press Register | English | 2 | Full Page |
| Cleveland | Cleveland Bolivar Commercial | English | 2 | 1/2 Page H. |
| Columbia | Columbian-Progress | English | 2 | 1/2 Page H. |
| Columbus | Columbus Commercial Dispatch | English | 2 | 1/2 Page H. |
| Columbus | Columbus Packet | English | 2 | Full Page |
| Corinth | Corinth Daily Corinthian | English | 2 | 1/2 Page H. |
| Rolling Fork | Deer Creek Pilot | English | 2 | 1/2 Page H. |
| Memphis | Desoto Appeal | English | 2 | 1/2 Page H. |
| Hernando | Desoto Times-Tribune | English | 2 | Full Page |
| Indianola | Enterprise-Tocsin | English | 2 | Full Page |
| Lucedale | George County Times | English | 2 | 1/2 Page H. |
| Leakesville | Greene County Herald | English | 2 | 1/2 Page H. |
| Greenville | Greenville Delta Democrat-Times | English | 2 | Full Page |
| Greenwood | Greenwood Commonwealth | English | 2 | 1/2 Page H. |
| Grenada | Grenada Star | English | 2 | 1/2 Page H. |
| Hattiesburg | Hattiesburg Lamar Times | English | 2 | Full Page |
| See Below | Jackson Clarion Ledger/Hattiesburg American Combo* | See below | See below | See below |
| Jackson | Jackson Clarion Ledger | English | 2 | 1/2 Page H. |
| Jackson | Hattiesburg American | English | 2 | 1/2 Page H. |
| Bay Springs | Jasper County News | English | 2 | 1/2 Page H. |
| Kosciusko | Kosciusko Star-Herald | English | 2 | 1/2 Page H. |
| Monticello | Lawrence County Press | English | 2 | 1/2 Page H. |
| Macon | Macon Beacon | English | 2 | 1/2 Page H. |
| Mccomb | McComb Enterprise-Journal | English | 2 | 1/2 Page H. |
| Meridian | Meridian Star | English | 2 | 1/2 Page H. |
| Pascagoula | Mississippi Press | English | 2 | 1/2 Page H. |
| Tupelo | N.E. Mississippi Daily Journal | English | 2 | 1/2 Page H. |
| Natchez | Natchez Democrat | English | 2 | 1/2 Page H. |
| Philadelphia | Neshoba Democrat | English | 2 | 1/2 Page H. |
| New Albany | New Albany Gazette | English | 2 | 1/2 Page H. |
| Union | Newton County Appeal | English | 2 | 1/2 Page H. |
| Ocean Springs | Ocean Springs Record | English | 2 | 1/2 Page H. |
| Oxford | Oxford Eagle | English | 2 | 1/2 Page H. |
| Hattiesburg | Petal News | English | 2 | Full Page |
| Picayune | Picayune Item | English | 2 | 1/2 Page H. |
| Pontotoc | Pontotoc Progress | English | 2 | 1/2 Page H. |
| Poplarville | Poplarville Democrat | English | 2 | 1/2 Page H. |
| Prentiss | Prentiss Headlight | English | 2 | 1/2 Page H. |
| Marks | Quitman County Democrat | English | 2 | 1/2 Page H. |
| Brandon | Rankin County News | English | 2 | 1/2 Page H. |
| Bay Saint Louis | Sea Coast Echo | English | 2 | 1/2 Page H. |
| Senatobia | Senatobia Democrat | English | 2 | 1/2 Page H. |
| Holly Springs | South Reporter | English | 2 | 1/2 Page H. |
| Ashland | Southern Advocate | English | 2 | 1/2 Page H. |
| Ripley | Southern Sentinel | English | 2 | 1/2 Page H. |
| Starkville | Starkville Daily News | English | 2 | 1/2 Page H. |
| Wiggins | Stone County Enterprise | English | 2 | 1/2 Page H. |
| Tunica | Tunica Times | English | 2 | 1/2 Page H. |
| Tylertown | Tylertown Times | English | 2 | 1/2 Page H. |
| Vicksburg | Vicksburg Evening Post | English | 2 | 1/2 Page H. |
| Waynesboro | Wayne County News | English | 2 | 1/2 Page H. |
| Louisville | Webster Progress-Times | English | 2 | Full Page |
| West Point | West Point Daily Times Leader | English | 2 | 1/2 Page H. |
| See Below | Winston County Journal/Winston County Red Hill Shopper's Guide Combo* | See below | See below | See below |
| Louisville | Winston County Journal | English | 2 | Full Page |
| Louisville | Winston County Red Hill Shopper's Guide | English | 2 | Full Page |
| Yazoo City | Yazoo Herald | English | 2 | Full Page |
| | | TOTAL INSERTIONS | 124 | |

