UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BYTHE OIL RIG | * | MDL NO. 2179 |
| DEEPWATER HORIZON IN THE GULF | * | |
| OF MEXICO, ON APRIL 20, 2010 | * | |
| | * | |
| | * | SECTION: J |
| THIS DOCUMENT RELATES TO: 4:12-cv- | * | |
| 03179; HANK J. KIFF V. BP AMERICA | * | JUDGE BARBIER |
| PRODUCTION COMPANY | * | MAG. SHUSHAN |

## MEMORANDUM IN SUPPORT OF MOTION TO SEVER

TO THE HONORABLE COURT:

### I.  INTRODUCTION

1.      On September 11, 2012, Hank J. Kiff ("Kiff") sued BP America Production Company ("BP") for damages in Texas state court after he was severely injured while working on his own vessel, the M/V *Master C*, in the course and scope of his employment as a borrowed employee for BP in the Vessels of Opportunity program ("VoO") following the Deepwater Horizon oil spill.

2.      On October 24, 2012, BP moved for Kiff's case to be removed to the United States District Court for the Southern District of Texas. *See Hank J. Kiff v. BP America Production Company*, in the Southern District of Texas, Houston Division, CA. No. 4:12-cv-03179, D.E. 1.

3.      On October 25, 2012, BP filed its Notice of Related Action listing Kiff's case as a "potential tag-along action that relates to the cases which have been consolidated as *In re: Oil Spill By The Oil Rig "Deepwater Horizon" In The Gulf of Mexico On April 20, 2010*, MDL 2179." *See* D.E. 1164.

4.      On October 31, 2012, the United States Judicial Panel on Multidistrict Litigation (the "Panel") filed its Notice of Filing of Conditional Transfer Order (D.E. 1165). The Panel stated it "appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Barbier." *See* D.E. 1165. The Conditional Transfer Order did not become effective until it was filed, on November 8, 2012, as D.E. 1170, thus transferring Kiff's case into *In re: Oil Spill By The Oil Rig "Deepwater Horizon" In The Gulf of Mexico On April 20, 2010*, MDL 2179 (the "MDL") under 28 U.S.C. § 1407.

## II.  ARGUMENT

5.      A court may conduct separate trials or sever any claim presented or any party to a suit. Fed. R. Civ. P. 21; *see Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). Indeed, this Court has broad discretion to sever claims from a lawsuit (*see Anderson v. Red River Waterway Comm'n*, 231 F.3d 211 (5th Cir. 2000)) and has exercised that authority on numerous occasions in this case. *See, e.g.,* D.E.s 4327, 4548, 5915, 1511, and 4377. The Court should grant Kiff's Motion to Sever his case from the MDL because Kiff's claims involve a controversy and dispute arising from a separate and distinct set of circumstances that are not represented in the current MDL.

6.      The cases properly included in the MDL are those which arise out of the actual explosion on the Deepwater Horizon rig. Although Kiff's claims are related to the oil spill, which is the subject of the MDL, Kiff's action does not arise from his exposure to oil or chemical dispersants. Further, Kiff's claims involve a controversy and dispute arising from a separate and

distinct set of circumstances that are not represented in the current MDL: personal injuries caused by the negligent operation and organization of the VoO.

7. Kiff's case does not have "one more common questions of fact" with the other cases in the MDL and is therefore not benefitted from merged discovery and pre-trial motions for which multidistrict litigation was designed.

8. Severing Kiff's case from the MDL will not result in duplicative discovery or procedure because the negligent acts or omission which led to Kiff's injuries are not related to the causes of the Deepwater Horizon explosion, but instead related to the negligent operation and organization of the VoO program as it specifically relates to Kiff and his vessel, the MV *Master C*. Further, judicial economy will be served if Kiff's case is severed from the MDL because there will be no procedural delays and the time and costs spent trying multiple suits will not be greater than the time and costs spent trying a single suit.

WHEREFORE, Plaintiff, Hank J. Kiff, prays his Motion to Sever be granted, his lawsuit be severed and deconsolidated from the MDL, and transferred back to the U.S. District Court for the Southern District of Texas, Houston Division. Plaintiff, Hank J. Kiff, prays for all other relief to which he may show himself justly entitled.

Respectfully submitted,

**SPAGNOLETTI & CO.**

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Texas SBN 24076708 (PHV)
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:   713 653 5656
Facsimile:    713 653 5656
Email:         mspagnoletti@spaglaw.com
***Attorney for Plaintiff Hank J. Kiff***

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that service of the foregoing was automatically accomplished on all counsel of record through the CM/ECF Notice of Electronic filing, in accordance with the Federal Rules of Civil Procedure on this 23rd day of February, 2015.

                                        */s/ Marcus R. Spagnoletti*
                                        Marcus R. Spagnoletti