UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

REPLY OF THE SPECIAL MASTER
TO RESPONSE BY ANDRY LERNER LLC TO
MOTION FOR RETURN OF PAYMENTS MADE TO TONY RILEY AND OTHERS

Special Master Louis J. Freeh provides this reply to the response [Doc. Rec. 14024] filed by Andry Lerner LLC to the motion [Doc. Rec. 14070] for return of $221,681.62 paid to claimant Tony Riley by the Deepwater Horizon Economic Claims Center ("DHECC"). Riley presented the DHECC with a document he said was an amendment to his 2009 tax return to prove his shrimping revenue. Riley never filed the document with the Internal Revenue Service ("IRS"). Nothing in Andry Lerner's response raises any issue concerning the DHECC's right to repayment.

A.   Riley Did Not File the Amended 2009 "Tax Return" with the IRS

Discussing the purported amended 2009 "tax return" provided by Riley to the DHECC, Andry Lerner says "it is difficult to tell if the tax return at issue was filed and just the tax was not paid. The return at issue was prepared by HRB (H&R Block), which raises issues as to whether it was, in fact, filed." Response at 2. This position has no merit, and raises no disputed issue with the Special Master's uncontroverted evidence.

The purported amended 2009 "tax return" provided by Riley to the DHECC was dated June 5, 2010. *See* Special Master's Memorandum at Ex. A ("Memorandum") [Doc. Rec.

14070]. The 2009 IRS transcript, however, shows that Riley filed no 2009 tax document after May 3, 2010, when Riley received a tax refund. *Id.* at Ex. C. The transcript further does not reflect the filing of any amended tax form for 2009. *Id.*

Another indication that the purported amended 2009 "tax return" was never filed is that the additional tax owed on the purported amended "return" is not shown on the IRS transcript as ever having been due or paid. *Compare* Memorandum at Ex. A at Line 19 (form states additional tax due is $692) *with id.* at Ex. C (tax due per tax return is $517).

The IRS transcript shows other inconsistencies with the purported amended 2009 "tax return." For example, the self-employment income on the IRS transcript differs from the corresponding figure on the purported amended "return." *Compare* Memorandum at Ex. A at Form SE at Line 4 (self-employment income of $3,651) *with id.* at Ex. C (transcript states self-employment income was $1,988).

The self-employment income on the IRS transcript further reveals that Riley did not file with the IRS the Schedule C with alleged fishing income that he submitted to the DHECC. The IRS transcript reports $1,988 in self-employment income, which is from Riley's 2009 truck driving revenue that was shown on a Schedule C that Riley provided the GCCF. *See* Memorandum at Ex. D. On this version of the Schedule C, Riley listed $2,153 in truck driving net profit. *Id.* at Sch. C Line 29 (highlighted in yellow). Net earnings for the self-employment tax are 92.35 percent of the Schedule C net profit. *Id.* at Form SE Line 4 (highlighted in yellow). Here, 92.35 percent of $2,153 is $1,988 — matching the figure that appears on the IRS transcript for Riley's 2009 self-employment income.

Finally, Andry Lerner's unsupported statement that "it is difficult to tell if the tax return at issue was filed and just the tax was not paid" is not sufficient to controvert the

facts set forth in the Special Master's motion for return of payments. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (nonmoving party must by affidavits or other admissible evidence "designate specific facts showing that there is a genuine issue for trial"). Neither Riley nor the alleged return preparer (who refused to be interviewed by the Special Master's investigators) swear to facts other than what is obvious from the IRS transcript, which stands uncontroverted. *See* Order & Reasons on Special Master's Motion for Return of Payment at 18-19 [Doc. Rec. 12794] ("Order & Reasons").

        B.        The Court Previously Considered and Rejected
                  Andry Lerner's Arguments on the Law of Restitution

In its Response, Andry Lerner repeats arguments made in the Thonn case concerning the law of restitution. *See* Order & Reasons at 6. The Court has considered and rejected these arguments. *Id.* at 22-25. Andry Lerner appealed the Order & Reasons to the Fifth Circuit, but voluntarily sought dismissal of the appeal. Nothing in the Response presents any reason to revisit these decided issues.

        C.        Andry Lerner Has Withheld Relevant Information

Andry Lerner provided information on payments made from the proceeds of Riley's DHECC claims, but omitted information required to determine the restitution responsibility of several entities that received a share of these proceeds.

For example, before filing the motion for return of payments, the Special Master asked Andry Lerner to provide the retainer agreement with a claim preparation firm that received $5,411.24 for claimant accounting support. *See* Memorandum at 7 n.1. The agreement is needed to determine if the firm was paid pursuant to a contingency fee agreement, and thus obligated to make restitution. *See* Order & Reasons at 24. Andry Lerner has not provided the retainer agreement for the firm.

Moreover, when Andry Lerner provided the distribution figures revealing that two law firms — David D. Bravo APLC and the Palazzo Law Firm —received referral payments from Riley's claims, the Special Master requested the referral agreements with these firms to determine their restitution obligations.  *See* Order & Reasons at 22-25.  Andry Lerner has not produced these documents either, despite repeated requests from the Special Master.

Until Andry Lerner produces the requested documents, a full determination of restitution responsibility cannot be made.  The Special Master requests that the Court order Andry Lerner to produce the requested documentation promptly.  In any event, Andry Lerner is jointly and severally liable for all attorney fees paid from Riley's claims payments.  *See* Order & Reasons at 26.

### D. Conclusion

The Special Master seeks entry of a judgment requiring Riley to make restitution to the DHECC for $221,681, paid by the DHECC in reliance on Riley's false representations.  All professionals who benefitted from these payments should be required to make restitution, jointly and severally with Riley up to the value of the amounts received as payments.  The Special Master further requests that the Court direct Andry Lerner to promptly produce: (a) its referral agreements with David D. Bravo APLC and the Palazzo Law Firm; and (b) its retainer agreement with the claim preparation firm, Bert F. Verdigets, CPA, L.L.C.

    Respectfully submitted,

    \_\_\_\_/s/  Louis J. Freeh_____
    Louis J. Freeh
    Special Master

Dated:   February 23, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing papers have been served this ___23rd___ day of ___February___, 2015, on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

                                /s/Louis J. Freeh
                                Louis J. Freeh