UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Related to:   12-968 BELO | * | JUDGE BARBIER |
|          in MDL No. 2179 | * | |
| | * | CHIEF MAGISTRATE |
| | * | JUDGE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LEROY G. WILSON, JR., | * | |
| | * | CIVIL ACTION NO. 14-2730 |
|                 PLAINTIFF, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| BP EXPLORATION & PRODUCTION | * | JUDGE BARBIER |
| INC. AND BP AMERICA PRODUCTION | * | |
| COMPANY | * | CHIEF MAGISTRATE |
| | * | JUDGE WILKINSON |
|                 DEFENDANT. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

MEMORANDUM IN SUPPORT OF
BP'S MOTION FOR LEAVE TO FILE
MOTION TO STRIKE JURY TRIAL DEMAND

Plaintiff Wilson demands a jury trial.  Other BELO plaintiffs may follow suit.  In a series of decisions dating back to 2011, however, the Court has held that this group of plaintiffs may only assert maritime claims. Therefore, they are not entitled to a jury trial. Resolution of this important issue will affect all BELO lawsuits that may follow.  Because the BELO Case Management Order ("CMO") limits the subject of the motions that may be filed at this stage of the BELO proceedings,[1] BP seeks leave to file a motion to strike the

---

[1]   BELO Cases Initial Proceedings Case Management Order, § IV (Jan. 30, 2015) [Case 2:10-md-2179, Rec. Doc. 14099]; *Wilson* Initial Proceedings Case Management Order, § IV (Jan. 30, 2015) [Case 2:14-cv-2730, Rec. Doc. 6].

demand for jury trial in the *Wilson* BELO lawsuit. **Plaintiff Wilson consents to this Motion.** This Court is in the best position to decide the issue, and now is the appropriate time to decide it.[2]

## I. THE COURT HAS PREVIOUSLY RULED THAT MARITIME LAW PREEMPTS STATE LAW CLAIMS ASSERTED ON BEHALF OF THE MEDICAL BENEFITS SETTLEMENT CLASS.

To date, there have been three BELO lawsuits filed. Plaintiff Wilson demands a jury trial. Plaintiff Heimgartner had demanded a jury trial; however, he voluntarily dismissed his BELO lawsuit on February 26, 2015.[3] Plaintiff Talley does not demand a jury trial.[4] Future BELO plaintiffs may also make jury demands. In a series of rulings beginning in 2011, this Court has held that the claims of the Medical Benefits Settlement Class sound only in maritime law:

- In August 2011, the Court held that maritime law preempted Plaintiffs' B1 state-law claims for economic injury and dismissed those claims.[5]

- In September 2011, based on that decision, the Court held that maritime law also preempted Plaintiffs' B3 state-law personal injury claims and dismissed those claims as well.[6]

- In April 2012, citing the Court's preemption ruling and dismissal order, the Plaintiffs' Steering Committee filed a Medical Class Action Complaint that

---

[2] The CMO contemplates that some BELO lawsuits may be transferred to other District Courts or assigned to other judges within this District. Because the issue herein is also bears upon future BELO lawsuits, BP requests that this Court decide this Motion *prior to* any transfer or reassignment.

[3] *See Heimgartner v. BP Exploration & Production Inc.*, Civil Action No. 14-2778 [Rec. Docs. 4, 9].

[4] *Talley v. BP Exploration & Production Inc.*, Civil Action No. 14-2802 [Rec. Doc. 1].

[5] Order and Reasons as to Motions to Dismiss the B1 Master Complaint (Aug. 26, 2011) [Case 2:10-md-2179, Rec. Doc. 3830].

[6] Order and Reasons as to Motion to Dismiss the B3 Master Complaint (Sept. 30, 2011) [Case 2:10-md-2179, Rec. Doc. 4159] ("B3 Order").

alleged only maritime claims, expressly designated the case as an admiralty or maritime case, and requested a **non**-jury trial.[7]

- In May 2012, the Court preliminarily approved the Medical Benefits Class Action Settlement Agreement ("MSA"), finding that "the claims of the Medical Benefits Settlement Class are based on General Maritime Law."[8]

- The MSA expressly designates "General Maritime Law" as its governing law.[9]

- And, in January 2013, the Court certified the Medical Benefits Settlement Class, concluding that "[a]ll legal questions arise and would be determined essentially under a common legal framework of general federal maritime law."[10]

Plaintiff Wilson is a member of the Medical Benefits Settlement Class, as are all BELO plaintiffs. The BELO remedy is a creation of the MSA.  Indeed, both the class and the settlement were shaped and limited by the Court's prior order dismissing all state-law claims.[11]

## II.   A RULING FROM THIS COURT WOULD RESOLVE THE ISSUE MOST EFFECTIVELY AND EFFICIENTLY AND AVOID THE RISK OF INCONSISTENT RULINGS BY OTHER TRANSFEREE COURTS AND DISTRICT JUDGES.

