UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LEROY G. WILSON, JR., | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO. 14-2730 |
| | * | |
| VERSUS | * | |
| | * | |
| BP EXPLORATION & PRODUCTION INC. AND BP AMERICA PRODUCTION COMPANY, | * * * | JUDGE BARBIER CHIEF MAGISTRATE JUDGE WILKINSON |
| DEFENDANTS. | * | |
| | * | |
| Related to:   12-968 BELO in MDL No. 2179 | * * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF BP'S MOTION
TO STRIKE PLAINTIFF'S DEMAND FOR A JURY TRIAL**

BP respectfully requests that the Court strike Plaintiff Leroy Wilson's ("Wilson") demand for a jury trial. Wilson is a member of the Medical Benefits Settlement Class and brings this Back-End Litigation Option ("BELO") lawsuit pursuant to the Medical Benefits Class Action Settlement Agreement ("MSA"). His claims for relief are governed exclusively by maritime law and do not entitle him to a jury trial.

The Court has ruled that the state law claims (such as for negligence) asserted by class members are "preempted by maritime law."[1] For that reason, Class Counsel explicitly designated the Medical Class Action Complaint as an admiralty or maritime case and requested a ***non***-jury trial. In turn, the MSA, which settled these claims and

---

[1] Order and Reasons as to Motion to Dismiss the B3 Master Complaint, at 5 (Sept. 30, 2011) [Case 2:10-md-2179, Rec. Doc. 4159] ("B3 Order") (emphasis added).

1

established the BELO process for class members seeking compensation for Later-Manifested Physical Conditions ("LMPC"), is also expressly governed by maritime law.[2]

## I. THE FACTS

Plaintiff is a Medical Benefits Settlement Class Member and brings this lawsuit pursuant to the BELO. Wilson contends he was a clean-up worker diagnosed with an LMPC as a result of exposure to the *Deepwater Horizon* spill. He asserts subject-matter jurisdiction pursuant to the MSA, which requires that BELO lawsuits be filed in the United States District Court for the Eastern District of Louisiana.[3] He prays for a jury trial only "*[i]f* allowable under the Settlement terms and the law of this case."[4]

## II. ARGUMENT

### A. No Right to Jury Trial Exists for Maritime Claims.

There is no right to a jury trial for maritime claims. *See Waring v. Clarke*, 46 U.S. 441, 464 (1847) (the Judiciary Act "declares that issues of fact in civil causes of admiralty and maritime jurisdiction shall not be tried by a jury"); *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011) ("[A] suit in admiralty does not carry with it the right to a jury trial."); *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983) (per curiam) ("[T]he Seventh Amendment right to trial by

---

[2]   The CMO contemplates that this BELO lawsuit may be transferred to other District Court or assigned to another judge within this District. Because the issue herein is relates to multiple BELO lawsuits and because of this Court's familiarity with the relevant procedural history, BP requests that this Court decide this Motion *prior to* any transfer or reassignment.

[3]   Wilson Compl. ¶ 2 (Dec. 2, 2014) [Case 2:14-cv-2730, Rec. Doc. 1]; *see generally Deepwater Horizon* Medical Benefits Class Action Settlement Agreement as Amended on May 1, 2012 § VIII (May 3, 2012) [Case 2:10-md-2179, Rec. Doc. 6427-1].

[4]   Wilson Compl. ¶ 12 (emphasis added).

jury in suits at 'common law' applies to diversity suits but not admiralty suits."); *see* Fed. R. Civ. P. 38(e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."). Thus, if Plaintiff can assert maritime claims only, he cannot demand a jury trial.

### B. This Court has Ruled that Maritime Law Preempts All State Law Claims.

During the procedural history leading up to class certification and approval of the MSA, the Court held that maritime law preempts all state law claims.[5] Thus, the claims of the Medical Benefits Settlement Class sound only in maritime and no right to a jury is available. A brief summary of that history is set forth below:

1. To manage efficiently the complex MDL proceedings concerning the spill, the Court organized the various claims into "pleading bundles."[6] The "B1" bundle included claims for private economic loss and property damage.[7] The "B3" bundle claims included those for personal injury resulting from exposure to spilled oil and/or the dispersants used to break up the oil.[8]

---

[5] B3 Order, at 5.

