UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Regarding Alabama Damage Cases – Tel. Conference, Thursday, March 12, 2015]

**1. Alabama's Document Production.**

Alabama has made eight productions. There may be one or two additional smaller productions before it completes its production on March 20, 2014. A few ancillary documents may remain to be produced.

BPXP reported that most of the production continued to come from the Department of Environmental Management. BPXP had not yet been able to determine the source of 300,000 pages that it recently received from Alabama.

**2. Stipulations**.

Alabama and Anadarko asked that this be deferred to the next conference.

**3. Defendants' Motion to Compel Alabama**.

    A. <u>State-owned properties in Mobile and Baldwin counties</u>.

Alabama is making claims on 31 coastal properties in the two counties. BPXP identified 159 properties of interest to it. Many of these properties are off the coast in the northern part of the two counties. BPXP selected the 159 properties based on proximity to the shoreline and recent transactional activity.

Alabama contends that providing the information on 159 properties will impose a significant burden on it. It offered to provide information on 60 properties. BPXP offered to provide assistance to alleviate the burden.

Alabama will discuss with BPXP the scope of the assistance offered and whether it will resolve the burden issue. BPXP noted the March 20 deadline for document production.

B. <u>Recurring revenues</u>.

The parties reported no agreement on whether Alabama was required to provide information on hunting and fishing licenses. Alabama shall provide the information.

**4. BPXP's Production.**

BPXP reported that its production was complete except for two custodial files. It will produce the documents from these files by March 20.

**5. Confidential Information**.

The parties related the history of the issue. Alabama was concerned with: (1) releasing sensitive individual information; and (2) subjecting the individuals to contact by BPXP and others. Alabama redacted samples of the information so BPXP could see the available key information. BPXP responded that a summary of the key information may be sufficient. Alabama produced the summaries first from one department and then a second department. BPXP returned to its original position. It wanted the underlying documents and not summaries.

BPXP responded that the underlying documents are required because Alabama may not be able to link all of the payments to the Macondo spill. The underlying documents also may demonstrate that some claimants should not have received payments.

BPXP proposed measures to protect the confidentiality of the information including: (1) storage of the data on a separate data base; (2) limit access to the separate data base to those

persons who have a need to know the information; (3) transmit the data in an encrypted hard drive; (4) store the hard drive in a secure location; (5) agree not to use the information to contact persons or to share the personal identifying information; and (6) agree not to use of any of the data in connection with the settlement claims process. BPXP maintains facilities in Alabama, for example a petrochemical plant in Decatur, Alabama. It contends a company-wide prohibition on contacting Alabama residents is unreasonable.

BPXP shall put its proposal for protecting the confidentiality of the information in writing. If the parties are unable to resolve the matter before the next conference, they shall notify the Court. A procedure will be set for ruling on the issue.

### 7. **Alabama's Third Party Discovery**.

Alabama reported that the parties were close to resolving the issues on the Polaris production. Production from Danos & Curole was expected shortly. The parties were working on production from CrowderGulf.

Alabama noted a possible issue because some of the BPXP contractors had agreements to return documents to BPXP. Because of the status of third party production, Alabama did not know whether the third parties it was dealing with had returned documents to BPXP.

Alabama may decide not depose any of these third parties. It raised the question of authenticating documents produced by them. The same question is present with the production sought by BPXP from third parties. The Court suggested that the first step was for the parties to identify the documents from the third party production that they may offer at the trial. If the opposing party objects to the authenticity, a Rule 30(b)(6) deposition could be taken to establish authenticity.

8. **BP's Third Party Discovery**.

    A.  Mobile County. BPXP is assessing the completeness of the production. No depositions are set.

    B.  Baldwin County. It is still working on the production. No depositions are set.

    C.  University of Alabama, Gulf Coast Visitor's Bureau, and Alabama Mountain Lake Bureau. Documents were produced. Some issues are being discussed with these parties. The depositions are on hold.

9. **Scheduling Order.**

There was discussion of the submissions on the scheduling order. The parties were in agreement with the exception of the amount of time for depositions of fact witnesses and expert witnesses. The Court reviewed the submissions.

The deadline for completion of fact depositions will be extended to **Monday**, **July 20, 2015**. The deadline for each party to submit an *in camera* list of fact and Rule 30(b)(6) depositions will be extended to **Monday, July 27, 2015**. On **Monday, August 10, 2015**, the Court will announce the number of deposition bundles per party.

The deadline for completion of expert depositions is extended to **Wednesday, December 16, 2015**. On **Monday, January 4, 2016**, the parties shall exchange good faith exhibit lists.

The parties shall put the scheduling order into final form with these dates.

10. **Next Telephone Conference**.

The next telephone conference is on **Thursday, March 26, 2015, at 11:00 a.m**. At least 24 hours before the conference, the parties shall report on the status of any agreement on the outstanding issues and any remaining disagreements.

New Orleans, Louisiana, this 13th day of March, 2015.

                                                             **SALLY SHUSHAN**
                                          **United States Magistrate Judge**