## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | ) | |
| "Deepwater Horizon" in the | ) | **MDL NO. 2179** |
| Gulf of Mexico, on April 20, 2010 | ) | |
| | ) | **SECTION:  J** |
| This filing relates to: | ) | |
| | ) | **JUDGE CARL J. BARBIER** |
| 12-970, *Bon Secour Fisheries, Inc. et al.* | ) | |
| *v. BP Exploration Production Inc.;* | ) | **MAG JUDGE SALLY SHUSHAN** |
| cases within Pleading Bundle B1 | ) | |
| | ) | |
| and All Actions, including | ) | **Oral Argument Requested** |
| Civil Actions 12-2953, 12-964 and | ) | |
| 10-2771 | ) | |

### <u>MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RECONCILIATION OF BRENT COON AND ASSOCIATES OPT-OUT, REVOKED OPT-OUT AND EXCLUDED CLIENTS</u>

## I.    Introduction

More than two full years have now passed since the Court ordered deadline to opt out of the Settlement Agreement.  BCA law firm has repeatedly asked Class Counsel, BP, and the Claims Administrator to reconcile which BCA clients are associated with opt-out, revoked opt out, and excluded categories of the Settlement Agreement.   These requests have fallen on deaf ears resulting in delays to BCA client, the claims administrator wasting its resources investigating claims that are not part of the settlement, and most importantly uncertainty as to who is actually a class member.

The position of BP and Class Counsel has been to wait and sort this out later. However, there are numerous reasons as to why this issue needs to be resolved, sooner rather than later. First, sufficient time has elapsed that these issues should already have been sorted out.  Second, waiting my prejudice some claimants who are mistaken about whether or not they are actually members of the class.   Finally, and

most importantly, the DHECC continues to waste its resources investigating claims that are not part of the settlement because they have not received a clear mandate from BP and their own internal "exclusions" department.

On or about December 19, 2014, the Court set the Final deadline for filing claims in the Economic and Property Damages Settlement on June 8, 2015.    Claimants who are unsure about their status will be forced to filed claims prior to that deadline or forever be barred from seeking restitution for the spill related losses.    While one would think that the issues concerning the opt-out claimants should have been resolved months ago, they have not.    BCA employees continue to have to get one-off confirmation that a client is opted out on a continuing and regular basis.

## II.    Background

On December 21, 2012 Judge Barbier issued an Order and Judgment Granting Final Approval of the Settlement Agreement.[1] According to Item 18 of the Order, the Court retains continuing jurisdiction over the "qualified settlement fund" associated with the Settlement Agreement.[2] As overseer of the settlement fund (hereinafter referred to as "Settlement Program"), and as noted under Item 4.3.2 of the Settlement Agreement, the Court may request information on the processing and payment of fund claims, including related fund reports and claimant information.[3]

In order to ensure that the Settlement Program is fairly managed, Section 20.1 of the Settlement Agreement ensures that Class Counsel will represent the best interests of all settlement class members. In turn, as provided under Section 20.1, the Court will ensure Class Counsel maintains the following professional duty:

---

[1]  Rec. Doc. 8139.
[2]  Rec. Doc. 8139 at page 6 of 15.
[3]  Rec. Doc. 6430-1 at page 20 of 123.

Interim Class Counsel and Proposed Economic Class Counsel acknowledge that under applicable law <u>their duty is to the entire Economic Class</u>, to act in the best interest of the Economic Class as a whole, with respect to promoting, supporting, and effectuating, as fair, adequate and reasonable, the approval, implementation, and administration of the Settlement embodied in this Agreement, and that their <u>professional responsibilities as attorneys are to be viewed in this light, under the ongoing supervision and jurisdiction of the Court that appoints them to represent the interests of the Economic Class</u>.[4]

