UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

MEMORANDUM OF LAW
IN SUPPORT OF THE DHECC'S MOTION
FOR RETURN OF PAYMENTS MADE TO HAI DO AND OTHERS

On behalf of the Deepwater Horizon Economic Claims Center ("DHECC"), Claims Administrator Patrick Juneau and Special Master Louis J. Freeh seek to have claimant Hai Do ("Hai Do") return $159,267.62 paid to him by the DHECC. Days after the DHECC advised Hai Do that his 2008 shrimping revenue did not meet the $40,000 threshold for the expedited compensation method, Hai Do presented the DHECC with a purported amended 2008 return that increased his shrimping revenues over the threshold. Hai Do, however, never filed the purported amended return with the IRS. Relying on the purported amended return, the DHECC found that Hai Do met the expedited compensation threshold.

When recently asked by the Special Master about the purported amended return, Hai Do had a new version of a 2008 amended return prepared, against the professional advice of the return preparer. He apparently filed the new document with the IRS and paid the additional tax owed. Yet this attempt to forestall a motion for return of the DHECC payments does not cure Hai Do's prior false representation to the DHECC.

The Claims Administrator and Special Master seek a judgment requiring Hai Do to return all of the money he was paid on these DHECC claims, requiring professionals who

assisted Hai Do and benefitted from these unjustified payments to similarly return such payments, and prohibiting Hai Do from participating in any further seafood distributions.

A pre-filing conference has not resulted in a resolution of the matter.

### A. *Background*

The Claims Administrator has authority to ensure the integrity of the DHECC. *See* Settlement Agreement at ¶ 4.3.10. The Court has directed the Special Master to examine past claims submitted to the DHECC, and to initiate clawback proceedings of fraudulent claims. This Court retains continuing jurisdiction over the Settlement Agreement. *Id.* at ¶¶ 4.4.7 and 18.1. Disputes concerning enforcement of the Settlement Agreement are to be resolved by motion to the Court. *Id*. at ¶ 18.1.

### B. *Hai Do's DHECC Seafood Compensation Claims*

On August 10, 2012, Hai Do filed shrimp vessel owner and shrimp boat captain claims with the DHECC, seeking to have the claims paid using the expedited compensation method. Hai Do selected a benchmark period of 2008 and 2009, but asked the DHECC to exclude his 2009 revenue because of an alleged major mechanical failure with his vessel that year. The DHECC granted the exclusion and only considered Hai Do's 2008 revenue.

Available to shrimp vessel owners and shrimp boat captains, the expedited compensation method determines a claim's value from set figures based upon the claimant's vessel size and the "qualifying vessel revenue." Because Hai Do claimed a 35-foot vessel, he needed to demonstrate $40,000 in shrimping revenue to qualify for this method. If he met the revenue threshold, Hai Do would qualify for $135,281 for a vessel owner claim and $107,250 for a boat captain claim. If he did not meet the threshold, any

compensation would be determined using other seafood claim compensation methods which would have resulted in a significantly smaller award.

1. Original Seafood Income Documentation and Initial Eligibility Notice

Hai Do provided the DHECC with copies of his 2007, 2008 and 2009 Form 1040 tax returns. Returns were filed timely for the given tax years. On Schedule C to the 2008 Form 1040, Hai Do reported $37,251 in gross receipts from work as a "fisherman." Louisiana Department of Wildlife and Fisheries ("LDWF") trip tickets for 2008 showed shrimping revenue of $39,179.50 for Hai Do.

The DHECC issued an Eligibility Notice for Hai Do's shrimp vessel owner claim, finding that his 2008 LDWF trip tickets did not satisfy the revenue threshold for the expedited compensation program. The DHECC calculated the shrimp vessel owner claim using the reduced expedited method, finding Hai Do eligible to receive $62,438.

2. Hai Do Requests Reconsideration of His Shrimp Vessel Owner Claim

Hai Do filed for re-review, asking the DHECC to determine his shrimp vessel owner claim based on his 2008 tax return revenues rather than his LDWF trip tickets. Hai Do's counsel also submitted a Sworn Written Statement for Sufficient Documentation of Benchmark Revenue ("SWS1"), stating that Hai Do had shrimping revenues of $63,191 in 2008 from his vessel. *See* Ex. A. Hai Do did not sign the SWS1.

On April 22, 2013, the DHECC issued a notice, leaving Hai Do's shrimp vessel owner claim unchanged and indicating that the additional claimed $25,940 in fishing revenue on the SWS1 was not adequately explained. Hai Do's counsel later advised the DHECC that he had incorrectly included $25,940 on the SWS1, as this income was reflected on another 2008 Schedule C filed by Hai Do but was attributable to a different vessel Hai Do captained.

