UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Wetlands Claimants<br>Identification Nos. 100063663,<br>100063641, 100064975 and<br>100066161<br><br>        Claimants | CASE NO. 10-MD-2179;<br>12-970 |

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR AUTHORITY TO FILE WETLANDS CLAIM**

**MAY IT PLEASE THE COURT:**

This Memorandum is submitted on behalf of the claimants with BP Claim Identification Nos. 100063663, 100063641, 100064975 and 100066161 (hereinafter collectively "Claimants"), in support of their Motion for Authority to File Wetlands Claim for two parcels of undeveloped land situated in Plaquemines Parish, Louisiana. Claimants have been unable to submit claims on these parcels in a proper format, because of the 180-day deadline to submit all claims. The Claims Administrator has not officially denied this request. However, the submission is blocked on the Attorney Portal.

**Factual Background:**

Claimants inherited several undeveloped properties in the 1980s. The two parcels of land in question are situated in Plaquemines Parish. Claimants also inherited three other wetlands parcels in Plaquemines Parish and two in St. Bernard Parish.

In July, 2012, counsel for the Claimants submitted wetlands claims on all seven of these parcels. On two of the parcels, to-wit: Nos. 1460250 and 1460550, the Attorney Portal responded that the claims were eligible. The portal responded that the other five were not in the Claim Zone.

Of importance to this motion, Parcels 1460300 and 1610194 in Plaquemines Parish were "Not in the Claim Zone."

**Tax Parcel 1460250**:

In 2012, Claimants received Eligibility Notices on Parcel 1460250. They all accepted and were paid. Under the 180-day deadline imposed under the BP settlement, the Claimants' deadline to file all claims expired in late 2013.

**Discovery of Error**:

Claimants collectively own only an undivided one-quarter (1/4) of Parcel 1460300. Another individual, who is alive and briefly described as HBS, owns an undivided twenty-five (25%) percent of the land. A third group briefly described as the heirs of PG own an undivided fifty (50%) percent. They receive separate tax bills and are represented by different attorneys.

In June, 2014, Kevin Schoenberger, undersigned counsel for Claimants, happened to receive a telephone call from HBS. At that time, HBS informed Schoenberger he had been paid on his interest in the land he co-owns with the Claimants. In addition, he stated to the best of his knowledge, the heirs of PG had also been paid on their interest.

After conducting an investigation, Schoenberger learned that not only Parcel 1460300, but also 1460194 should have been considered eligible all along. However, the Attorney Portal would no longer allow the Claimants to submit claims on these parcels because of the 180-day rule.

Schoenberger has since learned that counsel for the heirs of PG had the same experience when he submitted their claim for the property they own in indivision with these Claimants.

However, the heirs of PG knew that HBS had been successful on his claim. Therefore, counsel submitted a Parcel Eligibility Challenge Form. Subsequently, the heirs of PG received an Eligibility Notice in 2014.[1]

With regard to Parcel 1610194, the efforts of Claimants to submit a claim were blocked in the same fashion. Claimants own an undivided one-sixth (1/6) of this land. At least one other co-owner has been notified she was eligible.[2]

**Subsequent Efforts to Resolve the Claims:**

Subsequent efforts to submit claims have been thwarted by a type of "catch 22" in the claims process. When 180 days after the initial payment expires, claimants are not allowed to submit any additional claims. Because the claims are not actually "submitted," they are not denied by the Claims Administrator. A claimant cannot appeal, or even seek reconsideration of a claim, unless it has been denied.

Attached hereto is a letter the undersigned wrote to Richard Stanley dated June 25, 2014, in his capacity as the attorney for the Claims Administrator.[3] Also attached is the undersigned's email correspondence to Maclain Romaguera, Deepwater Horizon Claims Center contact person for

---

[1] See the Declaration of John Pivach, attached hereto as Exhibit 1.

[2] One explanation for the confusion is the undivided ownership of these parcels with other claimants. On the two parcels deemed eligible at the outset, Claimants were either the 100% owners of the parcel (1460250), or they were the only owners on the parish tax rolls (1450550). On Parcel 1460300, there were three tax bills, but initially only one was deemed eligible. On Parcel 1610194, there were at least two other tax bills.

[3] See Exhibit 2, attached. This letter was sent shortly after Schoenberger had the telephone conversation with HBS, co-owner of Parcel 1460300.

attorneys, dated July 17, 2014.[4] Listed therein are not only the two parcels discussed above, but also four additional parcels for other clients who had experienced the same problem. However, no action has been taken by the Claims Administrator after a passage of nine months.

**Wetlands Claims Process**:

Wetlands claims are unique among all categories of the Economic Loss Settlement Agreement because the claimants are relying upon the Claims Administrator to tell them whether or not their lands are in the Claim Zone. The properties have no municipal addresses or zip codes. Instead, they are simply described by Sections, Townships and Ranges. For example, Parcel 1460300 is described as an undivided 1/4 interest in and to Sec. 19, T23S, R33E. Attached hereto are the tax bills for Parcels 1460300 and 1610194.[5]

**Claimants Did Submit Claims**:

The Claimants argue they did submit claims in 2012, but were erroneously denied by the Attorney Portal. The records for Claimant ID No. 100063641, in particular, provides evidence of attempts by counsel to submit a claim. See Document IDs. 1956145 and 1956155 uploaded on July 5, 2012 on the portal for this claim. The first document is Tax Bill No. 1460300. The second document is an aerial photograph of this land provided to Schoenberger by the engineering department of Plaquemines Parish government. Next, see Document ID 1566177 which is an aerial map of Tax Parcel 1610194. The uploading of these documents manifests an attempt by

---

[4] See Exhibit 3, attached.

