UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: "J" |
| This Document Applies to: | JUDGE BARRIER<br>MAG. JUDGE SHUSHAN |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | |

**MOTION TO ALTER OR AMEND ORDER DATED FEBRUARY 26, 2015 (Dkt. 14221) IN CONNECTION WITH THE COURT'S SHOW CAUSE ORDER DATED SEPTEMBER 9, 2013 (Dkt. #11288)**

NOW INTO COURT, comes the undersigned counsel, AndryLerner LLC ("Andry Lerner"), who file this Motion to Alter of Amend Order dated February 26, 2015 ("Motion") rendered pursuant to the Show Cause Order of the Court dated September 9, 2013 (Dkt. #11288) ("Order"). Movers assert:

1. On July 2, 2013, the Court appointed the Special Master under Rule 53 of the Federal Rules of Civil Procedure to conduct an investigation of certain issues that had arisen in connection with the Deepwater Horizon Court Supervised Settlement Program ("CSSP").

2. On September 6, 2013, the Special Master submitted his initial report to the Court.

3. Upon receipt of the Special Master's Report, the Court ordered that Lionel Sutton, Christine Reitano, Jon Andry, Glen Lerner and any associated law firms show cause why the Court should not adopt the findings and recommendations of the Special Master (Dkt No. 11288).

4. The Special Master, in its report, recommended that Andry Lerner be disallowed from representing CSSP claimants.

{00346077-1}

1

5. On the 26th day of February, 2015, the Court entered an Order with respect to Andry Lerner and the other show cause defendants that provided for the following:

> The AndryLerner law firm will be allowed to collect fees for previous legal work actually performed on legitimate claims that qualify for payments from the CSSP. Any legal fees collected in connection with the claims that are deemed to be fraudulent shall be disgorged or reimbursed to the CSSP. The Claims Administrator shall deduct and retain any amounts owed by AndryLerner, Jon Andry, or Glen Lerner from the escrowed fees presently being held. The remaining escrowed fees shall not be released to AndryLerner, Jon Andry, or Glen Lerner until all remaining AndryLerner claims have been resolved and the Court orders the release of the remaining fees.

6. Prior to the entry of the Order, Andry Lerner, the Special Master and the Claims Administrative Office ("CAO") submitted an Amended and Superseding Order that was entered by the Court on February 12, 2014. The Order provided the following with respect to legal fees due Andry Lerner earned or paid by the CAO:

> The CAO shall place in a segregated escrow account the amount of Law Firm's third party claim as set forth in the Settlement Sheet.
>
> (1) Douglas Draper shall open a segregated escrow account at First National Bank of Commerce in New Orleans (or such other bank as may be approved by the Special Master), in the name of Heller, Draper, Patrick, Horn & Dabney, LLC, as Agent, and it shall be called the "AndryLerner Client Account."
>
> (2) The escrow account shall not be the property of the CAO or the Trustee.
>
> (3) Law Firm's lien shall attach to the escrow account as proceeds in accordance with applicable Louisiana law.
>
> (4) No funds can be withdrawn from the escrow account without (i) the written consent of Law Firm and the Special Master, or (ii) order of this Court. Douglas Draper shall notify the Bank in which the escrow funds are deposited about the limitations on withdrawals from the account, and the bank shall agree to be bound by the terms of this order limiting withdrawals from the escrow account.

{00346077-1}

(5) After the CAO has deposited the funds into the escrow account, the CAO has no claim to the funds in the escrow account and no further obligation to Law Firm or its clients with respect to the escrowed funds.

7. Andry Lerner, for the reasons set forth in its Memorandum in support of this Motion, suggests modifications to the Order that will allow for the following:

a) Remove any potential conflict between the February 12, 2014 Order and this Court's February 26, 2015 Orders relative to the payment of any clawback order entered in favor of the Special Master and allow for immediate payment of such judgments out of the escrow account established pursuant to the February 12, 2014 Order;

b) Allow for the payment of third party creditors of Andry Lerner without the creditors having to file suit against Andry Lerner to preserve their claims and wait three to five years for payment provided the balance in the escrow account does not get below $250,000.00; and

c) Protect the funds in the escrow account from a subsequent bank failure to the extent the account exceeds $250,000.00.

**WHEREFORE**, Mover requests that this Court alter or amend its Order as set forth in this Motion.

Dated: March 24, 2015                Respectfully submitted:

By: */s/Douglas S. Draper*
Douglas S. Draper (La. Bar #5073)
Heller, Draper, Patrick, Horn & Dabney, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3333
Facsimile: (504)299-3399
ddraper@hellerdraper.com
*Counsel for Andry Lerner LLC*

{00346077-1}

3