UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: "J" |
| This Document Applies to: | JUDGE BARRIER<br>MAG. JUDGE SHUSHAN |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | |

**MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND ORDER DATED FEBRUARY 26, 2015 (Dkt. 14221) IN CONNECTION WITH THE COURT'S ORDER DATED SEPTEMBER 9, 2013 (DKT. #11288)**

This Memorandum is submitted on behalf of AndryLerner LLC ("Andry Lerner") in support of its Motion to Alter or Amend Order dated February 26, 2015 ("Motion") [Dkt No. 14221] in connection with the Order entered by this Court rendered in connection with the Court's Show Cause Order dated September 9, 2013 (Dkt. #11288) ("Show Cause Order").

**Facts**

On July 2, 2013, the Court appointed the Special Master under Rule 53 of the Federal Rules of Civil Procedure to conduct an investigation of certain issues that had arisen in connection with the Deepwater Horizon Court Supervised Settlement Program ("CSSP").

On September 6, 2013, the Special Master submitted his initial report to the Court.

Upon receipt of the Special Master's Report, the Court ordered that Lionel Sutton, Christine Reitano, Jon Andry, Glen Lerner and any associated law firms show cause why the Court should not adopt the findings and recommendations of the Special Master (Dkt No. #11288).

{00346078-1}

1

The Special Master, in its report, recommended that Andry Lerner be disallowed from representing CSSP claimants.

## The Court Issued Orders and Reasons

On the 26th day of February, 2015, the Court entered an Order with respect to Andry Lerner and the other show cause defendants that provided for the following:

> The AndryLerner law firm will be allowed to collect fees for previous legal work actually performed on legitimate claims that qualify for payments from the CSSP. Any legal fees collected in connection with the claims that are deemed to be fraudulent shall be disgorged or reimbursed to the CSSP. The Claims Administrator shall deduct and retain any amounts owed by AndryLerner, Jon Andry, or Glen Lerner from the escrowed fees presently being held. The remaining escrowed fees shall not be released to AndryLerner, Jon Andry, or Glen Lerner until all remaining AndryLerner claims have been resolved and the Court orders the release of the remaining fees.

Prior to the entry of the February 26, 2015 Order, the Court entered an Order on February 12, 2014 (Dkt. #12321) that was agreed to by the Special Master, the Claims Administrative Office and Andry Lerner relating to the payment of Andry Lerner legal fees. The Order provided:

> The CAO shall place in a segregated escrow account the amount of Law Firm's third party claim as set forth in the Settlement Sheet.
>
> (1) Douglas Draper shall open a segregated escrow account at First National Bank of Commerce in New Orleans (or such other bank as may be approved by the Special Master), in the name of Heller, Draper, Patrick, Horn & Dabney, LLC, as Agent, and it shall be called the "AndryLerner Client Account."
>
> (2) The escrow account shall not be the property of the CAO or the Trustee.
>
> (3) Law Firm's lien shall attach to the escrow account as proceeds in accordance with applicable Louisiana law.

{00346078-1}

    (4)    No funds can be withdrawn from the escrow account without (i) the written consent of Law Firm and the Special Master, or (ii) order of this Court. Douglas Draper shall notify the Bank in which the escrow funds are deposited about the limitations on withdrawals from the account, and the bank shall agree to be bound by the terms of this order limiting withdrawals from the escrow account.

    (5)    After the CAO has deposited the funds into the escrow account, the CAO has no claim to the funds in the escrow account and no further obligation to Law Firm or its clients with respect to the escrowed funds.

### Relief Requested by Andry Lerner

The Court, in its Order, attempted to provide for Deepwater Horizon Economic Claims Office to immediately recover any clawback judgment rendered against Andry Lerner in connection with fraudulent claims asserted by its clients. Andry Lerner is presently operating under the Order referenced above with respect to its receipt of legal fees.

