

UNITED STATES DISTRICT COURT
For the
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re: Subpoenas Issued to Non-Party
Polaris Applied Sciences, Inc. (a Washington State Corporation)

In re Oil Spill by the Oil Rig
DEEPWATER HORIZON in the
Gulf of Mexico on April 20, 2010

APPLIES TO 2:10-cv-4182, 2:10-cv-4183,
2:13-cv-2645, 2:13-cv-2646,
2:13-cv-2647, and 2:13-cv-2813

15-MS-008 RSL

Misc. Case No.:

Related to MDL NO.10-md-2179
Pending in U.S. District Court for the
Eastern District of Louisiana

MOTION TO QUASH
FOREIGN SUBPOENAS

NOTE ON MOTION CALENDAR:
February 20, 2015

Pursuant to Fed.R.Civ.P. 45 (d) (3) specifically and Fed.R.Civ.P. 45 in total, non-party Polaris Applied Sciences, Inc., a Washington State Corporation, respectfully moves to quash the subpoenas for document production and for deposition issued by the State of Alabama on December 23, 2014.

I. The Subpoenas.

The State of Alabama is involved in Multidistrict litigation against BP Exploration and Production ("BPXP") before the United States District Court for the Eastern District of Louisiana. The litigation arises from the oil spill from the oil rig DEEPWATER HORIZON in the Gulf of Mexico on April 20, 2010. Polaris Applied Sciences, Inc. ("Polaris") has and continues to supply

MOTION TO QUASH SUBPOENAS
*In Re: Subpoena Issued to Non-Party*
*Polaris Applied Sciences, Inc.*
Misc. Case No.:
Page **1** of **6**

Kevin Beauchamp Smith
Attorney At Law
4714 Ballard Avenue, NW, PMB 194
Seattle, WA 98107-4850
206-781-1657
KBEAUS@IX.NETCOM.COM

scientific support to BPXP in the response to the DEEPWATER HORIZON oil spill. Polaris is not a party to the Multidistrict litigation before the U.S. District Court for the Eastern District of Louisiana.

On December 23, 2014, Counsel for the State of Alabama issued two subpoenas directed at Polaris (1) "To Produce Documents, Information or Objects"; and (2) "To Testify at a Deposition in a Civil Action". Copies of both subpoenas are provided as Exhibits 1 and 2, respectively, to the Declaration of Sheree Neal attached hereto.

The State of Alabama subpoenas were delivered to Polaris via certified mail on December 26, 2014. The Polaris Kirkland, Washington office headquarters were closed for the Holidays until December 30, 2014. The subpoena for documents specified a compliance date of January 16, 2015 in Montgomery, Alabama. The subpoena for deposition testimony specified a compliance date of February 25, 2015. *(Please see Declaration of Sheree Neal).*

On January 8, 2015 counsel for BPXP notified counsel for Polaris that the State of Alabama had agreed that any objections or challenges to the Polaris subpoenas would be considered timely if made by January 23, 2015.

**II. Fed.R.Civ.P. 45 (d) (3) Requires that Subpoenas Must Be Quashed or Modified that Violate the Geographical Limits Specified in the Rule and/or that Subject a Non-party to Undue Burden.**

Fed. R.Civ P.(d) (3) (A) specifically states that the district court where compliance with a subpoena is required "must quash or modify a subpoena that:" ... "(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);" ... "(iv) subjects a person to undue burden."

MOTION TO QUASH SUBPOENAS
*In Re: Subpoena Issued to Non-Party*
*Polaris Applied Sciences, Inc.*
Misc. Case No.:
Page **2** of **6**

Kevin Beauchamp Smith
Attorney At Law
4714 Ballard Avenue, NW, PMB 194
Seattle, WA 98107-4850
206-781-1657
KBEAUS@IX.NETCOM.COM

Polaris' primary place of regularly transacting business is its office headquarters in Kirkland, Washington. Kirkland, Washington is not within 100 miles of Montgomery, Alabama.

