UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

MEMORANDUM IN SUPPORT OF
MOTION OF THE DHECC FOR RETURN OF
<u>PAYMENTS MADE TO JONATHAN TAYLOR AND OTHERS</u>

On behalf of the Deepwater Horizon Economic Claims Center ("DHECC"), Claims Administrator Patrick Juneau and Special Master Louis J. Freeh seek to have claimant Jonathan Taylor ("Taylor" or "Jonathan Taylor") return $71,328 paid to him based on misrepresentations Taylor made to the DHECC.  Taylor sought recovery as a shrimp boat captain for the 2009 shrimping season on a vessel owned by his father, *God's Grace*. Taylor's 2009 tax return and other documentation that Taylor and his father filed make clear, however, that Taylor was not the captain of *God's Grace* in 2009.

The Claims Administrator and Special Master seek a judgment requiring Taylor to return the $71,328, and prohibiting Taylor from participating in any further seafood distributions.  Any professionals who assisted Taylor and benefitted from the unjustified payment to him similarly should return such payments.

Communications with counsel for Taylor to attempt to resolve the issues presented in this motion have not resulted in a resolution.

**A. _Background_**

The Claims Administrator has authority to ensure the integrity of the DHECC.  *See* Settlement Agreement at ¶ 4.3.10.  This Court retains continuing jurisdiction over the Settlement Agreement.  *Id.* at ¶¶ 4.4.7 and 18.1.  Disputes concerning enforcement of the Settlement Agreement are to be resolved by motion to the Court.  *Id.* at ¶ 18.1.

**B. _Taylor's DHECC Claim_**

On June 31, 2012, Jonathan Taylor filed a shrimp boat captain claim with the DHECC for *God's Grace*, a 44 foot ice vessel his father, Doyle Taylor, owned.  Taylor asked to have the claim calculated using 2009 trip tickets.  He filed a number of 2009 trip tickets for shrimp landings from *God's Grace*, as well as a Sworn Written Statement for Sufficient Documentation of Benchmark Revenue ("SWS-1"), representing that the vessel landed $84,423 in shrimp in the Gulf Coast Areas in 2009.  *See* Ex. A.

Jonathan Taylor did not provide the DHECC with a copy of his 2009 Form 1040, but he did provide a 2009 tax return transcript from the Internal Revenue Service ("IRS").  *See* Ex. B.  The transcript indicated that Taylor had $33,706 in gross receipts from a "consulting" business reported on a Schedule C.  *Id*.  The transcript did not list any Form 1099s received by Taylor for 2009.  *Id*.

The DHECC found Jonathan Taylor eligible for $107,250 in compensation on his shrimp boat captain claim under the expedited compensation method.  On October 22, 2012, the DHECC paid Taylor $71,328, after an offset for prior payments.  Upon information and belief, Taylor's counsel, Faegre Baker Daniels LLP, received attorney's fees of $17,832 on Taylor's claim based upon a contingent fee agreement.

### C. *Evidence of Taylor's Fraudulent Claim*

The totality of the record shows that there is no genuine issue as to any material fact and that the Special Master and the DHECC are entitled to a judgment as a matter of law. *See* Order & Reasons on Special Master's Motion for Return of Payment at 19 (Doc. Rec. 12794) (Apr. 29, 2014) (hereinafter "Order & Reasons").

Jonathan Taylor falsely claimed to have earned $84,423 in shrimping income in 2009 as the captain of *God's Grace*, when he was not the captain of that vessel in 2009. Taylor's false claim is demonstrated in numerous ways.

First, Jonathan Taylor's full tax records for 2009 (which he did not provide the DHECC) show that his business income for 2009 was earned as a "consultant" for "ABSG Consulting Inc." and "ABS Group Services Inc.," all as reflected on Form 1099s issued by these entities. *See* Ex. C. Taylor had an additional 2009 Form 1099 from Estella Mudd. *Id.* Investigators for the Special Master confirmed that ABSG Consulting, Inc., ABS Group Services, Inc., and Estella Mudd are not engaged in commercial fishing.

Second, Jonathan Taylor filed with the Gulf Coast Claims Facility ("GCCF") a sworn document dated July 25, 2011, stating that 2011 is his "second year at the helm of *God's Grace*." See Ex. D at 4. Doyle Taylor, Jonathan Taylor's father and the owner of *God's Grace,* also represented to the GCCF that Doyle Taylor was the captain of *God's Grace* in 2009, and that he "relinquished his captain duties to Jonathan in July of 2010." *See* Ex. E at 5. On May 24, 2010, Doyle Taylor sought emergency payments from BP and said he was the captain of *God's Grace*. *See* Ex. F. Doyle Taylor also provided 1099 forms to Jonathan Taylor for 2007, 2008, and 2010, but not for 2009. *See* Exs. C, G, and H.

