# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION: J |
| This filing applies to: | * * | JUDGE BARBIER |
| No. 12-968 BELO | * * | CHIEF MAGISTRATE JUDGE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LEROY G. WILSON, JR., | * * | CIVIL ACTION NO. 14-2730 |
| Plaintiff, | * * | |
| Versus | * * | |
| BP EXPLORATION & PRODUCTION INC. AND BP AMERICA PRODUCTION COMPANY | * * * * | JUDGE BARBIER<br><br>CHIEF MAGISTRATE JUDGE WILKINSON |
| Defendants. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

### CLASS COUNSEL'S SUBMISSION
### REGARDING THE RIGHT TO TRIAL BY JURY
### IN MEDICAL BACK-END LITIGATION OPTION (BELO) CASES

Class Counsel for the Medical Benefits Settlement Class respectfully submit the following brief in accord with the Court's Order of March 6, 2015 [Rec. Doc. 14236] in response to the Motion to Strike Jury Demand filed by BP [Rec. Doc. 14237] with respect to the *Wilson* and other Back-End Litigation Option (BELO) claims:

**MAY IT PLEASE THE COURT:**

In general, BELO claims could be viewed in one of two ways: On the one hand, BELO litigants could be viewed as Medical Benefits Class Members who are already

parties to this MDL proceeding and specifically the *Plaisance* lawsuit, Civil Action No. 12-968, by virtue of the Court's Final Approval Order confirming certification of the medical benefits class under Rule 23.  On the other hand, BELO litigants could be viewed as new plaintiffs who are commencing separate new civil actions, albeit subject to the admission of liability and other stipulations and pre-suit procedures outlined in the Medical Benefits Settlement Agreement.

In the event that BELO litigants are considered parties to the existing *Plaisance* civil lawsuit, who are simply pursuing additional claims within that existing class action, then the *Plaisance* Complaint would likely be considered the operative complaint.[1]  And, in discussions with Judge Wilkinson regarding the establishment of the BELO Case Management Order, Class Counsel generally urged that approach.

In the BELO Case Management Order, however, the Court has generally taken the view that each BELO claim will be treated as a separate new lawsuit, with its own separate civil action number, and its own new operative complaint.[2]  Therefore, Class Counsel assume, for the purposes of this Motion, that jurisdictional issues will be governed, not by what Class Counsel pleaded in *Plaisance,* but according to the well-pleaded allegations contained within the plaintiff's individual new BELO complaint.

In sum, (and under that assumption), Class Counsel believe and respectfully submit that such plaintiffs can obtain a trial by jury where diversity under 28 U.S.C. §1332 as a grounds for jurisdiction is properly pleaded.

---

[1] *See, e.g.,* BP MEMORANDUM IN SUPPORT OF MOTION TO STRIKE [Rec. Doc. 14237-1], at pp. 1, 5, 6 (*citing* Medical Class Action Complaint [Case 2:12-cv-968, Rec. Doc. 1]).

[2] *See* BELO CASE MANAGEMENT ORDER [Rec. Doc. 14099], at p.2 (rejecting incorporation of class action pleadings from Civil Action No.12-968); *id.,* §I(3) (requirements for BELO complaints);  *id.,* VI(3) (each BELO complaint and other pleadings will be filed in the record of that individual action, and not in the MDL docket).

I.      Introduction

Personal injury plaintiffs bringing BELO lawsuits for conditions diagnosed after April 12, 2012 ("Later-Manifested Physical Conditions") are entitled to a trial by jury if they base their actions on diversity, and not admiralty, jurisdiction.  That right is guaranteed by the Seventh Amendment of the United States Constitution. *See* Fed. Rule Civ. Pro. 38(a).  Indeed, this Court recently signaled that such right generally survives administrative or other Master Complaints and/or Limitation pleadings in its Order denying BP's Motion to Strike the State of Alabama's Jury Demand.[3]  A plaintiff is the master of his or her complaint;  if the plaintiff brings maritime claims based on diversity jurisdiction, he or she is entitled to a trial by jury. *Luera v. M/V Alberta*, 635 F.3d 181, 187-189 (5th Cir. 2011).

Although the Medical Benefits Settlement Agreement ("MSA") contains several enumerated pre-conditions to the filing of suit as well as prohibitions that apply to BELO actions, the Agreement does *not* preclude a BELO plaintiff from seeking a trial by jury. Nor does it require that a BELO action be brought pursuant to the Court's admiralty jurisdiction.

