UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**************************************
LEROY G. WILSON, JR.            *
                                *   CIVIL ACTION
VERSUS                          *   NO. 14-2730
                                *
                                *   JUDGE BARBIER
                                *
BP EXPLORATION & PRODUCTION     *   CHIEF MAGISTRATE
INC. AND BP AMERICA PRODUCTION  *   JUDGE WILKINSON
COMPANY                         *
                                *
Related to:   12-968 BELO       *
              in MDL No. 2179   *
                                *
**************************************

## MEMORANDUM IN OPPOSITION TO BP'S
## MOTION TO STRIKE PLAINTIFF'S JURY TRIAL REQUEST

MAY IT PLEASE THE COURT:

Plaintiff, LeRoy G. Wilson, Jr., performed oil cleanup worker in the VOO program, and in his BELO complaint alleges later-manifested personal injuries against these two BP subsidiaries that arose as a result of that cleanup work. It appears that plaintiff's BELO complaint may have been one of the first such actions filed (filed on December 2, 2014) and was filed before the Court had issued its Case Management Orders on or about January 30, 2015 for BELO litigation going forward.

Plaintiff's BELO complaint requested a jury trial – if permissible – out of an abundance of caution since a BELO action is necessarily a creature of contract and is thus a unique action with certain elements being stipulated and certain elements requiring proof at trial. Plaintiff therefore files this opposition so as not to forego his Seventh

Amendment rights to a jury trial if this Court deems a jury trial permissible in a given BELO action such as his.

Plaintiff first concedes to BP's position that this Court held in previous orders that state law claims are preempted by maritime law in the underlying MDL. (*e.g.*, Rec. Doc. 4159, p. 23, Summary of B3 Order). Plaintiff further concedes that jury trials are generally not permitted in federal court when a case is filed solely under a district court's admiralty jurisdiction pursuant to 28 USC §1333. Finally, as BP points out, the Master Class Complaint requested a non-jury trial in that case. (Medical Class Action Compl., Apr. 16, 2012 [Case 2:12-cv-968, Rec. Doc. 1]).

Plaintiff did claim admiralty jurisdiction, in addition to the Medical Settlement Agreement stipulations to jurisdiction and venue, in his complaint. Specifically, jurisdiction was plead as follows:

> Jurisdiction and Venue are proper in this case under the Back-end Litigation Option of the Deepwater Horizon Medical Benefits Class Settlement Agreement ("Settlement"), as a related case to Case No. MDL 2179, and specifically arising from the rights and stipulations provided in Section VIII of the Settlement. (Document 6427-1, Case 2:10-md-02179-CJB-SS).
>
> Additionally, this Court has jurisdiction over this action pursuant to its maritime jurisdiction under Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime Jurisdiction" and under 28 U.S.C. §§ 1331 and 1333, and the Admiralty Extension Act, 46 U.S.C. § 30101.
>
> (Case No. 2:14-cv-02730, Rec. Doc. 1, Wilson BELO complaint, ¶ 2)

Because BP elected not to mediate Mr. Wilson's injury claims even though he was listed in their records as a cleanup worker, he had no choice but to file a lawsuit and incur filing fees on a new action. This new action, even though related to the underlying MDL, was assigned a new case number and may be transferred to another district court at some point in the future.

Mr. Wilson is also a resident of Baldwin County, Alabama. The two BP defendants in BELO actions are both Delaware companies. Assuming these two BP entities do not maintain principal places of business in Alabama, diversity of citizenship exists as another means of federal court jurisdiction aside from the stipulations in the Medical Settlement Agreement.

In *Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011), the Fifth Circuit agreed with the District Court that a jury trial was allowed in a maritime case based on diversity of citizenship subject matter jurisdiction and that was against *in personam* defendants, such as the defendants in the instant case. The *Luera* Court stated: "While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them." *Id*. at 192. The Court explained that Luera was entitled to a trial by jury under the Seventh Amendment, even if not by statute:

> Finally, Appellants assert that the rule in *Fitzgerald* applies only in the context of Jones Act claims and should not be extended to cover the claims at issue in this case. This argument is premised on a supposed distinction between a statutory right to a jury trial and a constitutional right to a jury trial. Any distinction between a right to a jury in a Jones Act case and a right to a jury in a common law case is without a difference. *See Atl. & Gulf Stevedores,* 369 U.S. at 360, 82 S.Ct. 780 ("This suit being in the federal courts by reason of diversity of citizenship carried with it,

of course, the right to trial by jury. As in cases under the Jones Act ... trial by jury is part of the remedy." (internal citations omitted). Though Luera's *in personam* claims do not come with a statutorily mandated jury trial right, they are endowed with a *constitutionally* guaranteed right to a jury trial. Appellants fail to demonstrate why Luera's Seventh Amendment right to a jury trial should be given less weight than a Jones Act plaintiff's statutory right to a jury trial.

*Luera*, 635 F.3d at 195.

In conclusion, plaintiff respectfully requests that if the holding in *Luera* is applicable to the unique facts and law of the instant case, that he be allowed to amend his complaint and assert diversity of citizenship in order to preserve his Seventh Amendment right to a jury trial. Plaintiff notes that the CMOs issued by the Court did not list "motions for leave to amend complaints" as an allowable motion, and so he respectfully raises that issue before the Court here.

Respectfully submitted,

/s/ David D. Kervin, Jr.

David D. Kervin, Jr., LSBA 28374
201 St. Charles Ave., Suite 2500
New Orleans, LA 70170
(504) 599-5906 Tel  (504) 754-7514 Fax
david@kervinlaw.com
*Attorney for Plaintiff, LeRoy G. Wilson, Jr.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2015, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record: Don Keller Haycraft at dkhaycraft@liskow.com, attorney for Defendants.

/s/ David D. Kervin, Jr.
David D. Kervin, Jr.