**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Pleading Relates To<br>• No. 10-2771, 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | MDL No. 2179<br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**AGREED STIPULATION AND ORDER REGARDING ANADARKO'S PARTICIPATION IN THE ALABAMA COMPENSATORY TRIAL**

On July 16, 2014, the Court entered an order regarding the preparation of Alabama's compensatory damage claims under OPA (excluding natural resource damages) and general maritime law for trial. *See* MDL 2179 Doc. 13149. This trial, together with all pre-trial proceedings, post-trial proceedings, appellate proceedings, and other proceedings that determine Alabama's compensatory damages claims under OPA (excluding natural resource damages) and general maritime law, shall be described as "the Alabama Compensatory Trial" for purposes of this Agreed Order and Stipulation. The Court's July 16, 2014 order excluded from the Alabama Compensatory Trial Alabama's claims for natural resource damages under OPA, *see* 33 U.S.C. §2702(b)(2)(A), and its claims for punitive damages under general maritime law, reserving those claims for trial in subsequent proceedings.

In order to streamline the Alabama Compensatory Trial and subject to the approval of the Court, the State of Alabama, BP,[1] and Anadarko Petroleum Corporation and Anadarko E&P Company (LP) (together, "Anadarko"), (collectively "the Parties") have agreed to the following stipulations with respect to Anadarko for purposes of the Alabama Compensatory Trial:

---

[1] "BP" refers to BP Exploration & Production Inc. and BP America Production Company.

1

1. Anadarko shall be excused from participating in the Alabama Compensatory Trial and shall not participate in pretrial discovery or other pretrial proceedings leading up to the Alabama Compensatory Trial.

2. Anadarko will not contest in this case, subsequent cases, or any other proceeding the determination in the Alabama Compensatory Trial of the amount of compensatory damages under OPA (excluding natural resource damages) and general maritime law.

3. Notwithstanding paragraph 2, Anadarko will not be bound by any determination of Alabama's compensatory damages under OPA and/or general maritime law where such determination is made by and/or results from a settlement to which Anadarko is not a party.

4. The State of Alabama agrees and acknowledges that the amount of compensatory damages awarded in the Alabama Compensatory Trial shall constitute full, complete, and total satisfaction of the State of Alabama's compensatory damages claims against Anadarko under OPA (excluding natural resource damages) and general maritime law.

5. The State of Alabama will not seek, accept, or attempt to recover from Anadarko, in this case, subsequent cases, or any other proceeding, any compensatory damages under OPA (except natural resource damages) and under general maritime law, other than the amount of compensatory damages awarded in the Alabama Compensatory Trial. In the event that the State of Alabama is or becomes the beneficiary of any judgment, decision, award, or settlement that would provide it with compensatory damages under OPA (except natural resource damages) or under general maritime law other than the amount awarded in the Alabama Compensatory Trial, the State of Alabama agrees that it shall not accept, execute on, attempt to collect, or otherwise seek recovery of the compensatory damages provided by such judgment, decision, award, or settlement from Anadarko.

6. The State of Alabama represents and covenants that it has not assigned any of its claims against Anadarko for compensatory damages under OPA or general maritime law to any other person or entity, including any other government entity. The State of Alabama shall not assign or attempt to assign to any person or entity, including any government entity, its claims against Anadarko for compensatory damages under OPA (excluding natural resource damages) or general maritime law unless the assignee expressly agrees in writing to be bound by the terms of this Agreed Stipulation and Order. Any assignment or attempt to assign the State of Alabama's claims against Anadarko for compensatory damages under OPA (excluding natural resource damages) or general maritime law without the express written agreement of the assignee to be bound by the terms of this Agreed Stipulation and Order shall be void, invalid, and of no force and effect.

7. The issues to be tried in the Alabama Compensatory Trial will not include, and Anadarko shall not be bound by any finding as to:

    a) What portion (if any) of Alabama's damages awarded in the Alabama Compensatory Trial were caused by the discharge of diesel or other materials stored or otherwise present on the Deepwater Horizon;

b) What portion (if any) of Alabama's damages awarded in the Alabama Compensatory Trial were caused by the discharge of hydrocarbons that occurred prior to the sinking of the Deepwater Horizon on April 22, 2010;

c) What portion (if any) of Alabama's damages awarded in the Alabama Compensatory Trial were caused by any negligent, reckless or intentional misconduct by BP in connection with source control efforts or dispersant use;

d) Any claim against Anadarko for punitive damages, penalties, fines, injunctive, or any other non-compensatory relief;

e) Any claim or argument that the Court reconsider its previous dismissal of Alabama's general maritime law negligence or state law civil penalty claims against Anadarko or its allocation of fault for the April 20, 2010 explosion and resulting oil spill.;[2] and,

f) Other than the determination in the Alabama Compensatory Trial of the amount, if any, of compensatory damages under OPA (excluding natural resource damages) and general maritime law as provided in Paragraph 2, contribution, allocation, indemnification, or other similar concepts between and among BP, Transocean, Halliburton, Anadarko, and/or MOEX as to Alabama's claimed damages.

