**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: Oil Spill by the Oil Rig "Deepwater Horizon"**
**in the Gulf of Mexico, on April 20, 2010**

**MDL NO. 2179**

**MEMORANDUM IN SUPPORT OF**
**An AMENDED CLASS ACTION SETTLEMMENT NOTICE**

# Exhibit A-1

**FINAL POLICY ANNOUNCEMENT**

**POLICY 60: INDIVIDUAL ECONOMIC LOSS CLAIMS: RESTATED POLICY ON REQUIRED PROOF OF TERMINATION**

I. **Introduction.**

Exhibit 8A to the Settlement Agreement provides a mechanism for claimants to pass causation if the claimant's employer for the Claiming Job has received an offer of eligibility from the DWH or GCCF programs. This status for a Business claimant is termed "Eligible Employer." The Settlement Agreement does not require a claimant who worked for an Eligible Employer to submit a Sworn Written Statement attesting that the claimant's losses are Spill-related. However, a second provision of the Settlement Agreement requires that all claimants who are terminated from the Claiming Job fewer than 90 consecutive days into the Compensation Period must demonstrate that the termination is Spill-related. To reconcile the two Settlement Agreement requirements for claimants who are terminated from an Eligible Employer, the Claims Administrator previously adopted the following policy on 5/24/12 during an exchange of questions:

**Pol-60:** *Required Proof of Termination.* We will require any terminated claimant working for an Eligible Employer to provide proof that his or her termination was not for cause to pass Causation.

The Claims Administrator announces this restated policy regarding proof of Spill-related termination for a claimant who is claiming losses from a position with an Eligible Employer under the IEL Framework. This restated policy does not change the substance or application of the above-mentioned policy. The Claims Administrator considers this policy to be the governing policy on this subject, superseding the above Policy 60. All capitalized terms used in this policy defined in the Settlement Agreement shall have the meanings given to them in the Settlement Agreement.

II. **Policy Statement.**

A. **Settlement Agreement.**

The Causation provisions of Category I through III in Exhibit 8A provides that a claimant must submit an Employer Sworn Written Statement attributing the claimant's losses to the DWH Spill, unless the claimant either satisfies a causation presumption, or is claiming losses from a job with an Eligible Employer. *See, e.g.*, Ex.8A.I.B.2. The Settlement Agreement defines an Eligible Employer as an employer that filed a claim in the MDL 2179 settlement process and established causation, or received compensation from the GCCF. A claimant who works for an Eligible Employer need not provide an employer Sworn Written Statement to pass causation in most instances.

However, a second provision of the Settlement Agreement states that a claimant who is terminated or otherwise ended employment at the Claiming Job must not receive a

1

Compensation Period that extends past the date of termination. *See,e.g.*, Ex.8A.I.C.Step1. To apply this Compensation Period requirement, the Claims Administrator must require employer proof of Spill-related losses from a claimant who was terminated or left his position if the claimant cannot demonstrate 90 or more consecutive days of losses.

To reconcile the two provisions, the Claims Administrator must require employer proof of Spill-related losses from a terminated claimant even where the terminated claimant worked for an Eligible Employer.

### B. **Adoption of Policy**.

The Claims Administrator adopts the following policy to supersede Policy 60:

Settlement Agreement Exhibit 8A does not require a Sworn Written Statement to demonstrate that losses from the Claiming Job are related to the Spill for a claimant to pass causation in the event the Claiming Job employer is an Eligible Employer. *See, e.g.*, Ex. 8A.I.B.2.b. However, the Settlement Agreement requires that where a claimant is terminated from the Claiming Job, we must not extend the Compensation Period beyond the termination date unless the claimant was terminated due to the Spill. *See, e.g.*, Ex. 8A.I.C.Step 1. For this reason, we require any terminated claimant working for an Eligible Employer to provide proof that his termination was not for cause to pass causation.

430337