UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
in the Gulf of Mexico, on April 20, 2010

MDL NO. 2179

MEMORANDUM IN SUPPORT OF
An AMENDED CLASS ACTION SETTLEMMENT NOTICE

# Exhibit A-2

**FINAL POLICY ANNOUNCEMENT**
**POLICY 480: DETERMINATION OF NAICS CODE OF AN ENTITY**

### I.  Introduction.

The Claims Administrator announces this policy to implement the provisions of Section 4.4.7.1 of the Settlement Agreement regarding the determination of an Entity's NAICS Code. Section 4.4.7.1 states:

> With respect to Claims by any Entity, or by a Natural Person related to his or her employment by an Entity, the Settlement Program shall determine the appropriate NAICS Code for the Entity based on its review of (a) the NAICS Code shown on an Entity Claimant's 2010 tax return, (b) 2010 business permits or license(s), and/or (c) other evidence of the Entity's activities necessary for the Settlement Program to determine the appropriate NAICS Code.

The Claims Administrator assigns a NAICS Code to every Entity that files a claim, regardless of claim type, and to every Entity associated with an individual claimant, regardless whether the position at that Entity is a Claiming Job under the Individual Economic Loss Framework. The Claims Administrator uses NAICS Codes, in part, to determine whether an Entity satisfies the definition of Tourism under Exhibit 2, to identify claimants excluded under Exhibits 17 and 18, and to identify claims for Moratoria Losses under Exhibit 19. In addition, the Claims Administrator uses NAICS Codes to identify retail businesses (identified by any NAICS Code in Sector 44-45 Retail Trade) and lodging businesses (identified by any NAICS Code in Subsector 721 Accommodation) for purposes of determining specific document requirements under Exhibit 4A, Section 5.

The Claims Administrator has met with BP and Class Counsel on several occasions to establish separate policies for determining the appropriate NAICS Code as it pertains to exclusions from the Class under Exhibits 16, 17, and 18, Moratoria Losses under Exhibits 16 and 19, and Economic Loss claims generally under Exhibits 4A and 8A. The Claims Administrator previously announced to the Parties three policies regarding the assignment of NAICS Codes, each in its own context:

    **1.  Policy 63, rev. 1:** *Exclusions: NAICS Codes.*

Section 4.4.7.1 requires the Settlement Program to use the NAICS Code found on the Entity's 2010 tax return, 2010 business permits or licenses, and/or other evidence of the Entity's activities necessary for the Settlement Program to determine the appropriate NAICS Code for that Entity claimant and any employees of that Entity making claims related to their employment with that Entity. The Claims Administrator will prioritize 2010 tax records but will use any and all information available to determine the correct NAICS Code. If what is on the taxes doesn't match the license or an Entity search, the Claims Administrator will conduct a review to determine the nature of the business and the employee's work with that business.

2. **Policy 288:** *Business Economic Loss Claims and Individual Economic Loss Claims: Determination of Entity NAICS Code.*

The Claims Administrator will determine the appropriate NAICS Code for a business by looking at the nature of the business that operates under the Tax Identification Number ("TIN") as a whole and then selecting the most appropriate NAICS Code for the entire business associated with that TIN (the "Entity"). Once the Claims Administrator determines the appropriate NAICS Code for the Entity, then the NAICS Code will be attributed down to each Facility of the Entity. The Claims Administrator will use this process for NAICS Code determinations for all purposes under the Settlement Agreement, including classifying Entities under the NAICS Codes provided in Exhibits 2, 17, 18, and 19. The Claims Administrator will not examine the individual Facilities of an Entity to determine the Tourism, excluded, or Moratoria status of an Entity. For example, having an excluded Facility will not necessarily exclude the whole Entity. To determine the appropriate NAICS Code the Claims Administrator will look at the tax returns, business licenses, and other evidence such as revenues and the business's website to determine the most appropriate NAICS Code for the whole Entity.

