UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
in the Gulf of Mexico, on April 20, 2010

MDL NO. 2179

MEMORANDUM IN SUPPORT OF
An AMENDED CLASS ACTION SETTLEMMENT NOTICE

# Exhibit A-3

**FINAL POLICY ANNOUNCEMENT**

**POLICY 92 v.2: INDIVIDUAL ECONOMIC LOSS CLAIMS: RESTATED POLICY ON CAREER CHANGERS-APPLICATION OF THE 20% TEST**

I. **Introduction.**

Section III of Exhibit 8A to the Settlement Agreement provides a mechanism for claimants who do not have comparable earnings in 2009 to demonstrate Spill-related losses. Category III includes claimants designated as Career Changers. To apply this requirement, the Claims Administrator previously adopted the following policy on 5/31/12 during an exchange of questions:

**Pol-92:** *Career Changers-Application of the 20% Test*. We will consider a claimant who is employed in the same line of work but with a different employer and the income earned at the comparable job changed by 20% or more between the Benchmark Period and the Compensation Period as a Career Changer subject to the rules of Category III.

The Program previously presented this Pol-92 to both BP and Class Counsel on 5/31/12 during an exchange of questions and answers with the Parties. The Program stated that the Claims Administrator intended to use a change in employment and the 20% test to determine if a claimant was a Career Changer. Class Counsel deferred to the Claims Administrator, and BP accepted the Policy as final. The Claims Administrator applied the above-stated criteria as a result. More recently, including a discussion at a Claims Panel meeting on October 1, 2013, BP objected to the terms of this policy to the extent that they did not adequately address the change in "line of work" requirements of Exhibit 8A. The Claims Administrator has thus revisited this policy and adopts this revised policy based on the discussion at the October 1, 2013 Claims Panel meeting.

The Claims Administrator announces this restated policy regarding the application of the test to determine a Career Changer under the Settlement Agreement. The inclusion of the change in "line of work" analysis represents a change from the previously adopted Policy 92. The Claims Administrator considers this policy to be the governing policy on this subject, superseding the above Policy 92. All capitalized terms used in this policy defined in the Settlement Agreement shall have the meanings given to them in the Settlement Agreement.

II. **Policy Statement.**

A. **Settlement Agreement.**

The Settlement Agreement states that a Career Changer is a Category III claimant who (i) changed employer(s) and line of work between the Benchmark Period and the Compensation Period and (ii) whose earnings during the period January 1 – April 30, 2010 changed by more than +/- 20% when comparing the claimant's earnings between January 1 - April 30 of the Base Year(s) and the same period in the Compensation Period. If we determine that a claimant earned

1

more than +/- 20% in the applicable periods, we consider the claimant a Category III claimant, and he must provide the required information for 2010 and the 2011 Benchmark Period.

B. **Adoption of Policy.**

The Claims Administrator adopts the following to supersede Policy 92:

Section III of Exhibit 8A to the Settlement Agreement provides a mechanism for claimants who do not have comparable earnings in 2009 to demonstrate Spill-related losses. Category III includes claimants designated as Career Changers. Ex.8A.III. A Career Changer is a Category III claimant who must provide complete documentation for the Compensation Period in 2010 and the 2011 Benchmark Period, unless the claimant demonstrates that he was not working in 2011 for one of the acceptable reasons specified by the Settlement Agreement. We determine when a claimant is a Career Changer by determining if the claimant changed employers and line of work between January -- April of 2009 and the same period in 2010 and applying the 20% test outlined in the Settlement Agreement. An analysis of a change in line of work is necessarily subjective, and the Program will exercise its best judgment and discretion to determine whether the nature of the claimant's job has changed sufficiently to constitute a change in "line of work." If the claimant changed employers and line of work between January – April 2009 and January – April 2010, and the claimant's total income from any comparable job changed by more than 20% positively or negatively then we designate the claimant as a Career Changer and review his claim subject to the rules of Category III.

430346
11/1/13