## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LEROY G. WILSON, JR.,                    *
                                         *
                    PLAINTIFF,           *        CIVIL ACTION NO. 14-2730
                                         *
VERSUS                                   *
                                         *
BP EXPLORATION & PRODUCTION              *        JUDGE BARBIER
INC. AND BP AMERICA                      *
PRODUCTION COMPANY,                      *        CHIEF MAGISTRATE
                                         *        JUDGE WILKINSON
                    DEFENDANTS.          *
                                         *
Related to:    12-968 BELO               *
               in MDL No. 2179           *
                                         *

* * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY MEMORANDUM IN SUPPORT OF BP'S MOTION
### TO STRIKE PLAINTIFF'S DEMAND FOR A JURY TRIAL

The Back-End Litigation Option ("BELO") remedy is a creation of the Medical

Benefits Class Action Settlement Agreement ("MSA").  BELO plaintiffs such as Leroy

Wilson are members of a Court-certified class that made a Rule 9(h) election to file their

claims under admiralty law and sought a non-jury trial.[1]  Class Counsel made that

election after this Court ruled that admiralty law preempts all state law claims for bodily

injuries.  As class members, Wilson and other BELO plaintiffs are bound by that election

and by the MSA.  Yet Wilson and Class Counsel ask the Court to ignore this case's prior

history and treat BELO claims as untethered from the class's previous decisions and the

---

[1]    Compl. ¶ 17, *Plaisance et al. v. BP Exploration & Production Inc. & BP Am.
       Production Co.* [Case 2:12-cv-0968, Rec. Doc. 1].  Federal Rule of Civil Procedure
       9(h) provides, in relevant part, "If a claim for relief is within the admiralty or
       maritime jurisdiction and also within the court's subject-matter jurisdiction on some
       other ground, the pleading may designate the claim as an admiralty or maritime
       claim."  Fed. R. Civ. P. 9(h)(1).

MSA, so that class members may now request a jury trial despite their membership in a class that expressly made an admiralty-law election.  Their request is improper.  BELO plaintiffs cannot simply proceed as if they had opted out of the class settlement.

I.    **Wilson and Class Counsel Cannot Dispute that BELO Plaintiffs Belong to a Class Which Made a Rule 9(h) Election to Proceed in Admiralty.**

Wilson concedes that any state law claims are preempted, that jury trials are generally not permitted in admiralty, and that the Medical Class Action Complaint requested a non-jury trial.[2]  That election is binding on all class members.  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) (certified class complaint "will bind those who choose to remain as class members").  In addition, Wilson's BELO complaint expressly asserted admiralty as the basis of jurisdiction, which constitutes an automatic Rule 9(h) election to proceed in admiralty.[3]  Despite these concessions and his assertion of admiralty jurisdiction in his own complaint, Wilson requests permission to amend his complaint to assert diversity jurisdiction.  This request is both legally and factually futile.

First, Wilson, like all BELO plaintiffs, cannot amend to assert a separate state law claim that independently might entitle him to a jury trial; this Court has explicitly held

---

[2]    Mem. in Opp'n to BP's Mot. to Strike Pl.'s Jury Trial Req. at 2, *Wilson v. BP Exploration & Production Inc. & BP Am. Production Co.* [Case 2:14-cv-2730, Rec. Doc. 14].

[3]    *See* Compl. ¶ 2, *Wilson v. BP Exploration & Production Inc. & BP Am. Production Co.* [Case 2:14-cv-2730, Rec. Doc. 1].  In *TNT Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, the Fifth Circuit held that "there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim," as is true of Wilson's complaint, even if the claim is also cognizable under the Court's diversity jurisdiction.  702 F.2d 585, 587 (5th Cir. 1983); *accord Luera v. M/V Alberta*, 635 F.3d 181, 188–89 (5th Cir. 2011) ("[T]he mere assertion of admiralty jurisdiction as a dual or . . . alternate basis of subject matter jurisdiction . . . is sufficient to make a Rule 9(h) election to proceed in admiralty for that claim.").

