UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| Of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: *Wilson v. Deepwater Horizon* | * | JUDGE BARBIER |
| *Settlement*, No. 15-1225 | * | |
| | * | MAGISTRATE SHUSHAN |
| | * | |

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AND FOR SANCTIONS

On February 23, 2015, economic class member John R. Wilson filed a small claims suit in the Bay County Court small claims division in Panama City, Florida (Case No. 15-451 SC) naming the Deepwater Horizon Settlement as defendant and serving Claims Administrator Patrick Juneau as its registered agent. That court then issued a summons requiring Mr. Juneau to appear in Panama City for a pretrial conference on April 14, 2015. *See* Exhibit A. The substance of Mr. Wilson's claim for $5,000 plus court costs is that he "filed paperwork with [the] first claims administrator, Kenneth Feinberg in July of 2011" and allegedly called the claim center several times, but has been told that his claim is still under review.

Review of Mr. Wilson's claim indicates that he purports to be a member of the economic damages class covered by the Settlement Agreement and he did not opt out of the settlement. Accordingly, pursuant to § 8.2.4 of that Agreement, he was barred from suing the DHECC:

> "All Economic Class Members who do not timely and properly Opt Out shall in all respects be bound by all terms of this Agreement and the Final Order and Judgment, shall be entitled to all procedural opportunities and protections described herein and provided by the Court, and all compensation for which they qualify under its terms, and shall be permanently and forever barred from commencing, instituting, maintaining or prosecuting any action based on any Released Claim against any

1

Released Parties in any court of law or equity, arbitration tribunal or administrative or other forum."[1]

Since Mr. Wilson filed a claim and alleges that he has contacted the DHECC several times, clearly Mr. Wilson was aware of the Court Supervised Settlement Program and this court's jurisdiction over his claim. Yet he filed suit outside these proceedings in state court. Mr. Wilson's suit violates the terms of the Settlement Agreement and should be dismissed. He also should be required to pay costs as a sanction if he does not immediately dismiss the action with prejudice pursuant to § 10.12.4.[2]

To address Mr. Wilson's improper use of procedure, the Claims Administrator was required to (1) remove the small claims suit to federal court in the Northern District of Florida, (2) file a notice of potential tag-along action with the Judicial Panel on Multi-District Litigation, and (3) file this motion in the MDL upon transfer. The case was removed on March 30, 2015 and the JPML issued a conditional transfer order on April 9, 2015. That order was finalized on April 17, 2015 and the case was officially transferred to the MDL.

This Court is the only proper forum for review of the actions of the DHECC Court Supervised Settlement Program. *See* Settlement Agreement at § 4.4.11 ("Claimants and the Released Parties agree not to contest the existence of federal jurisdiction in MDL 2179"). The integrity of the program would be severely compromised if claimants were able to summon the Claims Administrator to small claims court proceedings in various state courts to pursue their

---

[1] The Deepwater Horizon Oil Spill Trust is a Released Party under the Agreement.
[2] That section provides, "From and after the Effective Date, if the Economic Class, Plaintiffs or any Economic Class Member commences, files, initiates, or institutes any new action or other proceeding for any Released Claims against the Released Parties in any federal or state court, arbitration tribunal, or administrative or other forum, such action or other proceeding shall be dismissed with prejudice and at the cost of (a) the Economic Class if the Economic Class brings such action or proceeding, or (b) the Plaintiffs and/or Economic Class Members who bring such action or proceeding provided, however, before any costs may be assessed, counsel for such Economic Class Member, or, if not represented, such Class Member shall be given reasonable notice and an opportunity voluntarily to dismiss such new action or proceeding with prejudice."

claims rather than follow the process approved by and supervised through this court.  The Claims Administrator also should not be required to expend resources to respond to improperly-filed actions.

For these reasons, the Claims Administrator requests that the Court (1) dismiss Mr. Wilson's suit without prejudice to his rights with respect to the processing and disposition of the claim in accordance with the terms of the Settlement Agreement and (2) grant sanctions against Mr. Wilson for violating the Settlement Agreement by ordering him to pay costs associated with removal and transfer in the amount of $400.  *See* Invoice for Costs, Exhibit B.

Respectfully submitted,

*/s/  Richard C. Stanley*
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
STANLEY, REUTER, ROSS, THORNTON &
ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana  70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069
rcs@stanleyreuter.com

J. David Forsyth, 5719
SESSIONS, FISHMAN, NATHAN &
ISRAEL, L.L.C.
201 St. Charles Ave., Suite 3815
New Orleans, Louisiana 70170
Telephone: (504) 582-1521
jdf@sessions-law.com

Attorneys for Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program.

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been mailed to the *pro se* plaintiff and has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of April, 2015.

                                                      */s/  Richard C. Stanley*