**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 |
| | * | SECTION J |
| This document relates to: | * * | Judge Barbier |
| Case Nos. 10-2771, 10-4182, 10-4183, 13-02645, 13-cv-02646, 13-cv-02647, 13-cv-02813 | * * * | Magistrate Judge Shushan |

_____

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) OF THE ORDER AS TO BP'S
MOTION TO STRIKE THE STATE OF ALABAMA'S JURY DEMAND**

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
R. Chris Heck
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter LLP
555 12th Street, N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

Maureen F. Browne
Covington & Burling LLP
One CityCenter, 850 Tenth Street, NY
Washington, D.C.  20001-4956
Telephone:  (202) 662-6000

*Attorneys for BP p.l.c., BP Exploration & Production Inc.,
and BP America Production Company*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ....................................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

    A.    The Court's Ruling That Alabama Is Entitled To A Jury Trial Is A Controlling Question Of Law. ............................................................................... 3

    B.    There Are Substantial Grounds For Differing With The Court's Opinion Holding That Alabama Has A Jury Trial Right. ..................................................... 4

    C.    An Immediate Appeal Would Materially Advance The Ultimate Termination Of Alabama's Claims. .................................................................... 10

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apache Corp v. GlobalSantaFe Drilling Co.*,
   No. 06-1643, 2010 WL 2545606 (W.D. La. June 17, 2010)............................................ 4, 5, 10

*APCC Servs., Inc. v. AT&T Corp.*,
   297 F. Supp. 2d 101 (D.D.C. 2003) ........................................................................................ 10

*Becker v. Tidewater, Inc.*,
   405 F.3d 257 (5th Cir. 2005)..................................................................................................... 7

*Callahan v. Cheramie Boats, Inc.*,
   383 F. Supp. 1217 (E.D. La. 1974) ........................................................................................... 9

*Clausen v. M/V NEW CARISSA*,
   171 F. Supp. 2d 1127 (D. Or. 2001)........................................................................................... 5

*Crowell v. Benson*,
   285 U.S. 22 (1932) ............................................................................................................... 7, 8

*EEOC v. Bass Pro Outdoor World, LLC*,
   No. 4:11-CV-3425, 2014 WL 6453606 (S.D. Tex. Nov. 17, 2014)........................................ 10

*Efferson v. Kaiser Aluminum & Chem. Corp.*,
   816 F. Supp. 1103 (E.D. La. 1993) ........................................................................................... 9

*Exec. Jet Aviation, Inc. v. City of Cleveland*,
   409 U.S. 249 (1972) ................................................................................................................... 8

*Gutierrez v. Waterman S.S. Corp.*,
   373 U.S. 206 (1963) ................................................................................................................... 9

*In re Babcock & Wilcox*,
   Nos. 04-302 & 03-1065, 2004 WL 626288 (E.D. La. Mar. 29, 2004)....................................... 4

*In re Cement Antitrust Litig. (MDL No. 296)*,
   673 F.2d 1020 (9th Cir. 1982).................................................................................................... 3

*In re Complaint of Clearsky Shipping Corp.*,
   Civ.A. 96-4099, 1998 WL 308011 (E.D. La. June 8, 1998) ...................................................... 9

*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*,
   808 F. Supp. 2d 943 (E.D. La. 2011) ........................................................................................ 5

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*In re Waterman S.S. Corp.,*
  Civ. A. No. 91-1491, 1992 WL 41714 (E.D. La. Feb. 27, 1992)..............................................10

*Johnson v. Burken,*
  930 F.2d 1202 (7th Cir. 1991)...................................................................................................3

*Kapossy v. McGraw-Hill, Inc.,*
  942 F. Supp. 996 (D.N.J. 1996) .................................................................................................4

*Karim v. Finch Shipping Co., Ltd.,*
  265 F.3d 258 (5th Cir. 2001)..................................................................................................7, 8

*Katz v. Carte Blanche Corp.,*
  496 F.2d 747 (3d Cir. 1974) .......................................................................................................3

*Luera v. M/V Alberta,*
  635 F.3d 181 (5th Cir. 2011)..............................................................................................1, 4, 5

*Pavey v. Conley,*
  544 F.3d 739 (7th Cir. 2008)..............................................................................................1, 4, 5

*Rex v. Compania Pervana De Vapores, S.A.,*
  660 F.2d 61 (3d Cir. 1981) .................................................................................................1, 4, 5

*Richardson v. Harmon,*
  222 U.S. 96 (1911) ......................................................................................................................8

