UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | § | MDL No. 2179 |
|    "Deepwater Horizon" in the | § | |
|    Gulf of Mexico, on | § | SECTION: "J" |
|    April 20, 2010 | § | |
| | § | Judge Barbier |
| This Document Relates to: All Cases | § | |
| | § | |
| (includes No. 2:10-cv-08888-CJB-SS) | § | Mag. Judge Shushan |

**MEMORANDUM IN SUPPORT OF CYPRESS BAYOU INDUSTRIAL PAINTING'S
MOTION FOR LEAVE TO FILE SHORT FORM JOINDER
FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE**

**NOW INTO COURT**, through undersigned counsel, comes Claimant Cypress Bayou Industrial Painting, who files this Memorandum in Support of its Motion For Leave To File Short Form Joinder Beyond The September 16, 2011 Deadline. This claimant seeks this Honorable Court's permission to accept claimant's late-filed claim in the limitation proceeding for the following reasons:

1. Claimant attempted to contact counsel after the Court-established deadline seeking assistance in filing claims for injuries and damages as a result of the Deepwater Horizon explosion and resulting oil spill.

2. Because claimant was unaware of the Court-established deadline, or had not yet fully realized its damages, it did not timely file in the Transocean limitation proceeding.

3. No prejudice will result from the acceptance of the late filings. Such filings have been filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS. No action has been taken in the limitation proceeding that could cause prejudice to any other party to the proceeding.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late-filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulphur Co. v. Blue Slack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL378121 (E.D. La. June 7, 1999) (citing *Golnoy Barge Co. v. M/T Shinoussa,* 980 F.2d 349, 351 (5th Cir. 1993)).  Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, claimant respectfully requests that the Court accept its late-filed short form and grant the accompanying Motion for Acceptance of Limitation Short Form Joinder Filed Beyond the September 16, 2011 Deadline.

Respectfully submitted,

**WILLIAMSON & RUSNAK**
   /s/ *Jimmy Williamson*

Jimmy Williamson
Federal ID No. 51896
Texas State Bar No. 21624100
Email:  jimmy@wsrlawfirm.com

Cyndi M. Rusnak
Federal ID No. 24724
Texas State Bar No. 24007964
Email: cyndi@wsrlawfirm.com

William Dills
Federal ID No. 2346498
Texas State Bar No. 24067421
Email: billy@wsrlawfirm.com

4310 Yoakum Boulevard
Houston, Texas 77006
(713) 223-3330 – Telephone
(713) 223-0001 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2015, a copy of the foregoing Motion and Memorandum was sent via the Court's CM/ECF system to all counsel of record and via email to all attorneys on the Panel Attorney Service List.

  /s/ *Jimmy Williamson*_____
JIMMY WILLIAMSON