IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J |
| This Document Relates To: | * * | |
| | | Honorable CARL J. BARBIER |
| *All Cases* | * * | |
| | | Magistrate Judge SHUSHAN |

**THE BP DEFENDANTS' RESPONSE AND OBJECTIONS
TO THE COURT'S APRIL 14, 2015 ORDER
NOTING POTENTIALLY MOOT OR PREMATURE MOTIONS**

On April 14, 2015, the Court stated that it intended to deny certain motions pending in MDL 2179 which the Court indicated appear to be moot or premature. (Rec. Doc. 14419). Pursuant to the Court's order, BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") hereby object to the dismissal as moot or premature two of the thirty motions identified by the Court. While BP does not object to the Court's denial of the remaining twenty-eight motions on the grounds that the issues involved therein have been resolved at the district court level, BP does not waive, but instead expressly reserves, all rights to appeal any issue involved in the listed motions and related briefing.

**I.    TRANSOCEAN'S DECEMBER 2012 MOTION AS TO CLAIMS BASED ON SUBSURFACE DISCHARGE OF OIL IS NOT MOOT.**

Transocean's Rule 12(c) Partial Motion as to Claims Based on Subsurface Discharge of Oil (Rec. Doc. 8106) ("Transocean's Motion") is not moot. The Court should rule on that motion, addressing the arguments made by BP in its May 20, 2013 opposition brief. (Rec. Doc. 10211).

On February 22, 2012, the Court issued its ruling as to the parties' cross-motions for partial summary judgment regarding liability under the Clean Water Act and Oil Pollution Act ("OPA"), holding that Transocean is not liable to the United States under OPA for subsurface discharges. (Rec. Doc. 5809 at 5-15 ("February 2012 Order")). On December 18, 2012, Transocean filed its Motion, seeking partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to all private as well as state and local government claims concerning its liability for subsurface oil discharges from the *Deepwater Horizon* and its appurtenances. Transocean's Motion argued that, because this Court had held in its February 2012 Order that Transocean is not liable to the United States under OPA for subsurface discharges, Transocean also cannot be held liable in maritime law to plaintiffs or to BP in maritime contribution. Transocean further argued that it is not liable to BP in express OPA contribution liability on the basis of an unstated exception to OPA contribution liability that conveniently parallels Transocean's subsurface-discharge defense.

On April 18, 2013, the Court called for briefing on Transocean's Motion. (Rec. Doc. 9402). On May 20, 2013, BP filed its brief in opposition to Transocean's Motion. (Rec. Doc. 10211) ("BP Br."). In its opposition brief, BP explained that Transocean's argument that it is not liable under maritime law for subsurface discharges is demonstrably wrong, because nothing in the February 2012 Order spoke to maritime law liability, because Transocean admitted negligence in its January 2013 plea, and because silence in OPA provides no legally proper basis to extend Transocean's purported subsurface discharge defense to maritime negligence claims. (BP Br. at 9-11). BP also explained that Transocean's arguments that it is not liable to BP in contribution for subsurface discharge is also flawed, because nothing in OPA cuts off BP's

2

contribution rights to obtain damage sharing from Transocean for subsurface discharges.  (BP Br. at 12-15).

The Phase 1 ruling (Rec. Doc. 13355) did reaffirm the Court's prior order on January 26, 2012, (Rec. Doc. 5446), that Transocean's indemnity and release in its contract with BP were valid and enforceable (a ruling BP is now appealing), but that indemnity ruling predated the Court's April 18, 2013 call for briefing on Transocean's Motion.  And the Phase 1 ruling does not address or otherwise dispose of the arguments in BP's opposition, nor has the Court addressed them elsewhere.  Accordingly, BP objects to the Court's proposed dismissal of Transocean's Motion as moot and requests that the Court address BP's arguments in opposition to that motion or otherwise make clear that BP's arguments in its May 20, 2013 opposition brief have been overruled so that such a ruling would become part of the record concerning the Court's resolution of Transocean's Motion.

## II.   BP'S OBJECTION TO MAGISTRATE JUDGE'S ORDER STRIKING BP'S NOVEMBER 7, 2013 NOTICE OF FILING IS NOT MOOT.

BP's November 22, 2013 Objection to Magistrate Judge's Order Striking BP's November 7, 2013 Notice of Filing (Rec. Doc. 11891) is likewise not moot.  BP's objection, and principally the filings at issue in the objection, may be pertinent to any future arguments raised in this Court or on appeal in connection with the Court Supervised Settlement Program's ("CSSP") implementation of the *Deepwater Horizon* Economic and Property Damage Settlement Agreement (Rec. Doc. 6430) and, in particular, Policy 495 involving the matching of revenue and expenses for business economic loss claims.

As the Court is well aware, BP and Class Counsel extensively briefed various issues involving the CSSP's implementation of the business economic loss framework.  As part of these submissions, on November 7, 2013, BP filed a notice to file into the district court record certain

correspondence and supporting declarations that were previously transmitted to the Claims Administrator in support of BP's position on the matching issue.  (Rec. Doc. 11825).   On November 8, 2013, the Magistrate Judge struck BP's filing.  (Rec. Doc. 11827).  However, because BP's filing was pertinent to the issues pending on remand from the Fifth Circuit regarding the CSSP's implementation of the business economic loss framework, BP objected to the order of the Magistrate Judge pursuant to Fed R. Civ. P. 72(a).  (Rec. Doc. 11891).  The Court, until now, previously did not address BP's objection.

BP respectfully states its November 7, 2013 filing is not moot.  Although this Court adopted Policy 495 — "Business Economic Loss Claims:  Matching of Revenue and Expenses" — on May 5, 2014 (Rec. Doc. 12817), issues still remain regarding this Court's May 5, 2014 order, and future issues may arise implicating Policy 495 until all claims are processed by the CSSP.  In fact, the Court recently denied on May 31, 2015 (Rec. Doc. 14356) Class Counsel's Motion to Alter or Amend the Court's Order of May 5, 2014 (Rec. Doc. 12941), and on April 23, 2015, Class Counsel filed a notice of appeal regarding this Court's May 5, 2014 Order Adopting Policy No. 495 (Rec. Doc. 12817), the Claims Administrator's Final Policy No. 495 (Rec. Doc. 12589-13 through 12589-15), and this Court's March 31, 2015 Order Denying Class Counsel's Motion to Alter or Amend (Rec. Doc. 14356).   BP therefore may wish to cite to and rely on the materials at issue in BP's Objection to Magistrate Judge's Order Striking BP's November 7, 2013 Notice of Filing to respond to Class Counsel's recent appeal, as well as in other future motions and/or appeals involving the implementation of the Settlement Agreement.  (Rec. Doc. 11891).

Accordingly, BP respectfully objects to the Court's proposed ruling that this filing is moot.

April 24, 2015                                          Respectfully submitted,

/s/ Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Hariklia "Carrie" Karis, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of April 2015.

*/s/ Don K. Haycraft*
Don K. Haycraft