IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 <br><br> Section: "J" |
| This document relates to No. 12-970 | * * * * | Honorable Carl J. Barbier <br><br> Magistrate Judge Shushan |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OBJECTION OF THE ANDRY LAW FIRM TO THE ORDER OF APRIL 14, 2015
NOTING POTENTIALLY MOOT OR PREMATURE MOTIONS**

**MAY IT PLEASE THE COURT:**

The Andry Law Firm, L.L.C. ("The Andry Law Firm"), respectfully objects to the *Order* of April 14, 2015 (Rec. Doc. 14419) on the grounds that the Andry Law Firm's *Motion to Release Hold on Payment to the Andry Law Firm* (Rec. Doc. 12277) (the "*Motion*") is not moot, because The Andry Law Firm's claim in the amount of $7,818,693.95 has not been paid and is still due and owing.

The *Motion* seeks to release the hold on payment of the Andry Law Firm's claim on the grounds that this claim has been due and owing, and *res judicata*, since June 18, 2013, when the fourteen (14) day period expired during which BP could request discretionary review of the panel decision of June 4, 2013 regarding this claim. *See* Rec. Doc. 12277-1, p. 1 – 4 (procedural history of the Andry Law Firm's claim). The reasons given for the apparent mootness of the *Motion* refer to the *Order* of February 26, 2015 imposing certain sanctions (Rec. Doc. 14221) and the Court's *Order* approving procedures for paying certain claims (Rec. Doc. 12077).[1] Sanctions are irrelevant to the Andry Law Firm claim, as this Honorable Court properly

---

[1] The Court's *Order* approving procedures for paying certain (presumably AndryLerner, LLC related) claims (Rec. Doc. 12077) is sealed and, therefore, currently unavailable to undersigned counsel for purposes of this objection.

concluded and held that neither Gibby Andry nor the Andry Law Firm engaged in any misconduct. This Honorable Court's *Order* of February 26, 2015, "instructs the Claims Administrator to process the [Andry Law Firm's] claim in accordance with its applicable rules and policies." Rec. Doc. 13221, p. 5. However, the Claims Administrator has yet to pay the Andry Law Firm's claim which was settled, perfected, due and payable in June of 2013.

Since this Honorable Court's *Order* of February 26, 2015 imposing certain sanctions, which had nothing to do with Gibby Andry or the Andry Law Firm, the Claims Administrator has sought to re-evaluate the Andry Law Firm's claim under Policy 495, under the mistaken belief that this claim was still "in the claims process." *See* March 9, 2015 Email from DHECC Special Counsel, Michael Juneau, p. 2 of emails attached hereto as Exhibit "A" (*in globo*). As Special Counsel Michael Juneau's March 18, 2015 email shows, the Andry Law Firm's claim is still being wrongfully singled out and payment withheld in contravention of the applicable orders of this Court. Ex. A, p. 1. Though Mr. Juneau is correct that an Eligibility Notice was issued on March 20, 2013 and Notice of Appeal was filed by BP on April 10, 2013, he fails to take into account the DHECC Appeal Panel decision upholding the initial compensation finding on June 4, 2013 and the failure of BP to request discretionary review of this Court within the fourteen (14) day period of this panel decision. The *Notice of Filing of The Economic And Property Damages Settlement Agreement As Amended On May 2, 2012, And As Preliminarily Approved By The Court On May 2, 2012*, clearly states, "Once the Appeal Panelist or Appeal Panel issues a decision, it shall be final." Rec. Doc. 6430-1, p. 63. Furthermore, the Claims Administrator has ignored this Honorable Court's subsequent *Order* of June 27, 2014, which specifically held: "As to claims which were in the appeal process but which were compromised between BP and Claimant, those claims shall be paid promptly without further delay." Rec. Doc. 11287.

The settlement between BP and The Andry Law Firm became perfected pursuant to the terms of the master settlement agreement, and The Andry Law Firm's claim therefore became due and payable on or about June 18, 2013. Demand for payment was made by email that day. The Andry Law Firm formally signed the acceptance of the claim. Settlement was achieved well before the October 2, 2013 holding of the Fifth Circuit Court of Appeals staying the payment of BEL claims, and well before the adoption of Policy 495.

However, The Andry Law Firm claim payment was delayed beginning in June 2013 because of allegations made regarding Tiger Sutton's relationship with AndryLerner, LLC, which had nothing to do with the Andry Law Firm. Those allegations led to an investigation and the suggested findings of the *Freeh Report*. Rec. Doc. 11287.

Eventually, after a full evidentiary hearing on the *Freeh Report* on November 7, 2014, this Honorable Court found:

> [T]here has been absolutely no evidence that the claim was improperly or corruptly manipulated in any way. As far as I can recall, it's been reviewed and rereviewed numerous times. I don't find any evidence or certainly not sufficient evidence of any type of misconduct by Mr. Gibby Andry that would warrant the Court applying any kind of unclean hands doctrine or any other doctrine or legal theory to say that that claim should not be paid on the basis of what happened in this investigation.

Further, on June 27, 2014, this Court issued an *Order* clarifying that certain claims are unaffected by Policy 495, stating in part: "[a]s to claims which were in the appeal process but which were compromised between BP and claimant, those claims shall be paid promptly without further delay." Rec. Doc. 13076. Pursuant to the *Full and Final Release, Settlement, and Covenant Not to Sue*, signed by Gibby Andry on behalf of The Andry Law Firm on July 18, 2013, The Andry Law Firm claim clearly constitutes a "claim . . . in the appeal process . . . compromised between BP and claimant."

3

Therefore, as the claim was properly submitted and delayed only by clerical error and allegations which this Court has rejected, The Andry Law Firm claim should be paid. Though there should be no impediment to the processing and payment of The Andry Law Firm's claim in accord with the orders of this Court, the Claims Administrator still perceives an impediment to the long, delayed payment of this claim. Therefore, the *Motion* is not moot and should not be denied as such. Rather, this Honorable Court should order payment of The Andry Law Firm's claim in the amount of $7,818,693.95 be made expeditiously consistent with this Court's previous orders.

**Respectfully submitted,**

 /s/ Stephen M. Gelé
**RANDALL A. SMITH, T.A. (#2117)**
**STEPHEN M. GELÉ (#22385)**
**SARA PORTER (#34190)**
　　OF
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, LA 70170
Tel: (504) 525-2200
Fax: (504) 525-2205
sgele@smithfawer.com

**Attorneys for The Andry Law Firm, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by Using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 24th day of April, 2015.

/s/ Stephen M. Gelé
**STEPHEN M. GELÉ**