UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION "J"** |
| | * | |
| **Applies to:** | * | **JUDGE BARBIER** |
| | * | |
| *No. 12-968: BELO* | * | **MAG. JUDGE WILKINSON** |
| *No. 14-2730* | * | |

ORDER
[As to Whether BELO Cases May Be Tried to a Jury]

Before the Court is BP's Motion to Strike Plaintiff's Demand for a Jury Trial (Rec. Doc. 14237), responses by Class Counsel and individual class member LeRoy G. Wilson (Rec. Docs. 14364, 14366), and BP's reply (Rec. Doc. 14455). At issue is whether Wilson is entitled to a jury trial in his Back-End Litigation Option ("BELO") lawsuit. As the Magistrate Judge recognized in his scheduling order, the resolution of this issue may have widespread application to all BELO cases. After considering the parties' arguments, the applicable law, and the relevant record, the Court has decided to resolve this issue in an abbreviated fashion. Consequently, this order largely assumes the reader's familiarity with the procedural history, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("Medical Settlement"), the parties' arguments, etc., and proceeds directly to the issues at hand.

The Court must first dispel BP's argument that no jury is available because Wilson's personal injury claims are governed by general maritime law and his state-law claims were previously dismissed as preempted. The conclusion that maritime law provides the substantive rule of decision for a given claim does not determine whether or not a plaintiff is entitled to a jury. The "savings-to–suitors" clause in the admiralty jurisdiction statute, 28 U.S.C. § 1333(1), permits a

plaintiff to bring a maritime claim in state court or—if diversity or some other non-admiralty basis

for federal jurisdiction exists—on the "law" side of a federal court, and have that claim tried to a

jury.[1]  This is hornbook admiralty law.  *See, e.g.*, Robert Force & Martin J. Norris, *The Law of*

*Maritime Personal Injuries* §§ 1:5 to 1:8 (5th ed. 2004, 2014).  The fact that Wilson has no claim

under state law is irrelevant to whether Wilson is entitled to a jury.

The Court moves past this distraction and turns to what is the core question in this matter:

Whether an individual class member's BELO complaint is bound by the Rule 9(h)/non-jury election

in the class action complaint that gave rise to the Medical Settlement?  Class Counsel designated

the claims in the class action complaint as admiralty or maritime claims within the meaning of Fed.

R. Civ. P. 9(h) and requested a non-jury trial.  (Medical Class Action Compl. ¶ 17, C.A. no. 12-968,

Rec. Doc. 1).  Wilson's BELO complaint prayed for a jury "[i]f allowable under the [Medical]

Settlement terms and law of this case."  (Wilson Compl. ¶ 12, C.A. no. 14-2730, Rec. Doc. 1).  As

for jurisdiction, Wilson cited the BELO provision of the Medical Settlement and admiralty

jurisdiction.  (*Id.* ¶ 2).  However, Wilson requests in his response brief that he be permitted to amend

his complaint to assert diversity jurisdiction in order to preserve his right to a jury trial.  BP's

counsel objects to this request.

If the class had been certified for litigation, and not for settlement, and then was tried before

the bench to judgment, the class members would be bound in most instances by Class Counsel's

Rule 9(h)/non-jury election.  This is a fundamental consequence of the class action device, where

a representative litigates on behalf of absent class members.  But this is not the situation at hand.

Instead, the purpose of the class action complaint in C.A. no. 12-968 was to provide a vehicle for

---

[1] A caveat to this statement is that certain remedies, such as an *in rem* action against a vessel, may only be sought in a federal court sitting in admiralty.  BELO lawsuits do not seek such remedies, however.

the class action settlement.  The class action complaint and the Medical Settlement were filed together, and the class was certified for settlement purposes only.

