**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| | * | |
| This Document Relates To: | * | JUDGE BARBIER |
| | * | |
| No. 2:13-cv-01962, ATP Oil & Gas Corp. | * | |
| v. BP Exploration & Production Co. et al. | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |

**THE TRUSTEE OF ATP OIL & GAS CORP.'S MOTION TO LIFT STAY**
**AND PROVIDE FOR DIRECTION OF LIMITED REFERENCE**
**TO BANKRUPTCY COURT**

Rodney Tow, the Chapter 7 bankruptcy trustee for Plaintiff ATP Oil & Gas Corp. (the "Trustee"), by and through his attorneys, respectfully requests that this Court lift the stay of *ATP Oil & Gas Corp. v. BP Exploration & Production Co. et al.*, No. 2:13-cv-01962 (E.D. La.) (the "ATP-BP Litigation"), and file a suggestion with the Judicial Panel on Multidistrict Litigation (the "Panel") to conditionally sever the case from MDL 2179 for the limited purpose of allowing discovery to proceed through a limited directed reference to the U.S. Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), currently presiding over ATP's Chapter 7 bankruptcy case, or enter an appropriate order directing such a limited reference to the Bankruptcy Court.  The Trustee requests that any suggestion or order with respect to such relief reserve to the MDL Court all issues of causation, applicable law, permissible defenses (if any), and all other merits issues, with the exception of a proposed finding regarding the calculation of ATP's damages, which may be efficiently addressed outside the MDL.  The Trustee first acknowledges the herculean efforts put forth by the Court and the Court staff in managing this

massive MDL.  As stated below, the unique facts and circumstances of this plaintiff, however, justify full hearing on this Motion.

This Court's "'express and inherent powers enable the judge to exercise extensive supervision and control of litigation.'"  *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013) (quoting Manual for Complex Litig. (4th) § 10.1 (2004)).  This Court has exercised that authority in managing MDL 2179 by, among other things, the selection and management of the OPA Test Cases and the stay of all other individual moratoria actions. The Trustee does not seek to disrupt those procedures.  The Trustee merely seeks limited relief in light of the unique hardship ATP's bankruptcy estate faces from an extended, indefinite stay. The Trustee believes discovery in the ATP-BP Litigation can be conducted efficiently in the Bankruptcy Court without burdening this Court's docket.  The trustee is prepared to cooperate with the PSC to coordinate discovery on issues common to the OPA Test Cases and the ATP-BP Litigation should such coordination be available without delaying those actions, but in no way seeks to burden or delay these actions, and is prepared to proceed with discovery independently in the Bankruptcy Court.

As explained further in the attached supporting memorandum, ATP suffered a staggering amount of damages from the *Deepwater Horizon* Oil Spill and now faces over $2 billion dollars in debt.  An outstanding post-petition loan has a balance in excess of $283 million, as of January 1, 2015, and is accruing interest of over $120,000 per day, which risks diminishing the potential recovery to ATP's creditors.  Delay heightens the difficulty of efforts to repay not only this lender, but to make any distributions to other creditors.  ATP's creditors therefore face unique hardships from the stay of the ATP-BP Litigation.  In contrast, lifting the stay would pose no hardship to defendants in the ATP-BP Litigation, particularly given that BP America Production

Company and BP Exploration and Production Inc. are creditors in ATP's bankruptcy case and have actively participated in that proceeding.

WHEREFORE, the Trustee respectfully requests an Order (1) lifting the stay and allowing formal discovery to proceed, and (2) providing for conditional or limited severance of the ATP-BP Litigation from the MDL and directed reference to the Bankruptcy Court for the limited purpose of conducting discovery and/or making a proposed finding calculating the amount of ATP's damages.  A proposed Order is attached to this motion.

This 27th day of April, 2015.

By: /s/ *Joseph F. Rice*
**Joseph F. Rice, T.A. (pro hac vice pending)**
**MOTLEY RICE LLC**
**28 Bridgeside Blvd.**
**Mount Pleasant, SC 29464**
**Phone:  843-216-9000**
**Fax:  843-216-9450**
**jrice@motleyrice.com**

**Calvin C. Fayard, Jr. (LA Bar #5486)**
**D. Blayne Honeycutt (LA Bar #18264)**
**Wanda J. Edwards (LA Bar #27448)**
**FAYARD & HONEYCUTT**
**519 Florida Ave SW**
**Denham Springs, LA 70726**
**Phone:  225-664-0304**
**Fax:  225-664-2010**
**calvinfayard@fayardlaw.com**
**dbhoneycutt@fayardlaw.com**
**wandaedwards@fayardlaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing motion will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of April, 2015.

/s/ *Joseph F. Rice*
Joseph F. Rice