**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**<br><br>**This Pleading Relates To**<br>• **10-4182** (*Alabama v. BP)*<br>• **10-4183** (*Alabama v. Transocean, et. al*)<br>• **13-2645** (*Alabama v. Anadarko & MOEX*)<br>• **13-2646** (*Alabama v. Transocean*)<br>• **13-2647** (*Alabama v. Halliburton*)<br>• **13-2813** (*Alabama v. BP*) | **MDL No. 2179**<br>**SECTION: J**<br><br>**JUDGE BARBIER**<br>**MAGISTRATE SHUSHAN** |

**THE STATE OF ALABAMA'S OPPOSITION TO BP'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL ON THE JURY TRIAL ISSUE**


LUTHER J. STRANGE
*Attorney General*

COREY L. MAZE
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email: cmaze@ago.state.al.us

Attorneys for the State of Alabama

**THE STATE OF ALABAMA'S OPPOSITION TO BP'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL ON THE JURY TRIAL ISSUE**

---

Section 1292(b) vests the Court with discretion whether to grant an interlocutory appeal, and at least six factors weigh against exercising that discretion on the jury trial issue:

1. BP has no constitutional or statutory right to a bench trial;
2. Four out of four courts have held that OPA Plaintiffs are entitled to a jury trial;
3. Five out of five circuit courts have held that Plaintiffs are entitled to a jury trial on damages after an admiralty court denies limitation;
4. BP acknowledged in its BELO brief that Alabama's pleading of jurisdiction and corresponding jury demand complies with Fifth Circuit precedent;
5. The claims subject to discovery and trial will not change, regardless of whether a judge or jury ultimately decides them; and,
6. The Court could eliminate the threat of a reversal and re-trial by rendering its own findings after the jury renders a verdict.

As important, sending an issue up to the Fifth Circuit less than three months before Alabama files its motion to remand, and only 12 months before the trial is scheduled to commence, could unnecessarily delay the trial. For these reasons, and additional ones detailed below, the Court should deny BP's motion.

## I. Interlocutory Appeals for a Bench Trial Are Unexceptional.

While Courts may grant them in the right circumstances, "Section 1292(b) appeals are exceptional." *Clark-Dietz v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). BP's request for a bench trial is unexceptional for at least three reasons.

First, BP has no right to a bench trial. *See Beacon Theaters v. Westover*, 359 U.S. 500, 510 (1959) ("the right to jury trial is a constitutional one, however … no similar requirement protects trials by the court"); Wright and Miller, *Federal Practice & Procedure*, §2317 ("neither

this [Seventh] amendment, nor any other provision of the Constitution, preserves any right to a trial without a jury in proceedings that were not suits at common law").

Second, appeals for a bench trial have second-class status when compared to appeals for a jury trial. Courts protect the Constitutional right to a jury trial with the ability to seek immediate mandamus relief when a jury demand is struck. *See Beacon Theaters*, 359 U.S. at 511 ("we think the right to grant mandamus to require jury trial where it has been improperly denied is settled"); *Federal Practice & Procedure* §2322. Courts do not grant the same appellate rights to parties that lose a motion to strike a jury demand because, again, there is no constitutional right to a bench trial. *See Federal Practice & Procedure* §2322.

Third, the substantive claims at issue during Alabama's compensatory trial will not change, regardless of whether a judge or jury decides them. So, the success or failure of BP's appeal would have little to no affect on the scope of discovery or trial.

## II. BP Fails to Meet §1292(b)'s Criteria for an Interlocutory Appeal.

Section 1292(b) allows the Court to certify an order for interlocutory appeal if the Court "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." BP fails to meet this standard.

### A. Opinions Are Unanimously in Favor of an OPA Claimant's Right to a Jury Trial.

No matter how finely BP parses the Court's opinion, BP cannot find a substantial difference of opinion that warrants an interlocutory appeal.

