UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| | * | |
| *All Cases* | * | MAGISTRATE SHUSHAN |
| | * | |

## ORDER

On April 14, 2015, the Court issued an Order stating its intent to deny forty-two motions (grouped into thirty categories) that appeared to be moot or premature. (Rec. Doc. 14419). The parties were instructed to file an objection by April 24 if they believed one or more motions were not moot or premature. The Court has received responses from Transocean (Rec. Doc. 14467), Halliburton (Rec. Doc. 14471), BP (Rec. Doc. 14474), and the Andry Law Firm (Rec. Doc. 14475).

**Transocean and Halliburton** filed similar responses concerning the motions appearing at Rec. Docs. 2941, 8105, 8106, 8120, 8267, 8268, 10281, 10548. They do not disagree with the Court's conclusions that these motions are presently moot by virtue of the Court's prior rulings; they merely note that one or more of these motions may become "live" again at some point in the future, if, for example, a prior ruling by this Court that mooted a motion is overturned on appeal. In light of that possibility, Transocean and Halliburton request these motions be denied without prejudice so they may re-urge them should the need arise.

The Court will make clear that motions denied for mootness or prematurity are without prejudice and may be re-raised if future circumstances warrant.

**BP** objects to two motions being denied as moot. The first concerns Transocean's Motion for Partial Judgment on the Pleadings as to Claims Based on Subsurface Discharge of Oil. (Rec. Doc. 8106). As the name suggests, this motion was filed by Transocean, not BP. Nevertheless, BP "objects to the Court's proposed dismissal of Transocean's Motion as moot and requests that the Court address BP's arguments in opposition to that motion or otherwise make clear that BP's arguments in its May 20, 2013 opposition brief have been overruled so that such a ruling would become part of the record concerning the Court's resolution of Transocean's Motion." (Rec. Doc. 14474 at 3).

Transocean argued in its motion that it could not be liable for subsurface pollution because the Court held in 2012 that it was liable under OPA only for pollution originating at the water's surface. This motion is moot because the Court subsequently held that the contractual release and indemnity between Transocean and BP was valid and enforceable. (*See* Rec. Doc. 13381-1 ¶ 585). Thus, if Transocean's argument is incorrect, Transocean still would not be liable for subsurface pollution because the release and indemnity shifts liability to BP. Consequently, there currently is no reason to address the merits of Transocean's motion or BP's opposition to same. BP's objection to mootness (not to be confused with BP's opposition to Transocean's motion) is overruled. If Transocean's motion should become live again (e.g., if the Court's ruling regarding the enforceability of the release and indemnity is overturned on appeal and Transocean re-urges its arguments in Rec. Doc. 8106), then BP may re-urge its opposition to that motion.

BP's second objection concerns a document styled "Objection to Magistrate Judge's Order Striking BP's November 7, 2013 Notice of Filing." (Rec. Doc. 11891). On November 7, 2013, BP filed in the Court's record one letter and two declarations it had sent to the Claims Administrator

2

for the Court Supervised Settlement Program ("CSSP") concerning the "matching" of profits and revenues for Business Economic Loss claims. (Rec. Doc. 11825). The next day the Magistrate Judge ordered that the filing be struck from the record. On November 22, BP filed the objection at issue. (Rec. Doc. 11891). BP asserts that its objection is not moot because the stricken documents "may be pertinent to any future arguments raised in this Court or on appeal in connection with the [CSSP] implementation of the [Economic Settlement] . . . and, in particular, Policy 495 involving the matching of revenue and expenses for business economic loss claims." (Rec. Doc. 14474 at 3). BP points out that Class Counsel recently appealed the Court's Order adopting Policy 495, and "BP therefore may wish to cite to and rely on the materials at issue in BP's Objection to Magistrate Judge's Order Striking BP's November 7, 2013 Notice of Filing to respond to Class Counsel's recent appeal, as well as in other future motions and/or appeals involving the implementation of the Settlement Agreement." (*Id.* at 4).

BP and Class Counsel were provided opportunities to submit documents to the Court and the Claims Administrator on the matching issue. The Claims Administrator compiled these documents into a singular filing (Rec. Doc. 12589), which the Court referenced in its Order of May 5, 2014, adopting Policy 495. (Rec. Doc. 12817 at 1 n.1). Therefore, assuming BP is correct that its objection of November 22, 2013 is not moot, the Court finds that BP's November 7, 2013 filing was properly struck from the record. Accordingly, the Court will overrule BP's Objection to the Magistrate Judge's Order Striking BP's November 7, 2013 Notice of Filing (Rec. Doc. 11891).

**The Andry Law Firm** argues in its objection that its Motion to Release Hold on Payment to the Andry Law Firm (Rec. Doc. 12277) is not moot. After considering the Andry Law Firm's objection, the Court will deny the motion as set forth below.

