UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL 2179<br><br>Section J |
| This Document Applies to: | : : | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : : : | Mag. Judge Shushan |

UPDATE TO THE COURT

COMES NOW the Claims Administrator, Patrick A. Juneau, appointed by the court in its Preliminary Approval Order of May 2, 2012, Rec. Doc. 6418, and confirmed by the Court in its Order and Judgment Granting Final Approval of Economic and Property Damages Settlement on December 21, 2012, Rec. Doc. 8138, to provide the Court with an update concerning matters that have arisen during the course to date of the Claims Administrator's implementation and administration of the Settlement Agreement.

A. Background

In the Settlement Agreement as Amended on May 2, 2012, the Court ordered that the Claims Administrator shall faithfully implement and administer the Settlement, according to its terms and procedures, for the benefit of the Economic Class, consistent with the Settlement Agreement, and/or as agreed to by the Parties, and/or as approved by the Court. See Settlement Agreement, Rec. Doc. 6430 ¶ 4.3.1. The Court further ordered that the Claims Administrator may engage in supervision and oversight activities designed to ensure the implementation and integrity of the overall Settlement Program. See Settlement Agreement, Rec. Doc. 6430, ¶ 4.3.10.

`Case 2:10-md-02179-CJB-DPC   Document 14514   Filed 05/01/15   Page 2 of 5`

Pursuant to the Order of July 2, 2013, Rec. Doc. 10564, the Court directed Special Master Louis J. Freeh to investigate and seek repayment of fraudulent claims submitted to the Deepwater Horizon Economic Claims Center ("DHECC").  As of March 31, 2015, under Court supervision, this process and responsibility transitioned solely to Claims Administrator, Patrick A. Juneau.

In the course of the Claims Administrator's investigations, issues have arisen that will require the Claims Administrator to seek complete, relevant and necessary information from third parties in a timely manner.  For example, statements and certain communications of claimants are relevant to the Claims Administrator's investigations.  The Claims Administrator will also need to obtain pertinent documents to corroborate claimant information in the course of his investigations.  Further, the financial dealings of claimants will more than likely be relevant to this inquiry.  Evidence relevant to these issues is held by third parties, who, upon information and belief, will provide the complete, relevant and necessary information in a timely manner only upon receipt of a subpoena.

B.  Power of Claims Administrator to Issue Subpoenas

Presently, the Special Master derives his power to issue subpoenas based on the July 2, 2013 Order, the powers provided to a Special Master under Rule 53 of the Federal Rules of Civil Procedure and the inherent powers of the Court.  As the investigation and responsibility of seeking repayment of fraudulent claims transitions from the Special Master to the Claims Administrator, the Settlement Agreement as amended on May 2, 2012 and subsequent orders provide the Claims Administrator the authority to issue subpoenas, with similar broad authority granted to the Special Master.[1]

---

[1] "The Settlement Program and Claims Administrator are subject to this Court's continuing and exclusive jurisdiction." Order December 21, 2012, (Rec. Doc. 8138, p. 9)
`- 2 -`

On September 6, 2013 the Court ordered the Special Master to undertake duties in addition to those ordered on July 2, 2013; among the additional duties listed is the initiation of legal action to "clawback" any payment of fraudulent claims. Specifically, this Court ordered the Special Master to examine and investigate this legal action "in conjunction" with the Claims Administrator.[2] Preparing for the transition of operations from the Special Master to the Claims Administrator, the two have worked jointly through the clawback process, conjunctively invoking authority delineated to the Special Master through Rule 53 and the Claims Administrator's duty to maintain the integrity of the Settlement Agreement.

As the now sole facilitator and investigatory entity of the Court mandated clawback process, the Settlement Agreement specifically contemplates bestowing upon the Claims Administrator equivalent authority as that given to the Special Master to investigate fraudulent activity, invoking necessary activities and process to maintain the integrity of the overall settlement process, including but not limited to "conducting any interviews and obtaining any document the Claims Administrator deems necessary." See Settlement Agreement Rec. Doc. 6430, at Ex. 8A n. 40; Ex. 8D n. 5, Ex. 8E ¶ 6; Ex. 10 n. 16.

### C. Subpoenas Need Not Be Served on Parties

In general, under the Federal Rules of Civil Procedure, before a subpoena commanding production of documents or stored information is served "a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). The rules direct that this service requirement for discovery paper applies "unless the court orders otherwise." Fed. R. Civ. P. 5(a)(1)(C).

---

[2] In addition to examination and investigation of "conflicts of interest by parties involved in CSSP," the September 6, 2013 Order provides: "In conjunction with the Claims Administrator's Office, the Special Master shall...initiate legal action to "clawback" the payment of any fraudulent claims; and do this in a manner which does not delay or impede the payment of legitimate claims. (Rec. Doc. 11288 at pp. 2-3)

- 3 -

The rules provide latitude for the Special Master to take all "appropriate" measures to perform the assigned tasks fairly and efficiently, and exercise the Court's power to compel, take and record evidence. Fed. R. Civ. P. 53(c)(1)(B)-(C). As the Claims Administrator will be undertaking certain responsibilities of the Special Master, it now seeks to maintain the same performance as the Special Master. Among a district court's power is the authority to allow filings under seal. Fed. R. Civ. P. 5.2(d).

Serving notice of the subpoenas to parties could impair the integrity of the Claims Administrator's investigation by prematurely revealing the Claims Administrator's investigative strategy and scope of review.

The Claims Administrator will maintain copies of all subpoenas served and provide notice to the Court when subpoenas are issued.

### D. Conclusion

For these reasons, the Claims Administrator seeks Court approval of his intention to issue subpoenas seeking specific information relevant to the Claims Administrator's investigations. The Claims Administrator intends to serve these subpoenas without notice or copies to any party in this matter.

Respectfully submitted,

   /s/ Patrick A. Juneau_____
Patrick A. Juneau
Claims Administrator
945 Gravier Street, Suite 1905
New Orleans, LA 70112
Phone: 504-934-4999
Email: pjuneau@dheclaims.com

Dated:  May 1, 2015

**CERTIFICATE OF SERVICE**

I hereby certify this 1st day of May, 2015, that a copy of the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

   /s/  Patrick A. Juneau_____

Patrick A. Juneau
Claims Administrator