UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-970 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**CLASS COUNSEL'S COMMENTS WITH RESPECT TO**
**THE CLAIMS ADMINISTRATOR'S UPDATE TO THE COURT**

Appointed Class Counsel, on behalf of Claimants in the Court-Supervised Settlement Program and the Economic & Property Damages Settlement Class, respectfully submit the following comments regarding the May 1, 2015 Update to the Court[1] provided by the Claims Administrator:

**MAY IT PLEASE THE COURT:**

Class Counsel fully support any and all reasonable efforts on the part of the Claims Administrator and the Court to prevent the payment of fraudulent claims. The small minority of Claimants who may have intentionally submitted forged or altered documents or knowingly made false statements with the intent to deceive the Settlement Program should not be compensated with respect to those Settlement Program Claims. Class Counsel, of course, defer to the Court and to the Claims Administrator to best determine how to appropriately ensure that such fraudulent claims, if any, do not get paid. At the same time, Class Counsel desire to provide the Court with additional background, for the Court's consideration:

---
[1] Rec. Doc. 14514.

1

First, it is important to remember that, in connection with the Macondo incident, BP:

- Pleaded guilty to Obstruction of Congress;[2]

- Consented to Securities Fraud Violations;[3] and,

- Was determined by this Court to have "patently" lied in its Accident Investigation Report.[4]

Second, and despite BP's representations and warranties in Section 9.1 of the Settlement Agreement,[5] BP has engaged in a massive advertising campaign to deter the filing and pursuit of Settlement Program Claims, which intentionally conflates what may have transpired in BP's own Gulf Coast Claims Facility (GCCF) with isolated findings from the separate and distinct Court-Supervised Settlement Program,[6] and greatly exaggerates the total incidence of "fraud" when compared to the overall volume and magnitude of legitimate claims.[7]

With respect to the investigation of alleged or potential "fraud" by Claimants in the Court-Supervised Settlement Program, Class Counsel and other attorneys representing Claimants in the Program have raised questions with the Special Master and others about whether such investigations have been unnecessarily overbroad, inefficient, expensive, adversarial, and otherwise inconsistent with the nature, spirit or terms of the Settlement Agreement.

---

[2] *See United States v. BP,* No. 12-292, Rec. Doc. 2-1 (E.D. La. Nov. 15, 2012).

[3] *See SEC v. BP p.l.c.,* No. 12-2774, Rec. Docs. 1, 2 (E.D. La. Nov. 15, 2012).

[4] *See* FINDINGS AND CONCLUSIONS – PHASE ONE TRIAL [Rec. Doc. 13381-1] (Sept. 9, 2014), pp.71-72, ¶¶278-280.

[5] "Communications by or on behalf of the Parties and their respective Counsel regarding this Agreement with the public and media shall be made in good faith, shall be consistent with the Parties' agreement to take all actions reasonably necessary for preliminary and final approval of the Settlement…." *See* SETTLEMENT AGREEMENT, Section 9.1; (*see also* Sections 16.1 and 17.1 (in which BP promised and agreed to support and defend the settlement through final approval and on appeal)).

[6] *See, e.g.,* BP Corporation North America's "State of the Gulf" Website: "The Whole Story" https://www.thestateofthegulf.com/the-whole-story/fraud-tally/ ("The Fraud Tally tracks reported instances of fraud … by three claims facilities – the BP Claims Program, the Gulf Coast Claims Facility and the Court-Supervised Settlement Program") (last visited: May 2, 2015).

[7] *See generally* **"FRAUDULENT" BP CLAIMS PAYMENTS REPRESENTS LESS THAN 1% OF ALL CLAIMS** (Nov. 3, 2014) (sources cited therein) (included herewith as *in globo* Exhibit "A").

2

For the Court's reference and consideration, Class Counsel respectfully submit:

- Memo to Special Master Freeh and the Claims Administrator re Investigations of Alleged / Potential "Fraud" (Oct. 6, 2014);[8]

- E-Mail to Special Master Freeh re Potential "Fraud" Investigations re Claims with Alleged "Alternative Causation" (March 5, 2015);[9]

- Memo to Mr. Welker re Subsistence and Other "Fraud" Investigations (March 12, 2015);[10]

- Memo to Special Master Freeh re *Ex Parte* Communications from BP re Individual Claimants or Claims (March 12, 2015);[11] and,

- Memo to the Claims Administrator re Processing Issues (April 1, 2015), at pp.4-5.[12]

Over the course of this litigation, BP and its counsel have made arguments, statements, filings and other submissions to the Claims Administrator, to the Medical Claims Administrator, to Settlement Program Appeal Panelists, to the District Court, to the U.S. Fifth Circuit of Appeals, and to the U.S. Supreme Court, which – although, at times, seemingly inconsistent with prior BP statements, agreements, and representations, or otherwise arguably unsupported by the record – have been generally accepted as zealous advocacy, to defend and advance the due process rights and interests of the BP Defendants.

