# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010<br><br>This document relates to:<br>Case No. 2:11-CV-03180 | MDL NO. 2179<br><br>SECTION: J<br><br>Honorable Carl J. Barbier<br><br>Magistrate Judge Shushan |

### DECLARATION OF VERNON ERNEST ALFONSO, JR.

1. I have personal knowledge regarding the facts surrounding the claims that I submitted to the Deepwater Horizon Economic Claims Center (the "DHECC") in my efforts to obtain compensation for the losses that I suffered in the aftermath of the *Deepwater Horizon* oil spill that devastated the Gulf of Mexico in April 2010.

2. My livelihood is commercial fishing, and I have been a full-time shrimper for many years. I began fishing for shrimp with my father and grandfather before I entered high school. After I graduated from high school, I chose to become a shrimper as my career, and I have been a commercial fisherman ever since.

3. In 2005, Hurricane Katrina damaged my fishing boat and destroyed my home. Afterward, due to the damage to my boat, I could not fish full-time. I also needed extra income to rebuild my home. I supplemented my income from commercial fishing by taking additional jobs in the offseason. I worked construction during the months before the shrimp season opened,

US.55949890.04

and I continued working construction jobs part-time until April 2010. In particular, I worked for R & M Construction.

4. In 2006, I also worked for Frank & Son Boat Rental, Inc. ("Frank & Son"). Frank & Son is owned by my aunt and uncle. Companies involved in the offshore oil industry hire Frank & Son vessels to transport equipment. I worked for Frank & Son using my shrimp boat. In 2006, my boat was hired to transport equipment used in seismic testing done by offshore oil companies. Frank & Son charges its customers a daily rate. When I worked for customers on behalf of Frank & Son, customers paid Frank & Son directly. Frank & Son then paid me based on the work that I performed.

5. Frank & Son did not always pay me immediately after I performed work for Frank & Son. Instead, I allowed some of the money that I earned through Frank & Son work to accumulate in the Frank & Son account. I requested payment from Frank & Son only when I needed money. Occasionally, my wife, MaryAnn Alfonso, requested payment on my behalf. This allowed me to save money earned through Frank & Son work in its account, and I also paid taxes on the payments when I received the money. Because I did not need the money at that time, I left much of the funds in the Frank & Son account, knowing that I could save it there for later use.

6. I worked for Frank & Son for only two days in 2007, and I did not work for Frank & Son in 2008 or 2009.

7. The *Deepwater Horizon* oil spill was a disaster that directly impacted me and threatened the future of my business. I fish in Breton Sound, an area that was heavily oiled during the spill and also polluted by dispersants. My shrimping grounds were closed to fishing in 2010, and

people remained afraid to eat seafood from that area for years afterward. I have suffered significant losses as a result of the oil spill, as well as profound concern over my livelihood.

8.  In August 2010, I filed a commercial fishing claim with the Gulf Coast Claims Facility (the "GCCF"). At that time, I did not have an attorney. In support of my GCCF claim, I submitted my tax returns, which included a Schedule C form showing my income for 2009. My accountant, Peggy Flowers, has prepared my taxes for many years, including the Schedule C form for 2009 and other years. That Schedule C included all of my income on one form. The income included both fishing and construction revenue that I received that year. Attached as Exhibit 1 is a true and correct copy of the Schedule C that I originally submitted to the GCCF with my aggregated income.

9.  Because my Schedule C aggregated fishing and non-fishing income, the GCCF requested that I submit a new Schedule C for 2009 showing only fishing income. In response, I asked Ms. Flowers to prepare revised Schedule C forms for 2009. I explained what the GCCF requested and asked her to separate fishing and non-fishing income on the revised Schedule C forms. I did not provide Ms. Flowers with any additional guidance about what to include in the Schedule C forms and trusted her to prepare accurate forms. At that time, I knew that the revised Schedule C forms would need to separate construction income from my fishing income, but I do not recall giving any thought to payments from Frank & Son that had been received in 2009.

