# EXHIBIT C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010<br><br>This document relates to:<br>Case No. 2:11-CV-03180 | MDL NO. 2179<br><br>SECTION: J<br><br>Honorable Carl J. Barbier<br><br>Magistrate Judge Shushan |

## DECLARATION OF JOYCE LOPEZ

1. I own and operate Frank & Son Boat Rental, Inc. ("Frank & Son") with my husband, Frank Lopez. I am making this declaration in connection with the Special Master's motion filed against Vernon Alfonso claiming that he submitted invalid claims to the Seafood Compensation Program. I have personal knowledge of the facts stated in this declaration.

2. Frank & Son has, in the past, hired Mr. Alfonso to work for its business. Frank & Son is hired by companies involved in the shallow-water and offshore oil industry to transport equipment. For example, Frank & Son boats have been hired to carry equipment related to seismic testing. Mr. Alfonso used his shrimp boat, the M/V *Princess Brandi*, when hired for this work.

3. Frank & Son charges its customers a daily rate for use of its vessels. When its boats are hired, Frank & Son invoices the customer for the daily rate, and the customer pays Frank & Son directly. I keep records of these invoices. Frank & Son then pays its vessel owners, from Frank & Son's accounts, based on the work that the vessel owners performed.

US.55949895.02

4. From approximately 2006 to 2014, I used a single Frank & Son account to keep track of the money earned by Mr. Alfonso through his Frank & Son work. The money that Mr. Alfonso earned, both before and after 2006, was deposited into this account. Frank & Son then paid Mr. Alfonso from this account at Mr. Alfonso's request. Mr. Alfonso did not always request immediate payment. Instead, he allowed money he earned through Frank & Son work to accumulate in the account, essentially using the accrued earnings as a form of savings.

5. Mr. Alfonso did not work for Frank & Son in 2009. I am certain of that fact because I do not have any invoices for his services that year. In addition to invoices, Frank & Son would have issued a 1099 to Mr. Alfonso in 2009 had he worked that year. Frank & Son did not issue a 1099 to Mr. Alfonso in 2009.

6. I was interviewed by investigators from the Special Master's office last year regarding Mr. Alfonso. They informed me that Frank & Son was required to provide documents based on a subpoena. I responded by reviewing Frank & Son's records with the investigators. I told them that Mr. Alfonso did not work for Frank & Son from 2007 through 2009. I also provided the Special Master with a letter stating that Mr. Alfonso did not work for Frank & Son from 2007 through 2009. At that time, I did not recall payments from Frank & Son to Mr. Alfonso in 2009 for services he provided in prior years.

7. In addition, at the time of my interview with investigators, I did not recall that Mr. Alfonso worked for Frank & Son for two days in 2007. I recently re-reviewed my records, including all customer invoices from 2007, 2008, and 2009. In so doing, I learned that Mr. Alfonso worked two days for Frank & Son in 2007. Apart from those two days, Mr. Alfonso did not work for Frank & Son in 2007, 2008, or 2009. After those two days in 2007, Mr. Alfonso did not work for Frank & Son again until 2010, when he was hired through Frank & Son to

provide oil-spill clean-up services through the VOO program. Mr. Alfonso also worked for Frank & Son in 2006, the year following Hurricane Katrina.

8.  I now understand that Mr. Alfonso received payments from Frank & Son in 2009. That year, Mr. Alfonso requested payment from a Frank & Son account, and Frank & Son issued several checks to Mr. Alfonso. The checks were payments for worked Mr. Alfonso completed in 2006.

9.  Mr. Alfonso has been a hard-working shrimper for many years. I have always known Mr. Alfonso to be honest and truthful.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Joyce Lopez

_____3/26/2015_____
Date

3