UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
|    "Deepwater Horizon" in the | * | |
|    Gulf of Mexico on April 20, 2010 | * | SECTION J |
| | * | |
| This document relates to: | * | Honorable CARL J. BARBIER |
| All Cases and No. 12-970 | * | |
| | * | Magistrate Judge SHUSHAN |

**CLAIMANT NOS. 100201250, 100272198, 100247042, AND 100167847'S
MOTION TO INTERPRET AND ENFORCE THE SETTLEMENT AGREEMENT**

Claimant Nos. 100201250, 100272198, 100247042, and 100167847[1] move the Court pursuant to the December 21, 2012 Order and Judgment Granting Final Approval of Economic and Property Damages Settlement and Confirming Certification of the Economic and Property Damages Settlement Class (the "December 21, 2012 Order and Judgment") to interpret and enforce Exhibit 4B of the Settlement Agreement according to its terms.  Exhibit 4B contains various causation requirements for Business Economic Loss ("BEL") claims.  Two of the causation tests, the Modified V test and the Decline Only test, require a revenue calculation based on benchmark periods and, in addition, a decline in the share of total revenue generated by non-local customers or customers in Zones A to C as reflected in specified documentation.

On April 21, 2014 the Claims Administrator issued Policy 345 v3.  The Claims Administrator had previously issued Version 1 on May 31, 2012 and Version 2 on February 8, 2013.  Under Version 3, in contrast to the two previous versions, revenue generated from customers with unknown addresses is counted against the BEL Claimant.  First, unknown addresses are excluded from the Claimant's share of revenue generated by non-local customers

---

[1] In accordance with the provisions of the Court's June 29, 2012 Order Regarding the Confidentiality of Claims Information (Doc. 6822) governing the confidentiality of claimant identities, Movants are identified here only by number.

1

or customers located in Zones A to C for the benchmark period but are then included in the Claimant's share of revenue generated by non-local customers or customers located in Zones A to C for the compensation period. As a result, most Claimants with cash sales, including Claimant Nos. 100201250, 100272198, 100247042, and 100167847, who would have had their claims approved under Version 1, will now have their claims denied. Including revenue during one period and then excluding revenue from the same class of customers during the second period has the effect of making it nearly impossible to meet either of the two causation tests.

To compound the injury, Policy 345 v3 also labels as unknown any customer address that was provided in the form of a post office box or address in which the Claims Administrator's mapping software can identify only the city or zip code. Thus, customers with zip codes clearly outside of Zones A to C (as far away as Alaska, for example) are excluded from revenue generated by non-local customers for the benchmark period but then are included as local customers for the compensation period. This policy creates another irrational barrier to BEL Claimants.

The December 21, 2012 Order and Judgment provides that "the Court retain[s] continuing and exclusive jurisdiction over the parties, the Economic Class Members, the Court's supervised settlement program and the Settlement Agreement, to interpret, implement, administer and enforce the Settlement Agreement, in accordance with its terms." Therefore, the Court has jurisdiction over Claimant Nos. 100201250, 100272198, 100247042, and 100167847 as Economic Class Members and the Claims Administrator to interpret and enforce the Settlement Agreement. The Court should exercise this jurisdiction by finding that Policy 345 v3 is contrary to the Settlement Agreement and should be overturned and replaced with Policy 345 v1. Policy 345 v3 is directly contrary to the express language of Exhibit 4B and to fundamental

principles of contract construction. Moreover, it violates the Claims Administrator's duty under the Settlement Agreement to maximize the ability of class members to recover under the settlement program. The policy also denies Claimant Nos. 100201250, 100272198, 100247042, and 100167847 and members of the Economic Class due process of law because it changed the terms of the Settlement Agreement after the opt-out period had expired.

For all of the foregoing reasons, Claimant Nos. 100201250, 100272198, 100247042, and 100167847 respectfully request that the Court interpret and enforce the Settlement Agreement by abrogating Policy 345 v3 as contrary to the provisions of the Settlement Agreement, replacing Version 3 with Version 1, and directing the Claims Administrator to handle claims in accordance with Policy 345 v1 and Exhibit 4B to the Settlement Agreement.

Respectfully submitted this 21ST day of May, 2015.

/s/ James M. Garner
**JAMES M. GARNER (#19589)**
**MARTHA Y. CURTIS (#20446)**
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

/s/ James R. Swanson
**JAMES R. SWANSON (#18455)**
**LARA K. RICHARDS (#34054)**
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

/s/ Gladstone N. Jones, III
**GLADSTONE N. JONES, III (# 22221)**
**LYNN E. SWANSON (# 22650)**
**CATHERINE E. LASKY (#28652)**
**H.S. BARTLETT III (# 26795)**
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
PAN-AMERICAN LIFE CENTER
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2500


/s/ Robert B. Remar
**ROBERT B. REMAR**
**JEFFREY W. WILLIS**
**JULIA B. STONE**
ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1604
Telephone: (404) 522-4700
Facsimile: (404) 525-2224
Email: rremar@rh-law.com
　　　　jwillis@rh-law.com
　　　　jstone@rh-law.com

PRO HAC ADMISSIONS FORTHCOMING
ATTORNEYS FOR CLAIMANTS


## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2015, I filed and served the foregoing pleading via Lexis/Nexis File & Serve and through this Court's CM/ECF Filing System with the Clerk of Court of the United States District Courthouse for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, thereby effecting service on all counsel of record.

　　　　　　　　　　　　　　　/s/ James M. Garner
　　　　　　　　　　　　　　JAMES M. GARNER