UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | CIVIL ACTION<br><br>MDL NO. 2179 |
| THIS DOCUMENT RELATES TO: | SECTION "J" |
| 10-3896, 11-826, AND 12-968 | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |

_____

MOTION OF DUWAYNE MASON TO BE RECOGNIZED AS AN OPT OUT PLAINTIFF OF
THE MEDICAL BENEFITS CLASS SETTLEMENT AND
ALTERNATIVE MOTION TO EXTEND OPT-OUT DEADLINE

_____

DuWayne Mason ("Mason"), Plaintiff in Action No. 11:826 and Claimant in Limitation Action No. 10-3896, moves to be recognized as an Opt-Out Plaintiff of the Medical Benefits Class Action Settlement on the following grounds:

1. Based on the original pleading bundles, Mason's Jones Act claims against Seacor, his employer, were grouped among the B4 Pleading Bundles, which covered chiefly all of the claims by the *Robin* plaintiffs who sought recovery, not against BP, but against the responder vessels, including those vessels owned by Seacor, for their alleged negligence in contributing to the collapse of the rig while combating the fire after the explosion on the DEEPWATER HORIZON. Rec. Doc. 1941.

2. The MB Class Action Settlement, in contrast, clearly encompassed settlement of all claims related to post-explosion clean-up efforts that were asserted against BP, or other

parties, responsible for the explosion, fire and resulting oil release that required remediation efforts. It was not clear at what point in time, if ever, the MB Class Action Settlement of the B3 Pleading Bundle Claims was intended to encompass Jones Act claims by employees of the responder vessels for their independent negligence in providing their employees with adequate safe working environments aboard those vessels, such as alleged in Mason's Jones Act complaint against Seacor.

3. Mason has never asserted any claims against BP or any other party alleged to be responsible for the explosion, fire or resulting oil release.  Because Mason's Jones Act claims against Seacor were materially different from the claims of the Robin plaintiffs, this Court specifically exempted Mason's Jones Act claims from the dismissal of the *Robin* plaintiffs' B4 claims in October, 2011.  Rec. Doc. 2707; Doc. 4285; Doc. 61 (Case 2:10:3896).

4. In May, 2012, this Court gave preliminary approval of the Proposed MB Class Action Settlement, along with approval of the Settlement's Notice Plan, which required that notice by "direct mail" be given to identifiable class members and, to the extent known, their attorneys, of the right to request exclusion from the class action settlement.  The deadline for filing such written requests with the Claims Administrator was November 1, 2012.  Rec. Doc. 6419, ¶¶29,33; Order, Rec. Doc. 7176.

5. It is not disputed that Mason and his attorney, Scott Silbert, never received the required notice by direct mail.

6. In July, 2012, before expiration of the November 1, 2012 deadline, based largely on this Court's express recognition of the material difference in the theory of liability between Mason's Jones Act claims from those of the B4 *Robin* plaintiffs, Mason moved to sever his Jones Act claims from the MDL.  In the supporting memorandum, Mason, through his attorney,

certified that Mason had filed no claims against any of the BP entities and that the proposed MB Class Action Settlement was not an acceptable alternative recovery for the damages asserted in his Jones Act claims against Seacor.  Rec. Doc. 6909 and 6909-1.

6.	Mason's motion was taken under advisement, but the ruling denying the motion was not issued until March 5, 2013, after the opt-out deadline had expired.  Rec. Doc. 8811.

7.	Mason's motion for reconsideration was supported by affidavits from Mason and his attorney attesting to the reasons why Mason in good faith believed his B4 claims were not included in the B3 MB Class Action Settlement and that neither he nor his attorney had received the required notice under the approved Settlement.  Rec. Doc. 9091, 9091-1, 9091-2 and 9091-3.

8.	BP, who joined in Seacor's opposition to Mason's motion for reconsideration, acknowledged that the likely reason they never received the required notice was because "one of the primary sources of information for the medical notice program were the lists of those claimants in the B3 pleading bundle who filed, as required by Pretrial Order NO. 25 (Rec. Doc. 983), a Short Form Joinder (SFJ) or Plaintiff Profile Form (PPF) and alleged a medical injury therein.  A review of those lists indicates that Mason has never filed a SFJ or PPF despite the court's order to do so."  Rec. Doc. 9597, p. 15, n. 15.

9.	This statement in BP's opposition corroborated Mason's claims that he never asserted any claims against BP and that because BP compiled its mailing lists from the B3 claimants, which did not include Mason's Jones Act claims grouped with the B4 claims asserted against the responder vessels, the required notice was never in fact sent to Mason or his attorney.

10.	Under the circumstances, in accordance with Due Process, Rule 23(c) and the case law discussed in the memorandum filed both in support of this motion and in opposition to Seacor's motion for summary judgment, Mason adequately and effectively communicated his

3

desire, through valid, non-formal means, to be excluded from the MB Class Action Settlement (1) in his Motion to Sever, (2) in his Motion for Reconsideration, and (3) in his certified letter to the Claims Administrator dated March 26, 2013, sent after this Court's ruling denying Mason's motion to sever.

11.     In the alternative, under the circumstances, the confusion over the grouping of Masons' Jones Act claims in the B4 Pleading Bundles, coupled with BP's failure, even if inadvertent, to provide Mason with notice of the class and proposed settlement by direct mail, excuses Mason's misunderstanding about the scope of the MB Settlement and his failure to file a formal request to be excluded by the November 1, 2012 deadline, sufficient to justify an extension of time to file, pursuant to Rule 6(b)(1)(B), and accept as timely Mason's certified letter dated March 26, 2013 to the DHCC, requesting to be excluded from the class action settlement.

Wherefore, Mason respectfully requests this Court to grant his motion and recognize Mason as an opt-out plaintiff.

Respectfully submitted,

*/s/ Nancy J. Marshall*
NANCY J. MARSHALL  (#8955)
nmarshall@dkslaw.com
JOSEPH L. MCREYNOLDS (#01947)
jmcreynolds@dkslaw.com
ANDREW J. BAER (#35638)
abaer@dkslaw.com
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-4002

SCOTT E. SILBERT (#12068)
**SILBERT, GARON, PITRE & FRIEDMAN**
909 Poydras Street
Suite 2130
New Orleans, LA  70112
Telephone:  (504) 581-6200
Facsimile:  (504) 584-5270
scott@sgpflaw.com

**Counsel for plaintiff, DuWayne Mason**

### CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2015, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Nancy J. Marshall*

**NANCY J. MARSHALL**

5