**ALABAMA'S SUBMISSION REGARDING
THE DEPOSITIONS OF RETAINED EXPERTS WITH FACTUAL KNOWLEDGE**

---

Dr. Keivan Deravi (Alabama), Dr. Joel Hayworth (Alabama), and Dr. Elliot Taylor (BP) are retained experts that should be deposed only one time: after they serve their expert reports.[1] This result is mandated by Rule 26(b)(4), and it is consistent with Eastern District precedent and the practice in previous phases of this case. Furthermore, BP's prejudice concerns can be alleviated by the present production of these experts' custodial files.

### I. Rule 26(b)(4) Precludes Deposing Retained Experts before They Serve their Reports.

1. *Plain Language*: Each of the witnesses in question has been identified as a retained expert that may present an opinion at trial. Rule 26(b)(4) provides that

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial. ***If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided***.

(emphasis added). The rule is clear: Because all three experts will provide a report under Rule 26(a)(2), none of them can be deposed before that report is served.

2. *EDLA Precedent*: This Court (Judge Vance) has enforced Rule 26(b)(4)'s plain terms under similar circumstances. In *Benoit v. Nintendo*, 2001 WL 1524510 (ED La. 2001), Defendant Nintendo noticed the deposition of Plaintiff's treating physician to discover facts about Plaintiff's condition and treatment. The Magistrate quashed the notice of fact deposition because, under the Court's scheduling order, the physician was required to submit an expert report. Relying on Rule 26(b)(4)'s plain terms, Judge Vance affirmed the decision to postpone the deposition until the expert depo round and noted that Nintendo was not prejudiced by the

---

[1] Dr. Loren Scott, BP's retained economist, also belongs on this list if BP listed Dr. Scott in its *in camera* submission. *See infra* at 4.

1

postponement because "the scheduling order does not deprive NOA of an opportunity to depose Dr. Lee; it merely limits the circumstances under which it may do so." *Id.* at 2.

Other courts have similarly enforced Rule 26(b)(4).  Instructive here is the Eastern District of California's opinion in *Enns Pontiac Buick v. Flores*, 2001 WL 2787729 (ED Cal. 2011), an environmental contamination case.  Defendant Pearce, who Plaintiffs accused of contaminating their property, was ordered by the State to investigate the possible contamination. *Id.* at *1-2.  Pearce hired Salem Engineering to conduct an investigation, submit a report, and testify at trial.  *Id*.  Plaintiffs sought two depositions: (1) a fact deposition regarding Salem's State-ordered examination and (2) a deposition regarding Salem's expert report.  *Id.*  Like BP, Plaintiffs argued that the failure to conduct a pre-expert report deposition would prejudice their experts' ability to write their reports.  *Id.* at *3.  Applying Rule 26(b)(4), the district court ruled that Salem (a) produce its "raw data and test results as they become available" but (b) could not be deposed until after it served its expert report.  *Id.* at *3.  Alabama asks for the same here: Production of documents now; depositions *after* expert reports are filed, as the Rule requires.

**II. The "One Person, One Deposition" Rule Should Continue to Apply.**

The Court's long-standing "one person, one deposition" rule—and BP's use of that rule in prior phases—further warrants just one deposition of the experts in question.

**A. BP's Oiling and Economic Experts Were Deposed Only Once in the CWA Phase.**

Experts often base their opinions, in part, on personal knowledge of the facts, and those facts are explored during their post-report depositions.  That's exactly how the Court treated BP's economic and oiling experts in the CWA Phase and should treat both sides' experts here.

1. <u>Oiling:</u>  Alabama's oiling expert, Joel Hayworth, has factual knowledge of the oiling impact in Alabama because he personally witnessed and collected oil on Alabama's beaches.  As

Alabama noted in its Rule 26 disclosure, the State has retained Dr. Hayworth to potentially offer an opinion(s) concerning the State's case as it pertains to the presence of oil.

Similarly, BP's oiling expert Elliot Taylor has a wealth of personal, factual knowledge of oiling in Alabama (and all along the coast) because, as the Court knows, he was a chief technical advisor for BP's response efforts.  Thanks to this personal knowledge, Dr. Taylor was originally set to be deposed as a fact witness in the CWA phase.  But when BP decided to have Dr. Taylor submit an expert report, the Court and parties agreed to move his deposition to the expert round, rather than have him deposed before and after the submission of his expert report.  The Court should follow the same practice here: Oiling experts that may offer opinions at trial, including Dr. Hayworth and Dr. Taylor, should be deposed once, for an extended period (*e.g.* 8.5 hours), after each has filed his expert report.

