UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Hook-N-Line Map Company, Inc. ) | CIVIL ACTION NO. 2:13-cv-1075 |
| Plaintiff, ) | |
| ) | JUDGE BARBIER |
| vs. ) | |
| ) | MAGISTRATE SHUSHAN |
| BP Exploration & Production, Inc.; BP America ) | |
| Production Company; and BP p.l.c.; ) | OIL POLLUTION ACT OF 1990 |
| Defendants. ) | 33 U.S.C. § 2701, *et. seq* |
| ) | |
| ) | BUSINESS ECONOMIC LOSS |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**NOW COMES PLAINTIFF Hook-N-Line Map Company, Inc.** ("Plaintiff" or "LT Seafood")*,* through undersigned counsel, who does allege, aver and represent as follows:

**Nature of the Action**

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2. On 28 April 2010, BP Exploration & Production Inc. was deemed the responsible party under OPA, 33 U.S.C. §2714

3. Plaintiff has suffered economic injury, damage and/or losses as a result of the oil spill.  This Complaint asserts claims under the Oil Pollution Act of 1990 ("OPA"), seeking damages arising from the oil spill, the oil spill's environmental devastation, and the economic losses Plaintiff has suffered resulting from and due to the oil spill.  33 U.S.C.A. § 2702 (West 2013).  This Complaint also asserts claims under federal General Maritime Law.

**PARTIES**

1 | P a g e

4. Plaintiff Hook-N-Line is a publisher and seller of fishing maps and is domiciled in Houston, Harris County, Texas. Plaintiff is organized as a Texas corporation whose principal place of business is located in Houston, Harris County, Texas.

5. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714. This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

6. Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

7. Defendant BP p.l.c. is a British public limited company with its corporate headquarters in London, England. BP p.l.c. is the global parent company of the worldwide business operating under the "BP" logo. BP p.l.c. operates its various business divisions, such as the "Exploration and Production" division within BP Exploration and BP America, through vertical business arrangements aligned by product or service groups. BP p.l.c.'s operations are worldwide, including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP p.l.c. and are sufficiently controlled by BP p.l.c. so as to be BP p.l.c.'s agents in Louisiana and the U.S. more generally. Plaintiffs further adopt and incorporate by reference all jurisdictional allegations against BP p.l.c. set forth in Paragraphs 212-218 of the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re Oil Spill by*

*the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.*

8. BP Exploration, BP America, and BP p.l.c. are generally referred to herein collectively as the "BP Defendants" or "BP."

9. Defendant, Transocean Holdings, LLC ("Transocean") is a Delaware corporation with its principal place of business in Houston, Texas. Transocean has been found to be at fault under general maritime law by the Court in this matter. This Court has personal jurisdiction over Transocean, because Transocean is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

10. Defendant, Halliburton Energy Services, Inc. ("Halliburton") is a Delaware corporation with its principal place of business in Houston, Texas. Halliburton has been found to be at fault under general maritime law by the Court in this matter. This Court has personal jurisdiction over Halliburton, because Halliburton is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this case pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."

12. This Court has exclusive jurisdiction over this case pursuant to the exclusive jurisdiction provision contained in § 2717(v) of OPA. 33 U.S.C.A. § 2717(b) (West 2013).

13. Venue is proper in this jurisdiction because the Defendants' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiff in this jurisdiction. Venue is also proper in this Court pursuant to the venue provision contained in § 2717(b) of OPA. 33 U.S.C.A. § 2717(b) (West 2013).

## **FACTUAL BACKGROUND**

14. Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

15. Plaintiff further adopts and incorporates as if reinstated herein all factual allegations and information contained in the Plaintiff Profile Form filed by Plaintiff.

16. Plaintiff further adopts and incorporates as if fully stated herein Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated 8 October 2011; Amended Response to Phase One Request for Admission No. 76, dated 27 December 2011; and Supplemental and amended Responses to Phase One Interrogatories Nos. 6, 7 and 17, dated 14 December 2012.

17. On 20 April 2010, a well blowout occurred on the oil rig *Deepwater Horizon* in the Gulf of Mexico. The uncontrolled blowout caused explosions and a raging fire aboard the *Deepwater Horizon* rig.

18. After burning for two (2) days, the *Deepwater Horizon* rig sank, commencing an oil spill on unprecedented proportion that interfered with, damaged, depleted, and destroyed, offshore, marine and coastal environments in the Gulf of Mexico, Louisiana, Mississippi, Alabama, Texas and Florida. Fishing was closed in many of the coastal bays and estuaries, as well as offshore fishing areas, along the Gulf Coast, including Louisiana, Mississippi, Alabama, Texas and Florida.

