UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG       :        MDL 2179
"DEEPWATER HORIZON" IN THE            :
GULF OF MEXICO, ON APRIL 20, 2010     :        Section J
                                      :
This Document Applies to:             :        Judge Barbier
                                      :
*No. 12-970, Bon Secour Fisheries, Inc., et* :   Mag. Judge Shushan
*al. v. BP Exploration & Production Inc., et al.* :

REPLY IN SUPPORT OF MOTION OF THE DHECC FOR RETURN
OF PAYMENTS MADE TO JONATHAN TAYLOR AND OTHERS

The Deepwater Horizon Economic Claims Center ("DHECC") replies to the

opposition filed by Jonathan Taylor ("Taylor") to the DHECC's motion for return of

payments.  Taylor defends his misrepresentations to the DHECC, saying that he and his

father sought to make sense of the Settlement Agreement and apply it fairly to their

circumstances so as to compensate Taylor for his threatened livelihood.  However, rather

than resulting in fair compensation under the terms of the Settlement Agreement, Taylor's

misrepresentations vastly inflated his claim.  Had Taylor presented the facts contained in

his opposition brief in his original claim to the DHECC, he would have received no payment

in the initial seafood distribution from the program.

Taylor states that he did not intend to defraud the DHECC because he did not mean

to claim more than what he believes he was entitled to receive under the Settlement

Agreement or to induce the DHECC to pay more than it should have.  Legally and factually,

Taylor's position is wrong and misguided.

Legally, Taylor overlooks that the claims process is based on specific economic

factors unique to each claimant. The Settlement Agreement outlines the circumstances

under which a claim will be paid, regardless of what a claimant believes regarding his or

her compensation amount or eligibility to file a claim.  Under the Shrimp Compensation

Plan, a claimant seeking compensation as a shrimp boat captain must submit proof that he

was the captain of the vessel during the time period for which the vessel generated the

revenue on which the claimant relies to establish the qualifying revenue for the benchmark

period, as well as specific documents verifying the revenue earned from the boat captain's

catch.  *See* Settlement Agreement at Ex. 10 at 9-10.  Awards are based on careful review of

this data, applying consistent criteria, so as to achieve fair results for all claimants.

Factually, Taylor's position also is wrong.  Taylor took credit in his claim for the full

$84,423 in 2009 shrimp revenue for the *God's Grace*.  He did not disclose to the DHECC that

he was the vessel's captain for only a part of 2009, or that he also captained the vessel for

all of 2008.  But now, Taylor says that he captained the *God's Grace* in November and

December 2009 and all of 2008.  *See* Op. at 13; J. Taylor Affidavit at ¶¶ 7-15.

Had Taylor made these disclosures in his DHECC claim, he would have received <u>no</u>

<u>award</u> <u>payment</u> in the first seafood distribution for his shrimp boat captain claim.  Rather

than being compensated on the full $84,423 in 2009 revenue, as happened because of

Taylor's misrepresentations, his claim would have included only $3,610 in revenue for the

trip tickets from November and December 2009. *See* Settlement Agreement at Ex. 10 at 9.

While Taylor did not present any trip tickets for 2008 or 2007 with his claim, his

father's claim included 2008 trip tickets, which indicated $40,040 in revenue for trip tickets

where Taylor is noted as having been present.  As the Shrimp Compensation Plan requires

the benchmark period to be one of (a) 2009, (b) 2008 and 2009, or (c) 2007, 2008 and

2009, and because Taylor did not request any annual exclusion, his benchmark revenue

would be established by taking an average of 2008 and 2009: $21,825. *Id*. at 7.  With

$21,825 in benchmark revenue, Taylor would not have qualified for the expedited or reduced expedited compensation methods and his compensation amount would have been about $26,500.  With an offset for oil spill-related prior payments of $35,922, Taylor would have received no award payment on his claim in the initial seafood distribution.

Taylor also states that the DHECC's motion for restitution fails to establish the elements for a cause of action in common law fraud.  *See* Op. at 7-9.  As noted in *Thonn*, the DHECC's motion is not an entirely new cause of action, nor is the Court bound to a strict elemental analysis when presented a claim for restitution based upon unjust enrichment.  *See* Order & Reasons on Special Master's Motion for Return of Payment at 20 & n.15 [Doc. Rec. 12794] (it "is an understandable temptation to limit the far-reaching notion of unjust enrichment within the manageable confines of a checklist, but the attempt usually leads to trouble").  Rather, the DHECC is asking the Court to "exercise its well-recognized equitable power to devitalize a fraudulently obtained result." *See id.*  This equitable remedy does not depend upon a breach of substantive duty in tort or contract, providing courts broad discretionary power to fashion an appropriate equitable remedy to prevent a wrongdoer from retaining an unjust windfall.  *Id.* at 22.

Here, the DHECC's motion is based on the claim that the DHECC was induced to make a payment by fraud or material misrepresentation, so as to establish that the transferee is liable in restitution to avoid an unjust enrichment.  *See* Order & Reasons at 21 (*citing* Restatement (Third) of Restitution and Unjust Enrichment § 13 (2011)).  In this equitable context, the concepts of fraud and misrepresentation are broadly defined to include not only false statements but also misleading conduct, concealment, half-truths, and other behavior designed to create a false impression, mislead or otherwise deceive in

order to prevent the other party from acquiring material information.  Restatement (Second) of Torts § 550 (1977); *Strong v. Repide*, 213 U.S. 419, 430 (1909); *United States v. Townley*, 665 F.2d 579, 585 (5th Cir. 1982).

Taylor is not a *pro se* litigant navigating the Settlement Agreement on his own.  He was represented by lawyers experienced in the intricacies of the program.  Taylor had a duty, backed by his oath, to disclose accurate and complete information about his commercial fishing activity.  Taylor provided incomplete and misleading information to the DHECC, knowing that information would be relied upon to determine his award.  *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 579 (Tex. 2001) ("[A] defendant who acts with knowledge that a result will follow is considered to intend the result.").  The misrepresentations wrongfully benefitted Taylor, given that he would have obtained no award payment in the initial seafood distribution had he made an honest disclosure.

While it may be true that Taylor has worked as a commercial shrimper and has experienced an economic impact from the oil spill, equity should not reward a claimant who has withheld material information that dramatically altered application of the settlement terms to his claim.  The public and all those making claims before the DHECC have an interest in seeing that the settlement terms are consistently applied to maintain the integrity of the entire Settlement Program.  *See* Order & Reasons at 22.

For these reasons, the totality of the record and the rules of equity favor granting

the relief sought by the DHECC, which asks that the motion for repayment be granted.

Respectfully submitted,

Patrick Juneau
Claims Administrator


By: ___/s/_Kevin Colomb___ _____
Kevin Colomb
Manager of Compliance and Internal Integrity

Louis J. Freeh
Special Master


By: ___/s/_Gregory A. Paw_____
Gregory A. Paw
Counsel to the Special Master

Dated:   June 12, 2015

- 6 -

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the above and foregoing documents have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and that a copy of the foregoing have been served this   12th   day of     June   , 2015, by electronic mail, on the following:

              Craig Coleman
              Faegre Baker Daniels LLP
              2200 Wells Fargo Center
              90 South Seventh Street
              Minneapolis, MN 55402
              *Attorneys for Vernon Taylor, Jr.*

              Stephen S. Kreller
              Kreller Law Firm
              757 St. Charles Ave., Suite 301
              New Orleans, LA 70130
              *Attorneys for Jonathan Taylor*

                                            /s/Gregory A. Paw
                                          Counsel