# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * <br> * <br> * <br> * <br> * | MDL NO. 2179 <br><br> SECTION J |
| This document relates to: | * <br> * | Judge Barbier |
| Case Nos. 10-4182, 10-4183, 13-02645, 13-cv-02646, 13-cv-02647, 13-cv-02813 | * <br> * <br> * | Magistrate Judge Shushan |

**DEFENDANT BPXP'S SUBMISSION REGARDING ALABAMA'S SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY #7**

Defendant BPXP submits the following to resolve an issue where the parties are at an impasse: whether Alabama's Second Supplemental Response to Defendants' Interrogatory #7 complies with the Court's December 31, 2014 Order regarding Defendants' Motion to Compel.

Specifically, Interrogatory No. 7 asks Alabama to provide how its alleged damages were realized for each state-owned property that it claims has suffered a physical injury. In its Order, the Court stated:

> Alabama will be required to identify the category or categories of damages ***for each*** of the properties listed on AL-ED-000001-9. For example, one category may be the cost of responding to future oiling events. See Rec. doc. 13707 (Exhibit B at 4). ***This is not premature expert discovery***.

12/31/2014 Order, at 14 (emphasis added). Alabama's Second Supplemental Response, however, does not comply with the Court's Order for two reasons: (1) Alabama does not provide a list of damages categories **for each** of the individual properties for which it seeks damages; and (2) Alabama does not identify **all** the categories of damages for each parcel. *See* Appendix A. Instead, Alabama has provided a list of "(non-exclusive) ways in which it occurred (sic) damages" for the properties generally. *See id.* Alabama's general and non-exclusive list for these properties does not comply with the Court's Order.

A complete and exclusive list of what Alabama alleges are its categories of damages for each state-owned property is important to BPXP's defense of those claims. For example, with respect to an earlier issue, the Court noted that the Pure Stigma Claims "concern property that was not sold; they are claims for ***unrealized*** diminution of real property value," and that "until property is sold and a loss realized, damages are speculative" (emphasis in original). 10/01/2012 Order, at 9. Under the same rationale, assuming the claimed state-owned properties have not been sold, a loss has not been realized and may not be actionable under OPA. In that same Order, the Court also noted that, under OPA, specifically 33 U.S.C. § 2702(b)(2)(B) pertaining to

damages for injury to real or personal property, "compensation for injury to property is the lesser

of:

> (1) Actual or estimated net cost of repairs necessary to restore the property to substantially the same condition which existed immediately before the damage;
>
> (2) The difference between value of the property before and after the damage; or
>
> (3) The replacement value."

*Id.* at 11, fn. 8.

For BP to understand what compensation Alabama argues it is entitled for each property

and to evaluate the legitimacy of its damages claim for each property, Alabama must identify

what it claims are the "category or categories of damages *for each* of the properties" as ordered

by the Court.  Alabama has not provided any basis for not providing an exhaustive list of these

damages categories for each property, except that it claims that an exhaustive list would be the

subject of expert discovery.  Alabama, however, already raised this argument in its opposition

brief and the Court dismissed it, holding explicitly that this "is not premature expert discovery."

12/31/2014 Order, at 14.

Without any legitimate basis to withhold providing this information, Alabama should

comply with the Court order and provide a complete and exclusive list of damages categories for

each property for which it claims damages.

Date:  June 8, 2015

Respectfully submitted,

/s/ *Paul D. Collier*
Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone: (202) 879-5000

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter, LLP
555 12th Street N.W.
Washington, DC 20004
Telephone: (202) 942-5705

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979

*Attorneys for BP Exploration &
Production Inc.*

4