

57212494
May 09 2015
08:28PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>**This Pleading Relates To**<br>• 10-4182 (*Alabama v. BP*)<br>• 10-4183 (*Alabama v. Transocean, et. al*)<br>• 13-2645 (*Alabama v. Anadarko & MOEX*)<br>• 13-2646 (*Alabama v. Transocean*)<br>• 13-2647 (*Alabama v. Halliburton*)<br>• 13-2813 (*Alabama v. BP*) | **MDL No. 2179**<br>**SECTION: J**<br><br>**JUDGE BARBIER**<br>**MAGISTRATE SHUSHAN** |

**STATE OF ALABAMA'S SECOND SUPPLEMENTAL RESPONSES**
**TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS**

Pursuant to the Court's orders and Federal Rules of Civil Procedure 26, 33, 34, and 36, the State of Alabama ("State") submits the following Second Supplemental Responses to the Defendants' First Set of Discovery Requests served on July 14, 2014.

**SPECIFIC RESPONSES AND OBJECTIONS**

The State responds as follows to the Defendants' specific interrogatories and requests for production, subject to and without waiving the State's general objections, *see infra* at pp. 59-69 each of which is specifically and fully incorporated into each of the individual responses below.

Pursuant to Federal Rule of Civil Procedure 33(d), Alabama refers the Defendants to the following bates range:  AL-EPD-002451422 to AL-EPD-002451940.

**INTERROGATORY NO. 7:**

For each piece or parcel of Property that you claim has suffered or will suffer a "physical injury to a proprietary interest" as enunciated in *Robins Dry Dock*, 275 U.S. 303 (1927) or its progeny, as a result of the *Deepwater Horizon* incident and/or Oil Spill, provide a detailed description of:

(i) The nature of your "proprietary interest" (e.g., ownership) and
(ii) How your alleged damages were or will be realized (e.g., the Property was sold at a loss, money was spent to repair the Property, etc.).

**OBJECTIONS:**

The State objects to Interrogatory #7, as a description of the State's "proprietary interest" pursuant to *Robins Dry Dock* calls for a legal opinion and/or legal conclusion. No response is required or given for legal conclusions or opinions.

The State objects to Interrogatory #7 as it seeks expert-related analyses of how the States' damages will be calculated. No response to expert-related information is required or given here. Such information will be provided pursuant to the Court's scheduling order.

The State objects to Interrogatory #7 as overly broad and unduly burdensome to the extent it seeks the content of documents that will be produced pursuant to the Defendants' Requests for Production.

**SECOND SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its specific and general objections, the State responds as follows:

The State seeks to recover damages for injury to the properties identified on pages AL-ED-000001 through AL-ED-000009 of the State's initial production and as identified

21

within Attachments A and H, except that the properties identified in Alabama's initial production on AL-ED-000008 as being owned by the University of Alabama (Nos. 4703060000009.000; 4703050000007.000; 470307000001.000; 4703080000001.000) are not part of the State's claim.[1] The State, through its agencies and departments, holds legal title to each of these properties, and each of these properties suffered a physical injury that resulted from the *Deepwater Horizon* incident and/or the resulting oil spill.

In addition to the properties listed above, the State also has a proprietary interest in coastal-area lands for which the State may or may not possess legal title. The following is a non-exhaustive list of the State's proprietary interests in those lands:

- The State exercises police powers over all lands and waters within its jurisdiction;
- The State owns all lands beneath navigable waters within its jurisdiction, as well as all tidally-influenced coastal lands up to the mean high tide line within its jurisdiction;
- ADEM issues permits, certifications, licenses, and/or variances for land uses within the State's coastal area;
- ADEM has the duty of preserving and regulating the State's coastal resources, which include human, natural, cultural, or historical assets within the State's coastal area;
- The State is legally obligated to insure that beach sand, dunes, and vegetation are not disturbed and to protect these locations from adverse uses;
- Any land created by a beach nourishment project that is seaward of the mean high tide line becomes the State's property, subject to access and recreational use by the public and landowners. DCNR must determine that there is no adverse impact on marine resources or the riparian or littoral rights of adjacent property owners; and,

---

[1] The State will produce a newly-issued bates numbers to correspond with the State's current productions.

- DCNR supervises the protection, propagation, and conservation of all seafood and other animal life existing in Alabama waters.

These lands suffered a physical injury that was caused by the *Deepwater Horizon* incident and/or the resulting oil spill.

The State's losses are a result of physical injury to property and the resulting economic damages. The State is continuing to evaluate the oil spill's impact on the aforementioned State-owned properties, as well as the corresponding losses associated with those impacts. While a complete answer on how the State "realized" damages to its properties will require expert-related opinions and analyses, the State avers the following (non-exclusive) ways in which it incurred damages:

- The State incurred costs in response to past and present MC252 oiling events;
- Because the State continues to incur, and will continue to incur, MC252 oiling events into the foreseeable future, the State continues, and will continue, to incur future response costs associated with the spill;
- The State's ownership, interest, and/or bundle of rights in its properties have been, and continue to be, interfered with and damaged as a result of:
  - Past, present and future oiling events which physically touched and continue to touch and/or be present within the State's properties;
  - Disruptions created by the presence of oiling events on the State's properties, including health and safety concerns, accumulation of oil, the increased presence / permanent fixture of MC252 oil within the State's ecosystem, fear of future re-oiling events and costs associated therewith, and the physical characteristics of oil

- that inconvenience the properties, including the smell, consistency, persistence and mobile nature of oil; and
  - o The presence of necessary/needed oil spill response activities, and their corresponding disruptions to the State's properties, that would have otherwise never existed, been required, and/or occurred on the properties but for the oil spill.

Pursuant to Federal Rule of Civil Procedure 33(d), Alabama re-incorporates its answer from Interrogatory Responses 1 and 2, and additional information responsive to this interrogatory may be derived or ascertained from the records identified in Attachments A and E.

The calculation of damages associated with these interferences requires expert analyses that will be produced pursuant to the Court's scheduling order. Alabama reserve the right to supplement and/or amend this answer.

**INTERROGATORY NO. 8:**

If you contend that you can recover damages under general maritime law against Halliburton Energy Services, Inc. and/or Transocean for any loss or injury *other than* injury to property that was physically touched by oil (or other contaminant) released as a result of the *Deepwater Horizon* Incident and/or Oil Spill, describe in detail the legal and factual bases for this contention and the losses or injuries for which you seek to recover under general maritime law.

**OBJECTIONS:**

The State objects to Interrogatory #8 to the extent that it seeks the "legal" basis for the State's claims under general maritime law. No response is required or given with regard to legal opinions or conclusions.

**RESPONSE:**

Subject to and without waiving its specific and general objections, the State seeks to recover under general maritime law all losses and/or injuries identified herein and in the State's