UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010<br><br>This document relates to:<br><br>No. 12-970 and<br>No. 11- 3180 | MDL NO. 2179<br><br>SECTION: J<br><br>Honorable Carl J. Barbier<br><br>Magistrate Judge Shushan |

**SUR-REPLY OF VERNON ALFONSO, JR.**

### INTRODUCTION

Claimant Vernon Alfonso, Jr. respectfully requests this Court's consideration of this sur-reply, which addresses the new legal theories raised by the Special Master in his reply brief in support of a motion to claw back settlement funds. [Doc. 14677.] The Special Master filed the motion accusing Mr. Alfonso of fraud and seeking clawback of settlement payments based on purportedly fraudulent conduct. In reply, the Special Master no longer asserts that Mr. Alfonso committed fraud and instead argues that clawback is warranted by negligent misrepresentations or other non-fraudulent conduct. This unfounded new position warrants a response.

On March 17, 2015, the Special Master filed a motion against Mr. Alfonso seeking repayment of all settlement funds and exclusion from the settlement program based on alleged "fraud." (Alfonso Motion for Return of Payments [Doc. 14259] at 1.) The motion relies on the Special Master's authority "to initiate clawback proceedings of fraudulent claims," accuses Mr. Alfonso of fraud, and invokes the Court's power to remedy "fraudulent conduct." (Alfonso

Mem. [Doc. 14259-1] at 2-6.)  In reply, however, the Special Master adopts wholly new legal theories to justify exclusion of Mr. Alfonso from the settlement program and disgorgement of all settlement payments Mr. Alfonso has received.  The Special Master now suggests that clawback is appropriate in instances of non-fraudulent conduct such as "negligent or innocent misrepresentations" (Alfonso Reply [Doc. 14677] at 2), "mistakes" (*id.* at 3), and unintentional "misstatements" (*id.* at 5).

No controlling law or equitable doctrine supports the Special Master's attempt to exclude Mr. Alfonso from the settlement program and deny him all compensation without proof of fraudulent conduct.  The Court should reject the Special Master's invitation to punish Mr. Alfonso for non-fraudulent mistakes or misstatements, an approach that cannot be squared with law, equity, the Amended Settlement Agreement, the mandates of the DHECC and the Special Master, or the operation of a "claimant-responsive and claimant-friendly" settlement program. (*See* Final Approval Order & Reasons [Doc. No. 8138] at 110.)

Prior to this motion, Mr. Alfonso conceded that a mistake had occurred and offered to correct his overpayments.  That is the only result justified by the doctrine of restitution on which the Special Master relies.  The Special Master's motion for clawback of funds and exclusion of Mr. Alfonso from the settlement program should be denied.

## ARGUMENT

Mr. Alfonso seeks this Court's consideration of five points related to the new legal arguments raised by the Special Master:

First, the Special Master misstates the law of restitution, which does not support the punitive sanctions sought here.  Restitution is limited to the amount of unjust enrichment, namely the amount received by a defendant to which the defendant was not entitled.  *E.g., Cleary v.*

*Philip Morris Inc.*, 656 F.3d 511, 516-17 (7th Cir. 2011); *Schock v. Nash*, 732 A.2d 217, 232-33 (Del. 1999); Restatement (Third) of Restitution & Unjust Enrichment §§ 1, 49 (2011). Indeed, the Restatement explains that "[r]estitution restores something to someone, or restores someone to a previous position." Restatement (Third) of Restitution & Unjust Enrichment § 1, cmt. e (2011). Further, as explained by the Seventh Circuit, "Unjust enrichment is not a mode of imposing punitive damages; it is a means of recovering something that the defendant is not entitled to but is unfairly possessing to the plaintiff's detriment." *Cleary*, 656 F.3d at 520 (citing Restatement (Third) of Restitution & Unjust Enrichment § 49, reporter's note to cmt. a (2011)); *see also Engelke v. Athle-Tech Comp. Sys., Inc.*, 982 So.2d 3, 7 (Fla. Ct. App. 2008) ("[T]he purpose of restitution-based claims, such as unjust enrichment, is not punitive."); Restatement (Third) of Restitution & Unjust Enrichment § 51, cmt. k (2011) ("The rationale of punitive or exemplary damages is independent of the law of unjust enrichment."). None of the cases cited by the Special Master suggests that the doctrine of restitution entitles the Special Master to amounts beyond any overpayments to Mr. Alfonso.

