UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

MEMORANDUM IN SUPPORT OF
MOTION OF THE DHECC FOR RETURN OF PAYMENTS MADE TO CLAIMANTS FROM
VESSELS THE *SIR LAWRENCE*, THE *CAPT T*, THE *LADY KATHLEEN* AND OTHERS

The Deepwater Horizon Economic Claims Center ("DHECC") seeks to have claimants

Gulf Finest Investment Co. ("Gulf Finest"), LVS Investment Group Inc. ("LVS"), Sinh Tran,

Christine Ho and Ngoc Lam return $2,365,396.72 paid by the DHECC.  The claimants filed

seafood compensation claims from three vessels, the *Sir Lawrence*, the *Capt T* and the *Lady

Kathleen*, each based on hard copies of trip tickets purportedly from Titan Seafood

Company ("Titan") in Texas.  The alleged Titan records, however, were fictitious.

Specifically, the alleged trip tickets for the *Sir Lawrence* and the *Capt T* were dated

after Titan stopped operating as a seafood processor when its principal was incarcerated

for a fraud to obtain Hurricane Rita relief funds perpetrated in part with false records.  The

alleged trip tickets for the *Lady Kathleen* were dated in 2008 when Titan was processing

seafood, but the trip tickets vary in their appearance from legitimate trip tickets from Titan

submitted by other claimants and filed with the Texas agency overseeing shrimping.

On June 12, 2015, prior counsel for the claimants withdrew from representation of

the claimants and repaid $591,349.19 in legal fees collected on the claims.  No agreement

has been reached for the claimants to repay the payments made by the DHECC.

## A. *Background*

The Claims Administrator has authority to ensure the integrity of the DHECC, including by repayment of fraudulent claims.  *See* Order of May 6, 2015 (Rec. Doc. 14543); Settlement Agreement at ¶ 4.3.10.  The Court retains continuing jurisdiction over the Settlement Agreement.  Settlement Agreement at ¶¶ 4.4.7 and 18.1.  Disputes concerning enforcement of the Settlement Agreement are to be resolved by motion to the Court.  *Id.*

## B. *The DHECC Claims*

Gulf Finest and LVS were organized as Nevada limited liability companies.  These companies, along with Sinh Tran, Christine Ho and Ngoc Lam, filed claims through legal counsel with the DHECC, as described below.

### 1. The *Sir Lawrence*

Gulf Finest, through its principal Sinh Tran, filed a shrimp vessel owner claim for the *Sir Lawrence*.  Christine Ho, who said Sinh Tran was her spouse on her DHECC registration form, filed a shrimp boat captain claim for the same vessel.  Gulf Finest and Ho both sought to have the claims paid on the expedited compensation method, using hard copies of 2009 trip tickets bearing the name of Titan.  Available to shrimp vessel owners and boat captains, the expedited compensation method determines a claim's value from set figures based upon the claimant's vessel size and the "qualifying vessel revenue."  Because the *Sir Lawrence* is an 88-foot freezer vessel, the claimants needed to demonstrate $400,000 in shrimping revenue to qualify for the expedited compensation method.

In support of the claims, Gulf Finest and Ho filed $472,779.39 in hard copies of trip tickets from 2009, purportedly issued by Titan, as follows:

| Date | Trip Ticket Number | Amount |
|---|---|---|
| May 13, 2009 | 8577T | $ 92,396.16 |
| July 13, 2009 | 8583T | $ 111,526.60 |
| September 5, 2009 | 8587T | $ 89,767.61 |
| October 23, 2009 | 8594T | $ 95,039.47 |
| December 19, 2009 | 8605T | $ 84,049.55 |
| | Total: | $ **472,779.39** |

Ex. A.  Gulf Finest and Ho provided a 2009 Form 1120 corporate tax return for Gulf Finest, dated May 24, 2010 and reporting gross receipts of $472,780 and ($5,316) in taxable income.[1]  Counsel also filed a memo that said Ho was the *Sir Lawrence*'s boat captain from January 1, 2007 to December 31, 2009.

Relying on the trip tickets, the DHECC found that Gulf Finest and Ho met the expedited compensation criteria, and paid $467,250 to Gulf Finest and $288,750 to Ho.  In 2015, the DHECC also found Gulf Finest and Ho eligible for the Seafood Supplemental Distribution, and paid Gulf Finest an additional $236,325.35 and Ho an additional $117,098.15.  Upon information and belief, former counsel received $277,355.88 in legal fees based on a contingent fee agreement from these claims.

