# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————————

No. 14-31402

————————————

IN RE: DEEPWATER HORIZON

————————————————————————————

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; ET AL

      Plaintiffs

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

      Defendants - Appellees

v.

KEVIN S. SMITH; SOLOMON J. FLEISCHMAN,

      Claimants - Appellants

————————————————

Appeals from the United States District Court for the
Eastern District of Louisiana, New Orleans

————————————————

O R D E R :

IT IS ORDERED that appellees' opposed motion to supplement the record on appeal with a four-page 2014 email chain between representatives of BP, the Plaintiffs' Steering Committee and the Deepwater Horizon Court Supervised Settlement Program, acting in the person of its Claims Administrator is GRANTED.

_____/s/Edith H. Jones_____
EDITH H. JONES
UNITED STATES CIRCUIT JUDGE

No. 14-31402

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

IN RE:  DEEPWATER HORIZON

_____

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED, ET AL.,

*Plaintiffs–Appellants*,

v.

BP EXPLORATION & PRODUCTION, INCORPORATED;
BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

*Defendants–Appellees.*

SOLOMON J. FLEISCHMAN AND KEVIN SMITH,

*Claimants-Appellants.*

_____

On Appeal from the United States District Court
for the Eastern District of Louisiana
MDL No. 2179, Civ. A. No. 12-970

_____

## MOTION OF APPELLEES TO
## SUPPLEMENT THE RECORD ON APPEAL

_____

Richard C. Godfrey, P.C.        Jeffrey Bossert Clark
Wendy L. Bloom                  Jane Stack
Elizabeth A. Larsen             KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS LLP            655 Fifteenth Street, N.W.
300 North LaSalle Street        Washington, D.C. 20005
Chicago, IL  60654              (202) 879-5000
(312) 862-2000

*Attorneys for the BP Appellees*

BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") respectfully move, pursuant to Federal Rules of Appellate Procedure 2 and 10(e), as well as this Court's inherent authority, to supplement the record in this appeal to include a four-page, 2014 email chain between representatives of BP, the Plaintiffs' Steering Committee ("PSC") (who double as Class Counsel), and the *Deepwater Horizon* Court Supervised Settlement Program ("CSSP"), acting in the person of its Claims Administrator. Those emails are included with this Motion as Attachment 1. *See also* Att. 2 (declaration of Charles W. Douglas, Jr. vouching for the emails as true and correct copies of correspondence with the CSSP).

In accordance with Fifth Circuit Rule 27.4, BP has contacted counsel for Messrs. Fleischman and Smith, the Appellants, to determine their position on this Motion. Counsel for Appellants indicated that they will oppose this Motion. Note that Mr. Joseph F. Rice, lead counsel for Messrs. Fleischman and Smith here, is also a member of the PSC and thus is himself Class Counsel. Mr. Rice also attended and participated in the July 9, 2014 Panel Meeting the emails concern.

In support of the requested record supplementation, BP states as follows:

1.    Messrs. Fleischman and Smith filed with the CSSP to recover on a claim for lost wages under the Economic Settlement's Individual Economic Loss ("IEL") framework.  Mr. Fleischman is the Chairman and Chief Executive Officer of Fleischman & Garcia Architects and owns 56.64% of its stock.  Mr. Smith is the Senior Vice-President of Fleischman & Garcia Architects and owns 16.33% of its stock.[1]  *See* Fleischman & Smith Opening Br. at 12-13, 5th Cir. Doc. # 00513023631 (Apr. 28, 2015) ("Fleischman Br.").  The CSSP denied Mr. Fleischman's and Mr. Smith's IEL claims (and that of their co-owner, Mr. Kelly) because Fleischman & Garcia Architects as a firm had already received a sizeable award under the Business Economic Loss ("BEL") framework that included in its compensation calculations the lost wages of owner-employees like Messrs. Kelly, Fleischman, and Smith.  *See id.* at 14-15.  One of the core principles

