IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>*<br>* | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | *<br>* | Judge Barbier |
| Case Nos. 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | *<br>*<br>* | Magistrate Judge Shushan |

**BPXP'S OPPOSITION TO THE STATE OF ALABAMA'S MOTION TO CLARIFY AND/OR MOTION FOR PROTECTIVE ORDER**

BP Exploration & Production Inc. ("BPXP") respectfully opposes Alabama's motion for a protective order regarding Dr. Deravi's fact deposition. Alabama's motion is unnecessary because BPXP has already agreed, and the Court has ruled, that Dr. Deravi will not be subject to questioning during his fact deposition regarding his current work as a litigation expert. Moreover, Alabama's motion seeks to preclude BPXP from questioning Dr. Deravi about far more than just his current work as a litigation expert and would improperly limit questioning that is clearly proper fact discovery.

Dr. Deravi is an economist that the State routinely relies on for revenue forecasting and analyses of Alabama's tourism industry. Accordingly, he is an important fact witness in this matter. Nonetheless, having failed it its attempt to prevent Dr. Deravi's fact deposition, Alabama now seeks an impermissibly broad protective order that contradicts the Federal Rules. Under Rule 26(b)(4), only information obtained and opinions formed by Dr. Deravi *exclusively* due to his work as a litigation expert are properly outside the scope of his fact deposition. But the proposed order goes much further and would preclude questioning regarding work Dr. Deravi began performing for the State both before the oil spill and before he was retained as a litigation expert. This is work that Dr. Deravi continues to perform today and is indisputably separate from his litigation expert work. Alabama's motion would also preclude questioning regarding work by Dr. Deravi that the State itself has previously treated as within the scope of fact discovery. Alabama's retention of Dr. Deravi as a litigation expert does not permit these material limitations and Alabama's proposed protective order should therefore be denied.

**I.    A Protective Order Is Unnecessary To Avoid Questioning Of Dr. Deravi Regarding His Litigation Expert Work.**

The Court has already ordered that Dr. Deravi shall not be deposed on opinions in his expert report until the expert discovery period. Rec. Doc. 14704. BPXP has also consistently

1

represented that it will not question Dr. Deravi at his fact deposition regarding his current work as a litigation expert for Alabama. Moreover, at the time of his fact deposition, Dr. Deravi will not have submitted an expert report, therefore BPXP cannot question him about opinions that have not been offered or likely even formed. Accordingly, no further order is needed to prevent questioning about Dr. Deravi's work as a litigation expert at his fact deposition.

II. **Alabama's Proposed Protective Order Would Preclude Questioning Regarding Dr. Deravi's Work That The Court Has Already Ruled Is Subject To Fact Discovery.**

Alabama seeks an overly broad restriction on the scope of Dr. Deravi's fact deposition that is contrary to the Court's ruling granting this deposition and not supported by Rule 26. Contrary to Alabama's assertion, Rule 26(b)(4)(D) does not impose a burden on BPXP of establishing "exceptional circumstances" that justify the scope of Dr. Deravi's fact deposition. As is clear from its title, Rule 26(b)(4)(D) applies only to an "Expert Employed Only for Trial Preparation." Dr. Deravi, however, is not such an expert; he is a fact witness involved in the subject matter of this litigation that Alabama chose to also retain as a litigation expert. Rule 26(b)(4) "does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." Notes of Advisory Committee on Rules, 1970; *see also Atari Corp. v. Sega of America*, 161 F.R.D. 417, 421 (N.D. Cal. 1994). As such, Dr. Deravi should be treated as an ordinary witness at his fact deposition regarding facts and information he learned and analyses he performed outside of his work as a litigation expert. *See Atari Corp.*, 161 F.R.D. at 421 ("[T]he mere designation by a party of a trial witness as an 'expert' does not thereby transmute the experience that the expert witness acquired as an actor into experience that he acquired in anticipation of litigation or for trial."). Accordingly, Alabama bears the burden under Rule

2

26(c)(1) "to show 'good cause' by demonstrating a clearly defined and specific injury to warrant a protective order." *Pamlab LLC v. Rite Aid Corp.*, No. 04-cv-1115, 2006 WL 286199, *2 (E.D. La. Feb. 7, 2006) (J. Barbier presiding) (citing *In re Terra Int'l Inc.*, 134 F.3d 302, 306 (5th Cir. 1990). Alabama, however, has not even attempted to identify any injury it would suffer from questioning of Dr. Deravi regarding work he performed outside of his role as a litigation expert.

Addressing an analogous situation in *Atari*, the court ruled that at his fact deposition a dual fact/expert witness "must give his opinions and facts known, except to the extent that they were obtained *exclusively* in anticipation or in preparation for trial as an expert." 161 F.R.D. at 421-22 (emphasis in original). The same rule should apply here. Moreover, any work that Dr. Deravi performed before his retention as a litigation expert by the State cannot be protected from fact discovery. *See, e.g.*, *Nelco Corp. v. Slater Electric, Inc.*, 80 F.R.D. 411, 414 (E.D.N.Y. 1978). The restrictions in Alabama's proposed protective order, however, are not limited to the time after Dr. Deravi was retained as a litigation expert. Accordingly, Alabama's proposed protective order should be rejected because it seeks to impose limitations on Dr. Deravi's fact deposition beyond just facts he learned and opinions he formed *exclusively* as a litigation expert.

