# EXHIBIT C

E-SERVICE

56928445
Mar 16 2015
09:18PM

File & ServeXpress

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| **This Document Relates To:** | DISTRICT JUDGE BARBIER |
| **Case Nos. 10-2771, 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813** | MAGISTRATE JUDGE SHUSHAN |

## DEFENDANT BP EXPLORATION & PRODUCTION INC.'S NOTICE OF SUBPOENAS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure Defendant BP Exploration & Production Inc. ("BPXP") hereby provides this notice of its intent to serve the attached subpoenas on Dr. M. Keivan Deravi (Appx. 1 & 2).

Dated:  March 16, 2015

Respectfully submitted,

*/s/ Paul D. Collier*
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Paul D. Collier
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
F. Chad Morriss
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (312) 862-2200

Maureen F. Browne
Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5985

Joel M. Gross
Lawrence A. Schneider
Arnold & Porter, LLP
555 12th Street N.W.
Washington, DC 20004
Telephone: (202) 942-5705
Facsimile: (202) 942-5999

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #I6984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

*Attorneys for BP Exploration & Production Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendant BP Exploration & Production Inc.'s Notice of Subpoenas has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 16th day of March, 2015.


*/s/ Paul D. Collier*
Paul D. Collier

# APPENDIX 1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No.   MDL 2179 |
| This document relates to: 10-4182, 10-4183, ) | |
| 13-2645, 13-2646, 13-2647, 13-2813 ) | |
| _Defendant_ ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Dr. M. Keivan Deravi
Auburn University at Montgomery, 324F Clement Hall, Montgomery, AL 36117
_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see Attachment A attached hereto

| Place: 2000 Interstate Park Drive | Date and Time: |
|---|---|
| Suite 302 | |
| Montgomery, AL 36109 | To Be Determined |

The deposition will be recorded by this method:   Stenographic and videographic.

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _d-d2-d015_

_CLERK OF COURT_

OR

_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
BP Exploration & Production Inc.                    , who issues or requests this subpoena, are:

Adam Kaufmann; 300 N. LaSalle, Chicago, IL 60654; adam.kaufmann@kirkland.com; 312-862-2852

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL 2179

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

<u>**ATTACHMENT A**</u>

**DEPOSITION TOPICS**

1. All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to any impact of the *Deepwater Horizon* Incident and/or Oil Spill on Alabama's economy and/or tax revenues that You have contributed to or prepared, and any data or documents cited or relied upon therein, including but not limited to:

   (i) The memorandum from You to Bill Newton, dated September 13, 2010, with the subject "Memorandum in support of Alabama's claim to BP for loss of tax revenues,"; and

   (ii) The memorandum from You to Bill Newton, dated August 12, 2010, with the subject "Preliminary first estimate of potential Deepwater Horizon oil spill damage on State revenues.

2. All communications You have had with any local, state, or federal government department, division, office, or official relating to any impact of the *Deepwater Horizon* Incident and/or Oil Spill on Alabama's economy and/or tax revenues.

3. All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to any impact of the National Recession on Alabama's economy and/or tax revenues that You have contributed to or prepared, and any data or documents cited or relied upon therein.

4. All communications You have had with any local, state, or federal government department, division, office, or official relating to any impact of the National Recession on Alabama's economy and/or tax revenues.

5. All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to any impact of Hurricane Katrina, Hurricane Dennis, Hurricane Ivan, or the September 11, 2001 tragedy on Alabama's economy and/or tax

revenues that You have contributed to or prepared, and any data or documents cited or relied upon therein.

6. All communications You have had with any local, state, or federal government department, division, office, or official relating to any impact of Hurricane Katrina, Hurricane Dennis, Hurricane Ivan, or the September 11, 2001 tragedy on Alabama's economy and/or tax revenues.

7. All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to Alabama's economy and/or tax revenues that You have contributed to or prepared for any local, state, or federal government department, division, office, or official from 2005 through the present, and any data or documents cited or relied upon therein.

