# EXHIBIT A

| Proc-379 | CLAIMS ADMINISTRATOR'S APPROVED PROCEDURE |
|---|---|

## I. Profile - EXTERNAL

| Subject | Procedure Regarding Handling Untimely Seafood Claims | | |
|---|---|---|---|
| **Active Date** | 5/22/13 | **Policy Impact** | ☒All Claims Regardless of Active Date<br>☐All Claims Greater than Active Date |
| **Type of Decision** | | | Claims Administrator Decision |
| **Settlement Agreement Reference** | | | |
| **Affected Claim Types and/or Review Processes** | | | Seafood; Seafood Second Distribution; Deadlines |

## II. Summary

See Final Procedure Announcement Memo.



# FINAL PROCEDURE ANNOUNCEMENT

FROM:      Patrick A. Juneau, Claims Administrator

DATE:      May 22, 2013

RE:        Procedure Regarding Handling Untimely Seafood Claims

---

    After meeting with the Seafood Neutral and the parties, the Claims Administrator has adopted the following rules to govern the handling of Seafood Compensation Program claims filed after the January 22, 2013 Bar Date (the "Untimely Seafood Claims Procedure").

1. ***Definitions.***  In addition to defined terms in the Settlement Agreement, this Untimely Seafood Claims Procedure uses these terms:

   (a) Claim:  A formally prosecuted claim presented in a Claim Form to the Program by a Claimant for any of the claim types permitted by the Settlement Agreement.

   (b) Claim File:  The Registration Form of a Claimant and the Claim Form, supporting documents and other materials presented by a Claimant or any party relating to a Claimant or Claim in the Program, maintained in hard copy form or electronic images.

   (c) Claimant:  A person or entity that has submitted one or more Claims in the Program.

   (d) Claimant's Counsel:  The law firm and individual lawyer(s) representing a Claimant as directed by the Claimant and indicated in the Claims Database.

   (e) Claims Database:  The electronic database maintained by the Claims Administrator of information relating to Claimants and Claims in the Program.

   (f) Excusable Neglect:  The standard for accommodating certain Untimely Seafood Claims as set forth in Section 3 below.

   (g) Notice:  The notification issued by the Claims Administrator to a Claimant explaining the outcome of the review on a Claim or action taken by the Claims Administrator in response to the receipt of a Claim from the Claimant.

   (h) Notice of Seafood Compensation Program Excusable Neglect Filing Deadline Extension:   The Notice issued to a Claimant by the Claims Administrator following the review of an Excusable Neglect request and determination that the Claimant has demonstrated Excusable Neglect.

   (i) Notice of Seafood Compensation Program Relation Back Filing Deadline Extension: The Notice issued to a Claimant by the Claims Administrator following the review of a Qualifying Claim and determination that the Claimant is eligible for Relation Back treatment.

1


(j) Portal:   The interactive online web interface used by Claimants and their counsel to submit Claim Forms and supporting materials to the Claims Administrator.

(k) Procedure Effective Date:  May 22, 2013, the date on which the Claims Administrator implemented this Untimely Seafood Claims Procedure.

(l) Program:  The Deepwater Horizon Economic & Property Damages Settlement Program.

(m) Qualifying Claim:  A Claim, excluding Business Economic Loss claims related to industries other than (1) Finfish Farming and Fish Hatcheries, (2) Finfish Fishing, (3) Fish and Seafood Markets, (4) Fish and Seafood Merchant Wholesalers, (5) Fresh and Frozen Seafood Processing, (6) Marinas, (7) Other Aquaculture, (8) Other Marine Fishing, (9) Other Miscellaneous Nondurable Goods Merchant Wholesalers, (10) Packaged Frozen Food Merchant Wholesalers, (11) Scenic and Sightseeing Transportation, Water, (12) Seafood Canning, (13) Shellfish Farming, (14) Shellfish Fishing, (15) Sporting and Recreational Goods and Supplies Merchant Wholesalers, and (16) Sporting Goods Stores, for which a Claim Form was filed on or before January 22, 2013 in which the Claimant presented a Substantive Seafood Claim mistakenly identified, in whole or in part, as either (1) a non-Seafood Compensation Program claim or (2) a Seafood Compensation Program claim of another type, that, but for the mistaken claim type designation and need for a technicality cure, would have been eligible for compensation in the Seafood Compensation Program, after, if necessary, affording the Claimant the normal opportunities to cure Seafood Compensation Program incompleteness caused by the Claimant having originally prosecuted the Claim as another type.

