UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig          MDL NO. 2179
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010             SECTION J

Applies to: *All Cases*                  JUDGE BARBIER
                                         MAGISTRATE JUDGE SHUSHAN

## CONFIDENTIALITY ORDER

[Concerning Settlement Documents and Discussions]

Pursuant to the Court's inherent jurisdiction and Federal Rule of Evidence 408, every recipient of this Order shall treat all drafts of all term sheets, release agreements, communications regarding resolution of Clean Water Act penalties, natural resource damages, economic claims, and/or any other claims asserted by federal, state, or local governmental entities in this case (including both the fact and substance of any discussions and any document prepared in connection therewith) as strictly confidential. Any person who has been shown any such documents and/or included in communications shall be bound to keep such information as private and disclosed to no one unless specifically permitted **in advance** by the undersigned. Documents related to settlement shall be deemed exempt under the Freedom of Information Act, 5 U.S.C. sec. 552, and any corresponding state open records acts absent good cause shown in this proceeding.

As of **Thursday, July 2, 2015, no earlier than 8:00 a.m. Central Daylight Time** (the "Release Time"), the following information ("Released Information") may be made public:

1) The fact that ongoing discussions have yielded an agreement in principle to resolve claims asserted against BPXP:

   a) By the United States under the Clean Water Act;
   b) By the United States and the States of Texas, Louisiana, Mississippi, Alabama, and Florida (collectively, with the United States, "the Trustees") for natural resource damages;
   c) By the States of Texas, Louisiana, Mississippi, Alabama, and Florida (the "Gulf States") for economic damages; and
   d) By the vast majority of local governmental entities located in the States of Texas, Louisiana, Mississippi, Alabama, and Florida for economic damages.

2) The above enumerated claims will be resolved through payment by BPXP of approximately $18.732 billion to be paid as follows:

   a) $5.5 billion to the United States to resolve Clean Water Act civil penalties with a certain portion of the penalties being directed to the Gulf States pursuant to the RESTORE Act (subject to final approval by the RESTORE Act Council) as follows:
      Texas: $430 million
      Louisiana: $787 million
      Mississippi: $582 million
      Alabama: $599 million
      Florida: $572 million

   b) $8.1 billion (including $1 billion already paid by BPXP for early restoration projects) to the Gulf States to resolve natural resources damages approximately as follows:
      Texas: $238 million
      Louisiana: $5 billion
      Mississippi: $296 million
      Alabama: $296 million
      Florida: $680 million
      Regionwide projects: $350 million
      Open Ocean projects: $1.24 billion

   BPXP will set aside an additional amount of $232 million at the end of the payment period to cover any further natural resource damages that are unknown at this time.

      c) $4.9 billion will be paid to resolve the Gulf States' economic claims as follows:
          Texas: $150 million
          Louisiana: $1 billion
          Mississippi: $750 million
          Alabama: $1 billion
          Florida: $2 billion

      d) Up to $1 billion paid to resolve economic claims of the vast majority of local governmental entities located in the States of Texas, Louisiana, Mississippi, Alabama, and Florida.

3) BPXP has also agreed to pay $350 million to cover outstanding natural resource damage assessments and $250 million to cover the full settlement of outstanding response costs, False Claims Act claims. And royalties owed for the Macondo well.

4) The parties to the agreement in principle may discuss payment terms.

5) The parties may discuss the procedure to formulate a consent decree for submission to the Court.

A document containing Released Information may be released to the public on or after the Release Time only if the non-released information in the document (i.e., information that remains confidential under this Order) is irretrievably redacted.

Nothing in this Order requires the release of any document or information still subject to an exception under any applicable open records or public information law, or protected by other privilege or by court order.

**The U.S. Government, the Gulf States and Local Governments are directed to serve this order on all persons who have been included in settlement discussions before Friday, July 3, at 12:01 a.m.**

**The Local Governmental entities are directed to return the releases to the Court by no later than the close of business on Wednesday, July 15, 2015. They are not to discuss individual settlement amount until further order of the Court.**

Any person found to be in violation of this order will be subject to imposition of sanctions.

New Orleans, Louisiana, this 2nd day of July, 2015.

                                                              SALLY SHUSHAN
                                                              United States Magistrate Judge