UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL 2179 Section J |
| This Document Applies to: | : : | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : : | Mag. Judge Shushan |

REPLY IN SUPPORT OF MOTION OF THE DHECC FOR RETURN
OF PAYMENT MADE TO VISION DESIGN MANAGEMENT

The Deepwater Horizon Economic Claims Center ("DHECC") replies to the opposition [Doc. Rec. 14715] filed by Barbara Stokes ("Stokes") on behalf of Vision Design Management, Inc. ("Vision Design") to the DHECC's motion for return of payment [Doc. Rec. 14262]. For the following reasons, the DHECC's motion should be granted:

1. Stokes does not dispute the well-supported facts set forth in the DHECC's motion, but rather states that Vision Design generated consulting revenue before the oil spill and was "profitable and worked very hard to make a good business." *See* Op. at 3.

2. General denials of liability, without specific references to contrary facts, are insufficient to defeat a well-supported motion for return of property. *See* Order & Reasons on Motion for Return of Payment at 19-20 [Doc. Rec. 12794] (claimant has burden to present more than vague arguments in response to a well-documented motion).

3. Here, the DHECC filed contemporaneous and reliable business records of disinterested third parties that plainly demonstrated the misrepresentations contained in Vision Design's claim. Motion at 5-9. Specifically, the record shows that Vision Design's purported "revenue" in fact was comprised of $773,443 in loan proceeds intended to pay for fully-delineated construction costs incurred by another Stokes-owned entity, and

$45,404 in "stale" and related-party checks made payable to entities other than Vision Design. *See id.* at 10. Stokes has not rebutted this evidence.

4. Stokes acknowledges that Vision Design provided the financial data supporting the DHECC claim, yet seeks to cast responsibility for ensuring the accuracy of this data upon her prior counsel. Stokes overlooks that the data allegedly supporting Vision Design's claimed consulting revenue was prepared before March 31, 2011, when Vision Design retained the prior counsel. In fact, an accountant Stokes hired in November 2010 to prepare Vision Design's GCCF claim questioned whether Vision Design had any revenue. *See* Ex. 1 at 2 ("There is no income for 2009 . . . . [t]his is not going to look good for the oil spill claim – since there was no income in 2009.").

5. Finally, Stokes says she "never received a dime" from Vision Design's claim, as the money went to a judgment creditor of Stokes and her spouse. Satisfaction of a personal judgment, however, is a significant financial benefit. Stokes and her spouse cannot now claim to have received no benefit from payment of the DHECC claim.

For all of these reasons, the record favors granting the relief sought by the DHECC. Vision Design and its members should be required to return $1,610,311.13 to the DHECC.

                                        Respectfully submitted,

                                        Patrick Juneau, Claims Administrator

                                        By: ___/s/ Kevin Colomb_____
                                        Kevin Colomb, Manager of Compliance
                                        and Internal Integrity

                                        Louis J. Freeh, Special Master

                                        By: ___/s/ Gregory A. Paw_____
                                        Gregory A. Paw, Counsel to the Special Master

Dated: July 2, 2015

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing documents have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and that a copy of the foregoing have been served this   2nd   day of    July   , 2015, by electronic mail, on the following:

    Barbara Stokes
    4800 Whitesburg Drive
    Suite 30-351
    Huntsville, AL 35802
    *Authorized Representative of*
    *Vision Design Management, Inc.*

            /s/Gregory A. Paw
            Counsel