UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| This Document Relates To: | * | SECTION: J |
| *No. 12-970* | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

## ORDER & REASONS

Before the Court is the Special Master's **Motion for Return of Payments Made to Jonathan Taylor and Others (Rec. Doc. 14350)**, Jonathan Taylor's opposition (Rec. Doc. 14591), the Special Master's reply (Rec. Doc. 14722), and Jonathan Taylor's sur-reply (Rec. Doc. 14770). Having considered the parties' arguments in their memoranda, the relevant record, and the applicable law, the Court finds for reasons set forth below that the motion should be denied.

## BACKGROUND

This Order assumes the reader's familiarity with the 2010 Gulf oil spill, the *Deepwater Horizon* Economic and Property Damages Settlement ("Settlement") and the Seafood Compensation Program in particular, the *Deepwater Horizon* Economic Claims Center ("DHECC"), etc. In 2013, the Court appointed the Special Master to, inter alia, examine and investigate past or pending claims submitted to the DHECC which are deemed suspicious and to initiate legal action to "clawback" the payment of any fraudulent claims. (Rec. Doc. 11288 at 3). The instant matter is one of these clawback motions.

On or around July 31, 2012, Jonathan Taylor ("Jonathan") filed a Shrimp Boat Captain claim with the DHECC for *God's Grace*, a vessel owned by Jonathan's father, Doyle Taylor ("Doyle"). Jonathan asked to have the claim calculated using 2009 trip tickets, representing that he was the vessel's captain during that time. The DHECC determined under the Expedited Compensation Method[1] that Jonathan was eligible to receive $107,250, of which the DHECC paid $71,328 after applying offsets for prior oil spill-related payments. Doyle also filed a claim with the DHECC related to *God's Grace*; however, Doyle's claim was as Shrimp Vessel *Owner*, not as vessel captain.

The thrust of the Special Master's motion is that Jonathan misrepresented to the DHECC that he was the captain of *God's Grace* in 2009, when, in fact, Doyle was the captain. The Special Master claims that if Jonathan had disclosed that he was not the captain, his Shrimp Boat Captain claim would have been denied.

Jonathan responds that he was the vessel's primary captain from 2004 to 2008 and from 2010 to the present. With respect to 2009, however, Jonathan admits that his father was the captain of *God's Grace* from January through October. Jonathan states that he took a job as a technical writer for part of 2009, but eventually decided to return to shrimping and resumed his role as captain in November of 2009. Jonathan further explains that after the spill he and his father discussed how to allocate settlement proceeds for captain and owner of *God's Grace* given the past and future of their family fishing operation. They decided that Jonathan should receive the captain claim; Doyle, on the other hand, would submit only a vessel owner claim. Per Jonathan's sworn declaration submitted with his response:

> My dad and I did not know how to structure our claims to the DHECC to reflect the fact that my dad captained *God's Grace* for several months in 2009. We did not realize that both my dad and I could submit separate Shrimp Boat

---

[1] *See* Settlement Agreement, Ex. 10 pp. 11-13, Rec. Doc. 6430-11.

2

> Captain claims to the DHECC, so we decided that we would submit one Shrimp Boat Captain claim and one Shrimp Vessel Owner claim in connection with *God's Grace*. I filed the Shrimp Boat Captain claim because I was the primary captain of *God's Grace* from May 2004 through July 2012. In addition, although I was not captain for much of the 2009 season, I was still the primary captain from 2007 through 2009, the years immediately preceding the spill. My dad and I also discussed that as the current and future captain, I faced the threat of ongoing damages from the oil spill. Finally, we thought that filing a single Shrimp Boat Captain claim in my name would simplify the claims process, including taxes that we would pay out of any future distributions.
>
> At the time that I submitted my claim, it did not occur to me that inclusion, on my Shrimp Boat Captain claim, of shrimping revenue from the time when my dad was captaining *God's Grace*, was in any way improper. My dad and I understood that the DHECC would only pay one Shrimp Boat Captain claim, and my dad thought I was entitled to it as the primary captain of the vessel for many years. I thought that as long as my dad and I did not both submit Shrimp Boat Captain claims based on revenue for the same time period, there would be no problems. I did not intend to misrepresent important facts to the DHECC, and all revenue for the claim was shrimp landings for *God's Grace*. In my view, I was filing a Shrimp Boat Captain claim on behalf of the family business.

