UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL 2179 Section J |
| | : | |
| This Document Applies to: | : : | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : | Mag. Judge Shushan |

REPLY IN SUPPORT OF MOTION OF THE DHECC FOR RETURN
OF PAYMENTS MADE TO HAI DO AND OTHERS

The Deepwater Horizon Economic Claims Center ("DHECC") replies to the opposition filed by Hai Do to the DHECC's motion for return of payments. Hai Do admits that he submitted a tax document in support of his seafood vessel owner and captain claim that never was filed with the IRS, and that the amount of income listed on the unfiled tax document, upon which the DHECC relied, was sufficient to push his claim over the threshold for expedited compensation. This resulted in damage to the DHECC due to a payment nearly $100,000 greater than he otherwise would have received. Do contends, however, that his failure to file the tax document that he submitted to the DHECC was the result of bad luck rather than any knowing misrepresentation or intent to defraud. Do concludes that, consequently, the DHECC's motion for return of payments on the basis of fraud must be denied.

Do has now submitted, by his own admission, two false tax documents in support of his claim. He has twice amended his 2008 tax return, more than five years after the fact, with the specific goal of drastically increasing his settlement payment. Guided by legal counsel, Do had the primary duty to ensure the accuracy of the statements regarding his

2008 revenue to the DHECC. Do's false supporting documents induced the DHECC to pay him $159,267.62. His multiple inconsistent supporting statements render his tax information unreliable. Furthermore, Do made these multiple false statements – under penalty of perjury – to the DHECC in support of his claim. Restitution is the appropriate remedy.

      A.      The Uncontroverted Evidence of Hai Do's Fraud Requires Restitution

The totality of the evidence presented shows that there is no genuine issue as to any material fact and the Special Master and the DHECC are entitled to judgment as a matter of law. *See* Order & Reasons on Special Master's Motion for Return of Payment at 19 (Doc. Rec. 12794) (Apr. 29, 2014) (hereinafter "Order & Reasons"). Do's attempt to create a genuine issue of material fact through an unsupported assertion that he did not intend to defraud the DHECC is insufficient to defeat the motion for repayment.

Do does not dispute any of the evidence submitted by the Special Master in support of the motion for repayment. He admits the following: 1) the income reflected in his original 2008 tax return was insufficient to qualify for the Expedited Compensation Method ("ECM")[1] (Op. at 6 n. 9); 2) his trip ticket receipts for the year 2008 did not qualify him for the ECM (*Id.*); 3) he amended his 2008 tax return in 2013 to reflect unreported income in an effort to qualify for the ECM (*Id.* at 6); and 4) the amended 2008 tax document never was filed with the IRS. *Id.* Thus, even according to Do, he has submitted two false income tax documents out of three in support of his claim. Finally, he admits that he created and

---

[1] As the owner of a 35-foot vessel, Do was required to show 2008 shrimping revenue of $40,000 to qualify for ECM. Do's qualifying for the ECM would have resulted in a payment of $107,250 for his boat captain claim and $135,281 for his vessel owner claim. As his 2008 tax return showed shrimping revenue of $37,251, he did not qualify for the ECM and was eligible to receive only $62,438 for both claims.

2

filed a second amended return only after the DHECC informed him that his first amended tax document was never filed and the claim was being investigated. *Id.* at 8.

In fact, Do's only response to the evidence presented by the Special Master is to contend that his failure to file his first amended 2008 tax document was not intentional, but instead was the result of an error by the mail carrier. Op. at 2, 6; Op. Ex. 4. This argument does nothing to deflect the overwhelming, uncontroverted evidence of fraud contained in the record. Instead, it adds further inconsistencies to Do's claim, rendering all of his submitted evidence even more suspect and unreliable.

A party cannot create a genuine issue of fact by contradicting his own earlier statements unless the party offers "a plausible explanation for the sudden change of heart." *Richardson v Bonds*, 860 F.2d 1427, 1433 (7th Cir. 1988). Do offers no explanation for why his original 2008 return needed to be amended five years later, other than that he "discovered" several unsupported handwritten five-year-old receipts from private shrimp sales, and his counsel advised him to submit an amended tax return to the DHECC to increase his compensation amount. Op. at 6.

Furthermore, Do's story of precisely why his first amended tax document never reached the IRS cannot be relied upon, as it has changed over time. The evolution over time of a witness's testimony can be fatal to its reliability. *Kyles v Whitley*, 514 U.S. 419, 444 (1995). In his response, Do contends that he placed his first amended tax document and a check for the additional taxes owed into the mail, but the documents were never received by the IRS. Op. at 6. However, in December of 2014, after Do was first notified that his first amended tax document was not filed with the IRS, his attorneys conducted an investigation to determine why it was not filed. *See* Ex. A at 4. After investigating the claim, Do's

3

attorneys sent a letter to the DHECC, in which they conceded that Do never mailed his amended 2008 tax return, stating, "it is likely that Hai Do simply did not understand that amending the return for purposes of his DHECC claims meant he must actually submit the form to the IRS as well." *Id.* at 4. The lack of explanation behind Do's constantly evolving story regarding the ultimate fate of his first amended tax document renders it unreliable. Such a tenuous and unsupported assertion does not create any dispute of fact against the uncontroverted evidence of fraud contained in the record.

Do's latest explanation for the failure to file his amended 2008 return is further belied by his tax compliance history. Each year from 2008 to 2012, Do knew to file his tax returns on time, each year meeting the filing deadline with no difficulty. *See* Ex. B. In 2008 and 2010, he also made tax payments to the IRS, again doing so before the tax deadline, without any difficulty or misunderstanding. *Id.* This lengthy history of compliance with the procedures for filing and payment of his taxes provides strong evidence against any alleged misunderstanding that Do may now claim came from filing and paying his amended 2008 tax return. *See U.S. v. Andujar*, 209 Fed. Appx. 162, 170 (3rd Cir. 2006) (holding that evidence of the defendant's tax filing history was relevant to establishing the element of intent in a bankruptcy fraud prosecution).

