UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| This Document Relates To: | * | JUDGE BARBIER |
| | * | |
| No. 12-970 | * | MAG. JUDGE SUSHAN |
| | * | |

## CONSENT MOTION OF WOODBRIDGE BARIC PRESETTLEMENT FUNDING, LLC FOR: (1) LEAVE TO DEPOSIT FUNDS INTO REGISTRY; (2) APPROVAL OF SUPERSEDEAS BOND, AND; (3) STAY PENDING APPEAL

Woodbridge Baric Pre-Settlement Funding, LLC ("Woodbridge"), pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), Federal Rules of Civil Procedure 62(d) and 67 and Local Civil Rules 62.2, 65.1.1, and 67.2 hereby moves for a stay of execution of this Court's July 1, 2015 Judgment [Doc. 14798] as against Woodbridge and entry an order which prevents Special Master, Louis J. Freeh and the Deepwater Horizon Economic Claims Center from executing process for collection of the Judgment against Woodbridge pending the resolution of Woodbridge's appeal to the United States Court of Appeals for the Fifth Circuit. For that purpose, Woodbridge requests leave to deposit the sum of $24,000 into the registry of the Court as security for the Supersedeas Bond attached hereto, and requests approval of the Supersedeas Bond and security in the form

1

of a cashier's check in the sum of $24,000 (copy attached), conditioned upon the deposit of said cashier's check.

Woodbridge is entitled to a Stay of Execution of Judgment as a matter of right upon filing a supersedeas bond that complies with all aspects of federal law. Federal Rule of Civil Procedure 62(d) provides that "If an appeal is taken, the appellant may obtain a stay by supersedeas bond... The bond may be given upon or after filing the notice of appeal or after obtaining an order allowing the appeal. The stay takes effect when the court approves the bond." Under Fifth Circuit law, Federal Rule of Civil Procedure 62(d) "entitles a party appealing a money judgment to an *automatic* stay upon posting a supersedeas bond." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992)(emphasis added); *see also* Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: FEDERAL RULE OF CIVIL PROCEDURE § 2905 ("The stay issues as a matter of right in cases within Rule 62(d), and is effective when the supersedeas is approved by the court.").

In order to obtain the stay to which it is entitled, Woodbridge requests leave from the Court to deposit the sum of $24,000 into the registry of the Court as security for the Supersedeas Bond attached hereto. Pursuant to Local Civil Rule 65.1.1, "Every bond furnished in connection with a civil proceeding in this court must have as surety either (1) a cash deposit equal to the amount of the bond..." Pursuant to Local Civil Rule 67.2, however, "An order signed by the presiding judge in the case or proceeding is required for money to be sent to the Court or its officers for deposit in the Court's registry...." Woodbridge thus seeks leave of this Court to deposit the sum of $24,000 as security for the Supersedeas Bond attached hereto.

2

Woodbridge further requests that the Court approve the Supersedeas Bond and security in the form of a cashier's check in the sum of $24,000 (copy attached) conditioned upon the deposit of said cashier's check. Pursuant to Local Civil Rule 62.2, the amount of Supersedeas Bond shall be the amount of the judgment, plus 20%. Here, the total award against Woodbridge in the Judgment is $20,000. Adding 20% as required by Local Rule 62.2 results in a total amount of $24,000, the amount of the Supersedeas Bond.

For the reasons set forth above, Woodbridge respectfully requests that this Court grant its motion and: (1) authorize Woodbridge to deposit the sum of $24,000 into the registry of the Court; (2) approve Woodbridge's Supersedeas Bond and security in the form of a cashier's check in the sum of $24,000 (copy attached); and (3) stay execution of the July 1, 2015 Judgment as against Woodbridge pending resolution of Woodbridge's appeal conditioned upon the deposit of said cashier's check.

Prior to the filing of this motion, counsel for Woodbridge sent a copy of the motion in draft to Greg Paw, Counsel for the Special Master. Mr. Paw represented to Woodbridge that he does not oppose the relief request in this motion.

Respectfully submitted,

/s/ George D. Fagan
**GEORGE D. FAGAN, T.A. - #14260**
**MARGARET F. SWETMAN - # 29195**
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163
Telephone: (504) 585-7500
Facsimile: (504) 585-7775
Email: gfagan@leakeandersson.com
Email: mswetman@leakeandersson.com

3

*Attorneys for Woodbridge Baric Pre-Settlement Funding, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been electronically filed this date and delivered to all counsel of record by notice of electronic filing by the court, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 13th day of July, 2015, at their last known address of record.

/s/ *George D. Fagan*
**GEORGE D. FAGAN**