IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 SECTION J |
| Applies to: *All Cases* | * * * * | Judge CARL J. BARBIER Magistrate Judge SALLY A. SHUSHAN |

### ORDER

### TO AMEND AND UPDATE THE OCTOBER 16, 2012 ORDER

1. On October 16, 2012, this Court issued an order regarding the refund of transition payment holdback amounts to class member recipients of 60% transition payments. *See* Rec. Doc. 7660. That October 16, 2012 Order had the effect of clarifying this Court's prior Orders concerning holdback issues. *See* Orders dated December 28, 2011 (Rec. Doc. 5022), January 4, 2012 (Rec. Doc. 5064), January 18, 2012 (Rec. Doc. 5274), and May 3, 2012 (Rec. Doc. 6428); *see also* Transition Order (Mar. 8, 2012) (Rec. Doc. 5988)) and Order [Regarding GCCF Transition Claims and Forty Percent (40%) Remainder Payments] (July 1, 2014) (Rec. Doc. 13086).

2. Based on ensuing developments, this new Order is designed to amend and update (and thus supersede) the October 16, 2012 Order, which is hereby withdrawn. Accordingly, this Order largely restates the terms of the October 16, 2012 Order to avoid confusion (*see* Paragraphs (a)-(c) below), adding new directives where necessary (*see* Paragraphs (d)-(e) below).

3. The need for this Order arises because some refunds of 6% holdback amounts previously withheld from GCCF claimants were disbursed from the wrong source of funds.

Upon discovery of this issue, holdback refunds under the October 16, 2012 Order were temporarily halted and the parties together with Court Supervised Settlement Program ("CSSP") staff and attorneys conferred as to how to rectify the situation. That process is now complete and the parties and the CSSP therefore agree to the accounting adjustments and additional clarifications concerning holdback refunds set forth herein.[1]

\* \* \*

Accordingly, IT IS ORDERED that this Court's Order of October 16, 2012, which revised the previous Order related to holdback amounts dated January 18, 2012 Order, *as amended* May 3, 2012, is withdrawn and the following Order is substituted in its place as follows: Refunds of 6% hold-back amounts from payments made to Gulf Coast Claims Facility ("GCCF") claimants who had opted for 60% payments and who remain in the economic settlement class should now resume. In aid of this Order:

(a) It is again clarified that the entirety of any 60% payments made to such Transition Claimants who remain in the economic settlement class (as well as the associated 40% residuals and 6% hold-back amounts) will be treated as "transition payments" within the meaning of the Economic Loss and Property Damages Class Action Settlement Agreement;

(b) Additionally, the Claims Administrator of the Economic Loss and Property Damages Class Action Settlement Agreement and/or the Clerk of Court, as appropriate will again be authorized to access the MDL 2179 Reserve Account ("Account") (not the General Claims Settlement Fund) for the sole purpose of withdrawing all of the necessary refunds from the Account at one time, upon the entry of this Order, and thereafter to distribute such 6% refunds to the appropriate claimants as expeditiously as practicable, but subject to the Claims Administrator's normal and customary processing and distribution procedures as applicable, and upon receipt of a Form W-9 signed by the claimant and, if the claimant is represented by counsel, (i) Law Firm W-9, (ii) Payment Election Form, and (iii) Attorney Fee Acknowledgement Form (if necessary and if not previously provided);

---

[1] This Order does not resolve any potential issues concerning the Common Benefit Fee and Costs Fund, as to which all parties reserve any rights they might have.

(c)  The Claims Administrator is again also authorized to work with Magistrate Judge Shushan and Phil Garrett, CPA to administer this Order, and Magistrate Judge Shushan may make all necessary and appropriate logistical arrangements within the Court and with financial institutions (if needed) for the Claims Administrator to access funds held in the Account so that the necessary refunds will be issued;

(d)  For purposes of this Order, Claimants "who remain in the economic settlement class" (see above) for purposes of the reimbursement of 6% holdback amounts shall not include: (1) Claimants excluded from the economic settlement pursuant to Section 2 of the Settlement Agreement; or (2) Claimants who timely opted-out of the CSSP and have not revoked their decision to opt-out (with BP's consent).

(e)  The Court understands that a group of Transition Claimants were previously paid their 6% holdback reimbursement by the Claims Administrator from the General Claims Settlement Fund rather than the Account established by the Court for the holdback amounts withheld from eligible GCCF settlement payments. This was done inadvertently. The amount of these refunds is $2,002,508.04. Accordingly, the Claims Administrator shall cause the Account to reimburse the General Claims Settlement Fund the $2,002,508.04 used to pay this group of holdback refunds.

New Orleans, Louisiana, this 13th day of July, 2015.

_____
United States District Judge