ACT OF CORRECTION

UNITED STATES OF AMERICA

STATE OF LOUISIANA

PARISH OF ~~TERREBONNE~~ LAFAYETTE

BE IT KNOWN, that on this 22nd day of September, 1969;

BEFORE ME, William E. Logan, Jr., a Notary Public, duly commissioned and qualified in and for the Parish of ~~Terrebonne~~ Lafayette, State of Louisiana, therein residing, and in the presence of the witnesses hereinafter named and undersigned:

PERSONALLY CAME AND APPEARED:

BERNARD A. REMBERT, married to Leona Engeron, and UNITED BONDING INSURANCE COMPANY (Trustee for B. A. Rembert) herein represented by the undersigned, who declared that by act passed before A. D. O'Neal, Jr., Notary, under date March 3, 1969, registered under Entry No. 357614 of the Mortgage Records of Terrebonne Parish, Louisiana, the said Bernard A. Rembert mortgaged unto the said United Bonding Insurance Company, property therein described as follows, to-wit:

> All of mortgagor's rights, title and interest in and to the following described properties:
>
> A certain tract of land having a width of eighty-nine (89') feet, by depth of survey on both banks of said Bayou (Bayou Jean Charles), bounded above by property of Evest Naquin, and below by property allotted to Davis Naquin. (Said tract is approximately 40 arpents more or less, in depth).
>
> A certain tract of land having a width of eighty-nine (89') feet, by depth of survey on both banks of said Bayou (Bayou Jean Charles), bounded above by property of Evest Naquin, and below by property allotted to Mark Naquin. (Said tract is approximately 40 arpents, more or less, in depth).

At the time said mortgage was executed, the property therein described was subject to litigation, namely two suits entitled LA-TERRE CO., INC. VS. BERNARD A. REMBERT, Docket Nos. 28941 and 29487 of the 17th Judicial District Court, Parish of Terrebonne, which said suits were evidenced by notices of LIS PENDENS filed under Entry Nos. 339215 and 339216 of the Mortgage records of Terrebonne Parish, Louisiana.

The parties to said suits have compromised their differences, which said compromise has affected the description of the property as set forth in the aforesaid mortgage.

That in view of the foregoing and for the same consideration originally recited, the parties have agreed to reform and correct the aforementioned description, so as to have the same read as follows, to-wit:

> All of mortgagor's rights, title and interest in and to the following described property:
>
> A certain tract of land situated in the Southwest quarter of the Northwest quarter (SW¼ of the NW¼) of Section 38 of Township 19 South, Range 19 East; said tract having a width in a North-South direction of one hundred seventy-eight (178') feet, being bounded on the North by the property of Evest Naquin (now or formerly), South by the property of Frank Naquin (now or formerly), and on the East and West by the property of La-Terre Co., Inc.

and the note in the amount of $5,000.00, paraphed for identification with the aforesaid mortgage was presented to me, Notary, and having been paraphed "Ne Varietur" by me, for identification herewith was returned.

AND I, Notary, do hereby authorize the Clerk of Court of the Parish of Terrebonne to make mention of the within act of correction in the margins of his mortgage records under Entry No. 357614, to serve as occasion may require.

THUS DONE AND PASSED in duplicate originals in Lafayette Parish, Louisiana on the day and date first mentioned in the presence of Linda R. Babineaux and Earline Thibodeaux, competent witnesses who hereunto afix their signatures hereto with the appearers and me, Notary.

WITNESSES:

Linda R. Babineaux

Earline Thibodeaux

Bernard A. Rembert
BERNARD A. REMBERT

UNITED BONDING INSURANCE COMPANY

BY [signature]

William E. Logan
NOTARY PUBLIC

STATE OF LOUISIANA
PARISH OF TERREBONNE
I HEREBY CERTIFY that the within and foregoing is a true copy of the original on file in this office and recorded SEP 23 1969
at 1:32 o'clock P. M., in Mortgage
Book No. 307, folio 369236 Under
Entry No. SEP 23 1969
Office of Clerk of Court and Recorder
Houma, Louisiana Ray B. Theriot
Clerk of Court
D. J.

362381

STATE OF LOUISIANA

PARISH OF ORLEANS

COMPROMISE AGREEMENT

THIS AGREEMENT made and entered into as of the 14th day of September, 1967, by and between LA-TERRE CO., INC., a Delaware corporation (hereinafter called "La-Terre"), and Bernard A. Rembert (hereinafter called "Rembert"), a person of the full age of majority and a resident of Terrebonne Parish, who has been married but once and then to Leona Engeron, with whom he is presently living and residing in Terrebonne Parish, Louisiana;

W I T N E S S E T H:

WHEREAS, the parties hereto represent that they are the respective owners of certain lands in Township 19 South, Range 19 East, Terrebonne Parish, Louisiana, as hereinafter set forth; and

WHEREAS, differences and disputes have arisen and now exist between said respective parties with respect to the title, ownership, and possessory rights in and to certain of said lands, as well as the correctness of the location of the boundaries between their respective properties; and

WHEREAS, said parties desire to compromise and settle all of such differences and disputes as regards such questions of ownership, possessory rights and boundaries, and to that end, have agreed to make mutual quitclaims of interest in certain lands, one with the other, in order to fix and establish permanent boundaries between the respective properties owned by them; and

WHEREAS, a plat of survey entitled "Map showing survey of parts of Sections 36, 37, 38, 39, 48 and 49 of T. 19 S., R. 19 E. and subdivisions thereof, Terrebonne Parish, La." dated July 3, 1953, revised December 16, 1954, was made by the office of T. Baker Smith, C. E. showing the boundaries which the parties hereto desire to adopt between their respective properties by the execution of this instrument, a copy of which said plat has been annexed hereto as Exhibit "A"; and

WHEREAS, the parties hereto wish to effectuate the quitclaims of interest to which they have mutually agreed, and also to settle any possible controversy as to the locations of the boundary lines between the properties in said township which are owned by each of them and, for that reason, have agreed between themselves to accept the results of the aforesaid plat as correct for the purposes of permanently establishing said boundary lines, all to the end that all differences and disputes between them with respect to the said title, ownership, possessory rights, and boundaries may be compromised and settled.

