FILE #280188

# RELEASE AND EXTINGUISHMENT OF PRODUCTION PAYMENT AND FIRST AMENDMENT OF ACT OF SALE

This Release and Extinguishment of Production Payment and First Amendment of Act of Sale ("First Amendment") is effective for all purposes as of the 16th day of December, 2002, at 7:00 a.m., Central Time ("Effective Time") by and between:

LaTerre Co., Ltd., a Texas limited partnership (hereinafter referred to as "LaTerre"), whose mailing address is 333 North Sam Houston Parkway East, Suite 1060, Houston, Texas 77060, and whose federal employer identification number is 76-0488636, represented herein by its sole general partner Castex Energy, Inc., a Texas corporation appearing herein by its undersigned duly authorized President John R. Stoika,

Apache North America, Inc., a Delaware corporation (hereinafter referred to as "ANA"), whose mailing address is 2000 Post Oak Boulevard, Suite 100, Houston, Texas 77056, and whose federal employer identification number is 73-1302675, represented herein by the undersigned Roger B. Plank, its duly authorized Executive Vice President and Chief Financial Officer, and

Apache Louisiana Minerals, Inc., a Delaware corporation (hereinafter referred to as "ALM"), whose mailing address is 2000 Post Oak Boulevard, Suite 100, Houston, Texas 77056, and whose federal employer identification number is 45-0498052, represented herein by the undersigned Roger B. Plank, its duly authorized Executive Vice President and Chief Financial Officer (ANA and ALM sometimes being collectively referred to herein as "Apache").

WHEREAS LaTerre, ANA and others, entered into a Purchase and Sale Agreement as amended, dated as of December 16, 2002, as amended (the "PSA"); and

WHEREAS pursuant to the PSA, LaTerre and ANA executed and delivered that certain Act of Sale, dated effective as of the Effective Time (the "Act of Sale"), which has been recorded in the Conveyance Records of the following Parishes of the State of Louisiana as follows:

| Parish | Entry # | Book | Page |
|---|---|---|---|
| Cameron Parish, Louisiana, | File No. 279406 | Book 961 | N/A |
| Lafourche Parish, Louisiana | Entry No. 930631 | Book 1521 | Page |
| Terrebonne Parish, Louisiana | Entry No. 1139014 | Book 1807 | |

WHEREAS, effective February 1, 2003, ANA conveyed to ALM all right, title and interest acquired by ANA under the Act of Sale, pursuant to that certain Conveyance, dated

144925-1


February 1, 2003, which has been recorded in the Conveyance Records of the following Parishes of the State of Louisiana as follows:

| Parish | Entry # | Book | Page |
|---|---|---|---|
| Cameron Parish, Louisiana, | File No. 279582 | Book 962 | *[handwritten annotation]* |
| Lafourche Parish, Louisiana | Entry No. 931677 | Book 1523 | Page 442 |
| Terrebonne Parish, Louisiana | Entry No. 1140222 | Book 1808 | |

WHEREAS, in the Act of Sale, LaTerre reserved unto itself a "Production Payment," as defined in the Act of Sale; and

WHEREAS, LaTerre, Apache and others have executed that certain letter agreement dated March __, 2003 concerning the Production Payment (the "Production Payment Release Agreement"); and

WHEREAS, LaTerre and Apache desire to release, terminate and extinguish the Production Payment and to amend the Act of Sale to reflect such release, termination and extinguishment;

NOW THEREFORE, in consideration of the premises above, the provisions below and other good and valuable consideration, the sufficiency and receipt of all of which are hereby acknowledged, LaTerre and Apache agree as follows:

1. LaTerre does hereby release, terminate and extinguish the Production Payment effective as of the Effective Time and Apache does hereby accept such release, termination and extinguishment of the Production Payment. Further, LaTerre and Apache do hereby declare the Production Payment to be null and void and of no force and effect, to the same extent as if the Production Payment had never been reserved by LaTerre in the Act of Sale. Neither LaTerre nor Apache makes any agreement, representation or warranty of any kind (express, implied, statutory or otherwise) concerning the Production Payment, except as expressly set forth in the Production Payment Release Agreement or the next sentence. LaTerre shall defend all lawful claims to the Production Payment arising by, through or under the LaTerre, but not otherwise ("Special Warranty"); this Special Warranty shall not pertain to third party claims, if any, with respect to any consents to assign or preferential rights to purchase or similar rights arising as a result of this First Amendment, other than consents to assign or preferential rights to purchase or similar rights affecting the Production Payment created by, through or under LaTerre after the Effective Time. .

