FILE #279582

## CONVEYANCE

This Conveyance is dated and made effective as of February 4, 2003, at 7:00 a.m., Central Time ("**Effective Time**"), and is executed by **Apache North America, Inc.**, a Delaware corporation, whose mailing address is 2000 Post Oak Boulevard, Suite 1060, Houston, Texas 77056 (hereinafter referred to as "**Seller**"), in favor of **Apache Louisiana Minerals, Inc.**, a Delaware corporation, whose mailing address is 2000 Post Oak Boulevard, Suite 1060, Houston, Texas 77056 (hereinafter referred to as "**Buyer**").

FILED AND RECORDED
PARISH, LA
CARL E. BROUSSARD
CLERK OF COURT



Reference is hereby made for all purposes to that certain Act of Sale dated effective as of December 1, 2002, at 7:00 a.m., Central Time, whereby LaTerre Co., Ltd. conveyed to Apache North America, Inc. the "Properties", as defined therein, (hereinafter referred to as the "**Act of Sale**"). The Act of Sale is recorded in under Entry No. 27746 in the Conveyance records of Cameron Parish, Louisiana, in Book 1807 under Entry No. 113014 in the Conveyance records of Terrebonne Parish, Louisiana, and in Book 1521 at Page ___ et seq. under Entry No. 930631 in the Conveyance records of Lafourche Parish, Louisiana.

For good and valuable consideration paid by Buyer to Seller, the receipt and adequacy of which is hereby acknowledged by Seller, Seller does hereby grant, bargain, sell, convey, transfer, assign, set over and deliver unto Buyer, herein accepting and purchasing for itself, its successors and assigns, and acknowledging delivery and possession thereof, all right, title and interest in and to and relating to the Properties acquired by Seller in the Act of Sale, TO HAVE AND TO HOLD unto Buyer, its successors and assigns, subject to and in accordance with all of the terms and provisions of the Act of Sale but effective, however, as of the Effective Time.

Buyer and Seller further agree as follows:

1. Buyer agrees to perform all of the duties and obligations of Seller (and ratifies all waivers and releases of Seller) with respect to the Properties and/or under the Act of Sale and/or under the PSA (as defined in the Act of Sale).

2. This Conveyance is executed by Seller in favor of Buyer without warranty of title, express or implied, except as to acts by, through and under Seller, but not otherwise.

3. Buyer expressly acknowledges that Buyer is aware that the Land (as defined in the Act of Sale) is largely marsh lands, and there are numerous water covered areas within the boundaries of such lands, which may be susceptible to a claim by the State of Louisiana that the beds of such water covered areas are owned by the State of Louisiana as the beds of navigable waterbodies. Seller does hereby exclude any contractual, implied or other warranty or representation regarding whether water covered areas are navigable or not navigable, and whether the beds of such water covered areas are owned by Seller or, alternatively, owned by the State of Louisiana; provided, however, nothing contained in these statements is intended to limit in any manner Buyer's right to dispute any claim of ownership which may be asserted, in litigation or otherwise, by the State of Louisiana respecting any claim to the ownership of the beds of water covered areas, and Buyer's right to assert that the beds of such water covered areas are owned in part by Buyer because such water covered areas are, in fact, not navigable.

-1-

4. Buyer further acknowledges that Seller has made no representation or warranty concerning the acreage content of the Land, regarding the location of the boundaries of the Lands, concerning any encroachments upon the Land, and especially that Seller has made no representations or warranties concerning whether portions of the Land may have eroded into or subsided beneath adjacent water covered areas since the date such Land were acquired by Seller (and hence such areas may have become subject to a claim of ownership by the State of Louisiana).

5. Buyer agrees that if Buyer elects to sell or otherwise transfer the Land (or any portion of the Land), Buyer shall include in any such sale or transfer (or, alternatively, in any unrecorded purchase and sale agreement or similar agreement executed in connection with any such sale or transfer) provisions identical to the two preceding paragraphs, and Buyer shall protect, indemnify and hold Seller harmless from and against any and all claims, causes of action or liability arising as a result of Buyer's failure to include such provisions in any further sale or other transfer by Buyer relating to the Land (or any portion of the Land).

**IN WITNESS WHEREOF**, this Conveyance is executed by Seller and Buyer on the date first above written in the presence of the undersigned competent witnesses.

**WITNESSES:**

*[signature: Louise Glenn]*

*[signature: Lambert M. Lapeyrouse]*

*[signature: Louise Glenn]*

*[signature: Lambert M. Lapeyrouse]*

**SELLER:**

Apache North America, Inc.

By: *[signature: Eric L. Harry]*
Eric L. Harry
Vice President and
Associate General Counsel

**BUYER:**

Apache Louisiana Minerals, Inc.

By: *[signature: Eric L. Harry]*
Eric L. Harry
Vice President and
Associate General Counsel

## ACKNOWLEDGEMENT

STATE OF TEXAS §

COUNTY OF HARRIS §

On this 31st day of January, 2003, appeared Eric L. Harry, to me personally known, who being by me duly sworn did say, to me and the two competent witnesses who signed their names next to his on the foregoing instrument at the same time he did, that he is the Vice President and Associate General Counsel of Apache North America, Inc., a Delaware corporation, and that the foregoing instrument was executed on behalf of said corporation by authority of its Board of Directors, and said Appearer acknowledged said instrument to be the free act and deed of said corporation.



Notary Public in and for the State of Texas
My Commission expires on _11-30-2005_

## ACKNOWLEDGEMENT

STATE OF TEXAS §

COUNTY OF HARRIS §

On this 31st day of January, 2003, appeared Eric L. Harry, to me personally known, who being by me duly sworn did say, to me and the two competent witnesses who signed their names next to his on the foregoing instrument at the same time he did, that he is the Vice President and Associate General Counsel of Apache Louisiana Minerals, Inc., a Delaware corporation, and that the foregoing instrument was executed on behalf of said corporation by authority of its Board of Directors, and said Appearer acknowledged said instrument to be the free act and deed of said corporation.



Notary Public in and for the State of Texas
My Commission expires on _11-30-2005_