## ACT OF SALE

BE IT KNOWN, that on the date set forth below, but effective for all purposes as of the 1st day of August, 2002, at 7:00 a.m., Central Daylight Saving Time ("**Effective Time**"),

BEFORE, the undersigned Notary Public, in and for the County and State set forth below, duly commissioned and qualified, and in the presence of the undersigned competent witnesses,

PERSONALLY CAME AND APPEARED:

> MIRANT SOUTH LOUISIANA FEE, LLC, (hereinafter referred to as "**Seller**"), whose mailing address is 1200 Smith Street, Two Allen Center, Houston, Texas 77002, and a federal employer identification number of 58-2646183, appearing herein through its sole member Mirant Americas Production Company, a Delaware corporation represented herein by its undersigned duly authorized Vice President David W. Stewart, and

> LATERRE CO., LTD., a Texas Limited Partnership (hereinafter referred to as "**Buyer**"), whose a mailing address is 333 North Sam Houston Parkway East, Suite 1060, Houston, Texas 77060, and a federal employer identification number of 76-0656107, appearing herein through its general partner Castex Energy, Inc., a Texas corporation represented herein by its undersigned duly authorized President John R. Stoika,

who declared and said as follows:

I.

For the price and consideration, and on the terms and conditions hereinafter expressed, Seller does by this act, grant, bargain, sell, convey, transfer, assign, set over and deliver, without any warranties as to title, unto Buyer here accepting and purchasing for itself, its successors and assigns, and acknowledging delivery and possession thereof, all of Seller's right, title and interest in and to the property described on Exhibit "A" hereto ("**Land**"), together with all buildings and improvements thereon and all rights, ways, privileges, and appurtenances thereunto belonging or in anywise appertaining (said undivided interest shall be referred to as the "**Property**").

TO HAVE AND TO HOLD, the Property unto the Buyer, its successors and assigns, forever.

28551745                                    1

II.

THIS SALE IS MADE AND ACCEPTED for and in consideration of the price and sum of $1,000.00 and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged.

III.

Seller and Buyer waive the production of Mortgage and Conveyance Certificates and relieve and release the undersigned Notary Public from all responsibility in connection therewith.   The parties hereto take cognizance of the fact that no title examination has been requested by the undersigned Notary Public, and relieve and release him of any and all liability in connection therewith.

IV.

The Property is sold and is made subject to the terms and conditions of the Purchase and Sale Agreement ("**PSA**") dated October 16, 2002, as amended, by and between the parties hereto and other parties.  Buyer and Seller agree in the event of a conflict between the terms of the PSA and this Act of Sale, the terms of the PSA shall prevail.

V.

Seller makes no representation or warranty, express or implied, as to the suitability of the Property or as to the physical condition thereof for any purpose whatsoever.  **EXCEPT AS SET FORTH IN THE PSA SELLER CONVEYS TO BUYER, THE PROPERTY WITHOUT ANY WARRANTY, OR RECOURSE WHATSOEVER, THE SOLE PERIL AND RISK OF EVICTION BEING ASSUMED BY BUYER, BUT WITH FULL SUBSTITUTION AND SUBROGATION IN AND TO ALL THE RIGHTS AND ACTIONS OF WARRANTY WHICH SELLER HAS OR MAY HAVE AGAINST ALL PRECEDING OWNERS, LESSORS, LESSEES OR VENDORS; IT BEING UNDERSTOOD THAT BUYER TAKES THE PROPERTY "AS IS" AND "WHERE IS", BUYER HEREBY ACKNOWLEDGING RELIANCE SOLELY ON ITS OWN TITLE EXAMINATION AND INSPECTION OF THE ASSETS, AND NOT ON ANY WARRANTIES OR REPRESENTATIONS FROM SELLER OR ANY PRIOR OWNERS OF THE PROPERTY EXCEPT AS SET FORTH IN THE PSA.  EXCEPT AS SET FORTH IN THE PSA, BUYER ACKNOWLEDGES THAT SELLER HAS MADE NO REPRESENTATIONS OR WARRANTIES WITH RESPECT TO THE PROPERTY AND THAT BUYER IS NOT RELYING ON THE ACCURACY OF ANY INFORMATION OR DOCUMENTS PREVIOUSLY FURNISHED TO BUYER BY SELLER OR ANY PRIOR OWNERS OF THE PROPERTY.  BUYER FURTHER ACKNOWLEDGES THAT ALTHOUGH SELLER MAY KNOW OR HAVE REASON TO KNOW OF THE PARTICULAR USE BUYER INTENDS FOR THE PROPERTY, OR BUYER'S PARTICULAR PURPOSE FOR BUYING THE PROPERTY, BUYER IS NOT RELYING ON SELLER'S SKILL OR JUDGMENT IN SELECTING THE PROPERTY. ACCORDINGLY, EXCEPT AS EXPRESSLY SET FORTH IN THE PSA, SELLER**

