

**DEEPWATER HORIZON**
**CLAIMS CENTER**
ECONOMIC & PROPERTY DAMAGE CLAIMS

## ELIGIBILITY NOTICE
### DATE OF NOTICE:  July 22, 2013
**DEADLINE FOR RE-REVIEW OR RECONSIDERATION REQUEST:  August 21, 2013**

### I.  CLAIMANT AND CLAIM INFORMATION

| Claimant Name | Last/Name of Business<br><br>Apache Louisiana Minerals LLC | First | Middle |
|---|---|---|---|
| **Claimant ID** | 100176960 | **Claim ID** | 174256 |
| **Claim Type** | Wetlands Real Property | | |
| **Law Firm** | Duval, Funderburk, Sundbery, Lovell & Watkins, APLC | | |
| **Parcel Address** | Street | | Parish/County<br><br>Lafourche |
| | City | State<br><br>LA | Zip Code |
| **Property Tax Assessment ID** | 3103324700 | **Parcel ID** | 3103324700 |

### II.  COMPENSATION AND PAYMENT DETERMINATION

This Notice is an official communication from the Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Program ("Settlement Program") and relates to the claim identified in Section I. We have reviewed this claim and find that it qualifies for payment under the terms of the Economic and Property Damages Settlement Agreement ("Settlement Agreement").  The following provides a breakdown of the factors relevant to your payment.  See Explanation of Claim Attachment for details on each item, unless another Attachment is noted.

| | | |
|---|---|---|
| **1.** | Compensation Amount: | $736,403.54 |
| **2.** | Risk Transfer Premium Amount: | $1,841,008.85 |
| **3.** | Less Prior Spill-Related Payments: | $0.00 |
| **4.** | Total Compensation Amount: This is the amount after your Claimant Period of Ownership and Percentage are applied | $2,577,412.39 |
| **5.** | 40% of Prior Transition Offer, if Applicable: | N/A |
| **6.** | Award Amount: Higher of 40% Amount or Total Compensation Amount, subject to any applicable liens. | $2,577,412.39 |

## III.  ACCEPTANCE OF AWARD AMOUNT

To accept this Award Amount, you must complete and sign the Full and Final Release, Settlement, and Covenant Not to Sue ("Release") that is attached to this Notice.  You must complete and submit an original, signed Release before we can issue payment, but only one Release is required.  You do not have to submit a separate Release for each of your payable claims.  To be paid, you must use the Release that we send you. Although the terms of this Release are the same as the version attached as Exhibit 26 to the Settlement Agreement, you must sign and return the Release we send you with this Notice.  Do not use a copy of Exhibit 26 or any other form of release, for we cannot accept them. The Settlement Program's determination will be binding on you even if you choose not to accept this award, subject to any rights of Re-Review, Reconsideration and Appeal.

If you elect to waive any Re-Review, Reconsideration and Appeal rights for this claim as explained in Section VI, submit the Release attached to this Notice.  **An original of the Release bearing the claimant's signature is required.  We will not accept photocopies or scanned versions of the claimant's signature.   Once you submit a Release, we must verify your SSN, EIN or ITIN before you can receive payment**.  **If we cannot verify your SSN, EIN, or ITIN or if it changes upon submission of additional information, your Award Amount could change or this Eligibility Notice may be rescinded.**  The submitted Release will be binding on you for any additional Settlement Payments you may be eligible to receive under the Settlement Program.

After signing your Release and receiving a payment on your first claim, you will have 180 days from the date we mail or wire your initial payment to file any additional claims you wish to pursue pursuant to Section 4.4.8 of the Settlement Agreement.  You will waive all rights to future claims if you do not submit additional claims within this 180-day window. However, if you wish to file a claim in the Seafood Compensation Program, the deadline to file Seafood Compensation Program claims was January 22, 2013.  The Claims Administrator has developed a Procedure for Handling Untimely Seafood Claims, a copy of which is available by visiting: **http://www.deepwaterhorizoneconomicsettlement.com/docs/SCPDeadlineExtensionProcedureAnnouncement.pdf**.  You may refer to that procedure for instructions on whether and how you might be able to file any Seafood claims that you have not yet filed.

To obtain more detailed information regarding acceptance of your payment and additional terms and requirements of the Release, go to **www.deepwaterhorizoneconomicsettlement.com.**  If you have any questions about your options or this Notice, you may call the Claimant Communication Center at 1-800-353-1262, send an email to **Questions@dhecc.com,** or visit a Claimant Assistance Center.

If the Compensation Amount listed on Row 1 of Section II of this Notice is greater than $25,000, BP has a right to appeal it within certain timeframes that begin from the date of this Eligibility Notice, which means that you cannot receive a Release or payment until BP's appeal right has expired or been waived. If the BP Appeal deadline falls on a Saturday, Sunday or a holiday, the deadline is extended to the next business day.  Holidays are: New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by the Office of the Claims Administrator. BP's Appeal timeframes differ depending on the amount of the award as follows: (a) for awards of $25,000.01 to $250,000.00, BP has ten days to appeal; (b) for awards of $250,000.01 to $500,000.00, BP has 15 days to appeal; and (c) for awards greater than $500,000.00, BP has 20 days to appeal.  If BP appeals your Compensation Amount, we will send you a separate notification explaining BP's appeal and the appeals process.

## IV. OPTION TO ELECT A STRUCTURED SETTLEMENT

You may be able to place some or all of your Award Amount into a structured settlement to receive multiple payments spread out over more than one year (the "Structured Settlement Option"). You should consult your own tax adviser regarding whether you should consider that Structured Settlement Option, and the tax, financial and other consequences of the Structured Settlement Option.

If you want more information on the Structured Settlement Option, go to **www.deepwaterhorizoneconomicsettlement.com/structuredsettlement.php** or call the Claimant Communications Center at 1-800-353-1262. IF YOU WISH TO BE PAID USING THE STRUCTURED SETTLEMENT OPTION, DO NOT SIGN OR RETURN THE RELEASE SENT TO YOU WITH THIS NOTICE AT THIS TIME.  Instead, a Court-approved structured settlement broker will help you assemble the paperwork necessary to elect the Structured Settlement Option and that broker will send your completed paperwork to the Claims Administrator (this paperwork will include an additional document that will be **Attachment C** to, and submitted at the same time as, your Release). If this paperwork is not submitted on your behalf by a Court approved structured settlement broker by the Deadline Date shown on this Notice, the Claims Administrator will consider that you have accepted your Award Amount to be paid in a lump sum and that you do not want a Structured Settlement Option for this Award Amount.

## V. DECEASED, MINOR AND INCOMPETENT CLAIMANTS

If you accept your Award Amount and the claimant on whose behalf this claim was asserted is deceased, a minor or incompetent, depending upon the law of the state where the claimant lived or lives now, you may be required to get court approval of this accepted settlement and submit a copy of an official court document proving that the person signing the Release has the authority to settle this claim on the claimant's behalf if you do not already have such a document, even if we accepted whatever proof you have provided before now as sufficient to allow the claim to move through the claim review process.  We will notify you if you need to seek court approval or submit additional proof of authority before payment.

## VI. RE-REVIEW AND RECONSIDERATION

You may seek Re-Review or Reconsideration of this claim if you choose not to accept your Award Amount. **Re-Review** is available to you if one or both of the following applies to you:  (1) you have additional documents to submit in support of your claim; and/or (2) you have filed an IEL, BEL or Seafood claim and want your claim reviewed for Claimant Accounting Support Reimbursement.  If you select Re-Review, we will review your claim again and will issue a Post-Re-Review Eligibility Notice.  You will maintain your Reconsideration rights after you receive your Post-Re-Review Eligibility Notice. If you request Re-Review on the grounds that you have  additional documents in support of your claim but you do not submit any new documents by the time of the new review, we will deem your request to be a request for Reconsideration,  we will perform a Reconsideration review, and your only remaining option will be an appeal if you remain dissatisfied with your Award Amount.  If you request Re-Review because you want your claim reviewed for Claimant Accounting Support Reimbursement, you are not required to submit new documents, although you may do so. You may elect Re-Review both because you have additional documents in support of your underlying claim, and also because you want your claim reviewed for Claimant Accounting Support.

**Reconsideration** is available to you even if you do not have additional documents to submit if you believe the Settlement Program: (1) made a Calculation Error; (2) failed to take into account relevant information or data; (3) failed to follow the standards in the Settlement Agreement, or (4) made incorrect deductions from prior BP/GCCF payments.

To request Re-Review or Reconsideration, you must do the following on or before the Deadline for Re-Review or Reconsideration Request date listed at the top of this Eligibility Notice: (1) complete the **Re-Review or Reconsideration Request Form** accompanying this Notice or complete the online version available on the DWH Portal; and (2) submit all documentation you want us to consider at the same time you submit your Re-Review or Reconsideration Request Form.  Because submission of a Re-Review or Reconsideration request is the equivalent of asking for a new review of the claim, the outcome could change the eligibility of the claim, or your Award Amount may increase, decrease or stay the same.

If you are dissatisfied with your Re-Review outcome, you will have the right to request Reconsideration and then have the right to file an appeal. If you request Reconsideration and are dissatisfied with the outcome of your Reconsideration review, you will have the right to file an appeal; however, you must submit a timely Request for Reconsideration if you later wish to appeal. **If you do not submit a request for Re-Review or Reconsideration or submit one after the deadline for doing so has passed, you will not be able to file an appeal.**

## VII.  THIRD PARTY CLAIMS/LIENS

If we receive a valid Third Party Claim or Lien against your payment before we begin the payment process, we are required to deduct from your Award Amount identified in Section II of this Notice the third party claim amount and any other deductions required by state or federal law or by any court order.  If your claim is subject to a third party claim, we will send you a Notice of Valid Third Party Claim to explain how it affects your current and/or future Award Amount(s).

## VIII.  HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you have any questions about this Notice or the status of your claim(s) or need help, contact the Claimant Communications Center at 1-800-353-1262 or send an email to **Questions@dhecc.com**.  If you are a law firm or claims preparation company, you should call or email your designated DWH Contact for help or assistance.  You also may visit a Claimant Assistance Center and talk with one of our representatives. For a complete list of Claimant Assistance Centers, go to **www.deepwaterhorizoneconomicsettlement.com.**

## IX.  HOW TO RESPOND TO THIS NOTICE

Submit your original hard copy, signed **Release** bearing the claimant's signature by Mail, Overnight Certified or Registered Mail, or by visiting a Claimant Assistance Center. If you have already submitted a Release and you wish to accept this Award Amount go to **www.deepwaterhorizoneconomicsettlement.com** and choose the Accept Award Amount option. If you are unable to access the DWH Portal you must call the Claimant Communications Center at 1-800-353-1262 to accept payment on this claim. Submit your **Request for Re-Review or Reconsideration Form** online with any accompanying documents by uploading them to your DWH Portal in any of the following ways. If you are unable to access the DWH Portal, you may submit your request in any of the following ways, but be sure to write your Claimant ID on the top page of all the documents you submit.

| | |
|---|---|
| **By Mail**<br>(Postmarked no later than your Re-Review or Reconsideration deadline) | Deepwater Horizon Economic Claims Center<br>PO Box 1439<br>Hammond, LA 70404-1439 |
| **By Overnight, Certified or Registered Mail**<br>(If mail, postmarked no later than your Re-Review or Reconsideration deadline; if other overnight delivery, placed in the custody of an overnight carrier by your Re-Review or Reconsideration Deadline) | Deepwater Horizon Economic Claims Center<br>Claims Administrator<br>42548 Happy Woods Road<br>Hammond, LA 70403 |
| **By Facsimile**<br>(Sent no later than 12:00 midnight local time on your Re-Review or Reconsideration deadline) | (888) 524-1583 |
| **By Email**<br>(Sent no later than 12:00 midnight local time on your Re-Review or Reconsideration deadline) | ClaimForms@deepwaterhorizoneconomicsettlement.com |
| **Visit a Claimant Assistance Center**<br>(Delivered no later than your Re-Review or Reconsideration deadline) | You may take the required information or documents to a Claimant Assistance Center. |

