STATE OF LOUISIANA       :
                         :
PARISHES OF LAFOURCHE:
   AND/OR TERREBONNE:

    KNOW ALL MEN BY THESE PRESENTS, THAT:

    WHEREAS, under date of June 3, 1935, the LaTerre Company, Inc., a corporation of the State of Delaware, and authorized to do business in the State of Louisiana, executed an oil and gas lease to George B. Conover, covering the following described land lying in Lafourche Parish, Louisiana, to-wit:

    Section 1; $NW\frac{1}{4}$ of $NE\frac{1}{4}$ and $E\frac{1}{2}$ of $E\frac{1}{2}$;
    Section 12; $NE\frac{1}{4}$ of $NE\frac{1}{4}$;
    Section 13; $NW\frac{1}{4}$ of $SE\frac{1}{4}$ East of Bayou Chien;
        and $E\frac{1}{2}$ of $E\frac{1}{2}$;
    Section 24; $E\frac{1}{2}$ of $NE\frac{1}{4}$ and $SW\frac{1}{4}$ of $NE\frac{1}{4}$ and $SE\frac{1}{4}$
        and $SW\frac{1}{4}$ East of Bayou Chien;
    Section 25; $E\frac{1}{2}$ of $E\frac{1}{2}$ East of Bayou Chien;
    Section 36; $E\frac{1}{2}$ of $E\frac{1}{2}$,
    All in Township 20 South, Range 20 East;

    All of Sections 1 to 15 inclusive, all of Sections 17 to 36 inclusive; Township 20 South, Range 21 East;

    Section 6; $W\frac{1}{2}$ of $E\frac{1}{2}$ and $W\frac{1}{2}$;
    Section 7; All;
    Section 8; $W\frac{1}{2}$ of $SW\frac{1}{4}$;
    Section 17; $W\frac{1}{2}$ of $SE\frac{1}{4}$ and $W\frac{1}{2}$;
    Section 18; All;
    Section 19; All;
    Section 20; All;
    Section 28; $W\frac{1}{2}$ of $W\frac{1}{2}$;
    Sections 29, 30, 31 and 32; All;
    Section 33; $W\frac{1}{2}$,
    All in Township 20 South, Range 22 East;

which said lease was recorded in Vol. 73 at page 435 of the Conveyance Records of Lafourche Parish, Louisiana; and,

    WHEREAS, under date of June 10, 1935, George B. Conover, the lessee in the aforementioned lease, executed an assignment of said lease to The Texas Company, a corporation of the State of Delaware, and authorized to do business in the State of Louisiana, which said assignment was recorded in Vol. 73 at page 439 of the Conveyance Records of Lafourche Parish, Louisiana; and,

    WHEREAS, the said The Texas Company, assignee of the rights of lessee in the land described above, is still the holder of such lease rights in said land, except as affected by subsequent agreements with the LaTerre Company, Inc., lessor; and,

WHEREAS, under date of November 12, 1928, The Louisiana Land & Exploration Company, a corporation of the State of Maryland, authorized to do business in the State of Louisiana, entered into a contract with The Texas Company for the development and operation for oil, gas and sulphur on lands in the Parishes of Terrebonne, Lafourche, Jefferson, Plaquemines, St. Charles and St. John the Baptist, in the State of Louisiana, which contract was ~~extended~~ *amended* and *supplemented* ~~and readopted~~ by the said parties ~~as to certain selected lands~~ by ~~the extension~~ agreement of November 7, 1938, under which The Texas Company is at present furthering the mineral development of The Louisiana Land & Exploration Company's lands in the aforementioned parishes selected for such development by the said 1938 contract, which include the land for which the present boundary agreement is made by The Louisiana Land & Exploration Company; and,

WHEREAS, a survey has been completed by J. A. Lovell, Civil Engineer, fixing the South boundary line of Township 19 South, Range 21 East, and the North boundary line of Township 20 South, Range 21 East, situated in either Lafourche or Terrebonne Parish, Louisiana, or in both, the findings of which survey are set forth on the plat attached hereto and made a part hereof; and,

