*C.B. 372 p. 267*

250583

STATE OF LOUISIANA

PARISH OF LAFOURCHE

### AGREEMENT

THIS AGREEMENT made and entered into as of the 23rd day of August, 1965, by and between LA-TERRE CO., INC., a Delaware corporation duly qualified in Louisiana (hereinafter called "La-Terre"), and THE LOUISIANA LAND AND EXPLORATION COMPANY, a Maryland corporation duly qualified in Louisiana (hereinafter called "LL&E");

### W I T N E S S E T H:

WHEREAS, La-Terre represents that it is the owner of the following described property, together with other property, situated in Lafourche Parish, Louisiana, to-wit:

TOWNSHIP 20 SOUTH, RANGE 20 EAST:

Section 25 - $E\frac{1}{2}$ of $E\frac{1}{2}$, East of Bayou Point-au-Chien;
Section 36 - $E\frac{1}{2}$ of $E\frac{1}{2}$;

TOWNSHIP 20 SOUTH, RANGE 21 EAST:

Section 25 - All;
Section 26 - All;
Section 27 - All;
Section 28 - All;
Section 29 - All;
Section 30 - All;
Section 31 - All;
Section 32 - All;
Section 33 - All;
Section 34 - All;
Section 35 - All;
Section 36 - All;

TOWNSHIP 20 SOUTH, RANGE 2[2 EAST]:

Section 29 - All;
Section 30 - All;
Section 31 - All;
Section 32 - All;

and

250583

WHEREAS, LL&E represents that it is the owner of the following described property, together with other property, situated in Lafourche Parish, Louisiana, to-wit:

TOWNSHIP 21 SOUTH, RANGE 21 EAST:

Section  1 - All;
Section  2 - All;
Section  3 - All;
Section  4 - All;
Section  5 - All;
Section  6 - All;
Section  7 - All;
Section  8 - All;
Section  9 - All;
Section 10 - All;
Section 11 - All;
Section 12 - All;

TOWNSHIP 21 SOUTH, RANGE 22 EAST:

Section  5 - All;
Section  6 - All;
Section  7 - All;
Section  8 - All;

and

WHEREAS, a controversy has arisen between the parties hereto with respect to the location of the various boundaries separating some of their aforesaid respective properties; and

WHEREAS, the parties desire to adjust, compromise and settle their differences and dispose of said controversy in the manner hereinafter set forth;

NOW, THEREFORE, in consideration of the premises and the mutual covenants herein contained, and in order to settle and compromise their differences with respect to the matters herein set forth, the parties have agreed and do hereby agree as follows, to-wit:

1. The following described property (hereinafter called "Mutual Property") shall be owned in indivision by the parties hereto, in the proportions of an undivided sixty (60%) per cent interest therein by LL&E and an undivided forty (40%)

-2-

250583

per cent interest therein by La-Terre, as follows, to-wit:

> A certain tract of land situated in the Parish of Lafourche, State of Louisiana, and more particularly described as follows, to-wit:
>
> Beginning at a point having Lambert Grid Coordinate values of $X=2,305,661.45$ and $Y=226,720.21$, said point bearing South $68°57'26"$ West a distance of 10,649.13 feet from U.S.C. & G.S. Triangulation Station "Rack, 1934," said station having Lambert Grid Coordinate values of $X=2,315,600.42$ and $Y=230,543.95$; thence, North $1°00'00"$ West a distance of 5,687.46 feet to a point, said point having Lambert Grid Coordinate values of $X=2,305,562.19$ and $Y=232,406.80$; thence, North $88°38'34"$ East a distance of 30,113.62 feet to a point, said point having Lambert Grid Coordinate values of $X=2,335,667.36$ and $Y=233,120.09$; thence, South $3°08'53"$ West a distance of 637.32 feet to a point, said point having Lambert Grid Coordinate values of $X=2,335,632.36$ and $Y=232,483.73$; thence, South $2°14'08"$ East a distance of 3,964.00 feet to a point, said point having Lambert Grid Coordinate values of $X=2,335,786.99$ and $Y=228,522.75$; thence, South $86°34'33"$ West a distance of 30,179.42 feet to the point of beginning.
>
> All bearings and all coordinates set forth herein are based on State Plane Lambert Grid, Louisiana, South Zone.

and in order to effectuate such agreement, LL&E does hereby grant, bargain, sell, convey, assign, set over and deliver unto La-Terre forty (40%) per cent of the right, title and interest of LL&E in and to said Mutual Property; and La-Terre does hereby grant, bargain, sell, convey, assign, set over and deliver unto LL&E sixty (60%) per cent of the right, title and interest of La-Terre in and to said Mutual Property;

