LAW OFFICES
# DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS
*(A Professional Law Corporation)*
101 WILSON AVENUE
P.O. BOX 3017
HOUMA, LOUISIANA 70361

JAMES M. FUNDERBURK
SIDNEY C. SUNDBERY
C. BERWICK DUVAL, II
CLAYTON E. LOVELL
STANWOOD R. DUVAL
KATHRYN W. RICHARD

CLAUDE B. DUVAL
(1914-1986)

Area Code 985
Telephone 876-6410
Fax 851-1490
www.duvallawfirm.com
(see website for e-mail addresses)

OF COUNSEL
WILLIAM S. WATKINS

August 22, 2013

Ms. Elizabeth M. Smyers
Brown Greer, PLC
115 S. 15th Street, Suite 400
Richmond, VA 23219-4209

Via E-Mail Only: bsmyers@browngreer.com

Re: Apache Louisiana Minerals, LLC
Claimant ID: 100176960

Dear Beth:

I have a few questions regarding the Apache Louisiana Minerals, LLC claim that I would appreciate if you could answer them for me. They are as follows:

1. For Claim I.D. 174112 in Terrebonne Parish, Apache requested reconsideration on June 4, 2013. Do you have any idea as to approximately how long the reconsideration will take?

2. In reviewing the portal, the status on several claims says various things, and I have questions about what a few of those mean. For example:

    - For Claim I.D. 174189 in Cameron Parish, it states, "In mapping expert review for claims-on analysis." What does this mean?

    - For Claim I.D. 174458 in Plaquemines Parish, it states, "In wetlands expert review for parcel boundary analysis." What does this mean?

    - For Claim I.D. 174405 in Plaquemines Parish, it states, "In QA review." What does this mean?

3. For Claim I.D. 194965 in Cameron Parish, I am filing a reconsideration partly based on the ownership percentage. The eligibility notice paid us on an ownership percentage of 58.3333; however, as can be seen from the claim that we filed and the documents attached to that claim, the ownership percentage should be 77.8. (Attached is a copy of the reconsideration memo I uploaded.)

4. Likewise, for Claim I.D. 174559 in Plaquemines Parish, for which there is a reconsideration deadline of September 2, 2013, I will be filing a reconsideration because the eligibility notice paid us for only 58.3333 percent as an ownership percentage. We have no idea where this percentage was taken from, as Apache Louisiana Minerals owns 100 percent of its property in Plaquemines Parish. Furthermore, I note that the percentage on the eligibility notice with this claim is the same for the claim in the Cameron Parish noted above. Perhaps it is simply a mistake. I would greatly appreciate if you could look into these issues for me.

Your attention to this matter is greatly appreciated, and should you have any questions, please do not hesitate to call.

Sincerely,

STANWOOD R. DUVAL

SRD/pc

Enclosure

LAW OFFICES
**DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS**
*(A Professional Law Corporation)*
101 WILSON AVENUE
P.O. BOX 3017
HOUMA, LOUISIANA 70361

JAMES M. FUNDERBURK
SIDNEY C. SUNDBERY
C. BERWICK DUVAL, II
CLAYTON E. LOVELL
STANWOOD R. DUVAL
KATHRYN W. RICHARD

CLAUDE B. DUVAL
(1914-1986)

Area Code 985
Telephone 876-6410
Fax 851-1490
www.duvallawfirm.com
(see website for e-mail addresses)

OF COUNSEL
WILLIAM S. WATKINS

August 22, 2013

In Re:   Deepwater Horizon Claims Center
         Claimant: Apache Louisiana Minerals LLC
         Claimant ID: 100176960
         Claim ID: 194965

## SUPPORTING MEMORANDUM ON BEHALF OF APACHE LOUISIANA MINERALS LLC ("ALM") IN SUPPORT OF ITS REQUEST FOR RECONSIDERATION

This Memorandum is submitted on behalf of Apache Louisiana Minerals LLC ("ALM"). ALM received an Eligibility Notice dated July 24, 2013 in the amount of $116,413.75. ALM is a large property owner in Louisiana, and the property related to the above Eligibility Notice is located in Cameron Parish, Louisiana.

