UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig<br>         "Deepwater Horizon" in the<br>         Gulf of Mexico, on<br>         April 20, 2010 | MDL No.  2179<br><br><br>SECTION: J |
| This Document Relates to:  13cv 01780 | Judge Barbier<br>Mag. Judge Shushan |

**MEMORANDUM IN SUPPORT OF AMENDED MOTION TO INTERVENE**

COMES NOW the Intervening Plaintiff, Denham Law Firm, PLLC, and would submit this, its *Memorandum in Support of its Amended Motion to Intervene*, and in support thereof would show as follows:

### 1.  Facts and Procedural History

1. Plaintiff, Town of State Line, Mississippi, Government, is an independent political subdivision of the State of Mississippi, which suffered economic damages as a result of the Oil Spill and due to the Spill's environmental devastation.  Denham Law Firm, PLLC, is now and during all times set forth in this action has been a duly licensed and organized law firm under the laws of the State of Mississippi.

2. On or about January 16th, 2013, the Plaintiff herein, namely the Town of State Line, Mississippi, employed the intervening Plaintiff, Denham Law Firm, for the performance of legal services, including but not limited to the research, investigation, drafting and filing of necessary legal documents on behalf of the Plaintiff, Town of State Line, in its claim for damages as a result of the Deepwater Horizon Oil Spill.  The Civil Cover Sheet filed for this case lists Denham Law Firm as the Town of State Line's legal

1

representative, and a counsel contact information form list multiple Denham Law Firm employees as proper contacts for this litigation.  Kristopher W. Carter, an attorney working for Denham Law Firm at the outset of this litigation and who is listed on the Civil Cover Sheet as legal counsel as well as on the counsel contact information form, along with many other employees of the Denham Law Firm, including Suzanne McCreedy and LaTasha Jackson, worked for a period of seven months on the Plaintiff's case, drafting and filing a presentment and filing of the complaint in this matter.

3. On or around, September 13, 2013, Mr. Carter ceased working for Denham Law Firm, and took the present case with him to his new law firm, Carter & Jordan, PLLC. Though Mr. Carter worked extensively on the Plaintiff's case while employed by Denham Law Firm and utilized other employees of Denham Law Firm while drafting a presentment and the complaint in this matter, he either never provided his employer, Denham Law Firm, with the contract signed by the duly appointed representative(s) of the Town of Leakesville or took the contract with him when he ceased working for Denham Law Firm, PLLC, and removed it from Denham Law Firm's computer system. Regardless, it is clear that a substantial amount of work was performed by Denham Law Firm for its client, Town of State Line, prior to being dismissed without cause.

4. During the course and scope of its representation of the Plaintiff, Denham Law Firm incurred substantial hard and soft costs as well as accumulated $957.50 in attorney fees for which it seeks to intervene and make claim.  Denham Law Firm is entitled to an attorney's lien on any and all funds recovered by the Plaintiff, Town of State Line, by Carter & Jordan, PLLC, in the amount of one half (½) of any contingent fee collected by Carter & Jordan, PLLC, after each firm has been reimbursed for its actual out-of-pocket

expenses. Denham Law Firm, PLLC, has conferred with counsel, Kristopher W. Cater, and he objects to this intervention.

### 2. Standard and Conclusion

4. To intervene as a matter of right, a motion to intervene must be "timely" and movant must 1) have a recognized interest in the subject matter of the primary lawsuit; 2) the interest must be one that might be impaired by disposition of the lawsuit; and 3) the interest must not be adequately protected by existing parties.[1]

5. In the state of Mississippi, there "is no statute fixing or regulating the lien of an attorney, or the enforcement thereof."[2] Instead, as outlined in *Stewart v. Flowers*, the Supreme Court of Mississippi has held that an attorney's lien on judgments belongs to the family of implied common law liens, and is as such engrafted on the common law.[3] Previous rulings in the fifth circuit, however, including the Southern District of Mississippi in *Thompson v. L.S. Womack*, support the enforcement of an attorney's lien by intervention,[4] and in *Halsell v. Turner*, the Mississippi Supreme Court stated that "[t]he rule in this state has always been that an attorney has a lien on the funds of his client for the services rendered in the proceeding by which the money was collected."[5]

6. There is no doubt that this case was originally handled by Denham Law Firm, by and through its employee at the time of the case's outset, Kristopher Carter. Denham Law

---

[1] *Hillside Enters. v. Carlisle Corp.*, 944 F. Supp. 793 (E.D. Mo. 1996); *Mausolf, et. al. v. Babbitt*, et. al., 85 F.3d 1295, 1299 (8th Cir. 1996); *United States of America v. Union Electric Co.*, 64 F.3d 1152, 1160 (8th Cir. 1995); *Mille Lacs Band of Chippewa Indians, et. al. v. State of Minnesota, et. al.*, 989 F.2d 994, 997 (8th Cir. 1993); *Fritts v. Niehouse*, 604 F. Supp. 823, 826 (W.D.Mo. 1984)
[2] *Collins v. Schneider*, 187 Miss. 1, 9 (Miss. 1939).
[3] *Stewart v. Flowers*, 44 Miss. 513, 519 (1871)
[4] See *Thompson v. L.S. Womack*, 2005 U.S. Dist. LEXIS 31692, *11 (S.D. Miss. Nov. 9, 2005); see also *United States Fidelity & Guaranty Co. v. Levy*, 77 F.2d 972 (5th Cir. Ala. 1935); *United States v. Brosseau*, 446 F. Supp. 2d 659 (N.D. Tex. 2006)

3

Firm filed the complaint on behalf of the Town of State Line. (See Exhibit "A"). Despite this, Mr. Carter never turned over his signed contract with the Plaintiff, and it is Denham Law Firm's understanding that he currently possesses the only copy of said contract. Regardless, there is also no doubt that during the course and scope of its representation of the Plaintiff, Denham Law Firm performed a substantial portion of the work in this matter and incurred substantial hard and soft costs, and thus has a recognized interest in the lawsuit not adequately protected by existing parties. As such, it is proper for Denham Law Firm to assert its right to protect an attorney lien in the amount of one half (½) of any contingent fee collected by Carter & Jordan, PLLC, on behalf of Plaintiff, Town of State Line, along with any other costs incurred, and for such other and further relief which the Court may deem appropriate.

WHEREFORE PREMISES CONSIDERED the Plaintiff respectfully requests that the Court GRANT their *Motion to Intervene*.

Respectfully submitted this the 14th day of July, 2015,

    TOWN OF STATE LINE
    BY: DENHAM LAW FIRM, PLLC

    BY:   /s/ Matthew P. Pavlov
           MATTHEW P. PAVLOV

---

[5]*Halsell v. Turner*, 84 Miss. 432, 36 So. 531, citing *Dunn v. Vannerson*, 8 Miss. 579, 7 Howard 579; *Pope v. Armstrong*, 11 Miss. 214, 3 S. & M. 214, 221; *Cage v. Wilkinson*, 11 Miss. 223, 3 S. & M. 223; *Stewart v. Flowers*, 44 Miss. 513, 518, 7 Am. Rep. 707.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of July, 2015.

/s/ Matthew P. Pavlov
MATTHEW P. PAVLOV

MATTHEW P. PAVLOV
Mississippi Bar No. 104540
DENHAM LAW FIRM, PLLC
424 Washington Avenue
Post Office Drawer 580
Ocean Springs, MS 39564
228.875.1234 Telephone
228.875.4553 Facsimile
matthew@denhamlaw.com