STATE OF LOUISIANA
PARISH OF CALCASIEU  } :  BE IT KNOWN:

  WHEREAS, it is recognized by the parties hereto, MATILDA GEDDINGS GRAY, hereinafter called "Gray", and THE LUTCHER & MOORE LUMBER COMPANY, hereinafter called "Company", that Township Fourteen (14) South, Range Eleven (11) West, La. Mer., Cameron Parish, Louisiana, has never been officially surveyed by public authority, and that it is only approximately three (3) miles wide East and West, instead of the standard Government Subdivision of six (6) miles East and West; and,

  WHEREAS, both parties hereto own lands in said Township Fourteen (14) South, Range Eleven (11) West, the land owned by Company being located around and adjacent to that owned by Gray, which is described in her titles as West half ($W\frac{1}{2}$) of Section Twenty-seven (27), and Northwest quarter ($NW\frac{1}{4}$) of Section Thirty-four (34), all in Township Fourteen (14) South, Range Eleven (11) West, and which, on account of the shortage East and West of said Township and Range, would contain only two hundred and forty (240) acres, instead of four hundred and eighty (480) acres under full regular Governmental township areas, and the location of which in said township and as regards the surrounding and adjacent lands, has never been fixed and agreed upon; and,

  WHEREAS, there are existing differences between said owners as to the location and boundaries of their respective lands in this township and range and the areas thereof; and,

  WHEREAS, said parties have agreed to compose and compromise their differences, as to location, area and boundaries, and a survey and plat has been made by Mr. Edwin L. Gorham, Civil Engineer, by agreement and mutual

consent of both parties, actually locating and fixing the boundaries of the land to be taken and accepted by Gray on the basis of said reduced acreage on account of said shortage in the East and West measurements of said Township; and,

WHEREAS, under said agreement of compromise, and in consideration of the final and definite fixing of the locations and boundaries of said properties, Company has further agreed to convey to Gray certain acreage adjoining her said land on the West, as located and fixed by said survey:

NOW, THEREFORE, in order to carry out their reciprocal agreements in the adjustment of their differences as to areas, location and boundaries, IT IS AGREED:

(1) That the West half (W½) of Section Twenty-seven (27), and the Northwest quarter (NW¼) of Section Thirty-four (34), in Township Fourteen (14) South, Range Eleven (11) West, is and shall be reduced in width East and West by one-half (1/2) on account of the shortage East and West existing in said Township, and that the actual physical location, description and area of said land (so reduced in area by this agreement) is and shall be as follows, to-wit:-

> Commencing at a point (marked by a one inch galvanized iron pipe) one (1) mile and 5160 feet North and one and one-half (1-1/2) miles West of the meander corner on the range line between Ranges ten (10) and eleven (11) in Township Fifteen (15) on Gulf Shore 2520 feet South of the Northeast corner of Section Twelve (12), Township Fifteen (15) South, Range Eleven (11) West (which beginning point is accepted by both parties hereto): thence North one-half (1/2) mile, thence East one-fourth (1/4) mile, thence South one-half (1/2) mile, thence West one-fourth (1/4) mile to point of beginning, containing eighty (80) acres;

> Also, commencing at a point (marked by a one inch galvanized iron pipe) two (2) miles and 2520 feet North and one and one-half (1-1/2) miles West of meander corner on range line between Ranges Ten (10) and Eleven (11) in Township Fifteen (15) on Gulf Shore 2520 feet South of the Northeast corner of Section Twelve (12), Township Fifteen (15) South, Range Eleven (11) West (which beginning point is accepted by both parties hereto): thence North one (1) mile, thence East one-fourth (1/4) mile, thence South one (1) mile, thence West one-fourth (1/4) mile to point of beginning, containing one hundred and sixty (160) acres.

-2-

That both parties hereto recognize and accept said location and area as herein described, and as shown on the plat attached hereto as a part hereof, as the location and area of the property called for in the titles of Gray, and that Company recognizes her ownership and possession thereof, and Gray disclaims and quitclaims to Company any other location for or area of lands called for in her said titles hereinabove referred to.

(2) That, in consideration of said agreement for the fixation of location and of boundaries of the hereinablve described property, and their acceptance by Gray, and in consummation of their compromise as to their differences in these regards, Company hereby sells, conveys and delivers, with full subrogation to all of its rights and actions of warranty against all former owners,, unto the said Gray, her heirs and assigns, the following described property situated in Cameron Parish, Louisiana, to-wit:

> Commencing at a point (marked by a one inch galvanized iron pipe) one (1) mile and 5160 feet North and one and one-half (1-1/2) miles West of meander corner on range line between Ranges Ten (10) and Eleven (11), Township Fifteen (15), 2520 feet South of the Northeast corner of Section Twelve (12), Township Fifteen (15) South, Range Eleven (11) West (which beginning point is accepted by both parties hereto): thence North one and one-half (1-1/2) miles along the West lines of the two tracts of eighty and one hundred and sixty acres, respectively, hereinabove described, thence West one-fourth (1/4) miles, thence South one and one-half (1-1/2) miles, and thence East one-fourth (1/4) mile to commencement, containing two hundred and forty (240) acres; all of which is shown on said plat attached hereto as part hereof.

(3) It is understood and agreed that neither party hereto warrants title or possession to the other, except insofar only as their respective acts are concerned.

IN TESTIMONY WHEREOF, witness the signature of
 in triplicate originals,
MATILDA GEDDINGS GRAY,/in the presence of undersigned, competent witnesses, at Lake Charles, Louisiana, on this, the 15th day of July, 1935.

WITNESSES:

Elsie Whitman

N. M. _____

Matilda Geddings Gray

-3-

IN TESTIMONY WHEREOF, witness the signature of
in triplicate originals,
THE LUTCHER & MOORE LUMBER COMPANY, a Texas corporation, authorized to do business in Louisiana, herein represented by _F. H. Farwell_, its _Vice President_, duly authorized, at Orange, Texas, in the presence of undersigned competent witnesses on this, the __19__ day of July, 1935.

WITNESSES:         THE LUTCHER & MOORE LUMBER COMPANY,

_Alberta Colburn_
_Evelyn Northcutt_         By _F. H. Farwell_

STATE OF LOUISIANA,

PARISH OF CALCASIEU.

On this __15th__ day of July, 1935, before me, undersigned authority, personally appeared MATILDA GEDDINGS GRAY, to me known to be the person described in and who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed.

_____
NOTARY PUBLIC

STATE OF TEXAS,

COUNTY OF ORANGE.

On this __19__ day of July, 1935, before me personally appeared __F. H. Farwell__, to me personally known, who being duly sworn, did say that he is the _Vice President_ of THE LUTCHER & MOORE LUMBER COMPANY, and the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said _F. H. Farwell_ acknowledged said instrument to be the free act and deed of said Corporation.

_____
NOTARY PUBLIC

-4-

254

Survey by agreement between Matilda Geddings Gray
And the Lutcher-Moore Lmbr. Co.
Of the W½ Sec. 27 and N.W. ¼ Sec. 34
T. 14 S. R. 11 W. La. Mer. S.D. Dist.

N.

S

T. 14 / T. 15

6/20/35
Surveyed by
E. L. Gorham
Civil Engr.
Lake Charles,
La.

Gulf of Mexico

M.C. Cor. set by Shotts & shown to Gorham.