LAW OFFICES

# DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS

*(A Professional Law Corporation)*
101 WILSON AVENUE
P.O. BOX 3017
HOUMA, LOUISIANA 70361

JAMES M. FUNDERBURK
SIDNEY C. SUNDBERY
C. BERWICK DUVAL, II
CLAYTON E. LOVELL
STANWOOD R. DUVAL
KATHRYN W. RICHARD

CLAUDE B. DUVAL
(1914-1986)

Area Code 985
Telephone 876-6410
Fax 851-1490
www.duvallawfirm.com
(see website for e-mail addresses)

OF COUNSEL
WILLIAM S. WATKINS

October 16, 2013

In Re:        Deepwater Horizon Claims Center
              Claimant: Apache Louisiana Minerals LLC
              Claimant ID: 100176960
              Claim ID: 174568

### RESPONSE TO BP'S SUPPLEMENTAL RESPONSE REGARDING
### CLAIM NO. 174568

Apache Louisiana Minerals LLC ("ALM") became aware of BP's Supplemental Response Regarding Claim No. 174568 filed herein, by noticing it on the portal. It appears that BP is under the impression it has the right to supplement its response at any time, without permission.

Regardless of the procedural machinations that BP has utilized, ALM takes this opportunity to file a brief response. BP has attached a recent decision of a three-judge Appeal Panel, which it contends confirms BP's position that there has been no waiver. Since the claims process is confidential by court order, ALM does not have the benefit of all underlying facts of that appeal. However, on its face the Written Reasons attached by BP are obviously inapposite to the issue in the ALM appeal. Apparently, in the appeal attached by BP, claims were filed by sister companies (obviously separate entities). The Appeal Panel held that the failure to appeal a sister company's claim did not waive any rights. In this case, BP failed to appeal an ALM claim, a release was signed and accepted by BP. Obviously a release by a sister company is not binding on another sister company. Equally as obvious, is that a release between the two parties directly involved in the issue, does waive rights. BP's argument is disingenuous.

BP secondly argues that the Appeal Panel in the attached appeal points out that the Claims Administrator shall determine the appropriate NAICS code *for the Claimant* and is not bound by the Claimant's code choice. The claimant in this case is ALM, not Apache. This argument militates in favor of ALM, as the proper NAICS code for it is obviously a land management company, which is not an excluded code. Therefore, according to BP's own argument, obviously the Claims Administrator determined that the proper NAICS code for ALM, is not excluded, which is the absolute correct result, especially considering the fact that Apache's NAICS codes is not excluded by Exhibit 17 of the Settlement Agreement. Furthermore, Section 2.2.4.5 of the Settlement Agreement provides, "Oil and Gas Industry, as identified in the NAICS codes listed in Exhibit 17, are excluded from the Settlement.

1

DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS

Exhibit 17 provides that the Claims Administrator shall determine the appropriate NAICS code for a Business Entity based on his review of (a) the NAICS code shown on a Business Entity Claimant's 2010 tax return, (b) business permits or license(s) (which are no longer required to be submitted), and/or (c) other evidence of the business's activities necessary for the Claims Administrator to determine the appropriate NAICS code. Obviously, the Claims Administrator determined that ALM's NAICS code was not contained in Exhibit 17, which makes sense considering it is a land management company.

Respectfully submitted:

**DUVAL, FUNDERBURK, SUNDBERY,
LOVELL & WATKINS**

BY: _____

**C. BERWICK DUVAL, II (5109)
STANWOOD R. DUVAL (27732)**
101 Wilson Avenue
Post Office Box 3017
Houma, Louisiana 70361
Phone: (985) 876-6410
Fax: (985) 851-1490
Email: berwick@duvallawfirm.com
Attorneys for Apache Louisiana Minerals LLC