LAW OFFICES
# DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS
*(A Professional Law Corporation)*
101 WILSON AVENUE
P.O. BOX 3017
HOUMA, LOUISIANA 70361

JAMES M. FUNDERBURK
SIDNEY C. SUNDBERY
C. BERWICK DUVAL, II
CLAYTON E. LOVELL
STANWOOD R. DUVAL
KATHRYN W. RICHARD

CLAUDE B. DUVAL
(1914-1986)

Area Code 985
Telephone 876-6410
Fax 851-1490
www.duvallawfirm.com
(see website for e-mail addresses)

OF COUNSEL
WILLIAM S. WATKINS

July 18, 2014

Mr. Jack M. Alltmont　　　　　　Via Email: jalltmont@dheclaims.com
Appeal Coordinator

　　　　　　　　Re:　Apache Louisiana Minerals LLC - BP Claim
　　　　　　　　　　　Claimant ID No: 100176960
　　　　　　　　　　　Claim IDs: 174112, 174256, 174405, 174480,
　　　　　　　　　　　174489, 174503, 174506, 174510, 174512,
　　　　　　　　　　　174516, 174520, 174524, 174526, 174528,
　　　　　　　　　　　174534, 174537, 174550, 174559, 174561,
　　　　　　　　　　　174565, 174568, 174578, 194965 and
　　　　　　　　　　　283742 (This Claim ID is in the Seafood
　　　　　　　　　　　Compensation Program all others are for Wetlands
　　　　　　　　　　　Real Property Claims)

Dear Mr. Alltmont:

　　　Please find the attached Request for Discretionary Court Review in reference to the above Claimant. I believe that I have referenced all claim IDs that were appealed by BP. In the event that I have accidently overlooked a claim, this Request is meant to apply to all of Apache Louisiana Minerals LLC's claims.

　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　STANWOOD R. DUVAL

SRD/jbl
Enclosure

July 18, 2014

Mr. Jack M. Alltmont  
Appeal Coordinator

Via Email: jalltmont@dheclaims.com

Re: Apache Louisiana Minerals LLC - BP Claim  
Claimant ID No: 100176960  
Claim ID: 174112 and all eligible claims

## REQUEST FOR DISCRETIONARY COURT REVIEW

Dear Mr. Alltmont:

Apache Louisiana Minerals LLC ("ALM") respectfully requests Discretionary Court Review of the recent decision of the en banc appeal panel ("EBP") finding that ALM is excluded from the Settlement Class. ALM is one of the largest coastal landowners in Louisiana (with 267,000 acres of affected property), and its sole business is the management and stewardship of that land, as exhaustively detailed in ALM's submissions to the EBP. The EBP's decision ignores ALM's arguments and evidence and is clearly erroneous. For the reasons set forth herein, the Court should grant Discretionary Review and reinstate the Claims Administrator's awards in favor of ALM.[1]

### COURT REVIEW IS NECESSARY AND APPROPRIATE

Discretionary Review is necessary to rectify at least two significant problems with the EBP's decision: (1) the EBP ruling excludes a business entity from the Settlement Class, based not on the activities of that entity but on those of its shareholders; and (2) it includes a claimant within the Settlement Class for some claims, but excludes it for others.

I. **The EBP's "Alter Ego" Rationale is Not Supported by the Facts, the Law or the Plain Language of the Settlement Agreement.**

---

[1] Prior to the en banc decision, ALM received an eligibility notice regarding its seafood (oyster) claim, which BP appealed. ALM assumes that the en banc decision will apply to that claim as well.

The EBP declared that ALM is excluded from the Settlement Class based on the activities of its sole unit holder, Apache Corporation ("Apache"). The EBP listed 24 "facts" on which it evidently relied, but those facts all related to *Apache*, not ALM. According to the EBP it is because ALM is the "alter ego" of Apache.[2] Amazingly, under the EBP's ruling the Claims Administrator must look not only at the entity filing the claim, but also its shareholders. This is entirely unsupported by the Settlement Agreement, and the EBP did not even bother to cite to any provision that might permit that level of inquiry (because there is none).[3]

Apache did not (and cannot, since it doesn't own any wetlands or oyster leases) file a claim. ALM, a separate legal entity with its own operations and management, is the claimant. ALM's manager, Tim Allen, submitted two affidavits that detail ALM's operations, yet, the EBP did not address the sworn affidavits at all.[4] That uncontroverted sworn evidence compels the opposite outcome.[5]

## II.   The EBP Did Not Even Address the Judicial Estoppel Argument That Was Fully Briefed by the Parties.

After taking approximately four months to decide this matter, the EBP completely failed to address ALM's judicial estoppel argument despite the fact that it was fully briefed by the parties. The Claims Administrator, *and even BP*, previously accepted *and paid* some of ALM's wetlands property claims, thereby recognizing ALM as an included member of the Settlement

---

[2] See page 7 of the EBP opinion. Significantly, the extensive settlement agreement does not mention the "alter ego" concept or "piercing the corporate veil," from which it derives, and ALM certainly did not know that it would need to put on evidence negating those theories.

[3] What if ALM were wholly owned by an individual, who happened to be the President of an oil and gas company? Would ALM be excluded on that basis? There simply is no language in the settlement that would allow this, and ALM is aware of no other situation in which the Claims Administrator (or appeal panel) has looked at the owners of an LLC or corporation to determine if that LLC or corporation should be excluded.

[4] See Tim Allen affidavits, document IDs 11763573 and 13035000.

[5] For example, ALM does not perform any of the activities listed in Exhibits 17 & 19 to the settlement agreement, which are the exhibits that list the excluded oil and gas industries and oil and gas support industries. ALM, like every other wetlands landowner in Louisiana (including the Class Representative), does execute mineral leases on its property so that other companies can explore for oil and gas on its property.

Class.[6] In connection with those claims, ALM *signed a release as required* and delivered it to the Claims Administrator.[7] Therefore, ALM has been accepted as a Class Member by the Claims Administrator and BP and *has been paid* as a Class Member. Due to the EBP decision, ALM finds itself in the Alice in Wonderland of legal status, whereby it has been paid as a Class Member under the terms of the Settlement Agreement, executed a release, but is now excluded from the very same class. If the EBP decision were to stand, ALM would have to pursue its claims in court, where BP will undoubtedly argue that ALM has already executed a release releasing all claims against BP. How can ALM not be a class member, when it has already executed a release in favor of BP and received payment for a wetlands claim?

## CONCLUSION

The EBP ruling completely relies on hearsay evidence regarding *Apache* (which has not filed a claim) to exclude *ALM* from the settlement, and in doing so, failed to address ALM's argument of judicial estoppel (which the Court has recognized in its order and reasons – see doc. #12055 filed on 12/24/13) and Tim Allen's affidavits. This necessitates judicial review as the Court must overturn the EBP decision; otherwise a claimant that owns several thousands of acres of wetlands along the Louisiana coast, has state-issued oyster leases, and whose sole business is the management of its land would be excluded from the settlement after previously being accepted and paid as a Class Member.

Sincerely,

*[signature]*

STANWOOD R. DUVAL

---

[6] For example, for one parcel of property in Plaquemines Parish, an Eligibility Notice issued bearing Claim ID number 174553. (See Doc. ID Number 11323695). BP accepted and did not in any way challenge or appeal the Eligibility Notice.

[7] See Doc. ID Number 12118116.