JOHN E. MATHES  6-29                                                                           FORM 21

## CREDIT SALE

No. ____ 100 _____

_____ June 21th, _____19 35__

# Sale of Property

BY

_____ JAMES WILKINSON _____

_____

TO

_____

___ THOMAS A. BEATROUS _____

_____

# United States of America,

## State of ___LOUISIANA_____

Parish or County of ___ORLEANS_____

**Be it Known,** That on this _____twenty-first_____day of
the Month of _____JUNE_____in the year of our Lord
one thousand nine hundred and __thirty-five_____and of the
Independence of the United States of America, the one hundred and

_Fifty-ninth._____

BEFORE ME, __HARRY NOWALSKY_____
a Notary Public, duly commissioned and qualified, in and for the city of
_____and the Parish (or County) of_____
therein residing, and in the presence of the witnesses hereinafter named
and undersigned:

## Personally Came and Appeared:

JAMES WILKINSON, a resident of the City of New
Orleans, who has been married twice, first to Mathe G. Spyker
who died in 1888 and second to Cecelia P. Wilkinson in February
1890 who still lives and resides with him in this city.

RECORDED PARISH OF PLAQUEMINES
ON THIS__27th__DAY OF _June_ 1955
IN C.O.B. No.__78__FOLIO _176_
OF THIS PARISH

_A.R. Lobrano_
Clerk of Court

RECORDED PARISH OF PLAQUEMINES
ON THIS__27th__DAY OF _June_ 1935
IN M.O.B. No.__16__FOLIO __262__
OF THIS PARISH

_A.R. Lobrano_
Clerk of Court

Who declare that _____he_____does  by these presents grant, bargain, sell, convey,
transfer, assign, setover, abandon and deliver, with all legal warranties and with full substitution and
subrogation in and to all the rights and actions of warranty which_____he_____
or may have against all preceding owners and vendors, unto_____

THOMAS A. BEATROUS, a resident of the Parish of
Iborville, who was married to Virtle Couvillion in 1923 and who
still lives and resides with him.

here present accepting, and purchasing for_himself____heirs and assigns, and acknowledging due
delivery and possession thereof, all and singular the following described property to-wit:

**First** - A CERTAIN TRACT OF LAND in the Parish of Plaquemines, West of the Mississippi River embracing part of Sections (17,20,29 and 32) Seventeen, Twenty, Twenty-nine and Thirty-two, in Township 18, South Range 25 East, and embracing part of Sections Five and Six and Seven (5 & 6 & 7) Township 19 Range 25 East in the South Eastern District of Louisiana West of the Mississippi River and more particularly described as follows:

Bounded on the farthest northern end by the lands of the Lafourche Basin Levee District or assigns out a small portion near the Southern end is bounded on the north by the lands, of the present vendor, bounded on the East by lands of the present Vendor and on the West by lands of the present Vendor and Lake Fire.

The northern portion of this tract lies on both side and equal distance from a north and south line extending through a "Hack Berry tree on the northeastern shore of Bayou Landry the East and West boundary lines being twenty hundred and Eighty Seven 50/100 (2087 50/100) feet apart, said boundary lines continuing in this direction until near a north west and south west diagonal line through Section Twenty nine (29) Township (18) Range 25 West.

The said boundary lines then changing to the direction north 21° 20" and containing at the same distance a part Twenty Hundred and Eighty Seven 50/100 (2087 50/100) feet between parallel lines until the boundary lines between Sections Twenty nine and Thirty two (29 & 32) is reached the boundary lines then changing in direction to North 20° 15" West until within the South west portion of Section 32 being at the same distance apart Twenty Hundred and Eighty Seven 50/100 (2087 50/100) feet. The direction of the boundary lines then change to the direction of north 21° 30" East containing at a distance apart between parallel lines of Twenty Six Hundred and forty (2640) feet. The Eastern boundary lines continuing in this direction until it reaches the lines of Section Eighty (8) Township Nineteen (19) Range 25 East and the Western boundary lines continuing in this direction for One Hundred and Twenty two 5/100 (122 5/100) chains, when it continues to the west twenty (20) chains then to the south twenty chains then to the west Eighty (8) chains, then South thirty (30) chains to Barataria Bay or arms thereof.

This tract being formost of the distance on both sides of Bayou Landry which is the first deep bayou to the East of Bayou St. Denis entering Barataria Bay or its contignous waters.

The above tract of land containing Eleven Hundred and Eighty-one (1181) acres as per map of C. Uncas Lewis, Surveyor appended hereto and made part hereof.

**Second** - An other tract of land adjoining and to the South of the proceeding described lands being fractional Section/ Eight (8) Township (19) South Range 25 East on the Eastern shore of Bayou Landry and bounded on the north by bayou Landry and lands of the present vendor or assigns on the south by Barataria Bay or the waters connecting therewith on the East by lands of the present vendors and on the west by Barataria Bay or its waters Bayou Landry and lands of the present vendor or assigns and containing three hundred and ninety 08/100 (390 08/100 acres, as per map of C. Uncas Lewis Surveyor appended hereto and made part hereof.

**Third** - A certain tract of land adjoining the foregoing first described lands on the west and comprising fractional Section Seven (7) in Township Nineteen (19) South Range 25 East and fractional Section Twelve (12) in Township Nineteen 19, Range 24 East and bounded on the north and west by lands of the present vendor or assigns, on the west by Bayou St. Denis on the South by Bay St. Denis and containing one hundred and Twenty-two 60/100 (122 60/100) acres as per map, by C. Uncas Lewis Surveyor and appended hereto and made part hereof.

All of the above mentioned tracts of lands, above described containing One Thousand Six Hundred and Ninety three 65/100 (1693 65/100) acres.

