| Pol-443 | CLAIMS ADMINISTRATOR'S APPROVED POLICY ||
|---|---|---|
| **I. Profile - EXTERNAL** |||
| Subject | Compensating Individual Parcels Aggregated Under a Single Tax Assessment ID ||
| Active Date | 9/18/13 | **Policy Impact** ☒All Claims Regardless of Active Date<br>☐All Claims Greater than Active Date |
| Type of Decision || Claims Administrator Decision |
| Settlement Agreement Reference || Exhibit 12A |
| Affected Claim Types and/or Review Processes || Wetlands |
| **II. Summary** |||
| Please see attached Final Policy Memo. |||

> **FINAL POLICY ANNOUNCEMENT**
>
> **POLICY 443: WETLANDS REAL PROPERTY CLAIMS: COMPENSATING INDIVIDUAL PARCELS AGGREGATED UNDER A SINGLE TAX ASSESSMENT ID**

**I. Introduction.**

The Wetlands Claims Administrator's Database ("Wetlands Database") identifies all Eligible Parcels located in the Wetlands Real Property Claim Zone that may be compensated under the terms of the Settlement Agreement. A mapping vendor selected by BP created the Wetlands Database and provided it to the Claims Administrator under the terms of the Settlement Agreement and with the consent of Class Counsel. It constructed the Wetlands Database based on available parish tax assessment records so that: (1) each Eligible Parcel corresponds to the Tax Assessment ID assigned to it by the parish where the property is located; and (2) the Compensation Amount for each Eligible Parcel is tied to the Tax Assessment ID. Under the Wetlands Compensation Framework in Exhibit 12A to the Settlement Agreement, the Claims Administrator is required to use this Wetlands Database to determine whether a Parcel is eligible for payment in the Wetlands program and, if so, the amount of the payment.

Most parishes in the Wetlands Real Property Claim Zone assign separate Tax Assessment IDs to individual lots or tracts of land. If a claimant owns multiple lots or tracts and the parish assigns a separate Tax Assessment ID to each lot or tract, then the claimant is assigned separate Compensation Amounts for each Eligible Parcel in the Wetlands Database. However, a parish may, solely for reasons of administrative efficiency, combine all of an owner's pieces of real property on one Tax Assessment ID, rather than issuing separate Tax Assessment IDs for each piece of land. When lots or tracts are grouped together under one Tax Assessment ID, the Wetlands Database identifies them as one Parcel, which means they are assigned a Compensation Amount for only one Parcel in the Wetlands Database, regardless of the number of lots or tracts included under that Tax Assessment ID. This causes these claimants to get payment for one Parcel, whereas if the parish had placed each piece of property on its own Tax Assessment ID, under Exhibit 12A the claimant would get a Wetlands payment for each one in the Wetlands Database. Adhering to the structure of the Wetlands Database in those situations causes such claimants to receive less compensation than if their parish placed each of the lots or tracts on separate Tax Assessment IDs.

Section 1.C. of Exhibit 12A to the Settlement Agreement provides that "Eligible Parcels shall be defined as parcels located within the Wetlands Real Property Claim Zone." Exhibit 12A does not specifically define the term "parcel." However, Section 1.C.i. of the Coastal Compensation Framework (Exhibit 11A) defines "parcel" as "a specific tract of real property defined by a legal description of boundaries used for taxing purposes." The Wetlands Instruction Booklet on how to fill out the Wetlands Claim Form, which both BP and Class Counsel approved, defines a parcel as "[a] plot of land that can be sold or purchased." Webster's New World Dictionary, Second College Edition, defines a parcel as "a piece, as of land, usually a specific part of a large acreage or estate."

The Claims Administrator has determined that separate pieces of land owned by a claimant that are grouped together under one Tax Assessment ID shall be compensated as separate Parcels under the Wetlands framework, because:

(1) Each Parcel is (1) separately identified on the tax assessment and is included in the total taxable value, and (2) has its own "legal description of boundaries used for taxing purposes," which fits the definition of Parcel in the Coastal Framework written by the Parties.

Below is an example from Cameron Parish where there are four lots listed under one Tax Assessment ID. Currently, in the Claims Administrator's Database, all four lots are treated as one Eligible Parcel and the claimant will receive one minimum compensation amount for $15,750. Under this proposed policy, assuming all four lots are located in the Wetlands Claim Zone, the Claims Administrator's Database would compensate each individual lot at $15,750, and the claimant would receive a total of $63,000.

Status: ACTIVE 500016201

**Assessment Breakdown**

| CLASS | LAND DESCRIPTION | FACTOR | QUANTITY | ADJ. MARKET VALUE | ASSESSMENT | EXEMPTION |
|---|---|---|---|---|---|---|
| 3400 | RESIDENTIAL SUBD. LOT | AV01 | 4.00 Units | $10,000.00 | 1,000 | NONE |

Legal Description: (See listing report for full legal description if required.)
LOTS 9, 10, 53 & 54 BLK 1 UNIT 6  HOLLY BEACH SUB IN SECS 10-12 T15S R11W (#286786 987-228 FROM WILMA BRIDE ET AL) (#303956 T/SALE TO RAINBOW RIGHTEOUS) (#306487 REDEMPTION)
(#312142 SPEC WARR DEED FROM MARY L JAX)(#314782 FROM R JAX)

(2) Each lot is "a plot of land that can be sold or purchased" and thus fits the definition of Parcel in the Wetlands Instruction Booklet approved by the Parties.

(3) Each lot is "a piece" or "a specific part of a large acreage or estate" and thus fits Webster's definition of "parcel."

(4) The Wetlands framework in Exhibit 12A does not mandate that the form of a Tax Assessment ID control over the substance of paying compensation amounts that are measured by size of a lot and how much of it was oiled. There is no explicit requirement in the Settlement Agreement or Exhibit 12A that an Eligible Parcel must correspond to one Tax Assessment ID or that the Wetlands Database be set up on that premise.

(5) Section 4.3.7 of the Settlement Agreement provides that "The Settlement Program…shall use its best efforts to provide Economic Class Members with assistance, information, opportunities and notice so that the Economic Class Member has the best opportunity to be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement." The parishes that combine parcels under one Tax Assessment ID create disparate treatment toward Class Members. By compensating each Parcel separately, the Claims Administrator will provide payments to the Economic Class Members that they are entitled to receive.

426951
9/18/13

3

**II.     Policy Statement.**

       If the Claims Administrator determines that a particular parish consolidates multiple real property tracts or lots owned by a claimant into a single Tax Assessment ID, then each individual tract or lot is eligible to receive compensation under the Wetlands Compensation Framework if: (1) each tract or lot is separately identified on the tax assessment and is included in the total taxable value; (2) there is a distinct legal description for the tract or lot within the tax assessment record(s) prepared by the parish; and (3) the tract or lot is located within the Wetlands Real Property Claim Zone.  In these situations, the Claims Administrator will update the Claims Administrator's Database to include separate Compensation Amounts for each lot or tract, rather than an aggregate Compensation Amount for all lots or tracts combined under one Tax Assessment ID.

426951
9/18/13