

# APPEAL PANEL DECISION FORM

## I. CLAIMANT AND CLAIM INFORMATION

| Claimant Name | Last/Name of Business | First | Middle |
|---|---|---|---|
| **Claimant ID** | | **Claim ID** | |
| **Claim Type** | Business Economic Loss | | |
| **Law Firm** | | | |

## II. DECISION

☐ **Denial Upheld**

☒ **Denial Overturned**

## III. PRIMARY BASIS FOR PANELIST DECISION

Please select the primary basis for your decision. You may also write a comment describing the basis for your decision.

☐ Claim should have been excluded.

☐ Claim should have been denied.

☐ Claim should not have been excluded.

☒ Claim should not have been denied.

☐ No error.

**Comment** *(optional)*:

See Decision Comment uploaded.

**Claim No.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Claimant ▮▮▮▮▮▮▮ appeals the denial of its BEL claim. The explanation by the Claims Administrator ("CA") for the denial, as last expounded in the "Post-Reconsideration Denial Notice," is that Claimant is excluded from the Economic and Property Damages Settlement Class under Section 2.2.4.5 of the Settlement Agreement ("SA") because the proper NAICS Code due to be assigned Claimant is 213112, "Support Activities for Oil and Gas Operations." (See Exhibit 17 to the SA.) The CA seemingly has based his NAICS Code assignment decision solely on statements appearing in Claimant's website, which declared it to be a "full-service shore base/fuel facility" providing "quality products and services to the Oil and Gas Industry." (The CA states in that denial notice that "the exclusion has been confirmed based on this information.") Claimant contends that the website was begun in early 2000 but never completed and was never intended to be available to the general public. It further contends that its primary revenue and business activity at is sole operating facility, located on Calcasieu Pass in Broussard, Louisiana, is the retail sale of fuel to marine vessels. Therefore, it asserts, the proper NAICS Code to be assigned is #447190, "Other Gasoline Stations." That Code is listed on page 2 of Exhibit 2 to the Settlement Agreement as designating a business deemed to be in the Tourism Industry, and specifically includes "Marine service stations." The CA's Policy 480v1 provides in pertinent part:

> II.   B.   **Appropriate NAICS Code.**
>
> The appropriate NAICS Code for an Entity shall be the NAICS Code that most accurately describes the Entity's primary business activities, which are the activities in which the Entity was primarily engaged during the operative Benchmark, Compensation, and Class Periods.
>
> C.   **NAICS Code Determination.**
>
> The Claims Administrator will review an Entity's 2010 tax return and 2010 business permit(s) (if available) and all other evidence of the business activities of the Entity necessary to determine the NAICS Code that describes the Entity's primary business activity. The NAICS Code used on the 2010 tax return or business license will not be considered conclusive, and the Claims Administrator will not apply any presumptions regarding the selection of the NAICS Code to classify the entity properly.

On its 2010 federal tax return, ▮▮▮▮▮ listed its "Business Activity Code" ("BAC") as 211110. A BAC is not the same as a NAICS Code, although very similar. "211110" is not a NAICS Code and SA Exhibit 17, listing NAICS Codes for "Oil & Gas Industry Exclusions," does not exclude "211110." The NAICS Industry Code general category "21111" comprises two businesses, 211111, Crude Petroleum and Natural Gas Extraction, and 211112, Natural

Gas Liquid Extraction.  Claimant's business operations don't even remotely involve either of those activities.

On the other hand, on its federal tax returns, ▇▇▇ has identified its business as "oil & gas services" and its Operations Manager has listed his industry as "oil & energy" on his LinkedIn page.  Claimant submits the affidavits of that Operations Manager and a CPA.  The OM swears that ▇▇▇ primary revenue and business activity arises out of retail sales of fuel to any and all paying customers – primarily vessels – which appear at its water front facility; that it does not sell gasoline and petroleum products to wholesale distributors; that it does not conduct any oil and gas operations in the Gulf; that the website should not be active; and that ▇▇▇ does not have contracts with any particular customers but, rather, sells fuel retail to whomever pulls into the facility to fill up their tank.  The CPA attests to his professional opinion that, based upon his review of ▇▇▇ business activities, those activities fall under the aforesaid NAICS Code #447190.  Claimant also submits reams of Louisiana Department of Revenue sales tax records reflecting that all of Claimant's sales are at retail.

This panelist has carefully read the list of business activities that Section 2.2.4.5 of the SA catalogs as falling within the "Oil and Gas Industry" classification and finds that, as regards petroleum distribution, it is only "<u>wholesale</u> distribution of petroleum, petroleum products" and "petroleum and petroleum products merchant <u>wholesalers</u>" which are included.  (Emphasis supplied.)  This panelist also has carefully read the NAICS Code assigned Claimant by the CA, "213112 – Support Activities for Oil and Gas Operations" (as set out in Exhibit 17 to the SA), and notes that "[t]his U.S. industry comprises establishments primarily engaged in performing support activities <u>on a contract or fee basis</u> for oil and gas operations . . . ." (Emphasis supplied.)  The extensive listing of covered services which then follows includes nothing remotely similar to ▇▇▇ operations.  No doubt it sells fuel to many vessels which are somehow engaged in Oil and Gas Industry activities, and thus indeed may be said to provide "quality  products and services to the Oil & Gas Industry" as its web page at one time was structured to say, but it does not do so "on a contract or fee basis" and it does not do so on a wholesale basis.  The CA has made it plain in prior communications to the Appeal Panel that in assigning NAICS Codes, his office focuses on the entity's primary business activity and not on the activities of the claimant's customer base or revenue source.  Examples have been given by the CA to illustrate that point of a florist which sells flowers only to funeral parlors – properly classified under the code for "Florists" and not "Funeral Homes and Funeral Services" – and of a food service business that provides services exclusively to offshore oil and gas businesses – properly classified under the code for "Food Service Contractors" and not "Crude Petroleum and Natural Gas Extraction."

Section 4.4.7.1. of the SA states:

With respect to Claims by any Entity, or by a Natural Person related to his or her employment by an Entity, the Settlement Program shall determine the appropriate NAICS code for the Entity based on its review of (a) the NAICS code shown on an Entity Claimant's 2010 tax return, (b) 2010 business permits or license(s), and/or (c) other evidence of the Entity's activities necessary for the Settlement Program to determine the appropriate NAICS code.

In this claim, the only explanation the CA provides for assigning ▇▇▇ the excluded industry NAICS Code of 213112 "Support Activities for Oil and Gas Operations," is by way of reference to the comments on Claimant's web page that it is a "full-service shore base/fuel facility" which provides "quality products and services to the Oil & Gas Industry." ▇▇▇ has submitted sufficient evidence to persuade this panelist that a genuine issue exists as to whether that code assignment is warranted, and whether "other evidence of the Entity's activities" were properly investigated in making that assignment. Accordingly, the denial of this claim on the basis of that code assignment is reversed and the claim remanded for a further, fuller analysis of ▇▇▇ business activities to be undertaken.