IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § § | MDL No. 2179 SECTION: J HONORABLE JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| Applies to: All Cases | | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR (1) ESTABLISHMENT OF SETTLEMENT FUND PURSUANT TO TRANSOCEAN PUNITIVE DAMAGES AND ASSIGNED CLAIMS SETTLEMENT AGREEMENT, AND (2) APPOINTMENT OF ESCROW AGENT FOR SETTLEMENT FUND**

Plaintiffs' Co-Liaison Counsel, MDL 2179, representing the Plaintiffs' Steering Committee in MDL 2179 on behalf of the members of a putative New Class, as defined by the Transocean Punitive Damages and Assigned Claims Settlement Agreement (Rec. Doc. 14644-1, filed on May 29, 2015) (the "SA"), Co-Lead Class Counsel on behalf of the DHEPDS Class, as defined in the SA, and Triton Asset Leasing GmbH, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Transocean Holdings LLC ("Transocean") (collectively, the "Parties") respectfully request that the Court grant their joint motion for (1) establishment of Settlement Fund pursuant to the SA, and (2) appointment of UBS AG as Escrow Agent for the Settlement Fund.

As explained herein, the establishment of the Settlement Fund is necessary to implement the SA.

**I.   Establishment of Settlement Fund**

Section 9 of the SA requires the establishment of a Settlement Fund to hold the Aggregate Payment made by Transocean under the SA:

> The Aggregate Payment shall be placed in an escrow account governed by a Court approved Escrow Agreement (the "Settlement Fund"). The Settlement Fund, including all accounts and subaccounts thereof, shall be treated as (i) a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1, et seq., and (ii) a qualified settlement fund or other analogous fund described in any other applicable local, state, or foreign law (as described in (i) or (ii), a "QSF"). The escrow agent of the Settlement Fund shall be the administrator of the QSF pursuant to Treas. Reg. § 1.468B-2(k)(3) and any other applicable law. The Parties shall cooperate and take all steps necessary for establishing and treating the Settlement Fund as a QSF and, to the fullest extent permitted by applicable law, shall not take a position (nor permit an agent to take a position) in any filing or before any tax authority inconsistent with such treatment. The Parties agree to treat the Settlement Fund as a QSF from the earliest possible date, including through the making of a "relation back" election as described in Treas. Reg. § 1.468B-1(j)(2) with respect to the Settlement Fund and any analogous election under other applicable law.

(Rec. Doc. 14644-1, ¶ 9(a)(i)).

Within the Settlement Fund, an Attorneys' Fee Account must be established to receive all payments of attorneys' fees and costs. "The Parties shall establish with Court approval a sub-fund within the Settlement Fund to receive all payments of attorneys' fees and costs ('Attorneys' Fee Account')." (Rec. Doc. 14644-1, ¶ 23(c)).

If approved by the Court, the Settlement Fund will satisfy the legal requirements for a qualified settlement fund:

(1)     The Parties propose that the Settlement Fund and the related Escrow Agreement attached as Exhibit 1 would be approved by this Court and made subject to its continuing jurisdiction. *See* 26 C.F.R. § 1.468B-1(a) & (c)(1).

(2)     In addition, the Settlement Fund would be established as part of the resolution of tort, contract, or violation of law claims (contested or uncontested) arising out of the *Deepwater Horizon* Incident (and which has given rise to numerous such claims asserting liability) and settled pursuant to the SA. *See id.* at § 1.468B-1(a) & (c)(2)(ii).

(3) The assets to be deposited in the Settlement Fund will be segregated from the general assets of Transocean. *See id*. at § 1.486B-1(a) & (c)(3).

