### BP'S SUPPLEMENTAL FINAL PROPOSAL REGARDING CLAIM NO. 174565

BP respectfully submits this supplemental memorandum to address Claimant's improper attempt to block the Appeals Panel from reviewing the actual evidence, evidence which establishes in no uncertain terms that Claimant is excluded from the Settlement Agreement as an oil and gas company.

Claimant first argues that BP has no right to submit to the Appeals Panel Claimant's own admissions to federal and state regulators and investors that Claimant is an oil and gas company. Claimant is wrong. The Settlement Program is only permitted to award compensation to Class Members. Claimants who are excluded are not Class Members. Here, Claimant did not disclose to the Settlement Program that it is excluded from the class. The Appeals Panel, which pursuant to Section 6.4 reviews *de novo* the determination of the Settlement Program "to enforce compliance with [the] Agreement as approved by the Court," must be able to review the actual evidence that is dispositive as to whether Claimant is excluded and which Claimant withheld from the Settlement Program. Having failed to disclose its excluded status, Claimant cannot be heard to argue that the Appeals Panel is precluded from considering facts (particularly Claimant's own admissions) that Claimant should have made known to the Settlement Program but did not. Any other outcome would permit a fraud on the entire process.

Claimant also argues that its own admissions and other similar documents should not be considered because they are hearsay. As an initial matter, a party's admissions are not hearsay. *See, e.g.,* Federal Rule of Evidence 801(d)(2); *Cowen v. Allstate Ins. Co.*, No. 11-118, 2011 WL 5869449, at *4 (E.D. La. Nov. 22, 2011) ("a statement is not hearsay if it is offered against a party, and it is the party's own statement"). Therefore, Exhibits 1 - 7 to BP's Initial Proposal and Exhibits A-Y to BP's Final Proposal are not hearsay. All of the other exhibits provided by BP

fall under specific exceptions to the hearsay rule, including the business records and public records exceptions, or would otherwise be admissible under Rule 807 due to the trustworthiness and probative value of these documents.  *See* Federal Rule of Evidence 803(6) - (9); Federal Rule of Evidence 807.  Even if one of the documents at issue did constitute hearsay and is not subject to an exception, the hearsay rule does not apply to this appeals process.

In addition, Claimant seeks to dodge its own admissions by arguing that the admissions only concern its parent, and not Claimant itself.  The problem with Claimant's argument is that it is demonstrably inaccurate.  For example, Claimant argues with regard to its annual report:  "not once in the Annual Report does it state that ALM is engaged in any type of oil and gas activity." Apache Final Proposal at 2.  This is false.  The annual report is submitted on behalf of the entire Apache corporate family, including Claimant.  *See* Apache Corp. Form 10-K for 2012, Ex. 21.1; p. 1 (attached as Exhibit 1 to BP's Initial Proposal) ("References to 'Apache' or the 'Company' include Apache Corporation and its consolidated subsidiaries…").  On behalf of the entire corporate family, including Claimant, the annual report represents that all of the Apache companies are "engaged in a single line of business.  Both domestically and internationally, the Company explores for, develops, and produces natural gas crude oil and natural gas liquids." *See id*. at n. 13.  Apache Corporation further represents that it and Claimant earned 100% of their revenues from "Oil and gas production revenues."  *See id.*  Similar representations are made in Apache's 10-K Filing (attached as Exhibit 5 to BP's Initial Proposal), which states: "We treat all operations as one line of business."

Still further, Claimant makes the disingenuous argument that its self-identified NAICS code (code 21111), which applies to companies engaged in "Oil and Gas Extraction," is not excluded because it is not listed on Exhibit 17.  As Claimant must acknowledge, every company

2

that falls with Code 21111 falls into one of two subcodes, 211111 - Crude Petroleum and Natural Gas Extraction - and 211112 - Natural Gas Liquid Extraction.  Both of these subcodes are expressly excluded under the Settlement Agreement.  *See* Settlement Agreement, Exhibit 17.  That means that every single company falling under Code 21111 necessarily is excluded, because every single subcode of 21111 is expressly excluded.  This is the plain language of the Settlement Agreement.  There is no rewriting, as Claimant suggests.  Claimant is engaged in game playing on this issue.

      Claimant has admitted to the entire world that it is an oil and gas company.  It cannot now magically change this fact in an effort to obtain compensation to which it is not entitled.  Accordingly, BP respectfully requests that the Appeals Panel reverse the award to Claimant.  At a minimum, given the extensive evidence concerning Claimant's status as an oil and gas company, the Claim should be remanded with instructions to review the evidence and issue a new determination.