**OBJECTION TO REQUEST FOR DISCRETIONARY REVIEW REGARDING *EN BANC* DETERMINATION OF CLAIMS BY APACHE LOUISIANA MINERALS LLC[1]**

BP respectfully objects to Claimant's Request for Discretionary Review. Claimant has provided no basis for overturning the *En Banc* Appeal Panel's detailed and well-reasoned decision.

The *En Banc* Appeals Panel correctly held that Apache Louisiana Minerals LLC ("ALM" or "Claimant") is excluded under the terms of the Settlement Agreement as a participant in the oil and gas industry. The Appeals Panel found that ALM has consistently and repeatedly represented to its investors, federal securities regulators, the Internal Revenue Service, state regulators, and the public that it, together with the entire Apache corporate family, is an oil and gas company.[2]

For example:

- Under penalty of perjury, Claimant, together with the entire Apache corporate family, self-identifies as being in the "oil and gas extraction" business on their consolidated federal tax return.[3] *See* BP's Opening *En Banc* Brief at 7; *En Banc* Decision at 1.

---

[1] BP's objection is applicable to any and all ALM claims, including, but not limited to: 174112, 174256, 174405, 174480, 174489, 174503, 174506, 174510, 174512, 174516, 174520, 174524, 174526, 174528, 174534, 174537, 174550, 174559, 174561, 174565, 174568, 174578, 194965, and 283742, as well as the multitude of currently pending claims filed by Claimant. BP incorporates by reference all of its prior filings on these appeals, including its prior *en banc* submissions.

[2] The *En Banc* Appeals Panel noted the fact that Claimant, together with Class Counsel, vehemently attempted to block the Panel from taking the facts about Claimant's business and its admissions into consideration. Both the *En Banc* Appeals Panel and this Court rejected this attempt.

[3] Class Counsel argues that the Claimant's NAICS code should, as a general matter, be accepted. Class Counsel Amicus Brief at 3. As a general matter, Class Counsel is incorrect. As the Settlement Agreement provides, and the *En Banc* Appeals Panel found, the "exclusions are based on the substantive nature of the business. . . ." Settlement Agreement, § 2.2.4; *En Banc* Appeals Panel Decision at 6. Thus, in each and every case, the relevant question is whether the NAICS designation selected by the claimant accurately captures the nature of its business. However, in this case, the NAICS code - Code 21111 ("oil and gas extraction") on Claimant's tax return accurately describes the substantive nature of Claimant's business and the fact that Claimant is excluded. Code 21111 is comprised of two subcodes--211111 (crude petroleum and natural case extraction) and 211112 (natural gas liquid extraction)--both of which are expressly excluded by Exhibit 17 of the Settlement Agreement. In other words, every single company falling within Code 21111, as Claimant does, is expressly excluded by the Settlement Agreement. Thus,

- Pursuant to federal securities laws, Claimant together with the entire Apache corporate family, represent in consolidated filings that "Apache is engaged in a single line of business. Both domestically and internationally, the Company explores for, develops, and produces natural gas, crude oil, and natural gas liquids." *See* Apache Corp. Form 10-K for 2012 at No. 13 (attached as Ex. 1 to BP's Opening *En Banc* Brief); *En Banc* Decision at 1.

- Pursuant to federal securities laws, Claimant together with the entire Apache corporate family represent in consolidated corporate filings that they earn 100% of their revenue from "oil and gas production revenue." *Id*.

- Claimant advertises itself as an oil and gas company in the Houma Chamber of commerce directory. *See* http://houmaterrebonnechamber.chambermaster.com/list/member/apache-louisiana-minerals-llc-houma-3051.htm, last visited October 29, 2013; BP's Opening *En Banc* Brief at 6; *En Banc* Decision at 4.

- Claimant is a member of the Louisiana Oil & Gas Association. *See* BP's Initial Proposal at 6, Ex. 9 (*see* Doc. ID 14125866); *En Banc* Decision at 4.

Claimant and Class Counsel incorrectly assert that the *En Banc* Appeal Panel focused on the activities of Claimant's parent rather than Claimant itself. To the contrary, the *En Banc* Appeals Panel very much focused on the activities of Claimant and found that Claimant's activities are part and parcel of the consolidated operations of the entire Apache corporate family, namely oil and gas extraction and production. The *En Banc* Panel explained:

> It is undisputed that the properties in question were purchased for the sole purpose of increasing Apache's mineral exploration, development and production efforts. That is abundantly clear from the public statements of the Apache executives quoted above. Apache, in its capacity as agent for ALM, acquired title to those properties and holds them in the name of ALM, its wholly owned LLC. Thus, ALM is buying, holding and leasing these properties and otherwise facilitating such extraction from them on behalf of Apache. . . . The fact that ALM itself may not be performing the mineral extraction activity but instead holds the property so that extraction can be performed by a sibling or parent within the Apache corporate family is irrelevant.

*En Banc* Panel Decision at 7.

---

Footnote continued from previous page
in this particular case, Class Counsel's argument confirms that Claimant is excluded, albeit for reasons other than those proposed by Class Counsel.

Claimant's argument that BP somehow is estopped from enforcing the oil and gas exclusion likewise is entirely without merit. BP has appealed more than 20 awards made to ALM, all on the very grounds that Claimant is excluded. Such actions by BP are the polar opposite of actions that would support a finding of estoppel. Regarding the two awards to Claimant that were not appealed, one was below the Settlement Agreement's $25,000 threshold for filing an appeal and thus could not have been appealed. The other award cited by Claimant was not appealed due to an administrative error. The fact that some other award was not appealed is irrelevant -- BP has appealed the awards that are the subject of the *En Banc* Decision. The Settlement Agreement has a "no waiver" provision that precludes the very argument that Claimant now advances. Settlement Agreement, § 35.1.

Claimant's suggestion that it is now in "the Alice in Wonderland of legal status" because it executed a release in connection with the two improper awards for which it received payment is incorrect. BP is not contending, and will not contend, that the release Claimant signed when it improperly received payment for two properties somehow bars claims that Claimant might make in the future in court (in this unique case, in light of the *En Banc* decision, the release can only be fairly said to cover the claims for which Claimant has already been paid).[4] Claimant is excluded from the Settlement and should have never received any payments. Claimant's receipt of two improper payments does not magically convert it to a Class Member. The *En Banc* Appeals Panel did not accept Claimant's meritless estoppel argument.

The *En Banc* Appeals Panel correctly held that Claimant is excluded from the Settlement Agreement, and thus Claimant's request for further review should be denied.

---

[4] If Claimant desires to return the two prior payments which have now been found to be improper, BP is willing to nullify the release in its entirety.