UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *12-970* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding Class Counsel's Objection to Administrative Ruling Regarding the Admission of New "Evidence" by BP in Connection with Settlement Program Appeals (Rec. doc. 11973)]**

Before the Court is Class Counsel's Objection to the *en banc* decision of the Appeal Panel to adopt Rule 7 of the "Appeal Panel Procedures." Rule 7 provides:

> Record on Appeal. Any exhibits or documents attached to memoranda on appeal are part of the record on appeal, whether or not those exhibits or documents had been previously introduced in the claim process. [*effective* 12/2/13]

For the reasons set forth below, the objection of Class Counsel is OVERRULED.

### The Settlement Agreement

The Claims Appeal Process is governed by Section 6 of the Settlement Agreement. Section 6.1.2.2.5.4 provides that the Appeal Panel "shall have the right to establish its own procedural rules regarding the review of appeals." Pursuant to that provision, the Appeals Panel has adopted a short set of "Appeal Panel Procedures,"[1] including Rule 7.

### Background Facts

The dispute arose from a series of appeals of decisions by the Settlement Program regarding Apache Louisiana Minerals, LLC ("ALM"). ALM had filed 55 claims with the

---

[1] www.deepwaterhorizoneconomicsettlement.com/docs/appeal_panel_procedures.pdf   The Procedures were first enacted on December 13, 2012.

Settlement Program many of which BP appealed based on the argument that ALM is an oil and gas company. The Settlement Agreement expressly excludes oil and gas companies from the class. ALM had not disclosed any information about its alleged excluded status in its claim filings with the Settlement Program. BP, in its appeal filings, submitted documentary evidence in support of its contention. ALM argued that BP was not entitled to enlarge the record with new evidence and, because it was not part of the record with the Settlement Program, it was inadmissible. Class Counsel filed an *amicus* brief with the *en banc* Appeal Panel which subsequently rejected ALM's and Class Counsel's position. In an email dated November 13, 2013 (rec. doc. 12062-3 Exhibit 2), the Appeals Coordinator confirmed that the Appeal Panel had held that "the documents and exhibits attached to memoranda filed in the appeal process are part of the record on appeal whether or not previously introduced in the claim process." Subsequently, on December 2, 2013, Rule 7 of the Appeal Panel Procedures was adopted. Class Counsel filed its objection on December 13, 2013. Rec. doc. 11973. BP filed its response on December 26, 2013. Rec. doc. 12062.

## The Parties' Contentions

Class Counsel contends that the appellate record for purposes of an appeal from a Settlement Program determination is specified in Section 6.2 of the Settlement Agreement as solely "the complete record of the Claimant in the Settlement Program," and therefore the Settlement Agreement does not allow any presentation of evidence by BP on appeal. Rec. doc. 11973 at 1-2. Class Counsel argues that the Rules Governing the Appeals Process also do not allow BP to present evidence in the course of an appeal, relying on Rule 13 governing the record on appeal which does not mention new documents or evidence presented by BP as being part of the record. Id. at 2-3.

Class Counsel further submits that various provisions of the Settlement Agreement[2] mandate that a claimant be provided with an explanation of exactly how and on what documentary basis the claim was calculated or denied. It urges that if BP is permitted to submit new "evidence" in its Initial Proposal, the Claimant would have a limited opportunity to respond and, if such evidence is produced with BP's Final Proposal, the Claimant would have no opportunity to respond. Id. at 4.

Class Counsel additionally submits that the term "appeal" is generally understood to be the review of a pre-existing closed factual record and that Rule 7 negates that concept. Id. at 5.

Finally, Class Counsel argues that the Appeal Panel is not empowered to adopt rules such as Rule 7, but instead, consistent with Section 6.2 and Exhibit 25 paragraph 5 of the Settlement Agreement, such rulemaking must be performed by the Appeals Coordinator with the concurrence of the Claims Administrator. Id. at 5.

BP's response is mainly focused on the status of a claimant; that is, whether or not the claimant is excluded from the Economic Class because it is an excluded party. In the case before the Court, BP contends that ALM is an oil and gas company and is therefore specifically excluded as a member of the class. Because, prior to appeal, the only party submitting evidence and documentation is the claimant, the first point in time in which BP has an opportunity to contest class membership is the appeal.

Thus, according to BP, if the Settlement Program pays a claim to a claimant that is excluded from the class, such an award violates the terms of the Settlement Agreement and that fact must be addressed on appeal. BP cites to Section 6.4 of the Settlement Agreement:

> Appeal Review Standards. The Standards of Review by the Appeal Panelist or

---

[2] Including Sections 4.3.7, 6.1 and 6.1.2.1.1.

> Appeal Panel shall be a *de novo* review of the complete record of that Claimant in the Settlement Program to enforce compliance with this Agreement as approved by the Court. (emphasis added).

BP asserts that the complete record must incorporate all relevant documents submitted to the Appeal Panel by both claimant and BP in order to enforce compliance with the Settlement Agreement. Rec. doc. 12062-3 at 5.

BP further argues that the Appeal Panel Procedures support its position by the adoption of Rule 7 which it submits is a simple codification of what the Appeal Panel has done in practice. Id. at 6. In addition, BP points out that Rule 13 of the Rules Governing the Appeals Process provides that the record on appeal includes the "entire Claim File on the claim" along with the "Initial and Final Proposals and supporting memoranda." Id. at 6.

BP cites the provision of Rule 19 of the Rules Governing the Appeals Process which implicitly recognizes that parties may introduce new documents or issues in a Final Proposal or Reply Brief because the Appeal Panel has the specific discretion to allow either side the opportunity to respond to such new document or issue. Id. at 7.

BP avers that, if it is not allowed to raise the issue of the excluded status of a claimant, the integrity of the Program is jeopardized. Thus, if a claimant has failed to disclose its excluded status during the claims process, then BP must be accorded the right to challenge the award. Therefore, both Claimant and BP must have a right to present the facts which the Appeal Panel will review in determining a claimant's class status or excluded status. Id at 8-9.

In its reply brief, Class Counsel contends that the claims process is a non-adversarial proceeding and the appeal, like administrative proceedings, should be confined to the record submitted by the plaintiff. Rec. doc. 12283-1 at 2. Class Counsel submits that:

4

> Nowhere does the Settlement Agreement suggest that *BP* shall be afforded opportunities to conduct its own investigation, submit evidence, contest awards, or otherwise attempt to have claims denied.

Id. at 3.

Alternatively, Class Counsel submits that if the Court allows additional evidence to be submitted by BP on class membership in Wetlands Claims, such a ruling should not "bleed over" to all BEL claims. Id. at 3-4.

In this case, and specifically in response to the briefing regarding the status of ALM as either a member of the class or an excluded party, the Appeal Panel enacted Rule 7 of the Appeal Panel Procedures allowing, and indeed inviting, BP to submit additional exhibits or documents to it for consideration of the issue. In the particular circumstances of this appeal, the Undersigned finds that Rule 7 is properly enacted to implement a logical and efficient appeal process. For the purpose of the Appeal Panel's *en banc* review of the ALM exclusion issue, the documents submitted both by ALM and BP will be considered part of the record and may be considered by the Appeal Panel in its deliberations.

Accordingly, Class Counsel's objection is OVERRULED.

New Orleans, Louisiana, this 14th day of March, 2014.

                                          **CARL J. BARBIER**
                                          **United States District Judge**

5