**Byer, Zachary W.**

| | |
|---|---|
| **From:** | Orran Brown <OBrown@browngreer.com> |
| **Sent:** | Wednesday, June 26, 2013 4:48 PM |
| **To:** | Esbrook, Christopher J. |
| **Cc:** | pjuneau@dheclaims.com; mjuneau@dheclaims.com |
| **Subject:** | Apache Louisiana Minerals, LLC |
| **Attachments:** | Ltr to C Reitano re Apache 2013-6-7.pdf |

Chris:

I am replying to your letter of 6/7/13 (attached) regarding Apache Louisiana Minerals, LLC ("ALM"). ALM is not an excluded Oil and Gas Entity under Section 2.2.4.5 of the Settlement Agreement.

ALM is a wholly owned subsidiary of its parent company, Apache Corporation. Apache Corporation itself is excluded under Section 2.2.4.5 as an oil and gas exploration and production company. Had Apache Corporation filed a claim, we would assign it NAICS Code 211111, Crude Petroleum and Natural Gas Extraction, which is excluded under Exhibit 17.

The Settlement Agreement requires us to assess each claimant as an "Entity," which is defined in Section 38.65 as:

> Entity shall mean an organization or entity, other than a GOVERNMENTAL ORGANIZATION, operating or having operated for profit or not-for-profit, including a partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture or an unincorporated association of any kind or description.

While ALM is a wholly owned subsidiary of Apache Corporation, it is its own "Entity" under this definition. It is a Limited Liability Company and has its own EIN. We do not treat subsidiaries as parts of a parent Entity for any purpose, whether for Class membership, Exclusions, location and Zone assignment, or RTP assignment. Instead, we are required by the Settlement Agreement to analyze each subsidiary, even a wholly owned one, as a separate Entity. Thus the fact that the parent company, Apache Corporation, is an excluded Oil and Gas Entity does not mean that its subsidiary Entities are all automatically excluded. We have to analyze the activities and NAICS Code of the subsidiary on its own merits.

Section 4.4.7.1 of the Settlement Agreement mandates that the Claims Administrator "shall determine the appropriate NAICS code for the Entity based on its review of (a) the NAICS Code shown on an Entity Claimant's 2010 tax return, (b) 2010 business permits or license(s), and/or (c) other evidence of the Entity's activities necessary for the Settlement Program to determine the appropriate NAICS Code." Exhibit 17 has similar language. Under Policy 288, we are to:

> determine the appropriate NAICS Code for a business by looking at the nature of the business that operates under the Tax Identification Number ("TIN") as a whole and then selecting the most appropriate NAICS Code for the entire business associated with that TIN (the "Entity"). . . . To determine the appropriate NAICS Code the Claims Administrator will look at the tax returns, business licenses, and other evidence such as revenues and the business's website to determine the most appropriate NAICS Code for the whole Entity."

Thus we cannot make an industry classification or corresponding NAICS Code assignment solely on the basis of the Registration Form or any one document.  If we did, most often we would be bound by the self-serving assertions of claimants of NAICS Codes designed to avoid Exclusions or to enhance RTP values.  The Registration Form falls within subsection (c) of Section 4.4.7.1 as "other evidence of the Entity's activities."  We cannot ignore the other sources of proof mandated in Section 4.4.7.1 or Policy 288.  We must review the Entity's business activities and determine the most appropriate NAICS Code for the Entity.

ALM's office is in Houma, LA.  It describes itself as a landowner and property manager.  In its Registration Form, ALM said that it is the "[o]wner of fee lands, leases and related businesses in the State of Louisiana."  ALM leases the surface rights to the land for camping, hunting, grazing, fishing, and other recreational and commercial activities.  It manages hydrologic projects and restoration projects on its land.  Additionally, ALM's staff is involved with monitoring the activities of oil & gas operators, pipeline companies, construction contractors, seismic companies, university and governmental research initiatives, and surface lessees to insure that they adhere to company policies regarding surface use of the land.  ALM's staff consists of two registered professional land surveyors, drafting/GIS technicians, field survey personnel and support personnel.

