# Warlick, Sarah E.

| | |
|---|---|
| **From:** | Stan Duval [stan@duvallawfirm.com] |
| **Sent:** | Wednesday, November 06, 2013 9:11 AM |
| **To:** | Warlick, Sarah E.; Michael Juneau |
| **Cc:** | Cantor, Daniel A.; Holstein, Mark E; ccappeals@mdl2179psc.com; Steve Herman; James Roy; 'Tommy Thomassie'; Berwick Duval |
| **Subject:** | RE: Supplemental ALM briefing |
| **Attachments:** | response 11-5-13.pdf |

All,

Attached is a supplemental memo we have uploaded to our portal to address BP's supplemental filing as well as all of the documents it has attached to its memo. I respectfully request that you submit this filing to the *en banc* Appeals Panel.

```
Stanwood R. Duval
Attorney
Duval, Funderburk, Sundbery,
Lovell & Watkins
101 Wilson Ave.
P. O. Box 3017
Houma, LA   70361-3017
Telephone:  985.876.6410
Facsimile:  985.851.1490
Email:      stan@duvallawfirm.com

CONFIDENTIALITY STATEMENT
This email and any file information transmitted with it from the law firm of Duval,
Funderburk, Sundbery,Lovell & Watkins are confidential, intended solely for the use of
the individual or entity to whom they are addressed, and are protected by the Attorney-
Client Privilege.  If you are not the intended recipient or the person responsible for
delivering the e-mail to the intended recipient, be advised that you have received this
e-mail in error and that any use,dissemination, forwarding, printing, or copying of this
e-mail is strictly
prohibited.  If you have received this e-mail in error, please immediately
notify us by telephone at 985-876-6410.
```

**From:** Warlick, Sarah E. [mailto:Sarah.Warlick@aporter.com]
**Sent:** Tuesday, November 05, 2013 2:23 PM
**To:** Michael Juneau
**Cc:** Cantor, Daniel A.; Stan Duval; Holstein, Mark E; ccappeals@mdl2179psc.com
**Subject:** Supplemental ALM briefing

Dear Mike,

Please find enclosed BP's request to submit a supplemental filing to the *en banc* Appeals Panel. We respectfully request that you submit this filing to the *en banc* Appeals Panel.

Kind regards,

1

Sarah

Sarah E. Warlick
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Telephone: +1 202.942.6409
sarah.warlick@aporter.com
www.arnoldporter.com

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

------------------------------------------------------------------
For more information about Arnold & Porter LLP, click here :
http://www.arnoldporter.com

LAW OFFICES
## DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS
*(A Professional Law Corporation)*

JAMES M. FUNDERBURK
SIDNEY C. SUNDBERY
C. BERWICK DUVAL, II
CLAYTON E. LOVELL
STANWOOD R. DUVAL
KATHRYN W. RICHARD

101 WILSON AVENUE
P.O. BOX 3017
HOUMA, LOUISIANA 70361

CLAUDE B. DUVAL
(1914-1986)

Area Code 985
Telephone 876-6410
Fax 851-1490
www.duvallawfirm.com
(see website for e-mail addresses)

November 5, 2013

OF COUNSEL
WILLIAM S. WATKINS

Deepwater Horizon Claims Administration

In Re:   Deepwater Horizon Claims Center
         Claimant: Apache Louisiana Minerals LLC
         Claimant ID: 100176960

### OBJECTION/RESPONSE TO BP'S EN BANC MEMORANDUM

To Whom It May Concern:

I have reviewed the en banc memorandum along with the supplemental memorandum submitted by BP in this matter, and Apache Louisiana Minerals LLC ("ALM"), must file this response. I point out that, once again, BP is ignoring the express terms of the Settlement Agreement and is not playing by the rules. Once again, BP attaches several hundreds of pages of documents to its original memorandum which it purports is "evidence." It appears that BP has attached a couple of hundred pages of "new evidence" in support of its position. This extra evidence was never submitted with any of BP's prior appeal memorandum.

BP has continually attempted to attach "evidence" in support of its appeal despite the fact that Section 6.2 of the Settlement Agreement allows the appeal panelists to refer solely to "the complete record of the claimant in the settlement program." As the PSC points out in its amicus brief filed herein, the introduction of "new evidence" in the appeal process is not listed in the rules governing the appeals process that define the record on appeal; and therefore, the introduction of "new evidence" is not allowed.

