## Warlick, Sarah E.

| | |
|---|---|
| **From:** | Steve Herman [SHERMAN@hhklawfirm.com] |
| **Sent:** | Tuesday, November 12, 2013 10:09 AM |
| **To:** | Michael Juneau; 'jalltmont@sessions-law.com'; appealscoordinator@dhecc.com |
| **Cc:** | Sally_Shushan@laed.uscourts.gov; James Roy; ccappeals@mdl2179psc.com; Tommy Thomassie; John Creevy; Warlick, Sarah E.; Holstein, Mark E; Berwick Duval; Jennifer Goodwin; Frank Trani; 'Stan Duval'; Cantor, Daniel A. |
| **Subject:** | BP Oil - Supplemental ALM briefing - Class Counsel's Supplemental Submission |
| **Attachments:** | Class En Banc Supp Submision re Oil and Gas Exclusion 11-12-2013.pdf |

Please see attached.

Thanks.

---

**From:** Stan Duval [mailto:stan@duvallawfirm.com]
**Sent:** Tuesday, November 12, 2013 8:18 AM
**Subject:** RE: Supplemental ALM briefing

Mr. Juneau:

I have reviewed Mr. Cantor's certification, and I can stipulate that all of the documents attached to BP's *en banc* brief were attached to various initial and final proposals regarding various appeals. However, his certification makes it clear that none of the documents attached to BP's various appeals and *en banc* brief were submitted prior to BP filing an appeal; and therefore, none of the documents attached are part of the record.

The *Rules Governing the Appeals Process,* which became effective on February 14, 2013, specifically state that, with regard to Initial Proposals, either party may submit a supporting memorandum and any additional materials as set forth in Rule 13 with its Initial Proposal (See Rule 17(a)). Rule 13, entitled, *Record on Appeal,* lists 8 items (a-h) that define what the record of appeal shall consist of. Nowhere does it say that the record consists of documents attached to either an Initial or Final Proposal, except for category (h), which provides that a claimant may submit additional substantive documentation with the claimant's Final Proposal and supporting memorandum an any appeal by BP, where BP contends that the claim does not comply with the applicable documentation requirements set forth in the Settlement Agreement. Rule 17(b) regarding Final Proposals, further clarifies that a party may only submit additional materials with a Final Proposal and supporting memorandum: (i) in the event of a cross-appeal under Rule 14; and (ii) as set forth within Rule 13.

Neither the Settlement Agreement nor the *Rules Governing the Appeals Process* allow for the attaching of exhibits to appeal memoranda; and therefore, ALM respectfully submits that all documents attached to BP's Initial Proposals and Final Proposals should be stricken. Further, the Appeals Panelists should not be allowed to review those documents.

1

Sincerely,

```
Stanwood R. Duval
Attorney
Duval, Funderburk, Sundbery,
Lovell & Watkins
101 Wilson Ave.
P. O. Box 3017
Houma, LA   70361-3017
Telephone:  985.876.6410
Facsimile:  985.851.1490
Email:      stan@duvallawfirm.com
```

**From:** Cantor, Daniel A. [mailto:Daniel.Cantor@APORTER.COM]
**Sent:** Friday, November 08, 2013 4:41 PM
**Subject:** RE: Supplemental ALM briefing

Thanks Mike.  Attached please find BP's certification.  Kindly confirm receipt and have a nice weekend.  Thanks

Dan

**From:** Michael Juneau [mailto:mjuneau@dheclaims.com]
**Sent:** Thursday, November 07, 2013 5:23 PM
**Subject:** Re: Supplemental ALM briefing

All:

The following instructions have been received from the US District Court as to the en banc briefing issues re: Apache Louisiana Materials (ALM):

(1). By 5:00 pm (central time), Friday, November 8, 2013, BP is to provide the following:
  (A). Certification that the documents attached to BP's en banc brief were previously submitted and made a part of the record of one or more of the individual ALM claim files; and
  (B). Claim number, document number and page number citations as to each such document relative to where each such document is located in the individual claim file(s).
(2). Assuming timely compliance of the above by BP, Class Counsel and Claimant may do likewise by 5:00 pm (central time), Tuesday, November 12, 2013. Namely, they are to provide the following:
(A). Certification that the documents attached to their en banc briefs were previously submitted and made a part of the record of one or more of the individual ALM claim files; and
  (B). Claim number, document number and page number citations as to each such document relative to where each such document is located in the individual claim file(s).

