# Warlick, Sarah E.

| | |
|---|---|
| **From:** | Warlick, Sarah E. |
| **Sent:** | Wednesday, November 13, 2013 11:32 AM |
| **To:** | Stan Duval; Michael Juneau |
| **Cc:** | Cantor, Daniel A.; Holstein, Mark E; ccappeals@mdl2179psc.com; Steve Herman; James Roy; Tommy Thomassie; Berwick Duval; appealscoordinator@dhecc.com; Jennifer Goodwin; Frank Trani; Sally_Shushan@laed.uscourts.gov; Jack M. Alltmont |
| **Subject:** | RE: Supplemental ALM briefing |
| **Attachments:** | 11-13 BP Suppl. Filing regarding Apache Louisiana Minerals.pdf |

Attached please find BP's supplemental filing addressing Claimant's certification.  We respectfully request that you submit this filing to the *en banc* Appeals Panel.

Kind regards,
Sarah

---

Sarah E. Warlick
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Telephone: +1 202.942.6409
sarah.warlick@aporter.com
www.arnoldporter.com

---

**From:** Stan Duval [mailto:stan@duvallawfirm.com]
**Sent:** Tuesday, November 12, 2013 4:49 PM
**To:** Michael Juneau
**Cc:** Cantor, Daniel A.; Warlick, Sarah E.; Holstein, Mark E; ccappeals@mdl2179psc.com; Steve Herman; James Roy; Tommy Thomassie; Berwick Duval; appealscoordinator@dhecc.com; Jennifer Goodwin; Frank Trani; Sally_Shushan@laed.uscourts.gov; Jack M. Alltmont
**Subject:** RE: Supplemental ALM briefing

Mike:

Attached is Apache Louisiana Minerals, LLC's certification.

```
Stanwood R. Duval
Attorney
Duval, Funderburk, Sundbery,
Lovell & Watkins
101 Wilson Ave.
P. O. Box 3017
Houma, LA   70361-3017
Telephone:  985.876.6410
Facsimile:  985.851.1490
Email:      stan@duvallawfirm.com

CONFIDENTIALITY STATEMENT
```

```
This email and any file information transmitted with it from the law firm of Duval,
Funderburk, Sundbery,Lovell & Watkins are confidential, intended solely for the use of
the individual or entity to whom they are addressed, and are protected by the Attorney-
Client Privilege.  If you are not the intended recipient or the person responsible for
delivering the e-mail to the intended recipient, be advised that you have received this
e-mail in error and that any use,dissemination, forwarding, printing, or copying of this
e-mail is strictly
prohibited.  If you have received this e-mail in error, please immediately
notify us by telephone at 985-876-6410.
```

**From:** Michael Juneau [mailto:mjuneau@dheclaims.com]
**Sent:** Tuesday, November 12, 2013 8:23 AM
**To:** Stan Duval
**Cc:** Cantor, Daniel A.; Warlick, Sarah E.; Holstein, Mark E; ccappeals@mdl2179psc.com; Steve Herman; James Roy; Tommy Thomassie; Berwick Duval; appealscoordinator@dhecc.com; Jennifer Goodwin; Frank Trani; Sally_Shushan@laed.uscourts.gov; Jack M. Alltmont
**Subject:** Re: Supplemental ALM briefing

Stan:

At the Court's direction, BP had a deadline last Friday for "certification" that its documents had been previously submitted in the underlying claims file. Claimant's and Class Counsel's deadline for a similar "certification" was set for today (Tuesday) at 5:00 pm. Do you intend to provide something along those lines today?

