**Warlick, Sarah E.**

| | |
|---|---|
| From: | Steve Herman [SHERMAN@hhklawfirm.com] |
| Sent: | Thursday, November 14, 2013 7:58 AM |
| To: | 'Sally_Shushan@laed.uscourts.gov' |
| Cc: | 'James Roy'; 'Jack M. Alltmont'; Cantor, Daniel A.; 'Holstein, Mark E'; 'ccappeals@mdl2179psc.com'; 'Tommy Thomassie'; 'Berwick Duval'; 'appealscoordinator@dhecc.com'; 'Jennifer Goodwin'; 'Frank Trani'; 'M Juneau (mjuneau@dheclaims.com)'; Warlick, Sarah E.; 'Stan Duval'; 'Michael Juneau' |
| Subject: | BP Oil - Record re Settlement Program Appeals |

Dear Judge Shushan,

Please advise as to the process by which Class Counsel may "appeal" this policy decision by the *En Banc* Panel to the Court.

Thanks.

---

**From:** Jack M. Alltmont [mailto:jalltmont@sessions-law.com]
**Sent:** Wednesday, November 13, 2013 12:02 PM
**Subject:** BP Oil - Record re Settlement Program Appeals

Steve:

My understanding of the Panel's decision is that it will consider all materials presented w/ the memos. No exclusion of materials added for the first time in the final proposal was considered. I can understand how submission of new materials at that last stage might create a problem. But I think that the problem is considered and remedied by Rule 19 that allows for responses to new documents or new issues raised in a Final Proposal or reply brief.

If upon receipt of such new material, a party believes that it needs to respond either w/ more argument or more documents, I suggest that the party alert me <u>at once</u> to that fact with an estimate of the time that the party will need to adequately respond to the new material or new issue. I will grant any reasonable request for response and time to respond. If the matter has already been referred to a Panel Member, I will instruct him to hold off in considering the case until all responses are in the record. Obviously, we do not want to open up to endless back and forth submissions, but we will administer each case so that both sides get to put before the Panel everything relevant to the issues to be decided. Exactly how that plays out may differ somewhat from case to case, but the goal will be for both sides to make a full record and fairly argue in memos after all documents are in.

Hopefully such process will avoid the need for a remand in most or all situation. But if either side feels that remand is the best option, and it may be particularly in a baseball situation, then I such that the party who believes that is best should so state in its briefing to the Panelist. I do not think that there is anything in the rules that allows me to remand to the

1

claims process. If either side believes that I am vested w/ such authority, please point out to me the basis of such authority if you want to request a remand by me. Otherwise, I think that any such request is properly addressed to the Panelist.

Jack

**From:** Steve Herman [mailto:SHERMAN@hhklawfirm.com]
**Sent:** Wednesday, November 13, 2013 11:10 AM
**Subject:** BP Oil - Record re Settlement Program Appeals

Putting aside for a moment the question of whether that is a decision that the Panel is authorized to make,

a. Does that include new materials submitted by BP in its Final Proposal?

b. If new materials submitted by BP change, or potentially change, the Eligibility of the Claimant and/or the ultimate Determination, is the matter then remanded to the Settlement Program for further consideration?

**From:** Jack M. Alltmont [mailto:jalltmont@sessions-law.com]
**Sent:** Wednesday, November 13, 2013 10:57 AM
**Subject:** RE: Supplemental ALM briefing

Dear All:
On November 12, the Appeal Panel met en banc. It unanimously decided that documents and exhibits attached to memoranda filed in the appeal process are part of the record on appeal *whether or not previously introduced in the claim process.* The Panel will in the very near future issue a new rule so stating as part of the appeal- panel procedures.

I trust that this memo renders the dispute In this case as to admissible documents moot. If anyone believes that any further action is necessary or appropriate on this issue, please let me know.

Jack



**Jack M. Alltmont, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.582.1507 | Fax: 504.582.1555 | jalltmont@sessions-law.com
201 St.Charles Ave., Suite 3815, New Orleans, La 70170-1052 | Main: 504.582.1500
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Georgia • Illinois
Louisiana • New Jersey • New York • Ohio • Texas

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
```