**Cantor, Daniel A.**

| | |
|---|---|
| **From:** | Steve Herman [SHERMAN@hhklawfirm.com] |
| **Sent:** | Friday, June 06, 2014 10:29 AM |
| **To:** | Jack Alltmont (jalltmont@dheclaims.com) |
| **Cc:** | Jim Roy; Patrick Juneau; Michael Juneau; J. David Forsyth; 'Randall Black'; Holstein, Mark E; Cantor, Daniel A. |
| **Subject:** | BP Oil - ALM Decision |
| **Attachments:** | apache - en banc appeal decision.pdf; Order Denying Class Counsel Objection to Submission of Evidence on Appeal [Doc 12517] 3-14-2014.pdf; Reply Brief - Objection BP Evidence on Appeal [Doc 12283-1] 2-4-2014.pdf |

Dear Jack,

We understand, appreciate and respect the careful consideration that the Appeals Panelists have given to this matter.

We do, at the same time, have a couple of observations that we believe are important for the Appeals Panelists to keep in mind when considering other cases.

First, the Panel appears to accept the Court's Order of March 14, 2014 as an unqualified approval of Rule 7 in all cases. That may have been the Court's intent. However, Class Counsel had suggested that the policy should perhaps be different for a claim like this, where the Wetlands documentation requirements are relatively limited and might not necessarily provide a reliable basis for the Claims Administrator and his Vendors to determine whether a Claiming Entity should be excluded, versus a BEL Claim, for example, where the extensive Exhibit 4A requirements should be more than sufficient to afford the Program to make a reliable Eligibility Determination, without extrinsic investigation and attack by BP at the appeal stage, (*see* Class Counsel Reply Brief, pp.3-4, attached). It was our reading of the Court's Order that Judge Barbier left this question open for another day, and limited his approval to the specific Wetlands Claim at issue in this particular case. *See* Order, at p.5 ("In the particular circumstances of this appeal, the Undersigned finds that Rule 7 is properly enacted to implement a logical and efficient appeal process.")

Secondly, the Panel notes that Claimants have frequently attached new documents or exhibits to their memoranda and asked that they be accepted and considered in connection with their appeals. We believe that it is important to recognize, in this respect, that the Settlement Agreement does not contemplate what would typically be found in a litigated matter where the plaintiff and the defendant are on more or less equal substantive and procedural footing. Rather, as a substantive matter, Section 4.3.8 clearly and explicitly favors the Claimant, (and I guess indirectly disfavors BP), by directing the Settlement Program to award the maximum amount to which the Class Member may be entitled. As a procedural matter, moreover, Sections 4.3.7 and 6.1 were intentionally designed to guarantee that the Claimant would have multiple opportunities to have their Claims reconsidered and reviewed to be determined eligible for and receive the greatest amount to which he or she is entitled under the terms of the Settlement Agreement. Nowhere does the Settlement Agreement indicate that such procedural

1

assurances – or indeed any opportunities to submit documentation – would be afforded to BP. Stated another way: The Settlement Agreement was never intended or agreed to place the Parties on equal footing.  BP agreed to *settle* these Claims, in a light most favorable to the Claimant.

Again, we appreciate the Appeal Panelists' time and consideration in this matter.

Thanks.

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
```