## Cantor, Daniel A.

| | |
|---|---|
| **From:** | Steve Herman [SHERMAN@hhklawfirm.com] |
| **Sent:** | Tuesday, July 15, 2014 6:37 PM |
| **To:** | 'Jack M. Alltmont'; Jack Alltmont (jalltmont@dheclaims.com) |
| **Cc:** | Jim Roy; 'Patrick Juneau'; Michael Juneau; J. David Forsyth; Randall Black; 'Holstein, Mark E'; Cantor, Daniel A. |
| **Subject:** | BP Oil - New Evidence - (follow-up) |

Thanks.  Understood.

---

**From:** Jack M. Alltmont [mailto:jalltmont@sessions-law.com]
**Sent:** Tuesday, July 15, 2014 5:14 PM
**To:** Steve Herman; Jack Alltmont (jalltmont@dheclaims.com)
**Cc:** Jim Roy; 'Patrick Juneau'; Michael Juneau; J. David Forsyth; Randall Black; 'Holstein, Mark E'; Cantor, Daniel A. (Daniel.Cantor@APORTER.COM)
**Subject:** RE: BP Oil - New Evidence - (follow-up)

Steve:
From talking to the panelists, my understanding that the submission of new materials at the appeal stage has been an infrequent occurrence that has not slowed the process. Nor does it appear that such submissions have resulted in unfair results.
I agree w/ you that the court's ruling admits the possibility that allowance of new materials on appeal may not be appropriate at all times. But I do not know how we can make a hard and fast rule to cover all possibilities. So my suggestion to both sides has to be that you make your objections on a case by case basis and let's see how it develops. If a pattern of a problem becomes known, we can try to deal w/ it once it is known.
I understand your position regarding the Apache case, but I think that that is the only case that has engendered a real dispute on this point.
jack



**Jack M. Alltmont, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.582.1507 | Fax: 504.582.1555 | jalltmont@sessions-law.com
201 St.Charles Ave., Suite 3815, New Orleans, La 70170-1052 | Main: 504.582.1500
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Georgia • Illinois
Louisiana • New Jersey • New York • Ohio • Texas

---

Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.

**From:** Steve Herman [mailto:SHERMAN@hhklawfirm.com]
**Sent:** Saturday, July 12, 2014 6:22 AM
**To:** Jack Alltmont (jalltmont@dheclaims.com)
**Cc:** Jim Roy; 'Patrick Juneau'; Michael Juneau; J. David Forsyth; Randall Black; 'Holstein, Mark E'; Cantor, Daniel A. (Daniel.Cantor@APORTER.COM)
**Subject:** BP Oil - New Evidence - (follow-up)

Just following up on this.  Thanks.

**From:** Steve Herman
**Sent:** Friday, June 06, 2014 9:29 AM
**To:** Jack Alltmont
**Cc:** Jim Roy; Patrick Juneau; Michael Juneau; J. David Forsyth; 'Randall Black'; Holstein, Mark E; Cantor, Daniel A.
**Subject:** BP Oil - ALM Decision

Dear Jack,

We understand, appreciate and respect the careful consideration that the Appeals Panelists have given to this matter.

We do, at the same time, have a couple of observations that we believe are important for the Appeals Panelists to keep in mind when considering other cases.

First, the Panel appears to accept the Court's Order of March 14, 2014 as an unqualified approval of Rule 7 in all cases.  That may have been the Court's intent.  However, Class Counsel had suggested that the policy should perhaps be different for a claim like this, where the Wetlands documentation requirements are relatively limited and might not necessarily provide a reliable basis for the Claims Administrator and his Vendors to determine whether a Claiming Entity should be excluded, versus a BEL Claim, for example, where the extensive Exhibit 4A requirements should be more than sufficient to afford the Program to make a reliable Eligibility Determination, without extrinsic investigation and attack by BP at the appeal stage, (*see* Class Counsel Reply Brief, pp.3-4, attached).  It was our reading of the Court's Order that Judge Barbier left this question open for another day, and limited his approval to the specific Wetlands Claim at issue in this particular case.  *See* Order, at p.5 ("In the particular circumstances of this appeal, the Undersigned finds that Rule 7 is properly enacted to implement a logical and efficient appeal process.")

Secondly, the Panel notes that Claimants have frequently attached new documents or exhibits to their memoranda and asked that they be accepted and considered in connection with their appeals.  We believe that it is important to recognize, in this respect, that the Settlement Agreement does not contemplate what would typically be found in a litigated matter where the plaintiff and the defendant are on more or less equal substantive and procedural footing.  Rather, as a substantive matter, Section 4.3.8 clearly and explicitly favors the Claimant, (and I guess indirectly disfavors BP), by directing the Settlement Program to award the maximum

amount to which the Class Member may be entitled.  As a procedural matter, moreover, Sections 4.3.7 and 6.1 were intentionally designed to guarantee that the Claimant would have multiple opportunities to have their Claims reconsidered and reviewed to be determined eligible for and receive the greatest amount to which he or she is entitled under the terms of the Settlement Agreement.  Nowhere does the Settlement Agreement indicate that such procedural assurances – or indeed any opportunities to submit documentation – would be afforded to BP.  Stated another way: The Settlement Agreement was never intended or agreed to place the Parties on equal footing.  BP agreed to *settle* these Claims, in a light most favorable to the Claimant.

Again, we appreciate the Appeal Panelists' time and consideration in this matter.

Thanks.

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
```

Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
```

you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.