## Cantor, Daniel A.

| | |
|---|---|
| **From:** | Steve Herman [SHERMAN@hhklawfirm.com] |
| **Sent:** | Friday, July 18, 2014 5:26 PM |
| **To:** | 'AppealsCoordinator@dhecc.com' (AppealsCoordinator@dhecc.com) |
| **Cc:** | Jim Roy; 'Holstein, Mark E' (Mark.Holstein@bp.com); Cantor, Daniel A.; Stan Duval (stan@duvallawfirm.com); Jack Alltmont (jalltmont@dheclaims.com); Mike_OKeefe@laed.uscourts.gov |
| **Subject:** | BP Oil - Class Amicus in Support of Request for Discretionary Review - ALM (Claimant No. 100176960) |
| **Attachments:** | Class Amicus Brief re ALM Oil and Gas Exclusion 7-18-2014.pdf |

Class Counsel respectfully submit the attached *Amicus* Brief in support of ALM's Request for Discretionary Review.

Thanks.

Stephen J. Herman, Esq.
Herman Herman & Katz LLP
Office (direct): (504) 680-0554
E-Mail: sherman@hhklawfirm.com

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>Settlement Program Claims of Apache Louisiana Minerals LLC Claimant No. 100176960 Claim No. 174112 (and all eligible claims) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### CLASS COUNSEL'S *AMICUS* SUBMISSION IN SUPPORT OF REQUEST FOR DISCRETIONARY COURT REVIEW BY ALM LLC

Class Counsel respectfully submit the following memorandum in connection with the Request for Discretionary Review by Settlement Program Claimant Apache Louisiana Minerals, LLC ("ALM") [1] regarding the inquiry into the class membership of a Claiming Entity (separate from the inquiry into the class membership of a related or "parent" entity) to highlight two significant issues of general class-wide application; namely:

1. **The inquiry into Class Membership (or Exclusion) is Entity-specific.** Section 1.2 of the Settlement Agreement refers to "Entities" which are defined in Section 38.63. Notably, neither Section 38.63 nor Section 2.1, in discussing the definition of an Entity and the exclusion thereof, (nor Section 4.4.7.1) refer to a "parent" or "affiliate" or "subsidiary". An Entity which is a Classmember cannot be excluded based on the fact (or allegation) that a separate and distinct parent entity is (allegedly) excluded.

2. **When applying the Exclusions in Exhibits 17 and 18, the use of an NAICS Code on the Claimant's 2010 Tax Returns and/or Business License that is not excluded should be presumptively correct, absent compelling evidence to the contrary.** Exhibits 17 and 18, and Section 4.4.7.1, direct the Program – and, through publication and notice, potential classmembers – to 2010 business and tax records for the use of specific NAICS Codes. While there may, from time to time, be exceptional

---
[1] Claimant ID No. 100176960.

circumstances, an individual or entity attempting to identify its rights must have been able to rely on its use of a non-specified NAICS Code as indicia that it was and is a Classmember, and was / is not excluded.[2]

### A. The Settlement Program – and the Appeal Panelists – should only look to the business records and activities of the Claiming Entity for the most accurate NAICS Code in applying the Exclusions under Exhibits 17 and 18.

There is no basis in the Settlement Agreement or any associated Policies, Court Orders, or related authorities for the Settlement Program and/or the Appeal Panelists to look to an entity other than the Claiming Entity to determine whether the Claiming Entity is either a Classmember or an Excluded entity under the most appropriate NAICS Code.

Section 1.2 of the Settlement Agreement refers to "Entities" which are defined in Section 38.63. Notably, *neither* Section 38.63 nor Section 2.1, in discussing the definition of an Entity and the exclusion thereof, refer to a "parent" or "affiliate" or "subsidiary". Nor does Section 4.4.7.1 refer to the Tax returns, Business Licenses or Permits, or other evidence of a "parent's" or "affiliate's" or "subsidiary's" activities.[3] Furthermore, even assuming *arguendo* that some examination of a subsidiary's business activities were appropriate, there is absolutely no basis to examine the business activities of a parent company.

