**BP's Supplemental Response To The En Banc Panel**
**Regarding Apache Louisiana Minerals LLC**

In its November 12, 2013 electronic mail to the Settlement Program, Claimant Apache Louisiana Minerals continues its attempt to block the Appeals Panel from evaluating whether Claimant is excluded from participation in the Settlement Agreement.[1] This effort violates the terms of the Settlement Agreement and, if allowed, would permit excluded claimants such as Claimant to withhold information regarding their excluded status from the Settlement Program and then claim immunity from review. BP respectfully requests permission to briefly respond to Claimant's latest submission.

As an initial matter, Claimant's November 12, 2013 correspondence makes an important admission. Claimant previously told the Appeals Panel that the evidence attached to BP's en banc briefs "was never submitted with any of BP's prior appeal briefs." November 5, 2013 Letter from Stanwood Duval on Behalf of Claimant at 1.[2] Claimant now admits, as it must, that its prior argument is incorrect and untrue: "all of the documents attached to BP's *en banc* brief were attached to various initial and final proposals regarding various appeals." November 12, 2013 Electronic Mail from Stanwood Duval. Accordingly, Claimant's incorrect arguments in its November 5, 2013 letter brief must be disregarded.

After abandoning its inaccurate attack on BP's en banc briefing, Claimant once again argues that BP has no right to cite evidence establishing that Claimant is excluded from the Settlement Agreement. As explained in BP's prior submissions, Claimant's position is at odds

---

[1] The Settlement Agreement expressly excludes from the class definition claimants who are participants in the oil and gas industry. *See* Settlement Agreement, §§ 2.2.4, 2.2.4.5; *see also* Settlement Agreement, Ex. 12A, §1.A.

[2] *See also id.* at 3 ("Now that the matter is going through an en banc review, BP has taken upon itself to again attach more documents, including several hundred new pages of documents that it has never attached to any of its briefs.")

1

with the plain terms of the Settlement Agreement and Rules Governing Appeals Process, and would undermine the very integrity of the Settlement Program.  Section 6.4 of the Settlement Agreement expressly instructs the Appeals Panel to undertake "*de novo* review of the **_complete record_** of that Claimant in the Settlement Program **_to enforce compliance with this Agreement_** as approved by the Court." (emphasis added).  In order to enforce compliance with the Settlement Agreement, the Appeals Panel must be able to determine whether a claimant omitted facts necessary to ascertain whether the claimant is excluded such that the record of the Settlement Program is incomplete and insufficient.  Otherwise, claimants could, as Claimant did here, simply withhold the actual facts from the Settlement Program and then claim that the omission is unreviewable.  For example, Claimant omitted from its submissions to the Settlement Program the fact that it (together with the entire Apache corporate family) has repeatedly admitted to federal and state regulators as well as the public investing community that it is an oil and gas company.  *See* BP's Opening En Banc Brief.

      The Settlement Agreement permits BP to appeal awards in excess of $25,000 pre-RTP and to file two memoranda in support of those appeals.  *See* Settlement Agreement, Section 6.  Absolutely nothing in the Rules Governing the Appeals Process ("Rules") prohibits citing in appeals memoranda evidence of Claimant's excluded status that Claimant omitted from its submissions to the Settlement Program.  Claimant makes the absurd argument that the evidence in question should be excluded because "none of the documents attached to BP's various appeals and *en banc* brief were submitted prior to BP filing an appeal." November 12, 2013 Electronic Mail from Stanwood Duval.  The appeal process is BP's first opportunity to submit its position

2

and supporting evidence. And the reason the evidence was not submitted prior to BP's appeal is because Claimant withheld it from the Settlement Program.[3]

If the Rules were to be improperly construed, as Claimant argues, to prohibit the Appeals Panel's consideration of evidence that a claimant is excluded, the Rules would violate Section 6.4 of the Settlement Agreement because they would inhibit the Appeals Panel's performance of its duties to enforce compliance with the terms of the Settlement Agreement. In that case, the Rules would be *ultra vires*. Fortunately, the Appeals Panel has already rejected Claimant's proposed interpretation. In other appeals involving the question of whether a claimant is excluded, the Appeals Panel has properly considered and relied upon evidence omitted by the claimant and cited by BP in determining that a claimant is excluded. *See* BP's Supp'l Submission at 4-5 & Exs. 1-3.

For the foregoing reasons, BP respectfully submits that Claimant is an excluded member of the oil and gas industry. Claimant's own admissions on this issue could not be clearer. However, in the event that the Appeals Panel has any remaining questions concerning Claimant's excluded status, it would be appropriate for the Appeals Panel to remand the matter with instructions to the Claims Administrator to obtain all relevant information regarding Claimant's status and to re-evaluate whether Claimant is excluded.

---

[3] Class Counsel asserts a new and similarly baseless argument that permitting BP to attach relevant evidence during the appeals process -- its first opportunity to do so -- would be inconsistent with the transparency of the claims review process. *See* Class Counsel's *En Banc* Supplemental Submission Regarding the Oil and Gas Exclusion (Nov. 12, 2013) at 2. This argument makes no sense. All appeals filings are available to all parties, and, as this process has amply demonstrated, all parties have had the opportunity to fully respond to all filings.