IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § § | MDL No. 2179 <br><br> SECTION: J <br><br> HONORABLE JUDGE BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |
| Applies to: All Cases | | |

ORDER (1) ESTABLISHING SETTLEMENT FUND
PURSUANT TO TRANSOCEAN PUNITIVE DAMAGES AND
ASSIGNED CLAIMS SETTLEMENT AGREEMENT, AND
(2) APPOINTING ESCROW AGENT FOR SETTLEMENT FUND

Before this Court is the Joint Motion of Plaintiffs' Co-Liaison Counsel, MDL 2179, representing the Plaintiffs' Steering Committee in MDL 2179 on behalf of the members of a putative New Class, as defined by the Transocean Punitive Damages and Assigned Claims Settlement Agreement (Rec. Doc. 14644-1, filed on May 29, 2015) (the "Settlement Agreement"), Co-Lead Class Counsel on behalf of the DHEPDS Class, as defined in the Settlement Agreement, and Triton Asset Leasing GmbH, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Transocean Holdings LLC ("Transocean") for (1) Establishment of a Settlement Fund pursuant to the SA, and (2) Appointment of an Escrow Agent for the Settlement Fund.

Having considered the record of these proceedings, the arguments and recommendations of counsel for the moving parties, and the requirements of law, the Court **GRANTS** the parties' motion as follows:

1

**IT IS HEREBY ORDERED:**

1. The Court approves the establishment of a Settlement Fund pursuant to the terms of the Settlement Agreement and the Escrow Agreement attached as Exhibit 1 to the Memorandum in Support of Joint Motion for (1) Establishment of Settlement Fund Pursuant to Transocean Punitive Damages and Assigned Claims Settlement Agreement, and (2) Appointment of Escrow Agent for Settlement Fund.

2. The Court finds and holds that the Settlement Fund is a qualified settlement fund under Section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation Section 1.468B-1.

3. The Court will retain continuing jurisdiction over the Settlement Fund (and its Escrow Agent), which will be operated under the supervision and control of the Court and in accordance with the Settlement Agreement, the Escrow Agreement, Section 468B of the Internal Revenue Code and Treasury Regulation Sections 1.468B-1 to 1.468B-5.

4. The Court finds and holds that an Attorneys' Fee Account for Common Benefit Fee and Costs Award payments ("Attorneys' Fee Account") is appropriate and approves the establishment of an Attorneys' Fee Account as a sub-fund within the Settlement Fund. Funds allocated to the Attorneys' Fee Account are entitled to the same qualified settlement fund treatment as the Settlement Fund.

5. The Court finds and holds that Transocean will be discharged from liability regarding payment of attorneys' fees and costs by paying into the Settlement Fund funds to be allocated to the Attorneys' Fee Account as required pursuant to Section 23(d) of the Settlement Agreement.

6. The Court finds and holds that Transocean shall have no responsibility, obligation or liability of any kind whatsoever with respect to the establishment or operation of the Settlement Fund, including how the Attorneys' Fee Account of the Settlement Fund is managed, allocated or distributed.

7. The Court appoints UBS AG as Escrow Agent for the Settlement Fund, pursuant to the terms and conditions of the Escrow Agreement submitted for approval by the parties to the Amended Settlement Agreement.

**IT IS SO ORDERED.**

New Orleans, Louisiana this 16th day of July, 2015.

_____
United States District Judge