### █████████ - Claim ID 11270

BP appeals an award to a shrimping vessel owner under the Seafood Compensation Program. The Claims Administrator, after considering the claim on three occasions, ultimately awarded $█████. The basis of BP's appeal is that the Claims Administrator erred in including payments received by the Claimant from government subsidies in calculating the Claimant's Benchmark Revenue.

In its initial response to the claim, the Administrator awarded Claimant $█████ utilizing the Historical Revenue method. On reconsideration, the Settlement Program utilized the Reduced Expedited method which resulted in an award of $█████ before spill-related offsets. On post-reconsideration, the Administrator increased Claimant's Benchmark Revenue based on payments received under two government programs, the Continued Dumping and Subsidy Offset Act of 2000 (CDSOA) and the National Marine Fisheries Service's Fisherman's Contingency Fund Program (FCFP). Inclusion of these payments, in the view of the Administrator, entitled Claimant to the Expedited Compensation method which resulted in the award appealed from.

BP's argument is straightforward. It urges that Benchmark Revenue under the Seafood Program must be based only on actual earnings derived from commercial shrimp harvesting that is equal to or greater than the Qualifying Revenue in Table 3 of Exhibit 10. BP contends that government payments pursuant to CDSOA or FCFP are not revenue derived from shrimp harvesting and should not be included in Qualifying Revenue.

Claimant responds that the FCFP payments are, in fact, based on reduced shrimping revenue and are therefore derived from commercial shrimping. As Claimant explains, FCFP compensation is intended to replace revenue that would have been earned from shrimping but for damages caused by oil industry obstructions. With regard to the CDSOA payments, Claimant argues that this

government program compensates shrimpers for revenue lost as a result of shrimp imported and sold at prices below fair market value. Hence, Claimant contends that these payments are derived directly from commercial shrimping because they are intended to replace lost shrimping revenue.

In Policy 328 v.2, the Claims Administrator enumerated eight categories that are typically not treated as revenue in BEL claims. These include grants received by "For-Profit" entities. However, in a footnote, the Administrator makes clear that government crop subsidies and payments under the CDSOA program *are not* considered to be in the nature of grants. Hence, such payments would be treated as revenue.

Numerous appeal panel decisions have also applied this policy and upheld the inclusion of government subsidies as revenue in BEL claims. There is no logical reason why this rationale should be equally applicable to government payments to a Seafood claimant. This is especially true in the case of CDSOA payments which are specifically referenced in the footnote. The Claims Administrator was correct in including the CDSOA and FCFP revenue and in using the Expedited Compensation method to calculate the award. Accordingly, the Claimant's Final Proposal is the correct result.