**Reasons for Remand**

**Appeal # 207341,** ▇▇▇▇▇▇▇▇

**March 5, 2015**

      This appeal presents for review a recurring issue (at least from this Panelist's perspective) involving the second prong of the Decline-Only Revenue Pattern Test.

      Claimant appeals the denial of its Claim. In its Opening Memorandum, Claimant expressed the following frustration:

> "[T[he explanations provided to the Appellant by Deepwater Horizon are completely insufficient to establish with any certainty what the alleged deficiencies are or how a claimant can resolve the problem. The verbiage [in the Denial Notices] is vague, unclear, ambiguous, generic, nonspecific. . . . The notices, as phased, make it impossible for a claimant and/or claims preparer to properly respond."

      This Panelist requested a Summary of Review in which the Claims Administrator was asked to provide specific reasons why this Claim was denied. In response, the Claims Administrator found fault with the documentation that Claimant had submitted in an effort to satisfy the second prong of the Decline-Only Revenue Pattern Test. The Summary of Review set forth fairly detailed reasons why the documentation submitted was insufficient. [Because the second prong was not satisfied, the Settlement Program did not address the third prong.]

      This Panelist agrees with Claimant that the Summary of Review is the first indication in the record outlining the specific reason for denial. [It should be noted that even BP was unsure of the reason for the denial, as its Opposition Memorandum devoted several pages to arguing that Claimant had not satisfied the third prong.]

      This is not the only appeal that has come before this Panelist in which a claimant has complained that specific reasons for the denial were not provided until a Summary of Review was issued. The obvious problem this creates is that a claimant is uncertain of the basis of the initial denial and is thus unsure of what additional information it should submit on reconsideration. In the instant matter, the vagueness of the Denial Notices left Claimant to guess which of the three prongs in the Decline-Only Revenue Pattern Test it failed to satisfy, and why.

      Contributing to this problem is language from Policy 474 (Decline-Only Causation Test). Part II (C), entitled "Failure to Provide Documentation Identifying Factors Outside the Control of the Claimant," states that "The Settlement Program will not issue and Incompleteness Notice for specific documentation identifying factors outside the control of the claimant that prevented the recovery of revenues in 2011.

1

A fair reading of the Summary of Review suggests that the Settlement Program found that the Claimant had failed to show "factors outside the control of the claimant." The Claimant submitted information regarding alleged 2011 competitors. But the Settlement Program found that the Claimant "did not provide any documentation showing how the businesses identified in these documents compete with the Claimant's business." In keeping with Policy 474, the Settlement Program did not communicate this *specific* finding to the Claimant during the review process.

This Panelist conducted a cursory review of the documents that were submitted by the Claimant. This Panelist's preliminary opinion is that the documentation is insufficient. This Panelist generally agrees with the Claims Administrator that the information provided by Claimant do not explain how these businesses competed with Claimant and/or how their entry into the market prevented the recovery of Claimant's revenue in 2011. Claimant suggests in its briefing that, regarding cause and effect, "none of the policies state that a Claimant is encouraged to do so or that they are required to do so." This Panelist disagrees with Claimant's assessment. The burden is on the Claimant "to provide *specific documentation* that identifies factors outside the control of the claimant that prevented the recovery of revenue in 2011." This Panelist strongly suggests that Claimant "connect the dots" on remand.

For the above reasons, this matter is remanded with instructions to provide the Claimant the opportunity to offer specific documentation (if it can) necessary to satisfy the second prong of the Decline-Only Revenue Pattern Test. [This Panelist offers no opinion on whether Claimant meets the third prong.]