# MEMORANDUM

**To:**   Claims Administrator

**From:** Class Counsel

**Re:**   <u>MDL Defendants</u>
         *Request No. 539*

**Date:** June 30, 2014

      Pursuant to Pre-Trial Orders Nos. 11, 24 and 25, the MDL Defendants are defined by the "B1" Master Complaint for Economic and Property Damages and the "B3" Master Complaint for Exposure Injury Medical Claims, as well as VoO Charter Compensation Claims.

      While other parties may be named (or mis-named) by some plaintiff in some case that has been transferred to the MDL for some purposes, these parties have never been required to Answer any petition or complaint; they were not parties to the Phase One or Phase Two Trial; they are not permitted to serve discovery on either the particular plaintiff who may have named them or upon any other plaintiff or defendant in the litigation; and they have never had to provide discovery responses in the MDL. These one-off claims are effectively stayed for MDL purposes, and will be litigated when the actions are transferred back to their original jurisdictions.

      In particular, Pre-Trial Order No. 11, provided that:

> Private Individuals and Business Loss Claims. These Pleading Bundles will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:
>
>> B1. Non-Governmental Economic Loss and Property Damages. This Pleading Bundle will include, *inter alia*, the following types of current and anticipated claims: (i) *Robins Dry Dock* claims; (ii) OPA claims; and (iii) state law claims, which will be set forth, for administrative purposes, in one or more administrative Master Complaints.
>
> \* \* \*
>
>> B3. Post-Explosion Clean-Up Claims. This Pleading Bundle will include all claims related to post-explosion clean-up efforts and will be pled separately and uniformly in a Master Complaint, and such claims shall not be included in any other Pleading Bundles or Master Complaints. Master Complaints, as designated above, shall be filed by December 15, 2010.

* * *

Defendants' shall each file responses to the Master Complaints in Pleading Bundles B and D…. [1]

Pre-Trial Order No. 25 later clarified that:

**Any individual plaintiff who is a named plaintiff in a case that falls within Pleading Bundle B1, B3, D1, or D2, or any combination thereof, is deemed to be a plaintiff in the applicable Master Complaint(s).**

* * *

For the procedural and administrative purpose of answering or otherwise responding to the complaints in Pleading Bundles B1, B3 and D1, (and subject to the provisions of Paragraph 8), as to any Defendant named in one or more Master Complaint(s), the allegations, claims, theories of recovery and/or prayers for relief contained within the pre-existing petition or complaint are deemed to be amended, restated, and superseded by the allegations, claims, theories of recovery, and/or prayers for relief in the respective Master Complaint(s) in which the Defendant is named that apply to the pre-existing petition or complaint.

* * *

**All individual petitions or complaints that fall within Pleading Bundles B1, B3, D1, or D2, whether pre-existing or filed hereafter, are stayed until further order of the Court.**

* * *

Whether through counsel or *pro se*, any individual or entity who heretofore has not filed a complaint, petition or claim in limitation arising out of the Deepwater Horizon oil spill and who desires to bring a claim in Limitation [No. 10-2771] and/or assert a cause of action subject to one or more of the Master Complaints, [Doc 879 and/or 881], may do so by filing directly into Civil Action No. 10-8888 the form reflected in EXHIBIT 3 ["short form"] or other form prepared and supplied by the Plaintiffs' Steering Committee and approved by the Court. The filing of a short form in Civil Action No. 10-8888 shall be deemed to be a simultaneous filing of an answer and claim in Civil Action No. 10-2771 and an intervention into one or more of the Master Complaints [Doc 879 and/or 881] in Civil

---

[1] PRE-TRIAL ORDER NO. 11 (Case Management Order No.1) [Rec. Doc. 569] (Oct. 19, 2010), §III(B) and §IV(B).

Action No. 10-md-2179. The filing of short form joinders shall be fully subject to the provisions of PTO No. 20, addressing Direct Filing.[2]

With very few exceptions, the general stay in Paragraph 8 of Pre-Trial Order No. 25 has never been lifted by the Court.

Accordingly, the only true "MDL Defendants" – and arguably the only defendants that were readily and objectively ascertainable for Class Definition and Class Notice purposes – were and are those Defendants that were specifically named and served by the Plaintiffs' Steering Committee in the B1 and/or B3 Master Complaint.

The "B1" Defendants are:

- BP plc, BP Exploration & Production, and BP America
- Transocean Ltd., Transocean Offshore Deepwater Drilling, Transocean Deepwater Inc., Transocean Holdings, and Triton
- Halliburton Energy Services Inc. and Sperry Drilling Services
- M-I LLC ("M-I Swaco")
- Cameron International Corporation
- Weatherford US LP
- Anadarko Petroleum Corporation and Anadarko Exploration & Production
- MOEX 2007 Offshore LLC, MOEX USA Corp. and Mitsui Oil Corp.[3]

The "B3" Defendants are:

- BP plc, BP Exploration & Production, and BP America
- Transocean Ltd., Transocean Offshore Deepwater Drilling, Transocean Deepwater Inc., Transocean Holdings, and Triton
- Anadarko Petroleum Corporation and Anadarko Exploration & Production
- MOEX 2007 Offshore LLC, MOEX USA Corp. and Mitsui Oil Corp.
- Marine Spill Response Corporation (MSRC)

---

[2] PRE-TRIAL ORDER NO. 25 [Rec. Doc. 983] (Jan. 12, 2011), ¶¶ 4, 5, 8 (emphasis supplied), and 9. *See also, generally,* PRE-TRIAL ORDER NO. 24 [Rec. Doc. 982] (Jan. 12, 2011).

[3] *See* B1 MASTER COMPLAINT [Rec. Doc. 879] (Dec. 15, 2010), pp.45-55, ¶¶186-216.

- Airborne Support Inc. and Airborne Support International
- Lynden
- Dynamic Aviation Group
- International Air Response
- Lane Aviation
- National Response Corporation (NRC)
- O'Brien Response Management Inc.
- Tiger Safety LLC
- Nalco Company and Nalco Holdings LLC[4]

**Virtually All of the One-Off Defendants Are Named in Medical – *Not* Economic Damages – Cases**

Personal injury, wrongful death, and other medical claims are expressly excluded from and reserved by the Economic & Property Damages Settlement.

Yet virtually all, if not all, of the "one-off" defendants that are not named in the B1 or B3 Master Complaints are named (and perhaps mis-named) by individual plaintiffs in individual Jones Act or other personal injury or other medical – *not* economic or property damages – actions.

**Must Be Cut-Off as of the Date of the Settlement Agreement**

At the very least, the exclusion can only include defendants who were named by a plaintiff in the MDL as of April 18, 2012, when the Settlement Agreement was executed and submitted. The fact that a defendant might be named by some individual in some case now cannot retroactively exclude that business nor its employees or former employees from the Settlement Class.

cc: Counsel for BP

---

[4] *See* B3 MASTER COMPLAINT [Rec. Doc. 881] (Dec. 15, 2010), pp.9-20, ¶¶24-67.