# MEMORANDUM

**To:**   Claims Administrator

**From:** Class Counsel

**Re:**   Wetlands Claims: No Formal Succession
*Policy No. 500*

**Date:** May 5, 2014

In the opening of a succession, Louisiana law does not appear to mandate the affidavit of a non-interested party. Evidence of the decedent's property and domicile in Louisiana, and other facts necessary to establish jurisdiction may be evidenced by affidavits. La. CCP art. 2821.

> "The affidavits referred to in Article 2821 <u>shall be executed by two persons having knowledge of the facts sworn to</u>. These affidavits shall be filed in the record of the succession proceeding." La. CCP art. 2822.
>
> "The rationale of the custom of proving the facts in an *ex parte* succession by affidavits is that the latter constitute the depositions of 'two good and credible witnesses.' Since at the time this custom was adopted the parties to any judicial proceeding were deemed incompetent to testify, there was implicit in the customary practice the requirement that the affidavits annexed to the petition be those of disinterested witnesses. However, <u>there is no requirement in the above article that the affiants be disinterested</u>. In the case of old people, dying with few or no relatives here, the heirs and the attorney are often the only persons who can swear to the facts showing the relationship of the heirs. Furthermore, in certain parts of the state the practice heretofore has not been to require disinterested affiants, and if any requirement is made that the affidavits be those of disinterested witnesses doubt might be cast in many cases upon the legality of judgments of possession based upon completely accurate recitals of fact." La. CCP art. 2822 cmt. (b) (emphasis supplied).

Note that the above two articles are used to establish the jurisdiction of the court, the marital status of the decedent, and relationship of the heirs, not the extent of the decedent's property. Proof of the property owned by the decedent is evidenced by the filing of a *process verbal* of an inventory by a notary public or a detailed descriptive list.

A detailed descriptive list (listing the property of the decedent, and the location and value thereof) submitted in lieu of an inventory performed by a notary public is "prima facie proof of all matters shown therein unless amended or traversed successfully." La. CCP art. 3137. Only

the person filing it, or any "interested party" may move to traverse the detailed descriptive list. *Id.* There is no requirement that the person filing the detailed descriptive list be a non-interested party. Rather, the detailed descriptive list may be filed by "the person at whose instance the inventory would be taken" and "shall be sworn to and subscribed by the person filing it." In the case of a succession with no administrator, this will necessarily be one of the parties to the *ex parte* Petition for Possession. Since under Louisiana law, the detailed descriptive list is *prima facie* correct, the affidavit of a claimant should be considered *prima facie* correct, and there should be no need for corroboration by a disinterested person.

Hence, rather than require the affidavit of a disinterested person, in cases where the Settlement Program determines that there is something suspicious about a claim by an heir asserting ownership *via* an unopened succession, it should reference Policy No. 442 ("Wetlands Real Property Claims: Competing Chains of Title").

**In the Alternative**

Each claimant must file a claim for his or her own interest in the Eligible Parcel. If a claimant is required to submit two affidavits, or a single affidavit attested to by two individuals, one person will always be someone other than **the** claimant. However, a requirement that an affidavit be given by someone who is not "**a** claimant" could be interpreted to exclude affidavits from any person making any type of claim under the Settlement Agreement.

In the event the disinterested party requirement is retained, therefore, the "a claimant" language should be limited in some way. For example:

    a.    "As an additional safeguard, one of the affidavits must be executed by a person who is not the claimant."

    b.    "As an additional safeguard, one of the affidavits must be executed by a person who is not a claimant with respect to the parcel which is the subject of the claim."