# MEMORANDUM

**To:** Claims Administrator

**From:** Class Counsel

**Re:** Multi-Facility Business Claims
*Policy No. 490*

**Date:** January 13, 2014


Class Counsel respectfully submit the following comments to the Proposed Multi-Facility Policy issued on December 18, 2013:

Limitation on the Ability to File Multi-Facility Claims using "Contemporaneous" P&Ls

Throughout Proposed Policy No. 490, the Claims Administrator makes reference to Section 2 of the Multi-Facility Business documentation requiring the Claimant to submit "Separate profit and loss (P&L) statements for each individual Facility that were prepared and maintained in the normal course of business."  It was agreed, in this regard, that a multi-facility business claimant would provide to the Program any P&Ls that were, in fact, actually prepared and maintained in the ordinary course of business.  However, this requirement was *not* intended to limit the right of a Claimant to submit either Consolidated or (where otherwise permissible) Facility-by-Facility Claims based on "*contemporaneous*" Profit & Loss Statements, generated from underlying and reliable documents and data, as provided in Section 38.38.

Limitation on the Ability to File Claims for Some, but not All, Facilities

Class Counsel understand that individual Facilities with different Causation standards and/or RTPs cannot be grouped together (beyond what is expressly permitted in Exhibit 5 with respect to Consolidated claims).  However, as a practical / mechanical issue, Claimants should be able to "file separate claims for one, some, or all of its facilities located in the Gulf Coast Area," as set forth in Exhibit 5.

Notably, a previous draft of the framework expressly provided that: "The claimant may not, however, elect to file a claim for any combination of Facilities comprising a subset of the claimant's Facilities."[1]  This language was expressly negotiated out of the Agreement to eliminate that limitation.

---

[1] *See* Draft Framework (Feb. 7, 2012) [Bates No. 02444] (attached).

Page **1** of **3**

As long as the individual Facilities in question share the same Causation standard and RTP, there is no reason (nor is there anything in Exhibit 5) to prevent the Entity from filing the claims of "some" of its Facilities together.

Application of Favorable Industry Designation to Individual Claiming Facilities

In Section D(4) of the Proposed Policy, the Claims Administrator correctly indicates that the Program "will apply the causation presumption, causation standard and RTP applicable to each separate Facility, based on the location and industry of each Facility."

That sentence is followed, however, by an indication that "the Industry Designation applied to each Facility … will be the same."  This is not correct.

The entire purpose of the Multi-Facility Framework was to provide the Claimant with as much optionality as was feasible, and to allow a multi-facility business to have individual Claiming Facilities evaluated and paid under more favorable Causation standards and RTPs.

While Class Counsel understand and agree that Industry Designations under Exhibits 17 and 18 should be applied at the Entity level, because they determine Class Membership, once the Entity is determined to be an eligible Class Member, the Exhibit 2 "Tourism" designation and/or Exhibit 3 "Seafood" designation (as well as the Exhibit 16 criteria) should be applied (or not applied) most favorably to each separate claiming Facility.

This was one of the main purposes behind Exhibit 5, and is required under Sections 4.3.7 and 4.3.8.

Exclusion of Sole Proprietorships

Section F of the Proposed Policy appears to effectively exclude all Sole Proprietorships from the Multi-Facility Framework.  This was not the intent of the Agreement.

While, depending on the facts and circumstances, and the way in which the business is organized and structured, the Claims Administrator might be correct that in some individual cases it is not possible to define a "Headquarters" or otherwise feasible to apply the Multi-Facility Framework.

However, the Parties specifically contemplated that Sole Proprietorships would file Business Economic Loss Claims (including Multi-Facility Business Claims) (as opposed to Individual Economic Loss Claims) as Entities.

In particular, Section 38.15 of the Settlement Agreement provides that:

> Business Claimant or Business Economic Loss Claimant shall mean an Entity, <u>or a self-employed Natural Person who filed a Form 1040 Schedule C, E or F</u>, which or who is an Economic Class Member claiming Economic Damage allegedly arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident.

The definition of "Entity" in Section 38.63 is broad, and in no way excludes Sole Proprietorships, who are instructed to file as Business Claimants.

Class Counsel respectfully suggest that this determination be made on a claim-specific basis, and not as a matter of policy. There was never an intent to exclude, nor is there anything in Exhibit 5 or the Settlement Agreement itself which excludes Sole Proprietorships filing BEL Claims as Businesses from utilizing the Multi-Facility Framework on a *de facto* basis.

As always, we appreciate the Claims Administrator's time and consideration in this matter.

## Compensation Option for Multi-Facility Businesses (BP 2/07/12)

A "Multi-facility Business" as defined below may, at its option, elect to file separate claims for each "Facility" as defined below, or may elect to file a consolidated claim for all Facilities. The claimant may not, however, elect to file a claim for any combination of Facilities comprising a subset of the claimant's Facilities.[1]

### I. Definitions

**"Multi-facility Business"** means a business entity that, during the period April 1, 2010 through January 1, 2011, maintained facilities in more than one location within the geographic area covered by the Economic Loss Class Definition.

**"Facility"** means a separate and distinct physical location at which business operations were performed or managed that satisfies each of the following requirements:

1) It (a) was housed separately from any headquarters of the Multi-facility Business or
   (b) was a separately-housed headquarters of the Multi-facility Business, or
   (c) incidentally housed a business headquarters which did not constitute the primary use or occupy more than 10% of the space of the physical location.
2) It had separate, contemporaneously-prepared profit and loss statements in the benchmark period and 2010.
3) It is not already included in any other claim submitted to BP or the GCCF by the Multi-facility Business.

**"Claiming Facility"** means a Facility on behalf of which a claim is filed.

### II. Causation

For purposes of determining whether causation requirements are satisfied, each Claiming Facility will be treated as a separate, stand-alone entity that must satisfy the causation standards and requirements as outlined in the <u>Causation Requirements for Business Economic Loss Claims</u>.

### Compensation Framework

---

[1] This element of the settlement is complete subject to the Parties continuing disagreement regarding the scope of the release. In particular, BP's position is that the release must cover any business operations or entities of the class member inside and outside the geographic scope of the settlement and PSC's position is that the release should only cover business operations or entities within the geographic scope of the settlement and a claimant can participate in the settlement and continue to make claims or litigate with BP for claims outside the geographic scope of the settlement. See Chart at ___.

The damage methodology set forth in the Compensation Frameworks for Business Economic Loss Claims shall be applied to each Claiming Facility, subject to the following modification: All direct expenses associated with the Claiming Facility in the contemporaneously-prepared P&L statements, and only such expenses, must be included in the calculation.

### III.    Business Documentation

Each Claiming Facility must satisfy the documentation requirements set forth in <u>Documentation Requirements for Business Economic Loss Claims.</u>

HIGHLY CONFIDENTIAL                                                                                                              02444