# MEMORANDUM

**To:**   Settlement Program Appeal Panelists

**From:** Class Counsel

**Re:**   Oil & Gas Exclusion / Evidentiary Record on Appeal

**Date:** November 12, 2013

---

In Class Counsel's submission of October 29, 2013, in response to the request for *en banc* submissions in connection with the claim and appeal of ▬▬▬▬▬▬▬▬▬▬,[1] we addressed three significant issues of general class-wide application:

1. That BP should not be allowed to present its own new or additional "evidence" to the Appeal Panelists;

2. That inquiry into Class Membership (or Exclusion) is Entity-specific; and,

3. That when applying the Exclusions in Exhibits 17 and 18, the use of an NAICS Code on the Claimant's 2010 Tax Returns and/or Business License that is not excluded should be presumptively correct, absent compelling evidence to the contrary.

BP has apparently submitted a Reply to Class Counsel's Submission.

Class Counsel respectfully submit this brief and concise Supplemental Submission to make an additional point regarding Issue No. 1, *supra*.

In our original Submission, we pointed out that: (1) BP agreed to independent Program Vendors and an independent Claims Administrator and Trustee who would be entrusted with the responsibility to collect the required Documentation and other necessary information and to evaluate the claims accordingly;[2] (2) Section 6.2 of the Settlement refers solely to "the complete

---

[1] No. 100176960.

[2] Indeed, BP had utilized BrownGreer, Garden City and PwC for the administration of BP's pre-existing Gulf Coast Claims Facility (GCCF), and desired (to some extent, insisted) that they be appointed as Program Vendors to administer the Court-Supervised Settlement Program.

record of the Claimant in the Settlement Program"; and (3) There is nothing in Section 6, Exhibit 25, or the Rules Governing the Appeals Process which provides BP with the right to submit additional "evidence".

In further support of Class Counsel's position, we respectfully direct the Appeal Panelists' attention to Sections 4.3.7, 6.1 and 6.1.2.1.1 of the Settlement Agreement – which all embody the concept that the Claimant would be provided with the right to know exactly how, why and on what basis the Claimant's Claim was either calculated or denied, and multiple opportunities to address such documents or other information or analyses, in order to "be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement."[3]

All of these provisions contemplate and provide that such notice and opportunities would be provided to the Claimant *before* any Settlement Program Appeal.

If, as BP now suggests, BP were permitted to submit new purported, untested, extrinsic "evidence" with its Initial Proposal, the Claimant would have a very limited opportunity to respond; and, to the extent that BP is submitting new purported, untested, extrinsic "evidence" with BP's Final proposal, the Claimant has absolutely *no* opportunity to respond.

For these reasons, and for the reasons stated in Class Counsel's October 29th Submission, BP should not be allowed to present its own new or additional "evidence" to the Appeal Panelists.

---

[3] SETTLEMENT AGREEMENT, Section 4.3.7; *see also,* Section 6.1 ("Subject to and in accordance with Sections 4.3.7 and 4.3.8, Economic Class Members will have up to three opportunities, depending on their circumstances, to have their Claims reconsidered and reviewed to assure accuracy, transparency, independence, and adherence by the Settlement Program to the terms of this Agreement"); Section 6.1.2.1.1 (at the commencement of the 30-day period in which the Claimant can seek Reconsideration, "the Settlement Program shall provide access to the Claimant and the BP Parties of all forms, calculations and worksheets relied upon by the Settlement Program in reaching the final determination").