# MEMORANDUM

**TO:** Appeal Panelists

**FROM:** Class Counsel

**RE:** Treatment of Condo Owners Associations as Part of the "Tourism" Industry

**DATE:** October 23, 2013

---

On October 8, 2013, the Appeal Panelists voted to take up the following issue *en banc* and requested that the Parties submit briefs on the following issues:

1. *Should condo associations be granted the "tourism" designation?*

2. *If so, should such a designation be based on services they provide such as pool maintenance, elevator maintenance, landscaping, pest control, etc.?*

3. *Alternatively, should such a designation be based on some other criteria?*

## General Approach to Application of "Tourism" Designation

"Tourism" is defined broadly and expansively within the Settlement Agreement to include: "businesses which provide services such as attracting, transporting, accommodating or catering to the needs or wants of persons traveling to, or staying in, places outside their home community."

As set forth in Class Counsel's Memo to the Claims Administrator of October 11, 2012, the NAICS Codes that follow this general definition in Exhibit 2 are neither expressly illustrative nor expressly exclusive.

Significantly, Exhibit 2 contains not only the lists of specific types of businesses that are identified under the relevant NAICS Codes, but the Industry Definitions themselves.

So, for example, NAICS Code 447110 is not simply the enumerated examples:
- Convenience food with gasoline stations
- Gasoline stations with convenience stores
- Gasoline with convenience stores

But also includes an Industry Definition of:

"...establishments engaged in retailing automotive fuels (*e.g.,* diesel fuel, gasohol, gasoline) in combination with convenience store or food mart items. These

establishments can either be in a convenience store (*i.e.* food mart) setting or a gasoline station setting. These establishments may also provide automotive repair services."

As a general set of guiding principles, Class Counsel advocated for the following rules:

1. Where the Claimant (or Employer) is a business that is specifically identified on Exhibit 2, it should be treated as a "Tourism" business, irrespective of what NAICS Code the business may have used for various purposes in the ordinary course of its business.

2. When the Claimant (or Employer) actually used one of the NAICS Codes that is listed on Exhibit 2 on its tax returns, business licenses, or otherwise, for at least some purposes, in the ordinary course of its business, it should be presumed to be "Tourism" – absent compelling evidence to the contrary.

3. When the Claimant (or Employer) is neither a business that is specifically identified on Exhibit 2 and did not use an NAICS Code that is listed on Exhibit 2 in the ordinary course of its business, then the Claims Administrator should fairly apply the entirety of Exhibit 2 – including the introductory definition of Tourism generally, the Industry Definitions that accompany each NAICS Code listed on Exhibit 2, and the examples that are specifically listed under each NAICS Code listed on Exhibit 2 – to determine whether the Claimant (or Employer) should fairly and reasonably be considered "Tourism".

Class Counsel pointed out that, even to the extent that the Codes on Exhibit 2 might be considered "exhaustive": **(i)** they, as noted above, include Industry Definitions which would encompass additional businesses that are not specifically listed, but which, in light of the general introductory Tourism definition, and the nature of the business, should be treated as falling under one or more of those Codes; and **(ii)** they extend to the businesses that are specifically identified under the Codes, even if, for some reason, the Claimant (or Employer) did not use that specific Code (or Codes) in the ordinary course of its business.

So, for example: A studio that takes pictures of vacationers or weddings on the beach should be placed in Tourism if it used one of the NAICS Codes identified on Exhibit 2 in the ordinary course of its business. In addition, or alternatively, the Program might consider such a business to fall within the definition of "Tourism" under a totality of the circumstances. *See, e.g.,* NAICS 453220 ("souvenirs ... seasonal and holiday decorations"); NAICS 448190 ("bridal gowns"); NAICS 487110 ("scenic and sightseeing transportation"); NAICS 561520 ("tour operators"); NAICS 712190 ("nature parks"); NAICS 713990 ("ballrooms ... beaches ... picnic grounds ... tourist guide services").

Finally, in any close case where the Claimant (or Employer) can fairly and reasonably be classified as a "Tourism" business, Section 4.3.8 (as well as Sections 4.3.1 and 4.3.7) should favor general application of the Tourism definition in a Claimant-favorable way.

On October 25, 2012, the Claims Administrator set forth Policy Decision No. 289, which provides as follows:

> (a) Exhibit 2 provides that "Tourism means businesses which provide services such as attracting, transporting, accommodating or catering to the needs or wants of persons traveling to, or staying in, places outside their home community."
>
> (b) Exhibit 2 then provides a list of NAICS codes which qualify a claimant for inclusion in the Tourism category. The Claims Administrator finds that the list of NAICS codes is illustrative, not exhaustive.
>
> (c) If the most appropriate NAICS code for a claimant is one of the codes listed on Exhibit 2, that claimant will be considered to fall within the Tourism definition.
>
> (d) If the most appropriate NAICS code for a claimant is not one of the codes listed on Exhibit 2, that claimant may still be considered to fall within the Tourism definition if the Claims Administrator determines in his discretion that the claimant's business meets the definition outlined in Subsection (a) above.[1]
>
> (e) The Claims Administrator has established a specialized team to assess Tourism issues on a case-by-case basis.
>
> (f) Characterization of a claimant's business as Tourism vs. Non-Tourism shall be based on the totality of the circumstances, including consideration of the business' activities during the Benchmark Period and the Class Period

In accordance with Section 4.4.7 of the Settlement Agreement, as well as Sections 4.3.1, 4.3.7 and 4.3.8, if the business activities and services performed by a Condominium Owners' Association (or other Claimant) can be construed to meet the "Tourism" Definition, it must be granted the designation.

