# MEMORANDUM

**To:**     Claims Administrator

**From:** Class Counsel

**Re:**    Subsistence Claims based on Bartering Seafood
            *Request for Input No. 484*

**Date:**  August 14, 2013

      The Claims Administrator has sought guidance from the Parties relating to the sale or barter of fish (or game) by a Class Member with a Recreational License only.  As we understand it, this inquiry does not relate to a Subsistence *consumption* claim for compensation by an individual with a Recreational License;  nor does it relate to individuals with a Commercial Fishing License;  nor does it relate to the claim of a *Deckhand* claims – *i.e.* those eligible to file claims into the Seafood Compensation Program under Categories 1-3 (*see* Exhibit 9, Sections A.3[1] and C.5[2]).  Even where a Deckhand does not have his or her own formal Commercial License (and may or may not have his or her own individual Recreational License) he or she is permitted to barter his or her portion of the catch that is caught pursuant to the Commercial License held by the vessel owner and/or operator.

      Pursuant to the terms of the Settlement Agreement, Exhibit 9, Sections A.2[3] & A.4[4], (and as the Request for Input itself acknowledges), "individuals with a recreational fishing license … can seek compensation as a Subsistence claimant, provided they meet the other requirements of the Subsistence definition."  Therefore, there seems little doubt that persons who have a Recreational License can have a Subsistence claim.

      The inquiry is simply whether catch that is used to support the fisherman and/or his or her family thru barter (as opposed to direct consumption) is covered within Exhibit 9, Section B.2.[5]

---

[1] "The Subsistence Claimant definition includes claimants who satisfy the definitions of a Commercial Fisherman and Seafood Crew, provided such claimants satisfy the other elements of the Subsistence Claimant definition and provide the documentation listed below."

[2] "Copy of state and/or federal commercial or recreational fishing and/or hunting license. Deckhands or others that are not required to possess a fishing license are excused from this requirement."

[3] "Subsistence Claimant shall be defined as follows: (i) a Natural Person who satisfies the Class Definition, (ii) who fishes or hunts to harvest, catach, barter, consume or trade Gulf of Mexico natural resources (including Seafood and Game), in a traditional or customary manner, to sustain his or her basic personal or family dietary, economic security, shelter, tool, or clothing needs, and (iii) who relied upon subsistence resources that were diminished or restricted in the geographic region used by the claimant due to or resulting from the DWH Spill."

[4] "The Subsistence Claimant definition does not include Recreational Fishermen or Hunters" but "the Subsistence Claimant definition does include claimants who hold a recreational fishing license, provided such claimants satisfy the other elements of the Subsistence definition" and provide the required documentation.

[5] Compensation for natural resources "will include quantities of natural resources given to member's of [a] Claimant's extended family unit for their personal consumption or for the purposes of barter."

While there may be some legal authority on the books in the States of Louisiana, Alabama, Florida, Mississippi and Texas which might call into question the ability of a Claimant to barter such catch, we respectfully submit that it is not the role or the obligation of the Settlement Program to enforce what it perceives to be State Law.  The enforcement of such provisions, it is respectfully submitted, is a matter between the Claimant and the regulatory authority (*e.g.* La. Department of Wildlife and Fisheries), which may, or may not, as a practical matter, enforce such statutory or regulatory provisions.

The existence of such legal authority may have been used by BP in a defense to such subsistence claims, had they been litigated, and were presumably factored into the Subsistence compensation afforded under the terms of the Settlement.  At no time did BP suggest that compensation for Subsistence claims adhere to State Law requirements of Louisiana, Alabama, Florida, Mississippi and/or Texas.  BP certainly could have, but chose not to, seek to have this language included within the Settlement Agreement.

The general choice-of-law provision, in fact, refers to General Maritime Law, "as well as in a manner intended to comply with OPA"[6] – which specifically recognizes claims for subsistence losses.[7]

Indeed, there may be Class Members who are citizens of recognized Indian Tribes, who are not subject to State Laws, under the Supremacy Clause.

---

[6] *See* Section 36.1.
[7] *See* 33 U.S.C. §2702(b)(2)(C) (which provides for: "Damages for loss of subsistence use of natural resources, which shall be recoverable by any claimant who so uses natural resources which have been injured, destroyed, or lost, without regard to the ownership or management of the resources").