## Memorandum: Compensating Individual Wetlands Parcels
## Aggregated Together Under a Single Tax Assessment ID

The Claims Administrator's Proposed Policy is a step in the right direction, but does not go quite far enough. A requirement that each tract or lot be identified as a taxable "unit" in an assessment breakdown would mean Eligible tracts or lots lying within a subdivision will each be compensated as individual Parcels, but those tracts not within a subdivision will not.

The Proposed Policy was suggested to deal with parishes like Cameron Parish that assess multiple tracts or lots in a single assessment notice. Cameron Parish provides an "Assessment Breakdown" on the assessment notices which divide the assessed property into classes, indicate the number of units within each class, and assess a total value to each class. *See generally* Affidavit of Mona B. Kelley, CLA, attached hereto as "Exhibit A".

The Proposed Policy would not compensate non-subdivision lots/tracts in the same way as subdivision lots/tracts. Each subdivision lot/tract is a "unit" in the Assessment Breakdown, but this is not the case with lots/tracts that are not a part of a subdivision.

If located within subdivisions, tracts/lots of the same size are aggregated together as "units" in the Assessment Breakdown and assessed together by class (e.g., all 1 acre lots are units in a 1 acre class, all 2 acre lots are units in a 2 acre class, etc.). Below is an example of four subdivision tracts/lots aggregated together as four units.

Status: ACTIVE 500016201   **Assessment Breakdown**

| CLASS | LAND DESCRIPTION | FACTOR | QUANTITY | ADJ. MARKET VALUE | ASSESSMENT | EXEMPTION |
|---|---|---|---|---|---|---|
| 3400 | RESIDENTIAL SUBD. LOT | AV01 | 4.00 Units | $10,000.00 | 1,000 | NONE |

Legal Description: *(See listing report for full legal description if required.)*
LOTS 9, 10, 53 & 54 BLK 1 UNIT 6  HOLLY BEACH SUB IN SECS 10-12 T15S R11W (#286786 987-228 FROM WILMA BRIDE ET AL) (#303956 T/SALE TO RAINBOW RIGHTEOUS) (#306487 REDEMPTION)
(#312142 SPEC WARR DEED FROM MARY L JAX)(#314782 FROM R JAX)

If tracts/lots are not located within subdivisions, they are not individually listed in the Assessment Breakdown. Instead, the overall acreage is classified under the 1995 Soil Survey of Cameron Parish made by the U.S. Dept. of Agriculture, and aggregated together by type. In this case, each unit represents the number of acres from all tracts containing land of a particular class. A single tract may contain land of more than one class. Below is an example of an Assessment Breakdown of tracts not located within a subdivision.

Status: **ACTIVE 501088754**

## Assessment Breakdown

| CLASS | LAND DESCRIPTION | FACTOR | QUANTITY | ADJ MARKET VALUE | ASSESSMENT | EXEMPTION |
|---|---|---|---|---|---|---|
| 1265 | AG. LAND CLASS IIIW - Use Val. | AG02 | 1.00 Units | $19.00 | 19 | NONE |
| 1200 | AG. LAND CLASS III - Use Value | AG03 | 11.00 Units | $220.00 | 220 | NONE |
| 1300 | AG. LAND CLASS IV - Use Value | AG04 | 74.00 Units | $1,184.00 | 1,184 | NONE |
| 2200 | BRSH WTR. MARSH - Use Value | BM01 | 1272.00 Units | $7,632.00 | 7,632 | NONE |

Legal Description: *(See listing report for full legal description if required.)*

