# MEMORANDUM

**From:** Class Counsel

**To:** Claims Administrator

**Re:** Subsistence
*Policy Keeper No. 442*

**Date:** June 10, 2013

In response to the questions posed by the Claims Administrator regarding Overlapping Family Members making Subsistence Claims, Class Counsel respectfully respond as follows:

QUESTION 1:

No, the Claims Administrator does not have a duty to try to identify the instances in which different Subsistence claimants have claimed the same person as a member of the claimant's family unit who relies on natural resources provided by the claimant. Nothing of the sort is required by the Settlement Agreement or Subsistence Framework, and, as the Claims Administrator points out, doing so would create an additional procedural hurdle, and would most likely be logistically impossible. In other contexts (*e.g.* wetlands, multi-facility) we have rejected procedures that would require all related claims to be filed and pending simultaneously and/or where a later-filed claim would be treated differently than an earlier filed claim just because it happened to be filed later. For the same reasons, the Program should reject such an approach here.

QUESTION 2:

Because the answer to #1 should be "no," this question is moot.

Nevertheless, a brief comment:

As the Program may recall, the 45% "limit" came from Katzmarzyk's attempt to quantify the term "reasonable consumption" in the Subsistence Framework. We objected to it because, although he did take into account the fact that subsistence users generally consume more protein than the average person, he did not take into account the realities of the harvest and storage patterns of subsistence users. By computing a "Daily Caloric Value of Lost Harvest" (Total Caloric Value of Lost Harvest divided by the number of days in the Loss Period), Katzmarzyk's calculation essentially assumes that all lost harvest would have been consumed during the loss period, without any consideration for the reality that many subsistence claimants would have collected a periodic large harvest and put much of it in freezer storage to draw from throughout the year. Instead, if this "Daily Caloric Value of Lost Harvest" exceeds the "Daily Subsistence Calories" (average caloric intake of "very active" Americans of same age/gender as claimant), it is considered "unreasonable" consumption and the excess over the "Daily Subsistence Calories" is excluded from the compensation calculation. This is inconsistent with the harvest and storage

patterns of subsistence users and inaccurately assumes all catch would be eaten during the loss period.

Hence, for the same reason, the artificial 45% limit should not be applied to family members either.

Further, applying this rule would have the unacceptable result of treating later-filed claims differently than earlier-filed claims simply because they were filed later.  For example, if Jim files a claim listing Joe as a family member and Joe's percentage of diet is 45% in Jim's claim, Jim gets compensated for the lost seafood he would have given to Joe.  Then when Steve files a claim some time later, also listing Joe as a family member, Steve will not get compensated at all for the lost seafood he would have given Joe, because Jim's claim exhausted Joe's 45%. So Jim gets paid – and Steve does not – just because Jim filed first.