<u>CDSOA Subsidies</u>

[*From Class Submission on Proposed Policy No. 328 v.2 in PolicyKeeper on May 14, 2013*:]

Class Counsel generally Defer to the Claims Administrator's interpretation. However, Class Counsel would request a modification in the form of an asterics (*) or footnote to make it clear that a Subsidy is not a "grant" as set forth in sub-section (g). For example, CDSOA payments arise out of complaints of unfair pricing and are directly related to the prices the domestic complaining parties can charge for their products, and thus, the parties' ordinary activities and operations. The CDSOA payments, consisting of "entr[ies] of gross economic benefits . . . arising in the course of ordinary activities of the enterprise" and leading to an increase in equity (not relating to contributions from equity participants) satisfy accounting definitions of revenue, and should therefore be considered revenue under the Settlement Agreement. The subsidy payments made to claimants under CDSOA are to help compensate them for the effects of unfair pricing of products from foreign sources. *See New Hampshire Ball Bearing, Inc. v. United States,* 8l5 F.Supp.2d 1319, 1342 (Ct. Int'l Trade 2012).[1] Thus, the payments relate directly to their operational activities and are made on a recurring basis. The nature of the payments could hardly be considered "one-time" or "non-operating." Nor should the payments be considered "extraordinary" under FASB Accounting Standards, which would require that the payments be of an "unusual nature" (possessing a high degree of abnormality and clearly unrelated to or incidental to the ordinary and typical activities of the enterprise) and be infrequent in occurrence (of a type that would not reasonably be expected to recur in the foreseeable future). FASB Accounting Standards: Current Text Extraordinary Items, § I17.107; APB 30, ¶20. Rather, these payments are both frequent and normal, integrally related to the ordinary and typical activities of claimants, namely the buying, selling, manufacturing, and processing of various products.

---

[1] *See also, e.g., Canadian Lumber Trade Alliance v. United States,* 517 F.3d 1319, 1342 (Fed. Cir. 2008).