MEMORANDUM

To:     Patrick Juneau
        Claims Administrator

From:  Class Counsel

Re:     Assignment of Claims

Date:   March 8, 2013


It was specifically discussed understood during negotiations and agreed that Class Members would be able to assign their claims, so long as the assignee would have to submit each Settlement Program Claim individually, to be processed and evaluated on its own merits.[1]  To this end, (and for other reasons), Section 4.4.7 expressly provides that:

> The criteria, documentation, proof, and Compensation Amount provisions of each of the Claims categories shall apply equally to all Claimants regardless whether they are proceeding individually, represented by others, **or proceeding as an assignee of an individual Claim.** The Claims Administrator shall explore and consider the utilization of streamlined procedures to improve the efficiency of the Claims process, without changing Claims criteria.

It is true that, subsequently, anti-assignment language was inserted into the Assignment (Exhibit 21, Section 1.1.2.1) and the Release (Exhibit 26, Section 11(a)), but such provisions are limited to their specific contexts and purposes.

With respect to the Assignment, it was only intended that a Class Member not be able to re-assign the *assigned* rights and interests (*i.e.* as against Transocean and/or Halliburton), as the assignment runs, not to any individual claimant, but to the Class as a whole. *See* Exhibit 21, Section 1.1.3.

With respect to the Release, it was only intended that the releasing party expressly represent and agree (at the time of the Release) that he or she would not *thereafter* attempt to "assign" claims (which will have already been released).

In light of that background and context, Class Counsel respectfully respond as follows:

1. Does Section 1.1.2.1 prohibit a claimant from assigning to a third party the right to file and pursue a claim in the Settlement Program?

   No.

---

[1] BP, in particular, wanted to avoid the situation where an outfit could purchase or otherwise collect a bunch of claims and then come to the Program and attempt to submit (or "negotiate") a "bulk" or "inventory" or other aggregate claim.

2. Does Section 1.1.2.1 prohibit a claimant from assigning to a lender a security interest in the proceeds of a claim under the Settlement Agreement?

   No.

3. Does Section 1.1.2.1 prohibit a claimant selling a business from assigning to the buyer the right to file and pursue a claim in the Settlement Program?

   No. (assuming that the Claim at issue has not already been released / paid)