# MEMORANDUM

**To:** Patrick A. Juneau, Esq.
Claims Administrator

**From:** Class Counsel

**Matter:** <u>In re: Deepwater Horizon</u>
MDL No. 2179

**Re:** Total Revenue

**Date:** December 16, 2012

      The Causation test set forth in Exhibit 4B provides that causation shall be determined according to "total revenues" and "total business revenue". While there may be some exceptions, such as the Healthcare Industry, (where it is universally recognized that providers are almost always, if not always, paid on a discounted basis), the Causation test for "total revenues" should generally be determined according to Gross Revenue, without a deduction for discounts, rebates or other costs. In applying the Causation test, you are not trying to quantify loss, but rather to determine the impact of the spill. This would generally best be measured by the effect on total or "gross" revenue for that business, (regardless of "net" revenue after costs or discounts). The insertion of the adjective "total" to modify revenue was no accident, but the product of negotiation between the parties. And Class Counsel do not recall BP ever bringing up an example or discussion of how a discount could impact total revenue, or should be factored into the equation. Again, there are likely exceptions such as health care providers who are routinely paid on a discounted basis. But, for determining Causation in the vast majority of claims, "total revenue" should be the same as Gross Revenue.

      With respect to the Compensation test, Class Counsel agree that the economic loss calculation might, where appropriate, take into consideration reductions in revenue. While the use of "total revenue" also appears within the context of Variable Profit for Compensation purposes, where, due to the nature of the business or industry, the Program's Accountants feel that it would be appropriate, such reductions in revenue to reach net revenue might be considered, so long as: **(i)** proper deference is given to the "fixed" versus "variable" cost analysis as expressly provided under the terms of the Settlement Agreement, and **(ii)** the same method is employed during the Benchmark Period as the Compensation Period.

      The above and foregoing notwithstanding, where it is clear to the Program Vendors that either method of classifying revenue would produce a more favorable outcome to the claimant, the Settlement Administration vendors should apply the more favorable method under § 4.3.8.

      Moreover, in no event should items which the claimant included as Costs in its contemporaneously prepared financial statements be re-classified as a "reduction in revenue" in order to reduce the Total Revenue as reported by the claimant.