# IN CAMERA SUBMISSION

**To:** Honorable Carl J. Barbier

**From:** Class Counsel

**Matter:** <u>In re: *Deepwater Horizon*</u>
     MDL No. 2179

**Subject:** Treatment of Contributions and Grants as Revenue

**Date:** December 3, 2012

---

Class Counsel agree with the Claims Administrator's conclusion and recommendation that: "Income received by not-for-profit entities in the form of grant monies or contributions shall typically be treated as revenue for that entity for purposes of the various required calculations under the terms of the Settlement Agreement." The discussion that follows is taken from Class Counsel's written submission to the Claims Administrator, and is, we believe, consistent with the Claims Administrator's reasoning.

## Overview

BP expressly agreed that non-profit entities would be included within the Economic Class Definition, and would be eligible to participate in the Economic Class Settlement under the standard Business Economic Loss (BEL) and associated frameworks. The revenue of non-profits is generally derived from grants and other contributions, from the community. When the economy of the community is depressed due to an oil spill, those grants and other contributions (both public and private) tend to dry up. It would make no sense -- and in fact was never suggested by BP during the negotiations -- to include non-profits in the general BEL framework

without taking into account their primary sources of revenue.[1]  Additionally, while the Settlement does not mandate the use of Generally Accepted Accounting Principles, (and, indeed, in some instances intentionally departs from GAAP), in this particular case, the Plaintiffs' interpretation is supported by accepted accounting standards.  There is nothing, moreover, in the Class Definition, the Class Notice, the official Frequently Asked Questions (FAQs), or the Settlement Agreement itself that in any way purports to exclude such forms of revenue, or places a non-profit or other Class Member on notice that the claims would be evaluated and compensated in the way BP now suggests.   In addition to the fact that grants and other donations are, we believe, clearly included as revenue under the terms of the Settlement Agreement, their exclusion at this point would likely raise significant Class Notice and Due Process concerns.  For these reasons, and for the reasons further outlined below, Class Counsel respectfully support the Claims Administrator's position.

**Negotiations**

BP never suggested during negotiations that grant funding be excluded from the financial statements of any Class Member.  BP never suggested that, if non-profits were to be included in the Class, their claims would have to be evaluated or compensated under a different framework.  BP never suggested that grant income (whether public or private) or other charitable contributions or donations should be excluded from the definition of "revenue".

---

[1] Indeed, it is these very organizations that in many cases provided desperately needed services to those individuals and communities most affected by the spill.

**Settlement Agreement**

Clearly, the Economic Settlement Class was intended to include non-profit entities.[2] As noted by the Claims Administrator, there is nothing in the Settlement Agreement that would suggest that public or private grant income or other charitable contributions and donations would be excluded from the definition of "revenue" for either Causation or Compensation purposes.

Specifically, the Agreement references causation and compensation calculations in terms of "*total* revenues."[3] The first step of calculating Variable Profit, the cornerstone of the Compensation calculations found in Exhibit 4C, is to: "Sum the monthly revenue over the period." The only reference in the Settlement Agreement to an exclusion of any amounts from "total revenues" or "revenue" is found in Exhibit 4C[4] and Exhibit 7[5] -- wherein VoO payments are specifically noted to be excluded from the calculations. If public or private grant monies (or other contributions) were intended to be excluded from the Causation and/or Compensation frameworks, these exclusions would have likewise been expressly detailed in the Agreement.

---

[2] *See* SETTLEMENT AGREEMENT, Section 1.2 (Class includes Entities doing business in the Gulf Coast Area); SETTLEMENT AGREEMENT, Section 38.63 ("Entity" defined to include an organization or entity, other than a Government Organization, "operating or having operated for profit *or not-for-profit*") (emphasis supplied).

[3] *See* EXHIBIT 4B, Section II and Section III, (emphasis supplied).

[4] "For claimants that participated in the VoO program, Variable Profit in the Compensation Period will exclude revenue generated by or costs incurred in connection with VoO." EXHIBIT 4C, at Bates 026297.

[5] "Further, for claimants that participated in the VoO program, Actual Profit/Loss will exclude revenue generated by or costs incurred in connection with VoO." EXHIBIT 7, at Bates 028669.

**Class Notice**

The official FAQs posted by the Claims Administrator make it clear that non-profits are eligible to participate in the Settlement Program.[6]  There was nothing in the formal Class Notice, or the associated FAQs and other communications, to place non-profits or other Class Members on notice that grant income or other contributions would not be included within the definition of "revenue" or otherwise excluded.  It is significant to note, in this regard, that the formal Class Notice was drafted by notice experts in conjunction with the Parties' counsel who were familiar with the negotiations and the resulting Settlement Agreement, and was approved by the Court as an accurate communication of the Class Definition and settlement terms (which did not include any limitation on revenue as to not-for-profit entities).  Given that the Opt Out deadline has now passed, a material change would raise significant Due Process concerns.

**Accounting Standards**

As noted, the Settlement does not mandate the use of GAAP, and, indeed, intentionally departs from GAAP in several respects.  In this particular instance, however, where the Settlement Agreement is arguably silent on the definition of "revenue", the Plaintiffs' interpretation is supported by accounting standards.

As an accounting matter, grants and donations are "revenue" when the transactions are part of the businesses ongoing major, central, or ordinary activities. As defined by PricewaterhouseCoopers, "revenue" is "the gross inflow of economic benefits during the period arising in the course of the ordinary activities of an entity when those inflows result in an

---

[6] *See* FREQUENTLY ASKED QUESTION NO. 25 ("Yes, *non-profit entities are generally eligible to participate in the Settlement Program* unless they are excluded as Governmental Organizations (or some other Exclusion)") (emphasis supplied) (posted by the Claims Administrator, at the request of the Parties, on August 27, 2012, at www.deepwaterhorizonsettlements.com).

increase in equity, other than increases relating to contributions from equity participants."[7] Grants are included by the AICPA as revenue.[8] The Financial Accounting Standards Board (whose standards are officially recognized as authoritative by the Securities and Exchange Commission) recognizes them as revenue.[9] The tax return form for non-profits includes contributions and grants explicitly as the first line of revenue, as a part of total revenue as seen below.[10]

| | | |
|---|---|---|
| Revenue | 8 | Contributions and grants (Part VIII, line 1h) . . . . . . . . . . . . . |
| | 9 | Program service revenue (Part VIII, line 2g) . . . . . . . . . . . |
| | 10 | Investment income (Part VIII, column (A), lines 3, 4, and 7d) . . . . . . . |
| | 11 | Other revenue (Part VIII, column (A), lines 5, 6d, 8c, 9c, 10c, and 11e) . . . . |
| | 12 | Total revenue—add lines 8 through 11 (must equal Part VIII, column (A), line 12) |

There is simply no support under the Class Notice, the Settlement Agreement, Generally Accepted Accounting Principles or other accounting standards for the proposition that grants and other contributions are not revenue.

---

[7] PWC presentation to AGIG, *Revenue Recognition under IFRS*, November 8, 2005.

[8] *Auditing & Accounting Guide Not-For-Profit Entities* prepared by the AICPA in 2012, the AICPA included grants as a "revenue transaction."

[9] FASB Topic 958, 958-605-55-2; see http://www.fasb.org/jsp/FASB/Page/SectionPage&cid=1176154526495, "*Since 1973, the Financial Accounting Standards Board (FASB) has been the designated organization in the private sector for establishing standards of financial accounting that govern the preparation of financial reports by nongovernmental entities. Those standards are officially recognized as authoritative by the Securities and Exchange Commission (SEC) (Financial Reporting Release No. 1, Section 101, and reaffirmed in its April 2003 Policy Statement) and the American Institute of Certified Public Accountants (Rule 203, Rules of Professional Conduct, as amended May 1973 and May 1979).*"

[10] IRS Form 990.