DWH: ███████

Claim ID:   86133

Decision:   Denial Overturned/Remand to Claims Administrator

Primary Basis for Panelist Decision: Claim Should Not Have Been Denied

Written Reasons and Opinion:

This is a Claimant appeal from the denial of an Individual Economic Loss claim submitted on her behalf. The Denial Notice issued by the Claims Administrator contains the following explanation:

> Our records reflect that you submitted an Economic Loss claim for your business in addition to this Individual Economic Loss claim. You cannot recover more than once for this loss.

Claimant sought, without success, Re-Review and Reconsideration. The Re-Review and Reconsideration Denial Notices each contain the following explanation:

> Our records reflect that you submitted an Economic Loss claim for your business in addition to this Individual Economic Loss claim. You cannot recover employment losses from a job at a business for which you have submitted an Economic Loss claim.

In her Notice of Appeal of Denied Claim, Claimant offered the following comment:

> The claims should not have been denied or excluded from compensation. Claimant is entitled under the Settlement Agreement to recover lost W-2 wages that are in addition or other than those reported on Schedules C, D or E on the 1040.

The record reflects that Claimant is employed by ███████. ███ is a Subchapter S Corporation which operates a ███ business in ███ Florida. Claimant and her husband each own 50% of the common stock of that corporation. Claimant is also a W-2 employee. Her IEL claim seeks recovery of her lost W-2 wages which are reported on line 7 of her IRS Form 1040 tax return.

Citing Settlement Agreement Section 38.84 and CAO Approved Policy 363, BP argues that this claim is expressly precluded because IEL claims are only for losses "in addition to or other than a claim for Economic Damages related to [a claimant's] sole proprietorship business or other self-employment as reflected on Schedule C, D or E of a federal income tax form." Further, that numerous Appeal Panels have consistently confirmed that Policy 363 correctly interprets the Settlement Agreement; that it derives from the language and intent of the Agreement; is justified

1

by the logic of avoiding double recovery for the same loss and is necessary to prevent double recoveries by businesses and owners/officers of the same business. Here, according to BP, Claimant's alleged losses are related entirely to her ownership of ▉ which she co-owns with her husband and for which she files a Schedule E; that ▉ filed a Business Economic Loss claim and received an award, "an amount that inherently included Claimant's alleged lost W-2 wages." Thus, asserts BP, pursuant to the express terms of the Settlement Agreement and Policy 363, Claimant cannot recover through an additional IEL claim because her business already has recovered under the BEL Framework.

BP contends that Claimant's arguments are foreclosed by the Settlement Agreement because the BEL Framework treats a business owner's W-2 wages as fixed expenses and thus inherently compensates such owners for any lost W-2 wages. Since Claimant's W-2 wages were treated as a fixed expense by the Settlement Program in its review of ▉'s BEL claim, they were inherently included in the Compensation Amount paid to Claimant under the BEL Framework. BP cites Policy 363 v. 4 in support of this proposition. Consequently, Claimant may recover nothing more.

Settlement Agreement Exhibit 8A, entitled Framework for Individual Economic Loss Claims, provides, in part, as follows:

> **Overview**
>
> Individual economic loss claims are claims by **Individuals**, who shall be defined as (i) Natural Persons who (a) satisfy (or whose employers satisfy) the Class Definition and (b) whose losses are not excluded from the Class and (iii) who seek compensation for lost earnings from employment due to or resulting from the DWH Spill for claims that are not excluded from the Class, with the following exceptions:
>
> 1. All Natural Persons (other than Natural Persons addressed in 2, 3 and 4 below) claiming losses related to business income required to be reported on Internal Revenue Service Form 1040 Schedules C, E or F are governed by the **Documentation Requirements for Business Economic Loss Claims, Causation Requirements for Business Economic Loss Claims,** and **Compensation Framework for Business Economic Loss Claims**, or, if appropriate, the **Failed Business Framework** or the **Start-up Business Framework** rather than this **Framework for Individual Economic Loss Claims.**

Settlement Agreement Exhibit 38.84 defines Individual Claimant as follows:

> Individual Claimant shall mean a Natural Person who is an Economic Class Member alleging Economic Damage arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident with a Claim in addition to or other than a Claim for Economic Damage related to such Natural Person's sole proprietorship business or other self-employment as reflected on Schedule C, D, or E of a federal income tax form.

According to an Internal Revenue Service advisory dealing with small businesses and self-employed persons, a Sole Proprietor is someone who owns an unincorporated business by himself or herself. That advisory was last reviewed or updated on June 27, 2013 and is attached hereto as Exhibit A.

Another such advisory dealing with S Corporation Employees, Shareholders and Corporate Officers, answers the question "Who is an Employee?", as follows:

> The definition of employee for FICA (Federal Insurance Contributions Act), FUTA (Federal Unemployment Tax Act) and federal income tax withholding under the Internal Revenue Code include corporate officers. When corporate officers perform a service for the corporation and receive or are entitled to payments, those payments are considered wages.

> The fact that an officer is also a shareholder does not change this requirement. Such payments to the corporate officer are treated as wages. Courts have consistently held S corporation officers/shareholders who provide more than minor services to their corporation and receive, or are entitled to receive, compensation are subject to federal employment taxes.

> If an officer does not perform any services or only performs minor services and is not entitled to compensation, the officer would not be considered an employee.

Moreover, in discussing Distributions, Dividends and Other Compensation as Wages, that advisory reports that:

> Courts have found shareholder-employees are subject to <u>employment taxes</u> even when shareholders take distributions, dividends or other forms of compensation instead of wages. (Emphasis in original)

That advisory was last reviewed or updated on December 26, 2013 and is attached hereto as Exhibit B.

As above noted, this Claimant seeks recovery of W-2 wages lost as a result of the Spill. She is not a sole proprietor and is not seeking losses from a sole proprietorship business or other self-

3

employment as related on Schedule C, D or E of a federal Form 1040. Notwithstanding her ownership interest in ▉, she is a wage earning employee. Consequently, she clearly meets the definition of an Individual Claimant who is entitled to assert a claim for loss of income in that capacity.

In an amicus submission in connection with Settlement Program Appeals dated July 16, 2014, Class Counsel discussed these issues at some length, as follows:

> ### An Owner, Part Owner or Officer of a BEL Claimant under the Settlement Agreement is an Eligible IEL Class Member and Claimant with Respect to His or Her Loss of Income as a W-2 Employee.
>
> Under the Class Definition, an Individual who lived in and/or worked in the Gulf Coast Area is a member of the Class, unless excluded. *See* SECTION 1.1. No one contends that Owners, Part Owners, or Officers of eligible BEL Claimants are excluded.
>
> Rather, these Individual Class Members are directed to Exhibit 8A to determine how they are treated under the Class Settlement Agreement. Nowhere in the document is it stated that an owner, part owner or officer of a business is excluded from making an IEL Claim if he or she otherwise satisfies the Class Definition and qualifications. Indeed, it is specifically contemplated under the Settlement Agreement that an Entity's employees will make claims within the Settlement Program, based on the recognition of the Eligible Employer's Settlement Program Claim. *See* EXHIBIT 8A, Section I(B)(2)(b)(i). Nothing tells an investor in a business entity that he or she is excluded. Nothing provides notice to an Individual that if a Business Economic Loss is paid and he or she is an owner or part owner of the business, he or she is excluded from filing an IEL Claim. Nothing in Exhibit 26, the Individual Release that would be signed by the BEL Claimant, excludes or releases an employee's Individual Economic loss Claim.
>
> Nor is there an exclusion or offset of such owner/officer compensation in particular, nor what some might contend to be a "double payment" generally, in the Exhibit 8A Individual Economic Loss Framework, or anywhere in the Settlement Agreement.
>
> While "Owner/Officer Compensation" is unambiguously excluded from the calculation of Payroll Expenses under the BEL Framework, (*see* Settlement Agreement, Exhibit 4C, Section I (definition of "Fixed and Variable Payroll Expenses")), the Agreement also unambiguously allows owners and officers who are Individuals under the Agreement to recover their lost W-2 employee earnings from BP.

4

> \*   \*   \*
>
> The entire notion of a "double payment" looks at the question from BP's point of view, rather than the Claimant's. BP could have, but did not, suggest, and Class Counsel did not agree, to include a set-off, exclusion, release, or other prohibition on "double payments" generally, nor with respect to these particular IEL Claimants within either the Class Definition or Exhibit 8 of the Settlement Agreement. Respectfully, the question is not what Claims BP should or should not have to pay under the Settlement Agreement, but rather, what compensation is promised and owed to each eligible Class Member?
>
> \*   \*   \*
>
> The definition of "Individual Claimant" excludes the owners of sole proprietorships and self-employed individuals, (*see* SECTION 38.84), who must instead make BEL Claims, (*see* SECTION 38.15). Other owner and officer employees of business entities qualify as Individual Claimants, and are entitled to the benefit of the IEL claims process.

BP promptly responded:

> **The Settlement Agreement Precludes Owners Of A Business From Bringing IEL Claims For Lost Wages Related To Their Business and Precludes Officers Of A Business From Bringing IEL Claims For Lost Wages Where The Business Has Filed A BEL Claim**
>
> Class Counsel argues that the Settlement Agreement does not preclude an owner, part owner or officer of a business from making an IEL Claim. This is incorrect and contrary to the explicit provisions of the Settlement Agreement. Multiple sections of the Settlement Agreement make clear that owners and officers are precluded from bringing IEL claims. *First*, Section 38.84 of the Settlement Agreement states that IEL claims are only for losses "in addition to or other than a Claim for Economic Damages related to [a claimant's] sole proprietorship business or other self-employment as reflected on Schedule C, D or E of a federal income tax form." Settlement Agreement, Sec. 38.84. *Second*, Exhibit 8A to the Settlement Agreement – the IEL framework – provides that individuals "claiming losses related to business income required to be reported on" a 1040 Schedule C, E, or F are governed by the BEL framework. Settlement Agreement, Ex. 8A. And, *third*, Exhibit 4C to the Settlement Agreement – the BEL framework – requires owner and officer compensation to be excluded when calculating a

business' alleged lost profits.[18] Settlement Agreement, Ex. 4C at 1, 3; Ex. 4D at Attach. A.

And, Policy 363 (version 4) confirms this clear language:

> The accounting methodology used for calculation of [BEL] claims, pursuant to Exhibit 4C of the Settlement Agreement, treats owner/officer payroll costs as a fixed cost. *All fixed costs, including owner/officer compensation, are inherently included in the compensation amount calculated under the [BEL] framework.* If the business has filed a BEL claim and any Owner or Officer of the business has filed any IEL claims, and the Claims Administrator has identified the connection among the claims before any claimant is awarded a payment, the Claims Administrator will compensate the business entity for the loss and will deny the claims of the Owners and Officers.

Policy 363 (emphasis added).[19]

\*   \*   \*

The fact that an owner is a W-2 employee of the business does not change this result. The Settlement Agreement's BEL framework compensates a business for all lost wages of its owners and officers, regardless of how those wages are reported. When processing a business' BEL claim, the Settlement Program disregards the wages any owners and officers received from the business (including W-2 wages) and excludes them from the BEL calculation. This process ensures that, to the extent the owner/officer reduced his wages in the post-spill period, those reduced wages would have saved the business money, but would not reduce the BEL award…. Put differently, the savings from an owner's reduction of his or her own salary (whether W-2 wages or otherwise) would not be an "offset" to a claimant's recovery under the BEL framework. Thus, the business' BEL claim includes recovery for lost profits including receiving the full benefit of the savings in a claimant's wages, which the business was able to distribute to the claimant. To allow a business owner to bring an IEL claim, after

---

[18] Class Counsel suggests that the GCCF did not use this same methodology when calculating a business' award. Class Counsel is incorrect. It is well-established that the GCCF used precisely this methodology of disregarding owner/officer compensation when calculating a business award and, thus, inherently compensated the business for any lost owner/officer compensation.

[19] The Claims Administrator has issued a new version 5, which is not final. Version 5 similarly notes that "[a]ll fixed expenses, including Owner/Officer compensation, are inherently included in the compensation amount calculated under the BEL" framework.

that owner has been paid under the BEL framework, would result in an impermissible double recovery.

The record reflects that the Claims Administrator's Denial Notice was issued on June 13, 2013 and that his Post-Re-Review and Post-Reconsideration Denial Notices were entered on August 19 and September 13, 2013, respectively. Policy 363 v. 4 was withdrawn on August 14, 2014. Nevertheless, there is some indication that it continues to be followed by the Claims Administrator when analyzing such claims. In any event, it was in force when this claim was denied.

During its existence, Policy 363 generated, as in this case, disagreement among the parties and their attorneys, Class Counsel and BP as to whether it was a correct interpretation of these Settlement Agreement provisions. Appeal Panelists called upon to decide this issue were likewise of a divided mind, as evidenced by a considerable number of Panel Decisions which reached opposite conclusions. In three very recent decisions [█████████ (Claim ID 149563); █████████ (Claim ID 194481) and █████████ (Claim ID 201470)], the panelists found no support in the Settlement Agreement for Policy 363 and the position espoused by BP. Although none of those decisions involved an IEL claim by an owner of a business which received a BEL award (Mr. █████ was a non-owner officer of a business which received a GCCF payment; Mr. █████ was a non-owner officer and W-2 employee of a business which received a BEL award and Mr. █████ was a non-owner officer and W-2 employee of a firm which received a GCCF payment), the fundamental issue in each was the same; i.e., whether an officer or owner of a business that received a BEL award or a GCCF payment is precluded from recovering under the IEL compensation framework for loss of his or her W-2 wages. Each panelist, in a well-written opinion, answered that question in the negative and overturned the denial of each claim.

This panelist has spent many hours considering Settlement Agreement Section 38.84, Exhibit 8A and related IEL framework compensation provisions in light of former Policy 363 v. 4 and in analyzing the many, conflicting Appeal Panel Decisions which they have generated. That study has led this panelist to concur with these latest decisions. While we panelists have great respect for the Claims Administrator and the policies he approves, it is well understood that we are not bound by them. What we are bound by is the Settlement Agreement. We have long recognized, and remind ourselves constantly, that it is the product of many, many months of intense negotiations by the parties who were assisted in their endeavors by exceptionally well qualified counsel and experts. This panelist finds that the analysis contained in Class Counsel's above quoted submission is accurate. Policy 363 v. 4 introduced a prohibition to recovery under the IEL compensation framework which is not found in the Agreement. Although subsequently withdrawn, it obviously formed the basis for the Claims Administrator's decision herein. Equally obviously, it is the essence of BP's opposition. Neither can be sustained.

For the foregoing reasons, denial of this claim is hereby overturned and it is remanded to the Claims Administrator with instructions to process it in keeping with this opinion.

Decision: March 13, 2015



### Small Business/Self-Employed

- Industries/Professions
- International Taxpayers
- Self-Employed
- Small Business/Self-Employed Home

### Small Business/Self-Employed Topics

- A-Z Index for Business
- Forms & Pubs
- Starting a Business
- Deducting Expenses
- Businesses with Employees
- Filing/Paying Taxes
- Post-Filing Issues
- Closing Your Business

## Sole Proprietorships

A sole proprietor is someone who owns an unincorporated business by himself or herself. However, if you are the sole member of a domestic limited liability company (LLC), you are not a sole proprietor if you elect to treat the LLC as a corporation.

If you are a sole proprietor use the information in the chart below to help you determine some of the forms that you may be required to file.

| IF you are liable for: | THEN use Form: | Separate Instructions: |
|---|---|---|
| Income Tax | 1040, U.S. Individual Income Tax Return (PDF) and Schedule C (Form 1040), Profit or Loss from Business(PDF) or Schedule C-EZ (Form 1040), Net Profit from Business (PDF) | Instructions for 1040, U.S. Individual Income Tax Return (PDF) Instructions for Schedule C (Form 1040) (PDF) |
| Self-employment tax | Schedule SE (Form 1040), Self-Employment Tax (PDF) | Instructions for Schedule SE (Form 1040) (PDF) |
| Estimated tax | 1040-ES, Estimated Tax for Individuals (PDF) | |
| Social security and Medicare taxes and income tax withholding | 941, Employer's Quarterly Federal Tax Return (PDF) 943, Employer's Annual Federal Tax Return for Agricultural Employees (PDF) 944, Employer's Annual Federal Tax Return (PDF) | Instructions for Form 941 (PDF) Instructions for Form 943 (PDF) Instructions for Form 944 (PDF) |
| Providing information on social security and Medicare taxes and income tax withholding | W-2, Wage and Tax Statement (PDF) (to employee) and W-3, Transmittal of Wage and Tax Statements (PDF) (to the Social Security Administration) | |
| Federal unemployment (FUTA) tax | 940, Employer's Annual Federal Unemployment (FUTA) Tax Return (PDF) | Instructions for Form 940 (PDF) |
| Filing information returns for payments to nonemployees and transactions with other persons | See Information Returns | |
| Excise Taxes | Refer to the Excise Tax web page | |

Rate the Small Business and Self-Employed Web Site

Page Last Reviewed or Updated: 27-Jun-2013


EXHIBIT A



Small Business/Self-Employed

- Industries/Professions
- International Taxpayers
- Self-Employed
- Small Business/Self-Employed Home

Small Business/Self-Employed Topics

- A-Z Index for Business
- Forms & Pubs
- Starting a Business
- Deducting Expenses
- Businesses with Employees
- Filing/Paying Taxes
- Post-Filing Issues
- Closing Your Business

# S Corporation Employees, Shareholders and Corporate Officers

### Who is an Employee?
The definition of employee for FICA (Federal Insurance Contributions Act), FUTA (Federal Unemployment Tax Act) and federal income tax withholding under the Internal Revenue Code include corporate officers. When corporate officers perform a service for the corporation and receive or are entitled to payments, those payments are considered wages.

The fact that an officer is also a shareholder does not change this requirement. Such payments to the corporate officer are treated as wages. Courts have consistently held S corporation officers/shareholders who provide more than minor services to their corporation and receive, or are entitled to receive, compensation are subject to federal employment taxes.

If an officer does not perform any services or only performs minor services and is not entitled to compensation, the officer would not be considered an employee.

### Distributions, Dividends and Other Compensation as Wages
Courts have found shareholder-employees are subject to employment taxes even when shareholders take distributions, dividends or other forms of compensation instead of wages.

In 2001, in a Tax Court case against a Veterinary Clinic, the Tax Court ruled that an employer cannot avoid federal taxes by characterizing compensation paid to its sole director and shareholder as distributions of the corporation's net income rather than wages. Veterinary Surgical Consultants, P.C. vs. Commissioner, 117 T.C. 141 (2001)

The Sixth Circuit held that a shareholder-employee of a company used the company bank account for personal use. As such, the Court ruled the shareholder was an employee and owed employment tax. Joly vs. Commissioner, 211 F.3d 1269 (6th Cir., 2000)

In yet another similar case, the Tax Court held that an accountant was taking dividends and performing duties for the company. The Tax Court ruled the dividends were actually wages, subject to employment taxes. Joseph M. Grey Public Accountant, P.C. vs. Commissioner, 119 T.C. 121 (2002)

In the above listed cases the shareholders failed to report any wages from their S corporations. In a 2012 case the shareholder received wages of $24,000 per year and large distributions. Though there was no dispute that the shareholder was an employee, the issue dealt with the reasonableness of the wage amount. When challenged on the reasonableness of the wages, the taxpayer contended that the corporation only intended to pay wages of $24,000 and that its intent was controlling. The 8th Circuit disagreed and sustained the District Court which held that the test is whether the payments received by the shareholder were truly remuneration for services performed, thus the intent to limit wages is not a controlling factor. David E. Watson, PC vs. U.S., 668 F.3d 1008 (8th Cir. 2012). The Supreme Court held that it would not hear an appeal of the 8th Circuit decision.

If the shareholder received or had the right to receive cash or property then the S corporation must determine and report an appropriate and reasonable salary for that shareholder. See the S Corporation Compensation and Medical Insurance Issues page for more details on what is considered to be reasonable compensation.

Rate the Small Business and Self-Employed Web Site

Page Last Reviewed or Updated: 26-Dec-2013

