**DEEPWATER HORIZON CLAIMS CENTER**
ECONOMIC & PROPERTY DAMAGE CLAIMS

| APPEAL PANEL *EN BANC* DETERMINATION #1 |
|---|
| SEPTEMBER 16, 2013 |

| I. *EN BANC* DETERMINATION |
|---|
| In accordance with Rule 6 of the Appeal Panel Procedures, currently active Appeal Panelists may convene to discuss and vote on issues concerning the proper interpretation and application of the Settlement Agreement. The Appeal Panelists may invite written submissions from BP and Class Counsel ("the Parties") as well as the Claims Administrator as to the issues under consideration. These *en banc* issues are decided by a majority vote of the Appeal Panelists. The Appeal Panelists have reached the following *en banc* determination. |

| II. TOPIC |
|---|
| VoO Charter Payments |

| III. DETERMINATION |
|---|
| The first issue tendered to the Parties was framed as follows: Is the Claims Administrator's Policy #353 a proper statement of the criteria to be applied for determining whether a claimant is eligible for a VoO Charter Payment?<br><br>That policy, the "Subject" of which is stated to be "VoO MVCAs and Recognized Charterers," was adopted by the Claims Administrator on March 27, 2013.<br><br>The Panelists analyzed the policy in light of the pertinent provisions of the Settlement Agreement and in light of the Parties' respective briefs. The Panelists appreciate the clarifications provided by the policy and consider it to serve as a helpful guide to their determinations when deciding whether a "clean up" contract submitted by a claimant qualifies as a VoO Master Vessel Charter Agreement, so as to make the Claimant eligible for consideration for a VoO Charter Payment pursuant to Section 5.5 of the Settlement Agreement. The Panelists unanimously agree that, as a general rule, they will apply Policy #353 unless special circumstances are presented in a particular case which, in the judgment of the assigned Panelist(s), warrant a different approach. In that regard, the Panelists resolved that they would apply the spirit of the policy in making their determination, but would not be bound strictly by its terms in the sense of recognizing it as an inflexible rule to be rigidly applied in every instance. |