# MEMORANDUM

**From:** Class Counsel

**To:**   Claims Administrator

**Re:**   Monthly Profit & Loss Statements
*Policy Keeper Policy No. 464*

**Date:** July 31, 2013

     Class Counsel respectfully continue to suggest that Monthly P&Ls can and should be submitted and evaluated as set forth in Class Counsel's Memos to the Claims Administrator dated September 19, 2012 and September 28, 2012. Nevertheless, in light of and deference to the previous Policies set forth and adopted by the Claims Administrator, Plaintiffs respectfully propose the following modifications to the proposed consolidated and restated Policy issued to the Parties for comment on July 24, 2013:

**Use of Contemporaneous Data and Information: Sections II(A) and II(F)(2)**

     The language in the proposed Policy might be construed to imply that the Claimant is limited to contemporaneous alternate source "documents". Class Counsel believe that Sections II(A) and II(F)(2) of the proposed Policy should make it clear that a Claimant may rely on "contemporaneous alternate source documents (and/or other contemporaneous data and/or information)".[1]

**Generation of Monthly P&Ls Directly from Pre-Existing Electronic Data: Sections II(B) and II(F)(4)**

     In general, Monthly P&Ls can be generated in one of three ways:

a. Pre-Existing Monthly P&Ls were printed and/or otherwise generated and utilized by the Claimant in the ordinary course of its business during the Benchmark and/or Compensation Periods

---

[1] *See* SECTION 38.38 ("Contemporaneous" or "Contemporaneously prepared" records or documentation shall mean documents *or other evidence* generated or received in the ordinary course of business at or around the time period to which they relate; in the case of financial statements, this shall include all periodic financial statements regularly prepared in the ordinary course of business. In addition, "contemporaneous" or "contemporaneously" prepared evidence or documentation, even if not proximate in time to the event or occurrence to which it relates, shall include (1) documentation that is based on or derived from *other data, information, or business records* created at or about the time of the event, occurrence or item in question, (2) *a statement that is consistent with* documentation created at or about the time of the event, occurrence or item in question, or (3) would support a reasonable inference that such event, occurrence, or other item in question actually occurred") (emphasis supplied).

1

b. While the Claimant did not customarily print out or otherwise generate and utilize formal Monthly P&Ls in the ordinary course of its business during the Benchmark and/or Compensation Periods, the Claimant did record and maintain specific revenue and expense data in electronic format from which Monthly P&Ls can be directly printed or otherwise generated

c. The Claimant did not print or otherwise generate and utilize Monthly P&Ls in the ordinary course of its business and did not / does not maintain such specific revenue and expense information in an electronic format, but rather, must attempt to generate "Contemporaneous" Monthly P&Ls for the Benchmark and/or Compensation Periods utilizing alternate source documents and/or other data and/or information.

In situation (a), the Claimant should verify (under Section II(B)) that the Monthly P&Ls submitted were "*created*" on the dates that they were originally printed and/or otherwise generated, during the Benchmark and/or Compensation Periods, in the ordinary course of business.

In situation (b), the Claimant should verify (under Section II(B)) when the Monthly P&Ls submitted were "*printed*" directly from pre-existing, native and contemporaneous revenue and expense data.

While situation (c) might sometimes require more scrutiny or verification by the Program, (as outlined in Section II(F)(4)), the Monthly P&Ls described in situation (b), and verified accordingly, should generally be accepted by the Program without further scrutiny or additional documentation.

**Claimants Who Kept their Financials Under Both Accounting Methods: Section II(E)(3)**

As set forth in Class Counsel's Memo to the Claims Administrator dated September 28, 2012, we believe that a Claimant should be able to submit Contemporaneous Monthly P&Ls prepared under either Cash or Accrual Basis (or both), and the Program should utilize whatever method maximizes the claim, in accordance with Section 4.3.8.

Alternatively, under the Policy that we understand was adopted by the Program on or around October 8, 2012:

a. Where the Claimant kept its books on a Cash Basis in the ordinary course of business, Claimants can rely on Cash Basis Monthly P&Ls, or re-state to Accrual;

b. Where the Claimant kept its books solely on an Accrual Basis in the ordinary course of business, the Claimant is limited to Accrual Basis Monthly P&Ls for purposes of the Settlement;

2

    c. Where the Claimant kept its records on both a Cash and Accrual Basis in the ordinary course of business, the Claimant should be able to rely on whichever method maximizes the claim.

Class Counsel suggest that this should be the prevailing framework for the evaluation of Claims which include both Cash Basis and Accrual Basis Monthly P&Ls, under Section II(E)(3) of this restated and consolidated Policy.