# MEMORANDUM

**From:** Class Counsel

**To:** Claims Administrator

**Re:** Definition of "Facility"
*Policy Keeper No. 429*

**Date:** June 4, 2013


Initially, Class Counsel would note the distinction between an "Entity" that is (or isn't) a Class Member under Section 1.2 of the Settlement Agreement and a "Facility" under Exhibit 5 (the Multi-Facility Framework).

The term "facility" as it appears in Section 1.2.1 is qualified by the fact that the Entity "**owned, operated** or **leased** a physical facility" within the Gulf Coast Area (or Specified Waters) either (a) from which **products** were **sold** to consumers or end users (or entities who sold directly to consumers or end users) within the Gulf Coast Area (or Specified Waters), or (b) which regularly **purchased Seafood** harvested from Specified Gulf Waters.

By contrast, the term "facility" as used in Exhibit 5 is somewhat broader: "a separate and distinct physical location … at which it **performs** or **manages** its operations."

The first question is whether the Entity is a Class Member under Section 1.2. Once that is established, then the Program should consider which parts of the Entity's business might be considered a Facility under Exhibit 5.

But there may be situations in which a part of the operations of an entity located outside of the Gulf Coast Area would theoretically qualify as a "facility" under the Multi-Facility Framework, but not be sufficient to render that business an "Entity" for Class Membership purposes under Section 1.2.1.

For example: An ATM owned and operated by an Entity located in Alabama may be a "facility" under Exhibit 5, where separate monthly P&Ls were maintained; but a business located in New Jersey would likely not be considered a Class Member solely by virtue of the fact that it owned or leased an ATM machine somewhere in the Gulf Coast Area.

In adopting Policy No. 352, the Claims Administrator determined that an Entity would generally be placed in a Zone based on where it performed or managed its operations. The Claims Administrator recognized that was the "most accurate reflection the entities' business operation location and of the claimants' losses."

While the Request for Input refers to Policy Nos. 264 and 347, those policies are limited by their own language. In Policy No. 264, the assumption is that there is no physical location anywhere in the Gulf Coast Area (or Specified Gulf Waters), and therefore defaults to Zone D. In Policy

1

No. 347, the assumption was made that there was no "facility" anywhere within the Gulf Coast Area, and therefore the determination was made to focus on the physical location of the claimant and apply, as a default, Zone D.

If the claimant were filing a Multi-Facility BEL Claim, there would implicitly be one or more "facilities" in the Gulf Coast Area (or Specified Gulf Waters). There would be "some operations" by necessity, within the Gulf Coast Area (at a "facility"), and therefore Policy No. 347 would not be applicable. While we generally believe the Claims Administrator's application of the "facility" definition of a business Entity set forth in Section D of the Request for Input is an accurate statement, it has to be viewed in light of the claim that is being filed and the nature of the claimant.

Turning to the questions posed by the Claims Administrator: "What constitutes a 'facility'", set forth in Section E, Class Counsel would answer Questions No. 1 (Vending Machines), No. 2 (Gaming Machines), and No. 3 (ATMs) in the same way:

**Vending Machines; Gaming Machines; ATMs**

If the Entity (under Section 1.2) making a Multi-Facility Claim can establish that the vending machines/gaming machines/ATMs are operations, and can provide monthly P&L's for each vending machine/gaming machine/ATM, then those devices can be viewed as a "facility" under Exhibit 5.

Alternatively, separate Claims could be pursued by separate Entities. For example:

> Jimmy's Gaming Corporation owns coin-operated pool tables. Their headquarters and business address is located in Zone C. They place their coin-operated pool tables at locations throughout Zones A, B, and C, and in each situation, they create a Partnership (a legal Entity) with the bar and/or restaurant where they operate these pool tables. The partnership is between Jimmy's Gaming and the bar or restaurant. Each partnership has the ability to produce monthly P&L's. One such partnership was at Tiger's Bar and Grill in the French Quarter. That partnership known as Jimmy Tiger's files a claim and the claim is for the losses from the operation of the pool tables in this partnership. Under that scenario those pool tables are "the facility" for that Partnership as they are the operating business of that claimant. That claimant is a partnership therefore it is an Entity and it's a member of the class.

Accordingly, there are circumstances when vending machines/gaming machines/ATMs might be deemed "facilities" (under either Section 1.2 and/or under Exhibit 5). The Program should look at both the claimant and the claim in order to determine whether or not the Claimant is an "Entity" and/or the machine is a "facility".

**Storage Facilities:** For a business that owns, operates, or leases a storage facility, is that location to be seen as a "facility" if the claimant has no employees and does not store inventory at the location? The answer is: Yes, it could be, depending on who the claimant is and whether or not that storage facility is a self-standing operation. If the company just happens to utilize a storage facility in the Gulf Coast Area, it is probably not (by virtue of that fact) an "Entity" under Section 1.2 nor is the storage facility a "facility" (under Section 1.2 or Exhibit 5). However, if

2

the business is a Storage Facility Business, which makes its money by leasing storage facilities within the Gulf Coast Area, then the business probably is an "Entity" and each storage facility may be considered a separate "facility".

**Vessel-Based Businesses Other than Charter Fishing:**  The vessel certainly can be a "facility". As BP states in their recently filed brief in Opposition to Transocean's Motion For Partial Judgment on the Pleadings as to Subsurface Discharge:

> The *Deepwater Horizon* meets the definition of both a "vessel" – "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water, other than a public vessel" 33 U.S.C. §2701(37) – and a "facility" because the *Deepwater Horizon* was a MODU.  MODUs are defined as "a vessel (other than a self-evaluating lift vessel) capable of use as an off-shore facility." 33 U.S.C. § 2701 (18).  At the time of the *Deepwater Horizon* incident, the *Deepwater Horizon* was being used as an off-shore facility.  *See* 33 U.S.C. § 2701 (22).  [See BP Brief, Docket #10211, page 2, fn. 3]

If the owner of the vessel is an Entity that conducts operations on the vessel (within the Specified Gulf Waters), then it's a "facility" for that Entity.  It's no different than the analysis done for Policy No. 352.  The Claims Administrator should locate the Entity and use the place where it performs or manages its operations as the most accurate reflection of the Entity's business operation location and of the claimant's loss.  Therefore, the five Bee Mar vessels that have no physical location on land but are each a separate LLC operating with separate P&L's are certainly "facilities" under the Settlement Agreement and are located in the waters of the Gulf – which are obvious Zone A locations.

**Independent Contractors:**  If the claimant contracts with independent contractors, they are not, under those circumstances, (in and of itself), separate "facilities" of the Claimant. (Presumably, they would each be a separate claimant.)

3