## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | ) | |
| "Deepwater Horizon" in the | ) | **MDL NO. 2179; SECTION J** |
| Gulf of Mexico, on April 20, 2010 | ) | |
| | ) | **JUDGE CARL J. BARBIER** |
| This document relates to: | ) | |
| | ) | **MAG JUDGE SHUSHAN** |
| 12-970, *Bon Secour Fisheries, Inc. et al.* | ) | |
| *v. BP Exploration Production Inc.;* | ) | |
| cases within Pleading Bundle B1 | ) | **Oral Argument Requested** |
| | ) | |
| Including | ) | **UNITED STATES DISTRICT** |
| 13-6008; 13-6009; 13-5367; | ) | |
| 14-1106; 14-357; 14:358; 14-359; | ) | **COURT EASTERN DISTRICT** |
| 14-1321 and 13-6651 | ) | |
| | ) | **OF LOUISIANA** |
| | ) | |

## PLAINTIFFS' FIRST AMENDED MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR TAKE OTHER AFFIRMATIVE ACTION ON OPT-OUT AND EXCLUDED CLAIMS

### I.
### Introduction

On August 10, 2010 the United States Judicial Panel on MultiDistrict Litigation ordered the Consolidation of BP Deepwater Horizon Cases in the Court of the Honorable Carl J. Barbier for coordinated or consolidated pretrial proceedings. (Doc. 1)  Nearly five years have passed since that date, and thousands of affected claimants continue to wait on the sidelines.  On October 8, 2010 Pretrial Order #8 was entered appointing fifteen members to the Plaintiff's Steering Committee ("PSC") and four members to the Plaintiff Executive Committee. (Doc. 506).   Over the course of the next four years the PSC did significant amount of work towards resolving some major issues in this litigation.   Most significantly the major liability issues have been tried and this court has overseen the creation of two different class actions which effectively resolved (for better or worse) tens of thousands of claims. Additionally, a settlement has now been reached resolving the pending

claims of the United States Government, the affected coastal states and municipalities.  However, several thousand opt-out and excluded claims remain on the sidelines waiting for the day in Court.

The Motion requests that all BCA cases that are opted-out of or excluded from the Deepwater Horizon Economic and Property Settlement be transferred back to their home venue, except for cases originally filed in the Eastern District of Louisiana and moratorium cases.[1]  BCA represents plaintiffs in the following causes of action:

Cause No. D194,272; JBS Packing Company, et al; In the 136th District Court of Jefferson County, Texas; Case No. 1:13-000435; JBS Packing Co., et al v. BP Exploration & Production, Inc., et al; In the United States Eastern District Court of Texas;  Case No. 13-6008; United States Judicial Panel on Multidistrict Litigation; In Re: Oil Spill By the Oil Rig "Deepwater Horizon";

Cause No. 2013-23575; Linda Lang Tran, Individually and D/B/A Buccaneer Seafood, et al; In the 189th District Court of Harris County, Texas;  Case No. 4:13-01785; Linda Lang Tran, Individually and D/B/A Buccaneer Seafood, et al v. BP Exploration & Production, Inc., et al; In the United States District Court for the Southern District of Texas;  Case No. 13-6009; United States Judicial Panel on Multidistrict Litigation; In Re: Oil Spill By the Oil Rig "Deepwater Horizon";

Case No. 3:13-00245; Royster Construction Company, Inc., et al v. BP Exploration & Production, Inc., et al; In the United States District Court; Northern District of Florida Pensacola Division; Case No. 13-5367; United States Judicial Panel on Multidistrict Litigation; In Re: Oil Spill By the Oil Rig "Deepwater Horizon";

Cause No. 2014-16623; The Ice Kid II, Inc., et al; In the 157th District Court of Harris County, Texas; Case No. 4:14:01220; The Ice Kid II v. BP Exploration & Production, Inc., et al; In the United States District Court for the Southern District of Texas;  Case No. 14-1106; United States Judicial Panel on Multidistrict Litigation; In Re: Oil Spill By the Oil Rig "Deepwater Horizon";

Cause No. 2013-43057; Mississippi Band of Choctaw Indians DBA Choctaw Resort Development Enterprise, et al; Case No. 4:13-2843; Mississippi Band of Choctaw Indians DBA Choctaw Resort Development v. BP Exploration & Production, Inc., et al ; In the United States District Court for the Southern District of Texas;   Case No. 14-357;  United

---

[1] This motion is filed subject to BCA's Motion to Compel Reconciliation of Brent Coon and Associates Opt-Out, Revoked Opt-Out and Excluded Clients.  It will be necessary for the Court to determine who is actually in the class before the cases can be transferred to their respective home courts.

States Judicial Panel on Multidistrict Litigation; In Re: Oil Spill By the Oil Rig "Deepwater Horizon";

Cause No. 2013-46061; Mast Production, LLC, et al; In the 152nd District Court of Harris County, Texas; Case No. 4:13-2847; Mast Production LLC, et al v. BP Exploration & Production, Inc., et al; In the United States District Court for the Southern District of Texas ; Case No. 14-358; United States Judicial Panel on Multidistrict Litigation; In Re: Oil Spill By the Oil Rig "Deepwater Horizon".

Cause No. 2013-55923; Dustin Gulf Seafood, et al v. BP Exploration & Production Inc., et al; In the 157th District Court of Harris County, Texas; Case No. 4:13: 03355; Dustin Gulf Seafood v. BP Exploration & Production, Inc., et al; In the United States District Court for the Southern District of Texas; Case No. 14-359; United States Judicial Panel on Multidistrict Litigation; In Re: Oil Spill By the Oil Rig "Deepwater Horizon";

Cause No. 2013, 76655; Karen's Seafood Market, et al; In the 295th District Court of Harris County, Texas;  Case No. 4:14- 00425; Karen's Seafood Market v. BP Exploration & Production, Inc., et al; In the United States District Court for the Southern District of Texas; Case No. 14-1321; United States Judicial Panel on Multidistrict Litigation; In Re: Oil Spill By the Oil Rig "Deepwater Horizon";

Cause No. 2013-32344; Angela Armstrong, et al v. BP Exploration & Production, Inc., et al; in the 190th Court of Harris County, Texas;  Case No. 4:13-02192; Angela Armstrong, et al v. BP Exploration & Production, Inc., et al; In the United States District Court for the Southern District of Texas; Case No. 13-6651; United States Judicial Panel on Multidistrict Litigation; In Re: Oil Spill By the Oil Rig "Deepwater Horizon".

Alternatively, BCA Plaintiff's ask the Court to establish a new committee of stakeholder law firms to oversee the prosecution of opt-out and excluded claimants.

## II.
## ARGUMENT

**A. <u>Background</u>**

On December 21, 2012 Judge Barbier issued an Order and Judgment Granting Final Approval of the Settlement Agreement. (Doc. 8139.) As stated above, the purpose of this motion is to forward the progress of those claimants currently left out of the class action.  There are still in excess of ten thousand individuals and businesses that, timely and properly, elected to opt-out of the

Deepwater Horizon Economic and Property Damage Class Action ("DHECC").    These opt-out claimants did so for any number of reasons, but in many instances the detailed accounting requirements and generic formulas meant that they would not be compensated properly for their losses due to the spill (or even compensated at all) by the DHECC.  According to Class Counsel and the BP Defendants Joint Report on Objections to and Opt-Opt-Outs from the *Deepwater Horizon Economic and Property Damages Settlement as Amended on May 2, 2012* ("Joint Report") filed November 26, 2012 there were "a maximum of only 13,123 timely and valid opt out requests" submitted by potential Class members.  (Doc. 8139 at Page 10).

At the time BP and the PSC filed their joint report on opt outs, they advised the Court that Brent Coon & Associates ("BCA") represented the single largest block of timely and valid opt outs, at least 2,440 according the Joint Report (Doc. 8139 at Page 13.)   However, this number only included the opt-outs sent directly from BCA, not clients of BCA that sent their opt-out forms (either through confusion at the last minute or by virtue of being represented by another firm co-counseling the claim with BCA) directly to the DHECC.  Therefore, BCA's count of opt-outs was initially higher than this number.   Since that time only a handful of BCA clients have successfully revoked their opt-outs.    As a result, it is clear that BCA still represent nearly 20% of all valid opt-out cases.

Additionally, there are thousands of individuals and businesses in the Banking, Gaming, Financial, Insurance, Oil and Gas, Real Estate Development industries who were excluded from the Deepwater Horizon Economic & Property Damages Class ("DHECC").   BCA represents several hundred casino workers, dozens, if not hundreds of oil rig workers, and many other claimants in these trades, particularly in Real Estate Development.   These cases come from all five states included in the Gulf Coast Zone, as well is including a wide variety of individuals and businesses

from many different industries.   It is very likely the BCA represents somewhere between 20 and 25% of all non-class unresolved cases currently pending before this Court.

In fact, BCA represents what is likely the single largest block by volume of cases that remain unsettled that arose out of the Deepwater Horizon Oil Spill.   The opt-out and excluded claimants represented by the undersigned counsel include a wide variety of individuals and business from all over the Gulf Coast.    These opt-out individuals and businesses all felt it was in their best interest to opt-out of a settlement that could not guarantee them a recovery.    Many had specific circumstances that could not meet the strict formulaic approach provided by the DHECC.   This is not to say that they did not have losses associated with the spill, instead their situation(s) are simply unique and will require more a traditional analysis in order to evaluate their losses properly.   The excluded claimants had no choice in the matter, other than to continue sitting on the sidelines waiting for their turn.

## B. Remand to Transfer Courts

The Supreme Court has concluded that at the completion of pretrial proceedings, the MDL actions, "shall be remanded unless it shall have been previously terminated."[2] "Remand is required when centralized proceedings have concluded, but one or more transferred cases remain unresolved."[3]   However, "remand is no appropriate if there is more to be done on cases a group."[4]

The time is ripe for the appointing of the Committee to deal with the opt-out claimants. This Court has systematically resolved most of the major liability issues associated with the spill. The current PSC along with this Court and its staff have done the yeoman's work in regarding many major aspects of this litigation, most notably the creation of the DHECC and the Deepwater Horizon Medical Benefits Claims Administrator.   The recent announcement of a settlement by

---

[2] *Lexecon Inc. v. Milberg Wiss Bershad Hynes  Lerach*, 523 U.S. 26 (1998).
[3] Managing Multidistrict Litigation in Products Liability Cases: A Pocket Guid for Transferee Judges, Federal Judicial Center Judicial panel on Multi-District Litigation at Page 48 (2011).
[4] *Id.*

most, if not all, government entities have cleared out the next largest block of cases.  However, little has been accomplished towards evaluating the damages of opt-out and/or excluded individual or business claimants.

Plaintiffs request the Court evaluate the remaining issues to determine whether remand is required in this matter.   If so, Plaintiffs request that the Court take steps to remand unresolved BCA Plaintiff's back to their original courts.  Alternatively, if the Court finds that additional case work up is required, Plaintiffs ask the Court to Establish a New Committee made up of significant stakeholders representing opt-out and/or excluded claimants, including BCA.

## C. <u>Establishment of a New Committee</u>

The Manual for Complex Litigation ("Manual") clearly states that "modifications of the litigation plan" may be necessary from time to time.   Manual For Complex Litigation 4th at 10.13. Furthermore, the Manual also allows for multiple committees and/or trial teams within the same litigation.  Manual For Complex Litigation 4th at 10.221.

As of the filing of this motion, over five years have passed since the explosion and subsequent massive oil spill irrevocably altered the lives and livelihoods of hundreds of thousands of Gulf Coast Residents.   By the time a committee is established, put in place and a plan for dealing with the opt-out claimants is actually formulated and enacted, it is likely that another year, or more, will pass.  However, the failure to establish some protocol for resolving these claims means that they are likely to be delayed until 2017 or beyond.

It is unknown which PSC members have clients who opted-out of the settlement, but it is clear from the number claims represented by the undersigned counsel that a substantial portion of the opt-out claimants.   BCA has repeatedly requested information concerning the number and nature of opt-out claimants represented by the PSC.   Most members of the PSC have declined to provide this information.  It therefore appears, that a very small fraction of the opt-out claims are

represented by the PSC.  Furthermore, it is highly likely that some members of the PSC have no opt-out claimants at all.

The regulation governing the potential recovery of opt-out claims is the Oil Pollution Act of 1990. ("OPA")   OPA was passed as a direct consequence the Exxon Valdez oil spill which occurred on March 24, 1989.  The goal of OPA was to make the process more efficient, to lessen the need for court intervention, and generally speed up payments to victims of future oil spills.   Despite these lofty goals this case has already nearly taken as long as  the initial litigation in the Exxon Valdez case. The jury verdict in Exxon Valdez took 2002 days from the date of the incident (March 24, 1989) until the final jury verdict (September 16. 1994).   The appeals in that case lasted more than a decade. This case is already on its 1912th day as of July 15, 2015, and counting.

Currently the only cases that are set on any kind of trial track are the excluded moratorium claims.  The undersigned recognize that the purpose of setting the moratorium claims for trial was to resolve outstanding issues as to whether or not those claims are compensable under OPA. However, the vast majority of the opt-out claims, to which this motion is directed, have no major hurdles or bars to recover.   They simply need a forum to have their case presented under OPA. The only major question that remains for them is the calculation of damages.     Yet they are still waiting, with no end in sight.

Finally, the undersigned firms are asking for a new committee for one simple reason.   For the past five plus years we have had nothing to tell our clients.   These firms get calls almost daily asking for an updated status on a client's case, and the only response to be provided is that, "We are waiting for the Court to take some action on your case."  Today, instead of waiting further, the undersigned counsel is asking the Court to provide them with an opportunity to move these cases into more active litigation in the hope that they can be resolved quickly and efficiently.

## REQUESTED RELIEF

Plaintiffs ask the Court to evaluate the state of the remaining unresolved claims and to determine whether or not remand back to their transfer Courts is appropriate, at this time.  If not, Plaintiffs ask the Court to establish a new committee made up of the major stakeholders representing opt-out and excluded claimants. This committee shall then work with Plaintiff liaison counsel, and Defendants liaison counsel, towards establishing a plan to try some opt-out bellwether cases, a plan to remand these cases back to their original Courts (pending final resolution in this Court of all liability issues) likely after some sort of pre-remand discovery plan, or formulating a mediation or other alternative dispute resolution plan to resolve these cases without full scale litigation.   The undersigned are also open to any other reasonable methods of resolving the opt-out and other unresolved claims as this Court deems appropriate.

Dated: July 27, 2015.


Respectfully submitted,

/s/ Brent W. Coon
Brent W. Coon
Federal Bar No. 9308
Texas Bar No. 04769750
215 Orleans
Beaumont, Texas 77701 Tel.:
(409) 835-2666
Fax: (409) 835-1912
brent@bcoonlaw.com

*Attorney for the BCA Class Members*

## CERTIFICATE OF SERVICE

I certify that this document has been filed with the Clerk of the Court and served by ECF on July 27, 2015, upon:

Attorneys for the Defendants:

Richard C. Godfrey, P.C. J. Andrew
Langan, P.C. Wendy L. Bloom
KIRKLAND & ELLIS LLP 300 North
LaSalle Street Chicago, IL 60654
Telephone: 312-862-2000

Jeffrey Lennard
SNR Denton US LLP
233 South Wacker Drive Suite 7800
Chicago, IL 60606
Telephone: 312-876-8000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP 655 Fifteenth
Street, N.W. Washington, DC 20005
Telephone: 202-879-5000

Don K. Haycraft
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000 New Orleans,
LA 70139
Telephone: 504-581-7979

Attorneys for Class Plaintiffs:

Stephen Jay Herman
Soren E. Gisleson
HERMAN HERMAN & KATZ LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: 504-581-4892
Fax: 504-561-6024

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY & EDWARDS
556 Jefferson Street - Suite 500
Lafayette, LA 70501
Telephone: 337-233-3033
Fax: 337-233-2796

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 Battery Street - 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000
Fax: 415-956-1008

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF LAW
40 Washington Square, S. - Suite 41 1J
New York, NY 10012
Telephone: 212-998-6580
Fax: 212-995-4590


Respectfully submitted,

/s/ Brent W. Coon
Brent W. Coon
Federal Bar No. 9308
Texas Bar No. 04769750
215 Orleans
Beaumont, Texas 77701 Tel.:
(409) 835-2666
Fax: (409) 835-1912
brent@bcoonlaw.com

*Attorney for the BCA Class Members*