## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EDWARD WISNER DONATION, et al.** | ) | **CIVIL ACTION: MD 2179** |
| | ) | |
| Plaintiffs, | ) | **Hon. CARL J. BARBIER** |
| | ) | |
| **vs.** | ) | **Magistrate Judge SHUSHAN** |
| | ) | |
| **BP EXPLORATION & PRODUCTION, INC.,** | ) | |
| **et al.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **This Document Relates to:** | ) | |
| **Answer in Limitation filed in 2:10-CV-02771** | ) | |
| **[Rec. Doc. 326]** | ) | |
| **Short Form Joinders filed in MDL 2179 through** | ) | |
| **10-9999 [Rec. Doc. 401] and 10-8888** | ) | |
| **[Rec. Doc. 133248]** | ) | |
| **Civil Action No. 14-1525** | ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO INTERVENE FOR ATTORNEY'S FEES

Waltzer, Wiygul & Garside, LLC, as successor of Waltzer & Wiygul, LLP and Waltzer & Associates (hereinafter "WW&G"), formerly counsel for plaintiff Edward Wisner Donation (hereinafter "the Donation"), files this memorandum in support of its *Motion to Intervene For Attorney's Fees*.  WW&G moves this Honorable Court to allow WW&G to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, permissively under Federal Rule of Civil Procedure 24(b)(1)(B), in the above matter, for the purpose of filing its *Complaint for Attorney's Fees,* asserting therein its lien for attorney's fees on any settlement or judgment in this matter.   Attached Exhibit "A" is the *Retainer Agreement/Contingent Fee Agreement* (hereafter "the Agreement") between WW&G and its former client the Donation. The Agreement clearly sets forth WW&G's right to attorney's fees should its former client

receive compensation for their damages in the captioned litigation.

## LAW & ARGUMENT

WW&G was previously counsel for plaintiff the Donation in the captioned matter. Intervenor WW&G expended significant attorney time in preparing this matter for filing and litigation.

**I.      WW&G Should be Permitted to Intervene as a Matter of Right.**

The existing jurisprudence permits WW&G to intervene as a matter of right in this suit. WW&G is moving for intervention as of right under Federal Rule of Civil Procedure 24(a)(2), asserting that it has a right to intervene in this case so that it can protect its contractual right to attorney's fees. Federal Rule of Civil Procedure 24(a)(2) provides in pertinent part:

> **Intervention of Right**.   Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In applying the requirements of the above rule, it has been recognized that "the requirements for intervention are to be construed *in favor of intervention.*" *Am. Mar. Transp., Inc., v. United States,* 870 F.2d 1559, 1561 (Fed.Cir.1989) (emphasis added). Federal Rule of Civil Procedure 24 is to be construed liberally. *The Cherokee Nation of OK v. U.S.*, 69 Fed.Cl. 148, 152-153 (2005) (citing *Am. Renovation and Constr. Co. v. United States,* 65 Fed.Cl. 254, 257 (2005) (collecting cases from several circuits that recognized this principle)).   Courts generally will accept as true all well-pled, non-conclusory allegations in the motion to intervene, absent sham, frivolity, or other objections.   *See id.* at 152; *see also Mendenhall v. M/V Toyota Maru No. 11,* 551 F.2d 55, 56 n. 2 (5 Cir.1977); *Reich v. ABC/York-Estes Corp.,* 64 F.3d 316, 321 (7 Cir.1995); *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 819-820 (9 Cir.2001); *see also* 6 James Wm. Moore et *153 al, Moore's Federal Practice § 24.03[5][a], at

24-51 (3d ed.2002).

     **A.**       **WW&G's Intervention is Timely.**

Before ascertaining whether WW&G has satisfied the substantive requirements for intervention, the court "must first be satisfied as to [the] timeliness" of the motion. *See NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).   The following three factors have been held to be helpful in assessing whether a motion to intervene is timely:  (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its right to intervene; (2) whether the prejudice to the rights of the existing parties by allowing intervention outweighs the prejudice to the would-be intervenor by denying intervention; and (3) the existence of unusual circumstances militating either for or against a determination that the application is timely. *See Belton Indus., Inc. v. United States,* 6 F.3d 756, 762 (Fed.Cir.1993). The court's assessment of "[t]imeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion." *NAACP,* 413 U.S. at 366, 93 S.Ct. 2591.

WW&G has timely asserted this intervention. The *Amended Complaint to Add Additional Plaintiffs* was filed within the last several months.   Written discovery is ongoing, and no depositions have been taken or set.  This particular litigation is in its infancy.  None of the parties will be prejudiced by the filing of this intervention, as WW&G is only seeking recompense for its efforts in this litigation. It is inconceivable how WW&G's intervention would delay these proceedings. If attorney's fees were paid without a recognition of WW&G's entitlement to a portion of those fees, then WW&G may never recover remuneration for its services.

**B.      WW&G Has an Interest Relating to the Subject of the Captioned Case.**

In addition to timeliness, Federal Rule of Civil Procedure 24(a)(2) states that the applicant for intervention must claim "an interest relating to the property or transaction which is the subject of the action." The related "interest" must be a "legally protectable interest," and be "of such a *direct* and *immediate* character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Am. Mar. Transp., Inc.,* 870 F.2d at 1561 (emphasis in original); *see also Klamath Irrigation Dist. v. United States*, 64 Fed.Cl. 328, 333 (2005).

WW&G's contractual right to attorney's fees is certainly a "legally protectable interest," as the law recognizes the value of contract formation and provides a remedy for breach. *See Am. Mar. Transp., Inc.,* 870 F.2d at 1561; *The Cherokee Nation of OK,* 69 Fed.Cl. at 156.  Second, WW&G's interest seems to be of a "direct and immediate" character in that WW&G's pursuit of its interest may be precluded by the entry of a settlement without WW&G's knowledge. *Compare. Id.*  As such WW&G's interest is "legally protectable" and not "indirect or contingent," and thus it satisfies the requirement that WW&G possess "an interest relating to the property or transaction which is the subject of the action."

**C.      Disposition of the Captioned Suit May Impede WW&G's Ability to Protect its Interest.**

To comply with the third requirement of Federal Rule of Civil Procedure 24(a), WW&G must demonstrate that it is "so situated that the disposition of the action may as a practical matter *impair or impede* [its] ability to protect that interest." Federal Rule of Civil Procedure 24(a)(2) (emphasis added).  This inquiry is "fact specific and flexible, and primarily guided by pragmatic considerations" rather than rigid criteria. *See Am. Renovation,* 65 Fed.Cl. at 263.

If not permitted to intervene, WW&G's ability to protect its interest may be impaired if a settlement is reached that equates with a judgment and, thus, may act to preclude WW&G from bringing its claim.  As the Court is to accept as true WW&G's well-pleaded allegations, the

Court should find that the possibility exists that WW&G's interest may be impaired by the entry of a settlement.

> **D.     The Parties do not Adequately Represent WW&G's Interests.**

For the fourth requirement of Federal Rule of Civil Procedure 24(a) to be satisfied, WW&G must demonstrate that its interest is not "adequately represented by the existing parties." Federal Rule of Civil Procedure 24(a)(2). "The burden of demonstrating inadequacy of representation is not heavy" and is satisfied where the applicant shows that representation of its interest may be inadequate. *Klamath,* 64 Fed.Cl. at 336 (citing *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)). Neither the Plaintiff nor the Defendants can assert that they adequately represent WW&G's interest.  It is well-established that, in the case of a former attorney seeking intervention in order to secure rights under a contingent fee agreement, "neither of the existing parties is concerned with protecting the [attorney's] interest."  *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989) (citing *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970).

Based on the foregoing, the Court should find that WW&G has a right to intervene. In addition, both logic and justice dictate that WW&G should be permitted to pursue its claims for fees now rather than having to file a separate cause of action where it may suffer prejudice.

## II.     In the Alternative, WW&G Should be Allowed to Permissively Intervene.

In the alternative, permissive intervention is also applicable here.  As established, WW&G's claim involves the payment of attorney's fees for work performed in furtherance of this matter.  Federal Rule of Civil Procedure 24(b) provides in pertinent part:

> **Permissive Intervention**. Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common.  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In considering a motion for permissive intervention, the Court must, as a threshold issue, determine whether it has independent subject matter jurisdiction to hear would-be intervenors'

claims and defenses.  Federal Rule of Civil Procedure, Rule 24(b), 28 U.S.C.A.  This Court has jurisdiction to determine the rights of the parties under the contingent retainer agreement "as ancillary to its conduct of the principal litigation."  *See Venegas*, 867 F.2d at 530.

As stated in Federal Rule of Civil Procedure 24(b), the Court's decision regarding permissive intervention is discretionary. *Chapman v. Manbeck,* 931 F.2d 46, 48 (Fed.Cir.1991). Permissive intervention applies here because WW&G's claim has been timely filed.[1] Moreover, common questions of law and fact clearly exist with the main action—particularly whether plaintiff will be successful in this suit so as to trigger an award and/or payment of attorney's fees consistent with the law and/or contracts between Plaintiff and counsel.

## CONCLUSION

As Courts construe the requirements of Federal Rule of Civil Procedure 24(a) in favor of intervention, WW&G has established that it is entitled to intervene in this suit as a matter of right, in order to protect its interest in attorney's fees to which it is entitled.  Concomitantly, WW&G has satisfied the requirements of Federal Rule of Civil Procedure 24(b) to be allowed to permissively intervene.  As such, WW&G requests that it be permitted to intervene in this matter and be allowed to file its *Complaint for Attorney's Fees*.

Respectfully submitted,

*/s/ Stephen M. Gelé*
**RANDALL A. SMITH, T.A. (#2117)**
**STEPHEN M. GELÉ (#22385)**
OF
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Telecopy: (504) 525-2205
Email: rasmith@smithfawer.com

***Counsel for Intervenor, Waltzer, Wiygul &***
***Garside, LLC, as successor of Waltzer & Wiygul,***
***LLP and Waltzer & Associates***

---

[1] *See,* discussion, *supra* Section (I)(B).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July, 2015, I caused to be served via Court's ECF electronic filing system the foregoing pleading on all counsel of record.


*/s/ Stephen M. Gelé*
**STEPHEN M. GELÉ**