UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD WISNER DONATION, et al.** ) | **CIVIL ACTION: MD 2179** |
| ) | |
| Plaintiffs, ) | Hon. **CARL J. BARBIER** |
| ) | |
| vs. ) | Magistrate Judge **SHUSHAN** |
| ) | |
| **BP EXPLORATION & PRODUCTION, INC.,** ) | |
| **et al.** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| **This Document Relates to:** ) | |
| **Answer in Limitation filed in 2:10-CV-02771** ) | |
| **[Rec. Doc. 326]** ) | |
| **Short Form Joinders filed in MDL 2179 through** ) | |
| **10-9999 [Rec. Doc. 401] and 10-8888** ) | |
| **[Rec. Doc. 133248]** ) | |
| **Civil Action No. 14-1525** ) | |
| ) | |

## COMPLAINT FOR ATTORNEY'S FEES

**NOW INTO COURT**, through undersigned counsel, comes Waltzer, Wiygul & Garside, LLC, as successor of Waltzer & Wiygul, LLP and Waltzer & Associates, who, pursuant to Federal Rule of Civil Procedure 24, and Louisiana Revised Statutes § 9:5001, files this *Complaint for Attorney's Fees*, as follows:

## PARTIES

1.

Plaintiff-in-Intervention Waltzer, Wiygul & Garside, LLC, as successor of Waltzer & Wiygul, LLP and Waltzer & Associates ("WW&G"), is a limited liability corporation formed under the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana.

2.

Made Defendant-in-intervention is the Edward Wisner Donation ("the Donation").

## JURISDICTION AND VENUE

3.

This Honorable Court has jurisdiction over the subject matter of this dispute under 28 U.S.C. 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332(a) (diversity of citizenship) in that it regards fees owed under a contract for legal services performed on behalf of Defendant-in-Intervention in Orleans Parish, State of Louisiana, as counsel for Defendant-in-Intervention for the claims asserted in the captioned matter (the "Underlying Litigation"). The amount in question herein exceeds $75,000.

4.

This Court has personal jurisdiction over Defendant-in-Intervention, as it has initiated the captioned proceedings in this Court, thus subjecting itself to the jurisdiction of this Court. Furthermore, Defendant-in-Intervention has transacted business in Orleans Parish, State of Louisiana.

## FACTUAL BACKGROUND

5.

On or about October 4, 2010, Defendant-in-Intervention, through an authorized agent, and with the knowledge and consent of the trustee, executed a *Retainer Agreement/Contingent Fee Agreement* for legal services regarding the BP Oil Spill (hereinafter "the Contract"). *See* Exhibit "A." The terms of the Contract are incorporated herein as if pled *in extenso*. By

operation of the Contract, WW&G was engaged by the Defendant-in-Intervention to represent it for the claims eventually asserted in the Underlying Litigation pursuant to the terms of the Contract.

6.

Pursuant to the Contract, WW&G provided thousands of hours of legal services to Defendant-in-Intervention, including: (1) legal services partially reimbursed by BP as part of a claim for oil spill removal/response costs; (2) legal services associated with obtaining interim or partial payments of oil spill damages other than response/removal costs (such as lost income or rent); (3) drafting, negotiating, and obtaining an access agreement executed by BP; and (4) legal services associated with physical damages and restoration costs, as well as final economic loss damages.

7.

WW&G has not been paid for some of its legal services provided under the Contract, including contingency fees established under the Contract.

8.

After providing thousands of hours of legal services without complaint, the Donation purported to cancel the representation of WW&G and employ new counsel.

9.

WW&G prepared filings as part of the legal services it provided under the Contract, including a *Motion for Partial Summary Judgment*, and new counsel prepared filings premised upon the legal services provided by WW&G.

10.

The Donation is indebted to WW&G for legal fees pursuant to the terms of the Contract, or, in the alternative, pursuant to quantum meruit.

11.

Pursuant to La. R.S. 9:5001, WW&G is granted a privilege for the amount of attorney's fees owed by Defendant-in-Intervention on all judgments obtained by Defendant-in-Intervention

in the Underlying Litigation.

**WHEREFORE**, Plaintiff-in-Intervention Waltzer, Wiygul & Garside, LLC, as successor of Waltzer & Wiygul, LLP and Waltzer & Associates, prays that its *Complaint for Attorney's Fees* be deemed good and sufficient, and, after all due proceedings are had, that this Honorable Court enter judgment in its favor and against Defendant-in-Intervention, casting it in judgment for legal fees earned, plus interest and costs, and all equitable relief this Court deems appropriate.

Respectfully submitted,

*/s/ Stephen M. Gelé*
**RANDALL A. SMITH, T.A. (#2117)**
**STEPHEN M. GELÉ (#22385)**
    OF
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Telecopy: (504) 525-2205
Email: rasmith@smithfawer.com

*Counsel for Intervenor, Waltzer, Wiygul & Garside, LLC, as successor of Waltzer & Wiygul, LLP and Waltzer & Associates*