UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| No. 12-970, Bon Secour Fisheries, Inc., et | : | Mag. Judge Shushan |
| al. v. BP Exploration & Production Inc., et al. | : | |

SUPPLEMENTAL REPLY OF THE SPECIAL MASTER
TO RESPONSE BY ANDRY LERNER LLC TO
MOTION FOR RETURN OF PAYMENTS MADE TO TONY RILEY AND OTHERS

Pursuant to the Court's June 26, 2015 Order [Rec. Doc. 14774 ], Special Master Louis J. Freeh provides this supplemental reply to the response [Rec. Doc. 14024] filed by Andry Lerner LLC ("Andry Lerner") to a motion for return of $221,681.62 paid to claimant Tony Riley by the Deepwater Horizon Economic Claims Center ("DHECC") [Rec. Doc. 14070].

1.  As directed by the Court [Rec. Doc. 14775], Andry Lerner timely produced to the Special Master a written Attorney Referral Agreement between Jonathan B. Andry and Leo Palazzo, dated October 11, 2011.  *See* Exhibit A (the "Agreement").  Andry Lerner said the Agreement does not mention Riley's claims specifically, but it is the operative agreement with the Palazzo Law Firm.  *Id*.  At the time of the Agreement, David D. Bravo was associated with the Palazzo Law Firm.  *Id*.  The Agreement was for a 35 percent referral fee, but Andry Lerner said the Agreement "was modified verbally at a later date to provide them with an additional five percent."  *Id*.  Andry Lerner explained that when Bravo and Palazzo split their practices, "Andry was told to split the fee between the two of them which accounts for the dual payments."  *Id*.

2. Andry Lerner said that no referral agreement existed with Bert F. Verdigets, CPA, L.L.C., which Andry Lerner says was paid on an hourly non-contingent basis. *Id*.

3. The Agreement makes clear that all client fees will be generated through "contingent fee agreement" that is in "the form and substance reasonably acceptable to the Participating Firms." *Id*. at ¶ 1(b).

4. As this Court has recognized, money paid by contingent fee arrangements may be recouped through restitution where the client's judgment is reversed or voided. *See* Order & Reasons on Special Master's Motion for Return of Payment at 22-24 (Doc. Rec. 12794). Retaining payment made on a contingent fee contract if the client does not prevail or prevails but has the award revoked would be an unjust enrichment. *Id*. at 24.

5. Here, the payments to Andry Lerner, David D. Bravo APLC and the Palazzo Law Firm were made based on contingency fee agreements. Based on claim payment figures provided by Andry Lerner, the total attorney's fees deducted by Andry Lerner from Riley's claims pursuant to a contingent fee agreement between Andry Lerner and Riley was $55,420.46. Pursuant to the Agreement, the fee was divided among Andry Lerner ($33,252.27), David D. Bravo APLC ($11,084.09) and the Palazzo Law Firm ($11,084.10). The law firms should be jointly and severally liable for restitution of these legal fees.

6. The Special Master requests that the Court issue an order directing the trustee of the escrow account established pursuant to the Court's February 12, 2014 Order (Rec. Doc.

12321) to immediately pay on behalf of Andry Lerner LLC the sum of $55,420.46 to the DHECC.

          Respectfully submitted,

          Louis J. Freeh
          Special Master

          By:   /s/ Gregory A. Paw
          Gregory A. Paw
          Counsel to the Special Master

Dated:  August 10, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing papers have been served this   10th   day of   August  , 2015, on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

          /s/Gregory A. Paw
          Counsel