UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL 2179 Section J |
| This Document Applies to: | : : | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : | Mag. Judge Shushan |

CONSENT MOTION FOR
<u>ENTRY OF FINAL CONSENT JUDGMENT AGAINST JOSEPH ANTHONY NELSON, JR.</u>

Claims Administrator Patrick Juneau and Special Master Louis J. Freeh on behalf of the Deepwater Horizon Economic Claims Center (the "DHECC") and Joseph Anthony Nelson, Jr. ("Claimant") hereby jointly move for the Court to enter a Final Consent Judgment against the Claimant, as follows:

1.  The Court has continuing jurisdiction over claims submitted to the DHECC and any dispute concerning such claims.

2.  Claimant submitted, among other claims, Claim 10036 (the "Claim") to the DHECC as part of the Court Supervised Settlement Program ("CSSP") and was awarded payment of $190,815.67 as compensation for the Claim, paid from the Seafood Fund of the BP Economic & Property Damages Settlement Trust (the "Trust").

3.  Following Claimant's receipt of the payment described in Paragraph 2 above, it was determined that Claimant was not entitled to receive this compensation for the Claim because, among other factors, the Claimant's 2009 tax return included a $115,187 payment from an Alabama program that encouraged commercial fisherman to voluntarily retire gill net permits, but that did not represent shrimping revenue as had been represented.  BP appealed the initial awards to the Claimant, and the Claimant conceded the appeal.  The

post-appeal eligibility notice for Claim 100036, however, incorrectly identified the Claimant's post-appeal compensation amount as $190,815.67. The new notice did not apply BP's prevailing appellate position, and should have been for $34,990.80, resulting in an overpayment of $155,824.87.

4. Faegre Baker Daniels LLP ("Faegre") represented Claimant in the submission of the Claim to the DHECC on a contingency basis and received $38,956.22 in connection with the overpayment of the Claim, out of the proceeds paid to the Claimant by the DHECC.

5. On January 7, 2015, Faegre repaid to the Trust $38,956.22 that it received in legal fees from the overpayment of the Claim.

6. The Claimant agrees that Claimant owes restitution to the Trust of the payments described in Paragraph 2, above, in the amount of $83,625.69, after providing an allowance of $33,242.96 representing the value of the Claimant's portion of the Supplemental Distribution on the properly calculated value of Claims 10036 (value: $34,990.80) and 10039 (value: $20,805.46), plus the Claimant's other seafood claims.

7. To resolve the issues concerning Claimant's receipt of the payment described in Paragraph 2 above, Claimant agrees that it is appropriate for the Court to enter a Final Consent Judgment against the Claimant in the amount of $83,625.69, plus post-judgment interest ("Claimant's Judgment Amount").

8. The Claimant's Seafood Supplemental Distribution from the Seafood Compensation Program Supplemental Distribution approved by the Court on November 18, 2014, shall be credited against Claimant's liability to the Trust.

9. Claimant may participate in future Supplemental Distributions, provided that any proceeds from such Supplemental Distributions shall first be applied to paying the

balance of Claimant's liability to the Trust.  The remainder, if any, after the Trust has been repaid in full under this Agreement may be distributed to the Claimant.

10.   The Claimant further agrees that if Claimant has any balance owing under this consent motion, the Claimant shall receive no payments from the CSSP or DHECC for any claim under any program under the Deepwater Horizon Economic and Property Damages Settlement Agreement, as amended on May 2, 2012, until such time as the Claimant's balance owing is fully repaid.  Any such payment shall be provided to the DHECC for deposit in the "BP Economic and Property Damages Settlement Trust – Clawback Account" for credit against the Claimant's balance.  If any such payment fully satisfies the Claimant's balance, any remaining funds may be released to the Claimant.

11.   Nothing in this Agreement shall restrict the Special Master from providing information and cooperation concerning the Claimant and the Claims to any authorized third party, including but not limited to any local, state or federal law enforcement agency.

12.   The Claimant represents that Claimant has relied upon the legal advice of Faegre and that the terms and conditions of this consent motion have been completely read and explained to Claimant by Faegre, and these terms and conditions are fully understood and voluntarily accepted by Claimant.  The Claimant must personally sign this consent motion, rather than through an attorney or otherwise.  Electronic signatures are not sufficient.   This consent motion may be executed in counterparts.

_____          September 1, 2015
Special Master Louis J. Freeh                         _____
By:  Gregory Paw, Counsel                             Date

_____     6-8-15
Anthony Nelson, Jr.           Date

_____     6-3-2015
Faegre Baker Daniels, LLP     Date
By: Craig S. Coleman, Partner

**CERTIFICATE OF SERVICE**

I hereby certify that this 1st day of September, 2015, a copy of the above and foregoing papers have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

　　　　　　　　　　　　　　　　　　　　　　　_/s/ Gregory A. Paw _____
　　　　　　　　　　　　　　　　　　　　　　　Counsel