UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| No. 12-970, *Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : | Mag. Judge Shushan |
| | : | |

CONSENT MOTION FOR
ENTRY OF FINAL CONSENT JUDGMENT AGAINST RUFUS YOUNG

Claims Administrator Patrick Juneau and Special Master Louis J. Freeh on behalf of the Deepwater Horizon Economic Claims Center (the "DHECC") and Rufus Young ("Claimant") hereby jointly move for the Court to enter a Final Consent Judgment against the Claimant, as follows:

1. The Court has continuing jurisdiction over claims submitted to the DHECC and any dispute concerning such claims.

2. Claimant submitted Claim 14125 and Claim 24132 (the "Claims") to the DHECC as part of the Court Supervised Settlement Program ("CSSP") and was awarded payment of $266,485.67 as compensation for the Claims, paid from the Seafood Fund of the BP Economic & Property Damages Settlement Trust (the "Trust").

3. Faegre Baker Daniels LLP ("Faegre") represented Claimant in the submission of the Claims to the DHECC on a contingency basis and received a total of $66,621.42 in connection with the Claims, out of the proceeds paid to the Claimant by the DHECC.

4. Following Claimant's receipt of the payment described in Paragraph 2 above, it was determined that Claimant was not entitled to receive compensation for the Claims

because, among other factors, nearly all of Claimant's 2009 revenue came not from shrimp harvesting but rather came from storm debris cleanup for a company where Young worked on several debris removal projects in the waters of Galveston County, Texas.

5.  On January 6, 2015, Faegre repaid to the Trust $66,621.42 that Faegre received in legal fees for work on the Claims.

6.  The Claimant agrees that Claimant owes restitution to the Trust of the payments described in Paragraph 2, above, less the amount already repaid by Faegre, for a total remaining repayment of $199,864.25.

7.  To resolve the issues concerning Claimant's receipt of the payment described in Paragraph 2 above, Claimant agrees that it is appropriate for the Court to enter a Final Consent Judgment against the Claimant in the amount of $199,864.25, plus post-judgment interest ("Claimant's Judgment Amount").

8.  The Claimant further agrees that Claimant shall not be entitled to receive any Seafood Supplemental Distribution from any Seafood Compensation Program Supplemental Distribution, as established by the Deepwater Horizon Economic and Property Damages Settlement Agreement as amended on May 2, 2012 (the "Supplemental Distribution"), and hereby waives his right to appeal denial of participation in any Supplemental Distribution.

9.  The Claimant further agrees that if Claimant has any balance owing under this consent motion, the Claimant shall receive no payments from the CSSP or DHECC for any claim under any program under the Deepwater Horizon Economic and Property Damages Settlement Agreement, as amended on May 2, 2012, until such time as the Claimant's balance owing is fully repaid.  Any such payment shall be provided to the DHECC for

- 3 -

deposit in the "BP Economic and Property Damages Settlement Trust – Clawback Account" for credit against the Claimant's balance. If any such payment fully satisfies the Claimant's balance, any remaining funds may be released to the Claimant.

10. Nothing in this agreement shall restrict the Special Master from providing information and cooperation concerning the Claimant and the Claims to any authorized third party, including but not limited to any local, state or federal law enforcement agency.

11. The Claimant represents that Claimant has relied upon the legal advice of Faegre and that the terms and conditions of this consent motion have been completely read and explained to Claimant by Faegre, and these terms and conditions are fully understood and voluntarily accepted by Claimant. The Claimant must personally sign this consent motion, rather than through an attorney or otherwise. Electronic signatures are not sufficient. This consent motion may be executed in counterparts.

_____   September 1, 2015
Special Master Louis J. Freeh         Date
By: Gregory Paw, Counsel

_____   8-5-15
Rufus Young                           Date

_____   8-5-15
Faegre Baker Daniels LLP              Date
By: Craig Coleman, Partner

**CERTIFICATE OF SERVICE**

I hereby certify that this 1st day of September, 2015, a copy of the above and foregoing papers have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

                                                                                                    _/s/ Gregory A. Paw_____
                                                                                                    Counsel