UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| This document relates to: | Honorable Carl J. Barbier |
| No. 12-970 and No. 11-3180 | Magistrate Judge Shushan |

_____

**SUR-REPLY MEMORANDUM IN OPPOSITION TO MOTION OF THE DHECC FOR RETURN OF PAYMENTS MADE TO CRYSTAL SEAFOOD COMPANY, INC.**
_____

Based on newly cited evidence, DHECC's reply memorandum goes so far as to accuse Crystal of "continuing to present false information." DHECC Reply Memo. at 3. Given the seriousness of that charge, Crystal responds to DHECC's characterization of this evidence and the apparent dispositive weight DHECC seeks to give it. This evidence is not dispositive and renders nothing in Crystal's opposition and Loc Tran's supporting affidavit untrue.

DHECC first cites a letter Mr. Tran's former wife wrote to a judge who was about to sentence him, claiming it shows conclusively that Crystal's business had permanently failed. DHECC Reply Br. at 2. It is the statement of a spouse pleading for leniency. At most, the letter states only that Crystal's processing activities were on hold and that she intended to get her employees back working "as soon as [she] can." *Id.* It does not establish that Crystal's business had failed and wound down within the meaning of the Amended Settlement Agreement. It does not refute the uncontested evidence that Crystal continued to sell shrimp up to and after the spill

that it had previously processed. And it does not contradict any statement made in Mr. Tran's affidavit, which is candid about Crystal's history and business operations.

DHECC next cites Crystal's 2010 tax return, along with the corresponding 2010 P&L statement, seizing upon the word "disposed" in an attached depreciation schedule to infer that, in 2009 or 2010, Crystal must have sold or otherwise gotten rid of its processing equipment. DHECC Reply Memo. at 4. DHECC suggests that this inference is so definitive that the Court must disregard all other evidence – including Mr. Tran's sworn testimony that Crystal continues to own its equipment – and render summary judgment in DHECC's favor.

DHECC's position is incorrect. The tax return does not refute Mr. Tran's testimony that Crystal continues to own its equipment. The tax return does show that Crystal stopped claiming depreciation as a tax deduction. But on its face the depreciation schedule's use of the term "disposed" is unclear and unreliable. Indeed, the depreciation schedule also calls "disposed" "LAND" and "BUILDING," neither of which Crystal has ever owned or claimed to own. Instead, they were owned – and are still owned – by another company, Lot, Inc. *See* Affidavit of Loc Tran dated July 30, 2015 at ¶¶ 8, 14. Moreover, nowhere does the tax return report any revenue from the sale of any capital assets. There had to be a gain or a loss, yet the return reports no sales proceeds flowing to Crystal and no write-offs of any residual value. Further, the 2010 tax return reports negative total income, so the depreciation schedule was immaterial to Crystal's tax liability because there was nothing from which to claim any deduction. (Depreciation is likewise irrelevant to the calculation of Crystal's BEL claim.)

Finally, neither the return nor any other documents record any sale, transfer, or other disposition of Crystal's assets. Both Lot and Titan submitted detailed documents to DHECC about their assets, and nothing in those documents refers to any transfer of Crystal's equipment.

It is undisputed that Flor-Tex long since left the location. And if the land and buildings had been "disposed" as the tax schedule indicates, there would be some public record of it. But there is none. The equipment still exists and is still on site, in the same place, as shown in the pictures in Crystal's opposition brief and described in Mr. Tran's affidavit. DHECC fails to provide any explanation as to who might own it other than Crystal.

This Court has determined that the Rule 56 summary judgment standard governs motions of this type. At most, DHECC has raised a genuine issue of material fact which, under that standard, must be resolved in Crystal's favor for purposes of this motion. Order dated July 7, 2015 at 3-4 (Rec. Doc. 14813), *citing* Fed. R. Civ. P. 56(a). The newly cited evidence proves nothing definitive regarding ownership of Crystal's processing equipment, much less establish that Crystal or Mr. Tran presented "false information."

Throughout his affidavit, Mr. Tran repeatedly averred that Crystal continues to own the processing equipment. He stands by those statements. The evidence on which DHECC relies cannot support findings of fraud as a matter of law or that the affidavit was false.

In all other respects, Crystal relies on and stands by the arguments and evidence raised in its original opposition.

## **CONCLUSION**

For the foregoing reasons, Crystal respectfully requests that the Court deny the motion for return of payments.

Date: September 11, 2015                              **THE KRELLER LAW FIRM**

/s/ *Stephen Skelly Kreller*
Stephen Skelly Kreller (Bar No. 28440)
757 St. Charles Avenue, Suite 301
New Orleans, Louisiana 70130
T: (504) 484-3488
F: (888) 294-6091
E: ssk@krellerlaw.com

**FAEGRE BAKER DANIELS LLP**
William L. Roberts
Craig S. Coleman
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
T: (612) 766-7000
F: (612) 766-1600
E: william.roberts@faegrebd.com
E: craig.coleman@faegrebd.com

*Attorneys for Claimant Crystal Seafood Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed on the Court's CM/ECF system, and thereby served on all counsel of record who have entered an appearance in this case, on September 11, 2015.

*/s/ Stephen Skelly Kreller*