UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

MOTION OF THE DHECC
FOR RETURN OF PAYMENTS MADE TO TOMMY PHAM

COMES NOW Claims Administrator Patrick Juneau on behalf of the Deepwater Horizon Economic Claims Center ("DHECC"), seeking to remedy a fraud committed upon the DHECC by claimant Tommy Pham ("Pham"). As set forth in the accompanying memorandum, Pham misrepresented to the DHECC through altered repair invoices that his 2009 shrimping revenue should be excluded in his award calculation because his vessel suffered major mechanical failure in 2009. Relying on Pham's misrepresentations, the DHECC granted the exclusion so that Pham was able to qualify for the reduced expedited compensation method and paid Pham $325,861.

The DHECC seeks a judgment requiring Pham to return all money the DHECC paid to him for his improper claims and prohibiting Pham from participating in any further seafood distributions.

- 2 -

        Respectfully submitted,

        Patrick Juneau
        Claims Administrator

        By: ____/s/ Kevin Colomb_____
        Kevin Colomb
        Manager of Compliance and Internal Integrity

Dated:   September 21, 2015

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing motion and supporting documents have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and that a copy of the foregoing have been served this  21  day of September , 2015, by electronic mail, on the following:

      Brent Coon & Associates
      215 Orleans
      Beaumont, TX 77701
      *Attorneys for Tommy Pham*

                /s/Kevin Colomb
                Kevin Colomb

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

MEMORANDUM IN SUPPORT OF
MOTION OF THE DHECC FOR RETURN OF
PAYMENTS MADE TO TOMMY PHAM AND OTHERS

On behalf of the Deepwater Horizon Economic Claims Center ("DHECC"), Claims Administrator Patrick Juneau seeks to have claimant Tommy Pham ("Pham") return $325,861 paid by the DHECC. Pham requested that the DHECC exclude his 2009 shrimp income when calculating his award because he suffered a major mechanical failure that left his vessel unable to shrimp for a significant portion of the year. In support of his exclusion request, Pham submitted altered repair receipts from 2010, 2011, and 2012 that falsely represented that the boat was repaired in 2009. In reliance on these false submissions, the DHECC excluded Pham's 2009 shrimping revenue and paid him $325,861 under the Reduced Expedited Compensation Method. This award was nearly three times larger than what Pham would have received under the historical compensation method, which would have applied if his 2009 income had not been excluded.

The DHECC seeks a judgment requiring Pham to return the payments to the DHECC and prohibiting Pham from participating in any further seafood distributions. Communications with Pham's counsel to attempt to resolve the issues presented in this motion have not resulted in an agreement.

### A. *Background*

The Claims Administrator has authority to ensure the integrity of the DHECC, including by initiating clawback proceedings of fraudulent claims. *See* Order of May 6, 2015 (Rec. Doc. 14543); Settlement Agreement at ¶ 4.3.10. The Court retains continuing jurisdiction over the Settlement Agreement. *Id.* at ¶¶ 4.4.7 and 18.1. Disputes concerning enforcement of the Settlement Agreement are to be resolved by motion to the Court. *Id.*

### B. *Pham's DHECC Claims*

On June 11, 2012, Pham submitted a shrimp vessel owner claim with the DHECC, seeking recovery under the reduced expedited compensation method for shrimping performed on the vessel Captain Tommy. On August 8, 2012, he submitted a shrimp boat captain claim for the same vessel. For both claims, Pham requested that shrimping income for the year 2009 be excluded from his compensation determination because he suffered a major mechanical failure that year that kept his boat from shrimping for a significant amount of time.

The reduced expedited compensation method determines a shrimping claim's value from set figures based upon the claimant's shrimp vessel size and the "qualifying vessel revenue." Because Pham claimed a 76.6-foot ice vessel, he needed at least $150,000 in shrimping revenue over his benchmark period to receive the enhanced recoveries of $291,375 for a shrimp vessel owner claim and $144,375 for his shrimp boat captain claim. If he did not meet the threshold, his compensation would have been determined using the historical revenue method, resulting in a $151,089 award for his vessel owner claim, and a $74,865 award for his shrimp boat captain claim. The difference between reduced expedited compensation and historical revenue compensation was worth about $210,000 to Pham.

1. <u>Seafood Income Documentation</u>

Pham submitted purchase orders from JBS Shipping Co., reflecting shrimping revenues of $165,479 in 2008 and $122,606 in 2009, supported by his Schedule C tax returns. Absent an exclusion, his qualifying vessel revenue would be $144,042, the average shrimping income from both years, roughly $6,000 short of the threshold revenue needed to qualify for reduced expedited compensation.

In order to qualify for the reduced expedited compensation method, Pham requested that his 2009 shrimping income be exempt from the calculation due to an alleged major mechanical failure. He supported his request with invoices from L & P Marine Supplies (LPMS) and Ken's Electrical Marine Service (KEMS) reflecting repair work done on the vessel in 2009. Ex. A.

- LPMS Invoice # 107316, dated April 23, 2009, in the amount of $1,210.00
- KEMS Invoice # 3442, dated May 21, 2009, in the amount of $557.92
- LPMS Invoice # 107605, dated May 27, 2009, in the amount of $1,000.00
- KEMS Invoice # 3639, dated December 4, 2009, in the amount of $2,793.69
- KEMS Invoice # 3640, dated December 6, 2009, in the amount of $ 5,311.68

*See* Ex. A. Invoices.

2. <u>DHECC Payments</u>

Relying on the information Pham submitted, the DHECC excluded his 2009 revenue and based Pham's award on his 2008 trip tickets that showed shrimping revenue of $165,476. As this revenue surpassed the threshold revenue of $150,000 to qualify for reduced expedited compensation, the DHECC found Pham eligible for payments of $291,375 on his shrimp vessel owner claim and $144,375 for his shrimp boat captain claim. *See*

Settlement Agreement Exhibit 10 at 15. On December 27, 2012, the DHECC paid Pham $34,486 on his shrimp boat captain claim, after an offset for prior spill-related payments. On December 31, 2012, the DHECC paid Pham $291,375 on his shrimp vessel owner claim, for a combined payment of $325,861.

### C. *Evidence of Pham's Fraudulent Claims*

The totality of the record shows that there is no genuine issue as to any material fact and that the DHECC is entitled to a judgment as a matter of law. *See* Order & Reasons on Special Master's Motion for Return of Payment at 19 (Doc. Rec. 12794) ("Order & Reasons").

Pham presented fraudulent documents to the DHECC in support of his claim. In order to exclude his 2009 shrimping revenue from his award calculation due to a major mechanical failure, he was required to provide evidence that his boat underwent repairs in 2009. As he did not have any proof that his boat underwent repairs in 2009, he altered the dates on the invoices from LPMS and KEMS to make it appear as if maintenance and repair work from 2010, 2011, and 2012, actually was performed in 2009. *See* Ex. A. He attached a letter explaining these invoices, stating that he "was not able to shrimp as much in 2009 compared to other prior years," and "included invoices for maintenance and supplies." *Id.*

On June 9, 2015, investigators interviewed Phong Nguyen, assistant manager of LPMS, and Ken Stelly, owner of KEMS, to verify the invoices that Pham provided in support of his exclusion. While the copy of LPMS invoice 107316 Pham provided was dated April 23, 2009, invoice 107316 provided by LPMS was dated April 23, 2010. Compare Exs. A. and B. Similarly, invoice 107605 provided by Pham was dated May 27, 2009, and reflected charges of $1,000, while the version LPMS provided was dated May 27, 2010, and reflected charges of $100. Compare Exs. A. and B.

- 4 -

Ken Stelly, owner of KEMS, verified that the three invoices from KEMS provided by Pham, were for work performed in 2011 and 2012, not 2009, as Pham alleged. Pham submitted invoices 3442, 3639 and 3640 dated May 21, 2009, December 4, 2009, and December 6, 2009, respectively, but KEMS provided versions of the same invoices dated May 21, 2011, February 4, 2012, and February 7, 2010. Compare Exs. A. and C. In other words, investigators confirmed that Pham changed the dates on each invoice to support his exclusion request.

Pham's fraudulent alterations are further evidenced on invoices 3639 and 3640, where he altered the date at the top of the receipt, but failed to alter the date of completion of work listed on the left side of the receipt, leaving intact the recorded work dates of February 4, 2012, for invoice 3639, and February 7, 2012, for invoice 3640. Ex. A. Furthermore, Ken Stelly's wife, Caroline Stelly, confirmed that KEMS had no invoices from 2009 associated with Pham's vessel, the Captain Tommy.

## C. *Legal Analysis*

1. Pham Should Return All Funds Received from the DHECC on His Fraudulent Claims

The Court's power to order appropriate remedies as a result of fraudulent conduct is a broad, flexible and long-standing power. See *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 244 (1944) (affirming judicial power to set aside fraudulently begotten judgments as such cases present "a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society"); Order & Reasons at 21. The evidence of fraud presented by the DHECC is of such a nature that it would "entitle it to a directed verdict if the evidence went uncontroverted at trial." Order & Reasons on Special Master's Motion for

Return of Payments Made to Jonathan Taylor and Others at 2 (Doc. Rec. 14813) ("Taylor Order") (citation omitted).

Where the Court has determined that a claimant committed fraud in relation to his claims, "it is both reasonable and proper under the terms of the Settlement Agreement to order [the claimant] to make restitution for the funds that he received as a result of his fraudulent claim." Order & Reasons at 21. To show fraud, the DHECC must show that (1) Pham made a false representation; (2) Pham knew or believed that the representation was false, or had an insufficient basis to make the representation; (3) Pham intended to induce the DHECC to act in reliance on the information; (4) the DHECC justifiably relied on Pham's representation; and (5) damage resulted from the reliance. Order & Reasons on Motion of the Special Master for Return of Payments Made to Wardell Parker and Others at 5 (Doc. Rec. 15325) (citing *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, 926 F. Supp. 2d 858, 862 (E.D. La. 2013)).

Here, the DHECC has obtained indisputable evidence that Pham knowingly submitted false information to the DHECC in order to increase his compensation amount. Pham falsified repair invoices in order to exempt his 2009 income from consideration, thus allowing his 2008 income of $165,479 to be the sole basis of his award qualifying him for the reduced expedited compensation method. The evidence shows that Pham fraudulently altered repair invoices from 2011 and 2012 to make them appear as if they were from 2009. The invoices provided by both LPMS and KEMS are identical to those provided by Pham in every respect but one, the date (and in one case, LPMS invoice 107605, the amount). On two of the KEMS invoices, 3639 and 3640, Pham left unaltered the work completed date found on the left side of the invoice, which clearly shows that the work was performed in 2012.

Pham stood to greatly increase his award amount if he could exempt his 2009 income from the compensation calculation. Had Pham not received an exemption for his 2009 income, his award would have been based upon the average of his 2008 and 2009 incomes. This average of $144,042 would have fallen short of the threshold to qualify for the reduced expedited compensation method, causing Pham's award to have been calculated based upon the historical revenue method. After accounting for reductions for previous payments, Pham would have been paid about $116,068 under the historical revenue method, roughly $210,000 less than what he was paid under the reduced expedited compensation method. Pham nearly tripled his award by falsifying documents in support of his exemption.

Taken together, the facts demonstrate that Pham's exclusion of his 2009 shrimp revenue was fraudulently obtained. He falsified repair invoices and submitted them to the DHECC in the hopes that the DHECC would rely upon them and increase his compensation amount. The DHECC accepted Pham's false representations and paid him more than it would have had no fraud been committed, damaging the DHECC. The indisputable evidence of fraud undermines the integrity of the Settlement Program and demonstrates that Pham should pay back the entirety of his award amount.  The DHECC, and all other Seafood class members, were damaged by Pham fraudulently acquiring an award nearly three times larger than that to which he was entitled. Pham should be required to return the payments from his claims to make the DHECC whole, the Seafood Compensation Trust whole, deprive Pham of unjust enrichment and deter others from similar misconduct. *See* Order & Reasons at 22.

### D. *Conclusion*

For these reasons, the DHECC seeks entry of judgment requiring Pham to make restitution to the DHECC for $325,861 paid by the DHECC in reliance on Pham's false representations and prohibiting Pham from participating in further seafood distributions.

Respectfully submitted,

Patrick A. Juneau
Claims Administrator


_____/s/ Kevin Colomb_____
By: Kevin Colomb
Manager of Compliance and Internal Integrity

Dated:   September 21, 2015