UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

RESPONSE OF THE DHECC
TO CRYSTAL SEAFOOD'S SUR-REPLY TO THE MOTION FOR RETURN OF PAYMENTS

COME NOW the DHECC, respectfully submitting this response to the sur-reply (Rec. Doc. 15346) filed by Crystal Seafood Company, Inc. ("Crystal") to the reply (Rec. Doc. 14998) to Crystal's opposition to the motion seeking return of payments made to Crystal and others ("Motion")(Rec. Doc. 14613), and states as follows:

1. Crystal says the DHECC misinterprets its 2010 tax return, which was prepared by a tax accountant and reported that Crystal "DISPOSED" all of its depreciable equipment in 2010. Sur-Reply at 2. Crystal says the terms "DISPOSED" is "unclear and unreliable." *Id*.

2. The Internal Revenue Service ("IRS") provides guidance to taxpayers concerning sales and other dispositions of assets. *See* IRS Publication 544 (Feb. 3, 2015). The guidance says a taxpayer "disposes" of property when any of the following occurs:

> You sell property.
> You exchange property for other property.
> Your property is condemned or disposed of under threat of condemnation.
> Your property is repossessed.
> You abandon property.
> You give property away.

*Id*. at 2. Property is "abandoned" when a taxpayers "voluntarily and permanently give[s] up possession and use of the property with the intention of ending your ownership but

without passing it on to anyone else." *Id.* at 4.

3. Crystal further states its 2010 tax return does not report revenue from sale of any capital asset. Sur-Reply at 2 ("the return reports no sales proceeds flowing to Crystal and no write-offs of any residual value"). Crystal misreports its own financial documents.

4. The sale proceeds are seen in Crystal's outstanding loans from shareholders on the 2010 tax return. Crystal's 2010 tax return reports loans from shareholders at the start of 2010 valued at $8,720,201. *See* Reply at Ex. 2, Sch. L, Line 19. The return reports loans from shareholders at the end of 2010 valued at $6,165,920, as follows:

| Form 1120 (2010) CRYSTAL SEAFOOD CO INC | | | 05-0607533 Page 5 | |
|---|---|---|---|---|
| Schedule L   Balance Sheets per Books | Beginning of tax year | | End of tax year | |
| | (a) | (b) | (c) | (d) |
| 19   Loans from shareholders | | 8,720,201 | | 6,165,920 |

Crystal's tax return thus indicates a reduction in loans from shareholder of $2,554,281 for 2010. *Id.* Crystal claimed 2010 gross sales of $257,464, *id.* at line 1a, meaning that even if every penny of the gross sales had been allocated to loan repayment, Crystal still would have been almost $2 million short to make such a shareholder loan repayment.

5. The answer to where Crystal could have obtained value to repay shareholder loans to this level lies in the "disposed" Crystal's depreciable assets. The total cost of all assets listed on Crystal's 2010 depreciation schedule was $3,944,997. *See* Reply at Ex. 2. The accumulated depreciation on these assets, including depreciation for 2010, was $1,298,663. *Id.* Subtracting accumulated depreciation from the cost of an asset provides a "tax basis" value. *Chemtech Royalty Associates LP v. United States*, 766 F.3d 453, 456 n.2 (5th Cir. 2014). Here the cost of the assets — $3,944,997 — less the accumulated depreciation — $1,298,663 — equals a tax basis value of $2,646,334.

6. The 2010 "disposed" assets with a tax basis value of $2,646,334 align closely with the $2,554,281 reduction in loans from Crystal's shareholders in 2010. This reduction in tax basis value of the "disposed" assets explains where the "gain or a loss" to Crystal is reflected on its tax return, indicating that a Crystal shareholder accepted Crystal's "disposed" assets as partial repayment of a shareholder loan.

7. Crystal's claim that the assets allegedly are still located at the Port Arthur facility owned by Lot, Inc. ("Lot"), provides no proof of who owns this equipment, as Crystal suggests in the Sur-Reply. Sur-Reply at 3. Lot allowed Flor-Tex to utilize the *all* of the equipment at the facility when Flor-Tex leased the premises from Lot, indicating that Flor-Tex had the authority to control all of the equipment on the premises.

8. Crystal's pleadings raise issue with whether the business records presented by Crystal to the DHECC have any reliability. Crystal itself calls its 2010 tax return "unclear and unreliable," and admits that the depreciation schedule included entries for land and a building, "neither of which Crystal has ever owned or claimed to own." Sur-Reply at 2.

9. Crystal's treatment of the loans from shareholders further illustrates the issues with Crystal's tax records, many of which were prepared out of time and in the same period when Crystal filed its DHECC claims.

10. At the end of 2010, Crystal's tax records show outstanding loans from shareholders valued at $6,165,920. *See* Reply at Ex. 2, Sch. L, Line 19. But the 2011 Crystal tax return – not filed by Crystal with the DHECC – shows no loans from shareholders:

| Form 1120 (0011) | CRYSTAL SEAFOOD CO INC | | | 05-0607533 | Page 5 |
|---|---|---|---|---|---|
| Schedule L | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
| | | (a) | (b) | (c) | (d) |
| 19 | Loans from shareholders . . . . . . . . . . . . | | | | |

*See* Reply at Ex. 3.  Crystal claimed gross receipts of $8,876 in 2011, thus providing no way for over $6 million in real debt to have been eliminated.

11. The evidence draws significant question concerning the validity of Crystal's financial submissions and tax forms, prepared long after the tax forms were due and apparently created solely to support the DHECC claim.  Similar issues where raised in the DHECC's motion.  Motion at 13 ("The six checks presented by Crystal's counsel contradict financial data filed by Crystal with the DHECC. The checks do not align with the revenue reported on Crystal's monthly P&L, indicating that Crystal shifted revenue on the P&L filed with its claim.").  Crystal answers none of these questions, but simply relies upon an affidavit of one of its owner, which contradicts other sworn affidavits submitted for claims of related entities.  *See* DHECC Motion at Ex. H at ¶¶ 13-16.

For the above reasons and those stated in the Special Master and the DHECC's previous filings, the Special Master and the DHECC ask the Court to grant the Motion.

Respectfully submitted,

Patrick Juneau
Claims Administrator

By:  \_\_\_/s/  Kevin Colomb_____
Kevin Colomb
Manager of Compliance and Internal Integrity

Louis J. Freeh
Special Master

By:  \_\_\_/s/  Gregory A. Paw_____
Gregory A. Paw
Counsel to the Special Master

Dated:  September 23, 2015