UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: **Oil Spill by the Oil Rig**
      **"Deepwater Horizon" in the Gulf**
      **of Mexico, on April 20, 2010**

**MDL NO. 2179**

**SECTION J**

**Applies to: 10-2771** and

*10-9999; Rec. Doc. 158*

**JUDGE BARBIER**

**MAGISTRATE JUDGE SHUSHAN**

FIRST AMENDED COMPLAINT FOR DAMAGES
FROM AMENDED SHORT FORM JOINDER
AND PRESENTMENT PURSUANT TO
PRE-TRIAL ORDER NO 33

Plaintiff, City of Mobile, Alabama alleges, avers and represents as follows:

PROCEDURAL BACKGROUND

1.      This complaint and presentment was initiated by a short form joinder filed as document number 158 in case number 10-9999 filed on or about Aril 20, 2011 pursuant to Pretrial Order No 33 document 1549 filed March 9, 2011.  A motion to amend the complaint in the short form joinder was filed August 11, 2015.  Subsequently the court on August 28, 2015 dismissed the master complaint stating that parties remaining in the case should file amended complaints or new complaints and attach the original short form joinders.

2.      The Plaintiff is the City of Mobile, Alabama, (hereinafter sometimes "Mobile" or "Plaintiff"), a government political subdivision of the State of Alabama as established under the laws of the State of Alabama.

1

3.      A Full and Final Release, Settlement, and Covenant Not to Sue has been fully executed with the BP Defendants which will release all claims except for claims for punitive or exemplary damages against Transocean Inc., Transocean Holdings LLC, Transocean Ltd., Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling, Inc., Triton Asset Leasing GmbH, and Halliburton Energy Services, Inc.  This amendment is to remove all other claims brought in the short form joinder except those claims as required under the settlement and in the court order of August 28, 2015 document 15269.  It is not felt necessary to file this to preserve the claims of the City of Mobile, but the order seems to cover the claim filed by the city of Mobile on its face so this amendment is filed out of an abundance of caution.

4.      A copy of the short form joinder is attached as Exhibit A to this complaint.

5.      The City of Mobile was "oiled" from the spill.  This is evidenced at a minimum by the presence of boats from the Vessels of Opportunity program, which returned to the city of Mobile on a daily basis without proper cleaning, as well as the presence dead fish and other oiled marine wildlife on city property.

## GENERAL ALLEGATIONS

Mobile has suffered damage and injuries to financial and personal interests, damage to the economic livelihood, lost profits and/or impairment in earning capacity as a municipality or city as a result of the oil spill by the oil rig Deepwater Horizon in the Gulf of Mexico beginning on April 20, 2010. Plaintiff was directly and indirectly involved in causes of action which are the subject of the litigation where this suit was previously filed which were eliminated and/or adversely and detrimentally affected on April 20, 2010, thereafter and to present, when the Deepwater Horizon exploded, burned and subsequently sank in the Gulf of Mexico.

The City of Mobile, Alabama (hereinafter Mobile) adopts by reference, as if pled herein in its entirety the "Local Government Entity Master Voluntary Complaint and Answer," Record Document 253 filed on March 4, 2011.  The City of Mobile, Alabama adopts by reference, as if pled herein in its entirety 2:15-4146 document 1 (Class Complaint against Transocean filed 9/4/15) and 2:15-cv-04143 document 1 (class complaint against Haliburton filed 9/4/15).

Mobile is in an excluded class and thus is not a member of the class as defined in the Economic and Property Damages Settlement Agreement. In re: *Oil Spill by the Oil Rig "Deepwater horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179.*  Mobile's complaint against Defendants is as follows:

### <u>NATURE OF THE CLAIM</u>

1.      The purpose of the Short Form Joinder was to minimize the amount of redundancy in pleading and to simplify the filing of claims and filing redundant allegations so the facts are not pled in detail, but a short summary of what is adopted herein is considered appropriate.

2.      On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing oil to gush for 87 days before the well was capped, with over 200 hundred million gallons of crude oil being pumped into the Gulf.  BP was found to have lied about the amount of oil that flowed from the well (Page 32 of Document 14021).  Oil from the Macondo Well, MC-252, is still present in the waters of the Gulf and its surrounding waterways and continues to wash up onto the shores of these waterways, resulting in the worst maritime environmental disaster in United States' history.  The deleterious and injurious effects caused by the disaster are continuing and are evidenced by the continued presence of oil, the necessary

dispersants and the resulting eco-systemic damage and pollution.  These effects continue to damage and plague the Gulf Coast in general and Mobile in particular.

3.      While the exact amount is impossible to determine, the Court found that 4 million barrels of oil spilled into the Gulf of Mexico and after accounting for the amount recovered, 3.19 million barrels. (Page 44 of document 14021).

4.      Mobile, its government, businesses, residents, properties, eco-systems and tourists/tourism have suffered and continue to suffer injury, damage and/or losses as a result of the oil spill disaster.

## THE PARTIES, JURISDICTION AND VENUE

5.      The parties, jurisdiction and Venue are adequately covered in the case in chief and to avoid redundancy, only a few specific facts are alleged.  The pleadings setting out the facts, briefs of the plaintiffs in the case in chief, the facts developed and presented and the findings of the court on liability and otherwise are incorporated herein by reference.

## FACTUAL BACKGROUND

6.      Mobile adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayers for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").  Mobile adopts the complaint filed 9/24/2015 against Haliburton by the PSC entitled BP Assigned Claims against Halliburton, Admiralty Rule 9(h).  Mobile further adopts and incorporates as if restated herein all factual allegations contained in the short form joinder referenced above.  Mobile further adopts and incorporates as if fully restated herein Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, 2011; Amended Response to Phase One Request

for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012 in the MDL.

7.     The City of Mobile is located on waters continuous with the Gulf of Mexico.

8.     On or about September 4, 2014 the findings of fact were entered in the Phase One Trial.  In that case, the court found, inter alia,

"BP (meaning BPXP and BP America Production Company, but not BP p.l.c.), Transocean (meaning Transocean Holdings LLC, Transocean Deepwater Inc., and Transocean Offshore Deepwater Drilling Inc., but not Transocean Ltd. or Triton Asset Leasing GmbH) and Halliburton (meaning Halliburton Energy Service, Inc. and Halliburton's Sperry division) are each liable under general maritime law for the blowout, explosion, and oil spill. BP's conduct was reckless. Transocean's conduct was negligent. Halliburton's conduct was negligent. Fault is apportioned as follows:

"BP: 67%

"Transocean: 30%

"Halliburton: 3%"

9.     To the extent supported on appeal, the plaintiff adopts the findings of fact and conclusion of law set forth in that case 2:10-md-02179-CJB-SS (document number 13355).  This order supplements findings on or about April 28, 2010 that BP Exploration and Product, Inc. was deemed the responsible party under OPA 33 USC § 2714.

10.     BP defendants were found to be reckless.  Given the potential damage possible and actually suffered as well as the other facts developed in trial, the City of Mobile alleges that to the extent the findings in the underlying case supports the finding that all the defendants were guilty of wantonness.

11.     Mobile incorporates by reference all of the documentation concerning causation, liability or otherwise developed in the underlying case: IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL NO. 2179 Bon Secour Fisheries, Inc., et al., on behalf of themselves and all others similarly situated, Plaintiffs, v. BP Exploration & Production Inc.; BP America Production Company; BP plc Defendants. Civil Action No. 12-970 and the other pending consolidated complaints and the evidence developed under those and orders subject to appeals and the findings in those appeals.

12.     The factual allegations of damage, injury and harm suffered by Mobile as a result of the Spill are more specifically set in the short form joinder, which is incorporated by reference herein and summarized below.

13.     Mobile, out of an abundance of caution, made and/or re-made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of the claim with and supporting documentation to BP as the "responsible party" under OPA *via* the short form joinder process as set forth above even though a complete determination of damages was not possible.   As Mobile previously asserted claims against the responsible party through the presentment and short form joinder referenced above, this ancillary proceeding is filed out of abundance of caution and to supplement and not replace other actions pending. BP either denied the claims or otherwise failed to satisfy within 90 days of presentment. It is noted that neither BP nor any of the other defendants have requested any additional information related to the short form joinder.   While sufficient findings are a matter of record in the Orders previously referenced, the following partial summary follows.

14.     The chemical dispersants used by Defendants to accelerate the dispersal of the oil

6

has significant side-effects. Corexit EC9500A and Corexit EC9527A were the principal dispersants used. These dispersants are composed of several chemicals, including 2-Butoxy Ethanol, which was identified as a causal agent in the health problems experienced by cleanup workers after the 1989 *Exxon Valdez* oil spill. In addition, the Hazardous Substance Fact Sheet for 2-Butoxy Ethanol warns that it may be a carcinogen in humans and that "[t]here may be <u>no</u> safe level of exposure to a carcinogen, so all contact should be reduced to the lowest possible level." Further, the OSHA-required Material Safety Data Sheets ("MSDS") for both versions of Corexit used indicate they may have a potential to bio-accumulate in the tissues of fish or other organisms. Additionally, the MSDSs state that if the product becomes a waste, "it could meet the criteria of a hazardous waste as defined by the Resource Conservation and Recovery Act (RCRA) 40 CFR 261." Corexit EC9500A and Corexit EC9527A are more toxic and less effective than at least twelve other EPA-approved dispersants and are banned from use on oil spills in the United Kingdom. Defendants stated that they chose to use Corexit because it was available the week of the rig explosion.

15.     More than 1.84 million gallons of chemical dispersants were used by July 30, 2010, and additional dispersant use was reported by fishermen in mid-August. Dispersant use continued well after the Spill at the wellhead was stopped. The dispersants were employed both on the surface and at the wellhead 5,000 feet below the surface. Mixing the dispersants with the oil at the wellhead added toxicity to the spill and kept much of the oil below the surface, exposing organisms to widespread concentrations of oil. The resulting mixture remains present in the Gulf of Mexico.

16.     Pollution from the well has been made a fixture of the gulf environment with no foreseeable date when it will end.

17.     In addition to the events that led up to the oil spill and the treatment of the oil spill offshore, the defendants engaged in conduct which was not directly related to the spill but which ultimately caused much of the damage suffered by the Plaintiffs. This conduct included, inter-alia, misrepresenting in print and media the extent of the spill, misrepresenting what BP was doing to help after the spill; misrepresenting what the spill entailed, the damage done, the residual effects and other things which Mobile relied upon in the its business decisions and which harmed it in the following respects: 1) the continued operations and expenditures which it otherwise could have cut to save expense, 2) the economy was and is adversely affected by the uncertainty caused as these misrepresentations were disclosed and as they continue to be discovered.

18.     Oil, dispersants, and other pollutants released by Defendants remain in Gulf waters, the Gulf floor, Alabama waters, and land owned and/or within the state of Alabama, and continue to cause damage.  Oil, dispersants, and other pollutants have settled into the sediment on the Gulf floor and the bed underlying waters of Alabama, where it has killed, is killing, and will continue to kill marine life and has caused increased growth rates of dangerous bacteria and will continually discharge into, and cause damage to, the water, land, property, and resources.

## For Each Claim

19.     We incorporate by reference all of the evidence and documentation and legal theories concerning damages, causation, liability or otherwise developed in the underlying case: IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF *LOUISIANA In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,*MDL NO. 2179, Bon Secour Fisheries, Inc., et al., on behalf of themselves and all

others similarly situated Plaintiffs, v. BP Exploration & Production Inc.; BP America Production Company; BP p.l.c., Defendants. Civil Action No. 12-970.

20.     This analysis is not considered exhaustive but is used in order to complete presentment and suit.  Other methods of analyzing the information provided using generally accepted accounting principles would apply to this analysis and this is only exemplary.

## CLAIMS FOR RELIEF

21.     Mobile adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints, presentments and the Short Form Joinder Document No.(s) 158 in case 10-09999 set forth above against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs and damages arising directly or indirectly out of the following:

22.     Loss of natural resources; loss or damage to real and personal property, subsistence use, loss of revenue; loss of profits, loss of costs for increased public services and other losses.

23.     Mobile adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints, presentments, and the Short Form Joinder No.(s) listed above, against all defendants identifying General Maritime Law causes of action and claims for relief relating to negligence, gross negligence and willful, and wanton misconduct. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints, presentments and the Short Form Joinder listed above, against all defendants for Punitive Damages arising out of the willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

24.     The laws allowing the levy of taxes and rents are not set out herein in detail, but

are incorporated by reference.  Some areas of taxation and rental losses include gross receipts, business taxes, General Sales and Use Tax, Occupancy Tax, rental income, licenses and permits, fines and forfeitures.  Through April 20, 2015 it is estimated that the losses exceed as $31,240,000.  The continuing losses associated with the spill including damage to the brands of the City of Mobile would double this loss to the extent that they can be calculated.

## PRAYER FOR RELIEF

25.    WHEREFORE, Mobile released BP per the settlement previously signed in this matter and demands judgment against Halliburton and Transocean Defendants, jointly, severally for damages if appropriate in light of the release which are come from the punitive damages settlement.  The amount to be paid to the City of Mobile would be in an amount to be determined at trial or determination of the division of settlement proceeds; pre-judgment and post-judgment interest at the maximum rate allowable by law, expenses, attorneys' fees, costs of litigation and such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

26.    The Plaintiff maintains the claims against the Transocean and Halliburton defendants until such time as the settlement between the Transocean and Halliburton defendants and the City of Mobile becomes final.

REQUEST FOR TRIAL BY JURY

Mobile requests a trial by jury if appropriate and allowed.

Respectfully Submitted,

s/Gregory Friedlander_____
GREGORY M. FRIEDLANDER
Gregory Friedlander
01886 Bar Number

Attorney for Plaintiff
Gregory M. Friedlander &
Associates, P.C.
11 S. Florida St.
Mobile, AL 36606-1934
(251)470-0303
(888)441-2123
E-Mail Address: Isee3@aol.com

/s/Mary Beth Mantiply
Mary Beth Mantiply
Fed. Bar No. MANTM7470
P.O. Box 862
Montrose, AL 36559
251.625.4040
Adele123m@aol.com
Plaintiff's Counsel


## CERTIFICATE OF SERVICE


I hereby certify that on this 11th Day of August, 2015, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system via the CM/ECF System, and provided notice by and through LexisNexis to all counsel of record.
 I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:
Richard C. Godfrey, P.C. J Anderw
Lanan PC Wendy L:. Bloom
Kirkland and Ellis LLP
300 North LaSalle St
Chicago, Il 60654
312-862-2000
Jeffrey B. Clark
Steven A Myers
Kirkland & Ellis LLP
655 Fifteenth St NW
Washington, DC 20005
202-879-5000

richard.godfrey@kirkland.com, caroline.lippert@kirkland.com, andrew.langan@kirkland.com, frank.sramek@kirkland.com,koneil@kirkland.com, mark.nomellini@kirkland.com, mel.cribbin@kirkland.com, uzo.dike@kirkland.com

Jeffrey Lennard
SNR Denton US LLP
233 S. Wacker Drive Suite 7800
Chicago, Il 60606
312-876-8000


Don K Haycraft
Liskow and Lewis
One Shell Sq
701 Poydras St Suite 5000
New Orleans La 70139
504-581-7979
dkhaycraft@liskow.com, agoldman@liskow.com, bevers@liskow.com, dcreid@liskow.com,
pfussell@liskow.com, rkjarrett@liskow.com, epanzeca@liskow.com

Stephen J. Herman
Herman, Herman and Katz, LLP
820 O'Keefe Ave
New Orleans, La 70113
5045814892
Fax 504-561-6024
sherman@hhkc.com, jchauvin@hhklawfirm.com

James P. Roy
Domengeaux, Wright, Roy and Edwards
556 Jefferson Street Suite 500
Lafayette, La 70501
334-233-3033
Fax 337-233-2796
jimr@wrightroy.com, sandym@wrightroy.com, susanl@wrightroy.com


The foregoing Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of September, 2015.


s/ Gregory Friedlander