*[handwritten annotations in top margin: 19,962,754.10 ... KoLay ... Date 10-2-15]*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | MDL 2179 |
| | | SECTION: J |
| This Document Relates To: | * | JUDGE BARBIER |
| *All Cases* | * | MAG. JUDGE SHUSHAN |
| | * | |

## ORDER

### [Directing Disbursement of Funds in MDL 2179 Reserve Account]

The Court is advised that $19,962,754.10 (the "Remaining Deposit Balance") is currently on deposit in the MDL No. 2179 Account and Reserve for Common Benefit Litigation Expenses (the "MDL No. 2179 Reserve Account"), based on settlements between MDL plaintiffs and either MDL defendants or the former Gulf Coast Claims Facility (the "GCCF") that occurred primarily between the time that the Court's Hold-Back Order went into effect on December 30, 2011 (Rec. Docs. 5022, 5064 and 5274) and entry of the Court's Order Creating a Transition Process on March 8, 2012, (Rec. Doc. 5988), as well as "Transition Payments" that were made in conjunction with the Court-Supervised Settlement Program (the "CSSP").[1]

In light of the developments to date, including the agreements by the BP Defendants, the Transocean Defendants, and Halliburton, as part of pending and approved class settlements, to compensate common benefit lawyers, subject to Court approval, for common benefit fees and/or

---

[1] The Court understands that this account also includes some funds that were deposited by PSC members based on settlements prior to December 30, 2011, pursuant to a voluntary hold-back agreement between and among the PSC firms, and that the Remaining Deposit Balance has been calculated as follows: voluntary deposits of $11,165,528.09, plus GCCF deposits of $8,797,226.01, for a balance of $19,962,754.10.

expenses as may be awarded by the Court;  the Court's Order of May 3, 2012 (Rec. Doc. 6428) eliminating the hold-back with respect to settlement compensation and other benefits made available to Economic and Medical Class Members pursuant to the settlements with BP;  the Court's recent elimination of the hold-back with respect to state and local governments accepting the BP settlement offers announced on July 2, 2015 (Rec. Doc. 14825);  and the ongoing OPA Test Case work by the PSC and other common benefit attorneys on behalf of unsettled plaintiffs' cases, which may be subject of some future common benefit cost and/or fee award or other consideration;  in accordance with this Court's Local Rule 67.3, the Court hereby ORDERS as follows:

1. The Clerk of this Court be and is hereby ordered and directed to draw a check on the funds on deposit in the MDL No. 2179 Reserve Account in the registry of this Court, in the principal amount of $19,962,754.10, plus all interest thereon, less any applicable assessment fee for the administration of funds, payable to the order of "BP Economic and Property Damages Settlement Trust, d/b/a Settlement Trust, 6% Transition Funds Account" (the "Payee"), 935 Gravier Street, Suite 1905, New Orleans, LA Taxpayer ID XX-XXX-4713[2], and mail or deliver the check to the Payee at the same address.

2. The Claims Administrator of the CSSP, working with Magistrate Judge Shushan and Mr. Phil Garrett, CPA, shall disburse the remaining Deposit Balance to the claimants from whose settlements those amounts were deducted, or, where represented, made payable to the claimant and his or her counsel jointly, or as otherwise determined to be appropriate, at such times and in such manner as they jointly determine, but

---

[2] The complete TIN will be provided to the Clerk of Court.

subject to: (a) the Claims Administrator's normal and customary processing and distribution procedures, as applicable; and (b) upon receipt of a Form W-9 signed by the claimant and, if the claimant is represented by counsel, (i) Law Firm W-9, (ii) Payment election Form, an (iii) Attorney Fee Acknowledgment Form (if necessary and if not previously provided).

3. The Claims Administrator be and is hereby authorized to work with Magistrate Judge Shushan and Phil Garrett, CPA to administer this Order, and Magistrate Judge Shushan may make all necessary and appropriate logistical arrangements within the Court and with financial institutions (if needed) for the Claims Administrator to effect the disbursements contemplated pursuant to this Order.

4. The existing Hold-Back Order (Rec. Docs. 5022, 5064 and 5274) shall remain in effect with respect to future settlements. No hold-back, however, shall be applied to any Transition Payments that might be made in conjunction with the Court-Supervised Settlement Program.

Signed in New Orleans, Louisiana, this 1st day of October, 2015.

Carl J. Barbier
United States District Judge

3