**Appendix 8: BP Corporation North America Inc. Guaranty**


**Primary Guaranty by**

**BP Corporation North America Inc.**

**IN FAVOR OF**


**THE UNITED STATES AND THE STATES OF ALABAMA, FLORIDA, LOUISIANA, MISSISSIPPI, AND TEXAS**


**RELATING TO THE CONSENT DECREE BETWEEN THE UNITED STATES, THE GULF STATES, BPXP, BPCNA, AND BP p.l.c. IN MDL 2179 (E.D. La.) WITH RESPECT TO THE *DEEPWATER HORIZON* INCIDENT**

1.      Guaranty

2.      Unconditional Guaranty

3.      Waiver

4.      Subrogation

5.      Notices

6.      A Valid Demand, When Required, and Payment

7.      No Waiver; Remedies

8.      Term; Termination

9.      Assignment; Successors and Assigns

10.     No Third Party Beneficiaries

11.     Amendments

12.     Captions

13.     Representations and Warranties

14.     Severability

15.     Jurisdiction

16.     Governing Law

## PRIMARY GUARANTY

This Primary Guaranty (the "Guaranty") is made the ___ day of _____, 2015 and effective as of the Effective Date (as defined in the Consent Decree) by BP Corporation North America Inc., an Indiana corporation ("Primary Guarantor"), in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi and Texas (collectively the "Beneficiaries").

WHEREAS, the Beneficiaries, BP Exploration & Production Inc. ("BPXP"), the Primary Guarantor, and BP p.l.c., have entered into a Consent Decree with respect to claims arising from the Deepwater Horizon Incident, to which this Guaranty is attached (the "Consent Decree");

WHEREAS, the Primary Guarantor is an indirect parent of BPXP; and;

WHEREAS, for the benefit of the Beneficiaries, the Primary Guarantor has agreed to provide this Guaranty pursuant to Section IX (Financial Assurance) of the Consent Decree;

NOW, THEREFORE, in consideration of good and valuable consideration to the Primary Guarantor, including the Consent Decree, the adequacy, receipt and sufficiency of which are hereby acknowledged, the Primary Guarantor hereby agrees as follows:

1. **<u>GUARANTY</u>**

   (a) The Primary Guarantor hereby irrevocably and unconditionally guaranties subject to the terms of this Guaranty, including without limitation the provisions of Section 6 of this Guaranty, that if (i) BPXP has failed to make a payment required under the Consent Decree (the "Guarantied Obligations") within 60 days after such payment has become due under the Consent Decree; or (ii) BPXP has filed for bankruptcy under the United States Bankruptcy Code or other applicable statute(s) or code(s) pertaining to insolvency; or (iii) any third-party has petitioned a court to place BPXP in bankruptcy under the United States Bankruptcy Code or other applicable statute(s) or code(s) pertaining to insolvency, an order for relief is entered, and any such filing or petition is not dismissed within 60 days of entry of such order for relief (any of (i), (ii) or (iii) immediately above, a "BPXP Default"), the Primary Guarantor shall, within 60 days, pay to the Beneficiaries the unpaid Guarantied Obligations then due and payable by BPXP to the Beneficiaries in accordance with the payment terms of the Consent Decree.

   (b) The Primary Guarantor shall reimburse the Beneficiaries for all sums paid

to the Beneficiaries by BPXP with respect to such Guaranteed Obligations which the Beneficiaries are subsequently required to return to BPXP or a representative of BPXP's creditors as a result of BPXP's bankruptcy, insolvency, liquidation, or similar proceeding.

(c)     In respect of subsection 1(b), this Guaranty shall be a continuing guaranty of all of the Guarantied Obligations and shall apply to and secure any ultimate balance due or remaining unpaid to the Beneficiaries; and this Guaranty shall not be considered as wholly or partially satisfied by the payment or liquidation at any time of any sum of money for the time being due or remaining unpaid to the Beneficiaries.

(d)     This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of any of the Guarantied Obligations is rescinded or must otherwise be returned by the Beneficiaries on the insolvency, bankruptcy, or reorganization of BPXP or the Primary Guarantor or otherwise, all as though such payment had not been made.

The Primary Guarantor's obligations and liability under this Guaranty shall be limited to payment obligations only.

**2.     UNCONDITIONAL GUARANTY.** Save due performance by BPXP or the Primary Guarantor, the liability of Primary Guarantor under this Guaranty shall not be limited, lessened or discharged by any of the following:

(a)     any incapacity or disability or lack or limitation of status or power of BPXP or that BPXP may not be a legal entity;

(b)     the bankruptcy or insolvency of BPXP; or

(c)     any law, regulation, or order now or hereafter in effect in any jurisdiction affecting any of the Guarantied Obligations or the rights of the Beneficiaries with respect thereto.

The obligations of the Primary Guarantor hereunder are several and not joint with BPXP or any other person, and are primary obligations for which the Primary Guarantor is the principal obligor. There are no conditions precedent to the enforcement of this Guaranty, except as expressly contained herein or as set forth in the Consent Decree. It shall not be necessary for the Beneficiaries, in order to enforce payment by the Primary Guarantor under this Guaranty, to exhaust any of their remedies or recourse against BPXP, any other guarantor, or any other person liable for the payment and the Primary Guarantor's obligations hereunder shall apply regardless of whether recovery of all such Guarantied Obligations may be discharged or uncollectible in any bankruptcy, insolvency or other proceeding, or otherwise unenforceable.

3.    **WAIVER**. Except as set forth in the Consent Decree or this Guaranty, the Primary Guarantor hereby waives:

(a)    notice of acceptance of this Guaranty, notice of the creation or existence of any of the Guarantied Obligations, and notice of any action by the Beneficiaries in reliance hereon or in connection herewith;

(b)    presentment, demand for payment, notice of dishonor or nonpayment, protest, and notice of protest or any other notice of any other kind with respect to the Guarantied Obligations;

(c)    any requirement that suit be brought against, or any other action by the Beneficiaries be taken against, or any notice of default or other notice to be given to, or any demand be made on BPXP or any other person, or that any other action be taken or not taken as a condition to the Primary Guarantor's liability for the Guarantied Obligations under this Guaranty or as a condition to the enforcement of this Guaranty against the Primary Guarantor; and

(d)    any other circumstance which might otherwise constitute a defense, set-off, or counterclaim available to, or a legal or equitable discharge of BPXP in respect of the Guarantied Obligations or the Primary Guarantor in respect of this Guaranty.

4.    **SUBROGATION**. The Primary Guarantor shall be subrogated to all rights of the Beneficiaries against BPXP in respect of any amounts paid by the Primary Guarantor pursuant to the Guaranty, provided that the Primary Guarantor waives any rights it may acquire by way of subrogation under this Guaranty, by any payment made hereunder or otherwise (including, without limitation, any statutory rights of subrogation under Section 509 of the Bankruptcy Code 11 U.S.C. § 509, or otherwise), reimbursement, exoneration, contribution, indemnification, or any right to participate in any claim or remedy of the Beneficiaries against BPXP or any collateral which the Beneficiaries now have or acquire, until all of the Guarantied Obligations due the Beneficiaries shall have been irrevocably and indefeasibly paid to the Beneficiaries in full. If (a) the Primary Guarantor shall perform and shall make payment to the Beneficiaries of all or any part of the Guarantied Obligations due such Beneficiaries, and (b) all such Guarantied Obligations due the Beneficiaries shall have been indefeasibly paid in full, the Beneficiaries shall, at the Primary Guarantor's request, execute and deliver to the Primary Guarantor appropriate documents necessary to evidence the transfer by subrogation to the Primary Guarantor of any interest in such Guarantied Obligations resulting from such payment of the Primary Guarantor.

5.    **NOTICES**. Notice will be provided in accordance with the terms of Section XIX of the Consent Decree.

6.      **A VALID DEMAND, WHEN REQUIRED, AND PAYMENT**.

(a)     With respect to any payments required pursuant to the following provisions of the Consent Decree: Section XI (Stipulated Penalties), Paragraph 21.a. as it applies to accelerated interest, Paragraph 30, and Paragraph 31, the Primary Guarantor is only liable to pay under this Guaranty in accordance with Section 1 hereof if the Primary Guarantor receives from the Beneficiaries a demand in writing that: (i) references the Guaranty, the Guarantied Obligations due but unpaid to the Beneficiaries, and the existence and continuance of a BPXP Default; (ii) is signed by a duly authorized representative of the Beneficiaries; and (iii) is delivered to the Primary Guarantor. The Primary Guarantor shall pay, or cause to be paid, Guarantied Obligations for which a demand is required within 60 days of receipt of such demand, unless, within such 60 day period, the BPXP Default giving rise to such demand has been paid in full or otherwise remedied by agreement of the Beneficiaries and BPXP.

(b)     With respect to all other payment obligations set forth in the Consent Decree, no demand shall be required under this Guaranty.

7.      **NO WAIVER; REMEDIES**. No failure on the part of the Beneficiaries to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.

8.      **TERM; TERMINATION**. This Guaranty shall not take effect until the Effective Date (as defined in the Consent Decree) of the Consent Decree. This Guaranty shall be and continue to be in full force and effect from the Effective Date until (the earlier of) (i) the date the Guarantied Obligations to the Beneficiaries under the Consent Decree have been fully and indefeasibly paid, or (ii) the date the Consent Decree has been terminated or is held invalid or unenforceable by a court. This Guaranty shall terminate in full on the earlier date upon which any of conditions (i) or (ii) in the foregoing sentence has been satisfied.

9.      **ASSIGNMENT; SUCCESSORS AND ASSIGNS**.

(a)     The Primary Guarantor payment obligations under this Guaranty shall be binding on any legal successor or assign of the Primary Guarantor in accordance with the requirements of Paragraph 7 of the Consent Decree.

(b)     No portion of this Guaranty shall provide any rights to, or be enforceable by, any person or entity other than the Beneficiaries and the Primary Guarantor, and no Beneficiary may assign or otherwise convey any right to enforce any provision of this Guaranty. Without limiting the foregoing, any assignment of any Beneficiary's rights of payment under the Consent Decree shall be with recourse

to such Beneficiary only and without recourse to the Primary Guarantor.

**10.    NO THIRD PARTY BENEFICIARIES**. This Guaranty is for the exclusive benefit and convenience of the Primary Guarantor and the Beneficiaries. Nothing contained herein shall be construed as granting, vesting, creating, or conferring any right of action or any other right or benefit upon any other third party.

**11.    AMENDMENTS**. No amendment or other modification of the terms of this Guaranty, including without limitation, those related to payment terms, shall be effective unless it is in writing, is signed by Primary Guarantor and the Beneficiaries, and states that it is expressly intended to give effect to the applicable amendment or modification hereto. No waiver of any provision of this Guaranty nor consent to any departure by the Primary Guarantor therefrom, including, without limitation, those related to payment terms, shall in any event be effective unless such waiver or consent shall refer to this Guaranty, be in writing and be signed by the all Beneficiaries. Any such waiver or consent shall be effective only in the specific instance and for the specific purpose for which it was given.

**12.    CAPTIONS**. The captions in this Guaranty have been inserted for convenience only and shall be given no substantive meaning or significance whatsoever in construing the terms and provisions.

**13.    REPRESENTATIONS AND WARRANTIES**. The Primary Guarantor represents and warrants as follows:

(a)     the Primary Guarantor is duly organized, validly existing, and in good standing under the laws of the State of Indiana;

(b)     the Primary Guarantor has full power and authority to execute, deliver, and perform its obligations under this Guaranty and no limitation on the powers of the Primary Guarantor will be exceeded as a result of entering into this Guaranty;

(c)     the execution, delivery, and performance of this Guaranty have been and remain duly authorized by all necessary corporate action and do not contravene the Primary Guarantor's constitutional documents; and

(d)     this Guaranty constitutes the legal, valid and binding obligation of the Primary Guarantor, enforceable against it by the Beneficiaries in accordance with its terms, subject to applicable law.

**14.    SEVERABILITY**. Wherever possible, each provision of this Guaranty shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Guaranty shall be prohibited by or invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty.

15.     **JURISDICTION**. The Primary Guarantor and the Beneficiaries (other than the United States) each hereby irrevocably agree to the exclusive jurisdiction and venue of the United States District Court for the Eastern District of Louisiana in MDL 2179 ("the Court"). The United States hereby irrevocably agrees to the exclusive jurisdiction and venue in the United States District Court for the Eastern District of Louisiana in MDL 2179, except with respect to claims exceeding $10,000 brought by BP p.l.c., BP Corporation North America Inc. or BPXP against the United States that are subject to the exclusive jurisdiction in the United States Court of Federal Claims under the Tucker Act (28 U.S.C. § 1491) or to the exclusive jurisdiction of any other federal court created by Congress for those purposes. The United States District Court for the Eastern District of Louisiana (and appellate courts thereof) are to have exclusive jurisdiction to settle any disputes which may arise out of or in connection with this Guaranty except those subject to the exclusive jurisdiction in the United States Court of Federal Claims under the Tucker Act or other court created by Congress for those purposes, as above. Further, upon termination of MDL 2179, any legal action or proceedings arising out of or in connection with this Guaranty shall be brought in the Court, and the Primary Guarantor and the Beneficiaries irrevocably submit to the exclusive jurisdiction and venue of the Court with respect to this Guaranty, except for those claims subject to the exclusive jurisdiction in the United States Court of Federal Claims under the Tucker Act, as above.

16.     **GOVERNING LAW**. This Guaranty shall be governed by, and construed in accordance with, the laws of Texas, without regard or reference to the conflict of laws principles of any jurisdiction.

IN WITNESS WHEREOF, the Primary Guarantor has caused this Guaranty to be duly executed and delivered by its duly authorized officer on this 28 day of September, 2015 but shall be effective as the Effective Date (as defined in the Consent Decree).


BP CORPORATION NORTH AMERICA INC.

By: _Eric L. Nitcher_

       Eric L. Nitcher
       Assistant General Counsel, BPCNA
       501 Westlake Blvd
       Houston, TX 77079

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

FOR THE UNITED STATES:

Date: _____   Oct 1, 2015

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:


Date: _9/14/2015_                        _Robert Bentley_____

ROBERT BENTLEY
Governor
State of Alabama

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

Date: __9-14-15__

__Luther Strange__
LUTHER STRANGE
Attorney General
State of Alabama

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

Date: _9/15/2015_

_____
RICK SCOTT
Governor
State of Florida

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

Date: 9/15/15

PAM BONDI
Attorney General
State of Florida

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

Date: September 15, 2015

BOBBY JINDAL
Governor
State of Louisiana

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

Date: 9\|16\|15

JAMES D. CALDWELL
Attorney General
State of Louisiana

Appendix 8-16

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

Date: _Sept. 17, 2015_

_Phil Bryant_

PHIL BRYANT
Governor
State of Mississippi

Appendix 8-17

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:


Date: 9|15|2015

_____
JIM HOOD
Attorney General
State of Mississippi

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

Date: ___9|14|15___

_____
GREG ABBOTT
Governor
State of Texas

The undersigned acknowledges and agrees to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:


Date:  9/15/15

KEN PAXTON
Attorney General
State of Texas

The undersigned acknowledge and agree to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

TEXAS GENERAL LAND OFFICE
Natural Resource Trustee

By: _____
      Anne Idsal, Chief Clerk
      Texas General Land Office


TEXAS COMMISSION ON ENVIRONMENTAL QUALITY
Natural Resource Trustee

By: _____
      Richard Hyde, Executive Director
      Texas Commission on Environmental Quality


TEXAS PARKS AND WILDLIFE DEPARTMENT
Natural Resource Trustee

By: _____
      Carter Smith, Executive Director
      Texas Parks and Wildlife Department

The undersigned acknowledge and agree to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:


TEXAS GENERAL LAND OFFICE
Natural Resource Trustee


By: _____
       Anne Idsal, Chief Clerk
       Texas General Land Office


TEXAS COMMISSION ON ENVIRONMENTAL QUALITY
Natural Resource Trustee


By: _____
       Richard Hyde, Executive Director
       Texas Commission on Environmental Quality


TEXAS PARKS AND WILDLIFE DEPARTMENT
Natural Resource Trustee


By: _____
       Carter Smith, Executive Director
       Texas Parks and Wildlife Department

The undersigned acknowledge and agree to the foregoing Primary Guaranty by BP Corporation North America Inc. in favor of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas:

TEXAS GENERAL LAND OFFICE
Natural Resource Trustee

By: _____

     Anne Idsal, Chief Clerk
     Texas General Land Office

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY
Natural Resource Trustee

By: _____

     Richard Hyde, Executive Director
     Texas Commission on Environmental Quality

TEXAS PARKS AND WILDLIFE DEPARTMENT
Natural Resource Trustee

By: _____

     Carter Smith, Executive Director
     Texas Parks and Wildlife Department