**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: OIL SPILL by the OIL RIG** | § | **MDL No. 2179** |
| **"DEEPWATER HORIZON"** | § | |
| **in the GULF OF MEXICO, on** | § | **SECTION "J"** |
| **APRIL 20, 2010** | § | |
| | § | |
| This Document Relates to: | § | **JUDGE BARBIER** |
| | § | |
| Nos. 10-3059, 10-4182, 10-4183, | § | **MAG. JUDGE SHUSHAN** |
| 11-0516, and 10-2771 (Rec. | § | |
| Doc. Nos. 323 and 462) | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

**[Regarding Payment of the Gulf States' Attorneys' Fees and Costs]**

WHEREAS the Court previously appointed Neutrals (Magistrate Judge Shushan, Patrick A. Juneau, and Special Master Louis Freeh) who oversaw and concluded certain negotiated governmental entity settlements with BP Exploration & Production Inc. ("BPXP"), BP Corporation North America Inc., and BP p.l.c. (collectively, "BP"), including all claims of the State of Alabama, the State of Florida, the State of Louisiana, the State of Mississippi and the State of Texas (collectively, "the Gulf States") and various local governmental entities against the BP Entities;

Whereas, BP and the Gulf States have executed a settlement agreement resolving economic claims and other damages related to the *Deepwater Horizon* incident ("Settlement Agreement"); and further BP and the Gulf States, along with the United States, have executed a Consent Decree resolving environmental claims related to the *Deepwater Horizon* incident, including natural resource damages ("Consent Decree");

WHEREAS the Court-appointed Neutrals have reported to the Court that BPXP has, based on the recommendations of the Neutrals, agreed to pay the below described economic loss claim related fees, costs, and common benefit fees and costs, in addition to the settlement amounts being paid to the States of Alabama, Florida, Louisiana, Mississippi and Texas under the Settlement Agreement between the Gulf States and BP;

WHEREAS the Neutrals concur that such costs and fees should be paid, and have further recommended to the Court that such payments should be made by BPXP as set forth herein;

WHEREAS none of these fees and/or costs are to be paid out of the Settlement Agreement, but rather are being paid by BPXP, in addition to the settlements which were previously reached;

WHEREAS the Court is advised that all Parties defined herein desire to fully and finally settle, compromise, resolve, release and discharge any and all rights and/or claims for the payment, assessment, or other recovery of claims preparation and/or litigation expenses, assessment costs, court costs, and/or attorneys' fees relating to the BP Oil Spill Claims:

IT IS HEREBY ORDERED that:

1. **The Parties** subject to this Order include:

    a. **Common Benefit Attorneys,** shall include Plaintiffs' Co-Liaison Counsel, the Plaintiffs' Steering Committee, and all other attorneys who performed legal services for the common and collective benefit of MDL No. 2179 Plaintiffs and Claimants-in-Limitation, pursuant to and in compliance with Pre-Trial Orders Nos. 6, 8, 9, 26, 46, 48, 53, 55, 56, and 59.

    b. **BP Entities,** shall mean one or more of the following: BP Exploration & Production Inc. ("BPXP"), BP Corporation North America Inc., BP America Production Company, and BP p.l.c., and any of their respective parents, subsidiaries, successors, assigns, or affiliates; and for each of the preceding, all of their current, future and former officers, directors, and employees in their official capacity;

    c. **The State of Alabama,** including its Affiliates, individually and on behalf of its Outside Private Counsel;

2

       **d.**     **The State of Florida,** including its Affiliates, individually and on behalf of its Outside Private Counsel**;**

       **e.**     **The State of Louisiana,** including its Affiliates, individually and on behalf of its Outside Private Counsel;

       **f.**     **The State of Mississippi,** including its Affiliates, individually and on behalf of its Outside Private Counsel**;**

       **g.**     **The State of Texas,** including its Affiliates, individually and on behalf of its Outside Private Counsel**;**

       **h.**     **Outside Private Counsel,** shall include any and all non-government-employed lawyers, law firms, or other professionals retained and/or appointed, including as Assistant Attorneys General, by the States of Alabama, Florida, Louisiana, Mississippi and/or Texas by and though their respective Governor's Office, Attorney General's Office, and/or other State Office, Department, Agency, or duly appointed Natural Resources Damages Trustee, to perform legal services in connection with the BP Oil Spill Claims, whether or not such lawyer, law firm or professional has entered an appearance in this matter.

       **i.**     **Affiliates,** for each state shall mean that Gulf State's branches, agencies, associations, authorities, boards, bureaus, councils, departments, educational institutions or systems, components, natural resource damages Trustees, public benefits corporations, or other instrumentalities of any kind, administrators, elected or unelected officials, officers or delegates (other than in their individual capacities), assigns, insurers, attorneys, or other agents of any kind.

    **2.**    **BP Oil Spill Claims** shall include the investigation, assessment, filing, prosecution, management, coordination, monitoring, discovery, trial, appeal, negotiation, settlement and/or recovery of damages, natural resource damages, fines, penalties, claims, rights, interests, payments and/or other relief to arising out of or in any way related to the *Deepwater Horizon* incident and the blowout of the MC252 Well, including the release of oil into the environment.

    3.    BPXP shall make, or cause to be made, the payments itemized in Appendix A **within 30 days after the effective date of the Consent Decree.**

4.　　　Phil Garrett, CPA, is directed to establish a Court-supervised Qualified Settlement Fund account in the registry of the court to receive and invest funds to be paid by BP pursuant to this order (Appendix "A") for the benefit of the Common Benefit Attorneys, said funds to be distributed from the registry of the Court to the Common Benefit Attorneys who have complied with Pre-Trial Order No. 9 (and related Orders of the Court), upon agreement of all of said Common Benefit Attorneys Firms who submitted common benefit time or expenses on or before the date of this Order pursuant to PTO 9, and with approval of the Court, *or,* in the absence of such agreement, by allocation and order of the Court ("Escrow Account").

5.　　　Except as provided below in Paragraph 6, by accepting the money being paid pursuant to this Order, the Common Benefit Attorneys are deemed to fully and finally release, waive, dismiss with prejudice, and forever discharge any and all potential claims, demands, rights and/or interests in claims preparation and/or litigation expenses, assessment costs, court costs, and/or attorneys' fees relating to the BP Oil Spill Claims against the BP Entities with respect to claims of any Local Governmental Entity, , the State of Alabama, the State of Florida, the State of Louisiana, the State of Mississippi and the State of Texas and/or Outside Private Counsel.

6.　　　Common Benefit Attorneys shall retain the right to pursue and recover common benefit attorney fees and/or costs from:

　　　　　a.　　the Common Benefit Fee and Cost Fund established pursuant to the DHEPDS and Orders of this court, (including, but not limited to, Rec. Doc. 6532);

　　　　　b.　　the Common Benefit Fee and Cost Sub-Fund established pursuant to the HESI Settlement (Rec. Doc. 13649, ¶4) and/or the Transocean Settlement (Rec. Doc. 14906, ¶4); and/or

c.   any future recoveries by non-governmental MDL No. 2179 plaintiffs and/or claimants-in-limitation, (Rec. Docs. 5022, 5064 and 5274).

7.     By accepting the money being paid pursuant to this Order, the Common Benefit Attorneys are deemed to forever waive any and all defenses or objections to the payment of claims preparation and/or litigation expenses, assessment costs, court costs, and/or attorneys' fees stated in Paragraph 3 to the State of Alabama, the State of Florida, the State of Louisiana, the State of Mississippi, the State of Texas and/or Outside Private Counsel.

8.     By accepting the money being paid to the States of Alabama, Florida, Louisiana, Mississippi, Texas and/or for their benefit as part of the Settlement Agreement, the Consent Decree and this Order, the States of Alabama, Florida, Louisiana, Mississippi, Texas, including their respective Outside Private Counsel, are deemed to fully and finally release, waive, dismiss with prejudice, and forever discharge any and all claims, potential claims, demands, rights and/or interests in claims preparation and/or litigation expenses, assessment costs, court costs, and/or attorneys' fees relating to BP Oil Spill Claims, including with respect to claims of any Local Government Entity, against the BP Entities and/or Common Benefit Attorneys. Nothing herein shall preclude any State's receipt of natural resource damage assessment (NRDA) expenses or costs that BPXP has previously agreed to pay pursuant to the Consent Decree.

9.     By accepting the money being paid to the States of Alabama, Florida, Louisiana, Mississippi, Texas and/or for their benefit as part of the Settlement Agreement, the Consent Decree, and this Order, the States of Alabama, Florida, Louisiana, Mississippi, Texas, including their respective Outside Private Counsel, are deemed to fully and finally release, waive, and relinquish any and all claim for any fees or costs for the Common Benefit Attorneys from the BP Entities, Common Benefit Attorneys, and/or any common benefit fee and/or cost fund established

pursuant to the *Deepwater Horizon* Economic & Property Damages Settlement (DHEPDS) (Rec. Doc. 6276), the HESI Punitive Damages and Assigned Claims Settlement Agreement (Rec. Doc. 13346) (as amended), the Transocean Punitive Damages and Assigned Claims Settlement Agreement (Rec. Doc. 14644), any other settlement agreement related to BP Oil Spill Claims, or any other common benefit cost or fee fund and/or hold-back account that may be established with respect to any future recoveries by MDL No. 2179 plaintiffs and/or Claimants-in-Limitation. No Gulf State or other governmental entity or its/their Outside Private Counsel shall be eligible to receive any payment from the Escrow Account or any other Common Benefit Fee and Cost Fund that has been or may in the future be established within MDL 2179 for any work that was done for a state or other governmental entity.

10.    By accepting the money being paid to the States of Alabama, Florida, Louisiana, Mississippi, Texas and/or for their benefit as part of the Settlement Agreement, the Consent Decree, and this Order, the States of Alabama, Florida, Louisiana, Mississippi, and Texas are deemed to waive any and all defenses or objections to the payment of claims preparation and/or litigation expenses, assessment costs, court costs, and/or attorneys' fees stated in Paragraph 3 to Outside Private Counsel and/or Common Benefit Attorneys.

11.    By accepting the money being paid to the States of Alabama, Florida, Louisiana, Mississippi, Texas and/or for their benefit as part of the Settlement Agreement, the Consent Decree, and this Order, the States of Alabama, Florida, Louisiana, Mississippi, Texas, individually and on behalf of their Private Outside Counsel, are deemed to fully and finally release, waive, dismiss with prejudice, and forever discharge any and all claims, potential claims, demands, rights and/or interests in claims preparation and/or litigation expenses, assessment costs, court costs,

and/or attorneys' fees relating to BP Oil Spill Claims, including with respect to claims of any Local

Government Entity, against the BP Entities.

12.     The BP Entities forever waive any and all defenses or objections to the payment of

claims preparation and/or litigation expenses, assessment costs, court costs, and/or attorneys' fees

stated in Paragraph 3 to the State of Alabama, the State of Florida, the State of Louisiana, the State

of Mississippi, the State of Texas, Outside Private Counsel, and/or Common Benefit Attorneys.

13.     In no event will the BP Entities be obligated to pay more in fees and costs to the

States of Alabama, Florida, Louisiana, Mississippi, Texas, any Local Governmental Entity, or to

their respective Outside Private Counsel, beyond the amounts specified in this Order.

14.     For the purpose of the Order, the term "Local Governmental Entity" means any

local governmental entity that has as of the date of this Order released their claims against BPXP

(or any other BP Entity) related to or arising out of the Deepwater Horizon Incident.

New Orleans, Louisiana, this 5th day of October, 2015.

**CARL J. BARBIER**
**United States District Judge**