UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| This Document Relates To: | * | SECTION: J |
| *No. 12-970* | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

## ORDER & REASONS

Before the Court is the **Motion of the Special Master for Return of Payments Made to Tony Riley ("Riley") and Others (Rec. Doc. 14070)** and related briefing (Andry Lerner Response, Rec. Doc. 14204; Special Master Reply, Rec. Doc. 14211; Special Master Suppl. Reply, Rec. Doc. 14968). The motion asserts that Riley submitted fraudulent claims to the Deepwater Horizon Economic Claim Center ("DHECC"), which the DHECC paid, and seeks an order requiring Riley to make restitution. The motion also seeks restitution from attorneys who received a portion of Riley's claim awards pursuant to contingent fee contracts. For the reasons set forth below, the Court will grant the motion.

This Order & Reasons largely assumes the reader's familiarity with the 2010 Gulf oil spill, MDL 2179, the *Deepwater Horizon* Economic and Property Damages Settlement ("Settlement," Rec. Doc. 6430), the Seafood Compensation Program (Settlement, Ex. 10), and the DHECC, as well as the Court's previous rulings on other "clawback" motions.[1] On July 2, 2012, Riley filed shrimp vessel owner and shrimp boat captain claims with the DHECC, seeking to have both claims paid using the Expedited Compensation Method based on his 2009 tax

---

[1] *See* Thonn Order, Rec. Doc. 12794; Burrle Order, Rec. Doc. 14747; Zirlott Order, Rec. Doc. 14752; Lambert Order, Rec. Doc. 14780; Taylor Order, Rec. Doc. 14813; Parker Order, Rec. Doc. 15325; Alfonso Order, Rec. Doc. 15400.

records. The Expedited Compensation Method determines a claim's value from set figures tied to the claimant's vessel size, provided that the vessel's revenue from commercial shrimping meets a certain "qualifying vessel revenue" for the benchmark year(s). (*See* Settlement, Ex. 10 at 8-13.) Because Riley owned a 41-foot vessel, he needed to demonstrate at least $40,000 in shrimping revenue in order to qualify for awards of $107,250 on the captain claim and $135,281 on the vessel owner claim.

To support his claim, Riley submitted a Form 1040X dated June 5, 1010, which purported to amend his 2009 tax return. The return states that it was "amended to include fishing income in the amount of 40,000" and included a Schedule C that reported $40,000 in commercial fishing revenue. A "Sworn Written Statement" was also submitted with Riley's claim, which attested that he landed $40,000 in shrimp in 2009. Relying on these documents, the DHECC found Riley eligible under the Expedited Compensation Method and, after deducting prior spill-related payments and adding claim support accounting fees, paid him a total of $221,681.62 on his two claims. The law firm Andry Lerner, LLC ("Andry Lerner"), which represented Riley on a contingent fee basis, received $55,420.46 of the $221,681.62.[2]

In September of 2013, the Court appointed the Special Master to, inter alia, examine and investigate past or pending claims submitted to the DHECC which are deemed suspicious and to initiate legal action to "clawback" the payment of fraudulent claims. (Rec. Doc. 11288 at 3.) The thrust of the Special Master's motion is that Riley falsified tax records after the oil spill in order to receive payment on his shrimp claims. The Special Master primarily relies upon records from the IRS that show Riley never filed the Form 1040X (i.e., the "amended 2009 tax return") with

---

[2] Andry Lerner subsequently paid a portion of its fee to David D. Bravo APLC ($11,049.09) and the Palazzo Law Firm ($11,084.10), pursuant to a referral agreement it had with those attorneys.

the IRS nor paid the additional tax reflected on the form. There is other evidence of Riley's fraud, which is discussed in the Special Master's filings.

Andry Lerner filed a response to the Special Master's motion which does not expressly deny that Riley committed fraud, though it does state, "[I]t is difficult to tell if the tax return at issue was filed and just the tax was not paid. The return at issue was prepared by HRB (H&R Block), which raises issues as to whether it was, in fact, filed."  (Andry Lerner Opp'n at 2, Rec. Doc. 14204). The IRS records presented with the Special Master's motion, however, establish that the "amended tax return" was never filed with the IRS. That evidence, combined with other evidence submitted by the Special Master, clearly and convincingly establish Riley's fraud. Andry Lerner offers no counter evidence, and its argument alone is insufficient to create a genuine dispute as to a material fact. *See, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Raido Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under [summary judgment] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991) ("Summary judgment, to be sure, may be appropriate, even in cases where elusive concepts such as motive or intent are at issue, if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." (citations, quotations, and ellipses omitted)).

The bulk of Andry Lerner's brief argues that it cannot be required to return its earned fees in the absence of an express finding that Andry Lerner participated in the fraudulent act. The Court rejects these arguments for reasons stated in other orders. (*See* Thonn Order at 22-26, Rec. Doc. 12794; Burrle Order at 6, Rec. Doc. 14747.)

For these reasons,

IT IS ORDERED that the Motion of the Special Master for Return of Payments Made to Tony Riley and Others (Rec. Doc. 14070) is GRANTED.

The Court will enter a judgment vacating Riley's claim awards; requiring Riley to make restitution to the DHECC in the amount of $221,681.62, plus post-judgment interest; and prohibiting Riley from participating in any further distributions under the DHECC Seafood Compensation Program. The judgment will also hold Andry Lerner and its individual attorneys jointly and severally liable with Riley, but only up to $55,420.46, plus post-judgment interest.[3] In no event shall the total restitution payable to the DHECC exceed $221,681.62, excluding any post-judgment interest.

New Orleans, Louisiana, this 6th day of October, 2015.

_____
United States District Judge

---

[3] If Andry Lerner satisfies its portion of the judgment, it may seek to recover from David D. Bravo APLC and the Palazzo Law firm the amounts Andry Lerner paid to those firms in connection with Riley's claim. *See* note 2, *supra*.