# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION: J |
| on APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| **Applies to:** | § | |
| | § | MAG. JUDGE SHUSHAN |
| Civil Action No. 2:15-CV-4143 | § | |
| | § | |
| _____ | § | |

## HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO COMPLAINT
### [Halliburton Punitive Damages Class]

Subject to its previously filed Motions to Dismiss,[1] Defendant Halliburton Energy Services, Inc. ("Halliburton")[2] files this Answer to Complaint [Halliburton Punitive Damages Class] (the "Complaint") (Doc. No. 1), and respectfully shows this Court as follows:

## <u>ANSWER</u>

Halliburton is not required to deny and/or respond to the various headings and subheadings in the Complaint. However, to the extent a response is required, Halliburton denies each and every heading and/or subheading contained in the Complaint.

For answer to each and every allegation of the Complaint, Halliburton responds as follows:

1. Halliburton admits the allegations in Paragraph 1.

---

[1] Halliburton incorporates herein, as if stated in full, the arguments and authorities contained in its previously filed Motions to Dismiss the Bundles A, B, C, and D master and individual complaints in MDL-2179, as well as the memoranda filed in support of the same. This Answer is filed subject to its Motions to Dismiss the Bundles A, B, C, and D master and individual complaints, as well as the memoranda filed in support of each, and without waiver of any rights Halliburton may have to further respond.

[2] Halliburton Company has been improperly named as a defendant in this matter. To the extent an Answer is necessary, Halliburton Company joins Halliburton Energy Services, Inc. in this Answer.

2.      Halliburton admits the allegations in Paragraph 2.

3.      Halliburton admits the allegations in Paragraph 3.

4.      Subject to any previously filed challenges and reservations of rights, Halliburton admits the allegations in Paragraph 4.

5.      Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5.

6.      Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6.

7.      Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7.

8.      Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8.

9.      Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9.

10.     Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10.

11.     Concerning the allegations in Paragraph 11, Halliburton admits it is a Delaware corporation with its principal place of business in Houston, Texas.  Halliburton further admits that at all times pertinent and material hereto, Halliburton Energy Services, Inc., was and is registered to do and does business in the State of Louisiana.  Halliburton also admits that Sperry Drilling Services is a product service line of Halliburton.

12.     Halliburton admits the allegations in Paragraph 12; however, Halliburton denies Halliburton Company is a proper party to this litigation.

-2-

13.     Halliburton admits the allegations in Paragraph 13.

14.     Halliburton admits that after the blowout, oil and gas flowed from the damaged well into the Gulf of Mexico.  Halliburton denies the remaining allegations in Paragraph 14.

15.     Concerning the allegations in Paragraph 15, Halliburton admits that it had some responsibility for the design, testing, and cement job execution at the Macondo well, but that these responsibilities were shared with BP.

16.     Halliburton admits that Sperry Drilling Services provided MWD, mudlogging and monitoring services as a "second set of eyes" at the Macondo well.  Halliburton denies the remaining allegations in Paragraph 16.

17.     The allegations of Paragraph 17 draw legal conclusions, to which no response is required.  To the extent a response is required, the allegations of Paragraph 17 are denied.

18.     Halliburton denies the allegations in Paragraph 18.

19.     Halliburton denies the allegations in Paragraph 19.

20.     Concerning the allegations in Paragraph 20, Halliburton admits that MMS published a study in 2007.  Halliburton would note that the study speaks for itself.

21.     The allegations of Paragraph 21 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations set forth in Paragraph 21.

22.     Halliburton admits it was required to provide a Basis of Design.  Halliburton denies the remaining allegations in Paragraph 22.

23.     Halliburton admits it was required to provide a Basis of Design.  Halliburton denies the remaining allegations in Paragraph 23.

24.     Halliburton admits it was required to provide a Basis of Design.  Halliburton denies the remaining allegations in Paragraph  24.

25.     The allegations of Paragraph 25 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 25.

26.     Halliburton denies the allegations in Paragraph 26.

27.     Halliburton denies the allegations in Paragraph 27.

28.     The allegations of Paragraph 28 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 28.

29.     Halliburton admits that Thomas Roth testified at trial on the matter set forth in paragraph 29.  Halliburton would note that the testimony of Mr. Roth speaks for itself.

30.     Halliburton denies the allegations in Paragraph 30.

31.     Halliburton admits that the cement slurry used in the production casing cement job contained D-Air 3000.  Halliburton denies the remaining allegations in Paragraph 31.

32.     Halliburton admits that Jesse Gagliano testified at trial on the matter set forth in Paragraph 32.  Halliburton would note that the testimony of Mr. Gagliano speaks for itself.

33.     Halliburton admits that the production casing cement job utilized the dry cement blend used on the Kodiak well, and that the dry cement blend contained D-Air 3000.  Halliburton denies the remaining allegations in Paragraph 33.

34.     Halliburton admits that Mr. Gagliano was aware of the potential effects of D-Air 3000 in a foam slurry, and that he utilized the surfactant ZoneSealant 2000 to offset the D-Air 3000.  Halliburton denies the remaining allegations in Paragraph 34.

35.     The allegations of Paragraph 35 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 35.

36.     Halliburton admits that the BP-Halliburton Services Agreement and Halliburton Best Practices discuss various tests that should be performed under certain conditions. Halliburton specifically denies that the slurry pumped into the Macondo well was not properly tested prior to the cement job.  Halliburton denies the remaining allegations in Paragraph 36.

37.     Halliburton admits that it did not conduct a foam stability test on a slurry that contained .09 gal/sk of SCR-100L.  Halliburton denies the remaining allegations in Paragraph 37.

38.     Halliburton denies the allegations in Paragraph 38.

39.     Halliburton admits that Mr. Gagliano instructed the Broussard Lab to cancel the crush compressive strength and foam stability testing on the slurry that contained .09 gal/sk of SCR-100L.  Halliburton denies the remaining allegations in Paragraph 39.

40.     Halliburton admits the allegations in Paragraph 40.

41.     The allegations of Paragraph 41 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 41.

42.     Halliburton denies the allegations in Paragraph 42.

43.     Halliburton admits that cement tests were performed on February 12, February 17, April 13, and April 18, 2010.  Halliburton denies the remaining allegations of Paragraph 43.

44.     Halliburton admits that pilot tests were performed on February 12 and February 17, 2010.  Halliburton denies the remaining allegations in Paragraph 44.

45.     Halliburton admits that cement tests were conducted in April 2010.  Halliburton denies the remaining allegations in Paragraph 45.

46.     As worded, Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46.

47.     As worded, Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47.

48.     Halliburton admits that BP did not receive the results of the April 17, 2010 test until after the April 20, 2010, explosion and fire aboard the *Deepwater Horizon*.  Halliburton denies the remaining allegation in Paragraph 48.

49.     Halliburton denies the allegations in Paragraph 49.

50.     The allegations of Paragraph 50 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 50.

51.     Halliburton admits that BP was making all final decisions related to the cement job.  Halliburton denies the remaining allegations in Paragraph 51.

52.     Halliburton denies the allegations in Paragraph 52.

53.     The allegations of Paragraph 53 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 53.

54.     Halliburton admits that the production casing cement job, like all cement jobs, presented a risk of not achieving zonal isolation.  Halliburton denies the remaining allegations of Paragraph 54.

55.    Halliburton admits that Joe Keith testified at trial on the matter set forth in Paragraph 55.  Halliburton would note that Mr. Keith's testimony speaks for itself.  Halliburton denies the allegations in Paragraph 55.

56.    The allegations of Paragraph 56 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 56.

57.    Halliburton denies the allegations in Paragraph 57.

58.    The allegations of Paragraph 58 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 58.

59.    Halliburton denies the allegations in Paragraph 59.

60.    The allegations of Paragraph 60 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 60.

61.    Halliburton admits that prior to the *Deepwater Horizon* Incident some concerns were raised by individuals at BP about Mr. Gagliano and certain mudloggers who were not on the *Deepwater Horizon* on April 20, 2010.  Halliburton denies the remaining allegations in Paragraph 61.

62.    Halliburton admits that it was not compensated under the BP Services Agreement for specific tests or technical support.  Halliburton denies the remaining allegations in Paragraph 62.

63.    Halliburton admits that a January 2010 audit of the Broussard, Louisiana testing lab was performed.  The results of the audit speak for themselves.  Halliburton specifically

-7-

denies that any testing or operations related to the Macondo well were negatively impacted by any alleged deficiency in the January 2010 audit.  Halliburton denies the remaining allegations in Paragraph 63.

64.     Halliburton admits that Tim Quirk sent an email to Richard Vargo on the matter set forth in Paragraph 64.  Halliburton would note that Mr. Quirk's email speaks for itself. Halliburton specifically denies that any testing or operations related to the Macondo well were negatively impacted by any alleged deficiency at the Broussard, Louisiana testing lab. Halliburton denies the remaining allegations in Paragraph 64.

65.     Halliburton denies the allegation in Paragraph 65.

66.     Halliburton admits that BP engineers voiced some concerns related to Mr. Gagliano prior to the *Deepwater Horizon* Incident.  Halliburton denies the remaining allegations in Paragraph 66.

67.     Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67.

68.     Halliburton admits that John Guide testified at trial on the matter set forth in Paragraph 68.  Halliburton would note that the testimony of Mr. Guide speaks for itself.

69.     Halliburton denies the allegations in Paragraph 69.

70.     Halliburton admits that Roger Dugas was a Sales Manager and Mr. Gagliano's supervisor through April 16, 2010, and that Ronnie Faul was Mr. Gagliano's supervisor on and after April 16, 2010.  Halliburton denies the remaining allegations in Paragraph 70.

71.     Halliburton denies the allegations in Paragraph 71.

2584147 v4-24010/0002 PLEADINGS

72.     Halliburton denies that there were "chronic problems with incompetence" among its mudloggers assigned to the Macondo well.   Halliburton admits there was a change of personnel at the Macondo well.  Halliburton denies the remaining allegations in Paragraph 72.

73.     Halliburton admits that Halliburton Mudlogger Nick Malczewsky was on the *Deepwater Horizon* on March 8, 2010, when the Macondo well experienced a kick, and that he was subsequently replaced by another mudlogger on the *Deepwater Horizon*.  Halliburton denies the remaining allegations in Paragraph 73.

74.     Halliburton admits that Joe Keith testified that he was not "aware" of any formal "lessons learned" after the March 8, 2010 kick.  Halliburton would note that the testimony of Mr. Keith speaks for itself.  Halliburton denies the remaining allegations in Paragraph 74.

75.     The allegations of Paragraph 75 draw legal conclusions, to which no response is required.  To the extent a response is required, Halliburton denies the allegations in Paragraph 75.

76.     Halliburton admits that since the Spill began, and until the well was capped, raw crude oil, natural gas, and chemical dispersants have escaped the Macondo well and/or have been used in the Gulf of Mexico.  Halliburton is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 76.

77.     Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77.  Halliburton would note that 40 C.F.R. § 401.15 speaks for itself.  To the extent the allegations set forth in Paragraph 77 draw any legal conclusions, no response is required.

2584147 v4-24010/0002 PLEADINGS

78.    Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78.  Halliburton would note that any statements by the "environmental experts" in the *Deepwater Horizon* Study Group speak for themselves.

79.    Halliburton denies that any of its actions caused the harm complained of by Plaintiffs.  Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79.

80.    Halliburton denies that any of its actions caused the harm complained of by Plaintiffs.  Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 80.

81.    Halliburton admits that there are a wide variety of commercially valuable fish species in the Gulf of Mexico, including shrimp, crabs, oysters, menhaden, and pelagic fish. Halliburton denies that any of its actions caused the harm complained of by Plaintiffs. Halliburton is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 81.

82.    Halliburton denies that any of its actions caused the harm complained of by Plaintiffs.  Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 82.

83.    Halliburton denies that any of its actions caused the harm complained of by Plaintiffs.  Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 83.  Halliburton would note that NOAA sources regarding commercial and recreational fishing in the Gulf of Mexico speak for themselves.

84.    Halliburton denies that any of its actions caused the harm complained of by Plaintiffs.  Halliburton is without sufficient knowledge or information to form a belief as to the

-10-

truth of the allegations set forth in Paragraph 84.  Halliburton would note that testimony from Dr. Lisa Kaplowitz speaks for itself.

85.     Halliburton denies that any of its actions caused the harm complained of by Plaintiffs.  Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85.

86.     Halliburton denies that any of its actions caused the harm complained of by Plaintiffs.  Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 86.

87.     Halliburton denies that any of its actions caused the harm complained of by Plaintiffs.  Halliburton is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 87.

88.     Concerning the allegations in Paragraph 88, Halliburton admits that the Plaintiffs seek certification of the Class defined in the HESI Punitive Damages and Assigned Claims Settlement Agreement (Amended as of September 2, 2015), filed with the Court on September 4, 2015 (Doc. No. 15322) (hereinafter, "HESI Second Amended Settlement Agreement").

89.     Concerning the allegations in Paragraph 89, Halliburton admits that Bodily Injury Claims of any Plaintiff or putative Class Member are excluded from the HESI Second Amended Settlement Agreement.

90.     Halliburton admits that Plaintiffs have brought this action as a class action on behalf of the defined Class.  Halliburton admits that this action may be properly maintained as a class action, but only to the extent required by the HESI Second Amended Settlement Agreement.  Halliburton does not oppose conditional class certification for settlement purposes only.  Halliburton does not waive or concede any position or arguments it has for or against class

-11-

certification of any class for any other purpose in any action or proceeding. Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification. To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective. Halliburton denies the remaining allegations of Paragraph 90.

91. Halliburton admits the allegations of Paragraph 91, but only to the extent required by the HESI Second Amended Settlement Agreement. Halliburton does not oppose conditional class certification for settlement purposes only. Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding. Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification. To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective. Halliburton denies the remaining allegations of Paragraph 91.

92. Halliburton admits the allegations of Paragraph 92, but only to the extent required by the HESI Second Amended Settlement Agreement. Halliburton does not oppose conditional class certification for settlement purposes only. Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in

-12-

any action or proceeding.  Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification.  To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective.  Halliburton denies the remaining allegations of Paragraph 92.

93.      Halliburton denies that its conduct was outrageous, reckless, grossly negligent, willful, wanton, or indifferent to the rights of others.  Halliburton admits that common factual questions exist among the claims of the Class, but only to the extent required by the HESI Second Amended Settlement Agreement.  Halliburton does not oppose conditional class certification for settlement purposes only.  Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding.  Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification.  To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective.  Halliburton denies the remaining allegations of Paragraph 93.

94.      Halliburton denies that its conduct was outrageous, reckless, grossly negligent, willful, wanton, or indifferent to the rights of others.  Halliburton admits that common factual questions exist among the claims of the Class, but only to the extent required by the HESI

Second Amended Settlement Agreement.   Halliburton does not oppose conditional class certification for settlement purposes only.  Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding.   Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification.  To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective.  Halliburton denies the remaining allegations of Paragraph 94.

95.    Halliburton denies that its conduct was outrageous, reckless, grossly negligent, willful, wanton, or indifferent to the rights of others.  Halliburton admits that the claims of the Plaintiffs are typical of the claims of the Class, but only to the extent required by the HESI Second Amended Settlement Agreement.   Halliburton does not oppose conditional class certification for settlement purposes only.  Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding.   Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification.  To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective.  Halliburton denies the remaining allegations of Paragraph 95.

-14-

96.     Halliburton admits the allegations of adequate representation by Plaintiffs and their counsel, but only to the extent required by the HESI Second Amended Settlement Agreement.  Halliburton does not oppose conditional class certification for settlement purposes only.  Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding.   Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification.  To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective.  Halliburton denies the remaining allegations of Paragraph 96.

97.     Halliburton admits that common issues of fact and law predominate among the claims of the Class, but only to the extent required by the HESI Second Amended Settlement Agreement.  Halliburton does not oppose conditional class certification for settlement purposes only.  Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding.   Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification.  To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI

-15-

Second Amended Settlement Agreement does not become effective. Halliburton denies the remaining allegations of Paragraph 97.

98.     Halliburton admits that common issues of fact and law predominate among the claims of the Class, but only to the extent required by the HESI Second Amended Settlement Agreement. Halliburton does not oppose conditional class certification for settlement purposes only. Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding. Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification. To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective. Halliburton denies the remaining allegations of Paragraph 98.

99.     Halliburton admits that common issues of fact and law predominate among the claims of the Class, but only to the extent required by the HESI Second Amended Settlement Agreement. Halliburton does not oppose conditional class certification for settlement purposes only. Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding. Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification. To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval

-16-

Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective. Halliburton denies the remaining allegations of Paragraph 99.

100. Halliburton denies that punitive damages are justified. Halliburton admits that common issues of fact and law predominate among the claims of the Class, but only to the extent required by the HESI Second Amended Settlement Agreement. Halliburton does not oppose conditional class certification for settlement purposes only. Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding. Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification. To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective. Halliburton denies the remaining allegations of Paragraph 100.

101. Halliburton denies that its conduct was outrageous, reckless, grossly negligent, willful, wanton, or indifferent to the rights of others. Halliburton admits that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, but only to the extent required by the HESI Second Amended Settlement Agreement. Halliburton does not oppose conditional class certification for settlement purposes only. Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding. Any class certification order entered in

-17-

connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification.  To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective.  Halliburton denies the remaining allegations of Paragraph 101.

102.     Halliburton admits that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, but only to the extent required by the HESI Second Amended Settlement Agreement.   Halliburton does not oppose conditional class certification for settlement purposes only.  Halliburton reserves the right to join in only certain bases for conditional class certification under the Federal Rules of Civil Procedure.  Halliburton does not waive or concede any position or arguments it has for or against class certification of any class for any other purpose in any action or proceeding.  Any class certification order entered in connection with the HESI Second Amended Settlement Agreement shall not constitute evidence, an admission, or a finding that the Class or any class proposed by any Class member or for any other purpose is appropriate for class certification.  To the extent the Court enters a Preliminary Approval Order without material alteration or a Final Approval Order without material alteration, any such Order will provide for vacation in the event the HESI Second Amended Settlement Agreement does not become effective.  Halliburton denies the remaining allegations of Paragraph 102.

103.     Paragraph 103 is an incorporating paragraph and thus no response is required.

104.     Halliburton denies the allegations in Paragraph 104, and specifically denies that it acted in a grossly negligent, negligent, willful, wanton or reckless manner.  To the extent the allegations set forth in Paragraph 104 draw any legal conclusions, no response is required.

105.     Halliburton denies the allegations in Paragraph 105, and specifically denies that it acted in a grossly negligent, negligent, willful, wanton or reckless manner.  To the extent the allegations set forth in Paragraph 105 draw any legal conclusions, no response is required.

106.     Halliburton denies the allegations in Paragraph 106, and specifically denies that it acted in a grossly negligent, negligent, willful, wanton or reckless manner.  To the extent the allegations set forth in Paragraph 106 draw any legal conclusions, no response is required.

107.     Halliburton denies the allegations in Paragraph 107, and specifically denies that it acted in a grossly negligent, negligent, willful, wanton or reckless manner.  To the extent the allegations set forth in Paragraph 107 draw any legal conclusions, no response is required.

108.     Halliburton denies the allegations in Paragraph 108, and specifically denies that it acted in a grossly negligent, negligent, willful, wanton or reckless manner.  To the extent the allegations set forth in Paragraph 108 draw any legal conclusions, no response is required.

109.     Halliburton denies the allegations in the Prayer for Relief, including all subparagraphs, and prays this Court denies the relief requested therein.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The allegations of the Complaint fail to state a claim upon which relief may be granted.

2584147 v4-24010/0002 PLEADINGS

## SECOND AFFIRMATIVE DEFENSE

The damages referred to in Plaintiffs' Complaint were not caused or contributed to in any way by Halliburton, its alleged servants, employees, agents, or anyone for whom Halliburton is legally responsible.

## THIRD AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Plaintiffs' claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom Halliburton is not legally responsible and over which Halliburton had no control.  Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which Halliburton may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

## FOURTH AFFIRMATIVE DEFENSE

The actions of others for whom Halliburton is not legally responsible and over which Halliburton had no control are the superseding, supervening, and/or intervening causes of Plaintiffs' alleged damages, and, therefore, Plaintiffs may not recover from Halliburton as a matter of law, and all such claims are barred in whole or in part by superseding and intervening causation.

## FIFTH AFFIRMATIVE DEFENSE

At all material times, Halliburton acted with due diligence and reasonable care and did not breach any duty owed to Plaintiffs.  Halliburton is not liable under OPA or maritime law.

## SIXTH AFFIRMATIVE DEFENSE

Halliburton pleads the negligence, superseding negligence and/or breach of duty of the Transocean Entities, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

## SEVENTH AFFIRMATIVE DEFENSE

While denying that it is liable for any claim relating to oil spill recovery, Halliburton states that its potential liability with respect to such claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2).  In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, such claims are barred.

## EIGHTH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Plaintiffs' claims with respect to its oil spill damages or otherwise.  Halliburton is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Plaintiffs' alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages; and OPA does not provide for or allow the imposition of joint and several liability.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead, and cannot satisfy, conditions precedent to recovery.

## TENTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against Halliburton is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927), and by the economic loss doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Plaintiffs may not recover on their claims.

## TWELFTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Plaintiffs were not foreseeable as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Halliburton asserts any other defenses which it may be entitled to under Fed. R. Civ. P. 8(c).

## FOURTEENTH AFFIRMATIVE DEFENSE

By the terms of the Economic and Property Damages Settlement Agreement and the Medical Benefits Class Action Settlement Agreement, (together, the "BP Settlement Agreements"), between BP and the members of the respective Settlement Classes ("BP Settlement Class Members"), the BP Settlement Class Members expressly agree that they have been fully compensated for all compensatory damages.  Having been fully compensated, BP Settlement Class Members are estopped from seeking punitive, exemplary, and multiple damages against Halliburton.  To the extent Plaintiffs are also BP Settlement Class Members, they are likewise estopped from seeking punitive, exemplary, and multiple damages against Halliburton.

## FIFTEENTH AFFIRMATIVE DEFENSE

By the terms of the BP Settlement Agreements, BP Settlement Class Members expressly agree that they have been fully compensated for all compensatory damages.  In the absence of any claim for compensatory damages, BP Settlement Class Members have no basis for an award

-22-

of punitive, exemplary, or multiple damages against Halliburton, and any such award is barred. To the extent Plaintiffs are also BP Settlement Class Members, they are likewise without basis for an award of punitive, exemplary, and multiple damages against Halliburton.

### SIXTEENTH AFFIRMATIVE DEFENSE

The terms of the BP Settlement Agreements prevent the determination or calculation of actual compensatory damages paid to the BP Settlement Class Members, individually or collectively.  Lack of a verifiable compensatory basis renders calculation of appropriate punitive, exemplary, and multiple damages impossible.  Accordingly, amounts paid pursuant to the BP Settlement Agreements cannot serve as the basis for any claims for punitive, exemplary, or multiple damages against Halliburton.

### SEVENTEENTH AFFIRMATIVE DEFENSE

While no award of punitive damages is proper against Halliburton, any such award must nonetheless satisfy all applicable standards for propriety and amount of the award.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Statute of Limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

The Court has made certain rulings that preclude an award of punitive damages in this litigation.

### TWENTIETH AFFIRMATIVE DEFENSE

Halliburton reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

2584147 v4-24010/0002 PLEADINGS

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Halliburton would assert any combination of the foregoing first through twentieth affirmative defenses.

Dated: September 24, 2015

Respectfully Submitted,

Godwin Lewis PC

By: _/s/ Donald E. Godwin_
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Misty Hataway-Coné
State Bar No. 24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: (713) 595-8300
Facsimile: (713) 425-7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY
SERVICES, INC.**

2584147 v4-24010/0002 PLEADINGS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Halliburton Energy Services Inc.'s Answer to Complaint will be served on all Counsel by electronically uploading the same to Lexis Nexis File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 24th day of September, 2015.

*/s/ Donald E. Godwin*