UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010<br><br>**This Document Relates to:**<br>2:10-cv-02454, 2:10-cv-01768 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN<br><br>**MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 14, 2015 ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NO. 15352)** |

## INTRODUCTION

Pursuant to Fed. R. Civ. Proc. 59(e), the Center for Biological Diversity (the "Center"), plaintiff in *Center for Biological Diversity v. BP America, et al.*, 2:10-cv-02454 and 2:10-cv-01768, respectfully submits this Motion for Reconsideration of the Court's September 14, 2015 Order re: Cross-Motions for Summary Judgment, ECF No. 15352. As explained in the Memorandum submitted herewith, reconsideration is sought of the Court's holding that Defendants' injection of excess, unused spacer and drilling muds into the Macondo Well were "associated with the exploration, development, or production of crude oil[.]" 40 C.F.R. § 261.4(b)(5). This motion is timely brought within 28 days after the Court's September 14, 2015 entry of judgment against Plaintiff in both 2:10-cv-02454 and 2:10-cv-01768. Fed. R. Civ. Proc. 59(e).

## ARGUMENT

In its Order re: Cross-Motions for Summary Judgment (hereinafter, "Order"), the Court found that if BP had added hazardous substances into the Macondo Well, then "BP would be required to report the release of the petroleum mixed with the drilling fluids from the well." Order at 16. The Court then reasoned that the unused spacer and drilling fluids injected into the

1

well and Blowout Preventer were exempt from the definition of "hazardous substances," because they are "associated with the exploration, development, or production of crude oil[.]" *Id*. (quoting 40 C.F.R. § 261.4(b)(5)). The Center respectfully asserts that this conclusion is both legally and factually erroneous, and requests that the Court reconsider its decision.

The unused spacer does not fall within the regulatory exemption for hazardous waste, as it was unused and unwanted material. *See, e.g.*, ECF No. 12673-7, Ex. 3 (Ex. M at pp. 33-36); Plaintiff's Memorandum in Support of Motion for Reconsideration, filed herewith, at 3 (hereinafter "Memorandum"). Similarly, the drilling muds, which were injected into the Macondo Well in an attempt to stop discharges, were not used in a manner such that they can reasonably be deemed "associated with" the exploration, development, or production of crude oil. Memorandum at 4. Guidance documents from EPA – the Agency responsible for implementing RCRA – support the interpretation that the excess spacer and drilling muds *were* hazardous waste not subject to the exemption, for these materials *were not* used "to locate or remove oil…from the ground…or to remove impurities from such substances," nor "intrinsic to" or "uniquely associated" with oil and gas exploration, development, or production operations. *Id*. at 4-7 and Appendices A and B to Memorandum. The overuse of spacer material and the injection of drilling muds to cease an unanticipated blowout are not part of, nor "associated with," the expected crude oil exploration, development, and production process. *Id*. at 7.

Finally, the Court should reconsider its decision out of concern for public policy implications. *Id*. By judicially enlarging the regulatory exemption of hazardous waste under RCRA to virtually any substance located near an oil or gas well, the Court has created a veritable black hole in which oil and gas companies can dump untold sums of hazardous waste into the environment that would not otherwise be considered "associated with" oil and gas exploration,

development, and production. *Id*. In the context of oil spills – situations in which Congress has said the public deserves *more* information about the types and quantities of materials being released into the environment, not less – the Court's decision is especially disconcerting. *Id*.

### CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, as more fully described in the attached Memorandum, Plaintiff respectfully requests that the Court reconsider the decision rendered in its Order re: Cross-Motions for Summary Judgment (ECF No. 15352) and grant the Center's Motion for Partial Summary Judgment.

DATED this 9th Day of October, 2015.

Respectfully submitted,

                                      s/Charles M. Tebbutt
                                      Charles M. Tebbutt
                                      Daniel C. Snyder
                                      Law Offices of Charles M. Tebbutt, P.C.
                                      941 Lawrence St.
                                      Eugene, OR 97401
                                      Ph: 541-344-3505
                                      E-mail: Charlie@tebbuttlaw.com
                                      E-mail: Dan@tebbuttlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Motion for Reconsideration of the Court's September 14, 2015 Order re: Cross-Motions for Summary Judgment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of October, 2015.

                                                          s/ Charles M. Tebbutt
                                                          Charles M. Tebbutt
                                                          Law Offices of Charles M. Tebbutt, P.C.