## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig   MDL No. 2179
   "Deepwater Horizon" in the
   Gulf of Mexico, on    SECTION "J" (1)
   April 20, 2010
          JUDGE BARBIER
This Document Relates to: 11-1783
      (Pierre Mabile)  MAGISTRATE JUDGE SHUSHAN

### MEMORANDUM IN SUPPORT OF MOTION TO SEVER ACTION

**May It Please the Court:**

 Plaintiff, Pierre Mabile, submits this Memorandum in Support of his Motion to Sever. Plaintiff moves this Court to sever his individual suit from the umbrella of this multidistrict litigation, to proceed and to be tried separately in the United States District Court for the Eastern District of Louisiana.  The categories of claims being litigated in MDL No. 2179, as delineated in the Pretrial Orders, do not encompass Plaintiff's claims for misappropriation and conversion of intellectual property.  Moreover, the Judicial Panel has found that similar claims in other suits also should be excluded from this MDL litigation in at least three other cases.

**I.**  **Background**

 Plaintiff initially filed the present suit against Defendants BP, p.l.c., BP Exploration & Production, Inc., BP America, Inc., and BP American Production Company ["BP"] in the Thirty-second Judicial District Court for the Parish of Terrebonne, State of Louisiana.  BP removed the suit to this Court on July 22, 2011, where it was consolidated into MDL No. 2179.  In his suit, Plaintiff alleges that he "designed and manufactured a prototype that could stop the flow of oil streaming into

the Gulf" as a result of the oil spill from BP's Macondo Well on April 20, 2010.[1]  Plaintiff further alleges that he demonstrated his design to BP representatives and sent schematics for the device to BP.[2]  Plaintiff claims that BP ultimately used his design to successfully cap the wellhead, but did not compensate or remunerate him for it.[3]

## II.   Law and Argument

In this *Deepwater Horizon* litigation, this Court has held that 28 U.S.C. § 1404 grants this Court the power to sever and transfer an action consolidated within an MDL that does not serve the purposes of the MDL.[4]  Indeed, this Court has severed and transferred an action from MDL No. 2179 that does not involve common issues of law or fact and "does not fit the consolidated case management, settlement and trial preparation activities with which the MDL proceeding as a whole has been concerned."[5]  Likewise, here Plaintiff's claims involve intellectual property issues that do not fit into the "case management, settlement and trial preparation activities" of MDL No. 2179.[6]

### A.   Plaintiff's claims are not the type of claims being litigated in MDL No. 2179.

The Judicial Panel for Multidistrict Litigation created MDL No. 2179 for those cases sharing "factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the

---

[1] *See* Plaintiff's Petition for Damages ¶ 9, [No. 11-1783, Rec. Doc. 1-2], attached as Exhibit A.

[2] *See id.* ¶¶ 10-12.

[3] *See id.* ¶¶ 13-20.

[4] *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex. on Apr. 20, 2010*, MDL No. 2179, Civ. No. 11-2891, 2012 WL 1089409 (E.D. La. Mar. 30, 2012).

[5] *Id.*

[6] *See id.*

role, if any, that each defendant played in it."[7]  Plaintiff's claims do not relate to the issue of who **caused** the Deepwater Horizon explosion, but rather, relate to the issue of who designed the capping device that stopped the Macondo Well spill.  Thus, although Plaintiff's claims share a factual backdrop with MDL No. 2179, they do not arise from the same transaction or occurrence.

Moreover, Pretrial Order Number 11 of MDL No. 2179 delineates the four categories of claims to be litigated within MDL No. 2179, referred to as Pleading Bundles A, B, C, and D.[8] Pleading Bundle A encompasses personal injury and death claims.[9]  Pleading Bundle B, which includes subcategories, encompasses various types of private individual and business loss claims.[10] Pleading Bundle C covers public damage claims.[11] Pleading Bundle D is for claims involving injunctive and/or regulatory relief.[12]

Importantly, Section IV(E) of Pre-Trial Order Number 11 states:

E.     Designation of Subsequently-Added Cases.  All cases subsequently added to this proceeding as a tag-along action or by removal or transfer to or original filing with this Court shall be assigned to a Pleading Bundle, as necessary or appropriate, in accordance with the above.[13]

---

[7]  Transfer Order (Aug. 10, 2010) at 3 [MDL No. 2179, Rec. Doc. 1].

[8]  *See* Pretrial Order No. 11 (Oct. 19, 2010) at 2 [MDL No. 2179, Rec. Doc. 569; No. 11-1783, Rec. Doc. 4-1].

[9]  *See id.*

[10]  *See id.* at 3.

[11]  *See id.* at 4.

[12]  *See id.* at 4-5.

[13]  *See id.* at 5.

Thus all cases within MDL No. 2179 must fit into one of the four Pleading Bundles. But Plaintiff's claims against BP do **not** fit within any of the Pleading Bundles because Plaintiff's claims are based on BP's misappropriation of Plaintiff's design for a well cap, and involve intellectual property issues.

Plaintiff's claims clearly are not the type of personal injury claims covered by Bundle A. Nor do Plaintiff's claims fall under Bundle B. Plaintiff's misappropriation and/or conversion claims do not involve the *Robins Dry Dock*, Oil Pollution Act, or state law property damage issues contemplated under subsection B1, do not involve RICO claims covered by subsection B2, are not related to post-explosion cleanup as covered by subsection B3, and are not emergency responder claims under subsection B4. Bundle C involves "claims brought by governmental entities" and plainly does not cover Plaintiff's claims against BP. Finally, Bundle D involves injunctive and regulatory claims, which are not involved in Plaintiff's suit.

Accordingly, Plaintiff's claims do not fit within Bundles A, B, C, or D. Because Pretrial Order Number 11 requires that all claims in MDL No. 2179 be "assigned to a Pleading Bundle" and Plaintiff's claims against BP do not fit the parameters of any Pleading Bundle, Plaintiff's claims do not belong in MDL No. 2179 and should be severed from this multidistrict litigation and be allowed to proceed separately.

**B.    The Judicial Panel has consistently rejected the transfer of claims similar to Plaintiff's into MDL No. 2179.**

Further demonstrating that Plaintiff's claims do not belong in MDL No. 2179, the United States Judicial Panel on Multidistrict Litigation has specifically rejected at least three attempts to transfer suits similar to Plaintiff's suit into MDL No. 2179, i.e., suits alleging that a plaintiff conceived of solutions to cap the Macondo Well that were used by BP without compensation to

plaintiff.[14]  In *Lacy v. BP p.l.c.*,[15] the plaintiff, filing *pro se*, alleged that he sent certain BP entities

at least two solutions to stop the leaking oil from the Macondo Well and that BP ultimately used

plaintiff's solution to mitigate the disaster.[16]  In *Throckmorton v. BP America*[17] the plaintiff, also

filing *pro se*, similarly alleged that he submitted a design to BP for sealing the Macondo Well,

requesting a sum of money, and that BP used plaintiff's design but never paid him for it.[18]  In

*Kaminksi v. BP Exploration & Production, Inc.*,[19] the plaintiff claimed he conceived of three

different solutions and had relayed them in a series of communications to BP personnel and/or

representatives.[20]  The Judicial Panel found that none of these cases belonged in the MDL.  For

example, in rejecting the transfer of *Kaminski* from a federal court in Florida to MDL No. 2179, the

Judicial Panel held:

> After considering all argument of counsel, we conclude that transfer of *Kaminski* to
> MDL No. 2179 would not necessarily serve the convenience of the parties and
> witnesses or promote the just and efficient conduct of the litigation at the present
> time.  Although the action shares a factual backdrop with those in the MDL (*i.e.*, the
> oil spill resulting from the explosion and fire that destroyed the Deepwater Horizon
> oil rig), it is highly idiosyncratic in nature.  The *Kaminksi* plaintiff alleges, *inter alia*,
> that he independently conceived of three solutions to control or stop the oil flowing

---

[14]  *See* Order Denying Transfer (Aug. 3, 2012) [U.S. Jud. Panel on Multidistrict Litig. MDL No.
2179, Rec. Doc. 1128]; Order Vacating Conditional Transfer Order and Denying Transfer (Oct. 6, 2011)
[U.S. Jud. Panel on Multidistrict Litig. MDL No. 2179, Rec. Doc. 822], attached as Exhibits B and C,
respectively.

[15]  No. 1:11-21855 (S.D. Fla. filed May 23, 2011).

[16]  *See Lacy* Complaint at 2, attached as Exhibit D.

[17]  No. 5:11-00159 (E.D. Ky. filed Apr. 15, 2011, removed May 13, 2011).

[18]  *See Throckmorton* Complaint ¶¶ 2-4, 7-10, attached as Exhibit E.

[19]  No. 8:12-00826 (M.D. Fla. filed Mar. 23, 2012, removed Apr. 16, 2012).

[20]  *See Kaminski* Complaint ¶¶ 11-26, attached as Exhibit F.

from the leaking Macondo Well, where the Deepwater Horizon rig was conducting drilling operations, and that BP used all three solutions but did not compensate plaintiff therefor.  Accordingly, pretrial motion practice and discovery, if any, will be largely case-specific.[21]

This ruling mirrored the language of the Panel's order denying the transfer of *Lacy* and *Throckmorton*,[22] and the Panel noted in a footnote that its ruling was consistent with its prior decision.[23]

Just as in *Lacy*, *Throckmorton*, and *Kaminski*, Plaintiff in the present matter alleges that he designed a device used by BP to halt the oil spill from the Macondo Well.  Although Plaintiff's claim shares a general "factual backdrop" with MDL No. 2179, i.e., the Macondo Well oil spill, it is likewise "highly idiosyncratic in nature."[24]  The factual issues underlying Plaintiff's claim deal with BP's use of Plaintiff's specific design, and thus are not shared with any of the claims bundled in MDL No. 2179.

Further, like *Lacy*, *Throckmorton*, and *Kaminski*, discovery in the present matter will be highly case-specific.  Plaintiff's case will involve witnesses and documentation relating to his communications with BP, all of which are specific to Plaintiff's claim and are not related to the Pleading Bundles of MDL No. 2179.  Just as with *Lacy*, *Throckmorton*, and *Kaminski*, "inclusion of [the suit] in MDL No. 2179 would not necessarily serve the convenience of the parties and

---

[21] Exhibit B, Order Denying Transfer (Aug. 3, 2012) at 1.

[22] *See* Exhibit C, Order Vacating Conditional Transfer Order and Denying Transfer (Oct. 6, 2011) at 1.

[23] *See* Exhibit B, Order Denying Transfer (Aug. 3, 2012) at 1 n.1.

[24] *Id.* at 1.

witnesses or promote the just and efficient conduct of the litigation at the present time."[25]

## III.   Conclusion

Plaintiff's claims for misappropriation and conversion of intellectual property do not fit within the categories of claims delineated in MDL No. 2179's pre-trial orders.  Moreover, the Judicial Panel has already rejected attempts to transfer at least three similar cases into MDL No. 2179, noting that such intellectual property claims involve issues distinct from those to be tried in the MDL.  Therefore, such claims should not be consolidated with the different claims in the MDL.  Accordingly, Plaintiff's suit against BP does not belong in MDL No. 2179 and Plaintiff respectfully requests that this Court grant his Motion to Sever.


Respectfully submitted,


/s James M. Garner

_____

JAMES M. GARNER #19589
JOHN T. BALHOFF, II #24288
ERIC J. BLEVINS #34209
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

— and —

---

[25]  *See* Exhibit C, Order Vacating Conditional Transfer Order and Denying Transfer (Oct. 6, 2011) at 1.

LARRY N. GUY #25693
**LAW OFFICE OF LARRY N. GUY**
2321 Drusilla Lane, Suite C
Baton Rouge, Louisiana  70809
Telephone: (225) 291-0111
Facsimile: (225) 927-7200

**ATTORNEYS FOR PIERRE MABILE**


## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that the above and foregoing Memorandum in Support of Motion to Sever Action has been served on all counsel by electronically uploading the same to LexisNexis File and Serve in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 9th day of October, 2015.


/s James M. Garner
_____
JAMES M. GARNER

8