# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

| | |
|---|---|
| Joseph F. Kaminski v. BP Exploration & Production, Inc., et al., ) | |
| M.D. Florida, C.A. No. 8:12-00826 ) | MDL No. 2179 |

## ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407(c), defendants BP Exploration & Production Inc. and BP America Production Company Inc. (collectively BP) move to transfer this action (*Kaminski*) to the Eastern District of Louisiana for inclusion in MDL No. 2179. The *Kaminski* plaintiff opposes the motion.

After considering all argument of counsel, we conclude that transfer of *Kaminski* to MDL No. 2179 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation at the present time. Although the action shares a factual backdrop with those in the MDL (*i.e.*, the oil spill resulting from the explosion and fire that destroyed the Deepwater Horizon oil rig), it is highly idiosyncratic in nature. The *Kaminski* plaintiff alleges, *inter alia*, that he independently conceived of three solutions to control or stop the oil flowing from the leaking Macondo Well, where the Deepwater Horizon rig was conducting drilling operations, and that BP used all three solutions but did not compensate plaintiff therefor. Accordingly, pretrial motion practice and discovery, if any, will be largely case-specific. To the extent that any such discovery will overlap with that taking place in the MDL, various alternatives to Section 1407 transfer are available to minimize duplication.[1] *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (noting that parties could cross-notice depositions, stipulate that discovery relevant to more than one action be usable in all those actions, seek orders from the involved courts directing coordination of pretrial efforts, or seek a stay).

---

[1] We note that our decision here is consistent with our decision last October denying transfer of two actions in which the plaintiffs therein, similar to the *Kaminski* plaintiff, alleged that they had each conceived of the solution used to successfully cap the Macondo Well. *See* Order Vacating Conditional Transfer Order and Denying Transfer, at 1 (J.P.M.L. Oct. 6, 2011) (doc. no. 822).

EXHIBIT B

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of this action is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

EXHIBIT B