UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | : | MDL 2179 |
|       "DEEPWATER HORIZON" IN THE | : | |
|       GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

REPLY OF THE DHECC TO CLAIMANTS' OPPOSITION TO
THE MOTION FOR RETURN OF PAYMENTS MADE TO CLAIMANTS FROM
<u>VESSELS THE *SIR LAWRENCE*, THE *CAPT T*, THE *LADY KATHLEEN* AND OTHERS</u>

      The Deepwater Horizon Economic Claims Center ("DHECC") presents this reply to the opposition [Doc. Rec. 15388] filed by claimants Gulf Finest Investment Co. ("Gulf Finest"), LVS Investment Group Inc. ("LVS"), Sinh Tran, Christine Ho, Christopher Tran and Ngoc Lam to the DHECC's motion [Doc. Rec. 14761] for return of payments.

      In its motion, the DHECC stated that trip tickets from Titan Seafood Company ("Titan") in Port Arthur, Texas, presented by the claimants for the *Sir Lawrence* and the *Capt T* were not genuine because they were dated after Titan stopped operating as a seafood processor when Titan's principal, Loc Chanh "Victor" Tran, was incarcerated in 2009.  In their opposition, the claimants admit the Titan trip tickets were "created" after the spill, and concede that a claimant who was Sinh Tran's "domestic partner," Christine Ho, received $405,848.15 to which she was not entitled, purportedly "based on a misunderstanding of the eligibility criteria under the seafood program." Op. 2 n.1.  The Claimants besides Ho nonetheless assert that the DHECC mischaracterizes and distorts the facts, and the claim payments were justified to compensate claimants, other than Ho, based on genuine sales of shrimp.

While the claimants relegate to footnotes their discussion of improper payment to Ho, these payments in fact are key to understanding how the claimants' fraud inflated their claims and improperly expanded their claim eligibility. The claimants used fabricated records to inflate their claim values, to falsify an interest in a claim to which they were not entitled, and to conceal their fraud and the fact that another person had served as shrimp boat captain of the *Sir Lawrence*.

The claimants are also incorrect to suggest that the DHECC is seeking to recover for something other than a fraud. The Claimants here presented false information and manufactured documents to obtain payments to which they were not eligible and to inflate their recoveries. The claimants' rush to justify their prior false submissions misses the point that the DHECC paid claimants based on false representations and fake records. For these reasons, the DHECC's motion should be granted.

A.      The *Sir Lawrence* and The *Capt T*

Sinh Tran acknowledges that he submitted fabricated 2009 trip tickets from his brother's company, Titan, for his vessels the *Sir Lawrence* and the *Capt T*, explaining that he forged the documents because he "was told that if he did not submit invoices or trip tickets that the claim would be denied." Op. 6.[1] Tran did not address fabrication of his 2009 individual Federal tax return, which Internal Revenue Service records show he never filed. Br. at 10 & Ex. K. Tran excuses his creation of trip tickets, claiming he did not have these documents in his possession so he used corporate tax returns and notes of the vessels'

---

[1] Claimants argue that the DHECC cannot support a "summary judgment" motion with hearsay. The hearsay evidence cited by claimants related to the issue of whether Titan was in business when most of the Titan trip tickets supporting claimants' awards were issued. As claimant concedes that he fabricated the trip tickets, there is no need for proof of Titan's lack of operations after Tran was incarcerated.

landings and "money divided between the crew" to create Titan invoices representing the vessels' 2009 shrimp landings.² Op. 6-7; Sinh Tran Aff'd at ¶¶ 15-16.

Tran's claimed reason for "creating" documents cannot excuse fabrication of evidence presented to a Court-supervised program. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944) (party submitting false documents cannot later be heard to defend on the ground that what the falsified papers documented were true; the "[t]ruth needs no disguise"). The direction from *Hazel-Atlas Glass Co.* is particularly appropriate here, where Tran had countless lawful options available short of forging trip tickets to support the claims.

Tran was represented by legal counsel from one of the nation's largest law firms with thorough experience in supporting DHECC claims and proving seafood claims for hundreds of claimants facing similar business record issues as Tran.³ Moreover, Tran says he lived in a trailer at the Port Arthur facility where one of his main shrimp purchasers, Flor-Tex, operated until the end of 2010. Sinh Tran Aff'd at ¶ 14. Tran did not ask to have Flor-Tex simply copy the 2009 shrimp landing records for Tran's vessels, even though Flor-Tex accounted for a large share of 2009 revenue for both the *Capt T* and the *Sir Lawrence*. Sinh Tran Aff'd at Exs. B-2 & B-5. Tran further did not ask the Texas Parks & Wildlife Department for his trip ticket records, as countless other claimants have done to support their claims.

---

² Apparently only the contemporaneous trip ticket records were destroyed by hurricane damage, as Tran claimed he reconstructed the landings using notes he had of landings and crew payments. Not surprisingly, in response to a request for those notes, Tran claimed he no longer has them. *See* Ex. C.

³ The law firm that formerly represented Sinh Tran and the other claimants has returned to the DHECC $591,349.19 in legal fees that the law firm received from the claims at issue in this motion.

Tran also states that he had no fraudulent intent in presenting forged documents to the DHECC, and that his actions did not cause a "loss" to the DHECC. The best proof on Sinh Tran's intent is not his self-serving statement, but rather the reality of the claim submissions. Sinh Tran's argument glosses over the DHECC's payment of $405,848.15 to Christine Ho, whom Sinh Tran identified in DHECC papers as both his "Domestic Partner" and as the shrimp boat captain for the *Sir Lawrence*.[4] Under oath, Sinh Tran himself verified that Ho was the captain of the *Sir Lawrence* in the shrimp vessel owner papers filed with the DHECC in June 2012. He included no other captain's name:



*See* Ex. A. Moreover, Ho submitted the same forged Titan trip tickets as Sinh Tran to support her bogus claim, as well as the same corporate tax return for the *Sir Lawrence* that Sinh Tran submitted with his claim.

Sinh Tran already had filed a shrimp boat captain claim for the *Capt T*. While he could have claimed that he was also captain of the *Sir Lawrence*, the claim would have amounted to only a marginal additional payment once the top threshold of the expedited compensation method had been reached. By claiming that Ho was the captain of the *Sir Lawrence*, Sinh Tran and Ho generated a new and unique boat captain claim for the *Sir Lawrence* to which neither otherwise would have been entitled. This new and unique claim

---

[4] Ho also identified Sinh Tran as her spouse in her initial DHECC filing. The couple shared a home in Louisiana. Ho and Sinh Tran also served as the leadership in T Seafood Company, a company incorporated in 2013 listing the Port Arthur facility as its business address.

was eligible for a second *full* payment at the top of the expedited compensation method for shrimp boat captains.

Helping Ho to make a claim as a shrimp boat captain permitted Sinh Tran to expand the number of DHECC claims that benefitted him, Ho and their family.  By falsely asserting that Ho was boat captain of the *Sir Lawrence*, Sinh Tran and his "domestic partner" added an extra claim payment, now valued at over $400,000, to which they would not otherwise have been entitled.  The DHECC attempted to explore this issue with Ho in an interview after she admitted that her claim had been improperly paid, but Ho declined through counsel to meet with the DHECC for an interview.

The falsified Titan trip tickets helped Ho to obtain the claim payment as a shrimp boat captain.  The tickets also helped to conceal Sinh Tran's fraud, because presentation of the legitimate catch records would have revealed that someone other than Ho was working with Sinh Tran and serving at times as the *Sir Lawrence*'s captain.  For example, contrary to Sinh Tran's sworn statement to the DHECC, records from Flor-Tex and the Texas Parks & Wildlife Department reveal that Sinh Tran worked on the vessels not with Ho but with "Loc Nguyen" and "Phi Nguyen," who was mentioned in the DHECC's motion but left unaddressed by Sinh Tran in his opposition.  See Br. at 9 ("the Flor-Tex records reflect that Sinh Tran was working with a different captain, Loc Nguyen, instead of Christine Ho").

For example, the Flor-Tex records documented numerous payments for work performed by Nguyen along with Sinh Tran.  One of Sinh Tran's corporations even provided a 2008 IRS Form 1099 to "Loc Phi Nguyen" for shrimping work.  See Ex. B.  Further, the 2009 shrimp landing records in the Texas Parks & Wildlife database reveal that "Phi Nguyen" and "Thu V. Nguyen" captained the *Sir Lawrence* for several trips in 2009.  Sinh

Tran Aff'd at Exs. B-4 & B-5. Notably, the exhibits to Sinh Tran's opposition included highlights of 2009 record entries showing Nguyen as the captain on the *Sir Lawrence*. *Id*. at B-5. Christine Ho's name appears in none of these documents.

After Sinh Tran's opposition was filed, the DHECC asked Tran to produce the "notes" that Sinh Tran had of "shrimp landings and the amount of money divided by the crew," as asserted in the opposition brief. *See* Ex. C. Sinh Tran's counsel reported that Sinh Tran no longer has in his possession or control documents responsive to the request. *Id*. Sinh Tran thus no longer has alleged documents that would reflect "the amount of money divided by the crew," or the payments that Sinh Tran made to Loc Nguyen (but not Ho).

Loc Phi Nguyen filed a DHECC claim and asserted under oath that he was a shrimp boat captain for the *Sir Lawrence* in 2008 and 2009. *See* Ex. D. He provided no false Titan trip tickets in support of the claim, but rather submitted a sworn statement with an attached summary from the Texas Parks & Wildlife Department documenting his captain work on the *Sir Lawrence*. *Id*. Nguyen's trip tickets are consistent with the Texas Parks & Wildlife database, and tax returns filed on their annual deadline for 2008 and 2009. *Id*. To date, Nguyen's claim has not been paid by the DHECC.

Tran also stated that both the *Sir Lawrence* and *Capt T* had over $400,000 in landings in 2009, thus qualifying both vessels for expedited compensation under the Seafood Compensation Program. Tran attached numerous documents to his opposition brief, none of which he presented to the DHECC. Tran's new effort to document the 2009 shrimp catch thus overlooks the core of his fraud, which was the effort to inflate his claims and generate an extra claim for Christine Ho as a boat captain resulting in over $400,000 in unjustified payments, all using forged documents.

Sinh Tran's suggestion that his fabricated 2009 trip tickets are "based on" some catch records that he possessed is contradicted by the documents. Sinh Tran Aff'd at ¶ 15. There is no apparent connection between the falsified Titan trip tickets and the claimants' actual catch. For example, fake Titan trip tickets for the *Capt T* purport to show the following catches in the fall 2009:

| Date | Trip Ticket Number | Amount |
|---|---|---|
| September 12, 2009 | 8590T | $ 100,550.21 |
| October 28, 2009 | 8598T | $ 97,980.25 |
| December 26, 2009 | 8612T | $ 76,260.95 |
| | Total: | $ 274,791.41 |

Br. at 4 & Ex. B. The actual catch, as reflected in Flor-Tex records and the Texas trip ticket data, are entirely different:

| Date | Trip Ticket Number | Amount |
|---|---|---|
| September 8, 2009 | 1 | $ 163,940.80 |
| November 3, 2009 | 28 | $ 60,025.95 |
| November 16, 2009 | 34 | $ 14,262.50 |
| December 19, 2009 | 46 | $ 66,714.00 |
| | Total: | $ 304,943.25 |

Sinh Tran Aff'd at Ex. B-2. The notion that the false trip tickets simply "recreate" other records is unsupported and wrong.

Further, Tran's accounting is flawed, as a quick review reveals. For example, Tran says that the *Sir Lawrence* had a total 2009 shrimp catch of $480,150. But this total counts both an $88,650 trip ticket from Tropical Seafood on August 18, 2009 (with a hand-written notation of a contact using a Miami-area cell phone number), as well as an $88,650 check from Crab International, a Miami-based processor, dated August 17, 2009. *See* Op. at Ex. B-5. These items, in the same dollar amount and a day apart, plainly are the trip ticket and payment from the same transaction. Deducting the duplicate payment brings Sinh Tran's

belated *Sir Lawrence*'s catch accounting to $391,500.41 — below the catch value at which the claim was paid.

A similar double counting takes places in the 2009 *Capt T* records, where two payments from Sophie's Seafood are included in the total, but no trip ticket documents the payments. Sophie's Seafood rents access to a dock facility in Port Arthur run by JBS Packing. A review of Texas trip records show deliveries of shrimp by Phi Nguyen to JBS by the *Sir Lawrence* in the days around the two Sophie's Seafood payment. Had these records been provided to the DHECC, the program could have investigated the likely interrelation of these transactions.

For all these reasons, the undisputed evidence clearly establishes Tran's fraud and his effort to expand his DHECC payments through the use of Christine Ho, whose 2009 tax records reflect her work as a beautician. Br. at 9-10 & Ex. J. He concealed his fraud through use of fabricated invoices. The DHECC is entitled to judgment.

B. The *Lady Kathleen*

Christopher Tran and Ngoc Lam claim that the invoices that they presented for the *Lady Kathleen* are genuine, despite none of the invoices having the same appearance as other Titan trip tickets and none of the tickets appearing in the Texas trip ticket database. There are several problems with this position.

In the Texas and Louisiana shrimp catch databases, the *Lady Kathleen* has total 2009 trip tickets of $107,195.32. This figure is relatively close to the gross sales that Ngoc Lam reported on her 2009 federal tax return of $119,579. The problem for Christopher Tran and Lam, however, is that the Texas database includes three Titan Seafood trip tickets

(listed below), none of which match the tickets that the claimants presented to the DHECC by number, date or purchase price:

1. April 7, 2009        $5,970.99

2. March 21, 2009     $14,955.68

3. March 29, 2009     $2,888.19

The one 2009 Titan trip ticket that the claimants presented is dated April 10, 2009, which is several days after Victor Tran went into federal custody following his conviction. Br. at 6-7 & Ex. E.  This ticket is not in the Texas database.  The other invoices identified as "Additional Invoices" in Christopher Tran's affidavit in fact are not new or uncounted.  Each of these trip tickets is already reflected in the 2009 Texas trip ticket data and the total 2009 catch for the *Lady Kathleen*.

The *Lady Kathleen* has few trip tickets in the database for 2008, with a total of $27,201.  Ngoc Lam claimed on her 2008 federal tax return that she had 2008 gross sales of $201,580.  Yet Christopher Tran's affidavit, relying on the questioned Titan invoices, claims $467,067.90 in 2008 shrimp revenue.  The 2008 Titan trip tickets were more than double the gross shrimping revenue that Ngoc Lam reported on her timely-filed 2008 tax return. Neither Lam nor Tran explain in the affidavits the discrepancy between the claimed catch and Lam's 2008 income tax filing, particularly given that her 2009 taxes so closely matched the *Lady Kathleen*'s trip tickets.  Either Lam grossly underreported her income in 2008, or the claimants have fraudulently inflated the gross shrimping revenue attributable to the *Lady Kathleen* for that year.  The documents demonstrate it was the latter.

The contradiction of the claimed 2008 trip tickets with Ngoc Lam's timely 2009 income tax filing is of particular importance, as Lam would have had no incentive to inflate

her claimed shrimping 2008 revenue so far in advance of the 2010 Deepwater Horizon spill.  Moreover, Ngoc Lam's 2009 tax filing demonstrates Lam's alignment of her tax filings with her state shrimp tickets records.  The significant and unexplained increase in the 2008 trip tickets, particularly given the other issues with the trip tickets, confirms that the trip tickets were used to falsely enhance the claims for the *Lady Kathleen.*

    C.    <u>Conclusion</u>

For the reasons stated, the DHECC seeks entry of a judgment requiring claimants Gulf Finest Investment Co., LVS Investment Group Inc., Sinh Tran, Christine Ho and Ngoc Lam to make restitution to the DHECC for payments received on their claims.

                      Respectfully submitted,

                      Patrick Juneau
                      Claims Administrator

                      By:   <u>/s/ Kevin Colomb</u>
                      Kevin Colomb
                      Manager of Compliance and Internal Integrity

                      Louis J. Freeh
                      Special Master

                      By:   <u>/s/ Gregory A. Paw</u>
                      Gregory A. Paw
                      Counsel to the Special Master

Dated:   October 23, 2015

- 11 -

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing motion and supporting documents have been served this __23rd__ day of October, 2015, on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and by electronic mail upon:

    William P. Gibbens
    Ellie T. Schilling
    Schonekas, Evans, McGoey & McEachin, L.L.C.
    909 Poydras Street, Ste. 1600
    New Orleans, LA 70112

                                           /s/ Gregory A. Paw
                                           Counsel