UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL 2179 SECTION "J" |
| This Document Applies to: | : : | Judge Barbier |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | : : : : | Mag. Judge Shushan |

**OBJECTIONS AND RESPONSE TO SUBPOENA *DUCES TECUM* ISSUED TO SINH TRAN, GULF FINEST INVESTMENT, CO. AND LVS INVESTMENT GROUP, INC.**

Claimants Gulf Finest Investment Co., LVS Investment Group Inc., and Sinh Tran (collectively, "Claimants"), through undersigned counsel, and in accordance with the Federal Rules of Civil Procedure, submit these objections and response to the subpoena *duces tecum* issued by the Special Master in this matter on September 28, 2015 requesting production of documents on October 2, 2015. Claimants object on the following grounds:

**GENERAL OBJECTIONS TO SUBPOENA**

1. Claimants are located in Texas, and therefore at a location outside of the United States District Court for the Eastern District of Louisiana that is not within 100 miles of the place of the production, inspection, or copying specified in the Subpoena. Accordingly, service was improper and the Subpoena is not valid as Claimants are beyond the subpoena power of this Court. *See* Fed. R. Civ. P. 45(b)(2).

2. Claimants object to the Subpoena to the extent it seeks to impose any obligation and/or burden beyond those authorized by the Federal Rules of Civil Procedure.

3. Claimants object to the Subpoena insofar as it seeks information that is not relevant to the claims or defenses at issue, and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Claimants object to the Subpoena to the extent that it is unduly burdensome, imposes an extreme hardship, or would result in the expenditure of unnecessary time and resources. Claimants further object that the Subpoena is unreasonable because it requests documents for a timeframe many years ago, and related to subject matter, that Claimants could not reasonably be expected to have maintained in their possession or control.

5. Claimants object to providing information or documents that Claimants regard as proprietary, confidential, privileged, and/or sensitive business or personal information.

6. Claimants object to the Subpoena to the extent it seeks the disclosure of private and confidential information relating to third parties not subject to this suit or makes inquiries about matters the disclosure of which is prohibited by statute, regulation, or other applicable laws.

Subject to and with full reservation of the foregoing objections, Claimants respond to the Subpoena as follows:

**REQUEST NO. 1:**

Any and all records of Gulf Finest, LVS and/or Sinh Tran of "notes" that Sinh Tran, Gulf Finest and/or LVS have of "shrimp landings and the amount of money divided by the crew," as referenced in Paragraph 15 and 19 of Sinh Tran's Affidavit of September 23, 2015.

**RESPONSE TO REQUEST NO. 1:**

Claimants no longer have in their possession or control documents responsive to the Request; therefore, there are no documents to produce.

Respectfully submitted,

*/s/ Ellie Schilling/*
William P. Gibbens, 27225
Ellie T. Schilling, 33358
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Fax: (504) 680-6051
billy@semmlaw.com
ellie@semmlaw.com

Attorneys for Claimants, Gulf Finest Investment Co., LVS Investment Group Inc., Sinh Tran, Christine Ho, Ngoc Lam, and Christopher Tran

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the Office of the Special Master, as specified in the Subpoena, by hand delivery this 2nd day of October, 2015.

*/s/ Ellie Schilling/*
ELLIE T. SCHILLING