UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | MDL. No. 2179<br><br>SECTION J |
| Applies to 12-790<br>Bon Secour Fisheries, et al, on behalf of themselves and all similarly situated vs. BP Exploration and Production, Inc., et al.<br>AND<br>No. 15-3726; Claim ID #95586<br>CLAIMANT id 100009540 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN<br><br>**2:10-md-21679** |

**MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO FRAP 4(a)(5) FOR EXTENSION OF TIME ON ACCOUNT OF A CAUSE BEYOND MOVER'S CONTROL, ITS INABILITY TO RETAIN COUNSEL WITHIN THE INITIAL THIRTY-DAY PERIOD DESPITE DILIGENT EFFORT, SAID CAUSE BEING BEYOND MOVER'S CONTROL AND CONSTITUTING GOOD CAUSE AND/OR EXCUSABLE NEGLECT**

### I. NATURE OF THE MOTION

Claimant, ARTCC Enterprises, LLC, has filed a motion, pursuant to FRAP 4A(5), to file its notice of appeal within the second thirty days subsequent to the August 27, 2015 denial by this Court of its request for discretionary review of its claim.

### II. SUMMARY OF THE ARGUMENT

1. Even before August 27, 2015, Art Chauvin, the owner and manager of ARTCC Enterprises, LLC, BP Claimant ID 100009540 Claim ID 95586, a business entity, knew that ARTCC could not file in proper person. This was confirmed on August 27 or 28, 2015 by a representative of the BP claims office. ARTCC had to hire an attorney to file an appeal to the 5th Circuit Court of Appeal. Mr. Chauvin very much wanted to make such a timely filing.

2. Mr. Chauvin immediately, continuously, but unsuccessfully sought counsel by contacting at least 11 attorneys, all of whom turned him down.

3. It was not until October 20 that he found an attorney, the undersigned, who was

1

willing to file the appeal and pursue it in the Fifth Circuit.

4. This recitation, including the detail in Mr. Chauvin's unsworn declaration, of the inability to obtain counsel despite unusually diligent effort and knowing the necessity to obtain such counsel, was beyond ARTCC's control and prevent a timely filing of a notice appeal. Failure to file for reasons beyond ARTCC's control therefore constitutes excusable neglect and/or good cause within the meaning of FRAP 4(a)(5)(A).[1]

### III. ANALYSIS OF *PIONEER*

The seminal case is *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). There excusable neglect, which was found universally applicable (including to FRAP 4(A)(5)), was extended from forces beyond the control of the mover such as acts of God or unforeseeable human intervention to situations in which there was some fault but fault that was "excusable." "Excusable neglect" from situations in which the mover was faultless, as here, and from such things as incarceration, ill faith and other "beyond his reasonable control" situations was extemded situations actually within the control of the party that missed the deadline. The standard of consideration is "taking account of all relevant circumstances," a fundamentally equitable determination which requires that a court engage in a multi-step analysis.

---

[1] (5) Motion for Extension of Time.

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

By argument *a contrario*, considering *Pioneer* and considering the absence of any authority giving examples of "beyond the control," an inability to obtain counsel after many tries when filing in proper person is prohibited *ipso facto* meets the "excusable neglect" or "good cause" test. Accordingly, the extension motion should be granted.

## IV. OTHER HELPFUL AUTHORITY

While there is no authority that undersigned counsel could find, given the time constraints implicit in his just having been retained, in which forces beyond a party's control have been analyzed, please see *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996), the "unique circumstances" requirement for "excusable neglect" was too tough. See, *Yang v. Bullock Fin. Grp., Inc.*, 435 Fed.Appx. 842, 842-44 (11th Cir. 2011) (reversing a failure to apply the correct rule.)  In *Treasurer, Trustees of Drury Indus., Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 892-94 (8th Cir. 2012), a computer calendaring error was found an excusable neglect by the district court and was affirmed.

Although in the Fifth Circuit, it is very tough to demonstrate "good cause" or "excusable neglect" (See *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 878-86 (5th Cir. 1998), which reversed a finding of good cause over a strong dissent), this cannot be the case where circumstances beyond the claimant's control frustrated efforts to obtain counsel despite praiseworthy and just-in-time diligence on the part of Mr. Chauvin. See*, U.S. ex rel. King v. Univ. of Texas Health Sci. Ctr.-Houston*, 544 Fed.Appx. 490, 493-94 (5th Cir. 2013) *cert. denied*, 134 S.Ct. 1767, 188 L.Ed.2d 594 (2014) (affirming the district court's favorable ruling).

## CONCLUSION

This case presents a unique case where circumstances beyond the control of the mover prevented it from filing a timely notice of appeal, which it surely would have if any of the eleven lawyers solicited had been willing to take the case. Accordingly, the motion should be granted

without any need for the good cause or excusable neglect analysis mandated by *Pioneer* or the jurisprudence of this Court.

      Respectfully submitted,

KOERNER LAW FIRM
/s/ Louis R. Koerner, Jr.
Louis R. Koerner, Jr.
Louisiana Bar 7817
1204 Jackson Avenue
New Orleans, Louisiana 70130
P.O. Box 4297
Houma, Louisiana 70361
Telephone: 985-580-0350
New Orleans: 504-581-9569
Telecopier: 504-324-1798
(Cellular) 504-405-1411
e-mail: koerner@koerner-law.com
URL: http:/www.koerner-law.com
Attorneys for ARTCC Enterprises, LLC

## CERTIFICATE

I hereby certify that a copy of the foregoing pleading has been served upon all interested counsel by ECF filing on October 26, 2015.

/s/Louis R. Koerner, Jr.
Louis R. Koerner, Jr.