UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179  SECTION: J  HONORABLE JUDGE BARBIER |
| Applies to: | § § | MAGISTRATE JUDGE SHUSHAN |
| Nos. 10-3059, 10-4183, 11-0516, 13-2646, 13-2749, 13-3031, 13-4677, and 14-0614 | § § § § | |

## ORDER OF DISMISSAL
## OF THE STATES' CLAIMS AGAINST TRANSOCEAN

**WHEREAS**, the State of Alabama filed a complaint on August 12, 2010, captioned *Alabama v. Transocean, Ltd., et al.*, Case No. 2:10-cv-691 (M.D. Ala.), which was transferred to Case No. 2:10-cv-4183 in MDL 2179. The State of Alabama filed a first amended complaint in 2:10-cv-4183 on April 7, 2011 in MDL 2179. The State of Alabama filed an amended complaint on May 8, 2013, captioned *Alabama v. Transocean, Ltd., et al.*, Case No. 2:13-cv-250 (M.D. Ala.), that was transferred to Case No. 2:13-cv-2646 (E.D. La.) in MDL 2179. Alabama's further amended complaint alleges, among other things, that Transocean violated the Alabama Environmental Management Act, Ala. Code §§ 22-22A-1 *et seq.*, the Alabama Water Pollution Control Act, Ala. Code § 22-21-1 *et. seq.*, the Alabama Air Pollution Control Act, Ala. Code § 22-28-1 *et seq.*, the Alabama Hazardous Wastes Management Act, Ala. Code § 22-30-1 *et seq.*, and the Alabama Solid Waste and Disposal Act, Ala. Code § 22-27-1 *et seq.* Alabama's amended complaint also sought costs associated with oil spill response actions, punitive damages and compensatory damages, including, without limitation, damages to State properties, lost tax,

and other revenues, under the Alabama Water Pollution Control Act, OPA, general maritime law, and common law.

**WHEREAS**, the Trustees for the natural resources of the State of Florida filed a complaint on March 5, 2014, captioned *Vinyard et al. v. BP Exploration & Production, Inc., et al.*, Case No. 3:14-cv-00112 (N.D. Fla.), that was transferred to Case No. 2:14-cv-614 (E.D. La.) in MDL 2179 on March 24, 2014. The Trustees for the State of Florida's complaint alleges, among other things, that Transocean and other parties are liable for removal costs and natural resource damages under OPA.

**WHEREAS**, the State of Louisiana filed a first amended complaint on April 19, 2011, captioned *State of Louisiana v. BP Exploration & Production, Inc.*, Case Nos. 11-cv-0516 (E.D. La.) and 10-cv-03059 (E.D. La.) in MDL 2179. Louisiana's amended complaint alleges, among other things, that Transocean and other parties violated the Louisiana Environmental Quality Act/Water Control Law, La. R.S. § 30:2011 *et seq.*, § 30:2071 *et seq.*, and is therefore liable for civil penalties under that statute. Louisiana's amended complaint also sought costs associated with oil spill response actions and damages, including, without limitation, damages to State property, costs of increased public services, and lost revenues, pursuant to OPA, and the Louisiana Oil Spill Prevention and Response Act, La. R.S. § 30:2451 *et seq.*

**WHEREAS**, the State of Mississippi filed a complaint on April 18, 2013, captioned *Hood v. BP Exploration & Production, Inc.*, Case No. 1:13-cv-00158 (S.D. Miss.), that was transferred to Case No. 2:13-cv-2749 (E.D. La.) in MDL 2179 on May 9, 2013. Mississippi's complaint alleges, among other things, that Transocean and other parties are liable for damages to the State, including for economic losses, and costs of providing increased public services under OPA and general maritime law, and for punitive damages under general maritime law.

The State of Mississippi filed an additional complaint in the Circuit Court for the First Judicial District of Harrison County, Mississippi, on April 19, 2013, captioned *Hood v. BP Exploration & Production, Inc., et al.*, bearing case number A2401-13-93 on the docket of said court. The aforesaid action was removed to the U.S. District Court for the Southern District of Mississippi, Case No. 1:13-cv-00206 on May 3, 2013, and was transferred to Case No. 2:13-cv-3031 (E.D. La. in MDL 2179 on May 20, 2013. Mississippi's additional complaint alleges, among other things, that Transocean and other parties violated the common law, Mississippi Air and Water Pollution Control Law, Miss. Code Ann. § 49-17-1 *et seq.*, the Antiquities Law of Mississippi, Miss. Code Ann. § 39-7-1 *et seq.*, the Solid Waste Disposal Law of 1974, Miss. Code Ann. § 17-17-1 *et seq.*, and Miss. Code Ann. § 29-1-19, and therefore are liable for civil penalties under those statutes. Mississippi's additional complaint also sought costs associated with economic, compensatory, and punitive damages, including, without limitation, damages to State properties, and lost tax and other revenues under Mississippi law.

**WHEREAS**, the State of Texas filed a complaint on May 17, 2013, captioned *State of Texas v. BP Exploration & Production, Inc., et al.*, Case No. 1:13-cv-315 (E.D. Tex.), that was transferred to Case No. 2:13-cv-4677 (E.D. La.) in MDL 2179 on May 31, 2013. In that action Texas filed an amended complaint on June 18, 2013. Texas' amended complaint alleges, among other things, that Transocean and other parties are liable for civil penalties under Texas' Oil Spill Prevention and Response Act, Tex. Nat. Res. Code § 40.001 *et seq.*, and the Texas Water Code, Tex. Water Code § 26.001 *et seq.* Texas' amended complaint also sought cost recovery and damages, including, without limitation, for lost tax revenues, lost state park revenues, and other economic damages, under OPA, the Comprehensive Environmental Response, Compensation,

and Liability Act, 42 U.S.C. § 9601 *et seq.*, Texas' Oil Spill Prevention and Response Act, Tex. Nat Res. Code § 40.001 *et seq.*, and the Texas Water Code, Tex. Water Code § 26.001 *et seq.*

**WHEREAS**, the States of Alabama, Florida, Louisiana, Mississippi, and Texas have entered into a settlement with Transocean entitled "Master Settlement Agreement," which fully settles and resolves all of the States' claims against Transocean arising from the *Deepwater Horizon* incident.

**WHEREAS**, pursuant to its terms, the Master Settlement Agreement became effective on the date upon which the last State executed the Master Settlement Agreement and its State Release, which occurred on October 13, 2015.

**WHEREAS**, the States of Alabama, Florida, Louisiana, Mississippi, and Texas have filed a motion for dismissal of their claims pursuant to Federal Rule of Civil Procedure 41, which Transocean has joined:

**IT IS HEREBY ORDERED:**

1. For the purposes of this Order, the following terms shall have the following definitions:

    a. "States" shall mean the States of Alabama, Florida, Louisiana, Mississippi, and Texas together with the States' affiliates when used in the plural, and each of them individually and that respective State's affiliates when used in the singular. A State's affiliates shall include that State's branches, agencies, associations, authorities, boards, bureaus, councils, departments, educational institutions or systems, components, public health corporations, or other instrumentalities of any kind, administrators, elected or unelected officials, officers or delegates (other than in their individual capacities), assigns, insurers, attorneys, or other agents of any kind; provided however that a State's affiliates shall not include counties, parishes,

  municipalities, or any other local governmental or local political subdivisions authorized by law to perform local governmental functions.

 b. "Transocean" means Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH, together with their parents, subsidiaries, affiliates, officers, directors, employees and agents.

2. All claims brought by each or any State against Transocean in MDL 2179, including but not limited to all claims set forth in the complaints or amended complaints identified in this Order, are hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

3. This Court hereby retains jurisdiction over the Master Settlement Agreement for the purposes of enforcement of its terms, and directs that any disputes arising thereunder shall be presented to the Court.

New Orleans, Louisiana, this _th day of October, 2015.

              _____
              **CARL J. BARBIER**
              **United States District Judge**