

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION "J" (1) |
| This Document Relates to:    13-6360<br>                                                   13-6362 | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF CHRISTINE REITANO'S
RENEWED MOTION TO SEVER ACTION OR, IN THE ALTERNATIVE, MOTION
FOR A SUGGESTION OF REMAND TO BE SENT TO THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**May It Please the Court:**

Plaintiff, Christine Reitano, submits this Memorandum in Support of her Renewed Motion to Sever or, In the Alternative, Motion for Suggestion of Remand to be sent to the Judicial Panel on Multidistrict Litigation.

### I.   Procedural History of Ms. Reitano's Petition for Damages.

Following her wrongful termination from the Court Supervised Settlement Program ("CSSP") by Mr. Pat Juneau on June 26, 2013, Ms. Reitano originally filed her "Petition for ad Faith Breach of Contract, Denial of Equal Protection Pursuant to the Louisiana Constitution, Defamation and Damages" on October 21, 2013 in the Civil District Court of Orleans Parish.[1] The Petition contained no federal questions, no federal causes of action and there was no diversity of citizenship. In spite of the lack of any federal connection, on November 7, 2013 both defendants, BP and Pat Juneau, separately filed Notices of Removal to the USDC for the Eastern District Court.

Almost immediately upon arrival in the USDC, and without notice, the case was unilaterally assigned/transferred and/or not randomly allotted to Section J (Judge Carl Barbier)

---

[1] The case was allotted to Division N and given Docket No. 2013-9913 in Civil District Court for Orleans Parish.

and consolidated with the Deepwater Horizon MDL No. 2179.  There was no evaluation of the causes of action or the facts alleged in the removed case before it was transferred and consolidated with the MDL pursuant to pre-existing Pretrial Order No. 1 which mandated the consolidation with the MDL.  Furthermore, and pursuant to Pre Trial Order No. 15, previously issued on November 5, 2010, the matter was then immediately stayed until further order of the Court.  Following the removal, the effect of the stay was confirmed on November 20, 2013 when Judge Barbier entered a specific order indicating that Ms. Reitano's case was stayed.[2]

On December 5, 2013, Ms. Reitano filed a "Motion to Unconsolidate [sever] Case from MDL, Randomly Allot and Transfer to Another Section of Court" in which she raised issues unique to her case which were particularly appropriate for resolution by this court (the transferee court) at that time.[3]  However, on the very next day, December 6, 2013, without a hearing, the Court denied the motion.[4]  No reasons were given.

That was almost two years ago and Ms. Reitano has been completely denied all access to the courts to seek redress for her damages which are extensive.  The case is, without a doubt, in a court sanctioned, yet unconstitutional, Black Hole with no due process or access to the Courts on the horizon and denied any reasonable solution to date.

Based on a recent ruling by this Court on October 1, 2015 granting a severance to Pierre Mabile,[5] based on similar and analogous facts of non-commonality of issues with MDL 2179, Ms. Reitano is entitled to have this renewed Motion to Sever granted and the Clerk of the Court be instructed to randomly allot the case to another section and division of this Court.

---

[2] MDL 2179, Rec. Doc. No. 11874.
[3] MDL 2179, Rec. Doc. No. 11933.  Memorandum in Support is Rec. Doc. 11933-1.
[4] MDL 2179, Rec. Doc. No. 11935.
[5] MDL 2179, Rec. Doc. No. 15475

In the alternative, Ms. Reitano is entitled to have this Transferee Court send a Suggestion of Remand to the Judicial Panel on Multidistrict Litigation ("JPML") for remand by the JPML in accordance with 28 U.S.C. § 1407.

## II.  Law and Argument Re: Severance

### A. Incorporation of Ms. Reitano's first motion to sever

On December 5, 2013, Ms. Reitano filed her first motion to sever and memorandum in support.[6] It was denied the following day.[7] No reasons were given. Rather than repeat all of the previous arguments made in the earlier motion and which remain applicable today,, Ms. Reitano adopts and incorporates the previous motion and memorandum in support as if repeated here verbatim. For the convenience of the Court, a copy of the previous motion and memo are attached hereto as Exhibits A and B.

### B. This Court has recognized its power to sever

In MDL 2179, this court has held that 28 U.S.C. § 1404 grants the Court the power to sever and transfer an action consolidated within an MDL which does not serve the purposes of the MDL.[8] Indeed, this court has severed and transferred an action from MDL No. 2179 that does not involve common issues of law or fact and "does not fit the consolidated case management, settlement and trial preparation activities with which the MDL proceeding as a whole has been concerned."[9] Likewise, Ms. Reitano's case involves contract, employment, constitutional and defamation issues that clearly do not fit into the "case management, settlement and trial preparation activities" of MDL No. 2179.[10]

---

[6] MDL 2179, Rec. Doc. 11933 and 11933-1.
[7] MDL 2179, Rec. Doc. 11935.
[8] *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex. on Apr. 20, 2010,* MDL No. 2179, Civ. No. 11-2891, 2012 WL 1089409 (E.D. La. Mar. 30, 2012).
[9] *Id.*
[10] *See id.*

### C. Plaintiff's claims are not the type of claims being litigated in MDL No. 2179

The JPML created MDL No. 2179 for those cases sharing "factual issues concerning the cause (or causes) of the Deepwater Horizon explosion and the role, if any, that each defendant played in it."[11] Plaintiff's claims do not relate to the issue of who or what **caused** the Deepwater Horizon explosion. In fact, Ms. Reitano's claims did not even arise until her precipitous and unlawful firing which did not occur until June of 2013, three years after the explosion of the BP Macondo well.

Recently, on October 16, 2015, this court granted a motion to sever filed by Pierre Mabile[12] in which Mr. Mabile admitted that his claim shared a factual backdrop with MDL 2179, but alleged that the issues in his case were unrelated intellectual property conversion issues with BP.[13] Here, Ms. Reitano's claims do not share a factual or even a legal backdrop with MDL 2179. They certainly do not arise from the same transaction or occurrence. Her issues are completely unrelated in fact or law with the explosion of the Macondo well.

Moreover, Pretrial Order Number 11 of MDL No. 2179 delineates the four categories of claims to be litigated within MDL No. 2179, referred to as Pleading Bundles A, B, C, and D.[14] Pleading Bundle A encompasses personal injury and death claims arising from the explosion of the BP well on April, 20, 2010.[15] Pleading Bundle B, which includes subcategories, encompasses various types of private individual and business loss claims arising from the explosion of the BP

---

[11] Transfer Order (Aug. 10, 2010) at 3 [MDL No. 2179, Rec. Doc. 1].
[12] Rec. Doc. 15475.
[13] Undersigned counsel contacted Mr. Jim Garner, counsel for Mr. Mabile and obtained permission to use applicable parts of Mr. Mabile's memorandum in Ms. Reitano's filing.
[14] *See* Pretrial Order No. 11 (Oct. 19, 2010) at 2 [MDL No. 2179, Rec. Doc. 569; No. 11-1783, Rec. Doc. 4-1].
[15] *See id.*

well on April 20, 2010.[16] Pleading Bundle C covers public damage claims[17] and Pleading Bundle D is for claims involving injunctive and/or regulatory relief.[18]

Importantly, Section IV(E) of Pre-Trial Order Number 11 states:

> E. Designation of Subsequently-Added Cases. All cases subsequently added to this proceeding as a tag-along action or by removal or transfer to or original filing with this Court shall be assigned to a Pleading Bundle, as necessary or appropriate, in accordance with the above.[19]

Thus, all cases within MDL No. 2179 must fit into one of the four Pleading Bundles. However, plaintiff's claims against BP and Mr. Juneau do **not** fit within any of the Pleading Bundles because plaintiff's claims are primarily based on bad faith breach of an employment contract and damages and are totally unrelated to the explosion of the well three years earlier.[20]

Plaintiff's claims are clearly not the type of personal injury claims covered by Bundle A. Nor do Plaintiff's claims fall under Bundle B. Plaintiff's claims do not involve the *Robins Dry Dock*, Oil Pollution Act, or state law property damage issues contemplated under subsection B1, do not involve RICO claims covered by subsection B2, are not related to post-explosion cleanup as covered by subsection B3, and are not emergency responder claims under subsection B4. Bundle C involves "claims brought by governmental entities" and plainly does not cover Plaintiff's claims against BP. Finally, Bundle D involves injunctive and regulatory claims, which obviously are not involved in Plaintiff's suit.

Accordingly, Plaintiff's claims do not fit within Bundles A, B, C, or D. Because Pretrial Order Number 11 requires that all claims in MDL No. 2179 be "assigned to a Pleading Bundle"

---

[16] *See id.* at 3.
[17] *See id.* at 4.
[18] *See id.* at 5.
[19] *See id.* at 5.
[20] It should go without saying that Ms. Reitano's claims against Mr. Juneau cannot possibly be related to MDL 2179 because Mr. Juneau is not a party to that proceeding.

and Plaintiff's claims against BP and Mr. Juneau do not and cannot fit the parameters of any Pleading Bundle, her claims do not belong in MDL No. 2179 and should be severed from this multidistrict litigation, be reallotted and allowed to proceed in a separate section of the USDC, EDLA.

> **D.    The JPML has consistently rejected the transfer of unrelated claims into MDL No. 2179**

Further demonstrating that Plaintiff's claims do not belong in MDL No. 2179, the JPML specifically rejected at least three attempts to transfer suits unrelated in fact or law into MDL No. 2179. In *Lacy v. BP p.l.c.*,[21] the plaintiff, filing *pro se*, alleged that he sent certain BP entities at least two solutions to stop the leaking oil from the Macondo Well and that BP ultimately used plaintiff's solution to mitigate the disaster. In *Throckmorton v. BP America*[22] the plaintiff, also filing *pro se*, similarly alleged that he submitted a design to BP for sealing the Macondo Well, requesting a sum of money, and that BP used plaintiff's design but never paid him for it. In *Kaminski v. BP Exploration & Production, Inc.*,[23] the plaintiff claimed he conceived of three different solutions and relayed them in a series of communications to BP personnel and/or representatives. The Judicial Panel found that none of these cases belonged in the MDL. For example, in rejecting the transfer of *Kaminski* from a federal court in Florida to MDL No. 2179, the Judicial Panel held:

> After considering all argument of counsel, we conclude that transfer of *Kaminski* to MDL No. 2179 <u>would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation at the present time. Although the action shares a factual backdrop with those in the MDL (i.e., the oil spill resulting from the explosion and fire that destroyed the Deepwater Horizon oil rig), it is highly idiosyncratic in nature.</u> The *Kaminski* plaintiff alleges, *inter alia*, that he independently

---

[21] No. 1:11-21855 (S.D. Fla. filed May 23, 2011).
[22] No. 5:11-00159 (E.D. Ky. Filed Apr. 15, 2011, removed May 13, 2011).
[23] No. 8:12-00826 (M.D. Fla. filed March 23, 2012, removed Apr. 16, 2012).

>conceived of three solutions to control or stop the oil flowing from the leaking Macondo Well, where the Deepwater Horizon rig was conducting drilling operations, and that BP used all three solutions but did not compensate plaintiff therefor. Accordingly, pretrial motion practice and discovery, if any, will be largely case-specific. (Emphasis added).

Mr. Mabile's case, like the *Kaminski* case, was noted to "share a factual backdrop" with the MDL, but this Court found the "shared factual backdrop" was not enough to deny the motion and Mr. Mabile's case was severed by this Court on October 16, 2015, without a hearing and only one week after the motion was filed.[24] Conversely, and more importantly, it must be emphasized that Ms. Reitano's case definitely does not share any factual or legal backdrop with the issues in MDL 2179 and all discovery in her case will be case specific and have nothing to do with the MDL or its issues.

Just as in *Lacy*, *Throckmorton*, and *Kaminski*, Mr. Mabile alleged that he designed a device used by BP to halt the oil spill from the Macondo Well. Although Mr. Mabile admitted that his claim shared a general "factual backdrop" with MDL No. 2179, it was found to be "highly idiosyncratic in nature," and the factual issues underlying Mr. Mabile's claim, which dealt with BP's use of Plaintiff's specific design, were not shared with any of the claims bundled in MDL No. 2179. Therefore, Mr. Mabile's severance was granted.

Further, like *Lacy*, *Throckmorton*, *Kaminski and Mabile*, discovery in Ms. Reitano's case will be 100% case-specific and completely unrelated to MDL 2179. Plaintiff's case will involve witnesses and documentation relating to her employment, the contracts related to her employment, the breach of her contract and her damages, all of which are specific to Plaintiff's claim and are not related to the Pleading Bundles of MDL No. 2179. Just as with *Lacy*, *Throckmorton*, *Kaminski and Mabile*, "inclusion of [the suit] in MDL No. 2179 would not necessarily serve the convenience

---

[24] MDL 2179, Rec. Doc. 15475.

of the parties and witnesses or promote the just and efficient conduct of the litigation at the present time."

For the reasons stated herein and in Ms. Reitano's first motion to unconsolidate and reallot her case, her motion for severance should be granted and the case ordered to be reallotted to another section of the Court for further proceedings.

### III. ALTERNATIVE MOTION FOR SUGGESTION OF REMAND

#### A. Preliminary Statement

The JPML transferred to this Court hundreds, if not thousands, of multi-state claims against BP arising from the explosion of the Macondo Well on April 20, 2010 for "coordinated or consolidated pretrial proceedings" as part of a multidistrict litigation ("MDL"). The case(s) became MDL 2179 in the Eastern District of Louisiana. Ms. Reitano's case, which was filed and removed years later from Orleans Civil District Court was automatically consolidated upon arrival in the USDC, EDLA, with MDL 2179 pursuant to pre-existing Pretrial Order No. 1 which calls for the automatic consolidation of "any 'tag-along actions' later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana."

The JPML's organic statute, 28 U.S.C. § 1407, provides that each action transferred into an MDL proceeding "shall be remanded ***by the panel at or before the conclusion of such pretrial proceedings*** to the district from which it was transferred unless it shall have been previously terminated: Provided, however, that ***the panel*** may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims *before* the remainder of the action is remanded." (Emphasis added). The U.S. Supreme Court has recognized that 28 U.S.C. § 1407(a), "uncondition[ally]" commands the JPML to remand such actions back to the transferor district at

the end of pretrial proceedings.[25]  Additionally, the plain language of section 1407 accords ***the Panel*** discretion to remand cases *before* the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible fashion.[26]

Recognizing the right to remand before conclusion of pre-trial proceedings and decisions of the Panel granting remand before conclusion of the pre-trial proceedings, this Court has granted a motion to sever in at least two cases previously, namely, *Velma Jean Richards vs. BP*, Civ. Action No. 11-1096, Rec. Doc. 3082 and 4377; and *Pierre Mabile vs BP*, Civ. Action No. 11-1783, Rec Doc. 15462 and 15475.

The Panel's Rules of Procedure provide that the Panel may consider the question of remand on (1) the motion of a party, (2) the suggestion of remand by the transferee court, or (3) its own initiative.[27] In MDL 2179, the majority of, if not all, coordinated discovery in the relevant and actually related actions has ended. Any and all discovery relevant to Ms. Reitano's action is case-specific, making her claims ripe for remand.  As such, if the court denies the severance, then remand of this action by the JPML at this time is appropriate, if not mandated, notwithstanding Pretrial Order No. 15, dated November 5, 2010, which orders all motions, including motions to remand, unless a motion is specifically excepted by the Court, to be continued without date.

Accordingly, Christine Reitano respectfully requests that this Court except this Motion from the continuance/stay of Pretrial Order No. 15 for good cause shown and, if the severance is denied, that the Court issue a "suggestion of remand" to the JPML, recommending remand of this

---

[25] *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36 (1998).
[26] See, e.g., *In re Patenaude*, 210 F.3d 135, 145 (3d Cir.2000); *In Re Brand-Name Prescription Drugs Antitrust Lit.*, 264 F. Supp. 2d 1372 (J.P.M.L. 2003).
[27] Rule 7.6(c), R.P.J.P.M.L.

action back to the transferor district for re-allotment and assignment to another section of the court.[28]

### B.     Procedural Background of MDL

The JPML created MDL No. 2179 for related cases sharing "factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it."[29]  As stated in Plaintiff's earlier and first motion to unconsolidate,[30] plaintiff's claims do not relate in any way to the issue of the cause of the Deepwater Horizon explosion.  Plaintiff's claims involve a breach of an employment contract, a discriminatory wrongful termination, and claims of defamation.  Plaintiff's claims do not share any part of the factual backdrop with MDL No. 2179, nor do they arise from the same transaction or occurrence.  The intent of the JPML in issuing the transfer order is clear:

> "Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.  Centralization may also facilitate closer coordination with Kenneth Feinberg's administration of the BP compensation fund.  In all these respects, centralization will serve the convenience of the parties and witnesses and promote the more just and efficient conduct of these cases taken as a whole."[31]

Consolidation of Plaintiff's action in the first place did not and the continued retention of her case in MDL 2179 at this juncture does not serve the intent of the Panel.  However, it is not the burden of the MDL judge to rule on the intent of the JPML transfer order in a Motion for Suggestion of Remand.  The sole question before this Court is ***whether this case will benefit from further***

---

[28] See R. Proc. J.P.M.L. 10.1(b) ("the transferee judge [may] recommend[] remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel").
[29] Transfer Order (Aug. 10, 2010) at 3 [MDL No. 2179, Rec. Doc.  1].
[30] Rec. Doc. No. 11933.
[31] MDL 2179, Rec. Doc. 1, p. 3.

*coordinated proceedings as part of the MDL*[32] and whether *discovery is complete or the remaining discovery is "case-specific."*[33] The answer in Ms. Reitano's case is crystal clear that her case will not in any way benefit from further coordinated proceedings as part of the MDL; discovery in the MDL is nearly, if not fully complete, and all remaining discovery is "case-specific." Moreover, the retention of Plaintiff's suit cannot and will not promote a more just and efficient conduct of the MDL related actions taken as a whole.

### C.    Standard for suggestion of remand

The power to remand a case lies with the JPML pursuant to 28 U.S.C. § 1407(a) and Rule 10.1(b). This court has already severed or remanded cases on its own.[34]

Typically, a remand is initiated at any time by the transferee judge who recommends remand of an action, or a part of it, to the transferor court by filing a suggestion of remand with the Panel. In addition to the suggestion of remand from the transferee court, the Panel may also remand an action or any separable claim, cross-claim, counterclaim or third-party claim within it, upon

> . . .
> (ii) the Panel's own initiative by entry of an order to show cause, a conditional remand order or other appropriate order, or
> (iii) motion of any party.[35]

However, the JPML routinely "looks to the transferee court to suggest when it should order remand."[36] In making the determination to remand, the Panel gives great weight and deference to the MDL Judge's suggestion that a case should be remanded:

> In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that

---

[32] In re Bridgestone/Firestone, Inc., 128 F. Supp. 2d. at 1197
[33] *Id.*
[34] Richards and Mabile, Rec. Doc. 4377 and 15475, respectively.
[35] Judicial Panel on Multidistrict Litigation, Rule 10.0(b), 28 U.S.C.A § 1407.
[36] Manual for Complex Litigation § 20.133 (4th ed. 2004).

> remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. (Citing, *In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L.1976)). [A]bsent a notice of suggestion of remand from the transferee judge to the Panel, any party advocating remand before the Panel bears a strong burden of persuasion.[37]

The MDL Judge is in the best position to know whether a case will benefit from further coordinated litigation because of their knowledge and expertise of the litigation.

> [the transferee judge] has special insight into the question of whether further coordinated or consolidated proceedings are likely to be useful. <u>A transferee judge's suggestion of remand to the Panel is an obvious indication that he has concluded that the game is no longer worth the candle (and, therefore, that he perceives his role under section 1407 to have ended).</u>[38] (Emphasis Added).

Ms. Reitano acknowledges that she can file a motion for remand with the panel on her own, but since this Court has demonstrated its willingness to sever unrelated cases, this motion presents a better opportunity for immediate and expedited success, e.g. Mr. Mabile's motion to sever was granted in seven days.[39] Moreover, the facts of Ms. Reitano's case make the alternative request for a suggestion of remand essential, if not mandated at this time, if the severance is not granted.[40] In making a suggestion for remand the transferee court is to consider whether remand will best serve the expeditious disposition of the litigation.[41] When deciding whether to issue a suggestion for remand, a MDL judge is to be guided by the standards for remand employed by the Panel.[42]

---

[37] *In re Air Crash Near Nantucket Island Massachusetts*, 162 F.Supp.2d 694 (J.P.M.L. 1999).
[38] *In re Brand–Name Prescription Drugs Antitrust Litig.*, 170 F.Supp.2d 1350, 1352 (J.P.M.L. 2001).
[39] Failing success on this motion to sever or granting a suggestion of remand, Ms. Reitano will file with the JPML.
[40] *In re Light Cigarettes Marketing Sales Practices Litig.,* 2011 WL 6151510 at *3 (D. Maine 2011).
[41] Manual for Complex Litigation § 20.133 (4th ed. 2004).
[42] *In re Bridgestone/Firestone, Inc., et al.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001), Ex. B.

When pre-trial proceedings in the MDL have not been concluded, the question of remand is discretionary.[43] The exercise of that discretion turns on whether the case will benefit from further coordinated proceedings as part of the MDL.[44] **For example, when all remaining discovery in a case is case-specific, that case would be ripe for remand.**[45] **The MDL Judge must consider the totality of circumstances involved in that docket and only issue a remand when doing so will serve the convenience of the parties and witnesses and promote just and efficient conduct of the litigation.**[46]

There can be no doubt in Ms. Reitano's case that remand will certainly serve the convenience of the parties and it will most assuredly "promote just and efficient conduct of the litigation." It will also end the injustice caused by the automatic consolidation with the MDL which resulted in the automatic stay without date until further order of the court.

### D. Under 28 U.S.C. § 1407(a) and *Lexecon*, a transferee court has no power to retain an action for trial

Under 28 U.S.C. § 1407(a), the JPML may transfer civil actions with common issues of fact "to any district for coordinated or consolidated pretrial proceedings." But "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated."[47] As the Supreme Court has observed, "[t]he Panel's instruction comes in terms of the mandatory 'shall,' which normally creates an obligation impervious to judicial discretion."[48] Thus, § 1407(a)

---

[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] In re Light Cigarettes Marketing Sales Practices Lit., 2011 WL 6151510 at *3 (D. Maine 2011).
[47] *Id.* § 1407(a) (emphasis added).
[48] *Lexecon*, 523 U.S. at 35.

"imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings.'"[49]

In *Lexecon*, the Supreme Court struck down a "long-standing practice" whereby MDL transferee judges retained actions transferred to them pursuant to § 1407(a) for trial under the theory that doing so would promote efficient resolution of the claims.[50] At the time, the JPML's rules sanctioned such self-assignments.[51] The Supreme Court, however, concluded that the practice was barred by the plain language of § 1407(a) and that the JPML rule was invalid.[52] Regardless of whether "permitting transferee courts to make self assignments would be more desirable than preserving a plaintiff's choice of venue," the Court held that § 1407(a) "categorically limits the authority of courts" to do so and thus establishes a right to remand once pretrial proceedings are completed.[53]

It is, therefore, well-settled that a transferee judge has "no jurisdiction to conduct a trial in cases transferred solely for pretrial proceedings."[54] However, when common questions of fact do not exist and a case will not benefit from pretrial proceedings such as discovery, document production, expert testimony, Daubert, and other pretrial motions, it should be remanded to the transferor court.

> It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the action and any additional pretrial proceedings, as he deems otherwise appropriate.[55]

---

[49] Id. at 28 (quoting 28 U.S.C. § 1407(a)).
[50] *Armstrong v. LaSalle Bank Nat'l Ass'n*, 552 F.3d 613, 615 (7th Cir. 2009).
[51] *See Lexecon*, 523 U.S. at 32-33.
[52] *Id*. at 40.
[53] *Id*. at 40, 42.
[54] Manual for Complex Litigation (Fourth), § 20.132 (2004); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liability Litig*., 241 F.R.D. 435, 440 (S.D.N.Y. 2007).
[55] In re Light Cigarettes Marketing Sales Practices Lit., 2011 WL 6151510 at *3 (D. Maine 2011) (citing, In re Evergreen Valley Project Litig., 435 F.Supp. 923, 924 (J.P.M.L. 1977)).).

### E. All remaining discovery is case specific

In Ms. Reitano's case, the purposes of centralization are not served through its consolidation with the other actions in the transferee court. Ms. Reitano's case does not share any, i.e., not one, of the factual issues concerning the cause of the Deepwater Horizon explosion and the role each defendant played in it.  Centralization of this action does not "eliminate duplicative discovery, prevent inconsistent pretrial rulings, including rulings on class certification and other issues," or "conserve the resources of the parties, their counsel," or "the judiciary."  This action does not "overlap factually" in any way with the other actions in this docket. In fact, the entirety of its discovery will be "case specific" and it will in no respect "overlap with the other actions.

Ms. Reitano's case does not now and never did benefit from pretrial proceedings in the MDL.  Actually, she has suffered because of them and the two years that have passed since she first attempted, unsuccessfully, to get severed from the MDL.  In fact, continued joinder of Ms. Reitano's case with the MDL promotes only delay, injustice as well as prolonged and daily mounting damages. If this action is not permitted to be separated from the MDL, the intent of Section 1407 will be turned upside down and completely defeated.

### F. Convenience must yield to fairness-Last but certainly not least

In *Johnson v. Celotex Corp.*,[56] the court held that, although consolidation may enhance judicial efficiency, "considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial."  Citing *In re: Brooklyn Navy Yard Asbestos Litig,*[57] the court in *In re Repetitive Stress Injury Litig.* found:[58]

> As we have recently cautioned, "The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual

---

[56] 899 F.2d 1281, 1285, (2d Cir.), cert. denied, 498 U.S.920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990),
[57] 971 F. 2d 831, 853 (2d Cir. 1992).
[58]  11 F.3d 368, 373 (2d Cir. 1993)

> justice, and we must take care that each individual plaintiff's – and defendant's – cause not be lost in the shadow of a towering mass litigation."

The principles of commonality or judicial efficiency which favor consolidation are not existent in the present case. Instead, if there is a consideration of convenience, it could only be for the defendants in her case, because it is definitely not assisting Ms. Reitano.

> The benefits of efficiency can never be purchased at the cost of fairness.[59]

> Considerations of convenience may not prevail where the inevitable consequence to another party is harmful and serious prejudice.[60]

Keeping Ms. Reitano's case in this MDL with an indefinite stay is 100% prejudicial, harmful and unfair to Ms. Reitano.

### IV.     Conclusion and Prayer for Relief

Putting aside whether Ms. Reitano's case should ever have been consolidated with this MDL in the first place, there can be no doubt at this point that her case should be excepted from the order of the court staying all proceedings in the case, severed from the MDL, and reallotted to another section of the USDC for the Eastern District of Louisiana for further proceedings.

In the alternative, the Court should issue and send a suggestion of remand to the Judicial Panel on MultiDistrict Litigation immediately for their consideration and ultimately to issue a remand to the transferor court for further proceedings.

---

[59] *Malcolm v. National Gypsum Co.*, 995 F. 2d 346, 349 (C.A. 2 (N.Y.), 1993).
[60] *Arnold v. Eastern Airlines, Inc.*, 712 F. 2d 899, 906 (C.A. 4th 1983) (en banc), cert. denied, 464 U.S. 1040, 104 S. Ct. 703 (1984).

        Respectfully Submitted:

        /s/ Mary Olive Pierson

        _____

        MARY OLIVE PIERSON, #11004
        P.O. Box 14647 (70898)
        8702 Jefferson Highway, Suite B
        Baton Rouge, LA 70809
        Telephone: (225) 927-6765
        Email: mop@mopslaw.com

        Attorney for Christine Reitano

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Motion to Sever has been served on all counsel of record, by electronically uploading the same to LexisNexis File and Serve in accordance with Pre-Trial Order No. 12, and that the foregoing motion was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 29th day of October, 2015.

        /s/ Mary Olive Pierson

        _____

        MARY OLIVE PIERSON