

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * | MDL NO. 2179 <br> SECTION: J <br> Honorable CARL J. BARBIER <br> Magistrate Judge SHUSHAN |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTINE REITANO

VERSUS

BP EXPLORATION & PRODUCTION,
INC. AND PATRICK A. JUNEAU

CIVIL ACTION NO. 13-6360
CIVIL ACTION NO. 13-6362

SECTION "J" (1)

*REMOVED FROM*

CHRISTINE REITANO

VERSUS

BP EXPLORATION AND PRODUCTION,
INC. AND PATRICK A. JUNEAU

DOCKET NO. 2013-9913   DIV. N

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

**MEMORANDUM IN SUPPORT OF MOTION TO UNCONSOLIDATE CASE FROM MDL AND RANDOMLY ALLOT TO ANOTHER DIVISION OF THIS COURT**

On or about August 10, 2010, the United States judicial panel on multidistrict litigation entered a transfer order in response to four motions that collectively encompassed 77 actions arising

EXHIBIT B

out of the "Deepwater Horizon" oil spill and then pending in Louisiana, Alabama, Florida, Mississippi and Texas. (See Document No. 1). When consolidating the actions and transferring all of them to the Eastern District of Louisiana, the judicial panel specifically found that:

> The actions before the Panel undisputedly share factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it. Centralization under §1407 will eliminate duplicative discovery, prevent inconsistent pre-trial rulings, including rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary. Centralization may also facilitate closer coordination with Kenneth Feinberg's administration of the BP compensation fund. In all these respects, centralization will serve the convenience of the parties and witnesses and promote the more just and efficient conduct of the cases, taken as a whole. (Document No. 1, at p. 3).

The Panel further found that:

(a) it made sense to include the personal injury/wrongful death claims while acknowledging that "these actions will require some amount of individualized discovery," in other respects they overlap with those that pursue only economic damage claims. The Panel noted that the trial judge has broad discretion to employ any number of pretrial techniques–"such as establishing separate discovery an/or motions tracks–to address any differences among the cases and efficiently manag the various aspects of this litigation." (Citation omitted); and

(b) there were no strong reasons for separate treatment of claims brought under the OPA (Oil Pollution Act).

Ms. Reitano's claims for breach of contract and damages could not be seriously or reasonably considered claims arising out of the oil spill and she has made no claim with regard to the OPA. It cannot be argued (seriously or with a straight face) that Ms. Reitano's claim against Mr. Juneau and BP arising out of her wrongful termination and the damages sustained by Ms. Reitano as a result of

the defamation she has suffered (three years after the oil spill) arise out of the cause or causes of the explosion of the Deepwater Horizon and the role that any of the defendants played in it. In fact, Mr. Juneau is not a defendant in the MDL.

Following the Transfer Order, and on the same date (August 10, 2010) this court entered Pre-Trial Order Number 1 (Document No. 2) which, inter alia, provided as follows:

> This Order also applies to all related cases filed in all sections of the eastern District of Louisiana and will also apply to any 'tag-along actions' later filed in, removed to, or transferred to this Court. . . . Any 'tag-along actions' later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal rules of Civil Procedure.

Pre-Trial Order Number 1 also provided for a stay of all motions and discovery pending further orders of the Court. (Document 2, Paragraph 8).

Ms. Reitano filed her state court Petition on October 21, 2013 in the Civil District Court for the Parish of Orleans. There are no federal claims and there is no diversity of citizenship. On November 7, 2013 both BP and Mr. Juneau filed Notices of Removal. Each case was given a separate docket number in the USDC for the EDLA.[1] Almost immediately, both removed cases were automatically consolidated with the Deepwater Horizon MDL litigation, obviously as a result of Pre-Trial Order Number 1. There was no analysis of the cases and no considered ruling was made regarding the removed matter and how it could possibly be related, in law or in fact, to the causes

---

[1] The BP removal notice was given USDC, EDLA Docket Number 2:13-cv-0360 and the Notice is Document No. 1 in that case. The Juneau removal notice was given USDC, EDLA Docket Number 2:13-cv-0362 and the Notice is Document No. 1 in that case.

of action arising out of the explosion of the Macondo Well and the damages arising therefrom. In fact, had there been such an analysis, it is almost certain that the matters would have remained independent of the MDL litigation.

Mr. Juneau had filed a motion for extension of time to file an answer and it was granted by the Court on November 19, 2013. (Document No. 11867). Subsequently, the Court, apparently on its own motion, entered an order STAYING "member case 13-6362"[2] and ruling that "no responsive pleadings, motions, etc., are due until ordered by the Court." (Document No. 11874).[3]

### THE BP REMOVAL

In its removal papers, BP argues that the United States courts in general and the Eastern District in particular have jurisdiction of Ms. Reitano's claims because of the provisions of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, et seq. With all due respect, there is nothing in the petition which suggests that any fact in the case occurred on the Outer Continental Shelf, that is, more than three miles offshore of the coast of Louisiana in Mississippi Canyon Block 252. And, there is no way that an employment contract, its breach and a claim for defamation (all of which occurred on land or on airwaves and all above the subsoil and subsea---- not in water) could legitimately be said to be related to "any operation conducted on the outer Continental Shelf which involves exploration, development, or production of minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals" as claimed by BP in paragraph 11 of its Notice of Removal.

---

[2] This Order does not mention "member case 13-6360" which is the docket number given to BP's removal notice.

[3] In this Order, the Court also vacated its previous order, Document No. 11867.

## MR. JUNEAU'S REMOVAL

In his removal papers, Mr. Juneau urges a basis under 28 USC 1442 (a)(3) which provides in pertinent part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein is pending: . . .
>
> (3) Any officer of the courts of the United States for any act under color of office or in the performance of his duties; . . .

Even if Mr. Juneau is entitled to legitimately remove the action based on this statute, it does not in any way require or even allow Ms. Reitano's case to be unlawfully and prejudicially consolidated with the MDL.

## EVEN IF REMOVAL IS PROPER, CONSOLIDATION WITH MDL IS NOT AUTHORIZED OR WARRANTED

28 U.S.C. §1407 provides for the "centralization of actions which involve one or more common questions of fact" and are pending in different districts. None of those circumstances apply to this case. Ms. Reitano's claims have no common questions of fact or law with regard to the issues in the MDL involving the explosion of the Deepwater Horizon. On behalf of Ms. Reitano it is respectfully submitted that requiring her case to remain in this multi-party, massive and complex MDL will promote nothing but inconvenience, inefficiency and injustice while she attempts to seek reparation for the damages caused to her by her unwarranted and unlawful termination from the claims administrator's office. The consolidation does not, in any way, "serve the convenience of the parties and witnesses and promote the more just and efficient conduct of the cases, taken as a whold." (Transfer Order, Document No. 1, p. 3).

The joinder of Ms. Reitano's case to the MDL causes additional financial hardship and inconvenience on Ms. Reitano because she has lost here only source of income and, as a result of the international defamation she suffered at the hands of BP, she has not been able to obtain new employment and, as a result of the consolidation and stay, she can't even seek reparation for the damages she has already suffered.

Furthermore, there is additional financial hardship in that her counsel has been required to "join" the "file and serve" system for the MDL at a minimum cost of $35.00 per month and counsel's email has been bombarded with excessive notices of other filings in the MDL which have absolutely no relevance whatsoever to Ms. Reitano's claims. It is a colossal waste of time to have to open the excessive daily emails to see what they contain and then, in 99.9 per cent of the emails, realize they are not relevant and simply need to be deleted. Not only that, her counsel's bills for copies on Pacer have increased dramatically due to the size of the documents which must be printed in order to determine if they apply to her case and, most of the time they do not.

This motion is not to contest the removal of the case or contest the jurisdiction of the USDC for the EDLA which we will leave to the Court's discretion and decision–where it always rests. There is no reason for the consolidation of Ms. Reitano's case with the MDL. There are no common fact or legal questions. There is no possibility of duplicative discovery. There is no possibility of inconsistent pre-trial rulings. There are no resources to be conserved by the consolidation. In fact, transferring this case to another section of the court will allow the appointed judge in the MDL to continue to devote all of his time and resources to real MDL matters. Conversely, there is nothing which will be decided in the MDL which will impact Ms. Reitano's case. All the consolidation does for her case is delay it until the MDL is over (if that ever happens) and then her case can go forward.

Ms. Reitano respectfully moves that her case be unconsolidated with the MDL and randomly reallotted to another section/division of this district so that her case may proceed in an orderly fashion with discovery and trial in a timely manner.

Respectfully submitted,

/s/ Mary Olive Pierson
Mary Olive Pierson, La. Bar No. 11004
8702 Jefferson Hwy., Suite B (70809)
P.O. Box 14647
Baton Rouge, LA 70898
(225) 927-6765 - Office
(225) 927-6775 - Fax
mop@mopslaw.com - Email


/s/ Patrick J. Fanning
Patrick J Fanning (La. Bar No. 5441)
238 Huey P. Long Ave.
Gretna, LA 70053
Ofc: (504) 368-7888
Fax: (504) 368-7263
Email: pfanninglaw@aol.com

*Counsel for Christine Reitano*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Unconsolidate Case from MDL, Randomly Allot and Transfer to Another Section of this Court has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 5th day of December, 2013.

                                            /s/ Mary Olive Pierson
                                            Mary Olive Pierson