IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| | * * | HONORABLE CARL J. BARBIER |
| *No. 12-970, Bon Secour Fisheries, Inc. et al. v. BP Exploration & Production, Inc., et al.* | * * * * | MAGISTRATE JUDGE SHUSHAN |

## MOTION FOR AID IN CONSUMMATION OF SETTLEMENT AGREEMENT AND/OR FOR STATUS CONFERENCE

Boh Bros. Construction Company, L.L.C. ("Boh Bros.") and Broadmoor, L.L.C. ("Broadmoor"), submit this Motion for Aid in Consummation of Settlement Agreement and/or for Status Conference, pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement"). The particular facts surrounding the processing of Boh Bros.' and Broadmoor's business economic loss ("BEL") claims as outlined in Exhibits "A" and "B", demonstrate a compelling need for a path forward for processing these claims.

As shown by the chronologies, Boh Bros. and Broadmoor have, over the last three years, expended *extraordinary* time, money and resources working with Program Vendors, providing them unfettered access to company representatives, internal and external accountants, and volumes of highly confidential information (well beyond the parameters of the Settlement Agreement) in a determined effort to facilitate the processing of their BEL claims.

Beginning in 2012, Boh Bros. submitted extensive source documentation, confidential financial and customer files and access to management, accountants and lawyers. In January,

1

2013, the Settlement Program asked for further confidential files (including contract files/ledgers detailing customer, project and revenues for each year 2008-2011) to confirm what Boh Bros. had already attested to, that Boh Bros. is not a Department of Defense ("DOD") contractor, *i.e.* less than 50% of claimants 2010 annual revenue is from DOD contracts.[1] Boh Bros. complied and the Program Vendors concurred that Boh Bros. is a "Highway, Bridges and Distribution Line" contractor, not a DOD contractor. The Settlement Program then announced that because Boh Bros.' website had a picture of a boat (related to bridge repair of the Twin Span post-Katrina), Boh Bros.' claim was sent to review for "potential moratoria loss", notwithstanding:

   i.   Boh Bros.' NAICS code is not marked by an "x" in Exhibit 19 to the Settlement Agreement;

   ii.  Exhibit 19 to the Settlement Agreement, expressly excludes claims of companies such as Boh Bros. who are "Roadway, Highways, Bridges and Distribution Line Contractors" from moratoria review; and

   iii. In its claim form, Boh Bros. answered "No" to the question about providing significant services to the oil and gas industry in the Gulf of Mexico.

Boh Bros. produced more highly confidential customers' files and affidavits. The Settlement Program finally removed Boh Bros. from moratoria limbo. The Settlement Program then spent the next year analyzing documents to "match revenue to expenses". In July, 2014, the Settlement Program advised that Boh Bros.' claim was in accounting review under Policy 495 to determine if there were any unresolved matching issues. In October, 2014, without notice, the Settlement Program "re-routed" Boh Bros. for another "moratoria review". The Program Vendors advised that they had ceased the review under Policy 495. Finally, in March, 2015, after again reviewing Boh Bros.' customer and project files, and interviewing Boh Bros.'

---

[1] Less than 22% of Boh Bros. annual revenue in 2010 was from DOD contracts as defined under the Settlement Agreement and Policy 465; less than 14% in each year 2008-2011.

president, Robert S. Boh, the Program Vendors advised that Boh Bros.' claim would be removed from moratoria limbo and the Program Vendors would continue with the review under Policy 495. Notwithstanding, the Settlement Program has ignored Boh Bros.' repeated requests for an update and the Portal still reflects that Boh Bros.' claim is stuck in moratoria limbo. (Exhibit "A").

In Broadmoor's case, after engaging the claimant,[2] at its expense, in protracted discovery, the Settlement Program issued a denial notice without reasons or even a courtesy call. Broadmoor filed Requests for Review, Re-Review, and Reconsideration with detailed support and third-party documentation. This effort required extensive resources from Broadmoor, its officers, project managers, accountants and lawyers. This "review" process took almost two years yet, the Settlement Program summarily denied each request without explanation. Broadmoor filed an appeal. In February, 2015, the Appeal Panel upheld Broadmoor's appeal and remanded to the Settlement Program for determination of Broadmoor's claim. The Settlement Program has completely ignored Broadmoor's repeated requests for an update. Nothing has been done to process Broadmoor's claim as directed by the Appeal Panel. (Exhibit "B").

For whatever reason, the claims processes as to Boh Bros. and Broadmoor have been uniquely plagued with inconsistent advices from Program Vendors, duplicative review processes, and grossly redundant and/or inappropriate requests for information that have landed Boh Bros. and Broadmoor in a conundrum never envisioned by the Settlement Agreement. Boh Bros. and Broadmoor filed their claims in good faith to protect their rights, and continue to advocate the

---

[2] The Claims Facility subjected Broadmoor to the same vigorous DOD analysis as Boh Bros. This confirmed Broadmoor's sworn attestation that Broadmoor is not a DOD contractor. Broadmoor had less than 15% in annual revenue from DOD contracts in each year 2008-2011.

Settlement Agreement. However, Boh Bros. and Broadmoor have expended far more in time, money, and resources pursuing their rights under the Settlement Agreement than in a formal adversarial process, while assuming all of the risks, costs, and uncertainties of an ever changing process. Yet still, Boh Bros. and Broadmoor are no more certain of *how, when* or *if* their claims will be processed.

Boh Bros. and Broadmoor recognize the value of the Settlement. More importantly, Boh Bros. and Broadmoor have tried, at their expense, to navigate the Kafkaesque legal landscape of the Settlement Agreement. Notwithstanding, and further exacerbating matters, Boh Bros.' and Broadmoor's counsel are unable to provide meaningful updates to their clients; unable to explain the risks and uncertainties inherent in the process; and unable to outline the next steps, reasonable timetables, reasonable expenditures of further costs and use of resources.

Section 36, "Applicable Law" of the Settlement Agreement provides that the Agreement be interpreted in accordance with general maritime law. Maritime law is firmly grounded in principles of equity. Under maritime law, a court may adapt rules to the equities of a particular situation.[3] The chronologies demonstrate that the processing of these BEL claims has gone astray in a way not envisioned by the parties and contrary to principles of equity and fairness. Boh Bros. and Broadmoor seek the Court's intervention to assure a fair resolution in harmony with rules of justice, expressed rules of procedure and under the Settlement Agreement. There is, in the case of these two claimants -- who have no resolution in sight -- a compelling need for "a path forward." Boh Bros. and Broadmoor implore the Court to assist in defining this path.

---

[3] As Justice John R. Brown wrote, "The Chancellor is no longer fixed to the woolsack. He may stride the quarter-deck of maritime jurisprudence and, in the role of admiralty judge, dispense, as would his landlocked brother, that which equity and good conscience impels. *Compania Anonima Venezolana De Navigacion v. A. J. Perez Export Company* 303 F.2d 692, 699 (5th Cir., 1962); *Smith v. Seaport Marine, Inc.,* 981 F. Supp. 2d 1188 (S.D.Ala. 2013).

Respectfully Submitted,

**KINGSMILL RIESS, L.L.C.**

By: _____
Marguerite K. Kingsmill (#7347)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Facsimile: (504)581-3310

*Attorneys for Boh Bros. Construction Co., L.L.C. and Broadmoor, L.L.C.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing Motion for Aid in Consummation of Settlement Agreement and/or for Status Conference has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and/or by electronically serving all liaison counsel by e-mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3rd day of November, 2015.

_____

S:\Deepwater Horizon Settlement\Pleadings - USDC, MDL #2179\151103 Mtn for Status Conference .docx