**BROADMOOR, L.L.C.**
**DWH Claimant ID 100135743**
**DWH Claim No. 93298**

---

**EXHIBIT "B"**

**CHRONOLOGY**

- **October 24, 2012,** Broadmoor files its BEL Claim in the amount of $12,860,520, including documents reflecting the business structure and ownership of the claimant; Federal Tax Returns for 2007-2011; contemporaneously-prepared monthly profit and loss statements establishing monthly revenues and expenses for 2007-2011, which tie to Broadmoor's federal tax returns and audited financial statements; documents supporting causation under the Decline Only Revenue Pattern, *i.e.*, comprehensive calculations prepared by local accounting firm, Bourgeois Bennett, which include a Summary of Estimated Total Compensation, Analysis of Reduction in Variable Profit, Analysis of Incremental Profits or Losses Compensation, Calculation of Variable Profit, Causation Calculations, and Backup Documentation; documentation identifying factors outside the control of the claimant that prevented the recovery of revenues in 2011.

- **November 9, 2010,** the Settlement Program issues an Incompleteness Notice, requesting additional documentation relating to Broadmoor's (1) Monthly Revenues and Expenses for 2010; (2) Monthly Revenues and Expenses for the Claimed Benchmark Period; and (3) Monthly Revenues and Expenses for 2011.

- **November 20, 2012**, Broadmoor contacts the Settlement Program to discuss the Request for Additional Documentation of Monthly Revenues and Expenses.

- **November 21, 2012**, Broadmoor participates in a telephone conference with Settlement Program representatives and was informed by a PwC representative that Broadmoor's monthly profit and loss statements could not be located on the DWH Portal. Broadmoor's counsel provided the representative with the Document ID for the profit and loss documents, and was expressly told that the documentation submitted was acceptable under the Settlement Agreement.

- **November 27, 2012**, Broadmoor participates in a lengthy telephone conference with the Settlement Program that spanned more than two (2) hours, during which the Settlement Program requests *additional* documentation and explanation relating to Broadmoor's July 2008 revenue, overhead expenses reflected in Broadmoor's Tax Returns, and Broadmoor's cumulative revenue. At Broadmoor's expense, the Director of Litigation and Forensic Accounting Services at Bourgeois Bennett provided the Settlement Program representatives with thorough explanations to all of the questions posed by the Program representatives.

- **December 5, 2012**, Broadmoor submits its Response to the Incompleteness Notice, and provides the Settlement Program with additional documentation and explanations requested in the November 9, 2012 Incompleteness Notice and the November 27, 2012 telephone conference.

- **December 10, 2012**, The Settlement Program requests *additional* documentation and explanation Regarding (7) The Revenue Figures in Broadmoor's July 2008 P&Ls; and (8) the Nature of a Joint Venture Between Broadmoor and Roy Anderson Corp., and Broadmoor's Accounting of its Interest in the Joint Venture.

- **December 11, 2012**, Broadmoor participates in a telephone conference with a Settlement Program representative to discuss the request for additional documentation contained in the December 10, 2012 email.

- **January 15, 2013**, Broadmoor participates in a meeting with Claims Administrator and Settlement Program representatives, including PwC, wherein the Settlement Program requests *additional* documentation regarding (9) a Breakdown of Revenue by Project for 2008-2011, and (10) a List of Broadmoor Projects for July 2008, so that PwC can analyze whether Broadmoor is a DOD contractor. Broadmoor provided customer-specific monthly revenue documents for the four year period from 2008-2011, as requested, demonstrating that Broadmoor is **not** a DOD contractor (less than 15% of Broadmoor's annual revenue in 2010 or 2008-2011 is from DOD contracts). After scrutinizing four years of confidential file documents, the Settlement Program confirms this finding, which is also consistent with the Settlement Agreement and Policy 465.

- **January 30, 2013**, Broadmoor emails Settlement Program representative, and attaches additional documents requested in the January 15, 2013 meeting.

- **March 6, 2013**, Broadmoor emails the Settlement Program to determine the status of Broadmoor's Claim, and receives no response.

- **March 12, 2013**, Broadmoor emails the Settlement Program and a*gain* requests a telephone conference to discuss the progress in processing Broadmoor's claim.

- **March 22, 2013**, The Settlement Program advises Broadmoor that it needs more time to evaluate Broadmoor's claim and will report back "shortly".

- **April 1, 2013**, Broadmoor emails the Settlement Program regarding the delays in processing Broadmoor's claim.

- **April 2, 2013**, The Settlement Program advises Broadmoor that it has essentially concluded the evaluation of Broadmoor's claim, and will provide Broadmoor with an update following an April 4, 2013 meeting with the Claims Administrator.

- **April 22, 2013**, Broadmoor contacts the Settlement Program to inquire about the April 4, 2013 meeting with the Claims Administrator's office.

- **May 1, 2013**, The Settlement Program issues a Denial Notice of Broadmoor's claim without any explanation or reasons.

- **May 1-30, 2013**, Broadmoor tries to determine why the Settlement Program denied Broadmoor's claim.

- **May 31, 2013**, Broadmoor files a Request for Re-Review, and submits additional documentation relating to prong 2 and 3 of the Decline-Only Revenue pattern (*i.e.*, entry of a competitor in 2011 and customer mix analysis).

- **July 3, 2013,** The Settlement Program issues a Post Re-Review Denial Notice, which again fails to explain why Broadmoor's Claim had been denied.

- **July 5-8, 2013**, Broadmoor reaches out to the Settlement Program to inquire about the basis of the Post Re-Review Denial Notice.

- **July 24, 2013,** Broadmoor files a formal "Response to E-mail, dated July 8, 2013," and submitted additional documentation relating to the second prong of the Decline-Only Revenue pattern.

- **October 14, 2014**, The Settlement Program issues a Post-Reconsideration Denial Notice which fails to explain any reasons for the denial.

- **October 30, 2014**, Broadmoor requests "Access to Claims Information and Data" pursuant to Claims Administrator's Approved Procedure 378. **The Settlement Program has not responded**.

- **November 13, 2014**, Broadmoor files an Appeal.

- **November 24, 2014**, Broadmoor files an Opening Memorandum with the Appeal Panel, demonstrating that Broadmoor satisfies all three prongs of the Decline-Only Revenue Pattern. BP's Opposition is filed on December 19, 2014.

- **December 19, 2014**, Broadmoor files a Reply Memorandum to BP's Opposition, demonstrating that Broadmoor satisfies all three prongs of the Decline-Only Revenue Test.

- **February 25, 2015**, Appeal panel upholds appeal agreeing that Broadmoor passed the first two prongs of the Decline Only Revenue Pattern Test. Because the Claims Administrator's Summary of Review stated that the customer mix analysis was never performed, the Appeal Panel remands the claim, with instruction that "the Settlement Program accept that the Claimant has passed/satisfied the first two prongs of the Decline-Only Revenue Pattern Test, and proceed to perform the third, 'Customer Mix,' prong of the test."

- **May 12, 2015**: Having heard nothing from the Settlement Program in months, Broadmoor files a Request to Process Claim on May 12, 2015, directed the Settlement Program to the Document ID numbers of Broadmoor's Customer Mix calculations, which clearly show that Broadmoor satisfies the Customer Mix test with *flying colors*. Specifically, Broadmoor's customer mix calculations (which tie directly to financial source documentation provided to the Settlement Program over two years ago) demonstrate that Broadmoor experienced a decline in revenue from non-local customers of 47.9% from 2009 to 2010, which far surpasses the 10% decline required under the Customer Mix test. The Settlement Program never responds to Broadmoor's Request.

- **May 12, 2015**, It has been ten months since the Settlement Program was directed by the Appeal Panel to proceed with the Customer Mix test and process Broadmoor's claim; six months have lapsed since Broadmoor directed the Settlement Program to irrefutable evidence on the Portal that Broadmoor satisfies the customer mix test. Nevertheless, Broadmoor has heard ***nothing*** from the Settlement Program since its claim was remanded. Broadmoor's repeated efforts to obtain a recent status update on the processing on Broadmoor's claim have been completely ignored by the Settlement Program.

- **August 7, 2015**: On August 7, 2015, Broadmoor reaches out again to the Claims Administrator, Patrick Juneau, requesting the status of the processing of Broadmoor's claim so that counsel could provide its client with a meaningful update. Broadmoor receives no response.