BP'S SUPPLEMENTAL RESPONSE REGARDING CLAIM NO. 174565

Claimant is an excluded oil and gas company that is not entitled to compensation under the Settlement Agreement.  In an attempt to escape this result, Claimant argues that BP somehow waived the requirements of the Settlement Agreement and the exclusion applicable to this claim when it did not appeal one of 20 other awards made to Claimant for a separate, distinct claim.[1] As BP previously explained, whether BP appealed any other claim is irrelevant to the resolution of this appeal.  The fact remains that the instant claim is--by Claimant's own, repeated admissions to federal and state regulators, investors, and the public--excluded.

BP files this supplemental memorandum simply to bring to the Panel's attention the recent decision of a three-judge Appeal Panel that confirms BP's position that there has been no waiver.  In that claim, Claimant's argued that BP had waived its right to claim application of an exclusion with regard to one award where BP did not appeal two claims awards, and withdrew two appeals of awards, for members of the claimant's corporate family operating under the same name.  The Appeals Panel rejected the claimant's argument, holding that:

> BP did not appeal two of the claims and withdrew its appeals in the other two claims.  While BP's decisions on other claims are interesting, such decisions are not binding precedent for this Panel.  BP has appealed the issue present in the instant Claim.  Under Section 6.4 of the Settlement Agreement, this Panel must conduct "a de novo review of the complete record in the Settlement Program to enforce compliance with this Agreement as approved by the Court."  While consistency of results is a goal of the appeals process, the instant claim is the first appeal of an award to a member of the [] group.

Exhibit 1 hereto.

For the same reasons as articulated in the attached Appeals Panel decision, there has been no waiver with regard to the instant claim, and the award to claimant should be reversed.

---

[1] As Claimant admits, a second award not appealed by BP was below the Settlement Agreement's appeal threshold and thus not subject to the appeals process.

# EXHIBIT 1



| APPEAL PANEL DECISION FORM ||||
|---|---|---|---|
| I. CLAIMANT AND CLAIM INFORMATION ||||
| **Claimant Name** | Last/Name of Business | First | Middle |
| **Claimant ID** | | **Claim ID** | |
| **Claim Type** | Start-Up Business Economic Loss |||
| **Law Firm** | ||||

| II. DECISION |||
|---|---|---|
| Select the Compensation Amount set forth in either BP's Final Proposal or the Claimant's Final Proposal as the final outcome on the claim and check the appropriate box to signify your decision. |||
| ☒ **BP's Final Proposal** | Compensation Amount | $0 |
| | Risk Transfer Premium | .25 |
| | Prior Payment Offset | $0 |
| ☐ **Claimant's Final Proposal** | Compensation Amount | $1,520,107 |
| | Risk Transfer Premium | 1.50 |
| | Prior Payment Offset | $0 |

| III. PRIMARY BASIS FOR PANELIST DECISION |
|---|
| Please select the primary basis for your decision. You may also write a comment describing the basis for your decision. |

☐ Error in documentation review.

☐ Error in calculation.

☐ Error in RTP multiplier.

☐ Error in Prior Spill-Related Payment Amount.

☒ Claim should have been excluded.

☐ No error.

**Comment** *(optional)*:

Reasons uploaded

**WRITTEN REASONS**

**CLAIM ID**

     The Settlement Program awarded this Louisiana Claimant the sum of $1,520,107.00 (pre-1.50 RTP).  BP appeals on several grounds including its assertion that Claimant is excluded from the Class under Section 2.2.4.1 of the Settlement Agreement (the Financial Institution exclusion).



     In its Memorandum, Claimant correctly points out that four of its sister companies, all operating under the trade name,                          , filed BEL claims.  Collectively, those four entities were paid a total of $1,742,205.00 by the Settlement Program.  BP did not appeal two of the claims and withdrew its appeals in the other two claims.  While BP's decisions on other claims are interesting, such decisions are not binding precedent for this Panel.  BP has appealed the issue in the instant Claim.  Under Section 6.4 of the Settlement Agreement, this Panel must conduct "a de novo review of the complete record in the Settlement Program to enforce compliance with this Agreement as approved by the Court".  While consistency of results is a goal of the appeals process, the instant claim is the first appeal of an award to a member of the            group.

     Claimant further correctly points out that the NCAIS Code it uses on its tax returns and on the Registration Form with the Settlement Program is NCAIS Code 454390.  Claimant correctly points out that NCAIS Code 454390 is <u>not</u> listed in Exhibit 18 of the Settlement Agreement.  However, Exhibit 18 does mandate that the Claims Administrator shall determine the appropriate NCAIS Code for the Claimant and is not bound by the Claimant's Code choice.  Claimant's Code choice, 454390, is for "establishments primarily engaged in retailing merchandise (except food for immediate consumption and fuel) via direct sales to the customer by means such as in-house sales (i.e. party planning merchandising), truck or wagon sales, and portable stalls (i.e. street vendors)".  Clearly, this Code is not descriptive of Claimant's business.

     After review of the complete record in this matter, and given the terms of Section 2.2.4.1 of the Settlement Agreement, this Panel unanimously determines that this Claimant is excluded.