# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| Applies to: | * * | |
| Civil Action No. 2:15-CV-4143 | * * | HONORABLE CARL J. BARBIER |
| Civil Action No. 2-15-CV-4654 | * * | |
| | * * | Magistrate Judge SHUSHAN |

## HALLIBURTON COMPANY AND HALLIBURTON ENERGY SERVICES, INC.'S SUBMISSION TO ALLOCATION NEUTRAL

Halliburton Company and Halliburton Energy Services, Inc. (collectively "HESI") file this submission in response to Judge Wilkinson's (sitting as Allocation Neutral) status conference held on October 8, 2015, and resulting minute entry (Rec. Doc. No. 15459).

**I.    Background**

On October 8, 2015, Magistrate Judge Wilkinson, sitting as Allocation Neutral pursuant to Rec. Doc. No. 15398, requested that certain parties file information relating to the HESI Punitive Damages and Assigned Claims Settlement Agreement (Amended as of September 2, 2015) (the "HESI SA") and the Transocean Punitive Damages and Assigned Claims Settlement Agreement (the "Transocean SA"). The requested information is intended to assist Magistrate Judge Wilkinson, sitting as Allocation Neutral, in allocating the Aggregate Payments made under the HESI SA and the Transocean SA between punitive damage claimants (members of a putative "New Class") and the Deepwater Horizon Economic and Property Damages Settlement Class ("DHEPDS Class"), a juridical entity that holds, by assignment, certain claims BP entities made

against HESI and certain Transocean entities (collectively "Transocean") (the "Assigned Claims").

## II.     Timing of the HESI SA

Initially, HESI notes that the HESI SA was executed and filed prior to Judge Barbier's issuance of Findings of Fact and Conclusions of Law resulting from the Phase One liability trial in the Transocean Limitation Action associated with the *Deepwater Horizon* litigation. Specifically, the HESI SA was filed with the Court as a public document on September 2, 2014. (Rec. Doc. No. 13346).  The Court issued its Phase One Findings of Fact and Conclusions of Law on September 4, 2014.  (Rec. Doc. No. 13355).[1]  Thus, unlike the Transocean SA, the HESI SA was negotiated and executed without the benefit of the Court's findings, which included a finding that HESI was not grossly negligent.  In analyzing the potential liability facing HESI prior to its settlement, this factor is important because a finding that HESI was grossly negligent could have subjected HESI to liability for punitive damages and for certain Assigned Claims.

## III.    HESI's Knowledge Prior to Settlement

Based upon its involvement in pre-trial discovery and the Phase One and Phase Two trials, HESI was aware of the factual allegations against it as well as the potential theories of liability.  HESI was also aware of the evidence that purportedly supported liability as well as the evidence that established HESI's proper actions during the events leading up to the Macondo blowout.  For purposes of settlement discussions, these factors were fairly broken down into: 1) claims potentially exposing HESI to liability; and 2) HESI defenses to those claims.

---

[1] Judge Barbier entered revised Findings of Fact and Conclusions of Law on September 9, 2014.  (Rec. Doc. No. 13381).

A.     **Claims Potentially Exposing HESI to Liability**

Prior to entering the HESI SA, HESI was aware that it faced potential liability for two classes of claims: 1) the Assigned Claims; and 2) punitive damages claims. These claims existed in the context of Judge Barbier's prior summary judgment ruling that BP was required to indemnify HESI for compensatory damages even in the event HESI was found to be grossly negligent. (Rec. Doc. No. 5493).

The Assigned Claims consisted of those claims originally asserted against HESI by BP but assigned to the DHEPDS Class as part of BP's Economic and Property Damages Settlement. The Assigned Claims are detailed in Section 1.1.3 of Exhibit 21 to the DHEPDS Class settlement, attached hereto as Exhibit A. The Assigned Claims included, but were not limited to, damages for repair, replacement and/or re-drilling of the well, economic damages (including lost profits and diminution in value of the well), and all costs incurred to control and/or respond to the Macondo spill. BP also purported to assign its claims for punitive or exemplary damages against HESI. Relevant to HESI, BP expressly reserved claims for indemnification/contribution related to Clean Water Act and other fines and penalties, as well as its right to challenge Judge Barbier's prior indemnity ruling. Further, because the DHEPDS Class settlement did not involve State claims, BP retained any contribution/indemnity claims it might have related to those claims.

Regarding claims for punitive damages, HESI was aware that under Judge Barbier's earlier ruling on Motions to Dismiss relative to Bundle B-1 claims (Rec. Doc. No. 3830), HESI was only potentially liable to claimants who could satisfy the *Robins Dry Dock* requirement for standing, namely that they either held a proprietary interest in property that was physically damaged as a result of the oil spill or that they were a commercial fisherman. Thus, the universe

3

of claims for which HESI was potentially liable for punitive damages was a sub-set of claims settled by BP with the DHEPDS Class.

### B.     HESI Defenses to Claims

Following BP's settlement with the DHEPDS Class, HESI filed a series of summary judgment motions raising numerous legal defenses to both the Assigned Claims and any claims for punitive damages.  These defenses included, but were not limited to, arguments that BP's claims against HESI were not assignable, that the satisfaction of underlying claims for compensatory damages mooted any accompanying claim for punitive damages (*i.e.*, claims for punitive damages against HESI could not exist in the absence of a remaining claim for compensatory damages), that OPA displaces maritime law precluding any award of punitive damages, that gross negligence did not void BP's release of HESI for certain direct damages under the terms of the BP/HESI contract, and that BP's claims for recovery of any portion of response costs were third-party, rather than first-party, claims and thus subject to Judge Barbier's prior indemnity ruling.  HESI's summary judgment motions outlining these defenses (as well as any applicable responses) are listed below (and for convenience, are being delivered in hard copy to Judge Wilkinson):

- HESI's Motion for Summary Judgment On the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages (Rec. Doc. No. 8267);

- HESI's Motion for Summary Judgment On the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims (Rec. Doc. No. 8268);

- Plaintiffs' Opposition to Halliburton's Motions for Partial Judgment on the Pleadings (Rec. Doc. No. 10187)

- BP's Combined Opposition to (i) Transocean's Motion for Partial Judgment on the Pleadings as to Claims Assigned Under Settlement Agreement and (ii) Halliburton's Motion  for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims (Rec. Doc. No. 10203);

4

- The State of Alabama's Opposition to the Transocean and Halliburton Motions for Judgment on Punitive Damages Claims (Rec. Doc. No. 10205);

- BP Defendants' Combined Opposition to Transocean's Motion for Partial Judgment on the Pleadings as to Punitive Damages and Halliburton Energy Services, Inc.'s Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages (Rec. Doc. No. 10210);

- HESI's Reply in Support of Motion for Summary Judgment On the Pleadings or Alternative Motion for Summary Judgment Regarding Punitive Damages (Rec. Doc. No. 10287);

- HESI's Reply in Support of Motion for Summary Judgment On the Pleadings or Alternative Motion for Summary Judgment Regarding BP's Assignment of Claims (Rec. Doc. No. 10288); and

- HESI's Motion for Partial Summary Judgment (addressing the impact of a gross negligence finding on the release of damages provision in the BP/HESI contract) (Rec. Doc. No. 10548).

In addition to these legal defenses, and based upon its involvement in pre-trial discovery and the Phase One and Phase Two trials, HESI also knew that there was evidence supporting a conclusion that HESI was not grossly negligent, and that in the absence of a gross negligence finding, neither the Assigned Claims nor the claims for punitive damages would be viable as there would be no basis for voiding the release language in the BP/HESI contract and no basis for an award of punitive damages.

**IV.   Settlement Considerations**

As set out above, at the time of its settlement, HESI was aware of both the claims and evidence against it, as well as the defenses and evidence in its favor.  In making its decision to settle both the Assigned Claims and the punitive damages claims, HESI considered, among other things: 1) the complexity, expense, and likely duration of the litigation, including delays in litigation, and the risk of reversal of trial court rulings on appeal; 2) the stage of the litigation and amount of discovery and testimony completed; 3) the burdens of litigation; 4) the potential for HESI or Plaintiffs prevailing on the merits; and 5) the range of possible recovery and certainty of

5

damages. After considering these factors, and others, HESI determined that it was in its best interest to compromise and settle the Assigned Claims and the punitive damages claims.[2]

        Respectfully Submitted,

### GODWIN PC

By: */s/ Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
DGodwin@GodwinLaw.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinLaw.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinLaw.com
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
AYork@GodwinLaw.com
Misty Hataway-Coné
State Bar No. 24032277
MCone@GodwinLaw.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

---

[2] Contemporaneously with this public filing, and as requested at the October 8, 2015 Status Conference, HESI is also providing certain *in camera* materials to Judge Wilkinson regarding the HESI SA.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Company and Halliburton Energy Services, Inc.'s Submission to Allocation Neutral will be served on all Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 12th day of November 2015.

/s/ Donald E. Godwin

2712977 v1-24010/0002 PLEADINGS