UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>HONORABLE JUDGE BARBIER<br><br>MAGISTRATE JUDGE WILKINSON |
| Applies to: Nos. 12-970, 15-4143, 15-4146 & 15-4654 | | |

**TRANSOCEAN'S SUBMISSION REGARDING ALLOCATION OF AGGREGATE SETTLEMENT PAYMENT**

Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH (collectively "Transocean") respectfully submit this statement and accompanying exhibits in response to the Court's October 8, 2015 order regarding the allocation of the Aggregate Payment made under Transocean's Settlement Agreement.[1]  In accordance with Magistrate Wilkinson's directive in his October 8, 2015 Minute Entry (Rec. Doc. 15459), a copy of this filing is to be forwarded to Magistrate Wilkinson.

Transocean settled with the PSC in May 2015, eight months after the Phase One trial ruling and just before the PSC was scheduled to file its opening brief in its appeal from the Phase One ruling.  This submission describes (1) the status of the plaintiffs' claims against Transocean at the time of settlement and (2) the structure of the Transocean-PSC settlement.

Transocean addresses additional questions regarding the settlement in its supplemental under seal and *in camera* submission.

---

[1] Contemporaneously with this public filing, and as requested at the October 8, 2015 Status Conference, Transocean is also providing certain in camera materials to Judge Wilkinson.

28455319.4                                                   1

I.   **Status of Claims at the Time Transocean Settled**

   A.   **Pretrial Rulings**

Two pretrial rulings are particularly relevant to the settled claims.

First, in 2011 the Court denied the defendants' motions to dismiss general maritime law punitive damages claims in the "B1" Master Complaint.  (Rec. Doc. 3830 at 26-27 [Exhibit 1].)  The B1 complaint alleged economic and property damages claims from the spill and sought both punitive and compensatory damages.  The Court found that plaintiffs with standing under *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927), could pursue punitive damages claims under general maritime law against the defendants, rejecting the defendants' arguments that federal Oil Pollution Act (OPA) displaced these claims. (Rec Doc. 3830 at 26-27.)

Second, in January 2012, the Court ruled that, unless Transocean was found at trial to have committed a core breach of the Drilling Contract between BP and Transocean, BP owed Transocean indemnity for compensatory damages claims by third-parties alleging damage from oil originating below the surface of the water, but that BP did not owe any indemnity for punitive damages claims. (Rec. Doc. 5446 at 18-19 [Exhibit 2].)  The Court made a similar ruling with respect to BP's indemnity obligations to Halliburton.  (Rec. Doc. 5493.)

   B.   **BP-PSC Settlement**

In February 2012, just before the originally scheduled Phase One trial, BP settled with the private plaintiffs represented by the PSC.  This *Deepwater Horizon* Economic and Property Damages Settlement resolved most of the private claims for compensatory and punitive damages against BP.  (As amended, Rec. Doc. 6430.)  As part of the agreement, the *Deepwater Horizon* Economic and Property Damages Settlement Class ("DHEPDS Class") agreed that its claims for

compensatory damages against Transocean and Halliburton were satisfied, but class members reserved their claims for punitive damages against Transocean and Halliburton. (Rec. Doc. 6430 at 12; Rec. Doc. 6430-39 at 1 [Exhibit 21 to BP-PSC settlement, attached hereto as Exhibit 3].)

BP also assigned to the DHEPDS Class the following BP claims against Transocean and Halliburton:

1. "All damages related to the repair, replacement, and/or re-drilling of the MC-252 Well";

2. "All economic damages for the loss of the MC-252 Well, including lost profits, lost hydrocarbons, and diminution in value of the leasehold";

3. "All costs that BP incurred to control the MC-252 Well and/or to respond to, contain, and/or clean up the DWH Spill";

4. "All rights to indemnity, contribution, or subrogation for claims paid by BP and/or the GCCF [Gulf Coast Claims Facility] on or before the entry of the Preliminary Approval Order…";

5. "All claims or causes of action to pursue reimbursement of Settlement Payment(s) under theories of indemnification, contribution, subrogation, or any other theory of recovery"; and

6. "All punitive, exemplary, multiple, or non-compensatory damages."

(Rec. Doc. 6430-39, ¶¶ 1.1.3.1-6.) BP retained all claims not expressly assigned. (*Id.* ¶ 1.1.4.)

Some of the assigned claims are "direct" claims against Transocean and Halliburton for damages allegedly incurred by BP itself—for example, the claim for economic damages for the loss of the MC-252 Well. Others of these claims are "contribution" claims to recover payments that BP had made to third parties—for example, the claim to recover payments BP had made to claimants through the Gulf Coast Claims Facility or under the BP-PSC settlement itself.

28455319.4                                    3

### C. The Phase One Ruling

The Phase One ruling found that Transocean was negligent, but not grossly negligent and therefore was not liable for punitive damages under general maritime law. (As amended, Rec. Doc. 13381-1, ¶¶ 549-557.)

Referring back to the Court's pretrial indemnity ruling, the Phase One ruling stated that the Court "had previously indicated that grossly negligent conduct by Transocean or Halliburton would invalidate the release (but not an indemnity) contained in their respective contracts with BP." (Rec. Doc. 13381-1 ¶ 583 [citing Rec. Doc. 5446].) The finding that Transocean was not grossly negligent led the Court to conclude that BP's contractual obligations to indemnify Transocean for compensatory damages claims by third parties and to release BP's direct claims against Transocean were valid and enforceable. (*Id.* ¶ 585.)

## II. Transocean-PSC Settlement

On May 29, 2015, Transocean and the PSC filed their settlement agreement. (Rec Doc. 14644-1.) The settlement was filed just before the PSC was scheduled to file its opening brief in U.S. Court of Appeals for the Fifth Circuit challenging the Phase One ruling.

Transocean agreed to make an Aggregate Payment of $211,750,000 to be divided by a Court-appointed allocation neutral between two classes of claimants: (1) a new class of private plaintiffs, businesses, and local governments who could have asserted punitive damages claims against Transocean under general maritime law; and (2) the DHEPDS Class previously certified as part of the BP-PSC settlement, which holds the claims assigned by BP. (*Id.* at 4-7, 17-20.) Transocean's settlement agreement is structured almost identically to the PSC's earlier settlement with Halliburton. (As amended, Rec. Doc. 15322-1.) Both Transocean and

Halliburton agreed that their respective aggregate payments would be allocated by a court-appointed neutral between the same two classes.

In response to the Allocation Neutral's questions regarding the settlement, Transocean is submitting, under seal and *in camera*, a supplemental memorandum that reflects privileged attorney work product and confidential settlement communications.

Respectfully submitted,

| | |
|---|---|
|   s/ Brad D. Brian |   s/ Steven L. Roberts |
| Brad D. Brian | Steven L. Roberts |
| Daniel B. Levin | SUTHERLAND ASBILL & BRENNAN LLP |
| MUNGER TOLLES & OLSON LLP | 1001 Fannin Street, Suite 3700 |
| 355 So. Grand Avenue, 35th Floor | Houston, TX  77002 |
| Los Angeles, CA  90071 | Tel:  (713) 470-6100 |
| Tel:  (213) 683-9100 | Fax:  (713) 354-1301 |
| Fax:  (213) 683-5180 | Email: steven.roberts@sutherland.com, |
| Email: brad.brian@mto.com | |
|        daniel.levin@mto.com | |
| |   s/ Kerry J. Miller |
| | Kerry J. Miller |
| | BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC |
| | 201 St. Charles Avenue, Suite 3600 |
| | New Orleans, LA  70170 |
| | Tel:  (504) 566-8646 |
| | Fax:  (504) 585-6946 |
| | Email: kjmiller@bakerdonelson.com |

**ATTORNEYS FOR TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., TRANSOCEAN DEEPWATER INC., TRANSOCEAN HOLDINGS LLC, AND TRITON ASSET LEASING GmbH**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Transocean's Submission Regarding Allocation of Aggregate Settlement Payment will be served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 13th day of November, 2015.

                                                      /s/ Kerry J. Miller