# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig *"Deepwater Horizon"* in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J |
| This document applies to: *All Cases* | * * * * * * | HONORABLE CARL J. BARBIER MAGISTRATE JUDGE SHUSHAN |

## PLAINTIFFS' OPPOSITION TO TRANSOCEAN'S MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiffs, including, but not limited to, the formally certified and approved Economic & Property Damages Class, through undersigned Liaison Counsel, Class Counsel, and members of the Plaintiffs' Steering Committee, respectfully submit the following Opposition to: **(i)** Transocean's Motion for Partial Judgment on the Pleadings as to Punitive Damage Claims [Rec. Doc. 8105]; **(ii)** Transocean's Motion for Partial Judgment on the Pleadings as to Claims Based on Subsurface Discharge of Oil [Rec. Doc. 8106]; and **(iii)** Transocean's Motion for Partial Judgment on the Pleadings as to Claims Assigned Under Settlement Agreement [Rec. Doc. 8120]:[1]

MAY IT PLEASE THE COURT:

Initially, the plaintiffs would respectfully suggest that consideration of these motions is premature, as **(i)** the motions ultimately deal with only *quantum* issues, and do not directly bear on the liability issues to be determined by the Court in Phase One (or Phase Two), and **(ii)** the

---

[1] Plaintiffs further adopt and incorporate fully their OPPOSITION TO HALLIBURTON'S MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS.


EXHIBIT D

## Overview of Existing Claims

Plaintiffs believe that it is likely helpful, at the outset, to review the sets of claims that currently exist against Transocean, in light of the BP Class Settlements and the controlling Orders of the Court:

I.  **Economic & Property Damage Settlement Class Claims**

    a.    BP's Claim for Its Own Compensatory Damages suffered by BP

> Including claims for BP's own direct "first-party" damages, such as loss of the well, loss of production, the costs of drilling the relief wells, clean-up and response costs incurred;
>
> Assigned to and Asserted by the Class (Trust) as a whole; and,
>
> Available if Class (Trust) Establishes "Gross Negligence" [7, 8] and/or "core" Contractual Breach [9]

    b.    BP's Claim for Punitive Damages

> Assigned to and Asserted by the Class (Trust) as a whole; and,
>
> Available upon Showing of "Gross Negligence"

---

[7] *See* ORDER AND REASONS [Doc 5446] (Jan. 26, 2012), at pp.13-14; *citing*, Houston Exploration v. Halliburton, 269 F.3d 528 (5th Cir. 2001); Todd Shipyards v. Turbine Service Inc, 647 F.3d 401, 411 (5th Cir. 1982); Royal Ins Co v. Southwest Marine, 194 F.3d 1009, 1016 (9th Cir. 1999); La Esperanza de PR v. Perez Cia de Puerto Rico, 124 F.3d 10, 19 (1st Cir. 1997) (a *release* is invalid as to gross negligence, reckless conduct and/or intentional acts).

[8] Plaintiffs note that, unlike the claim for punitive damages, which arguably needs to satisfy the *P&E Boat Rentals* showing of knowledge, participation or ratification by management of the company, Plaintiffs submit that any grossly negligent or reckless conduct (even if only "operational") is sufficient to invalidate the release as a matter of public policy.

[9] *See* ORDER AND REASONS [Doc 5446] (Jan. 26, 2012), at pp.25, 29 (Court defers ruling on whether a "core" breach of the drilling contract that materially increased the risk to BP might invalidate release and/or indemnity).

    c.    Classmembers' Expressly Reserved Punitive Damage Claims [10]

        Asserted by Classmembers with *Robins Dry Dock* Standing Individually; and,

        Available if Classmember Establishes "Gross Negligence"

## II. Private Economic Opt Out and Excluded Claims

    For Compensatory and Punitive Damages;

    Available to Plaintiffs with *Robins Dry Dock* Standing;

    Compensatory Damages Indemnified by BP; [11] and,

    Punitive Damages Available upon Showing of "Gross Negligence"

## III. Personal Injury Claims

    a.    Medical Benefits Classmembers' Expressly Reserved Claims for Punitives

    b.    Personal Injury Claims of Opt Outs and/or People Not Covered by Class

        For Compensatory and Punitive Damages;

        Compensatory Damages Indemnified by BP; and,

        Punitive Damages Available upon Proof of "Gross Negligence"

## IV. Local Government Claims

    For Compensatory and Punitive Damages;

    Available to Government Entities with *Robins Dry Dock* Standing;

    Compensatory Damages Indemnified by BP; and,

    Punitive Damages Available upon Proof of "Gross Negligence"

## V. State Claims

---

[10] *See* B1 ORDER [Doc 3830], pp.26-27, 38 (OPA does not displace punitive damage claims); ORDER AND REASONS [Doc 5446] (Jan. 26, 2012), at pp.19, 29 (indemnity does not apply to punitive damage claims).

[11] *See generally*, ORDER AND REASONS [Doc 5446] (Jan. 26, 2012), at pp.18, 29; *but see:* pp.25, 29 (re potential "core" contractual breach).

(*i.e.,* presentment);[21] and **(ii)** The Court has found, and Transocean has in fact conceded, that Transocean is not an OPA Responsible Party with respect to *subsurface* discharge.[22]

While Transocean may be effectively relieved of its financial responsibility by virtue of the indemnity provisions found within the Drilling Contract, Transocean is nevertheless liable for compensatory damages under General Maritime Law to many Plaintiffs in the first instance.

Transocean is also responsible, under OPA's scheme, for contribution with respect to the compensatory damages paid to plaintiffs. *See* 33 U.S.C. §§2709 and 2715(a). Again, Transocean is only effectively relieved of this financial responsibility by virtue of the contractual indemnity agreement; *not* as a matter of law.

Moreover, with respect to the assigned BP compensatory damage claim, this Court has held that *Houston Exploration v. Halliburton* "makes clear that [the defendant tortfeasor's] gross negligence will invalidate a release." *See* ORDER AND REASONS [Doc 5446] (Jan. 26, 2012), at pp.13-14; *citing,* Houston Exploration v. Halliburton, 269 F.3d 528 (5th Cir. 2001); Todd Shipyards v. Turbine Service Inc, 647 F.3d 401, 411 (5th Cir. 1982); Royal Ins Co v. Southwest Marine, 194 F.3d 1009, 1016 (9th Cir. 1999); La Esperanza de PR v. Perez Cia de Puerto Rico,

---

[21] *See* B1 ORDER [Doc 3830], p.38 ("As to Responsible Parties, OPA does displace general maritime law claims against Responsible Parties, **but *only* with regard to *procedure* (i.e., OPA's presentment requirements)**") (emphasis supplied); *see also,* B1 ORDER, at p.26 ("Claimants' maritime causes of action against a Responsible Party are displaced by OPA, **such that all claims against a Responsible Party for damages covered by OPA must comply with OPA's presentment procedure**") (emphasis supplied); *see also,* ORDER AND REASONS (Feb. 22, 2012) [Doc 5809], p.15 n.20 ("**OPA's scheme merely establishes who will be liable for oil pollution under the Act; it expressly states that it does not affect maritime law or jurisdiction.** Therefore, nothing in this Order affects the Court's previous holdings regarding admiralty jurisdiction, etc") (emphasis supplied).

[22] ORDER AND REASONS (Feb. 22, 2012) [Doc 5809]. pp.14-15 (Transocean "is not a responsible party under OPA for the discharge that occurred below the surface of the water"); MEMORANDUM IN SUPPORT OF MOT FOR PARTIAL JUDGMENT ON PLEADINGS [Doc 8106-1], p.4 ("Transocean is *not* a responsible party for discharge below the surface of the water").

11

124 F.3d 10, 19 (1st Cir. 1997).[23] Hence, a showing of gross negligence would invalidate the drilling contract's release provisions with respect to BP's first-party compensatory damage claims.[24]

**The Economic & Property Damages Settlement Preserves Punitive Damage Claims**

First, it is important to recognize that the settlement does not in any way affect the punitive damage claims of personal injury plaintiffs or of economic plaintiffs who are not members of the Class (*e.g.*, opt outs, local governments, other excluded persons and entities). In addition, the Settlement vests the Class as a whole with BP's punitive damage claim against Transocean, (which is not released nor indemnified under the Drilling Contract).

Yet, even with respect to the reserved claims of settling classmembers, these are *not* "stand-alone" claims for punitive damages, where the plaintiff has either not asserted or been unable to established a cause of action against the defendant for compensatory damages.[25]

---

[23] *See also*, PROSSER & KEETON ON TORTS (5th ed. 1984) at 484 ("[Exculpatory] agreements generally are not construed to cover the more extreme forms of negligence, described as willful, wanton, reckless, or gross, or to any conduct which constitutes an intentional tort"); 6A CORBIN ON CONTRACTS (1962 ed.) §1472 ("It is generally held that those who are not engaged in public service may properly bargain against liability for harm caused by their ordinary negligence in performance of contractual duty; but such an exemption is always invalid if it applies to harm willfully inflicted or caused by gross or wanton negligence"); Robertson & Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 36 Tul. Mar. L.J. 425, 454-455 (2012) ("it is ordinarily against public policy to try to contract out of responsibility for conduct any more blameworthy than mere negligence"); *see also*, Engerrand, *Indemnity for Gross Negligence in Maritime Oilfield Contracts*, 10 LOY. MAR. L.J. 319, 356 & n.200 (2012) (explaining and upholding "the vital distinction between exculpation and indemnification").

[24] Plaintiffs note, in this respect, that unlike the claim for punitive damages, which arguably needs to satisfy the *P&E Boat Rentals* showing of knowledge, participation or ratification by the company's management, Plaintiffs submit that any grossly negligent or reckless conduct (even if only "operational") is sufficient to invalidate the release as a matter of public policy.

[25] *See, e.g.*, Mullins v. TestAmerica Inc, 564 F.3d 386, 417 (5th Cir. 2009) (punitive damages could not be awarded where compensatory damages were not "requested or awarded"); Lanier v. Sallas, 777 F.2d 321, 325 (5th Cir. 1985) (under Texas law, punitive damages are limited to cases where "actual compensatory damages are found"); Alcorn County MS v. U.S. Interstate Supplies, 731 F.2d 1160, 1169-1171 (5th Cir. 1984) (under Mississippi law, a punitive damage claim was not available where the underlying claim was in equity); Vidrine v. Enger, 752 F.2d 107, 110 (5th Cir. 1984) (a punitive damage claim could not proceed under Mississippi law where the underlying cause of action was barred by the statute of limitations); Virgilio v. City of New York, 407 F.3d 105,