UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "DEEPWATER HORIZON" in the Gulf of Mexico, on April 20, 2010<br><br>These Pleadings apply to: *All Cases*<br><br>(Including Nos. 10-2771 and 10-4536) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SUSHAN |

**PROPOSED FINDINGS AND CONCLUSIONS**

[Phase One Limitation and Liability Trial]

Plaintiffs and Claimants-in-Limitation, including the State of Alabama and the State of Louisiana, through Plaintiffs' Co-Liaison Counsel, Coordinating Counsel for the States, the Plaintiffs' Steering Committee, and the PSC Phase One Trial Team, respectfully submit the following joint Proposed Findings and Conclusions, in accordance with the Court's Order of April 24, 2013 [Doc 9536]:[1]

**MAY IT PLEASE THE COURT:**

---

[1] Consistent with the Court's Order, the Plaintiff Steering Committee, the Attorney General of Alabama and the Attorney General of Louisiana will each also be submitting a POST-TRIAL BRIEF. Plaintiffs respectfully incorporate such POST-TRIAL BRIEFS in further support of the Proposed Findings and Conclusions set forth for the Court's consideration herein.

EXHIBIT K

led to the disaster of April 20, 2010, which Larry McMahan, Transocean's Vice President, Operations and Performance, agreed was a "train wreck of the largest magnitude."[664]

For the above and foregoing reasons, the Court finds that Transocean Management itself exhibited a willful and reckless disregard to the serious and ongoing training issues across the company and the maintenance issues on the DEEPWATER HORIZON, and that the willful and wanton conduct of Transocean managerial and other personnel stemmed from corporate culture and policy, or was otherwise known to, approved by, or subsequently ratified by corporate officials with policymaking authority.

## FINDINGS AND CONCLUSIONS REGARDING BP'S WILLFUL AND RECKLESS DISREGARD

BP Management and personnel exhibited willful and reckless disregard for public health and safety which directly and proximately caused and contributed to the blowout, explosions, fire, and sinking of the DEEPWATER HORIZON. Such willful and reckless disregard caused, contributed to, and is evidenced by, among other things:

- Engaging in fast and reckless drilling, with little or no regard to the drilling margin, despite multiple kicks, and in violation of the MMS Regulations requiring a Safe Drilling Margin;

- Creating, maintaining and largely ignoring a dangerously dysfunctional leadership team, which embraced the corporate culture of cutting costs and maximizing profits;

- Proceeding with the cement job without a set of reliable test results confirming the slurry's stability;

- Proceeding with the displacement despite a failed negative pressure test;

---

[664] McMahan, p.214:5-11.

- Selecting, configuring, sequencing, modifying, and refusing to upgrade the safety critical BOP, which was not sufficient or appropriate for the Macondo well; and,

- Knowingly refusing to correct Transocean's persistent maintenance failures of safety critical equipment on the DEEPWATER HORIZON.

*BP Willfully Engaged in Fast and Reckless Drilling Which Was A Significant Contributing Factor in the Blowout*

The Court has considered, in addition to other evidence on this issue, the expert opinions of Andrew Hurst, Alan Huffman, Gene Beck, Richard Strickland and Ted Bourgoyne. It is the conclusion of the Court that, especially given the very high risk associated with the area in which BP was drilling, BP's drilling of this well was reckless and some of the information provided to the MMS was intentionally inaccurate, misleading and incomplete.

Dr. Andrew Hurst, professor of petroleum geology and geoscience at the University of Aberdeen, testified that the Mississippi Canyon area of the Gulf of Mexico is very fragile,[665] has abundant seismic activity (including a 2006 earthquake in the area),[666] and has anomalously low fracture gradients of leak off pressures.[667] The result is that "extreme caution" is required when designing drilling programs.[668]

> Q. Does this area, particularly in the knowledge of an earthquake in relative recent occurrence, call for a particularly high degree of care in developing the wellbore?
>
> A. I would say a *very high degree of caution*.[669]

The Macondo well formation was under 5,000 feet of water and another 13,000 feet of earth in a formation known for being a high pressure, high temperature, and most importantly, an

---

[665] Hurst Testimony, p.1531:8-12.
[666] Hurst Testimony, pp.1529:13-1531:7; 1536:23-1537:3; 1543:2-16.
[667] Hurst Testimony, pp.1538:20 - 1541:15.
[668] Hurst Testimony, pp. 1543:2-6 (emphasis added).
[669] Trial Testimony A. Hurst, p. 1552:20-23.