UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| This Filing Applies to: | JUDGE BARBIER |
| Nos. 13-706, 13-810, 13-1143, 13-1185, 13-1222, 13-1386 and 13-2006[1] | MAGISTRATE JUDGE SHUSHAN |

ORDER

[OPA Test Cases – Conference on Friday, November 13, 2015]

On November 13, 2015, there was a conference. Present were Duke Williams and Paul Sterbcow for the plaintiffs and Matt Regan for BP.

The OPA Test Cases were reviewed. The parties shall concentrate on the claims of three plaintiffs: Bisso Marine Company, Inc.; Wadleigh Industries, Inc.; and Blake International USA Rigs, LLV.

1. **Bisso**.

Document production for Bisso was certified as complete. Bisso shall promptly: (1) resolve clawback issues; (2) complete privilege logs; and (3) amend its responses to BP's interrogatories.

The parties shall meet-and-confer to schedule depositions of Bisso witnesses in January followed by depositions of BP's witnesses.

---

[1] The OPA Causation Test Cases are:

Bisso Marine Company, Inc. v. BP Exploration & Production, Inc., 13-0706.
Wadleigh Industries, Inc. v. BP Exploration & Production, Inc., et al, 13-0810.
Certified Platform Services, LLC v. BP Exploration & Production, Inc., 13-1143.
Blake International USA Rigs, LLV v. BP Exploration & Production, Inc., et al, 13-1185.
Trinity Offshore, LLC v. BP Exploration & Production, Inc., et al, 13-1222.
Seahawk Liquidating Trust, et al v. BP Exploration & Production Inc., et al, 13-1386.
Black Elk Energy Offshore Operations, LLC v. BP Exploration & Production, Inc., et al, 13-2006.

2. **Wadleigh and Blake**.

Document production for Wadleigh and Blake is not complete. Their document production will be smaller than Bisso. Wadleigh and Blake shall: (1) complete their document production as promptly as possible, including preparation of privilege logs; and (2) amend their responses to BP's interrogatories.

3. **Stipulations**.

The parties shall work on stipulations.

4. **Prior Motions**.

The parties shall file Rule 12 motions to dismiss as follows:

   a. BP shall file a motion contending that the Moratoria claims must be dismissed for failure to state an OPA claim.[2] The issue to be presented is whether BP can be held liable for damages flowing from government instituted actions such as imposition of a drilling moratorium or the government's refusal to issue drilling permits.

   b. The plaintiffs shall re-urge their motion to strike affirmative defenses, particularly any alleged "superseding cause" defense premised on governmental action or inaction following the spill.[3]

The parties shall file these motions by **Wednesday, December 16, 2015**. The oppositions shall be filed by **Wednesday, January 6, 2016**. The replies shall be filed by **Wednesday, January 20, 2016** following which the motions will be under submission.

---

[2] A motion raising this issue was originally filed by Transocean (Rec. doc. 1390 at p. 12); opposed by the PSC (Rec. doc. 1821 at p. 66); Transocean filed a reply (Rec. doc. 2188 at p. 16); and BP filed a reply (Rec. doc. 2312 at p. 19).

[3] The memorandum in support of this motion was filed on July 7, 2014 (Rec. doc. 13108-1); BP's opposition was filed on August 6, 2014 (Rec. doc. 13269); the plaintiffs' reply was filed on August 20, 2014 (Rec. doc. 13302).

5. **Cross-Motions for Summary Judgment**.

Following resolution of the motions itemized in paragraph 4, the Court may order the parties to file cross-motions for summary judgment in the three Test Cases regarding any remaining issues.

6. **Next Conference**.

There will be a further telephone conference on **Monday, November 30, 2015, at 11:00 a.m**. The Court will provide the dial-in information.

New Orleans, Louisiana, this 19th day of November, 2015.

                              SALLY SHUSHAN
                              United States Magistrate Judge