UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
| | * | SECTION J |
| "Deepwater Horizon" in the Gulf | * | JUDGE BARBIER |
| | * | MAG. JUDGE SUSHAN |
| of Mexico, on April 20, 2010 | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT RELEASE

**MAY IT PLEASE THE COURT:**

Claimant 100069247's Motion to Enforce Release is based on the unambiguous language of the Full and Final Release Agreement between Claimant and BP. Under the express language of the legally binding Agreement between BP and Claimant, any future court activity or decision regarding the Settlement would have no bearing on Claimant or the terms of the Release Agreement. Claimant executed the Release BEFORE any action by the Fifth Circuit. Therefore, the after-the-fact court decision has no bearing on the Full and Final Release signed by the Claimant and accepted by BP. The United States Fifth Circuit's decision in *In Re: Deepwater Horizon, Young, Johnson, et al. v. BP Exploration & Production, Inc., et al.*, 14-30269, 786 F.3d 344 (5th Cir. 2015) (hereinafter "*Young, Johnson*") mandates the enforcement of the Release between claimant and BP. Accordingly, claimant's relief should be granted.

## **THE TERMS OF THE RELEASE ARE UNAMBIGUOUS AND LEGALLY BINDING**

The Release Agreement between BP and Claimant is a "binding legal document." (See, page 2). The Agreement "**constitutes the final, complete, and exclusive agreement and understanding between BP and Claimant** and supersedes any and all other agreements, written or oral, between BP and Claimant … ." (See, page 11 of 20 (emphasis added)). The Release provides in clear unambiguous terms that once this Agreement is executed, no other after the fact court decisions have any bearing on the Claimant or the Release. Page 2 of 20 of the "Full and Final Release, Settlement, and Covenant Not to Sue" states:

> The settlement payment you have been offered arises under the auspices of the federal district court in New Orleans presiding over the multidistrict litigation titled In re Oil spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (MDL No. 2179). A class action settlement has been proposed in that case, but the Court has not yet given final approval of that proposed settlement. If the Court does approve the proposed class action settlement, an appellate court could reverse the approval. In addition, it is possible that the terms of the proposed settlement may change in the future-for better or for worse-as a result of further legal proceedings. **However, if you sign this Individual Release, none of those uncertain future events will affect you.** By signing this Individual Release you are forever waiving and releasing all claims that you may have against BP (except for Expressly Reserved Claims) in exchange for the compensation being provided. In fact, even if the Court does not approve the proposed class action settlement agreement or the approval is reversed by an appellate court, you shall continue to be bound by the Individual Release.

(See, Release, Page 2 of 20, (emphasis added). The above quoted language makes clear that regardless of anything that may transpire regarding the Settlement, in no event will any such after the fact occurrence have any bearing on the Claimant, nor the full and final release between Claimant and BP.

Additionally, Paragraph 16 of the Release entitled "**Continuing Effectiveness of Agreement**" removes any doubt about the binding effectiveness of the Agreement between the parties regardless of what action may occur after the execution of the Release. Paragraph 16 states:

> **This Individual Release shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the Released Parties in any current or future litigation.** THIS INDIVIDUAL RELEASE SHALL ALSO REMAIN EFFECTIVE REGARDLESS OF WHETHER THE SETTLEMENT AGREEMENT RESOLVING THE CLAIMS OF THE ECONOMIC CLASS IS APPROVED.

(See, paragraph 16 (emphasis added)).

These terms are unambiguous and must be enforced as written.

### CLAIMANT EXECUTED THE RELEASE PRIOR TO ANY ACTION BY THE FIFTH CIRCUIT "BEL" PANEL

Regardless of the action by the Fifth Circuit "BEL panel," that action occurred **after** the execution of the Release between Claimant and BP. As dictated by the Release, "none of those uncertain future events will effect [Claimant]." The undisputed facts are Claimant executed the Release in June, 2013 in conjunction with the Eligibility Notice issued June 19, 2013. Claimant's Post Appeal Eligibility Notice was issued September 9, 2013. The deadline for BP to seek a discretionary review of this award was within 14 days of the Notice, or September 23, 2013, **BEFORE** any action by the Fifth Circuit "BEL" panel which occurred in October 2013. BP did not seek a discretionary review of this claim. As such, the claim between Claimant and BP were resolved in September, 2013, BEFORE any

action by the Fifth Circuit. Therefore, the after-the-fact court decision has no bearing on the Full and Final Release signed by the Claimant and accepted by BP.

BP anticipated that "the terms of the proposed settlement may change in the future-for better or worse-as a result of further legal proceedings." But BP assured Claimant that "none of those uncertain future events will affect you" and that "this individual release shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the Released Parties in any current of future litigation." Regardless of the ultimate effect, if any, of the Fifth Circuit's BEL decision on the Settlement, it has no bearing on the claim at hand because Claimant has a full and final release with BP which specifically dictates so.

## ENFORCEMENT OF THE BINDING RELEASE IS WARRANTED

Regardless of what may or may not have occurred in the future with BP's multiple appeals to the Fifth Circuit, none of those after the fact events had any bearing on this Claimant and this Claim. This claim has been Settlement. A full and final Release has been executed between BP and Claimant. The terms of the Release Agreement are clear. The parties, BP and Claimant, are legally bound by the Agreement and no action, for better or worse, by any future litigation or Court can affect either party in terms of their Agreement.

Any dispute as to the finality of the Release between Claimant and BP that may have remained after the BEL panel decision and the claims administrators' arbitrary determination of which claims were "final" and which claims would be re-done under

Policy 495 is now resolved in light of the recent Fifth Circuit decision of *Young, Johnson*. Under *Young, Johnson*, which relied on the Master Settlement Agreement at issue, no other determination can be reached but that a final award was perfected by Claimant's signed release which is fully enforceable, binding, and irrevocable. *Id* at 356. ("because BP declined to appeal that offer within the fourteen-day period, both an offer and acceptance occurred." To delay the enforcement of this legally binding agreement any further is contrary to the Settlement Agreement and Fifth Circuit precedent. Claimant, whose owner is over 80 years of age, was issued an award over two years ago, and any further delay in payment in the face of the binding release language and the Fifth Circuit dictate would be unconscionable.

Accordingly, this Court should enforce the Agreement between BP and Claimant and instruct the Claims Administrator to pay this claim.[1]

Respectfully Submitted,

/s/ Robert E. Couhig Jr.
**Couhig Partners, LLC**
Robert Couhig, Jr. (Bar No. 4498)
Lisa L. Maher (Bar No. 21326)
3250 Entergy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone (504) 588-1288
FAX: (504) 588-9750
ATTORNEY FOR CLAIMANT

---

[1] To the extent this same argument is advanced in the Motion to Enforce filled on behalf of The Andry Law Firm, LLC, or other similarly situated claimants, Claimant joins in those arguments as well as the failure to honor signed releases was a systematic problem in the Settlement Program which should be addressed class-wide.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 23rd day of November, 2015.

/s/ Robert E. Couhig Jr.
Robert E. Couhig, Jr.