# J.P.M.L. 6.1(b)(4) (2015).

*LeRoy Wilson v. BP Exploration & Prod., Inc., et al.*, No. 1:15-CV-00300, (S.D. Ala.).
*MSA XXVII Motion for Settlement Costs*

*"All motions shall briefly describe the action or relief sought and shall include . . . a copy of all complaints and docket sheets for all actions listed on the Schedule . . . ." J.P.M.L. 6.1(b)(4) (2015).*

*In order to be compliant with this rule, attached is a copy of the docket and the second amended complaint, followed by the first amended complaint, and lastly the original complaint in compliance.*

- *Docket, Wilson v. BP Exploration & Prod., Inc.*, No. 15-cv-300 (S.D. Ala. Nov. 10, 2015).
- *Pl. 2nd Am. Compl., Wilson v. BP Exploration & Prod., Inc.*, No. 15-cv-300, Rec. Doc 37 (S.D. Ala. July 28, 2015).
- *Pl. Am. Compl., Wilson v. BP Exploration & Prod., Inc.*, No. 15-cv-300, Rec. Doc 20 (S.D. Ala. May 16, 2015).
- *Pl. Compl., Wilson v. BP Exploration & Prod., Inc.*, No. 15-cv-300, Rec. Doc 1 (S.D. Ala. Dec. 12, 2014).

Case 2:10-md-02179-CJB-DPC Document 15596-5 Filed 11/23/15 Page 2 of 30
Case 1:15-cv-00300-CG-C Au of 11/05/2015 03:05 PM CST Page 2

SCHEDO

## U.S. District Court
## Southern District of Alabama (Mobile)
## CIVIL DOCKET FOR CASE #: 1:15–cv–00300–CG–C

Wilson v. BP Exploration &Production, Inc. et al
Assigned to: Judge Callie V. S. Granade
Referred to: Magistrate Judge William E. Cassady
Case in other court:  Louisiana Eastern, 2:14–cv–02730
Cause: 28:1333 Marine–Personal Injury

Date Filed: 06/08/2015
Jury Demand: Plaintiff
Nature of Suit: 340 Marine
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| Leroy G Wilson, Jr. | represented by | **David Duke Kervin , Jr** |
| | | Law Office of David D. Kervin, Jr., LLC |
| | | 201 St. Charles Avenue |
| | | Suite 2500 |
| | | New Orleans, LA 70170 |
| | | 504–599–5906 |
| | | Fax: 504–754–7514 |
| | | Email: david@kervinlaw.com |
| | | *LEAD ATTORNEY* |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| BP Exploration &Production Inc | represented by | **Catherine Pyune McEldowney** |
| | | 1201 North Market St., Suite 900 |
| | | Wilmington, DE 19801 |
| | | (302) 425–5177 |
| | | *TERMINATED: 06/16/2015* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Don Keller Haycraft** |
| | | Liskow &Lewis |
| | | 701 Poydras Street, Suite 5000 |
| | | New Orleans, LA 70139 |
| | | 504–556–4128 |
| | | Email: dkhaycraft@liskow.com |
| | | *TERMINATED: 06/16/2015* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Harlan I. Prater , IV** |
| | | Lightfoot, Franklin &White |
| | | 400 North 20th Street |
| | | Birmingham, AL 35203 |
| | | 205–581–0700 |
| | | Fax: 2055810799 |
| | | Email: hprater@lfwlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **William H. Brooks** |
| | | Lightfoot, Franklin &White, L.L.C. |
| | | 400 North 20th Street |
| | | Birmingham, AL 35203 |
| | | 205–581–0758 |
| | | Fax: 205–581–0799 |
| | | Email: wbrooks@lightfootlaw.com |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Sanders Willson**
400 20th St. N.
Birmingham, AL 35203
205−581−1507
Email: bwillson@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**Kevin Michael Hodges**
Williams &Connolly, LLP
725 12th St., N. W.
Washington, DC 20005−5901
202−434−5221
*TERMINATED: 06/16/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

| **BP America Production Company** | represented by | **Catherine Pyune McEldowney**<br>(See above for address)<br>*TERMINATED: 06/16/2015*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

**Don Keller Haycraft**
(See above for address)
*TERMINATED: 06/16/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harlan I. Prater , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William H. Brooks**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Sanders Willson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Michael Hodges**
(See above for address)
*TERMINATED: 06/16/2015*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/14/2015 | 43 | SCHEDULING ORDER: Pretrial Conference set for 2/13/2017 at 09:00 AM before Judge Callie V. S. Granade. Amended Pleadings due by 12/7/2015. Discovery cutoff 10/3/2016. Motions due by 10/3/2016. Jury Selection set for 3/7/2017 at 08:45 AM. Trial set during the month of March 2017, the specific date to be set at the Final Pretrial Confernce. ETT: 8 Days. Position Regarding Settlement due by 10/3/2016. Signed by Magistrate Judge William E. Cassady on 8/14/2015. (Attachment: # 1 Standing Order Governing Final Pretrial Conferences) (tot) (Entered: 08/17/2015) |
| 08/12/2015 | | Minute Entry for proceedings held before Magistrate Judge William E. Cassady: Scheduling Conference held on 8/12/2015. FTR Digital Audio Recording. (eec) |

| | | (Entered: 08/12/2015) |
|---|---|---|
| 08/11/2015 | 41 | ANSWER to 37 Amended Complaint by BP America Production Company, BP Exploration &Production Inc. (Prater, Harlan) (Entered: 08/11/2015) |
| 08/05/2015 | 40 | ENDORSED ORDER, GRANTING 39 Motion for Extension of Time; and EXTENDING the deadline for BP America Production Company and BP Exploration &Production Inc to respond to the 37 Second Amended Complaint to 8/11/2015. Signed by Judge Callie V. S. Granade on 8/5/2015. (mab) (Entered: 08/05/2015) |
| 08/04/2015 | | REFERRAL OF 39 MOTION for Extension of Time to File Answer to Second Amended Complaint to Judge Granade. (tot) (Entered: 08/04/2015) |
| 08/04/2015 | 39 | The BP Parties' Motion for an Extension of Time, filed by BP America Production Company, and P Exploration &Production Inc. (Prater, Harlan) (Entered: 08/04/2015) |
| 07/29/2015 | | Set/Reset Hearings: Scheduling Conference set for 8/12/2015 at 11:00 AM in US Courthouse, Courtroom 3A, 113 St. Joseph Street, Mobile, AL 36602 before Magistrate Judge William E. Cassady – See Doc. 38. (tot) (Entered: 07/30/2015) |
| 07/29/2015 | 38 | Order. This action is scheduled for a Rule 16 Conference on August 12, 2015 at 11:00 am in Courtroom 3A, United States Courthouse, Mobile, Alabama. Signed by Magistrate Judge William E. Cassady on 7/29/2015. (Cassady, William) (Entered: 07/29/2015) |
| 07/28/2015 | 37 | AMENDED COMPLAINT (Second) against All Defendants, filed by Leroy G Wilson, Jr. (Attachments: # 1 Exhibit Amended Medical Settlement Agreement) (Kervin, David) (Entered: 07/28/2015) |
| 07/28/2015 | | REFERRAL OF 36 Notice of Endorsement to Judge Cassady. (tot) (Entered: 07/28/2015) |
| 07/28/2015 | 36 | NOTICE of Endorsement by Leroy G Wilson, Jr re: 35 Report of Rule 26(f) Planning Meeting (Kervin, David) (Entered: 07/28/2015) |
| 07/28/2015 | | REFERRAL OF 35 Report of Rule 26(f) Planning Meeting to Judge Cassady. (tot) (Entered: 07/28/2015) |
| 07/27/2015 | 35 | REPORT of Rule 26(f) Planning Meeting . (Willson, Benjamin) (Entered: 07/27/2015) |
| 07/21/2015 | 34 | Order, Plaintiff is ORDERED to file a second amended complaint, as set out in Order, by 7/28/15. Defendants are ORDERED to file answer, as set out in order, by 8/4/2015. Signed by Judge Callie V. S. Granade on 7/21/2015. (mab) (Entered: 07/21/2015) |
| 06/26/2015 | 33 | ORDER on 31 , 30 Corporate Disclosure Statements filed by BP America Production Company, BP Exploration &Production Inc. A review does not reveal any reason to believe that there are potential conflicts of interest that would require recusal in this action. Signed by Magistrate Judge William E. Cassady on 6/26/2015. (tot) (Entered: 06/26/2015) |
| 06/26/2015 | 32 | Document endorsed NOTED by Judge Callie V. S. Granade: Corporate Disclosure Statement 31 filed by BP America Production Company, Corporate Disclosure Statement 30 filed by BP Exploration &Production Inc (mks) (Entered: 06/26/2015) |
| 06/26/2015 | 31 | Corporate Disclosure Statement filed by Defendant BP America Production Company. (Prater, Harlan) (Entered: 06/26/2015) |
| 06/26/2015 | 30 | Corporate Disclosure Statement filed by Defendants BP Exploration &Production Inc, BP p.l.c. identifying Corporate Parent BP p.l.c. for BP Exploration &Production Inc.. (Prater, Harlan) (Entered: 06/26/2015) |
| 06/17/2015 | 29 | ORDER granting 27 Motion to Appear Pro Hac Vice for David D. Kervin, Jr.. Signed by Magistrate Judge William E. Cassady on 6/17/2015. copies to parties. (sdb) (Entered: 06/17/2015) |

| 06/16/2015 | 28 | ENDORSED ORDER, GRANTING 26 Motion to Withdraw and Substitute Counsel of Record. (Attorneys Harlan I. Prater, IV, William H. Brooks, and Benjamin S. Willson added for BP America Production Company and BP Exploration &Production Inc. Attorneys Catherine Pyune McEldowney, Don Keller Haycraft, and Kevin Michael Hodges terminated as counsel for BP America Production Company and BP Exploration &Production Inc.) Signed by Judge Callie V. S. Granade on 6/16/2015. (mab) (Entered: 06/16/2015) |
|---|---|---|
| 06/16/2015 | | MOTIONS REFERRED: 27 MOTION for David D. Kervin, Jr. to Appear Pro Hac Vice ( Filing fee $ 50, Receipt number 1128−1754855, Online Credit Card Payment.) with application and certificate of good standing attached. Referred to Judge William E. Cassady. (mab) (Entered: 06/16/2015) |
| 06/16/2015 | | MOTIONS REFERRED: 26 Motion to Withdraw and Substitute Counsel of Record Referred to Judge Callie V. S. Granade. (mab) (Entered: 06/16/2015) |
| 06/16/2015 | 27 | MOTION for David D. Kervin, Jr. to Appear Pro Hac Vice ( Filing fee $ 50, Receipt number 1128−1754855, Online Credit Card Payment.) by Leroy G Wilson, Jr. (Attachments: # 1 Exhibit Attorney Admission Application, # 2 Exhibit Cert of good standing) (kervin, David) (Entered: 06/16/2015) |
| 06/16/2015 | 26 | MOTION to Withdraw and Substitute Counsel of Record by BP America Production Company, BP Exploration &Production Inc. (Willson, Benjamin) Modified on 6/16/2015 (mab). (Entered: 06/16/2015) |
| 06/11/2015 | 25 | PRELIMINARY SCHEDULING ORDER entered. Rule 26 Meeting Report due by 7/27/2015. Signed by Magistrate Judge William E. Cassady on 6/11/2015. (Attachment: # 1 Consent to Jurisdiction by a U.S. Magistrate Judge) (tot) (Entered: 06/11/2015) |
| 06/08/2015 | 24 | Case transferred in from District of Louisiana Eastern; Case Number 2:14−cv−02730. Original file certified copy of transfer order and docket sheet received. (Entered: 06/08/2015) |
| 06/05/2015 | 23 | ORDER – Case transferred to District of Southern Alabama. Signed by Magistrate Judge Joseph C. Wilkinson, Jr. (NEF:CJB)(gec) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 06/05/2015) |
| 06/04/2015 | 22 | STIPULATION by BP America Production Company, BP Exploration &Production, Inc. *and Leroy G. Wilson Regarding Venue*. (Haycraft, Don) Modified on 6/5/2015 (gec). [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 06/04/2015) |
| 05/29/2015 | 21 | ANSWER to 20 Amended Complaint by BP America Production Company, BP Exploration &Production, Inc..(Haycraft, Don) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 05/29/2015) |
| 05/16/2015 | 20 | AMENDED COMPLAINT with Jury Demand against All Defendants filed by Leroy G Wilson, Jr. (Attachments: # 1 Exhibit Original Complaint)(Kervin, David) Modified on 5/18/2015 (gec). [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 05/16/2015) |
| 04/27/2015 | 19 | ORDER As to Whether BELO Cases May Be Tried to a Jury; ORDERED that 10 MOTION to Strike Jury Demand filed by BP America Production Company, BP Exploration &Production, Inc. is DENIED; FURTHER ORDERED that LeRoy G. Wilson is granted leave to amend his BELO complaint to assert diversity jurisdiction, remove references to admiralty jurisdiction, and demand a jury. Wilson shall file his amended BELO complaint no later than Monday, May 18, 2015. Signed by Judge Carl Barbier on 4/27/15.(sek) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 04/27/2015) |
| 04/21/2015 | 18 | REPLY to Response to Motion filed by All Defendants re 10 MOTION to Strike *Jury Demand*. (Haycraft, Don) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 04/21/2015) |
| 04/04/2015 | 17 | RESPONSE to Motion filed by Medical Benefits Settlement Class Counsel re 10 MOTION to Strike *Jury Demand*. (Herman, Stephen) Modified on 4/6/2015 (gec). [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 04/04/2015) |

| 04/03/2015 | 16 | Correction of Docket Entry by Clerk re 15 Amendment/Supplement to Document. Exhibit was incorrectly filed as a separate docket entry instead of an attachment to the 14 Memorandum. Clerk took corrective action. (gec) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 04/03/2015) |
|---|---|---|
| 04/03/2015 | 15 | **ERROR: FILED AS A SEPARATE DOCUMENT; NOW ATTACHED TO REC. DOC. 14** Amendment/Supplement to Document by Leroy G Wilson, Jr re 14 Response/Memorandum in Opposition to Motion *Ex. A* (Kervin, David) Modified on 4/3/2015 (gec). [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 04/03/2015) |
| 04/03/2015 | 14 | RESPONSE/MEMORANDUM in Opposition filed by Leroy G Wilson, Jr re 10 MOTION to Strike . (Kervin, David) (Additional attachment(s) added on 4/3/2015: # 1 Exhibit) (gec). [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 04/03/2015) |
| 03/16/2015 | 13 | ORDER. Considering the Consent Motion to Clarify and Amend Initial Proceedings Case Management Order filed by BP Exploration &Production Inc. and BP America Production Company (collectively, "BP"): IT IS HEREBY ORDERED that BP's Motion is GRANTED; and it is further ORDERED that the Initial Proceedings Case Management Order for the above−captioned matter is hereby amended to replace Section III(2) as set forth herein. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 3/16/2015. (tbl) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 03/16/2015) |
| 03/12/2015 | 12 | EXPARTE/CONSENT MOTION to Clarify and Amend Initial Proceedings Case Management Order by BP America Production Company, BP Exploration &Production, Inc.. Motion(s) referred to Joseph C. Wilkinson, Jr. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order)(Haycraft, Don) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 03/12/2015) |
| 03/12/2015 | 11 | **DEFICIENT** EXPARTE/CONSENT MOTION to Clarify and Amend Initial Proceedings Case Management Order by BP America Production Company, BP Exploration &Production, Inc. Motion(s) referred to Joseph C. Wilkinson, Jr. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order)(Haycraft, Don) Modified on 3/12/2015 (gec). [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 03/12/2015) |
| 03/06/2015 | 10 | MOTION to Strike Plaintiff's Demand for a Jury Trial by BP America Production Company, BP Exploration &Production, Inc.. (Attachments: # 1 Memorandum in Support)(tbl) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 03/06/2015) |
| 03/06/2015 | 9 | ORDER. BP's Motion for Leave to File Motion to Strike Jury Trial Demand, Record Doc. No. 8 in C. A. No. 14−2730, is hereby GRANTED. Because this motion is dispositive of plaintiffs' Seventh Amendment rights, with application to all BELO cases that may be filed in these cases, it will be decided by Judge Barbier pursuant to the following briefing order and not within the parameters of the recently issued Initial Proceedings Case Management Order for BELO cases. Written opposition to the motion, if any, limited to no more than 25 pages, must be filed no later than April 6, 2015. Memoranda in opposition, if any, must be filed not only by counsel for plaintiff in the above−captioned Wilson case, but also by class counsel for plaintiffs in the original matters resulting in the medical settlement. BP's reply to the opposition, limited to ten (10) pages, must be filed no later than April 21, 2015. No further briefing will be allowed. After briefing is completed, Judge Barbier will determine whether and, if so, when oral argument may be conducted. The Clerk is directed to file and docket this order and BP's subject motion already filed in the Wilson case in both Civil Action No. 14−2730 and in MDL No. 2179. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 3/6/2015. (tbl) [NEF: Hon. Carl J. Barbier] [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 03/06/2015) |
| 03/02/2015 | 8 | EXPARTE/CONSENT MOTION for Leave to File *to File Motion to Strike Jury Demand in BELO case* by BP America Production Company, BP Exploration &Production, Inc. Motion(s) referred to Joseph C. Wilkinson, Jr. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Proposed Pleading Ex. A Motion to Strike Jury Demand, # 4 Proposed Pleading Ex. B Memo in Support of |

| | | |
|---|---|---|
| | | Motion to Strike)(Haycraft, Don) Modified on 3/3/2015 (gec). [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 03/02/2015) |
| 03/02/2015 | 7 | ANSWER to 1 Complaint, *Leroy Wilson BELO* by BP America Production Company, BP Exploration &Production, Inc..Attorney Don Keller Haycraft added to party BP America Production Company(pty:dft), Attorney Don Keller Haycraft added to party BP Exploration &Production, Inc.(pty:dft).(Haycraft, Don) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 03/02/2015) |
| 01/30/2015 | 6 | INITIAL PROCEEDINGS CASE MANAGEMENT ORDER. Signed by Magistrate Judge Joseph C. Wilkinson, Jr. (Attachments: # 1 Exhibit A, # 2 BELO Settlement Agreement) (NEF: CJB, BELO Liaison Counsel)(gec) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 01/30/2015) |
| 01/27/2015 | 5 | **DEFICIENT** Request of Summons Issued as to All Defendants filed by Leroy G Wilson, Jr re 1 Complaint. (Kervin, David) Modified on 1/30/2015 (gec). [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 01/27/2015) |
| 12/19/2014 | 4 | REALLOTMENT ORDER: As directed by Judge Barbier in conjunction with Magistrate Judge Shushan, the Clerk is instructed to REALLOT the above–captioned BELO case to Magistrate Judge Section 2. All future filings in this BELO case must show its allotment to Judge Barbier and Magistrate Judge Wilkinson. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 12/18/14. (NEF: Judge Barbier, Mag. Judge Shushan)(sek) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 12/19/2014) |
| 12/18/2014 | 3 | REALLOTMENT ORDER: As directed by Judge Barbier in conjunction with Magistrate Judge Shushan, the Clerk is instructed to REALLOT the referenced member case to Magistrate Judge Section 2. All future filings in the referenced member case and related BELO matters must show their allotment to Judge Barbier and Magistrate Judge Wilkinson. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 12/18/14.(sek) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 12/18/2014) |
| 12/02/2014 | 2 | Initial Case Assignment to Judge Carl Barbier and Magistrate Judge Sally Shushan. (clc) [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 12/02/2014) |
| 12/02/2014 | 1 | COMPLAINT with jury demand against All Defendants (Filing fee $ 400 receipt number 053L–4673248) filed by Leroy G Wilson, Jr. (Attachments: # 1 Civil Cover Sheet)Attorney David Duke Kervin, Jr added to party Leroy G Wilson, Jr(pty:pla).(Kervin, David) Modified on 12/5/2014 (gec). (SERVICE BY WAIVER) (NEF: BELO Counsel) Modified on 1/29/2015 (gec). [Transferred from Louisiana Eastern on 6/8/2015.] (Entered: 12/02/2014) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LEROY G. WILSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:15-cv-00300-CG-C |
| | ) | |
| BP EXPLORATION & PRODUCTION | ) | Related to:   12-968 BELO |
| INC.; *et al.*, | ) | in MDL No. 2179 |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED BELO COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, LEROY G.

WILSON, JR., who, in accordance with this Court's Order, respectfully submits this Second

Amended Complaint, and respectfully pleads as follows:

## INTRODUCTION

1.

This is a Backend Litigation Option lawsuit ("BELO") that was originally filed in the

Eastern District Court of Louisiana according to the directives of the Backend Litigation Option

of the Deepwater Horizon Medical Benefits Settlement Agreement in MDL 2179, "Oil Spill by

the Oil Rig 'Deepwater Horizon.'"   That case was originally assigned Case No. 14-2730.

2.

In accordance with the terms of the Deepwater Horizon Medical Benefits Class Action

Settlement Agreement, as Amended on May 1, 2012, ("MSA") that was reached in MDL 2179,

plaintiff seeks compensatory damages, and related costs of proving same in court, for certain

"Later-Manifested Physical Conditions" he suffered as a result of his exposure to oil and other chemicals released by defendants in the 2010 Deepwater Horizon oil spill, while he was both a Zone A resident and a Cleanup Worker as defined by the MSA.   (Ex. 1, MSA, Rec. Doc. 6427-1, E.D. LA, Case 2:10-md-02179-CJB-SS).

## JURISDICTION & VENUE

3.

Plaintiff originally filed this BELO action in the Eastern District of Louisiana because the MSA in MDL 2179 requires all such BELO actions to be originally filed in that Court. However, the MSA also provides that a BELO action may be later transferred to another district court if venue is more appropriate there.   (Ex. 1, MSA, § VIII(G)(1)(c).

4.

Mr. Wilson's BELO action was recently transferred to the Southern District of Alabama pursuant to stipulations by BP and the plaintiff, because the plaintiff resides in Baldwin County Alabama, the oil cleanup work he performed that is the basis of this lawsuit was performed off the coast of Alabama, and because many of the plaintiff's treating physicians and witnesses are located in or around the Southern District of Alabama.

5.

Plaintiff brings this complaint exclusively under federal diversity of citizenship jurisdiction in accordance with 28 U.S.C. §1332, because all the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff, LEROY G. WILSON, JR. is a citizen of Alabama.  Defendants, BP EXPLORATION

& PRODUCTION, INC. and BP AMERICA PRODUCTION COMPANY, are corporate citizens of Delaware, and are not believed to be citizens of Alabama.

**PARTIES**

6.

Plaintiff, LEROY G. WILSON, JR. is a citizen of Baldwin County, Alabama, and resides at 18600 County Road, Silverhill, Alabama, 36567. Mr. Wilson lived in BP Medical Class Settlement Zone "A" at the time of the Oil Spill and at the time he performed oil cleanup work. Mr. Wilson is a verified member of the class in the underlying litigation and resulting settlement in MDL 2179.

7.

Because Mr. Wilson was both a Zone A resident for at least a 60-day period between April 20, 2010 and September 20, 2010, and because he was also a Clean-up Worker between April 20, 2010 and April 16, 2012, as defined in the MSA, he has standing to bring this BELO action against Defendants named herein. (Ex.1, MSA, § I).

8.

In accordance with the terms of the MSA, BP EXPLORATION & PRODUCTION, INC. & BP AMERICA PRODUCTION COMPANY are made exclusive defendants herein for certain Later-Manifested Physical Conditions ("LMPC") suffered by the Plaintiff arising from his exposure to oil from the Oil Spill. (Ex.1, MSA, § VIII(A)).

9.

Section II, Paragraph VV of the attached MSA defines a "LMPC" as:

> VV. LATER-MANIFESTED PHYSICAL CONDITION shall
> mean a physical condition that is first diagnosed in a MEDICAL
> BENEFITS SETTLEMENT CLASS MEMBER after April 16,
> 2012, and which is claimed to have resulted from such MEDICAL
> BENEFITS SETTLEMENT CLASS MEMBER'S exposure to oil,
> other hydrocarbons, or other substances released from the MC252
> WELL and/or the Deepwater Horizon and its appurtenances,
> and/or exposure to dispersants and/or decontaminants used in
> connection with the RESPONSE ACTIVITIES, where such
> exposure occurred on or prior to September 30, 2010, for ZONE A
> RESIDENTS; on or prior to December 31, 2010, for ZONE B
> RESIDENTS; and on or prior to April 16, 2012, for CLEAN-UP
> WORKERS.

## FACTS & CAUSE OF ACTION

10.

After the Deepwater Horizon Oil Spill, plaintiff performed Response Activities during

the aftermath of the Deepwater Horizon incident. "Response Activities" as used within this

Complaint and as defined in the MSA means "the clean-up, remediation efforts, and all other

responsive actions (including the use and handling of dispersants) relating to the release of oil,

other hydrocarbons, and other substances from the MC252 WELL and/or the Deepwater Horizon

and its appurtenances that were done under the auspices of the Unified Command, BP, or a

federal, state, or local authority." (Ex. 1, MSA, §II. OOOO).

11.

As part of these Response Activities, plaintiff captained a Vessel of Opportunity (M/V

"Exterminator," AL 1614 AS) in BP's Vessel of Opportunity ("VOO") program to perform oil

cleanup work in the Gulf of Mexico from late May 2010 through July, 2010. All Response

Activities were committed at the direction of, organized by, and operated through BP's Unified Command.

12.

Upon information and belief, BP sprayed, or had sprayed on its behalf, large quantities of the dispersants Corexit 9500 and/or Corexit 9527 via aerial and/or boat application over the coastal waters where Mr. Wilson performed cleanup work.

13.

Mr. Wilson submits both versions of Corexit used to disperse oil from the oil slick have varying degrees of toxicity to humans. Mr. Wilson also submits that exposure to raw oil for long periods of time is also toxic and/or otherwise harmful to the human body.

14.

As a Clean-Up Worker, Mr. Wilson performed Response Activities. Mr. Wilson was instructed by BP's Unified Command to drag a collection device ("oil boom") through the water in order to collect oil, bag the oil-soaked booms, to deliver and transport these contaminated booms to shore, and then re-deploy new booms daily for extended periods of time. Mr. Wilson's exposure was prolonged, working well over eight hours daily spotting, collecting, and removing these toxic substances from Alabama's shoreline and the Gulf. Mr. Wilson worked for many hours in the Gulf each day collecting oil from the oil slick during the period of May, 2010 to July, 2010.

15.

At all relevant times, Mr. Wilson was performing Response Activities at the direction of BP's Unified Command, which were directed in large part by the BELO Defendants. BELO

Defendants did not issue any viable and/or functional respirators or protective gear capable of adequately protecting to Mr. Wilson and/or the crew of the Exterminator.

16.

Mr. Wilson did as he was instructed by Unified Command and took his vessel, the Exterminator, out into the Gulf to deploy booms, collect crude oil and dispersants, gather booms, decontaminate the booms, decontaminate his vessel, and other tasks associated with Mr. Wilson's Response Activities. Mr. Wilson was expressly instructed by BP's Unified Command not to wear any protective gear while in public. Mr. Wilson was threatened not to take any pictures and/or recordings of the remediation effort less his contract would be terminated.

17.

The oil slicks and Corexit plaintiff encountered and came into contact with were from the Deepwater Horizon oil rig at issue in the underlying MDL.

18.

While performing said oil cleanup work in the Gulf, plaintiff breathed in fumes from the oil and Corexit. Also, the oil and Corexit came into direct contact with his skin in various places over a prolonged period of time. Mr. Wilson suffered prolonged exposure to the oil and Corexit, and estimates this exposure to have occurred during at least a 30-day period.

19.

Plaintiff suffered certain acute physical conditions immediately after his exposure to the oil and dispersants for which he has filed a medical class action claim under the Settlement under Claim Number SPC0009253. No determination on that claim has yet been made. The acute physical conditions Plaintiff suffered included eye irritation, acute rhinosinusitis, throat irritation,

skin lesions, nausea, and heat exhaustion.  Plaintiff has not received any compensation for these injuries yet, despite these injuries occurring over five years ago.

20.

Mr. Wilson also began suffering from repeated bronchial and sinus symptoms contemporaneously with his exposure to the oil and dispersants. Mr. Wilson is not in possession, nor is he aware of, any medical record dated on or before April 16, 2012 whereby he was diagnosed with Chronic Sinusitus or Chronic Rhinosinusitis.,

21.

In order for "chronic rhinosinusitis" to be compensable in the MSA without filing a BELO suit, the claimant must be medically *diagnosed* with chronic rhinosinusitis before April 16, 2012.  Under the MSA and court orders interpreting same, the mere charting in the claimant's medical records of multiple sinus infections and/or symptoms over an extended period of time is insufficient to be considered a "diagnosis" of chronic rhinosinusitis.

22.

Because it appeared that Plaintiff's chronic sinus conditions would be determined to have been diagnosed after the cutoff date, and therefore not included within the class settlement matrix, he filed a Declaration of Specified Physical Conditions and a Notice of Intent to Sue in accordance with the Settlement in order to seek compensation for the onset of these chronic, later-manifested physical conditions.  Defendants, however, elected not to mediate plaintiff's claim.  Therefore, in order to preserve his right to recover for this ongoing physical illness, this BELO lawsuit was filed.

23.

The MSA provides a section on issues which may be litigated at trial as follows:

3) Issues to be Litigated

a) For purposes of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT for a LATER-MANIFESTED PHYSICAL CONDITION, unless otherwise stipulated and agreed to in writing between a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER and a BACK-END LITIGATION OPTION DEFENDANT, the following issues, elements, and proofs of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT for a LATER-MANIFESTED PHYSICAL CONDITION may be litigated at trial:

(i) The fact of diagnosis (i.e., whether the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER was correctly diagnosed with the alleged LATER-MANIFESTED PHYSICAL CONDITION);

(ii) The amount and location of oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the Deepwater Horizon and its appurtenances, and/or dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, and the timing thereof;

(iii) The level and duration of the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S exposure to oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the Deepwater Horizon and its appurtenances, and/or dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, and the timing thereof;

(iv) Whether the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S alleged LATER-MANIFESTED PHYSICAL CONDITION was legally caused by his or her exposure to oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the Deepwater Horizon and its appurtenances, and/or dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES;

(v) Whether there exist any alternative causes for the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S alleged LATER- MANIFESTED PHYSICAL CONDITION, including, but not limited to, exposure to other substances or sources of contaminants and/or toxins; and

(vi) The amount, if any, of compensatory damages to which the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER is entitled.

(Ex. 1, MSA, § VIII(G)(3)(a).

24.

Likewise, this same section in the MSA outlines which issues need *not* be proven at trial in a BELO action:

(i) The fact and/or existence of this MEDICAL SETTLEMENT AGREEMENT or any other class or individual settlement in connection with the DEEPWATER HORIZON INCIDENT, in order to prove liability for, invalidity of, or amount of the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S claim;

(ii) The alleged fault of BP for the DEEPWATER HORIZON INCIDENT; and

(iii) Exposure of the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER to oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the Deepwater Horizon and its appurtenances, and/or dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES.

(Ex. 1, MSA, § VIII(G)(3)(b).

25.

The MSA provides further instructions regarding these issues to be proven (or not proven) at trial:

4) With respect to the issues, elements, and proofs that need not be proven and may not be litigated in a trial of a BACK-END LITIGATION OPTION LAWSUIT, neither the BP defendants nor the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER bringing the BACK-END LITIGATION OPTION LAWSUIT shall make the failure to prove or litigate such issues, elements, or proofs the basis for dismissal or judgment. In addition, the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER bringing the BACK-END LITIGATION OPTION LAWSUIT and the BP defendants shall, following the filing of the BACK-END LITIGATION OPTION LAWSUIT, enter into appropriate stipulations to effectuate the provisions of Section VIII.G.

(Ex. 1, MSA, §VIII(G)(4).

26.

Plaintiff's chronic physical sinus condition complained of herein (chronic rhinosinusitis) was legally and proximately caused by his exposure to the oil and/or Corexit that was released from the Oil Spill.

27.

With respect to general causation, Plaintiff asserts that both large amounts of human exposure to raw oil and/or Corexit 9500 and/or Corexit 9527 can cause the symptoms of chronic rhinosinusitis.

28.

With respect to specific causation, Plaintiff asserts that he was personally exposed to raw oil and/or Corexit 9500 and/or Corexit 9527 during his work as a Cleanup Worker performing Response Activities during the period of May 2010 through July 2010. Plaintiff asserts that he encountered heavy oil slicks during a 30-day period and often performed cleanup work for 12 hours a day. Plaintiff asserts that since he personally used a hand-held oil boom to collect the oil and dispersants, and then bag up that toxic chemical concoction, that he was exposed to these

substances for a sufficient period of time such to cause the symptoms he complains of in this complaint.

29.

Further, during all times relevant, there existed sufficient levels, amounts, and locations of oil and dispersants to result in the manifestation of symptoms that Mr. Wilson experienced contemporaneously or shortly after such exposure. Mr. Wilson's Chronic LMPC was specifically caused by Mr. Wilson's Exposure to these substances. As such, Mr. Wilson's Exposure resulted in his LMPC.

30.

Plaintiff submits that BP knew that human exposure to oil and Corexit was toxic, potentially toxic, or otherwise harmful to people, especially to those people performing manual oil cleanup work, and submits that this knowledge is reflected in the MSA settlement itself. Specifically, BP and the Plaintiff Steering Committee negotiated that Zone A residents and Cleanup Workers could be compensated for conditions such as chronic rhinosinusitis, (among other acute and chronic conditions) provided certain other prerequisites were met. This is evidenced in the "Specified Physical Conditions Matrix" which is part of the Settlement.

31.

The BELO Defendants acted willfully, with wanton disregard, recklessly, and/or negligently during all times relevant relating to the *Deepwater Horizon* Incident, including its role during Response Activities and in directing Mr. Wilson to perform Response Activities.

32.

In the alternative, plaintiff pleads that defendants named herein are liable for his injuries under the law of negligence and for failure to warn or provide adequate safety protection for plaintiff, since defendants' breach of their applicable duties were in a wanton and reckless way, and those breaches were the sole cause of the release of the oil and Corexit, and that those breaches were the sole cause of the injuries complained of by plaintiff herein.

33.

By virtue of the contractual obligations in the MSA, BELO Defendants are jointly and severally liable to Mr. Wilson for all Compensatory Damages they caused him as plead herein. Plaintiff therefore seeks all Compensatory Damages allowable by the MSA reasonably by and through either of the BELO Defendants associated with Mr. Wilson's LMPC including:

a) Past, present and future medical costs;

b) Past, present and future physical pain and suffering;

c) Past, present, and future mental pain, anguish, distress, and suffering;

d) Loss of support, services, consortium, companionship, society and/or affection, and damage to familial relations;

e) Increased risk and fear of developing a disease, and exacerbation of any pre-existing conditions;

f) Costs for medical screening and monitoring;

g) All Settlement Costs including (i) expert costs reasonably associated with Mr. Wilson's implementation of each term and/or element of Section

VIII.G., (ii) filing fees, (iii) shipping costs, (iv) discovery costs for any

material required by the Court though its Plaintiff Profile Form and/or

ordinary discovery, (v) witness statements, (vi) deposition costs including

court reporting and video recording where required, and (vii) document

review if reasonably required;

h)      All other damages allowable under the Settlement and which

may be proven at trial.

34.

Plaintiff requests a trial by jury.

35.

The MSA provides that the United States District Court for the Eastern District of

Louisiana has retained continuing jurisdiction over the interpretation and implementation of the

MSA:

XXVII. CONTINUING JURISDICTION

Pursuant to the FINAL ORDER AND JUDGMENT, the COURT
shall retain continuing and exclusive jurisdiction over (i) the
PARTIES and their counsel and all MEDICAL BENEFITS
SETTLEMENT CLASS MEMBERS with respect to the terms of
the MEDICAL SETTLEMENT AGREEMENT and (ii) the subject
matter of *Plaisance, et al. v. BP Exploration & Production Inc., et
al.*, with respect to the interpretation, implementation,
administration, and enforcement of this MEDICAL
SETTLEMENT AGREEMENT, including all issues related to the
scope, application, and operation of the RELEASE in Section XVI,
the distribution of benefits to MEDICAL BENEFITS
SETTLEMENT CLASS MEMBERS, and any dispute arising as to
the action or election of any PARTY under Section XIV. Any
disputes or controversies arising out of or related to the
interpretation, implementation, administration, and enforcement of
this MEDICAL SETTLEMENT AGREEMENT shall be made by

13

motion to the COURT. In addition, the PARTIES, including each MEDICAL BENEFITS SETTLEMENT CLASS MEMBER, are hereby deemed to have submitted to the exclusive jurisdiction of this COURT for any suit, action, proceeding, or dispute arising out of or relating to this MEDICAL SETTLEMENT AGREEMENT. The terms of the MEDICAL SETTLEMENT AGREEMENT shall be incorporated into the FINAL ORDER AND JUDGMENT of the COURT, which shall allow that FINAL ORDER AND JUDGMENT to serve as an enforceable injunction by the COURT for purposes of the COURT'S continuing jurisdiction related to the MEDICAL SETTLEMENT AGREEMENT.

(Ex. 1, MSA, §XXVII).

36.

The MSA defines "COURT" as "…the United States District Court for the Eastern District of Louisiana, Judge Carl Barbier, presiding in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179." (Ex. 1, MSA, §II, Para. U).

37.

WHEREFORE, Plaintiff prays that this Honorable Court grant him all relief to which he is entitled under equity and law against defendants BP EXPLORATION & PRODUCTION, INC. & BP AMERICA PRODUCTION COMPANY, including court costs, expert costs and compensatory damages prayed for herein.

Respectfully submitted,

/s/ David D. Kervin, Jr.

David D. Kervin, Jr.,
Louisiana Bar Number 28374
201 St. Charles Ave., Suite 2500
New Orleans, LA 70170
(504) 599-5906 Tel / (504) 754-7514 Fax
david@kervinlaw.com
*Attorney for Plaintiff – Pro Hac Vice*

14

## CERTIFICATE OF SERVICE

I, David D. Kervin, Jr., do hereby certify that on July 28, 2015, I electronically filed the

foregoing Second Amended Complaint with the Clerk of Court by using the CM/ECF system

which will send a notice of electronic filing to the following counsel of record:

Benjamin Sanders Willson
400 20th St. N.
Birmingham, AL 35203
bwillson@lightfootlaw.com

William H. Brooks
Lightfoot, Franklin & White, L.L.C.
400 North 20th Street
wbrooks@lightfootlaw.com

Harlan I. Prater, IV
Lightfoot, Franklin & White
400 North 20th Street
Birmingham, AL 35203
hprater@lfwlaw.com

/s/ David D. Kervin, Jr.                    Date: July 28, 2015

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LEROY G. WILSON, JR.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 14-2730** |
| | * | |
| | * | **JUDGE BARBIER** |
| | * | |
| **BP EXPLORATION & PRODUCTION** | * | **CHIEF MAGISTRATE** |
| **INC. AND BP AMERICA PRODUCTION** | * | **JUDGE WILKINSON** |
| **COMPANY** | * | |
| | * | |
| **Related to:  12-968 BELO** | * | |
| **in MDL No. 2179** | * | |
| | * | |

**AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, LEROY G.

WILSON, who, in accordance with this Court's Order dated April 27, 2015 (Rec. Doc. 19),

amends Paragraphs 2 and 12 of his original complaint (Rec. Doc. 1) as follows:

2.

**JURISDICTION & VENUE**

Plaintiff withdraws and strikes all statements in Paragraph 2 of his original complaint

concerning subject matter jurisdiction.  As amended, Plaintiff brings his complaint exclusively

under federal diversity of citizenship jurisdiction in accordance with 28 U.S.C. §1332, because

all the parties are completely diverse in citizenship and the amount in controversy exceeds

$75,000, exclusive of interest and costs.    Plaintiff, LEROY G. WILSON, JR. is a citizen of

Alabama.  Defendants, BP EXPLORATION & PRODUCTION, INC. and BP AMERICA

PRODUCTION COMPANY, are corporate citizens of Delaware, and are not citizens of Alabama.

12.

Plaintiff demands a trial by jury.

13.

Considering the amendments made to Paragraphs 2 and 12 of his original complaint (a copy of which is attached hereto), Plaintiff re-avers all other allegations and prayers for relief in his original complaint as if copied herein *in extenso*.

WHEREFORE, Plaintiff prays that this Honorable Court accept his amended complaint and grant him all relief to which he is entitled under equity and law against defendants BP EXPLORATION & PRODUCTION, INC. & BP AMERICA PRODUCTION COMPANY.

Respectfully submitted,

/s/ David D. Kervin, Jr.

David D. Kervin, Jr.,  LSBA 28374
201 St. Charles Ave., Suite 2500
New Orleans, LA 70170
(504) 599-5906 Tel / (504) 754-7514 Fax
david@kervinlaw.com
*Attorney for Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2015, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record: Don Keller Haycraft at dkhaycraft@liskow.com, attorney for Defendants.


/s/ David D. Kervin, Jr.
David D. Kervin, Jr.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY G. WILSON, JR.                           CASE NO.

V.                                             SECTION

BP EXPLORATION & PRODUCTION, INC.              JUDGE
& BP AMERICA PRODUCTION COMPANY                MAGISTRATE JUDGE

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, LEROY G.

WILSON, who submits this Complaint and respectfully pleads as follows:

1.

This is a Back-end Litigation Option lawsuit ("BELO") filed in accordance with the

directives of the Backend Litigation Option of the Deepwater Horizon Medical Benefits Class

Settlement (MDL 2179) that seeks compensatory damages for certain "later-manifested physical

conditions" suffered by the plaintiff.

### JURISDICTION & VENUE

2.

Jurisdiction and Venue are proper in this case under the Back-end Litigation Option of

the Deepwater Horizon Medical Benefits Class Settlement Agreement ("Settlement"), as a

related case to Case No. MDL 2179, and specifically arising from the rights and stipulations

provided in Section VIII of the Settlement.  (Document 6427-1, Case 2:10-md-02179-CJB-SS).

Additionally, this Court has jurisdiction over this action pursuant to its maritime

jurisdiction under Article III, Section 2 of the United States Constitution, which empowers the

federal judiciary to hear "all Cases of admiralty and maritime Jurisdiction" and under 28 U.S.C.

§§ 1331 and 1333, and the Admiralty Extension Act, 46 U.S.C. § 30101.

**PARTIES**

3.

Plaintiff, LEROY G. WILSON, JR. is a citizen and resident of Gulf Shores, Alabama and

who lived in Zone A at the time of the Oil Spill.

4.

In accordance with the terms of the Settlement, BP EXPLORATION & PRODUCTION,

INC. & BP AMERICA PRODUCTION COMPANY are made exclusive defendants herein for

certain later-manifested physical conditions suffered by the Plaintiff arising from his exposure to

oil from the Oil Spill.

**FACTS & CAUSE OF ACTION**

5.

After the Deepwater Horizon Oil Spill, plaintiff operated a Vessel of Opportunity (M/V

"Exterminator") in the VOO program to perform oil cleanup work in the Gulf of Mexico from

late May 2010 through July, 2010.   The plaintiff dragged a collection device through the water

in order to collect the oil and helped bag the oil-soaked booms and re-deploy new booms.

Plaintiff worked for many hours in the Gulf each day collecting oil from the oil slick.  Plaintiff

was not issued  a respirator by any of the defendants named herein.  Plaintiff was told by people

in the VOO program not to wear a respirator.

2

6.

While performing said oil cleanup work in the Gulf, plaintiff breathed in fumes from the oil and dispersants.  Also, the oil and dispersants came into direct contact with his skin in various places.

7.

Plaintiff suffered certain acute physical conditions immediately after his exposure to the oil and for which he has filed a medical class action claim under the Settlement under Claim Number SPC0009253.   No determination on that claim has yet been made.

8.

Plaintiff also began suffering from repeated bronchial and sinus symptoms and infections after his exposure to the oil and before the April 16, 2012 "later-manifested physical conditions" cutoff date.  A letter from plaintiff's physician dated March 20, 2014 mentions that he was "previously diagnosed with chronic rhinosinusitis."   However, plaintiff is not in possession of a medical record at this time which contains an explicit diagnosis or reference to "chronic rhinosinusitis" before the Settlement cutoff date.   Since his cleanup work on the oil spill, plaintiff has repeatedly treated for these chronic sinus and bronchial infections.

9.

Because it appeared that Plaintiff's chronic sinus conditions would be determined to have been diagnosed after the cutoff date, and therefore not included within the class settlement matrix, he filed a Declaration of Specified Physical Conditions and a Notice of Intent to Sue in accordance with the Settlement in order to seek compensation for the onset of these chronic, later-manifested physical conditions.  Defendants, however, elected not to mediate plaintiff's

3

claim. Therefore, in order to preserve his right to recover for these ongoing physical illnesses, this BELO lawsuit has been filed.

10.

Plaintiff's chronic physical conditions complained of herein were legally and proximately caused by his exposure to the oil from the Oil Spill, specifically, by his breathing in of oil and chemical fumes for hours each day he performed cleanup work, and by coming into direct contact with the oil over this period of time. Defendants are therefore liable under state and federal law, and under the Settlement's liability stipulations, for the injuries Plaintiff sustained as a result of his exposure to oil from the Oil Spill.

11.

Plaintiff therefore seeks compensation for the following damages resulting from his continuing sinus and bronchial symptoms:

a) Past, present and future medical costs;

b) Past, present and future physical pain and suffering;

c) Past, present, and future mental pain, anguish, distress, and suffering;

d) Past, present and future loss of income and/or earning capacity;

e) Loss of enjoyment of life;

f) Loss of consortium; and

f) All other damages allowable under the Settlement and which may be proven at trial.

12.

If allowable under the Settlement terms and law of this case, plaintiff prays for a trial by jury.

WHEREFORE, Plaintiff prays that this Honorable Court grant him all relief to which he is entitled under equity and law against defendants BP EXPLORATION & PRODUCTION, INC. & BP AMERICA PRODUCTION COMPANY, including court costs and compensatory damages prayed for herein.


Respectfully submitted,

/s/ David D. Kervin, Jr.

David D. Kervin, Jr.,
LSBA 28374
201 St. Charles Ave., Suite 2500
New Orleans, LA 70170
(504) 599-5906 Tel
(504) 754-7514 Fax
david@kervinlaw.com
*Attorney for Plaintiff*