IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>**Applies to:**<br><br>*Case No: 12-968 BELO* | MDL 2179<br><br>SECTION "J"<br><br>DISTRICT JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON<br><br>MAG. JUDGE SHUSHAN |
| **LEROY G. WILSON**,<br><br>**VERSUS**<br><br>**BP EXPLORATION & PRODUCTION, INC. AND BP AMERICA PRODUCTION CO.**,<br><br>**Applies to:**<br><br>*Case No: 12-968 BELO; E.D. La. Case No: 14-2730 (transferred to S.D. Ala.; renumbered as 15-300)* | CIVIL ACTION<br><br>CASE NO.: 1:15-CV-300<br><br>DISTRICT JUDGE GRANADE<br><br>MAG. JUDGE CASSADY |

ORAL ARGUMENT STATEMENT REQUESTING
<u>ORAL ARGUMENTS FOR MR. WILSON'S MSA SECTION XXVII MOTION</u>

Leroy G. Wilson ("Mr. Wilson") by and through undersigned counsel, requests this Court grant oral arguments for his MSA Section XXVII Motion regarding Settlement Costs pursuant to J.P.M.L. 11.1(b) (2015) for the following four reasons.

1.     First, this motion directly addresses Mr. Wilson's ability to afford the access to the remedy this Court has explained this Medical Benefits Settlement Agreement offers him. Without a real solution to this negative value claim problem, Mr. Wilson finds himself with only an illusory remedy. Mr. Wilson is in the best position to discuss his facts as applied therefore he should be granted the opportunity to speak.

2.     Second, this motion addresses complex legal issues including the effect of

1

a limited subject matter authority on retained jurisdiction, the plain and ordinary meaning of a subsection of the Settlement Costs definition, a provision that requires BP to pay all Settlement Costs, and how these two statements should be applied to Section VIII of the settlement process as it relates to an actual client that is going through the process. Mr. Wilson has spent months putting together the legal research for this motion in order to provide this Court with the essential tools to make an informed decision.

3. Third, because this ruling will likely affect all future Back End Litigation Option ("BELO") Lawsuits, this Court should have the benefit of hearing directly from class members and BP who are experiencing the challenges and problems of the high cost BELO Lawsuits first hand.

4. Lastly, Mr. Wilson encourages this Court listen to oral arguments raised by other counsel for existing BELO Lawsuit in order to determine if the experiences are unique to Mr. Wilson or if the concerns are shared by other litigants.

Filed this 23rd day of November, 2015.

Respectfully Submitted by,

Ramon Guillen /s/_____
Co-Counsel for LeRoy Wilson

**Ramon Guillen, Jr., Esq.**
Fla. Bar. No. 99789
rguillen@downslawgroup.com
of the *Downs Law Group* along with

**Craig T. Downs**
Fla. Bar. No. 801089
cdowns@downslawgroup.com
3250 Mary Street, Suite 307
Miami, FL 33133
Telephone: (305) 444-8226
Facsimile: (305) 444-6773 and

**David D. Kervin, Jr.**
La. Bar. No. 28374
david@kervinlaw.com of the
Law Office of David D. Kervin, Jr., LLC
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170
Telephone: (504) 599-5906
Facsimile: (504) 754-7514