UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

REPLY IN SUPPORT OF MOTION OF THE DHECC FOR RETURN
OF PAYMENTS MADE TO TOMMY PHAM

The Claims Administrator, Patrick A. Juneau, on behalf of the Deepwater Horizon

Economic Claims Center, ("DHECC") replies to the opposition filed by Tommy Pham

("Pham") to the Claims Administrator's motion for return of payments.  In his opposition,

Pham states that he did not intend to defraud the program by submitting fraudulently

altered repair invoices in an effort to exclude his 2009 shrimping revenue from his

benchmark period, an exclusion resulting in a $210,000 increase of his award amount.

Pham admits that he submitted altered invoices to support his claim, but their submission

was a result of a mistake on behalf of his wife, who helped prepare the claim and was

unable to timely and properly gather his unaltered invoices.

Notwithstanding policy grievances unresponsive to the DHECC'S motion, Pham

argues that his submission of the altered invoices was not a misrepresentation upon which

the DHECC justifiably relied in order to determine Pham's claim award, and his

procurement of that award did not cause damage to the program.

Pham specifically requested an exclusion of his 2009 shrimping revenue from his

benchmark period so that he could qualify for the reduced expedited compensation

method.  Without the exclusion, he would only qualify for the historical compensation

method, which would have awarded him $210,000 less than what he received.  Pham

achieved this by submitting invoices purporting to show repairs during the months of

April, May, and December, personally stating that his boat was on shore for repairs more

than it was in the water shrimping and producing income.  See Ex. A – Motion for Return of

Payments Made to Tommy Pham (Rec. Doc. 15361)("Motion for Return of Payments").

Pham made these false representations to the program solely to induce the program to rely

on them and find him eligible for the larger award amount.

A.    <u>Pham's Fraudulent Actions Require Restitution</u>

The totality of the evidence presented shows that there is no genuine issue as to any

material fact and the DHECC is entitled to judgment as a matter of law. *See* Order & Reasons

on Special Master's Motion for Return of Payment Made to Casey Thonn and Others at 19

(Rec. Doc. 12794).  Pham asserts that the factual background surrounding his claim creates

a dispute of fact, but Pham's attempt to create a genuine issue of material fact through an

unsupported assertion that he did not intend to defraud the DHECC is insufficient to defeat

the motion for repayment.

Pham claims his submission of altered invoices is not fraudulent because his boat

was in fact harbored for repair during April; conversely, at the time Pham submitted his

claim, he supported it with altered invoices showing repairs during not only April, but also

May and December.  What Pham fails to address, though, is the fact that the precise

timeline of his mechanical failures is not the material issue.  Rather, at issue is whether

there is any material dispute of fact that Tommy Pham knowingly made a false

representation, intended to induce the DHECC to rely on that representation, and caused

damage to the DHECC.  Here, there is no dispute that Pham did precisely that.

A party cannot create a genuine issue of fact by contradicting his own earlier statements unless the party offers "a plausible explanation for the sudden change of heart." *Richardson v Bonds*, 860 F.2d 1427, 1433 (7th Cir. 1988).  Despite originally affirming to the DHECC his personal responsibility to the contents of his claim via his DHECC Registration Form of June 4th, 2012, Pham now shifts the responsibility of the submission of supporting documents to another individual, his wife.  Ex. A.  When Pham submitted the fraudulent invoices to the DHECC on June 6th, 2012, he introduced them via a cover letter that he personally signed.  See Motion for Return of Payments, Ex. A.  Now, Pham submits in his opposition an affidavit in which he swears he was unaware of any of the aforementioned documents.  Op. Ex. A. (Rec. Doc. 15577-1).

When an opposing party creates a second story, but it is blatantly contradicted by the record, the Court should not consider that version of the facts when ruling based on a summary judgment standard.  Order & Reasons on Special Master's Motion for Return of Payment Made to Vernon Alfonso at 9 (Rec. Doc. 15400)(citing *Bartucci v. Jackson,* No. 04-2977, 2006 WD 2631925, at *5 (E.D. La. Sept. 13, 2006)).  The evolution over time of a witness's testimony can be fatal to its reliability. *Kyles v Whitley*, 514 U.S. 419, 444 (1995). The changes in Pham's story as to when the boat was being repaired, coupled with his complete shift of claim filing responsibility to his wife renders his new account unreliable and does not create a dispute of fact against the evidence that Pham intended to cause the program to rely on his misrepresentations.

At the outset of his opposition, Pham argues that when he filed a claim with the program, he entered into a contract, quoting the following from the Settlement Agreement:

"The Settlement Program...shall use its best efforts to provide Economic Class Members with assistance, information, opportunities, and notice so that the

Economic Class Member **has the best opportunity to be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement."**

Pham goes on to argue that no Court order has countermanded the above, that to do so would violate the "offer and acceptance" concept of contract law.[1]

Tommy Pham was provided every opportunity, and clearly had the best opportunity, to be determined eligible as he ultimately was, in fact, provided with a claims award, albeit one fraudulently obtained. Pham correctly states that had he not altered the documents to gain an exclusion, he likely would have been determined eligible to some degree. Pham, however, compromised the integrity of the program that provided him with an eligibility opportunity the moment he decided to submit a doctored invoice in order to increase his award by $210,000. Such actions render him ineligible for further participation in the program, warrant a return of his full award amount; and his fraudulent intent, inducing the DHECC to rely on his fraudulent documents, vitiates any good faith that may have existed when he entered into anything that could be described as an "offer and acceptance."

B.     Pham's Misrepresentation to the DHECC Satisfies the
       Court's Legal Standard for Return of Payments

This Court has set out that in order to sustain a motion for return of payments, the DHECC must satisfy the following: (1) Pham made a false representation; (2) Pham knew or believed that the representation was false, or had an insufficient basis to make the

---

[1] The clause Pham cites in his opposition accurately describes obligations of the DHECC and the Claims Administrator. The Claims Administrator is also bound by the settlement agreement to maintain the integrity of the program. It is further tasked with maintaining the Court's order of September 6, 2013, to initiate the clawback of any payments made by fraudulent means.

representation; (3) Pham intended to induce the DHECC to act in reliance on the information; (4) the DHECC justifiably relied on Pham's representation; and (5) damage resulted from the reliance. Order & Reasons on Motion of the Special Master for Return of Payments Made to Wardell Parker and Others at 5 (Rec. Doc. 15325) (citing *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, 926 F. Supp. 2d 858, 862 (E.D. La. 2013)). In its motion for return of payments made to Tommy Pham, the DHECC satisfied these elements.

In his opposition Pham suggests that the elements of common law fraud appropriately delineates conduct warranting punishment, ensuring that claimants not excluded for "mistakes, immaterial misstatements, or good faith efforts to interpret the requirements of the program." *See* Op. at 8. Pham's fraudulent submission of altered documents is more than a mistake; it is a material misrepresentation. In other words, the act of physically writing over the already existing date of an invoice in order to mislead the program is a far cry from a good faith effort to interpret settlement program requirements. As Pham was assisted by legal counsel experienced in the DHECC program, he was more than capable interpreting the requirements of the settlement program.

Pham has further asserted that the settlement program was "not intended to be an exercise in submitting perfect documentation." *See* Op. at 9. Pham's qualifying his submission of a doctored invoice as less than perfect is tantamount to describing a payment with counterfeit currency as less than honest. As counterfeit currency correctly qualified is illegal, to describe Pham's doctored invoice as anything but fraudulent would be less than genuine.

1.    *Pham made a False Representation*

Pham argues his contention that his vessel was unable to shrimp for a portion of 2009 was not false.  Tommy Pham earned $122,606 shrimping in 2009.  He cited a major mechanical failure to his vessel as his basis for an exclusion.  In a cover letter requesting this exclusion, preceding his fraudulent invoices, Pham informed the DHECC that during 2009 his vessel incurred more "time spent in shore than out shrimping and making an income." See Motion for Return of Payments, Ex A.  This representation is false, as his vessel shrimped for 10 out of 12 months of the year, generating the $122,606 in shrimping revenue.

Pham submitted fraudulent invoices not only for the month of April, as Pham now contends to be the only month of incapacitation; but Pham also submitted fraudulent invoices for May and December, likewise changing the year to 2009.  For the month of May, Pham submitted one repair invoice purportedly dated on the 21st of 2009 and another with a purported repair date of May 27, 2009.  *Id.*  Pham additionally submitted two altered invoices purporting to represent repairs on December 4th, 2009 and December 6th, 2009. *Id.*

2.    *Pham Knew or Believed the Representation to be False.*

Pham cannot now represent that he did not know his representation to the DHECC was false.  To stand by the statement that his vessel spent more time in shore than on the water making an income flies in the face of the trip ticket summary submitted in his own reply brief.  See Op. Ex. B.  Having earned $122,606 in 2009, shrimping in all but two months out of the year, it is neither plausible nor reasonable for Pham to represent he did not know his prior representations to the DHECC to be false.

3. *Pham intended to induce the DHECC to act in reliance on the information.*

The evidence clearly shows that Pham intended to induce the DHECC to act in reliance on the information he provided.  Pham intended to increase his award amount by gaining an exclusion for the benchmark year of 2009.  He could not do this unless the DHECC relied upon his representation.

Pham contends that he did, in fact, undergo repairs in April, rendering his vessel incapable of shrimping.  While that may be true, Pham overlooks the fact that in 2012 he submitted altered invoices for a total of three months, not one.  Pham submitted altered invoices from three months to ensure the DHECC relied on his misrepresentation.  Pham was not willing to risk the DHECC denying his exclusion in the event he only showed repairs for one month.

4. *The DHECC Justifiably Relied on Pham's Representation*

Describing it as the weakest of the fraud elements the DHECC is seeking to prove, Pham suggests that the DHECC did not justifiably rely on his representations.  Arguing it had over six months to evaluate the claim, the DHECC failed to notice the inconsistencies within the claim, and did not bring them to Pham's attention then.  The Court has already rejected this argument, as prior failure to detect misconduct is not a license for the Court to turn a blind eye to fraud that will affect the public.  Order & Reasons on Special Master's Motion for Return of Payment Made to Casey Thonn at 21-22 (Rec. Doc. 12794), See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

Thonn raised the same argument, pointing to the failure of the DHECC to detect the fraud present within the claim as reason why the Special Master's motion should be denied. Not swayed by this logic, this Court held that "Thonn's fraud undermines the integrity of

the entire Settlement Program; therefore, while it is unfortunate that his misrepresentations were not detected earlier, such an oversight does not allow the Court to give Thonn a free pass now." Thonn at 22.

Like Thonn, Pham does not now receive a free pass. Pham declared, under penalty of perjury, that all of his representations, including any supporting documentation, was true and accurate. It is inherent within the act of committing fraud to avoid detection by the aggrieved party. Any failure by the DHECC to detect Pham's fraud cannot alone be the reason to condone his fraudulent actions. See *Hazel-Atlas* at 246. The DHECC was designed to evaluate claims in favor of the claimant, and justifiably relied on Pham's representation, as he certified that his submissions were true.

5. *Damage Resulted from the Reliance*

There is no question that Pham's actions caused damage to the DHECC. As set out in the motion for repayments, Pham's action caused him to be eligible for the expedited compensation method, resulting in an award $210,000 larger than what he should have received. Pham suggests that the reduced expedited method was "proper" by imputing Pham's April landings of a prior year into April of 2009. This hypothetical projection is flawed, it is not a method for compensation under the CSSP, and it should not be considered here. At issue is whether any genuine dispute of material fact exists as to whether Pham defrauded the DHECC, not as to his award amount. Pham is misguided to now argue a dispute of fact exists surrounding the payment amount when this argumentative dispute arises out of an assumption and is bootstrapped by a hypothetical situation he created. Pham's actions damaged the DHECC by causing an overpayment of $210,000.

C. <u>Pham is Not Entitled to Any Funds from the DHECC</u>

Pham suggests that the Court seek numerous alternative options, listed in its opposition, (*See* Op. at 16) that would not require Pham's repayment of the full award amount.  Pham suggests full restitution to be punitive in nature, a "death penalty,"[2] and therefore unwarranted.  This Court, however, has already held that upon a finding of fraud, it is both reasonable and proper that the claimant make restitution for the funds that he received as a result of his fraudulent claim.  See Order & Reasons on Special Master's Motion for Return of Payment Made to Jarrod A. Burrle at 5 (Rec. Doc. 14747), Thonn at 21-26, Alfonso at 9-10.  Further, this Court has also rejected alternative suggestions such as a re-evaluation of a claim, finding that full restitution is appropriate.  See Parker, Order and Reasons at 7 (Rec. Doc. 15325).  Here, Pham received $325,861 as a result of his fraudulent claim; he should be required to return this full amount.

As the Court has recognized many times, it is well-accepted that one who receives a judgment through fraud is bound to make restitution.  Zirlott, at 6, <u>Restatement (Third) of Restitution and Unjust Enrichment</u> § 13 (2011) ("A transfer induced by fraud or material misrepresentation is subject to rescission and restitution.  The transferee is liable in restitution as necessary to avoid unjust enrichment.")  Restitution here is both reasonable and proper.

D.    <u>Conclusion</u>

Pham's misrepresentations to the DHECC defrauded and caused damage to a program set up to protect proceeds intended for those harmed by the spill.  This type of

---

[2] Here, Pham's implication of a "death penalty" imposed by the court supervised settlement program misuses a term reserved only for cases involving the loss of human life.  Return of the full award amount is not a death penalty; it is the proper result upon a finding of fraud committed upon the program.

fraud against the DHECC cannot be tolerated.  *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (stating that "institutions set up to protect and safeguard the public [are] institutions in which fraud cannot complacently be tolerated consistently with the good order of society.").  Abundant evidence documents that Pham intended to submit false invoices in support of a fraudulent claim, and that restitution should be ordered.  *In re HealthSouth Corp. Shareholders Litigation*, 845 A.2d 1096, 1105-06 (Del. Ch. 2003), *aff'd.* 847 A.2d 1121 (Del. 2004) (ordering restitution by company officer who had submitted incorrect share values to the company's board during a buy back, as officer was "the party with superior access to information and the primary duty to ensure the accuracy of the financial statements").  Pham's actions and false representations rendered his claims fraudulent and require judgment against him for full return of the funds paid by the DHECC.

The totality of the record shows that Pham defrauded the DHECC, and the Claims Administrator is entitled to judgment as a matter of law. The Claims Administrator respectfully requests that the motion for repayment be granted.

Respectfully submitted,

Patrick A. Juneau
Claims Administrator


By: _____/s/  Kevin Colomb_____
Kevin Colomb
Manager of Compliance and Internal Integrity


Dated:  November 30, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing motion and supporting documents have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and that a copy of the foregoing have been served this 30th day of November, 2015, by electronic mail, on the following:

Brent W. Coon
Brent Coon & Associates
215 Orleans
Beaumont, TX 77701
*Attorneys for Tommy Pham*


/s/Kevin Colomb
Kevin Colomb