<u>BP's Request for Discretionary Court Review Regarding Claim No. 52730</u>

Pursuant to Section 6.6 of the Economic and Property Damage Settlement Agreement ("Settlement Agreement"), BP files this Request for Discretionary Court Review. Following BP's appeal of the Settlement Program's award to Claimant, the Appeals Panel awarded Claimant, a janitorial services company located in Zone C, $1,314,964.68 pre-RTP ($1,643,705.85 post-RTP). *See* Post-Appeal Eligibility Notice; Notice of Appeals Panel Decision. The Settlement Program, however, erred by issuing an award to Claimant because Claimant is not a member of the Class and is ineligible for compensation.[1]

<u>Explanation of Basis for Request For Review</u>

According to the Settlement Agreement, class membership and the right to recover are limited to those who had a loss as a result of the Spill. *See* Settlement Agreement Sec. 1.3.1.2 (defining the Economic Damage Category to include "[l]oss of income, earnings or profits suffered by Natural Persons or Entities *as a result of* the **DEEPWATER HORIZON INCIDENT**") (emphasis added). This requirement is tracked in the Settlement Program's registration and claims forms, which require Claimant's to swear under oath that they are submitting a claim for losses "arising from" or "due to the Spill." *See* Registration Form at p. 1 (Doc. ID 3279158); Claim Form at p. 1 (Doc ID 3349251); *see also* Registration Form at p. 9 (explaining that the Business Economic Loss Claim Form is to be completed by "businesses [...] that assert economic loss *due to the Spill*) (emphasis added).

---

[1] The Parties submitted Initial Proposals and Final Proposals based on the rulings set forth in this Court's prior orders. Following our submissions and the Appeals Panel decision, the United States Court of Appeals for the Fifth Circuit issued its October 2, 2013 decision concerning the Business Economic Loss framework ("Fifth Circuit Decision"). The Fifth Circuit Decision discusses the importance of limiting awards to those "who experienced [1] actual injury [2] traceable to loss from the Deepwater Horizon accident." *In re Deepwater Horizon*, No. 13-30315, slip op. at 35 (5th Cir. Oct. 2, 2013).

1



EXHIBIT 4

Here, the record does not contain any evidence demonstrating that Claimant, a janitorial services company, had any loss *as a result of the Spill*. To the contrary, the record shows that Claimant's revenue and Variable Profit declined in 2010 not because of the Spill, but because by the end of 2009 -- before the Spill -- Claimant had lost nine of its top ten contracts. *See* Claimant's P&Ls. Because the record is devoid of any evidence demonstrating that Claimant has "experienced [1] actual injury [2] traceable to loss from the [Spill]," Claimant is not a class member. *In re Deepwater Horizon*, No. 13-30315, slip op. at 35 (5th Cir. Oct. 2, 2013).

For the foregoing reason, BP respectfully requests that the Court vacate the award to Claimant.