**From:** Jonathan Lemann [mailto:lemannjp@couhigpartners.com]
**Sent:** Tuesday, October 14, 2014 11:03 AM
**To:** AppealsCoordinator@dhecc.com; 'sarah.warlick@aporter.com'; 'daniel.cantor@aporter.com'; 'ccappeals@mdl2179psc.com'; Rob Couhig; Lisa Maher
**Subject:** RE: Remand of Claim for Matching Analysis - Claim ID 52730 (█████)

Dear Mr. Alltmont,

Thank you for your detailed response regarding the status of our client's claim (█████, Inc., "████"). In our view, your initial determination that ████ claim was an appeal that did not inv
olve an issue of matching was correct. We ask you to reconsider your decision to give credence to BP's objection and reinstate your initial determination that matching was not an issue on this appeal.

While we understand your general rules that you enumerated as numbers 1-4 in your October 4, 2014 Remand Memorandum, we believe that ████ claim fits within the very limited instance of those claims that are "save and except." You stated that :

Claims Administrator's Policy No. 495, "Business Economic Loss Claims: Matching of Revenue and Expenses" shall be applied to all BEL Claims currently in the claims process at any point short of final payment, including those claims currently in the claims appeal process, **SAVE AND EXCEPT those claims that had prior to October 3, 2013: received a final Eligibility Notice or Denial Notice and either (a) no timely appeal had been filed** *or* **(b) did not satisfy the criteria of an appealable claim under the terms of the Settlement Agreement.**

As demonstrated in detail below, ████ is one of those "Save and Except" claims because (1) it had received its final Post Appeal Eligibility Notice prior to the October 3, 2013 deadline and (2) as of October 3, 2013 it did not satisfy the criteria of an appealable claim under the terms of the Settlement Agreement (specifically Appeal Rule 25).

1. ████ *received a final notice before October 3, 2013*
A chronology of the ████ claims is as follows:
• August 10, 2012- ████ filed a claim under the Settlement Program
• July 19, 2013- ████ received an Eligibility Notice
• August 9, 2013 BP filed a Notice of Appeal
• August 21, 2013-Claimant and BP filed Initial Proposals
• August 27, 2013-Claimant and BP filed final Proposals
• **September 26, 2013 the Appeal Panel issued a Decision along with written reasons, a copy of which is attached hereto.**
• **September 27, 2013-**████ received its Post Appeal Eligibility Notice
• October 10, 2013 BP requested discretionary review on a non-Matching issue that was actually barred by Court Order--i.e. Causation
• **Subsequent to the Court's June 27, 2014 you listed** ████ **as a claimant whose appeal did not involve matching**
• On July 15, 2014, BP objected to your inclusion of ████
Accordingly ████ received its final Post Appeal Eligibility Notice prior to the October 3, 2013 deadline.
2. ████ claim did not satisfy the criteria of an appealable claim under the

EXHIBIT 5

**terms of the Settlement Agreement (specifically Appeal Rule 25).**
In conjunction with the Notice of Appeal Panel Decision on this claim, the Panel issued detailed written reasons on September 26, 2013. The issue of Matching was not raised before the Panel and was not considered. Rule 25 of the Appeal Rules, which govern appeals under the Settlement Program, dictates that a Discretionary Review can only be sought for consideration of issues raised and considered by the Appeal Panel:

*Appeal Rule 25. Issues for Review by Court.*
**The issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel.**
Accordingly, **at the time of the October 3 Order, this claim had completed the appeal process, there was no further review available to BP on Matching because of Rule 25 and as such the claim was final.** Accordingly, this claim did not satisfy the criteria for an appealable claim as of October 3 under the terms of the Settlement Agreement.

Although BP did file a request for discretionary review based on CAUSATION on October 10, 2013, this issue was not appealable. As the District Court's Order of April 24, 2013, (rec. doc 9538), dictated, a request for review based on Causation **"shall not suspend payment or processing of a claim**." (Moreover, this request was also precluded under Rule 25). Therefore, BP's request for discretionary review based on Causation was impermissible, did not suspend and **could not prevent the finality of this claim**, and was filed only to preserve BP's right to make the argument to the Fifth Circuit. The Court Ordered that "**any appeal so designated is denied…the Claims Administrator is instructed to proceed with final processing of such claims and issuing payment in accord with the terms of the applicable Eligibility Notice.**"

Additionally, BP's request for discretionary review on October 10, 2013 (after the October 3 Order) further evidences that BP did not consider this matter as involving Matching. The District Court's Order of October 3 suspended all Section 6 appeal process (including pleadings filings for review) *for claims involving Matching.* Yet, BP's Request for Discretionary Review specifically stated that it was pursuing a Section 6 appeal on Causation, clearly evidencing BP's belief that the matter was not stayed. At no time before this claim had completed the appeal process did BP consider this claim as involving Matching.

Allowing ▮▮▮▮ claim to move forward does not appear to be in conflict with points 1-4 of your general rules. Where a claim such as ▮▮▮▮ has never had the issue raised below and has *completed the appeal process* and the Appeal Panel did not consider Matching, Appeal Rule 25 would preclude further review and render the claim final**.** On the other hand, application of these general rules would appear to make sense for claims *presently in the appeal* stage and where Matching has not yet been raised. Your office can remand for application of Policy 495 where you determine the claim contains a matching issue. Or, in the instance where **Matching was raised in the appeal but no discretionary review was sought thereafter**, then your office can nevertheless remand for application Policy 495.

This is likewise in keeping with your office's initial assessment of this claim that Matching was not an issue on appeal and consistent with the placement of this claim

on your list of appeal claims that would move forward.
We bring these facts to your attention and request a reconsideration that this claim warrants a remand given that this claim had completed the appeal process and under Appeal Rule 25 was final prior to the October 3 Order.
We appreciate your consideration. Regards,

**Jonathan P. Lemann**
**Couhig Partners, LLC**
**1100 Poydras Street, Ste. 3250**
**New Orleans, LA 70163**
**( 504.588-9153**
**7 504.588.9750**

**From:** AppealsCoordinator <AppealsCoordinator@dhecc.com>
**Date:** October 3, 2014 8:47:12 PM CDT
**To:** "couhigre@couhigpartners.com" <couhigre@couhigpartners.com>, "'Warlick, Sarah E. (Sarah.Warlick@aporter.com)'" <Sarah.Warlick@aporter.com>, "'Cantor, Daniel A. (Daniel.Cantor@APORTER.COM)'" <Daniel.Cantor@APORTER.COM>, "'ccappeals@mdl2179psc.com'" <ccappeals@mdl2179psc.com>
**Subject: Remand of Claim for Matching Analysis - Claim ID 52730 (███ ███)**

Dear Ladies/Gentlemen:
I have determined that the above-referenced claim must be remanded to the Claims Administrator Office (CAO). The balance of this memorandum will explain my reasons for reaching that conclusion.
First, let me make a few general points that apply to all or some of the claims which are being remanded at this time.
1. The District Court's on May 28, 2014 order provides in relevant part that: Claims Administrator's Policy No. 495, "Business Economic Loss Claims: Matching of Revenue and Expenses" shall be applied to all BEL Claims currently in the claims process at any point short of final payment,[1] including those claims currently in the claims appeal process, save and except those claims that had prior to October 3, 2013: received a final Eligibility Notice or Denial Notice and either (a) no timely appeal had been filed *or* (b) did not satisfy the criteria of an appealable claim under the terms of the Settlement Agreement.
Hence, the over-arching rule is that Policy 495 is to be applied to all BEL claims except as specifically excepted. Since that is the applicable rule of law, I have determined that I must remand a claim for Policy 495 analysis unless I can clearly establish that BP has made no *prima facie* case for application of the matching policy. In case of any doubt, I must err on the side of remand.
2. In some of the cases which are now being remanded, claimants have averred that BP should be estopped from claiming matching because the claimant believes that BP did not raise matching in its appeal which was pending. While a prior court order stated that matching was at that time

to be determined based upon BP's appeal papers, the May 28 order
contains no such restriction and nor does the subsequent June 29 order
that controls my handling of these claims. Hence, even if BP had not
raised matching in the prior appeal, if BP has now made out a *prima
facie* case for matching, the claim must go back for Policy 495 analysis.
3. In some cases, a claimant had received a notice that an Appeal Panel had
rendered its decision authorizing a payment and in some of those cases,
BP had not filed a timely notice requesting discretionary court review. In
those situations, some claimants have contended that the claim is beyond
the "appeal process" and therefore should not be subject to Policy 495
review. However, the May 28 order expressly states that all claims are to
be so reviewed including those "in the claims process at any point short
of final payment." Thus the court included in the class of claims that
must be remanded all claims short of final payment.
4. In some cases, claimants have noted that the "triggers" referenced by BP
regarding their specific claims involve time frames that are not part of the
benchmark period used to calculate the claim. However, the CAO has
determined that in complying with Policy 495, it must apply the seven
triggers to all periods, not just the selected benchmark period. As
Appeals Coordinator, I believe that I must follow the interpretation
adopted by the CAO.
Having given the above general explanation, let me now briefly reference
points specifically applicable to the above-referenced claim.
BP contends that claimant's financials trip 2 of the 7 triggers indicative of
a need for matching. BP also highlights "unusual spikes in revenue" in April
2008 and December 2008.
Claimant makes several responses including that BP did not raise
matching in its original appeal and that since BP noted but 2 isolated "triggering"
events, claimant's financials have already been sufficiently matched. Claimant
further contends that the claims analyst has already considered and accounted for
what BP has now pointed out. Claimant further points out that the 2008 "spikes"
are not within the benchmark period.
Under the court's guidelines, we have determined that the case must be
remanded for Policy 495 consideration. Note as here applicable general
comments 2 and 4 above. As to claimant's statement that the claims analyst has
already considered the points raised by BP, that is a claim that has to be
addressed by the CAO's financial vendors and is beyond the Appeals
Coordinator's scope of authority. For reasons stated, this claim must be
remanded for Policy 495 consideration.
Jack M. Alltmont
Appeals Coordinator
**Office of the Appeals Coordinator**
*This electronic mail is intended to be received and read only by certain individuals. It may contain
information that is privileged or protected from disclosure by law. If it has been misdirected, or if
you suspect you received this in error, please notify me by replying and then delete this message
and your reply. These restrictions apply to any attachment to this email.*
[1] Those claims which prior to this Court's injunction of October 3, 2013, had already received

final payment or had received denial notices which were final after the re-review, reconsideration, and appeals processes had been exhausted are not claims considered to be "currently in the claims process," and as such, are not subject to Policy 495.

This email (and any attachments) is confidential and is intended for use solely by the properly named addressee. If you are not the intended recipient, any use, dissemination, forwarding, copying or printing of this email without the consent of the originator is strictly prohibited. Although this email (and any attachments) are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this email in error, please immediately notify the sender by reply email or by telephone at 504-934-4999.