UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig            MDL 2179
       "Deepwater Horizon" in the
       Gulf of Mexico, on
       April 20, 2010                                 SECTION "J"

This Document Relates to:               JUDGE BARBIER
Nos. 12-970, 15-4143, 15-4146 & 15-4654    MAG. SHUSHAN

**PLAQUEMINES PARISH REPLY SUBMISSION REGARDING THE
ALLOCATION OF HESI AND TRANSOCEAN SETTLEMENT PROCEEDS**

      Plaquemines Parish, a putative "New Class" claimant in the class settlements of HESI and Transocean, together with the Plaquemines Parish Port, Harbor and Terminal District, The Cameron Parish Police Jury and The Town of Grand Isle, Louisiana, and on behalf of the similarly aligned parties previously identified in the original submission, offers the following brief reply.

      In furtherance of our arguments and upon review of the other submissions we would make three general observations.  First, we have approached the analysis of the division of the settlement from a temporal standpoint.  In other words, rather than exercising 20/20 hindsight of the situation as it was on the date of the Neutral's first hearing, our analysis examined the position of the parties on the day the respective settlements were confected.  We believe this is the only perspective by which the position of the parties at the time of settlement can be examined.

      Second, to the extent they were not adopted before, we would point the Court again to the several arguments of Transocean and HESI in their respective motions for summary judgment regarding BP's assignment of claims. (ECF Nos. 8120 and 8268).  Unlike an argument for or against the imposition of punitive damages which is factually based, the arguments against the assignment of BP's claims arise from contractual legal rights of assignment and from the inability of the putative

1

economic class (essentially a sub-settlement class which specifically excludes vast entities affected by the Deepwater Horizon spill) to litigate the assigned claims. The law as set forth by HESI and Transocean strongly disfavors the assignment of claims particularly to a sub-class formed for the purposes of settlement.

Third, as the Court recognized in its Order and Reasons on Transocean and BP's Cross-Motions for Partial Summary Judgment, a true " 'indemnity' agreement determines which party to a contract will ultimately bear the risk of injury to a *third party*." (ECF 5446, p. 11) (emphasis added). BP assigned to the Old Class certain claims against Transocean and HESI, which it described to include its costs to respond to and/or clean up the Deepwater Horizon spill. (See **Exhibit C** to Plaquemines Parish's Original Submission, Rec. Doc. No. 6430-39 – Exhibit 21 to PSC-BP Amended Settlement Agreement, pp. 5-6, ¶ 1.1.3.3.). Cleanup and response costs are not first party damages; instead, they are the costs BP paid to clean up the property of others, not property that BP owned. Those costs are, therefore, third party claims for which BP was required to indemnify Transocean and HESI under the Court's Order and Reasons. Accordingly, the Old Class has no right to recover for cleanup and response costs as "first party" damages incurred by BP.

**VIII.  Conclusion**

In light of BP's "unclean" hands coupled with the legal impediments of BP actually assigning its claims to the "Old Class" and in consideration of the viability of those claims, the Appointed Neutral should allocate all damages, but for a nuisance value of the assigned claims, to the "New Class."

**Respectfully submitted:**

**MARTZELL & BICKFORD, A.P.C.**

/s/ *Scott R. Bickford*

**SCOTT R. BICKFORD (T.A. #1165)**
**LAWRENCE J. CENTOLA III (# 27402)**
**JASON Z. LANDRY (#33932)**
usdcedla@mbfirm.com
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065
(504) 581-7635 Fax
**Counsel for Plaquemines Parish, Louisiana, Plaquemines Port, Harbor and Terminal District and Co-Counsel for the Town of Grand Isle, Louisiana**, **Co-Counsel for Cameron Parish Police Jury, Louisiana,**

**KING, KREBS & JURGENS, P.L.L.C.**
HENRY A. KING (#7393)
MICHAEL L. VINCENZO (#23965)
201 St. Charles Ave, 45th Floor
New Orleans, LA  70170
(504) 582-3800
(504) 582-1233
E-mail:  Hking@kingkrebs.com
**Counsel for Plaquemines Parish, Louisiana, and Plaquemines Port, Harbor and Terminal District**


**The Law Office of David L. Landry**
DAVID L. LANDRY (#7978)
1214 Parasol Place
 Pensacola, Florida  32507
(850) 492-7240
E-mail:  2landry@cox.net
**Counsel for Plaquemines Parish, Louisiana, and Plaquemines Port, Harbor and Terminal District**

3

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaquemines Parish Reply Submission Regarding the Allocation of HESI and Transocean Settlement Proceeds will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of December 2015.

                                                            /s/ *Scott R. Bickford*
                                                            SCOTT R. BICKFORD

G:\Clients\DWH Class Punitive Damages\Memo Punitive Damages Division\Reply Memo.wpd