**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| *"Deepwater Horizon"* in the Gulf | | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | HONORABLE CARL J. BARBIER |
| This Document Relates to: | | |
| | * | MAGISTRATE JUDGE SHUSHAN |
| Nos. 12-970, 15-4143, | | |
| 15-4146, and 15-4654 | * | |

---

### *DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT "OLD CLASS" REPLY IN THE HALLIBURTON AND TRANSOCEAN PUNITIVE DAMAGES AND ASSIGNED CLAIMS SETTLEMENT AGREEMENT ALLOCATION PROCEEDING

  /s/ Thomas L. Young
Thomas L. Young, FL Bar No. 231680
Law Office of Thomas L. Young, P.A.
209 South Howard Avenue
Tampa, Florida 33606
Phone: (813) 251-9706
Fax: (813) 364-1908
tyoung@tlylaw.com

*Counsel for Deepwater Horizon Economic and Property Damages Settlement Agreement "Old Class" – Scope of representation limited to this Allocation Proceeding.*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Deepwater Horizon* Economic and Property Damages Settlement Agreement "Old Class" Reply to the Allocation Neutral will be served on all Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No.12, and that the foregoing will be electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 4th day of December, 2015.

  /s/ Thomas L. Young

New Class is in an untenable position. On one hand it argues that Transocean and Halliburton, hereinafter the Defendants, are guilty of egregious conduct entitling New Class to punitive damages from those companies. But on the other hand, New Class asserts that BP, not found liable of punitive conduct, cannot recover from Transocean and Halliburton at all. Simply put, these two positions cannot be squared under the facts or law of this case.

The fact remains that the only parties against whom punitive damages are being levied are the Defendants (based on the assumptions which must be made by New Class). New Class's attempt to introduce unclean hands as a complete bar to Old Class's recovery ignores long-standing precedent confirming that general maritime law adopts a scheme of comparative negligence.[1] It also ignores the Oil Pollution Act's statutory framework of allowing the Responsible Party to first pay damages and then seek reimbursement from parties who contributed to the cause of the damages. The practical result of New Class's position would have this Court revert to a system of pure contributory negligence, completely barring recovery for those who had a hand in the negligence that caused their harm. Such is not the law of this Circuit or the United States.

And while it is true that this Court, sitting in admiralty, is a court of equity, it is equally true that justice cannot be served by indulging New Class's position. There is nothing equitable or fair about letting joint tortfeasors off the hook for the damages they had a significant hand in sowing.

Additionally, New Class's assertion that Defendants slept well *knowing* that they would not have to pay their fair share to BP (and thus Old Class through assignment) because of the

---

[1] "The harsh rule of the common law under which contributory negligence wholly barred an injured person from recovery is completely incompatible with modern admiralty policy and practice. Exercising its traditional discretion, admiralty has developed, and now follows, its own fairer and more flexible rule..." *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 408-09 (1953).

doctrine of unclean hands is not supported by any evidence. Tellingly, none of the parties to this litigation, nor Judge Barbier in his "Indemnity Rulings,"[2] once contemplated the applicability of this doctrine in any filings.[3] Surely sophisticated parties - as New Class describes the Defendants - would have briefed this bulletproof defense? Again, the only parties against whom punitive damages are being levied are the Defendants. As such, between two actors, one whose behavior did not rise to a level that resulted in the imposition of exemplary damages (BP) and another whose behavior did (Defendants), the equitable doctrine of unclean hands should not inure to the benefit of the latter.

Finally, when considering the *numerous ways* in which Old Class may recover (under theories of breach of contract, gross negligence, willful and wanton disregard, recklessness, strict liability / unseaworthiness, and OPA contribution) versus New Class's *sole avenue*, when one speaks of "equities," it is submitted that they favor allocating the majority of – if not all of – the $1,239,750,000 to Old Class.

### A.  <u>Comparative Allocation of Fault in Admiralty is the Law of this Circuit and the United States.</u>

The Supreme Court of the United States long ago adopted a system of comparative negligence for allocating fault in suits in admiralty.[4] Additionally, OPA creates a statutory right

---

[2] *Jn re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, 841 F. Supp. 2d 988, 1003, 1009 (E.D. La. Jan. 26, 2012); *In re Oil Spill by Oil Rig DEEPWATER HORIZON in Gulf of Mexico, on Apr. 20, 2010*, No. 10-2771, 2012 WL 273726, at *2 (E.D. La. Jan. 31, 2012).

[3] Save for the Allocation Neutral's mention in passing during the October 8, 2015 Status Conference that the doctrine *may possibly* hinder Old Class's recovery of its first-party *punitive* damages from the Defendants.

[4] *See United States v. Reliable Transfer Co., 421 U.S. 397, 411 (1975)* ("We hold that, when two or more parties have contributed by their fault to cause property damage in a maritime collision or stranding, liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault…"); ("That a vessel is primarily negligent does not justify its shouldering all responsibility, nor excuse the slightly negligent vessel from bearing any liability at all."); *Id.* at 407 ("[I]n our own admiralty law, a rule of comparative negligence has long been applied with no untoward difficulties..."); *Exxon Co., U.S.A., et al. v. Sofec, Inc.*, 517 U.S. 830, 832 (1996) ("[W]e abandoned the 'divided damages' rule previously applied to claims in admiralty for property damages, and adopted the comparative fault principle for allocating damages among parties responsible for an injury.")

to contribution "against any other person who is liable or potentially liable under this Act or another law."[5] To allow Defendants (New Class) a free pass through the application of the doctrine of unclean hands would be to contradict decades of comparative fault admiralty jurisprudence, while at the same time thwarting OPA's "pay claims now, sort it out later" mantra.[6]

**B.**  **The Application of the Doctrine of Unclean Hands is not Supported by the Facts of this Case.**

New Class, in expressly admitting and advocating for a finding that Defendants' behavior was egregious and grossly negligent, cannot in the same breath seek the equitable mercy of this Court by invoking unclean hands. Indeed, to do so would eviscerate the very concept that New Class espouses, "A party who has 'dirtied its hands' in the acquisition of a right accordingly loses that right in a maritime court."[7] Defendants' hands are as dirty, if not more so, than BP's.

New Class cannot reconcile victimhood with the Defendants' egregious behavior. As noted by New Class, "[T]he equitable maxim that he who comes into equity must come with clean hands ... is a self-imposed ordinance that closes the doors of a court of equity to one tainted with *inequitableness or bad faith* relative to the matter in which he seeks relief…".[8]

There has been no finding that BP acted in such a way as to warrant punitive damages being assessed against it. Likewise, for this exercise, there is no need for such a finding. But in order for New Class to receive punitive damages, it must demonstrate that the Defendants were at a minimum grossly negligent.[9] If we assume gross negligence by the Defendants (as New

---

[5] 33 U.S.C. § 2709
[6] As few would be willing to promptly and voluntarily declare themselves a Responsible Party if there was no chance of recovering from fellow tortfeasors.
[7] New Class Brief at page 6
[8] *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) (emphasis added).
[9] As well satisfy the test described in *Matter of P & E Boat Rentals, Inc.*, 872 F.2d 642, 651-52 (5th Cir. 1989).

Class must), then there is certainly no "inequitableness" between BP and the Defendants that the application of unclean hands can ameliorate.

What is fair, moral or just about forcing the party that was 67% responsible for the accident to foot 100% of the expenses associated with cleaning up the mess? The equitable doctrine of unclean hands cannot be wielded as a weapon in order to allow a free ride for a culpable party, much less one whose behavior has been called "egregious" by the District Court.[10]

Recall that "Transocean was primarily responsible for monitoring the well at all times"[11] and that "Transocean admitted as much when it pled guilty to certain crimes arising from the incident."[12] "Transocean was also responsible for activating the BOP in response to a well control event and [no] other entity on the *Deepwater Horizon* was responsible for the BOP."[13] As "[t]he BOP is a safety critical device,"[14] … "had the Transocean drill crew acted appropriately, the well would have been shut in … and the blowout and explosion avoided."[15] "Consequently, the Court [found] that the Transocean drill crew failed to exercise proper well control, which was a cause of the blowout, explosion, and oil spill"[16] and that "Transocean bears much of the blame for the well monitoring and well control failures."[17] But for Transocean's failures "the rig probably would have been saved and the oil spill would have been avoided."[18] In short, Transocean, pursuant to its "Run-It, Break-It, Fix-It" mentality[19] (which resulted in a poorly

---

[10] Findings of Fact and Conclusions of Law – Phase One Trial, Rec. Doc. 13381-1 at paragraph 558.
[11] *Id*. at paragraph 254
[12] *Id*. at paragraph 259
[13] *Id*. at paragraph 302
[14] *Id*. at paragraph 370
[15] *Id*. at paragraph 335
[16] *Id*. at paragraph 336
[17] *Id*. at paragraph 361
[18] *Id*. at paragraph 593
[19] "Run it, break it, fix it" was a characterization of the Transocean maintenance program, as reflected in the Lloyd's Register Report dated July 2, 2010. See Phase One TREX-929, p.93; Webster Testimony, p.3,932.

maintained and malfunctioning safety critical BOP),[20] had the last clear chance to avoid this catastrophe – yet the company blew it.

Halliburton of course had its own significant failings, " … it provided mudloggers who acted as a 'second pair of eyes' on the well. … If a mudlogger observed any anomalies, he or she was obligated to report them…"[21] "[T]he anomalies … should have been noticed by … the Halliburton mudlogger."[22] "Halliburton's conduct is egregious."[23]

## Conclusion

The proper application of the doctrine of unclean hands prevents those who have acted unconscionably from benefiting from their own misconduct. Here BP, through Old Class, is simply asking to be made whole in a zero sum game – to receive recompense for the proportion of damage the Defendants are responsible for. For the reasons stated above, as well as in Old Class's original Statement,[24] a significant percentage – perhaps 100% – of the $1.24 billion fund should be allocated to Old Class.

---

[20] "Transocean was responsible for maintaining the BOP. Transocean had a policy of changing [BOP] batteries every year. Despite its own policy … Transocean had not replaced the [BOP's] battery since November 2007. A simple voltage test … would have detected the depleted battery. There is no evidence that Transocean conducted such a test." Findings of Fact and Conclusions of Law – Phase One Trial, Rec. Doc. 13381-1 at paragraphs 407-410. "Accordingly, Transocean is responsible for failing to maintain the BOP and consequently violated 30 C.F.R. § 250.446." *Id*. at paragraph 415.
[21] *Id*. at paragraph 303
[22] *Id*. at paragraph 321
[23] *Id*. at paragraph 558
[24] Rec. Doc. 15572