

# RULES GOVERNING DISCRETIONARY COURT REVIEW OF APPEAL DETERMINATIONS

# EFFECTIVE DECEMBER  8 , 2015



## TITLE I: GENERAL

**Rule 1.  Background**.  The Economic and Property Damages Settlement Agreement ("Settlement Agreement") provides for a detailed and comprehensive system for submission, evaluation and determination of claims on behalf of the members of the Economic and Property Damages Settlement Class. This system is the product of extensive negotiations between the parties. Under this system, all parties are afforded the opportunity to fully present their cases and further to have their positions considered by not only the Claims Administrator and his Court-appointed Vendors but also by an independent Appeal Panel. These procedures are all as agreed to by the parties and as set out in detail in the Settlement Agreement.

**Rule 2.  Right to Appeal**.  The Settlement Agreement affords the parties the right to appeal to an independent Appeal Panel comprised of persons who were appointed by the Court upon joint recommendation of the parties pursuant to Section 6 of the Settlement Agreement.  The Settlement Agreement provides no right of automatic appeal from the determinations of this independent Appeal Panel.

**Rule 3.  Court Discretionary Review**.  The Settlement Agreement recognizes this Court's inherent jurisdiction over the settlement as a whole and its discretionary right to review any determination of the Appeal Panel. (Section 6.6 and Exhibit 25).

**Rule 4.  Exercise of Discretion**.  Over 350,000 claims have been filed to date in this settlement program. It was not anticipated by the parties, nor is it feasible, for the Court to act as the arbiter of each individual claim. Discretionary Court Review of an Appeal Panel Determination is a form of extraordinary relief that will be conducted only in rare and exceptional circumstances.  The consideration and evaluation of individual claims is rightfully the province of the Claims Administrator, the Court-appointed Vendors and the Appeal Panel.  The Court will exercise its discretionary right of review under Section 6.6 and Exhibit 25 of the Settlement Agreement but will do so only in exceptional circumstances.

**Rule 5.   Purpose of these Rules.** These rules govern the process for discretionary Court review of appeal determinations under Section 6.6 and Exhibit 25 of the Settlement Agreement and Rule 22 of the Rules Governing the Appeals Process.

**Rule 6.   Court.**  "Court" shall refer to the United States District Court for the Eastern District of Louisiana.

**Rule 7.   Definitions.**  Unless otherwise defined in these rules, all capitalized terms shall have the meanings given to them in the Settlement Agreement. Unless otherwise noted, "Appeal Panel" shall be used throughout these rules to refer to a single-member Appeal Panel and/or a three-member Appeal Panel.

**Rule 8.   Authority to Establish Procedures.**  Pursuant to Section 6.3 of the Settlement Agreement, "[t]he Settlement Program may establish additional procedures for the Appeal Process not inconsistent with Exhibit 25."  Further, these rules are adopted by the Court pursuant to and consistent with the ruling of the United States Court of Appeals for the Fifth Circuit in *In Re: Deepwater Horizon*, No. 13-30843, May 8, 2015.



**Rule 9.** **Authority to Permit Discretionary Court Review.** Pursuant to Section 6.6 of the Settlement Agreement "[t]he Court maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the [Settlement] Agreement. Upon reviewing such a determination, the Court shall treat the Appeal determination as if it were a recommendation by a Magistrate Judge."

**Rule 10.** **Appeals Coordinator.** The Claims Administrator has appointed Patrick Hron as the Appeals Coordinator to oversee the Appeals Process. Mr. Hron's email address is: AppealsCoordinator@dhecc.com

**Rule 11.** **Submission of Documents or Information.** Unless otherwise provided in these rules, when BP, Class Counsel, or a claimant who is represented by counsel ("Represented Claimant") submits documents or information to the Appeals Coordinator under these rules, submission means posting the documents to the DWH Portal. If at the time BP, Class Counsel, or a Represented Claimant attempts to submit the documents or information, the DWH Portal is nonfunctional, it may submit such documents or information to the Appeals Coordinator by electronic mail, US Mail or delivery to the office of the Appeals Coordinator. When a claimant who is unrepresented by counsel ("Pro Se Claimant") submits documents or information to the Appeals Coordinator under these rules, submission means posting the documents or information to the DWH Portal or by submission of such documents or information to the Appeals Coordinator by electronic mail, US Mail or delivery to the office of the Appeals Coordinator.

**Rule 12.** **Notice and Service.** When these rules require the Appeals Coordinator to give notice or serve any documents and/or information, notice and service shall mean posting the relevant documents and information on the DWH Portal and/or sending the documents and information by US Mail. The Appeals Coordinator shall send such documents and information by US Mail to any Pro Se Claimant and by email if the claimant has indicated such. When these rules refer to service of any document or any party being served with a document, the date of service shall be the date such document was posted on the DWH Portal or, if mailed, three days from the postmark date, whichever is later.

**Rule 13.** **Computation of Time and Dates of Submission.**

(a) Any time period prescribed by these rules shall be computed in accordance with Rule 6 of the Federal Rules of Civil Procedure subject to any further clarifications from the Office of the Claims Administrator. If a deadline under these rules falls on a Saturday, Sunday or a holiday, the deadline is extended to the next business day. Holidays are: New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by the Office of the Claims Administrator.

(b) Determining the Date of Submission. Any document submitted on the DWH Portal or by email shall be considered submitted on the date uploaded or emailed at the local time of the submitting party. Documents submitted by mail shall be considered submitted on the postmark date. Documents submitted by overnight delivery shall be considered submitted on the date delivered to the carrier. Documents submitted by personal delivery shall be considered submitted on the date of receipt.



**Rule 14.    Prerequisite for Request for Discretionary Court Review.**  No party may request review by the Court unless that party has first exhausted the appeal procedures set forth in the Settlement Agreement and the Rules Governing the Appeals Process.

**Rule 15.    Appeals Coordinator's Discretion to Stay Reviews.**  The Appeals Coordinator has the discretion to stay any Court review or request for Court review that presents a policy question or any issue that could give rise to inconsistent treatment among claimants until the issue is resolved by the Court or by agreement of the parties.  The Appeals Coordinator shall notify the affected Requesting Party, Objecting Party and Class Counsel of any such stay.

### TITLE II:  DISCRETIONARY NATURE OF COURT REVIEW

**Rule 16.    Court Review is Discretionary.**  The Settlement Agreement provides no right of automatic appeal to the Court.  Whether the determination of an Appeal Panel will be reviewed by the Court lies solely within the Court's discretion.  Review by the Court of an Appeal Panel determination will be granted only in exceptional circumstances.

### TITLE III:  REQUESTING DISCRETIONARY COURT REVIEW AND OBJECTING TO SUCH REQUESTS

**Rule 17.    Request for Review.**  To request discretionary review by the Court, BP, Lead Class Counsel or Claimant ("Requesting Party") must submit a Request for Discretionary Court Review ("Request"), which shall contain the following information and shall not exceed three (3) double-spaced typewritten pages:

> (a) A clear statement of how the determination by the Appeal Panel failed to comply with the Settlement Agreement and why the extraordinary relief of review by the Court should be granted in this instance; and
>
> (b) The relief sought.

**Rule 18.  Submitting the Request for Review.**   The Requesting Party must submit its Request by the means outlined in Rule 11 within fourteen (14) days of being served with a Notice of Appeal Panel Decision. The Appeals Coordinator shall serve the Request on the opposing party and Lead Class Counsel.

**Rule 19.  Filing the Request for Review with the Court.** Upon receipt of a Request for Discretionary Court Review, the Claims Administrator or his designee shall file the Request into the Court record.  The Claims Administrator or his designee shall also provide the Clerk of Court with service information for (a) the claimant and BP as parties, and (b) Lead Class Counsel and the Claims Administrator as interested persons.  The Clerk of Court shall thereupon assign a new docket number to each such Request.



**Rule 20.    Submitting an Objection to Request.**    The opposing party ("Objecting Party") may submit an Objection to Requesting Party's Request ("Objection") to the Appeals Coordinator within twenty-five (25) days of being served with a Notice of Appeal Panel Decision.  The Objection shall not exceed three (3) double-spaced typewritten pages.   The Appeals Coordinator shall serve the Objection on the Requesting Party and Lead Class Counsel.

**Rule 21.    Issues Designated in April 24, 2013 Order.** If the case has been identified as: (a) "Contributions/Grant Revenue for Non-Profits issue" or (b) "Alternative Causation issue," as set forth in the Court's order of April 24, 2013 (rec. doc. 9538) in accordance with May 8, 2015 rulings of the United States Court of Appeals for the Fifth Circuit, no Request or Objection may be submitted and the processing of claims will not be suspended in such cases unless there is a further order of the Court.

**Rule 22.    Suspension of Claim Process.**  The submission of a Request for Discretionary Court Review to the Appeals Coordinator shall suspend the requirements for finalization of the claim process set forth in Rules 17(e) and 18(f) of the Rules Governing the Appeals Process until such time as the Request has been ruled upon by the Court.

**Rule 23.    No Request Submitted.**  If no Request has been submitted to the Appeals Coordinator on or before the 15th day following service of the Notice of Appeal Panel Decision, the Claims Administrator shall proceed with payment of the claim in accordance with the Appeal Panel decision and subject to the Program's standard payment processing protocols, or if the Appeal Panel denied the claim, the Claims Administrator shall close the claim.

**Rule 24.    Submission of Request and Objection to the Court for Consideration.**  The Appeals Coordinator shall forward the Requesting Party's Request and the Objecting Party's Objection to the Court. If the case has been identified as:   (a) "Contributions/Grant Revenue for Non-Profits issue" or (b) "Alternative Causation issue" as set forth in the Court's order of April 24, 2013 (rec. doc. 9538), any Request or Objection will not be submitted to the Court and the processing of claims will not be suspended in such cases unless there is a further order of the Court.

**Rule 25. Withdrawal of Request for Review.**  If, after the filing of a Request for Discretionary Court Review but prior to the entry of Order and/or Judgment on such Request, Requesting Party wishes to withdraw its Request, Requesting Party must file a formal notice of dismissal with the Court.

### TITLE IV:  DENIAL OF REQUEST

**Rule 26.   Denial of Request.**  If the Court, in its discretion, elects not to conduct a review, the Court shall notify the Appeals Coordinator.  Upon such notice from the Court, the Appeals Coordinator shall give notice to the parties.   Additionally, the Court shall enter an Order into the Court record documenting its decision to decline to conduct a review of the claim.  Once further action is proper under the applicable rules of civil and appellate procedure, the Claims Administrator shall then complete the requirements for finalization of the claim process as set forth in Rules 17(e) and 18(f) of the Rules Governing the Appeals Process.



## TITLE V: REVIEW BY THE COURT

**Rule 27. Granting of Request.** If the Court, in its discretion, elects to conduct a discretionary review, the Court shall notify the Appeals Coordinator.

**Rule 28. Record on Court Review.** The Record on Court Review shall consist of:

(a) The Claims Administrator's Summary of Review, if one was prepared;

(b) The decision of the Appeal Panel and its written opinion, if one was prepared;

(c) The Initial and Final Proposals and supporting memoranda, as well as any amicus filings contained in the claim file submitted by Class Counsel under the Rules Governing the Appeals Process; and

(d) Any additional portions of the claim file specifically requested by the Court for review.

**Rule 29. Record on Court Review Made Available to Court.** The Appeals Coordinator shall make the Record on Court Review available for review by the Court.

**Rule 30. Issues for Review by Court.** The issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel.

**Rule 31. Standard of Review.** The decision of the Appeal Panel is subject to de novo review by the Court.

**Rule 32. Decision of the Court.** Upon receipt of a decision by the Court, the Appeals Coordinator shall post such decision on the DWH Portal and provide notice to Requesting Party, Objecting Party, and Lead Class Counsel. Additionally, the Court shall enter an Order and/or Judgment into the Court record documenting its decision. The Claims Administrator shall promptly complete the processing of the claim consistent with the Court's decision once further action is proper under the applicable rules of civil and appellate procedure. The Claims Administrator shall also post the Court's decision in redacted form (redacted to remove personally identifying information) on the Settlement Program's public website.

**Rule 33. No Further Court Review.** Following decision by the Court pursuant to Rule 26 or Rule 32, there will be no further review by the Court. The only avenue for relief after Order and/or Judgment on Request for Discretionary Court Review is entered is appeal to the United States Court of Appeals for the Fifth Circuit.

## TITLE VI: APPEAL FROM JUDGMENT OF THE COURT

**Rule 34. Filing of Appeal.** Any party seeking to appeal from a judgment of the Court with respect to a Request for Discretionary Court Review shall comply with all requirements set forth in Rules 3 and 4 of the Federal Rules of Appellate Procedure. Parties are cautioned that current Court rules allow only natural persons to make pro se filings and that Court filings of corporate or other type entities must be made by counsel on their behalf.



**Rule 35. Preparation of Basic Appeal Record.** Upon the filing of a Notice of Appeal, the Claims Administrator or his designee shall prepare the basic record for appeal and shall submit such documents to the Clerk for the District Court, which record shall consist of the following items from the Claim File of the claimant which is a party to the appeal and as otherwise listed below:

(a)  The Order and Judgment of the Court;

(b)  The Request and the Objection with respect to the Request for Discretionary Court Review;

(c)  The decision of the Appeal Panel and its written opinion, if one was prepared;

(d)  The Claims Administrator's Summary of Review, if one was prepared;

(e) The Initial and Final Proposals and supporting memoranda, as well as any amicus filings contained in the claim file submitted by Class Counsel under the Rules Governing the Appeals Process;

(f)  The Rules Governing Discretionary Court Review of Appeal Determinations;

(g)  The Settlement Agreement;

(h) Any Claims Administrator's Approved Policies properly and timely designated by the parties pursuant to Rule 36; and

(i) Any additional portions of the claim file that were available for the Court's review and were properly and timely designated by the parties pursuant to Rule 36.

**Rule 36.  Parties' Additional Designation of the Record from the Claim File**.  In order to designate any additional portion of the Claim File for inclusion in the record on appeal as outlined in Rule 35(h) and Rule 35(i), a party must within 14 days of the filing of the Notice of Appeal submit by email to the Appeals Coordinator:  an index in Word format that lists each document from the Claim File that it wishes to have included in the record on appeal, which index shall specifically identify each such document, including, where applicable, the specific Document File ID.  In addition, the index may include Claims Administrator's Approved Policies relevant to the claim at issue, which policies shall be specifically identified by policy number (and version, if applicable).  Upon receipt of this index, the Claims Administrator or his designee shall supplement the record for appeal by preparing any additional designated items contained in the Claim File pursuant to Rule 35 and shall submit by electronically filing in CM/ECF that additional portion of the record to the Clerk for the District Court within 21 days after the filing of the Notice of Appeal.  Twenty-one days after the filing of the Notice of Appeal, the Fifth Circuit will consider the record complete.  If additional time is needed to complete the record, the parties shall file a motion with the Fifth Circuit requesting additional time to complete the record.

**Rule 37.  Parties' Designation of the Record from a District Court Case File**.  In order to designate any portion of a District Court case file for inclusion in the record on appeal in addition to the Standard Designation of Record from the MDL 2179 District Court Docket referred to in Rule 38 below, a party must within 14 days of the filing of the Notice of Appeal submit by email to the Appeals Coordinator:  an index in Word format that lists each document from the specific District Court case file that it wishes to



have included in the record on appeal, which index shall specifically identify each designated document by Court, by case file/docket number, and by rec. doc. number.  The designating party will prepare that portion of the record for appeal designated from the District Court case file and submit by electronically filing in CM/ECF that portion of the record, including individual pdfs of all of the documents contained in the party's designation index, to the Clerk for the District Court within 21 days of the filing of the Notice of Appeal.  Twenty-one days after the filing of the Notice of Appeal, the Fifth Circuit will consider the record complete.  If additional time is needed to complete the record, the parties shall file a motion with the Fifth Circuit requesting additional time to complete the record.

**Rule 38.  Standard Designation of Record from the MDL 2179 District Court Docket**.  In order to streamline the designation process as it relates to appeals filed pursuant to Rules 8 and 33 as well as Title VI of these Rules, the Court has requested that Lead Class Counsel and BP provide an index of a standard designation of documents from the MDL 2179 case file to be included in the record on all appeals to the Fifth Circuit Court of Appeals.  This agreed-upon designation index will be included under the Reporting/Appeals section of the Deepwater Horizon Economic and Property Damages Settlement Program's website (http://www.deepwaterhorizoneconomicsettlement.com/reporting.php). The documents associated with this designation will be housed in Fifth Circuit Case File No. 15-98007 and in the record on all appeals to the Fifth Circuit Court of Appeals.  Parties to an appeal may supplement this standard designation to the extent permitted under and as provided by Rule 37 of these Rules.

**Rule 39. Suspension of Claim Process.** The filing of a Notice of Appeal shall suspend the requirements for finalization of the claim process as set forth in Rules 17(e) and 18(f) of the Rules Governing the Appeals Process until such time as provided in the applicable rules of civil and appellate procedure.

## TITLE VII: MISCELLANEOUS

**Rule 40.  Restricted Access**. Because the Court record will contain documents and information submitted as part of a private, negotiated settlement and which were intended by the settling parties to be treated as confidential, the documents contained in the Court record shall be restricted to court users and case participants (claimant, BP, Lead Class Counsel and Claims Administrator).  Parties are cautioned that if their case goes to the United States Court of Appeals for the Fifth Circuit, they must file a motion to seal the entire case record in the Fifth Circuit if they wish to preserve confidentiality of the record in the Fifth Circuit.

**Rule 41.  Applicability of Civil and Appellate Rules of Procedure.**  All other applicable rules under the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure as well as applicable Local Rules and relevant case law shall apply to any appeals from any ruling on Request for Discretionary Court Review.

**Rule 42.  Currently Pending Requests for Review.**  With regard to any Request for Discretionary Court Review that was filed prior to the date of enactment of these revised rules and on which the Court has not yet rendered a decision, the Claims Administrator or his designee shall proceed to file all such Requests into the Court record in accord with Rule 19.