AO 133    (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| Cameron International Corp. | ) | 10md2179 |
| | ) | |
| v. | )Ref: Case No.:12-cv-311 | J (1) |
| Liberty Insurance Underwriters Inc. | ) | |
| | ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____10/31/2014_____ against  Liberty Insurance Underwriters Inc.

the Clerk is requested to tax the following as costs:                    *Date*

| | | |
|---|---|---|
| Fees of the Clerk  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 1,426.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | 56,842.90 | ~~62,319.86~~ |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | ~~572.62~~ |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Compensation of court-appointed experts  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828  . . . . . | | |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |

TOTAL $ 58,268.90 ~~64,318.48~~

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories. See Exhibit A

| Declaration |
|---|

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

[✓]  Electronic service          [ ]  First class mail, postage prepaid

[ ]  Other:  _____

s/ Attorney:      /s/ Carmelite M. Bertaut

Name of Attorney: Carmelite M. Bertaut

For:  _____Cameron International Corp._____          Date:  _____12/05/2014_____
            *Name of Claiming Party*

| Taxation of Costs |
|---|

Costs are taxed in the amount of  _____$58,268.90_____  and included in the judgment.

| | | |
|---|---|---|
| William W. Blevins | By:  *Carol L. Michel* | December 9, 2015 |
| *Clerk of Court* | *Chief  Deputy Clerk* | *Date* |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAMERON INTERNATIONAL CORP.                    CIVIL ACTION

versus                                         No.     12-311
                                                       MDL 2179

LIBERTY INSURANCE                              SECTION: J/1
UNDERWRITERS INC.

## REASONS FOR TAXATION OF COSTS

Judgment was entered in this matter on the demand of plaintiff, Cameron International

Corporation ("Cameron"), and against defendant, Liberty Insurance Underwriters ("Liberty"), for

breach of contract in the amount of fifty million dollars, plus interest and costs.  (MDL Doc.

13588).  Plaintiff Cameron filed a Bill of Costs seeking $64,318.48 in costs, of which $1,426 is

for fees of the Clerk, $64,319.86 is for transcript fees, and $572.62 is for the costs of making

copies of any materials where the copies are necessarily obtained for use in the case.  (MDL Doc.

13767).  Attached to the Bill of Costs are an itemization of Costs (MDL Doc. 13767-1, Exh. A)

together with invoices and documentation supporting the Bill of Costs.  Defendant Liberty

opposes Cameron's request for costs in several respects, seeking a reduction of costs from

$64,318.48 to $15,217.25.  (Doc. 13883).[1]  Cameron filed no reply to Liberty's opposition to the

Bill of Costs.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal

---

[1]On November 19, 2015, the Fifth Circuit affirmed the district court's grant of summary judgment for
Cameron on its breach of contract claim and reversed the district court's denial of Cameron's motion for attorney's
fees, remanding for a determination of the fees.  *In Re: Deepwater Horizon*, 2015 WL 7421978 (5th Cir. Nov. 19,
2015).

statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action."[2]

The district court reviews the clerk's award of costs *de novo*.  *Reger v. The Nemours Foundation, Inc.*, 599 F.3d 285, 287 (3d Cir. 2010); *McKenna v. City of Philadelphia*, 582 F.3d 447, 454 (3d Cir. 2009);  *Frischhertz v. Smithkline Beechan Corp.*, 2013 WL 3894021, *1 (E.D. La. July 26, 2013) (Berrigan, J.); *Hassinger v. JP Morgan Chase & Co.*, 2009 WL 2382960, *1 (E.D. La. July 27, 2009) (Berrigan, J.) (other citations omitted).  "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court."  *Marx v. General Revenue Corp.*, 133 S.Ct. 1166, 1173  (2013); *Scott v. Schedler*, 2013 WL 5739070, *12 (E.D. La. Sept. 20, 2013) (Wilkinson, M.J.).  Although the district court has wide discretion in determining whether to award costs, there is a "strong presumption" in favor of awarding costs to the  prevailing party.  *Energy Management Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006) (*citing Brazos Valley Coal. of Life, Inc., v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir. 2005) and *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (other citations omitted)).  Review of the district court's cost decision is for abuse of discretion, but the district court must state its reasons for denying costs to the prevailing party.  *Energy*

---

[2]Rule 54.3 of the Local Civil Rules of the United States District Court for the Eastern District of Louisiana ("Local Civil Rules") states that "[w]ithin 35 days of receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who is allowed costs must serve on the attorney for the adverse party and file with the clerk a motion to tax costs on the forms prescribed by the court, together with a certification that the items are correct and that the costs have been necessarily incurred."  Local Civil Rule 54.3.1 requires that the party applying for taxation of costs to serve notice of submission of the request for taxation of costs before the clerk, and allows the clerk "in his or her discretion" to schedule a conference to consider the matter before taxing costs.

*Management Corp.*, 467 F.3d at 483 (*quoting Salley*, 966 F.2d at 1017)).  Only those costs enumerated in 28 U.S.C. § 1920 may be taxed "absent explicit statutory or contractual authorization to the contrary."  *Cook Children's Medical Center v. The New England PPO Plan of General Consolidated Management, Inc.*, 491 F.3d 266, 274 (5ᵗʰ Cir. 2007) (*quoting Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 530 (5ᵗʰ Cir. 2001) and *citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)).  Although the losing party bears the burden to demonstrate that a cost is not taxable, the burden of submitting a cost motion establishing entitlement to costs under § 1920 is still borne by the prevailing party. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 2013 WL 2929464, * 2 (S.D. Fla. June 12, 2013) (other citations omitted).

The Supreme Court has emphasized that taxable costs awarded pursuant to Rule 54(d) have a "narrow scope."  *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012). "Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court appointed experts."  *Id.*  Rule 54(d) contemplates that the "the assessment of costs most often is merely a clerical matter that can be done by the court clerk."  *Id. (quoting Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 656 (7ᵗʰ Cir. 1981)).  Observing that "[t]axable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," the Supreme Court recognized that taxable costs "almost always" will be less than a successful litigant's lawsuit expenses.  *Id.* (internal quotation omitted).  In determining which costs are taxable, the district court should not "stretch the ordinary meaning of the cost items Congress

3

authorized in § 1920" because "taxable costs are limited by statute" and "modest in scope."  *Id.*

*Specific Cost Requests*

## Fees of the Clerk

Cameron seeks $1,426.00 in fees of the Clerk, itemized those fees, and attached invoices and other written material documenting those expenses.  Liberty does not object to the taxation of these costs and they will be awarded.

## Fees for the Costs of Making Copies

Liberty objects to the taxation of PACER (Public Access to Court Electronic Records) charges totaling $572.62 which Cameron seeks under 28 U.S.C. § 1920(4) as "(f)ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."[3] It contends that none of these costs should be taxed because the redacted invoices are inadequate to establish that the charges were necessarily obtained for use in the case and some courts have determined that PACER charges are not recoverable as costs under § 1920.

In the Fifth Circuit, district courts are split with respect to whether PACER charges are taxable as copy costs.  *Compare Cashman Equip. Corp. v. Rozel Operations Co.*, 2011 WL 2460943, at *2 (M.D. La. June 17, 2011)(finding that PACER research charges are not taxable) *and JGT, Inc., v. Ashbritt,* 2011 WL 1323410, at *8 (S.D. Miss. April 5, 2011) (denying PACER charges as costs) *with U.S. ex rel DeKort v. Integrated Coast Guard Systems, L.L.C.,* 2013 WL 1890283, at *4 (N.D. Tex. March 27, 2013) (taxing $843.53 in PACER printing charges) *and*

---

[3]Cameron has attached redacted invoices to support the amount of the PACER charges it seeks to have taxed.

4

*Giner v. Estate of Martin Higgins*, 2012 WL 2397440, at *5 (W.D. Tex. June 22, 2012) (Finding costs of printing documents from PACER taxable).[4]   As observed in *Giner*, "Section 1920(4) states that courts may tax 'the costs of making copies of any materials where the copies are necessarily obtained for use in the case'" and plaintiffs paid to obtain a copy of a document from PACER.  Finding that the "plain text of § 1920 suggests a party should be able to recover 'the costs of making copies' via PACER of documents filed in the case", *Giner* held that simply obtaining a copy of a document from PACER is taxable under § 1920(4), as distinguishable from cases holding that PACER charges used to conduct legal research may not be recoverable.  *Id.* at 2012 WL 2397440 at *5.

Very recently, however, the Fifth Circuit reversed the taxation award of PACER charges, finding that they are not listed in § 1920.  *United States, ex. rel. Long v. GSDMidea City, L.L.C.* ___ F.3d____, 2015 WL 7744578 (5th Cir. Dec. 1, 2015) (reversing the award of $323.86 in PACER charges).   Following the Fifth Circuit's decision in *GSDMidea City*, no PACER charges will be taxed.

### Fees for Printed or Electronically Recorded Transcripts

Cameron seeks $62,319.86 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  Liberty seeks a reduction in the amount of transcript costs to be taxed from $62,319.86 to $13,580.95.  Specifically, Liberty opposes the taxation of $9,329.25 in charges to expedite transcripts, $9,600.75 in charges to provide ASCII disks and for

---

[4]*See also Maher v. Vaughn, Silverberg & Associates*, 2015 WL 1807056, at *3 (W.D. Tex. April 20, 2015)(Court reduced prevailing parties copying cost requests, finding that PACER records attached to motion to tax costs appear to be charges for searching and accessing the PACER database, rather than making copies of the documents, and that defendants failed to show that the copies were necessarily obtained for use in the case).

real-time reporting, $748.96 for shipping, and $17,202.30 for videotaped electronically recorded transcripts, and $24,528.45 for eight depositions Cameron did not use in its summary judgment motion. Liberty attached a chart summarizing transcript costs it opposes as Exhibit 1 to its Opposition to the Bill of Costs (Doc. 13883-1, pp. 1-2). Adding together all of the charges to which Liberty objects, as stated on page one of its Opposition, the result is $61,409.71, leaving a total of $910.15 in unobjected-to transcript costs. Liberty's summary is misleading as Liberty objects to the taxation of *any* transcript costs for some witnesses, not only the shipping, real-time, videotaped transcript, expedited delivery, ASCII, and shipping charges. *See* Opposition, Doc. 13883, p. 1, notes 1 and 2; Doc. 13883-1, pp. 1-2.

A closer reading reveals that Liberty objects to the taxation of any transcript costs whatsoever, including expedited delivery, videotaping, delivery, etc., costs, for witnesses Black, Koepff, Ciolino, Cole, Feldman, Moomjian, Hughes, and O'Malley, which costs total $24,528.45, arguing that because these depositions were not used by Cameron in its motion for summary judgment, these transcripts were not necessarily obtained for use in the case. Liberty does *not* object to basic transcript costs totaling $13,580.95 for the written stenographic transcripts of witnesses Sledge, Mandel, Nesum, Lee, Eastman, Martin, Morris, Rogin, Engel, Roberts, and Robertson, because these transcripts were used by Cameron in its summary judgment motion, but *does* object to the taxation of charges for expedited delivery, ASCII disks,[5] real time reporting costs, and shipping costs, as well as all costs of electronic videotaped

---

[5] "ASCII, abbreviated from American Standard Code for Information Interchange, is a character-encoding scheme (the IANA prefers the name US-ASCII). ASCII codes represent text in computers, communications equipment, and other devices that use text." Wikipedia, https://en.wikipedia.org/wiki/ASCII.

depositions.  The total charges for expedited delivery, ASCII disks, real time reporting, shipping, and electronic videotaping costs for the depositions of witnesses whose depositions were used in Cameron's summary judgment motion are $24,000.16.  Thus, of the amount Cameron seeks in transcript costs, Liberty does not object to $13,580.95 in basic transcript costs for witness depositions used in Cameron's summary judgment motion and $210.30 in transcript costs for a hearing transcript.

As the Fifth Circuit reiterated in *Fogleman v. Aramco*, 920 F.2d 278 (5th Cir. 1991), "we have consistently held that a deposition need not be introduced into evidence at trial in order to be necessarily obtained for use in the case.  If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.  Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs."  *Id. at* 285 (internal quotations and citations omitted).  *See also Lightfoot v. Hartford Fire Ins. Co.*, 2012 WL 6161796, *5 (E.D. La. Dec. 11, 2012) (Brown, J.).  It is within the district court's discretion to determine as a factual matter whether the depositions were "necessarily obtained for use in the case."  *Id.*

Liberty argues that none of the transcript costs for the depositions which were not attached to Cameron's summary judgment motion should be taxed against it because Cameron did not establish that they were necessarily obtained for use in the case.  The law in the Fifth Circuit is unambiguous that deposition need not be introduced into evidence at trial, and by extension, need not be attached in support of a summary judgment motion, in order to be necessarily obtained for use in the case.  Although Liberty suggests that Cameron offers no

7

evidence to demonstrate that the depositions for which it seeks transcript costs were "necessarily obtained for use in the case," in fact, Cameron's counsel declared under penalty of perjury on the face of the Bill of Costs that all costs it seeks "were necessarily incurred in this action." (Doc. 13767, p. 1).  Liberty's argument, that the depositions were not necessarily obtained for use in the case because they were not used to support Cameron's summary judgment motion, is an argument which the Fifth Circuit rejected in *Fogleman*.[6]  *See also GSDMidea City,* 2015 WL 7744578 at *3 ("To the extent that Long objects to these depositions and copies because he thinks they were not necessary for GSD & M's use in the case, we reject this complaint") *and Marmillion v. American International Insurance Co.*, 381 F. App'x 421, 430 (5th Cir. 2010) ("We have never required a prevailing party to demonstrate that a particular deposition was reasonably necessary at the time it was taken for a party to recover the costs of the deposition transcript. Again, the pertinent question is whether the transcript was necessarily obtained for use in the case.").

Liberty objects to the taxation of any videotaped deposition costs, noting that Cameron seeks videotaping costs for 15 of the 19 depositions for which it also seeks written stenographic transcript costs.  It argues that Cameron has not shown that the video depositions were used in the summary judgment motion or were necessarily obtained.  As noted, the standard for determining whether deposition transcript costs were necessarily obtained for use in the case does not depend on whether the transcripts were introduced at trial or attached to a summary judgment motion.  The question, again, is whether the transcript, whether written or

---

[6]Moreover, recently the Fifth Circuit remanded the case to this Court to determine and award attorney's fees and Liberty notes that some of the deponents testified with respect to attorney's fees, a claim on which Cameron has now prevailed.  (Doc. 13883, p. 7).

electronically recorded, is reasonably expected to be used for trial or trial preparation. *GSDMidea City*, 2015 WL 7744578, at *3; *Fogleman*, 920 F.2d at 285-86.

Pretrial Order No. 17 [Governing Deposition Guidelines] in *In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL 2179 (relates to all actions) (E.D. La. Nov. 16, 2010) (Doc. 740), governs not only all cases transferred by the Judicial Panel on Multidistrict Litigation and any tag-along actions subsequently transferred to the Eastern District of Louisiana, but also "all related cases originally filed in this Court or transferred or removed to this Court."  (Doc. 740, p. 1).  With respect to video depositions, Pretrial Order No. 17 provides in pertinent part that "[b]y so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(2), subject to the following rules:  1.  Real-time Feed. All depositions will be stenographically recorded by a court reporter with 'real-time feed' transcription capabilities.  2.  Video Operator.  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c)."  (Doc. 740, p. 11).   The Court, in this vast MDL case which necessitated a global order setting forth court guidelines for taking depositions, determined that all depositions were to be stenographically recorded by a court reporter and that any party may also record a deposition by videotape or digitally-recorded video. Therefore, the videotaping of depositions in addition to stenographically recording them was explicitly court-sanctioned.  Under these circumstances, because the Court preapproved the videotaping of depositions in addition to stenographically recording them and considering the complexity of the litigation, the number of depositions taken, and the coordination necessary to schedule depositions with the number of parties and witnesses involved, Cameron has

established that the videotaping transcript charges along with the stenographic transcript charges were necessarily obtained for use in the case.

The Court also explicitly required that all depositions be stenographically recorded by a court reporter with "real-time feed" transcription capabilities. *Id.* Inasmuch as the Court ordered that the stenographers use "real-time feed" during the depositions, Liberty's argument that "real-time" charges were not necessarily incurred for use in the case also fails.

In *Fogleman*, the Fifth Circuit affirmed that "the extra cost of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript" and that "[t]he same reasoning applies to a copy of a deposition transcript." 920 F.2d at 286 (other citations omitted). With respect to expedited delivery charges, Pretrial Order No. 17 specifies that "[e]xpedited depositions may be scheduled by agreement of the parties or as ordered by the Court and in which event time limitations for notice shall be lessened, as well as time limitation for production of any documents sought by third-party subpoena in conjunction with said deposition." (Doc. 740, p. 5). Although Liberty argues that the Court did not give approval to expedited delivery of these depositions, to comply with Pretrial Order No. 17, it was necessary *at the time the depositions were taken* for the Court to order expedited delivery or the parties to agree to expedited transcript delivery. Although Liberty now objects to the taxation of charges for expedited delivery, the record establishes that the time to object was when the depositions were taken. Furthermore, the special character of this massive MDL, with the complexity of the litigation, the number of claims and parties, and the amount of discovery, pretrial preparation, and motion practice, supports a finding that expedited delivery of transcripts was reasonable as

the Court contemplated in Pretrial Order No. 17.

Finally, Liberty objects to charges for ASCII disks and shipping charges for transcripts. The Fifth Circuit in *GSDMidea City*, "[a]s with the cost of expediting transcripts of depositions, incidental costs like shipping, binding, and tabbing are generally not taxable, as these costs are not listed in §1920." 2015 WL 7744578 at *5.  The transcript invoices do include charges for ASCII disks and shipping, costs which are not specifically taxable under §1920 and which the Court order establishing deposition guidelines did not authorize or contemplate in advance.  In accordance with the Fifth Circuit's recent guidance in *GSDMidea City,* because charges for ASCII disks and shipping are not listed in §1920, these costs will not be taxed.

As indicated in the chart below, shipping and ASCII costs of $5,476.96 will be deducted from Cameron's total requested transcript costs of $62,319.86 and transcript costs of $56,842.90 will be taxed.[7]

| Deponent Witness | Transcript Type | Description of Charge | Amount Not Taxable |
| --- | --- | --- | --- |
| James Engel (p. 33) | Video | Shipping | $          15.00 |
| James Engel (p. 34) | Stenographic | Rough ASCII | $        433.50 |
| James Engel (p. 34) | Stenographic | Shipping | $          15.00 |
| Jeffrey Roberts (p. 35) | Video | Shipping | $          15.00 |
| Jeffrey Roberts (p. 36) | Stenographic | Rough ASCII | $        480.00 |
| Jeffrey Roberts (p. 36) | Stenographic | Shipping | $          15.00 |
| Jessica Rogin (p. 37) | Video | Shipping | $          15.00 |
| Jessica Rogin (p. 38) | Stenographic | Rough ASCII | $        265.50 |
| Jessica Rogin (p. 38) | Stenographic | Shipping | $          15.00 |

---

[7]Page references in the chart are for Doc. 13767-1.

| Denise Morris (p. 39) | Video | Shipping | $ | 15.00 |
|---|---|---|---|---|
| Denise Morris (p. 41) | Stenographic | Rough ASCII | $ | 240.00 |
| Denise Morris (p. 41) | Stenographic | Shipping | $ | 15.00 |
| Maureen Martin (p. 42) | Video | Shipping | $ | 15.00 |
| Maureen Martin (p. 43) | Stenographic | Rough ASCII | $ | 288.00 |
| Maureen Martin (p. 43) | Stenographic | Shipping | $ | 15.00 |
| Tony Black (p. 44) | Video | Shipping | $ | 15.00 |
| Tony Black (p. 45) | Stenographic | Rough ASCII | $ | 366.00 |
| Tony Black (p. 45) | Stenographic | Shipping | $ | 15.00 |
| Brad Eastman (p. 46) | Stenographic | Rough ASCII | $ | 417.00 |
| Brad Eastman (p. 46) | Stenographic | Shipping | $ | 15.00 |
| Brad Eastman (p. 47) | Video | Shipping | $ | 15.00 |
| William "Rusty" Lee (p. 48) | Stenographic | Rough ASCII | $ | 324.00 |
| William "Rusty" Lee (p. 48) | Stenographic | Shipping | $ | 15.00 |
| William "Rusty" Lee (p. 49) | Video | Shipping | $ | 15.00 |
| Paul Koepff (p. 50) | Stenographic | Rough ASCII | $ | 403.50 |
| Paul Koepff (p. 50) | Stenographic | Shipping | $ | 65.00 |
| Paul Koepff (p. 51) | Video | Shipping | $ | 15.00 |
| Alan Mandel (p. 52) | Video | Shipping | $ | $15.00 |
| Alan Mandel (p. 53) | Stenographic | Rough ASCII | $ | 268.50 |
| Alan Mandel (p. 53) | Stenographic | Shipping | $ | 15.00 |
| Charles Sledge (p. 54) | Stenographic | Rough ASCII | $ | 270.00 |
| Charles Sledge (p. 54) | Stenographic | Shipping | $ | 15.00 |
| Charles Sledge (p. 55) | Video | Shipping | $ | 15.00 |
| Dane Ciolino (p. 56) | Stenographic | Rough ASCII | $ | 232.50 |
| Dane Ciolino (p. 56) | Stenographic | Shipping | $ | 15.00 |

| James Cole (p. 58) | Video | Shipping | $ | 37.50 |
|---|---|---|---|---|
| Larry Feldman (p. 60) | Video | Shipping | $ | 31.25 |
| James Robertson (p. 61) | Video | Shipping | $ | 59.50 |
| Cary Moomjian, Jr. (p. 64) | Video | Shipping | $ | 59.50 |
| Robert Hughes (p. 65) | Stenographic | Rough ASCII | $ | 411.00 |
| Robert Hughes (p. 65) | Stenographic | Shipping | $ | 15.00 |
| James O'Malley, Jr. (p. 66) | Stenographic | Rough ASCII | $ | 328.50 |
| James O'Malley, Jr. (p. 66) | Stenographic | Shipping | $ | 15.00 |
| Alex Nusum (p. 67) | Stenographic | Shipping | $ | 71.21 |
| Non-taxable PACER charges | | | $ | 572.62 |
| TOTAL NON-TAXABLE CHARGES | | | $ | 6,049.58 |

**Conclusion**

Accordingly, for the foregoing reasons, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, costs in the amount of $58,268.90 ($1,426 for fees of the Clerk and $56,842.90 for transcript fees) will be taxed in favor of Cameron International Corporation and against defendant, Liberty Insurance Underwriters.

New Orleans, Louisiana, this  9th  day of December, 2015.

CAROL L. MICHEL, Chief Deputy Clerk for
WILLIAM W. BLEVINS, Clerk of Court

13