UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>Of Mexico, on April 20, 2010 | * <br> * <br> * <br> * | MDL No. 2179 <br><br> SECTION J |
| This Filing Applies to: | * <br> * | JUDGE BARBIER |
| Nos. 13-706, 13-810,<br>13-1143, 13-1185, 13-1222,<br>13-1386 and 13-2006 | * <br> * <br> * <br> * | MAGISTRATE JUDGE<br>SHUSAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPA TEST CASE PLAINTIFFS' RENEWED MOTION TO STRIKE AFFIRMATIVE DEFENSES AND MOTION *IN* LIMINE REGARDING POTENTIAL THIRD-PARTY FAULT, INCLUDING APPLICATION OF ANY ALLEGED "SUPERSEDING" CAUSE DEFENSE PREMISED ON GOVERNMENTAL ACTION OR INACTION FOLLOWING THE SPILL**

NOW INTO COURT, through the Plaintiffs' Steering Committee, come the OPA Causation Test Case Plaintiffs, who respectfully renew their motion to strike BP's affirmative defenses and to seek an *in limine* order excluding evidence of potential third-party fault, including the application of any alleged "superseding" cause defense premised on Governmental action or inaction following the Spill:

I.

The OPA Causation Test Case Plaintiffs intend to present claims for their loss of profits and/or impairment of earning capacity due to a substantial threat of and/or injury, destruction or loss to real property, personal property and/or natural resources as a result of the Macondo / *Deepwater Horizon* Oil Spill.[1]

---

[1] *See* 33 U.S.C. §§ 2702(a) and 2702(b)(2)(E).

II.

BP has indicated that it will raise a defense that Government action and/or inaction following the Spill is a "superseding" cause with respect to some or all of the damages claimed by some or all of the OPA Causation Test Case Plaintiffs.[2]

III.

Plaintiffs respectfully suggest that a "superseding" cause defense is not available to an OPA Responsible Party seeking to avoid liability to "any claimant" under 33 U.S.C. §2702(b)(2)(E), as a matter of law.

IV.

With respect to causation, OPA does away with the traditional "proximate cause" concepts of "superseding" or "intervening" cause.

V.

Rather, OPA only allows the Responsible Party to avoid liability where it first establishes that the discharge in question was caused "*solely*" by the fault of a third party. 33 U.S.C. §2703(a)(3).

VI.

Further, to the extent that BP attempts to escape or reduce its liability by alleging that damages were caused by the "fault" of the United States Government, neither OPA nor the

---

[2] *See generally* LETTER FROM BP COUNSEL TO JUDGE SHUSHAN (May 15, 2014) [Doc. 12887] pp.6-8, and Sixth Affirmative Defense, Seventh Affirmative Defense and Twenty-Third Affirmative Defense, as stated in BP'S ANSWER TO THE B1 MASTER COMPLAINT (Sept. 27, 2011) [Doc. 4130] pp.330, 332. *In particular, see* Third, Fifth, Sixth, Seventh, Nineteenth and Twenty-First Defenses in *Bisso v. BP,* No.13-706 [Doc 13058]; Third, Fifth, Sixth, Seventh, Nineteenth and Twenty-First Defenses in *Black Elk v. BP,* No.13-2006 [Doc 13059]; Third, Fifth, Sixth, Seventh, Nineteenth and Twenty-First Defenses in *Certified v. BP,* No.13-1143 [Doc 13061]; Third, Fifth, Sixth, Seventh, Nineteenth and Twenty-First Defenses in *Blake v. BP,* No.13-1185 [Doc 13060]; Third, Fifth, Sixth, Seventh, Nineteenth and Twenty-First Defenses in *Seahawk v. BP,* No.13-1386 [Doc 13064]; Third, Fifth, Sixth, Seventh, Nineteenth and Twenty-First Defenses in *Trinity v. BP,* No.13-1222 [Doc 13062]; and Third, Fifth, Sixth, Seventh, Nineteenth and Twenty-First Defenses in *Wadleigh v. BP,* No.13-810 [Doc 13063].

general maritime law allows for the quantification of fault against an immune or absent third party.

VII.

Hence, in any attempt to exonerate itself from or reduce its liability for damages found to be caused, in whole or in part, due to a substantial threat of and/or injury, destruction or loss to real property, personal property or natural resources as a result of the Macondo Spill, BP should not be permitted to invoke a "superseding" cause defense with respect to the actions or inaction of the United States Government.

VIII.

In addition, BP raises, in some of its affirmative defenses, the fault or potential fault of other third parties[3] – which is legally and factually irrelevant under OPA.  These affirmative defenses should also be stricken, and no such evidence should be admitted at trial.

IX.

On July 7, 2014, Plaintiffs filed a Motion to Strike Affirmative Defenses and Motion *in Limine* regarding these issues.[4]

---

[3] *See* Second, Ninth, Nineteenth and Twentieth Defenses in *Bisso v. BP,* No.13-706 [Doc 13058]; Second, Ninth, Nineteenth and Twentieth Defenses in *Black Elk v. BP,* No.13-2006 [Doc 13059]; Second, Ninth, Nineteenth and Twentieth Defenses in *Certified v. BP,* No.13-1143 [Doc 13061]; Second, Ninth, Nineteenth and Twentieth Defenses in *Blake v. BP,* No.13-1185 [Doc 13060]; Second, Ninth, Nineteenth and Twentieth Defenses in *Seahawk v. BP,* No.13-1386 [Doc 13064]; Second, Ninth, Nineteenth and Twentieth Defenses in *Trinity v. BP,* No.13-1222 [Doc 13062]; and Second, Ninth, Nineteenth and Twentieth Defenses in *Wadleigh v. BP,* No.13-810 [Doc 13063]. In addition, BP's Fourth Defense to each of these actions is: "The events culminating in the injuries and damage to Plaintiff were not the result of any negligence, fault, or want of due care on the part of the BP Parties. Furthermore, Plaintiff has the burden of proof on this issue, and Plaintiff cannot meet that burden." A plaintiff is clearly not required to show that an OPA Responsible Party such as BP was negligent. This affirmative defense should also be stricken.

[4] *See* REC. DOC. 13108.

X.

On September 15, 2014, the Court denied the plaintiffs' motion, as premature,[5] but, upon further consideration, has now directed Plaintiffs to re-urge their previous motion.[6]

XI.

Plaintiffs therefore file the present motion in accordance with the Court's order.

XII.

The bases for the plaintiffs' renewed motion are set forth more fully in Plaintiffs' Memorandum in Support and Exhibits, which are incorporated fully by reference herein.

**WHEREFORE** the OPA Causation Test Case Plaintiffs respectfully pray for an order striking BP's affirmative defenses and making it clear that BP will not be permitted to submit evidence of potential third-party fault, including the invocation of any "superseding" cause defense with respect to the actions or inaction of the United States Government following the Spill.

This 14th day of December, 2015.

Respectfully submitted,

| | |
|---|---|
| /s/  Stephen J. Herman | /s/  James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

---

[5] ORDER (Sept. 15, 2014) [Doc. 13393].

[6] ORDER (Nov. 19, 2015) [Doc. 15582]  p.2.

**PLAINTIFFS' STEERING COMMITTEE**

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514

Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

**CERTIFICATE OF SERVICE**

    **WE HEREBY CERTIFY** that the above and foregoing Motion will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 14th day of December, 2015.

                                       /s/ Stephen J. Herman and James Parkerson Roy