UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | **MDL No. 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION J** |
| | * | |
| | * | **JUDGE BARBIER** |
| Applies to: All Cases (including C.A. 12-970) | * | |
| | * | **MAGISTRATE SHUSHAN** |

## EX PARTE MOTION BY THE CLAIMS ADMINISTRATOR TO AUTHORIZE AND APPROVE RE-DESIGNATION OF CO-DOCUMENTATION REVIEWER AND RE-CONSTITUTION OF AUDIT COMMITTEE

**NOW INTO COURT,** through his undersigned counsel, comes Patrick A. Juneau, as Claims Administrator ( the "Claims Administrator") of the Deepwater Horizon Court Supervised Economic and Property Damages Settlement Program (the "CSSP"), who moves, *ex parte*, pursuant to this Court's Local Rule 7.3, and without objection by BP Exploration & Production, Inc. ("BP") or Class Counsel, for the entry of the accompanying Order authorizing and approving: (a) the re-designation of P. Raymond Lamonica ("Lamonica") as Co-Documentation Reviewer, at such compensation as the Claims Administrator reasonably determines, and (b)(i) Lamonica's resignation from the CSSP Audit Committee and as its Chairman, and (ii) at the option of the Claims Administrator, at least for the time being, the re-constitution and reduction in size of the Audit Committee from three members to the two other current members, Lloyd

Tate ("Tate") and Dr. Larry Crumbley ("Crumbley"), who shall elect the new  Chairman or Chairmen, but with the option by the Claims Administrator  to appoint one of more additional members at his discretion should he determine that the need arises, all effective as of December 31, 2015, based on the following:

1. Pursuant to section 6.1.1.1 of the Settlement Agreement, and by this Court's Order dated August 22, 2013 [Doc. 11088], Lamonica was appointed to serve as the Documentation Reviewer to perform the incompleteness appeal services described in section 6.1.1.1.

2. Lamonica served in that capacity until his resignation effective May 19, 2014, which was submitted in order that Lamonica could serve on, and as Chairman of, the newly-formed Audit Committee, which was created and appointed by this Court's April 16, 2014 Order [Doc. 12682] (the "Audit Committee Order").

3. By the Audit Committee Order, the three-member Audit Committee was established, with Lamonica as Chairman, Tate as one member, and Crumbley as the third member.

4. Thereafter, in order to fill the Documentation Reviewer position vacancy created by Lamonica's resignation, this Court appointed as his successor Documentation Reviewer Lynne R. Stern ("Stern") by its Order dated June 19, 2014 [Doc. 13046].

5. Stern has served ably in that capacity since then.

6. Because of an increased number of incompleteness appeals and resulting workload, by this Court's Order dated June 11, 2015 [Doc. 14714], Katherine Loos ("Loos") was appointed as Associate Documentation Reviewer, to work with Stern in considering incompleteness appeals.

7. Loos has served ably in that capacity since then.

8. At least partly as a result of the increase in claims shortly before the June 8, 2015 claim filing deadline, the number of incompleteness appeals has grown and is expected to continue to grow, resulting in a potentially growing number of claims in the queue awaiting documentation review and disposition.

9. The Claims Administrator, after consultation with Stern and Loos, as well as BP and Class Counsel, has determined that it would be in the best interests of the CSSP to add an additional documentation reviewer and thus avoid or at least minimize the potential for a growing backlog of claims requiring documentation review.

10. However, because of the steep learning curve that would be expected if a new documentation reviewer without prior experience in that role were to be appointed, and the delay in considering incompleteness appeals which might result, the Claims Administrator reached out to Lamonica to determine if Lamonica would be willing to resume his prior role performing the documentation reviewer function, together with Stern and Loos, who would both remain and continue to serve as such.

11. Fortunately, Lamonica has agreed to accommodate the needs of the CSSP and re-assume his prior role in considering incompleteness appeals.

12. However, in order to do so, Lamonica understands and the Claims Administrator agrees that he could no longer serve as a member and the Chairman of the Audit Committee at the same time, both for independence reasons and because of time constraints.

13. As reflected in the April 15, 2014 Motion to Establish Audit Committee and Appoint its Three Members [Doc. 12672] and the Memorandum in support [Doc. 12672-1], which were the predicate for the entry of the Audit Committee Order, the main reasons for the establishment of, and purposes for, the Audit Committee were to (a) make

recommendations to the Claims Administrator for improvements to the CSSP based on audit work performed by CliftonLarsonAllen, LLP and McGladrey, LLP, and (b) recommend an efficient internal quality assurance/quality control process.

14. As a result of the efforts of Lamonica, Tate and Crumbley, those goals have been largely met and satisfied. And although the Audit Committee continues to provide additional valuable services, with the substantial completion of its original main functions, it operates smoothly and can meet less frequently than it did in the past.

15. After consultation with Lamonica, Tate and Crumbley, and with their concurrence, the Claims Administrator has concluded that at least for the time being, the Audit Committee can continue to operate smoothly with only two members, Tate and Crumbley, who shall elect the new Chairman or Chairmen, though the Claims Administrator should have the option to appoint one of more additional members at his discretion should he determine that the need arises.

16. In sum, because of the fortuitous confluence of the need for additional experienced assistance in processing incompleteness appeals and the already-successful efforts of the Audit Committee, the Claims Administrator has concluded that it would be in the best interests of the CSSP to effect, and requests the entry of the accompanying Order authorizing and approving: (a) the re-designation of Lamonica as Co-Documentation Reviewer together with Stern (each of whom may act independently), at such compensation as the Claims Administrator reasonably determines, and with Loos continuing to serve as Associate Documentation Reviewer, and (b)(i) Lamonica's resignation from the CSSP Audit Committee and as its Chairman, and (ii) at the option of the Claims Administrator, at least for the time being, the re-constitution of and reduction

in size of the Audit Committee from three members to the two other current members, Tate and Crumbley, who shall elect the new Chairman or Chairmen, but with the option by the Claims Administrator to appoint one of more additional members at his discretion should he determine that the need arises, all effective as of December 31, 2015, and that to the extent necessary and consistent with all of the foregoing, the Audit Committee Charter and the following Orders be deemed to be amended accordingly (but otherwise to remain in full force and effect in accordance with their terms) by the entry of the accompanying Order: (a) August 22, 2013 Order [Doc. 11088], (b) April 16, 2014 Order [Doc.12682], (c) June 19, 2014 Order [Doc. 13046], and June 11, 2015 Order [Doc. 14714], all effective as of December 31, 2015.

**WHEREFORE**, the Claims Administrator prays that this *Ex Parte* Motion be granted and that the accompanying Order be entered, authorizing and approving: (a) the re-designation of Lamonica as Co-Documentation Reviewer, together with Stern (each of whom may act independently), at such compensation as the Claims Administrator reasonably determines, and with Loos continuing to serve as Associate Documentation Reviewer, and (b)(i) Lamonica's resignation from the CSSP Audit Committee and as its Chairman, and (ii) at the option of the Claims Administrator, at least for the time being, the re-constitution and reduction in size of the Audit Committee from three members to the two other current members, Tate and Crumbley, who shall elect the new Chairman or Chairmen, but with the option by the Claims Administrator to appoint one of more additional members at his discretion should he determine that the need arises, all effective as of December 31, 2015, and that to the extent necessary and consistent with all of the foregoing the Audit Committee Charter and the following Orders be deemed to be amended accordingly (but otherwise to remain in full force and effect in accordance with their

terms) by the entry of the accompanying Order: (a) August 22, 2013 Order [Doc. 11088], (b) April 16, 2014 Order [Doc.12682], (c) June  19, 2014 Order [Doc.13046], and June 11, 2015 Order [Doc. 14714],  all effective as of December 31, 2015.

New Orleans, Louisiana this 15th day of December, 2015.

Respectfully submitted,

s/*J. David Forsyth*

J. David Forsyth
Louisiana Bar No.5719
Sessions Fishman Nathan & Israel LLC
201 St. Charles Avenue, Suite 3815
New Orleans, LA 70170
Tel: 504.582.1500 / Fax: 504.582.1555
jdf@sessions-law.com
*Attorney for Patrick A. Juneau, as Claims
Administrator of the Deepwater Horizon
Court Supervised Economic and Property
Damages Settlement Program*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 15th day of December, 2015.

s/*J. David Forsyth*
J. David Forsyth

6