UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010.<br><br>This Filing Applies to Nos. 13-706, 13-810, 13-1143, 13-1185, 13-1222, 13-1386, and 13-2006 | MDL No. 2179<br><br>Section J<br><br>Judge Barbier<br>Magistrate Judge Shushan |

## BPXP'S MOTION TO DISMISS MORATORIA/PERMITORIA CLAIMS

BPXP submits this motion pursuant to the Court's November 19, 2015 order directing BPXP to "file a motion contending that the Moratoria claims must be dismissed for failure to state an OPA claim." Rec. Doc. 15582 (Nov. 19, 2015). BPXP accordingly moves to dismiss Plaintiffs' claims for economic damages resulting from the moratoria and related permitting delays in all of the currently operative OPA Test Case complaints for failure to state a claim on which relief may be granted.[1] In addition, BPXP also renews its request for dismissal of any claims asserted on behalf of "Moratorium Claimants" as defined in the Amended B1 Master Complaint, Rec. Doc. 1128 (Feb. 9, 2011).[2]

The Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2701 *et seq.*, limits the liability of a responsible party to those damages that "result from such incident," *i.e.* the discharge of oil into

---

[1] *See* Rec. Docs. 13712 (Bisso Marine, LLC), 13713 (Wadleigh Industries, Inc.), 13714 (Certified Platform Services, Inc.), 13715 (Blake International USA Rigs, LLC), 13719 (Trinity Offshore, LLC), 13721 (Seahawk Liquidating Trust), 13722 (Black Elk Energy Offshore Operations, LLC) (all amended complaints filed Nov. 25, 2014).

[2] The Court should construe this Motion to Dismiss as a re-urging of all relevant aspects of BPXP's (and other BP entities') motion to dismiss and/or briefing concerning the Amended B1 Complaint and as an adoption of the same relief as sought by Transocean. BPXP hereby incorporates by reference Transocean's motion and associated memorandum in support (Rec. Docs. 1390 & 1390-1 (Feb. 28, 2011)), as applied to Moratorium Claimants. *See* Order, Rec. Doc. 15582 at 2 n.2 (noting that Transocean and the moving BP entities had sought relief during the B1 process against the moratoria claims). As a matter of basic parity, BPXP agrees not to oppose incorporation by reference as may be sought by the OPA Test Trial Plaintiffs as to the Plaintiff Steering Committee's Omnibus Memorandum of Law in Opposition to the B1 Motions to Dismiss (Rec. Doc. 1821 (Mar. 30, 2011)).

1

the navigable waters or shorelines.  33 U.S.C. § 2702(a).  Among those damages, claimants may recover only those economic losses that are "due to" an injury to property or natural resources.  33 U.S.C. § 2702(b)(2)(E).  Plaintiffs, however, seek to recover for economic losses due instead to the reduction in demand for their services that resulted from government-mandated moratoria on deepwater drilling and related permitting delays.  OPA does not authorize liability for such losses.

*First*, the Fifth Circuit has interpreted OPA's "result from" language to require a direct causal relationship between the discharge and the resulting damage.  In *In re Taira Lynn Marine Ltd. No. 5*, 444 F.3d 371 (5th Cir. 2006), the court held that where law enforcement officials ordered a mandatory evacuation in response to a pollution discharge, any losses caused by the evacuation did not "result from" the discharge and therefore plaintiffs' OPA claims for such losses failed.  Here, claims for moratoria losses must be rejected because the causal relationship to the oil spill is even more attenuated (along multiple dimensions) than the harms caused by the government action that formed the basis for the failed OPA claims in *Taira Lynn*.  Indeed, the U.S. Coast Guard's National Pollution Funds Center — as the administrator of the Oil Spill Liability Trust Fund under OPA — has determined that moratoria losses do not qualify as compensable damages under OPA for the same reason.  The Fifth Circuit has held that the Coast Guard's interpretation of OPA issued in the course of processing OPA claims is entitled to deference. *Buffalo Marine Servs. Inc. v. United States*, 663 F.3d 750, 754 (5th Cir. 2011) ("[T]he NPFC's interpretation of the OPA deserves deference").  Accordingly, that interpretation is highly authoritative.

*Second,* moratoria losses do not qualify under the statutory definition of an "incident" for which damages might be due because the moratoria did not "result[] in the discharge or

substantial threat of discharge of oil." 33 U.S.C. § 2701(14). As other courts have held, the collateral consequences of an oil spill do not meet this standard. *See Gatlin Oil Co. v. United States*, 169 F.3d 207, 212 (4th Cir. 1999) ("As a matter of law, Gatlin Oil cannot recover … for fire damage because the evidence did not establish that the fire caused the discharge of oil into navigable waters or posed a substantial threat to do so.").

*Third*, moratorium losses are not "due to" an injury to property or natural resources. *See* 33 U.S.C. § 2702(b)(2)(E). Both the Fifth Circuit and the Coast Guard have held that when a claimant business alleges that government regulatory action taken after a spill disrupts the business's activities and causes economic losses, the losses are ***due to the regulatory action*** and not due to harm from the spill. *See Taira Lynn*, 444 F.3d at 383. Plaintiffs cannot meet this statutory causation standard because their alleged losses were due to the market slowdown that occurred when the government restricted the drilling activity on which their businesses rely. Their losses did not result directly from property or natural resource damage. In OPA, Congress intended to compensate non-owners, such as fishermen, whose livelihood depended directly on access to a natural resource or to property when the resource or property was physically harmed by oil. Plaintiffs do not fall into this class of statutory beneficiaries.

*Fourth*, and independently, OPA employs language that has generally been understood to require application of proximate cause. *Sekco Energy, Inc. v. Chouest*, No. 92-0420, 1993 WL 322942, at *6 (E.D. La. Aug. 13, 1993) (holding that "proximate cause" is required for recovery under 33 U.S.C. § 2702(b)(2)(E)). In this case the oil spill was not the proximate cause of the moratoria. Rather, the government made deliberate decisions to impose those industry-wide restrictions in full awareness of the likely economic consequences. When an injury is caused by "deliberate action, constituting disregard of a known risk, a determination that those acts … were

3

the sole proximate cause of the subsequent injury can certainly be justified." *Clark v. Morrison*, No. 08-4253, 2009 WL 3254149, at *3 (E.D. La. Oct. 7, 2009).

For these reasons and others elaborated in the supporting memorandum, BPXP moves this Court to dismiss, for failure to state an OPA claim, all currently operative OPA Test Case complaints and B1 Master Complaint claims seeking economic losses resulting from the moratoria/permitoria.

Dated: December 16, 2015

/s/ *Don K. Haycraft*
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA
Telephone: (504) 581-7979

Emily Johnson Henn
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4715

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221

Respectfully submitted,

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Matthew T. Regan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2200

Robert C. "Mike" Brock
Jeffrey Bossert Clark
KIRKLAND & ELLIS LLP
Washington, DC 20005
Telephone: (202) 879-5000

Steven J. Menashi
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Martin R. Boles
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-1400

Christopher W. Keegan
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (414) 439-1400

*Attorneys for Defendant BP Exploration & Production Inc.*

## CERTIFICATION OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL2179, on this 16th day of December 2015.

/s/ Don K. Haycraft<br>Don K. Haycraft