UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : | MDL 2179<br><br>Section J |
| This Document Applies to: | : | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : | Mag. Judge Shushan |

MEMORANDUM IN SUPPORT OF CONSENT MOTION
CONCERNING CERTAIN REFERRAL PAYMENTS INVOLVING GLEN LERNER

COME NOW Special Master Louis J. Freeh, Glen Lerner ("Lerner"), through counsel, and Farr, Farr, Emerich, Hackett & Carr, P.A. (the "Farr Law Firm"), through counsel, in support of a joint consent motion to hold in escrow certain legal fees from claims paid by the Deepwater Horizon Court Supervised Settlement Program ("CSSP"). In support of the joint motion, the Special Master, Lerner and the Farr Law Firm state as follows:

1. On July 2, 2013, the Court appointed the Special Master under Rule 53 of the Federal Rules of Civil Procedure to conduct an investigation of certain issues that had arisen in connection with the CSSP.

2. On February 26, 2015, following the Special Master's investigation, as well as extensive briefing and a hearing concerning the investigation and resulting report from the Special Master, the Court entered an order [Rec. Doc. 14221] providing as follows:

> Lionel Sutton, Jon Andry, and Glen Lerner are disqualified from participating in the CSSP. These attorneys shall not represent any claimants in the program, shall withdraw from any current representations, and may not collect attorneys' fees in connection with the settlement program, except as follows: The AndryLerner law firm will be allowed to collect fees for previous legal work actually performed on legitimate claims that qualify for payments from the CSSP. Any legal fees collected in connection with claims that are deemed to be fraudulent shall be disgorged or reimbursed to the CSSP. The Claims Administrator shall deduct and retain any amounts owed by

AndryLerner, Jon Andry, or Glen Lerner from the escrowed fees presently being held. The remaining escrowed fees shall not be released to AndryLerner, Jon Andry, or Glen Lerner until all remaining AndryLerner claims have been resolved and the Court orders the release of the remaining fees.

3. Lerner is an owner of Glen Lerner, P.L.L.C., an Arizona limited liability company. In 2011, this entity registered as a foreign corporation in Florida with a place of business in Naples, Florida. In September 2014, this entity appears to have had its charter revoked in Florida for failure to file an annual report.

4. The Special Master recently discovered that following the Deepwater Horizon oil spill through approximately 2013, Glen Lerner, P.L.L.C., entered into a number of agreements, typically titled, "Contract for Legal Representation" (the "Contract"), with the Farr Law Firm, which is a law firm located in Punta Gorda, Florida, and several CSSP claimants . The Contract typically advises the CSSP claimant that the Farr Law Firm will represent the CSSP claimant in filings of its CSSP claim, and to conduct this representation before the CSSP with another lawyer or law firm in a joint representation of the claimant and a division of any resulting legal fee. The Contract advises that the Farr Law Firm and Glen Lerner, P.L.L.C., agree to accept full and joint responsibility for the representation of the claimant before the CSSP. The Contract also provides that Glen Lerner, P.L.L.C., will receive 47 percent of the total legal fees recovered on any CSSP claim.

5. At least one referral fee has been paid under such Contract to Glen Lerner, P.L.L.C., after the Court's February 26, 2015 Order. On or about April 6, 2015, the CSSP paid $49,674.94 for a CSSP claim presented by the Farr Law Firm for a claimant. On April 8, 2015, the Farr Law Firm prepared a settlement disbursement report for this CSSP payment,

allocating $12,265.61 to legal fees, and $5,764.84 of this amount to "Glen Lerner, P.A." [sic]. On July 1, 2015, the Farr Law Firm issued a check to "Glen Lerner PLCC" [sic] for $5,764.84.

6. Dominic Gentile, counsel for Lerner, has told the Special Master that Gentile advised Lerner that acceptance of a referral fee from the Farr Law Firm would be permitted under the Court's February 26, 2015 Order, as the payment was made to Glen Lerner, P.L.L.C., rather than to Lerner himself. Gentile notes that Glen Lerner, P.L.L.C., is not mentioned in the Court's February 26, 2015 Order as being prohibited from receiving fees from CSSP claims. Gentile did not advise the Special Master or the Court of the pending payment pursuant to the relationship with the Farr Law Firm before providing his advice to Lerner. The Special Master has advised Gentile that the Special Master disagrees with this position.

7. The Special Master and Lerner's counsel have agreed to postpone presentation of their legal positions on this matter to the Court until after the Fifth Circuit Court of Appeals has issued a ruling on Lerner's pending appeal of the February 26, 2015 Order in Appeal 15-30265. Neither the Special Master nor Lerner's counsel intends to waive any argument as a result of presenting this proposed Consent Order to the Court.

8. Additional CSSP claims are expected to be paid to clients of the Farr Law Firm where Glen Lerner, P.L.L.C., also is to receive a portion of the legal fee from the claim.

9. The Special Master, Lerner's counsel and counsel for the Farr Law Firm have agreed that the Farr Law Firm will hold any portion of the legal fee for Glen Lerner, P.L.L.C., in the Farr Law Firm's escrow account pending resolution of this matter. All agree that no disbursement will be made of any portion of the legal fee for Glen Lerner, P.L.L.C., without further order of the Court.

10. The parties respectfully recommend that the following procedures be implemented to pay claims for the Farr Law Firm's clients where a legal fee for Glen Lerner, P.L.L.C., is involved:

a. When the Farr Law Firm receives payment from the CSSP on any claim involving any legal fee for Glen Lerner, P.L.L.C., the Farr Law Firm shall prepare a settlement sheet for the claim, specifying the following:

1. The contingency fee for the Farr Law Firm provided under its contingency fee contract applicable to the claim;

2. The fee provided for Glen Lerner, P.L.L.C., under the contingency fee contract applicable to the claim;

3. The costs that can be charged to the client's recovery and recoverable or paid by the Farr Law Firm under the contingency fee contract applicable to the claim; and

4. The amount payable to the client for its claim under the terms of its contingent fee contract applicable to the claim.

b. When completed, the Farr Law Firm shall provide the CSSP and the Special Master with a copy of the settlement sheet.

c. The Farr Law Firm shall pay the client the amount due as indicated on the Settlement Sheet, and the Farr Law Firm shall distribute the Farr Law Firm's portion of the legal fees to the Farr Law Firm as indicated on the Settlement Sheet. No portion of the Farr Law Firm's legal fees shall be shared with Glen Lerner, P.L.L.C., or Lerner personally or any representative of Lerner (including but not limited to Lerner's counsel).

d. The Farr Law Firm shall retain in its law firm trust account the legal fee provided for Glen Lerner. P.L.L.C., under the contingency fee contract and as indicated on the Settlement Sheet. The Farr Law Firm shall not disburse this portion of the fee without order of the Court.

For these reasons, the Special Master, counsel for Lerner and counsel for the Farr Law Firm seek an order approving the procedure set forth herein and all other relief as is just and equitable.

Respectfully submitted,

SPECIAL MASTER LOUIS J. FREEH

By: ______________________
Gregory A. Paw
*Counsel to the Special Master*

GLEN J. LERNER

By: ______________________
Dominic P. Gentile
Gentile, Cristalli, Miller, Armeni, Savarese PLLC
410 South Rampart, Ste. 420
Las Vegas, NV 89145
*Counsel for Glen J. Lerner*

FARR, FARR, EMERICH, HACKETT & CARR, P.A.

By: ______________________
George T. Williamson
Farr, Farr, Emerich, Hackett & Carr, P.A.
99 Nesbit Street
Punta Gorda, FL 33950
*On behalf of the Farr Law Firm*

Dated: December 30 , 2015