UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

O R D E R

AND NOW upon the joint consent motion of Special Master Louis J. Freeh, Glen Lerner ("Lerner") and Farr, Farr, Emerich, Hackett & Carr, P.A. (the "Farr Law Firm") to hold in escrow certain legal fees from claims paid by the Deepwater Horizon Court Supervised Settlement Program ("CSSP"), the Court finds as follows:

1.   Pursuant to the Settlement Agreement and the Order and Judgment approving same, this Court retains ongoing and exclusive jurisdiction and supervision over the Settlement Program.  Settlement Agreement §§ 4.3.2, 4.4.7, 38.41; Order and Judgment ¶¶ 9, 17 [Rec. Doc. 8139].  The Court similarly has continuing jurisdiction over the implementation, administration, and enforcement of the Settlement Agreement. Settlement Agreement § 18.1; Order & Judgment ¶¶ 9, 17.  Furthermore, the Court has jurisdiction over counsel who represent claimants in the Settlement Program.

2.   On July 2, 2013, the Court appointed the Special Master under Rule 53 of the Federal Rules of Civil Procedure to conduct an investigation of certain issues that had arisen in connection with the CSSP.

3.   On February 26, 2015, following the Special Master's investigation, as well as

extensive briefing and a hearing concerning the investigation and resulting report from the

Special Master, the Court entered an order [Rec. Doc. 14221] providing as follows:

> Lionel Sutton, Jon Andry, and Glen Lerner are disqualified from participating
> in the CSSP.  These attorneys shall not represent any claimants in the
> program, shall withdraw from any current representations, and may not
> collect attorneys' fees in connection with the settlement program, except as
> follows: The AndryLerner law firm will be allowed to collect fees for previous
> legal work actually performed on legitimate claims that qualify for payments
> from the CSSP.  Any legal fees collected in connection with claims that are
> deemed to be fraudulent shall be disgorged or reimbursed to the CSSP. The
> Claims Administrator shall deduct and retain any amounts owed by
> AndryLerner, Jon Andry, or Glen Lerner from the escrowed fees presently
> being held.  The remaining escrowed fees shall not be released to
> AndryLerner, Jon Andry, or Glen Lerner until all remaining AndryLerner
> claims have been resolved and the Court orders the release of the remaining
> fees.

4.   Lerner is an owner of Glen Lerner, P.L.L.C., an Arizona limited liability company.

In 2011, this entity registered as a foreign corporation in Florida with a place of business in

Naples, Florida.  In September 2014, this entity appears to have had its charter revoked in

Florida for failure to file an annual report.

5.   Glen Lerner, P.L.L.C., has entered into a number of agreements, typically titled,

"Contract for Legal Representation" (the "Contract"), with the Farr Law Firm and several

CSSP claimants . The Contract typically advises the CSSP claimant that the Farr Law Firm

will represent the CSSP claimant in filings of its CSSP claim, and to conduct this

representation before the CSSP with another lawyer or law firm in a joint representation of

the claimant and a division of any resulting legal fee.  The Contract advises that the Farr

Law Firm and Glen Lerner, P.L.L.C., agree to accept full and joint responsibility for the

representation of the claimant before the CSSP.   The Contract also provides that Glen

Lerner, P.L.L.C., will receive 47 percent of the total legal fees recovered on any CSSP claim.

- 2 -

6.   At least one referral fee has been paid under such Contract to Glen Lerner, P.L.L.C., after the Court's February 26, 2015 Order.  On or about April 6, 2015, the CSSP paid $49,674.94 for a CSSP claim presented by the Farr Law Firm for a claimant.  On April 8, 2015, the Farr Law Firm prepared a settlement disbursement report for this CSSP payment, allocating $12,265.61 to legal fees, and $5,764.84 of this amount to "Glen Lerner, P.A." [sic]. On July 1, 2015, the Farr Law Firm issued a check to "Glen Lerner PLCC" [sic] for $5,764.84.

7.   The Special Master and Lerner's counsel have agreed to postpone presentation of their legal positions on this matter to the Court until after the Fifth Circuit Court of Appeals has issued a ruling on Lerner's pending appeal of the February 26, 2015 Order in Appeal 15-30265.  Neither the Special Master nor Lerner's counsel intends to waive any argument as a result of presenting this proposed Consent Order to the Court.

8.   Additional CSSP claims are expected to be paid to clients of the Farr Law Firm where Glen Lerner, P.L.L.C., also is to receive a portion of the legal fee from the claim.

9.   The Special Master, Lerner's counsel and counsel for Farr Law Firm have agreed that the Farr Law Firm will hold any portion of the legal fee for Glen Lerner, P.L.L.C., in the Farr Law Firm's escrow account pending resolution of this matter.  All agree that no disbursement will be made of any portion of the legal fee for Glen Lerner, P.L.L.C., without further order of the Court.

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.   The following procedures shall be used in payment of CSSP claims for the Farr Law Firm's clients where a legal fee for Glen Lerner, P.L.L.C., is involved:

a.  When the Farr Law Firm receives payment from the CSSP on any claim involving any legal fee for Glen Lerner, P.L.L.C., the Farr Law Firm shall prepare a settlement sheet for the claim, specifying the following:

    1.  The contingency fee for the Farr Law Firm provided under its contingency fee contract applicable to the claim;

    2.  The fee provided for Glen Lerner, P.L.L.C., under the contingency fee contract applicable to the claim;

    3.  The costs that can be charged to the client's recovery and recoverable or paid by the Farr Law Firm under the contingency fee contract applicable to the claim; and

    4.  The amount payable to the client for its claim under the terms of its contingent fee contract applicable to the claim.

b.  When completed, the Farr Law Firm shall provide the CSSP and the Special Master with a copy of the settlement sheet.  The settlement sheets should be provided as follows:

> For the CSSP:
> Kevin Colomb, Esq.
> Manager of Compliance and Internal Integrity
> Deepwater Horizon Economic Claims Center
> 935 Gravier Street
> New Orleans, LA  70112
>
> For the Special Master:
> Special Master Louis J. Freeh
> c/o Gregory A. Paw, Esq.
> Pepper Hamilton, LLP
> Two Logan Square, Ste. 3000
> Philadelphia, PA  19106

      c.  The Farr Law Firm shall pay the client the amount due as indicated on the Settlement Sheet, and the Farr Law Firm shall distribute the Farr Law Firm's portion of the legal fees to the Farr Law Firm as indicated on the Settlement Sheet.

2.  IT IS FURTHER ORDERED that no portion of the Farr Law Firm's legal fees shall be shared with Glen Lerner, P.L.L.C., or Lerner personally or any representative of Lerner (including but not limited to Lerner's counsel) without further order of the Court.

3.  IT IS FURTHER ORDERED that the Farr Law Firm shall retain in its law firm trust account the legal fee provided for Glen Lerner. P.L.L.C., under the contingency fee contract and as indicated on the Settlement Sheet.  The Farr Law Firm shall not disburse this portion of the fee without order of the Court.

4.  IT IS FURTHER ORDERED that by January ____, 2016, Glen Lerner, personally, shall certify to the Court in writing and by filing on the docket that neither Glen Lerner nor Glen Lerner, P.L.L.C., has any other agreements for representations of any CSSP claimants, other than those already disclosed with the Andry Lerner law firm and with the Farr Law Firm.

Entered this _____ day of _____, 20___ in New Orleans, Louisiana.


_____
United States District Judge