UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: 13-706, 13-810, 13-1143, 13-1185, 13-1222, 13-1386 and 13-2006 | : : : | Honorable CARL J. BARBIER<br>Magistrate Judge SHUSHAN |

……………………………………………

## OPA TEST CASES

### STATEMENT OF THE UNITED STATES RELATING TO:
### (1) PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES (Doc. 15655); and
### (2) BP'S MOTION TO DISMISS MORATORIA CLAIMS (Doc. 15663).

During the previous rounds of briefs regarding the causation issues in the Oil Pollution Act ("OPA") Test Cases, the United States filed one brief. (Doc. 13209-2; errata filed as Doc. 13380, incorporated by reference herein). This new statement is to reiterate the position taken by the United States, namely, that as a matter of law there is no superseding cause defense under OPA. Further, the United States posits that there is no need for the Court to rule on the question of whether "proximate cause" is required under the relevant sections of OPA.

Our interest is not in the particular claims at issue, but rather to protect a body of OPA law related to causation.[1]

---

[1] Judge Shushan's Order that set the briefing schedule for these particular motions (Doc. 15582) cited to previous rounds of briefs, but did not mention the paper filed by the United States, so we have filed this notice. The prior paper also included a motion related to BP's discovery requests to the United States; since the time of that filing, such disputes have been resolved. Accordingly, this paper relates only to the substantive legal questions.

I.      **The United States Has a Substantial Interest in the Legal Issues Raised by the Two Motions.**

While the United States is not a party to the OPA Test Cases, both BP's Motion to Dismiss (Doc. 15663) and the Plaintiff Steering Committee's Motion to Strike (Doc. 15655) are important to the United States. First, the United States administers and enforces OPA, and therefore has a strong interest in how the statute is interpreted by the courts. Second, BP's putative superseding cause defense might be asserted against the United States in future, unrelated, litigation. Third, BP's request for a specific ruling on a "proximate cause" requirement in OPA might also be used against the United States in future, unrelated, litigation. Accordingly, the United States requests that the Court consider this filing.

II.     **Discussion**

   A.   **OPA Precludes a "Superseding Intervening Cause" Defense.**

Plaintiffs correctly note that OPA neither provides nor recognizes any type of "superseding cause" defense. OPA imposes strict, joint-and-several liability on responsible parties "[n]otwithstanding any other provision or rule of law, and subject to the provisions of this Act . . . ." 33 U.S.C. § 2702(a). Thus, the defenses available to a responsible party are limited to those set forth in the statute. *See Apex Oil Co., Inc. v. U.S.,* 208 F. Supp. 2d 642, 652 (E.D. La. 2002) ("[t]he *only* defenses to strict liability under . . . OPA" [are those set forth in 33 U.S.C. § 2703(a)]) (emphasis added); *Gabarick v. Laurin Maritime (Am.), Inc.*, 406 Fed. App'x 883, 888 (5th Cir. 2010) ("OPA provides a responsible party with a complete defense to liability in certain very narrow circumstances"); *Baby Oil, Inc. v. U.S.,* 938 F. Supp. 2d 640, 648 (E.D. La. 2013) (OPA provides a defense to liability in "narrow circumstances"); S. Rep. 101-94, at 12-13, 1990 U.S.C.C.A.N. 722, 734 (1989) ("Defenses to liability are provided in section 102(h) in three

2

limited circumstances . . . ."); *see also Tug Allie-B, Inc. v. U.S.*, 273 F.3d 936, 943-944 & n.7 (11th Cir. 2001) (construing a similar statute, the Park Systems Resources Protection Act, and concluding that the enumerated defenses are exclusive "as is customary with strict liability statutes."); *see also, e.g., U.S. v. Kramer*, 757 F. Supp. 397, 419-420 (D.N.J. 1991) (interpreting CERCLA's similar statutory language to prevent the defendants from asserting that "the United States was contributorily negligent, caused the harm at the Site or assumed the risk of harm at the Site").[2]

In a case construing Section 311(f) of the Clean Water Act, 33 U.S.C. § 1321(f), the Fifth Circuit concluded:

> After much consideration, Congress endorsed an absolute liability system with limited exceptions, which are to be narrowly construed. In the view of Congress, such a system best protected the public and placed the risk on the responsible party, not on the general public.

*U.S. v. West of England Ship Owner's Mut. Protection & Indem. Ass'n (Luxembourg)*, 872 F.2d 1192, 1200 (5th Cir. 1989). Because Congress "intended to expand that liability of the discharger" in OPA beyond that provided in the preexisting Clean Water Act regime, *Apex Oil Company v. U.S.*, 208 F. Supp. 2d at 654, exceptions to liability under OPA are also limited to those set forth in the statute and must be narrowly construed.[3]

As the Plaintiffs explain, a responsible party can avoid liability only if it demonstrates that both the discharge and the resulting damages were "caused solely by" (1) an act of God (2)

---

[2] The cited case relates to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq*. This Court has previously looked to CERCLA cases for analysis related to OPA. *See*, *e.g., In Re: Oil Spill by the Oil Rig ''Deepwater Horizon'' in The Gulf of Mexico, on April 20, 2010*, 844 F. Supp. 2d 746 (E.D. La. 2012) (order on summary Judgment) (Doc. 5809).

[3] OPA supplants 33 U.S.C. § 1321(f) with respect to discharges of oil, stating in relevant part "Subsection[] (f) . . . of section 311 of the Federal Water Pollution Control Act (33 U.S.C. 1321) shall not apply with respect to any incident for which liability is established under section 1002 of this Act." Pub. L. No. 101-380 § 2002(a); 33 U.S.C. § 1321 note.

an act of war or (3) an act or omission of a third party. 33 U.S.C. § 2703(a).[4] In construing the identical "caused solely by" language in Section 311(f) of the CWA, the court in *West of England* found no support for the proposition that Congress intended the terms "caused solely by" or "the sole cause" to equate with the term "the proximate cause." 872 F.2d at 1200. Instead, the court opined that "when there are multiple causes of a discharge and one cause is the dominant or proximate cause, to view that dominant or proximate cause as being the sole cause of the discharge would not be faithful to Congressional intent." *Id.* Thus, the court concluded that a defendant whose act was a contributing cause of the discharge was not entitled to the sole cause defense. These holdings preclude BP's efforts to evade liability on the grounds that the government regulatory actions in response to the spill were some kind of "superseding" cause.

      **B.     The Court Need Not Decide Whether OPA Requires Showing Proximate Cause to Recover Damages.**

BP overreaches when asking for a holding that OPA is a proximate cause statute. But BP, itself, admits that the Court need not reach this issue. BP Brief (Doc. 15663-1) at 18 (the "Court need not resolve the precise level of causation required by OPA"). The United States suggests that the Court should do just as BP suggests, and refrain from stating the precise level of causation required by OPA. This is because any sweeping language regarding the causation standard under OPA could impact the US in future, unrelated cases. For example, parties in other litigation might cite the opinion either to imply that the NPFC should pay certain types of claims, or to seek to inhibit the US as plaintiff seeking to recover on claims (such as NRD claims).

---

[4] To prevail on a third party defense under § 2703(a)(3), the responsible party must also demonstrate that it "exercised due care with respect to the oil concerned . . ." and that it "took precautions against foreseeable acts or omissions of any such third party . . . ." *Id.* In Light of the Phase One ruling, BP could never prove this defense.

This Court has taken a measured approach previously in this matter regarding OPA causation: when denying Rule 12 Motions to dismiss the B1 Master complaint, the Court commented that OPA causation may lie somewhere between traditional "proximate cause" and simple "but for" causation, but made no specific holding on the issue.[5] Whatever the Court may rule as to these particular Moratoria claims, the United States asks the Court to avoid any broad proclamations regarding the causation standard under OPA.

### C.   The United States Takes No Position in this Filing As to the Merits of the Claims of the OPA Test Case Plaintiffs.

This paper is not intended to weigh in on whether any particular plaintiff – or a class of plaintiffs as a whole – should recover, nor whether BP should pay for any particular damages. This Court has already dismissed all the claims filed against the United States in this matter, Doc. 4642, 11/18/11, at 3, so the United States is not responsible for any such damages. Moreover, if the Court decides that the plaintiffs are indeed entitled to recover for Moratoria damages, BP would be responsible for any such damages (if valid), either through settlements or judgments.[6]

---

[5] ORDER AND REASONS [As to Motions to Dismiss the B1 Master Complaint] Document 3830 Filed 08/26/11, at 19-21, 32-33; *see* ORDER [Amending and Clarifying the Court's Order of Nov. 15, 2013 (Rec. Doc. 11857), Denying BP's Motion to Amend Scheduling Order re BEL Remand and Preliminary Injunction Relating to BEL Claims] [Doc. 11890], 11/22/13, at 3-4, n.2; *see also*, ORDER & REASONS [Responding to Remand of Business Economic Loss Issues] [Doc. 12055], 12/24/13, at 23 (citing Doc. 3830 and reiterating that OPA causation may lie somewhere between traditional "proximate cause" and simple "but for" causation).

[6] Moratoria claimants have sought payment from the Oil Spill Liability Trust Fund ("OSLTF") previously in this matter, and such claims have been routinely denied, just as BP has pointed out in its motion. If the Court decides that Moratoria damages are causally linked to the incident, it is possible that claimants could again come to the OSLTF. Under OPA, the Fund would simply sue BP for reimbursement of any such claims paid. 33 U.S.C. § 2715. Also, under the terms of the pending-but-not-yet-approved Consent Decree, the Fund will retain its rights to sue BP under OPA for any such subrogated claims. C.D. (Doc. 15436-1) at 48, ¶ 65.b. Thus, while the United States might incur inconvenience or transaction time, it will not pay the actual damages.

**III.     Conclusion.**

While not party to the OPA Test Cases, the United States has many legal and policy-based interests in ensuring the appropriate interpretation of OPA. We request that the Court (1) hold that OPA does not allow for a defense based on "superseding intervening cause," and (2) decline to state whether OPA requires a showing of "proximate cause" for recovery of damages.

                                                  Respectfully submitted,

BENJAMIN C. MIZER                           JOHN C. CRUDEN
Principal Deputy Assistant Attorney General    Assistant Attorney General
Civil Division                                    Environment & Natural Resources Division

R. MICHAEL UNDERHILL, T.A            SARAH HIMMELHOCH
Attorney in Charge, West Coast Office        Senior Counsel

                                                   <u>/s/ Steven O'Rourke</u>
                                                   STEVEN O'ROURKE
                                                   Environmental Enforcement Section
                                                   U.S. Department of Justice
                                                   P.O. Box 7611, Washington, D.C. 20044
                                                   Telephone: 202-514-2779
                                                   E-mail: steve.o'rourke@usdoj.gov

                                                   KENNETH A. POLITE, JR.
                                                   United States Attorney
                                                   Eastern District of Louisiana
                                                   SHARON D. SMITH
                                                   Assistant United States Attorney
                                                   Eastern District of Louisiana

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Date: January 6, 2016                                            /s/ Steven O'Rourke
                                                                                        U.S. Department of Justice