UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **Of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **Applies to:** | * | **JUDGE BARBIER** |
| | * | |
| *No. 12-968, BELO* | * | **MAG. JUDGE WILKINSON** |
| *No. 14-2730* | * | |
| *(S.D. Ala. Dkt. No. 15-300)* | * | **MAG. JUDGE SHUSHAN** |

**ORDER**
[As to LeRoy Wilson's Motion to Require BP to Pay Costs Associated with his SPC and LMPC Claims (Rec. Doc. 15596)]

This Order assumes the reader's familiarity with the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("Medical Settlement," Rec. Doc. 6427-1). Capitalized terms are defined in the Medical Settlement.

Before the Court is LeRoy Wilson's Motion "to Require BP to Pay All Settlement Costs Reasonably Associated with both his SPC Claim and his LMPC Claim" (Rec. Doc. 15596), BP's opposition (Rec. Doc. 15662), and Wilson's reply (Rec. Doc. 15672). Wilson is a member of the Medical Benefits Settlement Class who is pursuing claims for a Specified Physical Condition ("SPC") and a Later-Manifested Physical Condition ("LMPC"). Relative to his LMPC claim, Wilson filed a Back-End Litigation Option ("BELO") lawsuit in this Court (Civ. A. No. 14-2730), which was transferred to the Southern District of Alabama (Civ. A. No. 15-300). Wilson filed the instant motion (Rec. Doc. 15596) with this Court,[1] praying that the Court interpret the Medical Settlement as requiring BP to pay various costs Wilson has incurred or will incur in connection with his SPC and LMPC claims. The costs for which Wilson seeks reimbursement

---

[1] Wilson's motion invokes this Court's exclusive jurisdiction over disputes related to the interpretation, implementation, administration, and enforcement of the Medical Settlement. (*See* Medical Settlement § XXVII; Order & Judgment ¶ 10, Rec. Doc. 8218).

include, but are not limited to, court filing fees for initiating his BELO lawsuit, expert witness fees associated with pursuing his LMPC claim/BELO lawsuit, and the cost of printing and copying the Proof of Claim Form for his SPC claim.

The Medical Settlement states that "BP will . . . [p]ay all Settlement Costs." (Medical Settlement § IV.E (all capitals omitted)). "Settlement Costs" is a defined term in the Medical Settlement. (*See* Medical Settlement § II.QQQQ). The thrust of Wilson's argument is that the costs at issue fall within this definition and, therefore, must be borne by BP.

The Court has considered parties' briefs and supporting documents, the Medical Settlement, and the applicable law. For essentially the reasons expressed by BP, the Court finds that Wilson's interpretation of the Medical Settlement is incorrect and that Wilson is not entitled to the relief sought in his motion. Accordingly,

IT IS ORDERED that LeRoy Wilson's Motion to Require BP to Pay All Settlement Costs Reasonably Associated with both his SPC Claim and his LMPC Claim (Rec. Doc. 15596) is DENIED.

New Orleans, Louisiana this 7th day of January, 2016.

_____
United States District Judge

**Note to Clerk:**

Notify Hon. Callie V. S. Granade, U.S. District Judge, S.D. Ala., and Clerk of Court, S.D. Ala. (Ref. Civ. A. No. 15-300)