LEWIS, KULLMAN, STERBCOW & ABRAMSON
ATTORNEYS AT LAW

PAUL M. STERBCOW
DAVID A. ABRAMSON
BETH E. ABRAMSON
IAN F. TAYLOR
JESSICA L. IBERT

2615 PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130-6030
TELEPHONE (504) 588-1500
TELECOPIER (504) 588-1514
www.lksalaw.com

HARVEY J. LEWIS
LAWRENCE S. KULLMAN
OF COUNSEL

PAUL M. STERBCOW
DIRECT DIAL: (504)588-9722
EMAIL: sterbcow@lksalaw.com

January 12, 2016

**VIA E-MAIL**
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Rm. 345
New Orleans, Louisiana 70130

RE:   In Re: Oil Spill by the Oil Rig
      "Deepwater Horizon" in the
      Gulf of Mexico, on
      April 20, 2010
      MDL No. 2179

   **Bisso Marine 30(b)(6) Deposition Issue**

Dear Judge Shushan:

   Pursuant to prior correspondence, Bisso Marine, LLC ("Bisso") hereby submits its position with respect to its objection to BP's proposed 30(b)(6) topic No. 10, which states:

   **Your claims and supporting documentation submitted to the Gulf Coast Claims Facility and BP Claims Facility following the *Deepwater Horizon* Incident.**

   Bisso objects to this topic on the basis that it seeks inadmissible testimony pursuant to Federal Rule of Evidence 408. FRE 408 states:

Lewis, Kullman, Sterbcow & Abramson
ATTORNEYS AT LAW

Honorable Sally Shushan
Re: Bisso Marine 30(b)(6) Deposition Issue
January 12, 2016
Page 2

> **(a) Prohibited Uses.** Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > **(1)** furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
> >
> > **(2)** conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Here, Bisso submitted claims to both the GCCF and the BP Claims Program prior to filing the instant lawsuit. Both of these submissions were made pursuant to the "presentment" requirement under the Oil Pollution Act[1] and constituted efforts on the part of Bisso to settle its claim prior to resorting to litigation.

Both of these submissions were "settlement offers" as contemplated under FRE 408. *See In re DEEPWATER HORIZON*, 786 F.3d 344, 364 (5th Cir. 2015) (referring to an agreed-upon resolution of a claim by the GCCF and a claimant as a "**binding settlement agreement**"

---

[1] *See* 33 U.S.C. § 2713(a).

LEWIS, KULLMAN, STERBCOW & ABRAMSON
ATTORNEYS AT LAW

Honorable Sally Shushan
Re: Bisso Marine 30(b)(6) Deposition Issue
January 12, 2016
Page 3

between BP and the claimant); *Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 310 (E.D. Va. 1993) (stating that the purpose of OPA's presentment requirement is to "**promote settlement and avoid litigation**") (emphasis added). They were attempts at resolving Bisso's claim for economic damages resulting from the *Deepwater Horizon* incident and subsequent oil spill. BP clearly wants to juxtapose those prior demands against Bisso's current quantification of damages prepared in connection with this lawsuit. This is exactly what FRE 408 is designed to prohibit. *See Ramada Development Co. v. Rauch*, 644 F.2d 1097, 1106-07 (5th Cir. 1981).

Any testimony and documents pertaining to these two prior demands made by Bisso against BP clearly is inadmissible under FRE 408. As such, BP's proposed 30(b)(6) topic No. 10 should be removed and no Bisso representative should be compelled to testify regarding these two claim submissions.

Respectfully submitted,

Paul M. Sterbcow

PMS/kc
c:  Neil Roman, Esq.
    Matt Regan, Esq.
    Christopher Keegan, Esq.
    Andy Langan, Esq.
    Duke Williams, Esq.