# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois  60654 |  |
|---|---|---|
| Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | (312) 862-2000<br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

January 14, 2016

*Via E-mail*

The Honorable Sally Shushan
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Rm. 345
New Orleans, Louisiana 70130

     Re:  OPA Test Cases - BP Response to Bisso Request for Protective Order

Dear Judge Shushan:

  This letter responds to Bisso's January 12, 2016 request for a protective order barring deposition discovery of "any testimony or documents pertaining to" Bisso's "claims and supporting documentation submitted to the Gulf Coast Claims Facility and BP Claims Facility following the Deepwater Horizon Incident."  Bisso argues that the 30(b)(6) topic seeks settlement materials, and speculates that "BP clearly wants to juxtapose those prior demands against Bisso's current quantification of damages" in violation of Rule 408.  Bisso's request to quash BP's discovery should be denied for three separate reasons.

  *First*, discovery includes "any nonprivileged matter . . . relevant to any party's claim or defense," FED. R. CIV. P. 26(b)(1), and "reasonably calculated to lead to the discovery of admissible evidence," *In re LeBlanc*, 559 F. App'x 389, 392 (5th Cir. 2014) (citation omitted). It is not limited to evidence admissible at trial.  Bisso's OPA claim submissions are directly relevant to Bisso's OPA claim in these cases.  Moreover, Bisso made its claim submissions and supporting documentation integral to proper discovery, objecting and stating as follows:

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 14, 2016
Page 2

- Much of the information sought by BP was previously provided in extensive detail through reports, financial statements and other documents provided to BP's agent, the Gulf Coast Claims Facility, to the Court Supervised Settlement Program . . . and to the BP Claims Program, all as part of the satisfaction of the presentment requirements under OPA.  (Bisso Marine LLC's Ans. to Def.'s 1st Set of Interrogs. at Nos. 1-4.)

- The foreseeable, natural and continuous progression of events from the Macondo discharge to the subsequent moratoria and material slow-downs and changes in deepwater and shallowwater permitting caused Bisso to suffer a loss of profit and/or impairment of earning capacity as set out in detail in Bisso's presentment materials previously provided to BP.  (*Id.* at Nos. 6, 8, 10, 12.)

Questions on Bisso's claim submissions are thus calculated to lead to admissible evidence about presentment and the facts underlying its OPA claim—apart from any so-called settlement offer. Having used its claim submissions to answer discovery and to object to additional discovery, Bisso cannot now prevent a deposition on the same topics "as set out in" those submissions.

*Second*, OPA presentment is a mandatory condition precedent—a required element of Bisso's OPA claim.  *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, 808 F. Supp. 2d 943, 965 (E.D. La. 2011), *aff'd*, 745 F.3d 157 (5th Cir. 2014). One purpose of deposing Bisso on its claim submissions is to test that threshold requirement, including whether Bisso now claims damages not in its presentment and thus subject to dismissal.  Rule 408 does not limit discovery that tests whether Bisso has met the statutory threshold.  *See* FED. R. EVID. 408(a) (prohibiting use of compromise offers and negotiations only when tendered to prove claim validity, amount of the disputed claim, or for impeachment purposes); *id.* at 408(b) (allowing admission for other purposes).  Additionally, Rule 408 does not apply to the documents or statements presented in Bisso's submissions.  FED. PRAC. & PROC.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 14, 2016
Page 3

EVID. § 5310 ("[S]tatement made at another time and 'presented' during compromise negotiations is not made inadmissible by Rule 408."); FED. R. EVID. 408, Advisory Comm. Notes, 2006 Amendment. While BP agrees one purpose of OPA is to facilitate settlement, that does not convert presentment into a settlement offer and bar all discovery of those materials.

***Third***, Bisso's request is premature. As Judge Barbier ruled in Phase 1, "the proper course is to wait until any settlement evidence is actually sought to be introduced to determine admissibility." (Rec. Doc. 5603 at 8.). Bisso cannot bar discovery of these materials now, but may seek to limit their use (if appropriate) at some future time.

\* \* \*

Bisso's concern that BP will violate Rule 408 at trial is unsupported. Even so, discovery to test OPA presentment is permitted under Rule 408, as is discovery into Bisso's claim submissions as part of reasonably calculated efforts to find admissible evidence—as Bisso's use of its claim submissions to answer interrogatories attests. BP has a proper purpose for discovery, and such discovery cannot be cut off based on Bisso's premature speculation.

Respectfully submitted,

J. Andrew Langan, P.C.

CC: Paul M. Sterbcow
Conrad S.P. "Duke" Williams
Stephen J. Herman