

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * * * * | MDL 2179<br><br>SECTION "J" |
| Applies to: *Merchant v. BP Deepwater Horizon Claim Center*, No. 15-4290 | * * * * | JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

On July 15, 2015, economic class member Raymond J. Merchant filed a complaint in the United States District Court for the Southern District of Alabama (No. 1:15-cv-355-CG-M) naming BP Deepwater Horizon Claim Center as defendant. Summons was issued as to BP Deepwater Horizon Claim Center with instructions for Plaintiff to take action to effect service before August 31, 2015. *See* Exhibit A. The substance of Mr. Merchant's claim is that he seeks to be paid seven times the amount awarded for his claim ($4,458.20).

Review of Mr. Merchant's claim indicates that he purports to be a member of the economic damages class covered by the Settlement Agreement and he did not opt out of the settlement. Accordingly, pursuant to § 8.2.4 of that Agreement, he was barred from suing the DHECC:

> "All Economic Class Members who do not timely and properly Opt Out shall in all respects be bound by all terms of this Agreement and the Final Order and Judgment, shall be entitled to all procedural opportunities and protections described herein and provided by the Court, and all compensation for which they qualify under its terms, and shall be permanently and forever barred from commencing, instituting, maintaining or prosecuting any action based on any Released Claim against any Released Parties in any court of law or equity, arbitration tribunal or administrative or other forum."[1]

---

[1] The Deepwater Horizon Oil Spill Trust is a Released Party under the Agreement.

1

Because Mr. Merchant filed a claim with the DHECC and has sought review and reconsideration of his award amount multiple times, it is clear that Mr. Merchant was aware of the Court Supervised Settlement Program and this court's jurisdiction over his claim.  However, he filed suit outside these proceedings in Alabama district court.  Mr. Merchant's suit violates the terms of the Settlement Agreement and should be dismissed with prejudice pursuant to § 10.12.4.[2]

To address Mr. Merchant's improper use of procedure, the Claims Administrator was required to (1) file a notice of potential tag-along action with the Judicial Panel on Multi-District Litigation, and (2) file this motion in the MDL upon transfer.  The JPML issued a conditional transfer order on September 15, 2015. That order was finalized on September 29, 2015 and the case was officially transferred to the MDL.

This Court is the only proper forum for review of the actions of the DHECC Court Supervised Settlement Program. *See* Settlement Agreement at § 4.4.11 ("Claimants and the Released Parties agree not to contest the existence of federal jurisdiction in MDL 2179"). The integrity of the program would be severely compromised if claimants were able to summon the Claims Administrator to proceedings in various district courts to pursue their claims rather than following the process approved by and supervised through this court.  The Claims Administrator also should not be required to expend resources to respond to improperly-filed actions.

For these reasons, the Claims Administrator requests that the Court dismiss Mr. Merchant's suit without prejudice to his rights with respect to the processing and disposition of the claim in accordance with the terms of the Settlement Agreement.

---

[2] That section provides, "From and after the Effective Date, if the Economic Class, Plaintiffs or any Economic Class Member commences, files, initiates, or institutes any new action or other proceeding for any Released Claims against the Released Parties in any federal or state court, arbitration tribunal, or administrative or other forum, such action or other proceeding shall be dismissed with prejudice and at the cost of (a) the Economic Class if the Economic Class brings such action or proceeding, or (b) the Plaintiffs and/or Economic Class Members who bring such action or proceeding provided, however, before any costs may be assessed, counsel for such Economic Class Member, or, if not represented, such Class Member shall be given reasonable notice and an opportunity voluntarily to dismiss such new action or proceeding with prejudice."

Respectfully submitted,

*/s/  Richard C. Stanley*
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
STANLEY, REUTER, ROSS, THORNTON &
ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana  70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069
rcs@stanleyreuter.com

J. David Forsyth, 5719
SESSIONS, FISHMAN, NATHAN &
ISRAEL, L.L.C.
201 St. Charles Ave., Suite 3815
New Orleans, Louisiana 70170
Telephone: (504) 582-1521
jdf@sessions-law.com

Attorneys for Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been mailed to the *pro se* plaintiff and has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of January, 2016.

*/s/  Richard C. Stanley*

3