UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISNANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL 2179 |
|     "Deepwater Horizon" in the Gulf | * | |
|     Of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| This Document Relates to: | * | JUDGE BARBIER |
| | * | |
| No. 15-4143, 15-4146 & 15-4654 | * | MAG. JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SUBMISSION BY GULF OF MEXICO REEF FISH SHAREHOLDERS' ALLIANCE IN RESPONSE TO CLAIM ADMINISTRATOR'S NOTICE**

TO CLAIMS ADMINISTRATOR MICHAEL J. JUNEAU:

Now come the undersigned counsel who, on behalf of the Gulf of Mexico Reef Fish Shareholders' Alliance (RFSA), its members, and on behalf of similarly situated commercial seafood harvesters and interest owners, respectfully respond to the Halliburton and Transocean Settlement Claim Administrator's December 15, 2015 Notice [Rec. Doc. 15657] as follows:

### A. The Gulf of Mexico Reef Fish Shareholders' Alliance (RFSA)

1. The RFSA was created in 2008 as a 501(c)(6), non-profit trade association with members from Corpus Christi, Texas to St. Petersburg, Florida, that represents the interests of commercial reef fish fishermen and other stakeholders in the fisheries of the Gulf of Mexico.

2. Most RFSA members are commercial fishermen involved in the catching and processing of "reef fish" (also called "fin fish"), including snapper, grouper, tilefish, and other semi-migratory species found in the waters of the Gulf of Mexico, and therefore, are clearly eligible members of the putative "New Class". There is no question that commercial fishermen, e.g. vessel owners, boat captains and crew, who harvested seafood from specifically identified Gulf

Coast waters are eligible putative class members in the New Class – they clearly have maritime standing under the *Robins/TESTBANK* line of cases. Commercial fishermen (boat owners, captains and crews) are defined as eligible members of the putative New Class in Paragraph 3 of the New Class definition in the Halliburton and Transocean Settlement Agreements. These commercial fishermen worked, lived or operated in specifically identified Gulf Coast waters and other areas that were adversely and directly impacted by the explosion, oil spill and resulting response efforts. As the Allocation Neutral noted in his Order, commercial fishermen are entities or individuals of the type noted by Judge Barbier in his Phase One trial findings of fact and conclusions of law "who could satisfy the 'physical injury' threshold of the *Robins Dry Dock* rule" and therefore "would be entitled to" a punitive damages award. *In re Oil Spill,* 21 F. Supp. 3d at 750 n. 264.

3. Many RFSA members are also stakeholders in the reef fish fisheries in the Gulf of Mexico by reason of their ownership of individual fish quota(IFQ), and as such are eligible members of the putative "New Class". In 2006, National Marine Fisheries (NMF) / National Oceanic and Atmospheric Administration (NOAA) instituted an individual fish quota (IFQ) system in the Gulf of Mexico. The IFQ system combines free market economic principles with up to date scientific data on the state of the fisheries to produce a fishery that is sustainable, fair to its participants, and largely self-regulatory.

4. IFQ owners also have maritime standing under the *Robins/TESTBANK* line of cases. The owners of IFQ shares own a property right in the fishery located in the navigable waters of the Gulf of Mexico. They have suffered, and will continue to suffer, from the injuries to the fishery caused by the oil spill. IFQ owners' property interest in the fishery is the equivalent of a coastal real property owner whose property was oiled by the Spill. Their property right is in the fishery itself which is located in the navigable waters of the Gulf of Mexico and which suffered a

physical injury and was adversely and directly impacted by the explosion, oil spill and resulting response efforts. The reef fish fishery has been damaged and that damage is ongoing.

5. As the Allocation Neutral noted in his Order, commercial fishermen are entities or individuals of the type noted by Judge Barbier in his Phase One trial findings of fact and conclusions of law "who could satisfy the 'physical injury' threshold of the *Robins Dry Dock* rule" and therefore "would be entitled to" a punitive damages award. *In re Oil Spill,* 21 F. Supp. 3d at 750 n. 264. So too can IFQ owners satisfy the 'physical injury' threshold of *Robins Dry Dock* and would also be entitled to a punitive damages award. Not surprisingly, IFQ shareholders were recognized as owning a valuable property right in the reef fish fishery and as such are eligible and appropriate claimants in the Old Class settlement.

### B. IFQ Owners are members of the Old Class and have payable claims in the Seafood Compensation Program.

6. The RFSA, on behalf of its members and similarly situated IFQ owners submits that they are eligible claimants in the putative New Class and that the distribution model recommended by the Claim Administrator should include each of them as New Class participants.

7. The undersigned counsel participated in the process leading to the formulation of the distribution model for IFQ owners in the Deepwater Horizon/BP class action settlement (Old Class) and know of the time, effort, thought and energy expended in that process. To the extent the Claim Administrator wants, or needs, input on a distribution model for IFQ owners in the putative New Class, the RFSA and its counsel submit that the Claim Administrator's recommendation as to the distribution model for eligible Gulf of Mexico commercial fishing interests be informed and shaped by the Old Class distribution model recommended by the appointed Neutral for Seafood Compensation, John Perry, and subsequently adopted by the Court.

8. When determining a distribution model for the New Class for IFQ owners, it may be helpful to analyze how the Deepwater Horizon Economic and Property Damages Settlement Agreement for the Old Class compensates them. The Old Class provides a fixed compensation amount to IFQ owners. Under the established framework, an IFQ share owner may receive compensation when he provides proof of ownership, as of the date of the oil spill, of his IFQ shares of all species identified by IFQ.

C. **Conclusion**

9. The undersigned counsel recognize that the Claim Administrator will receive submissions from other categories of claimants in the putative New Class who will advocate for their claimants and make suggestions regarding appropriate distribution models. Obviously, the position or recommendations of other claimants may significantly affect everyone's view regarding what is appropriate or recommended. The under signed counsel also recognize that this is likely just the first round of submissions and that further submissions will be invited and/or requested once the Claim Administrator determines how big the New Class will be and how many categories of potential claimants there will be. Accordingly, the undersigned counsel respectfully submit their desire to participate in this process as appropriate and as allowed by the Claim Administrator.

Respectfully submitted this 15th day of January 2016:

**WILLIAMSON, SEARS & RUSNAK**
 */s/ Jimmy Williamson*
Jimmy Williamson
Federal Id No. 51896 / SBN. 21624100
Cyndi M. Rusnak
Federal Id No. 24724 / SBN. 24007964
Ross A. Sears, III
Federal Id No. 17626 / SBN. 17960011
William W. Dills
Federal Id. No. 2346498 / SBN. 24067421
4310 Yoakum Blvd.
Houston, Texas 77006
Tel. (713)223-3330
Fax (713) 223-0001
jimmy@wsrlawfirm.com
cyndi@wsrlawfirm.com
ross@wsrlawfirm.com
william@wsrlawfirm.com
*Attorneys for RFSA and Other Similarly Situation Gulf of Mexico Commercial Fishermen and Interest Holders*

**SIMPSON & BEETON**
 */s/ Timothy A. Beeton*
Federal Id No. 8373 / SBN. 02043600
2200 Market Street, Suite 801
Galveston, Texas 77550-1676
Tel. (409)765-9558
Fax (409) 750-8372
tbeeton@simpsonbeeton.com
*Attorneys for RFSA and Other Similarly Situation Gulf of Mexico Commercial Fishermen and Interest Holders*

                                      **HUBER, SLACK, THOMAS & MARCELLE, LLP**
                                           */s/ Charles M. Thomas*
                                             Stephen M. Huber
                                             SBN. 24463
                                             Charles M. Thomas
                                             SBN. 31989
                                             1100 Poydras Street, Suite 1405
                                             New Orleans, Louisiana 70163
                                             Tel (504)274-2500
                                             Fax (504) 910-0838
                                             stephen@huberslack.com
                                             charlie@huberslack.com
                                             *Attorneys for Other Similarly Situation Gulf of Mexico Commercial Fishermen and Interest Holders*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Submission by Gulf of Mexico Reef Fish Shareholders' Alliance in Response to Claim Administrator's Notice will be served on all Counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in ML 2179, on the 15th day of January, 2016.

   I also hereby certify that the above and foregoing instrument will also be served on the Claim Administrator for the "New Class" on the 15th day of January, 2016 as follows:

*Regular U.S. Mail*
Michael J. Juneau
Claims Administrator – New Class
PO Box 51268
Lafayette, LA 70505-1268


                                                          /s/ *Jimmy Williamson*