UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION J |
| This Filing Applies to: | * * | JUDGE BARBIER |
| Nos. 13-706, 13-810, 13-1143, 13-1185, 13-1222, 13-1386 and 13-2006 | * * * * | MAGISTRATE JUDGE SHUSAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY BRIEF
IN SUPPORT OF RENEWED MOTION TO STRIKE**

The OPA Causation Test Case Plaintiffs, by and through the Plaintiffs' Steering Committee, respectfully submit the following Reply Brief in response to BP's Opposition [Rec. Doc. 15705] and in further support of their Renewed Motion to Strike Affirmative Defenses and Motion *in limine* to Exclude Evidence of Potential Third-Party Fault, Including the Application of any Alleged "Superseding" Cause Defense Premised on Governmental Action or Inaction following the Spill [Rec. Doc. 15655]:

**MAY IT PLEASE THE COURT:**

BP does not really respond to Plaintiffs' Motion.

Plaintiffs' Motion was directed to the affirmative defenses that BP set forth in its Answers to these OPA Test Case Complaints, *in addition to* the general denial of liability under the Oil Pollution Act, 33 U.S.C. §§2701-2702. As specifically noted, in summary of the previous motion to strike and response:

> …aside from the prematurity issue, BP's Opposition was largely dedicated to the conclusory and somewhat dubious contention that the OPA Test Case Plaintiffs will not be able to establish that either the Governmental response or their economic losses were due to the destruction of natural

Page | 1

> resources and other property resulting from the Macondo / *Deepwater Horizon* Spill.
>
> Plaintiffs, of course, believe and plan to prove that the Governmental actions following the Macondo disaster and the economic losses suffered by the OPA Test Cases Plaintiffs were due, at least in part, to the Spill's substantial and continuing damages and threats of damage to natural resources and other property throughout the Gulf of Mexico.
>
> The focus of this Motion, however, is a distinct and separate inquiry – *i.e.* whether BP will be afforded an *additional* opportunity to escape liability for some or all of Plaintiffs' damages by attempting to argue that the Moratoria, or permitting changes, or other Governmental action or inaction was "unforeseeable" or "unreasonable" or even "illegal", thereby breaking the chain of causation as a "superseding" cause of Plaintiffs' loss.[1]

Again, with the plaintiffs' renewed motion, BP's Opposition is devoted almost exclusively to the threshold issue of whether the economic losses in question are "due to" and "result from" the Macondo "incident" and associated damages and/or substantial threats of damage to natural resources and other property – the subject of BP's own Renewed Motion to Dismiss, which has been addressed fully in Plaintiffs' Opposition, incorporated by reference herein.[2]

While cognizant of the caselaw describing the motion to strike as a "drastic remedy",[3] it seems curious that the pleading of a claim for relief under Rule 8(a) would be held to a higher standard than the pleading of a defense under Rule 8(c). Nor is there anything in the Rules to suggest that the motion to strike an insufficient defense under Rule 12(f) would be considered under a different standard than the motion to dismiss an insufficient claim under Rule 12(b).[4]

---

[1] MEMO IN SUPPORT OF RENEWED MOTION TO STRIKE [Rec. Doc. 15655-1] at pp.13-14 (emphasis in original).

[2] *See* OPPOSITION TO BP'S RENEWED MOTION TO DISMISS THE SO-CALLED "MORATORIA" AND "PERMITORIA" CLAIMS [Rec. Doc. 15704] (Jan. 6, 2016).

[3] *See* BP OPPOSITION, p.3; *citing* Augustus v. Bd. Of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962).

[4] Notably, the 1962 *Augustus* case cited by BP was decided under the pre-*Iqbal/Twombly* standard. At that time, the granting of a motion to dismiss under *Conley v. Gibson* was also a "disfavored" remedy. *See, e.g.*, Clark v. Amoco Production, 794 F.2d 967, 970 (5th Cir. 1986) (quoting *Conley v. Gibson* for the proposition that a case was not to be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," and characterizing the motion to dismiss as "a disfavored motion" that was "rarely granted") (*citing* Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981) ("dismissal for failure to state a claim is viewed with disfavor, and is rarely granted")).

In any event, and in this particular case, BP's Fourth Defense is:

> The events culminating in the injuries and damage to Plaintiff were not the result of any negligence, fault, or want of due care on the part of BPXP.[5]

BP's Second Defense is:

> The blowout, explosion, and subsequent oil spill were caused by the unseaworthy condition(s) of the MODU *Deepwater Horizon*, and/or unseaworthy conditions, breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to other entities, and the negligence of employees, agents, officers and directors of those other entities.[6]

BP's Twenty-First Defense is:

> BPXP cannot be held liable for any damages resulting from actions taken pursuant to federal, state, or local government control, direction, delegation, or authorization.

And BP's Seventh Defense is:

> In accordance with the *Exxon Co., U.S.A. v. Sofec, Inc.,* 517 U.S. 830 (1996), one or more superseding and/or intervening causes preclude any finding of liability on the part of BPXP.

Contrary to BP's suggestion, the plaintiffs are *not* attempting to "shift their burden onto BP by focusing only on affirmative defenses … rather than on the causation requirements of 33 U.S.C. §§2701-2702."[7] Plaintiffs simply contend that BP is not permitted under OPA to defend the action in the first instance on the basis that the plaintiffs' damages were not allegedly caused by the incident under 33 U.S.C. §§2701-2702, and then get a 'second bite at the apple' by raising an additional defense that, *even where the damages in question are caused by the incident under 33 U.S.C. §§2701-2702,* BP is nevertheless not responsible for such damages, due to the

---

[5] *See Bisso v. BP,* No.13-706 [Rec. Doc. 13058]; *Black Elk v. BP,* No.13-2006 [Rec. Doc. 13059]; *Certified v. BP,* No.13-1143 [Rec. Doc. 13061]; *Blake v. BP,* No.13-1185 [Rec. Doc. 13060]; *Seahawk v. BP,* No.13-1386 [Rec. Doc. 13064]; *Trinity v. BP,* No.13-1222 [Rec. Doc. 13062]; *Wadleigh v. BP,* No.13-810 [Rec. Doc. 13063].

[6] *See also* Ninth Defense (comparative negligence), Nineteenth Defense (conduct of other entities), and Twentieth Defense (negligence of contractors or subcontractors).

[7] BP OPPOSITION, p.1.

"superseding" "fault" of the U.S. Government or some other third party. That is the nature and substance of BP's affirmative defenses, which "cannot, as a matter of law, succeed under any circumstance." U.S. v. Renda, 709 F.3d 472, 479 (5th Cir. 2013).[8]

*BP's Fourth Defense (Absence of BP Fault)*

BP cannot conceivably prevail on this defense as a matter of fact,[9] and the fault of the Responsible Party is irrelevant under OPA as a matter of law.[10]

*BP's Second, Ninth, Nineteenth and Twentieth Defenses (Fault of Transocean and Halliburton[11])*

BP admits that OPA "does not provide for the apportionment of damages upon multiple responsible parties."[12] And that BP "has never invoked OPA §2703."[13] More specifically, BP "has never asserted, despite Halliburton's and Transocean's role in causing the spill, that BPXP should be wholly exonerated from OPA liability for spill caused injuries compensable under Section 2702."[14]

*BP's Twenty-First Defense (Government Action)*

BP's defense to Government action, (albeit a general denial of liability and not an affirmative defense), rests primarily on the contention that such Government action was not

---

[8] *See also, e.g.,* Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law").

[9] *See* PHASE ONE FINDINGS AND CONCLUSIONS (corrected) [Doc 13381-1] (Sept. 4, 2014).

[10] *See, e.g.,* Buffalo Marine Services Inc. v. United States, 663 F.3d 750, 752 (5th Cir. 2011); *citing* 33 U.S.C. §2702(a). *See also* BP OPPOSITION TO ORIGINAL MOTION TO STRIKE [Rec. Doc. 13269, at 23] (Aug. 8, 2014) at p.15 (BP "has never invoked Section 2703, which deals with a narrow set of complete defenses to spill liability addressing situations where a responsible party asserts it has no fault whatsoever for a spill").

[11] To the extent that these Defenses could also apply to the action or inaction of the United States, the Government cannot be legally at "fault" under OPA for all of the reasons stated in Plaintiffs' MEMORANDUM IN SUPPORT OF RENEWED MOTION, at pp.27-32; (*see also* pp.19-23).

[12] BP OPPOSITION TO RENEWED MOTION, p.11.

[13] BP OPPOSITION TO RENEWED MOTION, p.5.

[14] BP OPPOSITION TO ORIGINAL MOTION [Rec. Doc. 13269, at 39] (Aug. 8, 2014) at p.31.

foreseeable.[15]   Even assuming *arguendo* that OPA liability under Section 2702(a) and 2702(b)(2)(E) contained a "foreseeability" requirement, (which it does not), the Government action was eminently foreseeable, as set forth in Plaintiffs' OPPOSITION TO BP'S RENEWED MOTION TO DISMISS, at pp.11-13.

### *BP's Seventh Defense (Superseding Cause)*

The history and text of OPA belie any Congressional intent to superimpose traditional notions of "proximate cause" onto the "due to" and "result from" causation standards set forth in Section 2702(a) and 2702(b)(2)(E). *See generally* MEMO IN SUPPORT OF RENEWED MOTION [Rec. Doc. 15655-1] pp.15-18.[16]

As noted in Plaintiffs' opening brief, *Lexmark* did not overrule either *Valladolid* or *McBride*.[17]  Not only does the Court not expressly overrule either decision, but neither OCSLA nor the *Valladolid* case is even cited as an example of an instance in which the Court has "construed federal causes of action … to incorporate a requirement of proximate causation." Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S.Ct. 1377, 1390 (2014).  The decision has absolutely nothing to do with the Oil Pollution Act, and in no way addresses, much less suggests, that an OPA Responsible Party would be permitted to invoke a "superseding" cause defense under OPA.  Indeed, the Court makes it clear that any such analysis would be "controlled by the nature of the statutory cause of action," *see* Lexmark, 134 S.Ct. at 1390 – which statutory cause of action, in this case, was specifically intended to expand the scope of

---

[15] *See* OPPOSITION TO RENEWED MOTION, pp.9 and 18-19.

[16] *See also* OMNIBUS MEMO IN OPPOSITION TO MOTIONS TO DISMISS B1 BUNDLE FIRST AMENDED MASTER COMPLAINT pp.66-74 [Rec. Doc. 1821, at 67-75], *and,* ADDENDUM A to OPPOSITION TO BP'S RENEWED MOTION TO DISMISS (OPA Legislative History) [Rec. Doc. 15704-1].

[17] *See* MEMO IN SUPPORT OF RENEWED MOTION, p.18 fn.19.

recovery,[18] with expressly narrow and limited specifically enumerated defenses. *See* 33 U.S.C. §2703. *See also, e.g.,* Ballard Shipping Co. v. Beach Shellfish, 32 F.3d 623, 631 (1st Cir. 1994) (cited in BP'S OPPOSITION at p.9) (recognizing a cause of action in favor of shellfish dealers under the Rhode Island Compensation Act, despite the absence of traditional *Robins Dry Dock* standing, while noting that the passage of OPA "is compelling evidence that Congress does not view either expansion of liability to cover purely economic losses or enactment of comparable state oil pollution regimes as an excessive burden on maritime commerce").[19]

The question in *Rice* [20] was whether the Oil Pollution Act applied to an incident on a Texas Panhandle ranch. Focusing on the interpretation of "navigable waters" as used in the OPA statute, the Court held:

> In light of Congress's decision not to regulate ground waters under the CWA/OPA, we are reluctant to construe the OPA in such a way as to apply to discharges onto land, with seepage into groundwater, that have only an indirect, remote, and attenuated connection with an identifiable body of "navigable waters." We must construe the OPA in such a way as to respect Congress's decision to leave the regulation of groundwater to the States.

Rice v. Harken Exploration Co., 250 F.2d 264, 272 (5th Cir. 2001). And Plaintiffs have addressed the *Taira Lynn* and *Gatlin Oil* decisions in their OPPOSITION TO BP'S RENEWED MOTION TO DISMISS, at pp.21-22 and 24-26.

In *Exxon v. Sofec,* the decision specifically referenced by BP in its Seventh Affirmative Defense, the Court held, as a matter of general maritime law, that "where the injured party is the

---

[18] In re: Deepwater Horizon, 808 F.Supp.2d 943, 959 (E.D.La. 2011). *See also, e.g.,* Goldberg, *Liability for Economic Loss in Connection with the Deepwater Horizon Spill,* 30 MISS. C. L. REV. 335, 353 n.40 and 374-376 (2011).

[19] *See also, e.g.,* Paroline v. United States, 134 S.Ct. 1710 (2014) (cited in BP'S OPPOSITION at pp.15-16) (holding that a crime victim would be entitled to restitution, based on the Congressional language and intent of the relevant statute, even though she could *not* establish but-for causation, in a case where "as a proximate result of the offense" was expressly required by the criminal statute's text).

[20] Cited in BP'S OPPOSITION at p.22.

sole proximate cause of the damage complained of, that party cannot recover in contract from a party whose breach of warranty is found to be a mere cause in fact of the damage." Exxon Co. USA v. Sofec, Inc., 517 U.S. 830, 839 (1996).  The decision did not even address, much less suggest, that an OPA Responsible Party might not be liable to an innocent OPA plaintiff for economic losses under the Oil Pollution Act.

Yet, even assuming *arguendo* that some "proximate cause" analysis were implied in Section 2702 of OPA, there is no legal basis to infer a separate and additional "superseding" cause *defense*.[21]

### BP Largely Sidesteps Plaintiffs' Motion

BP essentially concedes that it has no affirmative defenses.[22]  "Rather, BPXP's defenses follow from the double causation requirements of §2702."[23]

Contrary to BP's suggestion, the plaintiffs are *not* attempting to "shift their burden onto BP by focusing only on affirmative defenses … rather than on the causation requirements of 33 U.S.C. §§2701-2702."[24]

Plaintiffs simply contend that BP is not permitted under OPA to defend the action in the first instance on the basis that the plaintiffs' damages were allegedly not caused by the incident under 33 U.S.C. §§2701-2702, and then get a 'second bite at the apple' based on a defense that,

---

[21] *See generally* MEMO IN SUPPORT OF RENEWED MOTION, pp.19-22. *See also* STATEMENT OF THE UNITED STATES [Rec. Doc. 15702] pp.2-4.

[22] BP OPPOSITION TO RENEWED MOTION, p.11 (BP "has never invoked OPA § 2703, which deals with a narrow set of complete defenses to liability for a spill as to any plaintiff, regardless of the injuries it claims").  *See also* BP OPPOSITION TO ORIGINAL MOTION [Rec. Doc. 13269] p.15 (BP "has never invoked Section 2703, which deals with a narrow set of complete defenses to spill liability addressing situations where a responsible party asserts it has no fault whatsoever for a spill"), *and* p.31 ("Section 2703 establishes an affirmative defense where the 'discharge or substantial threat of a *discharge of oil* and the resulting damages [are solely caused by an act of God, etc.]' … BP has never argued that *the oil spill* was caused solely by any of the Section 2703(a)(1)-(4) situations") (emphasis in original).

[23] BP OPPOSITION TO RENEWED MOTION, p.11.

[24] BP OPPOSITION TO RENEWED MOTION, p.1.

*even where the damages in question are caused by the incident under 33 U.S.C. §§2701-2702,* BP is nevertheless not responsible for such damages, due to the "superseding" "fault" of the U.S. Government or some other third party.

Such a defense is unavailable to BP as a matter of law.

## Conclusion

For the above and foregoing reasons, for the reasons stated in the plaintiffs' original memorandum, and for the reasons stated in the plaintiffs' OPPOSITION TO BP'S RENEWED MOTION TO DISMISS THE SO-CALLED "MORATORIA" AND "PERMITORIA" CLAIMS [Rec. Doc. 15704], the Court should strike BP's affirmative defenses and issue an *in limine* ruling precluding evidence of potential third-party fault, including the application of any alleged "superseding" cause defense based on the actions or inaction of the U.S. Government to the OPA Causation Test Cases, as a matter of law.

This 20th day of January, 2016.


Respectfully submitted,


  /s/  Stephen J. Herman                              /s/  James Parkerson Roy
**Stephen J. Herman**, La. Bar No. 23129     **James Parkerson Roy**, La. Bar No. 11511
**HERMAN HERMAN & KATZ LLC**                 **DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
820 O'Keefe Avenue                           556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113                 Lafayette, Louisiana 70501
Telephone: (504) 581-4892                    Telephone: (337) 233-3033
Fax No. (504) 569-6024                       Fax No. (337) 233-2796
E-Mail: sherman@hhklawfirm.com               E-Mail: jimr@wrightroy.com
*Plaintiffs Liaison Counsel*                 *Plaintiffs Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

| | |
|---|---|
| Robert T. Cunningham<br>CUNNINGHAM BOUNDS, LLC<br>1601 Dauphin Street, P. O. Box 66705<br>Mobile, AL  36660<br>Office:  (251) 471-6191<br>Telefax: (251) 479-1031<br>E-Mail:  rtc@cunninghambounds.com | Scott Summy<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX  75219<br>Office:  (214) 521-3605<br>Telefax: (214) 599-1172<br>E-Mail:  ssummy@baronbudd.com |
| Alphonso Michael "Mike" Espy<br>MORGAN & MORGAN, P.A.<br>188 East Capitol Street, Suite 777<br>Jackson, MS 39201<br>Office: (601) 949-3388<br>Telefax: (601) 949-3399<br>E-Mail:  mike@mikespy.com | Ervin A. Gonzalez<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Office: (305) 476-7400<br>Telefax: (305) 476-7444<br>E-Mail:  ervin@colson.com |
| Calvin C. Fayard, Jr.<br>FAYARD & HONEYCUTT<br>519 Florida Avenue, SW<br>Denham Springs, LA  70726<br>Office:  (225) 664-4193<br>Telefax: (225) 664-6925<br>E-Mail:  calvinfayard@fayardlaw. | Joseph F. Rice<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Office: (843) 216-9159<br>Fax No. (843) 216-9290<br>E-Mail: jrice@motleyrice.com |

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that the above and foregoing Reply Brief will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 20th day of January, 2016.

/s/ Stephen J. Herman and James Parkerson Roy