Office of the Comptroller of the Currency

Washington, DC 20219

January 16, 2015

The Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429-9990

Re:   First National Bank of Crestview
      Crestview, Florida
      OCC Charter Number 14766

To Whom It May Concern:

You have been appointed Receiver for First National Bank of Crestview, Crestview, Florida, effective as of the date of this letter. A copy of the *Receivership Determination and Appointment of Receiver* for the Bank is enclosed.

Please send the Office of the Comptroller of the Currency a copy of any verification of assets prepared by the Federal Deposit Insurance Corporation.

Sincerely,

*[signature]*

Toney M. Bland
Senior Deputy Comptroller
Midsize and Community Bank Supervision

Enclosure

**EXHIBIT 1**

UNITED STATES OF AMERICA
OFFICE OF THE COMPTROLLER OF THE CURRENCY
WASHINGTON, D.C.

**Receivership Determination and Appointment of Receiver**

First National Bank of Crestview
Crestview, Florida
Charter Number 14766

**WHEREAS**, the Comptroller of the Currency has delegated to me the authority to appoint a receiver for a national bank under 12 U.S.C. §§ 191 and 1821(c)(5);

**WHEREAS**, the above captioned bank ("Bank") is insured by the Federal Deposit Insurance Corporation;

**WHEREAS**, from information available to the Office of the Comptroller of the Currency ("OCC") and pursuant to 12 U.S.C. § 191, I have determined that the following grounds exist for the appointment of a receiver for the Bank:

(1) The Bank has experienced substantial dissipation of assets or earnings due to any unsafe or unsound practice. 12 U.S.C. § 1821(c)(5)(B)(ii).

(2) The Bank is in an unsafe or unsound condition to transact business. 12 U.S.C. § 1821(c)(5)(C).

(3) The Bank's unsafe or unsound practices or conditions are likely to cause insolvency or substantial dissipation of assets or earnings. 12 U.S.C. § 1821(c)(5)(H)(i).

(4) The Bank's unsafe or unsound practices or conditions are likely to weaken the Bank's condition. 12 U.S.C. § 1821(c)(5)(H)(ii).

(5) The Bank has incurred or is likely to incur losses that will deplete all or substantially all of its capital, and there is no reasonable prospect for the Bank to become adequately capitalized (as defined in 12 U.S.C. § 1831*o*(b)) without Federal assistance. 12 U.S.C. § 1821(c)(5)(G).

(6) The Bank is undercapitalized (as defined in 12 U.S.C. § 1831*o*(b)), and has no reasonable prospect of becoming adequately capitalized (as defined in 12 U.S.C. § 1831*o*(b)). 12 U.S.C. § 1821(c)(5)(K)(i).

(7) The Bank is undercapitalized (as defined in 12 U.S.C. § 1831*o*(b)), and has failed to submit a capital restoration plan acceptable to the OCC within the time prescribed under 12 U.S.C. § 1831*o*(e)(2)(D).  12 U.S.C. § 1821(c)(5)(K)(iii).

(8) The Bank is critically undercapitalized, as defined in 12 U.S.C. § 1831*o*(b).  12 U.S.C. § 1821(c)(5)(L)(i).

**WHEREAS**, in my discretion, I have determined that the Federal Deposit Insurance Corporation should be appointed Receiver for the Bank;

**NOW THEREFORE**, pursuant to 12 U.S.C. §§ 191 and 1821(c) and the power, duty, and authority vested in me by law, I do hereby appoint the Federal Deposit Insurance Corporation as Receiver for the Bank, with all of the powers, duties, and responsibilities given to or imposed upon a receiver under the provisions of the laws of the United States which authorize and direct the appointment of such receiver.

_____
Toney M. Bland
Senior Deputy Comptroller
Midsize and Community Bank Supervision

Dated:  January 16, 2015