UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig ) | |
| "Deepwater Horizon" in the ) | MDL NO. 2179; SECTION J |
| Gulf of Mexico, on April 20, 2010 ) | |
| ) | JUDGE CARL J. BARBIER |
| This document relates to: ) | |
| ) | MAG JUDGE SHUSHAN |
| 12-970, *Bon Secour Fisheries, Inc. et al.* ) | |
| *v. BP Exploration Production Inc.;* ) | |
| cases within Pleading Bundle B1 ) | |
| ) | |
| and All Civil Actions, including ) | UNITED STATES DISTRICT |
| 33: 2701; 13-6008; 13-6009; 13-5367; 14-1106; ) | COURT EASTERN DISTRICT |
| 14-357; 14-358; 14-359; 14-1321 and 13-6651 ) | OF LOUISIANA |
| ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR A STATUS CONFERENCE**

I.
Introduction

On August 10, 2010 the United States Judicial Panel on Multi-District Litigation ordered the Consolidation of BP Deepwater Horizon Cases in the Court of the Honorable Carl J. Barbier for coordinated or consolidated pretrial proceedings. (Doc. 1)   Five and a half years have passed since that date, and thousands of affected claimants continue to wait on the sidelines.

The first reason listed as a purpose for a pretrial conference is to "[expedite] disposition of the action."  FED. R. CIV. P. 16(a)(1).   The purpose fir requesting a Status Conference is to get the Courts perspective on what and when something will happen on the opt-out and excluded claimants.  Furthermore, Plaintiffs would hope that the status conference would allow them to take steps to expedite the resolution of their cases.

## II.
## Argument

Brent Coon & Associates ("BCA") recognize that much of the delay is due to the fact that this is arguably the largest MDL in history, involving hundreds of thousands of affected claimants from all walks of life.  BCA also appreciates that the Court was forced to waste over a year of its time dealing with BP's appeal(s) of its own settlement.  BCA further realizes that the settlement of all governmental claims pushes the resolution date forward for clients in waiting.  However, it is very difficult to explain all of this to clients.

It is even more challenging to try and convince clients when they call asking for a status, that all they can do is sit and wait.  It is particularly difficult when that message is now close to four years old. For the past three and a half years, BCA has told our clients who opted-out of, or were excluded from, the Deepwater Horizon Economic and Property Settlement ("DHECC") that "we are hopefully that the Court will announce a plan for resolution of your case by the end of the year…"  Each year BCA and its clients have been disappointed.  In 2015, BCA was able to communicate that they filed a Motion to Remand or Take Other Affirmative Action on Opt-Out and Excluded Claims in July.   However, to date, the Court has taken no action on that.

More time has now passed between today and April 20, 2010 (the date the Deepwater Horizon exploded and started pouring oil into the Gulf of Mexico) than the time it took for a jury to reach a verdict in the Exxon Valdez case.  More importantly, the opt-out and excluded claimants' cases really haven't even begun to be litigated.   Even if the Court announced a plan for trying these cases TODAY, remanding them back to their initially filed Courts, or some other litigation track, they likely could not be ready for trial until 2017, at the earliest.  This additional time delay does not include any future appeals of trial verdicts that BP is sure to mount.

Under the Oil Pollution Act of 1990, ("OPA") BP as the responsible party was charged with "establish[ing] a procedure for payment or settlement of claims." 33 U.S.C. 2701 §1005(b).  Nothing about the class settlement or the formation of the DHECC waived BP's obligation to compensate victims of the oil spill under OPA.  However, after the formation of the DHECC BP formed and then summarily shut down its program for OPA presentment.  Of the thousands of legitimate claims that BCA submitted to BP as part of that program, less than a handful were compensated. The remaining opt-out and excluded claimants have seen absolutely no movement on their claims since the Gulf Coast Claims Facility closed its doors in 2012.

BCA takes special interest in this issue because of the number of claimants they represent in the opt-out and/or excluded category.   BCA represents approximately 2,500 opt-out claimants, and possibly nearly that number again of excluded claimants.[1]  As a result, we have an inordinate number of clients who are becoming more and more incredulous regarding whether or not they will ever get compensated.  More importantly, their faith in the legal system is starting to erode.

Rumors abound that multiple members of the Plaintiff's Steering Committee ("PSC") are in negotiations with BP to settle their opt-out and excluded claims.  This begs the question as to why PSC members would have their own opt-out claimants in a settlement that they did everything they could to keep other firms' claimants from opting out of the class.  However, more importantly, it indicates a willingness on BP's part to enter into settlement negotiations.  BCA would therefore urge the Court to press this opportunity to leverage as many potential settlements as possible to avoid further delays in this massive litigation.

 Finally, the Manual for Complex Litigation ("Manual") clearly states that "the court should keep in mind the goal of bringing about a just resolution as **SPEEDILY**, inexpensively, and fairly as possible." Manual For Complex Litigation 4th at 10.1 (emphasis added).   Once again, it is clear that

---

[1] Exact numbers are unavailable due to the failure of BP and the DHECC to work with BCA to confirm who is opted out and/or excluded from the class settlement.

the *Deepwater Horizon* litigation is both unique and massive in scope. It is also obvious that judicial time is scarce because of the Court's docket. However, as we enter the sixth calendar year of litigation in this matter, BCA opt-out and excluded clients are asking the Court to hold a status conference so that some sort of timeline can be established for the resolution of their cases. Additionally, hopefully such a conference will spur some movement on their cases and shorten that timeline.

Dated: January 29, 2016

Respectfully submitted,

/s/ Brent W. Coon
Brent W. Coon
Federal Bar No. 9308
Texas Bar No. 04769750
215 Orleans
Beaumont, Texas 77701 Tel.:
(409) 835-2666
Fax: (409) 835-1912
brent@bcoonlaw.com

*Attorney for the BCA Class Members*

**CERTIFICATE OF SERVICE**

I certify that this document has been filed with the Clerk of the Court and served by ECF on January 29, 2016 upon:

<u>Attorneys for the Defendants</u>:

>Richard C. Godfrey, P.C. J. Andrew Langan, P.C. Wendy L. Bloom
>KIRKLAND & ELLIS LLP 300 North LaSalle Street Chicago, IL 60654
>Telephone: 312-862-2000

>Jeffrey Lennard
>SNR Denton US LLP
>233 South Wacker Drive Suite 7800
>Chicago, IL 60606
>Telephone: 312-876-8000

>Jeffrey Bossert Clark
>Steven A. Myers
>KIRKLAND & ELLIS LLP 655 Fifteenth Street, N.W. Washington, DC 20005
>Telephone: 202-879-5000

>Don K. Haycraft
>LISKOW & LEWIS
>One Shell Square
>701 Poydras Street, Suite 5000 New Orleans, LA 70139
>Telephone: 504-581-7979

<u>Attorneys for Class Plaintiffs</u>:

>Stephen Jay Herman
>Soren E. Gisleson
>HERMAN HERMAN & KATZ LLP
>820 O'Keefe Avenue
>New Orleans, LA 70113
>Telephone: 504-581-4892
>Fax: 504-561-6024

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY & EDWARDS
556 Jefferson Street - Suite 500
Lafayette, LA 70501
Telephone: 337-233-3033
Fax: 337-233-2796

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 Battery Street - 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000
Fax: 415-956-1008

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF LAW
40 Washington Square, S. - Suite 41 1J
New York, NY 10012
Telephone: 212-998-6580
Fax: 212-995-4590

                              Respectfully submitted,

                              /s/ Brent W. Coon
                              Brent W. Coon
                              Federal Bar No. 9308
                              Texas Bar No. 04769750
                              215 Orleans
                              Beaumont, Texas 77701 Tel.:
                              (409) 835-2666
                              Fax: (409) 835-1912
                              brent@bcoonlaw.com

                              *Attorney for the BCA Class Members*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | ) | |
| "Deepwater Horizon" in the | ) | MDL NO. 2179; SECTION J |
| Gulf of Mexico, on April 20, 2010 | ) | |
| | ) | JUDGE CARL J. BARBIER |
| This document relates to: | ) | |
| | ) | MAG JUDGE SHUSHAN |
| 12-970, *Bon Secour Fisheries, Inc. et al.* | ) | |
| *v. BP Exploration Production Inc.;* | ) | |
| cases within Pleading Bundle B1 | ) | |
| | ) | |
| and All Civil Actions, including | ) | UNITED STATES DISTRICT |
| 33: 2701; 13-6008; 13-6009; 13-5367; 14-1106; | ) | COURT EASTERN DISTRICT |
| 14-357; 14-358; 14-359; 14-1321 and 13-6651 | ) | OF LOUISIANA |

## ORDER

**CONSIDERING THE ABOVE FOREGOING:**

  **IT IS HEREBY ORDERED** that all parties shall appear before the Magistrate Judge Sally Shushan on the _____ day of _____, 2016 at New Orleans, LA for an in person status conference.

  Signed this \_\_\_ day of _____, 2016 at New Orleans, LA.

            _____
            Magistrate Judge Sally Shushan