# Exhibit 1

TO UNITED STATES' BILL OF COSTS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" | * | |
| in the Gulf of Mexico, | * | SECTION: J |
| on April 20, 2010 | * | |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| *U.S. v. BP, et al.*  2:10-cv-04536 | * | MAGISTRATE SHUSHAN |
| | * | |

MEMORANDUM EXPLAINING BILL OF COSTS AGAINST ANADARKO
REQUESTED BY UNITED STATES

This memorandum explains the basis for the costs requested in the Bill of Costs, and explains the invoices attached.[1] The types of costs requested are:

- Fees of the Clerk;
- Fees for transcripts (court transcripts and witness transcripts);
- Fees for witnesses; and
- Fees for exemplification

Each of these categories is discussed below, and there are separate exhibits with spreadsheets summarizing the invoices for each type of fee, and additional exhibits with the underlying invoices attached.

I.  **Introduction**

This case was a large, complex multi-District Litigation, with many depositions, trial days, court hearings, fees, and Orders setting out detailed required procedures for depositions, trials, exhibits, filings, and so on. There were also three separate Phases of discovery and trial, as well as multiple defendants. The United States only sued some of the defendants, and the judgment only relates to Anadarko.

---

[1] Final Judgment was entered in this matter on December 16, 2015. Rec. Doc. 15659. That Judgment extended the due date for the Plaintiff's motion for costs to 45 days. Rec. Doc. 15659 ¶ 6. That judgment was a partial judgment under Fed. R. Civ. P. 54(b), because there were other parties, but is final as to Anadarko.  A subsequent order extended the deadline for costs to February 8, 2016. Rec. Doc. 15818.

The Bill seeks recovery of the costs that were necessarily obtained for its case against Anadarko. We do seek such costs even if they might also relate to another party. For example, Phase Two related to how much oil was discharged. That Phase was relevant to Anadarko's civil penalty amount, and it was also relevant to BP's civil penalty amount. But, the United States had to incur those fees and costs to proceed against Anadarko, even if BP had not been a party at all. *Palma v. Safe Hurricane Shutters, Inc*., 895 F. Supp. 2d 1268, 1274 (S.D. Fla. 2012) (finding that joint and several liability was appropriate where a significant amount of costs would have been incurred whether there was one plaintiff or multiple plaintiffs); *DelKalb Genetics Corp. v. Pioneer Hi-Bred Intern., Inc.*, No. 96-C-50113, 2002 WL 31109373 (N.D. Ill. Sept. 23, 2002) (rejecting party's request to reduce costs, where such costs also related to three other settling cases, because those costs would have been incurred anyway, regardless of the three other cases). The "burden [is] on the losing parties to introduce evidence and persuade the court that costs should be apportioned;" otherwise the default rule is joint and several liability. *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 469 (3d Cir. 2000).  *See also Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 496-97 (8th Cir. 2002); *White v. Sundstrand Corp.*, 256 F.3d 580, 585-87 (7th Cir. 2001).

In order to ensure that we are not asking for fees that do not relate to Anadarko, the United States divided up the witnesses into types that are clearly relevant to Anadarko (even if also relevant to another party or issue), and those for which we do not seek to recovery from Anadarko. The case involved three trial phases, and to calculate fees for each phase we used a different list of witnesses, as explained below.

**Phase One**: There were 305 depositions in Phase One, but we are only asking for the costs associated with 16 Phase One witnesses:

2

| Name | Date of Deposition |
|---|---|
| Richard Vargo | 03/30/2011 – 03/31/2011 |
| Robert Bodek | 04/11/2011 – 04/12/2011 |
| Paul Chandler | 05/04/2011 |
| Alan O'Donnell | 05/05/2011 |
| Jim Bryan | 05/06/2011 |
| Robert Quitzau | 5/25/2011 – 5/26/2011 |
| Kirk Wardlaw | 06/09/2011 |
| Darrell Hollek | 06/22/2011 |
| Graham Pinky Vinson | 06/23/2011 – 06/24/2011 |
| Michael Beirne | 6/27/2011 – 06/28/2011 |
| Jerry Byrd | 07/13/2011 |
| Stuart Strife | 10/05/2011 |
| Roger Vernon | 12/13/2011 |
| Gordon Cain | 12/19/2011 |
| James Lang | 01/11/2012 |
| Graham Pinky Vinson | 01/11/2012 |

**Phase Two**: There were two tracks: "Quantification" and "Source Control." Some witnesses were considered "Hybrid," meaning that they applied in both tracks. The Chart below lists the witnesses per track. The United States seeks fees associated with witnesses from the Quantification Track (including Hybrid witnesses), but not from the Source Control Track. Quantification and Hybrid witnesses were necessary to the United States' case against Anadarko in order to determine the amount of oil discharged from the Macondo well. The amount of oil discharged was used to calculate Anadarko's maximum penalty amount.

| Name | Track |
|---|---|
| Adams, Iain | Source Control |
| Allen, Thad | Source Control |
| Ballard, Adam | Hybrid |
| Banon, Hugh | Source Control |
| Barnett, David | Quantification |
| Bea, Robert | Source Control |
| Benge, Glen | Quantification |
| Bishop, Simon | Quantification |
| Blunt, Martin | Quantification |
| Brainard, Richard | Source Control |
| Brannon, Richard | Source Control |
| Burch, Morris | Source Control |

3

| | |
|---|---|
| Bush, Earnest | Hybrid |
| Bushnell, Nathan | Quantification |
| Camilli, Richard | Quantification |
| Carden, Richard | Source Control |
| Carmichael, Stephen | Quantification |
| Childs, Greg | Source Control |
| Chu, Steven | Hybrid |
| Cook, Kevin | Source Control |
| Davis, Rory | Quantification |
| DeCoste, Bud | Quantification |
| Devers, Kevin | Hybrid |
| Dewers, Thomas | Quantification |
| Dykhuizen, Ronald | Quantification |
| Foutz, Tyson | Source Control |
| Gansert, Tanner | Hybrid |
| Gibson, Dan | Source Control |
| Gochour, Matt | Quantification |
| Goosen, Rick | Source Control |
| Graettinger, George | Quantification |
| Griffiths, Stewart | Quantification |
| Gringarten, Alain | Quantification |
| Guillot, Ward | Source Control |
| Guthrie, George | Quantification |
| Hand, Steve | Source Control |
| Harland, Richard | Source Control |
| Harwin, Anthony | Hybrid |
| Havstad, Mark | Quantification |
| Henry, Charlie | Quantification |
| Herbst, Lars | Source Control |
| Hill, Trevor | Quantification |
| Holt, Charles | Quantification |
| Hsieh, Paul | Quantification |
| Huffman, Alan | Quantification |
| Hughes, John | Hybrid |
| Hunter, Thomas | Quantification |
| Hunter, Tom | Hybrid |
| Johnson, Adrian | Quantification |
| Kelkar, Mohan | Quantification |
| Kenney, Gary | Hybrid |
| Knox, Tom | Quantification |
| Landry, Mary | Hybrid |
| Larsen, Leif | Quantification |
| Lawler, Kinton | Hybrid |
| LeBlanc, Jason | Quantification |
| LeBlanc, Shade | Source Control |
| Lehr, Bill | Quantification |
| Leifer, Ira | Quantification |

4

| | |
|---|---|
| Levitan, Michael | Quantification |
| Liao, Tony | Quantification |
| Lo, Simon | Quantification |
| Lockett, Timothy | Quantification |
| Loos, Jamie | Quantification |
| Mackay, Andrew | Source Control |
| Maclay, Don | Quantification |
| Martinez, John | Quantification |
| Mason, Mike | Hybrid |
| Matice, Christopher | Quantification |
| McArthur, Steven | Quantification |
| McNutt, Marcia | Quantification |
| McWhorter, David | Hybrid |
| Merrill, Robert | Quantification |
| Miller, Charles | Quantification |
| Miller, Mark | Quantification |
| Miller, Marvin | Source Control |
| Momber, Andreas | Quantification |
| Nesic, Srdjan | Quantification |
| O'Donnell, Alan | Quantification |
| O'Neill, Brian | Quantification |
| Patteson, Mark | Source Control |
| Pellerin, Nicky | Hybrid |
| Pelphrey, Steve | Quantification |
| Perkin, Gregg | Source Control |
| Pooladi-Darvish, Mehran | Quantification |
| Possolo, Antonio | Quantification |
| Quitzau, Robert "Bob" | Quantification |
| Ratzel, Art | Quantification |
| Richardson, Nigel | Quantification |
| Ritchie, Bryan | Quantification |
| Roegiers, Jean-Claude | Quantification |
| Rohloff, Greg | Source Control |
| Romo, Louis | Hybrid |
| Ross, George | Quantification |
| Rygg, Ole | Quantification |
| Saidi, Farah | Quantification |
| Sanders, Robert | Hybrid |
| Schulkes, Ruben | Quantification |
| Shtepani, Edmond | Quantification |
| Smith, Trevor | Hybrid |
| Sogge, Mark | Quantification |
| Stahl, Mathew | Quantification |
| Stevick, Glen | Source Control |

| | |
|---|---|
| Thompson, Neil | Hybrid |
| Trusler, Martin | Quantification |
| Turlak, Rob | Hybrid |
| Vargo, Richard | Hybrid |
| Vaziri, Hans | Quantification |
| Vinson, Graham "Pinky" | Quantification |
| Wang, Yun | Quantification |
| Watson, James | Source Control |
| Wellings, Jim | Source Control |
| Whitson, Curtis | Quantification |
| Williams, Ellen | Quantification |
| Wilson, John | Source Control |
| Woods, Andrew | Quantification |
| Zaldivar, Michael | Quantification |
| Zick, Aaron | Quantification |
| Ziegler, Edward | Source Control |
| Zimmerman, Robert | Quantification |

**Phase Three (a/k/a Penalty Phase):** The United States seeks fees associated with all Phase Three witnesses other than the witnesses who related solely to issues of BP's finances and internal corporate structure. The remaining witnesses addressed issues related to the statutory penalty factors necessary to the assessment of a civil penalty against Anadarko under the Clean Water Act, 33 U.S.C. § 1321(b)(8). The Chart below lists the witnesses.

| Witness | Necessary to Case Against Anadarko |
|---|---|
| Arnold, Kenneth | Yes |
| Austin, Diane | Yes |
| Austin, Meredith | Yes |
| Barnes, Joshua | Yes |
| Barron, Mace | Yes |
| Boesch, Donald | Yes |
| Bonanno, George | Yes |
| Bray, Steve | Yes |
| Casey, Drew | Yes |
| Clapp, Richard | Yes |
| Conmy, Robyn | Yes |
| Cox, Robert | Yes |
| Cross, Iris | Yes |
| Douglas, Margaret | Yes |
| Folse, Laura | Yes |

6

| | |
|---|---|
| Gwin, Robert | Yes |
| Hanzalik, James | Yes |
| Hein, Julia | Yes |
| Heron, Richard | Yes |
| Hewett, Larry | Yes |
| Higgins, Damian | Yes |
| Hollek, Darrell | Yes |
| Howard, John | Yes |
| Huston, Mark | Yes |
| Kulesa, Frank | Yes |
| Laferriere, Roger | Yes |
| Lubchenco, Jane | Yes |
| Luton, Harry | Yes |
| Mason, Charles | Yes |
| McCleary, Stephen | Yes |
| McNulty, Sarah | Yes |
| Merten, Amy | Yes |
| Michel, Jacqueline | Yes |
| Miller, Mark | Yes |
| Paskewich, Frank | Yes |
| Ratner, Ian | Yes |
| Rice, Stanley | Yes |
| Robertson, Michael | Yes |
| Rose, Marshall | Yes |
| Shea, Damian | Yes |
| Smith, Brian | Yes |
| Sunding, David | Yes |
| Taylor, Elliot | Yes |
| Tunnell, John | Yes |
| Utsler, Mike | Yes |
| VanHaverbeke, Mark | Yes |
| Walkup, Gardner | Yes |
| Bamfield, Nicholas | No |
| Bucknall, David | No |
| Burch, Morris | No |
| Cantrell, Walter | No |
| Daines, Robert | No |
| Den Uyl, Bruce | No |
| Morrison, Richard | No |
| Quivik, Frederic | No |
| Scott, Loren | No |
| Sutcliffe, Kathleen | No |
| Wilson, Duane | No |

7

## II. Fees of the Clerk

The District Court ordered that all documents be filed and served using the Lexis/Nexis system. PRETRIAL ORDER NO. 12, Rec. Doc. 600. The Clerk of Court has previously awarded these types of costs in this MDL 2179. Rec. Doc. 15646.

We determined which filings were related to Anadarko by reviewing the invoices. Exhibit 2 sets out a spreadsheet of the LEXIS costs incurred for filings that relate to Anadarko. Exhibit 7 includes the invoices for the LEXIS costs. Filings that related to other parties but were not related to Anadarko are not included in the spreadsheet. Following the spreadsheet are LEXIS invoices for the entries in the spreadsheet. We are seeking a total of $5,480 in LEXIS costs.

## III. Fees for printed and electronically recorded transcripts

Exhibits 3 and 4 are two spreadsheets listing transcript costs for the bill of costs, as described below. The invoices for the entries in the spreadsheets are attached as Exhibits 8-9B.

### A. Transcripts of Court proceedings.

The spreadsheet attached, Exhibit 3, sets out Transcripts of Court proceedings costs incurred for transcripts that relate to Anadarko. Transcripts that were not relevant to the United States' case against Anadarko are not included in the spreadsheet. Also attached as Exhibit 8 are invoices for the entries in the spreadsheet. We are seeking a total of $44,412.17 in court transcript costs.

### B. Transcripts of depositions.

The spreadsheet attached as Exhibit 4 summarizes fees for deposition transcripts, including video transcripts. Exhibits 9A-9B attach the invoices. The Clerk has previously authorized recovery of video transcripts in this case. Rec. Doc. 15646.

The spreadsheet of depositions itemizes the available invoices for the witnesses that are relevant to Anadarko, as set out in the charts above in the Introduction. We are seeking a total of $323,821.27 in deposition transcript costs. Of the 486 depositions taken over the course of the litigation, we are seeking costs associated with 127 depositions (or roughly 25%).

## IV. Fees for Witnesses

Types of fees for witnesses include airfare, hotel, taxis, per diem ($71/day), and $40 per day of testimony.[2]  28 U.S.C. § 1821.

Exhibit 5 includes a spreadsheet of these types of witness fees, for those witnesses that are relevant to Anadarko, as set out in the charts above in the Introduction.[3] Exhibits 10A-10G attach the invoices. We are seeking a total of $62,845.42 in witness fees.

## V. Fees for Exemplification, etc.

Exhibit 6 includes a spreadsheet for these types of costs. All fees relate to three contractors: Worldwide, inData, and Avansic. The Magistrate Judge ordered the United States to pay the bills for each of these contractors. The spreadsheet summarizes the invoices. We are seeking a total of $834,238.65 in exemplification costs. Details are below.

---

[2] The United States did not make separate payments for the $40 fees, and therefore there will be no invoices or checks. However, for the witnesses listed, they are either expert witnesses, or federal government employees. For federal employees, they were paid their ordinary salaries, which of course far exceed $40 per day. For expert witnesses, they were paid their hourly rates, which also far exceed $40 per day.

[3] Note that a few witnesses are listed as relevant but no bills are charged. This is simply because we did not locate the invoices.

9

*Avansic*:  The Magistrate ordered the United States to post the Phase Three trial transcripts, depositions, expert reports, and exhibits on a public website. Rec. Docs. 13704, 13759. Two Avansic invoices totaling $2,056.25 cover that fee.

*Worldwide*.  Worldwide provided several services for Phase One and Two, including standardized exhibit numbering ("TREX stamping"), and preparation of depositions "bundles" with exhibits, for admission into evidence ("deposition bundling").  *See* Rec. Doc. 5609 at 6 (Phase 1); Rec. Doc. 9063 at 5 (Phase 2); Rec. Doc. 9924 (Phase 2).

*Where to find the invoices*.  Regarding Phases One and Two of trial, the Magistrate ordered the United States to pay for Worldwide's services by paying the Plaintiffs' Steering Committee ("PSC"). The PSC paid Worldwide, then send the invoice to the United States, and the U.S. paid the PSC. Rec. Doc. 13295. The invoices for the PSC's bills (which are the Worldwide bills) are attached. The United States paid ½ of the invoiced amounts.

*How much of the invoiced amount is relevant to Anadarko*. The invoices are not detailed enough to break down the fees by names of individual witness. Therefore, we used the following methods to estimate the prorated part of the invoice that Anadarko should pay.

The April-June 2013 invoices are Worldwide invoices for Phase One and Two. The United States highlighted the portion of work that appeared to relate to Phase Two, and prorated the invoice based on hours. We did not charge for any Phase One work.  For the remaining Phase Two work, we first identified the deposition "bundles" submitted to Worldwide for processing. We then identified a ratio of source control to quantification/hybrid bundles based on the list copied below.

10

**Phase 2 Deposition Bundles Submitted to Worldwide for Processing:**

| Last, First Name | Track |
|---|---|
| Allen, Thad | Source Control |
| Ballard, Adam | Hybrid |
| Barnett, David | Quantification |
| Bhalla. Kenneth | Source Control |
| Bishop, Simon | Quantification |
| Brannon, Richard | Source Control |
| Bush, Earnest | Hybrid |
| Campbell, Patrick | Source Control |
| Carmichael, Stephen | Quantification |
| Chu, Steven | Hybrid |
| Cook, Kevin | Source Control |
| DeCoste, Bud | Quantification |
| Domangue, Bryan | Source Control |
| Emilson, Morten | Quantification |
| Frazelle, Andrew | Source Control |
| Gouchnor, Matt | Quantification |
| Hand, Steve | Source Control |
| Havstad, Mark | Quantification |
| Hawyard, Tony | Source Control |
| Henry, Charlie | Quantification |
| Herbst, Lars | Source Control |
| Hill, Trevor | Quantification |
| Holt, Charles | Quantification |
| Hunter, Tom | Hybrid |
| Inglis, Andy | Source Control |
| Johnson, Denis | Source Control |
| Knox, Tom | Quantification |
| Landry, Mary | Hybrid |
| LeBlanc, Jason | Quantification |
| Lehr, Bill | Quantification |
| Levitan, Michael | Quantification |
| Lockett, Timothy | Quantification |
| Loos, Jamie | Quantification |
| Lynch, Richard | Quantification |
| Maclay, Don | Quantification |
| Mason, Mike | Hybrid |
| McKay, Lamar | Source Control |
| McNutt, Marcia | Quantification |
| McWhorter, David | Hybrid |
| Patteson, Mark | Source Control |
| Rainey, David | Source Control |
| Ratzel, Art | Quantification |
| Ritchie, Bryan | Quantification |
| Rohloff, Greg | Source Control |
| Rygg, Ole | Quantification |

| | |
|---|---|
| Saidi, Farah | Quantification |
| Saucier, Michael | Source Control |
| Schulkes, Ruben | Quantification |
| Shtepani, Edmond | Quantification |
| Skripnikova, Galina | Quantification |
| Sogge, Mark | Quantification |
| Suttles, Doug | Quantification |
| Thierens, Henry | Source Control |
| Tooms, Paul | Hybrid |
| Trusler, Martin | Quantification |
| Vargo, Richard | Hybrid |
| Vaziri, Hans | Quantification |
| Vinson, Graham "Pinky" 2011 | Quantification |
| Vinson, Graham "Pinky" 2012 | Quantification |
| Richardson, Nigel | Quantification |

We obtained a ratio of 70% for quantification/hybrid witnesses. We applied that ratio to prorate the Phase Two-related work so as to only charge Anadarko for the quantification/hybrid-related work from those invoices.

July-November 2013 are Worldwide Phase Two Invoices that did not include any Phase One work. For the Phase Two Worldwide invoices, we applied the ratio set forth above (70%) to indicate the amount of the bill that relates to Anadarko.

In total, the United States is seeking $505,643.35 from the Worldwide invoices.

*inData* provided the same services that World Wide had done, just for Phase Three. The Magistrate Ordered the United States to pay the fees for inData. Rec. Doc. 13580. For inData, five invoices are provided, and all relate to Phase Three of Trial.

*How much of the invoiced amount is relevant to Anadarko*. As with the Worldwide invoices, the inData invoices are not detailed enough to break down the fees by names of individual witness. Therefore, we identified the deposition bundles submitted to inData, and then determined the ratio of Anadarko-related bundles to the non-Anadarko bundles. The non-Anadarko bundles are those related solely to issues of BP's finances and internal corporate structure. We applied a ratio of 84% to these invoices.

12

**Phase Three Deposition Bundles Submitted to inData for Processing:**

| Last, First | Included in Ratio |
|---|---|
| Allen, Thad | Yes |
| Barron, Mace | Yes |
| Beirne, Michael | Yes |
| Bodek, Robert | Yes |
| Brown, Douglas | Yes |
| Casey, Drew | Yes |
| Conmy, Robyn | Yes |
| Cross, Iris | Yes |
| Douglas, Margaret | Yes |
| Dupree, James | Yes |
| Gwin, Robert | Yes |
| Hanzalik, James | Yes |
| Hein, Julia | Yes |
| Heron, Richard | Yes |
| Hewett, Larry | Yes |
| Higgins, Damian | Yes |
| Howard, John | Yes |
| Huston, Mark | Yes |
| Kulesa, Frank | Yes |
| Laferriere, Roger | Yes |
| Landry, Mary | Yes |
| Lubchenco, Jane | Yes |
| Luton, Harry | Yes |
| Lynch, Richard | Yes |
| McCleary, Stephen | Yes |
| McNulty, Sarah | Yes |
| Meinhart, Paul | Yes |
| Merten, Amy | Yes |
| Michel, Jacqueline | Yes |
| Miller, Mark | Yes |
| Quitzau, Robert (5/25-5/26 2011) | Yes |
| Quitzau, Robert (11/01-11/02 2012) | Yes |
| Rainey, David | Yes |
| Rose, Marshall | Yes |
| Saucier, Michael | Yes |
| Wardlaw, Kirk | Yes |
| Watson, James | Yes |
| Watson, Nick | Yes |
| Chandler, Paul | Yes |
| Huch, Nicholas | Yes |
| Strife, Stuart | Yes |
| Taylor, Elliott | Yes |
| Utsler, Mike | Yes |

| | |
|---|---|
| Hollek, Darrell (6/22/2011) | Yes |
| Hollek, Darrell (7/17/2014) | Yes |
| O'Donnell, Alan | Yes |
| Austin, Meredith | Yes |
| Folse, Laura | Yes |
| Bamfield, Nicholas | No |
| Bray, Steve | No |
| Bucknall, David | No |
| Den Uyl, Bruce | No |
| Robertson, Michael | No |
| Smith, Brian | No |
| Suttles, Douglas | No |
| Wilson, Duane | No |
| Morrison, Richard | No |

In total, the United States is seeking $326,539.05 in inData costs related to Phase Three.

Respectfully submitted,

BENJAMIN C. MIZER  
Principal Deputy Assistant Attorney General  
Civil Division

JOHN C. CRUDEN  
Assistant Attorney General  
Environment & Natural Resources Division

R. MICHAEL UNDERHILL, T.A  
Attorney in Charge, West Coast Office

/s/ Steven O'Rourke  
STEVEN O'ROURKE  
JUDY B. HARVEY  
Environmental Enforcement Section  
U.S. Department of Justice  
P.O. Box 7611, Washington, D.C. 20044  
Telephone: 202-514-2779  
E-mail: steve.o'rourke@usdoj.gov

KENNETH A. POLITE, JR.  
United States Attorney  
Eastern District of Louisiana  
SHARON D. SMITH  
Assistant United States Attorney  
Eastern District of Louisiana

Attorneys for the UNITED STATES OF AMERICA