UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J |
| This Document Relates To: | * | JUDGE BARBIER |
| *No. 12-970* | * | MAG. JUDGE SHUSHAN |
| | * | |

## ORDER & REASONS

Before the Court is the **Motion of the Deepwater Horizon Economic Claims Center ("DHECC") for Return of Payments Made to Hai Do and Others (Rec. Doc. 14266)** and related briefing. (WWG Opp'n, Rec. Doc. 14744; Hai Do Opp'n, Rec. Doc. 14745; DHECC's Reply, Rec. Doc. 14824, WWG Sur-Reply, Rec. Doc. 14870; DHECC Resp. to Sur-Reply, Rec. Doc. 14908).[1]  The DHECC asserts that Hai Do submitted a fraudulent claim to the DHECC and seeks restitution from Hai Do and his attorneys in the amount of $154,417.00.  Because there is a genuine dispute as to a material fact, the DHECC is not entitled to judgment as a matter of law.  Accordingly, the Court will deny the motion.

## BACKGROUND

This Order & Reasons largely assumes the reader's familiarity with the 2010 Gulf of Mexico oil spill, Multidistrict Litigation 2179, the *Deepwater Horizon* Economic and Property Damages Settlement ("Settlement," Rec. Doc. 6430),[2] the Seafood Compensation Program (Settlement, Ex. 10, Rec. Doc. 6430-22), and the DHECC.  The Court retains continuing and

---

[1] Waltzer Wiygul & Garside, L.L.C. ("WWG") and the DHECC filed, respectively, a motion to sur-reply (Rec. Doc. 14870) and a motion to respond to same (Rec. Doc. 14908).  The Court grants both motions and has considered these briefs with the DHECC's motion.

[2] Some of the capitalized terms used herein are defined in the Settlement.

exclusive jurisdiction to interpret, implement, administer, and enforce the Settlement (Settlement §§ 4.2.3, 4.3.10, 4.4.7, 18.1; Order & Judgment ¶¶ 9, 17, Rec. Doc. 8139).  In 2013, the Court appointed a Special Master to, among other things, examine and investigate past or pending claims submitted to the DHECC which are deemed suspicious and to initiate legal action to "clawback" the payment of fraudulent claims.  (Rec. Doc. 11288 at 3).  This process eventually transitioned to the Claims Administrator for the DHECC.  (Rec. Docs. 14514, 14543). Following an investigation into Hai Do's claims, the Claims Administrator and the Special Master jointly filed the instant clawback motion on behalf of the DHECC.  (Rec. Doc. 14266). Motions of this sort are in the nature of the proper administration and enforcement of a settlement program under the Court's exclusive control and jurisdiction; the Court's power to order equitable remedies as a result of fraudulent conduct is broad, flexible, and long-standing. (*See* Thonn Order at 13-14, Rec. Doc. 12794).[3]

      The following facts are uncontested.  On August 10, 2012, Mr. Hai Do, through counsel, filed a shrimp vessel owner claim and shrimp boat captain claim with the DHECC relating to Do's vessel, LA 7049 BR, and seeking payment under the Expedited Compensation Method. The Expedited Compensation Method determines a claim's value from set figures based on the claimant's vessel size, provided the vessel's revenue from commercial shrimping meets a certain "qualifying vessel revenue" for the benchmark year(s).  Because LA 7049 BR is a 35-foot vessel, Do needed to demonstrate $40,000 in shrimping revenue during the benchmark period to qualify for $135,281 in compensation on his vessel owner claim and $107,250 on his captain claim.  The Settlement also contains a Reduced Expedited Compensation Method, under which Do would

---

[3] The Court has previously ruled on several other "clawback" motions.  (*See* Thonn Order, Rec. Doc. 12794; Burrle Order, Rec. Doc. 14747; Zirlott Order, Rec. Doc. 14752; Lambert Order, Rec. Doc. 14780; Taylor Order, Rec. Doc. 14813; Parker Order, Rec. Doc. 15325; Alfonso Order, Rec. Doc. 15400; Riley Order, Rec. Doc. 15448; Vision Design Order, Rec. Doc. 15744).

2

need show $25,000 in shrimping revenue in order to qualify for $62,438 on his vessel owner claim and $49,500 on his captain claim. Both compensation methods require that a claim be supported by either (1) trip tickets or (2) tax returns and sufficient documentation to identify those components of earnings derived from commercial shrimp harvesting. (Settlement, Ex. 10 pp. 10-11, Rec. Doc. 6430-22).

Hai Do's claims selected 2008 for the benchmark year[4] and requested that his 2008 tax return be used to calculate his award, although it appears no tax return was filed with the DHECC at that time. However, Do's trip tickets were available to the DHECC, which showed that he had $39,179.50 in shrimping revenue in 2008. On January 16, 2013, the DHECC issued a notice on his vessel owner claim that was expressly based on the trip ticket data. Because the revenue was less than $40,000, the DHECC determined that Do was not eligible for compensation under the Expedited Compensation Method. The DHECC did find, however, that Do was eligible for compensation under the Reduced Expedited Compensation Method.

On January 28, 2013, Hai Do, through counsel, requested re-review and asked the DHECC to use his 2008 tax return and a "Sworn Written Statement for Sufficient Documentation of Benchmark Revenue" ("SWS-1") to determine the claim, rather than his trip tickets. The SWS-1 stated he had $63,191 in shrimp revenue in 2008. Do's tax return contained two Schedule Cs—one stating he had $37,251 in revenue from his work as a "fisherman" and listing his business name as "LA7049BR," the other stating he had $25,940 in revenue from his work as a "fisherman" but listing no business name. The sum of the two Schedule Cs is $63,191—the same amount listed on the SWS-1. On April 22, the DHECC issued a re-review notice that found the $25,940 in revenue listed on the second Schedule C was "not accounted

---

[4] Normally the DHECC would consider 2008 and 2009, not just 2008. Do asked the DHECC to exclude his 2009 revenue because his vessel suffered a mechanical failure that year. The DHECC granted the exclusion.

3

for" and therefore the SWS-1 "cannot be verified." (WWG Opp'n, Ex. 2 at 2, Rec. Doc 14744-2). The DHECC apparently accepted that the $37,251 listed on the first Schedule C was revenue for LA 7049 BR. Because the trip tickets of $39,180 exceeded the revenue reported on the first Schedule C, the eligibility amount was again based on the trip ticket revenue and, furthermore, remained unchanged from the first eligibility notice. On April 26, 2013, Hai Do's counsel sent an e-mail to the DHECC explaining that the $25,940 from the second Schedule C was mistakenly included with Do's claim, as the revenue was not related to Do's vessel, but was actually from work he did aboard another shrimping vessel.[5] However, counsel also stated that Do did have a small amount of cash sales of shrimp that was not reflected in his 2008 tax return and asked if Do could amend his return to reflect this. The DHECC stated that it would consider additional documentation.

On or around April 29, 2013, Hai Do, through counsel, formally requested reconsideration of his claim. In a letter to the DHECC, counsel stated that "Mr. Do sold a portion of his catch directly to consumers for cash. Thus, a portion of his catch was not reported on his trip tickets. . . . Mr. Do filed an amended 2008 tax return with the IRS to reflect the correct amount of shrimp sales, both wholesale and retail." (Motion, Ex. D, Rec. Doc. 14266-6). A Form 1040X, dated April 24, 2013, which purportedly amended Do's 2008 tax return, was also submitted to the DHECC. The Schedule C attached to the Form 1040X stated that Do earned $40,215 in 2008 gross receipts from work as a "commercial fisherman" concerning the business "LA7049 BR," an increase of $2,964 from the first Schedule C that was submitted with the

---

[5] In its opposition brief, Do's counsel claims that this error was the fault of counsel, not Do, and further claims that "[i]t is extremely common for shrimp vessel owners to exclusively work as captain of their own boats. (WWG Opp'n at 10-11 & Ex. 5 at 4 n.9, Rec. Doc. 14744 & 14744-4).

4

original 2008 tax return.[6] However, this "amended" tax return was never filed with the IRS, nor did Do pay the additional tax he would have owed.

Based on the 2008 "amended" tax return, the DHECC found that Hai Do's benchmark revenue exceeded $40,000 and, therefore, Do was eligible for payment under the Expedited Compensation Method on both of his claims. After deducting for prior oil spill payments, the DHECC paid Do a total of $159,267.62. Of this amount, Do's counsel received $34,499 in attorney fees.[7] Claims preparer Juno Claims received $4,850.62 for Do's two claims.

In December 2014, the Special Master alerted Do's counsel to the fact that the April 24, 2013 "amended" tax return was not filed with the IRS. Do subsequently filed another amended tax return with IRS. This return, dated December 17, 2014, states that Do's revenue from "LA7049 BR" is $40,474, which is slightly different from the amount listed on the April 24, 2013 "amended" return. Hai Do did pay the additional tax reflected on the December 17, 2014 return. After the DHECC filed the instant motion, Juno Claims repaid the $4,850.62 it had received on Do's claim. (Rec. Doc. 14814).

## PARTIES' ARGUMENTS

The crux of the DHECC's motion is that Hai Do presented a false tax form to the DHECC and made fraudulent misrepresentations regarding his 2008 shrimping revenue in order to substantially increase his seafood payments from what he would have received under the Reduced Expedited Compensation Method. The DHECC seeks restitution in the amount of $154,417.00, representing the amount the DHECC paid on Hai Do's claim less the $4,850.62 returned by Juno Claims.

---

[6] Do's counsel also submitted a revised SWS-1 that similarly stated Do earned $40,215.00 in shrimp revenue in 2008.

[7] This amount is taken from the stipulation in counsel's opposition brief, which is different from the amount appearing in the DHECC's motion. (WWG Opp'n at 9, Rec. Doc. 14744). The DHECC does not appear to dispute the accuracy of counsel's stipulation.

5

The attorneys who represented Hai Do's claims with the DHECC and Hai Do, appearing through new counsel, each filed responses to the DHECC's motion (collectively, "Respondents"). Respondents contend that Do did mail the "amended" tax return along with a check for the additional taxes to the IRS on or around April 24, 2013, but the documents apparently did not reach the IRS, and that Do was unaware of this until the Special Master brought it to his attention in December 2014. Hai Do swears to these facts in an affidavit. (Do Opp'n, Ex. 4, Rec. Doc. 14745-4). Respondents also submit Do's bank statements from March 13 to June 12, 2013, which list checks drawn on Do's account during this period. (Do Opp'n, Ex. 5, 14745-5). According to these documents, check no. 1088 was paid on April 23, 2014 and check no. 1090 was paid on May 1, 2013, but check no. 1089 is omitted. Respondents assert the missing check corroborates Do's claim that he did mail the "amended" tax return and payment. Furthermore, Respondents urge that Do did earn the extra revenue reflected in the amended tax returns. According to respondents, while Do sold the vast majority of his catch to Barataria seafood docks, Do occasionally sold shrimp directly to purchasers for cash, which was not recorded in Do's trip ticket or his original tax return. To support this position, Respondents submit three affidavits from individuals who swear they bought shrimp directly from Mr. Do in 2008 and paid cash. (Do Opp'n, Ex. 1, Rec. Doc. 14745-1). Respondents also claim that Do sometimes calculated and recorded these cash sales on invoice pads. Respondents submit six such tickets, reflecting six cash sales in 2008 totaling $3,220. (Do Opp'n, Ex. 2, Rec. Doc. 14745-2). Thus, Respondents argue that Do's failure to file the April 24, 2013 "amended" tax return was not fraud, because Do did not knowingly make a false representation to the DHECC, nor did he intend to defraud the DHECC, nor did the misrepresentation cause any harm to the

DHECC. Arguing in the alternative, Respondents urge that Hai Do should be permitted to keep the amount he would have received under the Reduced Expedited Compensation Method.

## DISCUSSION

The DHECC asserts that it is entitled to judgment as a matter of law. The Court has previously granted motions of this sort on the briefs and without an evidentiary hearing when there is no genuine dispute of material fact that a claim was fraudulent. (*See, e.g.*, Thonn Order at 16-20, Rec. Doc. 14824). Thus, for the DHECC to succeed on the present motion, it must show that there is no genuine dispute that (1) Hai Do made a false representation; (2) he knew or believed that the representation was false, or had an insufficient basis to make the representation; (3) he intended to induce the DHECC to act in reliance on the information; (4) the DHECC justifiably relied on Do's representation; and (5) damage resulted from the reliance. *See Operaciones Tecnicas Marinas S.A.S v. Diversified Marine Servs., LLL*, 926 F. Supp. 2d 858, 862 (E.D. la. 2013).

The Special Master's motion is based on the fact that Hai Do did not file the April 24, 2013 "amended" tax return with the IRS. Do swears in an affidavit that he did mail the "amended" tax return (with payment) to the IRS, but it was apparently lost in the mail. While this could be viewed as a self-serving, "dog ate my homework" sort of excuse that might not otherwise defeat a well-supported motion, Do also presents contemporaneous records that corroborate his story—his bank statements reflecting that check no. 1089 was not paid. There is also evidence tending to support Do's assertion that he actually earned the relatively small amount of additional revenue from cash sales of shrimp required to bring his 2008 shrimp revenue over the $40,000 threshold. Do has produced three affidavits from those claiming to

7

have paid Do cash for shrimp, as well as what appear to be Do's contemporaneous business records documenting cash sales for shrimp in 2008.[8]

In light of the above evidence, the Court finds there is a genuine dispute at least as to whether Do knew or believed that his representation that the April 24, 2013 "amended" tax return was filed with the IRS was false and whether he intended to induce the DHECC to rely on the misinformation.  Therefore, the DHECC's motion cannot succeed under the current standard. At the very least, an evidentiary hearing would be required for the DHECC's attempted clawback to succeed.

## CONCLUSION

For these reasons,

IT IS ORDERED that the Motion for Leave to File Sur-Reply (Rec. Doc. 14870) and Motion to File a Response to Sur-Reply (Rec. Doc. 14908) are GRANTED.

IT IS FURTHER ORDERED that the Motion of the DHECC for Return of Payments Made to Hai Do and Others (Rec. Doc. 14266) is DENIED.

Signed in New Orleans, Louisiana, this 11th day of February, 2016

_____
United States District Judge

---

[8] The DHECC doubts the authenticity of these hand-written tickets.  Admittedly, it would be easy for a claimant to forge these tickets in an effort to thwart a fraud investigation.  However, Do produces other business records from 2008, such as receipts from fuel suppliers.  No one disputes the authenticity of these records.  The fact that Do retained other business records from 2008 therefore lends credence to Do's assertion that the hand-written tickets are also authentic, contemporaneous records of the cash sales of shrimp.