IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | Section: J(1) <br> Judge: Barbier <br> Magistrate: Shushan |
| **This Document Relates To:** <br> Case No.: 2:10-CV-08888 (Rec. Doc. 54394) <br> Case No.: 2:10-MD-2179 (Rec. Doc. 14266) | |

### SUR-REPLY OF WALTZER WIYGUL & GARSIDE, LLC
### TO THE MOTION FOR RETURN OF PAYMENTS TO CLAIMANT HAI DO

Waltzer Wiygul & Garside, L.L.C. ("WWG") files this short sur-reply to alert the Court of clear and material errors of fact in the Special Master's Reply Brief. [Rec. Doc. 14824]. The errors are central to the DHECC's arguments that "Do's final contention that he should, at most, be required to pay back the amount of money he was overpaid, also should be rejected," and that "the uncontroverted evidence of Hai Do's fraud requires restitution." *Id.*

While the DHECC tacitly cedes that Restitution calls only for the return of funds overpaid, it maintains Hai Do should be required to return the entire amount (including the reduced expedited award that DHECC originally determined was payable) because factually "Do's original 2008 tax return was the basis of his initial payment amount." *Id.,* 7, fn.3. This statement is directly contrary to the record. Hai Do's first DHECC Eligibility Notice, attached to Rec. Doc. 14744 as Exhibit 1, specifically states that the "LDWF Trip Ticket Database" was used as the "Source of Revenue Information" in determining Hai Do's payment amount:

1

Mr. Do's tax return was not the basis of his original DHECC eligibility notice. Any perceived misstatement in that tax return (or any other) was irrelevant to the compensation Hai Do received, based on unquestioned LWF trip ticket reports.

| E. EXPLANATION OF HISTORICAL REVENUE METHOD |||||
|---|---|---|---|---|
| **Explanation of Calculation:** This calculation is based on your proven Shrimp harvesting revenue from the Benchmark Period in conjunction with your vessel size and vessel type. This vessel is not eligible for Historical Revenue Compensation. |||||
| | 2007 Annual Revenue | 2008 Annual Revenue | 2009 Annual Revenue ||
| | $30,257.10 | $39,179.50 | Excluded ||
| 1. | **Source of Revenue Information:** The information from financial documents, aside from Trip Tickets, will be included in a compensation calculation only if supported by a federal or state tax return for the corresponding year as the financial information. ||| LDWF Trip Ticket Database |

DHECC also argues that Do should be estopped from explaining what happened because "Do's explanation of why the amended tax document never reached the IRS cannot be relied upon, as it has changed over time." Rec.Doc. 14824, at 3. DHECC maintains that Do first claimed a lack of understanding while now claiming he actually mailed the return.

As DHECC's sole support for its argument that Mr. Do first claimed a lack of understanding, DHECC provides an edited quote from a letter undersigned wrote to the Special Master regarding WWG's investigation into the matter. The DHECC quotes the letter as follows: "it is likely that Hai Do simply did not understand…" *Id.*, at 4, but omitted the first three words from the sentence, which reads "In my opinion." See, *Id.*, Exh. A, at 4. Moreover, that same letter clearly reports that Hai Do "thought the amended report was mailed…" *Id.*, at 3. Undersigned's opinion as to non-fraudulent reasons the return may not have been filed was improperly ascribed as a factual explanation of events made by Mr. Do, all the while ignoring Mr. Do's actual explanation provided one page earlier. Far from the "constantly evolving story" described by DHECC, Hai Do's assertion that he actually mailed the return has in fact remained consistent. Judicial estoppel, which is inapplicable in a claim context to begin with, cannot be applied in this instance as a matter of fact.

Finally, DHECC's Reply fails to even address the evidence submitted by Hai Do and WWG showing that Hai Do actually earned 2008 benchmark revenue in excess of the expedited

2

threshold, either by means of the additional cash sales reported on his amended return or by means of the LDWF income that was reported on his original 2008 return. As a result, the DHECC has not shown that Hai Do's allegedly fraudulent conduct caused any damage to the DHECC or to other any other interested party. Thus, the DHECC is not entitled to judgment as a matter of law. *See*, Jonathan Taylor Clawback Opinion, Rec.Doc. 14813.

We do not suggest that counsel for DHECC *intentionally* misrepresented facts or mischaracterized opinions to the Court. In pleadings, as with claims, it is possible to make mistakes. This can be true even where the documentary evidence is clear and being reviewed by skilled and competent professionals.

Respectfully submitted, this 15th day of July, 2015.

**Waltzer Wiygul & Garside, L.L.C.**

*/s/ Joel Waltzer*
Joel R. Waltzer (LSBA#: 19268)
1000 Behrman Highway
Gretna, LA 70056
joel@waltzerlaw.com
504-340-6300 – Telephone
504-340-6330 – Facsimile
*Counsel for Respondent WWG, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing Sur-Reply of Waltzer Wiygul & Garside to the Motion for the Return of Payments Made to Claimant Hai Do will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

*/s/ Joel Waltzer*