UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL 2179 Section J |
| This Document Applies to: | : : | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : | Mag. Judge Shushan |

RESPONSE OF THE SPECIAL MASTER AND THE DHECC
TO HAI DO'S SUR-REPLY TO THE MOTION FOR RETURN OF PAYMENTS

COME NOW the Special Master and the DHECC, and respectfully submit this response to Hai Do's Sur-Reply ("Sur-Reply") to the reply to Hai Do's opposition to the motion seeking return of payments made to Hai Do and others ("Motion"), and states as follows:

1. In the Sur-Reply, Hai Do takes exception with the description of the data relied upon by the DHECC to calculate his claims. While the initial determination of his shrimp vessel owner claim was made with Louisiana Department of Wildlife and Fisheries ("LDWF") data, Hai Do had asked the DHECC to use his tax data to determine his claim.

2. Hai Do cannot contest that the DHECC's final decision in 2013 on his shrimp vessel owner claim was based on a purported amended 2008 tax form that was never filed with the Internal Revenue Service ("IRS"). Hai Do's boat vessel owner claim was based on a sworn statement with revenue figures conforming to the unfiled amended 2008 tax form. A different amended 2008 tax form was provided to the IRS in December 2014 — against the professional advice of Hai Do's tax preparer.

3. Ignoring Hai Do's long history of timely filing and paying his taxes with no difficulty, Hai Do criticizes the DHECC for not addressing three affidavits and several

purported supporting receipts from 2008 attached to his Opposition.  The memorandum supporting the Motion had noted that none of the purported receipts identify the seller or buyer of the shrimp.

    4.   The affidavits submitted on behalf of Hai Do similarly have no evidentiary value. None of the affiants said they had received a receipt from Hai Do.  None of the affiants' names are reflected on any of the receipts that Hai Do produced.  With one exception, none of the shrimp quantities allegedly bought by the affiants match the shrimp quantities indicated on the purported receipts.  One affiant does not even place a year on the alleged shrimp purchases from Hai Do.

    5.   Hai Do also questions why restitution of the full claims payments is sought, when he had 2008 shrimp purchases reflected in the LDWF data base.

    6.   The reason is evident.  Hai Do elected to inflate his 2008 revenue and thus increase the value of his claims six-fold the DHECC's initial valuation.  Had he not provided the unfiled 2008 tax form to the DHECC, Hai Do's initial claims payments would have been about $25,000.  As a result of providing the DHECC with the unfiled 2008 tax form, his initial payments swelled over six times to over $157,000.

    7.   Allowing a claimant to in effect "rescind" misrepresentations after they have been detected by the DHECC — which has made a significant investment in fraud detection — would be unfair to the countless claimants who were content to seek honest recoveries based on contemporaneous tax returns timely filed with the IRS.  Hai Do's proposed remedy also could provide an incentive for others, such as those submitting data to the on-going BEL program, to take a chance and submit inflated claims knowing that they could later submit different data if their overstatements ever were uncovered.  *See Chaachou v.*

*Am. Cent. Ins. Co.*, 241 F.2d 889, 892 (5th Cir. 1957) (without consequence for fraud in insured claim, insured would be in an "everything-to-win, nothing-to-lose proposition").

8.  Finally, Hai Do suggests incorrectly that the opposition brief conflated counsel's personal opinion as to why the first 2008 amended return was never filed with Hai Do's factual claim that he actually mailed the first amended return. Opp. at 2-3. As Hai Do's counsel correctly surmised, there was no intent to misrepresent or mischaracterize Hai Do's position, nor was there any misrepresentation or mischaracterization. It is perfectly reasonable to ascribe or attribute an opinion of fact expressed by counsel on its client's behalf to the client, and not be required to bifurcate the two — as counsel suggests.

9.  Hai Do moreover has not reconciled the claim that he mailed the first amended 2008 return with the reality that the payment required for additional taxes due never cleared his bank account. The return preparer provided Hai Do a $3,114 voucher to go with the first amended 2008 return. *See* Ex. A. Yet Hai Do never produced any check paying this debt, unlike with his second amended 2008 return where he provided the DHECC a copy of the check to the IRS. *See* Ex. B. Surely Hai Do would have noticed that the $3,114 never left his bank account after some period of time, alerting him to a problem.

10. This inconsistency is particularly important given that Hai Do had a history over many years of timely filing and paying his taxes.

For the above reasons and those stated in the Special Master and the DHECC's previous filings, the Special Master and the DHECC ask the Court to grant the Motion.

Respectfully submitted,

Patrick Juneau
Claims Administrator

By: ___/s/ Kevin Colomb_____
Kevin Colomb
Manager of Compliance and Internal Integrity

Louis J. Freeh
Special Master

By: ___/s/ Gregory A. Paw_____
Gregory A. Paw
Counsel to the Special Master

Dated: July 17, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this 17th day of July, 2015, a copy of the above and foregoing papers have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

/s/Gregory Paw_____
Counsel
