**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | |
| **"Deepwater Horizon" in the Gulf of** | | **MDL 2179** |
| **Mexico, on April 20, 2010** | * | |
| | | **SECTION: J** |
| **This Document Relates To:** | * | |
| | | **JUDGE BARBIER** |
| ***All Cases in Pleading Bundle B3*** | * | |
| | | **MAG. JUDGE SHUSHAN** |
| | * | |

**ORDER**
**[As to the Order to Show Cause Regarding Claims Against the B3 Clean-Up Responder Defendants (Rec. Doc. 15711)]**

On January 7, 2016, the Court issued an Order to Show Cause indicating its intent to issue an Order & Reasons ("Proposed Order") that would dismiss with prejudice most claims in the "B3" pleading bundle[1] to the extent they were asserted against the so-called "Clean-Up Responder Defendants."[2] (Rec. Doc. 15711). The Proposed Order would not dismiss claims by eleven individuals who had previously submitted timely responses to questions as required by an earlier Pretrial Order No. 57 ("PTO 57")[3]; the Court would reserve judgment on these claims. (Rec. Doc. 15711-1 at 31-32). The Order to Show Cause instructed any Plaintiff who opposed entry of the Proposed Order to show cause in writing by January 28, 2016, why the Court should not dismiss his or her claim for the reasons stated in the Proposed Order. The Clean-Up

---

[1] The "B3" pleading bundle includes, among other things, claims of personal injury due to exposure to oil and/or chemical dispersant. A complete definition of the "B3" pleading bundle can be found in in Pretrial Order Nos. 11 and 25 (Rec. Docs. 569, 983).

[2] The Clean-Up Responder Defendants are O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

[3] PTO 57 was akin to a *Lone Pine* Order whereby the B3 claimants would provide evidence to support their claims, which would permit the Court to rule on the Clean-Up Responder Defendants' pending motions for summary judgment. (*See* Rec. Doc. 13158).

Responder Defendants were permitted to file a reply by February 4, 2016.  The Court has received eight responses[4] to the Order to Show Cause, as well as a reply from the Clean-Up Responder Defendants (Rec. Doc. 15830).  As discussed briefly below, none of the responses dissuade the Court from entering the Proposed Order.

One of the responses is from Scea Burrage, one of the eleven individuals for whom the Court has elected to reserve judgment in the Proposed Order.  (*See* Rec. Docs. 15822; 15711-1 at 31).  Because the entry of the Proposed Order would not dismiss Burrage's claim, this response is irrelevant to the question of whether the Court should enter the Proposed Order.

Of the seven other respondents, none submitted a questionnaire as required by PTO 57. One of these seven, Maria Mendoza, requested permission to file a late questionnaire because she allegedly was not provided a PTO 57 questionnaire.  (Rec. Doc. 15809).   There was extensive effort to provide notice of PTO 57 to the B3 Plaintiffs.  (*See* Joint Report at 1-2, Rec. Doc. 13667).  Copies of PTO 57 were mailed to individuals who identified themselves as a B3 claimant in a Direct Filing Short Form and/or Plaintiff Profile Form or who opted out of the Medical Benefits Class Action Settlement ("Medical Settlement").   The Plaintiffs' Steering Committee e-mailed PTO 57 to known counsel of record representing a B3 Plaintiff.  PTO 57 was also served on Plaintiffs' counsel via LexisNexis File & Serve.[5]  The Court also posted PTO 57 on its public website.   Mendoza, however, never filed in this Court a Direct Filing Short Form, Plaintiff Profile Form, or any sort of individual action against any Clean-Up Responder Defendant; nor did she opt-out of the Medical Settlement.  Consequently, if Mendoza did not

---

[4] The Court received responses from Roland Myers (Rec. Doc. 15796), Aaron Wallace (15799/15801), Anita Kastorff (15800), Maria Mendoza (15809), Jeremiah LaBrosse (15811), Scea Burrage (15822), Tyrone Moss (15823), and Freddie Galloway (15829).

[5] Pretrial Order No. 12 required all counsel in this MDL to register for electronic service with File & Serve. (Rec. Doc. 600).

receive PTO 57, then it is likely through her own fault.  Mendoza's request to file a late questionnaire is denied.

PTO 57 warned that a B3 Plaintiff's failure to comply with its terms may result in the dismissal of his or her claims against the Clean-Up Responder Defendants.  (Rec. Doc. 13158 at 9-10; *see also* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340-41 (5th Cir. 2000)).  Because the seven respondents failed to comply with PTO 57, they have failed to show cause why the Court should not enter the Proposed Order and dismiss their claims against the Clean-Up Responder Defendants.

Moreover, none of the seven responses address the legal and factual underpinnings of the Proposed Order.  None of these responses contest in any way the analysis that the Clean-Up Responder Defendants are entitled to a defense of derivative immunity or implied conflict preemption.  In fact, none of the responses even reference the Clean-Up Responder Defendants.[6]

For these reasons, the Court will enter the Proposed Order, which dismisses with prejudice all of the B3 claims against the Clean-Up Responder Defendants (except claims by the eleven individuals identified on page 31 of the Proposed Order).  The Court stresses that only claims against the "Clean-Up Responder Defendants" (listed in footnote 1) will be dismissed. For example, entry of the Proposed Order does not affect a B3 claim against BP.

Accordingly,

IT IS ORDERED that objections to the entry of the Proposed Order are OVERRULED. The Court will enter a slightly edited version of the Proposed Order.

---

[6] For example, Maria Mendoza complains only about the failure of her employer, C and G Welding, Inc., to provide her with adequate personal protective equipment.  (Rec. Doc. 15809).  C and G Welding, Inc. is not a Clean-Up Responder Defendant.

New Orleans, Louisiana, this 16th day of February, 2016.

United States District Judge