**IN THE UNITED STATES DISCTRIC COURT
IN AND FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ADAM ROBINSON,** INDIVIDUALLY, AS GUARDIAN OF THE MINOR SURVIVING CHILDREN OF THE DECEDENT CRYSTAL ROBINSON **JANE DOE**, **JOHN DOE, JACK DOE,** AND **JIM DOE**, AND AS A QUALIFYING PERSONAL REPRESENTATIVE OF **THE ESTATE OF CRYSTAL A. ROBINSON**, DECEASED, **VERSUS** **BP EXPLORATION & PRODUCTION, INC.,** A DELAWARE CORPORATION, **BP AMERICA PRODUCTION CO.,** A DELAWARE CORPORATION, **TRANSOCEAN HOLDINGS, LLC,** A DELAWARE CORPORATION **TRANSOCEAN DEEPWATER, INC.,** A DELAWARE CORPORATION, **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.,** A DELAWARE CORPORATION, and **HALLIBURTON ENERGY SERVICES, INC,** A DELAWARE CORPORATION. **This Document Relates to:** *MDL 2179* | **CIVIL ACTION** **CASE NO.: 15-cv-6131-CJB-SS** **JUDGE CARL BARBIER** **MAG. JUDGE SHUSHAN** |

**EX-PARTE EMERGENCY MOTION SEEKING AN ENLARGEMENT OF TIME TO SERVE
SUMMONS AND COMPLAINT ON ALL DEFENDANTS**

Comes now before this Court, ADAM ROBINSON, individually, as Guardian of

the minor surviving children of the decedent Crystal Robinson JANE DOE, JOHN DOE,

JACK DOE, and JIM DOE, and as a qualifying Personal Representative of THE

ESTATE OF CRYSTAL A. ROBINSON, Deceased, ("Robinson Family"), by and

through the undersigned counsel requesting of this Court an enlargement of time,

pursuant to FED. R. CIV. P. r 6(b)(1)(A) (2015), to serve the summons and the complaint,

1

as required by Fed. R. Civ. P. 4 (2015), on BP EXPLORATION & PRODUCTION, INC., a Delaware corporation,  BP AMERICA PRODUCTION CO., a Delaware corporation,   TRANSOCEAN HOLDINGS, LLC, a Delaware corporation TRANSOCEAN DEEPWATER, INC., a Delaware corporation,  TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., a Delaware corporation, and HALLIBURTON ENERGY SERVICES, INC, a Delaware corporation (collectively "Defendants").

1. ***Basic Underlying Facts.*** The present complaint for the wrongful death of Crystal Robinson was transferred to this Court on November 10, 2015, after the Robinson Family filed its initial complaint on October 16, 2015 in the Northern District of Florida. As such, pursuant to FED. R. CIV. P. 4(m), the deadline to serve summons on Defendants would fall 120 days after the filing of the complaint. Therefore according to the rules, the summons and complaint must be filed on all Defendants not later than February 16, 2016.[1]

2. The decedent, Crystal Robinson, died of cancer on October 18, 2013. Florida has a two year statute of limitations from the date of death for a Plaintiff to file a wrongful death case.  Therefore the complaint was filed on behalf of Crystal Robinson's estate on October 16, 2015 was filed two days before the Statute of Limitations tolls. FLA. STAT. § 95.11 (4)(d) (2013). The Downs Law Group ("DLG") agreed to represent the Robinson Family to preserve their claim and to help find a co-counsel to assist in prosecuting the case, including assisting in finding an attorney to open the Estate of Crustal Robinson.

---

[1] Although FRCP 4(m) was amended to "90 days after the complaint is filed" on December 1, 2015, this amendment occurred after the complaint was filed therefore the 120 day rule is still applicable. We note that the deadline of 120 days falls on Saturday, February 13, 2016 and Monday, February 15, 2016 was President's Day therefore the next day this Court is open for business changes the deadline to Tuesday, February 16, 2016.

3.   Although the case was filed in the Northern District of Florida, BP moved to transfer the case pursuant to 28 U.S.C. 1407; *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010,* 731 F.Supp.2d 1352, 1356 (J.P.M.L.2010). Our process server anticipated having the documents at the Courthouse on Friday so they could be certified by the Clerk, collected, and served that day on all Defendants. The USPS did not deliver to the Clerk the summons and the complaint on Friday, February 12, 2016 as we had anticipated. Instead, the Clerk first received the documents early morning Saturday, February 13, 2016. Therefore it was not until Tuesday (the day after a national holiday) that the Clerk was first available to certify the summons. Today, February 16, 2016, is the deadline to serve the Defendants. The Clerk advised us that they are presently short staffed as it is the day after a national holiday, and that as such, they may require 24 hours to certify the summons. The Clerk's office was gracious to accommodate as best it could under the circumstances by filing the Certified Copies at 4:02pm, EST late in the afternoon on February 16, 2016.

4.   Further, the undersigned counsel was advised that guardianship over the minor children may not be accurate as listed in the original complaint and required additional information for properly amending the complaint once as a matter of course. FED. R. CIV. P. 15 (2015). To complicate matters further, Adam Robinson was arrested on February 5, 2016 in Escambia County, Florida for simple battery. It is unclear whether the charges will be for a misdemeanor or felony charge and we will not know which will be the case until the earliest Wednesday, February 24, 2016 when his arraignment is presently scheduled. As Adam Robinson is presently named as the Plaintiff in this lawsuit (as not only an individual, but also as a guardian of all four surviving children and the

"qualified" personal representative of Crystal Robinson's estate), this made it incredibly difficult to proceed.[2]

5.   It wasn't until today, February 16, 2016 that DLG first became aware that Crystal Robinson's mother has agreed to take on the role of guardian of the surviving children and qualified personal representative of the Estate of Crystal Robinson. Adam Robinson presently denies all charges filed against him by the State of Florida and believes he will prevail against all criminal charges. But as material requires informed consent for several documents, access to the children as guardian, and information regarding the decedent, the undersigned was without guidance as to how to proceed as our principal guardian, plaintiff, and personal representative was not readily available. His *legal incapacitation* as guardian and personal representative raise several challenges that did not exist prior to his incarceration which complicated the timely issuance of the Summons and Complaint.

6.   With so many Defendants, it is best to preserve both judicial resources and Defendants' resources, to have the complaint and summons served with the proper information. Unfortunately, we were unable to receive the information required to amend the complaint before service and summons. Therefore we sent the summons and complaint "as is" to be certified by the Court earlier last week. It was not until today that the summons and complaint was certified. It also was not until today that we discovered Crystal Robinson's mother was available to address the aforementioned concerns.

7.   According to Crystal Robinson's mother, Kathy Stringer ("Mrs. Stringer"), Adam Robinson and Mrs. Stringer, have been discussing who will be the legal and physical guardian of the four minor children. As of February 5, 2016, Adam Robinson is no longer

---

[2]       At Florida Law, a personal representative cannot be a convicted felon. FLA. STAT. § 733.303 (2016).

4

"seeking" guardianship of the children. Further, to the best of our knowledge Adam Robinson has chosen Mrs. Stringer, who has both physical custody and by all accounts legal custody of the children, to be the guardian of the children as well as the personal representative for purposes of this Estate, for purposes of this lawsuit. On February 9th, 2016, Kathy Stringer, advised the estate lawyer that she will accept the duties of personal representative of the estate of Crystal Robinson. The estate attorney, Jason Warshofsky a Florida Licensed Probate Lawyer, is presently completing these documents to file before the appropriate Florida Probate court.

8.   As of this afternoon, 4:02pm EST the clerk's office provided the undersigned with the Certified Summons and Complaint. DLG immediately provided its process server these *Certified* Summons and Complaints.[3] The Registered Agents of the Defendants, however, had closed their offices at 4:00pm EST, two minutes before we received the Certified Summons and Complaint from the Court. Therefore although undersigned counsel received the Certified Summons and Complaint today, the Defendants Registered Agents were already closed for receipt of service. The undersigned, racing against the clock, has attempted to deliver the aforementioned Summons and Complaint on the principal place of business pursuant to FED. R. CIV. P. 4(h) but has been unsuccessful.

9.   In an attempt to provide all Defendants with *some* notice, DLG has submitted electronically the summons and complaint to previous attorneys of each of the Defendants.  Specifically emails with Summons and Complaints were electronically sent

---

[3]        It appears that facially there may be a scrivner's error made by the Clerk on the certification against *Transocean Offshore Deepwater Drilling Inc.* for certification was made multiple times for *Transoceon Deepwater Inc.* and none for *Transocean Offshore Deepwater Drilling, Inc.* As this was not an error of DLG's, and was simply a scrivner's error, we would need time to correct the certification to properly serve this defendant with the Summons and the Complaint.

to the following individuals:

    a.  Donald Haycraft, licensed in the state of Louisiana who has previously appeared before this Court on behalf of BP EXPLORATION & PRODUCTION, INC. and BP AMERICA PRODUCTION CO. (collectively "BP"), that works at Liskow & Lewis and can be reached by U.S. Mail at 701 Pydras Street, Suite 5000, New Orleans, LA 70139, by fax at (504) 556-4108, and electronically at dkhaycraft@liskow.com;

    b.  David Bruce Salmons, Bryan Michael Killian, Ky E. Kirby, and Michael Butler Wigmore, licensed in Washington, DC who have previously appeared on behalf of TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC., in relation to *Deepwater Horizon Incident* related matters presently working for Morgan Lewis (formerly Bingham McCutchen, L.L.P.) and can be reached by U.S. Mail at 2020 K. Street, N.W., by fax at (202) 739-3001, and electronically at david.salmons@morganlewis.com, jim.dragna@morganlewis.com, dkuchler@kuchlerpolk.com, ky.kirby@morganlewis.com, and bryan.killian@morganlewis.com; and

    c.  David J. Beck, Russell Stanley Post, and Robert David Daniel, licensed in the state of Texas who has previously appeared before this Court on behalf of HALLIBURTON ENERGY SERVICES, INC. that work at Beck, Redden, & Secrest, L.L.P. and can be reached by U.S. Mail at 1221 McKinney Street, Suite 4500, 1 Houston Center, Houston TX 77010-2010 and electronically at dbeck@beckredden.com, rpost@beckredden.com, & bddaniel@beckredden.com.

10. **_Relevant Law._** "When an act may or must be done within a specified time, the court may, for good cause, extend the time (A) with . . . notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

11. The committee notes have long recognized that "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action." FED. R. CIV. P. 4 (advisory committee note (1993)).

12. The standard for good cause for service of process has been laid out by this Court in *Grimball v. New Orleans City*, No. 10-3657, 2012 WL 1397678, at *5 (E.D. La. Apr. 23, 2012).

> Good Cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. Where a party requests an extension of time, relevant factors used to determine whether there has been "excusable neglect" include: "the danger of prejudice on the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Stated differently, one is required to be diligent in servicing process, as well as pure of heart, before good cause will be found.

*Grimball*,  2012 WL 1397678, at *5 (internal quotations omitted).

13. In the event that good cause is shown, the Court must grant a request for an enlargement of time. Fed. R. Civ. P. 4(m).

> On the other hand, if plaintiff fails to show 'good cause', then the Court has two choices: *either dismiss the suit without prejudice or extend the time for service.* *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (a discretionary extension may be warranted, "for example if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service") (citing FED. R. CIV. P. 4(m) advisory committee's note (1993)). Where the applicable statute of limitations likely bars future litigation, the Court's discretion to dismiss claims under Rule 4(m) is limited: the Court's dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the Plaintiff' exists and a lesser sanction would not better serve the interests of justice.' *Millan*, 546 F.3d at 325-26 [sic] (noting that dismissals with prejudice are generally affirmed where at least one of three aggravating factors are present: "(1) delay caused by the Plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.").

*Gabriel v. United nat. Ins. Co.*, 259 F.R.D. 242, 243 (E.D. La. 2009) (emphasis added).

14. ***Good Cause exists.*** The Robinson Family has good cause for requesting an enlargement of time to serve summons and the Complaint on Defendants. Since April 2015, Mrs. Stringer has had physical custody of the children. Further she and Mr. Robinson are figuring out a family plan for the children that provides for shared custody. The legal record of those documents is forthcoming and is not presently in possession of the undersigned counsel. As legal guardianship is essential to the interests of the minors, their interests need to be preserved by a competent plaintiff that is not incarcerated.

Further, since November 10, 2015, both the DLG and the Robinson's themselves have been looking for a Louisiana licensed attorney (or a trial attorney experienced with MDL) to help represent the Robinson Family while this wrongful death case remains in this Court. If this has not become apparent at this point, the death of Crystal Robinson has been exceedingly challenging for the surviving family members.

15. Although the executed summons and the complaint were sent close to the deadline to the Clerk, DLG could not have anticipated that the USPS mail would have arrived on Saturday, as opposed to Friday when anticipated. Further, the staff shortage at the Clerk's office is also completely beyond anyone's control.  There is no ill intent or bad faith that led to these delays and the Robinson Family and DLG raise this request "pure of heart" being diligent in its quest to adequately provide the various complex legal services needed by the Robinson Family. Therefore, the Robinson Family respectfully requests a fourteen (14) day enlargement of time from today, February 16, 2016, to serve the summons and complaints on all Defendants. If granted, this request would make the new deadline to serve the Defendants on Tuesday, March 1, 2016. Service of both the Summons and the Complaint will certainly be done by that date.

16. ***Even if Good Cause does not exist, granting an enlargement of time is warranted under the circumstances because not enlarging the time would lead to a dismissal with prejudice.*** Without granting of this request, the Robinson family may permanently lose their cause of action. The advisory committee advises that in such circumstances, an enlargement of time may be granted. Although certainly discretionary, we ask this Court to realize that a widower and his four children will have no remedy at law left if this extension is not granted. Further, there is no clear evidence of delay or

contumacious conduct by the Plaintiff. In fact, quite the opposite is true. The Plaintiff has sought to address the multitude of legal problems that has resulted from the death of Crystal Robinson given the meager finances that this family has.  Further, given the undesired transferred case to this Court from the North District of Florida, by seeking co-counsel familiar with either the MDL and/or the Civilian Code used in Louisiana, the Robinson Family hopes to resolve any unknown civilian law issues that may arise. This process is not easy when one advises prospective co-counsel attorneys that the Defendants are six multibillion dollar corporations with a history of fighting over any liability whatsoever.

17. ***A lesser sanction exists even if Good Cause is not shown.*** The Robinson Family will not object to all Defendants receiving an equal amount of additional time to answer the complaint from the date of service of the summons and the complaint. Alternatively, this Court may reduce the amount of time required to "amend the complaint once as a matter of right" by the number of days the claimant does not serve the initial summons and complaint. By granting Defendants extra time, the Defendants will be afforded more time to address all the issues raised in the Robinson Family's complaint in a proportionate manner. But if this Court instead sanctions the Robinson Family by decreasing the amount of time to amend the complaint proportionately to the date that the complaint and summons is not served, this also serves as a lesser sanction. Not only does this not affect All Defendants, it also narrowly targets the Plaintiff's as a sanction.

18. ***There are no aggravating factors that led to this delay.*** There was no delay caused by the Plaintiff's themselves as four are minors, one is an estate and the other is the widower.  None of them have done anything to warrant this delay.  There is no

"actual prejudice to the defendant" by allowing extra time to serve the summons and complaint. BP has been aware of this complaint for quite some time as it was upon BP's motion that they transferred the case from the Northern District of Florida to the Eastern District of Louisiana. The Clerk being understaffed the day after a holiday resulted from no fault of our own. Also, the post office did not deliver as anticipated. Further, in its attempt to timely accommodate, the clerk's office may have made a scrivner's error on one of the Defendant's Certifications. *See infra* note 3. None of those factors are the fault of the Robinson Family, especially the minor children. Even if Defendants are not aware, a delay of two weeks does not substantially prejudice the Defendant. BP is certainly aware of this complaint and has been prior to November 10, 2015. Halliburton and all three Transocean entities certainly have been monitoring the MDL 2179 docket as they are routinely filing motions, responses, and/or other pleadings on a regular basis. They are very likely aware of this complaint just waiting for it to be served. Therefore there is no prejudice that could not be offset by providing them an enlargement of time to file an answer to the complaint given these circumstances. Lastly, there was absolutely no "intentional conduct" that caused this delay by anyone to the best of the Robinson Family's and DLG's knowledge.

**19. *Prayer for Relief.*** As such, pursuant to Fed. R. Civ. P. 6(b)(A), the Robinson Family respectfully requests a two week (14 day) enlargement of time from today, February 16, 2016 to serve summons and the complaint on all Defendants. If two weeks is too long, then we will take any time that this Court feels is just and proper under the circumstances. Either way, as an alternative less aggravating sanction, should this Court find that good cause not exist, the Robinson Family requests the sanction of equal time

granted as an enlargement to all Defendants to answer the Robinson Family's Complaint

or a reduction in the amount of time it may amend once as a matter of right.

Dated this 16th of February, 2016.

Respectfully Submitted by

Ramon Guillen /s/_____
*Counsel for the Robinson Family (Plaintiffs)*
**Ramon Guillen, Jr., Esq.**
Fla. Bar. No. 99789
rguillen@downslawgroup.com along with
**Craig T. Downs**
Fla. Bar. No. 801089
cdowns@downslawgroup.com of the
*Downs Law Group*
3250 Mary Street, Suite 307
Miami, FL 33133
Telephone: (305) 444-8226
Facsimile: (305) 444-6773

WE HEREBY CERTIFY that the above and foregoing has been served on all Defendants, electronically emailing the same, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 16th day of February, 2016.

/s/ Ramon Guillen, Jr., Esq.