UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISANA

Applies to: <u>McKnight v. BP Explorations & Production Inc. et al., No. 15-5762</u>  )   MDL 2179
)
)   Section "J"
In re: Oil Spil by the Oil Rig   )
"Deepwater Horizon" in the Gulf  )   JUDGE BARBIER
Of Mexico, on April 20, 2010     )
)   MAGISTRATE SHUSHAN

Case # 3:15-cv-00615-CWR-LRA

Ref. CA 15-5762

## IN RESPONSE TO PATRICK A. JUNEAU MOTION TO DISMISS

In response to the motion to dismiss, the court is to take plantiff's pro se allegetions as true and adopting liberal construction the law requires. The court has set grounds in which the settlement program are to follow to execute claims in timely manner. In plantiff's complaint it stated the claim center refused to send all appropriate documents to allow due process in filing a claim through the settlement program.

It is the Deepwater Horizon Claim Center direct responsibility to address each and every claim, but I've been denied that right. Due to a lack of information regarding legal proceedings. I was unaware of any opt out clause. It was and still is my understanding that if there is no response through the settlement program, then the only other option is litigation through the courts.

In this regard the claims administrator is directly responsible for the operations of the claim center, and could of in response to my claim sent the appropriate forms to allow me to proceed with my claim. If Patrick A. Juneau does not hold any

PAGE 1

liability from a supervisory stand point as claims administrator, I am requesting that he be removed from the claim and I be allowed to proceed with my civil action against the remaining parties. I also request if the court requires me to proceed with my claims through the settlement program, that the court order the settlement program to send me the appropriate documents so I may file my claim appropriately. There are several cases in which BP or the claims center has failed class members by engaging in practices that negate compensation to those affected by the oil spill. <u>Destin v. BP</u>, June 17, 2010, class members expressed these very concerns. Federal Rule of civil proceedure 23(e)(1)(A) which mandates judicial review of any "settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." It is my stance that if claims go ignored, that is a direct compromise in itself. The issue of denial of due process by the claims department which leads me to seek relief through the courts. With the information and allegations presented in the original claim, this case should be able to proceed on the premise of the claims center negligence and refusal to follow the order of the court in handling the claims process.

Respectfully submitted,

2/4/2016
William McKnight #60667-018
Federal Correctional Complex
P.O. Box 5000
Yazoo City, MS 39194-5000

PAGE 2

Certificate of Service

I certify that a copy of this motion was mailed on 2/4/2016 via U.S Postal Service to the Clerks Office United States district court Eastern district New orleans, LA 70130 and a copy sent via U.S Mail to defendants counsel Stanley, Reuter, Ross, thornton, & Alford LLC 909 Poydras Street, Ste 2500, New Orleans LA 70112.

Respectfully Submitted,

William P         2/4/2016

⇨ 60667-018 ⇦
William Mcknight
PO BOX 5000
Yazoo Federal Complex low
Yazoo CITY, MS 39194
United States

JACKSON MS 390
10 FEB 2016 PM 2 L

⇨ 60667-018 ⇦
Eastern District Court
500 Poydras ST
NEW Orleans, LA 70130
United States

7013097964