**COVINGTON**

BEIJING   BRUSSELS   LONDON   LOS ANGELES
NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Neil K. Roman

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5695
nroman@cov.com

**Via Email**                                                                 February 8, 2016

The Honorable Sally Shushan
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Rm. 345
New Orleans, Louisiana 70130

    Re: OPA Test Cases – BPXP's Challenge to Deficient Interrogatory
      Responses by Blake and Wadleigh

Dear Judge Shushan:

    BPXP served interrogatories on Blake and Wadleigh nearly 18 months ago. Rather than answer each interrogatory "separately and fully," as required by Rule 33(b)(3), Plaintiffs have promised revised interrogatories and stated that facts to support their damages claims would appear in expert reports by accountant Harold Asher. But Blake and Wadleigh's revised interrogatory responses continue to lack basic facts to which BPXP is entitled, especially given that Mr. Asher simply assumes damages, adopting Plaintiff's own vague assertions that they were harmed and in what dollar amounts. More than ever, it is apparent that Blake and Wadleigh have not met their discovery obligations.

    The Federal Rules require interrogatories "be answered separately and fully in writing under oath" and provide that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 33(b)(3), 37(a)(4); *see Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616-17 (5th Cir. 1977) ("[d]iscovery by interrogatory requires candor in responding"). Also, "[i]n answering interrogatories, a party is

COVINGTON

Judge Shushan
February 8, 2016
Page 2

charged with knowledge of what its agents know, or what is in records available to it, or even, for purposes of Rule 33, information others have given it on which it intends to rely in its suit." 8B FED. PRAC. & PROC. CIV. § 2177.

Neither Wadleigh nor Blake has satisfied these requirements.

A.      Wadleigh

Despite supplementing its responses twice, Wadleigh's responses still lack the detail needed for BPXP to understand, address, and respond to Wadleigh's claims. The delay and failure to provide sufficient factual detail is particularly prejudicial because Wadleigh's second supplemental interrogatory responses, served just four weeks ago, include an entirely new damages theory and yet provide no specific facts supporting the belated claim. For example, in response to Interrogatory Nos. 1 and 2, which seek a description of Wadleigh's alleged damages, Wadleigh states generally that it "was unable to replace existing agreements or work for servicing and repair of offshore equipment in the period following the discharge through 2011," but fails to identify a single affected contract for these services. Similarly, in response to Interrogatory No. 16, which asks Wadleigh to identify when its maintenance and manufacturing crews were prohibited from working in the Gulf of Mexico, Wadleigh says only that it conducts business with drilling companies that were forced to discontinue their work due to the Spill—again, identifying no single company or instance of business lost. That is insufficient under Rule 33.

**COVINGTON**

Judge Shushan
February 8, 2016
Page 3

B.  Blake

Blake's supplemental responses likewise lack specific—and in many cases basic—facts to which BPXP is entitled under Rule 33. For example, Blake states that it was required to "borrow money at above market rates," but does not disclose what alleged financial penalty it allegedly incurred or for what years. Presumably, Blake knows the interest rates it was charged and by whom. But Blake has not provided that information despite repeated requests by BPXP. Likewise, Blake claims damages for mobilizing rigs to send them to Mexico, but fails to identify the rigs, the amount of those costs, or when those costs occurred. The delay and failure to provide factual detail supporting the damages is particularly prejudicial because the Asher report for Blake, served just a week ago, includes a new damages amount, expanding Blake's litigation claim by nearly ten times – from approximately $11 million to $100 million.

C.  Asher Reports

Finally, Blake and Wadleigh's attempt to fill in the gaps with Mr. Asher's reports does not remedy the problem. As an initial matter, such reliance is improper. BPXP is entitled to the facts from the Plaintiffs underlying Plaintiffs' damages claims and not just an expert opinion about what damages might be under a plaintiff-selected model. But even if reliance on Asher's reports complied with Rule 33, his reports cannot cure defects in Plaintiffs' interrogatory responses because they lack specific factual support for how Plaintiffs' damages were caused. Rather, Mr. Asher's reports are based entirely on what Plaintiffs "advised" him their damages would be (yet the Interrogatory Responses do not disclose the "facts," verified as the Rules require, that Blake and Wadleigh apparently provided Mr. Asher).

COVINGTON

Judge Shushan
February 8, 2016
Page 4

Plaintiffs' failure to respond properly to BPXP's interrogatories is unfairly prejudicial. It is indisputable that "Rule 33 is intended to enable a party to prepare for trial, to narrow the issues and thus help determine what evidence will be needed at the trial, and to reduce the possibility of surprise at the trial." See FED. PRAC. & PROC. CIV. § 2162. Plaintiffs' incomplete interrogatory responses prevent BPXP from preparing their motions for summary judgment, from determining what evidence will be needed, and avoiding near complete surprise at trial. These deficiencies cannot be cured by deposition or by expert reports, and in any event parties cannot select which forms of discovery they prefer to provide. See 8B FED. PRAC. & PROC. CIV. § 2163 (interrogatories are useful for "obtain[ing] information needed in order to make use of the other discovery procedures").

It has been almost six years since the *DWH* Spill. Plaintiffs have had more than ample time to specify the factual bases of their alleged damages or, if not, they should acknowledge their inability to state facts to support their claims. Wadleigh depositions are set to begin February 26, and Blake depositions follow shortly thereafter. Accordingly, we request that the Court order Wadleigh to supplement its responses to Interrogatory Nos. 1-8, 15-18, and 22 and order Blake to supplement its responses to Interrogatory Nos. 4-8, 10, 12-15, and 20-21 by February 19, 2016.

Sincerely,

*/s/ Neil K. Roman*

Neil K. Roman

**COVINGTON**

Judge Shushan
February 8, 2016
Page 5

Enclosures

cc:    Paul M. Sterbcow
       Conrad S.P. "Duke" Williams
       James P. Roy
       Stephen J. Herman
       J. Andrew Langan, P.C.
       Matthew T. Regan, P.C.
       Christopher W. Keegan