# WILLIAMS LAW GROUP, LLC

909 Poydras Street, Suite 1625
New Orleans, LA 70112

7910 Main Street, Suite 413
Houma, LA 70360

**Conrad S.P. Williams, III**  **Telephone: (985)876-7595**
**Meredith R. Durham**  **Facsimile: (985) 876-7594**
**Jonathan Williams**

February 15, 2016

The Honorable Sally Shushan
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Rm. 345
New Orleans, Louisiana 70130

> Re:   **OPA Test Cases – Wadleigh and Blake's Response to BP's Challenge to Deficient Interrogatory Responses**

Dear Judge Shushan:

The Covington Firm, on behalf of BP, has submitted a letter brief to your Honor identifying a number of "issues" it has with Wadleigh's Second Supplemental Amended and Restated Responses and Blake's Third Amended Answers to Defendants' First Set of Interrogatories.[1] This response is submitted on behalf of both Wadleigh and Blake.

This Court, in its Order of December 17, 2015 (Rec. Doc. No. 15664, at p.3, para. 8) clearly and succinctly stated that, from the Court's perspective, the purpose of these cross-motions for summary judgment in this phase of the Test Case endeavor is to resolve:

> Whether, as a matter of law, there is a cause of action or a claim for damages caused by the government's imposition of the drilling moratorium or for the government's failure to issue permits.

---

[1] BP also attached, with its covering email, the Wadleigh and Blake Interrogatory Requests, the responses thereto by Wadleigh and Blake, as amended, and the Asher declarations relating to Wadleigh and Blake.

Given the above, and as discussed below, Wadleigh's Second Supplemental Amended and Restated Responses and Blake's Third Amended Responses are more than adequate. They are not in any way "evasive" or "incomplete". Nor do they attempt to "fill in" any "gaps" with Mr. Asher's reports. They simply answer each of the questions that are posed by BP to the best of the plaintiffs' knowledge and understanding, and collectively provide BP with "the factual bases of their alleged damages."

### Wadleigh

With respect to Wadleigh, BP raises two specific complaints. Bewilderingly, BP complains that Wadleigh "fails to identify a single affected contract for these services." However, in the Second Supplemental Amended and Restated Response to Interrogatory No. 15, Wadleigh identifies **twenty-one (21)** *specific* customers and master service agreements. Then, with respect to a single interrogatory "about maintenance and manufacturing crews prohibited from working in the Gulf of Mexico," BP complains, again, that Wadleigh identifies "no single company or instance of business loss." Yet, when one reads the Second Supplemental Amended and Restated Responses to Interrogatory Nos. 1, 2, 6 and 15, together with 16, *in pari materia*, that information is clearly provided.

### Blake

Similarly, Blake disagrees with BP's assertion that Blake's responses, as supplemented, are insufficient. BP's allegation of insufficiency is unfounded as each alleged "deficiency" is discussed in Blake's responses as supplemented, particularly its Third Amended Answers to Defendant's First Set of Interrogatories, and Mr. Asher's expert declaration.

BP first takes issue with Blake's statement it was required to "borrow money at above market rates," but that Blake "does not disclose what alleged financial penalty it allegedly incurred or for what years." The interest rate component, while previously mentioned in Blake's Presentment and First and Third Amended Answers, is no longer a component of Blake's damages and is *not* included in Mr. Asher's Expert Declaration. Thus, it is unnecessary to belabor an issue that has no bearing on Blake's damages.

Next, BP alleges that Blake has claimed damages for mobilizing rigs to send them to Mexico, but fails to identify the rigs, the amount of those costs, or when those costs were incurred. However, in its Third Amended Answer to Interrogatory No. 1, Section I, Blake clearly identifies the five (5) rig assets that will be considered in its damages model and calculation. In Section II of its Third Amended Answer to Interrogatory No. 1 entitled "Energy XXI" Blake specifically identified the rigs intended to be used for fulfillment of the Energy XXI Contracts (former Rig 1501/current Rig 2001 and former rig 1502/current rig 2003), which are also the rigs that, after the Deepwater Horizon incident, were ultimately mobilized and sent to Mexico. In his declaration (at paragraphs 6, 8 & 12) Mr. Asher also clearly identifies the two (2) rigs originally intended to be used in fulfillment of the Energy XXI contract which were sent to Mexico instead, and calculates the related costs/damages related thereto.

Moreover, the documents produced by Blake thus far (approximately 37,085) include *all* of Blake's financial information pertaining to, among other things, mobilization costs, estimates of upgrade costs, and purchase orders for the equipment necessary to comply with the requirements and standards of the Mexican customer. Additionally, there is substantial correspondence and discussion between and among Blake's principals and third parties regarding this issue in Blake's document production.

**Pending Depositions**

The Plaintiffs' have coordinated with BP on the scheduling of the depositions of their principals which will take place in a matter of weeks.[2] Undoubtedly, BP will pursue these lines of questioning during the depositions -- where such follow-up can be conducted more efficiently and effectively. Even assuming *arguendo* that the Plaintiffs' existing responses were somehow "insufficient" (which is denied), to waste the Plaintiffs' (and the Court's) time supplementing answers to questions that will be posed in a matter of weeks, seems inconsistent with the Court's oft stated desire to maintain and encourage a steady pace of the test case litigation, which until now, has been successful, and is also inconsistent with the history of years of working together on important issues in this difficult and complex litigation

**Relevance**

Finally, the issues BP attempts to pursue have almost no, if any, relevance to the cross-motions that the Court has requested. None of these issues go to the *legal* question of whether BP is legally responsible for damages that were caused, at least in part, by the Moratoria and "Permitoria" that resulted from the Deepwater Horizon Oil Spill. These are also fact-specific damages questions which will undoubtedly be contested and therefore inappropriate for resolution on summary judgment.

Respectfully Submitted,

*/s/Duke Williams*

---

[2] Wadleigh has scheduled the following depositions:
George Tohme – February 26, 2016;
Frank Alquist – February 29, 2016
Scott Wadleigh - March 2, 2016
Drew Bounds – March 3, 2016

As of the date of this letter, Blake and BP have reserved the week of March 14, 2016 for the depositions of the Blake principals and other witnesses.

cc: Matthew T. Regan
    Christopher W. Keegan
    Neil K. Roman
    J. Andrew Langan
    James P. Roy
    Stephen J. Herman
    Paul M. Sterbcow