IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This document relates to: No. 13-5804, Young v *v.* BP Exploration & Production Inc, et al (Elton Johnson) | * * * * | Honorable CARL J. BARBIER Magistrate JUDGE WILKINSON |

**************************************************************************

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION BY
TIDEWATER MARINE, LLC FOR LIMITED RELIEF FROM
EVIDENCE PRESERVATION REQUIREMENTS OF
PRETRIAL ORDER #1 (Doc. 55)**

**MAY IT PLEASE THE COURT:**

TIDEWATER MARINE, LLC ("Tidewater") respectfully submits the following Memorandum in Support of the instant Unopposed Motion for the following reasons:

**BACKGROUND**

Tidewater has in its possession certain items belonging to Transocean, which were recovered during the rescue of individuals who evacuated the Deepwater Horizon following the blowout and explosion. These items potentially constitute physical evidence relevant to this case. The items, therefore, fall within the "Preservation of Evidence" requirements of this Court's Pretrial Order #1 (Doc. 55). The items consist of the following:

1. 1 yellow transport bed with name "Horizon" on the side

2. 1 orange life jacket

3. 2 round orange flotation buoys

4. 3 small green oxygen tanks

1

5. 2 blue life raft bags, tags say water and spare sea anchor

6. 2 white hard case first aid kits

7. 1 soft side blue Adventure Marine Medical Kit tagged "Evidence, hold till notified"

8. 1 large orange soft side first aid kid

9. 1 large red metal medical chest labeled "REF-SEACOR LEE"

As indicated by the correspondence sent by Tidewater to counsel for the principal parties at interest in this case, Tidewater has offered to return these items to Transocean, but Transocean indicated it has no interest in them.[1] As a result, the items remain in storage and Tidewater seeks this Court's permission to donate them to a maritime museum or to otherwise properly dispose of the items in a manner deemed suitable by Tidewater.

As explained to the parties in the counsel's letter attached hereto as Exhibit "A," Tidewater would like to offer the items to the Ocean Star Offshore Drilling Rig & Museum, which has a memorial at its Galveston, Texas location to honor the memory of the 11 workers who died as a result of the Deepwater Horizon Oil Spill. If the museum is not interested in taking the items for display or storage, then Tidewater would research whether any other maritime museums might have an interest in any or all of the items. Should no museum be interested in taking the items, Tidewater seeks this Court's permission to dispose of the items in some other suitable manner. Tidewater set forth this very same proposed course of conduct in correspondence to the parties in this case.[2] The correspondence also specifies the requirements of this Court's Pretrial Order #1 with respect to

---

[1]The correspondence, which requested the parties' consent to the relief requested herein, is attached hereto as Exhibit "A".

[2]*See* Exhibit "A".

5. 2 blue life raft bags, tags say water and spare sea anchor

6. 2 white hard case first aid kits

7. 1 soft side blue Adventure Marine Medical Kit tagged "Evidence, hold till notified"

8. 1 large orange soft side first aid kid

9. 1 large red metal medical chest labeled "REF-SEACOR LEE"

As indicated by the correspondence sent by Tidewater to counsel for the principal parties at interest in this case, Tidewater has offered to return these items to Transocean, but Transocean indicated it has no interest in them.[1] As a result, the items remain in storage and Tidewater seeks this Court's permission to donate them to a maritime museum or to otherwise properly dispose of the items in a manner deemed suitable by Tidewater.

As explained to the parties in the counsel's letter attached hereto as Exhibit "A," Tidewater would like to offer the items to the Ocean Star Offshore Drilling Rig & Museum, which has a memorial at its Galveston, Texas location to honor the memory of the 11 workers who died as a result of the Deepwater Horizon Oil Spill. If the museum is not interested in taking the items for display or storage, then Tidewater would research whether any other maritime museums might have an interest in any or all of the items. Should no museum be interested in taking the items, Tidewater seeks this Court's permission to dispose of the items in some other suitable manner. Tidewater set forth this very same proposed course of conduct in correspondence to the parties in this case.[2] The correspondence also specifies the requirements of this Court's Pretrial Order #1 with respect to

---

[1]The correspondence, which requested the parties' consent to the relief requested herein, is attached hereto as Exhibit "A".

[2]*See* Exhibit "A".

evidence preservation, and that the parties were placed on notice of the precise relief requested herein. The correspondence then concludes by making the following request of the parties:

> Please indicate your consent [to disposal of the items as described] by signing below and returning this correspondence to our offices on or before January 29, 2016. The following week, we will file a motion with the Court seeking relief from the Discovery Order. The motion will identify all parties that have consented, any objections received before that time, and/or any parties who have failed to respond.[3]

All parties have now signed and returned the correspondence or otherwise consented to the relief requested in the correspondence.[4] Tidewater therefore presents the instant Motion requesting relief from the discovery preservation order.

## PRETRIAL ORDER #1

This Court's Pretrial Order #1 contains a Section and/or Item number 14 entitled "**PRESERVATION OF EVIDENCE**" which sets forth in detail that the parties to this litigation are under a continuing duty to preserve all physical and/or documentary evidence potentially relevant to this case. It then concludes with the following specific instruction regarding the proper procedure for disposing of any such items:

> Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.[5]

---

[3]*Id*.

[4]Please see the parties' responses attached hereto, *in globo*, as Exhibit "B".

[5]*See* Pretrial Order #1 Doc. 55.

Again, Tidewater has obtained the consent of the leaders of plaintiffs' steering committee as well as of all liaison counsel for the co-defendants in this matter as required by Pretrial Order #1 and, thus, is arguably free to dispose of the items on that basis alone. Nevertheless, out of an abundance of caution, and to remove any semblance or potential argument of impropriety, Tidewater seeks an Order from this Court granting Tidewater permission to either donate the items to a museum willing to take them or to otherwise dispose of the items in another manner deemed suitable by Tidewater. Given the serious subject matter involved in this case and the number of parties involved, it seems only proper that any disposal of evidence– no matter how trivial– be made with the Court's full knowledge and approval.

## PRAYER

Given the lack of any interest of any party in this case in the items, as well as their expressed consent to the relief requested, Tidewater respectfully prays that the limited relief from Pretrial Order #1's evidence preservation requirements, as to the specific items described above, be granted.

Respectfully Submitted,

MAHTOOK & LAFLEUR
(A Limited Liability Company)

   *s/Cliffe E. Laborde III*
CLIFFE E. LABORDE III (#08062)
MARC J. MANDICH (# 35402)
600 Jefferson Street, Suite 1000
Post Office Box 3089
Lafayette, LA 70502-3089
Telephone:    (337) 266-2189
Facsimile:    (337) 266-2303
**COUNSEL FOR DEFENDANT, TIDEWATER MARINE, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic mail system.

Lafayette, Louisiana, this 18th day of February, 2016.

                                                    ___*s/Cliffe E. Laborde III*___
                                                           COUNSEL