UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG         "DEEPWATER HORIZON" IN THE         GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL 2179  Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | : : | Mag. Judge Shushan |

MEMORANDUM IN SUPPORT OF THE MOTION OF THE CLAIMS ADMINISTRATOR TO
COMPEL ABB INDUSTRIAL SERVICES, INC. TO PROVIDE
THE CLAIMS ADMINISTRATOR WITH DOCUMENTS AND INFORMATION

COMES NOW Claims Administrator Patrick Juneau, and for his Motion to Compel ABB Industrial Services, Inc. to Provide the Claims Administrator with documents and information ("Motion"), states as follows:

1. On June 4, 2012, the Deepwater Horizon Court Supervised Settlement Program ("CSSP") began processing claims pursuant to the Economic and Property Damages Settlement Agreement as Amended on May 2, 2012.

2. The Court has appointed the Claims Administrator's Office to "faithfully implement and administer the Settlement . . . for the benefit of the Economic Class. . . ." *See* Settlement Agreement as amended on May 2, 2012, MDL No. 2179, Civil Action 12-970, Rec. Doc. 6430 ¶ 4.3.1. The Court authorized the Claims Administrator to "engage in supervision and oversight activities designed to ensure the implementation and integrity of the overall Settlement Program." Rec. Doc. 6430 ¶ 4.3.10.

3. On September 6, 2013, the Court authorized the Special Master, in conjunction with the Claims Administrator, to examine and investigate suspicious claims and initiate clawback proceedings to secure the return of payments made to fraudulent claims. Rec.

Doc. 11288. To that end, on May 6, 2015, the Court granted the Claims Administrator the power and authority to issue subpoenas necessary to conduct its investigations into potentially fraudulent claims. Rec. Doc. 14543.

4.  On August 26, 2015, the Deepwater Horizon Economic Claims Center ("DHECC") of the Claims Administrator's Office served a subpoena to produce documents upon ABB Industrial Services, Inc. ("ABB").  See Ex. A - Subpoena.

5.  In accordance with the above referenced Order of September 6, 2013, the DHECC is investigating ABB's claim due to discrepancies in the documents submitted in support of the claim.

6.  The subpoena, with a return date of September 3, 2015, requested ABB to produce monthly and annual financial statements, accounting records, adjusting journal entries, reconciliations of financial statements, bank records, tax returns and documents used in or resulting from the preparation of federal and/or state tax returns for ABB and any subsidiaries and/or related parties for the tax years 2008, 2009, 2010, and 2011, sales and use tax returns, and inventory records. *See id*.  The Claims Administrator requires those documents to determine the legitimacy of ABB's claim or whether a clawback of payments is required.

7.  On September 3, 2015, the DHECC granted ABB's request for an extension of the subpoena return until September 18, 2015.  Ex. B.  On September 17, 2015, counsel for ABB, sent a letter to the DHECC stating that ABB intended to file a motion to quash the subpoena and/or file objections, unless ABB and the DHECC could come to an agreement or initiate a dialogue as to the extent of production of the records requested.  Ex. C.  On September 18, 2015, the DHECC agreed to vacate the extended return date of September

18, 2015, pending efforts to initiate a dialogue and arrive at an agreement regarding a reasonable time for production of the records.  Ex. D, Ex. E.

      8.  On November 23, 2015, with no documents forthcoming despite the extension, the DHECC contacted counsel for ABB in efforts to establish an agreed upon production of records based on the previously issued subpoena.  Several emails were exchanged between counsel for ABB and the DHECC.  On December 18, 2015, counsel for ABB informed the DHECC the claimant had forwarded the DHECC's request to his CPA, as he was in possession of the requested records.  Ex. F.  To date, however, ABB has only provided a partial response to the requested records. See Ex. G.

      9.  On February 24, 2016, counsel for ABB informed the DHECC, telephonically, that counsel was in possession of all but eight months of the requested bank records.  The DHECC requested that counsel for ABB produce the bank records currently in its possession.  To date, the DHECC has only received partial production of these records.  See Exhibit G.

      10.  Although the DHECC agreed to vacate the return date of the subpoena and enter into dialogue with ABB and its counsel to forge a subpoena compliance agreement, the DHECC did not withdraw the subpoena of August 20, 2015.  *See* Ex. F.  The subpoena remains outstanding.  Moreover, ABB has now delayed over six months and has yet to provide all documents responsive to the DHECC's subpoena, preventing the Claims Administrator from fulfilling its duties as ordered by this Court.

11. For these reasons, the Claims Administrator respectfully requests this Court grant the Motion compelling ABB to comply with the subpoena served upon it, and order ABB to comply or be held in contempt of court pursuant to Federal Rule of Civil Procedure 45(g).

    Respectfully submitted,

    Patrick Juneau
    Claims Administrator

    By: __/s/ Kevin Colomb_____
    Kevin Colomb
    Manager of Compliance and Internal Integrity

Dated: March 10, 2016