AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

In Re: Oil Spill by the Oil Rig "Deepwater Horizon" )
         *Plaintiff*    )
         v.    )   Civil Action No. MDL 2179 (Judge Barbier)
             )
         *Defendant*    )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ABB Industrial Services, Inc.; Attn: Custodian of Records
950 Highway 365, Port Arthur, TX 77637

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A

| Place: Claims Administrator's Office<br>935 Gravier Street, Suite 700<br>New Orleans, LA 70112 | Date and Time:<br><br>09/03/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/20/2015

*CLERK OF COURT*

OR    *[signature]*

     *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Claims Administrator, Patrick A. Juneau     , who issues or requests this subpoena, are:
Kevin Colomb, DHECC, 935 Gravier St, Suite 700, New Orleans, LA 70112, kcolomb@dheclaims.com, 504-826-8293

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2179 (Judge Barbier)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Custodian of Records
on *(date)* 8/25/2015.                              ABB Industrial Services Inc

☒ I served the subpoena by delivering a copy to the named person as follows: Attorney Kevin Dean
Representative for ABB Industrial Services Inc.
                                                    on *(date)* 8/26/2015 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 8/26/2015

_David Lazarus_
Server's signature

David Lazarus / Clawback Investigator FWA / 6618
Printed name and title

935 Gravier ST #1160, New Orleans, LA
Server's address

Additional information regarding attempted service, etc.:

Per mutual agreement Attorney Dean, of Motley Rice LLC, agreed to accept service via Email
Sent on 8/26/2015

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **ATTACHMENT A**

**SUBPOENA ISSUED TO:**

ABB Industrial Services, Inc.
Attn: Custodian of Records
950 Highway 365
Port Arthur, TX 77637

**FOR THE TIME PERIOD:**

January 1, 2008 through December 31, 2011

**RECORDS:**

For ABB Industrial Services, Inc. (EIN: ▓▓▓▓▓▓▓▓), provide the following:

1. Original and/or contemporaneously prepared monthly and annual financial statements, including but not limited to, income statements and balance sheets for the time period stated above.

2. Contemporaneously prepared accounting records (e.g., check registers, general ledger, sales journal, purchases journal, cash receipts journal, cash payments journal, bank reconciliations documenting ABB Industrial Services, Inc. activities for the time period stated above.

3. Any adjusting journal entries, including supporting documentation, made for the years 2008–2011.

4. Any reconciliations of financial statement amounts to the corresponding amounts on the tax returns for the years 2008–2011.

5. All bank records, including but not limited to, monthly bank statements, canceled checks, deposit slips and items of deposit, and wire transfer records (incoming and outgoing) for the time period stated above.

6. Any retained copies of: (a) federal and/or state income tax returns; (b) notes and work papers generated in the preparation of any income tax returns; (c) correspondence with the IRS; (d) IRS Form 1099's issued and/or received for the years 2008–2011.

7. Monthly sales and use tax returns filed with the state of Texas for the time period stated above.

8. Any and all records that detail inventory for the time period stated above.



Dave Lazarus <lazarus@freehgroup.com>

## Re: ABB Industrial Services, Inc. - DWHEEC Claim ID No. 
1 message

**Dave Lazarus** <lazarus@freehgroup.com>      Wed, Aug 26, 2015 at 6:13 PM
To: "Dean, Kevin R." <kdean@motleyrice.com>

Mr. Dean,

Good Afternoon,

I hope you are well. Sorry for not getting back to you sooner. I just returned to the office.

As we discussed last week, attached please find a subpoena requesting records for the Custodian of ABB Industrial Services, Inc. Per our discussion you agreed to accept service.

The subpoena has a return date of 9/3/2015.

Please review and advise how you intend to proceed. I realize there is a short turn around time for production of the records. We can work with that date to make it work for both sides.

I thank you in advance for your assistance regarding this matter.

Respectfully,

Dave Lazarus
Freeh Group International Solutions, LLC

On Fri, Aug 21, 2015 at 11:32 AM, Dean, Kevin R. <kdean@motleyrice.com> wrote:

> Dave:
>
> As a follow-up to our call yesterday concerning the above referenced client, please be advised that we have communicated with its principal and Motley Rice is authorized to accept service of any pleadings or subpoena should you decide to issue one in the future. This acceptance of service is made without waiver of any objections including but not limited to those as to proper venue and jurisdiction, as well as requiring future compliance with all applicable Federal Rules of Procedure and any applicable substantive law.
>
> Finally, as we discussed, before we can properly advise our client to the extent a subpoena is served or additional follow-up is needed by the Freeh Group, please be advised that we must have full disclosure by you and the Freeh Group of the specifics of any investigation, allegations or alleged misconduct if any before we can consider your request and cooperate to provide a timely response.
>
> Thank you,

8/26/2015 Freeh Group Intl Solutions Mail - Re: ABB Industrial Services, Inc - DWHEEC Claim ID No.

Case 2:10-md-02179-CJB-DPC Document 15988-3 Filed 03/10/16 Page 6 of 6

Kevin Dean for claimant, ABB Industrial Services, Inc.

**Kevin R. Dean** | Attorney at Law | Motley Rice LLC

28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | kdean@motleyrice.com
o. 843.216.9152 | c. ▮▮▮▮▮▮▮ f. 843.216.9267

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

📄 **Subpoena Custodian ABB Industrial Services.pdf**
214K