UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL 2179<br><br>SECTION "J" |
| This Document Applies to: | JUDGE BARBIER |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production, Inc., et al. | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF THE DHECC's MOTION TO COMPEL RESPONSES TO POST-JUDGMENT INTERROGATORIES**

**1. FACTUAL BACKGROUND.**

Jarrod Burrle ("Claimant") submitted a vessel owner claim ("the Claim") to the Deepwater Horizon Economic Claims Center ("DHECC") and was awarded total payment of $50,015.87 ("Total Payment") as compensation for the Claim, paid from the Seafood Fund of the BP Economic & Property Damages Settlement Trust ("the Trust"), but was not entitled to be paid on the Claim.

This Court entered a Final Judgment against Claimant on July 1, 2015, requiring that the Claimant pay restitution to DHECC $50,015.87 plus post judgment interest ("Claimant's Judgment Amount"). A copy is attached hereto as *Exhibit "1."* $37,011.90 remains payable on the Claimant's Judgment Amount, based on payment from the Claimant's former attorneys of contingency fees of $13,003.97 ("Contingency Fee") that Claimant paid to his formal counsel in the matter, as his former counsel already has repaid the Contingency Fee to DHECC. *Id.* The Court further ordered that Claimant not participate in any further distribution of the Seafood Fund. *Id.*

Pursuant to this Court's approval of the Deepwater Horizon Economic and Property

Damages Settlement Agreement entered on December 21, 2013 [Docket No. 11288], each person subject thereto, including Claimant, has submitted to the jurisdiction of this Court. As such, this Court retains jurisdiction for purposes of enforcing Claimant's Judgment Amount.

On February 11, 2016, the DHECC, via the undersigned counsel, served the Claimant with Post-Judgment Interrogatories in accordance with Federal Rules of Civil Procedure 26, 33, 69 and Louisiana Code of Civil Procedure CCP 1457, 1458,1469, 2451, and 2456. *(See Declaration of Lani Maile).* The Claimant was required to respond to the Post-Judgment Interrogatories within 30 days. However, the Defendant failed to respond. *(See Declaration of Lani Maile).* DHECC requires the Court's assistance in the form of an Order compelling the Claimant to respond to the Post-Judgment Interrogatories.

## LEGAL ARGUMENT

As is mentioned above, this Court retains jurisdiction for purposes of enforcing Claimant's Judgment Amount. Accordingly, DHECC is requesting this Court's assistance in compelling the Claimant to respond to post-judgment discovery.

Fed. R. Civ. P. 69 (a)(1) provides, in pertinent part, that the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located…." Fed. R. Civ. P. 69 (a)(2) further provides that a judgment creditor may obtain discovery from the judgment debtor as provided in the Federal Rules of Civil Procedure; or by the procedure of the state where the court is located.

LA. Code Civ. Pro. 2451 provides that, in aid of execution, a judgment creditor may examine the judgment debtor as provided for in LA. Code Civ. Pro. 1421-1515. LA. Code Civ. Pro. 1457 and 1458 address the procedures for propounding interrogatories to conduct discovery. Similarly, Fed. R. Civ. P. 33 addresses the procedures for propounding interrogatories in Federal

Court.  LA. Code Civ. Pro. 1458 and Fed. R. Civ. P. 33 both require that the Claimant provide written responses to interrogatories within 30 days after service.  Claimant has not provided any response to the post-judgment interrogatories.

LA. Code Civ. Pro. 1469 provides that a party may apply for an order that compels the Claimant to respond to the post-judgment interrogatories.  Similarly, Rule 37 of the Federal Rules of Civil Procedure provides that the Court may, upon motion, enter an order compelling the Claimant to respond to the post judgment interrogatories.  If the Claimant fails to comply with an order compelling discovery, he may be subject to sanctions pursuant to Fed. R. Civ. P. 37(d).

### A. A REASONABLE ATTORNEYS' FEE AND COST AWARD FOR FILING THIS MOTION TO COMPEL IS JUSTIFIED

As a result of Claimants unjustified failure to respond to post-judgment interrogatories, DHECC has been forced to employ the undersigned attorney to bring this proceeding to compel the Claimant to respond to such discovery.

Under Fed. R. Civ. P. 37(a)(5), DHECC is entitled to recover reasonable costs and expenses, including reasonable attorneys' fees, incurred in obtaining an order to compel the Claimant to respond to post-judgment interrogatories given that the failure was not substantially justified.

Reasonable attorneys' fees for the undersigned services rendered and to be rendered in this regard are $1,800.00 plus nominal costs of serving the post-judgment interrogatories and the filing and service of this motion.  DHECC hereby requests an award against Claimant to this action.

It is critical that the DHECC be permitted sufficient discovery in aid of execution. If not, DHECC's attempts to execute upon the judgment will be frustrated. The discovery sought is

relevant to the assets and income that Claimant may have available to satisfy the judgment. Therefore, DHECC respectfully requests that the Court grant its motion to compel.

## **CONCLUSION**

For the foregoing reasons, the Court should enter the proposed order filed herewith.

DATED this 18th day of March, 2016.

        /s/ Laura Rahman_____
        Laura S. Rahman
        Louisiana Bar No. 24219
        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        909 Fannin Street, Suite 3300
        Houston, TX  77010
        Tel: 713.353.2000
        Fax: 713.785.7780
        Laura.Rahman@wilsonelser.com
        *Attorney for Deepwater*
        *Horizon Economic Claims Center*

926940v.2

## CERTIFICATE OF SERVICE

I do hereby certify that on the 18th day of March, 2016, a copy of the foregoing **MEMORANDUM IN SUPPORT OF DHECC'S MOTION TO COMPEL RESPONSES TO POST-JUDGMENT INTERROGATORIES** was filed with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent to counsel by operation of the court's electronic system.

/s/ Lani Maile
An Employee of
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

926940v.2