# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | *  MDL NO. 2179 <br> * <br> *  SECTION J <br> * |
| This document relates to:<br><br>    All Cases | * <br> *  HONORABLE CARL J. BARBIER <br> * <br> *  MAGISTRATE JUDGE SHUSHAN <br> * |

## PRETRIAL ORDER NO. [XX] UPDATING CERTAIN EVIDENCE PRESERVATION REQUIREMENTS IN LIGHT OF PROCEDURAL STATUS OF THE LITIGATION

WHEREAS this Multi-District Litigation ("MDL") was constituted on August 10, 2010. In the intervening five years, the procedural posture of this MDL has progressed significantly. The Parties have engaged in extensive discovery, trial has been held on civil claims already brought by the United States, and the parties have lodged agreements with the Court seeking to settle all remaining claims by the United States and the five Gulf States against BP Exploration & Production Inc. ("the proposed Consent Decree");

WHEREAS the Bureau of Ocean Energy Management ("BOEM") and the Bureau of Safety and Environmental Enforcement ("BSEE") have created records schedules pursuant to the Federal Records Act that govern the disposition of many materials, including, but not limited to, Exploration Plans, Well Permits; Application for Permits to Drill, Development and Production Plans, Deep Water Operations Plans, Well Permits – Applications for Permit to Modify, and Deepwater Operations Plans.  Each of the relevant records schedules generally provides for retention of the documents, and communications related thereto, for seventy-five years.

WHEREAS the United States Environmental Protection Agency has established a records schedule pursuant to the Federal Records Act governing the *Deepwater Horizon*-related chain of custody records, QA/QC packets records, and sampling results/data for the environmental sampling done during the *Deepwater Horizon* oil spill and response (EPA Records Schedule 481) which requires preservation of these records for thirty years;

WHEREAS other materials currently in possession of the United States, including (1) OSHA exposure monitoring data and associated supporting information such as COCs, laboratory raw data, associated analysis, any associated validation reports and field notes; (2) data associated with the NIOSH HHE reports; (3) EPA air monitoring data and associated raw data; and (4) FDA-sponsored seafood testing data; are all subject to preservation requirements set forth in the Federal Records Act or other statutes, regulations, or agency policies;

WHEREAS the materials expressly discussed in these perambulatory clauses as impacted by the Federal Records Act are not the only materials in possession of the United States that are subject to the Federal Records Act, and nothing herein is intended to abbreviate or limit existing preservation and maintenance obligations under the Federal Records Act or any other existing law, regulation or statute;

WHEREAS nothing in this order creates a right of action against the United States for alleged violations of any records schedule or the Federal Records Act.

THEREFORE, in light of the changed procedural posture of the case, and in light of the preservation obligations imposed on the United States by federal law and its own self-imposed instructions, and to conform to the requirement that the Court ensure that the costs and burdens of discovery and preservation obligations imposed by litigation are proportionate to the benefits of such discovery and preservation obligations, the Court hereby enters the following order updating,

consolidating, and revising the preservation obligations applicable to the Parties (as defined in this Order).

1. Thirty days after entry of the proposed Consent Decree as a final judgment, should such entry occur, the obligations of the United States and BP (arising from the common law, the Federal Rules of Civil Procedure, or any pre-trial order entered in the MDL) related to the preservation of evidence that may be relevant to any anticipated or pending civil claims that are the subject of the covenants not to sue set forth in Paragraphs 60, 62, and 63 of the proposed Consent Decree shall be terminated.

2. This Order does not affect any preservation obligations arising from the Federal Records Act or claims other than those addressed by the covenants not to sue set forth in in Paragraphs 60, 62, and 63 of the proposed Consent Decree.  Preservation obligations that remain in effect include (1) BP's obligation to maintain all the data in its *Deepwater Horizon* Sharepoint database until the Federal On-Scene Coordinator has ingested the data and informed BP that it no longer needs to maintain that data and (2) BP's and the United States' obligation to preserve evidence potentially relevant to any anticipated dispute related to the reservations of rights found in Paragraphs 64 and 65 of the proposed Consent Decree.

3. In addition to any other evidence or potentially relevant things, documents, or electronically stored information that may be disposed of pursuant to Paragraphs 1 and 2, upon entry of this order, the Parties may discontinue ongoing email journaling, instant message logging, and/or BlackBerry Enterprise Server logging.

4. Within 14 days from the entry of this order, any Party ("Requesting Party") may request that another Party ("Queried Party") continue to preserve specific things, documents, or

electronically stored information that may otherwise be disposed of pursuant to this Order. If any such request is made the following procedure shall apply:

    a.    The Requesting and Queried Parties will then have seven days to meet and confer about the request to continue preserving the items or data, including which party will bear the cost for such preservation.

    b.    If the parties cannot agree on what should continue to be preserved and who will bear the cost, a party can seek relief from the Court within 28 days from the entry of this order. While such a motion for relief is pending, the Queried Party will continue preserving the items or data at issue in the Requesting Party's motion.

5.    A Requesting Party may also propose to take custody of any physical items that will no longer be preserved by the Queried Party.

6.    If, at any time within five years of this order being entered, a change in federal law or United States policy results in a shorter retention period for the records described in the perambulatory clauses of this Order such that those records could be destroyed earlier than they would be under the law or policy in effect on the date of the entry of this Order, the United States shall notify BP at least six months before those records are to be destroyed. After such notification, BP shall have 14 days to initiate the meet-and-confer/motion practice process described in Paragraph 4 of this Order.

New Orleans, Louisiana, this __ day of _____, 201_.

_____