IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 15-30381

_____

D.C. Docket No. 2:10-MD-2179
D.C. Docket No. 2:12-CV-970

United States Court of Appeals
Fifth Circuit
**FILED**
February 25, 2016
Lyle W. Cayce
Clerk

IN RE: DEEPWATER HORIZON
_____

LAKE EUGENIE LAND AND DEVELOPMENT, INCORPORATED; ET AL,

    Plaintiffs

v.

BP EXPLORATION AND PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

    Defendants - Appellees

v.

MARY S. WILLKOMM; MARTIN J. SCHOENBERGER; CLIFFORD PHILIP BEIN; KEVIN CONRAD SCHOENBERGER,

    Claimants - Appellants

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before HIGGINBOTHAM, OWEN, and ELROD, Circuit Judges.

J U D G M E N T

    This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30381

IN RE: DEEPWATER HORIZON

———————————————————

LAKE EUGENIE LAND AND DEVELOPMENT, INCORPORATED; ET AL,

      Plaintiffs

v.

BP EXPLORATION AND PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

      Defendants - Appellees

v.

MARY S. WILLKOMM; MARTIN J. SCHOENBERGER; CLIFFORD PHILIP BEIN; KEVIN CONRAD SCHOENBERGER,

      Claimants - Appellants

United States Court of Appeals
Fifth Circuit
**FILED**
February 25, 2016
Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, OWEN, and ELROD, Circuit Judges.

PER CURIAM:

    In mid-2012, defendants BP Exploration & Production Inc., BP America Production Co., and BP, P.L.C. (collectively, "BP") entered into a court-supervised settlement agreement with a class of parties harmed by the 2010

Case: 15-30381     Document: 00513428991     Page: 2     Date Filed: 03/18/2016
Case 2:10-md-02179-CJB-DPC   Document 16045   Filed 03/23/16   Page 4 of 9

No. 15-30381

Deepwater Horizon oil spill. The settlement agreement is described at greater length in our previous decision in *In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2013). Pertinent to the present case, the agreement provides for compensation to landowners within the "Wetlands Real Property Claim Zone" (Claim Zone), which encompasses coastal Louisiana.

A class member seeking compensation under the agreement must submit a claim form specific to the Claim Zone that requires documentation including a tax assessment and a copy of the deed for the land parcel in the Claim Zone. This form can be submitted through an on-line portal. To screen claims, the on-line portal uses a parcel database that purports to contain "the best available parcel boundary data for real property in the" Claim Zone and data regarding which parcels are oiled. The settlement agreement acknowledges that "[i]n some instances," the parcel boundary data in the database "may be incomplete or out of date." Accordingly, even if the database does not recognize a parcel as being within the Claim Zone, the Claims Administrator must deem a parcel eligible for compensation "provided the claimant documents the . . . [a]ctual presence of the parcel in the [Claim Zone]." All parcels within the Claim Zone are eligible for compensation; whether a parcel is oiled impacts the compensation amount. A parcel outside the Claim Zone may be added to the Claim Zone, rendering it eligible for compensation, but "only if the parcel is documented as containing the presence of oil."

Once a class member is compensated on any claim, a six-month limitations period begins running within which the class member must submit all additional claims. The administrator of the settlement program has implemented a policy—"Policy 251"—by which the administrator may grant

Case: 15-30381    Document: 00513428991    Page: 3    Date Filed: 03/18/2016
Case 2:10-md-02179-CJB-DPC   Document 16045   Filed 03/23/16   Page 5 of 9

No. 15-30381

relief from deadlines in the settlement agreement.[1]  Policy 251 provides, in relevant part:

> The Claims Administrator shall have the discretion to consider and grant or deny Deadline Relief Requests relating to any deadline prescribed by a provision in the Settlement Agreement on the following terms: . . . The claimant shall present the Deadline Relief Request to the Claims Administrator no later than 60 days after the expiration of the deadline concerned.  The Claims Administrator shall reject any Request for Relief made after such time expires.

Policy 251 also provides that the party requesting relief from a deadline must show "circumstances that constitute excusable neglect under Fed. R. Civ. P. 60(b)" and enumerates other factors the Claims Administrator may consider. A claimant may appeal the "final determination of a claim" to a panel created by the settlement agreement within thirty days of receiving written notice of the final determination.

Claimants Mary Willkomm, Martin Schoenberger, Clifford Phillip Bein, and Kevin Schoenberger own seven parcels of land in coastal Louisiana and seek compensation under the settlement agreement.  In July 2012, Kevin Schoenberger—acting as counsel for himself and the other three claimants—inputted parcel numbers for all seven parcels into the on-line portal for claim submissions.  The portal indicated that two of the seven parcels were in the Claim Zone and thus eligible for compensation, and Schoenberger submitted on-line claim forms for those two parcels.  The portal indicated that the other five parcels were not in the Claim Zone and did not prompt Schoenberger to submit claim forms for those parcels.  Schoenberger did not attempt to document the actual presence of those five parcels in the Claim Zone by

---

[1] BP contests that Policy 251 is a valid exercise of the Claims Administrator's authority, but expressly waives that issue for the purposes of this appeal.

Case: 15-30381    Document: 00513428991    Page: 4    Date Filed: 03/18/2016
Case 2:10-md-02179-CJB-DPC   Document 16045   Filed 03/23/16   Page 6 of 9

No. 15-30381

submitting a parcel eligibility request form, and did not attempt to submit claim forms by mail when not prompted to do so on the on-line portal. Claimants were paid in connection with one of the two eligible parcels in April 2013, and Claimants concede that under the six-month rule, their deadline to file all additional claims expired in late 2013.

In June 2014, Schoenberger learned that other (nonparty) co-owners of two of the five parcels that the portal indicated were ineligible had been compensated for claims on those parcels. Schoenberger attempted to submit on-line claims for those two parcels, but the portal would not allow the claims to be submitted because the six-month deadline had passed. On June 25, 2014, Schoenberger wrote to the Claims Administrator recounting his initial attempt to submit claims on the parcels that were deemed ineligible, reporting his subsequent discovery that the parcels were eligible, and attaching tax bills for the two parcels in question. Schoenberger also uploaded paper claim forms onto the on-line portal in October 2014, but they were not deemed "submitted" and have no claim number. Because the claims could not be submitted and thus have not been formally denied, there is no "final determination" for Claimants to appeal under the settlement agreement's appeal procedure.

Claimants filed a "Motion for Authority to File Wetlands Claims" with the district court, invoking the court's supervisory authority over the interpretation and implementation of the settlement agreement. Claimants asked the court to either determine that all seven of their claims were formally submitted in July 2012 before the six-month deadline had passed or excuse the missed six-month deadline and allow them to file claims anew. The district court denied the motion in a summary order, and Claimants appealed.

We decline to deem Claimants to have submitted claims on the parcels at issue in July 2012. The settlement agreement clearly designates the claim

Case: 15-30381	Document: 00513428991	Page: 5	Date Filed: 03/18/2016
Case 2:10-md-02179-CJB-DPC   Document 16045   Filed 03/23/16   Page 7 of 9

No. 15-30381

form as the manner in which claims should be submitted, and no claim forms were submitted for the two parcels at issue in July 2012, or at any time before the six-month window had closed. We are not persuaded by Claimants' argument that "[t]here is no point in submitting the claim form" once the on-line portal indicates that a parcel is not in the Claim Zone and is thus ineligible for compensation. The settlement agreement clearly provides that "[i]n some instances," the parcel boundary data in the database "may be incomplete or out of date." Claimants were thus on notice that the on-line portal was not a perfect indicator of eligibility, and if they disagreed with its determination, the settlement agreement left it to them to "document[] the . . . [a]ctual presence of the parcel[s] in the [Claim Zone]" by submitting a parcel eligibility request form. Claimants did not do so, and we decline to nullify their failure to exhaust the procedures provided by the settlement agreement.

We also will not exercise any discretion we may have to excuse Claimants' failure to meet the six-month deadline. Even assuming *arguendo* that enacting Policy 251 was a proper exercise of the Claims Administrator's authority and that Policy 251 evidences discretion in the district court or this court to extend deadlines in the settlement agreement, Policy 251 applies only under "circumstances that constitute excusable neglect under Fed. R. Civ. P. 60(b)." Such circumstances do not exist here. If the Claims Administrator's database indicates that a particular property is not eligible for compensation, the onus is on the claimant to obtain and provide any documentation that could show otherwise. Claimant's failure to do so—despite notice that the on-line portal's initial eligibility determination was imperfect and that all claims had to be submitted within six months of first payment—was not excusable neglect under Rule 60(b)(1). *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500–01 (5th Cir. 2015).

5

No. 15-30381

Claimants' final argument is that the on-line portal for claim submissions denied them due process by preventing them from obtaining a final determination of their claims and thus barring them from the appeal process under the settlement agreement. Claimants did not make this argument in their memorandum in support of their motion before the district court, and it is accordingly forfeited. *See Cent. Sw. Tex. Dev., L.L.C. v. JPMorgan Chase Bank, Nat'l Ass'n*, 780 F.3d 296, 300–01 (5th Cir. 2015). Regardless, the enforcement of a properly noticed deadline generally does not effect a due process violation. *See Wainwright v. Torna*, 455 U.S. 586, 588 n.4 (1982).

For the foregoing reasons, the district court's order denying Claimants' Motion for Authority to File Wetlands Claims is AFFIRMED.

## United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

March 18, 2016

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 15-30381   In re: Deepwater Horizon
                       USDC No. 2:10-MD-2179
                       USDC No. 2:12-CV-970

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                   Sincerely,

                                   LYLE W. CAYCE, Clerk

                                   By: _____
                                   Dawn D. Victoriano, Deputy Clerk
                                   504-310-7717

cc:  Mr. Jeffrey Bossert Clark Sr.
     Mr. Richard Cartier Godfrey
     Mr. Thomas George Hungar
     Mr. James Andrew Langan
     Mr. Scott Payne Martin
     Mr. Kevin Conrad Schoenberger