UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig           MDL NO. 2179
    "Deepwater Horizon" in the Gulf
    of Mexico, on April 20, 2010         SECTION J

Applies to:                               JUDGE BARBIER
                                           MAGISTRATE JUDGE SHUSHAN
*ALL CASES IN PLEADING BUNDLE B1*

## PRETRIAL ORDER NO. 60

**[As to All Remaining Claims in Pleading Bundle B1; Requiring B1 Plaintiffs to File a Complaint and/or Sworn Statement]**

1. In order to facilitate the effective administration of this multidistrict litigation and the prosecution of the coordinated actions herein, the Court established eight separate "pleading bundles" for different categories of cases and claims. (PTO 11, Rec. Doc. 569). The "B1" Bundle included claims for Non-Governmental Economic Loss and Property Damages by Private Individuals and Businesses, and it was pled pursuant to a "B1" BUNDLE MASTER COMPLAINT. (Rec. Doc. 879, *amended* Rec. Doc. 1128).

2. The Court previously employed the B1 Master Complaint as a procedural device for administrative purposes to facilitate the filing of short form joinders (SFJs) by plaintiffs. Plaintiffs were permitted to join in the B1 Master Complaint by filing short form joinders pursuant to Pretrial Orders 20, 24, and 25. (Rec. Docs. 904, 982, 983). Individual and business plaintiffs who filed individual lawsuits that raised non-governmental economic loss and property damages claims and were consolidated with these proceedings were deemed "B1" Plaintiffs, even if they did not also file a short form joinder. (Rec. Doc. 983 at 2).

3.     Considering that the subject oil spill occurred more than five (5) years ago, the Clerk was directed by Order dated September 4, 2015, to docket no further short form joinders in docket number 10-8888. (Rec. Doc. 15321).

4.     In addition, under its inherent power, the Court has entered a series of pretrial orders to effectively manage this multidistrict litigation.  These pretrial orders have applied to all cases removed or transferred to this Court and to cases previously and subsequently filed in this Court that are within the subject matter of this MDL.  Several pretrial orders have imposed requirements on plaintiffs to provide the Court and/or parties additional information necessary to the Court's management of the litigation.  These have included PTO 11, PTO 24, PTO 25, and PTO 57, as well as the Court's November 2, 2010 Order Regarding Plaintiff Profile Forms ("PPF") (Rec. Doc. 642).

5.     The Court has previously issued an order dismissing aspects of the Amended B1 Master Complaint.  (Rec. Doc. 3830).  The Court now sees no further administrative or procedural benefit to maintaining the administrative Amended B1 Master Complaint.  **Accordingly, the Court hereby DISMISSES the Amended B1 Master Complaint in its entirety.**

6.     To assist the Court in streamlining the remaining claims and to facilitate the administration of this MDL and the prosecution of the actions herein, the Court further ORDERS the following with respect to all plaintiffs who have timely filed a claim in the B1 pleading bundle and who **have not** released their claim(s) to date[1]:

---

[1] The Court will issue a separate Order with respect to dismissal of released claims.

A.  **As to Plaintiffs who filed <u>Individual Lawsuits</u>.**[2]

(i) Any plaintiff who previously filed an individual lawsuit must complete the **sworn statement** in the form reflected in **Exhibit A**. The completed sworn statement shall be attached to a **cover sheet** reflecting the caption of the individual lawsuit in the form of **Exhibit B**. Both the **cover sheet** and the attached **sworn statement** must be filed into the record of the plaintiff's individual lawsuit (as opposed to the master docket for MDL 2179) no later than <u>May 2, 2016</u>. Plaintiff also shall serve the **sworn statement** on the Plaintiffs' Steering Committee ("PSC") and counsel for BP no later than <u>May 2, 2016</u>, as described below in paragraph 7.

(ii) Plaintiffs who previously filed an individual lawsuit and fail to comply with the above requirements by <u>May 2, 2016</u>, will have their complaints deemed dismissed with prejudice without further notice.

B.  **Plaintiffs who DID NOT file <u>Individual Lawsuits</u>, (i.e., only filed a SFJ and/or were part of a "Mass Joinder" Lawsuit).**

(i) Where Plaintiffs did not file an individual lawsuit, but instead filed a SFJ and/or were part of a complaint with more than one plaintiff,[3] **each such plaintiff** must, by <u>May 2, 2016</u>, file an individual lawsuit (Complaint) (one per plaintiff),

---

[2] This includes an individual claim filed in Transocean's limitation proceeding, No. 10-cv-2771.
[3] This does not include complaints that contain related parties such as a husband and wife or co-owners of a business. Where two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint.

3

using the caption reflected in **Exhibit C**.[4] The Complaint should include as an attachment the completed **sworn statement** in **Exhibit A**. Each plaintiff also must, by May 2, 2016, serve the PSC and Counsel for BP with a copy of the completed **sworn statement**, as described below in paragraph 7.

(ii)  Plaintiffs that did not file individual lawsuits, but instead filed a SFJ and/or were part of a complaint with more than one plaintiff, who fail to comply with the above requirements by May 2, 2016, will have their claims deemed dismissed with prejudice without further notice.

7. The service of the sworn statement and supporting information pursuant to this Order must be on both Counsel for BP and the PSC on or before May 2, 2016. Service should be made via United States mail at the following addresses:

| Counsel for BP<br>Attn: J. Andrew Langan<br>Kirkland & Ellis LLP<br>300 North LaSalle St, Suite 2400<br>Chicago IL 60654 | MDL 2179 Plaintiffs' Steering Committee<br>Attn: Steve Herman or Jim Roy<br>The Exchange Centre, Suite 2000<br>935 Gravier Street<br>New Orleans, LA 70112 |
|---|---|

Claimants represented by counsel may additionally or alternatively serve the sworn statements and any supporting information upon the PSC and Counsel for BP via File & ServeXpress ("F&S").

---

[4] A lawsuit is initiated by filing a written "complaint" with the Court. A complaint must contain a short, plain statement of the plaintiff's claim. Plaintiffs who are not represented by an attorney can mail or hand deliver their complaints to: Clerk of Court, United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA 70130. Any plaintiff who is unable to pay the cost of filing a lawsuit may apply to proceed without prepaying court fees or costs. An online form is available at http://www.laed.uscourts.gov/pro-se/ifp .

8. Plaintiffs should be aware that compliance with this Order does not automatically make them eligible to receive any compensation for their damages. Rather, Plaintiffs who comply with this Order are subject to further proceedings in this Court. Furthermore, mere compliance with this Order will not result in a Plaintiff submitting to this Court's jurisdiction for anything beyond pretrial purposes.

9. The Provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying individual petitions or complaints that fall within pleading bundle B1, whether pre-existing or filed hereafter, remain in effect until further order of the Court.

10. By May 20, 2016, the PSC and BP shall provide to the Court a list of all Plaintiffs who did **not** comply with this Order and whose claims are therefore subject to dismissal. For all other Plaintiffs, the Court will discuss procedures for addressing their claims at a hearing to be set by further Order of the Court.

11. Following the issuance of this Order, all counsel of record should receive a copy via F&S pursuant to Pretrial Order No. 12. (Rec. Doc. 600). This Order will also be posted on the Court's website, http://www.laed.uscourts.gov/case-information/mdl-mass-class-action/oilspill. Counsel for BP shall mail this Order to all plaintiffs who opted out of the Economic and Property Damages Settlement, signed their opt-out forms and did not indicate in that form that the plaintiff was represented by counsel, as identified in the list to be provided to the Court, the PSC and BP by the Garden City Group, Inc. Finally, to the extent practicable, the PSC shall email a copy of this Order to known counsel of record for Plaintiffs who joined in the Amended B1 Master Complaint, and/or opted out of the Economic and Property Damages Settlement and may therefore be subject to this Order.

This procedure is deemed sufficient to satisfy notice requirements for all Claimants with "B1" claims.

Accordingly, the Court hereby DISMISSES the Amended Master B1 Complaint and orders the designated plaintiffs to act in compliance with this Order or face dismissal of their claims with prejudice without further notice.

New Orleans, Louisiana, this 29th day of March, 2016.

_____
CARL J. BARBIER
United States District Judge