### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig Deepwater** | * | **MDL No: 2179** |
| **Horizon in the Gulf of Mexico on April 20, 2010** | * | |
| | * | **SECTION J** |
| | * | |
| | * | **Honorable Carl J. Barbier** |
| | * | |
| **This document relates to:** | * | **Magistrate Judge Shushan** |
| **Case No: 2:13-cv-01989** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### <u>MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE</u>

Andry Lerner LLC, through undersigned counsel, respectfully moves this Honorable Court for leave to file a Complaint of Intervention in the captioned matter, pursuant to Federal Rules of Civil Procedure 24 (a)(2), for the following reasons, to wit:

Intervenor claims an interest in and is entitled to the proceeds of any settlement or judgment in the captioned action in preference to other creditors. Andry Lerner LLC was retained by defendant in intervention, National Meat & Provision Co. Inc., to prosecute its claims against BP and other defendants as a result of the Deep Water Horizon disaster. The contract between Andry Lerner LLC and defendant in intervention provides for a contingency fee and reimbursement of costs expended on behalf of the defendant in intervention.

"It is well settled that to intervene of right each of the four requirements of the rule must be met: (1) the application of the intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant be so situated that the disposition of the matter may as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interests must be inadequately represented by the existing partied to the suit." *Keith v. St. George Packing Company, Inc.*, 806 F.2d 25 (U.S. 5th Cir. 1986),

quoting *New Orleans Public Serv., Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 463 (5ᵗʰ Cir.) (en banc) quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5ᵗʰ Cir. 1978) cert. denied 469 U/S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984).  This Court and the Fifth Circuit have previously held that "an intervention of right exists for an attorney who has a contingency fee contract with the client" since the firm [has] an interest in the subject of the action and is so situated that an action's final disposition may as a practical matter impair or impede its interest.  *State Farm Fire and Casualty Company v. Black & Decker*, 2003 WL 22966373 (E.D. La.); quoting *Gaines v. Dixie Carriers, Inc.* 434 F.2d 52 (5ᵗʰ Cir. 1995).

Andry Lerner LLC's Complaint of Intervention is timely as final determination of this matter has not yet been had.  Andry Lerner LLC has an interest relating to the subject of the action in that it was retained under a contingency fee contract to perform legal services and did so until it was substituted by order of the court.  Andry Lerner LLC cannot protect its interest in the subject matter of the action without intervening.  Andry Lerner LLC's interests are not represented at all by the existing parties to the suit, which is why it must seek this Court's permission to intervene. Moreover, the filing of Andry Lerner LLC's Complaint of Intervention will not delay the progress of this matter.

Accordingly, AL requests that it be allowed to file its Complaint of Intervention in this matter.

Respectfully submitted,

By:     /s/ Jonathan B. Andry
        Jonathan B. Andry  (LA Bar # 20081)
        Andry Law Group, LLC
        610 Baronne Street
        New Orleans, Louisiana   70113
        Telephone:     (504) 525-5535
        Telefax:        (504) 586-8933

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all parties to this litigation by hand-delivery, e-mail, facsimile, electronic transmission, and/or by First Class, United States Mail, properly addressed and postage prepaid, on this 4th day of April, 2016.

/s/ Jonathan B. Andry
Jonathan B. Andry