# **E**XHIBIT **A**

# *Deepwater Horizon* Medical Benefits Settlement
# Dual Representation Resolution Procedures

*Effective April 5, 2016*

### SECTION I: PURPOSE AND DEFINITIONS

1. **Purpose**. The *Deepwater Horizon* Medical Benefits Settlement Dual Representation Resolution Procedures ("*Procedures*") establish procedures for determining the law firm to whom the Claims Administrator will send correspondence and payment on behalf of a Medical Benefits Settlement Class Member or putative Medical Benefits Settlement Class Member ("*Class Member*") who has submitted a claim for compensation for a Specified Physical Condition ("*SPC*") and/or participation in the Periodic Medical Consultation Program ("*PMCP*").

2. **Defined Terms**. Unless otherwise provided herein, all defined terms used in these Procedures shall have the same meaning given to such terms in the Medical Benefits Class Action Settlement Agreement approved on January 11, 2013.

    (a) Attorney of Record. The "*Attorney of Record*" is the law firm to whom all SPC and/or PMCP correspondence will be sent by the Claims Administrator on behalf of a Class Member.[1] The Attorney of Record for an individual Class Member is determined under the rules set forth in Section II of these Procedures.

    (b) Payment Attorney. The "*Payment Attorney*" is the law firm to whom payment for an SPC will be made on behalf of a Class Member. The Payment Attorney for an individual Class Member is determined under the rules set forth in Section II of these Procedures.

    (c) Co-Counsel. "*Co-Counsel*" refers to a law firm that (i) has entered into a co-counsel relationship with another law firm for the purpose of jointly representing a Class Member in connection with an SPC and/or PMCP claim under Section II below, and (ii) is not currently designated as the Attorney of Record for the Class Member.

    (d) Dual Representation. "*Dual Representation*" occurs when an attorney other than the Attorney of Record or Co-Counsel submits SPC Claim Materials on behalf of a Class Member.

    (e) SPC Claim Materials. "*SPC Claim Materials*" include a Data Disclosure Form, Opt Out, revocation of Opt Out, Retainer Agreement, Proof of Claim Form ("*POCF*"), and all other documentation submitted on behalf of a Class Member in connection with an SPC and/or PMCP claim.

    (f) Termination Notice. A "*Termination Notice*" is any statement in writing from either a law firm or Class Member terminating a law firm's relationship with the Class Member, including, without limitation, a statement in writing from a Class Member that directs the Claims Administrator to send correspondence and/or payment to a different law firm.

---

[1] Other than PMCP Notices of Determination and PMPC appointment-related correspondence, which are sent directly to the Class Member.

(g)  Fee Cap Order.  The "*Fee Cap Order*" is Judge Barbier's June 15, 2012 Order Setting Caps on Individual Attorneys' Fees.

### SECTION II: GENERAL RULES FOR DETERMINING THE ATTORNEY OF RECORD, PAYMENT ATTORNEY, AND CO-COUNSEL

1.  **Attorney of Record and Dual Representation**.  A Class Member may only have one Attorney of Record at a time.  The law firm that submits SPC Claim Materials on behalf of a Class Member shall be that Class Member's Attorney of Record, unless the Class Member already has an Attorney of Record.  If the Class Member already has an Attorney of Record, the submission of SPC Claim Materials by a law firm other than the Attorney of Record or its Co-Counsel will result in a Dual Representation situation that must be resolved under Section III of these Procedures.

2.  **Co-Counsel Relationships**.  Law firms may enter into co-counsel relationships with other law firms at any time.  A co-counsel relationship shall be evidenced by either (a) a co-counsel agreement signed by the Class Member that meets the requirements of applicable law, or (b) a co-counsel certification signed by each firm that includes a certification that the total fee charged by the law firms will not exceed the 25% cap on attorneys' fees set forth in the Fee Cap Order, in the form attached hereto as Exhibit A ("*Co-Counsel Certification*").  Law firms in a co-counsel relationship shall designate a single law firm as the Attorney of Record and a single law firm (which may be either the Attorney of Record or Co-Counsel) as the Payment Attorney.  The existence of a co-counsel relationship and the designation of Co-Counsel as the Payment Attorney shall not result in a Dual Representation situation under these Procedures.

3.  **Appointment of Payment Attorney.**  The Attorney of Record will automatically be considered the Payment Attorney for each Class Member, unless a co-counsel relationship exists and Co-Counsel is designated as the Payment Attorney.

4.  **Removal of Attorney of Record**.  The Attorney of Record will be removed by the Claims Administrator in any of the following situations:

   (a)  The Attorney of Record submits a written Termination Notice to the Claims Administrator;

   (b)  The Attorney of Record's Co-Counsel submits a written Termination Notice to the Claims Administrator, and the Termination Notice also states that the Attorney of Record no longer represents the Class Member;

   (c)  The Claims Administrator receives a written Termination Notice of the Attorney of Record signed by the Class Member;

   (d)  The Attorney of Record enters into a co-counsel relationship with another law firm, and the other law firm is designated as the Class Member's Attorney of Record;

   (e)  A Dual Representation situation is resolved in favor of another law firm (other than the Attorney of Record's Co-Counsel) under Section III of these Procedures; or

3

   (f) The Claims Administrator receives a court order evidencing the Attorney of Record's withdrawal or removal from representation.

 For avoidance of doubt, in all situations where (i) the terminated Attorney of Record is in a co-counsel relationship, (ii) the Attorney of Record is terminated under this Section II.4, and (iii) Co-Counsel is not terminated under Section II.5 or II.6 below, then absent specific instructions from either the Class Member or Co-Counsel to the contrary, the termination of the Attorney of Record shall automatically result in the designation of Co-Counsel as the Class Member's Attorney of Record,.

 5. **Removal of Payment Attorney**.  Removal of an Attorney of Record that is also the Payment Attorney will automatically result in the removal of that firm as the Payment Attorney. In a situation where the Payment Attorney is the Attorney of Record's Co-Counsel, the Payment Attorney shall be removed by the Claims Administrator in the following situations:

   (a) The Payment Attorney submits a written Termination Notice to the Claims Administrator;

   (b) The Attorney of Record submits a written Termination Notice to the Claims Administrator, and the Termination Notice also states that the Payment Attorney no longer represents the Class Member;

   (c) The Claims Administrator receives a written Termination Notice of the Payment Attorney signed by the Class Member;

   (d) The Attorney of Record or Co-Counsel designates the Attorney of Record or other Co-Counsel as the Class Member's Payment Attorney;

   (e) A Dual Representation situation is resolved in favor of another law firm (other than the Payment Attorney's Co-Counsel) under Section III of these Procedures; or

   (f) The Claims Administrator receives a court order evidencing the Payment Attorney's withdrawal or removal from representation.

 6. **Removal of Co-Counsel**.  Any law firm that is Co-Counsel but is not designated as the Attorney of Record or Payment Attorney shall be removed in any of the following situations:

   (a) Co-Counsel submits a written Termination Notice to the Claims Administrator;

   (b) The Attorney of Record submits a written Termination Notice to the Claims Administrator, and the Termination Notice also states that Co-Counsel no longer represents the Class Member;

   (c) The Claims Administrator receives a written Termination Notice of Co-Counsel signed by the Class Member;

      (d)     A Dual Representation situation is resolved in favor of another law firm (other than a law firm in a co-counsel relationship with Co-Counsel) under Section III of these Procedures; or

      (e)     The Claims Administrator receives a court order evidencing Co-Counsel's withdrawal or removal from representation.

### SECTION III: DUAL REPRESENTATION RESOLUTION PROCEDURES

1. **Initiation of Dual Representation Resolution Procedures**. The Claims Administrator will initiate the procedures set forth in this Section III following receipt of SPC Claim Materials from a law firm other than the Class Member's Attorney of Record or Co-Counsel.

2. **Correspondence and Payment During a Dual Representation Situation**. No correspondence will be sent and no payment will be made in connection with an SPC and/or PMCP claim during the resolution of a Dual Representation situation; *provided, however*, that the Claims Administrator will continue to send PMCP Notices of Determination and PMCP appointment-related correspondence directly to Class Members and will continue to pay for PMCP appointments during the resolution of a Dual Representation situation.

3. **Rebuttable Presumption**. In all Dual Representation situations, the Claims Administrator will apply a rebuttable presumption that the law firm that submitted the most recent SPC Claim Materials containing the Class Member's signature is the Class Member's Attorney of Record. In the event neither law firm submitted any SPC Claim Materials with the Class Member's signature, the Claims Administrator will apply a rebuttable presumption that the law firm that submitted the most recent SPC Claim Materials is the Class Member's Attorney of Record. The Claims Administrator's determination of which law firm shall be the presumptive Attorney of Record is final and may not be challenged by either firm. However, this presumption may be rebutted under the procedures set forth below.

4. **Notification of Dual Representation**. In every Dual Representation situation, the Claims Administrator will notify the presumptive Attorney of Record and all other law firms who have submitted SPC Claim Materials on behalf of the Class Member (other than the presumptive Attorney of Record's Co-Counsel) of the Dual Representation situation ("*Notification*").

      (a)     The Notification will be made by email to the law firms. The law firms will be deemed to have received such Notification on the date the email is sent by the Claims Administrator ("*Notification Date*").

      (b)     The Notification will inform the law firms of the identity of each law firm involved in the Dual Representation situation, as well as the identity of the law firm that will be considered the Attorney of Record under the rebuttable presumption set forth above.

5. **Response to Notification of Dual Representation.** The law firms have 20 days from the Notification Date to respond to the Claims Administrator's Notification. The response may be sent via email to the email address that sent the Notification or via U.S. mail.

(a) The law firm that is not the presumptive Attorney of Record may rebut the presumption by submitting to the Claims Administrator a writing signed by the Class Member *after* the Notification Date confirming that law firm's sole representation of the Class Member, or by submitting materials that would result in the Attorney of Record's removal under Section II above.

(b) The presumptive Attorney of Record may, but is not required to, respond to the Notification with a writing signed by the Class Member *after* the Notification Date confirming the presumptive Attorney of Record's sole representation of the Class Member. The presumptive Attorney of Record may also choose to be removed as the Attorney of Record by submitting materials that would result in the Attorney of Record's removal under Section II above.

(c) At the end of 20 days following the Notification Date or earlier response from all law firms involved, the Dual Representation situation will be resolved by the Claims Administrator as follows:

(i) If no response is received from either law firm, the presumptive Attorney of Record will be the Class Member's Attorney of Record, and all other law firms (other than the Attorney of Record's Co-Counsel) will be removed from the Class Member's claim.

(ii) If either law firm responds but the response is insufficient to either rebut the presumption or result in the removal of the Attorney of Record under Section II above, the presumptive Attorney of Record shall be the Class Member's Attorney of Record, and all other law firms (other than the Attorney of Record's Co-Counsel) will be removed from the Class Member's claim.

(iii) If either law firm responds and the response is either sufficient to rebut the presumption or results in the removal of the Attorney of Record under Section II above, the presumptive Attorney of Record and its Co-Counsel shall be removed and the Claims Administrator shall designate the appropriate Attorney of Record based on the documentation received by the Claims Administrator within the Notification response period.

6. **Notification of Resolution of Dual Representation and Opportunity to Assert a Legal Lien**. The Claims Administrator will notify each law firm by email with the results of the Dual Representation resolution ("***Resolution Notification***"). The Resolution Notification will be deemed to be received by the law firms on the date the email is sent.

(a) All law firms other than the Attorney of Record and its Co-Counsel shall have 20 days from the date of the Resolution Notification to assert a lien against the Class Member's SPC compensation for attorneys' fees and/or expenses. To assert a lien, the law firm must provide a copy of the signed Retainer Agreement (if not already provided to the Claims Administrator), an itemized statement of fees claimed, and an itemized statement of expenses.

(b) If a law firm that is not the Attorney of Record or its Co-Counsel after the resolution of a Dual Representation situation does not provide all the required information to assert a lien within 20 days following the Resolution Notification, the law firm is foreclosed from asserting a lien for attorneys' fees and/or costs against the Class Member's SPC compensation with the Claims Administrator at any point in the future, and the Claims Administrator shall disburse the Class Member's SPC compensation without regard to the law firm's interest; *provided, however*, that nothing in these Procedures shall be deemed to prevent any law firm from making a claim for attorneys' fees and expenses directly against the Class Member to the extent permitted under applicable law.

(c) All legal liens asserted within the required timeframe set forth above will be resolved in accordance with the *Deepwater Horizon* Medical Benefits Settlement Third-Party Lien Procedures.

(d) Any law firm that chooses to assert a legal lien under these Procedures consents to the Claims Administrator providing all legal lien documentation, including, without limitation, the Retainer Agreement, statement of fees claimed, and statement of expenses claimed, to the Class Member's Attorney of Record and Co-Counsel.

### SECTION IV: REVIEW OF SPC CLAIM MATERIALS

Absent specific information to the contrary, the Claims Administrator shall presume that any law firm that submits SPC Claim Materials on behalf of a Class Member has an executed Retainer Agreement with the Class Member and is authorized to submit materials on the Class Member's behalf. As a result, all timely SPC Claim Materials that are submitted by the Attorney of Record, Co-Counsel, Payment Attorney, or any other law firm on behalf of a Class Member, including but not limited to any withdrawal of a Specified Physical Condition, shall be accepted and reviewed by the Claims Administrator, regardless of the ultimate resolution of any Dual Representation situation.

### SECTION V: MISCELLANEOUS

1. **Retroactive Application**. Upon approval of these Procedures by the Court, the Claims Administrator shall apply these Procedures retroactively to all SPC and/or PMCP claims with an outstanding Dual Representation situation.

2. **Amendments**. The Claims Administrator shall consult with the Parties on any amendments to these Procedures, and all amendments shall be subject to Court approval.

3. **Implementation of These Procedures**. The Claims Administrator has the discretion to administer any steps necessary to implement these Procedures, including, without limitation, the discretion to address any situation that is not contemplated by these Procedures. All decisions by the Claims Administrator in accordance with these Procedures shall be in the Claims Administrator's sole and absolute discretion, and may not be challenged or appealed by any party under these Procedures. The Claims Administrator shall not be liable to any party for any act or omission in connection with these Procedures, except to the extent such act or omission is the result of gross negligence or intentional or willful misconduct.

4. **Reliance.** In the administration of these Procedures, the Claims Administrator is authorized to act upon, and shall not be liable for acting in reliance upon, any judgment, order, contract, agreement, instruction, notice, certification, demand, consent, authorization, receipt, power of attorney, or other writing that the Claims Administrator believes to genuine and to have been signed, sent, or presented by the proper person or persons.

5. **Change of Address**. If any law firm at any time during these Procedures changes its email address, the burden shall be on the law firm to notify the Claims Administrator immediately. No deadlines will be extended under these Procedures as a result of a law firm's failure to provide the Claims Administrator with the law firm's updated contact information.

6. **Deadlines**. Time is of the essence in these Procedures. The time limits set forth in these Procedures are and will be strictly enforced; *provided, however*, that the Claims Administrator may, in its sole and absolute discretion, grant a reasonable extension of time for good cause shown. For the purpose of these Procedures, "good cause" requires a showing of good faith and circumstances beyond the party's reasonable control. Examples of good cause include failure to receive a notice from the Claims Administrator or failure of a carrier to deliver the law firm's response. Good cause does not include inadvertence, mistake of counsel, or lack of knowledge of the rules.

7. **Computation of Time and Dates of Submission**. For the purpose of determining the timeliness of a submission to the Claims Administrator under these Procedures, the submission shall be deemed timely if it is postmarked or has an electronic date stamp on or before the date by which it is required to be submitted under these Procedures. Any time period prescribed by these Procedures shall be computed as follows: In counting the days prescribed, (a) exclude the day of the event that triggers the period, (b) count every day, including intermediate Saturdays, Sundays, and legal holidays, and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Legal holidays are: New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by the Claims Administrator. This statement is subject to any further clarifications from the Claims Administrator.



## Co-Counsel Certification

We, the undersigned attorneys, certify that we are acting as co-counsel for the following claimant:

Claimant Name: _____  SPC_____

The primary contact to receive all correspondence in connection with this claim is:

_____.

The primary contact to receive payment in connection with this claim is:

_____.

   By signing this co-counsel certification, we certify that our combined fees do not exceed the 25% fee cap as ordered by Judge Barbier on June 15, 2012.

_____   _____   _____
Name of Counsel (*print*)           Signature           Date

_____   _____   _____
Name of Counsel (*print*)           Signature           Date

Please return the completed and signed Co-Counsel Certification to the following address:

  DEEPWATER HORIZON MEDICAL BENEFITS
  CLAIMS ADMINISTRATOR
  935 Gravier Street, Suite 1400
  New Orleans, LA 70112