IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | * | |
| OF MEXICO, ON APRIL 20, 2010 | * | SECTION J |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| ALL CASES AND NO. 12-970 | * | HONORABLE CARL J. |
| | * | BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | SHUSHAN |
| | * | |

**CLAIMANT'S SUR REPLY BRIEF IN OPPOSITION TO BP's MOTION TO VACATE
AND STAY PAYMENT OF AWARDS**

# I. TABLE OF CONTENTS

I.   TABLE OF CONTENTS……………………………………………………......………i

II.  CLAIMANT'S SUR REPLY BRIEF IN OPPOSITION TO BP'S MOTION
     TO VACATE AND STAY PAYMENT OF AWARDS..……. ..………..….…………….

     Introduction …………………………....………………………………………....1

     Argument…....………………………………………………………………….....1

     Conclusion………………………………………………………………….....….5

IV.  CERTIFICATE OF SERVICE………………………………………………………..6

## INTRODUCTION

Now into Court, through undersigned counsel, comes Claimant 100261254 who with respect files this Sur Reply Brief in Opposition to BP's Motion to Vacate and Stay Payment of Awards for the following reasons:

## ARGUMENT

It is now patently obvious that BP's Motion to Vacate and Stay lacks any merit. In its Reply Brief, BP completely abandons its challenge to Policy 443. Without any remaining legitimate arguments, BP creates for the first time in its Reply Brief a nonsensical and illogical argument attacking the property description of each of the Claimant's lots. BP has no basis whatsoever for its "description" argument.

The Claims Administrator was absolutely correct in approving each of the Claimant's claims for every parcel of land that she owns in the Wetlands Real Property Zone. The Claims Administrator properly followed the settlement agreement in determining that BP has no right of appeal on each claim. The Claims Administrator correctly implemented Policy 443, and BP deferred to the Claims Administrator for over two (2) years in settling and paying thousands of claims identical to each claim brought by this Claimant. BP has no legitimate argument why this Claimant should be treated differently than all other claimants, other than a contrived equity argument that "it is too many claims" and "it is too much money." This Honorable Court should summarily dismiss BP's argument and should affirm the actions and decisions of the Claims Administrator.

Simply stated, once again BP seeks to avoid paying what it is obligated to pay under the Settlement Agreement. BP calls the awards a "windfall". Claimant seeks only what she is clearly entitled to under the Agreement. Claimant is one of the largest landowners in Cameron Parish. She owns more separate and distinct lots than any other claimant. If BP wanted to limit the amount of

claims one person could file, it could have negotiated for that provision. BP did not. If BP wanted to limit the amount of money one person could receive, an individual-claimant cap, it could have negotiated for such a provision. Again, it did not.

For the first time in its Reply, BP creates a new argument, now stating the claims are not eligible because each lot lacks "its own legal description of boundaries used for taxing purposes". This argument completely ignores Louisiana law, ignores the Cameron Parish Tax Assessor's Affidavit, and ignores the reality that all lots in all subdivisions in Cameron Parish and throughout the State are identified identically by lot number. Frankly, this argument borders on the absurd.

BP suggests that each of the lots owned by the Claimant lacks a legal description. As cited in its original Opposition, the Claimant again directs this Court to LSA-R.S. 33:5051 and the applicable jurisprudence.[1] Clearly, the filing of the Plat for Long Beach Subdivision created a statutory and legal subdivision. The plat filed in the records of Cameron Parish was prepared by a surveyor. The plat includes the description of each parcel by lot, block, and subdivision name. It also includes the dimensions of each lot and the rights of way for roads. This is exactly how every other subdivision in Cameron Parish, and quite frankly, throughout the rest of the state are identified following statutory dedication, namely by lot number and block number.

This Court need look no further than the Final Policy Announcement for 443 itself for a rejection of BP's strained argument. The Claims Administrator specifically references in 443 the need for 443 by giving an example in Holly Beach Subdivision. Referenced therein is a description of "Lots 9, 10, 53, & 54, Blk 1, Unit 8, Holly Beach Sub in Secs 10-12, T15S, R11W".[2] The Claims Administrator specifically notes that the identification of each lot on the deed and by the

---

[1] See Page 1 of Claimant's Opposition, Footnote 1.
[2] See Page 2 of Final Policy Announcement for 443.

Cameron Parish Tax Assessor on the Tax Assessment, satisfies the "legal description" requirement.

When lots in subdivisions in Cameron Parish and throughout the State are transferred in deeds, judgments of possession, and other acts translative of title, it is common practice by title examiners, notaries, and real estate attorneys to use only the Lot Number, Block Number, and the Subdivision Name. The filing of the Plat statutorily creates the boundaries such that no metes and bounds description of the lots is required. BP simply ignores Louisiana law and Louisiana practice in a desperate attempt to create some type of argument to disqualify these claims. However, it is clear on the Claimant's acts translative of title, her deed and judgment of possession, that each lot is specifically identified. Additionally, each lot is identified on the tax assessments. Claimant's description is identical to the Holly Beach Lot example used by the Claims Administrator in the Final Policy Announcement of 443. Finally, Claimant filed a separate claim, as was required, for each lot and included a description of each lot, each block, the subdivision name, the section, the township, and range. Nothing else was required.

The absurdity of BP's argument is perhaps best illustrated by what BP fails to detail to this Court. There are nearly one hundred (100) owners of lots in Long Beach Subdivision. Each of the landowners owns a lot specifically by Lot Number and Block Number. Is BP really suggesting that each of these owners does not have legal boundaries? Is BP really suggesting that the Cameron Parish Tax Assessor is not assessing each lot pursuant to actual legal boundaries? BP's position is specifically rejected by the Cameron Parish Tax Assessor's Affidavit filed in the record.[3] It is undisputed that BP has paid individual lot owners for individual lots legally described in this same manner thousands of times in the Wetlands Settlement, including in this very subdivision. BP has

---

[3] See Exhibit G to Claimant's Original Opposition.

paid claims for lots in Holly Beach Subdivision, Gulf Terrace Subdivision, Rutherford Beach Subdivision, and numerous others which were described by lot number only and not by any metes and bounds description. Only now, because of the amount it owes, does BP raise this illogical argument.

Finally, there can be no dispute whatsoever that BP purposely manipulated the maps depicted in BP's Motion to Vacate and to Stay to support its argument. Claimant respectfully submits that BP's factually incorrect map is much more than "irrelevant" or a "discrepancy". It is clear that BP's original argument is totally dependent upon its assertion that Claimant's lots and Long Beach Subdivision be contained within its fictional "taxing parcel". To support its argument, BP submitted a map that had Long Beach Subdivision within its "taxing parcel." This map is simply wrong. BP's mappers had to purposefully shrink the size of the subdivision, otherwise the subdivision does not fit within BP's "taxing parcel". BP's mappers removed the rights of way from the subdivision, otherwise the subdivision does not fit within BP's "taxing parcel".[4]

BP now admits that its map is wrong but states that these "discrepancies" are "irrelevant". Nothing could be further from the truth. The Claimant herein owns lots outside of BP's alleged "taxing parcel". Other landowners own lots within BP's "taxing parcel". BP has paid these other landowners on a per lot basis. Accordingly, BP's "single taxing parcel", single payment argument is factually and logically impossible. BP's insertion of a falsely manipulated map to support its Motion to Vacate goes well beyond the traditionally accepted bounds of zealous representation.

---

[4] See Exhibit F to the Claimant's Original Opposition.

## CONCLUSION

For all of the above reasons, Claimant respectfully requests that the Court deny the Motion to Vacate and Stay. Claimant further requests that the Court affirm the actions of the Claims Administrator and Order the processing and payment of the Claimant's Eligibility Notices.

Respectfully submitted:

_____
DAVID P. BRUCHHAUS #24326
M. KEITH PRUDHOMME #14336
MATTHEW P. KEATING #30911
MUDD & BRUCHHAUS, L.L.C.
410 E. College Street
Lake Charles, LA 70605
Telephone: (337) 562-2327
Facsimile: (337) 562-2391

**Attorney for Claimant 100261254**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed a copy of the above and foregoing pleading electronically with the Court's CM/ECF system on April 11, 2016. I further certify that I delivered a copy of the above and foregoing pleading to the following via File & Serve Express and electronic mail, on April 11, 2016:

James P. Roy
Domengeaux, Wright, Roy & Edwards
P.O. Box 3668
556 Jefferson Street
Lafayette, LA 70502-3668
Email: jimr@wrightroy.com

Stephen J. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Email: sherman@hhkc.com

Allison Rumsey
Arnold & Porter, LLP
601 massachusetts Avenue, NW
Washington, DC 20001
Email: Allison.rumsey@aporter.com

S. Gene Fendler
Don K. Haycraft
R. Keight Jarrett
Devin C. Reid
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Email:  dkhaycraft@liskow.com
        rkjarrett@liskow.com
        dcreid@liskow.com

_____
DAVID P. BRUCHHAUS