UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig ) <br> "Deepwater Horizon" in the ) <br> Gulf of Mexico, on April 20, 2010 ) <br> ) <br> This document relates to: ) <br> ) <br> 12-970, *Bon Secour Fisheries, Inc., et al.* ) <br> v. *BP Exploration Production Inc.*; ) <br> cases within Pleading Bundle B1 ) <br> ) | MDL NO. 2179; SECTION J <br><br> JUDGE CARL J. BARBIER <br><br> MAG JUDGE SHUSHAN |

## MEMORANDUM IN SUPPORT OF MOTION FOR ADDITIONAL TIME

### I. Introduction

On March 29, 2016 this Court issued P.T.O. 60 requiring all non-governmental economic loss and property damage claims to file individual lawsuits and to file sworn statements by May 2, 2016. Jonathan W. Johnson, LLC ("JWJ") respectfully requests an additional fourteen (14) days, or another amount of time that the Court would otherwise deem reasonable, to comply with P.T.0. 60.

JWJ is a sole practitioner and represents approximately 125 claimants that are not part of the DHECC who would apparently be subject to this order. This number based on the opt-out and excluded categories JWJ is able to determine internally. If indeed JWJ's claimants are the only ones charged with filing individual lawsuits, it would be a monumental task in itself. However, JWJ's clients are not the only ones affected by P.T.O. 60. According to the Court's Order, **Magistrate Judge Shushan noted that there are an estimated 85,000 valid opt-out and excluded plaintiffs.** Even a herculean effort by JWJ, other law firms, and all unrepresented individuals will almost fall short given this

extraordinarily quick time frame.

JWJ supports this Court's efforts to finally resolve the non-class cases; however, the time given to comply is simply too short in light of the current status of this litigation. Since the dissolution of the GCCF, JWJ have only been able to settle a mere handful of cases outside of the DHECC out of several hundreds of claimants. BP clearly eschewed its responsibilities under the Oil Pollution Act of 1990, 33 U.S.C. 3701 *et seq.* (OPA) by failing to pay claimants for OPA demands sent to them directly after the dissolution of the GCCF and the formation of the DHECC.

## II. Argument

**A. Summary**

There are number of procedural and logistical hurdles to clear in complying with P.T.O. 60. An outline of these issues is presented in this summary, and several of them are fleshed out further below.

Procedural hurdles include: (1) how newly filed cases in 2016 will be in compliance with OPA's three-year statute of limitation; (2) how newly created cases can be transferred out of the Eastern District and/or remanded back to State Court if they did not originate in those courts; (3) P.T.O. 60 does not appear to make exception for claims currently before the DHECC; and (4) for states with a mechanism for dealing with a mass joinder of claims (such as Texas) claimants will simply have their claims unbundled up only to be re-bundled at a later date.

Logistical hurdles include: (1) the simple enormity of trying to settle and/or file new lawsuits for over one hundred of JWJ clients and more than 85,000 total claims in less than a month; (2) sorting out which claims are actually subject to the order (i.e. whether they

are opt-out or excluded from the class; (3) fighting inertia to get clients to understand the impact of their failure to act (by signing sworn statements) immediately after no action has been taken on their claims for years; (4) communicating with hundreds of clients regarding how to fill out the sworn statement with technical facts about their claims to be in compliance with P.T.O. 60 and (5) the logistics of filing thousands of complaints via CM/ECF in a short time frame.

**B.     Procedural Issues**

According to the Oil Pollution Act of 1990 states that "[n]o claim may be presented under this section for recovery of damages unless the claims is presented within 3 years after the date on which the injury and its connection with the discharge in question were reasonably discoverable with the exercise of due care." 33 U.S.C. 3701 §1012(h)(2). Additionally, OPA allows "a claim presented in accordance with subsection (a) and (1) each person to whom the claim is presented denies all liability for the claim, or (2) the claim is not settled by an person by payment within 90 days after the date upon (A) the claim was presented…the claimant may elect to commence an action in court against the responsible party…" 33 U.S.C. 3701 §1013 (h)(c).

The 5th Circuit has further clarified this issue by ruling that a "Claimant Must Comply with Both the Presentment Requirement and the Three-Year Period of Limitations Under the OPA." *Chuc Nguyen et al. v. American Commercial Lines, L.L.C.,* 15-30070 at 13 (5th Cir. Oct. 8, 2015). An "…action for damages is marred under the OPA unless it is brought: Within 3 years after… [t]he dates on which the loss and the connection of the loss with the discharge in question are reasonably discoverable with the discharge in question are reasonably discoverable with the exercise of due care…" *Chuc Nguyen et al. v. American Commercial Lines, L.L.C.,* 15-30070 (5th Cir. Oct. 8, 2015) *(citing* 33 U.S.C. §2717(f)(1).

3

The filing of new complaints and subsequent dismissal timely filed "Mass Joinder" Lawsuits opens up the possible defense by BP that they would not otherwise have. More importantly it opens up a defense that could potentially leave claimants with no remedy.

**C.     Logistical Issues**

JWJ has long supported the Court allowing opt-out and excluded claimants to move forward. As such JWJ applauds the Court for taking action on this matter; however, as currently drafted, P.T.O. 60 appears to be just one more hurdle being put in place to prevent legitimate claims against BP to move forward. Had BP lived up to its obligations under OPA and resolved, or even made **ANY** effort to resolve the excluded and opt-out claims, not included in the class settlement over the last four years, then JWJ and the Court would be left with a relative few remaining claims to sort out prior to the May 2 deadline. Instead, nearly all of the excluded and opt- out claims are forced to spring into action to comply.

Claimants with individual claims that will ultimately measure in the thousands or even hundreds of thousands of dollars will need to pay $400 to file an individual claim. It is very unlikely that many of the 85,000 claimants filed individual claims, and instead were short form joinder cases or mass joinder cases. As a result, if all 85,000 are unable to settle, P.T.O. 60 operates as tax of nearly $34,000,000 against the victims of the *Deepwater Horizon* Oil Spill.

The actual filing of the individual complaints with the CM/ECF system will result in a complete nightmare scenario if hundreds of law firms file tens of thousands of complaints in late April and the first two days of May. It is unknown whether the CM/ECF can even handle that kind of volume.

P.T.O 60 requires "each such plaintiff" to file an individual lawsuit meaning one Complaint per plaintiff. P.T.O. 60 makes exceptions for certain related parties, but does not appear to make an exception for all related parties. Specifically, there is no provision

4

outlining a provision for related businesses. Examples include an owner with more than one business or a group of interrelated business. We respectfully request additional clarification on this issue to insure compliance with the Court's order, but minimizing the need to separate and later combine related lawsuits.

In addition to filing an individual lawsuit, P.T.O. 60 mandates the filing of a Sworn Statement to be filed with the PSC and with BP. The Form Sworn Statement found as Exhibit A to the P.T.O. 60 will confuse many Claimants. For businesses, it will be confusing from the very start, as there is no place on the entire form that asks for the business name. The form requires a number of very specific legal facts that a lay plaintiff simply will not understand much less know the answer to. The litany of wholesale changes in this litigation is unprecedented and has resulted in a very confused client base. Simply put, most of our clients will not know the answers to technical questions such as whether they opted-out of the class or/are excluded (in fact no one knows exactly because BP hasn't been forced to challenge this to date), how their case was filed (and more specifically what cause number), and how and when a presentment was made. JWJ has most of the answers, but it is simply not feasible as a sole practitioner to communicate individually with hundreds of clients all of this information in less than 30 days.

The CM/ECF system is the only method for filing the required individual complaints. It is unknown whether the system can handle the volume of filings that is likely to come at the 11th hour, potentially 85,000 or more cases. A slowdown of the system is a virtual certainty, but it is unknown to what extent. For JWJ, manually filing approximately several hundred individual petitions will be virtually impossible with just one CM/ECF account in the Eastern District of Louisiana.

### III. Conclusion

Most of the cases the P.T.O. 60 apparently applies to, have been filed since 2013, but no action has taken place on them in the past three years. These claimants have been in limbo and will be difficult to corral on such short notice. JWJ is a small firm and must manually search our database to complete most of the information required in the sworn statements, but to do so the forms must be mailed out to the clients. Many of these clients have moved or changed their phone numbers. It is expected that all of these forms will be mailed out this week. JWJ also anticipates the filing of the first individual lawsuits as early as next week. This Motion is not filed for delay, but so that justice may be done. JWJ is working diligently to comply with PTO 60 and request some additional time to complete the required documentation and filing for our several hundred clients.

Dated: April 13, 2016.

Respectfully Submitted,

/s/ Jonathan W. Johnson

Jonathan W. Johnson
Georgia Bar No. 394830
2296 Henderson Mill Rd., Suite 304
Atlanta, GA 30345

*Attorney for JWJ Clients*

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Additional Time has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accord and with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of April, 2016.

Respectfully Submitted,

/s/ Jonathan W. Johnson

*Attorney for JWJ Clients*

Attorneys for the Defendants:

Richard C. Godfrey, P.C. J. Andrew Langan, P.C. Wendy L. Bloom
KIRKLAND & ELLIS LLP 300 North LaSalle Street Chicago, IL 60654
Telephone: 312-862-2000

Jeffrey Lennard
SNR Denton US LLP
233 South Wacker Drive Suite 7800
Chicago, IL 60606
Telephone: 312-876-8000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP 655 Fifteenth Street, N.W. Washington, DC 20005
Telephone: 202-879-5000

Don K. Haycraft
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: 504-581-7979

Attorneys for Class Plaintiffs:

Stephen Jay Herman
Soren E. Gisleson
HERMAN HERMAN & KATZ LLP
820 O'Keefe Avenue New Orleans, LA 70113 Telephone: 504-581-4892 Fax: 504-561-6024

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY & EDWARDS

556 Jefferson Street - Suite 500
Lafayette, LA 70501
Telephone: 337-233-3033
Fax: 337-233-2796

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN
& BERNSTEIN
275 Battery Street - 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000
Fax: 415-956-1008

Samuel Issacharoff
NEW YORK UNIVERSITY
SCHOOL OF LAW
40 Washington Square, S. - Suite
41 1J
New York, NY 10012
Telephone: 212-998-6580
Fax: 212-995-4590