UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
|     "DEEPWATER HORIZON" IN THE | : | |
|     GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

### REPLY IN SUPPORT OF MOTION OF THE DHECC FOR RETURN OF PAYMENTS MADE TO JACK HEMMENWAY

The Claims Administrator, Patrick A. Juneau, on behalf of the Deepwater Horizon Economic Claims Center ("DHECC"), replies to the opposition filed by Jack Hemmenway ("Hemmenway") to the Claims Administrator's motion for return of payments. In his opposition, Hemmenway states that the DHECC's motion should be denied based on the existence of material issues of fact within the evidence put forward by the DHECC. Hemmenway argues that he did not intend to defraud the program by submitting an unfiled tax return in support of his claim. Rather, Hemmenway claims the failure to file his 2008 amended tax return until April 13, 2015 was the result of an "oversight," as was his failure to notice that the corresponding $150,000 liability check never cleared his bank account. Hemmenway further argues that he did not cause damage to the program as his seafood income, even on an unfiled tax return, was a correct amount based on internal purchase receipts from his own seafood company, JBS Packing Company, Inc. ("JBS").

The controlling issue before the Court is not whether Hemmenway can now match trip ticket amounts from his own wholesale packing business to amounts on a tax return for his fishing business; rather, the issue it is that Hemmenway misled the program to inflate his award when he swore under penalty of perjury that all of his supporting

documentation was "true, accurate, and complete." Ex. A1 – A5, at 28.  The documentation he submitted with his claims filing was false.

In order to substantiate revenue for a higher claims award, Hemmenway knowingly caused the program to rely on a 2008 Form 1040X that had not been filed but was held out to be genuine.  The unfiled tax document was not a return; it did not represent an honest and reasonable effort to satisfy the tax laws. *In re Moroney*, 352 F.3d 902, 905 (4th Cir. 2003). As will be discussed later, without the submission of this unfiled return, which matched his previously submitted trip tickets, Hemmenway would not have received his inflated claims award.

Hemmenway's claim that his trip ticket amount was "correct" cannot excuse the submission of a false tax document to a Court-supervised program.  *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944) (party submitting false documents cannot later be heard to defend on the ground that what the falsified papers documented were true; the "[t]ruth needs no disguise").  The direction from *Hazel-Atlas Glass Co.* is appropriate here, as Hemmenway had other options short of submitting an unfiled Form 1040X, which artificially supported his trip ticket totals without increasing his tax liability.

    A.    <u>Hemmenway's Fraudulent Actions Require Restitution</u>

The totality of the evidence presented shows that there is no genuine issue as to any material fact and the DHECC is entitled to judgment as a matter of law. *See* Order & Reasons on Special Master's Motion for Return of Payment Made to Casey Thonn and Others at 19 (Rec. Doc. 12794).  Hemmenway asserts that the factual background surrounding his claim creates a dispute of fact as to the amount Hemmenway was paid. Hemmenway incorrectly concludes that

he could not have caused damage to the program because he reported the correct amounts of shrimp landings to the program.

While attempting to address the validity of his award amount by directing the Court to a voluminous exhibit submission, Hemmenway does not address the material misrepresentation that he knowingly and in bad faith made to the program. Despite assertions made by Hemmenway regarding his purported lack of involvement and/or ownership in JBS, or purported oversights, the fact remains: Jack Hemmenway knowingly and in bad faith submitted false documentation to the DHECC, intending to induce the DHECC to rely on that documentation. The DHECC was damaged because it overpaid Hemmenway's claim after relying on his intentional false representation.

Hemmenway submitted four affidavits in his opposition, including his own; however, they offer no new evidence to refute the fact that Hemmenway misled the program, causing it to rely on an unfiled tax document. Rather, Hemmenway's self-serving explanation that he "forgot" to file the 2008 Form 1040X and accountant Fontenote's invocation of "a mistake" are only attempts to manufacture a dispute of fact and should not be relied upon.[1] See Opp. Ex. 2. A party cannot create a genuine issue of fact by contradicting his own earlier statements unless the party offers "a plausible explanation for the sudden change of heart." *Richardson v Bonds*, 860 F.2d 1427, 1433 (7th Cir. 1988).

Hemmenway's first assertion, under penalty of perjury, when he filed his claims was that all of his submissions were true and accurate, including any supplemental

---

[1] As set out in the DHECC's Memorandum in Support of Motion for Return of Payments Made to Jack Hemmenway and Others at 7 (Rec. Doc. 15431-1) ("Memorandum"), Hemmenway's assertion that he forgot to file is belied by his history of timely filing, specifically in 2007, 2008, and 2009. *See U.S. v. Andujar,* 2009 Fed. Appx. 12, 170 (3rd Cir. 2006)(holding that evidence of a defendant's tax filing history was relevant to establishing the element of intent). The remaining two affidavits, Opp Exhs 6, 7 offer no new evidence regarding the tax filing.

3

documentation he submitted.  See Ex A1 – A5 at 28.  Hemmenway's attorney received a phone call from the program on February 1, 2013 in which it was discussed that "trip tickets for 2008 are $691,000 greater than tax returns."  Ex. B, No. 2.[2]  Twelve days later, Hemmenway submitted the unfiled amended 2008 tax document, showing exactly a $690,000 increase to his gross receipts, attributing the increased gross receipts to a removal of labor cost.  This attribution is belied by the fact that although labor cost is unchanged from original to amended form, $91,000 of the increased 2008 1040X gross receipts remains unexplained.

Hemmenway now asserts that the discrepancy in gross receipts between his original 2008 tax filing and the purported 2008 Form 1040X submitted to the program is attributed to a mistake by his accountant, Mitchell Fontenote.  See Opp. at 6.  The opposition is the first mention of a mistake.  Hemmenway also submitted a copy of a purported $150,000 check sent to the Department of Treasury with the purported filing.  When tasked in his opposition with explaining why that check was never negotiated with the IRS, Hemmenway claimed it to be "an oversight."  See Opp. Hemmenway at 2 (Rec. Doc. 16055).

When an opposing party creates a second story, but it is blatantly contradicted by the record, the Court should not consider that version of the facts when ruling based on a summary judgment standard.  Order & Reasons on Special Master's Motion for Return of Payment Made to Vernon Alfonso at 9 (Rec. Doc. 15400)(citing *Bartucci v. Jackson,* No. 04-

---

[2] Although the notes show "Claimant relayed the following:" with regard to the $691,000 discrepancy, they reflect the call being placed *to* the claimant's attorney by a program accountant.

4

2977, 2006 WD 2631925, at *5 (E.D. La. Sept. 13, 2006)).  The evolution over time of a witness's testimony can be fatal to its reliability. *Kyles v Whitley*, 514 U.S. 419, 444 (1995). The recent claims that Hemmenway "forgot" to file and of Fontenote's "mistake" are evolving stories, contradicted by the record, and should not be considered.

      B.      Hemmenway's Misrepresentation to the DHECC Satisfies the Court's Legal Standard for Return of Payments

This Court has set out that in order to sustain a motion for return of payments, the DHECC must satisfy the following: (1) Hemmenway made a false representation; (2) Hemmenway knew or believed that the representation was false, or had an insufficient basis to make the representation; (3) Hemmenway intended to induce the DHECC to act in reliance on the information; (4) the DHECC justifiably relied on Hemmenway's representation; and (5) damage resulted from the reliance. Order & Reasons on Motion of the Special Master for Return of Payments Made to Wardell Parker and Others at 5 (Rec. Doc. 15325) (citing *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, 926 F. Supp. 2d 858, 862 (E.D. La. 2013)).  The DHECC satisfied these elements in its motion for return of payments made to Hemmenway.

In his opposition Hemmenway suggests that the elements of common law fraud appropriately delineate conduct warranting punishment, ensuring that claimants are not excluded for "mistakes, immaterial misstatements, or good faith efforts to interpret the requirements of the program*.*" *See* Op. at 14.  Hemmenway's fraudulent submission of unfiled tax documents is more than a mistake; it is a material misrepresentation.  In other words, the act of submitting a document that was not a tax return, yet held out to be, accompanied by a non-negotiated check, represents an attempt to mislead the program and is a far cry from a good faith effort to interpret settlement program requirements.

### 1. *Hemmenway made a False Representation*

Hemmenway made a false representation to the program not through figures of shrimp landings contained within trip tickets, nor specifically within the amount of gross receipts on his tax returns. Rather, Hemmenway falsely represented to the program the tax document he submitted to support his claims was a true and genuine return; it was not. The return reflected an increase to gross receipts in the exact amount noted by the program in its communication with Hemmenway from twelve days earlier. This is further evidence that the unfiled amended tax document was only submitted to ensure the processing of his claim, rather than an honest attempt to satisfy tax law. *In re Moroney*, 352 F.3d 902, 905 (4th Cir. 2003) (document is not a "tax return" if it does not represent an honest and reasonable attempt to satisfy the requirements of the tax laws).

### 2. *Hemmenway Knew or Believed the Representation to be False.*

Hemmenway knew his representation to be false. As the business owner of Capt'n Jack, Hemmenway was in the best position to know whether a tax return was filed on behalf of that company and whether a $150,000 check cleared his bank account.[3] *See In re Healthsouth Corp. Shareholders Litigation*, 845 A.2d 1096, 1105-06 (Del. Ch. 2003), *aff'd.* 847 A.2d 1121 (Del 2004) (in granting summary judgment, holding that "the party with

---

[3] Although the issue is not dispositive to Hemmenway's misrepresentation, Hemmenway, as an owner of JBS Seafood, was also in the best position to know whether his original representation to the program accurately reflected his seafood landing revenue. Somewhat predictably though, Hemmenway attempts to shirk any responsibility from business operations or control over the company, claiming the DHECC perverted the truth by stating Jack "owns JBS" when he is, in fact, a 20% owner. See Opp. at 5-6. Not only does Hemmenway have a vested interest in JBS, but as of the most recent filing with the Texas Secretary of State (Texas Franchise Tax Public Information Report), Hemmenway remains the Director of JBS and its registered agent. Also of note, this report is signed by Mitchell Fontenote, the same accountant responsible for the "mistake" on Hemmenway's original 2008 tax filing. Ex. C.

superior access to information and the primary duty to ensure the accuracy of the financial statements could be held liable for misstatements.").

In his own affidavit, Hemmenway admits that he carries three check books with him, including one for the "Boat Account," the account from which the non-negotiated $150,000 check was written. Hemmenway also admits in his affidavit that he only "occasionally" writes checks in an amount of more than $100,000 and he simply "forgot" to file the tax return. See Opp. Ex. 2 at 2. Based on his standing within his own company and the control he admits to have over his own accounts, it is not plausible for Hemmenway to claim he did not notice a $150,000 check failed to clear in forgetting to file his return.

Further, Hemmenway invokes his signed authorization for release of tax transcripts as evidence that he had no knowledge of the falsity of his representation; however, the program did not receive properly filled out forms 4506 and 4506-T's until April 24, 2015, after Hemmenway had filed the 2008 amended return. Ex. D-1, D-2, *See* Motion, Ex. E.

   3. *Hemmenway intended to induce the DHECC to act in reliance on the information.*

Hemmenway's intent to induce the DHECC to act in reliance on his misrepresentation is clear from the record. When the DHECC awarded the first of Hemmenway's five claims using only 2009 as its benchmark year, Hemmenway specifically requested the DHECC to use 2007 through 2009 as its benchmark. When it was made known to Hemmenway that his 2008 tax returns did not coincide with his trip tickets, he promptly submitted an amended tax document. These actions show that Hemmenway intended to submit what was necessary to induce the DHECC to act in reliance upon his submissions.

   4. *The DHECC Justifiably Relied on Hemmenway's Representation*

7

Hemmenway concedes that the DHECC did, in fact, rely on the representations he made to the program; therefore, the DHECC will not address whether a reliance was made. However, Hemmenway asserts that the DHECC did not need to rely on whether the 2008 amended return "had been filed or paid, only that the information they contained was correct." See Opp. at 17. This assertion is incorrect. As set forth in the Settlement Agreement, Exhibit 10, ¶ IV.B.1.a., the claimant must provide documents sufficient to prove eligibility. Among the listed documents are trip tickets and tax returns. Hemmenway's 2008 Form 1040X was not a tax return, but the DHECC relied upon it as though it was, as the accountant review comments clearly state, "the total trip tickets for the combined vessels closely matches the Gross Receipts reported on the Sch C's for each year." See Ex. E at 2. This clearly reflects the information upon which the DHECC relied to determine Hemmenway's award.

### 5. *Damage Resulted from the Reliance*

Hemmenway contends that the Program suffered no damages because notwithstanding the submission of the purported amendment to the 2008 tax return, other documents submitted were allegedly sufficient to support and justify the award. However, the point is that had Hemmenway's fraud been discovered during the claims process, he would not have been paid anything.[4] *See* Motion for Repayment at 9 (Rec. Doc. 15431-1).

---

[4] Hemmenway argues that as his shrimp landing total is not in dispute, no damage occurred. This Court accepted a similar "no damage" argument in *Taylor*. Order & Reasons on Motion of the Special Master for Return of Payments Made to Jonathan Taylor and Others. However, the facts in *Taylor* make it clearly distinguishable from Hemmenway, and this Court's *Taylor* decision is inapposite here because the DHECC did not act on any fraudulent documents within the *Taylor* claim. Taylor merely sought relief for another individual, who was in fact eligible for that same amount. Hemmenway, though, caused a reliance on a false document, the 2008 1040X, only submitted to cover a $690,000 discrepancy between the original 2008 1040 and his shrimp landing totals. His false document would have rendered him, or anyone else, ineligible, unlike *Taylor*, wherein Doyle Taylor would have been fully eligible for the same award amount.

As the DHECC cited from *Hazel-Atlas* in its Motion for Repayment, the appropriate remedy is for the case to stand in the same position as though Hemmenway's fraud had been discovered during the claims process. *Id, Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 251 (1944). The damage to the program resulted from paying Hemmenway anything on his claim, as the fraudulent submission of an unfiled tax return would have formed the basis of a denial for fraud.

Moreover, Hemmenway attempts to minimize the damage element, suggesting that the DHECC's motion infers that Hemmenway created an "evil mastermind like scheme" to increase his award by $163,776.30. This Court has not been swayed by fractional arguments. Rather the Court has made clear that when the DHECC has shown, clearly and convincingly, that the award payment was almost entirely based on fraud, restitution is proper. See Order & Reasons on Motion of the Special Master for Return of Payments Made to Vision Design Management at 5 (Rec. Doc. 15744). Here, damage resulted from Hemmenway's false representations, as Hemmenway was provided with claims awards based on a fraudulent tax document.

### C.     Hemmenway is Not Entitled to Any Funds from the DHECC

Hemmenway suggests full restitution to be punitive in nature, a "death penalty," and therefore unwarranted. This Court, however, has already held that upon a finding of fraud, it is both reasonable and proper that the claimant make restitution for the funds that he received as a result of his fraudulent claim. See Order & Reasons on Special Master's Motion for Return of Payment Made to Jarrod A. Burrle at 5 (Rec. Doc. 14747), Thonn at 21-26, Alfonso at 9-10. Here, Hemmenway received $2,245,281.98 as a result of his fraudulent claim; he should be required to return this full amount.

9

As the Court has recognized many times, it is well-accepted that one who receives a judgment through fraud is bound to make restitution.  Zirlott, at 6, Restatement (Third) of Restitution and Unjust Enrichment § 13 (2011) ("A transfer induced by fraud or material misrepresentation is subject to rescission and restitution.  The transferee is liable in restitution as necessary to avoid unjust enrichment.")  Restitution here is both reasonable and proper.

D.      Conclusion

Hemmenway's misrepresentations to the DHECC defrauded and caused damage to a program set up to protect proceeds intended for those harmed by the spill.  This type of fraud against the DHECC cannot be tolerated.  *Hazel-Atlas*, at 246 (stating that "institutions set up to protect and safeguard the public [are] institutions in which fraud cannot complacently be tolerated consistently with the good order of society.").  The totality of the evidence shows that Hemmenway intended to cause the DHECC to rely upon his fraudulent submission of an unfiled tax return and that restitution should be ordered.  Hemmenway's actions and false representations rendered his claims fraudulent and requires judgment against him for full return of the funds paid to him by the DHECC.

The totality of the record shows that Hemmenway defrauded the DHECC, and the Claims Administrator is entitled to judgment as a matter of law. The Claims Administrator respectfully requests that the motion for repayment be granted.

                          Respectfully submitted,

                          Patrick A. Juneau
                          Claims Administrator
                          By:      /s/ Kevin Colomb
                          Kevin Colomb
                          Manager of Compliance and Internal Integrity

Dated:  April 13, 2016

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the above and foregoing motion and supporting documents have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and that a copy of the foregoing have been served this 13th day of April, 2016, by electronic mail, on the following:

   Brent W. Coon
   Brent Coon & Associates
   215 Orleans
   Beaumont, TX 77701
   *Attorneys for Jack Hemmenway*

         /s/Kevin Colomb
         Kevin Colomb

11