UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

In Re:  Oil Spill by the Oil Rig
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010                                            2:10 MDL NO. 2179

                                                                        SECTION J

Hume C. Coleman
Claim ID 352670
Claimant ID 100238437
                                                                        JUDGE BARBIER

        Claimant,
                                                                        MAG JUDGE SHUSAN

This Document Relates To:
12-970
_____/

## CLAIMANT HUME COLEMAN'S MOTION TO AMEND BUSINESS ECONOMIC LOSS CLAIM TO ADD ZONE A REAL PROPERTY CLAIM

   Claimant, Hume C. Coleman, Claim ID 352670 (Claimant ID 100238437) by and through his undersigned counsel and pursuant to Settlement Agreement, and Federal Rules of Civil Procedure 15, files this Motion to Amend his Business Economic Loss Claim to Add Zone A, Coastal Real Property Claim, and in support therefore would state as follows:

   1.   Claimant, Hume C. Coleman, Claim ID 352670 (Claimant ID 100238437), (hereinafter "Coleman") at all times material to the claim, owned with his brothers, Jason and Michael Coleman, a Gulf-front property that is in the Coastal Real Property Claim Zone A.  The claimant was authorized by his brothers

1

to file their claims for loss of rental income and diminished value of that same property as a result of the BP oil spill.

2. When the clerk assigned to this matter filed the claim, he registered and filed the claim for Coleman's Business Economic Loss ("BEL"), but failed to file a claim for the Zone A Coastal Real Property diminished value. When the client inquired concerning the status of his claims shortly after June 8, 2015 deadline for filing claims, the omission of the other claim was discovered.

3. When another clerk tried to amend the claim to include the Zone A Coastal Real Property claim there was no form or procedure available to do so. The clerk and undersigned then immediately started an inquiry to find out how to amend the claim to include this overlooked element of the claimant's loss.

4. All that is required to perfect a Coastal Real Property Claim is to give the address which automatically establishes that it is in Zone A and establish the claimant's ownership of the property. The tax records have been accepted as part of the BEL claim which show proof of ownership and the address of the property clearly indicated that address was in Zone A.

5. Although the undersigned attorney communicated with the DHECC for several months regarding how he could amend this claim, he was advised in late August 2015, that the appropriate action was to file a paper claim with the Claims Administrator. As a result, on August 21, 2015, a paper claim containing

the amendment was filed via certified mail with Patrick Juneau.  The letter and claim made it clear that the paper claim was simply an amendment of the prior claim to include a claim for the loss of value of the real estate as recognized in the Court Supervised Class Action Settlement Agreement.

6. However, while the claim that was filed by Coleman is in the Incompleteness Appeal Review process, the Claims Administrator has recently advised the undersigned that the diminished value issue is not covered by the Incompleteness process and that the only remedy is to seek permission from the court to amend the claim.

7. Coleman should be allowed to amend his claim to include the diminished value of the real estate as the failure to include the diminished value and loss of income as the result of this property being a Zone A Coastal Real Property, in with the original claim was clearly the result of excusable neglect and the Claims Administrator's application of the Claims Procedure to deny Coleman the right to amend his claim to include his other losses is a contrary to the spirit and intention of the Settlement Agreement and Federal law relating to liberality in allowing amendments to pleadings.

WHEREFORE , Hume C. Coleman requests this Court to grant this Motion for Amend his Claim to add his Zone A Coastal Real Property Claim to his

Business Economic Loss Claim, and or to treat the original claim as incomplete and to allow it to be processed with his original claim.

Respectfully Submitted.

                               **LYONS & FARRAR, P.A.**
                               Attorneys for Claimant

                                /s/ Douglas S. Lyons
                               **DOUGLAS S. LYONS**
                               Florida Bar No. 128277
                                1637 Metropolitan Blvd.
                               Ste. A-2
                               Tallahassee, Fl. 32308
                               (850) 222-8811
                               Primary:  dougl@lyonsandfarrar.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2016 a true and correct copy of the foregoing Claimant's Motion to Amend Zone A Coastal Real Property Claim was filed with the Clerk of the Panel via the JPML CM/ECF system, which will send notice of the same to all counsel of record.

                                /s/ Douglas S. Lyons
                               Douglas S. Lyons

\\SERVER\Common\DSL\1 - BP Oil Spill Litigation\! 1 - Clients\Coleman, Hume Clay\Real Property Claim\pleading\motion\motiontoamendtoadd coastalrealpropertyclaim.docx928