UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig ) | |
| "Deepwater Horizon" in the ) | MDL NO. 2179 |
| Gulf of Mexico, on April 20, 2010 ) | |
| ) | SECTION: J |
| This filing relates to: ) | |
| ) | JUDGE CARL J. BARBIER |
| 12-970, *Bon Secour Fisheries, Inc. et al.*) | |
| *v. BP Exploration Production Inc.;* ) | MAG JUDGE SALLY SHUSHAN |
| cases within Pleading Bundle B1 ) | |
| ) | |

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR ADDITIONAL TIME**</u>

I.   Introduction

On March 29, 2016 this Court issued P.T.O. 60 requiring all non-governmental economic loss and property damage claims to file individual lawsuits and to file sworn statements by May 2, 2016 William B. Price respectfully ("WBP") respectfully requests an additional fourteen (14) days, or another amount of time that the Court would otherwise deem reasonable, to comply with P.T.0. 60.

WBP is a sole practitioner and represents approximately 125 claimants that are not part of the DHECC who would apparently be subject to this order. This number is based on the out-put and excluded categories WBP is able to determine internally. If needed WBP's claimants are the only ones charged with filling individual lawsuits, it would be a monumental task in itself. However, WBP's clients are not the only ones affected by P.T.O. 60. According to the Courts order, **Magistrate Judge Shushan noted that there are an estimated 85,000 valid opt-out and excluded plaintiffs.**

WPB supports this Court's efforts to finally resolve the non-class cases; however, the time given to comply is simply too short in light of the current status of this litigation. Since the dissolution of the GCCF WBP has only been able to settle a mere handful of cases outside of the

1

DHECC out of several hundreds of claimants. BP clearly eschewed its responsibilities under the Oil pollution Act of 1990, 33 U.S.C. 3701 *et seq.* (OPA) by failing to pay claimants for OPA demands sent to them directly after the dissolution of the GCCF and the formation of the DHECC.

.

## II.     Argument

### A. Summary

There are number of procedural and logistical hurdles to clear in complying with P.T.O. 60. An outline of these issues is presented in this summary, and several of them are fleshed out to further below.

Procedural hurdles include:  (1) how newly filed cases in 2016 will be in compliance with OPA's three year statute of limitation; (2) how newly created cases can be transferred out of the Eastern District and/or remanded back to State Court if they did not originate in those courts; (3) P.T.O. 60 does not appear to make exception for claims currently before the DHECC; and (4) for states with a mechanism for dealing with mass joinder of claims claimants will simply have their claims unbundled up only to be re-bundled at a later date;.

Logistical hurdles include:  (1) the simple enormity of trying to settle and/or file new lawsuits for over one hundred of WBP clients and more than 85,000 total claims in less than a month; (2) sorting out which claims are actually subject to the order (i.e. whether they are opt-out or excluded from the class); (3) fighting inertia to get clients to understand the impact of their failure to act (by signing sworn statement) immediately after no action has been taken on their claims for years; (4) communicating with numerous clients regarding how to fill out the sworn statement with technical facts about their claims to be in compliance with P.T.O. 60; (5)   the logistics of filling numerous complaints via CM/ECF in a short time frame.

B. **Procedural Issues**

According to the Oil Pollution Act of 1990 "[n]o claim may be presented under this section for recovery of damages unless the claims is presented within 3 years after the date on which the injury and its connection with the discharge in question were reasonably discoverable with the exercise of due care."   33 U.S.C. 3701 §1012(h)(2).   Additionally, OPA allows "a claim presented in accordance with subsection (a) and (1) each person to whom the claim is presented denies all liability for the claim, or (2) the claim is not settled by an person by payment within 90 days after the date upon (A) the claim was presented…the claimant may elect to commence an action in court against the responsible party…" 33 U.S.C. 3701 §1013 (h)(c).

The 5th Circuit has further clarified this issue by ruling that a "Claimant Must Comply with Both the Presentment Requirement and the Three-Year Period of Limitations Under the OPA." *Chuc Nguyen et al. v. American Commercial Lines, L.L.C.,* 15-30070 at 13 (5th Cir. Oct. 8, 2015).  An "…action for damages is marred under the OPA unless it is brought: Within  3  years  after… [t]he date on which the loss and the connection of the loss with the discharge in question are reasonably discoverable with the discharge in question are reasonably discoverable with the exercise of due care…"  *Chuc Nguyen et al. v. American Commercial Lines, L.L.C.,* 15-30070  (5th Cir. Oct. 8, 2015) *(citing* 33 U.S.C. §2717(f)(1).

The filing of new complaints and subsequent dismissal timely filed "Mass Joinder" Lawsuits opens up the possible defense by BP that they would not otherwise have.  More importantly it opens up a defense that could potentially leave claimants with no remedy.

C. **Logistical Issues**

WBP has long supported the Court allowing opt-out and excluded claimants to move forward.   As such WBP applauds the Court for taking action on this matter; however, as currently drafted,

3

P.T.O. 60 appears to be just one more hurdle being put in place to prevent legitimate claims against BP to move forward. Had BP lived up to its obligations under OPA and resolved, or even made **ANY** effort to resolve, the excluded and opt-out claims not included in the class settlement over the last four years, then WBP and the Court would be left with a relative few remaining claims to sort out prior to the May 2 deadline. Instead, nearly all of the excluded and opt-out claims are forced to spring into action to comply.

Claimants with individual claims that will ultimately measure in the thousands or even hundreds of thousands of dollars will need to pay $400 to file an individual claim. It is very unlikely that many of the 85,000 claimants filed individual claims, and instead were short form joinder cases or mass joinder cases. As a result, if all 85,000 are unable to settle, P.T.O. 60 operates as tax of nearly $34,000,000 against the victims of the *Deepwater Horizon* Oil Spill.

The actual filing of the individual complaints with the CM/ECF system will result in a complete nightmare scenario if hundreds of law firms file tens of thousands of complaints in late April and the first two days of May. It is unknown whether the CM/ECF can even handle that kind of volume. P.T.O 60 requires "each such plaintiff" to file individual lawsuits meaning one Complaint per plaintiff. P.T.O. 60 makes exceptions for certain related parties, but does not appear to make an exception for all related parties. Specifically, there is no provision outlining a provision for related businesses. Examples include an owner with more than one business or a group of interrelated business. We respectfully request additional clarification on this issue compliance with the Court's order, but minimizing the need to separate and later combine related lawsuits.

In addition to filling an individual lawsuit, P.T.O. 60 mandates the filing of a Sworn Statement to be filed with PSC and with BP. The Form Sworn Statement found as Exhibit A to the P.T.O. 60 will confuse many Claimants. For businesses, it will be confusing as the lay plaintiff simply will not understand, much less know the answers required to fill out the form. The litany of

wholesale changes in this litigation is unprecedented and has resulted in a very confused client base. Simply put, most of our clients will not know the answers to technical questions such as whether they opted-out of the class or/are excluded (in fact, no one knows exactly because BP hasn't been forced to challenge this to date), how their case was filed (and more specifically what case number), and how and when presentment to communicate individually with hundreds of clients all this information in less than 30 days.

The CM/ECF system is the only method for filing the required individual complaints. It is unknown whether the system can handle the volume of fillings that is likely to come at the 11th hour, potentially 85,000 or more cases. A slowdown of the system is a virtual certainty, but it is unknown to what extent. For WBP, manually inputting approximately several hundred individual petitions will be virtually impossible with just one CM/ECF account in the Eastern District of Louisiana.

### D. Conclusion

Most of the cases the P.T.O. 60 applies to have been filed since 2013, but no action has taken place on them in the past 3 years. These claimants have been in limbo and will be difficult to corral on such short notice. WBP is a small firm and must manually search our database to complete most of the information required in the Sworn Statements, but to do the forms they must be mailed out to the clients. Many of these clients have moved or changed their phone numbers. It is expected that all of these forms will be mailed out this week. WBP also anticipates the filing of the first individual lawsuits as early as next week. This motion is not filed for delay, but so that justice may be done. WBP is working diligently to comply with P.T.O. 60 and requests some additional time to complete the required documentation and filing for our numerous clients.

Dated: April 15, 2016.

Respectfully submitted,

/s/ *William B. Price*

William B. Price
Florida Bar No. 28277
438 North Cove Blvd
Panama City FL 32401
Tel: 850-215-2195

*Attorney for WBP Clients*

# CERTIFICATE OF SERVICE

I certify that this document has been filed with the Clerk of the Court and served by ECF on April 15, 2016, upon:

<u>Attorneys for the Defendants</u>:

Richard C. Godfrey, P.C. J. Andrew Langan, P.C. Wendy L. Bloom
KIRKLAND & ELLIS LLP 300 North LaSalle Street Chicago, IL 60654
Telephone: 312-862-2000

Jeffrey Lennard
SNR Denton US LLP
233 South Wacker Drive Suite 7800
Chicago, IL 60606
Telephone: 312-876-8000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP 655 Fifteenth Street, N.W. Washington, DC 20005
Telephone: 202-879-5000

Don K. Haycraft
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000 New Orleans, LA 70139

Telephone: 504-581-7979

Attorneys for Class Plaintiffs:

Stephen Jay Herman
Soren E. Gisleson
HERMAN HERMAN & KATZ LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: 504-581-4892
Fax: 504-561-6024

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY & EDWARDS
556 Jefferson Street - Suite 500
Lafayette, LA 70501
Telephone: 337-233-3033
Fax: 337-233-2796

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 Battery Street - 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000
Fax: 415-956-1008

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF LAW
40 Washington Square, S. - Suite 41 1J
New York, NY 10012
Telephone: 212-998-6580
Fax: 212-995-4590

Respectfully submitted,

/s/ *William B. Price*

*Attorney for WBP Clients*