IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL NO. 2179 SECTION J |
| This document relates to: | § § § | JUDGE BARBIER |
| ALL CASES IN PLEADING BUNDLE B1 And All Civil Actions, including: 2:13cv976 (Anderson); 2:12cv529 (Agro); 2:13cv987 (Aufdencamp) | § § § § § | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME**

On March 29, 2016, this Court issued Pretrial Order 60, which requires all plaintiffs with claims in Pleading Bundle B1 to file individual lawsuits and sworn statements (signed by each plaintiff) by May 2, 2016. Weller, Green, Toups & Terrell, L.L.P., and its co-counsel, represent many plaintiffs ("Clients") that are subject to this order. We respectfully request an additional fourteen (14) days to comply with Pretrial Order 60.

**Arguments**

Enforcing the extraordinarily short deadline in Pretrial Order 60 will cause prejudice to our Clients, whose cases have remained stagnant for years. Logistical hurdles that Weller, Green, Toups & Terrell, L.L.P., and its co-counsel face include:

1. Determining which claims are subject to Pretrial Order 60 based on their status as opted out, revoked, or excluded claims;
2. Contacting plaintiffs who (1) may have let their contact information lapse while their case status has remained unchanged for years and (2) live in every geographical region of the United States and Mexico;
3. Mailing individual sworn statements to these Clients for their signature;
4. Communicating with the plaintiffs regarding whether they wish to continue to

          pursue their B1 claims and informing them of the filing requirements;
5.    Coordinating the return of sworn statements with each plaintiff's signature; and
6.    Actually filing the individual complaints and sworn statements along with their filing fees.

The attached Affidavit by Mitchell A. Toups, attorney for Clients, outlines the difficulties of compliance with Pretrial Order 60 and is submitted in support of this motion.

Enforcing the deadline in Pretrial Order 60 as it relates to our Clients would be unjust and would result in severe and permanent prejudice to legitimate victims of the Deepwater Horizon oil spill. While attorneys or firms representing five or ten plaintiffs may not encounter difficulty complying with the Order, the sheer number of our clients and the onerous requirement of having to obtain each client's signed sworn statement within a very abbreviated time frame make it very difficult, if not impossible, to comply with the Order by the May 2, 2016, deadline. After patiently waiting for years to have their claims considered, our Clients should not have their cases summarily dismissed for failing to meet an unreasonable deadline.

Furthermore, Defendants will suffer no prejudice if this Court extends the time for our Clients to file their individual complaints and sworn statements. B1 Pleading Bundle claims remain stayed by order of this Court, and this Court has not yet set deadlines for B1 pretrial matters or discovery. Accordingly, Defendants would not be prejudiced by the Court granting the requested extension.

## Conclusion

As set forth above, we and our Clients face significant difficulties in attempting to comply with Pretrial Order 60. Thus, we respectfully request additional time to comply with the Order so that our Clients' meritorious and long pending claims can be considered on their merits and not dismissed for failing to meet an unrealistic procedural deadline.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL, L.L.P.**
P.O. Box 350
Beaumont, Texas 77704-0350
(409) 838-0101/Telecopier: (409) 832-8577


BY: /s/ Mitchell A. Toups
**MITCHELL A. TOUPS**
**STATE BAR NO. 20151600**

**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Extension of Time was served on all counsel via this Court's ECF system on April 19, 2016.

/s/ Mitchell A. Toups
**MITCHELL A. TOUPS**