IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br><br>ALL CASES IN PLEADING BUNDLE B1<br>And All Civil Actions, including:<br>2:13cv1057 (Barfield); 2:13cv1082 (Ardoin)<br>2:12cv349 (Bernard); 2:13cv982 (Bailey) | § § § § § § § § | JUDGE BARBIER<br><br><br><br>MAG. JUDGE SHUSHAN |

## DECLARATION OF MITCHELL A. TOUPS

I, Mitchell A. Toups, hereby declare as follows:

1. I am an attorney in good standing and admitted in the United States District Court for the Eastern District of Louisiana. I am a partner in Weller, Green, Toups & Terrell, L.L.P. Along with my co-counsel, I represent many plaintiffs (the "Clients") who either opted out or were excluded from the court-supervised settlement programs and filed suit in MDL 2179 for economic damages resulting from the Deepwater Horizon oil spill in the Gulf of Mexico on April 20, 2010. Between my law firm and my co-counsel's law firms, we employ full time attorneys and non-attorney legal personnel devoted to assisting these clients.

2. This affidavit is offered in support of a motion to extend the time in which our Clients have to comply with Pretrial Order 60 dated March 29, 2016.

3. It has been nearly six years since the BP Oil disaster. Our clients' claims and lawsuits were filed three to five years ago. Our clients have patiently waited for their claims to be resolved. Pretrial Order 60 threatens the dismissal of our Clients' cases with prejudice, if they do not respond with a completed verification and separately filed lawsuit within 30 days of the date of Pretrial Order 60. As set forth below, this strict deadline threatens the due process rights of many individuals who have met every normal requirement to pursue their legitimate rights to litigate outside the class settlement.

4. Coordinating the return of documents from Clients in is quite difficult. When we send documents to our clients for execution, they typically return those documents by mail.

This process can take several weeks and, in many cases, up to ninety (90) days or more. Most of our clients do not have access to email.

5. Additionally, many of our Clients frequently change their residence. Because the status of the B1 Pleading Bundle's claims has remained unchanged for quite some time, our Clients do not always immediately update us with their new addresses or telephone numbers. But returned mail – which alerts us that our Clients' addresses have changed – will typically reach us in approximately 30 days. If any of our Clients have moved, we will receive notice of their change of address much too late to coordinate compliance with Pretrial Order 60 by May 2, 2016.

6. Obtaining a sworn statement signed by each Client in 34 days is unduly burdensome for our firms considering the number of Clients that we represent and the logistics of contacting them. Enforcing this deadline and dismissing cases with prejudice will be devastating to Clients who have valid claims that were not adequately addressed by the class settlement.

7. A fourteen day extension would allow us to represent our Clients by contacting them, speaking to them, and coordinating their filing requirements before the deadline.

8. I declare under the penalty of perjury that to the best of my knowledge, the foregoing is true and accurate.

DATED THIS 19th DAY OF APRIL, 2016.

_____
Mitchell A. Toups