UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| These Pleadings apply to: *Claims in "B1" Bundle* | JUDGE BARBIER |
| These Pleadings apply to: No. 2:13-cv-1439 | MAGISTRATE SHUSHAN |

| | |
|---|---|
| JENSEN BEACH MARKETING, INC., A FLORIDA CORPORATION, ET AL.,     Plaintiffs, | CIVIL ACTION 2:13-cv-1439 |
| | SECTION: J |
| v. | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION INC.; BP AMERICA PRODUCTION COMPANY; BP p.l.c.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN HOLDINGS, LLC; and HALLIBURTON ENERGY SERVICES, INC.,     Defendants. | MAGISTRATE SHUSHAN |
| | Request for Oral Argument |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO COMPLY WITH PRETRIAL ORDER 60**

**COME NOW** the opt-out and excluded Plaintiffs jointly represented by the law firms of Howard & Associates, Attorneys at Law, P.A., Lyons and Farrar, P.A., and Samuel T. Adams (Plaintiffs' Counsel), and submit this memorandum in support of Plaintiffs' motion for extension of time to comply with Pretrial Order 60.

I.    **History of the Litigation**.

On August 10, 2010, the JPML created MDL 2179 (Rec. Doc. 1), and the Honorable Carl

J. Barbier was designated as presiding judge. Judge Barbier then created a Plaintiffs Steering Committee (PSC) by order dated October 8, 2010 (Rec. Doc.506), which imposed the following responsibilities, inter alia, on the PSC:

> Act as spokesman for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.
>
> Negotiate and enter into stipulations with Defendants regarding this litigation.
>
> Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.
>
> Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing subcommittees or workgroups comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

On December 15, 2010, the PSC filed a "**Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 (CMO No. 1) Section III(B1) ["B1 Bundle"]**" (Rec. Doc. 879) ("Master Complaint"), in behalf of "Claimants, individuals and/or entities who have suffered property losses, economic damages, and/or other costs (including removal costs) as a result of the oil spill by the oil rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010".

The PSC negotiated an amended settlement agreement (Rec. Doc. 6430-1) (ASA) with BP dated May 2, 2012, preliminarily approved by the court on May 2, 2012 (the "Settlement") (Rec. Doc. 6418), which established an opt-out deadline of October 1, 2012. On August 27, 2012, the court entered an order (Rec. Doc. 7176) extending the opt-out deadline to November 1, 2012. The court granted final approval of the ASA on December 21, 2012 (Rec. Doc. 8138). The ASA eliminated tens of thousands of Claimants defined in the Master Complaint. Together with the opt-outs from the Settlement, the number of claimants excluded from the Settlement is now known to be approximately 85,000 individuals and entities who have filed claims outside

the Settlement.

Plaintiffs' Counsel could not know which of the claimants it represented would be excluded from the Settlement or should be opted-out of the Settlement until counsel reviewed and tried to gain an understanding of the ASA (over 1,000 pages).   Following this analysis, Plaintiffs' Counsel struggled to comply with the opt-out deadline while making OPA presentment of excluded and opted-out claims (collectively "Excludeds") and filing claims for non-Excludeds in the Transition Process and the DHECC.   Despite repeated requests, the DHECC has not identified those claimants on Plaintiffs' Counsel's opt-out list that the CSSP considers to be validly opted-out of the Settlement.

Following approval of the ASA by the court, BP began to manifest the attitude that it was in the catbird seat in regard to Excludeds, and, as evidenced by the minute number of claims paid by the BP claims program compared to the claims presented, BP ceased to engage in good faith settlement efforts after the ASA became effectie.   BP abruptly ended its claims program in June of 2014.

On April 19, 2013, Plaintiffs' Counsel filed a "**Complaint for Private Economic Losses of the Named Individuals and Entities Which Have Opted Out of the Amended Deepwater Horizon Economic and Property Damages Settlement Agreement (Rec. Doc. 6430-1) and of the Named Individuals and Entities Whose Claims Are Excluded (Either Explicitly or Implicitly) from the Amended Deepwater Horizon Economic and Property Damages Settlement Agreement**" (Rec. Doc 1 in 2:13-cv-01439-(CJB-SS) in behalf of 1,030 Excludeds. These Claimants are the Plaintiffs in this cause and are included in what the court has referred to as part of a "mass joinder" lawsuit.   The claims of these Plaintiffs were stayed by the court, and no activity took place on the claims for thirty-five months.   During that thirty-five month

period, many Plaintiffs lost hope that their claim would ever be heard by a court, and they moved from their original addresses, or relocated to other cities and states, or otherwise changed contact information without notifying Plaintiffs' Counsel.

Following approval of the ASA, Plaintiffs' Counsel continued to harbor hope that the PSC would honor its responsibilities to Plaintiffs under the Court's order of October 8, 2010, and recognize an obligation to protect the best interests of "*individuals and/or entities who have suffered property losses, economic damages, and/or other costs (including removal costs) as a result of the oil spill by the oil rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010*", defined as plaintiffs in the Master Complaint, by attempting to negotiate with BP to resolve the claims of Excludeds, or at least not oppose another MDL to include the tens of thousands of Excludeds who have suffered property losses, economic damages, and/or other costs as a result of the oil spill.   However, this was not the case.   The PSC has not only ignored the claims of the Excludeds, but vigorously opposed the creation of another MDL to address the claims of the Excludeds on grounds that a new MDL for opt outs would result in duplicative discovery and pretrial motion practice and other redundant pretrial proceedings, and would require a review of the filings of tens of thousands of plaintiffs in MDL No. 2179 to determine which of those plaintiffs had opted out of the settlement.   Documentation of the opt outs in 2179 is, or should be, in the possession of the CSSP.   Since approval of the ASA, the PSC has engaged in no discernable efforts to assist in resolving the claims of the Excludeds, and the Excludeds have been left on their own to individually litigate their claims.

On March 29, 2016, the court entered Pretrial Order 60 ("PTO 60") (Rec. Doc. 16050) requiring Plaintiffs' Counsel on or before May 2, 2016, to prepare and file 1,033 separate complaints, each accompanied by a detailed, individualized affidavit signed by the Plaintiff and a

$400 filing fee.   Since entry of PTO 60, Plaintiffs' Counsel have devoted their resources and best efforts to contact the Plaintiffs and comply with PTO 60.   Despite these efforts, it has become apparent that it is not possible within the time allotted by the court for Plaintiffs' Counsel to hire and train sufficient staff to locate, contact and interview over 1,000 Plaintiffs, prepare over 1,000 complaints and individualized sworn statements, obtain the Plaintiffs' signatures on those statements, and file and serve over 1,000 complaints with the sworn statements attached, on or before May 2, 2016, to prevent Plaintiffs claims from being "…deemed dismissed with prejudice without further notice" under Paragraph 6.B.(ii) of PTO 60. If Plaintiffs' Counsel represented only 100 Plaintiffs, compliance with the onerous requirements of PTO 60 to prevent the loss of Plaintiffs' claims and legal rights would reasonably require several months, not thirty-three days.   In addition, PTO 60 has stimulated interest in resolving the Plaintiffs' excluded claims without continuing the litigation.   The time period afforded by PTO 60 does not allow Plaintiffs' Counsel sufficient time to explore these alternatives in consultation with the Plaintiffs.   On April 15, 2016, the court entered a companion order to PTO 60 which stays for an indefinite period all cases filed pursuant to PTO 60 (Rec. Doc. 16225).

II.     **Argument and Authorities**.

      In *Eldridge v. Block*, the Court stated:

"…i*t was an abuse of discretion for the district court to deny a request for an extension of time where hardship in complying with the original deadline is explained by the plaintiff and clearly constitutes just cause for awarding the extension.*" 832 F.2d 1132, 1136 (9th Cir. 1987), citing *Hamm v. Smith*, 653 F.2d 628, 631 (D.C.Cir. 1981).

In *Eldridge*, the appellate court ruled that the district court abused its discretion in denying an inmate an extension of time in which to file an amended complaint due to the inmate's inability

to comply with a procedural order of the court due to inaccessibility of the necessary legal materials.   The *Eldridge*, court further stated:

> "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.   This court reviews a district court's decision to dismiss an action for failure to file an amended complaint in a timely manner for abuse of discretion."  *Nevijel v. North Coast Life Insurance Company*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Herrmann*, 614 F.2d. 1221, 1224 (9th Cir. 1980).   The trial court's dismissal should not be disturbed unless there is a "'a definite and firm conviction that the court below committed a clear error in judgment in the conclusion it reached upon weighing of the relevant factors.'" *Schmidt* 614 F.2d. at 1224 (quoting *Anderson v. Air West, Inc.*, 542 F.2d. 522, 524 (9th Cir. 1976)).   Here, the district court did abuse its discretion…." Id. at 1136.

In *Eldridge*, the circuit court also discussed a pro se defendant's constitutional right of access to the courts, citing *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1492, 52 L.Ed.2d 72 (1977). *Id*. at 1138.   The Plaintiffs in this case surely have as great a constitutional right of access to the courts and due process as an inmate.   The Eldridge court also noted that the district court's refusal of Eldridge's timely request for extension of time in which to file an amended complaint was an abuse of its discretion and inconsistent with the spirit of the Federal Rules, citing *Foman v. Davis*, 371 U. S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 227 (1962).   *Id*. at 1138.

Discussion of abuse of judicial discretion in denying a motion for extension of time is often found in forfeiture cases, but the legal principles expressed in those cases apply generally. The absence of a showing of prejudice to the opposing party by the granting of an extension of time is an important element in determining whether there has been an abuse of discretion.   *U. S. v. All Funds on Deposit at: Citigroup Smith Barney Account No. 600-00338 Held in the Name of Kobi Alexander and Citigroup Smith Barney Account No. 600-27694 Held in the name of Kobi J. Alexander*, 617 F.Supp.2d 103, 114; *U. S. v. ONE (1) 1979 Mercedes 450 SE Vehicle ID No.*

*116032-12-081839 License No. MKS 706*, 651 F.Supp. 351 (S.D.Fla. 1987).   In the present case, the court's automatic indefinite stay of all cases filed pursuant to PTO 60, including a stay of issuance of a summons, the time limit for serving a summons and complaint, and responsive pleadings by any defendant, demonstrates the lack of prejudice to the defendants.

In *U. S. v. U. S. Currency in the Amount of $103,387.27 v. Stamp, et al., v. United States Marshal Service*, 863 F.2d 555 (7th Cir. 1988), the appellate court reversed the decision of the district court denying claimants an extension of time to file an amended claim of ownership stating:

> *"Under the abuse of discretion standard, the proper inquiry is not how the reviewing court would have ruled if it had been considering a case in the first place, but rather, whether any reasonable person could agree with the district court."* Citing *Deitchman v. E.R. Squibb and Sons, Inc.,* 740 F.2d 556, 563 (7th Cir. 1984).   *Id*. at 561.

The appellate court also found that the district court's "…'abuse of discretion' was limited to its failure to consider some essential factors in its decision to deny claimants an extension of time to file an amended claim of ownership."   *Id*. at 561.   Citing *U. S. v. One (1) 1979 Mercedes 450 SE Vehicle, supra*, the appellate court found that the district court had abused its discretion by failure to consider whether the adverse party would be prejudiced by allowing the late filing. *Id*. at 561.

Another important decision relating to abuse of discretion in construing the Federal Rules of Civil Procedure is *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).   In that decision, the Supreme Court reversed a decision of the First Circuit which held that notice of appeal from a judgment was premature because the petitioner had pending motions to vacate the judgment and to amend the complaint which had not been ruled on at the time the notice of appeal of the judgment was filed.   After the notice of appeal was filed, the district court denied

petitioner's motions to vacate the judgment and to amend the complaint, and petitioner filed a notice of appeal from denial of those motions. Under a technical application of the Federal Rules of Civil Procedure, the circuit court affirmed the district court's dismissal of the initial appeal of the judgment and held that the second notice of appeal of the district court's denial of petitioner's motion to vacate the judgment and amend the complaint was ineffective to review the original judgment because the petitioner's notice of appeal failed to specify that the appeal was also being taken from the original judgment. The Supreme Court rejected the circuit court's narrow interpretation of the pleadings and the Rules of Civil Procedure, stating:

> *"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one missed step by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' (*Citing <u>Conley v. Gibson</u>, 355 U. S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80.) *The rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action'. Rule 1" Id.* at 181, 182.

Enforcement of the time constraints for pleading under PTO 60 will not be instrumental in securing the just, speedy and inexpensive determination of every action, as set forth in Rule 1 of the Federal Rules of Civil Procedure. Rather, application of such impossible time constraints will undoubtedly result in the unnecessary expenditure of court resources and the financial resources of many plaintiffs by the filing of unnecessary complaints, will unreasonably deprive many plaintiffs of their constitutional right of access to the courts based on technicalities which are an abuse of judicial discretion, and will generate a cornucopia of unnecessary appellate proceedings, all of which could be avoided by affording plaintiffs and their legal counsel reasonable and adequate opportunity to prepare and file their individual claims with the court or

to resolve their claims without continuing litigation.

Defects in the Settlement Agreement negotiated by the PSC which have all but gridlocked the Settlement Program are not the fault of the Excludeds, and the loss of Plaintiffs' claims should not be "collateral damage" of these defects.

**WHEREFORE**, Plaintiffs move the court for an order extending the time for compliance with Pretrial Order 60 for a period of ninety (90) days or such other period of time as is adequate and reasonable under the circumstances.

**RESPECTFULLY SUBMITTED**,

/s/Professor P. Tim Howard
Professor P. Tim Howard
Howard & Associates, Attorneys at Law, P.A.
2120 Killarney Way, Ste. 125
Tallahassee, Florida 32309
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
tim@howardjustice.com

/s/ Douglas S. Lyons
Douglas S. Lyons
Lyons and Farrar, P.A.
1637 Metropolitan Blvd., Suite A-2
Tallahassee, FL   32308
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
Florida Bar No. 128277
doug.lyons@lyonsandfarrar.com

/s/Samuel T. Adams
Samuel T. Adams
Post Office Box 8420
Panama City, Florida 32409
(850) 785-3469 - telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com

**Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Motion for Extension of Time to Comply with Pretrial Order 60 has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 20th day of April, 2016.

                /S/Samuel T. Adams
                Samuel T. Adams

**Attorneys for the Defendants**:

Richard C. Godfrey
P.C. J. Andrew Langan, P.C.
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: 312-862-2000

Jeffrey Lennard
SNR Denton US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606
Telephone: 312-876-8000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: 202-879-500
Don K. Haycraft
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: 504-581-7979

**Attorneys for Class Plaintiffs**:

Stephen Jay Herman
Soren E. Gisleson
HERMAN HERMAN & KATZ LLP

820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: 504-581-4892
Fax: 504-561-6024

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY & EDWARDS
556 Jefferson Street - Suite 500
Lafayette, LA 70501
Telephone: 337-233-3033
Fax: 337-233-2796

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 Battery Street - 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000
Fax: 415-956-1008

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF LAW
40 Washington Square, S. - Suite 41 1J
New York, NY 10012
Telephone: 212-998-6580
Fax: 212-995-4590