UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig                      MDL NO. 2179
   "Deepwater Horizon" in the Gulf
   of Mexico, on April 20, 2010                SECTION J

Applies to: No. 12-970                            JUDGE BARBIER
                                                              MAGISTRATE JUDGE SHUSHAN

**ORDER & REASONS**
**[As to the Requests for Discretionary Review by Claimants Kevin S. Smith, Solomon J. Fleischman, and John C. Kelly; on Remand from the Court of Appeals]**

Before the Court are matters remanded from the Court of Appeals, namely, requests for discretionary review by claimants Kevin Smith, Solomon Fleischman, and John Kelly (collectively, "Claimants"). *See In re Deepwater Horizon*, 632 F. App'x 199 (5th Cir. 2015) (unpublished per curiam). This Order assumes the reader's familiarity with Multidistrict Litigation No. 2179, the *Deepwater Horizon* Economic and Property Damages Settlement ("Settlement"), the Court-Supervised Settlement Program ("Settlement Program" or "Program"), etc.

Claimants are each co-owners and officers of Fleischman & Garcia Architects, an architecture firm ("the Firm"). Solomon Fleischman filed on behalf of the Firm a claim with the Settlement Program that sought compensation under the Settlement's Business Economic Loss ("BEL") framework. Each of the Claimants also submitted claims with the Settlement Program under the Individual Economic Loss ("IEL") framework. The Settlement Program found the Firm's BEL claim eligible for compensation and awarded it a substantial amount. The Program denied the Claimants' IEL claims, however. Denial notices from the Program stated, "Our records reflect that you submitted an Economic Loss claim for your business in addition to this Individual Economic Loss claim. You cannot recover employment losses from a job at a business for which you have submitted an Economic Loss Claim." After exhausting preliminary steps, the Claimants

appealed to Appeal Panels established by the Settlement, which upheld the denials.  The Appeal Panels concluded that denying the IEL claims was necessary to prevent a double recovery, since owner/officer compensation was treated as a fixed, as opposed to variable, cost in the course of calculating the Firm's claim under the BEL framework.  Claimants then requested that this Court exercise its discretion under the Settlement to review their claims; the Court denied those requests.[1]  Claimants then appealed to the Fifth Circuit Court of Appeals, which held that this Court abused its discretion when it denied the requests for discretionary review.  *Id.* at 204.  The Circuit noted that the Settlement's Appeal Panels were divided on the issue raised by the Claimants and further reasoned that "the question of contract interpretation presented in these appeals would be best addressed first by the district court charged with administering the [Settlement] Agreement." *Id*.  Accordingly, the Circuit vacated the denial of the requests for discretionary review and remanded the claims to this Court for further proceedings.

Pursuant to the Fifth Circuit's instruction, this Court hereby grants Claimants' requests for discretionary review.  However, after revisiting the record in this matter, as well as the briefs submitted to the Fifth Circuit, the Court concludes that the Appeal Panels' decisions were correct.

As one of the Appeal Panels observed, Claimants make a strong argument that their claims are compensable under the IEL framework.  However, the Court finds BP's contentions more persuasive.  The Settlement Program treated the Claimants' owner/officer compensation as "fixed costs" under the BEL framework.[2]  Because owner/officer compensation was treated as a fixed cost based on pre-spill wages, the Firm is paid as if there was no reduction in owner/officer

---

[1]  Section 6.6 of the Settlement provides the Court with "the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement.  Upon reviewing such a determination, the Court shall treat the Appeal determination as if it were a recommendation by a Magistrate Judge."

[2]  To the extent Claimants challenge the decision to treat owner/officer compensation as a fixed cost, rather than a variable cost, the Court concludes it was a proper interpretation and application of the Settlement.

compensation during the post-spill period, and the BEL award to the Firm is therefore higher than it would have been if the cost-savings in owner/officer compensation had been treated as a variable cost.[3] Thus, the Firm benefitted from this classification. Even if this additional compensation to the Firm is not passed directly to the Claimants, Claimants, as owners of the Firm, still benefit from the increased value to the business. Because the Settlement's BEL framework has inherently compensated the Firm for the reduced owner/officer compensation, permitting the Claimants to recover for the same losses under the IEL framework would constitute a double recovery.

Claimants argue that if their claims had been processed and paid under the IEL framework, their awards would have been greater than the benefit the Firm received by considering owner/officer compensation as a fixed cost under the BEL framework. Be that as it may, it does not change the fact that the Settlement Program has compensated these losses under the BEL framework. Furthermore, the Court does not read the Settlement as permitting Claimants to choose to have owner/officer compensation reclassified as a variable cost under the BEL framework or to have their IEL claim awards set off by the amount of compensation the Firm received from having owner/officer compensation calculated as a fixed cost, as Claimants propose. The Court concludes that the Appeal Panels' interpretation and application of the Settlement to these claims, under these circumstances, was correct.

For these reasons,

IT IS ORDERED that the Claimants' request for discretionary review is GRANTED.

IT IS FURTHER ORDERED that the Settlement Appeal Panels' decisions relative to Kevin Smith (Claim ID 143632), Solomon Fleischman (Claim ID 141390), and John Kelly (Claim ID 141567) are AFFIRMED.

---

[3] Indeed, Claimants concede that the Settlement award to the Firm was higher than it would have been if Claimants' salaries had been treated as a variable cost. *See* Smith & Fleischman Appellate Br. at 16-17.

New Orleans, Louisiana, this 25th day of April 2016.

$\underline{\hspace{3in}}$
United States District Court

**Clerk to Notify the Settlement Appeals Coordinator (AppealsCoordinator@dhecc.com)**