UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| This filing relates to: | |
| | JUDGE CARL J. BARBIER |
| 12-970, *Bon Secour Fisheries, Inc. et al.* v. *BP Exploration Production Inc.*; cases within Pleading Bundle B1 | MAG JUDGE SALLY SHUSHAN |
| and All Actions, including Civil Actions 12-2953, 12-964 and 10-2771 | Oral Argument Requested |

## MEMORANDUM IN SUPPORT OF MOTION FOR ADDITIONAL TIME

### I.   Introduction

On March 29, 2016 this Court issued P.T.O. 60 requiring all non-governmental economic loss and property damage claims to file individual lawsuits and to file sworn statements by May 2, 2016.[1] Class Members represented by Robert A McAllister Jr. & Associates P.C. (RAM Clients and RAM Firm) respectfully requests an additional fourteen (14) days, or another amount of time that the Court would otherwise deem reasonable, to comply with P.T.O. 60 for its clients and associated counsel.

Robert A McAllister Jr. & Associates P.C. has approximately 300 claimants that are not part of the DHECC who would apparently be subject to this order. RAM supports this Court's efforts to finally resolve the non-class cases; however, the time given to comply is simply too short in light of the current status of this litigation. BP clearly eschewed its responsibilities under the Oil Pollution Act of 1990, 33 U.S.C. 3701 *et seq.* (OPA) by failing to pay claimants for OPA

# EXHIBIT "A"

---

[1] Rec. Doc. 16050

1

demands sent to them directly after the dissolution of the GCCF and the formation of the DHECC.

## II. Argument

There are number of procedural and logistical hurdles to clear in complying with P.T.O. 60. Procedural hurdles include: (1) how newly filed cases in 2016 will be in compliance with OPA's three year statute of limitation; (2) how newly created cases can be transferred out of the Eastern District and/or remanded back to State Court if they did not originate in those courts; (3) P.T.O. 60 does not appear to make exception for claims currently before the DHECC; and (4) for states with a mechanism for dealing with mass joinder of claims (such as Texas) claimants will simply have their claims unbundled up only to be re-bundled at a later date;.

Logistical hurdles include: (1) the simple enormity of trying to file new lawsuits for 300 RAM clients in less than a month; (2) sorting out which claims are actually subject to the order (i.e. whether they are opt-out or excluded from the class); (3) fighting inertia to get clients to understand the impact of their failure to act (by signing sworn statement) immediately after no action has been taken on their claims for years; (4) communicating with hundreds of clients regarding how to fill out the sworn statement with technical facts about their claims to be in compliance with P.T.O. 60; (5) the logistics of filing thousands of complaints via CM/ECF in a short time frame.

According to the Oil Pollution Act of 1990 states that "[n]o claim may be presented under this section for recovery of damages unless the claims is presented within 3 years after the date on which the injury and its connection with the discharge in question were reasonably discoverable with the exercise of due care." 33 U.S.C. 3701 §1012(h)(2). Additionally, OPA allows "a claim presented in accordance with subsection (a) and (1) each person to whom the claim is presented denies all liability for the claim, or (2) the claim is not settled by an person by payment within 90

days after the date upon (A) the claim was presented…the claimant may elect to commence an action in court against the responsible party…" 33 U.S.C. 3701 §1013 (h)(c).

The 5th Circuit has further clarified this issue by ruling that a "Claimant Must Comply with Both the Presentment Requirement and the Three-Year Period of Limitations Under the OPA." *Chuc Nguyen et al. v. American Commercial Lines, L.L.C.*, 15-30070 at 13 (5th Cir. Oct. 8, 2015). An "…action for damages is marred under the OPA unless it is brought: Within 3 years after… [t]he date on which the loss and the connection of the loss with the discharge in question are reasonably discoverable with the discharge in question are reasonably discoverable with the exercise of due care…" *Chuc Nguyen et al. v. American Commercial Lines, L.L.C.*, 15-30070 (5th Cir. Oct. 8, 2015) *(citing* 33 U.S.C. §2717(f)(1).

Claimants with individual claims that will ultimately measure in the thousands or even hundreds of thousands of dollars will need to pay $400 to file an individual claim. It is very unlikely that many of the 85,000 claimants filed individual claims, and instead were short form joinder cases or mass joinder cases.

P.T.O 60 requires "each such plaintiff" to file an individual lawsuit meaning one Complaint per plaintiff. P.T.O. 60 makes exceptions for certain related parties, but does not appear to make an exception for all related parties. Specifically, there is no provision outlining a provision for related businesses. Examples include an owner with more than one business or a group of interrelated business. We respectfully request additional clarification on this issue to insure compliance with the Courts order, but minimizing the need to separate and later combine related lawsuits.

Most of the cases the P.T.O. 60 apparently applies to, have been filed since 2013, but no action has taken place on them in the past three years. These claimants have been in limbo and will be difficult to corral on such short notice. Most of the RAM clients are shrimpers and shrimp boat

3

owners and are at sea and many are not scheduled to return for 30 days. Many have moved addresses or changed phone numbers in the last 6 years. Additional time is requested to locate these clients and get the proper paperwork on file.

### III. Conclusion

We appeal to the Court for an extension of the time to file individual lawsuits and claims documents pursuant to order P.T.O. 60 in order to give time to counsel to find these clients and avoid the likely denial of many clients' rights under OPA as well as right to trial by jury as required by the United States.

Dated: 4/25/16

Respectfully submitted,
/s/ Robert A. McAllister Jr.
Robert A. McAllister Jr.
Federal Bar No. 6983
SBOT No. 13320700
6200 Savoy Ste 310
Houston, Texas 77036
Tel.: (713) 776-0900
Fax: (713) 776-1414
*Attorney for RAM Clients*

### CERTIFICATE OF SERVICE

I certify that this document has been filed with the Clerk of the Court and served by ECF on 4/25/16, upon:

Attorneys for the Defendants:

Richard C. Godfrey, P.C. J. Andrew Langan, P.C. Wendy L. Bloom
KIRKLAND & ELLIS LLP 300 North LaSalle Street Chicago, IL 60654
Telephone: 312-862-2000

Jeffrey Lennard
SNR Denton US LLP
233 South Wacker Drive Suite 7800
Chicago, IL 60606
Telephone: 312-876-8000

4

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP 655 Fifteenth
Street, N.W. Washington, DC 20005
Telephone: 202-879-5000

Don K. Haycraft
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000 New Orleans,
LA 70139
Telephone: 504-581-7979

Attorneys for Class Plaintiffs:

Stephen Jay Herman
Soren E. Gisleson
HERMAN HERMAN & KATZ LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: 504-581-4892
Fax: 504-561-6024

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY & EDWARDS
556 Jefferson Street - Suite 500
Lafayette, LA 70501
Telephone: 337-233-3033
Fax: 337-233-2796

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 Battery Street - 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000
Fax: 415-956-1008

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF LAW
40 Washington Square, S. - Suite 41 1J
New York, NY 10012
Telephone: 212-998-6580
Fax: 212-995-4590

                                               Respectfully submitted,
                                               /s/ Robert A. McAllister Jr.
                                               *Attorney for RAM Clients*