UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| | * | |
| This Document Relates To: | * | JUDGE BARBIER |
| | * | MAGISTRATE JUDGE SHUSHAN |
| 10-8888, Short Form Joinder & Docket | * | |
| Nos. represented by Motley Rice LLC | * | |
| shown on Exhibits A & B attached | * | |
| hereto | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSON OF TIME**

Plaintiffs[1] represented by the law firm of Motley Rice LLC ("Motley Rice"), by and through their attorneys, respectfully submit this Memorandum in Support of their Motion for Extension of Time.  On behalf of these plaintiffs, Motley Rice requests an additional fourteen (14) days to comply with Pretrial Order No. 60, Rec. Doc. 16050 ("PTO 60").  This modest extension of time, which would allow through May 16, 2016 to comply with PTO 60, is warranted under the circumstances.

   I.   **Background**

PTO 60 applies to "all plaintiffs who have timely filed a claim in the B1 pleading bundle and who **have not** released their claim(s) to date."  Rec. Doc. 16050 at 2 (emphasis in original). The Order requires that all such plaintiffs who have already filed individual lawsuits also file a sworn statement with the Court.  *See id.* at 3.  Plaintiffs who filed a short form joinder into the B1

---

[1] This Memorandum and its associated Motion is intended to apply to all clients represented by Motley Rice LLC and their co-counsel who timely filed Short Form Joinders joining the B1 Master Complaint that has now been dismissed pursuant to PTO No. 60, as well as those with pending separately-filed lawsuits, including but not limited to those listed on attached Exhibits A & B.

1

Master Complaint must file both an individual lawsuit and a sworn statement.  *See id.* at 3-4.  Under PTO 60, plaintiffs who fail to comply with these requirements will have their claims deemed dismissed with prejudice.  *See id.* at 4.

At the same time, PTO 60 makes clear that the provisions of earlier pretrial orders "staying individual petitions or complaints that fall within pleading bundle B1, whether pre-existing or filed hereafter, remain in effect until further order of the Court."  *Id.* at 5.

Motely Rice and its co-counsel represent a number of plaintiffs who have on file individual lawsuits asserting claims for private economic losses and/or property damage, as well as a number of plaintiffs who filed short form joiners in the B1 Master Complaint.

**II.     Argument**

There are a number of logistical hurdles to overcome in complying with PTO 60, and plaintiffs, whose cases have been stayed for years, face difficulties with a sudden, case-dispositive deadline.  Plaintiffs will need to provide detailed information to comply with PTO 60, and Motley Rice will need to communicate and coordinate with them to ensure the necessary steps are taken.  Moreover, it may be difficult for many plaintiffs to understand why, if they complied with all requirements of the Federal Rules of Civil Procedure and the MDL procedures in place when their actions were filed, and while their cases remain stayed, they nevertheless must urgently comply with new requirements or face dismissal of their claims.  Further, not only these plaintiffs, but thousands of other people and businesses will be seeking to file pleadings and sworn statements required by PTO 60 in a short window of time, creating the potential for technical difficultly with filing via the CM/ECF system.

Plaintiffs who have filed claims with the *Deepwater Horizon* Court-Supervised Settlement Program ("CSSP"), but have not yet had their CSSP claims finally resolved, will also need time to

ensure they can appropriately navigate both the CSSP and the requirements of PTO 60. And, if a plaintiff's CSSP claim is fully resolved before the deadline for compliance with PTO 60, it would moot any questions over PTO 60 for that plaintiff. This would serve judicial efficiency by avoiding unnecessary filings.

### III.  Conclusion

For the reasons set forth above, the Court should extend the deadline for compliance with PTO 60 by fourteen (14) days for all plaintiffs represented by Motley Rice.

This 26th day of April, 2016.

Respectfully submitted,

**MOTLEY RICE LLC**

By:   /s/ Matthew D. Camm
      Matthew D. Camm, Esq. (LA Bar # 35692)
      Joseph F. Rice, Esq.
      Kevin R. Dean, Esq.
      John A. Baden, IV, Esq.
      Lisa M. Saltzburg, Esq.
      28 Bridgeside Blvd.
      Mount Pleasant, SC 29464
      Phone: (843)-216-9000
      Fax: (843) 216-9450
      mcamm@motleyrice.com

*ATTORNEYS FOR THE PLAINTIFFS*

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of April, 2016.

                                                                      /s/ Matthew D. Camm
                                                                      Matthew D. Camm, Esq.