UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010** | MDL NO: 2179 |
| | SECTION: J |
| | Honorable Carl J. Barbier |
| *This document related to:* *Case No. 2:13-CV-02041* | Magistrate Judge Shushan |

**ANSWER TO COMPLAINT OF INTERVENTION**

NOW INTO COURT, through undersigned counsel, come Plaintiffs/Defendants in Intervention, Captain Elliott's Party Boats, Inc., d/b/a Texas Crewboats; Centurion Marine Offshore, L.L.C.; Comar Marine, L.L.C.; Crusader Marine Offshore, L.L.C.; Dictator Marine Offshore, L.L.C.; Gulf Offshore Transportation Service, Inc.; Iberia Crewboat & Marine Services, L.L.C.; Iberia Marine Service, L.L.C.; Intruder Marine Offshore, L.L.C.; Lady Eve, L.L.C.; Lady Marie, L.L.C.; Marine Transportation Services, Inc. of Florida; Mr. J.O., L.L.C.; Offshore Oil Services, Inc.; Predator Marine Offshore, L.L.C.; Renegade Marine Offshore, L.L.C.; Seacraft Shipyard, L.L.C.; Striker Marine Offshore, L.L.C.; Travis Marine, Inc., and Tyrant Marine Offshore, L.L.C., who hereby respond to the Complaint of Intervention filed by Intervenor, Andry Lerner, LLC, by denying each and every allegation of the Complaint, unless specifically admitted below:

**I.**

Paragraph 1 of the Complaint for Intervention contains no allegations; therefore, no response is required. To the extent a response is required, Plaintiffs/Defendants in Intervention admit they have been named as Defendants-in-Intervention by Andry Lerner, LLC.

**II.**

The allegations of Paragraph II addressing the formation, corporate status, and membership of Andry Lerner, LLC, are denied for lack of sufficient information and knowledge to justify a belief therein. The remaining allegations are denied as written.

**III.**

Plaintiffs/Defendants in Intervention admit that for a period of time in connection with a co-counsel agreement between Ashley Philen and Jonathan B. Andry and Andry Lerner, LLC Andry Lerner, LLC, provided some limited services as counsel of record for the Plaintiffs/Defendants in Intervention in this matter. All remaining allegations of Paragraph III are denied as written.

**IV.**

The allegations of Paragraph IV are denied.

**V.**

The allegations of Paragraph V are denied.

Further responding, Plaintiffs/Defendants in Intervention hereby assert the following affirmative defenses:

**AFFIRMATIVE DEFENSE NO. 1:**

Intervenor breached its obligations as set forth in the Contract for Legal Services and, therefore, is not entitled to any portion of any amounts recovered through judgment or settlement of Plaintiffs/Defendants in Intervention's claims.  Further, to the extent that Intervenor might be entitled to recover any amounts, that amount would be reduced by the fact that under the original co-counsel agreement with Ashley Philen, Intervenor's right to recover attorney fees would have be reduced or limited by the terms of the above-referenced co-counsel agreement.

**AFFIRMATIVE DEFENSE NO. 2:**

Intervenor is precluded from recovering a contingency fee from Plaintiffs/Defendants in Intervention, where Plaintiffs/Defendants in Intervention terminated Intervenor's representation for cause  Specifically, Plaintiffs/Defendants in Intervention discharged Intervenor due to Intervenor's previously unknown and undisclosed improper conduct and conflicts of interest relating to Intervenor's legal and ethical violations, and other wrongful acts in regards to Intervenor's handling of certain other BP related claims, which said acts and conduct caused the delayed processing, stigma and other harm to Plaintiffs/Defendants in Intervention's respective claims as a direct and/or proximate result of the Intervenor's intentional and wrongful acts and improper conduct as noted in the findings and determinations of Judge Carl Barbier and Special Master Louis J. Freeh in following documents which are incorporated by reference in their entirety: 1) The ethical violations of Andry Lerner, LLC, and its principles identified by Special Master, Louis J. Freeh, in his September 6, 2013, report entitled, "Independent External Investigation of the Deepwater Horizon Court Supervised Settlement Program: Report of Special Master Louis J. Freeh" (Rec. Doc. 11287); and 2) The sanctions imposed upon Andry Lerner,

LLC, and its principles by this Court in Judge Carl Barbier's Order Concerning the Special Master's Report of September 6, 2013 (Rec. Doc. 14221).

### AFFIRMATIVE DEFENSE NO. 3:

Should this Court find that Intervenor is entitled to any portion of any money judgment entered in favor of Plaintiffs/Defendants in Intervention or settlement proceeds paid to Plaintiffs/Defendants in Intervention. Intervenor's recovery is limited to reasonable costs incurred for actual labor, contributions, and materials furnished in the prosecution and/or maintenance of Defendants' claims in accordance with the *quantum meruit* doctrine, reduced by fact that Intervenor's termination was for cause and by the fact that under the co-counsel agreement with Ashley Philen, Intervenor would not have recovered the full percentage set forth in the contract.

### AFFIRMATIVE DEFENSE NO. 4:

The efforts undertaken and costs incurred by Intervenor during its representation of Plaintiffs/Defendants in Intervention were so *de minimis* that Intervenor is not entitled to even a *quantum meruit* recovery. Alternatively, if it is proven Intervenor incurred substantial costs in the prosecution and maintenance of Plaintiffs/Defendants in Intervention's claims, which is denied, Plaintiffs/Defendants in Intervention have not been provided proof of those costs, which may not be reasonable and may not have been incurred with Plaintiffs/Defendants in Intervention's consent.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs/Defendants in Intervention pray that after trial, all claims and causes of action asserted against them in the Complaint of

Intervention be dismissed with prejudice at Intervener's costs and for such other and further relief to which they are justly entitled.

Dated: April 26, 2016.

                              Respectfully Submitted:

                              BY:   /s/Ashley E. Philen

**Law Offices of Ashley E. Philen**

Ashley E. Philen
424 W. Main Street
New Iberia, LA 70560
Telephone: (337) 551-4242
Facsimile:( 888) 345-7046

And

BY:  /s/ Eulis Simien, Jr.

**Simien & Simien, LLC**

Eulis Simien, Jr.
Ashley E. Philen, *of counsel*
7908 Wrenwood Blvd.
Baton Rouge, LA 70809
Telephone: (225) 932-9286
Facsimile: (225) 932-9286

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer to Complaint of Intervention has been served on All Counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of April, 2016.

/s/Ashley E. Philen