UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED BANCORPORATION OF ALABAMA, INC. | * * * | |
| Plaintiff | * * | |
| v. | * * | |
| BP EXPLORATION & PRODUCTION, INC., et al, | * * * | |
| Defendants. | * * | |
| IN RE: OIL SPILL by the OIL RIG DEEPWATER HORIZON in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J Case:2:13-cv-02548-CJB-SS |
| MONTROSE ECOR ROUGE, LLC and MARY BETH MANTIPLY, | * * * | |
| Intervenors. | * | |

COMPLAINT IN INTERVENTION OF MONTROSE ECOR ROUGE, LLC AND MARY BETH MANTIPLY

COME NOW Montrose Ecor Rouge, LLC and Mary Beth Mantiply, and allege as their Complaint-in-Intervention:

A.  NATURE OF THE ACTION

1. Plaintiff-Intervenors (hereinafter "Plaintiffs"), make this complaint-in-intervention, under The Declaratory Judgment Act, 28 U.S.C. 2201(a), against United Bancorporation of Alabama, Inc., seeking a declaration of the rights of the parties. Additionally, Plaintiffs-Intervenors seek imposition of a constructive trust upon any

funds received by United Bancorporation of Alabama, Inc., (herein "United Bancorp") which are compensation for damages to the value of its loan portfolio, of which the real property owned by the Plaintiffs-Intervenors at the time of the oil spill was a significant part.

2. Plaintiff-Intervenors (hereinafter "Plaintiffs) also seek to enjoin BP Exploration, et al., from disbursing any funds from settlement, judgment or otherwise to United Bancorp until the funds attributable to damages to their property are segregated and placed in escrow pending a decision in this case. Further, Plaintiff-Intervenors claim a lien upon any recovery, by settlement or judgment, awarded to United Bancorp for diminution of value of its loan portfolio calculable on the "loss" on their transaction.

## B. JURISDICTION

3. Jurisdiction exists before this Court pursuant to the Oil Pollution Act ("OPA", 33 U.S.C. 2717(b).

4. Supplemental Jurisdiction in this matter is assured under 28 U.S.C. 1367 because the Court has original jurisdiction over the original case and this matter, an intervention, is so related to the claims in the original case as to form part of the original case or controversy under Article III of the United States Constitution. The Plaintiffs-Intervenors were injured by the Deep Water Horizon Oil Spill and by way of the original case, United Bancorp seeks to recover damages, in part, for injury to Plaintiffs' property which caused a devaluation of its loan portfolio.

C. PARTIES

5. Montrose Ecor Rouge, LLC, is an Alabama limited liability company. Montrose Ecor Rouge, LLC, borrowed four million dollars ($4,000,000.00) from United Bancorporation's wholly owned subsidiary United Bank. The loan was secured by a senior lien mortgage to United Bank on property located on the eastern shore of Mobile Bay ("Bay Property").

6. Mary Beth Mantiply is an adult resident citizen of Baldwin County, Alabama. Mantiply was a guarantor on the note to United Bank. Additionally, Mantiply pledged her home, with a fair market value of two million dollars ($2,000,000.00) as additional security for the loan.

7. United Bancorporation of Alabama, Inc., is a single bank holding company. It is incorporated in Delaware and its principal place business located at 200 East Nashville Avenue, Atmore, AL 36502. Its wholly-owned subsidiary is called "United Bank."

8. Defendant BP Exploration & Production, Inc. ("BP") is a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration was a lease holder and the designated operator in the lease granted by the former Minerals Management Service ("MMS") allowing it to perform oil exploration, drilling, and production- related operations in Mississippi Canyon Block 252, the location known as "Macondo" where the Spill originated.

## D. THE FACTS

9. Plaintiff-Intervenors (hereinafter "Intervenors") adopt and incorporate as if fully restated herein the factual allegations raised in Complaint filed on May 5, 2013, by United Bancorp, Doc. No. 1-1 in case number 13-02548-CJB-SS, pending in MDL No. 2179, In re: Oil Spill Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.

10. On December 7, 2005, Intervenor, Mary Beth Mantiply, transferred ownership in her home on Mobile Bay to Intervenor, Montrose Ecor Rouge, LLC. The home had a then fair market value of approximately $2 million. In addition to the Mantiply home property, two other contiguous parcels were transferred to Montrose Ecor Rouge, LLC, for a planned property development. On the same date, Montrose Ecor Rouge, LLC, executed a mortgage on the combined property to United Bank.

11. On April 20, 2010, Intervenors were attempting to develop the eight acre parcel of waterfront real property located on the eastern shore of Mobile Bay (hereinafter "Bay Property") in Baldwin County, AL. The Bay Property had been purchased, in part, with funds borrowed from United Bank. The loan was secured by a mortgage on the real property in favor of United Bank. As of April 20, 2010, the balance claimed to be due and owing to United Bank was $4,111,310.46.

12. On information and belief, the Bay Property loan was United Bank's largest real property mortgage loan and is now the only remaining "troubled loan" from the time of the oil spill that has not been resolved and released by all parties.

13. At all relevant times, Plaintiffs had a loan with the Defendant secured by waterfront real property on Mobile Bay.

14. Following the Deep Water Horizon Oil Spill on April 20, 2010, there was a dramatic decrease in sales and valuations of real property on Mobile Bay. The Intervenors' plan to develop the Bay Property was disrupted and they were unable to sell or develop the property.

15. On March 6, 2013, United Bank foreclosed upon the Plaintiffs' property with a bid-in-valuation of $3,330,140.00. Prior to the oil spill, the Bay Property had a fair market valued in excess of $6,500,000.

16. On May 5, 2013, United Bancorporation, Inc. filed a complaint against Defendant BP and others seeking damages United Bancorp claims to have sustained as a result of the April 20, 2010 well blowout of the Deepwater Horizon in the Gulf of Mexico. These damages included "losses in deposits, interest, fees, as well as incurred increased operating costs, *and encountered substantial adverse affects on its loan portfolio*."

17. On information and belief, some of the damages sought in United Bancorp's claim against BP are damages related to the Intervenors' loan default. However, on the day of the Deepwater Horizon Oil Spill, Intervenors were the owners of the Bay Property.

18. Neither United Bancorp or United Bank ever disclosed the pendency of the Horizon Oil Spill lawsuit against BP to Intervenors. Intervenors did not learn of the action until on or about March 25, 2016. On March 28, 2016, Intervenors' counsel sent

United Bank's counsel an email that said in part, "[w]e are informed and believe that UB has a pending claim against BP based, in part, on the MER loan. [Intervenors volunteer to provide] … cooperation in assisting United Bank with pursuing the balance of the deficiency judgment against BP. At the time of the oil spill in April 2010, she had two oral offers to purchase lots in the MER subdivision and also Angus Cooper's offer to purchase the entire project was still on the table. The two lot offers were immediately withdrawn shortly after the oil spill."

19. United Bancorporation never responded to Intervenors' offer of assistance in the BP litigation leading to the conclusion that it would not give Intervenors' credit for any judgment or settlement amount.

20. On January 21, 2016, in an action filed in state court seeking damages related to the default and foreclosure on the Bay Property, United Bank, the wholly owned subsidiary of United Bancorp obtained a deficiency judgment against Mantiply personally in the amount of $656,855.08. Since the date of the judgment, United Bank has been actively pursuing collection efforts, including the garnishment of Mantiply's financial accounts.

21. Because the Intervenors were the owners of the Bay Property on the date of the Deepwater Horizon oil spill, they are entitled to damages caused by the oil spill. United Bancorp has been made whole by a recovery in the amount of $3,330,140.00 on March 6, 2013, through the foreclosure and seizure of the Bay Property. Any loss sustained by United Bancorp has now been shifted to Intervenors. Intervenors, therefore, are entitled to impose a constructive trust upon any funds recovered by

United Bancorp which are attributable or calculable to a claimed loss on the Bay Property transaction.

## E. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Declaratory Judgment

22. Intervenors adopt and incorporate by reference paragraphs 1 through 21 as though fully set forth herein. Intervenors seek an order declaring as follows:

23. Intervenors are entitled to payment or credit for any recovery, through settlement, judgment or otherwise, obtained by United Bancorp, which is calculated, in part of whole, on the diminution of value or losses to its wholly owned subsidiary, United Bank, claimed by United Bancorp and which losses are attributed to the Bay Property loan.

24. United Bancorp must credit the Intervenors for any sums collected in the Oil Spill MDL attributable to the losses on the Intervenors' Bay Property and pay any excess to Intervenors.

### SECOND CAUSE OF ACTION

### Constructive Trust

25. Intervenors adopt and incorporate by reference paragraphs 1 through 21 as though fully set forth herein.

26. A claim for a lien and the imposition of a constructive trust is hereby demanded by Intervenors upon funds received by United Bancorp from BP in the present claim for damages.

27. This claim for lien and/or constructive trust is made upon all funds received by United Bancorp from BP, et al., whether obtained by settlement/mediation or upon payment of a judgment in favor of United Bancorp, which funds are calculated on the losses claimed on the Bay Property loan.

28. The foregoing amounts are equitably subject to a lien and the impression of a constructive trust to avoid the unjust enrichment of and double recovery by United and to compensate the parties actually damaged by the devaluation of United's loan portfolio due to the oil spill.

## THIRD CAUSE OF ACTION

### Unjust Enrichment

29. Intervenors adopt and incorporate by reference paragraphs 1 through 21 as though fully set forth herein.

30. By way of United Bancorp's Deepwater Horizon Oil Spill claim brought in the underlying lawsuit, the foreclosure and contemporaneous collection activities of its wholly owned subsidiary, United Bank, United Bancorp seeks double recovery for the economic injury caused to the Bay Property by the oil spill.

31. Intervenors' were the owners of the Bay Property at the time of the spill.

32. United Bancorp will be unjustly enriched at Intervenors' expense, unless a lien is imposed and a constructive trust are impressed upon any funds obtained through the

prosecution and resolution of United's claims against BP. Further, the Clerk of this Court should be named as trustee on behalf of Intervenors until such time as payment or credit may be made from the corpus of the trust to Intervenors.

PRAYER FOR RELIEF

WHEREFORE, premises considered, Intervenors join United Bancorp in demanding the relief sought against BP, et al., by its complaint, and, Intervenors pray for judgment as follows:

A. An order of the Court granting Intervenors' Motion to Intervene;

B. An order declaring that Intervenors, as owners of the property at the time of the spill, are entitled to credit for any portion of United Bancorp's recovery attributable to any loss claimed on the Bay Property loan;

C. An order imposing a lien in favor of Intervenors and impressing a constructive trust in Intervenors' favor;

D. An order that no funds may be paid to United Bancorp by any of the Oil Spill Defendants until the full payment of all amounts secured by the lien and contained within the corpus of the constructive trust are paid in full to Intervenors; and

E. An order for such other relief as is appropriate under the premises.

Dated April 25, 2016                    Respectfully submitted,

                                        /s/John Walter Sharbrough, III
                                        John Walter Sharbrough, III (PHV pending)
                                        ASB-0552-o77j
                                        John W. Sharbrough, III, P.C.
                                        114 Eaton Square
                                        Mobile, Alabama  36608-1936