UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010 | * * * * * * * * | MDL No: 2179 |
| | | Section J |
| | | Honorable Carl J. Barbier |
| | | Magistrate Judge Shushan |
| This document relates to: Case No.: 2:13-cv-02548 | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE</u>

Montrose Ecor Rouge, LLC, and Mary Beth Mantiply, respectfully moves this Honorable Court for leave to file a Complaint-in-Intervention in the related matter, pursuant to Federal Rules of Civil Procedure 24(a)(2), for the following reasons:

Your Intervenors claim an interest in and are entitle to some of the proceeds of any settlement or judgment in the related action, Case no. 13-cv-0248. Intervenors were owners of an eight acre parcel of waterfront property on the eastern shore of Mobile Bay which they planned to develop. (hereinafter the "Bay Property"). The Bay Property was subject to a mortgage held by the mortgagee, United Bank.[1] Following the Deep Water Horizon Oil Spill on April 20, 2010,

---

[1] The Plaintiff, United Bancorporation of Alabama, Inc., is a single bank holding company. United Bank, a separate entity, is its wholly owned subsidiary engaged in banking activity in Alabama.

understandably there was a dramatic decrease in sales and valuations of real property on Mobile Bay.  Consequently, the Intervenors' plan to develop the Bay Property was disrupted and they were unable to sell or develop the property.

In 20xx, the Intervenor's defaulted on the loan to United Bank and the Bank foreclosed on March 6, 2013.  The bid-in-valuation of for the Bay Property at the foreclosure was $3,330,140.00.  Intervenors believe the property, at the time of the foreclosure, had and has a fair market value of approximately $6 million.

Shortly after the foreclosure, on May 5, 2013, United Bancorporation filed this action against BP, et al., alleging damages to value of its loan portfolio.  On information and belief, some of the damages sought by United Bancorporation are directly related to a claimed "loss" on the Bay Property.  Interestingly, the Bay Property, now controlled by United Bank has been held off the market while this BP litigation continued, thus, protecting United Bancorporation's paper loss on the loan.[2]

Immediately upon learning of the pendency of this action, Intervenors offered to cooperate and assist United Bancorporation in this litigation in return for credit against their deficiency balance.  *See* Exhibit A to the Motion to Intervene, *Proposed* Complaint-in-Intervention, ¶ 18.

---

[2] United Bancorporation did not own the Bay Property at the time the loss accrued.  In fact, United Bancorporation may never have owned the Bay Property.

Your Intervenors do not seek to interfere in the litigation other than to obtain a judicial determination insuring they receive credit for the compensation flowing to United Bancorporation by judgment or settlement which arises from the claimed "loss" on the Bay Property loan. They seek only a declaration of their rights and to impose a constructive trust to prevent United Bancorporation from being unjustly enriched by receiving a double recovery.

"It is well settled that to intervene of right each of the four requirements of the rule must be met: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the matter may as a practical matter, impair or impede the intervenor's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Keith v. St. George Packing Company, Inc.*, 806 F.2d 25 (5th Cir. 1986), *quoting New Orleans Public Serv., Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 463 (5th Cir.) (*en banc*) *quoting International Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir. 1978) *cert. denied* 469 U.S. 1019 (1984).

The Complaint-in-Intervention is timely as a final determination in this matter has not yet been had. The filing of the Complaint will not delay or hinder the litigation because your Intervenors do not propose to seek a separate judgment for damages but to join in United Bancorporation's suit. No prejudice in the

underlying litigation will inure to Plaintiff because Intervenors do not seek to interfere with United Bancorp's conduct of the litigation in any way.  Intervenors, as owners of the property at the time the loss accrued, have an interest in some of the property (loan security) that is the subject matter of this action.  A judgment or settlement of this matter will necessarily close out the Oil Defendants' liability and United Bancorporation will not otherwise protect Intervenors' interest.

In sum, United Bancorporation's wholly owned subsidiary, United Bank, has foreclosed on the valuable Bay Property, and obtained a deficiency judgment in the approximate amount of $700,000.00, for which it is aggressively pursuing collection against Your Intervenors.  United Bancorporation has a pending claim against the Oil Spill Defendants and has indicated no intention of crediting Intervenors with the amount of any judgment or settlement directly attributable to the Bay Property loan.  In all likelihood, after settlement or judgment in this case, United Bancorporation will sell the Bay Property at a premium thus profiting on both the long and the short side of the transaction.  In other words, United Bancorporation of Alabama, Inc., has shifted the claim losses to Your Intervenors, but seek to recover those same losses for itself through its claims against the Oil Spill Defendants.

DATED <u>April 27, 2016</u>               Respectfully submitted,


                                 <u>/s/*John Walter Sharbrough, III*</u>
                                 John Walter Sharbrough, III

ASB-0552-o77j
John W. Sharbrough, III, P.C.
114 Eaton Square
Mobile, Alabama  36608-1936

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing motion upon all parties to this litigation by filing same with the Court's Case Management/ Electronic Case Filing system.

/s/*John Walter Sharbrough, III*
John Walter Sharbrough, III