UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| This document relates to: Case No. 2:13-cv-02026 | Honorable Carl J. Barbier |
| | Magistrate Judge Shushan |

### ANSWER TO COMPLAINT OF INTERVENTION

Plaintiff/Defendant in Intervention Talen's Marine & Fuel, LLC files this Answer to the Complaint of Intervention filed by Andry Lerner, LLC, and denies each and every allegation of the Complaint, unless specifically admitted below:

**I.**

Paragraph I of the Complaint of Intervention contains no allegations; therefore, no response is required. To the extent a response is required, Plaintiff/Defendant in Intervention admits it has been named as a Defendant in Intervention by Andry Lerner, LLC.

**II.**

The allegations of Paragraph II addressing the formation, corporate status, and membership of Andry Lerner, LLC, are denied for lack of sufficient information and knowledge to justify a belief in them. The remaining allegations are denied as written.

### III.

Plaintiff/Defendant in Intervention admits that it signed an Attorney/Client Contract with Jonathan Andry and that such attorney/client relationship was terminated on October 24, 2013. Plaintiff/Defendant in Intervention admits that it is seeking payment of damages owed to them as a result of the BP Deep Water Horizon disaster. Plaintiff/Defendant in Intervention admits that the Attorney/Client contract that was terminated provided for a contingency fee and reimbursement of certain reasonable costs.

### IV.

The allegations of Paragraph IV are denied.

### V.

The allegations of Paragraph V are denied.

Further responding, Plaintiff/Defendant in Intervention asserts the following affirmative defenses:

### AFFIRMATIVE DEFENSE NO. 1:

Intervenor was terminated for cause. Intervenor is precluded from recovering a contingency fee from Plaintiff/Defendant in Intervention because Intervenor's representation was terminated for cause. Specifically, on October 24, 2013, Intervenor was terminated by Talen's Marine & Fuel's authorized representative due to Intervenor's lack of responsiveness to client phone calls and other requests for information, including lack of information regarding the status of Plaintiff's BP claim, and, significantly, Intervenor's previously unknown and undisclosed improper conduct and conflicts of interest relating to Intervenor's legal and ethical violations, and other wrongful acts in regard to Intervenor's handling of certain BP claims, which caused the

delayed processing, stigma and other harm to Plaintiff/Defendant in Intervention's respective claims as a direct and/or proximate result of Intervenor's intentional and wrongful acts and improper conduct as noted in the findings and determinations of Judge Carl Barbier and Special Master Louis J. Freeh in the following documents which are incorporated by reference in their entirety: (1) the ethical violations of Andry Lerner, LLC and its principals identified by Special Master Louis J. Freeh in his September 6, 2013 report titled, "Independent External Investigation of the Deepwater Horizon Court Supervised Settlement Program: Report of Special Master Louis J. Freeh" (Doc. 11287); and (2) the sanctions imposed upon Andry Lerner, LLC and its principals by this Court in Judge Carl Barbier's Order Concerning the Special Master's Report of September 6, 2013 (Doc. 14221).

**AFFIRMATIVE DEFENSE NO. 2:**

Should this Court find that Intervenor is entitled to any portion of any money judgment entered in favor of Plaintiff/Defendant in Intervention or settlement proceeds paid to Plaintiff/Defendant in Intervention, Intervenor's recovery is limited to reasonable costs incurred for actual labor, contributions, and materials furnished in the prosecution and/or maintenance of Plaintiff's claims in accordance with the *quantum meruit* doctrine, reduced by Intervenor's wrongful conduct which harmed Plaintiff and led to Intervenor's termination for cause.

**AFFIRMATIVE DEFENSE NO. 3:**

The efforts undertaken and costs incurred by Intervenor during its representation of Plaintiff/Defendant in Intervention were so *de minimis* that Intervenor is not entitled to even a *quantum meruit* recovery.  Alternatively, if it is proven that Intervenor incurred substantial costs in the prosecution and maintenance of Plaintiff/Defendant in Intervention's claims, and if these

costs are proven to be reasonable and to have been approved by Plaintiff/Defendant in Intervention, Intervenor may be entitled to recover only these costs.

WHEREFOR, PREMISES CONSIDERED, Plaintiff/Defendant in Intervention asks that after trial, all claims and causes of action asserted against it in the Complaint of Intervention be dismissed with prejudice at Intervenor's costs and for such other and further relief to which they are justly entitled.

Dated: May 6, 2016.

        Respectfully submitted:

        By: _/s/_ A. Craig Eiland_____
        The Law Offices of A. Craig Eiland, PC
        A. Craig Eiland
        2211 The Strand, Suite 201
        Galveston, TX  77550
        Telephone: 409-763-3260
        Facsimile: 409-763-8154
        Email: ceiland@eilandlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of May, 2016.

                          ___/s/ A. Craig Eiland_____
                          A. Craig Eiland