UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : | |
| This Document Relates to the Remaining Claims in B3 Bundle Against the Clean Up Responder Defendants: | : : : : | MDL NO. 2179 |
| *Torrey Barlow (12-2248), Joseph Brown (12-2333), Scea Burrage (10- 8888, Docs. 89515 & 10885), Roy Causey (10-8888, Doc. 34909), Jorey Danos (13-3747), William Fitzgerald o/b/o Nathan Fitzgerald (13-00650), Thomas Hines (13-2360; 10-8888, Doc. 22261 & 84046)), Frank Howell (13-3747), Douglas Maurras (12-2048), Kirk Prest (10-8888, Doc. 89566), John Wunstell, Jr. (10-2543; 10-8888, Doc.57007)* | : : : : : : : : : : | SECTION: J  JUDGE BARBIER  MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   :   . . . . . . . . . . . . . . . . . . . . . .

**MEMORANDUM IN SUPPORT OF LYNDEN, INC.'S RENEWED MOTION
FOR SUMMARY JUDGMENT ON JURISDICTIONAL GROUNDS**

Lynden, Inc. has joined with the other denominated Clean-Up Responder Defendants in re-urging summary judgment on preemption and derivative immunity grounds against the remaining eleven opt out plaintiffs. In addition to re-urging summary judgment with the other Clean-Up Responder Defendants, Lynden, Inc., files here a short separate motion for summary judgment and a memorandum renewing its request for this Court to dismiss it from this multidistrict litigation based on lack of *in personam* jurisdiction.

As Lynden, Inc. set forth previously in its filed *Memorandum in Support of Lynden Incorporated's Motion to Dismiss for Lack of Personal Jurisdiction* [R. 1399-1], and again in its *Memorandum in Support of Motion for Summary Judgment* [R. 6553-1], Lynden, Inc. did not participate in the *Deepwater Horizon* oil spill clean-up effort. Furthermore, Lynden, Inc. has no

1

business presence and no operations in Louisiana. Accordingly, Lynden, Inc. is not subject to *in personam* jurisdiction in this Court and it is entitled to an Order dismissing the remaining opt out claims asserted against it.

## INTRODUCTION

Defendant Lynden, Inc. is incorporated in Washington State with its principal place of business in Seattle. Lynden, Inc. owns various subsidiary corporations each of which provides distinct transportation services. Lynden, Inc. is not registered to do business in Louisiana nor does it do business in Louisiana.

One of Lynden, Inc.'s subsidiaries is Lynden Air Cargo, LLC, an Alaska-based company that provides air cargo transportation services and is a standby oil spill response provider.[1] Lynden Air Cargo, LLC – *not* the named defendant Lynden, Inc. – participated in the oil spill clean-up response. Five days after the explosion on board DEEPWATER HORIZON, Lynden Air Cargo, LLC was contacted and asked if it could assist in the unfolding clean-up efforts. Lynden Air Cargo, LLC was able to help and therefore BP retained Lynden Air Cargo, LLC to assist in applying chemical dispersants.[2]

## BACKGROUND

A. <u>Plaintiffs Sue the Wrong Lynden Entity</u>.

Plaintiffs did not sue Lynden Air Cargo, LLC. Instead, in their original *Master Complaint in Accordance with PTO No. 11 [Case Management Order No. 1] Section III.B(3) ["B3 Bundle"], Complaint in Admiralty Rule 9(h)* [doc. 881], plaintiffs named only Lynden, Inc. as a party defendant. In paragraph 57 plaintiffs alleged as follows:

---

[1] *See* Declaration of Judy McKenzie, President and CEO of Lynden Air Cargo, LLC. Declaration ¶ 4, exhibit "A."

[2] *See* "Charter Agreement Oil Spill Dispersant Spraying Services" entered into on April 26, 2010, between Lynden Air Cargo, LLC and BP Exploration Inc., exhibit "B."

> Defendant Lynden, Inc. is a Washington Corporation with its principal place of business in Seattle, Washington, which at all times was doing business in the State of Louisiana by virtue of its 100 percent ownership interest in Lynden Air Cargo, LLC, an Alaska limited liability company with its principal place of business in Seattle, Washington, which at all pertinent times was doing business in the State of Louisiana (collectively, "Lynden"). Lynden participated in the post-explosion Oil Spill remediation and response efforts.

*See Master Complaint (B3 Bundle)*, ¶ 57.  In that pleading plaintiffs neither named Lynden Air Cargo, LLC as a defendant nor served a summons on Lynden Air Cargo, LLC.

On March 30, 2011, plaintiffs filed their *First Amended Master Complaint in Accordance with PTO No. 11 [Case Management Order No. 1] Section III.B(3) ["B3 Bundle"], Complaint in Admiralty Rule 9(h)* [doc. 1812], in which they slightly altered their allegations as to defendant Lynden, Inc. as follows:

> Defendant Lynden, Inc. is a Washington Corporation with its principal place of business in Seattle, Washington, which at all times was doing business in the State of Louisiana by virtue of its 100 percent ownership interest in Defendant Lynden Air Cargo, LLC, an Alaska limited liability company with its principal place of business in Seattle, Washington, which at all pertinent times was doing business in the State of Louisiana (collectively, "Lynden"). Lynden participated in the post-explosion Oil Spill remediation and response efforts.

*See First Amended Master Complaint (B3 Bundle)*, ¶ 65.  Although plaintiffs inserted "defendant" before Lynden Air Cargo, LLC in the *First Amended Master Complaint (B3 Bundle)*, this is a misnomer.  Plaintiffs neither requested service of a summons upon Lynden Air Cargo, LLC nor affected service upon Lynden Air Cargo, LLC.

In addition to paragraph 65, "Lynden" is mentioned in two other paragraphs of plaintiffs' *First Amended Master Complaint (B3 Bundle)*:

> In addition to directing vessels at sea, BP coordinates and directs aircraft owned and/or operated by Defendants MSRC, O'Brien, Modern Group, NRC, Lane, Dynamic, ASI, ASI International, Lynden, IAR and others that fly out over the Gulf to spot oil slicks

>and to spray chemical dispersants to oil on the surface of the Gulf.

*Id.,* ¶ 122.

>MSRC owns four of the ten spray planes used in connection with BP's aerial spraying of chemical dispersants. MSRC and/or its contractors, Lynden Air Cargo, LLC and/or Dynamic Aviation, operate the spray planes.

*Id*., 138.

B. <u>Lynden Inc. Seeks Dismissal</u>.

Lynden, Inc. and the other Clean-Up Responder Defendants moved to dismiss the B3 Master Complaint's claims arguing derivative immunity under the Clean Water Act ("CWA"), 33 U.S.C. § 1321(j)(8), functional immunity under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a), and that plaintiffs' claims were preempted as a matter of law. In addition, because Lynden, Inc. was not properly before this Court in the first place, it filed a separate motion to dismiss for lack of *in personam* jurisdiction. [R. 1399].[3]

This Court entered an "Order and Reasons [As to Motions to Dismiss the B3 Master Complaint]" on September 30, 2011, as amended October 4, 2011 [R. 4159].[4] In that Order, this

---

[3] Lynden, Inc. will not repeat here the legal authorities or the facts set forth in the submitted affidavits in support of its motion to dismiss on the basis of lack of *in personam* jurisdiction which law and facts may be found in Lynden, Inc.'s earlier-filed Motion to Dismiss and accompanying memorandum and exhibits [R. 1399-1] other than to bring to the Court's attention the Supreme Court's trilogy of personal jurisdiction decisions decided *since* this Court first examined this question, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011); *Daimler AG v. Bauman*, --- U.S. ---, 134 S. Ct. 746 (2014); and *Walden v. Fiore*, 134 S. Ct. 1115 (2014), which foreclose exercising either general or specific jurisdiction over Lynden, Inc. in this forum. First, as the attached exhibits demonstrate (and which plaintiffs never disputed), Lynden, Inc. is not incorporated in this State nor does it have its principal place of business in this State. Thus, general jurisdiction against Lynden, Inc. does not lie in this Court. *See Daimler*, 134 S.Ct. 746. Second, specific jurisdiction does not lie against Lynden, Inc. either because plaintiffs' cause of action does not arise out of or result from anything Lynden, Inc. did in this forum. *Alpine View Company Ltd. v. Atlas COPCO AB*, 205 F.3d 208, 215 (5th Cir. 2000) ("Specific jurisdiction over a nonresident corporation is appropriate when that corporation has purposefully directed its activities at the forum state and the 'litigation results from alleged injuries that 'arise out of or relate to' those activities.").

[4] This Court's Order is reported in WESTLAW as *In re Oil Spill by the Oil Rig "Deepwater Horizon*," 2011 WL 4575696.

–4–

Court held the derivative immunity and preemption arguments were "not established on the face of the Complaint," but found them to be "certainly plausible." *Id*. at *8, 12.[5] In addition, as to Lynden, Inc.'s motion to dismiss on *in personam* jurisdiction, this Court said:

> The Court defers ruling on Lynden, Inc.'s Rule 12(b)(2) Motion; Plaintiffs may engage in limited jurisdictional discovery pursuant to Pretrial Order 11, para. IV(B)(Rec. Doc. 569) . . . .

*See* "Order and Reasons," p. 24, ¶ 10 [R. 4159]; 2011 WL 4575696, * 12.

   C. <u>Plaintiffs Do Not Pursue Any Jurisdictional Discovery from Lynden Inc.</u>

Following the Court's issuance of its Order and Reasons, a "Schedule for Limited B3 Discovery" was designed to develop "the facts necessary" for the Clean-Up Responder Defendants to "file motions renewing their preemption [and] derivative immunity arguments." [Rec. 4472, 5000]. During that time, certain Clean-Up Responder Defendants propounded written discovery to the B3 Plaintiffs regarding preemption and immunity issues, responded to written discovery served by the plaintiffs, produced documents, and entered into joint stipulations of fact with the United States regarding issues relevant to their derivative immunity and implied preemption arguments. Plaintiffs responded to the written discovery but did not produce any documentation in response to these requests. Moreover, plaintiffs did not request or notice any 30(b)(6) depositions of Lynden, Inc., or of any Lynden, Inc. witnesses, or any other depositions relevant to any Clean-Up Responder Defendant.[6] In short, plaintiffs refused this Court's invitation to pursue jurisdictional discovery of Lynden Inc.

After the permitted B3 discovery period ended, and in accordance with the Schedule set forth by the Court [R. docs 4472, 5000], the Clean-Up Responder Defendants filed individual

---

[5] The Order and Reasons made clear that such defenses were preserved and expressly permitted them to be re-asserted at a later time. *Id*. at *12

[6] The PSC did, however, take the 30(b)(6) deposition of Nalco, which manufactured a dispersant used in the clean-up effort. This Court thereafter granted Nalco's summary judgment.

motions for summary judgment on May 18, 2012, seeking dismissal with prejudice of all remaining claims asserted against them in the B3 Master Complaint.[7]  In addition to joining these motions, Lynden, Inc. also filed a separate motion for summary judgment and a memorandum in support [R. 6553] requesting dismissal based on lack of *in personam* jurisdiction because plaintiffs failed to add the correct Lynden entity into this multidistrict litigation – Lynden Air Cargo, LLC – and plaintiffs did not direct *any* jurisdictional discovery to Lynden, Inc. despite having the opportunity to do so.

Responding to Lynden's Inc.'s summary judgment on jurisdiction, plaintiffs acknowledged "they never conducted such discovery" the Court had allowed, *see* Plf. Mem., p. 43 [R. 6691-2], notwithstanding the specific time deadlines imposed by the Court.  Plaintiffs, however, excused their failure to conduct limited discovery and their disregard of the Court-imposed deadlines by explaining they "made the strategic decision in February 2012 to dismiss Lynden, Inc. from this case without prejudice," *id.*, but which motion defendants opposed and this Court denied.  Putting aside plaintiffs never explained why they did not direct jurisdictional discovery to Lynden, Inc. between this Court's September 2011 Order and February 2012 (when plaintiffs made their "strategic decision" to move to dismiss Lynden, Inc. and other defendants without prejudice), plaintiffs asked this Court to extend the time by which to conduct limited jurisdictional discovery and/or asked this Court for leave to amend to add Lynden Air Cargo, LLC as a party defendant.  Lynden, Inc. opposed plaintiffs' request.

---

[7] *See* R. 6536, 6538, 6546, 6547, 6551, 6553, 6557, 6559, 6597.  The Clean-Up Responder Defendants reasserted their derivative immunity defenses and argued that they were entitled to dismissal because they performed their actions in responding to the Deepwater Horizon oil spill pursuant to the authorization, direction, and ultimate control of the federal government.  They also reasserted their arguments that the Plaintiffs' remaining claims should be dismissed because they conflict with the comprehensive federal response scheme set forth in the CWA, the Oil Pollution Act of 1990 ("OPA"), and the National Contingency Plan ("NCP") codified at 40 C.F.R. pt. 300., because the Clean-Up Responder Defendants were compelled by law to obey the federal directives issued.

This Court held oral argument on the Clean-Up Responder Defendants' summary judgment motions and Lynden, Inc.'s stand-alone jurisdiction motion on July 13, 2012, and the Court took them under advisement.

D. Pre-Trial Order 57.

At a June 27, 2013 Status Conference, the Court addressed the Clean-Up Responder Defendants' still-pending motions for summary judgment and stated the Clean-Up Responder Defendants would be entitled to derivative immunity for the actions that are the subject of the B3 Master Complaint if they acted pursuant to the direction of the federal government during the *Deepwater Horizon* response. The Court also noted that the affidavits and declarations submitted by the PSC in opposition to the Clean-Up Responder Defendants' motions for summary judgment contained only vague and generalized statements. Nevertheless, the Court indicated it may be possible that some B3 claimants have evidence that the Clean-Up Responder Defendants acted beyond, or outside, the authority conferred by the federal government during these clean-up response operations. Accordingly, the Court instructed Plaintiffs' Liaison Counsel and Defense Liaison Counsel for the Clean-Up Responder Defendants to develop a protocol akin to a *Lone Pine* Order whereby B3 claimants would be required to provide basic evidence to support their claims, ultimately permitting the Court to rule on the Clean-Up Responder Defendants' pending summary judgment motions ("the B3 protocol").

Following the efforts of Liaison Counsel for the parties, on July 17, 2014, the Court entered Pretrial Order No. 57 ("PTO 57"), formally establishing the B3 protocol. [R. 13158]. PTO 57 made clear that the purpose of the B3 protocol was, among other things, to give plaintiffs an opportunity to come forward with specific evidence, should they have any, demonstrating that the actions of the Clean-Up Responder Defendants were not performed

–7–

"pursuant to the authorization, direction, and ultimate control of the federal government." *Id.* at 1-2.[8]  During the B3 protocol period, plaintiffs did not seek to add Lynden Air Cargo, LLC into this multidistrict litigation and plaintiffs did not direct any jurisdictional discovery to Lynden, Inc.

By Order dated February 16, 2016, the Court issued an Order and Reasons that dismissed all but eleven remaining B3 claims against the Clean-Up Responder Defendants. [R. 16165]. The Order and Reasons noted, however, the Clean-Up Responder Defendants' contention that these eleven Questionnaires were not sufficient to defeat a motion for summary judgment, as well as the Plaintiffs' Steering Committee's argument that the Questionnaires raised material issues of fact that would defeat summary judgment.  As part of its continuing management of this multidistrict litigation, the Court permitted the Clean-Up Responder Defendants to file motions for summary judgment specific to the remaining eleven B3 plaintiffs. *Id*.

## ARGUMENT

As set forth above, Lynden, Inc. did not engage in any DEEPWATER HORIZON oil spill response.  Plaintiffs have known this fact since 2011 – *over five years ago* – when Lynden, Inc. told plaintiffs that a subsidiary of Lynden, Inc. – Lynden Air Cargo, LLC – "participated in spill response operations and provided planes and crews used to spray dispersants." *See* Mem. [R. 1399-1, p. 2.]  Rather than substitute Lynden Air Cargo, LLC for Lynden, Inc. and serve

---

[8] Plaintiffs who (1) properly opted out of the Medical Benefits Settlement or are not a member of the Medical Class, (2) desired to pursue a claim against any Clean-Up Responder Defendant(s) arising out of the clean-up, including personal injury and/or medical monitoring claims alleging exposure to oil, dispersants, chemicals, and/or toxic substances used during the clean-up, whether by joinder in the B3 Master Complaint, individual complaint, or otherwise, and (3) had evidence that any Clean-Up Responder Defendant(s) acted beyond or outside of the authority conferred by the federal government, were instructed to serve Liaison Counsel for the Clean-Up Responder Defendants and Plaintiffs' Liaison Counsel with a sworn statement setting forth certain information by September 22, 2014.  [Rec. Doc. 13158 at 6].  The form for such a sworn statement, or "Questionnaire," was attached to PTO 57 as Exhibit A.  [R. 13158-1].

Lynden Air Cargo, LLC, plaintiffs made a mere stylistic change to their allegation against Lynden, Inc. in their "First Amended Master Complaint."  But this stylistic change is procedurally improper and it cannot confer jurisdiction over non-defendant Lynden Air Cargo, LLC.

The fact of the matter is plaintiffs refused this Court's invitation allowing jurisdictional discovery to proceed as to Lynden, Inc. and the time for taking the limited jurisdictional discovery this Court permitted is not only long past but would be a waste of time.  Lynden, Inc. has now *twice* briefed the law and the facts – with supporting exhibits and sworn Declarations – to demonstrate defendant Lynden, Inc. and non-defendant Lynden Air Cargo, LLC are *not* alter egos of each other and are *not* operated as a "single business enterprise."  These same pleadings, sworn Declarations and exhibits also establish beyond peradventure that Lynden, Inc. did not respond to or participate in any post-BP oil spill clean-up or remediation efforts.

Moreover, to the extent plaintiffs ask this Court – again – to grant them leave to amend the B3 Master Complaint to add Lynden Air Cargo, LLC as a new defendant, such a request should be denied.  Plaintiffs cannot argue or show the "good cause" required under F.R.Civ.P. 16 which now governs motions to amend.[9]

Once this Court entered scheduling orders to control this litigation, the liberal policy favoring amendments of pleadings under Rule 15 no longer apply.  Subsequent amendments are not allowed without a request first to modify the scheduling orders and at that point any modification must be based upon a showing of "good cause" pursuant to Rule 16.  *Henry's*

---

[9] In previously arguing for leave to amend, plaintiffs cited *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).  But plaintiffs' reliance upon *Foman* is misplaced.  *Foman* addressed the standard governing motions for leave to amend under F.R.Civ.P. 15(a), specifically noting leave should "be freely given when justice so requires" under Rule 15.  Plaintiffs' request for leave is not governed by the liberal standard of Rule 15, but instead is governed by the standard of Rule 16.

*Marine Service, Inc. v. Fireman's Fund Ins. Co.*, 193 Fed.Appx. 267, 275 (5th Cir. 2006); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  After the expiration of the pleading deadline, the "more liberal standard of Rule 15(a) appl[ies]" only if the movant demonstrates good cause for the modification of the schedule. *Id*.  Owing to "the importance of the pre-trial order in achieving efficacy and expeditiousness upon trial in the district court, appellate courts are hesitant to interfere with the court's discretion in creating, enforcing, and modifying such orders." *See also O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-55 (1st Cir. 2004)("good cause" standard of Rule 16(b) is "more stringent" than standard of Rule 15(a); bad faith and unfair prejudice considerations of Rule 15 may still be considered, but Rule 16 emphasizes evaluating a party's diligence in seeking the amendment); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)(". . . once a scheduling order is in place, the liberal default rule [Rule 15] is replaced by the more demanding 'good cause' standard of Fed.R.Civ.P. 16(b)"); *Peresypa v. Jimmy Peak Mountain Resort, Inc.*, 653 F.Supp.2d 131, 135 (D. Mass. 2009)(same); *In re Graphics Processing Units Antitrust Litigation*, 540 F.2d 1085 (N.D.Cal. 2007).  Nothing plaintiffs can offer suffices as "good cause" to amend this Court's numerous scheduling orders and deadlines and to add, belatedly, Lynden Air Cargo, LLC as a defendant in this five year-old complex litigation.[10]

To permit plaintiffs at this very late date to add Lynden Air Cargo, LLC as a party defendant would severely prejudice Lynden Air Cargo, LLC and upend this Court's work in managing this complex litigation.  Lynden Air Cargo, LLC has not been sued or served in this

---

[10] Even if the more liberal standard of Rule 15 governed plaintiffs' request, this Court would be justified in denying plaintiffs' request for leave to amend.  In deciding whether to grant leave to amend under F.R.Civ.P. 15, the Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.  *See, e.g., In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993).

litigation; has not participated in this litigation; has not gathered, let alone produced any documents; and has not been privy to or participated in any discovery, depositions, hearings, conferences or meetings with the Court. Allowing plaintiffs to add Lynden Air Cargo, LLC to this litigation now would – insofar as Lynden Air Cargo, LLC is concerned – restart discovery and require the Court to redo many scheduling deadlines anew.

The bottom line is plaintiffs knew all along they had not sued Lynden Air Cargo, LLC, which company Lynden, Inc. identified as one that had "participated in spill response operations and provided planes and crews used to spray dispersants." Plaintiffs ignored Lynden, Inc., ignored this Court's deadlines, and cannot show "good cause" under Rule 16, a necessary showing before plaintiffs can add a new party defendant, Lynden Air Cargo, LLC, to this litigation. Put simply, Lynden, Inc. abided by this Court's orders and deadlines; plaintiffs did not. To allow plaintiffs now to make Lynden Air Cargo, LLC a defendant would be extremely prejudicial to both Lynden Air Cargo, LLC and to this Court's efficient management of this complicated, multiparty, and complex case.

## CONCLUSION

In sum, Lynden, Inc. asks this Court to grant Lynden, Inc.'s summary judgment and to dismiss plaintiffs' claims against it with prejudice.

Respectfully submitted,

s/*H. Carter Marshall*
**KEVIN R. TULLY - BAR #1627**
**H. CARTER MARSHALL - BAR #28136**
**CHRISTOVICH & KEARNEY, LLP**
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
krtully@christovich.com
hcmarshall@christovich.com
Telephone: (504) 561-5700
Attorneys for Lynden, Inc.

## CERTIFICATE

I hereby certify that the above and foregoing Memorandum in Support of Lynden, Inc.'s Motion for Summary Judgment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of May 2016. Additionally, service will be made in compliance with Judge Barbier's Order (R. 16165), on those parties which do not receive electronic notice of these filings.

s/*H. Carter Marshall*
KEVIN R. TULLY
H. CARTER MARSHALL