# Exhibit 19

**EXHIBIT A**

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

FORM FOR DISCLOSURES CLARIFYING THE BASIS FOR B3 CLAIMS
AGAINST THE CLEAN-UP RESPONDER DEFENDANTS[1]

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Brown | Joseph | Gregory | |

| Phone Number | E-Mail Address |
|---|---|
| | |

| Address | City / State / Zip |
|---|---|
| 79304 Windom Rd. NE | Covington, LA 70435 |

| Attorney Name and Firm | Attorney |
|---|---|
| Nexsen Pruet, LLC | Paul A. Dominick |

Please indicate your status with respect to the Medical Benefits Class Action Settlement Approved by the Court (Rec. Docs. 8217, 8218):

☒ Properly opted out of the Medical Benefits Class Action Settlement

☐ Not a member of the Medical Benefits Settlement Class

☐ Other:_____

You are pursuing a claim against at least one Clean-Up Responder Defendant by way of (*select all that apply*):

☐ Joinder in the Amended B3 Master Complaint (Rec. Doc. 1812)

☒ Individual Action, Case No. 2:12-cv-02333-CJB-SS

☐ Other:_____

If you filed a short-form joining in the Amended B3 Master Complaint, which box did you check that applied to you and your claim(s)?

☒ 1.  Boat captain or crew involved in the Vessels of Opportunity program.

☐ 2.  Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.

☐ 3.  Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.

☐ 4.  Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.

☐ 5.  Resident who lives or works in close proximity to coastal waters.

☐ 6.  Other:_____

---

[1] The Clean-Up Responder Defendants are: O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

1

**EXHIBIT A**

1. If you served as a clean-up worker,[2] please set forth your employment information during the clean-up, specifically:
   a. Your employer(s);
   b. Your supervisor(s) at employer(s) identified in paragraph 1(a);
   c. A description of the work you performed for employer(s) identified in paragraph 1(a);
   d. The date(s), time(s), and location(s) you performed the work described in paragraph 1(c); and
   e. Any person(s) or entity(s) other than your employer who oversaw, supervised, or managed your work described in paragraph 1(c).

   *If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

   I was exposed to oil and cleaning dispersants while performing clean-up and response activities as a participant in the Vessels of Opportunity Program (hereinafter "VoO"). DRC Emergency Services, LLC was listed as a charter of my twenty-five foot vessel. Under the management of DRC Emergency Services, I spent considerable amounts of time in and around the navigable waters of Louisiana; specificall, Lafitte, Bayou St. Denise, Bay Jimmy, Rattle Snake Canyon, Myrtle Grove and Mud Lake. I was involved in the VoO program between May, 2010 and the middle of September, 2010.

   In these highly contaminated areas, I supplied booms to smaller vessels, set anchors to hold booms in place and maintained and repaired existing booms.

2. Please set forth a specific explanation of the circumstances of your alleged exposure to oil, dispersants, chemicals, and/or toxic substances during the clean-up, including the pathway of exposure (*e.g.*, ingestion, inhalation, dermal contact, etc.), the date(s), time(s), and location(s) of exposure, the duration of exposure, and the Clean-Up Responder Defendant(s) alleged to be responsible for the exposure.
   *If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

---

[2] The term "clean-up worker" shall have the same meaning as that defined in the Medical Benefits Class Action Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).

**EXHIBIT A**

I was specifically instructed by agents/representatives of DRC Emergency Services not to wear protective safety equipment.

Due to the absence of necessary protective equipment, I inhaled toxic fumes and experienced dermal contact with contaminated water.

3. Please set forth a specific description of the alleged injury, illness, or medical condition you sustained as a result of alleged exposure to oil, dispersants, chemicals, and/or toxic substances during the clean-up.
   *If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

As a result of my contact with contaminated water, I developed ulcers and chemical burns on my lower extremities. In addition to the ulcers and chemical burns, my symptoms include, but are not limited to, headaches, skin irritation and rahses, anxiety, blurry vision, breathing difficulties and cardiovascular issues. In addition, I suffer from dizziness, memory loss and fatique.

3

**EXHIBIT A**

4. With respect to each Clean-Up Responder Defendant alleged to be responsible for the alleged exposure identified above in paragraph 2, please state separately as to each Clean-Up Responder Defendant a detailed description of:
    a. The basis for your identification, such as a description or name of the vessel(s), aircraft, or individual(s) involved, or other evidence identifying the specific Clean-Up Responder Defendant;
    b. The act(s) or omission(s) that caused your alleged injury, illness, or medical condition;
    c. The date(s), time(s), and location(s) in which the act(s) or omission(s) described in paragraph 4(b) occurred; and
    d. How the act(s) or omission(s) described in paragraph 4(b) caused your alleged injury, illness, or medical condition.

   *If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

Due to the absence of necessary protective equipment, I inhaled toxic fumes and experienced dermal contact with contaminated water. This occurred between late May, 2010 and the middle of September, 2010 in the navigable waters of Louisiana; specifically, Laffite, Bayou St. Denise, Bay Jimmy, Rattle Snake Canyon, Myrtle Grove and Mud Lake.

5. For each Clean-Up Responder Defendant identified above in paragraphs 2 and 4, state whether the alleged act(s) or omission(s) identified above in paragraph 4(b) violated, exceeded, or was/were undertaken without any instruction(s) or order(s) issued by the United States Coast Guard or any other federal governmental agency in connection with the clean-up and led to Claimant's alleged injury, illness, or medical condition. Further, Claimant shall specify the following:

4

**EXHIBIT A**

    a. With respect to each such alleged act or omission that allegedly violated or exceeded the government's instruction(s) or order(s):
        i. The specific instruction(s) or order(s) issued by the United States Coast Guard or any other federal government agency in connection with the clean-up which Claimant contends was/were violated or exceeded, including without limitation any instruction(s) or order(s) relating to the application of dispersant, *in situ* burning of oil, laying of boom, skimming of oil, decontamination efforts, and onshore/beach clean-up operations, as well as the following with respect to each such instruction or order:
           1. The name(s) of the Clean-Up Responder Defendant(s) who received this instruction or order;
           2. The name(s) of the federal government agency(s) that issued this instruction or order, and, for each agency, the name(s) and title(s) of the government agent(s) or official(s) that gave the instruction or order;
           3. The date(s) and time(s) this instruction or order was issued and manner (*e.g.*, written, oral, etc.) in which this instruction or order was relayed;
           4. The basis for Claimant's knowledge that the alleged act or omission violated or exceeded the instruction(s) or order(s) identified in paragraph 5(a)(i); and
           5. Claimant's specific evidence that the alleged act or omission violated or exceeded the instruction(s) or order(s) identified in paragraph 5(a)(i).
    b. With respect to each such alleged act or omission that Claimant contends was undertaken without any federal government instruction(s) or order(s):
        i. The basis for Claimant's knowledge that the alleged act or omission was undertaken without any federal government instruction(s) or order(s); and
        ii. Claimant's specific evidence that the alleged act or omission was undertaken without any federal government instruction(s) or order(s).

*If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

As this action is subject to the Court ordered stay, Plaintiffs, Joseph G. Brown has not had the opportunity to propound discovery requests to the clean-up defendants. Further, Plaintiff has been denied access to documents responsive to the PSC's discovery requests. As such, Plaintiff objects to the requisite specificity of this form. Subject to and without waiving said objection, under the National Contingency Plan, worker health and safety are paramount concerns and the FOSC and RP are responsible for addressing these issues. Additionally, all response activities must comply with OSHA training and safety requirements. OSHA's offshore PPE Matrix for Gulf Shore Operations is attached hereto as "Exhibit A" Plaintiff was not provided with the protective equipment to satisfy OSHA's minimum requirements, as identified in Exhibit A. In fact, DRC Emergency Services specifically instructed Mr. Brown not to wear protective equipment. DRC Emergency Services failed to comply with OSHA minimum requirements, notwithstanding requirement that all response activities comply with OSHA standards.

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

EXHIBIT A

**EXHIBIT A**

**EXHIBIT A**

I state under penalty of perjury that the foregoing is true and correct. Executed on the following date at the following location:

Date: _Sep 20_, 2014

Location (City and State): _Covington La_

_Joseph Gregory Brown_
Signature of Plaintiff (*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf*)

_Joseph Gregory Brown_
Print Name

FINAL REVISION

## Off-Shore PPE Matrix for Gulf Operations
X = Minimum Requirements

| Task Number | Task Title | Task Description & Requirements | HEAD – Sun Hat/Sun Screen | HEAD – Hard Hat | EYES – Safety Glasses (7) | EYES – Safety Goggles | FACE – Face Shield | EARS – Hearing Protection | HANDS – Nitrile 28/40 mil Heavy Use Gloves | HANDS – Nitrile 11-26 mil Light Use Gloves | HANDS – Abrasion Resistant Work Gloves | BODY – Hi-Visible Garment | BODY – Barrier Apron and/or Barrier Sleeves and/or Barrier Pants | BODY – Breathable Barrier Suit for Solids | BODY – Breathable Barrier Suit for Solids and Light Splash | BODY – Impervious Suit for Extended Oil Contact | BODY – Chest Waders/Hip Boots | BODY – USCG Approved PFD | BODY – Fire Resistant Clothing | FEET – Steel-Toe Boots | FEET – Boot Covers (Chicken Boots) | FEET – Rubber Boots | ADDITIONAL CONSIDERATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Manual Cutting of Oiled Vegetation | Oiled vegetation is cut by hand, collected and stuffed into bags or containers for disposal. Performed from boat using machete, shearing tools, garden tools, etc. | X | (1) | X | (4) | (4) | | | (4) (INNER) | X (OUTER) | (6) | (4) | (4) | (4) | (4) | | (2) | | (5) | (4) | X | Cut resistant sleeves as required. Suit selection based on site conditions. |
| 2 | Manual sorbent application (Beach Clean Up) | Sorbents are applied manually to contaminated areas to soak up oil. | X | (1) | X | (4) | | | | | X | (6) | (4) | (4) | (4) | | | (2) | | (5),(8) | (4) | X | Suit selection based on site conditions |
| 3 | Manual sorbent retrieval (Beach Clean Up) | Sorbents are retrieved manually from contaminated areas. | X | (1) | X | (4) | | | X | | | (6) | (4) | (4) | (4) | (4) | | (2) | | (5),(8) | (4) | X | |
| 4 | Clean Boom Deployment (Hard Boom) | Deployment of clean boom | X | (1) | X | | | | | | X | | (4) | | | | | X | | X | | | Wear cut resistant sleeves. |
| 5 | Boom Retrieval (Hard boom) | Retrieval of oiled boom | X | (1) | X | (4) | | | (4) (INNER) | X (OUTER) | | | X | | (4) | (4) | | X | | X | (4) | | Wear cut resistant sleeves. Suit selection based on site conditions. In addition to chemical hazards, exposure risks may include marine life (barnacles, jellyfish and stingray barbs, etc.) |
| 6 | Snare Boom Operations | Snare boom is deployed/retrieved into the water (also tidal pools) from boats. | X | (1) | X | X | (4) | | (4) (INNER) | X (OUTER) | (6) | (4) | (4) | (4) | (4) | (4) | | (2) | | | | X | Goggles and faceshield for boom retrieval only. |
| 7 | Sump and Pump/Vacuum Truck/Portable Skimmers | Oil collects in sumps, natural depressions or behind booms. Oil is removed by skimmers and vacuum equipment/trucks. | X | (1) | X | (4) | (4) | X | | (4) (INNER) | X (OUTER) | (6) | (4) | (4) | (4) | (4) | | (2) | | (5) | (4) | | |
| 8 | Skimming Operations (outside 5 mile radius from source) | Use of skimming resources to remove oil from the water. Activities include retrieval and skimmer operations including recovered oil transfer. | X | (1) | X | (4) | (4) | (4) | | (4) (INNER) | X (OUTER) | | X | | (4) | (4) | | X | | | | X | If using heavy nitrile gloves, abrasion resistant work gloves are not required. |
| 9 | Skimming Operations (inside 5 mile radius from source) | Use of skimming resources to remove oil from the water. Activities include retrieval and skimmer operations including recovered oil transfer. | X | (1) | X | (4) | (4) | (4) | | (4) (INNER) | X (OUTER) | | X | | (4) | (4) | | X | | | | X | Workers must be respiratory program qualified. If using heavy nitrile gloves, abrasion resistant work gloves are not required. |
| 10 | Decon - low Pressure Cleaning | < 100 psi (e.g. garden hose, hudson sprayer) | X | (1) | X | (4) | | | X | | | (6) | | X | (4) | | | (2) | | X | | | |
| 11 | Decon - Medium Pressure Cleaning | Medium pressure water spray flushes oil from substrate and is channeled to recovery points. For pressure washers between 100 and 3,000 psi operating range. | X | (1) | | X | X | X | X | | | (6) | | X | (4) | | | (2) | | X | X | | PPE alone is not sufficient protection. Detailed training required on safe pressure washer use. Task needs to be continually monitored to assess the need for additional PPE. For additional guidance, see the NIOSH PPE Guide. |
| 12 | Decon - High Pressure Cleaning | High pressure (> 3,000 psi), scalding water spray flushes oil from substrate and is channeled to recovery points. | X | (1) | | X | X DOUBLE PROTECTION | X | | | (6) | | | | | X | | (2) | | X | X | | Double Protection entails ear muffs and plugs. PPE alone is not sufficient protection. Detailed training required on safe pressure washer use. Task needs to be continually monitored to assess the need for additional PPE. For additional guidance, see the NIOSH PPE Guide. |
| 13 | Decon - Dry Ice Blasting | Dry ice pellets remove oil from substrate using a high pressure, thermal shock process. | X | (1) | | X | X DOUBLE PROTECTION | | X | | | (6) | | X | (4) | | | (2) | | X | (4) | | Double Protection entails ear muffs and plugs. Task needs to be continually monitored to assess the need for additional PPE. For additional guidance, see the NIOSH PPE Guide. |
| 14 | In-Situ Burning | Upwind end of contaminated area is ignited to burn down-wind. Respiratory protection may be required if identified in a site-specific task hazard analysis. | X | (1) | X | | | | | | X | | | | | | | X | X | (5) | | | Emergency escape breathing device is required for each person on board. Devices are provided by vessel. |
| 15 | Cargo Inspections on Marine Vessels | Opening tanks and storage compartments holding collected oil and vegetation for visual inspection (H2S exposure potential). | X | (1) | X | (4) | | (4) | | | X | | | | | | | X | | (5) | | | Task needs to be continually monitored to assess the need for additional PPE. |
| 16 | Marsh / Near-Shore Clean-up Operations | SCAT-Pollution Investigation. Workers on foot and aboard small boats and patrol marshes and bayous to search for oil impact. Workers will not be physically cleaning. | X | (1) | X | | | (4) | (4) | (4) | | | | | | (4) | | (2) | | (5),(8) | | | |

**FOOTNOTES**
(1) Required only when over head or bump hazards are present. Sun Hat required when hard hat is not required.
(2) Personal Flotation Device (PFD) is required when working on decks, vessels, and if entering water/surf where water exceeds knee height.
(3) This footnote intentionally left blank
(4) Wear when a specific hazard associated with the given job exists and warrants wearing of this protection. This will determined by conducting a field JHA prior to the start of the task and will be performed by either Site Safety Officers, Site Supervisors or Team leads that have been trained in the use of the field form, with input from BP Safety / Industrial Hygiene as requested.
(5) Steel-toed boots are required based on worksite conditions
(6) Required when working around heavy equipment or UTVs
(7) Only clear lenses shall be used at night
(8) Wear snake boots based on risk

Ver. 2.1 (last revised: 8-14-10)
This revision supersedes all previously dated copies