# Exhibit 22

Epiq Systems as Database Administrator
for MDL 2179, Deepwater Horizon Oil Spill Litigation
PO Box 4349
Portland, OR 97208-4349

 061601701875

000 0208905 00000000 001 014 07464 000: 0 0
ROY L CAUSEY
309 LEE ST
BILOXI, MS 39530-2471

July 24, 2014

This Page Intentionally Left Blank



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *ALL CASES IN PLEADING BUNDLE B3* | * * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

* * * * * * * * * * * *

## PRE-TRIAL ORDER NO. 57

### [Establishing A Protocol For Disclosures Clarifying The Basis For the B3 Claims Against the Clean-Up Responder Defendants]

The Court has previously indicated that the Clean-Up Responder Defendants[1] are entitled to derivative immunity under the Clean Water Act for the actions that are the subject of the First Amended Master Complaint in Accordance with Pretrial Order No. 11 Section III.B(3) ("Amended B3 Master Complaint") (Rec. Doc. 1812) if they performed these actions pursuant to the authorization, direction, and ultimate control of the federal government. Accordingly, the purpose of this Order is to establish a protocol for specific disclosures clarifying the basis for the "B3"[2] claims asserted against the Clean-Up Responder Defendants in this multidistrict litigation. Plaintiffs who believe they have specific evidence that any Clean-Up Responder Defendant(s) failed to act pursuant to the authority and direction of the federal government in conducting oil

---

[1] O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

[2] The "B3" pleading bundle was defined by this Court in Pretrial Order No. 11 (Case Management Order No. 1) and clarified in Pretrial Order No. 25. (Rec. Docs. 569, 983).



remediation and clean-up response operations ("clean-up"), and in so doing, caused, in whole or in part, their "B3" injuries and/or damages, are subject to this Order.

At this juncture, this Order is **only** directed to those plaintiffs who properly opted out of the Medical Benefits Class Action Settlement ("Medical Benefits Settlement" or "Settlement") approved by this Court (Rec. Docs. 8217, 8218) or are not members of the Medical Benefits Settlement Class, **and** who are pursuing B3 claims against any Clean-Up Responder Defendant(s) arising out of the clean-up, whether by joinder in the Amended B3 Master Complaint, individual complaint, or otherwise, **and** who believe they have the specific evidence described above. This Order does not concern, and has no effect on, any pending or contemplated B3 claims brought against any other parties, including but not limited to BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"). This Order also does not concern any B3 claims that have been brought against Nalco,[3] which has been dismissed from this litigation.

Claimants are ordered to serve any sworn statement and supporting information pursuant to this Order on both Liaison Counsel for the Clean-Up Responder Defendants and Plaintiffs' Liaison Counsel on or before **September 22, 2014**. Service can be made via United States mail at the following addresses:

| | |
|---|---|
| Defense Liaison Counsel | Plaintiffs' Co-Liaison Counsel |
| Attention: Michael J. Lyle, Esq. | MDL 2179 Steering Committee |
| Quinn Emanuel Urquhart & Sullivan, LLP | The Exchange Centre, Suite 2000 |
| 777 6th Street NW, 11th Floor | 935 Gravier Street |
| Washington, D.C. 20001 | New Orleans, LA 70112 |

---

[3] "Nalco" refers to Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC, and Nalco Holding Company.

**EXHIBIT A**

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

## FORM FOR DISCLOSURES CLARIFYING THE BASIS FOR B3 CLAIMS
## AGAINST THE CLEAN-UP RESPONDER DEFENDANTS[1]

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Causey | Roy | Lester | |

| Phone Number 228-806-8393 | |
|---|---|
| 228-436-6648   228-239-0655 | E-Mail Address roycausey@att.net. |

| Address | City/State/Zip |
|---|---|
| 309 Lee Street | Biloxi ms. 39530 |

| Attorney Name and Firm | Attorney |
|---|---|
| Douglas Schmidt, APLC | Douglas Schmidt |

Please indicate your status with respect to the Medical Benefits Class Action Settlement Approved by the Court (Rec. Docs. 8217, 8218):

☒ Properly opted out of the Medical Benefits Class Action Settlement

☐ Not a member of the Medical Benefits Settlement Class

☐ Other:

You are pursuing a claim against at least one Clean-Up Responder Defendant by way of (*select all that apply*):

☒ Joinder in the Amended B3 Master Complaint (Rec. Doc. 1812)

☐ Individual Action, Case No. _____

☐ Other: _____

If you filed a short-form joining in the Amended B3 Master Complaint, which box did you check that applied to you and your claim(s)?

☐ 1.   Boat captain or crew involved in the Vessels of Opportunity program.

☒ 2.   Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.

☐ 3.   Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.

☐ 4.   Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.

☒ 5.   Resident who lives or works in close proximity to coastal waters.

☐ 6.   Other: _____

---

[1] The Clean-Up Responder Defendants are: O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.



## EXHIBIT A

1. If you served as a clean-up worker,[2] please set forth your employment information during the clean-up, specifically:
   a. Your employer(s);
   b. Your supervisor(s) at employer(s) identified in paragraph 1(a);
   c. A description of the work you performed for employer(s) identified in paragraph 1(a);
   d. The date(s), time(s), and location(s) you performed the work described in paragraph 1(c); and
   e. Any person(s) or entity(s) other than your employer who oversaw, supervised, or managed your work described in paragraph 1(c).

   *If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

(a) AMI of Moss Point Ms., AMI of Mobile Alabama, NRC - contractor operation section #227-778320CR with NorthStar of New Jersey also NRCES 1605 Ferry Point Alameda Ca. 94501

(b) AMI of moss point Emmett #940-933-9901, NorthStar Drew #850-291-2253, NRCES, Michael Vick #510-719-1253

(c) Heavy work exposure to oil, oil fumes, solvents and other chemical contaminants related to my job in decontamination of equipment during the BP Gulf Oil spill. Heavily exposed to mist and fumes. At times fumes so heavy that my eyes would tear, nasal and respiratory passages would become cogested. Had to gasp for air, the conditions were harsh. Not only was I always grossly saturated and contaminated, but also worked 12-14 hours days in 97-degree temperatures and 100% humidity. High Pressure washing of 100. with Very Hot Water and Chemical Plus Dry ICE Blasting of chemical off Barges U 00 as well. Dispersants were everywhere crude oil as well.

(d) August 15, 2010 - October 20 2010 from 6:00 am - 6:00 pm somedays 8:00 pm.

2. Please set forth a specific explanation of the circumstances of your alleged exposure to oil, dispersants, chemicals, and/or toxic substances during the clean-up, including the pathway of exposure (e.g., ingestion, inhalation, dermal contact, etc.), the date(s), time(s), and location(s) of exposure, the duration of exposure, and the Clean-Up Responder Defendant(s) alleged to be responsible for the exposure.

   *If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

---

[2] The term "clean-up worker" shall have the same meaning as that defined in the Medical Benefits Class Action Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).

**EXHIBIT A**

2) Heavy work exposure to oil, oil fumes, solvents and other chemical contaminants related job. Exposed to use of CoREdit 9527, the dispersant which contains 2-Butoxyethanol on Mobile Bay State Docks while Decon. VOO Vessel and Barges.

3. Please set forth a specific description of the alleged injury, illness, or medical condition you sustained as a result of alleged exposure to oil, dispersants, chemicals, and/or toxic substances during the clean-up. If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.

Was not provided a respirator or effective protective equipment My eyes were constantly irritated, my respiratory passageways and chest constantly burned. My blurred vision, burning of my eyes at time of exposure lead to me having to wear glasses now vision started getting worst. Now light sensitivity and recurrent redness and eye irritation. I now have a persistent cough, and waking up at night coughing or choking more stressed out than normal. Intermittent episodes of shortness of breath with activity, my sinus congestion and recurrent nosebleed, loss of smell as well at night having night sweats and restlessness. Additional symptoms including back pain, leg pain, pain in arms trouble waking recurrent swelling in my legs and arms and muscles tremors. My muscles shake and jump all by themselves.

3

Experiences edema and swelling intermittently in my hands and feet. My hands have recurrent stiffness and soreness. Decrease in appetite with changes in bowel and bladder pattern

4. With respect to each Clean-Up Responder Defendant alleged to be responsible for the alleged exposure identified above in paragraph 2, please state separately as to each Clean-Up Responder Defendant a detailed description of:

    a. The basis for your identification, such as a description or name of the vessel(s), aircraft, or individual(s) involved, or other evidence identifying the specific Clean-Up Responder Defendant;

    b. The act(s) or omission(s) that caused your alleged injury, illness, or medical condition;

    c. The date(s), time(s), and location(s) in which the act(s) or omission(s) described in paragraph 4(b) occurred; and

    d. How the act(s) or omission(s) described in paragraph 4(b) caused your alleged injury, illness, or medical condition.

    *If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

    a) Subsea 7s of M K was the vessel that actually capped the Deepwater Horizon Oil spill well MC 252.

    AMI, Northstar Decontamination of ship and Robots used in the Oil spill in Gulf of Mexico base out Houston Tx

    b) Nasty crude oil all over Robots and ship was horrible smells Bad. Had to High Pressure Washdown ship and Robots using Dry Ice Blasting as well, swipe down th Rags.

    c) September and October of 2010 in Mobile Alabama State Port Docks.

    d) Because on November 7, 2010 went in Hospital suddenly with complication Been going to Doctors office visits and Hospitals since Working for Northstar AMI BP NRC FS NRC. Had to Apply for my Disability unable to work no more on 40 hour job or work week

5. For each Clean-Up Responder Defendant identified above in paragraphs 2 and 4, state whether the alleged act(s) or omission(s) identified above in paragraph 4(b) violated, exceeded, or was/were undertaken without any instruction(s) or order(s) issued by the United States Coast Guard or any other federal governmental agency in connection with the clean-up and led to Claimant's alleged injury, illness, or medical condition. Further, Claimant shall specify the following:

4

### EXHIBIT A

a. With respect to each such alleged act or omission that allegedly violated or exceeded the government's instruction(s) or order(s):

  i. The specific instruction(s) or order(s) issued by the United States Coast Guard or any other federal government agency in connection with the clean-up which Claimant contends was/were violated or exceeded, including without limitation any instruction(s) or order(s) relating to the application of dispersant, *in situ* burning of oil, laying of boom, skimming of oil, decontamination efforts, and onshore/beach clean-up operations, as well as the following with respect to each such instruction or order:

  1. The name(s) of the Clean-Up Responder Defendant(s) who received this instruction or order;

  2. The name(s) of the federal government agency(s) that issued this instruction or order, and, for each agency, the name(s) and title(s) of the government agent(s) or official(s) that gave the instruction or order;

  3. The date(s) and time(s) this instruction or order was issued and manner (*e.g.*, written, oral, etc.) in which this instruction or order was relayed;

  4. The basis for Claimant's knowledge that the alleged act or omission violated or exceeded the instruction(s) or order(s) identified in paragraph 5(a)(i); and

  5. Claimant's specific evidence that the alleged act or omission violated or exceeded the instruction(s) or order(s) identified in paragraph 5(a)(i).

b. With respect to each such alleged act or omission that Claimant contends was undertaken without any federal government instruction(s) or order(s):

  i. The basis for Claimant's knowledge that the alleged act or omission was undertaken without any federal government instruction(s) or order(s); and

  ii. Claimant's specific evidence that the alleged act or omission was undertaken without any federal government instruction(s) or order(s).

*If you need more space to detail your response, please use the additional pages at the end of this form or attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

a1) (NRC) National Response Corporation / Northstar

a2) (OSHA) Occupational Permissible Exposure Limits (PELs) are the permissible concentration in air of substances to which nearly all workers maybe repeatedly exposed 8 hours a day 40 hours a week for 30 years without adverse effects. (ref. OSHA 29 CFR: 1910.1000).
But working with these contractors, we worked 12-14 hour days 7 days a week with 84 hour mandatory work week doing Decontamination in 90° - 100° plus heat in summer time.

a3) August 15 2010 - October 20 2010 6:00 am - 6:00 pm or 8:00 pm if necessary.

a4) (NIOSH) Recommended Exposure Limits (RELs) provide time weighted average concentration for certain chemicals constituents for up to a 10 hour work day during 40he work week (ref. NIOSH Pocket Guide to Chemical Hazards)

Case 2:10-md-02179-CJB-SS Document 13158-1 Filed 07/17/14 Page 6 of 12
Case 2:10-md-02179-CJB-DPC Document 17643-26 Filed 05/09/16 Page 10 of 21
EXHIBIT A

(25) Although they do not con a legal requirement they are often more stringent than the OSHA corresponding permissible exposure limit for that chemical.

Hot Water Pressure Washing and chemical dispersant increase high level of toxic chemical fumes.

* Note: The USE of COREXit 9527, the dispersant which contains 2-Butoxyethanol even when they ceased 22 may 2010 the use of Toxin it's present and still there.

Personal Exposure Monitoring Results summary was Never given to Employee's For MC252 Oil Spill.

BENZENE
Hydrocarbons
Toluene
Ethyl BenZENE
XyLENE

Oil Mist Personal sample Results For Decontamination Activities 02 August 2010 to 11 November 2010

| Beach level 203 | |
| Near shore level 62 | NIOSH RELs |
| High level 181 Dockside | OSHA PELs |
| < 0.5 mgm³ | ACGIH TLVs |
| 0.5 - 0.99 mgm³ level 13 | 5 mg/m3 |

NOTE The USE of COREXit 9527 the dispersant which contains 2-Butoxyethanol.

**EXHIBIT A**

I state under penalty of perjury that the foregoing is true and correct.  Executed on the following date at the following location:

Date: July 30, , 2014

Location (City and State): Biloxi Ms 39530

Roy Lester Causey 7/30/14
Signature of Plaintiff (*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf*)

Roy Lester Causey        7/30/14
Print Name

12



















