## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| | * | |
| This Document Relates To: | * | JUDGE BARBIER |
| | * | |
| No. 12-970, Bon Secour Fisheries, Inc., et | * | |
| al., v. BP Exploration & | * | |
| Production Inc. et al. | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |

### NOTICE OF APPEAL

Notice is hereby given that Kevin S. Smith, Solomon J. Fleischman, and John C. Kelly,

claimants in the *Deepwater Horizon* Economic and Property Damages Settlement Agreement As

Amended on May 2, 2012 reached in *Bon Secour Fisheries Inc., et al. v. BP Exploration &*

*Production Inc., et al.*, No. 12-970 (E.D. La.), appeal to the United States Court of Appeals for the

Fifth Circuit from the district court's Order and Reasons [As to the Requests for Discretionary

Review by Claimants Kevin S. Smith, Solomon J. Fleischman, and John C. Kelly; on Remand

from the Court of Appeals], dated April 25, 2016 and filed as Rec. Doc. 16432 in *In re: Oil Spill*

*by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-2179

(E.D. La.) and attached hereto as Exhibit A.

May 10, 2016                                    Respectfully submitted,

                                                /s/ *Joseph F. Rice*

                                                _____
                                                Joseph F. Rice
                                                Kevin R. Dean
                                                Frederick C. Baker
                                                Lisa M. Saltzburg
                                                MOTLEY RICE LLC
                                                28 Bridgeside Blvd.
                                                Mt. Pleasant, SC 29464

(843) 216-9000
(843 216-9450 (fax)
jrice@motleyrice.com
kdean@motleyrice.com
fbaker@motleyrice.com
lsaltzburg@motleyrice.com

Louis Kwall
KWALL, SHOWERS & BARACK, P.A.
133 North Fort Harrison Ave.
Clearwater, FL 33755
(727) 441-4947
(727) 447-3158 (fax)
Louis@ksblaw.com

*Attorneys for Claimants Kevin S. Smith,
Solomon J. Fleischman, and John C. Kelly*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Appeal will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of May, 2016.

/s/   *Kevin R. Dean*

_____

Kevin R. Dean

# Exhibit
# A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig        MDL NO. 2179
   "Deepwater Horizon" in the Gulf
   of Mexico, on April 20, 2010      SECTION J

Applies to: No. 12-970            JUDGE BARBIER
                                  MAGISTRATE JUDGE SHUSHAN

<u>ORDER & REASONS</u>
**[As to the Requests for Discretionary Review by Claimants Kevin S. Smith, Solomon J. Fleischman, and John C. Kelly; on Remand from the Court of Appeals]**

Before the Court are matters remanded from the Court of Appeals, namely, requests for discretionary review by claimants Kevin Smith, Solomon Fleischman, and John Kelly (collectively, "Claimants"). *See In re Deepwater Horizon*, 632 F. App'x 199 (5th Cir. 2015) (unpublished per curiam). This Order assumes the reader's familiarity with Multidistrict Litigation No. 2179, the *Deepwater Horizon* Economic and Property Damages Settlement ("Settlement"), the Court-Supervised Settlement Program ("Settlement Program" or "Program"), etc.

Claimants are each co-owners and officers of Fleischman & Garcia Architects, an architecture firm ("the Firm"). Solomon Fleischman filed on behalf of the Firm a claim with the Settlement Program that sought compensation under the Settlement's Business Economic Loss ("BEL") framework. Each of the Claimants also submitted claims with the Settlement Program under the Individual Economic Loss ("IEL") framework. The Settlement Program found the Firm's BEL claim eligible for compensation and awarded it a substantial amount. The Program denied the Claimants' IEL claims, however. Denial notices from the Program stated, "Our records reflect that you submitted an Economic Loss claim for your business in addition to this Individual Economic Loss claim. You cannot recover employment losses from a job at a business for which you have submitted an Economic Loss Claim." After exhausting preliminary steps, the Claimants

appealed to Appeal Panels established by the Settlement, which upheld the denials. The Appeal

Panels concluded that denying the IEL claims was necessary to prevent a double recovery, since

owner/officer compensation was treated as a fixed, as opposed to variable, cost in the course of

calculating the Firm's claim under the BEL framework. Claimants then requested that this Court

exercise its discretion under the Settlement to review their claims; the Court denied those requests.[1]

Claimants then appealed to the Fifth Circuit Court of Appeals, which held that this Court abused

its discretion when it denied the requests for discretionary review. *Id.* at 204. The Circuit noted

that the Settlement's Appeal Panels were divided on the issue raised by the Claimants and further

reasoned that "the question of contract interpretation presented in these appeals would be best

addressed first by the district court charged with administering the [Settlement] Agreement." *Id.*

Accordingly, the Circuit vacated the denial of the requests for discretionary review and remanded

the claims to this Court for further proceedings.

Pursuant to the Fifth Circuit's instruction, this Court hereby grants Claimants' requests for

discretionary review. However, after revisiting the record in this matter, as well as the briefs

submitted to the Fifth Circuit, the Court concludes that the Appeal Panels' decisions were correct.

As one of the Appeal Panels observed, Claimants make a strong argument that their claims

are compensable under the IEL framework. However, the Court finds BP's contentions more

persuasive. The Settlement Program treated the Claimants' owner/officer compensation as "fixed

costs" under the BEL framework.[2] Because owner/officer compensation was treated as a fixed

cost based on pre-spill wages, the Firm is paid as if there was no reduction in owner/officer

---

[1] Section 6.6 of the Settlement provides the Court with "the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement. Upon reviewing such a determination, the Court shall treat the Appeal determination as if it were a recommendation by a Magistrate Judge."

[2] To the extent Claimants challenge the decision to treat owner/officer compensation as a fixed cost, rather than a variable cost, the Court concludes it was a proper interpretation and application of the Settlement.

compensation during the post-spill period, and the BEL award to the Firm is therefore higher than it would have been if the cost-savings in owner/officer compensation had been treated as a variable cost.[3]  Thus, the Firm benefitted from this classification.  Even if this additional compensation to the Firm is not passed directly to the Claimants, Claimants, as owners of the Firm, still benefit from the increased value to the business.  Because the Settlement's BEL framework has inherently compensated the Firm for the reduced owner/officer compensation, permitting the Claimants to recover for the same losses under the IEL framework would constitute a double recovery.

Claimants argue that if their claims had been processed and paid under the IEL framework, their awards would have been greater than the benefit the Firm received by considering owner/officer compensation as a fixed cost under the BEL framework.  Be that as it may, it does not change the fact that the Settlement Program has compensated these losses under the BEL framework.  Furthermore, the Court does not read the Settlement as permitting Claimants to choose to have owner/officer compensation reclassified as a variable cost under the BEL framework or to have their IEL claim awards set off by the amount of compensation the Firm received from having owner/officer compensation calculated as a fixed cost, as Claimants propose.  The Court concludes that the Appeal Panels' interpretation and application of the Settlement to these claims, under these circumstances, was correct.

For these reasons,

IT IS ORDERED that the Claimants' request for discretionary review is GRANTED.

IT IS FURTHER ORDERED that the Settlement Appeal Panels' decisions relative to Kevin Smith (Claim ID 143632), Solomon Fleischman (Claim ID 141390), and John Kelly (Claim ID 141567) are AFFIRMED.

---

[3]  Indeed, Claimants concede that the Settlement award to the Firm was higher than it would have been if Claimants' salaries had been treated as a variable cost.  *See* Smith & Fleischman Appellate Br. at 16-17.

New Orleans, Louisiana, this 25th day of April 2016.

_____
United States District Court

**Clerk to Notify the Settlement Appeals Coordinator (AppealsCoordinator@dhecc.com)**

4