5-4-2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   MAY 06 2016
WP

WILLIAM W. BLEVINS
CLERK

| | | |
|---|---|---|
| IN RE; OIL SPILL by the OIL RIG "DEEPWATER HOROZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * | MDL 2179 |
| | * | SECTION : J |
| THIS DOCUMENT RELATES TO: | * | JUDGE CARL BARBIER |
| ONE OF THE REMAINING CLAIMS IN THE B3 BUNDLE AGAINST THE CLEAN UP RESPONDENT DEFENDANTS: | * | MAGISTRATE JUDGE SALLY SHUSHAN |
| PLAINTIFF, SCEA BURRAGE( 10-8888, DOCS. 89515@10885) | * | PLAINTIFFS RESPONSE TO DEFENDANTS FILING MOTION FOR SUMMARY JUDGMENT |

-------------------------------------------------------------------------------------------

RESPONSE TO DEFENDANTS FILING MOTION FOR SUMMARY JUDGMENT

I am Scea Burrage ( Plaintiff) one of the eleven individuals who has timely responded to all questions in the questionnaire attached to Pretrial Order No. 57.
 The court reserved judgment on those claims. (Rec. Doc. 15853 at 31-32). Reason noted, however, the Clean Up Responder Defendants contention  that these Questionnaires  were not sufficient to defeat a motion summary for judgment the Plaintiff Steering Committee's argument that the Questionnaires raised material issues of fact that would defeat summary judgment..
 As part of the continuing management of this multidistrict litigation, the court permitted the clean Up Responders to file motion for summary judgment specific to the remaining eleven B3 plaintiffs.

( See attachments page no. 2-3) Plaintiffs supporting facts. One of eleven Plaintiffs with timely Questionnaire. ( DOCS. 15853)

(See attachments page no. 2-11) Plaintiffs supporting facts PTO 57(DOCS. 15853 @ 16165)

_____ Fee _____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No. _____

can clarify the basis for their B3 claims against any Clean-Up Responder Defendant(s) from those who cannot, it is appropriate to grant summary judgment and dismiss, with prejudice, the claims of Plaintiffs who have failed to provide all of the required details in their Questionnaires. Indeed, "[o]therwise, a *Lone Pine* order has no teeth." *Id.* at *4.

The Plaintiffs who have submitted "blank" or "incomplete" questionnaires identified above have failed to raise genuine issues of material fact sufficient to survive summary judgment. Further, those Plaintiffs who have submitted "blank" or "incomplete" questionnaires have failed to adhere to the content requirements of PTO 57. Their failure to provide this essential information despite the Court's order that they do so also warrants dismissal with prejudice. *Acuna*, 200 F. 3d at 340-41; *see also* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b).

For the foregoing reasons, the claims of the Plaintiffs listed on sections A, C, and D of Exhibit 2 to the Joint Report (Rec. Doc. 13667-2 at 4, 6, 7) against the Clean-Up Responder Defendants are dismissed with prejudice.



### 4. *Plaintiffs Who Submitted Written Responses to the Questions Posed in the Questionnaire*

The Joint Report confirms that the following eleven (11) Plaintiffs have provided a timely written response to all of the questions posed in the Questionnaire:

1. Barlow, Torrey
2. Brown, Joseph
3. Burrage, Scea
4. Causey, Roy
5. Danos, Jorey
6. Fitzgerald, Nathan
7. Hines, Thomas
8. Howell, Frank
9. Maurras, Doug
10. Prest, Kirk
11. Wunstell, John

Page 2

(Rec. Doc. 13667 at 6, 13667-2 at 8). The Clean-Up Responder Defendants contend that these Questionnaires are insufficient to defeat their motions for summary judgment and do not raise genuine issues of material fact. The PSC, on the other hand, contends that these Questionnaires are sufficient and raise material issues of fact in connection with the Clean-Up Responder Defendants' summary judgment motions. The Court will reserve judgment in connection with these 11 Plaintiffs.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that all B3 claims against the Clean-Up Responder Defendants are dismissed with prejudice, whether by joinder in the B3 Master Complaint, individual complaint, or otherwise, with the exception of the claims asserted by the 11 Plaintiffs listed on section E of Exhibit 2 to the Joint Report. (Rec. Doc. 13667-2 at 8).

New Orleans, Louisiana this 16th day of February, 2016.

CARL J. BARBIER
United States District Judge

forth certain information by September 22, 2014. (Rec. Doc. 13158 at 6). The form for such a sworn statement, or "Questionnaire," was attached to PTO 57 as Exhibit A. (Rec. Doc. 13158-1).

PTO 57 required that Plaintiffs provide: (1) certain employment-related information, if they served as a clean-up worker during the *Deepwater Horizon* oil spill response; (2) a specific explanation of the circumstances of alleged exposure, including the pathway of exposure, the date(s), time(s), and location(s) of exposure, the duration of exposure, and the Clean-Up Responder Defendant(s) alleged to be responsible for the exposure; (3) a specific description of the alleged injury, illness, or medical condition sustained as a result of such exposure; (4) the basis for the identification of each Clean-Up Responder Defendant alleged to be responsible for such exposure, the act(s) or omission(s) that caused Plaintiff's injury, illness, or medical condition as well as the date(s), time(s), and location(s) of such act(s) or omission(s) and the circumstances under which it/they arose, and how the act(s) or omission(s) caused their injury, illness, or medical condition; and (5) details and specific evidence regarding how the previously-identified act(s) or omission(s) violated or exceeded the federal government's instruction(s) or order(s), or was/were undertaken without any such instruction(s) or order(s), and led to the alleged injury, illness, or medical condition. (Rec. Doc. 13158 at 6-9).

PTO 57 was to be sent to all counsel of record via File & ServeXpress and posted on the Court's website along with its accompanying notice. (Rec. Doc. 13158 at 10-11). Defense Liaison Counsel was ordered to mail PTO 57 and the accompanying notice to all unrepresented Plaintiffs who purportedly opted out of the Medical Benefits Settlement, as identified in the exhibit to the Joint Filing of the Declaration of Matthew Garretson (Rec. Doc. 7989). Finally, the PSC and Defense Liaison Counsel were ordered to commission Epiq Systems, Inc. to mail

Page 4

PTO 57 and the accompanying notice to all B3 Plaintiffs in their database for this multidistrict litigation, and to the extent practicable, the PSC was ordered to email PTO 57 to known counsel of record for B3 Plaintiffs.

On September 22, 2014, several Plaintiffs who had previously filed B3 individual actions against various Clean-Up Responder Defendants moved for an extension of time to file a response to PTO 57. (Recs. Docs. 13422, 13426). Specifically, these Plaintiffs requested an extension of time to respond until the discovery stay in their individual cases is lifted and they can conduct "adequate discovery," or in the alternative, 60 days from the date they received information responsive to their pending Freedom of Information Act requests. The Court held that such relief would "negate[] the purpose of the PTO 57 protocol," denied the motions, and instructed these Plaintiffs to comply with PTO 57 within fourteen calendar days. (Rec. Doc. 13439).

Pursuant to PTO 57, the PSC and the Clean-Up Responder Defendants, by and through Plaintiffs' Liaison Counsel and Defense Liaison Counsel, developed the Joint Report and submitted it to the Court on November 14, 2014. (Rec. Doc. 13667). In the Joint Report, the parties advised the Court that they complied with the notice procedures set forth in PTO 57 and that they had received 102 Questionnaires. The parties also advised the Court that they had agreed to several groupings with respect to compliance with PTO 57, namely those Questionnaires that: (1) were served past the deadline; (2) were submitted by clean-up workers who did not opt out of the Medical Benefits Settlement; (3) were "blank," in that they did not provide information in response to any of the questions posed in the Questionnaire; (4) provided information in response to some, but not all, of the questions posed in the Questionnaire; and (5)

12

Page 5

provided a written response to all questions posed in the Questionnaire.  Listings of such Plaintiffs were attached to the Joint Report at Exhibit 2.  (Rec. Doc. 13667-2).

The Declaration of Matthew Garretson, the Court-appointed Claims Administrator of the Medical Benefits Settlement, accompanied the Joint Report.  (Rec. Doc. 13667-3).  In this Declaration, Mr. Garretson confirmed the status of certain Plaintiffs who had submitted Questionnaires with respect to the Medical Benefits Settlement.

On January 7, 2016, the Court issued the Order to Show Cause ("OSC"), indicating that it had considered the briefing related to the Clean-Up Responder Defendants' summary judgment motions, as well as the Joint Report, and was prepared to dismiss certain Plaintiffs' B3 claims with prejudice.  The OSC directed Plaintiffs opposed to the dismissal of their B3 claims(s) with prejudice to show cause in writing on or before January 28, 2016, why the Court should not dismiss their claim(s).

## II.   LEGAL STANDARDS

### A.   Summary Judgment

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party moving for summary judgment "must demonstrate the absence of a genuine issue of material fact, but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). "Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Edwards v. Your Credit, Inc.*, 148 F. 3d 427, 432 (5th Cir. 1998).  Once a moving party has carried its burden, the nonmoving party must do more than create "some metaphysical doubt as to the

13

Page 6

material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F. 3d at 1075; *see also, e.g., Ramsey v. Henderson*, 286 F. 3d 264, 269 (5th Cir. 2002) (cautioning that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden [on] summary judgment").

**B.    *Lone Pine* Case Management Orders and Dismissal Under the Federal Rules**

The United States Court of Appeals for the Fifth Circuit has looked favorably upon *Lone Pine* case management orders that are employed to "handle the complex issues and potential burdens on defendants and the court in mass tort litigation." *Acuna v. Brown & Root Inc.*, 200 F. 3d 335, 340-41 (5th Cir. 2000). The "basic purpose of a *Lone Pine* order is to identify and cull potentially meritless claims and streamline litigation in complex cases." *In re Vioxx Products Liability Litigation*, 557 F. Supp. 2d 741, 743 (E.D. La. 2008) (*quoting Baker v. Chevron USA, Inc.*, No. 1:05-CV-227, 2007 WL 315346, at *1 (S.D. Ohio. Jan. 30, 2007)). A *Lone Pine* order can be employed at a court's discretion. *See* Fed. R. Civ. P. 16(c)(2)(L) (permitting the court to adopt[] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems").

Federal Rule of Civil Procedure 16(f) authorizes the dismissal of a claim or action due to a Plaintiff's failure to adhere to a pretrial order issued by a district court. Fed. R. Civ. P. 16(f), by reference to Fed. R. Civ. P. 37(b)(2)(A); *see also Callip v. Harris County Child Welfare Dept.*, 757 F. 2d 1513, 1518 (5th Cir. 1985) (*citing Link v. Wabash R. Co.*, 370 U.S. 626 (1962)) (noting that Rule 16(f) "merely makes explicit a discretionary power to control the expeditious disposition of docketed cases that appellate courts have long recognized to be an inherent attribute of federal district courts"). Accordingly, the Fifth Circuit has affirmed judgments dismissing claims with prejudice pursuant to Rule 16(f) due to Plaintiffs' failure to satisfy a *Lone*



*Pine* order's conditions. *Acuna*, 200 F. 3d at 340-41; *see also, e.g., In re Vioxx Prod. Liab.*

*Litig.*, MDL No. 1657, 2009 WL 1158887, at *3-6 (E.D. La. Apr. 28, 2009), *aff'd* No. 09-30446,

388 Fed. Appx. 391, 2010 WL 2802352 (5th Cir. July 16, 2010) (dismissing with prejudice

claimants who failed to provide requisite disclosures pursuant to a *Lone Pine* order). An action

or claim may also be dismissed with prejudice pursuant to Rule 41(b) when a Plaintiff has failed

to prosecute his or her claim(s) or has failed to comply with a court order. Fed. R. Civ. P. 41(b);

*Link*, 370 U.S. at 629-32; *Long v. Simmons*, 77 F. 3d 878, 879 (5th Cir. 1996) (*citing*

*McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988)). As multidistrict litigation is a

"special breed of complex litigation" wherein case management serves as the "engine that drives

disposition on the merits," and accordingly, the need for compliance with the Court's orders is

"essential," greater deference is afforded to the MDL Court in connection with administrating the

proceedings. *In re Asbestos Products Liability Litigation (No. VI)*, 718 F. 3d 236, 246-47 (3d

Cir. 2013) (*quoting In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F. 3d 1217, 1232

(9th Cir. 2006)).

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | **MDL No. 2179**<br><br>**SECTION: J** |
| | | **JUDGE CARL BARBIER** |
| This Document Relates to the Remaining Claims in B3 Bundle Against the Clean Up Responder Defendants: | * | **MAGISTRATE JUDGE SALLY SHUSHAN** |
| *Torrey Barlow (12-2248), Joseph Brown (12-2333), Scea Burrage (10-8888, Docs. 89515 & 10885), Roy Causey (10-8888, Doc. 34909), Jorey Danos (13-3747), William Fitzgerald o/b/o Nathan Fitzgerald (13-00650), Thomas Hines (13-2360; 10-8888, Doc. 22261 & 84046)), Frank Howell (13-3747), Douglas Maurras (12-2048), Kirk Prest (10-8888, Doc. 89566), John Wunstell, Jr. (10-2543; 10-8888, Doc. 57007)* | * * * * | |

## ORDER
### [Establishing Briefing Schedule on Remaining B3 Claims Against the Clean Up Responder Defendants]

On February 16, 2016, the Court issued an Order and Reasons that dismissed most "B3" claims[1] against the "Clean-Up Responder Defendants."[2]  (Rec. Doc. 15853).  The Order and Reasons did not dismiss at that time claims by eleven individuals who had timely responded to all questions in the Questionnaire attached to Pretrial Order No. 57, namely:

---

[1] "B3" refers to personal injury claims due to exposure to oil and/or chemical dispersant, among other claims. A complete definition of the "B3" pleading bundle can be found in in Pretrial Order Nos. 11 and 25 (Rec. Docs. 569, 983).

[2] The "Clean-Up Responder Defendants" are O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

Torrey Barlow
Joseph Brown
Scea Burrage
Roy Causey
Jorey Danos
Nathan Fitzgerald
Thomas Hines
Frank Howell
Doug Maurras
Kirk Prest
John Wunstell

The Court reserved judgment on those claims. (Rec. Doc. 15853 at 31-32).   The Order and Reasons noted, however, the Clean-Up Responder Defendants' contention that these eleven Questionnaires were not sufficient to defeat a motion for summary judgment, as well as the Plaintiffs' Steering Committee's argument that the Questionnaires raised material issues of fact that would defeat summary judgment.

As part of its continuing management of this multidistrict litigation, the Court will permit the Clean-Up Responder Defendants to file motions for summary judgment specific to the remaining eleven B3 plaintiffs.  Accordingly,

IT IS ORDERED that the Clean-Up Responder Defendants may file motions for summary judgment against the remaining B3 plaintiffs.  Such motions shall be filed on or before Monday, May 9, 2016.

IT IS FURTHER ORDERED that any response or opposition to a motion for summary judgment by a Clean-Up Responder Defendant shall be filed on or before Tuesday, May 24, 2016.[3] Any reply by a Clean-Up Responder Defendant shall be filed on or before Tuesday, May 31, 2016.

---

[3] Plaintiffs who are not represented by counsel may mail or hand deliver their response or opposition to:
United States District Court, Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130
The response or opposition must use a heading (caption) substantially similar to the one used on page 1 of this Order.

2

Page 10

A.    PLAINTIFFS STATEMENT OF MATERIAL ISSUE OF FACTS

On April 20, 2010, a loss of well control and one or more fires and explosins occurred on the Deepwater Horizon rig, which had been engaged in drilling activities in Mississipi Caynon Block 252- the location known as "Maconda" - on the Outer Continetal Shelf off the coast of Louisiana. The DeepwaterHorizon sank two days later, oil began to discharge into the gulf of Mexico.
, and the flow of oil continued for three months until the well was capped on July 15, 2010 and subquently sealed with the completion of a relief well on September 19, 2010. Clean up activities and efforts to minimize the impact of the oil spill continued for months. This was not expected to change life.

( See attachment page12) BACKGROUND AND PROCEDURAL HISTORY

B. Plaintiff were permitted to join in B3 Master Complaint  by filing a short forms pursuant to Pretrial Orders 20, 24, andd 25. (Rec. Docs. 904, 982, 983). Plaintiffs could also file individual petitions or complaints and be deemed " B3 Plaintiffs.

( See attachments pages 13 - 14) B. The Master Complaint

 Scea Burrage filed case is in pleading bundle B3. (10-8888, Docs.89515@10885)
The B3 Master Complaint asserted various claims for relief on behalf of five categories of plaintiffs. Specfically it aserted negligence, gross negligence, negligence per se, nuisance, and battery claims, and also sought medical monitoring for Florida  Plaintiffs, punitive damages, and declaratory relief…
 Scea Burrage has been exposed , injured due to oil spill pollution of the Gulf of Mexico due to negligence on behalf of oil spill clean up.

C. Defendants evidence fail to  support facts.

( See  attachment pages 15-16) photos

D. Scea Burrage has evidence of of injurys due to inhalation of fumegants due to oil spill. ( 10-8888,Docs. 89515@10885)

( See attachments pages 17-22).  Medical statements and affidavit

Page 11

## I.     BACKGROUND AND PROCEDURAL HISTORY

### A.     The Incident and Resultant Oil Spill

On April 20, 2010, a loss of well control and one or more fires and explosions occurred on the *Deepwater Horizon* rig, which had been engaged in drilling activities in Mississippi Canyon Block 252 – the location known as "Macondo"– on the Outer Continental Shelf off the coast of Louisiana.  The *Deepwater Horizon* sank two days later, oil began to discharge into the Gulf of Mexico, and the flow of oil continued for three months until the well was capped on July 15, 2010 and subsequently sealed with the completion of a relief well on September 19, 2010. Clean-up activities and efforts to minimize the impact of the spill continued for months thereafter.

This complex response effort included a variety of federal and state government entities and officials, BP Exploration & Production, Inc. and/or its affiliated entities (collectively, "BP"), who had been designated the "responsible party" for the oil spill under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, and a variety of other entities and individuals that were engaged to respond to the oil spill, including the Clean-Up Responder Defendants.  Response activities included skimming oil from the surface of the water, conducting controlled *in situ* burning of oil, placing containment and sorbent boom, onshore and beach clean-up, decontaminating vessels that engaged in various response efforts, and the application of dispersants to the surface of the Gulf of Mexico.  Dispersants "are chemical agents that emulsify, disperse, or solubilize oil into the water column or promote the surface spreading of oil slicks to facilitate dispersal of the oil into the water column," 40 C.F.R. § 300.5, and are used in oil spill response operations to reduce the impact of the spill.

2

Page 12

### B.     The B3 Master Complaint

On August 10, 2010, the Judicial Panel on Multidistrict Litigation transferred cases arising from the *Deepwater Horizon* incident to this Court for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. 2010). In order to facilitate the effective administration of this multidistrict litigation and the prosecution of the coordinated actions herein, the Court established eight separate "pleading bundles" for different categories of cases and claims, including the "B3" pleading bundle, defined to concern claims relating to the post-explosion clean-up efforts, including personal injury and/or medical monitoring claims for exposure or other injury occurring after the explosion and fire of April 20, 2010. (Rec. Doc. 569 at 1-5, Rec. Doc. 983 at 2).  Pursuant to Pretrial Order No. 11 (Rec. Doc. 569), the PSC filed a "B3" Master Complaint on December 15, 2010 (Rec. Doc. 881), which was amended on March 30, 2011 (Rec. Doc. 1812) and remains the operative Master Complaint. Plaintiffs were permitted to join in the B3 Master Complaint by filing short forms pursuant to Pretrial Orders 20, 24, and 25.  (Rec. Docs. 904, 982, 983).  Plaintiffs could also file individual petitions or complaints and be deemed "B3" Plaintiffs.  (Rec. Doc. 983 at 2).

The B3 Master Complaint asserted various claims for relief on behalf of five categories of Plaintiffs: (1) boat captains and crew involved in the Vessels of Opportunity ("VoO") Program ("VoO Plaintiffs"); (2) workers involved in decontaminating vessels; (3) other vessel captains and crew who were not involved in the VoO program; (4) clean-up workers and beach personnel who were involved in the onshore clean-up activities; and (5) residents "who live and work in close proximity to coastal waters or who otherwise allege that they were exposed to oil and/or dispersants (e.g., while on vacation)."  (Rec. Doc 1812 at ¶21).  Specifically, it asserted

Page 13

negligence, gross negligence, negligence *per se*, nuisance, and battery claims, and also sought medical monitoring for Florida Plaintiffs, punitive damages, and declaratory relief. Generally, the B3 Master Complaint alleges that Plaintiffs engaged in a variety of clean-up activities and were exposed to oil, dispersants, and other chemicals while doing so as a result of various actions or omissions of, among others, the Clean-Up Responder Defendants. Further, it alleges that the Defendants "failed to use reasonably safe dispersant chemicals or other chemicals in their attempts to respond to the Oil Spill, and thereby exacerbated the pollution of the Gulf of Mexico and injury to Plaintiffs," "ignored worker safety concerns," and failed to supply workers with appropriate equipment such as respirators. *Id.* at ¶¶ 150, 156, 184, 189, 190. The Clean-Up Responder Defendants are all named defendants in the B3 Master Complaint. *Id.* at ¶¶ 62-72.

### C.   The Court's Ruling on the Clean-Up Responder Defendants' Motions to Dismiss

Various Clean-Up Responder Defendants and the manufacturer of the dispersants used in the *Deepwater Horizon* response, Nalco,[2] moved to dismiss the claims asserted against them in the B3 Master Complaint, arguing, among other things, that they are entitled to derivative immunity under the Clean Water Act ("CWA"), 33 U.S.C. § 1321(j)(8), entitled to discretionary function immunity under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a), and that Plaintiffs' claims are preempted as a matter of law.

On September 30, 2011, the Court issued its Order and Reasons (Rec. Doc. 4159) granting in part and denying in part these motions to dismiss. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, MDL No. 2179, 2011 WL 4575696 (E.D. La. Sept.

---

[2] "Nalco" refers to Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC, and Nalco Holding Company. Nalco manufactured both dispersants used during the *Deepwater Horizon* response, Corexit EC9500A and Corexit EC9527A (collectively, "Corexit").

*Page 14*



A contractor cleans up oily

No face Mask . . .
Not Properly Protected from oil Contact

Page 15



*Plane disbursing Chemical*

**American Family Care, Inc.**
MSC 10000020 BX830810
Birmingham, AL 35283-0810

*Attachment*

IF PAYING BY MASTERCARD OR VISA FILL OUT BELOW

| | |
|---|---|
| ☐ MASTERCARD | ☐ VISA |
| ☐ AMEX | |
| **CARD NUMBER** | **EXP. DATE** |
| **SIGNATURE** | **SHOW AMOUNT PAID HERE** |
| **STATEMENT DATE** 9/22/2014 | **ACCT#** 1136420 |

Scea Burrage
10150 Woods Lane
IRVINGTON, AL 36544

American Family Care, Inc.
MSC 10000020 BX830810
Birmingham, AL 35283-0810

☐ Please check box if address is incorrect or insurance
information has changed, and indicate change(s) on reverse

## ACCOUNT SUMMARY

The Insurance Companies on file for these visits.
**Scea Burrage**
    Tricare

Out to insurance: $0.00
You have paid $0.00 as copays that are still pending.

You have $0.00 currently in your responsibility.
You have $0.00 available as a credit.
You owe $0.00 today.

---

Visit Date: 12/18/2012
Visit ID: 8169550
Patient: Scea
Location: Tillmans Corner
Physician: Linda Davenport, MD

| | CHARGES | INSURANCE PAYMENT | CONTRACT SAVINGS | PATIENT PAYMENT | ADJUSTMENT | BALANCE | RESPONSIBLE PARTY | DENIAL CODE |
|---|---|---|---|---|---|---|---|---|
| 85025 CBC | $27.00 | $6.24 | $19.19 | $0.00 | $1.57 | $0.00 | | COIN |
| 86738 MYCOPLASMA | $54.00 | $10.64 | $40.70 | $0.00 | $2.66 | $0.00 | | COIN |
| Z85025 CBC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| Z86738 MYCOPLASMA | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| Z87070 CULTURE AEROBIC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| Z87075 CULTURE, ANAEROBIC W/ISOLATION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| 10060 I&D ABSCESS, SIMPLE OR SINGLE | $102.00 | $40.39 | $19.90 | $0.00 | $41.71 | $0.00 | | COIN |
| 96372 INJECTIBLE ADMINISTRATION FEE | $30.00 | $13.95 | $12.57 | $0.00 | $3.48 | $0.00 | | COIN |
| 99204 OFFICE EVALUATION AND MANAGEMENT SERVICES, NP | $191.00 | $0.00 | $72.61 | $54.26 | $64.13 | $0.00 | | DED |
| J2010 LINCOMYCIN INJ | $36.00 | $9.03 | $24.72 | $0.00 | $2.25 | $0.00 | | COIN |
| J2300 INJ NALBUPHINE HYDROCHLORIDE | $18.00 | $0.57 | $17.29 | $0.00 | $0.14 | $0.00 | | COIN |
| UNLAB Unordered Lab | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| 36415 VENIPUNCTURE | $6.00 | $0.00 | $6.00 | $0.00 | $0.00 | $0.00 | | GLOBAL |
| | $464.00 | $80.82 | $212.98 | $54.26 | $115.94 | $0.00 | | |

Visit Date: 12/18/2012
Visit ID: 6172533
Patient: Scea
Location: Tillmans Corner
Physician: Linda Davenport, MD

| | CHARGES | INSURANCE PAYMENT | CONTRACT SAVINGS | PATIENT PAYMENT | ADJUSTMENT | BALANCE | RESPONSIBLE PARTY | DENIAL CODE |
|---|---|---|---|---|---|---|---|---|
| 96372 INJECTIBLE ADMINISTRATION FEE | $30.00 | $13.94 | $12.57 | $3.49 | $0.00 | $0.00 | | COIN |
| 99024 POSTOPERATIVE FOLLOW-UP VISIT, NORM | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| J2010 LINCOMYCIN INJ | $36.00 | $9.03 | $24.72 | $2.25 | $0.00 | $0.00 | | COIN |
| | $66.00 | $22.97 | $37.29 | $5.74 | $0.00 | $0.00 | | |

Page 17

**Visit Date:** 12/20/2012
**Visit ID:** 6177474
**Patient:** Scea
**Location:** Festival Centre
**Physician:** Vanessa Thomas, MD

| | CHARGES | INSURANCE PAYMENT | CONTRACT SAVINGS | PATIENT PAYMENT | ADJUSTMENT | BALANCE | RESPONSIBLE PARTY | DENIAL CODE |
|---|---|---|---|---|---|---|---|---|
| 99024 POSTOPERATIVE FOLLOW-UP VISIT, NORM | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |

**Visit Date:** 12/22/2012
**Visit ID:** 6182710
**Patient:** Scea
**Location:** Festival Centre
**Physician:** Vanessa Thomas, MD

| | CHARGES | INSURANCE PAYMENT | CONTRACT SAVINGS | PATIENT PAYMENT | ADJUSTMENT | BALANCE | RESPONSIBLE PARTY | DENIAL CODE |
|---|---|---|---|---|---|---|---|---|
| 99024 POSTOPERATIVE FOLLOW-UP VISIT, NORM | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |

**Visit Date:** 12/24/2012
**Visit ID:** 6184995
**Patient:** Scea
**Location:** Festival Centre
**Physician:** Vanessa Thomas, MD

| | CHARGES | INSURANCE PAYMENT | CONTRACT SAVINGS | PATIENT PAYMENT | ADJUSTMENT | BALANCE | RESPONSIBLE PARTY | DENIAL CODE |
|---|---|---|---|---|---|---|---|---|
| 99024 POSTOPERATIVE FOLLOW-UP VISIT, NORM | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |

**Visit Date:** 12/28/2012
**Visit ID:** 6186935
**Patient:** Scea
**Location:** Festival Centre
**Physician:** Lloyd Manchikes, MD

| | CHARGES | INSURANCE PAYMENT | CONTRACT SAVINGS | PATIENT PAYMENT | ADJUSTMENT | BALANCE | RESPONSIBLE PARTY | DENIAL CODE |
|---|---|---|---|---|---|---|---|---|
| 99024 POSTOPERATIVE FOLLOW-UP VISIT, NORM | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |

**Visit Date:** 02/18/2014
**Visit ID:** 6901792
**Patient:** Scea
**Location:** Tillmans Corner
**Physician:** Ronald Perdue, MD

| | CHARGES | INSURANCE PAYMENT | CONTRACT SAVINGS | PATIENT PAYMENT | ADJUSTMENT | BALANCE | RESPONSIBLE PARTY | DENIAL CODE |
|---|---|---|---|---|---|---|---|---|
| 96372 INJECTIBLE ADMINISTRATION FEE | $30.00 | $0.00 | $11.38 | $0.00 | $18.62 | $0.00 | | DED |
| 99214 OFFICE EVALUATION AND MANAGEMENT SERVICES, EP | $141.00 | $0.00 | $62.08 | $12.00 | $66.92 | $0.00 | | DED |
| J0702 INJ BETAMETHASONE ACETATE & SODIUM | $24.00 | $0.00 | $10.08 | $0.00 | $13.92 | $0.00 | | DED |
| Z81000 URINALYSIS, NONAUTOMATED, WITH MICROSCOPY | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| Z87086LC CULTURE, URINE WITH SENSITIVITY (LAB CORP) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| 81000 URINALYSIS, NONAUTOMATED, WITH MICROSCOPY | $12.00 | $0.00 | $8.91 | $0.00 | $3.09 | $0.00 | | DED |
| UNLAB Unordered Lab | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| | $207.00 | $0.00 | $92.45 | $12.00 | $102.55 | $0.00 | | |

A finance charge is computed on a monthly periodic rate of 0.00%, 0% annually on any balances over 0 days.

**Explanation of outstanding balance(s):**

COIN: Coinsurance Amount

DED: Deductible Amount

GLOBAL: The benefit for this service is included in the payment/allowance for another service/procedure that has already been adjudicated

| PATIENT OWES: | |
|---|---|
| | $0.00 |
| INSURANCE OWES: | |
| | $0.00 |



**EPT**

PO BOX 7549 | PORTSMOUTH VA 23707-0549

## PATIENT STATEMENT

(i) For help with billing questions, please call:
757-686-3525

PAYING BY CREDIT CARD? FILL OUT BELOW
CHECK CARD USING FOR PAYMENT ☐ ☐ VISA
CARD NUMBER
SIGNATURE
EXP. DATE
SECURITY CODE

(A) Pay Online: www.ept911.com

| Account Number | Due Date | Amount Due | Amount Pai |
|---|---|---|---|
| 000-000-1454664 | 01/23/2016 | $45.70 | $ |

Addressee                    Page 1 of 1

Please make checks payable and remit to:

SCEA BURRAGE
10150 WOODIE LN
IRVINGTON AL 36544-4903

EMER PHYSICIANS OF TIDEWATER
PO BOX 7549
PORTSMOUTH VA 23707-0549

☐ Check if address/insurance changes are on back

Please detach and return top portion with payment.

| Account Number | Account Name | Statement Date | Due Date |
|---|---|---|---|
| 000-000-1454664 | SCEA BURRAGE | 01/08/2016 | 01/23/2016 |

| Date | Service Description | Charges | Payments/ Adjustments | Patient Balance |
|---|---|---|---|---|
| | PREVIOUS BALANCE——> | | | $45.70 |
| | STATEMENT ENDING BALANCE——> | | | $45.70 |
| | *— Current Statement Summary —* | | | |
| | Previous Balance      45.70 | | | |
| | Charges (First Billing)      .00 | | | |
| | Personal Payments      .00 | | | |
| | Insurance Payments      .00 | | | |
| | Adjustments      .00 | | | |
| | Ending Balance      45.70 | | | |

## MESSAGES

YOUR ACCOUNT BALANCE IS OVER 60 DAYS OLD. PAYMENT
ARRANGEMENTS MAY BE MADE BY CONTACTING OUR OFFICE
IMMEDIATELY. 757-686-3525 PAY YOUR BILL ONLINE AT
WWW.EPT911.COM

(A) Pay Online: www.ept911.com

| | |
|---|---|
| Total Balance | $45.70 |
| Minimum Amount Due | $45.70 |

MAKE CHECKS PAYABLE TO:                    IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW

**USA Health Systems**
**University S. Alabama Hospitals**
PO Box 40010
Mobile, AL 36640

| | | | |
|---|---|---|---|
| ☐ MASTERCARD | ☐ DISCOVER | ☐ VISA | ☐ AMERICAN EXPRESS |

CARD NUMBER | AMOUNT

SIGNATURE | EXP. DATE

**QUESTIONS? Please Call: (251)434-3505**

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| **11/09/2010** | **$30.00** | **806761177** |

Due by date: 11/19/2010

| SHOW AMOUNT PAID HERE | $ |
|---|---|

----- ADDRESSEE: -----

REMIT TO:

Scea Burrage          806761177:1
10150 Woodie Ln
Irvington, AL 36544-4903

**U.S.A. MEDICAL CENTER**
**P.O. BOX 40010**
**MOBILE, AL 36640-0010**

85–85

☐ Please check box if address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

**STATEMENT**   PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

**FOR HOSPITAL USE ONLY**
| | |
|---|---|
| LOC: | CA7 |
| MR: | 40824627 |
| FIN CLASS: | I |
| ACCT TYPE: | O |
| ADMT DT: | 092210 |
| DSCH DT: | *NONE* |
| PT TYPE: | E |

**PAGE: 1 of 1**

ACCOUNT NUMBER: 806761177
PATIENT NAME: SCEA BURRAGE
SERVICE START: 09/22/2010          SERVICE END: 09/22/2010
STATEMENT DATE: 11/09/2010   LAST STATEMENT DATE: 10/19/2010

| ACCOUNT BALANCE | ESTIMATED INSURANCE DUE | TOTAL PATIENT CREDITS | PLEASE PAY THIS AMOUNT |
|---|---|---|---|
| $30.00 | | | $30.00 |

We previously notified you that your insurance had paid their portion of your bill. Please remit the balance in full today or contact our office to arrange for payment of the balance.

| TRANS DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| | PREVIOUS BALANCE | $30.00 |

**IMPORTANT MESSAGE**

You may qualify for financial assistance under the terms and conditions the hospital offers to qualified patients. For additional information, contact the hospital financial assistance representative.

| ACCOUNT BALANCE | $30.00 |
|---|---|

If you have any questions regarding your statement please contact USA Hospital's Business Services at (251) 434-3505.

**PLEASE RETAIN THIS PORTION FOR YOUR RECORDS**
Until your insurance has paid, the **PLEASE PAY THIS AMOUNT** represents the balance we estimate you owe.
Any balance unpaid by your insurance will be due for you... Thank you.

Page 20

ALABAMA PROVIDENCE HEALTHCARE
PO BOX 850489
MOBILE, AL 36685-0489
PERSONAL & CONFIDENTIAL

ADDRESS SERVICE REQUESTED



003297 0101

| | | | |
|---|---|---|---|
| IF PAYING BY CREDIT CARD, PLEASE CHECK BOX FOR SELECTION AND FILL OUT BELOW. | | | |
| ☐ MASTERCARD | ☐ VISA | ☐ DISCOVER | ☐ AMEX |
| CARD NUMBER | | | VERIFICATION # |
| CARDHOLDER NAME | | | EXP. DATE |
| SIGNATURE | | | |

| | | | |
|---|---|---|---|
| 415414 | 07/17/2014 | $148.00 | |

74226.col  1003 2274226
Stmt Date: 07/02/2014

SCEA BURRAGE
10150 WOODIE LN
IRVINGTON, AL 36544-4903

ALABAMA PROVIDENCE HEALTHCARE
PO BOX 850489
MOBILE, AL 36685-0489

☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

TO INSURE PROPER CREDIT, DETACH AND RETURN TOP PORTION IN THE ENCLOSED ENVELOPE.                    655086B (P

| Page | Statement Date | Due Date | Office Phone Number | Account # | Patient Balance |
|---|---|---|---|---|---|
| 1 of 1 | 07/02/2014 | 07/17/2014 | (251) 342-3949 | 415414 | $148.00 |

| Date | Visit Detail | Explanation of Activity | Charges & Debits | Insurance Pending | Payments & Credits | Patient Balance |
|---|---|---|---|---|---|---|
| | | Balance Forward | $148.00 | | | |
| | | Balance Forward Total | | | | $148.00 |

Due to a system change, you may receive two statements from your provider.
One will be for charges through Dec. 2013 and one for anything after Jan. 2014

| | |
|---|---|
| **MESSAGE** | |
| Your account is seriously past due. Please remit to avoid collection action. | |

ALABAMA PROVIDENCE HEALTHCARE
PO BOX 850489
MOBILE, AL 36685-0489

| | |
|---|---|
| Account Number | 415414 |
| Billing Number | (251) 342-3949 |

Page 21

BAYVIEW PHYSICIAN SERVICES PC
PO BOX 7068
PORTSMOUTH, VA  23707-0068

**TEMP-RETURN SERVICE REQUESTED**

BUSINESS: (757) 686-3516
APPOINTMENT: (757) 460-2171
PAGE: 1 of 1

0101

2484-9007F

| | CHECK CARD USING FOR PAYMENT |
|---|---|
| ☐ MASTERCARD | ☐ VISA |

CARD NUMBER / SIGNATURE CODE

SIGNATURE / EXP. DATE

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 07/08/2010 | 12.00 | 000-000-45334 |

| MINIMUM PAYMENT | SHOW AMOUNT PAID HERE |
|---|---|
| X    12.00 | $ |

2000ES

BURRAGE, SCEA
10150 WOODIE LN
IRVINGTON, AL 36544-4903

BAYVIEW PHYSICIAN SVCS,PC
PO BOX 7068
PORTSMOUTH, VA 23707-0068

2464-9007F*SZ8OJKX1W000063

☐ Please check box if address is incorrect or insurance
☐ information has changed, and indicate change(s) on reverse side.

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

| DIAG. CODE | DATE | DR NO. | PATIENT NAME | P S | SERVICE CODE | SERVICE RENDERED | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | | | | | PREVIOUS BALANCE---> | 12.00 |
| | | | | | | STATEMENT ENDING BALANCE----> | 12.00 |
| | | | *-- Current Statement Summary --* | | | | |
| | | | Previous Balance | | 12.00 | | |
| | | | Charges (First Billing) | | .00 | | |
| | | | Personal Payments | | .00 | | |
| | | | Insurance Payments | | .00 | | |
| | | | Adjustments | | .00 | | |
| | | | Ending Balance | | 12.00 | | |
| | | | THIS ACCOUNT IS DELINQUENT. PAYMENT ARRANGEMENTS MUST BE MADE IMMEDIATELY TO AVOID FURTHER ACTION, WHICH MAY INCLUDE USE OF A COLLECTION AGENCY. | | | | |

| ACCOUNT NO. | CLOSING DATE | CURRENT | 31-60 DAYS | 61-90 DAYS | 91-120 DAYS | OVER 120 DAYS | Last Amount in this Column is Your New Balance |
|---|---|---|---|---|---|---|---|
| 000-000-45334 | 07/08/2010 | 0.00 | 0.00 | 0.00 | 0.00 | 12.00 | |

DOCTOR LEG

Tax Identification No.: 54-1595397

Page 22

RECEIPT                    No. 741443

DATE 1/27/2016

FROM Sere Burege          $ 5.00

Five _____ DOLLARS

○ FOR RENT
○ FOR     Notery

| ACCT. |     |     | ⊙ CASH |        |     |
| PAID  | 5   | ✓   | ○ CHECK | FROM ___ TO ___ |
| DUE   |     |     | ○ MONEY ORDER | CM |
|       |     |     | ○ CREDIT CARD | BY |

A-1152
T-4161

Page 23

United States District Court for
Eastern District Of Louisiana
500 Poydras Street
New Orleans, La. 70130
MDL NO. 2179

Scea B. Burrage
10150 Woodie Lane
Irvington, AL 36544-4903
757-401-5731
January 27, 2016

## SHOW OF CAUSE

"Your Honor" Judge Carl J. Barbier,

I am Scea B. Burrage  one of the  eleven (11) Plaintiffs listed  on case MDL. NO. 2179 on
page 31. Before the Court my "B3" claim should not be dismissed because I have complied
with all required forms and deadlines. The PTO 57 Questionnaire are sufficient and raise
material issues of fact in connection with the Clean-Up Responder Defendants.  I have
provided a timely written response to all of the questions posed in the Questionnaire. I have
provided copies of medical records and insurance information.
The impact caused by Deepwater Horizon Oil Spill in the Gulf of Mexico on April 20, 2010,
caused a strong smell (pollutant, chemical, toxic)in the air. Due to inhalation of these fumes it
has caused me to suffer with skin irritations, boils, dizziness, nausea, breathing issues, nasal
problems, fatigue and other symptoms. Theses symptoms are ongoing.
These are  the Medical Facilities that have provided services pertaining to my medical
conditions. Providence Medical, Mobile Alabama, American Family Care, Mobile, Alabama
and Physicians of Tidewater, Virginia Beach, Virginia.
These Health and Safety issues caused by Deepwater Horizon Oil Spill has not only caused
me suffering, but others that have been exposed as well.
Thank you.


Sincerely,

Scea B.Burrage

Page24

## CONCLUSION

Wherefore, IT IS REQUESTED that Clean up Responders Defendants compensate, whether by joinder in the B3 Master Complaint, individual complaint, or otherwise, claims asserted by Scea Burrage listed on section E of Exhibit 2 to the Joint Report. ( Rec. Doc. 13667-2 at 8).

Date May 4, 2016

**SCEA BURRAGE**
**Plaintiff**

## CERTIFICATE OF SERVICES

Case name: OIL SPILL By the OIL RIG " DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010

Case number:  MDL 2179

What documents was served?

Title: Plaintiffs response to Defendants filing for motion of summary judgment.

How was document served?

Placed in U.S. Mail

To whom documents was the sent?

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

When was documents served?

Mailed on May 4, 2016

Who served the documents?

Plaintiff Scea Burrage

I declare under penalty of perjury under the law of the United States of America that the information in this certificate of service is true and correct.

Signature _Scea Burrage_

Printed name:: _Scea Burrage_

Address: _10130 Woobie Lane_
_Irvington, Al 36544_

CERTIFICATE OF SERVICE

**AFFIDAVIT**

**Date**                                                                                                    **County**

**Purpose**

**PERSONALLY came and appeared before me, the undersigned  Notary the written name Scan S. Burrage who is a resident of Mobile County, State of Alabama, and his/her statement and Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts, and things set forth are true and correct to the best of his/her knowledge.**

Dated this _4th_ day of _May_, 20_16_

_____

**Signature of Affiant**

**Scan S.Burrage**

_Judy M Franklin_
_____

**Sworn to subscribed before me this __4th__ day of _May_ 20_16_**

**My Commission expires** _8-30-17_

Page 27

**PLAINTIFFS RESPONSE TO DEFENDANTS FILING MOTION FOR SUMMARY JUDGMENT**
**CASE NO. 2179**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA

TABLE OF CONTENT

------------------------------------------------------------------------------------------------------------------

| TITLE | PAGE NO. |
|---|---|
| PLAINTIFFS RESPONSE TO DEFENDANTS FILING FOR MOTION | 1 |
| PLAINTIFFS WHO SUBMITTED TIMELY WRITTEN RESPONSES ATTACHMENTS | 2 |
| CLAIMS ASSERTED BY 11 PLAINTIFFS ATTACHMENTS | 3 |
| PTO 57 ATTACHMENTS | 4-6 |
| DECLARATION OF MATTHEW GARRETSON ATTACHMENT | 6 |
| LEGAL STANDARDS  ATTACHMENTS | 6-7 |
| LONE PINE CASE MANAGEMENT  ATTACHMENTS | 7-8 |
| ORDER AND REASONS ATTACHMENTS | 9 |
| ELEVEN INDIVIDUALS WITH TIMELY RESPONSES ATTACHMENTS | 10 |
| PLAINTIFFS STATEMENT OF MATERIAL ISSUE OF FACTS | 11 |
| BACKGROUND HISTORY AND PROCEDURAL HISTORY ATTACHMENT | 12 |
| MASTER COMPLAINT ATACHMENT | 13-14 |
| PHOTO OF CONTRACTOR NOT PROPERLY PROTECTED ATTACHMENT | 15 |
| PHOTO OF PLANE DISBURSING CHEMICAL ATTACHMENT | 16 |
| MEDICAL STATEMENTS ATTACHMENTS | 17-22 |
| AFFIDAVIT RECIEPT | 23 |
| SHOW OF CAUSE | 24 |
| CONCLUSION | 25 |
| CERTIFICATE | 26 |
| AFFIDAVIT | 27 |

PRIORITY
MAIL ★
XPRES...

STEST SERVICE IN TI

ED INTERNATIONALLY
TOMS DECLARATION
MAY BE REQUIRED.

Y 2013   OD: 12.5 x 9.5

RITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

kaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may
be a violation of federal law...

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( 89 401-5734
Scott Burage
10150 Wallie Lane
Irvington, Al 36544

PAYMENT BY ACCOUNT (if applicable)

**DELIVERY OPTIONS (Customer Use Only)**

■ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1)
Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4)
Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's
mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
  *Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

Clerk
Att United States District Court
Eastern District of Louisiana
500 poydras Street
New Orleans, Louisiana 70130

70130-

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code        Scheduled Delivery Date (MM/DD/YY)
36541              5-5-16

Date Accepted (MM/DD/YY)   Scheduled Delivery Time        Insurance Fee
5-4-16                     ☐ 10:30 AM  ☒ 3:00 PM          $
                           ☐ 12 NOON

Time Accepted    ☐ AM       10:30 AM Delivery Fee           Return Receipt Fee
1:46  ☒ PM       $                                          $

Weight           ☐ Flat Rate   Sunday/Holiday Premium Fee   Live Animal Transportation Fee
___ lbs. ___ ozs.              $                            $

Acceptance Employee Initials

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)  Time  ☐ AM     Employee Signature
                                   ☐ PM

Delivery Attempt (MM/DD/YY)  Time  ☐ AM     Employee Signature
                                   ☐ PM

ℰ UNITED STATES
POSTAL SERVICE ®

PRIORITY
★ MAIL ★
EXPRESS™

☐ 1-Day  ☒ 2-Day  ☐ Military  ☐ DPO

Postage
$  95.25

COD Fee
$

Total Postage & Fees
$  9.25

NG LABEL HERE

EL 194 711 25 US