## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | **MDL NO. 2179** |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | **SECTION:  J** |
| | * | |
| | * | |
| This Documents Relates to: | * | **JUDGE BARBIER** |
| Case No. 2:13-cv-00966-CJB-SS | * | |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| | * | |

### PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO ALLOW
### PERMISSIVE JOINDER OF PARTIES AND CONSOLIDATION OF CLAIMS

COME NOW, Plaintiffs and Movants, TITLE CASH OF JACKSON, INC., TITLE CASH OF LAURAL, INC., TITLE CASH OF MISSISSIPPI, INC., TITLE CASH OF MOBILE, INC., and TITLE CASH, INC.[1], and by and through the undersigned counsel for Plaintiffs in this consolidated civil action, and move this Court for an order allowing these Plaintiffs to remain permissively joined pursuant to Fed. R. Civ. P. 20, and consolidating their claims pursuant to Fed. R. Civ. P. 42, and as grounds would state:

### A.  Plaintiffs Qualify for Permissive Joinder Under Rule 20(a)(1):

1.      "The provisions for permissive joinder under Rule 20 are very broad and the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice." *Arrington v. City of Fairfield, Ala*., 414 F.2d 687, 693 (5th Cir. 1969). Plaintiffs in this consolidated action qualify for permissive joinder under Federal Rule of Civil Procedure 20 because their asserted claims arise out of the same transactions or occurrences and

---

[1] This consolidated civil action was originally filed with seven (7) plaintiffs, but the claims of Hutcheson Enterprises, Inc., and Cash-2-Go of Mississippi, Inc., are subject to dismissal and this Motion does not seek leave to include Hutcheson Enterprises, Inc., or Cash-2-Go of Mississippi, Inc. as joined Plaintiffs.

they present questions of law and fact common to all Plaintiffs, and joinder of same will not result in delay or prejudice[2].

2.      The claims of each Plaintiff arise from the same common nucleus of operative facts.  Each Plaintiff asserts a right to relief herein that arises out of the same transaction and/or occurrence and questions of law or fact common to all Plaintiffs will arise in the action. Accordingly, the undersigned counsel joined these five (5) Plaintiffs in this one consolidated civil action[3].

### B.  Standards for Joinder Under Rule 20(a)(1)

3.      Rule 20(a)(1) of the Federal Rules of Civil Procedure provides that "[p]ersons may [be] join[ed] in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20 (a)(1).  Rule 20 requires that the proposed plaintiff meet both parts of its two-prong test.  *See Gregory v. FedEx Ground Package Sys., Inc.,* 2:10CV630, 2012 WL 2396873, at *9 (E.D. Va. May 9, 2012), *adopted by* 2012 WL 23986861 (E.D. Va. June 25, 2012) (for joinder to be proper, plaintiffs must satisfy *both* conditions set forth in Rule 20).  Plaintiffs, as the moving party, bear the burden of demonstrating that joinder is warranted under Rule 20(a)(1) (*Gregory* was mentioned favorably in *O'Neal v. Cargill, Inc.,* No. CV 15-7183, 2016 WL 1437873, at *12 (E.D. La. Apr. 12, 2016) for the proposition that a

---

[2] For confidential reasons that cannot be detailed in this Motion, Counsel does not think this Civil Action will be on the Court's docket for very long and  is filing this Motion out of an abundance of caution in an attempt to comply with Pretrial Order No. 60 and avoid premature dismissal of Plaintiffs' claims.

[3] The undersigned Counsel would note for the Court that it was selective and only filed 9 consolidated civil actions in MDL 2179, where there were common ownership issues and/or claims arising out of the same common nucleus of operative facts.   Out of 130 lawsuits filed by Counsel in this MDL, only 9 were consolidated actions with multiple plaintiffs and the other 121 were separate lawsuits.  Counsel did this based on a good faith belief that these 9 actions with plaintiffs with common ownership or common facts should be consolidated and filed together for judicial economy.

"court can exercise its discretion to sever plaintiffs' claims to avoid confusion, delay and unreasonable prejudice to defendant."  Here severance would create confusion, delay and prejudice to all parties by forcing multiple law suits move forward instead of one, and filing separate lawsuits could also potentially be viewed as forum shopping. *See also Meth v. Natus Med. Inc.,* slip op., 2014 WL 3544989, at *3 (E.D. Va. Jul. 17, 2014); *Gregory,* 2012 WL 2396873, at *9.

4.      Courts are to construe the permissive joinder provision liberally; they are also to construe it "in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Aleman v. Chugach Support Servs., Inc.,* 485 F.3d 206, 218 n.5 (4th Cir. 2007) (citation and internal quotation omitted).  The district court has the discretion to deny joinder if permitting it would not foster the purpose of the joinder rule. *Id.*  (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure §1652* (3 ed. 2001)); *see also Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1973).  Indeed, the Court has the discretion to deny joinder even if the two-pronged test for permissive joinder is satisfied, in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *See Sykes v. Bayer Pharm. Corp.,* 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (citing *Aleman,* 485 F.3d at 218 n. 5).  In this case, none of the reasons why a court would deny joinder are present; in fact, all the operative questions of fact and law lean heavily in favor of joinder, and joinder would promote convenience for all parties and expedite final determination of the dispute.

C.  **Plaintiffs Meet the Standards of Rule 20**

5.      To meet the first condition for Rule 20 joinder, plaintiffs must show they satisfy the "transactional relatedness test," which requires that Plaintiffs' right to relief arise under the

same transaction or occurrences as all other joined plaintiffs. *See Davidson v. District of Columbia,* 736 F. Supp. 2d 115, 119 (D.D.C. 2010). Plaintiffs can meet this burden. "Generally, as long as both prongs of the test are met, 'permissive joinder of plaintiffs ... is at the option of the plaintiffs.'" *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)(internal citations omitted). Plaintiffs seek to be joined in one action.

6.     First, all Plaintiffs' claimed rights to relief arise under the same transaction, occurrence, or series of transactions of occurrences. Plaintiffs are businesses with common ownership who all suffered lost profits as a result of the BP Oil Spill. Thus, Plaintiffs' claims arise from the same transactions or occurrences.

7.     The second prong of the Rule 20(a)(1) test requires that there be a "question of law for fact common to *all* plaintiffs." Fed. R. Civ. P. 20(a)(1)(B) (emphasis added). All Plaintiffs' seek damages for lost profits they suffered as a result of the BP Oil Spill. The questions of law and fact that will arise in their lawsuit with BP will be common to all of them.

8.     Not only do Plaintiffs show that they easily meet the two prong analysis of Rule 20, they would be entitled to use of the permissive joinder rules even if there were less overlap in the facts or law. "There is no strict rule for determining what constitutes the same occurrence or series of transactions or occurrences for purposes of Rule 20(a). Furthermore, Rule 20(a) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact." Guedry v. Marino, 164 F.R.D. 181, 184 (E.D. La. 1995)(internal citations omitted).

9.     All of Plaintiffs' claims arise out of the same incident and will be controlled by common legal and factual questions. Therefore, Plaintiffs satisfy both prongs of Rule 20(a) and the Court should grant Plaintiffs' joinder motion.

**D.**     **Joinder Will Not Result in Delay**

10.     Allowing these five (5) Plaintiffs to remain joined in one civil action will not create a delay in the proceedings or cause prejudice to BP.  This consolidated civil action has been stayed by the Court until recently.  No case specific discovery has been done by any party in this action.  There are no briefing schedules or scheduling orders in this case that will be delayed if joinder is permitted.  All parties will begin the discovery process at the same level and no prejudice will be suffered by any party, plaintiff or defendant, if joinder is permitted.

**E.**     **Joinder Here Will Further the Purpose of the Joinder Provision and Fed. R. Civ. P. 42**

11.     Joinder in this case will further the purpose of Rule 20.  *See Aleman,* 485 F.3d at 218 n.5.  The purpose of permissive joinder is to promote trial convenience and expedite final determination of disputes, thereby preventing multiple lawsuits. *Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D. La. 1995); *See also, Ponthieux v. Sealift, Inc*., 1993 WL 370644 (E.D.La.1993); *Warren v. New Orleans Police Department,* 1992 WL 245655 (E.D.La.1992).

12.     If joinder of these Plaintiffs is not permitted, and five (5) separate lawsuits are filed, it is likely that they will be consolidated in the future pursuant to Fed. R. Civ. P. 42, which provides that in "actions that involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay".  Fed. R. Civ. P. 42 (a)(1) (2)(3). "Consolidating actions in a district court is proper when the cases involve common questions of law and fact and the district court finds that it would avoid unnecessary costs or delay. The power of the district court to consolidate is purely discretionary."  *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 961 F.2d 1148, 1161 (5th Cir. 1992) (internal citations omitted).

13.    Permitting joinder of these Plaintiffs now will avoid future litigation and unnecessary cost and delay to consolidate the actions in the future.

### Conclusion

WHEREFORE, PREMISES CONSIDERED, Movants TITLE CASH OF JACKSON, INC., TITLE CASH OF LAURAL, INC., TITLE CASH OF MISSISSIPPI, INC., TITLE CASH OF MOBILE, INC., and TITLE CASH, INC., pray for an order permitting their joinder as "related parties" under Pretrial Order No. 60, and pursuant to Fed. R. Civ. P. 20 and 42, allowing Plaintiffs and their claims to remain joined and consolidated under Civil Action No. 2:13-cv-00966-CJB-SS.

Respectfully submitted on this 11[h] day of May, 2016.

WILLIAMSON & RUSNAK
*/s/ Jimmy Williamson*
Jimmy Williamson
Federal ID No. 51896
Texas State Bar No. 21624100
Email: jimmy@jimmywilliamson.com
Cyndi M. Rusnak
Federal ID No. 24724
Texas State Bar No. 24007964
Email: cyndi@jimmywilliamson.com
William Dills
Texas State Bar No. 24067421
Email: billy@jimmywilliamson.com
4310 Yoakum Boulevard
Houston, Texas 77006
(713) 223-3330 – Telephone
(713) 223-0001 – Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the above and foregoing Plaintiffs' Ex Parte Motion for Leave to Allow Permissive Joinder of Parties and Consolidation of Claims was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which sends a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of May, 2016.

DATE: <u>May 11,  2016</u>                    <u>*/s/ Jimmy Williamson*</u>
                                            JIMMY WILLIAMSON