## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | MDL 2179 |
|      "Deepwater Horizon" in Gulf | | |
|      of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to | * | MAG. JUDGE SHUSHAN |
| *Pleading BundleB1* | | |

_____

| | | |
|---|---|---|
| **SURETY BOND BROKERS** | * | CIVIL ACTION NO. _____ |
|   **OF LOUISIANA, INC.**     **Plaintiff** | | |
| | * | SECTION:  J |
| **VERSUS** | | |
| | * | JUDGE BARBIER |
| **BP PRODUCTS NORTH AMERICA, INC.,** | | |
| **BP PLC, BP AMERICA, INC.  Defendants** | * | MAG. JUDGE SHUSHAN |

_____

## <u>COMPLAINT</u>

The Complaint of Surety Bond Brokers of Louisiana, Inc. (Hereinafter "Plaintiff" or "Surety Bond") states the following:

1.

Plaintiff is a Louisiana Corporation, in good standing, duly authorized to do and doing business in Louisiana.

2.

Plaintiff was established on July 16, 1986, and, at all times pertinent to this Complaint, conducted its business operations in the Eastern District of Louisiana.

3.

Plaintiff sustained substantial and immediate damages arising from and relating to the April 20, 2010 Deepwater Horizon explosion, the massive oil spill and contamination of the waters and shoreline of the Gulf Coast region and the suspension and diminution of business activity in the Gulf of Mexico (hereinafter referred to as the "DWH Incident") throughout the calendar year 2010 in the manner hereinafter described.

4.

The DWH Incident was caused by the acts, omissions and reckless indifference to life and property of BP PLC, BP PRODUCTS NORTH AMERICA, INC., BP AMERICA, INC. (Collectively hereinafter referred to as "BP") all of whom are made defendants herein and each of whom is a foreign corporation doing business in Louisiana.

5.

Plaintiff claims the right of Collateral Estoppel with respect to previous determinations of this Court as to the culpability of BP for all of the circumstances giving rise to the DWH Incident.

6.

The DWH Incident occurred in the waters of the Gulf of Mexico, adjacent to the
Coast of Louisiana in the territorial waters of the United States giving rise to subject
matter jurisdiction of this Court by reason of Federal Question, Diversity of Citizenship
of the Parties and the Admiralty Jurisdiction for causes of action arising under the
Offshore Pollution Act ("OPA"), Admiralty Law of the United States, Louisiana Law and
the Federal Common Law.

7.

Venue is proper in this District because of the residence of the defendants in the
Eastern District of Louisiana, and the location of the DWH Incident in the Coastal Waters
of the United States adjacent to Louisiana.

8.

During 2010, Plaintiff was a Louisiana based business engaged in providing
construction bonds for construction businesses in Louisiana and adjacent states.
Historically, 95% of Plaintiff's business was with South Louisiana Construction
Companies with the remainder from North Louisiana and adjacent states. As a
consequence, Surety Bond's business is directly tied to the health of the construction
industry in South Louisiana and the solvency of construction companies has a direct
effect on its business.

9.

Prior to April 20, 2010, Surety Bond's business accelerated and was on an even faster

track following investment in an aggressive sales approach to prospective customers. A

review of Surety Bond's financial statements for the years leading to the date of the oil

spill shows steady growth and then in 2009, accelerated growth.

10.

Surety Bond's ability to issue construction bonding for a project is dependent upon the

health of the companies for which it provides bonding. When construction companies are

affected either by individual financial setbacks or by industry wide challenges caused by

economic circumstances, so is Surety Bond's ability to bond the jobs for those

companies.

11.

After the BP spill, Surety Bond's growth stopped as the growth of construction onshore

and offshore tailed off mirroring the devastating effects of the BP spill upon South

Louisiana. Surety Bond's growth in the years 2011-13 remained stagnant as the South

Louisiana economy was buffeted by the catastrophic effects of BP's gross negligence.

12.

Many of Surety Bond's construction company accounts were devastated by the spill and

its resultant effects on the construction industry since the bonding companies that Surety

Bond acts as brokers for with the affected construction companies look at the client

construction companies' revenue, working capital and net worth.  Because all of these factors were adversely impacted by the construction downturn in South Louisiana following the BP spill, Surety Bond has not been able to write bonds for these clients. While Surety Bond continues to maintain relationships with its construction company clients, those relationships remain stagnant because Surety Bond is not able to bond as much business with them as before.

13.

Surety Bond is excluded from the Settlement Claims process because it is an insurance broker. Demand has been properly made more than ninety days before April 20, 2010 and joinder of Surety Bond's OPA Claim was initiated prior to the third anniversary date of the spill following the absence of a response by BP to the demand.

14.

At the time of the demand letter to BP, Surety Bond demanded $2.8 Million in satisfaction of its losses calculated based upon continued growth through 2012 similar to that maintained by Surety Bond before the spill. This calculation was made using the same criteria as that approved by BP for the Settlement Claims Process. This amount of represents the sum certain required by the relevant notice statutory provisions of the OPA and is the amount demanded for payment by the Plaintiff in its letter to BP dated May 22, 2013, more than ninety (90) days ago and more than ninety (90) days before the filing by

5

the Plaintiff of the Short Form Joinder in this proceeding (2:10-cv-08888 Document #131942).

15.

Because of BP's wanton tortious conduct, Plaintiff is entitled to recovery of the damages detailed above, and for all other damages foreseeable and unforeseeable, and to treble or other penalty damages or interest, attorneys' fees and costs awarded under the Act, or other applicable Admiralty, Federal, State or Common Law for the losses sustained by Claimants.

WHEREFORE, Plaintiff Surety Bond Brokers of Louisiana, Inc. prays that after due proceedings are had, Judgement herein be rendered in its favor and against BP for all damages as prayed for herein, with interest thereon from date of injury until paid and for all costs, reasonable attorneys' fees and all other general and equitable relief.

Respectfully Submitted,

/s/ Walter Richard House
WALTER RICHARD HOUSE  7019
LAW OFFICES OF RICHARD HOUSE LLC
P.O. BOX 727
BATON ROUGE, LA   70821-0727
Telephone: (504) 427-8808
rhouse@rhouselaw.com

Attorneys for Surety Bond Brokers
    of Louisiana, Inc.

**PLEASE WITHHOLD SERVICE AT THIS TIME**