UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRY C. BARNES**                                        **CAUSE NO.:   2:13-CV-01009**
**(Plaintiff)**

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
**(Defendants)**

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.

On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2.

Plaintiff, TERRY C. BARNES, has suffered economic injury, damage and/or losses as a result of the oil spill. The oil spill destroyed the Gulf waters and devastated Plaintiff's livelihood.

3.

Plaintiff brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff brings this case against the following defendants:

     a)      BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois. This court has personal jurisdiction

      over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

    b)    BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

    c)    BP p.l.c., a British public limited company with its corporate headquarters in London, England. This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

In this Complaint, the term "BP" refers collectively to Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.

5.

Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333; 33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

6.

Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349.

7.

Plaintiff, TERRY C. BARNES, is a resident/citizen of Moss Point, Jackson County, Mississippi, and claims damages as set forth below.

8.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

9.

Plaintiff was at the time of the BP Oil Spill, and still currently is, employed by Omega Protein, Inc. ("Omega") in Moss Point, Jackson County, Mississippi, where he helps his

employer in the production and distribution of menhaden fish meal and fish oil as an important source of omega-3 fatty acids, proteins, and essential minerals for high quality feed formulations in agriculture, aquaculture, and pet food.

10.

Typically, menhaden fish are located in the coastal waters of the Gulf of Mexico from mid-April until October of every year. In 2010 and 2011, Omega's menhaden fishing boats were prevented from fishing in those areas due to the closure of fisheries in state and federal waters. These closures were the result of the BP Oil Spill. Moreover, the BP Oil Spill prevented Omega from fishing in the waters with which it is most familiar.

11.

Plaintiff was, and is, unable to mitigate his losses in any material way, but he continued working to limit his losses as much as possible.

12.

The BP Oil Spill has destroyed the menhaden population and its future generations. The Gulf Menhaden is in the herring family and has shown unprecedented declines in condition since the time of the BP Oil Spill. Body energy reserves, as measured by fat content, were so low in 2011 and 2012 that it is probable there was a spawning failure in those years, and thereafter. The spawning failure could imminently result in a total menhaden fishery collapse, as was experienced by the herring fishery in Alaska after the Exxon Valdez oil spill of 1990.

13.

If such a collapse occurs, Plaintiff's employer (Omega) will likely be out of business and Plaintiff will be without a job. Therefore, because Plaintiff's earnings and livelihood were and continue to be directly related to the menhaden catches of Omega's fishing vessels, Plaintiff's earnings were, are, and will be negatively impacted for the indefinite future.

## CAUSE OF ACTION
### (Oil Pollution Act, 33 U.S.C. 2702, *et. seq*.)

14.

Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

15.

As a result of that discharge, Plaintiff suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

16.

Specifically, Plaintiff suffered lost revenues, lost profits, and/or lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf.

17.

Before filing suit, Plaintiff presented its claim for damages to Defendants in accordance with 33 U.S.C. § 2713.

18.

Plaintiff has met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail on January 16, 2013. More than ninety days have elapsed since that date, and Plaintiff's claim has not been settled by payment. Plaintiff received a letter denying its claim on April 18, 2013. Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

19.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future. These damages include, but are not limited to, the following:

    a)    compensatory damages for loss of revenue, profit, income, investments, assets, real property, personal property and any other economic loss;

    b)    punitive and/or exemplary damages;

    c)    pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d)    attorneys' fees, claims preparation expenses, and costs of litigation;

    e)    declaratory and injunctive relief; and

    f)    such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and

damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

           Respectfully submitted,

           **BARON & BUDD, P.C.**

BY: *Scott Summy*
           SCOTT SUMMY (Texas Bar No. 19507500)
           ssummy@baronbudd.com
           MITCHELL MCCREA (Texas Bar No. 24041435)
           mmccrea@baronbudd.com
           3102 Oak Lawn Avenue, Suite 1100
           Dallas, Texas 75219
           Telephone: (214) 521-3605
           Facsimile: (214) 520-1181

           **COSSICH, SUMICH, PARSIOLA & TAYLOR, LLC**
           PHILIP F. COSSICH, JR., #1788 (T.A.)
           pcossich@cossichlaw.com
           DAVID A. PARSIOLA, #21005
           dparsiola@cossichlaw.com
           BRANDON J. TAYLOR, #27662
           btaylor@cossichlaw.com
           8397 Highway 23, Suite 100
           Post Office Box 400
           Belle Chasse, Louisiana 70037
           Telephone: (504) 394-9000
           Facsimile: (504) 394-9110

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File and Serve Xpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of May, 2016.