UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAL-CO, LLC**                                           **CAUSE NO.:   2:13-CV-05241**
**(Plaintiff)**

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
**(Defendants)**

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.

On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2.

Plaintiff, DAL-CO, LLC, has suffered economic injury, damage and/or losses as a result of the oil spill.  The oil spill destroyed the Gulf waters and devastated Plaintiff's business.

3.

Plaintiff brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff brings this case against the following defendants:

a)      BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois.  This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

    b)    BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

    c)    BP p.l.c., a British public limited company with its corporate headquarters in London, England. This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

In this Complaint, the term "BP" refers collectively to Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.

5.

Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333; 33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

6.

Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349.

7.

Plaintiff, DAL-CO, LLC, is a business with its headquarters in Plaquemine, Iberville Parish, Louisiana, and claims damages as set forth below.

8.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

9.

Following the 2010 Deepwater Horizon Oil Spill (the "Oil Spill"), DAL-CO, LLC entered into Vessels of Opportunity ("VoO") contracts with three separate BP subcontractors— Oil Mop, Inc. (OMI) on May 26, 2010; Environmental Safety and Health Consulting Services,

Inc. (ES&H) on July 28, 2010; and Rexsco Services, LLC on August 30, 2010—to assist in cleaning up the Oil Spill. DAL-CO, LLC operated a total of 24 boats (11 boats that it or its principal, Kim L. D'Albor, owned, and 13 boats that it leased under Bareboat Agreements with the owners) to perform the work (1) for OMI out of Hopedale, Louisiana, Pass Christian, Mississippi, and Lafitte, Louisiana, from May 28, 2010 through November 21, 2010; (2) for ES&H out of Lafitte from July 28, 2010 through September 2, 2010; and (3) for Rexsco out of Hopedale from August 30, 2010 to October 24, 2010. DAL-CO, LLC also hired 30 individuals to operate its boats. Although DAL-CO, LLC fulfilled its obligations under the contracts to clean up the Oil Spill, BP did not, so DAL-CO, LLC sought to recover the money owed to it under its VoO contracts through the Deepwater Horizon Economic & Property Damages Settlement (the "Settlement").

10.

DAL-CO, LLC filed 24 claims (one for each of the boats that participated in the cleanup) for VoO Charter Payments in the Settlement. All of the Claims were denied by the Settlement Claims Center, because it claimed Dal-Co did not enter into the correct form of agreement with BP or its contractors. DAL-CO, LLC appealed and/or requested the Court's discretionary review of all 24 claims and won the appeal of one of the Claims.[1] The appeals of the remaining 23 Claims, however, were denied and thus not adequately compensated.

---

[1] Claim ID 75969 was for a vessel (Hull ID BUJ07789G910 and State Registration Number LA 3197 FW) less than 30 feet long, and Dal-Co received an Eligibility Notice on May 28, 2015, and subsequent payment, from the Settlement for $41,600.00. Plaintiff won the appeal for this claim and was also awarded $2,080 for the 5% review cost and was reimbursed the $100 filing fee. This boat is not included in this Complaint.

11.

| Registration Number | Length | Hull ID | Boat Working Location | Dates worked | Days Worked | Customer | Voo Minimum Reimbursement |
|---|---|---|---|---|---|---|---|
| LA-8391-EV | 16' | LAZ54780G797 | Hopedale, LA | 5/28/2010 - 7/28/2010 | 62 | OMI | $ 41,600.00 |
| LA-3969-FW | 16' | BUJ07793G910 | Hopedale, LA | 5/28/2010 - 7/28/2010 | 62 | OMI | $ 41,600.00 |
| LA-1031-FG | 16' | LAZ63888g202 | Hopedale, LA | 5/28/2010 - 7/28/2010 | 62 | OMI | $ 41,600.00 |
| LA-5840-ES | 16' | LAZ51183E696 | Hopedale, LA | 5/28/2010 - 7/28/2010 | 62 | OMI | $ 41,600.00 |
| LA-5438-BW | 17' | LAZ47996C595 | Hopedale, LA | 5/28/2010 - 6/6/2010 | 10 | OMI | $ 41,600.00 |
| LA-5513-FW | 17' 10" | ONY00076E808 | Hopedale, LA | 6/7/2010 - 7/28/2010 | 52 | OMI | $ 41,600.00 |
| LA-3907-FH | 17' | BUJ33833C303 | Hopedale, LA | 5/28/2010 - 6/6/2010 | 10 | OMI | $ 41,600.00 |
| LA-3296-FW | 16' | BUJ09588H910 | Hopedale, LA | 6/7/2010 - 7/28/2010 | 52 | OMI | $ 41,600.00 |
| MI-4547-BN | 16' | CUS03807H494 | Hopedale, LA | 5/28/2010 - 6/6/2010 | 10 | OMI | $ 41,600.00 |
| **LA-3197-FW** | **16'** | **BUJ07789G910** | **Hopedale, LA** | **6/7/2010 - 7/28/2010** | **52** | **OMI** | **$ 41,600.00 Paid** |
| LA-5300-ED | 18' | LAZ25667B090 | Hopedale, LA | 5/28/2010 - 7/28/2010 | 62 | OMI | $ 41,600.00 |
| LA-6156-EP | 18' | LAZ4888OF595 | Hopedale, LA | 5/28/2010 - 7/28/2010 | 62 | OMI | $ 41,600.00 |
| LA-6405-FJ | 25' | LAZ65941C404 | Hopedale, LA | 5/28/2010 - 7/9/2010 | 43 | OMI | $ 41,600.00 |
| LA-5933-FW | 28' | YSF00221F010 | Hopedale and Pass Christian, MS | 7/10/2010 - 10/26/2010 | 109 | OMI | $ 41,600.00 |
| LA-2958-FW | 30' | GOKO1650E010 | Hopedale, LA | 5/28/2010 - 11/21/2010 | 174 | OMI | $ 49,400.00 |
| LA-4336-FW | 30' | MWD00005G010 | Hopedale, LA | 6/25/2012 - 10/26/2010 | 134 | OMI | $ 49,400.00 |
| LA-6059-FW | 25' | JBC72446G011 | Hopedale, LA | 7/29/2010 - 9/20/2010 | 55 | OMI | $ 41,600.00 |
| LA-7000-FW | 30' | MWD00011H010 | Hopedale, LA | 9/21/2010 - 11/21/2010 | 62 | OMI | $ 49,400.00 |
| LA-5073-FW | 30' | MWD00007G010 | Lafiette, LA | 7/10/2010 - 10/3/2010 | 86 | OMI | $ 49,400.00 |
| LA-1607-LV | 28' - 30' | LAZ270885F010 | Hopedale, LA | 8/30/2010 - 9/12/2010 | 14 | REXSCO | $ 41,600.00 |
| LA-6347-FW | 28' - 30' | LAZ71021G010 | Hopedale, LA | 8/30/2010 - 9/12/2010 | 14 | REXSCO | $ 41,600.00 |
| LA-6290-FW | 30' | MWD00009G010 | Hopedale, LA and Lafiette, LA | 9/13/2010 - 10/24/2010 | 42 | REXSCO | $ 49,400.00 |
| | | | | 7/28/2010 - 9/2/2010 | 37 | ES&H | $ - |

PAGE 4

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LA-5602-FW | 30' | MWD00008G010 | Hopedale, LA and | 9/13/2010 - 10/24/2010 | 42 | REXSCO | $ 49,400.00 |
| | | | Lafiette, LA | 7/28/2010 - 9/2/2010 | 37 | ES&H | $ - |
| | | | | OUTSTANDING TOTAL AMOUNT DUE: | | | $ 962,000.00 |

## CAUSE OF ACTION
### (Oil Pollution Act, 33 U.S.C. 2702, *et. seq.*)

12.

Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

13.

As a result of that discharge, Plaintiff suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

14.

Specifically, Plaintiff suffered lost revenues, lost profits, and/or lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf..

15.

Before filing suit, Plaintiff presented its claims for damages to Defendants in accordance with 33 U.S.C. § 2713.

16.

Plaintiff has met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail on April 30, 2013.  More than ninety days have elapsed since that date, and Plaintiff's claims have not been settled by payment.  Plaintiff received a letter from the BP Claims Program

referring its claims to settlement on May 3, 2013.  Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

17.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future.  These damages include, but are not limited to, the following:

- a) compensatory damages for loss of revenue, profit, income, investments, assets, real property, personal property and any other economic loss;
- b) punitive and/or exemplary damages;
- c) pre-judgment and post-judgment interest at the maximum rate allowable by law;
- d) attorneys' fees, claims preparation expenses, and costs of litigation;
- e) declaratory and injunctive relief; and
- f) such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**BARON & BUDD, P.C.**

BY: _____/s/ Scott Summy_____
SCOTT SUMMY (Texas Bar No. 19507500)
ssummy@baronbudd.com
MITCHELL MCCREA (Texas Bar No. 24041435)
mmccrea@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

**COSSICH, SUMICH, PARSIOLA & TAYLOR, LLC**
PHILIP F. COSSICH, JR., #1788 (T.A.)
pcossich@cossichlaw.com
DAVID A. PARSIOLA, #21005
dparsiola@cossichlaw.com
BRANDON J. TAYLOR, #27662
btaylor@cossichlaw.com
8397 Highway 23, Suite 100
Post Office Box 400
Belle Chasse, Louisiana 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File and Serve Xpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of May, 2016.