UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GULF COAST OYSTERS, INC.**         **CAUSE NO.:  2:13-CV-01664**
**(Plaintiff)**

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
**(Defendants)**

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.

On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2.

Plaintiff, GULF COAST OYSTERS, INC., has suffered economic injury, damage and/or losses as a result of the oil spill.  The oil spill destroyed the Gulf waters and devastated Plaintiff's business.

3.

Plaintiff brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff brings this case against the following defendants:

 a) BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois.  This court has personal jurisdiction

        over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

    b)    BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

    c)    BP p.l.c., a British public limited company with its corporate headquarters in London, England. This court has general jurisdiction over BP p.l.c. pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

In this Complaint, the term "BP" refers collectively to Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.

5.

Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333; 33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

6.

Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349.

7.

Plaintiff, GULF COAST OYSTERS, INC. is a business located in Dickinson, Galveston County, Texas, and claims damages as set forth below.

8.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

9.

Plaintiff is a commercial marina in Galveston County, Texas that services exclusively commercial oyster harvesters and purchases Gulf oysters from them as well as from other

wholesalers. Plaintiff then resells the oysters as-is or shucked, processed, and packaged, and ships them anywhere in the United States via refrigerated tractor trailers.

10.

The BP Oil Spill started a tragic chain of events that both adversely affected Plaintiff's profits and impaired its earning and growth capacity. First, the BP Oil Spill contaminated the waters from which is harvested the oysters Plaintiff buys, processes, and resells. As a result, such oysters either became sick or unhealthy or died from the contamination. Also, in the areas in and around the oil spill, the Gulf waters were closed to fishing, smothered with equally dangerous and toxic dispersants, and trashed by months of cleanup activity. Then, because the oysters were gone or undesirable and because the Gulf waters around our facilities are contaminated or closed, the fishermen from whom Plaintiff bought oysters either followed the oysters to other areas of the Gulf (too far away from Plaintiff to make it economical to deliver their catches to Plaintiff) or did not fish at the same levels to which they were accustomed. So, because there was a shortage of oysters available, prices rose (which further shrank Plaintiff's already slim profit margins) and purchase orders and contracts went unfilled. In addition, Plaintiff has been confronted with a negative public stigma attached to its oysters from the Gulf, which has diminished the number of purchase orders and contracts for its seafood.

11.

Since the BP Oil Spill, Plaintiff has struggled to keep its doors open for business. Needless to say, Plaintiff has suffered crippling damages as a direct result of the BP Oil Spill.

**CAUSE OF ACTION**

**(Oil Pollution Act, 33 U.S.C. 2702, *et. seq.*)**

12.

Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

13.

As a result of that discharge, Plaintiff suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

14.

Specifically, Plaintiff suffered lost revenues, lost profits, and/or lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf..

15.

Before filing suit, Plaintiff presented its claim for damages to Defendants in accordance with 33 U.S.C. § 2713.

16.

Plaintiff has met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail on January 18, 2013.  More than ninety days have elapsed since that date, and Plaintiff's claim has not been settled by payment.  Plaintiff received a letter denying its claim on April 26, 2013.  Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

17.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating

regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future. These damages include, but are not limited to, the following:

a) compensatory damages for loss of revenue, profit, income, investments, assets, real property, personal property and any other economic loss;

b) punitive and/or exemplary damages;

c) pre-judgment and post-judgment interest at the maximum rate allowable by law;

d) attorneys' fees, claims preparation expenses, and costs of litigation;

e) declaratory and injunctive relief; and

f) such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**BARON & BUDD, P.C.**

BY: _____
SCOTT SUMMY (Texas Bar No. 19507500)
ssummy@baronbudd.com
MITCHELL MCCREA (Texas Bar No. 24041435)
mmccrea@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

PAGE 5

                                    **COSSICH, SUMICH, PARSIOLA**
                                    **& TAYLOR, LLC**
                                    PHILIP F. COSSICH, JR., #1788 (T.A.)
                                    pcossich@cossichlaw.com
                                    DAVID A. PARSIOLA, #21005
                                    dparsiola@cossichlaw.com
                                    BRANDON J. TAYLOR, #27662
                                    btaylor@cossichlaw.com
                                    8397 Highway 23, Suite 100
                                    Post Office Box 400
                                    Belle Chasse, Louisiana 70037
                                    Telephone: (504) 394-9000
                                    Facsimile: (504) 394-9110

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File and Serve Xpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of May, 2016.