## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHANE MAYFIELD D/B/A**                                 **CAUSE NO.:   2:13-CV-01730**
**ADVENTURE SOUTH GUIDE SERVICE**
**(Plaintiff)**

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
**(Defendants)**

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.

On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2.

Plaintiff, SHANE MAYFIELD D/B/A ADVENTURE SOUTH GUIDE SERVICE, has suffered economic injury, damage and/or losses as a result of the oil spill. The oil spill destroyed the Gulf waters and devastated Plaintiff's business.

3.

Plaintiff brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff brings this case against the following defendants:

a)     BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois.  This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b)     BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

c)     BP p.l.c., a British public limited company with its corporate headquarters in London, England.  This court has general jurisdiction over BP p.l.c. pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

In this Complaint, the term "BP" refers collectively to Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.

5.

Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333;  33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

6.

Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349.

7.

Plaintiff, SHANE MAYFIELD D/B/A ADVENTURE SOUTH GUIDE SERVICE, is a Louisiana charter fishing business with its principal place of business in lower Plaquemines Parish, Louisiana, and in the Gulf waters in and around Plaquemines Parish, and claims damages as set forth below.

8.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

9.

At the time of the BP Oil Spill, Plaintiff was a Louisiana charter fishing business with its principal place of business in lower Plaquemines Parish, Louisiana, and in the Gulf waters in and around Plaquemines Parish.  Plaintiff's clients travelled from all over the world to fish in the "Sportsmen's Paradise" of Plaquemines Parish.

10.

The BP Oil Spill, however, destroyed Plaintiff's business and chased away its prospective and past clients who chose to go elsewhere to fish.  Some clients who had booked fishing trips with Plaintiff cancelled their scheduled trips.  The former "Sportsmen's Paradise" transformed quickly into "Ground Zero" of the BP Oil Spill, with precious marine resources and sea life killed or damaged by the BP Oil Spill and the dispersants and trashed by months and years of cleanup activity.

11.

Following the BP Oil Spill and continuing through the time of this filing, Plaintiff has found itself battling a public stigma attached to its fishing grounds that has discouraged prospective and past clients from hiring the Plaintiff to go fishing.  Although the negative public stigma has begun to wane, unfortunately so has the ecosystem.  The entire marine food chain has been damaged, and fish populations (the obvious lifeblood of the charter fishing industry) are at record lows, and their food sources are damaged and destroyed.

12.

Since the BP Oil Spill, Plaintiff has tried very hard to keep its business going after the BP Oil Spill, but its efforts have been impeded by an oil spill that took too long to get under control and finally stop, fishing ground closures, and months and years of cleanup activities that disrupted and destroyed the sportsmen's paradise that attracted so many tourists and fishermen to Plaintiff's fishing grounds.  Plaintiff was forced to join the BP Oil Spill cleanup workforce to make ends meet, only to have BP breach its Master Vessel Charter Agreements with the participating Plaintiff, leaving Plaintiff without fishing clients or cleanup work.

13.

Needless to say, Plaintiff has been, and continues to be, devastatingly damaged as a direct result of the BP Oil Spill.

## CAUSE OF ACTION

### (Oil Pollution Act, 33 U.S.C. 2702, *et. seq.*)

14.

Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

15.

As a result of that discharge, Plaintiff suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

16.

Specifically, Plaintiff suffered lost revenues, lost profits, and/or lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf..

17.

Before filing suit, Plaintiff presented its claim for damages to Defendants in accordance with 33 U.S.C. § 2713.

18.

Plaintiff has met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail on January 18, 2013.  More than ninety days have elapsed since that date, and Plaintiff's claim has not been settled by payment.  Plaintiff received a letter denying its claim on April 18, 2013.  Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

19.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future.  These damages include, but are not limited to, the following:

   a)  compensatory damages for loss of revenue, profit, income, investments, assets, real property, personal property and any other economic loss;

   b)  punitive and/or exemplary damages;

   c)  pre-judgment and post-judgment interest at the maximum rate allowable by law;

d)      attorneys' fees, claims preparation expenses, and costs of litigation;

e)      declaratory and injunctive relief; and

f)      such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**BARON & BUDD, P.C.**

BY: _____
SCOTT SUMMY (Texas Bar No. 19507500)
ssummy@baronbudd.com
MITCHELL  MCCREA (Texas Bar No. 24041435)
mmccrea@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone:  (214) 521-3605
Facsimile:   (214) 520-1181

**COSSICH, SUMICH, PARSIOLA
& TAYLOR, LLC**
PHILIP F. COSSICH, JR., #1788 (T.A.)
pcossich@cossichlaw.com
DAVID A. PARSIOLA, #21005
dparsiola@cossichlaw.com
BRANDON J. TAYLOR, #27662
btaylor@cossichlaw.com
8397  Highway 23, Suite 100
Post Office Box 400
Belle Chasse, Louisiana  70037
Telephone:  (504) 394-9000
Facsimile:  (504) 394-9110

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File and Serve Xpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of May, 2016.