UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEEP SEA FISHING, INC.**  CAUSE NO.: 2:13-CV-01419
**(Plaintiff)**

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
**(Defendants)**

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRAIL

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiff, DEEP SEA FISHING, has suffered economic injury, damage and/or losses as a result of the oil spill. Before the Spill, Plaintiff functioned as a charter fishing business in the Gulf waters. The Spill destroyed the Gulf waters and devastated Plaintiff's business.

3. Plaintiff brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4. Plaintiff brings this case against the following defendants:

a) BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois. This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b) BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

c) BP p.l.c., a British public limited company with its corporate headquarters in London, England. This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

In this Complaint, the term "BP" refers collectively to Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.

5. Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333; 33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

6. Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349.

7. Plaintiff, DEEP SEA FISHING, INC., is a Texas corporation with its principal place of business in Port Aransas, Texas and claims damages as set forth below.

8. Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

9. Plaintiff, DEEP SEA FISHING, INC., is a charter fishing company located in Port Aransas, Texas on or near the Gulf of Mexico. The adverse impact of the Spill on the boating and fishing activities throughout the entire Gulf Coast region negatively impacted the Plaintiff's business. With the presence of oil in the water and the closure of large sections of the Gulf to fishing and boating, the demand for charter fishing declined significantly.

10. When the fishing grounds closed, Plaintiff could not conduct charter fishing trips and could not go out to fish. The business could not generate revenues. In addition, the negative

public stigma/perception attached to seafood from the Gulf, depleted any interest in fishing in the Gulf. As a result, Plaintiff suffered economic damages and loss of revenues.

## CAUSE OF ACTION
### (Oil Pollution Act, 33 U.S.C. 2702, *et. seq.*)

11. Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

12. As a result of that discharge, Plaintiff suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

13. Specifically, Plaintiff suffered lost revenues, lost profits, and lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf, all of which prevented Plaintiff from operating their business.

14. Before filing suit, Plaintiff presented its claim for damages to Defendants in accordance with 33 U.S.C. § 2713.

15. Plaintiff has met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail and electronic transmission on January 15, 2013. More than ninety days have elapsed since that date, and none of Plaintiff's claims have been settled by payment. Plaintiff received a letter denying its claim on April 18, 2013. Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

16. As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future. These damages include, but are not limited to, the following:

    a)    compensatory damages for loss of revenue, profit, loss of income, investments, assets, real property, personal property and any other economic loss;

    b)    punitive and/or exemplary damages;

    c)    pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d)    attorneys' fees, claims preparation expenses, and costs of litigation;

    e)    declaratory and injunctive relief; and

    f)    such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED.**

    Respectfully submitted,

    **BARON & BUDD, P.C.**

    BY: _M. Cristina Sanchez_
    SCOTT SUMMY (Texas Bar No. 19507500)
    ssummy@baronbudd.com
    M. CRISTINA SANCHEZ (Texas Bar No. 24041856)
    csanchez@baronbudd.com
    3102 Oak Lawn Avenue, Suite 1100
    Dallas, Texas 75219
    Telephone: (214) 521-3605
    Facsimile: (214) 520-1181

**COSSICH, SUMICH, PARSIOLA
& TAYLOR, LLC**
PHILIP F. COSSICH, JR., #1788 (T.A.)
pcossich@cossichlaw.com
DAVID A. PARSIOLA, #21005
dparsiola@cossichlaw.com
BRANDON J. TAYLOR, #27662
btaylor@cossichlaw.com
8397 Highway 23, Suite 100
Post Office Box 400
Belle Chasse, Louisiana 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

**THOMAS M. FURLOW**
thomasfurlow@yahoo.com
22435 Roan Forest
San Antonio, Texas 78259
Telephone: (210) 325-4972
Facsimile: (210) 344-7228

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File and Serve Xpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United State for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MCL 2179, on the 13th day of May, 2016.

_____
Scott Summy