UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DOLLER OFFSHORE MARINE TRADING, INC.**  CAUSE NO.: 2:13-CV-01275
**(Plaintiff)**

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
**(Defendants)**

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiff, DOLLER OFFSHORE MARINE TRADING, INC., has suffered economic injury, damage and/or losses as a result of the oil spill. Before the Spill, Plaintiff functioned by building and selling boats to be used in the Gulf waters. The Spill destroyed the Gulf waters and devastated Plaintiff's business.

3. Plaintiff brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4. Plaintiff brings this case against the following defendants:

a) BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois. This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b) BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

c) BP p.l.c., a British public limited company with its corporate headquarters in London, England.  This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. are referenced herein collectively as "BP".

5. Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333;  33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

6. Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349.

7. Plaintiff, DOLLER OFFSHORE MARINE TRADING, INC., is a Florida corporation with its principal place of business in Hollywood, Florida and claims damages as set forth below.

8. Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

9. Doller Offshore Marine Trading, Inc. sells and services recreational fishing boats, cruising boats, and brokerage yachts.  With the presence of oil in the water and the closure of large sections of the Gulf to fishing and boating, the demand for boats and boat service decline significantly.  The closure of Gulf water and the uncertainties caused by the Oil Spill, both economically and environmentally, caused a significant decrease in the demand for new boats as well as their repair and service.  Plaintiff also suffered the cancellation orders.  The decline in

demand for new boats and repair and improvements to existing boats caused Plaintiff to lose revenue and profit.

## CAUSE OF ACTION
### (Oil Pollution Act, 33 U.S.C. 2702, *et. seq*.)

10. Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

11. As a result of that discharge, Plaintiff suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

12. Specifically, Plaintiff suffered lost revenues, lost profits, and lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf, all of which prevented Plaintiff from operating their business.

13. Before filing suit, Plaintiff presented its claim for damages to Defendants in accordance with 33 U.S.C. § 2713.

14. Plaintiff has met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail and electronic transmission on January 15, 2013. More than ninety days have elapsed since that date, and none of Plaintiff's claims have been settled by payment. Plaintiff received a letter denying its claim on April 17, 2013. Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

15. As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into

the future. Said damages sustained by Plaintiff and recoverable from the named Defendants include, but are not limited to, the following:

    a)    economic, income, property and compensatory damages;

    b)    punitive and/or exemplary damages;

    c)    pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d)    attorneys' fees, claims preparation expenses, and costs of litigation;

    e)    declaratory and injunctive relief; and

    f)    such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED.**


        Respectfully submitted,
        **BARON & BUDD, P.C.**

        BY: _/s/ M. Cristina Sanchez_
        SCOTT SUMMY (Texas Bar No. 19507500)
        ssummy@baronbudd.com
        M. CRISTINA SANCHEZ (Texas Bar No. 24041856)
        csanchez@baronbudd.com
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas 75219
        Telephone: (214) 521-3605
        Facsimile: (214) 520-1181

**LAW OFFICE OF JOHN W. MERTING**
JOHN MERTING (Florida Bar No. 113851)
jmerting@bellsouth.net
913 Gulf Breeze Parkway, Suite 39
Gulf Breeze, Florida 32561
Telephone: (850) 916-9645
Facsimile: (850) 916-9787

**J. HAROLD SEAGLE** (North Carolina Bar No. 8017)
haroldseagle@charter.net
P.O. Box 15307
Asheville, North Carolina, 28813
Telephone: (828) 628-2777
Facsimile: (828) 628-7775

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File and Serve Xpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United State for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MCL 2179, on the 13th day of May, 2016.

*/s/ Scott Summy*
Scott Summy