UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEFFREY ALAN SHEMPER, JR. DBA**            **CAUSE NO.:   2:13-CV-01690**
**J. SHEMPER SEAFOOD**
**(Plaintiff)**

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
**(Defendants)**

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.

On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2.

Plaintiff, JEFFREY ALAN SHEMPER, JR. DBA J. SHEMPER SEAFOOD, has suffered economic injury, damage and/or losses as a result of the oil spill. The oil spill destroyed the Gulf waters and devastated Plaintiff's business.

3.

Plaintiff brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff brings this case against the following defendants:

PAGE 1

a) BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois. This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b) BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

c) BP p.l.c., a British public limited company with its corporate headquarters in London, England. This court has general jurisdiction over BP p.l.c. pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

In this Complaint, the term "BP" refers collectively to Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.

5.

Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333; 33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

6.

Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349.

7.

Plaintiff, JEFFREY ALAN SHEMPER, JR. DBA J. SHEMPER SEAFOOD, is a resident/citizen/business operating a business in Biloxi, Harrison County, Mississippi, and claims damages as set forth below..

8.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

9.

At the time of the BP Oil Spill, Plaintiff was (and still is) a dealer/buyer, wholesaler, and distributor of seafood from the waters of the Gulf of Mexico affected by the BP Oil Spill. Prior to the BP Oil Spill, Plaintiff's business was growing and prospering. The BP Oil Spill, however, started a tragic chain of events that both adversely affected Plaintiff's profits and impaired his earnings and growth capacity, and the dominoes have not stopped falling against him.

10.

First, the BP Oil Spill contaminated the waters from which is harvested the Gulf seafood Plaintiff buys, distributes, and resells. As a result, such seafood either became sick or unhealthy or died or migrated away from the contamination. Also, in the areas in and around the BP Oil Spill, the Gulf waters were closed to fishing, smothered with equally dangerous and toxic dispersants, and trashed by months of cleanup activity. Then, because the Gulf seafood was damaged, gone or undesirable, and because the Gulf waters were and still are contaminated or closed, the fishermen/docks/dealers from whom Plaintiff bought Gulf seafood were unable to fish/secure Gulf seafood at the same levels to which they were accustomed. So, because there was a shortage of Gulf seafood available, prices rose (which further shrank Plaintiff's already slim profit margins) and purchase orders and contracts went unfilled. In addition, Plaintiff has been confronted with a negative public stigma attached to his seafood from the Gulf, which has diminished the number of purchase orders and contracts for his Gulf seafood.

11.

Despite the reduced number of purchase orders and contracts, Plaintiff has continued to incur the same amount of expenses in labor and overhead. Also, he has had to incur additional expenses to adapt or alter how he does business, such as changes in the types of seafood he purchases and sells, and changes in the provisions or amenities offered (e.g., transportation, storage, pricing). Needless to say, Plaintiff has suffered tremendous damages as a direct result of the BP Oil Spill.

## CAUSE OF ACTION
**(Oil Pollution Act, 33 U.S.C. 2702, *et. seq*.)**

12.

Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

13.

As a result of that discharge, Plaintiff suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

14.

Specifically, Plaintiff suffered lost revenues, lost profits, and/or lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf..

15.

Before filing suit, Plaintiff presented its claim for damages to Defendants in accordance with 33 U.S.C. § 2713.

16.

Plaintiff has met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail on January 18, 2013.  More than ninety days have elapsed since that date, and Plaintiff's claim has not been settled by payment.  Plaintiff received a letter denying its claim on April 29, 2013.  Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

17.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future.  These damages include, but are not limited to, the following:

    a)    compensatory damages for loss of revenue, profit, income, investments, assets, real property, personal property and any other economic loss;

    b)    punitive and/or exemplary damages;

    c)    pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d)    attorneys' fees, claims preparation expenses, and costs of litigation;

    e)    declaratory and injunctive relief; and

    f)    such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and

damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

                Respectfully submitted,

                **BARON & BUDD, P.C.**

BY: _____
        SCOTT SUMMY (Texas Bar No. 19507500)
        ssummy@baronbudd.com
        MITCHELL MCCREA (Texas Bar No. 24041435)
        mmccrea@baronbudd.com
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas 75219
        Telephone: (214) 521-3605
        Facsimile: (214) 520-1181

        **COSSICH, SUMICH, PARSIOLA**
        **& TAYLOR, LLC**
        PHILIP F. COSSICH, JR., #1788 (T.A.)
        pcossich@cossichlaw.com
        DAVID A. PARSIOLA, #21005
        dparsiola@cossichlaw.com
        BRANDON J. TAYLOR, #27662
        btaylor@cossichlaw.com
        8397 Highway 23, Suite 100
        Post Office Box 400
        Belle Chasse, Louisiana 70037
        Telephone: (504) 394-9000
        Facsimile: (504) 394-9110

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File and Serve Xpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of May, 2016.