UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EMERALD BAY DEVELOPMENT**           CAUSE NO.: 2:13-cv-01474-CJS-SS
**CORPORATION, EMERALD BAY**
**COMMERCIAL 09, LLC, EBH-06, LLC,**
**and EMERALD BAY ONE, LLC**
*(Plaintiffs)*

vs.

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
*(Defendants)*

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiffs, EMERALD BAY DEVELOPMENT CORPORATION, EMERALD BAY COMMERCIAL 09, LLC, EBH-06, LLC and EMERALD BAY ONE, LLC (collectively the "EMERALD BAY") developed Emerald Bay, a master-planned golf community in Destin, Florida. EMERALD BAY also owns and operates the Golf Club and Clubhouse, including a pro shop, Emerald Bay Grill (a restaurant), and a Guesthouse available for member use or for rent. EMERALD BAY draws their income and revenue from residents, guests of its sister property (Seascape Resorts), tourists, and out of town visitors. Each Plaintiff suffered injury, damage, and/or economic losses as a result of the Spill.

3. Plaintiffs are properly joined in this Complaint pursuant to Fed. R. Civ. P. 20(a)(1)(B).[1]

4. Plaintiffs brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

5. Plaintiffs bring this case against the following defendants:

  a) BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois. This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

  b) BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

  c) BP p.l.c., a British public limited company with its corporate headquarters in London, England. This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

In this Complaint, the term "BP" refers collectively to Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.

6. Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333; 33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

7. Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349. Plaintiffs are residents/citizens of Florida and claim damages as set forth below.

---

[1] According to Rule 21, misjoinder is not grounds for dismissal. If the Court intended, through Pretrial Order No. 60 to require each individual plaintiff to file a lawsuit despite the joinder rule, Plaintiffs will amend accordingly.

8. Upon current information and belief, Plaintiffs sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

9. EMERALD BAY developed and built a master-planned golf community in Destin, Florida. EMERALD BAY also owns and operates the Golf Club and Clubhouse, including a pro shop, Emerald Bay Grill (a restaurant), and a Guesthouse available for member use or for rent. EMERALD BAY draws its income and revenue from residents, guests of its sister property (Seascape Resorts), tourists, and out of town visitors.

10. EMERALD BAY holds development rights for a 30,000 square foot commercial property and residential single family and multi-family zoned property lots. EMERALD BAY planned on developing 23 lots for residential sale ("Phase 2") along with a 30,000 sq. foot commercial site on its property. EMERALD BAY also holds additional raw land for development into single and multi-family residences.  Before the Oil Spill, the EMERALD BAY began development of Phase 2 and the commercial property and incurred development related expenses including architect fees, civil engineering fees, infrastructure fees to install roads, electrical posts, and sewer lines, legal fees, and state/county and government fees.

11. As a result of the Oil Spill, unprecedented amounts of raw crude oil, emulsified and weathered oil, natural gas, chemical dispersants, and other toxic pollutants contaminated the Gulf of Mexico and the Gulf Coastal areas. Oil from BP's well washed on the Gulf's shorelines, beaches, shores, marshes, harbors, estuaries, bayous, bays, and waters. Tourism accounts for about 46 percent of the Gulf Coast economy annually.

12. The Oil Spill dealt a devastating blow to tourism to beach communities, including Destin, Florida. Beach communities rely on tourism for their livelihood.  With oil in the Gulf's waters and on Destin's beaches, tourists and potential vacation/second home buyers went

elsewhere. As a result of the Oil Spill and the resulting contamination of the Gulf Coastal Area, EMERALD BAY has suffered, and will continue to suffer loss of income and revenue. In addition, the Oil Spill halted development. As a result, EMERALD BAY suffered loss of income, delay in development, and losses for expenses incurred for development delayed and/or derailed by the Oil Spill.  EMERALD BAY development rights are set to expire in 2016; if Emerald Bay is unable to develop before then it will lose the value of its development rights as well.

## CAUSE OF ACTION
### (Oil Pollution Act, 33 U.S.C. 2702, *et. seq*.)

13. Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

14. As a result of that discharge, Plaintiffs suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

15. Specifically, Plaintiffs suffered lost revenues, lost profits, and lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf, all of which prevented Plaintiffs from operating their business.

16. Before filing suit, Plaintiffs presented their claims for damages to Defendants in accordance with 33 U.S.C. § 2713.

17. Plaintiffs met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail on January 18, 2013.  More than ninety days have elapsed since that date, and

none of Plaintiffs' claims have been settled by payment. Plaintiffs have thus satisfied the mandatory condition precedent to file this civil action under OPA.

18. As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiffs have sustained and will continue to sustain damages indefinitely into the future. These damages include, but are not limited to, the following:

a) compensatory damages for loss of revenue, profit, income, investments, assets, real property, personal property, and any other economic loss;

b) punitive and/or exemplary damages;

c) pre-judgment and post-judgment interest at the maximum rate allowable by law;

d) attorneys' fees, claims preparation expenses, and costs of litigation;

e) declaratory and injunctive relief; and

f) such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

_____
SCOTT SUMMY (Texas Bar No. 19507500)
ssummy@baronbudd.com
CARY McDOUGAL (Texas Bar No. 13569600)
cmcdougal@baronbudd.com
IRMA ESPINO (Georgia Bar No. 558220)
iespino@baronbudd.com
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Telephone:  (214) 521-3605
Facsimile:  (214) 520-1181


**COSSICH, SUMICH, PARISOLA & TAYLOR, LLC**
PHILIP F. COSSICH, JR. #1788 (T.A.)
pcossich@cossichlaw.com
DAVID A. PARSIOLA, #21005
dparsiola@cossichlaw.com
BRANDON J. TAYLOR, #27662
Btaylor@cossichlaw.com
8397 Highway 23, Suite 100
Post Office Box 400
Belle Chasse, Louisiana 70037
Telephone# (504) 394-9000
Facsimile:  (504) 394-9110

**LAW OFFICE OF THOMAS P. WILLINGHAM, P.C.**
THOMAS WILINGHAM
tom@tpwpc.com
3800 Colonnade Parkway, Suite 330
Birmingham, AL 35243
Telephone: (205) 578-7679

**YES LAW GROUP, LLC**
YEHUDA SMOLAR
ysmolar@yeslawgroup.com
500 Bishop Street, Suite A-6
Atlanta, GA 30318
Telephone:  (404) 525-3900

6

## **WAIVER OF SERVICE**

Plaintiffs will request that defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).