## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**P& J OYSTER COMPANY, INC.,**               **CAUSE NO. 2:13-CV-01280**
*(Plaintiff),*

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
*(Defendants)*

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.      On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2.      Plaintiff is a seafood processer based in Louisiana.   The Oil Spill destroyed the seafood supply and devastated Plaintiff's business.   As will be explained below, Plaintiff suffered injury, damage, and/or economic losses as a result of the Spill.

3.      Plaintiff brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.      Plaintiff brings this case against the following defendants:

   a)      BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois.   This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b)      BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

c)      BP p.l.c., a British public limited company with its corporate headquarters in London, England.  This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

In this Complaint, the term "BP" refers collectively to Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.

5.      Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333;  33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

6.      Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349.

7.      Plaintiff is a resident/citizen of New Orleans, Louisiana and claims damages as set forth below.

8.      Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

9.      P&J Oyster is one of the oldest continually operating oyster companies in America. Since 1867, P&J Oyster has distributed oysters in the form of shucked meat and shell stock to New Orleans' top restaurants and oyster bars. P&J Oyster is unique because it has remained a family owned business for over 4 generations.

10.     Prior to the Oil Spill, P&J Oyster's brand was synonymous with high quality plump Louisiana oysters. Over the past 35 years brothers and co-owners, Al and Sal Sunseri, developed a loyal customer list that included the best restaurants in New Orleans.

11.     Based on P&J's reputation, restaurants featured P&J Oyster on their menus and charged an upsell for P&J's oysters versus unbranded oysters. P&J Oyster also received national attention and glowing reviews by culinary critics, including Martha Stewart.

12.     Before the Oil Spill, P&J handled tens of thousands of oysters a day.  It provided high quality shucked oysters and shell stock to its restaurant clients and retail customers. P&J Oyster also had a bustling retail business shucking and distributing.

13.     Post Spill, P&J Oyster has suffered a reduction in sales volume and decreased profitability. P&J has suffered a reduction in sales as a direct result of decreased availability and increased scarcity of Louisiana oysters. Exacerbating the situation, scarcity of oysters has driven up dockside price of oysters above pre-Spill prices.

14.     It comes as no surprise that P&J Oyster was forced to close its oyster shucking operation. P&J Oyster also laid off 10 employees and runs on a bare bones staff consisting of the co-owners, Al and Sal Sunseri. Al and Sal Sunseri are now forced to perform all labor once performed by employees to keep P&J Oyster running.

15.     Al and Sal Sunseri have personally loaned the business over $150,000 and have given up most of their salaries for the past 2 years. In their 35 year tenure, Al and Sal have never seen anything like the current oyster market.

16.     P&J Oyster has suffered, and will continue to suffer, loss of income, loss of profits, and loss of earning capacity, including brand damage.

## CAUSE OF ACTION
### (Oil Pollution Act, 33 U.S.C. 2702, *et. seq.*)

17.     Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

18.     As a result of that discharge, Plaintiff suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

19.     Specifically, Plaintiff suffered lost revenues, lost profits, and lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf, all of which prevented Plaintiff from operating its business.

20.     Before filing suit, Plaintiff presented its claims for damages to Defendants in accordance with 33 U.S.C. § 2713.

21.     Plaintiff met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail on March 8, 2013.  More than ninety days have elapsed since that date, and none of Plaintiff's claims have been settled by payment.  Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

22.     Plaintiff P&J Oyster Company, Inc. was named as a Plaintiff in the Complaint filed in cause number 2:13-cv-01280 on April 18, 2013.  P&J Oyster did not dismiss that lawsuit but files this new Complaint pursuant to Pretrial Order No. 60.  For limitations or other purposes, this Complaint should relate back to the date that Plaintiff originally filed suit.

23.     As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future.  These damages include, but are not limited to, the following:

      a)    compensatory damages for loss of revenue, profit, income, investments, assets, real property, personal property, and any other economic loss;

      b)    punitive and/or exemplary damages;

c)      pre-judgment and post-judgment interest at the maximum rate allowable by law;

d)      attorneys' fees, claims preparation expenses, and costs of litigation;

e)      declaratory and injunctive relief; and

f)      such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**BARON & BUDD, P.C.**

BY:___ _____
SCOTT SUMMY (Texas Bar No. 19507500)
ssummy@baronbudd.com
IRMA ESPINO (Georgia Bar No. 558220)
iespino@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone:  (214) 521-3605
Facsimile:  (214) 520-1181

**WAIVER OF SERVICE**

Plaintiff will request that defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).