UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAC'S MARINA, INC. and   CAUSE NO.: 2:13-cv-01278
UNDERTOW MARINE
TOWING & SALVAGE, INC.,

*Plaintiffs*

vs.

BP EXPLORATION & PRODUCTION, INC.,
BP AMERICA PRODUCTION COMPANY, and
BP P.L.C.

*Defendants*

# FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252 (the "Spill"), and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiffs, MAC'S MARINA, INC. ("MAC'S MARINA") and UNDERTOW MARINE TOWING & SALVAGE, INC. ("UNDERTOW"), are related businesses in an integrated marina and marine services enterprise in Florida. Before the Spill, the entities functioned by providing boat slip rentals, marine services, including haul out services, repairs, and fuel. The Spill interrupted the Plaintiffs' ability to do business. Each Plaintiff suffered injury, damage, and/or economic losses as a result of the Spill.

3. Plaintiffs are properly joined in this Complaint pursuant to Fed. R. Civ. P. 20(a)(1)(B).[1]

4. Plaintiffs brought this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

5. Plaintiffs bring this case against the following defendants:

    a) BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois. This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

    b) BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

    c) BP p.l.c., a British public limited company with its corporate headquarters in London, England. This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

In this Complaint, the term "BP" refers collectively to Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.

6. Subject-matter jurisdiction in this Court is appropriate pursuant to, inter alia, 28 U.S.C. §§ 1327, 1331, 1333;  33 U.S.C. §§ 1321, 2702, 2717, 43 U.S.C. §§ 1332, 1333, and 1349(b).

7. Venue in this district is permitted by 33 U.S.C. § 2717 and 43 U.S.C. § 1349.

8. Plaintiffs are residents/citizens of Florida and claim damages as set forth below.

---

[1] According to Rule 21, misjoinder is not grounds for dismissal.  If the Court intended, through Pretrial Order No. 60 to require each individual plaintiff to file a lawsuit despite the joinder rule, Plaintiffs will amend accordingly.

9. Upon current information and belief, Plaintiffs sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances

10. MAC'S MARINA operates a full service marina providing fuel, vessel storage, inside and outside dry storage, boat slips and a ship supply store. Customers include, but are not limited to, fishermen, charter boat captains, tourists and local boating enthusiasts in need of boat storage, boat supplies and fuel.

11. UNDERTOW operates a towing service which serves personal and commercial boating clients. UNDERTOW offers towing at sea, fuel delivery, jump starts and undergroundings 24 hours a day/7 days a week. UNDERTOW relies on tourists and existing customer contracts.

12. MAC'S MARINA and UNDERTOW, along with other businesses in the Pensacola area, expected an increase in tourism and business activity for 2010. The Oil Spill forced the closure of some of the most popular fishing grounds in the Gulf of Mexico. Area waterways were under the constant threat of oil slicks and booming equipment was put in place in an attempt to keep oil from reaching the bays and bayous. These factors resulted in a sharp reduction in the number of boaters in the Gulf and area waterways hurting businesses who rely on boaters, fishing, and tourism.

13. After the Oil Spill tourism numbers plummeted as vacation plans were cancelled. Fishermen unable to work did not purchase bait and fuel, and local boaters, for fear of damage to their vessels, did not take their boats out on the water and did not purchase fuel or supplies. As a result, MAC'S MARINA and UNDERTOW suffered, and will continue to suffer, loss of profit, and earning capacity.

## CAUSE OF ACTION
### (Oil Pollution Act, 33 U.S.C. 2702, *et. seq*.)

14. Defendants are jointly or severally responsible party for the discharge of oil from the Deepwater Horizon drilling rig into or upon the navigable waters and adjoining shorelines.

15. As a result of that discharge, Plaintiffs suffered covered damages as set out in 33 U.S.C.§ 2702(b)(2)(D)-(E).

16. Specifically, Plaintiffs suffered lost revenues, lost profits, and lost earning capacity as a result of the Spill's impact on natural resources, closure of fishing grounds, and presence of oil in the waters and on the beaches of the Gulf, all of which prevented Plaintiffs from operating their business.

17. Before filing suit, Plaintiffs presented their claims for damages to Defendants in accordance with 33 U.S.C. § 2713.

18. Plaintiffs met the presentment requirements by submitting a written claim to BP, the responsible party, for a sum certain for compensation for damages from the incident via certified mail on December 29, 2012. More than ninety days have elapsed since that date, and none of Plaintiffs' claims have been settled by payment. Plaintiffs have thus satisfied the mandatory condition precedent to file this civil action under OPA.

19. As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiffs have sustained and will continue to sustain damages indefinitely into the future. These damages include, but are not limited to, the following:

   a) compensatory damages for loss of revenue, profit, income, investments, assets, real property, personal property, and any other economic loss;

   b) punitive and/or exemplary damages;

    c)    pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d)    attorneys' fees, claims preparation expenses, and costs of litigation;

    e)    declaratory and injunctive relief; and

    f)    such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**BARON & BUDD, P.C.**

BY:_____
CARY McDOUGAL    (Texas Bar No. 13569600)
cmcdougal@baronbudd.com
SCOTT SUMMY (Texas Bar No. 19507500)
ssummy@baronbudd.com
IRMA ESPINO (Georgia Bar No. 558220)
iespino@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone:  (214) 521-3605
Facsimile:  (214) 520-1181

5

**COSSICH, SUMICH, PARSIOLA
& TAYLOR, LLC**
PHILIP F. COSSICH, JR., #1788 (T.A.)
pcossich@cossichlaw.com
DAVID A. PARSIOLA, #21005
dparsiola@cossichlaw.com
BRANDON J. TAYLOR, #27662
btaylor@cossichlaw.com
8397 Highway 23, Suite 100
Post Office Box 400
Belle Chasse, Louisiana 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

**LAW OFFICE OF JOHN W. MERTING**
JOHN MERTING (Florida Bar No. 113851)
jmerting@bellsouth.net
913 Gulf Breeze Parkway, Suite 39
Gulf Breeze, Florida 32561
Telephone: (850) 916-9645
Facsimile: (850) 916-9787

**J. HAROLD SEAGLE** (North Carolina Bar No. 8017)
haroldseagle@charter.net
P.O. Box 15307
Asheville, North Carolina, 28813
Telephone: (828) 628-2777
Facsimile: (828) 628-7775

## WAIVER OF SERVICE

Plaintiff will request that defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).