IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MDL NO. 2179<br><br>SECTION J<br><br><br>HONORABLE CARL J. BARBIER<br><br> |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | *<br>* | MAGISTRATE JUDGE SHUSHAN |

**HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO BE RELIEVED FROM CERTAIN PRESERVATION OBLIGATIONS**

Halliburton Energy Services, Inc. ("HESI") respectfully requests that the Court enter an order relieving it from certain physical item, document, electronic file, and evidence preservation obligations, including any and all obligations to further accumulate and/or preserve and store physical items, documents, electronic files, evidence and/or other data not produced in the *Deepwater Horizon* Litigation (the "Non-Production Items").  Because preserving and storing the Non-Production Items is burdensome and expensive, HESI requests an Order permitting HESI to initiate disposal and/or destruction of the Non-Production Items in a manner that may be determined by HESI.  At this time, HESI is not requesting relief from any obligation it has to retain the documents and data that were Bates numbered and produced to the parties by HESI in MDL No. 2179 ("HESI's MDL Production").  HESI will continue to retain and preserve HESI's MDL Production until such time as the Court deems continued preservation unnecessary.

Pursuant to its preservation obligations, HESI has approximately 500 employees[1] subject to legal hold notices in the *Deepwater Horizon* litigation.  A list of HESI's employees subject to

---

[1] The reference to "employees" includes both current and former employees.

1

legal hold notices in the *Deepwater Horizon* litigation is attached hereto as Exhibit A. Maintaining these legal hold notices is burdensome and expensive. Accordingly, HESI also requests an Order permitting HESI to release the legal holds on its employees identified in Exhibit A, as well as any other employees it determines have been placed on legal hold, relating to the *Deepwater Horizon* litigation.

In addition to the relief described above, HESI requests that certain cement evidence ("Cement Evidence") currently in Captain Englebert's custody per the Order issued on February 3, 2014 (Rec. doc. 12280) be returned to HESI's custody and control. An inventory list of the Cement Evidence is attached hereto as Exhibit B. HESI has incurred and continues to incur substantial costs related to the storage of the Cement Evidence at Michoud. Since the criminal proceedings concerning Robert Kaluza have recently concluded, Transocean's evidence has been or soon will be returned to Transocean, and only HESI's evidence will remain in Captain Englebert's custody. With no other party to share the expense of storage at Michoud, the burden to HESI will be even greater. In an effort to avoid the substantial expense of ongoing storage, HESI requests that the Court release the Cement Evidence into HESI's custody and control to preserve until such time as the Court deems continued preservation unnecessary.

WHEREFORE, HESI respectfully requests entry of an Order by this Honorable Court as follows: (1) with the exception of the Cement Evidence currently stored at Michoud, relieving HESI of any and all obligations to further accumulate and/or preserve and store physical items, documents, electronic files, evidence and/or other data not produced in the *Deepwater Horizon* Litigation (the "Non-Production Items"); (2) permitting HESI to dispose of and/or destroy the Non-Production Items in a manner that may be determined by HESI; (3) permitting HESI to release the legal holds on its employees relating to the *Deepwater Horizon* litigation; and (4)

2

directing Captain Englebert to release the Cement Evidence (described in Exhibit B) currently stored at Michoud into HESI's custody and control to preserve until such time as the Court deems continued preservation unnecessary.

Respectfully submitted,

# GODWIN PC

/s/ Donald E. Godwin
Donald E. Godwin
Attorney-in-charge
State Bar No. 08056500
DGodwin@GodwinLaw.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinLaw.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinLaw.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph:  214.939.4412
Fax:  214.939.4803

and

R. Alan York
State Bar No. 22167500
AYork@GodwinLaw.com
Misty Hataway-Coné
State Bar No. 24032277
MCone@GodwinLaw.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

4

## CERTIFICATE OF CONFERENCE

Prior to filing this Motion, counsel for HESI conferred with counsel for the PSC, BP and Transocean. PSC and Transocean do not oppose this motion. BP takes no position on this motion.

/s/ R. Alan York

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to be Relieved from Certain Preservation Obligations by HESI will be served on all Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 19th day of May, 2016.

/s/ R. Alan York

4