**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION: J |
| on APRIL 20, 2010 | § | |
| | § | HONORABLE JUDGE BARBIER |
| Applies to: All Cases | § | |
| | § | MAGISTRATE JUDGE SHUSHAN |
| | § | |
| _____ | § | |

**TRANSOCEAN'S MOTION TO BE RELIEVED FROM**
**CERTAIN PRESERVATION OBLIGATIONS**

Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH (collectively, "Transocean") respectfully request that the Court enter an order relieving Transocean from certain document, electronic file, and evidence preservation obligations, including any and all obligations to further accumulate and/or preserve and store documents, electronic files, evidence and/or other data not produced in MDL No. 2179 (the "Non-Production Data") and respectfully shows as follows.

Beginning shortly after the blowout, explosion, and fire aboard the *Deepwater Horizon* on April 20, 2010, Transocean imposed litigation holds upon and preserved large quantities of potentially relevant data, including custodial files, shared drives, non-custodial databases, and thousands of boxes and files in records rooms and offsite storage. In response to hundreds of document requests from the Plaintiffs Steering Committee, the United States, and its co-defendants, Transocean searched the preserved data for responsive documents, and ultimately bates labeled and produced more than 12,000,000 pages to the parties in MDL No. 2179 ("Transocean's MDL Production").

Transocean continues to store a substantial volume of information pursuant to Pretrial Order No. 1 (Rec. Doc. 2).  Because preserving and storing the Non-Production Data is burdensome and expensive, and in light of the procedural posture of the case,[1] Transocean requests an Order permitting it to initiate disposal and/or destruction of the Non-Production Data in a manner that may be determined by Transocean.  At this time, Transocean is not requesting relief from any obligation that it has to retain Transocean's MDL Production, which it will continue to retain and preserve until such time as the Court deems continued preservation unnecessary.

WHEREFORE, Transocean respectfully requests entry of an Order by this Honorable Court as follows:  (1) relieving Transocean of any and all obligations to further accumulate and/or preserve and store documents, electronic files and/or other data not produced in MDL No. 2179 (the "Non-Production Data"); (2) permitting Transocean to dispose of and/or destroy the Non-Production Data in a manner that may be determined by Transocean; and (3) permitting Transocean to release legal holds relating to the *Deepwater Horizon* litigation.

May 19, 2016                                          Respectfully Submitted,

  s/ Brad D. Brian                                  s/  Steven L. Roberts
Brad D. Brian                                        Steven L. Roberts
Daniel B. Levin                                      SUTHERLAND ASBILL & BRENNAN LLP
MUNGER TOLLES & OLSON LLP                             1001 Fannin Street, Suite 3700
355 So. Grand Avenue, 35th Floor                     Houston, Texas 77002
Los Angeles, CA 90071                                Tel:  (713) 470-6100
Tel:  (213) 683-9100                                 Fax:  (713) 354-1301
Fax:  (213) 683-5180                                 Email:  steven.roberts@sutherland.com

---

[1] Notably, on May 29, 2015, Transocean entered into the Transocean Punitive Damages and Assigned Claims Settlement Agreement with the PSC.  (Rec. Doc. 14644).  On April 12, 2016, the Court preliminarily approved that settlement.  (Rec. Doc 16183).  On February 17, 2016, the Court granted motions to dismiss claims between BP and Transocean and HESI and Transocean.  (Rec. Docs. 15887 and 15888).  Transocean has also resolved the claims of the United States and the States of Alabama, Florida, Louisiana, Mississippi, and Texas.  (Rec. Docs. 8608 and 15517).

Email:  brad.brian@mto.com
          daniel.levin@mto.com

                                            s/  Kerry J. Miller
                                          Kerry J. Miller
                                          BAKER, DONELSON, BEARMAN, CALDWELL &
                                          BERKOWITZ, PC
                                          201 St. Charles Avenue, Suite 3600
                                          New Orleans, LA 70170
                                          Tel:  (504) 566-8646
                                          Fax:  (504) 585-6946
                                          Email: kjmiller@bakerdonelson.com

**ATTORNEYS FOR TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., TRANSOCEAN DEEPWATER INC., TRANSOCEAN HOLDINGS LLC, AND TRITON ASSET LEASING GmbH.**

## CERTIFICATE OF CONFERENCE

Counsel for Transocean has conferred with counsel for the PSC and BP regarding the foregoing Motion to be Relived from Certain Preservation Obligations (the "Motion").  Counsel for the PSC has indicated they are not opposed to the Motion and counsel for BP has indicated that BP will take no position on the Motion.

                                          /s/ Kerry J. Miller

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to be Relived from Certain Preservation Obligations will be served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 19th day of May 2016.


/s/ Kerry J. Miller