UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: 12-cv-968:  BELO | * | JUDGE BARBIER |
| | * | |
| | * | CHIEF MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

THE BP PARTIES' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO MODIFY BELO CASES INITIAL PROCEEDINGS CASE MANAGEMENT ORDER

Defendants BP Exploration & Production Inc. ("BPXP") and BP America Production Company ("BPAP") (collectively, the "BP Parties") respectfully move this Court to modify the BELO Cases Initial Proceedings Case Management Order ("CMO") and the analogous orders entered in individual BELO lawsuits[1] in two respects.  Both proposed modifications relate to the Authorizations for release of records, attached to the CMO, that are provided by the BELO plaintiff to the BP Parties during the initial disclosure process.

First, the current form of Authorizations identify the recipient of the released records as "[TBD and provided] and/or their designated agents ('Receiving Parties')."[2]  The Medical Benefits Claims Administrator ("GRG") as well as some medical providers and employers have declined to produce records in response to these Authorizations because the recipient of the records is not specifically identified.   The proposed modification would substitute revised

---

[1]   *See* BELO Cases Initial Proceedings Case Management Order, Rec. Doc. 14099 ("CMO"). The Court also enters individual Initial Proceedings Case Management Orders for each individual BELO lawsuit.  *See, e.g.*, *Townsend v. BP Expl. & Prod. Inc.*, No. 2:15-cv-5033, Rec. Doc. 6 (E.D. La. Oct. 20, 2015).

[2]   *See* CMO, Doc. 14099-2.

Authorization forms that specifically identify the recipient of the information as the BP Parties and their counsel, Liskow & Lewis.  This minor modification will facilitate the gathering of relevant GRG, medical, employment, and other records in BELO lawsuits and eliminate the need to obtain replacement Authorization forms from BELO plaintiffs.

Second, the proposed modification adds two Authorizations for the release of federal tax records:  Internal Revenue Forms 4506 and 4506-T, which authorize the IRS to release copies of tax returns and transcripts of tax returns, respectively.  Tax return information is needed to confirm the BELO plaintiff's income and employment information, and the BP Parties have obtained these Authorization forms from plaintiffs in discovery in individual BELO lawsuits. Including IRS Authorization forms as attachments to the CMO will facilitate and expedite the receipt of this information and allow adequate time for the IRS to process these requests.

A proposed modified CMO, with the revised forms of Authorizations, is attached hereto as Exhibit A.  In addition, a redlined version of the CMO, without exhibits, showing the proposed changes to the CMO text is attached hereto as Exhibit B.

## DISCUSSION

Section II of the CMO requires a BELO plaintiff to provide with his or her initial disclosures "Signed Authorizations for Release of (i) Medical Records Information, (ii) Employment Records Information, (iii) Social Security Records Information, (iv) Social Security Earnings Information and (v) Records Provided to Deepwater Horizon Medical Benefits Claims Administrator . . . in the form attached to the Plaintiff Profile Form," which is an exhibit to the CMO.[3]  This information is to be provided "without awaiting a discovery request" and "[n]o later

---

[3]    CMO § II(1)(B).

than ninety (90) days after the date of filing of an individual BELO complaint."[4]  The BP Parties are able to use these Authorizations to obtain GRG, medical and employment information relevant to the plaintiff's claims.  Obtaining this information in a timely manner is particularly important because, under the CMO, the parties have 30 days after these initial disclosures either to stipulate as to the proper venue for the lawsuit or, if no agreement can be reached, to file motions to transfer venue.[5]  The information contained in plaintiff's disclosures informs the BP Parties about, *inter alia*, the locations where the plaintiff has obtained treatment, where his or her medical providers are located, and the locations of his or her employer(s)—significant factors in the venue determination.[6]

Pursuant to the CMO, the parties are authorized to file a motion "to amend or modify this case management order . . . as it applies to . . . BELO cases as a whole."[7]  Two modifications to the CMO are warranted in the case in order to facilitate the initial disclosure process contemplated by the CMO.

First, the Authorizations currently attached to the CMO provide that GRG as well as the BELO plaintiff's medical providers and employers may release records to persons "TBD and to

---

[4]   CMO § II.

[5]   *See* CMO § III.

[6]   *See* 28 U.S.C. § 1404; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (relevant factors include "the relative ease of access to sources of proof," "the availability of compulsory process to secure the attendance of witnesses," and "the cost of attendance for willing witnesses" (quoting *In re Volkswagen AG*, 371 F.3d at 203)); *U.S. United Ocean Servs., LLC v. Powerhouse Diesel Servs., Inc.*, 932 F. Supp. 2d 717, 732 (E.D. La. 2013) ("The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." (internal quotation mark omitted)).

[7]   CMO § IV(1)(D).

be provided" by the BP Parties.[8]   However, GRG along with some medical providers and employers have declined to release records based on these Authorizations on the ground that the name of the receiving party or its agent must be specified.   The revised forms address that concern by specifying that the BP Parties and their counsel, Liskow & Lewis, will be the recipients of the plaintiff's information.   In some cases, BP has requested, and plaintiffs have provided, revised releases in the proposed form, and these revised releases have resulted in the production of the requested records from GRG, medical providers and employers.   However, this process is time-consuming and will become more burdensome if the number of BELO lawsuits increases.   Amending the CMO will eliminate the need for the parties to execute replacement releases in each BELO lawsuit and allow the parties to obtain relevant records in a more efficient and less costly manner.

Second, the addition of the Request for Copy of Tax Return, IRS Form 4506, and Request for Transcript of Tax Return, IRS Form 4506-T, will also facilitate the initial disclosure process.   BELO plaintiffs' IRS records are often a necessary component of verifying income and employment information, and the BP Parties have used Authorizations to obtain IRS tax records in discovery in individual BELO cases.   The IRS requires sufficient time to process these requests.   Including the IRS forms as attachments to the CMO will facilitate and expedite receipt of this information by including it in the initial disclosure process.   Consistent with the addition of this form, the instructions in Section II of the CMO should be amended so that Section II(1)(B) reads:   "Signed Authorizations for Release of (i) Medical Records Information, (ii) Employment Records Information, (iii) Social Security Records Information, (iv) Social Security

---

[8]   *See* Rec. Doc. 14099-2, at 26 (Authorization for Release of Medical Records Pursuant to 45 C.F.R. § 164.508 (HIPAA)), 29 (Authorization for Release of Employee/Plaintiff Records), 37 (Authorization for Release of Records Provided to *Deepwater Horizon* Medical Benefits Claims Administrator).

Earnings Information and (v) Records Provided to Deepwater Horizon Medical Benefits Claims Administrator; *(vi) IRS Form 4506, the Request for Copy of Tax Return, and (vii) IRS Form 4506-T, the Request for Transcript of Tax Return*, all in the form attached to the Plaintiff Profile Form and referenced in its Paragraph 54" (new language is emphasized).

## <u>CONCLUSION</u>

For the foregoing reasons, the BP Parties request that the Court modify the CMO and the analogous orders entered in future individual BELO lawsuits in the manner described herein and pursuant to the proposed modified CMO submitted with this motion.

May 23, 2016                                          Respectfully submitted,


   */s/ J. Tracey Rogers*                       */s/ Kevin M. Hodges*     
J. Tracey Rogers                              Kevin M. Hodges
BP AMERICA INC.                        WILLIAMS & CONNOLLY LLP
501 Westlake Park Boulevard           725 Twelfth Street, N.W.
Houston, TX  77079                  Washington, DC 20005
Telephone:  (281) 366-2000           Telephone:  (202) 434-5000
Telefax:  (312) 862-2200               Telefax:  (202) 434-5029

                                   */s/ Catherine Pyune McEldowney*  
                                   Catherine Pyune McEldowney
                                   MARON MARVEL BRADLEY & ANDERSON LLC
                                   1201 North Market Street, Suite 900
                                   Wilmington, DE 19801
                                   Telephone:  (302) 425-5177
                                   Telefax:  (302) 425-0180

                                   */s/ Don K. Haycraft*           
                                   Don K. Haycraft (Bar #14361)
                                   LISKOW & LEWIS
                                   701 Poydras Street, Suite 5000
                                   New Orleans, LA 70139
                                   Telephone:  (504) 581-7979
                                   Telefax:  (504) 556-4108


***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.***
***AND BP AMERICA PRODUCTION COMPANY***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of May, 2016.


/s/ Don K. Haycraft
Don K. Haycraft