# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG                    MDL NO.
   2179 "DEEPWATER HORIZON" in the
   Gulf of Mexico on April 20, 2010

   <u>Applies to:</u>                                        JUDGE BARBIER
   12-CV-968:BELO                                MAG.JUDGE
      WILKINSON

## <u>AMENDED BELO CASES INITIAL PROCEEDINGS</u><br><u>CASE MANAGEMENT ORDER</u>

The court has conferred with liaison counsel for both sides concerning initial proceedings in these cases, which are governed by the Back End Litigation Option ("BELO") provisions of the Medical Benefits Class Action Settlement Agreement ("the Settlement Agreement") entered by the parties and approved by the court. Record Doc. No. 6427-1 at pp. 60-73 (settlement agreement); Record Doc. No. 8218 (approval order).

Having considered the competing case management order proposals ("Proposed CMO") submitted by counsel, together with their recently submitted memoranda, which I have ordered separately filed in the record, the oral representations of counsel during the status conferences, the record and the applicable law, the court finds that the parties through their Settlement Agreement have resolved the principal common issues that were the basis for including these claims in MDL No. 2179. The court further finds that the issues reserved for further litigation in the BELO provisions of the Settlement Agreement are so highly particularized as to individual

plaintiffs that they substantially predominate over any common issues that might merit extensive consolidated discovery procedures of the type proposed by counsel, as evidenced by the prohibition in the Settlement Agreement against class action allegations in all BELO cases. The court also finds that the parties' proposals to incorporate by reference their class action pleadings in C.A. No. 12-968 and make them applicable to individual BELO cases, Proposed CMO at ¶'s A(2) and (11), would unnecessarily confuse, convolute and complicate subsequently filed BELO cases. In light of the parties' inability to agree upon a form of <u>short</u> standardized complaint and the anticipated highly individualized nature of BELO lawsuits, the court rejects the parties' suggestion that form pleadings and their largely inapplicable previously filed class action complaint and answer be employed. In addition, the interests of the parties, the public and the court in judicial economy and efficiency and in avoiding undue delay in the resolution of these claims if the lengthy consolidated discovery procedures proposed by the parties are adopted far outweigh any minimal efficiencies the proposed procedures might achieve. The settlement agreement is clear that litigation of these claims in the most appropriate venue was a principal intention of the BELO provisions. Accordingly,

**IT IS ORDERED** that the following case management order, pursuant to Fed. R. Civ. P. 16, is hereby entered:

## I.    PLEADINGS

(1) All aspects of all BELO lawsuits, including but not limited to their pre-

conditions, scope, nature, content, issues to be litigated, relief to be sought and parties involved, are limited to what is provided in the Settlement Agreement.  Except for BELO lawsuits already filed before entry of this order, all individual BELO complaints must be titled "BELO Complaint," and the caption of the complaint must  be in the form attached to this order as Exhibit "A."

(2) At a minimum, a BELO complaint filed after entry of this case management order  must allege: (A) the particular United States District Court in which plaintiff contends venue is most appropriate, including (i) plaintiff's current judicial district of residence and (ii) plaintiff's judicial district of residence at the time of the alleged exposure; (B) identification of plaintiff's physical/medical condition allegedly caused by the exposure; (C) the date of first diagnosis of that condition; (D) the general circumstances of plaintiff's exposure, including (i) identification of the agent to which plaintiff was exposed (e.g., oil, chemical dispersant, etc.); (ii) location[s] of where the alleged exposure or other injuries occurred;

(iii) level and duration of exposure, if known; and (iv) whether plaintiff's exposure occurred while he was an oil spill cleanup worker and, if so, the name and address of his oil spill cleanup direct employer.

(3) BP Exploration & Production, Inc. and BP America Production Company (hereinafter collectively "BP") are the only two defendants who may permissibly be named as defendants in any BELO complaint. BP has agreed pursuant to Fed. R. Civ. P. 4(d) to waive, and the court hereby orders that they have waived,

formal service of summons and complaint. Except for previously filed BELO cases, immediately upon docketing of any BELO complaint, the Clerk of Court must provide electronic notice of the filing and a copy of the BELO complaint, through and in accordance with the court's electronic case management filing procedures and system, to BP at the designated email address BP has provided to me, which I have provided to the Clerk. Within 24 hours of its receipt of the Clerk's electronic notice and complaint copy, BP must confirm its receipt by email response to the Clerk at the email address that I have directed the Clerk to provide to BP. No other filings, documents or communications of any kind will be sent to this designated BP email address by the court. All claimants, plaintiffs and/or their counsel are hereby prohibited from sending filings or communications of any kind to this BP email address. If BP receives any communications sent to this email address, other than the Clerk's initial notice and complaint copy, it must notify the Clerk by email sent to the same Clerk's email address used to confirm receipt of each BELO filing within 24 hours of receipt, and the Clerk will notify me so that I may take action, if appropriate.

(4) No later than thirty (30) days after the date of filing of a BELO complaint, BP must file an answer to that complaint. As to venue, if the answer denies plaintiffs' allegation of the particular United States District Court in which plaintiff contends venue is most appropriate, the answer must specify the particular United States District Court in which BP contends venue is most appropriate. BP's BELO case answers will not be deemed to have waived any defenses under Fed. R. Civ. P. 12.

II.     DISCLOSURE REQUIREMENTS

No later than ninety (90) days after the date of filing of an individual BELO complaint, all parties in that action must, without awaiting a discovery request, provide the other parties with the information and/or materials required in Fed. R. Civ. P. 26(a)(1)(A), together with the following:

(1) By plaintiffs to defendants:

(A) the completed Plaintiff Profile Form attached to this case management order as Exhibit "B," signed by plaintiff under penalty of perjury, together with production of all medical records and other documents referenced in Paragraphs 53 and 55 of the profile form.

(B) Signed Authorizations for Release of (i) Medical Records Information, (ii) Employment Records Information, (iii) Social Security Records Information, (iv) Social Security Earnings Information and (v) Records Provided to Deepwater Horizon Medical Benefits Claims Administrator; *(vi) IRS Form 4506, the Request for Copy of Tax Return, and (vii) IRS Form 4506-T, the Request for Transcript of Tax Return*, all in the form attached to the Plaintiff Profile Form and referenced in its Paragraph 54

(2) By defendants to plaintiffs:

(A) all information, data and/or tangible materials, if any, about plaintiff in the BP medical encounters database and/or oil spill cleanup worker database;

(B) all non-privileged information, data and/or tangible materials concerning job duty, job assignment and/or time records, if any, in BP's possession, custody or control

relating to plaintiff; and

(C) all contracts and/or agreements between BP and plaintiff's direct employer(s), if any, concerning oil spill response work, including but not limited to requirements, policies and procedures concerning health, safety and welfare of oil spill response workers.

III.   TRANSFER/REALLOTMENT

(1) No later than one hundred and twenty (120) days after the date of filing of an individual BELO complaint, counsel for all parties in that action must jointly file in the record a written statement advising the Magistrate Judge either

(A) that they have stipulated that the case should (i) remain in the Eastern District of Louisiana for further proceedings, or (ii) be transferred to another particularly identified United States District Court in another district for further proceedings, in which case the Magistrate Judge will enter an order as soon as possible effectuating the parties' agreement; or

(B) that no agreement as to where further proceedings should be conducted has been reached.

(2) If no stipulation as to the venue of further proceedings has been reached, both sides must, no later than one hundred and twenty (120) days after the date of filing of an individual BELO complaint, file their motions for transfer of venue to a particularly identified United States District Court for another district or to conduct further proceedings in the Eastern District of Louisiana, noticed for submission on the

Magistrate Judge's next available motions submission date and supported by a memorandum of fact and law addressing the factors set forth in 28 U.S.C. § 1404(a) and applicable case law.

IV.    <u>MOTIONS</u>

(1) The parties are prohibited from filing motions during the initial proceedings governed by this case management order, except for the following:

(A) to dismiss an individual BELO complaint with<u>out</u> prejudice for failure to complete the conditions precedent to filing such a complaint as required in the Settlement Agreement;

(B) to transfer venue to another United States District Court or reallot the case to a section of the Eastern District of Louisiana, as provided above;

(C) to compel or for a protective order concerning the disclosures required above;

(D) to amend or modify this case management order, either as it applies to (i) BELO cases as a whole and/or (ii) the particular BELO case in which it is filed; and

(E) to seek District Judge review of the Magistrate Judge's orders pursuant to Fed. R. Civ. P. 72(a).

(2) Before filing any of the motions listed above, counsel must confer in a good faith effort to resolve the matter that is the subject of the anticipated motion by agreement. All such motions must be accompanied by the certification of counsel for the movant that the required conference has occurred and either that there is no objection to the motion or that no resolution by agreement could be reached.

(3) Except for any motion described in ¶ IV(E) above, the motions listed above must be submitted to the Magistrate Judge with a proposed order if there is no objection to the motion or with a notice of submission if the motion is opposed. The Local Rules of the Eastern District of Louisiana apply to all motions.

(4) All motions prohibited from filing by this order will <u>not</u> be deemed waived and are specifically preserved for later filing before any subsequently assigned presiding judge.

V.      <u>DISCOVERY</u>

No discovery may be commenced and all discovery in all BELO lawsuits is STAYED at this time. Discovery is prohibited until after any BELO lawsuit is transferred to another court or reallotted within the Eastern District of Louisiana as provided above. After transfer or reallotment, special procedures for discovery, consolidation or other matters, if any, will be determined by the presiding judge in the transferee court or reallotted section.

VI.      <u>MISCELLANEOUS</u>

(1) The Clerk of Court is hereby directed to provide a copy of this case management order to the Claims Administrator to make available to any BELO claimant who files a Notice of Intent to Sue in accordance with Section VIII of the Settlement Agreement.

(2) Upon filing of each BELO complaint after entry of this order, the Clerk of Court will file and docket in the record of that individual case: (A) the BELO

portion of the Settlement Agreement, Record Doc. No. 6427-1 at pp. 60-73; and (B) this case management order. A revised version of this order will be separately entered in and made specifically applicable to the three previously filed BELO cases.

(3) Each BELO complaint and all post-complaint filings in each individual BELO case will be filed and docketed exclusively in the record of that individual case and not in the record of MDL No. 2179.

(4) Attorneys representing the parties to any BELO case and admitted to practice and in good standing in any United States District Court are hereby automatically admitted pro hac vice in this court for purposes of any individual BELO case, and the requirements of Local Rules 83.2.4 and 83.2.5 are waived. Association of local counsel is not required.

New Orleans, Louisiana, this_____day of May, 2016.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE


CLERK TO NOTIFY:

HON. CARL BARBIER
HON. SALLY SHUSHAN

BELO LIAISON COUNSEL:
Kevin Hodges; khodges@wc.com
Catherine McEldowney; cpm@maronmarvel.com
Tracey Rogers; Tracey.rogers@bp.com
Steve Herman; Sherman@hhkc.com

Steve Herman; Sherman@hhkc.com
Jim Roy; jimr@wrightroy.com
Robin Greenwald; rgreenwald@weitzlux.com

EXHIBIT A TO
BELO CASES INITIAL PROCEEDINGS
CASE MANAGEMENT ORDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

***  |  CIVIL ACTION

VERSUS  |  NO.

BP EXPLORATION & PRODUCTION, INC.  |  JUDGE BARBIER
AND BP AMERICA PRODUCTION COMPANY  |  MAG. JUDGE WILKINSON

Related to:    12-968 BELO
in MDL No. 2179

## PLAINTIFF PROFILE FORM

**PLAINTIFF'S FULL NAME:** _____

Please answer every question to the best of your knowledge. You are signing and submitting this Plaintiff Profile Form under penalty of perjury and must provide information that is true and accurate. If you cannot recall all of the details requested, please provide as much information as you can. For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

If you are asked to identify a person (such as doctors or witnesses), give the name and last-known address and telephone number.

**NOTE:** Please provide information regarding the person who claims injury. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity (except Nos. 12-18). If the person who claims injury is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

## YOUR BACKGROUND INFORMATION

1.    Current address: _____

_____

_____

Initial _____

2. Telephone number: _____

3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: _____

4. Date and Place of Birth: _____

5. Male _____ Female _____

6. Social Security Number: _____

7. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
|  |  |
|  |  |
|  |  |

8. Driver's License Number and State Issuing License: _____

   A. Have you ever had your driving privileges suspended or limited based on your health or physical condition? Yes _____ No _____

   B. If so, when and for what reason(s)? _____

   _____

   _____

-2- Initial _____

9. Employment Information:

A. Current employer (if not employed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|----------|---------|--------------------|-----------------------|
|          |         |                    |                       |
|          |         |                    |                       |

B. Past employers (last ten (10) years):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|----------|---------|--------------------|-----------------------|
|          |         |                    |                       |
|          |         |                    |                       |
|          |         |                    |                       |
|          |         |                    |                       |

10. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No _____ If "*Yes*," when were you out of

-3- Initial _____

work and why? _____

_____

11.  If you are represented by counsel, please provide the following information:

Plaintiff's primary attorney: _____

Law Firm: _____

Address: _____

_____

Telephone number: _____  Fax number: _____

E-mail address: _____

## INFORMATION ABOUT THE PERSONAL REPRESENTATIVE

If you are completing this form in a representative capacity (*e.g.*, on behalf of the estate of a person or a minor), please complete the following:

12.  Name: _____

13.  Address: _____

_____

14.  In what capacity are you representing the individual or estate? _____

_____

15.  What is your relationship to the person claiming to be injured? _____

_____

16.  If you were appointed as a representative by a court, state the following:

Court, Court Term, & Case Number: _____

_____

Initial _____

17.   Date of Appointment: _____

18.   If you represent the estate, when and where did the decedent die? _____

_____

_____

## INFORMATION ABOUT THE CLAIM

19.   Are you claiming that you have developed or may develop bodily injury as a result of
      exposure to the oil spill and/or chemical dispersant used in response to the oil spill?
      Yes _____ No _____

20.   Describe in as much detail as possible the bodily injury (or medical condition) you claim
      resulted from your exposure to the oil spill and/or chemical dispersant?

_____

_____

_____

21.   Describe in as much detail as possible the circumstance(s) in which your exposure to the
      oil spill and/or chemical dispersant occurred: _____

_____

_____

_____

      A.    Where did the exposure(s) occur? _____

      B.    When did the exposure(s) occur? _____

      C.    To what substance or chemical were you exposed, if you know? _____

            _____

      D.    For how long were you exposed to this substance or chemical? _____

            _____

-5-                                                                        Initial _____

22. Who witnessed your exposure to this substance or chemical? _____

_____

_____

23. During your alleged exposure, were you provided by BP or any other entity protective clothing, gear, equipment, etc.? Yes _____ No _____

   A. Identify the specific clothing, gear, equipment, etc. you were provided: _____

   _____

   B. When and how often were you provided such clothing, gear, and equipment? _____

   _____

   _____

   C. Where or from whom were you provided the clothing, gear, equipment, etc.?

   _____

   _____

24. During your alleged exposure, did you wear and/or use protective clothing, gear, equipment, etc.? Yes _____ No _____ If "*Yes*,"

   A. Identify the specific clothing, gear, equipment, etc. worn and/or used: _____

   _____

   B. When and how often did you use and/or wear such clothing, gear, and equipment?

   _____

   _____

   _____

   C. Where or from whom did you obtain the clothing, gear, equipment, etc.?

   _____

   _____

-6-                                                                    Initial _____

D.   If you did not use the clothing, gear, equipment provided to you, please explain why: _____

_____

_____

25.   Name of doctor(s) (or other healthcare providers) who diagnosed your injury (or condition)? _____

_____

_____

_____

A.   For each doctor (or other healthcare provider) identified in the prior question, when did he/she make the diagnosis? _____

_____

_____

_____

B.   Have you had any discussion with physician(s) or other healthcare provider(s) about whether your alleged injury or injuries are, or might be, related to exposure to the substance or chemical listed in answering Question 21(C)?

Yes _____ No _____

If "*Yes*," please provide the following information:

| Name & Address of Healthcare Provider | Date of Discussion | What Was Said |
|---|---|---|
| | | |
| | | |

26.   Who else (beside your doctor or healthcare providers) knows about your injury (or condition)? _____

Initial _____

_____

_____

_____

27.   Does the alleged injury, or do the alleged injuries, persist today?

      Yes _____ No _____ If "*Yes*,"

      A.    Do you still receive treatment? Yes _____ No _____

      B.    If so, from whom? _____

28.   Have you ever suffered this type of injury or condition before (i.e., before the date given
      in your answer to Question 21(B))? Yes _____ No _____. If "*Yes*,"

      A.    When? _____

      B.    Who diagnosed the injury (or condition) at that time? _____

            _____

            _____

      C.    Who treated the injury (or condition) at that time? _____

29.   Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an
      injury (or condition) that you already had or had in part?

      Yes ____ No ____. If "*Yes*,"

      A.    What injury (or condition) was made worse? _____

            _____

            _____

30.   Are you claiming a mental and/or emotional condition as a consequence of exposure to
      the oil spill and/or chemical dispersant? Yes _____ No _____ If "*Yes*,"

-8-                                                              Initial _____

A.    Identify each healthcare provider (including but not limited to primary care physicians, psychiatrists, psychologists, counselors) from whom *you have so*ught treatment for psychological, psychiatric, or emotional condition during the last ten (10) years: _____

_____

_____

_____

_____

_____

_____

B.    Describe the condition for which you received consultation/treatment: _____

_____

C.    Dates of consultation/treatment: _____

D.    Medications and other treatments prescribed or recommended by the provider:

_____

_____

_____

31.    Identify all persons who possess information concerning your injury and/or your medical conditions. (Please attach additional sheets as necessary.)

A.    Name: _____

Address: _____

Relationship: _____

What do they know about your injury or condition? _____

_____

-9-                                                                                    Initial _____

B.  Name: _____

    Address: _____

    Relationship: _____

    What do they know about your injury or condition? _____

    _____

C.  Name: _____

    Address: _____

    Relationship: _____

    What do they know about your injury or condition? _____

    _____

32. Do you claim or expect to claim that you lost earnings or suffered impairment of earning capacity as a result of any physical, mental, or emotion injury that you allege?

    Yes _____ No _____ If "*Yes*,"

    A.  What was your annual income at the time you were injured? _____

        _____

    B.  How long do you claim that you were unable to work due to the claimed injury or had impaired capacity (please provide dates)? _____

        _____

    C.  How much do you claim in lost wages? _____

        _____

## INSURANCE AND OTHER COMPENSATION INFORMATION

33. Have you filed a worker's compensation claim in the past 10 years?

    Yes _____ No _____ If "*Yes*," please state:

    A.  Year claim was filed: _____

-10-                                                                Initial _____

B. Where claim was filed: _____

C. Claim number, if applicable: _____

D. Nature of the injury (or condition): _____
_____

E. Period of disability: _____

F. If your claim for compensation has been approved, please describe the amount of

compensation received or to be received. _____

(Please copy and attach additional pages if necessary to provide a complete response.)

34. Have you made a social security disability claim in the past ten years?

Yes: _____ No: _____ If "*Yes*," please state:

A. Year claim was filed: _____

B. Where claim was filed: _____

C. Claim number, if applicable: _____

D. Nature of the injury (or condition): _____
_____

E. Period of disability: _____

F. State whether your claim for compensation has been approved or denied: _____

G. If your claim for compensation has been approved, please describe the amount of
compensation received or to be received._____
_____

(Please copy and attach additional pages if necessary to describe more than one claim.)

35. Have you made any other form of disability claim in the past 10 years?

Yes: _____ No: _____ If "*Yes*," please state:

A. When was the claim filed? _____

-11- Initial _____

B. With whom was the claim filed? _____

_____

C. What was the nature of the disability? _____

_____

_____

D. For how long were you disabled? _____

E. State whether your claim for compensation has been approved or denied. _____

_____

F. If your claim for compensation has been approved, please describe the amount of
   compensation received or to be received. _____

_____

(Please copy and attach additional pages if necessary to describe more than one claim.)

36. Have you made a claim for compensation for your claimed injuries with any insurance
    company, Medicare, or any other party that may be responsible for providing you with
    compensation in the past 10 years?  Yes: _____  No: _____  If "*Yes*," please state:

A. Year claim was filed: _____

B. Where claim was filed: _____

C. Claim number, if applicable: _____

D. Nature of the injury (or condition): _____

E. Period of disability: _____

F. State whether your claim for compensation has been approved or denied: _____

G. If your claim for compensation has been approved, please describe the amount of
   compensation received or to be received. _____

_____

-12-                                                                    Initial _____

(Please copy and attach additional pages if necessary to provide a complete response.)

37. Have you ever filed a lawsuit or made a claim alleging personal injury, *other than* the present lawsuit? Yes: _____ No: _____ If "*Yes*,"

A. When did you file the lawsuit? _____

B. Who were the parties? _____
_____
_____

C. What was the case/civil action/docket number? _____
_____

D. What claim did you make? _____
_____

E. Describe the result of the lawsuit, including the amount of any compensation that you received. _____
_____

38. Have you ever filed a lawsuit or made a claim, *other than* the present lawsuit, seeking damages for the injuries you claim in this case? Yes: _____ No: _____ If "*Yes*,"

A. When did you file the lawsuit or claim? _____

B. If you filed a lawsuit:

   i. Who were the parties? _____
   _____

   ii. What was the case/civil action/docket number? _____

   iii. What claim did you make? _____
   _____

-13-                                                        Initial _____

iv. Describe the result of the lawsuit, including the amount of any compensation that you received. _____

_____

C. If you filed a claim that was not a lawsuit, please describe the circumstances of that claim and the result: _____

_____

_____

## YOUR MEDICAL HISTORY

39. Have you ever been exposed to substances or sources of contaminants and/or toxins other than the ones alleged in this lawsuit? Yes ____ No ____ If "*Yes*,"

    A. Describe in as much detail as possible the circumstances in which your exposure to such substances or sources occurred: _____

    _____

    _____

    _____

    i. Where did the exposure(s) occur?

    ii. When did the exposure(s) occur?

    iii. To what contaminant and/or toxins were you exposed?

    iv. What was your level of exposure to each contaminant and/or toxin, if you know?

    v. For how long were you exposed to each contaminant and/or toxin?

-14-                                                                  Initial _____

40.     Smoking history.  Check the answer and fill in the blank applicable to your history of smoking and/or tobacco use:

A.      _____ Never smoked or chewed.

B.      _____ Smoked in the past, but stopped

        i.      When did you start?_____

        ii.     When did you stop?_____

        iii.    What did you use?  Cigarettes/cigars/pipe tobacco/chewing tobacco/snuff.

        _____

        iv.     Amount you smoked or chewed:  on average ____ per day for ____ years.

C.      _____ Smoke now

        i.      When did you start?_____

        ii.     When did you stop?_____

        iii.    What did you use?  Cigarettes/cigars/pipe tobacco/chewing tobacco/snuff.

        _____

        iv.     Amount you smoked or chewed:  on average ____ per day for ____ years.

41.     Have you ever experienced, been diagnosed with, or been treated for the following:

A.      Health conditions, including but not limited to:

| | | |
|---|---|---|
| Anemia | Yes: _____ | No: _____ |
| Bacterial Infection | Yes: _____ | No: _____ |
| Diabetes | Yes: _____ | No: _____ |
| Obesity | Yes: _____ | No: _____ |
| Blood Disorder | Yes: _____ | No: _____ |

Initial _____

| | | |
|---|---|---|
| Skin Disorder(s) (e.g. rashes, blisters) | Yes: _____ | No: _____ |
| Stroke | Yes: _____ | No: _____ |
| Seizures | Yes: _____ | No: _____ |
| Muscle Disorder | Yes: _____ | No: _____ |
| Paralysis | Yes: _____ | No: _____ |
| Severe Headaches or Migraines | Yes: _____ | No: _____ |
| Cancer | Yes: _____ | No: _____ |
| Allergies | Yes: _____ | No: _____ |
| Compromised Immune System | Yes: _____ | No: _____ |
| Severe Allergic Reaction | Yes: _____ | No: _____ |
| Cardiovascular Disease (including high blood pressure) | Yes: _____ | No: _____ |
| Heart Attack | Yes: _____ | No: _____ |
| Chest Pain | Yes: _____ | No: _____ |
| Kidney Disease | Yes: _____ | No: _____ |
| Liver Disease | Yes: _____ | No: _____ |
| Respiratory Illness(es) | Yes: _____ | No: _____ |
| Ocular (Eye) Condition(s) | Yes: _____ | No: _____ |
| Conditions affecting the ears and hearing (including tinnitus) | Yes: _____ | No: _____ |
| Conditions affecting the nose and sinuses (including rhinosinusitus) | Yes: _____ | No: _____ |
| Mental Health Issues | Yes: _____ | No: _____ |

B.    Alcohol:    Number of drinks per day: _____

Number of drinks per week: _____

-16-                                                          Initial _____

42.    If you answered "*Yes*" to any of the above, for *each* condition:

    A.    When was it diagnosed? (identify condition and month/year)

    B.    Who diagnosed it? (identify condition and health care provider)

    C.    Who treated it? (identify condition and health care provider)

## YOUR FAMILY INFORMATION

43.    Have you ever been married?  Yes _____  No _____  If "*Yes*," for each spouse, please identify:

    A.    Spouse's name: _____

    B.    Date of marriage: _____

    C.    Spouse's occupation: _____

44.    Have any of your children, parents, siblings, or close relatives (aunts, uncles, or grandparents) suffered from any of the conditions listed in Question 40?  If "*Yes*," identify each such person below and provide the information requested.

    A.    Name: _____

    B.    Relationship to Plaintiff: _____

    C.    Current Age (or Age at Death): _____

    D.    Type of Condition: _____

    E.    If Applicable, Cause of Death: _____

Initial _____

## YOUR DOCTORS

45.    Your current family and/or primary care physician:

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |
|      |         |

46.    Your primary care physicians for the past ten (10) years:

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |
|      |         |

Initial _____

47. Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the past ten (10) years:

| Name | Address | Approximate Dates | Reason for Admission |
|------|---------|-------------------|----------------------|
|      |         |                   |                      |
|      |         |                   |                      |
|      |         |                   |                      |
|      |         |                   |                      |

48. Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last ten (10) years:

| Name | Address | Approximate Dates | Reason for Treatment |
|------|---------|-------------------|----------------------|
|      |         |                   |                      |
|      |         |                   |                      |
|      |         |                   |                      |
|      |         |                   |                      |

-19-                                                                    Initial _____

49.  Please list any and all surgeries, procedures, and hospitalizations that you have had in the past ten (10) years that you have not already described above.

| Approximate Date | Reason for and Description of Procedure | Doctor Name and Address (including hospital or facility) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

50.  Please list any and all surgeries, procedures, and hospitalizations that you have had at any time that you have not already identified above for diseases or medical conditions similar to the injury you are alleging in this lawsuit:

| Approximate Date | Reason for and Description of Procedure | Doctor Name and Address (including hospital or facility) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Initial _____

51. Each physician or healthcare provider not already identified above from whom you have received treatment in the last ten (10) years:

| Name | Address | Approximate Dates | Reason for Admission |
|------|---------|-------------------|---------------------|
|      |         |                   |                     |
|      |         |                   |                     |
|      |         |                   |                     |
|      |         |                   |                     |

52. Each pharmacy that has dispensed medication to you in the past ten (10) years:

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |
|      |         |

-21-                                                                    Initial _____

## YOUR DOCUMENTS

53.     Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers.

      A.     Medical records. Yes _____ No _____.

      B.     Decedent's death certificate (if applicable). Yes _____ No _____.

      C.     Report of autopsy of decedent (if applicable). Yes _____ No _____.

54.     Authorizations—Please sign and attach to this Fact Sheet the authorizations for the release of records appended hereto.

55.     Documents in your possession—If you have any of the following materials in your custody or possession, or in the possession, custody or control of your lawyers, please attach a copy to this Fact Sheet, but only to the extent that production of such documents in the attorney's possession does not violate the work product doctrine or attorney client privilege.

      A.     If you have been the claimant or subject of any worker's compensation, Social Security or other disability proceeding, all documents relating to such proceeding.

      B.     Copies of all medical records, bills, and any other documents from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you in the past ten (10) years or that you otherwise identified in this Fact Sheet.

      C.     All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to plaintiff in the past ten (10) years.

-22-                                                                Initial _____

D.  All documents constituting, concerning, or relating to oil spill clean-up instructions, policies, and/or procedures; warnings regarding exposure; or other materials distributed with or provided to you in connection with your exposure to the oil spill.

E.  Copies of photos of any protective gear, clothing, shoes, or equipment worn by you at any time during your exposure to the oil spill. (Plaintiffs must maintain the originals of the items requested in this subpart.)

F.  All statements obtained from or given by any person having knowledge of facts relevant to the subject of this litigation.

G.  All documents which mention or refer to any alleged health risks or hazards related to the oil spill and/or exposure thereto in your possession at or before the time of the injury alleged in your Complaint.

H.  All journals, diaries, notes, letters, emails, social media entries/postings, or other documents written by you or received by you which refer to your health or well-being, including any injuries or illnesses, or which refer to the oil spill or the risks of exposure to the spill.

I.  If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the last five (5) years.

J.  If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy or other healthcare provider.

K.  Copies of letters testamentary or letters of administration relating to your status as a plaintiff (if applicable).

L.  Decedent's death certificate and autopsy report (if applicable).

-23-                                                          Initial _____

M.   Any release executed by you or another person authorized to act on your behalf in connection with the allegations that form the basis of your claim.

N.   All documents that you submitted to the Deepwater Horizon Medical Benefits Claims Administrator (Garretson Resolution Group) concerning any claim for compensation.

-24-                                                              Initial _____

## **VERIFICATION**

I, _____, have reviewed the information provided

in this Plaintiff's Profile Form, and I declare under penalty of perjury subject to 28 U.S.C. §

1746 that all of the information is true, complete, and correct to the best of my knowledge,

information, and belief.

I have supplied all the documents requested in the Section entitled "Your Documents" in

this Plaintiff's Profile Form, to the extent that such documents are in my possession or in the

possession of my lawyers, and to the extent that production of such documents in the attorney's

possession does not violate the work product doctrine or attorney client privilege.

I have signed and supplied the authorizations attached to this Verification.

I acknowledge that I have an obligation to supplement the above responses if I learn that

they are in any material respect incomplete or incorrect.

_____          _____
Signature                                          Date

_____
Print Name

-25-                                                    Initial _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig "Deepwater
Horizon" in the Gulf of Mexico, on April 20,
2010

MDL No. 2179

*Applies to: _____ : BELO*

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R § 164.508 (HIPAA)**

Name:
Date of Birth:
Social Security No.:
Address:

TO:  _____
      Medical Provider

     I, the individual named above, hereby authorize my health care provider(s), health plan(s), and health insurer(s) to disclose my health records to BP America and/or BP Exploration and Production and their designated agent ("Receiving Parties"), Liskow & Lewis, One Shell Square, 701 Poydras Street, Suite 5000, New Orleans, LA, 70139.  These records shall be used or disclosed solely in connection with the currently pending BELO litigation involving the person named above.

     I hereby grant any reimbursement claim, lien holder or state or federal agency, and the contract representatives of either, permission to share with the Recipient all reimbursement claim and lien information and confirming health records regarding any conditional payments made, or medical care performed, by the claim / lien holder relating to the following condition(s):

             _____

(collectively referred to as "lien information").

     As referenced to above, my health records include any and all of the following:

     Records of my medical condition(s), diagnoses, and treatment, including, but not limited to, physician's records; surgeons' records; discharge summaries; progress notes; consultations; pharmaceutical records; medication sheets; patient information sheets; consents for treatment; medical reports; x-rays and x-ray reports; CT scans; MRI films; photographs; and any other radiological, nuclear medicine, or radiation therapy films; interpretations of diagnostic tests; pathology materials, slides, tissues, and laboratory results and/or reports; consultations; physical therapy records; drug and alcohol abuse records; HIV/AIDS diagnosis and/or treatment; physicals and histories; correspondence; psychiatric records; psychological records; psychometric test results; social worker's records; other information pertaining to the physical and mental condition; all hospital summaries and hospital records including, but not limited to, admitting records; admitting histories and physicals; case records, discharge summaries; physician's orders, progress notes, and nurses' notes; medical record summaries; emergency room records; all other hospital documents and memoranda pertaining to any and all hospitalizations and/or out-patient visits; and

Any and all insurance records; statements of account, bills or billing records, or invoices; any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, or diagnosis pertaining to my health.

I understand the information in my health records may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

I understand that this information will permit counsel in this case to communicate with my healthcare providers concerning the medical records disclosed pursuant to this authorization.

In the event that this facility or medical provider requires execution of a proprietary authorization for the release of medical records, I shall execute such authorization within 30 days of my attorneys or I receiving from the Receiving Parties or their designated agents the required form. Similarly, if the policies of this institution or medical provider require a more recently-dated execution of this authorization than the one provided, I shall re-execute this authorization within 30 days of the Receiving Parties alerting my attorneys or I of that fact.

I understand that I have the right to revoke this authorization at any time. I understand that if I wish to revoke the authorization, I must do so in writing and must provide my written revocation to any and all of my health care providers, health plans, or health insurers, state or federal agencies and all other third party lien holders to which the revocation will apply. I understand that the revocation will not apply to any disclosures that have already been made in reliance on this authorization prior to the date upon which the disclosing health care provider, health plan, health insurer, or such other third party receives my written revocation.

I understand that my authorization of the disclosure of my health record and lien information is voluntary and that I therefore can refuse to sign this authorization. I also understand that I do not need to sign this authorization to obtain health treatment or to receive or be eligible to receive benefits for coverage of health treatment.

I understand that, once disclosed to the Recipient, my health records and lien information may not be protected by federal privacy law and could be further disclosed to others without my authorization.

This authorization expires on December 31, 2018 or upon final resolution of my BELO claim in the Medical Benefits Class Action Settlement in MDL 2179.

I have a right to receive and retain a copy of this authorization when signed below.

_____

_____
Date

-2-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig "Deepwater
Horizon" in the Gulf of Mexico, on April 20,
2010

*Applies to:* _____ : BELO

MDL No. 2179

**AUTHORIZATION FOR RELEASE OF
EMPLOYMENT/PLAINTIFF RECORDS**

Name:
Date of Birth:
Social Security No.:
Address:

TO: _____

I, the **EMPLOYEE** named above, do hereby **AUTHORIZE AND DIRECT** my past or current
EMPLOYER identified above to disclose and release to BP America and/or BP Exploration and
Production and their designated representative, Liskow & Lewis, One Shell Square, 701 Poydras
Street, Suite 5000, New Orleans, LA, 70139, any and all records, files, documents, and other
information concerning my employment with the above-named **EMPLOYER**.

This authorization expires December 31, 2018 or upon a final resolution of my BELO claim in
the MEDICAL BENEFITS CLASS ACTION SETTLEMENT in MDL 2179

_____

_____
Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig "Deepwater
Horizon" in the Gulf of Mexico, on April 20,
2010

*Applies to:* _____ : BELO

MDL No. 2179

**AUTHORIZATION FOR RELEASE OF
RECORDS PROVIDED TO *DEEPWATER
HORIZON* MEDICAL BENEFITS CLAIMS
ADMINISTRATOR**

Name:
Date of Birth:
Social Security No.:

     I, the individual named above, hereby authorize the Deepwater Horizon MEDICAL BENEFITS CLAIMS ADMINISTRATOR ("CLAIMS ADMINISTRATOR") to release all data, documentation, and records pertaining to me in the possession, custody, or control of the CLAIMS ADMINISTRATOR to BP America and/or BP Exploration and Production and their designated agent ("Receiving Parties"), Liskow & Lewis, One Shell Square, 701 Poydras Street, Suite 5000, New Orleans, LA, 70139.  These records shall be used or disclosed solely in connection with the currently pending BELO litigation involving the person named above.

     As referred to above, certified data, documentation, and records pertaining to me include any and all of the following:  documents submitted to the CLAIMS ADMINISTRATOR relating to claims for compensation arising from a medical condition, illness, or injury allegedly caused by the DEEPWATER HORIZON INCIDENT; the following forms and all information and documents submitted as part of these forms and in support thereof: the Mediation Information form; medical and other health records; employment records; documents provided by my attorneys; and any and all other data, documentation, and records provided to the CLAIMS ADMINISTRATOR pertaining to me, and also including materials otherwise gathered or generated by GRG, including claim determination documents, payment documents, and releases executed by the person named above.

     This authorization expires on December 31, 2018 or upon final resolution of my BELO claim in the Medical Benefits Class Action Settlement in MDL 2179.

_____

_____
Date

Form **4506**

(Rev. September 2013)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

► **Request may be rejected if the form is incomplete or illegible.**

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Return or Account Transcript" or call 1-800-908-9946.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions)** |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b Second social security number or individual taxpayer identification number if joint tax return** |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

LISKOW & LEWIS, ONE SHELL SQUARE, 701 POYDRAS ST., SUITE 5000, NEW ORLEANS, LA  (504) 556-4194

**Caution.** If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ►        1040

Note. If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . . . ☑

**7** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

_____    _____    _____    _____

_____    _____    _____    _____

| | | |
|---|---|---|
| **8** **Fee.** There is a $50 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.** | | |
| **a** Cost for each return . . . . . . . . . . . . . . . . . . | $ | 50.00 |
| **b** Number of returns requested on line 7 . . . . . . . . . . . . . | | |
| **c** Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . | $ | |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☑

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note.** For tax returns being sent to a third party, this form must be received within 120 days of the signature date.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

► _____
  **Signature** (see instructions)        Date

► _____
  **Title** (if line 1a above is a corporation, partnership, estate, or trust)

► _____
  **Spouse's signature**        Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.

Cat. No. 41721E

Form **4506** (Rev. 9-2013)

Form **4506-T**
(Rev. September 2015)
Department of the Treasury
Internal Revenue Service

## Request for Transcript of Tax Return

▶ **Do not sign this form unless all applicable lines have been completed.**

▶ **Request may be rejected if the form is incomplete or illegible.**

▶ **For more information about Form 4506-T, visit** *www.irs.gov/form4506t.*

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506**, Request for Copy of Tax Return. There is a fee to get a copy of your return.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3**   Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4**   Previous address shown on the last return filed if different from line 3 (see instructions)

**5**   If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Liskow & Lewis, One Shell Square, Suite 5000, New Orleans, LA 70139 (504) 556-4151

**Caution:** If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

**6**   Transcript requested. Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶     1040

  **a**   **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-A, Form 1120-H, Form 1120-L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days   .   .   .   .   .   .   ☐

  **b**   **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days   .   .   ☐

  **c**   **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days   .   .   .   .   .   ☑

**7**   **Verification of Nonfiling,** which is proof from the IRS that you did **not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days   .   .   ☑

**8**   **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days   .   ☑

**Caution:** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**9**   **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.

| / | / | / | / |
|---|---|---|---|

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note:** For transcripts being sent to a third party, this form must be received within 120 days of the signature date.

☐ Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-T. See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions)       Date

   Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature       Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.       Cat. No. 37667N       Form **4506-T** (Rev. 9-2015)

# REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. Provide your name as it appears on your most recent Social Security card or the name of the individual  whose earnings you are requesting.

First Name: 

Middle Initial: 

Last Name: 

Social Security Number (SSN)         -      -           One SSN per request

Date of Birth:       /      /             Date of Death:       /      /

Other Name(s) Used
(Include Maiden Name)

2. What kind of earnings information do you need? (Choose **ONE** of the following types of earnings or SSA must return this request.)

[x] **Itemized Statement of Earnings $136**       Year(s) Requested:                   to

   (Includes the names and addresses of employers)       Year(s) Requested:                   to

   If you check this box, tell us why you need this information below.

   It is needed by defense counsel in a lawsuit I have filed.       [x] Check this box if you want the earnings information **CERTIFIED** for an additional $56.00 fee.

[ ] **Certified Yearly Totals of Earnings $56**       Year(s) Requested:                   to

   (Does not include the names and addresses of employers)       Year(s) Requested:                   to
   Yearly earnings totals are FREE to the public if you do not
   require certification. To obtain FREE yearly totals of
   earnings, visit our website at www.ssa.gov/myaccount.

3. If you would like this information **sent to someone else**, please fill in the information below.
   I authorize the Social Security Administration to release the earnings information to:

| | | |
|---|---|---|
| Name | Liskow & Lewis | |
| Address | One Shell Square, 701 Poydras St., Suite 5000 | State  LA |
| City | New Orleans | ZIP Code  70139 |

4. I am the individual to whom the record pertains (or a person authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

| **Signature AND Printed Name of Individual or Legal Guardian** | *SSA must receive this form within 120 days from the date signed* |
|---|---|
| | Date:       /      / |
| Relationship (if applicable, you must attach proof) | Daytime Phone: |
| Address | State |
| City | ZIP Code |

Witnesses must sign this form ONLY if the above signature is by marked (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address *(Number and Street, City, State and ZIP Code)* | Address *(Number and Street, City, State and ZIP Code)* |

Social Security Administration
## Consent for Release of Information

Form Approved
OMB No. 0960-0566

You must complete all required fields.  We will not honor your request unless all required fields are completed. (*signifies a required field).

**TO:  Social Security Administration**

_____          _____          _____
  **\*My Full Name**                              **\*My Date of Birth**                        **\*My Social Security Number**
                                               **(MM/DD/YYYY)**

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**          **\*ADDRESS OF PERSON OR ORGANIZATION:**

Liskow & Lewis                                          One Shell Square, 701 Poydras St., Ste. 5000
_____          _____

_____          New Orleans, LA 70139
                                                            _____

_____          (504) 556-4194
                                                            _____

**\*I want this information released because:**   it is requested by defense counsel in a lawsuit I filed
We may charge a fee to release information for non-program purposes.

_____

_____

**\*Please release the following information selected from the list below:**

You must specify the records you are requesting by checking at least one box.  We will not honor a request for "any and all records" or "my entire file."  Also, we will not disclose records unless you include the applicable date ranges where requested.

1. ☐ Social Security Number
2. ☒ Current monthly Social Security benefit amount
3. ☒ Current monthly Supplemental Security Income payment amount
4. ☒ My benefit or payment amounts from date _____ to date _____
5. ☒ My Medicare entitlement from date _____ to date _____
6. ☒ Medical records from my claims folder(s) from date_____ to date_____
     If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. ☒ Complete medical records from my claims folder(s)
8. ☒ Other record(s) from my file **(you must specify the records you are requesting, e.g., doctor report, application, determination or questionnaire)**

     Applications, Determinations, Questionnaires, Correspondence to/from; Consultative Exam Report/Records,

     Disability Reports, Notifications, Letters of representation, Appeal documentation, Evidence supporting claim

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult.  I declare under penalty of perjury (28 CFR § 16.41(d)(2004)) that I have examined all the information on this form, and any accompanying statements or forms, and it is true and correct to the best of my knowledge.  I understand that anyone who knowingly or willfully seeks or obtain access to records about another person under false pretenses is punishable by a fine of up to $5,000.  I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.**

**\*Signature:** _____          **\*Date:** _____

**\*Address:** _____

**Relationship (if not the subject of the record):** _____          **\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (07-2013) EF (07-2013)