# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG                         MDL NO.
      2179 "DEEPWATER HORIZON" in the
      Gulf of Mexico on April 20, 2010

Applies to:                                             JUDGE BARBIER
12-CV-968: BELO                                         MAG. JUDGE
      WILKINSON

## AMENDED BELO CASES INITIAL PROCEEDINGS
## CASE MANAGEMENT ORDER

The court has conferred with liaison counsel for both sides concerning initial proceedings in these cases, which are governed by the Back End Litigation Option ("BELO") provisions of the Medical Benefits Class Action Settlement Agreement ("the Settlement Agreement") entered by the parties and approved by the court. Record Doc. No. 6427-1 at pp. 60-73 (settlement agreement); Record Doc. No. 8218 (approval order).

Having considered the competing case management order proposals ("Proposed CMO") submitted by counsel, together with their recently submitted memoranda, which I have ordered separately filed in the record, the oral representations of counsel during the status conferences, the record and the applicable law, the court finds that the parties through their Settlement Agreement have resolved the principal common issues that were the basis for including these claims in MDL No. 2179. The court further finds that the issues reserved for further litigation in the BELO provisions of the Settlement Agreement are so highly particularized as to individual

plaintiffs that they substantially predominate over any common issues that might merit extensive consolidated discovery procedures of the type proposed by counsel, as evidenced by the prohibition in the Settlement Agreement against class action allegations in all BELO cases. The court also finds that the parties' proposals to incorporate by reference their class action pleadings in C.A. No. 12-968 and make them applicable to individual BELO cases, Proposed CMO at ¶'s A(2) and (11), would unnecessarily confuse, convolute and complicate subsequently filed BELO cases. In light of the parties' inability to agree upon a form of <u>short</u> standardized complaint and the anticipated highly individualized nature of BELO lawsuits, the court rejects the parties' suggestion that form pleadings and their largely inapplicable previously filed class action complaint and answer be employed. In addition, the interests of the parties, the public and the court in judicial economy and efficiency and in avoiding undue delay in the resolution of these claims if the lengthy consolidated discovery procedures proposed by the parties are adopted far outweigh any minimal efficiencies the proposed procedures might achieve. The settlement agreement is clear that litigation of these claims in the most appropriate venue was a principal intention of the BELO provisions. Accordingly,

**IT IS ORDERED** that the following case management order, pursuant to Fed. R. Civ. P. 16, is hereby entered:

I.      <u>PLEADINGS</u>

(1) All aspects of all BELO lawsuits, including but not limited to their pre-

conditions, scope, nature, content, issues to be litigated, relief to be sought and parties involved, are limited to what is provided in the Settlement Agreement.  Except for BELO lawsuits already filed before entry of this order, all individual BELO complaints must be titled "BELO Complaint," and the caption of the complaint must be in the form attached to this order as Exhibit "A."

(2) At a minimum, a BELO complaint filed after entry of this case management order must allege: (A) the particular United States District Court in which plaintiff contends venue is most appropriate, including (i) plaintiff's current judicial district of residence and (ii) plaintiff's judicial district of residence at the time of the alleged exposure; (B) identification of plaintiff's physical/medical condition allegedly caused by the exposure; (C) the date of first diagnosis of that condition; (D) the general circumstances of plaintiff's exposure, including (i) identification of the agent to which plaintiff was exposed (e.g., oil, chemical dispersant, etc.); (ii) location[s] of where the alleged exposure or other injuries occurred;
(iii) level and duration of exposure, if known; and (iv) whether plaintiff's exposure occurred while he was an oil spill cleanup worker and, if so, the name and address of his oil spill cleanup direct employer.

(3) BP Exploration & Production, Inc. and BP America Production Company (hereinafter collectively "BP") are the only two defendants who may permissibly be named as defendants in any BELO complaint. BP has agreed pursuant to Fed. R. Civ. P. 4(d) to waive, and the court hereby orders that they have waived,

3

formal service of summons and complaint. Except for previously filed BELO cases, immediately upon docketing of any BELO complaint, the Clerk of Court must provide electronic notice of the filing and a copy of the BELO complaint, through and in accordance with the court's electronic case management filing procedures and system, to BP at the designated email address BP has provided to me, which I have provided to the Clerk. Within 24 hours of its receipt of the Clerk's electronic notice and complaint copy, BP must confirm its receipt by email response to the Clerk at the email address that I have directed the Clerk to provide to BP. No other filings, documents or communications of any kind will be sent to this designated BP email address by the court. All claimants, plaintiffs and/or their counsel are hereby prohibited from sending filings or communications of any kind to this BP email address. If BP receives any communications sent to this email address, other than the Clerk's initial notice and complaint copy, it must notify the Clerk by email sent to the same Clerk's email address used to confirm receipt of each BELO filing within 24 hours of receipt, and the Clerk will notify me so that I may take action, if appropriate.

(4) No later than thirty (30) days after the date of filing of a BELO complaint, BP must file an answer to that complaint. As to venue, if the answer denies plaintiffs' allegation of the particular United States District Court in which plaintiff contends venue is most appropriate, the answer must specify the particular United States District Court in which BP contends venue is most appropriate. BP's BELO case answers will <u>not</u> be deemed to have waived any defenses under Fed. R. Civ. P. 12.

II. DISCLOSURE REQUIREMENTS

No later than ninety (90) days after the date of filing of an individual BELO complaint, all parties in that action must, without awaiting a discovery request, provide the other parties with the information and/or materials required in Fed. R. Civ. P. 26(a)(1)(A), together with the following:

(1) By plaintiffs to defendants:

(A) the completed Plaintiff Profile Form attached to this case management order as Exhibit "B," signed by plaintiff under penalty of perjury, together with production of all medical records and other documents referenced in Paragraphs 53 and 55 of the profile form.

(A)(B) Signed Authorizations for Release of (i) Medical Records Information, (ii) Employment Records Information, (iii) Social Security Records Information, (iv) Social Security Earnings Information and (v) Records Provided to Deepwater Horizon Medical Benefits Claims Administrator; *(vi) IRS Form 4506, the Request for Copy of Tax Return, and (vii) IRS Form 4506-T, the Request for Transcript of Tax Return*, all in the form attached to the Plaintiff Profile Form and referenced in its Paragraph 54

(B) Signed Authorizations for Release of (i) Medical Records Information, (ii) Employment Records Information, (iii) Social Security Records Information, (iv) Social Security Earnings Information and (v) Records Provided to Deepwater Horizon Medical Benefits Claims Administrator, all in the form attached to the

5

~~Plaintiff Profile Form and referenced in its Paragraph 54.~~

(2) <u>By defendants to plaintiffs:</u>

(A) all information, data and/or tangible materials, if any, about plaintiff in the BP medical encounters database and/or oil spill cleanup worker database;

(B) all non-privileged information, data and/or tangible materials concerning job duty, job assignment and/or time records, if any, in BP's possession, custody or control relating to plaintiff; and

(C) all contracts and/or agreements between BP and plaintiff's direct employer(s), if any, concerning oil spill response work, including but not limited to requirements, policies and procedures concerning health, safety and welfare of oil spill response workers.

III.   TRANSFER/REALLOTMENT

(1) No later than one hundred and twenty (120) days after the date of filing of an individual BELO complaint, counsel for all parties in that action must jointly file in the record a written statement advising the Magistrate Judge <u>either</u>

(A) that they have stipulated that the case should (i) remain in the Eastern District of Louisiana for further proceedings, or (ii) be transferred to another particularly identified United States District Court in another district for further proceedings, in which case the Magistrate Judge will enter an order as soon as possible effectuating the parties' agreement; <u>or</u>

(B) that no agreement as to where further proceedings should be conducted has

6

been reached.

(2) If no stipulation as to the venue of further proceedings has been reached, both sides must, no later than one hundred and twenty (120) days after the date of filing of an individual BELO complaint, file their motions for transfer of venue to a particularly identified United States District Court for another district or to conduct further proceedings in the Eastern District of Louisiana, noticed for submission on the Magistrate Judge's next available motions submission date and supported by a memorandum of fact and law addressing the factors set forth in 28 U.S.C. § 1404(a) and applicable case law.

IV.  MOTIONS

(1) The parties are prohibited from filing motions during the initial proceedings governed by this case management order, except for the following:

 (A) to dismiss an individual BELO complaint with<u>out</u> prejudice for failure to complete the conditions precedent to filing such a complaint as required in the Settlement Agreement;

(B) to transfer venue to another United States District Court or reallot the case to a section of the Eastern District of Louisiana, as provided above;

(C) to compel or for a protective order concerning the disclosures required above;

(D) to amend or modify this case management order, either as it applies to (i) BELO cases as a whole and/or (ii) the particular BELO case in which it is filed; and

(E) to seek District Judge review of the Magistrate Judge's orders pursuant to Fed.

R. Civ. P. 72(a).

(2) Before filing any of the motions listed above, counsel must confer in a good faith effort to resolve the matter that is the subject of the anticipated motion by agreement. All such motions must be accompanied by the certification of counsel for the movant that the required conference has occurred and either that there is no objection to the motion or that no resolution by agreement could be reached.

(3) Except for any motion described in ¶ IV(E) above, the motions listed above must be submitted to the Magistrate Judge with a proposed order if there is no objection to the motion or with a notice of submission if the motion is opposed. The Local Rules of the Eastern District of Louisiana apply to all motions.

(4) All motions prohibited from filing by this order will <u>not</u> be deemed waived and are specifically preserved for later filing before any subsequently assigned presiding judge.

V.  <u>DISCOVERY</u>

No discovery may be commenced and all discovery in all BELO lawsuits is STAYED at this time. Discovery is prohibited until after any BELO lawsuit is transferred to another court or reallotted within the Eastern District of Louisiana as provided above. After transfer or reallotment, special procedures for discovery, consolidation or other matters, if any, will be determined by the presiding judge in the transferee court or reallotted section.

VI.    MISCELLANEOUS

(1) The Clerk of Court is hereby directed to provide a copy of this case management order to the Claims Administrator to make available to any BELO claimant who files a Notice of Intent to Sue in accordance with Section VIII of the Settlement Agreement.

(2) Upon filing of each BELO complaint after entry of this order, the Clerk of Court will file and docket in the record of that individual case: (A) the BELO portion of the Settlement Agreement, Record Doc. No. 6427-1 at pp. 60-73; and (B) this case management order. A revised version of this order will be separately entered in and made specifically applicable to the three previously filed BELO cases.

(3) Each BELO complaint and all post-complaint filings in each individual BELO case will be filed and docketed exclusively in the record of that individual case and not in the record of MDL No. 2179.

(4) Attorneys representing the parties to any BELO case and admitted to practice and in good standing in any United States District Court are hereby automatically admitted pro hac vice in this court for purposes of any individual BELO case, and the requirements of Local Rules 83.2.4 and 83.2.5 are waived. Association of local counsel is not required.

New Orleans, Louisiana, this ~~30th~~ day of ~~January~~May, 201~~5~~6.

                                                      JOSEPH C. WILKINSON, JR.
                                                      UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:

HON. CARL BARBIER
HON. SALLY SHUSHAN

BELO LIAISON COUNSEL:
Kevin Hodges; khodges@wc.com
Catherine McEldowney; cpm@maronmarvel.com
Tracey Rogers; Tracey.rogers@bp.com
Steve Herman; Sherman@hhkc.com
Jim Roy; jimr@wrightroy.com
Robin Greenwald; rgreenwald@weitzlux.com