UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | ) | MDL NO. 2179 |
|     "DEEPWATER HORIZON" in the | ) | |
|     GULF OF MEXICO, on | ) | SECTION: J |
|     APRIL 20, 2010 | ) | |
| | ) | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: | ) | MAG. JUDGE WILKINSON |
| MDL 2179, 10-cv-08888 [Rec Doc. 57007], | ) | |
| 10-cv-02543 | ) | |
| | ) | |

### WUNSTELL RESPONSE TO CLEANUP RESPONDER DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes John Wunstell, Jr. ("Plaintiff"), who submits the instant Response to Cleanup Responder Defendants' Omnibus Motion for Summary Judgment [Rec. Doc. 17643].[1] Mr. Wunstell does not substantively oppose the Motion but does, however, make the following statement in response:

Wunstell hereby reserves his rights (and believes that the Motion does not affect) the personal injury (exposure) claims against the BP Defendants named in his Complaint as stated therein.[2] Dismissal of the Cleanup Responder Defendants does not limit, reduce, or exclude any cause of action against the BP Defendants named in his Complaint for the conduct stated therein.[3]

---

[1] While Marine Spill Response Corporation filed a separate motion, entitled *Motion for Summary Judgment on the Remaining Claims in the B3 Pleading Bundle on Grounds of Derivative Immunity and Preemption* [Rec. Doc. 17642], Plaintiff does not respond to the motion, since he did not name MSRC as a defendant in his Complaint.

[2] Nor can the BP entities (as designated Responsible Parties) limit their liability as directed by the federal government through immunity or otherwise. See 33 U.S.C. §1321(c)(4)(B)(i), (iii) & (iv); 40 C.F.R. ¶300.150.

[3] *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 (1979) (the general maritime law allows "an injured party to sue a tortfeasor for the full amount of damages for an indivisible injury that the tortfeasor's negligence was a substantial factor in causing, even if the

WHEREFORE, Plaintiff respectfully submits the instant Response to Cleanup Responder Defendants' Omnibus Motion for Summary Judgment.

Respectfully Submitted,

S/Soren E. Gisleson
**STEPHEN J. HERMAN – #23129**
**SOREN E. GISLESON – #26302**
**AARON AHLQUIST - #29063**
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
*Counsel for Plaintiff*

---

concurrent negligence of others contributed to the incident"); *id.* at 260 n.8 (quoting Restatement (Second) of Torts §879, cmt. a ("One whose tortious conduct is otherwise one of the legal causes of an injurious result is not relieved from liability for the entire harm by the fact that the tortious act of another responsible person contributes to the result. Nor are the damages against him diminished")); *Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716, 722 (11th Cir. 1982) (holding that it was error for the trial court to distract the jury's attention by requiring it to allocate the degree of fault between the defendant and a non-party); *Commonwealth Ins. Co. v. Am. Global Mar, Inc.*, No.00-868, 2001 WL 333148 at **5-6 (E.D. La. April 4, 2001) (denying motion for partial summary judgment brought by a defendant regarding the potential fault of third parties who were not named defendants and who were contractually immune); *see also Norfolk & Western v. Ayers*, 538 U.S. 135, 161-164 (2003) (in FELA action, apportionment between and among potentially liable unnamed tortfeasors was not required). *See also, e.g., Walls Indus. Inc. v. U.S.*, 958 F.2d 69, 71-72 (5th Cir. 1992); *North and South American Shipping v. U.S.*, 352 F.Supp.2d 734, 743-744 (E.D. La. 2005) (there can be no third-party suit for contribution or indemnity where the third party is immune viz-a-vis the first-party plaintiff).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of May, 2016, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I sent this filing by electronic mail to defense counsel.

                                              S/Soren E. Gisleson
                                              **SOREN E. GISLESON**