**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | * | **MDL NO. 2179** |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | |
| APRIL 20, 2010 | * | |
| | * | **SECTION: J** |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *ALL CASES IN PLEADING BUNDLE B3* | * | |
| | * | **JUDGE BARBIER** |
| | | **MAG. JUDGE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CLEAN-UP RESPONDER DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE JOINT MOTION TO CONDUCT DISCOVERY AND FOR EXTENSION OF TIME TO RESPOND TO AND TO CONTINUE THE SUBMISSION OF THE CLEAN-UP RESPONDER DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

The Clean-Up Responder Defendants[1] respectfully submit this Opposition to Plaintiffs' Ex Parte Joint Motion to Conduct Discovery and for Extension of Time to Respond to and to Continue the Submission of the Clean-Up Responder Defendants' Motions for Summary Judgment (the "Motion") (Rec. Doc. 18408).[2]

The Clean-Up Responder Defendants' pending motions for summary judgment (the "Summary Judgment Motions") are part of a carefully laid out procedure pursuant to which the Court already gave Plaintiffs the opportunity to seek discovery on derivative immunity and

---

[1]  The Clean-Up Responder Defendants are the following: O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

[2]  The five B3 Plaintiffs who submitted a timely sworn statement pursuant to Pretrial Order No. 57 ("PTO 57") (Rec. Doc. 13158) and whose claims are subject of this Motion are Jorey Danos, Nathan Fitzgerald (through William J. Fitzgerald, III and Dianna M. Fitzgerald), Frank Howell, Douglas Maurras, and Kirk Prest (collectively, for purposes of this Opposition, "Plaintiffs").

preemption issues.[3]  The Court properly restricted that discovery window in order to control this litigation and resolve the B3 claims against the Clean-Up Responder Defendants.  Plaintiffs cannot simply ask for a "do over" at this point.

In any event, Plaintiffs' vague request for a continuance and additional B3 discovery is woefully insufficient under Fed. R. Civ. P. 56(d) as it does not even attempt to establish how granting the relief sought will, or even *might,* produce any evidence creating a genuine issue of fact material to defeat the Clean-Up Responder Defendants' Summary Judgment Motions as to the remaining B3 claims asserted against them in this multidistrict litigation (the "Remaining Claimants").  (Rec. Docs. 17505, 17642, 17643).[4]  Plaintiffs' failure to meet the Rule 56(d) standard is particularly stark in light of the particular procedure and history involved here.  Accordingly, the Motion should be denied, and Plaintiffs should be required to submit any opposition to the Summary Judgment Motions in accordance with the briefing schedule previously set forth by the Court.  (Rec. Doc. 16165).

It is well-settled in this Circuit that a Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."  *Kean v. Jack Henry & Associates, Inc.*, 577 Fed. App'x 342, 348 (5th Cir. 2014) (*quoting Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).  The Rule 56(d) movant must demonstrate, with specificity and via affidavit or declaration, how this

---

[3]  The litigation history prior to the filing of the initial motions for summary judgment (the "Original Summary Judgment Motions") and issuance of PTO 57 shows that the Court already has provided Plaintiffs with a full and fair opportunity to conduct discovery on derivative immunity and preemption issues.  The Clean-Up Responder Defendants have previously detailed this history in their Joint Reply Memorandum in Support of the Original Summary Judgment Motions and incorporate that discussion herein by reference.  (Rec. Doc. 6878 at 22-29).

[4]  One of these claimants, John Wunstell, Jr., recently filed his response to the Summary Judgment Motions indicating that he "does not substantively oppose" them but that he reserves his rights to pursue his B3 claim against BP.  (Rec. Doc. 18427).  As Mr. Wunstell pointed out, all of the Remaining Claimants' claims against BP remain unaffected by a ruling granting the Summary Judgment Motions as to the Clean-Up Responder Defendants.

postponement and additional discovery will actually permit him to rebut the summary judgment movant's showing of the absence of a genuine issue of material fact. *See, e.g., Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 257 (5th Cir. 2013) (affirming district court's denial of Rule 56(d) motion because Plaintiff "did not articulate specifically what facts he needed to respond to the [summary judgment] motion"); *Kemp v. Wilhelmsen Ships Service, Inc. et al.*, No. 15-CV-5739, 2016 WL 236417, at *3 (E.D. La. Jan. 20, 2016) (granting summary judgment and denying Rule 56(d) motion because Plaintiff failed to "point[] to specific facts that she believes are discoverable and dispositive to this motion"); *see also* Fed. R. Civ. P. 56(d) (noting that "specified reasons" must be set forth by the Rule 56(d) movant and be "show[n] by affidavit or declaration"). Importantly, the Rule 56(d) movant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, . . . particularly where, as here, ample time and opportunities for discovery have already lapsed." *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980) (citations omitted).

Here, all Plaintiffs have offered in support of their Motion is a vague request for additional time to "conduct discovery regarding the[] declarations [submitted by the Clean-Up Responder Defendants] and the other factual allegations" made in the Summary Judgment Motions and a one-page declaration of counsel articulating same. (Rec. Doc. 18408 at 1-2). Plaintiffs have failed to provide *any* details or reasoning whatsoever as to why this additional discovery is warranted and how such discovery would inform the key factual question here – *i.e.*, whether the Clean-Up Responder Defendants violated or exceeded an instruction or order issued by the federal government, or acted without its authority, in performing their response activities. *See Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999) (noting that the "motion must demonstrate 1) why the movant needs additional discovery and 2)

3

how the additional discovery will likely create a genuine issue of material fact") (*citing Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).  This failure alone justifies denial of the Motion.

Moreover, the facts concerning the oil spill response and clean-up effort relied upon by the Clean-Up Responder Defendants in renewing the Original Summary Judgment Motions, including those set forth in the declarations submitted in support, have been part of the record since the Clean-Up Responder Defendants filed their Original Summary Judgment Motions over four years ago in May 2012.  (Rec. Docs. 6536–6536-4, 6538–6538-3, 6546–6546-4, 6547–6547-3, 6551–6551-3, 6553–6553-6, 6557–6557-4, 6559–6559-3, 6597–6597-1).  The Clean-Up Responder Defendants merely reiterated those relevant to the eleven Remaining Claimants' PTO 57 questionnaires in their renewed Summary Judgment Motions.  The only additional facts the Clean-Up Responder Defendants have set forth in their recent filing relate to employment status and other issues specific to the eleven Remaining Claimants, which those Plaintiffs already knew or should have known before filing their claims against the Clean-Up Responder Defendants in the first place.  For example, certain Clean-Up Responder Defendants have provided evidence regarding the Remaining Claimants' employment statuses during the clean-up, demonstrating that these Plaintiffs were not their employees and/or that they were not otherwise responsible for providing Plaintiffs with personal protective equipment for their clean-up activities.  (Rec. Docs. 17642-2 ¶ 6, 17643-24 ¶ 2, 17643-27 ¶ 3, 17643-33 ¶¶ 3-7).  Plaintiffs thus have not and cannot identify what "new" facts they cannot adequately oppose at this juncture without more discovery.

The Summary Judgment Motions are premised on the Remaining Claimants' responses to PTO 57 and were filed following the Court's order to do so.  (Rec. Doc. 16165).  The Summary Judgment Motions are thus timely, and not premature.  PTO 57 was issued to assist the Court in

ruling on the Original Summary Judgment Motions, which were filed following the permitted B3 discovery period (Rec. Docs. 4472, 5000), and to provide each individual Plaintiff with another opportunity to come forward with specific evidence, should it exist, that any Clean-Up Responder Defendant(s) failed to act pursuant to the authority and direction of the federal government during the clean-up. (Rec. Doc. 13158 at 1-2, 5-6). The Court was well within its discretion to require each individual Plaintiff to come forward with such specific evidence at this advanced stage in the proceedings and prior to permitting any individual B3 claim to proceed. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340-41 (5th Cir. 2000) (upholding the district court's *Lone Pine* approach, highlighting their value in managing complex mass tort litigation and finding that it was not too high a burden for the plaintiffs to provide "information . . . [they] should have had before filing their claims" in advance of permitting discovery to proceed as to their individual claims). Further, as outlined more fully in the Clean-Up Responder Defendants' Memorandum in Support of Their Omnibus Motion for Summary Judgment (the "Omnibus Summary Judgment Memo") (Rec. Doc. 17643-1), summary judgment is appropriate where, as here, the *Lone Pine* disclosures fail to present the "minimal required showing" of a viable claim. *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2012 WL 1398622, at *4 (E.D. La. Apr. 23, 2012).

        In conclusion, Plaintiffs have had ample opportunity to develop and come forward with facts supporting their B3 claims against the Clean-Up Responder Defendants. Likewise, Plaintiffs' suggestion that the Summary Judgment Motions are untimely and warrant deferral via Rule 56(d) is baseless and should be rejected. There is simply no reason to believe that any continuance of the Summary Judgment Motions and additional discovery will produce any evidence creating a genuine issue of material fact, and Plaintiffs have not shown otherwise as

required by Rule 56(d) of the Federal Rules of Civil Procedure.  Thus, for the reasons set forth above, as well as those already articulated in the Omnibus Summary Judgment Memo (Rec. Doc 17643-1 at 32-33), the Clean-Up Responder Defendants respectfully request that the Court deny the Motion and require Plaintiffs to proceed in accordance with its previously-issued briefing schedule.

Dated: May 23, 2016


Respectfully submitted,

/s/ Michael J. Lyle

Michael J. Lyle (DC #475078, IL #6199227)
Eric C. Lyttle (DC #482856)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 6th Street NW, 11th floor
Washington, DC 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100


Sylvia E. Simson (NY #4803342)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100


Patrick E. O'Keefe (LA # 10186)
MONTGOMERY BARNETT, L.L.P.
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688


Attorneys for O'BRIEN'S RESPONSE
MANAGEMENT, L.L.C. and NATIONAL
RESPONSE CORPORATION

/s/ Ben L. Mayeaux

Frank X. Neuner, Jr. (LA #7674)
Ben L. Mayeaux (LA #19041)
Jed M. Mestayer (LA #29345)
NEUNERPATE
One Petroleum Center, Suite 200
1001 W. Pinhook Rd.
Lafayette, LA 70503
Telephone: (337) 237-7000
Facsimile: (337) 233-9450


Attorneys for AIRBORNE SUPPORT, INC. and
AIRBORNE SUPPORT INTERNATIONAL, INC.

/s/ Alan M. Weigel

Alan M. Weigel (NY #3065307)
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: 212-885-5000
Facsimile: 917-332-3836


Attorney for MARINE SPILL
RESPONSE CORPORATION


/s/ Leo R. McAloon, III

Leo R. McAloon, III (LA # 19044)
Michael D. Cangelosi (LA # 30427)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
New Orleans, LA 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011


Attorneys for DYNAMIC AVIATION
GROUP, INC.


/s/ Kevin R. Tully

Kevin R. Tully (LA #1627)
H. Carter Marshall (LA #28136)
CHRISTOVICH & KEARNEY, LLP
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6078
Telephone: (504) 561-5700
Facsimile: (504) 593-4220


Attorneys for INTERNATIONAL
AIR RESPONSE, INC. and
LYNDEN INCORPORATED

/s/ George E. Crow
George E. Crow (TX # 05151900)
LAW OFFICE OF GEORGE E. CROW
P.O. Box 30
Katy, TX 77492
For Overnight Physical Delivery use
1519 Miller Avenue
Katy, TX 77493
Telephone: (281) 391-9275

Attorney for LANE AVIATION, INC.


/s/ Harold J. Flanagan
Harold J. Flanagan (LA # 24091)
Brandon C. Briscoe (LA # 29542)
Sean P. Brady (LA # 30410)
Andy Dupre (LA # 32437)
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 2405
New Orleans, LA 70170
Telephone: 504-569-0235
Facsimile: 504-592-0251

Attorneys for DRC EMERGENCY SERVICES, LLC

/s/ John E. Galloway
John E. Galloway (LA #5892)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, Suite 4040
New Orleans, LA 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

Attorney for TIGER RENTALS,
LTD., THE MODERN GROUP,
LTD., and THE MODERN GROUP
GP-SUB, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Clean-Up Responder Defendants' Opposition to Plaintiffs' Ex Parte Joint Motion to Conduct Discovery and for Extension of Time to Respond to and to Continue the Submission of the Clean-Up Responder Defendants' Motions for Summary Judgment has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of May, 2016.

/s/ Michael J. Lyle
Michael J. Lyle