IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:<br><br>　Oil Spill by the Oil Rig<br>　"Deepwater Horizon" in the Gulf<br>　of Mexico, on April 20, 2010<br><br>**THIS DOCUMENT RELATES TO:**<br><br>Civil Action No:  2:12-cv-02248, 2:12-cv-02333 | Civil Action No. 2:10-MD-02179<br><br>SECTION:"J"<br><br>JUDGE CARL BARBIER<br><br>MAGISTRATE JUDGE SALLY SHUSHAN |

**MEMORANDUM IN OPPOSITION TO CLEAN-UP RESPONDER DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT**

Torrey Barlow ("Mr. Barlow) and Joseph Brown ("Mr. Brown," or collectively "Plaintiff's")[1] respectfully submit this Memorandum in Opposition of Clean-Up Responder Defendants' ("Defendants") Omnibus Motion for Summary Judgment [ECF No. 17643].

**FACTUAL BACKGROUND**

**A. Torrey Barlow**

Mr. Barlow commenced his lawsuit against BP Exploration & Production Inc., BP America Production Company, BP P.L.C., Global Fabrications, LLC, Lawson Environmental Service, LLC, Odyssea Marine, Inc., *in personam*, and M/V Odyssea

---

[1] Undersigned Counsel represents Thomas Hines in *Gentry et al v. BP Exploration & Production, Inc.*, Case No. 2:13-CV-02360, and Roy Causey in *Anderson et al v. BP Exploration & Production, Inc.*, Case No. 2:13-CV-02342.  Undersigned Counsel acknowledges that none of the Clean-up Responder Defendants are named in the foregoing actions and based thereon does not file this Memorandum on behalf of Thomas Hines and Roy Causey.

Atlas, *in rem*, by filing a complaint in the United States District Court for the Eastern District of Louisiana on September 11, 2012. Following the filing of his Complaint, Mr. Barlow discovered that the M/V Odyssea Atlas upon which he worked was leased, chartered, contracted for, and/or under the direction and control of O'Brien's Response Management, L.L.C[2] ("O'Brien's Response Management"). Declaration of Torrey Barlow, ¶ 2, attached as **Exhibit A**. Mr. Barlow worked onboard the Odyssea Atlas between early May of 2010 and the end of September of 2010 and performed clean-up and response activities associated with the Deepwater Horizon Explosion and subsequent oil spill. *Id.* Specifically, Mr. Barlow was responsible for "transporting oil covered bags and booms, used in connection with the clean-up activities and from shrimp boats, and other response vessels, and storing them in oil containment storage tanks located onboard the Odyssea Atlas." *Id.* at 3. While onboard the Odyssea Atlas, Mr. Barlow was not provided face masks or respirators and, in fact, was told by O'Brien's Response Management that such personal protective equipment ("PPE") was not necessary. *Id.* at 4. Additionally, O'Brien's Response Management did not warn Mr. Barlow of the dangers presented by crude oil and cleaning dispersants. *Id.* As a result of the considerable amounts of time spent by Mr. Barlow transporting oil covered bags and booms without the necessary protective PPE and training, he was unnecessarily exposed to toxins through inhalation and other routes of exposure. Complaint, ¶ 44[3].

---

[2] Mr. Barlow plans to move this Honorable Court for leave to file an Amended Complaint naming O'Brien's Response Management, LLC as an additional defendant upon the termination of the Court issued stay set forth in Pretrial Order No. 1.
[3] *Barlow v BP Exploration, et al*, 2:12-CV-02248, [ECF No. 1].

As established by the Declaration of Michael Klein, P.E. regarding Mr. Barlow, ¶¶ 9-10, attached as **Exhibit B,** O'Brien's Response Management violated federal laws and/or regulations by failing to, *inter alia*: (1) properly train Mr. Barlow; (2) provide Mr. Barlow with a safe workplace; (3) have a site safety plan upon which Mr. Barlow was informed; (4) provide Mr. Barlow with the proper protective clothing and PPE; and (5) develop and implement a site-specific Air Monitoring Program. Mr. Barlow's inadequate training - a one hour safety training brief at the commencement of performing work onboard the Odyssea Atlas – violated federal regulations. *See Id*. at 9 ("Workers must be trained and qualified before they begin oil spill response and cleanup work as required by Title 29, Code of Federal Regulations, Parts 1910, Occupation Safety and Health Administration (OSHA), U.S. Department of Labor.").

**B. Joseph Brown**

Mr. Brown commenced his lawsuit against BP Exploration & Production Inc., BP America Production Company, BP P.L.C., and DRC Emergency Services, LLC ("DRC") by filing a complaint in the United States District Court for the Eastern District of Louisiana on September 21, 2012. Beginning in May of 2010, Mr. Brown performed clean-up and response activities as a participant in the Vessels of Opportunity Program ("VoO"). Declaration of Joseph Brown, ¶ 2, attached as **Exhibit C**. Defendant DRC was hired by BP to manage the VoO program and was listed a charterer of Mr. Brown's twenty-five (25) foot vessel. *Id*. at ¶¶ 2-3. "For approximately the first month, Mr. Brown was instructed by agents/representatives of DRC Emergency Services and BP not to wear protective safety equipment." *Id*. at ¶ 5. As a result of the absence of necessary

3

PPE and proper training, Mr. Brown inhaled toxic fumes and experienced dermal contact with contaminated water. Complaint, ¶ 42[4].

As established by the Declaration of Michael Klein, P.E. regarding Mr. Brown, attached as **Exhibit D**, DRC violated federal laws and/or regulations by failing to, *inter alia*: (1) train Mr. Brown regarding the hazards from oil; (2) train Mr. Brown until approximately six (6) weeks after he commenced work; (3) develop and implement a site safety plan and educate Mr. Barlow of the same; and (4) provide the proper PPE. . The failure of DRC to train Mr. Brown violated federal regulations. *See Id.* at 8 ("Workers must be trained and qualified before they begin oil spill response and cleanup work as required by Title 29, Code of Federal Regulations, Parts 1910, Occupation Safety and Health Administration (OSHA), U.S. Department of Labor.").

## ARGUMENT

### I. Standard of Review.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the court evaluates the summary judgment record, "all evidence and facts must be viewed in the light most favorable to the noon-movant." *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

The Court has discretion to deny summary judgment where there are sound reasons to permit further development of the factual record. The Supreme Court has counseled that "trial courts act with . . . caution in granting summary judgment," and has

---

[4] *Brown v BP Exploration, et al*, 2:12-CV-02333, [ECF No. 1].

4

advised that summary judgment may be denied, even on a properly supported motion, "where there is a reason to believe that the better course would be to proceed to a full trial. *Liberty Lobby*, 477 U.S. at 255 (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)).

## II. The Declarations of Plaintiffs and Michael Klein, P.E. Create Genuine Issues of Material Fact and Support Plaintiffs' Position that Defendants Violated Federal Regulations.

As set forth herein above, Defendants violated federal regulations in failing to properly train, warn and supervise Plaintiffs. Mr. Barlow and Mr. Brown have both submitted declarations -- "under penalty of perjury under the laws of the State of Louisiana" -- that set forth instances giving rise to violations of federal regulations. Exhibits A and C. After interviewing Plaintiffs and researching applicable industry regulations and standards, Michael Klein, P.E., an engineer with over twenty-five (25) years of experience in conducting and directing hazardous waste cleanup and site remediation, opined to a reasonable degree of technical and engineering certainly, that O'Brien's Response Management and DRC created dangerous conditions in violation of federal regulations. Specifically, Michael Kline declared that O'Brien's Response Management and DRC failed to exercise reasonable care in:

- Providing the training needed to safely perform the tasks of containment boom and placement;

- Teaching work practices to be used to avoid getting sick;

- Providing instruction regarding the proper method of reporting any health or safety hazards and illnesses or injuries; and

- Providing protective clothing and equipment needed;

5

Exhibits B and D.  As a result of the foregoing declarations, Defendants' Motion should be denied.

### III. Derivative Immunity and Implied Preemption are Not Available to Defendants because Defendants Violated Federal Regulations.

Because Plaintiffs have established violations of federal regulations through the attached Declarations, derivative immunity and implied preemption are not available to Defendants.  The Defendants are only immunized under the Clean Water Act, 33 U.S.C. § 1321(j)(8), if they adhered to and acted within the scope of the federal government's directives.  *In re Oil Spill*, 2016 WL 614690, at * 9.  Additionally, the implied preemption doctrine is inapplicable where the Defendants deviated from federal directives.  *Id.* at *11.  As a result, Defendants' Motion should be denied.

### IV. Defendants' Motion for Summary Judgment is Premature Because Plaintiffs have not had the Opportunity to Conduct Discovery.

If this Court finds the attached Declarations are insufficient to support a finding that Defendants' acted outside the scope of the federal government's directives, Plaintiffs should be allowed to conduct discovery related to the directives of the federal government and deviations of the same by Defendants.  As detailed above, Plaintiffs have not been able to depose federal government decision makers or agents/representative of O'Brien's Response Management and DRC.  As a result, Defendants' Motion is premature and should be denied.

Plaintiffs have not had the opportunity to conduct discovery.  In fact, Plaintiffs' ability to conduct discovery has been expressly restricted by Pretrial Order No. 1 which provides, in relevant part:

6

>**EXTENSION AND STAY** – Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date set by this Court. Pending the initial conference and further orders of this Court, **all outstanding discovery proceedings are stayed, and no further discovery shall be initiated.** Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

Pretrial Order, No. 1 (emphasis added). As a result of the foregoing restriction on discovery, Plaintiffs have not had the opportunity to depose material witnesses including, without limitation, agents and representative of O'Brien's Response Management and DRC and government decision-makers. Additionally, Plaintiffs have been deprived of other means of discovery contemplated by the Federal Rules of Civil Procedure such as interrogatories, requests for production, requests for admission and subpoenas to third parties. Fed. R. Civ. Pro. 33, 34 and 45.

The Fifth Circuit has recognized that in certain instances – where the judge has doubt regarding a premature summary judgment grant, for instance – it is appropriate to deny a motion for summary judgment even where the movant has carried its burden. *See Veillon V. Exploration Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989) (affirming summary judgment grant and stating that "[a] district court has discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has a doubt as to the wisdom of terminating the case before trial"); *see also Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995) (*per curiam*) (affirming trial court and attaching its opinion, which held that "even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that a 'better course would be to proceed to a full trial'" (quoting *Liberty Lobby*, 477 U.S. at 255-56)). This is particularly true where there is good reason to allow the parties to fully develop the record. *Marcus v. St. Paul Fire & Marine Ins. Co.*, 651 F.2d 379, 382 (5th Cir. 1981)

("Even if St. Paul were entitled to summary judgment, the sound exercise of judicial discretion dictates that the motion should be denied to give the parties an opportunity to develop the case.").

Thus, if the Court finds that the attached Declarations to be insufficient to defeat the Summary Judgment Motion of Defendants, Plaintiffs request that this Court allow them the opportunity to develop the facts necessary to support their position. Accordingly, Defendants' Motion should be denied because Plaintiffs have not been afforded the opportunity to participate in discovery.

## **CONCLUSION**

For the foregoing reasons Defendants' Omnibus Motion for Summary Judgment should be denied as to Plaintiffs Torrey Barlow and Joseph Brown.

Respectfully submitted,

/s/ Paul A. Dominick
Paul A. Dominick     Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

And

Douglas M. Schmidt Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

Attorneys for Plaintiffs
Torrey Barlow and Joseph Brown

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing Memorandum in Opposition to Clean-Up Responder Defendants' Omnibus Motion for Summary Judgment was served on all counsel by the Court's ECF system on May 24, 2016.

                                                  /s/ Paul A. Dominick
                                                  Paul A. Dominick