# EXHIBIT M

# FEE AGREEMENT AND AUTHORITY TO REPRESENT

Maxim, L.C. dba Leonardo Trattoria, 709 St. Charles Ave., New Orleans, LA 70130, the undersigned client (hereinafter referred to as "I", "me" or the "Client"), do hereby retain and employ Richard L. Traina, Esq. and Mollere, Flanagan & Landry, L.L.C. (hereinafter referred to as "Attorney"), as my Attorney to represent me in connection with the following matter:

preparing and submitting my claim for economic loss because of the Deepwater Horizon oil spill in connection with the Economic and Property Damages Settlement (the "E&PD Settlement") that recently was reached in the Deepwater Horizon incident litigation pending in the United States District Court for the Eastern District of Louisiana (the "Representation").

The Representation is limited to preparing and submitting my claim as part of the E&PD Settlement and does not include any appeal of the denial of my claim or appeal of the amount, if any, I am awarded through the E&PD Settlement. I understand that if I wish Attorney to undertake any such appeal, a new fee agreement will be required.

**1.     ATTORNEY'S FEES.** As compensation for legal services, I agree to pay Attorney on a **Contingency Fee** basis as follows:

Attorney shall receive the following percentage of the amount recovered before the deduction of costs and expenses as set forth in Section 2 herein:

**25.00%**

It is understood and agreed that this employment is upon a contingency fee basis, and if no recovery is made, I will not be indebted to my Attorney for any sum whatsoever **as Attorney's Fees**.

However, I agree to pay all costs and expenses as set forth in Section 2 herein, regardless of whether there is any recovery in this matter. In the event of recovery, costs and expenses shall be paid out of my share of the recovery.

**2.     COSTS AND EXPENSES.** In addition to paying Attorney's Fees, I agree to pay all costs and expenses in connection with Attorney's handling of this matter. Costs and expenses shall be billed to me at the conclusion of the Representation and, as noted above, shall be paid out of my share of the recovery (if any). Costs and expenses may include (but are not limited to) the following: long distance telephone charges, photocopying ($0.25 per page), postage, facsimile costs, Federal Express charges, deposition fees, expert fees, subpoena costs, court costs, sheriff's and service fees, travel expenses and investigation fees. I agree to pay all costs and expenses regardless of whether there is any recovery in this matter.

**3.     ATTORNEY'S FEE FOR ENFORCEMENT.** I agree to pay the reasonable attorney's fee of any attorney employed by Attorney to seek enforcement of this agreement.

**4.     NO GUARANTEE.** I acknowledge that Attorney has made no promise or guarantee regarding the outcome of this matter. In fact, Attorney has advised me that this matter may take a long time and may be very frustrating. I further acknowledge that Attorney shall have the right to cancel this agreement and withdraw from the Representation if, in Attorney's professional opinion, the matter does not have merit, I do not have a reasonably good possibility of recovery, I refuse to follow the recommendations of Attorney, and/or I fail to abide by the terms of this agreement.

**5.     CONSENT TO SETTLEMENT.** Neither Attorney nor Client may, without the prior written consent of the other, settle, compromise, release, discontinue or otherwise dispose of my E&PD Settlement claim.

**6.     PRIVILEGE.** I agree and understand that this contract is intended to and does hereby

assign, transfer, set over and deliver unto Attorney as his/her fee for representation of me in this matter an interest in the claim(s), the proceeds, or any recovery therefrom under the terms and conditions aforesaid, in accordance with the provisions of La. R.S. 37:218, and that Attorney shall have the privilege afforded by La. R.S. 9:5001.

7. **ALTERNATIVE DISPUTE RESOLUTION.** In the event of any dispute or disagreement concerning this agreement, I agree to submit to arbitration by the Louisiana State Bar Association Lawyer Dispute Resolution Program. I further agree that any award by the arbitrator shall include the costs and expenses of arbitration, including attorney's fees actually incurred (if Attorney represents himself/herself, he/she shall record his/her fees and charges as they would otherwise accrue in the representation of a third party). In the event that I do not comply with the arbitrator's decision and satisfy an award within thirty (30) days of the rendering of a decision and Attorney resorts to judicial enforcement of the award, Attorney shall be entitled to recover as well ten percent (10%) of the whole amount awarded (plus costs, expenses and attorney's fees) as a penalty in accordance with Louisiana Civil Code article 3106.

8. **ENTIRE AGREEMENT.** I have read this agreement in its entirety and I agree to and understand the terms and conditions set forth herein. I acknowledge that there are no other terms or oral agreements existing between Attorney and Client. This agreement may not be amended or modified in any way without the prior written consent of Attorney and Client.

This agreement is executed by me, the undersigned Client, on __7-18__, 2012.

CLIENT

_____(sign)

Maxim, L.C. dba Leonardo Trattoria

By: Shelly Jo Licciardi
Its: Member, Manager


The foregoing agreement is hereby accepted on __7/20__, 2012.

**ATTORNEY**

MOLLERE, FLANAGAN & LANDRY, L.L.C.

BY: _____

Richard L. Traina