# EXHIBIT A

# *Deepwater Horizon* Medical Benefits Settlement Class Membership Denial Challenge Procedures

***Effective June 1, 2016***

## SECTION I: GENERAL

1. **Defined Terms**. Unless otherwise provided herein, all undefined terms used in these *Deepwater Horizon* Medical Benefits Settlement Class Membership Denial Challenge Procedures ("***Procedures***") shall have the same meaning given to such terms in the Medical Benefits Class Action Settlement Agreement ("***Settlement Agreement***") approved on January 11, 2013.

2. **Right to Challenge**. Section V.N of the Settlement Agreement provides as follows:

> The Claims Administrator's determination that a Natural Person is or is not a Medical Benefits Settlement Class Member may be challenged by such Natural Person. Any such challenge must be filed by such Natural Person with the Court within 60 days after the notice of the Claims Administrator's determination is sent to that Natural Person.

3. **Purpose**. These Procedures define the process by which the Claims Administrator will receive, process, and submit to the Court all timely challenges submitted by claimants who are denied membership in the Medical Benefits Settlement Class. These Procedures are approved by the Court pursuant to and consistent with the ruling of the United States Court of Appeals for the Fifth Circuit in *In Re: Deepwater Horizon*, No. 13-30843, May 8, 2015.

## SECTION II: FILING A CHALLENGE

1. **Procedure for Filing a Challenge**. Any claimant who wishes to challenge a denial of class membership shall submit a completed and signed Class Membership Challenge Form to the Claims Administrator by mail to *Deepwater Horizon* Medical Benefits Claims Administrator, 935 Gravier Street, Suite 1400, New Orleans, Louisiana 70112. Claimants may obtain a copy of the form by contacting the Claims Administrator by phone at (877) 545-5111, by email at info@deepwaterhorizonmedicalsettlement.com, by mail or in person at 935 Gravier Street, Suite 1400, New Orleans, Louisiana 70112, or on the Claims Administrator's website at www.deepwaterhorizonmedicalsettlement.com.

2. **Timeframe to Submit a Challenge**. All challenges must be submitted within 60 days from the date on the Notice of Determination Concerning Membership in Medical Benefits Settlement Class. Any challenge that is not submitted to the Claims Administrator within the required timeframe will not be submitted to the Court and will be disallowed.

## SECTION III: SUBMISSION OF CHALLENGE TO THE COURT

1. **Court Docketing Procedures**. After receiving a timely challenge, the Claims Administrator will docket the challenge with the Court.

2. **Record**. After receiving a timely challenge, the Claims Administrator will create the Record for the Court, which will consist of (a) the Class Membership Denial Challenge Form, (b) the Notice of Determination Concerning Membership in Medical Benefits Settlement Class and all attachments, (c) the Proof of Claim Form or Notice of Intent to Sue (as applicable), and

(d) all supporting documentation submitted with the Proof of Claim Form or Notice of Intent to Sue (as applicable), other than medical records submitted in support of a Specified Physical Condition (the "***Record***"). The Record will be uploaded by the Claims Administrator to the *Deepwater Horizon* Court Challenge Portal ("***Portal***") for the Court to review in connection with the challenge. The Claims Administrator will also mail a copy of the Record to the claimant.

3. **Corrections to the Record**. In the event the claimant believes any document that was previously submitted to the Claims Administrator should be included in the Record but was omitted by the Claims Administrator, the claimant may notify the Claims Administrator in writing within 14 days following receipt of the Record. Following receipt of a timely notification, the Claims Administrator will add such documents to the Record and upload the revised Record to the Portal; *provided, however,* that the claimant may only request that the Record include documents that were submitted to the Claims Administrator prior to the submission of the Class Membership Denial Challenge Form.

4. **Supplementing the Record**. If any documents are received by the Claims Administrator after the receipt of the Class Membership Denial Challenge Form and prior to the entry of a Judgment by the Court either upholding or denying the challenge, the Claims Administrator will supplement the Record with such documentation and upload the additional documents to the Portal. The Court will determine, in its sole discretion, whether such additional documentation will be considered in connection with the challenge.

5. **Challenge Withdrawal**. Prior to any judgment of the Court, any claimant who wishes to withdraw his or her challenge shall file a formal notice of voluntary dismissal with the Court.

## SECTION IV: COURT JUDGMENT APPROVING OR REJECTING CHALLENGE

1. **Issues for Review by Court.** The issues for review by the Court shall be limited to determining whether or not the claimant is a member of the Medical Benefits Settlement Class.

2. **Standard of Review**. The decision of the Claims Administrator is subject to de novo review by the Court.

3. **Judgment Upholding or Denying the Challenge**. The Court will review the claimant's challenge and enter an order and judgment either upholding or denying the challenge or an order remanding the challenge to the Claims Administrator for further review. The Court may, in its sole and absolute discretion, use the form of the attached Order and Judgment Denying Claimant's Challenge to the Claims Administrator's Denial of Class Membership (attached hereto as Exhibit 1), the form of the attached Order and Judgment Upholding Claimant's Challenge to Claims Administrator's Denial of Class Membership (attached hereto as Exhibit 2), or the form of the attached Order Remanding Claimant's Challenge to the Claims Administrator (attached hereto as Exhibit 3).

4. **Notification of Court Judgment**. The Court's Order and/or Judgment will be sent via CM/ECF to attorneys registered through it. In addition, the Court will mail a copy of the Order and/or Judgment to all attorneys who are not registered to receive electronic filings through CM/ECF and to all pro se claimants.

5. **Approved Challenge**. In the event the claimant's challenge is upheld by the Court, the Claims Administrator will reprocess the claimant's claim in accordance with the Court's Order and Judgment and the Settlement Agreement.

**SECTION V: APPEAL FROM JUDGMENT OF THE COURT**

1. **Filing of Appeal**. Any party seeking to appeal from the Order and Judgment of the Court shall comply with all requirements set forth in Rules 3 and 4 of the Federal Rules of Appellate Procedure.

2. **Record on Appeal**. Upon the filing of a Notice of Appeal, the Claims Administrator shall prepare the record for appeal and shall submit such documents to the Clerk of the District Court, which record shall consist of the following:

(a) The Order and Judgment of the District Court;

(b) The Record previously transmitted to the District Court by the Claims Administrator through the Portal, including all supplements to the Record under Section III.4 above;

(c) These *Deepwater Horizon* Medical Benefit Settlement Class Membership Denial Challenge Procedures;

(d) The Settlement Agreement; and

(e) Any additional portions of the claim file that were available for the Court's review and were properly and timely designated by the parties under Section V.3

3. **Parties' Designation of the Record.** In order to designate any portion of the claim file for inclusion in the record on appeal as outlined in Section V.2(e), a party must within 14 days of the filing of the Notice of Appeal submit to the Claims Administrator a listing of each document from the claim file that it wishes to have included in the record on appeal. Upon receipt of this listing, the Claims Administrator will supplement the record for appeal by preparing any additional designated items and shall submit by electronically filing in CM/ECF that additional portion of the record to the Clerk for the District Court within 21 days after the filing of the Notice of Appeal. Twenty-one days after the filing of the Notice of Appeal, the Fifth Circuit will consider the record complete. If additional time is needed to complete the record, the parties shall file a motion with the Fifth Circuit requesting additional time to complete the record.

4. **Suspension of Claim Process**. The filing of a Notice of Appeal shall suspend the claim process until such a time as provided in the applicable Federal Rules of Civil and Appellate Procedure.

5. **Restricted Access**. Access to the District Court docket shall be restricted to court users and case participants. Parties are cautioned that if their case is appealed to the United States Court of Appeals for the Fifth Circuit, they must file a motion to seal the entire case record in the Fifth Circuit if they wish to preserve the confidentiality of the record.

## SECTION VI: MISCELLANEOUS

1. **Retroactive Application**. Upon approval of these Procedures by the District Court, the Claims Administrator shall apply these Procedures retroactively to all Class Membership Denial Challenges that were filed prior to the date of approval of these Procedures.

2. **Amendments**. The Claims Administrator shall consult with the Parties on any amendments to these Procedures, and all amendments shall be subject to Court approval.

3. **Implementation of These Procedures.** The Claims Administrator has the discretion to administer any steps necessary to implement these Procedures, including, without limitation, the discretion to address any situation not contemplated by these Procedures.

4. **Representation by Counsel**. The claimant may be represented by counsel under these Procedures. For any claimant who is represented by counsel, the Claims Administrator will send all notices and correspondence under these Procedures to the claimant's attorney. The attorney may sign the Class Membership Denial Challenge Form on behalf of his/her client.

5. **Deadlines**. Time is of the essence in these Procedures. The time limits set forth in these Procedures are and will be strictly enforced.

6. **Computation of Time and Dates of Submission**.

(a) Any time period prescribed by these Procedures shall be computed as follows: In counting the days prescribed, (a) exclude the day of the event that triggers the period, (b) count every day, including intermediate Saturdays, Sundays, and legal holidays, and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Legal holidays are: New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by the Claims Administrator. This statement is subject to any further clarifications from the Claims Administrator.

(b) The Class Membership Challenge Form shall be deemed timely submitted if it is postmarked or has an electronic date stamp on or before the date by which it is required to be submitted under these Procedures.

7. **Applicability of Civil and Appellate Rules of Procedure**. All other applicable rules under the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure as well as applicable Local Rules and relevant case law shall apply to any Class Membership Denial Challenge.

8. **Certification as to Truth of Information Submitted**. Each claimant and his/her attorney certify and declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that all of the information, oral and written, submitted in this Procedure is true and accurate to the best

of their knowledge and understand that false statements or claims made in connection with this Procedure may result in fines and/or any other remedy available by law.

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL 2179**<br>**Section J** |
| ***Applies: 12-968 - Plaisance, et al. versus BP Exploration & Production, Inc., et al.***<br>***-AND-***<br>***Case No.____; Claim ID:______*** | **Judge Barbier**<br>**Magistrate Judge Shushan** |

**Order and Judgment**

[Denying Claimant's Challenge to the Claims Administrator's Denial of Class Membership]

Pursuant to Section V.N of the Medical Settlement Agreement, [Claimant No.] has challenged the Deepwater Horizon Medical Benefits Claims Administrator's determination that the claimant failed to qualify as a member of the Medical Benefits Settlement Class. Following a review of the Proof of Claim Form and supporting documentation, the Court hereby **DENIES** claimant's challenge and upholds the Claims Administrator's determination.

New Orleans, Louisiana this ____ day of _________________, 2016.

____________________________________
CARL J. BARBIER
United States District Judge

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL 2179**<br><br>**Section J** |
| ***Applies: 12-968 - Plaisance, et al. versus BP Exploration & Production, Inc., et al.*** <br>***-AND-*** <br>***Case No.____; Claim ID:______*** | **Judge Barbier**<br>**Magistrate Judge Shushan** |

**Order and Judgment**

[Upholding Claimant's Challenge to the Claims Administrator's Denial of Class Membership]

Pursuant to Section V.N of the Medical Settlement Agreement, [Claimant No.] has challenged the Deepwater Horizon Medical Benefits Claims Administrator's determination that the claimant has failed to qualify as a member of the Medical Benefits Settlement Class. Following a review of the Proof of Claim Form and supporting documentation, the Court hereby **UPHOLDS** the claimant's challenge and finds that the claimant:

☐ qualifies as a member of the Medical Benefits Settlement Class as a Clean-Up Worker.

☐ qualifies as a member of the Medical Benefits Settlement Class as a Zone B Resident.

☐ has established residence in Zone A for at least 60 days between April 20, 2010 and September 30, 2010.

☐ is not excluded from the Medical Benefits Settlement Class under Section I.B of the Medical Settlement Agreement.

New Orleans, Louisiana this ____ day of _________________, 2016.

______________________________
CARL J. BARBIER
United States District Judge

**EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL 2179**<br><br>**Section J** |
| ***Applies: 12-968 - Plaisance, et al. versus BP Exploration & Production, Inc., et al. -AND- Case No.____; Claim ID:______*** | **Judge Barbier**<br>**Magistrate Judge Shushan** |

**Order**

[Remanding Claimant's Challenge to the Claims Administrator]

Pursuant to Section V.N of the Medical Settlement Agreement, [Claimant No.] has challenged the Deepwater Horizon Medical Benefits Claims Administrator's determination that the claimant has failed to qualify as a member of the Medical Benefits Settlement Class. Following a review of the Proof of Claim Form and supporting documentation, the Court hereby **REMANDS** the claimant's challenge to the Claims Administrator … .

New Orleans, Louisiana this ____ day of _________________, 2016.

________________________________
CARL J. BARBIER
United States District Judge