UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: *Pleading Bundle B1* | * | MAG. JUDGE SUSHAN |

| | | |
|---|---|---|
| WESTGATE DEVELOPMENT, INC. | * | CIVIL ACTION No. _____ |
| VERSUS | * | SECTION J |
| BP, PLC; BP EXPLORATION AND PRODUCTION, INC.; BP AMERICA, INC.; BP PRODUCTS NORTH AMERICA, INC.; TRANSOCEAN DEEPWATER, INC.; and TRANSOCEAN DEEPWATER DRILLING, INC. | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

## COMPLAINT FOR DAMAGES CAUSED BY THE BP OIL SPILL

Plaintiff, WESTGATE DEVELOPMENT, INC., files this Original Petition against Defendants, BP, PLC; BP EXPLORATION AND PRODUCTION, INC.; BP PRODUCTS NORTH AMERICA, INC.; TRANSOCEAN DEEPWATER, INC.; and TRANSOCEAN DEEPWATER DRILLING, INC.; and in support of its causes of action, respectfully shows the following:

# INTRODUCTION

1.

Plaintiff, WESTGATE DEVELOPMENT, INC., for more than forty-five (45) years Westgate Development, Inc. has purchased, developed and sold residential and commercial real estate developments in Houma, Louisiana. Westgate Development consisted of several phases of development and in 2008 and 2009; the owners invested nearly $2 million to develop the final phase of the residential project. Financial projections utilized by Community Bank in Houma, projected a 30% profit on the development project based on the 2009/2010 Real Estate market. A thorough review of the Houma real estate market prior to and after the Deepwater Horizon oil spill on April 20, 2010, is the only true way to analyze the damages of Westgate Development, Inc. The oil spill devastated the Houma community and drastically hampered the continued growth of the residential real estate market. The aftermath of the spill, caused many of the working community to be cautious of spending on new homes because of the uncertainty of employment. The impact of the oil spill to the local community forced Westgate Development, Inc. to extremely discount the value of the development in order to meet the lender's constant demands. Ultimately, Westgate Development, Inc. lost all projected profit of the project and has faced financial difficulties since the 2010 Deepwater Horizon oil spill.

2.

Made defendants herein are:

(A)  BP, PLC is a British corporation, organized under the laws of the United Kingdom, doing business in the State of Louisiana and throughout the

United States. BP Exploration and Production, Inc. and BP America, Inc. are incorporated under the laws of Delaware, and Defendant BP Products North America, Inc. is incorporated under the laws of Maryland. Defendants BP Exploration and Production, Inc., BP America, Inc., and BP Products North America, Inc. maintain their principal place of business in Houston, Texas. Defendants BP Exploration and Production, Inc., BP America, Inc. and BP Products North America, Inc. (hereinafter collectively referred to as "BP") may be served with process through their registered agent for service: CT Corporation System, at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

(B) Transocean Deepwater, Inc. and Transocean Offshore Deepwater Drilling, Inc. are incorporated under the laws of Delaware and maintain their principal place of business in Houston, Texas. Defendants Transocean Offshore Deepwater Drilling, Inc. (hereinafter collectively referred to as "Transocean") may be served with process through their registered agent for service: Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701.

**JURISDICTION**

3.

This Court maintains subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question), 28 U.S.C. §1332 (Diversity Jurisdiction) and alternatively, 28 U.S.C. §1333 (Maritime and Admiralty law).

**VENUE**

4.

Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to this action occurred in the Eastern District of Louisiana and the damages to Plaintiff occurred within the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

5.

BP is the holder of an oil and gas lease granted by the Minerals Management Service.  BP leased the Deepwater Horizon, a semi-submersible mobile drilling rig, from its owners/operators, Transocean, to drill a well pursuant to the above-mentioned lease. The Deepwater Horizon was a floating oil rig owned by defendant, Transocean, and operated by defendant, BP, approximately fifty (50) miles southeast of Venice, Louisiana in the Gulf of Mexico.  At approximately 10:00 p.m. on or about April 20, 2010, while the vessel, Deepwater Horizon, was performing drilling operations for crude oil off the coast of Louisiana, an explosion occurred on the vessel, causing many of its crewmembers to be thrown overboard and killing eleven (11) crewmembers.  After the explosion, the blowout preventer ("BOP"), a wellhead safety device manufactured by Cameron and used to seal pipes carrying subsea oil and natural gas, failed to properly engage and prevent the uncontrolled release of oil and gas into the Gulf of Mexico.  The explosion and subsequent fire caused such damage to the structural integrity of the floating rig that it sank in more than 4,000 feet of water.

6.

When the floating rig sank, it caused the Macondo Well (the well) to release, leak and/or discharge oil directly into the Gulf of Mexico. For eighty-seven (87) days the well continued to leak and/or discharge approximately 62,000 barrels of oil per day totaling more than 4.9 million barrels of oil discharged into the Gulf of Mexico. The oil slick produced by the well covered a surface area larger than the state of South Carolina.

7.

Much of the oil that was released from the well now rests on the sea floor and remains extremely hazardous and/or toxic, posing a constant and significant risk to marine life in and around the Gulf of Mexico; marine life crucial to the vast and complex food chain of the Gulf of Mexico from Lake Charles, Louisiana to Key West, Florida. The oil is particularly toxic to juvenile and other slow moving marine life at the bottom of the aquatic food chain such as plankton, shrimp, crabs, fish, and other species. For months after the well was capped, slow-moving marine species could not escape the continuous walls of oil suspended in the Gulf's water column. Scientists fear that, in the coming years, the walls of oil will have created massive generational gaps in numerous aquatic species, further damaging the Gulf Coast's fragile fishing industry.

8.

Plaintiff derives their income either directly or indirectly from individuals and businesses working and operating in or near the coastal waters of Louisiana and the Gulf of Mexico which will continue to be dramatically affected for years to come. The oil spill has created a negative perception as to the quality, safety and future of the Louisiana economy. This ecological calamity has become the worst oil spill in the history of the

United States, wreaking billions of dollars of damages to Plaintiff and others similarly situated.

## **NEGLIGENCE – ALL DEFENDANTS**

9.

Plaintiff re-alleges all of the allegations contained in paragraphs 1 through 9 as specifically alleged herein.

10.

Defendants were, directly or indirectly, negligent in the operation of the Deepwater Horizon in the Gulf of Mexico, and have negligently discharged millions of barrels of oil into the waters of the Gulf of Mexico.  The resulting widespread contamination from the oil spill has devastated the economic livelihood of Plaintiff.

11.

The Deepwater Horizon, its pipes, casing, the well it was drilling, and all of the related equipment and materials, including its safety and spill prevention devices, were in the care, custody, and control of Defendants at the time of the incidents giving rise to this action.

12.

Defendants owed a duty to exercise reasonable care to Plaintiff in the design, construction, operation, management, use, maintenance, and inspection of the Deepwater Horizon, its pipes, casings, the well it was drilling, and all of the related equipment and materials, including its safety and spill prevention measures and devices.
Defendants, through their agents, servants and employees, further breached their duty by:

     (1)     Failing to properly operate the Deepwater Horizon;

(2) Failing to properly inspect the Deepwater Horizon to assure that its equipment was operable and fit for their intended purpose;

(3) Failing to ascertain that the Deepwater Horizon and its equipment were free from defects or in proper working order;

(4) Failing to implement policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

(5) Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking, and oil spill.

(6) Failing to appropriately hire and adequately train personnel charged with operating the Deepwater Horizon;

(7) Failing to timely bring the oil release under control;

(8) Failing to timely warn of the release of the oil;

(9) Failing to properly respond to the release and take necessary actions to mitigate the danger surrounding the community; and

(10) Such other acts of negligence and omissions as will be shown at trial of this matter.

**GROSS NEGLIGENCE – BP & TRANSOCEAN**

13.

Plaintiff re-alleges all of the allegations contained in paragraphs 1 through 13 as are specifically alleged herein.

14.

BP and Transocean committed not only the acts and omissions of negligence enunciated above, but also acts of gross negligence, which are a proximate cause of the economic injuries sustained by Plaintiff, and for which Plaintiff is entitled to recover punitive damages.

15.

BP and Transocean knew that their actions and omissions created unsafe and hazardous conditions. BP and Transocean did nothing to remedy the unsafe conditions even though they had knowledge of them prior to the incident. BP and Transocean's acts and omissions in this regard, when viewed objectively from the standpoint of BP and Transocean, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. BP and Transocean had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

## **DAMAGES**

16.

Prior to the incident described above, Terrebonne Parish was experience the largest economic growth in its history. Claimant had been through difficult years but 2010 and 2011 were going to be the years of reaping the benefits of hard work and patience. Unfortunately, the Deepwater Horizon oil spill destroyed those near-certain results. Westgate Development consisted of several phases of development and in 2008 and 2009; the owners invested nearly $2 million to develop the final phase of the residential project. Financial projections utilized by Community Bank in Houma, projected a 30% profit on the development project based on the 2009/2010 Real Estate

market.  A thorough review of the Houma real estate market prior to and after the Deepwater Horizon oil spill on April 20, 2010, is the only true way to analyze the damages of Westgate Development, Inc.  The oil spill devastated the Houma community and drastically hampered the continued growth of the residential real estate market.  The aftermath of the spill, caused much of the working community to be cautious of spending on new homes because of the uncertainty of employment.  The impact of the oil spill to the local community forced Westgate Development, Inc. to extremely discount the value of the development in order to meet the lender's constant demands.  Ultimately, Westgate Development, Inc. lost all projected profit of the development and has faced financial difficulties since the 2010 Deepwater Horizon oil spill.  Therefore, Plaintiff has sustained economic harm in the form of past and future lost profits and impairment of earning capacity both in-the past and in the future.

17.

Plaintiff is entitled to recover such economic damages for this and future economic harm.

## PUNITIVE DAMAGES

18.

Because the conduct of Defendants constitutes gross negligence, Plaintiff is entitled to punitive and/or exemplary damages from Defendants, in an amount deemed .appropriate by a jury.

## JURY DEMAND

19.

Plaintiff requests a trial by jury.

## **PRAYER**

20.

WHEREFORE, Plaintiff, WESTGATE DEVELOPMENT, INC., prays that Defendants, TRANSOCEAN and BP, be duly cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for their damages, in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show to be entitled, whether at law or in equity.

RESPECTFULLY SUBMITTED BY,

BLOCK LAW FIRM, APLC
422 East First Street
Post Office Box 108
Thibodaux, Louisiana 70302
(985) 446-0418 *Phone*
(985) 446-0422 *Facsimile*

/s/ Richard C. Breaux
RICHARD C. BREAUX, #33740
*Attorney for Plaintiffs*