# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: | Civil Action No. 2:10-MD-02179 |
| **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **SECTION: "J"** |
| | **JUDGE CARL BARBIER** |
| **THIS DOCUMENT RELATES TO:** | **MAGISTRATE JUDGE SALLY SHUSHAN** |
| **Civil Action No: 2:12-cv-02248, 2:12-cv-02333** | |

## JOINT STATEMENT OF MATERIAL FACTS THAT PRESENT GENUINE ISSUES

In opposition to Clean-up Responder Defendants' Statement of Undisputed Material Facts in Support of their Omnibus Motion for Summary Judgment [ECF No. 17643-2] (the "Rule 56.1 Statement"), Torrey Barlow ("Mr. Barlow") and Joseph Brown ("Mr. Brown"), by and through their undersigned counsel and pursuant to Local Rule 56.2, hereby provide the following statement of material facts which they contend present genuine issues:

### The Deepwater Horizon Response and Clean-Up Effort

1. Mr. Barlow and Mr. Brown are unable to determine whether the general assertions set forth in the Rule 56.1 Statement are undisputed or disputed, because they have not had the opportunity to conduct discovery.[1]

---

[1] Plaintiffs' ability to conduct discovery has been expressly restricted by Pretrial Order No. 1.  Additionally, Plaintiffs have been deprived of other means of discovery contemplated by the Federal Rules of Civil

## Fact Specific to Plaintiff Torrey Barlow

2. The M/V Odyssea Atlas upon which Mr. Barlow worked was leased, chartered, contracted for, and/or under the direction and control of O'Brien's Response Management, L.L.C[2] ("O'Brien's Response Management").  Declaration of Torrey Barlow, ¶ 2, attached as **Exhibit A**.

3. At the direction of O'Brien's Response Management, Mr. Barlow worked onboard the Odyssea Atlas between early May of 2010 and the end of September of 2010 and performed clean-up and response activities associated with the Deepwater Horizon Explosion and subsequent oil spill.  *Id.*

4. While onboard the Odyssea Atlas, Mr. Barlow was not provided face masks or respirators and, in fact, was told by O'Brien's Response Management that such personal protective equipment ("PPE") was not necessary.  *Id.* at 4.  Additionally, O'Brien's Response Management did not warn Mr. Barlow of the dangers presented by crude oil and cleaning dispersants.  *Id.* As a result of the considerable amounts of time spent by Mr. Barlow transporting oil covered bags and booms without the necessary protective PPE and training, he was unnecessarily exposed to toxins through inhalation and other routes of exposure. Complaint, ¶ 44[3].

---

Procedure such as interrogatories, requests for production, requests for admission and subpoenas to third parties.  Fed. R. Civ. Pro. 33, 34 and 45.

[2] Mr. Barlow plans to move this Honorable Court for leave to file an Amended Complaint naming O'Brien's Response Management, LLC as an additional defendant upon the termination of the Court issued stay set forth in Pretrial Order No. 1.

[3] *Barlow v BP Exploration, et al*, 2:12-CV-02248, [ECF No. 1].

5. O'Brien's Response Management[4] violated federal laws and/or regulations by failing to, *inter alia*: (1) properly train Mr. Barlow; (2) provide Mr. Barlow with a safe workplace; (3) have a site safety plan upon which Mr. Barlow was informed; (4) provide Mr. Barlow with the proper protective clothing and PPE; and (5) develop and implement a site-specific Air Monitoring Program.  Mr. Barlow's inadequate training  - a one hour safety training brief at the commencement of performing work onboard the Odyssea Atlas – violated federal regulations. Declaration of Michael Klein, P.E. regarding Mr. Barlow, ¶¶ 9-10, attached as **Exhibit B.**

### Facts Specific to Plaintiff Joseph Brown

6. Beginning in May of 2010, Mr. Brown performed clean-up and response activities as a participant in the Vessels of Opportunity Program ("VoO").  Declaration of Joseph Brown, ¶ 2, attached as **Exhibit C**.

7. Defendant DRC was hired by BP to manage the VoO program and was listed a charterer of Mr. Brown's twenty-five (25) foot vessel.  *Id.* at ¶¶ 2-3.  "For approximately the first month, Mr. Brown was instructed by agents/representatives of DRC Emergency Services and BP not to wear protective safety equipment."  *Id.* at ¶ 5.  As a result of the absence of necessary PPE and proper training, Mr. Brown inhaled toxic fumes and experienced dermal contact with contaminated water.  Complaint, ¶ 42[5].

---

[4] O'Brien's Response Management is a "creating employer," "exposing employer," "correcting employer," and/or "controller employer" under OSHA's Multi-Employer Worksite Policy.  CPL 2-0.124.
[5] *Brown v BP Exploration, et al*, 2:12-CV-02333, [ECF No. 1].

8. DRC[6] violated federal laws and/or regulations by failing to, *inter alia*: (1) train Mr. Brown regarding the hazards from oil; (2) train Mr. Brown until approximately six (6) weeks after he commenced work; (3) develop and implement a site safety plan and educate Mr. Barlow of the same; and (4) provide the proper PPE.  The failure of DRC to train Mr. Brown violated federal regulations.  Declaration of Michael Klein, P.E. regarding Mr. Brown, attached as **Exhibit D**.

Respectfully submitted,

  /s/ Paul A. Dominick
Paul A. Dominick      Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

And

Douglas M. Schmidt Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

Attorneys for Plaintiffs
Torrey Barlow and Joseph Brown

June 1, 2016

---

[6] DRC is a "creating employer," "exposing employer," "correcting employer," and/or "controller employer" under OSHA's Multi-Employer Worksite Policy.  CPL 2-0.124.

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing Memorandum in Opposition to Clean-Up Responder Defendants' Omnibus Motion for Summary Judgment was served on all counsel by the Court's ECF system on June 1, 2016.

/s/ Paul A. Dominick
Paul A. Dominick