UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION:J |
| | * | |
| | * | JUDGE BARBIER |
| Applies to: 12-cv-968: BELO | * | |
| | * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' RESPONSE TO BP'S MOTION TO MODIFY BELO INITIAL PROCEEDINGS CASE MANAGEMENT ORDER

BP seeks two modifications to the BELO Initial Proceedings Case Management Order, entered on January 30, 2015,[1] relating to initial disclosures required of plaintiffs in BELO actions.[2]

The PSC / Class Counsel have no objection to modification of the medical and employment authorizations to specifically identify the recipient of the information as the BP Parties and their counsel, Liskow & Lewis.

The PSC / Class Counsel, however, object to BP's attempt to require all BELO plaintiffs to provide executed IRS Form 4506s and IRS Form 4506-Ts in connection with the BELO initial disclosure process, irrespective of whether the BELO plaintiff has even asserted a wage loss or loss of earning capacity claim.

As a preliminary matter, it is worth noting that the BELO process generally, and the BELO CMO in particular, was the subject of considerable negotiation, motion practice, and discussion, between and among the PSC / Class Counsel, Counsel for the BP Defendants, and the Court. Plaintiffs do not oppose the first requested modification

---

[1] Rec. Doc. 14099 (BELO Initial Proceedings CMO).

[2] *See* Rec. Doc. 18426 (BP Motion to Amend).

to the medical and employment authorizations, as those authorizations have been required from the outset of the BELO process; the proposed modification places no additional burden or obligation on BELO Plaintiffs; and medical and employment (for status and potential exposure purposes) authorizations are integral to each BELO action.

The newly-requested IRS tax information authorizations, on the other hand, have absolutely no bearing on the preliminary venue determination, and would not even be relevant to a BELO action in which the plaintiff was making no wage loss or loss of earning capacity claim.

It seems worth noting that many of the anticipated BELO actions were understood by the plaintiffs and their counsel to be Chronic Specified Physical Conditions (SPCs) that were included for compensation without further action under the Medical Benefits Settlement Agreement.  BP argued strenuously, and successfully, that these Chronic SPCs were in fact "Later Manifested Physical Conditions" not covered under the Settlement.  It was in the wake of this ruling that the Court set forth initial BELO procedures – well over a year ago.  Subsequently and based on that order, attorneys representing hundred and in some cases thousands of these plaintiffs began the process of gathering the information required to file a BELO action in accordance with the procedures set forth under the Medical Settlement Agreement and the January 2015 BELO CMO.  It would seem both unnecessary and unfair, more than a year later, to add further blanket authorizations which BP counsel did not consider necessary or relevant when the CMO was first entered;  would, indeed, not likely be relevant to many of BELO actions;  are not required under the Federal Rules;  and are not necessary or relevant to the initial venue determination.

There is nothing which would prevent BP from seeking to discover such tax return information (where relevant and discoverable) once the BELO action is transferred and assigned to the appropriate District Court and/or Section. But there does not seem to be a compelling reason why BP should be entitled to obtain these authorizations, at the outset, in all BELO actions, irrespective of whether the BELO plaintiff is asserting a wage loss or loss of earning capacity claim.

This 7th day of June, 2016.

Respectfully submitted,

| | |
|---|---|
| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY EDWARDS & COLOMB, LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhklawfirm.com | E-Mail: jimr@wrightroy.com |

**Robin L. Greenwald**
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the above and foregoing Response will be served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 7th day of June, 2016.

/s/ Stephen J. Herman and James Parkerson Roy