UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| This Document Relates to the Following Plaintiffs in the B3 Bundle Against the Clean Up Responder Defendants: | MAG. JUDGE SHUSHAN |
| *Kirk Prest* (10-8888, Doc. 89566) | |

_____

**MEMORANDUM IN OPPOSITION TO CLEAN-UP RESPONDER DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

**NOW INTO COURT**, comes Plaintiff, Kirk Prest (hereinafter "Mr. Prest"), who respectfully submits this Memorandum in Opposition to *Lynden, Inc.'s Renewed Motion for Summary Judgment on Lack of In Personam Jurisdiction* (Rec. Doc. 17505), *Marine Spill Response Corporation's Motion for Summary Judgment on the Remaining Claims in the "B3" Pleading Bundle on Grounds of Derivative Immunity and Preemption* (Rec. Doc. 17642), and *Clean-Up Responder Defendants'*[1] *Omnibus Motion for Summary Judgment* (Rec. Doc. 17643) (hereinafter "Clean-Up Responders' Motions").

**FACTUAL BACKGROUND**

On April 21, 2011 (Rec. Doc. 89566), February 24, 2012 (Rec. Doc. 111959), and April 18, 2013 (Rec. Doc. 130886), Mr. Prest filed a short form joinder. On September 16, 2014, Mr.

---

1   The Clean-Up Responder Defendants are the following: O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

Prest filed an Amendment to the short form joinder (Rec. Doc. 136935). By filing a short form joinder, Mr. Prest, among other things, "intervene[d] into, join[ed] and otherwise adopt[ed] the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179)." On March 30, 2011, the PSC amended the "B3" Master Complaint (Rec. Doc. 1812). This Amended Complaint remains the operative Master Complaint and named numerous defendants, including but not limited to, the BP Defendants[2] and the Clean-Up Responder Defendants.

Pursuant to Pretrial Order No. 57 ("PTO 57"), Mr. Prest provided a timely written response to all of the questions posed in the Questionnaire attached to PTO 57. As the PSC contended, the Questionnaires for the eleven (11) plaintiffs who provided a timely written response to all of the questions posed in the Questionnaire, which includes Mr. Prest, are sufficient and raise material issues of fact in connection with the Clean-Up Responder Defendants' summary judgment motions.

On April 8, 2016, this Honorable Court established a briefing schedule on the remaining B3 claims against the Clean-Up Responder Defendants (Rec. Doc. 16165). On May 9, 2016, the Clean-Up Responders' Motions were filed. On May 19, 2016, Mr. Prest[3] filed an *Ex Parte Joint Motion and Incorporated Memorandum to Conduct Discovery and for Extension of Time to Respond to and to Continue the Submission of Clean-Up Responder Defendants' Motion for*

---

2  Mr. Prest hereby reserves his rights and believes that the Clean-Up Responders' Motions do not affect the personal injury (including but not limited to ocular damages, skin rash, psychological damages, mental anguish, and any future medical damages) claims against the BP Defendants named in the operative Master Complaint in which Mr. Prest intervened into, joined and otherwise adopted when he filed a short form joinder. In addition, dismissal of the Clean-Up Responder Defendants does not limit, reduce, or exclude any cause of action against the BP Defendants.

3  Mr. Prest was joined in the Motion by plaintiffs William J. Fitzgerald, III and Dianna M. Fitzgerald, individually and on behalf of decedent Nathan Joseph Fitzgerald (13-00650), Jorey Danos (13-3747), Frank Howell (13-3747), Douglas Maurras (12-2048).

*Summary Judgment* (Rec. Doc. 18408) seeking to conduct discovery regarding the Clean-Up Responders instructions and action. On May 24, 2016, this Honorable Court granted in part and denied in part the Joint Motion. This Honorable Court "granted an extension of time, up to an including Tuesday, June 7, 2016, to file any response to the Clean-Up Responder Defendants' motions for summary judgment (Rec. Doc. 18483).

On April 30, 2010, as part of the Vessels of Opportunity Program, Mr. Prest entered into a Master Vessel Charter Agreement with BP America Production Company as Charterer of Mr. Prest's twenty-four (24) foot vessel. Between May 3, 2010 through October 30, 2010, Mr. Prest performed clean-up and response activities associated with the Deepwater Horizon explosion and subsequent oil spill. During the clean-up and response activities, Mr. Prest performed wildlife search and rescue operations; oil search and reporting; Louisiana wildlife upper management media and news reporting operations and transportation; news media reporting, film operations and transportation; wildlife and bird mortality operations, accounting and reporting of exposure results with U.S. fish and wildlife service and Louisiana wildlife and fisheries agencies; and monitoring and overseeing bird scare cannons. Declaration of Kirk Prest, § 2, 3, 7, attached as **Exhibit A**.

In May of 2010 for three and a half (3 ½) to four (4) weeks, Mr. Prest performed clean-up and response activities at all Venice areas. During this time, Mr. Prest was exposed to oil, dispersants, hazardous and harmful chemicals, odors and emissions. From June, 2010 through October 30, 2010, Mr. Prest performed clean-up and response activities at Grand Isle. During this time, Mr. Prest was exposed to oil, dispersants, hazardous and harmful chemicals, odors and emissions. During the time Mr. Prest was working at Grand Isle, Mr. Prest had to drive his vessel through the Barataria Bay (Grand Lake). During this time, because of the conditions of the

Barataria Bay (Grand Lake) Mr. Prest was exposed to additional oil and dispersants, including but not limited to oil and dispersant exposure and intake in his eyes. Declaration of Kirk Prest, § 4, 5, 6, attached as **Exhibit A**.

During the clean-up and response activities, Mr. Prest asked for personal protective equipment and was told that there was no mention of the use of personal protective equipment. Mr. Prest was also told that asking for personal protective equipment could result in losing his clean-up and response activities. Mr. Prest performed all of the above tasks without the necessary protective equipment. The Clean-Up Responder Defendants participated in the post-explosion Oil Spill remediation and response efforts. This participation included but was not limited to negligently and/or intentionally spraying and/or directing the spraying of chemical dispersants in the immediate vicinity of clean-up and response workers without warning the clean-up and response workers and/or providing personal protective equipment to the clean-up and response workers. After October 30, 2010, Mr. Prest was asked to continue to work on the clean-up and response activities, but was unable to due to the health problems he sustained as a result of performing clean-up and response activities. Declaration of Kirk Prest, § 8, 9, 10, 11 attached as **Exhibit A**.

Additionally, the Clean-Up Responder Defendants did not warn Mr. Prest of the dangers presented by crude oil and cleaning dispersants. As a result of the considerable amount of time spent by Mr. Prest on clean-up and response activities without the necessary protective PPE, Mr. Prest was unnecessary exposed to toxins through inhalation and other routes of exposure. The Clean-Up Responder Defendants violated federal laws and/or regulations by failing to, among other things, (1) provide Mr. Prest with a safe workplace; (2) develop and implement a site safety plan and educate Mr. Prest of the same; and (3) provide Mr. Prest with the proper clothing and

4

PPE.

## ARGUMENT

A.  **Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" *TIG Ins. Co. v. Sedgwick James of Wash.,* 276 F.3d 754, 759 (5th Cir.2002), (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The Court must draw all inferences in favor of the non-moving party, and view the evidence in the light most favorable to the non-moving party. *Pierce v. Dep't of U.S. Air Force*, 512 F.3d 184, 186 (5th Cir. 2007). To that end, "[s]ummary judgment is inappropriate when conflicting inferences and interpretations may be drawn from the evidence." *Askanase v. Fatjo*, 130 F.3d 657, 665 (5th Cir. 1997) (*citing James v. Sadler*, 909 F.2d 834, 836–37 (5th Cir.1990)).

B.  **The Questionnaire and Declaration of Mr. Prest Create Genuine Issues of Material Fact and Support Mr. Prest's Position that Defendants Violated Federal Laws and/or Regulations**

The Clean-Up Responder Defendants allege that there are no genuine issue of fact material to their liability. However, both Mr. Prest's PTO 57 Questionnaire[4] and his Declaration clearly show that Mr. Prest was not provided any personal protection equipment. The failure to properly provide Mr. Prest with personal protection equipment is a violation of federal laws and/or regulations. Because Mr. Prest has established violations of federal laws and/or regulations

---

4   Please see Rec. Doc. 13158-1.

5

through his PTO 57 Questionnaire and his attached Declaration, derivate immunity and implied preemption are not available to the Clean-Up Responder Defendants. The Clean-Up Responder Defendants are only immunized under the Clean Water Act, 33 U.S.C. § 1321(j)(8), if they adhered to and acted within the scope of the federal government's directives.[5] Additionally, the implied preemption doctrine is inapplicable where the Clean-Up Responder Defendants deviated from federal directives.[6] As a result, this Honorable Court should deny the Clean-Up Responders' Motions.

In the *Clean-Up Responder Defendants' Memorandum in Support of Their Omnibus Motion for Summary Judgment* (Rec. Doc. 17643-1, p. 34 of 42), the Clean-Up Responder Defendants allege that

> The Questionnaire submitted by Mr. Prest does not contain any reference to any of the Clean-Up Responder Defendants. Rather, Mr. Prest contends that his injuries are "BP's responsibility and ultimate obligation" and that "BP failed to provide any protective equipment during the clean up activities." Like Mr. Barlow, Mr. Prest's allegations only concern a party that is not a Clean-Up Responder Defendant, so their conduct is irrelevant to this Motion. And he has not identified anything a Clean-Up Responder Defendant did or did not do in violation of a federal directive.

These allegations are incorrect, including but not limited to the following reasons: First, the Clean-Up Responder Defendants were named in the operative Master Complaint in which Mr. Prest is part of. Second, Mr. Prest's statements about BP are correct. The BP Defendants are the designated responsible parties. As stated above, Mr. Prest reserves his rights for his personal injury claims against the BP Defendants. However, this does not mean that Mr. Prest does not have rights for his personal injury claims against the Clean-Up Responder Defendants for their violations of federal laws and/or regulations. Third, Mr. Prest's Declaration and this Opposition identified what

---

5    *In re Oil Spill*, 2016 WL 614690, at * 9.

6    *Id.* at *11.

the Clean-Up Responder Defendants did or did not do in violation of federal laws and/or regulations.

### C. Defendants' Motions are Premature Because of the Lack of Clean-Up Responder Discovery by Mr. Prest

In the event that this Honorable Court finds that Mr. Prest's PTO 57 Questionnaire and his Declaration are insufficient to support that the Clean-Up Responder Defendants' acted outside the scope of the federal government's directives, Mr. Prest should be allowed to conduct discovery related to the federal government directives and the deviations of the same by the Clean-Up Responder Defendants. As stated above, on May 19, 2016, Mr. Prest filed an *Ex Parte Joint Motion and Incorporated Memorandum to Conduct Discovery and for Extension of Time to Respond to and to Continue the Submission of Clean-Up Responder Defendants' Motion for Summary Judgment* (Rec. Doc. 18408) seeking to conduct discovery regarding the Clean-Up Responders instructions and action.

Mr. Prest has not been able to depose federal government decision makers, material witnesses, and/or agents/representatives of the Clean-Up Responder Defendants. Mr. Prest has also not had the opportunity to conduct discovery. On August 10, 2010, this Honorable Court issued Pretrail Order No. 1, which ordered, "all outstanding discovery proceedings are stayed, and no further discovery shall be initiated."[7] As a result, Mr. Prest has not been permitted to conduct any written discovery or depositions regarding the activity of the Clean-Up Responder Defendants.

The Fifth Circuit has recognized that in certain instances – where the judge has doubt regarding a premature summary judgment grant, for instance – it is appropriate to deny a motion

---

7   Rec. Doc. 2, pgs. 6-7.

7

for summary judgment even where the movant has carried its burden.[8]  This is particularly true where there is good reason to allow the parties to fully develop the record.[9]

Therefore, if this Honorable Court finds that Mr. Prest's PTO 57 Questionnaire and his Declaration are insufficient to defeat the Clean-Up Responders' Motions, Mr. Prest respectfully requests that this Honorable Court allow him the opportunity to develop the facts necessary to support his position.  The granting of the Clean-up Responders' Motions for Summary Judgment is premature, as Mr. Prest has not been afforded any opportunity to conduct **any discovery** in this matter.  Mr. Prest cannot cross examine the declarations attached to the Clean-Up Responders' Motions without engaging in discovery.  As a result, Mr. Prest will be denied due process if his claims against the Clean-Up Responder Defendants are dismissed without permitting him the opportunity to participate in discovery.

D. <u>**Lynden, Inc. is Subject to Personal Jurisdiction**</u>

Lynden, Inc. has sought summary judgment alleging that it is not subject to the personal jurisdiction of this Honorable Court.  In the Amended Complaint, the Plaintiffs Steering Committee ("PSC") stated,

> Defendant Lynden, Inc. is a Washington Corporation with its principal place of business in Seattle, Washington, which at all pertinent times was doing business in the State of Louisiana by virtue of its 100 percent ownership interest in Defendant Lynden Air Cargo, LLC, an Alaska limited liability company with its principal place of business in Seattle, Washington, which at all pertinent times was doing

---

8 *See Veillon v. Exploration Servs., Inc*., 876 F.2d 1197, 1200 (5th Cir. 1989) (affirming summary judgment grant and stating that "[a] district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has a doubt as to the wisdom of terminating the case before trial"); *see also Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995) (*per curiam*) (affirming trial court and attaching its opinion, which held that "even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that a 'better course would be to proceed to a full trial'" (quoting *Liberty Lobby*, 477 U.S. at 255-56)).

9 *Marcus v. St. Paul Fire & Marine Ins. Co*., 651 F.2d 379, 382 (5th Cir. 1981) ("Even if St. Paul were entitled to summary judgment, the sound exercise of judicial discretion dictates that the motion should be denied to give the parties an opportunity to develop the case.")

business in the State of Louisiana, (collectively "Lynden").  Lynden participated in the post-explosion Oil Spill remediation and response efforts (Rec. Doc. 1812).

With regards to Lynden, Inc.'s argument that it is not subject to the personal jurisdiction of this Honorable Court, the Amended Complaint alleges that Lynden, Inc. conducted business in Louisiana through Lynden Air Cargo, LLC.  In its Motion for Summary Judgment, Lynden, Inc. does not dispute its ownership of Lynden Air Cargo, LLC.  As a result, an issue of material fact remains regarding what contacts Lynden, Inc. had with the Oil Spill Response.

Further, Lynden, Inc. has argued that the PSC did not conduct any jurisdictional discovery regarding Lynden, Inc.  Regardless of whether or not this is true, Mr. Prest has not been afforded any opportunity to conduct any discovery in this matter, including jurisdictional discovery regarding Lynden, Inc. or Lynden Air Cargo, LLC.  For these reasons, this Honorable Court should deny *Lynden, Inc.'s Renewed Motion for Summary Judgment on Lack of In Personam Jurisdiction* (Rec. Doc. 17505) as premature and permit Mr. Prest to conduct discovery, including discovery regarding the personal jurisdiction of Lynden, Inc. and Lynden Air Cargo, LLC.

## **CONCLUSION**

For the foregoing reasons, *Lynden, Inc.'s Renewed Motion for Summary Judgment on Lack of In Personam Jurisdiction* (Rec. Doc. 17505), *Marine Spill Response Corporation's Motion for Summary Judgment on the Remaining Claims in the "B3" Pleading Bundle on Grounds of Derivative Immunity and Preemption* (Rec. Doc. 17642), and *Clean-Up Responder Defendants' Omnibus Motion for Summary Judgment* (Rec. Doc. 17643) should be denied.

This Honorable Court should permit Mr. Prest the opportunity to conduct discovery regarding the directives to the Clean-Up Responder Defendants and their actions in response to the directives.  Based upon the lack of any discovery by Mr. Prest, all of the Clean-Up Responder Motions should be denied as premature.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, (LA Bar No. 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
jbruno@brunobrunolaw.com
*Attorneys for Kirk Prest*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of June, 2016.

/s/ Joseph M. Bruno