UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 SECTION: J |
| This Document Relates to the Following Plaintiffs in the B3 Bundle Against the Clean Up Responder Defendants: | JUDGE BARBIER MAG. JUDGE SHUSHAN |
| *Kirk Prest* (10-8888, Doc. 89566) | |

_____

## STATEMENT OF MATERIAL FACTS

Plaintiff, Kirk Prest, respectfully submits this Statement of Material Facts in opposition to *Lynden, Inc.'s Renewed Motion for Summary Judgment on Lack of In Personam Jurisdiction* (Rec. Doc. 17505), *Marine Spill Response Corporation's Motion for Summary Judgment on the Remaining Claims in the "B3" Pleading Bundle on Grounds of Derivative Immunity and Preemption* (Rec. Doc. 17642), and *Clean-Up Responder Defendants' Omnibus Motion for Summary Judgment* (Rec. Doc. 17643), pursuant to Local Rule 56.2:

1.    Plaintiff is unable to determine whether the general assertions set forth in the Rule 56.1 Statements of the Clean-Up Responder Defendants are undisputed or disputed, because he has not had the opportunity to conduct discovery.  In the abundance of caution, Mr. Prest disputes the alleged assertions.

### Facts Specific to Plaintiff Kirk Prest

2.    In support of his position, Plaintiff avers that:

a)  On April 30, 2010, as part of the Vessels of Opportunity Program, Mr. Prest entered into a Master Vessel Charter Agreement with BP America Production Company as Charterer of Mr. Prest's twenty-four (24) foot vessel.  Between May 3, 2010 through

October 30, 2010, Mr. Prest performed clean-up and response activities associated with the Deepwater Horizon explosion and subsequent oil spill.  During the clean-up and response activities, Mr. Prest performed wildlife search and rescue operations; oil search and reporting; Louisiana wildlife upper management media and news reporting operations and transportation; news media reporting, film operations and transportation; wildlife and bird mortality operations, accounting and reporting of exposure results with U.S. fish and wildlife service and Louisiana wildlife and fisheries agencies; and monitoring and overseeing bird scare cannons.  Declaration of Kirk Prest, § 2, 3, 7, attached as **Exhibit A**.

b)       In May of 2010 for three and a half (3 ½) to four (4) weeks, Mr. Prest performed clean-up and response activities at all Venice areas.  During this time, Mr. Prest was exposed to oil, dispersants, hazardous and harmful chemicals, odors and emissions.  From June, 2010 through October 30, 2010, Mr. Prest performed clean-up and response activities at Grand Isle.  During this time, Mr. Prest was exposed to oil, dispersants, hazardous and harmful chemicals, odors and emissions.  During the time Mr. Prest was working at Grand Isle, Mr. Prest had to drive his vessel through the Barataria Bay (Grand Lake).  During this time, because of the conditions of the Barataria Bay (Grand Lake) Mr. Prest was exposed to additional oil and dispersants, including but not limited to oil and dispersant exposure and intake in his eyes.  Declaration of Kirk Prest, § 4, 5, 6, attached as **Exhibit A**.

c)       During the clean-up and response activities, Mr. Prest asked for personal protective equipment and was told that there was no mention of the use of personal protective equipment.  Mr. Prest was also told that asking for personal protective equipment could result in losing his clean-up and response activities.  Mr. Prest performed all of the above tasks without the necessary protective equipment.  The Clean-Up Responder Defendants

participated in the post-explosion Oil Spill remediation and response efforts. This participation included but was not limited to negligently and/or intentionally spraying and/or directing the spraying of chemical dispersants in the immediate vicinity of clean-up and response workers without warning the clean-up and response workers and/or providing personal protective equipment to the clean-up and response workers. After October 30, 2010, Mr. Prest was asked to continue to work on the clean-up and response activities, but was unable to due to the health problems he sustained as a result of performing clean-up and response activities. Declaration of Kirk Prest, § 8, 9, 10, 11 attached as **Exhibit A.**

   d)      Additionally, the Clean-Up Responder Defendants did not warn Mr. Prest of the dangers presented by crude oil and cleaning dispersants. As a result of the considerable amount of time spent by Mr. Prest on clean-up and response activities without the necessary protective PPE, Mr. Prest was unnecessary exposed to toxins through inhalation and other routes of exposure. The Clean-Up Responder Defendants violated federal laws and/or regulations by failing to, among other things, (1) provide Mr. Prest with a safe workplace; (2) develop and implement a site safety plan and educate Mr. Prest of the same; and (3) provide Mr. Prest with the proper clothing and PPE.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, (LA Bar No. 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  (504) 525-1335
Facsimile:  (504) 561-6775
jbruno@brunobrunolaw.com
*Attorneys for Kirk Prest*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Statement of Material Facts has been served

on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of June, 2016.

/s/ Joseph M. Bruno