UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| This Document Relates to the Following Plaintiffs in the B3 Bundle Against the Clean Up Responder Defendants: | MAG. JUDGE SHUSHAN |

*Kirk Prest* (10-8888, Doc. 89566)

## DECLARATION OF KIRK PREST

I, Kirk Prest, being duly sworn, hereby declare as follows:

1. I am the Plaintiff in the above referenced case;

2. On April 30, 2010, as part of the Vessels of Opportunity Program, I entered into a Master Vessel Charter Agreement with BP America Production Company as Charterer of my twenty-four (24) foot vessel;

3. Between May 3, 2010 through October 30, 2010, I performed clean-up and response activities associated with the Deepwater Horizon explosion and subsequent oil spill;

4. In May of 2010 for three and a half (3 ½) to four (4) weeks, I performed clean-up and response activities at all Venice areas. During this time, I was exposed to oil, dispersants, hazardous and harmful chemicals, odors and emissions;

5. From June, 2010 through October 30, 2010, I performed clean-up and response activities at Grand Isle. During this time, I was exposed to oil, dispersants, hazardous and harmful chemicals, odors and emissions;

6. During my time working at Grand Isle, I had to drive my vessel through the


EXHIBIT "A"

Barataria Bay (Grand Lake). During this time, because of the conditions of the Barataria Bay (Grand Lake) I was exposed to additional oil and dispersants, including but not limited to oil and dispersant exposure and intake in my eyes;

7. During the clean-up and response activities, I performed wildlife search and rescue operations; oil search and reporting; Louisiana wildlife upper management media and news reporting operations and transportation; news media reporting, film operations and transportation; wildlife and bird mortality operations, accounting and reporting of exposure results with U.S. fish and wildlife service and Louisiana wildlife and fisheries agencies; and monitoring and overseeing bird scare cannons;

8. During the clean-up and response activities, I asked for personal protective equipment and was told that there was no mention of the use of personal protective equipment. I was also told that asking for personal protective equipment could result in losing my clean-up and response activities;

9. I performed all of the above tasks without the necessary protective equipment;

10. The Clean-Up Responder Defendants participated in the post-explosion Oil Spill remediation and response efforts. This participation included but was not limited to negligently and/or intentionally spraying and/or directing the spraying of chemical dispersants in the immediate vicinity of clean-up and response workers without warning the clean-up and response workers and/or providing personal protective equipment to the clean-up and response workers; and

11. After October 30, 2010, I was asked to continue to work on the clean-up and response activities, but was unable to due to the health problems I sustained as a result of performing clean-up and response activities.

I declare under penalty of perjury under the laws of the State of Louisiana that the foregoing is true and correct. Executed in New Orleans, Louisiana, this 2ND day of June, 2016.

_____
Kirk Prest

Sworn to and Subscribed Before Me,

this 2ND day of June, 2016,

_____
NOTARY PUBLIC

My commission expires at death.