UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| This Document Relates to the Following Plaintiffs in the B3 Bundle Against the Clean Up Responder Defendants: | MAG. JUDGE SHUSHAN |
| *William Fitzgerald o/b/o Nathan Fitzgerald (13-00650),* | |

### FITZGERALD PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CLEAN-UP RESPONDER DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**NOW INTO COURT**, comes Plaintiffs, William J. Fitzgerald, III and Dianna M. Fitzgerald, individually and on behalf of decedent Nathan Joseph Fitzgerald (13-00650) (hereinafter referred to as "Fitzgerald Plaintiffs"), who respectfully submit this Memorandum in Opposition to Lynden, Inc.'s Renewed Motion for Summary Judgment on Lack of In Personam Jurisdiction, (Rec. Doc. 17505), Marine Spill Response Corporation's Motion for Summary Judgment on the Remaining Claims in the "B3" Pleading Bundle on Grounds of Derivative Immunity and Preemption (Rec. Doc. 17642), and Clean-Up Responder Defendants[1], Omnibus Motion for Summary Judgment (Rec. Doc. 17643) (hereinafter referred to collectively as the "Clean-Up Responders' Motions").

---

1   The Clean-Up Responder Defendants are the following: O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

**STATEMENT OF RELEVANT FACTS**

Nathan Joseph Fitzgerald (hereinafter referred to as "Decedent") worked to clean up oil and chemicals during the clean-up following the Oil Spill. Decedent was exposed to oil, dispersants, hazardous and harmful chemicals, odors and emissions during the clean-up following the Oil Spill. As a result of his exposure, Decedent was diagnosed with leukemia and died.

Decedent was hired by DRC Marine, L.L.C., DRC Emergency Services, L.L.C., and SAMCO Group Corp. (now known as SAMCO Restoration Group, L.L.C.) to clean up beaches, marshes, wetlands and other onshore areas by removing polluted sand, collecting tarballs, laying or collecting boom, hand-applying dispersant in inland areas, and other related clean up efforts following the Oil Spill. Prior to beginning clean-up efforts, Defendants DRC Marine, L.L.C. and DRC Emergency Services, L.L.C. had Decedent attend the HAZWOPER course instructed by Defendants Down South Services, L.L.C. and Betty R. Fisher. The "40-hour" HAZWOPER course concluded in just 2 hours and all attendees were provided the final test questions by the instructors. Thereafter, Decedent began working on boats that were dispatched to lay boom to absorb the oil, or to haul in oil saturated booms, among other activities. In this capacity, Decedent was exposed to crude oil, crude oil mixed with chemical dispersants and/or other harmful chemicals by inhalation, ingestion, dermal (skin) absorption, and through contact with the eyes while he was working. Decedent was not provided or outfitted with a respirator or equivalent safety device.

Prior to Oil Spill, Decedent was in good health. After the clean-up following the Oil Spill, Decedent was diagnosed with Acute Lymphoblastic Leukemia ("ALL") and Acute Myeloid Leukemia ("AML") (hereinafter referred to as "Decedent's Cancer"). Decedent's

Cancer was proximately caused by Decedent's exposure to the oil, dispersants, hazardous and harmful chemicals, odors and emissions during the clean-up following the Oil Spill. As a result of Decedent's Cancer, Decedent and Plaintiffs suffered damages, including, but not limited to, pain and suffering, loss of consortium, loss of enjoyment of life, loss of love and affection, pre-death fear, mental anguish, grief, profound depression, anxiety and suffering; medical and related expenses, past and future, funeral costs, loss of earning and/or earning capacity. As a result of Decedent's Cancer, Decedent died on April 9, 2012.

**A.     Lack of Clean-Up Responder Discovery by Fitzgerald Plaintiffs.**

This Honorable Court issued Pre-trail Order No. 1 on August 10, 2010, which ordered, "all outstanding discovery proceedings are stayed, and no further discovery shall be initiated."[2] As a result, the Fitzgerald Defendants have not been permitted to conduct any written discovery or depositions regarding the activity of the Clean-Up Responder Defendants. Although the Clean-Up Responders argue that "Plaintiffs" have conducted discovery, all discovery to date has been conducted by the Plaintiffs Steering Committee and has not been shared with counsel for the Fitzgerald Plaintiffs.

On May 19, 2016, the Fitzgerald Plaintiffs[3] filed an *Ex Parte* Motion to Conduct Discovery and for Extension of Time to Respond to and to Continue the Submission of Clean-Up Responder Defendants' Motion for Summary Judgment (Rec. Doc. 18408) seeking to conduct discovery regarding the Clean-Up Responders instructions and action. To date, this Honorable Court has not ruled on the Motion.

---

2      Rec. Doc. 2, pgs. 6-7.

3      Plainitffs were joined in their Motion by plaintiffs Jorey Danos (13-3747), Frank Howell (13-3747), Douglas Maurras (12-2048), Kirk Prest (10-8888, Doc. 89566).

The Fifth Circuit has recognized that in certain instances – where the judge has doubt regarding a premature summary judgment grant, for instance – it is appropriate to deny a motion for summary judgment even where the movant has carried its burden. [4] This is particularly true where there is good reason to allow the parties to fully develop the record.[5]

The Fitzgerald Plaintiffs submit that the granting of the Clean-up Responders Motions for Summary Judgment is premature, as the <u>Fitzgerald Plaintiffs</u> have not been afforded any opportunity to conduct <u>any discovery</u> in this matter. The Fitzgerald Plaintiffs cannot cross examine the declarations attached to the Clean-Up Responders' Motions without engaging in discovery. As a result, the Fitzgerald Plaintiffs will be denied due process if their claims against the Clean-Up Responder Defendants are dismissed without permitting the Fitzgerald Defendants to conduct their own discovery of the issues concerning their claims. Based upon the lack of any discovery conducted by the Fitzgerald Plaintiffs, this Honorable Court should deny the Clean-Up Responders' Motions.

**B.** **<u>Lynden, Inc. is Subject to Personal Jurisdiction and Lynden Air Cargo, LLC is a Named-Defendant in Fitzgerald's Complaint.</u>**

Lynden, Inc. has sought summary judgment that it is not subject to the personal jurisdiction of this Honorable Court. Further, Lynden, Inc. argues that Lynden Air Cargo, LLC was not named as a defendant in the B3 Bundle Master Complaint. Contrary to these assertions,

---

4   *See Veillon v. Exploration Servs., Inc*., 876 F.2d 1197, 1200 (5th Cir. 1989) (affirming summary judgment grant and stating that "[a] district court has discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has a doubt as to the wisdom of terminating the case before trial"); *see also Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995) (*per curiam*) (affirming trial court and attaching its opinion, which held that "even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that a 'better course would be to proceed to a full trial'" (quoting *Liberty Lobby*, 477 U.S. at 255-56)).

5   *Marcus v. St. Paul Fire & Marine Ins. Co*., 651 F.2d 379, 382 (5th Cir. 1981) ("Even if St. Paul were entitled to summary judgment, the sound exercise of judicial discretion dictates that the motion should be denied to give the parties an opportunity to develop the case.")

Lynden Air Cargo, LLC was specifically named as a defendant in the Fitzgerald Plaintiffs' Complaint.[6] The Complaint of the Fitzgerald Plaintiffs clearly alleges that Lynden, Inc. and Lynden Air Cargo, LLC are named-defendants "doing business in the State of Louisiana and within this district."[7]

With regards to Lynden, Inc.'s argument that it is not subject to the personal jurisdiction of this Honorable Court, the Fitzgerald Plaintiffs assert that the Complaint alleges that Lynden, Inc. conducted business in Louisiana through Lynden Air Cargo, LLC. In its Motion for Summary Judgment, Lynden, Inc. does not dispute its ownership of Lynden Air Cargo, LLC. As a result, an issue of fact remains regarding what contacts Lynden, Inc. had with the Oil Spill Response.

Further, Lynden, Inc. has argued that the Plaintiffs Steering Committee did not conduct any jurisdictional discovery regarding Lynden, Inc. Although the Plaintiffs Steering Committee may have "refused this Court's invitation allowing jurisdictional discovery to proceed as to Lynden, Inc.,"[8] the Fitzgerald Plaintiffs have not been afforded any opportunity to conduct any

---

6   See 2:13-cv-00650, Rec. Doc. 1, pg. 6, ¶ 28.

>   28.   **Defendant Lynden, Inc.** is a Washington Corporation with its principal place of business in Seattle, Washington, not licensed to do business in the State of Louisiana, but at all pertinent times was doing business in the State of Louisiana and within this district. Further, Lynden, Inc. at all pertinent times was doing business in the State of Louisiana by virtue of its 100 percent ownership interest in **Defendant Lynden Air Cargo, LLC**, an Alaska limited liability company with is principal place of business in Seattle, Washington, which at all pertinent times was doing business in the State of Louisiana (collectively, "Lynden"). Lynden participated in the postexplosion Oil Spill remediation and response efforts. [Emphasis added.]

>   See also the E.D. La. Pacer Docket for 2:13-cv-00650 indicating Lynden, Inc. and Lynden Air Cargo, LLC as separate Defendants.

7   *Id*.

8   See Lynden, Inc.'s Renewed Motion for Summary Judgment on Lack of In Personam Jurisdiction, (Rec Doc. 17505), pg. 9.

discovery in this matter, including jurisdictional discovery regarding Lynden, Inc. or Lynden Air Cargo, LLC.  Fore the aforementioned reasons, this Honorable Court should deny Lynden, Inc.'s Renewed Motion for Summary Judgment on Lack of In Personam Jurisdiction (Rec. Doc. 17505) as premature and permit the Fitzgerald Defendants to conduct discovery, including discovery regarding the personal jurisdiction of Lynden, Inc. and Lynden Air Cargo, LLC.

**C.    DRC Emergency Services, LLC is Liable For Failing to Provide Decedent With Personal Protection Equipment.**

The Clean-Up Responders argue that no material issues of fact exist regarding their liability.  However, the Fitzgerald Plaintiffs, through the PTO Sworn Statement of William J. Fitzgerald, III[9], have clearly asserted that Nathan Fitzgerald was employed by DRC Emergency Services, LLC and Nathan Fitzgerald was not provided any personal protection equipment. Further, the training provided to Nathan Fitzgerald was inadequate as the HAZWPOER class provided by Down South Services, LLC and Betty R. Fisher was only 2 hours long and the final test answers were provided to all participants by the instructor.  The failures to properly train and provide Nathan Fitzgerald with personal protection equipment are violations of the Clean Water Act and federal regulations.[10]

As a result of Clean-Up Responder Defendants violation of the Clean Water Act and federal regulations, derivative immunity and implied preemption are not available to Defendants. The Defendants are only immunized under the Clean Water Act, 33 U.S.C. § 1321(j)(8), if they adhered to and acted within the scope of the federal government's directives.[11]  Additionally, the

---

9    See the Declaration of William J. Fitzgerald, III, Rec. Doc. 17643-30, pgs. 3-5.

10   40 C.F.R. § 300 App. E, 30 C.F.R. Part 254.  See also, Title 29, Code of Federal Regulations, Parts 1910, Occupation Safety and Health Administration (OSHA), U.S. Department of Labor.

11   *In re Oil Spill*, 2016 WL 614690, at * 9.

implied preemption doctrine is inapplicable where the Defendants deviated from federal directives.[12]  As a result, this Honorable Court should deny the Clean-Up Responders' Motions.

## CONCLUSION

Based on the foregoing, this Honorable Court should permit the Fitzgerald Defendants to conduct discovery regarding the directives to the Clean-Up Responder Defendants and their actions in response to the directives.  Based upon the lack of any discovery by the Fitzgerald Plaintiffs, all of the Clean-Up Responder Motions should be denied as premature.  Further, the Motion of Lynden, Inc. should be denied as the Fitzgerald Defendants have named both Lynden, Inc. and Lynden Air Cargo, LLC as defendants in the Fitzgerald Plaintiffs' Complaint.  The Fitzgerald Plaintiffs' Complaint also alleges actions by Lynden, Inc. within the personal jurisdiction of this Honorable Court.  Finally, the Clean-Up Responder Motions should be denied as the Fitzgerald Defendants have raised an issued of fact regarding the training and lack of personal protection equipment not provided to Nathan Fitzgerald.  As a result, this Honorable Court should deny the Clean-Up Responder Motions and permit the Fitzgerald Plaintiffs to conduct discovery.

RESPECTFULLY SUBMITTED,

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, L.L.C.
ATTORNEYS AT LAW

BY:     /s/ Corey E. Dunbar
COREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com

---

12      *Id*. at *11.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of June, 2016.

       /s/ Corey E. Dunbar
    COREY E. DUNBAR