UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

| | | |
|---|---|---|
| RICHARD LEE BLICK, | * | CIVIL ACTION No._____ |
| Plaintiff, | * | SECTION: J |
| v. | | |
| | * | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, BP P.L.C., TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, TRITON ASSET LEASING GmbH, HALLIBURTON ENERGY SERVICES, INC., HALLIBURTON DIVISION SPERRY DRILLING SERVICES, ANADARKO PETROLEUM CORPORATION CO., and ANADARKO E&P COMPANY LP, | * | MAG. JUDGE SHUSHAN |
| Defendants. | | |

## COMPLAINT

COMES NOW the Plaintiff, Richard Lee Blick, by and through undersigned counsel and hereby files this Complaint pursuant to Pretrial Order No. 60 (Dkt. 16050), and respectfully states as follows:


EXHIBIT A

1. This is an action for damages sustained by Plaintiff as a result of the April 20, 2010 explosion and sinking of the Deepwater Horizon drilling platform and subsequent release of oil.

2. The Plaintiff adopts and incorporates as if fully restated herein the First Amended Master Answer to Complaint and Petition of Triton Asset Leasing GmbH, et al. for exoneration from or limitation of liability (Rule 9(h)) First Amended Master Claim in Limitation [No. 10-2771] (Rule 9(h)) and First Amended Master Complaint, Cross-Claim, and Third Party Complaint for Private Economic Losses in accordance with PTO No. 11 [CMO No. 1] Section 3(B1) [filed in the pleadings styled In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, Case No. 2:10-MD-02179-CJB-SS (Dkt. 1128) (hereafter the "B1 Master Complaint").

3. The following allegations supplement the allegations of the B1 Master Complaint.

**PARTIES AND JURISDICTION**

4. Richard Lee Blick ("Plaintiff") is an individual resident of Hillsborough County, Florida.

5. Plaintiff is the owner of a charter fishing business who earns his living through the use of resources found within the Gulf of Mexico.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1407. In addition, the events giving rise to this Complaint occurred within the jurisdiction of the United States District Court for the Middle District of Florida, and Plaintiff reserves its right to transfer venue in accordance with 28 U.S.C. § 1407 (a).

## FACTUAL ALLEGATIONS

7. In addition to adopting the allegations of the B1 Master Complaint, Plaintiff further adopts and incorporates all matters set forth in his short form joint filed on April 19, 2013 (Dkt. 132597).

8. Plaintiff attaches hereto his sworn statement required by PTO 60 as Exhibit A.

9. Plaintiff is a recreational fishing charter captain who relied upon the waters of the Gulf of Mexico for the operation of his charter service.

10. Plaintiff's customers are individuals and businesses that purchase his charter services for fishing expeditions.

11. Because of the Oil Spill, Plaintiff suffered an immediate and catastrophic loss of business.

12. Plaintiff's business sustained and continues to suffer lost earnings and profits as a result of the Oil Spill.

13. Plaintiff files this Complaint to seek full recovery of all of his past and future losses, damages, and expenses related to the oil spill, including but not limited to past and future lost earnings, loss of business opportunity, loss of good will, punitive damages, the expenses incurred to document his damages, and any and all other damages owed to him pursuant to the Oil Pollution Act, General Maritime Law, and all other state and federal laws that are applicable to this matter.

14. Plaintiff first presented his claim to the BP Claim Center which initially provided interim payments.

15. In September 2010, Plaintiff was notified that the Gulf Coast Claims Facility (GCCF) was taking over claims processing and payments.

16. At all material times, the GCCF was the agent of Defendants.

17. Upon taking over the claims processing, the GCCF ceased to make any additional interim payments.

18. Defendants, through the GCCF, began to make several false statements to induce Plaintiff into taking payment in exchange for a release of all claims.

19. GCCF threatened that Defendants were not going to make any additional payments.

20. Defendants, through GCCF, also deliberately delayed making payments and prolonged the claims process to increase Plaintiff's economic hardship.

21. Defendants, through GCCF, also suddenly demanded increased paperwork and submissions as part of its deliberate attempts to delay making claims payments.

22. At the same time, Defendants, through GCCF, offered Plaintiff a quick pay option that required no additional paperwork in exchange for signing a release.

23. Defendants, through GCCF, also represented to Plaintiff that the amount being offered was the most that would ever be offered to Plaintiff as the quick pay amounts would decrease if Plaintiff did not immediately take the offer.

24. At the time these representations were made, Defendants knew or should have known that they were false.

Case 2:10-md-02179-CJB-DPC   Document 18804-1   Filed 06/13/16   Page 5 of 7
Case 2:16-cv-04061-CJB-SS   Document 2   Filed 05/02/16   Page 5 of 7

## COUNT VII – ECONOMIC DURESS[1]

25.     Plaintiff incorporates all of the factual allegations of the B1 Master Complaint and paragraphs 1 through 24 of this Complaint as if fully restated herein.

26.     Defendants' deliberate and knowing scheme to cease payments to Plaintiff, increase paperwork requirements, and delay payment of claim was a deliberate and wrongful act.

27.     Defendants knew or should have known that its actions in delaying payment to Plaintiff were certain to result in incredible and insurmountable economic hardship.

28.     The economic hardship suffered by Plaintiff after removal of his means of livelihood resulting from the oil spill overcame Plaintiff's will and left him with no option but to sign the GCCF release.

29.     That as a result of the foregoing, Plaintiff had no adequate legal remedy.

30.     As a result of Defendants' actions, Plaintiff was forced to sign the GCCF release under economic duress.

31.     That as a result of the economic duress, the GCCF release signed by Plaintiff is void and of no legal effect.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to declare the GCCF release signed by Plaintiff as void, plus any other and further relief this Court deems just in the premises.

---

[1] Count's I through VI are set forth in the B1 Master Complaint.

## COUNT VIII – FRAUDULENT INDUCEMENT

32. Plaintiff incorporates all of the factual allegations of the B1 Master Complaint and paragraphs 1 through 24 of this Complaint as if fully restated herein.

33. The GCCF represented to Plaintiff that he would obtain more money by immediately taking the quick pay option that any offers would be reduced or rescinded if he did not immediately accept.

34. The GCCF's representations were false and Defendants knew or should have known that the statements were false at the time made.

35. That the fraudulent statements made by Defendants were done in order to induce Plaintiff to rely upon said statements to execute the release.

36. Plaintiff reasonably relied on said representation as the GCCF represented that it was handling all claims related to the oil spill and GCCF and its chairman were also represented at being set up to handle all claims not only by Defendants, but by governmental entities including the President of the United States.

37. As a result of Defendants' fraud, Plaintiff was induced into signing the GCCF release.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to declare the GCCF release as void because of Defendants' fraud, plus any other and further relief this Court deems just in the premises.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 2, 2016, a copy of the above and foregoing has been served by U.S. First Class Mail on:

| Counsel for BP<br>Attn: J. Andrew Langan<br>Kirkland & Ellis LLP<br>300 North LaSalle Street, Suite 2400<br>Chicago, IL 60654 | MDL 2179 Plaintiffs' Steering Committee<br>Attn: Steve Herman or Jim Roy<br>The Exchange Centre, Suite 2000<br>935 Gravier Street<br>New Orleans, LA 70112 |
|---|---|

Respectfully submitted,

_____
Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, Florida 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Service-ethiel@bankerlopez.com

Attorneys for Plaintiff