UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:   OIL SPILL by the OIL RIG | : | |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on APRIL 20, 2010 | : | |
| | : | |
| This Document Relates to the Remaining Claims in | : | MDL NO. 2179 |
| B3 Bundle Against the Clean Up Responder | : | |
| Defendants: | : | |
| | : | |
| *Torrey Barlow (12-2248), Joseph Brown (12-2333),* | : | SECTION: J |
| *Scea Burrage (10- 8888, Docs. 89515 & 10885),* | : | |
| *Roy Causey (10-8888, Doc. 34909), Jorey Danos* | : | JUDGE BARBIER |
| *(13-3747), William Fitzgerald o/b/o Nathan* | : | |
| *Fitzgerald (13-00650), Thomas Hines (13-2360; 10-* | : | MAG. JUDGE SHUSHAN |
| *8888, Doc. 22261 & 84046)), Frank Howell (13-* | : | |
| *3747), Douglas Maurras (12-2048), Kirk Prest (10-* | : | |
| *8888, Doc. 89566), John Wunstell, Jr. (10-2543; 10-* | : | |
| *8888, Doc.57007)* | : | |

· · · · · · · · · · · · · · · · · · · · · · · · · · · ·    · · · · · · · · · · · · · · · · · · ·

## LYNDEN, INC.'S REPLY MEMORANDUM TO FITZGERALD PLAINTIFFS' OPPOSITION TO RENEWED MOTION FOR SUMMARY JUDGMENT ON JURISDICTIONAL GROUNDS

Lynden, Inc. joined with the other denominated Clean-Up Responder Defendants in re-urging summary judgment on preemption and derivative immunity grounds against the remaining eleven opt-out plaintiffs. [R. 17643].   In addition to joining with the other moving defendants, Lynden, Inc. filed a short, separate motion for summary judgment and a memorandum in support to renew its request for this Court to dismiss it from this multidistrict litigation based on lack of *in personam* jurisdiction.   [R. 17505].  Responding, the "Fitzgerald Plaintiffs" filed a "Memorandum in Opposition to Clean-Up Responder Defendants' Motions for Summary Judgment" [R. 18727] in which starting at page 4 of 8 Fitzgerald Plaintiffs advance arguments unique to Lynden, Inc.

As Lynden, Inc. set forth previously in its filed Memorandum in Support of Lynden,

Inc.'s "Motion to Dismiss for Lack of Personal Jurisdiction" [R. 1399-1], and again in its "Memorandum in Support of Motion for Summary Judgment" [R. 6553-1], and a third time in its "Memorandum in Support of Motion for Summary Judgment" [R. 17505-2], Lynden, Inc. did not participate in the Deepwater Horizon oil spill clean-up effort.  Furthermore, Lynden, Inc. has no business presence and no operations in Louisiana.

## ARGUMENTS IN REPLY

Other than a plea for "more discovery," which request this Court already addressed and denied [R. 18483], the Fitzgerald Plaintiffs make two arguments to oppose Lynden Inc.'s Renewed Motion for Summary Judgment on Jurisdictional Grounds.  Neither argument has merit.  And, because Lynden, Inc. is not subject to *in personam jurisdiction* in this Court under either general jurisdiction principles, *Daimler AG v. Bauman*, --- U.S. ---, 134 S. Ct. 746 (2014), *Goodyear Dunlop Tires Operations, S.A. v. Brown*, --- U.S. ---, 131 S. Ct. 2846 (2011); or specific jurisdiction principles, *Walden v. Fiore*, --- U.S. ---, 134 S. Ct. 1115 (2014); Lynden, Inc. is entitled to an Order dismissing the remaining opt-out claims asserted against it.[1]

1.  *THE FITZGERALD PLAINTIFFS CONCEDE THEY SUED THE WRONG LYNDEN ENTITY*

The Fitzgerald Plaintiffs first argue even if Lynden Inc. is not the proper party in this MDL, their mistake should be excused because, according the Fitzgerald Plaintiffs, they also sued Lynden Air Cargo, LLC – the Lynden entity that participated in the spill response.  But the Fitzgerald Plaintiffs did not sue Lynden Air Cargo, LLC.  Instead, in their Complaint, the Fitzgerald Plaintiffs named only Lynden, Inc. as a party defendant.  Paragraph 28 of the Complaint alleged as follows:

---

[1]  Plaintiff bears the burden to establish personal jurisdiction exists over Lynden Inc. in this case.  *See, e.g., Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012); *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

> 28      Defendant Lynden, Inc. is a Washington Corporation with its principal place of business in Seattle, Washington, which at all times was doing business in the State of Louisiana by virtue of its 100 percent ownership interest in Defendant Lynden Air Cargo, LLC, an Alaska limited liability company with its principal place of business in Seattle, Washington, which at all pertinent times was doing business in the State of Louisiana (collectively, "Lynden"). Lynden participated in the post-explosion Oil Spill remediation and response efforts.

*See Complaint*, 2:13-CV-00650, Rec. Doc. 1, pg. 6, ¶ 28.

As shown above, buried in paragraph 28, the Fitzgerald Plaintiffs refer to "Lynden Air Cargo, LLC," but Lynden Air Cargo, LLC, is *not* a denominated defendant as are, for instance, the various and separate "BP" defendants and "Transocean" defendants, each of which plaintiffs fully identify and name as defendants in separately-numbered paragraphs. *Id*. Moreover, Fitzgerald Plaintiffs neither requested service of a summons upon Lynden Air Cargo, LLC nor affected service upon Lynden Air Cargo, LLC.

The Fitzgerald Plaintiffs' tactic of lumping related corporate parents, subsidiaries, and affiliates together without describing the behavior of each of the entities in a particular combination or alleging specific facts regarding each entity also fails to meet threshold pleading requirements. Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to allege specific facts against each defendant such that a complaint "give[s each] defendant fair notice of . . . plaintiff's claim," *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (citation omitted), "to allow the defendant to commence discovery and prepare a defense." *E&L Consulting, Ltd. v. Doman Indus. Ltd.*, 472 F.3d 23, 32 (2d Cir. 2006). Lumping corporate families together without distinguishing the alleged conduct or participation of each individual defendant runs afoul of the presumption of corporate separateness. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). "It is axiomatic that 'the mere fact that there exists a parent-subsidiary relationship between two corporations' does not 'make the one liable for the torts of its

affiliate.'" *Id.*, 61.  Similarly, the fact that two corporations are affiliated in the same corporate family does not render one corporate entity liable for the acts of the other. Accordingly, federal courts hold that allegations against parent and subsidiary corporations lumped together as "defendants," unsupported by specific factual allegations against the subsidiary, fail to state a claim against the subsidiary.  *See*, *e.g.*, *Mastafa v. Australian Wheat Bd. Ltd.*, 2008 WL 4378443, at *4-5 (S.D.N.Y. Sept. 25, 2008) (finding insufficient allegations against a U.S. subsidiary where the complaint ascribes conduct to the "defendants" generally but makes no specific allegations as to the subsidiary); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2nd Cir. 2001) (a complaint fails to give fair notice when it "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct"); *Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009) (finding "indeterminate assertions" concerning "defendants" and "defendants' executives" to be insufficient after *Twombly*); *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (use of the collective term "defendants" or a "list of the defendants named individually, but with no distinction of what acts are attributable to whom," fails to give fair notice).

Because the Fitzgerald Plaintiffs fail to include any specific allegations against Lynden Air Cargo, LLC, they fail to "indicate clearly the defendants against whom relief is sought, and the basis upon which relief is sought against the particular defendants" – a flaw that is fatal to Fitzgerald Plaintiffs' Complaint.  *See Yucyo, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209, 219 (S.D.N.Y 1997).

2.  *LYNDEN, INC. IS NOT VICARIOUSLY LIABLE FOR LYNDEN AIR CARGO LLC*

In their next argument, the Fitzgerald Plaintiffs appear to contend Lynden, Inc. is vicariously liable for alleged negligence or heretofore undefined "gross negligence" of its subsidiary Lynden Air Cargo, Inc. because "Lynden Inc. conducted business in Louisiana

through Lynden Air Cargo, LLC." [R. 18727, p. 5.]. But Fitzgerald Plaintiffs ignore completely that parent-subsidiary corporations are presumptively independent of each other. *See IMC Exploration Company v. Texaco Inc.*, 2005 WL 161178, *3 (E.D.La. Jan. 24, 2005) (Barbier, J.) (discussed within context of whether personal jurisdiction could be asserted over one company based upon action of a related company); *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) (same.) *Also see Daimler AG v. Bauman*, --- U.S. ---, 134 S. Ct. 746. The presumption of independence may only be overcome only by "clear evidence" that one corporation is the "alter ego of another," and the party alleging the alter ego relationship bears the burden of proving it. *IMC Exploration Company v. Texaco Inc.*, 2005 WL 161178, * 3, *citing Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d at 338. *Also see Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 492-93 (5th Cir. 1974), *overruled on other grounds, Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-03, 102 S.Ct. 2099, 2104-05 (1982), *as stated in Burstein v. State Bar of California,* 693 F.2d 511, 518 n. 12 (5th Cir. 1982). This, the Fitzgerald Plaintiffs clearly have not done.

Moreover, the factors to consider whether one entity is the alter ego of another or whether the two entities are a "single business enterprise" are similar. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 587 (5th Cir. 2010), *citing Green v. Champion Ins. Co.*, 577 So.2d 249, 257-58 (La. App. 1 Cir. 1991). Those factors include, but are not limited to, common ownership, directors and officers, employees, and offices; unified control; inadequate capitalization; noncompliance with corporate formalities; centralized accounting; unclear allocation of profits and losses between corporations; one corporation paying the salaries, expenses, or losses of another corporation; and undocumented transfers of funds between entities. *See Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d at 587; *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d

379, 385-89 (5th Cir. 2000); *Green*, 577 So.2d at 258.  No one factor is dispositive.  *Green*, 577 So.2d at 258.

As the Declaration of Everett H. Billingslea already set forth, Lynden, Inc. and Lynden Air Cargo, LLC are not alter egos of each other.[2]  Mr. Billingslea attests, *inter alia*:

- Lynden Air Cargo, LLC is a wholly-owned subsidiary of Lynden, Inc.  The two companies are distinct and corporate formalities are strictly observed and maintained.

- Lynden Air Cargo, LLC is a separate Profit & Loss entity, distinct both from Lynden, Inc. and from other Lynden, Inc. subsidiaries.  The revenue and expenses of Lynden Air Cargo, LLC are separately booked and accounted for.  Pursuant to specific Internal Revenue Code rules and regulations governing subchapter S corporations and their subsidiaries, Lynden Air Cargo, LLC's profits are paid as a dividend to Lynden, Inc., as would normally be the case between a corporation and its shareholders.  Operating capital is then reinvested by Lynden, Inc. as owner and shareholder.  All financial transactions between Lynden, Inc. and Lynden Air Cargo, LLC are documented and accounted for pursuant to IRS rules and regulations.  There are no undocumented transactions between parent and subsidiary.

- Lynden, Inc. and Lynden Air Cargo, LLC are separately managed and have separate executive officers.  Jon Burdick is the president and Jim Jansen is the CEO of Lynden, Inc. Judy McKenzie is the president and CEO of Lynden Air

---

[2] *See* Declaration of Everett H. Billingslea attached in Support of Lynden Incorporated's previously-filed Motion to Dismiss for Lack of Personal Jurisdiction [doc. 1399-2], exhibit "C."  Mr. Billingslea is currently the Senior Vice President of Lynden, Inc.

Cargo, LLC.  No officers of Lynden Air Cargo, LLC are employed by Lynden, Inc.  No officers of Lynden, Inc. are employed by Lynden Air Cargo, LLC.

- The Board of Directors of Lynden, Inc. and the Board of Managers of Lynden Air Cargo, LLC are separate bodies that have separate responsibilities and meet separately, although certain Directors serve on both Boards.  The Lynden Air Cargo Board meets three times a year in Anchorage, Alaska, and is responsible for Lynden Air Cargo, LLC's operations.  The Board of Lynden, Inc. is a separate body and meets in Washington State, separately from the Board of Lynden Air Cargo, LLC, and at different times of the year.  The Board of Lynden, Inc. is responsible for the operations of Lynden, Inc. and for the overarching business strategy of the Lynden family of companies.  Corporate formalities between Lynden, Inc. and its subsidiaries, including Lynden Air Cargo, LLC are strictly observed.[3]

The Fitzgerald Plaintiffs lack any facts to contradict Mr. Billingslea's Declaration and they have no facts to meet their burden to establish Lynden, Inc. and Lynden Air Cargo, LLC are the alter egos of each other or operate as a "single business enterprise."[4]

---

[3] Furthermore, the test to impose liability under an alter ego theory against one corporation for the acts of another is even more stringent than the test to assert *in personam* jurisdiction under an alter ego theory. *See Hargrave v. Fibreboard*, 710 F.2d 1154, 1161 (5th Cir.1983); *Stuart v. Spademan*, 772 F.2d 1185, 1197 fn 11 (5th Cir. 1985); *Lehigh Valley Indus., Inc. v. Birenbaum*, 389 F.Supp. 798, 803-04 (S.D.N.Y.), *aff'd*, 527 F.3d 87 (2nd Cir. 1975).

[4] *See also Hargrave,* 710 F.2d at 1160 ("We have noted often that 100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations."); *and id.* at 1161 ("The policymaking authority held and exercised by [the parent corporation] was no more than that appropriate for a sole shareholder of a corporation, and certainly not enough to warrant the extraterritorial exercise of jurisdiction over that shareholder[.]") *Also see Administrators of Tulane Educational Fund v. Ipsen, S.A.*, 450 Fed.Appx. 326 (5th Cir. 2011).

## CONCLUSION

In sum, the Fitzgerald Plaintiffs did not sue Lynden Air Cargo, LLC and they have no facts to show Lynden Air Cargo, LLC and Lynden Inc. are the alter egos of each other or operate as a "single business enterprise."  Accordingly, this Court should grant Lynden, Inc.'s summary judgment and dismiss plaintiffs' claims against it with prejudice.

Respectfully submitted,

s/*H. Carter Marshall*

**KEVIN R. TULLY - BAR #1627**
**H. CARTER MARSHALL - BAR #28136**
**CHRISTOVICH & KEARNEY, LLP**
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
krtully@christovich.com
hcmarshall@christovich.com
Telephone: (504) 561-5700
Attorneys for Lynden, Inc.

**C E R T I F I C A T E**

I hereby certify that the above and foregoing Reply Memorandum in Support of Lynden, Inc.'s Motion for Summary Judgment has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of June, 2016. Additionally, service will be made in compliance with Judge Barbier's Order (R. 16165), on those parties which do not receive electronic notice of these filings.

s/*H. Carter Marshall*
_____
KEVIN R. TULLY
H. CARTER MARSHALL

4818-5473-1314, v. 1