UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | * * * * * * | MDL No. 2179 SECTION: J JUDGE BARBIER |
| This document relates to: Case No. 2:13-cv-01761 | * * | MAGISTRATE JUDGE SHUSHAN |

### Response To Show Cause Order On Compliance With PTO 60

Despite BP's claim to the contrary, plaintiffs[1] IDO, IDM and El Abrikgy are in compliance with PTO 60. This response, filed to comply with this court's Show Cause Order of June 7, 2016 (Doc. 18724), shows as much for the reasons that follow.

1. Plaintiffs, all related and interlocked entities, filed case no. 2:13-cv-01761 on April 19, 2013. The plaintiffs in that action were named in this order : In Depth Offshore Technologies International, Inc., In Depth Marine, L.L.C. and Hesham El Abrikgy. The caption of the complaint in 13-cv-01761 is reproduced here:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN-DEPTH OFFSHORE TECHNOLOGIES INTERNATIONAL, INC., IN-DEPTH MARINE L.L.C., HESHAM EL ABRIKGY PLAINTIFFS | CASE NUMBER: 2:13-cv-01761 DIVISION J JUDGE BARBIER |
| VERSUS | MAGISTRATE JUDGE SHUSHAN |
| BP EXPLORATION & PRODUCTION, INC., BP PRODUCTS NORTH AMERICA INC., BP P.L.C., AND BP AMERICA PRODUCTION COMPANY DEFENDANTS | |

---

[1] Plaintiffs are In Depth Offshore Technologies International, Inc.(IDO), In Depth Marine L.L.C. (IDM) and Hesham El Abrikgy (El Abrikgy).

2. In its ostensible filings pursuant to PTO 60, BP "found" that El Abrikgy sufficiently complied with PTO 60 (Exhibit 1A - Doc 18724-1, page 22) and "found" that IDO and IDM made deficient PTO 60 submissions (Exhibit 2 - Doc 18724-3, page 11). The IDO and IDM deficiencies, says BP, are for their supposed failures to file individual complaints.

3. Under PTO 60, neither IDO, nor IDM, nor El Abrikgy was obliged to file an individual complaint. They are related and interlocked entities. Footnote 3 of PTO 60 exempts related parties who joined their claims in a single complaint from the requirement of filing separate lawsuits:

> "[The obligation to file separate complaints does not apply to][2] complaints that contain related parties such as a husband and wife or co-owners of a business. Where two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint."

4. BP knew, beyond cavil, that all three plaintiffs were related. Paragraph 8 of their complaint in 13-cv-01761 so identified them. Moreover, on January 18, 2016, these entities made formal Presentment under the OPA to BP. The Presentment is attached as *Exhibit Show Cause One*.[3] There in Paragraph 4, under oath, El Abrikgy declared " I am president and chief executive officer of In-Depth Offshore Technologies International, Inc. (IDO) and member-manager of In-Depth Marine, LLC. (IDM) I own [all] of the stock in

---

[2] The bracketed language was added for clarity. Verbatim, footnote 3 reads "This does not include complaints that contain related parties such as a husband and wife or co-owners of a business. Where two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint."

[3] *Exhibit Show Cause One*, as filed here, includes only the sworn declaration. Its attachments are not included but are available should the court wish to review them.

IDO and all of the interest in IDM."[4]

5. In Paragraph 5 of the Presentment El Abrikgy declared, under oath, "In this document, I present three separate claims against BP under the OPA arising out of the Oil Spill. These, of course, are the claims of IDO, IDM, and my personal claim as Hesham El Abrikgy (hereafter sometimes "HEA" or "El Abrikgy"). In the case of my two businesses the claims are for loss of profits and impairment of earnings capacity. In my individual case, my claim is for loss of income."

6. Furthermore, in their timely filings of the documents required by PTO 60, IDO, IDM and El Abrikgy covered their filings with the **cover sheets** required by PTO 60, Exhibit B. On the cover sheets, each plaintiff went further and made plain to BP that each was "related and interlocked" with the other two. (See, for example, *Exhibit Show Cause Two*, IDO cover sheet filed in 13-cv-0761.) IDM's and El Abrikgy's cover sheets were identical.

7. Ever the world-class-litigator, and ever engaged in a calculus to defeat legitimate claims, in its PTO 60 filings BP arbitrarily placed El Abrikgy, the third of the plaintiffs in 13-cv-0761, in the "Full Compliance" column. Of course, El Abrikgy's claim, arguably, is the least valuable of the three-related-claims. The sum-certain-demands to BP in their Joint Presentment were $37,645,965.00 for IDO,[5] $443,924.00 for IDM[6], and

---

[4] The word "all" was erroneously omitted from the bracketed point in the declaration.

[5] OPA Presentment, *Exhibit Show Cause One* at Paragraph 38.

[6] Id, Paragraph 44

$704,000.00 for El Abrikgy.[7] While El Abrikgy's claim is larger than IDM's, it is subject to possible dismissal[8], a position that El Abrikgy disputes, but one, these plaintiffs suspect, is within the BP calculus to defeat all three claims.

8. No just reason supports the proposition that IDO, IDM and El Abrikgy were obliged to file individual complaints. But should this court believe otherwise, given the confusion introduced by footnote 3 of PTO 60, it should permit the plaintiffs to cure the issue by filing separate complaints now. At a minimum, this court should reject BP's calculus and assign the most valuable of the already-filed-claims in 13-cv-0761 to lead plaintiff, IDO.

9. IDO, IDM and El Abrikgy, therefore, ask for this relief in this Response:

a. That the court rule these three plaintiffs complied with PTO 60;

b. That concomitantly the court reject BP's methodology;

c. Alternatively, should the court believe that IDO, IDM, and El Abrikgy do not fall within the exemption of PTO 60, footnote 3, that the remaining two plaintiffs be permitted to file separate complaints; and,

d. That in the further alternative, this court should re-align the-complying-plaintiffs in Exhibit 1-A [Doc 18724-1] so as to assign the "Full Compliance" slot to IDO, the lead plaintiff in 13-cv-0761, which has, in fact, the most valuable claim.

---

[7] Id, Paragraph 47.

[8] See *Lake Eugenie Land Dev., Inc. v. BP etc*, 632 Fed. Appx. 199, 2015 U.S. App. LEXIS 21473 (5th Cir. 2015)

Respectfully submitted,

s/John O. Charrier Jr.
John O. Charrier, Jr., 4097
Charrier & Charrier
7809 Wrenwood Blvd..
Baton Rouge, Louisiana 70800
Telephone (225) 218-8599
Email: john.charrier@suddenlinkmail.com

**Certificate of Service**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of June, 2016.

s/John O. Charrier Jr.
John O. Charrier, Jr., 4097