UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ) ) ) ) ) ) | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| *This Document Relates To:* | ) ) | |
| *Relevant Civil Action Nos.*<br>*2:13-cv-02435-CJB-SS and*<br>*2:13-cv-02436-CJB-SS* | ) ) ) ) | MAG. JUDGE SHUSHAN |

### RESPONSE TO SHOW CAUSE ORDER: COMPLIANCE WITH PTO 60

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Randy's Trucking, Inc. ("Randy's Trucking") *(No. 13-02435)*, Crowe Boats, L.L.C. ("Crowe Boats") *(No. 13-02436)*, Riverview Investments, Inc. ("Riverview") *(SFJ filed in in No. 10-8888; Rec. Doc. 67621, amended by Rec. Doc. 68666),* and Mark and Emmett Marine, Inc. ("M&E Marine"), who respectfully submit this response to this Honorable Court's June 7, 2016 Order to Show Cause Re: Compliance with PTO 60 [Rec. Doc. 18724].

For some unclear reason, Plaintiffs were not identified on any of BP's lists. Plaintiffs respectfully submit that these four plaintiffs have properly completed and filed their Sworn Statements ("SWS") and request that they be deemed in compliance with PTO 60.

On March 29, 2016, this Court issued Pretrial Order 60, which requires all plaintiffs with claims in Pleading Bundle B1 that filed individual lawsuits to file cover sheets and sworn written statements in their individual lawsuits by May 2, 2016, which was subsequently extended until May 16, 2016. Each of the Plaintiff's claims are in Pleading Bundle B1. The undersigned counsel

represent only five claimants in this matter, including these four Plaintiffs. Upon learning of the issuance of PTO 60, the undersigned counsel attempted to file individual SWS's for Disclosure of B1 Claims on behalf of the Plaintiffs through File & ServeXpress on May 16, 2016 believing that they would be properly served on Plaintiffs' Steering Committee ("PSC") and counsel for BP in accordance with PTO 60.  However, on May 19, 2016, it was discovered that the SWS's were apparently filed incorrectly through the File & ServeXpress service as they were never served on either the PSC or BP.  Therefore, a second attempt was made on May 19, 2016 to re-file and serve the SWS's through the File & ServeXpress service.  It wasn't until recently that undersigned counsel discovered that Plaintiffs were not listed on the Exhibits attached to this Court's June 7th Order.  Despite the filings on the 16th and 19th of May, the undersigned counsel has been unable to determine with any certainty why the Plaintiffs were not identified on these June 7th Exhibits.

    1.  *Randy's Trucking, Inc. vs. BP plc, et al.,* No. 13-02435 (E.D. La.).

Plaintiff did not appear on any of the lists this Court attached to its June 7, 2016 Order, and it remains unclear how this Plaintiff was omitted.  At all relevant times, Plaintiff has complied with all deadlines imposed by the Court. On January 17, 2013 presentment was submitted to BP on behalf of Plaintiff. On March 26, 2013, BP provided written confirmation of its receipt of Plaintiff's presentment.  On April 23, 2013, Plaintiff filed this lawsuit against BP Exploration & Production, Inc., BP America Production Company, and BP, plc, 90 days after Presentment was delivered to BP and before the three year deadline under the Oil Pollution Act.

However, on May 16, 2016, Plaintiff filed its SWS for Disclosure of B1 Claims through File & ServeXpress where a copy was presumably served on the Plaintiffs' Steering Committee and counsel for BP all in accordance with PTO 60. *See* Exhibit A attached. On the same date, the undersigned filed a separate SWS for claimant who is not a party to this response but was identified

on Exhibit 1 of this Court's June 7th Order. Nevertheless, all relevant fields on the SWS were completed. The information related to Presentment and filing suit were completed. It was signed by an authorized representative of the Plaintiff, instead of its counsel. Out an abundance of caution, the undersigned counsel has resubmitted the SWS through File & ServeXpress contemporaneously with the filing of this response, as well as filed an Amended Complaint in accordance with PTO 60.

    2. *Crowe Boats, L.L.C. vs. BP plc, et al.,* No. 13-02436 (E.D. La.).

Plaintiff did not appear on any of the lists this Court attached to its June 7, 2016 Order, and it remains unclear how this Plaintiff was omitted. At all relevant times, Plaintiff has complied with all deadlines imposed by the Court. On January 17, 2013 presentment was submitted to BP on behalf of Plaintiff. On March 7, 2013, BP provided written confirmation of its receipt of Plaintiff's presentment. On April 23, 2013, Plaintiff filed this lawsuit against BP Exploration & Production, Inc., BP America Production Company, and BP, plc, 90 days after Presentment was delivered to BP and before the three year deadline under the Oil Pollution Act.

However, on May 16, 2016, Plaintiff filed its SWS for Disclosure of B1 Claims through File & ServeXpress where a copy was presumably served on the Plaintiffs' Steering Committee and counsel for BP all in accordance with PTO 60. See Exhibit B attached. On the same date, the undersigned filed a separate SWS for claimant who is not a party to this response but was identified on Exhibit 1 of this Court's June 7th Order. Nevertheless, all relevant fields on the SWS were completed. The information related to Presentment and filing suit were completed. It was signed by an authorized representative of the Plaintiff, instead of its counsel. Out an abundance of caution, the undersigned counsel has resubmitted the SWS through File & ServeXpress

contemporaneously with the filing of this response, as well as filed an Amended Complaint in accordance with PTO 60.

3. *Riverview Investments, Inc. vs. BP plc, et al.,* No. 10-8888; Rec. Doc. 67621, amended by Rec. Doc. 68666 (E.D. La.).

Plaintiff did not appear on any of the lists this Court attached to its June 7, 2016 Order, and it remains unclear how this Plaintiff was omitted. At all relevant times, Plaintiff has complied with all deadlines imposed by the Court. On January 17, 2013 presentment was submitted to BP on behalf of Plaintiff. On March 24, 2013, BP provided written confirmation of its receipt of Plaintiff's presentment.

However, on May 16, 2016, Plaintiff filed its SWS for Disclosure of B1 Claims through File & ServeXpress where a copy was presumably served on the Plaintiffs' Steering Committee and counsel for BP all in accordance with PTO 60. See Exhibit C attached. On the same date, the undersigned filed a separate SWS for claimant who is not a party to this response but was identified on Exhibit 1 of this Court's June 7th Order. Nevertheless, all relevant fields on the SWS were completed. The information related to Presentment was complete. It was signed by an authorized representative of the Plaintiff, instead of its counsel. Out an abundance of caution, the undersigned counsel has resubmitted the SWS through File & ServeXpress contemporaneously with the filing of this response in accordance with PTO 60.

4. *Mark & Emmett Marine, Inc.*

Plaintiff did not appear on any of the lists this Court attached to its June 7, 2016 Order, and it remains unclear how this Plaintiff was omitted. At all relevant times, Plaintiff has complied with all deadlines imposed by the Court. On January 17, 2013 presentment was submitted to BP on behalf of Plaintiff. On March 30, 2013, BP provided written confirmation of its receipt of Plaintiff's presentment.

However, on May 16, 2016, Plaintiff filed its SWS for Disclosure of B1 Claims through File & ServeXpress where a copy was presumably served on the Plaintiffs' Steering Committee and counsel for BP all in accordance with PTO 60. See Exhibit D attached. On the same date, the undersigned filed a separate SWS for claimant who is not a party to this response but was identified on Exhibit 1 of this Court's June 7th Order. Nevertheless, all relevant fields on the SWS were completed. The information related to Presentment was complete. It was signed by an authorized representative of the Plaintiff, instead of its counsel. Out an abundance of caution, the undersigned counsel has resubmitted the SWS through File & ServeXpress contemporaneously with the filing of this response in accordance with PTO 60.

It was neither the undersigned counsel nor Plaintiffs intention to waive Plaintiffs claims or fail to comply with the requirements of PTO 60. Rather, good faith attempts were made to comply with PTO 60. These Plaintiffs wish to proceed with their claims against the defendants in these proceedings. Out an abundance of caution, the undersigned counsel respectfully submits new SWS's collectively as Exhibit E signed by the Plaintiffs on 6/15/2016 in furtherance of their intention to not waive their rights under PTO 60. Respectfully, for this Honorable Court to hold that the SWS's filed on behalf of the Plaintiffs are in compliance with PTO 60 would not prejudice the defendants to this action, nor will it affect the Court's timetable. Moreover, the movant undertook good faith efforts shortly after discovering that the Plaintiffs were not identified on the Exhibits of this Court's June 7th Order to correct the filing errors.

Accordingly, Plaintiffs respectfully request that each of their Sworn Written Statements for Disclosure of B1 Claims be deemed sufficient and in compliance with PTO 60.

Respectfully Submitted:

LAW OFFICE OF FRANCIS J. LOBRANO, L.L.C.


By: /s/ Wm. Allen Schafer
    WM. ALLEN SCHAFER (#28989)
    FRANCIS J. LOBRANO (#20662)
    P. O. Box 208; 147 Keating Drive
    Belle Chasse, LA  70037
    Telephone: (504) 433-3100
    Fax:  (504) 433-3103
    Email: Allen@Lobranolaw.com;
          Jay@Lobranolaw.com
    Attorneys for:  Randy's Trucking, Inc., Crowe Boats, L.L.C.
    Riverview Investments, Inc., and Mark & Emmett Marine, Inc.


## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 60, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2016.


        /s/ Wm. Allen Schafer
        WM. ALLEN SCHAFER