UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO.: 2179; 10-2771 SECTION: J |
| | * | JUDGE BARBIER |
| RELEVANT TO :   Case 2:13-cv-01437 | * | MAGISTRATE SUSHAN |

| | | |
|---|---|---|
| T. DUFFY BUILDERS, LLC A/K/A T.A. DUFFY BUILDERS, LLC F/K/A BENCHMARK DEVELOPMENT, LLC       Plaintiff, | * * * ) ) | CIVIL ACTION NO.2:13-CV-01437 JUDGE BARBIER |
| vs. | ) ) | MAGISTRATE JUDGE SHUSHAN |
| BP Exploration & Production, Inc.; BP America Production Company; BP p.l.c.; Halliburton Energy Services, Inc.; and Sperry Drilling Services, a division of Halliburton Energy Services, Inc.       Defendants. | ) ) ) ) ) ) ) ) | |

* ** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE TO ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 60**

NOW INTO COURT, through undersigned counsel, comes T. Duffy Builders, LLC (also known as T.A. Duffy Builders, LLC and formerly known as Benchmark Development, LLC) (hererinafter referred to as "Plaintiff") who files this memorandum showing cause why the court should not dismiss its B1 claims with prejudice for failing to comply with the requirements of PTO 60.

Plaintiff is a residential construction contractor in Pass Christian, MS who filed a claim for business economic damages as a result of the BP oil spill. Prior to the deadline to file the sworn statement in Pre-Trial Order 60, Plaintiff had complied with all other deadlines for filing the claim, had filed a separate lawsuit and a short form joinder timely, filed its presentment of claim more than 90 days before the filing of suit and opted out of the settlement.

Plaintiff opted out of the business economic damage settlement on November 1, 2012. (See Court Document 18961 and opt out form attached thereto) Plaintiff thereafter filed its presentment of its business claim to BP along with all required supporting documentation. BP acknowledged by letter the receipt of the claim and assigned it claim number 1059810-01. Having no resolution of the claim, Plaintiff filed its complaint on April 19, 2013 and its case was assigned case number 2:13-cv-01437.  Plaintiff also filed a short form joinder form on or about April 22, 2013 (See Court Document 9471 and attachments thereto). Plaintiff's also served its complaint in Case 2:13-cv-01437 on Haliburton Energy Services, Inc, BP America Production Company and BP Exploration & Production, Inc on 7-23-2013 and filed its proof of service in the record on August 26, 2013 (See Court Documents 10, 11 & 12 in case 2:13-cv-01437). No answer to Plaintiff's complaint was ever filed by defendants.

Furthermore, on April 19, 2016, prior to the deadline to file sworn statements in this matter, undersigned counsel had been in contact by email with the court appointed mediators for these claims and advised them that Plaintiff wished to join the mediation program. In the email, undersigned counsel forwarded the mediators a copy of Plaintiff's complaint and its short form joinder. (See attached Exhibit 1). Accordingly, Plaintiff had not abandoned its claims in this case.

Undersigned counsel avers that through an oversight it was not aware of the court's order to file the sworn statement. Upon receipt of notice of the requirement for filing the claim, undersigned diligently obtained the sworn statement and filed Plaintiff's Sworn Statement For Disclosures Regarding Remaining Non-Governmental Economic Loss And Property Damage Claims with attachments in the record on June 20, 2016 (See Court Document 18961) Counsel has tried to stay on top of the pleadings and orders in this case but the heavy volume and over 18,000 pleadings filed have made it exceeding difficult to keep up. To stay informed, counsel has also been in contact with liaison counsel and other attorneys handling BP cases to stay informed of the status of the case and any deadlines. In fact, on December 1, 2015 counsel sent an email to liaison counsel advising he was not receiving notices or updates from them and asking to be placed on their email list but still never received any word from liaison counsel about the deadline to file this statement.

Undersigned respectfully submits that there is just cause for not dismissing Plaintiff's complaint with prejudice for failing to comply with PTO 60. Plaintiff submits that there is no prejudice to defendants to allow the late filing of Plaintiff's sworn statement and allow this case to go forward. Defendants have prior knowledge of this claim and Plaintiff's lawsuit as well as all information requested by and contained in the sworn statement for PTO 60. Defendants already have the opt out form as the form is stamped as received by the Deepwater Horizon Court Supervised Settlement Program. Furthermore, Defendant's already have the presentment information as BP acknowledged receipt and assigned it a claim number. Defendants already have Plaintiff's lawsuit and they were served with it on July 23, 2013 as per the proofs of service filed in the record. Plaintiff's also filed a short form joinder form with Plaintiff's information.

Additionally, it appears one of the main purposes of PTO 60 was to get claimants to file a complaint when the claimant had only filed a short form joinder because the master complaint was being dismissed. However, Plaintiff's had already filed a complaint so that was done prior to PTO 60. Finally, Plaintiff understood that its case was subject to a stay order from this court which prevented it from doing anything to cause Defendants to answer or to otherwise pursue the litigation.

For the reasons set for the above, Plaintiff avers that there is just cause for this Honorable Court not to dismiss this matter for the late filing of its sworn statement. Plaintiff has subsequently filed the sworn statement on June 20, 2016 with the appropriate attachments (See Court Document 18961) and Plaintiff respectfully avers that all of the information in the sworn statement is already of public record in this matter and/or already known to defendants. Wherefore, Plaintiff, T. Duffy Builders, LLC (also known as T.A. Duffy Builders, LLC and formerly known as Benchmark Development, LLC) prays this Honorable Court to allow this claim to go forward and that it not dismiss Plaintiff's claims with prejudice for untimely filing its sworn statement for PTO 60.

Respectfully submitted,

/ s / Peirce A. Hammond II
Peirce A. Hammond, II (#18076)
Hammond Law Firm, LLC
650 Poydras Street, Suite 2617
New Orleans, LA  70130
Telephone: (504) 586-3535
Facsimile: (504) 304-5804
Email: phammond@hammond-law.com
Attorney for T. Duffy Builders, LLC et al

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading by CM/ECF. I also certify that the foregoing has been delivered to all counsel of record, either by electronic notice through Lexis Nexis File and Serve, by CM/ECF, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 20th day of June, 2016.

                            / s / *Peirce A. Hammond II*
                            Peirce A. Hammond, II