# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 _____ This Document Relates to: Jawof Serenity at Dune Allen, LLC v. BP, p.l.c., et. al., Civil Action No. 2:13-cv-2398-CJB-SS | MDL No. 2179 SECTION: "J" (1) JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

## RESPONSE TO ORDER TO SHOW CAUSE

NOW COMES Jawof Serenity at Dune Allen, LLC ("Jawof") and files this response to the Court's Order to Show Cause Re: Compliance With PTO 60 (Rec. Doc. 18724) and avers as follows:

1.

Jawof is the plaintiff in the case entitled "Jawof Serenity at Dune Allen, LLC v. BP, p.l.c., et. al.", Civil Action No. 2:13-cv-2398, which was filed in this Court on April 22, 2013.

2.

On March 29, 2016 the Court entered Pretrial Order No. 60 ("PTO 60") (Rec. Doc. 16050).

3.

On May 2, 2016 undersigned counsel for Jawof requested a 14-day extension of the date by which Jawof (and others) was required to comply with PTO 60 (Rec. Doc. 16619).

4.

On May 4, 2016 the Court entered an Order granting the extension requested by undersigned counsel on behalf of Jawof as well as extensions requested by other attorneys (Rec. Doc. 16758).

5.

On May 12, 2016 undersigned counsel filed in the record of Civil Case 2:13-cv-2398 and on Jawof's behalf, a pleading entitled "Filing of Sworn Statement for Disclosure of B1 Claims." (Rec. Doc. 16 in Civil Case 2:13-cv-2398). Attached to that pleading were (1) Exhibit "A", which is the Sworn Statement for Disclosures Regarding Remaining Non-Governmental Economic Loss and Property Damage Claims (the "Sworn Statement") executed by Steven R. Bradley on behalf of Jawof; and (2) the Opt-Out Election and Notification (the "Opt-Out Form") executed by Steven R. Bradley on Jawof's behalf on September 27, 2012, along with the transmittal letter dated October 3, 2012 from undersigned counsel to the Deepwater Horizon Court-Supervised Settlement Program. That pleading and all its attachments, which were filed in Civil Case 2:13-cv-2398 (Rec. Doc. 16) are being submitted herewith and identified as Exhibit "1".

6.

On May 13, 2016 undersigned counsel sent by U.S. Mail, postage prepaid, as required by PTO 60, copies of all the documents described in the preceding paragraph together with a transmittal letter to:

    a.    J. Andrew Logan, Esq.
           Kirkland & Ellis LLP
           300 North LaSalle Street
           Suite 2400
           Chicago, IL 60654

    b.    MDL 2179 Plaintiffs' Steering Committee
Attn: Steve Herman or Jim Roy
The Exchange Centre, Suite 2000
935 Gravier Street
New Orleans, LA 70112

Copies of all the materials that were mailed to these individuals are attached hereto as Exhibit "2".

7.

Jawof is not listed by name in Exhibit 1A of the Order to Show Cause, and thus Jawof would be presumed to not have complied with PTO 60.  However, in Exhibit 1B of the Order to Show Cause, Jawof's suit number (2:13-cv-2398) <u>is</u> listed, but it is erroneously associated with Viento Beach, LLC, which is another party represented by undersigned counsel.  Viento Beach, LLC is listed in Exhibits 1A and 1B as having complied with PTO 60; however, in both exhibits Viento Beach, LLC is associated with <u>two</u> suit numbers: 2:13-cv-2394, which is the correct number for the suit filed by Viento Beach, LLC; and 2:13-cv-2398, which is the correct number for the suit filed by Jawof.  Essentially, suit number 2:13-cv-2398, which is Jawof's suit, has been erroneously associated with Viento Beach, LLC.

8.

As shown above, Jawof did comply with the requirements of PTO 60.  However, it appears a mistake has been made because in Exhibits 1A and 1B, Viento Beach, LLC is listed as having complied with PTO 60, but it has been incorrectly assigned <u>two</u> suit numbers, one of which belongs to Jawof .  Because of this mistake, Jawof is <u>not</u> listed in Exhibits 1A and 1B, and it incorrectly appears as not having complied with PTO 60.  If suit number 2:13-cv-2398 is properly associated with Jawof, as it should be, then it will be clear that Jawof is in compliance with PTO 60.

WHEREFORE, Jawof Serenity at Dune Allen, LLC (1) requests that the Court find this response sufficient to clear this mix-up; and (2) determine that Jawof has complied with all the requirements of PTO 60 and be allowed to proceed with its suit.

Dated: June 22, 2016

>Respectfully Submitted:
>
>*/s/*Camilo K. Salas III
>Camilo K. Salas III (LSBA 11657)
>SALAS & Co., L.C.
>650 Poydras Street, Suite 2000
>New Orleans, LA  70130
>Telephone:  504-799-3080
>Fax:  504-799-3085
>E-Mail:  csalas@salaslaw.com
>Attorney for Jawof Serenity at
>Dune Allen, LLC, Plaintiff in
>Civil Action No. 13-2398

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of June, 2016, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Louisiana using the CM/ECF system and I also submitted it to the File & Serve Xpress system, which will send notification of such filing to the all attorneys for all parties that have appeared.

>*/s/*Camilo K. Salas III