# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 <br><br> SECTION: "J" (1) <br><br> JUDGE BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |
| This Document Relates to: Gulfport Green Housing, L.L.C. and Neighborhood Development Collaborative v. BP, p.l.c., et. al., Civil Action No. 2:13-cv-2400-CJB-SS | |

## RESPONSE TO ORDER TO SHOW CAUSE

NOW COMES Gulfport Green Housing, L.L.C. ("Gulfport") and files this response to the Court's Order to Show Cause Re: Compliance With PTO 60 (Rec. Doc. 18724), and avers as follows:

1.

Gulfport is one of two plaintiffs in the case entitled "Gulfport Green Housing, L.L.C. and Neighborhood Development Collaborative v. BP, p.l.c., et. al.", Civil Action No. 2:13-cv-2400, which was filed in this Court on April 22, 2013.  The other party is Neighborhood Development Collaborative ("NDC").  The two parties are related and their relationship is detailed below.

2.

On March 29, 2016 the Court entered Pretrial Order No. 60 ("PTO 60") (Rec. Doc. 16050).  At page 3, fn. 3, PTO 60 states:  "Where two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint."

3.

On May 2, 2016 undersigned counsel for Gulfport requested a 14-day extension of the date by which Gulfport (and others) was required to comply with PTO 60 (Rec. Doc. 16619).

4.

On May 4, 2016 the Court entered an Order granting the extension requested by undersigned counsel on behalf of Gulfport, as well as extensions requested by other attorneys (Rec. Doc. 16758).

5.

On May 11, 2016 undersigned counsel filed in the record of Civil Case 2:13-cv-2400 and on Gulfport's behalf, a pleading entitled "Filing of Sworn Statement for Disclosure of B1 Claims." (Rec. Doc. 15 in Civil Case 2:13-cv-2400). Attached to that pleading were (1) Exhibit "A", which is the Sworn Statement for Disclosures Regarding Remaining Non-Governmental Economic Loss and Property Damage Claims (the "Sworn Statement") executed by David P. Cole on behalf of Gulfport; and (2) the Opt-Out Election and Notification (the "Opt-Out Form") also executed by David P. Cole on Gulfport's behalf on October 12, 2012, along with the transmittal letter dated October 15, 2012 from undersigned counsel to the Deepwater Horizon Court-Supervised Settlement Program. That pleading and all its attachments, which were filed in Civil Case 2:13-cv-2400 (Rec. Doc. 15), are being submitted herewith and identified as Exhibit "1".

6.

On May 11, 2016 undersigned counsel also filed in the record of Civil Case 2:13-cv-2400 and on NDC's behalf, a pleading entitled "Filing of Sworn Statement for Disclosure of B1 Claims." (Rec. Doc. 16 in Civil Case 2:13-cv-2400). Attached to that pleading were (1) Exhibit "A", which is the Sworn Statement for Disclosures Regarding Remaining Non-Governmental

Economic Loss and Property Damage Claims (the "Sworn Statement") executed by David P. Cole on behalf of NDC; and (2) the Opt-Out Election and Notification (the "Opt-Out Form") also executed by David P. Cole on NDC's behalf on October 12, 2012, along with the transmittal letter dated October 15, 2012 from undersigned counsel to the Deepwater Horizon Court-Supervised Settlement Program.  That pleading and all its attachments, which were filed in Civil Case 2:13-cv-2400 (Rec. Doc. 16), are being submitted herewith and identified as Exhibit "2".

7.

On May 13, 2016 undersigned counsel sent by U.S. Mail, postage prepaid, as required by PTO 60, copies of all the documents described in the two preceding paragraphs together with a transmittal letter to:

    a.    J. Andrew Logan, Esq.
          Kirkland & Ellis LLP
          300 North LaSalle Street
          Suite 2400
          Chicago, IL 60654

    b.    MDL 2179 Plaintiffs' Steering Committee
          Attn:  Steve Herman or Jim Roy
          The Exchange Centre, Suite 2000
          935 Gravier Street
          New Orleans, LA 70112

Copies of all the materials that were mailed to these individuals are attached hereto as Exhibit "3".

8.

NDC is listed in Exhibits 1A and 1B of the Order to Show Cause as having complied with PTO 60.  However, even though case number 2:13-cv-2400 is listed in Exhibit 1A and 1B and is therein associated with NDC, Gulfport is not listed by name in Exhibits 1A or 1B. Likewise, Gulfport is not listed in Exhibits 2 and 3 of the Order to Show Cause.

9.

As shown above, Gulfport (and NDC) complied with the requirements of PTO 60 by filing the documents identified in ¶¶ 6 and 7 above and by sending copies of those documents to the attorneys identified in ¶ 7 above.

10.

There is no information in any of the Exhibits that are part of the Order to Show Cause indicating why Gulfport has not been listed as having complied with PTO 60. To the extent that Gulfport was omitted from Exhibits 1A and 1B because there are two plaintiffs (rather than only one) in case number 2:13-cv-2400 and because Gulfport did not file a new separate suit in response to PTO 60, Gulfport explains below why the claims of Gulfport and NDC were asserted in a single suit and must be prosecuted together.

11.

Gulfport and NDC are related parties, their claims must be prosecuted together and pursuant to PTO 60 they are considered as having filed an individual Complaint, for the following reasons:

a. NDC is a District of Columbia nonprofit corporation that has been determined to be tax-exempt by the Internal Revenue Service pursuant to IRC §501(c)(3).

b. Gulfport is a Mississippi limited liability company formed and organized by NDC with the sole purpose of purchasing and developing a 10-acre tract of land in Gulfport, Mississippi (the "Property").

c. NDC is the sole member of Gulfport and has always been the sole member of Gulfport.

d. NDC capitalized and made loans to Gulfport for development of the Property.

e. NDC arranged acquisition/development financing for Gulfport for acquiring and developing the Property.

f. NDC arranged construction financing for Gulfport for constructing infrastructure and townhomes on the Property.

g. NDC executed repayment guarantees for both the acquisition/development financing and the construction financing for Gulfport.

h. Gulfport developed and constructed streets, driveways, utilities and other infrastructure on the Property as well as five townhomes.

i. Gulfport lost the Property and all of the improvements to foreclosure following destruction of the Gulfport-Biloxi real estate market directly related to the catastrophic *Deepwater Horizon* explosion in April of 2010.

j. NDC was sued and suffered an estimated $1,150,000 judgment against it on the guarantee it executed for the acquisition/development financing extended to Gulfport for the Property.

12.

NDC and Gulfport are related companies as stated above and as shown in their organizational chart:



13.

NDC and Gulfport are related parties and pursuant to PTO 60 are "considered as having filed an individual complaint."  Furthermore, pursuant to Rule 19, Fed.R.Civ.Proc., Gulfport is a party that must be joined in NDC's suit.

WHEREFORE, Gulfport Green Housing, L.L.C. requests that the Court (1) find this response sufficient; (2) determine that Gulfport has complied with all the requirements of PTO 60; and (3) allow Gulfport and NDC to proceed with their single suit.  Alternatively, if the Court still believes that the claims of these two plaintiffs should be separated, Gulfport and NDC request that the Court grant them seven days to comply with PTO 60.

Dated: June 22, 2016

Respectfully Submitted:

/s/Camilo K. Salas III
Camilo K. Salas III (LSBA 11657)
SALAS & Co., L.C.
650 Poydras Street, Suite 2000
New Orleans, LA  70130
Telephone:  504-799-3080
Fax:  504-799-3085
E-Mail:  csalas@salaslaw.com
Attorney for Gulfport Green Housing,
L.L.C. and Neighborhood Development
Collaborative, Plaintiffs in
Civil Action No. 13-2400

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of June, 2016, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Louisiana using the CM/ECF system and I also submitted it to the File & Serve Xpress system, which will send notification of such filing to the all attorneys for all parties that have appeared.

/s/Camilo K. Salas III