UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 _____ This Document Relates to: Renascent Holdings, LLC and Intradel Corporation v. BP, p.l.c., et. al., Civil Action No. 2:13-cv-2416-CJB-SS | MDL No. 2179 SECTION: "J" (1) JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

## RESPONSE TO ORDER TO SHOW CAUSE

NOW COME Renascent Holdings, LLC ("Renascent") and Intradel Corporation ("Intradel") and file this response to the Court's Order to Show Cause Re: Compliance With PTO 60 (Rec. Doc. 18724), and aver as follows:

1.

Renascent is one of two plaintiffs in the case entitled " Renascent Holdings, LLC and Intradel Corporation v. BP, p.l.c., et. al.", Civil Action No. 2:13-cv-2416, which was filed in this Court on April 22, 2013.  The second party is Intradel.  The two parties are <u>related</u> and their relationship is detailed below.

2.

On March 29, 2016 the Court entered Pretrial Order No. 60 ("PTO 60") (Rec. Doc. 16050).  At page 3, fn. 3, PTO 60 states:  "Where two or more <u>related</u> parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint."

3.

On May 2, 2016 undersigned counsel for Renascent and Intradel requested a 14-day extension of the date by which Renascent and Intradel (and others) were required to comply with PTO 60 (Rec. Doc. 16619).

4.

On May 4, 2016 the Court entered an Order granting the extension requested by undersigned counsel on behalf of Renascent and Intradel, as well as extensions requested by other attorneys (Rec. Doc. 16758).

5.

On May 11, 2016 undersigned counsel filed in the record of Civil Case 2:13-cv-2416 and on Renascent's behalf, a pleading entitled "Filing of Sworn Statement for Disclosure of B1 Claims." (Rec. Doc. 15 in Civil Case 2:13-cv-2416).  Attached to that pleading were (1) Exhibit "A", which is the Sworn Statement for Disclosures Regarding Remaining Non-Governmental Economic Loss and Property Damage Claims (the "Sworn Statement") executed by Kerry W. Kirby on behalf of Renascent; and (2) the Opt-Out Election and Notification (the "Opt-Out Form") also executed by Kerry W. Kirby on Renascent's behalf on October 12, 2012, along with the transmittal letter dated October 15, 2012 from undersigned counsel to the Deepwater Horizon Court-Supervised Settlement Program.  That pleading and all its attachments, which were filed in Civil Case 2:13-cv-2416 (Rec. Doc. 15), are being submitted herewith and identified as Exhibit "1".

6.

On May 11, 2016 undersigned counsel also filed in the record of Civil Case 2:13-cv-2416 and on Intradel's behalf, a pleading entitled "Filing of Sworn Statement for Disclosure of B1 Claims." (Rec. Doc. 17 in Civil Case 2:13-cv-2416).  Attached to that pleading were (1) Exhibit

"A", which is the Sworn Statement for Disclosures Regarding Remaining Non-Governmental Economic Loss and Property Damage Claims (the "Sworn Statement") executed by Kerry W. Kirby on behalf of Intradel; and (2) the Opt-Out Election and Notification (the "Opt-Out Form") also executed by Kerry W. Kirby on Intradel's behalf on October 12, 2012, along with the transmittal letter dated October 15, 2012 from undersigned counsel to the Deepwater Horizon Court-Supervised Settlement Program.  That pleading and all its attachments, which were filed in Civil Case 2:13-cv-2416 (Rec. Doc. 17), are being submitted herewith and identified as Exhibit "2".

7.

On May 13, 2016 undersigned counsel sent by U.S. Mail, postage prepaid, as required by PTO 60, copies of all the documents described in the two preceding paragraphs together with a transmittal letter to:

    a.    J. Andrew Logan, Esq.
            Kirkland & Ellis LLP
            300 North LaSalle Street
            Suite 2400
            Chicago, IL 60654

    b.    MDL 2179 Plaintiffs' Steering Committee
            Attn:  Steve Herman or Jim Roy
            The Exchange Centre, Suite 2000
            935 Gravier Street
            New Orleans, LA 70112

Copies of all the materials that were mailed to these individuals are attached hereto as Exhibit "3".

8.

Renascent is listed in Exhibit 2 of the Order to Show Cause as not having complied with PTO 60 because of a deficiency described as:  "No individual Complain on file."  Intradel is not listed in any of the Exhibits of the Order to Show Cause.

9.

As shown above, Renascent and Intradel complied with the requirements of PTO 60 by filing the documents identified in ¶¶ 6 and 7 above and by sending copies of those documents to the attorneys identified in ¶ 7 above.

10.

There is no information in any of the Exhibits that are part of the Order to Show Cause indicating why Intrael has not been listed as having complied with PTO 60.  To the extent that Intradel was omitted from Exhibits 1A and 1B because there are two plaintiffs (rather than only one) in case number 2:13-cv-24016 and because Renascent and/or Intradel did not file a new separate suit in response to PTO 60, Renascent and Intradel explain below how they are related and why their claims were presented in a single suit and must be prosecuted together.

11.

Renascent and Intradel are related parties; their claims must be prosecuted together; and pursuant to PTO 60 they are considered as having filed an individual Complaint, for the following reasons:

   a. Renascent is owned 100% by Intradel.  As such, Renascent is a single member LLC and under the federal tax scheme considered a disregarded entity whose activities are combined with those of its 100% owner, Intradel.  As a result, Renascent does not file its own income tax returns.

   b. Renascent and Intradel were jointly involved in the development of a 10-acre tract of land in Gulfport, Mississippi.  As a single member LLC, Renascent was formed for liability purposes.  In 2005 Renascent acquired certain real property in Gulfport, Mississippi.  This property was subsequently sold to Gulfport Green Housing, LLC on 11/23/08 for consideration of $1,370.00.  Renascent held a mortgage for $858,115, with accrued

interest in the amount of $83,666 at the time this claim was first filed. Intradel held a development agreement valued at $2,272,778 for the same property. The property and all the improvements were lost to foreclosure following destruction of the real-estate market caused by the Deepwater Horizon explosion. Intradel and Renascent have claims related to the development of the property and damages caused to the development by the Deepwater Horizon explosion.

12.

Renascent and Intradel are related parties and pursuant to PTO 60 are "considered as having filed an individual complaint." Furthermore, pursuant to Rule 19, Fed.R.Civ.Proc., Renascent and Intradel are parties that must be joined in a single suit.

WHEREFORE, Renascent Holdings, LLC and Intradel Corporation request that the Court (1) find this response sufficient; (2) determine that Renascent and Intradel have complied with all the requirements of PTO 60; and (3) allow Renascent and Intradel to proceed with their single suit. Alternatively, if the Court still believes that the claims of these two plaintiffs should be separated, Renascent and Intradel request that the Court grant them seven days to comply with PTO 60.

Dated: June 23, 2016

                                                 Respectfully Submitted:

                                                 /s/Camilo K. Salas III
                                                 Camilo K. Salas III (LSBA 11657)
                                                 SALAS & Co., L.C.
                                                 650 Poydras Street, Suite 2000
                                                 New Orleans, LA  70130
                                                 Telephone:  504-799-3080
                                                 Fax:  504-799-3085
                                                 E-Mail:  csalas@salaslaw.com
                                                 Attorney for Renascent Holdings, LLC
                                                 and Intradel Corporation, Plaintiffs in
                                                 Civil Action No. 13-2416

- 6 -

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of June, 2016, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Louisiana using the CM/ECF system and I also submitted it to the File & Serve Xpress system, which will send notification of such filing to the all attorneys for all parties that have appeared.

*/s/*Camilo K. Salas III