

EXHIBIT A



## State of Louisiana

### Al Ater
#### SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that* the annexed and following is a True and Correct copy of the Articles of Incorporation and Initial Report as shown by comparison with documents filed and recorded in this Office on May 25, 1995.

*In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,* March 13, 2006

RRO 34494917D

*Secretary of State*

95-143

| | | |
|---|---|---|
| ARTICLES OF INCORPORATION | : | UNITED STATES OF AMERICA |
| OF | : | STATE OF LOUISIANA |
| | : | PARISH OF ST. BERNARD |

TLC BOAT RENTAL, INC.

BE IT KNOWN, that on this 19th day of MAY, in the year of Our Lord, 1995

BEFORE ME, KEITH COUTURE, Notary Public, duly commissioned and qualified in and for the Parish of ST. BERNARD, State of Louisiana, therein residing, and in the presence of the witnesses hereinafter named and undersigned:

PERSONALLY CAME AND APPEARED:

TRACY ARCEMENT AND LORI ARCEMENT

who declared that they are availing themselves of the provisions of the Laws of the State of Louisiana and particularly Act 105 of 1968, being an amendment to the Corporation Laws of the State of Louisiana, more particularly R.S. 12, Chapter 1, that they do by these presents form and constitute a corporation or body politic in law for the objects and purposes and under the agreements and stipulations following, to-wit:

ARTICLE I.

The name of the corporation is: TLC BOAT RENTAL, INC.

ARTICLE II.

The objects and purposes for which this corporation is organized and the nature of business and/or business to be carried on by it, are declared to be as follows:

To carry on the business in the State of Louisiana or elsewhere, of planning, delivering, and managing boat rentals and services, to buy, sell, lease or otherwise obtain possession of lands, buildings, machinery, equipment, automobiles, trucks, and other means of transportation in connection with the operation of the business.

The object and purpose for which this corporation is organized is to engage in any lawful activity permitted Corporations under the provisions of Louisiana Corporation Law, La. R.S. 12:1 as amended; and to the extent not prohibited thereby, to enter upon and engage in any kind of business whatsoever in any other State of the United States of America or any foreign nation in any territory of any country to the extent permitted.

ARTICLE III.

The duration of this corporation shall be in perpetuity, or such maximum period as may be authorized by the laws of Louisiana.

ARTICLE IV.

A.  The corporation has the authority to issue ten thousand (10,000) shares of stock with no par value.

B.  Without the necessity of action by the shareholders, shares of stock may be issued by the corporation from time to time by the Board of Directors. Any and all shares so issued, if the consideration fixed for such shares is paid, shall be deemed fully paid stock, and not liable to any further call or assessment, and the holder of such shares shall not be liable for any further payment thereon. All or any part of the authorized capital stock may be issued or sold from time to time for not less than the par value, in the case of par value stock, or for not less than the consideration fixed by the Board of Directors, in the case of no par value stock. Stock may be given in exchange for cash, services rendered to the corporation, or in exchange for property transferred to the corporation. The capital stock of this corporation shall be represented by certificates signed by the president or by a vice-president and by a secretary or a secretary-treasurer.

C.  Shareholders shall have pre-emptive rights.

D.  The transfer of stock of this corporation shall be made only on the books of the corporation by the stockholders in person or by proxy, and under such rules and regulations as the Board of Directors may in accordance with law prescribe from time to time.

ARTICLE V.

The incorporators' names and addresses are as follows:

TRACY ARCEMENT
3016 Oak DR.
Violet, Louisiana 70092

LORI ARCEMENT
3016 Oak DR.
Violet, Louisiana 70092

ARTICLE VI.

2

A. The business and affairs of this corporation shall be managed and all the corporate powers thereof shall be vested and exercised by a Board of Directors.

B. Only voting shareholders may be directors.

C. The number of directors may be increased or decreased by a majority of the voting shareholders.

D. The Board of Directors shall have authority to make and alter by-laws, fix their own qualifications, classifications, or terms of office and fix or increase their compensation, subject to the power of the shareholders to change or repeal the by-laws so made, and subject to La. R.S. 12:1, as amended.

E. The Board of Directors shall have such power and authority with respect to capital, surplus, and dividends, including allocation, increases, reduction, utilization, distribution and payment, as is permitted and provided by La. R.S. 12:61, and 63, or other applicable law.

F. The Board of Directors shall have full authority to exercise other powers and to perform such other lawful activities in which the corporation and/or its shareholders may engage, unless prohibited from doing so by law or this corporation's charter or by-laws.

G. Until otherwise provided in the by-laws, any director or shareholder, who may cast a vote, may cast the vote of the absent director accordingly to his written instruction(s).

H. The Board of Directors shall elect and fix the compensation of a President, Vice-President, Secretary, and Treasurer, all of who need be a stockholder(s) and each of whom shall hold office at the pleasure of the Board of Directors.

## ARTICLE VII.

The general annual meeting of the shareholders for the election of directors shall be held at the registered office of the corporation or at such other place within or without the State of Louisiana as the by-laws may provide, and shall take place on the last Friday of January of each year, beginning with the year of 1996, or the first day thereafter when such day is a legal holiday, unless or until otherwise provided by the by-laws.

## ARTICLE VIII.

The corporation may purchase or redeem its own shares in the manner and on the conditions permitted and provided in Section 55 of the Business Corporation Law or other applicable, and as may be

3

authorized by the Board of Directors (shares so purchased may be reissued and disposed of as authorized by law, or may be canceled and the capitol stock reduced, as the Board of Directors, may, from time to time, determine, in accordance with law).

### ARTICLE IX.

Cash, property, or share dividends, and the redemption price of redeemed shares, which are not claimed by the shareholders entitled thereto within one year after the dividend or redemption price became payable or the shares became issuable, despite reasonable efforts by the corporation to pay the dividend or redemption price or deliver the certificates for the shares to such shareholders within such time, shall, at the expiration of such time, revert in full ownership to the corporation and the corporation's obligation to pay such dividend or redemption price or issue such shares, as the case may be, shall thereupon cease; provided that the Board of Directors may, at any time, for any reason satisfactory to it, but need not, authorize: a) payment of the amount of any cash over property dividend or redemption price, or, b) issuance of any shares, ownership of which has reverted to the corporation, to the entity who or which would be entitled thereto had such reversion not occurred.

The provisions shall be binding also upon any executor, administrator or other legal representative of every shareholder in case of the sale or pledge of any share or shares of said stock by such executor, administrators or legal representatives of any shareholder and the provisions contained in these Articles of Incorporation shall be a part hereof binding upon each and every original or future owners thereof whether such stock be acquired by Will or otherwise.

### ARTICLE X.

The shares of stock of this corporation shall not be transferable nor shall any stockholder have the right or power to pledge, sell or otherwise dispose of, (except by the Laws of Inheritance of the State of Louisiana in favor of the surviving spouse and/or the forced heirs of the shareholders) any share or shares of the capital stock of this corporation without first offering same for sale to the corporation and its shareholders at its then book value. Book value shall be computed by the following formula:

> The net equity divided by the total shares issued plus the percentage of stock to be sold times seventy-five percent of the previous years annual billing;

> or

4

The average of three appraisals by Business Brokers in the field specializing in TLC BOAT RENTAL, INC.'s business. The appraisals shall be paid for by the seller.

Such offer shall be made in writing, signed by the shareholder and sent by registered mail addressed to the corporation at its registered office. Such offer shall remain good for acceptance by the Corporation and its shareholders for thirty (30) days from date of delivery of such note. Such offer shall contain the following clause:

The seller of these share(s) hereby agrees to refrain from carrying on or engaging in a business similar to the business of The Business Group, Inc. or from soliciting customers of The Business Group, Inc., within St. Bernard, Orleans, Jefferson, Plaquemines, St. Tammany and St. John the Baptist parishes for as long as The Business Group, Inc. carries on its business or until two years from the date of sale, whichever is occurs first; all in accordance with LSA R.S. 23:921(B).

In the event the corporation or its shareholders shall fail or refuse to accept said offer, the shares so offered shall be subject to sale, pledge or transfer by the shareholder but not otherwise. The provisions shall be binding also upon any executor, administrator or other legal representative or every shareholder in case of the sale or pledge of any share or shares of said stock by such executors, administrators or legal representatives of any shareholder and the provisions contained in these Articles of Incorporation shall be embodied in writing, printed or stamped upon each certificate of stock and shall be part hereof binding upon each and every original or future owners thereof whether such stock be acquired by Will or otherwise.

### ARTICLE XI.

This corporation claims and shall have the benefit through proper action of its Board of Directors to qualify the stock offered and issued under these articles as "Section 1244 Stock" as such term is defined in the Internal Revenue Code and regulation issued thereunder.

### ARTICLE XII.

The names of the first officers of the corporation and a statement as to the number of shares subscribed by each is stated to be as follows:

Lori Arcement, Chair of the Board, Secretary-Treasurer,
    500 shares

Tracy Arcement, President-Vice-President
    500 shares

5

ARTICLE XIII.

The minimum amount of paid-in capital with which the corporation shall begin business is TWO THOUSAND DOLLARS ($2,000.00), which amount, on the execution of this Articles of Incorporation, has been paid in cash.

ARTICLE XIV.

If at any time this corporation shall own wasting assets intended for sale in the ordinary course of business, or shall own property having a limited life, it may pay dividends from the net profits arising from such assets, without deducting for depreciation or depletion of assets thereby sustained.

ARTICLE XV.

The Corporation shall indemnify and hold harmless each Director and Officer now or hereafter serving the Corporation from and against any and all claims and liabilities to which he may be or become subject by reason of his now or hereafter being or having heretofore been a Director or Officer of the Corporation and/or by reason of his alleged acts or omissions as such Director or Officer, whether or not he continues to be such Officer or Director at the time when any such claim or liability is asserted and shall reimburse each such Director and Officer for all legal and other expenses reasonably incurred by him in connection with defending any or all such claims or liabilities, including amounts paid or agreed to be paid in connection with reasonable settlements made before final and adjudication with the approval of the Board of Directors whether or not he continues to be such Director or Officer at the time such expenses are incurred, provided however-r, that no Director or Officer shall be indemnified against or reimbursed for any expense incurred in defending any or all such claims or liability or its settling the same unless in the judgment of the Directors of the Corporation if the Director or Officer against whom such claims or liabilities asserted has been guilty of bad faith, reckless disregard of his duties, gross negligence or willful misconduct. The foregoing right of indemnifications shall not be exclusive of other rights as a matter of law. Except as hereinabove limited, Directors and Officers shall be entitled to all protection that can legally be afforded them under LA R.S. 12:83, and any other rights to which they may be entitled as a matter of law.

ARTICLE XVI.

Any amendment for which a larger vote is not specifically made mandatory by the Louisiana Corporation Law or the applicable provisions of the Louisiana Business Corporation Law may be made by two-th-

6

irds (2/3) of the voting power present of the shareholders entitled to vote under these articles, including an increase or reduction of capital stock.

ARTICLE XVII.

The federal tax identification number is 72-1297024.

THUS DONE AND PASSED in quadruplicate originals at my notarial office on the day, month, and year hereinabove written in the presence of two competent witnesses, who have hereunto subscribed their names together with me, Notary, and the said appearers after due reading of the whole.

WITNESSES:

_____          _____
                                         TRACY ARCEMENT

_____          _____
Claudia A. Couture                       LORI ARCEMENT

_____
KEITH COUTURE, NOTARY PUBLIC

INITIAL REPORT OF
TLC BOAT RENTAL, INC.

TO THE SECRETARY OF STATE
OF THE STATE OF LOUISIANA

I.

The registered office of the corporation in Louisiana is:

3016 Oak Drive
Violet, Louisiana 70092

II.

The registered agent for service of process is:

Tracy Arcement
3016 Oak Drive
Violet, Louisiana 70092

III.

The first Directors and Officers of the Corporation and their addresses are as follows:

Tracy Arcement
President
3016 Oak Drive
Violet, Louisiana 70092

Lori Arcement
Secretary-Treasurer
3016 Oak Drive
Violet, LA 70092

Signed in quadruplicate originals at St. Bernard, Louisiana on this 19th day of May, 1995.

_____
Tracy Arcement

_____
Lori Arcement

AFFIDAVIT OF ACCEPTANCE OF APPOINTMENT
BY DESIGNATED REGISTERED AGENT
ACT 769 OF 1987

TO THE STATE CORPORATION DEPARTMENT
STATE OF LOUISIANA

STATE OF LOUISIANA
PARISH OF ST. BERNARD

On this ___19th___ day of ___May___, 1995, before me, a Notary Public in and for the State and Parish aforesaid, personally came and appeared Tracy Arcement, who is to me known to be the person, and who, being duly sworn, acknowledged to me that he does hereby accept appointment as the Registered Agent of TLC BOAT RENTAL, INC., which is a Corporation authorized to transact business in the State of Louisiana pursuant to the provisions of the Title 12, Chapter 1,2, and 3.

Tracy Arcement
3016 Oak Drive
Violet, Louisiana  70092

Sworn to and subscribed before me on the
day, month, and year first above set forth

NOTARY PUBLIC