**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL 2179 |
| "DEEPWATER HORIZON" IN THE GULF | § | |
| OF MEXICO ON APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| 2:16cv04476 | § | MAG. JUDGE SHUSHAN |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE [DOC 18724]**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Severo Alcocer, Individually and d/b/a Pescadores Libres de Isla Aguada Campeche, and files this their Response to the Court's Order to Show Cause issued on June 7, 2016 [Doc 18724], and would show as follows:

1. On March 29, 2016, this Court issued Pre-Trial Order No. 60 (hereinafter "PTO 60") requiring all Plaintiffs with claims in Pleading Bundle B-1 to file individual complaints if they had not already done so. It further required all Plaintiffs to file a Sworn Statement as provided within PTO 60 [Doc 16050]. All Plaintiffs are required to comply with PTO 60 on or before May 2, 2016, unless they obtained an extension, which Plaintiffs herein did, as did many other Plaintiffs, through May 16, 2016.

2. Plaintiff would show that it complied with all requirements of PTO 60 timely. On June 7, 2016, the Court issued the instant order to show cause in which the Plaintiffs named and listed on Exhibit 3, as prepared by BP. Exhibit 3 states, "Mass Joinder Complaints" indicating that Plaintiff has not filed an individual complaint. This is the only deficiency claimed by BP.

---

[38] Plaintiff would show that Pleading Bundle B-1 does not involve foreign Plaintiffs, only U.S. citizens and entities, but Plaintiff still complied with PTO 60.

3. Plaintiff would show that the Plaintiff is the authorized individual to make a claim on behalf of one or more cooperatives and is bringing this lawsuit on behalf of the cooperative(s) for which he is the leader named in the complaint. Plaintiff has merely stated within its complaint, the names of the members of the cooperative(s) for which the authorized individual has authority to act, but has not filed a mass joinder, and Plaintiff has complied with PTO 60.

4. In that regard, Plaintiff would show that there are many other cases on behalf of cooperatives that have been filed that are listed in Exhibit 1/1A, most of the names of those cooperatives start with the initial S.C.P.P. and are listed on pages 61 through 66 of Exhibit 1A. Those particular causes of action, unlike Plaintiff herein, do not list the names of the members of said cooperatives, but do have many members. It appears that the reason this Plaintiff is listed on Exhibit 3 is because there is an error by BP in thinking that all of the individuals identified as members of the individual cooperatives attached as an Exhibit to the Complaint have actually filed as a mass joinder, which they have not. They are simply identified as members of the individual cooperative, which the one authorized individual has brought suit on behalf of and Plaintiff simply chose to list the names of its members.

Respectfully submitted,

**Weller, Green, Toups & Terrell, L.L.P.**
P.O. Box 350
Beaumont, TX 77704
(409) 838-0101
Fax: (409) 832-8577
Email: matoups@wgttlaw.com


By: /s/ Mitchell A. Toups
Mitchell A. Toups
TX Bar No. 20151600

Ezequiel Reyna, Jr.
Texas Bar No. 16794798
Law Offices of Ezequiel Reyna, Jr., P.C.
702 West Expressway 83, Suite 100
Weslaco, TX  78596
956-968-9556
Fax:  956-969-0492
Email:  zreynajr@zreynalaw.com

**ATTORNEYS FOR PLAINTIFFS**


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished to all counsel of record listed through File & Serve, on June 27, 2016.

/s/ Mitchell A. Toups
Mitchell A. Toups