UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| This Document Relates To: *Pleading Bundle B1* | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

| | | |
|---|---|---|
| | * | CIVIL ACTION No. 2:16-cv-05991-CJB-SS |
| Done on a Handshake, by and through its Vice President, John Hoss and Freeport Launch, by and through its Vice President, John Hoss | * | |
| | * | SECTION J |
| | * | JUDGE BARBIER |
| VERSUS | * | MAG. JUDGE SHUSHAN |
| BP Exploration & Production, Inc. BP America Production Company; and BP p.l.c. | | |

## FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs who submits this First Amended Complaint, and respectfully states as follows:

### I.

### Parties

1.  Plaintiffs, **Done on a Handshake** and **Freeport Launch** are entities headquartered in Freeport, Texas.

2.  Defendant **BP Exploration & Production Inc.** (hereinafter "BP Exploration"), is a Delaware corporation authorized to do and doing business in the State of Louisiana.

3.  Defendant **BP America Production Company** (hereinafter "BP America"), a Delaware corporation authorized to do and doing business in the State of Louisiana.

4.     Defendant **BP p.l.c,** a British limited company, and which this Court has specific personal jurisdiction via the Louisiana Long-Arm Statute, the Federal Long-Arm Statute Fed. R. Civ. P. 4(k).

5.     Each of these Defendants were previously served with Plaintiffs' Original Complaint and/or Short Form Joinder to and adoption of the previously filed Master Complaint (Rec. Doc 879) filed in MDL 2179, including any supplemental or amended complaints thereto.

6.     In addition, service of this Complaint is being effectuated in compliance with this Court's Pretrial Order No. 60.

## II.

## Jurisdiction & Venue

7.     Jurisdiction is proper pursuant to the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2717, and under federal law pursuant to 28 U.S.C. § 1331 and 1333.

8.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because Defendants do substantial business in this District and the events giving rise to Plaintiffs' claims occurred in this District. Additionally, venue is proper in this District pursuant to this Court's Pretrial Order No. 209 and Pretrial Order No. 60, which allowed Plaintiffs to directly file its Complaint arising out of the subject oil spill in this District.

9.     Plaintiffs state that but for this allowance, Plaintiffs would have filed in the United States District Court in the state and district where he/she/it is domiciled. Should the Court determine that remand of this matter is appropriate Plaintiffs, would request remand to the aforementioned United States District Court reserving all rights to which Plaintiffs may be entitled.

## III.

2

## Prior Presentment of Claims & Tolling of Any Applicable Statute of Limitation

10.     Prior to the re-filing of this action, pursuant to the Court's directive in Pretrial Order No. 90, Plaintiffs made a proper presentment of his/her/its claims to Defendants, and allowed at least ninety (90) days for Defendants to respond to said presentment. Further, on or before April 20, 2013, Plaintiffs initiated a lawsuit against Defendants in this Court (or which was transferred to this court by the JPML) by way of a directly filed Short Form Complaint, Joinder, and Adoption of the Master Complaint (Rec. Doc 879) and/or a previously filed individual lawsuit against the same. Defendants either denied Plaintiffs' claims or have failed to adequately consider and respond to Plaintiffs' OPA presentment and demand; thus, Plaintiffs were entitled to file his prior lawsuit and this Complaint.

11.     Plaintiffs properly opted out of or was excluded from the Court Supervised Settlement Agreement/Program prior to the applicable deadline.

12.     Plaintiffs asserts all applicable state statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, prescription, and/or peremption periods, including but not limited to equitable tolling, delayed discovery, and/or discovery rule. Given the forgoing procedural history, Plaintiffs' claims against all Defendants were filed within the applicable limitations periods.

### IV.

### Adoption of Prior Complaints

13.     Plaintiffs adopt, incorporates, and re-alleges the claims against Defendants from the Master Complaint (Rec. Doc. 879) for economic losses resulting from Defendants' conduct and the resultant oil spill which occurred on April 20, 2010, including any supplemental or amending complaints thereto and his/her/its previous joinder thereto as if fully set forth herein.

### V.

### Factual Allegations

3

14.     Defendants were the leaseholders and/or designated operators of the lease granted by former Minerals Management Service (MMS), which allowed it to perform oil exploration, drilling and other production-related operations in the location known as "Macondo".

15.     On April 20, 2010, the Deepwater Horizon exploded and caught fire. As the Deepwater Horizon sank, it broke off the riser, leaving the pipe leaking oil and other contaminants out into the Gulf of Mexico.

16.     Plaintiffs sustained damages and losses arising out of the catastrophic and completely avoidable oil spill caused by the April 20, 2010 explosion and fire aboard Defendants' Deepwater Horizon oil rig ("Deepwater Horizon"), the subsequent sinking of that rig, and the discharge of oil into the surrounding water.

17.     The Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* (the "OPA"), imposes liability upon a responsible party for a vessel or a facility from which oil is discharged into, or upon, navigable waters or adjoining shorelines for the damages that result from such incident, as well as removal costs.  Defendants are responsible parties as defined by the OPA.

18.     The United States Coast Guard designated Defendants as responsible parties under the OPA.  As such, Defendants are strictly liable pursuant to § 2702 of the OPA for all the damages to Plaintiffs resulting from the spill.  Defendants are not entitled to, and waived, any available limit to their liability under § 2704(a) of the OPA because the spill was proximately caused by their gross negligence, willful misconduct, or violation of applicable safety, construction, or operating regulations.  Defendants have admitted responsibility under the OPA.

19.     Plaintiffs have suffered compensable damages under the OPA as a result of Defendants' conduct in amounts to be determined by the trier of fact.  Under the OPA each of the

Defendants are liable for Plaintiffs' damages. 33 U.S.C. §2702. Under the OPA, there is strict liability without regard to negligence. 33 U.S.C. §2702(a).

20.     As a result of Defendants' conduct, Plaintiffs have suffered the type of damages that may be recovered under the OPA and demands compensation from Defendants in amounts to be determined by the trier of fact. Plaintiffs' damages include but are not limited to:

    a.  Lost income;

    b.  Lost revenues;

    c.  Business interruption;

    d.  Loss of business;

    e.  Loss of business opportunities;

    f.  Loss of business income;

    g.  Harm to reputation;

    h.  Lost profits;

    i.  Diminution in property value;

    j.  Diminution in personal property value;

    k.  Lost rental income;

    l.  Associated consequential damages;

    m.  Loss of livelihood;

    n.  Loss of use;

    o.  Loss of subsistence use;

    p.  Loss of enjoyment and inconvenience of property;

    q.  Accounting costs;

    r.  Attorneys' fees and expenses; and

s.   Other harm caused by Defendants' negligence, gross negligence, willful misconduct, and negligence *per se*.

21.   In addition, pursuant to state statutory and common law, general maritime law, and, federal law, Defendants owed duties of care to Plaintiffs to design, manufacture, test, navigate, man, possess, manage, control, maintain, and operate the Deepwater Horizon and its equipment and appurtenances with reasonable and ordinary care.  Further, Defendants were required to exercise a higher degree of care, given their knowledge of the inherently dangerous nature of the deep water drilling activities in question. Defendants were under a duty to exercise reasonable care while participating in drilling operations to ensure that a disaster such as the one in question and/or resulting oil spill did not occur.  Defendants were negligent, negligent *per se*, grossly negligent, and reckless for the following, non-exclusive acts:

a.   Failure to properly maintain and/or operate the Deepwater Horizon;

b.   Failure to properly train their employees and/or agents;

c.   Failure to provide adequate safety equipment;

d.   Operating the Deepwater Horizon with an inadequate crew;

e.   Failure to maintain the Deepwater Horizon and/or its equipment and appurtenances;

f.   Failure to properly inspect the Deepwater Horizon to assure that all equipment and personnel were fit for their intended purpose;

g.   Vicariously liable for their employees' and agents' negligence, gross negligence;

h.   Violating applicable Coast Guard, MMS, and/or OSHA regulations;

i.   Violating the Oil Pollution Act;

j.   Violating the Clean Water Act;

k.   Violating various state and local laws, ordinances, and standards;

l.      Failure to provide sufficient personnel to perform operations aboard the Deepwater Horizon;

m.      Failing to promulgate, implement, and enforce proper rules and regulations to ensure the safe operations of the Deepwater Horizon, which would have prevented or mitigated the disaster;

n.      Failing to implement policies and procedures to safely conduct offshore operations aboard the Deepwater Horizon;

o.      Failing to ensure that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

p.      Failing to timely warn of the imminent blowout and likely oil spill;

q.      Failing to timely bring the oil release under control;

r.      Failing to provide appropriate disaster prevention equipment;

s.      Failure to adequately undertake and implement remediation efforts;

t.      Defectively designing and/or manufacturing the Deepwater Horizon and/or its equipment or appurtenances;

u.      Failure to take appropriate action to avoid or mitigate the blowout and resulting oil spill;

v.      Failure to avoid the blowout in question and resulting oil spill;

w.      Failure to exercise due care and caution;

x.      Acting in a careless and negligent manner; and

y.      Other acts deemed negligent, negligent per se, and/or grossly negligent.

22.     At all relevant times the Deepwater Horizon was unseaworthy.

23.     Defendants' conduct is governed by numerous state and federal laws and permits issued under the authority of these laws. These laws and permits create statutory and regulatory standards that are intended to protect and benefit Plaintiffs, including, but not limited to, those set forth in the OPA, the Clean Water Act, 40 C.F.R. § 300, the Texas Oil Spill Prevention and Response Act of 1991, TEX. NAT. RES. CODE §§ 40.001 *et seq*.; and the International Safety and

7

Management Code as adopted by the International Convention for the Safety of Life at Sea, 26

USC §§ 3201-3205 and 33 CFR §§ 96.230 and 96.250. Defendants' conduct which resulted in

the Deepwater Horizon explosion and subsequent oil spill violated these statutory and/or

regulatory standards. Defendants' violations of these statutory and/or regulatory standards

constitute negligence *per se* under Federal, Texas, Louisiana, Mississippi, Alabama, and/or

Florida law.

24.     Defendants owed a duty to Plaintiffs to exercise and act with reasonable and

ordinary care. Defendants knew or should have known of the risks associated with their conduct

and failed to take reasonable and appropriate steps to prevent the incident in question.

25.     Defendants were under a duty to exercise reasonable care while conducting and/or

participating in any and all operations aboard the Deepwater Horizon to prevent a blowout or oil

spill such as the one that occurred. Defendants breached this duty.

26.     Defendants were under a duty to ensure that any oil or other pollutants that were

discharged as a result of a blowout or otherwise, would be contained and remediated in an

efficient and reasonable fashion. Defendants breached this duty.

27.     Defendants acted with reckless, willful, and wanton disregard in the design,

manufacture, testing, navigation, manning, possession, management, control, maintenance,

and/or operation of the Deepwater Horizon. Defendants knew or should have known that their

wanton, willful, and reckless misconduct would result in explosion and oil spill, causing damage

to Plaintiffs. Consequently, Plaintiffs seek, and is entitled to, punitive damages.

28.     Defendants are jointly and severally liable to Plaintiffs for Plaintiffs' damages

under the applicable law. Plaintiffs' harm will, in all likelihood, run indefinitely. Plaintiffs have

been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable

Court, for which Plaintiffs now sue. Plaintiffs are entitled to recover such economic, compensatory and punitive damages for Plaintiffs' past, current, and future harm.

29.     As the long-term effects of the oil spill remain uncertain and the details regarding the nature and cause of the blowout and resulting spill continue to come to light, Plaintiffs reserve the right to amend this Complaint once additional information becomes available.

## VI.

## Jury Trial

30.     Plaintiffs hereby request a trial by jury on all claims.

## VII.

## Prayer

31.     Plaintiffs pray that this Complaint  be issued and served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, that Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, accounting costs, attorneys' fees, punitive damages, and all such other and further relief, to which Plaintiffs may show them self justly entitled.

Respectfully submitted,

**FIBICH LEEBRON COPELAND
BRIGGS & JOSEPHSON, L.L.P.**

By:_____

      Kenneth T. "Tommy" Fibich
      Texas Bar No. 06952600
      Gregory Q. Fibich
      Texas Bar No. 24059745
      1150 Bissonnet Street
      Houston, Texas 77005
      (713) 751-0025 Telephone
      (713) 751-0030 Facsimile
      tfibich@fibichlaw.com
      gfibich@fibichlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis File & Serve in accordance with the Court's Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179. Further this Complaint was served in accordance with Pretrial Order No. 60 upon the necessary parties, as instructed.

                               */s/ Gregory Q. Fibich*_____
                                 Gregory Q. Fibich