UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON: in the GULF OF MEXICO, on APRIL 20, 2010 | * * | MDL NO. 10-2179 SECTION "J" |
| This Document Relates To: | * | JUDGE BARIER |
| In Re: The Complaint and Petition of Triton Asset Leasing GmbH, et al Civil Action No. 10-2771 | * * | MAG. JUDGE SHUSHAN |

### RESPONSE TO SHOW CAUSE RE: COMPLIANCE WITH PTO 60

**NOW INTO COURT**, through undersigned counsel, comes Louisiana Workers' Compensation Corporation ("LWCC"), a Louisiana insurance company, who respectfully submits to this Honorable Court that it has complied with PTO 60 and the Court should not dismiss LWCC's B1 claims for the following reasons:

1.

Pre-Trial Order No. 60 (record document 16050) ordered that claimants who have not released their claims to file appropriate pleadings with the Court.

2.

According to paragraph 6(A)(i) of Pre-Trial Order 60, plaintiffs who had filed individual lawsuits, which specifically included individual claims filed in the Transocean limitation proceeding Civil Action No. 10-CV-2771, were required to complete the sworn statement and cover sheet in the form required by the Court and file those documents into the record of the individual lawsuit wherein the petitioner had made its claim.

3.

On April 20, 2011, Louisiana Workers' Compensation Corporation filed a Notice of Claim, Objections and Original Answer of Claimant in the Transocean limitation proceeding under Docket No. 10-CV-2771 (Record Document 375) (Exhibit 1).

4.

Pursuant to the provisions of Pre-Trial Order 60, the claim of Louisiana Workers' Compensation Corporation in the Transocean limitation proceeding constituted an individual lawsuit thereby requiring Louisiana Workers' Compensation Corporation to comply with Section 6(A)(i) of Pre-Trial Order 60.

5.

On May 2, 2016, Louisiana Workers' Compensation Corporation complied with PTO 60 by filling its cover sheet, sworn statement and supporting documents in Civil Action 10-CV-2771 (Record Document 572) (Exhibit 2).

6.

The filing on behalf of Louisiana Workers' Compensation Corporation was made out of an abundance of caution since it is a remaining claimant whose claims has not yet been released and the claims it is making are made pursuant to Louisiana state law, specifically, LSA-R.S.

23:1101-3 with respect to its subrogation rights under the Louisiana Workers' Compensation Act.

7.

Accordingly, as the only deficiency asserted against Louisiana Workers Compensation Corporation with respect to the Pre-Trial Order 60 submission on behalf of LWCC is the alleged failure to have an individual complaint on file (Record Document 18724-3 p. 13) and considering that Louisiana Workers' Compensation Corporation had filed a claim in the Transocean limitation proceeding (Docket # 10-cv-2771) and otherwise complied with the specific dictates of paragraph 6(A)(i) of Pre-Trial Order 60 with respect to its individual lawsuit/claim filed in the Transocean limitation proceeding Civil Action No. 10-CV-2771, and subsequent filing of the cover sheet, sworn statement and required attachments as specified in PTO 60, Louisiana Workers' Compensation Corporation respectfully submits that they have completely and correctly complied with the requirements of PTO 60 and that, to the extent any of its claims may fall within the B1 bundle, that those claims be preserved and not dismissed. Alternatively, should this Honorable Court determine that the claims of Louisiana Workers Compensation Corporation are not encompassed within those claims covered by Bundle B1, that the claims of LWCC not be dismissed in any event as they do not fall within the scope of claims encompassed in the B1 bundle and therefore would not be subject to the terms and provisions of PTO 60.

**WHEREFORE**, Louisiana Workers' Compensation Corporation respectfully moves this Court not to dismiss their claims and to allow any and all claims in favor of Louisiana Workers' Compensation Corporation to remain subject to further proceedings before this Honorable Court.

Respectfully submitted:

/s/ David K. Johnson
David K. Johnson, Bar Roll No. 1998
Johnson, Rahman & Thomas
2237 S. Acadian Thruway
Post Office Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone:   (225) 231-0755
Facsimile:   (225) 231-0986
Email:       djohnson@lwcc.com
Counsel for Louisiana Workers' Compensation Corporation

## CERTIFICATE

I **HEREBY CERTIFY** that on the 28th day of June, 2016, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

/s/ David K. Johnson
David K. Johnson