## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO. 10-2179 |
| "DEEPWATER HORIZON: | | |
| in the GULF OF MEXICO, | * | SECTION "J" |
| on APRIL 20, 2010 | | |
| | | |
| This Document Relates To: | * | JUDGE BARIER |
| | | |
| In Re: The Complaint and Petition of | * | MAG. JUDGE SHUSHAN |
| Triton Asset Leasing GmbH, et al | | |
| Civil Action No. 10-2771 | * | |

## NOTICE OF CLAIMS, OBJECTIONS
## AND ORIGINAL ANSWER OF CLAIMANT,
## LOUISIANA WORKERS' COMPENSATION CORPORATION

Claimant, Louisiana Workers' Compensation Corporation, (hereinafter sometimes referred to as "LWCC") is a Louisiana domestic corporation domiciled in Baton Rouge, Louisiana, who, through undersigned counsel, answers the Complaint and Petition for Exoneration From or Limitation of Liability of this matter filed by Petitioners herein. Claimant files this pleading for the purpose of responding to Petitioners' Complaint for Exoneration From or Limitation of Liability and to protect the Claimant's rights and causes of action potentially implicated by Petitioners filing of its Complaint. Claimant specifically reserves any and all rights that Claimant may have under any and all applicable state and federal laws against Petitioners and all other potentially responsible parties. Claimant also specifically reserves its right to pursue resolution of all claims it may have under all appropriate channels, including, but not limited to, the Gulf Coast Claims Facility. Claimant hereby adopts the claims and allegations against Petitioners and all other parties set forth in the original and amended Master Complaint pending against all defendants.

## I. ANSWER TO COMPLAINT

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to depose adequate security for the Vessel and for the additional vessels within the flotilla, which were under common operational control, supervisional, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**FIFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

**SIXTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent hereto, THE MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimants' damages took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, THE MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were known by the owners and/or owners *pro hac vice* to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## NINTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements that are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

## TENTH DEFENSE

The events culminating in the damages to Claimant were the result of the negligence, gross negligence, fault or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of THE MODU DEEPWATER HORIZON and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

## ELEVENTH DEFENSE

The events culminating in the damages to Claimant were not the result of any negligence, fault, or want of due care on their part or those for whom it may be responsible.

## TWELFTH DEFENSE

Claimant further alleges that there was insurance coverage on THE MODU DEEPWATER HORIZON insuring Petitioners in the event of an occurrence such as that which is the subject of Claimants' Claims, and the proceeds of said insurance policy(ies) should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

### THIRTEENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement that may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party(ies), must be included in the limitation fund.

### FOURTEENTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

### FIFTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims its right to have its claims and damages tried to a jury in the court of their choosing.

## SIXTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. See 46 U.S.C. §30501, *et seq.*; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

## SEVENTEENTH DEFENSE

Claimant reserves the right to contest the appraisal value of THE MODU DEEPWATER HORIZON and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## EIGHTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation, Claimant's right to pursue its claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state remedies. Claimant responds to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

I.

The allegations of Paragraphs 1 through 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in the prayer of relief are not statements of facts, but conclusions of law, from which no response is necessary from this Claimant.   However, if response be deemed necessary, said allegations are denied.   Claimant further specifically denies the adequacy of the value of THE MODU DEEPWATER HORIZON and/or the other vessels in its flotilla as asserted by Petitioners.   Claimant further re-urges its prior objection to Petitioners' failure to include the value of all vessels in the flotilla that were under the common operational control, supervision and enterprise in the limitation fund, together with any insurance proceeds, and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioners.   Claimant further denies the adequacy of Petitioner's *Ad Interim* Stipulation for an amount equal to the value of its interest in THE MODU DEEPWATER HORIZON and/or other vessels in its flotilla and the appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the state value of the vessel(s) and/or provide a bond for the value of the vessels(s), issued by a reputable surety company to be approved by the Court.   In doing so, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as foresaid.   Claimant further denies the applicability of Petitioners' Complaint to claims arising under the Oil Pollution Act of 1990. *Metlife Capital Corp. v. M/V EMILY S.*, 132 F.3d 818 (1st Cir. 1997).

## II. CLAIM FOR DAMAGES

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation , LWCC's right to pursue its claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. 1333, and all state law remedies, LWCC files its claims in the Complaint for Exoneration From or Limitation of Liability of and states that:

1.

Louisiana Workers' Compensation Corporation is a domestic Louisiana corporation domiciled in and with its principal place of business in Baton Rouge, Louisiana.

2.

Claimant reiterates and re-urges every defense and objection set forth above as if copied herein in extenso.

3.

On April 20, 2010, the mobile offshore drilling unit ("MODU") DEEPWATER HORIZON (hereinafter "the rig") exploded, caught fire and after burning for two days, on April 22, 2010, sank in approximately 5,000 feet of water about 40 miles offshore of Venice, Louisiana.  Upon information and belief, the source of and fuel for the aforementioned fire were oil and gas escaping from the ruptured well which had been drilled by the rig.  These events individually and collectively began the uncontrolled release and spill of millions of gallons of oil into the Gulf of Mexico.

4.

Claimant is a Louisiana insurance company who provides state and federal compensation insurance to various employers primarily located within the State of Louisiana.

5.

As a result of the explosion, fire, oil spill and resulting evacuations and clean-up efforts numerous employees of various employers were injured while working in the course and scope of their employment and have made workers' compensation claims, both under Federal Law (33 U.S.C. 901 et. seq.) and the Louisiana Workers Compensation Act (LSA R.S. 23:1021 et. seq.), alleging injuries and disabilities related to and caused by the explosion of the rig, the resulting evacuation and clean-up efforts and the remediation and clean-up of the wide spread oil spill.

6.

Attached as Exhibit A is a listing of the individuals who have filed claims for workers' compensation benefits as of the date of the filing of this claim as well as a listing of the employers of the individuals claiming such benefits.

7.

The explosion and sinking of the rig and resulting oil spill and subsequent hazardous clean-up was proximately and legally caused by the unseaworthy condition of the vessel, which all Petitioners, and all other responsible parties, with full privity and knowledge, knew or should have known of prior to commencing operations and was also proximately and legally caused by the concurrent negligence, gross negligence, reckless conduct and fault of all Petitioners and all other responsible parties in the following non-exclusive particulars:

   a.   Failure to inspect the DEEPWATER HORIZON;

   b.   Failure to assure that the DEEPWATER HORIZON was fit for its intended purposes;

   c.   Failure to properly operate the DEEPWATER HORIZON;

   d.   Failure to implement and enforce federal and state safety rules and regulations pertaining to the safe work operation aboard the DEEPWATER HORIZON which would have prevented the fire, explosion and oil spill;

e.   Acting in a careless and negligent manner without due regard for the safety of others;

f.   Failing to promulgate, implement or enforce rules and regulations pertaining to the safe operations of the DEEPWATER HORIZON, which if they have been so promulgated, implemented or enforced would have averted the resulting injuries and damages;

g.   Failure to take appropriate action to avoid or mitigate the fire, explosion and resulting oil spill;

h.   Failure to ensure that the DEEPWATER HORIZON her gear, rigging, appurtenances and equipment were seaworthy, safe and free from defects;

i.   Failure to adequately train and hire personnel;

j.   Failure to bring the fire and resulting oil spill under adequate control;

k.   Failure to anticipate and observe obvious signs of danger;

l.   Failure to provide a vessel, equipment, appliances and appurtenances reasonably fit for their intended use;

m.   Failure to provide an adequately trained, supervised or competent crew;

n.   Failure to monitor the blow out preventers and related equipment to ensure safe operations in the event of a blow out;

o.   Negligently implementing required polices and procedures to safely conduct operations in the Gulf of Mexico;

p.   Using inadequate and defective safety equipment;

q.   Conducting well and well cap cementing operations unsafely and improperly; and

r.   Other acts of negligence, fault and omissions which will be shown upon a trial of this matter, all of which are in violation of the laws of pertinent states and federal law applicable to operations on the Outer Continental Shelf.

8.

Claimant specifically pleads the doctrine of *res ipsa loquitur* in as much as the Petitioners

limitation herein owned and had custody and control of the rig where the incident occurred and

which incident could not have occurred absent the negligent conduct of one or all of the Petitioners and those parties for whom Petitioners are responsible.

9.

In addition and alternatively, this incident was caused by defective equipment that was manufactured or in the care and custody and control of Petitioners and those parties for whom Petitioners are responsible. Petitioners and those parties for whom Petitioners are responsible knew or should have known of such defects and, therefore, Petitioners are responsible for such defects.

10.

At all times pertinent the MODU DEEPWATER HORIZON was unseaworthy.

11.

The incident, explosion and resulting oil spill caused Claimant's damages and losses.

12.

Claimant is entitled to punitive damages because Petitioners aforementioned actions were grossly negligent and reckless. Their conduct was willful, wanton, arbitrary and capricious.

13.

The Petitioners herein had actual as well as subjective awareness of the risks and consciously disregarded such risks.

14.

As a result of said occurrences, Claimant has received multiple claims for workers' compensation benefits, (Exhibit A) both state and federal, and has paid workers compensation benefits, medical expenses and related expenses in excess of $500,000.00 for such claims directly related to and as a result of the explosion, fire, evacuation and subsequent oil spill,

remediation and clean-up efforts. Compensation benefits to the various claimants continue to be paid as such accrue. As the legal subrogee, pursuant to the aforementioned compensation statutes as well as Louisiana Code of Civil Procedure Article 1829, LWCC is entitled to full and complete reimbursement of any and all benefits it pays to any claimant directly or indirectly resulting from the explosion, fire, oil spill and subsequent remediation and clean-up efforts.

15.

Under the provisions of 33 U.S.C. §933 and/or LSA-R.S. 23:1101-3 and 1162, Louisiana Workers' Compensation Corporation, as the compensation insurer for the injured plaintiffs, is entitled to receive complete indemnification with preference and priority for all sums, which it pays to any injured worker or claimant including but not limited to payments pursuant to the Longshore and Harbor Workers' Compensation Act or the Louisiana Workers' Compensation Act.

**WHEREFORE** and considering the foregoing, Claimant asserts that Petitioners' Claim for Exoneration From and/or Limitation of Liability is improper and should be dismissed with prejudice. Claimant further asserts that it is entitled to recover all amounts paid, or which may be paid in the future, by Louisiana Workers Compensation Corporation to or on behalf of any compensation claimants as a result of the legal fault of Petitioners and all other responsible parties and their vessel THE MODU DEEPWATER HORIZON. Claimant prays for judgment in its favor and against Petitioners and their insurers for compensatory, punitive, exemplary and all other appropriate damages together with interest from the date of loss until paid and for all costs of these proceedings.

Respectfully submitted:

/s/ David K. Johnson
David K. Johnson, Bar Roll No. 1998
Johnson, Stiltner & Rahman
2237 S. Acadian Thruway
Post Office Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone:      (225) 231-0755
Facsimile:       (225) 231-0986
Email:            djohnson@lwcc.com
Counsel for Louisiana Workers' Compensation
Corporation

## CERTIFICATE

**I HEREBY CERTIFY** that on the 20th day of April, 2011, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

/s/ David K. Johnson
David K. Johnson

| CLAIM_NUM | ACCIDENT_DATE | CLAIM_STATUS_CODE | CLAIMANT_NAME |
|---|---|---|---|
| 159799 | 06/12/2010 | Z | JAYLEIGH HOLZER |
| 157865 | 05/22/2010 | Z | RANDALL TIPTON |
| 160789 | 11/09/2010 | Z | BENNIE GLASS |
| 159377 | 08/19/2010 | Z | FRANK SINCLAIR |
| 161354 | 12/21/2010 | Z | DENNIS FRANCES, JR. |
| 159115 | 07/23/2010 | A | ELIAS DUBON FIGUEROA |
| 160031 | 09/27/2010 | A | REX ALLISON, SR. |
| 159516 | 08/24/2010 | Z | LEONARD HEIMGARTNER |
| 161967 | 06/26/2010 | D | ROBERT FOSTER |
| 161794 | 09/13/2010 | Z | JORDAN GUERRA |
| 159258 | 08/11/2010 | Z | GARRETT ALL |
| 158994 | 07/22/2010 | Z | EMERSON MENDOZA |
| 161723 | 01/21/2011 | E | SOUTHERN SIMS |
| 158123 | 05/12/2010 | Z | WAYNE ANTOINE |
| 158120 | 05/12/2010 | Z | JOSHUA LEVI |
| 158117 | 05/12/2010 | Z | DANNY RAYBURN |
| 158130 | 05/12/2010 | Z | MITCHELL KNIPPERS |
| 158128 | 05/12/2010 | Z | WILLIAM TAREY |
| 158126 | 05/12/2010 | Z | LELAND TAGERT |
| 158125 | 05/12/2010 | Z | JOSEPH GIGILO |
| 158122 | 05/12/2010 | Z | JEROME JOHNSTON |
| 158118 | 05/12/2010 | Z | LARRY SMITH |
| 158239 | 06/16/2010 | Z | CHAD GENTRY |
| 158127 | 05/12/2010 | Z | DAVID MOUNT |
| 158124 | 05/12/2010 | Z | JULIAN YERENA |
| 158119 | 05/12/2010 | Z | LANCE HENDRICKS |
| 161690 | 01/21/2011 | A | ANA MIRALDA |
| 159267 | 08/02/2010 | Z | JASON SMITH |
| 158266 | 06/18/2010 | Z | MATTHEW MATHERNE |
| 158513 | 06/19/2010 | Z | JABRISON LEWIS |
| 159649 | 08/27/2010 | Z | FREDDIE MATHERNE |
| 159647 | 08/16/2010 | Z | LEROY DUFRENE |
| 160170 | 09/25/2010 | Z | LUCIANO VALENCIA |
| 160204 | 10/07/2010 | Z | JONATHAN BOHANNON |
| 159898 | 08/22/2010 | Z | RAFAEL FERDNANDEZ SANTANA |
| 158414 | 06/27/2010 | Z | STEVEN BADEAUX |
| 158489 | 06/13/2010 | Z | TROY JONES |
| 159646 | 06/07/2010 | Z | CRAIG NEAL |
| 157714 | 05/11/2010 | Z | DANIEL BAGLEY |
| 157602 | 05/05/2010 | E | CEDRIC ELLIS |
| 157600 | 05/05/2010 | E | KEVIN ELLIS |
| 157598 | 05/05/2010 | A | MICHAEL JACOBS |
| 157596 | 05/05/2010 | A | OSCAR LOPEZ |
| 157590 | 05/05/2010 | E | JOHNNY DIGGS |
| 157603 | 05/05/2010 | E | RENDELL JACKSON |
| 157601 | 05/05/2010 | A | MANUAL SANTOS |
| 157591 | 05/05/2010 | A | MIGUEL QUEVEDO |
| 157585 | 05/05/2010 | A | JORGE LOPEZ |
| 157571 | 05/05/2010 | E | DARWIN VIGIL |



Ex. No. _____A_____ , page _1_ of _12_ pages

| | | | |
|---|---|---|---|
| 160749 07/12/2010 | A | | OSMAND ZUNIGA |
| 157592 05/05/2010 | E | | WALTER JACKSON |
| 157589 05/05/2010 | E | | CARLOS MORENO |
| 157588 05/05/2010 | A | | JORGE SANCHEZ |
| 157584 05/05/2010 | A | | MIGUEL SANTANA |
| 157583 05/05/2010 | A | | GADIEL PEREZ |
| 157581 05/05/2010 | E | | OSLY ANARIBA |
| 157578 05/05/2010 | E | | JAVIER GUERRERO-LOPEZ |
| 157568 05/05/2010 | E | | OSCAR MORENO |
| 159298 08/16/2010 | Z | | NELSON LAGOS-ORTIZ |
| 159870 08/27/2010 | A | | RHONDA DARDAR |
| 159648 08/05/2010 | A | | DORIS NAQUIN |
| 159822 09/05/2010 | A | | GILBERTO GARAY |
| 160529 06/09/2010 | Z | | AUNDRE PARISH |
| 160064 09/21/2010 | Z | | FRANCISCO VALERIO |
| 160958 11/22/2010 | Z | | DONALD BROUSSARD |
| 161059 11/13/2010 | A | | PATRICIO SOMARRIBA |
| 159393 08/01/2010 | A | | JOSE RIVERA |
| 158527 07/02/2010 | A | | RENYIELL JACKSON |
| 159299 06/07/2010 | A | | MICHAEL THERIOT |
| 160201 10/07/2010 | A | | MICHAEL HIGGINBOTHAM |
| 160368 09/14/2010 | A | | NORMAN DARDAR, JR. |
| 160247 10/07/2010 | Z | | VICTOR GUITY |
| 160199 10/07/2010 | Z | | GERSON VELASQUEZ |
| 160752 08/07/2010 | Z | | DWAYNE VESSEL |
| 160202 10/07/2010 | Z | | ROBINSON QUINTERO |
| 160200 10/07/2010 | Z | | LANCE COOPER |
| 159913 07/17/2010 | A | | JUAN ELGUEZABAL |
| 160206 10/07/2010 | Z | | IVEY JOHNNY |
| 160198 10/07/2010 | Z | | ANTHONY EDMONDS |
| 159650 09/03/2010 | Z | | WILSON VASQUEZ |
| 157593 05/05/2010 | E | | LEELAND DOXIE |
| 158917 07/01/2010 | Z | | GREGORY LEGER |
| 158135 06/13/2010 | Z | | FRANK ANDRUS |
| 157599 05/05/2010 | E | | KYRON KELLY |
| 157594 05/05/2010 | E | | LOUIS RUIZ |
| 158507 06/29/2010 | Z | | ARTHUR BROUSSARD |
| 157587 05/05/2010 | E | | BRANDON DUMAS |
| 159104 08/06/2010 | Z | | CHAD AGEE |
| 158136 06/13/2010 | Z | | CLETUS MCENTYRE |
| 161578 06/25/2010 | A | | WENCE FLORES |
| 158463 06/23/2010 | A | | JOSE PORTILLO |
| 160333 10/11/2010 | A | | LUCILO DELACRUZ |
| 161679 01/18/2011 | A | | GERMAINE REED |
| 159930 09/17/2010 | A | | BENIGNO NUNEZ |
| 159867 09/17/2010 | A | | GARBALDI ENCARNACION |
| 161818 09/28/2010 | A | | FRANKLIN ALICEA |
| 159936 09/17/2010 | A | | ISRAEL CALDERON |
| 159107 08/02/2010 | Z | | KEVYON SMITH |
| 159691 07/29/2010 | Z | | JASON KING |
| 160960 11/21/2010 | E | | DARRIN WATSON |

159690 09/02/2010          A                    LUZ IBOA

Ex. No. _____A_____, page 3 of 12 pages

| REP | TEAM_NUMBER | STATE_OF_JURISDICTION | MANUAL_CLASS_NUM |
|---|---|---|---|
| BHAY | T1 | LA | 8831 |
| SVAUGHN | T4 | FD | 6872 |
| SVAUGHN | T4 | LA | 6005 |
| DMCGILVR | T1 | LA | 8232 |
| DMCGILVR | T1 | FD | 9402 |
| CADAMS | T6 | LA | 9402 |
| CADAMS | T6 | LA | 9402 |
| CADAMS | T6 | LA | 9402 |
| MAWILL | T4 | LA | 9402 |
| MAWILL | T4 | LA | 8601 |
| AHOTARD | T6 | LA | 9402 |
| ADESHAZE | T6 | FD | 9402 |
| MVAUGHN | T6 | LA | 9402 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | LA | 9402 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | FD | 1320 |
| MVAUGHN | T6 | LA | 9402 |
| FCASEY | T4 | FD | 7309 |
| FCASEY | T4 | FD | 9402 |
| FCASEY | T4 | LA | 9402 |
| FCASEY | T4 | FD | 7016 |
| FCASEY | T4 | FD | 7016 |
| FCASEY | T4 | FD | 7016 |
| FCASEY | T4 | FD | 7016 |
| FCASEY | T4 | LA | 9402 |
| FCASEY | T4 | LA | 9402 |
| FCASEY | T4 | LA | 3726 |
| FCASEY | T4 | FD | 7016 |
| MDUGAS | T6 | LA | 9402 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |

| ABRADFOR | T6 | LA | 6005 |
|----------|----|----|------|
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9403 |
| ABRADFOR | T6 | LA | 9402 |
| BCAUSEY | T6 | FD | 7016 |
| BCAUSEY | T6 | FD | 7016 |
| BCAUSEY | T6 | FD | 7016 |
| BCAUSEY | T6 | FD | 9058 |
| BCAUSEY | T6 | FD | 9402 |
| BCAUSEY | T6 | FD | 9014 |
| BCAUSEY | T6 | FD | 9402 |
| BCAUSEY | T6 | FD | 9402 |
| BCAUSEY | T6 | FD | 9402 |
| BCAUSEY | T6 | FD | 7016 |
| BCAUSEY | T6 | FD | 9402 |
| BCAUSEY | T6 | FD | 6216 |
| GGALLIAN | T4 | FD | 7016 |
| GGALLIAN | T4 | FD | 7016 |
| GGALLIAN | T1 | FD | 8726 |
| GGALLIAN | T4 | FD | 7016 |
| GGALLIAN | T4 | FD | 7016 |
| GGALLIAN | T1 | FD | 7016 |
| GGALLIAN | T4 | FD | 7016 |
| GGALLIAN | T4 | FD | 7016 |
| ADEHNER | T6 | LA | 9402 |
| AMOORE | T4 | LA | 9403 |
| AMOORE | T4 | FD | 5606 |
| AMOORE | T4 | LA | 7420 |
| AMOORE | T4 | LA | 9403 |
| AMOORE | T4 | LA | 9403 |
| AMOORE | T4 | FD | 8107 |
| AMOORE | T4 | LA | 9403 |
| AMOORE | T4 | LA | 9402 |
| AMOORE | T4 | LA | 7420 |
| EBECK | T6 | LA | 9402 |
| EBECK | T6 | LA | 9402 |
| EBECK | T6 | LA | 9402 |
| EBECK | T6 | LA | 9402 |
| EBECK | T6 | LA | 9402 |
| EBECK | T6 | LA | 9402 |
| EBECK | T6 | LA | 6005 |
| EBECK | T6 | LA | 9402 |
| DKRIEGER | T4 | LA | 9402 |
| MSMALL | T4 | FD | 9402 |
| JLEBLANC | T6 | LA | 5190 |

JLEBLANC    T6              LA                              9402

Ex. No. _____ A _____, page 6 of 12 pages

| MANUAL_CLASS_TYPE_CODE | POLICY_NUM |
|---|---|
| R | 130349 |
| F | 14653 |
| R | 136545 |
| R | 132509 |
| F | 118082 |
| R | 134763 |
| R | 137280 |
| R | 118082 |
| R | 134763 |
| R | 133507 |
| R | 124503 |
| F | 134763 |
| R | 123580 |
| F | 135508 |
| F | 135508 |
| F | 135508 |
| F | 135508 |
| F | 135508 |
| F | 135508 |
| F | 135508 |
| F | 135508 |
| R | 123580 |
| F | 135508 |
| F | 135508 |
| F | 135508 |
| R | 123580 |
| F | 89150 |
| F | 83157 |
| R | 83157 |
| M | 117980 |
| M | 117980 |
| M | 117980 |
| M | 117980 |
| R | 117980 |
| R | 83157 |
| R | 128530 |
| M | 117980 |
| R | 83157 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |

| | |
|---|---|
| R | 136545 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 135333 |
| R | 134763 |
| M | 117980 |
| M | 117980 |
| M | 117980 |
| F | 83106 |
| F | 117980 |
| F | 137847 |
| F | 136545 |
| F | 8738 |
| F | 128530 |
| M | 117980 |
| F | 117980 |
| F | 129748 |
| M | 117980 |
| M | 117980 |
| F | 83157 |
| M | 117980 |
| M | 117980 |
| M | 117980 |
| M | 117980 |
| M | 117980 |
| R | 134763 |
| R | 135333 |
| F | 78501 |
| R | 6754 |
| R | 135333 |
| R | 135333 |
| F | 1224 |
| R | 135333 |
| R | 118082 |
| R | 6754 |
| R | 134763 |
| R | 134763 |
| R | 137280 |
| R | 118082 |
| R | 8738 |
| R | 134763 |
| R | 136545 |
| R | 134763 |
| R | 118082 |
| F | 117980 |
| R | 83956 |

Ex. No. ___A___ , page 8 of 12 pages

R                                    137280

Ex. No. _____ A _____, page 9 of 12 pages

**POLICY_NAME**

DR WALTER J ERNST, JR VETERINARY MEMORIAL FOUNDATION &LSAT
CORAL MARINE SERVICE LLC
INDUSTRIAL LABOR & EQUIPMENT SERVICES LLC
IBERIA AGGREGATE & CONSTRUCTION MATERIALS LLC
TEAM LABOR FORCE LLC
SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC
GLOBAL MANAGEMENT ENT LLC
TEAM LABOR FORCE LLC
SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC
UNITED STATES RISK MANAGEMENT, LLC
B & B FIRE & SAFETY SERVICES, INC
SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC
C & G WELDING, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
C & G WELDING, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
ISLAND OPERATING COMPANY, INC.
C & G WELDING, INC.
NEWMAN CRANE SERVICE, INC.
AMPOL, AMERICAN POLLUTION CONTROL CORP.
AMPOL, AMERICAN POLLUTION CONTROL CORP.
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
AMPOL, AMERICAN POLLUTION CONTROL CORP.
OIL MOP LLC
LAWSON ENVIRONMENTAL SERVICE LLC
AMPOL, AMERICAN POLLUTION CONTROL CORP.
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC

Ex. No. A , page 10 of 12 pages

INDUSTRIAL LABOR & EQUIPMENT SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
BAILEY'S OFFSHORE CATERING, LLC
LAWSON ENVIRONMENTAL SERVICE LLC
MCGRATH TECHNICAL STAFFING INC
INDUSTRIAL LABOR & EQUIPMENT SERVICES LLC
INSULATION TECHNOLOGIES, INC.
OIL MOP LLC
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
ROUSTABOUTS, INC.
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
AMPOL, AMERICAN POLLUTION CONTROL CORP.
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC
ASHLAND SERVICES LLC
C.H. FENSTERMAKER & ASSOCIATES
AIRBORNE SUPPORT INTERNATIONAL, INC
ASHLAND SERVICES LLC
ASHLAND SERVICES LLC
BURNER FIRE CONTROL., INC.
ASHLAND SERVICES LLC
TEAM LABOR FORCE LLC
AIRBORNE SUPPORT INTERNATIONAL, INC
SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC
SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC
GLOBAL MANAGEMENT ENT LLC
TEAM LABOR FORCE LLC
INSULATION TECHNOLOGIES, INC.
SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC
INDUSTRIAL LABOR & EQUIPMENT SERVICES LLC
SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC
TEAM LABOR FORCE LLC
LAWSON ENVIRONMENTAL SERVICE LLC
DELTONE ELECTRIC, INC.;

Ex. No. ___A___ , page 11 of 12 pages

GLOBAL MANAGEMENT ENT LLC