# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Gary L. Button; Marilyn Hickman Beckham; ) | |
| Carol Hickman Beheler; Marcus B. Blackwell; ) | |
| Michael L. Blackwell; Peter Blackwell; Wanda ) | |
|  Patton Cowart; Judith M. Cuevas; Wanda ) | |
| Hickman Curtis; Michele Wilson Davis; Herbert ) | |
| Wayne Easterling; Robert D. Easterling; ) | |
| Virginia Hickman Eaton; Charlotte Wilson ) | |
| Edwards; Gloria J. Evans; Kenneth E. Evans; ) | |
| Lenora A. Evans; Port G. Evans; Sharon E. ) | |
| Evans; James Clark Harrell; Patricia Ann ) | |
| Easterling Hatten; the living heirs of Mark ) | |
| Edward Hester; Patsye E. Hester; Steven R. ) | **CIVIL ACTION NO. 13-2306** |
| Hester; Essie Sellers Hickman; Harold ) | |
| V. Hickman; Glen Russell Hickman; Jaden ) | **JUDGE** |
| Elyse Hickman; James Ellis Hickman; Joseph ) | |
| W. Hickman; Linda Hickman; ) | **MAGISTRATE JUDGE** |
| Mary Elvia Hickman; Peter Griffin Hickman; ) | |
| Robinson W. Hickman, Jr.; Roger Allan ) | |
| Hickman; Sydne Lauren Hickman; Tyler ) | |
| Hickman; William Earl Hickman; William ) | |
| Martin Hickman; Rucker ) | |
| Howell, Trustee of the Mable H. Howell ) | |
| Revocable Trust; Melissa Wilson Kennedy; ) | |
| Barbara Patton King; Brenda Patton McDonald; ) | |
| Gloria Jean Hickman Murphy; Lloyd Nathaniel ) | |
| Nicaud, as Assignee of Interest Held by Mary ) | |
| Grace Bunch; Doye Patton Parker; Donald ) | |
| Patton; Lois Patton; Randall Patton; Richard ) | |
| Patton; Ronnie Lynn Patton; Roy D. Patton; ) | |
| Wendell Patton; Barbara E. Robinson; ) | |
| Schulzie Ann Roland; Homer Ray Saucier; ) | |
| Robert Alan Saucier; Carol Patton Shiyou; ) | |
| Merle Hickman Simmons; Rita Pearl Saucier ) | |
| Smith; Sarah Hickman Smith; Barbara Wilson ) | |
| Stewart; Thorne Blackwell Sullivan; Patricia ) | |
| Varnado, Administratrix for the Estate of ) | |
| Arthur E. Marsh; Diane Wanker; Elaine ) | |
| Easterling Whittenburg; Ronald Williams; ) | |
| Elizabeth Hickman Willison; Billy Jack Wilson; ) | |
| Clark P. Wilson; Frank Wilson; Kenneth ) | |
| G. Wilson; Kevin Wilson; Lola Dean Wilson; ) | |
| Michael J. Wilson; Myra P. Wilson; Ottis ) | |
| E. Wilson; Steven G. Wilson; Terry A. Wilson; ) | |
| and Todd M. Wilson. ) | |
| ) | |
|                Plaintiffs, ) | |

```
                                              )
vs.                                           )
                                              )
BP Exploration & Production, Inc.; BP America )
Production Company; Halliburton               )
Energy Services, Inc.; and Sperry Drilling    )
Services, a division of Halliburton Energy    )
Services, Inc.                                )
                                              )
                 Defendants.                  )
                                              )
_____ )
```

## COMPLAINT FOR DAMAGES

**NOW COME PLAINTIFFS,** Gary L. Button, Marilyn Hickman Beckham, Carol Hickman Beheler, Marcus B. Blackwell, Michael L. Blackwell, Peter Blackwell, Wanda Patton Cowart, Judith M. Cuevas, Wanda Hickman Curtis, Michele Wilson Davis, Herbert Wayne Easterling, Robert D. Easterling, Virginia Hickman Eaton, Charlotte Wilson Edwards, Gloria J. Evans, Kenneth E. Evans, Lenora A. Evans, Port G. Evans, Sharon E. Evans, James Clark Harrell, Patricia Ann Easterling Hatten, the living heirs of Mark Edward Hester, Patsye E. Hester, Steven R. Hester, Essie Sellers Hickman, Harold V. Hickman, Glen Russell Hickman, Jaden Elyse Hickman, James Ellis Hickman, Joseph W. Hickman, Linda Hickman, Mary Elvia Hickman, Peter Griffin Hickman, Robinson W. Hickman, Jr., Roger Allan Hickman, Sydne Lauren Hickman, Tyler Hickman, William Earl Hickman, William Martin Hickman, Rucker Howell, Trustee of the Mable H. Howell Revocable Trust, Melissa Wilson Kennedy, Barbara Patton King, Brenda Patton McDonald, Gloria Jean Hickman Murphy, Lloyd Nathaniel Nicaud, as Assignee of Interest Held by Mary Grace Bunch, Doye Patton Parker, Donald Patton, Lois Patton, Randall Patton, Richard Patton, Ronnie Lynn Patton, Roy D. Patton, Wendell Patton, Barbara E. Robinson, Schulzie Ann Roland, Homer Ray Saucier, Robert Alan Saucier, Carol Patton Shiyou, Merle Hickman Simmons, Rita Pearl Saucier Smith, Sarah Hickman Smith, Barbara Wilson Stewart, Thorne Blackwell Sullivan, Patricia Varnado, Administratrix for the

Estate of Arthur E. Marsh, Diane Wanker, Elaine Easterling Whittenburg, Ronald Williams, Elizabeth Hickman Willison, Billy Jack Wilson, Clark P. Wilson, Frank Wilson, Kenneth G. Wilson, Kevin Wilson, Lola Dean Wilson, Michael J. Wilson, Myra P. Wilson, Ottis E. Wilson, Steven G. Wilson, Terry A. Wilson, and Todd M. Wilson (being collectively referred to herein throughout as "Plaintiffs"), who are owners of real property described as Lot # 3 of Horn Island, Section 20, Township 9 South, Range 7 West, Jackson County, Mississippi ("Horn Island Property'). Plaintiffs, through undersigned counsel, allege, aver and represent as follows:

## <u>Nature of the Action</u>

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiffs have suffered property damage and/or losses as a result of the oil spill.

## <u>THE PARTIES, JURISDICTION AND VENUE</u>

3. Plaintiff Gary L. Button is a resident of Gulfport, Mississippi, and is the holder of a 30.917% undivided interest in the fee simple title to the Horn Island Property.

4. Plaintiff Marilyn Hickman Beckham is a resident of Perkinston, Mississippi, and is the holder of a 9.583% undivided interest in the fee simple title to the Horn Island Property.

5. Plaintiff Carol Hickman Beheler is a resident of Greer, South Carolina, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

6. Plaintiff Marcus B. Blackwell is a resident of McHenry, Mississippi, and is the holder of a 0.0417% undivided interest in the fee simple title to the Horn Island Property.

7. Plaintiff Michael L. Blackwell is a resident of McHenry, Mississippi, and is the holder of a 0.0417% undivided interest in the fee simple title to the Horn Island Property.

8. Plaintiff Peter Blackwell is a resident of Metairie, Louisiana, and is the holder of a 0.0417% undivided interest in the fee simple title to the Horn Island Property.

9. Plaintiff Wanda Patton Cowart is a resident of Wiggins, Mississippi, and is the holder of a 0.0703% undivided interest in the fee simple title to the Horn Island Property.

10. Plaintiff Judith M. Cuevas is a resident of Pass Christian, Mississippi, and is the holder of a 0.0556% undivided interest in the fee simple title to the Horn Island Property.

11. Plaintiff Wanda Hickman Curtis is a resident of Gulfport, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

12. Plaintiff Harbert Wayne Easterling is a resident of Wiggins, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

13. Plaintiff Michele Wilson Davis is a resident of Kiln, Mississippi, and is the holder of a 0.0194% undivided interest in the fee simple title to the Horn Island Property.

14. Plaintiff Robert D. Easterling is a resident of Wiggins, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

15. Plaintiff Virginia Hickman Eaton is a resident of Purvis, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

16. Plaintiff Charlotte Wilson Edwards is a resident of Perkinston, Mississippi, and is the holder of a 0.0167% undivided interest in the fee simple title to the Horn Island Property.

17. Plaintiff Gloria J. Evans is a resident of Perkinston, Mississippi, and is the holder of a 1.4% undivided interest in the fee simple title to the Horn Island Property.

18. Plaintiff Kenneth E. Evans is a resident of Terry, Mississippi, and is the holder of a 1.4% undivided interest in the fee simple title to the Horn Island Property.

19. Plaintiff Lenora A. Evans is a resident of Perkinston, Mississippi, and is the holder of a 1.4% undivided interest in the fee simple title to the Horn Island Property.

20. Plaintiff Port G. Evans is a resident of Gulfport, Mississippi, and is the holder of a 1.4% undivided interest in the fee simple title to the Horn Island Property.

21. Plaintiff Sharon E. Evans is a resident of Perkinston, Mississippi, and is the holder of a

1.4% undivided interest in the fee simple title to the Horn Island Property.

22. Plaintiff James Clark Harrell is a resident of Gulfport, Mississippi, and is the holder of a 0.2% undivided interest in the fee simple title to the Horn Island Property.

23. Plaintiff Patricia Ann Easterling Hatten is a resident of Wiggins, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

24. Plaintiff Mark Edward Hester died on or about November 20, 2012 and was a resident of New Orleans, Louisiana at the time of his death. At the time of his death, Mark Edward Hester was, and which his living heirs now retain, a holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

25. Plaintiff Patsye E. Hester is a resident of Long Beach, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

26. Plaintiff Steven Ray Hester is a resident of Long Beach, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

27. Plaintiff Essie Hickman is a resident of Perkinston, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

28. Plaintiff Glen Russell Hickman is a resident of Perkinston, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

29. Plaintiff Harold V. Hickman is a resident of Poplarville, Mississippi, and is the holder of a 0.0833% undivided interest in the fee simple title to the Horn Island Property.

30. Plaintiff Jaden Elyse Hickman is a resident of Gulfport, Mississippi, and is the holder of a 2.396% undivided interest in the fee simple title to the Horn Island Property.

31. Plaintiff James Ellis Hickman is a resident of Brandon, Mississippi, and is the holder of a 1.00% undivided interest in the fee simple title to the Horn Island Property.

32. Plaintiff Joseph W. Hickman is a resident of Perkinston, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

33. Plaintiff Linda Hickman is a resident of Saucier, Mississippi, and is the holder of a 0.0833% undivided interest in the fee simple title to the Horn Island Property.

34. Plaintiff Mary Elvia Hickman is a resident of Saucier, Mississippi, and is the holder of a 0.0833% undivided interest in the fee simple title to the Horn Island Property.

35. Plaintiff Peter Griffin Hickman is a resident of Perkinston, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

36. Plaintiff Robinson W. Hickman, Jr. is a resident of Perkinston, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

37. Plaintiff Roger Allan Hickman is a resident of Wiggins, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

38. Plaintiff Sydné Lauren Hickman is a resident of Gulfport, Mississippi, and is the holder of a 2.396% undivided interest in the fee simple title to the Horn Island Property.

39. Plaintiff Tyler Hickman is a resident of Saucier, Mississippi, and is the holder of a 0.0833% undivided interest in the fee simple title to the Horn Island Property.

40. Plaintiff William Earl Hickman is a resident of Hattiesburg, Mississippi, and is the holder of a 1.00% undivided interest in the fee simple title to the Horn Island Property.

41. Plaintiff William Martin Hickman is a resident of Gulfport, Mississippi, and is the holder of a 4.792% undivided interest in the fee simple title to the Horn Island Property.

42. Plaintiff Rucker Howell, Trustee of the Mable H. Howell Revocable Trust is a resident of Purvis, Mississippi, and is the holder of a 0.20% undivided interest in the fee simple title to the Horn Island Property.

43. Plaintiff Melissa Wilson Kennedy is a resident of Perkinston, Mississippi, and is the holder of a 0.0079% undivided interest in the fee simple title to the Horn Island Property.

44. Plaintiff Barbara Patton King is a resident of Sun City, Arizona, and is the holder of a 0.0145% undivided interest in the fee simple title to the Horn Island Property.

45. Plaintiff Brenda Patton McDonald is a resident of Long Beach, Mississippi, and is the holder of a 0.0145% undivided interest in the fee simple title to the Horn Island Property.

46. Plaintiff Gloria Jean Hickman Murphy is a resident of Gulfport, Mississippi, and is the holder of a 0.1667% undivided interest in the fee simple title to the Horn Island Property.

47. Plaintiff Lloyd Nathaniel Nicaud is a resident of Diamondhead, Mississippi, and is the holder of a 0.0833% undivided interest in the fee simple title to the Horn Island Property, assigned to him by Mary Grace Bunch.

48. Plaintiff Doye Patton Parker is a resident of Perkinston, Mississippi, and is the holder of a 0.0703% undivided interest in the fee simple title to the Horn Island Property.

49. Plaintiff Donald Patton is a resident of Saucier, Mississippi, and is the holder of a 0.0703% undivided interest in the fee simple title to the Horn Island Property.

50. Plaintiff Lois Patton is a resident of Long Beach, Mississippi, and is the holder of a 0.0125% undivided interest in the fee simple title to the Horn Island Property.

51. Plaintiff Randall Patton is a resident of Long Beach, Mississippi, and is the holder of a 0.0145% undivided interest in the fee simple title to the Horn Island Property.

52. Plaintiff Richard Patton is a resident of Long Beach, Mississippi, and is the holder of a 0.0145% undivided interest in the fee simple title to the Horn Island Property.

53. Plaintiff Ronnie Lynn Patton is a resident of Saucier, Mississippi, and is the holder of a 0.0078% undivided interest in the fee simple title to the Horn Island Property.

54. Plaintiff Roy D. Patton is a resident of Saucier, Mississippi, and is the holder of a 0.0703% undivided interest in the fee simple title to the Horn Island Property.

55. Plaintiff Wendell Patton is a resident of Perkinston, Mississippi, and is the holder of a 0.0703% undivided interest in the fee simple title to the Horn Island Property.

56. Plaintiff Barbara E. Robinson is a resident of Gulfport, Mississippi, and is the holder of a 10.305% undivided interest in the fee simple title to the Horn Island Property.

57. Plaintiff Schulzie Ann Roland is a resident of New Orleans, Louisiana, and is the holder of a 0.0833% undivided interest in the fee simple title to the Horn Island Property.

58. Plaintiff Homer Ray Saucier is a resident of Perkinston, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

59. Plaintiff Robert Alan Saucier is a resident of Perkinston, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

60. Plaintiff Carol Patton Shiyou is a resident of Kiln, Mississippi, and is the holder of a 0.0703% undivided interest in the fee simple title to the Horn Island Property.

61. Plaintiff Merle Hickman Simmons is a resident of Saucier, Mississippi, and is the holder of a 0.1667% undivided interest in the fee simple title to the Horn Island Property.

62. Plaintiff Rita Pearl Saucier Smith is a resident of Poplarville, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

63. Plaintiff Sarah Hickman Smith is a resident of Perkinston, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

64. Plaintiff Barbara Wilson Stewart is a resident of Perkinston, Mississippi, and is the holder of a 0.0079% undivided interest in the fee simple title to the Horn Island Property.

65. Plaintiff Thorne Blackwell Sullivan is a resident of Saucier, Mississippi, and is the holder of a 0.0417% undivided interest in the fee simple title to the Horn Island Property.

66. Plaintiff Patricia Varnado, as Administratrix for the Estate of Arthur E. Marsh, is a resident of Poplarville, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

67. Plaintiff Diane Wanker is a resident of The Villages, Florida, and is the holder of a 10.305% undivided interest in the fee simple title to the Horn Island Property.

68. Plaintiff Elaine Easterling Whittenburg is a resident of Gulfport, Mississippi, and is the holder of a 0.05% undivided interest in the fee simple title to the Horn Island Property.

69. Plaintiff Ronald Williams is a resident of Daphne, Alabama, and is the holder of a 10.305% undivided interest in the fee simple title to the Horn Island Property.

70. Plaintiff Elizabeth Hickman Willison is a resident of Perkinston, Mississippi, and is the holder of a 0.636% undivided interest in the fee simple title to the Horn Island Property.

71. Plaintiff Billy Jack Wilson is a resident of Kiln, Mississippi, and is the holder of a 0.0556% undivided interest in the fee simple title to the Horn Island Property.

72. Plaintiff Clark P. Wilson is a resident of Perkinston, Mississippi, and is the holder of a 0.0079% undivided interest in the fee simple title to the Horn Island Property.

73. Plaintiff Frank Wilson is a resident of Saucier, Mississippi, and is the holder of a 0.0556% undivided interest in the fee simple title to the Horn Island Property.

74. Plaintiff Kenneth G. Wilson is a resident of Saucier, Mississippi, and is the holder of a 0.0185% undivided interest in the fee simple title to the Horn Island Property.

75. Plaintiff Kevin Wilson is a resident of Saucier, Mississippi, and is the holder of a 0.0185% undivided interest in the fee simple title to the Horn Island Property.

76. Plaintiff Lola Dean Wilson is a resident of Perkinston, Mississippi, and is the holder of a 0.0079% undivided interest in the fee simple title to the Horn Island Property.

77. Plaintiff Michael John Wilson is a resident of Madera, California, and is the holder of a 0.0194% undivided interest in the fee simple title to the Horn Island Property.

78. Plaintiff Myra P. Wilson is a resident of Kiln, Mississippi, and is the holder of a 0.0556% undivided interest in the fee simple title to the Horn Island Property.

79. Plaintiff Ottis E. Wilson is a resident of Poplarville, Mississippi, and is the holder of a 0.0556% undivided interest in the fee simple title to the Horn Island Property.

80. Plaintiff Steven G. Wilson is a resident of Perkinston, Mississippi, and is the holder of a 0.0079% undivided interest in the fee simple title to the Horn Island Property.

81. Plaintiff Terry A. Wilson is a resident of Perkinston, Mississippi, and is the holder of a

82. Plaintiff Todd M. Wilson is a resident of Saucier, Mississippi, and is the holder of a 0.0079% undivided interest in the fee simple title to the Horn Island Property.

82. Plaintiff Todd M. Wilson is a resident of Saucier, Mississippi, and is the holder of a 0.0185% undivided interest in the fee simple title to the Horn Island Property.

83. Plaintiffs bring these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*

84. Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."

85. Jurisdiction also exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

86. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714. This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

87. Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

88. BP Exploration and BP America are generally referred to herein collectively as the "BP Defendants" or "BP."

89. Defendant, Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Halliburton is registered to do and does business in the State of Louisiana. Halliburton provided engineering services, materials, testing,

mixing, and pumping for cementing operations on board the Deepwater Horizon, as well as onshore engineering support for those operations.

90. Halliburton division Sperry Drilling Services (formerly Sperry Sun Drilling Services) was responsible for mudlogging personnel and equipment on the Deepwater Horizon, including downhole drilling tools. Sperry mudlogging personnel were partially responsible for monitoring the well, including mud pit fluid levels, mud flow in and out of the well, mud gas levels, and pressure fluctuations. "Halliburton" shall refer to both Halliburton Energy Services, Inc. and its Sperry division.

91. Venue is proper in this jurisdiction because the defendants' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiffs in this jurisdiction.

## Factual Background

92. Plaintiffs adopt and incorporate as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

93. Plaintiffs further adopt and incorporate as if fully restated herein Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, 2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

94. As identified by the National Oceanic Atmospheric Administration, among others, the oil spill has caused, and will continue to cause, severe damage to the delicate wetlands and inter-tidal zones that line the coast of Mississippi, including the Horn Island Property, destroying the habitats where water fowl, fish, shellfish, and crustacean breed, spawn,

and mature.

95. The unprecedented amounts of chemical dispersants used by Defendants to accelerate the dispersal of the oil may have significant side-effects as well. Corexit EC9500A and Corexit EC9527A were the principal dispersants used. These dispersants are composed of several chemicals, including 2-Butoxy Ethanol, which was identified as a causal agent in the health problems experienced by cleanup workers after the 1989 *Exxon Valdez* oil spill. In addition, the Hazardous Substance Fact Sheet for 2-Butoxy Ethanol warns that it may be a carcinogen in humans and that "[t]here may be no safe level of exposure to a carcinogen, so all contact should be reduced to the lowest possible level." Further, the OSHA-required Material Safety Data Sheets ("MSDS") for both versions of Corexit used indicate they may have a potential to bio-accumulate in the tissues of fish or other organisms. Additionally, the MSDSs state that if the product becomes a waste, "it could meet the criteria of a hazardous waste as defined by the Resource Conservation and Recovery Act (RCRA) 40 CFR 261."

96. Corexit EC9500A and Corexit EC9527A are more toxic and less effective than at least twelve other EPA-approved dispersants, and are banned from use on oil spills in the United Kingdom. Defendants stated that they chose to use Corexit because it was available the week of the rig explosion.

97. More than 1.84 million gallons of chemical dispersants were used by July 30, 2010, and additional dispersant use was reported by fishermen in mid-August. The dispersants were employed both on the surface and at the wellhead 5,000 feet below the surface. Approximately 771,000 gallons of chemical dispersants were applied at the wellhead, a procedure that had never previously been tried. Mixing the dispersants with the oil at the wellhead added toxicity to the spill and kept much of the oil below the surface, exposing organisms to more widespread concentrations of oil. In addition, scientists believe the

use of the underwater injection of Corexit into the leak is responsible for the oil plumes discovered below the surface.

98. Oil, dispersants, and other pollutants released by Defendants remain in Gulf waters, the Gulf floor, Mississippi waters, and land owned and/or within the jurisdiction of the State of Mississippi, and continue to cause damage. Oil, dispersants, and other pollutants have settled into the sediment on the Gulf floor and the bed underlying waters of Mississippi, where it has killed and will continue to kill marine life and will continually discharge into, and cause damage to the natural resources of the Gulf of Mexico and its shorelines, including Mississippi's sensitive wetlands, marshlands and estuarine areas. As a result of the events described herein, Plaintiffs have suffered ascertainable losses and damages, including, but not limited to, diminution of property values, as the oil pollutes the Horn Island Property.

99. There are many other potential effects from the oil spill that have not yet become known, and Plaintiffs reserve the right to amend this Complaint once additional information becomes available.

100. Plaintiffs, out of an abundance of caution, made and/or re-made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of the claim with a "sum certain" and supporting documentation to BP as the "responsible party" under OPA on or before January 21, 2013.

101. Because Plaintiffs previously asserted claims against the responsible party by submitting a claim directly to BP as the "responsible party" under OPA via registered mail on November 2, 2012, the additional presentment on or before January 21, 2013 was made (and/or re-made) out of an abundance of caution.

102. BP either denied the claim or otherwise failed to satisfy the claim within 90 days of presentment.

13

## CLAIMS FOR RELIEF

103.     Plaintiffs adopt and incorporate as if restated herein, all claims for relief raised in the MDL Complaints, against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs and damages arising out of the following:

104.     Loss of Natural Resources;

105.     Loss or Damage to Real or Personal Property;

106.     Subsistence Use;

107.     Loss of Public Services.

108.     Plaintiffs adopt and incorporate as if restated herein, all claims for relief raised in the MDL Complaints, against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

109.     Negligence; and

110.     Gross Negligence and Willful Misconduct.

111.     Plaintiffs adopt and incorporate as if restated herein, all claims for relief raised in the MDL Complaints, against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and *in solido,* as follows:

a.     Economic and compensatory damages in amounts to be determined at trial;

b.     Punitive Damages;

c.     Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d.     Reasonable claims preparation expenses;

  e. Attorneys' fees;

  f. Costs of litigation; and

  g. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this the 22nd day of April, 2013.

      /s/ Matthew W. McDade
      Matthew W. McDade (LSB – 32899)
      Jonathan P. Dyal (MS Bar No. 99146)
      BALCH & BINGHAM LLP
      1310 Twenty Fifth Avenue
      Gulfport, MS 39501
      Telephone: (228) 864-9900
      Facsimile: (228) 864-8221


      and

      Michael D. Freeman (ASB-6065-F44M)
      M. Todd Lowther (ASB-3992-A60L)
      BALCH & BINGHAM LLP
      Post Office Box 306
      Birmingham, AL 35201-0306
      Telephone: (205) 251-8100
      Facsimile: (205) 226-8799

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Gary L. Button, et al.

(See Attached Sheet for Additional Plaintiffs)

**(b)** County of Residence of First Listed Plaintiff   Harrison County, MS
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew W. McDade, Balch & Bingham LLP, 1310 25th Avenue
Gulfport, MS 39501 (228) 864-9900

## DEFENDANTS

BP Exploration & Production, Inc.; BP America Production Company; Halliburton Energy Services, Inc.; Sperry Drilling Services, Inc., a division of Halliburton Energy Services, Inc.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
33 U.S.C. 2701, et seq.
Brief description of cause:
Damages from Deepwater Horizon Oil Spill

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE         DOCKET NUMBER

DATE
4/22/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ Matthew W. McDade

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

*Gary L. Button, et al. v. BP Exploration & Production, Inc., et al.*
Additional Plaintiffs

1.   Gary L. Button
2.   Marilyn Hickman Beckham
3.   Carol Hickman Beheler
4.   Marcus B. Blackwell
5.   Michael L. Blackwell
6.   Peter Blackwell
7.   Wanda Patton Cowart
8.   Judith M. Cuevas
9.   Wanda Hickman Curtis
10.  Michele Wilson Davis
11.  Herbert Wayne Easterling
12.  Robert D. Easterling
13.  Virginia Hickman Eaton
14.  Charlotte Wilson Edwards
15.  Gloria J. Evans
16.  Kenneth E. Evans
17.  Lenora A. Evans
18.  Port G. Evans
19.  Sharon E. Evans
20.  James Clark Harrell
21.  Patricia Ann Easterling Hatten
22.  The living heirs of Mark Edward Hester
23.  Patsye E. Hester
24.  Steven R. Hester
25.  Essie Sellers Hickman
26.  Harold V. Hickman
27.  Glen Russell Hickman
28.  Jaden Elyse Hickman
29.  James Ellis Hickman
30.  Joseph W. Hickman
31.  Linda Hickman
32.  Mary Elvia Hickman
33.  Peter Griffin Hickman
34.  Robinson W. Hickman, Jr.
35.  Roger Allan Hickman
36.  Sydne Lauren Hickman
37.  Tyler Hickman
38.  William Earl Hickman
39.  William Martin Hickman
40.  Rucker Howell, Trustee of the Mable H. Howell Revocable Trust
41.  Melissa Wilson Kennedy
42.  Barbara Patton King
43.  Brenda Patton McDonald

44. Gloria Jean Hickman Murphy
45. Lloyd Nathaniel Nicaud, as Assignee of Interest Held by Mary Grace Bunch
46. Doye Patton Parker
47. Donald Patton
48. Lois Patton
49. Randall Patton
50. Richard Patton
51. Ronnie Lynn Patton
52. Roy D. Patton
53. Wendell Patton
54. Barbara E. Robinson
55. Schulzie Ann Roland
56. Homer Ray Saucier
57. Robert Alan Saucier
58. Carol Patton Shiyou
59. Merle Hickman Simmons
60. Rita Pearl Saucier Smith
61. Sarah Hickman Smith
62. Barbara Wilson Stewart
63. Thorne Blackwell Sullivan
64. Patricia Varnado, Administratrix for the Estate of Arthur E. Marsh
65. Diane Wanker
66. Elaine Easterling Whittenburg
67. Ronald Williams
68. Elizabeth Hickman Willison
69. Billy Jack Wilson
70. Clark P. Wilson
71. Frank Wilson
72. Kenneth G. Wilson
73. Kevin Wilson
74. Lola Dean Wilson
75. Michael J. Wilson
76. Myra P. Wilson
77. Ottis E. Wilson
78. Steven G. Wilson
79. Terry A. Wilson
80. Todd M. Wilson

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Gary L. Button, et al. <br><br> *Plaintiff(s)* <br><br> v. <br><br> BP Exploration & Production, Inc.; BP America Production Company; Halliburton Energy Services, Inc.; and Sperry Drilling Services, a division of Halliburton Energy Services, Inc. <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No.   13-2306 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> BP AMERICA PRODUCTION COMPANY
> The Corporation Trust Company
> Corporation Trust Center
> 1209 Orange Street
> Wilmington, Delaware 19801

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Matthew W. McDade
> Balch & Bingham LLP
> 1310 25th Avenue
> Gulfport, MS 39501

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____      _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  13-2306

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Gary L. Button, et al. <br><br> *Plaintiff(s)* <br><br> v. <br><br> BP Exploration & Production, Inc.; BP America Production Company; Halliburton Energy Services, Inc.; and Sperry Drilling Services, a division of Halliburton Energy Services, Inc. <br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.  13-2306 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> BP AMERICA PRODUCTION COMPANY
> The Corporation Trust Company
> Corporation Trust Center
> 1209 Orange Street
> Wilmington, Delaware  19801

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Matthew W. McDade
> Balch & Bingham LLP
> 1310 25th Avenue
> Gulfport, MS 39501

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  13-2306

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*


                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:



Print          Save As...          Reset

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Gary L. Button, et al. <br><br> *Plaintiff(s)* <br><br> v. <br><br> BP Exploration & Production, Inc.; BP America Production Company; Halliburton Energy Services, Inc.; and Sperry Drilling Services, a division of Halliburton Energy Services, Inc. <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br>  Civil Action No.  13-2306 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> BP AMERICA PRODUCTION COMPANY
> The Corporation Trust Company
> Corporation Trust Center
> 1209 Orange Street
> Wilmington, Delaware  19801

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Matthew W. McDade
> Balch & Bingham LLP
> 1310 25th Avenue
> Gulfport, MS 39501

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  13-2306

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Print          Save As...          Reset

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| Gary L. Button, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No.  13-2306 |
| | ) | |
| BP Exploration & Production, Inc.; BP America | ) | |
| Production Company; Halliburton Energy Services, | ) | |
| Inc.; and Sperry Drilling Services, a division of | ) | |
| Halliburton Energy Services, Inc. | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

BP AMERICA PRODUCTION COMPANY
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware  19801

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Matthew W. McDade
Balch & Bingham LLP
1310 25th Avenue
Gulfport, MS 39501

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  13-2306

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



Print     Save As...     Reset