UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEASCAPE RESORTS, INC.,
SEASCAPE TOWN CENTER 08, LLC,
SRI HOLDING, LLC, and
M&C ENTERPRISES, LLC                          CAUSE NO.:  2:13-cv-01968

    *Plaintiffs*

vs.

BP EXPLORATION & PRODUCTION, INC.,
BP AMERICA PRODUCTION COMPANY, and
BP P.L.C.

    *Defendants*

### SEASCAPE RESORTS, INC. AND RELATED PARTIES RESPONSE TO SHOW CAUSE RE: COMPLIANCE WITH PTO 60

In response to this Honorable Court's order to Show Cause in Compliance with PTO 60, Seascape Resorts, Inc. ("Seascape Resorts"), Seascape Town Center 08, LLC ("Seascape Town Center"), SRI Holding, LLC ("SRI"), and M&C Enterprises, LLC ("M&C") respond to the deficiencies listed on Exhibit 2 of the Show Cause Order as follows.

1.  **Failure to File Individual Complaints – Individual Complaint Requirement was satisfied because the plaintiffs filed an original and amended complaint properly joining the plaintiffs pursuant to Fed. R. Civ. P. 20.**

Order to Show Cause, Exhibit 2 lists as deficient Seascape Resorts, Seascape Town Center, SRI, and M&C for failure to file an individual complaint.  *See* Doc. 18724-3. Plaintiffs assert compliance with PTO 60's individual complaint requirement for the following reasons: (1) Original and amended complaints were filed by Plaintiffs;  (2) PTO 60 does not require separate

1

individual complaints for related parties; and (3) Plaintiffs are related parties properly joined in the original and amended complaints pursuant to Federal Rule of Civil Procedure 20.

With respect to Plaintiffs compliance with PTO 60's individual complaint requirement, a brief background on Plaintiffs relationship will be helpful. Seascape Resorts, Seascape Town Center, SRI and M&C are related businesses that together comprise one of the largest resorts in Miramar Beach, Florida. Seascape Resorts developed, owns, and manages Seascape Resorts, a master-planned vacation community located directly on the beach on Miramar Beach, Florida. Seascape Resorts also owns 2000 linear feet of privately owned beach front along Miramar Beach's coastline. Seascape Resorts offers full resort amenities, including golf and tennis, full service gym and pool, several dining options including Whale's Tail, a beach front restaurant and bar. Through vendors, Seascape Resorts provides beach activities and excursions. Seascape Resorts earns revenue from condo rental management, resort fees, management fees, amenities, housekeeping, maintenance, food & beverage, golf, and beach access. SRI and M&C own condo units located on Seascape Resorts which are managed by Seascape Resorts.

In addition to its resort operations, Seascape Resorts holds unique development rights called Development of Regional Impact ("DRI") which grant Seascape Resorts the right to develop an additional 850 multi-family units and 200,000 square feet of commercial space on its property in Miramar Beach. Before the Oil Spill, Seascape Resorts commissioned a master-plan to develop a 45,000 square foot mixed-use facility composed of retail and restaurant space. Seascape Town Center was created as the entity to execute development. Seascape Resorts and Seascape Town Center began development and incurred development related expenses including architect fees, civil engineering fees, infrastructure fees, state/county and government fees in excess of $1 million dollars. Seascape Resorts and Seascape Town Center also commissioned an

2

redesign plan of its existing golf course to accommodate its planned commercial development. Prior to the Oil Spill, Seascape Resorts also commissioned architectural designs for a high rise condo to add additional multi-family units to its resort property.

Plaintiffs also share common management and ownership. Seascape Resorts' executive leadership consists of Mark E. Osborn (Board of Directors) and Marcus B. Osborn (President). Seascape Town Center's managing member is Seascape Resorts. SRI's managing member is Seascape Resorts and its President is Marcus B. Osborn. In addition, M&C is a limited liability company formed in Alabama and its limited liability member is Mark Osborn.

As a result of the Oil Spill, Seascape Resorts' beaches were sullied with oil contamination, tar balls and dispersants. Instead of tourists and beach goers, Seascape Resorts' beaches were populated with BP Clean-up crews, machinery, and equipment. As a result of the Oil Spill, Seascape Resorts, Seascape Town Center, SRI, and M&C suffered common damages, including but not limited to, loss of income and profits, loss of revenue due to delayed development, loss of property value, property damage due to oiling of its property, and all other damages asserted in the original and amended complaint. *See* Seascape Resorts, Inc., et al v. BP, Fed. Dist. Ct. E.D. La., 2:13-cv-19068, Doc. 1 (Original Complaint filed April 20, 2013) and *In re Deepwater Horizon* MDL 2179, Fed. Dist. Ct. E.D. La., 2:10- md-02179, Doc. 18049 (Amended Complaint).

Turning to PTO 60's Individual Complaint requirement, Paragraph B (i) Footnote 3, does not require that related parties file individual complaints. Rather, PTO 60 explicitly states that the individual complaint requirement "[…] does not include complaints that contain related parties such as a husband and wife or co-owners of a business. Where two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint." *See* Doc. 16050 at 2.

Pursuant to Federal Rule of Civil Procedure 20, Plaintiffs filed one original complaint and one amended complaint for Seascape Resorts, Seascape Town Center, SRI, and M&C because Plaintiffs assert damages arise from the same transaction, occurrence, or series of transactions or occurrences, namely the oiling of Seascape Resorts' property where upon all the plaintiffs' properties and businesses are located. In addition, the oiling of the plaintiffs' property and the Oil Spill's impact on the plaintiffs' interconnected revenue model will likely involve common questions of law and fact. Due to the interrelated nature of the parties, Plaintiffs assert joinder is appropriate. *See* Fed. R. Civ. P. 20(a)(1)(B).

Plaintiffs respectfully request the Court find Seascape Resorts, Seascape Town Center, SRI and M&C' s original and amended complaint comply with PTO 60's individual complaint requirement.

**2. Failure to file Exhibit A for Seascape Town Center, SRI, and M&C**.

In accordance with PTO 60, Seascape Resorts filed an Exhibit A providing presentment and release information for Seascape Resorts with supporting opt out form and short form. In addition, Seascape's Exhibit A enclosed short forms for Seascape Town Center, SRI, and M&C. *See In re Deepwater Horizon MDL 2179,* Fed. Dist. Ct., E.D. La, 2:10-md-02179, Doc. 11 at 24-26 (Short Form for Seascape Town Center); Doc. 11 at 12-17 (Short Form for SRI); and Doc. 11 at 18-23 (Short Form for M&C).  With respect to individual signed Exhibit A and opt out election documents for Seascape Town Center, SRI and M&C, Counsel requested and obtained signed Exhibit A documents from the plaintiffs prior to May 2, 2016. However, at the time of filing, signed Exhibit A form for Seascape Town Center, SRI, and M&C were inadvertently omitted. As evidence of Plaintiffs good faith efforts in attempting to comply, the plaintiffs enclose signed Exhibit A forms for Seascape Town Center, SRI and M&C signed by Mark

4

Osborn dated May 2, 2016. *See* Exhibit A. Plaintiffs respectfully request the court weigh the plaintiffs timely presentment, timely filing of short forms, timely opt out election, and filing of original complaint prior to the statute of limitations, and good faith efforts to comply with PTO 60 in favor of allowing Plaintiffs to cure the inadvertent omission of signed Exhibit A forms for Seascape Town Center, SRI and M&C.

Based on the foregoing, the undersigned respectfully asks this Honorable Court find there are no deficiencies in Seascape Resorts, Seascape Town Center, SRI, and M&C's compliance with PTO 60 or in the alternative, find that the plaintiffs cured any existing deficiencies through this filing.

Respectfully submitted,

_____
**BARON & BUDD, P.C**.

SCOTT SUMMY
ssummy@baronbudd.com
IRMA ESPINO
iespino@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File and Serve Xpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of June, 2016.

_____
Irma Espino