UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **John C. Ellis, III individually and d/b/a Blue Water Bay Resort & Casino Development, Columbia Land Development, LLC, Columbia Marketplace Limited, LP, Westgate Apartments, LP, Gulf Grove, LP, JCE Commercial Properties, Inc.** ) ) ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION NO. 2:13-2074 |
| ) | |
| vs. ) | JUDGE |
| ) | |
| ) | MAGISTRATE JUDGE |
| **BP Exploration & Production, Inc.; BP America Production Company; Halliburton Energy Services, Inc.; and Sperry Drilling Services, a division of Halliburton Energy Services, Inc.** ) ) ) ) ) ) | |
| Defendants. ) ) ) | |

**COMPLAINT FOR DAMAGES**

**NOW COME PLAINTIFFS,** John C. Ellis, III individually and d/b/a Blue Water Bay Resort & Casino, Columbia Land Development, LLC, Columbia Marketplace Limited, LP, Westgate Apartments, LP, Gulf Grove, LP, and JCE Commercial Properties, Inc., through undersigned counsel, who allege, aver and represent as follows:

**Nature of the Action**

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiffs have suffered economic injury, damage and/or losses as a result of the oil spill.

**THE PARTIES, JURISDICTION AND VENUE**

1

3. Plaintiff John C. Ellis, III individually and d/b/a Blue Water Bay Resort & Casino is a resident of the age of majority of Mississippi.

4. Plaintiff Columbia Land Development, LLC is a Mississippi limited liability company with its principal place of business/operations in Harrison County, Mississippi.

5. Plaintiff Columbia Marketplace Limited, LP is a Mississippi limited partnership with its principal place of business/operations in Harrison County, Mississippi.

6. Plaintiff Westgate Apartments, LP is a Mississippi limited partnership with its principal place of business/operations in Harrison County, Mississippi.

7. Plaintiff Gulf Grove, LP is a Mississippi limited partnership with its principal place of business/operations in Harrison County, Mississippi.

8. Plaintiff JCE Commercial Properties, Inc. is a Mississippi corporation with its principal place of business/operations in Harrison County, Mississippi.

9. Plaintiff brings these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*

10. Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction.

11. Jurisdiction also exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

12. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714. This court has personal jurisdiction over BP Exploration,

because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

13. Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

14. BP Exploration and BP America are generally referred to herein collectively as the "BP Defendants" or "BP."

15. Defendant, Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Halliburton is registered to do and does business in the State of Louisiana. Halliburton provided engineering services, materials, testing, mixing, and pumping for cementing operations on board the Deepwater Horizon, as well as onshore engineering support for those operations.

16. Halliburton division Sperry Drilling Services (formerly Sperry Sun Drilling Services) was responsible for mudlogging personnel and equipment on the Deepwater Horizon, including downhole drilling tools. Sperry mudlogging personnel were partially responsible for monitoring the well, including mud pit fluid levels, mud flow in and out of the well, mud gas levels, and pressure fluctuations. "Halliburton" shall refer to both Halliburton Energy Services, Inc. and its Sperry division.

17. Venue is proper in this jurisdiction because the defendants' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiffs in this jurisdiction.

**Factual Background**

18. Plaintiffs adopt and incorporate as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

19. Plaintiffs further adopt and incorporate as if fully restated herein Plaintiff's' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, .2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

20. Plaintiffs own 438 acres of real property on St. Louis Bay, in Harrison County, Mississippi. Plaintiffs purchased the real property with the intention of developing Blue Water Bay Resort and Casino. Before the oil spill occurred, Plaintiffs had preliminary approval of funding and negotiations over the terms of the financing were in process. As a result of the oil spill, all financing negotiations ceased, and Plaintiffs were forced to continue paying interest on several notes held by investors in the project. Had the project funding negotiations come to fruition, the land would have been purchased for the development, and the balloon payments would have been made and would have prevented interest from continuing to accrue on the notes held by the investors.

21. Plaintiffs' real property was investment property held by Plaintiffs that has depreciated in value as a result of the *Deepwater Horizon* spill. Real property values in areas near the Gulf Coast dropped dramatically as a result of the oil spill and its effects on the local economy and real estate market. Plaintiffs lost profits and experienced an impairment of earning capacity from their inability to develop or sell their real property described

4

above.

22. Plaintiffs made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of their claim with a "sum certain" and supporting documentation to BP as the "responsible party" under OPA through submissions directly to BP under Claim No. 6866-124-547635 and submissions to the Gulf Coast Claims Facility under Claimant Nos. 352935 (John C. Ellis, III) 3529002 (Columbia Land Development, LLC), 3529475 (Columbia Marketplace Limited, LP), 3529471 (Westgate Apartments, LP) 3529388 (Gulf Grove, LP), and 3529162 (JCE Commercial Properties, Inc.).

23. BP either denied the claim or otherwise failed to satisfy the claim within 90 days of presentment.

## Claims for Relief

24. Plaintiffs adopt and incorporate as if restated herein, all claims for relief raised in the MDL Complaints against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to Plaintiffs for removal costs and damages arising out of the following:

    a. Loss of Natural Resources;

    b. Loss or Damage to Real or Personal Property;

    c. Subsistence Use;

    d. Loss of Revenues;

    e. Loss of Profits and/or Earning Capacity; and

    f. Loss of Public Services.

25. Plaintiffs adopt and incorporate as if restated herein, all claims for relief raised in the

MDL Complaints against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

    a. Negligence; and

    b. Gross Negligence and Willful Misconduct.

26. Plaintiffs adopt and incorporate as if restated herein, all claims for relief raised in the MDL Complaints against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and *in solido,* as follows:

    a. Economic and compensatory damages in amounts to be determined at trial;

    b. Punitive Damages;

    c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d. Reasonable claims preparation expenses;

    e. Attorneys' fees;

    f. Costs of litigation; and

    g. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

Date: 4/20/2013

  /s/ Allison E. White
**Allison E. White,** La. Bar No. 32957
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: aew@cunninghambounds.com

Of Counsel:
**Robert T. Cunningham**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: rtc@cunninghambounds.com

**Steven L. Nicholas**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sln@cunninghambounds.com

**Stephen C. Olen**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sco@cunninghambounds.com