UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN | * | |
| THE GULF OF MEXICO ON | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO | * | |
| | * | MAGISTRATE SHUSHAN |
| BEDROCK SEAFOOD, CO. | * | |
| | * | |
| DOCKET NUMBER(S) | * | |
| | * | |
| 2:13-CV-1074-CJB-SS | * | |

RESPONSE TO ORDER TO SHOW CAUSE RE: COMPLAINCE WITH PTO 60

COMES NOW Plaintiff Bedrock Seafood, Co. (hereinafter "Bedrock"), by and through undersigned counsel and in response to this Court's Order to Show Cause re: Compliance with PTO 60 (Doc. 18724) respectfully states as follows:

1. In this Court's Order to Show Cause re: Compliance with PTO 60 (Doc. 18724), this Court ordered that all plaintiffs identified on Exhibit 2 show cause in writing on or before 28 June 2016 why this Court should not dismiss said claim for failing to materially comply with the requirements of PTO 60.

2. Bedrock was identified on Exhibit 2 (Doc 18724-3 at p. 2) for failing to respond regarding whether the plaintiff "execute[d] a release of [its] claims upon receiving payment through any claims program" under PTO 60 (Doc. 16050-1).

3. Bedrock's principal, John W. Parker, Jr., was also identified on Exhibit 2 (Doc. 18724-3 at p. 16) for the same rationale.

4. Bedrock's principal, John W. Parker, Jr., does not have an individual claims at issue in the filed complaint and thus should not be included on either Exhibit 1 or 2.

5. Bedrock's claims should not be dismissed with prejudice because Bedrock substantially complied with PTO 60 (2:13-cv-1074, Doc. 5) and any oversight can be easily remedied by the filing of an amended filing.

6. Bedrock's Complaint covers Expressly Reserved claims (Doc. 8139 at p. C-1) that were not available for payment within any claims program.  Bedrock did, however, submit some claims through GCCF and DHECC and release those payable claims under those programs.  Likewise, Bedrock's principal had individual claims that were paid and released under the claims programs.  However, it was unclear as to whether PTO 60 referred to (1) whether any and all claims at issue in the Complaint had been released or (2) whether any claims had been released within the claims programs.  Therefore, the Claimant did not select either "yes" or "no" in response to the release question.

7. As this minor oversight and confusion is the only basis for Bedrock appearing on Exhibit 2, Bedrock respectfully requests that this Honorable Court (1) not dismiss the case for failure to comply with PTO 60; (2) allow Bedrock to file an amended PTO 60 notice; (3) remove "John W. Parker, Jr." from Exhibit 2; and (4) any other and further relief this Court may deem Plaintiff to be justly entitled.

Respectfully Submitted,

**DEAN LAW FIRM**

*/s/ J. Christopher Dean*
J. Christopher Dean
Texas Bar No. 00793596
Federal Bar No. 266069
Email: dean@jamesdeanlaw.com
T. Danielle Ross
Texas Bar No. 24070530
Federal Bar No. 1102102
Email: ross@jamesdeanlaw.com
17225 El Camino Real, Suite 190
Houston, Texas 77058
T: 281-280-8900
F: 281-280-8901

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Order to Show Cause Re: Compliance with PTO 60 has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of June, 2016.

*/s/ J. Christopher Dean*
J. Christopher Dean