# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on April 20, 2010 | * | |
| | * | |
| | * | Section "J" |
| | * | |
| This document relates to: Civil No. 2:10-cv-01984 | * | |
| *Whittinghill v. Abdon Callais Offshore, L.L.C.* | * | Judge Barbier |
| | * | Mag. Judge Shushan |
| | * | |

**********************************************

# RESPONSE TO RULE TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO PTO-60

Plaintiff, Clay Whittinghill, respectfully shows cause why his complaint should not be dismissed for his alleged "non-compliance" with PTO-60.    Plaintiff's claims should not be dismissed because Plaintiff was compliant with PTO-60 in all respects.

The only stated reason for his inclusion on BP's "good faith list" (Doc. 18724-3) was that he did not "respond to release" (Sworn Statement Question 4).[1]  That question read "Did you execute a release of your claims **upon receiving payment through any claims program**:  Yes ____. No ____." (Emphasis added).  There was not an option on the form to check "N/A" or "not applicable."   Because Plaintiff did not "receive a payment through any claims program" -- a predicate to the question – he left the answer blank as non-applicable.

---

[1] According to BP, Plaintiff 1) timely filed his pleading; 2) had an individual complaint on file; 3) responded regarding presentment; 4) filed an "Exhibit A," and 5) personally signed his statement. See Doc. 18724-3.

If Plaintiff answered "YES" or "NO" to that question as written, he would have conceivably confessed under oath to having "received payment through any claims program," which would have been <u>untrue</u>.  (Viewed in related context, had the question "Did you execute a release of your claims **upon receiving payment through any claims program**" been asked in a deposition, it would be objectionable because any answer could be construed an admission that he received payment in a claims program).  At best, the question may be subject to different reasonable interpretations.  On the advice of counsel, Plaintiff did not answer that question as he understood it was inapplicable to Plaintiff.

Plaintiff contacted BP counsel at Kirkland & Ellis immediately upon receiving the show cause order to amicably resolve his inclusion on BP's "good faith lists."  *Exhibit A*.  Plaintiff offered to submit an amended sworn statement answering "NO" to the question "Did you execute a release of your claims upon receiving payment through any claims program."  Plaintiff was told there were too many claimants to individually negotiate alleged deficiencies.  *Id*.

Plaintiff clearly demonstrated his good faith attempt to fully comply with the PTO-60, and did in fact comply with terms of the Order notwithstanding BP's dissatisfaction with his response to a question subject to different reasonable interpretations.

For these reasons, Plaintiff respectfully requests that his claims not be dismissed with prejudice and/or that he be granted time to cure whatever deficiencies the Court may deem proper.

Respectfully submitted,
**MARTZELL, BICKFORD & CENTOLA**


/s/ Spencer R. Doody
**SCOTT R. BICKFORD T. A., (#1165)**
**SPENCER R. DOODY (#27795)**
338 Lafayette Street
New Orleans, LA  70130-3244
504/581-9065 (Telephone)
504/581-7635 (Fax)
usdcedla@mbfirm.com


## CERTIFICATE OF SERVICE


I certify that on June 28, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.  I

I have additionally served the foregoing on the following via US Mail:

Counsel for BP
Attn: J. Andrew Langan
Kirkland & Ellis LLP
300 North LaSalle St, Suite 2400
Chicago IL 60654

MDL 2179 Plaintiffs' Steering Committee
Attn: Steve Herman or Jim Roy
The Exchange Centre, Suite 2000
935 Gravier Street New Orleans, LA 70112

/s/ Spencer R. Doody
SPENCER R. DOODY