# Spencer R. Doody

| | |
|---|---|
| **From:** | Regan, Matthew T <mregan@kirkland.com> |
| **Sent:** | Monday, June 13, 2016 12:56 PM |
| **To:** | Spencer R. Doody |
| **Cc:** | SHERMAN@hhklawfirm.com; James P. Roy (LC & EC) |
| **Subject:** | RE: WHITTINGHILL, CLAY / MDL-2179 / 10-01984 / Claimant incorrectly listed on BP's Ex. 2 to Doc 18724-3 |

Dear Counsel:

Thank you for your email. With respect to your inquiries, BP directs you to the Court's 6/7/16 Order which requires certain Plaintiffs to show cause in writing why they should not be dismissed for failure to comply with the requirements of PTO 60 in response to the good faith lists. While some issues may be more straightforward than others, and while BP may later file responses to what a Plaintiff files in response to the Order, we cannot change the Court's Order in terms of what must be filed by you now to preserve your claims/confirm your compliance with PTO 60.

Because of the size of the docket and number of plaintiffs at issue, we cannot negotiate issues of compliance without proper filings being made. For that reason, if you represent one of these Plaintiffs, BP would advise you to file a timely response per the Court's Order, and BP will respond accordingly and as directed by the Court with respect to those filings.

Respectfully,


**Matthew T. Regan P.C.**

KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
T +1 312 862 2431  M +1 312 286 1443
F +1 312 862 2200

matthew.regan@kirkland.com



EXHIBIT A

**From:** Spencer R. Doody [mailto:sdoody@mbfirm.com]
**Sent:** Wednesday, June 08, 2016 9:37 AM
**To:** Regan, Matthew T
**Cc:** SHERMAN@hhklawfirm.com; James P. Roy (LC & EC)
**Subject:** WHITTINGHILL, CLAY / MDL-2179 / 10-01984 / Claimant incorrectly listed on BP's Ex. 2 to Doc 18724-3

Matt,

Steve Herman suggested I contact you for resolution of our client's inclusion on BP's Ex. 2 to the B-1 show cause order. We believe his inclusion was made in error.

Our client, Clay Whittinghill, was marked "compliant" in all respects except under the exhibit's column five (heading: "Responded Regarding Release.").

We assume he was included on this spreadsheet because he left the answer to Question 4 on page 2 of his sworn statement blank. That question read "Did you execute a release of your cliams *upon receiving payment through any claims program*: Yes _____. No _____." (Emphasis added). Note that there was not an option on this form to check "N/A" or "not applicable."

Because Mr. Whittinghill did not receive a payment through any claims program (which was a predicate to the question), he left the answer to this question blank, as we believed it only applied to claimants who received payment through a claims program.

1

If Mr. Whittinghill answered YES or NO to that question, we believe he would have confessed to having "received payment through any claims program," which is untrue. (To put in another perspective, that question would be objectionable in a depostiion – any answer could be construed an admission that he received payment in the claims program). At best, the question may be subject to different reasonable interpretations.

Is BP willing to voluntarily remove Whittinghill from its list of claims subect to the show cause order on this basis? We would be willing to submit an amended sworn statement answeing "NO" to the question "Did you execute a release of your claims upon receiving payment through any claims program." Please let me hear from you as soon as possible.

Thanks,
Spencer


**Spencer R. Doody, Esq.**
Martzell, Bickford & Centola, A.P.C.
338 Lafayette St.
New Orleans, LA. 70130
Phone (504) 581-9065
Fax (504) 581-7635
sdoody@mbfirm.com
www.Mbfirm.com



Martzell, Bickford, and Centola

Confidentiality Notice: The information contained in this e-mail (and/or the documents accompanying it) is private and confidential information belonging to the sender which may be protected by the attorney-client privilege, attorney work product or other legal privileges. Delivery of this message to any person other than the intended recipient is not intended in any way to waive privilege or confidentiality. The information is intended only for the use of the individual(s) identified above and others who have been specifically authorized to receive it. If you are not the intended recipient or believe that you have received this communication in error, do not print, copy, retransmit, disseminate, or otherwise use the information. If you have received the transmission in error, please alert the sender that you have received this email by reply e-mail and delete the copy you received. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.