FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 16-6140   DIVISION N-8

IN RE CHARLIE VAN VO, QUY LE, TAN THOI NGYUEN, AND VAN NHUT LE

FILED:_____   _____
DEPUTY CLERK

## PETITION TO APPOINT CURATOR

NOW INTO COURT comes Clay Garside of the firm of Waltzer Wiygul & Garside, who respectfully represents that:

1.

Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le are absent persons who own incorporeal movable property in the form of an offer to settle disputed causes of action in this Parish at the time their absence commenced. The affidavits of Clay Garside and Binh Nguyen establishing jurisdiction and relationship and efforts to locate are attached to this petition.

2.

The last contact with Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le was in 2012 and they have not been seen or contacted since. None of them has a representative in this state and their whereabouts are not known and cannot be ascertained by diligent effort.

3.

Petitioner is the attorney for Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le with respect to the disputed claims. Petitioner requests that the Honorable Michael G. Bagneris be appointed as curator to administer and as necessary dispose of the property of Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le. No other person who is eligible to petition for appointment of a curator, or to act as a curator, can be found. The causes of action held by Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le each has a gross value of less than $20,000. Petitioner avers that no curator will accept the curatorship if security is required, and therefore requests that the curator be permitted to serve without security.

4.

The only known property of Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut

1

Le are the offers to settle disputed causes of action set forth in the attached affidavits of Clay Garside. The offers to settle will expire and become of no value if they are not accepted promptly. Failure to accept these offers will be prejudicial to the interests of Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le.

5.

Accordingly, under La. R.S. § 13:3421, et seq. and Article 47 of the Louisiana Code of Civil Procedure, it is necessary that a person be appointed herein as curator.

WHEREFORE, the Petitioner prays that:

A. The Court set a date and time for the hearing of this application for appointment;

B. Notice of this application for appointment be published according to law;

C. The Honorable Michael G. Bagneris be appointed as curator for Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le and empowered to administer and make disposition of the property of Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le in the best interests of Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le respectively.

Respectfully Submitted,

Clay Garside, La. Bar No. 29873
Waltzer, Wiygul & Garside LLC
14399 Chef Menteur Highway #D
New Orleans, LA 70129
Telephone: (504) 254-4400
Fax: (504) 254-1112
clay@wwglaw.com

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED

2016 JUN 17 P 3: 07

NO.                                                               DIVISION

IN RE CHARLIE VAN VO, QUY LE, TAN THOI NGYUEN, AND VAN NHUT LE

FILED:_____                                  _____

                                                                                             DEPUTY CLERK

## AFFIDAVIT OF JURISDICTION AND RELATIONSHIP

My name is Clay Garside. I am of the full age of majority and fully competent to make this affidavit. I have personal knowledge of all of these facts.

1.

I am a partner in the law firm of Waltzer Wiygul & Garside. Nhut Van Le executed a representation agreement with the firm with respect to any claims he may have had in connection with the Deepwater Horizon Oil Spill. In connection with this representation the firm has obtained a settlement offer from the responsible parties. This offer must be accepted immediately or it will be withdrawn. This offer is the only compensation that Mr. Le has any reasonable prospect of receiving, and if it is not accepted Mr. Le will likely receive no compensation. The situs of this personal property is Orleans Parish, because that is the situs of the offer to compromise Mr. Le's cause of action. Mr. Le has no known property of any kind in the state other than his claim related to the oil spill.

2.

The firm has despite diligent efforts been unable to locate Nhut Van Le at his most recent address and phone number. The firm has made diligent efforts as detailed in the affidavit of Binh Nguyen.

3.

Mr. Le has no known representative in the state. The Honorable Michael G. Bagneris is willing to be and is fully eligible to be appointed as curator to administer and as necessary dispose of the property of Nhut Van Le. No relative or other person who is eligible to petition for appointment of a

1

curator, or to act as a curator, can be found despite diligent effort.

    I declare under penalty of perjury that the foregoing is true and correct.

_____<br>
Clay Garside

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 16th DAY OF JUNE, 2016.

_____
NOTARY PUBLIC
Mauricio Sierra (LA Bar # 35560)

2

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS 2016 JUN 17 P 3:07

STATE OF LOUISIANA

NO. _____                              DIVISION _____

CIVIL DISTRICT COURT

IN RE NHUT VAN LE

FILED: _____                           _____
                                                 DEPUTY CLERK

### AFFIDAVIT

My name is Binh Nguyen. I am of the full age of majority and fully competent to make this affidavit. I have personal knowledge of all of these facts.

I am a paralegal in the law firm of Waltzer Wiygul & Garside. I worked on the oil spill claim for Nhut Van Le. The last direct contact we had with Mr. Le was in 2012. When we found that Mr. Le had an offer of settlement from BP, we called all of the numbers we had for him. We sent a letter to the address we had. We also went to the physical address. Finally, we hired Deep South Investigations to try to locate him. We have still been unable to locate Mr. Le. However, we will continue to make efforts to locate him.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Binh Nguyen

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 16th DAY OF JUNE, 2016.

_____
NOTARY PUBLIC
Joel Waltzer (LA Bar # 19268)

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS 2015 JUN -4 P 3: 07

STATE OF LOUISIANA

CIVIL ...

NO.                                                        DIVISION

IN RE CHARLIE VAN VO, QUY LE, TAN THOI NGYUEN, AND VAN NHUT LE

FILED:_____                   _____
                                                                                                 DEPUTY CLERK

## AFFIDAVIT OF JURISDICTION AND RELATIONSHIP

My name is Clay Garside. I am of the full age of majority and fully competent to make this affidavit. I have personal knowledge of all of these facts.

1.

I am a partner in the law firm of Waltzer Wiygul & Garside. Tan Thoi Nguyen executed a representation agreement with the firm with respect to any claims he may have had in connection with the Deepwater Horizon Oil Spill. In connection with this representation the firm has obtained a settlement offer from the responsible parties. This offer must be accepted immediately or it will be withdrawn. This offer is the only compensation that Mr. Nguyen has any reasonable prospect of receiving, and if it is not accepted Mr. Nguyen will likely receive no compensation. The situs of this personal property is Orleans Parish, because that is the situs of the offer to compromise Mr. Nguyen's cause of action. Mr. Nguyen has no known property of any kind in the state other than his claim related to the oil spill.

2.

The firm has despite diligent efforts been unable to locate Tan Thoi Nguyen at his most recent address and phone number. The firm has made diligent efforts as detailed in the affidavit of Binh Nguyen.

3.

Mr. Nguyen has no known representative in the state. The Honorable Michael G. Bagneris is willing to be and is fully eligible to be appointed as curator to administer and as necessary dispose of the property of Tan Thoi Nguyen. No relative or other person who is eligible to petition for

1

appointment of a curator, or to act as a curator, can be found despite diligent effort.

I declare under penalty of perjury that the foregoing is true and correct.

Clay Garside

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 16th DAY OF JUNE, 2016.

NOTARY PUBLIC
Mauricio Sierra (LA Bar # 35560)

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. _____                                   DIVISION _____

IN RE TAN THOI NGUYEN

FILED:_____                                 _____
                                                      DEPUTY CLERK

## AFFIDAVIT

My name is Binh Nguyen. I am of the full age of majority and fully competent to make this affidavit. I have personal knowledge of all of these facts.

I am a paralegal in the law firm of Waltzer Wiygul & Garside. I worked on the oil spill claim for Tan Thoi Nguyen. The last direct contact we had with Mr. Nguyen was in 2012. When we found that Mr. Nguyen had an offer of settlement from BP, we called all of the numbers we had for him. We sent a letter to the address we had. Finally, we hired Deep South Investigations to try to locate him. We have still been unable to locate Mr. Nguyen. However, we will continue to make efforts to locate him.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Binh Nguyen

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 16th DAY OF JUNE, 2016.

_____
NOTARY PUBLIC
Joel Waltzer (LA Bar # 19268)

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA



FILED
2016 JUN 17 P 3:08

CIVIL
DISTRICT COURT

NO. _____  DIVISION _____

IN RE CHARLIE VAN VO, QUY LE, TAN THOI NGYUEN, AND VAN NHUT LE

FILED: _____   _____
DEPUTY CLERK

## AFFIDAVIT OF JURISDICTION AND RELATIONSHIP

My name is Clay Garside. I am of the full age of majority and fully competent to make this affidavit. I have personal knowledge of all of these facts.

1.

I am a partner in the law firm of Waltzer Wiygul & Garside. Quy Le executed a representation agreement with the firm with respect to any claims he may have had in connection with the Deepwater Horizon Oil Spill. In connection with this representation the firm has obtained a settlement offer from the responsible parties. This offer must be accepted immediately or it will be withdrawn. This offer is the only compensation that Mr. Le has any reasonable prospect of receiving, and if it is not accepted Mr. Le will likely receive no compensation. The situs of this personal property is Orleans Parish, because that is the situs of the offer to compromise Mr. Le's cause of action. Mr. Le has no known property of any kind in the state other than his claim related to the oil spill.

2.

The firm has despite diligent efforts been unable to locate Quy Le at his most recent address and phone number. The firm has made diligent efforts as detailed in the affidavit of Binh Nguyen.

3.

Mr. Le has no known representative in the state. The Honorable Michael G. Bagneris is willing to be and is fully eligible to be appointed as curator to administer and as necessary dispose of the property of Quy Le. No relative or other person who is eligible to petition for appointment of a

1

curator, or to act as a curator, can be found despite diligent effort.

I declare under penalty of perjury that the foregoing is true and correct.

*Clay Garside*

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 16th DAY OF JUNE, 2016.

NOTARY PUBLIC
Mauricio Sierra (LA Bar # 35560)

2

FILED
2016 JUN 17 P 3:08

FILED
2016 JUN 17 P 3:0

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. _____                         CIVIL DISTRICT COURT
                                          DIVISION

IN RE QUY LE

FILED: _____              _____
                                          DEPUTY CLERK

## AFFIDAVIT

My name is Binh Nguyen. I am of the full age of majority and fully competent to make this affidavit. I have personal knowledge of all of these facts.

I am a paralegal in the law firm of Waltzer Wiygul & Garside. I worked on the oil spill claim for Quy Le. The last direct contact we had with Mr. Le was in 2012. When we found that Mr. Le had an offer of settlement from BP, we called all of the numbers we had for him. We sent a letter to the address we had. We also went to the physical address. Finally, we hired Deep South Investigations to try to locate him. We have still been unable to locate Mr. Le. However, we will continue to make efforts to locate him.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Binh Nguyen

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 16th DAY OF JUNE, 2016.

_____
NOTARY PUBLIC /1881/
Joel Waltzer (LA Bar # 19268)

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. _____                                          DIVISION _____

FILED  2016 JUN 17 P 3: 08

IN RE CHARLIE VAN VO, QUY LE, TAN THOI NGYUEN, AND VAN NHUT LE

FILED: _____

_____
DEPUTY CLERK

## AFFIDAVIT OF JURISDICTION AND RELATIONSHIP

My name is Clay Garside. I am of the full age of majority and fully competent to make this affidavit. I have personal knowledge of all of these facts.

1.

I am a partner in the law firm of Waltzer Wiygul & Garside. Charlie Van Vo executed a representation agreement with the firm with respect to any claims he may have had in connection with the Deepwater Horizon Oil Spill. In connection with this representation the firm has obtained a settlement offer from the responsible parties. This offer must be accepted immediately or it will be withdrawn. This offer is the only compensation that Mr. Vo has any reasonable prospect of receiving, and if it is not accepted Mr. Vo will likely receive no compensation. The situs of this personal property is Orleans Parish, because that is the situs of the offer to compromise Mr. Vo's cause of action. Mr. Vo has no known property of any kind in the state other than his claim related to the oil spill.

2.

The firm has despite diligent efforts been unable to locate Charlie Van Vo at his most recent address and phone number. The firm has made diligent efforts as detailed in the affidavit of Binh Nguyen.

3.

Mr. Vo has no known representative in the state. The Honorable Michael G. Bagneris is willing to be and is fully eligible to be appointed as curator to administer and as necessary dispose of the property of Charlie Van Vo. No relative or other person who is eligible to petition for appointment

1

of a curator, or to act as a curator, can be found despite diligent effort.

    I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Clay Garside*
Clay Garside

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 16th DAY OF JUNE, 2016.

*/s/ Mauricio Sierra*
NOTARY PUBLIC
Mauricio Sierra (LA Bar # 35560)

2

FILED
JUN 17 P 3:08
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                                             DIVISION

IN RE CHARLIE VAN VO

FILED: _____                    _____
                                              DEPUTY CLERK

### AFFIDAVIT

My name is Binh Nguyen. I am of the full age of majority and fully competent to make this affidavit. I have personal knowledge of all of these facts.

I am a paralegal in the law firm of Waltzer Wiygul & Garside. I worked on the oil spill claim for Charlie Van Vo. The last direct contact we had with Mr. Vo was in 2012. When we found that Mr. Vo had an offer of settlement from BP, we called all of the numbers we had for him. We sent a letter to the address we had. Finally, we hired Deep South Investigations to try to locate him. We have still been unable to locate Mr. Vo. However, we will continue to make efforts to locate him.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Binh Nguyen

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 16th DAY OF JUNE, 2016.

_____
NOTARY PUBLIC  11861
Joel Waltzer (LA Bar # 19268)

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

FILED

2016 JUN 17 P 3:08

CIVIL
DISTRICT COURT

NO. _____                              DIVISION _____

IN RE CHARLIE VAN VO, QUY LE, TAN THOI NGUYEN, AND VAN NHUT LE

FILED:_____            _____
                                    DEPUTY CLERK

## ORDER SETTING HEARING ON PETITION TO APPOINT CURATOR

It is ordered that the Petition to Appoint Curator of Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le is set for hearing at the Civil District Court of Orleans Parish, Louisiana, 421 Loyola Avenue, New Orleans Louisiana at ___M, _____, 2016.

So ordered this ___ day of June, 2016, New Orleans, Louisiana.

_____
JUDGE

1

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

FILED

2016 JUN 17 P 3:08

NO.                                                                               **DIVISION**

CIVIL DISTRICT COURT

**IN RE CHARLIE VAN VO, QUY LE, TAN THOI NGYUEN, AND VAN NHUT LE**

FILED:_____                                            _____

                                                                                **DEPUTY CLERK**


NOTICE IS GIVEN that Clay Garside has filed a petition in the above entitled matter, requesting that the Honorable Michael G. Bagneris be appointed curator of the absent persons Charlie Van Vo, Quy Le, Tan Thoi Nguyen, and Van Nhut Le, and that a hearing on the application for appointment will be held on the ___ day of _____, 2016. An opposition to this application must be filed in this Court prior to the hearing.