IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>Applies to:<br><br>William Bruhmuller, et.al. v. BP Exploration & Production, Inc., et.al., Civil Action No. 2:13-cv-97 | Civil Action No. 2:10-MD-02179<br><br>SECTION: "J"<br><br>JUDGE CARL BARBIER<br><br>MAGISTRATE JUDGE SALLY SHUSHAN |

**RESPONSE TO ORDER TO SHOW CAUSE**

NOW COMES First National Bank, USA ("First National"), individually and on behalf of the Class pled in Civil Action No. 2:13-cv-97, and files this response to the Court's Order to Show Cause Re: Compliance With PTO 60 (the "Show Cause Order") (Rec. Doc. 18724) and avers as follows:

### I.   INTRODUCTION.

On October 19, 2010, the Court issued Pretrial Order 11 (Rec. Doc. 569) ("PTO 11"), creating pleading bundles for various types of claims. In accordance with PTO 11, the PSC filed the B1 Master Complaint on December 15, 2010 (Rec. Doc. 879), and a First Amended B1 Master Complaint on February 9, 2011 (Rec. Doc. 1128). Numerous Defendants filed motions to dismiss the First Amended B1 Complaint. On August 26, 2011, the Court issued an Order and Reasons granting in part and denying in part these motions. (Rec. Doc. 3830). BP subsequently answered the First Amended Complaint on September 27, 2011. (Rec. Doc. 4130).

The PSC and BP subsequently reached a class settlement. On April 16, 2012, the PSC filed a new class action complaint to serve as the vehicle for the proposed Economic and Property Damage Settlement ("E&P Settlement"). *See* No. 12-970, *Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* The class action complaint was amended on May 2, 2012. (Rec. Doc. 6412). On April 18, 2012, the PSC and BP filed the E&P Settlement (Rec. Doc. 6276) and Motions seeking its approval. (Rec. Docs. 6266, 6269, 6414). The Court gave preliminary approval to the E&P Settlement on May 2, 2012. (Rec. Doc. 6418). Final approval was given by the Court on December 21, 2012. (Rec. Docs. 8138, 8139). The approval became final in 2014, after all appeals were exhausted.

The E&P Settlement resolved certain claims by private individuals and businesses for economic loss and property damage resulting from the *Deepwater Horizon* explosion. To effectuate the settlement, the Court certified the "Economic Loss and Property Damage Class", which consists of individuals and entities defined by (1) geographic bounds and (2) the nature of their loss or damage. If both criteria were not met, or the individual or entity opted out of the class, then the individual or entity was not within the settlement class and the claims were unaffected by the E&P Settlement.

The E&P Settlement recognized six categories of damage:

(1) Economic Loss (including individual loss of wages, business economic loss, multi-facility business economic loss, start-up business economic loss, failed business economic loss, failed start-up business economic loss)

(2) Property damage (including loss of use/enjoyment of real property, coastal real property damage, wetlands real property damage, realized real property sales loss),

(3) Vessel of Opportunity ("Vo0") Charter Payment

(4) Vessel Physical Damage

(5) Subsistence Damage

(6) Seafood Compensation Program

Excluded from the E&P Settlement were: any Economic Class Member who or which elected to be excluded from or opted out of the E&P Settlement; financial institutions; funds, financial trusts and other financial vehicles; gaming businesses; insurance entities; oil and gas businesses; defense contractors and subcontractors; real estate developers; and any entity marketing BP-branded products. In Civil Action No. 2:13-cv-97 First National and other lead plaintiffs filed claims on behalf of all these groups which were excluded from the E&P Settlement.

On March 29, 2016, the Court entered Pretrial Order No. 60 (PTO 60) (Rec. Doc. 16050), which, among other things, requires each plaintiff who was part of a complaint with more than one plaintiff to file an individual suit no later than May 2, 2016. On June 7, 2016, the Court issued the Show Cause Order, which directs any plaintiff who did not file an individual suit as required by PTO 60 to show cause why the "Court should not dismiss their B1 claim(s) with prejudice for failing to comply with the requirements of PTO 60." PTO 60 is directed to claimants who had previously filed individual suits, or had filed Short Form Joinders, or were part of a "Mass Joinder" lawsuit. PTO 60 does not mention "class actions" and does not facially require class representatives in class action suits to file individual suits or take any action whatsoever. On a fair reading, PTO 60 does not impose any requirements on plaintiffs who filed class actions, or on putative class members who, while relying on the tolling effect of the class action, did not file an individual suit, or a Short Form Joinder, or a Mass Joinder Suit. The putative members of Civil Action No.2:13-cv-97 are not subject to PTO 60 because they have never filed an individual suit, or a Short Form Joinder, or a Mass Joinder Suit. Additionally, those who filed Short Form Joinders but were later excluded from the E&P Settlement Class never had the opportunity for the Court to rule on their class claims asserted in the First

Amended B-1 Master Complaint. These individuals also deserve the protections of the class action at issue. First National is not covered by PTO 60 because it filed a class action suit and class action suits are not mentioned in PTO 60. Nevertheless, First National is filing this Response to the Order to Show Cause because of the harsh results it could face if the Court believes that it and the class members it seeks to represent were subject to PTO 60.

First National respectfully explains below why it would have been improper and prejudicial to First National and all putative members of the class pled in Civil Action No. 2:13-cv-97 to file individual suits as required by PTO 60. Moreover, to the extent the Court still believes that individual suits should be filed by First National and all putative class members, First National requests that the Court first hold a hearing on the issue of class certification, and only if the class is not certified, First National and all putative class members be ordered to file individual suits, after proper notice is given to all putative members of the class pled in Civil Action 2:13-cv-97.

## II. ARGUMENT.

### A. PTO 60 Forces Claimants to Abandon Class Tolling Protections And File A Potentially Time-Barred Lawsuit.

PTO 60 is specifically aimed at individuals who did not participate in the E&P Settlement, or who are not members of the E&P Settlement Class, because they were not members of the class as defined, were excluded from the settlement, or opted out of the settlement. These same individuals are putative class members in Civil Action No. 2:13-cv-97, which First National and others filed in a representative capacity. The same individuals are putative class members in other litigation class actions filed immediately after the spill, which are still pending in this MDL. *See, e.g.,* 2:10-cv-1222 (filed April 28, 2010); 2:10-cv-01248 (filed April 30, 2010). Except for the *Bon Secour* E&P Settlement Class, the Court has not ruled

on certification in any pending *Deepwater Horizon* class action. Those class actions have been stayed pursuant to Case Management Order No, 1 section VII since October of 2010. (Rec. Doc. 569). PTO 60 also states that those actions remain stayed until further orders from the Court are issued.

If First National or the putative class members are required to file individual lawsuits at this stage in the proceedings, their rights would be unfairly prejudiced. By requiring First National (and possibly the putative members of the class pled in Civil Action No.2:13-cv-97) to file individual suits, PTO 60 is essentially forcing them to preemptively "opt out" of the potential class. *See State Farm Mut. Auto. Ins. Co. v. Boellstorlf,* 540 F.3d 1223, 1233 (10th Cir. 2008) (referring to such suits as "early opt-outs"); *In re BP p.l.c. Sec. Litig.,* No. 4:13-CV-1393, 2014 WL 4923749, 3 (S.D. Tex. Sept. 30, 2014). Such result would be equivalent to a ruling denying class certification without a hearing, and at best it would create a "headless class" if only First National's claims are dismissed.

Counsel are not aware of any authority that supports forcing First National or the putative class members to abandon the protections and benefits of collective prosecution afforded by Federal Rule of Civil Procedure 23, prior to a decision on class certification. *See Am. Pipe & Const. Co. v. Utah,* 414 U.S. 538, 552 (1974) ("Not until the existence and limits of the class have been established...does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it in order to profit from the eventual outcome of the case"); *In re Hanford Nuclear Reservation Litig.,* 534 F.3d 986, 1009 (9th Cir. 2008) ("[T]he *American Pipe* doctrine protects plaintiffs from being forced to file suit before the certification decision"); *In re Katrina Canal Breaches Consol. Litig.,* No. CIVA 05-4182, 2008 WL 2692674, at *3 (E.D. La. July 2, 2008) ("[I]t was not the purpose of *American Pipe* . . to force individual plaintiffs to make an early decision whether to proceed by individual suit or rely on a class

representative"); *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345. 352-53 (1983) ("Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims").

With class certification still unresolved, PTO 60 placed First National and the putative class members in a very difficult dilemma.  Either they could ignore PTO 60 and face dismissal by this Honorable Court, or they could comply with PTO 60 and file suit, risking dismissal in future proceedings, for example on appeal to the Fifth Circuit, on the basis of OPA's statute of limitations. In the case of First National, by filing an individual suit it would essentially be abandoning its fiduciary role as class representative and the duties it assumed in that capacity, without first giving the required notification to putative class members who have relied on Civil Action 2:13-cv-97 to protect their interests.

The Supreme Court has established that a class action complaint tolls the running of the statute of limitations for putative class members who file individual suits *after* class certification is decided. *See Crown, Cork & Seal Co., supra.* However, the Supreme Court has not yet decided whether a putative class member who files a lawsuit *before* class certification is resolved may also rely on the class complaint to toll the limitations period, or whether such a plaintiff has "forfeited" his opportunity to rely on *American Pipe* tolling. *See In re Refrigerant Compressors Antitrust Litig.,* 92 F. Supp. 3d 652, 659 (E.D. Mich. 2015) (explaining the "forfeiture rule" adopted by the Sixth Circuit and other courts).

The federal circuits are split as to the effect of a lawsuit filed before class certification is decided, and the Fifth Circuit has yet to weigh in. *Compare In re WorldCom Sec. Litig.,* 496 F.3d 245 (2d Cir. 2007) (summarizing the circuit split and extending *American Pipe* tolling to pre-certification suits); *State Farm Mut. Auto. Ins. Co. v. Boellstorff,* 540 F.3d 1223 (10th Cir. 2008) (same); *and In re Hanford Nuclear Reservation Litig.,* 534 F.3d 986 (9th Cir. 2008) (same); *with Wyser-Pratte Mgmt. Co. v. Telxon Corp.,* 413 F.3d 553 (6th Cir. 2005) (explaining the rationale

for not extending *American Pipe* tolling to pre-certification suits, and citing multiple district court cases in accord); *with Glater v. Eli Lilly & Co.,* 712 F.2d 735, 739 (1st Cir. 1983) ("The policies behind Rule 23 and *American Pipe* would not be served, and in fact would be disserved, by guaranteeing a separate suit at the same time that a class action is ongoing."); *see also In re BP plc. Sec. Litig.,* No. 4:13-CV-I393, 2014 WL 4923749, at *3 (S.D. Tex. Sept. 30, 2014) (noting the "split of authority on this issue" and the lack of Fifth Circuit guidance).

Over six years have passed since the Deepwater Horizon explosion. At some point a three-year limitations period commenced and, absent some tolling mechanism, it has undoubtedly lapsed. 33 U.S.C. § 2717. This Court should not require First National or the putative members of a class that has been neither certified nor denied, to rely on unsettled legal theories which may ultimately end in the dismissal of their claims. The Court undoubtedly has great authority in managing this complex litigation; however, that authority should not extend to ordering First National or each putative class member to file an individual lawsuit and abandon the class protections upon which they have relied.

### B. Dismissal Without Prior Notice to Potential Class Members Would be Unfairly Prejudicial and the Better Approach is to Hold a Class Certification Hearing to Determine if the Case Should Proceed as a Class Action.

The Rule to Show Cause threatens to dismiss the class action asserted in Civil Action 2:13-cv-97 without concern for, or even notice to potential class members. The Manual for Complex Litigation, Fourth, sect. 21.133, explains that in class actions, "involuntary precertification dismissal may unfairly affect the interests of members of the proposed class…..If the risk of unfair prejudice is present, some form of notice under Rule 23(d)(2) may be appropriate." In a class action the Court has a paramount role to protect the interests of absent plaintiffs before permitting dismissal. *See Grunin v. International House of Pancakes,* 513 F.2d

114, 123 (8th Cir. 1975) ("Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members").

In the case before this court, Civil Action No. 2:13-cv-97, the class has not been certified, but "[t]his requirement [to act as the guardian of the rights of class members] applies even if a class has not yet been certified." *Crawford v. F. Hoffman-La Roche Ltd.,* 267 F.3d 760, 764 (8th Cir. 2001) (citing *Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1407 (9th Cir. 1989); *Glidden v. Chromalloy Am. Corp.,* 808 F.2d 621, 625-28 (7th Cir. 1986); *cf. Shelton v. Pargo,* 582 F.2d 1298, 1310 (4th Cir. 1978) (although court approval under Rule 23(e) is not required when a class has not been certified, the court must use its Rule 23(d) supervisory powers to protect the interests of the potential class members)).

The Court of Appeals for the Eight Circuit has explained that there is a duty to give notice to potential class members prior to dismissal of a class action:

> Although Rule 23(e) provides generally for notice to members of a class, notice is not necessarily required if a class has not been certified. *See Diaz,* 876 F.2d at 1409; *Wallican v. Waterloo Community School Dist.,* 80 F.R.D. 492, 493 (N.D. Iowa 1978). Nevertheless, in deciding whether to allow dismissal or issue notice, the district court must consider, among other things, the possibility that potential members of the class would be prejudiced. *Id.* at 1409-10. Dismissal might prejudice potential members whose claims have expired under a statute of limitations. *See Diaz,* 876 F.2d at 1410-11; *Wallican,* 80 F.R.D. at 494. Dismissal without notice might also prejudice potential members who have been relying on the named plaintiff to protect their interests, by leaving them to fend for themselves without knowledge that they should do so. *See Glidden,* 808 F.2d at 627-28.

*Crawford,* 267 F.3d at 764-65.

Here, the dismissal of Civil Action 2:13-cv-97 which could result from enforcement of PTO 60 and the Rule to Show Cause, without even giving prior notice to the putative class members who have been relying on First National to protect their interests, is unfairly prejudicial because the statute of limitations applicable to Oil Pollution Act claims has otherwise expired.

WHEREFORE, First National Bank USA requests (1) that the Court find this response sufficient; (2) determine that First National Bank USA has complied with all the requirements of PTO 60; and (3) First National Bank USA be allowed to proceed with the class action asserted in Civil Action No. 2:13-cv-97 for itself and on behalf of the class pled therein.

Dated: June 28, 2016                                        Respectfully Submitted:

/s/ Professor P. Tim Howard
Professor P. Tim Howard
Howard & Associates, Attorneys at Law, P.A.
8511 Bull Headley Road, Suite 405
Tallahassee, Florida 32312
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
tim@howardjustice.com
Counsel for Plaintiffs

/s/ Douglas S. Lyons
Douglas S. Lyons
Lyons and Farrar, P.A.
325 North Calhoun Street
Tallahassee, Florida 32301
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
Florida Bar No. 128277
doug.lyons@lyonsandfarrar.com
Counsel for Plaintiff

/s/ Samuel T. Adams
Samuel T. Adams
460 Grace Avenue
Post Office Box 191
Panama City, Florida 32402-0191
(850) 785-3469 - telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com
Counsel for Plaintiffs

/s/ Salvadore Christina
Salvadore Christina
Becnel Law Firm, LLC
106 West Seventh Street
Post Office Drawer I-I
Reserve, LA 70084
(985) 536-1186 - telephone
(985) 536-6445 - facsimile
dbecnel@becnellaw.com
Counsel for Plaintiffs

/s/ Paul A. Dominick
Paul A. Dominick, Fed. ID No. 577
Nexsen Pruet, LLC
205 King Street, Suite 400 (29401)
Post Office Box 486
Charleston, SC 29402
(843) 577-9440 - telephone
(843) 720-1777 - facsimile
pdominick@nexsenpruet.com
Counsel for Plaintiffs

/s/ Camilo K. Salas, III
Camilo K. Salas, III (LA Bar #11657)
Salas & Co., L.C.
650 Poydras Street, Suite 2000
New Orleans, LA 70130
(504) 799-3080 - telephone
(504) 799-3085 - facsimile
csalas@salaslaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing RESPONSE TO ORDER TO SHOW CAUSE has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of June, 2016.

          /s/ Paul A. Dominick
          Paul A. Dominick