UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010

MDL NO. 2179

SECTION J

Applies to:

JUDGE BARBIER

ALL CASES IN PLEADING BUNDLE B1

MAGISTRATE JUDGE SHUSHAN

REMOVED OR TRANSFERRED

---

Rico O. McBride and The Queen Esther Commercial Fishing

PLAINTIFF 16-4324 9(1)

EIN # 27-4753448

REMOVED OR TRANSFERRED

VERSUS

CIVIL ACTION NO.

IN RE: OIL SPILL BY THE OIL RIG "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010

SECTION J

JUDGE BARBIER

MAGISTRATE JUDGE SHUSHAN

## Order to show cause Re: Compliance with PTO 60 Exibit 2

Comes Now I, Rico O. McBride and The Queen Esther Commercial Fishing EIN# 27-4753448 file this complaint and sworn statement in The Name Of Jesus Christ submitted.

**I.**

Rico O. McBride and The Queen Esther Commercial Fishing EIN# 27-4753448 was

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No._____

created on and about May 15,2009. I purchase boats from Super Dad And Super Son's Auto and The Power House Church of God Holy Ghost Power.

## II.

I Rico O. McBride was working as a commercial Fishermen and Captain of The Queen Esther Commercial Fishing. I worked, harvest and fished around the Pascagoula River, The Point of Pascagoula, Cat Island, Round Island, Petit Bois Island, Horn Island, Ship Island, And The Gulf of Mexico Mississippi, Alabama, and Louisiana.

## III.

I, Rico O. McBride worked for the Vessels of Opportunity Master Vessel Charter Agreement and Training Record BP Contract # 55204 assigned to Rico O. McBride and The Queen Esther Commercial Fishing.

## IV.

I, Rico O. McBride worked for the companies also Ashland Services, McGrath Systems, T.L. Wallace/ Wallace- Eutaw, and Yates Construction. I lost wages due to the spill and was under paid for the clean up work crew.

## V.

I, Rico O. McBride filed claims for The Owner of The Queen Esther Commercial Fishing which lost business due to the oil spill and was unable to sale fish after the spill occured on April 20,2010. Filed a claim for failed Start up business. GCCF Claim # 1055106. Failed Business Economic Loss 100094683, Seafood Compensation Program 100094683, Individual Periodic Vendor or Festival Vendor Economic Loss 100094683, VOO Charter Payment 100094683, Vessel Physical Damage, Start- up Business Economic Loss, Business Economic Loss, Individual Economic Loss, Subsistence, all claims was denied to claimant ID 100094683

## VI.

As you may know, BP has agreed to enter into a $7.8 Billion dollar court- supervised settlement to compensate individuals, business and property owners who have incurred Financial Losses from the Oil Spill. The settlement will also cover those whose health was affected by the oil spill. Most importantly, we believe that this new system will result in faster and fairer payments for all those who were affected. If you filed with the GCCF and have not been paid, you will now have to file in Federal Court as the GCCF has been closed down. if you never filed before, filing now will provide you with an opportunity to get paid for your damages.

## VII.

According to Federal Judge Barbier's order "BP Claims will be processed and evaluated in the order they are recieved. therefore it is extremely urgent to act now and bot be left out or at the back of the line.

## VIII.

Rico O. McBride is an adult citizen of Jackson County, Moss Point, Mississippi. Mr. McBride derived from his employment with the Queen Esther Commercial Fishing as a owner, commercial fishermen, and boat captain.

## VX.

The Queen Esther Commercial Fishing is a Mississippi Corporation that derives its income from the harvesting, catching, and sale of fish, shrimps, and crabs of natural source of seafoods and other seafoods in or near the Pascagoula River, The Point of Pascagoula, Cat Island, Round Island, Petit Bois Island, Horn Island, Ship Island, And The Gulf of Mexico Mississippi, Alabama, and Louisiana.

## X.

As a result Rico O. McBride and The Queen Esther Commercial Fishing events described herein, have suffered ascertainable losses and damages.

## XI.

BP failed to follow the settlement agreements standards governing this claim.

## XII

Regarding All Remaining Claims in Pleading Bundle B1, Exhibit 1A, Exhibit 2, and Exhibit 3. This case and cause number should not be dismissed because The Queen Esther Commercial Fishing was a start up and failed business due to the oil spill occured on April 20,2010. I have worked for several companies upon the oil spill clean up crew. Bp has made promises to the individuals and business that was destroyed by the oil spill. attached are documents of the business and myself upon the oil spill.

## XIII

The honorable court of THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA Should Grant The Queen Esther Commercial Fishing and Rico O. McBride for this matter due to the oil spill on April 20,2010 and this case or

cause number should not be dismissed in the Name of Jesus Christ.

## XIV

1. In accordance with its order and reasons issued December 21,2012, Rec. Doc. 8138, The court hereby grants final approval as fair, reasonable, and adequate, to the Economic and Property Damages Settlement Agreement as Amended on May 2,2012, including all Exhibits thereto (collectively the " Settlement Agreement, " Rec. Doc. 6430, Which is adopted and incorporated fully by reference herein) Pursuant to Federal Rule of Civil Procedure 23(e). The Settlement Agreement provides ample remedies to the Economic Class and avoids protracted Litigation, among numerous other advantages.

2. The Court confirms the certifiacation of the Economic and Property Damages Class (" Economic Class") as defined in Appendix A, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(3). The Economic Class excludes under Federal Rule of Civil Procedure 23(b)(3) and 23(c)(3)(b) the persons who (a) signed and filed timely and proper exclusions requests (Opt- Outs) under the terms of the Settlement Agreement and this court applicable orders on or before the November 1,2012. deadline and under the procedures established by the Court, and (b) have not timely and properly revoked such exclusions. Those persons or entities not named on the opt-out list, or who revoke their exclusions under the procedures established by the court, and who otherwise fall within the class definition are members of the Economic Class.

3. the court confirms the appointment of Economic Class Counsel, Lead Class Counsel, and the class Representatives.

4. The Court confirms the appointment of the claims administrator and claims administration vendors.

5. The court confirms that the class notice and class notice plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23 (e), The class Action Fairness Act (28 U.S.C. 1711 et seq.), and the due process clause of the United States Constitution (U.S. Const., Amend. V.) constituting the best notice that is practicable under the circumstances of the litigation.

6. The court finds that the Settlement Agreement, with respect to Class Members who are minors, lack capacity,or are incompetent, is fair, reasonable, and adequate.

7. With respect to Vessels of Opportunity (VOO) charter payment, all working voo participants recieve at least $41,600.00 in compensation, with the amount increasing depending on the size of the boat. Working VOO participants who also will recieve economic loss compensation that directly involves the use of their VOO vessel (except in

the case of payments under the seafood compensation program) will have their economic loss compensation partially reduced by the Voo earned income offset and the voo settlement payments offset. Voo participants who were never placed on hire to perform actual services on the water will also recieve up to $10,200.00 with no offset, even in such non working voo particpants will also recieve an award under the seafood compensation program. Voo claims because they involved one time service agreements and thus do not involve future risk that the same course of dealings will be repeated are not eligible for an rtp.

8. The vessel Physical Damage Framework Exhibit 14 allows vessel owners whose vessels were physically damaged as a result of the oil spill or clean up operations to recover the lesser of the costs necessary to conduct a reasonable repair or replace the vessel. Vessels are eligible even if they did not participate in the VOO program; the only vessels that may not recover are those that were both (i) working for an Oil Spill Response organization or an oil spill removal organization at the time of the physical injury and(ii) were not participating in the voo program. No RTP is applied to this category of claims.

9. The Subsistence framework defines 'Subsistence Claims" as a person who fishes or hunt to harvest, catch, barter, consume or trade Gulf of Mexico natural resources, in a traditional or customary manner, to sustain basic personal or family dietary, economic security, shelter, tool or clothing needs, and who relied upon such subsistence resources that were diminished or restricted in the geographic region used by claimant due to or resulting from the spill. The settlement permits recovery for loss of subsistence use consistent with any closures or impairments to geographic areas relied on by the claimant through 2011. An RTP is applied to the award. Because members of susbsistence communities may have limited access to the Internet, Translators, and legal services, the parties agreed to a structure in which there is a Court Appointed Distribution agent who works under the direction of claims administrator and who has a dedicated team that maintains a presence in the geographic areas where subsistence claimants live so as to assist those claimants in completeing forms and collecting supporting documentation, confirm the eligibility status of claimants, conduct interviews, and apply the compensation formula.

10. Under the $2.3 Billion Seafood Compensation Program (SCP) Commercial Fishermen, Seafood Boat Captains, all other Seafood Crew, Oyster Leaseholders, and Seafood Vessel Owners will be compensated for economic loss claims relating to Seafood, including shrimp, oysters, finfish, blue crab, and other species. The Seafood Compensation Program (SCP) (Exhibit 10) uses a bottom up mode of awarding compensation thus fishermen with higher benchmark earnings recieve higher compensation awards. The SCP is expected to pay out an initial $1.9 billion in

5

compensation to class members, leaving a $400 million reserve to be distributed in a second round. The guranteed total of $2.3 billion allocated to the SCP represents approximately five times the annual average industry gross revenue for 2007 to 2009 fo the seafood industry in the region covered by the Settlement Agreement. $2.3 billion also represents 19.2 times lost industry revenue in 2010, according to the evidence provided. The SCP does not involve a limited fund with no ability for class members to opt out.

11. The Plaintiff does not have Electronic Filing and the Court Did not mail any documents of the order and the defendants BP failed to mail the plaintiff copy of the order of the PTO 60. The Plaintiff is Pro Se. As of now the plaintiff is aware and in good faith will comply to all court orders that is recieved by mail from the defendants BP. The Plaintiff has coporated with BP and will Coporate with BP to Settle or Resolve this case and matter in good faith with fairness.

12. The Plaintiff please mercy to the court in the Name of Jesus Christ to do not dismiss this case and cause number.

## Prayer for Relief

Wherefore Plaintiffs Rico O. McBride and The Queen Esther Commercial Fishing demand Judgement against the defendants, jointly and severally, as follows:

1. The Plaintiffs Rico O. McBride and The Queen Esther Commercial Fishing deserve the right to come back and amend this complaint at any time.

2. Economic and Compensatory damages in amounts of $4.5 Million Dollars or to be determined at trial;

3. Punitive Damages;

4. Pre-judgement and post- judgement interest at the maximum rate allowable by law;

5. Attorney's fees and costs.

6. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate; and

7. A trial by jury as to all defendants.

8. The honorable court of THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA wish to settle this case or cause number please contact me Mr. Rico O. McBride to discuss the matter.

## Jury Demand

Respectfully Submitted

In The Name of Jesus Christ

Dated June 22, 2016

*[signature]*

Pro. sed. Attorney Rico O. McBride

6517 Fredrick St.

Moss Point, Ms 39563

1-228-627-0242

Email: Mcbride_rico@yahoo.com

## Certificate of Service

I, Rico McBride and The Queen Esther Commercial Fishing hereby, certify that I have hand delivered or mailed a true and correct copy to the Defendant of **Order to show cause Re: Compliance with PTO 60 Exihibit 2**

This the 22nd Day of June, 2016.

To The Defendants:

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | SECTION J |
| "Deepwater Horizon" in the Gulf | JUDGE BARBIER |
| of Mexico, on April 20, 2010 | MAGISTRATE JUDGE SHUSHAN |

| | |
|---|---|
| Counsel for BP | MDL 2179 Plaintiff's Steering Committee |
| Attn: J. Andrew Langan | Attn: Steve Herman or Jim Roy |
| Kirkland & Ellis LLP | The Exchange Centre, Suite 2000 |
| 300 North LaSalle St, | 935 Gravier Street |
| Suite 2400 | New Orleans, LA 70112 |
| Chicago, IL 60654 | |

*[signature]*

Rico McBride

6-22-16

Date

1



Rico McBride
6517 Fredrick St.
Moss Point, MS 39563

United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130