UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JUN 27 2016
WILLIAM W. BLEVINS
CLERK

In re: Oil Spill by the Oil Rig       MDL NO.2179

"Deepwater Horizon" in the Gulf

of Mexico, on April 20, 2010      SECTION J

Applies to:      JUDGE BARBIER

ALL CASES IN PLEADING BUNDLE B1      MAGISTRATE JUDGE SHUSHAN

REMOVED OR TRANSFERRED

---

Esther Watson      PLAINTIFF

REMOVED OR TRANSFERRED

VERSUS      CIVIL ACTION NO.
2:16-CV-04150 · CJB-SS

IN RE: OIL SPILL BY THE OIL RIG      SECTION J

"Deepwater Horizon" in the Gulf      JUDGE BARBIER

of Mexico, on April 20, 2010      MAGISTRATE JUDGE SHUSHAN

## Order to show cause Re: Compliance with PTO 60 Exibit 2

Comes Now I, Esther Watson file this complaint and sworn statement in The Name Of Jesus Christ submitted.

### I.

I, Esther Watson was damage by the BP Oil Spill occured on or about April 20, 2010. I was working for The Queen Esther Commercial Fishing I file a claim with the GCCF along with supporting documentation. The GCCF the claim type loss wages. I Esther

1

Watson was payment Cash.

## II.

My job title I was a crewman work as deckhand on the boat for The Queen Esther Commercial Fishing. I recieved a 1099 Tax returns for $1900.00 in 2010.

## III.

Esther Watson is an adult citizen of Jackson County, Moss Point, Mississippi. Ms. Watson derived from her employment with the Queen Esther Commercial Fishing as a deckhand and crewman.

## IV.

I Esther Watson was working as a deckhand and crewman of The Queen Esther Commercial Fishing. I worked, harvest and fished around the Pascagoula River, The Point of Pascagoula, Cat Island, Round Island, Petit Bois Island, Horn Island, Ship Island, And The Gulf of Mexico Mississippi, Alabama, and Louisiana.

## V.

As you may know, BP has agreed to enter into a $7.8 Billion dollar court- supervised settlement to compensate individuals, business and property owners who have incurred Financial Losses from the Oil Spill. The settlement will also cover those whose health was affected by the oil spill. Most importantly, we believe that this new system will result in faster and fairer payments for all those who were affected. If you filed with the GCCF and have not been paid, you will now have to file in Federal Court as the GCCF has been closed down. if you never filed before, filing now will provide you with an opportunity to get paid for your damages.

## VI.

According to Federal Judge Barbier's order "BP Claims will be processed and evaluated in the order they are recieved. therefore it is extremely urgent to act now and bot be left out or at the back of the line.

## VII.

As a result Esther Watson events described herein, have suffered ascertainable losses and damages.

## VIII.

BP failed to follow the settlement agreements standards governing this claim.

### VX

Regarding All Remaining Claims in Pleading Bundle B1, Exhibit 1A, Exhibit 2, and Exhibit 3. This case and cause number should not be dismissed because The Queen Esther Commercial Fishing was a start up and failed business due to the oil spill occured on April 20,2010. I have worked for several companies upon the oil spill clean up crew. Bp has made promises to the individuals and business that was destroyed by the oil spill. attached are documents of the business and myself upon the oil spill.

### X

The honorable court of THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA Should Grant The Queen Esther Commercial Fishing and Rico O. McBride for this matter due to the oil spill on April 20,2010 and this case or cause number should not be dismissed in the Name of Jesus Christ.

### XI

1. In accordance with its order and reasons issued December 21,2012, Rec. Doc. 8138, The court hereby grants final approval as fair, reasonable, and adequate, to the Economic and Property Damages Settlement Agreement as Amended on May 2,2012, including all Exhibits thereto (collectively the " Settlement Agreement, " Rec. Doc. 6430, Which is adopted and incorporated fully by reference herein) Pursuant to Federal Rule of Civil Procedure 23(e). The Settlement Agreement provides ample remedies to the Economic Class and avoids protracted Litigation, among numerous other advantages.

2. The Court confirms the certifiacation of the Economic and Property Damages Class (" Economic Class") as defined in Appendix A, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(3). The Economic Class excludes under Federal Rule of Civil Procedure 23(b)(3) and 23(c)(3)(b) the persons who (a) signed and filed timely and proper exclusions requests (Opt- Outs) under the terms of the Settlement Agreement and this court applicable orders on or before the November 1,2012. deadline and under the procedures established by the Court, and (b) have not timely and properly revoked such exclusions. Those persons or entities not named on the opt-out list, or who revoke their exclusions under the procedures established by the court, and who otherwise fall within the class definition are members of the Economic Class.

3. the court confirms the appointment of Economic Class Counsel, Lead Class Counsel, and the class Representatives.

4. The Court confirms the appointment of the claims administrator and claims

administration vendors.

5. The court confirms that the class notice and class notice plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23 (e), The class Action Fairness Act (28 U.S.C. 1711 et seq.), and the due process clause of the United States Constitution (U.S. Const., Amend. V.) constituting the best notice that is practicable under the circumstances of the litigation.

6. The court finds that the Settlement Agreement, with respect to Class Members who are minors, lack capacity,or are incompetent, is fair, reasonable, and adequate.

7. The Subsistence framework defines 'Subsistence Claims" as a person who fishes or hunt to harvest, catch, barter, consume or trade Gulf of Mexico natural resources, in a traditional or customary manner, to sustain basic personal or family dietary, economic security, shelter, tool or clothing needs, and who relied upon such subsistence resources that were diminished or restricted in the geographic region used by claimant due to or resulting from the spill. The settlement permits recovery for loss of subsistence use consistent with any closures or impairments to geographic areas relied on by the claimant through 2011. An RTP is applied to the award. Because members of susbsistence communities may have limited access to the Internet, Translators, and legal services, the parties agreed to a structure in which there is a Court Appointed Distribution agent who works under the direction of claims administrator and who has a dedicated team that maintains a presence in the geographic areas where subsistence claimants live so as to assist those claimants in completeing forms and collecting supporting documentation, confirm the eligibility status of claimants, conduct interviews, and apply the compensation formula.

8. Under the $2.3 Billion Seafood Compensation Program (SCP) Commercial Fishermen, Seafood Boat Captains, all other Seafood Crew, Oyster Leaseholders, and Seafood Vessel Owners will be compensated for economic loss claims relating to Seafood, including shrimp, oysters, finfish, blue crab, and other species. The Seafood Compensation Program (SCP) (Exhibit 10) uses a bottom up mode of awarding compensation thus fishermen with higher benchmark earnings recieve higher compensation awards. The SCP is expected to pay out an initial $1.9 billion in compensation to class members, leaving a $400 million reserve to be distributed in a second round. The guranteed total of $2.3 billion allocated to the SCP represents approximately five times the annual average industry gross revenue for 2007 to 2009 fo the seafood industry in the region covered by the Settlement Agreement. $2.3 billion also represents 19.2 times lost industry revenue in 2010, according to the evidence provided. The SCP does not involve a limited fund with no ability for class members to opt out.

4

9. The Plaintiff does not have Electronic Filing and the Court Did not mail any documents of the order and the defendants BP failed to mail the plaintiff copy of the order of the PTO 60. The Plaintiff is Pro Se. As of now the plaintiff is aware and in good faith will comply to all court orders that is recieved by mail from the defendants BP. The Plaintiff has coporated with BP and will Coporate with BP to Settle or Resolve this case and matter in good faith with fairness.

10. The Plaintiff please mercy to the court in the Name of Jesus Christ to do not dismiss this case and cause number.

## Prayer for Relief

Wherefore Plaintiffs Esther Watson demand Judgement against the defendants, jointly and severally, as follows:

1. The Plaintiffs Esther Watson deserve the right to come back and amend this complaint at any time.

2. Economic and Compensatory damages in amounts of $ 300,000.00 Dollars or to be determined at trial;

3. Punitive Damages;

4. Pre-judgement and post- judgement interest at the maximum rate allowable by law;

5. Attorney's fees and costs.

6. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate; and

7. A trial by jury as to all defendants.

## Jury Demand

Respectfully Submitted

In The Name of Jesus Christ

*Esther Watson* [signature]

Dated April 22,2016

Pro. sed. Attorney Esther Watson

4342 Terrace Dr.

6/23/2016

5

Moss Point, Ms 39563

1-228-627-9194

Esther Watson
4342 Terrace Dr
Moss Point MS
39563
228 627-9194
Esther Watson
6/23/2014

# Certificate of Service

I, Esther Watson hereby, certify that I have hand delivered or mailed a true and correct copy to the Defendant of **Order to show cause Re: Compliance with PTO 60 Exihibit 2**

This the 23 Day of June, 2016.

To The Defendants:

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | SECTION J |
| "Deepwater Horizon" in the Gulf | JUDGE BARBIER |
| of Mexico, on April 20, 2010 | MAGISTRATE JUDGE SHUSHAN |
| | |
| Counsel for BP | MDL 2179 Plaintiff's Steering Committee |
| Attn: J. Andrew Langan | Attn: Steve Herman or Jim Roy |
| Kirkland & Ellis LLP | The Exchange Centre, Suite 2000 |
| 300 North LaSalle St, | 935 Gravier Street |
| Suite 2400 | New Orleans, LA 70112 |
| Chicago, IL 60654 | |

Esther Watson

6/23/2014

Date

1

Esther Watson
4342 Terrace Dr
Moss point MS 39563

Clerk's Office
United State District Court Eastern
District of Louisiana. 500 Poydras Street
New Orleans La. 70130

$0.68
US POSTAGE
FIRST-CLASS
071S00793593
39581
000006698