

Thomas A. Jarkas
1499 Meadowlawn
Slidell, La. 70460

June 24, 2016

10 md 2179 Ref - 10-8888 Short form Joinder

United States District Court
Eastern District of Louisiana
Attn: Judge Barbier (Section J)
500 Poydras Street
New Orleans, La. 70130

#53672

Order To Show Cause Re: Compliance with PTO 60

Dear Judge Barbier,

I am in receipt of the above Order concerning claims remaining in the Court ordered in Pre-Trial Order No. 60 (PTO 60) in which it was determined that my claim in the <u>Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010</u> was materially deficient for one or more identified reasons (Rec. Doc. 18659), as outlined in "Exhibit 2 - MDL 2179 Bundle B1 Plaintiffs with Deficient PTO 60 Submissions.

Fee _____
Process _____
X Dktd _____

The Exhibit 2-MDL 2179 document listed my name, Thomas Albert Jackas, as having "no Individual Complaint on File". Any plaintiff who filed a claim in the B1 pleading bundle but failed to file any response to PTO 60 must "show cause" in writing on or before June 28, 2016 why the Court should not dismiss their B1 claim with prejudice for failing to comply with the requirements of PTO 60.

In PTO 60, the Court dismissed the Amended B1 Master Complaint and required Plaintiffs whose only claim in this consolidated litigation was a short-form joinder in that master complaint to file a new, separate complaint of their own. I have not had the opportunity to file a new, separate complaint as ordered by the Court in May of 2016, due to the flooding of my home in Slidell, Louisiana and the Elevation Grant from FEMA to raise my home to 1 ft. above the Base Flood Elevation, as outlined in the FEMA Flood Maps.

I would like at this time to request of the Court to be allowed to continue my claim in this matter. Your consideration to this request would be greatly appreciated.

Sincerely yours,

Thomas A. Jarhas
(Plaintiff)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J |
| | * | |
| | * | JUDGE BARBIER |
| This Document relates to: | * | MAGISTRATE JUDGE SHUSHAN |
| *All Cases in Pleading Bundle "B1"* | * * | |

## ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 60

### [Regarding All Remaining Claims in Pleading Bundle B1]

In order to facilitate the effective administration of this multidistrict litigation and the prosecution of the claims remaining herein, the Court ordered in Pre-Trial Order No. 60 (Rec. Doc. 16050) ("PTO 60") that all Plaintiffs who had timely filed a claim in the B1 pleading bundle and who had not released their claims as of the date of PTO 60 file and/or serve certain required submissions by May 2, 2016. (*See* PTO 60, at ¶ 6.) The Court received and granted several motions for extensions that requested until May 16, 2016 to comply with the PTO 60 requirements. The deadline for all Plaintiffs to comply with PTO 60 has now passed.

Paragraph 10 of PTO 60, as amended on June 3, 2016 (Rec. Doc. 18659), ordered BP on that date to submit *in camera* to the Court, and serve on the PSC, (i) a list of Plaintiffs that BP in good faith believed made submissions in response to PTO 60 that complied with the requirements of PTO 60 and (ii) a list of Plaintiffs that made some form of submissions in response to PTO 60, but whose submissions BP in good faith believed were materially deficient for one or more

identified reasons. (Rec. Doc. 18659.) On June 3, 2016, BP made that *in camera* submission to the Court and PSC.

**IT IS ORDERED** as follows:

1. The Court has attached as **EXHIBIT 1** to this Order the list of Plaintiffs that BP, based on its review, in good faith believes made PTO 60 submissions that complied with the requirements of PTO 60. **EXHIBIT 1A** contains this list sorted alphabetically. **EXHIBIT 1B** contains the exact same list sorted by case number. Those Plaintiffs are subject to further proceedings in this Court. (*See* PTO 60, at ¶ 8.)

2. The Court has attached as **EXHIBIT 2** to this Order the list of Plaintiffs that made some form of submissions in response to PTO 60, but whose submissions BP in good faith believes are materially deficient for one or more identified reasons on Exhibit 2. Any Plaintiff appearing on **EXHIBIT 2** must **show cause** in writing on or before **June 28, 2016**, why this Court should not dismiss their B1 claim(s) with prejudice for failing to comply with the requirements of PTO 60.

3. Any Plaintiffs who believe they have complied with PTO 60 but are not listed on **EXHIBITS 1 or 2** must **show cause** in writing on or before **June 28, 2016**, why this Court should not dismiss their B1 claim(s) with prejudice for failing to comply with the requirements of PTO 60.

4. PTO 60 required each Plaintiff who previously did not have an individual lawsuit on file (*i.e.*, only filed a short-form joinder and/or were part of a "Mass Joinder" Lawsuit) to file an individual lawsuit (one per person). (*See* PTO 60, ¶ 6(B).) Certain Plaintiffs have failed

2

to comply with this requirement, and instead filed "Mass Joinder" Lawsuits in violation of PTO 60. Attached as **EXHIBIT 3** is a list of "Mass Joinder" complaints filed in violation of PTO 60. Any Plaintiff who is part of a complaint listed in **EXHIBIT 3** must **show cause** in writing on or before **June 28, 2016**, why this Court should not dismiss their B1 claim(s) with prejudice for failing to comply with the requirements of PTO 60.

5. Any plaintiff who filed a claim in the B1 pleading bundle but failed to file any response to PTO 60 must **show cause** in writing on or before **June 28, 2016**, why this Court should not dismiss their B1 claim(s) with prejudice for failing to comply with the requirements of PTO 60.

6. In PTO 60, the Court dismissed the Amended B1 Master Complaint and required Plaintiffs whose only claim in this consolidated litigation was a short-form joinder in that master complaint to file a new, separate complaint of their own. All such Plaintiffs have had an opportunity to file a new complaint under which to proceed with their claims. All short-form joinders filed in this MDL are hereby **DISMISSED AS UNNECESSARY** to the extent they asserted a B1 claim.

7. Following the issuance of this Order, all counsel of record should receive a copy via F&S pursuant to First Amended Pretrial Order No. 12 (Rec. Doc. 18627). This Order will also be posted on the Court's website, http://www.laed.uscourts.gov/case-information/mdl-mass-class-action/oilspill. Counsel for BP shall mail this Order to each unrepresented individual and business to which it previously mailed PTO 60 at the Court's direction (*See* PTO 60, ¶ 11), except for those individuals and businesses whose mailing was returned to

counsel for BP as undeliverable. For purposes of this mailing, BP is only required to attach **EXHIBIT 1A, EXHIBIT 2**, and **EXHIBIT 3** to the mailing. BP does not need to include **EXHIBIT 1B** with the mailing. Finally, to the extent practicable, the PSC shall email a copy of this Order to known counsel of record for Plaintiffs who joined the Amended B1 Master Complaint, and/or opted out of the Economic and Property Damages Settlement and may therefore be subject to this Order. This procedure is deemed sufficient to satisfy notice requirements for all Claimants with "B1" claims.

New Orleans, Louisiana, this 7th day of June, 2016.

CARL J. BARBIER
United States District Court

Exhibit 2 - MDL 2179 Bundle B1 Plaintiffs with Deficient PTO 60 Submissions

| Plaintiff Name(s) | Civ. A. No. | Timely | Individual Complaint on File | Responded Regarding Presentment | Responded Regarding Release | Signed by Plaintiff | Exhibit A Filed |
|---|---|---|---|---|---|---|---|
| John Jr. Grocery | 13-01626 | | | | | | |
| Kim Tran, Inc. | 16-06227 | Yes | Yes | No | No | No | Yes |
| John Pierre | 16-06072 | Yes | Yes | Yes | Yes | No | Yes |
| Johnson, David | 11-00363 | | | | | | |
| | 16-06180 | Yes | Yes | Yes | Yes | | Yes |
| Johnson, Donald Ray | | Yes | No | Yes | Yes | Yes | Yes |
| Johnson, Jeanne L. | | Yes | No | Yes | Yes | Yes | Yes |
| Johnson, Kenneth F.; Johnson, Ken F. | | Yes | No | Yes | Yes | Yes | Yes |
| Julias, Thomas Albert | | Yes | No | Yes | Yes | Yes | Yes |
| Jules Bolden dba Chick-Fil-A | 16-06360 | Yes | Yes | Yes | No | Yes | Yes |
| K&S Property, LLC | 13-01717 | No | No | Yes | Yes | Yes | Yes |
| Kelly, Caroline | | Yes | No | Yes | Yes | Yes | Yes |
| Kelly, Robert J. | | Yes | No | Yes | Yes | Yes | Yes |
| Kennedy, Melissa Wilson | 13-02306 | Yes | No | Yes | Yes | Yes | Yes |
| Kesterson, Carla J.; Kesterson, Carla M. | | Yes | No | Yes | Yes | Yes | Yes |
| King, Barbara Patton | 13-02306 | Yes | No | Yes | Yes | Yes | Yes |
| Kingfish Seafood Market | 13-02127 | Yes | Yes | No | No | No | Yes |
| | 13-5367 | | | | | | |
| Kirby Properties, Inc. | 13-05367 | No | Yes | Yes | Yes | Yes | Yes |
| Kirkland, James I. | 16-06523 | Yes | No | Yes | Yes | Yes | Yes |
| | 13-6009 and 13-6010 | | | | | | |
| | 13-06009 | | | | | | |
| | 13-06010 | | | | | | |
| | 14-00359 | | | | | | |
| Kliebert, Colleen Sha | 16-06653 | No | Yes | Yes | Yes | Yes | Yes |
| Knight, Henry Jay | 16-05070 | Yes | Yes | Yes | Yes | No | Yes |
| Kraemer, Rosebud Pizani | | | | | | | |
| Kraemer, Lloyd | | Yes | No | No | No | No | Yes |
| Krause, Jacquelyn | | Yes | No | Yes | Yes | Yes | Yes |
| | 13-5367 | | | | | | |
| | 13-05367 | | | | | | |
| Kurzawinski, Scott | 16-06809 | | Yes | Yes | Yes | Yes | Yes |
| | 13-6008 | | | | | | |
| | 13-06009 | | | | | | |
| L & P Marine Supply | 13-06010 | | | | | | |
| | 16-07120 | | Yes | Yes | Yes | Yes | Yes |
| LaCognata, Maria M. | | Yes | No | Yes | Yes | Yes | Yes |
| LaCognata, Salvatore | | Yes | | Yes | Yes | Yes | Yes |
| | 10-04225 | | | | | | |
| Ladnier, Scottie | 16-06034 | Yes | Yes | Yes | Yes | No | Yes |
| | 13-05144 | | | | | | |
| Larry Kasiba Installation LLC | 16-05661 | Yes | Yes | Yes | Yes | | Yes |
| Laser Leveling | 16-06381 | Yes | Yes | Yes | No | Yes | Yes |

This list represents the deficiencies identified by BP to-date with respect to the PTO 60 submissions.
BP reserves its right to assert additional deficiencies to these PTO 60 submissions.

Thomas R. Julius
1499 Marlboroloun
Slidell, La. 70460

United States District Court
Eastern District of Louisiana
Attn: Judge Barbier (Section J)
500 Poydras Street
New Orleans, Louisiana
70130




