## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KAY EUBANKS,
       Plaintiff,

vs.                                                         CASE NO.:  2:16-CV-5093

BP EXPLORATION & PRODUCTION, INC.,
BP AMERICA PRODUCTION COMPANY,
and BP P.L.C.
       Defendants.
_____/

## AMENDED COMPLAINT

### 1.

Plaintiff files this Amended Complaint to correct a deficiency in the original

filing on May 11, 2016.

On or about April 20, 2010, the Deepwater Horizon drilling platform

exploded and sank, causing a spill of over 200 million gallons of crude oil from the

Macondo Well, MC-252, and resulting in the worst maritime environmental

disaster in United States history.

### 2.

Plaintiff, Kay Eubanks ("Eubanks"), suffered economic injury and losses as

a result of the oil spill.

3.

Plaintiff brings this civil action as a related action in the matter entitled IN

RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF

OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff, Eubanks, resides and works in Panama City, FL.

5.

In filing this Complaint, Plaintiff hereby asserts by adoption and reference a

claim in the Complaint and Petition of Triton Asset Leasing GmbH, et al., No. 10-

2771; adopts and incorporates the Master Answer [Rec. Doc. 244] to the

Complaint and Petition of Triton Asset Leasing GmbH, et al., in No. 10-2771; and

intervenes into, joins and otherwise adopts the Master Complaint [Rec. Doc 879]

for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179),

including any subsequent supplemental or amending complaints thereto.

6.

Plaintiff brings this case against the following defendants:

a) BP Exploration & Production, Inc., a Delaware corporation with its principal
   place of business in Warrenville, Illinois. This court has personal jurisdiction
   over BP Exploration because BP Exploration is registered to do business in

Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b) BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

c) BP p.l.c., a British public limited company with its corporate headquarters in London, England. This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. are referenced herein collectively as "BP."

7.

Jurisdiction and venue exist before this Court. Specific allegations of jurisdiction and venue as set forth in the Master Complaint, including any subsequent supplemental or amending complaints thereto, are adopted and plead herein.

8.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances: Eubanks is a Realtor and Real Estate developer in Florida. After the Oil Spill in April, 2010, nearly all construction stopped along the Gulf of Mexico.  As a direct and proximate cause of the Defendants' negligence Eubanks suffered severe losses as a result of the Defendants' causing the oil spill.

9.

Plaintiff contends that Plaintiff's previous transmissions, communications, and/or claims made by Plaintiff to BP and/or BP's agents/representatives/administrators were sufficient to protect all of Plaintiff's rights in this matter, including the full satisfaction of the "Presentment" requirement under the Oil Pollution Act (OPA) to BP as the "Responsible Party" under OPA. The time period for BP to respond to Plaintiff's Presentment claim has expired, and BP either denied Plaintiff's claim or otherwise failed to accept or sufficiently respond to Plaintiff's demand. Accordingly, Plaintiff is entitled to file the instant Complaint.

10.

In addition to Plaintiff's other transmissions, communications and/or claims, Plaintiff, out of an abundance of caution, made and/or re-made claim Presentment in accord with 33 USC §§ 2702(b) and 2713 by submitting a description of the claim with a "sum certain" demand and with supporting documentation to BP as the "Responsible Party" under OPA via US mail and electronic transmission.  BP either denied Plaintiff's claims or otherwise failed to accept or respond within 90 days of Presentment.  Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA. Pursuant to 33 USC § 2717(f)(1)(A), a lawsuit shall be filed within 3 years of the date on which the loss and the connection of the

loss with the discharge in question are reasonably discoverable with the exercise of

due care. RC suffered loss at the time of the damage and nuisance created on the

property being transferred and files this complaint within the statutory period.

11.

Plaintiff's claims for relief against each of the Defendants are adopted anew

from the Master Complaint referenced above, including any subsequent

supplemental or amending complaints thereto, and are incorporated and re-alleged

herein. Said claims include, but are not limited to, all applicable claims under the

general maritime law and the Oil Pollution Act, as well as State Law Claims for

Relief, Punitive Damages and Declaratory Relief.

12.

As a result of the Defendants' negligence, strict liability, gross negligence,

willful and wanton conduct, and violations of applicable safety, construction or

operating regulations/statutes, Plaintiff has sustained and will continue to sustain

damages indefinitely into the future. Said damages sustained by Plaintiff and

recoverable from the named Defendants include, but are not limited to, the

following:

a) economic, income, property and compensatory damages;

b) punitive and/or exemplary damages;

c) pre-judgment and post-judgment interest at the maximum rate allowable by law;

d) attorneys' fees, claims preparation expenses, and costs of litigation;

e) declaratory and injunctive relief; and

f) such other and further relief and damages available under all applicable state and

federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly,

severally and individually, for the injuries and damages as set forth above, any and

all other and further relief and damages available under all applicable state and

federal laws, and any general and equitable relief that the Court deems just and

appropriate.

Plaintiff reserves the right to amend and supplement this complaint.

Plaintiff demands a Trial by Jury.


Respectfully submitted,


BY:*/s/William B. Price*
WILLIAM B. PRICE
Florida Bar No: 28277
bill@billpricelaw.com
P.O. Box 351
Panama City, FL 32402
Telephone: (850) 215-2195
Facsimile: (850)763-0647

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of July, 2016.

*/s/ William B. Price*
William B. Price
Florida Bar No: 28277
P. O. Box 351
Panama City, FL 32402
Telephone: (850) 215-2195
Facsimile: (850)763-0647
Email: bill@billpricelaw.com
