UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE DOWNS LAW GROUP,**<br><br>                                        Plaintiff,<br><br>v.<br><br>**BP GRCO,** et al.,<br><br>                                        Defendant. | MDL No. 2:10-md-02179<br><br>CIVIL ACTION<br><br>CASE NO.: |

**Plaintiff's Motion for Extension of Time in Opposition to BP's Order for Disposal of Material**

COMES NOW, The Downs Law Group ("DLG") who represents around forty-five hundred (4,500) class members in relation to the BP Oil Spill Class Action MDL 2179. Plaintiff, DLG hereby objects to BP's Motion for Order of Disposal of Material and requests an Extension of Time to review said materials, on the following grounds:

1. On or about June 20, 2016, BP CRGO ("BP") filed a letter requesting authorization to dispose of surplus resource material. Along with the letter BP was to submit an Excel spreadsheet ("Excel File"), which denotes the materials requested to be disposed of. This Excel File was to be submitted to the Clerk's office due to the large size of the file.

2. According to the letter, filed in the records as Rec. doc. 19381, this Excel File contains "material-by-material information concerning historical requests, amounts remaining, [and] amounts recommended for retention."

3. On or about June 28, 2016 an Order granting BP's Motion for Disposal of Material was filed by this Court. The Order stated that the deadline for oppositions to the motion would be on or before July 12, 2016. As of June 20, 2016, when BP filed the

1

letter to the judge, the Excel File should have been submitted along with it to the Clerk's office, however, it was not. In fact, the Clerk's office did not receive a copy of the Excel File until the end of the *following* week.

4. On or about June 29, 2016, DLG received notice of the existence of the Order to Dispose of Material, and on that date DLG contacted the Clerk's office on a daily basis for a period of 9 days, to obtain a copy of the Excel File. As of July 7, 2016 the Clerk's office still did not have a copy of the Excel File and therefore had to request it from BP themselves.

5. It took over a week for BP to submit the Excel File. The file was submitted to the Clerk's office on or about July 7, 2016, about a week after the order stated it would be submitted. Due to the numerous requests that DLG had made to the Clerk's Office the preceding week, BP submitted a copy of the Excel File to DLG directly.

6. DLG received copy of the Excel File in the afternoon of Thursday July 7, 2016, a mere two (2) business days before the deadline for oppositions to the Order had to be filed to this Court. Thus allowing DLG a small 24/48 hour window to review thousands items in reference to a multitude of material samples that BP intends to dispose of through their Motion.

7. On or about July 7, 2016, when BP's Counsel provided DLG with the Excel File, DLG reviewed the information therein and found that it contained an abundance of referenced materials that were abbreviated. Furthermore, the Excel File did not provide a key to decipher said abbreviations.

8. In order to analyze and interpret an Excel File of this complexity and size, DLG would require a minimal extension of time of sixty (60) days to have experts review the

file and interpret the information in order to make an informed decision with regards to the disposition of materials.

9. Based on the letter that BP filed with its Motion, it appears that this is crucial evidence that BP is intending to reduce to a nominal amount. Due to the short time frame that DLG has had to review the file, the following key facts are still unknown: what samples are going to be reduced and/or disposed of, the original amounts of said samples, what amounts will be left over after disposal is finalized, and what procedures will be followed to dispose of these thousands of materials.

10. In addition to the foregoing facts, in a telephonic conversation yesterday on July 11, 2016, a mere one (1) day before the deadline to file any opposition to the Order, the existence of a "Provenance Document" was disclosed for the first time. Counsel for BP offered to send DLG a Provenance Document as well as a Definitions to the abbreviations of the material referenced in the Excel File. DLG however did not receive the document until July 12, 2016 the final day to submit oppositions to the Order.

11. Not only was this Provenance Document submitted to DLG within an unreasonable timeframe for review, as it was received on the same day as the Opposition deadline. Moreover, even with the Provenance Document various key abbreviations and definitions, all of which are essential to understanding the referenced materials in the Excel File, are missing from the Provenance Document. Therefore, not having been able to understand and have an expert review this Provenance Document further hinders our ability to understand the nature and importance of these materials to future BELO cases.

12. The review of the materials provided is unduly burdensome on DLG. Furthermore, even if BP had received the Excel File at an earlier date, the information

included is of such a complex nature that it would be unduly burdensome to have reviewed it without an expert, let alone without a key.

13. There are between twenty (20,000) to forty (40,000) thousand "potential" BELO claims against BP. While DLG does not yet know to what extent the information in the Excel File is relevant to these claims, the letter that BP submitted to this Court sufficiently demonstrates that these are crucial materials which might be necessary to preserve for our clients and all other potential BELO plaintiffs.

14. In addition to the twenty (20,000) to forty (40,000) thousand potential BELO claims, it is our understanding that there are an additional eight hundred and ninety six (896) opt out and/or tag along lawsuits that might require this material as well. Moreover, it is unclear at the moment if any BELO claims might arise five (5) to ten (10) years down the road, as recited at the fairness hearing. Due to this uncertainty for BELO claims that might arise in the future, it is evident that the spoliation of evidence is of paramount concern.

15. Finally, BP contends that preservation of this material places a financial burden of around one hundred and fifty thousand (150,000) dollars a month. However, this amount is minimal in relation to the detrimental effects that BELO claimants might face because information that could potentially be material to their case is going to be destroyed before they even have the chance of filing a single claim.

16. BP went to great lengths to maintain these materials at certain temperatures and to be preserved through particular procedures, all of which was agreed upon by the parties. This agreement should not be disrupted until it is certain that destruction of this material will not hinder, impede, or prevent any future BELO claims. Any disruption of these

materials would potentially be reckless, and DLG argues the need to err on the side of caution.

WHEREFORE, the Downs Law Group respectfully requests that this honorable Court deny BP's Motion to Dispose of Material and to grant DLG an additional ninety (90) days to conduct a thorough and accurate review of the voluminous material BP provided in order to decide whether to withdraw this motion or not, and for any additional relief this court deems just and proper.

Respectfully Submitted,
THE DOWNS LAW GROUP
By: /s/ Craig T. Downs _
Co-Counsel for PLAINTIFFS
**Craig T. Downs, Esq.**
Fla. Bar. No. 801089
cdowns@downslawgroup.com
of the *Downs Law Group* along with

**Vanessa E. Diaz**
Fla. Bar. No. 120087
vdiaz@downslawgroup.com
3250 Mary Street, Suite 307
Miami, FL 33133
Telephone: (305) 444-8226
Facsimile: (305) 444-6773

**Jose E. Aguirre**
Fla. Bar. No. 92675
jaguirre@downslawgroup.com
3250 Mary Street, Suite 307
Miami, FL 33133
Telephone: (305) 444-8226
Facsimile: (305) 444-6773

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on_____, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record: Joseph J. DeSanctis at jdesanctis@kirkland.com, as well as J. Andrew Langan at andrew.langan@kirkland.com attorneys for Defendants, and Michael O'Keefe at mike_okeefe@laed.uscourts.gov.

/s/ Craig T. Downs.

Craig T. Downs