UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| | * | JUDGE BARBIER |
| This Document relates to: *All Cases in Pleading Bundle "B1"* | * * * | MAGISTRATE JUDGE SHUSHAN |

### ORDER RE: COMPLIANCE WITH PTO 60

### [Regarding All Remaining Claims in Pleading Bundle B1]

In order to facilitate the effective administration of this multidistrict litigation and the prosecution of the coordinated actions herein, the Court established eight separate "pleading bundles" for different categories of cases and claims.  (PTO 11, Rec. Doc. 569).  The "B1" Bundle included claims for Non-Governmental Economic Loss and Property Damages by Private Individuals and Businesses, and it was pled pursuant to a "B1" BUNDLE MASTER COMPLAINT.  (Rec. Doc. 879, *amended* Rec. Doc. 1128).

The Court previously employed the B1 Master Complaint as a procedural device for administrative purposes to facilitate the filing of short-form joinders by plaintiffs.  Plaintiffs were permitted to join in the B1 Master Complaint by filing short-form joinders pursuant to Pretrial Orders 20, 24, and 25. (Rec. Docs. 904, 982, 983).  Individual and business plaintiffs who filed lawsuits that raised non-governmental economic loss and property damages claims and were consolidated with these proceedings were deemed "B1" Plaintiffs, even if they did not also file a short-form joinder.  (Rec. Doc. 983 at 2).

On August 26, 2011, the Court issued an order dismissing aspects of the Amended B1 Master Complaint.  (Rec. Doc. 3830).

On December 21, 2012, the Court certified the Economic and Property Damages Settlement Class and granted final approval of the Economic and Property Damages Settlement Agreement that resolved many of the claims in the B1 bundle. (Rec. Docs. 8138 (Order and Reasons), 8139 (Order and Judgment)). Some B1 Plaintiffs were excluded from the Settlement Class, and others timely submitted requests to opt out from the class settlement. All B1 claims by members of the Settlement Class are subject to the classwide release of their claims, except for claims expressly reserved under the Settlement Agreement.

Considering that the subject oil spill had occurred more than five years earlier, the Clerk was directed by Order dated September 4, 2015, to docket no further short-form joinders in docket number 10-8888. (Rec. Doc. 15321).

Seeing no further administrative or procedural benefit to maintaining the Amended B1 Master Complaint, in Pre-Trial Order No. 60 ("PTO 60") (Rec. Doc. 16050) the Court dismissed the Amended B1 Master Complaint in its entirety on March 29, 2016, but allowed the remaining B1 Plaintiffs who had timely filed a claim in the B1 bundle and who had not released their claims an opportunity to proceed with their B1 claims through compliance with PTO 60, including the timely filing of individual complaints. (*See* PTO 60, at ¶ 6.)

To assist the Court in streamlining the remaining claims in the B1 bundle, the Court ordered in PTO 60, as amended on June 3, 2016 (Rec. Doc. 18659), that all Plaintiffs who had timely filed a claim in the B1 bundle and who had not released their claims as of the date of PTO 60 were required to file and/or serve certain required submissions by May 16, 2016. (*See* PTO 60, at ¶ 6.) Each remaining B1 Plaintiff was required by PTO 60 to file and serve a three-page sworn statement regarding the status of his/her/its claims. (*Id.*) In addition, any B1 Plaintiff who had filed only a short-form joinder and/or a "Mass Joinder" lawsuit (one joined by one or more

2

other plaintiffs) was required to file an individual complaint setting out its B1 claims. (*Id*.) Notice of PTO 60's requirements was provided on the Court's MDL 2179 docket, by publication on the Court's website (http://www.laed.uscourts.gov/case-information/mdl-mass-class-action/oilspill), by service of a copy of PTO 60 on counsel of record via File & Serve Xpress pursuant to Pretrial Order No. 12 (Rec. Doc. 600), and by a mailing of PTO 60 conducted by counsel for BP to Plaintiffs identified on a list provided by Garden City Group of all Plaintiffs who opted out of the Economic and Property Damages Settlement, signed their opt-out forms and did not indicate in that form that the plaintiff was represented by counsel. (*See id.* ¶ 11.)

Thousands of Plaintiffs filed and served submissions in response to PTO 60. On June 7, 2016, after the deadline for compliance with PTO 60 had passed, the Court issued an Order to Show Cause Regarding Compliance with PTO 60 (Rec. Doc. 18724) ("Show Cause Order"). The Show Cause Order identified several thousand Plaintiffs that BP in good faith believed made submissions in response to PTO 60 that complied with the requirements of PTO 60. (Show Cause Order Exhibits 1A, 1B).

In addition, the Show Cause Order identified several categories of Plaintiffs in the B1 bundle that BP believed, in good faith, were not compliant with PTO 60 and who the Court ordered to show cause in writing on or before June 28, 2016, why their B1 claims should not be dismissed with prejudice for failure to comply with PTO 60. Those Plaintiffs subject to the Show Cause order included: (i) Plaintiffs that made some form of submissions in response to PTO 60, but whose submissions BP in good faith believed were materially deficient with the requirements of PTO 60 (Show Cause Order Ex. 2); (ii) Plaintiffs who filed only a "Mass Joinder" complaint in violation of PTO 60 (Show Cause Order Exs. 2 and 3); (iii) Plaintiffs who filed claims in the B1 bundle but failed to file any response to PTO 60; and (iv) any other B1

Plaintiff not listed on Exhibit 1A or Exhibit 1B to the Show Cause Order.  (Show Cause Order, ¶¶ 1-5).

Plaintiffs' time to file responses to the Show Cause Order has now passed, and the Court has received approximately 148 responses by the June 28, 2016 deadline.

On July 13, 2016, BP filed with the Court an updated list of Plaintiffs that BP, based on its review, in good faith believes made PTO 60 submissions that complied with the requirements of PTO 60.[1]  (Rec. Docs. 20992-1, 20992-2.)  As represented by BP, this list (attached as EXHIBIT 1A (listed alphabetically by plaintiff) and EXHIBIT 1B (listed by case number) to this Order) includes the original list of compliant Plaintiffs provided by BP and attached to the Show Cause Order, **_with  (a)  the addition of_** those Plaintiffs as to which BP has indicated it does not have any remaining objection to that Plaintiff's compliance with PTO 60 based on that Plaintiff's timely show cause filing, **_and (b) the elimination of_** those Plaintiffs who complied with PTO 60 but have since dismissed their claims against BP and/or have since executed releases of their claims and are in the process of dismissing their claims against BP, as there are no further proceedings between BP and Plaintiffs who have released and/or dismissed claims against BP.

**IT IS THEREFORE ORDERED** as follows:

1. The Plaintiffs listed on EXHIBITS 1A and 1B to this Order are deemed compliant with PTO 60 and are subject to further proceedings in this Court solely on their claims as pled in their individual complaints.  (*See* PTO 60, at ¶ 8.)  To the extent any of these Plaintiffs is relying upon a previously-filed complaint that, in addition to individual claims, also contains class allegations, any embedded class allegations in those complaints are

---

[1] Compliance with PTO 60 is not limited to the requirements of that order, and is not a statement that the claims otherwise have procedural or substantive merit.

4

        deemed stricken and only the individual Plaintiff claims are compliant with PTO 60 and can continue.

2. BP also filed with the Court an updated list of the remainder of those Plaintiffs on BP's good faith non-compliant list attached to the Court's June 7, 2016 Order, who have made timely show cause filings but as to whom BP still has an objection to that Plaintiff's compliance with PTO 60. (Rec. Doc. 20992-3.) This list is attached to this Order as EXHIBIT 2. By **July 21, 2016**, BP shall file its objections to those Plaintiffs' responses to the Show Cause Order (*i.e.*, those pertaining to any Plaintiff listed in EXHIBIT 2 to this Order) that were timely filed with the Court in response to the June 7, 2016 Show Cause Order. BP's objections shall be filed as a single brief organized, to the extent practical, by issue (rather than by plaintiff or claim), with a page limit of 5 pages per issue. By **July 28, 2016**, any Plaintiff listed in EXHIBIT 2 may file a reply, not exceeding 3 pages, to BP's objections.

3. All remaining Plaintiffs in the B1 bundle, other than those that are either (1) identified in paragraph 1 above as compliant with PTO 60 or (2) have filed a timely response to the Show Cause Order as indicated in paragraph 2 above, are deemed noncompliant with PTO 60, and their B1 claims are hereby **DISMISSED WITH PREJUDICE**.

4. As to all Plaintiffs in the B1 bundle, only those Plaintiffs who have not previously released their claims, have made timely presentment as required by OPA, have previously filed an individual lawsuit, and have otherwise complied with the requirements of PTO 60 have preserved their individual claims. All other B1 bundle claims are time-barred.

New Orleans, Louisiana, this 14 day of July, 2016.

_____
**CARL J. BARBIER**
**United States District Court**