# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 <br><br> SECTION: "J" (1) <br><br> JUDGE BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |
| This Document Relates to: <br> Jawof Serenity at Dune Allen, LLC <br> v. BP, p.l.c., et. al., <br> Civil Action No. 2:13-cv-2398-CJB-SS | |

**MOTION FOR RECONSIDERATION AND/OR MOTION FOR RELIEF FROM ORDER AND/OR FOR A DETERMINATION THAT MOVER HAS COMPLIED WITH PTO 60 AND TO SET ASIDE DISMISSAL FOR NON-COMPLIANCE WITH PTO 60**

NOW COMES Jawof Serenity at Dune Allen, LLC ("Jawof") and seeks relief from, and moves the Court to reconsider the Order re: Compliance With PTO 60 (Rec. Doc. 20996) issued by the Court on July 14, 2016, to the extent that it dismisses with prejudice the claims asserted by Jawof in Suit No. 2:13-cv-2398. Jawof has fully complied with all the requirements of PTO 60 and, to the extent that there are any issues regarding its compliance, Jawof requests that the Court review Jawof's Response to Order to Show Cause (Rec. Doc. 19115) and determine that it has complied with PTO 60 and declare that Jawof may proceed with the suit it previously filed.

1.

Jawof is the plaintiff in the case entitled "Jawof Serenity at Dune Allen, LLC v. BP, p.l.c., et. al.", Civil Action No. 2:13-cv-2398, which was filed in this Court on April 22, 2013.

2.

On March 29, 2016 the Court entered Pretrial Order No. 60 ("PTO 60") (Rec. Doc. 16050).

3.

On May 2, 2016 undersigned counsel for Jawof requested a 14-day extension of the date by which Jawof (and others) were required to comply with PTO 60 (Rec. Doc. 16619).

4.

On May 4, 2016 the Court entered an Order granting the extension requested by undersigned counsel on behalf of Jawof, as well as extensions requested by other attorneys (Rec. Doc. 16758).

5.

On May 12, 2016 undersigned counsel filed in the record of Civil Case 2:13-cv-2398 and on Jawof's behalf, a pleading entitled "Filing of Sworn Statement for Disclosure of B1 Claims." (Rec. Doc. 16 in Civil Case 2:13-cv-2398). Attached to that pleading were (1) the Sworn Statement for Disclosures Regarding Remaining Non-Governmental Economic Loss and Property Damage Claims (the "Sworn Statement") executed by Steven R. Bradley on behalf of Jawof; and (2) the Opt-Out Election and Notification (the "Opt-Out Form") executed by Steven R. Bradley on Jawof's behalf on September 27, 2012, along with the transmittal letter dated October 3, 2012 from undersigned counsel to the Deepwater Horizon Court-Supervised Settlement Program. That pleading and all its attachments, which were filed in Civil Case 2:13-cv-2398 (Rec. Doc. 16) as required by PTO 60, are being submitted herewith and identified as Exhibit "1".

6.

On May 13, 2016 undersigned counsel sent by U.S. Mail, postage prepaid, as required by PTO 60, copies of all the documents described in the preceding paragraph together with a transmittal letter to:

a.  J. Andrew Logan, Esq.
    Kirkland & Ellis LLP
    300 North LaSalle Street
    Suite 2400
    Chicago, IL 60654

b.  MDL 2179 Plaintiffs' Steering Committee
    Attn: Steve Herman or Jim Roy
    The Exchange Centre, Suite 2000
    935 Gravier Street
    New Orleans, LA 70112

Copies of all the materials that were mailed to these individuals are attached hereto as Exhibit "2".

7.

The Court subsequently issued an Order to Show Cause re: Compliance With PTO 60 (Rec. Doc. 18724) (the "Order to Show Cause"). Jawof's was not listed by name in Exhibit 1A of Order to Show Cause and, thus, Jawof was probably presumed to not have complied with PTO 60. However, in Exhibit 1B of the Order to Show Cause, Jawof's suit number (2:13-cv-2398) was listed, but it was erroneously associated with Viento Beach, LLC, which is another party represented by undersigned counsel. Viento Beach, LLC was listed in Exhibits 1A and 1B as having complied with PTO 60; however, in both exhibits Viento Beach, LLC was associated with two suit numbers: 2:13-cv-2394, which is the correct number for the suit filed by Viento Beach, LLC; and 2:13-cv-2398, which is the correct number for the suit filed by Jawof. Essentially, suit number 2:13-cv-2398, which is Jawof's suit, was erroneously associated with

- 3 -

Viento Beach, LLC.  As a result, Jawof's name was not listed in Exhibit 1A, but the number of Jawof's suit was listed in Exhibit 1B.  Obviously this was an error.

8.

Jawof did comply with the requirements of PTO 60 because it timely performed the acts described above in ¶¶ 5 and 6.  However, it appeared a mistake had been made because in Exhibits 1A and 1B, Viento Beach, LLC was listed as having complied with PTO 60, but it was incorrectly assigned two suit numbers, one of which belongs to Jawof .  Because of this mistake, Jawof was not listed by name in Exhibits 1A and 1B, and it incorrectly appeared as not having complied with PTO 60.  If suit number 2:13-cv-2398 had been properly associated with Jawof, as it should have been, then it would have been clear that Jawof was in compliance with PTO 60.

9.

In an effort to bring the problem to light and to comply with the Order to Show Cause, on June 22, 2016 Jawof filed its Response to Order to Show Cause (Rec. Doc. 19115) outlining what is stated above in ¶¶ 1-8 and explaining how it had complied with PTO 60.  Jawof's Response to Order to Show Cause is attached hereto as Exhibit "3".

10.

On July 13, 2016 BP filed its Notice of Filing of BP's Updated PTO 60 Compliance List and Remaining Noncompliance List (Rec. Doc. 20992).  Jawof's name is not in any of the three updated lists which BP attached to that pleading.  Jawof is not listed as having complied with PTO 60 or as not having complied with PTO 60.  The reason may be that BP eliminated from its original list "those Plaintiffs who complied with PTO 60 but have since dismissed their claims against BP and/or have since executed releases of their claims and are in the process of dismissing their claims against BP."  After settlement discussions, Jawof ultimately did not

execute a release and did not dismiss its claims against BP. Therefore, Jawof's name should not have been eliminated from BP's lists and should have been included in BP's updated lists as either having complied with PTO 60 or as remaining in noncompliance. Jawof was not listed as being in either group.

11.

In the Order re: Compliance With PTO 60, the Court has dismissed with prejudice the claims of Plaintiffs who are not listed in Exhibits 1A and 1B thereto, and has set briefing dates regarding the responses to the Order to Show Cause filed by those Plaintiffs listed in Exhibit 2. Because Jawof is not listed in Exhibits 1A or 1B, its claims have been dismissed. At the same time, Jawof's Response to Order to Show Cause will not be considered because Jawof is not listed in Exhibit 2.

12.

Jawof timely complied with PTO 60 but did not dismiss its claims against BP; therefore, its name and suit number should have been included in Exhibits 1A and 1B, and its claims should not have been dismissed. Alternatively, if there is any issue about Jawof's compliance with PTO 60, Jawof's name should have been listed in Exhibit 2 as noncompliant. In that instance, Jawof's Response to Order to Show Cause should be considered by the Court and BP should be ordered to file an objection thereto by the July 21, 2016 date, and Jawof should be ordered to file a reply by July 28, 2016 if it wishes to respond. The Court's dismissal of Jawof's claims is clearly a mistake that should be corrected.

WHEREFORE, Jawof Serenity at Dune Allen, LLC requests that (1) the Court order BP to review its records and inform the Court if Jawof complied with PTO 60 and did not settle its claims with or release BP; (2) the Court determine that Jawof complied with PTO 60 and timely

responded to the Order to Show Cause; (3) the Court set aside the dismissal of Jawof's claims and order that Jawof's suit may proceed; (4) the Court require BP to file objection to Jawof's response to the Order to Show Cause; and (5) the Court determine that Jawof timely filed its response to the Order to Show Cause and that that Jawof complied with all the requirements of PTO 60 and may proceed with its suit.

Dated: July 14, 2016                                    Respectfully Submitted:

*/s/*Camilo K. Salas III
Camilo K. Salas III (LSBA 11657)
SALAS & Co., L.C.
650 Poydras Street, Suite 2000
New Orleans, LA  70130
Telephone:  504-799-3080
Fax:  504-799-3085
E-Mail:  csalas@salaslaw.com
Attorney for Jawof Serenity at
Dune Allen, LLC, Plaintiff in
Civil Action No. 13-2398

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of July, 2016, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Louisiana using the CM/ECF system and I also submitted it to the File & Serve Xpress system, which will send notification of such filing to the all attorneys for all parties that have appeared.

*/s/*Camilo K. Salas III