UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br>ALL CLAIMS<br>(including, particularly, Nos. 12-968, 12-970, 15-4143, 15-4146, and 15-4654) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### DECLARATION OF ELIZABETH J. CABRASER IN SUPPORT OF PSC FEE APPLICATION

1. I, Elizabeth J. Cabraser, declare the following to be true and correct, based upon my knowledge, information, and belief, on the basis of my experience as a member of the Plaintiffs' Steering Committee ("PSC") in this litigation, and in support of the common benefit fee application of the PSC:

2. In this complex litigation, the Court-appointed Co-Leads and PSC members have achieved a profound synergy: the whole of their collective accomplishments, for the benefit of the many thousands of plaintiffs and members of the Settlement Classes, is far greater than the sum of the individual contributors' parts. This is due to several key factors, including the insight of the Court in selecting a diverse array of members with complementary skills and experience. It was also due to the Court's unique prescription for an effective PSC: priority dedication, on site, in New Orleans. The willingness of the PSC members to constitute a functional on-site, *de facto* law firm and to work as a team, striving together with candor and trust to collaboratively develop new ideas and approaches to the unique challenges presented by the *Deepwater Horizon* litigation has created a unique "*esprit de PSC.*" As an observer, participant, and admirer of this

1310208.1

spirit in action, I express my hope that other committees, in other cases, take the *Deepwater Horizon* leadership and PSC as a role model and strive to do likewise.

3.   The PSC's work, performed at the highest levels of legal skill, expertise, and innovation, at high speed, and in difficult circumstances, has paid off at correspondingly highest levels for those economically and medically victimized by the disaster. The seemingly endless days and hours spent by all PSC members and their firms in intensive trial preparation, trial, and settlement-related activity likewise deserve compensation at the highest level, under the equitable common benefit doctrine. Such compensation should include a substantial premium on PSC time. To state that this time was taken away from other efforts, was consistently far greater than a "normal" eight hour day, and was undertaken at high risk, are understatements. By way of direct comparison to a case involving similar challenges and similar efforts, the *Exxon Valdez* case took over 20 years of such efforts, which similar advanced costs and time incurred, and, in the long-deferred end, did <u>not</u> compensate class counsel for all the time expended, nor did it compensate class members at the multi-billion dollar levels achieved thus far, less than six years from the disaster, in *Deepwater Horizon*.

4.   Thus, all the relevant factors that courts in the Fifth Circuit look to for guidance in awarding fair and reasonable fees in class action settlements, as set forth in *inter alia*, *Johnson v. Georgia Highway Express, Inc.*, and reaffirmed in *Union Asset Mgmt. Holding AG v. Dell, Inc.*, support and militate in favor of robust multipliers here. The time and labor required was intensive and demanding. The issues were novel, difficult, and challenging. The skills required

of and exercised by the PSC were of this highest caliber. Dedication to the PSC took all away from work on other cases.

      Signed, under penalty of perjury, this 7th day of July, 2016, at San Francisco, California.

                                                          _____
                                                          Elizabeth J. Cabraser