James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) | Case No. 10-24549 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUMMARY OF THE FIRST INTERIM APPLICATION
OF KIRKLAND & ELLIS LLP, AS ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE
AND PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM DECEMBER 12, 2010 THROUGH FEBRUARY 28, 2011**

Case 2:10-mb-02179-CJB-DPC   Document 21024-21   Filed 07/15/16   Page 2 of 55

| | |
|---|---|
| NAME OF APPLICANT: | KIRKLAND & ELLIS LLP |
| AUTHORIZED TO PROVIDE PROFESSIONAL SERVICES TO: | THE GREAT ATLANTIC & PACIFIC TEA CO., INC., ET AL. |
| DATE CASE FILED: | DECEMBER 12, 2010 |
| DATE OF RETENTION | ORDER DATED JANUARY 12, 2011 (EFFECTIVE AS OF DECEMBER 12, 2010) |
| PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT: | DECEMBER 12, 2010 THROUGH FEBRUARY 28, 2011 |
| AMOUNT OF COMPENSATION REQUESTED | $5,881,026.50 |
| AMOUNT OF EXPENSE REIMBURSEMENT REQUESTED: | $311,028.26 |
| TOTAL COMPENSATION AND EXPENSE REIMBURSEMENT REQUESTED: | $6,192,054.76[1] |
| TOTAL COMPENSATION AND EXPENSES PREVIOUSLY REQUESTED AND AWARDED: | NONE |
| BLENDED RATE OF PROFESSIONALS AND PARAPROFESSIONALS: | $562.18 |
| BLENDED RATE OF PROFESSIONALS: | $616.63 |

---

[1] After an internal review, K&E voluntarily reduced the compensation requested by $100,013.50 and reduced the expenses requested by $18,045.16 (of which, $288.40 was reduced from expenses requested in the December 2010 and February 2011 monthly fee statements).

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone      (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 10-24549 (RDD) |
| Debtors. | Jointly Administered |

**FIRST INTERIM APPLICATION OF KIRKLAND & ELLIS LLP**
**AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**
**FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR PROFESSIONAL**
**SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM DECEMBER 12, 2010 THROUGH FEBRUARY 28, 2011**

Kirkland & Ellis LLP ("***K&E***"), counsel for The Great Atlantic and Pacific Tea

Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "***Debtors***"), submits this first interim fee application

(the "***Application***") pursuant to sections 330 and 331 of title 11 of the United States Code (the

"***Bankruptcy Code***"); Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "**Local Bankruptcy Rules**") for the interim allowance of compensation in the

aggregate amount of $5,881,026.50 for professional services performed and the reimbursement

of actual and necessary expenses in the aggregate amount of $311,028.26 incurred by K&E

during the period from December 12, 2010 through February 28, 2011 (the "**First Interim Fee

Period**"). In support of this Application, K&E respectfully states as follows:

## Preliminary Statement

1.       These chapter 11 cases are extraordinarily large and complex, with 54 Debtors

reporting $8.4 billion in total revenue in the last twelve months ended September 11, 2010, and

approximately 41,000 employees and over 700 leases and subleases as of the Commencement

Date. During the First Interim Fee Period, K&E assisted the Debtors in accomplishing several

important restructuring initiatives, including:

> ➢       seamlessly transitioning the Debtors into chapter 11 by obtaining approval of a suite of operational and administrative first-day motions, including a contested motion for $800 million in postpetition DIP financing to provide an immediate infusion of liquidity that stabilized the Debtors' business;

> ➢       obtaining approval of a critical vendor program that largely stabilized the Debtors' supply base;

> ➢       obtaining approval to reject over 120 underperforming leases and subleases, resulting in estimated cost savings of over $80 million on an annual basis;

> ➢       completing a request-for-proposal process, rejecting the trucking agreement with Grocery Haulers, Inc. ("**GHI**") and replacing GHI on an interim basis with C&S Wholesale Grocers, Inc., at a substantially reduced cost;

> ➢       performing substantial analysis and preparatory work to address the Debtors' legacy liabilities and labor costs;

> ➢       restructuring the Debtors' sizeable store footprint, including consummating a store closing sale for certain non-core stores;

Case 2:10-mb-02179-CJB-DPC   Document 21024-31   Filed 07/15/16   Page 5 of 55

> ➤ initiating the process of restructuring the Debtors' supply and logistics relationships; and

> ➤ delivering a long-term business plan to key constituents of whom the Debtors have kept apprised of all major aspects of these restructuring cases.

## Jurisdiction

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue in the Court is proper pursuant to 28 U.S.C. § 1408.

4.      The bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## Compliance With the Guidelines

5.      This Application was prepared in accordance with (i) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "*Local Guidelines*") established and adopted by the United States Bankruptcy Court for the Southern District of New York pursuant to General Order M-389, (ii) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "*UST Guidelines*") and (iii) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 505] (the "*Interim Compensation Order*" and, together with the Local Guidelines and the UST Guidelines, collectively, the "*Guidelines*").

6.      Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, the following exhibits are attached hereto:

> a.      **Exhibit A** contains a certification by undersigned counsel regarding compliance with the Guidelines;

<table>
<tr><td>b.</td><td><strong>Exhibit B</strong> contains a list of K&E's Project Categories, in accordance with the activity codes recommended by the Guidelines, and the total billed to each category;</td></tr>
<tr><td>c.</td><td><strong>Exhibit C</strong> contains a billing summary for the First Interim Fee Period that includes the name of each attorney and paraprofessional for whose work compensation is sought, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each professional and each paraprofessional and the corresponding hourly billing rate at K&E's current billing rates and an indication of the individual amounts requested as part of this Application;</td></tr>
<tr><td>d.</td><td><strong>Exhibit D</strong> contains a summary of K&E's total actual and necessary out-of-pocket expenses and disbursements during the First Interim Fee Period; and</td></tr>
<tr><td>e.</td><td><strong>Exhibit E</strong> contains copies of K&E's monthly fee statements, subject to redaction to preserve privileged and confidential information, which have previously been distributed pursuant to the Interim Compensation Order. These monthly fee statements contain (i) a daily description of the services rendered and the hours expended by the various K&E attorneys and paraprofessionals who performed services in these cases and (ii) a detailed schedule listing the expenses and disbursements for which K&E seeks reimbursement. K&E has prepared this exhibit based upon, among other things, computerized daily time records maintained by K&E's attorneys and paraprofessionals who provided services in these cases.</td></tr>
</table>

### Disclosure of Compensation and Requested Award

7.      By this Application, K&E requests an aggregate award for this First Interim Fee Period of $5,881,026.50 for services rendered and $311,028.26 for reimbursement of actual and necessary expenses, for a total request of $6,192,054.76.[1]

8.      During the First Interim Fee Period, after internal review, K&E took voluntary reductions in fees in the total amount of $100,013.50 and in expenses in the total amount of $18,045.16.

---

[1]     Kirkland has attempted to include in this Application all time and expenses relating to the First Interim Fee Period. Delays in processing such time and receiving invoices for certain expenses, however, do occur. Accordingly, Kirkland reserves the right to supplement this Application, including to request additional compensation for professional services rendered and reimbursement of expenses incurred during the First Interim Fee Period, prior to the hearing on this Application on proper notice.

9.      Pursuant to the Interim Compensation Order, K&E already has filed monthly fee statements, including detailed records of fees and expenses, for December [Docket No. 594], January [Docket No. 835], and February [Docket No. 1061] (collectively, the "**Monthly Fee Statements**").    No objections to the Monthly Fee Statements were filed, and the Debtors subsequently received a total of $4,704,821.20 for legal services provided to the Debtors during the First Interim Fee Period and $311,316.66 for expenses incurred in connection therewith. These amounts represent approximately 80% of K&E's legal fees and 100% of K&E's out-of-pocket expenses incurred and submitted by K&E for the December 12, 2010 through February 28, 2011 fee statement.

10.     The fees sought in this Application reflect an aggregate of 10,461.10 hours expended by K&E professionals and paraprofessionals during the First Interim Fee Period rendering necessary and beneficial legal services to the Debtors at a blended average hourly rate of $562.18 for both attorneys and paraprofessionals (or $616.63 for attorneys only).   K&E maintains computerized records of the time expended in the performance of the professional services required by the Debtors and their estates.  These records are maintained in the ordinary course of K&E's practice.

11.     The hourly rates and corresponding rate structure utilized by K&E in the chapter 11 cases are equivalent to the hourly rates and corresponding rate structure predominantly used by K&E for restructuring, workout, bankruptcy, insolvency and comparable matters and similar complex corporate, securities and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that K&E's matters are typically national in scope and typically involve great complexity, high stakes and severe time pressures.

5

12.     K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

13.     K&E regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary. Moreover, in accordance with the Guidelines, K&E regularly reduces its expenses, particularly expenses related to travel and overtime meals.

14.     This Application is K&E's first interim request for compensation for services rendered and reimbursement of expenses incurred as counsel to the Debtors. No understanding exists between K&E and any other person for the sharing of compensation sought by K&E, except among the partners and associates of K&E.

### Background

15.     On December 12, 2010 (the "*Commencement Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered. On December 21, 2010, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "*Creditors' Committee*").

16.     The Debtors are one of the nation's leading food and drug retailers. As of the Commencement Date, the Debtors operated 395 supermarkets, combination food and drug stores, liquor stores, and limited assortment food stores across eight Northeastern states and the District of Columbia.

17.    In the twelve months ended September 11, 2010, the Debtors reported revenues of $8.4 billion.   As of September 11, 2010, the Debtors reported total assets of $2.5 billion and liabilities of $3.2 billion.

18.    As of the Commencement Date, the Debtors employed approximately 41,000 employees.   Also, as of the Commencement Date, approximately 95 percent of the Debtors' employees were covered by collective bargaining agreements, and approximately 68 percent of the Debtors' employees were employed on a part-time basis.

### Retention of K&E

19.    Pursuant to an order of this Court, dated January 12, 2011, [Docket No. 488] (the "***Retention Order***"), the Debtors were authorized to retain K&E as their counsel to render legal services during these chapter 11 cases *nunc pro tunc* to the Commencement Date.   The Retention Order authorizes the Debtors to compensate and reimburse K&E in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the U.S. Trustee Guidelines.   The Retention Order authorizes the Debtors to compensate K&E at its standard hourly rates charged for services of this type and to reimburse K&E for its actual necessary out-of-pocket expenses incurred, subject to application to this Court as set forth herein.

### Summary of Professional Services

20.    To provide a meaningful summary of services rendered on behalf of the Debtors and their estates, K&E has established, in accordance with the Guidelines and its internal billing procedures, the following matter numbers in connection with these chapter 11 cases:

| Matter Number | Matter Description |
|---|---|
| 11 | Adversary Proceedings, Contested Issues |
| 12 | Asset Sale, Disposition |
| 13 | Claims Objections, Reconciliations |

7

| 14 | Automatic Stay Issues |
|----|----|
| 15 | Business Operations |
| 16 | Case Administration |
| 17 | Cash Management |
| 18 | Cash Collateral, DIP Financing |
| 19 | Creditors Communications and Meetings |
| 21 | Employee Benefits, Pension, Labor |
| 22 | Hearings |
| 23 | Insurance |
| 24 | K&E Fee Applications, Monthly Statements |
| 25 | Corporate Securities Issues |
| 26 | Tax |
| 27 | Schedules, SOFAs |
| 28 | Travel |
| 29 | Utilities |
| 30 | Vendor Issues |
| 31 | Executory Contracts and Unexpired leases |
| 32 | Plan Exclusivity |
| 38 | Non K&E Professional Matters |

21.     The following is a summary, by matter, of the most significant professional services rendered by K&E during the First Interim Fee Period. This summary is organized in accordance with K&E's internal system of matter numbers. The detailed descriptions set forth in **Exhibit E** demonstrate that K&E was heavily involved in performing services for the Debtors on a daily basis – often including night and weekend work – to meet the Debtors' needs in the chapter 11 cases.[2]

A.     **Adversary Proceedings and Contested Matter (Matter #11)**

Total Fees:        $321,696.50
Total Hours:      597.30

---

[2]     This summary of services rendered prior to and during the First Interim Fee Period is not intended to be a detailed or exhaustive description of the work performed by Kirkland but, rather, is intended to highlight certain key areas where Kirkland provided services to the Debtors prior to and during the First Interim Fee Period. A summary description of the work performed in the First Interim Fee Period, categorized by project code, and those day-to-day services and the time expended in performing such services, is set forth on **Exhibit E**.

22.     This matter category includes time spent by K&E professionals and paraprofessionals rendering services relating to litigation, potential adversary proceedings or other adversarial matters, including the following adversary proceedings:

> *The Great Atlantic & Pacific Tea Company, Inc. et al. v. Basser-Kaufman of Centereach, LLC et al.*, Case No. 10-08449

  • The Debtors seek to avoid certain preferential transfers and recover property transferred to the Defendants.

> *The Great Atlantic & Pacific Tea Company, Inc. et al. v. OfficeMax Inc.*, Case No. 11-08213

  • The Debtors seek to extend the automatic stay to a lawsuit filed by OfficeMax against the Debtors and certain key executives, or, in the alternative, to temporarily enjoin OfficeMax from continued prosecution of the lawsuit.

> *The Great Atlantic & Pacific Tea Company, Inc. et al. v. Local Union No. 863, Affiliates with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, Case No. 11-08238.

  • The Debtors seek to recover damages for injuries suffered from the Defendant's illegal secondary boycott activity.

23.     K&E's services include (i) participating in telephone conferences and meetings, (ii) reviewing various memoranda, pleadings and correspondence, (iii) responding to discovery requests, (iv) preparing witnesses, (v) conducting due diligence and (vi) addressing other related matters.  This category includes research and preparation for filing motions for injunctions to stay certain lawsuits against the Debtors and research and preparation for filing certain preference and avoidance actions on behalf of the Debtors.

**B.     Asset Sale, Disposition (Matter #12)**

Total Fees:        $108,562.50
Total Hours:       210.60

24.     This matter category includes time spent by K&E professionals and paraprofessionals rendering services relating to the disposition of certain assets.  For example,

this matter includes time spent identifying and reviewing potential assets of the estates, analyzing the Debtors' diligence with regard to their plans to close certain of their stores and assisting in creating a plan to conduct going out of business sales.   Matters relating to asset sales and disposition required K&E professionals to work extensively with the Debtors and their professionals to research and review precedent, analyze information compiled by the Debtors and their professionals and to draft procedures that that were compatible with the Debtors data and their stated goals. Time billed to this matter also includes:

> ➢ drafting and filing a store rationalization procedures motion [Docket No 777], reviewing precedents for store rationalizations procedures, corresponding with the Debtors' other advisors regarding their analysis of going out of business sales and reviewing and analyzing diligence prepared by the Debtors regarding the same;

> ➢ responding to and negotiating with objecting parties to the store rationalization procedures motion and filing a reply in support of the motion [Docket No. 958]; and

> ➢ drafting and filing a *de minimis* asset sale, transfer and abandonment procedures motion to facilitate the sale, transfer and abandonment of minor assets [Docket No. 781], reviewing asset sale terms and documentation for compliance with appropriate bankruptcy procedures and responding to and negotiating with objecting parties objecting to the motion.

## C.     Claims Objections, Reconciliations (Matter #13)

Total Fees:       $41,356.00
Total Hours:      96.60

25.     This matter category includes time spent by K&E professionals and paraprofessionals rendering services relating to the administration and resolution of various claims filed against the Debtors' estates.  This includes reviewing and analyzing claims filed in these chapter 11 cases, in coordination with the Debtors' other advisors, and otherwise preparing for a streamlined and comprehensive claims management and analysis process.  In addition, K&E was responsible for researching, drafting and filing a procedures motion for settling certain

*de minimis* claims [Docket No. 780] and responding to and negotiating with interested parties to ensure that all objections were resolved. Finally, during the First Interim Fee Period K&E began drafting a motion to establish a claims bar date, which was filed on April 13, 2011 [Docket No. 1320] and approved on May 2, 2011 [Docket No. 1476].

**D.    Automatic Stay Issues, Relief from Stay (Matter #14)**

Total Fees:        $80,576.50
Total Hours:       157.10

26.    Because the Debtors' rely on many different parties and vendors in the day-to-day operation of the business, enforcing the automatic stay is a crucial tool for the Debtors successful restructuring. This matter category includes time spent by K&E professionals and paraprofessionals rendering services relating to the imposition, enforcement and continuation of the automatic stay, including:

> ➢ reviewing issues and responding to actions taken by certain parties, including many of the Debtors' vendors, in violation of the automatic stay;

> ➢ drafting correspondence to various parties regarding compliance with the automatic stay and advising the Debtors of the automatic stay's applicability to various litigation pending in jurisdictions outside of this Court;

> ➢ performing legal research regarding the effects of the automatic stay on certain rights of non-debtor third parties with respect to actions involving or related to the Debtors or their estates, including certain non-bankruptcy litigation proceedings; and

> ➢ identifying pending litigation and coordinating the filing of suggestions of bankruptcy to ensure the Debtors received the full benefit of the automatic stay imposed by the filing of the chapter 11 cases.

Case 3:10-md-02179-CJB-DPC    Document 21024-31    Filed 07/15/16    Page 14 of 55

E.      **Business Operations (Matter #15)**

Total Fees:      $566,814.00
Total Hours:     680.90

27.     It is important that the Debtors and their advisors create and implement an all encompassing and cohesive strategy for maintaining business operations with minimal disruptions during the course of the Debtors' chapter 11 case.  K&E professionals spent time developing a strategy with the Debtors to ensure a smooth transition into chapter 11 and to ensure that going forward the business operations continue without interruptions.  This matter category includes time spent by K&E professionals and paraprofessionals rendering services relating to chapter 11 operations, including:

> ➢   strategizing with the Debtors' management and other advisors regarding priorities and processes to ensure uninterrupted operations and providing guidance to ensure that such activities comply with provisions of the Bankruptcy Code and orders entered in connection with these cases;

> ➢   advising the Debtors' management, board of directors and other advisors with respect to various restructuring strategies and initiatives relating to the Debtors' business operations in chapter 11;

> ➢   working with the Debtors to ensure compliance with the U.S. Trustee's chapter 11 operating requirements, including reviewing and assisting the Debtors in preparing and filing their monthly operating reports;

> ➢   advising the Debtors and consulting with the Debtors' other advisors with respect to legal issues associated with media communications and public relations strategies;

> ➢   advising the Debtors with respect to supplier and customer issues including reviewing the Debtors' agreements with their suppliers and advising the Debtors on potential new agreements with suppliers;

> ➢   completing a request-for-proposal process concerning the GHI trucking agreement and replacing GHI on an interim basis with C&S Wholesale Grocers, Inc., at a substantially reduced cost;

> ➢   drafting procedures and protocols for the Debtors to follow when entering into new contracts and trade agreements with third parties; and

> ➤ reviewing and analyzing potential new contractual relationships and other transactions impacting business operations.

## F.    Case Administration (Matter #16)

Total Fees:        $242,329.50
Total Hours:       548.90

28.    This matter category includes time spent by K&E professionals and paraprofessionals rendering services relating to the general administration of the Debtors' chapter 11 cases, including:

> ➤ establishing procedures for case administration and docket monitoring;

> ➤ managing and administering the chapter 11 cases on a daily basis, including monitoring the docket and distributing substantive pleadings to interested parties;

> ➤ preparing and coordinating the filing of First Day and Second Day pleadings;

> ➤ tracking critical dates and maintaining work in progress reports;

> ➤ compiling, organizing and distributing relevant case materials to the Debtors' advisors when appropriate;

> ➤ coordinating work and meetings related to multiple matters that cannot be easily allocated to one of the other categories, including time spent conducting regular, routine status update conferences and periodic all-hands meetings with management and the Debtors' other advisors;

> ➤ staffing of matters among K&E attorneys and paraprofessionals and the Debtors other retained professionals;

> ➤ organizing and maintaining voluminous document files for these cases;

> ➤ ensuring compliance with the service and notice requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, including coordinating service of pleadings and other related notices with Kurtzman Carson Consultants LLC ("**KCC**"), the notice and claims agent retained in these chapter 11 cases; and

> ➤ ensuring compliance with all of the other applicable requirements of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules and orders or procedures issued by the Court; and corresponding with various parties

in interest and KCC regarding same and assisting other parties in these cases with respect to scheduling and service matters where appropriate.

**G.    Cash Management (Matter #17)**

Total Fees:        $54,750.50
Total Hours:        102.40

29.    This    matter    category    includes    time    spent    by    K&E    professionals    and

paraprofessionals rendering services relating to the Debtors' cash management system,

including:

> ➤    assisting the Debtors' efforts to comply with the requirements set forth  in the Bankruptcy Code by analyzing the Debtors' cash management system and corresponding with management regarding same;

> ➤    preparing and filing a cash management order and requesting a limited waiver from the Court of certain requirements of section 345(b);

> ➤    corresponding with, and providing detailed information to, the U.S. Trustee concerning the Debtors' compliance with section 345(b) of the Bankruptcy Code and responding to the objection of the U.S. Trustee to the Debtors' proposed cash management order with regards to same [Docket No. 672]; and

> ➤    preparing for, and participating in, a hearing to consider the Debtors' request for a limited waiver under Section 345(b) and, ultimately, obtaining a limited waiver from the Court with respect to certain requirements of section 345(b) [Docket No. 733].

**H.    Cash Collateral, Dip Financing (Matter # 18)**

Total Fees:        $676,839.50
Total Hours:        1,241.40

30.    This    matter    category    includes    time    spent    by    K&E    professionals    and

paraprofessionals rendering services relating to the Debtors' $800 million debtor-in-possession

("***DIP***") financing and use of cash collateral.  This financing was very complex and was

contested by multiple parties, resulting in substantial time and effort spent by the K&E team,

including:

> ➤    preparing and filing a motion for entry of an order authorizing the Debtors to obtain $800 million in DIP financing (with an 18-month term until maturity, a unique feature in post-2005 retailer bankruptcies), use cash collateral and obtain new and replacement letters of credit to provide an immediate infusion of liquidity to the Debtors' businesses, fund the Debtors' comprehensive restructuring, and reassure the Debtors' customers, vendors, employees, and other stakeholders that the Debtors have the financial wherewithal and time to complete their restructuring [Docket No. 273];

> ➤    reviewing and analyzing the Debtors' prepetition credit agreements, UCC financing records and related documents;

> ➤    assisting the Debtors and their other advisors in complex negotiations, analysis and discussions with respect to the terms and conditions of the relevant documents governing the proposed DIP facility, letters of credit and use of cash collateral and related adequate protection package;

> ➤    negotiating and resolving the issues, concerns and objections of interested parties to the DIP financing, researching, drafting and filing a comprehensive reply to the multiple objections to DIP financing [Docket No. 434]; and

> ➤    preparing for the hearings on approval of DIP financing, including preparing witnesses and evidentiary or demonstrative trial documents and obtaining final approval of same [Docket No. 479].

## I.     Creditors Communications and Meetings (Matter #19)

Total Fees:         $229,826.50
Total Hours:      374.20

31.     This matter category includes time spent by K&E professionals meeting and corresponding with the advisors to the Creditors' Committee and the Debtors' prepetition lenders and their advisors to provide updates as to developments in the cases, relevant information and access to the Debtors and their records as requested and responding to miscellaneous creditor inquiries. During the First Interim Fee Period, K&E professionals organized, prepared for and attended the formational meeting of creditors. To deal with a high number of diligence requests, K&E drafted protocols for responding to the Creditors' Committee diligence requests. K&E professionals and paraprofessionals also spent time responding to information requests from the

Committee and coordinating with the Debtors' other advisors to create and maintain a Share Point data site to more efficiently respond to diligence requests.

**J.      Employee Benefits, Pension, Labor (Matter #21)**

Total Fees:        $1,033,459.50
Total Hours:       1,569.10

32.     As of the Commencement Date, the Debtors had approximately 41,000 employees, approximately 95 percent of which are party to collective bargaining agreements and approximately 68 percent of which are employed on a part-time basis.  Thus, employment-related matters play a primary role in the Debtors' operations.  The Debtors, in collaboration with their professionals, including K&E, have undertaken a number of initiatives to assess their labor costs.

33.     K&E professionals and paraprofessionals spent a significant amount of time reviewing and analyzing the Debtors' rights and responsibilities under the collective bargaining agreements to which most of their employs are party.  This matter category also includes time spent conducting legal analysis, drafting memoranda, correspondence and pleadings, and participating in conferences related to employee wages, benefits and other employee relation matters, including:

> ➢ analyzing numerous employee-related issues related to the transition to operations under chapter 11;

> ➢ reviewing employee collective bargaining agreements and analyzing the obligations arising under such agreements;

> ➢ reviewing and analyzing obligations arising under various compensation, retirement, benefits and incentive plans, programs and other arrangements;

> ➢ reviewing and analyzing executive compensation issues and management employment agreements;

> ➢  drafting and reviewing compensation related pleadings and documents and preparing related memoranda and correspondence and preparing for and participating in hearings in respect of approval of same;

> ➢  reviewing and analyzing various issues relating to the Debtors' pension and retiree benefit plans, drafting correspondence regarding same and advising Debtors regarding same; and

> ➢  researching, preparing and filing a motion seeking entry of an order approving a key employee incentive plan [Docket No. 1008]; negotiating with and addressing objections to same by the U.S. Trustee, the United Food & Commercial Workers Union and the Official Committee of Unsecured Creditors.

**K.  Hearings (Matter #22)**

Total Fees:        $356,403.00
Total Hours:      698.20

34.    This matter category includes time spent preparing for and attending several contested hearings during the First Interim Fee Period, including preparing agendas, orders and binders related to hearings and settling orders before and after hearings and related correspondence.  It also includes conferences to discuss multiple matters scheduled for a specific hearing and coordinating hearing logistics.  During the First Interim Fee Period, K&E spent considerable time preparing for and attending the First Day and Second Day hearings on December 13, 2010, and January 10, 2011, respectively, omnibus hearings on February 2, 2011 and March 8, 2011, all of which had significant contested matters.  Moreover, K&E spent time preparing for and participating in an evidentiary hearing concerning an objection to the Debtors' motion to extend time to assume or reject leases pursuant to section 365(d)(4) of the Bankruptcy Code on March 3, 2011, at which the Debtors prevailed.

**L.  Insurance (Matter #23)**

Total Fees:        $20,415.50
Total Hours:      36.90

35.    This    matter    category    includes    time    spent    by    K&E    professionals    and

paraprofessionals reviewing the Debtors' insurance policies, including general liability insurance, health insurance and workers' compensation insurance. This matter category also includes work performed to ensure that Debtors' insurance policies were maintained post-petition, including ensuring that the Debtors' maintained sufficient collateral and letters of credit in support of worker's compensation and other insurance policies.

**M.    K&E – Fee, Employment Applications and Objections (Matter #24)**

Total Fees:      $73,868.00
Total Hours:     162.60

36.    This matter category includes time spent preparing K&E's employment and fee applications, supplemental disclosures and other documents related to K&E's retention, as well as preparing monthly fee statements as required by the Interim Compensation Order. During the First Interim Fee Period, K&E professionals and paraprofessionals spent time coordinating with the U.S. Trustee with respect to comments on K&E's proposed retention application and reviewing the Debtors' invoices to ensure compliance with all requirements under the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and U.S. Trustee Guidelines.

**N.    Corporate Securities Issues (Matter #25)**

Total Fees:      $74,028.00
Total Hours:     119.20

37.    A&P is a public reporting enterprise. This matter category includes time spent by K&E professionals and paraprofessionals advising the Debtors and the A&P board of directors regarding securities law obligations and corporate governance issues and preparing correspondence, public filings and other documents in connection therewith. During the First Interim Fee Period, K&E professionals spent time on the following:

18

> ➢ preparing certain corporate documents, including drafting, revising and reviewing the Debtors' 8-K and 10-Q SEC filings;

> ➢ counseling the Debtors' directors and officers regarding their responsibilities in connection with operating as debtors in possession, including preparing for and participating in meetings with the Debtors' board of directors both in person and telephonically related to, among other things, these chapter 11 cases and the Debtors' postpetition debtor-in-possession financing; and

> ➢ conferring with the Debtors' officers regarding meetings and communications with the board of directors.

**O.    Tax (Matter #26)**

Total Fees:        $80,293.50
Total Hours:       121.80

38.    This matter category includes time spent conducting legal research, preparing correspondence and pleadings, and generally advising the Debtors on tax issues relating to or arising during the chapter 11 cases.  During the First Interim Fee Period, K&E professionals were responsible for researching and analyzing certain tax issues arising in connection with the Debtors' business operations.  K&E also advised the Debtors with regard to tax issues involving the Debtors' motion establishing procedures for the transfer of, or claims of worthless stock deductions [Docket No. 10], which was ultimately approved by the court [Docket No. 502].

**P.    Schedules, SOFAs (Matter #27)**

Total Fees:        $38,211.50
Total Hours:       74.00

39.    This matter category includes time spent working with the Debtors to comply with chapter 11 operating requirements, including the preparation, review and filing of the Debtors' schedules of assets and liabilities and statements of financial affairs (the "***Schedules and Statements***").  During the First Interim Fee Period, K&E's services included filing a motion seeking entry of an order extending the time for the Debtors' to file their Schedules and

Statements [Docket No. 80].  K&E worked with the US Trustee to obtain two other stipulations and orders providing the Debtors with extensions of time for filing their Schedules and Statements [Docket Nos. 496 and 811].  Further, K&E professionals have advised the Debtors regarding drafting the Schedules and Statements and have attended regular conferences with the Debtors and their advisors regarding same.

**Q.    Travel Time (Matter #28)**

| | |
|---|---|
| Total Fees: | $81,140.50 |
| Total Hours: | 124.70 |

40.    This matter category includes non-working travel time billed by K&E professionals during the Debtors' chapter 11 cases.  Consistent with the Guidelines, the amounts presented for review and the request for payment in this Application reflect a reduction of one half the charges for travel time, for a total reduction of $81,154.50.

**R.    Utilities (Matter #29)**

| | |
|---|---|
| Total Fees: | $83,273.00 |
| Total Hours: | 156.90 |

41.    This matter category includes time spent by K&E professionals and paraprofessionals rendering services relating to utility issues arising in connection with filing the chapter 11 cases, including:

> ➤    preparing, filing and obtaining approval of an *ex parte* bridge order to extend the provisions of section 366 of the Bankruptcy Code until the Second Day hearing on January 10, 2010 [Docket No. 272];

> ➤    reviewing, responding to and negotiating with utility providers with respect to establishing the appropriate amount adequate assurance under the utilities motion as required by the Bankruptcy Code, and other issues and objections related to the Debtors' utility motion [Docket No. 11]; and

> ➤    preparing and filing the Debtors' response to objections to the utility motion [Docket No. 436] and obtaining entry of a final order of Court approval regarding same [Docket No. 503].

**S.     Vendor Issues (Matter #30)**

Total Fees:        $430,059.50
Total Hours:       801.50

42.    Because the Debtors are a retail business that relies heavily on frequent product shipments—and in many cases daily shipments—from their vendors, ensuring continued vendor performance postpetition is crucial to the Debtors' ability to continue to operate their business. Moreover, the Debtors rely on a large number of vendors in order to keep their stores fully functioning and stocked with products.  As a result, K&E worked with the Debtors to develop and implement their critical vendor program which was part of their suite of first day motions and included: (a) identifying the Debtors' most critical non-contract vendors; (b) negotiating with the critical vendors; and (c) drafting and entering into new trade agreements when necessary.

43.    This program not only helped the Debtors' make a seamless transition into postpetition operations, it also helped them save money and re-negotiate trade agreements that had become burdensome and costly.  This matter includes time spent by K&E professionals and paraprofessionals rendering services related to critical vendor relationships and chapter 11 supply chain logistics, including:

> ➢    participating in telephone conferences and in-person meetings with management and other key operations personnel, the Debtors' other advisors and certain vendors and their respective counsel to ensure continued delivery of essential goods and services;

> ➢    assisting management and coordinating with the Debtors' other advisors in analyzing and reconciling prepetition trade claims; and

> ➢    researching and analyzing the Debtors' existing vendor trade agreements and other contracts;

> ➢    assisting in managing the Debtors' critical trade vendor program by reviewing the Debtors' trade agreements and participating in negotiations with vendor parties when necessary;

21

> ➢  researching and analyzing of set-off claims presented by vendors;

> ➢  negotiating, preparing and delivering trade agreements pursuant to which the Debtors preserved cash and better managed liquidity due to reinstatement of terms by such counterparties, in exchange for payment, in whole or in part, of the prepetition claims owing to counterparties consistent with Court-approved payment procedures.

**T.    Executory Contracts and Unexpired Leases (Matter #31)**

Total Fees:        $1,134,885.00
Total Hours:       2,265.70

44.    Two fundamental components of the Debtors operational restructuring are rationalizing the Debtors' supply and logistics arrangements and right-sizing the Debtors store footprint.  One of the first steps taken to rationalize the Debtors' supply and logistics arrangements was the rejection of their trucking agreement with Grocery Haulers Inc. and replacing it with a substitute agreement with substantially lower prices and sufficient flexibility to make near-term changes in the Debtors transportation arrangements, if necessary.[3]  The Debtors have continued the process of restructuring their supply and logistics relationships throughout the First Interim Fee Period.

45.    The overwhelming majority of the Debtors' store locations are leased, and as of the Commencement Date the Debtors were parties to more than 700 unexpired leases of nonresidential real property, including subleases and leases on account of vacant properties, or locations previously assigned by the Debtors.  The Leases are also a key component of the collateral package supporting the Debtors' postpetition lending facility and its borrowing base.[4]

---

[3]    Several workstreams relating to the rejection of the GHI trucking agreement were billed under Matter 15 "Business Operations," including: completing the request-for-proposal process and reviewing and analyzing potential new trucking agreements.  Work done specifically to reject the GHI trucking agreement was generally billed under Matter 31 "Executory Contracts and Unexpired Leases."

[4]    As this Court has noted, "the leases as a whole are among the debtors' primary assets and they are necessary for the debtors to continue their business."  Mar. 18, 2011 Hr'g Tr. at 10:24–11:2.

In order to right-size their store footprint, the Debtors, with the assistance of their advisors, have engaged in a comprehensive review of their store portfolio with the objective of identifying and selling non-core store locations. Within the first month of these chapter 11 cases, the Debtors had obtained approval with K&E's assistance to reject 73 "dark store" leases and 25 underperforming leases and 26 related subleases, resulting in estimated cost savings of over $80 million on an annual basis.

46.    This matter category includes time spent by K&E professionals and paraprofessionals rendering services relating to the Debtors' contracts and leases, including:

➢    reviewing and analyzing the Debtors' contractual obligations to identify contracts and leases that are either profitable or burdensome to the estates that may be assumed or rejected, respectively, pursuant to section 365 of the Bankruptcy Code;

➢    reviewing, researching and drafting memoranda regarding establishing certain procedures to facilitate the orderly and objective evaluation and assessment of the Debtors' contracts and leases and assist the Debtors' in making determinations as to whether to assume or reject same;

➢    assisting the Debtors and their other advisors in reviewing, analyzing and weighing benefits/burdens associated with potential cure obligations and rejection damage claims;

➢    preparing and filing pleadings with the Court establishing procedures for the assumption or rejection of executory contracts [Docket No. 547] and negotiating with objecting parties to agree to procedures, which were ultimately approved by the court [Docket No. 734];

➢    preparing and filing omnibus pleadings with the Court for the rejection of certain leases [Docket Nos. 18, 164], negotiating with objecting parties and filing pleadings in reply to objecting parties [Docket No. 437]; drafting and coordinating serving numerous notices related to same and obtaining approval of same [Docket No. 507];

➢    preparing and filing pleadings for the rejection of the GHI trucking agreement that the Debtors' found to be burdensome to the estate [Docket No. 545], filing pleadings in reply to the objecting party [Docket No. 671] and, ultimately, obtaining approval of the rejection [Docket No. 721];

Case 3:19-md-02179-CJB-DPC    Document 21024-03    Filed 07/15/16    Page 36 of 55

> ➤   responding to numerous inquiries from contract and lease counterparties regarding assumption and/or rejection of their respective agreements; and

> ➤   preparing and filing a motion to extend time to assume or reject leases pursuant to section 365(d)(4) of the Bankruptcy Code [Docket No. 546]; negotiating with objecting parties and filing pleadings in reply to objecting parties [Docket No. 693] and obtaining approval of same [Docket No. 742].

**U.    Plan Exclusivity (Matter #32)**

Total Fees:        $24,264.50
Total Hours:      48.70

47.    Time billed to this matter includes researching precedent with regards to filing a plan of reorganization and preparing and filing a motion [Docket No. 806] for entry of an order to extend the Debtors' period of exclusivity for filing a plan of reorganization to August 31, 2011 and soliciting votes for such a plan to October 31, 2011.  The Court approved the motion on March 10, 2011 [Docket No. 1003].

**V.    Non K&E Professional Matters (Matter #38)**

Total Fees:        $127,973.50
Total Hours:      272.40

48.    This matter includes the review of employment and fee applications of other professionals, as well as the preparation of retention and other applications and supplemental disclosures for professionals retained by the Debtors.  It also includes time spent by K&E reviewing and updating information regarding disclosures by ordinary course professionals retained in the Debtors' chapter 11 cases.  This matter includes time spent by K&E professionals and paraprofessionals during the First Interim Fee Period rendering services relating to the Debtors' employment and retention of other professional advisors in connection with these chapter 11 cases, including:

> ➤   assisting with the preparation, filing and approval of retention applications for Lazard Freres & Co. [Docket No. 183], Huron Consulting Services

LLC [Docket No. 189], Kurtzman Carson Consultants LLC [Docket No. 14], Pricewaterhouse Cooper LLP [Docket No. 802] and Hilco Real Estate, LLC [Docket No. 803];

➢ coordinating efforts among the Debtors and their other professionals in addressing various related concerns or objections of the U.S. Trustee, Creditors' Committee, and other parties in interest with respect to the retention of other professionals;

➢ coordinating with the Debtors and their other advisors with respect to ordinary course professional retentions and complying with the related disclosure requirements of applicable provisions of the Bankruptcy Code; and

➢ reviewing retention applications filed by the Creditors' Committee professionals and coordinating with the Creditors' Committee to address the Debtors' concerns regarding these retentions and reviewing related fee statements.

## **Reasonable and Necessary Services Rendered by K&E**

49.     The foregoing professional services rendered by K&E on behalf of the Debtors during the First Interim Fee Period were reasonable, necessary and appropriate to the administration of the Debtors' chapter 11 cases and related matters.

50.     As discussed above, these chapter 11 cases are extraordinarily large and complex. During the First Interim Fee Period, K&E assisted the Debtors in accomplishing several important restructuring endeavors, including: seamlessly transitioning the Debtors into the chapter 11 operating environment by obtaining approval of all first- and second-day motions that, among other things, secured $800 million in postpetition financing and created a critical vendor program to shore up the Debtors' liquidity and ensure access to vital goods with which to stock their stores; reducing the Debtors' legacy liabilities and labor costs; rationalizing the Debtors' sizeable store footprint; and initiating the process of restructuring the Debtors' supply and logistics relationships.

51.     Many of the services performed by partners and associates of K&E were rendered by K&E's Restructuring Group with assistance from other practice area groups.  K&E has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with more than 100 attorneys focusing on this area of law.  The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.  In addition, due to the facts and circumstances of the Debtors' chapter 11 cases, attorneys from K&E's litigation, corporate, tax and environmental practice groups were heavily involved with K&E's representation of the Debtors.   These practice groups also enjoy a national and international reputation for their expertise.  Overall, K&E brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

52.     During the First Interim Fee Period, K&E advised and assisted the Debtors in every phase of these chapter 11 cases.  To this end, as set forth in detail in **Exhibit C** of this Application, numerous K&E partners, counsel, associates and paraprofessionals from various K&E practice groups expended time rendering professional services on behalf of the Debtors and its estates.  As discussed more fully above, the vast majority of the legal services provided to the Debtors and its estates by K&E are attributable to the work performed by attorneys in the restructuring, litigation, corporate, tax and environmental practice groups.

53.     During the First Interim Fee Period, K&E's hourly billing rates for the attorneys primarily responsible for managing the Debtors' chapter 11 cases ranged from $340.00 to $995.00.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $616.63 (based on 8,855.30 recorded attorney hours at

26

K&E's regular billing rates in effect at the time of the performance of services). The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure predominantly used by K&E for restructuring, workout, bankruptcy, insolvency and comparable matters, and similar complex corporate, securities and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and rate structure reflect that such particular matters are typically national in scope and typically involve great complexity, high stakes and severe time pressures.

### Actual and Necessary Expenses Incurred by K&E

54.     As set forth in **Exhibit E** attached hereto, K&E has incurred a total of $311,028.26 in expenses on behalf of the Debtor during the First Interim Fee Period. K&E states as follows regarding these expenses: K&E charges $0.15 per page for internal copying or printing charges at its U.S. offices; K&E charges for external copying charges at the provider's cost without markup; and K&E charges for computer research at the provider's cost without markup. The basis for these rates is K&E's calculation of the actual cost of these services. Each of these categories of expenses does not exceed and, in some instances, is well below the maximum rate set by the Guidelines. These charges are intended to cover K&E's direct operating costs, which costs are not incorporated into the K&E hourly billing rates. Only clients who actually use services of the types set forth in **Exhibit E** of this Application are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

55.     The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote time during the evenings and on

27

weekends to perform legal services on behalf of the Debtors.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis from various creditors and other stakeholders and to satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates.  Consistent with firm policy, as further disclosed in the K&E retention application, attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of providing legal services.  The reimbursement amounts do not exceed those set forth in the Guidelines.

56.    In addition, due to the location of the Debtors' businesses, creditors and stakeholders in relation to K&E's offices, frequent multi-party telephone conferences were required, necessitating the use of telephone conferencing systems.   On many occasions, overnight delivery of documents and other materials was required as a result of the exigencies and circumstances of these cases.  The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these cases.   The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

**K&E's Requested Compensation and Reimbursement Should be Allowed**

57.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy

Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

58.    In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

   a.    the time spent on such services;

   b.    the rates charged for such services;

   c.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

   d.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

   e.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

59.    In the instant case, K&E respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors and its estates and were rendered to protect and preserve the Debtors' estates. K&E respectfully submits that the services rendered to the Debtors were performed economically, effectively and efficiently and that the results obtained to date have benefited not only the Debtors but all stakeholders in the Debtors' chapter 11 cases. K&E further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, its estates and all parties in interest.

60.    K&E attorneys and paraprofessionals spent a total of 10,461.10 hours during the First Interim Fee Period, which services have a fair market value of $5,881,026.50.   As demonstrated by this Application and all of the exhibits submitted in support hereof, K&E spent its time economically and without unnecessary duplication.  In addition, the work conducted was carefully assigned to appropriate attorneys or paraprofessionals according to the experience and level of expertise required for each particular task.  In summary, the services rendered by K&E were necessary and beneficial to the Debtors and their estates, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved.

61.    Accordingly, K&E respectfully submits that approval of the compensation and expense reimbursement sought herein is warranted.

## Motion Practice

62.    This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Application.  Accordingly, K&E submits that this Application satisfies Rule 9013-1(a) of the Local Bankruptcy Rules.

## No Prior Request

63.    No prior application for the relief requested herein has been made to this or any other court.

## Notice

64.    Pursuant to and in accordance with the Interim Compensation Order, (a) a copy of this Application has been provided to the Notice Parties (as defined in the Interim Compensation Order [Docket No. 505]) and (b) notice has been provided to the parties set forth on the 2002 List (as defined in the Order Establishing Certain Notice, Case Management and Administrative

Case 3:19-md-02178-CJB-DPC    Document 21924-31    Filed 07/15/16    Page 33 of 55

Procedures [Docket No. 75]).   Parties listed on the 2002 List may obtain copies of this

Application upon reasonable written request to undersigned counsel.   Due to the nature of the

relief requested herein, the Debtors respectfully submit that further notice of this motion is

neither required nor necessary.

WHEREFORE, for the reasons set forth herein, K&E respectfully requests that the Court

enter an order granting the relief requested herein and such other and further relief as the Court

deems appropriate.

New York, New York
Dated: May 11, 2011

/s/ Ray C. Schrock
James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Debtors and Debtors in Possession

Case 3:10-md-02179-CJB-DPC    Document 21024-31    Filed 07/15/16    Page 35 of 55

## Exhibit A

**Certification of Compliance**

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) ) | Case No. 10-24549 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CERTIFICATION OF RAY C. SCHROCK**
**PURSUANT TO GENERAL ORDER M–389 REGARDING**
**THE FIRST INTERIM APPLICATION OF KIRKLAND & ELLIS LLP AS**
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR**
**ALLOWANCE AND PAYMENT OF COMPENSATION FOR PROFESSIONAL**
**SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM DECEMBER 12, 2010 THROUGH FEBRUARY 28, 2011**

I, Ray C. Schrock, certify as follows:

1.     I am a partner at the law firm of Kirkland & Ellis LLP ("*K&E*"), with

responsibility for the chapter 11 cases of The Great Atlantic and Pacific Tea Co., Inc. and certain

of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***") in respect of, among other things, compliance with (i) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "***Local Guidelines***") established and adopted by the United States Bankruptcy Court for the Southern District of New York pursuant to General Order M-389, (ii) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "***UST Guidelines***") and (iii) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expense for Professionals [Docket No. 505] (the "***Interim Compensation Order***" and, together with the Local Guidelines and UST Guidelines, collectively, the "***Guidelines***").

2.      With respect to Section A.1 of the Local Guidelines, I certify that:

a.      I have read K&E's first interim application for compensation and reimbursement of expenses (the "***Application***");[1]

b.      to the best of my knowledge, information and belief, insofar as I can tell after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted in the certification and described in the fee application;

c.      except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by K&E and generally accepted by K&E's clients; and

d.      in providing a reimbursable service, K&E does not make a profit on the service, whether the service is performed by K&E in-house or through a third party.

3.      With respect to Section A.2 of the Local Guidelines, I certify that, in accordance with the terms of the Interim Compensation Order, the Debtors, the U.S. Trustee and the

---

[1]    All capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

Committee have all been provided with a statement of the fees and disbursements accrued during

each month subject to the Application containing a list of professionals and paraprofessionals

providing services, their respective billing rates, the aggregate hours spent by each professional

and paraprofessional, a general description of services rendered, a reasonably detailed

breakdown of the disbursements incurred and an explanation of billing practices.

    4.    With respect to Section A.3 of the Local Guidelines, I certify that the Debtors, the

U.S. Trustee and the Committee will each be provided with a copy of the Application

concurrently with the filing thereof and will have at least 14 days to review such Application

prior to any objection deadline with respect thereto.

Dated: May 11, 2011               /s/ *Ray C. Schrock*
      New York, New York       Ray C. Schrock
                               Partner, Kirkland & Ellis LLP

**Exhibit B**

**Summary of Fees and Expenses by Matter**

## Summary of Fees and Expenses by Matter

| Matter Number | Matter Description | Hours | Fees | Expenses | Total |
|---|---|---|---|---|---|
| 11 | Adversary Proceedings, Contested Issues | 597.30 | $321,696.50 | $6,315.20 | $328,011.70 |
| 12 | Asset Sale, Disposition | 210.60 | $108,562.50 | $675.22 | $109,237.72 |
| 13 | Claims Objections, Reconciliations | 96.60 | $41,356.00 | $771.83 | $42,127.83 |
| 14 | Automatic Stay Issues | 157.10 | $80,576.50 | $396.02 | $80,972.52 |
| 15 | Business Operations | 680.90 | $566,814.00 | $8,025.87 | $574,839.87 |
| 16 | Case Administration | 548.90 | $242,329.50 | $155,450.80 | $397,780.30 |
| 17 | Cash Management | 102.40 | $54,750.50 | $450.88 | $55,201.38 |
| 18 | Cash Collateral, DIP Financing | 1,241.40 | $676,839.50 | $10,979.90 | $687,819.40 |
| 19 | Creditors Communications and Meetings | 374.20 | $229,826.50 | $4,575.93 | $234,402.43 |
| 21 | Employee Benefits, Pension, Labor | 1,569.10 | $1,033,459.50 | $11,124.97 | $1,044,584.47 |
| 22 | Hearings | 698.20 | $356,403.00 | $35,348.99 | $391,751.99 |
| 23 | Insurance | 36.90 | $20,415.50 | $17.70 | $20,433.20 |
| 24 | K&E Fee Applications, Monthly Statements | 162.60 | $73,868.00 | $440.31 | $74,308.31 |
| 25 | Corporate Securities Issues | 119.20 | $74,028.00 | $227.03 | $74,255.03 |
| 26 | Tax | 121.80 | $80,293.50 | $38.18 | $80,331.68 |
| 27 | Schedules, SOFAs | 74.00 | $38,211.50 | $232.28 | $38,443.78 |
| 28 | Travel | 124.70 | $81,140.50 | $61,446.07 | $142,586.57 |
| 29 | Utilities | 156.90 | $83,273.00 | $1,061.18 | $84,334.18 |
| 30 | Vendor Issues | 801.50 | $430,059.50 | $9,047.79 | $439,107.29 |
| 31 | Executory Contracts and Unexpired leases | 2,265.70 | $1,134,885.00 | $3,899.54 | $1,138,784.54 |
| 32 | Plan Exclusivity | 48.70 | $24,264.50 | $102.57 | $24,367.07 |
| 38 | Non K&E Professional Matters | 272.40 | $127,973.50 | $400.00 | $128,373.50 |
| | **Totals** | **10,461.10** | **$5,881,026.50** | **$311,028.26** | **$6,192,054.76** |

**Exhibit C**

**Summary of Total Fees and Hours by Attorneys and Paraprofessionals**

## Summary of Total Fees and Hours by Attorneys and Paraprofessionals

| Attorney | Position and Year Admitted | | Department | Rate[1] | Hours | Total |
|---|---|---|---|---|---|---|
| Matthew J Antinossi | Partner | 1999 | Employee Benefits | 670/715 | 135.30 | $94,867.50 |
| Paul Basta | Partner | 1992 | Restructuring | 995.00 | 193.20 | $189,330.00 |
| Richard M Cieri | Partner | 1981 | Restructuring | 995.00 | 0.30 | $298.50 |
| Andrew M Genser | Partner | 1995 | Litigation | 735/775 | 89.80 | $69,483.00 |
| Christopher J Hoffman | Partner | 2005 | Real Estate | 660/685 | 55.30 | $37,180.50 |
| Vicki V Hood | Partner | 1977 | Employee Benefits | 920/970 | 79.50 | $75,685.00 |
| Leonard Klingbaum | Partner | 2000 | Corporate | 725/775 | 116.30 | $86,942.50 |
| Brian R Land | Partner | 1989 | Environment-Transactional | 875.00 | 0.70 | $612.50 |
| Micah E Marcus | Partner | 1999 | Litigation | 580/620 | 54.20 | $32,364.00 |
| Daryll Marshall | Partner | 1999 | Corporate | 675.00 | 17.30 | $11,677.50 |
| Todd F Maynes, P.C. | Partner | 1988 | Taxation | 995.00 | 38.10 | $37,909.50 |
| James J Mazza | Partner | 2003 | Restructuring | 690/765 | 601.50 | $449,932.50 |
| Alexandra Mihalas | Partner | 1991 | Employee Benefits | 910.00 | 0.60 | $546.00 |
| Jennifer M Morgan | Partner | 1996 | Real Estate | 755/795 | 18.70 | $14,634.50 |
| Linda K Myers, P.C. | Partner | 1990 | Corporate | 935.00 | 2.00 | $1,870.00 |
| Christian O Nagler | Partner | 1997 | Corporate | 765/805 | 9.50 | $7,287.50 |
| Alyssa A Qualls | Partner | 1999 | Litigation | 645/680 | 13.50 | $9,162.50 |
| Edward H Sadtler | Partner | 2000 | IP - Transactional | 715.00 | 3.10 | $2,216.50 |
| Ray C Schrock | Partner | 1998 | Restructuring | 785/895 | 724.90 | $630,789.50 |
| Joseph Serino, Jr. | Partner | 1988 | Litigation | 845/890 | 44.90 | $39,349.00 |
| Michael B Slade | Partner | 1999 | Litigation | 695/745 | 290.30 | $212,823.50 |
| Coree C Smith | Partner | 2001 | Real Estate | 610/680 | 100.30 | $65,418.00 |
| James H M Sprayregen, P.C. | Partner | 1985 | Restructuring | 995.00 | 135.10 | $134,424.50 |
| R Timothy Stephenson | Partner | 1990 | Labor | 845/895 | 74.90 | $66,395.50 |
| Jeffrey Symons | Partner | 1999 | Corporate | 725/775 | 27.30 | $20,372.50 |
| John S Irving, Jr. | Of Counsel | 1965 | Labor | 845/895 | 159.30 | $141,893.50 |
| Robert H Scheibe | Of Counsel | 1971 | Corporate | 995.00 | 44.80 | $44,576.00 |
| Janet S Siegel | Of Counsel | 1987 | Restructuring | 545.00 | 1.30 | $708.50 |
| Andrew Baroody | Associate | Pending | Corporate | 410.00 | 3.50 | $1,435.00 |
| Rachel Sue K Bates | Associate | 2007 | Real Estate | 455/485 | 36.20 | $17,260.00 |
| Kevin Bohl | Associate | 2006 | Real Estate | 545/605 | 83.30 | $48,536.50 |
| Edith M Bowman | Associate | 2009 | Corporate | 405/430 | 28.70 | $11,776.00 |
| Erin Broderick | Associate | 2008 | Restructuring | 505/540 | 419.50 | $223,884.00 |
| Ashley Cox | Associate | 2007 | Real Estate | 495/540 | 50.00 | $26,280.00 |
| David Curfman | Associate | 2009 | Real Estate | 340/405 | 43.30 | $15,228.00 |
| Jennifer L Curfman | Associate | 2009 | Real Estate | 405.00 | 76.00 | $31,855.00 |
| Ryan P Dahl | Associate | 2007 | Restructuring | 550/590 | 516.20 | $297,986.00 |

[1] Rate changes effected January 1, 2011 are noted.

| Attorney | Position and Year Admitted | | Department | Rate[1] | Hours | Total |
|---|---|---|---|---|---|---|
| Elizabeth F Daly | Associate | 2008 | IP - Transactional | 550/590 | 8.60 | $4,762.00 |
| Thad Davis | Associate | 2005 | Taxation | 620/660 | 10.20 | $6,688.00 |
| Eliza T Davis | Associate | Pending | Restructuring | 410.00 | 119.20 | $48,872.00 |
| Shawn Dixon | Associate | Pending | Restructuring | 385/410 | 308.60 | $122,573.50 |
| Maxwell J Eckstein | Associate | Pending | Restructuring | 385/410 | 145.70 | $58,377.00 |
| Adam Fotiades | Associate | 2008 | Litigation | 545/575 | 122.20 | $69,506.00 |
| Richard M Goldman | Associate | 2008 | Restructuring | 590/640 | 0.30 | $177.00 |
| Adam Goldstein | Associate | 2006 | Restructuring | 600/640 | 180.80 | $114,872.00 |
| Douglas Gould | Associate | 2009 | Restructuring | 505/540 | 695.70 | $370,890.00 |
| Edward B Holzwanger | Associate | 2001 | Labor | 580/635 | 34.30 | $21,450.50 |
| Ye (Cecilia) Hong | Associate | 2007 | Corporate | 600/640 | 152.50 | $93,128.00 |
| Benjamin Householder | Associate | 2007 | Real Estate | 455/485 | 62.30 | $29,774.50 |
| Rebecca J Keyworth | Associate | 2009 | Corporate | 405.00 | 2.70 | $1,093.50 |
| Nate Kritzer | Associate | 2009 | Litigation | 445/470 | 106.00 | $48,692.50 |
| Christopher H Langbein | Associate | 2009 | Restructuring | 505/540 | 27.90 | $14,460.50 |
| Matthew Langley | Associate | 2010 | Litigation | 500/535 | 90.00 | $48,031.00 |
| Anh B Lee | Associate | 2005 | Corporate | 570.00 | 1.00 | $570.00 |
| David J Lee | Associate | Pending | IP - Transactional | 385.00 | 0.50 | $192.50 |
| Joshua R McLane | Associate | 2009 | Taxation | 415/440 | 41.30 | $17,629.50 |
| Ahmad S Nofal | Associate | 2010 | Real Estate | 340/360 | 71.10 | $25,020.00 |
| Dvir Oren | Associate | 2006 | Corporate | 550/590 | 49.60 | $28,476.00 |
| Noah Ornstein | Associate | 2005 | Restructuring | 550/590 | 2.50 | $1,455.00 |
| Joseph Pack | Associate | 2010 | Restructuring | 445/475 | 171.10 | $79,724.50 |
| Samara L Penn | Associate | Pending | Litigation | 380/395 | 19.90 | $7,752.50 |
| Kate Rawsthorne | Associate | 2006 | Real Estate | 495/540 | 43.00 | $22,621.50 |
| Taryn L Reynolds | Associate | 2005 | Real Estate | 590.00 | 24.00 | $14,160.00 |
| Erin A Romine | Associate | 2010 | Real Estate | 340/360 | 74.20 | $26,100.00 |
| Katie B Schreiber | Associate | 2005 | Labor | 540.00 | 88.30 | $47,682.00 |
| Jessica H Schultz | Associate | 2009 | Real Estate | 405/430 | 69.20 | $29,031.00 |
| Dana Sckolnick | Associate | Pending | Corporate | 385/410 | 151.60 | $60,438.50 |
| Jennifer Sheehan | Associate | 2009 | Real Estate | 505/540 | 45.70 | $24,275.50 |
| John V Shivickas | Associate | 2006 | Real Estate | 545/585 | 83.00 | $47,415.00 |
| Natalia Sokolova | Associate | 2006 | Corporate | 545.00 | 2.20 | $1,199.00 |
| Alec Solotorovsky | Associate | 2008 | Litigation | 455/485 | 104.00 | $49,783.00 |
| Rebecca Spigelman | Associate | 2009 | Real Estate | 505/540 | 193.00 | $102,683.50 |
| Julie F Stewart | Associate | 2010 | Litigation | 340/360 | 57.60 | $20,112.00 |
| Nikki Thomas | Associate | 2009 | Restructuring | 505/540 | 204.60 | $108,013.00 |
| LeighAnne Thompson | Associate | 2010 | Employee Benefits | 360.00 | 40.00 | $14,400.00 |
| Kenton Walker | Associate | 2007 | Real Estate | 495/540 | 46.50 | $24,214.50 |
| Dana Yankowitz | Associate | 2007 | Restructuring | 550/590 | 350.60 | $202,450.00 |
| Clement Yee | Associate | 2009 | Restructuring | 540.00 | 14.60 | $7,884.00 |
| David Zubkis | Associate | 2009 | Restructuring | 505/540 | 550.50 | $290,840.50 |
| **Totals for Attorneys** | | | | | **8,855.30** | **$5,460,462.00** |

| Paraprofessional | Position | Department | Rate[2] | Hours | Total |
|---|---|---|---|---|---|
| Shaun Booth | Case Assistant | Restructuring | 180/195 | 303.20 | $58,176.00 |
| Andrew Brniak | Case Assistant | Restructuring | 155.00 | 0.50 | $77.50 |
| Ashley D Brown | Case Assistant | Restructuring | 110.00 | 3.50 | $385.00 |
| Shavone Green | Case Assistant | Restructuring | 140.00 | 6.70 | $938.00 |
| Zachary Kaye | Case Assistant | Corporate | 135.00 | 12.00 | $1,620.00 |
| Michael Robinson | Case Assistant | Restructuring | 180/195 | 15.20 | $2,808.00 |
| Sofia Sheth | Case Assistant | Restructuring | 180/195 | 49.30 | $9,511.50 |
| Joel M Wolfram | Case Assistant | Corporate | 180/195 | 4.30 | $801.00 |
| Ellen J Kratofil | Conflicts | Admin Services | 250.00 | 0.90 | $225.00 |
| April B Abrams | Legal Assistant | Real Estate | 285.00 | 0.50 | $142.50 |
| Jordannah Bangi | Legal Assistant | Corporate | 205.00 | 4.80 | $984.00 |
| Paul Fraumann | Legal Assistant | Restructuring | 215/230 | 30.00 | $6,645.00 |
| Beth Friedman | Legal Assistant | Restructuring | 285/305 | 98.50 | $29,198.50 |
| Jacob Goldfinger | Legal Assistant | Restructuring | 270/290 | 98.60 | $28,164.00 |
| Adam J Gorman | Legal Assistant | Restructuring | 260.00 | 5.90 | $1,534.00 |
| Brian D Krieter | Legal Assistant | Real Estate | 280/300 | 64.60 | $19,146.00 |
| Jocelyn C Kuo | Legal Assistant | Restructuring | 245/260 | 9.20 | $2,272.00 |
| David Liebowitz | Legal Assistant | Real Estate | 260.00 | 13.80 | $3,588.00 |
| Anna McDermott | Legal Assistant | Restructuring | 245/260 | 251.90 | $64,661.50 |
| Martin O'Brien | Legal Assistant | Corporate | 245/260 | 84.10 | $20,949.50 |
| Robert Orren | Legal Assistant | Restructuring | 215/230 | 9.80 | $2,179.00 |
| Amanda Owens | Legal Assistant | Real Estate | 235/250 | 49.80 | $12,198.00 |
| Laurie L Ruxton | Legal Assistant | Real Estate | 270/290 | 93.20 | $26,478.00 |
| Hayley M Smith | Legal Assistant | IP - Transactional | 285.00 | 5.00 | $1,425.00 |
| Christine Soriano | Legal Assistant | Real Estate | 285/305 | 191.90 | $57,239.50 |
| Carrie Sroka | Legal Assistant | Restructuring | 230.00 | 1.10 | $253.00 |
| Gary M Vogt | Legal Assistant | Litigation | 280/300 | 26.10 | $7,532.00 |
| Kenneth J Gazda | Litigation Support | Litigation | 235/245 | 3.00 | $725.00 |
| Jonathan Rousseau | Litigation Support | Litigation | 235/245 | 7.50 | $1,787.50 |
| Amanda DiGeorge | Litigation Support | Litigation | 205.00 | 0.30 | $61.50 |
| Thomas P Gallo | Conflicts | Admin Services | 430.00 | 0.80 | $344.00 |
| Ellen J Kratofil | Conflicts | Admin Services | 240.00 | 2.10 | $504.00 |
| Linda A Scussel | Conflicts | Admin Services | 235.00 | 11.30 | $2,655.50 |
| Michael Kaplan | Project Assistant | Real Estate | 155/165 | 9.30 | $1,469.50 |
| Emily S O'Connor | Project Assistant | Restructuring | 170.00 | 5.50 | $935.00 |
| Nicole Pytel | Project Assistant | Real Estate | 155.00 | 3.00 | $465.00 |
| Lib Bibliographic Research | Research Specialist | Admin Services | 235.00 | 12.80 | $3,008.00 |
| Lib Business/Ind Research | Research Specialist | Admin Services | 235.00 | 2.00 | $470.00 |
| Robert H Hessing | Visiting Attorney | Real Estate | 405/435 | 113.80 | $49,008.00 |
| **Totals for Paraprofessionals** | | | | **1,605.80** | **$420,564.50** |

---

[2]    Rate changes effected January 1, 2011 are noted.

Case 3:10-md-02179-CJB-DPC    Document 21024-31    Filed 07/15/16    Page 45 of 55

**Exhibit D**

**Summary of Actual and Necessary Expenses**

# Summary of Actual and Necessary Expenses

| Disbursements | Amount |
|---|---:|
| Third Party Telephone Charges | 2,549.67 |
| Third Party Fax Charges | 41.00 |
| Standard Copies or Prints | 885.45 |
| Binding | 81.20 |
| Tabs/Indexes/Dividers | 173.10 |
| Color Copies or Prints | 5,865.50 |
| Bates Labels/Print/Endorse | 0.03 |
| Scanned Images | 1,926.00 |
| CD-ROM Duplicates/Master | 175.00 |
| Standard Copies or Prints NY | 4.65 |
| Production Blowbacks | 1,521.75 |
| Standard Prints | 36,508.95 |
| Standard Prints NY | 9,262.05 |
| Color Prints | 4,158.00 |
| Postage | 73.74 |
| Overnight Delivery | 959.22 |
| Overnight Delivery - Refund | (45.02) |
| Outside Messenger Services | 401.35 |
| Local Transportation | 9,547.96 |
| Travel Expense | 20,027.63 |
| Airfare | 24,743.74 |
| Transportation to/from airport | 6,620.61 |
| Travel Meals | 3,769.61 |
| Car Rental | 4,028.00 |
| Other Travel Expenses | 1,598.50 |
| Court Reporter Fee/Deposition | 5,224.25 |
| Filing Fees | 38,329.00 |
| Appearance Fees | 142.00 |
| Other Court Costs and Fees | 107.00 |
| Investigators | 171.50 |
| Outside Copy/Binding Services | 19,916.90 |
| Working Meals/K&E Only | 340.75 |
| Working Meals/K&E and Others | 5,312.04 |
| Catering Expenses | 6,253.16 |
| Information Broker Doc/Svcs | 26,645.31 |
| Computer Database Research | 39,745.94 |
| Overtime Transportation | 5,684.93 |
| Overtime Meals | 516.91 |
| Overtime Meals - Attorney | 2,094.20 |
| Secretarial Overtime | 4,216.60 |
| Word Processing Overtime | 2,746.11 |
| Overtime Meals - Legal Assistant | 401.49 |
| Rental Expenses | 18,273.74 |
| Other Disbursements | 20.31 |
| Miscellaneous Office Expenses | 8.43 |
| **Total** | **$311,028.26** |

James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | ) ) | Case No. 10-24549 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**FEE STATEMENT OF KIRKLAND & ELLIS LLP FOR COMPENSATION**
**FOR PROFESSIONAL SERVICES AND REIMBURSEMENT OF EXPENSES**
**AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE**
**PERIOD FROM DECEMBER 12, 2010 THROUGH DECEMBER 31, 2010**

| **Name of Applicant:** | **Kirkland & Ellis LLP ("K&E")** |
|---|---|
| Authorized to Provide Professional Services to: | The Great Atlantic & Pacific Tea Company, Inc. *et al.* Debtors and Debtors-in-Possession[1] |
| Date of Retention: | Order entered on January 12, 2011 retaining K&E, *nunc pro tunc* to December 12, 2010 |
| Period for which compensation and reimbursement is sought: | December 12, 2010 through December 31, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | $1,626,564.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $79,606.09 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

This statement is the first monthly fee statement (the "**Fee Statement**") of Kirkland & Ellis LLP ("**K&E**"), counsel to the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated January 12, 2011 [Docket No. 505] (the "**Interim Compensation Order**").  K&E requests:  (a) payment of compensation in the amount of $1,301,251.60 (80 percent of $1,626,564.50 of fees on account of reasonable and necessary professional services rendered to the Debtors by K&E); and (b) reimbursement of actual and necessary costs and expenses in the amount of $79,606.09 incurred by K&E during the period December 12, 2010 through December 31, 2010 (the "**Fee Period**").  Attached as **Exhibit A** hereto is the detailed itemization and description of the services that K&E rendered during the Fee Period.

Further, **Exhibit A**:  (a) identifies the individuals that rendered services in each subject matter: (b) describes each activity or service that each individual performed; (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services; and (d) provides a summary of expenses by type, as well as a detailed itemization and description of the disbursements made by K&E on the Debtors' behalf during the Fee Period.

The K&E attorneys who rendered services in these chapter 11 cases during the

Fee Period are:

| Attorney | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Matthew J. Antinossi | Partner | 1999 | Employee Benefits | 670.00 | 41.60 | $27,872.00 |
| Paul Basta | Partner | 1992 | Restructuring | 955.00 | 72.60 | $69,333.00 |
| Andrew M. Genser | Partner | 1995 | Litigation | 735.00 | 2.80 | $2,058.00 |
| Christopher J. Hoffman | Partner | 2005 | Real Estate | 660.00 | 28.00 | $18,480.00 |
| Vicki V. Hood | Partner | 1977 | Employee Benefits | 920.00 | 28.60 | $26,312.00 |
| Leonard Klingbaum | Partner | 2000 | Corporate | 725.00 | 63.80 | $46,255.00 |
| Brian R. Land | Partner | 1989 | Environment | 875.00 | 0.70 | $612.50 |
| Micah E. Marcus | Partner | 1999 | Litigation | 580.00 | 31.00 | $17,980.00 |
| Daryll Marshall | Partner | 1999 | Corporate | 675.00 | 17.30 | $11,677.50 |
| Todd F. Maynes, P.C. | Partner | 1988 | Taxation | 995.00 | 18.80 | $18,706.00 |
| James J. Mazza | Partner | 2003 | Restructuring | 690.00 | 136.20 | $93,978.00 |
| Jennifer M. Morgan | Partner | 1996 | Real Estate | 755.00 | 5.80 | $4,379.00 |
| Linda K. Myers, P.C. | Partner | 1990 | Corporate | 935.00 | 2.00 | $1,870.00 |
| Christian O. Nagler | Partner | 1997 | Corporate | 765.00 | 9.00 | $6,885.00 |
| Alyssa A. Qualls | Partner | 1999 | Litigation | 645.00 | 0.50 | $322.50 |
| Edward H. Sadtler | Partner | 2000 | IP - Transactional | 715.00 | 3.10 | $2,216.50 |
| Ray C. Schrock | Partner | 1998 | Restructuring | 785.00 | 161.60 | $126,856.00 |
| Joseph Serino, Jr. | Partner | 1988 | Litigation | 845.00 | 13.60 | $11,492.00 |
| Michael B. Slade | Partner | 1999 | Litigation | 695.00 | 69.00 | $47,955.00 |
| Coree C. Smith | Partner | 2001 | Real Estate | 610.00 | 39.80 | $24,278.00 |
| James H. M. Sprayregen, P.C. | Partner | 1985 | Restructuring | 995.00 | 34.50 | $34,327.50 |
| R. Timothy Stephenson | Partner | 1990 | Labor | 845.00 | 12.80 | $10,816.00 |
| Jeffrey Symons | Partner | 1999 | Corporate | 725.00 | 15.70 | $11,382.50 |
| John S. Irving, Jr. | Of Counsel | 1965 | Labor | 845.00 | 13.60 | $11,492.00 |
| Robert H. Scheibe | Of Counsel | 1971 | Corporate | 995.00 | 33.70 | $33,531.50 |
| Janet S. Siegel | Of Counsel | 1987 | Restructuring | 545.00 | 1.30 | $708.50 |
| Rachel Sue K. Bates | Associate | 2007 | Real Estate | 455.00 | 9.90 | $4,504.50 |
| Kevin Bohl | Associate | 2006 | Real Estate | 545.00 | 31.00 | $16,895.00 |
| Edith M. Bowman | Associate | 2009 | Corporate | 405.00 | 22.60 | $9,153.00 |
| Erin Broderick | Associate | 2008 | Restructuring | 505.00 | 69.80 | $35,249.00 |
| Ashley Cox | Associate | 2007 | Real Estate | 495.00 | 16.00 | $7,920.00 |
| David Curfman | Associate | 2009 | Real Estate | 340.00 | 18.00 | $6,120.00 |
| Jennifer L. Curfman | Associate | 2009 | Real Estate | 405.00 | 33.00 | $13,365.00 |
| Ryan P. Dahl | Associate | 2007 | Restructuring | 550.00 | 164.30 | $90,365.00 |
| Elizabeth F. Daly | Associate | 2008 | IP - Transactional | 550.00 | 7.80 | $4,290.00 |
| Thad Davis | Associate | 2005 | Taxation | 620.00 | 1.10 | $682.00 |
| Shawn Dixon | Associate | Pending | Restructuring | 385.00 | 158.10 | $60,868.50 |
| Maxwell J. Eckstein | Associate | Pending | Restructuring | 385.00 | 54.40 | $20,944.00 |
| Adam Fotiades | Associate | 2008 | Litigation | 545.00 | 25.30 | $13,788.50 |
| Adam Goldstein | Associate | 2006 | Restructuring | 600.00 | 21.00 | $12,600.00 |
| Douglas Gould | Associate | 2009 | Restructuring | 505.00 | 136.80 | $69,084.00 |
| Edward B. Holzwanger | Associate | 2001 | Labor | 580.00 | 6.00 | $3,480.00 |

| Attorney | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Ye (Cecilia) Hong | Associate | 2007 | Corporate | 600.00 | 111.80 | $67,080.00 |
| Benjamin Householder | Associate | 2007 | Real Estate | 455.00 | 14.70 | $6,688.50 |
| Rebecca J. Keyworth | Associate | 2009 | Corporate | 405.00 | 2.70 | $1,093.50 |
| Nate Kritzer | Associate | 2009 | Litigation | 445.00 | 45.10 | $20,069.50 |
| Christopher H. Langbein | Associate | 2009 | Restructuring | 505.00 | 17.30 | $8,736.50 |
| Matthew Langley | Associate | 2010 | Litigation | 500.00 | 3.40 | $1,700.00 |
| Anh B. Lee | Associate | 2005 | Corporate | 570.00 | 1.00 | $570.00 |
| David J. Lee | Associate | Pending | IP - Transactional | 385.00 | 0.50 | $192.50 |
| Joshua R. McLane | Associate | 2009 | Taxation | 415.00 | 21.70 | $9,005.50 |
| Ahmad S. Nofal | Associate | 2010 | Real Estate | 340.00 | 28.80 | $9,792.00 |
| Dvir Oren | Associate | 2006 | Corporate | 550.00 | 19.70 | $10,835.00 |
| Noah Ornstein | Associate | 2005 | Restructuring | 550.00 | 0.50 | $275.00 |
| Joseph Pack | Associate | 2010 | Restructuring | 445.00 | 51.60 | $22,962.00 |
| Samara L. Penn | Associate | Pending | Litigation | 380.00 | 7.20 | $2,736.00 |
| Kate Rawsthorne | Associate | 2006 | Real Estate | 495.00 | 13.30 | $6,583.50 |
| Erin A. Romine | Associate | 2010 | Real Estate | 340.00 | 30.60 | $10,404.00 |
| Jessica H. Schultz | Associate | 2009 | Real Estate | 405.00 | 29.00 | $11,745.00 |
| Dana Sckolnick | Associate | Pending | Corporate | 385.00 | 68.70 | $26,449.50 |
| Jennifer Sheehan | Associate | 2009 | Real Estate | 505.00 | 11.50 | $5,807.50 |
| John V. Shivickas | Associate | 2006 | Real Estate | 545.00 | 28.50 | $15,532.50 |
| Natalia Sokolova | Associate | 2006 | Corporate | 545.00 | 2.20 | $1,199.00 |
| Alec Solotorovsky | Associate | 2008 | Litigation | 455.00 | 21.90 | $9,964.50 |
| Rebecca Spigelman | Associate | 2009 | Real Estate | 505.00 | 43.90 | $22,169.50 |
| Julie F. Stewart | Associate | 2010 | Litigation | 340.00 | 31.20 | $10,608.00 |
| Nikki Thomas | Associate | 2009 | Restructuring | 505.00 | 70.60 | $35,653.00 |
| Kenton Walker | Associate | 2007 | Real Estate | 495.00 | 19.90 | $9,850.50 |
| Dana Yankowitz | Associate | 2007 | Restructuring | 550.00 | 110.10 | $60,555.00 |
| David Zubkis | Associate | 2009 | Restructuring | 505.00 | 183.70 | $92,768.50 |
| **Totals for Attorneys** | | | | | **2,623.60** | **$1,512,110.50** |

The paraprofessionals of K&E who rendered professional services in these chapter 11 cases during the Fee Period are:

| Paraprofessional | Position with the Applicant | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| April B. Abrams | Legal Assistant | Real Estate | 285.00 | 0.50 | $142.50 |
| Jordannah Bangi | Legal Assistant | Corporate | 205.00 | 4.80 | $984.00 |
| Paul Fraumann | Legal Assistant | Restructuring | 215.00 | 17.00 | $3,655.00 |
| Beth Friedman | Legal Assistant | Restructuring | 285.00 | 42.20 | $12,027.00 |
| Brian D. Krieter | Legal Assistant | Real Estate | 280.00 | 11.70 | $3,276.00 |
| Jocelyn C. Kuo | Legal Assistant | Restructuring | 245.00 | 8.00 | $1,960.00 |
| Anna McDermott | Legal Assistant | Restructuring | 245.00 | 55.50 | $13,597.50 |
| Martin O'Brien | Legal Assistant | Corporate | 245.00 | 61.10 | $14,969.50 |
| Robert Orren | Legal Assistant | Restructuring | 215.00 | 5.00 | $1,075.00 |
| Amanda Owens | Legal Assistant | Real Estate | 235.00 | 16.80 | $3,948.00 |
| Laurie L. Ruxton | Legal Assistant | Real Estate | 270.00 | 27.50 | $7,425.00 |
| Christine Soriano | Legal Assistant | Real Estate | 285.00 | 64.50 | $18,382.50 |

| Paraprofessional | Position with the Applicant | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Gary M. Vogt | Legal Assistant | Litigation | 280.00 | 14.90 | $4,172.00 |
| Shaun Booth | Case Assistant | Restructuring | 180.00 | 63.20 | $11,376.00 |
| Andrew Brniak | Case Assistant | Restructuring | 155.00 | 0.50 | $77.50 |
| Zachary Kaye | Case Assistant | Corporate | 135.00 | 12.00 | $1,620.00 |
| Michael Robinson | Case Assistant | Restructuring | 180.00 | 10.40 | $1,872.00 |
| Sofia Sheth | Case Assistant | Restructuring | 180.00 | 6.80 | $1,224.00 |
| Joel M. Wolfram | Case Assistant | Corporate | 180.00 | 2.50 | $450.00 |
| Kenneth J. Gazda | Litigation Support | Litigation | 235.00 | 1.00 | $235.00 |
| Jonathan Rousseau | Litigation Support | Litigation | 235.00 | 5.00 | $1,175.00 |
| Linda A. Scussel | Conflicts | Admin Services | 235.00 | 11.30 | $2,655.50 |
| Michael Kaplan | Project Assistant | Real Estate | 155.00 | 6.50 | $1,007.50 |
| Nicole Pytel | Project Assistant | Real Estate | 155.00 | 3.00 | $465.00 |
| Robert H. Hessing | Visiting Attorney | Real Estate | 405.00 | 16.50 | $6,682.50 |
| **Total for Paraprofessionals** | | | | **468.20** | **$114,454.00** |

## Compensation by Matter

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 11 | Adversary Proceedings, Contested Issues | 221.90 | $111,279.50 |
| 13 | Claims Objections, Reconciliations | 24.00 | $8,208.50 |
| 14 | Automatic Stay Issues | 21.80 | $9,875.00 |
| 15 | Business Operations | 136.60 | $102,009.50 |
| 16 | Case Administration | 205.40 | $93,540.50 |
| 17 | Cash Management | 21.90 | $11,173.50 |
| 18 | Cash Collateral, DIP Financing | 558.10 | $313,684.00 |
| 19 | Creditors Communications and Meetings | 120.90 | $70,646.50 |
| 21 | Employee Benefits, Pension, Labor | 211.30 | $135,469.50 |
| 22 | Hearings | 214.90 | $116,420.50 |
| 23 | Insurance | 9.00 | $4,545.00 |
| 24 | K&E Fee Applications, Monthly Statements | 40.50 | $17,050.50 |
| 25 | Corporate Securities Issues | 51.10 | $30,115.00 |
| 26 | Tax | 51.40 | $33,525.00 |
| 27 | Schedules, SOFAs | 3.30 | $1,546.50 |
| 28 | Travel | 29.50 | $16,457.00 |
| 29 | Utilities | 41.90 | $20,152.00 |
| 30 | Vendor Issues | 515.50 | $268,832.50 |
| 31 | Executory Contracts and Unexpired leases | 527.50 | $226,411.00 |
| 38 | Non K&E Professional Matters | 85.30 | $35,623.00 |
| **Totals** | | **3,091.80** | **$1,626,564.50** |

## **Expense Summary**

| Expense Category | Amount |
|---|---|
| Third Party Telephone Charges | $14.95 |
| Standard Copies or Prints | $133.65 |
| Binding | $8.40 |
| Tabs/Indexes/Dividers | $22.00 |
| Bates Labels/Print/Endorse | $0.03 |
| Scanned Images | $794.40 |
| CD-ROM Duplicates/Master | $84.00 |
| Standard Copies or Prints NY | $4.65 |
| Standard Prints | $9,593.85 |
| Standard Prints NY | $9,262.05 |
| Color Prints | $1,740.50 |
| Postage | $3.66 |
| Overnight Delivery | $202.79 |
| Local Transportation | $244.68 |
| Travel Expense | $4,393.12 |
| Airfare | $4,493.97 |
| Transportation to/from airport | $890.42 |
| Travel Meals | $753.67 |
| Car Rental | $1,461.85 |
| Other Travel Expenses | $514.00 |
| Court Reporter Fee/Deposition | $1,193.20 |
| Filing Fees | $37,579.00 |
| Information Broker Doc/Svcs | $6,106.59 |
| Overtime Transportation | $90.33 |
| Overtime Meals - Attorney | $19.52 |
| Miscellaneous Office Expenses | $0.81 |
| **Total** | **$79,606.09** |

Case 3-10-md-02179-CJB-DPC Document 21024-31 Filed 07/15/16 Page 54 of 55

## <u>Notice</u>

Pursuant to the Interim Compensation Order, this statement will be provided to: (a) the Debtors, 2 Paragon Road, Montvale, New Jersey 07645, Attn.: Christopher W. McGarry; (b) Counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York, 10022, Attn.: Ray C. Schrock, Attn.: James J. Mazza Jr.; (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn.: Susan Golden, Attn.: Richard Morrissey; (d) Counsel to the Agent for the Debtors' Postpetition Secured Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue New York, New York, 10017, Attn.: Donald S. Bernstein, Attn.: Marshall S. Huebner; (e) Counsel for Wilmington Trust Company as Indenture Trustee for the Debtors' Prepetition Secured and Unsecured Notes, Covington & Burling LLP, 620 Eighth Ave, New York, New York, 10018, Attn.: Michael B. Hopkins, Attn.: Ronald A. Hewitt; and (vi) Proposed Counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Attn.: Abhilash M. Raval, Attn.: Matthew S. Barr.

WHEREFORE, pursuant to the Interim Compensation Order, K&E requests: (a) payment of compensation in the amount of $1,301,251.60 (80 percent of $1,626,564.50 of fees on account of reasonable and necessary professional services rendered to the Debtors by K&E); and (b) reimbursement of actual and necessary costs and expenses in the amount of $79,606.09.

New York, New York
Dated: January 21, 2011

/s/ Ray C. Schrock
James H.M. Sprayregen, P.C.
Paul M. Basta
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James J. Mazza, Jr.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Debtors and Debtors in Possession