UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL2179** |
| "Deepwater Horizon" in the Gulf | * | SECTION J |
| Of Mexico, on April 20, 2010 | | |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |
| **This Document Relates To:** | | |
| *Pleading Bundle B1* | | |

[Plaintiff(s)]

**Gregory Stewart**

| | | |
|---|---|---|
| vs. | * | CIVIL ACTION No.16-04545 |
| BP Exploration & Production, Inc.; BP America | * | SECTION J |
| Production Company; BP p.l.c.; BP American, Inc. | | |
| BP Products North American, Inc., | * | JUDGE BARBIER |
| <u>Halliburton Energy Services, Inc.,</u> Transocean LTD | | |
| **TRANSOCEAN HOLDINGS, LLC** | * | MAG. JUDGE SHUSHAN |

[Defendant(s)]

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER AND AMEND JUDGMENT**</u>

Plaintiff seeks a ruling under Rule 59 of the Federal Rules of Civil procedure to alter or amend its judgement of July 14, 2016 document number 20996 and in support thereof would allege and show as follows:

Fed. R. Civ. P. 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Second, Fed. R. Civ. P. 60(b) permits a party to file a motion to "relieve [the] party . . . from a final judgment" on a variety of grounds. A motion under Rule 60(b) must be filed "within a reasonable time" and, if based on certain grounds, "no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1).

Although the Federal Rules do not specify a standard for granting a Rule 59(e) motion, the Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d, 396 403 (4th Cir. 1998), cert. denied, 525 U.S. 1104 (1999); see Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). Here, plaintiff has identified within the motion and below that the dismissal was based on an erroneous submission by the defendant in this case.

The purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pacific Ins., 148 F.3d at 403 (citation omitted). However, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Id. (citation omitted). Accordingly, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. Put another way, relief may not be granted under Rule 59(e) for reasons that a party could have advanced, but chose not to pursue. See id.; Nat'l Ecol. Found. v. Alexander, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not

6

initial consideration.'") (citation omitted). Moreover, "'[m]ere disagreement does not support a Rule 59(e) motion.'" United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted), cert. denied, 538 U.S. 1012 (2003). With respect to the "clear error or manifest injustice" standard, a "factually supported and legally justified" decision does not constitute clear error. Hutchinson v. Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993). It is submitted that the dismissal order as applied to this particular case is a clear error of the type appropriate for Rule 59(e) relief.

In addition, by giving the defendant sole authority to make this determination of compliance and failing to allow the Plaintiff an opportunity to cure the non-existent error, the court failed to provide the plaintiff with due process of law. That is especially true given the fact that in this particular instance the designation of compliance was in error. See for example, <u>DeSoto v. Yellow Freight Sys., Inc</u>., 957 F.2d 655, 658 (9th Cir. 1992).

Pursuant to PTO 60 a secondary complaint based on Case number 2:13-CV-01245 was filed. The underlying case was not dismissed pending final determinations concerning the pre-trial order 60 pursuant to which this complaint is filed. Case 16-04545 was filed on or about May 5, 2016 was found compliant with PTO 60 as shown on page 73 of 83 of document number 18724-1 filed June 7, 2016.

BP in document 20992-1 filed an updated PTO 60 list which omitted the name of the petitioner. Your petitioner duly reported the omission by e-mail to counsel for BP but subsequent to that report Petitioner received the July 14, 2016 order document number 20996.

On or about July 14, 2016 in document number 20996 which referenced exhibit 1A document 20996-1 in response to a filing by BP on July 13, 2016 the court apparently ruled that the omission of Stewart's name from the list generated on the 13th by BP resulted in the previous compliant complaint becoming non-compliant. Counsel for BP admitted that the omission of Plaintiff from the compliant group was in

7

error in response to the e-mail on this issue. It is submitted this is in error and is due to an error made in putting together this lists by BP.

If for any reason, your petitioner is found to be non-compliant notwithstanding the prior documents, it is requested that your petitioner be given proper notice and allowed an opportunity to cure the compliance issue in light of the prior document showing the petitioner to be compliant and the absence of any clear designation otherwise in order to comply with the due process rights of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully submits that the court order that Exhibit 1A document number 20996-1 be deemed to include Plaintiff Greg Stewart with case numbers 13-01245; 13-717;16-04545 5/5/16 and that the case be deemed still pending and not dismissed and for such other and different relief to which your petitioner may be entitled the premises considered.

/s/Gregory Friedlander_____
GREGORY M. FRIEDLANDER

01886 Bar Number
Attorney for (Plaintiff/Pro Se)
Gregory M. Friedlander & Associates, P.C.
11 S. Florida St.
Mobile, AL 36606-1934
(251)470-0303
(888)441-2123
E-Mail Address: Isee3@aol.com

## CERTIFICATE OF SERVICE

This is to certify that the Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e), Memorandum In Support, Affidavit, and Proposed Order were filed electronically on the 15 day of July, 2016 in accordance with the Court's Electronic Filing Guidelines. Notice of this

8

filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

                                          /s/Gregory Friedlander_____
                                          GREGORY M. FRIEDLANDER