UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASE NO.: 10-md-02179-CJB-SS

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

RELEVANT TO: Case No. 2: 13-cv-6648-CJB-SS

| | |
|---|---|
| CAPITAL BANK,<br><br>    Plaintiff,<br><br>vs.<br><br>BP EXPLORATION & PRODUCTION, INC.<br><br>    Defendant.<br>_____/ | CIVIL ACTION No. 2:13-cv-6648-CJB-SS<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**PLAINTIFF CAPITAL BANK'S MOTION TO ALLOW LATE FILE AND/OR TO VACATE OR AMEND COURT'S ORDER RE: COMPLIANCE WITH PTO 60 AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Capital Bank ("Plaintiff"), by and through its undersigned counsel moves this Court to permit it to late file its Response to the Show Cause Order ("Response"), or in the alternative, moves to vacate or amend this Court's Order re: Compliance with PTO 60 and in support thereof states as follows:

1. Plaintiff is a financial institution that filed its initial action against Defendant, BP Exploration & Production, Inc. ("Defendant"), in the Middle District of Florida (Fort Myers Division). Shortly thereafter, Plaintiff's action was transferred to the Eastern District of Louisiana under Case No. 13-cv-6648-CJB-SS.

2.      On March 29, 2016, after completion of all trial phases of the trial, this Court entered its Pre-Trial Order 60 ("PTO 60") (D.E. 16050). PTO 60 instructed all Plaintiffs that filed individual lawsuits and had "B1" claims, for Non-Governmental Economic Loss and Property Damages by Private Individuals and Business, to file a Sworn Statement with the Court in its individual lawsuit, to be filed no later than May 2, 2016.

3.      On April 8, 2016, Plaintiff fully complied with PTO 60 and timely filed its Sworn Statement in its individual lawsuit. It served the statement upon Defendant's counsel and upon the Plaintiff's Steering Committee by U.S. mail, as instructed by PTO 60. A true and correct copy of the filed and served Sworn Statement is attached hereto as Exhibit "A."

4.      On June 7, 2016, this Court filed its Order to Show Cause re: Compliance with PTO 60 ("Show Cause Order")(D.E. 18724). The Show Cause Order attached Exhibit 1, which represented a list of Plaintiffs compliant with PTO 60 and Exhibit 2, which listed Plaintiffs that responded to PTO 60, but, according to Defendant, submitted a response that was materially deficient. All Plaintiffs not listed on Exhibit 1 and 2 were directed to respond to the Order to Show Cause by June 28, 2016.

5.      Plaintiff was excluded from both lists.

6.      Plaintiff served its Response to the Show Cause Order ("Response"), attached hereto as Exhibit "B," upon all counsel of record in MDL-2179 and in Plaintiff's individual case, Case No. 13-cv-06648, by and through File & ServeXpress ("F&S") on June 21, 2016. A true and correct copy of the F&S transaction details is attached hereto as Exhibit "C."[1]

7.      However, due to an inadvertent mistake, Plaintiff's response was not filed with the Court in MDL-2179, as intended, but was timely served on all counsel. Specifically, its counsel's administrative staff believed in good faith that F&S filed the Response with the Court

---

[1] All of BP's counsel were timely served with Plaintiff's Response pursuant to F&S.

2

in addition to serving all interested parties. Plaintiff was later made aware that F&S did not, in fact, file the Response with the Court.

8. On July 14, 2016, this Court entered its Order re: Compliance with PTO 60 (the "Compliance Order")(D.E. 20996). Similar to the Show Cause Order, this Order attached Exhibit 1, which contained a revised list of Plaintiffs compliant with PTO 60 and Exhibit 2, which contained a revised list of Plaintiffs that answered the Show Cause Order but were not compliant with PTO 60. Pursuant to said Order, all Plaintiffs excluded from Exhibit 1 and 2 were dismissed with prejudice.

9. Once again, Plaintiff was omitted from both exhibit lists.

10. Immediately upon learning the foregoing, Plaintiff, on July 15, 2016, filed in the multidistrict litigation a notice of filing of its previously served, but not filed, Response, which is attached hereto as Exhibit "D."

11. Plaintiff respectfully requests that this Court permit it to late file its Response with the Court or, alternatively, to alter or amend the Compliance Order as to Plaintiff, pursuant to either Rule 59(e) and/or Rule 60(b). Plaintiff asks that it be included in Exhibit 1 and deemed compliant with PTO 60.

12. The granting of this Motion will not be prejudicial to the Defendant, as Defendant was timely served with the Response by and through F&S.

13. Plaintiff's failure to file its Response in the MDL-2179 docket was inadvertent and should not deprive Plaintiff the opportunity to present the true merits of its claims. *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991)(citing *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)); *Norman v. United States*, 377 F.Supp.2d 96 (D.D.C. 2005)(holding that counsel's lack of familiarity with District Court's Electronic Case Filing (ECF) system

3

constituted excusable neglect within meaning of rule providing for relief from judgment); *see also Castro v. Rain Cii Carbon, LLC*, 2013 WL 5232491,* 2 (E.D. La. 2013)(granting motion for relief based on excusable neglect when motion filed no later than 32 days after the judgment and found that case should be decided on its merits); and *Jolin v. Casto*, 238 F.R.D. 48 (D. Conn. 2006)(holding that plaintiff's counsel's mistake of notice pursuant to local rule was honest mistake giving grounds for relief from dismissal).

14. Plaintiff has not shown a pattern of delay, willful contempt, or contumacious conduct, as both its Sworn Statement and Response were prepared and served well in advance of this Court's deadlines. *See Blois 612 F.2d* at 940 (citing *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974)).

15. Further, Plaintiff will be unduly harmed should the Court deny its Motion, as its case will remain dismissed with prejudice and its claim will not be decided on its merits.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant its motion and permit Plaintiff to late file, or alternatively, vacate or amend the Compliance Order as to Plaintiff, and grant such further relief that this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Phone: (305) 416-6880
Facsimile: (305) 416-6887

By: _____
    Gary M. Carman, Esq.
    Florida Bar No. 179409
    Richard F. Danese, Esq.
    Florida Bar No. 58458
    Rebecca Greenfield, Esq.
    Florida Bar No. 117739

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion to Rehear and/or to Vacate or Amend Court's Order re: Compliance With PTO 60 and Incorporated Memorandum of Law has been served on All Counsel by electronically uploading the same to File & Serve Express in accordance with Pretrial Order No. 60, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of July, 2016.

By: _____
    Gary M. Carman, Esq.
    Richard F. Danese, Esq.