# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J |
| | * * | JUDGE BARBIER |
| This Document relates to: *All Cases in Pleading Bundle "B1"* | * * | MAGISTRATE JUDGE SHUSHAN |

## BP'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' PTO 60 SHOW CAUSE SUBMISSIONS

BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), pursuant to the Court's July 14, 2016 Order Re: Compliance with PTO 60 (Rec. Doc. 20996) (the "Compliance Order"), hereby file their responses and objections to the submissions filed by plaintiffs in the B1 pleading bundle in response to the Court's Order to Show Cause Regarding Compliance with PTO 60 (Rec. Doc. 18724) (the "Show Cause Order").

The Compliance Order identified 105 plaintiffs who filed timely responses to the Show Cause Order and to whose compliance BP maintained an objection. In addition, seven plaintiffs not listed in Exhibit 2 to the Compliance Order also made filings regarding their compliance with PTO 60, most of them following the June 28, 2016 deadline for responses to the Show Cause Order. BP responds to those 112 submissions (and also addresses one additional plaintiff who should be added to the compliance list) as follows:

**I.     FIFTEEN SHOW CAUSE RESPONSES HAVE BEEN MOOTED BY PLAINTIFFS' VOLUNTARY DISMISSALS OF THEIR CLAIMS AGAINST BP.**

Fifteen plaintiffs who filed show cause responses have subsequently been determined to have dismissed their claims against BP with prejudice, and thus their show cause responses are now moot.  These fifteen plaintiffs are listed in Appendix 1.

**II.    FIVE ADDITIONAL PLAINTIFFS SHOULD BE ADDED TO THE PTO 60 COMPLIANCE LIST.**

Four plaintiffs who made filings in response to either the Show Cause Order or the Compliance Order should be added to the PTO 60 compliance list.  In addition, it has come to BP's attention that one additional plaintiff (Roderic Wright) was not correctly named on the compliance list attached as Exhibits 1A and 1B to the Compliance Order.   Those additional compliant plaintiffs are listed in Appendix 2.

**III.   NINETY-THREE PLAINTIFFS WHO FILED SHOW CAUSE RESPONSES REMAIN NONCOMPLIANT WITH PTO 60.**

**A.     SEVEN PLAINTIFFS WHO SEEK TO BE HELD COMPLIANT WITH PTO 60 HAVE FILED NO COMPLAINT AT ALL.**

With respect to the B1 pleading bundle, "PTO 60 required each Plaintiff who previously did not have an individual lawsuit on file . . . to file an individual lawsuit (one per person)." (Show Cause Order ¶ 4; PTO 60 ¶6 (B).)  On June 7, 2016, the Court ruled that "Plaintiffs whose only claim in this consolidated litigation was a short-form joinder . . . have had an opportunity to file a new complaint under which to proceed with their claims."  The Court then dismissed all short-form joinders to the extent they asserted a B1 claim.  (Show Cause Order ¶ 6.)

Notwithstanding this clear requirement, seven plaintiffs who filed responses to the Show Cause Order have failed to file any individual lawsuit at all in MDL 2179, but instead have filed only a short-form joinder (now dismissed under the Court's Show Cause Order), a claim in Transocean's Limitation Action (Case No. 10-02771), or no claim in MDL 2179 at all.

2

Nowhere in any sworn statement, nor in any show cause submission, do these plaintiffs identify any lawsuit they have filed against BP; neither has BP been able to identify one.  These seven plaintiffs, listed in Appendix 3, are therefore noncompliant with PTO 60 and, indeed, have no surviving B1 claims against BP.

> **B. FIFTY-EIGHT PLAINTIFFS WHO SEEK TO BE HELD COMPLIANT WITH PTO 60 HAVE FILED ONLY A MULTIPLE-PLAINTIFF COMPLAINT.**

PTO 60 required that where B1 plaintiffs "did not file an individual lawsuit, but instead filed a SFJ and/or were part of a complaint with more than one plaintiff, each such plaintiff must . . . file an individual lawsuit (Complaint) (one per plaintiff)."  (PTO 60 ¶ 6(B)(i) (internal footnote omitted).)  The Court explained that plaintiffs were not required to file a new individual lawsuit where their prior complaint contained as plaintiffs only "related parties such as a husband and wife or co-owners of a business" and that where "two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint." (*Id*. n.3.)

The Court has previously denied at least one request by plaintiffs seeking to proceed on a multiple-plaintiff complaint notwithstanding PTO 60.  In April 2016, four plaintiffs to a single action (*Freeport 860, LLC, et al. v. BP Exploration & Production Inc., et al*., No. 2:13-cv-02300-CJB-SS (E.D. La.)) argued that they were "related parties" and moved for leave to remain as joint plaintiffs in one civil action.  (Motion for Leave to Allow Claims to Remain Under One Civil Action ("Mot. for Leave") (Rec. Doc. 15529).)  Plaintiffs alleged that they were all under common ownership and control by the same individual and that their claims were all "nearly identical in that they involve the same residential subdivision, Hammock Bay, a bulk sale of identical lots to the same buyer, D. R. Horton Homebuilders, and lot sales that occurred after the BP Oil Spill at the same time with a common price per lot applicable to all sales."  (*Id*. at 2.)

3

Movants sought an order "authorizing these four entities to be recognizes [sic] as 'related parties' allowing their claims to remain joined under one civil action." (*Id.* at 3.) The Court denied these plaintiffs' motion (Rec. Doc. 16755), and Freeport 860, LLC filed a new individual lawsuit as the only plaintiff. (*Freeport 860, LLC v. BP Exploration & Production Inc., et al.*, No. 2:16-cv-03945-CJB-SS (E.D. La.).)

Since the Court issued PTO 60, numerous plaintiffs have filed new complaints, or have sought to rely on previously-filed complaints, that include multiple plaintiffs that are not "related" as defined by the Court in PTO 60.  Fifty-eight plaintiffs who filed show cause responses, as outlined below, have failed to comply with PTO 60 for this reason.

### 1.     Mexican Fisherman Mass Joinders.

Forty-eight plaintiffs represented by Weller Green Toups and Terrell LLP ("Weller Green") filed nearly identical mass joinder actions (identified on Exhibit 3 to the Show Cause Order) that list as many as hundreds of plaintiffs, but now argue that these actions qualify as "individual lawsuits" under PTO 60.  For example, one of the Weller Green movants, Victor Manuel Garcia Hernandez, joined as plaintiffs in a single lawsuit with (1) several Mexican fishing cooperatives and (2) ninety-two separate individuals who are alleged members of the cooperatives and who are individually listed on Exhibit 1 to the *Hernandez* complaint.  (*Victor Manuel Garcia Hernandez, individually and d/b/a Fileteras de Mamey de Antonio Aran, et al. v. BP p.l.c., et al.*, No. 2:16-cv-4786-CJB-SS (E.D. La.) (Rec. Doc. 1).)  The *Hernandez* complaint is on its face a "mass joinder" with multiple plaintiffs:  It is captioned as "**PLAINTIFFS'** ORIGINAL COMPLAINT" (emphasis added) and refers dozens of time to the "*plaintiffs*" in the action, rather than to merely one plaintiff. (*See, e.g.*, *id.* ¶ 3 ("***Plaintiffs'*** income and wages (due to lack of catches) were affected due to the impact of the Gulf Oil Spill") (emphasis added); *id.* ¶ 19 (Victor Manuel Garcia Hernandez. . . is the leader/President of a cooperativa or other ***group***

4

*of Mexican Fisherman (hereinafter referred to as 'Plaintiffs')"*) (emphasis added); *id.* ¶ 51 (stating that Plaintiffs "all presented their claims in accordance with OPA guidelines" and that "***each Plaintiff*** was assigned a claim number") (emphasis added).)  In addition, Weller Green separately served Exhibit A sworn written statements for most or all of the ninety-two plaintiffs in the *Hernandez* action, as well as for more than 15,000 other cooperatives-member-plaintiffs listed in the Weller Green mass joinder complaints.

In their substantially identical show cause responses, Hernandez and the other Weller Green plaintiffs deny that they have filed mass joinder actions.  Hernandez, for example, argues that "Plaintiff has merely stated within its complaint, the names of the members of the cooperative(s) for which the authorized individual has authority to act, but has not filed a mass joinder, and Plaintiff has complied with PTO 60."  (Hernandez Show Cause Resp. at 2 (Rec. Doc. 20121).)  That assertion is simply not credible.  The Hernandez complaint, like other Weller Green mass joinders, repeatedly and expressly refers to the many cooperative members as "plaintiffs" in the action.  Moreover, the Weller Green argument that the first individual appearing in the case caption is the only true plaintiff in these mass joinder actions is belied by the fact that Weller Green has attempted to serve Exhibit A sworn statements for the many thousands of cooperative members listed in these actions—an undertaking that PTO 60 required only of plaintiffs.  The Weller Green mass joinders, listed in Appendix 4, are not compliant with PTO 60, and these forty-eight movants have failed to show cause why their claims should not be dismissed.

        2.    *Juan Cordova* **Mass Joinder.**

One plaintiff, identified as "Juan Cordova, S.C.P.P. 20 De Abril Del Poblado Ignacio Zaragoza, S.C. de R.L. de C.V.," No. 2:16-cv-06330, filed a response to the Show Cause Order stating only that "Plaintiff was timely filed in the mass lawsuit, as referenced below, due to the

5

fact the declaration was not received by the deadline. Upon receipt of the declaration, an individual lawsuit was properly filed timely. See Exhibit A2." (Rec. Doc. 20526.) While plaintiff is correct that the 16-06330 action is a mass joinder (listing dozens of individual plaintiffs in Exhibit A to that complaint), nothing in plaintiff's response to the show cause order (including the documents in Exhibit A2 to that response) identifies any individual lawsuit it has filed; nor has BP been able to identify any individual lawsuit by plaintiff. Accordingly, this plaintiff has failed to demonstrate compliance with PTO 60 or to show cause why its claims should not be dismissed.

### 3.     The *Commercial Metals Company* Plaintiffs.

The four separate plaintiffs in *Commercial Metals Company, et al. v. BP Exploration & Production Inc*., No. 2:16-cv-06259-CJB-SS (E.D. La.) allege that they are related parties solely on the basis that they are affiliates. Particularly in view of the Court's ruling on the motion by Freeport 860, LLC, corporate affiliation is not by itself enough to exempt plaintiffs from PTO 60's requirement of filing an individual action. That is particularly the case here, where it appears the entities are not part of a single local enterprise, but instead have their operations in locations many hundreds of miles apart. (*See* Commercial Metals Co. Compl. ¶¶ 3-6 (Rec. Doc. 20528-1) (plaintiffs have their principal places of business as far apart as Dallas County, Texas; Butler County, Pennsylvania; Guadalupe County, Texas; and Jefferson County, Alabama).) Accordingly, these plaintiffs, listed in Appendix 5, have not complied with the individual lawsuit requirement of PTO 60.

### 4.     Other Multiple-Plaintiff Complaints.

Five plaintiffs represented by Brent Coon & Associates filed show cause responses under seal, but have failed to show compliance with the individual complaint requirement in PTO 60. Each of these five plaintiffs is joined in its operative complaint with at least one other plaintiff

that is not a "related party" within the meaning of PTO 60.  Even if these plaintiffs had common ownership or similar claims—and (with one exception) the complaints do not allege that they do—the Court's ruling on the motion by Freeport 860, LLC and others makes clear that such plaintiffs are not necessarily "related parties" exempt from the individual complaint requirement under PTO 60.  Based on these standards, the plaintiffs listed in Appendix 6 should be determined to be noncompliant with PTO 60.

### C. ONE PLAINTIFF WHO SEEKS TO BE HELD COMPLIANT WITH PTO 60 CLAIMS IT IS EXEMPT FROM PTO 60 BECAUSE IT FILED A CLASS ACTION.

PTO 60 made clear that the requirement to serve a sworn statement and file (if not previously done) an individual complaint applied "to *all plaintiffs* who have timely filed a claim in the B1 pleading bundle" and who had not released their claims.  (PTO 60, ¶ 6 (emphasis added).)  Following the issuance of PTO 60, many B1 plaintiffs who had previously filed class actions in MDL 2179 complied with PTO 60 by filing sworn statements and new individual complaints.  In its Compliance Order, the Court held that "[t]o the extent any of these Plaintiffs is relying upon a previously-filed complaint that, in addition to individual claims, also contains class allegations, any embedded class allegations in those complaints are deemed stricken and only the individual Plaintiff claims are compliant with PTO 60 and can continue."  (Compliance Order at 4-5.)  Based on these orders, there can be no doubt that the requirements of PTO 60 apply to any B1 plaintiff that filed a putative class action and that such plaintiff's class action allegations—now stricken per the Compliance Order—provide no basis for it to regard itself as excused from the PTO 60 requirements that apply to all other B1 plaintiffs who believe they have preserved their claims.

Plaintiff First National Bank USA ("First National") filed a putative class action in 2013 along with sixteen other named plaintiffs, which was captioned as "in 'B1' Bundle."

(*Bruhmuller, et al. v. BP Exploration & Production Inc., et al.*, No. 2:13-cv-00097-CJB-SS (E.D. La.) (Rec. Doc. 1).)  Following PTO 60, however, First National took no action to comply with PTO 60.  It filed no individual lawsuit.  It served no Exhibit A sworn written statement, as was expressly required by PTO 60 for all B1 plaintiffs.  Nor did First National make any filing within the time for compliance with PTO 60 seeking clarification of or relief from the requirements of PTO 60.  Instead, on June 28, 2016, First National filed a response to the Show Cause Order asserting that "First National is not covered by PTO 60 because it filed a class action suit and class action suits are not mentioned in PTO 60."  (First National Show Cause Resp. at 4 (Rec. Doc. 20561).)  First National's response asks that the Court "determine that First National Bank USA has complied with all the requirements of PTO 60 [and that] First National Bank USA be allowed to proceed with the class action asserted in Civil Action No. 2:13-cv-97 for itself and on behalf of the class pled therein."  (*Id.* at 9.)

The Court should deny that request.  PTO 60 expressly required *every B1 plaintiff* with timely-filed and unreleased claims to submit a sworn written statement and file an individual lawsuit.  No other plaintiff has taken the untenable position that there is an unspoken exception in PTO 60 for class actions.  Indeed, the Compliance Order forecloses any such possibility by striking class allegations in B1 complaints and permitting the remaining B1 plaintiffs to proceed on their individual complaints only on an individual, non-class basis.  For that same reason, the Court has already denied First National's request to proceed with the *Bruhmuller* case as a class action.  The Court should find that First National failed to comply with PTO 60 and should dismiss its claims with prejudice.

      **D.**    **SIXTEEN PLAINTIFFS WHO SEEK TO BE HELD COMPLIANT WITH PTO 60 HAVE NEVER SIGNED THEIR EXHIBIT A SWORN STATEMENTS.**

PTO 60 is clear that, in order to comply with the Court's Order, each B1 plaintiff must personally sign an Exhibit A sworn written statement under penalty of perjury. (PTO 60, Ex. A at 3 ("***Plaintiff's Attorney <u>Cannot</u> Sign on Plaintiff's Behalf***").) Sixteen plaintiffs who filed responses to the Show Cause Order have failed to meet the requirement of providing a *signed* sworn written statement. Though these plaintiffs' counsel indicate that they have been unable to obtain their clients' signatures in the time allotted to date, nearly four months have passed since the Court issued PTO 60, and these plaintiffs remain noncompliant with PTO 60 and subject to dismissal with prejudice. These sixteen plaintiffs are listed on Appendix 7.

### E. NINE PLAINTIFFS WHO SEEK TO BE HELD COMPLIANT WITH PTO 60 DID NOT MAKE ONE OR BOTH OF THEIR PTO 60 SUBMISSIONS UNTIL 5 WEEKS OR MORE AFTER THE MAY 16 DEADLINE.

Despite the clear deadline in PTO 60, nine plaintiffs who filed responses to the Show Cause Order did not make their required PTO 60 submissions until five weeks or more after the extended May 16, 2016 deadline. These significantly late submissions failed to comply with PTO 60. These nine plaintiffs are listed on Appendix 8.

### F. TWO PLAINTIFFS WHO SEEK TO BE HELD COMPLIANT WITH PTO 60 DID NOT FILE TIMELY SHOW CAUSE RESPONSES.

The Court's June 7, 2016 Show Cause Order required that any B1 plaintiff not identified as compliant with PTO 60 on Exhibits 1A and 1B to that order "must **show cause** in writing on or before **June 28, 2016**, why this Court should not dismiss their B1 claim(s) with prejudice for failing to comply with the requirements of PTO 60." (Show Cause Order ¶¶ 2-5.)

Two plaintiffs filed show cause responses only after this deadline has expired, one of whom (Capital Bank) has filed a motion to allow a late filing of its response (Rec. Doc. 21085). If the Court accepts their show cause responses as timely filed, BP has no objection to regarding these plaintiffs as compliant with PTO 60.

**CONCLUSION**

As explained above, the vast majority of plaintiffs who have responded to the Court's Show Cause Order and were not listed as compliant in Exhibits 1A and 1B to the Court's Compliance Order have not demonstrated their compliance with PTO 60. With the exception of the seven additional PTO 60-compliant plaintiffs discussed in Sections II and III.F above, those plaintiffs should be held noncompliant with PTO 60 and their claims dismissed with prejudice.

July 21, 2016　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Don Haycraft*
　　　　　　　　　　　　　　　　　　Don Haycraft (Bar #14361)
　　　　　　　　　　　　　　　　　　R. Keith Jarrett (Bar # 16984)
　　　　　　　　　　　　　　　　　　**LISKOW & LEWIS**
　　　　　　　　　　　　　　　　　　One Shell Square
　　　　　　　　　　　　　　　　　　701 Poydras Street, Suite 5000
　　　　　　　　　　　　　　　　　　New Orleans, Louisiana 70139-5099
　　　　　　　　　　　　　　　　　　Telephone: (504) 581-7979
　　　　　　　　　　　　　　　　　　Fax No. (504) 556-4108

　　　　　　　　　　　　　　　　　　Rick C. Godfrey, P.C.
　　　　　　　　　　　　　　　　　　(richard.godfrey@kirkland.com)
　　　　　　　　　　　　　　　　　　J. Andrew Langan, P.C.
　　　　　　　　　　　　　　　　　　(andrew.langan@kirkland.com)
　　　　　　　　　　　　　　　　　　Matthew T. Regan, P.C.
　　　　　　　　　　　　　　　　　　(matthew.regan@kirkland.com)
　　　　　　　　　　　　　　　　　　Kristopher S. Ritter
　　　　　　　　　　　　　　　　　　(kristopher.ritter@kirkland.com)
　　　　　　　　　　　　　　　　　　**KIRKLAND & ELLIS LLP**
　　　　　　　　　　　　　　　　　　300 North LaSalle
　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　Telephone:  (312) 862-2000

　　　　　　　　　　　　　　　　　　*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Objections and Responses to Plaintiffs' PTO 60 Show Cause Submissions** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of July, 2016.

*/s/ Don Haycraft*
Don Haycraft