UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASE NO.: 10-md-02179-CJB-SS

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

RELEVANT TO: Case No. 2: 13-cv-6648-CJB-SS

---

| | |
|---|---|
| CAPITAL BANK, | CIVIL ACTION No. 2:13-cv-6648-CJB-SS |
| Plaintiff, | SECTION: J |
| vs. | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC. | MAG. JUDGE SHUSHAN |
| Defendant. | |
| _____ / | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF CAPITAL BANK'S AMENDED AND REFILED MOTION TO ALLOW LATE FILE AND/OR TO VACATE OR AMEND COURTS ORDER RE: COMPLIANCE WITH PTO 60[1]

Plaintiff, Capital Bank ("Plaintiff"), by and through its undersigned counsel files this Memorandum of Law in Support of Plaintiff Capital Bank's Motion to Allow Late File and/or to Vacate or Amend Court's Order re: Compliance with PTO 60 ("Motion"), which was filed on July 19, 2016, and in support thereof states as follows:

**Facts**

1. Plaintiff is a financial institution that filed its initial action against Defendant, BP Exploration & Production, Inc. ("Defendant"), in the Middle District of Florida (Fort Myers

---

[1] Since the filing of Plaintiff's Motion to Allow Late Response and/or Vacate or Amend Court's Order Re: Compliance with PTO 60, Defendant filed its Objections and Responses to Plaintiffs' PTO 60 Show Cause Submissions. Defendant has no objection to Plaintiff's Motion, should the Court accept its show cause response as timely filed.

Division). Shortly thereafter, Plaintiff's action was transferred to the Eastern District of Louisiana under Case No. 13-cv-6648-CJB-SS.

2. On March 29, 2016, after completion of all trial phases of the trial, this Court entered its Pre-Trial Order 60 ("PTO 60") (D.E. 16050). PTO 60 instructed all Plaintiffs that filed individual lawsuits and had "B1" claims, for Non-Governmental Economic Loss and Property Damages by Private Individuals and Business, to file a Sworn Statement with the Court in its individual lawsuit, to be filed no later than May 2, 2016.

3. On April 8, 2016, Plaintiff fully complied with PTO 60 and timely filed its Sworn Statement in its individual lawsuit. It served the statement upon Defendant's counsel and upon the Plaintiff's Steering Committee by U.S. mail, as instructed by PTO 60. *See* Pl. Mtn. at Exhibit "A."

4. On June 7, 2016, this Court filed its Order to Show Cause re: Compliance with PTO 60 ("Show Cause Order")(D.E. 18724). The Show Cause Order attached Exhibit 1, which represented a list of Plaintiffs compliant with PTO 60 and Exhibit 2, which listed Plaintiffs that responded to PTO 60, but, according to Defendant, submitted a response that was materially deficient. All Plaintiffs not listed on Exhibit 1 and 2 were directed to respond to the Order to Show Cause by June 28, 2016.

5. Plaintiff was excluded from both lists.

6. Plaintiff served its Response to the Show Cause Order ("Response") upon all counsel of record in MDL-2179 and in Plaintiff's individual case, Case No. 13-cv-06648, by and through File & ServeXpress ("F&S") on June 21, 2016.[2] *See* Pl. Mtn's. at Exhibit "B" and Exhibit "C".

---

[2] All of BP's counsel were timely served with Plaintiff's Response pursuant to F&S.

2

7. However, due to an inadvertent mistake, Plaintiff's response was not filed with the Court in MDL-2179, as intended, but was timely served on all counsel. Specifically, its counsel's administrative staff believed in good faith that F&S filed the Response with the Court in addition to serving all interested parties. Plaintiff was later made aware that F&S did not, in fact, file the Response with the Court.

8. On July 14, 2016, this Court entered its Order re: Compliance with PTO 60 (the "Compliance Order")(D.E. 20996). Similar to the Show Cause Order, this Order attached Exhibit 1, which contained a revised list of Plaintiffs compliant with PTO 60 and Exhibit 2, which contained a revised list of Plaintiffs that answered the Show Cause Order but were not compliant with PTO 60. Pursuant to said Order, all Plaintiffs excluded from Exhibit 1 and 2 were dismissed with prejudice.

9. Once again, Plaintiff was omitted from both exhibit lists.

10. Immediately upon learning the foregoing, Plaintiff, on July 15, 2016, filed in the multidistrict litigation a notice of filing of its previously served, but not filed, Response. *See Pl. Mtn.* at Exhibit "D."

11. Plaintiff respectfully requests that this Court permit it to late file its Response with the Court or, alternatively, to alter or amend the Compliance Order as to Plaintiff, pursuant to either Rule 59(e) and/or Rule 60(b)(1). Plaintiff asks that it be included in Exhibit 1 and deemed compliant with PTO 60.

12. The granting of this Motion will not be prejudicial to the Defendant, as Defendant was timely served with the Response by and through F&S.

13. Plaintiff's failure to file its Response in the MDL-2179 docket was inadvertent and should not deprive Plaintiff the opportunity to present the true merits of its claims.

3

14. Plaintiff has not shown a pattern of delay, willful contempt, or contumacious conduct, as both its Sworn Statement and Response were prepared and served well in advance of this Court's deadlines.

15. Further, Plaintiff will be unduly harmed should the Court deny its Motion, as its case will remain dismissed with prejudice and its claim will not be decided on its merits.

### Standard of Review

This Court should allow Plaintiff to late file its Response to PTO 60, or in the alternative, should vacate or amend its Order re: Complaint with PTO 60, entered on July 14, 2016, as Plaintiff's failure to file its Response in the Court's docket was due to inadvertent and harmless mistake.  The rule governing relief from an order should be liberally construed in order to do substantial justice and, pursuant to Rule 60(b)(1), the district court has the power to vacate judgments whenever such action is appropriate. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401-402 (5th Cit. 1981); *see also Norman v. United States*, 377 F.Supp.2d 96 (D.D.C. 2005).

Plaintiff's failure to file its Response in the MDL-2179 docket was based on the belief that F&S would serve not only the interested parties, but also the Court.  This error should not deprive Plaintiff of an opportunity to present the true merits of its claims. *See Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991)(citing *Blois*, 612 F.2d at 940); *see also Norman*, 377 F.Supp.2d 96 (D.D.C. 2005)(holding that counsel's lack of familiarity with District Court's Electronic Case Filing (ECF) system constituted excusable neglect within meaning of rule providing for relief from judgment); *Castro v. Rain Cii Carbon, LLC*, 2013 WL 5232491, * 2 (E.D. La. 2013)(granting motion for relief based on excusable neglect when motion filed no later than 32 days after the judgment and found that case should be decided on its merits).  Doubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or

4

a slight mistake by an attorney should not deprive a plaintiff an opportunity to present the true merits of its claims. *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980). A plaintiff should not be punished for a mistake absent a clear record of delay, willful contempt or contumacious conduct. *Id.* (Citing *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974)). "The plaintiff should not have to pay for his attorney's minor mistake without clear proof of serious misconduct and prejudice." *Blois,* 612 F.2d at 940.

The Court's consideration of a motion under 60(b)(1) is dependent on the following delineated factors:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b)(1) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief, and (8) any other factors relevant to the justice of the judgment under attack. *Id.* (citing *United States v. Gould*, 301 F.2d 353, 355056 (5th Cir. 1962).

"Thus, unless it appears that no injustice was done by the judgment, the equities in such cases will militate strongly in favor of relief." *Seven Elves*, 635 F.2d at 403. Whether a motion is treated as a motion to alter or amend under Rule 59(e) or a motion for relief from judgment under 60(b)(1) may be determined as to when the motion is filed. *Laversphere v. Niagara Mach & Tool Works, Inc.* 910 F.2d 167, 172 (5th Cir. 1990)(rev'd on other grounds).[3]

## Argument

---

[3] However, a Rule 59(e) grounds for approval varies in that a Rule 59(e) motion typical must establish either a manifest error in the law or fact or must present newly discovered evidence. *Marsielles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2010).

5

The weight of the *Gould* factors listed above are strongly in Plaintiff's favor and Plaintiff should be permitted to late file its Response, or alternatively, this Court should vacate or amend the Compliance Order as to Plaintiff, pursuant to Rule 59(e) or 60(b)(1). With respect to the most relevant factors, Plaintiff asserts the following: (1) Plaintiff filed its motion within a week of this Court's Compliance Order; (2) Plaintiff's claim was not dismissed on its merits; (3) Plaintiff's claim is meritorious and this Court has already found Defendant liable for the Deepwater Horizon Oil Spill; (4) Plaintiff lacked the opportunity to present the merits of its case to the Court; (5) should this Court permit Plaintiff to late file or vacate or amend its Order, Defendant will not prejudiced because Plaintiffs' motion for relief was filed only a few days after the Court entered its order and because there are hundreds of other Plaintiffs suing Defendant in the multi-district litigation; and, (6) Plaintiff would experience significant harm should the Court deny its motion because its case would be dismissed with prejudice. Accordingly, each of these factors weigh heavily in Plaintiff's favor.

In addition, intervening equities exist that make it proper for the Court to grant Plaintiff's motion. Specifically, Plaintiff initially complied with PTO 60 by timely filing its Sworn Statement in its individual case with the proposed form cover sheet, as directed in the Order, and serving its statement by U.S. Mail upon Defendant's counsel and the MDL 2179 Plaintiff's Steering Committee. Plaintiff also served the Notice and Sworn Statement to Defendant's counsel in Plaintiff's individual case by CM/ECF service. Accordingly, Plaintiff did, in fact, comply with PTO 60 and should not have been excluded from Exhibit 1 and Exhibit 2 attached to the Show Cause Order.

Additionally, although Plaintiff's Response to the Show Cause Order was not filed in MDL-2179 it was, in fact, served upon all parties, including Defendants, by and through File &

Serve Xpress on June 21, 2016, a week in advance of the deadline to file. As such, Defendants were adequately put on notice of the Plaintiff's Response and will not be prejudiced should the Court grant Plaintiff's motion.

Plaintiff has not shown a pattern of delay, willful contempt, or contumacious conduct as both its Sworn Statement as well as Plaintiff's Response were prepared and served well in advance of this Court's deadlines. *See Blois 612 F.2d* at 940. (citing *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974)). Accordingly, Plaintiff's relief requested should be granted.

## Conclusion

Based upon the foregoing, the equities in this matter favor the Plaintiff and the Court should permit Plaintiff to late file, or in the alternative, vacate or amend this this Court's Compliance Order as to Plaintiff, such that Plaintiff is included in Exhibit 1 of the Order.

Respectfully submitted,

GrayRobinson, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Phone: (305) 416-6880
Facsimile: (305) 416-6887

By: _____
Gary M. Carman, Esq.
Florida Bar No. 179409
Richard F. Danese, Esq.
Florida Bar No. 58458

7

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that the above and foregoing Motion to Rehear and/or to Vacate or Amend Court's Order re: Compliance With PTO 60 and Incorporated Memorandum of Law has been served on All Counsel by electronically uploading the same to File & Serve Express in accordance with Pretrial Order No. 60, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22 day of July, 2016.

By: /s/ Gary M. Carman
   Gary M. Carman, Esq.