IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: | * MDL NO. 2179 |
| Oil Spill by the Oil Rig "Deepwater Horizon" | * |
| in the Gulf of Mexico on April 20, 2010 | * |
| | * SECTION J |
| SNODGRASS BROTHERS, INC. | * |
| | * |
| v. | * |
| | * HONORABLE CARL J. BARBIER |
| BP EXPLORATION & PRODUCTION INC. | * |
| and BP AMERICA PRODUCTION COMPANY; | * |
| DEEPWATER HORIZON COURT | *THIS DOCUMENT RELATES TO |
| SUPERVISED SETTLEMENT PROGRAM; | * CASE NO: 2:13-cv-06190-CJB-SS |
| and PATRICK A. JUNEAU, | * |
| In His Official Capacity As Claims Administrator | * |
| Of The Deepwater Horizon Court Supervised | * |
| Settlement Program Administering The | * |
| Deepwater Horizon Economic and Property | * |
| Damages Settlement Agreement | * |
| And In His Official Capacity As Trustee | * |
| Of The Deepwater Horizon Economic | * |
| and Property Damages Settlement Trust | * MAGISTRATE JUDGE SHUSHAN |

**COMPLAINANT SNODGRASS BROTHERS, INC.'S
MOTION FOR CLARIFICATION
ON ORDER REGARDING COMPLIANCE WITH PTO 60**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE CARL J. BARBIER:

Inasmuch as the Court is presently in the process of resolving, defining opt out suits or otherwise eliminating all remaining claims in 10-MDL 2179, and in the process has issued Dismissal Orders containing language referencing "All remaining Plaintiffs," [**See**, **Court's Order Regarding Compliance with PTO 60, ¶3**], Petitioner seeks clarification regarding his motion to enforce and breach of contract claims and a ruling that such dismissal does not apply to his pending **MOTION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT AND, IN THE ALTERNATIVE, ORIGINAL COMPLAINT**

**FOR BREACH OF CONTRACT** styled *Snodgrass Brothers, Inc. v. BP Exploration & Production Inc., et al.*, Case No. 2:13-cv-06190-CJB-SS.

I.

**BACKGROUND**

Plaintiff **Snodgrass Brothers, Inc.** is a commercial fishing vessel owner and a seafood compensation claimant.

1. On April 24, 2013, Plaintiff's portal indicated that his claim was payable. *See*, attachments to Plaintiff's original petition.

2. On April 29, 2013, eligibility notice and settlement and release agreement were sent to Plaintiff. BP did not file an appeal or reconsideration. *See*, attachments to Plaintiff's original petition.

3. On May 1, 2013, Plaintiff executed the Settlement and Release Agreement. *See*, attachments to Plaintiff's original petition.

4. On May 03, 2013, the portal indicated that the release was accepted. Again, BP did not file an appeal. *See*, attachments to Plaintiff's original petition.

5. Plaintiff waited for funding of the settlement, and on August 23, 2013 sent a demand for funding pursuant to the executed and accepted Settlement and Release Agreement.

6. On August 28, 2013, the claims administrator sent a denial notice outside the appeal timelines that ignored the executed settlement agreement, violating their own settlement policy, Pol-319v1[1],[2].

---

[1] Policy -319v1 supersedes Policies 205 and 206 and provides that the program may not rescind a payment award after the claimant has submitted a properly completed release.
[2] The denial contained no allegations of fraud, as non-occurred, and there was no opt out.

7. On October 18, 2013, Petitioner filed **MOTION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT AND, IN THE ALTERNATIVE, ORIGINAL COMPLAINT FOR BREACH OF CONTRACT** styled *Snodgrass Brothers, Inc. v. BP Exploration & Production Inc., et al.*, Case No. 2:13-cv-06190-CJB-SS while simultaneously filing an appeal of the denial through the settlement program so as not to waive any of their rights.

8. The pleadings were accompanied by the appropriate statement of collateral proceedings in compliance with Local Rule 3.1 in relation to MDL 2179, given that Member Settlement and Release Agreement expressly stated this Court and MDL has sole jurisdiction of issues regarding the document.

9. This Honorable Court then entered 10-MDL-2179 Pretrial Orders 1, 11, 12, 25 and 45 and on October 21, 2013 entered an order staying the need for summons absent a default judgment in member case 2:13-cv-06190-CJB-SS. ***See Courts Order regarding Summons, document no 5.*** Accordingly, Petitioner's claims were stayed pending the MDL and arguably became part of the MDL.

**II.**

**REQUEST FOR CLARIFICATION AND RULING
THAT BLANKET DISMISSAL DOES NOT APPLY
TO PLAINTIFF'S MOTION FOR ENFORCEMENT
AND SUIT FOR BREACH OF CONTRACT.**

10. Unfortunately, the timing of the eligibility notice, executed settlement contract, repudiation of contract and denial occurred after the opt out deadline for the Seafood Compensation Program. Plaintiff had no other option than to pursue his motion to enforce and for breach of contract.

11. Petitioner has been monitoring the MDL Proceedings and noted that Pretrial Order 60 <u>specifically excludes those claimants who had entered into settlement and release agreements</u> and makes no mention or reference regarding lawsuits to enforce executed settlement agreements and/or claims for breach of Member Settlement Agreements.  <u>See</u>, **PTO 60 ¶6 and Order Regarding Compliance with PTO 60 ¶7.**

12. Further, Petitioner's claims did not appear on Pretrial 60 Exhibits "A" or "B". [3]  However, the Court's compliance order contains language encompassing all remaining plaintiffs in the B1 Bundle.  Given that the Court's initial orders in Petitioner's case styled 2:13-cv-06190-CJB-SS brought their claims to enforce and for breach of contract into 10-mdl-2179, Plaintiff seeks clarification regarding the Dismissal Order as it relates to his original complaint and motion to enforce.

13. Specifically, Petitioner seeks an order clarifying that his claims are not subject to the dismissals related to the compliance order regarding PTO 60, given that his claims do not fall under Pretrial Order 60, i.e. Petitioner's claims involve enforcement of the Settlement and Release Agreement and, therefore, would not have been covered by the order with excludes those claims with an executed release.  Without such clarification, Petitioner has concerns that he may waive appellate deadlines or that such defenses would be asserted.

---

[3] This is because a settlement agreement had been executed and/or respondent was contending the claim had been denied.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Petitioner **Snodgrass Brothers, Inc.** prays that This Honorable Court enter an order clarifying that Petitioner's claims in *Snodgrass Brothers, Inc. v. BP Exploration & Production Inc., et al.*, Case No. 2:13-cv-06190-CJB-SS are not subject to the dismissals related to the PTO 60 compliance order.

Respectfully submitted,

**COUNSEL FOR CLAIMANT,**
Snodgrass Brothers, Inc.:

**LAW OFFICE OF CARY M TOLAND PC**
855 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 544-4607
Fax: (956) 541-2117
E-Mail Address: cary@carytolandlaw.com

by: _____
Cary M. Toland, Attorney-in-charge
State Bar of Texas No. 00785112
Federal I.D. No. 17558
[pro hac vice]