## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUSIANIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | | |
| Of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates To: | | |
| *Pleading Bundle B1* | * | MAG. JUDGE SHUSHAN |

| | | |
|---|---|---|
| JELP BARBER, | * | CIVIL ACTION |
| | | No. 2:16-cv-05533 |
| (Plaintiff) | | |
| | * | SECTION J |
| VERSUS | | |
| | * | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC., | | |
| BP AMERICA PRODUCTION COMPANY, | | |
| and BP P.L.C. | * | MAG. JUDGE SHUSHAN |
| (Defendants) | | |

| | | |
|---|---|---|
| NABAA GAS MONTGOMERY, LLC | * | CIVIL ACTION |
| | | No. 2:16-cv-07488 |
| (Plaintiff), | | |
| | • | SECTION J |
| VERSUS | | |
| | | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC., | | |
| BP AMERICA PRODUCTION COMPANY, | | |
| and BP P.L.C. | * | MAG. JUDGE SHUSHAN |
| (Defendants) | * | |
| | * | |
| | * | |

## JELP BARBER AND NAABA GAS MOTION FOR RECONSIDERATION AND/OR MOTION FOR RELIEF FROM ORDER AND/OR FOR A DETERMINATION THAT MOVANTS HAVE COMPLIED WITH  PTO 60 AND TO SET ASIDE DISMISSAL FOR NON-COMPLIANCE WITH PTO 60

NOW COME **JELP BARBER,  and NABAA GAS MONTGOMERY, LLC.,** (herein after "Barber" and "NABAA"  and seek relief from, and move the Court to reconsider the Order re:  Compliance With PTO 60 (Rec. Doc. 20996) issued by the Court on July 14, 2016, to the extent that it dismisses with prejudice the claims asserted by  the above named Plaintiffs in that each has fully complied with all the requirements of PTO 60 and, to the extent that there are any issues regarding their compliance, the  above named Plaintiffs  request that the Court review Barber's  Response to Order to Show Cause (Rec. Doc. 20584), and  NAABA's,  Response to Order to Show Cause (Rec. Doc. 20587 ), and  determine that each of said Plaintiffs have complied with PTO 60 and declare that each Plaintiff may proceed with the suits  previously filed.

1.

Barber and NABAA were both Plaintiffs in a consolidated complaint filed on April 19, 2013, Case No. 2:13-cv-1439.

2.

On March 29, 2016 the Court entered Pretrial Order No. 60 ("PTO 60") (Rec. Doc. 16050) which required  each Plaintiff  joined in the consolidated complaint to file individual complaints and set a deadline for filing.

3.

Thereafter the undersigned counsel requested a 14-day extension of the date for Barber, Nabaa (and others) to comply with PTO 60 which was granted and then further extended as a result of additional confidential activity in those matters.

4.

On May 12, 2016 undersigned counsel filed in the record a complaint in   Case 2:16-cv-05533  on behalf of Barber and on May 31, 2016, filed a complaint on behalf of Nabaa Gas in Case No. 2:16-cv-07488, along with required attachments and all of which were served as required by PTO 60.

5.

The Court subsequently issued an Order to Show Cause re: Compliance with PTO 60 (Rec. Doc. 18724) (the "Order to Show Cause") which referenced exhibits 1A and 1B, showing claimants that BP had determined were compliant with PTO 60 as well as Exhibit 2 which listed claimants that had filed complaints but whose filings BP  determined were  deficient.  Neither Barber or NABAA were  listed by name  or number in Exhibit 1A, Exhibit 1B or even in Exhibit 2.   Although each had timely filed a complaint and supporting documents. As a result of their absence from any list it  was presumed that they were considered to have not complied with PTO 60 in any way.

6.

In an effort to bring the problem to light and to comply with the Order to Show Cause, on June 28, 2016 Barber and NABAA Gas  each filed  Responses to the Order to Show Cause (Rec. Doc. 20584 & 20587) outlining what is stated above and explaining how each had complied with PTO 60.  Copies of those responses are attached hereto as Exhibits "1" and "2".In addition to the proof filed with the Responses to the Order to Show Cause, the Court has entered Orders in each of their cases entitled "Order [Regarding New Lawsuits Filed Pursuant to Pretrial

Order No. 60]." A copy of the Orders for each of these Plaintiffs' cases is attached hereto as Exhibits "3" and "4."

7.

On July 13, 2016 BP filed its Notice of Filing  BP's Updated PTO 60 Compliance List and Remaining Noncompliance List (Rec. Doc. 20992).  Neither Barber nor NABAA's names are in any of the three updated lists which BP attached to that pleading.  Neither is listed as having complied with PTO 60 or as not having complied with PTO 60.  BP eliminated from its original list "those Plaintiffs who complied with PTO 60 but have since dismissed their claims against BP and/or have  since  executed  releases  of  their  claims  and  are  in  the  process  of dismissing  their  claims  against  BP."   However  neither  Barber  nor  NABAA  have  executed releases nor dismissed their  claims against BP.  Therefore, their names should not have been eliminated from BP's lists and should have been included in BP's updated lists as either having complied with PTO 60 or having deficiently complied.

8.

In the Order re:  Compliance With PTO 60, the Court states that it is dismissing  with prejudice the claims of Plaintiffs who are not listed in Exhibits 1A and 1B thereto, and has set briefing dates regarding the responses to the Order to Show Cause filed by those Plaintiffs listed in Exhibit 2.  Because neither Barber nor NABAA is listed in Exhibits 1A or 1B, their claims may have been considered dismissed, since they are also not shown as having filed deficient responses, i.e. Exhibit 2.

9.

Both Barber and NABAA Gas timely complied with PTO 60  and have not dismissed or released their claims against BP; therefore, their names and  suit  numbers  should have been

- 4 -

included in Exhibits 1A and 1B, and their claims should not have been dismissed.   Alternatively, if there is any issue about their compliance with PTO 60, their names should have been listed in Exhibit 2 as noncompliant.  In that instance, their Response to Order to Show Cause should be considered by the Court and BP should be ordered to file an objection to such Responses, if it has any. If so  both Plaintiffs' should be allowed to reply.  The Court's dismissal of their claims is clearly a mistake that should be corrected.

WHEREFORE, Jelp Barber and NABAA Gas requests that (1) the Court order BP to review its records and inform the Court if they complied with PTO 60 and did not dismiss or release its claims against  BP; (2) the Court determine that Barber and NABAA complied with PTO 60 and timely responded to the Order to Show Cause; (3) the Court set aside the dismissal of the Barber and NABAA claims and order that their suits may proceed or; (4)  alternatively if BP has any objections it should be ordered to file   such objections to Barber and NABAA responses to the Order to Show Cause and allow them to reply,  and (5) the Court should make a determination that Barber and NABAA timely filed their complaints and timely filed  responses to the Order to Show Cause and that they  timely complied with all the requirements of PTO 60 and may proceed with their  respective suits.

Dated: July 22, 2016                                        Respectfully Submitted:

/s/ Douglas S. Lyons
DOUGLAS S. LYONS
Fla. Bar No.: 128277
Lyons & Farrar, P.A.
1637 Metropolitan Blvd., Ste. A-2
Tallahassee, Florida 32308
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
dougl@lyonsandfarrar.com

P. Tim Howard
Howard & Associates, Attorneys at Law, P.A.

8511 Bull Headley Road, Suite 405
Tallahassee, Florida 32312
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
tim@howardjustice.com

Samuel T. Adams
154 Roy Lane
Post Office Box 8420
Panama City, Florida 32409
(850) 785-3469 – telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing  Motion for Reconsideration and/or Motion for Relief From Order and/ or for a Determination that Movants have Complied with PTO 60, and to Set Aside Dismissal has been served on all counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and  that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179; this 22[th] day of July, 2016.

/s/ Douglas S. Lyons
Douglas S. Lyons

l:\dsl\1 - bp oil spill litigation\!1 - court rulings\pt 60\motion\barberandnabaamotionforreconsidersation.doc