UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIANIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates To: *Pleading Bundle B1* | * | MAG. JUDGE SHUSHAN |
| JELP BARBER, | * | CIVIL ACTION No. 2:16-cv-05533 |
| (Plaintiff) | | |
| | * | SECTION J |
| VERSUS | | |
| | * | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, and BP P.L.C. | * | MAG. JUDGE SHUSHAN |
| **(Defendants)** | | |
| NABAA GAS MONTGOMERY, LLC | * | CIVIL ACTION No. 2:16-cv-07488 |
| (Plaintiff), | | |
| | • | SECTION J |
| VERSUS | | |
| | | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, and BP P.L.C. | * | MAG. JUDGE SHUSHAN |
| **(Defendants)** | * | |
| | * | |
| | * | |

**JELP BARBER AND NAABA GAS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION AND/OR MOTION FOR RELIEF FROM ORDER AND/OR FOR A DETERMINATION THAT MOVANTS HAVE COMPLIED WITH PTO 60 AND TO SET ASIDE DISMISSAL FOR NON-COMPLIANCE WITH PTO 60**

**JELP BARBER, NABAA GAS MONTGOMERY, LLC.,** (herein after "Barber" and "NABAA" have filed a motion seeking relief from, and asking the Court to reconsider the Order re: Compliance With PTO 60 (Rec. Doc. 20996) issued by the Court on July 14, 2016, to the extent that it dismisses with prejudice the claims asserted by the above named Plaintiffs, in that each has fully complied with all the requirements of PTO 60 and, to the extent that there are any issues regarding its compliance, the above named Plaintiffs request that the Court review Barber's Response to Order to Show Cause (Rec. Doc.20584), and NAABA's, Response to Order to Show Cause (Rec. Doc. 20587 ), and determine that each of said Plaintiffs have complied with PTO 60 and declare that each Plaintiff may proceed with the suit it previously filed. This memorandum is filed in support of said motion.

Barber and NABAA were both Plaintiffs in a consolidated complaint filed in this Court on April 19, 2013.

On March 29, 2016 the Court entered Pretrial Order No. 60 ("PTO 60") (Rec. Doc. 16050) which required each Plaintiff in the consolidated complaint to file individual complaints and set a deadline for filing.

Thereafter the undersigned counsel requested a 14-day extension of the date by which Barber, Nabaa (and others) were required to comply with PTO 60 which was granted and then further extended as a result of additional confidential activity in those matters.

On May 12, 2016 undersigned counsel filed in the record a complaint in Case 2:16-cv-05533 on behalf of Barber and on May 31, 2016, filed a complaint on behalf of Nabaa Gas in Case No. 2:16-cv-07488, along with required attachments. Each of those were timely filed and served.

The Court subsequently issued an Order to Show Cause re: Compliance with PTO 60 (Rec. Doc. 18724) (the "Order to Show Cause") which referenced exhibits showing claimants that BP had determined were compliant with PTO 60 as well as Exhibit 2 which listed claimants that had filed but whose filings were determined to be deficient.  Neither Barber or NABAA were  listed by <u>name</u>  or <u>number</u> in Exhibit 1A, Exhibit 1B or even in Exhibit 2.  Although each had timely filed a complaint and supporting documents, from their absence  it was presumed that they were considered to have not complied with PTO 60 in any way.

In an effort to bring the problem to light and to comply with the Order to Show Cause, on June 28, 2016 Barber and NABAA Gas  each filed  Responses to the Order to Show Cause (Rec. Doc. 20584 & 20587) outlining what is stated above and explaining how each had complied with PTO 60.  Copies of those responses are attached to the Motion filed on their behalf.       In addition to the proof filed with the Responses to the Order to Show Cause, the Court has entered Orders in each of their cases entitled "Order [Regarding New Lawsuits Filed Pursuant to Pretrial Order No. 60], " A copy of the Orders for each of these Plaintiffs' cases are attached to the Motion.

On July 13, 2016 BP filed its Notice of Filing of BP's Updated PTO 60 Compliance List and Remaining Noncompliance List (Rec. Doc. 20992).  Neither Barber nor NABAA names are in <u>any</u> of the three <u>updated</u> lists which BP attached to that pleading.  Neither is listed as having complied with PTO 60 <u>or</u> as <u>not</u> having complied with PTO 60.  BP eliminated from its <u>original</u> list "those Plaintiffs who complied with PTO 60 but have since dismissed their claims against BP and/or have since executed releases of their claims and are in the process of dismissing their claims against BP."  However neither Barber nor NABAA have executed releases nor dismissed their  claims against BP.  Therefore, their names should not have been eliminated from BP's lists

and should have been included in BP's updated lists as either having complied with PTO 60 or having deficiently complied.

In the Order re: Compliance With PTO 60, the Court states that it dismissing with prejudice the claims of Plaintiffs who are not listed in Exhibits 1A and 1B thereto, and has set briefing dates regarding the responses to the Order to Show Cause filed by those Plaintiffs listed in Exhibit 2. Because neither Barber nor NABAA is listed in Exhibits 1A or 1B, their claims may have been considered dismissed, since they are also not shown as having filed deficient responses either i.e. Exhibit 2.

Both Barber and NABAA Gas timely complied with PTO 60 and have not dismissed or released their claims against BP; therefore, their names and suit numbers should have been included in Exhibits 1A and 1B, and their claims should not have been dismissed. Alternatively, if there is any issue about their compliance with PTO 60, their names should have been listed in Exhibit 2 as noncompliant. In that instance, their Responses to the Order to Show Cause should be considered by the Court and if BP has any objections it should be ordered to file them, and allow both Plaintiffs to reply. The Court's dismissal of their claims is clearly a mistake that should be corrected.

WHEREFORE, Jelp Barber and NABAA Gas requests that (1) the Court order BP to review its records and inform the Court if they complied with PTO 60 and did not dismiss or release its claims against BP; (2) the Court determine that Barber and NABAA complied with PTO 60 and timely responded to the Order to Show Cause; (3) the Court set aside the dismissal of Barber and NABAA claims and order that their suits may proceed or; (4) alternatively if BP has any objections it should be ordered to file such objections to Barber and NABAA responses to the Order to Show Cause and allow them to reply, and (5) the Court should make a

determination that Barber and NABAA timely filed their complaints and timely filed responses to the Order to Show Cause and that that they complied with all the requirements of PTO 60 and may proceed with their suit.

Dated: July 22, 2016                                    Respectfully Submitted:

/s/ Douglas S. Lyons
DOUGLAS S. LYONS
Fla. Bar No.: 128277
Lyons & Farrar, P.A.
1637 Metropolitan Blvd., Ste. A-2
Tallahassee, Florida 32308
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
dougl@lyonsandfarrar.com

P. Tim Howard
Howard & Associates, Attorneys at Law, P.A.
8511 Bull Headley Road, Suite 405
Tallahassee, Florida 32312
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
tim@howardjustice.com

Samuel T. Adams
154 Roy Lane
Post Office Box 8420
Panama City, Florida 32409
(850) 785-3469 – telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Motion for Reconsideration and/or Motion for Relief From Order and/ or for a Determination that Movants have Complied with PTO 60, and to Set Aside Dismissal has been served on all counsel by

electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179; this 22th day of July, 2016.

/s/ Douglas S. Lyons
Douglas S. Lyons

l:\dsl\1 - bp oil spill litigation\!1 - court rulings\pt 60\memorandum in opposition\barbermemorandum in support of motion for reconsideration and_or motion for relief from order  7-22-2016.doc