## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUSIANIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL 2179 |
|    "Deepwater Horizon" in the Gulf | | |
|    Of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates To: | | |
| *Pleading Bundle B1* | * | MAG. JUDGE SHUSHAN |

| | | |
|---|---|---|
| JOHNNY'S CLAMS INC. , | * | CIVIL ACTION No. 16-05541 |
| (Plaintiff) | | |
| | * | SECTION J |
| VERSUS | | |
| | * | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC., | | |
| BP AMERICA PRODUCTION COMPANY, | | |
| and BP P.L.C. | * | MAG. JUDGE SHUSHAN |
| (Defendants) | | |

### JOHNNY'S CLAMS/JOHNNY SHERIDAN' S MOTION FOR RECONSIDERATION AND/OR MOTION FOR RELIEF FROM ORDER AND/OR FOR A DETERMINATION THAT MOVANT HAS COMPLIED WITH  PTO 60 AND TO SET ASIDE DISMISSAL FOR NON-COMPLIANCE WITH PTO 60

Comes now, **JOHNNY'S  CLAMS,  INC/JOHNNY SHERIDAN'S** (herein  after

**"Sheridan/Johnny's Clams,"** [1] by and through its undersigned attorneys  and  seeks relief from,

and move the Court to reconsider the Order re:  Compliance With PTO 60 (Rec. Doc. 20996)

issued by the Court on July 14, 2016, to the extent that it dismisses with prejudice the claim

asserted by  the above named Plaintiff in that it has fully complied with all the requirements of

PTO 60 and, to the extent that there are any issues regarding its compliance, the  above named

---

[1] The complaint in this matter was filed under the name of Johnny's Clam's Inc. but the  orders and exhibits variously refer to the claim by both Johnny's Clams and/or Johnny Sheridan.

Plaintiff requests that the Court review Johnny Sheridan/Johnny's Clam's Response to Order to Show Cause (Rec. Doc. 20566 ), and determine that said Plaintiff has complied with PTO 60 and declare that said Plaintiff may proceed with the suit it previously filed.

1.

Sheridan/Johnny's Clams was a Plaintiff in a consolidated complaint filed in this Court entitled Jensen Beach Marketing, Inc. v. BP, Civil Action No. 2:13-cv-1439.

2.

On March 29, 2016 the Court entered Pretrial Order No. 60 ("PTO 60") (Rec. Doc. 16050), requiring each Plaintiff to file an individual complaint along with a Sworn Statement.

3.

Thereafter the undersigned counsel requested an extension of time by which Sheridan/Johnny's Clams was required to comply with PTO 60 which was granted and then further extended as a result of additional confidential activity in those matters. .

4.

On May 12, 2016 undersigned counsel filed in the record a complaint in Case 2:16-cv-16-0554, along with required attachments, all of which were served as required by PTO 60.

5.

The Court subsequently issued an Order to Show Cause re: Compliance With PTO 60 (Rec. Doc. 18724) (the "Order to Show Cause") requiring Sheridan/Johnny's Clams to show cause as to why that claim should not be dismissed because of deficiencies identified in Exhibit 2 to the order, which indicated "no" under as "Responding Regarding Release."

6.

In reviewing the Sworn Statement of this Claimant it was determined that he had failed to answer question number 4 which states:

"Did you execute a release of your claims upon receiving a payment through any claims program."

7.

As a result,  Sheridan/Johnny's Clams filed a Response to the Order to Show cause asking for permission to file an Amended Sworn Statement which he attached and which answered the question as "yes." (Rec. Doc. 20566). (A copy of which is attached hereto as Exhibit "1").

8.

Alternatively, the Response indicated that since this was a release claim and the Court in PTO-60 specifically ordered plaintiffs "who have timely filed a claim in the B1 pleading bundle and who **have not** released their claim(s)…." to file individual complaints.(emphasis in original). That Order also stated that it would issue "a separate Order with respect to … released claims."

9.

As a result, the Plaintiff, Sheridan/Johnny's Clams was not required to file an  individual complaint at the time that it did so. In the  Response to the Order to Show Cause Plaintiff pointed that out and  moved the Court to simply stay the action on this Complaint until after the Court issued  a subsequent Order on released claims, or allow the Plaintiff to Voluntarily Dismiss its complaint without prejudice.

10.

In  its Response to the Order to Show Cause, Sheridan/ Johnny's Clams pointed out that it had not been required to file an individual complaint at the time it did so, having been listed as having a deficient complaint, it felt compelled to  timely filed a Response to the Order to Show Cause.

11.

On July 13, 2016 BP filed its Notice of Filing of BP's Updated PTO 60 Compliance List and Plaintiffs with Deficient PTO 60 Submissions and Timely Show Cause Responses.  (Rec. Doc. 20992).  Sheridan/Johnny's Clams is not in any of the three updated lists which BP attached to that pleading.  It  is not listed as having complied with PTO 60 or as not having complied with PTO 60.  The reason may be that BP eliminated from its original lists "those Plaintiffs who complied with PTO 60 but have since dismissed their claims against BP and/or have since executed releases of their claims and are in the process of dismissing their claims against BP." However, Sheridan/ Johnny's Clams did not execute a release and did not dismiss its claim against BP.  Therefore, its name should not have been eliminated from BP's lists and should have been included in BP's updated lists as either having complied with PTO 60 or as remaining in noncompliance.

12.

In the Order re:  Compliance With PTO 60, the Court has dismissed with prejudice the claims of Plaintiffs who are not listed in Exhibits 1A and 1B thereto, and has set briefing dates regarding the responses to the Order to Show Cause filed by those Plaintiffs listed in Exhibit 2. Sheridan/Johnny's Clams  is not listed at all.

13.

Sheridan/Johnny's Clams timely complied with PTO 60  and did not dismiss its claim against BP; therefore, its name and suit number should have been included in Exhibits 1A and 1B, and its claim should not have been dismissed.   BP should acknowledge that. Alternatively, if there is any issue about its compliance with PTO 60, it  should have been listed in Exhibit 2 as noncompliant and BP should be required to file its objection.     In that instance, Plaintiff's Response to Order to Show Cause should be considered by the Court as well as BP's objection and  Sheridan/Johnny's Clams  should be allowed to file a reply. If Sheridan/ Johnny's Clam's complaint is considered to be dismissed, it is a mistake and should be corrected.

WHEREFORE, Sheridan/ Johnny's Clams requests that (1) the Court order BP to review its records and inform the Court if Sheridan/ Johnny's Clams complied with PTO 60 and did not settle its claims with or release BP; (2) the Court determine that Sheridan/ Johnny's Clams complied with PTO 60 and timely responded to the Order to Show Cause; (3) the Court set aside the dismissal of Sheridan/ Johnny's Clam's claim and order that Sheridan/ Johnny's Clam's suit may proceed; (4) or if BP has an objection then the Court should  require BP to file an objection to Sheridan/ Johnny's Clam's response to the Order to Show Cause and allow Plaintiff to respond;  and (5) the Court should  determine that Sheridan/ Johnny's Clams timely filed its response to the Order to Show Cause and that that it  complied with all the requirements of PTO 60 and may proceed with its suit.

Dated: July 22, 2016

Respectfully Submitted

<div style="margin-left:40%">

/s/ Douglas S. Lyons
DOUGLAS S. LYONS
Fla. Bar No.: 128277
Lyons & Farrar, P.A.

</div>

1637 Metropolitan Blvd., Ste. A-2
Tallahassee, Florida 32308
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
dougl@lyonsandfarrar.com

P. Tim Howard
Howard & Associates, Attorneys at Law, P.A.
8511 Bull Headley Road, Suite 405
Tallahassee, Florida 32312
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
tim@howardjustice.com

Samuel T. Adams
154 Roy Lane
Post Office Box 8420
Panama City, Florida 32409
(850) 785-3469 – telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing  Motion for Reconsideration and/or Motion for Relief From Order and/ or for a Determination that Movant has Complied with PTO 60, and to Set Aside Dismissal has been served on all counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and  that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179; this 22[th] day of July, 2016.

<u>/s/ Douglas S. Lyons</u>
Douglas S. Lyons

l:\dsl\1 - bp oil spill litigation\!1 - court rulings\pt 60\motion\sheridanmotionforreconsideration.doc