UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAW OFFICE OF JIM DAVIS and<br>JIM DAVIS, INDIVIDUALLY | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO: 11-2450 |
| TRANSOCEAN, LTD., ET AL.<br>BP, PLC | DEFENDANTS |

IN RE: OIL SPILL BY THE OIL RIG "DEEP HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 (MDL # 2179)

## MOTION TO BE REMOVED FROM SETTLEMENT AND REQUEST TO BE PLACED ON THE ACTIVE TRIAL DOCKET

COMES NOW Plaintiff, the HONORABLE JIM DAVIS, and requests that he be allowed to be removed from the frivolous settlement process for BP and placed back on the active trial docket and states unto the Court as follows, to-wit:

1. The Plaintiff filed the above referenced suit on September 28, 2011 and the Defendants were properly served with process.

2. The Plaintiffs agreed to attempt to participate in the *frivolous settlement process* for BP and have done so since July 7, 2012.

3. Four years later and a voluminous amount of requested documentation and additional documentation, the Plaintiffs are no closer to settling its case now than he was in July, 2012.

4. On July 07, 2012, the Claimant filed his original business economical loss claim and has since that time filed over 149 documents totaling well over 700 pages.

5. Claimant has filed his business' individual checking account statements with the individual checks attached showing income and expenses for his business. He has prepared profit and loss statements that could be used by any BP reviewer and this

was done in 2012.

6. Claimant has retained an economical expert, Pat Culbertson, Ph.D., who is willing to testify that the Claimant lost income as a result of the BP **spill**.

7. Claimant has filed all of his tax returns for the years 2007, 2008, 2009, 2010, 2011, and 2012.

8. Claimant has filed numerous profit and loss statements consistent with and supported by all checking account statements, cancelled checks and tax returns. Claimant has never been advised his profit and loss statements are *insufficiently matched*.

9. The Claimant's file has numerous letters requesting the status of his claim and almost never receiving a response in relation to same.

10. On December 22, 2015, Dennis Man with PricewaterhouseCoopers Advisory Services LLP requested the Claimant prepare some type of accrual accounting method on each individual client he represented from 2007 to 2015. This is absurd. Plaintiffs responded with letters and documents dated December 28, 2015, attached hereto as Exhibit "A", January 14, 2016, attached hereto as Exhibit "B", February 2, 2016, attached hereto as Exhibit "C", and February 8, 2016, attached hereto as Exhibit "D". Feeling unsatisfied, Plaintiffs requested a document review by a document reviewer. Nothing has happened until July 11, 2016, when BP requested the same information and documents of December 22, 2015, <u>ignoring all attached correspondence</u>.

11. Claimant only keeps files at the most three (3) years and runs his business on a cash basis, not an accrual basis.

12. Claimant determined BP felt his profit and loss statements were not *sufficiently matched* and that is why they requested the accrual accounting of individual clients from 2007 to 2015. This may be allowed under Attachment "F" of Policy 495. Claimant, feeling he had *"insufficient matching"* wrote a letter to Dennis Man with PricewaterhouseCoopers Advisory Services LLP on December 28, 2015, requesting the following information:

    a. A list of the materials used by the CSSP accountants in exercising their *"professional judgment"* in determining an *"insufficient match."* Maybe items that I submitted were missed by you or they are mislabeled in the portal.

    b. Specific items or data upon which the CSSP accountant based his *"Insufficiently Matched"* designation. Your recent request requested tax returns I have already submitted.

    c. A list of materials that I can provide that would be helpful in determining whether the P&Ls are *sufficiently matched*. I think if all information and documentation I have submitted is reviewed, you will see it is *"sufficiently matched."*

    d. Confirmation that you reviewed the *unique* character of my business model and industry. I am a criminal defense attorney who represents hundreds of cash paying clients annually. Attachment 'F' of 495 does not apply to me. Attachment 'F' to 495 applies to some hourly billing lawyer, not a sole practitioner criminal defense lawyer who operates on a cash basis.

    e. I would like to talk to you. We may be able to amend or correct these problems. My contact information is as follows:

        James L. (Jim) Davis, III
        P. O. Box 1839
        Gulfport, MS 39502
        jamesldavisiii@aol.com
        Office: 228-864-1588
        Cell: 228-860-8551
        Fax: 228-863-5008

13. The December 28, 2015, letter is attached hereto and incorporated herein in its entirety.

14. After the letter of December 28, 2015, Claimant had a telephone conference with Dennis Man with PricewaterhouseCoopers Advisory Services LLP to get sufficient responses to the letter of December 28, 2015. Claimant wondered if there was some other means that could satisfy Mr. Man's inquiry short of asking for absurd and impossible accrual accounting methods for a cash business, documents needed to prepare an individual accrual accounting of every client represented for the last eight (8) years no longer exists. Mr. Man reiterated all of the information he originally requested in his correspondence of December 22, 2015, which, of course, has no application to the Claimant's business whatsoever. Claimant advised that he would not be able to produce this documentation because it does not exist and there is no way to reproduce it or replicate it. Mr. Man advised Claimant his claim would be denied for document insufficiency.

15. Claimant pointed out in a letter of January 14, 2016, the following:

   a. I have reviewed Attachment F to Policy 495 which clearly provides "Claimants that submit P&Ls that are deemed *sufficiently matched* will be processed under the methodology set forth in Exhibit 4C of the Settlement Agreement, utilizing the contemporaneous P&Ls." You indicated that my P&Ls were *sufficiently matched* and regardless of that fact you are not going to do exactly what Attachment F to 495 requires and that is that you process my claim under the methodology set forth in Exhibit 4C of policy 495. You are clearly violating the settlement and policy 495 by asking me to do an accrual accounting method to previous years which is not required unless there is an "insufficient matching." Again, when I asked you to start answering my questions detailed in my letter of December 28, 2015, you indicated that you do not have to because there was not a finding of "insufficient matching" so, therefore, it must be *sufficiently matched*.

   b. I believe it is totally ludicrous to expect someone that runs a cash business to go back five (5) years and try to recreate case files and agreements with clients. You and anyone in their right mind knows

that is impossible. You only have to maintain files for three (3) years. That is the statute of limitations in Mississippi and you maintain them just in the event you are sued. Nobody keeps files for five (5) or six (6) years so they can attempt to relive them to prepare an accrual accounting method which you have now requested. If this had been requested back when I originally filed my BP claim there would have been some possibility that I may have been able to do this, but at this late date it is impossible. Of course, BP did require me to file numerous other documents, reports, accountings, tax returns, and everything else in the world. They continuously delayed my claim and found frivolous reasons to not pay my claim as it was. BP or you as their representative have now requested an accounting that shows no comparison whatever to my business, my loss, and is nothing more than a delay attempt by BP to request impossible previous years' accountings which you know I cannot produce. When I talked to you last Tuesday, I thought maybe BP or you as their representative would have some *good faith* and would want to work in *good faith* to try to get this issue resolved, but I quickly have seen that you had nothing in your mind except to request frivolous accounting methods which you know is impossible for me to produce, which will allow you to deny my claim.

16. The January 14, 2016, letter is attached hereto and incorporated herein in its entirety.

17. Claimant requested his claim be reviewed or reconsidered by a proper document reviewer or claim administrator. If any more information is needed, Claimant will produce same, but incorporates his entire claim file which is filed in his Claimant ID 100029760, Claim ID 6369.

18. What the Claimant has realized about BP in its *frivolous settlement process* is that he received a notice dated December 22, 2015, which he responded to by letters of December 28, 2015, January 14, 2016, February 2, 2016, and February 8, 2016 (*see* attachments) and then appealed it to a documents reviewer, and has heard no response from any of this correspondence, then, on July 11, 2016 (seven months after the notice of December 22, 2015) Plaintiffs received another notice requesting the same thing as the

December 22, 2015, notice, acting as if all the time consuming correspondence after December 22, 2015, (letters and documents attached hereto as Exhibits "A" through "D") did not exist. This is a *frivolous, sanctionable* settlement process by BP.

19. All of the above correspondence, which the Plaintiff sent to the BP claims personnel, were very time consuming and all of the documentation that the Plaintiff has produced to the BP claims administrator and the Deepwater Horizon Economic Claims Center has been very time consuming but the Plaintiff has realized that BP has never planned to settle with him and have never planned to work something out on this matter and he requests to be removed from the settlement and his case be placed back on the active trial docket and he be given a trial scheduling order so he can start moving forward on all of the other Defendants including BP.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, HONORABLE JIM DAVIS, requests he be removed from BP's frivolous settlement proceedings and be placed back on the active docket and given a trial schedule in order to move forward against the Defendants herein.

RESPECTFULLY SUBMITTED this 25th day of July, 2016.

JIM DAVIS, Plaintiff

By: _____
JIM DAVIS, *Pro Se*
MSB #5830
1904 24th Avenue
P.O. Box 1839
Gulfport, MS  39502
Phone: 228-864-1588
Fax: 228-863-5008

## CERTIFICATE OF SERVICE

I, JIM DAVIS, do hereby certify a copy of the above and foregoing has been electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which sent notification of such filing to the following:

**Edwin G. Preis , Jr.**
Preis, PLC (Lafayette)
Versailles Centre
102 Versailles Blvd.
Suite 400
Lafayette, LA 70501
**Campbell Edington Wallace**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
**Evans Martin McLeod**
Phelps Dunbar, LLP (New Orleans)
Canal Place
365 Canal St.
Suite 2000
New Orleans, LA 70130-6534
**Everett R. Fineran**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
**George Moore Gilly**
LLOG Exploration Company
1001 Ochsner Blvd.
Suite 200
Covington, LA 70433
**Joseph E. Lee , III**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700

**Kerry J. Miller**
Baker Donelson Bearman Caldwell & Berkowitz (New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
**Miles Paul Clements**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
**(Paul C. Thibodeaux**
Baker Donelson Bearman Caldwell & Berkowitz (New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
**Richard J. Hymel**
Mahtook & LaFleur (Lafayette)
600 Jefferson St.
Suite 1000
P. O. Box 3089
Lafayette, LA 70502
**Robert Michael Kallam**
Preis & Roy, PLC (Lafayette)
Versailles Centre
102 Versailles Blvd.
Suite 400
Lafayette, LA 70501
**Michael Gerard Lemoine**
Jones Walker (Lafayette)
600 Jefferson St.
Suite 1600
P. O. Drawer 3408
Lafayette, LA 70501
**Douglas Conrad Longman , Jr.**
Jones Walker (Lafayette)
600 Jefferson St.
Suite 1600
P. O. Drawer 3408
Lafayette, LA 70501
**Gary Jude Russo**
Jones Walker (Lafayette)
600 Jefferson St.
Suite 1600
P. O. Drawer 3408
Lafayette, LA 70501

**Glenn Gill Goodier**
Jones Walker (New Orleans)
Place St. Charles
201 St. Charles Ave.
Suite 5100
New Orleans, LA 70170-5100
**(Lance Michael Sannino**
Jones Walker (New Orleans)
Place St. Charles
201 St. Charles Ave.
Suite 5100
New Orleans, LA 70170-5100
**Richard D. Bertram**
Jones Walker (New Orleans)
Place St. Charles
201 St. Charles Ave.
Suite 5100
New Orleans, LA 70170-5100
**Honorable Carl J. Barbier**
U.S. District Court Judge
500 Poydras St., Room C256
New Orleans, LA 70130

SO CERTIFIED, this the 25 day of July, 2016.

/s/ Jim Davis
JIM DAVIS

JIM DAVIS
MSB #5830
1904 24th Avenue
Post Office Box 1839
Gulfport, MS 39502
Phone: (228) 864-1588
Fax:    (228) 863-5008