# LAW OFFICE OF
# JIM DAVIS
1904 24th Avenue
Post Office Box 1839
Gulfport, Mississippi   39502

James L. Davis, III					Phone:	228-864-1588
Email: jamesldavisiii@aol.com				Fax:	228-863-5008

February 02, 2016

BP Claims Administrator
Office of the Document Reviewer
Deepwater Horizon Economic Claims Center
P. O. Box 1439
Hammond, LA  70404-1439

Deepwater Horizon Economic Claims Center
Claims Administrator
42548 Happy Woods Road
Hammond, LA  70403

Re:	**Request for Reconsideration or Review**
	**Claimant ID 100029760, Claim ID 6369**

Comes now Jim Davis and requests that his claim be reconsidered or reviewed by a document reviewer, and states the following reasons, to-wit:

1. On July 07, 2012, the Claimant filed his original business economical loss claim and has since that time filed over 149 documents totaling well over 700 pages.

2. Claimant has filed his business' individual checking account statements with the individual checks attached showing income and expenses for his business. He has prepared profit and loss statements that could be used by any BP reviewer and this was done in 2012.

3. Claimant has retained an economical expert, Pat Culbertson, Ph.D., who is willing to testify that the Claimant lost income as a result of the BP claim.

4. Claimant has filed all of his tax returns for the years 2007, 2008, 2009, 2010, 2011, and 2012.



EXHIBIT "C"

BP Claims Administrator
02/02/2016
Page -2-

5. Claimant has filed numerous profit and loss statements consistent with and supported by all checking account statements, cancelled checks and tax returns. Claimant has never been advised his profit and loss statements are *insufficiently matched*.

6. The Claimant's file has numerous letters requesting the status of his claim and almost never receiving a response in relation to same.

7. On December 22, 2015, Dennis Man with PricewaterhouseCoopers Advisory Services LLP requested the Claimant prepare some type of accrual accounting method on each individual client he represented from 2007 to 2015. This is absurd.

8. Claimant only keeps files at the most three (3) years and runs his business on a cash basis, not an accrual basis.

9. Claimant determined BP felt his profit and loss statements were not *sufficiently matched* and that is why they requested the accrual accounting of individual clients from 2007 to 2015. This may be allowed under Attachment "F" of Policy 495. Claimant, feeling he had "*insufficient matching*" wrote a letter to Dennis Man with PricewaterhouseCoopers Advisory Services LLP on December 28, 2015, requesting the following information:
    a. A list of the materials used by the CSSP accountants in exercising their "*professional judgment*" in determining an "*insufficient match.*" Maybe items that I submitted were missed by you or they are mislabeled in the portal.
    b. Specific items or data upon which the CSSP accountant based his "*Insufficiently Matched*" designation. Your recent request requested tax returns I have already submitted.
    c. A list of materials that I can provide that would be helpful in determining whether the P&Ls are *sufficiently matched*. I think if all information and documentation I have submitted is reviewed, you will see it is "*sufficiently matched.*"
    d. Confirmation that you reviewed the *unique* character of my business model and industry. I am a criminal defense attorney who represents hundreds of cash paying clients annually. Attachment 'F' of 495 does not apply to me. Attachment 'F' to 495 applies to some hourly billing lawyer, not a sole practitioner criminal defense lawyer who operates on a cash basis.
    e. I would like to talk to you. We may be able to amend or correct these problems. My contact information is as follows:

BP Claims Administrator
02/02/2016
Page -3-

> James L. (Jim) Davis, III
> P. O. Box 1839
> Gulfport, MS 39502
> jamesldavisiii@aol.com
> Office: 228-864-1588
> Cell: 228-860-8551
> Fax: 228-863-5008

10. The December 28, 2015, letter is attached hereto and incorporated herein in its entirety.

11. After the letter of December 28, 2015, Claimant had a telephone conference with Dennis Man with PricewaterhouseCoopers Advisory Services LLP to get sufficient responses to the letter of December 28, 2015. Claimant wondered if there was some other means that could satisfy Mr. Man's inquiry short of asking for absurd and impossible accrual accounting methods for a cash business, documents needed to prepare an individual accrual accounting of every client represented for the last eight (8) years no longer exist. Mr. Man reiterated all of the information he originally requested in his correspondence of December 22, 2015, which, of course, has no application to the Claimant's business whatsoever. Claimant advised that he would not be able to produce this documentation because it does not exist and there is no way to reproduce it or replicate it. Mr. Man advised Claimant his claim would be denied for document insuffiency.

12. Claimant pointed out in a letter of January 14, 2016, the following:
    a. I have reviewed Attachment F to Policy 495 which clearly provides "Claimants that submit P&Ls that are deemed *sufficiently matched* will be processed under the methodology set forth in Exhibit 4C of the Settlement Agreement, utilizing the contemporaneous P&Ls." You indicated that my P&Ls were *sufficiently matched* and regardless of that fact you are not going to do exactly what Attachment F to 495 requires and that is that you process my claim under the methodology set forth in Exhibit 4C of policy 495. You are clearly violating the settlement and policy 495 by asking me to do an accrual accounting method to previous years which is not required unless there is an "insufficient matching." Again, when I asked you to start answering my questions detailed in my letter of December 28, 2015, you indicated that you do not have to because there was not a finding of "insufficient matching" so, therefore, it must be *sufficiently matched*.
    b. I believe it is totally ludicrous to expect someone that runs a cash

BP Claims Administrator
02/02/2016
Page -4-

> business to go back five (5) years and try to recreate case files and agreements with clients. You and anyone in their right mind knows that is impossible. You only have to maintain files for three (3) years. That is the statute of limitations in Mississippi and you maintain them just in the event you are sued. Nobody keeps files for five (5) or six (6) years so they can attempt to relive them to prepare an accrual accounting method which you have now requested. If this had been requested back when I originally filed my BP claim there would have been some possibility that I may have been able to do this, but at this late date it is impossible. Of course, BP did require me to file numerous other documents, reports, accountings, tax returns, and everything else in the world. They continuously delayed my claim and found frivolous reasons to not pay my claim as it was. BP or you as their representative have now requested an accounting that shows no comparison whatever to my business, my loss, and is nothing more than a delay attempt by BP to request impossible previous years' accountings which you know I cannot produce. When I talked to you last Tuesday, I thought maybe BP or you as their representative would have some *good faith* and would want to work in *good faith* to try to get this issue resolved, but I quickly have seen that you had nothing in your mind except to request frivolous accounting methods which you know is impossible for me to produce, which will allow you to deny my claim.

13. The January 14, 2016, letter is attached hereto and incorporated herein in its entirety.

14. Claimant requests his claim be reviewed or reconsidered by a proper document reviewer or claim administrator. If any more information is needed, Claimant will produce same, but incorporates his entire claim file which is filed in his Claimant ID 100029760, Claim ID 6369.

I remain, as always,

Very truly yours,

*Jim Davis*

JIM DAVIS

JD/jlh
Enclosures:  Letter of December 28, 2015
             Letter of January 14, 2016