UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010<br><br>This Document Applies to:<br>No. 2:11-cv-00911-CJB-SS<br>*Jesco Construction Corporation of Delaware v. B.P. Exploration & Production, Inc. and B.P. America Production Company* | MDL:  2179<br><br>Section J<br><br>Judge Barbier<br><br>Mag. Judge Shushan |

<u>MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO INTERVENE</u>

**May it Please the Court:**

This Memorandum is submitted in support of the Motion For Leave To Intervene filed by Henry N. Clark, Earl A. Payson and Daniel D. Bernstein (hereinafter "Intervenors") in the above Captioned matter involving Jesco Construction Corporation of Delaware (hereinafter "Jesco") and B.P. Exploration & Production, Inc. and B.P. America Production Company (hereinafter "BP").  As set forth below, Intervenors' Motion For Leave To Intervene (Exhibit "1") should be allowed.

**I.        Background:**

Intervenor Henry N. Clark (as Plaintiff) and John E. Shavers, Jesco, Jesco Construction Corporation, Jesco Construction Company, Jesco Disaster Services, a/k/a Jesco JDS (as Defendants) were involved in a litigation in the United States District Court for the Central District of Illinois, Rock Island Division (Case No. 4:10-cv-04053 and Case

No. 4:11-cv-04047).   Intervenors Attorneys Earl A. Payson and Daniel D. Bernstein represented Mr. Clark in those cases.

Case No. 4:10-cv-04053 was resolved through an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 which resulted in a Judgment in favor or Mr. Clark and against Jesco in the amount of Six Hundred Thousand Dollars ($600,000.00), plus interest and court costs.  Attached to the Motion for Leave to Intervene as Exhibits 2 and 3, respectively, is a copy of Jesco's Offer of Judgment and the Notice of Acceptance by Henry N. Clark.

As part of the resolution of the above described litigation, Jesco and Jesco's owner, John E. Shavers, executed an Assignment (Exhibit 4) in which they assigned, transferred, conveyed and set over to Henry N. Clark and his Attorneys Earl A. Payson and Daniel D. Bernstein, jointly, all of their right, title and interest in and to the first Six Hundred Thousand Dollars ($600,000.00), plus interest, that Jesco derives from BP in connection with, or as the result of, Case No. 2:11-cv-00911 filed in this Court.

Case No. 00911 was originally filed in Harris County, Texas as Case No. 2010-78844.  That case was removed by BP to the United States District Court for the Southern District of Texas at Houston, Texas as Case No. 4:10-cv-04964 and transferred, on or about April 20, 2011, to the United States District Court, Eastern Division at New Orleans, Louisiana as Case No. 2:11-cv-00911-CJB-SS.  It was made a part of multidistrict litigation, MDL 2179, in this Court.

Intervenors seek to intervene in this case, through the Motion and Complaint For Intervention, in order to accomplish the following:

- To place the parties and their attorneys on notice in Case No. 2:11-cv-00911-CJB-SS as to the existence of Miscellaneous Case No. 16-10015, filed June 14, 2016, in this Court and to ask the Court to take judicial notice thereof pursuant to FRE 201(b)(1) and make it a part of Case No. 2:11-cv-00911;

- To notify the Court and the parties and their attorneys in Case No. 2:11-cv-00911-CJB-SS that a Judgment (Exhibits 2, 3 and 5) pursuant to FRCP 68 was entered on May 4, 2016 by the USDC, Central District of Illinois, in Case No. 4:10-cv-04053 against Jesco Construction Corporation, a/k/a Jesco Construction of Delaware, Inc. ("Jesco") in favor of Henry N. Clark in the amount of $600,000.00, plus interest and court costs and to ask this Court to take judicial notice thereof pursuant to FRE 201(b)(2) and make said Judgment a part of Case No. 2:11-cv-00911.

- To notify the Court and the parties and their attorneys in Case No. 2:11-cv-00911-CJB-SS of the Assignment (Exhibit 4), dated April 18, 2016, by Jesco and John E. Shavers, the owner and principal of Jesco, made in conjunction with the Rule 68 Offer of Judgment (Exhibit 2) to and Acceptance (Exhibit 3) thereof by Henry N. Clark in Case No. 4:10-cv-04053 in the USDC, Central District of Illinois, of the first $600,000.00 of any net proceeds that Jesco derives in Case No. 2:11-cv-00911 and to ask this Court to take judicial notice of the Assignment pursuant to FRE 201(b)(2) and make it a part of Case No. 2:11-cv-00911;

- To seek the declaratory relief requested in the accompanying Complaint; and,

- To seek such other and further relief to Henry N. Clark as the Court deems just, necessary or appropriate to protect and preserve Henry N. Clark's ability to collect the Judgment entered by the USDC, Central District of Illinois, referenced above and to protect and preserve the rights and interests of Henry H. Clark, Earl A. Payson and Daniel D. Bernstein conferred by the Assignment (Exhibit 4), in and to any net proceeds Jesco derives in Case No. 2:11-cv-00911-CJB-SS.

## II.      Law and Argument:

### A. Legal Standards for Intervention:

Intervention may be made as a right pursuant to USCS FRCP R 24(a) or permissive pursuant to USCS VRCP R 24(b).

A party seeking to intervene as a right under FRCP 24(a)(2) must satisfy four requirements: (1) The application must be timely; (2) The applicant must have an interest

relating to the property or transaction that is the subject of the action; (3) The applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and, (4) The applicant's interest must be inadequately represented by the existing parties to the suit.  USCS FRCP R24(a); New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463 (5th Cir.) (en banc) (quoting International Tank Terminals, Ltd. V. M/V Acadia Forest, 579 F.2d 974, 967 (5th Cir. 1978), cert. denied, 469 U.S. 1019, 105 S. Ct. 434, 83 L. Ed2d 360 (1984); Sierra Club v. Espy, 18 F.3d 1202, 1204-1205 (5th Cir. Tex. 1994).

The Courts have consistently held that the inquiry under Rule 24(a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application, and intervention of right must be measured by a practical rather than technical yardstick.  **Intervention should generally be allowed where no one would be hurt and greater justice could be attained.**  Ross v. Marshall, 426 F.3d 745 (5th Cir. Tex. 2005).

With respect to permissive intervention, FRCP 24(b) provides in pertinent part:

(1)     In General.  On timely motion, the court may permit anyone to intervene who:

* * *

(B)     has a claim or defense that shares with the main action a common question of law or fact.

* * *

(3)     In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

FRCP 24(b)(1)(B) and (3)

4

The Fifth Circuit has specifically confirmed that standing is not required for permissive intervention. <u>Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litig)</u>, 2004 U.S. Dist LEXIS 8158, *93 (S.D. Tex. Feb 24, 2004).

In <u>Hanover Ins. Co. v. Superior Labor Servs.</u>, 2016 U.S. Dist LEXIS 44667 (E.D. La. Mar. 31, 2016) this Court, discussing permissive intervention, specifically stated that:

- "if the intervenor has a claim or defense that shares with the main action a common question of law or fact, district courts have broad discretion in allowing intervention;"

- "the rule on permissive intervention should be liberally construed;" and,

- "Courts should ask whether permissive intervention will achieve judicial economy."

<u>Id</u>. As set forth below, Intervenors satisfy all the requirements for both intervention as a matter of right under Rule 24(a) and permissive intervention Rule 24(b).

## A.     Intervention as a Matter of Right Pursuant to Rule 24(a)(2).

## 1.     The application is timely.

The timeliness factor has four subparts: (1) the length of time between the would-be intervenor's learning of his/her interest and his/her petition to intervene; (2) the extent of prejudice to existing parties from allowing late

intervention; (3) the extent of prejudice to the would-be intervenor if the petition is denied; and, (4) any unusual circumstances.  <u>Poynor v. Chesapeake Energy Ltd. P'ship (In re Lease Oil Antitrust Litig.)</u>, 570 F.3d 244 (5th Cir. Tex. 2009).

In this case, Intervenors only obtained the Judgment against Jesco on May 4, 2016 and the Assignment of the first Six Hundred Thousand Dollars ($600,000.00) of proceeds in Case. No. 00911 on April 18, 2016, approximately 90 days before the Motion For Leave To Intervene In Case No. 00911 was filed in this Court.  Under any reasonable definition of "late" such a period must be seen as timely.  If the Court is inclined to consider 90 days as being late, it should be noted that neither BP nor Jesco will be prejudiced from allowing late intervention in this case as there has been virtually no activity since the filing of the initial pleadings and removal and transfer of Case No. 00911 to this Court.  On the other hand, as explained below, Intervenors will, in fact, be prejudiced if intervention is denied.  Finally, there are no unusual circumstances that render the Motion For Leave To Intervene to be untimely.  Intervenors clearly satisfy the timeliness requirement.

**2.      Intervenors have an interest relating to the property or transaction that is the subject of the action.**

The second requirement for intervention as a matter of right under Rule 24(a)(2) is that the applicant has an "interest" relating to the property or transaction that is the subject of the underlying action.  In the context of Henry N. Clark's Motion For Leave To Intervene in Case No. 00911, Henry Clark has a real, direct, substantial and protectable interest consisting of the Judgment against Jesco for a sum certain, $600,000.00, plus interest and court costs, from sister USDC for the

Central District of Illinois.  In addition, Mr. Clark and his attorneys also have an Assignment in such amount which specifically references proceeds that Jesco may derive from case No. 2:11-cv-00911 in this Court.  The amount of the Judgment and the Assignment is substantial.  It is legally protectable.  Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. Tex 1994) quoting  Piambino v. Bailey, 610 F.2d 1306, 1321 (5th Cir.) (citations omitted), cert. denied, 449 U.S. 1011, 101 S. Ct. 568, 66 L. Ed. 2d 469 (1980).

Due to Henry Clark's Judgment against Jesco and the Assignment (Exhibits 2, 3, 5 and 4), the Intervenors clearly have an interest in Case No. 00911 and in any funds that BP may pay or be required to pay to Jesco as part of a settlement or other resolution in Case No. 00911.  Intervenors' situation is similar to Christian Life Ctr., Inc. v. Colony Ins Co., 2011 U.S. Dist LEXIS 117488 (S.D. Tex. Oct. 11, 2011).  In that case the court found that a Lender which had been assigned insurance proceeds, that were at issue in the pending matter, had an interest in the action that satisfied the second requirement under Rule 24(a).

**3.     Intervenors are so situated that the disposition of Case No. 2:11-cv-00911 may, as a practical matter, impair or impede their ability to protect their interest.**

The third requirement of Rule 24(a)(2) is that the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest.  Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. Tex. 1994).  Intervenors' Assignment and right to receive proceeds from Case No. 00911 places them in a position where they stand to lose the ability to

protect their interest by losing the opportunity to collect the Judgment (Exhibits 2, 3 and 5) and enforce the Assignment (Exhibit 4) if Jesco and BP settle Case No. 00911 without notice to Intervenors.  If settlement proceeds are paid by BP to Jesco, without notice, Intervenors are likely to be deprived of the opportunity to collect the Judgment from and enforce the Assignment against Jesco.

**4.     Intervenors' interests are inadequately represented by the existing parties to the suit.**

The final requirement for intervention as a matter of right is that the applicant's interest must be inadequately represented by the existing parties to the suit.  The applicant has the burden of demonstrating inadequate representation, but this burden is "minimal".  Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10, 30 L. Ed. 2d 686, 92 S. Ct. 630 (1972).  The applicant need only show that representation "may be" inadequate.  Id.  See also Sierra Club v. Espy, 18 F.3d 1201, 1207 (5th Cir. Tex. 1994).

Intervenors do not question the intention of Jesco's attorneys nor their skill or desire to achieve a positive result for Jesco in this case.  However, Jesco's business interests and Intervenors' interests are not compatible, let alone, identical. Jesco's goal in Case No. 00911 is to obtain compensation from BP and to use any such recovery as Jesco freely determines, which may not include paying Henry Clark's Judgment or complying with Assignment.   Paying Henry Clark's Judgment and complying with the Assignment could easily be ignored or deferred by Jesco in the interest of other business considerations perceived to be of more importance.  The only action Intervenors can take to provide themselves with a

8

viable opportunity to collect Henry Clark's Judgment from, and enforce the Assignment against, Jesco is to be allowed to intervene in Case No. 00911.

Intervention will not disrupt the progress of Case No. 00911, nor cause or create any obstructions that will delay or unfairly prejudice Jesco or BP. Intervention will, however, place BP on notice of Henry Clark's Judgment and the Assignment and protect Intervenors' rights arising therefrom.  Intervention will also serve to promote judicial economy by forestalling other collection action by Henry Clark against Jesco and assuring that the Judgment issued by the USDC for the Central District of Illinois is honored.

**B.      Permissive Intervention.**

**1.      The application is Timely---See Section II. B. 1. Above;**

**2.      Intervenors' claim and the main action have a question of law or fact in common.**

Rule 24(b) provides that courts may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact.  Hanover Ins. Co. v. Superior Labor Servs., 2016 U.S. Dist. LEXIS 44667 (E.D. La. Mar. 31, 2016).  Intervenors' claim relates to the actual proceeds of Case No. 00911, via the Assignment.  Exhibit 4.  The common questions are to whom and how are any damages or compensation from BP to Jesco, by settlement or judgment upon a verdict, or otherwise, to be paid, in light of Henry Clark's Judgment and the Assignment?  These are common questions composed of mixed law and fact.  BP, Jesco and Intervenors share a common interest in these

questions, which bear upon the ultimate resolution and disposition of Case No. 00911.

**3.  Intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.**

In permissive intervention analysis, a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties". Hanover Ins. Co. v. Superior labor Servs., 2016 U.S. Dist LEXIS 44667 (E.D. La. Mar. 31, 2016) quoting Sec. & Exch. Comm'n. v. Mutuals.com, Inc., No. 03-2912, 2004 U.S. Dist. LEXIS 13718, 2004 WI. 1629929 at *2 (N.D. Tex. July 20, 2004) (citing League of United Latin Am. Citizens, Council No. 4434 v. Clements, 884 F.2d 185, 189 (5th cir. 1989).

Intervention will not unduly delay or prejudice the adjudication of the rights of Jesco and BP in Case No. 00911.  Intervention is sought for the limited purposes stated in the Motion For Leave To Intervene and the Complaint For Intervention.  As stated therein, those limited purposes are to make Henry Clark's Judgment (Exhibits 2, 3 and 5) and the Assignment (Exhibit 4) part of the record in Case No. 00911; place the Court and BP on notice thereof; and, position Henry Clark's Judgment for payment from any compensation BP commits to pay to Jesco in Case No. 00911.  Intervenors will monitor this case, but will not take an active part in the litigation unless action becomes necessary in order to protect and preserve the interest of Intervenors.

4.    **Judicial economy will be served.**

The courts should also consider whether permissive intervention will achieve judicial economy.  Hanover Ins. Co. v. Superior Labor Servs., 2016 U.S. Dist LEXIS 44667 (E.D. La. Mar. 31, 2016).  As noted earlier, allowing intervention will promote judicial economy by providing a forum for the potential collection of Henry Clark's Judgment and by forestalling the need for Henry Clark to file another collection action against Jesco in another court.

B.    **Conclusion:**

Intervenors satisfy all the requirements for both intervention as a matter of right under Rule 24(a) and for permissive intervention under Rule 24(b).  Neither Jesco nor BP nor the Court will be harmed and the interest of justice will be served if intervention is granted for the limited purposes requested.

>                              Henry N. Clark, Earl A. Payson and
>                              Daniel D. Bernstein, Intervenors,
>
>                               Respectfully submitted:
>
>                              **/s/John S. Bradford**
>                              John S. Bradford (#03369)
>                              Stephen D. Polito (#32638)
>                              STOCKWELL, SIEVERT, VICCELLIO,
>                              CLEMENTS & SHADDOCK L.L.P.
>                              One Lakeside Plaza, 4th Floor
>                              P. O. Box 2900
>                              Lake Charles, LA 70602
>                              Counsel for Intervenors,
>                              Henry N. Clark, Earl A. Payson and
>                              Daniel B. Bernstein
>
>                              ATTORNEYS FOR INTERVENORS

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on July 25, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern Division of New Orleans, Louisiana by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


                              **<u>/s/John S. Bradford                        </u>**