UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: J JUDGE BARBIER |
| This Document Relates to: *All cases, including 12-970 & 12-968* | * * | MAG. JUDGE SHUSHAN |

**ORDER**
[Appointing John W. Perry, Jr. as Special Master]

On July 20, 2016, the Court issued an order indicating its intent to appoint John W. Perry, Jr. as a Special Master under Fed. R. Civ. P. 53. (Rec. Doc. 21089)  Attached to the order were Mr. Perry's curriculum vitae and, in accordance with Fed. R. Civ. P. 53(b)(3)(A), an affidavit disclosing any grounds for disqualification under 28 U.S.C. § 455.  No one responded or objected to this appointment.  By this Order, the Court formally appoints John W. Perry, Jr. as Special Master.  This appointment is made pursuant to Rule 53 and the inherent authority of the Court.  The Court sets forth below the circumstances giving rise to the appointment, and the duties and terms of the Special Master's appointment.

   I.   BACKGROUND

This multidistrict litigation concerns the April 20, 2010 blowout, explosions, fire, and subsequent oil spill involving the DEEPWATER HORIZON mobile offshore drilling unit and the well, known as Macondo, it had drilled on the Outer Continental Shelf.  Most cases arising from these events were consolidated before this Court pursuant to 28 U.S.C. § 1407.  In 2012, Class Counsel and BP agreed to two class settlements, one intended to resolve most private claims for economic loss and property damage ("Economic Settlement," Rec. Doc. 6430) and the other intended to resolve most private claims for personal injury ("Medical Settlement," Rec. Doc.

6427).  The Court approved the Economic Settlement on December 21, 2012, and the Medical Settlement on January 11, 2013.[1]  In connection with these Settlements, BP agreed that it would not challenge any award for common benefit attorneys' fees, costs, and expenses, as set by the Court, up to the amount of $600 million.  (Economic Settlement, Ex. 27 ¶¶ 2-4 (Rec. Doc. 6430-46); Medical Settlement, Ex. 19 ¶¶ 2-4 (Rec. Doc. 6427-21))  Any such award would be paid by BP in addition to other settlement benefits and would not be deducted from class members' recoveries.

On July 15, 2015, the Court issued Pretrial Order No. 59 (the "Initial Fee Order," Rec. Doc. 14863), which established further guidelines for seeking common benefit fees and costs reimbursement and appointed the Common Benefit Fee and Cost Committee ("FCC").  In accordance with the Initial Fee Order's timeline, the FCC submitted an Aggregate Fee and Cost Petition on July 15, 2016, which requested an aggregate common benefit award of $600 million. (Rec. Docs. 21024; 21098)  After the period for filing objections and responses has run, the Court will issue an "Aggregate Order" determining the aggregate amount of any award for time and expense through the "Initial Cut-Off Date."  (Initial Fee Order ¶ 23)   On or before 60 days after the Court issues the Aggregate Order, the FCC will prepare a proposed Allocation Recommendation for each Fee Applicant that submitted a Fee Affidavit and provide notice of same to each Fee Applicant, insofar as it pertains to that Applicant, who will then have 30 days to submit any objection to the FCC.  (*Id*. ¶¶ 30, 31).  One hundred fifty days after the issuance of the Aggregate Order, the FCC shall submit "either to the Court directly ***or possibly through a Special Master***" its final Allocation Recommendation for each Fee Applicant.  (*Id.* ¶ 32, emphasis added).

---

[1] The Economic Settlement's "Effective Date" occurred on December 8, 2014, when the Supreme Court declined to review the Court of Appeals' decision affirming the approval of the Economic Settlement.  The Medical Settlement's "Effective Date" occurred on February 12, 2014, the day after the Court of Appeals granted a motion to voluntarily dismiss the last appeal from the approval of the Medical Settlement.

2

Per the Initial Fee Order, "The Court will consider any Allocation Recommendations made by the FCC and post the same on its website and invite comments or objections, and institute any additional procedures it deems necessary, *including the appointment of a Special Master to further consider these matters*." (*Id.* ¶ 34, emphasis added). Thus, the Initial Fee Order expressly contemplated that the Court might appoint a special master to assist with the common benefit award process.

## II.     SPECIAL MASTER'S DUTIES

Federal Rule 53(a)(1)(B) states that the Court may appoint a special master to "hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if the appointment is warranted  by . . . the need to perform an accounting or resolve a difficult computation of damages."  Federal Rule 53(a)(1)(C) states that a special master may be appointed to address "posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district court."  Accordingly, pursuant to Rule 53, and under the Court's inherent authority, and as contemplated by the Initial Fee Order, the Court hereby appoints John W. Perry, Jr. as Special Master and refers to him the FCC's anticipated final Allocation Recommendation, as well as any comments or objections to same.

The Special Master shall consider the submissions and relevant evidence and prepare an impartial second recommended allocation to the Court.  In performing this duty, the Special Master has the full authority conveyed in Federal Rule 53(c), including the power to, in his discretion, conduct interviews, review any relevant documents, oversee any necessary discovery, conduct an evidentiary hearing, and compel, take, and record evidence.  The Special Master shall be guided by the same principles and jurisprudence that apply to the FCC as stated in the Initial Fee Order.  After the Special Master submits his written recommendation to the Court, the Court will then

consider the FCC's recommendation, the Special Master's recommendation, and any objections or comments to either, to arrive at the Court's own independent final allocation of common benefit fees and costs.

### III.   COMMUNICATIONS WITH THE PARTIES AND THE COURT

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate ex parte with the court or a party." The Special Master in this fee allocation proceeding may communicate ex parte with the Court, without notice to the parties, regarding logistics and the status of his activities. The Special Master may also communicate ex parte with any party or any party's attorney without notice to the parties or the Court.

### IV.   SPECIAL MASTER'S RECORD

Rule 53(b)(2)(C) states that the Court shall define "the nature of the materials to be preserved and filed as the record of the master's activities." The Special Master in this proceeding shall maintain normal billing records of costs incurred and time spent on this matter with reasonably detailed descriptions of his activities.

### V.   REVIEW OF SPECIAL MASTER'S ORDERS

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." Pursuant to Rule 53(f)(2), any party may file an objection to any report, ruling, or finding issued by the Special Master in this proceeding within 21 days after it is served. The Court shall, as Rule 53(f)(3) requires, review *de novo* all objections to such reports, rulings, recommendations, or findings.

## VI.     COMPENSATION

Rule 53(b)(2)(E) states that the Court shall state "the basis, terms, and procedure for fixing the master's compensation." Special Master John W. Perry, Jr. shall be compensated at the rate of $600.00 per hour from the common benefit fund. To assist in these endeavors, the Special Master may, with the consent of the Court, employ staff and support personnel.

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. The Special Master shall periodically submit itemized statements of fees and expenses to the Court. The Court shall review these statements for regularity and reasonableness, and retain them for record. The Special Master shall attach a summary statement to each of his itemized statements. If the Court determines that an itemized statement is regular and reasonable, the Court shall endorse the summary statement and direct payment from the common benefit fund. The Special Master may also seek and obtain reimbursement for support personnel or overhead with the Court's approval.

New Orleans, Louisiana, this 28th day of July, 2016.

_____
United States District Court