UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON: in the GULF OF MEXICO, on APRIL 20, 2010 | * * | MDL NO. 10-2179 SECTION "J" |
| This Document Relates To: | * | JUDGE BARIER |
| In Re: The Complaint and Petition of Triton Asset Leasing GmbH, et al Civil Action No. 10-2771 | * * | MAG. JUDGE SHUSHAN |

## LOUISIANA WORKERS' COMPENSATION CORPORATION'S REPLY TO BP'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S PTO 60 SHOW CAUSE SUBMISSION

**MAY IT PLEASE THE COURT:**

BP has filed its objections to the submissions made pursuant to Pre-Trial Order 60 by various plaintiffs/claimants, including Louisiana Workers' Compensation Corporation (Record Document 21131). In its objections and responses, specifically under Section III(A), the only objection BP asserts against Louisiana Workers' Compensation Corporation (hereinafter sometimes referred to as "LWCC") is that LWCC had not filed an individual lawsuit as required by PTO 60. BP's objection ignores the specific wording of Pre-Trial Order 60 found in Section 6. That section of Pre-Trial Order 60 ordered that all plaintiffs, who have timely filed a claim

under the B1 pleading bundle and who have not released their claims, be divided into two categories, those who had filed individual lawsuit and those who had not filed individual lawsuits, with specific instructions for plaintiffs in each category.

PTO 60 Section 6(A), affected plaintiffs who had filed individual lawsuits. Under footnote two to that Pre-Trial Order, the Court specifically stated that group of plaintiffs who are considered to have filed an individual lawsuit; "**includes an individual claim filed in Transocean's limitation proceedings No. 10-CV-2771**". (emphasis added). As noted previously, Louisiana Workers' Compensation Corporation filed an Answer and Claim in Transocean's limitation proceeding. (10-CV-2771, Record Document No. 375), hence, according to the precise wording of Pre-Trial Order 60, Louisiana Workers' Compensation Corporation has filed an "individual lawsuit" and therefore its claim was subject to the requirements of Section 6(A) of PTO 60. As such, and given the previous responses by BP, it is undisputed that Louisiana Workers' Compensation Corporation filed its Sworn Statement in the form requested by the Court with the appropriate cover sheet. Further, there is no objection as to whether the documents were appropriately served on the plaintiffs' steering committee and counsel for BP.

Furthermore, a review of the record of the Transocean limitation proceeding (Docket 10-CV-2771) indicates that various BP entities are defendants, third party defendants, cross claimants, counter claimants and counter defendants in that litigation. Moreover, it appears that BP has resolved any defense and indemnification issues with the Transocean entities in that litigation since the Transocean entities have been dismissed from the limitation action, however, the BP entities remain. (See Docket 10-CV-2771, Record Documents 564 and 565; and Docket

10-MD-2179, Record Documents 15836 and 15837). It strains common sense that BP can assert that there is no "individual lawsuit" filed by LWCC.

As such, Louisiana Workers' Compensation Corporation has fully complied with PTO 60 and the objection of BP should be dismissed. Alternatively, Louisiana Workers' Compensation Corporation would show that if in fact it is somehow determined that no "individual lawsuit" or claim was filed by LWCC, despite the specific wording of PTO 60, then BP would have no standing to request or obtain the dismissal of Louisiana Workers' Compensation Corporation's claims; certainly insofar as those claims are set forth in 10-CV-2771.

For the foregoing reasons, Louisiana Workers' Compensation Corporation urges that the response of BP insofar as it addresses any claim by Louisiana Workers' Compensation Corporation be dismissed.

Respectfully submitted:

/s/ David K. Johnson
David K. Johnson, Bar Roll No. 1998
Johnson, Rahman & Thomas
2237 S. Acadian Thruway
Post Office Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone:   (225) 231-0755
Facsimile:   (225) 231-0986
Email:       djohnson@lwcc.com
Counsel for Louisiana Workers' Compensation Corporation

**CERTIFICATE**

**I HEREBY CERTIFY** that on the 28th day of July, 2016, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

/s/ David K. Johnson
David K. Johnson