# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION J (1) |
| | * | |
| This Filing Applies to: 12-2665 | * | JUDGE BARBIER |
| | * | |
| | * | MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### BAYOU CADDY FISHERIES, INC.'S
### REPLY TO BP'S OBJECTIONS AND RESPONSES
### TO PLAINTIFF'S PTO 60 SHOW CAUSE SUBMISSIONS

**MAY IT PLEASE THE COURT:**

Plaintiff, Bayou Caddy Fisheries, Inc. ("Bayou Caddy"), through undersigned counsel, respectfully submits this Reply to BP's Objections and Responses to Plaintiff's PTO 60 Show Cause Submissions, Rec. Doc. 21131 (the "Objections"), in accordance with this Court's Order dated July 14, 2016, Rec. Doc. 20966. For the following reasons, BP's logic is flawed at best and intentionally misleading at worst, and Bayou Caddy's valid and properly filed claims should not be dismissed.

BP previously raised two deficiencies with Bayou Caddy's PTO 60 Submission – (1) the Submission was not signed by Plaintiff, and (2) no individual complaint was on file. *See* Rec. Doc. 18724-3 at p. 2. As previously explained in Bayou Caddy's Response to Order to Show Cause, Rec. Doc. 18802 (the "Response"), neither of these alleged deficiencies had merit. First, Bayou Caddy's president signed the Submission. Second, Bayou Caddy had an individual complaint on file, namely the November 1, 2012 opt-out suit bearing EDLA Civil Action No. 12-2665 (the "Original Complaint"), a copy of which was attached to Bayou Caddy's Response. *See* Rec. Doc. 18802-3.

When Bayou Caddy's Original Complaint was filed, Pearl River Fisheries of Louisiana, LLC ("Pearl River") and Bayou Carlin Fisheries, Inc. ("Bayou Carlin") also were named plaintiffs. However, just four days after the Original Complaint was filed, both Pearl River and Bayou Carlin

timely opted back into the B-1 class and settlement, leaving Bayou Caddy as the sole plaintiff in its lawsuit.  BP had notice of this.  Copies of the correspondences by which Pearl River and Bayou Carlin opted back into the settlement program were likewise attached to Bayou Caddy's Response.  *See* Rec. Doc. 18802-3.

On June 15, 2015, two days after Bayou Caddy filed its above-discussed Response, the undersigned received a notification about the new HESI settlement program.  On July 8, 2016, Bayou Caddy moved for leave to amend its Original Complaint to add claims against HESI.  Also, inasmuch as BP was seemingly confounded by the fact that the Original Complaint had Pearl River and Bayou Carlin's names on the pleading even though BP knew their claims had been withdrawn more than three and a half years ago, out of an abundance of caution, Bayou Carlin sought to formally remove the names of Pearl River and Bayou Carlin from its pleading.  *See* Rec. Doc. 20938.

It is noteworthy that on November 6, 2012 – *i.e*, the very next day after Pearl River and Bayou Carlin opted back into the settlement program and thereby effectively withdrew their claims from the subject lawsuit – Bayou Caddy was served with a host of this Court's prior Pre-Trial Orders, including Pre-Trial Order No. 25 which stayed Bayou Caddy's case until further order of the Court.  *See* EDLA Civ. A. 12-2665, Rec. Doc. 3-3 at p. 4.  Accordingly, Bayou Caddy respected the stay and could not amend its pleading until now, when BP took its position that Bayou Caddy had no individual complaint on file.  In reality, it did have the Original Complaint on file to which Bayou Caddy was the only plaintiff asserting any claims.  Over BP's objection, on July 12, 2016, Judge Shushan granted the Motion for Leave insofar as it sought to delete references to Pearl River and Bayou Carlin.  *See* Rec. Doc. 20984.  BP's present objection is thus already cured.  Moreover, the objection is really only to form – that the Original Complaint contained the names of two plaintiffs who had withdrawn their claims.

Although in its Objection, BP seemingly has retracted its baseless complaint about who signed the PTO 60 Submission, in a two paragraph footnote to Appendix 8 to BP's Objections, BP reasserted its position that Bayou Caddy had no timely individual complaint on file.  *See* Rec. Doc. 21131-8.  BP's effort to dismiss Bayou Caddy's valid and timely filed claims should be rejected. Since November 5, 2012, Bayou Caddy has been the *only* plaintiff asserting claims in EDLA Civil Action No. 12-2665.  Furthermore, BP has long been aware Pearl River and Bayou Carlin were no longer asserting claims in the Original Complaint.  In fact, BP paid Pearl River compensation and paid Bayou Carlin partial compensation years ago in connection with their Seafood Compensation claims asserted in the settlement program.[1]  Bayou Caddy timely filed a PTO 60 Submission, and a timely Response when the two alleged deficiencies were raised.  Later, Judge Shushan allowed Bayou Caddy to amend its Original Complaint out of an abundance of caution to remove the facial references to Pearl River and Bayou Carlin who have not been plaintiffs therein since November 5, 2012.  In this context, it is disingenuous for BP to now assert Bayou Caddy has not complied with PTO 60.  Furthermore, even if BP is technically correct that the Original Complaint did not comply with PTO 60 (which is strongly denied), this was the result of a good faith error that has been cured, there is no prejudice to BP, and such a technicality is not a valid reason to dismiss Bayou Caddy's valid and timely filed claims pending since November 1, 2012.

Respectfully submitted,

*/s/ Miles P. Clements*
Miles P. Clements (LA 4184)
T. Patrick O'Leary (LA 30655)
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163-3700
(504) 599-8004 Telephone
(504) 599-8104 Facsimile
mclements@frilot.com; poleary@frilot.com
*Counsel for Plaintiff, Bayou Caddy Fisheries, Inc.*

---

[1] Bayou Carlin's other Business Economic Loss claim in the settlement program remains pending.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BAYOU CADDY FISHERIES, INC.'S REPLY TO BP'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S PTO 60 SHOW CAUSE SUBMISSIONS** has been served on Counsel of BP and the Plaintiff's Steering Committee by electronically uploading the same to Lexis Nexis FileAndServeXpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of July, 2016.

*/s/ Miles P. Clements*