IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 _____ William Bruhmuller, et. al. v. BP Exploration & Production, Inc., et. al., Civil Action No. 2:13-cv-97 | Civil Action No. 2:10-MD-02179  SECTION: "J"  JUDGE CARL BARBIER  MAGISTRATE JUDGE SALLY SHUSHAN |

**PLAINTIFF'S REPLY TO BP'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S PTO 60 ORDER TO SHOW CAUSE SUBMISSIONS**

NOW COMES First National Bank, USA ("First National"), individually and on behalf of the Class pled in Civil Action No. 2:13-cv-97, and files this brief as a reply to BP's Objections and Responses to Plaintiffs' PTO 60 Show Cause Submissions (the "BP Objections") (Rec. Doc. 21131); in further response to the Court's Order to Show Cause Re: Compliance With PTO 60 (the "Show Cause Order") (Rec. Doc. 18724); and as an objection to the Court's July 14, 2016 Order Re: Compliance with PTO 60 (the "Compliance Order") (Rec. Doc. 20996).

**I. PTO 60 does not mention "class-action suits" and on its face does not apply to any suit brought by a plaintiff in a representative capacity on behalf of a class or classes specified in a class action Complaint.**

Although PTO 60 does not mention class-actions,[1] BP argues, at pp. 7-8 of the BP Objections, that it applies to class actions because of language included in PTO 60 stating that it applies "to all plaintiffs who have timely filed a <u>claim</u> in the B1 pleading bundle." However, that language is followed by two subparagraphs, at p. 3 of PTO 60, specifying the parties subject to PTO 60. The caption of Paragraph A states that it applies "**As to Plaintiffs who filed Individual**

---

[1] PTO 60 clarifies at f.n. 3 that "related parties" may file one single complaint. However, it does not clarify that it applies to plaintiffs who filed class action suits, or to the putative class members whose names do not appear in the complaints.

**Lawsuits**," and the caption of Paragraph B states that it applies to "**Plaintiffs who DID NOT file Individual Lawsuits, (i.e., only filed a SFJ and/or were part of a 'Mass Joinder' Lawsuit)**." Thus, on its face, PTO 60 does not apply to class-action suits.

The term "Mass Joinder" used in PTO 60 cannot be interpreted to include class-action suits, because it is well established that class action suits are <u>not</u> the same as mass joinder suits. *See, In re: 1994 Exxon Chemical Fire*, 558 F. 3d 378 (5th Cir. 2009) (discussing separately the jurisdictional requirements for "mass joinder actions" and for "class-actions"); *Mississippi v. Au Optronics Corporation, et. al.*, ___ U.S. ___; 134 S. Ct 736 (2014) (overruling the Fifth Circuit's determination that the suit is not a "class action" under CAFA but qualifies as a "mass action", and pointing out that the term "mass action" does not include a "class action"); *Visendi v. Bank of America, N.A.*, 733 F. 3d 863 (9th Cir. 2013) ("CAFA also covers more than traditional class actions by providing for removal of 'mass actions'"). *Compare*, 28 U.S.C. § 1322(d)(1)(B) ("the term 'class action' means any civil action filed under Rule 23…") *with* 28 U.S.C. § 1332(d)(11)(B) ("…the term 'mass action' means any civil action (except [a class action]"). *See also,* 28 U.S.C. § 1711(2) ("The term 'class action' means any civil action filed… under Rule 23 …"). In light of these decisions and statutes, as well as general knowledge in the legal community that a "mass joinder" is not the same as a "class action", it can hardly be argued that plaintiff's counsel should have read PTO 60 as being applicable to Civil Action 2:13-cv-97, which is a class-action suit brought under Rule 23.

**II. PTO 60's requirement that individual suits be filed within the court-imposed deadline is inconsistent with relevant class-action jurisprudence; which is further evidence that PTO 60 does not apply to class actions.**

PTO 60 required plaintiffs who had "only filed a SFJ and/or were part of a 'Mass Joinder' Lawsuit" to file individual suits no later than May 2, 2016. This deadline is inconsistent with controlling precedent that allows putative class members, upon denial of

class certification, to either <u>intervene</u> as plaintiffs in the suit, or <u>file</u> individual suits <u>within the time period still left in the statute of limitations</u>. *American Pipe & Const. Co. v. Utah,* 414 U.S. 538 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983); *Chardon v. Soto*, 462 U.S. 650 (1983); *Odle v. Wal-Mart Stores, Inc.*, 747 F.3d 315 (5th Cir. 2014); *Chaverri, et. al. v. Dole Food Company, Inc., et. al.*, 896 F. Supp. 2d 556 (E.D. La. 2012) (Barbier, J.).

The Court's imposition of the May 2, 2016 deadline, without first deciding whether to certify the class, clearly signaled that PTO 60 does not apply to class actions and/or to members of the class pled in Civil Action No. 2:13-cv-97. The statute of limitations has not yet run on the individual claims of the putative class members, because it was tolled during the pendency of the class-action suit and was further tolled during another period specified in the BP Economic Class Action Settlement. (*See* Rec. Doc. 6418 at p. 41 ¶ 43). In addition, the statement found in the Compliance Order, at ¶ 4, that "[a]ll other B1 bundle <u>claims</u> are time-barred" and the order dismissing those claims, could not possibly apply to the class members in Civil Action No. 2:13-cv-97, because (1) the statute of limitations has not run on their individual claims; and (2) they are not subject to the Court's orders until the class is certified. Dismissal was improper even as to the Mass Joinder Lawsuits, because Rule 21, Fed. R.Civ.Proc. states that "misjoinder of parties is not a ground for dismissing an action." *See, Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir. 2010).

WHEREFORE, First National Bank USA requests that the Court (1) determine that PTO 60 is not applicable to Civil Action No. 2:13-cv-97; (2) modify the Compliance Order to make it clear that the claims of the putative class members of the class pled in Civil Action No. 2:13-cv-97 have not been dismissed; and (3) allow First National Bank USA to proceed with the class action asserted in Civil Action No. 2:13-cv-97 for itself and on behalf of the class pled therein.

Dated: July 28, 2016                               Respectfully submitted:

| | |
|---|---|
| */s/* Professor P. Tim Howard<br>Professor P. Tim Howard (Florida Bar No. 655325)<br>Howard & Associates, Attorneys At Law, P.A.<br>8511 Bull Headley Road, Suite 405<br>Tallahassee, Florida 32312<br>Telephone: (850) 298-4455<br>Facsimile: (850) 216-2537<br>E-Mail: tim@howardjustice.com<br>***Counsel for Plaintiffs*** | */s/* Camilo K. Salas III<br>Camilo K. Salas III (Louisiana Bar #11657)<br>SALAS & Co., L.C.<br>650 Poydras Street, Suite 2000<br>New Orleans, Louisiana 70130<br>Telephone: (504) 799-3080<br>Facsimile: (504) 799-3085<br>E-Mail: csalas@salaslaw.com<br>***Counsel for Plaintiffs*** |
| */s/* Samuel T. Adams<br>Samuel T. Adams  (Florida Bar No. 160184)<br>460 Grace Avenue<br>Post Office Box 191<br>Panama City, Florida 32402-0191<br>Telephone: (850) 785-3469<br>Facsimile: (850) 640-1562<br>E-Mail: tom@samueltadams.com<br>***Counsel for Plaintiffs*** | */s/* Douglas S. Lyons<br>Douglas S. Lyons  (Florida Bar No. 12827)<br>Lyons and Farrar, P.A.<br>325 North Calhoun Street<br>Tallahassee, Florida 32301<br>Telephone:  (850) 222-8811<br>Facsimile: (850) 222-5583<br>E-Mail: doug.lyons@lyonsandfarrar.com<br>***Counsel for Plaintiffs*** |
| */s/* Paul A. Dominick<br>Paul A. Dominick  (Fed. I.D. No. 577)<br>Nexsen Pruet, L.C.<br>205 King Street, Suite 400<br>Post Office Box 486 (29401)<br>Charleston, South Carolina 29402<br>Telephone: (843) 577-9440<br>Facsimile: (843) 720-1777<br>E-Mail:  pdominick@nexsenpruet.com<br>***Counsel for Plaintiffs*** | */s/* Salvadore Christina<br>Becnel Law Firm, LLC<br>106 West Seventh Street<br>Post Office Drawer H<br>Reserve, Louisiana 70084<br>Telephone: (985) 536-1186<br>Facsimile: (985) 536-6445<br>E-Mail: dbecnel@becnellaw.com<br>***Counsel for Plaintiffs*** |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Reply to BP's Objections and Responses to Plaintiff's PTO 60 Order to Show Cause Submissions has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of July, 2016.

                                        */s/ Camilo K. Salas III*
                                        CAMILO K. SALAS III