**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL NO. 2179** |
|   **"Deepwater Horizon" in the** | * | |
|   **Gulf of Mexico, on April 20, 2010** | * | **SECTION:  J** |
| | * | |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
|   **Case No. 13-02876** | * | |
|   **Case No. 16-11539** | * | |
|   **Case No. 16-11546** | * | **MAGISTRATE JUDGE SHUSHAN** |

**REPLY OF PLAINTIFFS BREATHWIT MARINE CONTRACTORS, LTD AND
BREATHWIT MARINE SHIPYARD, LTD
TO BP'S OBJECTIONS TO  SHOW CAUSE SUBMISSIONS [21131-8]**

COMES  NOW,  Plaintiffs  BREATHWIT  MARINE  CONTRACTORS,  LTD  and

BREATHWIT  MARINE  SHIPYARD,  LTD  (collectively,  the  "Breathwit  Entities"),  by  and

through  the  undersigned  counsel,  and  file  their  Reply  to  BP's  Objections  to  Show  Cause

Submissions [Doc 21131-8], and would show as follows:

1.      The Breathwit Entities submit that they timely and fully complied with PTO 60 [Doc

16050].   As  the  Court  can  see  from  the  timeline  below,  Plaintiffs'  PTO  60  submissions  were

timely and made through the exercise good faith and extreme diligence to ensure compliance with

PTO 60:[1]

•       4/19/13 – the Breathwit Entities (who are sister companies with common ownership) filed
        a single complaint in Civil Action 3:13-cv-00129 in the United States District Court in the
        Southern District of Texas, Galveston Division that was transferred to MDL 2179 in 2:13-
        cv-02876. [Rec. Doc. 1];

---

[1] 1 Counsel recently reviewed the docket for MDL-2179 and found no other counsel that went to such lengths to
ensure compliance with PTO 60. Counsel has 4 other plaintiffs similarly situated to the Breathwit Entities who were
joined in a single lawsuit and Counsel filed similar motions and took similar actions with respect to those other 4
plaintiffs, e.g. the timeline above is the same for the other 4 related party plaintiffs who were joined in a single
complaint.  Counsel also would note for the Court that they filed 139 complaints in MDL 2179 and only 9 were
multiple-party complaints where the parties were properly joined under Fed. R. Civ. P. 20(a)(1)(B).  Of the 139
lawsuits filed in this MDL, only 9 are still pending within this MDL. While these lawsuits are unrelated to the
Breathwit Entities' claims, it shows good faith on the part of their counsel to avoid improper joinder, and to properly
apply the federal joinder rules in this action.  Had Plaintiffs' counsel filed separate lawsuits for these related parties,
Counsel believes it would have faced accusations of forum shopping and motions to consolidate.

- 3/29/16 – the Court issued PTO 60, which required all plaintiffs to file a sworn statement regarding the status of their claims. [Doc 16050] In addition, any plaintiff who had filed a "Mass Joinder" lawsuit that was not a "related-party" plaintiff was required to file an individual complaint. [Rec. Doc. 16050 at ¶ B(i), n. 3];

- 4/25/16 – the Breathwit Entities submitted timely, proper and complete sworn statements in Cause No. 2:13-cv-02876. [Rec. Doc. 4 and 5] (Attached hereto as Exhibit "A");

- 5/9/16: the Breathwit Entities filed an *Exparte/Consent Motion for Permissive Joinder of Parties and Consolidation of Claims* desiring clarification of the individual complaint requirement. [Doc. 17622] (Attached hereto as Exhibit "B");

- 5/16/16: PTO 60 compliance deadline (extended from May 2, 2016);

- 6/3/16: the Breathwit Entities filed a second motion for consideration of their previously filed motion, *Exparte/Consent Motion for Consideration of Previously Filed Motion Regarding Compliance with PTO 60.* [Doc. 18681] (Attached hereto as Exhibit "C");

- 6/3/16: BP submitted *in camera* to the Court lists of plaintiffs with submissions that complied with PTO 60 or submissions that were materially deficient.

- 6/7/16: the Court entered an Order to Show Cause Re: Compliance with PTO 60 [Doc. 18724], which required plaintiffs to show cause in writing why the Court should not dismiss their B1 claims. BP identified the Breathwit Entities as having materially deficient PTO 60 submissions due to the lack of an individual complaint. BP admitted, however, that their sworn statement submissions were timely, had proper responses regarding presentment, had proper responses regarding release, were signed by Plaintiffs and were filed with Exhibit A. BP's only alleged deficiency was the lack of an individual complaint. [Doc. 18724-3 at p. 4];

- 6/23/16: with no ruling on its motions for clarification, out of an abundance of caution, the Breathwit Entities filed individual lawsuits in MDL 2179 (2:16-cv-11539 and 2:16-cv-11546) (Attached hereto as Exhibits D and E);

- 6/27/16: the Breathwit Entities filed a timely response to the Show Cause Order [Rec. Doc. 20295] (Attached hereto as Exhibit "F");

- 6/23/16: deadline for written responses to the Show Cause Order;

- 7/14/16: the Court entered an Order Re: Compliance with PTO 60 [Doc 20996] that required BP to state its objections to the Show Cause Order submissions.

- 7/21/16: BP filed objections to the Breathwit Entities PTO 60 submissions alleging they were *significantly* late. [Rec. Doc. 21131-8]

2.     As the Court can see, BP's blanket assertion that the Breathwit Entities' PTO 60

submissions were "significantly late" is wrong and BP has failed to provide any facts or evidence

to support its objections or any evidence of prejudice to BP if its objections are overruled. Plaintiffs, however, will be unduly harmed and prejudiced if the Court dismisses their claims.

3.     Plaintiffs have not shown a pattern of delay, willful contempt, or contumacious conduct. To the contrary, Plaintiffs have shown due diligence and good faith regarding compliance with PTO 60 and any issues regarding compliance should be excused. *See Blois v. Friday,* 612 F.2d 938, 940 (5th Cir. 1980) (citing *Hassenflu v. Pyke,* 491 F.2d 1094, 1095 (5th Cir. 1974)).  Plaintiffs believed in good faith that they were <u>not</u> required to file individual complaints.  They did so in response to BP's objection even though they believed they were in compliance because they are related parties properly joined in a single complaint with common ownership and claims that have a common nucleus of operative facts as follows[2]:

(a).   Plaintiffs BREATHWIT MARINE SHIPYARD, LTD., ("Breathwit Shipyard"), and BREATHWIT MARINE CONTRACTORS, LTD., ("Breathwit Contractors"), are sister companies that are both owned by Walter and Sonia Breathwit.  Both businesses are Texas-based, family owned and operated, and at the same location on Dickinson Bayou in Dickinson, Texas;

(b).   Breathwit Shipyard is a 19 acre shipyard with a 350 US ton marine travel lift and a 600 ton dry dock on Dickinson Bayou in Dickinson, Texas.  Breathwit Shipyard provides full service repair and parts procurement to the marine industry. Breathwit Contractors operates out of the same location on Dickinson Bayou and provides marine towing and   marine construction company;

(c).   Both Breathwit entities are sister companies with common ownership and common customers (a few examples of some common customers are Echo Towing, Echo Marine, Bubba Gates, Mainland Concrete, and Bolivar Barge Cleaning).  They are also located in the same office (with the same bookkeeper) and have common employees, perform shared jobs and share all equipment; and

(d).   Following the BP Oil Spill, both Breathwit entities suffered a dramatic decline in business, and, as a result, suffered lost profits,  impairment of earnings, and other damages.

---

[2] This is an abbreviated summary of the facts surrounding these related parties.  Plaintiffs incorporate herein by reference their Show Cause response for a more detailed description of how these parties are related, have common ownership and were properly joined in a single complaint.  [Rec. Doc. 20295]

WHEREFORE, Plaintiffs respectfully move this Honorable Court that they be deemed compliant with the requirements of PTO 60 and that their claims are not dismissed and are allowed to remain subject to further proceedings before this Honorable Court.

WILLIAMSON & RUSNAK
*/s/ Jimmy Williamson*
Jimmy Williamson
Federal ID No. 51896
Texas State Bar No. 21624100
Email: jimmy@jimmywilliamson.com
Cyndi M. Rusnak
Federal ID No. 24724
Texas State Bar No. 24007964
Email: cyndi@jimmywilliamson.com
William Dills
Texas State Bar No. 24067421
Email: billy@jimmywilliamson.com
4310 Yoakum Boulevard
Houston, Texas 77006
(713) 223-3330 – Telephone
(713) 223-0001 – Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Response to Order to Show Cause Re: Compliance with PTO 60 has been served on all counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order Number 12, and the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of July, 2016.

DATE: July 28, 2016_____                           */s/ Jimmy Williamson*_____
                                                   JIMMY WILLIAMSON