Exhibit "F" to Plaintiffs' Reply to BP's Objection to Show Cause Submissions

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br>SECTION: J |
| This Documents Relates to:<br>Case No. 2:13-cv-02786<br>Case No. 2:16-cv-11539<br>Case No. 2:16-cv-11546 | *<br>*<br>*<br>* | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**RESPONSE TO SHOW CAUSE RE: COMPLIANCE WITH PTO 60**

NOW INTO COURT, through the undersigned counsel, comes Plaintiff BREATHWIT MARINE CONTRACTORS, LTD., and Plaintiff BREATHWIT MARINE SHIPYARD, LTD., (collectively, the "Breathwit entities"), who respectfully submit to this Honorable Court that Plaintiffs have complied with PTO 60 and the Court should not dismiss Plaintiffs' B1 claims with prejudice for the following reasons:

1.	On March 29, 2016, while all pending litigation in MDL 2179 (other than test cases) was currently stayed, the Court issued Pretrial Order No. 60, ("PTO 60"), which required individual plaintiffs to file sworn written statements along with various supporting documentation by May 2, 2016.[1] [Rec. Doc. 16050].

2.	On April 26, 2016, Plaintiff BREATHWIT MARINE CONTRACTORS, LTD. complied with PTO 60 and filed its sworn written statement along with the requisite supporting documentation in Civil Case No. 2:13-cv-02786. [Rec. Doc. 4].

---

[1] The Court extended the deadline to comply with PTO 60 to May 16, 2016.

3. On April 26, 2016, Plaintiff BREATHWIT MARINE SHIPYARD, LTD. complied with PTO 60 and filed its sworn written statement along with the requisite supporting documentation in Civil Case No. 2:13-cv-02786. [Rec. Doc. 7].

4. In addition to filing the sworn written statement, PTO 60 also required individual plaintiffs in consolidated actions to file new, separate complaints unless they are related parties. [Rec. Doc. 16050].

5. PTO 60 did not require related parties file separate lawsuits. [Rec. Doc. 16050 at ¶ B(i), n. 3]. PTO specifically provides:

> "(i)    Where Plaintiff did not file an individual lawsuit, but instead filed a SFJ and/or were part of a complaint with more than one plaintiff, **each such plaintiff** must, by May 2, 2016, file an individual lawsuit (Complaint) (one per plaintiff), using the caption reflected in **Exhibit C….**"
>
> n.3 "This does not include complaints that contain related parties such as a husband and wife or co-owners of a business. Where two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint."

6. The two Breathwit entities were a party to a single complaint and were properly joined pursuant to Fed. R. Civ. P. 20(a)(1)(B). Specifically, on April 19, 2013, a complaint naming both Breathwit entities was filed in Galveston Federal Court in Civil Action No. 3:13-cv-00129 for the related-party plaintiffs: (1) Breathwit Marine Contractors, Ltd.; and (2) Breathwit Marine Shipyard, Ltd.[2] [ Rec. Doc. 1]. This action was transferred to MDL No. 2179 as Civil Action No. 2:13-cv-02786.

---

[2] The previously filed consolidated civil action [3:13-cv-00129] was filed in the United States District Court in the state and district where it is domiciled (Southern District of Texas, Galveston Division) and is a tag-along action which the Judicial Panel on Multi-District Litigation transferred to the United States District Court for the Eastern District of Louisiana for consolidated pretrial coordination with In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, (MDL No. 2179). Pursuant to the provisions of 28 U.S.C. § 1407, the MDL transfer was for consolidated pretrial coordination only and trial venue was preserved in the Southern District of Texas, Galveston Division.

7. The Breathwit entities are sister companies with common ownership and the claims of each Breathwit Plaintiff arise from the same common nucleus of operative facts. Each asserts a right to relief that arises out of the same transaction and/or occurrence and questions of law or fact common to both Plaintiffs. A summary of how the Breathwit entities are related is as follows:

(a). Plaintiffs BREATHWIT MARINE SHIPYARD, LTD., ("Breathwit Shipyard"), and BREATHWIT MARINE CONTRACTORS, LTD., ("Breathwit Contractors"), are both owned by Walter and Sonia Breathwit. Both businesses are Texas-based, family owned and operated, and at the same location on Dickinson Bayou in Dickinson, Texas;

(b). Breathwit Shipyard is a 19 acre shipyard with a 350 US ton marine travel lift and a 600 ton dry dock on Dickinson Bayou in Dickinson, Texas. Breathwit Shipyard provides full service repair and parts procurement to the marine industry. Breathwit Contractors operates out of the same location on Dickinson Bayou and provides marine towing and marine construction company;

(c). Both Breathwit entities are sister companies with common ownership and common customers (a few examples of some common customers are Echo Towing, Echo Marine, Bubba Gates, Mainland Concrete, and Bolivar Barge Cleaning). They are also located in the same office (with the same bookkeeper) and have common employees, perform shared jobs and share all equipment; and

(d). Following the BP Oil Spill, both Breathwit entities suffered a dramatic decline in business, and, as a result, suffered lost profits, impairment of earnings, and other damages.

8. According to Fed. R. Civ. P. Rule 21, misjoinder is not grounds for dismissal. However, the Court entered PTO 60, which required individual plaintiffs who were not "related parties" to file separate lawsuits.

9. Believing they were related parties pursuant to PTO 60 but desiring clarification from the Court and confirmation of their compliance with PTO 60, on May 9, 2016, Plaintiffs filed an *Exparte/Consent Motion for Permissive Joinder of Parties and Consolidation of Claims* [Rec. Doc. 17622].

10. On June 3, 2016, the Court ordered BP to submit *in camera* to the Court and to the PSC: (a) a list of plaintiffs BP believes, in good faith, made submissions to PTO 60 that complied with the requirements of PTO 60; and (b) a list of plaintiffs whose submission BP in good faith believes are materially deficient for one or more identified reasons. [Rec. Doc. 18659].

11. With no ruling on Plaintiffs' prior motion, on June 3, 2016, the Breathwit entities filed a new motion requesting consideration of their previously filed motion regarding compliance with PTO 60. [Rec. Doc. 18681, *Exparte/Consent Motion for Consideration of Previously Filed Motion Regarding Compliance with PTO 60*].

12. On June 7, 2016, the Court entered an Order to Show Cause Re: Compliance with PTO 60, which requires any plaintiff identified in Exhibit 2 of that Order as having a deficient PTO 60 submission to show cause in writing by June 28, 2016, why the Court should not dismiss their B1 claims. [Rec. Doc. 18724].

13. Both Breathwit entities appeared on Exhibit 2 as having been identified by BP with deficient PTO 60 submissions because no individual complaint was on file. [Rec. Doc. 18724-3 at p. 3]. Lack of an individual complaint was the **only** deficiency alleged by BP on Exhibit 2 against the Breathwit entities. BP admitted that both Breathwit entities' PTO 60 submissions were timely, had proper responses regarding presentment, had proper responses regarding release, were signed by Plaintiffs and were filed with Exhibit A. [Rec. Doc. 18724-3 at p. 3].

14. Counsel would note for the Court, and in the event of remand, for any subsequent Court, that counsel believes the Breathwit entities were properly joined from inception in the

original complaint [2:13-cv-02876] and believes that for reasons of judicial economy and efficiency, these actions should be (or remain) consolidated and these parties should be (or remain) joined going forward.

15. Further counsel would note for the Court that they represent multiple non-related parties in the BP Litigation, and they were selective and only filed 9 multiple-party civil actions in MDL 2179, where the parties were properly joined under Fed. R. Civ. P. 20(a)(1)(B). Based on current information and belief, Counsel filed 139 B1 lawsuits in this MDL but only 9 were single complaints with more than one plaintiff and the other 130 were individual complaints with one plaintiff. Counsel filed the multiple-party complaints purposefully and based on a good faith belief that these 9 actions with plaintiffs with common ownership or common facts should be filed together for judicial economy. Finally, counsel would also note for the Court that of the 139 lawsuits filed in this MDL, 127 lawsuits have been (or will be) dismissed with prejudice, leaving counsel only representing 12 B1 lawsuits pending within this MDL. While these lawsuits are unrelated to the Breathwit entities' claims, it shows good faith on the part of their counsel to avoid improper joinder, and to properly apply the federal joinder rules in this action and others pending within the MDL.

17. Accordingly, even though the undersigned counsel believes both Breathwit entities are related parties and pursuant to PTO 60 they are considered as having filed an individual Complaint, out of an extreme abundance of caution, the undersigned counsel filed new individual complaints for both Breathwit entities in response to the *Order to Show Cause*

*Re: Compliance with PTO 60* [Rec. Doc. 18724].[3] A copy of the newly filed Complaints is attached hereto as Exhibits "A" and "B", respectively.

18. Counsel respectfully submits that the original complaint [2:13-cv-02876] with both Breathwit entities should not be dismissed and should be allowed to proceed and to remain subject to further proceedings before this Honorable Court. Alternatively, in the event the Court determines that the Breathwit entities should proceed with separate complaints, then Counsel respectfully submits that the two new individual complaints [2:16-cv-11539 and 2:16-cv-11546] should not be dismissed and should be allowed to proceed forward and remain subject to further proceedings before this Honorable Court,

19. Accordingly, for these reasons, Plaintiff BREATHWIT MARINE CONTRACTORS, LTD. and Plaintiff BREATHWIT MARINE SHIPYARD, LTD. respectfully submit that they have completely and correctly complied with the requirements of PTO 60 and that their B1 claims and causes of action should not be dismissed with prejudice for failing to comply with the requirements of PTO 60.

WHEREFORE, Plaintiff BREATHWIT MARINE CONTRACTORS, LTD. and Plaintiff BREATHWIT MARINE SHIPYARD, LTD, respectfully move this Honorable Court not to dismiss their B1 claims and allow these cases to remain subject to further proceedings before this Honorable Court.

Respectfully submitted on this 27th day of June, 2016.

> WILLIAMSON, SEARS & RUSNAK
> */s/ Jimmy Williamson*
> Jimmy Williamson
> Federal ID No. 51896
> Texas State Bar No. 21624100
> Email: jimmy@jimmywilliamson.com

---

[3] The new Civil Action No. for Plaintiff Breathwit Marine Contractors, Ltd. is 2:16-cv-11539. The new Civil Action No. for Plaintiff Breathwit Marine Shipyard, Ltd. is 2:16-cv-11546.

Cyndi M. Rusnak
Federal ID No. 24724
Texas State Bar No. 24007964
Email: cyndi@jimmywilliamson.com
William Dills
Texas State Bar No. 24067421
Email: billy@jimmywilliamson.com
4310 Yoakum Boulevard
Houston, Texas 77006
(713) 223-3330 – Telephone
(713) 223-0001 – Facsimile

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that the above and foregoing Response to Order to Show Cause Re: Compliance with PTO 60 has been served on all counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order Number 12, and the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of June, 2016.


DATE: June 27, 2016                                                                     */s/ Jimmy Williamson*
                                                                                        JIMMY WILLIAMSON