UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION:  J |
| | * | |
| **This Document Relates to:** | * | JUDGE BARBIER |
| Case No. 13-02033 | * | |
| Case No. 16-11519 | * | |
| Case No. 16-11641 | * | MAGISTRATE JUDGE SHUSHAN |
| Case No. 16-11707 | * | |
| Case No. 16-11711 | * | |

**REPLY OF PLAINTIFFS CHAPEL HILL, LLC, COASTAL MINING & MARINE, LLC, PEARLINGTON CLAY, LLC AND PEARLINGTON CLAY PORT, LLC
TO BP'S OBJECTIONS TO SHOW CAUSE SUBMISSIONS [21131-8]**

COMES NOW, Plaintiffs CHAPEL HILL, LLC , COASTAL MINING & MARINE, LLC and its two wholly owned subsidiaries, PEARLINGTON CLAY, LLC, and PEARLINGTON CLAY PORT, LLC (collectively, the "Chapel Entities"), by and through the undersigned counsel, and file their Reply to BP's Objections to Show Cause Submissions [Doc 21131-8], and would show as follows:

1.      The four Plaintiffs listed submit that they timely and fully complied with PTO 60 [Doc 16050].  As the Court can see from the timeline below, Plaintiffs' PTO 60 submissions were timely and made through the exercise good faith and extreme diligence to ensure compliance with PTO 60:[1]

- 4/20/13 – the Chapel Entities filed a single complaint in MDL 2179 in 2:13-cv-02033. [Rec. Doc. 1];

---

[1] Counsel recently reviewed the docket for MDL-2179 and found no other plaintiff that went to such lengths to ensure compliance with PTO 60. Counsel also would note for the Court that they filed 139 complaints in MDL 2179 and only 9 were multiple-party complaints where the parties were properly joined under Fed. R. Civ. P. 20(a)(1)(B). Of the 139 lawsuits filed in this MDL, only 9 are still pending within this MDL. While these lawsuits are unrelated to the Chapel Entities' claims, it shows good faith on the part of their counsel to avoid improper joinder, and to properly apply the federal joinder rules in this action. Had this action not been an MDL, and had Plaintiffs' counsel filed four separate lawsuits for these related parties, Counsel believes it would have faced accusations of forum shopping and motions to consolidate.

- 3/29/16 – the Court issued PTO 60, which required all plaintiffs to file a sworn statement regarding the status of their claims. [Doc 16050] In addition, any plaintiff who had filed a "Mass Joinder" lawsuit that was not a "related-party" plaintiff was required to file an individual complaint. [Rec. Doc. 16050 at ¶ B(i), n. 3];

- 4/26/16 – the Chapel Entities submitted timely, proper and complete sworn statements in Cause No. 2:13-cv-02033. [Rec. Doc. 6-9] (Attached hereto as Exhibit "A");

- 5/9/16:  the Chapel Entities filed an *Exparte/Consent Motion for Permissive Joinder of Parties and Consolidation of Claims* desiring clarification of the individual complaint requirement. [Doc. 17589] (Attached hereto as Exhibit "B");

- 5/16/16:  PTO 60 compliance deadline (extended from May 2, 2016);

- 6/3/16:  the Chapel Entities filed a second motion for consideration of their previously filed motion, *Exparte/Consent Motion for Consideration of Previously Filed Motion Regarding Compliance with PTO 60.* [Doc. 18675] (Attached hereto as Exhibit "C");

- 6/3/16:  BP submitted *in camera* to the Court lists of plaintiffs with submissions that complied with PTO 60 or submissions that were materially deficient.

- 6/7/16:  the Court entered an Order to Show Cause Re: Compliance with PTO 60 [Doc. 18724], which required plaintiffs to show cause in writing why the Court should not dismiss their B1 claims. BP identified Chapel Hill and Coastal Mining & Marine as having materially deficient PTO 60 submissions due to the lack of an individual complaint. BP admitted, however, that their sworn statement submissions were timely, had proper responses regarding presentment, had proper responses regarding release, were signed by Plaintiffs and were filed with Exhibit A. BP's only alleged deficiency was the lack of an individual complaint. [Doc. 18724-3 at p. 4];

- 6/23/16:  with no ruling on its motions for clarification, out of an abundance of caution, the Chapel Entities filed individual lawsuits in MDL 2179: (1) Chapel Hill, LLC [2:16-cv-11519]; (2) Coastal Mining & Marine, LLC [2:16-cv-11641]; (3) Pearlington Clay, LLC [2:16-cv-11707]; and (4) Pearlington Clay Port, LLC [2:16-cv-11711] (Attached hereto as Exhibits D, E, F and G);

- 6/27/16:  the Chapel Entities filed a timely response to the Show Cause Order [Rec. Doc. 20295] (Attached hereto as Exhibit "H");

- 6/23/16:  deadline for written responses to the Show Cause Order;

- 7/14/16:  the Court entered an Order Re: Compliance with PTO 60 [Doc 20996] that required BP to state its objections to the Show Cause Order submissions.

- 7/21/16:  BP filed objections to the Chapel Entities PTO 60 submissions alleging they were *significantly* late.  [Rec. Doc. 21131-8]

2.     As the Court can see, BP's blanket assertion that the Chapel Entities' PTO 60 submissions were "significantly late" is wrong and BP has failed to provide any facts or evidence to support its objections or any evidence of prejudice to BP if its objections are overruled. Plaintiffs, however, will be unduly harmed and prejudiced if the Court dismisses their claims.

3.     Plaintiffs have not shown a pattern of delay, willful contempt, or contumacious conduct. To the contrary, Plaintiffs have shown due diligence and good faith regarding compliance with PTO 60 and any issues regarding compliance should be excused. *See Blois v. Friday,* 612 F.2d 938, 940 (5th Cir. 1980) (citing *Hassenflu v. Pyke,* 491 F.2d 1094, 1095 (5th Cir. 1974)). Plaintiffs believed in good faith that they were not required to file individual complaints. They did so in response to BP's objection even though they believed they were in compliance because they are related parties properly joined in a single complaint with common ownership and claims that have a common nucleus of operative facts as follows[2]:

   a.   Chapel Hill, LLC, a Louisiana and Mississippi construction and contracting company, was awarded a $64,950,000.00 contract from the U.S. Army Corps of Engineers ("USACE") in December 2009 to supply barge movement of more than 6 million tons of earthen clay material from the Hancock Port in Mississippi to the New Orleans East Levee Areas by barge over 26 nautical miles for the repair of the Mississippi River levee in Orleans Parish.

   b.   Chapel Hill subcontracted with two Mississippi companies to mine and load the clay material: (1) Pearlington Clay (to provide all of the clay material to Chapel Hill at $1 per ton) and (2) Pearlington Clay Port (to "through put" all of the clay material through its port loading facilties at the Hancock Port at $1 per ton).

   c.   Barging commenced on the first week of March, 2010. Discovery of oil on its only marine movement route, and the potential contamination of the barges, caused Chapel Hill to transition to trucking the clay material which was a 50 mile one-way haul at 20 tons per truck. Volume went down and on 7/22/10, the USACE issued a "partial termination" of its contract reducing it from 6.1 million tons to 1.85 million tons which reduced Chapel Hill's contract by more than $46,573,508 and also reduced the profits to Coastal Mining, Pearlington Clay and Pearlington Clay Port and forms the basis of their complaints.

---

[2] This is an abbreviated summary of the facts surrounding these related parties. Plaintiffs incorporate herein by reference their Show Cause response for a more detailed description of how these parties are related, have common ownership and were properly joined in a single complaint. [Rec. Doc. 20295]

g.   Coastal Mining & Marine owns Pearlington Clay and Pearlington Clay Port. Similiarly, Chapel Hill and Coastal Mining & Marine share a similar owner, Johnny Dollar. Mr. Dollar holds a 25% interest in Coastal Mining & Marine. Mr. Dollar and another company he owns, DeLoutre Property Rentals, LLC, are the sole members of Chapel Hill. Therefore, it is clear that the four entites share common ownership, are further related through contract and subcontract, and the facts surrounding their claims are identical.

WHEREFORE, Plaintiffs respectfully move this Honorable Court that they be deemed compliant with the requirements of PTO 60 and that their claims are not dismissed and are allowed to remain subject to further proceedings before this Honorable Court.

>                                WILLIAMSON & RUSNAK
>                                */s/ Jimmy Williamson*
>                                Jimmy Williamson
>                                Federal ID No. 51896
>                                Texas State Bar No. 21624100
>                                Email: jimmy@jimmywilliamson.com
>                                Cyndi M. Rusnak
>                                Federal ID No. 24724
>                                Texas State Bar No. 24007964
>                                Email: cyndi@jimmywilliamson.com
>                                William Dills
>                                Texas State Bar No. 24067421
>                                Email: billy@jimmywilliamson.com
>                                4310 Yoakum Boulevard
>                                Houston, Texas 77006
>                                (713) 223-3330 – Telephone
>                                (713) 223-0001 – Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Response to Order to Show Cause Re: Compliance with PTO 60 has been served on all counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order Number 12, and the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of July, 2016.

DATE: July 28, 2016                                                */s/ Jimmy Williamson*
                                                                   JIMMY WILLIAMSON