UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

| | | |
|---|---|---|
| RICHARD LEE BLICK, | * | Civil Action No. 2:16-cv-04061-CJB-SS |
| Plaintiff, | * | Section:  J |
| v. | | |
| | * | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, BP P.L.C., TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, TRITON ASSET LEASING GmbH, HALLIBURTON ENERGY SERVICES, INC., HALLIBURTON DIVISION SPERRY DRILLING SERVICES, ANADARKO PETROLEUM CORPORATION CO., and ANADARKO E&P COMPANY LP, | * | MAG. JUDGE SHUSHAN |
| Defendants. | | |

### RICHARD LEE BLICK'S MOTION FOR RECONSIDERATION AND/OR MOTION FOR RELIEF FROM ORDER

COMES NOW the Plaintiff, Richard Lee Blick, by and through undersigned counsel and pursuant to Rule 60 of the Federal Rules of Civil Procedure, and moves this honorable court to reconsider and/or relieve Mr. Blick from its Order dismissing his complaint (Dkt. 20996) for

1

failure to comply with PTO 60 as the Court erred by dismissing him since Mr. Blick filed a Complaint in this matter, and filed a response to the Order to Show Cause regarding compliance with PTO 60. Mr. Blick filed a Complaint in this matter seeking to invalidate the GCCF release he filed based on allegations of Economic Duress (Count VII) and Fraudulent Misrepresentation (Count VIII). Despite these filings, BP erroneously informed the Court that Mr. Blick failed to comply with these orders and mistakenly or inadvertently dismissed Richard Lee Blick. As Plaintiff has fully complied with PTO 60 and the Order to Show Cause regarding compliance with PTO 60 (Dkt. 18724), and the causes of action he asserts seek to invalidate the GCCF release he signed, this Court should relieve Richard Blick from the Order and/or Final Judgment dismissing his case.

## MEMORANDUM OF LAW

1. Richard Blick respectfully submits that his complaint was mistakenly or inadvertently dismissed by this Honorable Court for failure to comply with PTO 60 (Dkt. 16050).

2. A party may seek relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." FRCP 60 (b)(1). Since Richard Lee Blick did file an independent complaint in accordance with the requirements of PTO 60, and a response to the Order to Show Cause re: complaint with PTO 60, this Court mistakenly or inadvertently dismissed his Complaint. Mr. Blick's claim should not be dismissed with prejudice for failing to comply with the requirements of PTO 60 since he did, in fact, comply.

3. PTO 60 required all remaining Claimants in the B1 Bundle to file an individual complaint. Richard Lee Blick complied with PTO 60 and filed an individual complaint in this

Court under Case No. 2:16-04061-CJB-SS. The Complaint (Case No. 2:16-cv-04061-CJB-SS, Dkt. 2) was timely filed on May 2, 2016. A copy of the filed Complaint is attached hereto as Exhibit "A." Notably, the Complaint alleged that Mr. Blick executed a GCCF release and sought its invalidation by asserting causes of action for Economic Duress (Count VII) and Fraudulent Misrepresentation (Count VIII).

4. Following the filing of the Complaint, the case was stayed and consolidated with MDL 2179 (Case No. 2:16-cv-04061-CJB-SS, Dkt. 6).

5. Even though Mr. Blick filed a Complaint in compliance with PTO 60, this Court ordered him to show cause why he did not comply as he was listed on Exhibit 2 (Dkt. 18724-3, page 3 of 24) to the Order to Show Cause Re: Compliance With PTO 60 (Dkt. 18724 ). The compliance order set forth the submissions that BP inexplicably, yet purportedly in good faith, believed were materially deficient for one or more reasons. Mr. Blick's submission was allegedly deficient for failing to have an individual complaint on file. (Dkt. 18724-3, page 3 of 24) Mr. Blick was required to show cause in writing on or before June 28, 2016 why this Court should not dismiss said claim for failing to comply with the requirements of PTO 60.

6. Richard Blick timely filed a Response to the Order to Show Cause on June 13, 2016 informing the Court that it did comply with PTO 60 by filing a Complaint (Dkt. 18804) and provided a copy of the filed individual Complaint as an exhibit. A copy of the filed response to the Order to Show Cause is attached hereto as Exhibit "B."

7. Even though Mr. Blick timely filed an individual Complaint and a Response to the Order to Show Cause informing this Court that he did file an individual complaint with a docket citation and copy if said individual complaint, this Court did not list him as having

complained with the Order to Show Cause and therefore dismissed his complaint in its Order Re: Compliance With PTO 60 (Dkt. 20996).  In addition to dismissing claims for noncompliance with PTO 60, the Order Re: Compliance also eliminated those "Plaintiffs who complied with PTO 60 but have since dismissed their claims against BP and/or have since executed releases of their claims and are in the process of dismissing their claims against BP, as there are no further proceedings between BP and Plaintiffs who have released and/or dismissed claims against BP."  (Dkt. 20996 at pg. 4 of 6).

8. Not only was Mr. Blick absent from the list of persons who complied, but he was also absent from the list of persons that filed a response to the order to show cause that BP still believed were non-compliant.

9. We note that the Court stated that its Order Re: Compliance with PTO 60 was based upon BP's filing with the Court a "list of Plaintiffs that BP, based on its review, in good faith believes made PTO 60 submissions that complied with the requirements of PTO 60.1." (Dkt. 20996 at pg 4 of 6).  Richard Lee Blick respectfully submits that BP failed to inform the Court that his Complaint was seeking to invalidate the GCCF release he signed and that he had in fact filed a Complaint and a Response to the Order to Show Cause, thus it was mistaken in informing the Court that Mr. Blick failed to file an individual complaint, failed to file a response to the order to show cause, and that he had released his claim after filing his individual complaint in accordance with PTO 60.  This is clearly error that amounts to Mr. Blick's complaint being dismissed without ever issuing a ruling on the merits even though he complied with PTO 60 and the order to show cause.

10.     From the record herein it is also apparent that Mr. Blick did not release or otherwise dismiss his claim after the entry of PTO 60, and therefore his case was erroneously dismissed.

11.     If this Order of dismissal is permitted to stand, Mr. Blick's legitimate claim will be dismissed without ever having been ruled on the merits even though he complied with PTO 60 and the order to show cause. It in essence dismisses the case on an affirmative defense that has not yet even been raised. To let the order stand would be grossly unjust.

WHEREFORE, Richard Lee Blick respectfully requests that this Honorable Court reconsider its order dismissing his Complaint and relieve him of the order by finding that he did file a complaint in accordance with PTO 60 and has not released or subsequently dismissed his claims against Defendants, plus any other and further relief this Court may deem just in the premises.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing, Richard Lee Blick's Motion for Reconsideration and/or Motion for Relief from Order has been served on All Counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System,

which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st of August, 2016.

                Respectfully submitted,

                */s/  Eric C. Thiel*
                Eric C. Thiel – FBN 016267
                BANKER LOPEZ GASSLER P.A.
                501 E. Kennedy Blvd., Suite 1500
                Tampa, Florida  33602
                Telephone:  (813) 221-1500
                Facsimile:   (813) 222-3066
                Service-ethiel@bankerlopez.com

                Attorney for Plaintiff, Richard Lee Blick