UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Shushan |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

## DECLARATION OF J. LYNN BARKER

J. Lynn Barker hereby declares and states as follows

1. I am over the age of 18 years, and I am a resident of the state of Tennessee.

2. I am presently employed as a financial investigator for the Deep Water Horizon Claims Center (DHECC). For approximately 30 years, I was employed as a Special Agent with the Internal Revenue Service-Criminal Investigation Division. My duties consisted of conducting in-depth financial investigations regarding tax fraud and money laundering and utilized indirect methods for income computations. I have testified in numerous federal trials as a fact and expert witness regarding financial investigations and the analysis performed to determine income. After retirement from the Internal Revenue Service I was a contract instructor for the National Criminal Investigation Training Academy teaching financial investigative techniques to new agents.

3. In my investigations I used the bank deposits method of proof, one of the primary indirect methods of proof used by the government in computing taxable income. This method of proof was approved in *Gleckman v. United States*, 80 F.2d 394, 399-401 (8th Cir. 1935). Under this method, all deposits to the taxpayer's bank and similar accounts in a single year are added together to determine the gross deposits. An effort is made to identify amounts deposited that are non-taxable, such as gifts, transfers of money between accounts, loans and other non-income items. The result is called net taxable bank deposits.

4. In the course of my investigation of BEL Claim # 100064547 for Leave It To Beaver Charters, I obtained bank statements and deposited items for the account of Martin R. Formento dba Leave It To Beaver Charters at Capital Bank. I used the bank deposits method to analyze the deposits and eliminated non-taxable items and then compared the monthly net taxable deposits to the reported monthly revenue to determine any variances.

5.  My investigation of claimant Leave It To Beaver Charters revealed that the compensation award of $185,503.41, the amount claimant received was overpaid by approximately $114,000 and that the claimant fraudulently created profit and loss statements and tax returns which are significantly different from the net taxable deposits to obtain an additional $114,000 more than would have been entitled. More specifically, my investigation revealed:

    a.  Leave it to Beaver is a charter fishing boat owned by Martin Formento and docked at Marina Del Mar located in Key Largo, FL. Formento started this charter fishing business in approximately 2002 and closed in 2012 due in part to economic conditions but primarily because Formento began receiving 100% military medical disability which he forfeits if he engages in any employment.

    b.  Formento filed individual income tax returns (Form 1040) reporting his business income on Schedule C using the cash method which is noted on Schedule C. Formento filed claims with GCCF and DHECC. The DHECC claim was computed using 2008 and 2009 as the Benchmark Period with the months of May through October. The DHECC paid Martin Formento $185,503.41 on 02/05/13.

    c.  On or about 11/23/10, Martin Formento filed a claim with GCCF (3447124) for an emergency advance payment.

        1.  Formento submitted income tax returns for 2007-2009 (Doc. ID# 2088266). True and correct copies of which are attached as Exhibits ("Dec. Exhibit") A, B and C, respectively. The returns reflect they were self-prepared and contained no date of preparation or filing. IRS tax transcripts shows the 2008-2009 tax returns were filed on 12/06/10 and 12/17/10, respectively.

        2.  On 12/14/10, GCCF issued a denial letter to Martin Formento for insufficient documentation to support the claim.

        3.  The revenue reported on the tax returns is as follows:

            | 2007 | $ 78,796 |
            | 2008 | $130,000 |
            | 2009 | $100,000 |

    d.  On or about 09/12/11, Formento filed a claim on behalf of Leave it to Beaver Charters (3548513) with GCCF with the assistance of William Becker Consulting.

        1.  Monthly profit and loss statements were submitted for 2008-2010 (Doc. ID #4454723, 4454724, and 4454725) true and correct copies of which are attached

as Dec. Exhibits D, E and F, respectively. The 2008 and 2009 statements reflect print dates of 09/6/11 and 09/8/11, respectively. The 2010 statements for January – October reflect a print date of 11/23/10 and the November and December statements reflect a print date of 9/6/11. The annual revenue reported on these profit and loss statements is as follows:

2008   $ 83,115
2009   $ 82,468
2010   $ 52,611

2. The tax returns submitted for 2008 – 2009 are the same returns submitted on 11/23/10 with GCCF (Martin Formento – Claimant ID 3447124). The 2010 tax return shows revenue of $39,621 and reflects that it was self-prepared and contains no date of preparation or filing (Doc ID#445729) true and correct copy of which is attached as Dec. Exhibit G. IRS tax transcripts show the 2010 tax return was filed on 09/22/11.

3. On 10/22/11, GCCF issued a deficiency letter to Leave It To Beaver Charters stating the 2009 and 2010 monthly revenue totals on the profit and loss statements are not consistent with the 2009 and 2010 tax return totals.

4. On 11/07/11, Bill Becker sent an email to GCCF in response to the Deficiency Letter (Doc. ID# 4790528, page 41) attaching profit and loss statements for 2008-2010 which reflected a print date of 10/11/11 (Doc. ID# 4790528 pages 1-40) and a letter of explanation containing the signature of Martin Formento (Doc. ID 4790528 page 43) stating "As per your request we have asked our accountant to review and correct of P & L statements for 2009 through 2010". True and correct copies of the profit and loss statements for 2008-2010 which reflected a print date of 10/11/11 are attached as Dec. Exhibits H, I and J, respectively. The annual revenue reported on these profit and loss statements is as follows and is consistent with the revenue reported on the tax returns:

2008   $130,000
2009   $100,000
2010   $ 39,621

5. On 12/30/11, GCCF issued a deficiency denial letter stating additional documentation was needed and "Unable to accurately calculate claim, because the 2009 and 2010 monthly revenue totals do not compare to the 2009 and 2010 tax return totals." The notice requested an explanation of discrepancies between monthly revenues and tax return totals."

e. On or about 07/06/12, on behalf of Leave It To Beaver Charters (100064547), Formento filed a BEL claim with DHECC, with the assistance of William Becker Consulting, which included tax returns and profit and loss statements that were submitted in the GCCF claims. *See* Dec. Exhibits A, B, C, D, E, F, H, I and J.

f. On 10/02/12, DHECC analyst contacted William Becker to discuss claim issues identified during the accounting review and requested clarification of the income statement data and IRS transcripts for 2008-2010.

g. On 10/18/12, tax transcripts for 2008-2010 were obtained from the IRS and submitted to DHECC by Becker Consulting (Doc. ID# 5524787 password 48659). True and correct copies of which are attached as Dec. Exhibits K, L and M, respectively. The transcripts are consistent with the tax returns previously submitted. Below is a summary of the 2008-2010 tax transcripts.

| Year | Date Filed | Revenue | Tax Due (refund) |
|------|------------|---------|------------------|
| 2008 | 12/06/10 | $130,000 | ($552) |
| 2009 | 12/17/10 | $100,000 | $1,330 |
| 2010 | 09/22/11 | $ 39,621 | ($8,899) |

h. Relying on the second set of P&Ls, the DHECC used the average of 2008-2009 for May – October as Beaver's Benchmark Period and found as follows:

| Period | Revenue | Variable Expenses | Variable Profit |
|--------|---------|-------------------|-----------------|
| Benchmark | 68,617.90 | 13,173.28 | 55,444.62 |
| 2010 Compensation | 8,925.26 | 6,180.47 | 2,744.79 |
| | | **Lost Variable Profits:** | 52,699.83 |

From this data, the DHECC awarded and paid Martin Formento $185,503.41, including $1,054.00 for accounting support.

i. In June 2015, I obtained and analyzed the 2007 bank statements. The deposited items were not available due to the bank's record retention policy. The bank statements showed total deposits for 2007 were $68,796. The revenue reported on the 2007 tax return was $78,796. The difference between the bank deposits and reported revenue is exactly $10,000. Although 2007 was not used in the award computation it is being presented to show a consistent pattern of difference between revenue deposited and revenue reported for Leave It To Beaver Charters.

j.  In June 2015, I obtained and analyzed 2008 bank statements and deposited items to determine net taxable deposits. The deposits for 2008 totaled $83,115.21, the amount of revenue reflected on the first profit and loss statements with a print date of 9/6/11, which was submitted to the GCCF. The revenue reported on the second profit and loss statements, with a print date of 10/11/11, is $130,000. There was no difference in deposits and revenue for each of the profit and loss statements for the months of January – March and September – December. For the months of April – July, the difference in the bank deposits and the revenue reported on the second profit and loss statements is exactly $10,000 per month. For August, the difference was $6,884.79. The annual difference for 2008 between the deposits and the profit and loss statement used for the BEL claim is $46,884.79. The difference for the Benchmark months is $36,884.79, which has the effect of overstating variable profits for the Benchmark period which creates a larger award for a BEL claim. I created the below chart to illustrate the difference noted above:

| 2008 | | | | |
|---|---|---|---|---|
| Bank Statement Date | Bank Deposits | Revenue reported on P&L dated 09/06/11 | Revenue reported on P&L dated 10/11/11 | Difference |
| 01/31/08 | 4,550.00 | 4,550.00 | 4,550.00 | |
| 02/28/08 | 5,437.55 | 5,437.55 | 5,437.55 | |
| 03/31/08 | 10,026.66 | 10,026.66 | 10,026.66 | |
| 04/30/08 | 7,130.00 | 7,130.00 | 17,130.00 | 10,000.00 |
| 05/31/08 | 4,525.00 | 4,525.00 | 14,525.00 | 10,000.00 |
| 06/30/08 | 5,790.00 | 5,790.00 | 15,790.00 | 10,000.00 |
| 07/31/08 | 7,500.00 | 7,500.00 | 17,500.00 | 10,000.00 |
| 08/31/08 | 7,251.00 | 7,251.00 | 14,135.79 | 6,884.79 |
| 09/30/08 | 6,130.00 | 6,130.00 | 6,130.00 | |
| 10/31/08 | 5,650.00 | 5,650.00 | 5,650.00 | |
| 11/30/08 | 2,350.00 | 2,350.00 | 2,350.00 | |
| 12/31/08 | 16,775.00 | 16,775.00 | 16,775.00 | |
| | 83,115.21 | 83,115.21 | 130,000.00 | 46,884.79 |

k.  During June 2015, I obtained and analyzed the 2009 bank statements and deposited items to determine net taxable deposits. The deposits for 2009 totaled $88,488.00, which was $6,020 greater than the revenue reported on the first profit and loss statement. The difference is a $5,000 insurance settlement and a $1,000 loan repayment which are not revenue. When these amounts are removed the deposits approximates the revenue shown on the profit and loss statements with a print date of 9/8/11. The total revenue reported on the second profit and loss statements dated

10/11/11 was $100,000. There was no difference in deposits and revenues for each of the profit and loss statements for January – March and December. For the months of April – September, the difference in the bank deposits and the revenue reported on the second profit and loss statements is exactly $2,000 or $3,000 per month. For October, the difference was $1,362 and November a negative $3,850. The difference between the deposits and the profit and loss statements used for the claim is $11,512. The difference used for the Benchmark months was $13,362. This difference has the effect of overstating variable profits for the Benchmark period which would create a larger award for a BEL claim. I created the below chart to illustrate the difference noted above:

| | | 2009 | | |
|---|---|---|---|---|
| Bank Statement Date | Bank Deposits | Revenue Reported on P&L dated 9/8/2011 | Revenue Reported on P&L dated 10/11/2011 | Difference |
| 01/31/09 | 8,280.00 | 8,280.00 | 8,280.00 | |
| 02/28/09 | 5,850.00 | 5,850.00 | 5,850.00 | |
| 03/31/09 | 9,750.00 | 9,750.00 | 9,750.00 | |
| 04/30/09 | 3,650.00 | 3,650.00 | 5,650.00 | 2,000.00 |
| 05/31/09 | 8,883.00 | 8,883.00 | 11,883.00 | 3,000.00 |
| 06/30/09 | 15,990.00 | 15,990.00 | 17,990.00 | 2,000.00 |
| 07/31/09 | 9,000.00 | 9,000.00 | 12,000.00 | 3,000.00 |
| 08/31/09 | 6,830.00 | 6,830.00 | 8,830.00 | 2,000.00 |
| 09/30/09 | 7,270.00 | 7,270.00 | 9,270.00 | 2,000.00 |
| 10/31/09 | 2,170.00 | 0.00 | 3,532.00 | 1,362.00 |
| 11/30/09 | 5,150.00 | 1,300.00 | 1,300.00 | -3,850.00 |
| 12/31/09 | 5,665.00 | 5,665.00 | 5,665.00 | |
| | 88,488.00 | 82,468.00 | 100,000.00 | 11,512.00 |

l. During June 2015, I obtained and analyzed the 2010 bank statements and deposited items to determine net taxable deposits. The deposits for 2010 totaled $52,521.37 which approximates the total of the first profit and loss statements dated 11/23/10. The total revenue reported on the second profit and loss statements dated 10/11/11 was $39,621. There was no difference in deposits and revenue for the two profit and loss statements for January – March. For the months of April – December, the difference in the bank deposits and the revenue reported on the second profit and loss statements are primarily negative amounts. The difference between the bank deposits and the profit and loss statements used for the claim is a negative $12,900.37. This difference for the Compensation period is a negative $16,252.74 which has the effect

6

of understating variable profits which creates a larger award for a BEL claim.  I created the below chart to illustrate the difference noted above:

| Bank Statement Date | Bank Deposits | 2010 Revenue Reported on P&L dated 11/23/10 | Revenue Reported on P&L dated 10/11/2011 | Difference |
|---|---|---|---|---|
| 01/31/10 | 3,250.00 | 3,250.00 | 3,250.00 | |
| 02/28/10 | 5,524.95 | 5,524.95 | 5,524.95 | |
| 03/31/10 | 5,061.48 | 5,061.48 | 5,061.48 | |
| 04/30/10 | 8,520.00 | 8,520.00 | 7,820.00 | -700.00 |
| 05/31/10 | 5,838.00 | 5,838.00 | 1,195.26 | -4,642.74 |
| 06/30/10 | 2,360.00 | 2,360.00 | 760.00 | -1,600.00 |
| 07/31/10 | 7,150.00 | 7,150.00 | 1,200.00 | -5,950.00 |
| 08/31/10 | 1,700.00 | 0.00 | 600.00 | -1,100.00 |
| 09/30/10 | 1,400.00 | 1,000.00 | 3,000.00 | 1,600.00 |
| 10/31/10 | 6,730.00 | 2,170.00 | 2,170.00 | -4,560.00 |
| 11/30/10 | 1,550.00 | 4,850.00 | 2,152.37 | 602.37 |
| 12/31/10 | 3,436.94 | 6,886.94 | 6,886.94 | 3,450.00 |
| | 52,521.37 | 52,611.37 | 39,621.00 | (12,900.37) |

m. On 09/10/15, I interviewed Formento who stated that his girlfriend Allison Hayden took care of the accounting side of the business and prepared his tax returns.  Formento said he had no explanation as to why his 2008-2010 tax returns were filed late (after April 15 following the tax year).  Formento said he had no explanation as to why the first profit and loss statements with print dates of 9/6/11, 9/8/11 and 10/23/10 agree with the bank deposits but not the tax returns.  Formento claimed he was unaware that a second profit and loss statement was submitted.  Formento claimed he was unaware there was a discrepancy in tax revenue and the profit and loss statements with a print date of 9/6/11.  Formento said he had no explanation as to the monthly revenue differences between the bank deposits and the second profit and loss statements submitted with a print date of 10/11/11.  Formento stated he gave Allison Hayden approximately $15,000 from his settlement proceeds.

n. On 09/16/15, I interviewed Allison Hayden who stated she made deposits to the business account for Leave It To Beaver Charters, wrote checks and recorded these activities in QuickBooks as revenue and expenses. Hayden stated she assisted Formento in the preparation of his tax returns using Turbo Tax software. Hayden said she printed profit and loss statements and tax returns for Formento's BEL claim but does not recall printing a second profit and loss statement. Hayden stated she was unaware of a deficiency notice from the DHECC regarding discrepancies in tax revenue and the profit and loss statements. Hayden said Formento's 2008 and 2009 tax returns were only filed for the purpose of the claim. Hayden said she had two laptops and a tower (desk top) computer and is uncertain which one contained the QuickBooks. Hayden explained that the lap tops crashed and the tower is in storage not readily assessable. Hayden denied receiving any money from Formento after he received his DHECC award.

o. Based on my investigation, it is clear that the revenue on the 2008 - 2010 tax returns were overstated/understated for the purpose of the BEL claim. Formento increased the revenue for the Benchmark months (2008-2009) and decreased revenue for the compensation months (2010), thereby causing a larger variable loss in order to fraudulently increase his BEL award amount. The tax returns, which were filed late, were filed for the purpose of the claim, based on the date the claims were filed compared to the date the returns were filed and statements made by Allison Hayden who assisted claimant in the preparation of his taxes. The increase in revenue for the 2008 and 2009 tax returns did not result in additional taxes. The first profit and loss statements with print dates of 9/6/11, 9/8/11 and 11/23/10 appear to be correct because the monthly revenue is consistent with the net taxable deposits. Thus, the second profit and loss statements with a print date of 10/11/11 were created to support the tax returns. DHECC relied on the tax returns and the second profit and loss statements in calculating Formento's award.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on July 30, 2016

J. Lynn Barker