UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

| | | |
|---|---|---|
| **RICHARD E. SEWARD, JR.,** | * | Civil Action No. 2:16-cv-04072-CJB-JCW |
| Plaintiff, | * | Section: J |
| v. | | |
| | * | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, BP P.L.C., TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, TRITON ASSET LEASING GmbH, HALLIBURTON ENERGY SERVICES, INC., HALLIBURTON DIVISION SPERRY DRILLING SERVICES, ANADARKO PETROLEUM CORPORATION CO., and ANADARKO E&P COMPANY LP, | * | MAG. JUDGE WILKINSON |
| Defendants. | | |

### RICHARD E. SEWARD JR.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION AND/OR MOTION FOR RELIEF FROM ORDER

Richard E. Seward Jr. respectfully submits that his complaint was mistakenly or inadvertently dismissed by this Honorable Court for failure to comply with PTO 60 (Dkt. 16050).

A party may seek relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1). Since Mr. Seward filed an independent complaint in

accordance with the requirements of PTO 60 seeking the invalidation of the GCCF release, this Court mistakenly or inadvertently dismissed his Complaint for executing a release after PTO 60 was entered. Mr. Seward's claim should not be dismissed with prejudice for failing to comply with the requirements of PTO 60 since he did, in fact, comply.

PTO 60 required all remaining Claimants in the B1 Bundle to file an individual complaint. Richard Seward Jr. complied with PTO 60 and filed an individual complaint in this Court under Case No. 2:16-04072-CJB-SS. The Complaint (Case No. 2:16-cv-04072-CJB-SS, Dkt. 1) was timely filed on May 2, 2016. A copy of the filed Complaint is attached hereto as Exhibit "A." Notably, the Complaint alleged that Mr. Seward executed a GCCF release and sought its invalidation by asserting causes of action for Economic Duress (Count VII) and Fraudulent Misrepresentation (Count VIII). Following the filing of the Complaint, the case was stayed and consolidated with MDL 2179 (Case No. 2:16-cv-04072-CJB-SS, Dkt. 4).

Initially, this Court found Mr. Seward in Compliance with the requirements of PTO 60. (Dkt. 18724-1 at Page 69 of 83). However, Mr. Seward was omitted from the list of those that complied with PTO 60 on the subsequently entered Order Re: Compliance With PTO 60 (Dkt. 20996). In addition to dismissing claims for noncompliance with PTO 60, the Order Re: Compliance also eliminated those "Plaintiffs who complied with PTO 60 but have since dismissed their claims against BP and/or have since executed releases of their claims and are in the process of dismissing their claims against BP, as there are no further proceedings between BP and Plaintiffs who have released and/or dismissed claims against BP." (Dkt. 20996 at pg. 4 of 6).

We note that the Court stated that its Order Re: Compliance with PTO 60 was based upon BP's filing with the Court a "list of Plaintiffs that BP, based on its review, in good faith believes made PTO 60 submissions that complied with the requirements of PTO 60.1." (Dkt. 20996 at pg 4

2

of 6). Richard E. Seward Jr. respectfully submits that BP failed to inform the Court that his Complaint was seeking to invalidate the GCCF release he signed, thus it was mistaken in informing the Court that Mr. Seward released his claim after filing his individual complaint in accordance with PTO 60. This is clearly error that amounts to Mr. Seward's complaint being dismissed without ever issuing a ruling on the merits even though Mr. Seward complied with PTO 60. From the record herein it is also apparent that he did not release or otherwise dismiss his claim after the entry of PTO 60, and therefore his case was erroneously dismissed..

If this Order of dismissal is permitted to stand, Mr. Seward's legitimate claim will be dismissed without ever having been ruled on the merits even though he complied with PTO 60. It in essence dismisses the case on an affirmative defense that has not yet even been raised. To let the order stand would be grossly unjust.

WHEREFORE, Richard E. Seward Jr. respectfully requests that this Honorable Court reconsider its order dismissing his Complaint and relieve him of the order by finding that he did file a complaint in accordance with PTO 60 and has not released or subsequently dismissed his claims against Defendants, plus any other and further relief this Court may deem just in the premises.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing, Richard E. Seward, Jr.'s Memorandum of Law in Support of Motion for Reconsideration and/or Motion for Relief from Order has been served on All Counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF

System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of August, 2016.

Respectfully submitted,

_____
Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, Florida 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Service-ethiel@bankerlopez.com

Attorney for Plaintiff, Richard Lee Seward, Jr.