**In Re: Case No. 2:11-cv-00911-CJB-SS, USDC, Eastern District of Louisiana**

## AFFIDAVIT OF EARL A. PAYSON

| | |
|---|---|
| STATE OF IOWA | ) |
|  | ) ss |
| COUNTY OF SCOTT | ) |

I, Earl A. Payson, being first duly sworn on oath depose and state:

1. I am an attorney at law duly licensed to practice by, and in good standing in and with, all of the following courts: Illinois and Iowa; the United States District Court for the Central District of Illinois and the trial bar in the USDC for the Northern District of Illinois and the USDC for the Northern and Southern Districts of Iowa; the United States Courts of Appeal for the Seventh and Eighth Circuits; and, the United States Supreme Court.

2. I was lead counsel for Plaintiff Henry N. Clark in the case of Clark v. John E. Shavers and Jesco Construction Corporation, et al, No. 4:10-cv-04053, filed in the USDC for the Central District of Illinois at Rock Island ("RI") on July 21, 2010. This was an action for breach of an oral contract for services provided by Henry N. Clark to John E. Shavers and Jesco to assist Shavers and Jesco to obtain the contract to dewater Henderson County and the Village of Gulfport, Illinois following the 2008 Mississippi River flood. Attorney Daniel D. Bernstein of Iowa City, Iowa was co-counsel for Plaintiff Henry N. Clark.

3. I was lead counsel, and Mr. Bernstein was co-counsel, for Defendant Henry N. Clark in the case of Jesco Construction of Delaware v. Henry N. Clark. That case was removed from the State Court of Mississippi to the USDC for the SD of Mississippi, which transferred venue to the USDC for the CD of Illinois at RI, where it was assigned Case No. 4:11-cv-04047. That case was a companion to Case No. 4:10-cv-04053 above. Jesco v Clark (Case No. 4:11-cv-04047) was an action to collect an alleged debt for loans purportedly made by Jesco to Henry N. Clark. The two Clark/Jesco cases were consolidated in the USDC for the CD of Illinois at RI for discovery and trial.

4. From information obtained in the foregoing cases: Jesco is an acronym for "John E. Shavers Company." There are several entities owned by John E. Shavers that use the name Jesco. To the best of my knowledge and belief, all of those entities are wholly owned and controlled by John E. Shavers, who is a resident of the State of

1

Mississippi. In Clark v. Jesco, Case No. 4:10-cv-04053, in the USDC for the Central District of Illinois, the named defendants were Jesco, Jesco Construction Company, Jesco Construction Corporation and Jesco Disaster Services, aka Jesco JDS. John E. Shavers was named as an individual defendant, but was dismissed from the case early on.

5. All of the defendants in Case No. 4:10-cv-04053 and the plaintiff in Case No. 4:11-cv-04047 in the USDC for the Central District of Illinois were represented by attorney Gary M. Riebschlager, 801 Congress Avenue, Suite 250, Houston, Texas 77002.

6. In early 2016 Mr. Riebschlager and the undersigned, on behalf of our respective clients, negotiated a settlement encompassing both of the Clark/Jesco cases pending in the USDC for the CD of Illinois at RI. During those negotiations Mr. Riebschlager informed the undersigned that his clients were unable to pay any cash to Henry Clark to settle, but he referenced a law suit by Jesco v. British Petroleum ("BP") pending in the USDC for the ED of Louisiana at New Orleans as a potential source of funds to which Henry Clark could look to collect on the Judgment described herein.

7. The Jesco v. BP case to which Mr. Riebschlager referred is No. 2:11-cv-00911-CJB-SS in this Court. Initially, Jesco Construction Corporation of Delaware sued BP in the State Court in Harris County Texas, Case No. 2010-78844. That State case was removed by BP to the USDC for the SD of Texas, where it was assigned Case No. 4:10-cv-04964. Venue was transferred to this Court as part of the MDL BP litigation arising from the "Deepwater Horizon" oil spill in the Gulf of Mexico on April 20, 2010. In this Court Jesco Corporation of Delaware v. BP is Case No. 2:11-cv-00911-CJR-SS. I understand that Case is under a stay order.

8. The terms of settlement in Clark v. Jesco, Case No. 4:10-cv-04053 in the USDC for the CD of Illinois, were as follows: 1. In exchange for a dismissal with prejudice by Henry Clark of Case No. 4:10-cv-04053, Jesco Construction Corporation, a Delaware Corporation, aka Jesco Construction of Delaware, Inc. (hereinafter "Jesco"), would make an Offer of Judgment under FRCP 68 in the amount of $600,000.00, with interest thereon pursuant to 28 U.S.C. 1961 at the rate of 0.65 per cent per annum from the date of entry of judgment, plus court costs, to Henry N. Clark; 2. Jesco v. Clark, Case No. 4:11-cv-04047 in the USDC for the CD of Illinois would be dismissed with prejudice; 3. Jesco and John E. Shavers, individually, would assign (Plaintiff's Exhibit 4) to Henry N. Clark and his attorneys Earl A. Payson and Daniel D. Bernstein, jointly, all of their right, title and interest in and to the first $600,000.00 of net proceeds Jesco derives from BP in Case No. 2:11-cv-00911 pending in this Court. "Net proceeds", as defined in the Assignment, means the sums and proceeds Jesco shall receive, and be entitled to

2

receive, after payment of its reasonable attorneys' fees, costs and expenses in Case No. 2:11-cv-00911 in this Court.

9. On April 19, 2016 Jesco made an Offer of Judgment under RCP 68 to Henry Clark with the above terms. Motion Exhibit 2. On April 20, 2016 Henry Clark accepted the Offer of Judgment. Motion Exhibit 3. At Mr. Riebschlager's request I moved for permission to file the Offer of Judgment and the Acceptance thereof under seal. That request was granted and those documents were filed under seal in the USDC for the CD of Illinois. Judgment (Motion Exhibit 5), as provided in the Offer and Acceptance (Motion Exhibits 2 and 3), was entered by the Clerk of the USDC for the CD of Illinois in favor of Henry Clark on May 4, 2016. Case No. 4:11-cv-04047 in that Court was dismissed with prejudice by Jesco pursuant to FRCP 41 on May 2, 2016.

10. Having become aware of the Jesco case against BP pending in this Court, I sought to register the Judgment, per 28 U. S.C. 1963, in Case No. 2:11-cv-00911-CJB-SS and, thereby notify this Court and the attorneys representing Jesco and BP in that case about Henry Clark's Judgment. I prepared a letter with a copy of all the documents and the filing fee and sent it to the Clerk of Court in New Orleans explaining what I wanted to accomplish. I received a telephone call from a staff member in the Clerk's office who was very helpful. She told me the Judgment could not be registered directly in the Case No. 2:11-cv-00911. Rather, the Clerk could open a Miscellaneous case for the Judgment. However, the Miscellaneous case would not be cross referenced with pending Case No. 2:11-cv-00911. I asked, nonetheless, that a Miscellaneous case be opened. Miscellaneous Case No. 16-10015 was opened by the Clerk of the USDC for the ED of Louisiana at New Orleans on June 14, 2016.

11. In an effort to notify BP about Henry Clark's Judgment against Jesco in the USDC for the CD of Illinois, I mailed a Notice, with a copy of the Offer of Judgment, Henry Clark's Acceptance thereof, the Judgment and the Assignment, by Certified United States Mail, Return Receipt Requested, to three attorneys whose names and addresses I found in the MDL record on PACER, and who were shown to be attorneys representing BP in MDL 2179 in this Court. I received the signed Receipts. They are in my file. However, I am not certain that action is sufficient to constitute legal notice of Henry Clark's Judgment.

12. I also had the Notice and supporting papers described above served directly upon BP through their designated agent, CT Corporation, Dallas, Texas. I attempted to serve the BP Corporate Secretary in Houston, Texas. However, the process server advised that he could not gain access to the BP corporate office and was

3

informed by BP security that service would have to be made on BP's designated agent, CT Corporation in Dallas.

13. My duty to my client, Henry N. Clark, requires that I take all necessary and appropriate action to put the Court, the parties and their attorneys in Case No. 2:11-cv-00911-CJB-SS on notice of Henry Clark's Judgment against Jesco in the USDC for the CD of Illinois. Henry Clark's law suit in the USDC for the CD of Illinois has a long and complicated history. The case dragged on for nearly 6 years. During this time Henry Clark was devastated financially. If he can collect the Judgment, or any significant part thereof, from any proceeds Jesco derives from its Case No. 2:11-cv-00911 in this Court, it will not make him whole, but will certainly help him get back on his feet.

14. I acknowledge that if the Judgment can be collected Mr. Bernstein and I stand to benefit by the payment of attorneys' fees. Neither Mr. Bernstein nor I have received any fees from Henry Clark for our services in his litigation against Jesco, which started in July 2010. While we want to be paid for our work and have earned our contingent fee of 33 1/3%, we've stuck with Henry Clark because we believe he suffered real harm for which he deserves to be compensated by Jesco. If fees, or more accurately no fees, was our driving force we could and, most likely would, have withdrawn from representation of Henry Clark as soon as it became apparent that his case would be a marathon and not a sprint.

15. Having come this far, we want to do whatever we can within the law to put Henry Clark in a position to collect from Jesco on his Judgment. I've enlisted the assistance of attorney John S. Bradford to move on Henry Clark's behalf to intervene in Case No. 2:11-cv-00911-CJB-SS, which is Jesco's case against BP pending in this Court, for the limited purposes stated in the Motion to Intervene and in the Complaint of Intervention to which this Affidavit is attached.

16. I have read the Motion to Intervene, the Complaint of Intervention and the Memorandum in Support of the Motion to Intervene and hereby certify that the statements and assertions contained therein are true and correct to the best of my knowledge and belief. I further certify that Exhibit 2 is a true and correct copy of the FRCP 68 Offer of Judgment made by Jesco to Henry N. Clark; that Exhibit 3 is a true and correct copy of Henry N. Clark's Acceptance of that Offer of Judgment; that Exhibit 5 is a true and correct copy of the Judgment in favor of Henry N. Clark and against Jesco, entered by the Clerk of the USDC for the CD of Illinois on May 4, 2016, in Case No. 4:10-cv-04053 in that Court; and, that Exhibit 4 is a true and correct copy of the Assignment from Jesco and John E. Shaver's, all as described in this Affidavit and the Motion to Intervene, Complaint of Intervention and the Memorandum in support hereof.

Further Affiant sayeth naught.

*[signature]*
Earl A. Payson
1313 Harrison Street
Davenport, IA 52803
Telephone: (563) 323-8054
Facsimile: (563) 323-9112
Email: eappc@aol.com
ONE OF HENRY N. CLARK'S ATTORNEYS

Sworn and subscribed to before me this 21st day of July, 2016.

*[signature]*
Notary Public in and for the State of Iowa

BARBARA E. KAMPE
Commission Number 221875
My Commission Expires
04/09/17