**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 |
| | | SECTION: J |
| | | HONORABLE JUDGE BARBIER |
| Applies to: Nos. 12-970, 15-4143, 15-4146, 15-4654 | § § § § | MAGISTRATE JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF
PUNITIVE DAMAGES AND ASSIGNED CLAIMS SETTLEMENTS**

Halliburton Company and Halliburton Energy Services, Inc. ("HESI"); and Triton Asset Leasing GmbH, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Transocean Holdings LLC (collectively "Transocean") have moved this Court to finally approve the HESI and Transocean Punitive Damages and Assigned Claims Settlement Agreements (the "Settlement Agreements"), filed by HESI on September 4, 2015 (Second Amendment), and by Transocean on May 29, 2015 (Rec. Docs. 15322-1 through 15322-6, and Rec. Docs. 14644-1 through 14644-5). In support, HESI and Transocean state as follows:

As the Court has already preliminarily determined, the Settlement Agreements are fair, reasonable and adequate. (Rec. Doc. 16183 at 21, 29 ("[T]he Settlement Agreements appear fair, have no obvious deficiencies, do not improperly grant preferential treatment to the Class Representatives or to segments of the Class, and do not grant excessive compensation to attorneys.")). The Settlement Agreements were carefully crafted to resolve two categories of claims for which HESI and Transocean faced potential liability at the time they were entered: (1) punitive damages claims from a "New Class" of private individuals, businesses, and local governments who could have asserted punitive damages claims against HESI or Transocean

under general maritime law; and (2) claims assigned to the *Deepwater Horizon* Economic and Property Damages Settlement Class ("DHEPDS Class") by BP (the "Assigned Claims"). Notably, the New Class was broadly defined to "capture within the New Class definition all potential claimants…who may have valid maritime law standing to make Punitive Damages Claims under general maritime law" (Rec. Doc. 15322-1 at 5, and Rec. Doc. 14644-1 at 4), thereby providing an avenue for resolving the punitive damages claims of any claimant with standing who does not opt out.[2]

The fairness of the Settlement Agreements is underscored by the difficulties a claimant would face in attempting to recover punitive damages against HESI or Transocean outside of the Settlement Agreements. Doing so would require, at a minimum:

1. Reversal of the Phase One Findings—reached after an eight-week trial involving 62 live witnesses, more than 160 deposition bundles, and more than 3400 exhibits—that the conduct of HESI and Transocean was not grossly negligent and, therefore, HESI and Transocean were not liable for punitive damages under general maritime law (as amended, Rec. Doc. 13381-1); *and*

2. A determination that the Fifth Circuit's decision in *In re: P&E Boat Rentals, Inc.*, 872 F.2d 642, 650 (5th Cir. 1989), does not preclude the imposition of punitive damages; *and*

3. A determination by the Fifth Circuit that OPA does not displace general maritime law.

---

[2] As highlighted *infra*, the difficulties that would be faced by a punitive damages claimant seeking to recover outside the Settlement Agreements suggests that few will exercise this option. To date, the claims administrator has received only two opt-outs. *See* Declaration of Stephen J. Cirami Regarding (A) Notice Plan Implementation; and (B) Report on Requests for Exclusions Received to Date (Rec. Doc. 21423-3) at ¶16.

The fairness of the Settlement Agreements is further highlighted by numerous procedural safeguards, which consistently provide for a neutral and systematic determination of an equitable distribution of the $1,239,750,000 aggregate settlement amounts, including allocation between the Old Class and the New Class by a court-appointed neutral and administration of claims through a claims process supervised by the Court.  HESI and Transocean deferred to the Allocation Neutral regarding the determination of the allocation of the aggregate payments and the Claims Administrator regarding the development of a distribution model for the New Class claims.  The Claims Administrator will administer the claims of the New Class and the DHEPDS Class Claims Administrator, who has been administering the BP settlement, will administer the claims process for the Old Class portion of the settlements, without the direct involvement of HESI or Transocean.

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion, Memorandum, and Declarations filed by the PSC,[3] the Settlement Agreements provide a fair, reasonable, and adequate resolution of the settled claims and should therefore be approved under Federal Rule of Civil Procedure 23.  Accordingly, HESI and Transocean respectfully request that the Court enter an order finally approving the Settlement Agreements.

August 5, 2016                                                  Respectfully Submitted,

                                                                GODWIN PC

                                                                  s/ Donald E. Godwin
                                                                Donald E. Godwin
                                                                Attorney-in-charge
                                                                State Bar No. 08056500

---

[3] Subject to the same limitations set out in the accompanying Motion.

DGodwin@GodwinLaw.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinLaw.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinLaw.com

1201 Elm Street, Suite 1700
Dallas, Texas  75270-2041
Ph:  214.939.4412
Fax:  214.939.4803

and

R. Alan York
State Bar No. 22167500
AYork@GodwinLaw.com
Misty Hataway-Cone
State Bar No. 24032277
MCone @GodwinLaw.com

1331 Lamar, Suite 1665
Houston, Texas  77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

and

  s/ Brad D. Brian
Brad D. Brian
Daniel B. Levin
MUNGER TOLLES & OLSON LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:  (213) 683-9100
Fax:  (213) 683-5180
Email: brad.brian@mto.com
            daniel.levin@mto.com

  s/  Steven L. Roberts
Steven L. Roberts
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel:  (713) 470-6100
Fax:  (713) 354-1301
Email: steven.roberts@sutherland.com,

  s/  Kerry J. Miller
Kerry J. Miller
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

                                                201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Tel:  (504) 566-8646
Fax:  (504) 585-6946
Email: kjmiller@bakerdonelson.com

**ATTORNEYS FOR TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., TRANSOCEAN DEEPWATER INC., TRANSOCEAN HOLDINGS LLC, AND TRITON ASSET LEASING GmbH.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum in Support of Joint Motion for Final Approval of Punitive Damages and Assigned Claims Settlement Agreements will be served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 5th day of August 2016.

                                                      /s/ Kerry J. Miller