UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  OIL SPILL BY THE OIL RIG<br>          "DEEPWATER HORIZON" IN THE<br>          GULF OF MEXICO, ON APRIL 20, 2010<br><br>(REF: C.A. 13-1711) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 2179<br><br>SECTION J; DIVISION 2<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM ORDER
REGARDING COMPLIANCE WITH PTO 60 [RECORD DOC NO. 20996]**

**MAY IT PLEASE THE COURT:**

Now into court, through undersigned counsel, comes Zat's Restaurants, Inc. ("Zat's Restaurants"), who respectfully submits this Memorandum in Support of its Motion for Relief From Order Re: Compliance with PTO 60 [Record Doc. No. 20996] pursuant to Federal Rule of Civil Procedure 60(b)(1).  Zat's Restaurants, while represented by counsel, opted out of the economic loss settlement and filed suit against BP and others for damages under the Oil Pollution Act.  Thereafter, its counsel withdrew from representing it, and Zat's Restaurants received no notice of the Order granting the withdrawal.  It also received no notice of this Court's instructions under Pretrial Order No. 60 setting forth certain actions that Zat's Restaurants was required to take to preserve its claim.  This Court recently dismissed Zat's Restaurants' claims for failure to comply with Pretrial Order No. 60.  Zat's Restaurants submits that such failure was the result of "mistake inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b)(1) of the Federal Rules of Civil Procedure because it never received any notice of the potential for its claims to be dismissed.  For these reasons, set forth more fully below, Zat's Restaurants respectfully requests that this Honorable Court grant its motion for

relief and vacate the order dismissing it from this case.

I.     **Facts and Procedural History**

Zat's was formed in Louisiana in 2009 with the goal of opening seafood restaurants in Baton Rouge and New Orleans.  *See* Complaint for Damages at ¶ 23 (Record Doc. No. 1 in Civil Action No 13-1711, *Zat's Restaurants, Inc. v. BP Exploration & Production, Inc., et al.*).  Zat's developed a business plan in 2009 that included the process of preparing a business plan, identifying restaurant locations, and gathering investors.  *Id.*  Following the oil spill on April 20, 2010, potential investors pulled out of the project as a result of perceived contamination of seafood from the Gulf of Mexico.  *Id.*

Thereafter, Zat's retained counsel from the Irpinio Law Firm and, on November 1, 2012, timely opted out of the Deepwater Horizon Economic and Property Damage Claims Program.  *See* Exhibit 1.  On January 17, 2013 Zat's then made presentment for a sum certain to BP as the responsible party under the Oil Pollution Act.  *See* Exhibit 2.  More than 90 days after Zat's Restaurants made presentment, BP had neither denied nor otherwise responded to Zat's Restaurants' claim.  Accordingly, on April 19, 2013, Zat's filed its own lawsuit against BP and other defendants seeking recovery for damages sustained under the Oil Pollution Act.  *See* Complaint in Action No. 13-1711, *supra*.  Like all other individually filed complaints against BP following the oil spill, Zat's Restaurants' suit was then stayed until further order of the Court.  *See* Pretrial Order No. 1 at ¶ 8; Pretrial Order No 25 at ¶ 8; Pretrial Order 60 at ¶ 9.

On January 7, 2014, the Irpinio Law Firm moved to withdraw as counsel of record for Zat's Restaurants with no new counsel being substituted in its place.  *See* Record Doc. No. 12100. Two days later, this Court entered an order granting the Irpino Law Firm's request to withdraw.  *See* Record Doc. No. 12111.  Thereafter, on March 29, 2016, this Court entered

Pretrial Order No. 60 ("PTO 60") (Record Doc. No. 16050).  This Court stated that PTO 60 was being entered to assist in "streamlining the remaining claims and to facilitate administration of this MDL."  *Id.* at ¶ 6.  The Court ordered that parties who had not yet released their claims against BP and who had filed individual lawsuits (e.g., Zat's Restaurants) to complete a sworn statement in the form attached to PTO 60 as Exhibit A and to attach a cover sheet reflecting the caption of the lawsuit in the form of Exhibit B to PTO 60.  *Id.* at ¶ 6(A)(i).  The Court noted that those parties failing to comply with PTO 60 would have their complaints dismissed with prejudice.  *Id.* at ¶ 6(A)(ii).  With respect to notice of these requirements, the Court stated that PTO 60 would be served via e-mail on all counsel of record and posted on the Court's website.  BP's counsel was further ordered to mail PTO 60 "to all plaintiffs who opted out of the Economic and Property Damages Settlement, signed their opt-out forms and did not indicate in that form that the plaintiff was represented by counsel, as identified in the list to be provided to the Court, the PSC and BP by the Garden City Group, Inc."  *Id.* at ¶ 11.  The PSC was further directed to e-mail a copy of the Order to any known counsel of record for those who either joined in the Amended B1 Master Complaint or opted out of the settlement.  *Id.*  PTO 60 made no provisions for providing notice to parties such as Zat's Restaurants whose counsel withdrew during the pendency of the MDL and had not obtained counsel at the time PTO 60 was entered.

On April 1, 2016, counsel for BP, Kristopher S. Ritter ("Ritter") submitted a sworn declaration to this Court stating that BP had received from Garden City Group a list of 1,585 "individuals and businesses who opted out of the Economic and Property Damages Settlement and did not indicate they were represented by counsel."  Record Doc. No. 16091 at ¶ 3.  Ritter affirmed that BP's counsel had mailed copies of PTO 60 and attached exhibits to each of these unrepresented opt outs.  *Id.* at ¶ 4.  No mention is made of any provisions for notice to parties

whose counsel had withdrawn after submitting an opt-out or filing suit but before PTO 60 was entered.

Thereafter, on April 5, 2016, Ritter submitted a second declaration noting that some of the exhibits to PTO 60 may have been inadvertently omitted from the previous ruling. This time, Ritter noted that BP was reissuing the entirety of its mailings to 1,585 unrepresented opt outs plus 497 MDL-2179 plaintiffs who were unrepresented BP Claims Program claimants. Record Doc. No. 16137 at ¶ 3. Again, no mention was made of any notice being sent to parties whose counsel withdrew from representation during the course of proceedings in the MDL.

Finally, on August 10-11, 2016, undersigned counsel contacted Ritter to determine whether Zat's Restaurants' name appeared on either of the lists detailing parties to whom BP mailed copies of PTO 60. On August 11, 2016, Ritter confirmed that Zat's Restaurants' name does **not** appear on either list. *See* E-mail August 10-11, 2016 E-mail correspondence between Kevin McGlone and Kristopher Ritter, attached hereto as Exhibit 3.

On June 7, 2016, after the deadline for compliance with PTO 60 passed, this Court entered an Order to Show Cause Re: Compliance with PTO 60. *See* Record Doc. No. 18724. The Court entered into the record certain lists that BP had provided to the Court: those believed to have complied with the provisions of PTO 60 (Exhibits 1 and 1A); those who made some effort to respond to PTO 60 but whose submissions were deficient (Exhibit 2) and those parties that had filed a mass joinder lawsuit in violation of PTO 60 (Exhibit 3). The Court then ordered any party who failed to file any response to PTO 60 to show cause no later than June 28, 2016 why its claims should not be dismissed with prejudice. *Id.* at ¶ 5. The Court then ordered service of the order on all counsel of record via e-mail and for posting of the order on the Court's website; BP was also directed to mail the order to each party to whom it had previously mailed

4

PTO 60. *Id.* at ¶ 7. Again, no provision was made for mailing anything to those parties whose counsel had withdrawn after suit was filed and had yet to enroll new counsel of record.

On July 13, 2016, BP filed a Notice of Updated PTO 60 Compliance List and Remaining Noncompliance List with the Court. Record Doc. No. 20992. This document identified those plaintiffs that BP had determined had either timely complied with the provisions of PTO 60 or had responded to the Court's June 7, 2016 Show Cause Order and whose compliance with PTO 60 BP would no longer contest (Exhibits 1A and 1B) and those Plaintiffs whose timely responded to the Show Cause Order but whose compliance with PTO 60 BP would contest (Exhibit 2).

Thereafter, on July 14, 2016, this Court entered an Order Re: Compliance with PTO 60 (Record Doc. No. 20996). Upon review of the procedural history of the case, the Court ordered, in part, as follows:

- Those parties listed on Exhibits 1A and 1B were deemed to have complied with PTO 60;

- BP was permitted to contest compliance with PTO 60 for those parties listed on 2; and

- Those parties who were not identified in either Exhibits 1 or 2 were deemed noncompliant with PTO 60, and their claims were dismissed with prejudice.

*Id.* at p. 4-5. The Court then concluded that the only parties entitled to have their claims move forward were those that had not previously released their claims, made timely presentment under OPA, filed an individual lawsuit against BP, and complied with PTO 60. *Id.* at p. 5. As Zat's Restaurants does not appear in either Exhibit 1 or 2 to the July 14, 2016 Order, its claims were dismissed with prejudice for failure to comply with PTO 60.

5

Zat's Restaurants respectfully submits that it was error for this Court to dismiss its claim for failure to comply with PTO 60 because it never received notice of PTO 60. Matthew Ghergich IV ("Ghergich") is a director and owner of Zat's Restaurants. As described in Ghergich's Declaration Under Penalty of Perjury, attached hereto as Exhibit 4, Zat's Restaurants initially retained the Irpino Law Firm on March 9, 2011 to prosecute its claim against BP. *Id.* at ¶ 2. Zat's Restaurants chose to opt out of the Economic and Property Damage Settlement and directed the Irpino Law Firm to submit its opt out notice to BP. *Id.* at ¶ 3.

Later, Zat's Restaurants and the Irpino firm came to an agreement that Zat's Restaurants would no longer be represented by the Irpino law firm. *Id.* at ¶ 7. The Irpino law firm withdrew from representation as Zat's Restaurants' counsel of record, but Ghergich never received a copy of the Order permitting withdrawal. *Id.* at ¶ 8.

Moreover, Zat's Restaurants never received any mailings from this Court containing any provisions or warnings about compliance with PTO 60. *Id.* at ¶ 9. Had Zat's Restaurants received any information concerning PTO 60, Ghergich would have taken appropriate steps to comply timely with its provisions. *Id.* at ¶ 10. Moreover, upon learning of the requirements of PTO 60 when he contacted undersigned counsel for the first time on August 1, 2016, Ghergich has completed the documents necessary to proceed with prosecution of his claim under PTO 60. *Id.* at ¶¶ 11-12. Those documents are attached hereto as Exhibit 5. For reasons set forth below, Zat's Restaurants, through Ghergich now requests that this Court overturn its denial of the dismissal of Zat's Restaurants' Claim.

## II. Law and Analysis

### a. Zat's Restaurants is entitled to relief from the order of dismissal because its failure to comply with PTO 60 was the result of "mistake, inadvertence, surprise, or excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).

Rule 60(b)(1) provides that, upon a party's motion, "the court may relieve a party . . . from a final judgment, order, or proceeding  for . . . (1) mistake, inadvertence, surprise, or excusable neglect." In *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980), the court noted that motions under Rule 60(b) "must be equitably and liberally applied to achieve substantial justice.  Doubt should be resolved in favor of a judicial decision on the merits of a case." *Id.* at 940.  Further, "[t]he countervailing factors are the defendants' and society's interests in the finality of judgments and the avoidance of prejudice." *Id.*

Further, in *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the court observed that "the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Id.* at 401.  In *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir. 1998), the court reiterated that courts should allow "for more leniency in opening up default judgments, not those in which the court has had a chance to evaluate the merits." *Id.* at 471.  Although Zat's Restaurants' claims were not dismissed as a result of a "default judgment," dismissal was not based on any merits of the claims against defendants, but rather failure to comply with a pretrial order well before any discovery has commenced or trial date assigned.  Thus, Zat's Restaurants submits that the teaching of the *Halicki* court is persuasive to the present case, and this Court should be lenient in its discretion to apply Rule 60(b) to Zat's Restaurants' motion for relief.

Indeed, the same principle was applied by the United States Fifth Circuit Court of Appeals in *McKenzie v. Principi*, 83 Fed. Appx. 642 (5th Cir. 2003) when considering whether a

7

plaintiff was entitled to relief under Rule 60(b)(1) when its counsel failed to timely respond to a motion for summary judgment because he was serving as a state legislator at the time the motion was filed and his response was due.  The Fifth Circuit affirmed dismissal of the case finding that scheduling issues were not a sufficient basis for relief under Rule 60(b)(1), but the court did note that "excusable neglect" could result "in circumstances where, through inadvertence, the party or its attorney did not receive notice." *Id.* at 644.

Several district courts in the Fifth Circuit have recently concluded that a party's lack of notice of the possibility of dismissal of its case was sufficient grounds for relief under Rule 60(b)(1).  In *Reichardt v. BAC Home Loans Servicing, LP*, No.4:11CV478, 2012 WL 2935894 (S.D. Tex. June 12, 2012), the court dismissed the pro se plaintiff's claim for want of prosecution after she failed to respond to the defendant's motion to dismiss and a notice of impending dismissal from the Court.  Plaintiff moved to reopen the case stating under oath that she never received the motion to dismiss or the court's notice, and there was no contradictory evidence showing receipt by the plaintiff.  The court found this evidence constituted "excusable neglect" justifying relief of under Rule 60(b)(1) to reopen her case.  *Id.* at * 1.

A similar result was reached in *Hawkins v. Wells Fargo Home Mortgage*, No. No. 3-12-CV-1453, 2012 WL 5471134 (N.D. Tex. Nov. 9, 2012).  Again, a *pro se* plaintiff provided that she had not received any notice of orders from the court preceding entry of an order of dismissal of her claims.  *Id.* at * 1.  The court found this evidence constituted "excusable neglect" for failure to comply with the Court's orders and granted relief under Rule 60(b)(1), vacating its previous order of dismissal.  *Id.*

Finally, in *McZeal v. Deutsche Bank National Trust Co.*, No.A-16-CA-0430, 2016 WL 4154846 (S.D. Tex. Aug. 3, 2016), the district court, upon review of the decisions in *Reichardt*

and *Hawkins*, *supra*, reached the same conclusion with respect to a *pro se* plaintiff who did not receive some of the defendants' motions to dismiss. *Id.* at * 3-4.  The district court concluded that there was no evidence that proper service of the motions was effected under the Federal Rules of Civil Procedure, justifying relief under Rule 60(b)(1).  *Id.*

Zat's Restaurants respectfully submits it is likewise entitled to the same relief under Rule 60(b)(1) as afforded the *pro se* plaintiffs in the above-cited cases.  Zat's Restaurants never received notice of PTO 60, its requirements, or the consequences of failing to comply with PTO 60.  Indeed, it appears that no steps were taken to identify parties whose counsel had withdrawn from representing that party during the course of the litigation and provide notice of PTO 60 to those individuals.  While no doubt inadvertent, Zat's Restaurants has been deprived of an opportunity to present the merits of its case to the Court.  Given the overwhelming preference for judgments based on the merits of a case and not on a technical failure to respond to a pretrial order unknown to a party, this Court should grant relief to Zat's Restaurants under Rule 60(b)(1).

In *McKenzie*, *supra*, the Fifth Circuit also noted that, in determining whether there was "excusable neglect," a court "should take into account the possible prejudice to the later filer, the length of delay and the impact on judicial proceedings, the reason for delay, especially if it was within the reasonable control of the movant, and whether the movant acted in good faith."

The relief sought will not prejudice any parties.  There is no trial date in this case or any other proceeding against BP.  Moreover, no discovery has even commenced in any of the cases subject to PTO 60.  Indeed, under PTO 60 such cases remain stayed until further order of the Court.  *See* PTO 60 at p. 5 (Record Doc. No. 16050).  Thus, relief will not impact any other judicial proceedings.  As noted, the delay resulted from Zat's Restaurants' failure to receive notice of PTO 60 and its requirements.

Moreover, there is no showing that Zat's Restaurants' request for relief was unreasonably delayed or made in anything other than good faith. This Court's dismissal order was issued only on July 14, 2016, less than one month before the filing of the present motion for relief.

Zat's Restaurants submits that it has met its burden required under Rule 60(b)(1) for this Court to find cause for relief from the July 14, 2016 order of dismissal of Zat's Restaurant's claims against BP. As such, Zat's Restaurant's prays for an order vacating the dismissal under the Court's July 14, 2016 Order as it relates to Zat's Restaurants.

### III. Conclusion

For the foregoing reasons, Zat's Restaurants respectfully requests that this Honorable Court grant its motion for relief from the Court's July 14, 2016 Order dismissing Zat's Restaurans' complaint in case number 13-1711 upon a finding that failure to comply with PTO 60 within the meaning of Rule 60(b)(1) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED,

/s/ *James M. Garner*
JAMES M. GARNER (# 19589)
MARTHA Y. CURTIS (# 20446)
KEVIN M. McGLONE (# 28145)
ASHLEY G. COKER (# 30446)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, LA  70112-4046
Telephone: (504) 299-2100
Facsimile:  (504) 299-2333
E-Mail:   jgarner@shergarner.com
          mcurtis@shergarner.com
          kmcglone@shergarner.com
          acoker@shergarner.com

**-AND-**

GLADSTONE N. JONES, III (# 22221)
LYNN E. SWANSON (# 22650)
CATHERINE E. LASKY (#28652)
H.S. BARTLETT III (# 26795)
**JONES, SWANSON, HUDDELL
& GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, LA  70130
Telephone:  (504) 523-2500
Facsimile:  (504) 523-2508
E-Mail:       gjones@jonesswanson.com
                    lswanson@jonesswanson.com
                    klasky@jonesswanson.com
                    tbartlett@jonesswanson.com

-AND-

JAMES R. SWANSON (# 18455)
**FISHMAN HAYGOOD, L.L.P.**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:  (504) 586-5252
Facsimile:  (504) 586-5250
E-Mail:       jswanson@fishmanhaygood.com

**ATTORNEYS FOR PLAINTIFF
ZAT'S RESTAURANTS, INC.**

### CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on this, the 11th day of August, 2016, the above and foregoing motion has been served on all counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed through this Court's electronic filing and notification system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*.

   /s/ *James M. Garner*
JAMES M. GARNER