UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | MDL No. 2179 |
| **"Deepwater Horizon" in the Gulf** | * | |
| **Of Mexico, on April 20, 2010** | * | SECTION J |
| | * | |
| **This Filing Applies to:** | * | JUDGE BARBIER |
| **Case No. 12-970** | * | |
| **Claim No. 196643** | * | MAGISTRATE JUDGE |
| | * | WILKENSON |
| | * | |

MEMORANDUM IN SUPPORT OF
MOTION AND ORDER FOR LEAVE OF COURT TO
<u>FILE REQUEST FOR DISCRETIONARY COURT REVIEW</u>

MAY IT PLEASE THE COURT:

Claimant No. 100216080 filed a claim (Claim No. 196643) for Business Economic Loss under the *Deepwater Horizon* Economic and Property Damages Settlement Agreement and received a Denial Notice on November 23, 2015. Claimant sought reconsideration and received a Post-Reconsideration Denial Notice on April 20, 2016. Claimant timely appealed on May 12, 2016. The Appeal Panel affirmed the denial of the claim, and notice of the Appeal Panel decision was given on July 14, 2016. The deadline to request Discretionary Court Review was July 27, 2016. See Doc. ID 19628957.

Due to a calendaring error, Claimant's counsel missed the opportunity to request Discretionary Court Review on behalf of his client. Counsel first realized that the deadline had been missed on August 11, 2016. The undersigned counsel reached out to counsel for BP, and asked if the instant motion could be filed as an unopposed motion. BP's counsel replied, asking for additional details about the motion and for the date of the deadline which had passed. The undersigned counsel replied that the deadline had passed on July 27, 2016, and stated that the

Page 1

instant motion would seek leave of court to file a Request for Discretionary Court Review notwithstanding the passage of the deadline. As of the date hereof, the undersigned has not received a further response from BP's counsel.

A party may receive an extension upon request if he can make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). A district court's finding of excusable neglect is entitled to great deference. Fase v. Seafarers Welfare & Pension Plan, 574 F.2d 72, 77 (2d Cir. 1978). The circumstances to be analyzed in making an excusable neglect determination include:

> the danger of prejudice to the [nonmovant] . . ., the length of the delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 881 (5th Cir. 1998)

The circumstances of this claim involve a legal assistant's failure to place the July 27, 2016 deadline on counsel's calendar. An unfairness to the Claimant arises when his counsel's assistant makes a simple mistake and fails to calendar a deadline. It is not the Claimant's fault that the deadline is missed, but it is the Claimant who is penalized. The Claimant has no control over his counsel's calendar and whether deadlines are entered. Counsel relies on his calendar entries to make sure deadlines are met, but this time a simple clerical error led to the omission of a deadline on the calendar. There was no bad faith involved. As soon as the mistake was realized, Claimant's counsel acted, filing the instant motion and seeking consent from BP.

There is no danger of prejudice to BP. The instant request comes only about sixteen days after the deadline which passed. The relief sought will allow BP time to respond in opposition to the Request for Discretionary Court Review.

The Court's local rules provide that:

> Upon certification by a moving party that there has been no previous extension of time to plead and that the opposing party has not filed in the record an objection to an extension of time, on ex parte motion and order, the court must allow one extension for a period of 21 days from the time the pleading would otherwise be due. Further extensions will not be granted by stipulation, but only upon motion and order of the court for good cause shown.

Local Rule 7.8. This rule provides an automatic twenty-one day extension for a late pleading by ex parte motion, as long as the opposing party has not filed an objection in the record. Although it is unclear whether Local Rule 7.8 applies in the context of the deadlines established pursuant to the *Deepwater Horizon* Economic and Property Damages Settlement Agreement, the automatic twenty-one day deadline extension available in situations where no extraordinary circumstances are present should guide the Court in deciding a motion where the deadline only elapsed sixteen days ago. The undersigned has certified that no objection to the instant motion has been filed in the record and there has been no previous extension of the time to plead granted to Claimant No. 100216080.

Claimant respectfully requests that the Court find that the delay in question is excused as "excusable neglect" and further, that the Court consider its Request for Discretionary Court review, order the Appeals Coordinator of the *Deepwater Horizon* Economic and Property Damages Settlement Program to accept the Request for Discretionary Court Review for filing in the claim file of Claimant No. 100216080, notify the BP parties through counsel of the same, and set a deadline by which the BP parties may respond in opposition to said Request for Discretionary Court Review.

Respectfully Submitted,

/s/      Daniel A. Kramer
Daniel A. Kramer (La. Bar No. 34624)
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 439-0707
Facsimile: (337) 439-1029

*Counsel for Claimant No.* 100216080

CERTIFICATE OF SERVICE

I, Daniel A. Kramer, do hereby certify that that the above and foregoing Memorandum in Support of Motion and Order for Leave of Court to File Request for Discretionary Court Review will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 12th day of August, 2016.

/s/      Daniel A. Kramer