UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENTS RELATES TO:<br>Civil Action Nos. 11-2766 & 11-3180 | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

## **ORDER AND REASONS ON MOTIONS**

Three Motions for Leave to File Complaint in Intervention were filed by Stephen S. Kreller of The Kreller Law Firm; William L. Roberts and Craig S. Coleman of Faegre Baker Daniels, LLP (formerly Faegre & Benson, LLP); and Duncan Lott and Casey L. Lott of Langston & Lott, PA, as proposed plaintiffs-in-intervention against their former clients as proposed defendants-in-intervention. Record Doc. Nos. 7958, 7968, 7970. The movants seek to intervene of right to assert liens for the attorney's fees they allegedly earned and costs they incurred while they represented their former clients as plaintiffs in this litigation.

The proposed defendants-in-intervention named in Record Doc. No. 7958 are:

1. Richard Johnson (DWH ClaimantID 100021751);
2. Melonie Johnson (DWH ClaimantID 100021745);
3. Can Cong Nguyen (GCCF Claim No. 3164011; DWH ClaimantID 100000928);
4. Chi Nguyen d/b/a Carmel's Seafood (DWH ClaimantID 100001242);
5. Michael Gollott (DWH ClaimantID 100000540, name misspelled as "Gollot, Michael" in Compl. Ex. A in case 2:11-cv-02766);
6. Charles Huber d/b/a Tasha Lou, LLC (DWH ClaimantID 100000247);
7. Kim Le (GCCF Claim No. 1057761);
8. Rickey (R.J.) Frickey d/b/a Neversatisfied, LLC (DWH ClaimantID 100000657, name misspelled as "Frickey, Ricky" in Compl. Ex. A in case 2:11-cv-02766 Compl.);
9. Nhat (Van) Le (DWH ClaimantID 100000467 and/or 100000324, name misspelled as "Nhat, Vam Le" in Compl. Ex. A in case 2:11-cv-02766);

10. Hon Van Truong (DWH ClaimantID 100000956, name misspelled as "Hong Truong" in Compl. in case 2:11-cv-03180);
11. Bobby Tank Sr. (DWH ClaimantID 100000273); and
12. Luom Nguyen (DWH ClaimantID 100000678).

The proposed defendants-in-intervention named in Record Doc. No. 7968 are:

1. Robert and Betsy Stanley d/b/a S & S Oyster House and/or S & S Seafood (DWH ClaimantID 100000469);
2. Diem Pham (DWH ClaimantID 100000740);
3. Thanh Thi Nguyen (DWH ClaimantID 100000928);
4. Sen (Van) Ngo (DWH ClaimantID 100001090);
5. Kevin Diaz (DWH ClaimantID 100000609);
6. Dat Chung (GCCF Claim No. 1023737);
7. Bau Le (DWH ClaimantID 100000324); and
8. Tuan Dang (DWH ClaimantID 100025374).

The proposed defendants-in-intervention named in Record Doc. No. 7970 are:

1. Quynh Dang (DWH ClaimantID 100021735; VoO Claim No. MOB5-8295);
2. Nhan Nguyen (GCCF Claim No. 1025537; VoO Claim Nos. HOU-0465, MOB5-8054);
3. Trong Van Phan (DWH ClaimantID 100014152; VoO Claim Nos. MOB5-8781, HOU-0520);
4. Stanley Cuquet d/b/a Castaway Charters (misspelled as "Cucquet" in Compl. Ex. A in Case No. 2:11-cv-02766; DWH ClaimantID 100014987);
5. Shane Keenan (DWH ClaimantID 100033828);
6. Jordan Bradford Sr. (DWH ClaimantID Unknown; VoO Claim No. LA-3224-FU);
7. Jordan Bradford Jr. (DWH ClaimantID 100008758; VoO Claim No. LA-3223-FU);
8. Amalia, LLC (Nikolas and Diane Zarak) (named in First Am. Compl. Ex. A filed on Dec. 29, 2011 and not in the original Compl. filed on Nov. 8, 2011; DWH ClaimantID 100016124, VoO Claim No. HOU-0289);
9. Atlantis, LLC (Nikolas and Diane Zarak) (named in First Am. Compl. Ex. A filed on Dec. 29, 2011 and not in the original Compl. filed on Nov. 8, 2011; DWH ClaimantID 100016124, VoO Claim No. HOU-0189);
10. William Bradley (named in First Am. Compl. Ex. A filed on Dec. 29, 2011 and not in the original Compl. filed on Nov. 8, 2011; DWH ClaimantID 100016590, VoO Claim No. MOB5-8022.1); and
11. Brandt LaFrance d/b/a Brandt's Oysters, Inc. (DWH ClaimantID Unknown; VoO Claim Nos. HOU-1100, HOU-1102, HOU-3264).

Three law firms Luckey & Mullins, PLLC; Foxworth Law Firm; and Pendley, Baudin and Coffin filed two identical opposition memoranda on behalf of their clients, the proposed defendants-in-intervention (collectively the "Opponents"), namely: Meloni Johnson, DWH# 100021745; Richard Johnson, DWH# 100021751; Nhan Nguyen, DWH# 100021807;[1] Quynh Dang, DWH# 100033901;[2] Can Con Nguyen, DWH# 100033901;[3] Thanh Thi Nguyen, DWH# 100000928; Chi Than Nguyen, DWH# 100001242; Kim Le, DWH# 100022894; Dat Chung, DWH# 100033835; Diem Pham, DWH# [not stated]; and Trong Van Phan, DWH# 100014152. Record Doc. Nos. 8108, 8118.[4] Two of the proposed defendants-in-intervention, Robert Stanley and Betsy Stanley d/b/a S & S Oyster House and/or S & S Seafood, appearing pro se, filed an opposition memorandum. Record Doc. No. 8159.

As lawyers seeking to recover amounts allegedly owed to them pursuant to a contingency fee agreement and their rendition of services to their former clients in pursuit of the clients' claims as plaintiffs in this litigation, the movants assert an intervention as of right under Fed. R. Civ. P. 24(a)(2). The motion is GRANTED for the following reasons.

As to intervention of right, Rule 24(a) states:

On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims

---

[1] The DWH# stated in the opposition memoranda for this proposed defendant-in-intervention does not match the DWH# stated in the motion to intervene.
[2] The DWH# stated in the opposition memoranda for this proposed defendant-in-intervention does not match the DWH# stated in the motion to intervene.
[3] The DWH# stated in the opposition memoranda for this proposed defendant-in-intervention does not match the DWH# stated in the motion to intervene.
[4] The opposition memoranda also named Hoang Nguyen d/b/a Tuan Kiet, DWH# 100000456, as one of the opposing law firms' clients on whose behalf the memoranda are filed. However, that person is not named as a proposed defendant-in-intervention in the movants' motion.

> an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Thus, a party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts a "direct, substantial legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. In re Lease Oil Antitrust Litig., 570 F.3d 244, 247, 250 (5th Cir. 2009) (quotation omitted); accord Entergy Gulf States La., L.L.C. v. U.S. EPA, 817 F.3d 198, 203 (5th Cir. 2016); Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005); Heaton v. Monogram Credit Card Bank, 297 F.3d 416, 422 (5th Cir. 2002).

The Fifth Circuit has held that a discharged attorney who previously represented the plaintiff in a pending civil action

> clearly possesses an interest in the subject of the underlying action. As we noted . . . , "a discharged lawyer does have an interest [in the underlying litigation] for the purposes of intervention." Further, this Court has held that a firm with a contingency agreement is "so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect that interest."

Skinner v. Weslaco Ind. Sch. Dist., 220 F.3d 584, 2000 WL 959531, at *1 (5th Cir. 2000) (quoting Valley Ranch Dev. Co. v. FDIC, 960 F.2d 550, 556 (5th Cir. 1992); Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 54 (5th Cir. 1970)) (citing Keith v. St. George Packing Co., 806 F.2d 525, 526 (5th Cir. 1986)); accord Gilbert v. Johnson, 601 F.2d 761, 767 (5th

Cir. 1979); Cuevas v. BAC Home Loans Serv'g, LP, No. 4:10-CV-31, 2013 WL 237817, at *1-2 (S.D. Tex. Jan. 22, 2013); Walker v. Williamson, No. 1:14-CV-381-KS-JCG, 2015 WL 10963982, at *1 n.1 (S.D. Miss. Dec. 7, 2015); Bibles v. City of Irving, No. 308-CV-1795-M, 2009 WL 2252510, at *4 (N.D. Tex. July 28, 2009); cf. Premier, Inc. v. Commercial Underwriters Ins. Co., No. 02-3199, 2004 WL 32918, at *3 (E.D. La. Jan. 5, 2004) (citations omitted) (distinguishing cases in which intervention of right is allowed because a discharged attorney had a contingency fee contract, which is a direct, substantial, legally protectable interest in the property or transaction that forms the basis of the controversy, from an attorney with an hourly fee contract, which is an interest that is remote or collateral to the main action because it does not depend on the litigation's outcome).

The Opponents argue that the instant motions should be denied on the basis of abstention because they present issues of Mississippi contractual law best resolved by Mississippi courts or because the Mississippi courts are already addressing the same claims. These arguments are not persuasive for two reasons.

First, unlike the proposed complaint in intervention in this matter, which seeks damages for breach of contract or in quantum meruit for professional services rendered to the movants' former clients, all of the decisions cited by the Opponents were declaratory judgment actions and are otherwise distinguishable on their facts. Second, the Opponents contend that prior actions filed in the Mississippi chancery court were between the parties to the instant proposed intervention, so that this court should abstain in favor of allowing the chancery court to decide the issues between these parties that are already pending there. However, the copies of the pleadings from the Mississippi chancery court that the

5

Opponents attached to their memoranda make clear that those actions were actually and solely between the former and current law firms for the clients. The firms sought declarations of their rights vis a vis each other and/or damages for defamation and tortious interference with contract by the opponent law firms. Those lawsuits did not involve any breach of contract or quantum meruit claims for damages by the proposed intervenors against their former clients, who were not parties to those actions. The Opponents have shown no basis for abstention by this court or for denying the movants' motion to intervene of right.

The Stanleys argue in opposition to the motion that, before being allowed to intervene, the movants must submit evidence that they have perfected a valid lien and/or were discharged without good cause. This argument is not supported by Rule 24(a)(2), which "requires only that the applicant claim an interest in order to satisfy Rule 24(a). . . . '[T]he general rules on testing a pleading are applicable here. The pleading is construed liberally in favor of the pleader and the court will accept as true the well pleaded allegations in the pleading.'" State Farm Fire & Cas. Co. v. Black & Decker, Inc., No. 02-1154, 2003 WL 22966373, at *3 (E.D. La. 2003) (quoting Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1914 at 418 (2d ed. 1986)). "[I]t is apparent that a contract under which [the intervenor law firm] claims an interest does in fact exist. It would be inequitable for [the law firm] not to be able to intervene and at least prove its claim to the funds." Id.

Here, the Opponents and the Stanleys do not dispute that the current parties to this action cannot and will not adequately protect the intervenors' interest, nor do they object

that the motions are untimely. The movants were counsel of record for their former clients, who are plaintiffs in this litigation, and the proposed intervenors have alleged that they had contingency fee contracts with their former clients that the clients breached. At this pleading stage, the movants have established that they possess an interest in this action and that final disposition of this action may impair or impede their ability to protect their interest. Accordingly, the motions to intervene are granted.

However, final determination of the validity and amount of the intervenors' claims being permitted to be asserted in this matter is subject to the appointment of and process conducted by the Attorney Liens Adjudicator "over disputes regarding attorney fee liens filed against payments to be made by the Claims Administrator to eligible claimants under the Settlement Agreement," if applicable. Record Doc. No. 9209. These motions are granted solely and exclusively for purposes of permitting intervenors to assert their claims.

New Orleans, Louisiana, this ___12th___ day of August, 2016.

                              JOSEPH C. WILKINSON, JR.
                             UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. CARL J. BARBIER
HON. JERRY A. BROWN