# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | **MDL NO. 2179** |
| | | **SECTION J** |
| | * | |
| | * | **JUDGE BARBIER** |
| This Document relates to: | * | **MAGISTRATE JUDGE WILKINSON** |
| *All Cases in Pleading Bundle "B1"* | * | |
| | * | |

## BP'S SURREPLY IN OPPOSITION TO
## CERTAIN PLAINTIFFS' PTO 60 SHOW CAUSE SUBMISSIONS

BP[1] respectfully files this surreply to address new arguments and factual assertions introduced by certain B1 plaintiffs for the first time in reply briefs. As discussed below, BP does not object to regarding the Mexican Fisherman Plaintiffs discussed below as compliant with PTO 60 to the extent they have filed (or file) amended complaints identifying a single named plaintiff in their complaints and omitting all class allegations; however, the new arguments advanced by First National Bank USA provide no justification for its clear failure to comply with PTO 60.

## I.    Mexican Fisherman Plaintiffs (Rec. Docs. 21269 and 21330).

PTO 60 was clear and unambiguous that all B1 plaintiffs that "did not file an individual lawsuit, but instead filed a SFJ and/or were part of a complaint with more than one plaintiff, [must] . . . file an individual lawsuit (Complaint) (one per plaintiff)." (PTO 60 ¶ 6(B)(i).) In an equally clear violation of PTO 60, a group of thousands of Mexican fishermen represented by the Weller Green Toups & Terrell LLP firm filed 49 complaints each with dozens or hundreds of plaintiffs, serving sworn written statements for more than 15,000 purported plaintiffs in those cases. In its Show Cause Order, the Court found those 49 actions to be "in violation of PTO 60"

---

[1]    Terms used herein are as defined in BP's Objections and Responses to Plaintiffs' PTO 60 Show Cause Submissions (hereinafter "BP Opp. Br.") (Rec. Doc. 21131).

and ordered the plaintiffs therein to show cause why they should not be dismissed.  (Show Cause Order ¶ 4.)  Plaintiffs in 47 of these mass joinder cases have now filed show cause reply briefs asking that their claims survive.  Those plaintiffs have now chosen to take two different approaches on reply.

First, on the eve of the July 28, 2016 deadline for show cause reply briefs, plaintiffs in 41 of the mass joinder cases filed amended complaints.  In their reply brief, these plaintiffs claim that they have now "limited [their complaints] to only the one cooperativa of fishermen in each lawsuit and they have deleted any reference to a list of other individuals."  (Rec. Doc. 21269 at 2.)  In view of the amendments to their complaints (which appear to contain no class allegations) and the representations in their reply brief, BP does not object to these 41 fisherman cooperatives being deemed complaint with PTO 60.  BP would, however, object to any other purported plaintiffs currently or previously in those 41 actions being deemed compliant with PTO 60.

Second, plaintiffs in the six other mass joinder complaints have not amended their complaints as described above, but have instead continued their original approach of trying to proceed with putative class actions that include voluminous numbers of plaintiffs, notwithstanding PTO 60.  Although these plaintiffs argue that all of their cases "are brought by one class representative on behalf of a class that is individually named in the Complaint therein," (Rec. Doc. 21330 at 2 (emphasis omitted)), their complaints are expressly to the contrary, referring throughout to "plaintiffs."  (*See generally* BP Opp. Br. at 4-5.)  Moreover, putative class actions such as these are not compliant with PTO 60, as the Court's Compliance Order made clear by striking the class allegations in any remaining B1 complaints. (Compliance Order at 4-5.)

These plaintiffs also assert—with no citation or supporting argument—"that Pleading Bundle B-1 does not involve foreign Plaintiffs, only U.S. Citizens and entities; therefore, PTO-60 appears not to apply to these foreign Plaintiffs[.]" (Rec. Doc. 21330 at 2 (emphasis omitted).) This Court's orders confirm that plaintiffs are mistaken: PTO 11 defined bundle B1 to include "Non-Governmental Economic Loss and Property Damages" claims—with no limitation to plaintiffs in the United States. (Rec. Doc. 569 at 3.) Indeed, these plaintiffs *themselves* captioned each of their six complaints as "relat[ing] to Pleading Bundle B1." Their argument is therefore without merit and is belied by their own pleadings.

Should these plaintiffs promptly amend their complaints to omit any class allegations and to include only one plaintiff (one person or one entity) each, BP would not object to those six plaintiffs being deemed complaint with PTO 60 (although BP would continue to object to any other purported plaintiffs currently or previously in those six actions being deemed compliant with PTO 60).

## II.     First National Bank, USA (Rec. Doc. 21336).

First National Bank, USA ("First National") made ***no attempt*** to comply with PTO 60's individual lawsuit requirement. It now attempts to avoid the plain meaning of PTO 60 by introducing inapposite case law interpreting a term not found in PTO 60 – "mass action" – taken from the Class Action Fairness Act. What is relevant is Paragraph 6(B)(i) of PTO 60, which plainly and unambiguously states that all B1 plaintiffs who previously "were part of a complaint with more than one plaintiff [must] file an individual lawsuit (Complaint) (one per plaintiff)."

Moreover, this Court's Compliance Order struck the class allegations in B1 complaints (including complaints filed prior to PTO 60) and permitted B1 plaintiffs to proceed only on individual, non-class claims, consistent with and in furtherance of the clear language in PTO 60. (Compliance Order at 4-5.) The Compliance Order has already foreclosed First National's

request to proceed with its class action, and First National's request that the Court reverse its own Compliance Order should be denied.

Finally, it is unclear what possible "class" of remaining plaintiffs First National could even purport to represent, given that what remain are plaintiffs who themselves chose not to proceed on a class basis (*i.e.*, opt outs) or were deemed by the parties to be not appropriate for adjudication on a classwide basis (*i.e.*, exclusions).  Moreover, class resolution is unnecessary, as there remain fewer than 1000 B1 plaintiffs following the Court's July 14, 2016 order and the large number of voluntary dismissals that have been filed in the last five months.

Plaintiff First National did not comply with PTO 60, and its claims should be dismissed with prejudice.

September 2, 2016                          Respectfully submitted,

                                          */s/ Don Haycraft*
                                          Don Haycraft (Bar #14361)
                                          R. Keith Jarrett (Bar # 16984)
                                          **LISKOW & LEWIS**
                                          One Shell Square
                                          701 Poydras Street, Suite 5000
                                          New Orleans, Louisiana 70139-5099
                                          Telephone: (504) 581-7979
                                          Fax No. (504) 556-4108

                                          Rick C. Godfrey, P.C.
                                          (richard.godfrey@kirkland.com)
                                          J. Andrew Langan, P.C.
                                          (andrew.langan@kirkland.com)
                                          Matthew T. Regan, P.C.
                                          (matthew.regan@kirkland.com)
                                          Kristopher S. Ritter
                                          (kristopher.ritter@kirkland.com)
                                          **KIRKLAND & ELLIS LLP**
                                          300 North LaSalle
                                          Chicago, IL 60654
                                          Telephone:  (312) 862-2000

*Attorneys for BP America Production Company
and BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Surreply in Opposition to Certain Plaintiffs' PTO 60 Show Cause Submissions** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 2nd day of September, 2016.

*/s/ Don Haycraft*
Don Haycraft