# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| This Document Relates To: | * | SECTION: J |
| *No. 12-970* | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

## ORDER & REASONS

Before the Court is the **Motion of the Deepwater Horizon Economic Claims Center ("DHECC") for Return of Payments Made to Tommy Pham (Rec. Doc. 15361)** and related briefing. (Pham Opp'n, Rec. Doc. 15577; DHECC Reply, Rec. Doc. 15602). The DHECC asserts that Tommy Pham ("Pham") misrepresented to the DHECC that his vessel underwent major repairs in 2009, which caused the DHECC to exclude that year and consider only benchmark revenue from 2008, resulting in a significant increase in the compensation amount to which Pham would have otherwise been entitled under the terms of the *Deepwater Horizon* Economic and Property Damages Settlement ("Settlement"). Accordingly, the instant motion seeks a judgment requiring Pham to return all money he received from the DHECC and barring him from receiving further distributions from the Settlement's Seafood Compensation Program. For reasons set forth below, the Court will grant the motion.

## BACKGROUND

This Order & Reasons largely assumes the reader's familiarity with the 2010 Gulf of Mexico oil spill, Multidistrict Litigation 2179, the Settlement (Rec. Doc. 6430), the Seafood

Compensation Program (Ex. 10 to the Settlement), and the DHECC.[1]  The Court retains continuing and exclusive jurisdiction to interpret, implement, administer, and enforce the Settlement (Settlement §§ 4.2.3, 4.3.10, 4.4.7, 18.1; Order & Judgment ¶¶ 9, 17, Rec. Doc. 8139).  In 2013, the Court appointed a Special Master to, among other things, examine and investigate past or pending claims submitted to the DHECC which are deemed suspicious and to initiate legal action to "clawback" the payment of fraudulent claims.  (Rec. Doc. 11288 at 3).  This process eventually transitioned to the Claims Administrator of the DHECC.  (Rec. Docs. 14514, 14543).[2]

In the summer of 2012, Pham submitted to the DHECC a shrimp vessel owner claim and a shrimp boat captain claim relating to his vessel, the CAPTAIN TOMMY.  Pham sought recovery under the Reduced Expedited Compensation Method, which determines a claim's value from set figures based upon vessel size and type and the "qualifying vessel revenue."  Because the CAPTAIN TOMMY is an ice vessel over 75 feet in length, Pham needed to show at least $150,000 in shrimping revenue over his benchmark period in order to qualify for payments of $291,375 on the vessel owner claim and $144,375 on the captain claim.  Pham submitted documents reflecting shrimping revenues of $165,479 in 2008 and $122,606 in 2009.  Absent an exclusion, Pham's qualifying vessel revenue would be $144,042—the average shrimping income from both years—roughly $6,000 short of the threshold needed to qualify for Reduced Expedited Compensation.  However, Pham requested that the 2009 shrimping income be excluded from the

---

[1] Some of the capitalized terms used herein are defined in the Settlement.
[2] The Court has previously ruled on multiple other clawback motions. (*See* Thonn Order, Rec. Doc. 12794; Burrle Order, Rec. Doc. 14747; Zirlott Order, Rec. Doc. 14752; Lambert Order, Rec. Doc. 14780; Taylor Order, Rec. Doc. 14813; Parker Order, Rec. Doc. 15325; Alfonso Order, Rec. Doc. 15400; Riley Order, Rec. Doc. 15448; Vision Design Order, Rec. Doc. 15744; Hai Do Order, Rec. Doc. 15845; Crystal Seafood Order, Rec. Doc. 18456; Sir Lawrence Order, Rec. Doc. 21559). The Fifth Circuit recently affirmed one of these decisions. *See In re Deepwater Horizon*, 643 F. App'x 377 (5th Cir. 2016) (unpublished per curiam).

calculation, claiming that the CAPTAIN TOMMY suffered major mechanical failures that year.[3] In a signed letter to the DHECC, Pham stated:

> I, Tommy Pham, was not able to shrimp as much in 2009 compared to other prior years. During this year my vessel was in need of more maintenance and repairs which was the cause of more unnecessary time spent in shore than out shrimping and making an income. Attached I have included invoices for maintence [*sic*] and supplies.

(Ex. A to Mot., Rec. Doc. 15361-1). Attached to the letter were five invoices, purportedly evincing repair work performed in April, May, and December of 2009.

Relying on Pham's representation and the repair invoices, the DHECC excluded Pham's 2009 revenue and, considering only the 2008 revenue, determined Pham to be eligible for compensation under the Reduced Expedited Compensation Method. After deducting for prior oil spill-related payments, the DHECC paid Pham $34,486 on the shrimp boat captain claim and $291,375 on the shrimp vessel owner claim, for a total payment of $325,861. After investigating Pham's claims, the DHECC filed the instant clawback motion.

## LEGAL STANDARD

General maritime law applies to this matter. *In re Deepwater Horizon*, 643 F. App'x 377, 381 (5th Cir. 2016) (unpublished per curiam). The DHECC's motion asserts that Pham committed fraud and that it is entitled to judgment as a matter of law. The elements of fraud under general maritime law are the same as under traditional common law: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the

---

[3] The Settlement permits the Claims Administrator to exclude one or more years of the Benchmark Period if he "determines that the Claimant (individual or vessel) did not participate at the same level of effort in shrimp harvesting due to circumstances beyond the Claimant's control (such as illness, disability or major mechanical failure)." (Settlement, Ex. 10 p.7, Rec. Doc. 6430-22 at 9).

3

other party; (5) the party acted in reliance upon the representation; and (6) the party suffered injury. *Id.* Furthermore, in order for the DHECC's motion to succeed on the briefs and without an evidentiary hearing, there must be no genuine dispute as to a material fact and the DHECC must be entitled to judgment as a matter of law. (*See* Thonn Order at 17, Rec. Doc. 12794; Parker Order at 4-5, Rec. Doc. 15325); *Cf. In re Deepwater Horizon*, 786 F.3d 344, 364 & n.68 (5th Cir. 2015) (when defendant presented substantial, but controverted, evidence that plaintiff submitted a wholly fabricated claim to settlement facility, district court should have held an evidentiary hearing to determine each witness' credibility).

## ARGUMENTS & DISCUSSION

The DHECC asserts that Pham committed fraud by misrepresenting that his vessel suffered a major mechanical failure in 2009 in order to have that year excluded from his benchmark period. The DHECC claims that Pham altered the dates on the repair invoices he submitted to the DHECC such that it would appear the repairs to the CAPTAIN TOMMY were performed in 2009, when the work was actually performed in 2010, 2011, and 2012. The DHECC contends that if the 2009 income had not been excluded, Pham would not have been eligible under the Reduced Expedited Compensation Method and his claim instead would have been calculated using the Historical Revenue Method. Under that method, Pham would have received about $210,000 less than what he received under the Reduced Expedited Compensation Method.

Pham admits that the repair invoices were altered.[4] He claims, however, that his wife was responsible for submitting the documents and that he not aware of the altered invoices until

---

[4] "[Pham's] wife apparently used improper documents that did not include the correct vendor or date to reflect the actual 2009 repairs." (Pham Opp'n p.4, Rec. Doc. 15577). "While the documents that were used in support of the claim were clearly not the correct documents to support the contention that the Capt Tommy was unable to

4

the issue was raised in the instant motion. Pham contends, then, that there is no evidence that he personally committed fraud. This argument ignores the fact that Pham signed the letter stating that in 2009 his vessel "was in need of more maintenance and repairs which was the cause of more unnecessary time spent in shore than out shrimping and making an income." Pham also ignores the fact that he declared in his claim registration form and under penalty of perjury that documents submitted in connection with his claim would be true, accurate, and complete to the best of his knowledge. (DHECC Reply, Ex. A, Rec. Doc. 15602-1).

Pham also argues that the representation was not false, because his vessel did in fact undergo transmission repairs in April 2009. Pham swears in an affidavit that the CAPTAIN TOMMY's transmission failed on March 31, 2009, which preventing it from shrimping until April 17, 2009, when the repairs were complete. Pham also attaches an invoice reflecting that transmission repair work was performed between April 15 and April 17, 2009. However, Pham's representation was not merely that the vessel was docked for repairs during part of the month of April, it was that the CAPTAIN TOMMY spent more time "in shore than out shrimping and making an income" during all of 2009 due to mechanical failures. Indeed, Pham submitted false repair invoices for not only April, but also May, and December. These are the misrepresentations that induced the DHECC to exclude 2009.

Pham also argues that the DHECC has not shown that it justifiably relied on Pham's misrepresentation. Pham notes that six months passed between the time his claim was filed with the DHECC to the time it issued the eligibility notice. Thus, Pham faults the DHECC for missing what he calls "pretty clear internal inconsistencies" in the repair invoices and urges that the DHECC cannot establish justifiable reliance as a consequence. The Court has previously

---

shrimp for a portion of 2009, the contention itself was not false." (*Id.* at 10). "A few of the documents submitted appears to have been altered." (*Id.* at 11).

rejected arguments of this sort, and does so again here. (*See* Thonn Order at 21-22, Rec. Doc. 12794; Zirlott Order at 5-6, Rec. Doc. 14752; Parker Order at 6-7, Rec. Doc. 15325). Moreover, the Fifth Circuit recently rejected an argument similar to Pham's in the course of affirming the "Zirlott Order" just cited. *In re Deepwater Horizon*, 643 F. App'x at 382. As the court of appeals explained, "[U]nless a fraudulent misrepresentation is patently apparent, 'a person is justified in relying on a representation of fact 'although he might have ascertained the falsity of the representation had he made an investigation.'" *Id.* (citations omitted). The fact that the dates on the repair invoices were altered was not "patently apparent," particularly when considered with Pham's cover letter and in the context of a settlement program that has received over 300,000 claims for compensation.

In short, the DHECC has presented uncontroverted evidence that shows, clearly and convincingly, that Pham knowingly made a material and false representation to the DHECC when he submitted the cover letter and altered repair invoices, that Pham intended the DHECC to rely on this misrepresentation, that the DHECC did in fact rely on Pham's misrepresentation when it excluded the 2009 shrimping revenue and determined him eligible under the Reduced Expedited Compensation Method, and that this caused damage to the DHECC and other participants in the Seafood Compensation Program (whose recoveries are proportionately reduced) when the DHECC paid Pham under the Reduced Expedited Compensation Method. Accordingly, the Court will order Pham to return the entire $325,861 paid to him by the DHECC. Furthermore, because Pham has committed fraud upon a Court-supervised settlement program, the Court also finds that Pham has acted in bad faith, and, as a sanction under the Court's inherent authority, will prohibit Pham from participating in further distributions under the Seafood Compensation Program. *See id.* at 383.

## CONCLUSION

For the above reasons,

IT IS ORDERED that the Motion of the DHECC ("DHECC") for Return of Payments Made to Tommy Pham (Rec. Doc. 15361) is GRANTED.

IT IS FURTHER ORDERED that the DHECC shall submit a proposed judgment within seven days of issuance of this Order & Reasons.

New Orleans, Louisiana, this 2nd day of September, 2016.

_____
United States District Judge