# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig ) | |
| "Deepwater Horizon" in the Gulf of Mexico, ) | MDL No. 2179 |
| on April 20, 2010 ) | 02:10-md-02179 |
| ) | Section: J |
| This Document Relates to: ) | |
| ) | **JUDGE BARBIER** |
| All Cases ) | **MAG. SHUSHAN** |
| ) | |

## CLASS MEMBERS' OPPOSITION TO PETITION
## FOR REIMBURSEMENT OF EXPENSES
## AND COLLECTIVE COMMON BENEFIT FEE AWARD

Class Members and Eligible Claimants AHC Services LLC, 4605 Washington Blvd., Beaumont, TX 77707, Robert Dean Fontenot d/b/a Ace Blasting & Painting, 7625 Washington Blvd., Beaumont, TX 77707, McMakin, Inc., 4225 Gladys Ave, Beaumont, TX 77706, and Lynn Alan Rowell dba/ Beaumont Greenery, 3925 Delaware, Beaumont, TX 77706, hereby oppose Plaintiffs' Counsel's petition for attorneys' fees filed on July 21, 2016 that was filed in violation of FRCP 23(h)(1).[1]  Class Counsel failed to direct reasonable notice to all class members of the filing of their fee petition, and even failed to upload the petition to the settlement website.  In light of this failure, the Court should order Class Counsel to direct reasonable notice of their fee petition to all class members,

---

[1] The Class members' claimant id ##s and claim ##s are as follows: Lynn Alan Rowell d/b/a Beaumont Greenery, Claimant ID: 100192797, Claim ID: 168097.

McMakin, Inc., Claimant ID: 100191023, Claim ID: 164070.

AHC Services, L.L.C., Claimant ID: 100327765, Claim ID: 378022.

Robert Dean Fontenot d/b/a Ace Blasting & Painting, Claimant ID: 100274917, Claim ID: 284120.

and establish a schedule for objection and briefing that provides class members with adequate time to review the 141 page Petition and its numerous exhibits, and to prepare an adequate response.

Class Counsel's request for a fee that represents a lodestar multiplier of 3 at Enron rates is excessive, as this case created no new value, and merely shifted money from the Gulf Coast Claims Fund to the claims process established in this case.

I      **Class Counsel Must Direct Reasonable Notice of their Fee Petition to The Entire Class.**

In a 2012 Objection, certain class members objected to Class Counsel's intended fee request and the procedure to be followed in making it. Document 118 in 2:10-cv-0777. Those class members argued that the procedure for objecting to fees followed here violates both Rule 23(h) and due process, because fee objections must be filed before class counsel filed its motion for fees. The Preliminary Approval Order entered by this Court on May 2, 2012 stated:

> Any Economic Loss and Property Damage Class Member may present written objections explaining why the Agreement should not be approved as fair, reasonable and adequate; ***why attorneys' fees and expenses to Economic Class Counsel should not be awarded in the amounts requested***; or why judgment should not be entered as to that Economic Loss and Property Damage Class Member.

Thus, fee objections were due by August 31, 2012, but class counsel's fee petition was not filed until July 21, 2016, and there is no mechanism in place for notifying class members that it has been filed or providing access to it to the class.

Fed. R. Civ. P. 23(h) provides:

> (1) *Motion for Award of Attorney Fees*.  A claim for an award of attorney fees and nontaxable costs must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision, at a time set by the court.  Notice of the

2

> motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
>
> (2) *Objections to Motion*. A class member, or a party from whom payment is sought, may object to the motion.
>
> (3) *Hearing and Findings*. The court hay hold a hearing and must find the facts and state its conclusions of law on the motion under Rule 52(a).

This rule requires reasonable service of "*the motion*" on all class members before the time when fee objections are due. *In re: Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-994 (9th Cir. 2010). Since 2012, the Seventh Circuit has agreed with the Ninth that the fee motion must be on file before class members are required to object to a fee petition by class counsel. *See Redman v. Radioshack Corp.*, 768 F.3d 622, 637-38 (7th Cir. 2014)("Class counsel did not file the attorneys' fee motion until after the deadline set by the court for objections to the settlement had expired. That violated the rule.").

> The plain text of the rule requires a district court to set the deadline for objections to counsel's fee request on a date after the motion and documents supporting it have been filed.... The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed. In this case, although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired.

*Mercury, supra,* 618 F.3d at 994.

Because Class Counsel did not file their fee petition before the date when fee objections were due, and still has not directed reasonable notice of their fee motion to all class members, the district court is without authority to approve any fee award, and will be without any such authority until and unless Rule 23(h) is complied with. Class counsel has not even uploaded its fee petition to the settlement website's "Court

Documents" page as of September 12, 2016, despite the fact that other case documents that post-date the July 21, 2016 fee petition are already there.  *See Exhibit A*, printout of "Court Documents" page of settlement website as of September 12, 2016.  For example, the July 29, 2016 and August 31, 2016 Claims Administrator's Status Reports are available on the page, but not the July 21, 2016 fee petition.

Of course, simply uploading the fee petition to the Court Documents page is not sufficient notice to comply with Rule 23(h)(1).  However, such an upload would be the minimal first step in directing reasonable notice to all class members of the fact that Class Counsel have filed their fee motion, and that each class member has the right to file an objection thereto.[2]

While the 5th Circuit has permitted courts to choose between the percentage or lodestar methods in certain common fund cases, *see Union Asset Management Holding, A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012), this is not a common fund case.  *See In re Volkswagen and Audi Warranty Extension Litig.*, 2012 U.S. App. LEXIS 15636 (1st Cir. 2012)("common fund method should apply only where attorneys seek compensation from a discernible pot of money won by the plaintiffs").  Therefore, this Court must apply the traditional lodestar method of calculating attorneys' fees in this case.  See *In re: High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008)(5th Circuit employs lodestar method).  In non-common fund cases, class counsel's lodestar is a presumptively reasonable fee.  *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1673 (2010).

Most importantly, this is not a common fund case because BP had already paid $20 billion into the Gulf Coast Claims Fund, and had been paying claims as they came in

---

[2] The Claims Administrator has contact information for every class member who filed a claim for settlement compensation, making direct individual notice of the fee petition feasible and practical.

for two years prior to the proposed settlement.  In the absence of this settlement, BP would have continued paying claims through the GCCF.  While class counsel may have improved some aspects of the claims process to make them more uniform and transparent, this settlement has also harmed the class by making those settlement funds available to non-class members who were not harmed by the Deepwater oil spill, but who nonetheless submitted fraudulent claims against the fund because they could show losses that met the technical definition of damages covered by the settlement.

     Clearly, class counsel has not created a common fund of $7.5 billion, nor have they persuaded BP to put up any money that was not already on the table.  All class counsel has done is to revise the claims criteria and claims process in a manner that allowed businesses and individuals not harmed by the oil spill to file claims for compensation under the settlement.  Most of Class Counsel's lodestar was generated by fighting over this improper class definition on appeal.  The best way of measuring the benefit of what class counsel has done is through their actual lodestar, with a minimal enhancement.

## CONCLUSION

For the foregoing reasons, this Court should deny approval to Class Counsel's fee petition until such time as reasonable notice of the petition has been directed to the class, establish a briefing schedule for filing objections to the fee petition and a hearing date, and award Class Counsel no more than the amount of their unenhanced lodestar at Enron rates.

        AHC Services LLC, ACE Blasting & Painting, McMakin, Inc., and Lynn Alan Rowell dba/ Beaumont Greenery, By their attorneys,

        By: */s/ Stuart C. Yoes*
        Stuart C. Yoes
        State Bar No. 00798605
        THE YOES LAW FIRM, L.L.P.
        3535 Calder Avenue, Suite 235
        Post Office Drawer 7584
        Beaumont, Texas 77726-7584
        Tel: (409) 833-2352
        Fax: (409) 838-5577

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on September 12, 2016 and was filed with the Clerk of Court using CM/ECF.

        By*: /s/ Stuart Yoes*