UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEP WATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL NO.     2179 |
| | SECTION:  J |
| This Document Relates to:   13-01117 | JUDGE BARBIER |
| | MAG. JUDGE WILKINSON |

## GANGI SHRIMP COMPANY, LLC'S MEMORANDUN IN SUPPORT OF MOTION TO RE-OPEN CASE

NOW COMES, plaintiff, Gangi Shrimp Company, LLC, through undersigned counsel, who respectfully submits this Memorandum in Support of Plaintiff's Motion to Re-Open his BP claim relative to the Court's Order to Show Cause issued on June 7, 2016 [Doc. 18724] (Show Cause Order), Court's Order regarding compliance with PTO 60 [Doc. 20096] and BP's Objections and Responses to Plaintiff's PTO 60 Show Cause Submissions [Doc. 21131].

This Memorandum addresses specific issues raised by the Show Cause Order, and respectfully requests that this Court permit Gangi's case be re-opened and/or to proceed with its lawsuit against all named defendants.

In **PTO 60,** this Honorable Court ordered all plaintiffs who filed individual lawsuits to complete a sworn statement and submit the sworn statement under a cover sheet which was to be filed into the record of the plaintiff's individual lawsuit no later than May 2, 2016. Plaintiff, Gangi Shrimp Company, LLC. is such a plaintiff as he previously filed his individual law suit.

bearing docket number 2:13-CV-01117 (See attached hereto as Exhibit "A"). This May 2, 2016 deadline was extended by this Honorable Court to May 16, 2016.

The Court next entered Doc. 18724 which was an **ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 60** which required any plaintiff not listed in the exhibits attached to that document to show cause why their cases should not be dismissed with prejudice. On July 14, 2016, this Honorable Court in Doc. 20096 captioned **ORDER RE: COMPLIANCE WITH PTO 60** entered an Order dismissing all claims of plaintiffs not listed in **PTO 60** who have failed to show cause on or by June 28, 2016 why their petition should not be dismissed with prejudice.

Plaintiff, Gangi Shrimp Company, LLC submits that it was unable to comply with **PTO 60** or the subsequent **ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 60** filing because at no time did plaintiff or his previous attorney, Michael Britt, ever receive a copy of **PTO 60** (Doc. 16050) or the **ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 60** [Doc. 18724]. Additionally, Gangi Shrimp Company, L.L.C., for some unknown reason, wasn't listed in any of the lists attached to the aforementioned documents.

The only document plaintiff received was [Doc. 20996] captioned **ORDER RE: COMPLIANCE WITH PTO 60**. This document was received in late July, 2016, via U.S. Mail at Plaintiff's store located in Hammond, Louisiana. Why plaintiff or his previous attorney did not receive a copy of **PTO 60** or the **ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 60** via U.S. Mail as the Court instructed the Plaintiffs' Steering Committee to do on Page 5 of **PTO 60** is the exact issue which has caused Gangi Shrimp Company, L.L.C. to miss the deadline for compliance with **PTO 60,** and now face dismissla of its claim. What is even more

confusing is why plaintiff received **ORDER RE: COMPLIANCE WITH PTO 60** at his place of business , but no other filings or orders.

The documents attached hereto will reflect that the Plaintiff has attempted to comply with all of the Court's Orders when notice was received by Plaintiff that certain actions needed to be taken by a certain date.

Plaintiff's affidavit is attached hereto as Exhibit "B" and it clearly sets forth that Mike Gangi, Sr., as owner of Gangi Shrimp Company, LLC, has attempted to comply with all of the Court's orders to continue the prosecution of his claim for damages for the losses sustained by Gangi Shrimp Company, LLC as a result of the BP Spill on April 20, 2010.

Mr. Gangi filed a claim immediately following spill. Gangi Shrimp Company,L.L.C. received an Emergency Advance Payment Determination dated 12/13/10 in the amount of $143,800.00. See attached hereto as Exhibit "C" .

On February 16, 2012, plaintiff received a determination letter from the GCCF regarding a final payment to Gangi Shrimp Company, LLC, which plaintiff rejected. (See attached hereto as Exhibit "D ".

On October 18, 2012, plaintiff submitted a letter to the Deep Water Horizon Court of Supervised Settlement Program Exclusions Department declaring that Gangi Shrimp Company, LLC, was opting out of the Class Settlement (See attached hereto as Exhibit "E ").

On November 27, 2012, plaintiff received a letter from the Exclusions Department advising him of his right to revoke his prior opt out request which plaintiff refused to do. (See attached hereto as Exhibit "F".

Because Mike Gangi intended to proceed with his claim for Gangi Shrimp Company, LLC, he had Attorney Michael Britt file a lawsuit on April 18, 2013 naming numerous defendants seeking to recover the economic damages Gangi Shrimp Company, LLC, sustained as a result of the BP Oil Spill. See attached hereto as Exhibit "A".

For some unknown reason, plaintiff has received no other documentation concerning actions that needed to be taken to preserve plaintiff's rights to proceed for its economic damages sustained as a result of the BP Oil Spill.

Attached hereto as Exhibit "G" is the affidavit of Attorney Michael Britt who filed the Exhibit "A" attached petition on behalf of Gangi Shrimp Company, LLC. Mr. Britt clearly states that at no time since he filed a lawsuit did he ever obtain any documents from the Plaintiff's Steering Committee, and more particularly, **PTO 60** (Document 16050) in which this Honorable Court on Page 5 of 6 in that Order required "the PSC shall email a copy of this Order to known counsel of record for plaintiffs who joined in the amended B1 mass complaint, and/or opted out of the economic property damages as settlement and may therefore be subject to this order." Mr. Britt clearly states in his affidavit that he never received this document from the PSC. He further states that he did not receive the Rule to Show Cause filed by this Honorable Court bearing Doc. 18724 which effectively dismissed Gangi Shrimp Company, LLC's claim for damages for failing to comply with **PTO 60,** and more particularly, to file the three page Sworn Statement and cover sheet in Plaintiff's lawsuit.

If a party (like Gangi) has not received notice that certain actions need to be taken by a certain date to preserve its right to proceed with its claim, and failure of which renders their lawsuit dismissed, than how can that plaintiff be expected to comply with the Court's Order.

This Court should require the Plaintiff's Steering Committee or counsel for BP to explain why Gangi Shrimp Company, L.L.C.'s name was not placed on one of the lists attached to the aforementioned documents and why **PTO 60** was not mailed to Gangi Shrimp Company, L.L.C. as ordered by this Honorable Court.

Out of the interest of fairness and judicial economy, Gangi Shrimp Company, LLC prays that this Honorable Court permit its case to move forward and allow his sworn statement and cover sheet attached hereto as Exhibit "H" be filed and plaintiff be allowed to pursue its claim for damages.

Respectfully submitted,

BY: /s/ Michael A. Britt

**MICHAEL A. BRITT LSBA #3489**
3701 Williams Blvd., Suite 255
Kenner, Louisiana 70065
Telephone: (504) 441-8660
Telecopier: (504) 443-2774
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply to Order to Show Cause has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pre Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF Syster, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of ~~August~~ September, 2016.

/s   Michael A. Britt

MICHAEL A. BRITT