JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gangi Shrimp Company, LLC

## DEFENDANTS
SEE ATTACHED

**(b)** County of Residence of First Listed Plaintiff: Jefferson, Louisiana
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael A. Britt Attorney at Law
3701 Williams Blvd., Suite 255
Kenner, LA 70065

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
33 U.S.C. 2701 (Oil Pollution Act)
Brief description of cause:
Loss of income and business as a result of BP oil spill

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE Carl Barbier
DOCKET NUMBER 1128/MDL 2179

DATE 4-18-2013
SIGNATURE OF ATTORNEY OF RECORD /s/ Michael A. Britt

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE


EXHIBIT A

BP, P.L.C.
C.T. Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

BP America Production Company
C.T. Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

BP America Inc. Company
C.T. Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

BP Exploration & Production, Inc.
C.T. Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

BP Products North America, Inc.
The Prentice-Hall Corporation System, Inc.
320 Somerulos Street
Baton Rouge, LA 70802-6129

Halliburton Entergy Services, Inc.
C. T. Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Halliburton Company
C. T. Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Transocean Ltd.
4 Greenway Plaza
P. O. Box 2765
Houston, TX 77252-2765

Transocean Offshore Deepwater Drilling, Inc.
4 Greenway Plaza
P. O. Box 2765
Houson, TX 77252-2765


Transocean Holdings
4 Greenway Plaza
P. O. Box 2765
Houston, TX 77252-2765

Transocean Deepwater, Inc.
4 Greenway Plaza
P. O. Box 2765
Houston, TX 77252-2765

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Gangi Shrimp Company, LLC | * | CASE NO: |
| | * | |
| **VERSUS** | * | JUDGE |
| | * | |
| BP, P.L.C.; BP America Production Company; BP Exploration & Production, Inc.; BP America, Inc.; BP Products North America, Inc.; Transocean, Ltd.; Transocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; Transocean Holdings, LLC; Halliburton Energy Services, Inc.; and Halliburton Company | * | MAGISTRATE JUDGE |
| **Defendants** | * | |

*******************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Gangi Shrimp Company, Inc., individually and not as a member of any proposed class, who respectfully represents as follows:

### Nature of the Action

1.

Plaintiff files this Complaint to recover damages resulting from the explosion, sinking and subsequent discharge of oil from the Deepwater Horizon Mobile Offshore Drilling Unit (hereinafter "Deepwater Horizon") that occurred on or about April 20, 2010 in Mississippi Canyon 252 on the Outer Continental Shelf directly adjacent to the coast of Louisiana. The explosion caused over 200 million gallons of oil to spill into the Gulf of Mexico.

The oil discharge created a massive oil slick on the surface of the Gulf of Mexico and oil plumes underneath the surface of the Gulf of Mexico. The oil discharge was extremely toxic and hazardous and resulted in a massive closure of commercial fishing grounds in Louisiana, Mississippi, Alabama and Florida.

### Parties

2.

Plaintiff is a seafood (shrimp, crabs, fish and crawfish) dealer, broker, wholesaler, retailer, and/or other seafood business directly related to commercial fishing/shrimping and the sale of seafood obtained from the Gulf of Mexico and in the Coastal Zone pursuant to 43 U.S.C.§1331(e).

3.

As a direct result of the oil discharge and subsequent closure of commercial fishing grounds, Plaintiff has suffered and will continue to suffer significant economic damages, including but not limited to past, present and future earnings and earning capacity.

3.

Defendants herein are the following:

(a)   BP, P.L.C. is a British public limited company with its corporate headquarters in London, England. BP, P.L.C. is the global parent company of the worldwide business operating under the "BP" logo. BP, P.L.C. operates its various business divisions, such as the "Exploration and Production" division within BP Exploration and BP America, through vertical business arrangements aligned by product or service groups. BP, P.L.C.'s operations are worldwide, including in the United States. Defendants BP Exploration and BP America are wholly-owned subsidiaries of BP, P.L.C. and are sufficiently controlled by BP, P.L.C. so as to be BP P.L.C.'s agents in

Louisiana and the U.S. more generally. Plaintiffs adopt and incorporate by reference all jurisdictional allegations against BP, P.L.C. set forth in Paragraphs 212-218 of the Amended B1 Master Complaint (Doc. No. 1128) filed in MDL 2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.*

(b) BP America Production Company is a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America Production Company because BP America Production Company is registered to do business in Louisiana, does business in Louisiana and has a registered agent in Louisiana.

(c) BP Exploration & Production, Inc. is a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration & Production, Inc. was designated a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution Act of 1990, 33 U.S.C. §2714. This court has personal jurisdiction over BP Exploration & Production, Inc. because it is registered to do business in Louisiana, does business in Louisiana and has a registered agent in Louisiana;

(d) BP America, Inc. is a foreign corporation doing business in the State of Louisiana and within this District;

(e) BP Products North America, Inc. is a foreign corporation doing business in the State of Louisiana and within this District;

(f) Transocean, Ltd. is a foreign corporation organized and existing under the laws of Switzerland but that is doing business in the State of Louisiana and within this District;

(g) Transocean Offshore Deepwater Drilling, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware but that is doing business in the State of Louisiana and within this District;

(h) Transocean Deepwater, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware but that is doing business in the State of Louisiana and within this District;

(i) Transocean Holdings, LLC is a foreign corporation doing business in the State of Louisiana and within this District;

(j) Halliburton Energy Services, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware but that is doing business in the State of Louisiana and within this District; and

(k) Halliburton Company is a foreign corporation doing business in the State of Louisiana and within this District.

4.

BP, P.LC., BP America Production Company, BP Exploration & Production, Inc., BP America, Inc. and BP Products North America are collectively referred to herein as "BP."

**Jurisdiction and Venue**

5.

This Honorable Court has subject matter jurisdiction over all claims asserted in this action pursuant to 28 U.S.C. §1332 as this is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; 28 U.S.C. §1333 as this is a civil action of admiralty or maritime jurisdiction; and 28 U.S.C. §1331 as this is a civil action involving the laws or treaties of the United States, including but not

limited to general maritime law, general maritime products liability law, and the Oil Pollution Act, 33 U.S.C. §2701, et seq.

6.

This Court has personal jurisdiction over each of the Defendants as each either does business in Louisiana or has significant contacts within Louisiana to justify the exercise of personal jurisdiction consistent with the laws of the State of Louisiana and the Constitution of the United States of America.

7.

Venue in this District is proper and appropriate pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## Allegations of Fact

8.

Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint (Doc. No. 1128) filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*.

9.

To the extent necessary, Plaintiff timely opted out of *Deepwater Horizon* Economic and Property Damages Settlement Agreement.

10.

Plaintiff has satisfied "presentment" under 33 U.S.C. §§2702(b) and 2713 through claims made and asserted with either BP immediately after the spill, the Gulf Coast Claims Facility, or BP after opting out of the Deepwater Horizon settlement. Plaintiff's claims made

and asserted with BP's agents or representatives satisfy "presentment" and Plaintiffs' claims are ripe for adjudication.

11.

The Deepwater Horizon is and was at all times pertinent hereto owned and/or operated by Defendants Transocean Ltd., Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc. and/or Transocean Deepwater, Inc. (collectively "Transocean"). The Deepwater Horizon is a semi-submersible offshore mobile drilling unit that was being utilized to perform oil drilling and oil completion operations for Defendants BP, PLC, BP America Production Company, BP Exploration and Production, Inc., BP America, Inc., and BP Products North America, Inc. (collectively "BP") on or about April 20, 2010 in Mississippi Canyon Block 252 on the Outer Continental Shelf.

12.

BP is a designated holder of a lease granted by the Minerals Management Service to perform the oil drilling and oil completion operations, and on April 20, 2010 BP was operating the oil well that is the source of the oil discharge. BP is the specifically designated operator of the lease granted by the Minerals Management Service. BP, is strictly liable for all activities and damages surrounding the explosion, sinking and subsequent oil discharge from the site in Mississippi Canyon Block 252 on the Outer Continental Shelf where the Deepwater Horizon was operating.

13.

Halliburton Company and Halliburton Energy Services, Inc. (collectively "Halliburton") were engaged in cementing operations on or about the Deepwater Horizon at all times pertinent hereto, including at the time of the explosion and subsequent sinking and oil discharge. Upon information and belief, Halliburton performed its cementing operations negligently and

improperly, allowing highly combustible gas and other combustible material to escape from the well and subsequently ignite.

14.

Plaintiff specifically avers and asserts that the Shipowner's Limitation of Liability Act, 46 U.S.C. § 183, et seq. does not apply to the claims asserted in this manner, specifically including but not limited to any claims asserted under the Oil Pollution Act, 33 U.S.C. § 12701 et seq ("OPA") insofar as it abrogates the Shipowner's Limitation of Liability Act. Accordingly, any stay issued by any Court as a result of invocation of the Shipowner's Limitation of Liability Act has no force and effect on this matter.

15.

BP has been named the responsible party under the OPA and has publicly accepted responsibility pursuant to the OPA. The OPA's liability cap does not apply in this matter as BP has publicly accepted and admitted that the liability cap does not apply. Irrespective of any such admission(s), the liability cap does not apply as BP was grossly negligent in all respects surrounding the operation of the Deepwater Horizon and in causing the explosion, sinking and oil discharge.  In addition to damages under the OPA, BP is also responsible for all other damages under maritime and/or state laws.

16.

Plaintiff earns its livelihood, in whole and/or in part, from the commercial shrimp and seafood industry. The viability of the domestic shrimp and seafood industry has been severely damaged by the Deepwater Horizon explosion and oil discharge. Plaintiff has suffered, and will continue to suffer, severe economic losses as a result of the damage caused to the commercial shrimping, crabbing and fishing industry. Those losses are direct, immediate and irreversible.

17.

The United States shrimp industry has been under siege for years from unfairly traded and dumped imports from overseas. The Deepwater Horizon explosion and oil discharge significantly decreased the supply and/or demand for domestic shrimp, leading to a substantial increase in imported shrimp and a consequent loss of market share for gulf shrimp. This loss is ongoing every time oil surfaces in the commercial fishing grounds and is potentially irreversible causing severe, long-term economic and non-economic damages to Plaintiff.

## Causes of Action

18.

Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint (Doc. No. 1128) filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, including any subsequent supplemental or amending complaints thereto. Plaintiff's causes of action include, but are specifically not limited to claims under the Oil Pollution Act, general maritime law and state law.

### First Cause of Action: Negligence, Gross Negligence and Strict Liability

18.

Plaintiff re-avers and re-alleges each and every allegation previously set forth above with the same force and effect as if copied herein in extenso.

19.

Upon information and belief, the blow-out, fire, explosion and resulting oil discharge and damages were caused by the concurrent, joint negligence, gross negligence and strict liability

fault of all of the Defendants in the following non-exclusive particulars:

a. Failing to properly operate the Deepwater Horizon in a safe and reasonable manner;

b. Operating the Deepwater Horizon in such a manner that a fire and explosion occurred on board, causing it to sink and resulting in a massive discharge of oil;

c. Failing to properly inspect the Deepwater Horizon to make sure that its equipment and personnel were fit for their intended purpose;

d. Acting in a careless, negligent and reckless manner without due regard for the safety of others and for the potential consequences of an explosion and oil discharge;

e. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have avoided the fire, explosion, sinking, oil discharge and damages;

f. Operating the Deepwater Horizon with untrained and unlicensed personnel;

g. Inadequate and negligent training and hiring of personnel;

h. Failing to take appropriate action to avoid or mitigate the accident and resulting damages;

i. Negligent implementation of safety policies and procedures;

j. Employing untrained or inadequately trained employees and/or failing to properly train their employees;

k. Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

l. Failing to timely warn;

m. Failing to timely bring the oil discharge under control;

n. Failing to provide appropriate accident prevention and remediation equipment;

o. Failing to observe and read gauges that would have indicated excessive pressures in the well;

p. Failing to react to danger signs;

q. Manufacturing and/or selling and/or providing BOP's that did not work properly;

r. Conducting well and well cap cementing operations improperly;

s. Failing to provide, monitor, and utilize adequate mud control;

t. Acting in a manner that justifies imposition of punitive damages; and

u. Any other acts of negligence and omissions as will be shown at the trial of this matter;

20.

In addition, and in the alternative, the blow-out, fire, explosion, sinking and resulting oil spill and damages were caused by defective equipment, including the BOP's that were in the care, custody, and control of Defendants and over which the Defendants had custody or *garde*. Defendants knew or should have known of these defects and Defendants are, therefore, strictly liable for them.

21.

The injuries to Plaintiff were also caused by or aggravated by the fact that Defendants failed to take necessary actions to mitigate the danger associated with their operations, and failed to have an adequate plan in place to address a blow-out and/or explosion and fire of the magnitude that occurred and containment of the spill that occurred.

22.

In addition to the negligent actions described above, and in the alternative thereto, the injuries and damages suffered by Plaintiff were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiff, but which were within the knowledge and control of the Defendants, there being no other possible conclusion than that the fire, explosion, sinking and oil spill resulted from the negligence of Defendants. Furthermore, the fire, explosion, sinking and the resulting oil spill would not have occurred had the Defendants exercised the high degree of care imposed on them, and as such, Plaintiff pleads the doctrine of *res ipsa loquitur*.

23.

Defendant BP is also liable to Plaintiff for causing damages to the shrimp and seafood industry as a result of actions and inactions in the performance of its obligations as the Responsible Party under the Oil Pollution Act. As the Responsible Party under the Oil Pollution Act BP had the statutory responsibility to process and adjust economic loss claims in a fair and reasonable manner. BP failed in carrying out these responsibilities and negligently administered its obligations to pay economic loss claims under the Oil Pollution Act for the following, non-exclusive reasons:

a. Negligently failing to timely and adequately compensate Plaintiff for economic losses that were adequately presented according to BP's claims guidelines; and

b. Negligently paying economic loss claims either during the initial claims process or in the Deepwater Horizon court settlement in a disproportionate manner to different sectors within the seafood industry, thereby altering the conditions of competition and distorting the economies of the domestic seafood industry, creating past, present and future economic losses;

23.

Plaintiff is entitled to judgment finding Defendants liable to Plaintiff for damages suffered as a result of Defendants' negligence and gross negligence and awarding Plaintiff adequate compensation in amounts determined by the trier of fact.

### Second Cause of Action: Oil Pollution Act

24.

Plaintiff re-avers and re-alleges each and every allegation previously set forth above with the same force and effect as if copied herein in extenso.

25.

The OPA imposes liability upon a responsible party for discharges from facilities including facilities such as the Deepwater Horizon. 33 U.S.C. § 2702. BP has been named and has accepted responsibility under the OPA. As such, BP is strictly liable to Plaintiff for all damages and removal costs, as well as reimbursement of attorney's fees and costs.

### Third Cause of Action: Products Liability

26.

The BOPs in place at the Deepwater Horizon failed to operate and were unreasonably dangerous in design, manufacture/composition, due to a failure to properly warn, and due to breach of an express warranty.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a. Economic, compensatory, special, general, and punitive damages in amounts to be determined at trial;

b. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

c.  Attorney's fees and costs of litigation;

d.  All such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate; and

e.  A trial by jury as to all Defendants.

RESPECTFULLY SUBMITTED:

*Michael A. Britt*

MICHAEL A. BRITT   LSBA #3489 3701 Williams Blvd., Suite 255 Kenner, LA 70065                               (504) 441-8660 Telephone
(504) 443-2774 Facsimile
Attorney for Plaintiff