UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| | : | |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Wilkinson |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

## <u>DECLARATION OF THOMAS R. THEISEN</u>

Thomas R. Theisen hereby declares and states as follows

1. I am over the age of 18, and am a resident of New Mexico.

2. I am currently the Vice President and Director of Claim Processing for BP Claim Pro. Over the last 30 years I have worked in engineering design, inspection and investigation. As an entrepreneur I have created and managed many small businesses.  In my current business I worked with a team to develop a web-based calculator and a multitude of excel spreadsheets that mirror the calculations performed by Deepwater Horizon Venders. The calculations match the requirements of the Deepwater Horizon Amended Settlement Agreement and Policies as determined by the Office of the Claims Administrator.

3. Our business has specialized in assisting small business and individual Claimants. Over the last 3 years BP Claim Pro has successfully assisted hundreds of small businesses understand and complete the requirements of the Amended Settlement Agreement. The most difficult item to complete for most small businesses are the Profit and Loss statements. Most small businesses that I have encountered in our business exist in survival mode. Creating business comes first, and accounting is not something most small businesses truly understand. We give guidance and assist the business owner in understanding the required background documentation needed to justify the financial statements. Additional documentation is typically needed for small business claims as most small business take and use cash, not always depositing all revenue into the bank. For this reason, DHECC allows alternate source documentation to be used to reconcile the claimant's profit and loss statements. According to Policy 464 "…may create such monthly *statements based on contemporaneous alternate source documents (which may*

1

*include, but are not limited to, invoices supporting revenues, invoices or bills supporting expenses, purchase orders, bills of lading, contracts, leases, bank statements, schedules, check registers, canceled checks, sales journals, credit card statements, etc.)."* Unfortunately, although the documents may have been available in 2012, or when J. Lynn Barker interviewed the Claimant, it appears the documents were not requested.

4.  I have reviewed the BEL Claim # 100064547 for Martin R. Formento dba Leave It To Beaver Charters. I have also reviewed and used the Declaration of J. Lynn Barker, the profit & loss statements included in the Exhibits submitted with the Declaration of J. Lynn Barker (the "Declaration"), documents and notices within the Deepwater Horizon Portal of Claimant ID 100064547 (Claim ID 29437), the Deepwater Horizon Amended Settlement Agreement, and Policies as determined by the Office of the Claims Administrator.

5.  In the course of my review I duplicated the calculation as performed by the Deepwater Horizon reviewer. This was done to verify that my calculations would match the calculations as performed by the reviewer in 2012, within reason, as reported on the Eligibility Notice issued to claimant dated November 20, 2012 and attached as Exhibit A.

6.  The calculation performed by Deepwater resulted in a compensation amount of $52,699.83 and Risk Transfer Premium of $131,749.58 for a total award of $184,449.41. This amount does not include Claimant Accounting Support as this reimbursement is not a part of the base calculation.

7.  I calculated the claim based on the *final* set of profit and loss statements referenced by Mr. Barker as 160801 Dec Ex H, I and J, along with the excel spread sheet prepared by the DWH reviewer (Document File ID 17272922). In comparison my calculation also resulted in a total award of $184,449.41. The complete excel spreadsheet is attached as Exhibit B.

8.  I also calculated the claim based on the *original* set of profit and loss statements referenced by Mr. Barker as Dec. Ex. D, E and F. This resulted in a compensation amount of $33,313.44 and Risk Transfer Premium of $83,283.60 for a total award of $116,597.04. The calculations are attached as Exhibit C.

9.  This creates a difference of $67,852.37 between the original P&Ls and final set. In part 5 of the Declaration Mr. Barker states this claim was overpaid by $114,000. I can find no methodology to verify Mr. Barker's statements in part five of his Declaration.

10. I have used the Declaration to follow the timeline of the GCCF claim. The Deepwater Horizon Portal does not track the submission date of documents submitted to the GCCF program. I also could not find all of the documents referenced by the Declaration in the Claimant's Deepwater Portal. Following are my findings:

a.   On Page 2 at 5(c) the Declaration points out the Claimant filed a GCCF claim on or about 11/23/2010. At that time the claimant submitted copies of his 2007-2009 tax returns, unsigned.

b.   Beginning on page 2 at 5(d) the Declaration states that William Becker Consulting filed a claim with GCCF on behalf of Leave it to Beaver on or around 9/12/2011. As the initial claim was started by the Claimant on 11/23/2010. The Claimant came to William Becker Consulting to assist with a denial notice on an existing claim. At this time, according to the Declaration, the original set of profit and loss statements were submitted. We are unable to determine if William Becker Counseling had a copy of the tax returns previously submitted to GCCF. The claim documentation William Becker Consulting prepared relied solely on the original profit and loss statements submitted. See Doc. File ID# 15929651, attached as Exhibit D.

c.   The amounts on all tax returns submitted match the tax transcripts submitted to the Deepwater Horizon Program in October of 2012. The transcripts (160801 Dec. Ex K, L and M) show that the 2008 taxes were submitted to the IRS on Dec.06, 2010, 2009 on Dec.17, 2010 and 2010 on Sep.22, 2011.

d.   On page 2 at 5(c)(3), GCCF issued a deficiency letter on 10/22/2011 stating the 2009 and 2010 monthly revenue totals on the profit and loss statements are not consistent with the 2009 and 2010 tax return totals.

e.   The Declaration states in 5.d.4.: "*On 11/07/11, Bill Becker sent an email to GCCF in response to the Deficiency Letter (Doc. ID# 4790528, page 41) attaching profit and loss statements for 2008-2010 which reflected a print date of 10/11/11 (Doc. ID# 4790528 pages 1-40) and a letter of explanation containing the signature of Martin Formento (Doc. ID 4790528 page 43) stating, "As per your request we have asked our accountant to review and correct of P & L statements for 2009 through 2010".* This statement is the only evidence in the record regarding who created the allegedly fraudulent second set profit and loss statements. It was either the claimant or claimant's accountant, but Becker did not prepare these profit and loss statements.

f.   On 12/30/11, GCCF issued a deficiency denial letter stating additional documentation was needed, stating "Unable to accurately calculate claim, because the 2009 and 2010 monthly revenue totals do not compare to the 2009 and 2010 tax return totals." The letter requested an explanation of discrepancies between monthly revenues and tax return totals." There is no response to this notice. See Barker Dec. 5.d.5.

g.  As the timeline of events shows, all tax returns and profit and loss statements were submitted during the GCCF review of the claim. GCCF closed in March 2012, while the claim was incomplete. At that time, no one could have known the impact that the new Deepwater Horizon program would have on this claim, including the claimant and Becker.

h.  Mr. Barker's statement "*The increase in revenue for the 2008 and 2009 tax returns did not result in additional taxes*" is misleading. The only way an increase in revenue would not result in additional taxes is when there is also an increase in expenses. Attached Exhibit G, shows the complete year end summary for both the income and expenses.

i.  Exhibit G also shows that there was not only an increase in the revenue, but the expenses also increased. I have highlighted the variable expenses listed on the DWH reviewer's worksheet (Doc. File ID 17272922). I note that the variable expenses in 2008 and 2009 increased with the revenue. In 2010 the revenue may have decreased, but the variable expenses increased slightly.  A person with pre-knowledge of the Deepwater Horizon Settlement would also know to decrease the variable expenses to increase the value of the BEL claim.

11. Following is a summary of the timeline of events.following The Deepwater Horizon Settlement.

a.  On or about 07/06/12, on behalf of Leave It to Beaver Charters (100064547), Formento filed a BEL (Business Economic Loss) claim with DHECC, with the assistance of William Becker Consulting. It appears that the tax returns and profit and loss statements were transferred from GCCF to the Deepwater Horizon portal by DHECC.

b.  On 10/02/2012 the Deepwater reviewer called Mr. Becker for clarification of the income statements and requested IRS transcripts for 2008-2010. See attached Exhibit E.

c.  An Incomplete Notice was issued by DWH on 10/11/2012. See attached Exhibit F. The Notice stated claimant needed to submit:
    *IRS transcripts for 2008 through 2011; Clarification regarding multiple versions of income statements provided by the claimant - specifically a determination of which information to use as well as a reconciliation of that information to the transcripts also requested.*

d.  On 10/18/2012 Mr. Becker posted a PDF file containing the tax transcripts. The file is listed as corrupt, password protected, in the DWH portal.

e.  On 10/23/2012 The DWH reviewer reached out to the representing Attorney asking for the password to the PDF of the transcripts.

f.  On 10/23/2012 Becker's office loaded the unprotected tax transcripts.

g.  On 11/20/2012 an Eligibility Notice was issued to claimant, without the Deepwater reviewer requiring the Claimant to submit any additional information.

4

     h.   Payment was issued on this claim on 2/05/2013.

12. Based on the time line as presented in the Declaration of J. Lynn Barker I find no indication that the documents summited to the IRS, GCCF and then DHECC were altered, increased or decreased, for the purpose of defrauding the IRS, GCCF or the Deepwater Horizon Settlement. Based on the time line the Claimant could not have had knowledge of the GCCF calculation when he filed the 2008-09 taxes to the IRS. The 2010 tax returns were submitted to GCCF on or before 9/12/2011, and the revenue reported was higher than the original P&L statements.

13. Mr. Barker states, *"Formento increased the revenue for the Benchmark months (2008-2009) and decreased revenue for the compensation months (2010), thereby causing a larger variable loss in order to fraudulently increase his BEL award amount."* However I found that both sets of profit and loss statements were completed before the creation of the Deepwater Horizon Settlement, the Claimant could not have increased the revenue for the Benchmark months (2008-2009) and decreased revenue for the compensation months (2010) in order to increase his BEL award amount.

14. I certify that all documents attached to this response are true and correct copies of the originals.

**Signature Page Follows**

**Signature Page To Declaration of Thomas R. Theisen**

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on September   9   , 2016.

_____

Thomas R. Theisen