UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL NO. 2179** **SECTION J** |
| *Applies to 12-970;* *Bon Secour Fisheries, et al., on behalf of themselves and all similarly situated, vs. BP Exploration & Production, Inc., et al.* AND- *No. 16-13614; Claim ID #39307* | **JUDGE BARBIER** **MAG. JUDGE WILKINSON** |

**MEMORANDUM IN SUPPORT OF MOTION TO ALTER JUDGMENT**

MAY IT PLEASE THE COURT, and with due respect, Claimant requests that the Court reconsider the Order and Judgment rendered in this case. Without waiving the right to appeal the correctness of the Court's determination regarding the terminus of Highway 433 into Highway 11, Claimant asks the Court to consider whether proximity to the dedicated curve from north-bound Highway 11 onto Highway 433 brings Claimant into Zone A. In its reasons for judgment, footnote 1, the Court expressly declines to consider this important factual aspect of the claim before it.[1]

The Court declined to consider the exit ramp from Highway 11 because it does not consider Highway 11 to be the boundary road between Zone A and Zone D. Claimant suggests that the Court has conflated Section 4 of Exhibit 1C with Section 2.4. Section 4 deals with parcels located on boundary roads that border two different zone types, pulling parcels on the "wrong" side of the road into the more preferential zone. That is the only Section of Exhibit 1C

---

[1] The issue of a surface level "exit ramp" raised in this review is currently under advisement by the Fifth Circuit. Claimant ID 100201250 v. BP Exploration & Prod'n, Inc., et al., Case No. 15-30983 (oral argument heard August 30, 2016). The case is sealed, but Claimant has been made aware of the identicality of the issues.

that deals with boundary roads as such. That is not the section at issue in this Claim, as Claimant's parcel is located on neither Highway 433, nor Highway 11, nor any other bounding road.

Section 2.4 of Exhibit 1C makes no mention of boundary roads at all. Section 2.4 creates a circle around exit ramps:

> **The following criteria shall govern whether a parcel is included within a zone:**
> 2. On surface roads with exit ramps and frontage roads (e.g. Highway 49 from Hattiesburg to Gulfport), the following parcels shall be included:
>     4. Any parcel within a 0.25 mile radius from the end of each exit ramp right-of-way

Radius in its ordinary usage is defined as "1. a straight line from the center of a circle or sphere to any point on the outer edge; *also* : the length of this line. 2. an area that goes outward <u>in all directions</u> from a particular place." http://www.merriam-webster.com/dictionary/radius (emphasis supplied). Section 2.4 in effect expands the zone of an exit ramp to include a circle with a quarter mile radius. The exit ramp from north-bound Highway 11 to Highway 433 is in Zone A. Claimant's parcel is located within the quarter mile circle around that ramp, and so is also located in the extended Zone A created by Section 2.4.

Under the Court's interpretation only those businesses across Highway 11 in Zone B would enjoy the benefit of this provision because the Court believes that Highway 11 does not create a boundary with Zone D.



In other words, the Court only considers the .25 mile radius to be an area around the exit ramp in some directions, and not others. That is contrary to the plain meaning of the term radius and the contract provision. Section 2.4 gives no indication whatsoever that the circle created around an exit ramp should include some parcels and exclude others, or should only extend in the direction of a zone whose boundary is created by the road from which the ramp exits. The Claims Administrator considers the .25 mile radius to include the entire circle. So did the appeal panelist. BP has never even argued that the .25 mile radius around an exit ramp should not include the entire circle. The Court's Order and Judgment in this claim is the first time Claimant has seen this interpretation rendered.

Claimant asks the Court to apply the plain meaning of "radius" to include the area .25 miles in all directions from the exit ramp right of way, and thereafter to consider whether the dedicated curve from northbound Highway 11 to Highway 433 constitutes an exit ramp "on a surface road with exit ramps and frontage roads" as contemplated by Exhibit 1C. Highway 11 has more of a frontage road than Section 2.4's exemplar Highway 49 along the stretch where Highway 11 runs with I-59. The exit ramp from Highway 11 to Highway 433 is indistinguishable

from the exit ramp of Highway 49 at Highway 90 in Gulfport. Highway 49 <u>must</u> be a "surface road with exit ramps and frontage roads" according to the terms of the Settlement Agreement. And therefore so must Highway 11 at Highway 433. BP's argument seeks to nullify a term of the contract in order to limit its liability.

The Claims Administrator and the Appeal Panelist correctly determined that Claimant is located in Zone A pursuant to Exhibit 1C Section 2.4. Those decisions should be upheld and discretionary review should be denied.

Respectfully submitted this 21st day of September, 2016,

*/s Joel Waltzer*
Joel Waltzer (LA Bar # 19268)
Waltzer Wiygul & Garside, LLC
1000 Behrman Highway
Gretna, LA 70056
joel@wwglaw.com
Tel: (504) 340-6300
Fax: (504) 340-6330

**CERTIFICATE OF SERVICE**
I hereby certify that the above and foregoing Motion To Alter Judgment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of September, 2016.

*/s Joel Waltzer*