UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>    "Deepwater Horizon" in the<br>    Gulf of Mexico, on<br>    April 20, 2010 | MDL 2179<br><br><br>SECTION "J" |
| This Document Relates to:<br>Nos. 12-970, 15-4143, 15-4146 & 15-4654 | JUDGE BARBIER<br>MAG. WILKINSON |

**OBJECTIONS AND PROPOSED AMENDMENTS BY THE PARISH OF
PLAQUEMINES, THE PLAQUEMINES PARISH SCHOOL BOARD, THE
TOWN OF GRAND ISLE AND GRAND ISLE INDEPENDENT LEVEE DISTRICT
AND THE TOWN OF LAFITTE TO THE FINAL APPROVAL OF THE PROPOSED
HESI AND TRANSOCEAN PUNITIVE DAMAGES CLASS ACTION SETTLEMENTS**

**NOW COME** the Plaquemines Parish Government ("Plaquemines Parish"), the Plaquemines Parish School Board ("PPSB"), the Town of Grand Isle and Grand Isle Independent Levee District ("Grand Isle") and the Town of Lafitte ("Lafitte"), in accordance with the Court's Orders dated April 12, 2016 and May 6, 2016, hereby submit the following limited objections ("Objections") to the final approval of the proposed HESI and Transocean Punitive Damages Class Action Settlements.[1]

Plaquemines Parish, PPSB, Grand Isle and Lafitte do not object to the HESI-Transocean Punitive Damages Settlement, rather we object to certain terms and operational clauses and to identify deficiencies in the New Class Claims Administrator's Proposed Distribution Model for the Combined Halliburton Energy Services, Inc. and Transocean Ltd. Settlements Fund ("Proposed Distribution Model"). These objections pertain to the types of proof required and/or allowed to support particular claims of the local governmental entities herein. The purpose of these Objections is to seek modification in the Proposed Distribution Model to include specific

---

[1] Please see the Affidavit of Scott R. Bickford, attached as **Exhibit A**.

forms of proof which more accurately coincide with the real property claims of local governmental entities. Additionally, we seek amendments to the Proposed Distribution Model to expand the evidence allowed to prove the actual oiling of real properties.

### Objections and Proposed Amendments to the Proposed Distribution Model

Plaquemines Parish, PPSB, Grand Isle and Lafitte object to the following provisions of the Proposed Distribution Model and propose the following revisions**:**

1. **Proof Required For Ownership on Wetlands Real Property Claims Within the HESI-Transocean Punitive Damages Settlement**

The Proposed Distribution Model currently requires the following items as proof of ownership in support of any Wetlands Real Property Claims:

- Parcel Identification Number;
- 2010 Property Tax Bill; and
- Deed showing ownership on 4/20/2010[2]

The above-listed items are relatively nonexistent when dealing with real properties owned by local governmental entities such as Plaquemines Parish, PPSB, Grand Isle and Lafitte. The real properties owned by local governmental entities are usually identified by Section, Township and Range as opposed to Parcel Identification Numbers due to the fact that local governmental entities do not pay property taxes to themselves. In other words, in many cases the real properties owned by local governmental entities are not accurately reflected by the local tax assessor's rolls because the local governmental entities do not tax themselves. Moreover, rarely do local governmental entities acquire real properties "by deed" as would individuals and

---

[2] See **Proposed Distribution Model**, Rec. Doc. 18797, pp. 11, 35-36.

2

businesses. Rather, local governmental entities acquired most of their real properties through transfers from the State of Louisiana and through judicial determinations.

Although the New Class Administrator has reserved "the right to require additional documentation or to consider appropriate alternative documentation he deems to be reliable and appropriate for verification and evaluation of a given claim,"[3] it is entirely unclear what actually qualifies as "additional" or "appropriate alternative" documentation. Therefore, in an abundance of caution, Plaquemines Parish, PPSB, Grand Isle and Lafitte object to the language limiting the forms of proof as being the only evidence allowed to support a real property claim under the HESI-Transocean Punitive Damages Settlement.

Alternatively, the New Class Administrator shall accept any reliable proof of property ownership, particularly when the ownership of that property is not contested by a competing claim of another New Class Member. Reliable proof can include conveyance records, transfers, judicial determinations, title opinions and/or title letters any of which demonstrate by a preponderance of the evidence the ownership of the property. Moreover, any deeds or transfers from the state of Louisiana should create a rebuttable presumption of ownership. Lastly, a rebuttable presumption of proof of ownership should be allowed from the land records of a local governmental entity.

### Opportunity to Prove Oiling Beyond SCAT/NRDA and Evidence Allowed in Furtherance Thereof

The Proposed Distribution Model purports to be "consistent with the eligibility requirements of the DHEPDS" such that "a parcel not located within... the Wetlands Real Property Claim Zone may be added to such zone if the parcel is documented as oiled pursuant to SCAT or by an official assessment conducted by the National Resource Trustees in connection

---

[3] **Proposed Distribution Model**, Rec. Doc. 18797, pp. 27.

3

with the Deepwater Horizon Incident."[4] "To be considered for zone inclusion, the claimant will need to file a Parcel Eligibility Determination Request with supporting documentation from SCAT or NRD indicating the property was oiled for review and determination by the New Class Claims Administrator. This opportunity will only be extended to New Class members that were excluded from filing this claim type in the DHEPDS. No other parcels outside such zones shall be considered an eligible parcel."[5] Unfortunately, the Distribution Model does nothing to define or explain what sort of "supporting documentation from SCAT or NRD" would be acceptable or sufficient to add a parcel.

The Wetlands Framework of the DHEPDS uses similar language when discussing a claimant's ability to add a parcel that was outside of the Wetlands Real Property Claim Zone:

> E. A parcel not located within the **Wetlands Real Property Claim Zone** may be added to the **Wetlands Real Property Claim Zone** by the Claims Administrator only if the parcel is documented as containing the presence of oil pursuant to **SCAT** or an official assessment conducted by the Natural Resource Trustees in connection with the DWH Spill. Only parcels located in the following geographic area ("**Area of Potential Eligibility**") are eligible to provide such documentation:
>
> i. As far west as the Louisiana/Texas state line
>
> ii. As far east as the Louisiana/Mississippi state line
>
> iii. As far south as the end of Louisiana state waters
>
> iv. As far north as one half mile inland from the **Wetlands Real Property Claim Zone** (refer to Appendix D for the "**Area of Potential Eligibility Map**")[6]

However, in addition to allowing claimants to add a parcel that was outside of the Wetlands Real Property Claim Zone, the DHEPDS Wetlands Framework also provided

---

[4] **Proposed Distribution Model**, Rec. Doc. 18797, pp.4-5.
[5] *Id.*
[6] **Ex. 12A Compensation Framework for Wetlands Real Property Claims**, Rec. Doc. 6430-26, p. 3.

4

claimants with the opportunity to essentially "add oiled acreage" if it had already been deemed to be within the zone through reclassification of the parcel from Compensation Category B to Compensation Category A:

> H. An **Eligible Parcel** within the **Wetlands Real Property Claim Zone** may be reclassified by the Claims Administrator into a different **Compensation Category** if the following condition is satisfied:
>
> i. An **Eligible Parcel** within the **Wetlands Real Property Claim Zone** shall be reclassified by the Claims Administrator from **Compensation Category B** to **Compensation Category A** if the **Eligible Claimant** provides independent documentation in the form of a government or academic publication or map, not commissioned by the **Eligible Claimant** or the **Eligible Claimant's** attorney or agent, with said independent documentation establishing that a portion of the **Eligible Parcel** contained the presence of oil although no portion of the **Eligible Parcel** is classified as containing the presence of oil pursuant to the published reports of **SCAT, NRD Pre-Assessment, NRD Rapid Assessment or NRD CWVA**.
>
> ii. The Claims Administrator shall undertake an investigation to determine whether the information submitted pursuant to this Section satisfies the criteria for reclassification set out H. i. and H. ii.[7]

Despite asserting to be consistent with the eligibility requirements of the DHEPDS, the Proposed Distribution Model as written does not expressly provide for such a "reclassification" option – only the option to add parcels deemed not within the Wetlands Zone. Although arguably the New Class Administrator has the right to allow this "reclassification option,"[8] Plaquemines Parish, PPSB, Grand Isle and Lafitte move to have the Proposed Distribution

---

[7] **Ex. 12A Compensation Framework for Wetlands Real Property Claims**, Rec. Doc. 6430-26, p. 5.
[8] Page 27 of the Proposed Distribution Model provides (Rec. Doc. 18797):

> The New Class Administrator reserves the right to require additional documentation or to consider appropriate alternative documentation he deems to be reliable and appropriate for verification and evaluation of a given claim.
>
> The New Class Claims Administrator reserves the right to adjust the award amount in any specific case for equitable purposes in light of exceptional or extraordinary facts or circumstances relative to that claim.

Model amended to expressly include the "reclassification" option so that claimants are afforded the opportunity to maximize the value of their Wetlands Real Property Claims by proving oiling to a greater extent than that identified by SCAT and NRDA.

It has been documented, and even admitted by SCAT and the NRDA trustees, that SCAT and NRDA publications either underestimated the extent of oiling of wetlands real properties or did not recognize oiling of certain wetlands real properties despite direct evidence reflecting actual oiling or the likelihood of such oiling.[9] Therefore, claimants in the HESI-TO Punitive Damages Settlement should be afforded the opportunity to set forth proof of oiling on their real properties beyond the miscalculated impact – or no impact – recognized by SCAT and NRDA. Like those in the DHEPDS, claimants in the HESI-TO Punitive Damages Settlement should be allowed to utilize the independent documentation contemplated by the DHEPDS in order to show the extent of oiling on their real properties in order to maximize the value of their Wetlands Real Property Claims.

Moreover, should this amendment be granted, it is entirely unclear what actually qualifies as "independent documentation in the form of a government or academic publication or map" as the DHEPDS Wetlands Framework fails to define or explain exactly what type of "independent documentation" would be sufficient aside from saying that the independent documentation must be "in the form of a government or academic publication or map" and that it must establish that a portion of the Eligible Parcel contained the presence of oil although such oiling was not reflected in "the published reports of SCAT, NDR Pre-Assessment, NRD Rapid Assessment or NRD CWVA." Therefore, Plaquemines Parish, PPSB, Grand Isle and Lafitte move to amend the Proposed Distribution Model to specifically include all data, imagery, information, and documentation gathered, collected, commissioned, created, relied upon and/or utilized by SCAT

---

[9] Please see relevant excerpts of the Final PDARP-PEIS filed by the NRDA trustees, attached as **Exhibit B**.

and NRDA trustees as allowable evidence to prove extent of oiling beyond that identified by SCAT and/or NRDA.

Finally, Plaquemines Parish, PPSB, Grand Isle and Lafitte move to amend the Proposed Distribution Model to specifically allow claimants to use experts' interpretations of the above-described data, imagery, information and documentation in support of their Wetlands Real Property Claims.

This amendment rectifies the problem which for instance could arise when an aerial photograph taken at NOAA's request illustrates oiling of a shore outside of the SCAT lines. Since the photograph is technical and cannot speak for itself without some expert commentary, the Claims Administrator should in those instances consider expert commentary accompanying data for purposes of putting that independently obtained data into context.

Respectfully Submitted,

**MARTZELL, BICKFORD & CENTOLA**

*/s/Scott R. Bickford*
**SCOTT R. BICKFORD, T. A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**usdcedla@mbfirm.com**
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065 Telephone
(504) 581-7635 Fax
**Special Counsel for the Parish of Plaquemines, the Plaquemines Parish School Board, the Town of Grand Isle and their Subdivisions and Districts**

AND

*/s/David Landry*
**DAVID L. LANDRY (#7978)**
**The Law Office of David L. Landry**
**2landry@cox.net**
1214 Parasol Place
Pensacola, Florida  32507
(850) 492-7240

**Special Counsel for the Parish of Plaquemines and its Subdivisions and Districts, and the Plaquemines Parish School Board**

AND

*/s/Henry King*
**HENRY A. KING (#7393)**
**MICHAEL L. VINCENZO (#23965)**
**King, Krebs & Jurgens, PLLC**
**hking@kingkrebs.com**
**mvincenzo@kingkrebs.com**
201 St. Charles Avenue, 45th Floor
New Orleans, LA  70170
504-582-3800 Telephone
504-582-1233 Fax
**Special Counsel for the Plaquemines Parish School Board, the Town of Grand Isle and their Subdivisions and Districts**

AND

*/s/Margaret E. Woodward*
**MARGARET E. WOODWARD (#13677)**
**mewno@aol.com**
3701 Canal Street, Suite C
New Orleans, LA  70119
504-301-4333 Telephone
504-301-4365 Fax
**Special Counsel for the Plaquemines Parish School Board**

AND

8

*s/David L. Colvin*
**DAVID L. COLVIN (#4353)**
**COLVIN LAW FIRM**
davec@dcolvinlaw.com
230 Huey P. Long Avenue
Gretna, LA 70053
504-367-9001 Telephone
504-367-0650 Fax
**Counsel for The Town of Grand Isle and Grand Isle Independent Levee District and The Town of Lafitte**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objections and Proposed Amendments to the final approval of the proposed HESI and Transocean Punitive Damages Class Action Settlements will be served on All Counsel by U.S. Mail in accordance with Pretrial Order No. 12 and this Court's April 12, 2016 Preliminary Approval Order (Rec. Doc. 16183), as well as by email and first-class mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of September, 2016.

/s/ *Scott R. Bickford*
**SCOTT R. BICKFORD**