UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG ) | MDL NO. 2:10-MD-02179 | |
| | "DEEPWATER HORIZON" ) | | |
| | IN THE GULF OF MEXICO, ) | SECTION: J | |
| | ON APRIL 20, 2010 ) | | |
| | ) | | |
| | All Cases. ) | Judge Barbier | |
| | ) | Mag Judge Wilkinson | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO INTERVENE IN NEW CLASS**

May it Please the Court:

This Memorandum is submitted in support of the Motion for Leave to File Intervention in New Class filed by Durwood Adams, Marcos Aparicio, Alfred Aparicio, Ernest Aparicio, Bernabie Aparicio, David Aparicio, Alfred Aparicio, Ned Baron, Mark Bates, Manny Berlanga, Reynold Busch, Monty Carter, Leslie Casterline, Harry Davis, Benny DeLeon, David DeLeon, Gabriel Ferretiz, Bryan Fields, Henry Garcia, J. Garcia, Rafael Garcia Rodriguez, Rafael Garcia, Carlos Garcia, Ubaldo Garcia, Juan C. Gonzalez, Juan T. Gonzalez, Arturo Gracia, Isidro Guerra, Donnie Helms, Timothy Kinzie, Olivio Kotrulja, Mike Lagasse, Faustino Longoria, Charlie Longoria, III, Travis Lovell, Edward Machacek, Jr., Juan Maldonado, James Milam, Jr., Jerry and Cathy Osborn, Luther Peek, III, Christopher Pitts, Ronald Prewitt, Steve Prihoda, Ausencio Reyna, Dennis Robinson, Juan Rodriguez, Lupe Rojas, Jr., Jose Rosas, Jimmy Rouse, Greg Seaman, John Shelby, Ronnie Smith, Kyle Navarez, Jane Stubbs, Mike Talasek, Linda Tippit, Steven Tipps, Roy and Muriel Tipps, Michelle Tipps - Thomas, Ernest Treybig, Jr., Randall Vossler, Douglas and Mary Jo Walker, Keith Wallis, Craig Wallis, Stewart Wells, John Williams, Gregory and Elizabeth Williams & Daniel Williamson, (hereinafter "Intervenors"). As set forth below, Intervenors' Motion for Leave to File Intervention should be allowed.

1

## I. BACKGROUND

Intervenors are commercial fishermen or charter boat operators who, during the relevant timeframe of April 20, 2009 through April 18, 2012, owned, chartered, leased, rented, managed, operated, utilized or held any proprietary interest in commercial fishing or charter fishing vessels or worked on or shared an interest in catch from vessels that fished in Specified Gulf Waters, as defined in the proposed New Class **[Rec. Doc. 15322-1 @ 17; Rec. Doc. 15322-5 @ 2-4]**. However, they landed or home ported outside of the Gulf Coast Area as currently defined in the proposed New Class **[Rec. Doc. 15322-1 @ 13 and Rec. Doc. 15322-5 @ 1]**. Intervenors have suffered precisely the same damages, which were caused by the same defendants and have the same issues of law and fact as do the owners, operators and workers who are included in the New Class definition of All Commercial Fisherman or Charter boat Operators **[Rec. Doc. 16183 @ 7].** Intervenors meet the requirements of numerosity, commonality, typicality and adequacy in the same way as do the presumed class members. The evidence will be that Intervenors' vessels are Federally-permitted vessels that homeport in Freeport, Texas (Brazoria County), Palacios, Texas (Matagorda County), Port O'Connor, Texas (Calhoun County) and Corpus Christi, Texas (Neuces County).  Intervenors' vessels have GPS tracking and navigational systems as part of the electronic aids necessary for conducting successful fishing operations across the Gulf of Mexico. Each of these vessel owners can provide historical GPS fishing tracks reflecting their position within the Specified Gulf Waters at a given time. These historical records are a "matter of fact" having been recorded at the time the cruise was being conducted, with the track then electronically stored to provide a historical record of fishing. Intervenors can provide historical GPS records to prove to the Court that they were fishing in the same Specified Gulf Waters as were the New Class members during the relevant timeframe. Accordingly, Intervenors request

leave of Court to intervene in the New Class for the purpose of asking this Court to modify the New Class to include Intervenors as class members.

## II.  ARGUMENT AND AUTHORITIES

### A.  Legal Standards for Intervention

The rules governing intervention are set out at Fed. R. Civ. P. 24. A party can intervene as a matter of right if he timely claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2). *See New Orleans Pub. Serv., Inc, v. United Gas Pipe Line Co.*, 732 F.2d 452,463 (5th Cir.). The courts have held that the test under Rule 24(a)(2) should be flexible and focus on the facts and circumstances surrounding each application. Intervention should generally be allowed where it affords greater justice and other parties are not hurt. *Ross v. Marshall*, 426 F.3d 745 (5th Cir. Tex. 2005).

Alternatively, the Court can permit a timely intervention when a party has a claim or defense that shares a common question of law or fact with the action. Fed. R. Civ. P. 24(b)(1)(B), if the intervention will not unduly delay or prejudice the original parties' rights. Fed. R. Civ. P. 24(b)(3). District courts have broad in allowing permissive intervention, which should be liberally construed, and where intervention will achieve judicial economy.  *Hanover Ins. Co. v. Superior Labor Servs.*, 2016 WL 1274442 (E.D. La. Mar. 31, 2016.

### B.  Intervention as a Matter of Right Pursuant to Rule 24(a)(2).

#### 1.   The application is timely.

Timeliness is to be determined from all the circumstances and is to be determined by court in exercise of its sound discretion. <u>Nat'l Ass'n for Advancement of Colored People v. New

York, 413 U.S. 345, 93 S. Ct. 2591 (1973). This Court gave preliminary approval to the New Class on April 12, 2016. No deadlines have expired which would prohibit Intervenors from asserting an interest. The deadline for filing objections to the New Class is September 23, 2016, replies to objections are due October 14, 2016, the Fairness Hearing is scheduled for November 10, 2016 and claims must be filed by December 15, 2016. Allowing this intervention does not alter any of those deadlines, nor does it prejudice any party to the New Class. On the other hand Intervenors will be severely prejudiced if the intervention is denied by denying them the opportunity to provide evidence demonstrating that they should be included in the New Class. Certainly the extent of prejudice to the would-be intervenor if the petition is denied is a significant factor to be considered. *Poynor v. Chesapeake Energy Ltd. Partnership*, 570 F.3d 244, 249 (5th Cir. Tex. 2009). Nor are there any unusual or peculiar circumstances that would render Intervenors request untimely. Id. @ 250.

### 2. Intervenors have an interest relating to subject of the action.

The second requirement for intervention as a matter of right under Rule 24(a)(2) is that the applicant has an "interest" relating to the subject of the action. Intervenors are commercial fisherman or charter operators who operated within the Specified Gulf Waters before and after the Deepwater Horizon spill on April 20, 2010. Their business operations were disrupted and they suffered the same losses experienced by New Class members and have resulting claims against same defendants as do the New Class members. The only thing that distinguishes Intervenors from New Class member is geography. The location of their home port. Intervenors are entitled to seek punitive damages against the New Class defendants. Accordingly they have direct interest related to the subject matter of the New Class.

4

### 3. Intervenors cannot protect their interest without the intervention.

The third requirement of Rule 24(a)(2) is that the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest. *Sierra Club v. Espy,* 18 F.3d 1202, 1207 (5th Cir. Tex. 1994). Halliburton and Transocean proposed the settlement agreements funding the New Class with the intention of settling claims of those who may have valid maritime law standing to make a punitive damage claim against Halliburton and Transocean arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the *Deepwater Horizon* Incident. [Rec. Doc. 15322-1]. This Court has already determined that the conduct of Halliburton and Transocean was negligent as opposed to the conduct of BP, which was reckless. *In Re OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN The GULF OF MEXICO, On APRIL 20, 2010*, 21 F.Supp.3d 657, 747-48 (E.D. La. 2014). Unless included in the New Class, Intervenors have little chance of being able to pursue a punitive claim against these parties given the Court's findings. Members of the New Class are not prejudiced by those findings.

### 4. Intervenors' interests are inadequately represented suit.

The final requirement for intervention as a matter of right is that the Intervenors' interest must be inadequately represented by the existing parties to the New Class suit. The Intervenor's need only show that represent may be inadequate. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10, 92 S. Ct. 630 (1972). In this case all members of the New Class will be competing for a fixed fund. The New Class members have a conflict of interest and no incentive to share the fixed fund with the Intervenors. Accordingly they cannot adequately represent Intervenors.

C.    **Permissive Intervention.**

    1.    **The application is Timely**

       See the analysis in II. B. 1. above.

    2.    **Intervenors' claim and the main action have a question of law or fact in common.**

       See the analysis in II. B. 2. above.

    3.    **Intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.**

In permissive intervention analysis, a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties". Hanover Ins. Co. v. Superior labor Servs., @ *4. Intervention will not delay the administration of the New Class. The Court imposed deadlines and hearings will proceed as ordered. The rights of the members of the New Class will not be impacted. They will still be entitled to a distribution of the punitive damage fund. The fund is substantial and the small number of Intervenors will not significantly impact the funds available to all. On the other hand exclusion of the Intervenors will significantly prejudice Intervenors.

    4.    **Judicial economy will be served.**

The courts should also consider whether permissive intervention will serve judicial economy. *Hanover Ins. Co. v. Superior Labor Servs.* @ *5.  As noted earlier, allowing intervention will promote judicial economy by providing resolution of additional claims against Halliburton and Transocean as part of the New Class.

### III.    CONCLUSION

Intervenors meet the criteria for intervention as a matter of right and for permissive intervention under Rule 24(a)&(b). No member of the New Class will be harmed by the

6

intervention. On the contrary Intervenors will sustain substantial harm if denied the right to maintain their Objection to the New Class and to seek an Order from the Court modifying the definition of Gulf Coast Area to include Intervenors. Intervenors are concurrently filing their Objection to the New Class, a copy of which is attached hereto as Exhibit "A".

  Accordingly, Intervenors, Durwood Adams, Marcos Aparicio, Alfred Aparicio, Ernest Aparicio, Bernabie Aparicio, David Aparicio, Alfred Aparicio, Ned Baron, Mark Bates, Manny Berlanga, Reynold Busch, Monty Carter, Leslie Casterline, Harry Davis, Benny DeLeon, David DeLeon, Gabriel Ferretiz, Bryan Fields, Henry Garcia, J. Garcia, Rafael Garcia Rodriguez, Rafael Garcia, Carlos Garcia, Ubaldo Garcia, Juan C. Gonzalez, Juan T. Gonzalez, Arturo Gracia, Isidro Guerra, Donnie Helms, Timothy Kinzie, Olivio Kotrulja, Mike Lagasse, Faustino Longoria, Charlie Longoria, III, Travis Lovell, Edward Machacek, Jr., Juan Maldonado, James Milam, Jr., Jerry and Cathy Osborn, Luther Peek, III, Christopher Pitts, Ronald Prewitt, Steve Prihoda, Ausencio Reyna, Dennis Robinson, Juan Rodriguez, Lupe Rojas, Jr., Jose Rosas, Jimmy Rouse, Greg Seaman, John Shelby, Ronnie Smith, Kyle Navarez, Jane Stubbs, Mike Talasek, Linda Tippit, Steven Tipps, Roy and Muriel Tipps, Michelle Tipps - Thomas, Ernest Treybig, Jr., Randall Vossler, Douglas and Mary Jo Walker, Keith Wallis, Craig Wallis, Stewart Wells, John Williams, Gregory and Elizabeth Williams & Daniel Williamson, respectfully request that this Court enter and Order (i) granting their Motion for Leave to Intervene in New Class, (ii) finding that Intervenors' Objection to the New Class is timely filed and (iii) directing the Clerk of Court to maintain their Objection to the New Class on file, and for such other and further relief to which they may be entitled.

Dated:  September 23, 2016

Respectfully submitted,

**FIBICH LEEBRON
COPELAND BRIGGS JOSEPHSON**

/s/ *Gregory Q. Fibich*
Kenneth T. Fibich
Texas State Bar No. 06952600
Gregory Q. Fibich
Texas State Bar No. 24059745
1150 Bissonnet Street
Houston, Texas 77005
Telephone:  713-751-0025
Fax:  713-751-0030
tfibich@fibichlaw.com
gfibich@fibichlaw.com

**ATTORNEYS FOR INTERVENORS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE INTERVENTION IN NEW CLASS has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on the 23rd day of September, 2016.

/s/ *Gregory Q. Fibich*
Gregory Q. Fibich