UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG<br>"DEEPWATER HORIZON"<br>IN THE GULF OF MEXICO,<br>ON APRIL 20, 2010 | )<br>)<br>)<br>)<br>) | MDL NO. 2:10-MD-02179<br><br>SECTION: J<br> |
| | All Cases. | )<br>) | Judge Barbier<br>Mag Judge Wilkinson |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS'/CLAIMANTS' LIMITED OBJECTION TO THE COURT'S FINAL
APPROVAL AS TO THE PROPOSED HESI AND TRANSOCEAN
PUNITIVE DAMAGES AND ASSIGNED CLAIMS CLASS ACTION SETTLEMENTS**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs/Claimants, Durwood Adams, Marcos Aparicio, Alfred Aparicio, Ernest Aparicio, Bernabie Aparicio, David Aparicio, Alfred Aparicio, Ned Baron, Mark Bates, Manny Berlanga, Reynold Busch, Monty Carter, Leslie Casterline, Harry Davis, Benny DeLeon, David DeLeon, Gabriel Ferretiz, Bryan Fields, Henry Garcia, J. Garcia, Rafael Garcia Rodriguez, Rafael Garcia, Carlos Garcia, Ubaldo Garcia, Juan C. Gonzalez, Juan T. Gonzalez, Arturo Gracia, Isidro Guerra, Donnie Helms, Timothy Kinzie, Olivio Kotrulja, Mike Lagasse, Faustino Longoria, Charlie Longoria, III, Travis Lovell, Edward Machacek, Jr., Juan Maldonado, James Milam, Jr., Jerry and Cathy Osborn, Luther Peek, III, Christopher Pitts, Ronald Prewitt, Steve Prihoda, Ausencio Reyna, Dennis Robinson, Juan Rodriguez, Lupe Rojas, Jr., Jose Rosas, Jimmy Rouse, Greg Seaman, John Shelby, Ronnie Smith, Kyle Navarez, Jane Stubbs, Mike Talasek, Linda Tippit, Steven Tipps, Roy and Muriel Tipps, Michelle Tipps - Thomas, Ernest Treybig, Jr., Randall Vossler, Douglas and Mary Jo Walker, Keith Wallis, Craig Wallis, Stewart Wells, John Williams, Gregory and Elizabeth Williams & Daniel Williamson, (hereinafter referred to as the South Texas Shrimpers), respectfully file this Memorandum in Support of Limited Objection To

1

the Court's Final Approval as to the Proposed HESI And Transocean Punitive Damages and Assigned Claims Class Action Settlements (the New Class) as follows:

1. The South Texas Shrimpers are commercial fishermen or charter boat operators who, during the relevant timeframe of April 20, 2009 through April 18, 2012, owned, chartered, leased, rented, managed, operated, utilized or held any proprietary interest in commercial fishing or charter fishing vessels or worked on or shared an interest in catch from vessels that fished in Specified Gulf Waters, as defined in the proposed New Class [Rec. Doc. 15322-1 @ 17; Rec. Doc. 15322-5 @ 2-4]. However, they landed or home ported outside of the Gulf Coast Area, as currently defined in the proposed New Class, which extends into Texas only through Galveston County [Rec. Doc. 15322-1 @ 13 and Rec. Doc. 15322-5 @ 1]. The South Texas Shrimpers landed and/or are home ported in counties just south of Galveston County - Freeport, Texas (Brazoria County), Palacios, Texas (Matagorda County), Port O'Connor, Texas (Calhoun County) and Corpus Christi, Texas (Nueces County). The South Texas Shrimpers operate on federally permitted vessels and fish regularly in Specified Gulf Waters. They have suffered precisely the same damages, which were caused by the same defendants and have the same issues of law and fact as do the owners, operators and workers who are included in the New Class definition of All Commercial Fisherman or Charter boat Operators [Rec. Doc. 16183 @ 7]. Given the questions of law and fact common to the members of the New Class All Commercial Fisherman and Charter boat Operators and the South Texas Shrimpers, the South Texas Shrimpers move this Court to modify the definition of Gulf Coast Area to include Brazoria, Matagorda, Calhoun and Nueces County, Texas.

## ARGUMENT AND AUTHORITIES

2. Before the Court approves a settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(c); *Newby v. Enron Corp.,* 394 F.3d 296, 301 (5th Cir.2004); *Ayers v. Thompson,* 358 F.3d 356, 368 (5th Cir.2004); *In re Educ. Testing Serv. Praxis Principles of Learning and Teaching: Grades 7–12 Litig.,* 447 F.Supp.2d 612, 619 (E.D.La.2006). Counsel for the class and the other settling parties bear the burden of persuasion that the proposed settlement is fair, reasonable, and adequate." Manual for Complex Litigation (Fourth) § 21.631 (2004); *In re Vioxx Prods. Liab. Litig.,* 239 F.R.D. 450, 459 (E.D.La.2006). "If the Court finds portions of the proposed settlement problematic, it may indicate preliminary disapproval of the agreement and recommend that the parties make certain revisions or modifications." *Id.*

The South Texas Shrimpers were excluded from the New Class definition of All Commercial Fisherman and Charter boat Operators even though they fit the substantive definition. This is an injustice that deserves correcting. The South Texas Shrimpers have suffered precisely the same damages, which were caused by the same defendants and have the same issues of law and fact as do the commercial operators and workers who were included in the New Class. They meet the requirements of numerosity, commonality, typicality and adequacy in the same way as do the presumed class members. In the interest of settling all common claims, the definition of Gulf Coast Area should be modified to include the homeport Texas counties of the South Texas Shrimpers - Brazoria, Matagorda, Calhoun and Nueces.

The only thing that distinguishes the South Texas Shrimpers from the New Class is geography - and not great distances at that. For example, most of the South Texas Shrimpers homeport in Palacios, Texas, approximately 67 nautical miles from end of the Gulf Coast Area at

Galveston County, Texas and less than 30 nautical miles from Specified Gulf Waters. If they can demonstrate that their vessels fished in Specified Gulf Waters, their homeport does not change their common damages, defendants or issues of law and fact so as to disqualify them as class members. Indeed, while not directly on point, arguably 28 U.S.C.A. §1744, which prohibits the approval of a proposed settlement that provides for the payment of greater sums to some class members solely on the basis that they are located in closer geographic proximity to the court, is an indicator that geography alone should not be grounds for exclusion from a class action settlement.

The South Texas Shrimpers recognize and appreciate that the Court has concerns about maintaining the integrity of the New Class settlement fund by assuring that only those who are truly impacted by the *Deepwater Horizon* incident can participate. However, those concerns can be alleviated by requiring that all claimants produce good documentary evidence of not only their authorization to fish in Specified Gulf Waters but also of their actual fishing activity in the Specified Gulf Waters.

In support of the request that the definition of Gulf Coast Area be modified to include the addition Texas counties, the South Texas Shrimpers ask the Court to consider the Affidavit of Dr. Benny J. Gallaway, President of LGL Ecological Research Associates, Inc., and its accompanying attachments. The affidavit is attached as Exhibit "A". Dr. Gallaway has many years of experience monitoring the distribution and magnitude of shrimp fishing efforts in the Gulf of Mexico utilizing GPS tracking technology. In fact LGL has developed a GPS tracking program – the Electronic Log Book - designed to collect data on the spatial and temporal fishing patterns of the federally permitted Gulf of Mexico shrimp fleet. He has conducted extended studies for NOAA utilizing the ELB program. Most if not all of the South Texas Shrimpers use a

GPS tracking program – WinPlot - developed specifically for shrimpers by P-Sea, Inc. of Morro Bay, California. Dr. Gallaway looked at the WinPlot program and talked to the program developer, Greg Hansan, to determine whether he was able to opine about the positioning of vessels from the data history stored in the program. Dr. Gallaway determined that he could export the underlying lat-long data from WinPlot into his ELB program and generate maps showing the location of a subject vessel during a designated time frame. He has processed data for six vessels belonging to South Texas Shrimpers through the ELB program and has generated maps confirming that those vessels fished in Specified Gulf Waters during the relevant time period. The actual maps are attached to his affidavit and clearly support his conclusion. Dr. Gallaway has opined that this type of GPS data is unassailable. The South Texas Shrimpers are in the process of assuring that he has access to the GPS data for all of their vessels. If the South Texas Shrimpers can provide such strong evidence that they fished in exactly the same waters as others porting east of San Luis Pass they should be given the same status within the New Class for settlement purposes.

     For the foregoing reasons and as a matter of fairness the South Texas Shrimpers request that the definition of Gulf Coast Area be expanded to include Brazoria County, Texas, Matagorda County, Texas, Calhoun County, Texas and Nueces County Texas.

Dated:  September 23, 2016                    Respectfully submitted,

**FIBICH LEEBRON**
**COPELAND BRIGGS JOSEPHSON**

/s/ *Gregory Q. Fibich*_____
Kenneth T. Fibich
Texas State Bar No. 06952600
Gregory Q. Fibich
Texas State Bar No. 24059745
1150 Bissonnet Street
Houston, Texas 77005
Telephone:  713-751-0025
Fax:  713-751-0030
tfibich@fibichlaw.com
gfibich@fibichlaw.com

**ATTORNEYS FOR**
**PLAINTIFFS/CLAIMANTS**
**SOUTH TEXAS SHRIMPERS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS/CLAIMANTS' LIMITED OBJECTION TO THE COURT'S FINAL APPROVAL AS TO THE PROPOSED HESI AND TRANSOCEAN PUNITIVE DAMAGES AND ASSIGNED CLAIMS CLASS ACTION SETTLEMENTS has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on the 23rd day of September, 2016.

/s/ *Gregory Q. Fibich*_____
Gregory Q. Fibich