UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | | |
| Applies To: | * | Judge Barbier |
|     No. 12-970, 15-4143, 15-4146 & 15-4654 | | Mag. Judge Shushan |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OBJECTION TO PROPOSED DISTRIBUTION MODEL
FOR THE COMBINED HALLIBURTON ENERGY SERVICES, INC.
AND TRANSOCEAN LTD. SETTLEMENTS FUND**

**NOW INTO COURT,** through undersigned counsel, come claimants, Martin J. Schoenberger, Mary Schoenberger Willkomm, Clifford P. Bein and Kevin C. Schoenberger (hereinafter "Schoenberger Claimants"), who object to the New Class Claims Administrator's Proposed Distribution Model for this Fund.

The Schoenberger Claimants do not object to the Preliminary Approval Order of this Class Action Settlement (Document No. 16183). They fit into the court's definition of the "New Class." Instead, they object to certain provisions of the Claims Administrator's Proposed Distribution Model, since it may have the effect of unfairly excluding three of their claims from this Settlement.

I.    <u>**Factual Background**</u>:

The Schoenberger Claimants co-own in indivision seven parcels of wetlands in Plaquemines and St. Bernard parishes, which they have owned at all times pertinent hereto.[1] They all registered

---

[1] See pertinent portions of Judgments of Possession of Sidney C. Schoenberger and Josephine Marie Doody Schoenberger, attached hereto as Exhibit No. 1, and Josephine S. Bein, attached hereto as Exhibit No. 2.

as wetlands claimants in 2012 and received appropriate Claimant Identification numbers.[2]  They inputted the seven parcel numbers into the computer portal provided to attorneys for claimants as part of the Deepwater Horizon Court Supervised Settlement Program.  The portal responded that two parcels were in the Wetlands Claim Zone and five were not.  On three of the rejected parcels of land, the computer was in error.  They were in the Wetland Claims zone.  These parcels bear Plaquemines Parish Tax Identification Nos. 1460300, 1610194 and 1460350.[3]

In March, 2013, the Schoenberger Claimants received an Eligibility Notice on one of the parcels the portal had approved, which they accepted and were paid.  This started the 6-month time period running for the Schoenberger Claimants to submit all claims.[4]  They did not discover that Parcel Nos. 1460300 and 1610194 were erroneously declined until June, 2014.[5]  By that time, they 6-month rule prohibited them from submitting claim forms on these two parcels.

The Schoenberger Claimants filed a motion for relief from this denial with this court, which was denied in April, 2015.[6]  They appealed to the United States Court of Appeals for the Fifth

---

[2]      The Schoenberger Claimants identification numbers are as follows: Martin J. Schoenberger, No. 100063663; Mary Willkomm, No. 100064975; Clifford P. Bein, No. 100066161; Kevin C. Schoenberger, No. 100063641.

[3]      The Plaquemines Parish tax bills are attached hereto as Exhibit Nos. 3, 4 and 5.

[4]      See Sec. 4.4.8 of the Deepwater Horizon Economic and Property Damage Settlement Agreement.

[5]      Tax Parcel 1460350 continued to be not in the claim zone at that time.

[6]      See Rec. Doc. 14285 and Rec. Doc. 14416 in this proceeding.  The Motion did not include land with Tax Parcel 1460350.

Circuit.[7]   In its brief, BP admitted the Claims Administrator had erroneously declined these meritorious claims.[8]

The Fifth Circuit noted that the Claims Administrator's records were not a "perfect indicator of eligibility..." However, it affirmed the district court's ruling anyway on the ground that the Schoenberger Claimants failed to exhaust "the procedures provided by the settlement agreement." (at p. 751).[9]

## II.   Law:

The Schoenberger Claimants fit into the subpart (1) of the Punitive Damages New Class definition specified in the court's Preliminary Approval Order.  They are all natural persons who own real properties which were touched or physically damaged by oil from the Deepwater Horizon spill.  Indeed, under the *Robins Drydock* guideline,[10] they should receive greatest priority.  This is enunciated in subpart 9 of the Claims Administrator's Proposed Distribution Model.

However, subpart 16 of the Proposed Distribution Model has the following provision:

"For those DHEDPS Class Members whose claim(s) were evaluated by DHEDPS, eligibility within the New Class will be based solely upon the submissions made to the DHEDPS and upon the determination(s) made by DHEDPS." (p. 3).

---

[7]      *In Re: Deepwater Horizon, Lake Eugenie Land and Development, Incorporated; et al, Plaintiffs, v. BP Exploration and Production, Incorporated; BP America Production Company; BP, P.L.C., Defendants-Appellees v. Mary S. Willkomm; Martin J. Schoenberger; Clifford Philip Bein; Kevin Conrad Schoenberger, Claimants-Appellants,* 814 F.3d 748 (5 Cir. 2016).

[8]      See BP brief filed September, 2015, pp. 9-10.

[9]      814 F.3d at 751.

[10]      *Robins Drydock and Repair Company v. Flint*, 275 US 303 (1927).

This provision contradicts the court's Preliminary Approval Order.  The court's Order encompasses the Schoenberger Claimants as members of the New Class, but the Distribution Model then seems to exclude them.

III.    **The Claims Administrator Does Allow Filing of Claims:**

A subsequent provision in the Distribution Model appears to allow for the filing of a claim.

"To be considered for zone inclusion the claimant will need to file a Parcel Eligibility Determination Request with supporting documentation from SCAT or NRD indicating the property was oiled for review and determination by the new Claims Administrator.  This opportunity will only be extended to New Class members that were *excluded* from filing this claim type in the DHEDPS."[11]

This provision is written broadly enough to allow the Schoenberger Claimants to submit a claim.  Since the Claims Administrator under the DHEDPS erroneously concluded that these three parcels were outside the wetlands claim zone, they were "excluded" from filing this claim type.

IV.    **The Amount of the Claims are Already Liquidated**

Allowing these claims to be submitted will not increase the work upon the Claims Administrator because the dollar amount of these claims has already been determined.  The Schoenberger Claimants are collectively the owners of an undivided one-fourth interest in the land which has tax bill 1460300, collectively one-sixth owners of the land with bill 1610194, and collectively one-fourth owners of the land with bill 1460350.  Therefore, the Claims Administrator

---

[11]    See page 5 of the Claims Administrator's Proposed Distribution Model.

merely needs to look at the amounts paid to the other co-owners to determine the amount to be paid to the Schoenberger Claimants.  In Parcel 1460300, half of the land is owned by the heirs of Philip Grove with a tax bill of 1227000.[12]  The remaining one-fourth is owned by a gentlemen named HBS who notified Schoenberger of the amout he received.  HBS received $299,652 for his one-quarter ownership.  Therefore, the Schoenberger Claimants should receive that sum for Parcel 1460300.

With regard to Parcel 1610194,[13] one of the co-owners is the heirs of Homer Black and Sunrise Fish & Oyster Company, as co-owners.  The attached tax bill[14] provides their tax bill numbers.  The Claims Administrator merely needs to reference the amounts they received to perform the calculation.

With regard to Parcel 1460350, one of the co-owners is a group with tax bill 1264750.  One of the claimants has claim #58078, Claimant ID 100105340.  She owns a one-sixteenth share (one-fourth of one-fourth) and received $29,452.99.  Each Schoenberger Claimant should receive the same amount.

Therefore, the granting of this Motion will not cause any delay to the disbursement of settlement funds by the Claims Administrator.


**V.**   **Conclusion:**

The court should direct the Claims Administrator to include the Schoenberger Claimants'

---

[12]     In the Judgment of Possession of Sidney C. Schoenberger, Exhibit No. 1, the land listed as #10 shows it was purchased from Philip Grove.

[13]     Exhibit No. 2.

[14]     Exhibit No. 4.

claims for the three parcels which have Plaquemines Parish tax bill numbers 1460300, 1610194 and 1460350.

Respectfully submitted,

**LAW OFFICE OF KEVIN C. SCHOENBERGER**

By:     */s/ Kevin C. Schoenberger*
        **KEVIN C. SCHOENBERGER (Bar No. 11813)**
        Attorney for the Schoenberger Claimants
        201 St. Charles Avenue
        Suite 2422 - Place St. Charles
        New Orleans, Louisiana 70170
        Telephone: (504) 525-1143
        Facsimile: (504) 587-0901
        Email: kcschoenberger@gmail.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | | |
| Applies To: | * | Judge Barbier |
| No. 12-970, 15-4143, 15-4146 & 15-4654 | | Mag. Judge Shushan |

* * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2016, the above and foregoing pleading has been filed using the court's CM/ECF document filing system which will send copies to all counsel of record as follows:

James P. Roy, Esq.
New Class Counsel
Domengeaux Wright Roy Edwards & Colomb
P.O. Box 3668
Lafayette, LA  70501

Stephen J. Herman, Esq.
New Class Counsel
Herman Herman & Katz
820 O'Keefe Avenue
New Orleans, LA 70113

Christopher J. Bellotti, Esq., Senior Counsel
Halliburton Energy Services, Inc.
3000 N. Sam Houston Parkway East
Building J, Room 432
Houston, TX 77032-3219

Brady Long, Senior Vice President
  and General Counsel
Transocean Ltd.
Chemin de Blandonnet 10
1214 Vernier, Switzerland

R. Alan York, Esq.
Godwin PC
1331 Lamar
Suite 1665
Houston, TX 77010

Robyn Goldstein, Esq.
Legal Counsel, Disputes and Human
  Relations
Transocean Offshore Deepwater
  Drilling, Inc.
4 Greenway Plaza
Houston, TX 77046

Richard C. Stanley, Esq
Stanley Reuter Ross Thornton & Alford, LLC
909 Poydras Street,
Suite 2500
New Orleans, LA 70112