UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

### Deepwater Horizon Oil Spill

### Halliburton and Transocean Settlements

### Previous Claims Filers and Certain Excluded Groups to Benefit

*Majority of People Affected Do Not Need to Do Anything*

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Two settlements, totaling $1,239,750,000 have been reached with Halliburton Energy Services, Inc. and Halliburton Company ("HESI") and Triton Asset Leasing GmbH, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Transocean Holdings LLC ("Transocean") over the Deepwater Horizon oil spill.

- The HESI/Transocean Settlements will not pay for any economic loss or personal injury claims. The Settlements cover claims that could have been asserted for punitive damages, as well as certain assigned claims from the 2012 BP Deepwater Horizon Economic & Property Damages Settlement ("DHEPDS"). Generally, claims for punitive damages are not intended to compensate people for their losses, but rather seek a monetary award that is used to discourage a defendant and others from committing similar acts in the future.

- There are two groups included in the HESI/Transocean Settlements:

    - **New Class**: The majority of the funds ($902 million) will go toward compensating class members whose real or personal property was physically oiled. *See* Question 4 for what qualifies as "physical oiling." The New Class is intended to address only those claims that could have been brought for punitive damages under general maritime law. This includes previously excluded groups (for example, local governments and menhaden/pogy fishermen), individuals and entities that opted out of the DHEPDS, and groups that were part of certain DHEPDS claims categories (coastal, wetlands, vessel physical damage, seafood, charterboat, real property sales loss, and subsistence). *See* Question 5 for a complete list of the DHEPDS excluded groups. These are the only claims that will be addressed by the HESI/Transocean Settlement Program.

    - **Old Class**: The remaining funds ($337 million) have been allocated to compensate the existing DHEPDS Class ("Old Class") for Assigned Claims associated with the 2012 DHEPDS Agreement. This Class consists of hundreds of thousands of businesses and individuals who previously filed claims for economic losses associated with the Deepwater Horizon oil spill. Only individuals and businesses that previously filed a valid DHEPDS claim will be eligible for a payment from the HESI/Transocean Settlements associated with the assigned claims. Members of the Old Class are automatically included in this Settlement by virtue of their having participated in the 2012 Settlement Agreement.

- If you are included in the HESI/Transocean Settlements, your legal rights are affected whether you act or not. Read this Notice carefully. Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

**EXHIBIT "5"**

QUESTIONS? CALL 1-877-940-7792 OR VISIT WWW.GULFSPILLPUNITIVEDAMAGESSETTLEMENT.COM

| CLASS MEMBERS' LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING | **Individuals/Entities who previously filed an eligible DHEPDS claim:** Your previous claim will be transferred. Eligible DHEPDS claimants will automatically be considered for a payment from the HESI/Transocean Settlements. You will be bound by the claim you filed in the DHEPDS. Do not file a new claim. |
| FILE A CLAIM – NEW CLASS (NOT A DHEPDS CLASS MEMBER) | **DHEPDS Excluded Parties and Opt Outs:** File a claim to request a payment only if you were not part of the Old Class. This would apply if you are part of a previously excluded group listed in this Notice or if you validly exercised your option to Opt Out of the DHEPDS. Individuals and entities whose claim(s) fell outside the DHEPDS Damage Categories may also be eligible to file a New Class claim. You must meet the eligibility requirements listed in Question 11. |
| ASK TO BE EXCLUDED | If you are part of the New Class, you may choose to get no benefits from the HESI/Transocean Settlements for the New Class. Requesting exclusion from the New Class would allow you to file or continue your own lawsuit against HESI and Transocean about the legal claims involved in these Settlements. But please see Question 29. |
| OBJECT | Write to the Court about why you do not like the HESI/Transocean Settlements. |
| GO TO A FAIRNESS HEARING | Ask to speak in Court about the fairness of the HESI/Transocean Settlements. |

| What This Notice Contains |
|---|

**BASIC INFORMATION** .................................................................................................................. PAGE 4
1. Why is this Notice being provided?
2. What are the lawsuits about?
3. What is the Deepwater Horizon Incident?
4. What is physically oiled?
5. What groups were excluded from the DHEPDS?
6. Why is this a class action?
7. Are the HESI/Transocean Settlements part of the Gulf Coast Claims Facility (GCCF)?
8. Are the HESI/Transocean Settlements part of the DHEPDS?
9. What if my DHEPDS claim is still pending or unresolved?
10. What if I received a GCCF final payment and signed a release?

**WHO IS IN THE SETTLEMENTS?** .................................................................................................. PAGE 6
11. Who is in the New Class?
12. Are there exceptions to being included in the New Class?
13. Do the HESI and Transocean Settlements cover claims for economic loss, medical, or personal injury?
14. What if I'm still not sure whether I am included in the New Class?

**THE SETTLEMENTS' BENEFITS?** ................................................................................................. PAGE 8
15. What do the HESI/Transocean Settlements provide?
16. How much will my payment be?

**HOW TO REQUEST A PAYMENT—SUBMITTING A CLAIM FORM** ...................................... PAGE 8
17. Who has to submit a Claim Form to request a payment?
18. Can I submit a claim if I voluntarily decided not to file a claim in the DHEPDS?
19. Should I submit a claim if I have a claim pending in the DHEPDS?
20. Should I submit a claim if my claim was paid in the DHEPDS?
21. Should I submit a claim if my claim was denied in the DHEPDS?
22. Should I submit a claim if I previously Opted Out of the DHEPDS?
23. How do I submit a Claim Form to request payment?
24. Do I need to submit supporting documentation?
25. What if my claim is denied or I am not satisfied with my payment?
26. When will I get my payment?
27. What am I giving up to get a payment?

**EXCLUDING YOURSELF FROM THE HESI/TRANSOCEAN SETTLEMENTS** ...................... PAGE 11
28. If I do not want to participate in the HESI/Transocean Settlements, what must I do?
29. If I exclude myself, can I get anything from the HESI/Transocean Settlements?
30. If I exclude myself, can I sue HESI and Transocean later?
31. If I exclude myself from the HESI/Transocean Settlements, can I change my mind later?

**OBJECTING TO THE HESI/TRANSOCEAN SETTLEMENTS** ...................................................... PAGE 12
32. How do I tell the Court if I do not like the HESI/Transocean Settlements?
33. What is the difference between objecting to and asking to be excluded from the HESI/Transocean Settlements?

**THE LAWYERS REPRESENTING YOU** ........................................................................................ PAGE 13
34. Do I have a lawyer in this case?
35. How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING** ........................................................................................... PAGE 13
36. When and where will the Court decide whether to approve these Settlements?
37. Do I have to attend the Fairness Hearing?

**IF YOU DO NOTHING** ..................................................................................................................... PAGE 14
38. What happens if I do nothing?

**GETTING MORE INFORMATION** .................................................................................................. PAGE 14
39. How do I get more information?

**ELIGIBILITY CHART** ....................................................................................................................... PAGE 15

## BASIC INFORMATION

### 1. Why is this Notice being provided?

You have a right to know about proposed Settlements of these class action lawsuits and your options relating to the proposed Settlements. This Notice explains the lawsuits, the HESI and Transocean Settlements, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get them.

Judge Carl J. Barbier of the United States District Court for the Eastern District of Louisiana is overseeing this class action. The case is known as *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179. The people who started the lawsuit are called "Plaintiffs," and HESI and Transocean, the companies being sued, are called the "Defendants."

Capitalized terms are defined terms in the HESI and Transocean Settlement Agreements, which are available on the website.

**Do not call the Court or any Judge's office to ask questions about the HESI and Transocean Settlements.** If you have questions or if you want more information, please visit GulfSpillPunitiveDamagesSettlement.com or call 1-877-940-7792.

### 2. What are the lawsuits about?

The lawsuits involve certain claims arising out of the "Deepwater Horizon Incident" (*see* Question 3) in the Gulf of Mexico beginning on April 20, 2010.

The first phase of the trial focused on identifying the causes of the blowout, explosion, and subsequent oil spill. The Court determined, based on the evidence, that HESI and Transocean did not commit gross negligence, reckless, wanton, or willful misconduct, and are therefore not responsible for punitive damages. There have been no appeals of these findings.

HESI and Transocean have agreed to these Settlements to avoid the risks and costs of litigation. Given the Court's findings, these Settlements are the only way to recover punitive damages under these lawsuits.

### 3. What is the Deepwater Horizon Incident?

The "Deepwater Horizon Incident" refers to the events, actions, inactions, and omissions leading up to and including:

- The blowout of the MC252 Well (also known as the "Macondo Well") on April 20, 2010;
- The design, planning, preparation, or drilling of the MC252 Well;
- The explosions and fire on board the Deepwater Horizon oil rig;
- The sinking of the Deepwater Horizon oil rig on April 22, 2010;
- The efforts to control the MC252 Well;
- The release of oil and other substances from the MC252 Well and/or the Deepwater Horizon oil rig and its appurtenances (equipment);
- The efforts to contain the MC252 Well;
- All "Response Activities," including the "Vessels of Opportunity" ("VoO") program;
- Any damages to the MC252 Well and any reservoir, aquifer, geological formation, or underground strata related to the above; and
- All other responsive actions taken in connection with the blowout of the MC252 Well.

### 4. What is physically oiled?

In order to make a claim for punitive damages under general maritime law, an individual or entity must generally show that property it owned was directly affected, impacted, or damaged by the oil. There is a "commercial fishing" exception, which also generally allows commercial fishermen to make a claim for punitive damages, even though they do not "own" the fish that were directly impacted or damaged.

### 5. What groups were excluded from the DHEPDS?

The groups that were previously excluded from the DHEPDS include: local government, gaming, finance, insurance, real estate development, defense industries, menhaden fishermen, and oil and gas entities. These groups are included in the New Class.

### 6. Why is this a class action?

In a class action, one or more "Class Representatives" sue on behalf of all those with the same types of claims arising from the same events. One court resolves the issues for all class members. Here, the Class Representatives are suing to obtain payments for a class of individuals, businesses, and local governments with specific types of claims arising from the Deepwater Horizon Incident.

### 7. Are the HESI/Transocean Settlements part of the Gulf Coast Claims Facility (GCCF)?

No. A new Settlement Program has been established under the HESI and Transocean Settlements. By the agreement of the parties, the new program operates according to specific, agreed-upon rules and is under the supervision of the Court. If you had a claim paid by the GCCF, and you did not sign a release (*see* Question 10), you may still be eligible to receive a payment under the HESI/Transocean Settlements.

### 8. Are the HESI/Transocean Settlements part of the DHEPDS?

The HESI/Transocean Settlements are separate from the DHEPDS. However, you should note the following:

- As part of the DHEPDS, BP assigned certain claims it had against HESI/Transocean to the DHEPDS class. HESI/Transocean have agreed to settle those assigned claims and pay DHEPDS class members (*see* Question 15).
- If you filed a valid claim in the DHEPDS and are included in the HESI/Transocean Class, your previous claim will be transferred to the administrator. DO NOT FILE A NEW CLAIM.
- If you had a claim rejected under the DHEPDS, it may affect your eligibility or right to receive a payment under these Settlements in the following ways:
    - If your DHEPDS claim was rejected because you or the claim were *excluded* from (or Opted Out of) the DHEPDS class, you may be eligible for benefits from the HESI/Transocean Settlements.
    - If your DHEPDS claim was denied for some other reason, (*e.g.*, no causation, fraud, waste and abuse ("FWA"), or prior GCCF Release), you cannot get a payment from the HESI/Transocean Settlements.
- If you were eligible to make a claim in the DHEPDS, but chose not to, you cannot get a payment from the HESI/Transocean Settlements.
- If you are a New Class Member but were unable to file a claim in the DHEPDS because your claim did not fall into the DHEPDS Damage Categories, you may be eligible to file a HESI/Transocean claim (*see* Questions 11 and 17 or the Eligibility Chart for additional details).

### 9. What if my DHEPDS claim is still pending or unresolved?

The DHEPDS Program is working on these claims – and all DHEPDS claims – under the rules of the DHEPDS. If additional information is needed to process your claim, you will be contacted. If you have a specific question

about the status of a DHEPDS claim, you can call the DHEPDS Administrator at 1-800-353-1262 for assistance.

| 10. What if I received a GCCF final payment and signed a release? |
|---|

If you made a claim to the GCCF and signed a document called, "Release and Covenant Not to Sue," you are not eligible to receive money from the HESI and Transocean Settlements. However, you may still be eligible for a payment from the HESI/Transocean Settlements if your GCCF claim and the "Release and Covenant Not to Sue" related only to a bodily injury claim.

## WHO IS IN THE SETTLEMENTS?

To see if you will be affected by the HESI and Transocean Settlements or if you can get a payment from them, you first have to determine if you are a Class Member.

| 11. Who is in the New Class? |
|---|

The New Class includes individuals, businesses, local governments, and other entities that had Real or Personal Property, anytime between April 20, 2010, through April 18, 2012, that was touched or physically damaged by the Deepwater Horizon oil spill. This includes some new groups: local government, gaming, finance, insurance, real estate development, defense industries, and oil and gas entities.

The New Class also includes:

Commercial Fishermen (including menhaden/pogy fishermen) or Charterboat Operators who, at any time between April 20, 2009, through April 18, 2012:

- Owned, chartered, leased, rented, managed, operated, utilized, or held any proprietary interest in commercial fishing or charter fishing that were Home Ported in or that landed Seafood in the Gulf Coast Areas, OR

- Worked on or shared an interest in catch from Vessels that fished Specified Gulf Waters and landed Seafood in the Gulf Coast Area.

Subsistence hunters and fishers who, at any time between April 20, 2009, through April 18, 2012:

- Fished or hunted in the Identified Gulf Waters or Gulf Coast Areas to harvest, catch, barter, consume, or trade natural resources, including Seafood and game, in a traditional or customary manner, to sustain basic family dietary, economic security, shelter, tool, or clothing needs.

Individuals and entities that were unable to file a DHEPDS claim because the claim fell outside of the DHEPDS Damage Categories.

See the Eligibility Chart on page 16 for more details on who is included in the New Class. The complete text of the New Class definitions is in Section 4 of the HESI and Transocean Settlement Agreements. The Agreements and other materials and information are available on the website, GulfSpillPunitiveDamagesSettlement.com, and by request. The definitions below will help you determine if you are a member of the New Class.

- **"Charterboat Operators"** means owners, captains, and deckhands of charter fishing vessels that carry passengers(s) for hire to engage in recreational fishing.

- **"Commercial Fisherman"** means any person or entity that gets income from catching and selling Seafood. This includes Vessel owners, boat captains, boat crew, boat hands, and others who are paid based on the quantity of Seafood lawfully caught while holding a commercial fishing license issued by

the United States and/or the State(s) of Alabama, Florida, Louisiana, Mississippi, and/or Texas, or otherwise engaged in lawful commercial fishing.

- **"Gulf Coast Areas"** include the States of Louisiana, Mississippi, and Alabama; the counties of Chambers, Galveston, Jefferson, and Orange in the State of Texas; and the counties of Bay, Calhoun, Charlotte, Citrus, Collier, Dixie, Escambia, Franklin, Gadsden, Gulf, Hernando, Hillsborough, Holmes, Jackson, Jefferson, Lee, Leon, Levy, Liberty, Manatee, Monroe, Okaloosa, Pasco, Pinellas, Santa Rosa, Sarasota, Taylor, Wakulla, Walton, and Washington in the State of Florida. "Gulf Coast Areas" also includes all adjacent Gulf waters, bays, estuaries, straits, and other tidal or brackish waters within the States of Louisiana, Mississippi, and Alabama, and those described counties of Texas or Florida.

- **"Entity"** means an organization, business, local government, or entity, other than a Governmental Organization, operating or having operated for-profit or not-for-profit, including a partnership, corporation, limited liability company, association, joint stock company, trust, joint venture, or unincorporated association of any kind or description.

- **"Identified Gulf Waters"** means the U.S. and state territorial waters of the Gulf of Mexico and all adjacent bays, estuaries, straits, and other tidal or brackish waters within the territory of the States of Louisiana, Mississippi, and Alabama and the Texas and Florida counties listed in the definition of Gulf Coast Areas.

- **"Local Government"** means a county, parish, municipality, city, town, or village (including a Local Government's agency, branch, commission, department, unit, district, or board).

- **"Personal Property"** means any form of tangible property that is not Real Property, including Vessels.

- **"Real Property"** means all real property adjacent to Identified Gulf Waters, including property below the surface of the water, Oyster Beds, and deeded docks.

- **"Seafood"** means fish and shellfish, including shrimp, oysters, crab, menhaden, and Finfish, caught in the Specified Gulf Waters or Identified Gulf Waters.

- **"Specified Gulf Waters"** means the U.S. waters of the Gulf of Mexico where residents of Gulf Coast Areas are allowed to lawfully fish, and all adjacent bays, estuaries, straits, and other tidal or brackish waters within the Gulf Coast Areas.

### 12. Are there exceptions to being included in the New Class?

Yes. The following individuals and entities are excluded from the New Class:

- Anyone who excludes themselves from (or "Opts Out" of) the New Class;
- Defendants in MDL 2179 and certain current and former employees of HESI and Transocean;
- The Court, including any sitting judges on the United States District Court for the Eastern District of Louisiana, their law clerks serving during the pendency of this lawsuit, and members of any such judge's or current law clerk's immediate family;
- Governmental Organizations (outside of included local governments);
- BP Released Parties and certain individuals who were employees of BP; and
- Individuals and Entities that received a payment from the GCCF and signed a "Release and Covenant Not To Sue." *See* Question 10.

The following claims are also not included in the HESI and Transocean Settlements:

- Bodily Injury Claims
- BP Shareholder Claims

You may still pursue these claims and remain a New Class Member without Opting Out.

The full description of the entities, individuals, and claims that are excluded from the New Class can be found on the website or by calling 1-877-940-7792.

### 13. Do the HESI and Transocean Settlements cover claims for economic loss, medical, or personal injury?

No. The HESI and Transocean Settlements do not include claims for economic loss, medical, or personal injury.

### 14. What if I'm still not sure whether I am included in the New Class?

If you are not sure whether you are in the New Class, or have any other questions about the HESI and Transocean Settlements, visit the website at GulfSpillPunitiveDamagesSettlement.com or call the toll-free number, 1-877-940-7792. You may also write with questions to HESI/Transocean Punitive Damages & Assigned Claims Settlements, PO Box 10260, Dublin, OH 43017-5760 or send an e-mail to questions@GulfSpillPunitiveDamagesSettlement.com.

## THE SETTLEMENTS' BENEFITS

### 15. What do the HESI/Transocean Settlements provide?

HESI will contribute $1,028,000,000, and Transocean will contribute $211,750,000 to fund the HESI/Transocean Settlements. The majority of the Fund ($902,083,250) will be used to pay New Class Members. The remainder of the Fund ($337,666,750) has been allocated to the Assigned Claims for the benefit of the existing DHEPDS Class. The allocation was performed by United States Magistrate Judge Joseph C. Wilkinson, Jr., who was appointed to serve as the Allocation Neutral under the terms of the Settlement Agreements. The Court has preliminarily reviewed the allocation, has granted preliminary approval to the Settlements on that basis, and will consider final approval of the allocation as well as the Settlements at the formal Fairness Hearing. The cost to provide notice and administer the HESI/Transocean Settlements will be paid out of the Fund. In addition to the Fund, HESI and Transocean have also agreed to pay certain attorneys' fees and expenses (*see* Question 35).

### 16. How much will my payment be?

The proposed Distribution Model will be filed with the Court no later than June 15, 2016. The proposed Distribution Model will also be posted to the website, GulfSpillPunitiveDamagesSettlement.com. The Court will assess the Distribution Model along with the Settlements as a whole at the Fairness Hearing.
After the Distribution Model has been filed with the Court, if you have questions about how the value of your potential claim will be determined, you can call 1-877-940-7792 for assistance.

## HOW TO REQUEST A PAYMENT—SUBMITTING A CLAIM FORM

### 17. Who has to submit a Claim Form to request a payment?

There is only one group that needs to file a claim. If you are a New Class Member and were not eligible to file a claim in the DHEPDS or elected to Opt Out of that Settlement, you will need to file a claim to request a payment from the HESI/Transocean Settlements. If you are a member of the earlier DHEPDS Class with BP,

you cannot file a new claim. The Settlement Administrator will use the information from your DHEPDS claim for the purposes of determining your eligibility for a payment from the HESI/Transocean Settlements.

| Group | Need to File a Claim |
|---|---|
| Filed a valid claim in DHEPDS | No |
| Certain Individuals/Entities not allowed to file a claim in DHEPDS.<br><br>Including new groups:<br>Pogy/menhaden fishermen<br>Local governments<br>Gaming<br>Insurance<br>Financial<br>Real estate developers<br>Defense industries<br>Oil and gas entities<br><br>New Class Members whose claims fell outside of the DHEPDS Damage Categories. | Yes<br>(But will only be eligible to participate if you have oiled property or are a commercial fisherman) |
| Elected to Opt Out of DHEPDS | Yes<br>(but will only be eligible to participate if you have oiled property or are a commercial fisherman) |
| Claim was denied in DHEPDS | No. You are not eligible for a payment from HESI/Transocean Settlements (unless you were denied because you had an excluded claim or Opted Out of the DHEPDS). |
| DHEPDS class member but did not file a claim in that Settlement | No. You are not eligible for a payment. |

### 18. Can I submit a claim if I voluntarily decided not to file a claim in the DHEPDS?

No, unless you were deemed a valid Opt Out party for the DHEPDS. You gave up your right to a punitive damage award because you failed to file a claim to recover for economic loss from the DHEPDS.

### 19. Should I submit a claim if I have a claim pending in the DHEPDS?

No. The claim you filed in the DHEPDS will be transferred to the HESI/Transocean administrator.

### 20. Should I submit a claim if my claim was paid in the DHEPDS?

No. The claim you filed in the DHEPDS will be transferred to the HESI/Transocean administrator.

### 21. Should I submit a claim if my claim was denied in the DHEPDS?

No. If your DHEPDS claim was rejected for a reason other than the fact that you were excluded from (or opted out of) the DHEPDS class, (*e.g.* no causation, FWA denial, prior GCCF Release), you cannot get a payment from the HESI/Transocean Settlements because your claims for compensatory damages (upon which a punitive damage award would be premised) have been released. Compensatory damages compensate for actual losses.

### 22. Should I submit a claim if I previously Opted Out of the DHEPDS?

Yes, if you Opted Out of the DHEPDS Class and are included in the New Class, you may submit a claim.

### 23. How do I submit a Claim Form to request payment?

To submit a Claim Form, you must mail it to the address below. If you have questions about how to file your claim, you should call 1-877-940-7792 for assistance.

Claim Forms will be available after the Distribution Model is filed with the Court; you may download the Claim Form from the website or request it be mailed to you by calling 1-877-940-7792.

The address for mailing your Claim Form(s) is:

> HESI/Transocean Punitive Damages & Assigned Claims Settlements
> PO Box 10260
> Dublin, OH 43017-5760

The deadline for filing a Claim Form is **December 15, 2016**.

### 24. Do I need to submit supporting documentation?

Yes. If you are a New Class Member who needs to submit a claim to be considered for payment as explained above, you will need to include certain supporting documents for your claim to be accepted. The Claim Form will be available when the Distribution Model is submitted to the Court for approval and will be posted on the website, GulfSpillPunitiveDamagesSettlement.com, or you may request a Claim Form by mail.

### 25. What if my claim is denied or I am not satisfied with my payment?

The HESI/Transocean Settlements provide a process to resolve disagreements about how much money you should get. You will get further details in the letter you receive after your claim has been processed. If your claim is denied, or if you are not satisfied with the amount of your payment, you may file an appeal. **The Court's decision on any appeal involving the amount of payment will be final and binding**, and you cannot appeal to any other court regarding that determination, including the U.S. Court of Appeals for the Fifth Circuit. The website will have an appeal form and further explanation of the appeals process.

### 26. When will I get my payment?

All claims will be paid after all determinations are complete and the Court has approved final distribution. HESI/Transocean payments will not be made until after all DHEPDS claims have been processed and paid. There will be no opportunity for advance/interim payments.

### 27. What am I giving up to get a payment?

If you accept a payment in the HESI and Transocean Settlements, you will give up your right to sue the Defendants or the Released Parties regarding all of the claims resolved by the HESI and Transocean Settlements, as described more fully in Section 10 of the Settlement Agreements.

However, you will NOT give up your right to sue HESI or Transocean or any of the Released Parties for any other claims (that is, any claims that were not resolved by these Settlements).

The Settlement Agreements are available on the website. **The Settlement Agreements describe the released claims with specific descriptions in legal terminology, so read it carefully.** If you have any questions about

the released claims and what they mean, you can talk to the lawyers representing the New Class, listed in Question 34 below, for free, or you can, at your own expense, talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE HESI/TRANSOCEAN SETTLEMENTS

If you are a member of the New Class and you do not want to participate in the HESI/Transocean Settlements, and want to keep all of your rights to sue the Defendants and any of the Released Parties about the claims being resolved in these Settlements, then you must take steps to get out of the New Class. This is called asking to be excluded from, or sometimes called "Opting Out" of the class. (Members of the existing DHEPDS cannot opt out of that class because the opt out deadline expired when the DHEPDS Class was approved by the Court in 2012.)

### 28. If I do not want to participate in the HESI/Transocean Settlements, what must I do?

To exclude yourself or your Entity from (or Opt Out of) the New Class, you must mail a written request stating, "I wish to be excluded from the HESI/Transocean Class." Your written request must also include your printed name, address, and phone number, and must be signed by you.

You must **mail** your written request postmarked by **September 23, 2016**, to:

> HESI/Transocean Punitive Damages & Assigned Claims Settlements
> Exclusions Department
> PO Box 10260
> Dublin, OH 43017-5760

You cannot ask to be excluded from the HESI and Transocean Settlements on the phone, by email, or on the website.

If you choose to Opt Out of the New Class, you must Opt Out for all claims you have that are included in the HESI/Transocean Settlements.

**You do not have to Opt Out of the HESI and Transocean Settlements in order to preserve or pursue these Reserved Claims:**

- Bodily Injury Claims
- BP Shareholder Claim

### 29. If I exclude myself, can I get anything from the HESI/Transocean Settlements?

No. If you exclude yourself from the HESI/Transocean Settlements, you will not be able to receive any payment under the HESI/Transocean Settlements, and you cannot object to the HESI/Transocean Settlements. If you exclude yourself, however, you may sue or be part of a different lawsuit against HESI and Transocean in the future. However, considering the Court's findings, you may be precluded from making a claim for punitive damages outside of these Settlements.

### 30. If I do not exclude myself, can I sue HESI and Transocean later?

No. If you are a New Class Member and you do not exclude yourself, you give up the right to sue HESI and Transocean or any of the Released Parties for the claims that these Settlements resolve. You can still pursue the Reserved Claims listed in Question 28.

### 31. If I exclude myself from the HESI/Transocean Settlements, can I change my mind later?

Yes. You have the right to request to withdraw ("revoke") your decision to Opt Out of the HESI and Transocean Settlements as long as you do it by **October 14, 2016**, as described more fully in Section 21(a) of

the HESI and Transocean Settlement Agreements. Please visit the website or call 1-877-940-7792 for details about how to revoke an Opt Out.

## OBJECTING TO THE HESI/TRANSOCEAN SETTLEMENTS

### 32. How do I tell the Court if I do not like the HESI/Transocean Settlements?

If you are a Class Member, you can object to the HESI and Transocean Settlements if you do not like all or some part of them. To object, send a letter explaining your objection to the proposed HESI/Transocean Settlement in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179. Your objection letter must include:

1) A detailed statement of each objection being made, including the specific reasons for each objection, and any evidence or legal authority to support each objection;
2) Your name, address, and telephone number;
3) Written evidence establishing that you are a New Class Member, such as proof of residency, proof of ownership of property, proof of employment, and/or proof of business incorporation and operation;
4) Any supporting papers, materials, or briefs that you want the Court to consider when reviewing the objection; and
5) Your signature.

A Class Member may also object through an attorney hired at his, her, or its own expense. The attorney will have to file a notice of appearance with the Court by **September 23, 2016**, and serve a copy of the notice and the objection containing the information detailed above on New Class Counsel and HESI and Transocean's Counsel by **September 23, 2016**.

Objections must be sent by first class mail to each of the following addresses postmarked by **September 23, 2016**. Objections submitted after this date will not be considered.

| NEW CLASS COUNSEL | |
|---|---|
| James P. Roy<br>Domengeaux Wright Roy Edwards & Colomb<br>556 Jefferson St., Suite 500<br>P.O. Box 3668<br>Lafayette, LA 70501 | Stephen J. Herman<br>Herman Herman & Katz<br>820 O'Keefe Avenue<br>New Orleans, LA 70113 |

| DEFENDANTS' COUNSEL | |
|---|---|
| *For HESI:*<br>Christopher J. Bellotti<br>Senior Counsel<br>Halliburton Energy Services, Inc.<br>3000 N. Sam Houston Parkway East<br>Bldg. J, Room 432<br>Houston, TX 77032-3219<br><br>R. Alan York<br>Godwin PC<br>1331 Lamar<br>Suite 1665<br>Houston, Texas 77010 | *For Transocean:*<br>Brady Long<br>Senior Vice President and General Counsel<br>Transocean Ltd.<br>Chemin de Blandonnet 10<br>1214 Vernier, Switzerland<br><br>Robyn Goldstein<br>Legal Counsel, Disputes and Human Relations<br>Transocean Offshore Deepwater Drilling Inc.<br>4 Greenway Plaza<br>Houston, TX 77046 |

| COURT |
|---|
| Clerk of Court<br>United States District Court for the Eastern District of Louisiana<br>500 Poydras Street<br>New Orleans, LA 70130 |

**Do not call the Court or any Judge's office to object to HESI and Transocean Settlements.** If you have questions, please visit GulfSpillPunitiveDamagesSettlement.com or call 1-877-940-7792.

### 33. What is the difference between objecting to and asking to be excluded from the HESI/Transocean Settlements?

Objecting is simply telling the Court that you do not like something about the HESI/Transocean Settlements. You can object only if you stay in the New Class. Excluding yourself, also called Opting Out, is telling the Court that you do not want to be part of the New Class. If you exclude yourself, you cannot object to the HESI/Transocean Settlements, and you will not be eligible to apply for a payment under the Settlements.

## THE LAWYERS REPRESENTING YOU

### 34. Do I have a lawyer in this case?

The Court has appointed Stephen J. Herman (Lead Class Counsel), James P. Roy (Lead Class Counsel), Brian H. Barr, Jeffery A. Breit, Elizabeth J. Cabraser, Philip F. Cossich, Jr., Robert T. Cunningham, Alphonso Michael Espy, Calvin C. Fayard, Jr., Ervin A. Gonzalez, Robin L. Greenwald, Rhon E. Jones, Matthew E. Lundy, Michael C. Palmintier, Joseph F. Rice, Paul M. Sterbcow, Scott Summy, and Conrad S. P. Williams as "New Class Counsel" to represent the New Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 35. How will the lawyers be paid?

New Class Counsel will ask the Court to consider an award of attorneys' fees and costs and expenses incurred for the benefit of the entire Class. Class Counsel fees, costs, and expenses under the HESI and Transocean Settlement Agreement jointly cannot exceed $124,950,000.

New Class Members' payments will not be reduced if the Court approves the payment of Class Counsel fees, costs, and expenses described above. HESI and Transocean will separately pay these attorney fees, costs, and expenses.

## THE COURT'S FAIRNESS HEARING

### 36. When and where will the Court decide whether to approve these Settlements?

The Court will hold a Fairness Hearing at **9:30 a.m.** on **November 10, 2016**, at the United States District Court for the Eastern District of Louisiana, Court Room No. C268, 500 Poydras Street, New Orleans, LA 70130. At the Fairness Hearing, the Court will consider whether the proposed HESI/Transocean Settlements are fair, reasonable, and adequate along with the proposed Distribution Model. The Court will also consider Class Counsel's request for fees, costs, and expenses described in Question 35.

If there are objections to the HESI/Transocean Settlements, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the HESI/Transocean Settlements and how much to award to New Class Counsel as fees, costs, and expenses.

The Fairness Hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check the website for updated information.

### 37. Do I have to attend the Fairness Hearing?

No. New Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it.

You or any attorney you have hired may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include this request with your objection as described in Question 32.

**Do not call the Court or any Judge's office to get information about the HESI and Transocean Settlements.** If you have questions, please visit the website or call 1-877-940-7792.

## IF YOU DO NOTHING

### 38. What happens if I do nothing?

The consequences of doing nothing depends on which group you fall into:

- New Class Members who do not exclude themselves from the HESI and Transocean New Class Settlements will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against HESI and Transocean or the Released Parties about the punitive damages claims being released by the HESI/Transocean Settlements.
- New Class Members who are members of the DHEPDS Class, but never filed a claim in the DHEPDS Settlement Program, and do nothing will not get a payment from the HESI/Transocean Settlements.
- New Class Members who previously filed a valid DHEPDS claim and do nothing will be eligible for benefits from the HESI/Transocean Settlements.

However, even if you take no action, you will keep your right to sue HESI and Transocean or any of the Released Parties for any other claims not resolved by the HESI/Transocean Settlements or by the Court's findings (*see* Question 2). These "Reserved Claims" are listed under Question 28 and are described in the HESI and Transocean Settlement Agreements and on the website.

## GETTING MORE INFORMATION

### 39. How do I get more information?

This Notice summarizes the proposed HESI/Transocean Settlements. More details are in the HESI and Transocean Settlement Agreements. You can get a copy of the Settlement Agreements on the website. You also may write with questions to HESI/Transocean Punitive Damages & Assigned Claims Settlements, PO Box 10260, Dublin, OH 43017-5760 or send an e-mail to questions@GulfSpillPunitiveDamagesSettlement.com. You can get a Claim Form on the website or have one mailed to you by calling 1-877-940-7792.

**Do not call the Court or any Judge's office to get information about the HESI and Transocean Settlements.** If you have questions, please visit the website or call 1-877-940-7792.

## ELIGIBILITY CHART

| Claim Category | New Class Eligibility Requirements |
|---|---|
| **Real Property Damage** | Individuals, businesses, trusts, non-profits, or any other Entity (including Local Government entities) who owned, leased, rented, or held any proprietary interest in real property adjacent to Identified Gulf Waters, including property below the surface of the water, Oyster Beds, and deeded docks at any time between April 20, 2010, through April 18, 2012, that was alleged to have been physically damaged by oil or other substances as further described in the Settlement Agreement.<br><br>This category includes the following claim types from the DHEPDS:<br><br>• Coastal Real Property<br>• Wetlands Real Property<br>• Real Property Sales<br>• Oyster Leaseholder<br><br>DHEPDS claims will be automatically transferred to the HESI/Transocean Settlements for consideration. |
| **Personal Property Damage** | Individuals, businesses, trusts, non-profits, or any other Entity (including Local Government entities) who owned, chartered, leased, rented, or held any proprietary interest in personal property, defined as any form of tangible property that is not Real Property, including Vessels, at any time between April 20, 2010, through April 18, 2012, that was alleged to have been physically damaged by oil or other substances as further described in the Settlement Agreement.<br><br>This category includes the following claim types from the DHEPDS:<br><br>• Vessel Physical Damage<br>• Physical damage to personal property portion of Coastal Real Property<br>• Physical damage to personal property portion of Wetlands Real Property<br><br>DHEPDS claims will be automatically transferred to the HESI/Transocean Settlements for consideration. |

| Claim Category | New Class Eligibility Requirements |
|---|---|
| **Commercial Fishermen and Charterboat Operators** | Commercial Fishermen or Charterboat Operators who, anytime from April 20, 2009, through April 18, 2012, (a) owned, chartered, leased, rented, managed, operated, utilized, or held any proprietary interest in commercial fishing or charter fishing Vessels that were Home Ported in or that landed Seafood in the Gulf Coast Areas, or (b) worked on or shared an interest in catch from Vessels that fished in Specified Gulf Waters and landed Seafood in the Gulf Coast Area as further described in the Settlement Agreement.<br><br>Commercial Fishermen means a Natural Person or Entity that derives income from catching Seafood and selling Seafood, which shall include Vessel owners, boat captains, boat crew, boat hands, and others who are paid based on the quantity of Seafood lawfully caught while holding a commercial fishing license issued by the United States and/or the State(s) of Alabama, Florida, Louisiana, Mississippi, and/or Texas, or otherwise engaged in lawful commercial fishing. Seafood means fish and shellfish, including shrimp, oysters, crab, menhaden, and Finfish caught in the Specified Gulf Waters or Identified Gulf Waters.<br><br>*Menhaden/Pogy fishermen are included.*<br><br>Charterboat Operators means owners, captains, and deckhands of charter fishing vessels that carry passenger(s) for hire to engage in recreational fishing.<br><br>This category includes the following claim types from the DHEPDS:<br><br>• Seafood Compensation (except for Oyster Leaseholder)<br>• Business Economic Loss (BEL) for Charterboat Operators<br>• Individual Economic Loss (IEL) for Charterboat crew members<br><br>DHEPDS claims will be automatically transferred to the HESI/Transocean Settlements for consideration. |
| **Loss of Subsistence** | Includes individuals who fished or hunted, anytime from April 20, 2009, through April 18, 2012, in the Identified Gulf Waters or Gulf Coast Areas to harvest, catch, barter, consume, or trade natural resources, including Seafood and game, in a traditional or customary manner, to sustain basic or family dietary, economic security, shelter, tool, or clothing needs.<br><br>*Those who fish or hunt solely for pleasure or sport are **not** eligible to make claims for subsistence, regardless of whether or not they consume their catch.*<br><br>This category includes the following claim type from the DHEPDS:<br>• Subsistence<br><br>DHEPDS claims will be automatically transferred to the HESI/Transocean Settlements for consideration. |