## Daisy Garner

| | |
|---|---|
| **From:** | Michael J. Juneau [MJJ@juneaudavid.com] |
| **Sent:** | Thursday, July 21, 2016 9:13 AM |
| **To:** | Camilo Salas |
| **Cc:** | Daisy Garner; Steve Herman; jimr@wrightroy.com; Alan York; Kerry Miller; michelle.lacount@gardencitygroup.com |
| **Subject:** | PTO 60 issues |

Camilo:

I have taken some time to review the relevant documents in light of our recent discussion. Specifically, you had raised the issue of the New Class Distribution Model's treatment of your group of clients who either opted-out of the DHEPDS or were excluded from that settlement - and who did not make any PTO 60 filings because in your view PTO 60 did not apply to them.

I offer the following comments:

1. The group that you described would be New Class members given that they apparently owned property within the Coastal Real Property zone during the relevant period.

2. The value that the New Class Distribution Model would assign to those claims would be $-0-.

3. The rationale for the $-0- valuation is that the described claimants have received no compensatory damages and have no reasonable chance to recover any compensatory damages because those claimants' potential claims have been dismissed by the Court's Orders due to failure to comply with PTO 60. With not even a reasonable likelihood of recovering any compensatory damages, the most reasonable evaluation of a punitive award is zero.

4. I understand your position that PTO 60 did not require anything of persons or entities that were putative class members in the lawsuit that you had filed on behalf of all opt-outs and persons/entities excluded from the DHEPDS. But as I read the Court's Orders, PTO 60 was applicable to that group of persons/entities.

5. The Court's Order Re: Compliance with PTO 60 [Rec. Doc. 20996] dated July 14, 2016 I believe governs this situation. Specifically, the Court's Order provides at paragraph one (1): "To the extent any of these Plaintiffs is relying upon a previously-filed complaint that, in addition to individual claims, also contains class allegations, any embedded class allegations in those complaints are deemed stricken and only the individual Plaintiff claims that are compliant with PTO 60 can continue."

I understand that the above is contrary to the position that you advocated during our phone conversation, but this is the best explanation of the situation that I can provide after thorough consideration of these issues.

Michael J. Juneau
Juneau David, APLC
P.O. Box 51268
Lafayette, LA 70505
1018 Harding Street, Suite 202

**EXHIBIT "3"**

9/23/2016

Lafayette, LA 70503
Phone: 337.269.0052
Fax: 337.269.0061
Email: mjj@juneaudavid.com
Web: www.juneaudavid.com

Privileged & Confidential

On Jul 14, 2016, at 6:25 PM, Camilo Salas <csalas@salaslaw.com> wrote:

> Mike,
> I am attaching for your review a pleading we filed June 28 responding to the Rule to Show Cause addressing our arguments about the class pled in our class action.
>
>
> Camilo K. Salas III
>
> SALAS & Co., L.C.
>
> 650 Poydras Street, Suite 2000
>
> New Orleans, LA 70130
>
> Telephone: 504-799-3080
>
> Direct Line: 504-799-3081
>
> Facsimile: 504-799-3085
>
> Cell: 504-609-9317
>
> E-Mail: csalas@salaslaw.com

---

**From:** Michael J. Juneau [mailto:MJJ@juneaudavid.com]
**Sent:** 2016-07-14 4:29 PM
**To:** Daisy Garner; Camilo Salas
**Subject:** Fwd: Case: MC MDL-2179; Transaction: 59281642 - Notification of Service

Daisy/Camilo: Can you please email mea copy of this filing that you made recently? Thanks.

Michael J. Juneau
Juneau David, APLC
P.O. Box 51268
Lafayette, LA 70505
1018 Harding Street, Suite 202

Lafayette, LA 70503
Phone: 337.269.0052
Fax: 337.269.0061
Email: mjj@juneaudavid.com
Web: www.juneaudavid.com

Privileged & Confidential

Begin forwarded message:

> **From:** FileAndServeXpress <ServiceNotification@secure-mail.fileandservexpress.com>
> **Date:** July 14, 2016 at 4:22:07 PM CDT
> **To:** "'mjj@juneaudavid.com'" <mjj@juneaudavid.com>
> **Subject: Case: MC MDL-2179; Transaction: 59281642 - Notification of Service**
>
> To:     Michael J Juneau
> From:    File & ServeXpress
> Subject: Service of Documents in In re: MDL-2179 Oil Spill by the Oil Rig (Deepwater Horizon)
>
> You are being served documents that have been electronically submitted in In re: MDL-2179 Oil Spill by the Oil Rig (Deepwater Horizon) through File & ServeXpress. The details for this transaction are listed below.
>
> Court:       LA US District Court Eastern District E-Service-Oil Spill
> Case Name:       In re: MDL-2179 Oil Spill by the Oil Rig (Deepwater Horizon)
> Case Number:    MC MDL-2179
> Transaction ID:    59281642
> Document Title(s):
>   MOTION FOR RECONSIDERATION AND_OR MOTION FOR RELIEF FROM ORDER AND_OR FOR A DETERMINATION THAT MOVER HAS COMPLIED WITH PTO 60 AND TO SET ASIDE DISMISSAL FOR NON-COMPLIANCE WITH PTO 60 (1 page)
>     Exhibit 1 (1 page)
>     Exhibit 2 (1 page)
>     Exhibit 3 (1 page)
> Authorized Date/Time:    Jul 14 2016  4:21PM CDT
> Authorizer:      Camilo Kossy Salas
> Authorizer's Organization:   Salas & Co LC
> Sending Parties:
>   Plaintiff
> Served Parties:
>   Interested Party
>
> You may view the documents in the following ways:
>   - Online at https://secure.fileandservexpress.com/Login/Login.aspx?FI=59281642 (subscriber login required).
>   - Call Salas & Co LC to request a copy of the documents.

Thank you for using File & ServeXpress.

Questions? For prompt, courteous assistance please contact File & ServeXpress Client Support by phone at 1-888-529-7587 (24/7).

<Response to Order to Show Cause filed by First Bank.pdf>