# Timeline of Events and Filings

**relevant to Untimely Objection filed by Yoes**

Rec. Doc. 21666

| | |
|---|---|
| August 6, 2010 | BP establishes a reversionary *Deepwater Horizon* Oil Spill Trust. Neither the trust nor any portion thereof is specifically dedicated to paying the claims of people and/or businesses in the Gulf Coast Area who would ultimately become members of the Economic & Property Damages and/or Medical Benefits Classes. Rather, the Trustees are broadly authorized to utilize trust funds for a wide array of Spill-related judgments, settlements and/or other obligations, including both GCCF and non-GCCF private property damage and/or economic loss claims (without geographical or other restrictions), day-of-explosion personal injury and wrongful death claims, medical monitoring and/or exposure injury claims (without geographical or other restrictions), property damage and/or economic loss claims asserted by the States and/or Local Governments, Spill-related response costs, and Natural Resource Damages (NRD) assessments and claims.[1] The only BP Spill-related obligations expressly excluded are the payment of fines or penalties,[2] and any funds remaining in the Trust upon termination revert back to the grantor, BP.[3] |
| December 28, 2011 | Court finds that the Plaintiff Steering Committee had conferred a common benefit on GCCF claimants, warranting a "hold-back" of six percent (6%) on all GCCF settlements occurring after November 7, 2011.[4] |
| April 18, 2012 | Economic & Property Damages Settlement. By this point, the GCCF was "winding down" and had resolved ninety-two percent (92%) of the GCCF compensable claims.[5] |
| May – August 2012 | Extensive Class Notice is disseminated under Rule 23. Potential class members are advised that Class Counsel will be asking the Court to award up to $600 million in common benefit costs and fees, to be paid by BP.[6] |

---

[1] *See* DEEPWATER HORIZON OIL SPILL TRUST (submitted herewith as Exhibit 2), at p.1, Recitals Nos. 1, 3.

[2] *See* DEEPWATER HORIZON OIL SPILL TRUST, p.1, Recital No. 3.

[3] *See* DEEPWATER HORIZON OIL SPILL TRUST, p.9, Art. II, Section E.

[4] *See* ORDER AND REASONS (Dec. 28, 2011) [Rec. Doc. 5022], pp.4-6. (Based on jurisdictional arguments and practical considerations, the Hold-Back Order was modified to GCCF settlements and/or other payments to claimants who had filed lawsuits and/or claims-in-limitation that were, at any time, asserted in, removed to, and/or transferred to the MDL, after December 30, 2011.)

[5] *See generally* Rec. Docs. 7727-3 and 21098-15.

[6] *See, e.g.,* Rec. Doc. 7710-1, at 59. (*see also* Medical Benefits Class Notice, Rec. Doc. 7113-1, at 57)

| | |
|---|---|
| August 13, 2012 | Class Counsel and BP submit briefs and evidence in support of final approval. Plaintiffs' expert, Professor Klonoff, addresses the negotiation, structure, and potential amount of common benefits fees that could ultimately be awarded, within the context of class certification (*i.e.* adequacy of representation, superiority) and settlement approval (*i.e.* is the settlement fair, reasonable, and adequate to the members of the class).[7] |
| September 4, 2012 | Yoes, a "professional objector",[8] files an objection to the Economic & Property Damages Settlement, arguing, among other things, (without factual or evidentiary support), that the common benefit fees should be limited to a "lodestar" because "class counsel have merely taken approximately $7 billion of the pre-existing $20 billion GCCF and shifted it to this settlement."[9] |
| October 22, 2012 | Class Counsel submit their Reply Brief in support of final approval, specifically responding to Mr. Yoes' and other related contentions regarding the GCCF.[10] Professor Klonoff also files a supplemental declaration, further addressing the general GCCF arguments, as well as the Yoes and other objections regarding attorneys' fees.[11] |
| December 21, 2012 | Court approves Economic & Property Damages Settlement Class. Rejecting the objections of Mr. Yoes and others, the Court specifically finds that "There Was No Duplication of Relief."[12] The Court further finds that, while comparisons to the GCCF are legally irrelevant for Rule 23(b)(3) and/or Rule 23(e) purposes, "the Settlement Program actually improves upon the GCCF in a number of important ways," while further noting that "numerous Objections and other filings have raised concerns and complaints with the GCCF, and would seem to contradict the claims |

---

[7] *See* KLONOFF DECLARATION (Aug. 13, 2012) [Rec. Doc. 7104-3] at ¶¶ 1, 32, 61, 65, 77, 86, 89 and 90-134.

[8] *See, e.g.,* In re UnitedHealth Group Inc. PSLRA Litig., 643 F.Supp.2d 1107, 1109 (D.Minn. 2009) ("emphatically" denying Mr. Yoes' request for attorneys fees, in connection with a pleading that could "charitably be described as disingenuous," and observing that Mr. Yoes' "goal was, and is, to hijack as many dollars for themselves as they can wrest from a negotiated settlement. Objectors' eight-page-long, two-week-late pleading presented no facts, offered no law, and raised no argument upon which the Court relied in its deliberation or ruling concerning class counsel's motion for fees"); Continental Resources Inc. v. Bishop, Yoes, et al, No.05-1032, 2005 WL 2464338 (W.D.Olka. Oct. 5, 2005) ("plaintiffs have sufficiently alleged a claim of abuse of process" against Mr. Yoes in case arising from the filing of an objection to previous class settlement and request for fees). *See also, e.g.,* Veracallo v. Mass Mutual Life Ins. Co., 226 F.R.D. 207, 246 (D.N.J. 2005) (considering but rejecting an untimely objection filed by frequent collaborator and apparent co-counsel Edward Cochran on behalf of William H. Yoes, in which they fail to substantiate the objection "with anything more than speculation").

[9] *See* OBJECTION NO. 118 [No. 10-7777, Rec. Doc. 118] at p.9.

[10] *See generally* REPLY BRIEF [Rec. Doc. 7727] at pp.14-23 and EXHIBIT D (*in globo*) [Rec. Doc. 7727-3].

[11] *See* KLONOFF SUPPLEMENTAL DECLARATION (Oct. 22, 2012) [Rec. Doc. 7727-4] at ¶¶ 20-24 and 52-55.

[12] ORDER AND REASONS [Rec. Doc. 8138] (Dec. 21, 2012) pp.36-37 (reported at: In re Deepwater Horizon, 910 F.Supp.2d 891, 920 (E.D.La. 2012)).

|  |  |
|---|---|
|  | by some objectors that the GCCF was somehow more favorable."[13]  The Court also references the negotiation and structure of common benefit fees in support of class settlement approval, as a further benefit to the class.[14] |
| July 12, 2013 | Yoes associates John Pentz, another well-known "professional objector",[15] to appeal settlement approval.  The objectors again note loosely that "BP established the GCCF shortly after the spill, escrowing the amount of $20 billion to satisfy anticipated claims," and argue (contrary to the factual record and without evidentiary support) that the class settlement "permits BP to immediately withdraw up to $7 billion from the GCCF."[16] |
| September 3, 2013 | Class Counsel respond to the Yoes/Pentz objection and appeal.[17] |
| September 17, 2013 | Yoes/Pentz objectors file Reply Brief with the Fifth Circuit.[18] |

---

[13] ORDER AND REASONS, pp.109-110 (Deepwater Horizon, 910 F.Supp.2d at 960-961).

[14] ORDER AND REASONS, pp.17, 33, 60-61 and 83 (Deepwater Horizon, 910 F.Supp.2d at 909, 918, 933-934 and 946).

[15] *See, e.g.,* In re Polyurethane Foam Antitrust Litig., MDL No.2196, 2016 WL 1452005 at *2 (N.D.Ohio April 13, 2016) (Pentz is a "well-known 'professional objector' who seeks to 'make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements'"); Dewey v. Volkswagen of America, 728 F.Supp.2d 546, 574-575 n.19 (D.N.J. 2010); Barnes v. FleetBoston Financial Corp., No.01-10395, 2006 WL 6916834 (D.Mass. Aug. 22, 2006) (referring to Pentz as a "professional objector" and imposing a $645,111.60 appeal bond upon the filing of a frivolous appeal); Taubenfeld v. AON Corp., 415 F.3d 597, 599 (7th Cir. 2005) (faulting Pentz for failing to articulate his client's argument, putting forth only "conclusory assertions"); In re Wal–Mart Wage and Hour Employment Practices Litig., No.06–225, 2010 WL 786513 at *1 (D.Nev. Mar. 8, 2010) (finding that Pentz has a "documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class," and imposing a $500,000 appeal bond with respect to appeals that are "without merit and will almost certainly be rejected by the Ninth Circuit Court of Appeal"); In re Initial Public Offering Sec. Litig., 671 F.Supp.2d 467, 497 n.219 (S.D.N.Y. 2009) (noting that Pentz has been criticized by other courts for submitting "canned objections"), *later proceeding,* 721 F.Supp.2d 210, 215 (S.D.N.Y. 2010) (imposing an appeal bond where Pentz had engaged in "bad faith and vexatious conduct" including the disregard of court orders, while inferring "a pattern or practice of objecting to class action settlements for the purpose of securing a settlement from class counsel" and noting that "professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients"); In re AOL Time Warner ERISA Litig., No.02–8853, 2007 WL 4225486 at *3 (S.D.N.Y. Nov. 28, 2007) (calling Pentz's arguments "counterproductive" and "irrelevant or simply incorrect"); In re Royal Ahold N.V. Sec. & ERISA Litig., 461 F.Supp.2d 383, 386 (D.Md. 2006) (noting that Pentz is a professional objector, and concluding that his objection was "not well reasoned and was not helpful"); In re Compact Disc Min. Advertising Price Antitrust Litig., MDL No. 1361, 2003 WL 22417252 at *2 n.3 (D.Maine Oct. 7, 2003) (imposing a $35,000 appeal bond, and noting that Pentz "filed a groundless objection following the fairness hearing... and he appears to be a repeat objector in class action cases").

[16] APPELLANTS' BRIEF, No.12-31155 (July 12, 2013) p.11 [5th Cir. Doc. 00512305749, at 18]. (Stuart Yoes and Edward Cochran are each listed, along with John J. Pentz, on the appellants' Certificate of Interested Parties.)

[17] *See* APPELLEES' BRIEF, No.13-30095 (c/w 12-31155) (Sept. 3, 2013) pp.28-35 [5th Cir. Doc. 00512361333, at 40-47].

[18] APPELLANTS' REPLY BRIEF, No.12-31155 (Sept. 13, 2013) [5th Cir. Doc. 00512375879].

| | |
|---|---|
| January 10, 2014 | U.S. Fifth Circuit Court of Appeals affirms class settlement approval.[19] With respect to the Yoes/Pentz GCCF-related arguments, the Court notes that "the Cobb Objectors have failed to provide any details about the cause of these claimants' current disadvantage" and rejects the argument that some group of claimants "was supposedly 'better off' under the GCCF."[20] |
| January 17, 2014 | The Yoes/Pentz Objectors file a Petition for Rehearing *En Banc*.[21] |
| February 6, 2014 | Class Counsel respond.[22] |
| May 19, 2014 | Rehearing *en banc* is denied.[23] |
| December 8, 2014 | Petition for *Certiorari* to the U.S. Supreme Court is denied.[24] |
| July 15, 2015 | Pre-Trial Order No. 59 is entered.  PTO 59 advises that the aggregate Fee Petition will be filed on or before <u>Friday</u>, <u>July</u> <u>15</u>, <u>2016</u>, and that any objection thereto shall be filed by <u>Thursday</u>, <u>August</u> <u>25</u>, <u>2016</u>.[25] |
| | PTO 59 is posted on the Court's Website.[26] |
| | PTO 59 is served on Mr. Yoes.[27] |
| June 2, 2016 | The Third Amendment to Pre-Trial Order No. 59 references "The 'Aggregate Fee and Cost Petition' due to be filed by July 15, 2016 as referenced in Pretrial Order No. 59."[28] |

---

[19] In re Deepwater Horizon, 739 F.3d 790 (5th Cir. 2014) ("*Deepwater Horizon II*").

[20] Deepwater Horizon II, 739 F.3d at 814.

[21] PETITION FOR REHEARING EN BANC, No. 13-30095 (Jan. 17, 2014) [5th Cir. Doc. 00512504530].

[22] OPPOSITION TO COBB AND ALLPAR PETITIONS FOR REHEARING EN BANC, No. 13-30095 (Feb. 6, 2014) [5th Cir. Doc. 00512525317].

[23] In re Deepwater Horizon, 756 F.3d 320 (5th Cir. 2014).

[24] BP Exploration & Production v. Lake Eugine Land Development, et al, 135 S.Ct. 754 (2014).

[25] PRE-TRIAL ORDER NO. 59 [Rec. Doc. 14863] (July 15, 2015) pp.9-10 ¶¶ 18, 20 (emphasis in original); *see also,* Timetable, p.17.

[26] *See* MDL - 2179 Oil Spill by the Oil Rig "Deepwater Horizon" | Eastern District of Louisiana | United States District Court, available at:  http://www.laed.uscourts.gov/case-information/mdl-mass-class-action/oilspill (submitted herewith as Exhibit 3), at p.4.

[27] *See* File & ServeXpress Transaction No. 57557672 (7/15/2015 3:20 PM CDT) (submitted herewith as Exhibit 4), at p.3.

[28] *See* THIRD AMENDMENT TO PRE-TRIAL ORDER NO. 59 [Rec. Doc. 18641] (June 2, 2016).

|  |  |
|---|---|
|  | The Order is posted on the Court's Website.[29] |
|  | The Order is served on Mr. Yoes.[30] |
| July 15, 2016 | Petition for Reimbursement of Expenses and Collective Common Benefit Fee Award is filed. Class Counsel and Professor Fitzpatrick account for the GCCF, and value the fund conservatively.[31] |
|  | The Fee Petition is served on Mr. Yoes. [32] |
| August 25, 2016 | Deadline to file any objections to the aggregate Fee Petition.[33] |
| September 12, 2016 | Yoes files untimely procedural objection to the aggregate Fee Petition. Yoes does not seek leave to file beyond the deadline, nor file a motion to extend the deadline. The objection itself is largely a cut-and-paste of the last three pages of the objection to settlement approval filed by Mr. Yoes in 2012.[34] Despite receiving actual notice of both PTO 59 and the Fee Petition itself,[35] Yoes argues (incorrectly) that some additional notice to |

---

[29] *See* MDL - 2179 Oil Spill by the Oil Rig "Deepwater Horizon" | Eastern District of Louisiana | United States District Court, available at: http://www.laed.uscourts.gov/case-information/mdl-mass-class-action/oilspill (submitted herewith as Exhibit 3), at p.2.

[30] *See* File & ServeXpress Transaction No. 59089347 (6/2/2016 3:17 PM CDT) (submitted herewith as Exhibit 5), at p.3.

[31] *See* FEE PETITION [Rec. Doc. 21024-2] (July 15, 2016) at pp.91-96, *and,* FITZPATRICK DECLARATION (July 14, 2016) [Rec. Doc. 21024-5] at ¶¶ 20, 24-26. *See also* HERMAN-ROY DECLARATION (July 14, 2016) [Rec. Doc. 21024-3] at ¶59; GCCF WAS 92% DONE WHEN THE BP CLASS SETTLEMENT PROGRAMS TOOK OVER [Rec. Doc. 21024-17]. (*See also, generally,* FEE PETITION, at pp.8-10, 13, 15, 18-19, 20, 33-34 and 36-40 (regarding the efforts of Common Benefit Attorneys to advance and protect the interests of plaintiffs and other claimants in the GCCF))

[32] *See* File & ServeXpress Transaction No. 59287568 (7/15/2016 5:02 PM CDT) (submitted herewith as Exhibit 6), at p.4.

[33] PRE-TRIAL ORDER NO. 59, p.10 ¶20; *see also,* Timetable, p.17.

[34] *Compare* OBJECTION NO. 118 [No.10-7777, Rec. Doc. 118] pp.7-9, *with,* OPPOSITION TO FEE PETITION [Rec. Doc. 21666] (Sept. 12, 2016) pp.2-5.

[35] *See* Exhibits 4 and 6 submitted herewith.

the class should have been provided.[36] Despite having no stake in the outcome,[37] Yoes' procedural objection implies (again) that Common Benefit Attorneys deserved only a modest "lodestar" because "BP had already paid $20 billion into the Gulf Coast Claims Fund" and suggests again (without evidentiary support, and contrary to the factual and evidentiary record) that, in the absence of the settlement, "BP would have continued paying" the approximately $13 billion in claims to the Economic and Medical Benefits Class members "through the GCCF."

---

[36] *But see:* Carlson v. Xerox Corp., 355 Fed.Appx. 523, 525 (2d Cir. 2009) (notice was sufficient under Rule 23(h)(1) when the class was advised in the class settlement notice that class counsel would be moving for an award of attorneys fees not to exceed 20% of the fund, the requested fee did not exceed 20%, and the class members were provided with an opportunity to object); Marty v. Anheuser-Busch, No.13-23656, 2015 WL 6391185 at *3 (S.D.Fla. Oct. 22, 2015) (noting that "Rule 23(h) does not require a fee motion to be posted on the settlement website before the objection deadline"); In re High-Tech Employee Antitrust Litig., No.11-02509, 2015 WL 5158730 at *15 (N.D.Cal. Sept. 2, 2015) ("the Court overrules the objection … that the class had inadequate notice under Rule 23(h) … because the motions for attorney's fees were not posted on the lawsuit's website, even though the motions were all publicly filed, in a timely manner, on the case's public electronic docket…. The case relied on by the objectors says only that a class counsel's fee motion must be filed before the objection deadline. *See In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988, 992–93 (9th Cir.2010). This is precisely what happened here: the objection deadline was May 21, 2015, and the attorney's fees motions were all timely filed on the public docket on May 7, two weeks prior to that deadline"); In re TFT-LCD (Flat Panel) Antitrust Litig., MDL No. 1827, 2011 WL 7575004 at *2 (N.D.Cal. Dec. 27, 2011) ("Nothing in the *Mercury Interactive* decision requires a motion for attorneys' fees to be posted on a class action website. …this Court set the date for Co-Lead Class Counsel to file their Fee Motion a full month in advance of the objection deadline. The motion was made available to Class Members on the public docket, just like the other publicly-available documents filed in this case. Class Members have had one month to examine and oppose the motion, satisfying the full-and-fair-opportunity requirement under Rule 23(h). Like all Class Members, Mr. Himmelstein has access to the public docket. Moreover, he filed his objection and notice of appearance… via the same ECF system that Co-Lead Class Counsel used to file the Fee Motion. Mr. Himmelstein therefore cannot demonstrate any prejudice by the posting of the Fee Motion on the Court's public docket alone, rather than in conjunction with the class action website"); In re MetLife Demutualization Litigation, 689 F.Supp.2d 297, 365 (E.D.N.Y. 2010) (noting that, under Rule 23(h)(1), "Individual notice is not required," and concluding that notice for Rule 23(h)(1) purposes, under the unique and somewhat convoluted procedural circumstances of that case, was sufficient; the court noted, among other things, that one of the key orders, "which provided the schedule and procedures for objections to fee applications, was filed and docketed on the ECF system, where it is available to the public"). *See also, e.g.,* Cassese v. Williams, 503 Fed.Appx. 55, 57 (2d Cir. 2012) (rejecting an objection by Mr. Pentz and others that the district court allegedly "violated Fed.R.Civ.P. 23(h) and their due process rights by scheduling objections to the settlement, including to class counsel's request for attorney's fees and expenses, to be due before the fee motion," holding that "class counsel requested fees and costs in the precise amounts specified in the settlement notice and divulged additional information regarding counsel's billing rates, hours worked, and tasks performed. Any objectors then had two weeks to crystallize their objections and request further information before attending the fairness hearing. With the objectors here having availed themselves of those opportunities, we identify no abuse of discretion or due process denial in that portion of the district court's scheduling order relating to the fee motion").

[37] Aside from the issue of Article III standing, (which is questionable), a fundamental question regarding this untimely opposition remains: Having elected to remain in the settlement class; been adequately represented by Class Counsel; received compensation which has been conclusively determined to be fair, reasonable, and adequate; agreed to the Class Release (and in at least two cases an additional Individual Release (*see* Exhibits 7 and 8)); and stand to receive no potential benefit or additional compensation in the event that their objection to the common benefit fee petition is successful, in whole or in part; as any unawarded fees would simply revert to BP (who itself does not object): What is the point of the opposition? What could be their motivation? How could this be anything but a bad-faith "professional" objection seeking nothing more than a side-deal pay-off to go away?