

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig )
"Deepwater Horizon" in the Gulf of )
Mexico, on April 20, 2010 ) MDL No. 2179
)
) Judge Barbier
This Document Relates to All Cases )

## CLASS ACTION SETTLEMENT OBJECTION

## BY

## PRESTON HOBSON

COMES NOW Preston Hobson ("Hobson") and objects to final approval of the class action settlements to be considered at the Fairness Hearing on November 10, 2016, and states:

1. Hobson received notice of the Halliburton and Transocean Settlements (hereafter, "Settlements") in the mail.

2. Hobson is currently a resident of Atlanta, Georgia, but should only be contacted through his counsel identified in the simultaneously filed Notice of Appearance and as identified below.

3. Before the subject oil spill, Hobson owned gulf coastal real estate on Dauphin Island, Alabama. More specifically, Lot #25, Audubon Place, Dauphin Island, Mobile County, Alabama. **Exhibit A**.

4. Just before the spill, Hobson listed the subject property with a realtor to be marketed and sold. **Exhibit B**. The property was shown several times, and eventually, just before the spill, an offer was made on the property to buy it for $535,000 from Kingsley McCallum of King & Co., and Hobson accepted the offer. Thereafter, Hobson's realtor began preparing the appropriate paperwork for the land sale.

5. Before the document was completed and signed by Hobson and the buyer, the oil spill occurred. The buyer pulled out of the land purchase by letter, and wrote the reason for his decision was the oil spill. **Exhibit C**.

6. Hobson sued the parties responsible for the oil spill, and his complaint was transferred here from Alabama pursuant to CTO 4. *Hobson v. BP, et al.*, Eastern District of Louisiana, Case No. 2:10-cv-03258-CJB-JCW.

7. Hobson also made a claim under OPA, but it was denied on the basis that there was not a signed offer and acceptance between the buyer and Hobson. If that had been the case, Hobson would have had a claim against the buyer. As it was, the oil spill and the responsible parties caused the buyer to, in writing, withdraw his

purchase offer, which resulted in hundreds of thousands of dollars in damages to Hobson.

8. Hobson also received mail notice of the "Old Class" settlement, and he opted out of that settlement. He opted out because although he was within the definition of the settlement class there, it was clear the old deal would not provide him any consideration for the release he would be providing to the settling defendants. **Exhibit D**.

9. In addition to blowing the sale with King & Co., oil from the spill did touch and damage Mr. Hobson's lot on Dauphin Island.

10. This proposed settlement includes Hobson within its settlement class definition, but fails to provide any assurance that Hobson will receive any consideration for his release of the settling defendants.

11. Due to this lack of consideration on behalf of members having no assurance of adequate consideration for their release of the settling defendants, Hobson objects to the proposed settlement and his inclusion in the class definition.

12. Further, Hobson adopts and joins in any and all other filed objections to the proposed settlement.

13. Hobson reserves all of his rights to produce further arguments or documents in support of his objection prior to the scheduled Fairness Hearing.

14. Hobson also reserves all of his rights pursuant to the U.S. Constitution, federal and maritime law, the Federal Rules of Civil procedure, Alabama law, his rights as pled in his complaint identified above, and all other rights conferred upon him by operation of law.

15. Hobson's undersigned counsel requests permission to speak on behalf of Hobson at the Fairness Hearing.

WHEREFORE, Hobson prays for an order denying final approval of the settlements, and all other just and appropriate relief.

Respectfully,

_____
Preston Hobson

_____
Scott Poynter (AR Bar No. 90077)
scott@poynterlawgroup.com
**POYNTER LAW GROUP, PLLC**
400 W. Capitol Ave., Suite 2910
Little Rock, AR 72201
(501) 251-1587

## CERTIFICATE OF SERVICE

I certify that on the 19th day of September, 2016, a true and correct copy of the foregoing was served via first class U.S. Mail upon the following counsel and in accordance with the long form class settlement notice.

James P. Roy
Domengeaux Wright Roy Edwards & Colomb
556 Jefferson St., Suite 500
P.O. Box 3668
Lafayette, LA 70501


Stephen J. Herman
Herman Herman & Katz
820 O'Keefe Avenue
New Orleans, LA 70113

Christopher J. Bellotti
Senior Counsel
Halliburton Energy Services, Inc.
3000 N. Sam Houston Parkway East
Bldg. J, Room 432
Houston, TX 77032-3219

R. Alan York
Godwin PC
1331 Lamar
Suite 1665
Houston, TX 77010

Brady Long
Senior Vice President and General Counsel
Transocean Ltd.
Chemin de Blandonnet 10
1214 Vernier, Switzerland

Robyn Goldstein
Legal Counsel, Disputes and Human Relations

Transocean Offshore Deepwater Drilling Inc.
4 Greenway Plaza
Houston, TX 77046

_____
Scott Poynter