**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**<br><br>*This Document Relates to:*<br><br>Nos. 12-970, 15-4143, 15-4146 and 15-4654 | **MDL No. 2179**<br><br>**SECTION: J**<br><br>**JUDGE BARBIER**<br><br>**MAGISTRATE WILKINSON** |

<u>**OPPOSITION TO MOTION FOR LEAVE TO INTERVENE**</u>

Appointed Settlement Class Counsel for the New Class respectfully submit the following brief in Opposition to the Motion for Leave to Intervene [Rec. Doc. 21717]:

**MAY IT PLEASE THE COURT:**

As this Court has previously noted, "Plaintiffs falling outside the settlement class are entirely unaffected by the Settlement, and thus lack standing to challenge it." <u>In re Deepwater Horizon</u>, 910 F.Supp.2d 891, 941 (E.D.La. 2012), *aff'd,* 739 F.3d 790 (5th Cir.), *cert. denied,* 135 S.Ct. 754 (2014); *citing,* <u>Feder v. Electronic Data Systems Corp.</u>, 248 Fed.Appx. 579, 580 (5th Cir. 2007); <u>Gould v. Alleco, Inc.</u>, 883 F.2d 281, 284 (4th Cir.1989); 4 NEWBERG ON CLASS ACTIONS (4th ed. 2002) §11:55;  *see also* <u>Deepwater Horizon</u>, 910 F.Supp.2d at 941 ("non-settling parties generally have no standing to challenge the proposed settlement"); *citing,* <u>In re Vioxx Prods. Liab. Litig.</u>, 388 Fed.Appx. 391, 395 (5th Cir. 2010) (per curiam); <u>Agretti v. ANR Freight Sys., Inc.</u>, 982

F.2d 242, 246 (7th Cir. 1992); <u>Transamerican Refining Corp. v. Dravo Corp.</u>, 952 F.2d 898, 900 (5th Cir. 1992).

The proposed Intervenors here have no interest in the subject matter of the two controlling lawsuits – which only seek to litigate and/or resolve the claims of commercial fishermen who either owned or operated Vessels that were Home Ported in the Gulf Coast Areas, or who owned or operated or worked on Vessels that landed Seafood in the Gulf Coast Area.[1]  The proposed Intervenors admittedly fall outside the scope of those actions.  Even assuming *arguendo* that "their business operations were disrupted and they suffered the same losses experienced by the New Class members and have resulting claims against the same defendants as do the New Class members,"[2] such business operations, such losses, and such claims are simply not at issue in the subject causes of action.

It is incorrect to say that "the only thing that distinguishes Intervenors from New Class members is geography."[3]  What distinguishes the proposed Intervenors from the New Class members is that the settling defendants, Halliburton and Transocean, evaluated their claims differently.  While Halliburton and Transocean desired and agreed to resolve the claims of New Class members, they did not desire nor agree to resolve the claims of the proposed Intervenors – nor was any compensation provided to the New Class in consideration for the release of those claims.

---

[1] *See* COMPLAINT, No. 15-4143 [Rec. Doc. 1] at pp.20-21, ¶88(3), *and* COMPLAINT, No. 15-4146 [Rec. Doc. 1] at p.32, ¶118(3).

[2] MEMO IN SUPPORT OF MOT FOR LEAVE TO INTERVENE [Rec. Doc. 21717-1] at p.4.

[3] MEMO IN SUPPORT, at p.4.

To the extent that the proposed Intervenors "are entitled to seek punitive damages against the New Class defendants,"[4] neither the underlying civil actions nor the proposed Settlements do anything to disturb, release, prejudice, or otherwise affect such claims.

The proposed Intervenors were neither "adequately" nor "inadequately" represented;[5] their interests were simply not at stake.

It is true that New Class members have "no incentive to share the fixed fund with the Intervenors"[6] – *because the New Class did not receive any compensation from Transocean or Halliburton in consideration for the Intervenors' claims.* The Settlement funds were only "fixed" by Halliburton and Transocean in the negotiations, which did not contemplate or include the proposed Intervenors' causes of action.

The Settlements fund is <u>not</u> a "limited fund" in the sense of *Ortiz*, where any and all potential claimants must be brought together into the same class, as a matter of equity, due to a risk of bankruptcy or insolvency or other limitation on the defendants' ability to satisfy all of the potential claims.[7] There is no evidence, in this regard, that either Halliburton or Transocean would be unable to respond in judgment to the Intervenors' claims. It may be true that the proposed "Intervenors have little chance of being able to pursue a punitive claim against these parties given

---

[4] MEMO IN SUPPORT, at p.4.

[5] *See* MEMO IN SUPPORT, at p.5.

[6] MEMO IN SUPPORT, at p.5.

[7] *See* Ortiz v. Fibreboard Corp., 527 U.S. 815, 832-838 (1999) ("Among the traditional varieties of representative suit encompassed by Rule 23(b)(1)(B) were those involving 'the presence of property which called for distribution or management'…. One recurring type of such suits was the limited fund class action, aggregating 'claims … made by numerous persons against a fund insufficient to satisfy all claims.' Adv. Comm. Notes 697; cf. 1 Newberg §4.09, at 4–33 ('Classic' limited fund class actions 'include claimants to trust assets, a bank account, insurance proceeds, company assets in a liquidation sale, proceeds of a ship sale in a maritime accident suit, and others') …. The first and most distinctive characteristic is that the totals of the aggregated liquidated claims and the fund available for satisfying them, set definitely at their maximums, demonstrate the inadequacy of the fund to pay all the claims. The concept driving this type of suit was insufficiency, which alone justified the limit on an early feast to avoid a later famine").

the Court's findings" on liability,[8] but that does not give them the right to take settlement proceeds away from the members of the New Class.

Finally, and perhaps of greatest significance, is the fact that these non-parties' Motion for Leave to Intervene substantially threatens to unduly delay and/or otherwise prejudice the adjudication of the rights of the original parties. FED. RULE CIV. PRO. 24(b)(3).  If the proposed Intervenors were to successfully argue that the intervention (if granted) afforded them procedural standing to appeal the New Class settlement approval to the U.S. Fifth Circuit, (which is denied), the final approval and implementation of the Settlements could be significantly and unduly delayed – despite that fact that such proposed Intervenors have no substantive standing to challenge final approval or other interests at stake.

<u>Conclusion</u>

For the above and foregoing reasons, the South Texas Fishermen's Motion for Leave to Intervene into the New Class should be denied.

This <u>14</u><sup>th</sup> day of <u>October</u>, <u>2016</u>.

Respectfully submitted,

| | |
|---|---|
|    /s/   Stephen J. Herman     |     /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| HERMAN HERMAN & KATZ LLC | DOMENGEAUX WRIGHT ROY EDWARDS |
| 820 O'Keefe Avenue | & COLOMB LLC |
| New Orleans, Louisiana 70113 | 556 Jefferson Street, Suite 500 |
| Telephone: (504) 581-4892 | Lafayette, Louisiana 70501 |
| Fax No. (504) 569-6024 | Telephone: (337) 233-3033 |
| E-Mail: sherman@hhklawfirm.com | Fax No. (337) 233-2796 |
| *Co-Lead Class Counsel* | E-Mail: jimr@wrightroy.com |
| | *Co-Lead Class Counsel* |

---

[8] MEMO IN SUPPORT, at p.5.

## CLASS COUNSEL

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Opposition will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 14th day of October, 2016.

/s/ Stephen J. Herman and James Parkerson Roy