IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill By The Oil Rig | ) | MDL NO. 2:10-MD-02179 |
| "Deepwater Horizon" In | ) | |
| The Gulf Of Mexico, | ) | SECTION J |
| on April 20, 2010 | ) | |
| | ) | JUDGE BARBIER |
| All Cases | ) | |
| | ) | MAG. JUDGE WILKINSON |

**RESPONSE TO OBJECTIONS TO THE COURT'S
FINAL APPROVAL OF THE PROPOSED
<u>HESI PUNITIVE DAMAGES CLASS ACTION SETTLEMENT</u>**

Halliburton Energy Services, Inc. ("HESI") files this Response to Objections to the Court's Final Approval of the Proposed HESI Punitive Damages Class Action Settlement[1] (the "New Class Settlement").

## I.   Objections by Claimants Outside the New Class's Geographic Scope

Seventy-two plaintiff/claimants, referred to as the South Texas Shrimpers, request, through both an objection and a motion to intervene, that the Court expand the geographic scope of the New Class Settlement. [Rec. Docs. 21717, 21718]. The Court should deny these requests because the New Class Settlement has the same geographic boundaries as the previously approved and final Deepwater Horizon Economic and Property Damages Settlement ("DHEPDS") Class.

---

[1] No objections have been filed to the proposed Assigned Claims settlement, nor would any such objections be proper. The Assigned Claims settlement resolves the claims held by the DHEPDS class (as a juridical entity) by way of assignment from the BP entities.

> The New Class Settlement includes as part of its Class Definition:
>
> All Commercial Fisherman or Charterboat Operators who, anytime from April 20, 2009 through April 18, 2012, (a) owned, chartered, leased, rented, managed, operated, utilized or held any proprietary interest in commercial fishing or charter fishing Vessels that were Home Ported in or that landed Seafood in the Gulf Coast Areas, or (b) worked on or shared an interest in catch from Vessels that fished in Specified Gulf Waters and landed Seafood in the Gulf Coast Area.

[Rec. Doc. 15322-1 at 6].  The South Texas Shrimpers claim to meet every requirement of this definition except home porting or landing in the Gulf Coast Area.  [Rec. Doc. 21718-1 at 2].  Instead, they home ported or landed their catch in Texas counties just south of the defined Gulf Coast Area.  *Id*.  Eager for membership in the New Class, the South Texas Shrimpers request that the Court expand the Class Definition to include their south Texas counties.  *Id*.

Defining the geographic scope of a class necessarily requires that lines be drawn.  In an effort to ease administration, provide consistency, and capture claimants with potential claims, the parties to the New Class Settlement drew those lines precisely the same as those governing the DHEPDS Class.  This Court has approved the fairness of this geographic scope.  *Order and Judgment Granting Final Approval of Economic and Property Damages Settlement and Confirming Certification of the Economic and Property Damages Settlement Class* [Rec. Doc. 8139].  The South Texas Shrimpers are without standing to object and without

basis to intervene. This Court should deny the relief they request and uphold the geographic scope of the New Class Settlement.

## II. Objections to the New Class Distribution Model

Three additional objections to the New Class Settlement are actually objections to the New Class Claims Administrator's Proposed Distribution Model. [Rec. Docs. 21719, 21723, and 21745]. The Court should not consider these objections when determining the fairness of the New Class Settlement. Instead, objections to determinations made by the Claims Administrator under the Distribution Model should be reviewed by appeal to the District Court after claims determinations are made.

### A. Objectors Who Failed to Comply with PTO 60

The New Class Claims Administrator has stated that Class Members who failed to comply with PTO 60 cannot receive New Class Settlement funds because they have no likelihood of establishing an underlying compensatory damage claim. [Rec. Doc. 21778 at 2–3]. The Salas objectors [Rec. Doc. 21723] did not comply with PTO 60. They now object to the impact of their failure to do so.

HESI defers to the Claims Administrator's explanation of his position. [Rec. Doc. 21778 at 2–3]. However, in the end, these are not objections to the New Class Settlement. They are objections to the New Class Distribution Model. As such, these objections are most properly considered in an appeal to the District

3

Court after claim determinations are concluded.  The Court should decline to consider these as objections to the New Class Settlement itself.

      B.      <u>Objectors Who Did Not Recover in the DHEPDS</u>

The Schoenberger claimants [Rec. Doc. 21719] and Mr. Preston Hobson [Rec. Doc. 21745] base their objections on the fact that they did not recover in the DHEPDS, but want to confirm recovery under the New Class Settlement.  As is the case with the Salas objectors, these objections are directed at the Distribution Model and not at the New Class Settlement.  Accordingly, these objections should not affect the Court's determination of the fairness of the New Class Settlement. Instead, the objections should be raised following the Claims Administrator's claim determinations for these claimants.

Specifically, the Schoenberger claimants assert that their recovery on certain parcels of land was improperly denied in the DHEPDS.  [Rec. Doc. 21719 at 2]. Their concern is that this earlier denial will preclude recovery in the New Class Settlement because New Class recovery depends on showing recovery in the DHEPDS.  *Id.* at 3–4.  Again, HESI defers to the Claims Administrator's filing clarifying that he will allow reclassification of property in certain circumstances. [Rec. Doc. 21778 at 4].  If these claimants do not recover under the Distribution Model, their proper remedy is an appeal to this Court.  Their concern is not ripe as an objection to the New Class Settlement.

4

Mr. Preston Hobson's objection [Rec. Doc. 21745] is similarly aimed at the Distribution Model.  Hobson opted out of the DHEPDS Class because "it would not provide him any consideration for the release he would be providing to the settling defendants." *Id.* at 3.  He now objects to the New Class Settlement because it "fails to provide any assurance that Hobson will receive any consideration for his release of the settling defendants." *Id*.  However, Hobson claims that oil touched and damaged his land, *id.*, which would potentially allow him to recover under the New Class Settlement.  If he is correct, and if he takes issue with the recovery awarded, his proper remedy is an appeal of that award.  Hobson's concern about a future award does not constitute a valid objection to the New Class Settlement.

    C.    *Pro Se* Objector

Mr. Galan's objections on behalf of two entities do not clearly state the basis for objection. [Rec. Doc. 21740, 21741].  Neither entity recovered money under the DHEPDS, but the objections do not specify the reason for non-recovery, other than a statement that one entity declined the offered recovery as insufficient. *Id*.  If Galan's entities were members of the DHEPDS Class, but did not recover compensatory damages and did not properly opt out of that settlement, they potentially may be members of the New Class, but are not entitled to recovery under the New Class Settlement.  If they did opt out of the DHEPDS Class and

5

meet the necessary criteria, these entities are potentially members of the New Class and the New Class Claims Distribution Model will determine the amount of their recovery. Any complaint regarding those awards may be appealed to this Court. While his pro se objections are unclear, Galan has not presented any basis for denying the fairness of the New Class Settlement.

### III. Requests for Clarification

Both Plaquemines Parish and the City of Biloxi filed requests for clarification. [Rec. Docs. 21716, 21752]. The New Class Claims Administrator has addressed the concerns of these tax-exempt entities. [Rec. Doc. 21778 at 3]. HESI defers to these clarifications. Because the Claims Administrator has provided the clarification and assurances requested by the local-government objectors, making them moot, the Court should not consider these clarification requests when making its final fairness determination.

### IV. Opt Outs

The number of opt-outs to the New Class Settlement is negligible. Thirty-six individuals or entities sent opt-out letters, but further analysis of the nature of their claims reduces the number of valid and relevant opt-outs to only ten. Twenty-one opt-outs appear to be pursuing purely economic loss claims. Claimants seeking purely economic loss are not included in the New Class

Settlement, and cannot, therefore, validly opt-out of a settlement to which they are not a party.

Of the fifteen remaining opt-outs, three had their compensatory-damage claims denied under either DHEPDS or GCCF. Without underlying compensatory damages, these opt outs cannot recover under the New Class Settlement. This reduces the number of relevant opt outs to twelve. Two of these twelve have non-coastal filing addresses, potentially diminishing their chances for recovery of punitive damages.

This leaves ten remaining opt-outs. Two of these have DHEPDS Real Property Claims based in Orange Beach, Alabama; one has an approved DHEPDS Subsistence claim; one was offered but did not accept a GCCF payment offer on a Vessel Physical Damage claim; and six have filing addresses in Florida (Bay, Manatee, and Pinellas counties), including three local government claimants.

## V.   Conclusion

Based on the absence of any valid objections to the New Class Settlement and the apparent minimal number of valid and relevant opt-outs, HESI requests that this Court grant Final Approval to the HESI Punitive Damages and Assigned Claims Settlement Agreement (Amended as of September 2, 2015) [Rec. Doc. 15322-1].

Respectfully submitted,

**REED SMITH LLP**

By: */s/ R. Alan York*
R. Alan York
State Bar No. 22167500
AYork@ReedSmith.com
811 Main Street
Suite 1700
Houston, Texas 77002
Telephone:  713-469-3800
Facsimile:  713-469-3899

Donald E. Godwin
**GODWIN BOWMAN & MARTINEZ PC**
State Bar No. 08056500
DGodwin@GodwinLaw.com
1201 Elm Street
Suite 1700
Dallas, Texas 75270
Telephone:  214-939-4400
Facsimile:  214-760-7332

**ATTORNEYS FOR HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2016, an electronic copy of the foregoing Response to Objections to the Court's Final Approval of the Proposed HESI Punitive Damages Class Action Settlement was filed with the Clerk of the Court for the United States District Court Eastern District of Louisiana using the CM/ECF system, and that service will be accomplished by the CM/ECF system.

> */s/ R. Alan York*
> R. Alan York

US_ACTIVE-128829391.2-RAYORK-888361-00003