UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * | MDL 2179<br><br>SECTION "J"(2) |
| This document applies to: | * * | JUDGE BARBIER |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Prod. Inc., et al. | * * * | MAG. JUDGE WILKINSON |

### AFFIDAVIT OF BRIANTE PALAZAENO

BEFORE ME, the undersigned authority, personal came and appeared BRIANTE PALAZAENO who, after being duly sworn, did depose and say:

1. I am a competent individual of the age of majority. I have personal knowledge of the facts and statements in this affidavit and they all are true and correct to the best of my knowledge, information, and belief.

2. At the time of the Deepwater Horizon oil spill, Maxim, L.C., a Louisiana limited liability company ("Maxim"), operated an Italian restaurant in New Orleans' warehouse district called *Leonardo Trattoria* (the "Restaurant"). Shelly Licciardi ("Licciardi") was the managing member of Maxim. I was Licciardi's boyfriend and we did not live together. Leonardo Daniele ("Daniele") managed the Restaurant's day-to-day operations.

3. I introduced Licciardi to Attorney Richard L. Traina ("Traina") and asked Licciardi if Traina and the law firm where Traina then was employed, Mollere, Flanagan & Landry, L.L.C., could represent Maxim in connection with Maxim's business economic loss claim with DHECC for economic losses suffered by the Restaurant. The preparation of



materials, specifically the Restaurant's profit and loss statements and tax returns, necessary to file Maxim's DHECC claim would also assist Licciardi in resolving tax issues Licciardi had encountered when filing her personal returns because, up to that point, the Restaurant's EIN had not been requested.

4. Licciardi agreed to the representation of Traina and authorized me to sign her name on behalf of Maxim to documents that were required in connection with Maxim's BEL claim.

5. I have reviewed DHECC's "clawback motion," the memorandum in support of that motion, and the exhibits to that motion.

6. I understand that DHECC attempts to rely on Maxim bank deposit records that it obtained with Licciardi's consent to show disparities between revenues reported on Maxim's P&Ls with other Maxim bank statements. To make that argument, DHECC relies on bank deposit records from four accounts at the Whitney National Bank in New Orleans (DHECC Exhibit Y).

7. Those four accounts were not the only Maxim bank accounts into which Maxim's sales revenues were deposited. Maxim also had the following bank accounts: (a) Chase Bank account number 451593987; (b) Capital One Bank account number 2081382088; (c) Capital One Bank account number 2081430287; (d) Capital One Bank account number 2081338984 (with a mailing address associated with the address of 3300 Palmisano Boulevard, Chalmette, Louisiana 70043 – Licciardi's home address); and, (e) Whitney National Bank account number 716351706.

8. Daniele, Licciardi and Licciardi's accountants, prepared the sales tax calculations submitted to the City of New Orleans.

9. All proceeds received from the subject DHECC claim were expended for the sole benefit of Maxim, L.C. doing business as *Leonardo Trattoria*. I did not benefit from any of the funds received from DHECC.

                                                          BRIANTE PALAZAENO

SWORN TO AND SUBSCRIBED BEFORE ME,
THIS ___3rd___ DAY OF OCTOBER, 2016

_____
SHANNON R. BOURGEOIS – 30033
NOTARY PUBLIC
COMMISSION EXPIRES AT DEATH

3