UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL 2179** |
| | **SECTION "J"** |
| **This Document Applies to all cases** | **JUDGE BARBIER** MAG. WILKINSON |

## OBJECTIONS TO PROPOSED PRETRIAL ORDER NO. 62 BY THE PARISH OF PLAQUEMINES

**NOW COMES** the Plaquemines Parish Government ("Plaquemines Parish"), in accordance with the Court's Order dated October 12, 2016 (Rec. Doc. 21782), who hereby submits the following objections to proposed "Pretrial Order No. 62 Regarding the Preservation Requirements in Light of the Entry of the Consent Decree Among Defendant BP Exploration & Production, Inc., the United States of America, and the Five Gulf States."[1]

Plaquemines Parish, who continues to maintain a lawsuit against the BP, Halliburton and Transocean entities under OPA and the General Maritime Law,[2] objects to Proposed Pretrial Order No. 62 insofar as it operates to terminate lawfully imposed obligations upon BP and the Gulf States to preserve evidence that may be relevant to Plaquemines Parish's lawsuit. To the extent that evidence already preserved and maintained by BP and the Gulf States – including, but not limited to, "samples" and "reference materials" related to sampling of coastal wetlands vegetation, hydrocarbon measuring of oil, measurements of land loss, chemical testing and other materials –

---

[1] Rec. Doc. 21782-1.
[2] See Plaquemines Parish's Second Amended, Supplemental, Restated and Consolidated Complaint for Damages, Rec. Doc. 15409-1.

pertains to damage to and/or the effect of Plaquemines Parish-owned properties, BP and the Gulf States have an obligation under the law to preserve that evidence.[3]

While it is not the Parish's desire or intent to compel preservations of materials which, for instance, may have washed up upon distant beaches, as a litigant the Parish should be afforded the due process rights to have material evidence preserved.  For instance, in this case at the very least, Plaquemines Parish should be afforded the opportunity to review these "samples" and "reference materials" in order to decide whether any of this evidence is pertinent to its lawsuit against the BP, Halliburton and Transocean entities.  As Plaquemines Parish does not have access to the indices of materials that BP and/or the Gulf States would seek to destroy and not preserve, Plaquemines Parish requests that BP and/or the Gulf States supply to it the same accounting that the Court has imposed upon the Gulf States.[4]  Due to the anticipated amount of materials therein, Plaquemines Parish requests that it be given 90 days to review any such indices in order to identify any such samples or materials which it may deem pertinent and relevant to its ongoing litigation.

Moreover, again in order to preserve the due process rights of the Parish, in the event that any of the Gulf States elects to discontinue the storage and maintenance of said samples and reference materials following the entering of Pretrial Order No. 62, Plaquemines Parish requests

---

[3] For example among the possible BP/Gulf State materials sought to be destroyed are sampling and materials which form the basis of a massive coastal vegetation assessment, "Coastal wetland vegetation assessment data collected to characterize marsh vegetative communities throughout coastal Louisiana, Mississippi, and Alabama from Fall 2010 to Fall 2013, " BP Gulf Science Data bpdata_griidc@gormri.org

[4] "Such accounting shall include (1) the ID/Name and description of each sample (including its medium (water, sediment, oyster, dolphin carcass, e.g.)), (2) the dates on which the sample was taken; (3) the location at which the sample was taken; (4) the work plan under which the samples were taken; (5) (a) whether the sample has been subject to analysis; (b) the analytes tested for and the analytical methods used; and (c) whether that analysis report has been maintained; and (6) where applicable, identify the quality assurance project plan (QAPP) or similar quality assurance document for those samples. All reports, notes, and analysis related to such samples shall be preserved." Rec. Doc. 21782-1, pp. 4-5, ¶ 6.

that it be given 90 days prior to the anticipated date of disposal to review and determine whether to request to receive or otherwise take control of such materials.

Respectfully Submitted,

**MARTZELL, BICKFORD & CENTOLA**

*/s/Scott R. Bickford*
**SCOTT R. BICKFORD, T. A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**usdcedla@mbfirm.com**
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065 Telephone
(504) 581-7635 Fax
**Special Counsel for the Parish of Plaquemines**
**and its Subdivisions and Districts**

AND

*/s/David Landry*
**DAVID L. LANDRY (#7978)**
**The Law Office of David L. Landry**
**2landry@cox.net**
1214 Parasol Place
Pensacola, Florida  32507
(850) 492-7240

**Special Counsel for the Parish of Plaquemines**
**and its Subdivisions and Districts**

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Objections and Proposed Amendments to proposed "Pretrial Order No. 62 Regarding the Preservation Requirements in Light of the Entry of the Consent Decree Among Defendant BP Exploration & Production, Inc., the United States of America, and the Five Gulf States" will be served on All Counsel by U.S. Mail, as well as by email and first-class mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of October, 2016.

                                            /s/ *Scott R. Bickford*
                                  **SCOTT R. BICKFORD**