UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: Oil Spill by the Oil Rig | ) | |
| "Deepwater Horizon" | ) | MDL No. 10-MD-2179 |
| | ) | |
| | ) | JUDGE CARL E. BARBIER |
| This document relates to: | ) | |
| No. 12-970 | ) | CHIEF MAGISTRATE JUDGE |
| | ) | JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA**

MAY IT PLEASE THE COURT:

Westerfield, Janoush & Bell, P.A. on behalf of themselves and Barksdale Farms submits this Memorandum in Support of their Motion to Quash Subpoena served on Law Offices of Westerfield Janoush & Bell, P.A., and would show unto the court as follows:

I. THE SUBPOENA

Attached hereto is the October 11, 2016, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action[1] which was directed to Lewis J. Barksdale, IV, Partner on behalf of Barksdale Farm but served upon the Law Offices of Westerfield Janoush & Bell, P.A. The subpoena was served on the Respondent, Westerfield Janoush & Bell, via certified mail, requiring that a countless number of documents be provided on or before October 25, 2016.

II. IMPROPER SERVICE

The subject Subpoena was not properly served in accordance with F.R.C.P. 45, as the

---

[1] Exhibit "A" - Transmittal letter and Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action.

1

subject Subpoena was served via certified mail on the Law Offices of Westerfield Janoush & Bell, P.A.

This Honorable Court has quashed subpoenas which were served by certified mail rather than personal delivery.  The Fifth Circuit has interpreted Rule 45's requirement of service to be personal, therefore service by certified mail is invalid.[2,3]

The subpoena should be quashed on this ground alone.  However, to prevent the repetition of overly broad and unduly burdensome document requests and an unreasonable response time in the subsequent subpoena, the following issues will be addressed:

### III.  STANDARD FOR QUASHING

The Federal Rules of Civil Procedure provides certain protections to persons on whom subpoenas are served, specifically:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
>
> (1) Avoiding Undue Burden or Expense.
>
> > A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.
>
> (3) Quashing or Modifying a Subpoena.
>
> > (i) fails to allow a reasonable time to comply;
> > (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> > (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> > (iv) subjects a person to undue burden.

Fed. R. Civ. P., Rule 45(d)

---

[2]*In re Dennis*, 330 F. 3dm 704(5th Cir. 2003).
[3]*Plata v. Triton Diving Services, LLC*, 2013 WL 3199720, *3(E.D. La. June 21, 2013), citing *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, 2008 WL 4829583 (E.D. La. November 5, 2008).

In the instant case, in addition to quashing the subpoena based on improper service, the subpoena should be quashed as overly broad and unduly burdensome, and as the time for compliance is not reasonable in light of the tremendous scope of the documents requested.

## IV.  UNDUE BURDEN AND EXPENSE

Under Rule 45(d)(1), the Deepwater Horizon Claims Administrator has a duty to "avoid imposing undue burden or expense" on Westerfield, Janoush & Bell.  Pursuant to Rule 45(d)(3), a Court must quash or modify a subpoena which fails to provide a reasonable time to comply or which subjects a person to undue burden.[4]  Both of these factors are present, and the Subpoena should be quashed.

### A.    The Subpoena is Overly Broad and Unduly Burdensome

Westerfield Janoush & Bell, P.A. closed its file regarding Barksdale Farms or its partners with respect to their previously submitted Business Economic Loss claims as a result of the *Deepwater Horizon Oil Spill*.

With respect to the information sought, Westerfield Janoush & Bell, who formerly represented Barksdale Farms, does not have the requested information and the scope of the attached subpoena[5] is unduly burdensome upon Barksdale Farms as it seeks the production of a vast scope of documentation for a claim that was submitted, paid, and closed on or about December 17, 2012, without consideration for payment of the costs associated with the production of such information by accountants, banks, and attorneys.  It cannot be contemplated by every claimant in the Settlement Program that they must go through another intensive review of their claim after they have already gone through the same type of review prior to their claim being paid.

---

[4] See *Dixon v. Greyhound Lines, Inc.*, 2014 WL 6474355, *2 (5th Cir. November 19, 2014).
[5] Subpoena, Exhibit "A", Attachment "A"

It is important to note that the documents requested date back over five (5) years, and we are concerned may not be available. Lastly, the subject Subpoena to Produce Documents seeks to command production of documentation beyond the requirements set forth in F.R.C.P. 45(c), and therefore lacks jurisdiction to command such production by Barksdale Farms.

With respect to the underlying purpose of the subject subpoena, it is apparent from informal telephone conversations with investigators from the requesting party (i.e. DHECC and/or its investigators) that the purpose of issuing and serving this subpoena to "conduct 'due diligence' on claims paid early in the process however, [they] would be lying if they said they were not looking for some type of fraudulent activity." In the same conversation with the Program investigator it was revealed that "there is no evidence that this claimant has committed any type of fraud and that the team of analytics ran the software and this claimant was one of a list of names that came up."(emphasis added). In light of the fact that there is no evidence of any fraudulent activity that has been committed by this claimant, the issuance of the subject subpoena must be classified as what is typically referred to as a "fishing expedition" and is not a permissible use of subpoena power and therefore improper. If the requesting party has specific evidence of fraudulent acts committed by this claimant or any other claimant or their representatives, then it should state this so that it can be addressed. To require a claimant, through a subpoena, for the purpose of "looking for any fraudulent activity" is an abuse of the subpoena power.

## CONCLUSION

Westerfield, Janoush & Bell submits that the subpoena should be quashed due to the lack of proper service, as overly broad and unduly burdensome, the return time provided is unreasonable, and as an abuse of the subpoena power.

Respectfully submitted,

/s/   Warren B. Bell
WARREN B. BELL (MSB:  101754)
Westerfield Janoush & Bell, P.A.
307 Cotton Row, Suite 1
P.O. Box 1448
Cleveland, MS 38732
Telephone:  (662) 846-1716
Facsimile:  (662) 846-7134
Email:  wbell@wesjan.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has this date been electronically filed with the Clerk of the Court using the ECF system, which sent notification to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail and may access this filing through the Court's system.

        Kevin Colomb
        Deepwater Horizon Economic Claim Center
        935 Gravier St., Suite 700
        New Orleans, LA 70112
        kcolomb@dheclaims.com

        Jeff Smith
        Deepwater Horizon Economic Claim Center
        935 Gravier St., Suite 700
        New Orleans, LA 70112
        jsmith@dheclaims.com

        Corey Moll
        Deepwater Horizon Economic Claim Center
        935 Gravier St., Suite 700
        New Orleans, LA 70112

        /s/   Warren B. Bell
        WARREN B. BELL