Deepwater Horizon Economic Claim Center
Corey Moll
Senior Compliance Counsel
935 Gravier St., Suite 700
New Orleans, LA 70112

Lewis J. Barksdale, IV, Partner
Barksdale Farms
1175 Barksdale Rd.
Marks, MS 38646-8150

c/o:
Westerfield, Janoush & Bell, P.A.
Attn: Warren Bell, Attorney at Law
307 Cotton Row, Suite 1
Cleveland, MS 38732
(662)-846-1716

By the authority granted by Order of the United States District Court for the Eastern District of Louisiana, the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Program issues this subpoena to Barksdale Farms. *See* Order of May 2, 2012, MDL No. 2179, Civil Action 12-970, Rec. Doc 14543. The Claims Administrator is requesting business records to assist in the review of a claim.

Please find attached the subpoena for the business records of Barksdale Farms, from January 1, 2009 through December 31, 2010. If you have any questions regarding the subpoena or documents requested, please contact Jeff Smith at (504) 826-8327 ext. 1119 or jsmith@dheclaims.com. Thank you for your cooperation.



EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" ) | |
| _Plaintiff_ ) | Civil Action No. MDL 2179 (Judge Barbier) |
| v. ) | |
| ) | |
| _Defendant_ ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Westerfield, Janoush, & Bell, P.A.; Attn: Warren Bell, Attorney at Law
307 Cotton Row, Suite 1, Cleveland, MS 38732

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A

| Place: Claims Administrator's Office<br>935 Gravier Street, Suite 700<br>New Orleans, LA 70112 | Date and Time:<br>10/25/2016 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/11/2016

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Claims Administrator, Patrick A. Juneau _____, who issues or requests this subpoena, are:
Kevin Colomb, DHECC, 935 Gravier St, Suite 700, New Orleans, LA 70112, kcolomb@dheclaims.com, 504-826-8293

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  MDL 2179 (Judge Barbier)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**SUBPOENA ISSUED TO:**

Lewis J. Barksdale, IV, Partner
Barksdale Farms
1175 Barksdale Rd.
Marks, MS 38646-8150

c/o:
Westerfield, Janoush & Bell, P.A.
Attn: Warren Bell, Attorney at Law
307 Cotton Row, Suite 1
Cleveland, MS 38732
(662)-846-1716

**FOR THE TIME PERIOD:**

January 1, 2009 through December 31, 2010

**RECORDS:**

Any and all records used in or resulting from the preparation of the DHECC Business Economic Loss Claim for Barksdale Farms for the time period stated above, including, but not limited to:

1. Any and all bank records, including monthly bank statements, canceled checks, deposit slips and items of deposit, and wire transfer records (incoming and outgoing).

2. Any and all contemporaneously prepared accounting records (e.g., check registers, general ledger, sales journal, purchases journal, cash receipts journal, cash payments journal) documenting the financial transactions of Barksdale Farms.

3. Any and all contemporaneously prepared monthly and/or annual financial statements, including income statements and balance sheets.

4. Any and all documentation of any adjusting journal entries.

5. Any and all copies of state and local sales tax returns, if any, and any documentation indicating that returns were filed with the appropriate federal or state entity.

6. Any and all work papers, notes, documents referencing or showing revisions made to the client's original financial statements, regarding the preparation, processing, and/or appeal of any DHECC claims.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL 2179 |
| | : | Section J |
| This Document Applies to: | : : | Judge Barbier |
| No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al. | : : : : | Mag. Judge Shushan |

O R D E R

AND NOW, upon consideration of the update to the Court by Claims Administrator, Patrick A. Juneau, the Court finds and orders as follows:

In its Preliminary Approval Order of May 2, 2012, Rec. Doc. 6418, confirmed by the Order and Judgment Granting Final Approval of Economic and Property Damages Settlement on December 21, 2012, Rec. Doc. 8138, the Court appointed the Claims Administrator to faithfully implement and administer the Settlement for the benefit of the Economic Class, ordering that the Claims Administrator may engage in supervision and oversight activities designed to ensure the implementation and integrity of the overall Settlement Program. See Settlement Agreement as amended on May 2, 2012, MDL No. 2179, Civil Action 12-970, Rec. Doc. 6430 ¶4.3.1, 4.3.10.

It is therefore ORDERED that the Claims Administrator may issue such subpoenas as are necessary to conduct the investigation directed by the Court's Order of September 6, 2013, Rec. Doc. 11288, as well as maintain the integrity of the Settlement Agreement as set out on May 2, 2012, Rec. Doc. 6430; and

It is further ORDERED that the Claims Administrator may issue any such subpoenas without notice or service of any parties in this matter; and

It is further ORDERED that the Special Master will transfer custody of the subpoena records maintained to date as of May 1, 2015, and that the Claims Administrator thereafter will continue to maintain these records for continuity of the project; and

It is further ORDERED that the Claims Administrator shall request persons or companies served with a subpoena to expedite the response, and may pay reasonable expediting expenses to such recipient; and

It is further ORDERED that the Claims Administrator shall request any person or company served with a subpoena to maintain the confidence of such subpoena. A copy of this Order may be provided along with any subpoena served.

New Orleans, Louisiana this 6th day of May, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE