UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG * | | |
| "DEEPWATER HORIZON IN THE  * | | MDL 2179 |
| GULF OF MEXICO,  * | | |
| ON APRIL 20, 2010  * | | SECTION "J"(2) |
| * | | |
| This document applies to:  * | | JUDGE BARBIER |
| * | | |
| No. 12-970, Bon Secour Fisheries, Inc.,  * | | MAG. JUDGE WILKINSON |
| et al. v. BP Exploration & Prod. Inc., et al.  * | | |
| * | | |
| * | | |

**SUR-REPLY OF MOLLERE, FLANAGAN, & LANDRY, L.L.C. TO THE REPLY
OF DHECC IN SUPPORT OF DHECC'S MOTION FOR RETURN OF
PAYMENTS MADE TO MAXIM, L.C., BRIANTE PALAZAENO AND OTHERS**

Mollere, Flanagan & Landry, L.L.C. ("MFL"), through its undersigned counsel, submits this sur-reply to the reply of DHECC in support of DHECC's motion for return of payments made to Maxim, L.C., Briante Palazaeno and others.[1] MFL's sur-reply addresses an issue raised by DHECC in its reply – the failure of Maxim, L.C. to file an opposition to DHECC's clawback motion – and explains that DHECC's arguments on that issue must fail because Maxim, L.C. never was served with the clawback motion per the Court's instructions.

**BACKGROUND**

In an email exchange with DHECC's counsel on April 7, 2016, while MFL, Hebbler & Giordano, LLC, and Richard Traina were attempting to compromise DHECC's claim as to MFL, MFL's managing member Raymond Landry advised DHECC attorney Corey Moll that "we do not represent anyone other than our firms in this matter." DHECC was unwilling to compromise MFL's claim and, on May 26, 2016, DHECC filed its clawback motion.

---

[1] DHECC's motion is rec. doc. 18516. MFL's opposition to the clawback motion is rec. doc. 21709. DHECC's reply is rec. doc. 21801.

On August 16, 2016, this Court ordered, *inter alia,* that any response to DHECC's motion be filed by September 20, 2016 and instructed DHECC

> to serve a copy of this Order (and the Motion for Return of Payments, if not already done so) on the parties (or their counsel, if represented) targeted in the motion. By Tuesday, August 30, 2016, the DHECC shall certify to the Court whether service occurred.

(rec. doc. 21487). By email dated August 30, 2016, Moll forwarded rec. doc. 21487 to undersigned counsel and Landry, writing that "[a]s our required certification date for service of this Order is today, I wanted to attach the order here in the event you did not receive it via File and Serve or the ECF system." Thus, MFL was served as the Court directed with the scheduling order and the clawback motion.

Pursuant to the Court's order of August 16, 2016, on August 30, 2016, DHECC filed a certification in which it recited, *inter alia,* that it served the August 16th order by hand delivery on "Briante Palazaeno, **of Maxim, L.C.**" (rec. doc. 21591) (emphasis added). Yet, when it filed that certification, DHECC knew that Palazaeno was not a member of Maxim. *See* memorandum in support of DHECC's clawback motion, rec. doc. 18516-2. DHECC never served Maxim as the Court instructed.[2]

On September 19, 2016, this Court signed orders enrolling Frank DeSalvo as counsel for Briante Palazaeno and setting October 3, 2016 as the date by which Palazaeno's response to the clawback motion was due (rec. docs. 21692, 21693). Palazaeno's response was timely filed on October 3 (rec. doc. 21759).

## ARGUMENT

DHECC leads off its reply by noting that no appearance was entered and no opposition was filed to the clawback motion by Maxim. Therefore, DHECC claims, the motion should be

---

[2] DHECC's certification does not indicate that it served Maxim, L.C. *See* rec. doc. 21591.

deemed unopposed by Maxim and the Court "should enter judgment against Maxim as prayed for in the Motion by default.[3]  As a corollary, MFL must be cast in judgment *in solido* with Maxim to the extent of" the funds MFL received under its contingency fee contract (rec. doc. 21801, pp. 1-2).

DHECC's position cannot prevail.  As discussed above, DHECC **never served** Maxim as the Court ordered.  As such, judgment cannot be entered against Maxim "by default" and MFL cannot therefore be cast in judgment to the extent of the funds MFL received under its contingency fee contract.[4]

WHEREFORE, for the foregoing reasons and as established in MFL's opposition to DHECC's clawback motion, the Court should deny DHECC's motion.

Respectfully submitted,

**HEBBLER & GIORDANO, L.L.C.**

BY: */s/ Charles V. Giordano*
**CHARLES V. GIORDANO, T.A., #22392**
Giordano@hebblergiordano.com
3501 N. Causeway Blvd., Ste. 400
Metairie, LA 70002
Telephone: (504) 833-8007
Facsimile: (504) 833-2866

*Counsel for Mollere, Flanagan & Landry, L.L.C.*

---

[3] DHECC's position that procedural formalities be followed strictly belies the assertion in its reply that at "the time of the investigation there was no pending lawsuit, motion, or contested matter to form any predicate for the use of 'discovery' [and, as a result] there was no need to coordinate the investigation with any counsel" (rec. doc. 21801, p. 4).  DHECC appears to urge that it was acceptable for it to proceed informally by conducting unilateral discovery (including taking depositions and issuing subpoenas), but that the targets of the clawback motion must follow strict procedural protocol.  Such a double standard is improper.

[4] Regardless, when the DHECC decides to serve Maxim LC, if ever, the arguments advanced by MFL and Palazaeno would apply with equal force to defeat DHECC's claim as to Maxim.  Of course, Maxim LC, if and when it were to be served, nevertheless would need the opportunity to obtain counsel and to file its own reply memorandum.

## Certificate of Service

I hereby certify that on October 25, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<em>/s/ Charles V. Giordano</em>