UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE OIL SPILL BY THE OIL RIG | * | CIVIL ACTION: 10-MD-2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO ON APRIL 20, 2010 | * | SECTION "J" |
| | * | |
| THIS DOCUMENT RELATES ONLY TO: | * | HONORABLE CARL J. BARBIER |
| Civil Action Nos. 10-2771; 10-8888; | * | |
| 10-9999; and 14-1525 | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

*****************************************************************************

**ANSWER TO EDWARD WISNER DONATION *EX PARTE*
MOTION TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT**

Now into Court come plaintiffs, Mark E. Peneguy, Edward W. Peneguy, Jr., Richard A. Peneguy, Jr., and Wendell H. Cook, Jr. through undersigned counsel, who responds to the Edward Wisner Donation *Ex Parte* Motion to Deposit Funds into the Registry of the Court as follows:

Prefatory Statement: Mark E. Peneguy, Edward W. Peneguy, Jr., Richard A. Peneguy, Jr., and Wendell H. Cook, Jr. (hereinafter "Wisner Heirs"), are plaintiffs in this action pursuant to this Court's Order dated August 28, 2014 and Amended Complaint filed March 10, 2015 (both found in the record of 14-1525 respectively at documents numbered 57 and 59). Each of them and some fifty others who also were made plaintiffs in these actions are either heirs or assignees of heirs of Edward Wisner who created the Edward Wisner Donation or heirs or assignees of heirs of the spouse and issue of Edward Wisner. These parties are beneficiaries of the Edward Wisner Donation. They will, collectively, bear the burden of forty percent of the attorneys' fees and costs

1

ultimately found due to the attorneys who have represented the Wisner Donation in these actions.[1] Therefore, these plaintiffs have a significant interest in the outcome of these attorneys' fees dispute proceedings.

The Wisner Heirs respond to the numbered allegations of the Motion as follows:

1. The filing of the Complaint for Attorneys' Fees by WW&G is admitted.

2. It is admitted that the Joint Venture attorneys answered the Complaint for Attorneys' Fees on behalf of the Wisner Donation and also on behalf of the Joint Venture attorneys themselves who have a financial interest in the amount and division of attorneys' fees.

3. It is admitted that this dispute (the "attorneys' fees dispute") concerns a challenge to the fees and costs pursuant to the Wisner Donation's settlement with BP.

4. It is admitted that under the settlement, the benefits due the Wisner Donation are payable and are only received by the Wisner Donation over a twenty-two year period.

5. It is admitted that the first installment payment was scheduled for October 3, 2016 and, upon information and belief, was received by the Wisner Donation.

6. Paragraph 6 is denied as stated. Further answering, the amount in dispute is the full amount of attorneys' fees, costs and expenses, owed by the Wisner Donation under

---

[1] These attorneys were first, Waltzer & Wiygul, now WW&G, and second, the "Joint Venture" attorneys, Herman Herman & Katz, LLC et al, who, in connection with WW&G's termination, took over the representation on or about July 31, 2014. The Joint Venture continues to represent the Wisner Donation. However, on July 22, 2014, the Joint Venture told the Wisner Heirs to retain separate counsel. They retained WW&G who continues to represent them except in connection with this fee dispute. See Order dated October 19, 2016. R. Doc. 21810.

its contract for legal services with the Joint Venture inclusive of the funds deposited in the registry of this Court.

7. It is admitted that the deposit into the registry "promotes fairness to all parties by ensuring that no payment is issued to any attorney in this case without a court order." Further answering, pursuant to Local Rule 67.3, any attorney moving for a disbursement from the registry of this Court must prove entitlement. The Court is called upon under Local Rule 67.3 and under Rule 1.5 of the Louisiana Rules of Professional Conduct to decide the proper determination, division, and payment of attorneys' fees and the proper elements of any costs and expenses that the attorneys charge.

8. It is admitted that each party to these actions will and should be provided the opportunity to be heard before this Court decides.

9. No response required.

Further responding,

10. To date, the Wisner Heirs, and, upon information and belief, the Wisner Donation and its beneficiaries, have not been provided by either the Joint Venture or WW&G with a final, binding, full and complete accounting of the precise fees claimed due, with the method of determination of such fees and of any costs and expenses claimed set forth in detail in accordance with the agreements for legal representation and with Rule 1.5 of the Louisiana Rules of Professional Conduct. Compliance with the Rule and a detailed accounting is required in order to permit the parties to evaluate and provide their positions to the Court for its determination.

11. The Joint Venture purported to terminate its representation of the Wisner Heirs by letter dated July 22, 2014. This required the Wisner heirs to retain separate counsel, WW&G.

12. To the extent that the Joint Venture attorneys are found entitled to fees for services rendered, the proportionate share of fees ultimately to be borne by the Wisner Heirs who are plaintiffs pursuant to the amended complaint filed in March 2015 should be set off by any amounts owed to WW&G for services rendered after July 22, 2014.

WHEREFORE, Wisner Heirs pray that this Answer be deemed good and sufficient and that the Court enter such Orders and Judgments in this matter as are just and reasonable.

Respectfully submitted,

**MONTGOMERY BARNETT, L.L.P.**

By: /s/ Daniel Lund
_____
DANIEL LUND (Bar No. 12782)
E-mail: dlund@monbar.com
JOHN Y. PEARCE (Bar No. 10374)
E-mail: jpearce@monbar.com
STEPHEN L. WILLIAMSON (Bar No. 8316)
E-Mail: swilliamson@monbar.com
C. BYRON BERRY, JR. (Bar No. 21476)
E-Mail: bberry@monbar.com
3300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688
Attorneys for
Mark E. Peneguy, Edward W. Peneguy, Jr.,
Richard A. Peneguy, Jr., and Wendell H. Cook, Jr.

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that he has electronically filed the foregoing Answer to Edward Wisner Donation *Ex Parte* Motion to Deposit Funds Into the Registry of the Court with the Clerk Of Court by using the CM/ECF system on this 1st day of November, 2016, which will send a copy of the foregoing pleading to counsel of record by notice of electronic filing.

                                          /s/ Daniel Lund
                                          _____