UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | MDL No. 2179 |
| | SECTION J |
| **Applies to:** *No. 12-970, Bon Secour Fisheries, Inc., et al v. BP Exploration & Production Inc., et al.* | JUDGE BARBIER |
| | MAGISTRATE WILKINSON |

## MOTION TO EXAMINE JUDGMENT DEBTOR AND JUDGMENT DEBTOR WITNESS AND MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER

Now into court comes Deepwater Horizon Economic Claims Center ("DHECC"), who respectfully represents:

I.

DHECC is a judgment creditor of Gill Johnson ("Johnson"), a defendant in this action. The Judgment against Johnson in favor of DHECC was rendered by the United States District Court for the Eastern District of Louisiana on October 15, 2015 [Rec. Doc. 15432], in the above captioned proceedings.

II.

The Court awarded DHECC total damages caused by Johnson, and entered judgment in the amount of $330,748.99, plus post-judgment interest at the legal rate until paid and costs.

III.

DHECC served an Information Subpoena with Post-Judgment Interrogatories on JOHNSON on February 11, 2016. JOHNSON failed to respond to the discovery demand, and DHECC therefore filed with this Court a Motion to Compel Responses to Post Judgment

Interrogatories on March 23, 2016.

IV.

The Court granted DHECC's motion to compel on March 31, 2016 thereby ordering JOHNSON to respond to Post Judgment Interrogatories within fourteen (14) days following the Order. DHECC served JOHNSON with the Court's Order, along with a copy of the motion and another copy of the subject Post-Judgment Interrogatories, on April 4, 2016. Fourteen days beyond that date is April 18, 2016.

JOHNSON failed to meet this Order deadline, failing to serve responses to the subject Post-Judgment Interrogatories.

## **MOTION FOR SANCTIONS**

V.

Rule 37 of the Federal Rules of Civil Procedure provides the following, in pertinent part:

(b) FAILURE TO COMPLY WITH A COURT ORDER.
. . .

(2) *Sanctions Sought in the District Where the Action Is Pending*.

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)— fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
. . .

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
. . .

(C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37; see also U.S. v. Fidanian, 465 F.2d 755, 757 (5th Cir. 1972) (citations omitted) ("It is settled law that the power to punish for contempt is an inherent power of the federal courts and that it includes the power to punish violations of their own orders.")

Based on Rule 37, and on this Court's inherent power to punish contempt, DHECC requests that the Court enter an Order declaring 1) JOHNSON to be in Contempt; 2) that he must fully respond to the subject Post-Judgment Interrogatories to cure the contempt, or the Court will hold JOHNSON in criminal contempt and order the U.S. Marshall's office to take him into custody until he cures his contempt; and 3) that the Court tax all costs related to DHECC'S attempts to obtain Post-Judgment discovery from JOHNSON upon JOHNSON.

## MOTION TO EXAMINE JUDGMENT DEBTOR AND WITNESS (SPOUSE)

VI.

The Judgment has not been satisfied and DHECC wishes to examine judgment debtor JOHNSON and his wife Tara Johnson ("SPOUSE"), on all matters relevant to their property, pursuant to Fed. R. Civ. P. 69(a) and C.C.P. art. 2451. DHECC's investigation has uncovered evidence of potential fraudulent conveyances between JOHNSON and his SPOUSE. As such, DHECC requests that JOHNSON and his SPOUSE be required to sit for a debtor's exam as soon as possible, on an expedited basis, in open court.

VII.

Movant also desires that JOHNSON and his SPOUSE debtor produce in open court (or as otherwise ordered by this Court) for examination of the books, papers, and other documents described below which are in his possession, and also desires to examine JOHNSON and his SPOUSE in connection with these books, papers, and documents listed below:

(a) Any and all titles, deeds, or other documents by which JOHNSON and/or his

SPOUSE owns or leases any real estate or other immovable property;

(b) Copies of any and all tax returns, including income, personal, VAT or others, JOHNSON and/or his SPOUSE has filed, individually or jointly with any other person, corporation, business entity, agency, or instrumentality, for the previous four (4) calendar years, including all schedules, attachments, and worksheets, and with the name and current address of any and all persons who assisted in preparing those returns;

(c) The original instrument for any and all certificates of stock, bonds, mutual funds, brokerage accounts, or indentures, and other securities titled in the name of, or beneficially held by, or for, JOHNSON and/or his SPOUSE, whether alone or jointly with any other person(s); corporation, business entity, agency, or instrumentality in any corporation, limited liability company, any other business organized under the laws of any state, or other entity during the last three (3) years;

(d) Copies of any and all financial statements in JOHNSON and/or his SPOUSE's possession, custody or control, prepared by or for JOHNSON and/or his SPOUSE, reflecting their financial condition during the past three (3) years, whether prepared for JOHNSON and/or his SPOUSE individually or jointly with any other person or persons, or for a corporation, firm, or other entity in which JOHNSON and/or his SPOUSE owned an interest;

(e) Any and all documents or title, instruments (negotiable and non-negoitable), chattle paper (tangible or intangible), notes, deeds, conveyances, certificates of title, bills of sale, bills of lading, letters of credit, warehouse receipts, mortgages, and security instruments of any kind showing or tending to show the existence of debts owed to or by JOHNSON and/or his SPOUSE, or property owned by JOHNSON and/or his SPOUSE, or property in which JOHNSON and/or his SPOUSE has a mortgage or security interest. This request includes all such items executed or in

effect during the last three (3) years;

(f) Any and all writings, correspondence, and financial records in JOHNSON and/or his SPOUSE's possession or custody, or subject to JOHNSON'S and/or his SPOUSE'S control, showing or tending to show monies owed to JOHNSON and/or his SPOUSE for outstanding debts in connection with any and all commercial or personal activities of JOHNSON and/or his SPOUSE and all records they may have showing or tending to show all the persons, corporations, business entities, agencies, or instrumentalities who owe JOHNSON and/or his SPOUSE money;

(g) Any and all insurance policies insuring loss to any property, real or personal, that JOHNSON and/or his SPOUSE owns or have owned in the last three (3 years), individually or jointly with any other person(s), corporation, business entity, agency, or instrumentality, or that JOHNSON and/or his SPOUSE holds for the benefit of any other person(s), corporation, business entity, or instrumentality, that were in effect during the last three (3) years;

(h) Any and all pending and executed acts of sale, deeds, contracts, commercial agreements, and all other documents showing transfer of any and all property, tangible or intangible, owned (in whole or in part), manufactured, produced, or acquired by JOHNSON and/or his SPOUSE, individually or jointly with any other person(s), corporation, business entity, agency, or instrumentality, during the previous three (3) years up to and including the date of this request;

(i) Any and all bank statements, cancelled checks, check stubs, deposit slips, wire transfer requests, wire transfer receipts,  or  other documentation of wire transfers to or  from JOHNSON and/or his SPOUSE , and other records in their possession, custody, or control, showing or tending to show transactions with a bank or other financial institution with which JOHNSON and/or his SPOUSE did business, or relating to a deposit account on which JOHNSON and/or his SPOUSE has had signature authority during  the  previous three  (3) years, regardless

of whether the accounts were in JOHNSON and/or his SPOUSE's name or that of another person(s) corporation, business entity, agency, or instrumentality;

(j) Any and all documents relating to any and all interest(s), that JOHNSON and/or his SPOUSE has had during the previous three (3) years through the present date, in any entity, corporation, limited liability company, partnership, joint venture, trust, or other business type organized under the laws of any state;

(k) Any and all documents relating in any way to JOHNSON and/or his SPOUSE's business, occupation, employment, livelihood, and any and all other sources of income during the last four (4) years, including sales revenue, salaries, income, bonuses, commissions, pension plan, insurance, and other fringe benefits;

(l) Any and all documents reflecting and identifying any and all assets owned by JOHNSON and/or his SPOUSE, individually or together with any other person(s), corporation, business entity, agency, or instrumentality; whether they have a majority or minority ownership interest therein, during the last three (3) years;

(m) Any and all ledger cards, ledgers, journals, memoranda, books of account, and other documents reflecting and identifying JOHNSON and/or his SPOUSE assets, payables and receivables during the last three (3) years through the present date;

(n) Any and all documents providing any and all information of all sources of JOHNSON and/or his SPOUSE income during the last four (4) years;

(o) Any and all trust instruments, agreements, correspondence, and other documents relating to all trusts in which JOHNSON and/or his SPOUSE is a trustee, beneficiary or has any other kind of interest, together with all documents identifying the assets of such trust(s) and the present location of each asset, all transactions by such trust(s), all transfers of trust property,

and the names and addresses of trustees and beneficiaries; this request includes all such items signed or in effect during the last three (3) years to the present date;

(p) All records relating to and identifying all motor vehicles, boats, and other registered movables owned, leased and otherwise used by JOHNSON and/or his SPOUSE during the last three (3) years to the present date and, if not owned by JOHNSON and/or his SPOUSE, records identifying the owner thereof along with his/her/its present address, and detail concerning the arrangement under which JOHNSON and/or his SPOUSE was afforded use of the motor vehicle, boat, or other movable;

(q) Any and all records relating to safe deposit boxes and/or the extent and circumstances of any and all financial relationships with any banks or other depositories for securities, cash, or other valuables, rented or otherwise used by JOHNSON and/or his SPOUSE or jointly with any other person(s), corporation, business entity, agency, or other business organized under the laws of any state during the last three (3) years to the present date, together with any and all agreements, writings, or other documents memorializing or detailing the extent and circumstances of such relationships;

(r) Any and all documents reflecting and/or identifying all personal property in which JOHNSON and/or his SPOUSE has or had any ownership interest, either jointly, individually, or otherwise, during the last three (3) years to the present date, together with the location of each item and its present market value;

(s) Any and all mortgages, liens, pledges, promissory notes, security agreements, financing statements and all other documents in any way reflecting any security interest, mortgage, lien, pledge, hypothecation or encumbrance of any kind upon any property, real or personal, tangible or intangible, owned by JOHNSON and/or his SPOUSE, whether individually or jointly

with others during the last four (4) years to the present date, and in any way evidencing any debt relating thereto;

(t) Any and all documents (including all monthly, quarterly or annual account statements) identifying every securities brokerage account JOHNSON and/or his SPOUSE has or has had during the last three (3) years, individually or together with any other person(s), corporation, business entity, agency, or instrumentality, and the name and present address of such other person(s), corporation, business entity, agency, or instrumentality;

(u) Any and all documents relating in any way to and identifying any property for which JOHNSON and/or his SPOUSE or someone on JOHNSON and/or his SPOUSE behalf has held for another person or business entity during the last three (3) years, and such documents relating in any way to property JOHNSON and/or his SPOUSE has held for another person or business entity during that time;

(v) The identities and current addresses of any and all C.P.A.s and accountants, that JOHNSON and/or his SPOUSE has hired or used and those that have been hired or used by each corporation, limited liability company, partnership, joint venture, trust, and any other business entity, whether organized under the laws of a domestic or foreign state, that is owned partially or wholly by JOHNSON and/or his SPOUSE, or any corporation, limited liability company, partnership, joint venture, trust, and any other business entity organized under the laws of any state possessing any amount of ownership interest in JOHNSON and/or his SPOUSE (i.e. as a parent company) and those with which they been associated or affiliated with, directly or indirectly through any subsidiary or parent company, in any way during the last three (3) years to the present date;

(w) Any and all judgments which have been entered in Johnson's favor or against

Johnson that have not yet been satisfied in full;

(x) Any and all documents in any way relating to any and all insurance claims made by JOHNSON and/or his SPOUSE or on their behalf during the last six (6) years to the present date, and reflecting the present status of the claim and any proceeds, whatever amount, that they may have received or is entitled to receive as a result thereof;

(y) Any and all appraisal reports, documents, or correspondence prepared during the last three (3) years to the present date regarding any property JOHNSON and/or his SPOUSE owned, either individually or jointly with any other person or persons, or upon which JOHNSON and/or his SPOUSE has held a mortgage, security interest, lien, pledge or other encumbrance, either individually or jointly with any other person(s), corporation, business entity, agency, or instrumentality, or in which JOHNSON and/or his SPOUSE has had any other kind of interest during the last three years to the present date, and the status thereof;

(z) Any and all documents reflecting each and every corporation, business entity, agency, or instrumentality possessing an ownership interest of JOHNSON and/or his SPOUSE, whether such interest is a majority or minority interest, including but not limited to the full name, address and contact information for such owner during the last four (4) years; and

(aa) Any and all documents, correspondence, or other writing, both electronic and tangible, reflecting the location of any and all business dealings, whether directly by JOHNSON and/or his SPOUSE, from which JOHNSON and/or his SPOUSE obtained assets or any percent ownership interest in or right to any asset located throughout the world in any place;

(bb) The full names, current addresses and contact information for any and all individuals, corporations, agents, brokers, or other business entity employed by JOHNSON and/or his SPOUSE, in any manner, for assistance in loading, unloading, appraising, inspecting,

facilitating delivery or transfer, or otherwise providing services in delivery and/or transfer of goods manufactured, produced, sold, traded, or otherwise placed into the United States stream of commerce by JOHNSON and/or his SPOUSE during the last three (3) years to the present date;

(cc)   Any and all contracts, agreements, correspondence, or other written documents reflecting an agreement between JOHNSON and/or his SPOUSE and any other person(s), corporation, business entity, agency, or other business organized under the laws of a foreign state for the loading, shipment, unloading, transfer, transport, inspection, appraisal, delivery, or any other service in the sale, trade, or other commercial transaction for the sale, trade, production, manufacture, fabrication, of goods in which JOHNSON and/or his SPOUSE has any ownership interest, individually or with other persons, corporations, business entities, agencies, instrumentalities, or other business organized under the laws of any state;

(dd)   Any and all documents memorializing payments, credits, or any other form of compensation provided by JOHNSON and/or his SPOUSE for brokerage services in loading, shipment, unloading, transfer, transport, inspection, appraisal, delivery, or any other service in the sale, trade, or other commercial transaction for the sale, trade, production, manufacture, fabrication, of goods in which JOHNSON and/or his SPOUSE has any ownership interest, individually or with other persons, corporations, business entities, agencies, instrumentalities, or other business organized under the laws of any state;

(ee)   A list of any and all vessels owned, operated, used or to be used by JOHNSON and/or his SPOUSE for the shipment of goods in which JOHNSON and/or his SPOUSE had or has any interest either as seller, broker, agent, consignee, consigner, manufacturer, or producer under any and all contracts, commercial agreements, or other business arrangement for the sale of such goods by JOHNSON and/or his SPOUSE; and a complete listing of the precise

U.S. locations and anticipated dates or date ranges each vessel is expected to arrive with said cargo;

(ff)    A detailed description of, including the quantity and present market value, of any and all goods sold, consigned, manufactured, fabricated, or otherwise placed into the stream of commerce by JOHNSON and/or his SPOUSE and to be shipped and delivered anywhere in the United States under a contract, act of sale, consignment, or any other commercial transaction, executing or currently pending, to which JOHNSON and/or his SPOUSE was a party, individually or together with any other person(s), corporation, limited liability company, or any other business organization formed under the laws of any state, in the last four (4) years to present date;

(gg)    Any and all contracts, agreements, correspondence, or other written documents reflecting any agreement or understanding between JOHNSON and/or his SPOUSE and any person(s) or business entity, or any of its subsidiaries, for the sale, resale, consignment, referral, marketing, advertising, or other mechanism whereby JOHNSON and/or his SPOUSE products are placed into the stream of commerce; and detail concerning the specific facts and circumstances of any arrangement between JOHNSON and/or his SPOUSE and any person(s) or business entity, or any of those person(s) or entity's subsidiaries or agents for such services; and

(hh)    Any and all documents reflecting any sums outstanding or paid within the previous 4 years to the present date, by JOHNSON and/or his SPOUSE to any person(s) or business entities, or any of their subsidiaries or agents for the purpose of advertising, marketing, commissions, fees, or any other purpose which results in placing JOHNSON and/or his SPOUSE products into the stream of commerce.

## VIII.

Movant believes that through these books, papers, and documents, it can establish what

property the judgment debtor has which may be used to satisfy the above Judgment.

IX.

The cost of the examination of the judgment debtor should be taxed against Johnson.

THEREFORE, movant prays that:

The court orders the defendant, Gill Johnson to appear in open court for examination as judgment debtor as soon as possible on the Court's calendar;

The court orders the defendant, GILL JOHNSON at the same time, to provide the books, papers, and documents described in paragraph VII above, at the time of the debtor's exam.

DATED this _____ day of October, 2016.

　

*/s/ Vernon Nelson*
Vernon Nelson, Esq.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Avenue, Suite 244
Las Vegas, NV   89123
Tel:  702-476-2500 / Fax:  702-476-2788
vnelson@nelsonlawfirmlv.com

JUSTIN M. CHOPIN (La. Bar No. 31100)
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Direct: 504-323-5755
Fax: 504-324-0640
Email: justin@chopinlawfirm.com

*Attorneys for Defendant Deepwater Horizon Economic Claims Center*

**CERTIFICATE OF SERVICE**

I hereby certify that on October ____, 2016, a copy of the foregoing **MOTION TO EXAMINE JUDGMENT DEBTOR AND JUDGMENT DEBTOR WITNESS AND MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER** was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing to counsel by operation of the court's electronic system.

                                                  */s/ Ruth M. Lynch*
                                                  An Employee of Vernon Nelson