UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" In the Gulf Of Mexico, on April 20, 2010 | : MDL NO.: 2179 |
| | : SECTION: J |
| | : HONORABLE CARL J. BARBIER |
| | : MAGISTRATE JUDGE WILKINSON |
| This Document Applies to: *No. 12-970, Bon Secour Fisheries, Inc. et al.* | : |
| *v. BP Exploration & Production, Inc., et al.* | |

**MOTION TO CONTINUE EXAMINATION OF JUDGMENT DEBTOR, AND MOTION FOR SANCTIONS**

Now into court comes **Deepwater Horizon Economic Claims Center ("DHECC")**, who respectfully represents:

**I.**

**DHECC** is a judgment creditor of **Bobby Lambert, Sr. ("Lambert")**, a defendant in this action. The Judgment against **Lambert** in favor of **DHECC** was rendered by the United States District Court for the Eastern District of Louisiana on June 29, 2015 [Rec. Doc. 14781], in the above captioned proceedings.

**II.**

The Court awarded **DHECC** total damages caused by **Lambert**, and entered judgment in the amount of $129,447.64, plus post-judgment interest at the legal rate until paid and costs.

**III.**

**DHECC** served an Information Subpoena with Post-Judgment Interrogatories on **LAMBERT** on October 31, 2015. **LAMBERT** failed to respond to the discovery demand, and **DHECC** therefore filed with this Court a Motion To Compel Responses To Post Judgment Interrogatories on January 12, 2016.

1

**IV.**

The Court granted **DHECC's** motion to compel on January 19, 2016, thereby ordering **LAMBERT** to respond to Post Judgment Interrogatories within fourteen (14) days following the Order.  **DHECC** served **LAMBERT** with the Court's Order, along with a copy of the motion and another copy of the subject Post-Judgment Interrogatories, on January 20, 2016.  Return Receipt notice for this mailing was signed on January 26, 2014.  Fourteen (14) days beyond that date is February 9, 2016.  **LAMBERT** failed to meet this Order deadline, failing to serve responses to the subject Post-Judgment Interrogatories.

**V.**

The Court granted DHECC's Motion to Examine Judgment Debtor, Bobby Lambert, Sr., and Motion for Sanctions for Failure to Comply with Court Order and that he appear for his examination on April 5, 2016 and several subsequent dates. Lambert failed to appear on April 5, 2016 and the Court subsequently issued a warrant for his arrest. Mr. Lambert was subsequently arrested and appeared for his Debtor Examination on May 4, 2016. At his Debtor Exam. He did not have with him any of the documents he was required to produce at his examination and/or in response to the  post-judgment interrogatories. As a result, Lambert promised the Court he would gather up all of the documents required to be produced and mail them to DHECC's counsel. The Court told Mr. Lambert that if he answered the DHECC's questions and produced and mailed the documents to DHECC's counsel,  there would be no further sanction.

After the deposition, Lambert sent 11 pages of documents to DHECC's counsel which included a letter from Walter Johnson regarding Lambert's gross pay, a shrimp catch statement, the front page of the page 1 of his 1996 1040 form, 2 pages of his Account Transcript from the IRS, the front page of his 2010 Tax return, the front page of his 2009 Tax return,  the front page of his 2007 Tax return, the front

page of his 1995 Tax return, the front page of his 2008 Tax return, an incomplete page of a fax regarding the IRS. He did not include any information about bank accounts, his ex-wife's/wife's financial information, any real property owned, any insurance policies, any personal property, any automobiles, and other information identified in the Post Judgment

Interrogatories and items listed in pages 3 through 11 of DHECC's Motion to Examine Judgment Debtor, and Motion for Sanctions for Failure to Comply with Court Order. (Document 15959). DHECC has made multiple attempts to contact Mr. Lambert about the deficiency of his response.

Mr. Lambert testified that he is divorced. However, DHECC has discovered information that reveals that his ex-wife/wife may own the property that is identified as Mr. Lambert's address (commonly known as 8071 Sunshine Dr., Irvington, AL). The record owner appears to be "Schendel Ryan;" who may be Mr. Lambert's ex-wife (using her maiden name). Thus, there appears to be relevant information that has not been produced.

## **MOTION FOR SANCTIONS**

### VI.

Rule 37 of the Federal Rules of Civil Procedure provides the following, in pertinent part:

(b) FAILURE TO COMPLY WITH A COURT ORDER.

. . .

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under [Rule 30(b)(6)](#) or [31(a)(4)](#)— fails to obey an order to provide or permit discovery, including an order under [Rule 26(f)](#), [35](#), or [37(a)](#), the court where the action is pending may issue further just orders. They may include the following:

. . .

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

. . .

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

3

Fed. R. Civ. P. 37; *see also* U.S. v. Fidanian, 465 F.2d 755, 757 (5th Cir. 1972) (citations omitted) ("It is settled law that the power to punish for contempt is an inherent power of the 3federal courts and that it includes the power to punish violations of their own orders.")

Based on Rule 37, and on this Court's inherent power to punish contempt, **DHECC** requests that the Court enter an Order declaring **LAMBERT** to be in Contempt for failing to abide by his promise to the Court and deliver the documents described in the subject Post-Judgment Interrogatories and in pages 3 through 11 of DHECC's Motion to Examine Judgment Debtor, and Motion for Sanctions for Failure to Comply with Court Order. (Document 15959). DHECC has made multiple attempts to contact Mr. Lambert about the deficiency of his response.

## MOTION TO EXAMINE JUDGMENT DEBTOR

### VI.

The Judgment has not been satisfied and **DHECC** wishes to continue the examination of judgment debtor **Lambert**, on all matters relevant to his property and his ex-wife's Shandel Lambert's property (collectively "Lambert", pursuant to Fed. R. Civ. P. 69(a) and C.C.P. art. 2451. As such, **DHECC** requests that Lambert and his ex-wife Shandel Lambert be required to sit for a debtor's exam as soon as possible, on an expedited basis, in open court.

### VII.

Movant also desires that the judgment debtor and Shandel Lambert produce in open court (or as otherwise ordered by this Court) for examination of the books, papers, and other documents described below which are in his possession, and also desires to examine the judgment debtor and his wife in connection with these books, papers, and documents listed below:

    (a)    Any and all titles, deeds, or other documents by which **Lambert** owns or leases any real estate or other immovable property;

    (b)    Copies of any and all tax returns, including income, personal, VAT or others, **Lambert** has filed, individually or jointly with any other person, corporation, business entity, agency,

or instrumentality, for the previous four (4) calendar years, including all schedules, attachments, and worksheets, and with the name and current address of any and all persons who assisted in preparing those returns;

(c) The original instrument for any and all certificates of stock, bonds, mutual funds, brokerage accounts, or indentures, and other securities titled in the name of, or beneficially held by, or for, **Lambert**, whether alone or jointly with any other person(s); corporation, business entity, agency, or instrumentality in any corporation, limited liability company, any other business organized under the laws of any state, or other entity during the last three (3) years;

(d) Copies of any and all financial statements in **Lambert's** possession, custody or control, prepared by or for **Lambert**, reflecting **Lambert's** financial condition during the past three (3) years, whether prepared for **Lambert** individually or jointly with any other person or persons, or for a corporation, firm, or other entity in which **Lambert** owned an interest;

(e) Any and all documents or title, instruments (negotiable and non-negoitable), chattle paper (tangible or intangible), notes, deeds, conveyances, certificates of title, bills of sale, bills of lading, letters of credit, warehouse receipts, mortgages, and security instruments of any kind showing or tending to show the existence of debts owed to or by **Lambert**, or property owned by **Lambert**, or property in which **Lambert** has a mortgage or security interest. This request includes all such items executed or in effect during the last three (3) years;

(f) Any and all writings, correspondence, and financial records in **Lambert's** possession or custody, or subject to **Lambert's** control, showing or tending to show monies owed to **Lambert for outstanding debts in connection with any and all commercial or personal activities of Lambert**, and all records **Lambert** may have showing or tending to show all the persons, corporations, business entities, agencies, or instrumentalities who owe **Lambert** money;

(g) Any and all insurance policies insuring loss to any property, real or personal, that

5

**Lambert** owns or has owned in the last three (3) years, individually or jointly with any other person(s), corporation, business entity, agency, or instrumentality, or that **Lambert** holds for the benefit of any other person(s), corporation, business entity, or instrumentality, that were in effect during the last three (3) years;

(h) Any and all pending and executed acts of sale, deeds, contracts, commercial agreements, and all other documents showing transfer of any and all property, tangible or intangible, owned (in whole or in part), manufactured, produced, or acquired by **Lambert**, individually or jointly with any other person(s), corporation, business entity, agency, or instrumentality, during the previous three (3) years up to and including the date of this request;

(i) Any and all bank statements, cancelled checks, check stubs, deposit slips, wire transfer requests, wire transfer receipts, or other documentation of wire transfers to or from **Lambert**, and other records in **Lambert's** possession, custody, or control, showing or tending to show transactions with a bank or other financial institution with which **Lambert** did business, or relating to a deposit account on which **Lambert** has had signature authority during the previous three (3) years, regardless of whether the accounts were in **Lambert's** name or that of another person(s) corporation, business entity, agency, or instrumentality;

(j) Any and all documents relating to any and all interest(s), whether minority or majority interest(s), that **Lambert** has had during the previous three (3) years through the present date, in any entity, corporation, limited liability company, partnership, joint venture, trust, or other business type organized under the laws of any state;

(k) Any and all documents relating in any way to **Lambert's** business, occupation, employment, livelihood, and any and all other sources of income during the last four (4) years, including sales revenue, salaries, income, bonuses, commissions, pension plan, insurance, and other fringe benefits;

(l) Any and all documents reflecting and identifying any and all assets owned by **Lambert, individually or together with any other person(s), corporation, business entity, agency, or instrumentality; whether Lambert has a majority or minority ownership interest therein,** during the last three (3) years;

(m) Any and all ledger cards, ledgers, journals, memoranda, books of account, and other documents reflecting and identifying **Lambert's** assets, payables and receivables during the last three (3) years through the present date;

(n) Any and all documents providing any and all information of all sources of **Lambert's** income during the last four (4) years;

(o) Any and all trust instruments, agreements, correspondence, and other documents relating to all trusts in which **Lambert** is a trustee, beneficiary or has any other kind of interest, together with all documents identifying the assets of such trust(s) and the present location of each asset, all transactions by such trust(s), all transfers of trust property, and the names and addresses of trustees and beneficiaries; this request includes all such items signed or in effect during the last three (3) years to the present date;

(p) Any and all records relating to and identifying all motor vehicles, boats, and all other registered movables owned, rented, leased and otherwise used by **Lambert** during the last three (3) years to the present date and, if not owned by **Lambert**, records identifying the owner thereof along with his/her/its present address, and detail concerning the arrangement under which **Lambert** was afforded use of the motor vehicle, boat, or other movable;

(q) Any and all records relating to safe deposit boxes and/or the extent and circumstances of any and all financial relationships with any banks or other depositories for securities, cash, or other valuables, rented or otherwise used by **Lambert** or jointly with any other person(s), corporation, business entity, agency, or other business organized under the laws of any state during the last three (3) years to the present date, together with any and all

agreements, writings, or other documents memorializing or detailing the extent and circumstances of such relationships.

(r) Any and all documents reflecting and/or identifying all personal property in which Lambert has or had any ownership interest, either jointly, individually, or otherwise, during the last three (3) years to the present date, together with the location of each item and its present market value;

(s) Any and all mortgages, liens, pledges, promissory notes, security agreements, financing statements and all other documents in any way reflecting any security interest, mortgage, lien, pledge, hypothecation or encumbrance of any kind upon any property, real or personal, tangible or intangible, owned by Lambert, whether individually or jointly with others during the last four (4) years to the present date, and in any way evidencing any debt relating thereto;

(t) Any and all documents (including all monthly, quarterly or annual account statements) identifying every securities brokerage account Lambert has or has had during the last three (3) years, individually or together with any other person(s), corporation, business entity, agency, or instrumentality, and the name and present address of such other person(s), corporation, business entity, agency, or instrumentality;

(u) Any and all documents relating in any way to and identifying any property for which Lambert or someone on Lambert's behalf has held for another person or business entity during the last three (3) years, and such documents relating in any way to property Lambert has held for another person or business entity during that time;

(v) The identities and current addresses of any and all C.P.A.s and accountants, that

Lambert has hired or used and those that have been hired or used by each corporation, limited liability company, partnership, joint venture, trust, and any other business entity, whether organized under the laws of a domestic or foreign state, that is owned partially or wholly by Lambert, or any corporation, limited liability company, partnership, joint venture, trust, and any other business entity organized under the laws of any state possessing any amount of ownership  mortgage, security interest, lien, pledge or other encumbrance, either individually or jointly with  other person(s), corporation, business entity, agency, or instrumentality, or in which Lambert has had any other kind of interest during the last three years to the present date, and the status thereof;

(w) Any and all judgments which have been entered in Lambert's favor or againstLambert that have not yet been satisfied in full;

(x) Any and all documents in any way relating to any and all insurance claims made by Lambert or on Lambert's behalf during the last six (6) years to the present date, and reflecting the present status of the claim and any proceeds, whatever amount, that Lambert may have received or is entitled to receive as a result thereof;

(w) Any and all documents reflecting each and every corporation, business entity, agency, or instrumentality possessing an ownership interest in Lambert, whether such interest is a majority or minority interest, including but not limited to the full name, address and contact information for such owner during the last four (4) years; and

(x) Any and all documents, correspondence, or other writing, both electronic and tangible, reflecting the location of any and all business dealings, whether directly by Lambert or on his behalf directly or indirectly, from which Lambert obtained assets or any percent ownership interest in or right to any asset located throughout the world in any place;

9

(y) Any and all appraisal reports, documents, or correspondence prepared during the last three (3) years to the present date regarding any property Lambert owned, either individually or jointly with any other person or persons, or upon which **Lambert** has held a mortgage, security interest, lien, pledge or other encumbrance, either individually or jointly with any other person(s), corporation, business entity, agency, or instrumentality, or in which **Lambert** has had any other kind of interest during the last three years to the present date, and the status thereof;

(z) Any and all documents reflecting each and every corporation, business entity, agency, or instrumentality possessing an ownership interest in **Lambert**, whether such interest is a majority or minority interest, including but not limited to the full name, address and contact information for such owner during the last four (4) years; and

(aa) Any and all documents, correspondence, or other writing, both electronic and tangible, reflecting the location of any and all business dealings, whether directly by **Lambert** or on his behalf directly or indirectly, from which **Lambert** obtained assets or any percent ownership interest in or right to any asset located throughout the world in any place;

(bb) The full names, current addresses and contact information for any and all individuals, corporations, agents, brokers, or other business entity employed by Lambert, in any manner, for assistance in loading, unloading, appraising, inspecting, facilitating delivery or transfer, or otherwise providing services in delivery and/or transfer of goods manufactured, produced, sold, traded, or otherwise placed into the United States stream of commerce by Lambert during the last three (3) years to the present date;

(cc) Any and all contracts, agreements, correspondence, or other written documents reflecting an agreement between Lambert and any other person(s), corporation, business entity, agency, or other business organized under the laws of a foreign state for the loading, shipment, unloading, transfer, transport, inspection, appraisal, delivery, or any other service in

the sale, trade, or other commercial transaction for the sale, trade, production, manufacture, fabrication, of goods in which **Lambert** has any ownership interest, individually or with other persons, corporations, business entities, agencies, instrumentalities, or other business organized under the laws of any state;

  (dd) Any and all documents memorializing payments, credits, or any other form of compensation provided by **Lambert** for brokerage services in loading, shipment, unloading, transfer, transport, inspection, appraisal, delivery, or any other service in the sale, trade, or other commercial transaction for the sale, trade, production, manufacture, fabrication, of goods in which **Lambert** has any ownership interest, individually or with other persons, corporations, business entities, agencies, instrumentalities, or other business organized under the laws of any state;

  (ee) A list of any and all vessels owned, operated, used or to be used by **Lambert** for the shipment of goods in which **Lambert** had or has any interest either as seller, broker, agent, consignee, consigner, manufacturer, or producer under any and all contracts, commercial agreements, or other business arrangement for the sale of such goods by **Lambert**; and a complete listing of the precise U.S. locations and anticipated dates or date ranges each vessel is expected to arrive with said cargo;

  (ff) A detailed description of, including the quantity and present market value, of any and all goods sold, consigned, manufactured, fabricated, or otherwise placed into the stream of commerce by **Lambert** and to be shipped and delivered anywhere in the United States under a contract, act of sale, consignment, or any other commercial transaction, executing or currently pending, to which **Lambert** was a party, individually or together with any other person(s), corporation, limited liability company, or any other business organization formed under the laws of any state, in the last four (4) years to present date;

  (gg) Any and all contracts, agreements, correspondence, or other written documents

11

reflecting any agreement or understanding between **Lambert** and any person(s) or business entity, or any of its subsidiaries, for the sale, resale, consignment, referral, marketing, advertising, or other mechanism whereby **Lambert** products are placed into the stream of commerce; and detail concerning the specific facts and circumstances of any arrangement between **Lambert** and any person(s) or business entity, or any of those person(s) or entity's subsidiaries or agents for such services; and

(hh)   Any and all documents reflecting any sums outstanding or paid within the previous 4 years to the present date, by **Lambert** to any person(s) or business entities, or any of their subsidiaries or agents for the purpose of advertising, marketing, commissions, fees, or any other purpose which results in placing **Lambert** products into the stream of commerce.

## VIII.

Movant believes that through these books, papers, and documents, it can establish what property the judgment debtor has which may be used to satisfy the above Judgment.

## IX.

The cost of the examination of the judgment debtor should be taxed against **Lambert**.

THEREFORE, movant prays that:

1. The court orders the defendant, **Bobby Lambert, Sr. and "Schendel Lambert ";** to appear in open court for examination as judgment debtor as soon as possible on the Court's calendar;

2. The court orders the defendant, **Bobby Lambert, Sr. and Schendel Lambert;** at the same time, to provide the books, papers, and documents described in paragraph VII above, at the time of the debtor's exam.

DATED this 4th day of November, 2016.

THE LAW OFFICE OF VERNON NELSON

/s/Vernon Nelson

9480 S. Eastern Ave., Suite 244
Las Vegas, NV 89123
702-476-2500
vnelson@nelsonlawfirmlv.com
*Attorney for Deepwater Horizon Economic Claims Center*