**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig

**"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010**

**This Document Applies to:**

*No. 12-970, Bon Secour Fisheries, Inc.,
et al. v. BP Exploration & Production,
Inc., et al.*

**MDL NO.: 2179**

**SECTION: J
HONORABLE CARL J. BARBIER**

**MAGISTRATE JUDGE WILKINSON**

**MEMORANDUM IN SUPPORT OF THE DHECC's MOTION TO COMPEL
RESPONSES TO POST-JUDGMENT INTERROGATORIES**

**1.      FACTUAL BACKGROUND.**

        This Court entered a First Amended Judgment against Claimants on January 19, 2016.

requiring that the Claimants pay as restitution to DHECC $1,610,311.13 plus post

judgment interest ("Claimants' Judgment Amount"). On September 12, 2015, the DHECC

served the Claimants with Post-Judgment Interrogatories in accordance with Federal

Rules of Civil Procedure 26, 33, 69 and Louisiana Code of Civil Procedure CCP 1457, 1469,

2451, and 2456. The Claimants were required to respond to the Post-Judgment

Interrogatories within 30 days. However, the Defendant failed to respond. Accordingly,

DHECC requires the Court's assistance in the form of an Order compelling the Claimants to

respond to the Post-Judgment Interrogatories.

**LEGAL ARGUMENT**

        Fed. R. Civ. P. 69 (a)(1) provides, in pertinent part, that the "procedure on execution—

and in proceedings supplementary to and in aid of judgment or execution—must accord with the

procedure of the state where the court is located…" Fed. R. Civ. P. 69 (a)(2) further provides

that a judgment creditor may obtain discovery from the judgment debtor as provided in the

Federal Rules of Civil Procedure; or by the procedure of the state where the court is located.

3

LA Code Civ Pro 2451 provides that, in aid of execution, a judgment creditor may examine the judgment debtor as provided for in LA Code Civ Pro 1421-1515. LA Code Civ Pro 1457 and 1458 address the procedures for propounding interrogatories to conduct discovery. Similarly, Fed. R.Civ. P. 33 addresses the procedures for propounding interrogatories in Federal Court. LA Code Civ Pro 1458 and Fed. R.Civ. P. 33 both require that the Claimants provide written responses to interrogatories within 30 days after service. The Claimants were served with post-judgment interrogatories on September 12, 2016, and the Claimants have not provided any response to the post- judgment interrogatories.

LA Code Civ. Pro 1469 provides that a party may apply for an order that compels the Claimants to respond to the post-judgment interrogatories. Similarly, Rules 37 of the Federal Rules of Civil Procedure, provides that the Court may, upon motion, enter an order compelling the Claimants to respond to the post judgment interrogatories. If the Claimants fails to comply with an order compelling discovery, he may be subject to sanctions pursuant to Fed. R. Civ. P. 37(d).

### A.    A REASONABLE ATTORNEYS' FEE AND COST AWARD FOR FILING THIS MOTION TO COMPEL IS JUSTIFIED

As a result of Claimants unjustified failure to respond to post-judgment interrogatories, DHECC has been forced to employ the undersigned attorney to bring this proceeding to compel the Claimants to respond to such discovery.

Under Fed. R. Civ. P. 37(a)(5), DHECC is entitled to recover reasonable costs and expenses, including reasonable attorneys' fees, incurred in obtaining an order to compel the Claimants to respond to post-judgment interrogatories given that the failure was not substantially justified.

Reasonable attorneys' fees for the undersigned services rendered and to be rendered in this regard are $1,800.00 plus nominal costs of serving the post-judgment interrogatories and the filing and service of this motion. DHECC hereby requests an award against Claimants to this action.

It is critical that the DHECC be permitted sufficient discovery in aid of execution. If not, DHECC's attempts to execute upon the judgment will be frustrated. The discovery sought is relevant to the assets and income that Claimants may have available to satisfy the judgment. Therefore, DHECC respectfully requests that the Court grant its motion to compel.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should enter the proposed order filed herewith.

DATED this 6th day of November, 2016.

_/s/ Vernon Nelson_____

Vernon Nelson
THE LAW OFFICE OF VERNON NELSON
9480 South Eastern Ave, Suite 244
Las Vegas, NV 89123
Tel: 702.476.2500
vnelson@nelsonlawfirmlv.com
*Attorney for Deepwater Horizon Economic Claims Center*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2016, a copy of the foregoing **MEMORANDUM IN SUPPORT OF DHECC'S MOTION TO COMPEL RESPONSES TO POST-JUDGMENT INTERROGATORIES** was filed with the Clerk of the Court using the CM/ECF System.  Notice of this filing will be sent to counsel by operation of the court's electronic system.

    /s/ Vernon Nelson

The Law Office of Vernon Nelson