UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on April 20, 2010 | * | |
| | * | |
| | * | Section "J" |
| | * | |
| This document relates to: Civil No. 2:10-cv-01984 | * | |
| | | |
| *Whittinghill v. Abdon Callais Offshore, L.L.C.* | * | Judge Barbier |
| | | |
| | * | Mag. Judge Shushan |
| | * | |

*********************************************

## MOTION TO DECONSOLIDATE OR IN THE ALTERNATIVE FOR PERMISSION TO CONDUCT DISCOVERY AGAINST DEFENDANT, ABDON CALLAIS

Plaintiff respectfully moves the Court to deconsolidate his case from the MDL-2179. In the alternative, Plaintiff seeks permission to conduct discovery against his former employer, Abdon Callais.  <u>No discovery into Plaintiff's claims against Abdon Callais has commenced in over six years</u>.

This is an action brought by a former employee (Clay Whittinghill) against his former employer (Abdon Callais Offshore, L.L.C.).  Defendant has not been named by any other party to this action.

Mr. Whittinghill got sick while working as a captain aboard his vessel.  Doc. 1, ¶7. He alleged that he was fired because he was sick.  Id. at ¶14.

1

His theories of recovery against his employer arise under the <u>Family and Medical Leave Act</u>, the Jones Act and general maritime law.  Id. at ¶9, 15.

<u>Mr. Whittinghill has not alleged that his employer (the only defendant here) caused or contributed or was otherwise responsible in any way for the Deepwater Horizon disaster.</u>

This case was initially assigned to Judge Zainey.  It was reassigned to Judge Englehardt on August 2, 2010, who transferred the case to this section on August 12, 2010.  Doc. 10.  Though this case was never before the J.P.M.L. on a conditional transfer order and the parties were never afforded a hearing on its consolidation into this MDL, it was included in the Court's MDL Pre-trial Order No. 1 as one of the "civil actions listed on Schedule A...which were transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its order of August 10, 2010 [which]  merit special attention as complex litigation."  Doc. 11.  With respect, this inclusion was in error.

The parties, facts and theories of this case are so different from those of the MDL that its continued inclusion in the MDL proceeding will retard, rather than promote the efficient resolution of this action.

2

For these reasons, expressed more fully in the attached memorandum, Plaintiff's motion to deconsolidate should be granted.

Respectfully Submitted,

**MARTZELL, BICKFORD, & CENTOLA A.P.C.**

/s/ Spencer R. Doody
_____
Scott R. Bickford, T. A. (#1165)
Spencer R. Doody (#27795)
Neil F. Nazareth (#28969)
338 Lafayette Street
New Orleans, LA 70130
Telephone:   504-581-9065
Facsimile:   504-581-7635
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Deconsolidate has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 8, 2016.

/s/ Spencer R. Doody
SPENCER R. DOODY

G:\Clients\Whittinghill, Clay\PLEADINGS\Motion to Deconsolidate and for permisson to conduct discovery.wpd