UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| Applies to: | JUDGE BARBIER |
| Nos. 12-970 and 12-968 and All Cases | MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

### BRIEF IN SUPPORT OF MOTION FOR CONSIDERATION OF CORRECTIONS TO EXPENSE SUBMISSIONS

Counsel moves this Court for leave to review for payment late-submitted corrections to expense submissions for common benefit work that was authorized in advance by the PSC Executive Committee ("Committee")

### BACKGROUND

Cutter Law, P.C., ("Cutter Law" or "the firm") is counsel for an individual plaintiff in the above-captioned matter. The firm was selected for participation in the Discovery Workgroup Committee ("DWC") and participated in meetings and conference calls with the DWC. The firm attended the DWC meeting in New Orleans on October 11, 2010, and the Common Benefit meeting in New Orleans on February 24, 2011. The firm assigned an attorney to review documents at the Depository as directed by the Committee. The firm assisted in drafting written discovery requests to Defendants BP, Anadarko and MOEX. Declaration of C. Brooks Cutter (Cutter Decl.), at ¶ 2. The work undertaken was pre-approved by the Committee, assigned by the Committee, and was done for the common benefit of all plaintiffs. Cutter Decl. at ¶ 3.

On February 12, 2016, the firm received notification that the FCC required the filing of an affidavit regarding submitted costs in this matter. Cutter Decl. at ¶ 5. The firm immediately attempted to access the website to review time and expenses that had been timely submitted in

1

this matter and make any necessary corrections. The firm was unable to access the website because they could not locate the log-in credentials previously issued to the firm. Cutter Decl. at ¶ 6. The firm Administrator, who had the log-in credentials, went out on maternity leave in late 2015. Cutter Decl. at ¶ 4. Between February 12, 2016 and February 29, 2016, the firm made five requests for new log-in credentials from the website host, CPA Garrett, which were not answered. Cutter Decl. at ¶ 7. Unfortunately, the firm was not able to access the website until the firm Administrator returned from her maternity leave on February 29, 2016. Cutter Decl. at ¶ 8.

Once the firm had access to the website, the firm was able to determine that three of our timely submitted expenses had been denied. One of the submittals was denied because it had already been paid as a shared cost. Two of the denials were due to lack of supporting documents for travel expenses. The travel expenses total $7,534.27. Cutter Decl. at ¶ 9. The firm had and has such supporting documentation, and attempted to upload the documentation when the expense was submitted, but the firm was unaware that the documentation for these travel expenses had not successfully been uploaded. The firm immediately attempted to upload the missing documentation for travel expenses. Due to a limitation of the website, one of the documents would not load, so the firm sent it via email to Mr. Garrett on March 1, 2016, with a request that the firm be allowed to submit the documentation late and noting that the firm had been trying to get access to the website through his office with no success. Cutter Decl. at ¶ 10. He responded that he could not review any submittals after February 15, 2016 without leave to do so from the FCC or the Court. Cutter Decl. at ¶ 11.

On March 10, 2016, the firm requested leave from the FCC for Mr. Garrett to review the firm's late-submitted corrections. The firm received no response from the FCC. Cutter Decl. at ¶ 12. The firm followed up with the FCC on August 5, 2016. On August 5, 2016, the firm received an email response from the FCC indicating the FCC could review and make a recommendation, but the ultimate decision would be up to the court. Cutter Decl. at ¶ 13 The firm learned on October 31, 2016, that any recommendation and review would come only after a

motion to the court for leave to review the late-submitted corrected expense submission. Cutter Decl. at ¶ 14.

## LAW AND ANALYSIS

PTO 59, issued on July 15, 2015, establishes standards and procedures for counsel seeking reimbursement for common benefit fees and costs. The PTO has no provision for review of late-submitted costs. Mr. Garrett and the FCC have recommended requesting leave of court for the expenses to be reviewed for payment.

It is within the discretion of this court to allow the firm's expenses to be reviewed for payment. The late submission of our corrected expense submission was the result of excusable error, as shown above. There is no prejudice to any party to allow these expenses to be reviewed for payment. The firm requests only that the actual expenses incurred by the firm for the common benefit of all plaintiffs be considered for payment.

## CONCLUSION

In light of the foregoing, the firm is requesting that this court, for good cause shown, allow the firm's corrected expenses to be reviewed for payment.


Dated: November 10, 2016                Respectfully Submitted,


                                        /s/C. Brooks Cutter
                                        C. Brooks Cutter (CA SBN 121407)
                                        Cutter Law, P.C.
                                        401 Watt Avenue
                                        Sacramento, CA 95864
                                        Telephone: (916) 290-9400
                                        bcutter@cutterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2016, I electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

>By: /s/C. Brooks Cutter
>C. Brooks Cutter