# Fairness Hearing
# Halliburton and Transocean Settlements

MDL No. 2179, Civil Action Nos. 12-970, 15-4143, 15-4146 and 15-4654

Eastern District of Louisiana, Section J

November 10, 2016

# Settlement Discussions

- During the time that class counsel were negotiating settlement terms with BP, they were also negotiating possible settlements with HESI and were attempting to have a dialog with Transocean.
- Subsequent to the settlement with BP, class counsel continued its discussions with HESI and Transocean.
- Discussions focused on the resolution of the claims of both the Old Class and the New Class.
- On September 2, 2014, HESI and class counsel filed a proposed settlement agreement.

# Settlement Discussions

- On September 9, 2014, this Court issued its Phase One findings.

- The Court held that the conduct of HESI and Transocean did not rise to the level of gross negligence, recklessness, or other egregious conduct.

- As a result of those determinations, the Court concluded that no punitive damages against HESI and Transocean were justified.

- The Court likewise concluded that the release and indemnity agreements between and among HESI, Transocean and BP (now the Old Class) were valid and enforceable.

*In re Deepwater Horizon,* 21 F.Supp.3d 657 (E.D.La. 2014).

# Settlement Discussions

- While it was possible that class counsel could convince the Fifth Circuit that the District Court's decision was manifestly erroneous, the Phase One findings cast serious doubt on the validity (and value) of claims held by New Class members and the Old Class against both HESI and Transocean.

- After further discussions, a settlement with the Transocean Defendants was filed into the record on May 29, 2015.

- Negotiations with both HESI and Transocean were done under supervision of Magistrate Judge Sally Shushan.

# Settlement Agreements

- The HESI and Transocean settlements are intended to resolve two categories of claims:

    (1) the Old Class's claims (assigned by BP), and

    (2) Punitive Damage claims of the New Class

- HESI and Transocean will fund $1,241,887,000 for the classes.

- The total funds were allocated between the two classes by Magistrate Judge Wilkinson, who served as the Court-appointed Allocation Neutral pursuant to the agreements.

Rec. Doc. 15652. (*See also* Rec. Doc. 21573)

# Administration

- A Claims Administrator, Michael Juneau, was appointed by the Court to develop a Distribution Model for the New Class claims, and to subsequently administer the New Class settlement.

- The DHEPDS Class Claims Administrator, Pat Juneau, will distribute the assigned portion of the fund to the members of the Old Class.

- HESI and Transocean also agreed to, subject to Court approval, pay up to an additional $124.95 million in class counsel common benefit costs and fees.

Rec. Docs. 14644-1 and 15322-1.

# Judge Wilkinson's Allocation

- Judge Wilkinson undertook to establish a reasonable allocation between the Old Class and the New Class.

- Judge Wilkinson solicited and received input from counsel, class members, and other interested parties.

- (Neither Co-Liason/Co-Lead Class Counsel, the PSC, nor any Class Counsel advocated for any particular allocation, to avoid any perceived conflict.)

- After carefully considering the facts and circumstances, Judge Wilkinson determined that a proper allocation would be <u>72.8% to the New Class</u> ($903,638,743.58) and <u>27.2% to the Old Class</u> ($338,247,923.42).

Rec. Doc. 15652. (*See also* Rec. Doc. 21573)

# Preliminary Approval

- On April 12, 2016, the Court entered an order granting preliminary approval of the settlements.
- The Court determined that Judge Wilkinson appropriately performed his assigned function as the Allocation Neutral, and agreed with Judge Wilkinson's allocation.
- The Court conditionally certified the New Class.
- The Court preliminarily determined that the settlement terms were fair, reasonable and adequate.
- The Court approved of the Notice Plan, and established a schedule with the opportunity to Opt Out or file any objections.

Rec. Doc. 16183.

# New Class Distribution Model

- On June 13, 2016, New Class Claims Administrator, Michael J. Juneau, submitted his proposed Distribution Model for the portion of the combined settlements allocated to the New Class.
- Looked to *Robins Dry Dock* and its progeny.
- Solicited and received input from New Class members and their counsel.
- The Distribution Model benefits from the prior infrastructure, knowledge, experience, and determinations from the DHEPDS Settlement with BP.

Rec. Doc. 18797.  (*See also* Rec. Doc. 21778)

# New Class Distribution Model

- **Administrator's prioritization of claims and general allocation of funds:**
  - **Real Property claims: 80%**
  - **Personal Property claims: 0.6%**
  - **Commercial Fishermen claims: 17.8%**
  - **Charterboat claims: 0.2%**
  - **Subsistence claims: 1.4%.**

- **Subject to reallocation by as much as 3%.**

- **Each claim category's eligible funds generally divided based on compensation determinations in the DHEPDS Settlement Program.**

- **Loss of subsistence claims divided equally.**

Rec. Doc. 18797.  (*See also* Rec. Doc. 21778)

# Old Class (DHEPDS) Administrator Plan for Distribution of Assigned Funds

- *Pro Rata* based on amounts paid under the BP Economic and Property Damages Settlement.

- Subject to a cap of $150,000 per claim.

- Subject to a minimum payment of $100 per eligible claim.

Rec. Doc. 18796.

# Class Certification

"The class certification issues raised by the New Class are less complicated and difficult than those in the previously certified Old Class.

"First, whereas the certified Old Class claims in the BP settlement involved a host of compensatory and punitive damages claims, the claims of the New Class are much more focused, as they address solely the question of punitive damages under *Robins Dry Dock* and its progeny.

Declaration of Robert Klonoff (Aug. 5, 2016) [Rec. Doc. 21423-1] ¶49.

# Class Certification

"Second, instead of being forced to predict how a classwide trial would unfold, as was necessary in the BP settlement (and most other class settlements), this Court now has the benefit of the Phase One and Phase Two proceedings, which show that the case can be effectively and efficiently adjudicated on a classwide basis.

"Thus, in light of the opinions of this Court and the Fifth Circuit approving certification of the BP settlement class, it follows *a fortiori* that class certification is proper here."

Declaration of Robert Klonoff (Aug. 5, 2016) [Rec. Doc. 21423-1] ¶49.

# Settlement Fairness Approval

"…an appeal by the Old and New Classes would be a long shot at best. This Court—after years of effectively overseeing this litigation, and after conducting extensive trial proceedings—has issued detailed and well-reasoned Findings and Conclusions. It would be an uphill battle, to say the least, for class members to convince the Fifth Circuit to undo this Court's pertinent Phase One factual or legal rulings."

Declaration of Robert Klonoff (Aug. 5, 2016) [Rec. Doc. 21423-1] ¶112.

# Settlement Fairness Approval

"In the highly unlikely event that class members could successfully challenge this Court's fact finding regarding HESI's and Transocean's lack of recklessness, class members would also have to establish that the recklessness of HESI and Transocean employees could be attributed to the corporate entities.

"And they would have to defend the Court's conclusion—attacked by HESI and Transocean—that general maritime punitive damages are not displaced by the Oil Pollution Act."

Declaration of Robert Klonoff (Aug. 5, 2016) [Rec. Doc. 21423-1] ¶113.

# Settlement Fairness Approval

"At bottom, class counsel negotiated extremely valuable and impressive settlements….

"It is, under the circumstances, nothing short of remarkable that class counsel were able to negotiate settlements worth well in excess of a billion dollars."

Declaration of Robert Klonoff (Aug. 5, 2016) [Rec. Doc. 21423-1] ¶114.

# Low Number of Opt Outs and Objections

- Over 100,000 New Class members
- Only 30 total final Opt-Out Requests

   (less than 0.03%)

- Only 9 Objections filed
    - *   One "Objection" Was Really a Request for Clarification
    - *   Unclear whether some Objectors are either New Class or even Old Class Members
    - *   One of the "Objections" is a Motion to Intervene by Fishermen who Are *Not* in the Settlement, But Want In

*See generally* Class Reply Brief [Rec. Doc. 21785]
(*see also* Rec. Doc. 21888-1 (final opt-out number))

# No Objections to the Actual Settlements

- No Objection to Certification for Settlement Purposes under Rule 23

- No Objection to the Fairness, Reasonableness or Adequacy of the Settlements

- No Objection to the Allocation

- No Objection to the Class Notice

- No Objection to the Request for Attorneys' Fees

*See* Rec. Docs. 21604, 21716, 21719, 21723, 21740, 21741, 21745 and 21752 (objections)
(*see also* Rec. Docs. 21423-3 and 21858-1 (verifying effectuation of notice plan))

# Objections only to Distribution Model

- Is Fair and Reasonable
- Was Developed by an Impartial and Disinterested Neutral
  - approved in *Deepwater Horizon II* from a class / adequacy standpoint
  - with open input from the New Class members
  - and with a considerable amount of knowledge and experience from BP Settlement Program
- Based Largely upon Frameworks Approved in *Deepwater Horizon II*
- Is Itself Subject to Final Approval by this Honorable Court, and May Be Modified in the Event of Any Perceived Deficiency
- Affords each New Class Member with the Right of an Administrative Appeal in the Event of Any Claim-Specific Perceived Unfairness or Anomaly

*See generally* Class Reply Brief  [Rec. Doc. 21785] at p.2.

Stephen J. Herman and James Parkerson Roy
Co-Lead Settlement Class Counsel
(504) 581-4892 and (337) 233-3033
sherman@hhklawfirm.com and jimr@wrightroy.com