UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENT RELATES ONLY TO:<br>Civil Action Nos. 10-2771; 10-8888<br>10-9999 & 14-1525 | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Waltzer, Wiygul & Garside, LLC's Motion for Leave to File Under Seal an Unredacted Declaration, Record Doc. No. 21923

O R D E R E D:

 XXX : DENIED. Intervenor seeks to file under seal an unredacted declaration and certain exhibits attached to the declaration, all of which have been submitted in support of its motion for an award of attorneys fees, on two grounds: (1) the settlement discussions and negotiations described in the redactions are subject to the court's prior confidentiality orders, Record Doc. Nos. 21852 and 15718; and (2) they reflect "communications between representatives of the Edward Wisner Donation and its attorneys." Record Doc. No. 21923 at p. 1.

By seeking to recover attorneys fees for the actions and communications reflected in the materials intervenor seeks to seal and bringing their dispute in this court, both plaintiffs and the intervenor have squarely placed at issue the matters they now seek to seal in this court's presumptively public record. At-issue waiver of confidentiality occurs when a party places such matters "at issue," meaning that the waiving party presents a claim or defense "in such a way that he will be forced inevitably to draw upon a privileged communication . . . in order to prevail." As to the attorney-client privilege, see Dixie Mill Supply Co. v. Continental Cas. Co., 168 F.R.D. 554, 555-56 (E.D. La. 1996) (quoting Smith v. Kavanaugh, Pierson & Talley, 513 So. 2d 1138, 1145 (La. 1987)) (emphasis added); accord Trestman v. Axis Surplus Ins. Co., No. 06-11400, 2008 WL 1930540, at *3-4 (E.D. La. Apr. 29, 2008) (citing Dixie Mill, 168 F.R.D. at 556; Smith, 513 So. 2d at 1145; Merhige v. Gubbles, 657 So. 2d 1098, 1101 (La. App. 4th Cir. 2005); Stumpf v. Stumpf, 613 So. 2d 683, 685 (La. App. 5th Cir. 1993)); Williams Land

Co., LLC v. BellSouth Telecomms., Inc., No. 02-1628, 2005 WL 940564, at *2 (E.D. La. Apr. 14, 2005). By submitting these materials in support of its claim for attorneys fees, I find that the attorney-client privilege has been waived and that good cause to maintain the court's protective order concerning the particular matters reflected in the redactions no longer exists. Accordingly, the subject materials will not be filed under seal.

As provided in Local Rule 5.6(D), when a motion to seal is denied "the movant may file another motion to remove the documents from the record within seven days. If no such motion is timely filed, the documents must be filed as a public record." If intervenor opts to remove the documents from the record, they will not be considered in support of its motion for attorneys fees. If intervenor seeks to have these materials considered in support of its request for attorneys fees, unredacted versions must be filed in the public record.

The Clerk is directed to file this order in the records of the cases referenced above, in addition to the MDL record.

New Orleans, Louisiana, this ___30th___ day of November, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**