# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **Of Mexico, on April 20, 2010** | * | **SECTION J** |
| | * | |
| **This Filing Applies to:** | * | **JUDGE BARBIER** |
| **Case No. 12-970 and** | * | |
| **Claimant ID 100291578 and** | * | |
| **Claim Nos. 431718, 431719, 431720** | * | **MAGISTRATE JUDGE** |
| **431721, 431722 and 431723** | * | **WILKINSON** |

## REQUEST FOR DISCRETIONARY REVIEW

Pursuant to the explicit instructions of the Deepwater Horizon Economic Claims Center ("DHECC") a/k/a the Court Supervised Settlement Program (CSSP), Claimant No. 100291578 hereby files this request for discretionary review to the Court.[1] Pursuant to the Rule Governing Requests for Discretionary Review, this request is timely filed.[2]

Claimant seeks discretionary review for its Wetlands Real Property ("WRP") claims with IDs: 431718, 431719, 431720, 431721, 431722 and 431723. Claimant seeks an order from this Court directing the DHECC/CSSP to provide for the rights of review (e.g., Re-Review, Reconsideration, and/or Appeal) guaranteed by the Settlement Agreement at Section 6, but which the DHECC/CSSP has denied to the Claimant. As detailed below, the DHECC/CSSP has simply deemed these Claims "closed" and has refused to provide any right of review. The DHECC/CSSP directed Claimant to instead file this Request for Discretionary Review.

Claimant originally filed a single claim (Claim ID 311910) for a single parcel on June 20,

---

[1] See, November 16, 2016 DHECC/CSSP email to Claimant's attorney, directing Claimant to file a request for discretionary review, attached hereto as Exhibit A.
[2] Fourteen days from November 16 is today, November 30, 2016.

2014.[3] On July 8, 2016,[4] the DHECC/CSSP issued an Eligibility Notice for Claim 311910.[5] This Notice showed that the DHECC/CSSP had split-up the Claimant's parcel, apparently by quarter- or half-Sections in any given Township and Range, into artificial "sub-parcels" pursuant to Policy 443, even though there is only one parcel.[6] This Eligibility Notice dealt only with one of these "sub-parcels," now referred to simply as Claim 311910, which has since been approved and paid.

On July 9, 2016, Claimant's undersigned counsel inquired of the DHECC/CSSP regarding the remainder of Claimants parcel. On July 11, 2016, the DHECC/CSSP responded:[7]

> St. Bernard Parish Tax Assessment 739900010850 contains nine additional eligible lots under the terms of Policy 443.  We have granted the firm relation back privileges to submit additional claims.  Please note that you will have 30 days to submit 9 additional Wetlands Real Property Claim Forms for the following lots associated with St Bernard Tax Assessment 739900010850:
> 1.    Section 22 T11S R19E
> 2.    Section 27 T11S R19E
> 3.    N/2 Section 34 T11S R19E
> 4.    S/2 of NW/4 Section 23 T11S R19E
> 5.    SW/4 Section 23 T11S R19E
> 6.    W/2 of NE/4 Section 26 T11S R19E
> 7.    W/2 Section 26 T11S R19E
> 8.    W/2 of NE/4 Section 35 T11S R19E
> 9.    NW/4 Section 35 T11S R19E
> If you submit more claims than those outlined above, we will close them as untimely.

Upon review, Claimant determined that there were six additional "sub-parcels" that are also contained in the original parcel/deed/title, but which were not included in the first Eligibility Notice or in the DHECC/CSSP's new list of "nine additional eligible lots" that were granted "relation back privileges." The DHECC/CSSP did not identify these other six "sub-parcels," nor

---

[3] Attached hereto as Exhibit B.
[4] More than a full year after the deadline for filing new claims.
[5] Attached hereto as Exhibit C.
[6] *Id.*, showing that Claim ID 311910 was narrowed to include only the South 1/2 of Section 15 in Township 11 South, Range 19 East.
[7] DHECC/CSSP email to Claimant's counsel, dated July 11, 2016, attached hereto as Exhibit D.

offer any basis for distinguishing between them and the nine "sub-parcels" that were granted relation back privileges. As such, Claimant followed the DHECC/CSSP's instructions to file new claim forms for these nine "sub-parcels," but also filed claim forms for the six other "sub-parcels" that had been left out for no apparent reason. On July 26, 2016, the DHECC/CSSP responded by email, stating that:[8]

> The reviewer noted that you submitted 6 more claims today for this claimant, which I have listed below.

| Claim ID | Tax Assessment ID from Claim Form | Other Description on Claim Form |
|---|---|---|
| 431718 | 739900010850 | All land in Section 28, T11S, R19E, comprising 640 acres. |
| 431719 | 739900010850 | All land in North 1/2 of Section 33, T11S, R19E, comprising 320 acres. |
| 431720 | 739900010850 | All land in East 1/2 of Section 21, T11S, R19E, comprising 320 acres. |
| 431721 | 739900010850 | All land in South-West 1/4 of Section 21, T11S, R19E, comprising 160 acres. |
| 431722 | 739900010850 | All land in East 1/2 of North-West 1/4 of Section 21, T11S, R19E, comprising 80 acres. |
| 431723 | 739900010850 | All land in South 1/2 of North-East 1/4 of Section 15, T11S, R19E, comprising 80 acres. |

> The lots described in the Other Description field were not listed in the original 9 lots granted Relation Back on 7/11/16.  Do you have proof that these Lots should be within the Wetlands Claim Zone?  If you do not have such proof, these are unapproved claims and we must close them as untimely submissions.

The DHECC/CSSP email is significant for multiple reasons. First, the DHECC acknowledges that these six "sub-parcels" are also part of the same Tax Assessment ID, *i.e.*, the same original parcel as submitted in Claim 311910. Accordingly, with respect to the information supplied and the timeliness thereof, these Claims are indistinguishable from the original parcel and the nine additional "sub-parcels." Second, the DHECC acknowledges the *possibility* that

---

[8] See, July 29, 2016 DHECC/CSSP email to Claimant's counsel, attached hereto as Exhibit E.

these six other "sub-parcels" should perhaps be included within the Claim Zone. But third, the DHECC explicitly – but erroneously – substituted the issue of inclusion in the Claim Zone for the separate issue of timeliness of the claim. Thus, what has instead happened is that the DHECC/CSSP has refused to grant relation back privileges *only because* it has determined that these other six "sub-parcels" are outside the Claim Zone.

This is especially troubling because it is clear that the issue is not timeliness, but rather the location of these "sub-parcels." The DHECC/CSSP's implicit determination – that the six "sub-parcels" are located outside the Claim Zone – is what Claimant wishes to challenge. Not the timeliness of the filing.  As such, Claimant should be allowed the same opportunity to contest this finding as would any other claimant for any other claim.

True to its word, the DHECC/CSSP closed these Claims over Claimant's objections on August 1, 2016.[9] After substantial back-and-forth, the DHECC notified Claimant by email dated November 16, 2016, of its position that the Claimant would not be afforded any rights of review, and directed Claimant to instead file this Request for Discretionary Review.[10]

In conclusion, the Claimant is entitled under the Settlement Agreement to at least receive an Eligibility Denial for these Claims and to thereafter challenge same via Re-Review, Reconsideration, and/or Appeal. But instead, the DHECC/CSSP simply closed the claims, thereby precluding Claimant from seeking any of the rights of review guaranteed by the Settlement Agreement. Claimant submits that the DHECC/CSSP's action are unauthorized by and are in fact contrary to the Settlement Agreement (specifically Section 6). If left unaddressed, Claimant will be deprived of his due process rights under the law generally and under the Settlement Agreement specifically.

---

[9] See Closure Notices, attached hereto as *in globo* Exhibit F.
[10] See Exhibit A.

Accordingly, Claimant respectfully requests that this Court remand these Claims back to the DHECC/CSSP with instructions to re-open them and process them according to the rules laid out in the Settlement Agreement. In the event the DHECC/CSSP does in fact deny these claims on the basis that the "sub-parcels" are not within the Claim Zone, then the Claimant should have the opportunity to seek Re-Review, Reconsideration, and/or Appeal of same.

Respectfully submitted,

**MEADE LAW LLC**

*/s/John Alden Meade*
**JOHN ALDEN MEADE #29975**
909 Poydras Street, Suite 1600
New Orleans, LA 70112
(504) 799-3102
(504) 717-2846
jameade@meadelawllc.com
*Counsel for Claimant 100291578*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2016, a copy of the foregoing was filed electronically with the Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and will be served on All Counsel, and that the foregoing was also filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

*/s/John Alden Meade*
**JOHN ALDEN MEADE**