

John Meade <jameade@meadelawllc.com>

## RE: DHECC/CSSP Closure of untimely claims

**Nikeita Ashe** <nashe@dhecc.com>  　　　　　　　　　　　　　　　Wed, Nov 16, 2016 at 1:42 PM
To: John Meade <jameade@meadelawllc.com>

Hi John,

You may file a motion with Judge Barbier in New Orleans U.S. District seeking leave to submit a late Claim Form. Please let me know if you have any additional questions or concerns.

Kindest regards,
Nikeita

**From:** John Meade [mailto:jameade@meadelawllc.com]
**Sent:** Wednesday, November 16, 2016 11:01 AM
**To:** Nikeita Ashe
**Subject:** Re: DHECC/CSSP Closure of untimely claims

Hello Nikeita,

I have received Eligibility Notices for the other sub-parcels for wetlands Claimant 100291578, so there appears to now be a clock running now on my request regarding the "closed claims". You were looking in to how the determination was made to split the parcel up. Also, you have stated that I can NOT seek Re-Review or Reconsideration, or even an appeal, but can only seek Discretionary Review. Yet there appears to still be no procedure for doing so, at least not on the portal. Can you please inform me regarding the proper procedure and timeline?

Thank you for your continued assistance,

John Alden Meade

Meade Law LLC

909 Poydras St., Suite 1600

jameade@meadelawllc.com

Ph: 504-799-3102

Fx: 504-717-2846

On Wed, Nov 9, 2016 at 2:02 PM, Nikeita Ashe <nashe@dhecc.com> wrote:

John,

I am following up with the review team.

Thanks,

Nikeita

**From:** John Meade [mailto:jameade@meadelawllc.com]
**Sent:** Tuesday, November 08, 2016 1:39 PM
**To:** Nikeita Ashe
**Subject:** Re: DHECC/CSSP Closure of untimely claims

Thank you for the information Nikeita. But this is very disappointing. As you know, there continues to be only one parcel, and there was no way, even with the publication of those policies, for the Claimant to anticipate that the CA would break up the parcel. The CA has still not even disclosed the basis upon which it chose to break up the parcel. That is what I want to challenge; not the timeliness. Also, that was a decision made by the CA well AFTER the expiration of the filing deadline.

Can I at least request that the CA provide the basis for splitting up the parcel? And I don't mean just referring me to those policies. I mean, how did they come up with the dividing lines?

Yours truly,

John Alden Meade

Meade Law LLC

909 Poydras St., Suite 1600

jameade@meadelawllc.com

Ph: 504-799-3102

Fx: 504-717-2846

On Tue, Nov 8, 2016 at 9:01 AM, Nikeita Ashe <nashe@dhecc.com> wrote:

John,

The CAO confirmed that we will not permit you to appeal the Untimely Filed Claim Closure Notices. If you disagree with this decision, you may seek redress with the Court. Please be reminded that Policies 443 and 502 were announced and publicly available before the 6/8/15 Filing Deadline. Claimants were entitled to submit claims in accordance with those Policies before the Filing Deadline. In our discretion, the Settlement Program has granted you a limited opportunity to submit additional claims pursuant to those Policies. We allowed you to submit claims for those lots we knew to be within the Wetlands Claim Zone, which is in keeping with Policy 502 that discusses the submission of claims for Eligible Parcels.

Kindest regards,

Nikeita

**From:** Nikeita Ashe
**Sent:** Thursday, October 20, 2016 3:25 PM
**To:** John Meade
**Subject:** RE: DHECC/CSSP Closure of untimely claims

John,

We are still awaiting confirmation. I have followed up with the appropriate parties on your behalf.

Thanks,

Nikeita

**From:** John Meade [mailto:jameade@meadelawllc.com]
**Sent:** Thursday, October 20, 2016 2:37 PM
**To:** Nikeita Ashe
**Subject:** Re: DHECC/CSSP Closure of untimely claims

Hello again Nikeita,

As to Claimant 100291578, is there any update on how I supposed to be able to challenge the closed claims?

And/or is there any update on the parts of the claim that were allowed to go forward?

Thanks very much for your continued assistance,


John Alden Meade

Meade Law LLC

909 Poydras St., Suite 1600

jameade@meadelawllc.com

Ph: 504-799-3102

Fx: 504-717-2846


On Tue, Aug 23, 2016 at 12:11 PM, Nikeita Ashe <nashe@dhecc.com> wrote:

John,


I have followed up on this matter to see if we have received any guidance from the CAO.


Thanks,
Nikeita

**From:** John Meade [mailto:jameade@meadelawllc.com]
**Sent:** Monday, August 22, 2016 8:29 PM
**To:** Nikeita Ashe
**Subject:** RE: DHECC/CSSP Closure of untimely claims

Hello Nikeita, any update here? Either as to the ultimate question, or as to the delay periods running? I will seek discretionary review if and when necessary, but the DHECC has not yet said whether its determination is final and/or if there will be any internal appeal process.

Thanks,

John Alden Meade
Meade Law LLC
909 Poydras St., Suite 1600
New Orleans, LA  70112
T: (504) 799-3102
F: (504) 717-2846
jameade@meadelawllc.com


On Aug 15, 2016 8:01 AM, "John Meade" <jameade@meadelawllc.com> wrote:

Thank you Nikeita. A helpful way to think about it is that the only difference between these claims and the other ones that you all approved is their supposed eligibility / location in the claim zone, and NOT their timeliness. So it doesn't make sense to say that I can't challenge their eligibility determination, when that's what really happened here.

In the meantime, do I have a stay of any periods running?

Thanks again,

John Alden Meade
Meade Law LLC
909 Poydras St., Suite 1600
New Orleans, LA  70112
T: (504) 799-3102
F: (504) 717-2846
jameade@meadelawllc.com


On Aug 15, 2016 06:47, "Nikeita Ashe" <nashe@dhecc.com> wrote:

John,


We are currently discussing this matter with the Claims Administrator. I will follow up with you as soon as I receive confirmation.


Kindest regards,

Nikeita


**From:** John Meade [mailto:jameade@meadelawllc.com]
**Sent:** Saturday, August 13, 2016 5:11 AM
**To:** Nikeita Ashe
**Subject:** Re: DHECC/CSSP Closure of untimely claims

Nikeita - please get back to me on this point. This is very significant if the DHECC/CSSP is going to deny a Claimant the right to request reconsideration and also the right appeal. These rights are guaranteed by the Settlement Agreement, section 6.


Yours truly,



John Alden Meade

Meade Law LLC

909 Poydras St., Suite 1600

jameade@meadelawllc.com

Ph: 504-799-3102

Fx: 504-717-2846


On Fri, Aug 12, 2016 at 11:17 AM, John Meade <jameade@meadelawllc.com> wrote:

You have to provide some form of appellate review. The DHECC/CSSP does not exist in a legal vacuum. I had a timely filed claim, of which you now say certain parts are ineligible. I must be provided a right to challenge that determination, as I would have with any other such determination, and as also guaranteed by the settlement agreement. Please provide instructions on how to do so. Simply saying there is no appeal is unacceptable.

John Alden Meade  
Meade Law LLC  
909 Poydras St., Suite 1600  
New Orleans, LA  70112  
T: (504) 799-3102  
F: (504) 717-2846  
jameade@meadelawllc.com


On Aug 12, 2016 10:43 AM, "Nikeita Ashe" <nashe@dhecc.com> wrote:

Hi John,


I have attached my correspondence regarding this matter. In order to have those lots considered, the reviewer asked for documentation to support your assertion. The documentation that you had previously submitted was not sufficient and the Settlement Program determined that the 6 lots you submitted were not approved. The Untimely Closure Notice does not give you an option to appeal. Please let me know if you have any additional questions or concerns.


Kindest regards,

Nikeita



**From:** John Meade [mailto:jameade@meadelawllc.com]  
**Sent:** Friday, August 12, 2016 10:54 AM  
**To:** Nikeita Ashe  
**Subject:** DHECC/CSSP Closure of untimely claims

Hello Nikeita,

I also need instructions for how to appeal the closure (as untimely) of the claims I submitted for the sub-parcels of Bayou Johnson Oyster Company (Claimant 100291578). As you know, the Claimant timely filed a single claim, for its whole parcel. The DHECC subsequently subdivided this parcel into sub-parcels, well after the claim filing deadline. It then made a determination that certain sub-parcels were within the claim zone, while others were not. With respect to the former, the DHECC allowed a relation back filing; as to the former, it simply closed the file.

The claimant should be allowed an opportunity to challenge the determination that these sub-parcels are outside of the claim zone, and has NEVER yet had the opportunity to do so. This opportunity to challenge the DHECC's determination regarding eligibility is guaranteed by the settlement agreement. Therefore I need to be advised what the process is.

Thank you for your assistance.

John Alden Meade

Meade Law LLC

909 Poydras St., Suite 1600

jameade@meadelawllc.com

Ph: 504-799-3102

Fx: 504-717-2846

---------- Forwarded message ----------
From: Nikeita Ashe <nashe@dhecc.com>
To: John Meade <jameade@meadelawllc.com>
Cc:
Date: Wed, 27 Jul 2016 15:11:17 +0000
Subject: RE: BP Wetlands Claim

John,

Please see Claims Administrator's Policies 443 and 502. These policies state that if a Tax Assessment contains multiple tracts of land aggregated under a single tax assessment, then the claims administrator must independently review each separately described lot.

The Settlement Program determined that St Bernard Tax Assessment 739900010850 falls under Policies 443 and 502 and reviewed them accordingly.  The Settlement Program already determined that the 6 lots you submitted were not approved and are outside the Claim Zone.  The map you attached is not sufficient to add these 6 lots to the Claim Zone.

I have provided the link to view the policies below for your convenience.

https://www2.deepwaterhorizoneconomicsettlement.com/un-secure/pkpolicysearch.aspx