UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENT RELATES ONLY TO:<br>Civil Action No. 12-970 | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

### ORDER AND REASONS ON MOTION

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to the Motion to Compel Responses to Post-Judgment Interrogatories, Record Doc. No. 21879, filed by Claims Administrator Patrick Juneau on behalf of the Deepwater Horizon Economic Claims Center (the "DHECC"), submitted for decision on November 30, 2016 without oral argument, has been timely submitted. The DHECC separately filed into the record its post-judgment interrogatories and requests for production of documents. Record Doc. No. 21927.

Accordingly, this motion is deemed to be unopposed. However, it appearing to the court that the motion lacks merit and is deficient in numerous ways, IT IS ORDERED that the motion is DENIED, for the following reasons.

The DHECC seeks to compel its judgment debtors, Barbara J. Stokes, Scott B. Stokes and Vision Design Management, Inc., to respond to its post-judgment

interrogatories and requests for production. Fed. R. Civ. P. 69 provides the following procedure for post-judgment discovery:

> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution– must accord with the procedure of the state where the court is located, but a <u>federal statute governs to the extent it applies</u>.
> (2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person–including the judgment debtor–<u>as provided in these rules or by the procedure of the state</u> where the court is located.

Fed. R. Civ. P. 69(a) (emphasis added).

Under Rule 69(a)(2), the DHECC's post-judgment discovery requests must comply with <u>either</u> the Federal Rules of Civil Procedure <u>or</u> the Louisiana Code of Civil Procedure provisions governing discovery requests. The judgment creditor must <u>choose</u> which set of procedures it intends to use, to the exclusion of the alternative procedures. <u>Seven Arts Pictures, Inc. v. Jonesfilm</u>, 512 F. App'x 419, 427 (5th Cir. 2013); <u>T-M Vacuum Prod., Inc. v. Taisc, Inc.</u>, No. H-07-4108, 2008 WL 5082413, at *1 (S.D. Tex. Nov. 25, 2008) (citing 13 James Williams. Moore et al., <u>Moore's Federal Practice–Civil</u> § 69.04 (2008); <u>British Int'l Ins. Co. v. Seguros La Republica, S.A.</u>, 200 F.R.D. 586, 594 (W.D. Tex. 2000)); <u>British Int'l Ins. Co.</u>, 200 F.R.D. at 593 (citing <u>Fed. Deposit Ins. Corp. v. LeGrand</u>, 43 F.3d 163, 171 (5th Cir. 1995); <u>Natural Gas Pipeline Co. v. Energy Gathering, Inc.</u>, 2 F.3d 1397, 1403 (5th Cir. 1993)). Thus, when "the judgment creditor has 'clearly indicated its intent to pursue post-judgment discovery in the manner provided by the Federal Rules of Civil

Procedure,' state law does not apply to the . . . discovery request." Liberty Mut. Ins. Co. v. Lewis, No. DR-12-CV-12-AM, 2012 WL 12888341, at *2 (W.D. Tex. Dec. 18, 2012) (quoting LeGrand, 43 F.3d at 171).  If the judgment creditor clearly indicated its intent to pursue post-judgment discovery in the manner provided by state law, the federal discovery procedures would not apply.

The DHECC in the instant motion attempts to invoke both Louisiana and federal discovery procedures.  The DHECC argues that it served its discovery requests pursuant to both the Federal Rules of Civil Procedure and the Louisiana Code of Civil Procedure, that the judgment debtors' answers to the requests were due within 30 days of service under both sets of rules, and that both sets allow the DHECC to bring a motion to compel when the answering party fails to respond.  The DHECC's discovery requests to Barbara J. Stokes and Scott B. Stokes do not state which set of procedural rules governs their issuance.  However, the DHECC's discovery requests to Vision Design Management, Inc. (of which the Stokeses are the only members, Order & Reasons, Record Doc. No. 15744 at p. 2) state in paragraph 20 of their definitions and paragraph 8 of their instructions that they are propounded pursuant to the Louisiana Code of Civil Procedure.  Record Doc. No. 21927 at pp. 44, 45.  Accordingly, the court finds that the DHECC has chosen to proceed with discovery under state law.

However, a motion to compel is not discovery under Rule 69(a)(2).  The DHECC's motion to compel filed in this court must comply with the applicable Federal Rules of Civil

3

Procedure and Local Rules, not with Louisiana's procedural rules. S. U.S. Trade Ass'n v. Guddh, 565 F. App'x 280, 284 (5th Cir. 2014) (citing DP Solutions, Inc. v. Rollins, Inc., 353 F.3d 421, 427 (5th Cir. 2003)); Hubbard v. Gen. Motors Corp., 8 F.3d 21, 1993 WL 455881, at *1 (5th Cir. 1993) (citing Hanna v. Plumer, 380 U.S. 460 (1965); Nunez v. Superior Oil Co., 572 F.2d 1119 (5th Cir. 1978)); Am. Cas. Co. v. United S. Bank, 950 F.2d 250, 252 (5th Cir. 1992). These federal rules have the force and effect of federal statutes under Rule 69(a)(1). Ford v. Bender, 903 F. Supp. 2d 90, 105 (D. Mass. 2012), rev'd on other grounds, 768 F.3d 15 (1st Cir. 2014); Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc., 40 F. Supp. 2d 1141, 1143 (C.D. Cal. 1999) (citing Ofc. Depot Inc. v. Zuccarini, 596 F.3d 696, 701 (9th Cir. 2010) (citing Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17, 19 (2d Cir. 1995); Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir. 1993); Okla. Radio Assocs. v. Fed. Deposit Ins. Corp., 969 F.2d 940, 942 (10th Cir. 1992); Elias Bros. Restaurants, Inc. v. Acorn Enters., Inc., 931 F. Supp. 930, 938 (D. Mass. 1996)).

The motion is denied first because it does not contain the required "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure of discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Even if Louisiana procedural law applied to the motion to compel, which it does not, the result would be the same. Rule 10.1 of the Rules for Civil Proceedings in District Courts adopted by the Louisiana Supreme Court similarly

requires that, before filing any motion to compel discovery, the moving party must attach to the motion a certificate that it conferred "in person or by telephone with the opposing party or counsel for the purpose of amicably resolving the discovery dispute," but that "despite their best efforts, the parties or counsel were unable to resolve the matters presented." Rule 10.1, Rules for Civil Proceedings in District Courts, http://www.lasc.org/rules/dist.ct/TitleII.asp (visited Nov. 30, 2016).

Second, the motion's certificate of service states that it was served via the court's electronic filing system on "counsel" for the judgment debtors. However, according to the docket record of Civil Action No. 12-970, Barbara and Scott Stokes, as the only members and representatives of Vision Design Management, Inc., are proceeding in this matter pro se. See also Order & Reasons, Record Doc. No. 15744 at p. 3 n.4 ("The day before the DHECC filed this motion [for return of payments made to Vision Design Management], Vision Design's former counsel agreed to repay the $558,656.68 and withdrew from further representation."). Electronic filing and service in this court are only available to attorneys. United States District Court for the Eastern District of Louisiana, Administrative Procedures for Electronic Case Filings and Unique Procedures and Practices for Electronic Filings, Rule 2. Therefore, the judgment debtors cannot be, and undoubtedly were not, served electronically.

Third, the purported "interrogatories" and requests for production propounded by the DHECC to all three judgment debtors contain no certificate of service. The court has no assurance that the judgment debtors ever received the discovery requests.

For the preceding three reasons, the motion must be denied. However, the court notes that, even if it could be assured that the judgment debtors were properly served with the discovery requests and the motion, the motion would be denied for the following additional reasons. The interrogatories and requests for production misleadingly appear to state that they are issued by this court, rather than by a party. The purported "interrogatories" propounded to Barbara J. and Scott B. Stokes are not in the form of interrogatories, but consist of an extremely lengthy form questionnaire that includes 62 numbered questions, not including subparts. These questions far exceed the limit of 35 interrogatories, including subparts, allowed to be propounded under Louisiana Code of Civil Procedure 1457 without first seeking leave of court to propound more than 35 interrogatories.

The motion having been denied in all respects, the DHECC's request for an award of attorney's fees and costs is also denied. Fed. R. Civ. P. 37(a)(5)(A).

New Orleans, Louisiana, this __30th__ day of November, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE