**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * | **MDL NO. 2179** |
| | | **SECTION J** |
| This document relates to: | * | **Honorable CARL J. BARBIER** |
| No. 12-970, Bon Secour Fisheries, Inc., et al., v. BP Exploration & Production Inc. et al. | * * * * | **Magistrate Judge WILKINSON** |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE CLAIMS MATERIALS UNDER SEAL**

The Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Program ("the Claims Administrator"), by and through its attorneys, hereby respectfully requests leave to file under seal the record of Claimants 100016801 and 100026409 ("the Claimants") in the Court-Supervised Settlement Program for a time period commensurate and consistent with this Court's Confidentiality Orders.

## I.        BACKGROUND

Claimants 100016801 and 100026409 filed with this Court a Motion for Miscellaneous Relief under Rule 60.[1]  The District Court subsequently denied this Motion.[2]  The Claimants filed a Notice of Appeal of the Court's denial.[3]  This appeal is currently pending in the United States Court of Appeals for the Fifth Circuit as No. 16-31091.  On November 21, 2016, the Fifth Circuit directed the parties on appeal to designate those portions of the record relevant to this pending appeal.

---

[1] See Rec. Doc. 19575.
[2] See Rec. Doc. 21657.
[3] See Rec. Doc. 21773.

## II.    DISCUSSION

Claimant materials relied upon by the Deepwater Horizon Court-Supervised Settlement Program ("CSSP") are generally processed through the CSSP itself and contained within Claim Files housed solely within the CSSP and its claims system that is utilized in the administration and implementation of the of the Settlement Agreement (collectively, "Claimant-specific Materials"). For this reason, many of the underlying materials that may be relevant to the appeal are not contained within this Court's docket such that they may be readily designated into the record pursuant to the Fifth Circuit's direction.  As such, and as has been done in prior appeals with a similar procedural posture[4], the Claims Administrator seeks to file the Claimant-specific Materials into the District Court record such that those materials may then be designated by the parties on appeal and utilized by the District Court in assembling the Record on Appeal to be provided to the Fifth Circuit.

However, the documentation submitted in support of claims includes confidential personal and financial information, and is protected from disclosure by prior orders of this Court.  First, this Court's May 22, 2012 Order Regarding Settlement Implementation (which pertained specifically to the Gulf Coast Claims Facility and Transition Process) directed that all "Claims Information" is "deemed 'confidential' under Pre-Trial Order No. 13."[5]  Further, this Court's June 29, 2012 Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement[6] further refines the confidentiality of Claims Information, including that related to the CSSP, stating that "All Claims Information [as defined in Paragraph 2 of the Order] shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court."

---

[4] See, *e.g.*, Rec. Docs. 13961 and 14002.
[5] See Rec. Doc. 6573, Paragraph 4.3.
[6] See Rec. Doc. 6822.

Because the Deepwater Horizon Economic and Property Damages Settlement Agreement ("the Agreement") and its frameworks for eligibility and compensation often require the submission of Claimants' personal and financial information, including social security numbers, Employer Identification Numbers, tax returns, and like information, the protections afforded by the Court's Confidentiality Orders are indispensable in providing Claimants with the comfort and confidence to submit their Claims along with the type of information and documentation required establish eligibility and compensation.  Absent the Court's Confidentiality Orders, Claimants would be reluctant to transmit such information and documentation to the CSSP, thus limiting, if not eliminating in some cases, the Claimants' ability to be compensated under the Agreement. Inclusion of these Claimant-specific Materials in the public District Court docket would not only be inconsistent with this Court's prior Confidentiality Orders but would also expose the Claimants' otherwise personal and private financial information to public review and potentially expose the Claimants to risks of identity theft and fraud.[7]

The Claims Administrator therefore respectfully requests that this Court enter an Order directing the Claims Administrator to file under seal any materials contained in any of the Claimants' Claim Files designated by any party in connection with the Claimants' appeal from this Court's denial of the Motion for Miscellaneous Relief under Rule 60 for a time period commensurate and consistent with this Court's Confidentiality Orders.

### III.      CONCLUSION

For the reasons set forth above, the Claims Administrator respectfully requests that this Court grant its motion and enter an Order directing that it shall file under seal any materials

---

[7] Specifically as to the CSSP, the Fifth Circuit Court of Appeals has recognized that "the documents and records supporting the appeals process for discretionary review of settlement claims will necessarily contain information the district court has designated as confidential" and as such "will open all appeals stemming from the discretionary review of settlement claims under seal" in No. 13-30843.  *See* Rec. Doc. 15348.

contained in any of the Claimants' Claim Files designated by any party in connection with the

Claimants' appeal from this Court's denial of the Motion for Miscellaneous Relief under Rule 60

for a time period commensurate and consistent with this Court's Confidentiality Orders.


December 5, 2016                    Respectfully submitted,


Richard C. Stanley, 8487
Kathryn W. Munson, 35933
STANLEY, REUTER, ROSS, THORNTON &
     ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone:  (504) 523-1580
Facsimile:   (504) 524-0069


J. David Forsyth, 5719
Sessions Fishman Nathan & Israel LLC
201 St. Charles Avenue, Suite 3815
New Orleans, LA 70170
Telephone:  (504) .582.1521
Facsimile: (504) .582.1555
jdf@sessions-law.com

By: */s/ Richard C. Stanley*_____

**Attorneys for Patrick A. Juneau, in his
capacity as Claims Administrator of the
Deepwater Horizon Court Supervised
Settlement Program**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 5th day of December, 2016.

/s/ Richard C. Stanley_____
Richard C. Stanley, 8487