**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | MDL 2179 |
| | * | SECTION: J |
| This Document Relates To: | * | JUDGE BARBIER |
| *All Cases in Pleading Bundle "B1"* | * | MAG. JUDGE WILKINSON |
| | * | |

**ORDER & REASONS**
**["PTO 60 Reconciliation Order," Regarding All Remaining Claims in Pleading Bundle B1]**

## I.     PROCEDURAL HISTORY

In order to facilitate the effective administration of this multidistrict litigation and the prosecution of the coordinated actions herein, the Court established eight separate "pleading bundles" for different categories of cases and claims. (PTO 11, Rec. Doc. 569).  The "B1" Bundle included claims for non-governmental economic loss and property damages by private individuals and businesses, and it was pled pursuant to a "B1" Bundle Master Complaint. (Rec. Doc. 879, *amended* Rec. Doc. 1128).

The Court previously employed the B1 Master Complaint as a procedural device for administrative purposes to facilitate the filing of short-form joinders by plaintiffs.  Plaintiffs were permitted to join in the B1 Master Complaint by filing short-form joinders pursuant to Pretrial Orders 20, 24, and 25. (Rec. Docs. 904, 982, 983).  Individual and business plaintiffs who filed lawsuits that raised non-governmental economic loss and property damages claims were consolidated with these proceedings and were deemed "B1" Plaintiffs, even if they did not also file a short-form joinder. (Rec. Doc. 983 at 2).  On August 26, 2011, the Court issued an order dismissing aspects of the Amended B1 Master Complaint.  (Rec. Doc. 3830).

On December 21, 2012, the Court certified the Economic and Property Damages Settlement Class and granted final approval of the Economic and Property Damages Settlement Agreement ("Economic Settlement") that resolved many of the claims in the B1 bundle. (Order and Reasons, Rec. Doc. 8138; Order and Judgment, Rec. Doc. 8139). Some B1 plaintiffs were excluded from the Settlement Class, and others timely submitted requests to opt out from the class settlement. All B1 claims by members of the Settlement Class are subject to the classwide release of their claims, except for claims expressly reserved under the Settlement Agreement.

Considering that the subject oil spill had occurred more than five years earlier, the Clerk was directed by Order dated September 4, 2015 to docket no further short form joinders in docket number 10-8888. (Rec. Doc. 15321).

Seeing no further administrative or procedural benefit to maintaining the Amended B1 Master Complaint, in Pretrial Order No. 60 ("PTO 60") (Rec. Doc. 16050) the Court dismissed the Amended B1 Master Complaint in its entirety on March 29, 2016, but allowed the remaining B1 plaintiffs who had timely filed a claim in the B1 bundle and who had not released their claims an opportunity to proceed with their B1 claims through compliance with PTO 60, including the timely filing of individual complaints. (*See* PTO 60, at ¶ 6).

To assist the Court in streamlining the remaining claims in the B1 bundle, the Court ordered in PTO 60, as amended on June 3, 2016 (Rec. Doc. 18659), that all plaintiffs who had timely filed a claim in the B1 bundle and who had not released their claims as of the date of PTO 60 were required to file and/or serve certain required submissions by May 2, 2016, later extended to May 16, 2016. (*See* PTO 60, at ¶ 6). Each remaining B1 plaintiff was required by PTO 60 to file and serve a three-page sworn statement ("Sworn Statement") regarding the status of his/her/its claims. (*Id.*) In addition, any B1 plaintiff who had filed only a short form joinder

and/or a "mass joinder" lawsuit (one joined by one or more other plaintiffs) was required to file an individual complaint setting out its B1 claims.  (*Id.*)

Thousands of plaintiffs filed and served submissions in response to PTO 60.  On June 7, 2016, after the deadline for compliance with PTO 60 had passed, the Court issued an Order to Show Cause Regarding Compliance with PTO 60.  ("Show Cause Order," Rec. Doc. 18724). The Show Cause Order identified several thousand plaintiffs that BP in good faith believed made submissions in response to PTO 60 that complied with the requirements of PTO 60. (Show Cause Order Exhibits 1A, 1B).  In addition, the Show Cause Order identified several categories of plaintiffs in the B1 bundle that BP believed, in good faith, were not compliant with PTO 60 and who the Court ordered to show cause in writing on or before June 28, 2016, why their B1 claims should not be dismissed with prejudice for failure to comply with PTO 60. Those plaintiffs subject to the Show Cause Order included: (i) plaintiffs that made some form of submissions in response to PTO 60, but whose submissions BP in good faith believed were materially deficient with the requirements of PTO 60 (Show Cause Order Ex. 2); (ii) plaintiffs who filed only a "mass joinder" complaint in violation of PTO 60 (Show Cause Order Exs. 2 and 3); (iii) plaintiffs who filed claims in the B1 bundle but failed to file any response to PTO 60; and (iv) any other B1 plaintiff not listed on Exhibit 1A or Exhibit 1B to the Show Cause Order. (Show Cause Order, ¶¶ 1-5).

The Court received approximately 148 responses by the June 28, 2016 deadline.  On July 13, 2016, BP filed with the Court an updated list of plaintiffs that BP, based on its review, in good faith believed made PTO 60 submissions that complied with the requirements of PTO 60.[1] (Rec. Docs. 20992-1, 20992-2).  As represented by BP, Exhibit 1A  (listed alphabetically by plaintiff) and Exhibit 1B (listed by case number) included the original list of compliant plaintiffs

---

[1] Compliance with PTO 60 is not a statement that the claim has procedural or substantive merit.

provided by BP and attached to the Show Cause Order, with (a) the addition of those plaintiffs as to which BP indicated it did not have any remaining objection to that plaintiff's compliance with PTO 60 based on that plaintiff's timely show cause filing, and (b) the elimination of those plaintiffs who complied with PTO 60 but had since dismissed their claims against BP and/or had since executed releases of their claims and were in the process of dismissing their claims against BP, as there are no further proceedings between BP and plaintiffs who have released and/or dismissed claims against BP.  BP's July 13th filing also contained Exhibit 2, an updated list of the remainder of those plaintiffs on BP's good faith non-compliant list, who made timely show cause filings but as to whom BP still had an objection to that plaintiff's compliance with PTO 60. (Rec. Doc. 20992-3).

On July 14, 2016, the Court issued its Order Re: Compliance with PTO 60 ("Compliance Order," Rec. Doc. 20996), attached to which were BP's Exhibits 1A, 1B, and 2 from its July 13 filing.  The Compliance Order deemed the plaintiffs listed on Exhibits 1A and 1B as complaint with PTO 60 and subject to further proceedings of the Court.  The Compliance Order further stated that to the extent any of the PTO 60-compliant plaintiffs relied upon a previously-filed complaint that, in addition to individual claims, also contained class allegations, "any embedded class allegations in those complaints are deemed stricken and only the individual Plaintiff claims are compliant with PTO 60 and can continue." (*Id.* at 4-5).  With respect to the plaintiffs listed on Exhibit 2, the Court required BP to file its objections to those plaintiffs' responses by July 21, 2016.  The Compliance Order also permitted any plaintiff listed on Exhibit 2 to file a reply to BP by July 28, 2016.  The Compliance Order stated that "[a]ll remaining Plaintiffs in the B1 bundle, other than those that are either (1) identified in [Exhibits 1A and 1B] or (2) have filed a timely

response to the Show Cause Order as indicated in [Exhibit 2], are deemed noncompliant with PTO 60, and their B1 claims are hereby dismissed with prejudice." (*Id.* at 5) (emphasis omitted).

On July 21, BP filed its objections and responses, as contemplated in the Compliance Order. (Rec. Doc. 21131). As will be discussed below, BP conceded that some plaintiffs who were not on Exhibits 1A or 1B to the Compliance Order should be deemed "compliant" with PTO 60. BP also pointed out that some of those who responded to the Show Cause Order had since voluntarily dismissed their claims against BP, mooting their responses to the Show Cause Order. However, BP maintained its objection to many of those who were on Exhibit 2 to the Compliance Order. The Court received a number of reply briefs and motions from plaintiffs by the July 28, 2016 deadline, plus several other filings after the July 28 deadline. On September 2, 2016, BP filed a notice of non-opposition with respect to some of these plaintiffs and a sur-reply addressing the arguments of others. (Rec. Doc. 21614, 21653).[2]

## II.   DISCUSSION

This discussion is organized into three parts. Part (A) concerns those plaintiffs who were listed on Exhibit 2 to the Compliance Order, but subsequently voluntarily dismissed their claims, mooting the issue of whether these plaintiffs complied with PTO 60. Part (B) discusses plaintiffs that the Court finds to be compliant with PTO 60; their claims are not dismissed. Part (C) covers plaintiffs that the Court finds did not comply with PTO 60; their claims are dismissed.

---

[2] The Court granted leave to BP to file its sur-reply at Rec. Doc. 21652.

**A.** **Plaintiffs Who Have Voluntarily Dismissed Their Claims, Mooting the PTO 60-Compliance Issue**

The plaintiffs in this Part (A) appeared on Exhibit 2 to the July 14, 2016 Compliance Order (Rec. Doc. 20996-1 at 82-89), i.e., the list of plaintiffs who filed a timely response to the Show Cause Order but whose submissions BP believed were materially deficient. However, these plaintiffs subsequently voluntarily dismissed their claims against BP. Accordingly, the issue of whether or not these plaintiffs complied with PTO 60 is moot. Their names will be removed from the list of PTO 60 non-compliant plaintiffs.

| Plaintiff | Civil Action No. | Response to Show Cause | Reply to BP's Objection | Dismissal Rec. Doc. |
|---|---|---|---|---|
| Bayou Carlin Fisheries, Inc.[3] | 12-2665 | -- | -- | 20984 |
| Pearl River Fisheries of Louisiana, LLC | 12-2665 | -- | -- | 20984 |
| In Depth Marine, LLC; | 13-1761 | 18890 | -- | 20563 |
| In Depth Offshore Technologies International, Inc. | 13-1761 | 18890 | -- | 20563 |
| Brian Harrington | 10-3253 13-2282 | 19219 | -- | 20981 |
| Susan H. Hudson | 10-3253 13-2282 | 19219 | -- | 20981 |
| Isaac Anderson | 13-1082 13-976 | 19982 | 21167 | 21166 |
| Hector Ardoin | 13-1082 13-976 | 19982 | 21167 | 21165 |
| Catering to You Bon Carre | 16-6036 | 20484 | -- | 20282 |
| Carol Aueson dba Bay Coast Charters | 16-4720 | 20529 | -- | 19382 |
| Carlos Cantu, Jr. | 16-6087 10-4214 | 20534 | -- | 20677 |
| Nhut Van Le | 13-2038 16-7414 | 20551 21018 | -- | 21078 21139 |
| Charlie Van Vo | 13-2038 16-7411 | 20553 21017 | -- | 21078 21139 |
| Quy Le | 13-2038 | 20554 | -- | 21078 |

---

[3] Bayou Carlin Fisheries, Inc. should not to be confused with Bayou Caddy Fisheries, Inc., which is another plaintiff in Civil Action No. 12-2665. As discussed below, Bayou Caddy Fisheries, Inc. has not dismissed its claims against BP and, furthermore, is deemed compliant with PTO 60. *See* Part (II)(B)(1), *infra*.

|  | 16-7416 | 21019 |  | 21139 |
| Tan Thoi Nguyen | 13-2038 16-7406 | 20555 | -- | 21139 |
| Toarmina's Pizza South, LLC | 13-6008 16-7048 | 20641 | -- | 20829 |
| All Aboard Megabite, LLC | 12-1483 16-3636 | 20519 | -- | 20254 |
| Robert V. Taylor | 13-5370 16-3636 | 20519 | -- | 20254 |
| Thomas A. Juhas[4] | Short      Form Joinder      No. 53672 | 20899 | -- | 19323 |

## B.      Plaintiffs Who Are Deemed Compliant With PTO 60

In addition to the plaintiffs listed on Exhibit 1A and Exhibit 1B to the Compliance Order,

the plaintiffs discussed in this Part (B) are deemed compliant with PTO 60 and their claims are

not dismissed.

1.   <u>Bayou Caddy Fisheries, Inc. (No. 12-2665) (Response to Show Cause Order, Rec. Doc. 18802; Reply to BP, Rec. Doc. 21335)</u>

Bayou Caddy Fisheries, Inc. ("Bayou Caddy") was listed on Exhibit 2 to the Compliance

Order.  (Rec. Doc. 20996).  BP objects to Bayou Caddy being deemed compliant with PTO 60

because Bayou Caddy did not have an individual complaint on file until nearly two months after

the May 16, 2016 deadline to comply with PTO 60.  (BP Obj. at 6, App. 8, Rec. Doc. 21131).

Bayou Caddy responds that it has been a plaintiff in a complaint, No. 12-2665, since November

1, 2012.  Although there were initially two other plaintiffs in that complaint—Bayou Carlin

Fisheries, Inc. ("Bayou Carlin") and Pearl River Fisheries of Louisiana, LLC ("Pearl River")—

those entities opted back into the Economic Settlement shortly after the complaint was filed,

leaving Bayou Caddy as the sole plaintiff.  Bayou Caddy did not formally move to amend its

---

[4] Unlike the other plaintiffs in this table, Thomas A. Juhas was not listed on Exhibit 2 to the Compliance Order. However, BP mentioned Juhas in its objections.  (Rec. Doc. 21131-3, App. 3).  For that reason, the Court makes it clear that Juhas has voluntarily dismissed his claim against BP and, consequently, the Court does not address whether Juhas has complied with PTO 60.

complaint to delete Bayou Carlin and Pearl River until July 8, 2016 (Rec. Doc. 20938), which was granted on July 12, 2016 (Rec. Doc. 20984).[5]   However, Bayou Caddy argues that BP received notice that Bayou Carlin and Pearl River had opted back in to the Economic Settlement and, therefore, BP was aware that Bayou Caddy was the only plaintiff in No. 12-2665.

Having considered the parties' arguments and the record, the Court deems Bayou Caddy as **compliant** with PTO 60.   Bayou Caddy's claims in Civil Action No. 12-2665 are not dismissed.

2. <u>Leoutha Batiste (No. 16-4154) (Response to Show Cause Order, Rec. Doc. 20768)</u>

Leoutha Batiste was listed on Exhibit 2 to the Compliance Order.  (Rec. Doc. 20996).  BP concedes that Leoutha Batiste should be added to the PTO 60 compliant list.  (BP Obj. at 2, App. 2, Rec. Doc. 21131).   In light of this and after reviewing Batiste's filings, the Court deems Leoutha Batiste as **compliant** with PTO 60.  Leoutha Batiste will be added to the list of PTO 60-compliant Plaintiffs.  Leoutha Batiste's claims in No. 16-4154 are not dismissed.

3. <u>Weller Green Clients, Mexican Fishermen Cooperatives</u>

The plaintiffs listed below (hereinafter, "Mexican Fishermen Cooperatives") were identified in the Show Cause Order as having filed multi-plaintiff complaints in violation of PTO 60.  The Mexican Fisherman Cooperatives filed similar responses, arguing:

> [T]he Plaintiff is the authorized individual to make a claim on behalf of one or more cooperatives and is bringing this lawsuit on behalf of the cooperative(s) for which he is the leader named in the complaint.  Plaintiff has merely stated within its complaint, the names of the members of the cooperative(s) for which the authorized individual has authority to act . . . .

(*See, e.g.*, Response to Show Cause Order at 2, Rec. Doc. 19985).  The Compliance Order listed these plaintiffs among those that BP viewed as still being non-compliant with PTO 60.  The

---

[5] The Court denied Bayou Caddy's motion insofar as it sought to add claims against Halliburton Energy Services, Inc. as a defendant.

Mexican Fisherman Cooperatives responded that, while they believed BP was misreading their complaints, they "have now amended all complaints . . . and limited them to only the one cooperativa of fishermen in each lawsuit and they have deleted any reference to a list of other individuals." (Reply to BP's Obj. at 2, Rec. Doc. 21269). BP responded:

> In view of the amendments to their complaints (which appear to contain no class allegations) and the representations in their reply brief, BP does not object to these 41 fisherman cooperatives being deemed compl[ia]nt with PTO 60. BP would, however, object to any other purported plaintiffs currently or previously in those 41 actions being deemed compliant with PTO 60.

(BP Sur-Reply at 2, Rec. Doc. 21653).

In light of the above, the Mexican Fishermen Cooperatives listed below are deemed **compliant** with PTO 60, and their claims are not dismissed.

| Plaintiff | Civil Action No. | Response to Show Cause Order | Reply to BP Obj. |
|---|---|---|---|
| Pescadores Libres de Cabo Rojito Abad | 16-4571 | 19985 | 21269 |
| Grupo Libre la Chavelita Jose Luis Perez Cruz | 16-4717 | 19990 | 21269 |
| Restaurante Veracruzano Tamiahua | 16-4775 | 19993 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera Denominada La Rivera de Tampico de Alto SC de RL | 16-4586 | 20001 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera Riverena Ostioneros de Saladero SCL | 16-4345 | 20003 | 21269 |
| Pescadores Y Cooperativas de Ciudad del Carmen Campeche | 16-5310 | 20005 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera Riverena La Aurora Barra de Cazones SCL de CV | 16-4556 | 20007 | 21269 |
| Pescadores Libres de Tonala Agua Dulce Veracruz | 16-4783 | 20016 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera Pescadores Unidos de La Reforma SC de RL de CV | 16-4499 | 20017 | 21269 |
| Grupo la Esperanza Flor Idulia | 16-4521 | 20020 | 21269 |
| Pescadores Libres de Chiquila Quintana Roo | 16-4563 | 20022 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera Pescadores de Tamiahua SC de RL de CV | 16-4724 | 20024 | 21269 |
| La Sociedad Cooperativa de Servicio Lancheros de San Jeronoimo SC de RL de CV | 16-4594 | 20030 | 21269 |
| La Sociedad Cooperativa de Productores Acuicolas | 16-4512 | 20031 | 21269 |

| | | | |
|---|---|---|---|
| de Congregacion Anahuac SC de RL | | | |
| Libres de Cucharitas 2 Guillermina Castro | 16-4550 | 20034 | 21269 |
| Grupo La Trucha Guillermina Hernandez | 16-4567 | 20035 | 21269 |
| Trabajadores de Tampico | 16-4762 | 20037 | 21269 |
| Permisionario Horacio Morales de la Isla de San Juan | 16-4802 | 20039 | 21269 |
| Permisionario Joaquin Delgado Ortiz | 16-4584 | 20088 | 21269 |
| La Sociedad Cooperativa Denominada Camaroneros Unidos de Altamar SC de RL de CV | 16-4684 | 20090 | 21269 |
| Union de Fileteros de Cucharas Jose Luis Palacios Medina | 16-4806 | 20094 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera Riverena Pescadores de Cabo Rojo SC de RL de CV | 16-4712 | 20096 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera del Puerto de Tuxpan de Bienes Y Servisios SCL de CV | 16-4730 | 20100 | 21269 |
| Compra Venta de la Sociedad Cooperativa Tamiahua | 16-4706 | 20104 | 21269 |
| Pescadores Libres de Morales de Cabo Rojo | 16-4697 | 20105 | 21269 |
| Pescadores Libres de la Mata Norberto Hernandez | 16-4769 | 20106 | 21269 |
| Compra Venta del Mercado de Tuxpan | 16-4866 | 20110 | 21269 |
| Permisionario Rosalino Cruz y Pescadores de Camaron | 16-4599 | 20115 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera Riverena Ostioneros Del Sur SC de RL | 16-4777 | 20117 | 21269 |
| La Sociedad Cooperativa de Productores y Pescadores de Saladero Veracruz SC de RL | 16-4788 | 20119 | 21269 |
| Despicadoras de Jaiva los Higueros Artemio Aran | 16-5710 | 20120 | 21269 |
| Fileteras de Mamey de Antonio Aran | 16-4786 | 20121 | 21269 |
| Grupo Cucharas Juan Ortega Romero Artemio Aran | 16-4692 | 20122 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera Grupo Unidos de las Chacas SC de RL de CV | 16-4349 | 20178 | 21269 |
| Pescadores Libres y Fileteras Claudio Cruz Flores | 16-4543 | 20181 | 21269 |
| La Sociedad Cooperativa de Produccion Pesquera La Huasteca Veracruzana SC de RL de CV | 16-4574 | 20183 | 21269 |
| Pescadores Libres de Isla Aguada Campeche | 16-4476 | 20185 | 21269 |
| Libres de Congregacion la Reforma Artemio Aran | 16-5315 | 20012, 20128 | 21269 |
| Despicadoras de la Isla de San Juan A Ramirez | 16-4797 | 20028, 20126 | 21269 |
| Permisionaria Maria Esther Castillo | 16-4873 | 20098, 20125 | 21269 |
| Grupo La Jaiva Pescadores Alto del Tigre Artemio Aran | 16-4700 | 20108, 20124 | 21269 |

4.  <u>Louisiana Workers' Compensation Corporation (No. 10-2771, Rec. Doc. 375) (Response to Show Cause Order, Rec. Doc. 20486) (Reply to BP's Obj., Rec. Doc. 21311)</u>

Louisiana Workers' Compensation Corporation ("LWCC") was listed on Exhibit 2 to the Compliance Order.  (Rec. Doc. 20996).  In its Notice of Non-Opposition, BP states that it does not object to LWCC being deemed compliant with PTO 60.  (Rec. Doc. 21614).  In light of this and after reviewing LWCC's filings, the Court deems LWCC as **compliant** with PTO 60.  LWCC's claim in Transocean's Limitation Action (Rec. Doc. 10-2771, Rec. Doc. 375) is not dismissed.

5.  <u>Plaintiffs Omitted from the Compliance Order to Which BP Does Not Object</u>

The following plaintiffs were not identified on either the compliant or non-compliant lists attached to the Compliance Order.  BP states that it does not object to these plaintiffs being deemed compliant with PTO 60.  (Rec. Docs. 21614 & 21131 at 2 (re: Roderic Wright)).  In light of this and after reviewing the record, the following plaintiffs are deemed **compliant** with PTO 60 and their claims are not dismissed:

| Plaintiff | Civil Action No. | Response, Etc. to Show Cause Order and/or Compliance Order |
|---|---|---|
| Jelp Barber | 16-5533 | 20584, 21152 |
| Nabaa Gas Montgomery, LLC | 16-7488 | 20587, 21152 |
| Johnny's Clams, Inc. or Johnny Sheridan's | 16-5541 | 20566, 21154 |
| Richard Lee Blick | 16-4061 | 18804, 21377 |
| Richard E. Seward, Sr. | 16-4068 | 21424 |
| Richard E. Seward, Jr. | 16-4072 | 21425 |
| Roderic Wright [6] | 13-1091 | |

---

[6] Roderic Wright's name did not appear on the list of PTO 60-compliant plaintiffs that issued with the Court's Compliance Order, but his case number, No. 13-1091, did appear on that list with two other plaintiffs, Destin Pointe Development, LLC and Destin Development, LLC.

6.  Plaintiffs Previously Deemed Compliant with PTO 60

In an order dated July 26, 2016, the Court ruled that certain plaintiffs were compliant with PTO 60 and their claims were not dismissed.  (Rec. Doc. 21275).  For completeness and to avoid any doubt, the Court repeats that these plaintiffs are deemed **compliant** with PTO 60 and their claims are not dismissed:

| Plaintiff | Civil Action No. | Response to Show Cause Order |
|---|---|---|
| Jawof Serenity at Dune Allen, LLC | 13-2398 | 19115, 21090 |
| Gregory Stewart | 16-4545 | 21026 |
| Spectrum Organization, Inc. d/b/a The Victorian Rental Pool | 13-0331 | 21007 |
| Alton Rockford Meadows, individually and d/b/a Southern Appraisal Services | 13-1746 | 20671 |
| Capital Bank | 13-6648 | 21021 |

7.  Shelli J. Ladner (No. 16-3928) (Motion for Leave to File Amended Complaint, Rec. Doc. 21670)

Shelli J. Ladner was listed as "compliant" in both the Show Cause Order and the Compliance Order.  However, she filed a motion to amend her complaint (Rec. Doc. 21670) in which she pointed out that her case number is incorrectly identified as 16-3929, when it should be 16-392**8**.  The list of PTO 60-compliant plaintiffs will be updated to state Shelli J. Ladner's correct case number, 16-3928.  The Court also will grant the motion for leave to file the amended complaint.

8.  Zat's Restaurants, Inc. (No. 13-1711) (Motion for Relief from Order Regarding Compliance with PTO 60, Rec. Doc. 21476)

Zat's Restaurants, Inc. ("Zat's") was not listed on either the compliant or non-compliant lists attached to the Compliance Order.  Zat's opted out of the Economic Settlement and, on April 19, 2013, filed an individual complaint.  Therefore, all PTO 60 required of Zat's was that it file a Sworn Statement by May 16, 2016.  Zat's did not attempt to do this until August 11—over

12 weeks after the deadline—when it filed a Motion for Relief from Order Regarding Compliance with PTO 60.  (Rec. Doc. 21476)

Zat's argues that its case should not be dismissed because it never received notice of PTO 60.  Notice of PTO 60 was provided by four methods:  (1) all counsel of record who signed up for electronic service with File&Serve (as required under PTO 12, Rec. Docs. 600, 18672) would receive a copy of PTO 60 via that method, (2) BP would mail the order to all plaintiffs who opted out of the Economic Settlement and indicated on the opt-out form that they were unrepresented, (3) "to the extent practicable, the [Plaintiffs' Steering Committee ("PSC")] shall email a copy of [PTO 60] to known counsel of record for Plaintiffs who joined in the Amended B1 Master Complaint and/or opted out of the [Economic Settlement]," and (4) PTO 60 was posted to the Court's website.  (PTO 60 ¶ 11, Rec. Doc. 16050).  Zat's was represented by the Irpinio Law Firm when it opted out of the Economic Settlement in 2012.  However, the Irpinio Law Firm withdrew as counsel in 2014, and Zat's did not retain new counsel until August 2016.  Therefore, Zat's argues that none of PTO 60's notice provisions would  have been effective for it—a plaintiff who was represented by counsel when it opted out of the Economic Settlement (meaning BP would not mail notice to them), but were unrepresented at the time PTO 60 issued (meaning notice via File&Serve and from the PSC would be ineffective).

As will be discussed below, there are several plaintiffs who argue that their failure to timely comply with PTO 60 should be forgiven because they did not receive notice of PTO 60.  However, Zat's situation is unique in that it fell into something of a "notice gap."  Consequently, the Court will grant Zat's Motion for Relief from Order Regarding Compliance with PTO 60.  (Rec. Doc. 21476).   Zat's is deemed **compliant** with PTO 60 and its claims in No. 13-1711 are not dismissed.

**C.      Plaintiffs Who Have Not Complied With PTO 60.**

The plaintiffs in this Part (C) have not complied with PTO 60 and their claims will be dismissed.  The plaintiffs in subsections 1 through 18 were listed in Exhibit 2 to the Compliance Order.  The plaintiffs listed in subsections 19 through 25 are not listed on any exhibit to the Compliance Order, but these plaintiffs did file a response at some point to either the Show Cause Order or the Compliance Order.

     1.      <u>Mark and Emmett Marine, Inc.   (Response to Show Cause Order, Rec. Doc. 18968)</u>

Mark and Emmett Marine, Inc. never filed an individual complaint, as required by PTO 60 ¶ 6.  Mark and Emmett Marine, Inc. has not complied with PTO 60.  It will remain on the non-compliant list and any B1 claims it could have asserted will be dismissed.

     2.      <u>Riverview Investments, Inc. (Short Form Joinder No. 67621, 68666) (Response to Show Cause Order, Rec. Doc. 18968)</u>

Riverview Investments, Inc. never filed an individual complaint, as required by PTO 60 ¶ 6.  Therefore, Riverview Investments, Inc. has not complied with PTO 60, and any B1 claims it has or could have asserted will be dismissed.

     3.      <u>T. Duffy Builders, LLC a/k/a T.A. Duffy Builders, LLC, f/k/a Benchmark Development, LLC (No. 13-1437) (Response to Show Cause Order, Rec. Dos. 18969, 18961)</u>

Although T. Duffy Builders, LLC a/k/a T.A. Duffy Builders, LLC, f/k/a Benchmark Development, LLC ("T. Duffy Builders") has had an individual lawsuit on file since April 19, 2013, it did not file the Sworn Statement until June 20, 2016, five weeks after PTO 60's May 16 deadline.  Therefore, T. Duffy Builders has not complied with PTO 60, and its claims will be dismissed.

4. <u>Wanda Haney (Response to Show Cause Order, Rec. Doc. 19426)</u>

Wanda Haney never filed an individual complaint, as required by PTO 60 ¶ 6. Wanda Haney has not complied with PTO 60, and any B1 claims she has or could have asserted will be dismissed.

5. <u>Sanderson Enterprises, Inc. (Short Form Joinder 53288) (Show Cause Order Response Rec. Doc. 20227)</u>

Sanderson Enterprises, Inc. never filed an individual complaint, as required by PTO 60 ¶ 6. Therefore, Sanderson Enterprises, Inc. has not complied with PTO 60, and any B1 claims it has or could have asserted will be dismissed.

6. <u>Breathwit Marine Contractors, Ltd. and Breathwit Marine Shipyards, Ltd. (Nos. 13-2786, 16-11539, 16-11546) (Show Cause Order Response, Rec. Doc. 20232) (Reply to BP Obj., Rec. Doc. 21337)</u>

Breathwit Marine Contractors, Ltd. and Breathwit Marine Shipyards, Ltd. (collectively, "Breathwit Entities") describe themselves as "sister companies with common ownership and common customers." (Reply to BP Obj. at 3, Rec. Doc. 21337). These entities were joined in the same lawsuit (No. 13-129) until June 23, 2016—more than 5 weeks past PTO 60's deadline—when they each filed individual complaints (Nos. 16-11539, 16-11539). The Breathwit Entities argue that they were not required under PTO 60 to file separate lawsuits, but they did anyway "out of an extreme abundance of caution." (Show Cause Response at 5, Rec. Doc. 20232).

PTO 60 required that where B1 plaintiffs "did not file an individual lawsuit, but instead filed a [Short Form Joinder] and/or were part of a complaint with more than one plaintiff, each such plaintiff must . . . file an individual lawsuit (Complaint) (one per plaintiff)." (PTO 60 ¶ 6(B)(i) (internal footnote omitted)). The Court explained that plaintiffs were not required to file a new individual lawsuit where their prior complaint contained as plaintiffs only "related parties

such as a husband and wife or co-owners of a business" and that where "two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint."  (*Id.* n.3).  The Court previously denied a request by plaintiffs seeking to proceed on a multiple-plaintiff complaint notwithstanding PTO 60.  In April 2016, four plaintiffs to a single action argued that they were "related parties" and moved for leave to remain as joint plaintiffs in one civil action. (Rec. Doc. 15529).  Those plaintiffs alleged that they were under common ownership and control by the same individual and that their claims were all "nearly identical in that they involve the same residential subdivision, Hammock Bay, a bulk sale of identical lots to the same buyer, D. R. Horton Homebuilders, and lot sales that occurred after the BP Oil Spill at the same time with a common price per lot applicable to all sales." (*Id.* at 2).  The Court denied this motion on May 4, 2016. (Rec. Doc. 16755).

The Breathwit Entities were not "related parties" as set forth in PTO 60, and, therefore, they were required to each file individual complaints by May 16, 2016.   The Breathwit Entities did not file their individual lawsuits until five weeks after PTO 60's deadline.  The Court finds the Breathwit Entities have not complied with PTO 60.  Consequently, their claims will be dismissed.

Furthermore, and for identical reasons, the Court denies the Breathwit Entities' Motion for Leave to Allow Permissive Joinder (Rec. Doc. 17622) and denies as moot the Breathwit Entities' Motion for Consideration of Previously Filed Motion Regarding Compliance (Rec. Doc. 18681).

7. <u>Chapel Hill, LLC, Coastal Mining & Marine, LLC, Pearlington Clay, LLC, and
Pearlington Clay Port, LLC (Nos. 13-2033, 16-11519, 16-11641, 16-11707, 16-11711)
(Show Cause Response, Rec. Doc. 20295) (Reply to BP's Obj., Rec. Doc. 21338)</u>

Chapel Hill, LLC, Coastal Mining & Marine, LLC, Pearlington Clay, LLC, and
Pearlington Clay Port, LLC (collectively, the "Chapel and Coastal Entities") raise issues similar
to the Breathwit Entities, just discussed.  According to their briefs, Chapel Hill, LLC is owned by
an individual named Johnny Dollar and another company that is also owned by Mr. Dollar.  Mr.
Dollar also owns a 25% interest in Coastal Mining & Marine, LLC (it is not clear who owns the
other 75% of Coastal Mining & Marine, LLC).  Coastal Mining & Marine, LLC solely owns
Pearlington Clay, LLC and Pearlington Clay Port, LLC. Prior to June 23, 2016, the Chapel and
Coastal Entities were joined in a single complaint.  (No. 13-2033).  The Chapel and Coastal
Entities argue that PTO 60 did not require them to each file individual complaints, because they
"have common ownership" and their claims arise from a "common nucleus of operative facts."
(Show Cause Response at 3, Rec. Doc. 20295).  Nevertheless, "out of an extreme abundance of
caution," each of the Chapel and Coastal Entities filed an individual lawsuit (Nos. 16-11519, 16-
11641, 16-11707, 16-11711) on June 23 or June 24, 2016—over five weeks after PTO 60's May
16th deadline.  (Show Cause Response at 7, Rec. Doc. 20295).

For the same reasons set forth above regarding the Breathwit Entities, the Chapel and
Coastal Entities have not complied with PTO 60, and their claims will be dismissed.  Likewise,
the Court denies the Chapel and Coastal Entities' Motion and Amended Motion for Leave to
Allow Permissive Joinder of Parties (Rec. Doc. 17589, 17616) and denies as moot their Motion
for Consideration of Previously Filed Motion (Rec. Doc. 18675).

8. Commercial Metals Company, AHT, Inc., CMC Steel Fabricators, Inc., and SMI Steel, LLC. (Nos. 16-6259, 16-13364, 16-13365, 16-13367, 16-13366) (Response to Show Cause Order, Rec. Doc. 20528) (Reply to BP's Obj., Rec. Doc. 21309)

Commercial Metals Company, AHT, Inc., CMC Steel Fabricators, Inc., and SMI Steel, LLC (collectively, "Commercial Metals Company Plaintiffs") raise issues similar to the Breathwit Entities, discussed above. The Commercial Metals Company Plaintiffs claim that AHT, Inc., CMC Steel Fabricators, Inc., and SMI Steel, LLC are all wholly owned subsidiaries of Commercial Metals Company. As such, the Commercial Metals Company Plaintiffs claim that they were "related parties" under PTO 60 and could file a single lawsuit, which they did on May 16, 2016. (No. 16-6259). On July 28, 2016, over ten weeks after PTO 60's deadline, each of the Commercial Metals Company Plaintiffs filed their own lawsuits. (Nos. 16-13364, 16-13365, 16-13367, 16-13366).

For reasons similar to those set forth above regarding the Breathwit Entities, the Commercial Metals Company Plaintiffs have not complied with PTO 60, and their claims will be dismissed.

9. Truckla Services, Inc. (No. 16-11698) (Response to Show Cause Order, Rec. Doc. 20235) (Reply to BP Obj., Rec. Doc. 21310)

Because it had previously filed only a Short Form Joinder, PTO 60 required Truckla Services, Inc. ("Truckla") to file both a Sworn Statement and an individual complaint by May 16, 2016. Truckla did not do so until June 24, over five weeks past the deadline. Truckla argues that its claims should not be dismissed because its failure to timely comply with PTO 60 "was not intentional and perhaps the result of a notice irregularity" and that permitting its claim will not unduly prejudice other parties or the Court. (Show Cause Response at 2, Rec. Doc. 20235). Truckla explains, "Although undersigned counsel was previously receiving copies of the filings and orders in this case, for reasons that are unclear, counsel was removed from the service list.

As a result, Truckla's counsel was not aware of PTO 60 and the deadlines contained therein." (Id. at 2).

PTO 60's notice provisions are discussed above with Zat's.  *See* Part (II)(B)(8), *supra*. The Court finds that Truckla has not shown good cause why its tardiness should be excused. Counsel's claim that it stopped receiving service, at some unspecified time, allegedly because it was removed from the service list "for reasons that are unclear," is too vague to warrant an extension of the PTO 60 deadline.  Because Truckla has not timely complied with PTO 60, its claims will be dismissed.

10.  <u>S.C.P.P. 20 De Abril Del Poblado Ignaci Zaragoza, SC de R.L. de C.V.  (Nos. 13-2791, 16-6330, 16-7285) (Response to Show Cause Order, Rec. Doc. 20526) (Reply to BP's Obj., Rec. Doc. 21331)</u>

S.C.P.P. 20 De Abril Del Poblado Ignacio Zaragoza, SC de R.L. de C.V. ("20 De Abril") is represented by the Buzbee Law Firm.  In 2013, the Buzbee Law Firm filed a mass joinder lawsuit, No. 13-2791, which included 20 De Abril.  On May 16, 2016, the Buzbee Law Firm filed a new mass lawsuit, No. 16-6330, that included all its clients for which it did not have a signed Sworn Statement.  20 De Abril was a plaintiff in this mass lawsuit.  On May 27, 2016— two weeks after the (extended) deadline—the Buzbee Law Firm filed an individual lawsuit for 20 De Abril, No. 16-7285, along with a signed Sworn Statement.

20 De Abril has not timely complied with PTO 60.  Its claims will be dismissed.

The Buzbee Law Firm also requests that all of the plaintiffs in mass joinder lawsuit No. 16-6330 be given additional time to submit a signed Sworn Statement and file an individual lawsuit.  The Court denies this request.  All of the claims asserted in 16-6330 will be dismissed.

11. Joaquin Barrera and/or S.C.P.P. Ah Caray, S.C. de R.L. and/or Restaurant Familiar Ah Caray (No. 13-2791; 16-6298) (Response to Show Cause Order, Rec. Doc. 20526) (Reply to BP's Obj., Rec. Doc. 21331) (Supplemental Reply, Rec. Doc. 21430)

PTO 60 is clear that each B1 plaintiff must personally sign the Sworn Statement.  Page 3 of the Sworn Statement, directly underneath the space marked "Signature of Plaintiff," states, "*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf*."  (Rec. Doc. 16050-1 at 3 (emphasis in original)).  Joaquin Barrera submitted an unsigned Sworn Statement on May 16, 2016.  On August 5, 2016, nearly twelve weeks after PTO 60's deadline, Joaquin Barrera filed a signed Sworn Statement.  (Rec. Doc. 21430).  Joaquin Barrera/S.C.P.P. Ah Caray, S.C. de R.L. has not timely complied with PTO 60, and his/its claims will be dismissed.

12. Plaintiffs Who Submitted Unsigned Sworn Statements

The following plaintiffs submitted unsigned Sworn Statements.  These plaintiffs have not complied with PTO 60; their claims will be dismissed.

| Plaintiff | Civil Action No. | Response to Show Cause Order |
|---|---|---|
| Armando Flores | 10-4220 16-6015 | 20534 |
| Mendoza German | 10-4220 10-4235 16-6132 | 20534 |
| Adam Guillot | 10-4225 16-6066 | 20534 |
| David Wayne Hamblin | 10-4220 16-6154 | 20534 |
| Linda Steward d/b/a Sunshine Tax Services, Inc. | 13-5142 16-6182 | 20534 |
| Celestino Lopez | 10-4220 16-6138 | 20534 |
| Raul Blanco Moreno | 10-4220 16-6110 | 20534 |
| Nicolas Olguin | 10-4220 16-5684 | 20534 |
| Overtime Sports Grill, LLC | 16-6029 | 20534 |
| Roger J. Godfrey | 16-6104 | 20534 |

| Charles Stevenson | 11-363 16-6190 | 20534 |
|---|---|---|
| The Shrimp Man | 11-363 16-6134 | 20534 |
| Edgar A. Zapata | 10-4220 16-6082 | 20534 |

13. <u>First National Bank, USA, et al. (No. 13-97) (Response to Show Cause Order, Rec. Doc. 20561) (Reply to BP's Obj., Rec. Doc. 21336)</u>

First National Bank, USA ("First National") and sixteen other named plaintiffs filed a putative class action in 2013.  (No. 13-97).  First National took no action to comply with PTO 60.  It did not serve a Sworn Statement, nor did it file an individual lawsuit.  First National filed a response to the Show Cause Order on behalf of itself and the putative class in 13-97 wherein it argues that it was not required to comply with PTO 60, because PTO 60 does not apply to class action lawsuits.  The Court rejects this argument.

PTO 60 was clear: "Where Plaintiffs did not file an individual lawsuit, but instead . . . were part of a complaint *with more than one plaintiff*, each such plaintiff must, by May [16], 2016, file an individual lawsuit (Complaint) (one per plaintiff) . . . ."  (PTO 60 ¶ 6(b)(i) (emphasis added and omitted; footnote omitted)).  Civil action no. 13-97 had more than one plaintiff; therefore, PTO 60 applied to the plaintiffs in No. 13-97.  Consistent with this interpretation, the Compliance Order struck any class allegations that were embedded in a previously-filed complaint.  (Rec. Doc. 20996 at 4).  First National has not complied with PTO 60.  All claims in No. 13-97, including claims by First National, the other named plaintiffs, and the unnamed putative class members, will be dismissed.

14. <u>Weller Green Class Action Clients (Nos. 16-4122, 16-4123, 16-4124, 16, 4151, 16-4179, 16-4230) (Response to Show Cause Order, Rec. Doc. 19979) (Reply to BP's Obj., Rec. Doc. 21330)</u>

Eduardo Pineiro Perez, Individually and d/b/a La Sociedad Cooperativa De Produccion Pesquera La Rivera De Tampico De Alto S.C. De R.L (Nos. 16-4122, 16-4230); Claudio Gonzalez del Angel, Individually and d/b/a Pennisionario Claudio Gonzalez del Angel (No. 16-4123, 16-4230); Felipe Barrios Anzures, Individually and d/b/a Compro Venta de Felipe Barrios (No. 16-4124, 16-4230); Artemio Aran Blanco, Individually and d/b/a Grupo Pescadores Libres Artemio Aran (No. 16-4151, 16-4230); and Sammy Davis Briggs (No. 16-4179) (collectively, "Weller Green Class Action Clients") each filed a complaint on behalf of himself or herself and "all Class Members as defined herein."  The Weller Green Class Action Clients argue that they have complied with PTO 60 because each complaint is "brought by one class representative on behalf of a class."  (Reply to BP Obj. at 2, Rec. Doc. 21330).  As just discussed, these plaintiffs have not complied with PTO 60 because their complaints contain more than one plaintiff.  BP states in its sur-reply, "Should these plaintiffs promptly amend their complaints to omit any class allegations and to include only one plaintiff (one person or entity) each, BP would not object to those six plaintiffs being deemed compl[ia]nt with PTO 60 (although BP would continue to object to any other purported plaintiffs currently or previously in those six actions being deemed compliant with PTO 60)."  (BP Sur-Reply at 3, Rec. Doc. 21653).   It appears the Weller Green Class Action Clients have not amended their complaints.   These plaintiffs' claims will be dismissed.

15. Daniel K. Chang, Julia (or Julie) Chang, Avery Investments, LLC, Hilltop Investments, LLC, Magnolia Professional Center, LLC, Old Spanish Farm, LLC, and Julvana, LLC (No. 16-6329) (Response to Show Cause Order, Rec. Doc. 20641)

Daniel K. Chang, Julia (or Julie) Chang,[7] Avery Investments, LLC, Hilltop Investments, LLC, Magnolia Professional Center, LLC, Old Spanish Farm, LLC, and Julvana, LLC filed a single complaint against BP and other defendants.  (No. 16-6329).  The complaint alleges "Daniel K. Chang [and] Jul[ia] Chang are husband and wife, as well as the . . . owners in whole or in part of all other Plaintiffs and therefore the filing of multiple Plaintiffs on the same filing is in compliance with Footnote P.T.O 60."  (Complaint ¶ 11, No. 16-6329, Rec. Doc. 1).  The response to the Show Cause Order similarly notes that "husband & wife own all these businesses."  (Response to Show Cause, Ex. C, Rec. Doc. 20641-3).  While PTO 60 permitted the Changs to be joined in a single complaint, perhaps also with one business they both owned, PTO 60's exception for "related parties" does not permit multiple, affiliated companies to be joined in a single complaint.  *See* Discusssion of Breathwit Entities, *supra*. Consequently, this complaint (No. 16-6329) violates PTO 60, and the claims of Daniel K. Chang, Julia (or Julie) Chang, Avery Investments, LLC, Hilltop Investments, LLC, Magnolia Professional Center, LLC, Old Spanish Farm, LLC, and Julvana, LLC will be dismissed.

16. Coast Products, LLC and Laurcon Capital LP (Nos. 13-5367, 16-6216) (Response to Show Cause, Rec. Doc. 20641)

Coast Products, LLC and Laurcon Capital LP filed a single complaint.  (No. 16-6216). Their response to the Show Cause Order states that "both companies [are] owned by client." (Response to Show Cause, Ex. C, Rec. Doc. 20641-3).  For the reasons set forth above regarding the Breathwit Entities, Coast Products, LLC and Laurcon Capital LP have not complied with PTO 60 and their claims will be dismissed.

---

[7] Plaintiffs' submissions alternatingly refer to "Julia" and "Julie" Chang.

17. Gauci's Custom Building and Developing LLC, Winter Garden Italian American Bistro LLC, Joseph V. Gauci, and Karen Gauci (Nos., 13-6009, 13-6010, 16-7048) (Response to Show Cause Order, Rec. Doc. 20641)

Gauci's Custom Building and Developing LLC, Winter Garden Italian American Bistro LLC, Joseph V. Gauci, and Karen Gauci (collectively, "Gauci Plaintiffs") are joined in a single complaint. (Nos., 13-6009, 13-6010, 16-7048). The complaint states that Joseph Gauci and Karen Gauci are husband and wife, and they each own an interest in Gauci's Custom Building and Developing, LLC and Winter Garden Italian American Bistro LLC. (Complaint ¶ 5, No. 16-7048, Rec. Doc. 8). For the reasons set forth above regarding Daniel Chang, et al. and the Breathwit Entities, the Gauci Plaintiffs have not complied with PTO 60 and their claims will be dismissed.

18. St. Joe Beach Property, LLC, Bungalows at Sanctuary Beach, LLC, and Henry L. Perry (Nos. 13-5367, 16-6333) (Response to Show Cause Order, Rec. Doc. 20641)

St. Joe Beach Property, LLC, Bungalows at Sanctuary Beach, LLC, and Henry L. Perry are joined in a single complaint. (No. 16-6333). The complaint states that Henry L. Perry owns St. Joe Beach Property, LLC and Bungalows at Sanctuary Beach, LLC. (Am. Complaint ¶ 8, No. 16-6333, Rec. Doc. 6). It appears the business entities concern two different developments at two different locations. For the reasons set forth above regarding Daniel Chang, et. al and the Breathwit Entities, St. Joe Beach Property, LLC, Bungalows at Sanctuary Beach, LLC, and Henry L. Perry have not complied with PTO 60 and their claims will be dismissed.

19. Tam Tran (No. 16-11977) (Sworn Statement, Rec. Doc. 21510)

Tam Tran was not listed on any Exhibit to the Compliance Order. Tam Tran filed an individual complaint on June 28, 2106, six weeks after the PTO 60 deadline. (No. 16-11977). Furthermore, Tam Tran did not file her Sworn Statement until August 17, 2016, thirteen weeks

after the deadline.  (Rec. Doc. 21510). Tam Tran has not complied with PTO 60 and her claims will be dismissed.

20. <u>Carl Malcolm Shepherd (Short Form Joinder: 97978) (Response to Show Cause Order, 20903)</u>

Carl Malcolm Shepherd was not listed on any Exhibit to the Compliance Order, but he did file a response to the Show Cause Order.  Shepherd filed a short form joinder (Rec. Doc. 97978 in 10-8888), which alleges a B3 claim (personal injury due to exposure to oil and/or chemical dispersant) and perhaps a B1 claim as well.  To the extent Shepherd asserts a B1 claim, Shepherd has never filed an individual complaint and, therefore, he has not complied with PTO 60.  Consequently, the B1 claims Shepherd has asserted or could have asserted will be dismissed.  However, PTO 60 does not apply to B3 claims.  Indeed, the Show Cause Order dismissed Short Form Joinders only "to the extent they asserted a B1 claim." (Show Cause Order ¶ 6, Rec. Doc. 18724).  Therefore, Carl Shepherd's Short Form Joinder is not dismissed insofar as it asserts a B3 claim (personal injury due to exposure to oil and/or chemical dispersant).

21. <u>Gangi Shrimp Company, LLC (No. 13-1117) (Motion to Re-Open Case, Rec. Doc. 21681)</u>

Gangi Shrimp Company, LLC ("Gangi Shrimp") has had an individual complaint on file since April 18, 2013.  (No. 13-1117).  Therefore, all PTO 60 required of Gangi Shrimp was that it file a Sworn Statement by May 16, 2016.  Gangi Shrimp did not attempt to do this until September 3—over 15 weeks after the deadline—when it filed a Motion to Re-Open Case. (Rec. Doc. 21681).[8]  Gangi Shrimp claims that it was unable to comply with PTO 60 because neither it nor its attorney, Michael Britt, received notice of PTO 60 or the June 7 Show Cause Order.  Gangi Shrimp argues, "If a party (like Gangi) has not received notice that certain actions need to

---

[8] This motion was initiallly filed at Rec. Doc. 21617, but was marked deficient by the Clerk's Office.

be taken by a certain date to preserve its right to proceed with its claim, and failure of which renders their lawsuit dismissed, th[e]n how can that plaintiff be expected to comply with the Court's order."

PTO 60's notice provision is recounted above with the discussion of Zat's.   *See* Part (II)(B)(8), *supra*.  Although Gangi Shrimp discusses other methods by which PTO 60 was to be served, it conspicuously omits any reference to the fact that its counsel should have received notice via File&Serve.  The record reflects that Michael Britt was counsel of record for Gangi Shrimp at the time PTO 60 issued,[9] yet he was not served via File&Serve.  (*See* Rec. Doc. 21785-1).  Given that the burden here is on the plaintiff to show why its failure to comply with PTO 60 should not result in dismissal, coupled with the fact that Gangi Shrimp quotes from some of PTO 60's service provisions but avoids any reference to service by File&Serve, the Court concludes that the reason Gangi Shrimp did not receive notice of PTO 60 is because Gangi Shrimp's attorney failed to sign up for electronic service via File&Serve, as required by PTO 12.

Gangi Shrimp argues that PTO 60 required the PSC to email a copy of PTO 60 to its attorney, but the PSC did not do this.  PTO 60 states, "Finally, to the ***extent practicable***, the PSC shall email a copy of this Order to ***known*** counsel of record for Plaintiffs who joined in the Amended B1 Master Complaint [] and/or opted out of the [Economic Settlement] . . . ."  (PTO 60 ¶ 11, Rec. Doc. 16050 (emphasis added)).   The "extent practical" language indicates that this is not a guaranteed form of service—it is an additional measure.  As discussed above, Gangi Shrimp's attorney should have received service via File&Serve.  The Court also questions whether Mr. Britt made himself "known" to the PSC.  For example, Pretrial Order No. 25 required plaintiffs with individual lawsuits in MDL 2179 to fill out and serve a Plaintiff Profile

---

[9] This distinguishes Gangi Shrimp from Zat's Restaurants, which was not represented by counsel at the time PTO 60 issued.

Form ("PPF"), which asks for attorney contact information.  If Gangi Shrimp's attorney did not sign up for File&Serve, then it seems likely that he also did not have his client fill out a PPF, either.  The Court also notes that the opt-out report states that Gangi Shrimp is represented by another law firm, Leake & Andersson LLP.  (*See* Rec. Doc. 16069-1 at 30).  In any respect, even if the PSC is to blame for not emailing PTO 60 to Gangi Shrimp's attorney, the attorney's presumed failure to sign up for File&Serve defeats his motion.

Accordingly, the Court will deny Gangi Shrimp's Motion to Re-Open Case.  (Rec. Doc. 21681).  Gangi Shrimp has not complied with PTO 60 and its claims in No. 13-1117 will be dismissed.

22. Jason Mones (No. 13-2361) (Motion for Leave to File Sworn Statement, Rec. Doc. 21486)

Jason Mones opted out of the Economic Settlement and filed an individual complaint on April 22, 2013.  (No. 13-2362).  Therefore, Mones only needed to file a Sworn Statement by May 16, 2016, in order to comply with PTO 60.  Mones did not attempt to do this until August 16—thirteen weeks after the deadline—when he filed a motion for leave to file the Sworn Statement.  (Rec. Doc. 21486).

Mones states that he "was not served with [PTO 60]."  However, the record reflects that Mones' attorney, Bruce Betzer, was served via File&Serve with a copy of PTO 60 on March 29, 2016.  (Rec. Doc. 21785-1 at 27).  The Court will deny Mones' Motion for Leave to File Sworn Statement (Rec. Doc. 21486).  Mones has not complied with PTO 60 and his claims in 13-2361 will be dismissed.

23. Burt W. Newsome (No. 10-4199) (Motion for Extension of Time, Rec. Doc. 21133)

Burt W. Newsome is an attorney who represents himself.  He filed an individual complaint in 2010.  (No. 10-4199).  Therefore, PTO 60 required Newsome to file a Sworn

Statement by May 16, 2016.  Newsome did not attempt to do this until July 21—nine weeks past the deadline—when he filed a Motion for Extension of Time.  (Rec. Doc. 21133).  Newsome's argument is brief:  "Plaintiff did not receive notice of the Pretrial Order and/or any proceedings in [No. 10-4199] and MDL 2179."

Because Newsome is represented by an attorney—himself—he should have received a copy of PTO 60 via File&Serve.  *See* Part (II)(B)(8), *supra*.  The record reflects that Newsome was not served via File&Serve.  (*See* Rec. Doc. 21785-1).  Because Newsome does not provide anything in the way of explanation, the Court presumes, as it does with Gangi Shrimp, that Newsome did not receive a copy of PTO 60 because he failed to sign up for electronic service with File&Serve.  Consequently, the Court will deny Newsome's Motion for Extension of Time.  (Rec. Doc. 21133).  Newsome has not complied with PTO 60 and his claims in 10-4199 will be dismissed.

24. <u>Abbey Senior Services (No. 16-10231) (Motion to File Complaint Beyond Deadline Under PTO 60, Rec. Doc. 19206)</u>

Abbey Senior Services ("Abbey") had a short form joinder on file at Rec. Doc. 131147. Therefore, PTO 60 required Abbey to file an individual complaint (No. 16-10231) and a Sworn Statement.  On June 15—over four weeks past the PTO 60 deadline—Abbey filed a complaint and Sworn Statement.  On June 23, Abbey moved for leave to file beyond the PTO 60 deadline. (Rec. Doc. 19206).

Abbey is represented by an attorney, William Price.  The record reflects that Price was served with PTO 60 via File&Serve.  (Rec. Doc. 21785-1 at 31).  From Abbey's motion, it appears that Price tried to contact Abbey in April by phone and mail, but Abbey had changed its mailing address and Abbey's owner either missed or ignored the phone messages from Price. Abbey claims that it did not receive Price's messages until "sometime around June 10, 2016."

Abbey, through its attorney, had notice of PTO 60.   It appears it was Abbey's own actions that frustrated the attorney's attempts to contact Abbey about PTO 60.   Consequently, the Court will deny Abbey's Motion to File Complaint Beyond Deadline.   (Rec. Doc. 19206). Abbey has not complied with PTO 60; its claims in 16-10231 will be dismissed.

25. <u>Jeffrey L. Ashley (Short Form Joinder 98700) (Response to Show Cause Order, Rec. Doc. 21999)</u>

Jeffrey L. Ashley is pro se and has had a short form joinder on file since 2011.   (Rec. Doc. 98700).   Therefore, PTO 60 required that Ashley file by May 16, 2016 both a Sworn Statement and an individual complaint.   Ashley timely submitted a Sworn Statement,[10] but he did not file an individual lawsuit.   For that reason he was listed as deficient in the Show Cause Order.   Ashley did not respond to the Show Cause Order by the June 27 deadline, and his claim was technically dismissed by the Compliance Order.   On September 13, the Court received a letter from Ashley in which he states that he was not aware that he had to file an individual lawsuit and that he never received a copy of the Show Cause Order until September 2, when a copy arrived by mail, which was postmarked August 20.

Given that Ashley timely submitted a Sworn Statement, the Court can infer that he received a copy of PTO 60.   PTO 60 clearly stated that plaintiffs who had previously filed only a short form joinder must file both a Sworn Statement and an individual complaint.   (PTO 60 ¶ 6(B), Rec. Doc. 16050).   Consequently, the Court rejects Ashley's argument that he was not aware he had to file an individual lawsuit.   Ashley has not complied with PTO 60 and his claims will be dismissed.

---

[10] It appears Ashely served the Sworn Statement on BP's counsel.  The record does not reflect if he served it on anyone other than BP or filed it with the Court.

**D.    Other**

1.  Snodgrass Brothers, Inc. (No. 13-6190) (Motion for Clarification on Order Regarding Compliance with PTO 60, Rec. Doc. 21151)

The Court will address Snodgrass Brothers, Inc. in a separate order.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that, in addition to the plaintiffs listed on Exhibits 1A and 1B to the

Compliance Order of July 14, 2016 (Rec. Doc. 20966), the following plaintiffs are deemed

COMPLIANT with PTO 60 and their B1 claims are NOT dismissed:

| Plaintiff | Civil Action No. |
|---|---|
| Bayou Caddy Fisheries, Inc. | 12-2665 |
| Leoutha Batiste | 16-4154 |
| Pescadores Libres de Cabo Rojito Abad | 16-4571 |
| Grupo Libre la Chavelita Jose Luis Perez Cruz | 16-4717 |
| Restaurante Veracruzano Tamiahua | 16-4775 |
| La Sociedad Cooperativa de Produccion Pesquera Denominada La Rivera de Tampico de Alto SC de RL | 16-4586 |
| La Sociedad Cooperativa de Produccion Pesquera Riverena Ostioneros de Saladero SCL | 16-4345 |
| Pescadores Y Cooperativas de Ciudad del Carmen Campeche | 16-5310 |
| La Sociedad Cooperativa de Produccion Pesquera Riverena La Aurora Barra de Cazones SCL de CV | 16-4556 |
| Pescadores Libres de Tonala Agua Dulce Veracruz | 16-4783 |
| La Sociedad Cooperativa de Produccion Pesquera Pescadores Unidos de La Reforma SC de RL de CV | 16-4499 |
| Grupo la Esperanza Flor Idulia | 16-4521 |
| Pescadores Libres de Chiquila Quintana Roo | 16-4563 |
| La Sociedad Cooperativa de Produccion Pesquera Pescadores de Tamiahua SC de RL de CV | 16-4724 |
| La Sociedad Cooperativa de Servicio Lancheros de San Jeronoimo SC de RL de CV | 16-4594 |
| La Sociedad Cooperativa de Productores Acuicolas de Congregacion Anahuac SC de RL | 16-4512 |
| Libres de Cucharitas 2 Guillermina Castro | 16-4550 |
| Grupo La Trucha Guillermina Hernandez | 16-4567 |
| Trabajadores de Tampico | 16-4762 |

| | |
|---|---|
| Permisionario Horacio Morales de la Isla de San Juan | 16-4802 |
| Permisionario Joaquin Delgado Ortiz | 16-4584 |
| La Sociedad Cooperativa Denominada Camaroneros Unidos de Altamar SC de RL de CV | 16-4684 |
| Union de Fileteros de Cucharas Jose Luis Palacios Medina | 16-4806 |
| La Sociedad Cooperativa de Produccion Pesquera Riverena Pescadores de Cabo Rojo SC de RL de CV | 16-4712 |
| La Sociedad Cooperativa de Produccion Pesquera del Puerto de Tuxpan de Bienes Y Servisios SCL de CV | 16-4730 |
| Compra Venta de la Sociedad Cooperativa Tamiahua | 16-4706 |
| Pescadores Libres de Morales de Cabo Rojo | 16-4697 |
| Pescadores Libres de la Mata Norberto Hernandez | 16-4769 |
| Compra Venta del Mercado de Tuxpan | 16-4866 |
| Permisionario Rosalino Cruz y Pescadores de Camaron | 16-4599 |
| La Sociedad Cooperativa de Produccion Pesquera Riverena Ostioneros Del Sur SC de RL | 16-4777 |
| La Sociedad Cooperativa de Productores y Pescadores de Saladero Veracruz SC de RL | 16-4788 |
| Despicadoras de Jaiva los Higueros Artemio Aran | 16-5710 |
| Fileteras de Mamey de Antonio Aran | 16-4786 |
| Grupo Cucharas Juan Ortega Romero Artemio Aran | 16-4692 |
| La Sociedad Cooperativa de Produccion Pesquera Grupo Unidos de las Chacas SC de RL de CV | 16-4349 |
| Pescadores Libres y Fileteras Claudio Cruz Flores | 16-4543 |
| La Sociedad Cooperativa de Produccion Pesquera La Huasteca Veracruzana SC de RL de CV | 16-4574 |
| Pescadores Libres de Isla Aguada Campeche | 16-4476 |
| Libres de Congregacion la Reforma Artemio Aran | 16-5315 |
| Despicadoras de la Isla de San Juan A Ramirez | 16-4797 |
| Permisionaria Maria Esther Castillo | 16-4873 |
| Grupo La Jaiva Pescadores Alto del Tigre Artemio Aran | 16-4700 |
| Louisiana Workers' Compensation Corporation | 10-2771, Rec. Doc. 375 |
| Jelp Barber | 16-5533 |
| Nabaa Gas Montgomery, LLC | 16-7488 |
| Johnny's Clams, Inc. or Johnny Sheridan's | 16-5541 |
| Richard Lee Blick | 16-4061 |
| Richard E. Seward, Sr. | 16-4068 |
| Richard E. Seward, Jr. | 16-4072 |
| Roderic Wright | 13-1091 |
| Jawof Serenity at Dune Allen, LLC | 13-2398 |
| Gregory Stewart | 16-4545 |
| Spectrum Organization, Inc. d/b/a The Victorian Rental Pool | 13-0331 |
| Alton Rockford Meadows, individually and d/b/a Southern Appraisal Services | 13-1746 |

| | |
|---|---|
| Capital Bank | 13-6648 |
| Shelli J. Ladner (previously listed as compliant, but under wrong case number, 16-392**9**) | 16-3928 |
| Zat's Restaurants, Inc. | 13-1711 |

IT IS FURTHER ORDERED that the following motions requesting reconsideration of the Compliance Order or similar relief are GRANTED: Rec. Doc. 21152 (Jelp Barber and Naaba Gas Montgomery, LLC), Rec. Doc. 21154 (Johnny's Clams Inc./Johnny Sheridan's), Rec. Doc. Rec. 21377 (Richard Lee Blick), Rec. Doc. 21424 (Richard E. Seward, Sr.), Rec. Doc. 21425 (Richard E. Seward, Jr.), Rec. Doc. 21476 (Zat's Restaurants).

IT IS FURTHER ORDERED that Shelli J. Ladner's Motion for Leave to File Amended Complaint re No. 16-3928 (Rec. Doc. 21670) is GRANTED.

IT IS FURTHER ORDERED that the following plaintiffs have NOT COMPLIED with PTO 60 and their B1 claims are DISMISSED:

| Plaintiff | Civil Action No. (or Short From Joinder No., if no Complaint Filed) |
|---|---|
| Mark and Emmett Marine, Inc. | -- |
| Riverview Investments, Inc. | SFJ Nos. 67621, 68666 |
| T. Duffy Builders, LLC a/k/a T.A. Duffy Builders, LLC, f/k/a Benchmark Development, LLC | 13-1437 |
| Wanda Haney | -- |
| Sanderson Enterprises, Inc. | SFJ No. 53288 |
| Breathwit Marine Contractors, Ltd. | 13-2786<br>16-11539<br>16-11546 |
| Breathwit Marine Shipyards, Ltd. | 13-2786<br>16-11539<br>16-11546 |
| Chapel Hill, LLC | 13-2033<br>16-11519 |

|  | 16-11641 |
|  | 16-11707 |
|  | 16-11711 |
| Coastal Mining & Marine, LLC | 13-2033 |
|  | 16-11519 |
|  | 16-11641 |
|  | 16-11707 |
|  | 16-11711 |
| Pearlington Clay, LLC | 13-2033 |
|  | 16-11519 |
|  | 16-11641 |
|  | 16-11707 |
|  | 16-11711 |
| Pearlington Clay Port, LLC | 13-2033 |
|  | 16-11519 |
|  | 16-11641 |
|  | 16-11707 |
|  | 16-11711 |
| Commercial Metals Company | 16-6259 |
|  | 16-13364 |
|  | 16-13365 |
|  | 16-13367 |
|  | 16-13366 |
| AHT, Inc. | 16-6259 |
|  | 16-13364 |
|  | 16-13365 |
|  | 16-13367 |
|  | 16-13366 |
| CMC Steel Fabricators, Inc. | 16-6259 |
|  | 16-13364 |
|  | 16-13365 |
|  | 16-13367 |
|  | 16-13366 |
| SMI Steel, LLC | 16-6259 |
|  | 16-13364 |
|  | 16-13365 |
|  | 16-13367 |
|  | 16-13366 |
| Truckla Services, Inc. | 16-11698 |
| S.C.P.P. 20 De Abril Del Poblado Ignaci Zaragoza, SC de R.L. de C.V. | 13-2791 |
|  | 16-6330 |
|  | 16-7285 |
| All Plaintiffs in No. 16-6330 | 16-6330 |
| Joaquin Barrera and/or S.C.P.P. Ah Caray, S.C. de R.L. and/or Restaurant Familiar Ah Caray | 13-2791 |
|  | 16-6298 |
| Armando Flores | 10-4220 |

| | |
|---|---|
| | 16-6015 |
| Mendoza German | 10-4220 |
| | 10-4235 |
| | 16-6132 |
| Adam Guillot | 10-4225 |
| | 16-6066 |
| David Wayne Hamblin | 10-4220 |
| | 16-6154 |
| Linda Steward d/b/a Sunshine Tax Services, Inc. | 13-5142 |
| | 16-6182 |
| Celestino Lopez | 10-4220 |
| | 16-6138 |
| Raul Blanco Moreno | 10-4220 |
| | 16-6110 |
| Nicolas Olguin | 10-4220 |
| | 16-5684 |
| Overtime Sports Grill, LLC | 16-6029 |
| Roger J. Godfrey | 16-6104 |
| Charles Stevenson | 11-363 |
| | 16-6190 |
| The Shrimp Man | 11-363 |
| | 16-6134 |
| Edgar A. Zapata | 10-4220 |
| | 16-6082 |
| First National Bank, USA and other plaintiffs in No. 13-97, including unnamed putative class members | 13-97 |
| Eduardo Pineiro Perez, Individually and d/b/a La Sociedad Cooperativa De Produccion Pesquera La Rivera De Tampico De Alto S.C. De R.L | 16-4122 |
| | 16-4230 |
| Claudio Gonzalez del Angel, Individually and d/b/a Pennisionario Claudio Gonzalez del Angel | 16-4123 |
| | 16-4230 |
| Felipe Barrios Anzures, Individually and d/b/a Compro Venta de Felipe Barrios | 16-4124 |
| | 16-4230 |
| Artemio Aran Blanco, Individually and d/b/a Grupo Pescadores Libres Artemio Aran | 16-4151 |
| | 16-4230 |
| Sammy Davis Briggs | 16-4179 |
| Daniel K. Chang | 16-6329 |
| Julia (or Julie) Chang | 16-6329 |
| Avery Investments, LLC | 16-6329 |
| Hilltop Investments, LLC | 16-6329 |
| Magnolia Professional Center, LLC | 16-6329 |
| Old Spanish Farm, LLC | 16-6329 |
| Julvana, LLC | 16-6329 |
| Coast Products, LLC | 13-5367 |
| | 16-6216 |

| | |
|---|---|
| Laurcon Capital LP | 13-5367<br>16-6216 |
| Gauci's Custom Building and Developing LLC | 13-6009<br>13-6010<br>16-7048 |
| Winter Garden Italian American Bistro LLC | 13-6009<br>13-6010<br>16-7048 |
| Joseph V. Gauci | 13-6009<br>13-6010<br>16-7048 |
| Karen Gauci | 13-6009<br>13-6010<br>16-7048 |
| St. Joe Beach Property, LLC, | 16-6333 |
| Bungalows at Sanctuary Beach, LLC | 16-6333 |
| Henry L. Perry | 16-6333 |
| Tam Tran | 16-11977 |
| Carl Malcom Shepherd | SFJ No. 97978<br>(dismissed in part and only insofar as he asserts a B1 claim; Shepherd's B3 claim is **not** dismissed) |
| Gangi Shrimp Company, LLC | 13-1117 |
| Jason Mones | 13-2361 |
| Burt W. Newsome (No. 10-4199) | 10-4199 |
| Abbey Senior Services (No. 16-10231) | 16-10231 |
| Jeffrey L. Ashley | SFJ No. 98700 |

IT IS FURTHER ORDERED that the following motions are DENIED and/or DENIED AS MOOT, as indicated below:

The Breathwit Entities' Motion for Leave to Allow Permissive Joinder (Rec. Doc. 17622) is DENIED and their Motion for Consideration of Previously Filed Motion Regarding Compliance (Rec. Doc. 18681) is DENIED AS MOOT;

The Chapel and Coastal Entities' Motion and Amended Motion for Leave to Allow Permissive Joinder of Parties (Rec. Doc. 17589, 17616) is DENIED and their Motion for Consideration of Previously Filed Motion (Rec. Doc. 18675) is DENIED AS MOOT;

Gangi Shrimp Company, LLC's Motion to Re-Open Case (Rec. Doc. 21681) is DENIED;

Jason Mones' Motion for Leave to File Sworn Statement (Rec. Doc. 21486) is DENIED;

Burt W. Newsome's Motion for Extension of Time (Rec. Doc. 21133) is DENIED;

Abbey Senior Services' Motion to File Complaint Beyond Deadline Under PTO 60 (Rec. Doc. 19206) is DENIED;

Waltzer Wiygul & Garside, LLC's Motion for Reconsideration of Pre-Trial Order No. 60 (Rec. Doc. 16443) is DENIED;

James Brolin, et al.'s Motion for Leave to Allow Permissive Joinder of Parties and Consolidation of Claims (Rec. Doc. 17736) is DENIED AS MOOT;

Charles Bolton and Jana Cody's Motion for Leave to Allow Permissive Joinder of Parties and Consolidation of Claims (Rec. Doc. 17737) is DENIED AS MOOT;

Drake Rentals, Inc. and Wright's Well Control Services, LLC's Motion for Leave to Allow Permissive Joinder of Parties and Consolidation of Claims (Rec. Doc. 17738) is DENIED AS MOOT;

Laura Ann Estave, et al.'s Motion for Leave to Allow Permissive Joinder of Parties and Consolidation of Claims (Rec. Doc. 17739) is DENIED AS MOOT;

Focus Exploration I, LP, et al.'s Motion for Leave to Allow Permissive Joinder of Parties and Consolidation of Claims (Rec. Doc. 17740) is DENIED AS MOOT;

Specialty Diving of Louisiana, Inc., et al.'s Motion for Leave to Allow Permissive Joinder of Parties and Consolidation of Claims (Rec. Doc. 17741) is DENIED AS MOOT;

Title Cash of Jackson, Inc., et al.'s Motion for Leave to Allow Permissive Joinder of Parties and Consolidation of Claims (Rec. Doc. 17754) is DENIED AS MOOT;

Venus World LLC's Motion for Additional Time (Rec. Doc. 17731) is DENIED AS MOOT;

John O'Grady's Motion for Extension of Time (Rec. Doc. 17732) is DENIED AS MOOT;

The Buzbee Law Firm's Second Motion for Extension of Time to Respond to Pretrial Order 60 (Rec. Doc. 17742) is DENIED AS MOOT with respect to any movers/plaintiffs who were deemed compliant or voluntarily dismissed their claims and DENIED with respect to any other movers/plaintiffs;

Cunningham Bounds, LLC Motion for Extension of Time to Comply with Pre-Trial Order No. 60 (Rec. Doc. 18075) is DENIED AS MOOT;

Antalan & Associates PLLC's Motion for Extension of Time (Rec. Doc. 18088) is DENIED AS MOOT with respect to any movers/plaintiffs who were deemed compliant or voluntarily dismissed their claims and DENIED with respect to any other movers/plaintiffs;

US Gold and Silver, Inc. and Joseph Rainier's Motion for Leave to File Sworn Statement Pursuant to PTO 60 AND Incorporated Memorandum in Support (Rec. Doc. 19190) is DENIED AS MOOT;

SGM Construction, Inc.'s .Motion for Extension of Time to Comply with PTO 60 (Rec. Doc. 20190) is DENIED AS MOOT.

Signed in New Orleans, Louisiana, this 16th day of December, 2016.

_____
United States District Judge

**Clerk to mail notice to the following pro se plaintiffs:**

Leoutha Batiste
4342 Terrace Dr.
Moss Point, MS 39563

Shelli J. Ladner
992 Barth Road
Poplarville, MS 39470

Wanda Haney
2620 W. 9th St.
 Panama City, FL 32401

Sanderson Enterprises, Inc.
P.O. Box 214
 Elberta, AL 36530

Carl Malcom Shepherd
511 Triplett Street
Tarpon Springs, FL 34689

Jeffrey L. Ashley
4221 Woodmont Park Lane
Louisville, KY 40245