CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS,
STATE OF LOUISIANA.

NO. 178,463                  DIVISION "E"                      DOCKET 5.

MRS. MARY J. WISNER, ET AL

vs.

CITY OF NEW ORLEANS, ET AL

J U D G M E N T.

This cause having come on for further hearing on the

joint petition of the plaintiffs and defendants in the above entitled

and numbered cause, and all of the parties thereto being represented

by counsel and consenting thereto, and considering the Act of Compro-

mise and Settlement between the parties plaintiff and defendant, evi-

denced by a certified copy of an act passed before Robert Legier,

Notary Public in and for the State of Louisiana, Parish of Orleans,

on the _____ day of _____, 1929, filed as an exhibit

to said joint petition, and the law and the evidence being in favor

hereof;

IT IS NOW ORDERED, ADJUDGED AND DECREED, That the Agree-

ment of Compromise and Settlement, in the words and figures herein-

after set forth, be and the same hereby is in all respects and for

all purposes approved and confirmed and made the judgment of this

Court, to-wit:

"UNITED STATES OF AMERICA, STATE OF LOUISIANA, PARISH OF
ORLEANS, CITY OF NEW ORLEANS.

_____

"BE IT KNOWN, That on this _____ day of the month of
_____, in the year of our Lord, 1929,

"BEFORE ME, ROBERT LECIER, a Notary Public, duly
commissioned and qualified in and for the Parish of Orleans,
State of Louisiana, therein residing, and in the presence of
the witnesses hereinafter named and undersigned:

"PERSONALLY CAME AND APPEARED:

"(1st)  HONORABLE ARTHUR J. O'KEEFE, Mayor of the City
of New Orleans, herein appearing and acting in behalf of the
City of New Orleans by virtue of the power and authority in
him vested by the terms and provisions of Ordinance No. _____,
Commission Council Series, adopted by the Commission Council of


EXHIBIT
A-2

2.

the City of New Orleans on the _____ day of _____,
1929, a copy of which Ordinance is hereto annexed and made part
hereof.

"(2nd)  ESMOND PHELPS, of full age of majority and a
resident of this City, herein appearing and acting in behalf of
The Administrators of the Tulane Educational Fund, a body corpo-
rate under the laws of the State of Louisiana, under and by
virtue or a resolution of said corporation adopted on the
day of _____, 1929, a certified copy of which is
hereto annexed and made part hereof.

"(3rd)  CHARLES A. HARTWELL, of full age of majority
and a resident of this City, herein appearing and acting in
behalf of the Board of Administrators of the Charity Hospital
of New Orleans, a public board, under and by virtue of the
power and authority in him vested by the terms and provisions
of a resolution adopted by said Board on the _____ day of
_____, 1929, a certified copy of which is hereto
annexed and made part hereof.

"(4th)  J. A. FLYNN, of full age of majority and a
resident of this City, in his capacity as Division Commander of
and acting in behalf of The Salvation Army, Inc., a corporation
created by and existing under the laws of the State of Georgia,
but qualified in the State of Louisiana, under and by virtue of
the power and authority in him vested by the terms and provi-
sions of a resolution adopted by the Board of Directors of said
corporation on the _____ day of _____, 1929,
a certified copy of which is hereto annexed and made part hereof.

"(5th)  MRS. MARY J. WISNER, MISS ELIZABETH WISNER,
and MRS. HARRIET ROWENA WISNER, wife of HARRY J. PENEGUY, all
of full age of majority and residents of the City of New Or-
leans, appearing herein in their respective capacities as widow
in community and executrix and sole and only heirs at law and
legatees of the late Edward Wisner, deceased.

"THEREUPON, said appearers declared:

"That they have entered into, freely and voluntarily,
the following Agreement of Compromise and Satisfaction, to-wit:

"WHEREAS, by act before Robert Legier, Notary Public,
dated the 4th day of August, 1914, Edward Wisner, then a resi-
dent of this City, made and executed a donation inter vivos in
favor of the City of New Orleans in trust, of certain lands sit-
uated in the Parishes of Jefferson, St. John the Baptist and
Lafourche, which act of donation was duly accepted in behalf of
the City of New Orleans, Trustee, by Martin Behrman, then Mayor
of said City, a certified copy of which act of donation is here
referred to, and made part hereof for greater certainty of de-
scription of its terms, provisions and conditions;

"WHEREAS, Mrs. Mary J. Wisner, Miss Elizabeth Wisner
and Mrs. Harriet Rowena Wisner, wife of Harry J. Peneguy, as
widow in community and sole and only heirs at law, and as lega-
tees of said Edward Wisner, on the _____ day of _____,
1928, after the death of said Edward Wisner, instituted a suit
in the Civil District Court for the Parish of Orleans, to annul
and set aside and have declared void said act of donation, and
to have declared their interest in said property covered by said
act of donation, a certified copy of their petition in the premi-
ses being hereto annexed and made part hereof;

"WHEREAS, the other parties hereto have contested, and
do contest said suit on the ground that said donation in all re-
spects was a valid and legal act of said Edward Wisner and bind-
ing on his widow in community, heirs and assigns;

3.

"WHEREAS, all of the parties hereto, in view of the uncertainty of the outcome of said suit, are desirous of effecting a compromise of said litigation and a settlement by agreement of the rights of the parties in the premises:

"NOW, THEREFORE, in consideration of the mutual promises, agreements and covenants on the part of each of the parties herein contained, each promise, covenant and agreement on the part of the one being the consideration for each promise, covenant and agreement on the part of the others and each of the others, and in further consideration of the mutual concessions made by the one to the other in the settlement, compromise and adjustment of said suit and the termination of said litigation, the parties hereto have agreed as follows:

"1.  Mrs. Mary J. Wisner, as widow in community and as legatee under the will of the late Edward Wisner and as executrix of his will, and said Miss Elizabeth Wisner and said Mrs. Harriet Rowena Wisner, wife of Harry J. Peneguy, as the forced and only heirs at law and as legatees under the will of said Edward Wisner, for themselves, their heirs, successors and assigns, do hereby in all respects ratify, confirm, approve, acquiesce in and accept, and acknowledge the validity of the act of donation made by said Edward Wisner to the City of New Orleans, aforesaid, a certified copy of which is, as aforesaid, annexed to and made part of this act and do hereby relinquish, release and forever forego, in favor of all other parties in interest, any right, claim, demand, action, cause or right of action which they have asserted in said suit, or which they may, in any respect or for any cause, be hereafter entitled to assert, respecting the validity of said donation, or respecting the rights of any party or beneficiary mentioned therein, except only insofar as the rights of said Mrs. Mary J. Wisner, Miss Elizabeth Wisner and Mrs. Harriet Rowena Wisner, wife of Harry J. Peneguy are recognized, established and confirmed by this Agreement of Compromise; that upon the execution of this agreement all parties hereto will petition for the confirmation thereof by the Judge of Division "    " of the Civil District Court for the Parish of Orleans, in the cause entitled 'Mrs. Mary J. Wisner, et al, vs. City of New Orleans, et al,' No. _____ of the docket of said court, and said court shall thereupon enter its judgment adjudicating the rights of the parties hereto in accordance with this Compromise Agreement and such judgment shall be final and binding, and each and all parties hereto hereby acquiesce therein and relinquish all right of review or appeal therefrom.

"2.  The other parties to this agreement, for themselves, their successors and assigns, do hereby irrevocably recognize, acknowledge and declare that said Mrs. Mary J. Wisner, Miss Elizabeth Wisner and Mrs. Harriet Rowena Wisner, wife of Harry J. Peneguy, are, and each of them is recognized as beneficiaries under said act of donation of Edward Wisner to the City of New Orleans, annexed hereto, to the extent in the aggregate for the three of Forty Per Cent. (40%) of the rights, interests, revenues and profits heretofore or hereafter derived from said trust estate and of the proceeds of the trust estate when and if sold under the provisions established by said act of donation, and as entitled to the same relative rights that all other beneficiaries thereunder may have by virtue of said act of donation, with the same force and effect as if they had originally been named and declared beneficiaries under said act of donation by Edward Wisner, donor, to the extent and interest herein agreed upon.

"3.  That in order to readjust, clarify and definitely fix the interests of the respective beneficiaries in and under said trust, it is hereby declared and agreed that their respective interests in said trust estate are and shall be forever as follows, to-wit:

4.

> "The City of New Orleans, as benefi-
> ciary for the uses and purposes of
> the several municipal, charitable
> and educational purposes mentioned
> in said Act of Donation, thirty-
> four and eight tenths per cent.                    34-8/10%
>
> "The Administrators of the Tulane
> Educational Fund, twelve per cent.                 12        %
>
> "The Board of Administrators of the
> Charity Hospital of New Orleans,
> twelve per cent.                                   12        %
>
> "The Salvation Army of America, One
> and two-tenths per cent.                           1-2/10%
>
> "Mrs. Mary J. Wisner, Miss Elizabeth
> Wisner and Mrs. Harriet Rowena Wis-
> ner, wife of Harry J. Peneguy, joint-
> ly, forty per cent., subject to such
> division between themselves, or to
> such trusts as they may establish and
> in satisfactory form notify to the City
> of New Orleans, Trustee                            40        %

"4.   That in order to clear up an ambiguity in said
act of donation in respect of the provision granting to the
beneficiaries the right to segregate their respective propor-
tions of said donated lands, and believing it conducive to
the better administration of said trust, the parties hereto,
recognized beneficiaries under said act of donation, for them-
selves, their heirs, successors and assigns, hereby release,
abandon and forego the right of segregation conferred upon
them by the terms of said act of donation, and agree that said
donated property shall be held in indivision and administered
by the Trustee during the trust period as a whole, and other-
wise until sold in accordance with the provisions of said act
of donation.

"5.   That believing it will conduce to a more orderly,
economical and practical operation and management of said trust
estate that an Advisory Committee to the Trustee should be ap-
pointed, it is agreed that the City of New Orleans will cause
the Commission Council, by ordinance, to create an Advisory
Commission to be known as the "EDWARD WISNER DONATION ADVISORY
COMMISSION," composed of five (5) members, one, and the Chair-
man, to be the Mayor of the City of New Orleans, one to be se-
lected by the Administrators of the Tulane Educational Fund,
one to be selected by the Board of Administrators of the Charity
Hospital of New Orleans, one by the Salvation Army of America,
and one jointly by Mrs. Mary J. Wisner, Miss Elizabeth Wisner
and Mrs. Harriet Rowena Wisner, wife of Harry J. Peneguy, or
jointly by their heirs, administrators, executors or assigns.
The right of appointment herein given may be exercised by the
heirs, trustee, successors, or assigns of said parties; that
the Mayor of the City of New Orleans, with the approval of the
Commission Council (or its successor body), may act as such
Trustee upon the advice and with the consent of the majority
of said Commissioners, and such action, so authorized, shall
be binding on all parties hereto.

"THUS DONE AND PASSED in my office in said City of
New Orleans, on the day, month and year first hereinabove writ-
ten, in the presence of the two undersigned competent witnesses,

5.

who have signed hereto with the said appearers and with me,
Notary, after due reading of the whole.

CITY OF NEW ORLEANS,

BY:   T. S. WALMSLEY
    ACTING MAYOR.

ADMINISTRATORS OF THE TULANE EDUCATIONAL
FUND,

BY:   ESMOND PHELPS
    PRESIDENT.

"WITNESSES:

L. MARET

EDITH BOWDEN

BERTRAND I. CAHN
  City Attorney.

BOARD OF ADMINISTRATORS OF THE CHARITY
HOSPITAL OF NEW ORLEANS,

BY:  T. J. DORCEY
    PRESIDENT, Member of Board

SALVATION ARMY OF AMERICA, INC.,

BY:   J. ARTHUR FYNN

MARY J. WISNER

CLARISSA ELIZABETH WISNER
  By Mary J. Wisner
  HARRIET ROWENA WISNER PENEGUY

ROBERT LEGIER
NOTARY PUBLIC."

THUS DONE, READ AND SIGNED IN OPEN COURT, this ___ day
of _____ , 1929.

JUDGE, CIVIL DISTRICT COURT, PARISH OF
ORLEANS, DIVISION "E."