## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This document relates to: | JUDGE BARBIER |
| Relevant Civil Actions Nos. 13-1971; 14-1525; 10-8888 Doc No. 133248; 10-9999 Doc. No. 401 | MAGISTRATE WILKINSON |

## JOINT VENTURE ATTORNEYS' RESPONSE TO BENEFICIARY MEMORANDUM

NOW INTO COURT come the "Joint Venture Attorneys"[1] hired to represent the Edward Wisner Donation ("Wisner" or "Donation") and respectfully submit this Response to the Memorandum in Response to Motion for Attorney's Fees filed by Mark Penneguy, Edward Penneguy, Jr., Richard Penneguy, Jr., and Wendell Cook, Jr. [Rec. Doc. 21958].[2]

It is unclear why these four income beneficiaries with a collective interest of less than 8%

---

[1] These Joint Venture Attorneys (sometimes referred to as the "Joint Venture" or "Joint Venture Team") include the following five law firms: Herman Herman & Katz; Fayard & Honeycutt; Fred L. Herman; Leger & Shaw; and Domengeaux Wright Roy Edwards & Colomb.

[2] Although the Donation is named as a "Defendant" to WWG's Intervention, the true party in interest with respect to WWG's Motion is the Joint Venture Team.   Additionally, while the Joint Venture Team was hired to represent the collective interests of the Donation and its beneficiaries viz-a-vis BP and the other *Deepwater Horizon* Defendants, even after the Donation technically expired, (*see, e.g.,* HERMAN DECLARATION ¶¶10-12 (and Exhibits thereto)), the formal legal status of the former Donation is subject to potential question or dispute.   Therefore, and in any event, this Opposition is filed on behalf of the Joint Venture Attorneys, as the parties-in-interest, and not on behalf of the City of New Orleans, the Wisner Donation, or the Mayor, as Trustee.

1

filed an opposition/response to WWG's Motion for Attorney's Fees.[3]   These four income beneficiaries possess no standing in the fee dispute between the Joint Venture and WWG because they do not have a right to the attorney's fees at issue.   In fact, these are the same beneficiaries who signed a contingency fee contract with WWG after the Donation replaced WWG with the Joint Venture lawyers.   The only standing these four income beneficiaries have to a fee dispute is for the contract they separately signed with WWG.

To the extent that they seek to object to the appropriate fee percentage and/or reasonableness of costs due under the contract between the Donation interests and the Joint Venture, a beneficiary generally has no standing to directly address trust obligations to third parties.   In this particular case, moreover, these former beneficiaries' standing is even more tenuous, as they would only seem to be income beneficiaries, with no actual title to the Wisner Donation properties.   The Joint Venture has provided the Trustee with an accounting for all expenses, and is in the process of finalizing a schedule for the payment of fees.   And then conclude with the sentence that they should address any objections to the Trustee.   Should these four income beneficiaries object to the Trustee's decision, they should direct their objections to the Trustee, not this Court.[4]

---

[3] No individual Wisner family member has greater than a 2% interest as an income beneficiary.

[4] The four income beneficiaries having raised the issue of which fee percentage applies, unfortunately, obligates the Joint Venture to respond.   The Joint Venture fee agreement provides that the attorney's fee "for services rendered in connection with physical damages and restoration costs as well as final economic loss damage" will be 25% from the first $10 million and 18% of the remaining $20 million "if the matter is resolved after the first Order is signed setting the Order for trial."   *Joint Venture Contract*, at 3. [Rec. Doc. 21922-9]   As this Court is aware, this case settled one week before trial and included recovery for "physical damage and restoration costs" caused by the cleanup on the property.   Additionally, the Donation filed claims into the Limitation which was tried through Phase 1 trial on liability by four of the five law firms in the Joint Venture.   Ultimately, should this Court intend to decide the issue before the Trustee has an opportunity, then the Joint Venture would respectfully request a briefing schedule.

Respectfully submitted:

S/Soren E. Gisleson
Stephen J. Herman (La. Bar #23129)
Soren E. Gisleson (La. Bar #26302)
HERMAN HERMAN & KATZ LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581 4892
Fax No. (504) 569 6024
E Mail: sherman@hhkc.com
E-Mail: sgisleson@hhkc.com

Walter J. Leger, Jr. (La. Bar #827 8)
Christine Sevin Fayard (La. Bar # 32683)
LEGER & SHAW
935 Gravier Street, Suite 2150
New Orleans, LA 70112
Phone: (504) 588 9043
Fax: (504) 588 9980
Email: wleger@legershaw.com
Email: csevin@legershaw.com

James Parkerson Roy (La. Bar #11511)
Bob Wright (La. Bar #1369 1)
DOMENGEAUX WRIGHT ROY & EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233 3033
Fax No. (337) 233 2796
E Mail: jimr@wrightroy.com

Calvin C. Fayard, Jr. (La. Bar #5486)
C. Caroline Fayard (La. Bar #30888)
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664 4193
Telefax: (225) 664 6925
EMail: calvinfayard@fayardlaw.com

Fred Herman (La Bar #6811)
Thomas J. Barbera (La Bar# 18719)
LAW OFFICES OF FRED HERMAN
1010 Common St., Suite 3000
New Orleans, LA 70112
Phone: 504 581 7068
Fax: 504 581 7083
Email: fherman@fredhermanlaw.com
tbarbera@fredhermanlaw.com

***Attorneys for the Edward Wisner Donation Trust,
Mayor Mitch Landrieu, Trustee, and the City of
New Orleans, Beneficiary*** [5]

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon all counsel of record *via* email this 9th day of December, 2016.

S/Soren E. Gisleson

---

[5] As noted previously, this Opposition is filed on behalf of the Joint Venture Attorneys, as the parties-in-interest, and not on behalf of the City of New Orleans, the Wisner Donation, or the Mayor, as Trustee.