UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE OIL SPILL BY THE OIL RIG | * | CIVIL ACTION: 10-MD-2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO ON APRIL 20, 2010 | * | SECTION "J" |
| | * | |
| THIS DOCUMENT RELATES ONLY TO: | * | HONORABLE CARL J. BARBIER |
| Civil Action Nos. 10-2771; 10-8888; | * | |
| 10-9999; and 14-1525 | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF EX PARTE REQUEST FOR ORAL ARGUMENT**

MAY IT PLEASE THE COURT:

Mark E. Peneguy, et al, move for oral argument on the attorneys' fees and costs reimbursements disputes pending before the Court in the belief that oral argument is the most effective means for identifying and deciding the real issues raised not only by the complaint and motion of Waltzer, Wiygul & Garside, L.L.C. ("WW&G"), but also by the competing claims of the Joint Venture Attorneys ("JV").

1. **The following changes have occurred since this matter was scheduled.**

Mark E. Peneguy, et al, were not participants in the September 15, 2016 conference. They have since enrolled separate counsel who have filed pleadings and memoranda on their behalf.[1]

Although the Wisner Donation answered the WW&G complaint and filed a motion to deposit $2,160,011.62 into the registry of the Court, the JV has now appeared as the "true party in

---

[1] See R. Docs. 21859, 21860, 29958, and 22006.

1

interest" and has stated expressly that it is no longer appearing for the Wisner Donation.[2] Therefore, the Wisner Donation is now unrepresented.

The JV, as the "true party in interest," is now claimant to one hundred percent of the funds in the registry of the Court and opposes any determination in favor of WW&G in part on the basis that WW&G's engagement contract with the Wisner Donation was "not a valid contract" and was "void *ab initio*."[3]

**2.      There are issues involved beyond those originally contemplated.**

It is counsel's understanding that as of September 15, 2015, the issues were thought to be to the validity of the WW&G engagement contract and the proper division of attorneys' fees between WW&G and the JV. According to the briefing, these issues remain extant.

However, equally important issues involve the proper interpretation of the engagement contracts of both WW&G and the JV in the light of the facts and circumstances of the Wisner Donation's settlement with BP which occurred on or about May 1, 2016, and called for the first of twenty-two annual payments on October 1, 2016.

The additional issues before the Court have been briefed by Movers. They include, under both engagement contracts:

- The gross present value of benefits received as a result of the settlement.
- The date to be used in the calculation of gross present value.
- The discount factor to be applied in the calculation of gross present value.

---

[2]     See R. Docs. 21969, 21970 at note 2.

[3]     This position was initially taken in an answer filed by the JV on behalf of its client, the Wisner Donation. R. Doc. 21732. However, the Wisner Donation is no longer represented, having been cut loose by the JV. The answer was not verified and there is no evidence of record which would indicate that the Wisner Donation Committee approved the answer.

• Whether attorneys' fees are to be determined on an hourly, contingent, or combined basis.

• What expenses are deductible from gross present value before any contingent fee is calculated.

• Which, if any, of several possible contingent fee percentages applies.

• What credits and offsets are to be applied to any fees due both to WW&G and to the JV.

• What costs and expenses are properly reimbursable to the attorneys.

To date, the JV has largely ignored these issues. In responding to the initial memorandum of Mark E. Peneguy, et al, the JV merely challenged Movers' standing and suggested that their issues should be taken up with the Trustee.[4]

**3.     Reasons oral argument will assist the Court.**

Neither the WW&G nor the JV engagement contracts before the Court are models of clarity. They require interpretation. In addition, the competing claimant counsels must also comply with their ethical and legal obligations under La. Rules of Professional Conduct, Rule 1.5(a), 1.5(b), and this Court's local Rules 54.2 and 67.3.[5]

The Wisner Donation and its beneficiaries were clients of the competing claimant counsels. Neither of these clients has approved of the total amount of attorneys' fees due or of the amount of costs that properly are reimbursable to the attorneys. These approvals are primary steps that must be satisfied.

---

[4]     R. Doc. 21970. Mark E. Peneguy, et al addressed standing in their prior filings and further in their reply memorandum filed on December 16, 2016. R. Doc. 22006.

[5]     See Movers' prior submissions, R. Docs. 21859, 21860, 22958, and 22006.

The briefing might go on indefinitely over just the point of what issues are involved, not to mention the issues themselves. Oral argument will assist the Court by providing the opportunity to get to the heart of the matter.

                          Respectfully submitted,

                          **MONTGOMERY BARNETT, L.L.P.**

                          By:    /s/ Daniel Lund
                          _____
                          DANIEL LUND (Bar No. 12782)
                          E-mail: dlund@monbar.com
                          JOHN Y. PEARCE (Bar No. 10374)
                          E-mail: jpearce@monbar.com
                          STEPHEN L. WILLIAMSON (Bar No. 8316)
                          E-Mail: swilliamson@monbar.com
                          C. BYRON BERRY, JR. (Bar No. 21476)
                          E-Mail: bberry@monbar.com
                          3300 Energy Centre, 1100 Poydras Street
                          New Orleans, Louisiana 70163-3300
                          Telephone: (504) 585-3200
                          Facsimile: (504) 585-7688
                          Attorneys for
                          Mark E. Peneguy, Edward W. Peneguy, Jr.,
                          Richard A. Peneguy, Jr., and Wendell H. Cook, Jr.

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that he has electronically filed the foregoing Memorandum in Support with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to counsel of record by notice of electronic filing and also has electronically served interested counsel via email on this 20th day of December, 2016.

                          /s/ Daniel Lund
                          _____