UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL-2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | |
| APRIL 20, 2010 | : | |
| | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | MAG. JUDGE WILKINSON |
| *All Cases* | | |

...........................................................................................................................

**PRETRIAL ORDER NO. 62 REGARDING THE PRESERVATION REQUIREMENTS IN LIGHT OF THE ENTRY OF THE CONSENT DECREE AMONG DEFENDANTS BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, AND BP AMERICA INC. ("BP"), THE UNITED STATES OF AMERICA, AND THE FIVE GULF STATES**

WHEREAS, this Multi-District Litigation ("MDL") was instituted on August 10, 2010. On April 4, 2016, this Court entered a Consent Decree (Rec. Doc. 16093) and a Final Judgment (Rec. Doc. 16095) resolving all claims between BP Exploration & Production Inc., BP America Production Company, and BP America Inc. ("BP"), the United States, and the States of Alabama, Florida, Louisiana, Mississippi, and Texas ("the five Gulf States");

WHEREAS, the five Gulf States each filed Complaints asserting certain economic and environmental claims against BP and other defendants but Florida, Mississippi, and Texas were never served with any discovery prior to the entry of the Consent Decree and the Final Judgment;

WHEREAS, Paragraph 14 of Pretrial Order No. 1 (Rec. Doc. 2) ("PTO 1") provides that all parties are required to "preserve evidence that may be relevant to this action…includ[ing] the obligation not to alter any such thing as to its form, content or manner of filing. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation."

WHEREAS, the State of Alabama and its agencies are public entities and thus subject to Alabama's public records law, Ala Code § 41-13-1, *et. seq.*, as well as certain state record retention policies and federal law requirements;

WHEREAS, the State of Florida and its agencies are public entities and thus subject to Florida's public records law, Chapter 119, Florida Statutes, as well as other laws;

WHEREAS, the State of Louisiana and its agencies are public entities and thus subject to the retention requirements for public records provided by Louisiana Revised Statutes 44:36 and 44:411, and the agency policies created pursuant to Louisiana Administrative Code Title 4, Part XVII, as well as certain additional federal law requirements;

WHEREAS, the State of Mississippi and its agencies are public entities and are subject to Mississippi's public records law, Miss. Code Ann. §§ 25-61-1, *et seq.,* as well as certain state record retention policies and federal law requirements;

WHEREAS, the State of Texas and its agencies are "governmental bodies" and "state agencies" subject to the Texas Public Information Act, Tex. Gov't Code ch. 552; the Texas Records Retention Act, Tex. Gov't Code ch. 441, subch. L; and administrative regulations promulgated thereunder, as well as other laws;

WHEREAS, the aforementioned state authorities, along with any relevant federal statutes establish the preservation obligations for the Gulf States subsequent to the termination of the obligations of Paragraph 14 of PTO 1;

WHEREAS, nothing in this Order is intended to vary the preservation obligations established pursuant to any public records law of the five Gulf States or any relevant federal law;

WHEREAS, nothing in this Order creates a right of action against any of the five Gulf States for any alleged violations of their respective public records laws or other applicable law.

THEREFORE, in light of the entry of the Consent Decree and the Final Judgment, and given the preservation obligations of the five Gulf States through their respective public records laws or other applicable laws and any pre-trial order, or other order, in the MDL (including PTO 1), and to conform to the requirement that the Court ensure the costs and burdens of discovery and preservation obligations imposed by litigation are proportionate to the benefits of such discovery and preservation obligations, the Court hereby enters the following order establishing the preservation obligations applicable to the five Gulf States and BP.

1. Upon the entry of this Order, the evidentiary preservation obligations of the five Gulf States and BP arising from the common law, the Federal Rules of Civil Procedure or any pre-trial order in the MDL shall be terminated as to the civil claims that are the subject of the covenants not to sue set forth in Paragraphs 61, 62, 63, and 75 of the Consent Decree.

2. The evidentiary preservation obligations of the five Gulf States and BP arising from the common law, the Federal Rules of Civil Procedure or any pre-trial order in the MDL that remain in effect after the entry of this Order are: (1) BPXP's obligation to maintain all of the data in its *Deepwater Horizon* Sharepoint database until the Federal On-Scene Coordinator has ingested the data and informed BP; and, (2) the obligation to preserve evidence that may be relevant to an anticipated dispute between the five Gulf States and BP related to the reservations of rights set forth in Paragraph 64 of the Consent Decree.  This order does not relieve local governments or local government entities, such as state counties or parishes, of their obligations under their respective public records laws or ordinances, or other applicable laws, or any pre-trial order, or other order, in the MDL.

3. Upon the entry of this Order, any preservation requirements established by Paragraph 14 of Pretrial Order No. 1 and not otherwise addressed by this Order shall be terminated.

4. Upon the entry of this Order, any requirements for email journaling, instant message logging, voicemail retention and/or BlackBerry Enterprise Server logging shall be discontinued. Unless otherwise authorized by this Court, this Order or state law, those records previously preserved shall continue to be preserved.

5. In the event that a Gulf State seeks to destroy records earlier than the timeline provided in the aforementioned laws due to a change in state records retention law, such state shall provide 30 days' notice to BP prior to the anticipated destruction.

6. Upon the entry of this Order, any requirements for the preservation of "samples" and "reference materials" as defined in any pre-trial order, or other order, in the MDL shall be terminated. For purposes of this Order, "Sample" shall mean any physical sample, including samples of soil, sand, water, air (whether ambient or breathing-zone), sediment, flora, fauna, wastes, extracts of samples for analysis, and the containers and media in which they are held. For purposes of this Order, and only as it pertains to the Gulf States, "reference materials" shall mean material collected by, or in the possession and/or control of, the Gulf States during the MC 252 Response between April 20, 2010, and September 19, 2010, that was used or released during the incident, including crude oil, additives used to treat the oil, dispersants, and drilling mud used in well kill efforts, which is sometimes known as "Top Kill Mud." It also includes "source oil" and "weathered oil" as those terms are defined in Pretrial Order No. 45. If any of the Gulf States elect to discontinue the storage and maintenance of said samples or reference materials following the entering of this Order, they shall provide notice and an accounting of said samples or materials to BP 30 days prior to the anticipated date of disposal or transfer to allow BP to review and determine whether to request to receive or otherwise take control of such materials. Such accounting shall include (1) the ID/Name and description of each sample (including its

medium (water, sediment, oyster, dolphin carcass, e.g.)); (2) the dates on which the sample was taken; (3) the location at which the sample was taken; (4) where applicable, the work plan or procedure under which the samples were taken; (5) (a) whether the sample has been subject to analysis; and (b) the analytes tested for and the analytical methods used; and (6) where applicable, identify the quality assurance project plan (QAPP) or similar quality assurance document for those samples.  All reports, notes, and analysis related to such samples shall be preserved.   All reports, notes, and analysis related to such samples shall be preserved consistent with applicable public records laws.

    7. In addition, should any of the Gulf States or BP elect to discontinue the storage and maintenance of samples following the entering of this Order, they shall each separately provide, 35 days prior to the anticipated date of disposal or transfer, a notice and an accounting of non-biological samples or materials to counsel for the objectors represented in Rec. Docs. 21806 and 21807 ("the Objectors"), to allow the Objectors to review and determine whether to request to receive or otherwise take control of such materials.  Such accounting shall include (1) the ID/Name and description of each sample (including its medium (water, sediment, sand, e.g.)); (2) the dates on which the sample was taken; (3) the location at which the sample was taken; (4) where applicable, the work plan or procedure under which the samples were taken; (5) (a) whether the sample has been subject to analysis; and (b) the analytes tested for and the analytical methods used; and (6) where applicable, identify the quality assurance project plan (QAPP) or similar quality assurance document for those samples.  All reports, notes, and analysis related to such samples shall be preserved.  The Objectors' 35 day review period may be extended by this court on motion and order for good cause shown, and may be shortened by consent of the objectors.  In addition, after this review period, the Objectors shall take custody themselves of

any samples they wish to preserve, with shipping and storage of such requested to be at Objectors' expense.

8. This order does not affect the terms of this Court's Order dated July 20, 2016 (Rec. Doc. 21088), relating to BP's disposal and preservation of reference materials.

New Orleans, Louisiana, on this _____ day of January, 2017.

 

                                                  _____
**HONORABLE JOSEPH C. WILKINSON**
**UNITED STATES MAGISTRATE JUDGE**