IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | § § § § | MDL 2179<br><br>SECTION:  J |
| THIS DOCUMENT RELATES TO:<br>2:16cv4122; 2:16cv4123;<br>2:16cv4124; and 2:16cv4151 | § § § | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER & REASONS [DOC 22003], SPECIFICALLY AS IT APPLIES TO 2:16CV4122; 2:16CV4123; 2:16CV4124; and 2:16CV4151**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs in Cause Numbers 2:16cv4122; 2:16cv4123; 2:16cv4124; and 2:16cv4151 (hereinafter referred to as WGTT Class Actions), and files this its Memorandum in Support of its Motion to Reconsider the Court's ruling as it applies to the above-referenced class actions, and in support thereof would show as follows:

Order & Reasons [Doc 22003], Page 22, the Court states that "…these Plaintiffs have not complied with PT-60 because their Complaints contain more than one Plaintiff."  First, the Plaintiffs would show that only one class representative has been named in each of the four referenced class actions (Note that there is no objection to Dismissal of 2:16cv4230 and 2:16cv4179).  However, the exhibits to the complaints lists the actual class members – the Complaint itself did not name any of those Plaintiffs as named Class Representatives.  More importantly, Plaintiffs have argued previously that PT-60, which has required every single Plaintiff, including those that have been on file for almost four years in a mass joinder (without objection), were all Plaintiffs that are now referenced as part of these four class actions.  Basically,

all of these class members had a lawsuit filed timely, albeit mass joinder, and now the Court has required each of these almost 25,000 fishermen to file individual lawsuits. Plaintiff decided to file class actions instead, listing only one class representative for the four separate classes of individuals pursuant to Rule 23. Now, the Court has stricken these class actions citing PT-60. This is clearly a violation of due process. In that regard, Plaintiffs would point the Court to *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311, 2010 U.S. LEXIS 2929, 78 U.S.L.W. 4246, 76 Fed. R. Serv. 3d (Callaghan) 397, 22 Fla. L. Weekly Fed. S 196 (U.S. 2010), the question was whether or not Plaintiff could seek to recover statutory interest as a class action in Federal Court, which was prohibited under New York law. The Supreme Court found that the answer to that question was "yes". Further, Supreme Court stated that Rule 23 is not discretionary if the criteria is met under Rule 23. The Court went on to say that a class action may be maintained, **not that a class action may be permitted** (Id at 399, 400). The Court indicated that the discretion suggested in Rule 23 is discretion that resides in the Plaintiff, meaning that a Plaintiff may bring his claim as a class action if he so wishes. That is exactly what Plaintiffs did here. Further, every single class member that is referenced in the four class actions filed, were previously listed individually in a mass joinder as far back as 2013 which were never objected to by the Defendants. Each one of these Plaintiffs/Class Members filed Plaintiff Profile Forms, Sworn Statements, as well as Short Form Joinders on many. At no time in the four years that these cases have been on file, did BP ever move to strike any of these clients' as an improper joinder and it was not until the Court's issuance of PT-60 (sua sponte) in the Summer of 2016 where for the first time in five years, the Court required every individual to file a separate lawsuit and pay a filing fee and file yet another Sworn Statement.

Plaintiffs would show that it is a violation of the due process rights of these Plaintiffs to even have made it necessary to file a class action, when they all had pending individual cases on file, as well as Plaintiff Fact Sheets and Sworn Statements.  In addition, per *Shady Grove,* the Court assumes the Plaintiffs have the absolute right to file the class claims.  The only reason that these cases were filed as class actions was that the Court was requiring almost 25,000 individuals who have common issues of fact and law to file individual lawsuits with an individual filing fee and file an additional individual Sworn Statements showing who they are and what their claim is against BP when they have already done so multiple times.  The Plaintiffs had forty-five (45) days under PT-60, and with the extension granted by the Court, about 60 days to file these 25,000 cases, which is physically impossible and economically impracticable. [1]

Even more important, a recent study was published/accepted in November 2016 that there is detrimental environmental consequences in the Gulf of Mexico that more likely than not affected the Mexican waters where all of these Plaintiffs make their living (See Exhibit "A" – *Interannual variability of soft-bottom macrobenthis communities of the NW Gulf of Mexico in relationship to the Deepwater Horizon oil spill,* <u>Marine Pollution Bulletin</u>*,* by Diana L. Salcedo, Luis A. Soto, Alejandro Estradas-Romero and Alfonso V. Botello (November 2016).  All of these individuals have been directly affected by the BP Oil Spill of April, 2010, and now the recent study appears to support their claims and the Court is dismissing their claims without due process.  The Plaintiffs ask the Court to reconsider its position and allow them to move forward either on their individual claims as originally filed in 2013, and/or at the very least on a class action basis as the law allows these Plaintiffs to file per Rule 23.[2]

---

[1] Further, Plaintiff would show that Pleading Bundle B-1 does not even involve or mention foreign Plaintiffs, only U.S. citizens and entities, but Plaintiff still complied with PT-60 anyway.
[2] Plaintiff would also show that the PSC used Rule 23 to settle classes amounting to more than $20 Billion in settlements and these Plaintiffs request the PSC help now with regard to these deserving Plaintiffs.

WHEREFORE, Plaintiffs pray that the Court reconsider its Order & Reasons [Doc 22003], and allow these Plaintiffs to either continue to move forward either on their individual claims that have been on file since 2013, and/or at the very least on a class action basis.

>Respectfully submitted,
>
>**Weller, Green, Toups & Terrell, L.L.P.**
>P.O. Box 350
>Beaumont, TX 77704
>(409) 838-0101/Fax: (409) 832-8577
>Email:  matoups@wgttlaw.com
>
>**By:** **/s/ Mitchell A. Toups**
>Mitchell A. Toups
>Texas Bar No. 20151600
>
>Ezequiel Reyna, Jr.
>Texas Bar No. 16794798
>Law Offices of Ezequiel Reyna, Jr., P.C.
>702 West Expressway 83, Suite 100
>Weslaco, TX  78596
>956-968-9556/Fax:  956-969-0492
>Email:  zreynajr@zreynalaw.com

**ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished to all counsel of record listed through File & Serve, on December 22, 2016.

>/s/ Mitchell A. Toups
>Mitchell A. Toups