IN THE UNITED STATE DISTRICT COURT

FOR THE EASTERN DISRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MDL NO. 2179<br><br>Section J<br><br>HONORABLE<br>CARL J. BARBIER<br><br>MAGISTRATE<br>JUDGE WILKINSON |
| This document relates to Case No. 12-970. | | |

**Coastal Business Products; Dan Karpuk Heating & Cooling; Psychological Medical Solutions; Teel & Waters Realty Company; Coastal Brick, LLC: Allen Ray McGinnis; Brandon O. Stewart, PA; and Elzbiata Stinebaugh,**

   **Plaintiffs/Petitioners,**

**v.**

**Patrick Juneau, Claims Administrator for the Deepwater Horizon Economic Claims Center,**

   **Defendant.**

_____/

### MEMORANDUM IN SUPPORT OF PETITIONERS' EMERGENCY MOTION FOR MANDATORY INJUNCTION

     The Deepwater Horizon claims process, while *sui generis,* is a legal fiction created by the federal laws and is administered and governed by the United States District Court for the Eastern District of Louisiana. Thus, federal procedural rules and laws apply.[1]

---

[1] See, for example, Appeals Rule 6(b) which specifically incorporates Rule 6 of the Federal Rules of Civil Procedure. Also, see ASA Rule 4.4.7 which subjects claims procedures to the ongoing supervision of the Court.

1

At this point, the Claims Administrator has not notified Claimants about anything regarding their claims even though all of the information necessary to adjudicate those claims was filed with the Claims Administrator on or before the deadline. The only fact that appears to be in conflict is whether or not the abbreviated "purple form," an on-line procedural e-filing, was submitted along with the detailed claim documents.

If the Claims Administrator believes the "purple form" to be jurisdictional in some fashion, Petitioners suggest that the District Court's Administrative Procedures regulates Claimants' filings and that the Claims Administrator has failed in his duties to the Court to know and understand the procedural rules and to handle procedural matters regarding claims accordingly.

If the "purple forms" failed to enter the e-dockets because of a technical glitch on the part of the Claims Administrator, Rule 5 allows Claimants to seek leave to file as long as leave is sought expeditiously. Administrative Procedures for Electronic Case Filing, Rule 5 at page 3. If the Claims Administrator believes Claimants' claims to be deficient because the "purple forms" do not appear on the e-dockets, then the Errors & Deficiencies rule requires that the Claims Administrator notify the Claimants of the deficiency:

> The Clerk's Office will notify all parties that a document filed is deemed deficient by way of a "NOTICE OF DEFICIENT DOCUMENT." A deficient document must be corrected and re-filed in its entirety within seven (7) calendar days; otherwise, it may be stricken by the Court without further notice.

Administrative Procedures for Electronic Case Filing, II. Unique Procedure and Practices, Errors & Deficiencies, at page 8. Moreover, Rule 4.4.3 of the ASA confirms that if a claim is incomplete, the Claims Administrator is to request additional information from the claimant.[2]

---

[2] ASA Rule 38.19 defines "claim" as any demand for request for compensation together with a properly completed form and required documentation. Here, Claimants undeniably filed a claim. Whatever the reason – the Claims

2

Rule 4.4.5, which references the "purple form" states only that to "participate" in the settlement program a claimant must submit a form. Rule 4.4.5 does not say when that form must be submitted (certainly before money is paid to the claimant) or that failure to submit with a claim is fatal to the claim.

Here, Claimants remain unsure of the status of their claims because they have not received notice of any kind from the Claims Administrator. Yet, the law and policies of the federal courts are clear: cases should be decided on the merits. *Hebert v. Specialized Envtl. Res., LLC*, CIV.A. 12-0071, 2013 WL 1288219, at *1 (E.D. La. 2013), holding that the federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Here, Claimants filed ALL the information they had and that was necessary to prove their claims within the time period allowed by the supervising U.S. District Court, i.e. June 8, 2015. Since then Claimants have heard nothing from the Claims Administrator, but they suspect that the absence of the "purple form" is being used to deny Claimants' claims. Yet, nothing in case law or any other ASA provision or rule states that the "purple form" may be used as a "mother may I" ruse to trick claimants who otherwise meet the substantive requirements for recovery under the ASA.

In sum, the essence of due process is the requirement that "a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (involving loss of social security benefits). Here, Claimants filed every substantive document necessary to prove their claims with evidence that is less

---

Administrator's fault or Claimants' attorney fault – for the missing e-"purple form," the absence of the "purple form" only means that the CA should have notified Claimants to complete their claims.

3

demanding than what would have been necessary at a trial on the merits. *In re Deepwater Horizon*, 744 F.3d 370, 373 (5th Cir. 2014), *reh'g denied*, 753 F.3d 509 (5th Cir. 2014), and *cert. denied sub nom. BP Expl. & Prod. Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S. Ct. 754 (2014).

The Claims Administrator would impose a tremendous injustice if the Claims Administrator denies Claimants' claims because of a missing form when their filings a) were timely and b) contained all data required. It is the Claims Administrator who controls the missing form in an e-environment created by the Claims Administrator. But more important at this point is that, to date, the Claims Administrator has failed to notify Claimants of any deficiency in their claims.

Petitioners only remedy is procedural and, thus, Petitioners ask the Court to compel the Claim Administrator to actively review Petitioners' claims; or, in the alternative, to provide notice to Petitioners of any deficiency in their filings so that Petitioners can inquire into the electronic process which Petitioners' attorney had used over sixty (60) successfully and which failed only at the last minute when Petitioners' attorney was filing his last claims.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

RE: John N.C. Ledbetter

I, JOHN F. GREENE, a member in good standing of the Bar of this court, do hereby certify that I have known John N.C. Ledbetter, the Petitioner herein, for more that 5 years. Professionally known to me and I know him to be a person of good moral character, I recommend him to the court.

JOHN F. GREENE, Esq.
Louisiana Bar No: 14309
4507 Furling Lane, Ste 210
Destin, Florida 32541
Tel: (850) 424-6833

## DEEPWATER HORIZON SETTLEMENT PROGRAM

## AS SUPERVISED AND ADMINISTERED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

I, **Dolores Reed**, hereby affirm and say:

1. I have read the motion to which this affidavit is attached and affirm that it is correct to my belief and knowledge.

2. I affirm my solid recollection that I filled out the "purple forms" for each claim listed in the motion and uploaded each "purple form" to the Claims Administrators website at the same time I uploaded the claims and all the documents proving the claims.

3. I have no understanding why the Claims Administrator's filing system failed to upload or record the "purple forms" for Coastal Business Products, Dan Karpuk Heating and Air, Inc., Psychological Medical Solutions, Teel & Waters Realty Company, Coastal Brick, LLC., Allen Ray McGinnis, Brandon O. Stewart P.A., and Elzbieta Stinebaugh. Indeed, the Ledbetter firm filed in excess of sixty (60) claims prior to these without incident. I was involved in filing the claims subject of these motions, I followed the same procedures set out by the Ledbetter firm and followed the directions of the Claims Administration website when uploading these claims. The supporting documents relating to each of these claims are reflected in the docket.

4. I affirm that in each claim I filed, I (saved or kept an email copy) of the claim and all supporting documents which I then emailed to CRI. I have attached copies of those confirmatory emails to CRI that show the claims were timely filed.

Further affiant sayeth not.

_____
Dolores Reed

STATE OF FLORIDA,
OKALOOSA COUNTY

Sworn to or Affirmed and subscribed before me this 28 day of October, 2016, by Dolores Reed.

_____
NOTARY PUBLIC

MARSHA J. MCCOMBS
MY COMMISSION # FF 837104
EXPIRES: November 17, 2019
Bonded Thru Notary Public Underwriters

X   Personally Known
___ Produced identification
    Type of identification produced_____

DEEPWATER HORIZON SETTLEMENT PROGRAM

AS SUPERVISED AND ADMINISTERED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

I, **John N.C. Ledbetter**, first being duly sworn, depose and say:

1. I am the principal of the Ledbetter law firm and I represent the claimants listed in the motion.

2. I have helped to draft, supervised and reviewed nearly seventy (70) claims made to the Claims Administrator. In all instances we followed the filing protocol set out on the Claims Administrator's website. I have no explanation why the Claims Administrator's website failed to accept or download the "purple forms" relating to Coastal Business Products, Dan Karpuk Heating and Air, Inc., Psychological Medical Solutions, Teel & Waters Realty Company, Coastal Brick, LLC., Allen Ray McGinnis, Brandon O. Stewart P.A., and Elzbieta Stinebaugh when, at the same time, the website accepted and downloaded the many claims subject of this motion and the documents proving those claims.

3. I have reviewed the filing procedures with our clients and our CPA, Carr Riggs & Ingram, and have found no anomalies, errors, or omissions. In all instances, the filing of the claims subject of our motion was normal and nothing from the Claims Administrator's website indicated otherwise.

Further affiant sayeth not.

_____
John N.C. Ledbetter

STATE OF FLORIDA,
OKALOOSA COUNTY

Sworn to or Affirmed and subscribed before me this 28th day of October, 2016, by John N.C. Ledbetter.

JENNIFER N DABNEY
MY COMMISSION # GG019816
EXPIRES August 09, 2020

_____
NOTARY PUBLIC

✓ Personally Known
___ Produced identification
     Type of identification produced_____