UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | Section J |
| | : | |
| This Document Applies to: | : | Judge Barbier |
| | : | |
| *No. 12-970, Bon Secour Fisheries, Inc., et* | : | Mag. Judge Wilkinson |
| *al. v. BP Exploration & Production Inc., et al.* | : | |

**RESPONSE OF THE DHECC TO SUR-REPLY OF MOLLERE, FLANAGAN & LANDRY, L.L.C.
TO THE REPLY OF THE DHECC IN SUPPORT OF THE MOTION FOR
<u>RETURN OF PAYMENTS MADE TO MAXIM, L.C., BRIANTE PALAZAENO AND OTHERS</u>**

COMES NOW the DHECC, and respectfully submits this response to the Sur-Reply of

Mollere, Flanagan, & Landry, L.L.C. ("Sur-Reply") to the DHECC's motion seeking return of

payments made to Maxim, L.C. ("Maxim"), Briante Palazaeno ("Palazaeno") and others (the

"Motion"). The Sur-Reply argues that the Motion must fail as to Maxim because Maxim was

not properly served. This argument is without merit as the Motion was served upon

Palazaeno who, as will be explained in this response, was the only proper individual to

receive service on behalf of Maxim, given the state of the company and its history of false

corporate filings. And in addition, Mollere, Flanagan & Landry, L.L.C. ("MFL") has no

standing to urge what is essentially a personal jurisdictional defense on behalf of a different

entity and party.

<u>SERVICE COULD NOT BE ON MAXIM'S
DECEASED PURPORTED CANINE AGENT FOR SERVICE</u>

Service upon Maxim's designate agent for service of process was impossible. Had

the DHECC sought to serve Maxim through its last listed registered agent, it would have

found that agent listed as "Primo Massimiliano." *See* Motion, Ex. CC. As already explained

in its Memorandum supporting the Motion, and as noted by Archila in his deposition, Primo

was the name of Palazaeno's now deceased dog, so service on an agent for service was impossible.

## MAXIM'S LEGAL STATUS

As a legal entity, Maxim has remained dormant since June of 2015.  Its last filing with the Louisiana Secretary of State was an electronically filed purported dissolution by affidavit of June 11, 2015.  The affidavit purports to be electronically signed by Julio Archila. However, the same form lists "JULIO ARCHILA (briante1492@ymail.com)" as the sole member of the limited liability company.  But when deposed, Archila stated he had no knowledge of this form, nor did he authorize anyone to sign it on his behalf. (*See* Motion, Ex. Q, pp. 69 - 84).  Archila's lack of knowledge, coupled with the fact that this form lists Palazaeno's known email address in the member address block is evidence that this dissolution is invalid and that the entity was controlled only by Palazaeno. (*See* Motion, Ex. W).

## SERVICE ON ARCHILLA WOULD NOT HAVE BEEN PROPER

As explained by the DHECC in the Memorandum supporting the Motion, Maxim was, and remains, in the control of Palazaeno.  Besides Palazaeno, the last listed member of the limited liability company was Archila, who under oath stated he had never signed any filings on behalf of the company, had no knowledge that he was a member of the company, nor had he authorized the signing of his name to any legal documents.  *See* Motion, Ex. Q, pp. 69 – 84.  With his sworn statement that he never signed any documents, never agreed to become, nor was a member of Maxim, service upon Archila would have been improper.

<u>SERVICE ON LICCIARDI WOULD NOT HAVE BEEN PROPER</u>

Nor would service on Shelly Licciardi ("Licciardi") have been availing.  Licciardi already testified as to having only limited involvement in Maxim, and had no knowledge of the company's claim with the DHECC.  Motion, Ex. O.  Moreover, Licciardi in a statement to DHECC investigators with her counsel present stated that she had never before seen any of the notices of change listing her as agent, dated April 12, 2013 and June 11, 2013.  Further, Licciardi told investigators that subsequent to her and Palazaeno's relationship ending in 2011, she continued to tell him she wanted her name taken off of any documents related to the restaurant, and he had assured her that had already been done.

<u>SERVICE ON PALAZAENO WAS ADEQUATE AND SUFFICIENT</u>

Assuming that Maxim's last filed notice of change, dated July 12, 2013 (Motion, Ex. CC), is invalid due to both an unauthorized electronic signature (Archila) and the listing of a canine as agent (Primo), upon looking to the prior two notices of change, Palazaeno is listed as member on both.  *See* Motion, Exs. AA, BB.  Here, service is proper upon Palazaeno as he is listed as a member of the company.[1]  MFL's challenge to service upon Maxim echoes back to an argument this Court already has already rejected as inapplicable in its first opinion on a Motion for Repayment.  Order and Reasons on Motion of the Special Master for Return of Payments Made to Casey Thonn and Others, (Rec. Doc. 12784)("Thonn Order").  MFL contends that the DHECC did not serve Maxim "as the Court ordered."  In *Thonn*, this Court

---

[1] La. C.C.P. Art. 1266(B)(1) states that service upon an LLC may be made by personal service upon any member if management is not vested in a manger when the LLC has either failed to designate an agent for service or if after due diligence the one attempting to make service certifies that he is unable to serve the agent.  As Palazaeno is listed as a member on the June 11, 2013 Notice of Change, and Licciardi's appearance on the form is invalid as she stated to the DHECC in an interview with counsel present that she had nothing to do with the creation of that form and since her relationship with Palazaeno ended in 2011, she repeatedly requested that he remove her from the entity.

established the standard for "service" of subjects of Motions for Repayment.  Specifically,

this Court reasoned that the DHECC's Motion is a "post-trial review of payment" rather than

a filed complaint; therefore, formalities accompanied with the filing of a complaint need not

be followed.  *Thonn*, at 12 (Rec. Doc. 12784).  The Court's due process discussion as it

relates to personal jurisdiction serves as a standard to which the DHECC must follow, and

did follow, in this instance.  *Thonn*, at 13-14.  As the Court was satisfied that notice and

ample opportunity were provided to the parties in Thonn, so too should this Court be

satisfied with the DHECC's notice with regard to Maxim as outlined above in this response.

And indeed, Palazaeno is represented by counsel, who has opposed the Motion on behalf of

Palazaeno, but notwithstanding knowledge that Maxim was named and served through

Palazaeno, elected not to appear for Maxim.

<u>MOLLERE, FLANAGAN & LANDRY HAVE NO STANDING<br>TO CHALLENGE SERVICE ON MAXIM</u>

MFL seeks to challenge service of Maxim, from which MFL has admittedly ceased

representation.  Initially, the DHECC would submit that MFL lacks standing, as it asserts a

defense that is properly left for another separate entity named in the DHECC's motion.

However, MFL lacks standing to place itself into Maxim's shoes to challenge an issue

that bears only upon that entity.  MFL has not shown through its Sur-Reply that it meets the

constitutional minimum elements to maintain standing to challenge the service issue of

Maxim.  Specifically, it has not shown that 1) it has suffered an invasion of a legally

protected interest which is concrete and particularized and "actual or imminent," 2) a

causal connection exits between injury and the conduct complained of, nor 3) it is "likely" as opposed to "speculative" that the injury will be redressed by a favorable decision.[2]

The overwhelming consensus of federal jurisprudence regarding standing bears on whether a "plaintiff [can] allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587, 598 (2007)(quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).  MFL lacks standing to challenge whether Maxim is served as MFL is unable to show any of the above elements.  Maxim would potentially be able to argue the above elements, and thus gain standing; however, it has chosen not to oppose the DHECC's motion.

For the above reasons and those stated in the DHECC's previous filings, the DHECC asks the Court to grant the Motion.

Respectfully submitted,

Patrick Juneau
Claims Administrator

By:   ___/s/  Kevin Colomb_____
Kevin Colomb
Manager of Compliance and Internal Integrity

Dated:   January 4, 2017

---

[2] *Lujuan v. Defenders of Wildlife*, 504 U.S. 555 (1992)(citing *Allen v Wright*, 468 U.S. 737 (1984), *Warth v. Seldin*, 422 U.S. 490 (1975), *Simon v. Eastern Ky. Welfare Rights Organziation*, 426 U.S. 41-42 (1976))

## **CERTIFICATE OF SERVICE**

I hereby certify that this 4th day of January, 2017, a copy of the above and foregoing papers have been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.


/s/Kevin Colomb_____
Counsel