**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 <br><br> SECTION J |
| This Document relates to: <br> *Nos. 16-4122, 16-4123, 16-4124, 16-4151* | * * * * | JUDGE BARBIER <br> MAGISTRATE JUDGE WILKINSON |

**BP'S RESPONSE IN OPPOSITION TO WELLER GREEN TOUPS & TERRELL CLASS ACTION PLAINTIFFS' MOTION FOR RECONSIDERATION**

BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), pursuant to the Court's December 22, 2016 Order (Rec. Doc. 22035), hereby file their response and opposition to the Weller Green Toups & Terrell, L.L.P. class action plaintiffs' ("Plaintiffs" or "Movants") Motion for Reconsideration (Rec. Doc. 22034) of the Court's PTO 60 Reconciliation Order (Rec. Doc. 22003).

Movants have asserted no reason why the Court should reconsider its order dismissing their claims as a result of their willful violation of the Court's orders. Movants were aware of the Court's requirement that plaintiffs in "mass joinder" actions in Bundle B1 in MDL 2179 file individual actions and that noncompliance with the Court's pretrial order would result in dismissal of their claims. Indeed, these Movants sought and were granted additional time to comply, and counsel for Movants was permitted to file amended complaints expressly to comply with PTO 60 on behalf of 41 *other* clients. Despite the extra time, these Movants elected not to comply and instead (by their counsel) filed four ***new and additional*** mass joinder complaints into MDL 2179, collectively joining **nearly 25,000 plaintiffs**. The Court's dismissal of Movants'

claims for their willful noncompliance with the Court's pretrial orders is an appropriate exercise of its authority and discretion in managing this complex litigation. Plaintiffs' motion should be denied.

## BACKGROUND

PTO 60 is clear and unambiguous. All B1 plaintiffs that "did not file an individual lawsuit, but instead filed a SFJ [short-form joinder] and/or were part of a complaint with more than one plaintiff, [must] . . . file an individual lawsuit (Complaint) (one per plaintiff)." (PTO 60 ¶ 6(B)(i) (Rec. Doc. 16050).) As originally ordered on March 29, 2016, B1 plaintiffs with unreleased claims had until May 2, 2016 to comply with the individual lawsuit requirement, and Movants were on notice that any B1 plaintiffs that "did not file individual lawsuits, but instead filed a SFJ and/or were part of a complaint with more than one plaintiff, who fail to comply with [PTO 60's] requirements by May 2, 2016, will have their claims deemed dismissed with prejudice without further notice." (*Id*. ¶ 6(B)(ii).)

On April 19, 2016, Movants' counsel filed motions for an extension of time in which to comply with PTO 60 on behalf of their clients, making no argument as to the propriety of PTO 60, nor to any alleged ambiguity in its application or filing requirements. In a declaration in support of that motion, Movants' counsel informed the Court that the extension sought would be sufficient to allow Movants to meet their PTO 60 filing requirements: "A fourteen day extension would allow us to represent our Clients by contacting them, speaking to them, and coordinating their filing requirements before the deadline." (Rec. Doc. 16274-2 ¶ 7; 16314-2 ¶ 7.) On April 22, 2016, the Court granted Movants an extension until May 16, 2016. (Rec. Doc. 16424.)

Rather than file the individual actions required by PTO 60, Movants filed four putative class actions that listed a total of **24,450 plaintiffs** in exhibits to their complaints. Movants'

2

complaints clearly identified the tens of thousands of individuals and fishing cooperatives listed on the exhibits to their complaints as the plaintiffs in their actions. For example, each of the four complaints at issue is styled as "PLAINTIFF*S*' ORIGINAL COMPLAINT" (emphasis added) and refers throughout to there being numerous ***plaintiffs*** joining in the complaint. (*See, e.g.*, Case No. 16-04151, Rec. Doc. 1 ¶ 18 ("Plaintiffs herein . . . are independent fisherman [sic] (or other related individuals and businesses) that were impacted by the Oil Spill, with their primary residences and their principal places of business in the Republic of Mexico.").) The exhibits to Movants' complaints then expressly identify tens of thousands of individuals and businesses as "plaintiffs" in their actions. For example, Exhibit D to the Complaint in Case No. 16-04124 identifies 4719 "Retail and Processing Plaintiffs" on 48 pages:

```
Case 2:16-cv-04124   Document 1-2   Filed 05/03/16   Page 48 of 48
                            EXHIBIT "D"

               Compra Venta de Felipe Barrios, et al
                   "Retail and Processing Plaintiffs"

4660.  Solorio Barbosa Edward Guadalupe      4710.  Vera Pacheco Wilbert Concepcion
4661.  Solorio Barbosa Manuel Baltazar       4711.  Villanueva Campos Limbert Janitzio
4662.  Solorio Corea Luis Javier             4712.  Villanueva Rivero Angel Alberto
4663.  Solorio Gomez David Alejandro         4713.  Xool Perera Santos Manuel
4664.  Solorio Uc Rafael                     4714.  Zaldivar Zapata Felipe De Jesus
4665.  Solorio Valencia Erik Rafael          4715.  Zamorano Chay Jorge Leonardo
4666.  Sosa Betanzo Julian                   4716.  Zapata Chan Adalberto
4667.  Sosa Cantillo Jaberth Alberto         4717.  Zapata Cutz Manuel Jesus Alberto
4668.  Sosa Estrella Jaime Ariel             4718.  Zapata May Francisco
4669.  Sosa Macario Facundo                  4719.  Zapata Rosel Jorge Alberto
```

(Case No. 16-04124, Rec. Doc. 1-1 (Exhibit D). Likewise, Exhibit 1 to the Complaint in Case No. 16-04151 identifies 16,715 "INDEPENDENT FISHERMAN PLAINTIFFS" on 191 pages:

3

### EXHIBIT "1"

### "INDEPENDENT FISHERMAN PLAINTIFFS"

| | |
|---|---|
| 16636. Soto Lopez Hector Manuel | 16680. Gomez Felix Jose Luis |
| 16637. Soto Ramirez Francisco | 16681. Gomez Montejo Ignacio |
| 16638. Torres Esquivel Benito | 16682. Gomez Morales Wilson |
| 16639. Valencia Sanchez Manuel Antonio | 16683. Gomez Perez Ramon |
| 16640. Valencia Sanchez Rodolfo | 16684. Hernandez Alejandro Juan Antonio |
| 16641. Vazquez Perez Sebastiana | 16685. Hernandez Basurto Alberto |
| 16642. Vazquez Saldaña Silvia | 16686. Hernandez Basurto Julio Cesar |
| 16643. Ventura Leyva Cergio | 16687. Hernandez Gomez Luis |
| 16644. Vidal Garcia Jose Angel | 16688. Hernandez Hernandez Concepcion |
| 16645. Zacarias Guzman Lazaro | 16689. Hernandez Hernandez Roberto |
| 16646. Zacarias Zacarias Feliciano | 16690. Hernandez Quiroz Noemi Abigail |
| 16647. Zurita Mendez Hipolito | 16691. Hernandez Rivera Jose Manuel |
| 16648. Argaez Luna Franklin | 16692. Hernandez Tuñon Javier |
| 16649. Arias Martinez Gilberto | 16693. Hernandez Velasco Andres |
| 16650. Blanco Laso Alejandro | 16694. Herrera Enriquez Evaristo |
| 16651. Bolon Benites Jose Del Carmen | 16695. Huerta Gomez Carlos Alberto |
| 16652. Cano Padron Rafael | 16696. Huerta Gomez Priscilla |
| 16653. Carmona Carmona Noemi | 16697. Huerta Leon Gilberto |
| 16654. Carmona Quiroz Candido | 16698. Jacobo Andrade Francisco |
| 16655. Carmona Quiroz Martha | 16699. Lopez Lopez Ernesto |
| 16656. Castro Pantoja Jose Manuel | 16700. Lopez Lopez Pedro |
| 16657. Contreras Cupil Maria Del Carmen | 16701. Luna Hernandez Felipe |
| 16658. Cruz Gomez Benigno | 16702. May Rodriguez Antonio |
| 16659. Cruz Gomez Jose | 16703. Mendez Gonzalez Rodrigo |
| 16660. De La Cruz Arias Jose Lievano | 16704. Molina Prieto Leonardo |
| 16661. De La Cruz Arias Sergio | 16705. Perez Hernandez Javier |
| 16662. De La Cruz Cruz Pablo | 16706. Perez Lopez Guillermo |
| 16663. De La Cruz De La Cruz Javier | 16707. Quiroz Chavarria Candelario |
| 16664. De La Cruz De La Cruz Orlando | 16708. Quiroz Echeverria Josefa |
| 16665. De La Cruz Hernandez Josue | 16709. Ramos Cruz Antonio |
| 16666. De La Cruz Hernandez Valentin | 16710. Rodriguez Dominguez Manuela |
| 16667. De La Cruz Santos Manuela | 16711. Tagano Martinez Jose Manuel |
| 16668. Felix Morales Flora | 16712. Teofani Gomez Abraham |
| 16669. Garcia Cruz Juan Gabriel | 16713. Teofani Gomez Leonel |
| 16670. Garcia De La Cruz Andres | 16714. Torres Jimenez Carolina |
| 16671. Garcia Hernandez Lorenzo | 16715. Trinidad Lazo Antonio |

(Case No. 16-04151, Rec. Doc. 1-1 (Exhibit 1).)

In its June 7, 2016 Show Cause Order, the Court expressly identified Movant's four actions as "'Mass Joinder' complaints filed in violation of PTO 60." (Rec. Doc. 18724 ¶ 4; Rec. Doc. 18724-4 (Exhibit 3 - Mass Joinder Complaints).) Rather than immediately dismiss their claims with prejudice, the Court granted Movants an opportunity to respond, and ordered Movants to show cause why their claims should not be dismissed with prejudice for failing to comply with the individual complaint requirement of PTO 60. (*Id.*) In response, Movants argued in their show cause submission (1) that their complaints complied with PTO 60 because they were "brought by one class representative on behalf of a class that is individually named in the Complaint therein" and (2) "that Pleading Bundle B-1 does not involve foreign Plaintiffs, only U.S. Citizens and entities; therefore, PTO-60 appears not to apply to these foreign Plaintiffs[.]" (Rec. Doc. 21330 at 2 (emphasis omitted).) In its December 16, 2016, Reconciliation Order, the Court rejected these arguments and found that Movants failed to comply with PTO 60 because their complaints were brought by multiple plaintiffs. (Rec. Doc. 22003 at 22.)

## ARGUMENT

Dismissal of Movants' claims for violation of the Court's pretrial orders was an appropriate exercise of the Court's authority and discretion in managing this litigation and enforcing its orders. *See Cranford v. Morgan S., Inc.*, No. 10-60315, 2011 WL 1258515, at *3 (5th Cir. Apr. 5, 2011) ("A district court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases."). Movants fail to call any aspect of the Court's ruling into question, let alone present arguments that meet the standards for a motion for reconsideration. The motion should be denied.

**I.     MOVANTS MAKE NO ARGUMENTS THAT MERIT RECONSIDERATION.**

As an initial matter, Movants have failed to make any arguments that are appropriate on a motion for reconsideration, and their motion should be denied for that reason alone.  To prevail on a motion for reconsideration,[1] the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact.  *Henry v. New Orleans Louisiana Saints, LLC*, No. CV 15-5971, 2016 WL 3524107, at *2 (E.D. La. June 28, 2016) (Barbier, J.) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

Movants make no effort to meet these requirements.  They cite to no change in the controlling case law and to no new evidence relevant to the dismissal of their claims for failure to comply with PTO 60.[2]  Far from "clearly establish[ing]" that the Court has engaged in manifest error, Movants fail to cite ***a single authority*** calling into question the Court's authority to require them to file individual complaints or to dismiss their claims as a sanction for willful noncompliance with the Court's orders.

---

[1]     Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a timely motion for "reconsideration" will be treated as Rule 59(e) motion to alter or amend a judgment.  *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *see also In re Fellows*, 19 F.3d 245, 245-246 (5th Cir. 1994); *Edward H. Bohlin Co. Inc. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (motion for reconsideration filed within time specified by Fed. R. Civ. P. 59(e) is treated as motion to alter or amend).

[2]     The one "new" element that Movants seek now to introduce is a November 2016 article addressing "Interannual variability of soft-bottom macrobenthis communities of the NW Gulf of Mexico in relationship to the Deepwater Horizon oil spill," (Pls. Mem. at 3, Ex. A), with the suggestion that this article somehow demonstrates that Mexican plaintiffs have suffered some "injury."  That article, of course, has no relevance to the Court's ruling dismissing Movants' claims for noncompliance with its pretrial orders.  For completeness, however, BP notes that the authors of the cited study do not find any impact from the *Deepwater Horizon* oil spill in Mexico and even admit the source of PAHs in the study area is "uncertain."  (*Id.* at 1.)  The article says nothing about whether the spill impacted Mexican fisheries, much less Mexican fishermen.  In fact, the authors concluded in a previous publication that "[d]uring the first two years of environmental monitoring of Mexico's EZZ in the NW Gulf of Mexico, ***no evidence of the DWH oil spill have been detected***."  Alfonso V. Botello, Luis A. Soto, Guadalupe Ponce-Velez, Susana Villanueva F, *Baseline for PAHs and metals in NW Gulf of Mexico related to the Deepwater Horizon oil spill*, ESTUARINE, COASTAL AND SHELF SCIENCE (2014) *available at*  https://www.researchgate.net/publication/270582620_Baseline_for_PAHs_and_metals_in_NW_Gulf_of_Mexico_related_to_the_Deepwater_Horizon_oil_spill (last accessed Jan. 6, 2017) (emphasis added).

Instead, Movants simply repeat, in greater or less detail, the very same arguments they raised in their PTO 60 show cause submission prior to the Court's PTO 60 Reconciliation Order. A motion for reconsideration, however, "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," nor to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *Voisin v. Tetra Techs., Inc.*, No. CIV.A 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Having failed to meet their burden, Movants' motion should be denied on this basis alone.

## II.     PLAINTIFFS FAILED TO COMPLY WITH PTO 60.

There can be no dispute that Movants failed to comply with PTO 60's individual lawsuit requirement. Indeed, despite their prior equivocations, Movants now concede that the thousands of individuals and businesses listed in exhibits to their complaints are in fact plaintiffs in their actions: Movants state that "the exhibits to the complaints lists [sic] the actual class members — the Complaint itself did not name any of *those Plaintiffs* as named Class Representatives." (Pls. Mem. at 1.) Movants' assertion that their actions alleged only one putative class representative is irrelevant: PTO 60 did not contain a "one class representative" requirement; instead, it required every B1 plaintiff to have filed "an individual lawsuit (Complaint) (one per plaintiff)." (PTO 60 ¶ 6(B)(i) (Rec. Doc. 16050).) Movants yet again have confirmed that their four actions are mass joinder actions with voluminous numbers of plaintiffs and so fail to comply with PTO 60's requirement that each B1 action contain only *one plaintiff*.

In addition, Movants' revived assertion that "Pleading Bundle B-1 does not even involve or mention foreign Plaintiffs" lacks merit. (Pls. Mem. at 3 n.1.) Movants provide no citation or argument for this unsupported assertion, and this Court's orders confirm that Movants are in error: PTO 11 defined Bundle B1 to include *all* "Non-Governmental Economic Loss and

7

Property Damages" claims—with no limitation to plaintiffs residing in the United States. (Rec. Doc. 569 at 3.) Fundamentally, completely undermining their own argument, Movants *themselves* captioned each of their four complaints as "relat[ing] to Pleading Bundle B1." Finally, at no point before the deadline for compliance with PTO 60 did Movants seek clarification from the Court as to whether PTO 60 applied to them—and in seeking additional time from the Court to comply essentially conceded that it did. Movants have raised this argument now only as an attempt at an *ex post* justification for their failure to comply with PTO 60. Movants thus have failed to advance any meritorious argument to dispute the Court's finding that they failed to comply with PTO 60's individual lawsuit requirement—much less that the Court's finding was manifest error.

**III.   MOVANTS FAIL TO SHOW ANY VIOLATION OF DUE PROCESS.**

PTO 60 and its related orders are an appropriate exercise of the Court's inherent authority and discretion in managing this highly complex litigation, authority that the Fifth Circuit has confirmed in other MDL 2179 proceedings. *See In re: State of Louisiana, Petitioner*, No. 11-30178, Order Denying Petition for Writ of Mandamus to the United States District Court for the Eastern District of Louisiana, No. 2:10-MD-2179, issued April 11, 2011, at 2 ("We have long held that a district court has the inherent authority and discretion to consolidate and manage complex litigation, particularly when serving as the transferee court in a multidistrict proceeding."); *see also Cranford v. Morgan S., Inc.*, No. 10-60315, 2011 WL 1258515, at *3 (5th Cir. Apr. 5, 2011) ("A district court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases.").

That authority extends to dismissal of actions as part of the court's "broad discretion to preserve the integrity and purpose of [a] pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citation and internal quotation marks omitted). Thus, the Fifth Circuit

8

has affirmed the dismissal of a suit for a litigant's failure to make required disclosures because "a district court may, *sua sponte*, issue sanctions . . . if a party fails to comply with a scheduling order." *McGillivray v. Countrywide Home Loans, Inc.*, 360 F. App'x 533, 536 (5th Cir. 2010).

Prior to PTO 60, Movants were plaintiffs in some of the very largest mass joinder actions in MDL 2179. One of the most significant case management challenges addressed by PTO 60 was the presence of these "mass joinder" actions in which hundreds, thousands, or tens of thousands of plaintiffs joined in a single complaint, with few or no allegations regarding the identify of individual plaintiffs, their status with respect to the settlement classes and the Oil Pollution Act presentment requirement, or their particular allegations as to damages and causation. Rather than comply with PTO 60, however, Movants willfully sought to avoid it. As Movants candidly state, "[b]asically, all of these class members had a lawsuit filed timely, albeit mass joinder, and now the Court has required each of these almost 25,000 fishermen to file individual lawsuits. Plaintiff decided to file class actions instead[.]" (Pls. Mem. at 1-2.) In other words, plaintiffs were aware of the express requirements of PTO 60, but ***"instead"*** chose not to comply and to refile new mass joinders styled as class actions.

Movants' violations of PTO 60 were calculated and willful, and Movants were not denied due process by the PTO 60 requirements that they now for the first time call "physically impossible and economically impracticable." (Pls. Mem. at 3). Movants had notice in March 2016 that dismissal of their claims would be the sanction for noncompliance with PTO 60. In April 2016, their counsel represented to the Court that an extension through May 16, 2016 (which they received) would allow their counsel to "coordinat[e] their filing requirements before the deadline." (Rec. Doc. 16274-2 ¶ 7; 16314-2 ¶ 7.) At no time prior to its motion for reconsideration—more than seven months after the PTO 60 deadline—did plaintiffs argue that

9

compliance with the May 16 deadline would be "impossible," nor did plaintiffs make any attempt to cure their noncompliance with PTO 60's individual lawsuit requirement.  Not only does Movants' "impossibility" argument contradict their counsel's prior representations to the Court, but it is an argument that should have been made many months ago, rather than via a motion for reconsideration.  *See Garriott v. NCsoft Corp.*, 661 F.3d 243, 248 (5th Cir. 2011) ("A motion . . . to amend a judgment cannot be used to raise arguments which could, and should, have been made before the judgment issued.") (internal quotations omitted).

Finally, Movants argue that they were deprived of due process because "the Court has stricken [their] class actions citing PT-60 [sic]" and that they have "an absolute right to file the[ir] class action claims."[3]  (Pls. Mem. at 3.)  Movants' argument, however, mischaracterizes this Court's ruling dismissing their claims, and thus their argument that they have an absolute right to pursue a "class action" irrespective of PTO 60 is of no consequence.  Whether they are styled as class actions or not, Movants' lawsuits are ***mass joinders*** of thousands of plaintiffs, and it was on that basis that the Court dismissed plaintiffs' claims in its Reconciliation Order.  That sanction was not unanticipated for non-compliance with PTO 60, and rests soundly within this MDL Court's discretion for willful noncompliance with the Court's pretrial order.[4]

---

[3] Movants cite a single legal authority in their motion for reconsideration, and it fails to support their arguments. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), held that, notwithstanding a state statute that purported to limit the types of actions that may be brought as class actions to those that do not seek penalties or statutory minimum damages, plaintiffs in a federal diversity action could pursue a class action seeking statutory interest pursuant to federal law requirements alone. Unlike the lower court in *Shady Grove*, this case does not involve an attempt by a State to use its own law to try to modify Federal Rule of Civil Procedure 23. Nor does *Shady Grove* ever suggest that a plaintiff's right to pursue certification of a class action consistent with Rule 23 somehow shields it from dismissal of its claims on other grounds, such as failure to comply with pretrial orders.

[4] It is BP's long-held MDL 2179 legal position that any maritime law claims filed on behalf of Mexican plaintiffs are displaced by the Oil Pollution Act ("OPA") and that such plaintiffs are also unable to meet the prerequisites for pursuing OPA claims. Hence, the dismissal of the claims at issue here is proper not only on the procedural grounds analyzed above but on substantive grounds as well. Accordingly, if their Motion for Reconsideration were to be denied and Movants were then to appeal, BP would be entitled to defend against such an appeal on any grounds, including those related to OPA.

## CONCLUSION

Movants responded to this Court's requirement that plaintiffs in mass joinder actions file individual complaints by instead filing new and additional mass joinders. In their show cause briefing, Movants offered no credible explanation for their failure to comply, and they now simply rehash those arguments in moving for reconsideration. Their Motion should be denied.

January 6, 2017                                   Respectfully submitted,

*/s/ Don Haycraft*

Don Haycraft (Bar #14361)
R. Keith Jarrett (Bar # 16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Rick C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Responses in Opposition to Weller Green Toups & Terrell Class Action Plaintiffs' Motion for Reconsideration** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of January, 2017.

*/s/ Don Haycraft*
Don Haycraft