UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIANIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | | |
| Of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | JUDGE BARBIER |
| **This Document Relates To:** | | |
| *Pleading Bundle B1* | * | MAG. JUDGE WILKINSON |
| | | |
| **JEM PC BEACH, LLC. ,** | | CIVIL ACTION |
| | | No. 2:16-cv-05490 |
| (Plaintiff) | | |
| | * | SECTION J |
| **VERSUS** | | |
| | * | JUDGE BARBIER |
| **BP EXPLORATION & PRODUCTION, INC.,** | | |
| **BP AMERICA PRODUCTION COMPANY,** | | |
| **and BP P.L.C.** | * | MAG. JUDGE WILKINSON |
| (Defendants) | | |

**PLAINTIFF JEM PC BEACH, LLC'S MOTION TO VACATE NOTICE OF VOLUNTARY DISMISSAL**

The Plaintiff, JEM PC Beach, LLC (hereinafter "JEM PC Beach") moves this court to vacate Plaintiff's Notice of Voluntary Dismissal under Federal Rules of Civil Procedure Rule 60(b) and states as follows:

1. JEM PC Beach, timely filed their Complaint, Sworn statement, and Opt Out Form on May 31, 2016. This Plaintiff was in a group whose complaints were to be filed on or before May 31, 2016. The copy of the Court docket sheet from that date is attached as "**Exhibit 1**" hereto and is evidence of the timely filing and service of the Complaint. This document shows that JEM PC Beach complied with PTO 60.

2. When PTO 60 was entered JEM PC Beach's counsel represented 1,030 Plaintiffs who had been included in a consolidated complaint (*See* **Exhibit 2**) (Complaint and Appendix – List of Clients). When PTO 60 was entered. Plaintiff's counsel was confronted with the task of having to file 1,030 individual complaints for clients whose claims had been stayed by the court order for nearly 5 ½ years and had to provide sworn statements to

accompany complaints prepared and filed from each and every one of these clients. Plaintiff's counsel was given 45 days to do so; 60 days with an extension. In the intervening 5 ½ years many of these clients had moved and addresses and phone numbers were no longer valid. These clients had to be located, filing fees obtained, sworn statements taken and their complaints prepared and filed. In the meantime the court had also entered a confidential order ordering counsel to settle these same claims with Magistrate Shushan and her counsel selected to assist her. Plaintiff's counsel was working on these claims on these parallel tracks with two other law firms.

3. A division of labor was assigned to each firm. One of the firms, The Law Offices of Samuel T. Adams, was assigned the responsibility for dismissing any claims that needed to be dismissed without prejudice for clients whose claims were determined to be abandoned when the client could not be located in time or settled in the time allotted or whose claims could not get filed timely. Our firm was assigned the task of locating clients getting filing fees, sworn statements and getting claims filed. Somehow in the confusion of getting claims filed or settled or dismissed , JEM PC Beach that had been timely filed got on the wrong list and was inadvertently dismissed by the firm dismissing claims even though the claim had been timely filed.

4. On June 7th, 2016, this Court entered an Order to Show Cause stating in part that:

> Any Plaintiffs who believe that they have complied with PTO 60 but are not listed on Exhibits 1 or 2 must show cause in writing on or before June 28, 2016, why this Court should not dismiss their B1 claim(s) with prejudice for failing to comply with the requirements of PTO 60.

5. On or about June 27, 2016, JEM PC Beach was inadvertently included with other Plaintiffs which were to be voluntarily dismissed in a filed Notice of Voluntary Dismissal without Prejudice under Federal Rule of Civil Procedure Rule 41(a)(1)(A).

6. JEM PC Beach's co-counsel inadvertently and mistakenly included JEM PC Beach alongside other Plaintiffs who were meant to be voluntarily dismissed following settlement of claims with Defendants.

7. Plaintiff seeks to correct this inadvertent error with this motion.

8. On June 28 2016, JEM PC Beach filed their Response to Order to Show Cause re: Compliance with PTO 60. (**Exhibit 3**)

9. JEM PC Beach would not have filed their Response to Order to Show Cause had they intended to voluntarily dismiss their claim against Defendants.

10. According to Federal Rule of Civil Procedure Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding…" under certain circumstances, including (1) "mistake, inadvertence, surprise or excusable neglect".

11. A "Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a "final proceeding…. subject to vacatur under Rule 60(b)." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362-63 (5th Cir. 2013)

12. Plaintiff will suffer irreparable harm if they are not able to vacate the mistakenly and inadvertently filed Notice of Voluntary Dismissal of JEM PC Beach. Defendants would not be prejudiced by vacating the Notice of Dismissal.

13. JEM PC Beach's counsel received Notice of Dismissal that Plaintiff's claim was dismissed on November 18, 2016 alongside 23 claims of other Plaintiffs which were intentionally dismissed without prejudice.

WHEREFORE, Plaintiff, JEM PC Beach moves this Honorable Court to vacate Plaintiff's Notice of Voluntary Dismissal as to Plaintiff, JEM PC Beach.

**RESPECTFULLY SUBMITTED**,

/s/Professor P. Tim Howard
Professor P. Tim Howard
Howard & Associates, Attorneys at Law, P.A.
2120 Killarney Way, Ste. 125
Tallahassee, Florida 32309
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
tim@howardjustice.com

/s/ Douglas S. Lyons
Douglas S. Lyons
Lyons and Farrar, P.A.
1637 Metropolitan Blvd., Suite A-2
Tallahassee, FL  32308
(850) 222-8811 - telephone
(850) 222-5583 - facsimile

Florida Bar No. 128277
doug.lyons@lyonsandfarrar.com

/s/ Samuel T. Adams
Samuel T. Adams
Post Office Box 8420
Panama City, Florida 3240
(850) 785-3469 - telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com

**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Vacate Notice of Voluntary Dismissal has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 6th day of January, 2017.

/s/ Douglas S. Lyons
Douglas S. Lyons