## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUSIANIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * * * | MDL 2179 SECTION: J JUDGE BARBIER |
| **This Document Relates To:** *Pleading Bundle B1* | * | MAG. JUDGE WILKINSON |
| **JEM PC BEACH, LLC,** (Plaintiff) VERSUS **BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, and BP P.L.C.** (Defendants) | * * * | CIVIL ACTION No. 2:16-cv-05490 SECTION J JUDGE BARBIER MAG. JUDGE WILKINSON |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE NOTICE OF VOLUNTARY DISMISSAL

Plaintiff, JEM PC BEACH, LLC. (hereinafter JEM PC Beach) submits this Memorandum in Support of Plaintiff's Motion to Vacate Notice of Voluntary Dismissal (the "Motion").

### FACTS

1. JEM PC Beach was a member of the class of plaintiffs in "Pleading Bundle B1" in the Multi-District Litigation 2179, related to the Oil Spill on April 20, 2010.

2. Following the lifting of the stay by Judge Barbier with Pre-Trial Order No. 60, JEM PC Beach timely filed a Complaint that was complaint with PTO 60 on May 31, 2016.

3. On June 7, 2016 the Court entered an Order to Show Cause prior to or on June 28, 2016.

4. On June 27, 2016 JEM PC Beach was inadvertently included with other Plaintiffs which were to be voluntarily dismissed in a filed Notice of Voluntary Dismissal without Prejudice under Federal Rule of Civil Procedure Rule 41(a)(1)(A).

5. On June 28 2016, JEM PC Beach filed their Response to Order to Show Cause re: Compliance with PTO 60.

1

6.  JEM PC Beach's counsel received Notice of Dismissal that Plaintiff's claim was dismissed on November 18, 2016 alongside 23 claims of other Plaintiffs which were intentionally dismissed without prejudice.

## MEMORANDUM OF LAW

Plaintiff has timely filed their Motion to Vacate under Fed R. Civ. P. 60(c)(1), "For reasons one, two, or three above[Rule 60(b)], the motion must be made no more than a year after entry of the judgment or order or the date of the proceeding." Plaintiff's counsel only became aware of the mistaken and inadvertent inclusion of JEM PC Beach when this court issued a Notice of Dismissal for JEM PC Beach on November 18, 2016. The Plaintiff's Notice of Voluntary Dismissal for JEM PC Beach was filed on June 27, 2016. Using either date, JEM PC Beach has timely filed their motion.

Defendants would not be prejudiced if this court vacates the Notice of Voluntary Dismissal since JEM PC Beach's counsel has acted under the belief that the case was still active until November 18, 2016. JEM PC Beach filed its response to the courts order to show cause *after* JEM PC Beach was mistakenly and inadvertently included among other Plaintiffs to be dismissed in the Multi-District Litigation. Plaintiff would not have filed a response to the court's June 7, 2016 order to show cause if it intended to dismiss the claim the day before.

According to Federal Rule of Civil Procedure Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding…" under certain circumstances, including (1) "mistake, inadvertence, surprise or excusable neglect". The inclusion of JEM PC Beach amongst the Plaintiffs who voluntarily dismissed their claims after settling with Defendants was a mistake and inadvertent. JEM PC Beach's counsel had no intention of including them among that list and their conduct in filing the Response to the order to show cause demonstrates JEM PC Beach was never meant to be on that Notice.

A "Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a "final proceeding…. subject to vacatur under Rule 60(b)." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362-63 (5th Cir. 2013) In *Yesh*, Plaintiff voluntarily dismissed their case filed in the Eastern District of Texas in order to re-file in New York in order to add a new party. When Defendant objected to the change in forum, parties agreed to litigate the case in the Eastern District of

Texas. After the second dismissal in New York, when Plaintiff re-filed in Texas, Defendant objected on the grounds that the two consecutive voluntary dismissals without prejudice become a dismissal with prejudice.  *Yesh* moved the court to vacate the first dismissal under Rule 60(b), where the court found no abuse of discretion in vacating a Notice of Voluntary Dismissal under Rule 60. Like the Plaintiff in *Yesh*, Plaintiff would be barred from access to the courts if their Notice of Voluntary Dismissal is not vacated. Plaintiff's claim would be time barred by the statute of limitations if the Notice of Voluntary Dismissal is not vacated.

The inclusion of Plaintiff, JEM PC Beach was an excusable mistake. "Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party. *See id*. at 577. Rather, the kinds of mistakes remediable under a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as counsel acting without authority." *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir. 1999). Unlike the Plaintiff in *Yapp*, JEM PC Beach's counsel was not authorized to dismiss its claim against Defendants nor was it part of counsel's litigation strategy. There was no strategic choice to file a Notice of Voluntary Dismissal and then the next day file a response to the Court's June 7, 2016 Order to Show Cause. The inclusion of JEM PC Beach, as a party to the Notice of Voluntary Dismissal was simply a clerical mistake.

The court may consider multiple factors when determining whether or not to grant a Rule 60(b) Motion to Grant Relief.

> In determining whether to grant a Rule 60 motion, a court may take into account equitable principles. 11 Wright & Miller, Federal Practice and Procedure § 2857 (2d ed. 1987). "A number of cases hold that discretion ordinarily should incline toward granting rather than denying relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue." Id. In the case of default judgments, courts have been more liberal in granting Rule 60(b) motions because the merits of the case have never been considered. Id. Courts have held that "the party should not be deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney. Id.

*Mesa v. Unocal Corp.,* No. 01-3438, 2003 U.S. Dist. LEXIS 3355, at *7 (E.D. La. Feb. 28, 2003)

In *Mesa*, the Eastern District of Louisiana granted Plaintiff's Rule 60(b) Motion to Vacate Default Judgment where Plaintiff's counsel was unaware that the court had issued a default judgment for Defendants. Plaintiff's counsel never received notice that there was a pending default judgment, even filing pleadings after Defendant was granted default judgment. The court found that there would be no prejudice to Defendants and the court's role in the belief that the case was still open by accepting fillings and even granting motions after entering a default for Defendant.  Like the Plaintiff in *Mesa,* JEM PC Beach has acted in the belief that their claim was still active, filling responses after the entry of the Notice of Dismissal, without the case being adjudicated on the merits. *See also Schwab v. Medfirst Health Plans,* 2000 U.S. Dist. LEXIS 5046, at *3 (E.D. La. Apr. 6, 2000) (Plaintiff was entitled to relief under Rule 60(b)(1) from the Court's order dismissing without prejudice due to mistake, inadvertence, or excusable neglect.)

Public Policy favors adjudication of claims on their merits. According to the Fifth Circuit in *United States v. Gould*, 301 F. 2d 353, 356 (5th Cir. 1962):

> the Rule should be liberally construed for the purpose of doing substantial justice… if relief is sought from a default judgment or a judgment of dismissal where there has been no consideration of the merits, whether in the particular case the interest of deciding cases on the merits outweighs the interest in orderly procedure and in the finality of judgments, … and any other factor that is relevant to the justice of the judgment under attack, bearing always in mind that the principle of finality of judgments serves a most useful purpose for society, the courts, and the litigants --  in a word, for all concerned.

Denying JEM PC Beach's Motion to vacate the voluntary dismissal would lead to irreparable harm to JEM PC Beach and not allow their claim to be decided on its merits. The Notice of Voluntary Dismissal acts as a final judgment where a Plaintiff, like JEM PC Beach, is barred from re-fling their case. If the dismissal stands, then the purpose of the finality of judgments is frustrated and JEM PC Beach is left without a legal recourse.

Therefore, Plaintiff's Motion to Vacate the Notice of Voluntary Dismissal should be granted.

**RESPECTFULLY SUBMITTED**,

/s/Professor P. Tim Howard
Professor P. Tim Howard
Howard & Associates, Attorneys at Law, P.A.
2120 Killarney Way, Ste. 125
Tallahassee, Florida 32309
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
tim@howardjustice.com

/s/ Douglas S. Lyons
Douglas S. Lyons
Lyons and Farrar, P.A.
1637 Metropolitan Blvd., Suite A-2
Tallahassee, FL  32308
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
Florida Bar No. 128277
doug.lyons@lyonsandfarrar.com

/s/Samuel T. Adams
Samuel T. Adams
Post Office Box 8420
Panama City, Florida 3240
(850) 785-3469 - telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com

**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Plaintiff's Motion to Vacate Notice of Voluntary Dismissal has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this  6th day of January, 2017.

/s/ Douglas S. Lyons
Douglas S. Lyons

5