**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG § | | MDL 2179 |
| "DEEPWATER HORIZON" IN THE GULF § | | |
| OF MEXICO ON APRIL 20, 2010 § | | SECTION: J |
| § | | |
| THIS DOCUMENT RELATES TO: § | | |
| 2:16cv4122; 2:16cv4123; § | | JUDGE BARBIER |
| 2:16cv4124; and 2:16cv4151 § | | MAG. JUDGE SHUSHAN |

**PLAINTIFFS' REPLY TO BP'S OPPOSITION TO WGTT'S MOTION FOR
RECONSIDERATION OF ORDER & REASONS [DOC 22003], SPECIFICALLY AS IT
APPLIES TO 2:16CV4122; 2:16CV4123; 2:16CV4124; and 2:16CV4151
AND REQUEST FOR ORAL ARGUMENT AND/OR STATUS CONFERENCE WITH
COURT OR MAGISTRATE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs in Cause Numbers 2:16cv4122; 2:16cv4123; 2:16cv4124; and 2:16cv4151 (hereinafter referred to as WGTT Class Actions), and files this its Reply to BP's Response in Opposition to Plaintiffs' Motion for Reconsideration, and in support thereof would show as follows:

In its Response to Plaintiffs Motion for Reconsideration, BP has taken out of context a declaration filed earlier in the case, misstated or confused at the very least, the actual facts regarding the position taken by the Plaintiffs in earlier papers and have completely failed to address the class action mandate issue under Rule 23 of the Federal Rules of Civil Procedure and the due process issues.  These issues are important enough to warrant oral argument and/or a status conference regarding same with the Court or Magistrate.

**<u>Plaintiffs Argued Impossibility, Economically Impractical & Due Process Since April, 2016</u>**

First, BP would have this Court believe that Plaintiffs have never before raised the issue that it would be "physically impossible and economically impracticable" for thousands of Plaintiffs in Mexico, to file Sworn Affidavits and file individual lawsuits, within forty-four days, before their Motion to Reconsider. That is absolutely untrue. Plaintiffs would show that as early as April 19, 2016 (within twenty days of the Court's PTO 60 Order), these Plaintiffs, through Counsel's Declaration [Doc 16314], stated in Paragraphs 3, 4, 5 and 6 the problems for these Plaintiffs in complying with the Court's thirty-day sua sponte Order [Doc 16050]. For example, in Paragraph 3, Counsel stated,

> "Our clients' claims and lawsuits were filed three to five years ago. Our clients have patiently waited for their claims to be resolved. Pretrial Order 60 (PTO60) threatens the dismissal of our clients' cases with prejudice if they do not respond with a completed Verification and a separately filed lawsuit within thirty (30) days of the date of PTO60. As set forth below, this strict deadline threatens the **<u>due process</u>** rights of many individuals who have met every normal requirement to pursue their legitimate rights to pursue their case outside the class settlement."

In Paragraphs 4 and 5, Counsel goes on to state the difficulty in trying to send mail and the difficulty of the execution of documents in Mexico. In Paragraph 6, Counsel states that "obtaining a Sworn Statement signed by each client within 34 days (i.e., 44 days with extension) is unduly burdensome for our firms considering the number of clients that we represent and the logistics of contacting them, enforcing this deadline and dismissing cases with prejudice will be devastating to clients who have valid claims that were not adequately addressed by the class settlement." Ten days later, on April 29, 2016, these Plaintiffs joined in the Waltzer, Wiygul & Garside, LLC's Motion for Reconsideration of PTO-60 [Doc 16582]. In Paragraph 3 of their Joinder, these Plaintiffs requested a "waiver of additional filing fees, considering all of these cases had been on file for more than three years and previously stayed by the Court". Again, in July, 2016 [Doc

21330 at Paragraph 4], these Plaintiffs pointed out that it was a violation of due process by not allowing them to file class actions to protect their claims[1]. Plaintiffs went on to argue that the Court's Order [Doc 16582] which required thousands of Plaintiffs in the litigation (already on file for three years, in less than forty-four days to obtain a **Sworn Statement**[2] and file an individual case for each Plaintiff, and then have the cases stayed again.

Plaintiffs would show that they clearly brought to the Court's attention twice in April, 2016, and again in July, 2016, their concerns of impossibility and economic impracticality and due process issues.  It is absolutely incorrect that these Plaintiffs have failed to bring these issues to the Court's attention before their Motion to Reconsider.

Further, BP argues that at no time did the Plaintiff seek clarification from the Court whether or not PTO-60 applied to them, considering that they were foreign Plaintiffs (See Page 8 of its Response).  In fact, Plaintiffs raised the issue on June 27, 2016 [Doc 19979], wherein Plaintiffs stated, "Plaintiffs/Class Representatives would show that Pleading Bundle B1 does not involve foreign Plaintiffs, only US citizens and entities…"  Also, in July 2016 [Doc 21330], Plaintiffs raised the issue a second time that PTO-60 did not apply to foreign Plaintiffs.  The Plaintiffs' Motion to Reconsider is now the third time these Plaintiffs have brought this issue to the attention of the Court.

**BP Fails to Address the Plaintiffs' Due Process Arguments & the Mandate Argument Concerning Rule 23, FRCP**

BP's analysis of violation of due process is confusing and wrong.  BP states on Page 9 [Doc. 22051] that "…since they (Plaintiffs) raised these due process arguments for the first time."

---

[1] All of these Plaintiffs timely filed claims as allowed by the Court in a mass joinder or Short Form Joinder in 2013.
[2] Plaintiffs had all timely filed Plaintiff Profile Forms, Short Form Joinders and/or BP Presentment/OPA Claim Forms (which are Sworn Statements) containing the same basic information, if not more information, as required by the Court's Original Pretrial Orders, which were on file for more than 3 years.

3

As Plaintiffs have shown since April, 2016, they have requested various forms of relief including the ability to file class actions, no filing fees, and pointed out that 44 days (30 plus 14-day extension) would be basically impossible to comply with the Court's sua sponte Order, not to mention that the Order did not apply to foreign Plaintiffs. Plaintiffs' counsel reference to the fourteen-day extension was only because the Court had stated in a previous Order [Doc. 16214], that no extension greater than fourteen (14) days would be granted.

The most important omission in BP's response is the lack of a response to *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311, 2010 U.S. LEXIS 2929, 78 U.S.L.W. 4246, 76 Fed. R. Serv. 3d (Callaghan) 397, 22 Fla. L. Weekly Fed. S 196 (U.S. 2010), where the U.S. Supreme Court has held that Rule 23 is not discretionary, if Plaintiffs meet the requirements of Rule 23. The Supreme Court goes on to say that a **class action may be maintained, not that a class action may be permitted**. In response, BP attempts to confuse the issue by referring to the Court's broad discretion in managing an MDL. While Plaintiffs agree that the Court has discretion in managing its docket and this litigation (Plaintiffs also agree that the Court has done an admirable job in handling this complex litigation over the last six years), that does not mean that the due process rights of thousands of claimants (within 44 days of a sua sponte order and its extension with no motion practice or hearings) can be taken away from them or that they should not be afforded the same Rule 23 FRCP rights as all other Plaintiffs have had in this litigation, including the hundreds of thousands that filed claims per the Class Settlements.

BP goes on to state that the Court should dismiss these class actions for Plaintiffs failing to make disclosures (Sworn Statements) to the Court. This argument, while untrue[3] does not address *Shady Grove Orthopedic Associates* and the right that these Plaintiffs have to file a class action without it being dismissed summarily. Second, the disclosures that BP refers to are Sworn Statements that contain basically the same information that was already provided to BP more than three years ago, and now the Court required it again in PTO-60 for a second time. Almost all of these thousands of Plaintiffs had already filed Plaintiff Profile Forms and/or Short Form Joinders, BP Presentment Claim Forms which were sworn to, signed by each client, with their fingerprints placed on the forms. These Presentment Claim Forms and Plaintiff Profile Forms/Short Form Joinders contain the same information, if not more, as required in the Sworn Statements. Requiring all of these thousands Plaintiffs to file almost identical forms with ostensibly the same information as forms that had already been on file for three years within a 44-day window is a violation of due process.

Finally, as Plaintiffs have stated in previous papers, all of these cases have been stayed since they were filed more than three years ago. All of these Plaintiffs followed the Court's Orders by filing an original mass joinder and/or Short form as the Court requested and allowed, and filed Plaintiff Profile Forms as required by the Court's earlier Pretrial Orders. The Court stayed all the litigation allowing the PSC to move forward on the merits of the underlying litigation in Phase I, II and III. Not until mid-2016 [Doc 16582], did the Court enter a thirty-day sua sponte Pre-Trial Order without any motions filed, discussions with remaining parties, or hearings to discuss the ramifications of said Order, to have all remaining Plaintiffs who had previously not settled or been

---

[3] Plaintiffs would show they did attach more than 15,000 Sworn Statements to their complaints filed with the cooperativas to which these Plaintiffs are members. Further, all Plaintiffs filed Sworn Presentment forms with BP and the NPFC.

part of the Class Settlement to have to comply with an Order, that was basically impossible, unfair to these Plaintiffs, and a violation of due process to these Plaintiffs.

**Prayer**

Plaintiffs would request and pray that the Court allow oral argument and/or at least a status conference with the Court or its Magistrate, and reconsider its ruling and either (1) allow these Class Actions to stand and move forward at the appropriate time, and/or (2), waive all new filing fees and allow each one of these individuals to file a separate lawsuit without the need of a filing fee or service since the Defendants have already been served with adequate time to do so, and/or (3) find that PTO-60 does not apply to these foreign Plaintiffs and reinstate the class actions; and/or (4) stay all of the issues herein (but allowing Plaintiffs' class pleadings to be reinstated) and allow these Plaintiffs' counsel to meet with the Court-Appointed Neutrals as the Court has allowed all other Plaintiffs' counsel to do, in order to determine if there is a potential of resolution of these issues.

Respectfully submitted,

**Weller, Green, Toups & Terrell, L.L.P.**
P.O. Box 350
Beaumont, TX 77704
(409) 838-0101/Fax: (409) 832-8577
Email: matoups@wgttlaw.com

**By:** **/s/ Mitchell A. Toups**
Mitchell A. Toups
Texas Bar No. 20151600

Ezequiel Reyna, Jr.
Texas Bar No. 16794798
Law Offices of Ezequiel Reyna, Jr., P.C.
702 West Expressway 83, Suite 100
Weslaco, TX 78596
956-968-9556/Fax: 956-969-0492
Email: zreynajr@zreynalaw.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished to all counsel of record listed through File & Serve, on January 9, 2017.

/s/ Mitchell A. Toups
Mitchell A. Toups