UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO.: 2179 |
| "DEEPWATER HORIZON" in the GULF OF | * | |
| MEXICO, on APRIL 20, 2010 | * | SECTION: J |
| | * | JUDGE BARBIER |
| | * | MAGISTRATE  WILKINSON |

This Document Relates To:
*Civil Action No 2:13-cv-01437*

**MEMORANDUM IN SUPPORT OF T. DUFFY BUILDERS, LLC A/K/A T.A. DUFFY BUILDERS, LLC F/K/A BENCHMARK DEVELOPMENT, LLC'S MOTION FOR RECONSIDERATION OF "PTO 60 RECONCILIATION ORDER"**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes T. Duffy Builders, LLC (also known as T.A. Duffy Builders, LLC and formerly known as Benchmark Development, LLC) (hereinafter referred to as "Plaintiff") who files this memorandum in support of its motion for reconsideration of the dismissal of Plaintiff's claims in this Honorable Court's Order & Reasons ["PTO 60 Reconciliation Order," Regarding All Remaining Claims in Pleading Bundle B1] of December 16, 2016. (See Court Document 22003)

**BACKGROUND AND FACTS**

Plaintiff is a residential construction contractor in Pass Christian, MS who filed an individual complaint for business economic damages as a result of the BP oil spill on April 19, 2013 (See 2:13-cv-01437) and filed a short form joinder on April 22, 2013. (See Court Document 9471-3). Plaintiff's individual complaint, along with all other individual B1 complaints, was

1

immediately stayed by this Honorable Court's Pre-Trial Order 25 issued on 1-12-2011. (See Court Document 983). Since that time, Plaintiff's claim has been on hold while the PSC and the BP defendants litigated this enormous and extremely complicated case, resulting in over 20,000 pleadings filed.

On March 29, 2016—almost three years after Plaintiff had originally filed its complaint—this Honorable court issued PTO 60, which required Plaintiff to file a sworn statement regarding its status. In PTO 60, this Honorable Court dismissed the Amended B1 Master Complaint in its entirety and required the remaining B1 Plaintiffs to file individual complaints and a sworn statement regarding the status of their claim. (See Court Document 16050). PTO 60 required claimants who had only filed short form joinders in MDL 2179 to file individual complaints because the master complaint was being dismissed. As noted above, however, Plaintiff had already filed an individual complaint three years prior to PTO 60.

Undersigned counsel learned of the sworn statement requirement of PTO 60 on June 17, 2016 and immediately contacted his client, prepared the sworn statement, obtained the client's signature and filed the sworn statement on June 20, 2016. (See Court Document 18961-1). Again, because Plaintiff had previously filed its individual complaint, no additional action was required to comply with PTO 60.

On June 7, 2016, this Honorable Court issued a Show Cause Order Re: Compliance with PTO 60 giving any non-compliant parties until June 28, 2016 to show cause why their claims should not be dismissed. (Court Document 18724). On June 20, 2016, Plaintiff filed its Response

To Order To Show Cause Re: Compliance with PTO 60 setting forth reasons why Plaintiff's claims should not be dismissed for filing the Sworn Statement after the deadline in PTO 60. (Court Document 18969).

Plaintiff's claims herein were dismissed by this Honorable Court in its Order and Reasons of December 16, 2016. (*See* Court Document 22003). On page 14 of the Order and Reasons, this Honorable Court stated:

> *3. T. Duffy Builders, LLC a/ka T.A. Duffy Builders, LLC, f/k/a Benchmark Development, LLC9No. 13-1437) (Response to Show Cause Order, Rec. Dos. 18969,18961)*
>
> *Although. T. Duffy Builders, LLC a/ka T.A. Duffy Builders, LLC, f/k/a Benchmark Development, LLC ("T.Duffy Builders") has had an individual lawsuit on file since April 19, 2013, it did not file the Sworn Statement until June 20, 2016, five weeks after PTO 60's May 16 deadline. Therefore, T. Duffy Builders has not complied with PTO 60, and its claims will be dismissed.*

Plaintiff now herein respectfully requests this Honorable Court to reconsider its dismissal of Plaintiff's claims.

Plaintiff submits that the five-week delay in filing the sworn statement does not warrant dismissal of Plaintiff's claims according to well-established jurisprudence of the United States Court of Appeals for the Fifth Circuit. Also, lesser sanctions would serve the interests of justice in the present case. Furthermore, there are no aggravating factors in this case to warrant dismissal. Plaintiff, itself, was without fault in the failure to timely file the sworn statement. Rather, it was undersigned counsel's oversight that led to the late filing. Defendant has not been prejudiced by the five week delay in filing the sworn statement updating its status as all of the information

requested by the sworn statement was already known to Defendant. In addition, the delay in filing the statement was not intentional.

Plaintiff submits there is no prejudice to BP by the late filing of the sworn statement as the information requested by the sworn statement was previously known to BP and/or was contained in the court record. The Sworn Statement essentially asked whether Plaintiff had filed a joinder and a separate suit, and information on Plaintiff's opt out and presentment of its claim.  The joinder was part of the court record. Also, the separate complaint was served on BP Exploration and Production, Inc, BP America Production Company and Halliburton Energy Services on July 24, 2013. (See 2:13-CV-01437 Docs 10, 11 and 12). Plaintiff's opt out information was already in Defendant's possession and Plaintiff previously made its presentment of its claim to BP.

Defendants were also aware of the details of plaintiff's claim given Plaintiff submitted a signed BP Claims Program – Claim Form for Individuals and Businesses with supporting documentation for Plaintiff's claim. (See Exhibit 1 attached hereto - BP Claim Form, along with correspondence forwarding same). The BP Claim Form is a sworn statement and specifically stated that it could be used in MDL 2179. On March 28, 2013, BP acknowledged receipt of the claim and assigned it claim number 1059810-01.  Accordingly, as the information requested by the sworn statement was already known to Defendants and/or part of the court record in this case and they had documentation of Plaintiff's claim, there is no evidence of actual prejudice to Defendants by the five week late filing of Plaintiff's sworn statement.

4

Accordingly, Plaintiff submits that reconsideration of this matter is appropriate because it would be manifestly unjust to dismiss Plaintiff's claim given the circumstances of this case. Additionally, a dismissal would be manifestly erroneous as set forth by the law governing dismissal of actions for failure to timely comply with a pre-trial order under Federal Rules of Civil Procedure 16 and 41. Accordingly, Plaintiff respectfully requests that this Honorable court reconsider its dismissal of Plaintiff's claims in this matter pursuant to Rule 59(e) and reinstate Plaintiff's claims.

## LAW & ARGUMENT

Plaintiff moves for reconsideration of the dismissal of its claims pursuant to Federal Rule of Civil Procedure Rule 59(e). Rule 59(e) allows parties to file "motion[s] to alter or amend a judgment . . . after the entry of the judgment." FED. R. CIV. P. 59(e). The U.S. Fifth Circuit Court of Appeal has previously interpreted Rule 59(e) to allow for the filing of a motion for reconsideration of a Court's order dismissing an action such as this. *See Lavespere vs. Niagara Machine and Tool Works, Inc.,* 910 F2nd 167 (C.A. 5th Cir. 1990). The courts have recognized four grounds for granting a Motion For Reconsideration which are set forth in *Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d s* 2810. 1, p. 125-27 as follows:

> There are four basic grounds upon which a Rule 59(e) motion may be granted.[14] First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.[15] Of course, the corollary principle applies and the movant's failure to show any manifest error may result in the motion's denial.[16] Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence.[17] Third, the motion will be granted if necessary to prevent

manifest injustice.[18] Serious misconduct of counsel may justify relief under this theory.[19] Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.[20] § 2810.1Grounds for Amendment or Alteration of Judgment, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.)

In *Fairly vs. Wal-Mart Stores, Inc.* 2016 W.L. 2992534 (E.A. LA 2016) the court stated as follows:

> Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

See also *Collins v. Encompass Ins. Co*., 2010 WL 1294056, Not Reported in F.Supp.2d (2010), *Veron v. Talamo*, 2007 WL 1259222, Not Reported in F.Supp.2d (2007); *Fields v. Pool Offshore, Inc.*, 1998 WL 43217, Not Reported in F.Supp. (1998). Accordingly, courts will grant motions for reconsideration under Rule 59(e) when the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; or the motion is necessary in order to prevent manifest injustice, the grounds asserted herein by Plaintiff

Undersigned counsel respectfully submits that Plaintiff's Motion for Reconsideration should be granted in this case to correct a manifest error of law or fact and/or to prevent manifest injustice to Plaintiff. Although not stated in this Honorable Court's Order and Reasons of 12-16-2016, it appears that this Honorable Court dismissed Plaintiff's claims for failure to comply with

PTO 60 under Federal Rules of Civil Procedure Rule 16(f) which pertains to sanctions for failure to obey a pre-trial order.

According to Rule 16(f), a court may on motion or *sua sponte* "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. PROC. 16(f). Critically, the U.S. Fifth Circuit Court of Appeals has previously discussed the limited circumstances under which a sanction of dismissal of a claim with prejudice is allowed. *See John vs. State of Louisiana* 828 F2nd 1129 (5th Cir. 1987); *McNeal v. Papasan*, 842 F. 2d 787 (5th Cir. 1988).

In *John*, supra, the U.S. Fifth Circuit Court of Appeals explained the law pertaining to dismissals for failure to comply with a pre-trial order:

> Federal Rule of Civil Procedure 16(f) provides that a court may impose penalties, including dismissal with prejudice, "[i]f a party or party's attorney fails to obey a scheduling or pretrial order." **Because dismissal with prejudice is the ultimate penalty, a district court should employ this sanction only when there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interests of justice." In addition, a district court should consider aggravating factors including whether the plaintiff himself contributed to the delay, whether the defendant suffered actual prejudice, and whether the delay was intentional.**
>
> *John v. State of La.,* 828 F.2d 1129, 1131–32 (5th Cir. 1987).(Emphasis added)

Additionally, in *Bann v. Ingram Micro, Inc.,* the Fifth Circuit Court of Appeals held that a district court *could not* use the sanction of dismissal under Rule 16(f) *unless* the court first finds that a lesser sanction would not serve the interest of justice. 108 F.3d 625, 627 (5th Cir. 1997). The *Bann* Court explained:

7

> A district court **cannot** impose the extreme sanction of dismissal under Rule 16(f) **unless the court first finds that a lesser sanction would not have served the interests of justice**. Dismissal with prejudice is a drastic remedy to which a court may resort **only** in extreme situations where there is a clear record of delay or contumacious conduct by the plaintiff. Absent such a showing, the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance with court orders and expedite proceedings.

*Id* (internal citations omitted) (emphases added). *See also Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) ("A court *may not* use dismissal with prejudice as a sanction under Federal Rule of Civil Procedure 16(f) *unless* it finds that a lesser sanction would not serve the interests of justice and there is a clear record of delay or contumacious conduct by a party.") (Emphases added).

Similarly, in *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978), the Fifth Circuit Court of Appeals held that a dismissal with prejudice should only be used in extreme cases of contumacious behavior and dismissal is generally inappropriate where the neglect is plainly attributable to an attorney rather than his blameless client. The Silas court explained:

> In this circuit it is well established that dismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is **a clear record of delay or contumacious conduct by the plaintif***f*. Absent such a showing, the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance with court orders and expedite proceedings. Dismissal is generally inappropriate and **lesser sanctions are favored where neglect is plainly attributable to an attorney rather than to his blameless client**. (Internal citations omitted) (Internal quotations omitted) (Emphases added).

*Bethel v. Woods Haven Senior Citizen Home,* 229 F.3d 1148 (5th Cir. 2000) (unpublished opinion) exemplifies a Fifth Circuit determination of the propriety of a district court's decision to dismiss a complaint for failure to comply with a pretrial order under Rule 16(f). In *Bethel*, the

8

U.S. Fifth Circuit Court of Appeals reversed a district court's dismissal of plaintiff's claims due to the plaintiff's attorney's failure to comply with the court's scheduling order and pretrial order. *Id.* at *3. In that case, plaintiff's counsel failed to submit a "plan of work", failed to arrange a conference with the parties to prepare pre-trial stipulations and failed to submit pre-trial stipulations two weeks prior to the pretrial conference as required by the court's orders. *Id.* at *1. As a result, the district court dismissed plaintiff's claims with prejudice pursuant to FRCP 16(f).

Determining the correctness of the district court's decision, the U. S. Fifth Circuit Court of Appeals observed that there was no clear record of delay or contumacious conduct by plaintiff's counsel. *Id.* The court explained that conduct that is "contumacious", is more than negligent—it must exhibit a "stubborn resistance to authority." *See McNeal* at 792; *John* at 1132. Further, the court noted that no lesser sanctions were applied by the district court before dismissing the complaint. *Id.* at *2-3. Accordingly, the U.S. 5th Circuit found that the record did not support the sanction of dismissal and reversed the trial court's decision. *Id.* at *3.

The U.S. Fifth Circuit Court of Appeals also determined in *John* that conduct much more egregious than that involved in the present case was not sufficient to warrant dismissal. The Court in *John,* stated:

> Although the district court was justifiably provoked by Lopez's ineptitude and procrastination, we cannot accept its findings of a clear record of delay or contumacy. . . . Lopez did . . . impede progress by his tardy response to discovery requests, his late submission of a pretrial order, and his failure to make timely filings during the two weeks before the trial date. [However,] the few months' aggregate delay caused by this misconduct does not amount to such "significant

9

> periods of total inactivity" as to justify dismissal with prejudice. Moreover, Lopez's conduct, while careless, inconsiderate, and understandably exasperating to a conscientious trial judge, more closely approximates the kind of negligence that does not warrant dismissal with prejudice than the stubborn resistance to authority that does.
>
> In contrast to such bad faith and defiance, Lopez's conduct was simply careless. His lack of diligence recalls that of the plaintiff's counsel in *Rogers v. Kroger Co.* who missed a court deadline for filing a motion for class certification, requested six continuances before trial, and then announced on the trial date that they were unprepared to proceed. At least Lopez was apparently fully ready for trial on the date the court set; in this respect he was less blameworthy than Rogers's counsel. Yet this court reversed the dismissal in *Rogers* on the grounds that counsel had been inept but not purposely obstructive. We reverse on the same grounds here.

*John v. State of La.,* 828 F.2d 1129, 1131–32 (C.A. 5th Cir. 1987). The above rendition of the facts of *John* is critical for several reasons. First, the court found that *a few months aggregate* delay by the plaintiff did not amount to a "significant periods of total inactivity" as to justify dismissal with prejudice. Second, the *John* Court found that plaintiff counsel's conduct, though careless, was *not* contumacious.

Notably, with regard to the conduct of plaintiff's counsel, the *John* Court cited counsel's egregious conduct in *Rogers v. Kroger* 669 F.2d 317 (5th Cir. 1985). In *Rogers*, the attorney had missed a court deadline for filing a motion for class certification, had requested six continuances before trial and had appeared at trial not ready to proceed. *Rogers* at 318, 322. Consequently, the *John* Court, in considering the attorney's conduct in *John*, found it critical that it had reversed the

10

dismissal of the case in *Rogers* because the counsel had been *inept but not "purposely obstructive." John* at 1132.[1]

Finally, with regard to the law governing dismissals under Rule 16(f), it is critical to point out that Fifth Circuit precedent mandates that, *in addition* to the aforementioned requirements, district courts should "consider aggravating factors including (1) whether the plaintiff himself contributed to the delay, (2) whether the defendant suffered actual prejudice, and (3) whether the delay was intentional." *Id.* at 1131.  In the Rule 41 context, the *Rogers* Court similarly noted that "several of our decisions have also inquired into the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Rogers* at 320.  The *Rogers* Court explained: "[t]he cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are *bolstered by the presence of at least one of the aggravating factors*." (Emphasis added). Accordingly, dismissals under both Rule 16 and Rule 41 require (1) a clear record of delay or contumacious conduct by Plaintiff (2) where lesser sanctions would not serve the interest of justice and (3) where aggravating

---

[1] *Rogers* involved a dismissal under Rule 41 for failure to prosecute, however, the standard for dismissal under Rule 41 and Rule 16 are the same in that both require (1) a clear record of delay or contumacious conduct and (2) a finding that lesser sanctions would not serve the best interests of justice. *Rogers* at 320, *John* at 1131.  Should this Honorable Court determine that its dismissal of this matter was pursuant to Rule 41, Plaintiff submits that *Rogers* would apply and a reconsideration and reversal of the court's prior order would also be justified under *Rogers*. Notably, as in *John*, the *Rogers* Court explained that courts must determine both that there was (1) a clear record of delay or contumacious conduct and (2) that lesser sanctions would not serve the best interests of justice *before* it can dismiss a case with prejudice for failure to prosecute under Rule 41.

11

circumstances are present including whether the Plaintiff was personally responsible, the degree of actual prejudice to Defendant and whether the delay was the result of intentional conduct.

As illustrated, the U.S. Fifth Circuit Court of Appeals clearly disfavors the use of dismissals with prejudice except in the most extreme cases of contumacious conduct. Furthermore, these cases instruct that district courts should first resort to a wide range of lesser sanctions before dismissing a case. Moreover, dismissal is not appropriate in cases, such as the present, where the neglect is plainly attributable to the attorney rather than his blameless client. Accordingly, the law strongly weighs in favor reinstating the Plaintiff's complaint in this case.

First, Plaintiff's counsel's conduct in this case does not meet the "contumacious" standard as set forth in *John* and *Bethel*. Counsel avers that the late filing of the sworn statement was unintentional. The heavy volume of pleadings filed in this matter made it exceedingly difficult to keep up with this enormous and complex litigation. Furthermore, there is no evidence of any deliberate or intentional delay on the part of Plaintiff's counsel. There was clearly no "stubborn resistance to authority" in the present case because once the inadvertent oversight was discovered, undersigned counsel promptly secured and filed the required Sworn Statement. Clearly, the inadvertent late filing of the sworn statement in this case did not delay this litigation and does not constitute contumacious behavior that would allow the court to dismiss Plaintiff's case. Consequently, Plaintiff submits that, before a court can dismiss a plaintiff's complaint for failure to comply with a pretrial order, the law requires a showing of more contumacious conduct and delay than the merely neglectful conduct that occurred here.

Second, according to the U.S. Fifth Circuit precedent, a court must consider lesser sanctions before dismissing a case for failure to comply with a pre-trial order. It does not appear that a consideration of lesser sanctions occurred in the case at bar. Further, there are lesser sanctions, such as the imposition of penalties, which would better serve interests of justice in this case. Accordingly, the Court should reinstate Plaintiff's complaint.

Third, none of the aggravating factors required in *John* are present in this matter. That is, like in *John*, *Rogers* and *Bethel*, the neglect in this case is plainly attributable to undersigned counsel and not to his client. Moreover, there is no evidence that Defendants have suffered any prejudice by this brief delay in filing. Finally, plaintiff's delayed submission in this case was unintentional.

Therefore, under U.S. Fifth Circuit Court of Appeals jurisprudence, dismissal is not an appropriate sanction for undersigned counsel's failure to comply with PTO 60. Specifically, in this case, a dismissal of a Plaintiff's claim is not appropriate because (1) there was no clear record of delay, (2) the conduct of Plaintiff and undersigned counsel was not contumacious; (3) lesser sanctions exist and (4) none of the aggravating factors apply in this case. As a result, undersigned counsel respectfully submits that the dismissal of Plaintiff's claims is manifestly unjust under the facts and circumstances of this case and manifestly erroneous under the applicable law as stated above. Accordingly, because dismissal of Plaintiff's claims in this case would be manifestly erroneous as a matter of law and manifestly unjust, Plaintiff requests that his complaint be reinstated.

## **CONCLUSION**

For the reasons stated above, Plaintiff, T. Duffy Builders, LLC, A/K/A T.A. Duffy Builders, LLC F/K/A Benchmark Development, LLC respectfully requests this Honorable Court to grant this Motion for Reconsideration of the December 16, 2016 Order and Reasons dismissing Plaintiff's claims herein, and reverse the order of dismissal and reinstate Plaintiff's claims. Undersigned respectfully submits that, pursuant to *John supra* and the other cases cited herein, Plaintiff's filing of the PTO 60 sworn statement five weeks after the court's deadline does not rise to the level of delay or contumacious conduct that warrants dismissal and certainly lesser sanctions would serve the interest of justice. Furthermore there were no aggravating factors to warrant dismissal. The failure was not intentional on counsel's part, Plaintiff did not contribute to or cause the failure to comply with a pre-trial order and there is no evidence of prejudice to Defendants. The information requested by the sworn statement was contained in Plaintiff's prior filings and/or already in the possession of Defendants. Plaintiffs aver that this Motion for Reconsideration is justified to prevent manifest injustice and to correct a manifest error of law in the application of Federal Rule of Civil Procedure Rule 16 and/or FRCP Rule 41 sanctions of dismissal.

Wherefore, Plaintiff's respectfully requests this Honorable Court to reinstate the claims of Plaintiff herein

Respectfully submitted,

/ s / *Peirce A. Hammond II*
Peirce A. Hammond, II (#18076)
Hammond Law Firm, LLC
650 Poydras Street, Suite 2617
New Orleans, LA 70130
Telephone: (504) 586-3535
Facsimile: (504) 304-5804
Email: phammond@hammond-law.com
Attorney for T. Duffy Builders, LLC a/k/a T.A. Duffy Builders, LLC f/k/a Benchmark Development, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing MEMORANDUM IN SUPPORT OF T. DUFFY BUILDERS, LLC A/K/A T.A. DUFFY BUILDERS, LLC F/K/A BENCHMARK DEVELOPMENT, LLC'S MOTION FOR RECONSIDERATION OF "PTO 60 RECONCILIATION ORDER" has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of January, 2017.

> */ s / Peirce A. Hammond II*
> Peirce A. Hammond, II #18076