**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUSIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO 2179; |
| DEEPWATER HORIZON, IN THE | § | Ref CA No. 10-2771 |
| GULF OF MEXICO | § | SECTION: J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| | § | |
| This Document Relates to: | § | |
| 2:10-cv-08888 | § | |
| 13 CV 2791 | § | |
| And All Civil Actions, including 13 CV 2791, | § | MAG. JUDGE WILKINSON |
| 16 CV 6330, 16 CV 7285, 16 CV 6298 | § | |

**MEMORANDUM IN SUPPORT OF BUZBEE LAW FIRM CLAIMANTS' MOTION
FOR RECONSIDERATION UNDER FEDERAL RULES OF CIVIL PROCEDURE 59 (e),
ALTERNATIVELY FEDERAL RULES OF CIVIL PROCEDURE 60 (b), OF ORDER &
REASONS ["PTO 60 RECONCILIATION ORDER,"REGARDING ALL REMAINING
CLAIMS IN PLEADING BUNDLE B1] (DOC 22003)**

COMES NOW, Claimants as identified in Exhibit A (collectively referred to as "Claimants" and attached to the Motion filed herein), respectfully file this Memorandum in Support of their Motion for Reconsideration of Order & Reasons [PTO 60 Reconciliation Order," Regarding All Remaining Claims in Bundle B1] ("PTO 60 Reconciliation Order). Claimants request reconsideration of its order denying multiple motions for extension of time, and ultimate dismissal with prejudice of over 100 Claimants for failure to re-file the lawsuit with a hand-signed sworn statement by each claimant. After a flurry of requests for additional time from lawyers across the country, a two (2) week extension was granted to permit additional time. However, 45 days proved insufficient to meet the heavy burden delineated in PreTrial Order 60 ("PTO 60"). On December 16, 2016, over six years after the BP Oil Spill, the Claimants referenced in this order were summarily dismissed for failure to comply with the March 29, 2016 PTO 60. In the interest of fairness and justice, and due to the lack of intentional, rebellious, or

contumacious conduct such dismissal of these Claimants is not warranted.  Claimants should be allowed to have their day in Court and now seek reconsideration of the dismissal order.

## BRIEF STATEMENT OF POSITION

BP Oil Spill 2010 has a long and complicated history, and it will not be discussed in depth as the Court is well aware of the procedural history and rulings.  Of note, is that the Claimants now seeking reconsideration are all foreign plaintiffs who timely filed (1) an Answer and Claim in Limitation on April 19, 2011 seeking losses for general maritime law (DOC. 319); (2) Original Complaint 2:13-cv-02791-CJB-SS on April 19, 2013, and transferred to this Court on May 3, 2013 (DOC. 1296) re-asserting the claims and causes of action, as well as OPA 1990 causes; (3) Presentment Forms; and (4) individual Plaintiff Profile Forms timely presented to the Defendants.  Claimants now seek reconsideration because the claims were preserved by (1) timely filing an answer and claim and then re-urging the claims via a federal complaint filed in Houston, Texas and transferred to this Court; and (2) previously moved for class certification in a joint complaint; and, such claims should be adjudicated on the merits.  Claimants are justified relief here today due to the following:

a)  No aggravating factors or bad conduct on the part of the Claimants warranting dismissal of claims that have been on file for 5 years;

b)  Manifest injustice and inherent unfairness to the Claimants;

c)  Due diligence and lack of neglect on the part of counsel;

d)  Dismissal of a pending suit, imposition of new 45 day statute of limitations to re-file an individual case, and requiring each foreign Claimant to hand sign a document does not serve the interests of justice;

e) Requiring a hand signed sworn statement to file a lawsuit is not required under general maritime law or the Oil Pollution Act of 1990 ("OPA 1990), and should not bar the lawsuits;[1]

f) No prejudice to the Defendants herein to reinstate the Claimants;

g) Remaining cases are still stayed, and there has been no action taken to prejudice any party, including the dismissed parties; and

h) Less harsh sanctions could have been imposed, and justice does not support the prejudice dealt in this case.

## ARGUMENT AND ANALYSIS

Claimants respectfully request reconsideration and permission for these cases to move forward under either Federal Rules of Civil Procedure 59(e) New Trial; Altering or Amending a Judgment or, alternatively Federal Rules of Civil Procedure 60(b)(6) Relief from a Final Judgment.

### A.    FEDERAL RULES OF CIVIL PROCEDURE RULE 59 (e)

For the reasons delineated below, FRCP 59(e) has been utilized to provide relief in similar situations where a party seeks to prevent an obvious, or manifest, injustice despite the fact that it does not delineate specific factors. *Fairly v. Wal-Mart Stores, Inc.* 2016 WL 2992534 (E.A. LA 2016); *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993). That rule provides for amendment or alternation of judgment to cure prejudicial error. The rule, in part, provides:

---

[1]  A majority of the Claimants were re-filed as a mass lawsuit (16-6330) because the Claimants were unable to sign and return the sworn statement timely.  Two of the dismissed Claimants here today have different circumstances. S.C.P.P. 20 De Abril Del Poblado Ignaci Zaragoza, SC de R.L. de C.V. (13-2791, 16-6330; 16-7285) was filed in the mass lawsuit but immediately upon return of the signed statement, and an individual lawsuit was filed 2 weeks late. The second inadvertently returned an unsigned statement and an individual lawsuit was filed on behalf of Joaquin Barrerra and/or S.C.P.P. Ah Caray, S.C. de R.L. and/or Restaurant Ah Caray. (13-2791, 16-6298).  All of these cases have been dismissed and are the subject of this motion.

**Rule 59. New Trial; Altering or Amending a Judgment**

\*\*\*

(e)  MOTION TO ALTER OR AMEND A JUDGMENT.  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

FED. R. CIV. P. 59(e).  Thus, this motion is timely filed, and within 28 days of the PTO 60 Reconciliation Order.  According to interpretative cases, a dismissal with prejudice should only be affirmed if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice.  *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). "Because this test is conjunctive, both elements must be present," and neither are present under the circumstances. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

The general consideration under this rule is, "the motion is necessary in order to prevent manifest injustice."  *Fairly v. Wal-Mart Stores, Inc.* 2016 WL 2992534 (E.A. LA 2016). Claimants acknowledge and respect the inherent right of the Court "to manage and control its own docket."  *Cranford v. Morgan S., Inc.,* No 10-60315, 2011 WL 1258515 (5th Cir. April. 5, 2011).  Here, however, the issue is that an impossibility was created by PTO 60 which resulted in an inherent unfairness and a gross disservice of justice. These Claimants have been unduly prejudiced by PTO Reconciliation Order and the dismissal of its claims with prejudice. PTO 60 required that each litigant file a new lawsuit, hand-sign a sworn declaration and attach said declaration to the individual lawsuit and re-file within 45 days and pay an individual $400 filing fee.  Under these circumstances, Claimants could not receive and respond in 45 days due to lack of availability, work, and lack of technology after being stayed for five years. It should be noted that the sister cases that were able to adequately respond, continue to be stayed and no action has been taken.   Therefore, no party would be prejudiced by allowing the similarly situated cases to move forward, and to be permitted to proceed on the merits of their case.

Individuals and businesses dependant on fishing, the primary line of business for these Claimants, are not inclined to technological advancements or access that many, especially among the legal community, are saturated by and rely heavily upon. The failure to meet the requirements was not intentional or due to any lack of due diligence – on the part of Claimant or their counsel.   In immediate response to PTO 60, Claimants were contacted and requested to sign and date the declaration identified in PTO 60 as Exhibit A.  Unfortunately, many Claimants could not be reached as this was a prime time to be at sea with lack of internet, mail, or telephone or access to the mainland.  Further, during the long stay of the case, Claimants were out of the country, travelling, working and the newly created 45 day statute of limitations was difficult, if not impossible, for all Claimants to meet.   More importantly, these Claimants relied upon counsel to take action on their behalf, but counsel was not able to act under these circumstances. There was no warning, and with the limited response time, the Claimants were not anticipating any action on their case without prior notice of the stay being lifted.  PTO 60 specifically tied the hands of counsel to act independently to protect the Claimants, and the unknowing Claimants are left with no opportunity to present their case.

1.   **No evidence of rebellious, contumacious or conduct showing contempt of Court by the claimants**

The record is devoid of any evidence of rebellious, contumacious or conduct showing contempt of Court by the claimants.  Each underlying Claimant was unaware of the Court's order, despite Counsel's attempts to reach them due to the short response deadline and inability to respond in the format requested by the Court.   An example of such conduct includes a "stubborn resistance to authority" which is not evidenced here.  *John v. State of La*., 828 F. 2d 1129, 1132 (5th Cir. 1987).

There is no history of delay or failure to comply with the Court's orders over the course of this litigation. Without such conduct, the sanction handed down did not meet the crime.

    **2.**    <u>**Extreme sanctions are not warranted**</u>

Second, in this case, there are other sanctions that could have been imposed by the Court that were less harsh and extreme.  Under *Gonzalez v. Firestone Tire & Rubber Co*., it is clear that there must be "willfull disobedience" of an order to warrant such a drastic dismissal.  610 F.2d 241, 247 (5th Cir.1980).   Here, the underlying claimants were unaware of the immediate requirement, due to no failure on their own were unable to respond, and  in this case less extreme sanctions could have been utilized.   There was no intentional or willful disobedience typical of such a sanction.  Here, at least one Claimant, Joaquin Barrerra and/or S.C.P.P. Ah Caray, S.C. de R.L. and/or Restaurant Ah Caray. (13-2791, 16-6298) immediately tried to correct the error and file a sworn statement two week late. These efforts were did not sway the Court to permit additional time to comply.  For these reasons and lack of conduct warranting extreme sanctions, Claimants request reconsideration, a lift of the stay, and an opportunity to comply with a scheduling order.

    **B.** <u>**FEDERAL RULES OF CIVIL PROCEDURE 60(b)(6)**</u>

Reconsideration is also appropriate pursuant to Federal Rules of Civil Procedure 60(b)(6) under any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under  Rule 59(b) ;

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6) any other reason that justifies relief.**

FED. R. CIV. P. 60 (b) (6) (emphasis added). Here, "any other reason that justifies relief" is apropos. FED. R. CIV. P. 60 (B) (6).   Here, like above, the same factual circumstances and considerations should be considered, and warrants reconsideration of the ruling.

Generally, the factors that should now be considered under Rule *60(b)* are: (1) that final judgments should not lightly be disturbed; (2) that the *Rule 60(b)* motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981); citing *United States v. Gould*, 301 F.2d 353, 355-6 (5th Cir. 1962), quoting 7 Moore's Federal Practice P 60.19 at 27-39.

*Seven Elves* is analogous to the facts herein because there the Fifth Circuit reversed a default judgment and a subsequent FED. R. CIV. P .60 (b) denial for failure to appear by the parties at trial. *Id*. 635 F.2d 396, 398.   In that case, counsel had lost contact with two of his clients, due to change of address and the misunderstanding that counsel was not representing them any longer (although he was never removed as attorney of record) as representation had been terminated by a related party.  After failing to appear, pleadings were stricken and a default

was entered. Due the demands of justice, the Court remanded the case for full consideration. Essentially, here the Court has entered a default judgment as it is akin to many of the characteristics of a default judgment because it was entered in the Claimant's absence and the merits of the case were not examined. The Claimants were lulled into a false sense of security by no action being taken in their case for six years (and still no action for the sister cases) and were confident that counsel was preserving their rights.

Here, factors 3, 4, 5, 7 and 8 heavily favor reconsideration of this motion, so that a trial can be made on the merits of the case. Like in *Seven Elves*, the dismissal was misaligned with the equities and warrants reconsideration. First, there is no substantial justice to be had for dismissing a case because a client did not sign a sworn statement, nor any prejudice to any of the defendants who have had this same information for years in multiple formats – lawsuits, presentment forms, meetings and exchange of documents. No such sworn statement is required to file a lawsuit in maritime or OPA 1990 cases. Further, requiring a hand signature when the client has given authority to their lawyer – albeit and expects them to act on their behalf. Second, there is no justice in a case that has been waiting to proceed for six years being summarily dismissed because they could not be timely reached and counsel was prohibited from acting on their behalf. Third, the full merits of the cause have not been considered. Fourth, no intervening rights of the defendants have been affected. In balancing all of these factors, Claimants pray and request that the Court reconsider in light of the circumstances and permit the Claimants to proceed with each individual case.

## CONCLUSION

In conclusion, Claimants seek reconsideration of PTO 60 Reconciliation Order based on the factual circumstances presented. The Claimants had no intention of violating the Court's

rules or pending deadlines, and while counsel was notified, counsel did not have the Court's authority to act to protect its clients. There was no intentional failure in this case by the movants, and only a disservice to the interest of justice for all. The defendants have not suffered any prejudice – in fact, 300 other of this firm's clients– will be able to pursue the <u>exact same claims</u> against the Defendants. The parties herein respectfully request reconsideration.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:  <u>/S/ Anthony Buzbee</u>
Anthony G. Buzbee (TA)
State Bar No. 24001820
S.D. Tex. I.D. No. 22679
Caroline E. Adams
State Bar No. 24011198
S.D. Tex. I.D. No. 27655
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEY FOR CLAIMANTS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of January 2017.

<u>/S/ Caroline Adams</u>
CAROLINE E. ADAMS