UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br>SECTION: J |
| This Documents Relates to:<br>Case No. 2:13-cv-02786<br>Case No. 2:16-cv-11539<br>Case No. 2:16-cv-11546 | *<br>*<br>*<br>* | JUDGE BARBIER<br><br>MAGISTRATE WILKINSON |

### AFFIDAVIT OF JIMMY WILLIAMSON

STATE OF TEXAS

COUNTY OF HARRIS

I, Jimmy Williamson, do hereby state and depose that I have personal knowledge of the following facts and swear that they are true.

1. My name is Jimmy Williamson and I am over 18 years of age and fully competent to make this Affidavit.

2. I am an attorney licensed to practice law in the State of Texas.

3. I am, and have been since filing, lead counsel for Plaintiff BREATHWIT MARINE CONTRACTORS, LTD., (Plaintiff in Cases 2:13-cv-02786 and 2:16-cv-11539), ("Breathwit Contractors"), and Plaintiff BREATHWIT MARINE SHIPYARD, LTD., (Plaintiff in Cases 2:13-cv-02786 and 2:16-cv-11546), ("Breathwit Shipyard"), (collectively, "Breathwit").

1

EXHIBIT A

4. After Breathwit properly made presentment to BP under OPA, I filed suit on their behalf in the original complaint on April 19, 2013. I did not rely upon the short form joinder process, nor did I file a "mass joinder" lawsuit.

5. When PTO #60 was issued on March 29, 2016, I had Breathwit timely sign and file sworn statements in accordance with the provisions of the Order.

6. I did not file individual lawsuits by May 16, 2016, for the two (2) Breathwit entities because, I, in good faith, believed that they were related parties under PTO #60.

7. I did file a motion for permissive joinder, and later filed another motion asking for the Court to rule on this issue, thinking, at the time, that I was being cautious.

8. Later, on June 23, 2016, in what I viewed at the time as a precautionary measure, I filed individual lawsuits on behalf of the two Breathwit entities.

9. My firm has filed individual lawsuits on behalf of approximately 200 claimants in the BP litigation. My firm did not rely solely upon short form joinders or any "mass joinder" approach to my firm's BP litigation cases.

10. When PTO #60 was issued, my firm also filed additional lawsuits for other parties, (who were joined in multiple party lawsuits), in order to ensure compliance with PTO #60 with regard to those particular parties.

11. I believed at the time, and still believe, that the joinder of these two (2) particular parties was appropriate given the fact that they all rely upon the same witnesses, the same exhibits, the same damage model, and the same operative facts and law, and, therefore, were related parties under the Court's order of March 29, 2016.

12. I never intended to disregard the Court's order of March 29, 2016, nor to be indifferent to it. My actions, even if a mistake, were not intended to disrespect, or disregard, the Court's directives.

13. The decision to not file individual lawsuits, but to ask the Court for a ruling that they were related parties, was solely my decision, and not that of my clients.

14. I hereby offer to personally, (without reimbursement from my clients), pay any monetary sanctions the Court may impose in connection with this matter, so that my clients may have their day in court.

FURTHER, AFFIANT SAITH NOT.

This the 12th day of January, 2017.

_____
JIMMY WILLIAMSON

STATE OF TEXAS

COUNTY OF HARRIS

SWORN TO and SUBSCRIBED before me, this the 12th day of January, 2017.

_____
NOTARY PUBLIC

My Commission Expires: 6/18/2020

AMY BRENDA ARCHAMBAULT
126530958
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JUNE 18, 2020