UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEP WATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL  NO.         2179 |
| | SECTION:   J |
| This Document Relates to:   13-01117 | JUDGE BARBIER |
| | MAG. JUDGE WILKINSON |

## <u>MEMORANUM IN SUPPORT OF MOTION OF GANGI SHRIMP COMPANY, LLC MOTION FOR COURT TO RE-CONSIDER ITS MOTION TO RE-OPEN CASE</u>

MAY IT PLEASE THE COURT:

By prior Order, this Honorable Court dismissed all cases which did not timely file a Sworn Statement (in support of Plaintiff's claims for economic damages) pursuant to Court Order PTO 60, which dismissal apparently included case number 13-01117 filed by Gangi Shrimp Company, LLC (hereinafter referred to as "Gangi Shrimp"). After  learning of the Order and researching the matter, Gangi Shrimp filed a Motion to Re-Open its case and submitted its Memorandum in support thereof. By Order dated December 16, 2016, this Honorable Court denied Gangi Shrimp's Motion to Re-Open. Gangi Shrimp now

filed this motion requesting that this Honorable Court re-consider its denial of the Gangi Shrimp  motion to re-open and grant the motion and allow Gangi Shrimp to proceed with its law suit.

Michael A. Gangi, Sr., the owner and operator of Gangi Shrimp Company, LLC has been in the seafood business for approximately 35 years. At the time of the BP oil spill, Gangi Shrimp had locations for the sale of shrimp, crabs, crawfish and fish both in Jefferson Parish and in Hammond.  As a result of the oil spill, Gangi Shrimp suffered substantial losses due to its inability to purchase seafood products from its local suppliers and sell such seafood items to its customers at the two locations. Accordingly, Gangi Shrimp sought to make a claim against the  responsible  parties to recover his losses; at some point after the spill, Gangi became aware of a forensic accountant names Schwed who Gangi then engaged to handle his claims as a result of the BP oil spill. Gangi learned that Schwed was  working with an attorney (and possibly others) who was representing other claimants who had suffered damages as a result of the spill.

-----Page Three-----

As indicated in its prior Memorandum (in support of its Motion to Re-Open), Gangi Shrimp first made claim for an emergency payment through the Gulf Coast Claims Facility (see letter with copy of check dated December 13, 2010 attached hereto as exhibit 1). Thereafter, communications with the Gulf Coast Claims Facility continued into 2012 (see letter dated February 10, 2012 from the Gulf Coast Claims Facility dated February 10, 2012 attached as exhibit 2).

Thereafter, Gangi Shrimp continued to move forward with its claims with the Deepwater Horizon Court-Supervised Settlement Program (see letter dated October 18, 2012 from Gangi Shrimp to the Settlement Program and letter from the Settlement Program to Gangi Shrimp dated November 27, 2012 attached en globo as exhibit 3).

During these various periods of time and dealings with the Gulf Coast Claims Facility and the Deepwater Horizon Court-Supervised Settlement Program, Gangi Shrimp was working with the forensic account (Stephen Schwed) to make and proceed with his claims for his losses as a result of the oil spill.

-----Page Four-----

In 2013, Gangi Shrimp contacted counsel regarding a deadline to file suit against BP and other parties. Gangi received from either Schwed, the forensic accountant, or one of the attorneys with whom Schwed was involved, a copy of a law suit which had been filed by other counsel for damages caused by the BP oil spill; Gangi gave this copy of the law suit to counsel Britt and requested that he file a law suit on behalf of Gangi Shrimp to protect its rights against BP and the other defendants. Counsel, as requested, filed the suit for Gangi Shrimp Company in the Eastern District of Louisiana. Gangi Shrimp continued to work with Schwed and through Schwed to contact the appropriate entity (the Settlement Program or any other entity with whom claims were to be submitted and settlement attempted), submit tax returns or other documents and move forward to determine if the claims of Gangi Shrimp could be settled. No further actions were taken by counsel at that time based on discussions with Michael Gangi of Gangi Shrimp Company.

On or about April 1, 2016, Michael Gangi was contacted by the forensic accountant Schwed (with whom Gangi and Gangi Shrimp had continued to be in

-----Page Five-----

contact and work with on its BP claims) and was asked to sign a Confidentiality Order signed by Magistrate Shushan (see Order dated January 13, 2016 attached as exhibit 4; see also email from Schwed to Lisa Gangi, the wife of Michael Gangi, attached as exhibit 5). Although the Order was signed on January 13, 2016, It was April, 2016 before Schwed requested Gangi to sign the Order. It was Gangi's  understanding that the Order had to be filed with the Court or submitted to the entity with whom Schwed was in contact regarding settlement. On April 18, 2016, Lisa Gangi sent an email to Schwed about tax papers and asked where they should be sent; Schwed replied that they should be sent to him (see emails dated April 18, 2016 attached as exhibit 6).

Subsequent thereto, Michael Gangi became concerned regarding the progress of his claims and contacted attorney Britt, requesting that he review the matter and speak with Schwed concerning the status of settlement negotiations or the status in general. Counsel contacted Schwed and discussed the status. For the first time, Schwed indicated there had been a "glitch" with the Gangi Shrimp claims and it was necessary to determine how to rectify it. On July 26, 2016, Schwed advised Lisa Gangi that he was meeting with "eddy hayes" (an attorney

-----Page Six-----

with Leake and Anderson) and would be back in touch with Gangi's counsel the next day (see email dated July 25, 2016 attached as exhibit 7). Thereafter, despite some conversations between counsel and Schwed, it became increasingly difficult to reach Schwed and, at some point, Schwed never returned any telephone calls or communications.

Counsel, after checking various MDL orders and the like, then discovered Pre Trial Order 60, as well as an order or orders regarding the File and Serve entity and process. Counsel also reviewed the Court's Order to Show Cause issued on June 7, 2016 [Document 18724]. At that point, the deadlines for compliance with PTO 60 had passed. Counsel did immediately advise Mr. Gangi of the results of his research. and sign up with the File and Serve entity. The Sworn Statement form was completed and filed. And, after discussion with another attorney and consideration of the issues, the Motion to Re-Open the Gangi Shrimp case was filed with various exhibits indicating the on-going efforts of Gangi Shrimp over six years to move forward with the various entities (Gulf Coast Claims; Court-Order Settlement Program), comply with any

-----Page Seven-----

request for documents or forms from the various entities and provide any form or documents of which Gangi was made aware by Schwed (i.e., the Confidentialy Order).

As indicated in the documents attached to this Memorandum, the on-going efforts of Gangi Shrimp and Mr. Michael Gangi date back to 2010 and continued through to 2016 (and to the present). The only "mis-step" was the failure to file the Sworn Statement because neither Gangi Shrimp nor counsel learned of such requirement until after the deadline set by this Court. Although the forensic accountant had been working with Gangi Shrimp and Mr. Gangi for many years, and, at the same time, the forensic accountant had been working with an attorney, or attorneys, at a law firm which was handling several BP claims, the accountant never advised Mr. Gangi of the necessity of filing the Sworn Statement.

Mr. Michael Gangi, on behalf of Gangi Shrimp, was directly involved in

working with the account to have the claims of Gangi Shrimp move forward

during all this period of time since 2010, including  2015 and 2016 when he was

ill. In October, 2015,  due to back problems, Mr.  Gangi had a stimulator put in

his back. Thereafter, however, infections occurred in December, 2015. He was

required to see an infectious disease doctor. After continued infections, the

stimulator was removed in June, 2016 and treatment for the infections in his body

continued. After  the continued treatment and resolution of the infections, the

stimulator was again  placed into his back in January, 2017. During this time, Mr.

Gangi had doctor visits every week or every two weeks at different times.

However, Mr. Gangi still attempted to work with the forensic accountant up to

sometime in the mid to later part of 2016 (when the forensic accountant would no

longer communicate with Mr Gangi or counsel).

From 2010 to the present, Gangi Shrimp participated in the process of

filing its claims and providing documents to the appropriate entity as provided

and required by the Court. Despite the long period of time from the oil spill in

2010, Gangi Shrimp followed the procedures of the processes through the various

Settlement groups, cooperating and providing documents and information as required. After this extended period of participation, it is respectfully suggested that the dismissal of the case and claims of Gangi Shrimp is too harsh a remedy for the failure to file a Sworn Statement. There has been no showing or indication of intentional delay by Gangi Shrimp or any intentional conduct contrary to the processes or orders set out by the Court nor any conscious disregard for the orders of this Court.

Considering all the facts set out in the foregoing Memorandum, as well as the facts set out in the Gangi Shrimp Memorandum filed in support of its Motion to Re-Open its case, it is respectfully suggested that granting this Motion to reconsider the dismissal with prejudice is appropriate. Gangi Shrimp would respectfully submit that a dismissal with prejudice is a serious sanction for the failure to file one document in the course of these proceedings, and perhaps a lesser sanction would be appropriate.

A dismissal with prejudice should be affirmed only if (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice. This test is conjunctive,

-----Page Ten-----

and therefore both elements must be present. *Coleman v. Sweetin,* 745 F.3d 756, 766 (5th Cir. 2014). Possible lesser sanctions may be considered, including an award of attorney fees, assessment of fines or costs. See *Thanksgiving Tower Partners,* 1993 WL 35716, at 8.

It is respectfully submitted that, in the present case, should the Court determine that sanctions are appropriate, then lesser sanctions would be appropriate before dismissing the case. Gangi Shrimp was not aware it was not in compliance with the orders of the Court. This approach would not cause any undue delay (since this matter has now been proceeding for over six years) or a miscarriage of justice (Gangi Shrimp has been involved in the entire process since 2010), and also be in accordance with the holdings of the Fifth Circuit Court of Appeal that favors adjudication on the merits (as opposed to involuntary dismissal).

It is respectfully suggested that the case law in our Circuit is very clear that a case should not be dismissed as a sanction unless all other lesser sanctions have been considered and found ineffective." See *Compaq Computer Corp. v. Ergonome Inc.,* 387 F.3d 403, 415 (5th Cir. 2004); *see*

*also Millan v. USAA General lndem. Co.,* 546 F.3d 321, 326 (5th Cir. 2008); *Long v. Simmons,* 77 F.3d 878, 880 (5th Cir. 1996)(citing *Burden v. Yates,* 644 F.2d 503 (5th Cir. 1981). In *Blessy,* the Court stated that the flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed, and that sanctions must be narrowly tailored to serve only their necessary function." *Blessey Marine Servs., Inc. v. Jefjboat, LLC,* No. CIV.A. 10-1863,  2011 WL 3349844, at 6  (E.D. La. Aug. 3, 2011).

In the present case, considering the standards and holdings of the Fifth Circuit Court of Appeal, it is respectfully suggested that there is no record of any significant delay or contumacious conduct. Contumacious conduct is a "stubborn resistance to authority ." *Darville v. Turner Indus. Grp., LLC,* 305 F.R.D.  91, 94 (M.D. La. 2015.  Such behavior goes beyond a failure to comply with a scheduling or pre-trial order. *Id.*

The sort of delay contemplated in cases where there is involuntary dismissal with prejudice, is longer than even a few months, and characterized by significant periods of total inactivity. *See Millan v. USAA Gen. lndem. Co.,* 546 F.3d 321, 326-27 (5th Cir. 2008).  Noncompliance with a single pretrial

order which results in functionally no delay, as the entirety of the action is stayed, is not extreme enough to warrant the sanction of dismissal of the action. *See Darville v. Turner Indus. Grp., LLC,* 305 F.R.D. 91, 95 (M.D. La. 2015).

In addition to the two requirements discussed above, the Fifth Circuit looks for an aggravating factor. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 418 (5th Cir. 2006). Aggravating factors that favor dismissal include, delay directly attributable to the plaintiff, instead of the plaintiff's attorney; or delay caused by intentional conduct. *Millan v. USAA Gen. Indem. Co.,* 546 F.3d 321, 326 (5th Cir. 2008); *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986). None of these aggravating factors are present. The record contains no indication that Gangi Shrimp failed to comply with this Court's order out of willfully disobeying the Court's Order. Therefore, the law and the record support a reconsideration of the Order denying Gangi Shrimp's Motion to Re-Open its law suit.

It is further respectfully suggested that there has been no prejudice to BP or the other defendants or to this Court. Even if Gangi Shirmp was in violation of PTO #60, it cannot possibly be argued that there was any prejudice to BP or to the Court.

No discovery has been done in the Gangi Shrimp case. There has been no discovery nor pretrial conferences or proceedings.

It is respectfully submitted that a dismissal for failure to timely file one document in a proceeding is a harsh sanction and should only be used in extreme situations such as when there is a clear record of delay or contempt or when less drastic sanctions are unavailable. *See Hutchins v. A.G. Edwards & Sons, Inc.,* 116 F.3d 1256, 1260 (8th Cir. 1997). A case should adjudicated upon the merits, as opposed to being dismissed without an adjudication of the merits. *See Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3rd Cir. 2002).

## CONCLUSION

Gangi Shrimp respectfully requests that, for the facts and reasons set out in its original Memorandum in support of its Motion to Re-Open and for the facts and reasons set out herein above, the Motion of Gangi Shrimp for reconsideration of the Court's denial of the Motion to Re-Open should be granted. Further, for the reasons set out herein above regarding the harshness of a dismissal where there has been no intentional delay, obstruction or prejudice that the Motion to Re-Open the case of Gangi Shrimp should also be granted, and the case allowed to proceed toward settlement or adjudication on the merits.

RESPECTFULLY SUBMITTED:


 /s/    Michael A. Britt_____

Michael A. Britt        LSBA  #3489
3701 Williams Blvd., Suite 255
Kenner, LA 70065
(504) 441-8660            Telephone
(504)  443-2774           Facsimile
mab3489@aol.com       email
Attorney for Gangi Shrimp
Company, LLC


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Mmemorandum has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with the Pre Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 13th day of January, 2017.


   /s/    Michael A. Britt_____

MICHAEL A. BRITT

RESPECTFULLY SUBMITTED:

/s/   Michael A. Britt_____

Michael A. Britt        LSBA  #3489
3701 Williams Blvd., Suite 255
Kenner, LA 70065
(504)  441-8660          Telephone
(504)  443-2774          Facsimile
mab3489@aol.com          email
Attorney for Gangi Shrimp
Company, LLC


## CERTIFICATE OF SERVICE


I hereby certify that the above and foregoing Mmemorandum has been
served on All Counsel by electronically uploading the same to LexisNexis File &
Serve in accordance with the Pre Trial Order No. 12, and that the foregoing was
electronically filed with the Clerk of Court of the United States District Court for
the Eastern District of Louisiana by using the CM/ECF System, which will send a
notice of electronic filing in accordance with the procedures established in MDL
2179 on this 13th day of January, 2017.

_/s/___Michael A. Britt_____

MICHAEL A. BRITT


Gulf Coast Claims Facility
Kenneth R. Feinberg, Administrator
P.O. Box 9658
Dublin, OH 43017-4958
1-800-916-4893

Claim Number:  01010578
Check Number: 00172027
Check Date:    12/13/10
Check Amount:  $143,800.00

GANGI SHRIMP
ATT: MICHAEL GANGI
1795 S MORRISON ROAD
HAMMOND, LA 70403

Notice of Emergency Advance Payment Determination

The check attached to this letter represents an Emergency Advance Payment from the Gulf Coast Claims Facility ("GCCF") for damages suffered as a result of the Deepwater Horizon Oil Spill on April 20, 2010.  (If you requested multiple checks, those checks should be included here.)

The GCCF has calculated the amount of your Emergency Advance Payment according to the rules that apply uniformly to all claimants. The amount is a reasonable estimate only of your projected losses and cannot be changed or adjusted at this time. At the time of the submission of your Final Claim for Final Payment, you will at that point have the opportunity to present additional documentation and materials that you feel support your position.  All such issues will be considered when determining the amount of any Final Payment for all losses.

This check may be presented at any Banking Institution in the country for payment.  However, if you do not have your own bank account at which you can cash this check, the GCCF has made arrangements with Whitney National Bank, which has branches located throughout the affected region in the Gulf, to assist you.  For more information on this check cashing service, please see the enclosed, Notice of Check Cashing Options For Individuals Who Do Not Have Bank Accounts, along with a list of Whitney bank branches.

The GCCF will report annually to federal and state taxing authorities, using IRS Form 1099 or a state form equivalent, for certain payments made.  In early 2011, you will receive your copy of that form.  The GCCF cannot provide you with tax advice.  You should consult with your own tax advisor to determine the impact of any payments you receive from the GCCF on your individual tax situation.

For assistance or additional information, please visit our website at www.GulfCoastClaimsFacility.com, or call us toll-free at 1-800-916-4893, TTY at 1-866-682-1758 or email us at info@gccf-claims.com.

Gulf Coast Claims Facility
Kenneth R. Feinberg, Administrator
P.O. Box 9658
Dublin, OH 43017-4958
1-800-916-4893


Whitney National Bank

62-20/311

CHECK NUMBER:  00172027
CHECK DATE:    12/13/10

*One hundred forty three thousand eight hundred and 00/100 Dollars*

****$143,800.00

PAY TO THE ORDER OF
GANGI SHRIMP
ATT: MICHAEL GANGI
1795 S MORRISON ROAD
HAMMOND, LA 70403


EXHIBIT
1

VOID AFTER 90 DAYS

BY Edward Morell
AUTHORIZED SIGNATURE

# GCCF   Gulf Coast Claims Facility
www.GulfCoastClaimsFacility.com

February 10, 2012

GANGI SHRIMP
ATTN: MICHAEL GANGI
1795 S MORRISON ROAD
HAMMOND, LA 70403

RE:     **Determination Letter on Interim Payment/Final Payment Claim**
        **GANGI SHRIMP**
        **Claimant ID: 1010578**

Dear Claimant:

The Gulf Coast Claims Facility (the "GCCF") is the official way for Individuals and Businesses to file claims for costs and damages incurred as a result of the Deepwater Horizon Incident on April 20, 2010 (the "Oil Spill"). The GCCF and its Claims Administrator, Kenneth R. Feinberg, act for and on behalf of BP Exploration & Production, Inc. ("BP") in fulfilling BP's statutory obligations as a "responsible party" under the Oil Pollution Act of 1990 ("OPA").

*All Claimants have the right to consult with an attorney of their own choosing prior to accepting any settlement or signing a release of legal rights.*

You have filed one or more Claim Forms with the GCCF. This Determination Letter ("Letter") is an official notification from the GCCF. This Letter addresses all the Claim Forms and documents that you have filed concerning the claims described below. If you filed more than one Claim Form or claims for businesses or activities on which you pay taxes using the same taxpayer identification number (Social Security Number or Employer Identification Number), then we have combined all the claims for that taxpayer identification number into one claim.

The GCCF has reviewed the Interim Payment and/or Full Review Final Payment Claim Form that you submitted. This Letter informs you of the outcome of that review and describes your options now. If you disagree with the GCCF's decision on your Interim Payment or Final Payment claim, you have the right to submit the claim to the National Pollution Funds Center ("NPFC"), the Coast Guard office responsible for evaluating and approving OPA claims, or as an alternative you have the right to file a claim in court, including in the multidistrict litigation pending before the United States District Court for the Eastern District of Louisiana, titled, In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (MDL No. 2179). The multidistrict litigation is a consolidated grouping of federal lawsuits arising out of the Oil Spill. General information on the procedure for filing a claim with the NPFC may be obtained from the Director of the National Pollution Funds Center, NPFC MS 7100, U.S. Coast Guard, 4200 Wilson Blvd., Suite 1000, Arlington, VA 20598-7100, (800) 280-7118, or from the NPFC website at **www.uscg.mil/npfc/claims**. Information regarding the multidistrict litigation may be obtained from the court's website at **www.laed.uscourts.gov**.

**EXHIBIT**
tabbies
2

GCCF 1002-BUS                    Gulf Coast Claims Facility                    Claimant ID:     1010578
                                        Page 1 of 12                           Claim Form ID:   9441750

I.      **The Determination of Your Claim and Calculation of Losses.**

You qualify for compensation from the GCCF.  **Attachment A** to this Letter explains the amount, if any, that we are paying to you now for an Interim Payment as well as an offer for a Final Payment (the "Final Payment Offer"), which is the additional amount you can be paid now if you decide to accept the Final Payment Offer and sign a Release and Covenant Not to Sue (the "Release").  The Release waives and releases any claims that you have or may have in the future against BP and all other potentially responsible parties with regard to the Oil Spill, and prevents you from submitting any claim seeking payment from the NPFC or a court.  **Attachments B and C** to this Letter show you the periods of your documented losses based upon the records you submitted.  **Attachment D** shows you the periods where documents were missing (which means that we could not award you losses for those periods).

II.     **Your Interim Payment.**

If **Attachment A** shows that you are entitled to an Interim Payment, the GCCF will send you this payment <u>without requiring you to release or give up any claims or to surrender any litigation rights</u>.  This Interim Payment is for your past losses for the period after April 20, 2010, and up to the time of the last period for which you submitted records showing your income or losses, as shown in **Attachments B and C**.

You may submit future Interim Payment Claim Forms along with the Required Documentation to show damages caused to you by the Oil Spill.  You may submit only one Interim Payment Claim Form during each calendar quarter (the calendar quarters are Jan-Mar; April-June; July-September; and Oct-Dec).  You must submit a new Interim Payment Claim Form to seek payment for any period beyond that covered by this Determination Letter.  **The GCCF will review only one claim for you for each quarter and will evaluate all of the supporting documentation that you have submitted through the date of that review**.  If you file another quarterly Interim Payment Claim, the GCCF will review your claim and evaluate all newly submitted supporting documentation since the review of your previous Interim Payment Claim and, if you prove additional losses caused by the Oil Spill, the GCCF will issue you a new Determination Letter and send you payment for those additional past losses.  Your new Determination Letter will provide a Final Payment Offer that you will have 30 days to accept.  All Final Payment Offers will be reduced by Interim Payments and any other offsets.

III.    **Your Final Payment.**

If you want to be paid the amount shown in your Final Payment Offer in **Attachment A** and fully resolve your entire claim now, you can accept your Final Payment Offer.  Your Final Payment Offer includes payment for all future damages to you as a result of the Oil Spill, determined according to the Gulf Coast Claims Facility's Final Rules Governing Payment Options, Eligibility and Substantiation Criteria, and Final Payment Methodology.  Your Final Payment Offer is valid for 30 days after the date of this Letter[1].  This Letter contains a Final Payment Election Form with a box for you to use to accept the Final Payment Offer and a space for your signature.  To accept your Final Payment Offer, check the box on the Final Payment Election Form indicating that you accept your Final Payment Offer, sign it and return it to us no later than 30 days after the date of this Letter.  We then will send you a Release for you to sign and return to be paid the Final Payment Amount.  We will send the Final Payment Amount to you within 14 days after receipt of a complete and properly signed Release.  You must submit your original signature on the Release to us.  We will not accept faxes, scanned images or photocopies of your signed Release.

You may appeal a Final Payment Offer if your total monetary award (including any Emergency, Interim or Final Payments made by BP or the GCCF) is in excess of $250,000.  The appeal will be reviewed by a panel of three neutrals who will make an independent determination of the claim's value.  BP will have the right to appeal to the panel of three neutrals if your total monetary award (including any Emergency, Interim or Final Payments made by BP or the GCCF) is $500,000 or more.

All claimants are entitled to request a Re-Review of a Final Payment Offer as described below in this Letter.  The GCCF has determined that when a claimant has filed a request for Re-Review of a Final Payment Offer, the fourteen (14) day deadline for filing an appeal will run from the date of notification of the GCCF's determination of the Re-Review.  If a claimant does not file a request for a Re-Review of a Final Payment Offer, the fourteen (14) day deadline for filing an appeal will run from the date of notification of the GCCF's Final Determination.

PLEASE NOTE:  If your total Final Payment Offer is in excess of $500,000, payment of your Final Amount will not be made until the expiration of the 14-day period for the right of an appeal of your claim by BP.  The expiration of the right of an appeal is 14 days from the date of this Letter.  For more information on the appeal process, visit the GCCF website at **www.gulfcoastclaimsfacility.com**.

---

[1] The GCCF may amend or withdraw this Final Payment Offer if the GCCF determines that the Final Payment Offer was the result of mistake or fraud.

*All Claimants have the right to consult with an attorney of their own choosing prior to accepting any settlement or signing a release of legal rights.*

If you are represented by a lawyer, you should discuss your rights with your lawyer before signing and returning the Release. If you would like to consult with an attorney but cannot afford one, free legal help is available for the GCCF Interim or Final Claims Process, through a network of nonprofit civil legal service organizations in Alabama, Florida, Louisiana, Mississippi and Texas. Information about this free assistance is available on the GCCF website, **www.gulfcoastclaimsfacility.com**.

If you do not accept your Final Payment Offer, then you may choose to seek additional Interim Payments from the GCCF or request a Re-Review of your Final Payment Offer, as described in this Letter.

## IV.   Deductions for Liens.

Your Interim Payment and Final Payment Offer are subject to deductions for any outstanding liens received by the GCCF before we issue your payments, other deductions required by state or federal law or by any court order affecting GCCF payments. If we have received a lien against your claim, **Attachment E** to this Letter provides details on that lien and how it affects your payment or Final Payment Offer.

## V.   Deductions for Court-Ordered Withholdings.

A consolidated grouping of all federal lawsuits arising out of the Oil Spill is pending before the United States District Court for the Eastern District of Louisiana (the "Court"). This litigation is referred to as the "multidistrict litigation" or "MDL" and is captioned *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL No. 2179. The Court entered an Order on January 18, 2012, requiring the GCCF to withhold 6% from all Interim Payments, Final Payments and Quick Payments made after December 30, 2011, to any plaintiff with a lawsuit or short-form joinder in the MDL, a claim against Transocean in its Limitation of Liability proceeding in the MDL ("Claimants in Limitation"), or state court plaintiffs represented by counsel that had access to the MDL discovery process. The 6% hold-back does not apply to claimants who never had an MDL lawsuit, are not Claimants in Limitation against Transocean in the MDL, or state court plaintiffs whose counsel has not had access to the MDL discovery process.

The 6% withholdings from GCCF payments will fund a reserve account for possible awards of common benefit fees and expenses to the Plaintiffs' Steering Committee and other lead or liaison counsel for MDL plaintiffs. **Attachment A** to this Letter shows the 6% hold-back amounts, if any, that apply to your claim. If you accept your Final Payment Offer, the GCCF will pay you the amount of your Final Payment Offer, less the 6% hold-back if applicable and any other applicable deductions, in satisfaction of the Release. As required by the Order, the GCCF will send the 6% hold-back amounts to the Clerk of the Court to be held in the MDL No. 2179 Account and Reserve for Common Benefit Litigation Expenses and then to be paid as directed by the Court in future orders. You may view a copy of the Court's Order regarding this 6% withholding on the GCCF website, **www.gulfcoastclaimsfacility.com**.

## VI.   Request for Re-Review of Your Payment Calculations.

You may request a Re-Review of your claim if you believe that a miscalculation occurred or if you wish to submit some or all of the missing documentation identified on **Attachment D**. To request a Re-Review, you must complete the Re-Review Election Form enclosed with this Letter and either mail it to us or submit it through the GCCF website, no later than 30 days after the date of this Letter. You must identify in the Re-Review Election Form the reason(s) for your request and identify the documents that form the basis of your request for a Re-Review. Only documents for the missing loss periods identified in **Attachment D** of this Letter will be re-reviewed. If you wish to submit documents for review that provide information outside the missing loss periods identified in **Attachment D** of this Letter, you must submit a new Interim Payment Claim Form. In accordance with the GCCF's Final Rules dated February 18, 2011, Interim Payment claims may be filed once each calendar quarter.

Within 30 days of receipt of your request for Re-Review of your claim, the GCCF will issue you a new Determination Letter based upon the Re-Review. Your payment calculation and Final Offer could change or may be the same as those in this Letter. If you submit any new documents within the missing loss periods identified in **Attachment D** showing additional losses caused by the Oil Spill, we will include those losses in your new Determination Letter.

**VII.    What to Do if You Have Questions About This Letter.**

If you have any questions about this Letter, you may call the GCCF Claims Review Specialist identified below who can answer questions about your claim or this Letter.  For TTY assistance call 1-866-682-1758.  If you are represented by an attorney, we will communicate directly with your attorney.  If you have authorized a claims preparation firm to receive information on your claim, the GCCF is mailing a copy of this Letter to that firm.

Your GCCF Claims Review Specialist is:  Brian 57843 at 1-800-353-1262.

Sincerely,

Kenneth R. Feinberg

Kenneth R. Feinberg
Claims Administrator
Gulf Coast Claims Facility

October 18, 2012

Deepwater Horizon Court-Supervised Settlement Program
Exclusions Department
PO Box 222
Hammond, LA 70404-0222

> Re.    **Economic Class Opt Out**

Dear Sir/Madam:

I submit this letter to signify that I wish to be excluded from the Economic Class of the Deepwater Horizon Settlement. I am signing this on behalf of and as the authorized representative of the company listed below.

Sincerely,

*[signature]*

Michael A GANGI SR
Printed Name

1025 E WM DAVID PKWY
Address METAIRIE LA 70005

504-835-6002 Shop
Phone Number
504-450-3023 Cell

GANGi Shrimp Company LLC
Company Name

EXHIBIT
3

## III. OPTING OUT OF THE SETTLEMENT

### 26. If I qualify as an Economic Class Member, am I required to participate in the Settlement?

No. If you do not want to participate in this Settlement you have the right to Opt Out (i.e., exclude yourself from the Economic Class). The Economic Class Action Settlement Notice provides instructions regarding the procedures that must be followed to Opt Out of the Economic Class.

In the event you decide to Opt Out of the Class, the Settlement Program will not continue to process any claim you have submitted, or thereafter submit, to the Program.

To validly exclude yourself from the Economic Class, you must submit a written request stating "I wish to be excluded from the Economic Class." The request must include your printed name, address and phone number and must be postmarked no later than November 1, 2012. The written request must be signed by the Natural Person or Entity seeking to exclude himself, herself or itself from the Economic Class, even if they are represented by an attorney. Electronic signatures will not be accepted. The request should be mailed to:

Deepwater Horizon Court-Supervised Settlement Program
Exclusions Department
P.O. Box 222
Hammond, LA 70404-0222

(Last updated August 28, 2012.)

**SEALED**

**UNDER SEAL**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig                              **MDL NO. 2179**
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010
                                                             **SECTION J**

Applies to: *All Cases*
                                                             **JUDGE BARBIER**
                                                      **MAGISTRATE JUDGE SHUSHAN**

**CONFIDENTIALITY ORDER**

**[Concerning Settlement Documents and Discussions]**

Pursuant to the Court's inherent jurisdiction and Federal Rule of Evidence 408, every

recipient of this Order shall treat as strictly confidential all documentation, draft or otherwise, of

all term sheets, release agreements, or other settlement-related documentation, and all

communications regarding resolution of claims or lawsuits related to this multi-district litigation

(including both the fact and substance of any discussions and any document prepared in connection

therewith).    Any person who has been shown any such documents and/or included in

communications shall be bound to keep such information as private and disclosed to no one unless

specifically permitted **in advance** by the undersigned. Documents related to settlement shall be

deemed exempt under the Freedom of Information Act, 5 U.S.C. sec. 552, and any corresponding

state open records acts absent good cause shown in this proceeding.

Any person found to be in violation of this order will be subject to imposition of sanctions.

New Orleans, Louisiana, this 13th day of January 2016.

SALLY SHUSHAN
United States Magistrate Judge

Exhibit 4

This message and any attachments are intended for the use of the individual to whom it is being sent, and may contain information that is confidential or attorney work product.  If the reader of this message is not the intended recipient you are hereby notified that the confidential nature of this message is not waived by inadvertent disclosure.

**From:** Anthony Gangi [mailto:lisalgangi@gmail.com]
**Sent:** Friday, April 01, 2016 4:39 PM
**To:** Steven C. Schwed <steve@mkeclaims.com>
**Subject:** Re: Confidentiality Order

Hi Steve. I don't think you attached the document that Mike needs to sign. Can you please resend?

Thanks,
Lisa

Sent from my iPhone

On Apr 1, 2016, at 7:37 AM, Steven C. Schwed <steve@mkeclaims.com> wrote:

Good morning Lisa:

Please have Mike sign anywhere on the order and email it back to me.

Also, the court is requiring that we provide the 2009, 2010 & 2011 tax returns for Michael's seafood.

Please call or email with any questions.

PLEASE NOTE NEW ADDRESS
Steven C. Schwed
Steven C. Schwed & Associates, Inc.
Pestcoe, Schwed & Associates, LLC
5050 N. Port Washington Road, Milwaukee, WI. 53217
Phone: 414-220-9766 – Fax: 414-220-9767 – Cell: 414-881-8713
www.mkeclaims.com – www.psalossconsultants.com

This message and any attachments are intended for the use of the individual to whom it is being sent, and may contain information that is confidential or attorney work product.  If the reader of this message is not the intended recipient you are hereby notified that the confidential nature of this message is not waived by inadvertent disclosure.

Exhibit 5

Sent from my iPhone

Begin forwarded message:

> **From:** "Steven C. Schwed" <steve@mkeclaims.com>
> **Date:** April 18, 2016 at 8:56:29 PM CDT
> **To:** Anthony Gangi <lisalgangi@gmail.com>
> **Subject: Re: Confidentiality Order**

> Send them to me at the address below.  Email would be ok also.

> Steven C. Schwed
> Steven C. Schwed & Associates, Inc.
> Pestcoe, Schwed & Associates, LLC
> 5050 N. Port Washington Rd. Milwaukee, WI. 53217
> Phone: 414-220-9766 - Fax: 414-220-9767 - Cell: 414-881-8713

> This message and any attachments are intended for the use of the individual to whom it is being
> sent, and may contain information that is confidential or attorney work product. If the reader of
> this message is not the intended recipient you are hereby notified that the confidential nature of
> this message is not waived by inadvertent disclosure.

On Mon, Apr 18, 2016 at 6:23 PM -0700, "Anthony Gangi" <lisalgangi@gmail.com> wrote:

> Hey Steve. Mike was wondering where he needs to send the tax papers to. Can you send us
> the address so he can overnight them?

> Sent from my iPhone

> On Apr 2, 2016, at 9:55 AM, Steven C. Schwed <steve@mkeclaims.com> wrote:

>> Sorry about that.

>> PLEASE NOTE NEW ADDRESS
>> Steven C. Schwed
>> Steven C. Schwed & Associates, Inc.
>> Pestcoe, Schwed & Associates, LLC
>> 5050 N. Port Washington Road, Milwaukee, WI. 53217
>> Phone: 414-220-9766 – Fax: 414-220-9767 – Cell: 414-881-8713
>> www.mkeclaims.com – www.psalossconsultants.com

Exhibit 6

Sent from my iPhone

Begin forwarded message:

**From:** "Steven C. Schwed" <steve@mkeclaims.com>
**Date:** July 25, 2016 at 3:00:16 PM CDT
**To:** Anthony Gangi <lisalgangi@gmail.com>
**Subject: Re: Mike Gangi**

Hi Lisa

I am meeting with eddy hayes tomorrow morning.  Will be back in touch with Mike Britt tomorrow.

Steven C. Schwed
Steven C. Schwed & Associates, Inc.
Pestcoe, Schwed & Associates, LLC
5050 N. Port Washington Rd. Milwaukee, WI. 53217
Phone: 414-220-9766 - Fax: 414-220-9767 - Cell: 414-881-8713

This message and any attachments are intended for the use of the individual to whom it is being sent, and may contain information that is confidential or attorney work product. If the reader of this message is not the intended recipient you are hereby notified that the confidential nature of this message is not waived by inadvertent disclosure.

On Mon, Jul 25, 2016 at 1:03 PM -0500, "Anthony Gangi" <lisalgangi@gmail.com> wrote:

Steve, this is Lisa Gangi Mike Gangi's wife. Mike needs to get the information that they requested, if you could please let him know

Sent from my iPhone

Exhibit 7