UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:<br>Oil spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates To:<br>*Pleading Bundle B1* | MDL 2:10-md-02179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGMENT ON BEHALF OF TRUCKLA SERVICES, INC.**

COMES NOW Plaintiff, Truckla Services, Inc. ("Truckla"), through undersigned counsel, and, pursuant to Fed. Rule of Civ. P. 59(e) or, alternatively, Fed. Rule of Civ. P. 60(b), seeks reconsideration of and relief from the Court's Order and Reasons ("PTO 60 Reconciliation Order") Regarding All Remaining Claims in Pleading Bundle B1) (Rec. Doc. 22003) entered on December 26, 2016, dismissing the claims of Truckla.

**FACTUAL AND PROCEDRUAL BACKGROUND**

Plaintiff is a construction contractor in Vicksburg, Mississippi, which filed a claim for business economic damages as a result of the explosion and fire aboard the Deepwater Horizon on April 20, 2010, and resulting oil spill. On January 18, 2013, Plaintiff filed its presentment of claim with supporting documentation to the BP Claims Program in accord with 33 U.S.C. § 2713(a). That claim was not resolved. Thereafter, on April 19, 2013, Plaintiff filed its Direct Filing Short Form asserting a claim and adopting and incorporating the Master Answer (Rec. Doc. 244) and the Master Complaint (Rec. Doc. 879) for private economic losses asserted in this litigation.

In the more than three years since Truckla filed its claim, significant discovery and motion practice has occurred, resulting in a multitude of rulings and notices being issued by the Court. The Court issued PTO 60 Reconciliation Order ("PTO 60"), which directed that all plaintiffs who had timely filed a claim in the B1 bundle and who had not released their claims as of the date of PTO 60 (which included Truckla) were required to file and/or serve certain submissions by May 2, 2016, later extended to May 16, 2016. (See PTO 60, at ¶ 6). On June 7, 2016, this Honorable Court issued a Show Cause Order Re: Compliance with PTO 60 giving any non-compliant parties until June 28, 2016 to show cause why their claims should not be dismissed. (Rec. Doc. 18724).

Although, prior to the issuance of PTO 60, undersigned counsel was receiving copies of the filings and orders in this case, counsel was inadvertently removed from the service list. As a result, Truckla's counsel initially was not aware of PTO 60 and the deadlines contained therein. Upon becoming aware of both PTO 60 and the Rule to Show Cause, Truckla immediately complied with PTO 60 and filed its individual Complaint and Sworn Statement using the format provided by the Court in PTO 60 and served those pleadings pursuant to PTO 60. This occurred five weeks after the Court's deadline. Truckla's counsel also took immediate steps to be re-enlisted on the service list.

On June 27, 2016, Truckla timely filed a Response to the Show Cause Order (Rec. Doc. 20235) explaining the delay.

On July 21, 2016, BP filed its Response to Truckla's Response to the Show Cause Order. As it pertains to Truckla (and similarly situated plaintiffs) BP responded:

> Despite the clear deadline in PTO 60, nine plaintiffs who filed responses to the Show Cause Order did not make their required PTO 60 submissions until five weeks or more after the extended May 16, 2016 deadline. These significantly late submissions failed to comply with PTO 60.

2

(Rec. Doc. 21131, p. 9). BP neither presented evidence nor argued that the five week delay was a repeated delay by Truckla, intentional, or egregious. Further, there was no contention by BP that it was unaware of Truckla's prior claim in the litigation or that it had been prejudiced in any form or fashion by the five week delay.

On July 28, 2016, Truckla timely filed its Response to BP's Objections and Responses to Truckla's original Response, emphasizing that it had previously filed its presentment and direct filing short form, and that the five week delay associated with filing its complaint, due to an inadvertent technical notice issue, should not preclude Truckla from proceeding in this case. (Rec. Doc. 21310).

Notwithstanding the foregoing filings and despite the fact that Truckla's five week delay in complying with PTO 60 was its first and only non-compliance during the pendency of this action, Truckla's claims were dismissed by this Honorable Court for the following reasons noted in the Order and Reasons of December 16, 2016 (Rec. Doc. 22003):

> Because it had previously filed only a Short Form Joinder, PTO 60 required Truckla Services, Inc. ("Truckla") to file both a Sworn Statement and an individual complaint by May 16, 2016. Truckla did not do so until June 24, over five weeks past the deadline. Truckla argues that its claims should not be dismissed because its failure to timely comply with PTO 60 "was not intentional and perhaps the result of a notice irregularity" and that permitting its claim will not unduly prejudice other parties or the Court. (Show Cause Response at 2, Rec. Doc. 20235). Truckla explains, "Although undersigned counsel was previously receiving copies of the filings and orders in this case, for reasons that are unclear, counsel was removed from the service list. As a result, Truckla's counsel was not aware of PTO 60 and the deadlines contained therein." (Id. at 2).
>
> PTO 60's notice provisions are discussed above with Zat's. *See* Part (II)(B)(8), *supra*. The Court finds that Truckla has not shown good cause why its tardiness should be excused. Counsel's claim that it stopped receiving service, at some unspecified time, allegedly because it was removed from the service list "for reasons that are unclear," is too vague to warrant an extension of the PTO 60 deadline. Because Truckla has not timely complied with PTO 60, its claims will be dismissed.

In sum, the Court imposed the harshest sanction possible, dismissal with prejudice, based only on its finding that Truckla's explanation for its five week delay in compliance was "too vague" to warrant an extension. The Court made no finding that the delay was intentional, in bad faith, part of a repeated pattern of delay or neglect by Truckla, egregious, resulted in delaying the overall litigation, or prejudiced the defendant in any form or fashion.

In dismissing Truckla's claim, the Court distinguished Truckla's situation from that of Zat's Restaurant, Inc. "Zat's." Zat's original counsel, the Irpinio Law Firm, withdrew as counsel of record in 2014. Zat's did not retain new counsel for well over one year, or until August 2016. As a result, Zat's did not receive notice of PTO 60 and Zat's failed to comply with PTO 60 for twelve weeks. The Court excused Zat's delay finding that its lack of counsel and resulting lack of notice of PTO 60 "fell into something of a 'notice gap.'" The record does not reflect why original counsel for Zat's withdrew, why Zat's failed to retain new counsel for at least a year and a half, whether BP was notified that Zat's no longer had counsel, or whether Zat's attempted to stay apprised of the Court's orders. However, it is respectfully submitted that Truckla, which has had counsel throughout the litigation and complied with all prior requirements and deadlines, should not be handed a penalty as harsh as dismissal for a five week delay in pursuing its claim that has been pending for over three years.

Truckla's late compliance was not intentional, in bad faith or egregious. There is no "pattern" of delay or failure to comply with the Court's orders, all of which have been complied with before and after the issuance of PTO 60. The five week delay is minimal in comparison to the length of time this case has been pending and has not further significantly delayed the litigation. Given the complexity and enormity of the case and multiple filings and rulings issued daily, it is respectfully submitted the delay is excusable. Further, there is no allegation or finding

4

of prejudice to the defendants. Additionally, as further explanation to the Court in an effort to clarify any vagueness, Truckla's counsel had received notice of filings from File & Serve in this matter. At some point these stopped. When counsel investigated, admittedly after the issue of PTO 60, neither counsel nor File & Serve could determine the reason for the discontinuance of notice/service. Regardless, Truckla's counsel immediately took steps to reinstitute the notifications service. Finally, Truckla itself was not at fault in the initial failure to comply with PTO 60. Accordingly, Truckla respectfully asks the Court to reconsider and vacate its dismissal of its claims.

## LAW AND ARGUMENT

A motion asking that the court reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order or proceeding" under Federal Rule of Civil Procedure 60(b). *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. 10-1041, 2012 WL 777268, at *2 (E.D. La. Mar. 8, 2012). Which rule applies depends upon when the motion was filed. *Texas A & M Research Foundation v. Magna Transp ., Inc.,* 338 F.3d 394, 400 (5th Cir.2003).

If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). Fed.R.Civ.P. 59(e). If it is filed after that time, it falls under Rule 60(b). *Texas A & M,* 338 F.3d at 400. Truckla's motion is filed less than twenty-eight days after entry of the Court's ruling on December 16, 2016. Thus, it qualifies as a motion to alter or amend under Rule 59(e). Nevertheless, the Court may evaluate the motion under the standards of both Rule 59(e) and Rule 60(b) to determine whether relief is warranted. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2012 at *2; *Veron v. Talamo*, No. CIV.A. 06-4644, 2007 WL 1259222, at *1 (E.D. La. Apr. 27, 2007)(The Federal Rules of Civil

5

Procedure do not provide for a "Motion for Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment)(granting motion for reconsideration and vacating summary judgment dismissing plaintiff's claims). Whether analyzed under Rule 59(e) or 60(b), it is respectfully submitted Truckla's motion should be granted.

I.    <u>Rule 59(e)</u>

Rule 59(e) addresses motions to alter or amend judgments. "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Schiller v. Physicians Res. Grp Inc.,* 342 F.3d 563, 567 (5th Cir.2003); *see also Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir.2010); *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.,* 542 F.3d 1053, 1058 (5th Cir.2008); *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir.2004). However, at least one panel of the Fifth Circuit has suggested that "[t]his standard is too stringent," opting instead for a balancing of equitable factors. *See Estate of Sturges v. Moore,* 73 Fed. Appx. 777, 2003 WL 22100834 at * 1 (5th Cir.2003) (unpublished opinion). In exercising its discretion under Rule 59(e), the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir.1993).

In the Eastern District of Louisiana, four factors are considered when deciding a motion under Rule 59(e):

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; **(3) the motion is necessary in order to prevent manifest**

6

>   **injustice**; or (4) the motion is justified by an intervening change in controlling law.

*Fairly vs. Wal-Mart Stores, Inc.* 2016 W.L. 2992534 (E.D. La 2016)(emphasis added); *Schiller v. Physicians Res. Grp Inc.,* 342 F.3d 563, 567 (5th Cir.2003); *see also Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir.2010); *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.,* 542 F.3d 1053, 1058 (5th Cir.2008); *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir.2004). In exercising its discretion under Rule 59(e), the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir.1993). The district court should also consider "whether the plaintiff himself contributed to the delay, whether the defendant suffered actual prejudice, and whether the delay was intentional." *Id*. As the court in *Bann v. Ingram Micro, Inc.,* 108 F.3d 625, 627 (5th Cir. 1997), stated:

>   A district court cannot impose the extreme sanction of dismissal under Rule 16(f) unless the court first finds that a lesser sanction would not have served the interests of justice. Dismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is a clear record of delay or contumacious conduct by the plaintiff. Absent such a showing, the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance with court orders and expedite proceedings.

*Id* (internal citations omitted); *See also*, *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) ("A court *may not* use dismissal with prejudice as a sanction under Federal Rule of Civil Procedure 16(f) *unless* it finds that a lesser sanction would not serve the interests of justice and there is a clear record of delay or contumacious conduct by a party.") (Emphasis added).

Finally, where an omission is due in whole or part to neglect, the question for the Court is whether the neglect was excusable. *Chauvin v. Nat'l Gypsum Serv. State of Louisiana*, No.

7

CIV.A. 13-5781, 2014 WL 3589520, at *1 (E.D. La. July 21, 2014); *In re FEMA Trailer Formaldehyde Prods. Liability Litigation,* 2012 WL at *3–4 (E.D.La.2012) (Engelhardt, J.) (setting forth standard on motion for reconsideration based on non-moving party's failure to timely file an opposition memorandum). This "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Such circumstances "include ... the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer,* 507 U.S. at 395).

The Court's dismissal of Truckla's claims for failure to comply with PTO 60 is tantamount to a sanction under Federal Rules of Civil Procedure Rule 16(f) for failure to obey a pre-trial order. In this context, a dismissal with prejudice, which is the "ultimate penalty," is appropriate under only limited circumstances, namely when there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interests of justice." *John v. State of La.,* 828 F.2d 1129, 1131–32 (5th Cir. 1987)(there was no "clear record of delay or contumacy" justifying dismissal with prejudice). "Contumacious" conduct is "is more than negligent—it must exhibit a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F. 2d 787, 792 (5th Cir. 1988). A district court should also "consider aggravating factors including whether the plaintiff himself contributed to the delay, whether the defendant suffered actual prejudice, and whether the delay was intentional." *Id.* at 1131.

In *John, supra*, conduct significantly more egregious than what occurred here did not warrant dismissal. There, the plaintiff failed to respond to the defendant's discovery until

ordered to do so; failed to respond to a motion for summary judgment; failed to provide required portions of a pre-trial order; and, filed the pre-trial order late, resulting in dismissal of the case. Plaintiff moved to reinstate the action, and the district court granted the motion. <u>After reinstatement</u>, plaintiff failed to file proposed findings of fact and conclusions of law, failed to convert his witness list as required by the court, and filed a response to a motion in limine a week late. The district court again dismissed the case. Despite the foregoing, the Court of Appeals reversed, reasoning:

> … the few months' aggregate delay caused by this misconduct does not amount to such "significant periods of total inactivity" as to justify dismissal with prejudice. Moreover, Lopez's conduct, while careless, inconsiderate, and understandably exasperating to a conscientious trial judge, more closely approximates the kind of negligence that does not warrant dismissal with prejudice than the stubborn resistance to authority that does.

*John,* 828 F.2d at 1132.

In contrast, facts on which the Fifth Circuit has affirmed dismissals with prejudice reveal either delay much greater than what occurred in the instant case, or bad faith or persistent disobedience (neither of which is present here) to court orders.

In *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986), plaintiff's counsel failed to *ever* to file a pretrial order, neglected for ten months to certify his intent to comply with standing pretrial rules and instructions, then failed to attend a pretrial conference, which as a whole justified dismissal with prejudice.

Counsel for plaintiff in *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1518 (5th Cir. 1985), missed *nine* deadlines imposed by procedural rules or court orders, in *five* of those situations the district court accommodated plaintiff by providing additional time to comply with procedural rules and court orders, then plaintiff compounded the delay by commencing and then abandoning an appeal from a district court order itself entered because of

his failure to comply with a court deadline.

Finally, in *Truck Treads, Inc. v. Armstrong Rubber,* 818 F.2d 427, 430 (5th Cir. 1987), the district court found bad faith in counsel's representation of the plaintiff while simultaneously representing a potential defendant in the action, in counsel's repeated violations of the federal and local rules of civil procedure during pleading and discovery, and in counsel's filing of a mirror-image state court action in an attempt to force defense of the lawsuit on two fronts at once. These facts justified an inference that the plaintiff was prolonging the litigation to harass the defendant.

Further, Fifth Circuit precedent mandates that in addition to the aforementioned requirements, district courts should "consider aggravating factors including (1) whether the plaintiff himself contributed to the delay, (2) whether the defendant suffered actual prejudice, and (3) whether the delay was intentional." *Id.* at 1131. In the context of Rule 41,[1] it has been noted by the Fifth Circuit that "several of our decisions have also inquired into the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Rogers* at 320.  The *Rogers* Court explained: "[t]he cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are *bolstered by the presence of at least one of the aggravating factors*." (Emphasis added).

Contrasting the repeated delays and egregious conduct contained in the foregoing cases with what occurred here, Truckla respectfully submits that the ultimate sanction of dismissal of its case

---

[1] *Rogers* involved a dismissal under Rule 41 for failure to prosecute, however, the standard for dismissal under Rule 41 and Rule 16 are the same in that both require (1) a clear record of delay or contumacious conduct and (2) a finding that lesser sanctions would not serve the best interests of justice. *Rogers* at 320, *John* at 1131.

10

was not warranted. Truckla's claim has been pending for over three years while discovery and significant motion practice occurred. Prior to the deadline imposed by PTO 60, Truckla had not engaged in <u>any</u> conduct that was contrary to the Court's orders and had not missed any deadlines. Counsel for Truckla provided its explanation as to why it was not aware of the issuance of PTO. There was clearly no "stubborn resistance to authority" in the present case because once the inadvertent oversight was discovered, undersigned counsel promptly remedied the notice issue and complied with PTO 60. In dismissing Truckla's case, this Court found only that Truckla had "not shown good cause why its tardiness should be excused." There was no determination, or evidence in the record revealing "at least a clear pattern of delay or contumacious conduct and the futility of lesser sanctions," as required prior to imposition of such a harsh sanction. *Callip*, 757 F.2d at 1519 (5th Cir. 1985). It is respectfully submitted that Truckla's motion should be granted under Rule 59(e).

    II.    <u>Rule 60(b)</u>

Truckla submits that its motion should also be granted if treated as a motion for relief from judgment under Rule 60(b). There, the court "must engage in the same balancing of competing interests" as under Rule 59(e). *Edward H. Bohlin Co.,* 6 F.3d at 356. Unlike Rule 59(e), Rule 60(b) "sets forth specific grounds for relief," making a motion under it "subject to unique limitations that do not affect a 59(e) motion." *Id.* Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> **(1) mistake, inadvertence, surprise, or excusable neglect**; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or **(6) any other reason that justifies relief.**"

11

"While Rule 60(b)(1) allows relief for 'mistake, inadvertence ... or excusable neglect,' these terms are not wholly open-ended ." *Pryor v. U.S. Postal Service,* 769 F.2d 281, 287 (5th Cir.1985). Once it is established that a party's neglect "was at least a partial cause of its failure to respond," the moving party then has "the burden to convince the court that its neglect was excusable." *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F .3d 933, 939 (5th Cir.1999).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993), faced with determining whether an attorney's neglect was "excusable" within the context of the Bankruptcy Rules, the Supreme Court provided guidance for determining "excusable neglect" under Rule 60(b)(1). The Court stated: "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* Such circumstances "include ... the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.; see also Dunn v. Cockrell,* 302 F.3d 491, 493 (5th Cir.2002) (citing *Pioneer* in the context of Rule 60(b)(1)), *cert. denied,* 537 U.S. 1181 (2003); *Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 468–70 (5th Cir.1998) (holding that *Pioneer's* excusable neglect standard applies to civil cases outside the bankruptcy context), *cert. denied,* 526 U.S. 1005 (1999).

In the context of default judgments, the Fifth Circuit has "directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): "'(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." *Rogers,* 167

F.3d at 938–39 (quoting *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1280 (5th Cir.1985)). "These factors are not 'talismanic.' " *Id.* The decision is within the district court's discretion, and the court may consider other factors. *Id.*

While the Court's ruling at issue is not a default judgment, it "shares one of the characteristics of default judgments, namely an adjudication without full consideration of the substantive merits against defendants who failed to appear." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2012 WL at *4. As such, "the above factors are applicable here, albeit in a slightly amended form (i.e., the extent of prejudice to the *defendants,* the merits of the *plaintiff's* arguments, and the culpability of the *plaintiff's* conduct)." *Id*.

Rule 60(b)(6) also contains an applicable residual clause that allows a court to set aside a final judgment, order, or proceeding "for any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). The Supreme Court has stated that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."

For those reasons articulated above, it is submitted that the Court should grant Truckla's motion under Rule 60(b).

## **CONCLUSION**

Truckla respectfully requests this Honorable Court to grant this Motion for Reconsideration of the December 16, 2016 Order and Reasons dismissing its claims herein, vacate the order of dismissal and reinstate Truckla's claims. It is respectfully submitted that, pursuant to applicable case law, Truckla's late compliance with PTO 60 five weeks after the Court's deadline does not rise to the level of repeated delay, contumacious conduct, or bad faith that warrants dismissal. Furthermore there were no aggravating factors to warrant dismissal. The failure was clearly not intentional and Truckla itself did not cause or contribute

to the failure to comply with a pre-trial order. The notice issued can only be described as technical failure that was rectified. Truckla submits that its notice gap is not unlike that of Zat's Restaurant. Finally, there is no evidence of prejudice to Defendants. The information requested by the sworn statement was contained in prior filings and/or already in the possession of Defendants. Truckla submits that the instant motion has merit, and granting the motion will prevent manifest injustice and correct a manifest error in the application of Federal Rule of Civil Procedure Rule 16.

Respectfully submitted this 13th day of January, 2017.

THE MILLER LAW FIRM,
PADUCAH-NEW ORLEANS, PLLC


By: */s/ Kent B. Ryan*
Stephanie D. Skinner, T.A.  (#21100)
Kent B. Ryan (#18418)
One Canal Place
365 Canal Street, Suite 860
New Orleans, LA 70130
Telephone: (504) 684-5044
Facsimile: (866) 578-2230
Email: kryan@millerlaw-firm.com
         sskinner@millerlaw-firm.com
Attorneys for Plaintiff, Truckla Services, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of January, 2017, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Louisiana using the CM/ECF system and I also submitted it to the File & Serve Xpress system, which will send notification of such filing to the all attorneys for all parties that have appeared.

*/s/ Kent B. Ryan*
Kent B. Ryan