UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | ) | MDL 2179 |
|     "Deepwater Horizon" in the Gulf | ) | |
|     of Mexico, on April 20, 2010 | ) | SECTION J |
| | ) | |
| This Document Relates to: | ) | JUDGE BARBIER |
| *Pleading Bundle B1* | ) | |
| | ) | MAG. JUDGE SHUSHAN |
| | ) | |

| | | |
|---|---|---|
| Commercial Metals Company, AHT, Inc., | ) | |
| CMC Steel Fabricators, Inc., SMI Steel, LLC | ) | |
| | ) | |
|         Plaintiffs | ) | CASE NO. 2:16-cv-06259 |
| | ) | |
| | ) | SECTION J |
| vs. | ) | |
| | ) | JUDGE BARBIER |
| BP Exploration & Production, Inc. | ) | |
| and BP America Production Company | ) | MAG. JUDGE SHUSHAN |
| | ) | |
|         Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION WITH RESPECT TO THE COURT'S ORDER OF DECEMBER 16, 2016 DISMISSING THE CLAIMS OF COMMERICAL METALS COMANPY, AHT, INC., CMC STEEL FABRICATORS, INC., AND SMI STEEL, LLC**

NOW COME PLAINTIFFS, Commercial Metals Company, AHT, Inc., CMC Steel Fabricators, Inc., and SMI Steel, LLC, through undersigned counsel, who file this Memorandum in Support of its Motion for Reconsideration, to alter or amend judgment, and/or for relief from judgment, with respect to the Court's Order of December 16, 2016 dismissing Plaintiffs with prejudice, pursuant to Rule 59(e) and Rule 60(b), Fed. R. Civ. P., and in support thereof would show unto the court as follows:

    **I.**      **INTRODUCTION**

Plaintiffs have shown a willingness to proceed with their claim in a proper and effective way. Plaintiffs have demonstrated a willingness to abide by the spirit of judicial economy, the rules of the Court, and have sought proper guidance from this Court. This behavior on the part of the Plaintiffs warrants no sanctions, or, at a maximum, a lesser sanction than involuntary dismissal without adjudication on the merits.

Under the facts of this case, a dismissal with prejudice without adjudication on the merits flies in the face of Fifth Circuit law, (as well as law from other circuits). Such involuntary dismissal should only be made upon: (1) a showing of a clear record of delay, or contumacious conduct, or prejudice, and (2) when lesser sanctions would not better serve justice. *See* discussion below, *infra*. None of these can be supported in regards to Plaintiffs.

Additionally, the Fifth Circuit usually looks for an aggravating factor, on top of the first two prongs, before upholding involuntary dismissal with prejudice. No aggravating factors are present: there was no prejudice to BP, or the court system, and any delay (in filing individual lawsuits, which is the **only** alleged violation of PTO #60), was *de minimis,* the delay was not caused by intentional conduct or conscious indifference. Plaintiffs had a valid argument that they were "related parties" under PTO #60 and should be treated as such for the purpose of pursuing their claims, and Plaintiffs have done nothing that would justify the dismissal of this case without any opportunity to cure.

Plaintiffs filed a stand-alone lawsuit with related parties, the parent company Commercial Metals Company and its wholly owned subsidiaries, timely filed a sworn statement in compliance with PTO #60, timely filed motions with the Court in response to BP's objections asserting that it was in compliance with PTO #60, and even filed, as a precaution, individual lawsuits on July 28, 2016. There is nothing in the record to demonstrate that Plaintiffs were intentionally, or

consciously, disregarding the Court's orders. Therefore, Plaintiffs respectfully request the Court reconsider its December 16, 2016 Order & Reasons as to Plaintiffs, to reinstate their claims, and allow them to proceed with an adjudication of their claims on the merits.

Plaintiffs believe they timely complied with PTO #60. Plaintiffs timely filed individual sworn statements in accordance with the March 29, 2016 Order. Significantly, PTO stated in part:

> This does not include complaints that contain related parties such as husband and wife or co-owners of a business. Where two or more related parties are joined in a single complaint, those plaintiffs would be considered as having filed an individual complaint.

[MDL ECF 16050, fn. 3, (emphasis added)]. The Court gave no more instruction or detail on what it considered to be "related parties," or "co-owners of a business." Since Plaintiffs were related parties of all other plaintiffs in the suit, counsel did not think it necessary to file further individual lawsuits. In fact, counsel thought they were not supposed to file individual lawsuits.

On June 7, 2016, an Order to Show Cause re: Compliance with PTO #60 was entered. Plaintiffs were included on Exhibit 2 as having "materially deficient" PTO #60 Submissions. [See MDL ECF 18724-3]. While the Plaintiffs thought that they were in compliance with PTO #60, they also thought that, should the Court disagree with this conclusion, they would be advised of a ruling, and given an appropriately reasonable amount of time to cure. As a precautionary action, and in accordance with the July 28, 2017 deadline in the Court's July 14, 2016 Order Re: Compliance with PTO #60 (Doc 209960), Plaintiffs filed individual lawsuits, without any related parties included, on July 28, 2017 to cure the alleged deficiency.

## II.   MATERIAL FACTS

The underlying facts support the Plaintiffs' argument that they firmly believed, and continue to believe, that they are related parties with the other Plaintiffs named in the original suit, and Plaintiffs should be allowed to prosecute their claims in one single cause, as opposed to four

individual causes. Of course, if the Court were to conclude that they are related parties, then the Plaintiffs are now, and have always been, in compliance with the Court's Order of March 29, 2016.

Plaintiffs' original lawsuit was filed for the parent company, Commercial Metals Company, and other wholly owned subsidiaries of Commercial Metals Company. Therefore, they should be considered "related parties" in a position that does not require an individual lawsuit to be filed for each entity. BP's Objections and Responses to Plaintiffs' PTO # 60 Show Cause Submission were filed on July 21, 20106 [Doc. 21131] and elaborate on BP's position regarding the alleged deficiency. BP states that "corporate affiliation is not by itself enough to exempt plaintiffs from PTO 60's requirement of filing an individual action." Plaintiff disagreed with this assessment and filed a response stating such, but in order to avoid any further dispute, each plaintiff also filed a new separate lawsuit on July 28, 2016.

### III.     ARGUMENT AND AUTHORITIES

A district court has wide discretion to order a new trial whenever prejudicial error has occurred. 9B Charles Alan Wright et al, *Federal Practice and Procedure* § 2531 (3d ed). Plaintiffs believe that the above recitation of facts, as well as, the legal factors outlined below, show clearly how, in this particular case, reconsideration should be granted. Rule 59(e), Fed. R. Civ. P., allows reconsideration when there is a need to correct a clear error of law or to prevent manifest injustice. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). Rule 60, Fed. R. Civ. P., balances the principle of finality of a court order "with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

"[D]ismissal with prejudice will be affirmed only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests

of justice. **Because this test is conjunctive, both elements must be present**." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014)(citing *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir.2006)(emphasis added).

> Possible lesser sanctions include stay, dismissal, and reinstatement; award of attorney's fees; assessment of fines, costs, or damages; fining the party or disciplining the attorney; warning; or conditional reinstatement. Thanksgiving Tower Partners, 1993 WL 35716, at *8. A court may issue the "lenient sanction" of providing the plaintiff with additional chances after a procedural default, which may then justify dismissal with prejudice if the court's leniency is met with further default.

*Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 96 (M.D. La. 2015).

### A. There is no record of any significant delay or contumacious conduct.

Contumacious conduct is a "stubborn resistance to authority." *Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 94 (M.D. La. 2015)(citing *McNeal v. Papasan,* 842 F.2d 787, 792 (5th Cir. 1988)). Such behavior can be established by a record of a plaintiff failing to comply with multiple orders and rules of the court. Darville, 305 F.R.D. at 94 (citing *Callip v. Harris County Child Welfare Dept*., 757 F.2d 1513, 1520-21 & n. 10 (5th Cir. 1985)). Such behavior goes beyond a failure to comply with a scheduling or pre-trial order. *Id.*

The sort of delay contemplated in cases where there is involuntary dismissal with prejudice, is longer than even a few months, and characterized by significant periods of total inactivity. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008)(citing *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir.1988)). Noncompliance with a single pretrial order which results in functionally no delay, as the entirety of the action is stayed, is not extreme enough to warrant the sanction of dismissal of the action. *See Darville v. Turner Indus. Grp.*, LLC, 305 F.R.D. 91, 95 (M.D. La. 2015).

### B. There was no prejudice to BP nor to the Court.

Even assuming Plaintiffs were in violation of PTO #60, it cannot possibly be argued that there was any prejudice to BP or to the Court. Pursuant to the Court's order regarding new lawsuits filed pursuant to PTO #60 on April 15, 2016, all new lawsuits, (and previous suits), were, and are, STAYED until further order of the Court. [MDL ECF 16225]. The newly filed lawsuits added no new parties or new claims, and BP cannot possibly argue any lack of proper notice or other issue causing prejudice, based on the filing of the new Plaintiffs' lawsuits, on July 28, 2016, 10 weeks after the deadline of May 16, 2016.

Even now, several months later, in January 2017, the remaining BP litigation cases have not been remanded, or released, for case specific discovery. Therefore, there is no evidence, nor could there be any evidence, that any prejudice or harm occurred to BP as a result of this sequence of events. Nor can it be said that there has been any harm to the overall disposition of the Court's docket, or the administration of justice. This factor weighs heavily in favor of allowing the Plaintiffs to have their case adjudicated on the merits, as opposed to involuntary dismissal.

### IV.  CONCLUSION AND PRAYER

WHEREFORE, Plaintiffs respectfully move this Honorable Court to reverse, revise, or otherwise alter or amend, its order of December 16, 2016 and reinstate the Plaintiffs' case for adjudication upon the merits.

Date: January 13, 2017

/s/ Allison W. Smalley
**Allison W. Smalley,** La. Bar No. 32957
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: aws@cunninghambounds.com

Of Counsel:
**Robert T. Cunningham**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: rtc@cunninghambounds.com


**Steven L. Nicholas**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sln@cunninghambounds.com

**Stephen C. Olen**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sco@cunninghambounds.com