IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | § § § § | MDL 2179 <br><br> SECTION: J |
| THIS DOCUMENT RELATES TO: 2:16cv4122; 2:16cv4123; 2:16cv4124; and 2:16cv4151 | § § § § | JUDGE BARBIER <br> MAG. JUDGE WILKINSON |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS SUPPLEMENTAL MOTION FOR RECONSIDERATION OF ORDER & REASONS [DOC 22003], SPECIFICALLY AS IT APPLIES TO 2:16CV4122; 2:16CV4123; 2:16CV4124; and 2:16CV4151**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs in Cause Numbers 2:16cv4122; 2:16cv4123; 2:16cv4124; and 2:16cv4151 (hereinafter referred to as WGTT Class Actions), and files this its Memorandum in Support of its Supplemental Motion to Reconsider the Court's ruling as it applies to the above-referenced class actions, and in support thereof would show as follows:

Plaintiffs would incorporate Fed. R. Civ. P. 59(e) in its previously filed Motion to Reconsider [Doc 22034 on 12/22/2016].  A dismissal with prejudice should only be affirmed if (1) there is a clear record of delay or contumacious conduct by the plaintiff, <u>and</u> (2) lesser sanctions would not serve the best interests of justice.  *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006).  "Because this test is conjunctive, both elements must be present," and neither are present under the circumstances.  *Coleman v. Sweetin,* 745 F.3d 756, 766 (5th Cir. 2014).

The general consideration under this rule is, "the motion is necessary in order to prevent manifest injustice."  *Fairly v. Wal-Mart Stores, Inc.,* 2016 WL 2992534 (E.A. LA 2016).  Claimants acknowledge and respect the right of the Court "to manage and control its own docket."

*Cranford v. Morgan S., Inc.*, No. 10-60315, 2011 WL 1258515 (5th Cir. April 5, 2011). Here, however, the issue is that an impossibility, as shown by Plaintiffs, was created by PTO 60 which resulted in an inherent unfairness and a gross disservice of justice. These Claimants have been unduly prejudiced by PTO Reconciliation Order and the dismissal of its claims with prejudice as shown in Plaintiffs Motion for Reconsideration. In addition, all other cases that were able to adequately respond, **continue to be stayed and no action has been taken**. Therefore, no party would be prejudiced by allowing the similarly situated cases to move forward, and to be permitted to proceed on the merits of their case.

Fed. R. Civ. P. 60(b)(6) states in §(b)(6): "any other reason that justifies relief" is apropos. Fed. R. Civ. P. 60(b)(6). Here, like above, the same factual circumstances and considerations should be considered, and warrants reconsideration of the ruling.

Generally, the facts that should now be considered under Rule 60(b) are: (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in this particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are any intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981); citing *United States v. Gould*, 301 F.2d 33, 355-6 (5th Cir. 1962), quoting 7 Moore's Federal Practice P 60.19 at 27-39.

Here, factors 3, 4, 5, 7 and 8 heavily favor reconsideration of this motion, so that a trial can be made on the merits of the case. Like in *Seven Elves*, the dismissal was misaligned with the equities and warrants reconsideration. First, there is no substantial justice to be had for dismissing a case because a client did not sign a sworn statement, nor any prejudice to any of the defendants who have had this same information for years in multiple formats – lawsuits, presentment forms and claim forms. In fact, each client filed a Sworn Presentment Claim Form, which had their fingerprints on the forms. Further, requiring a second hand-signature when the client has given authority to their lawyer – albeit and expects them to act on their behalf. Second, there is no justice in a case that has been waiting to proceed for five years being summarily dismissed because they could not be timely reached (less than 44 days), and counsel was prohibited from acting on their behalf. Third the full merits of the case have not been considered. Fourth, no intervening rights of the defendants have been affected. In balancing all of these factors, Claimants pray and request that the Court reconsider, in light of the circumstances, and permit the Claimants to proceed with each individual case.

WHEREFORE, Plaintiffs pray that the Court reconsider its Order & Reasons [Doc 22003], and allow these Plaintiffs to either continue to move forward either on their individual claims that have been on file since 2013, and/or at the very least on a class action basis.

Respectfully submitted,

**Weller, Green, Toups & Terrell, L.L.P.**
P.O. Box 350
Beaumont, TX 77704
(409) 838-0101/Fax: (409) 832-8577
Email:  matoups@wgttlaw.com

By:   /s/ Mitchell A. Toups
     Mitchell A. Toups
     Texas Bar No. 20151600

Ezequiel Reyna, Jr.
Texas Bar No. 16794798
Law Offices of Ezequiel Reyna, Jr., P.C.
702 West Expressway 83, Suite 100
Weslaco, TX  78596
956-968-9556/Fax:  956-969-0492
Email:  zreynajr@zreynalaw.com

**ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished to all counsel of record listed through File & Serve, on January 17, 2017.

/s/ Mitchell A. Toups
Mitchell A. Toups