UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| Of Mexico, on April 20, 2010 | * | SECTION J |
| | * | |
| This Filing Applies to: | * | JUDGE BARBIER |
| Case No. 12-970 and | * | |
| Claimant ID 100291578 and | * | |
| Claim Nos. 431718, 431719, 431720 | * | MAGISTRATE JUDGE |
| 431721, 431722 and 431723 | * | WILKINSON |

### MOTION FOR LEAVE TO SUPPLEMENT CLAIMANT'S REQUEST FOR DISCRETIONARY REVIEW WITH ADDITIONAL EXHIBITS AND INCORPORATED MEMORANDUM

Now into Court comes Claimant 100291578, who respectfully moves this Honorable Court for leave to supplement its previously filed Request for Discretion Review (D.E. 21944, dated Nov. 30, 2016, "Request") with two additional exhibits. Claimant's previously filed Request included multiple exhibits demonstrating how the decisions of the Deepwater Horizon Economic Claims Center ("DHECC") a/k/a the Court Supervised Settlement Program ("CSSP) failed to provide for the mandatory rights of review under the Settlement Agreement. The DHECC/CSSP had determined that certain "sub-parcels" of a timely filed claim were outside of the Claim Zone. But rather than rendering such a determination, the DHECC/CSSP instead closed the claim files for these "sub-parcels" as "untimely." As previously demonstrated, these claims are just as timely as the ones for which the DHECC/CSSP provided "relation back" privileges, since the entire parcel had in fact been timely submitted.

Now, upon further review, Claimant has located an exchange between the Claimant and the DHECC/CSSP that should be very helpful to the Court in making its determination, because

1

the exchange demonstrates (a) that the Claimant foresaw this potential problem prior to the claim filing deadline of June 8, 2015,[1] (b) that the DHECC/CSSP was unable to determine prior to the claim filing deadline whether there even were any multiple parcels, or "sub-parcels" contained within the single tax assessment, thereby preventing Claimant from prophylactically filing additional claim forms, (c) that Claimant requested guidance in light of the DHECC/CSSP inability to timely address the situation, and (d) that the DHECC/CSSP resolved the situation by expressly warranting to the Claimant that: "In the event that you have to address additional parcels that were not considered as part of the Wetlands claim for multiple parcels including in one tax assessment, the Claims Administrator's position will be that such later claim form(s) will be treated as relating back to the date of the filing of the original claim form."[2]

Thus, when the DHECC/CSSP later subdivided the parcel into sixteen "sub-parcels," it was obligated to allow Claimant to pursue each and every one of them as timely filed submissions. But as demonstrated in the Request, the DHECC/CSSP instead made Eligibility determinations with respect to all of these "sub-parcels," finding that ten were located within the Claim Zone and allowing them to proceed as timely, but also finding that six were located outside the Claim Zone and closing them as untimely. The DHECC/CSSP has refused to allow Claimant the right to seek Re-Review, Reconsideration, and/or Appeal. Its actions are therefore in direct contradiction to the representations it made to Claimant. Claimant followed the directions of the DHECC/CSSP to the letter, but is now being deprived of its rights to review under the Settlement Agreement.

In sum, by closing the claims for the six additional "sub-parcels" as untimely, the DHECC/CSSP is not only acting in a manner prohibited by the Settlement Agreement, but also

---

[1] See letter dated June 2, 2016, emailed to Nikeita Ashe (nashe@dhecc.com) and also uploaded to the portal, detailing the precise issues involved, attached hereto as Exhibit "G".
[2] See email response dated June 3, 2016, from Nikeita Ashe (nashe@dhecc.com), attached hereto as Exhibit "H."

contrary to its express representations and warranties to the Claimant. Claimant reasonably relied on the DHECC/CSSP's representations to its obvious detriment. For these additional reasons, Claimant respectfully requests that the Claims Administrator be ordered to reopen the subject claims and analyze them in a manner consistent with the Settlement Agreement, including by providing rights of Re-Review, Reconsideration, and/or Appeal, also all in manner consistent with this Honorable Court's decision in Discretionary Review Decision dated January 12, 2017 related to Claimant 100276505; Claim 287468.

Respectfully submitted,

**MEADE LAW LLC**

*/s/John Alden Meade*
**JOHN ALDEN MEADE #29975**
909 Poydras Street, Suite 1600
New Orleans, LA 70112
(504) 799-3102
(504) 717-2846
jameade@meadelawllc.com
*Counsel for Claimant 100291578*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2017, a copy of the foregoing was filed electronically with the Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and will be served on All Counsel, and that the foregoing was also filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

*/s/John Alden Meade*
**JOHN ALDEN MEADE**