UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| DEEPWATER HORIZON in the | * | |
| GULF OF MEXICO, on | * | SECTION: J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| | * | |
| | * | |
| This Document Relates To: | * | MAGISTRATE JUDGE |
| | * | WILKINSON |
| *Case No. 2:16-cv-06329* | * | |

******************************************************************

**REPLY TO PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL PLAINTIFFS' MOTION FOR RECONSIDERATION**

On January 13, 2017, attorney Brent W. Coon and the law firm of Brent Coon and Associates filed a Motion for Reconsideration, supporting memorandum and exhibits (Rec. Doc. 22080) asking this Court to reconsider its prior dismissal of civil action number 2:16-cv-06329 due to Coon's failure to comply with PT0 60.  Coon argued that "ambiguities" in PT0 60 caused or contributed to his failure to comply with this Honorable Court's Order that resulted in dismissal of civil action number 06329.[1]  On page 8 of 9 of document 22080-3, Coon stated the following:

In fact, Plaintiffs would show these ambiguities left other firms, including lawyers who were on this Courts [sic] appointed Plaintiff Steering Committee, interpreting the Orders in the same way.  See Exhibit E.  Plaintiffs' Memorandum in Support

---

[1] It appears from the filings that a number of Coon's cases were dismissed with prejudice when this Court determined that he repeatedly violated PT0 60.  (See Rec. Doc. 22080, 22082, 22083 and 22084).

1

of motion for reconsideration [sic] with respect to the claims of Chapel Hill, et al, filed by Messrs, [sic] Paul Sterbcow and Jimmy Williamson) [sic]. How can Plaintiffs [sic] counsel and Plaintiffs be punished for following the lead of this Court's own hand-picked liaisons to the rest of the Plaintiffs and their Counsel in how to interpret PTO 60 and address it accordingly? (Rec. Doc. 22080-3, p.8).

Coon's reference to me and my alleged misunderstanding of PTO 60, while confusing at best, is unauthorized, misinformed and incorrect. Jimmy Williamson, lead and sole counsel of record for the Chapel Hill, et al Plaintiffs, in good faith mistakenly included my name as his co-counsel in his Motion for Reconsideration on behalf of the Chapel Hill, et al Plaintiffs. (see Rec. Doc. 22059). Although Mr. Williamson and I discussed a potential role as co-counsel for the Chapel Hill et al Plaintiffs, I did not agree to participate. The pleading containing my name was filed in error and will be corrected by Mr. Williamson in a subsequent filing.

More importantly, I have never felt or stated that there were "ambiguities" in PTO 60. Indeed, I did not violate PTO 60. I read the Order. I knew exactly what it meant and what it required. Then again, I spend my time and effort fulfilling my responsibilities as a member of the Plaintiff Steering Committee and representing my individual clients to the best of my ability. Had Coon contacted me, I would have told him this.

It is for this Honorable Court to decide whether Coon is entitled to the relief he seeks. However, he should not invoke my name or misrepresent my thoughts and impressions in his effort. Coon did nothing to insure that his reference to my thought process was accurate. It appears that due diligence is not one of Coon's strengths.

## CONCLUSION

The undersigned respectfully asks that this Honorable Court not rely on any statement made by Brent Coon and Brent Coon and Associates invoking my name and mental impressions in evaluating the merits of his PTO 60 reconsideration motions. PTO 60 is clear and concise to those who pay attention. Coon's conclusory statement that I feel otherwise is false.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW (#17817)
IAN F. TAYLOR (#33408)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
TEL: (504) 588-1500
FAX: (504) 588-1514
Sterbcow@lksalaw.com
itaylor@lksalaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of January, 2017 served a copy of the foregoing pleading on all parties through the Court's CM/ECF system.

/s/ Paul M. Sterbcow

3