# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * * | MDL NO. 2179<br><br>SECTION J<br><br>HONORABLE CARL J. BARBIER |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production, Inc., et al* | * * * | |

## MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT OR, IN THE ALTERNATIVE, MOTION FOR AID IN CONSUMMATION OF SETTLEMENT

ArcelorMittal LaPlace, LLC ("AM LaPlace") submits this Memorandum in Support of its Motion to Enforce Settlement Agreement or, in the alternative, Motion for Aid in Consummation of Settlement, pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement"), to obtain enforcement of the Settlement Agreement or, in the alternative, to have the Court require that some methodology or protocol be approved for the processing of claims identified for Moratoria Losses Review.

On April 22, 2014, AM LaPlace filed its claim in the above-captioned matter. In order to ensure compliance and accuracy, counsel for AM LaPlace retained the public accounting firm of Bourgeois Bennett LLC (at a cost in excess of $50,000) to assist in assembling and submitting the required documentation. At the end of the process, AM LaPlace filed over 500 pages of detailed claim documentation, including federal tax returns and audited financial statements. To the best of its knowledge and that of Bourgeois Bennett, AM LaPlace's claim submission is complete. No contrary indication has come from the Claims Administration Office.

2624245

AM LaPlace,[1] since its opening in 1981, has operated Louisiana's only steel mill. Specifically, it operates an electric arc mini-mill: it places scrap steel and ferrous metals into a furnace, into which electrodes are then lowered and high voltages of electricity are applied, melting and purifying the scrap. The end result is a steel bar known as a billet. Some of these billets are sold by AM LaPlace, but most are sent to AM LaPlace's rolling mill (immediately adjacent to the furnace and the billet casting areas). Once there, the billets are rolled into various shapes, termed "light industrial shapes," which AM LaPlace then sells for light industrial use. During the period January 1, 2007, through December 31, 2011, AM LaPlace has manufactured and sold the following light industrial steel shapes:

- channels;
- flats;
- equal angles;
- unequal angles;
- standard beams; and
- flange beams.

*At no time has AM LaPlace ever manufactured or sold drill pipe or any other tubular steel product.* To the best of AM LaPlace's knowledge, none of the light industrial steel shapes

---

[1] AM LaPlace was formerly known as Bayou Steel, LLC, (and before that as Bayou Steel Corporation). On or about July 31, 2008, ArcelorMittal S.A. purchased all of the outstanding units of membership interest of Bayou Steel, LLC, and on March 4, 2009, changed its name to ArcelorMittal LaPlace, LLC. (See Exhibit F to Claim Form: "Business Formation and Acquisition Documents.") Significantly, while Bayou Steel's name and form of business entity changed, as well as its owners, AM LaPlace is today the same discrete legal entity that was doing business as "Bayou Steel" in 2006, the earliest period for which information and documentation relative to its claim is submitted. AM LaPlace has continued throughout to maintain its own, separate expense and income accounting. Thus, the information and documentation submitted to support this claim are all for the same legal entity located in LaPlace, Louisiana and conducting the same business at that site.

listed above is sold for use in "offshore oil industry activity" (see ¶ 38.91 of Settlement Agreement); nor are AM LaPlace's regular customers engaged in such activities.[2]

On March 11, 2015, through its website, the Deepwater Horizon Economic Claims Administrator (the "Administrator") gave AM LaPlace preliminary notice that its claim had been "Identified for Moratoria Losses Review." The requirement for this review is stated as being based on AM LaPlace's NAICS Code, which places it in an iron and steel mill category. As a consequence of this classification, the processing of AM LaPlace's claim has remained at a complete standstill. The Administrator's office has indicated that this impasse results from the unwillingness of BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") to agree to any methodology or protocol for determining whether claims rightfully fall within the moratoria review. This is patently unjust, and contrary to the letter and spirit of the Settlement Agreement.

Exhibit 19 to the Settlement Agreement deals with "Industry Types Subject to Review by Claims Administrator for Potential Moratoria Losses." Not all of the industry types listed on Exhibit 19 are to be subject to such review. Rather, only those marked by an "x." AM LaPlace was selected for moratoria losses review because of its NAICS Code: 331111 "Iron and Steel Mills."[3] However, a review of the industry types under this classification shows that "mini-mills, steel" (which is precisely what AM LaPlace is) was not marked with an "x" for moratoria

---

[2]    See Letter of Counsel dated April 22, 2014, submitted to Deepwater Horizon Economic Claims Center, Claims Administrator, attached as Exhibit "A."

[3]    For the Court's convenience, pp. 6-7 of Exhibit 19 dealing with "Iron and Steel Mills" is attached as Exhibit "B."

losses review.[4]  Similarly, "Billets, steel, made in iron and steel mills" was not marked with an "x."[5]

Apparently, the Administrator "flagged" AM LaPlace's claim as one for moratoria losses review because AM LaPlace manufactures "[s]tructural shapes, iron or steel, made in iron and steel mills," which was marked by an "x" for moratoria losses review.[6]  It is critical to understand that the "x" was not meant to exclude all claimants that fell into the identified category, but rather to subject these claimants to additional review.  Specifically, the terms of the Settlement Agreement required that AM LaPlace's claim "shall be routed by the Claims Administrator to a team dedicate to the evaluation of business economic loss claims for potential moratoria losses."[7]  AM LaPlace is confident that once the "team" evaluates its business economic loss claim, it will conclude that AM LaPlace's claimed losses are indeed not the result of the moratoria.

However, not only has the "team" failed to evaluate AM LaPlace's claim, to its knowledge no "team" has even been formed.  AM LaPlace's claim remains in limbo, with no sign of resolution, as a result of BP's refusal to agree to a methodology or protocol for evaluating the claims marked for moratoria review losses.

AM LaPlace has done what is required of it under the Settlement Agreement.  It completed the necessary filings to perfect its claim in this matter on April 22, 2014.  Nearly three

---

[4]   Exhibit 19, p. 6.

[5]   *Id.*

[6]   *See* Exhibit 19 to the Settlement Agreement, p. 7.

[7]   *See* Exhibit 19 to the Settlement Agreement, p. 1.  This, of course, begs the question whether AM LaPlace, as a "mini-mill, steel" should even be subjected to moratoria losses review.

years have passed and there has been no progress made in the processing of its claim. BP must be ordered to comply with the commitments it made to this Court, and to claimants, when it entered into the Settlement Agreement.

                                            Respectfully submitted:

                                            By:     /s/ Howard E. Sinor, Jr.
                                                   Howard E. Sinor Jr., #12106
                                                   **GORDON, ARATA, MCCOLLAM,**
                                                        **DUPLANTIS & EAGAN, LLC**
                                                   201 St. Charles Avenue, 40th Floor
                                                   New Orleans, LA  70170-4000
                                                   Telephone:  504.582.1111
                                                 Facsimile:  504.582.1121

                                               *Attorney for ArcelorMittal LaPlace, LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Memorandum in Support of Motion to Enforce Settlement Agreement or, in the Alternative, Motion for Aid in Consummation of Settlement has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and/or by electronically serving all liaison counsel by e-mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of February, 2017.

                                                   /s/ Howard E. Sinor, Jr.
                                                 Howard E. Sinor, Jr.