UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on April 20, 2010 | * | MDL No. 2179 |
| | * | SECTION J |
| | * | JUDGE CARL BARBIER |
| This document relates to: | | |
| | * | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |
| Nos. 12-970, 15-4143, 15-4146, 15-4654 | * | |

**FINAL ORDER AND JUDGMENT GRANTING
APPROVAL OF HESI AND TRANSOCEAN PUNITIVE DAMAGES
AND ASSIGNED CLAIMS SETTLEMENT AGREEMENTS**

1. In accordance with its Order and Reasons issued on February 15, 2017, the Court hereby grants, pursuant to Federal Rule of Civil Procedure 23(e), final approval as fair, reasonable, and adequate to:

    a. the HESI Punitive Damages and Assigned Claims Settlement Agreement, Amended as of September 2, 2015, including all Exhibits thereto (collectively the "HESI Settlement Agreement") (Rec. Doc. 15322-1) which is adopted and incorporated fully by reference herein[1];

    b. the Transocean Punitive Damages and Assigned Claims Settlement Agreement, including all Exhibits thereto (collectively the "Transocean Settlement Agreement") (Rec. Doc. 14644-1) which is adopted and incorporated fully by reference herein;

    c. the allocation of the Aggregate Payment[2] under the HESI Settlement Agreement and the Transocean Settlement Agreement between the DHEPDS Class for the Assigned Claims and the New Class for the Punitive Damage Claims by the Allocation Neutral, including the methodology and reasoning thereof;

    d. the DHEPDS Class Distribution Model (Rec. Doc. 18796) and New Class Distribution Model (Rec. Doc. 18797) (as clarified by Rec. Doc. 21778); and

---

[1] Given the uncertainty HESI faced regarding its liability following the Phase One trial, the Court finds that, in addition to being fair, reasonable, and adequate to the New Class and the DHEPDS Class, the HESI Settlement was reasonable as to the HESI Defendants given their potential exposure to the punitive damage claims and the Assigned Claims.

[2] All capital terms not defined in this Order shall have the meaning ascribed to them in the HESI Settlement Agreement and the Transocean Settlement Agreement.

e. the common benefit fee and costs award payments under the HESI Settlement Agreement and Transocean Settlement Agreement, subject to later order of the Court regarding allocation and distribution of the same.

2. The Settlement Agreements operate in all parties' best interests, offer ample remedies to the "DHEPDS Class"[3] and the "New Punitive Damages Settlement Class" (collectively, "Plaintiffs"), and avoid protracted litigation, among numerous other advantages. The Court denies the Motion for Leave to Intervene filed by the South Texas Shrimpers (Rec. Doc. 21717), and overrules all objections to the Distribution Models (Rec. Docs. 21604, 21716, 21719, 21723, 21739, 21740, 21741, 21745, and 21752).

3. The Court confirms certification of the New Punitive Damages Settlement Class (sometimes referred to as the "New Class") as defined in Exhibit A, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(3). This New Class includes all potential claimants who have standing to bring claims against Halliburton Energy Services, Inc. ("HESI") and the Transocean entities ("Transocean") under general maritime law as interpreted by *Robins Dry Dock v. Flint*, 275 U.S. 203 (1927), *State of Louisiana ex. Rel. Guste v. M/V Testbank*, 753 F.2d 1019 (5th Cir. 1985), and their progeny. Those excluded from the New Class are (a) any New Class Member who timely and properly elected to opt out of the New Class under procedures established by the Court[4]; (b) defendants in MDL 2179; (c) the Court, including any sitting judges on the United States District Court for the Eastern District of Louisiana, their law clerks serving during the pendency of MDL 2179, and any immediate family members of any such judge or law clerk; (d) Governmental Organizations (not including any Local Government); (e) any Natural Person or Entity who or that made a claim to the GCCF, was

---

[3] DHEPDS Class means the *Deepwater Horizon* Economic and Property Damages Settlement Class defined in the DHEPDS, formally certified by this Court in the Order and Judgment of December 21, 2012 [Rec. Doc. 8139] (sometimes referred to as "Old Class").
[4] *See* Rec. Doc. 21888-1 (noting 36 timely opt-outs, 6 of which had been revoked).

paid, and executed a valid GCCF Release and Covenant Not to Sue, not including any GCCF Release and Covenant Not to Sue covering only Bodily Injury Claims; (f) BP Released Parties and individuals who were employees of BP Released Parties during the Class Period; (g) HESI and Individuals who were employees of HESI during the Class Period; and (h) Transocean and individuals who were employees of Transocean during the Class Period.

4. The Court confirms the appointment of Lead Settlement Class Counsel, New Class Counsel on behalf of the New Class, and the Class Representatives.

5. The Court confirms the appointment of the Claims Administrator and Claims Administration Vendors.

6. The Court finds that the Settlement Fund fulfills the requirements for a qualified settlement fund under Section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation Section 1.468B-1, et. seq. The Court reconfirms the appointment of UBS as Escrow Agent of the Settlement Fund, pursuant to the terms and conditions of the Escrow Agreement submitted for approval by the parties to the Amended Settlement Agreement (Rec. Doc. 13649).

7. The Court finds that the New Class Notice Plan satisfied, and continues to satisfy, the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1) and the Due Process Clause of the United States Constitution, constituting the best notice that is practicable under the circumstances of this litigation.

8. The Court finds that the Settlement Agreement, with respect to Class Members who are minors, lack capacity, or are incompetent, is fair, reasonable, and adequate.

9. The Court finds that the New Class Releases and Individual Release (if necessary) of HESI and Transocean, Assigned Claims Releases of HESI and Transocean, and the HESI and

Transocean Releases of BP contained in the Settlement Agreements are valid and enforceable and were the product of arm's length negotiation between the parties in light of prior experience by the parties in Deepwater Horizon-related litigation this Court and other courts.

10. The Settlement Agreements shall be the exclusive remedy for the New Class Actions[5] by the New Class and for the resolution of the Assigned Claims against HESI and Transocean by the DHEPDS Class, and Plaintiffs individually and collectively shall be permanently barred and enjoined, directly or indirectly, from commencing, asserting, and recovering any and all New Class Released Claims against any HESI Released Parties or Transocean Released Parties or Assigned Claims against the HESI Released Parties or Transocean Released Parties other than those received for the Released Claims under the terms of the Settlement Agreements. The Court shall have continuing and exclusive jurisdiction over HESI, Transocean, the New Class Members, Lead Settlement Counsel, New Class Counsel, and the Class Representatives to interpret, administer, implement, and enforce the Settlement Agreements in accordance with its terms, including through injunctive or declaratory relief. The Court does this in keeping with *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) which requires a Court to speak clearly when entering a settlement agreement if it wishes to retain jurisdiction.

11. In consideration of the benefits provided under these Settlement Agreements, all of the New Class Released Claims asserted by the New Class against the HESI Released parties and the Transocean Released Parties are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). This Order and Judgment does not release or dismiss those claims expressly excluded by the Settlement Agreement.

---

[5] New Class Actions shall have the meaning described in the HESI and Transocean Settlement Agreements and as specifically defined in paragraph 25 of this Order.

12. The Court orders the dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) of all the lawsuits asserting New Class Released Claims, but only to the extent of the New Class Released Claims.

13. The Court permanently bars and enjoins each DHEPDS Class Member and New Class Member from commencing, filing, initiating, asserting, instituting, maintaining, consenting to and/or prosecuting any judicial, arbitral, or regulatory action against the Released Parties with respect to the Released Claims.

14. If the DHEPDS Class, New Class, Plaintiffs, or any Class Member commences, files, initiates, or institutes any new action or other proceeding for any Released Claims against the HESI Released parties or the Transocean Released Parties in any federal or state court, arbitration, tribunal, or administrative or other forum, such action or other proceeding shall be dismissed with prejudice and at the cost of (a) the DHEPDS Class or New Class if the DHEPDS Class or New Class brings such action or proceeding, or (b) the Plaintiffs and/or New Class Members who bring such action or proceeding, provided, however, that before any costs may be assessed, counsel for such DHEPDS Class Member or New Class Member, or, if not represented, such DHEPDS Class Member or New Class Member shall be given reasonable notice and an opportunity voluntarily to dismiss such new action or proceeding with prejudice. Furthermore, if any HESI Released Parties or Transocean Released Parties bring any legal action before any Court or arbitration, regulatory agency, or other tribunal to enforce its rights under the Settlement Agreement, such HESI Released Parties or Transocean Released Parties shall be entitled to recover any and all related costs and expenses (including attorneys' fees) from (a) the DHEPDS Class or New Class if the DHEPDS Class or New Class brings such an action, or (b) the

Plaintiffs and/or New Class Members who bring such an action in violation or breach of their obligation under Section 10 of the Settlement Agreement.

15. The Court further finds that any claim meeting the definition for inclusion in The "New Class" that has not been filed is barred by the applicable statute of limitations.

16. The Court adopts, in part, this Court's Order and Reasons [As to Motions to Dismiss the B1 Master Complaint] (Rec. Doc. 3830) (the "B1 Order"), and specifically finds that the New Class includes all potential claimants who have standing to bring claims against HESI and/or Transocean under general maritime law,[6] and further finds that all claims under state law were properly dismissed by this Court.

17. HESI, Transocean, the DHEPDS Class, and the members of the New Class reserve their respective arguments regarding potential displacement of maritime law by the Oil Pollution Act, and nothing in this Judgment shall be interpreted as a waiver by HESI, Transocean, the DHEPDS Class, or the members of the New Class as to any arguments that were made or could have been made in support of or opposition to the Court's findings on this issue in the B1 Order, except as to Punitive Damages and Assigned Claims released as part of the HESI Settlement Agreement and Transocean Settlement Agreement.

18. The Court adopts and incorporates its January 31, 2012 Order and Reasons (Rec. Doc. 5493) that enforces HESI's indemnity rights against BP.

19. The Court adopts and incorporates its January 26, 2012 Order and Reasons (Rec. Doc. 5446) that enforces Transocean's indemnity rights against BP.

---

[6] *Robins Dry Dock v. Flint*, 275 U.S. 203 (1927); *State of Louisiana ex. Rel. Guste v. M/V Testbank*, 752 F.2d 1019 *(5th Cir. 1985)*.

20. The Court reaffirms the terms of Exhibit 21 to the DHEPDS specifying that compensatory damage claims of DHEPDS Class Members have been fully satisfied and that no DHEPDS Class Member is authorized to pursue or collect claims for compensatory damages against HESI or Transocean.

21. The Court reaffirms that the Assigned Claims against HESI and Transocean assigned to the DHEPDS Class were assigned to the DHEPDS Class only as a juridical entity and not to the DHEPDS Class Members individually, and that no individual DHEPDS Class Member has any individual right to pursue the Assigned Claims against either HESI or Transocean.

22. The Court finds that pursuant to the HESI Settlement Agreement, the HESI Release of BP meets any obligations the DHEPDS Class may owe to BP and any other obligation that the DHEPDS Class or DHEPDS Class Counsel owes BP under § 1.1.2.5 of the DHEPDS with respect to the HESI Settlement Agreement.

23. The Court finds that pursuant to the Transocean Settlement Agreement, the Transocean Release of BP meets any obligations the DHEPDS Class may owe to BP and any other obligation that the DHEPDS Class or DHEPDS Class Counsel owes BP under § 1.1.2.5 of the DHEPDS with respect to the Transocean Settlement Agreement.

24. The Court acknowledges and finds sufficient BP's consent to the language of the HESI Release of BP and the Transocean Release of BP, which Releases are attached as Exhibit C to the HESI Settlement Agreement and the Transocean Settlement Agreement, respectively. The Court further finds that any and all requirements under the DHEPDS regarding BP's consent have been fully satisfied.

25. The Court dismisses with prejudice the New Class Actions (filed in Case 2:15-cv-04146-CJB-JCW and Case 2:15-cv-04143-CJB-JCW) and all of the Assigned Claims[7] against the HESI Released Parties and the Transocean Released Parties pursuant to Federal Rule of Civil Procedure 41(a)(2) without further costs, including claims for interest, penalties, costs, and attorneys' fees.

26. The Court expressly incorporates the terms of the Settlement Agreement in this Order and Judgment and further orders that the Court retains continuing and exclusive jurisdiction over the all parties, and the Settlement Agreements, to interpret, implement, administer and enforce the Settlement Agreements, in accordance with their terms.

27. The Court also retains continuing jurisdiction over (1) the "qualified settlement funds," as defined in Section 468(d)(2) of the Internal Revenue Code of 1986, as amended, and Treasury Regulation Section 1.468B-1, created under the Settlement Agreements; (2) the Settlement Funds; and the (3) the Escrow Agent of the Settlement Funds.

28. The Court further grants approval of class counsel fees in accordance with Federal Rule of Civil Procedure 23(h), particularly the request for $124.95 million (and any accrued interest thereon) in common benefit attorneys' fees. The Court retains continuing jurisdiction over the Attorneys' Fee Account sub-funds within the qualified Settlement Funds identified in Paragraph 27. This Order and Judgment does not address how class counsel fees will be allocated among the common benefit fee applicants.[8]

---

[7] The Assigned Claims against the HESI Released Parties are the subject of a new action filed in Case 2:15-cv-04654-CJB-JCW.

[8] The Court merely determines here the appropriate aggregate fee award to all Class Counsel and/or other Common Benefit Attorneys collectively, associated with the HESI and Transocean Settlements, leaving allocation for another day. (*See, e.g.,* PTO 59 ¶¶ 23, 24, 32, 34, Rec. Doc. 14863; Order [Appointing Special Master], Rec. Doc. 21281).

29.  The Court has considered and framed this Order and Judgment in light of Federal Rule of Civil Procedure 65(d). The incorporation of the terms of the Settlement Agreements into this Order and Judgment are for the purpose of approving and establishing the remedies available to the Plaintiffs. Those remedies are optional and not mandatory for the Plaintiffs (and the Settlement Agreement also restrains no actions by Plaintiffs). Hence, this Order and Judgment fully complies with Federal Rules of Civil Procedure 65(d)(1)(C).

New Orleans, Louisiana, this 15th day of February, 2017

_____
CARL J. BARBIER
United States District Judge