IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * | MDL NO. 2179 <br><br> Section J <br><br> Honorable Carl J. Barbier <br><br> Magistrate Judge Shushan |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY
OF ORDER DEEMING BP CLAIM TO BE TIMELY FILED**

Claimant Identification No. 100325530 ("Claimant"), through undersigned counsel, respectfully files this memorandum in support of motion for entry of order deeming its Deepwater Horizon Economic and Property Damage Settlement ("DHEPDS") Claim to be Timely Filed.

**I.   Introduction**

Claimant believed that it timely filed its BP / Deepwater Horizon economic loss claim via the DHEPDS electronic claims portal (www.deepwaterhorizoneconomic settlement.com) on June 3, 2015.  There is no dispute that the June 3, 2015, filing included a Registration Form, Power of Attorney to file the claim, all required documents (profit and loss statements, incorporation documents, tax returns, etc.) and documents not required (accounting analysis of claim value, claim schedules, etc.).  Nevertheless, the Claims Administrator has refused to consider Claimant's claim based on its contention that a "claim form" was not filed timely.

If the form was not in fact filed on June 3, 2015, it was due to a pop-up blocker glitch in the Administrator's electronic filing program.  It was not until November 16, 2016, that the Claims Administrator informed undersigned counsel that when a computer's pop-up blocker is activated, filed documents cannot be reviewed by the filing party.  The documents only become visible when the pop-up blocker is disabled.  This program glitch blocked undersigned from reviewing the

1

documents filed on behalf of Claimant on June 3, 2015. The problem was never disclosed to undersigned counsel prior to the June 8, 2015 deadline. Claimant should not be penalized because of a known technical issue not disclosed to counsel filing claims.

Alternatively, principles of equity and the relation back doctrine require that the claim form be deemed timely. Prior to the June 8, 2015 filing deadline, the Administrator received adequate information concerning the claim and, consequently, should not be permitted to ignore Claimant's claim, especially in light of the Administrator's duties under the settlement agreement to assist with submission of claims to provide class members with the best opportunity to be eligible for and receive payment under the settlement agreement.

**II.   Background**

Claimant is a Louisiana corporation, formed in May 1982. The company operated as a heavy construction contractor until in or about early 2015. Claimant owned a facility located on Bayou Black in Gibson, Louisiana and its base of operations was located at a leased facility in Oak Island (Anahuac), Texas.

On June 6, 2013, Claimant filed for Chapter 11 relief in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court"), Case Number 13-11567 (the "Bankruptcy Case") and on August 29, 2014, the Bankruptcy Court entered an Order confirming Claimant's Chapter 11 Plan. Distributions under the Confirmed Plan were to be funded primarily from net revenues from Claimant's construction business. Unfortunately, shortly after entry of the Confirmation Order, Claimant's primary customer defaulted on its payment obligations and ceased operations. Claimant has since liquidated substantially all of its assets, with the exception of its claim in the DHEDPS (the "BP Claim"). Claimant estimates creditors under the confirmed plan are owed approximately $800,000.

On June 3, 2015, undersigned counsel filed Claimant's BP Claim via the electronic claims

portal established by the Claims Administrator.  The Claims Administrator acknowledged timely filing by Claimant of the following documents:

1. Power of Attorney or Other Authorization for Lawyer to Sign for Claimant
2. Articles of Incorporation/Business
3. Formation Documents
4. SWS-38 - Claimant Accounting Support
5. Sworn Written Statement
6. Claims Preparation--Invoices to Claimant
7. Claimant Accounting Support Invoice
8. Accountant Calculation Worksheet (From Claimant or Claimant's Accountant)
9. Business - Income Report
10. Business - Labor Expense
11. 2007 Financial - Income Statements / Profit & Loss
12. 2008 Financial - Income Statements / Profit & Loss
13. 2009 Financial - Income Statements / Profit & Loss
14. 2010 Financial - Income Statements / Profit & Loss
15. 2011 Financial - Income Statements / Profit & Loss
16. 2007 Federal Corporate Income Return Form 1120
17. 2007 Federal Corporate Income Return Form 1120, Schedule E
18. 2007 Federal Corporate Income Return Form 1120, Schedule K
19. 2008 Federal Corporate Income Return Form 1120
20. 2008 Federal Corporate Income Return Form 1120, Schedule E
21.  2008 Federal Corporate Income Return Form 1120, Schedule K
22. 2009 Federal Corporate Income Return Form 1120
23. 2009 Federal Corporate Income Return Form 1120, Schedule E 06/03/2015
24. 2009 Federal Corporate Income Return Form 1120, Schedule K
25. 2010 Federal Corporate Income Return Form 1120
26. 2010 Federal Corporate Income Return Form 1120, Schedule E
27. 2010 Federal Corporate Income Return Form 1120,
28. Schedule K 2011 Federal Corporate Income Return Form 1120
29. 2011 Federal Corporate Income Return Form 1120, Schedule K
30. Form W-9
31.  Registration Form[1]

(collectively, "Proof of Claim Documents").

Upon filing the documents, the Administrator's electronic claim portal made available the Claimant Details attached hereto as Exhibit "A."  Immediately after filing the Proof of Claim

---

[1] See June 3, 2015 Claimant Details, a copy of which is attached as Exhibit "A".

Documents on June 3, 2015, undersigned counsel emailed the Claimant Details to counsel for the Office of the United States Trustee and the other major creditors in the Bankruptcy Case as evidence that the BP Claim had been filed prior to the June 8, 2016 deadline.[2]

In or about November, 2015, undersigned counsel telephoned his BP Claims Administrator attorney liaison to check on the status of Claimant's BP Claim. She asked for proof of filing. In response, undersigned emailed the Claimant Details. The Claims Administrator liaison asked for proof that the claim form was submitted. Undersigned counsel informed her that he recalled filing the form,[3] but could only locate proof of filing of the 31 Proof of Claim Documents. Eventually, the liaison responded as follows:

> After careful review and consideration we have determined that the claim form was not submitted and we are not able to apply Relation Back to this Claim. Thank you, Gerri

On February 2, 2016, Claimant filed the claim form via the Claims Administrator's electronic portal (Document ID 18784100) and emailed it to the attorney liaison.[4]

On March 22, 2016, the attorney liaison confirmed that the Claims Administrator received the Proof of Claim Documents. She, however, stated that the claim form had not been submitted together with the Proof of Claim Documents and, consequently, the Claim Administrator would not review the claim or the Proof of Claim Documents.

---

[2] See email dated June 3, 2016 to Robert Gravolet, Lisa Merz Hedrick, Joe McDermott, Bradley C. Knapp and Own Sonik, a copy of which is attached as Exhibit "B".

[3] Undersigned recalled certain details on June 3, 2015 electronic claim form, including questions regarding the number of facilities.

[4] See email dated February 2, 2016 to Geraldine Bowen and attached Claim Form, a copy of which is attached hereto as "Exhibit "C".

**III.     Argument**

**A. The Claim Form was Timely Filed, but Blocked due to a Glitch in the Administrator's Electronic Filing System.**

Undersigned believes (based on emails with the Administrator's attorney liaison in connection with an unrelated claim) that the claim form was filed, but rejected due to a problem with the Administrator's website or filing platform.[5]  When undersigned filed Claimant's claim on June 3, 2016, he did not know that he had to disable his pop-up blocker to review the filings.  The flaws in the Administrator's filing platform are especially tricky for persons like undersigned who are admittedly not tech-savvy and more familiar with the more straight-forward CM/ECF system offered by United States Federal Courts.

Furthermore, the Claims Administrator has admitted that their electronic filing system has a pop-up blocker problem and that adequate warnings were not provided to claimants.

For this reason alone, the Claimant claim should be deemed timely filed.

**B. Claimant Filed its Claim Timely.**

The deadline for filing Claimant's BP Claim with the settlement program was June 8, 2015. Claimant's Proof of Claim Documents were timely filed on June 3, 2015.  The forms included written authorization for undersigned counsel to file a claim on behalf of Claimant, a demand for a specified amount, detailed claim calculations and all required financial documents in support of the claim amount and calculation.  Undersigned recalls entering data on the electronic claim form on June 3, 2015, and he believed he filed the form based on the Claimant Detail posted on the claim portal.

The Administrator's refusal to review Claimant's claim is a classic case of elevating form

---

[5]  The Claims Administrator conveniently never mentioned the pop-up blocker issue during discussions or emails regarding the Kiva claim.

over substance. The allegedly missing claim form was not necessary for commencement of accountant review by the Administrator. Allowing the Administrator to disregard Claimant's claim, notwithstanding timely receipt of the precise details and back-up information concerning the claim, unfairly prejudices Claimant, along with Claimant's creditors. Ironically, these creditors are owed money at least in part because Claimant was never able to fully recover from the BP Oil Spill.[6]

Under the Administrator's formalistic argument, had Claimant filed a blank claim form without any of the supporting documents or even a bare assertion regarding the basis for the claim, the Claims Administrator would be obligated to treat the filing as timely.

Furthermore, even assuming the Proof of Claim Documents are not enough standing along to constitute a filed claim (which they are), the filing of the claim form thereafter should relate back to the original June 3, 2015 filing, as the Claims Administrator had sufficient notice of the amount and nature of the claim prior to the filing deadline.

In sum, Claimant filed its claim timely and the Claims Administrator should be directed to review it under the terms of the DHEPDS agreement.

**C. Claimant's Filing is Timely under the Equitable Tolling Doctrine.**

Equitable tolling applies to extend a filing deadline in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

In *Granger*, the plaintiff's attorney erroneously filed his clients' discrimination claims with the Office of Federal Contract Compliance Programs instead of the Equal Employment

---

[6] The Bankruptcy Court has held the Bankruptcy Case open pending a resolution of Kiva's BP Claim.

Opportunity Commission and the limitations period expired prior to discovery of the mistake. The District Court applied the equitable tolling doctrine to deem the complaint timely filed. The Fifth Circuit affirmed based on the timely submission of the claim to the wrong government office, the delay in the government's response and the lack of prejudice to the defendant.

Similarly, undersigned acted diligently and believed that it had filed the claim form when he filed the Proof of Claim Documents. The Claims Administrator never responded. Undersigned first learned of the apparent defect when he contacted his attorney liaison. Clearly there is no prejudice, as the Administrator had timely notice of the claim amount and basis and is still considering thousands of other claims.

Equitable tolling may be applied even assuming Claimant's pre-June 8, 2015 deadline filing was defective. For example, in *Estate of Thomas v. Southworth, Inc.*, 2002 WL 34696375, Civ. Action No. 99-712 (D.C., Jan. 24, 2002), the plaintiff failed to file its complaint against the United States prior to expiration of the Federal Tort Claims Act ("FTCA") statute of limitations. Plaintiff had filed a motion to amend to add the United States to a pending action within the limitations period. The government sought dismissal, as plaintiff could have simply filed a complaint and summons in a timely fashion. The District Court disagreed and tolled the FTCA deadline during the pendency of the plaintiff's "defective" motion to amend based on equitable considerations.

In the instant case, the apparent omission of the claim form from Claimant's timely filing is more understandable than in *Granger* and *Thomas*, which involved garden variety EEOC and FTCA filings. Here, the Administrator's electronic filing portal was designed specifically for BP claims and is fraught with glitches and misleading notices. Undersigned counsel, counsel for the U.S. Trustee and for Claimant's major creditors all believed based on the Claimant Detail that the

claim had been timely filed. The Claims Administrator had ample notice of the filing prior to the June 8, 2015 deadline. For these reasons, equitable tolling should be applied and Claimant's claim should be deemed timely filed.

### D. Claimant and its Creditors Justifiably Relied on the Proof of Filing Posted by the Administrator on its Electronic Filing Portal.

Under Article 1967 of the Louisiana Civil Code:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

Counsel believed that it had filed Claimant's claim form based on the Claimant Detail and immediately sent the Claimant Detail to attorneys for the United States Trustee and for various other creditors.[7] The creditors' attorneys also believed Claimant's claim was timely filed, as they never expressed concern regarding the filing. The Claims Administrator never notified undersigned of the defect and it was only discovered when undersigned contacted his attorney liaison.

For these reasons, the claim should be deemed timely under the doctrines of detrimental reliance or promissory estoppel.

### E. Principles of Equity Bar the Administrator from Refusing to Consider Claimant's Claim.

Pursuant to the settlement agreement, the Claims Administrator is charged with:

- Implementing and administering the settlement "for the benefit of the Economic Class" (Section 4.3.1)
- Working with Economic Class Members to facilitate class members' assembly and submission of claim forms and supporting documents (Section 4.3.7)

---

[7] See Exhibit "B" hereto.

- Using its best efforts to provide class members with assistance, information, opportunities, and notice so that each class member has the best opportunity to be determined eligible for and receive payment under the settlement agreement (Section 4.3.7).

Here, the Claims Administrator does not dispute receipt of the following on June 3, 2015, prior to the claim filing deadline:

- Power of Attorney Form, authorizing undersigned counsel to pursue claims under the BP Settlement Agreement for Claimant;
- Business formation documents for Claimant;
- Tax returns necessary to process Claimant's BP Claim;
- Form W-9 signed by Claimant's authorized representative;
- Sworn Written Statement for Claimant Accounting Support;
- Claim Calculations and back-up information from Claimant's CPA.

Notwithstanding timely receipt of the foregoing, the Claims Administrator never contacted Claimant to advise that an additional form was needed to process its claim. Then, once the form was submitted, the Administrator refused to apply the relation back doctrine.

The Claim Administrator's refusal to review Claimant's claim contravenes its obligation to assist with "submission of claim forms" or to provide "notice" and "information" so that class members have the "best opportunity to be determined eligible for and receive payment under the settlement agreement."

In sum, principles of fairness and equity require that the Claims Administrator consider Claimant's BP Claim per the terms of the settlement program.

## IV.     Conclusion

For the foregoing reasons, the Court should enter an order deeming Claimant's BP Claim to be timely filed and instruct the Claims Administrator to process the claim.

                                        Respectfully submitted,

                                        **CONGENI LAW FIRM, LLC**


BY:     */s/Leo D. Congeni*
            LEO D. CONGENI  (#25626)
            424 Gravier Street
            New Orleans, LA  70130
            Telephone: 504-522-4848
            Facsimile:  914-992-0378
            Email:  leo@congenilawfirm.com

*Attorney for Claimant No. 100325530*


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Memorandum in Support of Motion for Entry of Order Deeming BP Claim Timely Filed* has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of February, 2017.

                                        */s/ Leo D. Congeni*
                                        _____
                                        LEO D. CONGENI