**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | **MDL NO. 2179** |
| **"Deepwater Horizon" in the Gulf of** | * | |
| **Mexico, on April 20, 2010** | * | **SECTION J** |
| | * | |
| | * | **JUDGE BARBIER** |
| **This Document relates to:** | * | **MAGISTRATE JUDGE WILKINSON** |
| **Nos. 13-01439, 16-05490** | * | |
| | * | |

---

### BP'S RESPONSE IN OPPOSITION TO PLAINTIFF JEM PC BEACH, LLC'S MOTION TO VACATE NOTICE OF VOLUNTARY DISMISSAL

BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), pursuant to the Court's January 27, 2017 Order (Rec. Doc. 22138), hereby file their response and opposition to JEM PC Beach, LLC's Motion to Vacate Notice of Voluntary Dismissal (Rec. Doc. 22052).

Plaintiff's motion seeks to revive a "mass joinder" action (13-01439) that is noncompliant with the text of Pretrial Order 60 and this Court's orders deeming "mass joinder" claims noncompliant with PTO 60 and dismissing them with prejudice.  Accordingly, plaintiff's motion cannot be granted.

Plaintiff has not sought relief from the July 14, 2016 Compliance Order's dismissal of its 2016 individual lawsuit (16-05490) with prejudice, and BP would oppose any such request. Plaintiff has not only significantly delayed its attempts to reinstate its claim (without any showing of diligence on its part), but also simultaneously attempts to proceed on a class basis in a PTO 60-noncompliant action in which its claims have separately been dismissed by this Court. Plaintiff's motion should be denied.

**PROCEDURAL BACKGROUND**

On April 19, 2013, plaintiff JEM PC Beach, LLC ("JEM"), along with approximately 980 other plaintiffs, filed a mass joinder action in MDL 2179 titled *Jensen Beach Mtg., Inc. v. BP Exploration & Production Inc., et al.*, No. 13-01439.  On March 29, 2016, the Court issued PTO 60 and required each plaintiff in the B1 Pleading Bundle to file an individual lawsuit (if it had not previously done so) and a sworn written statement.  (Rec. Doc. 16050)

On May 12, 2016, JEM filed a new *individual* lawsuit (16-05490), attaching a sworn written statement.   On May 31, 2016, however, plaintiff filed a notice of voluntary dismissal of its claims.  (Rec. Doc. 18572)

Given JEM's notice of dismissal, BP omitted JEM from the list of PTO 60-compliant plaintiffs submitted to the Court on June 7, 2016.  JEM was thus subject to the Court's June 7, 2016 Show Cause Order, which required JEM to show cause in writing by June 28, 2016 why its B1 claims should not be dismissed for failure to comply with PTO 60.  (Rec. Doc. 18724 ¶ 3.)

On June 27, 2016, plaintiff filed a second notice of voluntary dismissal of its claims. (Rec. Doc. 20428)  JEM alleges in its Motion to Vacate that its counsel inadvertently included it in the notice of dismissal.  (Mot. to Vacate ¶¶ 3, 5-6.)

Although JEM alleges in its Motion to Vacate that it filed a show cause response on June 28, 2016, no such filing appears on the MDL 2179 master docket or the individual dockets for cases 13-01439 or 16-05490.[1]

Having twice filed dismissals of its claims, and having filed no show cause response, JEM was not included on the lists BP filed on July 13, 2016 of remaining B1 plaintiffs who had

---

[1]   After plaintiff filed its Motion to Vacate, BP attempted to locate the show cause response that plaintiff alleges it filed.  BP's review indicates that on June 29, 2016, plaintiff's show cause response was in fact served (though not filed) over File & ServeXpress in a submission (apparently mistakenly) styled "Plaintiff Gary Heil's Response to Order to Show Cause re. Complian[c]e with PTO 60."

complied with PTO 60 or the list of B1 plaintiffs who had pending show cause submissions. Accordingly, plaintiff JEM's claims were dismissed with prejudice by the Court's July 14, 2016 Compliance Order, to the extent they had not already been voluntarily dismissed by plaintiff. (Rec. Doc. 20996 ¶ 3.)

JEM alleges that its counsel received notice on November 18, 2016 that plaintiff had voluntarily dismissed its claims in MDL 2179.  (Mot. to Vacate ¶ 13.)

On December 16, 2016, the Court issued its PTO 60 Reconciliation Order (Rec. Doc. 22003), resolving all pending PTO 60-related compliance issues.  (Rec. Doc. 22003)  In that order, the Court addressed a class action (member case 13-00097) filed in 2013 putatively on behalf of opt outs and claimants excluded from the Economic and Property Damages Settlement. The Court deemed the plaintiffs in that case (including First National Bank, USA and sixteen other named plaintiffs) non-compliant with PTO 60, rejecting their counsel's arguments that PTO 60 did not apply to putative class actions.  The Court dismissed all claims in that action, "including claims by . . . the unnamed putative class members."  (*Id.* at 21.)

In a notice of appeal of that order filed January 13, 2017, plaintiff JEM now identified itself as a "putative class member" in the 13-00097 action, thus revealing that it was seeking to proceed in member case 13-00097 on a class basis.  (Rec. Doc. 22085)

Following this procedural history, it was ***only after the 13-00097 class action had been dismissed by the Reconciliation Order***, and nearly six months after its claims were dismissed with prejudice by the Compliance Order, that plaintiff JEM filed its Motion to Vacate its June 27, 2016 voluntary dismissal of its claims in its 2013 mass joinder action, 13-01439.

**ARGUMENT**

Plaintiff JEM has waited until more than seven months after its claims were dismissed with prejudice by the Court's Compliance Order to attempt to take action to revive its claims. Even now, JEM fails to address its claims' dismissal with prejudice by the July 2016 Compliance Order, fails to demonstrate diligence in meeting the Court's requirements, and waited until after its claims in the 13-00097 putative class action had been dismissed before filing this motion in an attempt to revive its claims. Not only does JEM seek the wrong relief, but reinstatement of its claims would be inequitable given the inordinate delay present here while plaintiff sought to pursue its class claims in another MDL 2179 action.

**I.     PLAINTIFF'S MOTION SEEKS THE WRONG RELIEF AND CANNOT BE GRANTED.**

Vacating JEM's June 27, 2016 notice of voluntary dismissal of its 2013 action would not allow its claims to proceed in MDL 2179 in view of this Court's orders relating to compliance with PTO 60. First, even apart from plaintiff's own voluntary dismissal of its claims in June 2016, all of JEM's claims in MDL 2179 have been dismissed with prejudice by the Court's July 14, 2016 Compliance Order. That order is clear that the claims of any B1 plaintiffs who (like JEM) were not listed on either Exhibits 1A or 1B (*i.e.*, PTO 60-compliant plaintiffs) or Exhibit 2 (*i.e.*, plaintiffs who filed timely show cause submissions) to that order were dismissed with prejudice. (Compliance Order ¶ 3.) Thus, it is the Compliance Order, and not merely its own purportedly inadvertent dismissal notices, from which plaintiff would need to seek relief. To date, however, JEM has sought no relief from that order, which issued more than seven months ago, in order to reinstate its claims.

Moreover, even if the Court were to vacate plaintiff's June 27, 2016 notice of voluntary dismissal of its 2013 action, that action is a mass joinder lawsuit on which plaintiff cannot

proceed in MDL 2179 under PTO 60 and the Compliance Order.   The Compliance Order provides that B1 plaintiffs may proceed in MDL 2179 "solely on their claims as pled in their individual complaints."  (*Id.* ¶ 1.)  In short, plaintiff's 2013 mass joinder action is non-compliant and cannot proceed.  Further, it is plaintiff's 2016 individual action for which it could potentially seek relief, but has not done so.

## II.   BP OBJECTS TO PLAINTIFF BEING DEEMED COMPLIANT WITH PTO 60.

Even had JEM sought relief from the Compliance Order to reinstate the claims in its 2016 individual action, BP would oppose any such motion.  First, plaintiff has exhibited significant delay in not seeking relief from the Compliance Order that dismissed its claims with prejudice. More than seven months following that order, plaintiff still has not sought relief from its dismissal with prejudice by the Compliance Order.  JEM also admits that its counsel realized in November 2016 that it had erred in voluntarily dismissing JEM's claims, but failed to take any action to correct them for nearly two months.

Moreover, it is far from clear that plaintiff has attempted in good faith to comply with PTO 60.  Alongside the two actions in which JEM PC Beach, LLC is a named plaintiff, it also is attempting to proceed on a class basis in action 13-00097.  (*See* Rec. Doc. 22085 (notice of appeal identifying JEM PC Beach, LLC as a "putative class member" in action 13-00097).)  The Court deemed that action to be noncompliant with PTO 60 in its Reconciliation Order, dismissing all claims in that action "including claims by . . . the unnamed putative class members" such as JEM PC Beach.  (Reconciliation Order at 21.)   The fact that JEM attempted to proceed in a non-individual lawsuit on a class basis notwithstanding PTO 60—and that it did not seek to reinstate any of its other actions until ***after*** its attempt to proceed on a class basis was denied by the Court—casts significant doubt on whether equitable relief would be appropriate

here.  *See* 12 James W. Moore, et al., MOORE'S FEDERAL PRACTICE § 60.22 (3d ed. 2008) ("The relief provided by Rule 60(b) is equitable in nature and, in exercising its discretion under Rule 60(b), a court may always consider whether the moving party has acted equitably."); *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 734 (5th Cir. 1984) ("We cannot agree that the repeated instances of deliberate indifference and disregard of the Court's orders and requests displayed here were the product of 'oversight' or 'inadvertence.'").

## CONCLUSION

Plaintiff's motion seeks the wrong relief and cannot be granted.  To the extent plaintiff asks the court to find that it complied with PTO 60 and that it should be permitted to proceed on on an individual lawsuit in MDL 2179, BP objects.  Plaintiff's choice to delay seeking that relief until its attempts to proceed on a class basis in a PTO 60-noncompliant action were denied by the Court forecloses that request, and its motion should be denied.


February 21, 2017                              Respectfully submitted,

                                               */s/ Don Haycraft*
                                               _____
                                               Don Haycraft (Bar #14361)
                                               R. Keith Jarrett (Bar # 16984)
                                               **LISKOW & LEWIS**
                                               One Shell Square
                                               701 Poydras Street, Suite 5000
                                               New Orleans, Louisiana 70139-5099
                                               Telephone: (504) 581-7979
                                               Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000

*Attorneys for BP America Production Company
and BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Responses in Opposition to Plaintiff JEM PC Beach, LLC's Motion to Vacate Notice of Voluntary Dismissal** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of February, 2017.

*/s/ Don Haycraft*
Don Haycraft