# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  Oil Spill by the Oil Rig** | * | **MDL NO. 2179** |
| **"Deepwater Horizon" in the Gulf of** | * | |
| **Mexico, on April 20, 2010** | * | **SECTION J** |
| | * | |
| | * | **JUDGE BARBIER** |
| **This Document Relates To:** | * | **MAGISTRATE JUDGE WILKINSON** |
| *Nos.       13-01117, 13-01437, 13-02033,* | * | |
| *13-02786, 13-02791, 13-05367, 13-06009,* | * | |
| *16-04122, 16-04123, 16-04124, 16-04151,* | * | |
| *16-06216, 16-06259, 16-06298, 16-06329,* | * | |
| *16-06330, 16-06333, 16-07048, 16-07285,* | * | |
| *16-11519, 16-11539, 16-11546, 16-11641,* | * | |
| *16-11698, 16-11707, 16-11711, 16-13364,* | * | |
| *16-13365, 16-13366, 16-13367* | * | |

## BP'S RESPONSE IN OPPOSITION TO
## PLAINTIFFS' MOTIONS FOR RECONSIDERATION

BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), pursuant to the Court's January 27, 2017 Order (Rec. Doc. 22138), hereby file their omnibus response and opposition to the pending motions for reconsideration of the Court's PTO 60 Reconciliation Order (Rec. Doc. 22003).[1]  Despite movants having clear notice of the requirements of PTO 60 and that noncompliance would result in the dismissal of their claims, each movant failed to comply with PTO 60.  The dismissal of movants' claims was an appropriate exercise of the Court's inherent authority and discretion, and their motions provide no basis for the Court to reconsider its rulings.  Their motions should be denied.

---

[1]  The pending motions for reconsideration are Rec. Docs. 22034, 22057, 22059, 22074, 22076, 22079, 22081, 22082, 22083, 22084, 22086, 22087, 22088, 22089, 22090, 22091/22080.  Because BP has already responded (Rec. Doc. 22051) to one of these motions (Rec. Doc. 22034) pursuant to the Court's earlier briefing order (Rec. Doc. 22035), that motion is not addressed in this response brief.

## BACKGROUND

As part of its inherent authority to manage this highly complex litigation, the Court issued PTO 60 in March 2016 to require those plaintiffs with timely-filed claims for economic losses or property damage ("B1 claims"), and who had not released those claims, to take certain affirmative steps in order to proceed with their claims in this litigation.  Prior to PTO 60, tens of thousands of plaintiffs with B1 claims remained in MDL 2179.  Many thousands of those plaintiffs had never filed any complaint of their own, instead filing only a short-form joinder in the Master Complaint for B1 claims.  Thousands more had filed only "mass joinder" complaints in which hundreds, thousands, or tens of thousands of plaintiffs joined in a single lawsuit.  These "mass joinder" lawsuits generally provided little to no information regarding the individual plaintiffs who joined them.  In addition, a large portion of the remaining B1 plaintiffs were members of the *Deepwater Horizon* Economic and Property Damages Settlement class and, though they had released their claims against BP and (in many instances) been compensated through the Court Supervised Settlement Program, most of these plaintiffs took no action to dismiss their claims in MDL 2179.  Still other B1 plaintiffs had made no presentment of their claims to BP, as required under the Oil Pollution Act ("OPA"), and thus failed to preserve their claims.

To resolve these significant case management challenges to its docket, on March 29, 2016, the Court in PTO 60 required each plaintiff with B1 claims to provide a signed sworn statement certifying, among other things, (1) whether the plaintiff was a settlement class member; (2) whether the plaintiff had otherwise released its claim against BP; and (3) whether the plaintiff had made a pre-suit presentment of its claim as required by OPA.  The Court also required B1 plaintiffs who had filed only a joinder in the B1 Master Complaint or a complaint

joined in by other plaintiffs to file an individual lawsuit ("one per plaintiff"). (PTO 60, Rec. Doc. 16050, at 3.)

The Court initially set May 2, 2016 as the deadline for plaintiffs to meet PTO 60's requirements. No fewer than five times, PTO 60 made clear that timely compliance with PTO 60 was required for any plaintiff seeking to continue with its claims in MDL 2179. (*See id*. ¶ 8 (stating that only "Plaintiffs *who comply with this Order* are subject to further proceedings in this Court") (emphasis added); *id*. ¶ 6(A)(ii) ("*Plaintiffs who* previously filed an individual lawsuit and *fail to comply* with the above requirements by May 2, 2016, *will have their complaints deemed dismissed with prejudice without further notice*."); *id*. ¶ 6(B)(ii) ("*Plaintiffs* that did not file individual lawsuits, but instead filed a SFJ and/or were part of a complaint with more than one plaintiff, *who fail to comply* with the above requirements by May 2, 2016, *will have their claims deemed dismissed with prejudice without further notice*.") (emphasis added); *id*. ¶ 10 ("[T]he PSC and BP shall provide to the Court a list of all Plaintiffs *who did not comply with this Order and whose claims are therefore subject to dismissal*") (emphasis added); *id.* at 6 ("Accordingly, the Court . . . orders the designated plaintiffs to act in compliance with this Order *or face dismissal of their claims with prejudice* without further notice.") (emphasis added).) The Court subsequently extended the deadline for compliance with PTO 60 to May 16, 2016 for a large number of plaintiffs. (Rec. Doc. 18724 at 1.)

In April 2016, four plaintiffs to a single action (*Freeport 860, LLC, et al. v. BP Exploration & Production Inc., et al*., No. 2:13-cv-02300-CJB-SS (E.D. La.)) argued that they were "related parties" who should be permitted to maintain a single lawsuit together notwithstanding PTO 60's individual lawsuit requirement and moved for leave to remain as joint plaintiffs in one civil action. (Motion for Leave to Allow Claims to Remain Under One Civil

3

Action ("Mot. for Leave") (Rec. Doc. 16529).) Plaintiffs alleged that they were all under common ownership and control by the same individual and that their claims were all "nearly identical in that they involve the same residential subdivision, Hammock Bay, a bulk sale of identical lots to the same buyer, D. R. Horton Homebuilders, and lot sales that occurred after the BP Oil Spill at the same time with a common price per lot applicable to all sales." (*Id*. at 2.) Movants sought an order "authorizing these four entities to be recognizes [sic] as 'related parties' allowing their claims to remain joined under one civil action." (*Id.* at 3.) The Court denied these plaintiffs' motion (Rec. Doc. 16755), and Freeport 860, LLC filed a new individual lawsuit as the only plaintiff. (*Freeport 860, LLC v. BP Exploration & Production Inc., et al*., No. 2:16-cv-03945 (E.D. La.).)

Notwithstanding the Court's repeated insistence on the importance of compliance with PTO 60, none of the plaintiffs in the fifteen present motions timely complied with the Court's order. After show cause briefing was complete, the Court dismissed each of their claims for noncompliance with PTO 60 in its Reconciliation Order:

*Significantly Late PTO 60 Submissions.* Three of the movants (Truckla Services Inc., Gangi Shrimp Company, and T. Duffy Builders LLC) did not make any of the submissions required by PTO 60 until significantly (as late as 15 weeks) after the compliance deadline.[2]

*Lawsuits Filed by Multiple Affiliated Entities.* Twenty-five of the movants failed to file timely individual lawsuits as required by PTO 60, instead filing complaints joined by one or more of their corporate affiliates.[3] [4]

---

[2] These plaintiffs filed motions for reconsideration at Rec. Docs. 22081 (Truckla), 22076 (Gangi Shrimp Company), and 22057 (T. Duffy Builders).

[3] These plaintiffs filed motions for reconsideration at Rec. Docs. 22059 (Chapel Hill, LLC, Coastal Mining & Marine, LLC, Pearlington Clay, LLC, and Pearlington Clay Port, LLC), 22074 (Breathwit Marine Contractors, Ltd. and Breathwit Marine Shipyards, Ltd.), 22080 (Daniel K. Chang, Julia Chang, Avery Investments, LLC, Magnolia Professional Center, LLC, Old Spanish Farm, LLC, and Julvana, LLC) (amended by Rec. Doc. 22091

4

*Mass Joinder and Lack of Sworn Written Statements*. More than one hundred of the movants filed only a mass joinder action while failing to submit a signed sworn statement. Despite the clear requirement that all B1 plaintiffs file an individual lawsuit, on May 16, 2016, the Buzbee Law Firm filed a new mass joinder action (16-6330) that included all its clients for which it did not have a signed sworn written statement. Although one plaintiff in action 16-06330 ultimately filed an individual lawsuit and signed sworn statement, its submission was untimely, as it was not made until May 27, 2016. None of the other 103 plaintiffs in the mass joinder action has ever filed an individual lawsuit and submitted a signed sworn statement.[5] [6]

## ARGUMENT

PTO 60 is an appropriate exercise of the Court's authority and discretion in managing this litigation and enforcing its orders. *See Cranford v. Morgan S., Inc.*, No. 10-60315, 2011 WL 1258515, at *3 (5th Cir. Apr. 5, 2011) ("A district court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases.").

---

to add Hilltop Investments, LLC), 22082 (Coast Products, LLC and Laurcon Capital LP), 22083 (Gauci's Custom Building and Developing LLC, Winter Garden Italian American Bistro LLC, Joseph V. Gauci, Karen Gauci), 22084 (Henry L. Perry, St. Joe Beach Property, LLC, Bungalows at Sanctuary Beach, LLC), 22086 (AHT, Inc.), 22088 (CMC Steel Fabricators, Inc.), 22087 (Commercial Metals Company), 22089 (SMI Steel, LLC), and 22090 (Commercial Metals Company, AHT, Inc., CMC Steel Fabricators, Inc., and SMI Steel, LLC (jointly)).

[4] Although five of these plaintiffs (Coastal Mining & Marine LLC; Pearlington Clay Port, LLC; Pearlington Clay, LLC; Breathwit Marine Contractors, Ltd.; and Breathwit Marine Shipyard, Ltd.) subsequently filed individual lawsuits, those complaints were not filed until nearly six weeks after the May 16, 2016 compliance deadline.

[5] These plaintiffs filed a motion for reconsideration at Rec. Docs. 22079.

[6] In addition to filing their motions for reconsideration, many of these movants have also filed notices of appeal from the Reconciliation Order to the Fifth Circuit. These notices of appeal were filed at Rec. Docs. 22095 (AHT, Inc.), 22096 (CMC Steel Fabricators, Inc.), 22097 (Commercial Metals Co., AHT, Inc., CMC Steel Fabricators, Inc. and SMI Steel, LLC (jointly)), 22099 (Commercial Metals Co.), 22098 (SMI Steel, LLC), 22139 (Gauci's Custom Building and Developing LLC, Winter Garden Italian American Bistro LLC, J. Gauci and K. Gauci), 22140 (D. Chang, J. Chang, Avery Investments, LLC, Hilltop Investments, LLC, Magnolia Professional Center, LLC, Old Spanish Farm, LLC and Julvana, LLC), 22141 (Coast Products, LLC and Laurcon Capital LP), 22142 (H. Perry, St. Joe Beach Property, LLC, and Bungalows at Sanctuary Beach, LLC), and 22223 (plaintiffs in Case No. 16-06330).

Movants were on notice from the day that PTO 60 issued in March 2016 that failure to timely comply with its requirements would result in dismissal of their claims. Because movants have offered no credible reason for the Court to reconsider its ruling that they failed to comply with PTO 60 and should therefore have their claims dismissed, their motions should be denied.

### I.     MOVANTS MAKE NO ARGUMENTS THAT MERIT RECONSIDERATION.

As an initial matter, Movants have failed to make any arguments that are appropriate on a motion for reconsideration, and their motion should be denied for that reason alone. To prevail on a motion for reconsideration,[7] the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact. *Henry v. New Orleans Louisiana Saints, LLC*, No. CV 15-5971, 2016 WL 3524107, at *2 (E.D. La. June 28, 2016) (Barbier, J.) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

Movants make no effort to meet these requirements. They cite to no change in the controlling case law and to no new evidence relevant to the dismissal of their claims for failure to comply with PTO 60. Far from "clearly establish[ing]" that the Court has engaged in manifest error, Movants fail to call into question the Court's authority to require them to comply with the requirements of PTO 60 in order to proceed with their claims in MDL 2179.

Instead, Movants simply repeat, in greater or less detail, the very same arguments they raised in their PTO 60 show cause submission prior to the Court's PTO 60 Reconciliation Order. A motion for reconsideration, however, "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," nor to

---

[7] Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a timely motion for "reconsideration" will be treated as Rule 59(e) motion to alter or amend a judgment. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *see also In re Fellows*, 19 F.3d 245, 245-246 (5th Cir. 1994); *Edward H. Bohlin Co. Inc. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (motion for reconsideration filed within time specified by Fed. R. Civ. P. 59(e) is treated as motion to alter or amend).

"re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *Voisin v. Tetra Techs., Inc.*, No. CIV.A 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Having failed to meet their burden, plaintiffs' motions should be denied on this basis alone.

## II. PRETRIAL ORDER 60 IS AN APPROPRIATE EXERCISE OF THE COURT'S INHERENT AUTHORITY.

PTO 60 and its related orders are an appropriate exercise of the Court's inherent authority and discretion in managing this highly complex litigation, authority that the Fifth Circuit has confirmed in other MDL 2179 proceedings. *See In re: State of Louisiana, Petitioner*, No. 11-30178, Order Denying Petition for Writ of Mandamus to the United States District Court for the Eastern District of Louisiana, No. 2:10-MD-2179, issued April 11, 2011, at 2 ("We have long held that a district court has the inherent authority and discretion to consolidate and manage complex litigation, particularly when serving as the transferee court in a multidistrict proceeding."); *see also Cranford v. Morgan S., Inc.*, No. 10-60315, 2011 WL 1258515, at *3 (5th Cir. Apr. 5, 2011) ("A district court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases.").

In this case, the orderly and expeditious disposition of the B1 claims before the Court required the efficient elimination of claims that had been released through the class settlement or through claims programs or that had failed to meet the OPA presentment prerequisite to maintaining a suit. They also required a solution to the case management problems created by the fact that tens of thousands of plaintiffs in the consolidated proceedings had filed only mass joinder actions or form joinders in the B1 master complaint. The requirements that PTO 60 placed upon plaintiffs in order to preserve their claims were tailored to achieve these ends and so are an appropriate exercise of the Court's discretion.

7

The Fifth Circuit has recognized that the Court's authority extends to dismissal of actions as part of the court's "broad discretion to preserve the integrity and purpose of [a] pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citation and internal quotation marks omitted). The ability of the Court to enforce compliance with its order through dismissal of noncompliant plaintiffs was essential to the success of PTO 60. Accordingly, the Court warned plaintiffs no fewer than five times in PTO 60 that noncompliance with its order would result in dismissal with prejudice.

Several movants argue that the Court was required to consider lesser, alternative sanctions before dismissing their claims for noncompliance with PTO 60. (*See, e.g.*, Rec. Doc. 22074 at 11-12.) The Fifth Circuit has made clear, however, that the "lesser sanctions" that ordinarily should precede dismissal may be supplied by ***explicit warnings*** that noncompliance with a court order may result in dismissal of a plaintiff's claims. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016) ("With respect to lesser sanctions, we have previously made clear that they 'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings.'"); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013); *Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) ("[E]xplicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket.").[8]

PTO 60 contained no fewer than five such explicit warnings, and movants in this case were on notice from the day PTO 60 issued that failure to timely comply with the Court's order

---

[8] The law of other Circuits is in agreement. The Third and Ninth Circuits, for example, have held that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. *See Buss v. W. Airlines, Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984), *cert. denied,* 469 U.S. 1192, 105 S.Ct. 968, 83 L.Ed.2d 972 (1985); *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001); *Titus v. Mercedes Benz of N. Am.,* 695 F.2d 746, 749 n. 6 (3d Cir. 1982) (listing "warning" as a lesser alternative sanction).

would result in dismissal of their claims. Moreover, such an approach is particularly appropriate in the case of highly a complex proceeding such as MDL 2179 in which the individualized consideration of successive and tiered sanctions now suggested by movants is impracticable. As the Ninth Circuit has recognized, "[t]he logistical complexity involved in multidistrict litigation makes it impossible to issue personalized warnings to each one of thousands of parties and give second (or, in some cases, third, fourth, or fifth) chances based on each party's unique circumstances." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1240 (9th Cir. 2006). Given the extraordinary complexity involved in managing the many tens of thousands of B1 claims in MDL 2179, PTO 60—including its clearly-noticed provision that the claims of noncompliant plaintiffs would be dismissed—is a necessary and appropriate exercise of the Court's inherent authority and discretion.

### III. THE COURT PROPERLY DETERMINED THAT THESE MOVANTS FAILED TO PRESERVE THEIR CLAIMS BY COMPLYING WITH PTO 60.

Movants have failed to advance any meritorious argument to dispute the Court's finding that they failed to comply with PTO 60's individual lawsuit requirement and must therefore have their claims dismissed—much less that the Court's finding was manifest error. Instead, movants simply rehash prior arguments made in their show cause submissions and provide no basis to conclude that they should be exempted from the requirement that the claims of B1 plaintiffs noncompliant with PTO 60 should be dismissed.

#### A. Significantly Late PTO 60 Submissions.

Three movants (Truckla Services Inc., Gangi Shrimp Company, and T. Duffy Builders LLC) did not make any of the submissions required by PTO 60 until significantly after the compliance deadline, purportedly because they were unaware of the requirements of PTO 60 until weeks after the deadline for compliance had passed. The Court properly dismissed their

9

claims, finding that they had not shown good cause for their noncompliance with PTO 60. As other courts have recognized, failure to register for electronic service and to exercise diligence in the monitoring a court's docket is not excusable neglect. *See Freeman v. Wyeth*, 764 F.3d 806, 808-810 (8th Cir. 2014) (district court did not abuse its discretion in refusing to set aside dismissal for failure to prosecute after attorney failed to register for electronic filing despite court's instruction, failed to monitor docket, and failed to comply with electronically posted discovery order, especially given the court's needs in managing multidistrict litigation); *Yeschick v. Mineta*, 675 F.3d 622, 629-631 (6th Cir. 2012) (where party had failed to update its email address or to check online docket, "gross carelessness or inadvertent conduct that results in a judgment will not give rise to a successful claim of excusable neglect if the facts demonstrate a lack of diligence"). Movants' failure to monitor the proceedings in MDL 2179 for months at a time provides no basis for the Court to reconsider its ruling.

### B. Lawsuits Filed by Multiple Affiliated Entities.

Twenty-five of the movants failed to file timely individual lawsuits as required by PTO 60, instead filing complaints joined by one or more of their corporate affiliates. As was clear weeks prior to the May 16, 2016 deadline from the Court's ruling on the motion by Freeport 860, LLC, corporate affiliation is not by itself enough to exempt plaintiffs from PTO 60's requirement of filing an individual action—"one per plaintiff." (PTO 60 ¶ 6(B)(1))

Nor is it the case that the claims of these entities are inextricably intertwined and unable to be separately pled. Where these movants' filings have even disclosed the nature and locations of their operations, plaintiffs' allegations reveal that their operations are separate and distinct. For example, the four separate plaintiffs in *Commercial Metals Company, et al. v. BP Exploration & Production Inc.*, No. 2:16-cv-06259-CJB-SS (E.D. La.) are not part of a single local enterprise, but instead have their operations in locations many hundreds of miles apart.

10

(*See* Commercial Metals Co. Compl. ¶¶ 3-6 (Rec. Doc. 20528-1) (plaintiffs have their principal places of business as far apart as Dallas County, Texas; Butler County, Pennsylvania; Guadalupe County, Texas; and Jefferson County, Alabama).)  The Court properly concluded in the Reconciliation Order that these 25 plaintiffs failed to comply with PTO 60 and that their claims must therefore be dismissed.

### C.     Mass Joinder and Lack of Sworn Written Statements.

The approximately 100 movants in the 16-06330 mass joinder action filed by the Buzbee Law Firm timely satisfied neither of PTO 60's requirements:  With the exception of a single plaintiff that made its submissions weeks late, none of these movants has ever filed an individual lawsuit or submitted a signed sworn statement.  Given that these movants have done nothing to comply with PTO 60, the Court properly concluded in the Reconciliation Order that they failed to comply with PTO 60 and that their claims must therefore be dismissed.

### CONCLUSION

PTO 60 put movants clearly on notice that noncompliance with its requirements would result in dismissal of their claims.  Because PTO 60 was an appropriate exercise of the Court's inherent authority and movants failed to comply with its requirements, the Court properly dismissed their claims.  Movants have offered no credible reason to reconsider that ruling, and their motions should be denied.

February 21, 2017												Respectfully submitted,

*/s/ Don Haycraft*

Don Haycraft (Bar #14361)
R. Keith Jarrett (Bar # 16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing **BP's Response in Opposition to Plaintiffs' Motions for Reconsideration** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of February, 2017.

    */s/ Don Haycraft*
    Don Haycraft