UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | |
| "DEEPWATER HORIZON" IN THE | * | MDL 2179 |
| GULF OF MEXICO, | * | |
| ON APRIL 20, 2010 | * | SECTION "J"(2) |
| | * | |
| This document applies to: | * | JUDGE BARBIER |
| | * | |
| *No. 12-970, Bon Secour Fisheries, Inc.,* | * | MAG. JUDGE WILKINSON |
| *et al. v. BP Exploration & Prod. Inc., et al.* | * | |

**OPPOSITION TO THE MOTION OF THE DHECC FOR LEAVE TO FILE A SUPPLEMENT TO DHECC'S REPLY IN SUPPORT OF DHECC'S MOTION FOR RETURN OF PAYMENTS MADE TO MAXIM, L.C., BRIANTE PALAZAENO, AND OTHERS OR, IN THE ALTERNATIVE, RESPONSE TO <u>THAT PROPOSED SUPPLEMENT</u>**

Mollere, Flanagan, & Landry, LLC ("MFL"), through its undersigned counsel, submits this opposition to the motion of the DHECC for leave to file a supplement to DHECC's reply in support of DHECC's motion for return of payments made to Maxim, L.C., Briante Palazaeno and others.[1] As the following establishes, DHECC's motion should be denied and DHECC should not be granted leave to file its supplement, for the supplement only introduces more variables into the financial equation that DHECC attempts to solve. In the alternative, if DHECC is allowed to file its supplement, the supplement does nothing but introduce more genuine disputes as to the material facts relied upon by DHECC. Further, even considering the additional contested facts and papers that DHECC does offer, DHECC still does not provide

---

[1] In its "clawback" motion (rec. doc. 18516), DHECC sought a judgment requiring Maxim and Palazaeno to return money paid on Maxim's DHECC claim, and requiring "[a]ll professionals who benefitted from the unjustified payments ….to make restitution." Showing they received no "unjustified payments," the professionals who appear in this opposition to address the legal fee received by Mollere, Flanagan, & Landry, LLC are MFL, Hebbler & Giordano, APLC and Richard Traina, all lawyers or law firms who happened to spilt this legal fee several years ago, pursuant to an internal agreement among them. *See also* rec. doc. 21709 (MFL's opposition to DHECC's clawback motion).

uncontroverted and persuading evidence to support the necessary elements needed to prove its clawback motion. As a result, DHECC's clawback motion should be denied.

## BACKGROUND

DHECC's proposed supplement arises out of its subpoenaing records of five bank accounts identified by respondent Briante Palazaeno in an affidavit he submitted in support of his opposition to DHECC's clawback motion. Palazaeno listed those accounts under the introduction "Maxim also had the following bank accounts:" Palazaeno did so to establish that the four bank accounts at the Whitney National Bank that DHECC relied upon to attempt to show disparities between revenue reported on Maxim's P&Ls and Maxim's bank statements were not the only bank accounts into which Maxim's sales revenues were deposited (Palazaeno affidavit, rec. doc. 21759-1, ¶¶ 6-7). That was only one argument that Palazaeno made in opposition to DHECC's clawback motion (s*ee* Palazaeno opposition, rec. doc. 21759).

DHECC had presaged its subpoenaing of records of those five additional bank account s in a footnote in the reply that it now wishes to supplement (rec. doc. 21801, p. 7, n.4). DHECC attorneys Corey Moll and Kevin Columb have, in telephone conversations with MFL's managing member Raymond Landry, acknowledged that DHECC erred in unilaterally conducting discovery without at least advising MFL that DHECC was doing so. Nevertheless, DHECC continued its pattern of unilateral discovery by failing to provide MFL (or Palazaeno's counsel, Frank DeSalvo) with the subpoenas alluded to in the footnote in DHECC's reply, even after the telephone conversations between Messrs. Moll, Columb, and Landry. Even worse, the bank materials obtained by DHECC through the subpoenas alluded to in the footnote **have not been provided** to MFL or Mr. DeSalvo. The Court should not countenance such tactics; they cannot be what the Court contemplated when it ordered "that the Claims Administrator may engage in

2

supervision and oversight activities designed to ensure the implementation and integrity of the overall Settlement Program" (order of May 6, 2015, rec. doc. 14543).

## DISCUSSION

Setting aside DHECC's improper conduct, the extracted information from the five additional bank account records provided by DHECC with its proposed supplement establish just one thing — an apparent utter lack of adherence to any sort of banking norms that nullifies the use of the bank account records to establish anything about Maxim's revenues and financial situation at all times relevant.[2]  The five additional bank accounts were in the names (1) Briante Palazaeno (an individual); (2) Bambino, LC (an unrelated entity); (3) Maxim LC DBA Leonardo Trattoria;[3] (4) Maxim LC DBA Trinacria - Payroll Account; and (5) Maxim LC DBA Trinacria - Operating Account (Exhibit A-2 to DHECC's proposed supplement, rec. doc. 22255-2, p. 12).

J. Lynn Barker was, until November 30, 2016, employed as a financial investigator for DHECC.  In his declaration accompanying DHECC's proposed supplement, Barker stated that in his investigations for DHECC, he "consistently used the bank deposits method of proof, one of the primary **indirect methods of proof** used by the government in computing taxable income" (Barker declaration, ¶ 4, rec. doc. 22255-2, p. 7) (emphasis added).  Barker described that indirect method of proof as follows:

> Under the bank deposits method, all deposits to the taxpayer's bank and similar accounts in a single year are added together to determine the gross deposits.  Non-taxable items, such as gifts, transfers of money between accounts, loans and other non-income items, are then identified.  The difference between the gross deposits and the non-taxable deposits is called net taxable bank deposits.  Net taxable bank deposits can also be referred to as actual revenue.

(Id.).

---

[2]  Taken with the original four Whitney Bank accounts, the five accounts yield an incredible **nine** bank accounts through which Maxim apparently was conducting operations.

[3]  "*Leonardo Trattoria*" was the name of the restaurant for which Maxim received its DHECC award.

3

The bank deposits indirect method of proof might reap relatively reliable results when dealing with an entity that attempts to comply with banking norms.  Such was not the case here.[4] The extracted records provided by DHECC with its proposed supplement show numerous transactions that DHECC does not connect with Maxim and the *Leonardo Trattoria* restaurant. Indeed, the DHECC and Barker provide no explanation of how Barker reached the conclusions he did concerning Maxim's 2009 and 2010 revenue; instead, DHECC simply provided 20 pages of spreadsheets of excerpted information that, at best, is difficult to interpret (rec. doc. 22255-2, pp. 9-29).  For example, DHECC offers no explanation why it included a spreadsheet of excerpted information detailing expenses by Palazaeno in the Bahamas in July and August 2009 (rec. doc. 22255-2, p. 15); the only reason seems to be an unseemly improper attempt to prejudice the Court against Palazaeno.

Moreover, the extracted records reveal information that casts doubt on DHECC's repeated assertions that Licciardi had very limited involvement with Maxim and *Leonardo Trattoria,* a cornerstone of DHECC's clawback motion.  DHECC specifically argued that "Licciardi was unaware of Maxim's DHECC filing or the award received.  She did not receive any proceeds from it" (memorandum in support of DHECC's clawback motion, pp. 6-7, rec. doc. 18516-2).  Those assertions were supported by Licciardi's sworn affidavit (Exhibit O to DHECC's clawback motion).  However, the extracted records that DHECC attached to its proposed supplement show **wire transfers from or to "Shelly J. Licciardi" totaling $27,600.00** (rec. doc. 22255-2, pp. 14 and 21).  DHECC offers no explanation of those wire transfers.  The contradiction calls into question DHECC's entire clawback motion.

---

[4]    Maxim's business economic loss claim was submitted to DHECC early in DHECC's existence, when DHECC's claim acceptance and payment standards were not as strict as they became as the program matured. DHECC was satisfied with the proof submitted in support of Maxim's claim when DHECC paid the claim in March 2013 (four years ago).

In sum, despite DHECC's proposed supplement, many genuine disputes still exist as to the material facts upon which DHECC attempts to rely to prove its clawback motion. Additionally, DHECC has not met its burden under the legal tenets discussed in MFL's original opposition (rec. doc. 21709). DHECC's clawback motion cannot succeed.

## CONCLUSION

As the foregoing demonstrates, DHECC's proposed supplement does nothing but introduce more genuine disputes as to the material facts relied upon by DHECC. Moreover, even considering the additional contested facts and papers that DHECC does offer, DHECC still does not provide uncontroverted and persuading evidence to support the necessary elements needed to prove its clawback motion. As a result, DHECC's clawback motion should be denied.

Respectfully submitted,

*/s/ Charles V. Giordano*
**Charles V. Giordano, T.A.**
Louisiana Bar No.: 22392
Giordano@hebblergiordano.com
Hebbler & Giordano, L.L.C.
3501 N. Causeway Blvd., Ste. 400
Metairie, LA 70002
PH: (504)833-8007
FX: (504)833-2866

*Counsel for Mollere, Flanagan, & Landry, L.L.C.*

## Certificate of Service

I hereby certify that on March 1, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Charles V. Giordano*

5