UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE OIL SPILL BY THE OIL RIG | * | CIVIL ACTION: 10-MD-2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO ON APRIL 20, 2010 | * | SECTION "J" |
| | * | |
| THIS DOCUMENT RELATES ONLY TO: | * | HONORABLE CARL J. BARBIER |
| Civil Action Nos. 10-2771; 10-8888 | * | |
| Doc. No. 133248; 10-9999 Doc. No. 401; | * | MAGISTRATE JUDGE |
| 13-1971; and 14-1525 | * | JOSEPH C. WILKINSON, JR. |

*******************************************************************

### SUR-REPLY MEMORANDUM IN OPPOSITION TO JOINT VENTURE ATTORNEYS' MOTION FOR FEES

MAY IT PLEASE THE COURT:

This sur-reply is submitted on behalf of the following Wisner Heirs, Mark E. Peneguy, Edward W. Peneguy, Jr., Richard A. Peneguy, Jr., and Wendell H. Cook, Jr., to address briefly the standing issue again raised by the Joint Venture Attorneys ("JV") in their reply and certain other points. (R. Doc. 22392).

**I.   Standing defined.**

"Standing" is having a direct interest in determination of a controversy which is definite and concrete and touches the legal relations of parties having adverse legal interests. *Finch v. Mississippi State Med. Ass'n, Inc.*, 585 F.2d 765, 771 (5th Cir. 1978), *modified,* 594 F.2d 163 (5th Cir. 1979). Standing is, and can only be, demonstrated by a plaintiff who has a personal interest in the outcome of the controversy. *Id.* " 'The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.' "*U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 362 (5th Cir. 2014).

1

(quoting *Wieburg v. GTE Sw. Inc.,* 272 F.3d 302, 306 (5th Cir. 2001) (quoting *Farrell Constr. Co. v. Jefferson Parish,* 896 F.2d 136, 140 (5th Cir. 1990). Federal Rule of Civil Procedure 17(a) requires that all actions be prosecuted in the name of the "real party in interest." *Spicer* at 362.

## II. The Wisner Heirs have standing.

On page two of their reply, the JV remarkably asserts that the Wisner Heirs are not parties or parties in interest in this matter and "have no legal basis to be present in this Court." To the contrary, not only are the Wisner Heirs named plaintiffs in this action, they were added as plaintiffs represented by the JV. The following references demonstrate the Wisner Heirs standing as parties and clients of the JV.

- October 17, 2012 but effective on or about July 1, 2012, the Edward Wisner Donation ("WD") and the JV execute the "Retainer Agreement/Contingent Fee Agreement" ("WD/JV Contract"). R. Doc. 21922-9 and 21958-2. The client is defined as the WD, <u>inclusive of its beneficiaries.</u> R. Doc. 21922-9 and 21958-2, ¶ 2 at p. 2. Thus, the Wisner Heirs, beneficiaries of the WD, were clients of the JV.[1]

- On August 2, 2014, the JV filed an Ex Parte Motion for Leave to Amend Pleadings to Add Additional Plaintiffs seeking permission to add the WD's beneficiaries as plaintiffs, including specifically, the Wisner Heirs. R. Doc. 13240.

- On August 28, 2014, leave was granted. The JV filed the Amended Complaint on March 10, 2015 (No. 14-1525, R. Docs. 57 and 59).[2]

---

[1] The JV has already conceded this point in pleadings before this Court. See note 2 of the JV's Response to Beneficiary Memorandum regarding the Motion for Fees filed by Waltzer, Wiygul & Garside, LLC ("WW&G") wherein the JV stated, "[T]he Joint Venture Team was hired to represent the collective interests of the Donation and the collective interests of the Donation and its beneficiaries vis-à-vis BP… ." R. Doc. 21970 at no. 2. See also, Herman Declaration at ¶ 11(i) (R. Doc. 21969-1, pp. 44-5) and JV Opposition to the WW&G's Motion for Fees (R. Doc. 21969) at n. 12.

[2] This Amended Complaint added the Wisner Heirs and all of the beneficiaries of the Edward Wisner Donation ("WD") as additional plaintiffs to the WD's Answer in Limitation filed in 10-cv-02771 (R. Doc. 326), Short Form Joinders filed in MDL 2179 through 10-9999 (R. Doc. 401) and 10-8888 (R. Doc. 133248), Complaint for Breach of Contract, Specific Performance and Injunction in 2:14-cv-01525 (R. Doc. 1), and its Complaint in 2:13-cv-01971 (R. Doc. 1).

- In May 2016, the WD's and its beneficiaries' BP-related claims were settled. See, the *Release* at ¶¶ 1(d), (e), (l), (m), and (p), 2, 3, and 11. R. 22267-2. In ¶¶ 1(d) and (e), all WD beneficiaries are included in the defined "Claimants".

- On May 26, 2016, the JV filed the Motion to Dismiss with Prejudice on behalf of and as counsel for the WD and all of the WD's beneficiaries, including, by name, the Wisner Heirs. R. Doc. 18510.

- On February 10, 2017, in the Joint Motion to Release Funds from the Registry of the Court filed by the WD, the JV, the Wisner Heirs, and WW&G, the JV again declared to the Court standing of the Wisner Heirs as plaintiffs. R. Doc. 22224.

The Wisner Heirs have participated in this fee dispute at every stage as is their right under the La. Rules of Professional Conduct, Rule 1.5(c). Therefore, the plaintiffs, Mark E. Peneguy *et al*, have standing.

> **A.    The Wisner Heirs also have standing as both income and principal beneficiaries of the WD.**

On page two of their reply, the JV erroneously refers to the Wisner Heirs as "income beneficiaries" and implies that they have no interest by stating that the WD ended by its terms with no successor entity having taken its place.

The Wisner Heirs' rights were established pursuant to an Agreement of Compromise and Settlement dated September 17, 1929 that was incorporated in and became a Final Judgment of the Civil District Court for the Parish of Orleans, Louisiana, in Case No. 178,463.  The 1929 document and Final Judgment that established the Wisner Heirs' rights expressly state that "…said donated property shall be held in indivision… ." See, R. Doc. 22006-1 and 2.  See also, Exhibit B to Norman Declaration, R. Doc. 21922-4 at pages 35-40. Each of the Wisner Heirs named above and some fifty others, all made plaintiffs in these actions, are either heirs or assignees of heirs of Edward Wisner, who created the WD, or heirs or assignees of heirs of the

3

spouse and issue of Edward Wisner. They are beneficiaries, both income and principal, of the WD, and collectively own a forty percent beneficial interest.

Although the Wisner Trust continues in its wind down phase, upon termination of the trust, the trust assets automatically vest in the beneficiaries by operation of law. *Roberts v. Anderson*, 733 F. Supp. 1040, 1051 (E.D. La. 1990); *McAllister v. FSLIC*, 709 F. Supp. 697, 700 (M.D. La. 1989); La. R.S. 9:2029. Accordingly, all beneficiaries have a significant interest in the outcome of this proceeding and will bear a significant financial burden of the fees and expenses that the Court finds due.

### III. Calculation of the JV's fee must reflect Rule 1.5(c) requirements.

LRPC Rule 1.5(c), adopted by this Court by Local Rule 83.2.3, states in relevant part:

> (c) A contingent fee agreement shall be in a writing signed by the client. … The contingency fee agreement shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; the litigation and other expenses that are to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. ...

When there is no provision specifying when the expense deductions are to be made, the fee agreement must be construed against the attorney and the expenses are to be deducted before the fee is calculated. *Palmer v. Goudchaux/Maison Blanche, Inc.*, 613 So.2d 704, 708 (La. App. 5th Cir. 1993), *writ denied,* 616 So.2d 698, 699 (La. 1993). At page 4 of its memo, the JV relies on the word, "gross", to argue that no expenses are deductible before its fee is calculated. The word, "gross", does not stand alone in the WD/JV contract at paragraph 4. It is accompanied by paragraph 8 which expressly contains an example stating, "the fee would be calculated as follows:" This example deducts the WD's costs and expenses "related to the spill and its property" before the contingency fee percentage is applied.

4

The JV's disagreement can only mean that the contract is either not in compliance with Rue 1.5(c), or it is ambiguous. In either event, it must be construed against the JV. *Palmer*, 613 So.2d at 708; La. C.C. art 2056 (and cases cited at note 2 of R. Doc 22378).

### IV. The JV now denies an expense figure that it previously accepted from its own client.

The JV provided a written evaluation and analysis to the WD, the WD Advisory Committee, and the beneficiaries in connection with the proposed settlement with BP. See, Declaration of Joel Waltzer, at ¶ 67 at p. 23 (R. Doc. 21922-10) and Exhibit 10 thereto (Rec. Doc. 21922-11, pp. 9-10). This analysis relied in part upon reference to unreimbursed expenses that the WD itself had incurred ($375,099.91). But now, the JV objects to its own client's number on the basis of of FED. R. EVID. 408.

Rule 408 is not applicable because the expense amount provided by the WD was not a statement made by an adverse party in settlement discussions. This was a statement by a client to its counsel. The JV does not deny the correctness of the figure. It seems only to be resting upon a perceived technicality to increase its fee.[3]

---

[3] At the same time, the JV seeks a benefit from the fact that neither the Trustee nor the WD Advisory Committee has filed an opposition. These parties have only appeared through the JV as their counsel who continues to represent them. The conflict is self-evident.

Respectfully submitted,

GORDON ARATA MONTGOMERY BARNETT

By:    */s/ Daniel Lund*
_____
DANIEL LUND (Bar No. 12782)
E-mail: dlund@gamb.law
JOHN Y. PEARCE (Bar No. 10374)
E-mail: jpearce@gamb.law
STEPHEN L. WILLIAMSON (Bar No. 8316)
E-Mail: swilliamson@gamb.law
C. BYRON BERRY, JR. (Bar No. 21476)
E-Mail: bberry@gamb.law
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
Attorneys for
Mark E. Peneguy, Edward W. Peneguy, Jr.,
Richard A. Peneguy, Jr., and Wendell H. Cook, Jr.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has electronically filed the foregoing Sur-Reply Memorandum with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to counsel of record by notice of electronic filing and also has electronically served interested counsel via email on this 21st day of March, 2017.

*/s/ Daniel Lund*
_____