FINAUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**  *  *  *  *  *  **This Document Relates To:** *The Remaining B1 Cases Listed in the Attached Exhibit A*  *  *  *  *  *  *  *  *  *  * | **MDL NO. 2179**  **SECTION J**  **JUDGE BARBIER**  **MAGISTRATE JUDGE WILKINSON** |

**MEMORANDUM IN SUPPORT OF BP DEFENDANTS' DISPOSITIVE MOTION AS TO PRESENTMENT FILED IN ACCORDANCE WITH PTO NO. 64, SECTION I.B1 ("B1 BUNDLE")**

BP Exploration & Production Inc. ("BP") and BP America Production Company (collectively, the "BP Defendants") respectfully move to dismiss all Remaining B1 Plaintiffs[1] who failed to make any presentment of their claims, as required under the Oil Pollution Act of 1990 ("OPA"), including the complaints of the specified Remaining B1 Plaintiffs identified in Exhibit A, attached.[2]

---

[1]   Capitalized terms not otherwise defined herein have the meanings set forth in Pretrial Order No. 64 (Rec. Doc. 22297) ("PTO 64").

[2]   Exhibit A lists the Remaining B1 Plaintiffs that, according to the BP Defendants' records, failed to make any presentment to BP or the Gulf Coast Claims Facility as required under the Oil Pollution Act of 1990 ("OPA"). The BP Defendants reserve their rights to challenge the sufficiency of presentment for the Remaining B1 Plaintiffs who made submissions to BP through its Initial Claims Facility, the BP Claims Program ("BPCP") or Gulf Coast Claims Facility ("GCCF") but whose submissions failed to satisfy OPA's presentment requirements either by adequately providing detail sufficient to identify the type or scope of harm alleged.

## INTRODUCTION

In enacting OPA, Congress created a process to require claimants and Responsible Parties to efficiently resolve claims—or at least attempt to do so—before burdening the courts with a flood of lawsuits. This OPA presentment process requires each claimant to present all claims arising under OPA to the Responsible Party, and then wait to file any lawsuit until either the Responsible Party denies the claims or 90 days elapses after the date of presentment without a resolution of the claims. 33 U.S.C.A. §§ 2701(3); 2713(a)-(c). Courts, including this one, have consistently recognized that the OPA presentment requirements are mandatory conditions precedent to filing a lawsuit, and plaintiffs who fail to present are subject to dismissal. *See, e.g., In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d. 943, 964 (E.D. La. 2011). In this case, BP, the Responsible Party under OPA, established *three* paths for claimants to easily present their claims, and indeed paid at least $6.6 billion to 250,000 claimants under these programs. Plaintiffs were well aware of the need to present their claims, as evidenced both by their filings with the Court and this Court's orders. Nonetheless, 39 Remaining B1 Plaintiffs failed to meet the presentment requirements despite repeated opportunities over many years to do so. Pursuant to this Court's February 22, 2017 order, the BP Defendants conducted a diligent review of presentment data and identified 39 Remaining B1 Plaintiffs, listed in Exhibit A, who failed to present their claims. The BP Defendants respectfully request that this Court dismiss the 39 Remaining B1 Plaintiffs' complaints for failure to satisfy the mandatory condition precedent of presentment.

## BACKGROUND

In early May 2010, BP accepted the designation as an OPA "responsible party" by the U.S. Coast Guard. Consistent with OPA's presentment requirement, BP quickly established a claims process ("Initial Claims Facility") through which potential plaintiffs could present their

2

claims to BP.  Between May 3, 2010, and August 22, 2010, BP made more than 127,000 payments totaling approximately $395 million to more than 30,000 claimants who submitted claims through the Initial Claim Facility.[3]

In June 2010, after meeting with President Obama, BP agreed to transition its claims process to a Gulf Coast Claims Facility ("GCCF") administered by Kenneth Feinberg and to establish a $20 billion trust fund.  Beginning August 23, 2010, BP paid more than $6.2 billion to over 220,000 individual and business claimants through the GCCF.[4]  And BP's counsel provided notice in a hearing in July 2010 and again in writing in October 2010 that it would accept claims presented to the GCCF as if they were presented directly to BP for OPA purposes.  *See* October 22, 2010 Order entering Don K. Haycraft letter into the record (Rec. Doc. 594) (attaching October 22, 2010 letter from Don K. Haycraft and transcript from July 27, 2010 hearing).  After the Economic and Property Damages Settlement Agreement was signed on April 18, 2012, BP created the BP Claims Program ("BPCP") to accept OPA claims from any remaining claimants who were not covered by or who had opted out of the settlement.  In total, BP paid more than $6.6 billion to hundreds of thousands of claimants who properly presented their claims to BP.

## ARGUMENT

### I.  Failure to Comply with OPA's Presentment Requirements Mandates Dismissal.

Before filing their lawsuit, each Remaining B1 Plaintiff was required to satisfy OPA's two-step claim presentment process.  First, OPA requires that "***all claims*** for removal costs or

---

[3] Gulf of Mexico Oil Spill Claims and Other Payments Public Report - 7/31/2015 available at http://www.bp.com/content/dam/bp-country/en_us/PDF/GOM/Public-Report-July-2015.pdf; BDO Consulting, Independent Evaluation of the Gulf Coast Claims Facility: Report of Findings & Observations to the U.S. Department of Justice at 12 (June 5, 2012), available at https://www.justice.gov/iso/opa/resources/66520126611210351178.pdf.

[4] BDO Consulting, Independent Evaluation of the Gulf Coast Claims Facility: Report of Findings & Observations to the U.S. Department of Justice at 59 (June 5, 2012), available at https://www.justice.gov/iso/opa/resources/66520126611210351178.pdf.

3

damages ***shall be presented first*** to the responsible party …" 33 U.S.C.A. § 2713(a) (emphasis added); *see also id.*, § 2701(3) (defining "claim" as "a request, made in writing for a sum certain, for compensation for damages or removal costs resulting from an incident"). Second, OPA requires a claimant to wait to file its lawsuit until either (a) the responsible party denies the presented claim, or (b) 90-day period expires without resolution of the presented claim. *Id*. § 2713(c). These requirements are not mere administrative hurdles; they serve a key function. Congress included this presentment requirement in OPA to "enable the parties to negotiate, if possible, a settlement of potential claims resulting from an oil spill without having to resort to litigation." *Nguyen v. Am. Commercial Lines, L.L.C.*, 805 F.3d 134, 141 (5th Cir. 2015) (citations omitted); *see also* 135 Cong. Rec. H7965 (daily ed. Nov. 2, 1989) ("The system of liability and compensation provided for in [OPA] … is intended to allow for quick and complete payment of reasonable claims without resort to cumbersome litigation."). Plaintiffs who elect to violate OPA by ignoring the presentment requirements increase the burden on the judicial system.

As this Court held in 2011, compliance by every plaintiff with OPA's presentment requirements is a mandatory condition precedent to filing suit in court.[5] *In re Deepwater Horizon*, 808 F. Supp. 2d. at 964 ("The text of the statute is clear. Congress intended presentment to be a mandatory condition precedent to filing suit."); *Boca Ciega Hotel, Inc. v.*

---

[5] This Court has ruled that any B1 claims pled under general maritime law must likewise satisfy the OPA presentment requirements. *In re Deepwater Horizon*, 808 F. Supp. 2d at 962. In addition, it is BP's long-held position in MDL 2179 that any B1 claims pled under maritime law are displaced by OPA. *See also U.S. v. Am. Commercial Lines, L.L.C.*, 759 F.3d 420, 424 (5th Cir. 2014) (holding "OPA provides the exclusive source of law for an action involving a responsible party's liability for removal costs governed by OPA").

To the extent the 39 Remaining B1 Plaintiffs have attempted to assert claims arising under state law, such claims are pre-empted by maritime law and were dismissed on August 26, 2011. *In re Deepwater Horizon*, 808 F. Supp. 2d at 968.

*Bouchard Transp. Co., Inc.*, 51 F.3d 235, 240 (11th Cir. 1995) (affirming dismissal of plaintiffs' OPA claim for failing to meet the "mandatory condition precedent" of presentment).

When a plaintiff fails to comply with this mandatory condition precedent, the plaintiff's claim must be dismissed. *Nguyen*, 805 F.3d at 145 (holding that "based on the plain language of [OPA], the claimants in this case who failed to present their claims at least 90 days prior to commencing an action in court are barred from pursing litigation against [the responsible party]"); *Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 310 (E.D. Va. 1993) ("If plaintiffs fail to comply with the prerequisites for bringing such a claim, the OPA claim must be dismissed."). B1 claims by Plaintiffs who failed to make presentment are now time-barred. July 14, 2016 Order re: Compliance with PTO 60 (Regarding All Remaining Claims in Pleading Bundle B1) (Rec. Doc. 20996) at 5 ("As to all Plaintiffs in the B1 bundle, only those Plaintiffs who have not previously released their claims, have made timely presentment as required by OPA, have previously filed an individual lawsuit, and have otherwise complied with the requirements of PTO 60 have preserved their individual claims. All other B1 bundle clams are time-barred.").

As the presentment requirements are a clear directive from Congress, there is no discretion to ignore them. *See Boca Ciega Hotel, Inc.*, 51 F.3d at 239 (affirming dismissal of OPA claims for lack of presentment and rejecting plaintiffs' arguments based on the compensatory purposes of OPA by noting that "[i]f Appellants perceive a policy shortcoming caused by OPA's claim presentation requirement, that shortcoming 'arises as a result of the balance struck by Congress' and is properly remedied by congressional action") (citing *Hallstrom v. Tillamook Cty.*, 493 U.S. 20, 30 (1989)).

**II.     The Complaints of Plaintiffs Who Failed To Meet The Presentment Requirements Should Be Dismissed.**

Based on the ongoing effort to evaluate the remaining claims in this MDL, BP has identified 39 Remaining B1 Plaintiffs who failed to present their claims to BP before filing their lawsuits. *See* Exhibit A.  The Remaining B1 Plaintiffs have had ample opportunity to present their claims to BP.  They could have joined hundreds of thousands of other claimants who submitted claims to BP through the Initial Claims Facility, GCCF, or BPCP over multiple years.  But instead, these 39 Remaining B1 Plaintiffs did not present their claims to BP at all.

Nor can the Remaining B1 Plaintiffs reasonably argue that they were unaware of the presentment requirement.  Multiple proceedings in this case have discussed the mandatory presentment requirement.  For example, a group of plaintiffs noted in a January 4, 2013 Motion for Declaratory Judgment, that "presentment must be made by the 20th of January [2013] in order to timely file suit in April."  Memorandum in Support of Declaratory Judgment, January 4, 2013 (Rec. Doc. 8174-1), pg. 2; *see also* Plaintiffs' Motion and Incorporated Memorandum for Expedited Ruling on Plaintiffs' Emergency Motion for Clarification of Order, January 9, 2013 (Rec. Doc. 8199), ¶ 2 ("Presentment of OPA claims is a pre-requisite to occur at least 90 days before the filing of suit."); ¶ 6 ("Time is of the essence as the apparent January 20, 2013, presentment deadline rapidly approaches").

Likewise, the Court has addressed presentment at multiple times, including on August 26, 2011, when this Court acknowledged that "[t]here are likely large numbers of B1 claimants who have completely bypassed the OPA claim presentation requirement," and that presentment was a "mandatory condition precedent to filing suit."  *In re Deepwater Horizon*, 808 F. Supp. 2d. at 964.  Thus, "[c]laimants who have not complied with the presentment requirement are subject to dismissal without prejudice…" *Id*.  However, in light of the logistical complexities inherent in

6

"sort[ing] through in excess of 100,000 individual B1 claims to determine which ones should be dismissed," the Court decided not to "determine which claims have or have not been properly presented" "at the present time." *Id.* After the Court's discussion in 2011, plaintiffs who had failed to present had many more months to present their claims, wait ninety days, and then file their lawsuits in compliance with OPA. That time has now passed. Those Remaining B1 Plaintiffs who have not presented their claims to BP have failed to satisfy the condition precedent to maintaining their lawsuits, and their claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the BP Defendants respectfully requests that the claims of the 39 Remaining B1 Plaintiffs who failed to present their claims to BP, listed in Exhibit A, be dismissed with prejudice.

Dated: March 22, 2017

Respectfully submitted,

/s/ Don K. Haycraft_____

**LISKOW & LEWIS**

Don Haycraft (Bar #14361)
R. Keith Jarrett (Bar # 16984)
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

**KIRKLAND & ELLIS LLP**

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

Jeffrey Bossert Clark
(jclark@kirkland.com)
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000

Christopher W. Keegan
(chris.keegan@kirkland.com)
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of March, 2017.

                                                */s/ Don K. Haycraft*
                                                Don Haycraft

**EXHIBIT A**

**Remaining B1 Plaintiffs in Violation of 33 U.S.C.A. § 2713(a), (c)**

| CASE NO. | PLAINTIFFS |
|---|---|
| 10-cv-2771 | Louisiana Workers' Compensation Corporation |
| 13-cv-05369 | Kent McConaghy; |
| 13-cv-05371 | Kara McConaghy |
| 16-cv-05862 | |
| 16-cv-06349 | Dailey's Iron & Machine Works, Inc. |
| 16-cv-06334 | Midnite Energy, Inc. |
| 16-cv-07295 | Monster Heavy Haulers, LLC |
| 16-cv-07262 | Fred Gossen Company, LLC |
| 16-cv-06337 | The Carmel Group, Inc. |
| 16-cv-06383 | Finance Motors of Crowley, LLC |
| 16-cv-07269 | Hernandez Properties, LLC |
| 16-cv-05804 | S&K Machineworks & Fabrication, Inc. |
| 16-cv-05764 | Herbert S. Hiller Corporation |
| 16-cv-05441 | Contract Fabricators, Inc. |
| 16-cv-05413 | Ardent, Inc. |
| 16-cv-06009 | James Crocker |
| 16-cv-05797 | Polyengineering, Inc. |
| 16-cv-06233 | Hilton Creel |
| 16-cv-05800 | Rehabilitation, Inc. |
| 16-cv-05767 | Hiller Offshore Services, Inc. |
| 16-cv-06339 | Carmel Enterprises, LLC |
| 16-cv-05425 | Barber Motorsports Park, LLC |
| 16-cv-05411 | American Cast Iron Pipe Company |
| 16-cv-05448 | Damrich Coatings, Inc. |
| 16-cv-05864 | Tow Line Barges, Inc. |
| 13-cv-01146 | Ballay, Braud & Colon, PLC |
| 16-cv-04184 | |
| 16-cv-04104 | Sanderson Realty, Inc. |
| 16-cv-05874 | Master Boat Builders, Inc. |
| 16-cv-06384 | Deep South Machine, Inc. |
| 14-cv-00331 | Spectrum Organization, Inc. d/b/a The Victorian Rental Pool |
| 16-cv-06364 | Fred Gossen Carmel Foods, LLC |
| 15-cv-01943 | Williams Fabrication Inc. |
| 16-cv-05598 | Engineered Process Equipment, Inc. |
| 16-cv-07273 | Highway 14 Cattle Company |
| 16-cv-06017 | Barfield Produce, LLC |
| 13-cv-02791 | Omar Garcia |
| 16-cv-06309 | |
| 16-cv-03927 | Ladner, Bunni J. |
| 11-cv-00911 | Jesco Construction Corporation of Delaware |

| CASE NO. | PLAINTIFFS |
|---|---|
| 14-cv-00674 | Mechanical Contractors - UA Local 119 Pension Trust Fund |
| 13-cv-02002 | Ascend Performance Materials Operations LLC d/b/a Ascend Performance Materials |