# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMIE SIMON** | * | **CIVIL ACTION NO.** |
| | * | **11-1432 C/W 10-MD-2179** |
| **VERSUS** | * | |
| **GRAND ISLE SHIPYARD INC., BP AMERICA INC., BP P.L.C., BP EXPLORATION & PRODUCTION** | * | |

\* \* \* \* \* \* \* \*

## AMENDED COMPLAINT FOR DAMAGES

NOW INTO COURT, through the undersigned counsel, comes plaintiff JAMIE SIMON, who amends and supplements her Complaint for Damages as follows:

1.

Plaintiff JAMIE SIMON is a person of the full age of majority and resident domiciliary of the Parish of Lafourche, State of Louisiana.

2.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained in her original complaint as if specifically re-pled herein in their entirety and hereby supplements her original complaint with the following allegations of fact and law:

3.

Made additional defendant herein is:

A.   BP AMERICA PRODUCTION COMPANY, a Delaware corporation with its principal place of business in Houston Texas.

Originally named Defendants, BP Exploration and Production Inc., BP America Inc., and BP p.l.c., along with BP America Production Company Inc. are herein collectively referred to as "BP".

4.

Ms. Simon remains under a physician's care, continues to suffer cognitive disorder, anxiety disorder, loss of memory function, vision problems, and depression. In addition, she has been traumatized by the repeated exposures to various chemicals, noxious fumes and particulars, causing her deep fear and concern related to her condition. These injuries remain debilitating for her.

5.

The BP defendants were negligent in causing the fire and explosion and the uncontrolled release of massive oil, chemical and gasses, resulting in injuries and damages to the plaintiffs.

6.

In addition to the causes of action based on the actions and/or inactions of Defendants as alleged against Defendants and their employees, agents and/or servants in Paragraph 14 of the original complaint, Plaintiff herein asserts additional causes of action against the BP Defendants under the Jones Act, the general martime law, including the doctrine of unseaworthiness, and, in the alternative, the Sieracki doctrine and 33 U.S.C. Section 901 et seq. including Section 905(b) and Section 933. Plaintiff asserts these additional causes of action against BP Defendants and their employees, agents and/or servants for which they are responsible as a supplement to those causes of action and

non-exclusive particulars set forth in the original complaint and does so in one or more of the following non-exclusive particulars:

    (a)    Failure to prevent the Deepwater Horizon explosion and subsequent oil spill;

    (b)    Failure to timely stop the oil and other toxins from leaking from the well being serviced by the Deepwater Horizon and into the Gulf of Mexico at substantial amounts;

    (c)    Failure to properly and timely clean-up the oil and other toxins from the Gulf of Mexico;

    (d)    Failure to utilize proper and safe products in the attempt to clean up the oil and other toxins from the Gulf of Mexico; and

    (e)    Other negligent acts and/or omissions to be shown at the trial of this matter.

7.

All of the above stated actions and inactions of Defendants set forth in this Complaint are violations of the General Maritime Law, the Jones Act, the Oil Pollution Act, the Clean Water Act, applicable state law, and, in the alternative 33 U.S.C. 901, et seq., specifically Sections 905(b) and 933, respectively.

8.

Plaintiff seeks punitive damages under maritime law and/or alternatively under state law, on the grounds that the wrongful conduct of the defendants has been wanton, reckless and in gross disregard for the safety and health of the plaintiff. Plaintiff therefore seeks punitive damages against defendants to punish them for their gross disregard for the safety and health of the plaintiff.

9.

In addition to the negligent actions described in Plaintiff's original complaint and herein, and in the alternative thereto, the injuries and damages suffered by plaintiff was caused by the acts and/or omissions of the defendants that are beyond proof by the plaintiff, but which were within the knowledge and control of the defendants, there being no other possible conclusion than that the fire, explosion, sinking and the resulting oil spill would not have occurred had the defendants exercised the high degree of care imposed on them and plaintiff therefore pleads the doctrine of res ipsa loquitur.

10.

Defendants' misconduct caused Plaintiff to be exposed to disastrous levels of crude oil vapors, natural gas, dispersants, and other gasses and chemicals ("harmful substances").  Not only is this the largest oil spill in the country's history but it is also believed to be the largest use of dispersants ever.

11.

The exposure to these harmful substances was compounded exponentially by the burning technique employed by defendants as a remediation method.  Upon information and belief, exposure to these substances creates an unreasonable risk of harm because it creates an exposure to the following non-exclusive list of one or more components and/or by-products: (1) aromatic hydrocarbons; (2) straight chained hydrocarbons; (3) benzene rings; (4) polycyclic aromatic hydrocarbons; (5) crude oil constituents; (6) heavy metals; (7) naphthalene; (8) benzopyrene diolepoxide; (9) 2-butoxyethanol; and (10) numerous other dangerous substances.

12.

Defendants knew or should have known that exposure to these substances in these amounts created an unreasonable risk of harm to Plaintiffs.

13.

At all material times, Plaintiff was unaware and had no reasonable way to know or realize that her significant exposure to these substances created an unreasonable risk of harm.  As a proximate result of her exposure, Plaintiff suffered significant injuries as set forth herein as well as a significantly increased risk of contracting a serious latent disease and/or medical condition, including but not limited to the following:  esophageal cancer, stomach cancer, lung cancer, intestinal cancer, kidney cancer, bladder cancer, leukemia, lymphoma, skin cancer, brain cancer, synovial sarcoma, breast cancer, laryngeal cancer.

14.

Plaintiff's risk of contracting a serious latent disease is greater than (a) the risk of contracting the same disease she had not been exposed and (b) the chances of members of the public at large developing the disease.

15.

A monitoring procedure exists that makes the early detection of the disease possible.  Many of the environmental diseases from toxic exposure are chronic in nature and may take years to develop.  Clinical warning signs can be utilized to prevent the development of the disease.  Some diseases can be reversed if detected early enough.  When the environmental disease cannot be prevented, early detection can affect the disease process such that proper treatment may be received early for the best results.  The

object of medical surveillance is to detect the development of a disorder while the disorder is still subclinical (without symptoms).

16.

The monitoring procedure can be prescribed by a qualified physician and is reasonably necessary according to contemporary scientific principles.  The development of abnormal laboratory tests during medical surveillance may provide a warning signal of developing disease or malignancy.

17.

The monitoring regime would be different from that normally recommended in the absence of exposure.  Procedures may include, but not be limited, to the evaluation of hematological, clinical chemistry, urinalysis, occult blood, and immunological parameters.

18.

There is demonstrated clinical value in the early detection and diagnosis of the disease.  Combined with physician evaluation and additional medical monitoring procedures, early diagnosis provides successful treatment, prevention of loss of life, and reduction in pain and suffering and health care costs.

19.

Plaintiff is entitled to a judgment findings Defendants liable to Plaintiff as a result of Defendant's negligence and establishing a medical monitoring program.  Claimant re-avers and re-alleges each and every allegation of fact and law contained in her original complaint as if specifically re-pled herein in their entirety.  Claimant re-avers and re-

alleges each and every allegation of fact and law contained in her original complaint as if specifically re-pled herein in their entirety.

20.

Plaintiff hereby requests a trial by jury on all issues raised herein.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally and in solido, for all compensatory, punitive, equitable, general and specific damages stated herein as well as any other such further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

Respectfully submitted,

JACOBS MANUEL KAIN & AAMODT
(A Group of Law Corporations)

/s/ Jodi J. Aamodt

STANLEY J. JACOBS         #7211
JODI J. AAMODT            #21639
500 St. Louis Street, Ste. 200
New Orleans, LA  70130
Telephone (504) 523-1444
Telefax (504) 524-1655
Jmk_jodi@bellsouth.net

COSSICH SUMICH PARSIOLA & TAYLOR
PHILIP F. COSSICH, JR. #1788 (T.A.)
pcossich@cossichlaw.com
BRANDON TAYLOR #27662
btaylor@cossichlaw.com
DARREN D. SUMICH  #23321
dsumich@cossichlaw.com