# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31000
USDC No. 2:12-CV-970
USDC No. 2:10-MD-2179

A True Copy
Certified order issued Mar 29, 2017

In re: H. FREDDIE BOOTHE, JR.,

*Jyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

Petitioner

_____

Petition for a Writ of Mandamus to the
United States District Court for the
Eastern District of Louisiana, New Orleans

_____

Before JONES and GRAVES, Circuit Judges.*

PER CURIAM:

    H. Freddie Boothe, Jr., an architect and Claimant ID 100011039 for a Business Economic Loss claim under the Deepwater Horizon Economic and Property Damages Settlement Agreement, has filed in this court a pro se petition for a writ of mandamus. He seeks a ruling on a motion filed on March 2, 2016, in the multidistrict litigation.

    Under normal practice, a claimant seeking relief under the Settlement Agreement files a claim with the Court Supervised Settlement Program, which is overseen by the Claims Administer, with appeal to an Appeal Panel. Appeal to the district court is then discretionary. *In re Deepwater Horizon*, 785 F.3d 986, 989 (5th Cir. 2015). Boothe admits that he has not yet exhausted this administrative procedure. His March 2, 2016 motion sought a ruling to

---

* This matter is being decided by a quorum. 28 U.S.C. § 46(d).

Case: 16-31000      Document: 00513931467      Page: 2      Date Filed: 03/29/2017
Case 2:10-md-02179-CJB-DPC   Document 22632   Filed 04/06/17   Page 2 of 4

No. 16-31000

ascertain the validity of Exhibit 4E of the Settlement Agreement in light of Policy 495, entitled "Business and Economic Loss Claims: Matching of Revenue and Expenses." Boothe argued that Policy 495, enacted in May 2014 and thus later than the Settlement Agreement itself, alters the provisions of Exhibit 4E, which was part of the court-approved settlement scheme, and thus violates his constitutional rights. In the motion, Boothe admitted that he did not seek an assessment of his individual claims, but rather simply sought review of an accountant's request for information concerning his loss pursuant to Policy 495. In his mandamus petition, Boothe complains of delay in the district court's adjudication of his motion, which has been pending for over a year at this point. He also seeks reversal of an earlier ruling, issued on May 23, 2013, which denied without prejudice a similar motion challenging information sought by the Claims Administrator. *See In re Deepwater Horizon Court Supervised Settlement Program*, No. 13-30714 (5th Cir. Oct. 15, 2013) (dismissing appeal for lack of jurisdiction). Finally, he asks that we reinstate Exhibit 4E as the exclusive means of determining his claim.

The mandamus remedy is an extraordinary one, which we grant only in the clearest, most compelling cases. A party seeking mandamus relief must show both that he has no other adequate means for achieving the requested relief and that he has a clear and indisputable right to mandamus relief. *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). Even if these conditions are met, in order to exercise our discretion to grant mandamus relief we "must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381 (2004); *accord In re Amerijet Intern., Inc.*, 785 F.3d 967, 973 n.2 (5th Cir. 2015).

Mandamus is a possible remedy where a district court has unduly delayed in its adjudication of a case. *See Will v. Calvert Fire Ins. Co.*, 437 U.S.

Case: 16-31000 Document: 00513931467 Page: 3 Date Filed: 03/29/2017
Case 2:10-md-02179-CJB-DPC Document 22632 Filed 04/06/17 Page 3 of 4

No. 16-31000

655, 661-62 (1978) (holding that, where a district court persistently and unreasonably fails to adjudicate a case, the court of appeals may issue a writ of mandamus in order to exercise its appellate jurisdiction). Mandamus is not, however, a substitute for appeal. *In re Willy*, 831 F.2d at 539. The Deepwater Horizon multidistrict litigation, however, is a huge undertaking. In a recent order, the district court noted that, as of August 31, 2016, 80,000 economic claims had not yet been fully processed and that the litigation was massive both in its size and its complexity. *See In re Oil Spill by the Oil Rig Deepwater Horizon*, No. 2:10-MD-2179, 2016 WL 6215974, at 16-17 (E.D. La. Oct. 25, 2016). Given the size and complexity of the case, we cannot find that there has been undue delay in the handling of Boothe's March 2016 motion. Nor, in the exercise of our discretion, will we interfere with the district court's handling of this massive multidistrict litigation. As for his arguments concerning application of Policy 495, he has an appellate remedy should he choose to exercise it once he has exhausted his administrative remedies. If he is dissatisfied with the ultimate Appeal Panel decision on his claim he may apply for discretionary review by the district court. If he is dissatisfied with that decision, he may appeal to this court. Mandamus relief is not appropriate.

The petition for a writ of mandamus is DENIED.

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

March 29, 2017

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 16-31000   In re: H. Boothe, Jr.
                      USDC No. 2:10-MD-2179
                      USDC No. 2:12-CV-970

Enclosed is an order entered in this case.

                      Sincerely,

                      LYLE W. CAYCE, Clerk

                      By: _____
                      Monica R. Washington, Deputy Clerk
                      504-310-7705

Mr. William W. Blevins
Mr. H. Freddie Boothe Jr.