UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| OIL SPILL BY THE OIL RIG | ) MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE | ) |
| GULF OF MEXICO ON APRIL 20, | ) Section J |
| 2010 | ) |
| | ) JUDGE BARBIER |
| These pleadings apply to | ) MAGISTRATE WILKINSON |
| | ) |
| *Abney, et al. v. Plant Performance Services, LLC et al.*, 2:13-cv-00582-CJB-JCW | ) |
| | ) |

## MOTION FOR RELIEF FROM PTO 63

COME NOW the plaintiffs of the case originally styled <u>Abney et al. v. Plant Performance Services, LLC, et al.</u>, removed from state court to the Northern District of Florida and assigned the case number 3:13-cv-00024 in that forum, which was transferred to this Multi-District Litigation, and respectfully request the following relief from PTO 63 for the reasons that follow:

1. This action was originally filed in the First Judicial Circuit of Florida in and for Escambia County, Case No. 2012-CA-002947 ("<u>Abney</u> Action") on November 16, 2012. The cleanup worker plaintiffs, numbering 667, primarily pursue PLANT PERFORMANCE SERVICES, LLC d/b/a P2S and FLUOR ENTERPRISES, INC., which are not parties to this multi-district litigation; as a result of the removal of this action to the MDL, and the effect of PTO 1 and 25, no answer or disclosure of any kind has been required of BP that would assist the plaintiffs in evaluating the contractual obligations between BP, P2S and Fluor. This is significant because the

1

claims asserted are based on breach of contract and other injuries flowing from the failure of P2S to adequately train cleanup workers or to provide those workers with adequate protective equipment. Evidence exists that the federal response plan was not followed by these defendants; accordingly, they would not benefit from a ruling shielding companies participating in the cleanup effort.

2. While pending in the MDL, the plaintiffs have pursued to the extent appropriate actions against BP for personal injuries via an opt out action which is separately filed or via filing with the Garretson Resolution Group. What remains for resolution as to BP for these plaintiffs in this pending complaint is a third-party beneficiary theory of relief based on the breach of contract by P2S.

3. Under Florida law, the plaintiffs have good faith arguments to survive summary judgment in spite of the failure of Fluor to provide copies of the contracts it demanded the plaintiffs sign. This is because more than 200 plaintiffs specifically remember seeing a term of employment stated on the contract as well as a rate of pay for that term. The other plaintiffs do not specifically remember details written on the contracts but they do remember being presented with a document called a contract that they were required to sign. All of the plaintiffs executed new hire documents, including the contracts, during group orientation meetings. Documents presented at the orientation have been requested of P2S informally so that an evaluation of potential defenses could occur. No document matching the description of the contract has been disclosed. Moreover, no document outlining the rights and responsibilities of BP as to Fluor and P2S has been disclosed. Clearly, there is no procedural duty of disclosure with the pending orders in place; however, the undersigned attempted to

obtain information to eliminate unfounded claims if defenses could be shown to exist. No disclosure has established for undersigned that the contract theory cannot survive summary judgment under Florida law.

4. The plaintiffs, who were in group orientation meetings prior to working on the beach, were instructed to sign contracts which promised a specific term of employment for a specific rate of pay. When BP terminated the agreement with P2S as a cleanup company, the plaintiffs were terminated and were not offered other work or any severance in spite of the evidence that cleanup efforts continued. Without discovery, and because the lawyer for P2S and Fluor has not been authorized to share voluntarily sufficient documentation for review, the undersigned cannot evaluate BP's defenses to a third party beneficiary claim.

5. To comply with PTO 63 would require the undersigned's firm to incur more than $260,000 in costs because individual lawsuits must be filed to comply, as PTO 63 is understood. Most of the plaintiffs have no means to reimburse the firm; moreover, there is no way to explore whether the expense is worth incurring because of the lack of discovery. On the other hand, the burden on BP would be very light if it were required to make some disclosure so that the issues could be explored as to whether a third party beneficiary claim under Florida law would survive summary judgment. The burden is excessive on each of these plaintiffs to pay a filing fee and proceed separately when, after discovery, it may appear that the remedy may only be obtained from P2S or Fluor.

6. It would be consistent with the rules of procedure and the interests of justice to stay the ruling until BP produces relevant documents and, if necessary, testimony in

response to discovery. Alternatively, it would be in the interest of justice and no burden on this court or BP if the claims were dismissed without prejudice until the plaintiffs are permitted to explore in discovery upon remand to the Florida Northern District Court the facts necessary to understand which defendant should be held responsible for the losses incurred by the plaintiffs. In other words, the relief requested need not burden this court and any burden to BP is light in comparison to the prejudice to be suffered by the plaintiffs.

7. It is believed this motion is opposed based on a lack of support from the Plaintiffs' Steering Committee when assistance was requested.

WHEREFORE, for the reasons herein and as further explained in the following Memorandum, the plaintiffs respectfully request relief from PTO 63.

Respectfully submitted,

   *s/Heather Fisher Lindsay*
HEATHER FISHER LINDSAY
LINDSAY & LINDSAY, P.A.
Post Office Box 586
Milton, Florida  32572
(850) 623-3200
Facsimile:  (850) 623-0104
Florida Bar No.:  073441
ONE OF THE ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion is being furnished via CM/ECF on this April 12, 2017 to all counsel of record.

    *s/Heather Fisher Lindsay*
HEATHER FISHER LINDSAY
LINDSAY & LINDSAY, P.A.
Post Office Box 586
Milton, Florida  32572
(850) 623-3200
Facsimile:  (850) 623-0104
Florida Bar No.:  073441
ONE OF THE ATTORNEYS FOR PLAINTIFFS