UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  )<br>)<br>OIL SPILL BY THE OIL RIG  )<br>"DEEPWATER HORIZON" IN THE  )<br>GULF OF MEXICO ON APRIL 20,  )<br>2010  )<br>)<br>These pleadings apply to  )<br>)<br>*Abney, et al. v. Plant Performance Services, LLC*  )<br>*et al.*, 2:13-cv-00582-CJB-JCW  )<br>)<br>)<br>) | MDL No. 2179<br><br>Section J<br><br>JUDGE BARBIER<br>MAGISTRATE WILKINSON |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM PTO 63**

     The rules of civil procedure are to be applied in the interests of justice.  The plaintiffs in this case are denied access to justice if they are required to file individually a third party beneficiary action against BP based on their breach of contract claim against the cleanup companies which contracted with BP to render services during the Deepwater Horizon disaster.  The plaintiffs here were required as a condition of employment to execute documents designated as contracts by Plant Performance Services, LLC ("P2S") and Fluor Enterprises, Inc.  Those contracts promised a period of employment at a certain rate of pay.  BP funded the payments to the plaintiffs.  Although cleanup work existed to be done in September 2010, the defendants terminated the contracts of the plaintiffs without any severance or benefits of any kind.  To the extent BP should be held responsible for the damages of the plaintiffs, the plaintiffs are pursuing a third party beneficiary claim against BP.  To force the plaintiffs to pursue the claims

1

individually as a mechanism for managing the MDL is a denial of access to justice for these cleanup workers.

The general policy of Rule 19, and the Federal Rules generally, is towards consideration of a broad scope of action in fairness to all parties, with joinder of claims and parties and remedies encouraged. *Mayer Paving & Asphalt Co. v General Dynamics Corp.*, (1973, CA7 Ill) 486 F2d 763 (7th Cir. 1973), cert. den. 414 U.S. 1146 (1974). Fairness dictates that these plaintiffs travel together in their contract action against BP. The circumstances leading up to the contract execution and to the breach of those contracts are virtually identical: (1) the plaintiffs were in group orientation meetings and presented with contracts to sign along with other new hire paperwork; (2) the plaintiffs were denied the right to continue to work the cleanup by virtue of a voice mail terminating the contractual relationship; and (3) the plaintiffs observed oil remained to be cleaned up and that others were used to perform that work after they were terminated. The plaintiffs are witnesses for each other; not every plaintiff remembers the same details, but a majority of plaintiffs remember identical circumstances that render joinder appropriate under the Rules of Civil Procedure.

For example, plaintiffs may be joined in one action if "(A) they assert any right to relief … arising out of … [a] series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Fed. R. Civ. Proc.* 20(a)(1). BP is appropriately joined to the other defendants because it is certain some contract existed among them that defined the rights and responsibilities of one to the other in the event of wrongdoing; accordingly, the plaintiffs must pursue BP as well as the entities which required them to execute contracts to work on the beach cleanup. The spirit of Rule 20 is fulfilled by keeping all parties together in the action based on paragraph (3), which provides that "Neither a plaintiff nor a

defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." It is believed that all the plaintiffs will be able to receive relief or none of them will, depending on the defenses of the defendant; therefore, separating the plaintiffs into individual actions will provide a benefit to the defendants that unduly burdens the plaintiffs. The filing fees for individual actions would exceed $300,000 for the firm representing all of the plaintiffs who assert contract claims based on the actions of P2S and Fluor by virtue of their contract with BP.

      The effect of PTO 63 is to sever claims properly joined. While severing the claims is within the court's discretion, to do so is wasteful as to these plaintiffs because discovery would be duplicative and because BP has demonstrated nothing that would support the conclusion it is prejudiced by the joinder. *See, e.g., Aguilar v. Schiff Nutrition Int'l, Inc.* 2008 U.S. Dist. LEXIS 75821, *35-36, 104 Fair Empl. Prac. Cas. (BNA) 1210 (D. Utah Sept. 29, 2009). The scope of discovery would be the same for each plaintiff. The time periods relevant would be virtually the same: May 2010 through early July 2010. The plaintiffs received contracts in joint orientation sessions; as such, joinder makes more sense than severing claims.

      The misjoinder of claims or parties should not result in dismissal, but that is another effective result of PTO 63. Federal Rule of Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Here, the court is requiring that each plaintiff, most of whom are not financially able to afford to pay costs, file an individual action to pursue a contract claim against BP. The only purposes served by this requirement are (1) to assist the court in managing MDL proceedings by revealing

3

information about claims not previously provided by other pleadings; and (2) to allow BP to avoid accountability where valid claims exist but parties cannot afford to pursue them individually and instead relied on the Rules of Civil Procedure to proceed in joint actions to pool resources.

The court need not resort to the draconian result of denial of access to justice for these cleanup workers as against BP for this third party beneficiary claim in its understandable effort to manage this litigation efficiently.  The most efficient course would be to require BP to make some disclosures so that defenses can be evaluated prior to more than $300,000 in fees being incurred by the plaintiffs' lawyers when the rules support the actions proceeding as they were filed.

One purpose of Rule 19 is the avoidance of multiple litigation of essentially the same issues. *Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir. La. 1970).  Yet, the practical result of PTO 63 as applied to these plaintiffs would multiply unnecessarily litigation of exactly the same question: is BP responsible for a breach by P2S and/or Fluor under the facts each of the plantiffs will assert?  Moreover, this is not a case where a vague, unknown number of claimants could join a class.  This is a case where individuals have been named and where BP can work with P2S and Fluor to obtain whatever information required to confirm the plaintiffs were indeed cleanup workers.  Informal efforts have been undertaken, before and after the lawsuits were filed, to discover information that would support or contravene the anticipated defenses of BP; without disclosure from BP, it cannot be determined that the claims against BP are appropriately dismissed.  Therefore, it is incumbent upon this Court to exercise its discretion in a pragmatic way that promotes fairness to all parties.  Here, that pragmatic, fair result would be to either require BP to make some disclosures pertinent to its rights and responsibilities with P2S and

4

Fluor, not parties to the MDL, or allow the claims to be dismissed without prejudice so that they may be pursued in the future if appropriate after discovery as to P2S and Fluor is permitted to proceed.

## CONCLUSION

The plaintiffs are denied access to justice if each must pay filing fees to pursue a third party beneficiary claim against BP.  The plaintiffs were denied their contractual rights by cleanup companies which did not follow the federal response plan, failed to provide protective equipment, and failed to adequately train cleanup workers who were summarily dismissed in breach of contract.  If BP enjoys indemnity, then let that be disclosed as opposed to requiring the firm representing these properly joined parties to incur more than $300,000 in costs to comply with PTO 63.  Because compliance results in a denial of access to justice, the inherent power of this court should be exercised to grant relief to these plaintiffs based on the circumstances described herein.  No prejudice to BP exists that would warrant such a harsh penalty on these plaintiffs.

Respectfully submitted,

_s/Heather Fisher Lindsay_
HEATHER FISHER LINDSAY
LINDSAY & LINDSAY, P.A.
Post Office Box 586
Milton, Florida  32572
(850) 623-3200
Facsimile:  (850) 623-0104
Florida Bar No.:  073441
ONE OF THE ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum is being furnished via CM/ECF on this April 12, 2017 to all counsel of record.

    *s/Heather Fisher Lindsay*
HEATHER FISHER LINDSAY
LINDSAY & LINDSAY, P.A.
Post Office Box 586
Milton, Florida  32572
(850) 623-3200
Facsimile:  (850) 623-0104
Florida Bar No.:  073441
ONE OF THE ATTORNEYS FOR PLAINTIFFS