Boh Bros. Construction Company, L.L.C.
DWH Claimant ID 100131904
DWH Claim No. 93256
April 12, 2017

Affidavit in Support of Business Economic Loss Claim of
Boh Bros. Construction Company, L.L.C.

---

PARISH OF ORLEANS

STATE OF LOUISIANA

### AFFIDAVIT IN SUPPORT OF BUSINESS ECONOMIC LOSS CLAIM OF BOH BROS. CONSTRUCTION COMPANY, L.L.C.

Before me, the undersigned authority, personally came and appeared, Robert S. Boh, who after being deposed did state:

1. I am over twenty-one (21) years of age. I am of sound mind and am fully competent to testify to the matters set forth herein. The factual matters set forth herein are within my personal knowledge and are true and correct.

2. I am the President of Boh Bros. Construction Co., L.L.C. ("Boh Bros.").

3. I submit this affidavit in support of the Business Economic Loss Claim of Boh Bros. (the "BEL Claim") and for the purpose of providing additional information to consider in evaluating and processing the BEL Claim.

4. I am directly involved in the day-to-day activities of Boh Bros. and personally oversee and manage Boh Bros. and its operations. I've been also been directly involved with Boh Bros. BEL claim and exchange and discussion of information with the settlement program

5. Boh Bros.' business is construction of highways, streets, bridges, and distribution lines (the "Roadway Projects").

6. Boh Bros. does not supply "Support Services to the Oil and Gas Industry"; Boh Bros. suffered no moratorium losses.

EXHIBIT A

Case 2:10-md-02179-CJB-DPC   Document 22698-2   Filed 04/13/17   Page 2 of 8

**Boh Bros. Construction Company, L.L.C.**
**Affidavit in Support of Business Economic Loss Claim**
**DWH Claimant ID 100131904**

7. In **October 2012**, Boh Bros. submitted a BEL claim in the amount of $17,138,555, supported by documents reflecting the business structure and ownership of Boh Bros., contemporaneously-prepared monthly profit and loss statements that tie to Boh Bros.' federal tax returns, federal tax returns, and financial statements (establishing monthly revenues and expenses for 2007 – 2011), which were audited by Ernst & Young. Boh Bros.' claim is independently verified by local accounting firm, Bourgeois Bennett.

8. Between **October 2012 and November 2013**, numerous Settlement Program vendors requested additional source documentation from Boh Bros. Settlement Program vendors, including Pricewaterhouse Coopers ("PwC"), asked for and received multiple conferences with me, Boh Bros.' internal and external accountants, and Bourgeois Bennett. Boh Bros. produced volumes of supplemental source documents that were requested.

9. On **January 15, 2013**, Marguerite Kingsmill and I attended a meeting with Patrick Juneau, Michael Juneau and numerous PwC accountants, during which Mr. Juneau asked PwC: "What else do you need from Boh Bros.?" PwC stated that all it needed were records from 2008-2011 showing a breakdown of revenue by project, so that PwC could analyze whether Boh Bros. is a DOD contractor. Significantly, Boh Bros. is *not* a DOD contractor, and produced the source project files. The claims facility confirmed this.

10. On **March 22, 2013**, PwC advised Boh Bros. that it would complete the evaluation of Boh Bros.' claim by the end of the week.

11. Contrary to PwC's advices, the claims facility announced that because Boh Bros.' website had a picture of a boat (related to bridge repair to the Twin Span post-Katrina),

**Boh Bros. Construction Company, L.L.C.**
**Affidavit in Support of Business Economic Loss Claim**
**DWH Claimant ID 100131904**

Boh Bros.' claim has been sent to review for "potential moratoria loss," notwithstanding the fact that:

    a. Boh Bros.' NAICS code is **not** marked by an "x" in Exhibit 19 to the Settlement Agreement;

    b. Exhibit 19 to the Settlement Agreement, expressly <u>excludes</u> claims of companies such as Boh Bros. who are "Roadway, Highways, Bridges and Distribution Line Contractors" from moratoria review; and

    c. In its claim form, Boh Bros. answered "No" to the question about providing significant services to the oil and gas industry in the Gulf of Mexico.

12.    Nonetheless, the claims facility requested that Boh Bros. submit more highly confidential project files showing the nature of its work. Boh Bros. did so, together with an affidavit by me, showing that Boh Bros.' principal work is Highway, Bridges, Roads and Distribution Lines, and the balance is civil.

13.    In **May 2013**, the claims facility removed Boh Bros. from moratoria review and PwC advised that the only additional documents needed to finalize Boh Bros.' claim were documents confirming "below-the-line expenses." Boh Bros. provided these documents.

14.    The claims facility then spent the next year analyzing the supplemental financial documentation provided by Boh Bros. in order to "match revenues to expenses."

15.    On **July 16, 2014**, an attorney with the claims facility advised that Boh Bros.' claim was in accounting review under Policy 495 to determine if there were any unresolved matching issues.

16.    On **October 21, 2014**, Boh Bros. contacted the attorney for the claims facility, noting that Boh Bros. had not received any information on the processing of its claim, other than the July 2014 notification that the Policy 495 analysis was underway. Boh Bros. requested a

Case 2:10-md-02179-CJB-DPC   Document 22698-2   Filed 04/13/17   Page 4 of 8

**Boh Bros. Construction Company, L.L.C.**
**Affidavit in Support of Business Economic Loss Claim**
**DWH Claimant ID 100131904**

status conference with PwC, which had previously confirmed the magnitude of work it had performed on Boh Bros.' claim over the last two years.

17. On **October 29, 2014**, without notice or explanation from the claims facility, its vendors, or PwC, Boh Bros.' portal reflected that Boh Bros.' claim was "re-routed" for another moratoria review and that the accountants ceased "the Policy 495 review." Boh Bros. assumed this was an error and contacted the attorney for the claims facility.

18. On **November 11, 2014**, the claims facility again referred to Boh Bros.' website as justification for the "re-routing" of Boh Bros.' claim to moratoria review.

19. On **March 30, 2015**, Marguerite Kingsmill (counsel for Boh Bros.) and I met with Ted Martens (a partner in PwC's New York office and head of the Settlement Program's "moratoria review team") and John Petzold (also a partner in PwC New York office and the lead accountant handling Boh Bros.' claim). Mr. Martens brought a list of projects that the new PwC moratoria team had extracted from Boh Bros.' confidential customer files and "flagged" as potential services to the "oil and gas industry in the Gulf of Mexico," and, therefore, arguably subject to "potential moratoria review."

20. At the meeting on **March 30, 2015**, I reviewed in detail each and every "flagged project" with Mr. Martens. I explained the nature of the work, the location, the client/customer etc. As I explained, none of the projects were for services to the oil and gas industry in the Gulf of Mexico. Most of the projects were civil/land-based projects and a few were pilings or work in protected waters. I further explained that Boh Bros. does not have any equipment for use in the Gulf and does not perform such work. Mr. Martens concurred in removing Boh Bros. from "moratoria review." Mr. Petzold assured me that notwithstanding all of this, PwC would

Case 2:10-md-02179-CJB-DPC   Document 22698-2   Filed 04/13/17   Page 5 of 8

**Boh Bros. Construction Company, L.L.C.**
**Affidavit in Support of Business Economic Loss Claim**
**DWH Claimant ID 100131904**

continue with the processing of Boh Bros.' claim. Mr. Petzold requested some supplemental documentation, which I made sure that Boh Bros.' provided.

21. On **August 10, 2015**, Boh Bros requested an update on the progress of Boh Bros.' claim and an anticipated timetable for resolution, noting it has been three years since Boh Bros. submitted its claim; two years since the Settlement Program evaluated and removed Boh Bros. from moratoria review; another year since the Settlement Program re-routed Boh Bros. to moratoria review; and nine months since the meeting with PwC, promising removal again from moratoria review and final processing of the claim. The portal still reflected that Boh Bros.' claim was stuck in moratoria limbo.

22. On **November 18, 2015**, Marguerite Kingsmill and I participated in a telephone conference with the claims facility, Ted Martens (head of the Settlement Program's "moratoria review team"), Tom Frangella, and John Petzold. During the telephone conference, Mr. Martens asked about three (3) projects -- all of which were delineated in Boh Bros.' 2013 production of documents, all of which were discussed in the March 2015 meeting, and all of which are land based and clearly, obviously, not moratoria/oil and gas projects. Notably, none of the projects were performed in 2009, except one -- a 2009 Versabar project, which was less than one day's work and generated a mere $32,000 in revenue (*i.e.*, .0008% of the total revenue for that year).

23. On **November 19, 2015**, Marguerite Kingsmill and I again participated in a conference with the claims facility, Ted Martens, John Petzold, and Randy Young (the Settlement Program's third party "oil and gas" expert). During the telephone conference, Mr. Young asked me a few questions about the same three projects. I answered again, and Mr.

Case 2:10-md-02179-CJB-DPC   Document 22698-2   Filed 04/13/17   Page 6 of 8

**Boh Bros. Construction Company, L.L.C.**
**Affidavit in Support of Business Economic Loss Claim**
**DWH Claimant ID 100131904**

Young confirmed that was "all he had." Mr. Petzold confirmed that the accountant team in charge of calculating Boh Bros. claims was "very close" to finishing.

24. On **December 8, 2015**, the Settlement Program asked about the same project files produced in 2013, because of a "keyword" search performed by unidentified members of the "Moratoria Team." Once again, Boh Bros. provided information on these projects that clearly show the projects are *de minimis*, ranging from 0.0005% - 0.1897% of total yearly revenue with only one project at slightly more than 1%, *i.e.*, 1.0210%.

25. On **December 10, 2015**, I provided the Settlement Program with detailed information and documentation, confirming that none of the work performed on the flagged projects was moratoria/oil and gas related.

26. On **February 26, 2016**, the Settlement Program, for the first time in the four year history of this claim, advised that it could not finish processing Boh Bros.' claim until BP agreed on how to "back out" these *de minimis* alleged "moratoria losses." As explained by the Claims Administrator's Office, this decision was based on the Settlement Program's conclusion that the revenue related to three *de minimis* projects was "derived from customers that appear to be engaged in moratoria-related projects associated with offshore oil and gas drilling in the Gulf of Mexico."

27. In **September and October 2016**, Boh Bros. again proposed an easy solution to the dilemma, suggesting the Settlement Program simply back out the *de minimis* revenue -- a relatively simple endeavor for the sophisticated forensic accountants who have been analyzing Boh Bros.' claim for five years. The Settlement Program advised that it could not do this unless BP agreed.

**Boh Bros. Construction Company, L.L.C.**
**Affidavit in Support of Business Economic Loss Claim**
**DWH Claimant ID 100131904**

28. Boh Bros. has participated in good faith under the Settlement Agreement and has committed extraordinary time, resources, and man power to facilitate the processing of its BEL claim under the approved policies of the Claims Administrator and the Settlement Agreement.

29. The Claims Administrator and its accountants assured me during our meetings that Boh Bros. had cooperated fully and supplied all the necessary documents, information, customer files, and access to Boh Bros.' personnel (including its accountants) for the Settlement Program to process and finalize Boh Bros.' claim.

**[SIGNATURE ON NEXT PAGE]**

**Boh Bros. Construction Company, L.L.C.**
**Affidavit in Support of Business Economic Loss Claim**
**DWH Claimant ID 100226251**

Executed this 12 day of April, 2017.

_____
Robert S. Boh

Sworn to and subscribed before me, this 12 day of April, 2017.

_____
Notary Public

CYNTHIA M. BOLOGNA
LA. BAR # 27384
NOTARY PUBLIC
Parish of Orleans, State of Louisiana
My Commission is for Life