IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | Civil Action No. 2:10-MD-02179 |
| | * | SECTION: J |
| | * | JUDGE CARL BARBIER |
| Applies to: | * | |
| | * | MAG. JUDGE WILKINSON |
| Bundle B1 Civil Action: 2:11-cv-00318 and 2:11-cv-01055 | * * | ORAL ARGUMENT REQUESTED |

**MOTION FOR EXTENSION OF TIME AND MEMORANDUM IN SUPPORT**

COME NOW Grupo Turistico Tamaulipas S.A. de C.V. and Gabriel Maldonado it's representative (hereafter "Plaintiffs") and file their Motion for Extension of Time and Memorandum in Support, and in support thereof, respectfully show the following:

1.　On February 22, 2017, this Honorable Court issued Pretrial Order ("PTO") 64, which, in relevant part, required all plaintiffs with claims in remaining Pleading Bundle B1 to file a sworn statement (signed by each plaintiff) by April 5, 2017. Serna & Associates PLLC represents Plaintiffs that are subject to this order (11-00318 and 11-01055). These Plaintiffs timely filed a complaint in 2011 and timely complied with PTO 60 in 2016. They were recognized as being among the approximately 962 B1 plaintiffs that complied with PTO 60 (See Exhibit 1A – Listing as of July 13, 2016) and who had not yet resolved their claim against BP.

2.　The deadline to file the sworn statement to comply with PTO 64 was April 5, 2017. Counsel for Plaintiffs received Plaintiffs' signed sworn statement on or about April 14, 2017. The sworn statement was dated April 5, 2017. The Plaintiffs' sworn statement was served upon BP and the PSC on or about April 18, 2017. (Please see

Exhibit "B", Sworn Statement and Declaration of Gabriel Maldonado in Support of Sworn Statement). Plaintiffs, by and through undersigned counsel, request an extension of the deadline for submission of the sworn statements in the amount of thirteen days (from April 5, 2017) in order that the submission of these sworn statements will be deemed to comply with PTO 64.

## ARGUMENT

3. It is respectfully submitted that enforcing the deadline in PTO 64 without the extension sought herein would be prejudicial to these Plaintiffs whose cases have remained stagnant for years. The Affidavit of Enrique G. Serna, *Esq.*, attorney for Plaintiffs, outlines the difficulties of compliance with the PTO 64 deadline, and it is submitted in support of this Plaintiffs' Motion for Extension of Time.

4. The Court set the deadline for PTO 64 and the requirements for compliance with PTO 64. Plaintiffs diligently asserted their claims herein by timely filing their complaints in April 2011. Since that time, over six (6) years ago, the Plaintiffs' cases have been subject to an order of the Court issued on September 14, 2012, that stayed all case while causes within the settlement were given priority. See Pre-Trial Order No. 25.

5. Plaintiffs have complied with every requirement asked by this Court, including PTO 60 (Exhibit 1A), and they were acknowledged as being compliant by the Court. Plaintiffs' representatives had been traveling and were unable to contact the firm and execute the sworn statement until April 5, 2017. This law firm received the original

signature on Good Friday, April 14, 2017. Plaintiffs' counsel filed and sent to both BP and the PSC the sworn statement on April 18, 2017.

6. Plaintiffs understand that the Court will review on or about May 10, 2017 an *in camera* list of the remaining B1 plaintiffs. Neither BP nor the PSC will be prejudiced by Plaintiffs filing their sworn statement thirteen days past the Court's deadline and before the *in camera* review of May 10, 2017.

7. Plaintiffs respectfully request that their cases be allowed to move forward through the granting of this Motion. As the Court has rightfully recognized when moving forward the economic claims that were pending outside the class settlement, it is fairer to allow time for claims to be resolved through a structured settlement process, or through a process that will lead to a decision on the merits, as opposed to a process that dismisses case for failing to meet administrative deadlines and requirements that do not exist under the Federal Rules of Civil Procedure. Additionally, the principles of due process and equity militate in favor of allowing Plaintiffs a fair opportunity to pursue claims that have been timely asserted, but that have remained in a state of hiatus for almost six years through no fault of the Plaintiffs.

## CONCLUSION

8. As set forth above, and in the supporting affidavit, Plaintiffs faced significant difficulties in attempting to comply with PTO 64. Thus, they respectfully request an additional thirteen days to comply with PTO 64 so that their meritorious and long pending claims can be considered on their merits, and not dismissed for failing to meet a recently imposed procedural deadline. As of the date of filing of this motion, April 18, 2017, Plaintiffs have complied with PTO 64.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court grant their Plaintiffs' Motion for Extension of Time and grant them thirteen additional days to submit their sworn statements required by Pretrial Order 64 [Case Management Order No. 6] and that their sworn statements submitted to the PSC and Counsel for BP be deemed timely submitted.

Respectfully Submitted,

SERNA & ASSOCIATES, PLLC

S/Enrique G. Serna
Enrique G. Serna
20985 IH 10 West
San Antonio, Texas 78257
Telephone: 210-472-2222
Facsimile: 210-228-0839
enrique@serna-associates.com

ATTORNEYS FOR PLAINTIFFS

Dated:      April 18, 2017

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Extension of Time has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on April 18, 2017.

S/Enrique G. Serna
Enrique G. Serna