IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | Civil Action No. 2:10-MD-02179 |
| | * | SECTION: J |
| | * | JUDGE CARL BARBIER |
| Applies to: | * * | MAG. JUDGE WILKINSON |
| Bundle B1 Civil Action: 2:11-cv-00318 and 2:11-cv-01055 | * * | ORAL ARGUMENT REQUESTED |

## AFFIDAVIT OF ENRIQUE G. SERNA, ESQUIRE

BEFORE ME, the undersigned authority, personally appeared Enrique G. Serna, by me duly sworn, deposed and said:

"My name is Enrique G. Serna. I am over the age of eighteen (18) years old, have never been convicted of a crime, and am fully competent to testify to the matters stated herein. I have personal knowledge of the following matters, and they are all true and correct.

1. I am an attorney in good standing and admitted in the United States District Court of the Eastern District of Louisiana. I am a member of Serna & Associates PLLC. My firm represents a plaintiff that is included in the B1 Bundle, Grupo Turistico Tamaulipas, in cause numbers 2:11-cv-00318 and 2:11-cv-01055, and which is Bundle B1 compliant. This Plaintiff has complied with all of the orders of this Honorable Court, including PTO 60 and it has now complied with PTO 64, although thirteen days after the deadline of April 5, 2017.

2. The damages to Plaintiff Grupo Turistico Tamaulipas ("Plaintiff") directly resulted from the Deepwater Horizon Oil Spill in the Gulf of Mexico on April 20, 2010

(the "Gulf Oil Spill") and the consequent remedial efforts. Plaintiff has lost and continues to accrue losses related to the Deepwater Horizon Oil Spill from 2010.

3. This Affidavit is offered in support of a motion to extend the time in which Plaintiff has to comply with Pretrial Order ("PTO") 64 until April 18, 2017. Counsel hereby affirms that thirteen days after the Court's PTO 64 deadline of April 5, 2017, Plaintiff has complied with PTO 64 by serving its sworn statement upon counsel for BP and the PSC.

4. It has been nearly seven (7) years since the Gulf Oil Spill disaster. Our Plaintiff's case was filed six (6) years ago, but it has been stayed by the Court. We appreciate the Court's recent actions to allow us to begin to pursue the claims of our Plaintiff through General Maritime Law.

5. Since taking on the representation of our Plaintiff, we have worked diligently to gather information related to its claims, maintain contact with the client, and update the files as necessary.

6. Under the terms of PTO 64, our Plaintiff's cases would be dismissed <u>with prejudice</u> if it did not respond with a completed sworn statement before the April 5, 2017 deadline. This deadline threatens the due process rights of our Plaintiff who has met every standard requirement under the Federal Rules of Civil Procedure, in addition to past Court mandated requirements, and has waited patiently for years to pursue its general maritime claims.

7. PTO 64 was filed by the Court on February 22, 2017. This was the first time we were advised that a sworn statement would be required to comply with PTO 64. We diligently worked with Plaintiff to comply with the deadline of PTO 64. However,

2

coordinating the completion, execution, and return of the sworn statement from our Plaintiff was difficult. Our Plaintiff's representatives are located in the State of Tamaulipas, Mexico. When we send documents to our client representatives for execution, they typically return those documents by mail. Unfortunately, the Mexican mail system is slow. Thus, most of our communication with our clients is by telephone, U.S. Mail and Federal Express. The process of obtaining the executed sworn statement took thirteen additional days from the Court imposed deadline of April 5, 2017, and it is now complete.

9. Additionally, because of the change in location and residence, it was hard to reach our Plaintiff's representatives. Because the status of the B1 Pleading Bundle claims have remained unchanged for quite a while, our Plaintiff representatives have not always immediately updated us with their new addresses and locations.

10. We hereby inform the Court that we have complied as of April 18, 2017 with the requirements of PTO 64. Strict enforcement of the April 5, 2017 deadline and dismissing this Plaintiff's cases with prejudice will be devastating to Plaintiff who has valid claims that were not addressed by the class settlement and who has been compliant with all the Court's orders, including PTO 60. Plaintiff has waited for six years for its cases to become active.

11. A thirteen day extension would allow us to meet the requirements of PTO 64 for Plaintiff Grupo Turistico Tamaulipas. We hereby inform the Court that as of April 18, 2017, we have complied with the terms of the order PTO 64.

_____
Enrique G. Serna

3

SWORN to before me, this 18th day of April, 2017.



_____
Notary Public in and for the State of Texas