IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This Document relates to: Nos. 12-970 | * * * * | JUDGE BARBIER MAGISTRATE JUDGE WILKINSON |

**BP's Opposition to Motion of Boh Bros. Construction Company,
L.L.C. To Confirm Its Settlement Rights as a BEL Claimant
And to Clarify, Alter Or Amend the March 17, 2017 Order Accordingly**

On March 17, 2017, the Court entered an Order granting an additional option to claimants currently on "Moratoria Hold." Specifically, in recognition of the "continuing impasse between BP and Class Counsel in developing the guidelines contemplated by Exhibit 16" of the Settlement Agreement, the Court held that claims currently on "Moratoria Hold" may elect to opt out of the Settlement Agreement and commence litigation against BP. *See* March 17, 2017 Order ("Order") at 2. To effectuate this right, BP has agreed that "it will not raise, assert, or otherwise argue that the claim [of those who elect to opt out] is barred by statute of limitations, prescription, or is otherwise untimely, nor shall BP argue that the Claimant failed to satisfy 'presentment' under the Oil Pollution Act, 33 U.S.C. § 2713." *Id*.

Boh Bros. Construction Company, L.L.C. ("Boh Bros.") has filed a motion to "clarify, alter, or amend" the Order pursuant to Federal Rule of Civil Procedure 59. But Boh Bros. does not take issue with the Order's granting an additional right to opt out. Instead, Boh Bros. asks for separate and distinct (and, as shown below, inconsistent) relief from that granted in the Order, namely that the Court review and overturn the Claims Administrator's factual determination that

1

Boh Bros.' financials contain potential excluded Moratoria Loss and thus require further review by the Settlement Program.

Boh Bros.' motion is improper under Rule 59, the Settlement Agreement, and the Court's Order and therefore should be denied.

*First*, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted).  Here, Boh Bros. does not contend that the Order contains a manifest error of law or fact, or that there is some newly discovered evidence that would change the Court's decision to grant an additional opt out right.  Thus, there is no basis to alter the Order under Rule 59(e).

*Second*, and related, what Boh Bros. is really seeking is for the Court to perform an interlocutory review and overturn the Claims Administrator's initial factual determination that Boh Bros.' financials contain potential excluded Moratoria Loss that requires further review by the Settlement Program.  This request for the Court to intercede in the middle of claims processing is improper.  Under the Settlement Agreement, a claimant may only request review of the Claims Administrator's handling of a claim ***after a final determination*** by the Claims Administrator.  Settlement Agreement § 6.1.2.3 ("A Claimant may Appeal within 30 days of the issuance of final written notice from the Settlement Program of a determination of final compensation award.").  That review is conducted in the first instance by the Appeal Panel.  *Id.* § 6.1.2.2.1.  The Court then has the discretionary right to review the decision of the Appeal Panel.  *Id.* § 6.6 ("The Court maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement.").  Boh Bros.' request for Court review is premature as the Settlement Program has not yet made a final

determination of the claim, and there has been no appeal to the Appeal Panel. *See In re Deepwater Horizon*, --- Fed. App'x ---, 2016 WL 6080360, *1 (5th Cir. Oct. 17, 2016) (dismissing the Andry Law Firm's appeal "to enforce its purported settlement with BP" for lack of appellate jurisdiction because the Claims Administrator had not yet finished processing the claim in question).[1]

Boh Bros. argues that it is unable to reach a final determination due to the continuing impasse between BP and Class Counsel with regard to the Moratoria guidelines. However, it is precisely because of that impasse that the Court has granted Boh Bros. and others on "Moratoria Hold" the right to opt out if they would prefer to avoid the impasse.

***Third***, Boh Bros.' request for the Court to declare its entire claim free of Moratoria Loss ignores the fact that the parties have been unable to agree to criteria to discern between Moratoria and non-Moratoria loss.[2] It thus asks the Court to leap-frog the impasse and make a Moratoria Loss determination. But under the Settlement Agreement that determination cannot be made until an agreement is reached regarding the guidelines for performing the determination.[3] Settlement Agreement, Ex. 16; Order at 1. Once again, that is why the Order

---

[1] Confirming that Boh Bros.' motion is premature, Boh Bros. makes various factual assertions about the record at the Settlement Program level. But, because the claim is still under review by the Settlement Program, BP cannot currently access that record to test and oppose Boh Bros.' assertions.

[2] Boh Bros. misstates the terms of the Settlement Agreement regarding Moratoria Loss. The Settlement Agreement defines Moratoria Loss as "***any loss whatsoever*** caused by or resulting from" the federal moratoria. Settlement Agreement § 38.93 (emphasis added). As the Appeal Panel has repeatedly held, this express language requires the exclusion of all Moratoria Loss, not just Moratoria Loss incurred by claimants with certain prescribed NAICS codes. *See* Appeal Panel Decisions Nos. 2015-851; 2014-798. Because resolution of this issue is unnecessary to the resolution of Boh Bros.' motion, BP has not burdened the Court with full briefing. If full briefing on this issue would be helpful to the Court, BP is happy to provide it.

[3] As BP explained in its briefs filed on September 10, 2013 (*see* Rec. Doc. 11300 (redacted version)) and September 27, 2013 (*see* Rec. Doc. 11541 (redacted version)), the guidelines may

3

grants claims on "Moratoria Hold" the right to opt out from the Settlement Agreement if they so choose.

*Fourth*, Boh Bros.' request that the Court require mediation ignores the fact that the Court-appointed neutrals have already conducted settlement efforts. Order at 1. The neutrals were extremely successful in their efforts, reducing the "Moratoria Hold" population from "several thousand to approximately one hundred fifty" (Order at 1), but were unable to resolve Boh Bros.' claim. There is no reason to require additional mediation.

BP has supported the Court-appointed neutrals' settlement efforts as well as the additional opt-out right set forth in the Court's Order. BP likewise remains willing to explore whether the continuing impasse can be resolved. However, for all of the above reasons, Boh Bros.' motion is without merit and should be denied.

April 21, 2017

Respectfully submitted,

*/s/ Don Haycraft*

Don Haycraft (Bar #14361)
R. Keith Jarrett (Bar # 16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax: (504) 556-4108

---

Footnote continued from previous page
only be agreed to by the parties, and cannot be mandated in the absence of an agreement. BP incorporates by reference its September 10, 2013 and September 27, 2013 briefing.

Matthew T. Regan, P.C.
J. Andrew Langan, P.C.
Kristopher S. Ritter
Martin R. Martos, II
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200

Jeffrey Bossert Clark
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Christopher Keegan
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Opposition to Motion of Boh Bros. Construction Company, L.L.C. To Confirm Its Settlement Rights As A BEL Claimant And Clarify, Alter Or Amend The March 17, 2017 Order Accordingly** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of April, 2017.

*/s/ Don Haycraft*
Don Haycraft