**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | *  *  *  * | MDL NO. 2179<br><br>SECTION J |
| *No. 12-970, Bon Secour Fisheries, Inc., et al v. BP Exploration & Production, Inc., et al* | *  *  * | HONORABLE CARL J. BARBIER |

**REPLY MEMORANDUM IN SUPPORT OF BOH BROS. CONSTRUCTION COMPANY, L.L.C.'S MOTION TO CONFIRM ITS SETTLEMENT RIGHTS AS A BEL CLAIMANT AND CLARIFY, ALTER OR AMEND THE MARCH 17, 2017 ORDER**

**MAY IT PLEASE THE COURT:**

Boh Bros. Construction Company, L.L.C. submits this Reply Memorandum to address the issues raised in BP's Opposition. BP's Opposition underscores the need for judicial intervention in resolving the moratoria conundrum. BP has orchestrated a Catch-22 and is attempting to benefit unfairly from the Catch 22. By unilaterally expanding the moratoria review criteria beyond the express limitations in Settlement Agreement, BP has diverted claims not subject to moratoria review to perpetual moratoria hold, where claimants are unable to challenge the improper moratoria designation and powerless to enforce their rights under the Settlement Agreement.

**First**, Boh Bros.' Motion is proper under Rule 59(e). Contrary to BP's contention, there are actually *four* grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) **the need to prevent manifest injustice**, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002). Boh Bros.' Motion (and correlating request to clarify, alter or amend the March 17, 2017 Order) is proper under Rule

1

59(e) and predicated on the need to prevent "manifest injustice" to Boh Bros. -- *i.e.*, an outcome that is plainly and obviously unjust.

The Court's March 17, 2017 Order appears to be predicated on the assumption that the claimant is properly on moratoria hold. This is simply not the case for Boh Bros., as set forth in Boh Bros.' Motion and supporting Memorandum. Moreover, the March 17, 2017 Order appears inconsistent with the representations on the record by BP and Class Counsel. Boh Bros. is not privy to the discussions between Class Counsel, BP, the Settlement Program, or the Court-Appointed Neutrals. Therefore, Boh Bros. cannot evaluate the effect of the Order on claimants improperly designated as moratoria. The opt-out alternative is not a viable remedy for Boh Bros., because Boh Bros.' claims arise under the Settlement Agreement. In its Opposition, BP acknowledges the impasse that BP created with regard to moratoria losses, and suggests that the remedy is " to opt out if they would prefer to avoid the impasse." BP's Opposition suggests the only remedy is to opt out – or remain forever in moratoria purgatory. The Settlement Agreement was designed to assure resolution of claims, not to perpetually hold claims in abeyance. Therefore, Boh Bros. requests clarification/amendment of the Order to establish a "path forward" or protocol for the determination/resolution of the moratoria issue within the parameters of the Settlement Agreement.

**Second**, BP's "prematurity" argument is entirely illogical in light of the Catch-22 that BP has orchestrated. BP complains that Boh Bros.' request is premature because "the Settlement Program has not yet made a final determination of the claim, and there has been no appeal to the Appeal Panel." However, it is BP's conduct that has directly impeded the issuance of a final determination to Boh Bros. By refusing to agree to a protocol for processing claims with potential moratoria losses, BP created the impasse. Because of the impasse, and at the direction

of BP, Boh Bros. (who is not subject to moratoria review under the clear terms of the Settlement Agreement and all appeal panel and discretionary review decisions) was relegated to moratoria hold -- where it has been stripped of its right to a final determination and denied access to the appellate process. BP simply has no grounds to complain that Boh Bros.' Motion was prematurely filed before a final determination, when BP is the party willfully impeding the issuance of a final determination to Boh Bros.

**Third**, BP ignores the undeniable fact that the opt out alternative in the March 17, 2017 Order is not an equitable remedy for claimants like Boh Bros., who has no moratoria losses and who has been wrongfully relegated to moratoria hold. BP's reliance on Appeal Panel Decisions 2015-851 and 2014-798 is misplaced. In both of those decisions, the claimant admitted that it suffered moratoria losses and is involved in the oil and gas industry. Specifically, in Appeal Panel Decision 2015-851, that claimant submitted documents, which provide: "[REDACTED CLAIMANT] is the owner and driver of a truck and trailer that service(s) the hauling needs of the oil and gas industries in the Gulf of Mexico…Due to the closure of the oil and gas industries in the Gulf following the oil spill, [REDACTED CLAIMANT] services drastically declined over the past 17 months." Similarly, in Appeal Panel Decision 2014-798, the claimant's employer represented that "[a]s a result of the shutdown and slowdown of oil and gas activity (and the corresponding effect on work of marine support vessels servicing such activity) in the Gulf…sales of marine hardware and supplies for the construction, repair, and operation of offshore marine vessels declined by….(over 50%)."

**Fourth**, not surprisingly, BP gives short shrift to Boh Bros.' willingness to engage in good faith settlement discussions. BP prefers "perpetual hold" over "efficient resolution." BP would rather hold strong to the impasse and preserve the moratoria purgatory it successfully

3

created in the hope of avoiding resolution of Boh Bros.' claim. Boh Bros. has communicated its willingness to conduct efficient good faith discussions within the parameters of the Settlement Agreement, but Boh Bros. has been rebuffed at every level: by the Settlement Program (who said its "hands are tied" by BP); by the Court-Appointed Neutrals (in part perhaps because they had so many claims to resolve in little time); and by BP (as evidenced by BP's Opposition to the Motion filed by Boh Bros.).

Considering the tremendous time, effort and resources expended by the Court and all constituents, Boh Bros. believes that a protocol aimed at resolution of the moratoria issue (*i.e.*, a "path forward," instead of "perpetual hold") should be implemented. Boh Bros. would also embrace the opportunity to engage in good faith settlement discussions and seeks the Court's assistance in facilitating such discussions.

        Respectfully Submitted,

        **KINGSMILL RIESS, L.L.C.**

By:   *s/ Marguerite K. Kingsmill*
      Marguerite K. Kingsmill (#7347)
      201 St. Charles Avenue, Suite 3300
      New Orleans, Louisiana 70170-3300
      Telephone: (504) 581-3300
      Facsimile:  (504)581-3310

*Attorney for Boh Bros. Construction Co., L.L.C.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and/or by electronically serving all liaison counsel by e-mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of April, 2017.

*s/ Marguerite K. Kingsmill*