UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>No. 12-970 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE WILKINSON |

## Stipulation

1.  BP Exploration & Production Inc. ("BP") contends that the United States Court of Appeals for the Fifth Circuit's March 3, 2014 opinion in *In re Deepwater Horizon*, 744 F.3d 370, 377-78 (5th Cir. 2014) ("*Deepwater III*"), recognizes that when a claimant signs a claims form, the claimant attests under penalty of perjury that it in fact incurred a loss due to the Deepwater Horizon spill. BP further contends that under *Deepwater III*, claims that are implausible or suspicious in light of the claimant's attestation must be addressed.

2.  Class Counsel disagree, and believe that BP is estopped from making such arguments under the Court's Order of April 24, 2013 [Rec. Doc. 9538], which Class Counsel believe was affirmed at *In re Deepwater Horizon*, 785 F.3d 986, 1001-1002 (5th Cir. 2015), for all of the reasons stated in Class Counsel's Amicus Submission to Appeal Panelists on the Issue of Causation (May 22, 2015) [Rec. Doc. 14914-6].

3.  This dispute over the existence and scope of the attestation requirement is the subject of a pending Request for Discretionary Review. BP and Class Counsel anticipate that, depending on the outcome of the discretionary review proceeding, one of the parties likely will appeal to the Fifth Circuit.

4.  In the interest of reducing the Appeal Panel's workload, and in recognition of the need for the District Court and Fifth Circuit to ultimately resolve the attestation issue, BP and Class Counsel have entered into this stipulation.

5.  BP and Class Counsel agree that BP has fully preserved its attestation argument with regard to a given appeal to the Appeal Panel or request for discretionary review, and that BP need not brief the attestation issue to the Appeal Panel or District Court to preserve the issue, so long as BP submits this stipulation in connection with an individual claims appeal pursuant to Section 6 of the Settlement Agreement.

6.     BP and Class Counsel further agree that, for any *Deepwater Horizon* Court-Supervised Settlement Program appeal, request for discretionary review, or appeal to the Fifth Circuit Court in which the attestation issue is raised, the Claimant will be deemed to have preserved, and not waived, any argument that BP is estopped from challenging the attestation under the previous District Court Orders and/or Fifth Circuit decisions and opinions in this litigation, as well as any other appropriate argument and/or objection relevant to the question of causation.

7.     Class Counsel is entering into this stipulation on behalf of the entire Class.

| For BP: | For The Class: |
|---|---|
| *[signature]* | *[signature]* |
| Signature | Signature |
| Stephen Palmer | Stephen J. Herman |
| Print Name | Print Name |
| April 26, 2017 | April 24, 2017 |
| Date | Date |