IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>Applies to:<br><br>ALL CASES IN PLEADING BUNDLE B3 and All Civil Actions, including 2:13-cv-01263, 2:13-cv-01552, 2:13-cv-01634, 2:13-cv-02005, 2:13-cv-02018, 2:13-cv-02204, 2:13-cv-02215, 2:13-cv-02220, 2:13-cv-02221, 2:13-cv-02222, 2:13-cv-02223, 2:13-cv-02298, 2:13-cv-02318, 2:13-cv-02329, 2:13-cv-02332, 2:13-cv-02333, 2:13-cv-02342, 2:13-cv-02360, 2:13-cv-02372, 2:13-cv-02378, 2:13-cv-02383, 2:13-cv-02389, 2:13-cv-02391, 2:13-cv-04756, and 2:13-cv-05074 | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON<br><br>ORAL ARGUMENT REQUESTED |

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME

On February 22, 2017, this Honorable Court issued Pretrial Order ("PTO") 63, which requires all Plaintiffs with claims in Pleading Bundle B3 to file individual lawsuits and sworn statements (signed by each plaintiff) by April 12, 2017. Nexsen Pruet, LLC and its co-counsel, Douglas M. Schmidt APLC, represent more than eight hundred (800) Plaintiffs (the "Plaintiffs") that are subject to this order. These Plaintiffs opted out of the class settlements and timely filed complaints seeking compensation for their injuries. Plaintiffs requested an additional ninety (90) days to comply with PTO 63 and was granted an extension until May 3, 2017. Counsel for Plaintiffs expects to meet the deadline for approximately seven hundred fifty (750) Plaintiffs and

NPCHAR1:2129750.1

has the necessary documents to meet the deadline for all but the Plaintiffs listed in Exhibit "A" that is attached and incorporated into the Affidavit of Paul A. Dominick, Esquire. Plaintiffs' counsel requests an additional sixty (60) days to comply with PTO 63 on behalf of the Plaintiffs listed in Exhibit "A" and respectfully files this Memorandum in support thereof.

## ARGUMENT

Enforcing the deadline in PTO 63 will be prejudicial to many Plaintiffs, whose cases have remained stagnant for years. The Affidavit of Paul A. Dominick, Esq., attorney for Plaintiffs, outlines the difficulties of compliance with the PTO 63 deadline and is submitted in support of Plaintiffs' Motion for Extension of Time. The Court set the deadline for PTO 63 and the requirements for compliance with PTO 63. Plaintiffs' cases were properly opted out of the class settlements, and complaints were timely filed on behalf of the Plaintiffs as early as September 11, 2012. Since that time, over four (4) years ago, the Plaintiffs' cases have been subject to an order of the Court issued on September 14, 2012 that stayed all cases while cases within the settlement were given priority. See Pre-Trial Order No. 25.

Plaintiffs sacrificed their health while working on the front lines and protecting the citizens and environment of the Gulf Coast states, yet were put in the back of the line to be considered for compensation. We appreciate the Court allowing the cases of Plaintiffs to move forward, but burdensome new requirements should not be a procedural trap to eliminate valid claims. As the Court rightfully recognized when moving forward the economic claims that were pending outside the class settlement, it is fairer to allow time for claims to be resolved through a structured settlement process, or through a process that will lead to a decision on the merits, as opposed to a process that dismisses cases for failing to meet administrative deadlines and requirements that do not exist under the Federal Rules of Civil Procedure. Due process

considerations should allow our Clients a fair opportunity to pursue claims that have been pending and stagnant for years through no fault of the Clients.

## CONCLUSION

As set forth above, and in the supporting affidavit, Plaintiffs face significant difficulties in attempting to comply with PTO 63. Thus, they respectfully request additional time to comply with the amended PTO 63 deadline so that meritorious and long pending claims can be considered on their merits, and not dismissed for failing to meet a recently imposed procedural deadline.

Respectfully Submitted,

/s/ Paul A. Dominick
Paul A. Dominick     Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

and

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

Attorneys for Plaintiffs

Dated:  May 2, 2017

NPCHAR1:2129750.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Extension of Time has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on May 2, 2017.

/s/ Paul A. Dominick
Paul A. Dominick