UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | MDL No. 2179 |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | SECTION J |
| | * | |
| **Applies to: All Cases (including C.A. 12-970)** | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

**RESPONSE BY THE CLAIMS ADMINISTRATOR TO MAY 4, 2017 ORDER**

Patrick A. Juneau, as Claims Administrator ( the "Claims Administrator") of the Deepwater Horizon Court Supervised Economic and Property Damages Settlement Program (the "CSSP") responds to the filings (collectively, the "Filings")[1] referenced in this Court's May 4, 2017 Order [Rec. Doc. 22772] (the "Order"), through the accompanying declarations of Robert Staneart (the "Staneart Declaration") (Exhibit A) and Patrick Hron (the "Hron Declaration") (Exhibit B), and as follows:

Though slightly different in their particulars, the essence of the Filings is contentions that:

1. Any failure by a purported "claimant" to file the "purple claim forms" ("Claim Forms") is not a jurisdictional bar to the "claimant's" right to have its purported "claim" considered and processed, where other filings with the CSSP provide the requisite information to put the CSSP on notice and permit the CSSP to process the claim.

2. Any failure of the Claim Forms to appear in the Portal allegedly resulted from purported "technical glitches" within the CSSP system, so the purported "claimants" should not be prejudiced.

---

[1] The filings referenced are: (i) the Motion for a Preliminary Injunction Requiring the Claims Administrator to Process Petitioners' Claims filed by John C. Ledbetter ("Ledbetter") on behalf of multiple claimants [Rec. Doc. 22042] (the "Ledbetter Motion"); (ii) the Objections to the Report of the Claims Administrator filed by Ledbetter [Rec. Doc. 22307] (the "Ledbetter Objections"); and (iii) the Motion for Entry of Order Deeming BP Claim to be Timely Filed by Leo D. Congeni ("Congeni") [Rec. Doc. 22306] (the "Congeni Motion").

1

3.      The purported "claimants'" due process rights have been impinged upon based on the alleged failure of the CSSP to inform them fully of the status of their "claims".

**The filing of a Claim Form is a jurisdictional requirement.** The Filings contend that where the purported "claimants" have provided all of the information required by the Settlement Agreement to process the claims, the absence of the Claim Forms should not be a death knell to the consideration of "claims". However, the Fifth Circuit has **twice** now squarely held that the filing of Claim Forms is indeed a jurisdictional requirement, and without them there is no "claim" to be considered or processed[2].

**Any absence of claim forms from the portal did not result from a "technical glitch" or is attributable to the claims administrator.** No one contends that the jurisdictionally-required Claims Forms appear in the CSSP Portal even though other documents do appear. The Congeni Motion relates to only one putative "claimant" and relies on (i) the assertion that that Mr. Congeni "believed" the Claim Form had been filed, (ii) the purported sufficiency of other filings, and (iii) an alleged "pop-up blocker" glitch. Even a good faith belief of timely filing cannot trump the Fifth Circuit's rulings that the Claim Form is a jurisdictional requirement. And the reliance on the pop-up blocker allegation simply reflects a misunderstanding as to how the Portal works by someone who despite diligence and good faith was "admittedly not tech-savvy".

The Staneart Declaration explains the pop-up blocker issue and why it affords no basis on which to "deem" the putative "claim" described in the Congeni Motion to be "timely filed". And

---

[2] *See*, *In re Deepwater Horizon*, 814 F.3d 748, 751 (5th Cir. 2016); *In re Deepwater Horizon*, 641 F. App'x 405, 408 (5th Cir. 2016).

that there was no "system error" is further explained in the CSSP March 22, 2016 email to Mr. Congeni, copy attached as Exhibit C.[3]

The Ledbetter Motion asserts that the Claim Forms on behalf of eight putative "claimants" had been uploaded to the Portal but because of some unspecified "technical glitch", they do not appear in the Portal. That motion relies on (i) the assertion that sixty previous claims had been filed successfully, (ii) that the same electronic process previously employed "failed only at the last minute when Petitioner's attorney was filing his last claims", and (iii) that adequate notification as to claim status was not provided by the CSSP. Two substantive affidavits were submitted.[4] Both rely on the affiants' "recollection" that Claim Forms were submitted and recite that the affiants had "no understanding" why they were not uploaded to the Portal.

However, as the Staneart Declaration and Hron Declaration explain, if any Claim Form had been completed or even initiated, the Portal would so reflect, and there was no evidence of the initiation much less completion of Claim Forms for any of these "claimants" or of any "glitch". And as the Hron Declaration points out, previously other unsupported assertions of timely-filed Claim Forms after the June 8, 2015 deadline have been consistently rejected where there was no evidence of filing or any technical "glitch" preventing filing. Otherwise, any purported "claimant" could simply make the assertion and be granted relief from the deadline, rendering it meaningless. There should be no inconsistent process or result here.

**The "Claimants" due process rights were not violated.** The June 8, 2015 Claim filing deadline was widely published and well-known. There was no secret that the Claim Form was

---

[3] The Congeni Motion also makes general unsworn and unsupported statements about some Program "glitch" being "known", beliefs based on communications about an unrelated claim and some alleged "problem" with the CSSP website or filing platform.
[4] There was a third affidavit attesting to Mr. Ledbetter's "good moral character".

3

required.[5] The Filings allege that the CSSP had some "duty" to notify prior to the June 8, 2015 deadline if there was a deficiency in any claim filing or if any Claim Form was missing. However, as the Hron Declaration points out, due to the sheer volume of claims submitted, the CSSP could not have been expected to determine that Claim Forms were missing and advise counsel in time to supply the Claim Forms, especially since the "claim" filings here were all made between June 2 – June 8.

The Ledbetter Objection reiterates the notion that there was some "duty" to inform as the basis of CSSP "denials", and that the Claims Administrator's status report dated February 14, 2017 [Rec. Doc. 22248] was misleading or incomplete in that there should have been a separate category of "claims" (presumably for which no Claim Forms had been submitted) in addition to the 8,535 Claims on Incompleteness Appeal. However, there is no basis for that contention. Without a Claim Form there is no "claim" to consider, process, deny or report on.[6]

                                                Respectfully submitted,

                                                s/*Patrick Juneau*
                                                Claims Administrator

---

[5] The official notification approved by and attached to this Court's February 18, 2015 Order [Rec. Doc. 14203] and later widely disseminated specifically recites that "you must submit a Claim Form to request a payment" and provides a toll-free number for assistance, noting that the "claims process can be complex".

[6] The December 16, 2016 Order directing the submission by the Claims Administrator of the status report [Rec. Doc. 22007] makes no directive as to any specific required contents, so there is no basis for the objection.

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 18th day of May, 2017.

                                              s/*J. David Forsyth*
                                              J. David Forsyth