## DECLARATION OF ROBERT STANEART

Robert Staneart declares, pursuant to 28 U.S.C. § 1746, based upon his personal knowledge, information and belief, the following:

1. I am an adult over twenty-one years of age. I am the Director of Information Management of BrownGreer PLC ("BrownGreer"), located at 250 Rocketts Way, Richmond, Virginia 23231. My training and experience in the Information Technology field include over 31 years of experience in the industry. I have performed various roles from hands on development, designs of screens and processes, to architecting entire systems.

2. I have personal knowledge of the facts set forth herein and if called and sworn as a witness, I could and would testify competently to all matters contained herein. To assist the Claims Administrator in the implementation of the CSSP, the Court appointed BrownGreer as a Vendor, tasked with, *inter alia*, developing the electronic system of record ("the DWH Application," or "Portal") to facilitate claim filing, review, and communication and data exchange with various system users, as directed by the Court and the Parties. As part of my role, I was responsible for oversight and management of technical resources to develop the Portal and am directly involved in overseeing the continued reliance by the CSSP upon the Portal in facilitating claim determinations.

3. Between 4/15/15 and 6/12/15, the official CSSP website as well as the Portal's Login screen displayed the following, which was viewable by Claimants and attorneys every time they logged into the Portal, specifically noting that "If you do not submit the relevant **Claim Forms** before the final claim filing deadline, **any claims you may have will not be considered timely filed and therefore will not be reviewed by the Settlement Program**" [emphasis added].

Exhibit A

> **Final Claim Filing Deadline is June 8, 2015.**
>
> On December 8, 2014, the United States Supreme Court declined request for a review of the Fifth Circuit's rulings upholding the District Court's Final Approval Order of the Settlement Agreement. Accordingly, the Effective Date of the Settlement Agreement is December 8, 2014, and the final deadline for filing all claims other than those that fall into the Seafood Compensation Program is June 8, 2015. If you wish to pursue any economic loss or damage claims, you must submit a signed and completed Claim Form(s) along with any required supporting documents on or before June 8, 2015, which is the final claim filing deadline. If you do not submit the relevant Claim Forms before the final claim filing deadline, any claims you may have will not be considered timely filed and therefore will not be reviewed by the Settlement Program.

4. Additionally, pertinent to the Court filings by Mr. Congeni and Mr. Ledbetter at issue here, the CSSP sent emails to each of Mr. Congeni and Mr. Ledbetter on 6/3/15, using contact information they provided and stating the following:

> Hello. As your law firm contact, I am reaching out to you to let you know that I am available should you have any questions or concerns as the claim filing deadline of June 8, 2015 approaches. Additionally, in the event that you experience any technical issues or difficulties in filing claims using the Program's claim portal as June 8 approaches, please let me know so that I can notify the appropriate members of our team as quickly as possible. Lastly, the Claimant Assistance Centers and Program Call Center (which can be reached at 1-800-353-1262) will be available for assistance on June 6 and 7, 2015, from 8:00 AM to 8:00 PM, Eastern Time.

5. No inquiry was received from either Mr. Congeni or Mr. Ledbetter between the time of this communication and the 6/8/15 Claim Form filing deadline.

6. The Portal tracks and date stamps the electronic submission of Registration Forms and Claim Forms as well as each document uploaded (which may include a hard copy Claim Form) for each Claimant ID in the system. Additionally, the Portal recognizes whether a Claimant electronically initiated a Claim Form and, if so, when that occurred and the extent to which the Claimant filled out the Claim Form. So, if a Claimant or attorney even initiated a Claim Form online, the Portal would have a record of the date and time the Claim Form was initiated – even if the Claim Form was not completed and submitted.

Exhibit A

7.  A member of my staff gathered information on any Registration Forms and Claim Form submission data and document uploads for the Claimant Identification Numbers and Claimant Names below. The first listed filing was by Mr. Congeni; the other filings were by Mr. Ledbetter.

|    | **Claimant ID** | **Claimant Name** | **Date Registration Form Filed** |
|----|-----------|--------------------------------------|---------|
| 1. | 100325530 | Kiva Construction and Engineering, Inc. | 6/3/15 |
| 2. | 100294052 | Coastal Business Products, Inc.[1] | 6/2/15 |
| 3. | 100296630 | Coastal Brick, LLC | 6/5/15 |
| 4. | 100298348 | Psychological Medical Solutions, Inc. | 6/5/15 |
| 5. | 100326742 | Brandon O. Stewart PA | 6/8/15 |
| 6. | 100326752 | Dan Karpuk Heating & Air, Inc. | 6/5/15 |
| 7. | 100326757 | Teel & Waters Realty Co Inc | 6/5/15 |
| 8. | 100327287 | Allen Ray McGinnis Architect LLC | 6/8/15 |
| 9. | 100327802 | Elzbieta Monika Stinebaugh | 6/8/15 |

8.  The Portal information revealed that despite the uploading of other documents, no Claim Form was electronically initiated, completed, or submitted by any of these Claimants on or before the 6/8/15 Claim Form filing deadline. We did not identify any technical glitches or system errors that would have prevented the electronic completion and submission of the Claim Forms. Furthermore, none of the Claimant files above contained hard copy Claim Forms submitted on or before the filing deadline.

9.  An issue was raised by Mr. Congeni about a "pop-up blocker" on **his** computer. A pop-up blocker is a program that prevents pop-up windows from displaying in a user's web browser (Chrome, Internet Explorer, Safari, or any other web browser). These pop-up windows are normally used for advertising purposes on the internet. A pop-up blocker is an option found within the browser software that has been installed on a specific device of a user (the user's computer, laptop, or tablet) to prevent advertisements from appearing on the user's screen. Each person on

---

[1] Counsel in Rec. Doc. 22042 provided dates purporting to indicate when the Claimants initiated their Claims in the Portal. For example, Claimant 100294052 had an "Initiated No Later Than" date of 7/24/14. This date corresponds to the date on which the Claimant only created a Username and Login Account in the Portal, at which point documentation submitted by the Claimant to the Gulf Coast Claims Facility was transferred into the Claimant's Settlement Program File. Other documents (but no Claim Form) were uploaded on 6/2/15.

Exhibit A

his or her personal device can change the settings on his or her web browser to display or not display pop-up windows within the web browser. As such, any pop-up blocker at issue would be contained on the device of (and controlled by) the Claimant or counsel rather than on the DWH Application of the CSSP web server.

10. Moreover, the DWH Application's Claim Form submission process utilizes a web page, an industry standard display and input screen, which is not a pop-up window. This web page utility generates a separate prompt(s) on the screen visible to the user and on which the user can continue to fill out a Claim Form online, without "popping-up" an entirely separate window (see Exhibit C for a screenshot of the "web page" prompt). For this reason, even if a pop-up blocker was enabled on the user's device, it would not interfere with the user initiating, completing, and submitting a Claim Form in the Portal.

11. Mr. Congeni contends that there was a known issue in the DWH Application with pop-up blockers. The DWH Application uses a pop-up window when displaying a document to a user because it relies on a generic PDF reader utilized by the industry in displaying these documents. The DWH Application also utilizes a pop-up window when a user uploads a document to the Portal. To the extent a user has enabled a pop-up blocker on his or her **own** personal device, these windows may be blocked. This, however, is not an issue with the DWH Application but rather a result of the user choosing to enable his or her pop-up blocker within their browser software to block these windows, and this would not prevent a Claimant from initiating, completing, and submitting a Claim Form in the Portal.

Executed on May 18, 2017.

Robert Staneart

_____