UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL NO. 2179** |
| **"Deepwater Horizon" in the Gulf of** | * | |
| **Mexico, on April 20, 2010** | * | **SECTION J** |
| | * | |
| **This Document Relates To:** | * | **JUDGE BARBIER** |
| | * | |
| *Case No. 12-970* | * | **MAGISTRATE JUDGE WILKINSON** |
| | * | |

## BP'S RESPONSE IN OPPOSITION TO MOTIONS AND OBJECTION BY COASTAL BUSINESS PRODUCTS, *ET AL.*, AND CLAIMANT 100325530

BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), pursuant to the Court's May 4, 2017 Order (Rec. Doc. 22779), hereby file their response to a motion and an objection to the February 14, 2017 Status Report by the Claims Administrator for the Economic and Property Damages Settlement filed by Coastal Business Products, *et al.*, and a motion filed by Claimant 100325530.[1] Coastal Business Products, Dan Karpuk Heating & Air Inc., Psychological Medical Solutions, Teel & Waters Realty Company, Coastal Brick, LLC, Allen Ray McGinnis, Brandon O. Stewart, PA, and Elzbiata Stinebaugh's (collectively with Claimant 100325530, "Movants") request for an injunction and Claimant 100325530's request for its claim to be deemed timely filed (collectively, the "Motion") are meritless. If, on one hand, Movants filed valid and timely claims with the Settlement Program, then those claims will be resolved in due course. Should Movants disagree with the determinations, they can appeal pursuant to Section 6 of the Settlement Agreement. And if, on the other hand, it is found that

---

[1] These filings are (1) the Emergency Motion of Coastal Business Products, Dan Karpuk Heating & Air Inc., Psychological Medical Solutions, Teel & Waters Realty Company, Coastal Brick, LLC, Allen Ray McGinnis, Brandon O. Stewart, PA, and Elzbiata Stinebaugh for a Mandatory Injunction Against the Claims Administrator To Process and Consider Claims (Rec. Doc. 22042); (2) the Coastal Business Products Movants' Objection to the Report of the Claims Administrator (Rec. Doc. 22307); and (3) Claimant 100325530's Amended Motion for Entry of an Order Deeming BP Claim To Be Timely Filed (Rec. Doc. 22036).

1

Movants did not file valid and timely claims, then Movants have no right to determinations of non-existent claims. In either case, there is neither basis nor need for emergency intervention by the Court, much less for an injunction. In short, by any measure, the Motion should be denied.

Under the Court's order governing data access, BP does not have access to whatever documents, if any, Movants purport to have filed with the Settlement Program. Accordingly, BP is not in a position to comment on whether Movants in fact have filed valid claims, whether substantively or procedurally. For purposes of the Motion, however, it does not matter if Movants, in fact, filed claims with the Settlement Program. Either way, the Motion should be denied.

To begin, if Movants filed valid claims with the Settlement Program, then those claims will be resolved when the Settlement Program is finished with its review. Judicial review prior to the completion of claims processing is not permitted. *See In re Deepwater Horizon*, 669 Fed. App'x 704, 705 (5th Cir. Oct. 17, 2016) (per curiam) (no jurisdiction to review claimant's attempt to sidestep the orderly claims review process by filing a motion in the District Court). Although the Settlement Program is making good progress towards completing all claims, some still remain outstanding. Once the Settlement Program issues determinations, Movants may seek review of the determinations (including review by the Appeal Panel and a request for discretionary review by the Court) pursuant to Section 6 of the Settlement Agreement.

However, if it is determined that Movants did not timely file completed claims forms with the Settlement Program, then by definition Movants may not participate in the Settlement. Indeed, Section 4.4.5 of the Settlement Agreement is explicit:

> ***Economic Class Members must submit Claim Forms to participate in the Settlement Program.*** Each Claim Form must be signed under penalty of perjury and individually signed by the Natural Person or Entity who or which suffered

>  damages.  Regardless of whether Claim Forms are submitted individually or in a group, each Claim Form must independently satisfy the relevant requirements.

Settlement Agreement, § 4.4.5 (emphasis added).

Simply put, under the Settlement Agreement, no claim comes into existence unless and until the claimant has timely submitted a completed claim form and the other required documentation.  *See id*. at § 38.19 ("Claim shall mean any demand or request for compensation (other than Bodily Injury Claims or Expressly Reserved Claims), ***together with any properly completed form*** and accompanying required documentation, submitted by a Claimant to the Settlement Program.") (emphasis added).  Pursuant to Section 5.11.8 of the Settlement Agreement, the deadline to submit such a "properly completed form" was June 8, 2015.  *Id.* at § 5.11.8 ("For all Claims other than those made under the Seafood Compensation Program, ***the deadline for submission of Claim Forms*** to the Settlement Program shall be April 22, 2014 or 6 (six) months after the Effective Date, whichever occurs later ….") (emphasis added).

This language means what it says.  In *In re Deepwater Horizon*, 814 F.3d 748 (5th Cir. 2016) (Willkomm appeal), the Fifth Circuit affirmed this Court's denial of a request by a claimant to require the Settlement Program to process a request for compensation where the claimant had not filed the required claim form.  The Fifth Circuit's analysis was straightforward: "The settlement agreement ***clearly designates the claim form as the manner in which claims should be submitted***, and no claim forms were submitted for the two parcels at issue …."  *Id.* at 751 (emphasis added).

Against this clear authority, Movants' arguments lack merit.  Contrary to Movants' assertion, Rule 8 of the Rules Governing Appeals Process does not suggest a different result.  Rule 8 simply provides that a claimant must first seek reconsideration before filing an appeal pursuant to Section 6 of the Settlement Agreement.  However, there can be no request for

3

reconsideration of a claim that was never filed and thus never came into existence.  Nothing in Rule 8 alters the claim form requirement or allows a claimant to sidestep the Settlement Program and process.

Similarly, Movants' assertion that "due process" somehow requires the Settlement Program to process a non-existent claim has been directly rejected by the Fifth Circuit:  "[T]he enforcement of a properly noticed deadline generally does not effect a due process violation." *Id*. at 752. *Cf. In re Deepwater Horizon*, 819 F.3d 190, 198-99 (5th Cir. 2016) (Mason/Seacor appeal) (rejecting a due process challenge by a party who failed to opt out of the settlement class).

Still further, Movants' efforts to invoke the Settlement Agreement's processes for remedying incomplete documentation of timely filed claims forms, by their very terms, have no application where, as may be the case here, a party has failed to timely file a claim form in the first instance.  One cannot update a claim that was never filed.

Finally, Movant's argument that the "claims process … is a legal fiction" that must give way to the federal rules governing District Court litigation is simply wrong.  The Economic Class and BP, subject to the Court's approval (which was granted and affirmed on appeal), were free to and did fashion a class settlement system designed to function differently than litigation conducted pursuant to the federal rules.

In sum, if Movants did not timely file completed claims forms, Movants have no claims and may not participate in the Settlement.  Conversely, if Movants did file timely completed claims forms and otherwise satisfied the Settlement Agreement's documentation requirements, the claims will be determined in due course and Movants can then avail themselves to the appeal rights under Section 6 of the Settlement Agreement.  Either way, there is no reason or basis for

4

Movants' request for an emergency injunction, to reject the Claims Administrator's Status Report, or to deem claims timely filed. The Motion should be denied.

May 18, 2017                              Respectfully submitted,

                                          */s/ Don Haycraft*
                                          Don Haycraft (Bar #14361)
                                          R. Keith Jarrett (Bar # 16984)
                                          **LISKOW & LEWIS**
                                          One Shell Square
                                          701 Poydras Street, Suite 5000
                                          New Orleans, Louisiana 70139-5099
                                          Telephone: (504) 581-7979
                                          Fax: (504) 556-4108

                                          Matthew T. Regan, P.C.
                                          J. Andrew Langan, P.C.
                                          Kristopher S. Ritter
                                          **KIRKLAND & ELLIS LLP**
                                          300 North LaSalle
                                          Chicago, IL 60654
                                          Telephone:  (312) 862-2000
                                          Fax: (312) 862-2200

                                          Jeffrey Bossert Clark
                                          KIRKLAND & ELLIS LLP
                                          655 Fifteenth Street, N.W.
                                          Washington, DC 20005
                                          Telephone: (202) 879-5000
                                          Facsimile: (202) 879-5200

                                          Christopher Keegan
                                          KIRKLAND & ELLIS LLP
                                          555 California Street
                                          San Francisco, CA 94104
                                          Telephone: (415) 439-1400
                                          Facsimile: (415) 439-1500


                                          *Attorneys for BP America Production Company and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of May, 2017.

                */s/ Don Haycraft*
                Don Haycraft