# Exhibit A

**Claimant ▮▮▮'s Request for Discretionary Review
Claimant ID ▮▮ 12719; Claim ID 74482**

▮▮ is a Multi-Facility Business, headquartered in Louisville, Mississippi, which through its wholly-owned subsidiaries operates seven facilities in Mississippi and one in Arkansas. ▮▮ filed a consolidated claim on September 6, 2012. Doc. ID 4102881. This was in accordance with Exhibit 5 of the Settlement Agreement, which provides in pertinent part that a "Multi-Facility Business . . . may, at its option, elect to file . . . a consolidated claim on behalf of all Facilities located in the Gulf Coast Areas."

During the course of the claim review process, the program vendor advised ▮▮ that it would not process ▮▮ claim as a consolidated claim, and required ▮▮ and its wholly-owned subsidiaries to file separate, individual claims based on the EIN (taxpayer identification number) of each. Doc. ID 20050278 at Ex. 1. When ▮▮ inquired as to why this was being required, the only response was that an "unpublished" policy of the Settlement Program required claims to be processed in this manner. Despite repeated requests for more information concerning this "unpublished" policy, the program vendor stated it was "not in a position to share" the policy with TTG. Doc. ID 20050278 at Ex. 2.

With no other option, ▮▮ complied with the program vendor's requirement, and filed separate, individual claims for it and its wholly-owned subsidiaries. After "un-consolidating" ▮▮ claim, the program vendor determined that ▮▮ individual claim did not meet causation. While the program vendor's calculation notes recognized that "[t]he claimant intended to file a consolidated claim for the parent company and all subsidiaries," Doc. ID 18415418, Calculation Note 7, there is no explanation of why ▮▮ was not permitted to file a consolidated claim as allowed by Exhibit 5 of the Settlement Agreement. The Appeal Panelist affirmed this decision, but did not cite any provision of the Settlement Agreement supporting it.

▮▮ submits that the Settlement Program's refusal to process ▮▮ consolidated claim

{B2483719}

does not follow the terms of the Settlement Agreement, which allow for such claims. This further violates the overarching mandate of the Settlement Agreement that the Claims Administrator is "to 'implement and administer' it 'for the benefit of the Economic Class' so as to provide members of the Class with 'the best opportunity to be determined eligible.'" Appeal Panel Decision 2014-166 (quoting Section 4.3.7 of the Settlement Agreement). It also violates Section 4.3.8 of the Settlement Agreement, which requires the Claims Administrator to process each claim "to produce the GREATEST ECONOMIC DAMAGE COMPENSATION AMOUNT" available to the claimant.

I.   **THE SETTLEMENT PROGRAM'S REFUSAL TO PROCESS ▇▇▇ CLAIM AS A CONSOLIDATED CLAIM VIOLATES EXHIBIT 5 TO THE SETTLEMENT AGREEMENT.**

Nothing in the Settlement Agreement supports the program vendor's refusal to process ▇▇▇ consolidated claim, and instead requiring ▇▇▇ to submit separate claims based on EINs. Neither the definition of "Entity" in Section 38.65 of the Settlement Agreement nor the definition of "Multi-Facility Business" in Exhibit 5 to the Settlement Agreement make any reference to EINs as a determining or relevant factor. The Appeal Panelist determined that an "Entity" is defined by having a separate EIN, but there is nothing in the Settlement Agreement's definition of "Entity" that supports this conclusion.

Furthermore, despite ▇▇▇ repeated requests for the program vendor to identify any policy which supports its refusal to process ▇▇▇ claim as a consolidated claim, ▇▇▇ has been pointed to no such policy (whether it be a Claims Administrator Decision, a policy "Agreed to by the Parties," or a court-approved policy). Indeed, the Settlement Program's treatment of ▇▇▇ and its wholly-owned subsidiaries is inconsistent with the Program's treatment of other such Entities. *See* Appeal Panel Decision 2014-973 (determining that a holding company was an excluded oil and gas business based on the activities of its wholly-owned subsidiaries, despite

the fact that such subsidiaries were separate legal entities); s*ee also* Appeal Panel Decision 2016-283 (finding a claimant was an excluded real-estate developer by looking to the operations of the subsidiary and its parent, rather than focusing on the operations of one or the other in isolation).

II. **THE SETTLEMENT PROGRAM'S DECISION VIOLATES SECTIONS 4.3.7 AND 4.3.8 OF THE SETTLEMENT AGREEMENT.**

As argued by ▓ on appeal, Doc. ID 20321425, Section 4.3.7 requires the Settlement Program to "<u>use its best efforts</u> to provide Economic Class Members with <u>assistance, information, opportunities</u> and <u>notice</u> so that the Economic Class Member has <u>the best opportunity to be determined eligible</u>." (Emphasis added). Despite its repeated requests, ▓ was not provided information or notice concerning why the program vendor refused to process ▓ claim as a consolidated claim. To the contrary, the program vendor advised that its decision was based on an "unpublished" policy that it was "not in a position to share" with ▓ Doc. ID 20050278 at Ex. 2. Denying a claim that otherwise passes causation, based solely on a secret policy the details of which remain hidden from ▓ hardly complies with Section 4.3.7's mandate that the Claims Administrator to provide ▓ "with assistance, information, opportunities and notice so that [▓] has the best opportunity to be determined eligible."

Furthermore, Section 4.3.8 of the Settlement Agreement requires the Claims Administrator to process claims in the way that achieves the highest possible award for the claimant. Here, processing ▓ claim as a consolidated claim results in an estimated claim amount of ▓ while refusing to process ▓ claim as a consolidated claim results in ▓ claim being denied

### Conclusion

▓ respectfully requests that the Settlement Program's refusal to process ▓ claim as a consolidated claim be reversed.