UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL No. 2179 SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: *No. 12-970* | * * | MAG. JUDGE WILKINSON |

## ORDER

The following matters are before the Court:

1. Petitioners' Emergency Motion for a Preliminary, Mandatory Injunction Requiring the Claims Administrator to Process Petitioners' Claims (Rec. Doc. 22042)

2. Objection to the Report of the Claims Administrator (Rec. Doc. 22307)

3. Amended Motion for Entry of Order Deeming BP Claim to Be Timely Filed (Rec. Doc. 22306)

(collectively, the "Motions"). The Court has requested and received responses from BP (Rec. Doc. 22852) and the Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Program ("Settlement Program") (Rec. Doc. 22851).

Movants are nine individuals and business entities that attempted to file claims with the Settlement Program. The Claims Administrator viewed each of these claims as untimely, because no Claim Form was submitted by the June 8, 2015 deadline. Consequently, the Settlement Program did not process Movants' claims, nor did it issue a formal determination—denial or otherwise.

There is no dispute that Movants submitted some documents to the Settlement Program on or before June 8, 2015. Movants' attorneys state, in a sworn affidavit and/or in supporting memoranda, that they "believe" or "recall" filing the Claim Form by the June 8, 2015 deadline,

although they provide no documentary evidence to support this assertion. Movants urge that if in fact they did not file a Claim Form by the June 8, 2015 deadline, the Court should for a variety of reasons deem their claims as timely filed and require the Settlement Program to process them.

The Court views the Motions as akin to requests for discretionary review under § 6.6 of the Economic Settlement or, alternatively, as a request that the Court exercise its continuing jurisdiction to enforce, implement, and interpret the Settlement under § 18.1. *See In Re Deepwater Horizon*, 641 F. App'x 405, 407 (5th Cir. March 8, 2016).[1] Because this issue affects nine would-be claimants, and perhaps others,[2] the Court exercises its discretion to consider these matters. However, for essentially the reasons provided by the Claims Administrator and BP, the Court finds that Movants' claims are untimely and denies Movants' request to deem them timely submitted, assuming the terms of the Settlement would permit such action. Accordingly,

IT IS ORDERED that Petitioners' Emergency Motion for a Preliminary, Mandatory Injunction Requiring the Claims Administrator to Process Petitioners' Claims (Rec. Doc. 22042) and the Amended Motion for Entry of Order Deeming BP Claim to Be Timely Filed (Rec. Doc. 22306) are DENIED; and

IT IS ORDERED that the Objection to the Report of the Claims Administrator (Rec. Doc. 22307) is OVERRULED.

New Orleans, Louisiana, this 24th day of May, 2017.

_____
United States District Judge

---

[1] Claimants ordinarily must first exhaust the Settlement's internal appellate remedies before seeking review from this Court. However, because the Claims Administrator does issue formal determinations in instances such as this, Movants are unable to avail themselves of the Settlement's internal appellate mechanisms. Therefore, the Court will not deny the Motions for failing to abide by the usual process (re-review, reconsideration, appeal, discretionary review).

[2] *See* Hron Declaration ¶ 2 (Rec. Doc. 22851-2).