UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION J |
| | * | |
| Applies to: All Cases (including C.A. 12-970) | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

## INTERIM ORDER
### [Implementing Fifth Circuit Opinion Re Policy 495]

On May 22, 2017, a panel of the Fifth Circuit Court of Appeals in its Case No. 15-30377 issued its opinion (the "495 Opinion") ruling that the reallocation of revenues was inconsistent with the plain text of the Settlement Agreement and that all Business Economic Loss, to include Start-Up Business Economic Loss and Failed Business Economic Loss (collectively "BEL") claims that would otherwise be processed under the "ISMs"[1] shall be subject to the "AVMM"[2], and remanded to this Court for further proceedings consistent with the 495 Opinion. Pending the issuance of the mandate, the Court orders as follows:

**IT IS ORDERED** that the Claims Administrator shall continue to process, but not issue final determinations on or pay, any and all BEL claims determined by the Claims Administrator to involve ISMs but in doing so shall apply the AVMM to such claims.

**IT IS FURTHER ORDERED** that in processing any other BEL claims where the Claims Administrator uses the AVMM to achieve sufficient matching, the Claims Administrator shall not reallocate revenues, except for the purpose of correcting errors.

---

[1] "ISMs" are industry specific methodologies generally applied to claimants engaged in the construction, education, agriculture and professional services claim categories.
[2] The "AVMM" is an annual variable margin methodology generally applied to all other BEL claims.

1

**IT IS FURTHER ORDERED** that unless or until directed to the contrary by the Claims Administrator, claimants or their attorneys shall not be required to provide to the Settlement Program any documentation or information requested by the Claims Administrator prior to the date of this Order that had been requested solely for the purpose of the application of the ISMs, but no other deadlines shall be extended or affected by this Order, except to the extent authorized by the Settlement Program, in its sole discretion, under its normal and customary procedures.

**IT IS FURTHER ORDERED** that the consideration of any BEL claims currently on appeal before the Appeals Panel involving ISMs or otherwise involving the restatement of revenues (except for the purpose of correcting errors) shall be remanded to the Settlement Program for further consideration and processing in accordance with the 495 Opinion.

**IT IS FURTHER ORDERED** that this Interim Order shall have no effect upon any claims that (a) were paid prior to the date of this Order or (b) had received a final Eligibility Notice, Denial Notice, or Incompleteness Denial Notice and for which all opportunities for Re-Review, Reconsideration, Appeal, Discretionary Review, or Fifth Circuit Appeal have been exhausted, or for which all deadlines to exercise those rights have expired.

Signed in New Orleans, Louisiana this 25th day of May, 2017.

_____
United States District Judge