UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 |
| | * | SECTION J |
| | * | JUDGE BARBIER |
| Applies to: All Cases (including C.A. 12-970) | * * | MAG. JUDGE WILKINSON |

## EX PARTE MOTION BY THE CLAIMS ADMINISTRATOR TO DISSOLVE AUDIT COMMITTEE AND DISCHARGE ITS MEMBERS

**NOW INTO COURT,** through his undersigned counsel, comes Patrick A. Juneau, as Claims Administrator ( the "Claims Administrator") of the Deepwater Horizon Court Supervised Economic and Property Damages Settlement Program (the "CSSP"), who moves, *ex parte*, pursuant to this Court's Local Rule 7.3, and without objection by BP Exploration & Production Company, Inc. ("BP") or Class Counsel, for the entry of the accompanying Order: (a) dissolving the Deepwater Horizon Court-Supervised Settlement Program Audit Committee (the "Audit Committee"); and (b) discharging its member and chairman, Lloyd Tate ("Tate"), and its other member, Dr. Larry Crumbley ("Crumbley"), from, and relieving them of, all duties and responsibilities, all effective May 31, 2017 based on the following:

1. The Audit Committee was created and appointed by this Court's April 16, 2014 Order [Doc. 12682] (the "Audit Committee Order").

1

2. By the Audit Committee Order, a three-member Audit Committee was established, with Raymond Lamonica ("Lamonica") as Chairman, Tate as one member, and Crumbley as the third member.

3. By this Court's Order dated December 15, 2015 [Doc. 15660], Lamonica's resignation from the Audit Committee as chairman and member was recognized and approved so that he could be re-designated as Co-Documentation Reviewer, leaving Tate and Crumbley as the Audit Committee's two remaining members, who then elected Tate as Chairman.

4. The re-constituted Audit Committee has served ably and with distinction and has provided valuable services to the CSSP since December, 2015.

5. As reflected in the April 15, 2014 Motion to Establish Audit Committee and Appoint its Three Members [Doc. 12672] and the Memorandum in support [Doc. 12672-1], which were the predicate for the entry of the Audit Committee Order, the main reasons for the establishment of, and purposes for, the Audit Committee were to (a) make recommendations to the Claims Administrator for improvements to the CSSP based on audit work performed by CliftonLarsonAllen, LLP and McGladrey, LLP, and (b) recommend an efficient internal quality assurance/quality control process.

6. As a result of the efforts of the Audit Committee, those goals have been met.

7. Pursuant to the "Charter of the Deepwater Horizon Court-Supervised Settlement Program Audit Committee" adopted as of June 2, 2016 (the "Audit Committee Charter"), "[T]he Committee shall remain in existence until dissolved by order of the Court, and each Member shall continue to serve until . . . discharge by order of the Court."

8. After consultation with Tate and Crumbley, as well as BP and Class Counsel, and with their concurrence, the Claims Administrator has concluded that, especially in view of the

anticipated wind-down of the CSSP, the purposes of the Audit Committee have been satisfied, and that the Audit Committee can and should be dissolved, and that Tate and Crumbley should be discharged from, and relieved of, all duties and obligations as members and chairman, effective May 31, 2017, but with the same immunity as judges and continued indemnification by the Settlement Trust from and against all claims or demands against them arising out of their services on and for the Audit Committee, except for action or inactions finally adjudicated to constitute intentional wrongdoing or gross negligence.

**WHEREFORE**, the Claims Administrator prays that this *Ex Parte* Motion be granted and that the accompanying Order be entered, (a) dissolving the Audit Committee; and (b) discharging its member and chairman, Tate, and its other member, Crumbley, from, and relieving them of, all duties and responsibilities, all effective May 31, 2017, but with the same immunity as judges and continued indemnification by the Settlement Trust from and against all claims or demands against them arising out of their services on and for the Audit Committee, except for action or inactions finally adjudicated to constitute intentional wrongdoing or gross negligence.

New Orleans, Louisiana this 30th day of May, 2017.

                                            Respectfully submitted,

                                            *s/J. David Forsyth*
                                            J. David Forsyth
                                            Louisiana Bar No.5719
                                            Sessions Fishman Nathan & Israel LLC
                                            201 St. Charles Avenue, Suite 3815
                                            New Orleans, LA 70170
                                            Tel: 504.582.1500 / Fax: 504.582.1555
                                            jdf@sessions-law.com
                                            *Attorney for Patrick A. Juneau, as Claims Administrator of the Deepwater Horizon Court Supervised Economic and Property Damages Settlement Program*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 30th day of May, 2017.

                                                s/*J. David Forsyth*
                                                J. David Forsyth