UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISINA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | ) ) ) ) ) ) | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

| | | |
|---|---|---|
| GAUCI CUSTOM BUILDERS, LLC d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC, WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC, KAREN GAUCI Individually, and JOSEPH V. GAUCI Individually<br><br>Plaintiffs,<br><br>V.<br><br>BRENT COON & ASSOCIATES LAW FIRM, P.C., BRENT COON, ERIC W. NEWELL, JOHN THOMAS, BISKOBING LAW, P.C. and DOUG KRAUS<br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **This document also relates to**<br><br>**CIVIL ACTION NO. 2:17-cv-02881** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' SUIT UNDER FRCP 12(B)**

Defendants Brent Coon & Associates Law Firm, P.C., Brent Coon, Eric W. Newell, and John Thomas (hereinafter collectively referred to as the "BCA Defendants") file this Memorandum in Support of Motion to Dismiss Plaintiffs' Suit under Federal Rule of Civil Procedure 12(b).

**I.  DISMISS PLAINTIFFS' SUIT FOR LACK OF PERSONAL JURISDICTION UNDER FRCP 12(B)(2)**

1. BCA Defendants are all nonresidents of the forum state and have had no purposeful contacts with the State of Louisiana. Defendant Brent Coon & Associates Law Firm, P.C. is

a corporation and does not do business in Louisiana. Defendant conducts business primarily in Beaumont, Texas and Houston, Texas.

2. Defendant Brent W. Coon is an individual residing in Beaumont, Texas.

3. Defendant Eric W. Newell is an individual residing in Beaumont, Texas.

4. Defendant John Thomas is an individual residing in Beaumont, Texas.

5. Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92, 100 S.Ct. 559, 564 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

### A. NO MINIMUM CONTACTS

6. Under the minimum-contacts analysis, the court must determine whether the nonresident defendant has purposefully availed itself of the benefits and protections of the forum state by conducting activities within the forum state. *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 109, 107 S.Ct. 1026, 1030 (1987); *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-19 (8th Cir. 1994). In measuring minimum contacts, the court should consider the following: (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Bell Paper Box*, 22 F.3d at 819. Minimum contacts are not established unless the court finds it has either specific or general jurisdiction over the defendant. *See Vetrotex CertainTeed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996); *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993).

7. The court cannot exercise specific jurisdiction over a nonresident defendant unless the nonresident defendant's activities were "purposefully directed" to the forum state and the litigation resulted from alleged injuries that "arise out of" or "relate to" those activities. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872 (1984). The court does not have specific jurisdiction over any of the named defendants, because Defendants did not purposefully direct their activities to Louisiana and Plaintiffs' cause of action did not arise from or relate to Defendants' contacts with Louisiana. Rather, Plaintiffs' cause of action arose from litigation on a lawsuit that was initially filed in Texas and was subsequently transferred to the MDL 2179 in Louisiana, by statute.

8. The court cannot exercise general jurisdiction over a nonresident defendant unless there are continuous and systematic contacts between the nonresident defendant and the forum state. *See Helicopteros*, 466 U.S. at 416, 104 S.Ct. at 1873. The court does not have general jurisdiction over the named Defendants because Defendants have not had continuous or systematic contacts with Louisiana

9. Defendants' contacts, if any, with Louisiana have been minimal and sporadic.

**B.   NO FAIR PLAY**

10. This court's assumption of jurisdiction over Defendants and their property will offend traditional notions of fair play and substantial justice, and will be inconsistent with the constitutional requirements of due process. *See International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158. The court should decline to exercise jurisdiction over the named Defendants because there will be a substantial burden on all Defendants. Given that no parties in this litigation are Louisiana residents, there is no real interest in Louisiana to adjudicate the matter in that state. The most convenient and efficient place to adjudicate this matter is not

the Eastern District of Louisiana, as NO parties and virtually none of the potential witnesses reside there.

11.     The court's assumption of jurisdiction over the named Defendants and their property will place an extraordinary burden on Defendants because none of the records, files, or witnesses to the allegations in Plaintiffs' complaint are located in Louisiana.

12.     If the court denies this motion, it will assume jurisdiction in a dispute in which the forum has no interest because no active party to this case lives in or regularly conducts business in Louisiana, including the Plaintiffs.

13.     The court's assumption of jurisdiction over Defendants and their property will allow Plaintiffs to prosecute their suit in the forum state even though they can obtain the same or similar relief in the Eastern District of Texas.  The assumption of personal jurisdiction over Defendants would serve no interest of this district court.

14.     The court's assumption of jurisdiction over Defendants and their property will prevent the parties from resolving this dispute more efficiently in another forum.  The Eastern District of Texas – Beaumont Division is a much more convenient forum.  With the exception of the Plaintiffs themselves (who have already consented to travel to a forum outside their home state by virtue of filing in Louisiana), all of the records, files, and witnesses to any allegation are located in Beaumont, Texas.

15.     The court's assumption of jurisdiction over Defendants and their property will not further any substantive policy interest of the several states.

**C.     D&#x1d07;&#x1d1b; P&#x1d0b;&#x1d0f;&#x1d04;&#x1d07;&#x1d21;&#x1d07; V&#x1d22;&#x1d0f;&#x1d0d;&#x1d00;&#x1d1b;&#x1d22;&#x1d0f;&#x1d0f;**

16.     The court's assumption of jurisdiction over Defendants and their property will violate Defendants' due process rights guaranteed under the constitutions of Louisiana, Texas and the United States.

**D.   CONCLUSION**

17. BCA Defendants have had no minimum contacts with Louisiana. Furthermore, the Court's assumption of jurisdiction over Defendants will offend traditional notions of fair play and substantial justice and will be inconsistent with due process of law. BCA Defendants ask the Court to Dismiss all of Plaintiffs' Claims because this Court lacks personal jurisdiction under F.R.C.P. 12(b)(2).

**II.   DISMISS PLAINTIFFS' SUIT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER FRCP 12(B)(6)**

**A.   STANDARD OF REVIEW**

18. Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though Plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. Citations omitted. The complaint must state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Wilerson v. New Media Tech. Charter School Inc.*, 522 F.3D 315, 321 (3d Cir. 2008). quoting *Twombly,* 550 U.S. at 556. The Court of Appeals has recently made clear that after *Ashcroft v. Iqbal.* 556 U.S. 662 , 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out

'sufficient factual mater' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, No. 07-4285, 2009 WL 2501662, at * 4 (3d Cir. 2009). The Court of Appeals also set forth a two-part analysis for reviewing motions to dismiss in civil actions in light of *Twombly* and *Iqbal*: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at *5. Quoting *Iqbal*, 129 S. Ct. at 1950. The Court of Appeal explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its fact." *Id.*, citing *Phillips v. County of Allegheny*, 515 F. 3d 224, 234-35 (3d Cir. 2008). "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949.

**B. ARGUMENT**

19. The court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that Plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984).

20. In the complaint, Plaintiffs alleged that "all Defendants have engaged in at least some wrongful acts and omissions rendering them liable for part or all of the damages complained of herein." If Plaintiffs prove this allegation, Plaintiffs have not set forth the essential elements necessary to state a claim upon which relief can be granted.

21.     Plaintiffs attempted to state a cause of action for breach of contract. The elements for a cause of action for breach of contract include: (1) The existence of a valid contract, (2) a breach of the contract's terms, and (3) damages for the breach of contract.

22.     Plaintiffs, however, did not allege each element of a breach of contract. Plaintiffs did allege the existence of a valid attorney client contract. However, Plaintiffs did not allege any specific term in the contract that BCA Defendants allegedly breached. Finally, Plaintiffs have made conclusory accusations that their underlying claim against BP was worth $12,000,000.00, but have not provided any support for this number. Therefore, even if Plaintiffs prove the facts alleged in the complaint, Plaintiffs cannot prove the elements necessary to state a claim for breach of contract.

23.     Plaintiffs attempted to state a cause of action for negligent or intentional misrepresentation.

24.     The elements for negligent misrepresentation include:

   a. The Defendants made a false representation as to a past or existing fact;

   b. The Defendants had no reasonable grounds for believing it to be true;

   c. The Defendants made the representation with the intent to induce the Plaintiffs to rely on it;

   d. The Plaintiffs believed the misrepresentation and reasonably relied on it;

   e. As a result of the reliance on the misrepresentation, the other Plaintiffs suffered damages.

25.     The elements for intentional misrepresentation include:

   a. The Defendants represented to Plaintiffs that an important fact was true;

   b. That Defendants' representation was false,

   c. That Defendants knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth;

   d. That Defendants intended that Plaintiffs rely on the representation;

  e. That Plaintiffs reasonably relied on Defendants representation;

  f. That Plaintiffs were harmed, and

  g. Plaintiffs' reliance on Defendants' representation was a substantial factor in causing his harm.

26. Plaintiffs, however, did not allege any elements for either intentional or negligent misrepresentation. Therefore, even if Plaintiffs prove the facts alleged in the complaint, Plaintiffs cannot prove the elements necessary to state a claim for intentional or negligent misrepresentation.

27. Finally, Plaintiffs have made cursory allegations that the alleged wrongdoings were made, authorized, and/or ratified by all Defendants. However, Plaintiffs have failed to cite any specific facts in support of this allegation. Therefore, in the event the Court finds that Plaintiffs have alleged sufficient elements to support a cause of action, they have not included enough specificity as to who the allegations are directed at to move forward with the claims.

## C. CONCLUSION

28. BCA Defendants request that because Plaintiffs did not state a claim on which relief can be granted, the court should dismiss the suit.

## III. DISMISS PLAINTIFFS' SUIT, OR ALTERNATIVELY A STAY, DUE TO ARBITRATION CLAUSE UNDER FRCP 12(B)(3)

29. Plaintiffs agreed to an arbitration provision when they signed the Contract and Power of Attorney with Brent Coon & Associates. The text of that provision is listed below:

**DISPUTE RESOLUTION**

15.1 UNLESS EXEMPTED UNDER THE LOUISIANA CIVIL PRACTICE AND REMEDIES CODE, ANY DISPUTES ARISING UNDER OR RELATING TO THE INTERPRETATION, ENFORCEMENT OR ALLEGED BREACH OF ANY LEGAL, FIDUCIARY, OR OTHER DUTIES UNDER THIS AGREEMENT, AND ANY DISPUTES ARISING UNDER OR RELATING TO THE NEGOTIATION OR FORMATION OF THIS AGREEMENT, SHALL BE SUBMITTED TO BINDING ARBITRATION IN LOUISIANA. JUDGMENT ON ANY ARBITRATION AWARD MAY BE ENTERED BY ANY COURT OF JURISDICTION. THIS INCLUDES ANY DERIVATIVE CLAIMS, INCLUSIVE OF LEGAL NEGLIGENCE, BREACH OF FIDUCIARY DUTY, FRAUD, DURESS, MISAPPROPRIATION OF FUNDS, OR ANY OTHER CLAIMS AGAINST THE LAW FIRM, ITS PARTNERS, ASSOCIATES, OR OTHER REPRESENTATIVES, ARISING OUT OF THE LEGAL SERVICES MADE THE BASIS OF THIS CONTRACT. THIS AGREEMENT SHALL BE INTERPRETED UNDER THE LAWS OF THE STATE OF LOUISIANA.

ANY AND ALL DISPUTES, CONTROVERSIES, CLAIMS, OR DEMANDS ARISING OUT OF OR RELATING TO THIS ASSIGNMENT OF INTEREST AND POWER OF ATTORNEY OR ANY PROVISION THEREOF, OR IN ANY WAY RELATING TO THE RELATIONSHIP BETWEEN ATTORNEY AND CLIENT SHALL BE RESOLVED BY BINDING ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT.

Client initials _____

IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES THEN IN EFFECT WITH THE AMERICAN ARBITRATION ASSOCIATION, AND NOT IN TRIAL. I SPECIFICALLY WAIVE MY RIGHT TO HAVE SUCH A DISPUTE CONSIDERED BY COURT AND JURY AND CONSENT TO THE SUBMISSION OF ANY SUCH DISPUTE TO AN ARBITRATOR SELECTED BY AN ATTORNEY AND MYSELF OR SELECTED BY THE COURT. SUCH ARBITRATION PROCEEDINGS SHALL BE CONDUCTED IN LOUISIANA AND IN ACCORDANCE WITH THE RULES AND PROCEDURES ADOPTED BY THE AMERICAN ARBITRATION ASSOCIATION, ANY SUCH DISPUTE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF LOUISIANA.

CLIENT UNDERSTANDS AND HEREBY ACKNOWLEDGES, BY SIGNING THIS AGREEMENT, THAT THERE ARE ADVANTAGES AND DISADVANTAGES OF ARBITRATION, INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING: (1) THE COST AND TIME SAVINGS FREQUENTLY FOUND IN ARBITRATION; (2) THE WAIVER OF SIGNIFICANT RIGHTS, SUCH AS THE RIGHT TO A JURY TRIAL, IN ARBITRATION; (3) THE POSSIBLE REDUCED LEVEL OF DISCOVERY OFTEN FOUND IN ARBITRATION PROCEEDINGS; (4) THE RELAXED APPLICATION OF THE RULES OF TRIAL IN ARBITRATION; (5) THE LOSS OF THE RIGHT TO A JUDICIAL APPEAL BECAUSE ARBITRATION DECISIONS CAN BE CHALLENGED ONLY ON VERY LIMITED GROUNDS; (6) THE PRIVACY OF THE ARBITRATION PROCESS COMPARED TO A PUBLIC TRIAL; AND (7) THE OBLIGATION OF CLIENT TO PAY SOME OR ALL OF THE FEES AND COSTS OF ARBITRATION, AND THOSE EXPENSES CAN BE SUBSTANTIAL. CLIENT ALSO UNDERSTANDS THAT THE ARBITRATION PROVISION ABOVE DOES NOT LIMIT LAW FIRM'S LIABILITY FOR MALPRACTICE.

6

Client Initials _____

**A.    PLAINTIFFS CLAIMS MUST BE DECIDED IN ARBITRATION.**

30.    The arbitration provision at issue provides that any disputes between attorney and client "…shall be resolved by binding arbitration pursuant to the Federal Arbitration Act. The FAA applies to an arbitration provision in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. The Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of 'affecting commerce' –

word of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.,* 539 U.S. 52, 56 (2003) (citation omitted). The Supreme Court has further explained the phrase "evidencing a transaction" means only that the transaction turns out, in fact, to have involved interstate commerce, "even if the parties did not contemplate an interstate commerce connection." *Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265, 277-81 (1995).

31. The FAA mandates that written agreements to arbitrate controversies "shall be valid, irrevocable, and enforceable." 9 U.S.C. §2. By enacting the FAA, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating,* 465 U.S. 1, 10 (1984). The FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (emphasis in original).

32. Pursuant to Section 3 of the FAA, 9 U.S.C. § 3, if "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is preferable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…." Under this provision, and issue is "preferable to arbitration." And litigation thereon must be stayed pending such arbitration, where (i) a valid written agreement to arbitrate exists between the parties; and (ii) an arbitral issue exists, *i.e.,* the dispute in question falls within the scope of the arbitration agreement. *Home Quality Mgmt., Inc. v. Ace American*

*Ins. Co.,* 381 F. Supp. 2d 1363, 1365 (S.D. Fla. 2005); *Pennzoil Exloration & Prod. Co. v. Ramco Energy Ltd.,* 139 F. 3d 1061, 1065 (5th Cir. 1998). Both elements are met in the case.[1]

**B.   CONCLUSION**

33.   Pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, and Federal Rules of Civil Procedure 12(b)(3), Defendants, Brent Coon & Associates Law Firm, P.C., Brent Coon, Eric W. Newell, and John Thomas, move the Court to stay this action pending arbitration of Plaintiffs Gauci Custom Builders, LLC d/b/a Gauci's Custom Building and Developing, LLC, Winter Garden Italian American Bistro, LLC, Karen Gauci Individually, and Joseph V. Gauci Individually ("Plaintiffs), claims; and alternatively, to dismiss for improper venue any non-arbitral claims which are not stayed.

**IV.   DISMISS PLAINTIFFS' SUIT FOR IMPROPER VENUE, OR ALTERNATIVELY TRANSFER TO A PROPER VENUE, UNDER FRCP 12(B)(3)**

34.   On April 4, 2017, Plaintiffs sued BCA Defendants for legal malpractice in the U.S District Court for the Eastern District of Louisiana.

35.   Venue is improper; therefore, the court should dismiss the suit or, in the alternative, transfer the suit to the Eastern District of Texas – Beaumont Division.

---

[1] Courts also look to whether the right to arbitrate has been waived. *See Home Quality Mgmt. Inc.,* 381 F. Supp. 2d at 1365. "A party may be deemed to have waived its right to arbitrate a dispute when a party seeking arbitration substantially invokes the judicial process to the determent or prejudice of the other party." *Stone v. E.F. Hutton & Co., Inc.,* 898 F.2d 1542, 1543 (11th Cir. 1990) (internal quotations omitted). Here there can be no waiver because Defendants promptly file this Motion and has not otherwise participated the litigation process in any manner to support a wavier. *See Home Quality Mgmt., Inc.,* 381 F. Supp. 2d AT 1367.

**A. ARGUMENT**

36.     If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection or, in the interest of justice, may transfer the case to a district where the action could have been brought.  28 U.S.C. §1406(a).

37.     The court should dismiss this case because a substantial part of Plaintiffs' claims did not occur in the Eastern District of Louisiana.  *See* 28 U.S.C. §1391(a)(2); *Uffner v. La Reunion Francaise*, 244 F.3d 38, 42 (1st Cir. 2001); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).   Defendants primarily consist of a law firm based out of Beaumont, Texas.[2] All of the actions alleged in Plaintiffs Complaint took place in Beaumont, TX.

**B. TRANSFER IN THE INTEREST OF JUSTICE**

38.     The court may transfer this case to the Eastern District of Texas – Beaumont Division if (1) Defendant is subject to the jurisdiction of the proposed forum, (2) venue is proper in the proposed forum, and (3) the transfer is in the interest of justice.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916 (1962).

39.     Defendants are subject to the jurisdiction of the proposed forum.  The Contract and Power of Attorney signed by Plaintiffs Joseph Gauci and Karen Gauci included notice to the Plaintiffs that Brent Coon & Associates Law Firm, P.C.'s Principle Office was located at 215 Orleans, Beaumont, TX 77701.  As a result they subjected themselves to in personal jurisdiction in Texas.

40.     Venue is proper in Beaumont, TX because all of the events that give rise to Plaintiffs' alleged cause of action occurred in the Eastern District of Texas.

---

[2] Defendant Biskobing Law Firm is the only non-BCA Defendant outside of the Eastern District of Texas.

41.     The requested transfer to the Eastern District of Texas- Beaumont Division is in the interest of justice.  *Goldlawr*, 369 U.S. at 467, 82 S.Ct. at 916.  Virtually all of the Defendants and witnesses to Plaintiffs' claims reside in the Eastern District of Texas.

**C.    CONCLUSION**

42.     BCA Defendants request that because Plaintiffs filed suit in an improper district, the court should dismiss Plaintiffs' suit or, in the alternative, transfer it to Eastern District of Texas – Beaumont Division and for any other relief to which they may show themselves to be entitled.