UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISINA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig ) | MDL 2179 |
| "Deepwater Horizon" in the Gulf ) | |
| of Mexico, on April 20, 2010 ) | SECTION: J |
| ) | |
| ) | JUDGE BARBIER |
| ) | MAG. JUDGE WILKINSON |

| | |
|---|---|
| GAUCI CUSTOM BUILDERS, LLC ) | |
| d/b/a GAUCI'S CUSTOM BUILDING ) | |
| AND DEVELOPING, LLC, WINTER ) | |
| GARDEN ITALIAN AMERICAN ) | |
| BISTRO, LLC, KAREN GAUCI ) | |
| Individually, and JOSEPH V. GAUCI ) | |
| Individually ) | |
| ) | |
| Plaintiffs, ) | |
| ) | This document also relates to |
| V. ) | |
| ) | CIVIL ACTION NO.  2:17-cv-02881 |
| BRENT COON & ASSOCIATES LAW ) | |
| FIRM, P.C., BRENT COON, ERIC W. ) | |
| NEWELL, JOHN THOMAS, ) | |
| BISKOBING LAW, P.C. and DOUG ) | |
| KRAUS ) | |
| Defendants ) | |

**DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Brent Coon & Associates Law Firm, P.C.  Brent Coon, Eric W. Newell, and John Thomas, (hereinafter referred to as Defendants) files this, their Original Answer, and by way of answer and further response would respectfully show the following:

**A.      ADMISSIONS AND DENIALS**

I.      Defendants' admit that there is a diversity jurisdiction of this matter.

II. Defendants deny that the Court has Personal Jurisdiction. Defendants further deny that venue is proper in the Eastern District of Louisiana.

III. Defendants:

A. Admit that Brent Coon & Associates Law Firm, P.C. is a citizen of Texas.

B. Admit that Brent Coon is a citizen and domiciliary of, and licensed to practice law in Texas. Defendants admit that Brent Coon was a partner of Brent Coon & Associates Law Firm, P.C. and was responsible for carrying out the legal responsibilities assumed by the law firm under the contract of representation.

C. Admit that Eric W. Newell is a citizen and domiciliary of, and licensed to practice law in Texas. Defendants admit that Eric W. Newell was an associate of Brent Coon & Associates Law Firm, P.C. Defendants deny that Eric W. Newell was a partner of Brent Coon & Associates. Defendants admit that Eric W. Newell was responsible for carrying out the legal responsibilities assumed by the law firm under the contract of representation.

D. Admit that John Thomas is a citizen and domiciliary of, and licensed to practice law in Texas. Defendants admit that John Thomas was an associate of Brent Coon & Associates Law Firm, P.C. Defendants deny that John Thomas was a partner of Brent Coon & Associates. Defendants admit that John Thomas was responsible for carrying out the legal responsibilities assumed by the law firm under the contract of representation.

E. This paragraph involves another Defendant and BCA cannot admit or deny.

F. Douglas Kraus has been dismissed by the Court from this litigation.

IV. Defendants admit that John Thomas from Brent Coon & Associates Law Firm, P.C. traveled to Mississippi and met with Plaintiffs Karen and Joseph Gauci in the State of Mississippi.

Defendants cannot recall, and therefore cannot admit or deny whether or not the date of that meeting was on October 29, 2012. Additionally, Defendants cannot recall, and therefore cannot admit or deny whether or not a contract for Mr. and Mrs. Gauci for signature at that time. Defendants admit that there is a contract dated October 29, 2012 between Brent Coon & Associates, Biskobing Law, P.C. and Joseph v. Gauci & Karen J. Gauci. Defendants admit that pursuant to this contract, the lawyers and law firms identified as defendants herein undertook to act, and did act, as attorneys representing plaintiffs herein in pursuing claims arising out of the Deepwater Horizon spill.

V. Defendants admit that the names of Plaintiff's Gauci's Custom Building and Developing, LLC and Winter Garden Italian American Bistro, LLC (collectively, "the Gauci Businesses" do not appear in the contract of representation. Defendants admit that it was understood and agreed by the parties at the time the contract of representation was signed that Joseph and Karen Gauci were the owners and operators of these businesses, were acting as representatives of the businesses in signing the contracts, and that the defendant law firms and attorneys who were parties to the contracts would pursue claims on behalf of the Gauci Businesses as well as on behalf of Mr. and Mrs. Gauci individually, as evidenced by the fact that, thereafter, the defendant law firms and attorneys filed pleadings in which they appeared as attorneys representing the Gauci businesses.

VI. Defendants deny that any defendants have engaged in any wrongful acts or omissions rendering them liable for part or all of the damages complained of herein.

VII. Defendants deny that they informed plaintiffs that the value of their claims could reasonably be estimated at approximately twelve million dollars ($12,000,000.00). Defendants admit that Plaintiffs met with Brent Coon in August of 2016, but deny that Mr. Coon assured Plaintiffs of the value of their cases.

VIII. Defendants deny that they negligently failed to carry out their duties under the contract and further deny that the negligently breached the contract in any respect.

IX. Plaintiffs admit that the Court issued PTO 60 (Document 16050 in MDL No. 2:10-md-02179, In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010). Defendants admit that the PTO 60 initially required plaintiffs to file individual lawsuits and/or sworn statements and serve them no later than May 2, 2016. Defendants deny that they did not timely file and serve the required lawsuits and statement on Plaintiff's behalf.

X. Defendants deny that plaintiffs actually lost, or were at high risk of losing, all right to pursue compensation arising out of the Deepwater Horizon spill inasmuch as their claim were time barred under PTO 60.

XI. Defendants deny that they did not inform plaintiffs of the true situation. Defendants deny that they inaccurately informed plaintiffs. Defendants deny that the date of the filing of the individual lawsuit had any significant impact on the settlement or judgment value of plaintiffs' claim. Defendants cannot recall, and therefore cannot admit or deny that they asserted that, due to factors unrelated to defendant's failure to file timely, plaintiffs' claims would have a settlement or judgment value of much less than the originally estimated amounts because of various circumstances unrelated to defendants' fault.

XII. Defendant, John Thomas does not deny he spoke with Plaintiff Joseph Gauci on numerous telephone conversations. Defendant, John Thomas denies that he told Mr. Gauci that the claim was not filed timely. After Mr. Gauci asserted that he believed it had not been timely filed, Defendant, John Thomas admits stating that the timing of the claim filing, if what Mr. Gauci said was true, had any significant impact on the value of the Plaintiffs' claims. John Thomas does not deny that

he informed Mr. Gauci that settlement and/or judgment values of the PTO 60 Plaintiff claims, generally, had been reduced in value because they were not allowed to be mediated directly with BP and/or were not allowed to be worked up for trial.  Defendant, John Thomas does not deny that he offered his opinion to Mr. Gauci that the Class Action Settlement and its $600 million payment was a conflict of interest that hurt the value of the PTO 60 Plaintiff cases generally.  The remaining BCA Defendants cannot admit or deny any of the allegations in Paragraph XII because they were not privy to these telephone conversations.

XIII.    Defendant, John Thomas, denies that that any statements he made to Mr. Gauci were without foundation in fact and without a reasonable belief.   Defendant, John Thomas, denies that his statements were inaccurate in a manner that constituted negligent or intentional misrepresentation.  The remaining BCA Defendants deny that they made, authorized, and/or ratified any inaccurate statements that constituted negligent or intentional misrepresentation.

XIV.    BCA Defendants deny the allegations of Paragraph XIV to the extent that they state a legal conclusion and for lack of information sufficient to justify a belief therein.

XV.    Defendants deny that the judgment and settlement value of plaintiff's claims had been severally impacted by defendants' alleged negligent failure to make timely filings and not by other causes to which defendants attempted to attribute the situation.  Defendants deny that the judgment and settlement value plaintiff's claims were ever negatively impacted by any actions Defendants took or did not take.

XVI.    Defendants admit that plaintiffs settled their Deepwater Horizon claims and plaintiffs agreed to dismiss their claims based on the settlement.   Defendants admit that the settlement was consummated and plaintiffs' claims were or will soon be dismissed.

XVII.	Defendants deny that plaintiffs settled their claims for an amount which was substantially less than the amount plaintiffs could have obtained through settlement or judgment.

XVIII.	Defendants deny that any fees paid to Brent Coon & Associates or other defendants should be disgorged under applicable law.

XIX.	Defendants deny that any person could, based on the information available to date, reasonably believe that Plaintiff's losses could be anywhere near as high as sixteen million dollars ($16,000,000.00).

XX.	Defendants admit that the parties' representation agreement contains an arbitration agreement.   Defendants deny that the contract calls for legal services to be provided in federal court in Louisiana.

   A.	Defendants deny that the arbitration provision of the retainer agreement is governed by Louisiana law.  Defendants deny that the arbitration clause is prima facie void under Louisiana's Supreme Court's decision in *Hodges v. Reasonover*, 103 So.3d 1069 (La. 2012).

   B.	Defendants deny that the arbitration provision of the retainer agreement is governed by Georgia law.  Defendants deny that the arbitration clause is voidable at the will of the client.

   C.	Defendants admit that the arbitration provision of the retainer agreement is governed by Texas law.   Defendants deny that the arbitration clause is substantively and/or procedurally unconscionable under Texas law under *Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494 (Tex. 2015).

   D.	Defendants deny that the arbitration provision of the retainer agreement is governed by Mississippi law. Defendants deny that the arbitration clause is voidable or void under Mississippi law.

XXI.	Defendants deny that punitive damages are appropriate in this case.   Defendants admit

that Texas law applies to this case and deny that Mississippi law applies.

## B. AFFIRMATIVE DEFENSES

AND NOW, Answering in the affirmative, Defendants are not liable to plaintiff because:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs do not have personal jurisdiction over Defendants.

### THIRD AFFIRMATIVE DEFENSE

Venue is not proper in the Eastern District of Louisiana.

### FOURTH AFFIRMATIVE DEFENSE

This matter is subject to an arbitration clause in the Contract & Power of Attorney agreement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate any damages, if any, which it may have sustained.

### SIXTH AFFIRMATIVE DEFENSE

Defendants Gauci Custom Builder, LLC d/b/a Gauci's Custom Building and Developing, LLC and Winter Garden Italian American Bistro, LLC are dissolved businesses and lack capacity to file suit.

### SEVENTH AFFIRMATIVE DEFENSE

Accord and Satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

Collateral Estoppel.

## PRAYER

For these reasons, defendant asks the court to do the following:

a. Render judgment that plaintiff take nothing.

b. Dismiss plaintiff's suit with prejudice.

c. Assess costs against plaintiff.

d. Award defendant attorney fees.

g. Award defendant all other relief to which they may show themselves to be entitled.

BRENT COON & ASSOCIATES

Brent Coon & Associates

By: /s/ Brent W. Coon
Brent Coon
Federal Bar No. 9308
Texas Bar No. 04769750
Email: Brent@bcoonlaw.com
215 Orleans
Beaumont, Texas 77701
Tel. (409) 835-2666
Fax. (409) 835-1912
Attorney for BCA Defendants

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record on this the 30th day of May , 2017.

/s/ Brent W. Coon