IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 16-30701
USDC No. 2:16-CV-2924

In re: JIMMIE VICKERS,

                              Petitioner

Petition for a Writ of Mandamus to the
United States District Court for the
Eastern District of Louisiana, New Orleans

Before HIGGINBOTHAM, JONES, and PRADO, Circuit Judges.

PER CURIAM:

    Jimmie Vickers has filed in this court a pro se petition for a writ of mandamus and a motion requesting leave to file his mandamus petition in forma pauperis (IFP). The motion for leave to proceed IFP is GRANTED.

    In his petition, Vickers complains that his civil suit against his retained attorneys was transferred to a multidistrict litigation suit in the Eastern District of Louisiana. Vickers's suit alleged that he had hired the attorneys to seek relief from various British Petroleum (BP) entities related to the Deepwater Horizon oil spill. He also named as defendants various BP entities and others related to the Deepwater Horizon spill and its aftermath. Vickers's claim against BP was based on his work during the cleanup after the spill. He filed his suit in the Southern District of Mississippi on January 5, 2016, arguing that his claim for damages was denied after "a number of years" because, according to his attorneys, BP "could not find him in [its] system."

The Mississippi district court advised the Multidistrict Litigation Panel (the Panel) of the suit and inquired whether it should be transferred to the class action suit in Louisiana. On April 7, 2016, the Panel transferred the case to Louisiana. It rejected Vickers's arguments for leaving the case in Mississippi, noting that the success of Vickers's suit against his attorneys would depend on the viability of his rejected BP claim. Vickers argues that his attorneys' actions, or lack thereof, are unrelated to the cases in the multidistrict litigation and that proceedings in his case have been stayed since the April 2016 transfer to Louisiana, thus depriving him of access to the courts.

The mandamus remedy is an extraordinary one, which we grant only in the clearest, most compelling cases. A party seeking mandamus relief must show both that he has no other adequate means for achieving the requested relief and that he has a clear and indisputable right to mandamus relief. *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). Even if these conditions are met, in order to exercise our discretion to grant mandamus relief we "must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381 (2004); *accord In re Amerijet Intern., Inc.*, 785 F.3d 967, 973 n.2 (5th Cir. 2015).

Mandamus is the only remedy to challenge a transfer of an individual lawsuit to a multidistrict litigation case. *See* 28 U.S.C. § 1407(e). Thus, Vickers has shown that he has no other adequate remedy. He has not, however, shown that he has a clear and indisputable right to relief.

The Panel may centralize for pretrial proceedings actions that involve "common questions of fact" if doing so "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." § 1407(a). "[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion" justify mandamus relief.

Case: 16-30701     Document: 00514014265     Page: 3     Date Filed: 05/31/2017
Case 2:10-md-02179-CJB-DPC   Document 22923   Filed 06/06/17   Page 3 of 4

No. 16-30701

*Cheney*, 542 U.S. at 380 (internal quotation marks and citations omitted); *see FedEx Ground Package Sys., Inc., v. U.S. Judicial Panel for Multidistrict Litigation*, 662 F.3d 887, 890-91 (7th Cir. 2011) (applying *Cheney* to transfer decision of a multidistrict litigation court). In transferring Vickers's case, the Panel noted that Vickers was also suing several BP defendants and that his complaint alleged that the BP defendants were "directly responsible" for the oil spill and that the "entire situation surrounding the spill and the cleanup" was due to the BP defendants' negligence. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (JPML Apr. 7, 2016), at 1 n.3.

Given this statement, we do not find that the decision to transfer Vickers's case to the Louisiana multidistrict litigation was a judicial usurpation of power or a clear abuse of discretion. *See Cheney*, 542 U.S. at 380. In cases involving "exceedingly complex matter[s], consisting of hundreds of individual cases and tens of thousands of claimants," the district court has broad authority in its handling of multidistrict litigation. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013). Although the transfer may result in delay in the ultimate determination of Vickers's suit, that fact is not dispositive. Mandamus relief is not appropriate, and we decline to exercise our discretion to grant it.

The petition for a writ of mandamus is DENIED.

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

May 31, 2017

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 16-30701    In re: Jimmie Vickers
                         USDC No. 2:16-CV-2924

Enclosed is an order entered in this case.

                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         By: _____
                         Connie Brown, Deputy Clerk
                         504-310-7671

Mr. William W. Blevins
Mr. Jimmie Vickers