# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 16-30717

_____

D.C. Docket No. 2:10-MD-2179
D.C. Docket No. 2:12-CV-970

United States Court of Appeals
Fifth Circuit
**FILED**
May 12, 2017
Lyle W. Cayce
Clerk

IN RE: DEEPWATER HORIZON

_____

LOUIS J. FREEH, Special Master,

    Appellee

v.

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED, ET AL,

    Plaintiffs

v.

BP EXPLORATION & PRODUCTION, INCORPORATED, ET AL,

    Defendants

v.

CRYSTAL SEAFOOD COMPANY, INCORPORATED, DWH Claimant 100100245,

    Claimant - Appellant

v.

PATRICK A. JUNEAU, In His Capacity as Claims Administrator and Trustee,

    Movant – Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that appellant pay to appellees the costs on appeal to be taxed by the Clerk of this Court.

**Certified as a true copy and issued
as the mandate on Jun 05, 2017**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30717

IN RE: DEEPWATER HORIZON

United States Court of Appeals
Fifth Circuit
**FILED**
May 12, 2017
Lyle W. Cayce
Clerk

_____

LOUIS J. FREEH, Special Master,

    Appellee

v.

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED, ET AL,

    Plaintiffs

v.

BP EXPLORATION & PRODUCTION, INCORPORATED, ET AL,

    Defendants

v.

CRYSTAL SEAFOOD COMPANY, INCORPORATED, DWH Claimant 100100245,

    Claimant - Appellant

v.

PATRICK A. JUNEAU, In His Capacity as Claims Administrator and Trustee,

    Movant - Appellee

No. 16-30717

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Appellant Crystal Seafood Company, Inc. appeals a district court order holding Crystal and two of its officers (the Trans) jointly and severally liable for a $1,034,228.42 payment that Crystal received pursuant to the BP settlement.[1] For the reasons set out below, we AFFIRM.

**I.**

In 2013, the district court appointed a Special Master to examine and investigate suspicious past or pending claims submitted to the Deepwater Horizon Economic Claims Center ("DHECC"). The district court further ordered the Special Master to initiate legal action to "clawback" any already paid fraudulent claims.

In 2015, the Special Master and the Claims Administrator filed a joint clawback motion seeking to recoup $1,034,228.42 that the DHECC paid to Crystal Seafood Company, Inc. In order to obtain this $1,034,228.42, Crystal was required to and did swear, *inter alia*, that it did not constitute a "failed business" under the terms of the settlement agreement. The Special Master and the Claims Administrator alleged that this misstatement constituted fraud, and sought to have the district court order Crystal and any individuals who benefitted from Crystal's misstatement to remit the full $1,034,228.42 to the DHECC.

---

[1] For a brief history of the events leading up to the BP settlement, *see generally In re Deepwater Horizon*, 732 F.3d 326, 329 (5th Cir. 2013).

2

Case: 16-30717    Document: 00514018667    Page: 3    Date Filed: 06/05/2017
Case 2:10-md-02179-CJB-DPC   Document 22924   Filed 06/07/17   Page 5 of 13

No. 16-30717

On May 24, 2016, the district court granted the clawback motion without a hearing, holding that there is no genuine dispute of material fact that Crystal was a failed business under the terms of the settlement agreement and that Crystal's sworn statement to the contrary constituted fraud. The district court then went on to pierce Crystal's corporate veil and hold two of Crystal's officers, Loc "Victor" Tran and Christopher Tran, jointly and severally liable with Crystal for the $1,034,228.42 owed.

Crystal – and only Crystal – now appeals.

## II.

Pursuant to the settlement agreement, we review the district court's grant of a clawback motion without a hearing as a grant of summary judgment. We review a district court's grant of summary judgment *de novo*, viewing all facts and drawing all inferences in a light most favorable to the non-moving party.[2] Summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

## III.

We treat a DHECC clawback motion as a common law fraud claim brought under general maritime law. To prove common law fraud, the Special Master and the Claims Administrator must establish: (1) that the claimant knowingly or recklessly (2) made a material misrepresentation (3) that he intended to be acted upon, and was in fact acted upon, to the detriment of the DHECC.[4]

Crystal alleges that there is, at a minimum, a genuine dispute of material fact as to the first and second elements. We address each below.

---

[2] *Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016).
[3] Fed. R. Civ. P. 56(a).
[4] *See In re Deepwater Horizon*, 643 F. App'x 377, 381 (5th Cir. 2016) (unpublished).

3

No. 16-30717

## A.

We first consider whether Crystal made a material misrepresentation.

The settlement agreement defines a failed business as, *inter alia*, a business that subsequent to May 1, 2010, but prior to December 31, 2011: (1) ceased operations and wound down, or (2) initiated or completed a liquidation of substantially all of its assets.

Crystal is a shrimp processor. It buys shrimp, processes them, and sells them for redistribution.

In terms of operations, it is undisputed that Crystal processed the last of its shrimp approximately one year before the oil spill, in April or May 2009. It is also undisputed that Crystal sold the last of its frozen inventory approximately three months after the oil spill, in August 2010.

In terms of liquidation, it is undisputed that Crystal submitted profit and loss statements to the DHECC – under oath – illustrating that Crystal stopped taking a depreciation expense[5] on its processing equipment the month of the oil spill, in May 2010. It is also undisputed that Crystal submitted tax returns to both the DHECC and the Internal Revenue Service ("IRS") – under oath – representing that Crystal "disposed" of all of its assets on or before December 31, 2010.

Based upon this information, the district court held that Crystal was a failed business and was therefore ineligible for the $1,034,228.42 that it received. This finding was, again, based upon Crystal's own sworn statements. Crystal took a depreciation expense in every month prior to May 2010 – therefore, the district court held that Crystal initiated a liquidation of substantially all of its assets subsequent to May 1, 2010. Crystal "disposed" of

---

[5] 26 U.S.C. § 167(a) allows corporations such as Crystal to reduce their taxable income a reasonable allowance for the exhaustion, wear and tear, and obsolescence of property used in the trade or business.

4

Case: 16-30717    Document: 00514018667    Page: 5    Date Filed: 06/05/2017
Case 2:10-md-02179-CJB-DPC Document 22924 Filed 06/07/17 Page 7 of 13

No. 16-30717

all of its assets on or before December 31, 2010 – therefore, the district court held that Crystal completed a liquidation of substantially all of its assets prior to December 31, 2011.

Crystal attacks its own 2010 tax returns on two grounds. First, it provides the affidavit of Victor Tran. Tran attests that Crystal "continues to own . . . well more than a million dollars" worth of processing equipment and implies that Crystal's 2010 tax returns were in error. It is, nonetheless, well-established that a non-movant "cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement . . . without explaining the contradiction or attempting to resolve the disparity."[6] Tran's implicit assertion that Crystal's 2010 tax returns were in error – without further explanation – does not raise a genuine dispute of material fact.[7]

Second, Crystal asserts that its new lawyer, who was retained after the district court granted the now-contested clawback motion, has learned that Crystal's accountant made some mistakes on Crystal's 2010 tax returns. Specifically, some of the equipment listed as "disposed," Crystal continues to own. Crystal did not raise this argument in the district court. We therefore decline to address it, "keeping with our precedent that arguments not raised

---

[6] *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (same).

[7] Because Victor Tran's affidavit does not raise a genuine dispute of material fact pursuant to *Cleveland*, we need not address the district court's reliance on *Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"), and *Bartucci v. Jackson*, No. 04-2977, 2006 WL 2631925, at *5 (E.D. La. Sept. 13, 2006) (noting that "while many courts have accepted a plaintiff's own affidavit, deposition, or verified pleadings to defeat summary judgment, a number of courts have rejected this proof when the plaintiff's statements are self-serving and conclusory").

5

Case: 16-30717 Document: 00514018667 Page: 6 Date Filed: 06/05/2017
Case 2:10-md-02179-CJB-DPC Document 22924 Filed 06/07/17 Page 8 of 13

No. 16-30717

before the district court are waived and cannot be raised for the first time on appeal."[8]

Crystal materially misrepresented itself as an ongoing business when it filed its claim in 2012. With respect to that point, there is no genuine dispute of material fact.

### B.

In order to satisfy the scienter element of common law fraud, the Special Master and the Claims Administrator must establish that Crystal knew or should have known that it was a failed business when it filed its claim in 2012. "While the term recklessness is not self-defining, the common law has generally understood it in the sphere of civil liability as conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known."[9] "A person's state of mind is rarely susceptible of proof by direct evidence, so specific intent to defraud may be, and most often is, inferred from the totality of the circumstances, including indirect and circumstantial evidence."[10] That inference, pursuant to our precedent, can be drawn not only as a matter of fact, but also as a matter of law.

For example, in *Brown v. Parker Drilling Offshore Corp.*, we inferred that Brown intentionally concealed prior back problems on a pre-employment medical questionnaire, even though Brown argued that he did not believe that his prior back problems constituted what the questionnaire described as "back trouble."[11] The evidence established that Brown well-understood that his prior back problems constituted "back trouble."[12] In fact, one of Brown's previous

---

[8] *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).
[9] *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007) (internal quotations omitted).
[10] *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1118 (D.C. Cir. 2009).
[11] 410 F.3d 166, 172—75 (5th Cir. 2005).
[12] *See id.* at 172—173.

Case: 16-30717  Document: 00514018667  Page: 7  Date Filed: 06/05/2017
Case 2:10-md-02179-CJB-DPC  Document 22924  Filed 06/07/17  Page 9 of 13

No. 16-30717

employers – not Parker Drilling – had fired him for failing to disclose his prior "back trouble" on a pre-employment medical questionnaire.[13] We therefore held that Brown intentionally concealed his prior back problems "as a matter of law."[14]

Similarly, in *Meche v. Doucet,* we inferred that Meche intentionally concealed prior spinal injuries on a pre-employment medical questionnaire, even though Meche argued that he did not consider "his pre-existing condition to be a matter of importance."[15] Meche had "sustained three prior work-related low back and neck" injuries, for which he "received disability payments and sued his former employers."[16] We therefore held that "Meche intentionally concealed his prior [spinal] injuries as a matter of law."[17]

Crystal argues that we should view this appeal through the lens of "a small family business with unsophisticated owners trying to maneuver a complex claims process to save their livelihood." However, like in *Meche*, "the record does not establish [that either Victor or Christopher Tran] lacked the literacy skills necessary to read and review" the forms and documents that Crystal submitted to the DHECC.[18]

Ultimately, it is undisputed that Crystal: (1) processed the last of its shrimp approximately one year before the oil spill, in April or May 2009; (2) sold the last of its frozen inventory approximately three months after the oil spill, in August 2010; (3) stopped taking a depreciation expense the month of the oil spill, in May 2010; and (4) submitted tax returns to both the DHECC and the IRS representing that it "disposed" of all of its assets on or before

---

[13] *See ibid.*
[14] *Id.* at 174.
[15] 777 F.3d 237, 241 (5th Cir.), *cert. denied,* 136 S. Ct. 111 (2015).
[16] *Id.* at 247.
[17] *Id.* at 248.
[18] *See ibid.*

Case: 16-30717    Document: 00514018667    Page: 8    Date Filed: 06/05/2017
Case 2:10-md-02179-CJB-DPC   Document 22924   Filed 06/07/17   Page 10 of 13

No. 16-30717

December 31, 2010. Guided by this mountain of circumstantial evidence, we, like the district court, conclude that the Special Master and the Claims Administrator have proven scienter as a matter of law. Crystal either knew or should have known that it was a failed business when it filed its claim in 2012.

## IV.

Lastly, Crystal argues that the district court erred in holding Victor and Christopher Tran personally liable. Because the Trans have not sought to appeal the judgment of the district court, and because Crystal has not identified a genuine obstacle preventing the Trans from filing their own appeal, we hold that Crystal lacks standing to champion the rights of the Trans.

"The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance."[19] "Whether a party has standing to appeal 'involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'"[20] Constitutionally, the right to lodge an appeal in federal court is reserved to those who have "suffered an injury in fact, thus giving [them] a sufficiently concrete interest in the outcome of the issue in dispute."[21] This "flows from Article III's case-or-controversy requirement," and we assume that Crystal has suffered such an injury for purposes of this appeal.[22]

Prudentially, the right to lodge an appeal in federal court is generally reserved to those who seek to protect their "own legal rights and interests."[23]

---

[19] *Kowalski v. Tesmer*, 543 U.S. 125, 128 (2004).
[20] *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 208 (5th Cir. 1994) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).
[21] *Powers v. Ohio*, 499 U.S. 400, 411 (1991) (internal quotations omitted).
[22] *See Kowalsi*, 543 U.S. at 129 ("Instead, we shall assume the attorneys have satisfied Article III and address the alternative threshold question whether they have standing to raise the rights of others.").
[23] *See ibid.* (quoting *Warth*, 422 U.S. at 499).

Case: 16-30717     Document: 00514018667     Page: 9     Date Filed: 06/05/2017
Case 2:10-md-02179-CJB-DPC   Document 22924   Filed 06/07/17   Page 11 of 13

No. 16-30717

However, this prudential limitation, unlike its constitutional counterpart, is not absolute. An appellant can protect the rights and interests of a third-party so long as it can make two showings. First, the appellant must establish that it and the third party have "a close relation,"[24] such that "their interests coincide."[25] The whole purpose behind this "'close relation' factor is to ensure that the [appellant] will act as an effective advocate for the" party whose interests it seeks to represent.[26] Second, the appellant must identify a "genuine obstacle"[27] preventing the third party from "protect[ing] his or her own interests."[28] Relevant here, "[a] simple lack of motivation does not constitute a 'genuine obstacle' to asserting an interest" on appeal.[29]

The Trans apparently "do not wish" to contest the judgment of the court below.[30] Even nonparties – to the extent that the Trans are nonparties[31] – can intervene after a judgment has been rendered, so long as intervention does not prejudice the rights of the existing parties or substantially interfere with the orderly processes of the district court.[32] What is more, Crystal has failed to

---

[24] *Powers*, 499 U.S. at 411.
[25] *Wauchope v. U.S. Dep't of State*, 985 F.2d 1407, 1411 (9th Cir. 1993); *see also Powers*, 499 U.S. at 414 (discussing the "congruence of interests"); *Harris v. Evans*, 20 F.3d 1118, 1123 (11th Cir. 1994) (same).
[26] *Lepelletier v. F.D.I.C.*, 164 F.3d 37, 43 (D.C. Cir. 1999) (some internal quotations omitted) (citing *Singleton v. Wulff*, 428 U.S. 106, 114—15 (1976)).
[27] *Singleton*, 428 U.S. at 116.
[28] *Powers*, 499 U.S. at 411.
[29] *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 489 (9th Cir. 1996).
[30] *Singleton*, 428 U.S. at 114.
[31] To the extent that Victor and Christopher Tran are nonparties, they may be able to challenge any attempt to enforce this portion of the district court's order. *See Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) ("[O]ne is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.").
[32] *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977) (internal quotations omitted); *see also* Fed. R. Civ. P. 24; *Baker v. Wade*, 769 F.2d 289, 296—97 (5th Cir. 1985) (en banc) (noting that a nonparty can only intervene if it "had no notice of the action" in the district court and the other parties do not oppose its intervention on appeal), *abrogated on other grounds by Lawrence v. Texas*, 539 U.S. 558 (2003).

Case: 16-30717　　Document: 00514018667　　Page: 10　　Date Filed: 06/05/2017
Case 2:10-md-02179-CJB-DPC   Document 22924   Filed 06/07/17   Page 12 of 13

No. 16-30717

even brief standing, which it has the burden to establish,[33] and which we lack the right to infer.[34] For all of these reasons, we hold that Crystal lacks standing to champion the rights of the Trans.

## V.

The judgment of the district court is AFFIRMED.

---

[33] *Amato v. Wilentz*, 952 F.2d 742, 750 (3d Cir. 1991) (noting that the party claiming third party standing has the burden to "establish . . . third party standing"); *cf. also Sierra Club v. Babbitt*, 995 F.2d 571, 575 (5th Cir. 1993) ("Where standing to appeal is at issue, appellants must demonstrate some injury from the judgment below.").

[34] *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record.").

# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

June 05, 2017

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 16-30717    In Re: Deepwater Horizon
                             USDC No. 2:10-MD-2179
                             USDC No. 2:12-CV-970

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                      Sincerely,

                                      LYLE W. CAYCE, Clerk

                                      By: _____
                                      Dantrell L. Johnson, Deputy Clerk
                                      504-310-7689

cc w/encl:
     Mr. J. David Forsyth
     Mr. William P. Gibbens
     Mr. Corey Moll
     Mr. Gregory A. Paw
     Ms. Eleanor T. Schilling
     Mr. Teva F. Sempel
     Mr. Richard C. Stanley