UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG
"DEEPWATER HORIZON" IN THE GULF
OF MEXICO, ON APRIL 20, 2010                                    MDL No. 2179

TRANSFER ORDER

**Before the Panel:** Plaintiff in an action pending in the Northern District of Alabama listed on Schedule A (*Environmental Litigation Group*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to the Eastern District of Louisiana for inclusion in MDL No. 2179. Responding BP defendants oppose the motion.[1]

In its motion to vacate, the *Environmental Litigation Group* plaintiff argues that pretrial proceedings in the MDL have been completed, that its action involves only unique issues with respect to the Court Supervised Settlement Program's denial of plaintiff's claim for failure to meet certain documentation requirements, and that it would be inconvenienced by transfer. These arguments are not convincing. Plaintiff's contention concerning the status of pretrial proceedings in the MDL is belied by the transferee judge's most recent case management order, which issued on February 22, 2017.[2] To the extent that plaintiff alleges that its alleged damages should have been covered by the Economic & Property Damages Settlement reached in the MDL, that allegation properly should be presented to the transferee judge, who has exclusive jurisdiction over the interpretation and administration of that settlement. Plaintiff's argument that it would be inconvenienced by transfer is unavailing, because in deciding issues of transfer under Section 1407, the Panel "look[s] to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."[3]

After considering the parties' arguments, we find that the *Environmental Litigation Group* action involves common questions of fact with actions transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient

---

[1]  Those defendants are BP Exploration & Production Inc., BP America Production Company, BP Products North America Inc., BP America Inc., and BP p.l.c.

[2]  *See* MDL No. 2179 Pretrial Order No. 64 (E.D. La. Feb. 22, 2017) (ECF No. 22297) (governing further proceedings with respect to, *inter alia*, non-governmental economic loss and property damages claimants).

[3]  *See, e.g., In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

-2-

conduct of the litigation. Plaintiff does not dispute that its action, like those already in the MDL, arises out of the explosion and fire that destroyed the Deepwater Horizon rig and the resulting oil spill.[4] *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on Apr. 20, 2010*, 731 F. Supp. 2d 1352, 1353-55 (J.P.M.L. 2010).

IT IS THEREFORE ORDERED that the *Environmental Litigation Group* action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

---

[4] *See, e.g.*, Compl ¶ 4 ("This Complaint asserts claims . . . seeking damages . . . arising from the well blowout, fire, and explosions aboard, and sinking of, the Deepwater Horizon on April 20, 2010, and the subsequent Oil Spill in the Gulf of Mexico.").

IN RE: OIL SPILL BY THE OIL RIG
"DEEPWATER HORIZON" IN THE GULF
OF MEXICO, ON APRIL 20, 2010                                          MDL No. 2179

## SCHEDULE A

Northern District of Alabama

17-cv-2892 J(2)   ENVIRONMENTAL LITIGATION GROUP PC v. BP PLC, ET AL.
                  C.A. No. 2:17-00050