UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, ON APRIL 20, 2010 | * | SECTION: J |
| | * | |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| No. 12-970 | * | MAG. JUDGE WILKINSON |
| | * | |
| This applies to Claimant ID 100294261 and | * | |
| Claim ID 363913 only | * | |

**************************************************************************

**MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDER [REC. DOC. 22935]**

Claimant ID 100294261 ("Claimant")[1] respectfully requests that the Court reconsider its Order dated June 13, 2017 [Rec. Doc. 22935] (hereinafter referred to as the "Second Interim Order"),[2] only to the extent that it pertains to Claim ID 363913, because it was issued in error as the profit and loss statements ("P&Ls") for the claim are sufficiently matched and did not trigger Policy 495. In support of this Motion, Claimant would show as follows:

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as it relates to the Annual Variable Margin ("AVM") Methodology, and reversed Policy 495 in part as it pertains to the Industry Specific Methodologies ("ISMs") [*In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017), *reh'g denied*, No. 15-30377, 2017 WL 2674235 (5th Cir. June 21, 2017)]. In response to that decision, this Court issued the Second Interim Order remanding various claims on

---

[1] For purposes of preserving confidentiality, Claimant will refer to itself by the Claimant ID Number issued by the Claims Administrator, and will refer to the Claim ID instead of the name of the business.

[2] On July 5, 2017, the Court issued an Order implementing the decision of the U.S. Fifth Circuit regarding Policy 495, and deleting the "Interim" designation from the Order dated June 13, 2017 [Rec. Doc. 23003].

00487064-4

Discretionary Court Review, including Claimant's Claim ID 363913, to the Claims Administrator to be processed under the AVM Methodology of Policy 495.

With respect to Claim ID 363913, the Second Interim Order was entered in error as the Claims Administrator previously determined that the claim did not trigger Policy 495, which, by definition, means that the P&Ls of Claim ID 363913 are sufficiently matched. It is therefore improper under Policy 495 for Claim ID 363913 to be processed in accordance with the AVM Methodology. Accordingly, Claimant respectfully requests that the Court reconsider the Second Interim Order as it pertains to Claim ID 363913, and overturn and reverse the remand of this claim.

## BACKGROUND

On August 17, 2016, the Claims Administrator issued a Post-Reconsideration Eligibility Notice awarding Claimant an Award Amount of $145,822.57 relating to Claim ID 363913 [Doc ID 19780806]. In the notice, the Claim Administrator stated that Policy 495 was not triggered and, therefore, the Policy 495 Methodology used in the claim calculation was "N/A" [*Id.*, at p. 6. *Also see*, Accountant Compensation Calculation Schedules, Doc ID 19702898; Eligibility Notice, Doc ID 18985694, at p.7; and Post-Re-Review Eligibility Notice, Doc ID 19727445, at p. 6].

On August 27, 2016, BP requested a payment appeal contending that there was a "Calculation Error" as follows:

> [a]s the basis for the appeal, BP states that the award does not comply with the terms of the Settlement Agreement, including without limitation the BEL framework. The Settlement Program erred in its treatment of "500010-DR Cos-Inventory Adjustment"

[Doc ID 19829492, at p. 1]. BP did not appeal based on Policy 495, and its Request for Appeal Form/Notice of Appeal makes no mention of the Claim Administrator's determination that Policy 495 was not triggered.[3]

On November 23, 2016, the Appeals Coordinator issued a Notice of Appeal Panel Decision advising that the Appeal Panel denied BP's appeal and rejected BP's arguments regarding "500010-DR Cos-Inventory Adjustment" [Doc ID 20154820]. On the same date, the Claims Administrator issued a Post-Appeal Eligibility Notice awarding Claimant an Award Amount of $148,236.28, which included a 5% Review Cost because Claimant prevailed on appeal [Doc ID 20154819].[4]

On December 8, 2016, Claimant received notice that BP had requested Discretionary Court Review to overturn the decision of the Appeal Panel regarding the treatment of "500010-DR Cos-Inventory Adjustment" in the claim calculation [Doc IDs 20195793 and 20202344]. On December 19, 2016, Claimant filed an Objection to BP's Request for Discretionary Court Review [Doc ID 20232779]. BP did not seek Discretionary Court Review based on the applicability of Policy 495 or AVM Methodology, and Claimant's objection did not address or comment upon Policy 495.[5]

---

[3] Rule 14 of the Rules Governing the Appeals Process provides that: "[t]he issues on appeal shall be limited to those originally raised by the appellant claimant or BP in the Request for Appeal Form/Notice of Appeal . . ." Given that BP did not raise Policy 495 in its Request for Appeal Form/Notice of Appeal, the issue of whether Policy 495 was triggered was waived by BP.

[4] The Second Interim Order leaves open the issue of whether Claimant remains entitled to the 5% Review Cost. Since the 5% Review Cost was awarded after prevailing on an appeal issue unrelated to Policy 495, Claimant respectfully requests guidance as to this issue should this motion be denied.

[5] Rule 30 of the Rules Governing Discretionary Court Review of Appeal Determinations (eff. 12/08/2015) provides that "[t]he issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel." Because Policy 495 was not triggered by Claim ID 363913 and BP did not raise Policy 495 or the AVM Methodology on appeal, Policy 495 and the AVM Methodology are not issues that can be reviewed on Discretionary Court Review with respect to Claim ID 363913.

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as to the AVM Methodology, and reversed Policy 495 in part as to the application of the ISMs [*In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017)]. In response to that decision, this Court issued the Second Interim Order that provides, in pertinent part, as follows:

> the claims identified in "Exhibit 1" to this Order are **REMANDED** to the Claims Administrator to be processed under the Annual Variable Margin Methodology, except that revenue shall not be reallocated, restated, smoothed, or moved unless done to correct an error

[Rec. Doc. 22935]. Claim ID 363913 was identified in Exhibit 1, and was thus remanded to be processed under the AVM Methodology [Rec. Doc. 22935-1, at p. 2].

Claimant maintains that the Second Interim Order was issued in error as it applies to Claim ID 363913. The P&Ls of Claim ID 363913 are sufficiently matched and, therefore, the AVM Methodology of Policy 495 cannot be applied to the claim.

## LAW & ARGUMENT

Claimant moves for reconsideration of the remand of Claim ID 363913 pursuant to Federal Rule of Civil Procedure 54(b), which allows the Court to revise an order that adjudicates fewer than all the claims, or the rights and liabilities of all the parties. *See Broussard v. First Tower Loan, LLC*, No. 15-1161; 15-2500, 2016 WL 879995, at *2 (E.D. La. March 7, 2016) (Barbier, J.) (citing FED. R. CIV. P. 54(b)); *see also, Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.). As explained in *Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC*, "[u]nder Rule 54(b), the district court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." 282 F.R.D. 146, 152-153 (E.D. La. April 5, 2012)(Brown, N.J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); *see also*, *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.). "The general practice of courts in this

district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment" *Broussard*, 2016 WL 879995, at *2 (citing *Castrillo*, 2010 WL 1424398, at *4).

Reconsideration under Rule 59(e) is appropriate upon proof that any one of the following four grounds are present:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the Claimant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

*Gulf Fleet Tiger Acquisition, LLC*, 282 F.R.D. at 152-153.

Here, Claimant seeks reconsideration of the Second Interim Order as to Claim ID 363913 on the basis that this remand is premised on an error of fact or law, and the motion is necessary to prevent manifest injustice. Specifically, the Second Interim Order errs in that it mischaracterizes Claim ID 363913 as a claim to which Policy 495 applies and must be processed in accordance with AVM Methodology.

Instead, as a claim with P&Ls that have been deemed "sufficiently matched," Claim ID 363913 is not subject to Policy 495 and cannot be processed pursuant to AVM Methodology. Attachment "B" to Policy 495, which explains the applicability of AVM Methodology, at page B1 reads in pertinent part as follows:

> [AVM] methodology will not apply to claimants who's [sic] submitted P&Ls have been deemed "sufficiently matched," which claims will be processed under the methodology set forth in Exhibit 4C of the Settlement Agreement, utilizing the contemporaneous P&Ls.

Policy 495, at page 3, provides that "[i]f a claimant's contemporaneous P&Ls submitted to the CAO are deemed to be 'sufficiently matched' based on an assessment by the CSSP Accounting Vendors, such P&Ls will be utilized in calculating compensation under the Settlement

Agreement." Here, on three different occasions after Policy 495 was implemented, the Claims Administrator issued Eligibility Notices stating that Policy 495 was not triggered by Claim ID 363913 [*see* Eligibility Notice, Doc ID 18985694, at p.7; Post-Re-Review Eligibility Notice, Doc ID 19727445, at p. 6; and Post-Reconsideration Eligibility Notice, Doc ID 19780806 at p. 6]. Therefore, by definition, the Claims Administrator and Accounting Vendors determined that the P&Ls for Claim ID 363913 were sufficiently matched. As a result, under Policy 495, the AVM Methodology cannot be applied to Claim ID 363913. The Second Interim Order remanding a "sufficiently matched" claim to be processed under the AVM Methodology is contrary to Policy 495. It therefore violates the Fifth Circuit's ruling affirming the AVM Methodology, which explicitly does not apply to claimants whose "P&Ls have been deemed 'sufficiently matched'". Accordingly, Claimant respectfully requests that the Second Interim Order be overturned and reversed as to Claim ID 363913 only.

## CONCLUSION

For the reasons stated above, Claimant ID 100294261 respectfully requests that this Court reconsider its Order dated June 13, 2017 [Rec. Doc. 22935] insofar as it remands Claim ID 363913 to be processed in accordance with AVM Methodology. Claim ID 363913 is a "sufficiently matched claim," which pursuant to Attachment "B" of Policy 495 cannot be processed in accordance with AVM Methodology. Thus, the remand of Claim ID 363913 violates the decision of the Fifth Circuit affirming the AVM Methodology of Policy 495, and should be overturned and reversed.

Respectfully Submitted,

*/s/Douglas W. Redfearn*
Douglas W. Redfearn (La. Bar No. 21042)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, LA 70115
Telephone: (504) 569-2030
douglasr@spsr-law.com
***Counsel for Claimant ID No. 100294261***

## CERTIFICATE OF SERVICE

I do hereby certify that on this 6th day of July, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

*/s/ Douglas W. Redfearn*

00487064-4

7