**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * * * | **MDL NO. 2179**<br><br>**SECTION J** |
| **This document relates to:** | * * | **Judge Carl J. Barbier** |
| ***Claims of Peggy Kemp (12-01895, 13-06013) and Dorothy Clark (11-00945)*** | * * | **Mag. Judge Joseph C. Wilkinson, Jr.** |

---

**DEFENDANTS'[1] MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE CLAIMS OF PEGGY KEMP AND DOROTHY BRIGHT CLARK UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW INTO COURT through undersigned counsel come Defendants, pursuant to this Court's order of June 6, 2017, **(Rec. Doc. 22922)**, filing this Memorandum in Support of their omnibus Motion to Dismiss the Claims of Peggy Kemp and Dorothy Bright Clark, and in support thereof respectfully show the Court as follows:

## I. SUMMARY OF ARGUMENT

Peggy Kemp and Dorothy Bright Clark have asserted causes of action in the captioned litigation in their personal capacity for alleged damages arising out of the wrongful death of their respective sons, who served as crew members aboard the DEEPWATER HORIZON and who perished on or about April 20, 2010, during the casualty involving the rig and its crew. Their sons, Roy Kemp and Donald Clark, were each survived by spouses and children. Following the

---

[1] The forgoing is submitted by the following entities ("Defendants") which are certain defendants in the remaining Pleading Bundle A actions: BP America Production Company, BP America Inc. BP Corporation North America Inc., BP Exploration & Production Inc., BP Products North America Inc., Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Triton Asset Leasing GmbH, Halliburton Energy Services, Inc. and Sperry Drilling Services.

casualty event, Roy Kemp's and Donald Clark's widows, the Personal Representatives of Mr. Kemp and Mr. Clark, advanced and settled all claims that were or could have been asserted against Defendants arising out of the deaths of their Decedents.

The Personal Representative of a decedent's estate is the only party with standing to bring a wrongful death claim under the Jones Act, DOHSA, or general maritime law. Neither Peggy Kemp nor Dorothy Bright Clark is the Personal Representative of her son. Thus, neither has a personal right or cause of action for wrongful death or for any damages under the Jones Act, DOHSA, or the general maritime law. Accordingly, neither presents a plausible right to relief and their causes of action must be dismissed for failure to state a claim upon which any relief can be granted.

## II. BACKGROUND

On or about April 20, 2010, the DEEPWATER HORIZON, a dynamically positioned mobile offshore drilling unit ("MODU"), caught fire and eventually sank off the coast of Louisiana. Eleven crewmembers were lost as a result of the incident, including Transocean employees Roy Kemp and Donald Clark, who were crew members aboard the DEEPWATER HORIZON.

Roy Kemp's and Donald Clark's Personal Representatives asserted claims on behalf of their surviving spouses and children, and survival claims on behalf of the estates of their respective Decedents. Roy Kemp's and Donald Clark's Personal Representatives subsequently settled all claims arising out of or related to the deaths of their Decedents and executed settlement releases in favor of Defendants.[2]

---

[2] *See* Release and Covenant Not to Sue dated October 12, 2011, a true and correct copy of which has been filed under seal contemporaneously with this Motion to Dismiss as Exhibit "A"; Receipt, Release and Settlement of All Claims and Indemnity Agreement, dated September 16, 2011, a true and correct copy of which has been filed under

Peggy Kemp[3] and Dorothy Bright Clark,[4] the mothers of Roy Kemp and Donald Clark, respectively, also filed separate, individual claims in the captioned litigation. Peggy Kemp's claims sound in negligence under the Jones Act and the general maritime law, and under the general maritime law doctrine of seaworthiness.[5] Dorothy Bright Clark's claims are advanced under the Death on the High Seas Act ("DOHSA") "or other applicable law."[6]

Peggy Kemp and Dorothy Bright Clark lack standing to assert claims associated with their Decedents in their personal capacity because such claims can only be brought by the Personal Representatives of Roy Kemp and Donald Clark. Accordingly, even if their pleadings are construed in the light most favorable to their individual claims, these claimants fail to state a cause of action upon which relief can be granted, as neither presents a plausible right to relief. FED. R. CIV. P. 12(b)(6).[7]

---

seal contemporaneously with this Motion to Dismiss as Exhibit "B"; Order of the Court dated April 4, 2012, in Docket No. 23,112; *In re* Succession of Donald Neal Clark, Deceased; in the Sixth District Court of Tensas Parish Louisiana, a true and correct copy of which is attached hereto as Exhibit "C."

[3] *See* Plaintiff's Original Petition and Request for Disclosures, Rec. Doc. 1-2, under Case No. 2:12-cv-01895-CJB-JCW, *passim*; Plaintiff's Original Petition and Request for Disclosures, Rec. Doc. 1, under Case No. 2:13-cv-06013-CJB-JCW, *passim.*

[4] *See* Complaint for Damages Under DOHSA, Rec. Doc. 1, under Case No.: 2:11-cv-00945-CJB-JCW, *passim*.

[5] *See* Plaintiff's Original Petition and Requests for Disclosures, Rec. Doc. 1-2, under Case No. 2:12-cv-01895-CJB-JCW, pp. 3-7; Plaintiff's Original Petition and Request for Disclosures, Rec. Doc. 1, under Case No. 2:13-cv-06013-CJB-JCW, pp. 3-7.

[6] *See* Complaint for Damages Under DOHSA, Rec. Doc. 1, under Case No.: 2:11-cv-00945-CJB-JCW, pp. 5.

[7] To the extent the Court deems this Motion to Dismiss to be a Motion for Summary Judgment under Rule 56(e), Defendants so move as there is no genuine issue of material fact that Peggy Kemp and Dorothy Bright Clark lack standing to assert the claims they pleaded in this litigation, and thus the Court may dismiss these claims based on the arguments herein as a matter of law. FED. R. CIV. P 12(d).

## III. LEGAL STANDARD

### *A. Motion to Dismiss Under Rule 12(b)(6)*

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Kirby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina*, 495 F.3d at 205 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And those factual allegations must rise above the level of speculation. *Id*. (citing *Twombly*, 550 U.S. at 555).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citations, internal quotations, and brackets omitted). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Accordingly,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 662 U.S. at 679.

In considering a motion to dismiss under Rule 12(b)(6), a court may consider only the contents of the pleading and the attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court, however, "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp*., 748 F.3d 631, 635 (5th Cir. 2014).

***B. Wrongful Death under the Jones Act***

The Jones Act permits a cause of action for the wrongful death of a seaman only by the seaman's "personal representative." 46 U.S.C. § 30104. And it is a well-accepted legal principle that a cause of action under both the Jones Act and the general maritime law can only be asserted by the personal representative of the decedent and not by the beneficiaries of the claimant. *See Moragne v. States Marine Lines, Inc*., 398 U.S. 375, 389 (1970).

A "personal representative" is the court-approved executor or administrator of the decedent's estate. *Calton v. Zapata Lexington, et al*., 811 F.2d 919, 921 (5th Cir. 1987) (citing *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 734 (5th Cir. 1978), *modified on other grounds*, 606 F.2d 534 (1979) (en banc), *cert. denied*, 446 U.S. 956 (1980) (when decedent's father lost his position as administrator of the estate, he also lost the authority to sue as personal representative)). The personal representative holds any recovery in trust for the beneficiaries named in the Act. *See Landry v. Two R. Drilling Co*., 511 F.2d 138, 141 n.2 (5th Cir. 1975). Under the Jones Act, "the existence of a preferred class of beneficiaries excludes recovery by the inferior classes, or to put it in less technical language, if the deceased is survived by [a spouse

and] children, his parents are not permitted to claim injury, no matter how grievous their injury." *Hamilton v. Canal Barge Co*., 395 F. Supp. 978, 984 (E.D. La. 1975).

***C. Wrongful Death under DOHSA***

DOHSA actions can be brought only by a decedent's personal representative, for the exclusive benefit of the decedent's spouse, parent, child, or a "dependent relative." 46 U.S.C. § 30302; *see also Jacobs v. Northern King Shipping Co., Ltd*., 180 F.3d 713, 718 (5th Cir. 1999). Courts have held that a "personal representative" under the statute "is by definition a court-appointed executor or administrator of an estate, not merely an heir." *Credle v. United States*, 904 F. Supp.2d 527, 528 (D. Md. 2012). Since DOHSA clearly provides that only a personal representative of the decedent may bring a civil action under the statute, it follows that beneficiaries who are not duly appointed representatives of the estate do not have standing to file a DOHSA wrongful death suit. *Id*. (citing *Alcabasa v. Korean Air Lines Co., Ltd*., 62 F.3d 404, 407 (D.C. Cir. 1995); *Futch v. Midland Enters., Inc*., 471 F.2d 1195, 1196 (5th Cir. 1973)).

***D. Wrongful Death under the General Maritime Law***

"It is well settled that only the personal representative of the decedent has standing to bring an action for wrongful death or survival under the general maritime law." *Manson Gulf LLC v. Modern Am. Recycling Serv. Inc*., 2016 WL 3020843 at *1 (E.D. La. May 26, 2016) (Barbier, J.) (citing *Tidewater Marine Towing, Inc. v. Dow Chem. Co*., 689 F.2d 1251, 1253 (5th Cir. 1982)). The "personal representative" is "the court approved executor or administrator of the decedent's estate." *Id.* (citing *Calton v. Zapata Lexington, et al*., 811 F.2d 919, 921 (5th Cir. 1987)). And the personal representative "conducts the litigation and holds any recovery in trust for the beneficiaries." *Id*. (citing *Calton*, 811 F.2d at 922).

## V. ARGUMENT AND AUTHORITIES

***A. The Personal Representatives of Roy Kemp and Donald Clark have settled and released all claims arising out of or related to their Decedent's deaths.***

Clara Courtney Kemp, the widow and personal representative of the estate of Roy Kemp, executed a Release and Covenant Not to Sue on October 12, 2011.[8] This settlement agreement released all claims that could have been maintained in any capacity against Defendants, including claims asserted individually, on behalf of her children or other relatives, and/or in her capacity as Roy Kemp's Personal Representative.[9]

Sheila Clark, the widow and personal representative of the estate of Donald Clark, executed a Receipt, Release and Settlement of All Claims and Indemnity Agreement on September 16, 2011.[10] This settlement agreement released all claims that could have been maintained in any capacity against Defendants, including claims asserted individually, on behalf of her children or other relatives, and/or in her capacity as Donald Clark's Personal Representative.[11] The Sixth District Court of Tensas Parish Louisiana subsequently confirmed Shelia Clark's authority to compromise and settle the claims of the Estate of Donald Clark.[12]

---

8 *See* Release and Covenant Not to Sue dated October 12, 2011, a true and correct copy of which has been filed under seal contemporaneously with this Motion to Dismiss as Exhibit "A".

9 *See* Exhibit "A", *passim*.

10 *See* Receipt, Release and Settlement of All Claims and Indemnity Agreement, dated September 16, 2011, a true and correct copy of which has been filed under seal contemporaneously with this Motion to Dismiss as Exhibit "B."

11 *See* Exhibit "B", pp. 2, 5-9.

12 *See*, Order of the Court dated April 4, 2012, in Docket No. 23,112; *In re* Succession of Donald Neal Clark, Deceased; in the Sixth District Court of Tensas Parish Louisiana, a true and correct copy of which is attached hereto as Exhibit "C."

***B. Because the Personal Representatives of Roy Kemp and Donald Clark have settled and released all claims arising out of or related to their Decedent's deaths, Peggy Kemp and Dorothy Bright Clark lack standing to assert any additional claims against Defendants in their personal capacities.***

In *Calton v. Zapata Lexington*, the decedent, John Wiley Calton, III, died as a result of an explosion and fire aboard the drilling rig on which he worked. *Calton*, 811 F.2d at 920. The children from Calton's first marriage sued their father's employer under the Jones Act. *Id.* The employer moved to dismiss on the ground that Calton's personal representative, his widow, had already settled all claims. *Id*. The district court granted the employer's motion to dismiss. *Id*.

Plaintiffs argued that the personal representative's settlement did not bar another, separate suit, because the interests of the personal representative conflicted with the interests of Calton's second family. *Id*. at 921. The Fifth Circuit rejected Plaintiffs' argument. The court recognized that Jones Act beneficiaries could intervene in a personal representative's lawsuit where a conflict of interest existed. *Id*. But the court rejected the rationale that the ability to intervene in a personal representative's existing lawsuit permitted separate lawsuits by those beneficiaries. *Id*. (citing *Hassan v. A.M. Landry & Son, Inc*., 321 F.2d 570, 571-72 (5th Cir. 1963), *cert. denied*, 375 U.S. 967 (1964)). Instead, the court held that "Congress chose to protect seamen's employers by funneling all suits through a single personal representative," and that both precedent and the plain meaning of the statute barred separate suits by aggrieved beneficiaries. *Id*. at 22. And rather than separate lawsuits, the court held further that, because the personal representative holds any recovery in trust for all beneficiaries, the aggrieved beneficiary may have a cause of action against the personal representative for failing to represent their interests. *Id*.

No dispute exists here that the Plaintiffs Peggy Kemp and Dorothy Bright Clark are not the personal representatives of their sons. Neither Ms. Kemp nor Ms. Clark alleges to be the personal representative of their sons. As putative beneficiaries under the Jones Act, neither has standing to assert a separate lawsuit against Defendants for claims that rightfully belong to their respective son's personal representative. *See Calton v. Zapata Lexington, et al*., 811 F.2d 919, 921 (5th Cir. 1987); *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 734 (5th Cir. 1978), *modified on other grounds*, 606 F.2d 534 (1979) (en banc), *cert. denied*, 446 U.S. 956 (1980) (when decedent's father lost his position as administrator of the estate, he also lost the authority to sue as personal representative)). Moreover, because a preferred class of beneficiaries existed at the time of Roy Kemp's and Donald Clark's deaths, *i.e*., surviving spouses and children, any recovery by Peggy Kemp or Dorothy Bright Clark under the Jones Act is precluded. *See Hamilton v. Canal Barge Co*., 395 F. Supp. 978, 984 (E.D. La. 1975)

### *C. The Calton court's reasoning applies with equal force to causes of action asserted under DOHSA and the General Maritime Law.*

Although the *Calton* court addressed an effort by aggrieved beneficiaries to file a separate suit from a decedent's personal representative, the court's reasoning is equally applicable to beneficiaries' efforts to file separate lawsuits in DOHSA actions. *Credle v. United States*, 904 F. Supp.2d 527, 528 (D. Md. 2012) (citing *Alcabasa v. Korean Air Lines Co., Ltd*., 62 F.3d 404, 407 (D.C. Cir. 1995); *Futch v. Midland Enters., Inc*., 471 F.2d 1195, 1196 (5th Cir. 1973)); *see also Daigle v. Bell Helicopter Textron*, 1987 WL 14655, at *1 (E.D. La. 1987). The same result applies to beneficiaries' efforts to file separate lawsuits in actions arising under the general maritime law. *See Manson Gulf LLC v. Modern Am. Recycling Serv. Inc*., 2016 WL 3020843 at *1 (E.D. La May 26, 2016) (Barbier, J.) ("It is well settled that only the personal representative

of the decedent has standing to bring an action for wrongful death or survival under the general maritime law"); *see also Tidewater Marine Towing, Inc. v. Dow Chem. Co.*, 689 F.2d 1251, 1253 (5th Cir. 1982).

## V. CONCLUSION

Peggy Kemp and Dorothy Bright Clark have asserted causes of action in the captioned litigation in their personal capacity for alleged damages arising out of the wrongful death of their respective sons. Their pleadings, however, did not (because they could not) allege that either Peggy Kemp or Dorothy Bright Clark is the personal representative of the Decedents. Because neither has a personal right or cause of action for wrongful death or for any damages in her personal capacity under the Jones Act, DOHSA, or the general maritime law, neither presents a plausible right to relief. Accordingly, their claims and causes of action must be dismissed for failure to state a claim upon which any relief can be granted.

Defendants therefore respectfully request that the Court grant their Motion to Dismiss under Rule 12(b)(6) and dismiss all claims and causes of action Peggy Kemp and Dorothy Bright Clark have asserted against Defendants herein, with prejudice.

Dated: July 6, 2017

Respectfully submitted,

/s/ *Don K. Haycraft*

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Matthew T. Regan, P.C.
J. Andrew Langan, P.C.
Christopher Esbrook
Kristopher S. Ritter
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock, P.C,
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Attorneys for BP Exploration & Production Inc. and BP America Production Company*

/s/ *Frank A. Piccolo*
Frank A. Piccolo (Bar #02049)
PREIS PLC
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129

*Attorneys for Transocean Offshore Deepwater Drilling, Inc., Transocean, LTD., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Triton Asset Leasing, GmbH*

/s/ *R. Alan York*
R. Alan York
**REED SMITH LLP**
811 Main Street
Suite 1700
Houston, TX 77002
AYork@ReedSmith.com
Telephone: 713-469-3800
Facsimile: 713-469-3899

*Attorneys for Halliburton Energy Services, Inc., and Sperry Drilling Services*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of July, 2017.

/s/ *Frank A. Piccolo*
Frank A. Piccolo