**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | : | |
| GULF OF MEXICO, ON APRIL 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates to: | : | JUDGE BARBIER |
| No. 12-970 | : | |
| | : | MAG. JUDGE WILKINSON |
| This applies to Claimant ID 100247413 | : | |
| and Claim ID 236712 only | : | |

_____

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR RECONSIDERATION OF ORDERS [REC. DOC. 22935]**

Claimant ID 100247413 ("Claimant")[1] respectfully requests that the Court reconsider its Order dated June 13, 2017 [Rec. Doc. 22935] (hereinafter referred to as the "Second Interim Order"),[2] only to the extent that it pertains to Claim ID 236712; the profit and loss statements ("P&Ls") for the claim are sufficiently matched and did not trigger application of any framework under Policy 495.  In support of this Motion, Claimant would show as follows:

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as it relates to the Annual Variable Margin ("AVM") Methodology, and reversed Policy 495 in part as it pertains to the Industry Specific Methodologies ("ISMs") [*In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017), *reh'g denied*, No. 15-30377, 2017 WL 2674235 (5th Cir. June 21, 2017)].  In response to that decision, this Court issued the Second Interim Order remanding various claims on Discretionary Court Review, including Claimant's Claim ID 236712 to the Claim Administrator to be processed under the AVM Methodology of Policy 495.

_____

[1] For purposes of preserving confidentiality, Claimant will refer to itself by the Claimant ID Number issued by the Claims Administrator, and will refer to the Claim ID instead of the name of the business.

[2] On July 5, 2017, the Court issued an Order implementing the decision of the U.S. Fifth Circuit regarding Policy 495, and deleting the "Interim" designation from the Order dated June 13, 2017 [Rec. Doc. 23003].

With respect to Claim ID 236712, the Second Interim Order was entered in error as the Claims Administrator previously determined that Claimant's P&Ls were sufficiently matched, and issued a BEL award without using any of the methodologies set forth in Policy 495. It is therefore improper under Policy 495 for Claim ID 236712 to be processed in accordance with the AVM Methodology.  Accordingly, Claimant respectfully requests that the Court reconsider the Second Interim Order as it pertains to Claim ID 236712, and overturn and reverse the remand of this claim.

## BACKGROUND

On December 7, 2016, the Claims Administrator issued an Eligibility Notice relating to Business Economic Loss Claim ID 236712 [Doc ID 20196972].  In the notice, the Claims Administrator stated that Policy 495 was not triggered and, therefore, the Policy 495 Methodology used in the claim calculation was "N/A" [*Id.*, at pg. 5.  *See also*, Accountant Compensation Calculation Schedules, Doc ID 20178747 at pg. 6 n. 28 ("The Claimant reports revenue and expenses in the month of job completion and jobs typically last longer than one month; however, monthly revenues and variable expenses are sufficiently matched, therefore, the claim was processed using the BEL methodology.").] The Accountant Compensation Calculation Schedules notes contain no indications that the Settlement Program Vendors shifted revenue from one month to another. Doc ID 20178747 at pp. 4–6.

On December 28, 2016, BP requested a payment appeal contending that there was a "Calculation Error" as follows:

> As the basis for the appeal, BP states that the award does not comply with the terms of the Settlement Agreement, including without limitation the BEL framework and Policy 495. The Settlement Program erred by failing to properly address out of zone revenues, expenses, and facilities. In addition, the Settlement Program failed to properly address potential related party issues. Further, the Settlement Program failed to properly address potential moratoria losses and

whether Claimant is an excluded member of the Oil & Gas industry. Still further, the Settlement Program failed to resolve discrepancies in Claimant's financial documents, including but not limited to between Claimant's profit and loss statements and tax returns. Finally, the Settlement Program erred by not performing a proper calculation pursuant to Exhibit 4 of the Settlement Agreement.

[Doc ID 20262818, at p. 1].

In its briefing, BP *abandoned* all but two of the issues raised in its Notice of Appeal. [*See* Appeal Panel Decision, Doc. ID 20553679.] The two remaining issues were: (1) the "double counted adjustments to owner compensation" (which was conceded by Claimant), and (2) the supposed inclusion of revenues from an alleged "duplicate" out-of-zone facility. [*Id.*] The appeal panel unanimously decided in favor of Claimant, finding that "[o]nly the financials of Claimant, a Louisiana corporation, were in fact submitted for analysis on the present claim." [*Id.*] Because the Appeal Panelists found that BP had abandoned all of the issues it did not brief in its supporting memoranda, There were no "Policy 495" issues before the Panel. Thereafter, the Claims Administrator issued a Post-Appeal Eligibility Notice, which included a 5% increase in the Post-Appeal Compensation Amount as the 5% Review Cost. [Doc. ID 20553683.]

On April 10, 2017, Claimant received notice that BP had requested Discretionary Court Review to overturn the decision of the Appeal Panel regarding only the issue of the alleged inclusion of revenue from an out of zone facility. [Doc. ID 20593604.]  Claimant filed a timely Objection to BP's Request for Discretionary Court Review [Doc ID 20608406].  BP did not seek Discretionary Court Review based on the applicability of Policy 495 or AVM Methodology, and Claimant's objection did not address Policy 495.[3]

---

[3] Rule 30 of the Rules Governing Discretionary Court Review of Appeal Determination (eff. 12/08/2015) provides that "[t]he issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel."  Because Policy 495 was not triggered by Claim ID 236712and BP did not raise Policy 495 or the AVM Methodology on appeal, Policy 495 and the AVM Methodology are not issues that can be reviewed on Discretionary Court Review with respect to Claim ID 236712.

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as to the AVM Methodology, and reversed Policy 495 in part as to the application of the ISMs [*In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017)].  In response to that decision, this Court issued the Second Interim Order that provides, in pertinent part, as follows:

> the claims identified in "Exhibit 1" to this Order are **REMANDED** to the Claims Administrator to be processed under the Annual Variable Margin Methodology, except that revenue shall not be reallocated, restated, smoothed, or moved unless done to correct an error

[Rec. Doc. 22935].  Claim ID 236712 was identified in Exhibit 1, and was thus remanded to be processed under the AVM Methodology [Rec. Doc. 22935-1, at p. 2].

Claimant contends that the Second Interim Order was issued in error as it applies to Claim ID 363913.  The P&Ls of Claim ID 236712 are sufficiently matched; therefore, the AVM Methodology of Policy 495 should not be applied to the claim.

## LAW & ARGUMENT

Claimant moves for reconsideration of the remand of Claim ID 236712 pursuant to Federal Rule of Civil Procedure 54(b), which allows the Court to revise an order that adjudicates fewer than all the claims, or the rights and liabilities of all the parties.  *See Broussard v. First Tower Loan, LLC*, No. 15-1161; 15-2500, 2016 WL 879995, at *2 (E.D. La. March 7, 2016) (Barbier, J.) (citing FED. R. CIV. P. 54(b)); *see also, Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.).  As explained in *Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC*, "[u]nder Rule 54(b), the district court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." 282 F.R.D. 146, 152-153 (E.D. La. April 5, 2012) (Brown, N.J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); *see also, Castrillo v. Am. Home Mortg. Servicing, Inc.*, 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. April 5, 2010) (Vance, J.).

"The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment" *Broussard*, 2016 WL 879995, at *2 (citing *Castrillo*, 2010 WL 1424398, at *4).

Reconsideration under Rule 59(e) is appropriate upon proof that any one of the following four grounds are present:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the Claimant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

*Gulf Fleet Tiger Acquisition, LLC*, 282 F.R.D. at 152-153.

Here, Claimant seeks reconsideration of the Second Interim Order as to Claim ID 236712 on the basis that this remand is premised on an error of fact or law, and the motion is necessary to prevent manifest injustice. Specifically, the Second Interim Order errs in that it mischaracterizes Claim ID 236712 as a claim to which a Policy 495 restatement methodology applies and must be processed in accordance with AVM Methodology.

Instead, as a claim with P&Ls that have been deemed "sufficiently matched," Claim ID 236712 is not subject to a Policy 495 methodology and should not be processed pursuant to the AVM Methodology.  Attachment "B" to Policy 495, which explains the applicability of AVM Methodology, at page B1 reads in pertinent part as follows:

> [AVM] methodology will not apply to claimants who's [sic] submitted P&Ls have been deemed "sufficiently matched," which claims will be processed under the methodology set forth in Exhibit 4C of the Settlement Agreement, utilizing the contemporaneous P&Ls.

Policy 495, at page 3, provides that "[i]f a claimant's contemporaneous P&Ls submitted to the CAO are deemed to be 'sufficiently matched' based on an assessment by the CSSP

Accounting Vendors, such P&Ls will be utilized in calculating compensation under the Settlement Agreement." Here, the Claims Administrator issued an Eligibility Notice stating that Policy 495 was not triggered by Claim ID 236712 [*see* Eligibility Notice, Doc ID 20196972, at p. 5; Accountant Compensation Calculation Schedules, Doc ID 20178747 at pg. 6 n. 28. The Claims Administrator and Accounting Vendors determined that the P&Ls for Claim ID 236712 were sufficiently matched. This claim was processed according to the BEL methodology without application of any P&L restatement methodology set forth in Policy 495. [*Id.*] As a result, the claim should not have been remanded alongside other claims where application of the AVM Methodology was called for. The Second Interim Order remanding a "sufficiently matched: claim to be processed under the AVM Methodology is contrary to a part of Policy 495 which was ultimately left intact by the Fifth Circuit Court of Appeals—the determination of whether P&Ls are "sufficiently matched." Accordingly, Claimant respectfully requests that the Second Interim Order be overturned and reversed as to Claim ID 236712 only.

## CONCLUSION

For the reasons stated above, Claimant ID 100247413 respectfully requests that this Court reconsider its Order dated June 13, 2017 [Rec. Doc. 22935] insofar as it remands Claim ID 236712 to be processed in accordance with AVM Methodology. Claim ID 236712 is a "sufficiently matched claim," which pursuant to Attachment "B" of Policy 495 must not be processed in accordance with the AVM Methodology. Thus, the remand of Claim ID 236712 violates the decision of the Fifth Circuit affirming the AVM Methodology of Policy 495, and should be overturned and reversed.

Respectfully submitted,

 /s/ Matthew E. Lundy
Matthew E. Lundy (# 18988)

501 Broad Street (70601)
Post Office Box 3010
Lake Charles, Louisiana 70602-3010
Telephone: (337) 439-0707
Facsimile: (337) 439-1029

*Counsel for Claimant ID No. 100247413*

## CERTIFICATE OF SERVICE

I, Matthew E. Lundy, do hereby certify that that the above and foregoing Notice of Submission will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 11th day of July, 2017.

/s/Matthew E. Lundy