UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG : | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE : | |
| GULF OF MEXICO, ON APRIL 20, 2010 : | SECTION: J |
| : | |
| This Document Relates to: : | JUDGE BARBIER |
| No. 12-970 : | |
| : | MAG. JUDGE WILKINSON |
| This applies to Claimant ID 100107923 : | |
| and Claim ID 57700 only : | |

MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDERS [REC. DOC. 22935]

Claimant ID 100107923 ("Claimant") respectfully requests that the Court reconsider its Order dated June 13, 2017 [Rec. Doc. 22935] (hereinafter referred to as the "Second Interim Order"), only to the extent that it pertains to Claim ID 57700. This Order was not applicable to Claim 57700 because any and all errors alleged as to the applicability of Policy 495 in calculating the present Claim's Eligibility Notice were not preserved by Appellant, BP. In support of this Motion, Claimant would show as follows:

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as it relates to the Annual Variable Margin ("AVM") Methodology, and reversed Policy 495 in part as it pertains to the Industry Specific Methodologies ("ISMs") [*In re Deepwater Horizon,* 858 F.3d 298 (5th Cir. 2017), *reh'g denied,* No. 15-30377, 2017 WL 2674235 (5th Cir. June 21, 2017)]. In response to that decision, this Court issued the Second Interim Order remanding various claims on Discretionary Court Review, including Claimant's Claim ID 57700, to the Claims Administrator to be processed under the AVM Methodology of Policy 495.

With respect to Claim ID 57700, the Second Interim Order was entered erroneously, as any errors in the application of Policy 495 in calculating 57700's Eligibility Notice were not preserved due to BP's failure to raise this issue at any point in the Appeal Process. Policy 495 was not raised in BP's Notice of Appeal, its Initial Proposal or Argument, its Final Proposal nor its Request for Discretionary Review. Therefore, any error which would have potentially justified remand of 57700's Eligibility Notice and the 5% affirmance fee, have been waived and it is improper for this claim to be remanded for recalculation. Accordingly, Claimant respectfully requests that the Court reconsider the Second Interim Order as it pertains to Claim ID 57700, and overturn and reverse the remand of this claim.

## BACKGROUND

On February 6, 2017, the Claims Administrator issued an Eligibility Notice awarding Claimant a Base Award Amount of $991,856.06 relating to Claim ID 57700 [Doc ID 20387772]. On February 27, 2017, BP requested a payment appeal based on the following:

As the basis for the appeal, BP states that the award does not comply with the terms of the Settlement Agreement, including without limitation the BEL framework. The Settlement Program failed to properly address whether Claimant is an excluded member of the oil and gas industry. In addition, the Settlement Program failed to properly address potential moratoria losses. Further, the Settlement Program erred in its treatment of bonuses. Finally, the Settlement Program erred by not performing a proper calculation pursuant to Exhibit 4 of the Settlement Agreement. [Doc ID 20465318, at p. 1].

BP's Appeal-Supporting Memoranda abandoned all but two of the above issues. [See Appeal-Supporting Memoranda, Doc. ID 20569904.] The two remaining issues which were argued in BP's Supporting Memoranda were: (1) that Claimant was excluded from the Settlement Class due to allegedly being in the oil and gas support industry and (2) that certain bonuses paid by Claimant should have been reallocated over several months.

The Appeal Panelist decided in favor of Claimant, finding that: "BP appeals the Program's BEL award of $991,856.06 (pre RTP) to a Zone C electrical contractor on <u>two preserved grounds</u> (emphasis added)."

"First, it points to website references and other records to assert that five of the seven markets serviced by Claimant (terminals, transmission, alternative fuels, petroleum refining, and power generating stations) are in the oil and gas industry and therefore Claimant should be excluded from participation in the Program under Section 2.2.4.5 of the Settlement Agreement. BP proceeds that it was error under the circumstances for the Program to assign Claimant a non-excluded NAICS code of 238210 (Electrical contractors and other wiring installation contractors). Instead, the Claimant merited one of two excluded codes, either 237120 (Specialty contractors engaged primarily in oil and gas pipeline and related structure construction) or 213112 (Contractors primarily engaged in support activities for oil and gas operations). Secondly, BP advances the smoothing out of certain bonuses (which it speculates were "likely performance bonuses") rather than assigning them only to the month they were paid. It makes a final proposal of $0 or seeks an alternative remand for further investigation into both issues. Claimant, in a comprehensive and well-supported response, argues as follows. As to BP's claim that the wrong NAICS code was assigned by the Program, it shows that it has adopted the same code as assigned it by the Program in every single tax document it has filed from 2007 through 2011 and has consistently advertised itself and represented to prospective vendors that it is a general electrical contractor. This representation is reflected in its self-description as such in its 1997 Articles of Incorporation. Additionally and significantly, Claimant responds in detail to BP's allegations by factual research and attached exhibits showing that in 2010, only 12 of its 58 industrial projects were for arguable oil and gas entities, and none of its 33 commercial projects qualified as oil and gas related. Thus, argues Claimant, far from performing "primarily" oil and gas projects, its operation in that industry was about 12% of its total work. Claimant finally points out that the website references used by BP were from the irrelevant 2014 edition of Claimant's website, even though its more relevant 2010 version was still available for a fairer analysis. On review of the record, this panelist is convinced that the Program's assigning of the subject non-excluded NAICS code to Claimant was in every way faithful to the provisions of the Settlement Agreement and Policy 480v2. As to BP's second assignment of error, concerning the need to "smooth out" bonuses, Claimant's calculation shows that in actuality, such a process would produce a slightly higher award than was granted by the Program.
In sum, especially when met with BP's unrealistic final proposal of $0 in the face of such a large award, this panelist must choose Claimant's final proposal, thus affirming the award in its entirety." [DOC. ID 20643704].

It was clearly held in the foregoing opinion of the Appeal Panelist that BP preserved only the two above-listed issues on appeal; there were no "Policy 495" issues preserved and presented

to the Panel. Thereafter, the Claims Administrator issued a Post-Appeal Eligibility Notice, which included a 5% increase in the Post-Appeal Compensation Amount. [Doc. ID 20643692]

On May 15, 2017, Claimant received notice that BP had requested Discretionary Court Review, seeking to overturn the decision of the Appeal Panelist regarding solely the issue of the alleged improper treatment of bonuses. [Doc. ID 20675122.] Claimant filed a timely Objection to BP's Request for Discretionary Court Review [Doc ID 20699163]. As with the appeal, BP did not seek Discretionary Court Review based on the applicability of Policy 495 or AVM Methodology, and Claimant's objection did not address Policy 495.

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as to the AVM Methodology, and reversed Policy 495 in part as to the application of the ISMs [*In re Deepwater Horizon,* 858 F.3d 298 (5th Cir. 2017)]. In response to that decision, this Court issued the Second Interim Order that provides, in pertinent part, as follows:

"…the claims identified in "Exhibit 1" to this Order are REMANDED to the Claims Administrator to be processed under the Annual Variable Margin Methodology, except that revenue shall not be reallocated, restated, smoothed, or moved unless done to correct an error." [Rec. Doc. 22935].

Claim ID 100107923 was identified in Exhibit 1, and was thus remanded to be processed under the AVM Methodology [Rec. Doc. 22935-1, at p. 2]. Claimant contends that the Second Interim Order was issued in error as it applies to Claim ID 57700. As discussed below, the issue of the legality of the application of Policy 495 to the present claim at this late stage of the Appeal Process has been waived by all parties.

LAW AND ARGUMENT

Claimant moves for reconsideration of the remand of Claim ID 57700 pursuant to *Federal Rule of Civil Procedure* 54(b), which allows the Court to revise an order that adjudicates

fewer than all the claims, or the rights and liabilities of all the parties. See *Broussard v. First Tower Loan, LLC,* No. 15-1161; 15-2500, 2016 WL 879995, (E.D. La. March 7, 2016) (Barbier, J.) (citing FED. R. CIV. P. 54(b)); see also, *Namer v. Scottsdale Ins. Co.,* 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.). As explained in *Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC,* "[u]nder Rule 54(b), the district court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." 282 F.R.D.146, 152-153 (E.D. La. April 5, 2012) (Brown, N.J.) (quoting *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir. 1981)); see also, *Castrillo v. Am. Home Mortg. Servicing, Inc.,* 09-4369 R, 2010 WL 1424398, (E.D. La. April 5, 2010) (Vance, J.). "The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment" *Broussard,* 2016 WL 879995, (citing *Castrillo,* 2010 WL 1424398). Reconsideration under Rule 59(e) is appropriate upon proof that any one of the following four grounds are present: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the Claimant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *Gulf Fleet Tiger Acquisition, LLC,* 282 F.R.D. at 152-153.

      Here, Claimant seeks reconsideration of the Second Interim Order as to Claim ID 57700 on the basis that this remand is premised on an error of fact or law, and the motion is necessary to prevent manifest injustice. Specifically, the Second Interim Order errs in that it fails to consider the legal status of Claim ID 57700--a claim for which objections to Policy 495's application were never interposed, much less in a timely manner, and as such, any errors were

not properly preserved during the course of the Appeal Process. Claim 57700 was final prior to May 22, 2017 as to all non-preserved issues. Policy 495's application to the present Claim drew no objection from any party at any point and was not preserved as error at any juncture in the Appeal and/or Discretionary Review Process.  Rule 14 of the January 8, 2016 *Rules Governing the Appeals Process* states that "[t]he issues on appeal shall be limited to those originally raised…in the Request for Appeal Form/Notice…." In addition, in the *Rules Governing Discretionary Court Review of Appeal Determinations,* effective December 8, 2015, Rule 30 states that "[t]he issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel." Any mention of Policy 495 is conspicuously absent from every single document filed during Appeal/Request for Discretionary Review processes. This issue was waived and cannot now be resurrected. The Appeal Panelist specifically noted that there were "…two issues preserved…" and neither of the two preserved issues was in any manner related to Policy 495. By the time the Claim was presented to the District Court for Discretionary Review, a single issue was raised, dealing with the treatment of certain bonuses. As a result, this claim should not have been remanded alongside other claims where the errors in the application of the AVM Methodology were properly and timely preserved. Accordingly, Claimant respectfully requests that the Second Interim Order be overturned and reversed as to Claim ID 57700 only.

CONCLUSION

For the reasons stated above, Claimant ID 100107923 respectfully requests that this Court reconsider its Order dated June 13, 2017 [Rec. Doc. 22935] insofar as it remands Claim ID 57700 to be processed in accordance with AVM Methodology. The remand of Claim ID 57700 violates the *Rules Governing the Appeal Process* and the *Rules Governing Discretionary Court Review of Appeal Determinations*, and this decision should be overturned and reversed.

Respectfully submitted,

/s/Mary Beth Mantiply

Mary Beth Mantiply

Post Office Box 862
Montrose, Alabama 36559
(251) 625-4040
adele123m@aol.com
*Counsel for Claimant ID No. 100107923*

## **CERTIFICATE OF SERVICE**

I, Mary Beth Mantiply, do hereby certify that on this 13th day of July, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

/s/Mary Beth Mantiply