# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * MDL NO. 2179 <br> * <br> * SECTION J <br> * |
| **This document relates to:** <br> **No. 12-970** | * Honorable CARL J. BARBIER <br> * <br> * Magistrate Judge WILKINSON |
| **This applies to Claimant ID 100286580 and Claim ID 301397 only** | * <br> * |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR RECONSIDERATION OF ORDER (DOC. 22935)

COMES NOW the Claimant (ID 100286580; Claim ID 301397) and respectfully requests that the Court reconsider its Order dated June 13, 2017 (Doc. 22935)[1] (hereinafter referred to as "Second Interim Order") only to the extent that it pertains to Claimant. The Order remanded Claimant's claim "to be processed under the Annual Variable Margin Methodology," (Doc. 22935), but that is exactly the methodology which was used to process Claimant's claim. Claimant's claim was already processed, and approved, by the Claims Administrator using the Annual Variable Margin Methodology.

---

[1] This Order was originally styled as an "Interim Order," but the Court on July 5, 2017 entered an Order deleting the "Interim" designation. (Doc. 23003).

{B2596350}

# INTRODUCTION

On May 22, 2017, the Fifth Circuit affirmed Policy 495 in part as it relates to the Annual Variable Margin ("AVM") Methodology, and reversed the portions of Policy 495 pertaining to the Industry Specific Methodologies ("ISMs"). *In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017), *reh'g denied*, No. 15-30377, 2017 WL 2674235 (5th Cir. June 21, 2017). In response, this Court entered the Second Interim Order remanding various claims pending before the Court on Discretionary Court Review, and directing that the Claims Administrator process those claims according to the AVM Methodology. (Doc. 22935).

The Second Interim Order is immanently justified with respect to claims that had been processed under the ISMs, but Claimant's claim was not. Rather, Claimant's claim was processed, and approved, by the Claims Administrator using the AVM Methodology. Remanding Claimant's claim to be processed for a second time under the AVM Methodology will only result in delay of Claimant's award, and will provide BP a second bite at the apple in challenging the award on appeal, after already having its first appellate arguments rejected by the Appeal Panel.

# CLAIM HISTORY

On December 7, 2016, the Claims Administrator issued an eligibility notice for Claimant's claim. (Doc. ID 20197039). As stated in the eligibility notice, the methodology used to process the claim was the "Annual Variable Margin"

Methodology.  (*Id.* at p. 5; *see also id.* ("the Claims Administrator has evaluated your claim under the Annual Variable Margin Methodology, as set forth in Attachment B of Policy 495")).

BP appealed the award, and in its appellate brief argued "the Settlement Program failed to (1) properly investigate potential related party transactions, and (2) determine whether Claimant is a Real Estate Developer that is excluded from the Settlement Class."  (Doc. ID 20299292).  On April 1, 2017, the Appeal Panel correctly found that BP's arguments had no merit whatsoever.  (*See* Doc. ID 20570279 at p. 2 ("BP's assertion that Claimant is an excluded real estate developer is not supported by the record" and "this Panel finds BP's argument [regarding related party transactions] to be speculative and not supported by the record")).  The Claims Administrator issued a post-appeal eligibility notice the same day, and added the 5% review cost to the award amount due to BP's unsuccessful appeal.  (Doc. ID 20570278).[2]

On April 14, 2017, BP submitted a request for discretionary review by this Court.  (Doc. ID 20605967).  In it, BP all but abandoned its argument that Claimant was an excluded Real Estate Developer, and instead focused on the argument that

---

[2] The Second Interim Order leaves open the issue of whether Claimant remains entitled to the 5% Review Cost.  Because the 5% Review Cost was awarded after Claimant prevailed on appeal on issues unrelated to Policy 495, Claimant respectfully requests guidance as to this issue should this motion be denied.

{B2596350}   3

there could have been related party transactions that the Settlement Program failed to consider. (*Id.*). Claimant timely objected to this request for discretionary review on April 25, 2017. (Doc. ID 20630443).

On May 22, 2017, the Fifth Circuit affirmed Policy 495 as it relates to the AVM Methodology, but reversed the portions of Policy 495 pertaining to the ISMs. *In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017), *reh'g denied*, No. 15-30377, 2017 WL 2674235 (5th Cir. June 21, 2017). In response, this Court entered the Second Interim Order remanding various claims (including Claimant's claim) to the Claims Administrator "to be processed under the Annual Variable Margin Methodology." (Doc. 22935; *see also* Doc. 22935-1 at p. 2).

Claimant submits that remand to the Claims Administrator "to be processed under the Annual Variable Margin Methodology" is inappropriate as Claimant's claim has already been processed, and approved, under the AVM Methodology.

## ARGUMENT

Claimant moves for reconsideration of the remand of its claim pursuant to Federal Rule of Civil Procedure 54(b), which allows the Court to revise an order that adjudicates fewer than all the claims, or the rights and liabilities of all the parties. *See Broussard v. First Tower Loan, LLC*, No. 15-1161; 15-2500, 2016 WL 879995, at *2 (E.D. La. March 7, 2016) (Barbier, J.) (citing Fed. R. Civ. P. 54(b)); *see also, Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016). "Under Rule

54(b), the district court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC,* 282 F.R.D. 146, 152-53 (E.D. La. 2012) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). "The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment," *Broussard*, 2016 WL 879995, at *2, which allow for reconsideration in any of the following scenarios:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2) the movant presents newly discovered or previously unavailable evidence;
>
> (3) the motion is necessary in order to prevent manifest injustice; or
>
> (4) the motion is justified by an intervening change in controlling law.

*Gulf Fleet Tiger Acquisition, LLC*, 282 F.R.D. at 152-53.

Moreover, the Federal Rules are to be construed and implemented in accordance with the overarching mandate of Rule 1: "to secure the just, speedy, and inexpensive determination of every action and proceeding." The Fifth Circuit "ha[s] explained that there 'probably is no provision in the federal rules that is more important than this mandate.'" *U.S., ex rel., Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 468 (5th Cir. 2015), *cert. granted in part,* 136 S. Ct. 2386, 195 L. Ed. 2d 761 (2016), *and aff'd sub nom. State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*,

137 S. Ct. 436, 196 L. Ed. 2d 340 (2016) (quoting *Trevino v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir.1983)).

Reconsideration of the Second Interim Order as it pertains to Claimant's claim is appropriate to correct an error of fact or law, and to prevent manifest injustice. Remanding Claimant's claim to the Claims Administrator "to be processed under the Annual Variable Margin Methodology" is erroneous because Claimant's claim has already been processed under the AVM methodology. Remand will serve no purpose other than to delay Claimant's meritorious claim, and provide BP a second bite at the apple in challenging Claimant's award on appeal for a second time. This would not promote the mandate of Rule 1 to secure the just, speedy, and inexpensive determination of Claimant's claim.

## CONCLUSION

Based on the foregoing, Claimant respectfully requests the Court to reconsider the Second Interim Order (Doc. 22935) only as it pertains to Claim ID 301397, and to direct the Claims Administrator to return Claim ID 301397 to the Court to determine whether to accept BP's request for discretionary review.

Respectfully submitted,

/s/ H. Thomas Wells, III
H. Thomas Wells, III (ASB-4318-H62W)
STARNES DAVIS FLORIE LLP
P.O. Box 59812
Birmingham, AL  35259
phone:  (205) 868-6000
fax:      (205) 868-6099
email:   twells@starnelaw.com

*Counsel for Claimant*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of July, 2017.

/s/ H. Thomas Wells, III
H. Thomas Wells, III (ASB-4318-H62W)