**Texas**

| Coverage | Publication | Language | Insertions | Ad Size |
|---|---|---|---|---|
| See Below | Advertiser Combo* | See below | See below | See below |
| Alvin, TX | Alvin Advertiser | English | 2 | 1/2 Page H. |
| Alvin, TX | Sun-Advertiser | English | 2 | 1/2 Page H. |
| Atlanta | Atlanta Citizens Journal | English | 2 | 1/2 Page H. |
| Bay City | Bay City Tribune | English | 2 | 1/2 Page H. |
| Baytown | Baytown Sun | English | 2 | 1/2 Page H. |
| Beaumont | Beaumont Enterprise | English | 2 | 1/2 Page H. |
| Bellville | Bellville Times | English | 2 | 1/2 Page H. |
| See Below | Bowie County Citizens Tribune and DeKalb News Combo* | See below | See below | See below |
| New Boston | Bowie County Citizens Tribune | English | 2 | 1/2 Page H. |
| New Boston | DeKalb News | English | 2 | 1/2 Page H. |
| Brenham | Brenham Banner-Press | English | 2 | 1/2 Page H. |
| Center | Center Light & Champion | English | 2 | 1/2 Page H. |
| Clute | Clute Facts | English | 2 | 1/2 Page H. |
| Daingerfield | Daingerfield Steel Country Bee | English | 2 | 1/2 Page H. |
| El Campo | El Campo Leader-News | English | 2 | 1/2 Page H. |
| Rosenberg | Fort Bend Herald | English | 2 | 1/2 Page H. |
| Stafford | Fort Bend/Southwest Star | English | 2 | 1/2 Page H. |
| Galveston | Galveston County Daily News | English | 2 | 1/2 Page H. |
| Winnie | Hometown Press- Houston | English | 2 | 1/2 Page H. |
| Houston | Houston Chronicle | English | 2 | 1/2 Page H. |
| See below | Houston Community Newspapers Group Combo* | See below | See below | See below |
| Houston | Atascocita Observer | English | 2 | 1/2 Page H. |
| Cleveland | Cleveland Advocate | English | 2 | 1/2 Page H. |
| Conroe | Conroe Courier | English | 2 | 1/2 Page H. |
| Houston | Cypress Creek Mirror/Cy-Fair | English | 2 | 1/2 Page H. |
| Houston | Cypress Creek Mirror/Champion Edition | English | 2 | 1/2 Page H. |
| Houston | Cypress Creek Mirror/Cypress | English | 2 | 1/2 Page H. |
| Houston | Dayton News | English | 2 | 1/2 Page H. |
| Houston | Deer Park Broadcaster | English | 2 | 1/2 Page H. |
| Houston | East Montgomery County Observer | English | 2 | 1/2 Page H. |
| Houston | Eastex Advocate | English | 2 | 1/2 Page H. |
| Houston | Examiner - West U/River Oaks/Bellaire | English | 2 | 1/2 Page H. |
| Houston | Friendswood Journal | English | 2 | 1/2 Page H. |
| Houston | Houston Bay Area Citizen | English | 2 | 1/2 Page H. |
| Houston | Houston Examiner Newspaper | English | 2 | 1/2 Page H. |
| Houston | Houston Memorial Examiner | English | 2 | 1/2 Page H. |
| Houston | Houston Spring Observer | English | 2 | 1/2 Page H. |
| Houston | Humble Observer | English | 2 | 1/2 Page H. |
| Houston | Katy Rancher | English | 2 | 1/2 Page H. |
| Houston | Kingwood Observer | English | 2 | 1/2 Page H. |
| Humble | Lake Houston Observer | English | 2 | 1/2 Page H. |
| Houston | Magnolia Potpourri | English | 2 | 1/2 Page H. |
| Pasadena | Pasadena Citizen | English | 2 | 1/2 Page H. |
| Pearland | Pearland Journal | English | 2 | 1/2 Page H. |
| Sugar Land | Sugar Land Sun | English | 2 | 1/2 Page H. |
| Houston | Tomball Potpourri | English | 2 | 1/2 Page H. |
| The Woodlands | Woodlands Villager | English | 2 | 1/2 Page H. |
| Crockett | Houston County Courier | English | 2 | 1/2 Page H. |
| Huntsville | Huntsville Item | English | 2 | 1/2 Page H. |
| Edna | Jackson County Herald-Tribune | English | 2 | 1/2 Page H. |
| Jasper | Jasper Newsboy | English | 2 | 1/2 Page H. |
| Katy | Katy Times | English | 2 | 1/2 Page H. |
| Marshall | Marshall News Messenger | English | 2 | 1/2 Page H. |
| Mount Pleasant | Mt. Pleasant Daily Tribune | English | 2 | 1/2 Page H. |
| Newton | Newton County News | English | 2 | 1/2 Page H. |
| Orange | Orange Leader | English | 2 | 1/2 Page H. |
| Pearland | Pearland Reporter News | English | 2 | 1/2 Page H. |
| Livingston | Polk County Enterprise | English | 2 | 1/2 Page H. |
| Port Arthur | Port Arthur News | English | 2 | 1/2 Page H. |
| Texarkana | Texarkana Gazette | English | 2 | 1/2 Page H. |
| Texas City | Texas City Post | English | 2 | 1/2 Page H. |
| Livingston | Trinity Standard | English | 2 | 1/2 Page H. |
| | | **TOTAL INSERTIONS** | **120** | |

# Attachment 3

# Deepwater Horizon Oil Spill

## *Economic and Property Damages Settlement*

# The Deadline to file a Claim is June 8, 2015

**June 8, 2015** has been established as the deadline to submit a claim in the Economic and Property Damages ("E&PD") Settlement with BP Exploration & Production Inc. and BP America Production Company ("BP") related to the Deepwater Horizon Oil Spill. So if you are eligible to file a claim, you must act soon.

### WHO IS INCLUDED?

The E&PD Settlement Class includes people, businesses, other entities, and properties in the states of Louisiana, Alabama and Mississippi, and certain counties in Texas and Florida, that were harmed by the Deepwater Horizon oil spill that occurred on April 20, 2010. The website www.DeepwaterHorizonSettlements.com has detailed descriptions and maps of the included geographic locations to help you determine whether you are a part of the E&PD Settlement Class. Additionally, you can call 1-866-992-6174 or e-mail questions@DeepwaterHorizonEconomicSettlement.com to find out if a geographic location is included.

### WHAT ARE THE PAYMENT CATEGORIES?

The settlement provides payments if you had economic loss or property damage because of the Deepwater Horizon oil spill. By submitting a claim, you can request a payment in one or more of the following seven categories:

■ Economic Damage  ■ Loss of Subsistence  ■ Vessel Physical Damage
■Real Property Sales Damage  ■ Vessels of Opportunity Charter Payment
■ Coastal Real Property Damage  ■ Wetlands Real Property Damage

**Economic Damage** payments are available for Individuals and Entities that lost profits or earnings as a result of the Deepwater Horizon Incident. **Coastal Real Property** payments are available for property that was physically damaged in connection with the Deepwater Horizon Incident. Detailed descriptions of all seven categories are available at the website.

There is no limit on the total dollar amount of the E&PD Settlement. All qualified and timely claims will be paid in full once they are approved. The Settlement also allowed for Seafood Compensation claims, but the deadline for those claims has passed.

### HOW DO I REQUEST A PAYMENT?

You must submit a Claim Form to request a payment. You can get a copy of the various Claim Forms by visiting the website or by calling 1-866-992-6174. Claims can be submitted online or by mail. If you have questions about how to file your claim, you should call the toll-free number for assistance. The claims process can be complex, so if you are eligible to file a claim, you should act now so you may complete your claim before the **June 8, 2015** deadline.

**www.DeepwaterHorizonSettlements.com ● 1-866-992-6174**

**Notice Administrator for**
**U.S. District Court**
**Post Office Box 1439**
**Hammond, LA 70404-1439**

F-Name MI L-Name
Street Address 1
Street Address 2
City, ST Zip

**June 8, 2015** has been established as the deadline to submit a claim in the Economic and Property Damages ("E&PD") Settlement with BP Exploration & Production Inc. and BP America Production Company ("BP") related to the Deepwater Horizon oil spill.

**Why did I receive this notice?**  You are receiving this notice because you have been identified as a possible member of the E&PD Settlement Class, or you have previously inquired about the Settlement.  The E&PD Settlement Class includes people, businesses, other entities, and properties in the states of Louisiana, Alabama and Mississippi, and certain counties in Texas and Florida, that were harmed by the Deepwater Horizon oil spill that occurred on April 20, 2010.

**What are the payment categories?**  The settlement provides payments if you had economic loss or property damage because of the Deepwater Horizon oil spill.  By submitting a claim, you can request a payment in one or more of the following seven categories:

> ■ Economic Damage   ■ Loss of Subsistence   ■ Vessel Physical Damage
> ■ Real Property Sales Damage   ■ Vessels of Opportunity Charter Payment
> ■ Coastal Real Property Damage   ■ Wetlands Real Property Damage

**Economic Damage** payments are available for Individuals and Entities that lost profits or earnings as a result of the Deepwater Horizon Incident.  **Coastal Real Property** payments are available for property that was physically damaged in connection with the Deepwater Horizon Incident.  Detailed descriptions of all seven categories are available at the website.

Valid claims are paid once they are approved.  There is no limit on the total dollar amount of the E&PD Settlement.  All qualified and timely claims will be paid in full.  The Settlement also allowed for Seafood Compensation claims, but the deadline for those claims has passed.

**How do I request a payment?**  You must submit a Claim Form to request a payment.  You can get a copy of the various Claim Forms by visiting the website or by calling 1-866-992-6174.  Claims can be submitted online or by mail.  If you have questions about how to file a claim, you should call the toll-free number for assistance.  The claims process can be complex, so if you are eligible to file a claim, you should act now so you may complete your claim before the **June 8, 2015** deadline.

Para obtener una notificación en español, póngase en contacto con
nosotros o visite nuestro sitio web DeepwaterHorizonSettlements.com.
Ñeâ ñôõïc thoâng baùo baèng tieáng Vieät, xin goïi ñieän thoaïi hoaëc
vaøo trang maïng DeepwaterHorizonSettlements.com.

**Questions?  Visit DeepwaterHorizonSettlements.com or call 1-866-992-6174.**

To:      <email-address@domain-name.ext>

From:    Notice Administrator for U.S. District Court[1]

Subject: Court-Directed Legal Notice about Deepwater Horizon Economic and Property Damages Settlement

---

SOURCE: United States District Court for the Eastern District of Louisiana

**June 8, 2015** has been established as the deadline to submit a claim in the Economic and Property Damages ("E&PD") Settlement with BP Exploration & Production Inc. and BP America Production Company ("BP") related to the Deepwater Horizon oil spill.

**Why did I receive this notice?**  You are receiving this notice because you have been identified as a possible member of the E&PD Settlement Class, or you have previously inquired about the Settlement.  The E&PD Settlement Class includes people, businesses, other entities, and properties in the states of Louisiana, Alabama and Mississippi, and certain counties in Texas and Florida, that were harmed by the Deepwater Horizon oil spill that occurred on April 20, 2010.

**What are the payment categories?**  The settlement provides payments if you had economic loss or property damage because of the Deepwater Horizon oil spill.  By submitting a claim, you can request a payment in one or more of the following seven categories:

- Economic Damage ▪ Loss of Subsistence ▪ Vessel Physical Damage
- Real Property Sales Damage ▪ Vessels of Opportunity Charter Payment
- Coastal Real Property Damage ▪ Wetlands Real Property Damage

**Economic Damage** payments are available for Individuals and Entities that lost profits or earnings as a result of the Deepwater Horizon Incident.  **Coastal Real Property** payments are available for property that was physically damaged in connection with the Deepwater Horizon Incident.  Detailed descriptions of all seven categories are available at the website.

Valid claims are paid once they are approved.  There is no limit on the total dollar amount of the E&PD Settlement.  All qualified and timely claims will be paid in full.  The Settlement also allowed for Seafood Compensation claims, but the deadline for those claims has passed.

**How do I request a payment?**  You must submit a Claim Form to request a payment.  You can get a copy of the various Claim Forms by visiting the website or by calling 1-866-992-6174.  Claims can be submitted online or by mail.  If you have questions about how to file a claim, you should call the toll-free number for assistance.  The claims process can be complex, so if you are eligible to file a claim, you should act now so you may complete your claim before the **June 8, 2015** deadline.

Para obtener una notificación en español, póngase en contacto con
nosotros o visite nuestro sitio web DeepwaterHorizonSettlements.com.
Ñeã ñöôïc thoâng baùo baèng tieáng Vieät, xin goïi ñieän thoaïi hoaëc
vaøo trang maïng DeepwaterHorizonSettlements.com.

## Questions?  Visit **DeepwaterHorizonSettlements.com** or call **1-866-992-6174.**

---

[1] The sender display name should be "Notice Administrator for U.S. District Court"
From: "Notice Administrator for U.S. District Court" <administrator@DeepwaterHorizonEconomicSettlement.com>

**Deepwater Horizon Oil Spill Settlement – Claim Deadline Notice**
**:30 Second Television and Radio Script**
**2/12/15**

June 8th, 2015 is the deadline to submit an economic or property damage claim related to the Deepwater Horizon oil spill.

If you are eligible, act now in order to complete your claim before the June 8th, 2015 deadline.

For more information, go to Deepwater HorizonSettlements.com or call 1-866-992-6174.

*Deepwater Horizon Oil Spill Litigation*
*Economic and Property Damage – Claim Deadline*
**Internet Banner Notice**

**Online Display (728 x 90)–**
Frame 1: Visible for 7 seconds.

LEGAL NOTICE FROM U.S. COURT
**June 8, 2015 is the Deadline to file a Claim in the Deepwater Horizon Oil Spill Economic and Property Damages Settlement.**
www.DeepwaterHorizonSettlements.com

Frame 2: Visible for 3 seconds.

LEGAL NOTICE FROM U.S. COURT
*Click here for more information.*
www.DeepwaterHorizonSettlements.com

**Online Display (300 x 250) –**
Frame 1: Visible for 7 seconds.

LEGAL NOTICE FROM U.S. COURT
**June 8, 2015 is the Deadline to file a Claim in the Deepwater Horizon Oil Spill Economic and Property Damages Settlement.**
www.DeepwaterHorizonSettlements.com

Frame 2: Visible for 3 seconds.

LEGAL NOTICE FROM U.S. COURT
*Click here for more information.*
www.DeepwaterHorizonSettlements.com

## June 8, 2015 Claim Filing Deadline Set for Deepwater Horizon Economic and Property Damages Settlement.

New Orleans, LA, **Month Day, 2015** / PR Newswire / -- **June 8, 2015** has been established as the deadline to submit a claim in the Economic and Property Damages ("E&PD") Settlement with BP Exploration & Production Inc. and BP America Production Company ("BP") related to the Deepwater Horizon Oil Spill. All eligible Class Members must act soon.

The E&PD Settlement Class includes people, businesses, other entities, and properties in the states of Louisiana, Alabama and Mississippi, and certain counties in Texas and Florida, that were harmed by the Deepwater Horizon oil spill that occurred on April 20, 2010. The website www.DeepwaterHorizonSettlements.com has detailed descriptions and maps of the included geographic locations to help Class Members determine whether they are a part of the E&PD Settlement Class. Additionally, Class Members can call 1-866-992-6174 or e-mail questions@DeepwaterHorizonEconomicSettlement.com to find out if a geographic location is included.

The settlement provides payments for economic loss or property damage because of the Deepwater Horizon oil spill. By submitting a claim, Class Members can request a payment in one or more of the following seven categories:

- Economic Damage
- Loss of Subsistence
- Vessel Physical Damage
- Real Property Sales Damage
- Vessels of Opportunity Charter Payment
- Coastal Real Property Damage
- Wetlands Real Property Damage

**Economic Damage** payments are available for Individuals and Entities that lost profits or earnings as a result of the Deepwater Horizon Incident. **Coastal Real Property** payments are available for property that was physically damaged in connection with the Deepwater Horizon Incident. Detailed descriptions of all seven categories are available at the website.

There is no limit on the total dollar amount of the E&PD Settlement. All qualified and timely claims will be paid in full once they are approved. The Settlement also allowed for Seafood Compensation claims, but the deadline for those claims has passed.

Class Members must submit a Claim Form to request a payment. Class Members can get a copy of the various Claim Forms by visiting the website or by calling 1-866-992-6174. Claims can be submitted online or by mail. The claims deadline is **June 8, 2015**.

# # #

/CONTACT: Press Only: Class Counsel TBD
BP: TBD
/URL: DeepwaterHorizonSettlements.com
/SOURCE: United States District Court for the Eastern District of Louisiana

© 2015 Hilsoft Notifications



PRESORTED
FIRST-CLASS MAIL
US POSTAGE
PAID
CITY, ST
PERMIT #000

Notice Administrator for US District Court
PO Box NNNN
CITY, ST NNNNN-NNNN

**Important legal notice.**

**June 8, 2015 is the deadline to submit an economic or property damage claim related to the Deepwater Horizon oil spill.**