Based on the procedural history above, BELO plaintiffs, having only maritime claims, do not have a right to jury trials.  Any uncertainty on this point would be resolved most efficiently by this Court rather than a potential transferee Court or assigned District

---

[7]   Medical Class Action Compl. (Apr. 16, 2012) [Case 2:12-cv-968, Rec. Doc. 1].

[8]   Preliminary Approval Order as to the Proposed Medical Benefits Class Action Settlement (May 2, 2012) [Case 2:10-md-2179, Rec. Doc. 6419].

[9]   *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement § XXX.P (May 1, 2012) [Case 2:10-md-2179, Rec. Doc. 6427-1].

[10]   Order and Reasons Granting Final Approval of the Medical Benefits Class Action Settlement (Jan. 11, 2013) [Case 2:10-md-2179, Rec. Doc. 8217].

[11]   B3 Order.

Judge that does not have the knowledge of the procedural history that led to class certification and approval of the MSA.

First, this Court is most familiar with its prior rulings dismissing state-law claims, certifying the Medical Benefits Settlement Class, and approving the MSA.  It knows the representations made by the Plaintiffs' Steering Committee and the history and rulings that ultimately led to the filing of the Medical Class Action Complaint and "designat[ing] this case as an admiralty or maritime case, and request[ing] a non-jury trial."[12]  This Court is better positioned than any other to know that BELO claims reside exclusively in maritime law with no right to a jury trial.  Because BELO claims arise out a settlement in an MDL proceeding, this Court has been specially charged by the Judicial Panel on Multidistrict Litigation to "eliminate duplicative discovery, *prevent inconsistent pretrial rulings*, including rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary."[13]  The question whether the BELO claims are exclusively non-jury, maritime claims arises out of this Court's previous pretrial rulings that concern class claims, class certification, and class settlement, and this Court should make the further pretrial ruling that answers the question definitively.

Second, the CMO contemplates that BELO lawsuits may be transferred to other district courts or assigned to other judges within this District.  It would be inefficient, and risk inconsistent results, if the common and fundamental issue of the availability of jury trials in BELO lawsuits is briefed and decided multiple times before different courts and judges. The transferee Courts and assigned District Judges will not know, and would need to learn,

---

[12]   Medical Class Action Compl. ¶ 17 (Apr. 16, 2012) [Case 2:12-cv-968, Rec. Doc. 1].

[13]   Transfer Order at 3 [Case 2:10-md-2179, Rec. Doc. 1] (emphasis added).

the extensive history of this MDL proceeding that informs the jury trial issue.  Moreover, for

reasons of efficient judicial management, it would be helpful for transferee courts to know

from the outset that BELO cases will result only in bench trials.

Finally, the right to a jury trial will be an important factor as Plaintiffs consider

whether to pursue a BELO claim, and ultimately, a BELO lawsuit.  A mistaken assumption

that every BELO plaintiff is entitled to a jury trial may encourage the filing of non-

meritorious or frivolous claims, interfere with the BELO mediation process, and prolong the

litigation process.

For these reasons, BP respectfully requests that the Court grant its motion for leave to

file a motion to strike Plaintiff Wilson's demand for jury trial.  The proposed filing is

attached as Exhibit 1.


March 2, 2015                                              Respectfully submitted,


  _/s/ J. Tracey Rogers_____                       __/s/ Kevin M. Hodges_____
J. Tracey Rogers                                          Kevin M. Hodges
BP AMERICA INC.                                      WILLIAMS & CONNOLLY LLP
501 Westlake Park Boulevard                       725 Twelfth Street, N.W.
Houston, TX  77079                                    Washington, D.C. 20005
Telephone:  (281) 366-2000                         Telephone:  (202) 434-5000
Telefax:  (312) 862-2200                             Telefax:  (202) 434-5029

                                                              __/s/ Catherine Pyune McEldowney__
                                                              Catherine Pyune McEldowney
                                                              MARON MARVEL BRADLEY & ANDERSON
                                                              LLC
                                                              1201 North Market Street, Suite 900
                                                              Wilmington, DE 19801
                                                              Telephone:  (302) 425-5177
                                                              Telefax:  (302) 425-0180

_/s/ Don K. Haycraft_

Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

**_ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC._**
**_AND BP AMERICA PRODUCTION COMPANY_**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, on this 2nd day of March, 2015.

<u>/s/ Don K. Haycraft</u>
Don K. Haycraft