[6] Pretrial Order No. 11 [Case Management Order No. 1], at 2–5 (Oct. 19, 2012) [Case 2:10-md-2179, Rec. Doc. 569] (setting out original pleading bundles); Pretrial Order No. 25 [Clarifying the Pleading Bundles, Responsive Pleadings, and the Master Complaints], at 2 (Jan. 12, 2011) [Case 2:10-md-2179, Rec. Doc. 983] (clarifying that the B3 Bundle would include "all claims for personal injury and/or medical monitoring for exposure or other injury").

[7] B1 Master Complaint (Dec. 15, 2010) [Case 2:10-md-2179, Rec. Doc. 879]; First Amended Master Complaint (Feb. 9, 2011) [Case 2:10-md-2179, Rec. Doc. 1128].

[8] B3 Master Complaint (Dec. 15, 2010) [Case 2:10-md-2179, Rec. Doc. 881]; First Amended B3 Master Complaint (Mar. 30, 2011) [Case 2:10-md-2179, Rec. Doc. 1812].

3

2. The Plaintiffs' Steering Committee filed a B1 Master Complaint and First Amended Master Complaint that alleged claims under general maritime law, the Oil Pollution Act of 1990 and various state laws.[9] Defendants moved to dismiss, *inter alia*, the state-law claims. In a 39-page opinion, the Court held that "[t]his case falls within the Court's admiralty jurisdiction" and that "general maritime law applies to the claims of the B1 Plaintiffs."[10] Because the case "does not concern conduct within state borders (waters)," the Court held that "**state law is inapplicable to this case**."[11] It therefore dismissed Plaintiffs' "common-law claims for nuisance, trespass, and fraudulent concealment," as well as the claims under Florida statutory law.[12]

3. The Plaintiffs' Steering Committee also filed a B3 Master Complaint and First Amended B3 Master Complaint that asserted "general maritime and state law claims . . . for negligence, negligence *per se*, strict products liability, nuisance and battery."[13] In reliance on its Order dismissing the state-law claims in the B1 Master Complaint, the Court granted Defendants' motion to dismiss the state-law claims asserted by the B3 Plaintiffs:

> The claims asserted in the B3 Master Complaint are in many ways analogous to the B1 claims, particularly in that they are brought by private parties for damages (personal injury) resulting from the discharge of oil and subsequent response actions. Moreover,

---

[9] B1 Master Complaint (Dec. 15, 2010) [Case 2:10-md-2179, Rec. Doc. 879]; First Amended Master Complaint (Feb. 9, 2011) [Case 2:10-md-2179, Rec. Doc. 1128].

[10] Order and Reasons as to Motions to Dismiss the B1 Master Complaint, at 8, 11 (Aug. 26, 2011) [Case 2:10-md-2179, Rec. Doc. 3830] ("B1 Order").

[11] *Id*. at 18 (emphasis added).

[12] *Id*.

[13] B3 Order, at 2 (emphasis added).

4

> several issues raised by the instant motions are identical to issues addressed in the B1 Order . . . . ***The B1 Order held that maritime law applied to the B1 claims to the exclusion of state law. Consequently, the claims for negligence, negligence per se, products liability, nuisance, and battery which are asserted under state law are preempted by maritime law***.[14]

4. In accordance with this ruling, Class Counsel filed the Medical Class Action Complaint six months later, which asserted maritime claims only and expressly requested a ***non***-jury trial:

> The claims presented herein are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. ***Plaintiffs hereby designate this case as an admiralty or maritime case, and request a non-jury trial, pursuant to Rule 9(h).***[15]

Class Counsel acknowledged that they did so because the Court's B3 Order meant that no other claims existed:

> On behalf of the Medical Class, the Medical Complaint asserts claims under general maritime law, which sound primarily in negligence and gross negligence. *See* September 30, 2011 Order and Reasons as to Motions to Dismiss B3 Master Complaint (Rec. Doc. 4159) (ruling that uniform maritime law ***preempts*** state law personal injury claims raised in MDL 2179).[16]

5. All of the claims asserted in the Medical Class Action were settled and memorialized in the MSA. In seeking certification of the class for purposes of settlement, Class Counsel acknowledged that "all Class members assert claims under

---

[14] *Id.* at 5 (emphasis added).

[15] Medical Class Action Compl. ¶ 17 (Apr. 16, 2012) [Case 2:12-cv-968, Rec. Doc. 1] (emphasis added).

[16] Mem. of Law in Supp. of Mot. for Certif. of a Rule 23(b)(3) Class for Purposes of Settlement, at 2 (emphasis added)  (Apr. 18, 2012) [2:10-md-2179, Rec. Doc. 6272-1].

5

uniform, general maritime law, as this Court has declared."[17] In giving preliminary approval to the MSA, the Court found that "the claims of the Medical Benefits Settlement Class are based *on General Maritime Law*, a single body of law."[18] It then certified the class, stating: "All legal questions arise and would be determined essentially *under a common legal framework of general federal maritime law* (a species of federal common law). . . . Common questions of law exist because each Class Member must resolve whether BP was legally liable *under general maritime law* for the April 20, 2010 explosion and its aftermath."[19]

6.  In summary, by dismissing the state-law claims alleged in the B3 Complaint as preempted by maritime law, the Court summarily dismissed any state-law claims that class members such as Wilson might have had. For that reason, Class Counsel filed the Medical Class Action Complaint that alleged only maritime claims and expressly sought a *non*-jury trial. The Court certified a settlement class and approved the MSA on the ground that the settled claims are based on maritime law alone. As a party to the Medical Class Action Complaint and a member of the Medical Benefits Settlement Class, Wilson has no other claims and no basis for seeking a jury trial. Indeed, by signing and submitting the Notice of Intent to Sue form, he has made a formal

---

[17] *Id.* at 22; *see also id.* at 12 ("This action has at its core numerous questions of law and fact common to all Class members. Foremost among them is the question of BP's liability under general maritime law for the April 20, 2010, well blowout and explosion aboard the *Deepwater Horizon*.").

[18] Preliminary Approval Order as to the Proposed Medical Benefits Class Action Settlement, at 17 (May 2, 2012) [Case 2:10-md-2179, Rec. Doc. 6419] (emphasis added).

[19] Order and Reasons Granting Final Approval of the Medical Benefits Class Action Settlement, at 37 (Jan. 11, 2013) [Case 2:10-md-2179, Rec. Doc. 8217] (emphases added).

"Acknowledgement of Being Bound by the Terms of the MEDICAL SETTLEMENT AGREEMENT." That Acknowledgement provides that "I hereby expressly acknowledge and agree that I . . . am bound by the terms of the MEDICAL SETTLEMENT AGREEMENT . . . and the limitations on the right to sue in Section VIII of the MEDICAL SETTLEMENT AGREEMENT."

## CONCLUSION

For the reasons set forth herein, BP respectfully requests that the Court strike Wilson's jury demand.

March 2, 2015  Respectfully submitted,

  /s/ J. Tracey Rogers
J. Tracey Rogers
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX  77079
Telephone:  (281) 366-2000
Telefax:  (312) 862-2200

  /s/ Kevin M. Hodges
Kevin M. Hodges
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Telefax:  (202) 434-5029

  /s/ Catherine Pyune McEldowney
Catherine Pyune McEldowney
MARON MARVEL BRADLEY & ANDERSON LLC
1201 North Market Street, Suite 900
Wilmington, DE 19801
Telephone:  (302) 425-5177
Telefax:  (302) 425-0180

  /s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, on this 2nd day of March, 2015.

/s/ Don K. Haycraft
Don K. Haycraft