Although the Settlement Agreement was not finalized until December 2012, implementation of the Settlement Program began in June 2012 under the oversight of the Claims Administrator. Only a few months later, it become clear that compensating BCA clients for their losses related to the *Deepwater* Horizon oil spill was becoming difficult under the Settlement Agreement.[5] Specifically, they struggled to meet the rigorous claim paperwork requirements of the Settlement Agreement.  Many lacked certain documentation, such as a W-2 forms or Profit & Loss statements, and as a result were at the mercy of the Claims Administrator as to whether or not they were entitled to any compensation under the Settlement Program. Yet despite these difficulties the BCA firm continued to send to the Settlement Program hundreds of its clients' claims under the hope that they could be worked out with the claims adjusters. By the fall of 2012 it became obvious that the Settlement Program was inefficient, evidenced by hundreds of BCA clients receiving a hodge-podge of value assessments for their claims.  As a result, thousands of opt-out notification requests were submitted by the BCA firm on their behalf to the Claims Administrator overseeing the Settlement Program.[6] On the day of the Fairness Hearing, BP acknowledged receipt of numerous opt-out requests

---

[4]  Rec. Doc. 6430-1 at page 85-86 of 123, emphasis added.

[5]  Rec. Doc. 7594.
[6]  Rec. Doc. 7224; Doc. 8001 at pages 12, 14 of 23.

associated with the Settlement Agreement.[7] By November 26, 2012 Class Counsel and BP provided a joint report to the Court which tallied the number of individuals who opted-out of the settlement class.[8] However information identifying receipt of these opt-out requests from the BCA firm, including the identification of the names of these individuals, remains uncertain.

To demonstrate how poorly they Claims Administrator has handled opt-outs, in early 2014 BCA became aware that they had lost a box full of BCA opt-out forms shortly after they were sent to the class.   On March 20, 2014 the BCA law firm received a call from NWR, a private vendor working with Federal Express and other delivery services to track down the ownership of lost mail at a depot facility located in Salt Lake City, Utah. According NWR, it was in possession of a lost banker's box containing opt-out forms for "hundreds of different companies involved in the Deepwater Horizon Settlement Program" associated with the BCA law firm. The box did not have any shipping or tracking information labels on it, the BCA law firm is familiar with its contents, having previously sent four such boxes it to the Settlement Program vendor in Hammond, Louisiana on October 31, 2012.

The Garden City Group, a vendor working with the Settlement Program, acknowledged that in general opt-out forms were to be handled and scanned at the Hammond, Louisiana facility, but were to be in "secured locked storage."   However, there was no way of knowing whether the contents of the lost box contain originals or duplicates, or even if all the opt-out forms were properly recorded and scanned.   BCA was forced to file several motions in order to set up a review of the box that did not

---

[7]  Rec. Doc. 7892 at pages 55, 62-63.
[8]  Rec. Doc. 8001 at pages 4-5 and 12 of 23.

compromise its contents.   While it was finally determined that it was indeed a copy of the original box that BCA had previously sent, the whole incident raises numerous unanswered questions.   Garden City Group and the Claims Administrator provided no assurance as to the security of the box, no explanation as to why the box surfaced at the NWR facility in Utah, no feedback as to why it was missing Federal Express labeling and tracking forms, no information identifying which "Counsel" or Garden City ("GCG") office was to receive the box, no Federal Express tracking confirmation information, or where the originals are located. The surfacing of a lost box of opt out firms is just one anecdote illustrating many far reaching problems with the opt-out and excluded claimants.

### A.  OPT OUT CLAIMANTS

The BCA firm has attempted to contact BP representatives, the Settlement Program and even Class Counsel about which of its clients are considered within or outside of the settlement class. It has done so for two simple reasons. *First,* it needs to appropriately advocate for the contractual interests of its clients throughout the class settlement process. *Second*, many of the class members associated with the BCA firm did not keep copies of the opt-out revoked forms returned to the Claims Administrator, and as such the BCA firm is entitled, at a minimum, to an official record of such information. In response to their requests for clarification, the BCA firm has received contradictory responses about which BCA clients are in the settlement class. This has been extremely frustrating, considering that the Settlement Program has made it clear that BP is ultimately responsible for determining who is within or outside of the settlement class. Furthermore, neither the Claims Administrator nor Class Counsel has

responded to the BCA firm's repeated requests for clarification on the opt-out status of several BCA clients despite Term 4.3.7 of the Settlement Agreement which states that they shall provide claim information to class members:

> "The Settlement Program, including the Claims Administrator and Claims Administration Vendors, shall work with Economic Class Members (including individual Economic Class Members' counsel and Class Counsel) to facilitate Economic Class Members' assembly and submission of Claims Forms, including all supporting documentation necessary to process Claim Forms under the applicable Claims Processes. The Settlement Program, including the Claims Administrator and Claims Administration Vendors, shall use its best efforts to provide Economic Class Members with assistance, information, opportunities and notice so that the Economic Class Member has the best opportunity to be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement."[9]

BP attorneys did eventually point to the existence of Exhibit N to Class Counsel and the BP Defendants Joint Report on Objection to and Opt-Outs from the *Deepwater Horizon* Economic and Property Damages Settlement as Amended on May 2, 2012. (Rec. Doc 8001-39)[10].   However, "Exhibit N (Redacted): Timely and Valid Opt Out Requests Submitted by Potential Class Member's" is incomplete at best.   Since the exhibit has been redacted only the name of the person or entity is available.   The Claims Administrator failure to create an opt-out form means that there was no uniformity in what putative class members submitted as opt-out form.

Exhibit N revealed that BCA clients were far and away the largest single block of opt-outs, and as such they were assigned their own labeling system.[11]   However, there

---

[9] Rec. Doc. 6430-1 at page 21 of 123, emphasis added.

[10] It should be noted that Rec. Doc 8001 *et seq.* was apparently never served through Lexis/Nexis File & Serve, so it's existence was unknown by BCA until  that time

[11] Not all clients represented by BCA are properly labeled on Exhibit N as "BCA_"
because some of our clients sent their opt outs directly to the DHECC.  For example, Opt Out ID 62585, Richard Sean Newman, is a BCA client.

are numerous problems with Exhibit N.  The following are just a few examples of people

or entities who are "opted-out" according to Exhibit N, listed by Opt Out ID:[12]

        BCA_2822 – Self-Employed Fisherman
        BCA_3674 – 2008 Brunswick Ct.
        BCA_3955 – (Rentals treated as a Business)
        BCA_4048 – employee @ "All in One Hair"
        BCA_4242 – Oyster
        BCA_4343 – Ole Hickory Café (General Manager)
        BCA_7638 – Nails + Manicuring + Pedicuring
        BCA_7827 – 107121 Acacia Foret Tr
        BCA_7846 – Welder if a Company
        BCA_8097 – Name of Work (Hair plus Hair & Nai)
        BCA_8330 – V
        BCA_8752 – USANail930 Frour T8eet

     There is no rhyme or reason to the way that the Claims Administrator's office

numbered any of the opt-out forms, including the BCA opt-out forms. Exhibit N contains

no other identifying information. Therefore, it is virtually impossible for BCA to determine

exactly who the claimants listed above actually are.  Furthermore, BCA has not been

about to reconcile this list with the copies of the opt out forms kept in house.  Requests

to BP for an un-redacted copy of the Exhibit N as to BCA claimants have been rebuffed.

Exhibit N also lists the following as claimants that BCA represented and opted out.

        Hollywood Casino BCA_1503, BCA_2728, BCA _5738,
        Bally's & Resorts Casino BCA_1505
        Horseshoe Casino BCA_4307, BCA_4308, BCA_8188, BCA_10587
        Fitzgerald Casino BCA_6888, BCA_8492, BCA_9896, BCA_10588
        Goldstrike Casino/Hotel BCA_2402, BCA_8507

     First, the existence of multiple opt-out forms for the same entities should have

triggered some sort of further review by BP and the Claims Administrator.   Secondly,

BCA does not represent any of the entities listed above.  It seems likely that some

individuals attempting to opt themselves out may have listed one of their employers on

---

[12] All names listed below are exactly as they appear on Exhibit N

the opt out form that they filled out.  Even if these particular claims are casino claims, and hence excluded from the settlement, it seems likely that other individuals (who are part of the class) would have made the same sort of mistake filing out their own opt out forms.  A full review of opt out claimants is necessary to resolve this issue.

Outside the Settlement Program, and in accordance with the Oil Pollution Act of 1990 ("OPA"), BP is supposed to process OPA claims of individuals who may be opted of or were excluded from the settlement class but impacted by the *Deepwater Horizon* oil spill. Out of the thousands of submissions by BCA directly to BP, only a handful have received offers and the program was shut down.[13]  More importantly, there seems to be a significant disconnect between BP and the Settlement Program concerning opt-out clients.  Alarm bells really started going off when the same claim's started getting two different answers concerning their status.   For example, several BCA clients have received letters from the BP claims initiative stating that they are members of the class and directing them to file their documents with the Settlement Program, while the Settlement Program states they are not included in the settlement class.

For example, on March 1, 2013 Coast Fence and Materials, Inc. received a "Notice of Closed Claim: Opt Out Claimants" from the DHECC  Under Section 2.2.4.5 of the Settlement Agreement, you are excluded from the Economic Class which advised that they, "…cannot process any claim(s) from you because the information we have indicates that you opted out of the Economic Class…" However, Coast Fence and Materials, Inc. also received a letter from BP on April 7, 2013 in response to their OPA demand, advising them that "it appears you may be a member of the class defined in

---

[13] The issue of whether BP has forsaken it's duties under OPA by failing to review and pay claims not included under this settlement is not the subject of this motion, but is certainly something this Court will need to look into eventually.

the class action settlement program."   Obviously, these two findings are mutually exclusive.   Unfortunately, this is not an isolated event. Seafood Lover, Inc., N&V Marine, LLC, C Grape, Inc., Keith's Quality Pool's, Inc., Dave's Custom Trim, Inc., Carlisle Trucking, Inc., Lee's Sewing, Cardiac Innovations, Inc., A&A Marine Services, Inc., Black Knight Funding LLC/Black Knight Trust LLC, LLC, His & Her Tanning Salon, Pier Café/Candy, Inc., Tampa Bay Saltwater, Inc., Pack A Shrimp, LLC, J R Gazzier, LLC, Colonial Park, LLC, Creative Hospitality Development, LLC, RDG3 Properties, LLC, and Bay Area Better Hearing, LLC  all received similar mutually exclusive notices from the Settlement Administrator and BP.[14]  *(See Exhibit 1)*

Finally, all of the documentation BCA or a claimant files with the DHECC gets uploaded to the DHECC including client documentation, attorney correspondence, DHECC notices and the final release signed by the client if they are lucky enough to get an offer from the class.   Even the packaging that comes with the documents gets scanned and added to the portal.   However the opt out forms and revocation forms that claimants submitted are not uploaded into the portal.   This furthers makes it impossible to accurately determine which claimants opted out of the class, absent a full review of the opt outs with BP and Claims Administrator participation.

## B.  OPT OUT REVOCATION CLAIMANTS

Class Counsel and the BP Defendants Joint Report on Objection to and Opt-Outs from the *Deepwater Horizon* Economic and Property Damages Settlement as

---

[14] This Motion contains references to specific BCA claimants who have had specific issues concerning their status as opt-out or excluded.  However, please note that the specific examples contained in this motion are not an exhaustive list of all BCA clients with that issue, but are instead a representative of sample of claimants pulled on relatively short notice for the purposes of this motion.

Amended on May 2, 2012 was filed on November 26, 2012.[15]  It contained Exhibit T (Redacted): Timely and Valid Revocation Submitted by Potential Class Members.[16] This document apparently provides a list of the claimants who had revoked their previous opt out as of late November 2012.   However, there has been no comprehensive listing of claimants who have revoked their opt outs since that time. Yet, there have been a number of attempts by this Court and the Claims Administrator to elicit additional revocations since that time.

On November 16, 2012 the Court entered an Order Extending Deadlines for Revocation of Exclusion (Opt Out) Requests for the *Deepwater Horizon* Economic and Property Damages Settlement Agreement and the *Deepwater Horizon* Medical Class Action Settlement Agreement, which extended the revocation deadline to December 15, 2012.[17] In late 2012, notices were apparently sent to claimants who had opted out advising them of their right to opt back in. Then in January 2013 the Court ordered a second letter be sent to opt out claimants advising them of their right to ask for BP consent to revoke their opt out, even though the deadline had passed.[18] It is now believed several (unknown) BCA clients thought the letter was actually sent by their counsel from the BCA law firm, and as such responded to the letter by signing opt-out revoked response forms and rejoining the settlement class.  However, the BCA firm has been unable to confirm which of its clients actually returned opt-out revoked response forms to the Claims Administrator.

---

[15] Rec. Doc 8001
[16] Rec. Doc. 8001-45
[17] Rec. Doc. 7928
[18] Rec. Doc. 8249.  It should be noted that BCA has requested that BP use this very discretion for two claimants who received offers from the DHECC, and both were denied.  A motion concerning those offers is forthcoming.

### C.  EXCLUDED CLAIMANTS

Even more disconcerting is the status of claims that were "excluded" from the class either geographically or by being a member of an excluded industry.   First, there is no since of urgency in identifying who is excluded from the class. Secondly, there is no consistency in determining whether claims are excluded coming from the DHECC and BP.   This is frankly frightening as there is not clear indication as to whose determination is final, BP's or the Class Administrator's.   The unanswered, and heretofore, unasked questions that lingers is, "If someone is denied by the class as excluded, is BP later bound from asserting that their tort claim is moot because they are actually a member of the class?"

Additionally, the same disconnect between BP and the Settlement Program that exists concerning opt-out clients also exists for excluded claimants. Once again, several BCA clients have received letters from the BP claims initiative stating that they are members of the class and directing them to file their documents with the Settlement Program, while the Settlement Program states they are not associated with the settlement class.

For example, Manland Enterprises, LLC received a letter from BP on May 6, 2013 in response to their OPA demand, advising them that "it appears you may be a member of the class defined in the class action settlement program."  However, on June 14, 2013 Manland Enterprises, LLC received a Denial Notice from the DHECC advising that, "[y]ou are a business in the oil and gas industry.   Under Section 2.2.4.5 of the Settlement Agreement, you are excluded from the Economic Class and cannot make any claim."  Obviously, these two findings are mutually exclusive.   Unfortunately, this is

not an isolated event. Ricky Duckworth, Pamela Abrams, Loretta Fortenberry, Nilka Corona, Angela Collier, Xzavier Deveaux, Bruce Mathews III. Mary Lowry, Rudolph Anderson, Ruby Johnson, Marylyn Brand, Ardell Riggins, Adrienne Rogers, Jessica McKenzie and Dontrell Franklin all received similar mutually exclusive notices from the Settlement Administrator and BP.[19] *(See Exhibit 2)*

Some of the claims that have been told they are excluded to not appear to actually be in one of the excluded groups.  Some of the notices appear to be wrong, or at the very least problematic in that they entity or individual's occupation is on a gray area as to whether or not they are part of an excluded category.

Finally, appears that BP's current position is generally to oppose all claims that are in doubt and attempt to bar them from the settlement.  However, as the Court is well aware, BP can and will change its position to suit its own interests at the expense of its victims.   It would be very reasonable to expect their position to become the polar opposite after June 8, 2015 and argue that presumptively excluded claims are actually members of the class who should have filed claims with the class prior to the deadline. The Court should intervene and make them provide any objections over exclusion/inclusion in the class prior to the Court order June 8 deadline to submit claims.

## III.   Requested Relief

The BCA firm still has more than a thousand active cases in the Settlement Program. It acknowledges that with regard to most Seafood and Vessels of Opportunity ("VoO") claims, the Settlement Program has worked as intended under the terms of the

---

[19] Please note, that once again this is not an exhaustive list of all BCA claimants who received these notices, it is just a sampling pulled on short notice for the purposes of this motion.

Settlement Agreement. In fact, communications between the BCA firm, BP, Class Counsel and the Claims Administrator have resulted in settlements for a number of such claims on behalf of BCA clients. Still, there are numerous unresolved issues affecting many BCA clients specifically associated with opt-out, revoked opt-out, and excluded categories of the Settlement Agreement. Consequently a global understanding of the status of all BCA claims has not been achieved at this time.

This motion only contains a few examples of the inefficiencies associated with the opt-out status of BCA clients.  The considerable lengths the BCA firm has gone to resolve similar claims within the Settlement Program, should also be mentioned. For example the BCA firm has repeatedly attempted to reconcile opt-out issues with representatives of Brown Greer, including Mr. Phil Strunk and Ms. Nancy Rachlis to no avail.  Requests for assistance have also been made to Ms. Robin Keator, the BCA firm's dedicated liaison at Brown Greer, but they have largely been rebuffed.  The BCA firm then turned to BP attorneys and members of the Garden City Group who are responsible for resolving opt-out issues associated with the settlement class. Only after fervent requests were made for assistance on the opt-out matter was the BCA firm directed to Ms. Gretchen Eoff at the Garden City Group.  Ms. Eoff then directed the firm to Ms. Jennifer Keough at Garden City, but neither individual provided answers to the questions regarding the opt-out status of BCA claimants.  In fact the BCA firm's communications with Garden City Group have not resulted in any additional clarification on the matter to date.  Independent of the BCA firm's attempts to reconcile opt-out issues, the BP attorney Mr. David Tressler of Kirkland & Elli, LLP contacted the BCA firm to discuss the matter. BCA did achieve some clarification and resolution on a few

claims, primarily seafood claims, but no global resolution of the issues raised in this motion has occurred.

By December 2013 the BCA firm finally contacted Class Counsel and BP representatives so as to resolve uncertainties surrounding which BCA clients they consider being: (a) opted-out of the class, (b) revoked their opt-out status and re-entered the class, or (c) excluded from the class. The BCA firm requested information on these categories in accordance with Pretrial Order No. 13 which allows "receiving parties" to access "confidential" or "highly confidential" information associated with MDL 2179.[20] Although the BCA firm requested Class Counsel to provide it access to all BCA-related claim files, claims-related materials and data in its possession, custody or control that identify the opt-out, opt-out revoked or excluded status of all BCA clients—no substantive effort to cooperate has been provided to date.

## IV.    Conclusion

The BCA firm, on behalf of their clients respectfully requests that the Court require a representatives of the Class Administrator, BP and Class Counsel to meet with representatives of the BCA firm to resolve the uncertainties regarding the opt-out, opt-out revoked or excluded status of the BCA clients, either on this Motion or sua sponte on the Court's own Motion, with or without hearing in accordance with its continuing jurisdiction, and in accordance with its continuing powers of oversight over the Settlement Program.

---

[20] Rec. Doc. 641.

Dated: March 19, 2015

Respectfully submitted,

/s/ Brent W. Coon

Brent W. Coon
Federal Bar No. 9308
Texas Bar No. 04769750
215 Orleans
Beaumont, Texas 77701
Tel.: (409) 835-2666
Fax: (409) 835-1912

*Attorney for BCA Clients*

## CERTIFICATE OF SERVICE

I certify that this document has been filed with the Clerk of the Court and served

by ECF on March 19, 2015, upon:

Attorneys for the Defendants:

Richard C. Godfrey, P.C. J.
Andrew Langan, P.C. Wendy L.
Bloom
KIRKLAND & ELLIS LLP 300 North
LaSalle Street Chicago, IL 60654
Telephone: 312-862-2000

Jeffrey Lennard
SNR Denton US LLP
233 South Wacker Drive Suite
7800
Chicago, IL 60606
Telephone: 312-876-8000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP 655
Fifteenth Street, N.W. Washington,
DC 20005 Telephone: 202-879-
5000

Don K. Haycraft

LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000 New
Orleans, LA 70139
Telephone: 504-581-7979

Attorneys for Class Plaintiffs:

Stephen Jay Herman
Soren E. Gisleson
HERMAN HERMAN & KATZ LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: 504-581-4892
Fax: 504-561-6024

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY & EDWARDS
556 Jefferson Street - Suite 500
Lafayette, LA 70501
Telephone: 337-233-3033
Fax: 337-233-2796

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 Battery Street - 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000
Fax: 415-956-1008

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF LAW
40 Washington Square, S. - Suite 41 1J
New York, NY 10012
Telephone: 212-998-6580
Fax: 212-995-4590

Respectfully submitted,

/s/ Brent W. Coon

*Attorney for BCA Clients*