### 3. Hai Do Submits an Amended 2008 Tax Form to the DHECC

On April 23, 2013, a paralegal working for Hai Do's counsel sent the DHECC an email, asking, "If Mr. Hai were to amend his taxes to reflect additional cash sales, would it be safe to assume that he would receive the expedited offer if he filed a new claim?" *See* Ex. B. The email further said, "It's incredibly too close and Mr. Hai has legitimate receipts to substantiate his claim." *Id*. The DHECC responded that Hai Do "may submit amended taxes to reflect additional cash sales, but I cannot guarantee that doing so will lead to an expedited offer." *Id.* (also directing Hai Do to explain the reason for any amendment).

On April 26, 2013, Hai Do's counsel emailed the DHECC, stating that Hai Do "has since *filed an amended tax return* that does capture his cash sales in excess of the $40,000 expedited threshold." *See* Ex. C (emphasis added). On April 29, 2013, counsel asked the DHECC to reconsider the shrimp vessel owner claim, stating that Hai Do sold a portion of his catch in 2008 directly to consumers for cash and thus some of his catch was not reported on LDWF trip tickets. *See* Ex. D. Hai Do's counsel said, "*Mr. Do filed an amended 2008 tax return with the IRS* to reflect the correct amount of shrimp sales, both wholesale and retail," and asked that the amended 2008 tax return revenue be used as Hai Do's benchmark revenue. *Id*. (emphasis added).

Along with the letter, Hai Do submitted a Form 1040X, dated April 24, 2013, purportedly amending his 2008 tax return. *See* Ex. E. The Form 1040X was prepared by a different tax preparer than Hai Do's 2008 Form 1040. Schedule C to the Form 1040X reported that Hai Do earned $40,215 in 2008 gross receipts from work as a "commercial fisherman," an increase of $2,964 from the gross receipts reported on the original 2008

Schedule C.  The Form 1040X said the amendment was necessary because "Taxpayer miss calculate gross income from trip tickets.  original gross. [sic]"  *Id.*

Hai Do's counsel also submitted an additional SWS1, unsigned by Hai Do and stating that Hai Do landed $40,215 in shrimp in the Gulf Coast Areas in 2008.  *See* Ex. F.

4.    DHECC Payments

In reliance on Hai Do's representations, the DHECC found that he met the $40,000 expedited compensation method threshold, and qualified for compensation more than double that from the initial eligibility notice.  On June 6, 2013, the DHECC paid Hai Do $21,281.00 on his shrimp boat captain claim (after deducting prior spill-related payments).  On August 13, 2013, the DHECC paid Hai Do $137,986.62 on his shrimp vessel owner claim, including accounting support fees.

Upon information and belief, Hai Do's counsel, Waltzer Wiygul & Garside, LLC, received attorney's fees of $5,320 on the shrimp boat captain claim and $34,499 on the shrimp vessel owner claim.  Claims preparer Juno Claims received $4,850.62 for the two claims.

5.    Hai Do Submits Documents to the Special Master

In December 2014, the Special Master notified Hai Do's counsel of issues concerning the documents provided to support the DHECC claims.  In particular, the Special Master advised that Internal Revenue Service ("IRS") records provided to the DHECC with Hai Do's consent show Hai Do neither filed the Form 1040X with the IRS nor paid the $1,980 in additional tax reflected on the form.  *See* Ex. G.  The Special Master gave Hai Do's counsel an opportunity to provide any relevant information that may explain this and related issues.

Hai Do thereafter produced another Form 1040X for 2008, which Hai Do signed and purportedly filed with the IRS on or about December 17, 2014. *See* Ex. H. On Schedule C to the newly-prepared Form 1040X for 2008, Hai Do reported gross receipts of $40,474 from his work as a "Fisherman." This Form 1040X states that the amendment was necessary "to Report the Corrected income on Schedule C that was Incorrectly Reported on the Original Return." *Id*. Unlike the amended 2008 return provided to the DHECC, Hai Do appears to have filed the new amended form with the IRS and paid the additional tax of $1,235.

Hai Do produced receipts that he claimed were contemporaneous records that reflected cash payments received from 2008 shrimp sales. None of the receipts, which total $3,220, identify the seller or buyer of the shrimp.

Hai Do's counsel also stated that he interviewed three individuals who said they made cash purchases of shrimp from Hai Do during 2008. The witnesses did not provide any document, such as a receipt, memorializing the alleged purchases.

## C. *Evidence of the Fraudulent Claims*

The totality of the record shows that there is no genuine issue as to any material fact and that the Special Master and the DHECC are entitled to a judgment as a matter of law. *See* Order & Reasons on Special Master's Motion for Return of Payment at 19 (Doc. Rec. 12794) (Apr. 29, 2014) (hereinafter "Order & Reasons").

Here, Hai Do's eligibility for the expedited compensation method depended upon whether he earned at least $40,000 in shrimping revenue from his vessel in 2008. Using either the 2008 Form 1040 that Hai Do filed with the IRS before the oil spill or the records in the LDWF trip ticket database, Hai Do would not have met this threshold.

After being notified in 2013 that he did not qualify for the expedited compensation method, Hai Do claimed to have made additional cash sales not reflected on his 2008 tax return or trip tickets. Days after being told of the DHECC's finding, Hai Do provided the DHECC a Form 1040X listing an additional $2,964 in 2008 shrimping revenue. *See* Ex. E. Hai Do's counsel represented that Hai Do had filed the amended 2008 return with the IRS. *See* Ex. D. The additional claimed revenue increased Hai Do's shrimping revenue to just over the $40,000 threshold to qualify for the expedited compensation method.

Hai Do, however, never filed the Form 1040X with the IRS. Specifically, IRS records provided to the DHECC with Hai Do's consent show Hai Do neither filed the Form 1040X with the IRS nor paid the $1,980 in additional tax the form stated was owed. *See* Ex. G. The failure to file a tax record with the IRS was unusual for Hai Do, who made timely filings of his tax returns with the IRS for each of tax years 2007, 2008, and 2009. *Id.*

### D. *Legal Analysis*

1. <u>Hai Do Should Return All Funds Paid by the DHECC on His Fraudulent Claims</u>

The Court's power to order equitable remedies as a result of fraudulent conduct is a broad, flexible and long-standing power. *See Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 244 (1944) (affirming judicial power to set aside fraudulently begotten judgments as such cases present "a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society"); Order & Reasons at 21.

Here, Hai Do made a false statement by submitting a purported 2008 amended tax return to the DHECC, making what the Fifth Circuit and other courts have found to be an "implied representation" that the returns are genuine tax documents filed with the IRS.

*United States v. Hicks*, 217 F.3d 1038, 1042-1044 (9th Cir. 2000); *United States v. Simmons*, 503 F.2d 831, 837 (5th Cir. 1974) ("the return was not as represented, a genuine return. It was never filed with the [IRS]"). Even if the revenue reported on the unfiled tax forms could be shown to be accurate, the false statement still remains in having presented the forms as Hai Do's actual tax return. *See United States v. McClelland*, 868 F. 2d 704, 709 (5th Cir. 1989) (while sale figures in forged sales tax returns may have been more accurate than the figures in the actual returns, defendant nonetheless committed fraud by presenting the forged returns to the bank as actual returns). The false statement is important, because the Settlement Agreement makes clear that the DHECC will accept the reliability of a genuine tax return as an equivalent proof to seafood revenue records required to be maintained under state laws.

After the Special Master contacted Hai Do's counsel in December 2014 to advise him of the results of this investigation, Hai Do found yet another tax preparer to prepare another amended 2008 tax return. But Hai Do cannot cure his false statement by rushing to file new tax forms with the IRS once his prior false statement has been discovered and exposed. This belated filing was made solely to prevent disgorgement of the payments received from the DHECC, not as an honest and reasonable effort to satisfy the tax laws. *In re Moroney*, 352 F.3d 902, 905 (4th Cir. 2003) (document is not a "tax return" if it does not represent an honest and reasonable attempt to satisfy the requirements of the tax laws). In fact, the return preparer who in December 2014 prepared Hai Do's second amended 2008 return told the Special Master's investigators that it was very unusual for a client to amend a tax return more than five years after the due date of the original return, and she advised

Hai Do against amending the return. Hai Do, however, told the preparer that his attorney asked him to amend the return, and to just do it.

Further, a claimant cannot change the factual "story" concerning a claim without a sufficient explanation for his inconsistent assertions. *See Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 259 (5th Cir. 2001). In this case, while represented by counsel, Hai Do presented a false document to the DHECC in support of his claim. When questioned about the false document, Hai Do provided no credible excuse for his failure to file the document in 2013 with the IRS, as had been represented to the DHECC. Rather, Hai Do had a return preparer generate a new document, inconsistent with prior statements and against the preparer's professional advice, to forestall the return of the DHECC payments. In this context, the documents generated by this process have no evidentiary value.

In light of the evidence, the Claims Administrator and Special Master seek an order compelling Hai Do to return the payments made on his DHECC seafood claims. The return of the payments will make the DHECC whole, deprive Hai Do of an unjust enrichment and deter others from engaging in similar misconduct. *See* Order & Reasons at 22.

2. The Court Should Order the Return of All Funds Received by Professionals Who Assisted Hai Do to Submit False Claims

The professionals who helped Hai Do to submit his claims also should be required to return any payment received based on these claims. *See* Order & Reasons at 26; *SEC v. Blatt*, 583 F.2d 1325, 1335-36 (5th Cir. 1978) (broad power enables courts to order disgorgement of legal and other professional fees "realized by each defendant for his assistance in executing the fraud" up to the amount of the fee realized). Whether these professionals knew of the falsity of Hai Do's claim is immaterial to their duty to make restitution of sums that have been received as a result of this improper claim. Order &

Reasons at 23; *Schock v. Nash*, 732 A.2d 217, 232-33 (Del. 1999) ("Restitution is permitted even when the defendant retaining the benefit is not a wrongdoer.").

Money paid by contingency fee arrangements may be recouped through restitution where the client's judgment is reversed or voided. *See Mohamed v. Kerr*, 91 F.3d 1124, 1126 (8th Cir. 1996). The contingent fee is the key factor. *See* Order & Reasons at 22-23. Retaining payment made on a contingency fee contract if the client does not prevail or prevails but has the award revoked would be an unjust enrichment. *Id*. at 24.

Here, upon information and belief, the firm of Waltzer Wiygul & Garside received attorney's fees totaling $39,816.91 on Hai Do's shrimp vessel owner and boat captain claims based upon a contingency fee contract. Upon information and belief, claims preparer Juno Claims received $4,850.62 in fees from Hai Do's Seafood claims.[1] It is not yet known if these fees were paid pursuant to a contingent agreement. The Special Master will seek to obtain documents from Hai Do's counsel to clarify this issue.

      3.     <u>Hai Do is Not Entitled to Any Funds from the DHECC</u>

Hai Do may argue that he should be permitted to retain some portion of the payments he received from the DHECC on his vessel owner and boat captain claims, as trip ticket records indicate that he had 2008 shrimp sales. To maintain the integrity of the DHECC and the judicial process, this argument should be rejected if advanced by Do.

Hai Do presented a false tax form to the DHECC and made fraudulent (and ever-changing) representations regarding his gross revenues from shrimping in 2008 to substantially increase his seafood payments. The DHECC accepted this false statement,

---

[1] On March 20, 2015, a representative of Juno Claims informed the Office of the Special Master that it had remitted $4,850.62 to Waltzer Wiygul & Garside to be held in escrow pending the resolution of this Motion.

found Hai Do eligible for the expedited compensation method, and paid him $159,267.62. Now that his scheme has been uncovered, any attempt by Hai Do to disavow his earlier misrepresentations should be rejected under the equitable doctrine of judicial estoppel.

Designed to protect the integrity of the courts, judicial estoppel applies where a litigant knowingly takes a position plainly inconsistent with a prior position that had been advanced by the party and accepted by the court. *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547, 552 (5th Cir. 2011). The doctrine upholds the sanctity of the oath and prevents a litigant from "playing fast and loose with the courts." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).

Here, Hai Do convinced the court-supervised settlement program to accept that his amended 2008 tax return was a true and genuine document that had been filed with the IRS. *Simmons*, 503 F.2d at 837 ("the return was not as represented, a genuine return. It was never filed with the [IRS]"). But Hai Do knew the amended tax return was fraudulent. *See Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 399 (5th Cir. 2003) (doctrine may be applied when a party makes an argument with the explicit intent to induce the court's reliance). Only after being caught in these misrepresentations did Hai Do try to cure his false statement by preparing yet another amended 2008 return and filing it with the IRS.

With each change of tax form and SWS1, Hai Do presents contradictory claims concerning his shrimping revenue to suit the needs of the moment. Given the deceptions practiced by Hai Do and the many months during which he remained silent about his misrepresentations, the Court should not now accept a claim that some lesser measure of alleged loss should be used to compensate a party that deceived the DHECC.

### E. *Conclusion*

For the reasons stated in this memorandum, the DHECC seeks entry of a judgment requiring Hai Do to make restitution to the DHECC for $159,267.62, paid by the DHECC in reliance on Hai Do's false representations.  All professionals who assisted Hai Do and benefitted from these unjustified payments from the DHECC similarly should be required to return these payments, jointly and severally with Hai Do up to the value of the amounts they received as payments on the claims.  The DHECC further seeks an order prohibiting Hai Do from participating in any further seafood distributions.

                                            Respectfully submitted,

                                            _____/s/ Patrick Juneau_____
                                            Patrick Juneau
                                            Claims Administrator


                                            _____/s/ Louis J. Freeh_____
                                            Louis J. Freeh
                                            Special Master

Dated:   March 20, 2015