[5] See Exhibits 4 and 5, attached.

Schoenberger to submit claims on these parcels in July, 2012. Therefore, this court should conclude that the claimants did submit claims for these parcels which were erroneously denied. The 180-day rule should not be triggered.

**Criteria for Wetlands Claims:**

Exhibit 12A of the Settlement Agreement provides the compensation framework for Wetlands Real Property Claims. Subpart Diii sets out the criteria:

> "The Claims Administrator is to maintain a geographic information systems database ("Administrator's Database") containing the results of SCAT, NRD Preassessment, NRD Rapid Assessment, NRD CWBA, and the best available information on Parcel boundaries for all real property within the Wetlands Property Claim Zone. The Claims Administrator shall apply appropriate compensation category for each eligible Parcel based upon the information in the Administrator's Database and consistent with Section 1.D. ... The Administrator's Database is presumed to be the best available evidence. However, that presumption may be rebutted as outlined in Sections E, F, G and H below. ..."

Section E provides that a parcel found to be located outside the Wetlands Real Property Claim Zone may be added "only if the parcel is documented as containing then presence of oil..."

Section F reiterates that the Claims Administrator's Database contains the best available parcel boundary data. However, for a parcel considered to be outside of the Claim Zone, the claimant must rebut the presumption as follows:

> "The claimant must document the actual presence of a Parcel in the Wetlands Real Property Claim Zone. Documentation of actual presence of a Parcel in the Wetlands Real Property Claim Zone must consist of an official document provided by the parish tax assessor (such a 2010 parish tax notice), Clerk of Court, Registrar of Lands or other governmental lands office or agency, or a professional survey of the Parcel."

Subpart G pertains to ownership at the time of the spill, which is inapplicable. Subpart H pertains to classification of the property as Zone A or Zone B. This is inapplicable, since both of

these properties were deemed to be outside of the Claim Zone.

**Requirements for Ineligible Wetlands Parcels:**

If a claimant disagrees with the Claims Administrator's denial of his wetlands claim, he has the right to submit a Parcel Eligibility Challenge Form. However, the Claimants did not have proof of oil on their properties as required by Subpart E, *supra*. With regard to subpart F, the tax bills were input into the Attorney Portal and denied.[6]

Since the Claimants did not have any information to rebut the presumption that the Claims Administrator's database was correct, they had no basis for submitting the Challenge Form.

**Excusable Neglect:**

Under Policy 251v1, the Claims Administrator has the discretion to grant a Deadline Relief Request to any deadline prescribed by this provision of the Settlement Agreement for up to sixty days after the deadline expired. In this instance, the deadline expired in 2013, so the Claims Administrator does not have the authority to grant relief. However, the court has the supervisory authority of the Settlement Program and it can grant relief pursuant to Section 18.1 of the Settlement Agreement.

The court should apply the "excusable neglect" standard authorized under FRCP 6(b). The "neglect" in this instance would be the failure by the Claimants to submit a Parcel Eligibility Challenge Form. Three factors strongly buttress the Claimants' request for relief:

---

[6] See Instructions for Completing the Wetlands Real Property Claim Form (White Form).

1.  Claimants were misled by the Claims Administrator's database which erroneously declared their parcels "Not in the Claim Zone."

2.  Claimants had no knowledge that either of these properties had been oiled; and

3.  Claimants had no knowledge that the other co-owners of these properties had been successful in their claims until June, 2014.

In the case of *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*,[7] the Supreme Court set out four guidelines for granting relief for a late filing. They are:

1.  the danger of prejudice to the other party;

2.  the length of delay and its potential impact on judicial proceedings;

3.  the reason for delay including whether it was within the reasonable control of the movant; and

4.  whether the movant acted in good faith.[8]

Movants clearly meet the burden set out in the *Pioneer* case. BP and the Claims Administrator are not prejudiced. BP could appeal any award. Ironically, if Claimants had not been paid on one parcel, they could submit these claims tomorrow and be deemed eligible so it would not unduly delay judicial proceedings. The reason for the delay is explained in this Memorandum. Movants are certainly in good faith.

## Conclusion:

The court should order the Claims Administrator to allow Claimants to submit wetlands

---

[7] 507 US 380 (1993), 113 S.Ct. 1489.

[8] Citing Court of Appeals at 943 F.2d 673, at 677.

claims for Tax Parcels 1460300 and 1610194, Plaquemines Parish, Louisiana.

                    Respectfully submitted,
                      **LAW OFFICE OF KEVIN C. SCHOENBERGER**

By:   */s/ Kevin C. Schoenberger*
       **KEVIN C. SCHOENBERGER (Bar No. 11813)**
       Attorney for the Claimants
       201 St. Charles Avenue
       Suite 2422 - Place St. Charles
       New Orleans, Louisiana 70170
       Telephone: (504) 525-1143
       Facsimile: (504) 587-0901
       Email: kcschoenberger@gmail.com

       *Attorney for Movants*