The Court's Order dated February 26, 2015 provides a mechanism whereby the DHECC satisfy any clawback judgment against Andry Lerner by setting off the judgment amount against future fees due to Andry Lerner. Andry Lerner's issue with the Court's mechanism is that it is unknown when future fees will be payable to Andry Lerner and when or if any additional clawback orders will be entered by the Court. The February 26, 2015 Order provides for the Claims Office to offset fees and does not address the existing escrow account held by Douglas Draper as a means to settle clawback claims.

Andry Lerner believes that the immediate payment of any final clawback order should be satisfied out of the escrow account rather than when waiting for the clawback judgment to be paid out of the first legal fees received after the entry by the Court of a clawback order. If the Court Order is amended in the manner suggested by Andry Lerner, the Thonn clawback order

{00346078-1}

can be immediately satisfied and any future Order of Court can be satisfied immediately upon such Order becoming final.

The second issue Andry Lerner with the Court's Order that should be modified relates to the ability of Andry Lerner use the funds in the escrow account to pay its third party creditors. The Court Order only gives Andry Lerner access to the funds in the account when "all remaining Andry Lerner claims have been resolved" and the Court orders the release of the remaining fees. The date when Andry Lerner would have access to the funds to pay its third party creditors could be in excess of five years. Andry Lerner is not requesting access to the escrow account to make any payment of Glen Lerner, Jonathan Andry or any business affiliated with them but, rather, modification to allow it to pay third party creditors when the February 12, 2014 escrow account exceeds $250,000.00.

Under applicable Louisiana law, a third party creditor of Andry Lerner would be required to file suit against Andry Lerner on open account with three years in order to preserve its claim while awaiting payment. The Andry Lerner third party creditors are innocent of any involvement with respect to the Court's finding and waiting three to five years for payment and having to file suit to preserve their right to payment would serve as a hardship on the entities. In addition, interest is not accruing on the debt until a judgment is rendered. A means of protecting Andry Lerner creditors from incurring additional costs and waiting three to five years for payment would be a modification of the Order to allow Andry Lerner to pay third party creditors provided the following conditions are met:

    1)     The creditors must execute a declaration Andry Lerner owns no interest in the business;;

2) The escrow account or escrow accounts have an account balance in excess of $250,000.00 after taking into account the requested payment. The $250,000.00 outstanding minimum balance would provide a reserve so that clawback claims can be immediately paid based upon the modification requested herein; and

3) Either the Court or the Special Master approves the payment.

The existing Court Orders do not authorize the opening of other escrow accounts for the deposit of Andry Lerner legal fees. The account is only insured up to $250,000.00 under applicable FDIC rules. It is believed the total fees earned by Andry Lerner under the Court's Order will be in excess of $250,000.00 and it would be prudent if additional escrow accounts were opened to maximize the insurance available against a bank failure. In addition, Andry Lerner requests that the Court authorize the funds to be deposited into an account that earns interest.

Andry Lerner requests this Court to alter or amend its Order or enter the Order entered by the Court. The requested modifications solve problems in connection with the implementation of the Court's Order and provide some relief for third party creditors who are entitled to payment and should not incur additional cost and expense to preserve their claims.

Dated: March 24, 2015

Respectfully submitted:

By: */s/Douglas S. Draper*
Douglas S. Draper (La. Bar #5073)
Heller, Draper, Patrick, Horn & Dabney, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3333
Facsimile: (504)299-3399
ddraper@hellerdraper.com
*Counsel for Andry Lerner LLC*

{00346078-1}

Lewis O. Unglesby (La. Bar #12498)
Unglesby Law Firm
246 Napoleon Street
Baton Rouge, LA 70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355
Email for Lewis: lisa@unglesbylaw.com
*Counsel for Jonathan Andry*

Amit P. Mehta
Zukerman Spaeder LLP
1800 M. Street, NW, Ste. 1000
Washington, D.C. 20036-5807
amehta@zuckerman.com
and
Pauline F. Hardin (La. Bar #6542)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170
Telephone: (504) 582-8110
Facsimile: (504) 589-8110
phardin@joneswalker.com
*Counsel for Glen Lerner*

---