The eight pages of "Requests for Production of Documents" attached as "Exhibit A" to the State of Alabama's subpoena for documents call for the production of an extremely large volume of documents. The requests are overly broad and unduly burdensome as written. Furthermore, the vast majority of the documents at issue have already been transmitted to BPXP and then made publicly available and/or available to all members of the Unified Area Command for the DEEPWATER HORIZON spill, which included the State of Alabama, during the course of the response to the DEEPWATER HORIZON spill.[1] To have Polaris separately duplicate the materials that have been provided to BPXP and Alabama over the course of the last soon to be five years would impose an undue burden on Polaris. A separate production would require Polaris to assign a specific individual to gather, catalogue and tender the documents over the course of several weeks. A new sub-contractor would very likely have to been hired to handle the separate production as the current Polaris staff is still engaged in work relating to the DEEPWATER HORIZON spill. While Polaris is a company that engages in very significant, large scale environmental science projects, it is not a large company. Much of Polaris' work is accomplished with the assistance of subcontractors. Hiring

---

[1] "Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014). Thus, "[a] court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation." *Id.* (quoting *Rocky Mountain Medical Management*, 2013 WL 6446704, at *4 (D. Idaho Dec. 5, 2013)); *also citing Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena."); *Brown v. City of Syracuse*, 648 F. Supp. 2d 461, 466 (N.D.N.Y. 2009) (when balancing hardships between requesting party and non-party, court should consider whether there are other sources for obtaining the material); *Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests."); *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests.")).

MOTION TO QUASH SUBPOENAS
*In Re: Subpoena Issued to Non-Party Polaris Applied Sciences, Inc.*
Misc. Case No.:
Page **3** of **6**

Kevin Beauchamp Smith
**Attorney At Law**
4714 Ballard Avenue, NW, PMB 194
Seattle, WA 98107-4850
206-781-1657
KBEAUS@IX.NETCOM.COM

additional sub-contractors solely to respond to discovery requests as a non-party, when the information sought is available from a party is unduly burdensome.

A non-party, like Polaris, should not be required to bear significant costs in participating in discovery. Courts addressing the issue of costs of subpoena compliance have consistently emphasized that non-parties who have no interest in a litigation should not be required to subsidize the costs of litigation. *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La 1999).

Polaris, therefore, requests that the Court order that Polaris be reimbursed the reasonable employee time costs and reasonable third-party contractor costs– it incurs in connection with any such production

In addition, in responding to the Document Subpoena or to a subsequent subpoena of reduced scope, Polaris will be required to have counsel review the gathered documents prior to production, to determine any applicable privileges or possible objections, and advise Polaris on with respect to these issues. Polaris therefore requests the Court order that the State of Alabama reimburse Polaris for its reasonable attorneys' fees incurred in connection with the response to the Document Subpoena – or the response to a subsequent subpoena of reduced scope.

**III. The State of Alabama Subpoena for Deposition Violates Fed.R.Civ.P. 45 (b) (1).**

Neither subpoena issued by the State of Alabama addresses who will bear the costs of the document production and/or attendance time for a representative of Polaris at deposition. The dollar amount for fees and travel within both subpoenas is respectively listed as "a total of $0.00".

Courts within the Ninth Circuit have routinely ruled that subpoenas requiring a person's attendance that do not contemporaneously tender the fees for one day's attendance plus mileage must be quashed. A relatively recent ruling in the U.S. District Court for the Western District of

MOTION TO QUASH SUBPOENAS
*In Re: Subpoena Issued to Non-Party*
*Polaris Applied Sciences, Inc.*
Misc. Case No.:
Page **4** of **6**

Kevin Beauchamp Smith
Attorney At Law
4714 Ballard Avenue, NW, PMB 194
Seattle, WA 98107-4850
206-781-1657
KBEAUS@IX.NETCOM.COM

Washington, *Thykkuttathil v. Keese,* 2014 U.S. Dist. LEXIS 3362, provided a thorough examination of Fed.R.Civ.P. 45 (b)(1) finding that "the Ninth Circuit has interpreted the language of Rule 45 (b)(1) to require "concurrent tender of witness fees and an estimated mileage allowance with service [of a subpoena]", citing to *CF & I Steel Corp. v. Mistsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983).

The *Thykkuttathil* ruling goes on to find that the failure to personally serve a subpoena accompanied by tender of witness fees provides additional grounds for invalidating the subpoena, citing to *San Francisco Bay Area Rapid Transit Dist.*, 2006 U.S. Dist. LEXIS 73140, 2006 WL 2734284 at *1 (quashing subpoenas where the subpoenaed witnesses were not personally served and service was not accompanied by tender of witness fees); and *Ellis v. SmithKline Beecham Corp.*, 2008 U.S. Dist. LEXIS 60740, 2008 WL 2323925 (W.D. Wash. 2008) (finding service defective where not accompanied by the tender of witness fees).

**IV. Conclusion: Alabama Issued Subpoenas Are Defective Under Multiple Provisions of Fed.R.Civ.P. 45 and Must Be Quashed or Modified.**

The subpoenas issued to Polaris violate Fed.R.Civ.P. 45 by requiring compliance beyond the geographical limits specified in Rule 45(c); failing to tender concurrent attendance fees under Rule 45 (b) (1); failing to effect personal service as required by Rule 45 (b) (1) regarding attendance at deposition; and imposing an undue burden on a non-party by seeking a massive production of documents without any assurances that Polaris will be reasonably compensated. Based on the defective nature of the subpoenas issued by the State of Alabama it is within the Court's discretion to award reasonable attorneys' fees and costs to Polaris for having to bring the present motion. It is respectfully submitted that the subpoenas must be quashed.

MOTION TO QUASH SUBPOENAS
*In Re: Subpoena Issued to Non-Party
Polaris Applied Sciences, Inc.*
Misc. Case No.:
Page **5** of **6**

Kevin Beauchamp Smith
Attorney At Law
4714 Ballard Avenue, NW, PMB 194
Seattle, WA 98107-4850
206-781-1657
KBEAUS@IX.NETCOM.COM

DATED this 23rd day of January, 2015.

**KEVIN BEAUCHAMP SMITH ATTORNEY AT LAW**

*s/Kevin Beauchamp Smith*
**KEVIN BEAUCHAMP SMITH, WSBA #21156**
Attorney for Polaris Applied Sciences, Inc.
4714 Ballard Avenue, NW, PMB 194
Seattle, Washington 98107-4850
Telephone: (206) 781-1657
Facsimile: (888) 435-0145
Email: kbeaus@ix.netcom.com

### CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on Friday, the 23rd day of January, 2015 I electronically submitted the foregoing MOTION TO QUASH and accompanying proposed Order to the newcases.seattle@wa.wd.uscourts.gov email address for filing a Miscellaneous Action. I also certify that I simultaneously emailed the Motion and proposed Order to the following counsels:

For the State of Alabama:

Corey Maze at CMaze@ago.state.al.us

Parker Miller at Parker.Miller@BeasleyAllen.com

For BPXP:

Matthew Dodd at Matthew.Douglas@APORTER.COM

Paul Collier at pcollier@kirkland.com

Chad Morriss at chad.morriss@kirkland.com

*s/ Kevin Beauchamp Smith*

KEVIN BEAUCHAMP SMITH, WSBA # 21156

---

MOTION TO QUASH SUBPOENAS
*In Re: Subpoena Issued to Non-Party*
*Polaris Applied Sciences, Inc.*
Misc. Case No.:
Page 6 of 6

Kevin Beauchamp Smith
Attorney At Law
4714 Ballard Avenue, NW, PMB 194
Seattle, WA 98107-4850
206-781-1657
KBEAUS@IX.NETCOM.COM