Third, Doyle Taylor filed a shrimp vessel owner claim but not a shrimp boat captain claim, but he still represented that he was the sole Boat Captain for *God's Grace* between January 1, 2007 and December 31, 2009.  *See* Ex. I at 4, 27.  Yet in the box containing one of these representations, he also typed his son's name but with no explanation for this reference.  *Id.* at 4.  And in another note faxed by Doyle Taylor on August 17, 2010, he said Jonathan Taylor was captain of `*God's Grace* "during the years 2005-2008."  *See* Ex. J.

Finally, Jonathan Taylor and his father presented the same 2009 trip tickets for shrimp landings from *God's Grace* to the DHECC.  Both sets contained three handwritten names, with the value of the 2009 shrimp catch allocated among these names:  "Doyle T" (who received about 64 percent of the ticket revenue), "Mike S. Jr." (who received about 16 percent) and "David D." (who received about 13 percent).[1]  These tickets reflect only $450 to Jonathan Taylor in 2009.  Further, the names on the tickets correspond to Doyle Taylor's 2009 tax records, where he issued Form 1099's to "Michael Skipper Jr." and "David A. Dewitt" but not to Jonathan Taylor.  *See* Ex. K and L.  The $24,498 in 2009 Form 1099 compensation to Skipper and Dewitt matches the "contract labor" expense on Doyle Taylor's Schedule C for his shrimping business.  *See* Ex. L at Sch. C Line 11.

Jonathan Taylor received a 1099 from Cameron Fisheries LLC, for 2009, however, it showed only $726 in income.  Investigators for the Special Master met with the office manager at Cameron Fisheries who said that in 2009 Cameron Fisheries made numerous purchases from *God's Grace*, and that Jonathan Taylor was usually a deckhand while his father served as the boat captain.  She also said that while she thought Jonathan Taylor captained *God's Grace* approximately 50 percent of the time in 2009, all of Cameron

---

[1] Approximately seven percent (less than $5000) in fishing income was not allocated to any individual fisherman.

Fisheries' sales records identify his father as the captain.  Estella Mudd told investigators

that during Jonathan Taylor's work with her in July, November and December 2009, he also

captained his father's shrimp boat.  This aged recollection, however, is belied by Doyle

Taylor's contemporaneous business records.

The totality of the contemporaneous record makes clear that Jonathan Taylor did

not captain *God's Grace* in 2009, or report shrimping revenue for that year to the IRS.

### D.  *Legal Analysis*

1.  Taylor Should Be Required to Return All Funds He
    Received from the DHECC Because His Claim Was Fraudulent

The Court's power to order equitable remedies as a result of fraudulent conduct is a

broad, flexible and long-standing power.  *See Hazel-Atlas Glass Co. v. Hartford Empire Co.*,

322 U.S. 238, 244 (1944) (affirming judicial power to set aside fraudulently begotten

judgments as such cases present "a wrong against the institutions set up to protect and

safeguard the public, institutions in which fraud cannot complacently be tolerated

consistently with the good order of society"); Order & Reasons at 21.

In this case, the record reveals that Jonathan Taylor misrepresented to the DHECC

that he earned $84,423 in 2009 shrimping revenue as the captain of *God's Grace* to obtain

payment on his shrimp boat captain claim.  A statement is material if it would naturally

tend to influence or is capable to influence a decision maker.  *United States v. Abraham*, 678

F.3d 370, 374-76 (5th Cir. 2012).  "Actual influence is not required — a statement can be

ignored or never read and still be material — and the statement need not be believed."  *Id.*

Jonathan Taylor's counsel has suggested that any purported misrepresentations by

Jonathan Taylor regarding his 2009 captain status would not be material, as *God's Grace*

earned the stated 2009 shrimping revenue and the DHECC did not pay the captain's claim for *God's Grace* more than one time. Jonathan Taylor's counsel further suggested that the DHECC would have paid Jonathan Taylor's father the captain's share had Taylor not filed the claim. This position misinterprets the materiality requirement.

The Court Supervised Settlement Program ("CSSP") provides relief for claimants who satisfy detailed criteria in the various claim categories. Indeed, to ensure that compensation goes to those having suffered injury and having knowledge of the relevant facts and proof of that injury, a claimant may not assign his claims. *See* Settlement Agreement at Ex. 21 at ¶ 1.1.2.1. Further ensuring that compensation only goes to appropriate parties with proper proof, the claim qualifications for specific programs, such as that for shrimp boat captains, require proof that the claimant "was the Boat Captain of the vessel during the time period for which the vessel generated the revenue" relied upon to support the claim. *Id*. at Ex. 10 at ¶ I.A.2.a.iii. This requirement is further regulated by requiring a boat captain to declare under oath whether the boat revenue identified is for the entire vessel or the captain's share of revenue. *See* Ex. A.

Jonathan Taylor's misrepresentations deprived the DHECC of the ability to determine whether Taylor met these detailed criteria regulating the claim process. Indeed, documentation submitted to purportedly show that Jonathan Taylor satisfied these requirements, such as his 2009 tax transcripts and Jonathan Taylor's sworn statement, misled the DHECC to accept that Jonathan Taylor had identified the captain's share of the shrimp revenue from *God's Grace*, that Jonathan Taylor had properly reported that captain's share to the IRS, and that Jonathan Taylor had personal knowledge of these facts and the nature of the 2009 shrimping catch by *God's Grace*.

This situation is similar to that in *United States v. Puente*, 982 F.2d 156 (5th Cir. 1993), where the Fifth Circuit found that a HUD project bidder made a material misrepresentation by failing to disclose a felony conviction on a required form, even though the a bidder could still have been awarded a contract even with such a conviction. *Id.* at 159. The bidder claimed his omission was immaterial, because the same decision would have resulted even if his conviction had been disclosed. But the Fifth Circuit disagreed, finding that "[w]hile it may be true that [the bidder] would have been awarded the contract even if he had answered truthfully," the HUD officials could have viewed the bid differently with the full facts. *Id.*

The bidder's omission in *Puente* deprived HUD officials of the opportunity to make a contracting decision based upon all relevant information, just as Jonathan Taylor's false statements misled the DHECC and deprived the program of relevant information on whether Jonathan Taylor satisfied the claims criteria. *Puente*, 982 F.2d at 159. Jonathan Taylor's misrepresentations are not relieved by the possibility that a qualifying claimant who actually captained *God's Grace* in 2009 may have been paid on a claim. *See United States v. McClelland*, 868 F. 2d 704, 709 (5th Cir. 1989) (while figures in forged sales tax returns may have been more accurate than the figures in the actual returns, defendant nonetheless committed fraud by presenting the forged returns as actual returns).

For these reasons, Taylor should return the $71,328 paid by the DHECC. *See* Order & Reasons at 22.

     2.     Professionals Who Assisted Taylor to Submit His Claim
              Should Return All Funds Received from Taylor's Claim

The professionals who helped Jonathan Taylor submit his claim also should be required to return any payment received based on Taylor's claim.  *See* Order & Reasons at 26; *SEC v. Blatt*, 583 F.2d 1325, 1335-36 (5th Cir. 1978).  Money paid by contingency fee arrangements may be recouped through restitution where the client's judgment is reversed or voided.  *See Mohamed v. Kerr*, 91 F.3d 1124, 1126 (8th Cir. 1996); Order & Reasons at 22-23.  Because no fee is due, retaining a payment made on a contingency fee contract under such circumstances would be an unjust enrichment.  *Id.* at 24.  Whether these professionals knew of the falsity of Jonathan Taylor's claim is immaterial to their duty to make restitution of sums that have been received as a result of this improper claim.  Order & Reasons at 23; *Schock v. Nash*, 732 A.2d 217, 232-33 (Del. 1999).

Here, Jonathan Taylor's lawyers received a percentage of the award paid to Jonathan Taylor for his shrimp boat captain claim based upon a contingency fee contract.  The contingency fee would not have been payable to his lawyers if the DHECC had not paid Jonathan Taylor's fraudulent claim.  The contingency fees should be returned to the DHECC.

### E. *Conclusion*

For the reasons stated, the DHECC seeks a judgment requiring Jonathan Taylor to repay $71,328 to the DHECC.  All professionals who benefitted from Jonathan Taylor's unjustified payment similarly should be required to return this payment.  The DHECC

further seeks an order prohibiting Jonathan Taylor from participating in any further seafood distributions.

Respectfully submitted,

_____/s/ Patrick Juneau_____
Patrick Juneau
Claims Administrator

_____/s/ Louis J. Freeh_____
Louis J. Freeh
Special Master

Dated:  March 31, 2015