II.     Background

On December 2, 2014, plaintiff Leroy Wilson filed a BELO complaint. *See* Case 2:14-cv-2730, Rec. Doc. 1 ("Wilson Complaint").  Mr. Wilson demands a trial by jury. *See* Wilson Complaint, ¶12.  On March 2, 2015, BP moved for leave to file a motion to strike Wilson's jury demand and, more broadly, to have the Court hold that the right to trial by jury is not permitted in any BELO action, regardless of the jurisdictional basis

---

[3] *See* ORDER AND REASONS AS TO BP'S MOTION TO STRIKE THE STATE OF ALABAMA'S JURY DEMAND [Rec. Doc. 14347] ("Alabama Jury Demand Order").

underlying the plaintiff's BELO complaint. *See* Case 2:14-cv-2730, Rec. Doc. 8-1.[4] On that same day, BP filed its memorandum in support of its motion to strike plaintiff's demand for a jury trial, Case 2:14-cv-2730, Rec. Doc. 8-4.[5] On March 6, 2015, the Court granted BP's Motion for Leave, and requested Class Counsel, in addition to Mr. Wilson's counsel, to submit a response to the motion because the ruling may be "dispositive of plaintiffs' Seventh Amendment rights, with application to all BELO cases that may be filed in the future." *See* Rec. Doc. 14236.

### III. The Seventh Amendment Guarantees a Right to Trial by Jury in Diversity Cases.

This Court recently confirmed that the Seventh Amendment guarantees the right to trial by jury in actions at common law:

> The Seventh Amendment states, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." The Supreme Court has explained that the Amendment requires a jury trial on the merits in those actions that are analogous to "Suits at common law." *Tull v. United States*, 481 U.S. 412, 417 (1987). "Prior to the Amendment's adoption, a jury trial was customary in suits brought in the English *law* courts. In contrast, those actions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial." *Id.* (emphasis in original).

Alabama Jury Demand Order, at p.10. *See also* Fed. Rule Civ. Pro. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute – is preserved to the parties inviolate"). The Court explained that two factors determine whether an action is based in common law, the latter being the more important factor: the nature of the cause of action and the nature of the remedy. *Id.* at 10-

---

[4] BP's Motion was also filed into the MDL docket, as Rec. Doc. 14228-1.
[5] BP's Memorandum was also filed into the MDL docket, as Rec. Doc. 14237-1.

11. Application of both of those factors to BELO actions based in diversity jurisdiction confirms a plaintiff's right to a jury trial.

In a BELO action, the only remedy that may be sought is monetary damages. The settlement agreement makes that clear:

> A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER who is diagnosed with a LATER-MANIFESTED PHYSICAL CONDITION may . . . seek *compensation* from BP for that LATER-MANIFESTED PHYSICAL CONDITION pursuant to the BACK-END LITIGATION OPTION. *See* MSA VIII(B)(1), [Rec. Doc. 6427-1, at 60] (emphasis added).
>
> A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACKEND LITIGATION OPTION LAWSUIT for a LATER-MANIFESTED PHYSICAL CONDITION *only for compensatory damages*. MSA, VIII(G)(2)(b) [Rec. Doc. 6427-1, at 68] (emphasis added).

Thus, all BELO plaintiffs will be seeking "compensatory damages in the form of money." *See* Alabama Jury Trial Order, at p.11.

The very nature of a BELO action is, also, based in common law. Thus, if a BELO plaintiff opts to premise the action on diversity jurisdiction, BP cannot deprive a plaintiff of his or her right to a trial by jury. As the Fifth Circuit made clear, this fundamental right is not altered even if the underlying action is a Limitation Action that pleads exclusively admiralty jurisdiction:

> [I]t is the claimants' choice, not the vessel owner's, whether to remain in the limitation action. As the Fifth Circuit explained,
>
>> We suspect that back of this strenuous effort to get the right to try these actions first in the state court is the apprehension that unless it is done [in] this fashion the plaintiff-claimants will be irrevocably denied their right to jury trials even though they succeed in their confident expectation of defeating limitation on the merits. But this is a misapprehension erroneously deduced from the acknowledged power of the admiralty court to adjudicate the whole case and grant

Page | 5

> full relief even though limitation is denied. This is a protection to those compelled under the monition and restraining orders to litigate in an unchosen forum. ***The claimants are the ones to determine whether such full relief from the admiralty is desired or needed. If they do not desire it, the admiralty court in its decree denying the right to limitation can make certain that they are free to pursue the petitioner in any other forum having requisite jurisdiction.***
>
> *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960) (footnote omitted) (emphasis added).

Alabama Jury Demand Order, at pp.16-17 (emphasis in original). The Fifth Circuit precedent, and this Court's analysis establishing Alabama's right to a jury trial, is dispositive of the BELO plaintiffs' right to demand a jury trial in BELO cases based on diversity jurisdiction. *See, e.g., Luera v. M/V Alberta*, 635 F.3d 181, 187-189 (5th Cir. 2011) (affirming the right of a plaintiff bringing a maritime claim to choose whether to bring the claim in admiralty (no jury) or at law (with jury)); *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1215-1217 (5th Cir. 1986); *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 359–360 (1962); 14A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE §3672 (3d ed. 1998) (a plaintiff with a claim cognizable in admiralty and at law has three choices: he or she may bring her suit in federal court under admiralty jurisdiction, in federal court under diversity jurisdiction, or in state court).

### III. The Settlement Agreement Did Not Forfeit a BELO Plaintiff's Right to Trial by Jury.

As noted, the BELO Case Management Order takes the approach that a plaintiff who sues BP in a BELO lawsuit for a Later Manifested Physical Condition is not tied to the Medical Class Action Complaint. Indeed, that complaint itself provides that: "This Medical Class Action Complaint does not constitute a waiver or dismissal of any claims or actions not included in this complaint." Medical Class Action Complaint, Case 2:12-

cv-968, Rec. Doc. 1, at ¶2.  Because the Medical Class Action Complaint contains no specific allegations or prayer for relief with respect to Later Manifested Physical Conditions, it should not be invoked by BP to deprive a BELO plaintiff of his or her Seventh Amendment right to trial by jury.

Further, the Release contained within the Medical Settlement Agreement specifically carves out claims for Later Manifested Physical Conditions: class members reserve their right to bring BELO lawsuits against BP in the future if they are diagnosed with a condition after April 12, 2012 that they allege was caused by their exposure to the oil from the BP Oil Spill. *See* MSA, ¶XVI(G).

The express restrictions, pre-conditions and limitations of BELO actions set forth in the Settlement Agreement support the conclusion that a BELO plaintiff neither directly nor implicitly waived his or her jury right in such a BELO action.  In fact, the settlement agreement contains numerous limitations that apply to BELO actions, such as:

1. A plaintiff cannot sue unless he or she first files a Notice of Intent to Sue and provides the required information for BP to determine whether it will or will not mediate the action.

2. A plaintiff has six months in which to file a BELO action from a denial to mediate by BP or from the date when mediation fails to resolve the matter.

3. A plaintiff cannot file both a BELO action and a claim under either a state workers compensation law or the Longshore and Harbor Act.

4. A BELO action must be filed in the Eastern District of Louisiana, although it can be transferred thereafter.

5. A BELO action may only be brought against certain BP defendants; it cannot be brought against any BP entity or non-BP defendants other than the enumerated BP defendants.

> 6. A BELO plaintiff can only seek compensatory damages; he or she is prohibited from seeking punitive damages.

Tellingly, nowhere in the BELO provisions of the MSA, or for that matter anywhere in the Settlement Agreement, did the Parties agree that a BELO plaintiff would not be entitled to demand a trial by jury. That constitutional protection is sacrosanct, and without an express provision prohibiting a jury for BELO actions in all circumstances, a BELO plaintiff should have the right to make that election.

In sum, the Medical Settlement Agreement and BELO CMO both support the notion that BELO claims were intended to be "highly particularlized", with individualized complaints that preserve general pleading options afforded to all plaintiffs (unless specifically released in the MSA). Stated another way, unless the Medical Settlement Agreement expressly deprives a BELO plaintiff of a constitutional right he or she would otherwise have in the absence of the Settlement Agreement, that right is retained.

### IV. BP Provides No Factual or Legal Support for its Motion to Strike The Right to Demand a Trial By Jury for All BELO Plaintiffs.

BP's argument in support of its motion to preclude *all* BELO plaintiffs from demanding a trial by jury essentially boils down to this: Without having negotiated a waiver of a plaintiffs' Seventh Amendment right to a jury, such a waiver nevertheless attaches to all BELO cases because the Medical Class Action Complaint is brought in admiralty and seeks a non-jury trial.[6] But, as explained above, there is no provision in

---

[6] Similarly, nowhere in the settlement agreement's BELO provisions did a BELO plaintiff forfeit its right to elect whether to bring her BELO action in admiralty or at law. To the extent the *Wilson* plaintiff asserts his claims under admiralty jurisdiction, and does not rely on diversity jurisdiction for his claims, he would presumably not be entitled to a trial by jury unless he amends his BELO complaint to plead diversity jurisdiction. But regardless of the *Wilson*

the Settlement Agreement that so limits BELO actions. In addition, as Judge Wilkinson has found, BELO actions are individualized actions that are not tethered to the Medical Class Action complaint. *See* BELO Case Management Order, at pp.1-2.

BP also argues that "the BELO remedy is a creation of the MSA. Indeed, both the class and the settlement were shaped and limited by the Court's prior order dismissing all state-law claims." BP MEMO, at p.3. BP is wrong. The BELO remedy existed the moment BP engaged in tortious behavior that causes later manifested personal injuries to individual class members. The BELO provision was created because class members did not release their ability to pursue remedies for illnesses diagnosed after April 12, 2012. Rather, later manifested physical conditions are specifically carved out of the release. *See* MSA, ¶XVI(G). In essence, the BELO provision of the settlement provides merely a set of rules and procedures for bringing a lawsuit against BP that otherwise would have arisen. But the BELO provision did not, as BP suggests, *create* a remedy that otherwise did not exist at law, and it certainly does not waive a BELO plaintiff's constitutional right to demand a jury trial.

BP also states that the Court "knows the representations made by the Plaintiffs' Steering Committee and the history and rulings that ultimately led to the filing of the Medical Class Action Complaint and 'designat[ing] this case as an admiralty or maritime case, and request[ing] a non-jury trial. This Court is better positioned than any other to know that BELO claims reside exclusively in maritime law with no right to a jury trial." BP MEMO, at p.4. Yet again, BP's statement ignores: (1) the absence of an agreed-upon

---

plaintiff's pleading decision, future BELO plaintiffs who sue BP for personal injuries and/or wrongful death and invoke diversity jurisdiction in their BELO complaints should not, and indeed cannot, be denied a jury merely because the *Wilson* plaintiff made a different pleading choice.

waiver in the Settlement Agreement of BELO jury trials; (2) the absence of a provision that BELO actions are tethered to the jurisdictional or other allegations in the Medical Class Complaint; and (3) that Class Counsel, to the best of our recollection, never made any representations in court filings, arguments in court, or other agreements or statements that all BELO plaintiffs will have forfeited their right to demand a trial by jury.

Moreover, BP suggests that the acknowledgement contained in the Notice of Intent to Sue (a pre-condition to filing a BELO action) somehow proves that BELO plaintiffs are bound to bring their claims in admiralty. But the Notice of Intent to Sue acknowledgement that BELO plaintiffs must sign actually supports class counsel's position that it is a BELO plaintiff's election whether to bring her case in admiralty or at law. Specifically, the Notice of Intent to Sue acknowledgement language provides: "I hereby expressly acknowledge and agree that I . . . am bound by the terms of the MEDICAL SETTLEMENT AGREEMENT . . . and the limitations on the right to sue in Section VIII of the MEDICAL SETTLEMENT AGREEMENT." BP MEMO, at p.7. Section VIII of the MSA, while containing many limitations, is silent on the right to a trial by jury.

Finally, the fact that this Court ruled that the B3 Plaintiffs' state law claims are preempted by maritime law does not preclude a jury. That ruling simply means that a plaintiff may choose to rely on admiralty jurisdiction and forfeit his or her right to a jury if he or she so chooses, (or may rely on diversity jurisdiction and demand a jury). *See Luera*, 635 F.3d at 188. That election is for a BELO plaintiff alone to make.[7]

---

[7] That the plaintiff in *Wilson* may have invoked admiralty, as opposed to diversity, jurisdiction, does not mean that he was precluded from invoking diversity jurisdiction. That, of course, was and remains his election to make. Nor does it mean he cannot change his mind and amend his pleadings:

Page | 10

This 4th day of April, 2015.

Respectfully submitted,

   /s/   Stephen J. Herman                  /s/ James Parkerson Roy
**Stephen J. Herman**, La. Bar No. 23129    **James Parkerson Roy**, La. Bar No.11511
**HERMAN HERMAN & KATZ LLC**            **DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
820 O'Keefe Avenue                             556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113              Lafayette, Louisiana 70501
Telephone: (504) 581-4892                 Telephone: (337) 233-3033
Fax No. (504) 569-6024                      Fax No. (337) 233-2796
E-Mail: sherman@hhklawfirm.com         E-Mail: jimr@wrightroy.com
*Co-Lead Class Counsel*                       *Co-Lead Class Counsel*

---

> A plaintiff's Rule 9(h) election is subject to the liberal standards for amending pleadings in Rule 15(a)(2), which provides that"[t]he court should freely give leave [to amend] when justice so requires." We have said that "Rule 9(h) is not a harsh rule," *T.N.T. Marine*, 702 F.2d at 588, and "[t]he pleader's identification of his claim as an admiralty or maritime claim or a failure to do so is not an irrevocable election," 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1314 (3d ed. 2004). Provided that there is no prejudice to the court or to the defendants, a plaintiff should be permitted to amend her complaint to change her Rule 9(h) election. *See Conti v. Sanko S.S. Co., Ltd.*, 912 F.2d 816, 818 (5th Cir. 1990).

*Luera,* 635 F.3d at 187. In any event, the fact that Mr. Wilson may have chosen, at least as of now, to invoke admiralty jurisdiction does not mean that all future BELO plaintiffs must do so also; nor does it mean that future BELO plaintiffs are precluded from basing their claims on diversity jurisdiction and demanding a trial by jury.

## CLASS COUNSEL
## FOR THE MEDICAL BENEFITS CLASS

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the above and foregoing Brief will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 4th day of April, 2015.

/s/ Stephen J. Herman and James Parkerson Roy