8. By agreeing not to contest the amount of compensatory damages determined by the trier of fact, as set forth in Paragraph 2 above, Anadarko does not waive any of its rights to litigate any legal defenses it may have to Alabama's claims under OPA or general maritime law, including, but not limited to, its right to challenge, through pending or future motions in the trial court or on appeal, (a) whether or to what extent Alabama may pursue OPA claims against Anadarko as a responsible party for discharge on or above the surface of the water and (b) whether the limitations on liability under 33 U.S.C. § 2704 (or any exceptions thereto) are applicable to Anadarko with respect to Alabama's damages.

9. Although Anadarko shall be excused from participating in the Alabama Compensatory Trial and shall not participate in pretrial discovery or other pretrial proceeding as set forth in Paragraph 1 above, the Parties to the Alabama Compensatory Trial shall serve Anadarko with the following documents served or filed in the Alabama Compensatory Trial: (a) written discovery requests and responses; (b) any documents produced in response to any discovery requests; (c) expert reports; and (d) any pretrial and post-trial pleadings or other filings, including filings made under seal. To the same extent as the Parties to the Alabama Compensatory Trial, Anadarko shall receive or be entitled to

---

[2] *See* Rec. Doc. 4578 at 26 (Order and Reasons as to Motions to Dismiss Complaints of Alabama and Louisiana); Rec. Doc. 13381-1 (Phase One Findings); Rec. Doc. 13149 at 3 (Order stipulating that the Parties to the Alabama Compensatory Trial are bound by the Court's findings from the limitation and liability trial). Alabama retains its right to challenge on appeal the Court's allocation of fault and the dismissal of Alabama's claims, including but not limited to general maritime law negligence claims and state-law civil penalty claims, but Alabama agrees that it will not introduce any evidence in the Alabama Compensatory Trial for the purpose of demonstrating culpability on behalf of Anadarko for the Deepwater Horizon Incident.

3

obtain all trial transcripts, trial exhibits, and trial demonstratives, and Anadarko shall be entitled to purchase copies of all deposition transcripts, from the Alabama Compensatory Trial.

10. Anadarko may request reconsideration of its being excused from the Alabama Compensatory Trial if subsequent rulings or facts come to light showing Anadarko has interests in this case that are inconsistent with those of BP or that are not being adequately pursued by BP.

11. This Agreed Stipulation and Order is premised on all of Alabama's compensatory damages claims under OPA (excluding natural resource damages) and general maritime law being determined in the Alabama Compensatory Trial. If (1) compensatory damages claims other than natural resource damages are excluded from the Alabama Compensatory Trial, or (2) natural resource damages become a part of the Alabama Compensatory Trial, then this Agreed Stipulation and Order shall become null and void, without prejudice to the parties negotiating another agreed stipulation and order to streamline the trial. If this Agreed Stipulation and Order becomes null and void pursuant to this paragraph, the Parties agree that Anadarko shall be provided with sufficient time to prepare for the Alabama Compensatory Trial such that it will not be prejudiced by the termination of this Agreed Stipulation and Order.

12. Notwithstanding anything in this Agreed Stipulation and Order, all parties reserve, and do not waive, their rights regarding (i) whether Alabama's claims against the defendants should be tried to the bench or a jury; (ii) the argument that if Alabama's claims are tried to a jury, then all claims triable to a jury must be tried to the same jury under the Seventh Amendment; (iii) the application in general of the Re-Examination Clause of the Seventh Amendment; and (iv) venue for the Alabama Compensatory Trial. The Parties further reserve all of their rights regarding natural resource damages.

13. This stipulation shall not prejudice any of the Parties with respect to discovery or trial rights in any other proceedings before this Court.

IT IS SO ORDERED.

DATE: April _____, 2015

_____
**Sally Shushan**
**United States Magistrate Judge**

4

**So Stipulated for the State of Alabama:**

                                  LUTHER J. STRANGE
                                  Attorney General

                                  /s/     *Corey L. Maze*
                                  COREY L. MAZE
                                  Special Deputy Attorney General

                                  WINFIELD J. SINCLAIR
                                  Assistant Attorney General

                                  Office of the Alabama Attorney General
                                  501 Washington Avenue
                                  Montgomery, AL 36130
                                  Phone: (334) 242-7300
                                  Email: cmaze@ago.state.al.us

                                  Attorneys for the State of Alabama

**So Stipulated for Anadarko:**

                                  /s/     *James J. Dragna*
                                  James Dragna
                                  Morgan, Lewis & Bockius, LLP
                                  355 South Grand Avenue
                                  Los Angeles, CA 90071-3106
                                  Tel: (213) 680-6436
                                  Fax: (213) 830-8638
                                  jim.dragna@morganlewis.com

                                  Ky E. Kirby
                                  Thomas Lotterman
                                  Morgan, Lewis & Bockius, LLP
                                  2020 K Street, N.W.
                                  Washington, D.C. 20006
                                  Tel: (202) 373-6000
                                  Fax: (202) 373-6001
                                  ky.kirby@morganlewis.com
                                  thomas.lotterman@morganlewis.com

**So Stipulated for BP:**

/s/     *J. Andrew Langan*
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
R. Chris Heck
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter LLP
555 12th Street, N.W. Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W. Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (312) 862-2200