3. **Policy 302:** *Moratoria Losses: Choice of NAICS Code.*

For purposes of implementing Exhibit 16 and Exhibit 19 to the Settlement Agreement, the Claims Administrator will review an entity's 2010 tax return and business permit (if available) and other evidence of the business activities of the entity to determine the appropriate NAICS Code that best fits the entity, in the same manner in which the Claims Administrator assigns NAICS Codes to an entity for any purpose under the Settlement Agreement. The NAICS Code used on the 2010 tax return or business license will not be considered conclusive, and the Claims Administrator will not apply any presumptions regarding the selection of the NAICS Code to classify the entity properly.

II. **Policy Statement.**

After reviewing the terms of the Settlement Agreement, the Claims Administrator adopts the following policy to consolidate and update Policy IDs 63, 288, and 302. This policy supersedes those policies. All capitalized terms used in this policy that are defined in the Settlement Agreement shall have the meanings given to them in the Settlement Agreement. In addition, the terms "Entity" and "Entities" in this policy refer to both (1) a business Entity that has submitted any claim and (2) an Entity that employs or employed a Natural Person who has submitted an Individual Economic Loss claim.

A. **Scope of Policy.**

As required by Section 4.4.7.1 of the Settlement Agreement, the Claims Administrator will apply this policy to the following to determine the appropriate NAICS Code for each.

1. **Entities:** The Claims Administrator will determine the appropriate NAICS Code for any Entity as defined by Section 38.65 that files a claim, regardless of claim type.

2. **Natural Persons.**

   (a) **Individual Claims:** With respect to any claim by a Natural Person related to his or her employment by an Entity, the Claims Administrator will determine the appropriate NAICS Code for that Entity and all other Entities for which the Natural Person has submitted documentation of employment.

   (b) **Business Claims:** With respect to any claim by a self-employed Natural Person who is a Business Claimant as defined by Section 38.15, the Claims Administrator will determine the appropriate NAICS Code corresponding to each Schedule C, E, or F submitted by the Natural Person, that uses that Natural Person's Social Security Number as Tax Identification Number.

B. **Appropriate NAICS Code.**

The appropriate NAICS Code for an Entity shall be the NAICS Code that most accurately describes the Entity's primary business activities, which are the activities in which the Entity was primarily engaged during the operative Benchmark, Compensation, and Class Periods.

C. **NAICS Code Determination.**

The Claims Administrator will review an Entity's 2010 tax return and 2010 business permit(s) (if available) and all other evidence of the business activities of the Entity necessary to determine the NAICS Code that describes the Entity's primary business activity. The NAICS Code used on the 2010 tax return or business license will not be considered conclusive, and the Claims Administrator will not apply any presumptions regarding the selection of the NAICS Code to classify the entity properly. Where an Entity that employs or employed an individual claimant has not submitted any claim and 2010 tax returns and business licenses are not available, the Claims Administrator will use all other evidence available to determine the appropriate NAICS Code. If there is insufficient information in the claimant's file or elsewhere, the Claims Administrator will contact the claimant and determine on a case-by-case basis the appropriate measures to obtain any information and/or documents regarding the Entity to permit the Claims Administrator to determine the appropriate NAICS Code.

D. **Multi-Facility Entities.**

The Claims Administrator will determine the appropriate NAICS Code for a Multi-Facility Business Entity by looking at the nature of the business that operates under the Tax Identification Number ("TIN") as a whole and then selecting the most appropriate NAICS Code for the entire business associated with that TIN. After the Claims Administrator determines the appropriate NAICS Code for the Entity, then the NAICS Code will be attributed down to each Facility of the Entity. The Claims Administrator will use this process for NAICS Code determinations for all purposes under the Settlement Agreement, including classifying Entities under the NAICS Codes provided in Exhibits 2, 17, 18, and 19. The Claims Administrator will not examine the individual Facilities of an Entity to determine the Tourism, Exclusion, or Moratoria status of an Entity. This shall not apply any Natural Person who is a Business Claimant under Section 38.15.

429217
9/18/13