that such claims are preempted.[4]  Second, to the extent he now attempts to substitute diversity for admiralty as the basis for jurisdiction over his claims, he wrongly presumes that BELO plaintiffs have not yet made a binding Rule 9(h) election (or, in Wilson's case, made that election for the first time in his individual BELO complaint).  The class elected to bring its maritime claims under admiralty in the Medical Class Action Complaint, and the MSA settled those claims.  When a party has taken advantage of proceeding in admiralty, it cannot then reverse its election post-settlement in order to proceed exclusively under diversity jurisdiction.  *See Bhd. Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993) ("[T]he plaintiff's decision to plead its case as an admiralty case cannot be dismissed as a formality, when already the plaintiff has used the distinctive procedures of admiralty.").  Moreover, merely alleging an alternate basis for jurisdiction for his maritime claim does not confer a jury right, and neither Wilson nor any of the other class members has a separate state law claim to assert.[5]

For their part, Class Counsel acknowledge that "BELO litigants could be viewed as Medical Benefits Class Members who are already parties to this MDL proceeding and specifically the *Plaisance* lawsuit" and that "the *Plaisance* Complaint [i.e., the Medical Class Action Complaint] would likely be considered the operative complaint."[6]  In seeking certification of the settlement class, Class Counsel recognized that the class had

---

[4]  Order and Reasons as to Mots. to Dismiss B3 Master Compl. at 5, *In re Deepwater Horizon* [Case 2:10-md-2179, Rec. Doc. 4159].

[5]  *Luera*, 635 F.3d at 188–89.

[6]  Class Counsel's Submission Regarding the Right to Trial by Jury in Medical Back-End Litigation Option (BELO) Cases at 1–2, *In re Deepwater Horizon* [Case 2:10-md-2179, Rec. Doc. 14364] (hereinafter "Class Counsel Br.").

filed claims under maritime law only (because the Court had ruled that maritime law preempts any state law personal injury claims) and had made a Rule 9(h) election.[7]

Class Counsel now seek to have the Court adopt the fiction that BELO plaintiffs are "new plaintiffs who are commencing separate new civil actions."[8]  Their position erases the course charted by the class that led to the MSA and in effect would require the Court to selectively enforce provisions of the MSA.  Class Counsel seek to enforce the provisions of the MSA's BELO process that they favor—such as the stipulation of fault and waiver of certain limitations defenses—while otherwise asking the Court to deem BELO lawsuits to be entirely new civil cases unconstrained by the MSA.  However, the MSA, like any maritime contract, must be read as a whole and in a way that renders no provision superfluous.  *See Becker v. Tidewater, Inc.*, 586 F.3d 358, 369 (5th Cir. 2009); *see also Chembulk Trading LLC v. Chemex Ltd.*, 393 F.3d 550, 555 (5th Cir. 2004). Class Counsel cannot pick and choose which parts of the MSA, or which parts of its procedural history, suit them.

## II. Neither Wilson Nor His Fellow Class Members Opted Out of the MSA and Therefore Have No Right to a Jury Trial.

Like Wilson, class members who may file BELO complaints in the future are not entitled to jury trials.  All class members are bound by the allegations of the Medical

---

[7]     Mem. of Law in Supp. of Mot. for Certif. of a Rule 23(b)(3) Class for Purposes of Settlement at 2, *In re Deepwater Horizon* [Case 2:10-md-2179, Rec. Doc. 6272-1] ("On behalf of the Medical Class, the Medical Complaint asserts claims under general maritime law, which sound primarily in negligence and gross negligence.  *See* September 30, 2011 Order and Reasons as to Motions to Dismiss B3 Master Complaint (Rec. Doc. 4159) (ruling that uniform maritime law preempts state law personal injury claims raised in MDL 2179).") (hereinafter "Class Counsel Certif. Br.").

[8]     Class Counsel Br. at 2.

Class Action Complaint and subject to the terms of the Court-approved MSA. *Standard Fire*, 133 S. Ct. at 1349; *Reed v .Gen. Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983) ("[C]lass members . . . who did not earlier opt out of the class are bound by the settlement.").  The Medical Class Action Complaint expressly made a Rule 9(h) election, and requested a non-jury trial only, because this Court had previously ruled that medical claims sounded in admiralty and that state law claims for bodily injuries were preempted.[9]  The MSA then settled the claims of all class members who did not opt out. All class members are now bound by the Rule 9(h) election made by the class.

A BELO lawsuit is not a stand-alone civil action like a traditional negligence action.  All members of the medical benefits settlement class—and *only* members of the class—may pursue BELO remedies for alleged Later-Manifested Physical Conditions ("LMPCs").[10]  The BELO lawsuit is a remedy that exists solely by virtue of the MSA and is available only to class members.  And, notably, it operates with special rules and advantages:  (1) BELO plaintiffs do not have to prove BP's fault or their own exposure to oil, other hydrocarbons and substances released from the MC252 well and/or dispersants and decontaminants used in response activities;[11] and (2) the BP defendants cannot assert defenses based on prescription, any statutes of limitation and repose, the doctrine of

---

[9]    *See* Class Counsel Certif. Br. at 2.

[10]   MSA § IV.C; *see also* Order and Reasons Granting Final Approval of the Medical Benefits Class Action Settlement at 48, *In re Deepwater Horizon* [Case 2:10-md-2179, Rec. Doc. 8217] ("All Class Members retain the right to sue for Later-Manifested Physical Conditions under the Back-End Litigation Option.") (hereinafter "MSA Approval Order").

[11]   MSA § VIII.G.3.b(ii)–(iii).

laches, or any other defense predicated on the failure to pursue timely the claim, or any claim-splitting defense.[12]

A class member who wished to pursue a stand-alone civil action against BP—without the rules and advantages of the BELO process—had the choice to opt out of the class, and in fact many did so.[13]  A class member who opted out is not bound by the Rule 9(h) election made by the class.  On the other hand, he/she does not enjoy the benefits of the MSA.  Unlike BELO plaintiffs, the class member who opted out of the settlement must prove each element of his claim against BP, including his exposure and BP's fault, and must defend against allegations of untimeliness.

Class Counsel assert that the Medical Class Action Complaint and the MSA are irrelevant because the "BELO remedy existed the moment BP engaged in tortious behavior that causes later manifested personal injuries to individual class members," and that the MSA did not release LMPC claims.[14]  Indeed, a remedy existed at that time, but that remedy was a traditional personal injury claim that required the plaintiff to prove fault and exposure and to overcome any defense of untimeliness.  The BELO remedy and the right to file a BELO lawsuit, with its built-in "shortcuts" that relieve the plaintiff from proving fault and exposure, and defending against untimeliness, exist only (i) by reason of the MSA and (ii) solely for the benefit of the class, whose members made a Rule 9(h) election and requested a non-jury trial.  *See* MSA § XI.F (all persons who do not opt out "shall in all respects be bound" by the settlement and the Court's final judgment but in

---

[12]   MSA § VIII.G.2.d.

[13]   MSA § XI.E; *see* MSA Approval Order at 69 (noting "1,747 persons have submitted requests to opt out").

[14]   Class Counsel Br. at 9.

exchange "shall be entitled to *all procedural opportunities and protections described in this Medical Settlement Agreement . . . and to all compensation and benefits for which they qualify under its terms*" (emphasis added)).

## III.    Nothing in the MSA or CMO Confers a Jury Right Where None Exists.

Class Counsel argue that the MSA did not expressly address the right to a jury trial and therefore cannot have "deprive[d]" BELO plaintiffs of that right.[15]  But this argument overlooks the history of the MSA and ignores the parties to that agreement. The MSA settled the claims made in the Medical Class Action Complaint and conferred its benefits on all class members (other than opt-outs).  Thus, the parties to the MSA were the very class members *who had already made a Rule 9(h) election and demanded a non-jury trial*.  There was no need for the MSA to contain a "waiver" of a jury right when the MSA settled claims for which the class had expressly made a Rule 9(h) election and demanded a *non*-jury trial.[16]

The BELO Cases Initial Proceedings Case Management Order ("CMO") does not change this analysis.[17]  Nothing in the CMO purports to alter the terms of the MSA or to revise the Court's prior orders in the MDL concerning the unavailability of state law

---

[15]   Class Counsel Br. at 8.

[16]   Class Counsel cite the portion of the Medical Class Action Complaint which states that "[t]his Medical Class Action Complaint does not constitute a waiver or dismissal of any claims or actions not included in this Complaint" and argue that the BELO lawsuits are not tied to the Medical Class Action Complaint.  Class Counsel Br. at 6. This argument is highly misleading, for the quoted language appears in the paragraph of the Complaint reserving claims that class members may have against Transocean and Halliburton entities (who were not parties to the MSA).  It has nothing to do with whether class members can bring independent claims against the BP defendants without opting out of the class.

[17]   BELO Cases Initial Proceedings Case Management Order, *In re Deepwater Horizon* [Case 2:10-md-2179, Rec. Doc. 14099] (hereinafter "CMO").

remedies.  To the contrary, the CMO expressly notes that "[a]ll aspects of all BELO lawsuits, including but not limited to their pre-conditions, scope, nature, content, issues to be litigated, relief to be sought and parties involved, are limited to what is provided in the Settlement Agreement."[18]  The CMO also lists certain individualized facts that a BELO complaint must allege (including proper venue, identification of plaintiff's Later-Manifested Physical Condition, date of diagnosis, and circumstances of plaintiff's exposure); however, the jurisdictional basis for the individual BELO plaintiff's suit is *not* a required allegation.[19]  This is because BELO plaintiffs are bound by the jurisdictional allegations in the Medical Class Action Complaint.  The CMO simply cannot be read to transform BELO actions into unrelated, independent civil actions untethered from the classwide allegations in the Medical Class Action Complaint.

**IV.    The Court's Reasoning in the State of Alabama's Case Supports BP's Argument that BELO Plaintiffs Do Not Have a Right to Jury Trial.**

This Court's analysis in its recent Order & Reasons as to BP's Motion to Strike the State of Alabama's Jury Demand confirms that BELO plaintiffs do not possess jury rights.  First, that Order described how under *Luera*, a plaintiff may file one claim under admiralty jurisdiction while alleging another, separate claim under a different jurisdictional ground.[20]  In the Alabama action, it was undisputed that Alabama had complied with *Luera* by alleging a maritime claim and separately alleging claims under the Oil Pollution Action of 1990 ("OPA") based on OPA's jurisdictional provision and

---

[18]   *Id.* § I(1).

[19]   *Id.* § I(3).

[20]   Order & Reasons as to BP's Mot. to Strike the State of Alabama's Jury Demand at 6–7, *In re Deepwater Horizon* [2:10-md-2179, Rec. Doc. 14347].

federal question jurisdiction.[21]  Because "the State pled with the same level of precision as the plaintiff in *Luera*," the State had not made a general maritime election and thus had preserved its ability to demand a jury trial on its separate OPA claims.[22]

Here, Wilson not only has failed to comply with *Luera*, but he and his fellow class members have already made an express Rule 9(h) election and requested a non-jury trial.  Nor do any class members have a separate state law claim for which to allege an independent ground for jurisdiction.  The Alabama decision is instructive.  As in the medical class action, the Court had dismissed Alabama's state law claims because they are preempted by admiralty law.[23]  The only reason that Alabama was able to demand a jury trial is because it also alleged separate OPA claims that are not available to BELO plaintiffs.

## CONCLUSION

For the reasons set forth herein, BP respectfully requests that the Court strike Wilson's jury demand, and further hold that BELO plaintiffs are not entitled to a trial by jury.


April 21, 2015                                Respectfully submitted,


   */s/ J. Tracey Rogers*                       */s/ Kevin M. Hodges*
J. Tracey Rogers                             Kevin M. Hodges
BP AMERICA INC.                              WILLIAMS & CONNOLLY LLP
501 Westlake Park Boulevard                  725 Twelfth Street, N.W.
Houston, TX  77079                           Washington, D.C. 20005

---

[21]  *Id.* at 3.

[22]  *Id.* at 7.

[23]  *Id.* at 5.

Telephone:  (281) 366-2000
Telefax:  (312) 862-2200

Telephone:  (202) 434-5000
Telefax:  (202) 434-5029

   */s/ Catherine Pyune McEldowney*
Catherine Pyune McEldowney
MARON MARVEL BRADLEY & ANDERSON LLC
1201 North Market Street, Suite 900
Wilmington, DE 19801
Telephone:  (302) 425-5177
Telefax:  (302) 425-0180

   */s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

**ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, on this 21st day of April, 2015.

/s/ Don K. Haycraft
Don K. Haycraft