*Ryan v. Flowserve Corp.,*
  444 F. Supp. 2d 718 (N.D. Tex. 2006)........................................................................................4

*South Port Marine Gulf Oil Ltd. P'ship,*
  234 F.3d 58 (1st Cir. 2000) ....................................................................................................5, 6

*Tagliere v. Harrah's Ill. Corp.,*
  445 F.3d 1012 (7th Cir. 2006)....................................................................................................9

*Tallentire v. Offshore Logistics, Inc.,*
  800 F.2d 1390 (5th Cir. 1986)................................................................................................7, 8

*Tesco Corp.* v. *Weatherford Int'l, Inc.,*
  722 F. Supp. 2d 755 (S.D. Tex. 2010) ........................................................................................3

*The Admiral Peoples,*
  295 U.S. 649 (1935) ....................................................................................................................9

*Tull v. United States,*
  481 U.S. 412 (1987) ....................................................................................................................8

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*United States v. Matson Nav. Co.*,
   201 F.2d 610 (9th Cir. 1953) ............................................................................................ 8

*United States v. Viking Res., Inc.*,
   607 F. Supp. 2d 808 (S.D. Tex. 2009) ............................................................................. 5

**Statutes**

28 U.S.C. § 1292(b). ..................................................................................................... 1, 4, 10, 11

33 U.S.C. § 905(a) ................................................................................................................... 6

33 U.S.C. § 921(d) ................................................................................................................... 6

46 U.S.C. § 30101 ................................................................................................................... 9

46 U.S.C. § 30511(a) ............................................................................................................... 7

**Other Authorities**

16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 (3d ed.
   2015) ..................................................................................................................... 3, 10

## INTRODUCTION

BP respectfully requests that the Court certify its March 30, 2015 Order & Reasons As to BP's Motion to Strike the State of Alabama's Jury Demand (the "Jury Trial Order") for interlocutory appellate review and amend and re-enter that order with the certification.  Rec. Doc. 14347.  The Court's holding that Alabama is entitled to a jury trial "involves a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The Fifth Circuit and other appellate courts regularly hold that these requirements are satisfied and grant certification of interlocutory appeals from decisions finding a jury trial right.  *See*, *e.g.*, *Luera v. M/V Alberta*, 635 F.3d 181, 186 (5th Cir. 2011); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Rex v. Compania Pervana De Vapores, S.A.*, 660 F.2d 61, 62 (3d Cir. 1981).  This same conclusion applies to the Jury Trial Order.

**First**, the Jury Trial Order clearly involves a controlling question of law.  The Court's decision controls who the factfinder will be for trial of Alabama's action, which substantially impacts the conduct of the litigation.  Whether Alabama is entitled to a jury trial is a pure question of law determined by analyzing statutory language and Seventh Amendment precedent, without involving factual disputes.

**Second**, there are substantial grounds for difference of opinion on whether OPA provides a jury trial right.  Case law on whether there is a jury trial right under OPA is minimal.  There is no controlling Supreme Court or Circuit precedent, nor any decisions from within this district.  Only a single court of appeals and two district courts have considered the issue, and this Court expressly rejected other holdings of that court of appeals opinion.

Existing precedent provides substantial grounds for concluding no such jury trial right exists.  For example, case law provides that other federal statutes founded in admiralty, as OPA

is, do not provide a jury trial right, such as the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA") and the Limitation Act. These federal statutes are not meaningfully distinguishable from OPA for jury-trial purposes, so the absence of any right to a jury trial under them supports reaching the same result under OPA.

In addition, the Jury Trial Order is based on a conclusion that sea-to-land injuries are outside of admiralty jurisdiction. Jury Trial Order 13-14. This conflicts with Supreme Court decisions from the 19th and early 20th centuries finding admiralty jurisdiction over such injuries. Moreover, the Jury Trial Order is inconsistent with decisions holding that there is no jury trial right under the Admiralty Extension Act ("AEA"), which extends admiralty jurisdiction over sea-to-land injuries.

Finally, the Jury Trial Order holds that if limitation is denied then claimants have the sole discretion over whether to remain in the limitation action. Other judges within this district, interpreting the same precedents and authorities, have held that the court—not the claimants— has discretion to retain jurisdiction over limitation claimants once limitation is denied. These divergent holdings among the judges of this district establish substantial grounds for difference of opinion on this issue.

**Third**, an immediate appeal would "materially advance the ultimate termination of the litigation." Determining the correct factfinder now is crucial. The need to prepare for and try the case to the jury will impose delays and complexities that would be avoided in a bench trial. Moreover, if the jury's decision is reversed because the case should have been tried to the bench, the reversal and need to re-try the case will impose substantial delay, expense, and inconvenience. In addition, a re-trial would mean that the resources of the Court and parties in conducting the first trial would have been wasted. Certifying the Jury Trial Order would allow

2

the Fifth Circuit to determine the proper factfinder now and thus avoid squandering the efforts of the Court and parties.

## ARGUMENT

### A.   The Court's Ruling That Alabama Is Entitled To A Jury Trial Is A Controlling Question Of Law.

No dispute exists that the Jury Trial Order involves a pure question of law—whether Alabama is entitled to a jury trial.  The parties did not rely on discovery, depositions, or disputed facts in briefing this issue.  Instead, they relied purely on the language of OPA and case law precedent, such as decisions concerning the Seventh Amendment and the Limitation Act.

Whether Alabama is entitled to a jury trial also is a "controlling" question.  A question is controlling if it has a significant impact on the conduct of the litigation.  *See Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991); *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982) (All "that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) ("'[C]ontrolling' means serious to the conduct of the litigation, either practically or legally.  And on the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors to be a highly relevant factor.") (citations omitted); 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 (3d ed. 2015) ("A steadily growing number of decisions have accepted the rule that a question is controlling, even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.").  On the other hand, a question is not "controlling" if its resolution would "have little or no effect on subsequent proceedings."  *Tesco Corp.* v. *Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 766 (S.D. Tex. 2010).

3

Whether the factfinder will be a jury or the bench clearly is a "controlling" question under this standard.  Indeed, the Fifth Circuit and other courts have repeatedly granted interlocutory appeals of orders granting jury trials under 1292(b), and thus have necessarily found that whether the factfinder will be a judge or jury is a controlling question of law.  *E.g.*, *Luera*, 635 F.3d at 186; *Pavey*, 544 F.3d at 740; *Rex*, 660 F.2d at 62; *Apache Corp v. GlobalSantaFe Drilling Co.*, No. 06-1643, 2010 WL 2545606, at *2 (W.D. La. June 17, 2010).  Courts and juries may have different views of the evidence and thus enter different judgments or different amounts of damages, impacting the outcome of the litigation.  Whether the factfinder is a court or jury also impacts how parties prepare for the proceedings, how they structure their evidence and presentations, and what pre-trial motions they file—all of which impacts the conduct of the litigation.  Thus, the first requirement of 1292(b) certification is satisfied.

### B.    There Are Substantial Grounds For Differing With The Court's Opinion Holding That Alabama Has A Jury Trial Right.

There are substantial grounds for differing on whether Alabama has a jury trial right for its OPA claims.  Such grounds exist when "'novel and difficult questions of first impression are presented.'"  *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006) (citation omitted); *see Apache Corp*, 2010 WL 2545606, at *2 (granting 1292(b) certification on "issue . . . of first impression in this Circuit").  Other indications that there are substantial grounds for difference of opinion include "an unsettled state of law or judicial opinion," *In re Babcock & Wilcox*, Nos. 04-302 & 03-1065, 2004 WL 626288, at *2 (E.D. La. Mar. 29, 2004), and "genuine doubt as to the correct legal standard" to be applied, *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996).  For example, courts have found substantial grounds for a difference of opinion where the district court found a jury trial right in circumstances involving minimal

precedent.  *E.g.*, *Luera*, 635 F.3d at 186; *Pavey*, 544 F.3d at 740; *Rex*, 660 F.2d at 62; *Apache*

*Corp*, 2010 WL 2545606, at *2.

The issue presented here is a novel and difficult question of first impression in this

Circuit.  The Fifth Circuit has never decided whether there is a jury trial right under OPA.  There

are no controlling cases from the Supreme Court, and only one other court of appeals has

decided the issue.  Nor has any other judge within this district ruled on it.  Thus, there is nothing

approaching a consensus on this issue, and substantial grounds exist for differing on whether

Alabama has a jury trial right under these circumstances.

Indeed, the only on-point authority comes from a decision that this Court previously

rejected on a different issue.  In *South Port Marine Gulf Oil Ltd. P'ship*, the court found a jury

trial right under OPA based on its conclusion that in 1791, the action would have been brought

under the common law rather than in admiralty.  234 F.3d 58, 62-64 (1st Cir. 2000).  But this

Court previously decided not to follow *South Port's* holding on whether OPA displaces general

maritime claims against OPA responsible parties.  *In re Oil Spill by the Oil Rig Deepwater*

*Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d 943, 960-62 (E.D. La. 2011).

This Court's prior decision shows that substantial grounds for difference of opinion can exist

where a circuit court in general (and *South Port* in particular) has ruled on an issue.

Nor do the two subsequent district court opinions finding a jury-trial right under OPA

indicate any sort of consensus.  One based on conclusion on the ground that one of the two

remedies at issue there sounded in law rather than equity, *United States v. Viking Res., Inc.*, 607

F. Supp. 2d 808 (S.D. Tex. 2009)—different reasoning from that in *South Port*—while the other

expressly noted, even after deciding the issue, the court's "uncertainty" whether the claim

"sound[ed] in law or admiralty,"  *Clausen v. M/V NEW CARISSA*, 171 F. Supp. 2d 1127 (D. Or.

2001).  Neither district court, nor the *South Port* court, identified or even addressed the distinct jurisdictional issue that this Court analyzed before turning to the constitutional analysis.  Jury Trial Order 8-10.  Thus, the three cases finding a jury trial right under OPA either disagree on the basis for that conclusion and the proper analysis of the issue, or are uncertain about the result— even the *South Port* court initially reserved judgment on the question.  *South Port*, 234 F.3d at 62.

More importantly, BP submits that there are substantial grounds for differing with each of the Court's conclusions that led to the Jury Trial Order.  First, although the Court recognized that OPA is silent regarding jury trials, the Court found that "OPA's jurisdictional provisions provides significant information" although they were "not dispositive."  Jury Trial Order at 8, 10. Specifically, the Court found it significant that one section of OPA "provides federal district courts with jurisdiction over OPA claims, without any reference to admiralty, while a different section of OPA discusses admiralty jurisdiction."  *Id.* at 9.  But this also is true of the LHWCA, whose jurisdictional provision states that "any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred," without mentioning admiralty. 33 U.S.C. § 921(d).  The LHWCA does mention admiralty in a separate section, to exclude damages under general maritime law:  "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability … at law or in admiralty on account of such injury or death."  33 U.S.C. § 905(a).  Even though the LHWCA's jurisdictional provision does not mention admiralty, and the statute excludes liability under admiralty, the Supreme Court has specifically held that there is no Seventh Amendment jury trial right for claims under the LHWCA because they "are governed by the maritime law as established by the

Congress and are within the admiralty jurisdiction." *Crowell v. Benson*, 285 U.S. 22, 45 (1932); *see also e.g.*, *Becker v. Tidewater, Inc.*, 405 F.3d 257, 259-260 (5th Cir. 2005) ("*Becker's* post-*Becker I* LHWCA and negligence claims do not alter the historical exclusion of jury trials for admiralty suits."). The Supreme Court's holding that there is no jury trial right under the LHWCA creates a substantial ground for differing over whether OPA's language implies a jury trial right.

Other federal statutes addressing maritime subjects similarly do not expressly invoke admiralty jurisdiction but have been construed not to provide a jury trial right. For example, the jurisdictional provision of the Limitation Act states that "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter." 46 U.S.C. § 30511(a). Even though this provision is similar to the language of OPA that the Jury Trial Order cites to support federal question jurisdiction, the Fifth Circuit has made clear that the Limitation Act does not provide any right to a jury trial. *E.g.*, *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 264 (5th Cir. 2001); *Tallentire v. Offshore Logistics, Inc.*, 800 F.2d 1390, 1391 (5th Cir. 1986). This provides further ground for differing from the Jury Trial Order's conclusion about the significance of OPA's jurisdictional provision.

Second, in analyzing the Seventh Amendment question, the Jury Trial Order relied on "the nature of the cause of action and the nature of the remedy," but there are substantial grounds for arguing that this test does not apply to admiralty jurisdiction. Jury Trial Order at 10-11. All of the decisions the Order relies on for this test involve distinguishing between law and **equity**, not law and **admiralty**. As BP explained, Rec. Doc. 12345 at 6, Rec. Doc. 12590 at 8, courts do not use this test to determine whether claims fall within admiralty jurisdiction. Instead, they examine whether the statutory actions are based on admiralty jurisdiction without further

examining the remedy or nature of the action. *E.g.*, *Crowell*, 285 U.S. at 45; *Karim*, 265 F.3d at 264; *Tallentire*, 800 F.2d at 1391.

Moreover, as the Jury Trial Order recognized, characterizing the relief as legal or equitable is the "more important" prong of the law-equity test. Jury Trial Order at 11, *Tull v. United States*, 481 U.S. 412, 421 (1987). But admiralty cases regularly seek simple money damages, so applying this law-equity test to admiralty jurisdiction makes little sense, because the "more important" prong cannot distinguish between law and admiralty cases. That the law-equity test is not used by courts to determine admiralty jurisdiction and that the more important prong of the two-prong test is a nullity in admiralty cases establishes that there are substantial grounds for differing from the Jury Trial Order's application of that test to determine admiralty jurisdiction.

Relatedly, the Jury Trial Order concluded that admiralty jurisdiction at the time the Seventh Amendment was adopted in 1791 did not encompass a vessel at sea causing injury on land, but Supreme Court precedent is to the contrary. Jury Trial Order at 13. The Supreme Court has explained that it has "never explicitly held that a maritime locality is the sole test of admiralty tort jurisdiction" and that it has found admiralty jurisdiction over events occurring partly on land on numerous occasions. *Exec. Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 259-60 (1972); *see also United States v. Matson Nav. Co.*, 201 F.2d 610, 615-16 (9th Cir. 1953) (interpreting the earliest Supreme Court decisions on admiralty jurisdiction and concluding that the constitutional grant of admiralty jurisdiction encompassed damage to land caused by a vessel). For example, the Supreme Court held that an 1884 Act of Congress brought the collision of a barge with a drawbridge within admiralty jurisdiction, without finding any constitutional difficulties. *See Richardson v. Harmon*, 222 U.S. 96, 106 (1911). Indeed, the Jury

Trial Order recognizes this precedent with a "but cf." cite to *The Admiral Peoples*, 295 U.S. 649 (1935), another case where the Supreme Court found admiralty jurisdiction over an incident that began at sea but caused injuries on land. This Supreme Court precedent creates substantial grounds for a difference of opinion over whether admiralty jurisdiction at the time the Seventh Amendment was adopted was limited to claims occurring wholly at sea.

The Jury Trial Order also states that "American courts would have found admiralty tort jurisdiction lacking in this matter until 1948, when the Admiralty Extension Act, 46 U.S.C. § 30101 was passed." Jury Trial Order at 14. That reasoning creates yet another ground for difference of opinion. The Jury Trial Order concludes that admiralty jurisdiction in 1791 was limited to actions occurring wholly at sea and that bench trials under admiralty are limited to that historical jurisdiction. *Id.* at 13-14. This logic of the Jury Trial Order would mean that cases under the Admiralty Extension Act ("AEA") must be tried to juries, as they involve sea-to-land injuries. But courts regularly hold or assume that there is no jury in AEA cases. *E.g.*, *Gutierrez v. Waterman S.S. Corp.*, 373 U.S. 206, 207, 209-10 (1963); *Tagliere v. Harrah's Ill. Corp.*, 445 F.3d 1012, 1013-15 (7th Cir. 2006); *Efferson v. Kaiser Aluminum & Chem. Corp.*, 816 F. Supp. 1103, 1115 & n.26, 1122 (E.D. La. 1993); *Callahan v. Cheramie Boats, Inc.*, 383 F. Supp. 1217, 1221, 1223 (E.D. La. 1974). The Jury Trial Order's inconsistency with this AEA precedent provides another ground for difference of opinion about that Order.

Third, other decisions within this district disagree with the Jury Trial Order's conclusion that if limitation is denied, "it is the claimant's choice, not the vessel owner's, whether to remain in the limitation action." Jury Trial Order at. 16. *In re Complaint of Clearsky Shipping Corp.* held that "[w]here limitation is denied, it is discretionary with the court to retain jurisdiction and adjudicate the claims or to remit the claimants to another forum." Civ.A. 96-4099, 1998 WL

308011, at *2 (E.D. La. June 8, 1998).  Similarly, *In re Waterman S.S. Corp.* concluded that "it is in my discretion whether to adjudicate the case in its entirety or whether to allow the claimants to return to state court if limitation is denied."  Civ. A. No. 91-1491, 1992 WL 41714, at *6 (E.D. La. Feb. 27, 1992).  These two courts were interpreting the same precedents as the Jury Trial Order and concluded that the court, not the claimant, has discretion to retain jurisdiction over claimants in a limitation action after limitation has been denied.  These divergent decisions reached by Eastern District of Louisiana judges establish a substantial ground for difference of opinion concerning whether Alabama is entitled to a jury trial after participating in the Limitation Action.

### C.      An Immediate Appeal Would Materially Advance The Ultimate Termination Of Alabama's Claims.

Courts recognize that the third element of 1292(b) is satisfied where "immediate appeal would conserve judicial resources and spare the parties from possibly needless expense if it should turn out that [the district court's] rulings are reversed"; the appeal need not be potentially dispositive.  *APCC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 109 (D.D.C. 2003); *see also* 16 Wright & Miller § 3930 (explaining that third prong is satisfied where interlocutory appeals "minimiz[e] the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings").  Other courts in this Circuit have found the question of entitlement to a jury trial to satisfy this standard.  *E.g., Apache*, 2010 WL 2545606, at *2 ("[I]t would be far more judicially efficient to resolve the jury trial issue before trying the case as opposed to resolving it after a trial has been concluded."); *EEOC v. Bass Pro Outdoor World, LLC*, No. 4:11-CV-3425, 2014 WL 6453606, at *3 (S.D. Tex. Nov. 17, 2014) ("Without an interlocutory appeal, if the Fifth Circuit holds after trial that this Court was incorrect in its ruling, the parties will be forced to go back to square one and retry each individual case … .").

This Court should reach the same conclusion.  Under the Jury Trial Order, if an interlocutory appeal is not granted then the parties will proceed to have a jury trial.  Preparing for and trying the case to the jury will impose delays and additional costs—both before and during the trial—that can be avoided with a bench trial.  Moreover, if the jury is not the proper factfinder, then any decision by the jury could be reversed on that basis alone, causing an unnecessary remand, further litigation in the trial court, and additional appellate briefing.  Indeed, if the Order is then reversed after the final judgment, the judgment will be vacated and the parties will have to re-try the case.  All of this will waste the time and resources of the judiciary and parties in needlessly conducting the first trial before the jury.  It also would delay resolution of Alabama's claims by months or years, depending on how long the appeal, preparation for the re-trial, and re-trial take.  Allowing appeal now would avoid this risk of having to conduct multiple trials.

## CONCLUSION

The Jury Trial Order presents a pure question of law:  who will be the factfinder in Alabama's trial of compensatory damages.  There is minimal on-point precedent on whether Alabama is entitled to a jury trial, and the Jury Trial Order is inconsistent with case law interpreting other admiralty statutes, case law interpreting the Seventh Amendment and admiralty jurisdiction, and decisions from this district regarding the Limitation Action.  Thus, there are substantial grounds for a different opinion.  Finally, an immediate appeal would advance the ultimate termination of the litigation by avoiding a jury trial that could later be vacated after an appeal from a final judgment.  Therefore, BP respectfully requests that the Court certify for the Fifth Circuit's interlocutory review under 28 U.S.C. § 1292(b) the Order & Reasons As to BP's Motion to Strike the State of Alabama's Jury Demand, Rec. Doc. 14347, and amend and re-enter that Order with the added certification under 1292(b).

Date:  April 22, 2015                                            Respectfully submitted,


                                                                /s/ Don K. Haycraft
Robert C. "Mike" Brock                                          Don K. Haycraft (Bar #14361)
F. Chad Morriss                                                 R. Keith Jarrett (Bar #I6984)
Kirkland & Ellis LLP                                            Liskow & Lewis
655 Fifteenth Street, N.W.                                      701 Poydras Street, Suite 5000
Washington, DC 20005-5793                                       New Orleans, Louisiana 70139-5099
Telephone: (202) 879-5000                                       Telephone: (504) 581-7979
Facsimile: (202) 879-5200                                       Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.                                        Joel M. Gross
J. Andrew Langan, P.C.                                          Lawrence A. Schneider
Paul D. Collier                                                 Arnold & Porter, LLP
R. Chris Heck                                                   555 12th Street N.W.
Kirkland & Ellis LLP                                            Washington, DC 20004
300 North LaSalle Street                                        Telephone: (202) 942-5705
Chicago, IL 60654                                               Facsimile: (202) 942-5999
Telephone: (312) 862-2000
Facsimile: (312) 862-2200                                       Maureen F. Browne
                                                                Covington & Burling LLP
                                                                One CityCenter, 850 Tenth Street, NW
                                                                Washington, DC 20001-4956
                                                                Telephone: (202) 662-6000

                                                                *Attorneys for BP p.l.c., BP Exploration &
                                                                Production Inc., and BP America Production
                                                                Company*

12

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22d day of April, 2015.

/s/ Don K. Haycraft
Don K. Haycraft