By virtue of that settlement, class members released many claims against BP for exposure-related physical injuries; however, claims for "Later-Manifested Physical Injuries" were generally excepted from this release.  (Medical Settlement § XVI.B, XVI.C).   If a class member wished to assert a claim for a Later-Manifested Physical Injury against BP, she could, after following certain procedures (e.g., the claimant must give BP the opportunity to mediate the claim), file a BELO lawsuit in this Court.  (*Id.* § VIII).  While BELO lawsuits are subject to several conditions (e.g., punitive damages are not recoverable), the BELO plaintiff is otherwise in control of her own lawsuit; Class Counsel and the class representatives do not litigate a BELO claim on behalf of a BELO plaintiff.  The BELO lawsuit is essentially a new action, separate from the class action.

Nowhere does the Medical Settlement state that a BELO lawsuit must be tried to the bench. The Medical Settlement does state that a BELO lawsuit must be filed in this Court (though it may be transferred subsequently to another venue), but it does not say that it must be tried to the bench. (*Id.* § VII.G.1.c.).  While the Medical Settlement does contain a general provision requiring that it be interpreted in accordance with general maritime law, the Court does not read this provision as mandating admiralty's traditional bench trial procedure for a BELO lawsuit.  (*Id.* § XXX.P). While maritime law may provide the substantive law for a BELO claim, this does not mean that a jury cannot hear a maritime claim, as explained above.  And while the class action complaint invoked admiralty jurisdiction and Rule 9(h), there was nothing distinctively or uniquely maritime about that proceeding that would preclude a BELO plaintiff from invoking some other jurisdiction.  *Cf. Bhd. Shipping Co., Ltd. v. St. Paul Fire & Marine Ins. Co., infra*.  The Court sees no valid reason, then,

3

why a BELO plaintiff should be precluded from invoking a non-admiralty basis of jurisdiction and demanding a jury.   The Court holds that a BELO plaintiff who properly invokes diversity jurisdiction and timely demands a jury is entitled to a jury trial in his or her BELO lawsuit.  To be entitled to a jury, the BELO complaint should not invoke admiralty as an alternative basis or otherwise make ambiguous its jurisdictional election and jury demand.  *See Luera v. M/V Alberta*, 635 F.3d 181, 189-90 (5th Cir. 2011).

The final question, then, is whether Wilson should be allowed to amend his BELO complaint.   "A plaintiff's Rule 9(h) election is subject to the liberal standards for amending pleadings in Rule 15(a)(2), which provides that '[t]he court should freely give leave [to amend] when justice so requires."  *Id.* at 187 (alterations in original).  A plaintiff should be permitted to amend the complaint to change the Rule 9(h) election so long as there is no prejudice to the court or to the defendants.  *Id.*;  *cf. Bhd. Shipping Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993) (suggesting that leave should  not be granted after the plaintiff took an interlocutory appeal under 28 U.S.C. § 1292(a)(3), one of the "distinctive procedures of admiralty," as it would give the plaintiff "the best of procedural worlds").  BP has not shown how prejudice would result from Wilson's proposed amendment.[2]

---

[2] The Court also cautions BP against misquoting cases to the court.  Page three of BP's reply brief purports to quote a sentence from *Brotherhood Shipping*, but BP's quote omits, without even an ellipsis, the end of the sentence. Although this instance might not rise to the level of outright misrepresentation, BP's selective omission does obscure the meaning of the source material (that a party who has taken advantage of a procedure *distinctive* to admiralty, probably should not be allowed to change the 9(h) election), particularly when BP's quote is considered with other statements BP included near its quotation.

Accordingly,

IT IS ORDERED that BP's Motion to Strike Plaintiff's Demand for a Jury Trial (Rec. Doc. 14237) is DENIED.

IT IS FURTHER ORDERED that LeRoy G. Wilson is granted leave to amend his BELO complaint to assert diversity jurisdiction, remove references to admiralty jurisdiction, and demand a jury.  Wilson shall file his amended BELO complaint no later than <u>Monday, May 18, 2015</u>.

New Orleans, Louisiana, this 27th day of April, 2015.

United States District Judge

**Note to Clerk: File in 10-md-2179 and 14-2730**.