1. *OPA's Jury Right*: Four out of four courts have now held that OPA claimants are entitled to a jury trial. *See South Port Marine, LLC v. Gulf Oil Ltd. P'ship,* 234 F.3d 58, 62, 64 (1st Cir. 2000); *In re Oil Spill by the Oil Rig Deepwater Horizon*, 2015 WL 1468216 (E.D. La

Mar. 30, 2015); *United States v. Viking Res., Inc.*, 607 F. Supp. 2d 808, 832-33 (S.D. Tex. 2009); *Clausen v. M/V New Carissa*,171 F. Supp. 1127, 1135 (D. Or. 2001).

BP's ground for differing with this consensus is its claim that land-based injuries would have been tried in the English admiralty courts, rather than the English courts of law, in the late 18th Century. BP Motion at 8-9. But the Court thoroughly and correctly rejected BP's contention by citing Supreme Court precedent, leading admiralty treatises, and the British and American legislative acts that were necessary to extend admiralty jurisdiction to land-based injuries decades later. *See* Rec. Doc. 14347 at 13-15. BP fails to show new or "substantial grounds" that indicate every court has wrongly interpreted this overwhelming authority. 28 U.S.C. §1292(b).

2. *The Jury Right Post-Limitation*: Five out of five circuit courts, including the Fifth Circuit, have stated that limitation claimants are free to return home for a jury trial on damages once limitation is denied by a court sitting in admiralty. *See Narragansett Fishing Corp. v. F/V Bob n Barry*, 425 F.2d 733 (1st Cir. 1970); *In re Wood's Petition*, 230 F.2d 197, 199 (2nd Cir. 1956); *Pickle v. Char Lee Seafood*, 174 F.3d 444, 450 (4th Cir. 1999); *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960); *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937). BP fails to offer "substantial grounds" that indicate the Fifth Circuit will change its mind on this issue, particularly when every other circuit court agrees with it. 28 U.S.C. §1292(b).

3. *Alabama's Pleading*: Finally, BP recently admitted in its BELO reply brief that it does not/cannot question Alabama's pleading of federal question jurisdiction to secure a jury trial:

> In the Alabama action, it was undisputed that Alabama had complied with [the Fifth Circuit's decision in] *Luera* by alleging a maritime claim and separately alleging claims under the Oil Pollution Action [*sic*] of 1990 ("OPA") based on OPA's jurisdictional provision and federal question jurisdiction.

Rec. Doc. 14455 at 8-9. If it's "undisputed" that Alabama complied with Fifth Circuit precedent, there can be no "substantial ground for difference of opinion" that warrants interlocutory review.

**B. An Interlocutory Appeal on the Bench Trial Question Would Retard the Termination of Alabama's Compensatory Trial.**

Switching Alabama's compensatory trial from a jury trial to a bench trial would not "materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). First, switching to a bench trial would not substantively change the litigation. The same claims will be presented, and thus the same discovery must be taken, regardless of who decides the facts.

Second, granting an appeal on the jury trial issue would likely delay Alabama's compensatory trial—the antithesis of "advancing the termination of the litigation." *Id.* The Court's scheduling order presently has Alabama's compensatory damage claims ready for trial in April/May 2016 (*i.e.* 12 months from now). *See* Rec. Doc. 14258 at 4. We assume that, if the Court grants BP's motion, BP would seek a stay of Alabama's compensatory trial until the trier of fact is determined. It is doubtful that the jury trial issue could be certified by this Court and the circuit court, then briefed and decided by the circuit court (twice if *en banc* review is requested/granted), and then briefed and decided by the Supreme Court, all within 12 months.[1]

**III. The Court Should Not Send Appeals to the Fifth Circuit before Ruling on Alabama's Motion for Suggestion of Remand.**

As we just noted, the clearest downside to BP's motion is the likelihood that it will delay the commencement of Alabama's compensatory trial. But BP's request to send the jury trial issue up through the Fifth Circuit also highlights why Alabama has argued to push forward the date to file its motion for suggestion of remand: There may be future issues that will be appropriate for mandamus or interlocutory review, and those issues need to be decided by the circuit in which the trial will be held.

[1] Alabama pretermits a discussion of §1292(b)'s "controlling question of law" language because BP clearly fails to meet two other elements of the rule. Alabama reserves the right to argue that the jury trial issue is not a controlling question of law to the circuit court if this Court grants BP's motion.

1. While substantial deference is given, transferor circuit courts are not necessarily bound by the decisions of the transferee courts in MDL cases. *See Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation* §10:17 (4th ed. 2014); *Manual for Complex Litigation* §20.133 (4th ed. 2004). For example, the Fifth Circuit has granted pre-trial mandamus relief when its transferor district court failed to reconsider and overrule a Seventh Circuit MDL court's decision that conflicted with Fifth Circuit precedent. *See In re Ford Motor Company*, 591 F.3d 406 (5th Cir. 2009) (citing the *Multidistrict Litigation Manual* and *Manual for Complex Litigation*).

In this case, that means that the Parties could waste time and resources appealing issues to the Fifth Circuit, only to have those decisions subsequently vacated if they conflict with Eleventh Circuit precedent. So, the Court should be wary of allowing issues to be appealed to the Fifth Circuit if there is a reasonable probability that Alabama's case will be tried in the Eleventh Circuit.

2. Based on this Court's jury trial order, there is a reasonable probability that this case will be tried in the Eleventh Circuit. In *Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998), the Supreme Court unanimously held that 28 U.S.C. §1407(a) requires the JPML to remand all transferred claims back to the transferor district and that the failure to do so is reversible error.

BP told Magistrate Shushan that the "legal issues" to be briefed against the State's motion to suggest remand arise because "Alabama has already tried its case in the Eastern District of Louisiana. It filed the limitation and tried its case." *See* Rec. Doc. 14278 at 28 (Statement of Andrew Langan). But BP levied the same argument in its motion to strike Alabama's request for a jury trial, *see* Rec. Doc. 12345-1 at 13-18, and the Court rejected that argument:

> [I]t is the claimants' choice, not the vessel owner's, whether to remain in the limitation action. As the Fifth Circuit explained:

> …
>
> ***The claimants are the ones to determine whether such full relief from the admiralty is desired or needed. If they do not desire it, the admiralty court in its decree denying the right to limitation can make certain that they are free to pursue the petitioner in any other forum having requisite jurisdiction.***

Rec. Doc. 14347 (quoting *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960)). Because the Fifth Circuit precedent relied upon by the Court plainly states that Alabama is "free to pursue the petitioner in any other forum having requisite jurisdiction" once limitation is denied, *id.*, it is reasonably probable that this case will be tried within the Eleventh Circuit.

* * *

The risk of conflicting circuit rulings, and the corresponding delay(s), are avoidable if the Court rules on Alabama's motion for suggestion of remand before ruling on substantive issues that could necessitate mandamus or interlocutory review. Accordingly, in its upcoming motion for suggestion of remand, Alabama will ask the Court to suggest this case be remanded no later than the close of expert discovery, which immediately precedes the filing of motions for summary judgment, so that the arguments affecting the parties' claims and defenses will be decided under the law of the circuit in which the trial will be held. And Alabama stands ready to file its motion for suggestion of remand sooner than presently scheduled should the Court deem it beneficial.

## CONCLUSION

The Court should deny BP's motion to certify the jury trial issue for interlocutory appeal.

Respectfully submitted on April 29, 2015.

LUTHER J. STRANGE
*Attorney General*

/s/ Corey L. Maze
*Special Deputy Attorney General*

WINFIELD J. SINCLAIR
*Assistant Attorney General*

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Phone: (334) 242-7300
Email: cmaze@ago.state.al.us

Attorneys for the State of Alabama

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis/Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on April 29, 2015.

/s/ Corey L. Maze
COREY L. MAZE
*Special Deputy Attorney General*