Accordingly,

IT IS ORDERED that the following motions are DENIED AS MOOT:

- Halliburton's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Under Rule 12(b)(6) (re: Karl Rhodes, No. 10-1502) (Rec. Doc. 1176)

- Halliburton's Motion to Dismiss Plaintiff's Petition for Failure to State a Claim Under Rule 12(b)(6) (re: Carl Lavergne, No. 10-4211) (Rec. Doc. 1181)

- Anadarko and MOEX's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) (re: Karl Rhodes, No. 10-1502) (Rec. Doc. 1219)

- Plaintiff Buddy Trahan's Motions to Remand (re: 11-263) (Rec. Docs. 1900 & 5791)

- Halliburton's Motion to Dismiss BP's Fraud and Fraudulent Concealment Claims in BP's Cross-Complaint and Third-Party Complaint (Rec. Doc. 2941)

- Plaintiffs' Supplemental Brief in Support of Supervision Over the BP Interim Claims Process (Rec. Doc. 3423)

- Hoi Nguyen's Motion for Partial Summary Judgment on the Issue of Liability for Breach of Master Vessel Charger Agreement, Vessel of Opportunity Program (re: VoO Contract Disputes) (Rec. Doc. 4035)

- BP's Motion to Strike the Affidavits of Phillip Levine, Jr. and Barry Rogers (re: VoO Contract Disputes) (Rec. Doc. 4609)

- Plaintiffs' Motion for Leave to File Supplemental Opposition to BP's Motion to Exclude Phase Two Evidence from the Phase One Trial (Rec. Doc. 5302)

- Plaintiff Rhonda Burkeen's Motions to Remand (re: 10-4427) (Rec. Docs. 6298, 11815)

- Motion by Certain Commercial Fishermen to Amend the Definition of the Benchmark Period under the Shrimp Compensation Plan in the Economic and Property Damages Settlement Agreement (Rec. Doc. 6371)

- BP's Motion (letter brief) to Compel Halliburton to Comply with the Court's Order of January 20, 2012 Regarding BP's Motion for Spoliation Sanctions (Rec. Doc. 6449)

- Reynaldo Abreu, et al.'s Motion for Clarification of Time Allotted for Objectors' Counsel at Fairness Hearing (Rec. Doc. 7714)

- Transocean's and Halliburton's Rule 12(c) or 56 Partial Motions as to Punitive Damages (Rec. Docs. 8105, 8267)

- Transocean's Rule 12(c) Partial Motion as to Claims Based on Subsurface Discharge of Oil (Rec. Doc. 8106)

- Transocean's and Halliburton's Rule 12(c) or 56 Partial Motions as to Claims Assigned under Settlement Agreement (Rec. Docs. 8120, 8268, 10281, 10548)

- Transocean's, BP's, and Halliburton's Motions to Add Exhibits to Phase One Trial Exhibit List (Rec. Docs. 8223, 8225, 8228)

- Andry Lerner, L.L.C.'s and Ethan J. Cheramie's Motions to Lift Stay, etc., of Andry Lerner Clients' (or former clients) Claims (Rec. Docs. 11022, 11311, 11459)

- Russell Hayden's Motion to Remand (re: Nos. 13-5234, 13-5235) (Rec. Docs. 11186, 11187)

- Class Counsel's Motion to Strike Unsubstantiated Exhibits and to Contest Misstatements Concerning Specific Claims (Rec. Doc. 11989)

- Van Tang d/b/a/ Cho Saigon's Motion to Seal Court Records (Rec. Doc. 12002)

- Lionel H. Sutton, III's Motion to Dismiss Pursuant to Rule 12(b) (re: Special Master's Motion for Return of Payments to Casey Thonn, et al) (Rec. Doc. 12339)

- Coastal Claims Group, LLC's Motion For Leave to File Response to Motion of the Special Master (Rec. Doc. 12423)

- Christine Reitano's Motion for Leave to File Supplement to Christine Reitano's Submission (Rec. Doc. 13535)

- BP's Motion to Enjoin Implementation of Policies Tainted by the Claims Administrator's Prior Representation (Rec. Doc. 13575)

- BP's Motion to Unseal the McGladrey Contract (Rec. Doc. 13869) and Motion Seeking Production of the McGladrey LLP Work Papers and Related Relief (Rec. Doc. 13870)

IT IS FURTHER ORDERED that the following motions are DENIED AS PREMATURE:

- Defendants Mikal Watts and Watts Guerra LLP's Motion to Extend Deadline to File Responsive Pleadings (re: 13-6674) (Rec. Doc. 12234)

- Defendant Carr, Riggs & Ingram, L.L.C.'s Motion for Extension of Time Within Which to File Responsive Pleadings (Rec. Doc. 13391)

The above denials for mootness or prematurity are without prejudice. A party may re-urge its motion if future circumstances warrant.

IT IS FURTHER ORDERED that BP's Objection to Magistrate Judge's Order Striking BP's November 7, 2013 Notice of Filing (Rec. Doc. 11891) is OVERRULED.

IT IS FURTHER ORDERED that the Andry Law Firm, L.L.C.'s Motion to Release Hold on Payment to the Andry Law Firm (Rec. Doc. 12277) is DENIED in light of the Order of February 26, 2015 (Rec. Doc. 14221), which lifted the stay and remanded the claim to the Claims Administrator for further processing.

New Orleans, Louisiana, this 29th day of April, 2015.

_____
United States District Judge