At the same time, and as expressed in Class Counsel's April 1, 2015 Memo to the Claims Administrator:

> The overwhelming majority of lawyers representing Claimants in the Settlement Program are doing their best to advocate for the rights and the interests of their clients in an honest, ethical and professional way. When an issue regarding a Claimant represented by counsel is identified

---

[8] Exhibit "B".

[9] Exhibit "C".

[10] Exhibit "D".

[11] Exhibit "E".

[12] Exhibit "F".

by the Settlement Program, the attorney should be advised of the specific issue or issues in question. He or she will likely, in virtually every circumstance, investigate the situation, and respond to the Program in accord with his or her ethical and professional obligations. In many cases, he or she will provide the Program with helpful clarification, explanation, and/or supplemental documentation. In many cases, he or she will amend, or perhaps even withdraw entirely, a Claim or Claims. In some cases, he or she may be required to withdraw from representation. The Program will, of course, remain free, at that point, to interview the Claimant, or to conduct any other further investigation deemed necessary and appropriate. But any such interviews or other further investigations will likely be more focused. And, in virtually all cases, the Program will be a lot closer to a final disposition of the potential "fraud" issue and/or final Claim Determination.

The experience and perception of many of the Claimants' lawyers is that the "fraud" investigations have seemed unduly adversarial, and inefficient, with potentially relevant documents, information, suspicions and/or allegations withheld from the Claimants and their attorneys throughout much, if not all, of the process.

By extending appropriate courtesy and respect to Claimants' counsel, and enlisting them at the outset to assist the Program in getting to the bottom of things, it would likely save the Program (and, indirectly, the BP Defendants) a lot of time, money and effort; save the Claimants, their attorneys, CPAs, friends, neighbors, family members, employers and/or employees a lot of time, money and effort; promote the general notions of fairness and due process; and be consistent with the nature, spirit and actual terms of the Settlement Agreement.[13]

On behalf of the Claimants in the Court-Supervised Settlement Program, and the Economic & Property Damages Settlement Class, we appreciate the Court's and the Claims Administrator's time and consideration in this matter.

Respectfully submitted,

|  /s/   Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |

---

[13] Memo to the Claims Administrator re Processing Issues (April 1, 2015) (Exhibit "F"), at pp.4-5.

New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhkc.com
*Co-Lead Class Counsel*

Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com
*Co-Lead Class Counsel*

## CLASS COUNSEL
## FOR THE ECONOMIC & PROPERTY DAMAGES CLASS

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &

Robert T. Cunningham  
CUNNINGHAM BOUNDS, LLC  
1601 Dauphin Street, P. O. Box 66705  
Mobile, AL  36660  
Office:  (251) 471-6191  
Telefax: (251) 479-1031  
E-Mail:  rtc@cunninghambounds.com  

Alphonso Michael "Mike" Espy  
MORGAN & MORGAN, P.A.  
188 East Capitol Street, Suite 777  
Jackson, MS 39201  
Office: (601) 949-3388  
Telefax: (601) 949-3399  
E-Mail:  mike@mikespy.com  

Calvin C. Fayard, Jr.  
FAYARD & HONEYCUTT  
519 Florida Avenue, SW  
Denham Springs, LA  70726  
Office:  (225) 664-4193  
Telefax: (225) 664-6925  
E-Mail:  calvinfayard@fayardlaw.  

Ervin A. Gonzalez  
COLSON HICKS EIDSON  
255 Alhambra Circle, Penthouse  
Coral Gables, FL 33134  
Office: (305) 476-7400  
Telefax: (305) 476-7444  
E-Mail:  ervin@colson.com  

Joseph F. Rice  
MOTLEY RICE LLC  
28 Bridgeside Blvd.  
Mount Pleasant, SC 29464  
Office: (843) 216-9159  
Fax No. (843) 216-9290  
E-Mail: jrice@motleyrice.com  

ABRAMSON  
601 Poydras Street, Suite 2615  
New Orleans, LA  70130  
Office:  (504) 588-1500  
Telefax:  (504) 588-1514  
E-Mail:  sterbcow@lksalaw.com  

Scott Summy  
BARON & BUDD, P.C.  
3102 Oak Lawn Avenue, Suite 1100  
Dallas, TX  75219  
Office:  (214) 521-3605  
Telefax: (214) 599-1172  
E-Mail:  ssummy@baronbudd.com  

Conrad S.P. "Duke" Williams  
WILLIAMS LAW GROUP  
435 Corporate Drive, Suite 101  
Maison Grand Caillou  
Houma, Louisiana 70360  
Office: (985) 876-7595  
Fax No. (985) 876-7594  
E-Mail: duke@williamslawgroup.org  

6

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Comments have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of May, 2015.

/s/  James Parkerson Roy and Stephen J. Herman