10. Ms. Flowers forwarded revised Schedule C forms to me shortly after our conversation. She sent the revised tax forms to me electronically. I did not discuss the details of the Schedule C forms with her, other than to inquire whether the forms needed to be filed with the IRS. Ms. Flowers explained that the new forms did not need to be filed because they did not change my taxable income or alter my tax liability. Attached hereto as Exhibit 2 is a true and correct copy

3

of the 2009 Schedule C prepared by Ms. Flowers to show my fishing income (the "Fishing Schedule C"). Attached hereto as Exhibit 3 is a true and correct copy of the 2009 Schedule showing my non-fishing income.

11. I submitted the revised Schedule C forms to GCCF. I do not recall reviewing the details of the revised tax documents before submitting the forms to GCCF. I had no idea that the Fishing Schedule C included payments from Frank & Son. Ms. Flowers made the decision to include Frank & Son payments on the revised Schedule C for commercial fishing. I did not tell her to do so, I did not discuss that decision with her, and I did not know she had done so until the Special Master's investigation raised the issue.

12. When I asked Ms. Flowers to prepare revised Schedule C forms for the GCCF, the DHECC and the Settlement Agreement did not exist. I had no idea how the GCCF might calculate my compensation, and I did not give any thought to trying to maximize my fishing income in 2009. I did not know that the DHECC would subsequently rely on my tax returns to determine benchmark revenue for the purpose of calculating my claims. In any case, I believed that the Fishing Schedule C included only fishing income. I did not intend to identify Frank & Son revenue as fishing income and had no knowledge that the revised Schedule C forms did so.

13. In 2012 and 2013, I filed several claims with the DHECC, including two Seafood Compensation claims. Given the rules set forth in the Settlement Agreement, my claims relied on the revised Schedule C forms that I had submitted to the GCCF. I still had no knowledge that the Schedule C form for fishing income included payments from Frank & Son.

14. I did not realize that my revised Schedule C for fishing revenue included payments from Frank & Son until years later. In late 2014, the Special Master contacted my lawyer. At that time, I learned that the Special Master had issued a subpoena to Ms. Flowers, and her accounting

4

US.55949890.04

software identified payments from Frank & Son on the Fishing Schedule C. I did not know why Ms. Flowers' records suggested that Frank & Son had paid me in 2009, because I knew that I did not work for Frank & Son in that year. Before the Special Master contacted my lawyer, I had not given any thought to whether Frank & Son payments had been reported on my 2009 taxes and which revised Schedule C included it. When I asked Ms. Flowers to prepare new, separate Schedule C forms in 2010, I did not remember having received payments from Frank & Son in 2009.

15. I told the truth in my deposition on January 21, 2015. I testified accurately that I did not work for Frank & Son in 2009. I also testified accurately that I did not recall why my records and those of Ms. Flowers suggested that I received income from Frank & Son in 2009. I did not recall having received Frank & Son payments in 2009 for work I had performed in earlier years. I brought my bank statements to the deposition. The Special Master asked me about several unexplained deposits into my accounts in 2009, and I truthfully testified that I did not know the source of the payments.

16. I had no reason to lie at my deposition. Prior to my deposition, I offered to resolve the Special Master's investigation by having my claim calculated solely based on trip tickets. By that time, I had confirmed that the revised fishing Schedule C was higher than my trip tickets and that it was mistakenly too high. While I did not understand the source of the mistake, I determined that it must have included non-fishing income. Whatever the source of the income, I knew then that I would not rely on the income to support my claim.

17. Following the deposition, I authorized the Special Master to contact Gulf Coast Bank to obtain deposit records showing the source of the unexplained deposits. I did this in an effort to cooperate with the Special Master's investigation and resolve any remaining questions about the

5

source of deposits. I learned that the 2009 deposits were from Frank & Son only after receiving the checks produced by the bank in response to the Special Master's subpoena.

18. I have never intentionally misrepresented my fishing income to the GCCF or the DHECC. The inclusion of Frank & Son payments on my revised Schedule C was a mistake that I did not know had occurred until the Special Master's investigation. That mistake was originally made by my accountant when preparing the revised Schedule C forms, and I had no knowledge that it had occurred. This mistaken inclusion of Frank & Son payments on the Fishing Schedule C may have resulted from a lack of communication between me and Ms. Flowers, but I never intended that she include Frank & Son payments on the Fishing Schedule C, and I did not know that she did so. I did not intentionally give false information to the GCCF or the DHECC, and I did not seek to defraud the GCCF or the DHECC. I have made every effort to cooperate truthfully and fully with the Special Master, and I have been willing to correct the mistake.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Vernon Ernest Alfonso, Jr.

5/4/15
Date

# EXHIBIT 1

| SCHEDULE C (Form 1040) | **Profit or Loss From Business** (Sole Proprietorship) | OMB No. 1545-0074 **2009** |
|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | ▶ Partnerships, joint ventures, etc., generally must file Form 1065 or 1065-B. ▶ Attach to Form 1040, 1040NR, or 1041.   ▶ See Instructions for Schedule C (Form 1040). | Attachment Sequence No. 09 |

| Name of proprietor | Social security number (SSN) |
|---|---|
| VERNON E ALFONSO | |

| A | Principal business or profession, including product or service (see page C-2 of the instructions) | B Enter code from pages C-9, 10, & 11 |
|---|---|---|
| | COMMERCIAL FISHERMAN & CONSTRUCTION | ▶ 114110 |
| C | Business name. If no separate business name, leave blank. | D Employer ID number (EIN), if any |
| E | Business address (including suite or room no.) ▶ | |
| | City, town or post office, state, and ZIP code | |
| F | Accounting method:   (1) [X] Cash   (2) [ ] Accrual   (3) [ ] Other (specify) ▶ | |
| G | Did you "materially participate" in the operation of this business during 2009? If "No," see page C-3 for limit on losses | [X] Yes   [ ] No |
| H | If you started or acquired this business during 2009, check here . . . . . . . . . . . . . . . . . . . . . ▶ [ ] | |

**Part I   Income**

| 1 | Gross receipts or sales. Caution. See page C-4 and check the box if: | | |
|---|---|---|---|
| | • This income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked, or | | |
| | • You are a member of a qualified joint venture reporting only rental real estate income not subject to self-employment tax. Also see page C-3 for limit on losses. ▶ [ ] | 1 | 73,064 |
| 2 | Returns and allowances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 | |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | 73,064 |
| 4 | Cost of goods sold (from line 42 on page 2) . . . . . . . . . . . . . . . . . . . | 4 | |
| 5 | Gross profit. Subtract line 4 from line 3 . . . . . . . . . . . . . . . . . . . . . | 5 | 73,064 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see page C-4) . . . . . . | 6 | |
| 7 | Gross income. Add lines 5 and 6 . . . . . . . . . . . . . . . . . . . . . . . ▶ | 7 | 73,064 |

**Part II   Expenses.** Enter expenses for business use of your home **only** on line 30.

| 8 | Advertising . . . . . . . | 8 | | 18 | Office expense . . . . . . . | 18 | |
|---|---|---|---|---|---|---|---|
| 9 | Car and truck expenses (see page C-4) . . . . . . . | 9 | 4,525 | 19 | Pension and profit-sharing plans | 19 | |
| | | | | 20 | Rent or lease (see page C-6): | | |
| 10 | Commissions and fees . . | 10 | | a | Vehicles, machinery, and equipment . | 20a | |
| 11 | Contract labor (see page C-4) | 11 | | b | Other business property . . . | 20b | |
| 12 | Depletion . . . . . . . | 12 | | 21 | Repairs and maintenance . . | 21 | 4,584 |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see page C-5) . . . . . . . | 13 | 2,379 | 22 | Supplies (not included in Part III) | 22 | 2,062 |
| | | | | 23 | Taxes and licenses . . . . . | 23 | 549 |
| | | | | 24 | Travel, meals, and entertainment: | | |
| | | | | a | Travel . . . . . . . . . . | 24a | |
| 14 | Employee benefit programs (other than on line 19) . . | 14 | | b | Deductible meals and entertainment (see page C-6) . | 24b | |
| 15 | Insurance (other than health) | 15 | | 25 | Utilities . . . . . . . . . | 25 | |
| 16 | Interest: | | | 26 | Wages (less employment credits) . . | 26 | |
| a | Mortgage (paid to banks, etc.) | 16a | | 27 | Other expenses (from line 48 on page 2) . . . . . . . . | 27 | 20,527 |
| b | Other . . . . . . . . . | 16b | | | | | |
| 17 | Legal and professional services . . . . . . . . | 17 | 350 | | | | |
| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27 . . . . . . . ▶ | | | | | 28 | 34,976 |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 . . . . . . . . . . . . . . . . . | | | | | 29 | 38,088 |
| 30 | Expenses for business use of your home. Attach **Form 8829** . . . . . . . . . . . . . . | | | | | 30 | |
| 31 | Net profit or (loss). Subtract line 30 from line 29. | | | | | | |
| | • If a profit, enter on both **Form 1040, line 12,** and **Schedule SE, line 2,** or on **Form 1040NR, line 13** (if you checked the box on line 1, see page C-7). Estates and trusts, enter on **Form 1041, line 3.** | | | | | 31 | 38,088 |
| | • If a loss, you **must** go to line 32. | | | | | | |
| 32 | If you have a loss, check the box that describes your investment in this activity (see page C-7). | | | | | | |
| | • If you checked 32a, enter the loss on both **Form 1040, line 12,** and **Schedule SE, line 2,** or on **Form 1040NR, line 13** (if you checked the box on line 1, see the line 31 instructions on page C-7). Estates and trusts, enter on **Form 1041, line 3.** | | | | | 32a [ ] | All investment is at risk. |
| | | | | | | 32b [ ] | Some investment is not at risk. |
| | • If you checked 32b, you **must** attach **Form 6198.** Your loss may be limited. | | | | | | |

For Paperwork Reduction Act Notice, see page C-9 of the instructions.   Schedule C (Form 1040) 2009
(HTA)

Schedule C (Form 1040) 2009   VERNON E ALFONSO   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   Page 2

### Part III — Cost of Goods Sold (see page C-8)

33. Method(s) used to value closing inventory: a ☐ Cost   b ☐ Lower of cost or market   c ☐ Other (attach explanation)

34. Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If "Yes," attach explanation. ☐ Yes ☐ No

35. Inventory at beginning of year. If different from last year's closing inventory, attach explanation | 35 |
36. Purchases less cost of items withdrawn for personal use | 36 |
37. Cost of labor. Do not include any amounts paid to yourself | 37 |
38. Materials and supplies | 38 |
39. Other costs | 39 |
40. Add lines 35 through 39 | 40 | 0
41. Inventory at end of year | 41 |
42. Cost of goods sold. Subtract line 41 from line 40. Enter the result here and on page 1, line 4 | 42 | 0

### Part IV — Information on Your Vehicle.
Complete this part only if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 on page C-5 to find out if you must file Form 4562.

43. When did you place your vehicle in service for business purposes? (month, day, year) ▶ _____

44. Of the total number of miles you drove your vehicle during 2009, enter the number of miles you used your vehicle for:
   a Business _____ b Commuting (see instructions) _____ c Other _____

45. Was your vehicle available for personal use during off-duty hours? ☐ Yes ☐ No
46. Do you (or your spouse) have another vehicle available for personal use? ☐ Yes ☐ No
47 a Do you have evidence to support your deduction? ☐ Yes ☐ No
   b If "Yes," is the evidence written? ☐ Yes ☐ No

### Part V — Other Expenses.
List below business expenses not included on lines 8–26 or line 30.

| Description | Amount |
|---|---:|
| BOAT FUEL DIESEL | 5,825 |
| ICE | 665 |
| TELEPHONE | 1,634 |
| GALLEY SUPPLIES | 2,867 |
| MATERIALS AND SUPPLIES | 8,858 |
| DRY DOCK | 222 |
| MISC | 456 |
| 48. Total other expenses. Enter here and on page 1, line 27 | 20,527 |

Schedule C (Form 1040) 2009

# EXHIBIT 2

| SCHEDULE C (Form 1040) | Profit or Loss From Business | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | (Sole Proprietorship) ▶ Partnerships, joint ventures, etc., generally must file Form 1065 or 1065-B. ▶ Attach to Form 1040, 1040NR, or 1041. ▶ See Instructions for Schedule C (Form 1040). | 2009 Attachment Sequence No. 09 |

| Name of proprietor | Social security number (SSN) |
|---|---|
| VERNON E ALFONSO | |

| A | Principal business or profession, including product or service (see page C-2 of the instructions) | B | Enter code from pages C-9, 10, & 11 |
|---|---|---|---|
| | COMMERCIAL FISHERMAN | ▶ | 114110 |

| C | Business name. If no separate business name, leave blank. | D | Employer ID number (EIN), if any |
|---|---|---|---|

| E | Business address (including suite or room no.) ▶ |
|---|---|
| | City, town or post office, state, and ZIP code |

| F | Accounting method: | (1) [X] Cash | (2) ☐ Accrual | (3) ☐ Other (specify) ▶ |
|---|---|---|---|---|
| G | Did you "materially participate" in the operation of this business during 2009? If "No," see page C-3 for limit on losses | | | [X] Yes ☐ No |
| H | If you started or acquired this business during 2009, check here . . . . . . . . . . . ▶ ☐ | | | |

### Part I Income

| 1 | Gross receipts or sales. Caution. See page C-4 and check the box if: | | |
|---|---|---|---|
| | • This income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked, or | | |
| | • You are a member of a qualified joint venture reporting only rental real estate income not subject to self-employment tax. Also see page C-3 for limit on losses. | ☐ | |
| | | 1 | 46,434 |
| 2 | Returns and allowances . . . . . . . . . . . . . . . . . . . . . | 2 | |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . | 3 | 46,434 |
| 4 | Cost of goods sold (from line 42 on page 2) . . . . . . . . . . . . . | 4 | |
| 5 | Gross profit. Subtract line 4 from line 3 . . . . . . . . . . . . . . | 5 | 46,434 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see page C-4) . . . | 6 | |
| 7 | Gross income. Add lines 5 and 6 . . . . . . . . . . . . . . . . ▶ | 7 | 46,434 |

### Part II  Expenses. Enter expenses for business use of your home only on line 30.

| 8 | Advertising | 8 | | 18 | Office expense | 18 | |
|---|---|---|---|---|---|---|---|
| 9 | Car and truck expenses (see page C-4) | 9 | 4,525 | 19 | Pension and profit-sharing plans | 19 | |
| | | | | 20 | Rent or lease (see page C-6): | | |
| 10 | Commissions and fees | 10 | | a | Vehicles, machinery, and equipment | 20a | |
| 11 | Contract labor (see page C-4) | 11 | | b | Other business property | 20b | |
| 12 | Depletion | 12 | | 21 | Repairs and maintenance | 21 | 4,584 |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see page C-5) | 13 | 2,379 | 22 | Supplies (not included in Part III) | 22 | 2,062 |
| | | | | 23 | Taxes and licenses | 23 | 549 |
| | | | | 24 | Travel, meals, and entertainment: | | |
| | | | | a | Travel | 24a | |
| 14 | Employee benefit programs (other than on line 19) | 14 | | b | Deductible meals and entertainment (see page C-6) | 24b | |
| 15 | Insurance (other than health) | 15 | | 25 | Utilities | 25 | |
| 16 | Interest: | | | 26 | Wages (less employment credits) | 26 | |
| a | Mortgage (paid to banks, etc.) | 16a | | 27 | Other expenses (from line 48 on page 2) | 27 | 20,527 |
| b | Other | 16b | | | | | |
| 17 | Legal and professional services | 17 | 350 | | | | |

| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27 . . . . . ▶ | 28 | 34,976 |
|---|---|---|---|
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 . . . . . . . . . . . . . . | 29 | 11,458 |
| 30 | Expenses for business use of your home. Attach Form 8829 . . . . . . . . . . . . | 30 | |
| 31 | Net profit or (loss). Subtract line 30 from line 29. | | |
| | • If a profit, enter on both Form 1040, line 12, and Schedule SE, line 2, or on Form 1040NR, line 13 (if you checked the box on line 1, see page C-7). Estates and trusts, enter on Form 1041, line 3. | 31 | 11,458 |
| | • If a loss, you must go to line 32. | | |

| 32 | If you have a loss, check the box that describes your investment in this activity (see page C-7). | | |
|---|---|---|---|
| | • If you checked 32a, enter the loss on both Form 1040, line 12, and Schedule SE, line 2, or on Form 1040NR, line 13 (if you checked the box on line 1, see the line 31 instructions on page C-7). Estates and trusts, enter on Form 1041, line 3. | 32a ☐ | All investment is at risk. |
| | • If you checked 32b, you must attach Form 6198. Your loss may be limited. | 32b ☐ | Some investment is not at risk. |

For Paperwork Reduction Act Notice, see page C-9 of the instructions.  
(HTA)                                                                 Schedule C (Form 1040) 2009

Schedule C (Form 1040) 2009  VERNON E ALFONSO  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  Page 2

### Part III Cost of Goods Sold (see page C-8)

33 Method(s) used to value closing inventory: a ☐ Cost  b ☐ Lower of cost or market  c ☐ Other (attach explanation)

34 Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If "Yes," attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

| | | |
|---|---|---|
| 35 Inventory at beginning of year. If different from last year's closing inventory, attach explanation | 35 | |
| 36 Purchases less cost of items withdrawn for personal use | 36 | |
| 37 Cost of labor. Do not include any amounts paid to yourself | 37 | |
| 38 Materials and supplies | 38 | |
| 39 Other costs | 39 | |
| 40 Add lines 35 through 39 | 40 | 0 |
| 41 Inventory at end of year | 41 | |
| 42 Cost of goods sold. Subtract line 41 from line 40. Enter the result here and on page 1, line 4 | 42 | 0 |

### Part IV Information on Your Vehicle. Complete this part only if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 on page C-5 to find out if you must file Form 4562.

43 When did you place your vehicle in service for business purposes? (month, day, year) ▶ ............................

44 Of the total number of miles you drove your vehicle during 2009, enter the number of miles you used your vehicle for:

a Business ........................ b Commuting (see instructions) ........................ c Other ........................

45 Was your vehicle available for personal use during off-duty hours? . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

46 Do you (or your spouse) have another vehicle available for personal use? . . . . . . . . . . . . . . . ☐ Yes ☐ No

47 a Do you have evidence to support your deduction? . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

b If "Yes," is the evidence written? . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

### Part V Other Expenses. List below business expenses not included on lines 8–26 or line 30.

| | |
|---|---|
| BOAT FUEL DIESEL | 5,825 |
| ICE | 665 |
| TELEPHONE | 1,834 |
| GALLEY SUPPLIES | 2,867 |
| MATERIALS AND SUPPLIES | 8,858 |
| DRY DOCK | 222 |
| MISC | 456 |
| | |
| 48 Total other expenses. Enter here and on page 1, line 27 . . . . . . . . . . . . . . . . 48 | 20,527 |

Schedule C (Form 1040) 2009

# EXHIBIT 3

| SCHEDULE C (Form 1040) | Profit or Loss From Business | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | (Sole Proprietorship) ▶ Partnerships, joint ventures, etc., generally must file Form 1065 or 1065-B. ▶ Attach to Form 1040, 1040NR, or 1041. ▶ See Instructions for Schedule C (Form 1040). | 2009 Attachment Sequence No. 09 |

| Name of proprietor | Social security number (SSN) |
|---|---|
| VERNON E ALFONSO | |

| A | Principal business or profession, including product or service (see page C-2 of the instructions) CONSTRUCTION | B | Enter code from pages C-9, 10, & 11 ▶ 238990 |
|---|---|---|---|
| C | Business name. If no separate business name, leave blank. | D | Employer ID number (EIN), if any |

E Business address (including suite or room no.) ▶
  City, town or post office, state, and ZIP code
F Accounting method: (1) [X] Cash  (2) [ ] Accrual  (3) [ ] Other (specify) ▶
G Did you "materially participate" in the operation of this business during 2009? If "No," see page C-3 for limit on losses  [X] Yes  [ ] No
H If you started or acquired this business during 2009, check here ▶ [ ]

### Part I   Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. Caution. See page C-4 and check the box if: • This income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked, or • You are a member of a qualified joint venture reporting only rental real estate income not subject to self-employment tax. Also see page C-3 for limit on losses. [ ] | 1 | 26,630 |
| 2 | Returns and allowances | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | 26,630 |
| 4 | Cost of goods sold (from line 42 on page 2) | 4 | |
| 5 | Gross profit. Subtract line 4 from line 3 | 5 | 26,630 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see page C-4) | 6 | |
| 7 | Gross income. Add lines 5 and 6 ▶ | 7 | 26,630 |

### Part II   Expenses. Enter expenses for business use of your home only on line 30.

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | Advertising | 8 | | 18 | Office expense | 18 |
| 9 | Car and truck expenses (see page C-4) | 9 | | 19 | Pension and profit-sharing plans | 19 |
| 10 | Commissions and fees | 10 | | 20 | Rent or lease (see page C-6): | |
| 11 | Contract labor (see page C-4) | 11 | | a | Vehicles, machinery, and equipment | 20a |
| 12 | Depletion | 12 | | b | Other business property | 20b |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see page C-5) | 13 | | 21 | Repairs and maintenance | 21 |
| | | | | 22 | Supplies (not included in Part III) | 22 |
| | | | | 23 | Taxes and licenses | 23 |
| | | | | 24 | Travel, meals, and entertainment: | |
| | | | | a | Travel | 24a |
| 14 | Employee benefit programs (other than on line 19) | 14 | | b | Deductible meals and entertainment (see page C-6) | 24b |
| 15 | Insurance (other than health) | 15 | | 25 | Utilities | 25 |
| 16 | Interest: | | | 26 | Wages (less employment credits) | 26 |
| a | Mortgage (paid to banks, etc.) | 16a | | 27 | Other expenses (from line 48 on page 2) | 27 |
| b | Other | 16b | | | | |
| 17 | Legal and professional services | 17 | | | | |

| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27 ▶ | 28 | 0 |
|---|---|---|---|
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 | 29 | 26,630 |
| 30 | Expenses for business use of your home. Attach Form 8829 | 30 | |
| 31 | Net profit or (loss). Subtract line 30 from line 29. • If a profit, enter on both Form 1040, line 12, and Schedule SE, line 2, or on Form 1040NR, line 13 (if you checked the box on line 1, see page C-7). Estates and trusts, enter on Form 1041, line 3. • If a loss, you must go to line 32. | 31 | 26,630 |
| 32 | If you have a loss, check the box that describes your investment in this activity (see page C-7). • If you checked 32a, enter the loss on both Form 1040, line 12, and Schedule SE, line 2, or on Form 1040NR, line 13 (if you checked the box on line 1, see the line 31 instructions on page C-7). Estates and trusts, enter on Form 1041, line 3. • If you checked 32b, you must attach Form 6198. Your loss may be limited. | 32a [ ] All investment is at risk. 32b [ ] Some investment is not at risk. | |

For Paperwork Reduction Act Notice, see page C-9 of the Instructions.
(HTA)                                                                                                   Schedule C (Form 1040) 2009