2. State Economy:  Keivan Deravi—Loren Scott

BP says that it needs to depose Dr. Deravi in the fact round because Dr. Deravi has prepared an economic forecasting model that has been used by State leaders for the past 27 years.  *See* 03-25-15 Trans. at 25-26 (statements of Chad Morriss).  In other words, Dr. Deravi is like Loren Scott, the Louisiana economist that BP has retained as an economic expert.  At the CWA trial, Dr. Scott testified that he's been "looking at the Louisiana economy since 1970;" that he's published the *Louisiana Economic Outlook* "since about 1984;" and that he's "done work for the State of Louisiana, [and] for different agencies within the State of Louisiana as well." 01-28-15 Tr. Trans. 2027.  Despite Dr. Scott's factual knowledge and work for the State of Louisiana, he was deposed only once in the CWA phase—*after* he submitted his expert report.[2]

---

[2] If BP has listed Dr. Scott on its *in camera* expert witness list—or any other retained expert witness with factual knowledge of Alabama's economy—then that expert(s) should be treated just like Dr. Deravi. If BP gets to depose Dr. Deravi about his knowledge of Alabama's economy in the fact round, then assuming BP

The same should be true here. Dr. Deravi should be deposed after he submits his expert report, and BP can question him regarding his factual knowledge and expert opinion.

### B.  BP's Examples of United States' Witnesses Are Irrelevant Here.

BP has countered that United States' witnesses Stewart Griffiths and Ron Dykhuizen were deposed both in the fact and expert rounds of the CWA trial. The United States has informed us that Stewart Griffiths was a Rule 30(b)(6) designee, thus necessitating his deposition in the fact round. They also informed us that BP noticed Ron Dykhuizen as a fact deposition witness, and the US later decided to have him submit an expert report based on new information; thus, the United States did not object to either of his depositions. Accordingly, neither example is particularly relevant here because Alabama identified the retention and potential expert testimony of Drs. Deravi and Hayworth at the outset, and neither is a Rule 30(b)(6) designee. Furthermore, the United States' decision not to invoke Rule 26(b)(4) in *its* trial does not preclude Alabama from invoking the mandatory language of Rule 26(b)(4) in *our* trial.

### C.  BP Has Used the "One Deposition" Rule Offensively Against Alabama.

Ignoring the "one-deposition" rule at BP's request would be particularly unfair here. We won't recount BP's full history of invoking the rule here, but one example is instructive: Lamar McKay, the former President and Chairman of BP America (2009-2013) and current executive chairman of BP's global exploration, production, and development segment. Halliburton requested to depose Mr. McKay in Phase One, and BP invoked the "one deposition" rule to argue that none of the parties could depose Mr. McKay again. As the Court probably remembers, the States (Alabama and Louisiana) argued longer and louder than anyone against application of the rule and/or for additional time to depose Mr. McKay, based on his role in the

---

has listed Dr. Scott (or other expert with personal knowledge of Alabama's economy) as an expert, Alabama should get to depose that witness in the fact round as well.

cleanup and restoration effort and his knowledge of the States' property damage, economic impacts, etcetera. Ultimately, the Court gave the States 140 minutes to split. *See* Exh. A. Without the benefit of full and focused discovery on matters relevant to Alabama's economic and property damage claims, Alabama used its limited time (in part) to ask questions relevant to *this* phase of our case, such as:

- Were the State's economic losses foreseeable? McKay Trans. at 201-06;
- Did the oil spill affect Alabama's tourism economy? McKay Trans. at 211-12;
- Do MC252 tar mats exist off Alabama's coast? McKay Trans. at 210;
- Could tropical storms wash oil onto Alabama's beaches? McKay Trans. at 210;

Fairness dictates that BP not be allowed to use the "one deposition" rule to limit Alabama to one 70-minute deposition of a critical BP witness, then argue against the "one deposition" rule to get two full-length depositions of two Alabama witnesses, merely because the shoe has changed feet.

\* \* \*

In summary, Rule 26(b)(4) and prior practice dictate that Drs. Keivan Deravi, Joel Hayworth, Elliot Taylor, Loren Scott, and any other retained testifying expert with factual knowledge should be deposed only one time—*i.e.* after each submits his or her expert report. The Court has alleviated any present prejudice concerns by ordering the production of each witness' custodial file during fact discovery. And, as has been the practice in previous phases, the parties could request additional time for these depositions for good cause shown.

Respectfully submitted,

 /s/ Corey L. Maze_____
COREY L. MAZE
*Special Deputy Attorney General*