19. As a direct and foreseeable result of the oil spill and its devastating impact on the marine and coastal environments, production and associated activities in the Gulf of Mexico

pertaining to commercial and recreational fishing were significantly damaged, resulting in economic losses to business, such as Plaintiff, that publish and sell fishing maps for the bay and offshore areas adversely impacted by the spill.

20. Plaintiff is a publisher and seller of fishing maps. These maps provide detailed fishing information and fishing locations (e.g., reefs, structures, channels, depth changes, bottom changes, grass flats, and/or other areas where sport fish are likely to congregate) for freshwater bodies of water, and the inshore coastal bays and estuaries that are open to the public for commercial and recreational fishing in Texas, Louisiana, Mississippi and Alabama. These maps also provide detailed fishing information and fishing locations for the offshore blue water areas that are open to the public for commercial and recreational fishing in Texas, Louisiana, Mississippi and Alabama. Prior to the oil spill, Plaintiff sold fishing maps to retail and wholesale distributors in Texas, Louisiana, Mississippi and Alabama (as well as other areas of the U.S. based on internet sales) that depicted the fishing areas and provided fishing information and locations for the inshore coastal bays and estuaries, as well as offshore blue water fishing areas, that are open to the public for commercial and recreational fishing in Texas, Louisiana, Mississippi and Alabama.

21. The oil spill damaged, destroyed or otherwise rendered physically unavailable the inshore and offshore fishing areas that are depicted on the fishing maps published and sold by Plaintiffs that map, describe, identify, and depict the inshore and offshore fishing areas in Texas, Louisiana, Mississippi and Alabama. As a foreseeable result, the oil spill's devastating decimating effect on and closure to these fishing areas caused Plaintiff to incur: (a) decreased sales; (b) increased costs and expenses; (c) lost profits; and (d) impairment of earning capacity.

22. Predictably, Plaintiff lost profits and revenues it would have earned but for the oil

spill. Defendants' negligent acts or omissions were a substantial factor in bringing about this injury and without which no harm would have occurred. Plaintiff's economic losses were due to the harm to the Gulf property and/or inshore and offshore fishing areas that resulted from the catastrophic effects of the oil spill. In sum, Plaintiff's economic losses, more likely than not, were directly and proximately caused by the oil spill than any other possible causes. Plaintiff has made every reasonable effort to mitigate its losses over the Claim Period, including reducing the size of its office space, reducing the number of employees, and increasing work on freshwater fishing maps that cover fishing areas in and around inland bodies of water that were not affected by the oil spill.

## **PRESENTMENT**

23.     Pursuant to the OPA, the party responsible for the spill is required to fully compensate Plaintiff for the damages incurred as a result of the spill. 33 U.S.C. § 2702(a) (West 2013). Under 33 U.S.C. § 2702(b)(2)(E), "[d]amages equal to the loss of profits or earning capacity due to the injury, destruction, or loss of real property, personal property or natural resources" are recoverable by "any claimant", including Plaintiff. 33 U.S.C.A. § 2702(b)(2)(E) (West 2013).

24.     As a designated responsible party under OPA, it was BP's responsibility to establish a procedure for the payment or settlement of claims. Between April 2010 and August 22, 2010, BP posted advertisements and accepted presentment of claims. Plaintiff did not present a claim for damages to the "Original" BP claims presentation facility.

25.     To fulfill its statutory obligations, BP created the Gulf Coast Claims Facility ("GCCF") on or about 23 August 2010. The GCCF was administered by Kenneth Feinberg and

the Feinberg Rozen LLP law firm. The GCCF handled presentment and payment of claims on BP's behalf from 23 August 2010 through 3 June 2012.

26. **Plaintiff's Presentment.** On February 9, 2011, Plaintiff submitted its Loss of Profits or Impairment of Earning Capacity claim with the Gulf Coast Claims Facility ("GCCF"). Plaintiff's Claimant Identification Number was 7270964.

27. Plaintiff's GCCF claim was clear and precisely provided the GCCF with the requisite information for the GCCF (BP's agent) to accept or deny its claim by including a "sum certain" of the amount of damages at the time of presentment caused by the BP Deepwater Horizon Incident and subsequent oil spill.

28. Additionally, Plaintiff's GCCF claim included a description of the nature and extent of damages and evidence supporting the claim including the following: (I) The nature of Plaintiff's business on April 20, 2010; (2) The sources of income or types of customers for the business as of April 20, 2010; (3) The efforts Plaintiff made to increase revenues or reduce costs following the spill; (4) The total amount of operating costs that Plaintiff saved as a result of reduced operations since the spill; (5) The total sum certain amount Plaintiff was claiming as lost profits or impairment of earning capacity as a result of the spill; (6) The economic losses experienced by Plaintiff and the calculation and/or methodology for arriving these numbers; and (7) a description of how the spill caused the damages experienced by Plaintiff.

29. The calculation methodology specified and provided the nexus between Plaintiff's previous profit and losses and the negative economic impact the BP oil spill had on the business.

30. After reviewing Plaintiff's claim and all supporting evidence, the GCCF denied Plaintiff's claim on May 18, 2011.

31. On or about 3 March 2012, the proposed settlement between BP and the

Plaintiffs' in the MDL No. 2179 ("the Settlement Agreement") was published. On 21 December 2012, the Court gave final approval of the Economic and Property Damages Settlement of the Settlement Agreement.

32.     Plaintiff is a type of entity recognized in the Class Action Settlement in the United States Court for the Eastern District of Louisiana. Plaintiff is otherwise eligible under the Settlement, but is excluded from the Class due to the Settlement's geographic restriction, which limits the class members to those physically located in certain counties in Texas, Louisiana, Mississippi, Alabama and Florida. Plaintiff's facilities and business operations are located in Houston, Harris County, Texas.

33.     Moreover, per paragraph 4.2.5 of the Settlement Agreement:

> "Economic Class Members with expired offers from the GCCF are not eligible for transition payments, but can file a Claim in the Settlement program. Economic Class Members with **expired offers from the GCCF** who Opt Out of the Economic Class **shall be deemed to have satisfied the presentment requirements under the Oil Pollution Act of 1990**."

Accordingly, Plaintiff has validly presented its claim to BP in compliance with OPA. 33 U.S.C.A. §§ 2702(b), 2713 (West 2013). Per 33 U.S.C.A. § 27l3(a), presentment of a claim for damages enumerated in OP A is a jurisdictional requirement. *Boca Ciega Hotel, Inc. v. Bouchard Transp. Co.*, 51 F.3d 235 (11th Cir. 1995). The OPA claimant's request must be made in writing for a sum certain for compensation for damages or removal costs resulting from an incident. 33 U.S.C.A. § 2701(3) (West 2013). OP A claims must be specific and include the exact amount of damages, a description of the nature and extent of damages, and evidence to support the claim. *Johnson v. Colonial Pipeline Co.*, 830 F. Supp 309 (E.D. Va. 1993). Prior to the institution of this lawsuit, presentment was made to BP via the GCCF. Thus, Plaintiff has complied with OPA presentment requirement and has established its lost profits were directly caused by the BP

Deepwater Horizon incident and subsequent oil spill. As Plaintiff has complied with OPA, Plaintiff now pleads for all relief it is justly entitled to.

## CLAIMS FOR RELIEF

34. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs and damages arising out of the following:

   a. Loss of Natural Resources;

   b. Loss or Damage to Real or Personal Property;

   c. Subsistence Use;

   d. Loss of Revenues;

   e. Loss of Profits and/or Earning Capacity; and

   f. Loss of Public Services.

35. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

   a. Negligence; and

   b. Gross Negligence and Willful Misconduct.

36. Plaintiff adopts and incorporates as if restates herein, all claims for relief raised in the MDL Complaints against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

37. Plaintiff hereby requests a trial by jury.

**PRAYER FOR RELIEF**

65.  WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

a.  Economic and compensatory damages in amounts to be determined at trial;

b.  Punitive Damages;

c.  Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d.  Reasonable claims preparation expenses;

e.  Attorneys' fees;

f.  Costs of litigation; and

g.  Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

Respectfully submitted,

**DEAN LAW FIRM**

*/s/ J. Christopher Dean*
J. Christopher Dean
Texas Bar No. 00793596
Federal Bar No. 266069
Email: dean@jamesdeanlaw.com
T. Danielle Ross
Texas Bar No. 24070530
Federal Bar No. 1102102
Email: ross@jamesdeanlaw.com
17225 El Camino Real, Suite 190
Houston, Texas 77058
T: 281-280-8900
F: 281-280-8901

And

**THE TROMBLET LAW FIRM, PLLC**
J. Todd Trombley
Texas Bar No. 24004192

Email: todd@trombleylaw.com  
442 Heights Blvd.  
Houston, Texas 77007  
T: 713-869-1240  
F: 713-869-1465

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of June, 2015.

Further, service of process on Defendants Transocean and Halliburton shall be made by waiver, which will be requested simultaneous with this filing.

*/s/ J. Christopher Dean*  
J. Christopher Dean