Additionally, the argument that the Special Master need not establish the elements of common law fraud, because a claim for restitution "does not depend upon a breach of substantive duty in tort or contract," is misplaced. (*See* Alfonso Mem. [Doc. 14259-1] at 2.) Although the Special Master's motion may not seek to initiate a new common law fraud action against Mr. Alfonso (*see* Thonn Order & Reasons [Doc. 12794] at 20 & n.15), the Special Master still must establish that Mr. Alfonso engaged in fraud before the Special Master can claim restitution *based on fraud*. *See Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007) ("[W]hen the plaintiff's particular theory of unjust enrichment is based on alleged fraudulent dealings and we reject the plaintiff's claims that those dealings, indeed, *were* fraudulent, the

3

theory of unjust enrichment that the plaintiff has pursued is no longer viable."); *see also Cleary*, 656 F.3d at 517.  In *Thonn*, for example, the Court's restitution order depended on the Court's conclusion that the claimant engaged in fraud. (Thonn Order & Reasons [Doc. 12794] at 21.) While the Court found that it did not need to decide unjust enrichment based on a "strict elemental analysis," it never held that fraud can be found without application of the legal definition of fraud. (*See id.* at 20 & n.15.) Accordingly, if the Special Master claims restitution based on alleged fraudulent conduct, he must establish that the alleged fraudulent conduct did, in fact, occur.

Second, to the extent the Special Master's reply brief seeks to claw back all funds received by Mr. Alfonso based on non-fraudulent conduct, it is inconsistent with every controlling document applicable to the settlement program. The Amended Settlement Agreement consistently limits the investigative authority of the Claims Administrator to instances or suspicions of "fraudulent conduct." (*See, e.g.*, Amended Settlement Agreement Ex. 8A [Doc. 6430-16] at 50 n.40; Ex. 8D [Doc. 6430-19] at 8 n.5; Ex. 8E [Doc. 6430-20] at ¶ 6; Ex. 10 [Doc. 6430-22] at 94 n.16.) Likewise, the Court's Order granting the Special Master authority to initiate clawback motions limits such authority to cases of fraud: "[T]he Special Master shall . . . initiate legal action to 'clawback' the payment of any fraudulent claims; and do this in a manner which does not delay or impede the payment of legitimate claims." (Order [Doc. 11288] at 2-3.) Moreover, DHECC policies limit rescission of payments and denial of claims to instances of fraud and fraudulent conduct. (*See* Policy 185 ("The Program may not rescind a payment award after the claimant has submitted a properly completed Release, except for fraud or the claimant's exercise of an opt-out."); Policy 489 ("The FWA will deny all claim(s) of any type that are filed by any claimant who has filed any claim that has been

4

determined with finality to have been fraudulent.").)  The Court should reject what would be a dramatic expansion of punitive sanctions targeted to non-fraudulent conduct, an approach that is not supported by the Amended Settlement Agreement, the Court's Orders, or the settlement program's enunciated policies.

Third, the operation of a claimant-friendly settlement program should limit punitive sanctions to instances of fraudulent conduct.  For many claimants, the settlement program entails complex (or overly simplistic) claim forms, judgments regarding the application of the Amended Settlement Agreement to claimants' unique situations, the need to assemble claims in the face of messy or non-existent documentation, and efforts to recollect details several years after the fact. The elements of common law fraud appropriately define the type of misconduct warranting punishment and ensure that claimants are not excluded from the settlement program for mistakes, immaterial misstatements, or good-faith efforts to interpret the settlement agreement and claim forms.

Fourth, the legal definition of fraud provides a clear, objective, known definition of misconduct.  Fraud is a specific, egregious form of misconduct, and the elements of fraud are critical to defining its reach.  The reply briefs submitted by the Special Master, however, offer no clear limit on or definition of the conduct warranting the draconian sanction of denial of all compensation and all claims.  The reply briefs suggest that claimants should be excluded from the settlement program for non-fraudulent conduct including negligent misrepresentations, unintentional misstatements, failure to correct mistakes, inadequate investigation of a claim prior to filing, and breach of a duty to ensure accuracy of statements. (Alfonso Reply [Doc. 14677] at 2, 3, 5.)  To the extent that the Special Master seeks to exclude Mr. Alfonso from the settlement

5

program based on conduct that does not rise to the definition of fraud, his motion should be denied.

Fifth and finally, the Special Master misreads the Court's Order regarding claimant Casey Thonn's repayments. (*See* Thonn Order & Reasons [Doc. 12794].) That Order was premised on a finding of fraud by the claimant, and it properly invoked the Court's authority to remedy fraud. In particular, the Court justified its ruling by:

- citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) (rev'd on other grounds), for the principle that the Court has authority to act in equity to "reverse a judgment obtained through fraud" (Thonn Order & Reasons [Doc. 12794] at 15);

- invoking Federal Rule of Civil Procedure 60, which provides that a Court may "reverse a judgment obtained by fraud" (*id.*);

- exercising the equitable doctrine of restitution as grounds to "devitalize a fraudulently obtained result" (*id.* at 20); and

- ordering "restitution for the funds that [Thonn] received as a result of his fraudulent claims" (*id.* at 21).

Thus, the Order consistently stressed that the Court's remedial powers follow from an underlying finding of fraudulent conduct by the claimant. The Court never sought to justify a clawback of payments based on a claimant's negligent misrepresentation, mistake, or anything less than misconduct meeting the legal definition of fraud.

In fact, the Court's Order in *Thonn* contradicts the approach set forth in the Special Master's reply brief. Addressing the repayment of funds by Mr. Thonn's law firms, the Court explained that the purpose of restitution is *not* punishment for wrongdoing. (*Id.* at 22-23.)

6

Instead, restitution allows for recovery of an incorrect overpayment to ensure that the defendant is not unjustly enriched. (*Id.*) Thus, while equitable restitution may allow for correction of overpayments resulting from mistake, neither the doctrine of restitution nor the Court's application of it in *Thonn* supports the punitive sanction of denying claimants all payments to which they were entitled under the settlement. The Special Master overreaches by invoking a non-punitive equitable doctrine to punish claimants, rather than using it for the limited purpose of ensuring just payment.

Here, prior to the Special Master's filing of the instant clawback motion, Mr. Alfonso conceded that he was overpaid by the DHECC as a result of an innocent mistake and proposed to have the DHECC recalculate his claim and deduct any overpayment from Round 2 and Round 3 payments. (Alfonso Mem. [Doc. 14259-1] at 7; Ex. I to Alfonso Mem. [Doc. 14259-11].) Instead of allowing Mr. Alfonso to remedy his unintentional error, however, the Special Master now seeks to bar Mr. Alfonso from receiving *any* compensation for the losses that he undeniably suffered as a result of the *Deepwater Horizon* oil spill. This Court should reject the Special Master's attempt to sanction Mr. Alfonso for non-fraudulent conduct.

## CONCLUSION

For the foregoing reasons, Mr. Alfonso respectfully requests that the Court deny the motion for return of payments.

Date: June 19, 2015                    **THE KRELLER LAW FIRM**

/s/ *Stephen Skelly Kreller*
Stephen Skelly Kreller (Bar No. 28440)
757 St. Charles Avenue, Suite 301
New Orleans, Louisiana 70130
T: (504) 484-3488
F: (888) 294-6091
E: ssk@krellerlaw.com

**FAEGRE BAKER DANIELS LLP**
William L. Roberts
Craig S. Coleman
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
T: (612) 766-7000
F: (612) 766-1600
E: william.roberts@faegrebd.com
E: craig.coleman@faegrebd.com

*Attorneys for Claimant Vernon Alfonso, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed on the Court's CM/ECF system, and thereby served on all counsel of record who have entered an appearance in this case, on June 19, 2015.

/s/ Stephen Skelly Kreller

US.57818911.02