2.    The *Capt T*

LVS, through its principal Sinh Tran, filed a shrimp vessel owner claim for the *Capt T*.  Sinh Tran filed a shrimp boat captain claim for the vessel.  LVS and Sinh Tran sought to have the claims paid on the expedited compensation method, using 2009 hard copy trip tickets bearing the name Titan.  Because the *Capt T* is a 93-foot freezer vessel home ported in Louisiana, the claimants needed to demonstrate $400,000 in shrimping revenue to qualify for the expedited compensation method.

---

[1] The 2009 corporate tax forms for both Gulf Finest and LVS are dated May 24, 2010, and were provided on June 3, 2010 by Sinh Tran as part of an application for an early BP payment program.  Neither entity reported any taxable income.

In support of the claims, LVS and Sinh Tran filed $492,149.78 in hard copies of 2009 trip tickets, purportedly issued by Titan, as follows:

| Date | Trip Ticket Number | Amount | |
|---|---|---|---|
| April 4, 2009 | 8572T | $ | 106,902.57 |
| July 1, 2009 | 8579T | $ | 110,455.80 |
| September 12, 2009 | 8590T | $ | 100,550.21 |
| October 28, 2009 | 8598T | $ | 97,980.25 |
| December 26, 2009 | 8612T | $ | 76,260.95 |
| | Total: | $ | **492,149.78** |

Ex. B.  LVS and Sinh Tran provided the DHECC with a 2009 Form 1120 corporate tax return for LVS, dated May 24, 2010 and reporting gross receipts of $492,150 and ($2,530) in taxable income.  Sinh Tran also provided a 2009 Form 1040, reporting no taxable income. The Form 1040 had one Schedule C that stated that Sinh Tran had $13,500 in gross income from "fishing," and another Schedule C that said he had $12,000 in gross income from work as a "seafood processor."  Sinh Tran signed a SWS1, representing that the *Capt T* landed $492,150 in shrimp in the Gulf Coast Areas in 2009.  *See* Ex. C.

Relying on the trip tickets and the sworn written statement, the DHECC found that LVS and Sinh Tran met the expedited compensation criteria, and paid $397,868.24 to LVS and $228,444.00 to Sinh Tran.  In 2015, LVS also received $262,733.06 for the Seafood Supplemental Distribution.  The DHECC has placed Sinh Tran's supplemental distribution on hold.  Upon information and belief, former counsel received $222,261.33 in legal fees based on a contingent fee agreement from these paid claims.

3.     The *Lady Kathleen*

On August 27, 2012, Ngoc Lam filed a shrimp vessel owner claim for the *Lady Kathleen*.  Christopher Tran, who is the brother of Victor Tran and Sinh Tran, filed a shrimp boat captain claim for the vessel.  Both Ngoc Lam and Christopher Tran sought to have the

claims paid using the historical revenue method, using 2007 to 2009 hard copy trip tickets bearing the name Titan.  Lam sought to exclude 2009 for a major mechanical failure.

In support of the claims, Lam and Christopher Tran filed with the DHECC $467,067 in hard copies of trip tickets from 2008, purportedly issued by Titan.  Lam had not previously filed these trip tickets with the GCCF when she filed a GCCF claim.  Lam also provided individual tax returns for 2007 to 2009.

The DHECC found that Lam had benchmark revenue in 2008 of $467,067 from the trip tickets, and was entitled to $503,540.12.  After deductions for prior spill-related payments, the DHECC paid Lam $366,927.92.  The DHECC found Christopher Tran eligible for $249,501.78 in compensation, but payment has been placed on hold.  Upon information and belief, former counsel received approximately $91,731.98 in legal fees based on a contingent fee agreement from Lam's claim.

## C. *Evidence of the Fraudulent Claims*

Restitution is an equitable remedy that deprives a party of a benefit that in good conscience he ought not to keep, even though he may have received those benefits honestly in the first instance.  *Schock v. Nash*, 732 A.2d 217, 232-233 (Del. 1999); Order & Reasons on Special Master's Motion for Return of Payment at 20-21 & n.15 (Doc. Rec. 12794).

The claims from the *Sir Lawrence*, the *Capt T* and the *Lady Kathleen* each were based on hard copies of Titan trip tickets that do not represent genuine sales of shrimp, as described in more detail below.

### 1. Titan's Duty to File Texas Trip Tickets

Texas law requires seafood dealers who purchase aquatic products other than oysters from any person except another dealer to maintain cash sale tickets in a form

required by the Texas Parks & Wildlife Department as records of cash sale transactions. Tex. Parks & Wild. Code § 66.019(d) (1)-(2).

Loc Chanh "Victor" Tran is the principal of Titan, a seafood processor in Port Arthur, Texas.  Victor Tran recently told DHECC investigators that Titan reported all shrimp purchases to the Texas Parks & Wildlife Department trip ticket landing program.  *See* Ex. D. Victor Tran said he provided Titan books to an officer who traveled to Titan each month, and that he also reported purchases electronically.  Victor Tran estimated that Titan wrote 200 to 300 invoices each year.  *Id.*  None of the hard copy trip tickets submitted to the DHECC by LVS, Gulf Finest, Sinh Tran, Christine Ho and Ngoc Lam, however, were recorded in the Texas trip ticket database.

2.      Titan Trip Tickets Supporting the *Sir Lawrence* and the *Capt T* claims
                  <u>Are Dated after Titan Stopped Processing Shrimp and are Not Genuine</u>

The shrimp claims filed for catch from the *Sir Lawrence* were supported by $472,779.39 in hard copies of trip tickets from Titan dated after April 8, 2009.  The shrimp claims filed for the catch from the *Capt T* were supported by $385,247.21 in hard copies of trip tickets from Titan dated after April 8, 2009.  None of these trip tickets were in the Texas trip ticket database, and Titan no longer processed seafood after April 8, 2009. Moreover, these trip tickets are markedly higher than the trip tickets for both vessels actually filed in the Texas trip ticket database for the period April 8, 2009 to December 31, 2009.  The trip tickets recorded in the Texas database inexplicably were not presented by the claimants to the DHECC.

a.      *Titan Stopped Processing Seafood in April 2009*

On April 8, 2009, Victor Tran entered federal custody after having pleaded guilty in the Eastern District of Texas for making false statements regarding Titan to the U.S. Small

- 6 -

Business Administration ("SBA") to obtain Hurricane Rita relief funds.  *See* Ex. E.  Victor

Tran remained in custody until he completed a 48-month sentence in September 2012.  *Id*.

Titan's seafood processing essentially ceased after Victor Tran entered federal

custody, as Victor Tran's wife advised the federal judge sentencing Victor Tran in his fraud

case.  See Ex. F at 4.  This admission is corroborated by Titan's trip tickets in the Texas

Parks & Wildlife Department database.  Titan's last trip ticket in the database was dated

April 7, 2009, the day before Victor Tran bail was revoked and he was remanded to federal

custody.  Sinh Tran's last Titan trip ticket in the Texas database was dated April 6, 2009,

and Christopher Tran's last Titan trip ticket in the Texas database was dated April 7, 2009.

This information further is corroborated by statements filed with the DHECC

concerning the leasing of the Port Arthur facility to Flor-Tex Shrimp Company, LLC ("Flor-

Tex").  Flor-Tex entered a lease to operate the facility beginning September 1, 2009.  *See* Ex.

H at ¶ 5.  A Flor-Tex manager said that from September 2009 to November 2010, Flor-Tex

was the only seafood processor at the facility.  Only Flor-Tex submitted trip tickets to the

Texas trip ticket database from the facility during this time.  Christopher Tran, representing

the entity that owns the facility, said in a sworn statement to the DHECC that the facility

remained idle once Flor-Tex vacated the premises.  *See* Ex. G at 2 at ¶¶ 6-7.

       b.    *Titan Trip Tickets Issued after April 2009 Are Not Genuine*

Titan has no trip tickets in the Texas trip ticket database after April 7, 2009.

Consistent with the lack of any entries in the trip ticket database, Titan's financial records

do not reflect significant "purchase" expenses after April 2009.  For example, in the 2009

monthly profit and loss ("P&L") statements filed by Titan with the DHECC, Titan

represented that it had $28,308.86 in "purchase" expenses in July 2009.  *See* Ex. N.  Yet the

Titan trip tickets presented by the claimants for July 2009 reflect a total "purchase"

expense of $221,982.40, or over $190,000 more in purchases than Titan reported as a

"purchase" expense to the DHECC.  *See* Exs. A & B.  This "purchase" expense gap existed in

each month where claimants presented post-April 2009 hard copy Titan trip tickets, as

follows:

| Month | "Purchase" Expense on Titan P&L | Total Purchase Reflected on Purported Titan Trip Tickets | Difference |
|---|---|---|---|
| May 2009 | $57,917.15 | $92,396.16 | -$34,479.01 |
| July 2009 | $28,308.86 | $221,982.40 | -$193,673.54 |
| September 2009 | $0.00 | $190,317.82 | -$190,317.82 |
| October 2009 | $58,356.00 | $193,019.72 | -$134,663.72 |
| December 2009 | $3,336.11 | $160,310.50 | -$156,974.39 |

*See* Exs. A, B & N.  Bank records filed by Titan with the DHECC also confirm that Titan did

not make payments consistent with the purported trip tickets.  No check, withdrawal or

transfer matches the value of the purported trip tickets, and Titan's account balances were

well below what would have been required to pay the purported trip tickets.  For example,

Titan's July 2009 bank statement showed a maximum daily balance of $63,867.57 — over

$158,000 less than the $221,982.40 in purported July 2009 Titan trip tickets.  This gap

existed in four out of five months involving post-April 2009 Titan trip tickets, as follows:

| Month | Highest Daily Balance in Titan Bank Account | Total Purchase Reflected on Purported Titan Trip Tickets | Difference |
|---|---|---|---|
| May 2009 | $168,181.76 | $92,396.16 | +$75,785.60 |
| July 2009 | $63,867.57 | $221,982.40 | -$158,114.83 |
| September 2009 | $43,427.90 | $190,317.82 | -$146,889.92 |
| October 2009 | $63,474.42 | $193,019.72 | -$129,545.30 |
| December 2009 | $8,009.29 | $160,310.50 | -$152,301.21 |

*See* Exs. A, B & I.  In four of these five months, Titan was far short of having a sufficient

balance to pay the purported Titan trip tickets.

     c.     *2009 Trip Tickets in the Texas Database*
              *Further Contradict the Submissions by the Sir Lawrence and Capt T*

Gulf Finest, LVS, Sinh Tran and Christine Ho filed $964,929.17 in purported 2009 hard copy Titan trip tickets between the claims for the *Sir Lawrence* and *Capt T*.  As discussed above, none of the hard copy tickets are in the Texas database or supported by Titan financial records.  These trip tickets also are substantially higher than those actually filed in the Texas trip ticket system for the *Sir Lawrence* and *Capt T* for 2009

In the Texas database, both vessels have 2009 trip tickets from Flor-Tex, Titan and Tommy's Gulf Seafood in the aggregate amount of $538,816.65, or $426,112 less than the value reflected on the hard copy trip tickets filed by Gulf Finest, LVS, Sinh Tran and Christine Ho.  Specifically, the Texas database reflects that the *Capt T* had $340,987.04 in 2009 trip tickets, and the *Sir Lawrence* had $197,829.61 in 2009 trip tickets.  Both vessels had shrimping revenue well below the expedited compensation method threshold of $400,000.  The trip tickets are corroborated by contemporaneous Flor-Tex financial records documenting payments to Sinh Tran for shrimp purchases in the fall 2009.

Moreover, the Flor-Tex records reflect that Sinh Tran was working with a different captain, Loc Nguyen, instead of Christine Ho.

### 3.    Christine Ho Did Not Report Any 2009 Revenue as a "Boat Captain"

Christine Ho filed a shrimp boat captain claim for the *Sir Lawrence*, filing purported 2009 trip tickets from the vessel and representing that she was the vessel's boat captain from January 1, 2007 to December 31, 2009.  Ho provided the DHECC with a 2009 Form 1120 corporate tax return for Gulf Finest, but not a 2009 Form 1040 for herself.

The *Sir Lawrence* boat captain claim, however, was not the only spill-related claim filed by Ho.  In 2011, Ho also filed a GCCF claim on behalf of World Nails II in Abbeville,

Louisiana. Ho identified herself as the owner of this business, and sought compensation for a decline in business revenue. She said "due to the oil spill affecting my customer's income it has affected my income." Ho provided the GCCF with a copy of her 2009 Form 1040, identifying herself as a "beautician" and stating on an accompanying Schedule C that she had $158,500 in gross receipts from World Nails II. *See* Ex. J. Ho's 2009 Form 1040 does not mention any revenue from the *Sir Lawrence* or shrimping. Her 2008 Form 1040 similarly reported revenue coming solely from her work as a nail beautician. The GCCF appears to have paid Ho $40,200 on her lost revenue claim from her beautician business.

      4.    <u>Sinh Tran Submitted Ficticious 2009 Tax Records to the DHECC</u>

Sinh Tran provided the DHECC a 2009 Form 1040, reporting no taxable income. The Form 1040 had one Schedule C that stated that Sinh Tran had $13,500 in gross income from "fishing," and another Schedule C that said he had $12,000 in gross income from work as a "seafood processor." Victor Tran told DHECC investigators that Sinh Tran was an officer of Titan in 2009.

Sinh Tran never filed the 2009 Form 1040 with the Internal Revenue Service ("IRS"). Specifically, IRS records provided to the DHECC with Sinh Tran's consent reflect that Sinh Tran did not file the 2009 Form 1040. *See* Ex. K.

      5.    <u>Titan Trip Tickets Supporting the *Lady Kathleen* Claims are not Genuine</u>

The shrimp vessel owner claim filed by Ngoc Lam for the *Lady Kathleen* was supported by $467,067 in alleged 2008 Titan trip tickets, provided to the DHECC in hard copy and which Ngoc Lam had not presented previously to the GCCF. Christopher Tran, who identified himself as a board member and vice president of Titan, submitted a shrimp

boat captain claim for the same vessel relying on the same documents.  *See* Ex. L.
Christopher Tran is also the older brother of Victor Tran and Sinh Tran.

While the 2008 trip tickets are dated in a time that Titan was operating and
processing shrimp, several inconsistencies in these trip tickets raise issues concerning
whether the tickets are genuine.  First, the 2008 Titan trip tickets presented by Ngoc Lam
were more than double the gross shrimping revenue that she reported on her timely-filed
2008 tax return.  In addition, none of the 2008 trip tickets purportedly issued by Titan
were in the Texas trip ticket database.

Moreover, seven of the eight tickets had an appearance unlike other trip tickets
from Titan for other vessels that have been confirmed through the Texas trip ticket
database.  The type style and display for the "Titan" name and identifying information was
different, appearing in the Ngoc Lam trip tickets in a sans-serif typestyle, with "Port
Arthur" misspelled, as follows:

TITAN SEAFOOD CO.

WHOLESALE
FRESH & FROZEN
3931 SOUTH M.L.K.Dr.
PORT ARTHER, TX 77642
TEL. # 409-983-4334 & FAX.# 409-982-2156

*See* Ex. L.  This contrasts with the cursive and serif format typically appearing on Titan trip
tickets submitted by other claimants (and one of the eight tickets submitted by Ngoc Lam),
with the correct spelling of "Port Arthur," as follows:

*TITAN SEAFOOD CO*

WHOLESALE
FRESH & FROZEN
3931 SOUTH M.L.K. Dr.
PORT ARTHUR. TX 77642
TEL.# 409-983-4334 & FAX.# 409-982-3001

*See* Exs. A, B & L.  Additionally, on the seven trip tickets presented by Ngoc Lam, the "unit
price" column and "total amount" column (which displays a calculation of the net weight of

shrimp multiplied by the unit price) appeared different than Titan trip tickets filed by other claimants and the eighth ticket filed by Ngoc Lam.  Unlike the other Titan trip tickets, the values in the "unit price" column on Ngoc Lam's tickets do not measure the currency in 1/100 of a dollar, as is usual for U.S. currency and as is seen in Titan trip tickets filed by other claimants.  Ngoc Lam's tickets only display one digit to the right of the decimal in many cases, for example displaying "2.6" instead of the usual "2.60" used to display currency and used on Titan trip tickets filed by other claimants.

Further, the values in the "total amount" column often list the currency to three digits to the right of the decimal, rather than the usual two digit display for cents.  None of the columns on the seven Titan trip tickets presented by Ngoc Lam uses a comma to indicate thousands, while Titan trip tickets from other claimants (and the eighth ticket from Ngoc Lam) use this comma.

The trip ticket numbering also was inconsistent.  Seven tickets from Ngoc Lam had invoice numbering that increased as the dates progressed.  But the final trip ticket, which fell chronologically between two other tickets, is outside this sequence, as follows:

| Invoice Date | Invoice Number | "Total Amount $" Column | "Titan" Logo |
|---|---|---|---|
| 4/30/2008 | 8614 | "43099.616" | TITAN SEAFOOD CO. |
| 5/29/2008 | 8667 | "51814.609" | TITAN SEAFOOD CO. |
| 6/25/2008 | 8710 | "56023.464" | TITAN SEAFOOD CO. |
| 8/8/2008 | 8801 | "78262.408" | TITAN SEAFOOD CO. |
| 9/5/2008 | 8845 | "77419.069" | TITAN SEAFOOD CO. |
| 10/14/2008 | 8889 | "77396.921" | TITAN SEAFOOD CO. |
| 11/8/2008 | 8562 | "44,392.04" | *TITAN SEAFOOD CO* |
| 11/21/2008 | 8936 | "38659.775" | TITAN SEAFOOD CO. |

*See* Ex. L.  Additionally, while seven of the tickets presented by Ngoc Lam progressed numerically in relation to one another, their numbering was out of sequence with Titan trip

- 12 -

tickets from the same time period submitted by other claimants and found in the Texas trip ticket database.

Ngoc Lam also presented one 2009 trip ticket from Titan for $46,533 in shrimp sales, but this ticket is not in the Texas trip ticket database and was dated April 10, 2009, three days after Titan's principal entered federal custody. *See* Ex. M. By contrast, the Texas trip ticket database contains an entry for an April 7, 2009 ticket, but reflecting the purchase of only $5,970.99 of shrimp from the *Lady Kathleen* — a small fraction of the catch value of the suspect April 10 ticket but issued a day before Titan's principal entered custody. The April 7, 2009 trip ticket was not presented as part of Ngoc Lam's vessel owner claim or Christopher Tran's shrimp boat captain claim for this vessel.

### D. *Legal Analysis*

The Court's power to order equitable remedies as a result of fraudulent conduct is a broad, flexible and long-standing power. *See Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 244 (1944). Here, the evidence shows that claimants Gulf Finest, LVS, Sinh Tran, Christine Ho and Ngoc Lam presented false Titan trip tickets to the DHECC to obtain substantial compensation.

None of the Titan trip tickets submitted by the claimants are contained in the Texas Parks & Wildlife Department trip ticket records. The Titan tickets for the *Sir Lawrence* and the *Capt T* were dated after Titan stopped operating as a seafood processor because its principal was convicted of fraud perpetrated in part with false Titan business records. The alleged shrimp purchases are not reflected on Titan's 2009 financial records, nor did Titan have the financial assets to make the alleged purchases. Trip tickets for 2009 in the Texas trip ticket database for the *Sir Lawrence* and the *Capt T* had a value significantly lower than

the value reflected on the hard copy trip tickets filed by Gulf Finest, LVS, Sinh Tran and Christine Ho.  Both vessels had 2009 shrimping revenue well below the expedited compensation method threshold of $400,000.

The trip tickets for the *Lady Kathleen* have an appearance unlike other Titan trip tickets which can be found in the Texas trip ticket database, including an unusual logo style and unusual column displays.  The trip tickets also do not follow numeric sequence of Titan trip tickets verified in the Texas trip ticket database.

Other problems also exist with the claims.  For example, Christine Ho filed a claim with the GCCF that included her 2009 Form 1040, which made clear that she had no revenue as a boat captain but rather operated a nail salon.  Sinh Tran submitted a 2009 Form 1040 that had never been filed with the IRS.

Taking the evidence as a whole makes clear that the claimants submitted hard copy trip tickets that are not genuine and do not accurately reflect their shrimping revenue.  The claimants should make restitution to the DHECC so as to make the DHECC whole, deprive these companies of an unjust enrichment and deter others from engaging in similar misconduct.  *See* Order & Reasons at 22.

### E. _Conclusion_

For the reasons stated, the DHECC seeks entry of a judgment requiring claimants

Gulf Finest Investment Co., LVS Investment Group Inc., Sinh Tran, Christine Ho and Ngoc

Lam to make restitution to the DHECC for payments received on their claims.

Respectfully submitted,

Patrick Juneau
Claims Administrator

By: ___/s/ Kevin Colomb_____
Kevin Colomb
Manager of Compliance and Internal Integrity

Louis J. Freeh
Special Master

By: ___/s/ Gregory A. Paw__ _____
Gregory A. Paw
Counsel to the Special Master

Dated:  June 26, 2015