---

[1] A parallel motion to supplement the record is being filed by BP in Fifth Circuit Case No. 15-30023, which involves Claimant-Appellant John C. Kelly as the President of Fleischman & Garcia Architects.  Messrs. Kelly, Fleischman, and Smith are collectively the owners of one-hundred percent of Fleischman & Garcia Architects.

involved in denying the claims was avoiding double recovery, which this Court has recognized is a proper role for the CSSP to perform. *See In re Deepwater Horizon* (*Walker Fishing Fleet, Inc.*), No. 14-31026 (5th Cir. June 16, 2015) at 6 ("the Claims Administrator's interpretation both most accurately compensates for the actual economic harm caused by the blowout and avoids double recovery"), *available at* http://www.ca5.uscourts.gov/opin ions/unpub/14/14-31026.0.pdf.[2]

2.    Appellants argued in their opening brief, however, that their IEL claims were denied pursuant to the application of withdrawn CSSP Policy 363: "At BP's urging, however, the Settlement Program nevertheless denied both individuals' Claims based on the reason underlying an erroneous interpretive policy, Policy 363, which the Claims Administrator rescinded while Mr. Smith's and Mr. Fleischman's internal Settlement Program Appeals were pending.  Policy 363 was rescinded for good reason."  Fleischman Br. at 1 (paragraph break omitted); *see also id.* at 11 ("the Claims Administrator, while Mr. Smith's and Mr. Fleischman's Appeals were pending, rescinded Policy 363 altogether.").

---

[2] Mr. Fleischman's and Mr. Smith's internal appeals using CSSP processes were later rejected and Judge Barbier also denied discretionary review, leading to this appeal.

3.      For BP to defend against this argument in its opposition brief, the attached e-mail chain should be made part of the appellate record because it sets out, in the Claims Administrator's own words, why Policy 363 was actually depublished.  Mr. Fleischman's and Mr. Smith's attempt to tie the denial of their claims to the supposed direct application of Policy 363 by the CSSP Appeal Panel as well as their suggestion that the policy was withdrawn as a confession of error (or the like) by the CSSP is misleading when compared to the Claims Administrator's email.  Policy 363 was not withdrawn for the reasons Messrs. Fleischman and Smith indicate.  Instead, Claims Administrator Patrick Juneau explained in an August 5, 2014 email to Class Counsel and BP Counsel that he did not rescind Policy 363 because it was "erroneous" or "contradict[ed] the plain language of the [Settlement] Agreement," as Mr. Fleischman's and Mr. Smith's counsel maintain, Fleischman Br. at 1, but rather, because he found "perhaps . . . no need for formal policies" when the Settlement Program could simply "implement the procedures [specified in Policy 363] internally on a case-by-case basis as discussed at the July 9, 2014 Panel Meeting."  *See* email correspondence in Attachment 1, which includes Mr. Juneau's original email, dated Aug. 5, 2014 and the Co-Lead PSC's/Class

Counsel's responses to it, indicating their receipt and understanding of its contents.  BP therefore moves to supplement this record on appeal with this email chain.

**4.**    Typically, all or virtually all contents of an appellate record are filed in the district court below.  As this Court has recognized in prior *Deepwater Horizon* economic settlement litigation, however, in this case many of the documents that form the record and are necessary to understand an appeal were not filed in the district court but rather are contained in the files of the CSSP or involve CSSP correspondence with the parties — typically with lawyers for BP and Class Counsel.  The CSSP entity's operations are supervised by the district court, but not all of the documents embodying its operations (and which are thus necessary for the Court to understand the relevant legal proceedings below) are filed on the district court's docket, where they would automatically become part of the appellate record.  *See In re Deepwater Horizon*, 785 F.3d 1003, 1010 (5th Cir. 2015) (noting that pursuant to an erroneous district court order dated May 20, 2013, denials of discretionary review were not docketed).[3]

---

[3] *See also In re Deepwater Horizon*, 785 F.3d 986, 991 (5th Cir. 2015) ("the district court did not docket the requests for review, *the underlying record*,

5.     In the context of this unique litigation, the email chain that BP seeks to have made part of the record here is necessary to make clear that the rationale for the depublication of Policy 363 is very different than what Mr. Fleischman's and Mr. Smith's counsel asserts in their opening brief to this Court.  Specifically, the Economic Settlement Agreement contemplates a panel meeting process to resolve certain issues.  *See* Settlement Agreement, § 4.3.2 (Claims Administrator shall participate on the Claims Administration Panel), § 4.3.4 (describing the panel process and stating: "[u]pon the request of any member of the Claims Administration Panel, it shall address and attempt to resolve unanimously any issues or disagreements that arise regarding the Claims Administrator's oversight responsibilities, Settlement administration, or any other issue involving the Settlement Program.").  The subject of the July 9, 2014 panel meeting, in particular, involved (among other topics) discussion of Policy 363.  Given

---

or the orders denying review") (emphasis added); *id.* at 999 ("When the Rules [concerning discretionary review requests to the district court] are modified in accordance with this opinion so that requests for district court review are docketed, we expect the district court's decisions to grant or deny review to also be docketed.  The parties will then receive a docketed claim-specific order and their ability to appeal to this court will be preserved.); and *id.* at 1003 ("We also hold that the Final Rules violate this right with its lack of docketing provisions providing for a proper appeal to this court, and remand on that basis.").

this panel process and the background it provides concerning Policy 363, which Messrs. Fleischman and Smith make central to their appeal, and to avoid misleading the Court, it is necessary for the attached email chain to be designated as an official part of the appellate record.

6.     BP recognizes that the parties to this appeal submitted a jointly designated record on appeal on February 2, 2015.  The Court received this record on March 6, 2015.  Messrs. Fleischman and Smith then filed a motion to supplement the record on appeal on April 10, 2015.  *See* 5th Cir. Doc. # 00513000729.  It is true that BP opposed the motion of Messrs. Fleischman and Smith, but that motion was not remotely analogous to BP's present Motion.  BP opposed Mr. Fleischman's and Mr. Smith's motion to supplement because they sought to make part of the record in this case resolutions by the CSSP of ***unrelated claims*** filed by different claimants having no connection to Fleischman & Garcia Architects' owners or employees.  In any event, the Court granted Mr. Fleischman's and Mr. Smith's motion.  *See* Order, 5th Cir. Doc. # 00513037313 (May 11, 2015).[4] On April 28, 2015, Messrs. Fleischman and Smith filed their opening brief

---

[4] However, the Court in sister appeal No. 15-30021, denied Mr. Kelly's parallel motion to supplement.  *See* Order, 5th Cir. Doc. # 00513003785 (Apr. 14, 2015).

containing the above-mentioned characterizations of Policy 363 and offering their view of the reasons for that policy's depublication.  It is that different and new event that warrants record supplementation.

7.    Specifically, supplementation is necessary to enable this Court to make an informed decision regarding the merits of the appeal.  Mr. Fleischman's and Mr. Smith's argument depends on a mischaracterization of Policy 363 being acknowledged by the CSSP as "erroneous," yet the attached email chain proves not only that the Claims Administrator intended for Policy 363's procedures and underlying rationale to continue to be implemented on a "case-by-case basis," but also that all parties were aware of this resolution flowing directly out of the July 9, 2014 panel meeting.  *See* Att. 1, Email of P. Juneau (Claims Administrator) to Lead PSC Members S. Herman & J. Roy, representatives of BP (Messrs. K. Moskowitz & M. Holstein), and others assisting the Claims Administrator (D. Forsyth & M. Juneau) (Aug. 5, 2014) ("Specifically, the CSSP will refrain from issuing the following policies as a formal matter: . . . Pol-363 v.5 . . .[5] ***but***

---

[5] Ellipses here simply indicate other policies listed in Mr. Juneau's email that are not relevant to this appeal.

*will instead implement the procedures internally on a case-by-case basis as discussed at the July 9, 2014 Panel Meeting*.") (emphasis added).

**8.**    Accordingly, pursuant to Federal Rules of Appellate Procedure 2, 10(e) and the inherent powers of a federal Court of Appeals, this Court has "clear . . . authority" to supplement the record on appeal to include materials that are necessary to resolving the issues presented for review.  *In re Halo Wireless, Inc.*, 684 F.3d 581, 596-97 (5th Cir. 2012) (citing *Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984)).  *See also United States v. Fernandez-Cusco*, 447 F.3d 382, 386 (5th Cir. 2006) (granting motion to supplement the record where it was necessary to do to rebut a newly arising issue); Fed. R. App. P. 10(e)(3) (recognizing authority of the Courts of Appeal to set "the form and content of the record" where the issues arising go to matters that did not "occur[]" in the district court).

## CONCLUSION

The attached email correspondence provides indispensable insight into the Claims Administrator's true reason for depublishing Policy 363 — reasoning he conveyed in writing and without objection to both BP Counsel and Class Counsel — that Policy 363 was not "erroneous" and would continue to be implemented on a "case-by-case basis."  Because this

is contrary to what Messrs. Fleischman and Smith have argued in their opening brief, BP submits that this Motion to Supplement the Record should be granted.


June 19, 2015                          Respectfully submitted,

                                       /s/ Jeffrey Bossert Clark

Richard C. Godfrey, P.C.               Jeffrey Bossert Clark
Wendy L. Bloom                         Jane Stack
Elizabeth A. Larsen                    KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS LLP                   655 Fifteenth Street, N.W.
300 North LaSalle Street               Washington, D.C. 20005
Chicago, IL  60654                     (202) 879-5000
(312) 862-2000


                    *Attorneys for the BP Appellees*

**Attachment 1**

| From: | Bloom, Wendy L. |
|---|---|
| To: | pjuneau@dheclaims.com; mjuneau@dheclaims.com; mhazzard@browngreer.com |
| Cc: | SHERMAN@hhklawfirm.com; jimr@wrightroy.com; jdforsyth@sessions-law.com; Moskowitz, Keith; mark holstein |
| Subject: | CSSP decision regarding Policies 354 v.4, 363 v.5, 490, and 503 |
| Date: | Sunday, August 17, 2014 1:43:00 PM |

Dear Pat and Mike,


BP would like to respond to Steve's two emails relating to the Claims Administrator's email announcing that the CSSP will refrain from issuing policies 354 v.4, 363 v.5, 490 and 503, both of which are copied below along with the Claims Administrator's email.

BP agrees with Class Counsel that it is appropriate to remove from the public policy portal all prior versions of those policies, and likewise to inform the appeals panelists that these Policies are being withdrawn and so appeals panelists should not consult them or prior versions in deciding appeals. Although the Claims Administrator typically makes available for claimants all prior versions of a given policy, in this instance, given that the Claims Administrator will implement the procedures addressed in Policies 354 v.4, 363 v.5, 490 and 503 "internally on a case-by-case basis," it would be confusing and misleading to claimants and appeals panelists to continue to display prior versions of these policies. Accordingly, BP respectfully requests that versions 1 thru 3 of Policy 354 be removed from the public policy portal, as well as versions 1 thru 4 of Policy 363. As there were no prior versions to Policy 490 and 503, there are no versions publicly available to remove from the policy portal.

BP respectfully disagrees with one aspect of the Claims Administrator's characterization of the Parties' discussion at the July 9, 2014 Panel Meeting. Although Class Counsel stated on the record that it thought there was no need for formal policies to be issued on the topics discussed, the record demonstrates that BP indicated that it would not object to pulling down Policy 354 v.4 and Policy 490. BP was not asked its views regarding withdrawal by the Claims Administrator of Policies 363 v.5 or Policy 503.

With respect to Policy 363 v.5, Preventing Double Payment for the Same Loss to an Entity and the Owner or Officer of that Entity," there were several instances during the Panel Meeting in which Class Counsel expressed a view they were in favor of double recovery. Time and again, the appeals panelists have supported CSSP determinations which deny payment where there will a double recovery. BP is of a view that there is a need for for there to be a published policy indicating that double recovery will not be permitted. Such a published policy serves the public policy and fraud prevention purposes. Thus, BP disagrees with the characterization that it voiced a view there was "perhaps no need for" a formal policy on this subject.

To the extent the Claims Administrator intends to issue a public statement regarding

the Claims Administrator's current position with respect to these four policies, BP proposes that the Claims Administrator issue the following language:

"The Claims Administrator previously adopted Policies 354 and 363 affecting the administration of Economic Loss claims under the Settlement Program.  Policy 354 pertains to evaluation of claimants with changes in business ownership or operating activities, and three versions of this policy have been made available on the Claims Administrator's publicly available policy portal.  Policy 363 concerns the prevention of double payment for the same loss to an entity and the owner or officer of that entity, and four versions of this policy have been made available on the Claims Administrator's publicly available policy portal.  Moving forward, the Claims Administrator has determined to refrain from issuing formal policies on these topics, and instead will decide such questions on a case-by-case basis.  All prior versions of these policies will be withdrawn from the publicly available policy portal."

BP does not agree with Steve's proposed language explaining the withdrawal of Policies 354 and 363.   In our view, Steve's proposed language is vague, confusing, and inaccurate in some respects, as well as incomplete with respect to the issues addressed in Policies 354 and 363 and scope of what is required by the Settlement Agreement.  Since Policies 490 and 503 were never issued, there is not a need to reference these, or the topics that they would have covered if formally adopted.

Respectfully submitted,


Wendy

**Wendy Bloom | Kirkland & Ellis LLP**
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2343 **DIRECT** | (312) 862-2200 **FAX**
wendy.bloom@kirkland.com

**From:** Steve Herman [mailto:SHERMAN@hhklawfirm.com]
**Sent:** Wednesday, August 06, 2014 5:43 PM
**To:** Patrick Juneau
**Cc:** jdforsyth@sessions-law.com; Michael Juneau; 'James Roy (jimr@wrightroy.com)' (jimr@wrightroy.com); Moskowitz, Keith; Mark Holstein (Mark.Holstein@bp.com)
**Subject:** BP Oil - Claiming Entity and Multi-Facility Policies

Or, better yet, maybe new versions that indicate that the Program will continue to apply Exhibits 4 and 5 to the Claiming Entity, as appropriate, on a case-by-case basis, according to the nature and structure of the Claiming Entity, and any related entities and/or facilities (?)

On Aug 5, 2014, at 2:50 PM, "Steve Herman" <SHERMAN@hhklawfirm.com> wrote:

> Thanks Pat.  Does that mean the Program will formally revoke Policy No. 354
> v.3 and Policy No. 363 v. 4, (or whatever version is currently available to
> Claimants and their counsel or CPAs) ?
>
> **From:** Patrick Juneau [mailto:pjuneau@dheclaims.com]
> **Sent:** Tuesday, August 05, 2014 1:04 PM
> **To:** Steve Herman; 'James Roy (jimr@wrightroy.com)' (jimr@wrightroy.com);
> Moskowitz, Keith; Mark Holstein (Mark.Holstein@bp.com)
> **Cc:** jdforsyth@sessions-law.com; Michael Juneau
> **Subject:** Policies in Play / July 9, 2014 Panel Meeting
>
> Counsel:
>
> At the July 9, 2014 Claims Administration Panel Meeting, the question was
> raised as to whether it is necessary for the Court Supervised Settlement
> Program ("CSSP") to adopt formal policies regarding the CSSP's procedures
> that were listed on that meeting's agenda.  Both sides voiced views that though
> the discussion of the issues and of the CSSP's relevant procedures was
> beneficial, there perhaps is no need for formal policies to be issued on the
> subjects.   In light of that, I am hereby notifying you that the CSSP will refrain
> from issuing formal policies on the procedures that were discussed.
> Specifically, the CSSP will refrain from issuing the following policies as a formal
> matter: Pol-354 v.4; Pol-363 v.5; Pol-490; and Pol-503 but will instead
> implement the procedures internally on a case-by-case basis as discussed at
> the July 9, 2014 Panel Meeting.
>
> **PATRICK A. JUNEAU**
>
> Claims Administrator
>
>
>
> This email (and any attachments) is confidential and is intended for use solely
> by the properly named addressee. If you are not the intended recipient, any use,
> dissemination, forwarding, copying or printing of this email without the consent
> of the originator is strictly prohibited. Although this email (and any attachments)
> are believed to be free of any virus or other defect, it is the responsibility of the
> recipient to ensure that it is virus free, and no responsibility is accepted by the
> sender for any loss or damage arising in any way from its use. If you have
> received this email in error, please immediately notify the sender by reply email
> or by telephone at 504-934-4999.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it

```
unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us
and
deleting it from your system.  Thank you.
```

**********************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

**********************************************************


**********************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof i

**Attachment 2**

## DECLARATION OF CHARLES W. DOUGLAS, JR.

I, Charles W. Douglas, Jr., do hereby declare as follows:

1.      I am authorized and competent to make this Declaration, and I am over the age of 21 years. I swear and affirm that the statements contained in this Declaration are true and correct and the matters attested herein are within my personal knowledge.

2.      I am an attorney with the law firm of Kirkland & Ellis LLP. I serve as one of the attorneys representing BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively "BP").

3.      In connection with my representation of BP, I am familiar with the *Deepwater Horizon* Economic and Property Damages Settlement Agreement, as amended. I have had a substantial role in reviewing and commenting upon policies proposed by the Claims Administrator of the Court-Supervised Settlement Program ("CSSP"), and in this role, I maintain a record of correspondence and submissions relating to policy issues.

4.      The attached four-page, 2014 email chain between representatives of BP, the Plaintiffs' Steering Committee, and the CSSP is a true and correct copy of the correspondence exchanged involving Policy 363 v.5.

I make this Declaration under penalties of perjury pursuant to 28 U.S.C. § 1746, and I state that the facts set forth herein are true to the best of my knowledge, belief, and information.

Charles W. Douglas, Jr.

Dated:  June 17, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion of Appellees to Supplement the Record on Appeal was filed electronically on June 19, 2015, and will, therefore, be served electronically upon all counsel.

/s/ Jeffrey Bossert Clark

Jeffrey Bossert Clark

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

June 25, 2015

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

      No. 14-31402     In Re: Deepwater Horizon
                  USDC No. 2:10-MD-2179
                  USDC No. 2:12-CV-970

Enclosed is an order entered in this case.

The court has granted the motion to supplement or correct the
record in this case.  The district court is requested to add the
attached documents to their court's docket and to provide us with
a supplemental electronic record.  Counsel is reminded that any
citations to these documents must cite to the supplemental
electronic record.

                          Sincerely,

                          LYLE W. CAYCE, Clerk

                          By: _____
                          Cindy M. Broadhead, Deputy Clerk
                          504-310-7707

Mr. Frederick Curtis Baker
Mr. William W. Blevins
Mr. George Howard Brown
Mr. Jeffrey Bossert Clark Sr.
Mr. Kevin Robert Dean
Mr. Miguel Angel Estrada
Mr. Richard Cartier Godfrey
Mr. Don Keller Haycraft
Mr. Thomas George Hungar
Mr. James Andrew Langan
Ms. Elizabeth A. Larsen
Mr. Scott Payne Martin
Mr. Theodore B. Olson
Mr. Joseph F. Rice
Ms. Lisa Marie Saltzburg