For example, limitation #2 of Alabama's proposed order would preclude questioning regarding the full scope of Dr. Deravi's work on the Alabama Tourism Department's publicly-available Travel Economic Impact Reports.[1] This work was one of the reasons BPXP sought Dr. Deravi's fact deposition, and the Court granted this deposition "[f]or the reasons presented by BPXP." Rec. Doc. 14704. The Travel Economic Impact 2010 report includes a page long "Note" addressing the alleged impact of the Deepwater Horizon oil spill on the State and its tourism industry. Ex. A at 3. This analysis would be outside the scope of fact discovery under limitation

---

[1] The director of Alabama's Tourism Department, Lee Sentell, testified at his deposition that Dr. Deravi is the author of the Tourism Department's Economic Impact Reports. Ex. B, L. Sentell dep. tr. at 101:15-20; 102:9-12.

3

#2 of Alabama's proposed order, but was performed in Dr. Deravi's role as a contractor for the Tourism Department and not *exclusively* in his role as a litigation expert. Ex. B at 102:9-18. Therefore, it is properly within the scope of fact discovery.

Similarly, Alabama's proposed limitation #3 would improperly limit questioning regarding economic analyses that Dr. Deravi performed outside of his work as a litigation expert. Dr. Deravi frequently analyzes the Alabama economy outside of his work as a litigation expert and all such analyses are properly within the scope of his fact deposition. As a few examples, BPXP's subpoenas of Dr. Deravi specifically identify several presentations he has given—before and after the oil spill—that discuss Alabama's economy but were not part of his work on this litigation. Ex. C at 11. This work is properly within the scope of Dr. Deravi's fact deposition.

### III. Dr. Deravi's 2010 Analyses Of The Oil Spill's Impact On State Tax Revenues Are Not Protected Expert Work Product.

Limitation #4 of Alabama's proposed protective order improperly seeks to prevent any questioning regarding two memoranda that Dr. Deravi prepared in 2010 analyzing the impact of the oil spill on the State. *See* Ex. D;[2] Ex. E. These memoranda and the work performed to generate them, however, are properly within the scope of fact discovery. These memoranda were never protected from discovery as expert work product under Rule 26(b)(4), but even if they were protected by Rule 26(b)(4) at one point—which they were not—any such protection has been waived. Accordingly, the Court should reject limitation #4 of Alabama's proposed order.

Dr. Deravi's 2010 analyses of the impact of the oil spill on State tax revenues were not treated as protected expert work product by Alabama until it filed the present motion. Alabama provided these analyses to BPXP in 2010 and made them publicly available. *See*, *e.g.,* Ex. D; Ex.

---

[2] Although BPXP maintains that these memoranda are not confidential, out of an abundance of caution and because Alabama has designated them as confidential under PTO 13 in Dr. Deravi's and its document productions, BPXP has filed Ex. D and Ex. I under seal.

4

E; Ex. F. After receiving these memoranda, BPXP had meetings with Dr. Deravi where he explained his analysis, including the methodology he employed, in detail. *See* Ex. G at 2; Ex. H at 163:6-23; Ex. I. Moreover, BPXP's subpoenas of Dr. Deravi specifically requested "any data or documents cited or relied upon" in these analyses and Alabama and Dr. Deravi produced such materials, including modeling files, without objection. Ex. C at 9. This is inconsistent with the implicit assertion in Alabama's motion that these memoranda and their analyses are not the proper subject of fact discovery. *See White v. Electrolux N. Am., Inc.*, No. 13-cv-1617, 2014 WL 1365424, *2 (N.D. Ill. Apr. 7, 2014) (ruling that a report prepared by a dual fact/expert witness and intentionally provided to opposing counsel was not protected from discovery by Rule 26(b)(4)(D) and was properly within the scope of the witness's fact deposition).

Nonetheless, even if the 2010 memoranda were at one time protected from discovery as expert work product—which they were not—Alabama has waived any such protection under Rule 26(b)(4). Rule 26(b)(4)(D) "is simply an application of the work product rule," and as such "the concept of waiver is applicable to Rule 26(b)(4)(D) protection." *Id.* at *2 (quoting in part *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1024 (7th Cir. 2012)). By disclosing these memoranda and discussing in detail the analyses contained in them with BPXP, Alabama has waived any claim of work product protection over them. *Stern v. O'Quinn*, 253 F.R.D. 663, 681 (S.D. Fla. 2008) ("Generally speaking, … work-product production is waived when protected materials are 'disclosed in a manner which is either inconsistent with maintaining secrecy against opponents or substantially increases the opportunity for a potential adversary to obtain the protected information.'"). Thus, Dr. Deravi's 2010 memoranda and the analyses they contain are proper subject matter for Dr. Deravi's fact deposition.

**IV.    Conclusion**

For the reasons above, the Court should deny Alabama's request for a protective order.

Dated:  June 30, 2015

Respectfully submitted,

*/s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone: (202) 879-5000
Facsimile: (312) 862-2200

Maureen F. Browne
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter, LLP
555 12th Street N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

*Attorneys for BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 30th day of June, 2015.

>  */s/ Don K. Haycraft*_____
>  Don K. Haycraft