8. All communications You have had with any local, state, or federal government department, division, office, or official from 2008 through the present relating to Alabama's economy and/or tax revenues, including but not limited to, communications with the Alabama Executive Budget Office, the Alabama Legislative Fiscal Office, and members of the Alabama legislature.

9. All versions from 2005 through the present of the Alabama Economic Forecasting Model referenced at   http://www.auburn.edu/outreach/cgs/workforce/keivan.htm   in their native format, including all multipliers and/or inputs used in this model.

10. All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections that You have contributed to or prepared from 2005 through the present utilizing the Alabama Economic Forecasting Model.

11. All presentations You have contributed to, prepared or given since 2005 relating to Alabama's economy, including but not limited to:

   (i)   Your presentation at the Alabama Society of Certified Public Accountants' Annual Industry Conference in May 2009;

   (ii)   Your presentation at the December 2009 Governmental Accounting and Auditing Forum;

   (iii)   Your presentation to the Economic Development Association of Alabama in June 2012;

   (iv)   Any presentations You have given to the Montgomery Area Chamber of Commerce Economic Forum;

   (v)   Any presentations You have given to the Alabama Executive Budget Office;

   (vi)   Any presentations You have given to the Alabama Legislative Fiscal Office; and

   (vii)   Any presentations you have given to the Alabama state legislature, legislative committees and subcommittees, and/or legislative staff members.

12. All documents in Your possession, custody, or control relating "the State of Alabama's appropriation process," "the State's macroeconomic climate," "the behavior" of "State industries," and any other topic upon which You will testify or opine on behalf of the State of Alabama.

13. All communications You have had with any Alabama state government department, division, office, or official from 2008 through the present regarding "the State of Alabama's appropriation process," "the State's macroeconomic climate," "the behavior" of "State industries," and any other topic upon which You will testify or opine on behalf of the State of Alabama

## DEFINITIONS

1. The term "You," "Your," or "Yours" means Dr. M. Keivan Deravi and any persons acting on your behalf or under your direction.

2.  "Person" shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, political entity, committee, or any other organization.

3.  "Communication," whether singular or plural, means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

4.  "Document" or "documents" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including ESI, and includes the original and any identical or nonidentical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, all writings; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; profit and loss statements; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or

4

medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

5. "Identify," when used with respect to: (i) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last known address and telephone number and business address and telephone number; (ii) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (iii) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

6. "Including" or "includes" means "including, but not limited to" or "including without limitation."

7. "Relating to" or "relating to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, references, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

8. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

9. "*Deepwater Horizon* Incident" and "Incident" mean the events leading to: (i) the loss of well control and the ensuing explosion, fire, injuries and loss of life on the *Deepwater Horizon* rig on or about April 20, 2010; and (ii) the eventual sinking of the rig on April 22, 2010.

10. "Oil Spill" means the oil released into the Gulf of Mexico as a result of the Incident.

11. "State" or "Alabama" means, without limitation, the State of Alabama, including any subdivision, subsection, or sub-region therein.

5

12. "National Recession" or "Great Recession" means the economic recession affecting the United States that, as reported by the National Bureau of Economic Research, began in December 2007 and lasted until June 2009.

## INSTRUCTIONS

1. Each request is to be construed independently and not by or with reference to any other request for purposes of limiting the scope of any particular request.

2. If you claim that the language of any request is vague or ambiguous, then you must identify the language you believe is ambiguous and describe the different interpretations that you believe may apply to such language.

3. To the extent they encompass any such information, these requests exclude from their scope any confidential settlement communications regarding claims arising from the *Deepwater Horizon* Incident and/or Oil Spill, any reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections prepared for purposes of settlement negotiations regarding claims arising from the *Deepwater Horizon* Incident and/or Oil Spill and maintained as confidential, and any Settlement Communications protected by MDL 2179 Pretrial Order 38, Rec. Doc. 3201 in Case No. 2:10-md-02179-CJB-SS pending in the Eastern District of Louisiana.

# APPENDIX 2

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   MDL 2179 |
| This document relates to: 10-4182, 10-4183, 13-2645, 13-2646, 13-2647, 13-2813 | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Dr. M. Keivan Deravi
Auburn University at Montgomery, 324F Clement Hall, Montgomery, AL 36117

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A attached hereto

| Place: 2000 Interstate Park Drive Suite 302 Montgomery, AL 36109 | Date and Time: 03/20/2015 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   d-d7-d015

| *CLERK OF COURT* | OR | |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BP Exploration & Production Inc. _____ , who issues or requests this subpoena, are:

Adam Kaufmann; 300 N. LaSalle, Chicago, IL 60654; adam.kaufmann@kirkland.com; 312-862-2852

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   MDL 2179

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                              _____
                                                              *Server's signature*

                                                              _____
                                                              *Printed name and title*

                                                              _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## <u>ATTACHMENT A</u>

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Please produce the following documents in accordance with the definitions and instructions provided below.**

1.  All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to any impact of the *Deepwater Horizon* Incident and/or Oil Spill on Alabama's economy and/or tax revenues that You have contributed to or prepared, and any data or documents cited or relied upon therein, including but not limited to:

    (i)  The memorandum from You to Bill Newton, dated September 13, 2010, with the subject "Memorandum in support of Alabama's claim to BP for loss of tax revenues,"; and

    (ii) The memorandum from You to Bill Newton, dated August 12, 2010, with the subject "Preliminary first estimate of potential Deepwater Horizon oil spill damage on State revenues.

2.  All communications You have had with any local, state, or federal government department, division, office, or official relating to any impact of the *Deepwater Horizon* Incident and/or Oil Spill on Alabama's economy and/or tax revenues.

3.  All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to any impact of the National Recession on Alabama's economy and/or tax revenues that You have contributed to or prepared, and any data or documents cited or relied upon therein.

4.  All communications You have had with any local, state, or federal government department, division, office, or official relating to any impact of the National Recession on Alabama's economy and/or tax revenues.

5.  All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to any impact of Hurricane Katrina, Hurricane Dennis,

Hurricane Ivan, or the September 11, 2001 tragedy on Alabama's economy and/or tax revenues that You have contributed to or prepared, and any data or documents cited or relied upon therein.

6.  All communications You have had with any local, state, or federal government department, division, office, or official relating to any impact of Hurricane Katrina, Hurricane Dennis, Hurricane Ivan, or the September 11, 2001 tragedy on Alabama's economy and/or tax revenues.

7.  All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections relating to Alabama's economy and/or tax revenues that You have contributed to or prepared for any local, state, or federal government department, division, office, or official from 2005 through the present, and any data or documents cited or relied upon therein.

8.  All communications You have had with any local, state, or federal government department, division, office, or official from 2008 through the present relating to Alabama's economy and/or tax revenues, including but not limited to, communications with the Alabama Executive Budget Office, the Alabama Legislative Fiscal Office, and members of the Alabama legislature.

9.  All versions from 2005 through the present of the Alabama Economic Forecasting Model referenced at   http://www.auburn.edu/outreach/cgs/workforce/keivan.htm   in their native format, including all multipliers and/or inputs used in this model.

10. All papers, articles, reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections that You have contributed to or prepared from 2005 through the present utilizing the Alabama Economic Forecasting Model.

2

11. All presentations You have contributed to, prepared or given since 2005 relating to Alabama's economy, including but not limited to:

    (i)     Your presentation at the Alabama Society of Certified Public Accountants' Annual Industry Conference in May 2009;

    (ii)    Your presentation at the December 2009 Governmental Accounting and Auditing Forum;

    (iii)   Your presentation to the Economic Development Association of Alabama in June 2012;

    (iv)   Any presentations You have given to the Montgomery Area Chamber of Commerce Economic Forum;

    (v)    Any presentations You have given to the Alabama Executive Budget Office;

    (vi)   Any presentations You have given to the Alabama Legislative Fiscal Office; and

    (vii)  Any presentations you have given to the Alabama state legislature, legislative committees and subcommittees, and/or legislative staff members.

12. All documents in Your possession, custody, or control relating "the State of Alabama's appropriation process," "the State's macroeconomic climate," "the behavior" of "State industries," and any other topic upon which You will testify or opine on behalf of the State of Alabama.

13. All communications You have had with any Alabama state government department, division, office, or official from 2008 through the present regarding "the State of Alabama's appropriation process," "the State's macroeconomic climate," "the behavior" of "State industries," and any other topic upon which You will testify or opine on behalf of the State of Alabama

**DEFINITIONS**

1. The term "You," "Your," or "Yours" means Dr. M. Keivan Deravi and any persons acting on your behalf or under your direction.

3

2. "Person" shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, political entity, committee, or any other organization.

3. "Communication," whether singular or plural, means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

4. "Document" or "documents" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including ESI, and includes the original and any identical or nonidentical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, all writings; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; profit and loss statements; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or

4

medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

5. "Identify," when used with respect to: (i) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last known address and telephone number and business address and telephone number; (ii) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (iii) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

6. "Including" or "includes" means "including, but not limited to" or "including without limitation."

7. "Relating to" or "relating to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, references, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

8. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

9. "*Deepwater Horizon* Incident" and "Incident" mean the events leading to: (i) the loss of well control and the ensuing explosion, fire, injuries and loss of life on the *Deepwater Horizon* rig on or about April 20, 2010; and (ii) the eventual sinking of the rig on April 22, 2010.

10. "Oil Spill" means the oil released into the Gulf of Mexico as a result of the Incident.

11. "State" or "Alabama" means, without limitation, the State of Alabama, including any subdivision, subsection, or sub-region therein.

5

12. "National Recession" or "Great Recession" means the economic recession affecting the United States that, as reported by the National Bureau of Economic Research, began in December 2007 and lasted until June 2009.

**INSTRUCTIONS**

1. Each request is to be construed independently and not by or with reference to any other request for purposes of limiting the scope of any particular request.

2. If you claim that the language of any request is vague or ambiguous, then you must identify the language you believe is ambiguous and describe the different interpretations that you believe may apply to such language.

3. To the extent they encompass any such information, these requests exclude from their scope any confidential settlement communications regarding claims arising from the *Deepwater Horizon* Incident and/or Oil Spill, any reports, presentations, analyses, studies, assessments, evaluations, estimates, or projections prepared for purposes of settlement negotiations regarding claims arising from the *Deepwater Horizon* Incident and/or Oil Spill and maintained as confidential, and any Settlement Communications protected by MDL 2179 Pretrial Order 38, Rec. Doc. 3201 in Case No. 2:10-md-02179-CJB-SS pending in the Eastern District of Louisiana.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | **MDL No. 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION: J** |
| | * | |
| Applies to: *All Cases*. | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \*

## PRE-TRIAL ORDER NO. 13

## ORDER PROTECTING CONFIDENTIALITY

1.   *Purpose*. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rule.

2.   *Information*. Information includes the contents of documents, data associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data derived from objects other than documents, produced or disclosed in these proceedings by any party to these proceedings or by any third party (the "Producing Party") to any other party or parties (the "Receiving Party").

3.   *Condition*. This order covers information that the Producing Party designates "Confidential" or "Highly Confidential". Information may be designated as Confidential when the Producing Party reasonably believes the information disclosed constitutes, reflects, discloses or contains information subject to protection under Federal Rule of

Case 2:10-md-02179-CJB-DPC Document 14793-3 Filed 06/30/15 Page 28 of 36

Civil Procedure 26(c). Information may be designated as Highly Confidential when the Producing Party reasonably believes that the disclosure of Confidential Information to third party competitors will result in commercial harm. The parties shall make Confidential and Highly Confidential designations in good faith to insure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

4. *Procedure.*

    A. *Designation.* To designate information as Confidential or Highly Confidential, a Producing Party must mark it or identify it on the record as such. Either designation may be withdrawn.

    B. *Marking.* All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such information.

    C. *Timing.* Documents and other objects must be designated before disclosure. In the event that a Producing Party designates some or all of a witness' deposition testimony Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to all Liaison Counsel within fourteen (14) days of receipt of the transcript, provided, however, that Liaison Counsel will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.

    D. *Errors.* Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto. In the event that Confidential or Highly Confidential Information is inadvertently disclosed, the Producing Party may thereafter reasonably assert a claim or designation of confidentiality, and promptly provide replacement media consistent with PTO XX. Thereafter, the Receiving Party must immediately

return the original information and all copies of the same to the Producing Party and make no use of such information.

5.     *Who*. Confidential Information may be used only by:

        A.      Parties;

        B.      The Court;

        C.      Court reporters (including audio and video);

        D.      Special masters;

        E.      Mediators;

        F.      Parties' counsel, including any counsel representing a Party in any government investigation relating to the April 20, 2010, Deepwater Horizon explosion, fire and/or resulting spill;

        G.      The direct staff of these people;

        H.      Witnesses, except for lay witnesses who previously have not seen or had access to the Confidential Information and who have no reasonable need to see the Confidential Information in order to provide testimony;

        I.      Any expert or consultant, and his, her or its staff, hired by a party for litigation purposes who agrees to be bound by this Order and signs the certificate attached as Appendix A;

        J.      Any other person to whom the Producing Party, in writing, authorizes disclosure; and

        K.      Counsel (and their staff) for parties in other litigation asserting claims against Defendants that arise out of the April 20, 2010 Deepwater Horizon explosion, fire and/or resulting spill ("Related Litigation"), provided that (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A; (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains copies of the certificates and a log identifying each such recipient and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request. Upon a showing by Defendants that Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

6.   *Highly Confidential.*

The Highly Confidential designation is intended to prevent competitive injury between and among persons or entities who might be commercially adverse to one another in the marketplace. Hence, the use of information designated Highly Confidential is restricted to the following persons:

A.    The Court and its staff;

B.    Special masters or discovery referees appointed by the Court and their staff;

C.    Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A.

D.    Mediators and their staff, provided such persons execute a certification attached hereto as Appendix A;

E.    Parties' external counsel and internal counsel whose primary responsibilities include overseeing this litigation, and their direct staff;

F.    Persons who prepared, received, or reviewed the Highly Confidential information prior to its production in the matters comprising MDL No. 2179 and who execute a certification in the form attached hereto as Appendix A;

G.    A witness during a hearing, a deposition or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL," provided such witness executes a certification in the form attached hereto as Appendix A;

H.    Outside experts or consultants retained by a party for litigation purposes, provided such expert executes a certification in the form attached as Appendix A.

I.    Any other person to whom the Producing Party, in writing, authorizes disclosure; and

J.    Counsel for parties in Related Litigation as defined in paragraph 5(K), provided that: (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Appendix A; (ii) Liaison Counsel for the party that supplies the Confidential Information to such recipient maintains a log identifying each such recipient and makes that log available for inspection and copying to Liaison Counsel for the other parties at their request; and (iii) Liaison Counsel for the party that supplies the Confidential Information to such recipient shall make that log available to Liaison Counsel for the other parties at their request. Upon a

showing by Defendants that Highly Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to the Magistrate Judge for in camera review.

7.    *Where.* Confidential Information and Highly Confidential Information must be used only in this MDL Proceeding, in Related Litigation as defined in paragraph 5(K) or in any government investigation into the Deepwater Horizon incident or resulting oil spill so long as such use is permitted herein.

8.    *How.*

A.    *Acknowledgment.* Subject to the restrictions contained in paragraph 6, the persons identified in paragraphs 5 and 6 may receive or review Confidential or Highly Confidential Information upon execution of the certificate attached as Appendix A or by affirming on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during the deposition and will keep the transcript confidential.

B.    *Filings.* No pleading will be sealed. If Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. As little of the source document as possible should be sealed. References in the instrument must be sufficiently abstract not to disclose the information.

C.    *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

D.    *Subpoenas.* If Confidential Information is subpoenaed from the Receiving Party, the Receiving Party must notify the Producing Party in writing within five (5) days of its receipt that the subpoena covers Confidential or Highly Confidential Information.

9.    *Challenges.* Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Producing

Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the **Objecting Party** may move the Court for an order **withdrawing the designation** as to the specific designations on which the Parties could not agree. Counsel may agree to reasonable extensions of the twenty (20) day period, if necessary. On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law. In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

10.    *Return.* Within ninety days of the termination of any party from all proceedings in this MDL proceeding or in Related Litigation, that party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order. This order survives the termination of this MDL proceeding.

New Orleans, Louisiana, this 2nd day of November, 2010.

THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT COURT JUDGE

**APPENDIX A**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **Applies to:** *All Cases.* | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATION**

I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date:

(Signature)

Name:

(Typed or Printed)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION J |
| APRIL 20, 2010 | : | |
| | : | |
| | : | JUDGE BARBIER |
| This document relates to: ALL ACTIONS | : | MAG. JUDGE SHUSHAN |

## PRE-TRIAL ORDER NO. 51

### [Governing Subpoenas to Third Parties]

PTO #13 establishes a clear procedure for third parties to designate documents and other objects (including deposition testimony) as confidential. However, the Court and the parties agree that supplemental guidelines are necessary in order to outline the specific logistics by which third parties communicate confidential designations and by which parties challenge those confidential designations. The purpose of this Pre-Trial Order is to establish the logistical guidelines for same.

IT IS HEREBY ORDERED that to keep the Court and all parties informed as to the status of documents or other objects (including deposition testimony) where the producing third party has decided to designate such as confidential, the following procedures will govern:

(1)     The rules and procedures outlined in PTO #13 shall remain in full force and effect. PTO #13 also governs the production of documents from third parties as well as the treatment of third party deposition testimony. This order merely supplements PTO #13, and

nothing in this order shall be construed to change or otherwise supersede the rules or procedures outlined in PTO #13.

(2)     A party who subpoenas or requests documents from a third party, or who notices a third party deposition, shall serve upon such third party a copy of PTO #13 and a copy of this order.

(3)     Third parties that wish to designate as confidential any documents or other objects (including deposition testimony) are hereby instructed to follow the rules and procedures outlined in PTO #13. If third parties do not adhere to the rules and procedures outlined in PTO #13, their documents or other objects (including deposition testimony) will not be treated as confidential.

(4)     If a third party designates any document as confidential, said third party shall, within ten (10) days of making such designations or within five (5) days of receipt of this order (whichever is later), designate a "contact attorney" (and provide, via the e-mail addresses outlined in Paragraph 5 below, all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality challenges or otherwise address confidentiality-related issues involving said third party document(s) designated as confidential.

(5)     If a third party designates any deposition testimony as confidential, said third party shall serve such designations upon all parties to this litigation by e-mailing said confidentiality designations to the following e-mail addresses:   dsc2179@liskow.com and designations@mdl2179psc.com.   At the time of serving any deposition-related confidentiality designation(s), third parties shall also designate a "contact attorney" (and provide all parties with his/her e-mail address, phone number and mailing address) who can receive confidentiality

challenges or otherwise address confidentiality-related issues involving said third party depositions.

New Orleans, Louisiana, this 6th day of August, 2012.

CARL J. BARBIER
United States District Judge

3