(n) Relation Back:  The standard for accommodating certain Untimely Seafood Claims as set forth in Section 2 below.

(o) Substantive Seafood Claim:  A Claim presented by a knowing or unknowing Commercial Fisherman, Seafood Boat Captain, Seafood Crewman, Oyster Leaseholder, and/or Seafood Vessel Owner or Lessee related to Seafood and compensable in the Seafood Compensation Program.

(p) Untimely Seafood Claim:  A Seafood Compensation Program claim for which an appropriate Claim Form was not filed on or before January 22, 2013.

2. *Untimely Seafood Claims that Relate Back to a Qualifying Claim.*

The Claims Administrator will accept Untimely Seafood Claims that Relate Back to Qualifying Claims in accordance with the provisions of this Section.  The Portal will reopen automatically for eligible Claimants for the duration of their curative period to allow for the filing of Untimely Seafood Claims under this Relation Back rule.  Claimants can also file Untimely Seafood Claims in paper form under this Relation Back rule.  Paper claims mailed to the Claims Administrator must be postmarked on or before the expiration of the Claimant's curative filing window to receive Relation Back treatment.


**(a) Qualifying Claims.** To benefit from the Relation Back rule, a Claimant must have presented a Qualifying Claim to the Claims Administrator. Claimants without at least one Qualifying Claim in their Claim File cannot benefit from Relation Back treatment.

**(b) 30-Day Window for Curative Relation Back Action.** Where and when the Claims Administrator has determined that a Claimant submitted a Qualifying Claim and is eligible for Relation Back treatment, he will issue that Claimant a Notice of Seafood Compensation Program Relation Back Filing Deadline Extension, and the Claimant will have 30 calendar days from the date of that notice to file the Untimely Seafood Claim(s) that he failed to assert properly in his original filing. The Notice of Seafood Compensation Program Relation Back Filing Deadline Extension will inform the Claimant which Untimely Seafood Claim(s) he became eligible to file. Any of these approved Untimely Seafood Claims filed within the curative window will receive Relation Back treatment and will be reviewed for eligibility in the normal course. Simply uploading or already having supporting documents on file that could potentially prove an Untimely Seafood Claim will not qualify a Claimant for Relation Back treatment on that Untimely Seafood Claim. Instead, the Claimant must actually file the missing Seafood Claim Form for the Untimely Seafood Claim within the curative window. Subject to the Excusable Neglect standard set out in Section 3 below, there will be no exceptions made to this rule for any reason, and failure to file any Untimely Seafood Claims within 30 days from the date of the Claimant's Notice of Seafood Compensation Program Relation Back Filing Deadline Extension shall forfeit those Untimely Seafood Claims, regardless of circumstances.

3.  *Untimely Seafood Claims that do not Relate Back to a Qualifying Claim.*

For Claimants with Untimely Seafood Claims who are either ineligible for Relation Back treatment because they did not have a Qualifying Claim or though eligible missed the curative 30-day window to file, the Claims Administrator will use an Excusable Neglect standard informed by Fifth Circuit decisional law and the Court's 1/24/13 Order Denying Brent Coon's Motion for Extension of Time to Submit Seafood Claims to the Seafood Compensation Program (Docket No. 8326, the "1/24/13 Order") to decide, on a claim-by-claim basis, whether to accept the Untimely Seafood Claims into the Seafood Compensation Program. The Claims Administrator will receive requests for Excusable Neglect review of Untimely Seafood Claims only until 30 calendar days after the date that he issues the last Notice of Seafood Compensation Program Relation Back Filing Deadline Extension. The Claims Administrator will not make any filing deadline exceptions for this Claimant population for any reason for Untimely Seafood Claims filed after that date, and any such Untimely Seafood Claims will be forever forfeited. Any Untimely Seafood Claims accepted into the Seafood Compensation Program under the Excusable Neglect rule will receive eligibility review in the normal course. The Portal will allow Claimants seeking Excusable Neglect review to request such a review and to upload their Excusable Neglect explanation at the same time. Paper filers can request Excusable Neglect review by filing their Untimely Seafood Claims in paper form with their Excusable Neglect explanation. Paper claims and Excusable Neglect explanations mailed to the Claims Administrator must be postmarked on or before the expiration of the Excusable Neglect review period to receive Excusable Neglect review. When and where a Claimant demonstrates Excusable Neglect, the Claims Administrator will issue that Claimant a Notice of Seafood Compensation Program Excusable Neglect Filing Deadline



Extension affording the Claimant 30 calendar days from the date of the issuance of that notice to file the approved Untimely Seafood Claim(s).

### (a) Excusable Neglect Factors.

Adapting Fifth Circuit excusable neglect factors to this Program, the Excusable Neglect inquiry will include consideration of:

(1) The danger of prejudice to all Seafood Compensation Program Claimants who submitted and prosecuted timely Seafood Claim Forms;

(2) The length of the tardy-filing Claimant's delay or Claimant's counsel's delay beyond the 1/22/13 Bar Date;

(3) The potential impact the tardy-filing will have on the Seafood Compensation Program; and

(4) The reason for the tardy-filing Claimant's delay or Claimant's counsel's delay, including (a) whether the delay was within the reasonable control of the Claimant or the Claimant's counsel and (b) whether the Claimant or the Claimant's counsel acted in good faith.

The Claims Administrator notes that, under Factors 1 and 3, there will be prejudice to each Claimant who submitted a timely Seafood Claim because each Untimely Seafood Claim that the Seafood Compensation Program accepts diminishes the value of timely Claimants' Second Distribution amounts, and accommodating Untimely Seafood Claims has a significant impact on the Seafood Compensation Program because it delays both the conclusion of the Initial Seafood Distribution and the commencement of the Second Seafood Distribution.

### (b) The Court's 1/24/13 Order.

As the Court's 1/24/13 Order explains in detail, the Seafood filing deadline was "well publicized," the notice plan satisfied due process, CAFA, and FRCP 23, and class members had adequate, or often even actual, notice of the deadline. (Docket No. 8326 at 2-3.) The Court further noted that, "[a]ny class member who did not properly and timely request to be excluded from the Settlement [is] bound by the terms of the Settlement, including the deadline for submitting seafood claims." (*Id.* at 3.) Indeed, "no claimant needed to wait until the Court granted final approval before submitting a seafood claim," as they had "nearly eight months to submit their seafood claims" after the program opened and started accepting claims on June 4, 2012. (*Id.*) Importantly, the Court concluded by identifying the "logical reason why the seafood claim deadline is earlier than the other claims deadlines" – to accommodate the Second Distribution of residual Seafood funds. (*Id.* at 4-5.)

### (c) The Excusable Neglect Bar.

In light of Sections 3(a)-(b) above, the Claims Administrator will analyze Untimely Seafood Claims qualifying for Excusable Neglect review on a claim-by-claim basis, but the bar for excusing a Claimant's or Claimant's Counsel's neglect will necessarily be high. As required by Factor 4 above, Claimants must describe in detail the neglect that led to their failure to file the



Untimely Seafood Claim by the Bar Date and should be sure, in so doing, to include Factor 2 length of delay issues.