(J. Taylor Decl. ¶¶ 22-23, Rec. Doc. 14591-1). Doyle also submitted a sworn declaration that includes a similar explanation.

## DISCUSSION

The parties treat the Special Master's motion as a motion for summary judgment under Federal Rule 56. The Court does the same. Consequently, the motion should be granted only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the movant "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The non-moving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not

3

persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265. Any factual controversies must be construed in the light most favorable to the non-mover, assuming an actual controversy exists. *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In a similar vein, summary judgment must be denied when reasonable minds might differ on the inferences arising from the undisputed facts. *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 352 (5th Cir. 1989).

The Special Master's clawback motion is based on a claim of fraud. However, the motion fails on the current record and under the present standard to establish at least one of the elements of fraud: that the DHECC or any other interested party (e.g., other claimants in the Seafood Compensation Program) was damaged by Jonathan's conduct. *See generally Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, 913 F. Supp. 2d 254, 259 (E.D. La. 2012) (listing elements of fraud under maritime law); *see also Abernathy-Thomas Eng'g Co. v. Pall Corp.*, 103 F. Supp. 2d 582, 599 (E.D.N.Y. 2000) ("[D]amages are an essential element of a fraud claim under New York law.").

Jonathan repeatedly asserts in his response brief that even if it was incorrect under the Settlement's terms for him to bring a Shrimp Boat Captain claim for the entirety of 2009, Doyle nonetheless could have brought this claim and the DHECC would have deemed Doyle eligible to receive 107,250.00, just as it had done for Jonathan. (Opp'n pp. 2, 5-6, 10, 11-12, Rec. Doc. 14591). Jonathan further argues that the Settlement's terms permitted him and his father to each file Shrimp Boat Captain claims for the periods they served as captains—Doyle for most of 2009 and Jonathan for 2007, 2008, and November-December of 2009—and, had they done so, the aggregate payout would have exceeded what was actually paid on Jonathan's claim alone. (*Id.* at

4

2, 5-6). Thus, Jonathan concludes that his actions did not cause the DHECC to pay duplicate claims or to pay more than the amounts to which Jonathan and Doyle were collectively entitled.

The Special Master's reply quarrels with whether Jonathan would have received any payment had he filed a Shrimp Boat Captain claim for only the time he was actually captain. (Reply pp. 2-3, Rec. Doc. 14722). Crucially, however, the Special Master does not respond to the assertion that Doyle would have been deemed eligible for $107,250.00 had he filed the 2009 Shrimp Boat Captain claim. The Special Master also does not contend, nor does anything in the summary judgment record indicate, that Doyle would have received a smaller net payment on the 2009 Shrimp Boat Captain claim than the $71,328 Jonathan actually received. In short, the Special Master does not refute Jonathan's argument that no damage resulted from Jonathan's conduct.

The Court concludes that, on the present record and under the present legal standard, the Special Master has not established that Jonathan's allegedly fraudulent conduct caused any damage to the DHECC or any other interested party. Therefore, the Special Master is not entitled to judgment as a matter of law.[2]

## ORDER

IT IS ORDERED that the Motion for Return of Payments Made to Jonathan Taylor and Others (Rec. Doc. 14350) is DENIED.

New Orleans, Louisiana, this 7th day of July, 2015.

_____
United States District Judge

---

[2] Jonathan also argues that there is at least a factual dispute as to whether Jonathan had the intent to defraud, another element of fraud. (See Opp'n pp. 8-11, Rec. Doc. 14591). There is perhaps some overlap between this argument and Jonathan's "no damage" argument. In any respect, the Court need not and does not address Jonathan's "intent" argument, given its conclusion on the "damage" argument.

5