Hai Do's misrepresentations to the DHECC defraud and cause damage to a program set up to protect proceeds intended for those harmed by the spill. This type of fraud against the DHECC cannot be tolerated. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (stating that "institutions set up to protect and safeguard the public [are] institutions in which fraud cannot complacently be tolerated consistently with the good order of society."). An abundance of evidence has been presented proving that Do

intended to submit false evidence in support of a fraudulent claim, and that restitution in this clawback context should be ordered. *In re HealthSouth Corp. Shareholders Litigation*, 845 A.2d 1096, 1105-06 (Del. Ch. 2003), *aff'd.* 847 A.2d 1121 (Del. 2004). In *HealthSouth*, the court held that the CEO of HealthSouth, who had submitted an incorrect value of his shares to the company's board to buy back, was "the party with superior access to information and the primary duty to ensure the accuracy of the financial statements." The court ordered restitution. *Id.* at 1106.

Like the CEO in *HealthSouth*, as the shrimper who caught his shrimp, Mr. Do was in the best position, and was duty bound, to ensure the accuracy of his financial information submitted to the DHECC. According to his own statement, with the assistance of legal counsel, he has twice submitted false 2008 tax documents in support of his claim.[2] The first amended tax document, upon which his claim was paid, was never filed with the IRS, and was created for the sole purpose of increasing his compensation amount upon the advice of his attorneys. Do actually filed his second amended return only after being told that the DHECC knew that his first amended tax document was never filed. These inconsistent, false, material documents render Do's claim unreliable and ineligible for payment. Accordingly, the equitable remedy of full restitution is appropriate.

B.   Hai Do is Not Entitled to Any Funds from the DHECC

Do contends that, even though two of the tax documents he submitted were inaccurate, his third and final return that was filed with the IRS supports his award, thus his two prior inconsistent tax documents are of no consequence. After twice submitting tax

---

[2] If everything Do says is true, he submitted an inaccurate 2008 return in support of his original claim, and he submitted an unfiled amended return in support of his reconsideration.

5

documents that he subsequently disavowed, Do is judicially estopped from his third bite at the apple. Judicial estoppel applies where a litigant knowingly takes a position plainly inconsistent with a prior position that had been advanced by the party and accepted by the court. *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547, 552 (5th Cir. 2011).

The DHECC initially accepted Do's representation that he made less than $40,000 from shrimping in 2008, as reflected in his initial tax return, and offered to pay him accordingly. Then, the DHECC accepted Do's representation that he actually made more than $40,000 from shrimping in 2008, as reflected in his first amended tax document that was never filed with the IRS. Now, Do contends that he did not realize that his amended tax document was never filed, despite the fact that he wrote a check to the IRS that was never deposited, and asks the DHECC, once again, to accept a brand new tax return in support of his claim that qualifies him for a substantial compensation amount. These multiple inconsistent documents render the entire claim unreliable, and the doctrine of judicial estoppel should be invoked to prevent Do from "playing fast and loose with the" settlement program. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).

As the Court has said, "one who receives a judgment through fraud is bound to make restitution" (Rec. Doc. 14747 at 5-6) (citing Restatement (Third) of Restitution and Unjust Enrichment § 13 (2011)). Hai Do has failed to rebut the overwhelming evidence of fraud contained in the record. It is uncontroverted that he submitted a false, unfiled amended tax document in support of his seafood claim that drastically increased his compensation amount. It is uncontroverted that he did not notify the DHECC of his failure to file the amended tax document, and it is uncontroverted that he filed a second amended return only when confronted by the DHECC with his failure to file the first amended tax document.

6

The Court has a broad power to order equitable remedies as a result of fraudulent conduct. *See Hazel-Atlas Glass Co.,* 322 U.S. at 244 (1944). Given the overwhelming evidence of fraud in the record, Do's inability to explain his multiple inconsistent statements in support of his claim, and his failure to comply with his duty to ensure the accuracy of his financial statements, a complete return of the entire compensation amount paid to Do is appropriate.[3]

C. Conclusion

The totality of the record shows that Hai Do defrauded the DHECC, and the DHECC is entitled to judgment as a matter of law. The DHECC respectfully requests that the motion for repayment be granted.

Respectfully submitted,

Patrick Juneau
Claims Administrator


By: \_\_\_\_/s/ Kevin Colomb_____
Kevin Colomb
Manager of Compliance and Internal Integrity

Dated: July 10, 2015

---

[3] Do's final contention that he should, at most, be required to pay back the amount of money by which he was overpaid, also should be rejected. Do's original 2008 tax return was the basis of his initial payment amount. He is arguing, essentially, that he be allowed to keep the amount that the DHECC initially was willing to pay him. However, he has now disavowed his original 2008 tax return as inaccurate. The DHECC cannot be required to pay a claimant based upon a tax document that the claimant himself says is incorrect.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing motion and supporting documents have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and that a copy of the foregoing have been served this   10th   day of   July  , 2015, by electronic mail, on the following:

      Andrew A. Lemmon
      Lemmon Law Firm, L.L.C.
      15058 River Road
      P.O. Box 904
      Hahnville, LA 70057
      *Attorney for Hai Do*

      Joel Waltzer
      Waltzer Wiygul & Garside
      100 Behrman Highway
      Gretna, LA 70056
      *Attorney for Hai Do*


      /s/Kevin Colomb
      Kevin Colomb
      Manager of Compliance and Internal Integrity