NOW, THEREFORE, in consideration of the premises and of the mutual convenants herein contained, the parties have agreed and do hereby agree, between themselves, as follows, to-wit:

FIRST

1. Rembert does by these presents, grant, bargain, convey, assign, transfer, set over, quitclaim and deliver, without any warranty, but with full substitution and subrogation in and to all the rights and actions of warranty which he has or may have against all preceding owners and vendors, unto La-Terre, the following described property situated in the Parish of Terrebonne, State of Louisiana, to-wit:

Township 19 South, Range 19 East

Section 38 - E½; E½ of NW¼; SW¼ of SW¼; except portions quitclaimed by La-Terre Co., Inc., to Pierre Chaisson, Joseph Naquin and Henry Dardar, by three instruments dated October 24, 1951 and recorded in C.O.B. 183, folio 430, 428 and 427, respectively, Terrebonne Parish, Louisiana

Section 39 - All

Section 40 - All

2. La-Terre does by these presents, grant, bargain, convey, assign, transfer, set over, quitclaim and deliver, without any warranty, but with full substitution and subrogation in and to all the rights and actions of warranty which it has or may have against all preceding owners and vendors, unto Rembert, the following described property situated in the Parish of Terrebonne, State of Louisiana, to-wit:

> A certain tract of land situated in the Southwest quarter of the Northwest quarter (SW¼ of the NW¼) of Section 38 of Township 19 South, Range 19 East; said tract having a width in a North-South direction of one hundred seventy-eight (178') feet, being bounded on the North by the property of Evest Naquin (now or formerly), South by the property of Frank Naquin (now or formerly), and on the East and West by the property of La-Terre Co., Inc.

3. This mutual quitclaim is made and mutually accepted by the parties hereto.

SECOND

1. La-Terre and Rembert have agreed and do hereby agree that the boundaries between their respective aforesaid lands shall be and the same are hereby fixed and agreed upon to be along those lines shown in red on the plat attached hereto and marked Exhibit "A".

2. The parties hereto further declare that in order to avoid any dispute, controversy, or uncertainty as to the aforesaid boundary lines, and in order to immediately and forever put such matters to rest, they have agreed to and do hereby permanently fix and establish their aforesaid boundary lines in accordance with the plat hereinabove referred to and have accepted the lines hereinabove set out as the boundary lines between the properties above mentioned, whether or not the same be the true lines as fixed by the original government survey.

3. It is expressly understood and agreed that the adjustment of said boundary lines, as herein provided, is limited to the fixing of the rights of the respective parties who have signed this agreement, and their respective successors and assigns, and that this agreement is not executed for the benefit of any third person, or third persons, and shall not be binding upon or used against any of the parties signatory hereto, or their respective successors or assigns, in any controversy with any other person, firm, or corporation, for any purposes whatsoever.

Except to the limited extent hereinabove set forth, this agreement shall be binding upon the parties hereto, their respective successors and assigns.

IN WITNESS WHEREOF, this instrument has been executed in multiple originals effective as of the day and date first above written in the presence of the undersigned competent witnesses.

WITNESSES:

Dolores Daigle

Betty B. Berras

Dolores Daigle

Betty Berras

LA-TERRE CO., INC.

BY Richard H. Peters

Bernard A. Rembert

BERNARD A. REMBERT

Witnesses to the signature of Richard H. Peters:

[illegible]

Dorothy M. Shute

STATE OF Louisiana

Parish OF Terrebonne

On this 9th day of May, 1969, before me personally appeared Bernard A. Rembert, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed it as his free act and deed.

[signature]
NOTARY PUBLIC

STATE OF OHIO

COUNTY OF LUCAS

On this 20th day of May, 19 69, before me appeared Richard H. Peters - - - - - - - - - - - - - - - - -, to me personally known, who, being by me duly sworn, did say that he is the President - - - - - - - - - - - of La-Terre Co., Inc. and that the seal affixed to said instrument is the corporate seal of said corporation and that the instrument was signed and sealed in behalf of the said corporation by authority of its Board of Directors, and that he acknowledged the instrument to be the free act and deed of the corporation.

Norma J. Estel
NOTARY PUBLIC

NORMA J. ESTEL
Notary Public, Lucas County, Ohio
My Commission Expires Apr. 11, 1973

FILED FOR RECORD
MAY 28 9 56 AM 1969
Roy B. Theriot
CLERK OF COURT
PARISH OF
TERREBONNE, LA.
Dy.

STATE OF LOUISIANA
PARISH OF TERREBONNE

I HEREBY CERTIFY that the within and foregoing Five pages contain a true and correct EXCERPT from the original of the same, and truly exemplifies all such portions of the original to which it relates; and that the said original is on file in this office and was recorded under date of May 28, 1969, 19_____, in COB Book No. 477, fo. ____, et seq., Entry No. 362381.

WITNESS my hand and official seal at Houma, La., this 4th day of June, 19 69.

[signature]
Dy. Clerk of Court

(1)

| | | |
|---|---|---|
| LA-TERRE CO., INC.<br>VS. NO. 28941<br>BERNARD A. REMBERT<br><br>CONSOLIDATED WITH<br><br>LA-TERRE CO., INC.<br>VS. NO. 29487<br>BERNARD A. REMBERT | * | STATE OF LOUISIANA<br><br>17TH JUDICIAL DISTRICT COURT<br><br>PARISH OF TERREBONNE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MOTION TO DISMISS

On the joint motion of Milling, Saal, Saunders, Benson & Woodward, attorneys for La-Terre Co., Inc., plaintiff in the above entitled and numbered causes, and Joseph L. Waitz, attorney for defendant, Bernard A. Rembert, and on suggesting to the court that the above entitled and numbered causes have been settled and compromised as evidenced by compromise agreement entered into as of September 14, 1967 and registered in the Conveyance records of Terrebonne Parish, Louisiana under Entry No. 362381; that movers desire to dismiss the said causes with each party bearing its own costs; and that all costs and commissions due the clerk of court and sheriff have been paid as evidenced by the certificate of those officers annexed hereto and made a part of this motion:

IT IS ORDERED BY THE COURT, that the above entitled and numbered causes be and the same are hereby dismissed, with each party to bear its own costs.

Houma, Louisiana, this 28th day of May, 1969.

Barm B. Barry
JUDGE

MILLING, SAAL, SAUNDERS,
BENSON & WOODWARD

BY /s/ J. Henry Phillips III
J. HENRY PHILLIPS, III
Attorney for Plaintiff
La-Terre Co., Inc.

/s/ Joseph L. Waitz
JOSEPH L. WAITZ
Attorney for Defendant
Bernard A. Rembert

C E R T I F I C A T E

We certify that all costs and commissions due our respective offices in the above entitled and numbered causes have been fully paid.

May 28, 1969
CLERK OF COURT

BY /s/ Jeannie G. Munlan
Dy. Clerk of Court

SHERIFF

BY /s/ [illegible]

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. JUN 4 1969 , 19
BY /s/ Anita M. Kelpsch
Deputy Clerk of Court

FILED
MAY 28 1969
/s/ Jeannie G. Munlan
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA.

COLLATERAL MORTGAGE — No. 1

357614

# STATE OF LOUISIANA

## PARISH OF TERREBONNE

Be It Known, that on this third day of March in the year of our Lord, nineteen hundred and sixty-nine;

BEFORE ME, A. D. O'NEAL, JR.,

Notary Public, duly commissioned and qualified in and for the Parish of Terrebonne, State of Louisiana, and in the presence of Gerry Duval and Dolores Daigle

lawful witnesses residing in said Parish,

PERSONALLY CAME AND APPEARED

BERNARD A. REMBERT, married to the former Leona Engeron, with whom he is living and residing in the Parish of Terrebonne, State of Louisiana and whose address is P. O. Box 782, Houma, Louisiana,

(hereinafter referred to as mortgagor and as a person of the masculine gender, whether one or more) who declared and acknowledged said mortgagor to be justly and truly indebted to and unto

UNITED BONDING INSURANCE COMPANY (Trustee for B. A. Rembert), ~~domiciled in Lafayette Parish and~~ whose mailing address is 208 West Main, Lafayette, Louisiana, and herein represented by the undersigned,

(hereinafter referred to as mortgagee and as a person of the masculine gender, whether one or more) in the full sum of FIVE THOUSAND AND NO/100 ($5,000.00) --------------------- Dollars in lawful money of the United States of America, in representation of which indebtedness the said mortgagor this day made and subscribed his --------- one ------------ certain promissory note in the principal sum of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS, drawn to his own order and by himself endorsed in blank, made due and payable on demand at the office of the Bank of Terrebonne and Trust Company, Houma, and made without interest,

which said note having been duly paraphed "Ne Varietur" by me, said officer, for identification herewith, was delivered to the mortgagee, who acknowledged receipt thereof.

COLLATERAL MORTGAGE No. 2

357614

In the event said note is placed in the hands of an attorney at law for collection, by suit or otherwise, the said mortgagor binds himself to pay the fees of said attorney at the rate of twenty per cent of the amount placed in said attorney's hands.

In order to secure the full payment of said note in principal and interest, as well as the attorney's fees aforesaid, and all costs, charges and expenses, if any there be, the said mortgagor does by these presents specially mortgage and hypothecate under the "pact de non alienando," unto and in favor of the said mortgagee or of any future holder or holders of the said note until the full and final payment thereof in principal and interest, as well as attorney's fees, costs, charges and expenses aforesaid, if any there be, the following described property, to-wit:

All of mortgagor's rights, title and interest in and to the following described properties:

A certain tract of land having a width of eighty-nine (89') feet, by depth of survey on both banks of said Bayou (Bayou Jean Charles), bounded above by property of Evest Naquin, and below by property allotted to Davis Naquin." (Said tract is approximately 40 arpents more or less, in depth).

A certain tract of land having a width of eighty-nine (89') feet, by depth of survey on both banks of said Bayou (Bayou Jean Charles), bounded above by property of Evest Naquin, and below by property allotted to Mark Naquin. (Said tract is approximately 40 arpents, more or less, in depth).

COLLATERAL
~~SPECIAL~~ MORTGAGE – No. 3

The said mortgagor furthur binds and obligates himself to keep the buildings and improvements now existing, or which may be hereafter erected, on the property herein mortgaged constantly insured under a policy of fire and extended coverage insurance in a good and solvent insurance company in a sum not less than the amount of the note herein given, until the full and final payment of said note, and to deliver unto said mortgagee, or any future holder or holders of said note, the policy of said insurance, the loss payable clause to be made payable to the mortgagee herein or any future holder or holders of said note; and should the mortgagor fail or neglect to cause such insurance to be effected, then and in that event said mortgagee, or any future holder or holders of said note, shall have the right at his option (without in any manner affecting his liability should he fail to exercise said option) to so insure said property, and any sums paid for said insurance, up to 10% of the principal amount of said note, shall be secured by this mortgage and shall bear the same rate of interest from date of payment as the note herein given.

Mortgagor further binds and obligates himself to pay from time to time, as and when due, all taxes, paving and/or sewerage liens, and all other liens and privileges affecting the property herein mortgaged, and should he fail or neglect to do so, then and in that event mortgagee, or any future holder or holders of said note, shall have the right at his option (without in any manner affecting his liability should he fail to exercise said option) to pay said taxes, liens or privileges, either in full or any installment due thereon, and any sums thus paid, up to fifty percent (50%) of the principal amount of said note, shall be secured by this mortgage and shall bear the same rate of interest from date of payment as the note herein given.

~~Now personally came and appeared ... wife of said ..., who joins her said husband herein for the purpose of waiving the homestead exemption provided for in the Constitution of the State of Louisiana for the year 1921, as amended, and who both declared that they do hereby specially waive any and all homestead exemptions granted them under the Constitution aforesaid, to and in favor of the mortgagee herein, or any and all future holder or holders of said note, to the extent of the mortgage herein granted, together with interest, attorneys fees and costs, as aforesaid.~~

The mortgagor confesses judgment for the full amount due on the note identified herewith if same is not paid at maturity, and declares that in the event of the sale of said property under executory or other legal process, he hereby expressly authorizes that the same be sold without appraisement to the highest bidder for cash, the said mortgagor hereby expressly waiving the benefit of appraisement and of all laws relating thereto.

The parties dispense with the Certificate of Mortgages required by law, and exonerate me, undersigned officer, from any responsibility therefor.

IN FAITH WHEREOF, the parties, witnesses and I, said Notary, have signed these presents at my office in the City of Houma, Parish of Terrebonne, Louisiana, on the day and date first above written, after a due reading of the whole.

WITNESSES:

Gerry Duval

Dolores Daigle

B. A. Rembert

UNITED BONDING INSURANCE COMPANY

BY:

A. D. O'Neal, Jr.
Notary Public

FILED FOR RECORD
... 3 ... 1969
Ray B. Theriot
CLERK OF COURT
PARISH OF
TERREBONNE, LA.

NOTICE OF FIXING FOR TRIAL OF CONSOLIDATED CASES:

OFFICE OF THE CLERK OF THE 17TH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF TERREBONNE, LOUISIANA

A-TERRE COMPANY, INC.

S. NO. 28941

ERNARD A. REMBERT

TO: 1 Mr. Andrew J. Gray, III
(MILLING, SAAL, SAUNDERS, BENSON & WOODWARD)
Attorneys at Law
1122 Whitney Building
New Orleans, Louisiana

A-TERRE COMPANY, INC.

S. NO. 29487

ERNARD A. REMBERT

NOTICE IS HEREBY GIVEN that the above entitled and numbered matters have been set down for trial on Monday, May 12th, 19 69, on its merits at 10:00 o'clock A.M.

Houma, La. June 11th, 19 68.

I. ROBERT BOUDREAUX, CLERK OF COURT

BY: [signature]
DEPUTY CLERK OF COURT

| | | |
|---|---|---|
| LA-TERRE CO., INC., | * | STATE OF LOUISIANA |
| VS. NO. 28941 | * | |
| BERNARD A. REMBERT | * | |
| CONSOLIDATED WITH | * | 17TH JUDICIAL DISTRICT COURT |
| LA-TERRE CO., INC., | * | |
| VS. NO. 29487 | * | |
| BERNARD A. REMBERT | * | PARISH OF TERREBONNE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MOTION TO FIX TRIAL

On motion of La-Terre Co., Inc., appearing herein through its attorneys, Milling, Saal, Saunders, Benson & Woodward, and on suggesting to the Court that an examination of the records shows that Answers have been filed in these cases and, that said cases are now ready for trial on their merits, and on further suggesting to the Court that it is anticipated that the trial of said cases will consume approximately four hours, and that the services of a Court Reporter will be required;

IT IS ORDERED BY THE COURT that the above entitled cases be placed on the proper call docket for fixing and trial, on their merits, in due course, according to the [illegible]

[illegible handwriting] 1969 [illegible]

rules and practices of the Court.

Houma, Louisiana, this 5th day of June, 1968.

/s/ Leonard Greenburg
JUDGE

MILLING, SAAL, SAUNDERS,
BENSON & WOODWARD

/s/
J. Henry Phillips, III

/s/
A. J. Gray, III
Attorneys for La-Terre
Co., Inc., Plaintiff

CERTIFICATE

I hereby certify that a copy of the above motion was served upon Mr. Joseph L. Waitz, Attorney for Defendant, O'Neal Building, Houma, Louisiana, by depositing same in the United States Mail, postage prepaid, on this 5th day of June, 1968.

/s/
J. Henry Phillips, III

| | | |
|---|---|---|
| LA-TERRE CO., INC. | * | STATE OF LOUISIANA |
| VS. NO. 29487 | * | 17TH JUDICIAL DISTRICT COURT |
| BERNARD A. REMBERT | * | PARISH OF TERREBONNE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MOTION TO CONSOLIDATE CASES

On the motion of Milling, Saal, Saunders, Benson & Woodward, attorneys for La-Terre Co., Inc., plaintiff in the above entitled and numbered cause and on suggesting to the Court that there is presently pending in Docket 3 of this Court a suit entitled La-Terre Co., Inc., vs. Bernard A. Rembert, No. 28941 on the docket of this Court; that said suit involves the identical parties and common issues of law and fact with this suit; and on suggesting further that the interest of justice will be best served by the consolidation of said causes for trial and determination before this Honorable Court at one and the same time;

IT IS ORDERED BY THE COURT that the above entitled and numbered cause presently pending before Docket 2 of this Court be and it is hereby transferred to Docket 3 of this Court, there to be consolidated and tried with the case of

La-Terre Co., Inc., vs. Bernard A. Rembert, No. 28941 on the docket of this Court presently pending in the said Docket 3.

Thibodaux, Louisiana, this 7th day of June, 1968.

/s/ Ph[illegible] Martinez
Judge, Docket 2

APPROVED

/s/ Leonard Greenburg
Judge, Docket 3

MILLING, SAAL, SAUNDERS,
BENSON & WOODWARD

/s/ J. Henry Phillips III
J. Henry Phillips, III

/s/ A. J. Gray III
A. J. Gray, III
Attorneys for Movers
1122 Whitney Building
New Orleans, Louisiana 70130

C E R T I F I C A T E

I hereby certify that a copy of the above motion was served upon Mr. Joseph L. Waitz, Attorney for Defendant, O'Neal Building, Houma, Louisiana, by depositing same in the United States Mail, postage prepaid, on this 4th day of June, 1968.

/s/ J. Henry Phillips III
J. Henry Phillips, III

NOTICE OF FIXING FOR TRIAL OF CONSOLIDATED CASES:

OFFICE OF THE CLERK OF THE 17TH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF TERREBONNE, LOUISIANA

LA-TERRE COMPANY, INC.

VS. NO. 28941

BERNARD A. REMBERT

TO: 1 Mr. J. Henry Phillips, III
(MILLING, SAAL, SAUNDERS, BENSON & WOODWARD)
Attorneys at Law
1122 Whitney Building
New Orleans, Louisiana

LA-TERRE COMPANY, INC.

VS. NO. 29487

BERNARD A. REMBERT

NOTICE IS HEREBY GIVEN that the above entitled and numbered matters have been set down for trial on Monday, May 12th, 19 69, on its merits at 10:00 o'clock A.M.

Houma, La. June 11th, 19 68.

I. ROBERT BOUDREAUX, CLERK OF COURT

BY: Valerie J. [signature]
DEPUTY CLERK OF COURT

| LA-TERRE CO., INC. | : | 17TH JUDICIAL DISTRICT COURT |
|---|---|---|
| vs. | : | STATE OF LOUISIANA |
| | : | PARISH OF TERREBONNE |
| BERNARD A. REMBERT | : | NO. 28941 |

POSSESSORY ACTION

The petition of La-Terre Co., Inc., a corporation organized under the laws of the State of Delaware and qualified to do business in the State of Louisiana, respectfully represents:

I.

Plaintiff possesses as owner the following described immovable property situated in Terrebonne Parish, Louisiana, to-wit:

Township 19 South, Range 19 East

Section 38 - $E\frac{1}{2}$; $E\frac{1}{2}$ of $NW\frac{1}{4}$; $SW\frac{1}{4}$ of $SW\frac{1}{4}$; except portions quitclaimed by La-Terre Co., Inc. to Pierre Chaisson, Joseph Naquin and Henry Dardar by three instruments dated October 24, 1951 and recorded in C.O.B. 183, folio 430, 428 and 427, respectively, Terrebonne Parish, Louisiana

Section 39 - All

Section 40 - All

II.

Plaintiff acquired possession of the above described property as part of a larger tract comprising substantial portions of Township 17 South, Range 19 East, and Township 20 South, Range 19 East by instrument dated

February 4, 1927, registered in Conveyance Book 87, folio 216, Entry No. 4812 and January 14, 1930, registered in Conveyance Book 93, folio 117, Entry No. 9059, both of the records of Terrebonne Parish, Louisiana.

III.

Plaintiff had possession of the above described immovable property quietly and without interruption for more than one year immediately prior to the 17th day of September, 1967 and plaintiff had possession of the above described immovable property at the time of the hereinafter described disturbance occurred.

IV.

Defendant, Bernard A. Rembert, domiciled in the Parish of Terrebonne, State of Louisiana disturbed plaintiff in its possession of the above described immovable property by registering on the 21st day of September, 1966, an alleged title to a portion of the said property, being a purported purchase from Mark Naquin on September 17, 1966, by act before Jeffrey J. Himel, Notary Public for the Parish of Terrebonne, State of Louisiana, which said act is registered in Book No. 424, folio 605, Entry No. 306172 of the conveyance records of Terrebonne Parish, Louisiana.

V.

Less than one year has elapsed since the above described disturbance occurred and plaintiff desires to be maintained in the peaceable possession of the said immovable property.

WHEREFORE plaintiff prays that after due proceedings, there be judgment herein in favor of plaintiff, La-Terre Co.,

Inc., and against defendant, Bernard A. Rembert, recognizing plaintiff's right to the possession of the immovable property described above and maintaining it in possession thereof, and, in the event that the defendant does not assert an adverse claim of ownership of the said immovable property in his answer hereto, that there be judgment herein ordering the defendant to assert any adverse claim of ownership of the said immovable property in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, and in the event such a claim is not asserted that there be judgment ordering the instrument registered in Book 424, folio 605, of the records of Terrebonne Parish cancelled and erased from the public records insofar as it affects the hereinabove described immovable property.

MILLING, SAAL, SAUNDERS, BENSON & WOODWARD

By J. Henry Phillips, III

J. Henry Phillips, III

A. J. Gray, III

Andrew J. Gray, III
Attorneys for plaintiff
La-Terre Co., Inc.
1122 Whitney Building
New Orleans, Louisiana 70130

SERVE DEFENDANT:

Bernard A. Rembert
Schriever Route

| | | |
|---|---|---|
| LA-TERRE CO., INC. | : | 17TH JUDICIAL DISTRICT COURT |
| | : | STATE OF LOUISIANA |
| vs. | : | PARISH OF TERREBONNE |
| BERNARD A. REMBERT | : | NO. 28941 |

LIS PENDENS

Notice is hereby given that on September 14, 1967, a suit was commenced in the 17th Judicial District Court, Parish of Terrebonne, State of Louisiana by La-Terre Co., Inc., against Bernard A. Rembert, which suit is now pending; that said suit is a possessory action, and its object is to maintain, confirm and quiet plaintiff's possession to the following described lands, situated in Terrebonne Parish, Louisiana, to-wit:

Township 19 South, Range 19 East

Section 38 - E½; E½ of NW¼; SW¼ of SW¼; except portions quitclaimed by La-Terre Co., Inc., to Pierre Chaisson, Joseph Naquin and Henry Dardar, by three instruments dated October 24, 1951 and recorded in C.O.B. 183, folio 430, 428 and 427, respectively, Terrebonne Parish, Louisiana

Section 39 - All

Section 40 - All

April 5, 1968

J. Henry Phillips III
J. Henry Phillips, III
Counsel of Record for
La-Terre Co., Inc.

STATE OF LOUISIANA
PARISH OF TERREBONNE
I HEREBY CERTIFY that the within and foregoing is a true copy of the original on file in this office and recorded April 8, 1968 at 8:19 o'clock A. M., in Mortgage Book No. 288, folio —, et seq. Under Entry No. 239215

Office of Clerk of Court and Recorder,
Houma, Louisiana April 8, 1968
[signature]
Clerk of Court

| | | |
|---|---|---|
| LA-TERRE CO., INC. | : | 17TH JUDICIAL DISTRICT COURT |
| vs. | : | STATE OF LOUISIANA |
| | : | PARISH OF TERREBONNE |
| BERNARD A. REMBERT | : | NO. 29487 |

LIS PENDENS

Notice is hereby given that on January 23, 1968, a suit was commenced in the 17th Judicial District Court, Parish of Terrebonne, State of Louisiana by La-Terre Co., Inc., against Bernard A. Rembert, which suit is now pending; that said suit is a possessory action, and its object is to maintain, confirm and quiet plaintiff's possession to the following described lands, situated in Terrebonne Parish, Louisiana, to-wit:

Township 19 South, Range 19 East

Section 38 - E½; E½ of NW¼; SW¼ of SW¼; except portions quitclaimed by La-Terre Co., Inc., to Pierre Chaisson, Joseph Naquin and Henry Dardar, by three instruments dated October 24, 1951 and recorded in C.O.B. 183, folio 430, 428 and 427, respectively, Terrebonne Parish, Louisiana

Section 39 - All

Section 40 - All

April 5, 1968

J. Henry Phillips III
J. Henry Phillips, III
Counsel of Record for
La-Terre Co., Inc.

STATE OF LOUISIANA
PARISH OF TERREBONNE
I HEREBY CERTIFY that the within and foregoing is a true copy of the original on file in this office and recorded April 8, 1968 at 8:21 o'clock A. M., in Mortgage Book No. 288, folio —, et seq. Under Entry No. 339216
Office of Clerk of Court and Recorder,
Houma, Louisiana April 8, 1968
[signature]
Clerk of Court

| LA-TERRE CO., INC. | * | STATE OF LOUISIANA |
|---|---|---|
| VS. NO. 29,487 | * | 17TH JUDICIAL DISTRICT COURT |
| BERNARD A. REMBERT | * | PARISH OF TERREBONNE |

ANSWER

NOW INTO COURT comes Bernard A. Rembert, defendant in the above styled matter, appearing herein through undersigned counsel, and in answer thereto, respectfully states as follows:

1.

In answer to Paragraph 1 of plaintiff's petition, all allegations contained therein are denied.

2.

In answer to Paragraph 2 of plaintiff's petition, all allegations contained therein are denied.

3.

In answer to Paragraph 3 of plaintiff's petition, all allegations contained therein are denied.

4.

In answer to Paragraph 4 of plaintiff's petition, all allegations contained therein are denied.

5.

In answer to Paragraph 5 of plaintiff's petition, all allegations contained therein are denied.

WHEREFORE, defendant prays that this his answer be deemed good and sufficient, and that after due hearing is had there be judgment herein in favor of defendant, Bernard A. Rembert, dismissing the claim of the plaintiff, La-Terre Co., Inc., with prejudice, and at its cost; and

For all general and equitable relief.

O'NEAL, WAITZ & HENDERSON

BY: ____________________
Joseph L. Waitz
O'Neal Building
Houma, Louisiana 70360
Attorneys for defendant

C E R T I F I C A T E

This is to certify that a copy of the foregoing Answer has this day been mailed, postage prepaid, to Mr. J. Henry Phillips, III, 1122 Whitney Building, New Orleans, Louisiana, 70130, Attorney for Plaintiff.

Houma, Louisiana, April __________, 1968.

_________________________
Joseph L. Waitz

| | | |
|---|---|---|
| LA-TERRE CO., INC. | * | STATE OF LOUISIANA |
| | * | |
| VS. NO. 28,941 | * | 17TH JUDICIAL DISTRICT COURT |
| | * | |
| BERNARD A. REMBERT | * | PARISH OF TERREBONNE |
| | * | |

ANSWER

NOW INTO COURT comes Bernard A. Rembert, defendant in the above styled matter, appearing herein through undersigned counsel, and in answer thereto, respectfully states as follows:

1.

In answer to Paragraph 1 of plaintiff's petition, all allegations contained therein are denied.

2.

In answer to Paragraph 2 of plaintiff's petition, all allegations contained therein are denied.

3.

In answer to Paragraph 3 of plaintiff's petition, all allegations contained therein are denied.

4.

In answer to Paragraph 4 of plaintiff's petition, all allegations contained therein are denied.

5.

In answer to Paragraph 5 of plaintiff's petition, all allegations contained therein are denied.

WHEREFORE, defendant prays that this, his answer, be deemed good and sufficient, and that after due hearing is had there be judgment herein in favor of defendant, Bernard A. Rembert, dismissing the claim of the plaintiff, La-Terre Co., Inc., with prejudice, and at its cost, and

For all general and equitable relief.

O'NEAL, WAITZ & HENDERSON

BY: ______________________________
Joseph L. Waitz
O'Neal Building
Houma, Louisiana 70360
Attorneys for Defendant

CERTIFICATE

This is to certify that a copy of the foregoing Answer has this day been mailed, postage prepaid, to Mr. J. Henry Phillips, III, 1122 Whitney Building, New Orleans, Louisiana, 70130, Attorney for Plaintiff.

Houma, Louisiana, April ________, 1963.

Joseph L. Waitz

| LA-TERRE CO., INC. | : | 17TH JUDICIAL DISTRICT COURT |
|---|---|---|
| vs. | : | STATE OF LOUISIANA |
| | : | PARISH OF TERREBONNE |
| BERNARD A. REMBERT | : | NO. 29487 |

POSSESSORY ACTION

The petition of La-Terre Co., Inc., a corporation organized under the laws of the State of Delaware and qualified to do business in the State of Louisiana, respectfully represents:

I.

Plaintiff possesses as owner the following described immovable property situated in Terrebonne Parish, Louisiana, to-wit:

Township 19 South, Range 19 East

Section 38 - E½; E½ of NW¼; SW¼ of SW¼; except portions quitclaimed by La-Terre Co., Inc. to Pierre Chaisson, Joseph Naquin and Henry Dardar by three instruments dated October 24, 1951 and recorded in C.O.B. 183, folio 430, 428 and 427, respectively, Terrebonne Parish, Louisiana

Section 39 - All

Section 40 - All

II.

Plaintiff acquired possession of the above described property as part of a larger tract comprising substantial portions of Township 19 South, Range 19 East, and Township 20 South, Range 19 East by instrument dated

February 4, 1927, registered in Conveyance Book 87, folio 216, Entry No. 4812 and January 14, 1930, registered in Conveyance Book 93, folio 117, Entry No. 9059, both of the records of Terrebonne Parish, Louisiana.

III.

Plaintiff had possession of the above described immovable property quietly and without interruption for more than one year immediately prior to the 22nd day of February, 1967 and plaintiff had possession of the above described immovable property at the time of the hereinafter described disturbance occurred.

IV.

Defendant, Bernard A. Rembert, domiciled in the Parish of Terrebonne, State of Louisiana disturbed plaintiff in its possession of the above described immovable property by registering on the 23rd day of February, 1967, an alleged title to a portion of the said property, being a purported purchase from Davis Naquin on February 22, 1967, by act before Joseph L. Waitz, Notary Public for the Parish of Terrebonne, State of Louisiana, which said act is registered in Book No. 431, folio 538, Entry No. 314486 and corrected by act March 7, 1967, registered in Book 432, folio 238, Entry No. 315056 of the conveyance records of Terrebonne Parish, Louisiana.

V.

Less than one year has elapsed since the above described disturbance occurred and plaintiff desires to be maintained in the peaceable possession of the said immovable property.

WHEREFORE plaintiff prays that after due proceedings, there be judgment herein in favor of plaintiff, La-Terre Co., Inc., and against defendant, Bernard A. Rembert, recognizing plaintiff's right to the possession of the immovable property described above and maintaining it in possession thereof, and, in the event that the defendant does not assert an adverse claim of ownership of the said immovable property in his answer hereto, that there be judgment herein ordering the defendant to assert any adverse claim of ownership of the said immovable property in a petitory action to be filed within a delay to be fixed by the Court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, and in the event such a claim is not asserted that there be judgment ordering the instruments registered in Book 431, folio 538 and Book 432, folio 238 of the records of Terrebonne Parish cancelled and erased from the public records insofar as it affects the hereinabove described immovable property.

MILLING, SAAL, SAUNDERS, BENSON & WOODWARD

By [signature]
J. Henry Phillips, III

[signature]
Andrew J. Gray, III
Attorneys for plaintiff
La-Terre Co., Inc.
1122 Whitney Building
New Orleans, Louisiana 70130

SERVE DEFENDANT:

Bernard A. Rembert
Schriever Route

FILED

JAN 23 1968
757 Flavin M. Smart
CLERK OF COURT

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. Jan 23rd 1968
BY [signature]
Deputy Clerk of Court

305521

VOLUNTARY PARTITION

STATE OF LOUISIANA

PARISH OF TERREBONNE

BEFORE ME, the undersigned authority, personally came and appeared: MARK NAQUIN, of full age, and married to the former Ocxia Dardar, and DAVIS NAQUIN, of full age, and married to the former Madeline Chaisson, both residing in the parish and state as aforesaid, who delcared that they are owners in common, in the proportion of an undivided one-half (1/2) to each of the hereinafter described property; that they no longer wish to remain as owners in indivision thereof, and desire to amicably divide the same between them, and to accomplish their mutual wishes and desires, have agreed that approximately one-half (1/2) of the said property should be vested in the said MARK NAQUIN, and the remainder of the said property should be vested in the said DAVIS NAQUIN.

Now in order to carry out the said partition and to confer upon each, a full and complete title, in due form, to the said properties, which said parties have severally agreed to take, the said MARK NAQUIN, in consideration of the properties herein received by him as his full share in this partition, does hereby grant, bargain, sell, convey, transfer, assign, set over, abandon and deliver with all legal warranties and with full substitution and subrogation, in and to all the rights of actions of warranty which he has or may have against all preceding owners or vendors unto DAVIS NAQUIN, here present and accepting and purchasing for himself, his successors, heirs and assigns, and acknowledging due transfer and delivery, all and singular the following described property, to-wit:

"A CERTAIN TRACT OF LAND having a width of eighty-nine (89') feet, by depth of survey on both banks of said Bayou (Bayou Jean Charles), bounded above by property this day allotted to Mark Naquin, and below by property of Frank Naquin." (Said tract is approximately 40 arpents, more or less, in depth)

And, in order to carry out the said partition and to confer upon each, a full and complete title, in due form, to the said properties, which said parties have severally agreed to take, the said



DAVIS NAQUIN, in consideration of the properties herein received by him as his full share in this partition, does hereby grant, bargain, sell, convey, transfer, assign, set over, abandon, and deliver with all legal warranties and with full substitution and subrogation, in and to all the rights of actions of warranty which he has or may have against all preceding owners or vendors unto MARK NAQUIN, here present and accepting and purchasing for themselves, their successors, heirs and assigns, and acknowledging due transfer and delivery, all and singular the following described property, to-wit:

> "A CERTAIN TRACT OF LAND HAVING a width of eighty-nine (89') feet, by depth of survey on both banks of said Bayou (Bayou Jean Charles), bounded above by property of Evest Naquin, and below by property this day allotted to Davis Naquin." (Said tract is approximately 40 arpents, more or less, in depth)

The parties declare thatthe properties and considertion received by each, being of approximately the same value, each reeeives an interest valued at approximately the same amount. No sum of money is to be paid by either of them to any other, and accordingly, by means of this instruement, each has received and is in possession of the properites herein alloted to each as aforesaid, and they do hereby discharge each other from all credits, matters, debts and things whatsoever in the premises, hereby acknowledging themselves, respectively, to be fully satisfied with his partition.

The parties hereto waive the production of mortgage, conveyance and other certificates, and relieve and release me, Notary, from any and all responsibility in connection therewith.

The parties hereto declare that they have not alienated or encumbered the hereinabove described property, and that to the best of their knowledge and belief, the same is subject to no liens or encumbrances whatsoever, and agree that if there are any omissions or errors in the descriptions, that they will correct the same when called upon to do so.

THUS DONE AND PASSED in TRIPLICATE ORIGINAL in my office in the City of Houma, Parish of Terrebonne, State of Louisiana, in the presence of competent witnesses, who hereunto sign their names with

the said appearers and me, Notary, after a due reading of the whole.

WITNESSES:

Norma P. Lebit (signature) — Mark Naquin (signature)

Mark Naquin

(signature) — Davis Naquin (signature)

Davis Naquin

(signature)

NOTARY PUBLIC

FILED FOR RECORD

1966 SEP 12 PM 3:27

Ray B. Thériot (signature)

Dy.

CLERK OF COURT

PARISH OF

TERREBONNE, LA.

STATE OF LOUISIANA
PARISH OF TERREBONNE

I HEREBY CERTIFY that the within and foregoing is a true copy of the original on file in this office and recorded Sept 12, 1966 at 3:27 o'clock P M., in COB Book No. 424, folio 259, et seq. Under Entry No. 305521

Office of Clerk of Court and Recorder,
Houma, Louisiana September 12, 1967

[signature]
Dy Clerk of Court