2. LaTerre and Apache hereby amend the Act of Sale as follows effective as of the Effective Time:

   a. The definition of "Excluded Properties" is hereby amended as follows: "Excluded Properties" means the properties described in Section 1.03 (a)-(i) and Section 1.03(k)

of the PSA. "Excluded Properties" does not include the Production Payment described in Section 1.03(j) of the PSA.

      b.    In Article I of the Act of Sale, the phrase "LESS AND EXCEPT (i) the Production Payment (as defined in and governed by Article IV below) and (ii) the other Excluded Properties (as defined in that certain Purchase and Sale Agreement dated December 16, 2002, by and among the parties hereto and others, as amended (the "PSA"))" is hereby amended to read as follows:

> LESS AND EXCEPT the Excluded Properties (as defined in that certain Purchase and Sale Agreement dated December 16, 2002, by and among the parties hereto and others, as amended (the "PSA")

      c.    In Article I of the Act of Sale, the phrase "(all of Seller's right, title and interest in the foregoing, less and except the Production Payment and the other Excluded Properties, shall be referred to collectively as the "Properties" and singularly as the "Property")" is hereby amended to read as follows:

> "(all of Seller's right, title and interest in the foregoing, less and except the Excluded Properties, shall be referred to collectively as the "Properties" and singularly as the "Property")."

      d.    Article IV of the Act of Sale is hereby deleted in its entirety.

      e.    Exhibits B, C, D-1 and D-2 to the Act of Sale are hereby deleted in their entirety.

      f.    The last sentence of Article VIII of the Act of Sale is hereby deleted.

3.    Other than as set forth above, the Act of Sale shall remain unchanged and unaffected by this First Amendment.

4.    This First Amendment may be executed in one or more originals or counterparts, each of which shall constitute an original but all of which taken together shall constitute but one single agreement and instrument.

IN WITNESS WHEREOF, the parties hereto have signed this First Amendment to be effective for all purposes as of the Effective Time in the presence of the undersigned competent witnesses, who hereunto sign their names with the parties hereto.

WITNESSES:

LATERRE CO., LTD.
By Castex Energy, Inc., its sole general partner

By: _____
    John R. Stoika, President

144925-1

3

WITNESSES:

*[signatures]*

APACHE NORTH AMERICA, INC.

By: *[signature]*
Name: Roger B. Plank
Title: Executive Vice President and
Chief Financial Officer

WITNESSES:

*[signatures]*

APACHE LOUISIANA MINERALS, INC.

By: *[signature]*
Name: Roger B. Plank
Title: Executive Vice President and
Chief Financial Officer

144925-1

4

## Acknowledgments

**STATE OF TEXAS**
**COUNTY OF HARRIS**

On this 28th day of March 2003, appeared **Roger B. Plank** to me personally known, who being by me duly sworn did say, to me and the two competent witnesses who signed their names next to his on the foregoing at the same time he did, that he is the Executive Vice President and Chief Financial Officer of **Apache North America, Inc.**, a Delaware corporation, and that the foregoing was executed on behalf of said corporation by authority of its Board of Directors, and said Appearer acknowledged said instrument to be the free act and deed of said corporation.

_____
Notary Public in and for the State of Texas
My Commission expires 2/22/05



LOREANE MCKINNEY
Notary Public, State of Texas
My Commission Expires
FEBRUARY 22, 2005

**STATE OF TEXAS**
**COUNTY OF HARRIS**

On this 28th day of March 2003, appeared **Roger B. Plank** to me personally known, who being by me duly sworn did say, to me and the two competent witnesses who signed their names next to his on the foregoing at the same time he did, that he is the Executive Vice President and Chief Financial Officer of **Apache Louisiana Minerals Inc.**, a Delaware corporation, and that the foregoing was executed on behalf of said corporation by authority of its Board of Directors, and said Appearer acknowledged said instrument to be the free act and deed of said corporation.

_____
Notary Public in and for the State of Texas
My Commission expires 2/22/05

LOREANE MCKINNEY
Notary Public, State of Texas
My Commission Expires
FEBRUARY 22, 2005

144925-1

5

**STATE OF TEXAS**
**COUNTY OF HARRIS**

On this 28th day of March, 2003, appeared **John R. Stoika**, to me personally known, who being by me duly sworn did say, to me and the two competent witnesses who signed their names next to his on the foregoing at the same time he did, that he is the President of CASTEX ENERGY, INC., a Texas corporation, the sole general partner of **LaTerre Co., Ltd.**, and that the foregoing was executed on behalf of said corporation by authority of its Board of Directors, and said Appearer acknowledged said instrument to be the free act and deed of said corporation as general partner of said partnership.

                                                                        *Tanika Y. Law*
                                                    Notary Public in and for the State of Texas
                                                    My commission expires 9/18/04

[Notary Seal: TANIKA Y. LAW, Notary Public, State of Texas, My Commission Expires SEPTEMBER 18, 2004]

6

144925-1