MAKES NO WARRANTY OR REPRESENTATION THAT THE PROPERTY IS FIT FOR BUYER'S INTENDED USE OR HIS PARTICULAR PURPOSE AND BUYER WAIVES ANY SUCH WARRANTY TO WHICH IT MAY BE ENTITLED UNDER LOUISIANA CIVIL CODE ARTICLE 2524, AND BUYER FURTHER WAIVES ANY WARRANTY TO WHICH IT MIGHT BE ENTITLED UNDER SAID ARTICLE 2524 THAT THE PROPERTY BE REASONABLY FIT FOR ITS ORDINARY USE.  ALL OTHER IMPLIED WARRANTIES WITH RESPECT TO THE PROPERTY, INCLUDING THOSE RELATED TO BUYER'S PEACEABLE POSSESSION OF THE PROPERTY, THE MERCHANTABILITY THEREOF, HIDDEN DEFECTS THEREIN OR THE FITNESS THEREOF FOR A PARTICULAR PURPOSE, ARE HEREBY DISCLAIMED BY SELLER AND EXPRESSLY WAIVED BY BUYER.  BUYER SHALL HAVE NO RIGHT OR CAUSE OF ACTION AGAINST SELLER TO ASSERT IN ANY CONTROVERSY, CLAIM, DEMAND OR LITIGATION ARISING FROM OR IN CONNECTION WITH THE PROPERTY ANY OF THE WARRANTIES DISCLAIMED IN THIS ACT OF SALE, EXCEPT TO THE EXTENT PROVIDED IN THE PSA. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, SELLER DOES NOT WARRANT THAT THE ASSETS (AS DEFINED IN THE PSA) ARE FREE FROM HIDDEN, REDHIBITORY OR LATENT DEFECTS OR VICES OR THAT THE PROPERTY IS FIT FOR THE USE INTENDED BY BUYER, AND BUYER HEREBY EXPRESSLY WAIVES (i) ALL RIGHTS IN REDHIBITION PURSUANT TO LOUISIANA CIVIL CODE ARTICLE 2520, ET SEQ., (ii) THE WARRANTIES OF OWNERSHIP AND PEACEABLE POSSESSION OF THE PROPERTY, (iii) THE WARRANTIES AGAINST HIDDEN OR REDHIBITORY DEFECTS IN THE ASSETS, AND (iv) THE WARRANTY THAT THE PROPERTY IS FIT FOR ITS INTENDED USE, EACH OF WHICH WOULD OTHERWISE BE IMPOSED UPON SELLER BY LOUISIANA CIVIL CODE ARTICLE 2475, AND BUYER HEREBY RELEASES SELLER FROM ANY LIABILITY FOR HIDDEN, REDHIBITORY OR LATENT DEFECTS OR VICES UNDER LOUISIANA CIVIL CODE ARTICLES 2520 THROUGH 2549.  SELLER ALSO HEREBY DISCLAIMS AND BUYER HEREBY WAIVES THE WARRANTY AGAINST EVICTION AND AGAINST NON-DECLARED ENCUMBRANCES UNDER LOUISIANA CIVIL CODE ARTICLE 2500, BUYER AGAIN ACKNOWLEDGING THAT IT IS PURCHASING THE PROPERTY BASED UPON ITS OWN TITLE EXAMINATION AND AT ITS OWN PERIL AND RISK. BUYER WAIVES ANY RIGHT BUYER MAY HAVE TO A RETURN OF THE PURCHASE PRICE FOR ANY REASON UNDER THE LOUISIANA CIVIL CODE.  BUYER SHALL HAVE NO RIGHT OR CAUSE OF ACTION AGAINST SELLER TO ASSERT IN ANY CONTROVERSY, CLAIM, DEMAND OR LITIGATION ARISING FROM OR IN CONNECTION WITH THE PROPERTY ANY SUCH WARRANTY OR WARRANTIES. EXCEPT AS SET FORTH IN THE PSA, BUYER HEREBY RELEASES SELLER FROM ANY CLAIMS, DEMANDS, LIABILITIES, COSTS OR SUITS UNDER OR PURSUANT TO 42 U.S.C. § 9601, ET SEQ., 49 U.S.C. § 5102, ET SEQ., 42 U.S.C. § 6901, ET SEQ., AND LA.R.S. 30-2001, ET SEQ., TOGETHER WITH ANY AND ALL CLAIMS, DEMANDS, SUITS OR LITIGATION UNDER ANY OTHER APPLICABLE LAWS, STATUTES, RULES OR REGULATIONS, AS THE SAME MAY FROM TIME TO TIME BE AMENDED, RELATING TO ANY CONTAMINATION ON, IN OR UNDER THE ASSETS, AND ALL OTHER ENVIRONMENTAL OR HAZARDOUS

SUBSTANCES, LIABILITIES OF WHATSOEVER KIND OR NATURE, INCLUDING WITHOUT LIMITATION (a) ALL FORESEEABLE AND UNFORESEEABLE DAMAGES OF ANY KIND OR NATURE AND (b) THE COSTS OF ANY REQUIRED OR NECESSARY INVESTIGATION, STUDY, REPAIR, CLEAN-UP DETOXIFI-CATION, UNDER ANY OTHER STATUTE, REGULATION, ORDINANCE OR DECREE. BUYER REPRESENTS THAT IT HAS INSPECTED THE ASSETS AND ACCEPTED THE PHYSICAL AND ENVIRONMENTAL CONDITION OF SAME ON AN "AS IS-WHERE IS" BASIS SUBJECT TO THE TERMS OF THE PSA. EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THE PSA, BUYER RELEASES SELLER FROM ANY LIABILITY WITH RESPECT TO THE PHYSICAL AND ENVIRONMENTAL CONDITION OF THE ASSETS AT THE EFFECTIVE TIME WHETHER OR NOT CAUSED BY OR ATTRIBUTABLE TO SELLER'S NEGLIGENCE, FAULT, OR STRICT LIABILITY, AND WHETHER OR NOT ARISING DURING THE PERIOD OF, OR FROM, OR IN CONNECTION WITH SELLER'S OWNERSHIP OF THE PROPERTY OR USE OF THE PROPERTY BEFORE OR AT THE EFFECTIVE TIME. WITHOUT LIMITING THE ABOVE, AND EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THE PSA, BUYER WAIVES ANY RIGHT TO RECOVER FROM SELLER AND FOREVER RELEASES AND DISCHARGES SELLER AND SUBJECT TO, AND AS PROVIDED IN, THE PSA, AGREES TO RELEASE, INDEMNIFY, DEFEND AND HOLD SELLER HARMLESS FROM ANY AND ALL DAMAGES, CLAIMS, LOSSES, LIABILITIES, PENALTIES, FINES, LIENS, JUDGMENTS, COSTS AND EXPENSES WHATSOEVER, (INCLUDING WITHOUT LIMITATION, ATTORNEYS' FEES AND COSTS), WHETHER DIRECT OR INDIRECT, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THAT MAY ARISE ON ACCOUNT OF OR ANY WAY BE CONNECTED WITH THE PHYSICAL CONDITION OF THE ASSETS AT THE EFFECTIVE TIME OR ANY LAW OR REGULATION APPLICABLE THERETO, INCLUDING WITHOUT LIMITATION, THE COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION AND LIABILITY ACT OF 1980, AS AMENDED (42 U.S.C. § 9601 ET. SEQ.), THE RESOURCE CONSERVATION AND RECOVERY ACT OF 1976 (42 U.S.C. § 6901 ET. SEQ.), THE CLEAN WATER ACT (33 U.S.C. §§ 466 ET. SEQ.), THE SAFE DRINKING WATER ACT (14 U.S.C. §§ 1401-1450), THE HAZARDOUS MATERIALS TRANSPORTATION ACT (49 U.S.C. § 7401 ET. SEQ.) AS AMENDED, THE CLEAN AIR ACT AMENDMENTS OF 1990, AND ANY OTHER APPLICABLE FEDERAL, STATE OR LOCAL LAW, WHETHER OR NOT ARISING DURING THE PERIOD OF, OR FROM, OR IN CONNECTION WITH, SELLER'S OWNERSHIP OF THE PROPERTY OR USE OF THE PROPERTY AT OR PRIOR TO THE EFFECTIVE TIME, AND WHETHER OR NOT ATTRIBUTABLE TO THE STRICT LIABILITY OF SELLER OR THE SOLE, JOINT OR CONCURRENT, ACTIVE OR PASSIVE, NEGLIGENCE OF SELLER, EVEN IF CAUSED BY THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF SELLER PRIOR TO CLOSING.

This Act of Sale shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, and the, to the extent permitted by law, covenants hereof shall constitute real obligations and shall run with the Land.

28551745                                    4

THUS DONE AND PASSED, in my presence on the 10th day of December, 2002, but effective for all purposes as of the Effective Time, in the presence of the undersigned competent witnesses, who hereunto sign their names with the said Seller and Buyer, and me, Notary, after reading of the whole.

**SELLER:**

**MIRANT SOUTH LOUISIANA FEE, LLC**

By:  Mirant Americas Production Company, its sole member

By: _____
        David W. Stewart
        Vice President

**WITNESSES:**

28551745

5

**BUYER:**

**LATERRE CO., LTD.**

By: Castex Energy, Inc., its general partner

By: _____
        John R. Stoika
        President

**WITNESSES:**

## ACKNOWLEDGMENTS

STATE OF TEXAS

COUNTY OF HARRIS

On this 10th day of December 2002, appeared John R. Stoika, to me personally known, who being by me duly sworn did say that he is the President of CASTEX ENERGY, INC., a Texas corporation, the sole general partner of LATERRE CO., LTD., a Texas Limited Partnership, and that the foregoing was executed on behalf of said corporation by authority of its Board of Directors, and said Appearer acknowledged said instrument to be the free act and deed of said corporation.

NOTARY PUBLIC

My Commission Expires: 12/3/05

LISA R. SIMON
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
DEC. 3, 2005

28551745

7

STATE OF TEXAS

COUNTY OF HARRIS

On this 10th day of December 2002, appeared David W. Stewart, to me personally known, who being by me duly sworn did say that he is the Vice President of MIRANT AMERICAS PRODUCTION COMPANY, a Delaware corporation, the sole member of MIRANT SOUTH LOUISIANA FEE, LLC, a Delaware limited liability company, and that the foregoing was executed on behalf of said corporation by authority of its Board of Directors, and said Appearer acknowledged said instrument to be the free act and deed of said corporation.

_____
NOTARY PUBLIC

My Commission Expires:  12/3/05

28551745                                    8

## MECOM RANCH

An undivided 75% of 7/9ths right, title and interest in and to the following described lands located in Cameron Parish, Louisiana, to-wit:

Township 14 South, Range 10 West

| | |
|---|---|
| Section 17: | Entire Fractional Section 17; |
| Section 18: | Southeast Quarter (SE/4); |
| Section 19: | All; |
| Section 20: | All; |
| Section 29: | West Half (W/2); Northeast Quarter (NE/4); North Half of Southeast Quarter (N/2 of SE/4); Southwest Quarter of Southeast Quarter (SW/4 of SE/4); |
| Section 30: | All; |
| Section 31: | Northeast Quarter (NE/4); East Half of Northwest Quarter (E/2 of NW/4); Northwest Quarter of Northwest Quarter (NW/4 of NW/4); Northwest Quarter of Southeast Quarter (NW/4 of SE/4); East Half of Southwest Quarter (E/2 of SW/4); |
| Section 32: | Northwest Quarter of Northwest Quarter (NW/4 of NW/4). |

Township 14 South, Range 11 West

BLOCK ONE:

| | |
|---|---|
| Section 19: | All; |
| Section 20: | All; |
| Section 21: | All; |
| Section 22: | All; |
| Section 23: | All; |
| Section 24: | All; |
| Section 25: | All; |
| Section 26: | All; |
| Section 29: | All; |
| Section 30: | All; |
| Section 31: | All; |
| Section 32: | All; |
| Section 35: | West Half (W/2); Southeast Quarter (SE/4); West Half of Northeast Quarter (W/2 of NE/4); Northeast Quarter of Northeast Quarter (NE/4 of NE/4); |
| Section 36: | Northwest Quarter of Northwest Quarter (NW/4 of NW/4); Northeast Quarter of Northeast Quarter (NE/4 of NE/4); |

BLOCK TWO:
All of Sections 27, 28, 33 and 34, LESS AND EXCEPT approximately 480 acres owned by Matilda Geddings Gray, or her successors or assigns, as described in that certain Agreement between The Lutcher and Moore Lumber Company and Matilda Geddings Gray dated July 15, 1935, recorded in Conveyance Book 27, Page 206, Entry No. 31872, records of the Clerk of Court of Cameron Parish, Louisiana.

Township 14 South, Range 12 West

All of Sections 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 36, LESS AND EXCEPT the rights in that certain 1.955 acre tract conveyed by U.S. Oil of Louisiana,

Ltd., et al, to the State of Louisiana by instrument dated January 27, 1970, recorded in Conveyance Book 267, Page 435, Entry No. 122662, records of the Clerk of Court of Cameron Parish, Louisiana.

Township 15 South, Range 11 West

| | |
|---|---|
| Section 2: | North Half (N/2); |
| Section 3: | West Half (W/2); West Half of Southeast Quarter (W/2 of SE/4); West Half of Northeast Quarter (W/2 of NE/4); Northeast Quarter of Northeast Quarter (NE/4 of NE/4), LESS AND EXCEPT those certain surface rights conveyed by Bill of Sale from U.S. Oil of Louisiana, Ltd., et al, to the State of Louisiana by instrument dated January 27, 1970, recorded in Conveyance Book 267, Page 435, Entry No. 122662, records of the Clerk of Court of Cameron Parish, Louisiana; |
| Section 4: | All; |
| Section 5: | All; |
| Section 6: | All; |
| Section 7: | All; |
| Section 8: | Entire Fractional Section 8; |
| Section 9: | Entire Fractional Section 9; |
| Section 10: | Northwest Quarter (NW/4); West Half of Northeast Quarter (W/2 of NE/4); Southwest Quarter (SW/4); West Half of Southeast Quarter (W/2 of SE/4). |

Township 15 South, Range 12 West

| | |
|---|---|
| Section 1: | All; |
| Section 2: | All; |
| Section 3: | All; |
| Section 4: | All; |
| Section 5: | All; |
| Section 6: | All; |
| Section 7: | All; |
| Section 10: | Entire Fractional Section 10; |
| Section 25: | All (Lot #40); |
| Section 26: | All (Lot #39); |
| Section 27: | All (Lot #38); |
| Section 28: | All (Lot #37); |
| Section 29: | All (Lot #36); |
| Section 30: | All (Lot #35); |
| Section 31: | All (Lot #34); |
| Section 32: | All (Lot #33); |
| Section 33: | All (Lot #32); |
| Section 34: | All (Lot #31); |
| Section 35: | All (Lot #30); |
| Section 36: | All (Lot #29); |
| Section 37: | All (Lot #28); |
| Section 38: | All (Lot #27); |
| Section 39: | All (Lot #26); |
| Section 40: | All (Lot #25); |

Section 41:     All (Lot #24);
Section 42:     All (Lot #23).

Certain discrepancies may exist with reference to the governmental surveys for Township 14 South, Range 11 West, Township 14 South, Range 12 West, Township 15 South, Range 11 West and Township 15 South, Range 12 West and the location of their respective sections, or portions thereof, and therefore, as to the location of the lands to be conveyed pursuant to this Agreement. Accordingly, the lands to be conveyed pursuant to this Agreement shall include all of Fina's right, title and interest in and to all lands owned by it situated within Township 14 South, Range 10 West, Township 14 South, Range 11 West, Township 14 South, Range 12 West, Township 15 South, Range 11 West and Township 15 South, Range 12 West, Cameron Parish, Louisiana, whether or not said lands are properly described above.