  
## X.  SUMMARY OF OTHER SUBMITTED  CLAIMS

We received one or more additional Claim Forms from you that are not included or addressed in this Notice.  This chart summarizes the status of those claims as of the date of this Notice.  You will receive or have already received separate Notices for each additional claim.  You may monitor the status of your other claims by using the DWH Portal. If you do not use the DWH Portal, contact us by one of the methods listed in the How to Contact us with Questions or For Help Section of this Notice to find out the current status of your other claims or use the "Check My Status" feature located on the homepage of the official Settlement Program website at **www.deepwaterhorizoneconomicsettlement.com**.

|     | Claim Type | Claim ID | Claim Status |
|-----|------------|----------|--------------|
| 1.  | Wetlands Real Property | 174112 | Claimant Requested Reconsideration After Payable Claim or Claim Eligible But No Payment Due Determination |
| 2.  | Wetlands Real Property | 174117 | Notice Issued After Claims Review:  Claim Denied |
| 3.  | Wetlands Real Property | 174119 | Notice Issued After Claims Review:  Claim Denied |
| 4.  | Wetlands Real Property | 174122 | Notice Issued After Claims Review:  Claim Denied |
| 5.  | Wetlands Real Property | 174124 | Notice Issued After Claims Review:  Claim Denied |
| 6.  | Wetlands Real Property | 174126 | Notice Issued After Claims Review:  Claim Denied |
| 7.  | Wetlands Real Property | 174127 | Notice Issued After Claims Review:  Claim Denied |
| 8.  | Wetlands Real Property | 174176 | Claim Closed – Parcel included in Claim Zone after Parcel Eligibility Review |
| 9.  | Wetlands Real Property | 174189 | In Mapping Expert Review for Claim Zone Analysis |
| 10. | Wetlands Real Property | 174292 | In Mapping Expert Review for Claim Zone Analysis |
| 11. | Wetlands Real Property | 174293 | Claim Closed – Parcel included in Claim Zone after Parcel Eligibility Review |
| 12. | Wetlands Real Property | 174405 | In QA Review |
| 13. | Wetlands Real Property | 174458 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 14. | Wetlands Real Property | 174459 | In Wetlands Expert Review for Complex Ownership Analysis |
| 15. | Wetlands Real Property | 174465 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 16. | Wetlands Real Property | 174467 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 17. | Wetlands Real Property | 174468 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 18. | Wetlands Real Property | 174473 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 19. | Wetlands Real Property | 174476 | In Wetlands Expert Review for Parcel Boundary Analysis |

| 20. | Wetlands Real Property | 174480 | In Wetlands Expert Review for Complex Ownership Analysis |
| 21. | Wetlands Real Property | 174483 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 22. | Wetlands Real Property | 174489 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 23. | Wetlands Real Property | 174491 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 24. | Wetlands Real Property | 174503 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 25. | Wetlands Real Property | 174506 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 26. | Wetlands Real Property | 174510 | In Wetlands Expert Review for Complex Ownership Analysis |
| 27. | Wetlands Real Property | 174512 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 28. | Wetlands Real Property | 174516 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 29. | Wetlands Real Property | 174520 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 30. | Wetlands Real Property | 174524 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 31. | Wetlands Real Property | 174526 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 32. | Wetlands Real Property | 174528 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 33. | Wetlands Real Property | 174531 | In Mapping Expert Review for Claim Zone Analysis |
| 34. | Wetlands Real Property | 174534 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 35. | Wetlands Real Property | 174537 | Notice Issued After Claims Review:  Payable Claim or Claim Eligible But No Payment Due Determination |
| 36. | Wetlands Real Property | 174542 | In Mapping Expert Review for Claim Zone Analysis |
| 37. | Wetlands Real Property | 174545 | In Mapping Expert Review for Claim Zone Analysis |
| 38. | Wetlands Real Property | 174546 | In Mapping Expert Review for Claim Zone Analysis |

| 39. | Wetlands Real Property | 174550 | Notice Issued After Claims Review: Payable Claim or Claim Eligible But No Payment Due Determination |
|---|---|---|---|
| 40. | Wetlands Real Property | 174553 | Notice Issued After Claims Review: Payable Claim or Claim Eligible But No Payment Due Determination |
| 41. | Wetlands Real Property | 174555 | Notice Issued After Claims Review: Payable Claim or Claim Eligible But No Payment Due Determination |
| 42. | Wetlands Real Property | 174559 | In Wetlands Expert Review for Complex Ownership Analysis |
| 43. | Wetlands Real Property | 174561 | Notice Issued After Claims Review: Payable Claim or Claim Eligible But No Payment Due Determination |
| 44. | Wetlands Real Property | 174563 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 45. | Wetlands Real Property | 174565 | Notice Issued After Claims Review: Payable Claim or Claim Eligible But No Payment Due Determination |
| 46. | Wetlands Real Property | 174568 | Notice Issued After Claims Review: Payable Claim or Claim Eligible But No Payment Due Determination |
| 47. | Wetlands Real Property | 174571 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 48. | Wetlands Real Property | 174572 | In Mapping Expert Review for Claim Zone Analysis |
| 49. | Wetlands Real Property | 174576 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 50. | Wetlands Real Property | 174577 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 51. | Wetlands Real Property | 174578 | Notice Issued After Claims Review: Payable Claim or Claim Eligible But No Payment Due Determination |
| 52. | Wetlands Real Property | 174581 | In Wetlands Expert Review for Parcel Boundary Analysis |
| 53. | Wetlands Real Property | 194965 | In Wetlands Expert Review for Complex Ownership Analysis |

## EXPLANATION OF CLAIM ATTACHMENT

### A. DESCRIPTION OF ELIGIBLE PARCEL

| Parcel ID | 3103324700 | Compensation Category | A |
|---|---|---|---|
| Tax Assessment ID | 3103324700 | Parish/County | Lafourche |
| Period of Ownership | 729 days | Percentage of Ownership | 100.0000000% |

### B. EXPLANATION OF WETLANDS REAL PROPERTY COMPENSATION AMOUNT

**Explanation of Calculation:** The Settlement Program pays all Wetlands Real Property Claims based upon the amount of oiled and non-oiled acreage in proximity to the SCAT Zone within the Eligible Parcel. We pay Eligible Parcels that are designated as Compensation Category A for an Oiled Primary Area, a Non-Oiled Primary Area, and a Buffer Area. We pay Eligible Parcels that are designated as Compensation Category B for a Non-Oiled Primary Area only. For Compensation Category A Eligible Parcels, we pay a minimum of one acre of Oiled Primary Area and minimum of one acre of Buffer Area, equal to $35,000. For Compensation Category B Eligible Parcels, we pay a minimum of one acre of Non-Oiled Primary Area, equal to $4,500.

We determined your Total Wetlands Real Property Compensation Amount by pro-rating your Calculated Wetlands Real Property Compensation Amount for the specific number of days that you had legal possession of the Eligible Parcel within the eligibility period (April 20, 2010, to April 18, 2012). For a co-owned Eligible Parcel, we allocated the Pro-Rated Wetlands Real Property Compensation Amount based on your percentage of ownership of the Eligible Parcel.

| | | |
|---|---|---|
| 1. | **Oiled Primary Area (acres):** Your Oiled SCAT Zone Length of 4,464.13 feet multiplied by your Oiled Primary Area Depth of 50 feet = 5.12 acre(s), divided by 43,560 ft² multiplied by $25,000. If your Parcel does not have any Oiled SCAT Zone Length (i.e., 0.00 feet), you will receive a minimum of $25,000. If your Parcel does have an Oiled SCAT Zone Length, but the results are less than $25,000, you will receive a minimum of $25,000. | $128,102.89 |
| 2. | **Oiled Buffer Primary Area (acres):** Your Oiled SCAT Zone Length of 4,464.13 feet multiplied by your Oiled Buffer Primary Area Depth of 30 feet = 3.07 acre(s), divided by 43,560 ft² multiplied by $10,000. If your results are less than $10,000, you will receive a minimum of $10,000. | $30,744.69 |
| 3. | **Non-Oiled Primary Area (acres):** Your Non-Oiled SCAT Zone Length of 76,237.40 feet multiplied by your Non-Oiled Primary Area Depth of 30 feet = 52.51 acre(s), divided by 43,560 ft² multiplied by $11,000.00 if your Parcel is in Compensation Category A or $4,500 if your Parcel is in Compensation Category B. If you are in Compensation Category B and the Parcel is not on the SCAT Zone (i.e., 0.00 feet), you will receive $4,500, which is a minimum of 1.00 Acre for the Non-Oiled Primary Area. If you are in Compensation Category B and the results are less than $4,500, you will receive a minimum of $4,500. | $577,555.96 |
| 4. | **Calculated Wetlands Real Property Compensation Amount:** Sum of all Rows above. | $736,403.54 |
| 5. | **Pro-Rated Wetlands Real Property Compensation Amount:** Row 4 divided by the eligibility period of 729 days = 1,010.16, multiplied by your Period of Ownership of 729.00 days and multiplied by your Percentage of Ownership of 100.0000000%. | $736,403.54 |
| 6. | **Risk Transfer Premium:** Row 5 multiplied by a Risk Transfer Premium of 2.5. | $1,841,008.85 |
| 7. | **Wetlands Real Property Compensation Amount:** Row 5 plus Row 6. | $2,577,412.39 |

## C. DOCUMENTS NECESSARY TO MODIFY YOUR DESIGNATION COMPENSATION CATEGORY

If the Parcel was classified in Compensation Category B, but was actually oiled and should be in Compensation Category A, you must submit proof in the form of an independent government or academic report (not commissioned by the claimant or claimant's attorney) establishing that the Parcel contains the presence of oil even though no portion of the Parcel was classified as oiled pursuant to a Shoreline Clean-Up Assessment Team ("SCAT") report or Natural Resource Damages ("NRD") Pre-Assessment. You must submit a timely Reconsideration request and the specific documentation identified above so we can evaluate whether to modify your designated compensation category.

## D. EXPLANATION OF COMPENSATION AMOUNT FOR PHYSICAL DAMAGE TO REAL OR PERSONAL PROPERTY

**Explanation of Calculation:** The Total Compensation Amount for Physical Damage to Real or Personal Property is the sum of all compensable and reasonable expenses you submitted. Claims for Physical Damage to Real or Personal Property will receive the lesser amount of the reasonable and necessary costs to repair or replace the damaged property. Claimants cannot recover damages for intrusion of oil, dispersants or other substances onto the Eligible Parcel as those damages are included within the Wetlands Real Property Compensation Amount. If we determined that any portion of your Total Claimed Expense was unreasonable or unnecessary, your Compensable Expense will be less than your Total Claimed Expense. If you alleged physical damage to a vessel or boat, you must submit a Vessel Physical Damage Claim Form (Black Form). If you alleged costs to remove oil, tar balls or dispersant from your Parcel, those costs are part of your Wetlands Real Property Compensation Amount and are not compensable as physical damage to real or personal property.

| | Property Type | Type of Expense | Source of Proof | Date | Total Claimed Expense | Compensable Expense |
|---|---|---|---|---|---|---|
| | | | | | | |

## E. CALCULATED COMPENSATION AMOUNT

| | | |
|---|---|---|
| 1. | **Total Wetlands Real Property Compensation Amount:** From Section B. | $2,577,412.39 |
| 2. | **Total Physical Damage Compensation Amount:** From Section D. | $0.00 |
| 3. | **Less Prior Payments:** This is the total amount of real or personal property damage compensation that you received from BP or the GCCF and is only deducted from your Total Physical Damage Compensation Amount (Row 2). | $0.00 |
| 4. | **Total Compensation Amount:** Row 1 plus (Row 2 minus Row 3) above. | **$2,577,412.39** |

# RE-REVIEW OR RECONSIDERATION REQUEST FORM

## DATE OF ELIGIBILITY NOTICE: July 22, 2013

## DEADLINE TO SUBMIT FORM:  August 21, 2013

### I.  CLAIMANT AND CLAIM INFORMATION

| Claimant Name | Last/ Name of Business<br><br>Apache Louisiana Minerals LLC | First | Middle |
|---|---|---|---|
| Claimant ID | 100176960 | Claim ID | 174256 |
| Claim Type | Wetlands Real Property | | |
| Law Firm | Duval, Funderburk, Sundbery, Lovell & Watkins, APLC | | |

### II. OPTIONS FOR RE-REVIEW OR RECONSIDERATION

After receiving this Eligibility Notice, if you choose not to accept your Award Amount, you have the option to seek Re-Review or Reconsideration, which will result in a new review of your claim based on the additional documents you submit or new information you provide on this Form.

    **A. Re-Review.** Re-Review is available to you if one or both of the following applies:  (1) you have additional documents to submit in support of your claim; and/or (2) you have filed an IEL, BEL or Seafood claim and want your claim reviewed for Claimant Accounting Support Reimbursement.  If you select Re-Review, we will review your claim again and you will maintain your Reconsideration rights after you receive your Post-Re-Review Eligibility Notice.

    **B. Reconsideration.** Reconsideration is available to you even if you do not have additional documents to submit if you believe the Settlement Program: (1) made a Calculation Error; (2) failed to take into account relevant information or data; (3) failed to follow the standards in the Settlement Agreement, or (4) made incorrect deductions for prior BP/GCCF payments.

Use this Form to request Re-Review in Section III.A or Reconsideration in Section III.B.  **NOTE** that by requesting Re-review or Reconsideration you are certifying that you understand that the outcome could change the eligibility of your claim and that your Settlement Payment could increase, decrease or stay the same.

### III. REQUEST FOR RE-REVIEW OR RECONSIDERATION

#### A.  RE-REVIEW OPTIONS

You may select one or both Re-Review options below, if they are applicable to you.

| | |
|---|---|
| ☐ | I request **Re-Review of my entire claim** instead of Reconsideration and certify that I am providing additional documents in support of my claim.  I understand that if I have not submitted new documents at the time of the review the Settlement Program will perform a Reconsideration review, followed only by the option to appeal if I remain dissatisfied with the outcome. |
| ☐ | I request **Re-Review for reimbursement for Claimant Accounting Support ("CAS").** By choosing this option, the Settlement Program will only review my claim relating to CAS reimbursement.  CAS is only available for IEL, BEL and Seafood claims. |

Provide any additional information you would like the reviewer to have for the Re-Review request (You may attach additional sheets if necessary):

## B.  RECONSIDERATION OPTIONS

| ☐ | I request **Reconsideration** instead of Re-Review and understand that I may provide additional documentation in support of my claim.  I understand that if I remain dissatisfied with the outcome of the claim following Reconsideration, my only option is to appeal the claim. Select the reason(s) you are requesting Reconsideration from the options below. |
|---|---|
| | ☐    Calculation Error |
| | ☐    Failure to take into account relevant information or data |
| | ☐    Failure to follow the standards in the Settlement Agreement |
| | ☐    Incorrect deductions from prior BP/GCCF payments |
| | ☐    Incorrectly Calculated Claimant Accounting Support Reimbursement |

Provide any additional information you would like the reviewer to have for your Reconsideration request (You may attach additional sheets if necessary):

## IV. HOW TO SUBMIT THIS FORM

Submit your **Re-Review or Reconsideration Request Form** online with any accompanying documents by uploading them to the DWH Portal.  If you do not use the DWH Portal, you may submit your request in any of the following ways, but be sure to write your Claimant ID on the top page of all the documents you submit.

| **By Mail**<br>(Postmarked no later than your Re-Review or Reconsideration deadline) | Deepwater Horizon Economic Claims Center<br>PO Box 1439<br>Hammond, LA 70404-1439 |
|---|---|
| **By Overnight, Certified or Registered Mail**<br>(If mail, postmarked no later than your Re-Review or Reconsideration deadline; if other overnight delivery, placed in the custody of an overnight carrier by your Re-Review or Reconsideration deadline) | Deepwater Horizon Economic Claims Center<br>Claims Administrator<br>42548 Happy Woods Road<br>Hammond, LA 70403 |
| **By Facsimile**<br>(Sent no later than 12:00 midnight local time on your Re-Review or Reconsideration deadline) | (888) 524-1583 |
| **By Email**<br>(Sent no later than 12:00 midnight local time on your Re-Review or Reconsideration deadline) | ClaimForms@deepwaterhorizoneconomicsettlement.com |
| **Visit a Claimant Assistance Center**<br>(Delivered no later than your Re-Review or Reconsideration deadline) | You may take the required information or documents to a Claimant Assistance Center. |

## INSTRUCTIONS FOR COMPLETING THE FULL AND FINAL RELEASE, SETTLEMENT, AND COVENANT NOT TO SUE

This is an official communication from the Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Program ("Settlement Program"). We processed your claim and determined that you qualify for a Settlement Payment ("Payment") for one or more of the claims you submitted. To receive your Payment, you must sign the attached Full and Final Release, Settlement, and Covenant Not to Sue ("Release") and return it to us.

| | |
|---|---|
| 1. | ***Release Cover Sheet.*** The Release Cover Sheet contains information you previously submitted. If any of the information on the Release Cover Sheet is incorrect or missing, correct or provide the missing information directly on the Release Cover Sheet and return it to us using one of the methods set out in Section 8 below. |
| 2. | ***Required Signatures for Individual Claimants.*** You must sign this Release personally in three places— Page 3, Page 14, and Page 20. If you are married, your spouse must sign personally in each place as well. If you are signing as the personal representative, guardian, trustee or other authorized representative of an individual claimant, or if you are the bankruptcy Trustee for a claimant who is a party in an open bankruptcy proceeding, sign the claimant's name and your name in the claimant signature section. The signature must read "[claimant's name], by [your signature]." Also complete Section III of the Release Cover Sheet and submit to us the required documentation demonstrating your authority to sign on behalf of the claimant, if you have not already done so. |
| 3. | ***Required Signatures for Business Claimants.*** Business Claimants must designate an authorized signatory who may sign on behalf of the business. The authorized signatory must sign in three places—Page 3, Page 14, and Page 20. If the business is a sole proprietorship and the sole proprietor is married, or if spouses jointly own a business and filed a claim for that business, both spouses must sign in each place as well. If you are signing as the trustee or authorized representative for a dissolved business or a business that is the current subject of an open bankruptcy proceeding, print the business's claimant's name and then sign your name in the claimant signature section. The signature must read "[business name], by [signer's name]." Also complete Section III of the Release Cover Sheet and submit the required documentation demonstrating your authority to sign on behalf of the claimant, if you have not already done so. |
| 4. | ***Consult with your Attorney.*** The Release affects your legal rights, and by signing the Release you are giving up your right to sue BP and other parties. Read these Instructions and the Important Information section before signing this Release. If you are represented by an attorney in connection with your claim, consult with your attorney regarding the terms of the Release. |
| 5. | ***Original Release Required.*** Return the original, signed Release to us. We cannot accept facsimiles, PDFs, or copies of a signed Release. You must return all 20 pages of the Release (the Cover Page through Attachment B) before we can pay your claim. |
| 6. | ***No Modifications and No Deletions.*** Do not strike through or otherwise try to alter any of the language in the Release, except for corrections to information that you make on the Release Cover Sheet. If you alter the Release or fail to submit all 20 pages of the Release, we will not be able to pay your claim. No contractual agreement to settle your claim arises until we receive a properly signed Release. |
| 7. | ***Additional Requirements for Claimants Electing Structured Settlements.*** If you are electing to receive a structured settlement for all or part of your Payment, then you must follow the instructions on your Eligibility Notice. A Court-approved structured settlement broker must submit this Release to the Claims Administrator on your behalf, together with Attachment C (which contains terms and requirements applicable to structured settlements). If you fail to follow the instructions on your Eligibility Notice, or if this Release and Attachment C to the Release (including all required signatures, information and documentation) are not submitted on your behalf by a Court-approved structured settlement broker by the Deadline Date on your Eligibility Notice, then you will not be eligible to receive a structured settlement. |

| | |
|---|---|
| **8.** | ***Submission of Original Signed Release.***  Submit the entire original signed Release and any required documentation in one of the following ways:<br><br>**By Mail:**<br>Deepwater Horizon Economic Claims Center<br>PO Box 1439<br>Hammond, LA 70404-1439<br><br>**By Overnight Delivery, Certified or Registered Mail**<br>Deepwater Horizon Economic Claims Center<br>c/o Claims Administrator<br>42548 Happy Woods Road<br>Hammond, LA 70403<br><br>**Visit a Claimant Assistance Center:**<br>You may take the signed Release to a Claimant Assistance Center.<br>Visit **www.deepwaterhorizoneconomicsettlement.com** for a list of Claimant Assistance Centers or call 1-866-992-6174. |



## RELEASE COVER SHEET

## I.   INDIVIDUAL CLAIMANT INFORMATION

| **Name:** | Last | First | Middle Initial |
|---|---|---|---|

**Social Security Number/ Individual Taxpayer Identification Number:**

| **Spouse Name:** | Last | First | Middle Initial |
|---|---|---|---|

**Spouse Social Security Number/ Individual Taxpayer Identification Number:**

## II.   BUSINESS CLAIMANT INFORMATION

| **Name of Business:** | **Apache Louisiana Minerals LLC** |
|---|---|

**Employer Identification Number/ Social Security Number:**

| **Authorized Business Representative:** | Last | First | Middle Initial |
|---|---|---|---|
| | Title | | |

**Authorized Business Representative Social Security Number/ Individual Taxpayer Identification Number:**

| **Spouse Name:** | Last | First | Middle Initial |
|---|---|---|---|

**Spouse Social Security Number/ Individual Taxpayer Identification Number:**

## III.   INFORMATION ABOUT THE CLAIMANT REPRESENTATIVE

If the claimant is: (1) deceased; (2) a minor; or (3) incompetent and legally unable to sign for himself or herself, you must submit documentation to the Claims Administrator showing your authority to act on behalf of the claimant, if you have not already done so.  See Section 4 of the Registration Form Instructions Booklet for a description of the required documentation.

| **Representative Name:** | Last | First | Middle Initial |
|---|---|---|---|

**Representative Social Security Number/ Individual Taxpayer Identification Number:**

| **The claimant is:** | ☐ Deceased   ☐ A Minor | ☐ Incompetent   ☐ A Dissolved Business | ☐ Declared Bankrupt (or currently undergoing Bankruptcy Proceedings) |
|---|---|---|---|
| **Source of your authority to act as Representative for the claimant:** | ☐ Court Order   ☐ Tutorship | ☐ Power of Attorney   ☐ Conservatorship | ☐ Letters of Administration   ☐ Guardianship  ☐  Other (specify): _____ |

## IV.   PAYMENT INFORMATION

| **Claimant ID:** | 100176960 | **Claim Type:** | Wetlands Real Property |
|---|---|---|---|
| **Claim ID:** | 174256 | **Payment Amount:** | $2,577,412.39 |

## IMPORTANT INFORMATION ABOUT THE ATTACHED FULL AND FINAL RELEASE, SETTLEMENT, AND COVENANT NOT TO SUE

***All claimants have the right to consult with an attorney of their own choosing prior to accepting any settlement payment or signing a release of legal rights. If you are represented by an attorney in connection with your claim, confer with your attorney before signing this document.***

The attached Full and Final Release, Settlement, and Covenant Not to Sue ("Individual Release") is a binding legal document. By signing this document, you are forever waiving and releasing all claims that you may have against BP or any other party in connection with the Deepwater Horizon Incident (as defined in the Individual Release) except for Expressly Reserved Claims (as defined in the Individual Release).

**By signing the attached Individual Release, you are forever giving up and discharging any rights that you may have for any costs, damages, causes of actions, claims, or other relief related to or arising from the Deepwater Horizon Incident except for Expressly Reserved Claims even if you are not currently aware of such costs or damages and even if such costs or damages arise in the future (i.e., additional oil impacts) or do not manifest themselves until the future.**

By signing the attached Individual Release, you acknowledge that you have read and understand the terms of the Individual Release, and that you execute the Individual Release voluntarily and without being pressured or influenced by, and without relying upon, any statement or representation made by any person acting on behalf of BP or any other released party.

The settlement payment you have been offered arises under the auspices of the federal District Court in New Orleans presiding over the multidistrict litigation titled *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (MDL No. 2179). A class action settlement has been proposed in that case, but the Court has <u>not</u> yet given final approval of that proposed settlement. If the Court does approve the proposed class action settlement, an appellate court could reverse the approval. In addition, it is possible that the terms of the proposed settlement may change in the future—for better or for worse—as a result of further legal proceedings. However, if you sign this Individual Release, none of those uncertain future events will affect you. **By signing this Individual Release you are forever waiving and releasing all claims that you may have against BP (except for Expressly Reserved Claims) in exchange for the compensation being provided.** In fact, even if the Court does not approve the proposed class action settlement agreement or the approval is reversed by an appellate court, you shall continue to be bound by this Individual Release.

For a Business Claimant, if the business is a sole proprietorship and you are the owner and you are married, or if the business is jointly owned by you and your spouse, both you and your spouse must sign the Individual Release. For an Individual Claimant, if you are married, both you and your spouse must sign the Individual Release. You and your spouse should not sign the Individual Release unless you both intend to release and give up all of your claims.

By signing below, you acknowledge that you have read and understand the information above. You elect to accept the payment as a final settlement of all claims against any party in connection with the Deepwater Horizon Incident except for Expressly Reserved Claims. You consent to the use and disclosure by the Claims Administrator and those assisting the Claims Administrator of any information that the Claims Administrator believes necessary and/or helpful to process your claim for compensation and payment and to any legitimate business purposes associated with administering the settlement facility. Finally, you consent to the Claims Administrator providing documentation and information to Lead Class Counsel, BP, and the Court as provided for in the Settlement Agreement.

## ACKNOWLEDGEMENT

I/We acknowledge that I/we have read and understand the information above. I/We consent to the claimant's election to accept the payment as a final settlement of all claims of claimant against any party in connection with the Deepwater Horizon Incident except for Expressly Reserved Claims.

_____          _____

Signature of Claimant                                                        Date


_____          _____

Signature of Claimant's Spouse                                        Date

REL-1                              Deepwater Horizon Settlement Release and Covenant Not to Sue         Claimant ID: 100176960
Claim ID: 174256

## FULL AND FINAL RELEASE, SETTLEMENT, AND COVENANT NOT TO SUE

1. **Definitions.**  For purposes of this **Individual Release**, the following definitions shall apply, and in the case of defined nouns, the singular shall include the plural and vice versa:

   (a)   "**Affiliate**" means with respect to any **Natural Person** or **Entity**, any other **Natural Person** or **Entity** that directly or indirectly, through one or more intermediaries, controls, or is controlled by, or is under common control with, such **Natural Person** or **Entity**.

   (b)   "**Assigned Claims**" means the claims defined in Exhibit 21 to the **Settlement Agreement**.

   (c)   "**Bodily Injury Claims**" means claims and damages, including lost wages, for or resulting from personal injury, latent injury, future injury, progression of existing injury, damage, disease, death, fear of disease or injury or death, mental or physical pain or suffering, or emotional or mental harm, anguish or loss of enjoyment of life, including any claim for mental health injury, arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**.

   (d)   "**BP**" means BP Exploration & Production Inc., BP America Production Company, BP America Inc., BP Company North America Inc., BP Corporation North America Inc., BP Corporation North America Inc. Savings Plan Investment Oversight Committee, BP Energy Company, BP Exploration (Alaska) Inc., BP Global Special Products (America) Inc., BP Holdings North America Limited, BP p.l.c., BP Products North America Inc., and each of their respective direct or indirect parents, subsidiaries and subsidiary undertakings (as those terms are defined in the U.K. Companies Act 2006), **Affiliates**, divisions, and business units.

   (e)   "**Claim**" means any demand or request for compensation (other than **Bodily Injury Claims** or **Expressly Reserved Claims**), together with any properly completed forms and accompanying required documentation, submitted by a **Claimant** to the **Settlement Program**.

   (f)   "**Claimant**" means any **Natural Person** or **Entity** that submits a **Claim** to the **Settlement Program** seeking compensation as a member of the **Economic Class**.

   (g)   "**Claims Administrator**" is the person Court-appointed in the **MDL Action** to administrator this **Settlement Program** and that person's agents.

   (h)   "**Coastal Real Property**" means property in the **Coastal Real Property Claim Zone**.

   (i)   "**Coastal Real Property Claim Framework**" means that process described in the document captioned Coastal Real Property Claim Framework, attached as Exhibit 11A to the **Settlement Agreement**.

   (j)   "**Coastal Real Property Claim Zone**" means the areas identified on the Coastal Real Property Compensation Zone Map included with the **Coastal Real Property Claim Framework**.

   (k)   "**Coastal Real Property Damage**" means a loss to **Real Property** claimed to have been suffered by a **Coastal Real Property** owner or lessee in the **Coastal Real Property Claim Zone** allegedly arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident** that is separate from **Seafood Compensation Program**, **Economic Damage**, **Real Property Sales Damage**, **Wetlands Real Property Damage**, **VoO Charter Payment**, **Vessel Physical Damage** and **Subsistence Damage**, and is more fully described in Exhibit 11A to the **Settlement Agreement**.

   (l)   "**Compensatory Damages**" means any and all forms of damages, known or unknown, intended to or having the effect of satisfying, compensating, or reimbursing **Claimant's** claims for actual economic or pecuniary costs, expenses, damages, liability, or other losses or injuries arising out of,

due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**, regardless of what such damages are designated, called or labeled.  **Compensatory Damages** do not include and may not be interpreted to have any overlap with punitive, exemplary, multiple, or non-compensatory damages.  **Bodily Injury Claims** (including wrongful death) are not included in **Compensatory Damages**.  Claims of **BP** shareholders in any derivative or direct action solely in their capacity as **BP** shareholders are not included in **Compensatory Damages**.  **BP** and **Claimant** acknowledge and agree that the term **Compensatory Damages** as defined and used herein does not limit the amounts to be used for the calculation of punitive or other non-compensatory damages in any current or future litigation pursued by **Claimant**.  Nothing herein shall be deemed to limit **Claimant's** rights to pursue Moratoria Losses or other claims expressly reserved against BP under Section 3 of the **Settlement Agreement**.

(m)   **"Damages"** means all forms of damages defined as broadly as possible without exception, including losses, costs, expenses, taxes, requests, royalties, rents, fees, profits, profit shares, earning capacity, loss of subsistence, damages to real or personal property, diminution in property value, punitive damages, exemplary damages, multiple damages, non-compensatory damages, **Compensatory Damages**, economic damages, injuries, liens, remedies, debts, claims, causes of action, or liabilities.


(n)   **"Deepwater Horizon Economic Litigation"** means all **Claims** brought by **Claimant** or any **Economic Class Member** for damage covered by the **Seafood Compensation Program**, **Coastal Real Property Damage**, **Economic Damage**, **Real Property Sales Damage**, **Subsistence Damage**, **VoO Charter Payment**, **Vessel Physical Damage** or **Wetlands Real Property Damage** allegedly arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**, in the **MDL Action**.

(o)   **"Deepwater Horizon Incident"** means the events, actions, inactions and omissions leading up to and including: (i) the blowout of the **MC252 Well**; (ii) the explosions and fire on board the *Deepwater Horizon* on or about April 20, 2010; (iii) the sinking of the *Deepwater Horizon* on or about April 22, 2010; (iv) the release of oil, other hydrocarbons and other substances from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances; (v) the efforts to contain the **MC252 Well**; (vi) **Response Activities**, including the **VoO Program**; (vii) the operation of the **GCCF**; and (viii) **BP** public statements relating to all of the foregoing.

(p)   **"DHOST"** means the Deepwater Horizon Oil Spill Trust, which is the irrevocable common law trust established under Delaware law in accordance with the trust agreement titled "Deepwater Horizon Oil Spill Trust" dated August 6, 2010, and entered into among BP Exploration & Production Inc.; John S. Martin, Jr. and Kent D. Syverud, as individual trustees; and Citigroup Trust- Delaware, N.A., as corporate trustee.

(q)   **"Economic Class"** means the Economic and Property Damages Settlement Class.

(r)   **"Economic Damage"** means loss of profits, income, and/or earnings arising in the **Gulf Coast Areas** or **Specified Gulf Waters** allegedly arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**; provided, however, that **Economic Damage** does not include: (1) loss of profits or earnings, or damages for injury relating to **Real Property** or personal property that constitutes any part of the **Seafood Compensation Program, Coastal Real Property Damage, Real Property Sales Damage, Wetlands Real Property Damage, Vessel Physical Damage**; (2) **VoO Charter Payment**; or (3) damages for loss of **Subsistence** use of natural resources, which constitutes **Subsistence Damage.**

(s)   **"Entity"** means an organization or entity, other than a **Governmental Organization**, operating or having operated for profit or not-for-profit, including a partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture or an unincorporated association of any kind or description.

(t)     "**Expressly Reserved Claims**" means the following **Claims** that are not recognized or released under this **Individual Release**, and are reserved to **Claimant**: (1) **Bodily Injury Claims**; (2) claims of **BP** shareholders in any derivative or direct action solely in their capacity as **BP** shareholders; (3) claims of **Natural Persons** and **Entities** for **Moratoria Losses**; (4) claims relating to menhaden (or "pogy") fishing, processing, selling, catching, or harvesting; (5) claims for **Economic Damage** suffered by **Entities** or employees (to the extent they allege **Economic Damage** based on their employment by such an **Entity** during the **Class Period**) in the Banking, Gaming, Financial, Insurance, Oil and Gas, Real Estate Development, and Defense Contractor Industries, and entities selling or marketing BP-branded fuel, including jobbers and branded retailers, as defined in the **Settlement Agreement**; (6) claims for punitive or exemplary damages against **Halliburton** and **Transocean** subject to the provisions of Section 11 of the **Settlement Agreement**; and (7) the rights of the **Claimant** to recover additional benefits from the **Economic Class** secured by virtue of the efforts of the **Economic Class** to pursue **Assigned Claims**, again subject to the provisions of Section 11 of the **Settlement Agreement.**

(u)     "**Finfish**" means fish other than shellfish and octopuses.

(v)     "**Game**" includes nutria, mink, otters, raccoons, muskrats, alligators, and other wildlife.

(w)     "**GCCF**" means the Gulf Coast Claims Facility.

(x)     "**Governmental Organization**" means: (a) the government of the United States of America; (b) any state or local government; (c) any agency, branch, commission, department, or unit of the government of the United States of America or of any state or local government; or (d) any **Affiliate** of, or any business or organization of any type that is owned in whole or in part to the extent of at least 51% by the government of the United States of America or any state or local government, or any of their agencies, branches, commissions, departments, or units.

(y)     "**Gulf Coast Areas**" means the States of Louisiana, Mississippi, and Alabama; the counties of Chambers, Galveston, Jefferson and Orange in the State of Texas; and the counties of Bay, Calhoun, Charlotte, Citrus, Collier, Dixie, Escambia, Franklin, Gadsden, Gulf, Hernando, Hillsborough, Holmes, Jackson, Jefferson, Lee, Leon, Levy, Liberty, Manatee, Monroe, Okaloosa, Pasco, Pinellas, Santa Rosa, Sarasota, Taylor, Wakulla, Walton and Washington in the State of Florida, including all adjacent Gulf waters, bays, estuaries, straits, and other tidal or brackish waters within the States of Louisiana, Mississippi, Alabama or those described counties of Texas or Florida.

(z)     "**Halliburton**" means Halliburton Energy Services, Inc. and all and any of its **Affiliates**, other than any **Natural Person** or **Entity** that is also an **Affiliate** of any of the **Released Parties** as of April 16, 2012.

(aa)    "**Halliburton Parties**" shall mean **Halliburton** (including all persons, entities, subsidiaries, divisions and business units comprised thereby); each of **Halliburton's** respective past, present and future directors, officers, employees, general or limited partners, members, joint venturers, and shareholders, and past, present and future spouses, heirs, beneficiaries, estates, executors, administrators, personal representatives, attorneys, agents, trustees, insurers, reinsurers, predecessors, successors, indemnitees, assigns, **Affiliates**; any natural, legal or juridical person or entity acting on behalf of or having liability in respect of **Halliburton**, in their respective capacities as such; and the federal Oil Spill Liability Trust Fund and any state or local fund, and each of their respective **Affiliates** including their officers, directors, shareholders, employees, and agents.

(bb)    "**Incompetent Claimant**" means a **Natural Person** who lacks the capacity to enter into a contract on his or her behalf at the time this **Individual Release** is executed, in accordance with the state laws of that person's domicile as applied to adult capacity issues, whether through power of attorney agency documents, guardianship, conservatorship, tutorship, or otherwise.

(cc)    "**Individual Release**" means this Full and Final Release, Settlement, and Covenant Not to Sue.

(dd)   "**MC252 Well**" means the exploratory well named "Macondo" that was being drilled by the Transocean *Marianas* and *Deepwater Horizon* rigs in Mississippi Canyon, Block 252 on the outer continental shelf in the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

(ee)   "**MDL Action**" means the federal multidistrict litigation pending before the United States District Court for the Eastern District of Louisiana, titled, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, on April 20, 2010 (MDL No. 2179).

(ff)   "**Minor Claimant**" means a **Natural Person** whose age is below that of the majority rule for the State in which the minor resides at the time this **Individual Release** is executed.

(gg)   "**Moratoria Loss**" means any loss whatsoever caused by or resulting from federal regulatory action or inaction directed at offshore oil industry activity — including shallow water and deepwater activity — that occurred after May 28, 2010, including the federal moratoria on offshore permitting and drilling activities imposed on May 28, 2010 and July 12, 2010 and new or revised safety rules, regulations, inspections, or permitting practices.

(hh)   "**Natural Person**" means a human being, and includes the estate of a human being who died on or after April 20, 2010.  For purposes of this **Individual Release**, a **Natural Person** that is the estate of a human being who died on or after April 20, 2010, a **Minor Claimant** or **Incompetent Claimant**, shall be deemed to act through his, her or its Representative.

(ii)   "**OPA**" means the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

(jj)   "**Other Party**" means every person, entity, or party other than the **Released Parties**.

(kk)   "**Other Released Parties**" means **Released Parties** other than **BP**.

(ll)   "**Real Property**" means land, including improvements thereon, and property of any nature appurtenant or affixed thereto.

(mm)   "**Real Property Sales Compensation Zone**" shall be defined as **Residential Parcels** identified in the **Real Property Compensation Zone Map**.

(nn)   "**Real Property Compensation Zone Map**" means the map(s) attached as Exhibit 13B to the **Settlement Agreement**.

(oo)   "**Real Property Sales Damage**" means damages for realized damage on the sale of **Residential Parcels** arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**.

(pp)   "**Released Claims**" means all claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**, including any and all actions, claims, costs, expenses, taxes, rents, fees, profit shares, liens, remedies, debts, demands, liabilities, obligations, or promises of any kind or nature whatsoever, in both law or in equity, past or present, whether known or unknown, including claims for any and all **Unknown Claims** or damages, future injuries, damages or losses not currently known, but which may later develop, provided they arise out of, are due to,result from, or relate in any way to, directly or indirectly, the **Deepwater Horizon Incident**, and regardless of the legal or equitable theory, arising under any source of law whether international, federal, state, or local, and regardless of whether pursuant to statutory law, codal law, adjudication, quasi-adjudication, regulation, or ordinance, including common law, maritime or admiralty, statutory and non-statutory attorneys' fees, breach of contract, breach of any covenant of good faith and/or fair dealing, fraud, misrepresentation, fraudulent concealment, deception, consumer fraud, antitrust, defamation, tortious interference with contract or business expectations, loss of business expectations or opportunities, loss of employment or earning capacity, diminution of property value, violation of the federal Racketeer Influenced and Corrupt Organizations Act or any similar state law,



violations of any consumer protection act, punitive damages, exemplary damages, multiple damages, non-compensatory damages, **Compensatory Damages**, pain and suffering, interest, injunctive relief, declaratory judgment, costs, deceptive practices, unfair business practices, regulation, strict liability, negligence, gross negligence, willful misconduct, nuisance, trespass, fraudulent concealment, statutory violations, including **OPA** or other statutory claims, unfair business practices, breach of fiduciary duty, and all other theories whether existing now or arising in the future, arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident. Released Claims** shall not include **Expressly Reserved Claims**.

(qq)   "**Released Parties**," for purposes of the **Released Claims**, means: (i) **BP** (including all persons, entities, subsidiaries, divisions and business units comprised thereby); together with (ii) **DHOST**; (iii) the persons, entities, divisions, and business units listed on Attachment A; (iv) each of **BP's** and the **Other Released Parties**' respective past, present and future directors, officers, employees, general or limited partners, members, joint venturers, and shareholders, and their past, present and future spouses, heirs, beneficiaries, estates, executors, administrators, personal representatives, attorneys, agents, trustees, insurers, reinsurers, predecessors, successors, indemnitees, assigns; (v) any natural, legal or juridical person or **Entity** acting on behalf of or having liability in respect of **BP** or the **Other Released Parties**, in their respective capacities as such; and (vi) the federal Oil Spill Liability Trust Fund and any state or local fund, and, as to i-vi above, each of their respective **Affiliates** including their **Affiliates**' officers, directors, shareholders, employees, and agents. **Released Parties** will also include any vessels owned or chartered by any **Released Party** (except for the Deepwater Horizon itself). Notwithstanding anything herein to the contrary, in no event shall any of the following be deemed to be a **Released Party**: **Transocean** or **Halliburton**. **Claimant** specifically reserves its rights for punitive and exemplary damages against **Transocean** and **Halliburton** subject to the provisions of Paragraph 11 of the **Settlement Agreement**. Furthermore, nothing herein shall impair the rights of the **Claimant** to recover additional benefits from the **Economic Class** secured by virtue of the efforts of the **Economic Class** to pursue **Assigned Claims**, again subject to the provisions of Paragraph 11 of the **Settlement Agreement**.

(rr)   "**Residential Parcels**" means those parcels within the **Real Property Sales Compensation Zone** for which the county where the parcel is located has designated the parcel as a residential classification.

(ss)   "**Response Activities**" means the clean up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the releases of oil, other hydrocarbons and other pollutants from the MC252 Well and/or the Deepwater Horizon and its appurtenances and the **Deepwater Horizon Incident**.

(tt)   "**Seafood**" means fish and shellfish, including shrimp, oysters, crab, and **Finfish**, caught in the **Specified Gulf Waters**. **Seafood** shall exclude menhaden.

(uu)   "**Seafood Compensation Program**" means the program defined in Section 5.2 of the **Settlement Agreement**.

(vv)   "**Settlement Agreement**" means the Economic and Property Damages Settlement Agreement.

(ww)   "**Settlement Program**" means the *Deepwater Horizon* Court Supervised Settlement Program created pursuant to the **Settlement Agreement**.

(xx)   "**Settlement Trust**" means the Deepwater Horizon Economic and Property Damages Trust created pursuant to the **Settlement Agreement**.

(yy)   "**Specified Gulf Waters**" means the U.S. waters of the Gulf of Mexico and all adjacent bays, estuaries, straits, and other tidal or brackish waters within the Gulf Coast Areas, as specifically shown and described in Exhibit 23 to the **Settlement Agreement**.

(zz)   "**Subsistence**" means fishing or hunting to harvest, catch, barter, consume or trade Gulf of Mexico natural resources (including **Seafood** and **Game**), in a traditional or customary manner, to sustain basic personal or family dietary, economic security, shelter, tool, or clothing needs.

(aaa) "**Subsistence Damage**" means a loss of value of **Subsistence** use of natural resources alleged to arise out of, result from or relate in any way to, directly or indirectly, the **Deepwater Horizon Incident**.

(bbb) "**Transocean**" means Transocean Ltd., Transocean, Inc., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, Triton Asset Leasing GmbH and all and any of their **Affiliates**, other than any **Natural Person** or **Entity** that is also an **Affiliate** of any of the **Released Parties**.

(ccc) "**Transocean Parties**" means **Transocean** (including all persons, entities, subsidiaries, divisions and business units comprised thereby); each of **Transocean**'s respective past, present and future directors, officers, employees, general or limited partners, members, joint venturers, and shareholders, and past, present and future spouses, heirs, beneficiaries, estates, executors, administrators, personal representatives, attorneys, agents, trustees, insurers, reinsurers, predecessors, successors, indemnitees, assigns, **Affiliates**; any natural, legal or juridical person or entity acting on behalf of or having liability in respect of **Transocean**, in their respective capacities as such; and the federal Oil Spill Liability Trust Fund and any state or local fund, and each of their respective **Affiliates** including their officers, directors, shareholders, employees, and agents.

(ddd) "**Unknown Claims**" and damages or not currently known claims and damages (whether or not capitalized) means all past, present, and future claims and damages arising out of facts, including new facts or facts found hereafter to be other than or different from the facts now believed to be true, arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident** covered by this **Individual Release** that **Claimant** does not, in whole or in part, know or suspect to exist and which, if known by them, might have affected their decision to provide such **Individual Release**, including all claims arising out of new facts or facts found hereafter to be other than or different from the facts now believed to be true.

(eee) "**Vessel Physical Damage**" means physical damage that was sustained by an eligible **Claimant**'s eligible vessel due to or resulting from the **Deepwater Horizon Incident** or the Deepwater Horizon Incident response cleanup operations, including the **VoO Program**, that were consistent with the National Contingency Plan or specifically ordered by the Federal On-Scene Coordinator or delegates thereof.

(fff) "**VoO Charter Payment**" means a loss alleged by a **VoO Charter Payment Claimant** for any payment or compensation related to participation in the **VoO Program** that satisfies the requirements set forth in Section 5.5 of the **Settlement Agreement**.

(ggg) "**VoO Charter Payment Claimant**" means an **Economic Class** Member claiming to have suffered a **VoO Charter Payment** loss.

(hhh) "**VoO Master Vessel Charter Agreement**" means the standard agreements utilized by **BP** and its agents or subcontractors to charter the vessels available for work or service in connection with the **VoO Program**.

(iii) "**VoO Program**" means the program through which vessel owners performed work for BP or BP's authorized agents pursuant to the terms of the **VoO Master Vessel Charter Agreement**.

(jjj) "**Wetlands Real Property Claim Framework**" means the rules described in the document captioned Wetlands Real Property Claim Framework, attached to the **Settlement Agreement** as Exhibits 12A-12B.

(kkk) "**Wetlands Real Property Claimant**" means an **Economic Class** Member claiming to have suffered **Wetlands Real Property Damage.**

(lll) "**Wetlands Real Property Damage**" means a loss alleged by a **Wetlands Real Property Claimant** that satisfies the requirements set forth in the **Wetlands Real Property Claim Framework.**



2.  **Release**.  In consideration of (i) payment in the amount of **$2,577,412.39** (which payment shall be distributed from the **Settlement Trust** through the Court-appointed **Claims Administrator** and the **Settlement Program** and, if **Claimant** is electing to receive a structured settlement, all or a portion of which shall be distributed in accordance with the terms set forth on Attachment C to this **Individual Release**), (ii) previous payments for **Claims** referenced and released herein, and (iii) the right to receive additional Settlement Payment(s) for any additional Claims, if any, pursuant to the terms of Section 4.4.8 of the Settlement Agreement (if **Claimant** is electing to receive a structured settlement, all or a portion of which shall be distributed in accordance with the terms set forth on Attachment C to this **Release**), which **Claimant** accepts as sufficient and adequate consideration for any and all **Released Claims**, **Claimant**, on behalf of **Claimant** and **Claimant's** heirs, beneficiaries, estates, executors, administrators, personal representatives, agents, trustees, insurers, reinsurers, subsidiaries, corporate parents, predecessors, successors, indemnitors, subrogees, assigns, and any natural, legal or juridical person or entity entitled to assert any claim on behalf of or in respect of any **Claimant**, hereby releases and forever discharges with prejudice, and covenants not to sue, the **Released Parties** for any and all **Released Claims**; provided, however, that this **Individual Release** does not apply to, and the term **Released Claims** does not include, **Expressly Reserved Claims**.  In the event a **Released Party** is sold or otherwise transferred to or purchases or otherwise acquires, or enters into a partnership or joint venture with, a Natural Person or Entity that is not otherwise a Released Party immediately prior to giving effect to such transaction, then the non-**Released Party** shall as a result of such transaction obtain a benefit under this **Individual Release** only with respect to any liability of the **Released Party** that it, or any such partnership or joint venture, has acquired or assumed or otherwise become liable for, and not in its own right.

3.  **Release Is Comprehensive.**  **Claimant** agrees and acknowledges that the consideration granted in Paragraph 2 above constitutes full, complete, and total satisfaction of all of the **Released Claims** against the **Released Parties**.  In addition, **Claimant** agrees and acknowledges that the consideration granted in Paragraph 2 above also constitutes full, complete, and total satisfaction of all of **Claimant's Compensatory Damage Claims** against the **Transocean Parties** and the **Halliburton Parties**.

4.  **Non-General Release.**  **Claimant** expressly waives and releases with prejudice, and shall be deemed to have waived and released with prejudice, any and all rights that it may have under any law, codal law, statute, regulation, adjudication, quasi-adjudication, decision, administrative decision, or common law principle that would otherwise limit the effect of the **Individual Release** to those claims or matters actually known or suspected to exist at the time of execution of the **Individual Release**.  California law is not applicable to this **Individual Release**, but purely for illustrative purposes the **Released Claims** include, but are not limited to the release of claims provided for in Section 1542 of the California Civil Code, which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. "

5.  **Contribution, Subrogation, Indemnity**.  This **Individual Release** is not intended to prevent **BP** from exercising its rights of contribution, subrogation, or indemnity under **OPA** or any other law, including its rights of assignment regarding **Assigned Claims** as set forth in Exhibit 21 to the **Settlement Agreement**.  **BP** is hereby subrogated to any and all rights that the **Economic Class** Members, or any of them, may have had or have arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident** under **OPA**.  All such rights of **BP** to contribution, indemnity, and  subrogation, and **BP's** subrogation to the rights of **Economic Class** Members, are subject to the provisions regarding **Assigned Claims** in Exhibit 21 to the **Settlement Agreement.**

6.  **Consideration.**  Claimant agrees that this **Individual Release** is entered into in consideration of the agreements, promises, and mutual covenants set forth in this **Individual Release** and for such other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged.

7.  **No Further Action**.  **Claimant** agrees not to file federal or state judicial or administrative proceedings concerning cleanup, removal, spill response or remediation of **Coastal Real Property Damages** and **Wetlands Real Property Damages**, or the underlying **Real Property**, as a means to seek the redress of **Released Claims**.

8.  **Dismissal of All Claims.**

    (a.)  In consideration of the benefits provided under this **Individual Release**, all **Released Claims** by or on behalf of **Claimant** against any and all **Released Parties** shall be dismissed with prejudice in any lawsuit in which the **Claimant** is a party.

    (b.)  This **Individual Release** shall be the exclusive remedy for any and all **Released Claims** by or on behalf of **Claimant** against any and all **Released Parties**, and **Claimant** shall not recover, directly or indirectly, any sums from any **Released Parties** for any **Released Claims** other than those received for the **Released Claims** under the terms of this **Individual Release**.

    (c.)  **Claimant** agrees that **Claimant**, and all other **Natural Persons** and **Entities** claiming by, through, or on behalf of **Claimant** will be forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any judicial, arbitral, or regulatory action against the **Released Parties** with respect to the **Released Claims**.

    (d.)  If **Claimant** commences, files, initiates, or institutes any new action or other proceeding for any **Released Claims** against the **Released Parties** in any federal or state court, arbitration tribunal, or administrative or other forum, such action or other proceeding shall be dismissed with prejudice and at **Claimant**'s cost; provided, however, before any costs may be assessed, counsel for such **Claimant**, or, if not represented, such **Claimant** shall be given reasonable notice and an opportunity voluntarily to dismiss such new action or proceeding with prejudice.  Furthermore, if **Claimant** brings any legal action before any Court, arbitration panel, regulatory agency, or other tribunal to enforce its rights under this **Individual Release**, such **Released Party** shall be entitled to recover any and all related costs and expenses (including attorneys' fees) from any **Claimant** in violation or breach of its obligations under this **Individual Release.**

9.  **No Admission of Liability or Wrongdoing by BP.**  The Paragraph 2 payment to **Claimant** is made without any admission of liability or wrongdoing by **BP** or any other **Released Party** and is made purely by way of compromise and settlement.

10.  **Claimant Warranty.  Claimant** represents and warrants that **Claimant** or **Claimant's** undersigned representative in the case of a business entity has authority to execute this **Individual Release** on behalf of **Claimant**.

11.  **Additional Protections for Released Parties.  Claimant** promises, agrees, acknowledges, represents, warrants, and covenants as follows:

    (a.)  **No Assignment of Claims.  Claimant** shall not assign or reassign, or attempt to assign or reassign, to any person or entity other than **BP** any rights or claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**.  Any such assignment or reassignment, or attempt to assign or reassign, to any **Natural Person** or **Entity** other than **BP** any rights or claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident** shall be void, invalid, and of no force and effect.

    (b.)  **No Recovery of Additional Compensatory Damages.  Claimant** shall not accept or attempt to recover, through insurance, reinsurance, indemnification, contribution, subrogation, litigation, settlement, or otherwise, any **Compensatory Damages** from the **Transocean Parties** and/or the **Halliburton Parties**.  Nothing in this Paragraph 11(b) shall impair or impact **Claimant's** rights to pursue **Transocean** and **Halliburton** for exemplary and punitive damages individually or through the **Economic Class**.



(c.) **Non-Execution and Non-Collection for Compensatory Damages.**  In the event that **Claimant** is or becomes the beneficiary of any judgment, decision, award, or settlement arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**, **Claimant** shall not accept, execute on, attempt to collect, or otherwise seek recovery of any **Compensatory Damages** from the **Transocean Parties** and/or the **Halliburton Parties**.  Nothing in this Paragraph 11(c) shall impair or impact **Claimant**'s rights to pursue **Transocean** and **Halliburton** for exemplary and punitive damages individually or through the Economic Class.

(d.) **Conditional Collection of Damages.**  In the event that **Claimant** is or becomes the beneficiary of any judgment, decision, award, or settlement arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**, including from **Assigned Claims** and/or **Expressly Reserved Claims**, **Claimant** shall not accept, execute on, attempt to collect, or otherwise seek recovery of any **Damages**, to the extent that any **Other Party** is seeking or may seek to recover such **Damages** from any **Released Party**, whether through indemnity, contribution, subrogation, assignment, or any other theory of recovery, by contract, pursuant to applicable law or regulation, or otherwise, directly or indirectly.  **Claimant** may, however, accept, execute on,attempt to collect, or otherwise seek recovery of **Damages** if and when a court or tribunal of competent jurisdiction has finally determined that **Other Parties** cannot recover such **Damages**, whether through indemnity, contribution, subrogation, assignment or any other theory of recovery, by contract, pursuant to applicable law or regulation, or otherwise, directly or indirectly, from any **Released Party**.  For purposes of this Paragraph 11(d), "finally determined" shall mean the conclusion of any applicable appeals or other rights to seek review by certiorari or otherwise, or the lapse of any and all such rights, or the lapse of any and all applicable limitations or repose periods.

(e.) **Conditions on Future Settlements.**  **Claimant** may settle or compromise any rights, demands, or claims with the **Transocean Parties**, the **Halliburton Parties**, and/or any **Other Parties** arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident,** if, but only if, the **Transocean Parties**, the **Halliburton Parties**, and/or such **Other Party**, as the case may be, agrees as part of that settlement or compromise to a full and final release of, dismissal of, and covenant not to sue for any and all rights to recover, directly or indirectly, from the **Released Parties** (whether through indemnity, contribution, subrogation, assignment or any other theory of recovery, by contract, pursuant to applicable law or regulation, or otherwise) for any **Damages** or other relief or consideration provided under or relating to such settlement or compromise (whether the settlement is of a class, of individual claims, or otherwise), including from **Expressly Reserved Claims**, and further represents and warrants that it has not assigned and will not assign any rights to recover for such **Damages**  or other relief or consideration (whether through indemnity, contribution, subrogation, or otherwise).  As part of this commitment and without limitation, **Claimant** shall not settle or compromise with the **Transocean Parties**, the **Halliburton Parties**, and/or any **Other Parties** on terms that might allow any insurers, reinsurers, or indemnitors thereof to claim against any **Released Parties** for indemnification, subrogation, contribution, assignment or under any other theory of recovery.  **Claimant** agrees that, before any such settlement or compromise is executed, **BP** shall have the right to approve language in any such settlement or compromise memorializing the representation and warranty set forth in this Paragraph 11(e), which approval shall not be unreasonably withheld.

(f.) **Indemnity to Released Parties.**  Notwithstanding any provision in this **Individual Release** to the contrary, if any **Other Party** recovers or seeks to recover from any **Released Party** (under any theory of recovery, including indemnity, contribution, or subrogation, and including from **Assigned Claims** and/or **Expressly Reserved Claims**) any **Damages** either (a) paid to **Claimant**, or (b) by, through, under, or on account of **Claimant**; then **Claimant** shall indemnify (not defend) the **Released Parties**, but only to the extent of the consideration received in Paragraph 2 above (by way of example, if **Claimant** has received $100.00 pursuant to Paragraph 2 above, its indemnity obligation would be capped at this amount).  This indemnity obligation owed by **Claimant** includes any and all claims made or other actions taken by that **Claimant** in breach of this **Individual Release**.

(g.)     **Notice Regarding Indemnity.**  **Claimant** expressly acknowledges that, to the fullest extent allowed by law, the indemnity obligations contained in Paragraph 11(f) above apply to claims against **Released Parties** predicated on negligence, gross negligence, willful misconduct, strict liability, intentional torts, liability based on contractual indemnity, and any and all other theories of liability, and any and all awards of attorneys' fees or other costs or expenses.  **Claimant** acknowledges that this indemnity is for conduct occurring before the date of this **Individual Release** and therefore is not affected by public policies or other law prohibiting agreements to indemnify in advance of certain conduct.  **CLAIMANT ACKNOWLEDGES THAT THIS PARAGRAPH 11(g) COMPLIES WITH ANY REQUIREMENT TO EXPRESSLY STATE THAT LIABILITY FOR SUCH CLAIMS IS INDEMNIFIED AND THAT THIS PARAGRAPH 11(g) IS CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.**

12.  **Claimant Signature Requirements.**  **Claimant** must personally sign the **Individual Release**, rather than through an attorney or otherwise.  An electronic signature is insufficient.  In addition to signing and accepting the overall **Individual Release** immediately below, **Claimant** agrees to separately sign and vouch for the accuracy of the certifications contained in Attachment "B."

13.  **Spouse's Signature.**  If the **Claimant** has a living spouse, the **Claimant**'s spouse must also personally sign below.  An electronic signature is insufficient.  The **Claimant** and his or her spouse should not sign the **Individual Release** unless they both intend to release all **Released Claims**.

14.  **Choice of Law.**  Notwithstanding the law applicable to the underlying claims, which is a disputed issue not resolved by this **Individual Release**, this **Individual Release** and all questions with respect to the construction and enforcement thereof and the rights and liabilities hereto shall be interpreted in accord with General Maritime Law, as well as in a manner intended to comply with **OPA**.

15.  **Superseding Nature of Agreement.**  This **Individual Release** constitutes the final, complete, and exclusive agreement and understanding between **BP** and **Claimant** and supersedes any and all other agreements, written or oral, between **BP** and **Claimant** with respect to such subject matter of this **Individual Release** in settlement of **Claims** arising out of or related to the **Deepwater Horizon Incident.**

16.  **Continuing Effectiveness of Agreement.**  This **Individual Release** shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the **Released Parties** in any current or future litigation.  **THIS INDIVIDUAL RELEASE SHALL ALSO REMAIN EFFECTIVE REGARDLESS OF WHETHER THE SETTLEMENT AGREEMENT RESOLVING THE CLAIMS OF THE ECONOMIC CLASS IS APPROVED.**

17.  **Choice of Federal Forum and Waiver of State Forums.**  Any and all disputes, cases, or controversies concerning this **Individual Release**, including without limitation disputes concerning the interpretation or enforceability of this **Individual Release**, shall be filed only in the United States District Court for the Eastern District of Louisiana, accompanied by a legal request made on behalf of any complainant party (whether one of the **Released Parties** or the **Claimant**) for such dispute to be made part of the **MDL Action** if the **MDL Action** has not yet been terminated.  No actions to enforce this **Individual Release** shall be filed in any state court, arbitration tribunal, or administrative agency and **Claimant** represents and warrants that it shall not file such an action in any state court, arbitration tribunal, or administrative agency. **Claimant** agrees not to contest the existence of federal jurisdiction in the **MDL Action** or the United States District Court for the Eastern District of Louisiana.

18.  **Reservation of Rights.**  Notwithstanding the above and foregoing **Individual Release**, **Claimant** hereby reserves: (i) the right to additional settlement payments for any additional **Claims**, if any, pursuant to the terms of Section 4.4.8 of the **Settlement Agreement**; (ii) any and all rights or claims to which **Claimant** may be entitled for additional distributions from and funds held in reserve or trust (including, but not limited to, the **Seafood Compensation Program**, **Assigned Claims** and/or Transocean Personnel Insurance Proceeds) according to the terms of the **Settlement Agreement**; and (iii) **Expressly Reserved Claims**.

19.  **Claimant's Responsibility for Attorneys' Fees.**  To the extent that **Claimant** has retained or engaged a private attorney to represent him or her or it in connection with the **Deepwater Horizon Incident**, **Claimant** acknowledges and agrees that he or she or it, and not the **BP Parties**, is solely responsible for any attorneys' fees or costs owed to such attorney by the **Claimant**.

20. **No Tax Advice.**  No opinion regarding the tax consequences of this **Individual Release** (including the consideration granted in Paragraph 2 above) to **Claimant** is being given or will be given by the **Released Parties**, nor is any representation or warranty in this regard made by virtue of this **Individual Release**. **Claimant** must consult his, her or its own tax advisors regarding the tax consequences of the **Individual Release** (including the consideration granted in Paragraph 2 above) and any tax reporting obligations **Claimant** may have with respect thereto. **Claimant's** tax obligations, and the determination thereof, are his, her, or its sole responsibility, and it is understood that the tax consequences may vary depending on **Claimant's** particular circumstances. The **Released Parties** shall have no liability or responsibility whatsoever for any such tax consequences resulting from payments under this **Individual Release**.  To the extent required by law, payments made from the **Settlement Trust** under this **Individual Release** will be reported to the appropriate authorities.

## SIGNATURES

_____

**Claimant's** Name

_____

**Claimant's** Signature & Title,
 if Business Entity Claimant

_____

Date

_____

**Claimant's** Spouse's Name

_____

**Claimant's** Spouse's Signature,
 if applicable

_____

Date

## ATTACHMENT A: LISTING RELEASED PARTIES

Abdon Callais Offshore, Inc.
Admiral Robert J Papp Jr.
Admiral Thad Allen
Admiral Towing, LLC
Aerotek, Inc.
Airborne Support, Inc.
Airborne Support International, Inc.
Alford Safety Services Inc.
Alford Services Inc.
Ameri-Force, Inc.
Ameri-Force Craft Services, Inc.
American Pollution Control Corporation
Anadarko Petroleum Company
Anadarko Petroleum Corporation
Anadarko E&P Company LP
Apex Environmental Services, LLC
Art Catering, Inc.
Ashland Services, LLC
B&B Environmental Services, Inc.
Belle Chasse Marine Transportation, Inc.
BJ Services Company, USA
Blue Marlin Services of Acadiana, LLC
Bobby Lynn's Marina, Inc.
BP America Inc.
BP America Production Company
BP Company North America Inc.
BP Corporation North America Inc.
BP Energy Company
BP Exploration (Alaska) Inc.
BP Global Special Products (Americas) Inc.
BP Holdings North America Limited
BP Exploration & Production Inc.
BP p.l.c.
BP Products North America Inc.
BP International Ltd.
BP Corporation North America Inc. Savings Plan Investment Oversight Committee
Brett Cocales
Brian Morel
Cabildo Services, LLC
Cabildo Staffing, LLC
Cahaba Disaster Recovery LLC
Cal Dive International, Inc.
Cameron Corporation



Cameron International Corporation
Cameron International Corporation f/k/a Cooper Cameron Corporation
Cameron International Corporation d/b/a/ Cameron Systems Corporation
Center for Toxicology and Environmental Health L.L.C.
Chill Boats L.L.C.
Chouest Shorebase Services, LLC
Clean Harbors, Inc.
Clean Tank LLC
Clean Tank Inc.
Core Industries, Inc.
Core 4 Kebawk, LLC
Crossmar, Inc.
Crowder/Gulf Joint Venture
Crowder Gulf Disaster Recovery
Danos and Curole Marine Contractors, LLC
Danos & Curole Staffing, L.L.C.
David Sims
Deepwater Horizon Oil Spill Trust
Diamond Offshore Company
DOF Subsea USA, Inc.
Don J. Vidrine
DRC Emergency Services, LLC
DRC Marine, LLC
DRC Recovery Services, LLC
Dril-Quip, Inc.
Dynamic Aviation Group, Inc.
Eastern Research Group, Inc.
Environmental Standards, Inc.
Environmental Safety & Health Consulting Services
Environmental Safety & Health Environmental Services
ES&H, Inc.
ESIS, Inc.
Exponent, Inc.
Faucheaux Brothers Airboat Services, Inc.
Global Diving & Salvage, Inc.
Global Employment Services, Inc.
Global Fabrication, LLC
Global Marine International, Inc.
Graham Gulf Inc.
Grand Isle Shipyard Inc.
Gregg Walz
Guilbeau Marine, Inc.
Guilbeau Boat Rentals, LLC
Gulfmark Offshore, Inc.
Gulf Offshore Logistics, LLC
Gulf Offshore Logistics International, LLC



Gulf Services Industrial, LLC
HEPACO, Inc.
Hilcorp Energy Company
Hyundai Heavy Industries Co. Ltd, Inc.
Hyundai Motor Company
I-Transit Response, L.L.C
International Air Response, Inc.
Island Ventures II, LLC
JMN Specialties, Inc.
JNB Operating LLC
John Guide
K & K Marine, LLC
LaBorde Marine Services, LLC
Lane Aviation
Lawson Environmental Service LLC
Lawson Environmental Service & Response Company
Lee Lambert
Lord Edmund John Browne
Lynden Air Cargo, LLC
Lynden, Inc.
Maco of Louisiana, LLC
Maco Services, Inc.
Marine Spill Response Corporation
Mark Bly
Mark Hafle
M-I L.L.C.
M-I Drilling Fluids L.L.C.
M-I Swaco
Miller Environmental Group, Inc.
Mitchell Marine
Mitsui & Co. (USA), Inc.
Mitsui & Co. Ltd.
Mitsui Oil Exploration Co. Ltd.
ModuSpec USA, Inc.
Monica Ann LLC
Moran Environmental Recovery, LLC
MOEX Offshore 2007 LLC
MOEX USA Corporation
M/V Monica Ann
M/V Pat Tilman
M/V Damon B. Bankston
M/V Max Chouest
M/V Ocean Interventions
M/V C. Express
M/V Capt. David
M/V Joe Griffin



M/V Mr. Sidney
M/V Hilda Lab
M/V Premier Explorer
M/V Sailfish
M/V Seacor Washington
M/V Emerald Coast
M/V Admiral Lee
M/V Seacor Vanguard
M/V Whuppa Snappa
Nalco Energy Services, LP
Nalco Holding Company
Nalco Finance Holdings LLC
Nalco Finance Holdings Inc.
Nalco Holdings LLC
Nalco Company
National Response Corporation
Nature's Way Marine, LLC
Nautical Ventures, LLC
Nautical Solutions, LLC
O'Brien's Response Management, Inc
Ocean Runner, Inc.
Ocean Therapy Solutions, LLC
Oceaneering International, Inc.
Odyssea Marine, Inc.
Offshore Cleaning Systems L.L.C.
Offshore Service Vessels, LLC
Offshore Inland Marine & Oilfield Services, Inc.
Oil Recovery Company, Inc. of Alabama
Oilfield Marine Contractors, LLC
Parsons Commercial Services Inc.
Parsons Services Company
Parsons Facility Services Company
Parsons Corporation
Patriot Environmental Services Incorporated
Peneton Company
Perennial Contractors, LLC
Peneton Corporation
Production Services Network U.S., Inc.
Quality Container, Inc.
Quality Energy Services, Inc.
Ranger Offshore, Inc.
Reel Pipe, LLC
Resolve Marine Services, Inc.
Robert Kaluza
Ronald W. Sepulvado



Schlumberger, Ltd.
Seacor Holdings Inc.
Seacor Marine, LLC
Seacor Marine, Inc.
Seacor Marine International, Inc.
Seacor Offshore LLC
Seacor Worldwide, Inc.
Sealion Shipping LTD
Sea Support Services, L.L.C.
Sea Tow of South Miss, Inc.
Seafairer Boat, LLC
Shamrock Management LLC et al.
Shoreline Services, LLC
Siemens Financial, Inc.
Shoreline Construction, LLC
Smith Marine, Inc.
Southern Cat, Inc.
Southern Environmental of Louisiana, LLC
Stallion Offshore Quarters, Inc.
Subsea 7 LLC
Tamara's Group, LLC
Team Labor Force, LLC
Technical Marine Maintenance Services, L.L.C.
The Modern Group, Ltd.
The Modern Group GP-SUB, Inc.
The O'Brien Group, LLC
The Response Group, Inc.
Tiburon Divers, Inc.
Tidewater, Inc.
Tidewater Marine LLC
Tiger Rentals, Ltd.
Tiger Safety, LLC
Toisa Limited
Total Safety U.S., Inc.
Twenty Grand Offshore, LLC
Twenty Grand Marine Service, LLC
Twenty Grand Offshore Inc.
USES/Construct Corps
United States Environmental Services, LLC
United States Maritime Services, Inc.
Viscardi Industrial Services, LLC
Weatherford International Ltd.
Weatherford U.S. L.P.
Wood Group Production Services, Inc.
Worley Catastrophe Services, LLC
Worley Catastrophe Response, LLC



## ATTACHMENT B: CERTIFICATIONS

**Claimant** hereby signs to attest to and vouch for the accuracy of the certification below:

I certify that I understand and acknowledge that, (subject to my right to additional Settlement Payments, if any, pursuant to Section 4.4.8 of the Settlement Agreement), I am forever giving up with prejudice and discharging, without any right of legal recourse whatsoever, any and all rights I have or may have to the **Released Claims** against the **Released Parties**.  I acknowledge that by having executed the **Individual Release** and signing below neither I nor the entity I represent has been pressured or influenced by, or is relying on any statement or representation made by any person acting on behalf of **BP** or any other **Released Party**.  I certify that I understand that I have the right to consult with an attorney of my choosing before signing this **Individual Release**.

## CERTIFICATION FOR BUSINESS OR PROPERTY CLAIMS

I certify that either:

(1)   I have not made an insurance claim or received any insurance proceeds for any business or property **Claim** arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**; **OR**

(2)   If I have made or do make an insurance claim and/or receive or have received insurance proceeds for any business or property claim arising out of, due to, resulting from, or relating in any way to, directly or indirectly the **Deepwater Horizon Incident**, I will indemnify **BP** for any liability it incurs for a subrogation claim made against **BP** arising out of:

(a)   such insurance proceeds, provided that the subrogation claim is brought by an entity seeking payment of insurance proceeds to me for any business or property claim arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the **Deepwater Horizon Incident**; and

(b)   the amount that I indemnify **BP** shall not exceed the amount of insurance proceeds that I received for the business or property claim at issue.

**CLAIMANT ACKNOWLEDGES THAT THIS CERTIFICATION COMPLIES WITH ANY REQUIREMENT TO EXPRESSLY STATE THAT LIABILITY FOR SUCH CLAIMS IS INDEMNIFIED AND THAT THIS CERTIFICATION IS CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.**

## SIGNATURES

| | | |
|---|---|---|
| _____ | _____ | _____ |
| **Claimant's** Name | **Claimant's** Signature & Title, if Business Entity Claimant | Date |
| _____ | _____ | _____ |
| **Claimant's** Spouse's Name | **Claimant's** Spouse's Signature, if applicable | Date |

## Attorney Fee Acknowledgment

Pursuant to Paragraph 8 of Exhibit 27 to the Settlement Agreement, both the claimant and the claimant's attorney must sign this Attorney Fee Acknowledgment before receiving any Settlement Payment.

## A.  Claimant Information

| Name: | Last Name | First Name | Middle Initial |
|---|---|---|---|
| **Deepwater Horizon Settlement Program Claimant Number:** | | 100176960 | |
| **Deepwater Horizon Settlement Program Claim Number:** | | 174256 | |
| Attorney: | Law Firm Name | | |
| | Attorney Last Name | Attorney First Name | |

## B.  Acknowledgment of Satisfaction of Attorney Fees and Expenses

The claimant and claimant's designated counsel hereby acknowledge and agree that the Settlement Payment(s) to be paid to the claimant pursuant to the Deepwater Horizon Economic and Property Damages Settlement Agreement, as administered by the Claims Administrator, include(s) monies that fully and finally satisfy any and all fees and costs in respect to representation of the claimant by any counsel, whether current or former, (including but not limited to any fees and costs asserted by lien or privilege) in connection with the claim(s) and rights of such counsel to them that are being released by the signed Full and Final Release, Settlement, and Covenant Not to Sue. This Attorney Fee Acknowledgment does not limit or waive: (1) the recovery of any potential Common Benefit Fee and Costs Award to the Economic Class Counsel and/or other common benefit attorneys who may submit time and costs in compliance with Pretrial Order 9 or Section 5.16 or Exhibit 27 of the Settlement Agreement; or (2) the claimant or attorney's right to dispute or object to an allocation of attorneys' fees and costs as among attorneys or between claimant and attorney.

## C.  Signature

By my signature below, I certify and declare pursuant to 28 U.S.C. Section 1746 that the information provided in this Attorney Fee Acknowledgment is true and accurate to the best of my knowledge.

| Claimant's Signature | | Date: | _____/_____/_____ (Month/Day/Year) |
|---|---|---|---|
| **Printed Name:** | Last Name | First Name | Middle Initial |
| **Title (if a Business):** | | | |
| **Attorney Signature** | | Date: | _____/_____/_____ (Month/Day/Year) |
| **Printed Name:** | Last Name | First Name | Middle Initial |

## D. How to Submit this Form

Submit the original, hard copy signed **Attorney Fee Acknowledgment** in one of these ways:

| | |
|---|---|
| **By Mail** | Deepwater Horizon Economic Claims Center<br>PO Box 1439<br>Hammond, LA 70404-1439 |
| **By Overnight, Certified or Registered Mail** | Deepwater Horizon Economic Claims Center<br>c/o Claims Administrator<br>42548 Happy Woods Road<br>Hammond, LA 70403 |
| **Visit a Claimant Assistance Center** | You may take the required information or documents to a Claimant Assistance Center. |

ATTY-10 v.1

Claimant ID: 100176960

Claim ID: 174256

**Form W-9**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

**Give Form to the requester. Do not send to the IRS.**

See Specific Instructions on page 2

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification:

☐ Individual/sole Proprietor   ☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)

Requester's name and address (optional)

City, state, and ZIP code

List account number(s) here (optional)

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

☐☐☐ - ☐☐ - ☐☐☐☐

Employer identification number

☐☐ - ☐☐☐☐☐☐☐

## Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**   Signature of U.S. person ▶                               Date ▶

### General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Purpose of Form**

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

• The U.S. owner of a disregarded entity and not the entity,
• The U.S. grantor or other owner of a grantor trust and not the trust, and
• The U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

**Foreign person.** If you are a foreign person, do not use Form W-9. Instead, use the appropriate Form W-8 (see Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

    If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items:

    1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.
    2. The treaty article addressing the income.
    3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.
    4. The type and amount of income that qualifies for the exemption from tax.
    5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

    *Example.* Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

    If you are a nonresident alien or a foreign entity not subject to backup withholding, give the requester the appropriate completed Form W-8.

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS a percentage of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

    You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

    1. You do not furnish your TIN to the requester,
    2. You do not certify your TIN when required (see the Part II instructions on page 3 for details),
    3. The IRS tells the requester that you furnished an incorrect TIN,
    4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or
    5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions below and the separate Instructions for the Requester of Form W-9. Also see *Special rules for partnerships* on page 1.

**Updating Your Information**
You must provide updated information to any person to whom you claimed to be an exempt payee if you are no longer an exempt payee and anticipate receiving reportable payments in the future from this person. For example, you may need to provide updated information if you are a C corporation that elects to be an S corporation, or if you no longer are tax exempt. In addition, you must furnish a new Form W-9 if the name or TIN changes for the account, for example, if the grantor of a grantor trust dies.

**Penalties**

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

**Specific Instructions**

**Name**
  If you are an individual, you must generally enter the name shown on your income tax return. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

  If the account is in joint names, list first, and then circle, the name of the person or entity whose number you entered in Part I of the form.

**Sole proprietor.** Enter your individual name as shown on your income tax return on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name/disregarded entity name" line.

**Partnership, C Corporation, or S Corporation.** Enter the entity's name on the "Name" line and any business, trade, or "doing business as (DBA) name" on the "Business name/disregarded entity name" line.

**Disregarded entity.** Enter the owner's name on the "Name" line. The name of the entity entered on the "Name" line should never be a disregarded entity. The name on the "Name" line must be the name shown on the income tax return on which the income will be reported. For example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a domestic owner, the domestic owner's name is required to be provided on the "Name" line. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on the "Business name/disregarded entity name" line. If the owner of the disregarded entity is a foreign person, you must complete an appropriate Form W-8.

**Note.** Check the appropriate box for the federal tax classification of the person whose name is entered on the "Name" line (Individual/sole proprietor, Partnership, C Corporation, S Corporation, Trust/estate).

**Limited Liability Company (LLC).** If the person identified on the "Name" line is an LLC, check the "Limited liability company" box only and enter the appropriate code for the tax classification in the space provided. If you are an LLC that is treated as a partnership for federal tax purposes, enter "P" for partnership. If you are an LLC that has filed a Form 8832 or a Form 2553 to be taxed as a corporation, enter "C" for C corporation or "S" for S corporation. If you are an LLC that is disregarded as an entity separate from its owner under Regulation section 301.7701-3 (except for employment and excise tax), do not check the LLC box unless the owner of the LLC (required to be identified on the "Name" line) is another LLC that is not disregarded for federal tax purposes. If the LLC is disregarded as an entity separate from its owner, enter the appropriate tax classification of the owner identified on the "Name" line.

**Other entities.** Enter your business name as shown on required federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name/ disregarded entity name" line.

**Exempt Payee**

If you are exempt from backup withholding, enter your name as described above and check the appropriate box for your status, then check the "Exempt payee" box in the line following the "Business name/ disregarded entity name," sign and date the form.

   Generally, individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends.

**Note.** If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.

   The following payees are exempt from backup withholding:
   1. An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2),

   2. The United States or any of its agencies or instrumentalities,

   3. A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities,

   4. A foreign government or any of its political subdivisions, agencies, or instrumentalities, or

   5. An international organization or any of its agencies or instrumentalities. Other payees that may be exempt from backup withholding include:

   6. A corporation,

   7. A foreign central bank of issue,

   8. A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States,

   9. A futures commission merchant registered with the Commodity Futures Trading Commission,

   10. A real estate investment trust,

   11. An entity registered at all times during the tax year under the Investment Company Act of 1940,

   12. A common trust fund operated by a bank under section 584(a),

   13. A financial institution,

   14. A middleman known in the investment community as a nominee or custodian, or

   15. A trust exempt from tax under section 664 or described in section 4947.
   The following chart shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 15.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
| --- | --- |
| Interest and dividend payments | All exempt payees except for 9 |
| Broker transactions | Exempt payees 1 through 5 and 7 through 13. Also, C corporations. |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 5 |
| Payments over $600 required to be reported and direct sales over $5,000 [1] | Generally, exempt payees 1 through 7 [2] |

1 See Form 1099-MISC, Miscellaneous Income, and its instructions.
2 However, the following payments made to a corporation and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, gross proceeds paid to an attorney, and payments for services paid by a federal executive agency.

**Part 1.Taxpayer Identification Number (TIN)**

**Enter your TIN in the appropriate box.** If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see *How to get a TIN* below.

   If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

   If you are a single-member LLC that is disregarded as an entity separate from its owner (see *Limited Liability Company (LLC)* on page 2), enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

**Note.** See the chart on page 4 for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local Social Security Administration office or get this form online at *www.ssa.gov.* You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at *www.irs.gov/businesses* and clicking on Employer Identification Number (EIN) under Starting a Business. You can get Forms W-7 and SS-4 from the IRS by visiting IRS.gov or by calling 1-800-TAX-FORM (1-800-829-3676).

   If you are asked to complete Form W-9 but do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note.** Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

**Caution:** *A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.*

**Part II. Certification**
To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if item 1, below, and items 4 and 5 on page 4 indicate otherwise.

   For a joint account, only the person whose TIN is shown in Part I should sign (when required). In the case of a disregarded entity, the person identified on the "Name" line must sign. Exempt payees, see *Exempt Payee* on page 3.

**Signature requirements.** Complete the certification as indicated in items 1 through 3, below, and items 4 and 5 on page 4.

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.**You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

### What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
| --- | --- |
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. Sole proprietorship or disregarded entity owned by an individual | The owner [3] |
| 6. Grantor trust filing under Optional Form 1099 Filing Method 1 (see Regulation section 1.671-4(b)(2)(i)(A)) | The grantor* |

| For this type of account: | Give name and EIN of: |
| --- | --- |
| 7. Disregarded entity not owned by an individual | The owner |
| 8. A valid trust, estate, or pension trust | Legal entity [4] |
| 9. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 10. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 11. Partnership or multi-member LLC | The partnership |
| 12. A broker or registered nominee | The broker or nominee |
| 13. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 14. Grantor trust filing under the Form 1041 Filing Method or the Optional Form 1099 Filing Method 2 (see Regulation section 1.671-4(b)(2)(i)(B)) | The trust |

1. List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.
2. Circle the minor's name and furnish the minor's SSN.
3. You must show your individual name and you may also enter your business or "DBA" name on the "Business name/disregarded entity" name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.
4. List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships* on page 1.
   *Note. Grantor also must provide a Form W-9 to trustee of trust

**Note.** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

### Secure Your Tax Records from Identity Theft

Identity theft occurs when someone uses your personal information such as your name, social security number (SSN), or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:
• Protect your SSN,
• Ensure your employer is protecting your SSN, and
• Be careful when choosing a tax preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity or credit report, contact the IRS Identity Theft Hotline at 1-800-908-4490 or submit Form 14039.

For more information, see Publication 4535, Identity Theft Prevention and Victim Assistance.

Victims of identity theft who are experiencing economic harm or a system problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to phishing@irs.gov. You may also report misuse of the IRS name, logo, or other IRS property to the Treasury Inspector General for Tax Administration at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at: spam@uce.gov or contact them at www.ftc.gov/idtheft or 1-877-IDTHEFT (1-877-438-4338).

Visit IRS.gov to learn more about identity theft and how to reduce your risk.

### Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons (including federal agencies) who are required to file information returns with the IRS to report interest, dividends, or certain other income paid to you; mortgage interest you paid; the acquisition or abandonment of secured property; the cancellation of debt; or contributions you made to an IRA, Archer MSA, or HSA. The person collecting this form uses the information on the form to file information returns with the IRS, reporting the above information. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and to cities, states, the District of Columbia, and U.S. possessions for use in administering their laws. The information may also be disclosed to other countries under a treaty, to federal and state agencies to enforce civil and criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. You must provide your TIN whether or not you are required to file a tax return. Under section 3406, payers must generally withhold a percentage of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to the payer. Certain penalties may also apply for providing false or fraudulent information.