WHEREAS, the LaTerre Company, Inc., and The Louisiana Land & Exploration Company, wish to settle the boundary line existing between them, and have agreed between themselves to accept the results of the survey by J. A. Lovell as correct for the purpose of settling the boundary line between their respective properties, only in so far as it affects the land in Township 19 South, Range 21 East, and Township 20 South, Range 21 East;

NOW, THEREFORE, it is agreed by and between the LaTerre Company, Inc., and The Louisiana Land & Exploration Company, the owners of the land on which the boundary is to be fixed by the present agreement, and The Texas Company, holder of the rights as lessee on both

- 2 -

tracts of land between which the boundary line is to be fixed, that the aforesaid boundary line be and is fixed as follows:

> Beginning at the Northeast corner of Township 20 South, Range 21 East, which point is also the Southeast corner of Township 19 South, Range 21 East, and is marked with a concrete post as described above, from which an oil well known as The Texas Company "LaTerre Company" No. 2 bears South 1 degree 53 minutes East 995.9 feet; another oil well known as The Texas Company "Louisiana Land & Exploration Company" No. 2 bears North 4 degrees 06 minutes West 1049.4 feet; and a cement barrel located in the South boundary line of Township 19 South, Range 22 East near the East bank of Bayou Lafourche bears East 5269.74 feet;
> Thence run West from the point of beginning described above, on the North boundary line of Township 20 South, Range 21 East and the South boundary line of Township 19 South, Range 21 East as established by the said J. A. Lovell, 6500 feet to one of the concrete posts described above, from which an oil well known as The Texas Company "LaTerre Company" No. 1 bears South 44 degrees 09 minutes East 2438 feet; Thence continue West on a straight line to Catfish Lake, 6947 feet from the place of beginning; Thence continue West on a straight line to one of the concrete posts described above, set on the West bank of Catfish Lake 16682 feet from the place of beginning; Thence continue West on a straight line to another one of the concrete posts described above, near the West bank of Bayou L'Eau Bleu 18954.7 feet from the place of beginning; Thence continue West on a straight line a total distance of 32100.4 feet from the place of beginning to the Southwest corner of Township 19 South, Range 21 East and the Northwest corner of Township 20 South, Range 21 East, which is marked with another one of the concrete posts described above as set by said J. A. Lovell, Civil Engineer, and from which concrete post another 6 inch by 6 inch by 6 foot concrete post set by J. A. Lovell, Civil Engineer, bears South 1125.5 feet, and another 6 inch by 6 inch by 4 foot concrete post set by J. A. Lovell, Civil Engineer, near the West bank of Bayou Pointe Aux Chien bears South 78 degrees 25 minutes West 5605.5 feet.

It is the purpose of this Agreement to establish only the North boundary of Township 20 South, Range 21 East, which is the South boundary of Township 19 South, Range 21 East.

The parties hereto now attach to this contract, and make a part hereof, the aforesaid plat prepared after survey by J. A. Lovell, showing said properties and said boundary lines, the latter being marked red; which said plat has been identified with

- 3 -

this instrument by the parties hereto initialing the reverse thereof.

It is now recognized by the parties hereto that every one of the concrete posts referred to in the foregoing description have been driven into the ground and are physically in place at the proper and correct corners; and that it is their intention that said posts, anything herein contained to the contrary notwithstanding, shall control the lines herein agreed to.

The parties hereto declare that great uncertainty exists as to the aforesaid division lines, and in order to avoid further dispute and once and forever set the matter at rest, the parties hereto have agreed to permanently fix and establish said boundary lines in accordance with the survey hereinabove referred to, and have adopted the lines hereinabove set out in detail as the boundary lines between the properties above mentioned, whether or not the same be the true lines as fixed by the Government Surveys.

It is expressly understood and agreed that the adjustment of said boundary line as herein provided is limited to the fixing of the rights of the respective parties hereto only, and shall not be binding upon or used against the parties hereto by any other persons or bodies corporate for any purposes whatsoever.

IN WITNESS WHEREOF, the said parties have hereunto subscribed their names this 29th day of November, 1940, in the presence of the undersigned competent witnesses.

WITNESSES:

W. J. Hanley
J. D. Elson Jr.
Thelma E. Lee
Marion Constans
W. J. Hanley
J. D. Elson Jr.

LATERRE COMPANY, INC.
By: Carle L. Peters, President

THE LA. LAND & EXPLORATION CO.
By: _____ Vice-President

THE TEXAS COMPANY
By: _____ Vice-President

- 4 -

Form PO 256 3-39 2M

STATE OF Louisiana
Parish OF Orleans

BE IT KNOWN, That on this 6th day of January, 19 41, before me, the undersigned authority, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared Paul J. Learhon, Vice-Pres. of The La. Land & Exploration Co., to me well known, and known to be such Vice President of The La. Land & Exploration Company, and executed the foregoing instrument, and thereupon the said Paul J. Learhon, as such Vice-President acknowledged that he had signed and executed the same as his act and deed, and as the act and deed of the said corporation, for the consideration, uses and purposes and on the terms and conditions therein mentioned and in his said capacity.

And the said Paul J. Learhon, being by me first duly sworn, did depose and say that he is the Vice President of The La. Land & Exploration Co. and that he had signed and executed said instrument in his capacity, and under authority of the Board of Directors of said corporation.

Thus done and passed in the Parish of Orleans, State of Louisiana, on the day and date first hereinabove written, and in the presence of Thelma E. Lee and Marion Constans, competent witnesses, who have hereunto subscribed their names as such, together with said appearer and me, said authority, after due reading.

Witnesses:
Thelma E. Lee
Marion Constans

[signature: Paul J. Learhon]

Notary Public in and for the Parish of Orleans, State of Louisiana.

---

Form PO 256 3-39 2M

STATE OF New York
County OF New York

BE IT KNOWN, That on this 29th day of November, 19 40, before me, the undersigned authority, and in the presence of the witnesses hereinafter named and appeared R. Ogarrio of The Texas Company, to me well known, and known to be such Vice President of The Texas Company, R. Ogarrio, as such Vice President, and executed the foregoing instrument, and thereupon the said acknowledged that he had signed and executed the same as his act and deed, and as the act and deed of the said corporation, for the consideration, uses and purposes and on the terms and conditions therein mentioned and in his said capacity.

And the said R. Ogarrio, being by me first duly sworn, did depose and say that he is the Vice President of The Texas Company and that he had signed and executed said instrument in his capacity, and under authority of the Board of Directors of said corporation.

Thus done and passed in the County of New York, State of New York, on the day and date first hereinabove written, and in the presence of W. J. Hanley and J. D. Elson, Jr., competent witnesses, who have hereunto subscribed their names as such, together with said appearer and me, said authority, after due reading.

Witnesses:
W. J. Hanley
J. D. Elson Jr.

[signature: R. Ogarrio]

Walter D. Kelly
Notary Public in and for the County of New York, State of New York.

E-on PO 256 3-39 2M

STATE OF _New York_
County of _New York_ }

BE IT KNOWN, That on this _29th_ day of _November_, 19_40_, before me, the undersigned authority, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared _Earle L. Peters_ of _LaTerre Company, Inc._, to me well known, and known to be such _President_ of _LaTerre Company, Inc._ _Earle L. Peters_, and executed the foregoing instrument, and thereupon the said _Earle L. Peters_, as such _President_ acknowledged that he had signed and executed the same as his act and deed, and as the act and deed of the said corporation, for the consideration, uses and purposes and on the terms and conditions thereof mentioned and in his said capacity.

And the said _Earle L. Peters_, being by me first duly sworn, did depose and say that he is the _President_ of _LaTerre Company, Inc._ and that he had signed and executed said instrument in his capacity, and under authority of the Board of Directors of said corporation.

Thus done and passed in the _County_ of _New York_, State of _New York_, on the day and date first hereinabove written, and in the presence of _W. J. Hanley_ and _J. D. Elson, Jr._, competent witnesses, who have hereunto subscribed their names as such, together with said appearer and me, said authority, after due reading.

Witnesses:
_W. J. Hanley_
_J. D. Elson Jr._

_Earle L. Peters_

_Walter D. Kelly_
Notary Public in and for the _County_
of _New York_, State of _New York_