  2. The exterior boundaries of the aforesaid Mutual Property shall constitute the boundaries of other property owned separately by the parties, as follows, to-wit:

> (a) The western boundary of said Mutual Property shall be and the same is hereby fixed and

-3-

250583

established as the eastern boundary of the southern portion of the hereinabove described property owned by La-Terre in Township 20 South, Range 20 East;

(b) The northern boundary of said Mutual Property shall be and the same is hereby fixed and established as the southern boundary of the remaining property owned by La-Terre in Township 20 South, Range 21 East;

(c) The eastern boundary of said Mutual Property shall be and the same is hereby fixed and established as the western boundary of the southern portion of the hereinabove described property owned by La-Terre in Township 20 South, Range 22 East, and also as the western boundary of the northern portion of the hereinabove described property owned by LL&E in Township 21 South, Range 22 East; and

(d) The southern boundary of said Mutual Property shall be and the same is hereby fixed and established as the northern boundary of the remainder of the hereinabove described property owned by LL&E in Township 21 South, Range 21 East;

and the parties hereto declare that, in order to avoid any dispute, controversy or uncertainty as to the aforesaid boundary lines, and in order to immediately and forever put such matters at rest, they have agreed and do hereby permanently fix and establish the aforesaid boundary lines in accordance with this agreement and have adopted said lines as the boundary lines be-

-4-

250583

tween the properties above mentioned, whether or not the same be the true lines as fixed by the government surveys; and the parties do further hereby make such conveyances and transfers unto each other as may be necessary to effectuate this agreement.

3. All transfers and conveyances made herein are made without any warranty whatsoever but with full rights of substitution and subrogation.

4. The parties hereto shall cooperate with each other with respect to the administration, control, possession and development of said Mutual Property, and each of them does further agree, upon request by the other party, to join in the negotation for and execution of any lease pertaining to the development of the oil, gas or other minerals in, on or under said Mutual Property, and any amendment thereto or extension thereof, which contains such terms and conditions as may be reasonable at the time and under the circumstances then prevailing.

5. It is expressly understood and agreed that this agreement, and the adjustment of the boundary lines as hereinabove set forth, is limited to the fixing of the rights of the respective parties hereto and their respective successors and assigns, and that this agreement is not executed for the benefit of any third party whatsoever and shall not be binding upon or used against either of the parties hereto, or their respective successors and assigns, in any controversy with any other party, for any purpose whatsoever.

IN WITNESS WHEREOF, this agreement is executed by the parties hereto as of the day and date hereinabove first written, in the presence of the undersigned competent witnesses.

WITNESSES:

*Florence Pontelle*

*Norma J. Estel*

LA-TERRE CO., INC.

By: *Richard H. Peters*
      as President

*C S Garland*

*Maxine Bass*

THE LOUISIANA LAND AND
EXPLORATION COMPANY

By: *John S Phillips*

-6-

250583

STATE OF OHIO

COUNTY OF LUCAS

On this 23rd day of August, 1965, before me appeared RICHARD H. PETERS, to me personally known, who, being by me duly sworn, did say that he is the President of LA-TERRE CO., INC., a Delaware corporation, that the seal affixed to the foregoing instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said appearer acknowledged said instrument to be the free act and deed of said corporation.

                                                  _____
                                                       NOTARY PUBLIC

                                                    HARLEY A. WATKINS ATTORNEY AT LAW
                                                       NOTARY PUBLIC — STATE OF OHIO
                                                  MY COMMISSION HAS NO EXPIRATION DATE
                                                              SECTION 147.03 R.C.

STATE OF LOUISIANA

PARISH OF ORLEANS

On this 7th day of September, 1965, before me appeared John G. Phillips, to me personally known, who, being by me duly sworn, did say that he is the Executive Vice President of THE LOUISIANA LAND AND EXPLORATION COMPANY, a Maryland corporation, that the seal affixed to the foregoing instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said appearer acknowledged said instrument to be the free act and deed of said corporation.

                                                  _____
                                                  NOTARY PUBLIC

FILED FOR RECORD

SEP 11   9 25 AM '65

CLERK OF COURT
PARISH OF
LAFOURCHE, LA.

-7-

**STATE OF LOUISIANA**
**PARISH OF LAFOURCHE**

I HEREBY CERTIFY that the within and foregoing is a true copy of the original on file in this office and recorded September 11, 1965 at 7:25 A.M. Con. Book No. 342 F lio 264 et seq., Entry No. 250.583
Office of Clerk of Court and Recorder, Thibodaux, La. August 8, 1969

_____
Clerk of Court