On page 8 of the Eligibility Notice, ALM was given a percentage of ownership of 58.3333333 percent in Section 5, "Pro-Rated Wetlands Real Property Compensation Amount." However, as can be seen from the Wetlands Real Property Claim filed and the documents submitted with the claim, the ownership percentage should be 77.8 percent. Furthermore, the 2010 real estate assessment shows that Apache Louisiana Minerals owns a 7/9 interest in all of the property. The 7/9 interest, obviously, equates to a 77.8 percentage of ownership. Therefore, ALM respectfully submits that its pro-rated wetlands real property compensation amount should be multiplied by 77.8 percent.

However, there is another issue that needs to be addressed. As a major landowner, ALM has a land management staff and GIS capabilities. ALM's staff has calculated the amount of oiled shoreline as per the Settlement Agreement, and their calculation exceeds the calculation of the Claims Administrator, as set forth in the Eligibility Notice.

Attached hereto as Exhibit "1" is a map prepared by ALM's staff indicating the amount of oiled and non-oiled shoreline as determined by ALM's staff. Please note that the ERMA maps were used to determine the oiled shoreline, and ALM's calculations are consistent with the Settlement Agreement. The map also shows the linear footage of the non-oiled shoreline and the

1

linear footage of the remaining shoreline (that is neither oiled nor non-oiled according to the ERMA SCAT data on the NOAA website).

Exhibit 12A to the Deepwater Horizon Economic and Property Damages Settlement is entitled "Compensation Framework for Wetlands Real Property Claims". Exhibit 12A, section 1B provides as follows, "Wetlands Real Property Claim Zone shall be defined as the blue shaded portions of the Wetlands Real Property Compensation Zone Map attached as appendix A." Section 1C provides, "eligible parcels shall be defined as parcels located within the Wetlands Real Property Claim Zone." Section 1D provides that an eligible parcel should be placed into one of two compensation categories, either compensation category A or compensation category B.

The Eligibility Notice states that there is an oiled primary area of 18,398.1 feet. However, as can be seen from Exhibit 1, there should be 0 feet of oiled primary area, and 21,015 linear feet of "non-oiled primary area". ALM, through undersigned counsel, has repeatedly requested the back-up information to determine how the Claims Administrator determined its measurement. To date, ALM has received nothing from the Claims Administrator that allows ALM to compare its calculations to that of the Claims Administrator.

It is important to recognize that the Settlement Agreement constitutes and reflects the compromise of disputed claims. It is the responsibility of the Settlement Program to faithfully apply the terms of the Settlement Agreement, based on the documents that are accepted as sufficient under the terms of that Agreement, and by the Claims Administrator. Central to the interpretation, implementation and application of the Settlement Agreement is the assurance of a "Claimant – friendly" process, under which the Program would afford Claimants with notice, information, assistance and opportunity to achieve the *maximum amount* of compensation to which it is entitled under the Settlement Framework that were negotiated.

It is clear that the intent of the Agreement was to ensure that a Claimant would be provided with the most favorable level of compensation afforded under the terms of the Settlement Framework.

It is submitted that the maps attached hereto accurately reflect the amount of shoreline impacted pursuant to exhibit 12 of the Settlement Agreement; therefore, this reconsideration should be granted and ALM's shoreline property as indicated on Exhibit "1" be included in calculating the compensation amount.

2

Your attention to this matter is greatly appreciated, and should you have any questions, please do not hesitate to call.

Respectfully submitted:

DUVAL, FUNDERBURK, SUNDBERY,
LOVELL & WATKINS

BY: _____
C. BERWICK DUVAL, II (5109)
STANWOOD R. DUVAL, (27732)
101 Wilson Avenue
Post Office Box 3017
Houma, Louisiana 70361
Phone: (985) 876-6410
Fax: (985) 851-1490
Email: berwick@duvallawfirm.com
Attorneys for Apache Louisiana Minerals LLC

3