To have and to hold the above described property unto the said purchaser_ himself _____ heirs and assigns forever.

This sale is made and accepted for and in consideration of the price and sum of_____

_____ One Thousand and no/100 Dollars ($1,000.00) _____

in part payment and deduction whereof the said ____ purchaser _____ ha **s** well and

truly paid, in ready and current money, the sum of __Two Hundred and Fifty Dollars__

to the said__vendor_____who hereby acknowledge the receipt thereof and grant full acquittance and discharge therefor.

And for the balance of said purchase price to-wit: the sum of __Seven Hundred and__ __Fifty Dollars (750.00)__

the said purchaser has furnish __three (3)__ Promissory Notes each for the sum of __Two Hundred and Fifty Dollars ($250.00)__

dated __this 17th day of June__ and payable __to the order of himself and__ __by himself endorsed__

which said notes stipulate to bear interest at the rate of __Eight (8)__ per cent. per annum from __date__ until paid, and after having been paraphed *"Ne Varietur"* by me, Notary, to be herewith identified __Have been__ delivered to the said __vendor__ who hereby acknowledge the receipt thereof.

The purchaser hereby bind __himself__ to keep the buildings on above described property constantly insured against the risk of loss, by fire, and to transfer such insurance to the present vendor or any other holder or holders of above described note up to the full amount of such notes. Said purchaser hereby authorizing said vendor, or any future holder or holders of above described notes to cause said insurance to be effected on __his__ default, at a premium not exceeding_____per cent.

And in case it should become necessary to institute suit for the recovery of the amount of said notes or any part thereof, the said purchaser hereby bind and obligate __himself__ to pay the fees of the attorney at law who may be employed for that purpose, which fees are hereby fixed at __ten (10)__ per cent. on the amount sued for.

And now in order to secure the full and punctual payment of the said notes at maturity, together with all interest, costs, attorney's fees and premiums of insurance, special mortgage and vendor's lien and privilege are hereby retained and granted in favor of said vendor and of all future holder or holders of said notes on the property herein conveyed; which the said purchaser bind __himself__ not to sell, alienate or in any wise encumber to the prejudice of this act.

And here the said purchaser ----declares---- that __he____ does , by these presents, consent, agree and stipulate, that, in the event of said Promissory Notes and not being punctually paid at __their__ maturity, it shall be lawful for, and __he____ does hereby authorize the said vendor, or any other holder or holders thereof, to cause all and singular the said hereinbefore described and herein conveyed and mortgaged property to be seized sold (after due process of law) without appraisement, to the highest bidder, payable cash. The said __purchaser__ hereby confessing judgement in favor of said vendor, or any future holder or holders of said note.

All State and City taxes up to and including the taxes due and exigble in __1933__ are paid as per__ __certificate of mortgage attached and the taxes will__ __be paid of 1934 by vendor__

By reference to the certificate of the Register of Conveyances and Recorder of Mortgages in and for the Parish or County of __Plaquimines__ annexed_____

it does not appear that said property has been heretofore alienated by the__vendor_____ or that it is subject to any encumbrance whatever, __save as shown on said certificate.__

The parties to this act are aware of the fact that the mortgage and conveyance certificates herein referred to are open being now produced and relieve and release me, Notary, from all responsibility and liability in connection therewith.

In case the purchaser should become insolvent, or apply to the bankruptcy court to be adjudicated a bankrupt, or proceedings be instituted against said purchaser to put _____ in involuntary bankruptcy, or should any proceedings be taken against _____ looking to the appointment of a receiver or a syndic, or in case of non-payment of the mortgage note, or any of the mortgage notes executed by the said purchaser, or of any interest thereon, when due, or in case the purchaser fails to keep insurance or transfer the same and deliver the policies to the vendor, as aforesaid, or to pay the taxes or assessments, whether local or otherwise, before they become delinquent, or create, or suffer to be created, any other lien or charge superior in rank to the mortgage herein granted, or generally fail to do and perform any of the covenants herein contained, then in any of said events, the said mortgage note, or notes, in principal and interest, and all other indebtedness secured hereby shall, at the option of the holder of said mortgage note or notes, immediately become due and payable, anything to the contrary notwithstanding, and it shall be lawful for, and the purchaser herein does hereby authorize the vendor or any future holder of the mortgage note, or notes, to cause all and singular the property hereinabove described, to be seized and sold under executory process issued by any competent court, without appraisement, to the highest bidder for cash, the said purchaser hereby confessing judgment in favor of said vendor, or any future holder of the mortgage note, or notes, for the full amount thereof, together with all interest, attorney's fees, insurance premiums, costs and expenses.

The vendor hereby declares the mortgage of July 9th, 1928 recorded in favor of the Whitney Trust & Savings Bank Trustee for $7500.99 has been fully paid and he agrees that said notes be impounded in the hands of the Notary herein until the taxes of 1934 have been paid and said mortgage duly cancelled. It is further agreed that vendor will furnish any evidence necessary to evict squatters or trespassers on said property. The vendor reserves rights to previous rents due on property and both parties agree that the vendor will receive one-quarter of whatever royalties the purchaser receives from minerals actually produced from said property.

(This property was acquired by Theo. S. Wilkinson from the Buras Levee Board on September 15th, 1902, recorded September 19th, 1902, and by tax sale by vendor on May 20th, 1916. Recorded C.O.B. 50, page 1156.)

**Thus Done and Passed** in duplicate original in my office at New Orleans, Louisiana on the day, month and year herein first above written, in the presence of _____

_____ competent witnesses, who hereunto sign their names with the said appearers, and me, Notary, after reading of the whole.

WITNESSES:-

Notary Public.