The Settlement Fund will have two elements: (1) the Aggregate Payment portion will be attributable to the claimants under the SA; and (2) the Attorneys' Fee Account. The Aggregate Payment portion of the Settlement Fund is directly addressed in Treasury Regulation Section 1.468B-1, and clearly satisfies the requirements of a qualified settlement fund. 26 C.F.R. § 1.468B-1(c)(2). The Attorneys' Fee Account is also recognized as a necessary component of a defendant's payments to resolve the underlying tort claims of the class, and it is appropriate for treatment as a qualified settlement fund. *See, e.g., Boeing Co. v. Van Gernert*, 444 U.S. 472, 478 (1980) ("[T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."). This Court approved a similar request related to the Economic and Property Damages Settlement Agreement and the Medical Benefits Settlement Agreement between BP and those respective classes. (Doc. No. 6532).

Therefore, pursuant to the terms of the SA and the Escrow Agreement, the Parties request that the Court order that a Settlement Fund be established. The Parties further request that the Court find and hold that the Settlement Fund, including the Attorneys' Fee Account, is a qualified settlement fund under section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation Section 1.468B-1, that the Court retain continuing jurisdiction over the fund, and that the fund be operated under the supervision and control of the Court and in accordance with the SA, the Escrow Agreement, Section 468B of the Internal Revenue Code, and Treasury Regulation Sections 1.468B-1 to 1.468B-5. Furthermore, the Parties request that the Court find and hold that Transocean will be discharged from liability regarding payment of attorneys' fees

and costs by paying into the Attorneys' Fee Account as required under Section 23 of the SA. Finally, the Parties request that the Court find and hold that Transocean shall have no responsibility, obligation, or liability of any kind whatsoever with respect to how the Settlement Fund is operated or allocated.

## II. Appointment of Escrow Agent

To establish the Settlement Fund, including the Attorneys' Fee Account, the Parties request that the Court appoint UBS AG as Escrow Agent for the Settlement Fund under the terms and conditions set out in the proposed Escrow Agreement attached as Exhibit 1. The establishment of an escrow account with UBS AG as Escrow Agent will protect the assets of the Settlement Fund and ensure that distributions from such fund are made only upon an order of the Court.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court enter an order granting the relief requested.

July 15, 2015

Respectfully submitted,

/s/ Stephen J. Herman
Stephen J. Herman
La. Bar No. 23129
HERMAN HERMAN & KATZ LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
Facsimile: (504) 569-6024

**Plaintiffs Co-Liaison Counsel, MDL 2179 and Co-Lead Class Counsel for DHEPDS Class**

/s/ James Parkerson Roy
James Parkerson Roy
La. Bar No. 11511
DOMENGEAUX WRIGHT ROY & EDWARDS LLC
56 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Facsimile: (337) 233-2796

**Plaintiffs Co-Liaison Counsel, MDL 2179 and Co-Lead Class Counsel for DHEPDS Class**

and

| | |
|---|---|
| s/ Brad D. Brian<br>Brad D. Brian<br>Daniel B. Levin<br>MUNGER TOLLES & OLSON LLP<br>355 So. Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel:  (213) 683-9100<br>Fax:  (213) 683-5180<br>Email:  brad.brian@mto.com<br>            daniel.levin@mto.com | s/  Steven L. Roberts<br>Steven L. Roberts<br>SUTHERLAND ASBILL & BRENNAN LLP<br>1001 Fannin Street, Suite 3700<br>Houston, Texas 77002<br>Tel:  (713) 470-6100<br>Fax:  (713) 354-1301<br>Email: steven.roberts@sutherland.com, |

  s/  Kerry J. Miller
Kerry J. Miller
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Tel:  (504) 566-8646
Fax:  (504) 585-6946
Email: kjmiller@bakerdonelson.com


**ATTORNEYS FOR TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., TRANSOCEAN DEEPWATER INC., TRANSOCEAN HOLDINGS LLC, AND TRITON ASSET LEASING GmbH.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum in Support of Joint Motion for (1) Establishment of Settlement Fund Pursuant to Transocean Punitive Damages and Assigned Claims Settlement Agreement; and (2) Appointment of Escrow Agent for Settlement Fund will be served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 15th day of July 2015.

                                                   /s/ Kerry J. Miller