We do not have the tax returns for ALM because it has submitted only Wetlands Real Property Claims, where the Settlement Agreement does not require provision of tax returns.  According to ALM's counsel, ALM files a consolidated tax return with its parent company, Apache Corporation.  Apache Corporation used Business Activity Code 211110 on its 2010 tax returns.  ALM likewise used Business Activity Code 211110 on its Registration Form.  That is not a valid NAICS Code, but corresponds to the NAICS Category 21111 - Oil and Gas Extraction.  The two NAICS Codes in this category are 211111 - Crude Petroleum and Natural Gas Extraction and 211112 - Natural Gas Liquid Extraction.  Both 211111 and 211112 are listed under the Oil and Gas Industry Exclusion in Exhibit 17.  But that statement in the Registration Form does not control the entire NAICS Code analysis.

ALM falls under NAICS Code 533110, Lessors of Nonfinancial Intangible Assets, because it:

       (1) Is a separate Entity from Apache Corporation;
       (2) Is separately registered as an LLC in Delaware;
       (3) Owns land and leases out land to other businesses to explore for oil and develop the oil fields;
       (4) Collects royalties from these leases and oil production by other entities; and
       (5) Its primary business activities are different from Apache Corporation's business activities.

As a result, we determined that ALM is not an excluded Entity.  Please let me know if you would like to discuss this further.

Orran


**Orran L. Brown**
**BROWNGREER PLC**
250 Rocketts Way
Richmond, Virginia 23231
Telephone: (804) 521-7201
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Christopher J. Esbrook
To Call Writer Directly:
(312) 862-2032
christopher.esbrook@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

June 7, 2013

**VIA ELECTRONIC MAIL**
creitano@dhcclaims.com

Christine Reitano
Deepwater Horizon Claims Center

Re:    Apache Louisiana Minerals LLC

Dear Christine:

Apache Louisiana Minerals LLC has admitted that it is an entity in the oil and gas industry, and is thus excluded from the Economic Class and is not eligible for compensation under the Settlement Agreement. (§2.2.4.5; Exhibit 12, §1. A.) Accordingly, the Claims Administrator must deny Apache Louisiana Minerals LLC's wetlands claims.

The Settlement Agreement excludes certain entities from the Economic Class. (§2.1) Entities in the "Oil and Gas Industry" are categorically excluded. (§2.2.4.5) The exclusions are "based on the substantive nature of the business, not the legal or juridical form of that business." (§2.2.4.5) Exhibit 17 to the Settlement Agreement provides a list of NAICS Codes which indicate that an entity is a member of the oil and gas industry and thus excluded from the Economic Class.

NAICS Codes are two-to-six digit numbers which are used to classify entities by industry. The first two digits of a NAICS Code designate the general industry. Each additional digit in a NAICS Code describes the more specific type of enterprise an entity is involved in, within the industry indicated by the first two digits of the NAICS Code. Put another way, the third number in a NAICS Code describes the subsector of the industry, which is indicated by the first two digits of the NAICS Code, in which an entity does business. Each additional digit in the NAICS Code indicates a subset of the classification provided by the previous digits. For example, the NAICS Code 21 indicates that an entity is in the industry of "Mining, Quarrying, and Oil and Gas Extraction." (http://www.census.gov/eos/www/naics/) Each additional digit after NAICS Code 21 indicates a more specific subset of "Mining, Quarrying, and Oil and Gas Extraction" activity. The following are subsets of the NAICS Code 21 relevant to oil and gas extraction:

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS LLP

Christine Reitano
June 7, 2013
Page 2

- <u>21</u>   Mining, Quarrying, and Oil and Gas Extraction
- <u>211</u>   Oil and Gas Extraction
- <u>2111</u>   Oil and Gas Extraction
- <u>21111</u>   Oil and Gas Extraction
- <u>211111</u>   Crude Petroleum and Natural Gas Extraction
- <u>211112</u>   Natural Gas Liquid Extraction

(Id.) Moreover, if a NAICS Code is less than six digits, it may be written as six digits with zeros filling in for unused digits. For example, the NAICS Code "21111 Oil and Gas Extraction" (which is only five digits) may be written as 211110.

Apache Louisiana Minerals LLC ("Apache Louisiana Minerals") submitted a Registration Form for the Deepwater Horizon Economic and Property Settlement. (Attachment 1). By signing and submitting its Registration Form, Apache Louisiana Minerals certified and declared "under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the information provided in [its] Registration Form is true and accurate to the best of [its] knowledge." (Id. at p. 11) Question 5 of the Registration Form asks the claimant to "Provide the NAICS (North American Industry Classification System) Code for your business." (Id. at p. 3) One of the purposes of this question is to allow the Claims Administrator to determine if a claimant is an excluded entity under the Settlement Agreement, such as a participant in the oil and gas industry.

In response to Registration Form Question 5, Apache Louisiana Minerals stated under penalty of perjury that its NAICS Code is "211110" which is the NAICS Code for "Oil and Gas Extraction." (Id.; http://www.census.gov/eos/www/naics/). The description for the NAICS Code that Apache Louisiana Minerals itself acknowledges applies to its business is as follows:

> *This industry compromises establishments primarily engaged in operating and/or developing oil and gas field properties and establishments primarily engaged in recovering liquid hydrocarbons from oil and gas field gases. Such activities may include exploration for crude petroleum and natural gas; drilling, completing, and equipping wells; operation of separators, emulsion breakers, desalting equipment, and field gathering lines for crude petroleum and natural gas; and all other activities in the preparation of oil and gas up to the point of shipment from the producing property. This industry includes the production of crude petroleum,*

KIRKLAND & ELLIS LLP

Christine Reitano
June 7, 2013
Page 3

> *the mining and extraction of oil from oil shale and oil sands, the production of natural gas, sulfur recovery from natural gas, and the recovery of hydrocarbon liquids from oil and gas field gases. Establishments in this industry operate oil and gas wells on their own account or for others on a contract or fee basis.*

(Id.) While Exhibit 17 to the Settlement Agreement does not list NAICS Code 211110, it does list the only two subsets of NAICS Code 211110 -- 211111 Crude Petroleum and Natural Gas Extraction and 211112 Natural Gas Liquid Extraction -- such that 211110 is subsumed in Exhibit 17. Accordingly, Apache Louisiana Minerals has conceded that it is an entity in the oil and gas industry which is excluded from the Economic Class and thus is not eligible for compensation under the Settlement Agreement. (§2.2.4.5; Exhibit 12, §1. A.)

Though it is indisputable that Apache Louisiana Minerals is an excluded entity because of the NAICS Code it listed on its Registration Form, the fact that Apache Louisiana Minerals is engaged in the oil and gas industry is equally clear from a review of publicly available information regarding the substantive nature of its business. Apache Louisiana Minerals is a wholly-owned subsidiary of Apache Corporation. (Attachment 2; Attachment 3 at p. 210) Apache Corporation is "an independent energy company that explores for develops, and produces natural gas, crude oil, and natural gas liquids." (Attachment 3 at p. 5) Apache Corporation's annual report describes its property holding in Louisiana, which include the property at issue in Apache Louisiana Minerals' wetlands claim, as the "crown jewel of the Gulf Coast Onshore region" which "provide[] many competitive advantages, including superior drilling rates of return." (Attachment 4 at p. 17) Importantly, Apache Corporation admits in its submissions to the Securities and Exchange Commission ("SEC") that it "*treats all operations as one line of business*," which includes Apache Louisiana Minerals. (Attachment 3 at p. 5) Apache Corporation also disclosed to the SEC that 100% of its revenues are included as "Oil and Gas Production revenues" including the revenues of its subsidiaries like Apache Louisiana Minerals. (Attachment 3 at pp. 102, 143) Even the General Manager of Apache Louisiana Minerals, Tim Allen, has acknowledged in a video posted on YouTube that representatives of Apache Louisiana Minerals "spend a lot of time talking to our people and operators on our property; we emphasize the environmental stewardship component of oil and gas exploration…" (See http://www.youtube.com/watch?v=3LegY8t_j5k) As such, there can be no doubt that Apache Louisiana Minerals is in the business of oil and gas exploration, development, and production.

# KIRKLAND & ELLIS LLP

Christine Reitano
June 7, 2013
Page 4

      In the face of this overwhelming evidence that Apache Louisiana Minerals is an excluded entity by virtue of being in the oil and gas industry, the Claims Administrator must deny Apache Louisiana Minerals' wetlands claims pursuant to the Settlement Agreement. (§2.2.4.5; Exhibit 12, §1. A.)

Sincerely,

Christopher J. Esbrook