ALM, which has been playing by the rules as set forth in the Settlement Agreement and the rules governing the appeals process, has not been submitting evidence to contradict BP's allegations in its purported "evidence." In a quick review of the additional documents attached to BP's en banc brief, it appears that BP has attached oil and gas leases between Apache Corporation and Apache Louisiana Minerals, LLC. If ALM were to disregard the rules of the Settlement Agreement and the rules governing the appeals process, it too could attach evidence, such as invoices from ALM to Apache Corporation whereby ALM is charging Apache Corporation for professional services it performed on Apache Corporation projects completed on ALM's land. ALM could, if the rules allowed, also attach "evidence" to support the fact that the leases for exploration of minerals on its lands are arm-length transactions and very similar to other landowners who are part of the settlement, and have been paid for damages to wetlands. Furthermore, the fact that there is a lease between Apache Louisiana Minerals, LLC, and Apache

DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS

Deepwater Horizon Claims Administration
Page 2
November 5, 2013

Corporation further strengthens ALM's position and the Claims Administrator's ruling that ALM is a distinct and separate entity from Apache Corporation and that ALM is a land management company and not an oil and gas company. Most, if not all, current landowners in Louisiana have mineral leases, and that fact certainly does not indicate they are an oil and gas excluded entity.

In BP's supplemental memorandum, it takes issue with the brief filed by the PSC, in particular, as to what constitutes the record on appeal. BP takes the position that despite the clear terms of the Settlement Agreement and the rules governing appeals, that they can attach whatever they wish to their brief and call it "evidence." In support of this assertion, BP attaches an appeals panelist's decision that remanded a matter to the Claims Administrator to determine if the claimant falls under the oil & gas exclusion. What BP is doing is, in effect, expanding the appeals process by continually expanding the record, and doing it in such a way that ALM has no chance to respond. We know of no appeals process that allows an expansion of the record, much less an appeals process that would allow a never-ending expansion of the record, which BP is doing here.

In the ruling attached by BP in Exhibit 1, that ruling specifically states, "Other than citing to the NAICS Code, Claimant did not offer any meaningful rebuttal to the merits of BP's argument on the oil and gas exclusion." That is not the case here. ALM has submitted affidavits in support of its contention that it is a land management company. In BP's supplemental memorandum, BP acknowledges the fact that its attaching of documents to its appeal briefs is improper under Section 6.4 of the Settlement Agreement when it stated, "In short, Class Counsel's proposed reading of Rule 13 is not tenable as a textual matter, for it would render Rule 13 inconsistent with the mandate of Section 6.4 of the Settlement Agreement that the Appeal Panel undertake a '*de novo* review of the *complete record* of that Claimant . . . *to enforce compliance with the Agreement*.'" The definition of "*de novo*" is: "Anew; afresh; a second time. See *Black's Law Dictionary*. The adjective "complete" means "full; entire; including every item or element of the thing spoken of, without omissions or deficiencies; as a complete copy, record, schedule, or transcript." See *Black's Law Dictionary*. Therefore, by its very definition, a *de novo* review of the complete record **cannot** include additional documents submitted by BP as "evidence," for the appeals panelists would be reviewing all of the documents submitted by BP for the first time – which is not the definition of *de novo*. Also, the complete record cannot include "evidence" attached to any of BP's appeals briefs, as those documents were not part of the proceedings below – they were not part of the record.

In short, throughout this entire appeal, BP has simply ignored the terms of the Settlement Agreement and the rules that govern an appeal by attaching several hundred pages of documents. Now that the matter is going through an en banc review, BP has taken upon itself to again attach more documents, including several hundred new pages of documents that it has never attached to any of its briefs. Simply put, the Settlement Agreement and the rules governing the appeals

DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS

Deepwater Horizon Claims Administration
Page 3
November 5, 2013

process simply do not allow for BP to attach these documents. If these documents are to be reviewed by the appeal panelists and given any weight, then ALM respectfully requests the right and opportunity to attach rebuttal evidence. However, since the rules do not allow for the submission of documents that are not part of the record on appeal, ALM respectfully submits that all documents attached to BP's en banc memorandum should be stricken and not reviewed by any of the panelists.

Respectfully submitted:

**DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS**

BY: _____
**C. BERWICK DUVAL, II (5109)
STANWOOD R. DUVAL (27732)**
101 Wilson Avenue
Post Office Box 3017
Houma, Louisiana 70361
Phone: (985) 876-6410
Fax: (985) 851-1490
Email: berwick@duvallawfirm.com
Attorneys for Apache Louisiana
   Minerals LLC

SRD/pc

cc: Mr. Michael Juneau, via e-mail mjuneau@dheclaims.com
    Ms. Sarah Warlick, via e-mail Sarah.Warlick@aporter.com
    Mr. Steve Herman, via e-mail SHERMAN@hhklawfirm.com