Absent compliance with the above, the Appeals Panel members will be instructed to refrain from viewing the referenced documents.

Michael J. Juneau
Special Counsel
Deepwater Horizon Claims Center
mjuneau@dheclaims.com

2

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
```

# MEMORANDUM

**To:** Settlement Program Appeal Panelists

**From:** Class Counsel

**Re:** Oil & Gas Exclusion / Evidentiary Record on Appeal

**Date:** November 12, 2013

In Class Counsel's submission of October 29, 2013, in response to the request for *en banc* submissions in connection with the claim and appeal of Apache Louisiana Minerals LLC,[1] we addressed three significant issues of general class-wide application:

1. That BP should not be allowed to present its own new or additional "evidence" to the Appeal Panelists;

2. That inquiry into Class Membership (or Exclusion) is Entity-specific; and,

3. That when applying the Exclusions in Exhibits 17 and 18, the use of an NAICS Code on the Claimant's 2010 Tax Returns and/or Business License that is not excluded should be presumptively correct, absent compelling evidence to the contrary.

BP has apparently submitted a Reply to Class Counsel's Submission.

Class Counsel respectfully submit this brief and concise Supplemental Submission to make an additional point regarding Issue No. 1, *supra.*

In our original Submission, we pointed out that: (1) BP agreed to independent Program Vendors and an independent Claims Administrator and Trustee who would be entrusted with the responsibility to collect the required Documentation and other necessary information and to evaluate the claims accordingly;[2] (2) Section 6.2 of the Settlement refers solely to "the complete

---

[1] No. 100176960.

[2] Indeed, BP had utilized BrownGreer, Garden City and PwC for the administration of BP's pre-existing Gulf Coast Claims Facility (GCCF), and desired (to some extent, insisted) that they be appointed as Program Vendors to administer the Court-Supervised Settlement Program.

record of the Claimant in the Settlement Program"; and (3) There is nothing in Section 6, Exhibit 25, or the Rules Governing the Appeals Process which provides BP with the right to submit additional "evidence".

In further support of Class Counsel's position, we respectfully direct the Appeal Panelists' attention to Sections 4.3.7, 6.1 and 6.1.2.1.1 of the Settlement Agreement – which all embody the concept that the Claimant would be provided with the right to know exactly how, why and on what basis the Claimant's Claim was either calculated or denied, and multiple opportunities to address such documents or other information or analyses, in order to "be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement."[3]

All of these provisions contemplate and provide that such notice and opportunities would be provided to the Claimant *before* any Settlement Program Appeal.

If, as BP now suggests, BP were permitted to submit new purported, untested, extrinsic "evidence" with its Initial Proposal, the Claimant would have a very limited opportunity to respond; and, to the extent that BP is submitting new purported, untested, extrinsic "evidence" with BP's Final proposal, the Claimant has absolutely *no* opportunity to respond.

For these reasons, and for the reasons stated in Class Counsel's October 29th Submission, BP should not be allowed to present its own new or additional "evidence" to the Appeal Panelists.

---

[3] SETTLEMENT AGREEMENT, Section 4.3.7; *see also,* Section 6.1 ("Subject to and in accordance with Sections 4.3.7 and 4.3.8, Economic Class Members will have up to three opportunities, depending on their circumstances, to have their Claims reconsidered and reviewed to assure accuracy, transparency, independence, and adherence by the Settlement Program to the terms of this Agreement"); Section 6.1.2.1.1 (at the commencement of the 30-day period in which the Claimant can seek Reconsideration, "the Settlement Program shall provide access to the Claimant and the BP Parties of all forms, calculations and worksheets relied upon by the Settlement Program in reaching the final determination").