Michael J. Juneau
Special Counsel
Deepwater Horizon Claims Center
mjuneau@dheclaims.com

Privileged & Confidential
Sent from my iPhone

On Nov 12, 2013, at 8:12 AM, "Stan Duval" <stan@duvallawfirm.com> wrote:

> Mr. Juneau:
>
> I have reviewed Mr. Cantor's certification, and I can stipulate that all of the documents attached to BP's *en banc* brief were attached to various initial and final proposals regarding various appeals. However, his certification makes it clear that none of the documents attached to BP's various appeals and *en banc* brief were submitted prior to BP filing an appeal; and therefore, none of the documents attached are part of the record.
>
> The *Rules Governing the Appeals Process,* which became effective on February 14, 2013, specifically state that, with regard to Initial Proposals, either party may submit a supporting memorandum and any additional materials as set forth in Rule 13 with its Initial Proposal (See Rule 17(a)). Rule 13, entitled, *Record on Appeal,* lists 8 items (a-h) that define what the record of appeal shall consist of. Nowhere does it say that the record consists of documents attached to either an Initial or Final Proposal, except for category (h), which provides that a claimant may submit additional substantive documentation with the claimant's Final Proposal and supporting memorandum an any appeal by BP, where BP contends that the claim does not comply with the applicable documentation requirements set forth in the Settlement Agreement. Rule 17(b) regarding Final Proposals, further clarifies that a party may only

2

submit additional materials with a Final Proposal and supporting memorandum: (i) in the event of a cross-appeal under Rule 14; and (ii) as set forth within Rule 13.

Neither the Settlement Agreement nor the *Rules Governing the Appeals Process* allow for the attaching of exhibits to appeal memoranda; and therefore, ALM respectfully submits that all documents attached to BP's Initial Proposals and Final Proposals should be stricken. Further, the Appeals Panelists should not be allowed to review those documents.

Sincerely,

```
Stanwood R. Duval
Attorney
Duval, Funderburk, Sundbery,
Lovell & Watkins
101 Wilson Ave.
P. O. Box 3017
Houma, LA   70361-3017
Telephone:  985.876.6410
Facsimile:  985.851.1490
Email:      stan@duvallawfirm.com


CONFIDENTIALITY STATEMENT
This email and any file information transmitted with it from the law firm of
Duval, Funderburk, Sundbery,Lovell & Watkins are confidential, intended
solely for the use of the individual or entity to whom they are addressed,
and are protected by the Attorney-Client Privilege.  If you are not the
intended recipient or the person responsible for delivering the e-mail to the
intended recipient, be advised that you have received this e-mail in error
and that any use,dissemination, forwarding, printing, or copying of this e-
mail is strictly
prohibited.  If you have received this e-mail in error, please immediately
notify us by telephone at 985-876-6410.
```

**From:** Cantor, Daniel A. [mailto:Daniel.Cantor@APORTER.COM]
**Sent:** Friday, November 08, 2013 4:41 PM
**To:** Michael Juneau; Stan Duval
**Cc:** Warlick, Sarah E.; Holstein, Mark E; ccappeals@mdl2179psc.com; Steve Herman; James Roy; Tommy Thomassie; Berwick Duval; appealscoordinator@dhecc.com; Jennifer Goodwin; Frank Trani; Sally_Shushan@laed.uscourts.gov
**Subject:** RE: Supplemental ALM briefing

Thanks Mike. Attached please find BP's certification. Kindly confirm receipt and have a nice weekend. Thanks

Dan

**From:** Michael Juneau [mailto:mjuneau@dheclaims.com]
**Sent:** Thursday, November 07, 2013 5:23 PM
**To:** Stan Duval
**Cc:** Cantor, Daniel A.; Warlick, Sarah E.; Holstein, Mark E; ccappeals@mdl2179psc.com; Steve Herman; James Roy; Tommy Thomassie; Berwick Duval; appealscoordinator@dhecc.com; Jennifer Goodwin; Frank

3

Trani; Sally_Shushan@laed.uscourts.gov
**Subject:** Re: Supplemental ALM briefing

All:

The following instructions have been received from the US District Court as to the en banc briefing issues re: Apache Louisiana Materials (ALM):

(1). By 5:00 pm (central time), Friday, November 8, 2013, BP is to provide the following:
  (A). Certification that the documents attached to BP's en banc brief were previously submitted and made a part of the record of one or more of the individual ALM claim files; and
  (B). Claim number, document number and page number citations as to each such document relative to where each such document is located in the individual claim file(s).
(2). Assuming timely compliance of the above by BP, Class Counsel and Claimant may do likewise by 5:00 pm (central time), Tuesday, November 12, 2013. Namely, they are to provide the following:
(A). Certification that the documents attached to their en banc briefs were previously submitted and made a part of the record of one or more of the individual ALM claim files; and
  (B). Claim number, document number and page number citations as to each such document relative to where each such document is located in the individual claim file(s).

Absent compliance with the above, the Appeals Panel members will be instructed to refrain from viewing the referenced documents.

Michael J. Juneau
Special Counsel
Deepwater Horizon Claims Center
mjuneau@dheclaims.com

Privileged & Confidential
Sent from my iPhone

On Nov 7, 2013, at 2:23 PM, "Michael Juneau" <mjuneau@dheclaims.com> wrote:

> All:
>
> This will confirm that the Program has received three supplemental emails regarding this en banc issue - starting with Dan Cantor's, then Steve Herman's, and finally Stan Duval's. The Appeals Panel has not yet given us direction as to how those emails should be handled. We of course will follow whatever direction the Appeals Panel provides in that regard.
>
> Michael J. Juneau
> Special Counsel
> Deepwater Horizon Claims Center
> mjuneau@dheclaims.com
>
> Privileged & Confidential
> Sent from my iPhone
>
> On Nov 7, 2013, at 1:54 PM, "Stan Duval" <stan@duvallawfirm.com> wrote:
>
>> Dear Mr. Cantor,

BP has been improperly attaching "evidence" to its appeal briefs submitted with its initial proposals. BP's initial proposal consisted of 511 pages of documents, and BP's *en banc* memorandum consisted of 756 pages of documents. Since BP has taken it upon itself to attach documents to its initial proposals despite the fact that they were not in the record, I cannot verify at this time that all documents attached to BP's *en banc* memorandum were in fact submitted with one or more of BP's initial proposals. Perhaps if you could provide a list of what BP attached and when (and perhaps give me a document ID) that verifies that all documents were submitted with one of the underlying Apache appeals, I will stipulate that BP did not in fact submit any new "evidence" to its *en banc* memorandum. However, I will not stipulate that the attaching of documents to any of BP's appeal briefs/memoranda was proper. BP has submitted over 700 pages of documents with its *en banc* memorandum. Those 700 pages were never a part of the record in the proceedings before the appeal; and therefore, the attachment of those documents is improper. If any appeal panelist were to review the documents BP submitted with its *en banc* memorandum, they certainly would not be conducting a *de novo* review, and that would be against the terms of the Settlement Agreement.

```
Stanwood R. Duval
Attorney
Duval, Funderburk, Sundbery,
Lovell & Watkins
101 Wilson Ave.
P. O. Box 3017
Houma, LA   70361-3017
Telephone:  985.876.6410
Facsimile:  985.851.1490
Email:      stan@duvallawfirm.com
```

```
CONFIDENTIALITY STATEMENT
This email and any file information transmitted with
it from the law firm of Duval, Funderburk,
Sundbery,Lovell & Watkins are confidential, intended
solely for the use of the individual or entity to
whom they are addressed, and are protected by the
Attorney-Client Privilege.  If you are not the
intended recipient or the person responsible for
delivering the e-mail to the intended recipient, be
advised that you have received this e-mail in error
and that any use,dissemination, forwarding, printing,
or copying of this e-mail is strictly
prohibited.  If you have received this e-mail in
error, please immediately
notify us by telephone at 985-876-6410.
```

**From:** Cantor, Daniel A. [mailto:Daniel.Cantor@APORTER.COM]
**Sent:** Thursday, November 07, 2013 9:04 AM
**To:** Stan Duval; Warlick, Sarah E.; Michael Juneau
**Cc:** Holstein, Mark E; ccappeals@mdl2179psc.com; Steve Herman; James Roy; 'Tommy Thomassie'; Berwick Duval
**Subject:** RE: Supplemental ALM briefing

Dear Mr. Duval,

BP is in receipt of Apache's supplemental filing with the En Banc Appeals Panel. That filing contains a material misstatement that requires immediate correction. Specifically, you state that "It appears that BP has attached a couple of hundred pages of 'new evidence' in support of its position. This extra evidence was never submitted with any of BP's prior appeal memorandum." This statement is simply untrue. All of the evidence submitted by BP in connection with the En Banc proceeding was previously submitted in connection with underlying individual Apache appeals.

We request that you inform the En Banc Appeals Panel of and correct this misstatement in your filing by noon today. Kindly please copy me when you do so. Thank you for your immediate attention to this matter.

Dan Cantor
Counsel for BP

**From:** Stan Duval [mailto:stan@duvallawfirm.com]
**Sent:** Wednesday, November 06, 2013 9:11 AM
**To:** Warlick, Sarah E.; Michael Juneau
**Cc:** Cantor, Daniel A.; Holstein, Mark E; ccappeals@mdl2179psc.com; Steve Herman; James Roy; 'Tommy Thomassie'; Berwick Duval
**Subject:** RE: Supplemental ALM briefing

All,

Attached is a supplemental memo we have uploaded to our portal to address BP's supplemental filing as well as all of the documents it has attached to its memo. I respectfully request that you submit this filing to the *en banc* Appeals Panel.

```
Stanwood R. Duval
Attorney
Duval, Funderburk, Sundbery,
Lovell & Watkins
101 Wilson Ave.
P. O. Box 3017
Houma, LA   70361-3017
Telephone:  985.876.6410
Facsimile:  985.851.1490
Email:      stan@duvallawfirm.com
```

6

```
CONFIDENTIALITY STATEMENT
This email and any file information transmitted with
it from the law firm of Duval, Funderburk,
Sundbery,Lovell & Watkins are confidential, intended
solely for the use of the individual or entity to
whom they are addressed, and are protected by the
Attorney-Client Privilege.  If you are not the
intended recipient or the person responsible for
delivering the e-mail to the intended recipient, be
advised that you have received this e-mail in error
and that any use,dissemination, forwarding, printing,
or copying of this e-mail is strictly
prohibited.  If you have received this e-mail in
error, please immediately
notify us by telephone at 985-876-6410.
```

**From:** Warlick, Sarah E. [mailto:Sarah.Warlick@aporter.com]
**Sent:** Tuesday, November 05, 2013 2:23 PM
**To:** Michael Juneau
**Cc:** Cantor, Daniel A.; Stan Duval; Holstein, Mark E; ccappeals@mdl2179psc.com
**Subject:** Supplemental ALM briefing

Dear Mike,

Please find enclosed BP's request to submit a supplemental filing to the *en banc* Appeals Panel.  We respectfully request that you submit this filing to the *en banc* Appeals Panel.

Kind regards,
Sarah


Sarah E. Warlick
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Telephone: +1 202.942.6409
sarah.warlick@aporter.com
www.arnoldporter.com

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This communication may contain information that is legally privileged, confidential or exempt from

7

disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

------------------------------------------------------------------
For more information about Arnold & Porter LLP, click here :
http://www.arnoldporter.com

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

------------------------------------------------------------------
For more information about Arnold & Porter LLP, click here :
http://www.arnoldporter.com

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.

**BP's Supplemental Response To The En Banc Panel**
**Regarding Apache Louisiana Minerals LLC**

In its November 12, 2013 electronic mail to the Settlement Program, Claimant Apache Louisiana Minerals continues its attempt to block the Appeals Panel from evaluating whether Claimant is excluded from participation in the Settlement Agreement.[1] This effort violates the terms of the Settlement Agreement and, if allowed, would permit excluded claimants such as Claimant to withhold information regarding their excluded status from the Settlement Program and then claim immunity from review. BP respectfully requests permission to briefly respond to Claimant's latest submission.

As an initial matter, Claimant's November 12, 2013 correspondence makes an important admission. Claimant previously told the Appeals Panel that the evidence attached to BP's en banc briefs "was never submitted with any of BP's prior appeal briefs." November 5, 2013 Letter from Stanwood Duval on Behalf of Claimant at 1.[2] Claimant now admits, as it must, that its prior argument is incorrect and untrue: "all of the documents attached to BP's *en banc* brief were attached to various initial and final proposals regarding various appeals." November 12, 2013 Electronic Mail from Stanwood Duval. Accordingly, Claimant's incorrect arguments in its November 5, 2013 letter brief must be disregarded.

After abandoning its inaccurate attack on BP's en banc briefing, Claimant once again argues that BP has no right to cite evidence establishing that Claimant is excluded from the Settlement Agreement. As explained in BP's prior submissions, Claimant's position is at odds

---

[1] The Settlement Agreement expressly excludes from the class definition claimants who are participants in the oil and gas industry. *See* Settlement Agreement, §§ 2.2.4, 2.2.4.5; *see also* Settlement Agreement, Ex. 12A, §1.A.

[2] *See also id.* at 3 ("Now that the matter is going through an en banc review, BP has taken upon itself to again attach more documents, including several hundred new pages of documents that it has never attached to any of its briefs.")

1

with the plain terms of the Settlement Agreement and Rules Governing Appeals Process, and would undermine the very integrity of the Settlement Program.  Section 6.4 of the Settlement Agreement expressly instructs the Appeals Panel to undertake  "*de novo* review of the **_complete record_** of that Claimant in the Settlement Program *__to enforce compliance with this Agreement__* as approved by the Court."  (emphasis added).  In order to enforce compliance with the Settlement Agreement, the Appeals Panel must be able to determine whether a claimant omitted facts necessary to ascertain whether the claimant is excluded such that the record of the Settlement Program is incomplete and insufficient.  Otherwise, claimants could, as Claimant did here, simply withhold the actual facts from the Settlement Program and then claim that the omission is unreviewable.  For example, Claimant omitted from its submissions to the Settlement Program the fact that it (together with the entire Apache corporate family) has repeatedly admitted to federal and state regulators as well as the public investing community that it is an oil and gas company.  *See* BP's Opening En Banc Brief.

The Settlement Agreement permits BP to appeal awards in excess of $25,000 pre-RTP and to file two memoranda in support of those appeals.  *See* Settlement Agreement, Section 6.  Absolutely nothing in the Rules Governing the Appeals Process ("Rules") prohibits citing in appeals memoranda evidence of Claimant's excluded status that Claimant omitted from its submissions to the Settlement Program.  Claimant makes the absurd argument that the evidence in question should be excluded because "none of the documents attached to BP's various appeals and *en banc* brief were submitted prior to BP filing an appeal."  November 12, 2013 Electronic Mail from Stanwood Duval.  The appeal process is BP's first opportunity to submit its position

2

and supporting evidence. And the reason the evidence was not submitted prior to BP's appeal is because Claimant withheld it from the Settlement Program.[3]

If the Rules were to be improperly construed, as Claimant argues, to prohibit the Appeals Panel's consideration of evidence that a claimant is excluded, the Rules would violate Section 6.4 of the Settlement Agreement because they would inhibit the Appeals Panel's performance of its duties to enforce compliance with the terms of the Settlement Agreement. In that case, the Rules would be *ultra vires*. Fortunately, the Appeals Panel has already rejected Claimant's proposed interpretation. In other appeals involving the question of whether a claimant is excluded, the Appeals Panel has properly considered and relied upon evidence omitted by the claimant and cited by BP in determining that a claimant is excluded. *See* BP's Supp'l Submission at 4-5 & Exs. 1-3.

For the foregoing reasons, BP respectfully submits that Claimant is an excluded member of the oil and gas industry. Claimant's own admissions on this issue could not be clearer. However, in the event that the Appeals Panel has any remaining questions concerning Claimant's excluded status, it would be appropriate for the Appeals Panel to remand the matter with instructions to the Claims Administrator to obtain all relevant information regarding Claimant's status and to re-evaluate whether Claimant is excluded.

---

[3] Class Counsel asserts a new and similarly baseless argument that permitting BP to attach relevant evidence during the appeals process -- its first opportunity to do so -- would be inconsistent with the transparency of the claims review process. *See* Class Counsel's *En Banc* Supplemental Submission Regarding the Oil and Gas Exclusion (Nov. 12, 2013) at 2. This argument makes no sense. All appeals filings are available to all parties, and, as this process has amply demonstrated, all parties have had the opportunity to fully respond to all filings.