---

[2] *Note* that the analysis under Exhibit 2 with respect to the Definition of "Tourism" is somewhat different. Rather than directing the Settlement Program to 2010 Tax or Business Licenses, the Agreement simply utilizes the various NAICS Codes, with their Industry Definitions and specific examples of covered types of businesses to better define "businesses which provide services such as attracting, transporting, accommodating or catering to the needs or wants of persons traveling to, or staying in, places outside their home community." In addition, Exhibit 2 is applied to Individuals and Entities who are Classmembers, and hence Section 4.3.8 (as well as Sections 4.3.7 and 4.3.1) unequivocally apply to construe the documentation and information in such as way as to maximize those classmembers' claims. (Class Counsel also note that where separate Facility Claims are made by Multi-Facility Businesses, Class Counsel believe that the Exhibit 2 and Exhibit 19 analysis should be conducted on a claiming facility-by-facility basis; whereas, because the Exclusions under Exhibits 17 and 18 relate to class membership, they should be applied at the Entity level.) Class Counsel's suggested approach to the application of Exhibit 2 is further spelled out in Class Counsel's *En Banc* Submission on Treatment of Condo Owners Associations as Part of the "Tourism" Industry, dated October 23, 2013.

[3] *See also, e.g.,* Claims Administrator's Policy 480.

**B. When applying the Exclusions contained within Exhibits 17 and 18, the NAICS Code actually used on the Claimant's 2010 Tax Returns and/or Business Licenses should be presumptively correct.**

The entire purpose of utilizing the NAICS Codes, as reflected on the 2010 Tax Returns or Business Licenses, was to provide an objective standard by which entities could objectively ascertain whether they were or weren't members of the class. *See* Section 4.4.7.1, and Exhibits 17 and 18.[4]  (These returns were, of course, created in the ordinary course of business, without any knowledge that they might become relevant to a future Settlement Agreement.)  Where the Claiming Entity utilized an NAICS Code that is <u>not</u> listed on Exhibit 17 or 18, the Entity should be presumed to be an eligible Classmember, absent compelling evidence to the contrary.

The Settlement itself (as BP admitted in its Reply Memorandum for the final Fairness Hearing) places a "far greater and indeed exclusive reliance on entirely objective frameworks…"[5] and "…is designed to be transparent as a claimant or his or her counsel reviews the frameworks relevant to particular circumstances…."[6]

> The frameworks ... rely on clearly expressed requirements or formulas which make sure that claimants can really understand how their claims will be treated under the frameworks. This is vital because it allows each individual claimant to make an informed decision concerning that claimant's choice to participate in the settlement or opt out. *See* Rec. Doc. 7731, at p.77  (*citing* Henley Supp Decl. (Ex. 3) ¶3).

Claimants must rely upon the fact that when the NAICS Code used on their Tax Return is not listed in Exhibit 17, they are not excluded,[7] and thus are members of the Class.

---

[4] Again, Class Counsel note that the analysis under Exhibit 2 (and Exhibits 16 and 19) is different. *See* Footnote 2, *supra.*

[5] Rec. Doc. 7731 at pp.76-77.

[6] *Id.* at p. 77.

[7] *See* Correspondence from Claimant's Counsel dated April 20, 2013, addressing the issue of the NAICS Code used on the 2010 consolidated Federal Tax Return (included in the Claimant's Record at Doc ID 14127515).

Respectfully submitted,

| | |
|---|---|
|    /s/ Stephen J. Herman |    /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

## **CERTIFICATE OF SERVICE**

We Hereby Certify that the above and foregoing Memorandum will be served upon Counsel for BP, *via* E-Mail, this 18th day of July, 2014.

                                                  Stephen J. Herman and James Parkerson Roy