**<u>Condominium Owners' Associations Should Generally Be Granted the "Tourism" Designation Because They Generally Attract and Provide Accommodations and Cater to the Needs or Wants of Persons Traveling to, or Staying in, Places Outside Their Home Community</u>**

Initially, it should be noted that most condominium owners in the Gulf Coast Area own, use and/or lease their property for vacation or recreational purposes. Indeed, where the owners of the condominium units reside elsewhere (and their condominium is located outside the owners' "home community"), the owners themselves meet the definition of a "tourist" as set

---

[1] *See also, e.g.,* Claims Administrator's Policy Determination No. 480, regarding the methods used to determine a claimant's appropriate NAICS code. In accordance with the introductory language that appears on Exhibits 17 and 18, Policy Determination No. 480 provides that the Claims Administrator will review an Entity's 2010 Tax Return, and 2010 Business Permit(s) or License(s) (if available), as well as all other evidence of the business activities of the Entity necessary to determine the NAICS Code that describes the Entities primary business activity.

forth in Exhibit 2 – not to mention all of the guests who may lease the individual condominium units for temporary vacation or recreational visits. The services that the Condominium Owners' Association provides, (*e.g.* pool maintenance, elevator maintenance, food and beverage services, umbrella rental, cleaning services, trash removal, landscaping, pest control, etc.), are generally provided, in large part, to tourists.

Working from Class Counsel's General Rules (and/or from the Claims Administrator's Policy No. 289), we believe that:

If the Condo Owners Association Claimant actually used one of the NAICS Codes that is listed on Exhibit 2 in the ordinary course of its business, it should be given a "Tourism" designation.

Additionally, and in the alternative, the Program should generally consider a Condo Owners Association to fall within the definition of "Tourism" under a totality of the circumstances. *See, e.g.,* NAICS 561599 (Travel Arrangement and Reservation Services, including "condominium time share exchange services" and "hotel reservation services"); NAICS 721110 (Hotel and Motels, including "hotel management services"); NAICS 721191 (Bed-and-Breakfast Inns); NAICS 721310 (Rooming and Boarding Houses); NAICS 721214 (Recreational and Vacation Camps); NAICS 721199 (All Other Traveler Accommodations). *See also,* NAICS Codes associated with Services Provided, discussed further below.

**The Types of Services that Condo Associations Provide**

Initially, Class Counsel note that Condominium Owners Associations provide a range of services to their members, (as well as non-owner leasees / guests). These services may include: collection of dues and fees; marketing, managing, leasing and/or selling of condominium units; common area and building maintenance; maintenance and management of the property's recreational amenities (*e.g.* pool, golf course); operation of restaurants, bars, or other recreational amenities provided on the property; and providing booking services and the collection or rents for members who choose to rent their units to tourists (this service is rendered to both the owners and tourists). Many of these services are contained within the NAICS Code Industry Definitions and examples on Exhibit 2. *See, e.g.,* NAICS 721110 ("hotel management services"); NAICS 722211 (Limited-Service Restaurants); NAICS 722213 (Snack and Nonalcoholic Beverage Bars); NAICS 532292 (Recreational Goods Rental, including "beach chair rental", "beach umbrella rental", "boat rental", "exercise equipment rental", etc); NAICS 561599 (including "condominium time share exchange services" and "hotel reservation services"); NAICS 713910 (Golf Courses and Country Clubs); NAICS 713990 (All Other Amusement and Recreational Industries).[2]

---

[2] Because the types of services offered by condominium owners associations vary from one association to another, they may report any number of different NAICS Codes on their Tax Returns and/or Business License(s). Thus, as set forth in Policy Decisions 289 and 480, (as well as Class Counsel's suggested General Rules), a simple examination of the claimants stated NAICS Code is not necessarily definitive to determine the appropriate NAICS Code, and, as such, a case-by-case analysis of "all other evidence of the business activities of the Entity" is necessary to determine the NAICS Code that most appropriately describes the claimant's primary business activity.

In attempting to answer the *En Banc* Appeal Panel's question about whether the "Tourism" designation should be "based on services they provide such as pool maintenance, elevator maintenance, landscaping, pest control, etc.," Class Counsel not that there might be specific, separate, distinct Claimant Entities or individual Facilities that might fall within the "Tourism" Definition and be designated as such, (even of a parent Condo Association Entity or other Facility does not).

Where the Condo Owners Association is one single Entity / Facility Claimant, Class Counsel believe that it is appropriate to look at the services provided by the Condo Owners Association, along with all other relevant factors, to determine whether the Condo Owners Association as a whole falls within the "Tourism" definition, as outlined above.

Again, Section 4.3.8 of the Settlement Agreement directs the Settlement Program to evaluate a claimant's information and supporting documentation under the terms of the Economic Damages Claim Process to produce the greatest Economic Damages Compensation Amount that such information and supporting documentation allows.  (*See also, e.g.,* Sections 4.3.1 and 4.3.7.)  Hence, in the case of any question or doubt, the more favorable "Tourism" designation should be assigned to any Condo Owners Association.