\* TOTAL ACRES: 1357.77778 ACS
UND 1/9 INTEREST IN THE FOLL KNOWN AS "THE JOYCE TRACT":
T14S R11W: SECT 19, ENTIRE, SEC 20, ENTIRE, SEC 21 ENTIRE, SEC 22 ENTIRE, SEC 23 ENTIRE, SEC 24 ENTIRE, SEC 25 ENTIRE, SEC 26 ENTIRE, SEC 27 ENTIRE, SEC 28 ENTIRE, SEC 29 ENTIRE, SEC 30 ENTIRE, SEC 31 ENTIRE, SEC 32 ENTIRE, SEC 33 ENTIRE, SEC 34 ENTIRE, SEC 35 W/2, SE/4, W/2NE/4, NE/4NE/4, SEC 36: NW/4NW/4, NE/4NE/4 SAVE & EXCEPT FROM THE ABOVE DES LAND 480 ACS OWNED BY MATHILDA GED- DINGS GRAY IN T14S R11W, DES BY METES & BDS IN THAT CERT RECIPROCAL AGREEEMENT BETWEEN LUTCHER & MOORE LUMBER CO & MATHILDA GRAY DATED 19TH OF JULY 1935,
#31872 27-206.
T14S R12W: SEC 23 ENTIRE, SEC 24 ENTIRE, SEC 25 ENTIRE, SEC 26 ENTIRE, SEC 36 ENTIRE.
T15S R11W: SEC 2, N/2 OF SEC, SEC 3, W/2, W/2SE/4, W/2NE/4, NE/4NE/4, SEC 4 ENTRE, SEC 5 ENTIRE, SEC 6 ENTIRE, SEC 7 ENTIRE, SEC 8 ENTIRE SEC (FRL), SEC 9 ENTIRE SEC (FRL), SEC 10 NW/4, W/2NE/4, SW/4, W/2SE/4.
T15S R12W: SEC 7 ENTIRE, SEC 10 ENTIRE (FRL)
\*\*\*TOTAL OVERALL ACREAGE OF 12,220 / 9 = 1357.77778 ACS FOR BETSY\*\*\*
(#101342) (#157418 404-521) (#116956) (#117272) (#180847 521-134) (#192707)
(#200254 623-483) (#206992)
(#266479 915-249 FROM FINA OIL & CHEMICAL CO)
(#266484 915-572 ASSIGNMENT)
(#268908 924-865 CASTEX ENERGY TO LATERRE CO LTD)
(#223833 734-301 MULLINS INV TO LMD INVEST MTD PTN)
(#272064 936-704 LATERRE CO LTD TO MIRANT SOUTH LOUISIANA FEE LLC)
(#308390 CASH SALE FROM BETSY MECOM)

In the above example the total acreage of each separately described tract of land (e.g., "T14S R12W: SEC 23 ENTIRE") is combined and then classified according to the 1995 Soil Survey scheme. The acreage of each class of land is displayed as "Units" and assessed by class. The Assessor uses the legal descriptions to map the boundaries of each tract, calculate the acreage, and determine the applicable land class(es). Thus, the legal descriptions "are used for taxing purposes." The tracts are susceptible to sale as discrete tracts of land. Nevertheless, the Proposed Policy would combine all tracts into a single Parcel.

A requirement that each tract/lot be identified as a "unit" on an Assessment Breakdown places an arbitrary constraint on the definition of Parcel. There can be no dispute that a non-subdivision tract/lot, located within the Wetlands Compensation Zone would be considered an Eligible Parcel if it were the only tract/lot listed on the assessment notice. Why then, should it not be considered a discrete Parcel if it is joined on the assessment notice by another such tract?

Much of the land within the Wetlands Real Property Compensation Zone is not subdivided because it is marshland. The percentage of Cameron Parish landowners who receive assessment notices which list multiple tracts/lots is about 90%. The Proposed Policy would be unfair to those landowners who own tracts of land which has not been subdivided.

# Exhibit A

STATE OF LOUISIANA   :
                                  : ss.
PARISH OF CAMERON   :

### AFFIDAVIT OF MONA B. KELLEY, CLA

BEFORE ME, Notary Public, in and for the Parish of Cameron, State of Louisiana, appeared the Honorable Mona B. Kelley, CLA, who after first having been sworn, did depose and state that:

1) My name is Mona B. Kelley, Certified Louisiana Assessor, and I am of the age of majority and have personal knowledge of the facts stated herein, and am competent to testify accordingly.

2) I am the elected Cameron Parish Assessor.

3) The Office of the Cameron Parish Assessor is the authority in Cameron Parish responsible for the assessment of immovable and movable property for tax purposes and the issuance of Real Estate Assessments.

4) The Real Estate Assessments issued by the Office of the Cameron Parish Assessor often list and assess multiple tracts, lots, or parcels of land on a single Notice.

5) Cameron Parish Real Estate Assessments which list multiple tracts, lots, or parcels of land and provide legal descriptions of the separate tracts, lots, or parcels, do not indicate a separate tax assessment value for each tract, lot, and/or parcel.

6) The Real Estate Assessments provide an "Assessment Breakdown" which divides the ownership interests into "classes" of land such as "AG. LAND CLASS IIIW", "SALT WTR. MARSH", or "RESIDENTIAL SUBD. LOT" and indicate a quantity of "Units" and a tax assessment for each class owned. Land is classified under a system set forth in

the Soil Survey of Cameron Parish, issued in April of 1995 by the U.S. Department of Agriculture, and as set by the Louisiana Tax Commission.

7) The number of Units as per the Assessment Breakdown may correspond to the number of tracts, lots, parcels, or acres owned, depending on the classes of land assessed within the Real Estate Assessment.

8) On the face of the Real Estate Assessment, there is no way to correlate a tax assessment value set forth in the Assessment Breakdown with an individual tract, lot, or parcel described in the Legal Description. Multiple tracts, lots, or parcels may be included within a single land class without an indication that such is the case. Furthermore, areas of a single lot, tract, or parcel may fall into more than one land class and be valued for assessment accordingly.

9) It is only when a tract, lot, or parcel listed in the Real Estate Assessment is located in a residential subdivision that each tract, lot, or parcel will be considered a discrete "Unit" in the Assessment Breakdown, regardless of the acreage of the particular tract, lot, or parcel. Residential subdivision tracts, lots, or parcels of similar size are aggregated and assessed together in the Assessment Breakdown; e.g., all tracts, lots, or parcels within a residential subdivision containing one acre are listed in one line on the Assessment Breakdown, those with one-half an acre are on a separate line, etc.

10) Tracts, lots, and parcels of land in Cameron Parish which are located adjacent and/or near to the Gulf of Mexico are often not located within residential subdivisions; rather, they are marshlands which have not been subdivided. When not part of a residential subdivision, for purposes of the Assessment Breakdown, the "Unit" descriptor refers to

the number of acres in each land class, not the number of tracts, lots, or parcels in each land class.

11) Cameron Parish is divided into six Wards. In most cases, separate tracts, lots or parcels are assessed together on the same Real Estate Assessment when they are located within the same Parish Ward. Exceptions include circumstances where different tracts, lots, or parcels within the same Ward are acquired by a person at different times or under differently spelled names. In these cases, the tracts, lots, or parcels may be assessed separately in different Real Estate Assessments.

12) The legal descriptions of the tracts, lots, or parcels of land set forth in the Real Estate Assessments, though not separately valued, are used for taxing purposes.

13) The purposes behind the policy of listing multiple tracts, lots, or parcels of land on a single Real Estate Assessment arise from administrative efficiency and what I understand to be the preferences of Cameron Parish landowners who do not wish to receive multiple Real Estate Assessments when they own multiple tracts, lots, or parcels.

14) According to the best estimate of the Office of the Cameron Parish Assessor, the percentage of Cameron Parish land owners who receive Real Estate Assessments which list multiple tracts, lots, or parcels is 90%, more or less.

Further, Affiant sayeth naught.

SUBSCRIBED AND SWORN to before me, Notary Public, at Cameron Parish, Louisiana, this _1st_ day of _July_, 2013.

_Mona B. Kelley_
Mona B. Kelley, CLA

_LeAnn Stewart_
Notary Public

My Commission Expires: _6-30-16_

Seal: