UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL No. 2179 |
| | | * | SECTION: J |
| This Document Relates to:  2:17-cv-02881 | | * | Judge Barbier |
| | | * | Mag. Judge Wilkinson |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**MAY IT PLEASE THE COURT**:

Defendants have moved to dismiss the above captioned case for several reasons.   The motion to dismiss is without merit.

**FACTS/VERIFIED ALLEGATIONS:**

A review of the verified complaint and appended exhibits (Document 1 and exhibits) will show that this is a legal malpractice case.   Plaintiffs Joseph Gauci et al. employed defendants Brent Coon & Associates Law Firm, P.C., Brent Coon, Eric W. Newell, and John Thomas to represent plaintiffs in lawsuits to be filed in the Eastern District of Louisiana.   Defendants did, in fact, file several lawsuits on behalf of plaintiffs, including cases assigned docket no. 2:16-cv-06951 titled *Gauci v. BP Exploration and Production Inc.*[1] and docket no. 2:16-cv-07048 titled *Gauci's Custom Building and Developing LLC et al. v. BP Exploration & Production, Inc. et al.* These cases (the original lawsuits) were  subsequently consolidated with MDL 2179 (*In Re Oil Spill by the Oil Rig "Deepwater Horizon*).   All defendants appeared as counsel of record for

---

[1] In the original complaint, the case number of the first of the two original cases is given incorrectly, apparently due to a typographical error.

plaintiffs in these original lawsuits.

Plaintiffs contend that, during the course of their handling of the original lawsuits, the defendants engaged in legal malpractice and other wrongful acts. Defendants have now moved to dismiss plaintiffs' malpractice claim on various grounds. The motion to dismiss is without merit.

*(1) lack of personal jurisdiction*

Defendants undertook to represent, and did represent, plaintiffs in lawsuits filed in the Eastern District of Louisiana (the original lawsuits). The wrongful acts complained of in the petition occurred, in part, in the Eastern District of Louisiana (failure to file timely pleadings) and the damages resulting from these wrongful acts (diminution of the value of plaintiffs' claim) occurred in the Eastern District of Louisiana.

In addition, a review of this Honorable Court's Pacer system will show that all four of the moving defendants regularly appear before the Eastern District of Louisiana, with a Pacer search showing that, as of July 12, 2017, the defendants had appeared as attorneys in cases pending in the Eastern District as follows:

(A) John R. Thomas - has appeared in 127 cases filed in the Eastern District of Louisiana, with the case most recently filed being case no. 16-12393 (Gulf Landings v. BP), filed July 4, 2016. Judging by Pacer, a large number of these cases remain open and Mr. Thomas remains counsel of record.

(B) Eric Wayne Newell - has appeared as counsel of record in 143 cases filed in the Eastern District of Louisiana, including case no. 16-12393 (*Gulf Landings v. BP*) filed July 4, 2016 and, which appears to be the most recent, 17-06645 (*Lewis v. Sanofi S.A.*) *Filed* July 11,

2017.   Judging by Pacer, a large number of these cases remain open and Mr. Newell remains counsel of record.

(C)  Brent Coon - has appeared in 181 cases filed in the Eastern District of Louisiana, with the case most recently filed being 17-06650 (*Carrty v. Sanofi Aventis*).   Mr. Coon is also counsel of record for plaintiffs in case no. 16-12393 (*Gulf Landings v. BP*).  Judging by Pacer, a large number of these cases are still open and Mr. Coon remains counsel of record.

(D)  The Pacer system does not permit a separate search for the cases in which the law firm Brent Coon & Associates Law Firm, P.C. is listed as the law firm of an appearing attorney, but a spot check of records will indicate that, when any of the three individual attorneys identified above appears as counsel of record, the law firm is identified as the individual attorney's firm.   See, e.g., the docket sheet in  16-12393 (*Gulf Landings v. BP*), which identifies all three individual attorneys as counsel of record and identifies each of them as acting in his capacity as member or associate of Brent Coon & Associates.

Attached and marked Exhibit A is Contract of employment.  The signature line is titled for attorney Doug Kraus.  Doug Kraus is a Louisiana resident and a Louisiana licensed lawyer. The facts will show that Doug Kraus was not even employed by Brent Coon at the time the contract was presented to the Gaucis.

On information and belief, the above attorneys have been admitted to practice in the Eastern District of Louisiana under Local Rule 83.2.5 and, in order to be admitted, the attorneys had to submit themselves to the personal jurisdiction of this Honorable Court for matters related to their conduct before this Honorable Court.   On further information and belief, the above attorneys have personally appeared in court in the Eastern District of Louisiana in connection

with many of the cases in which they are attorneys of record. In addition, there may have been in appearances in New Orleans in connection with other matters, e.g., the Dien Nguyen matter.

Therefore, the claim of lack of personal jurisdiction is frivolous.

*(2) failure to state a claim*

The Defendants' contention that the Plaintiffs have failed to state a claim and therefore the Defendants are entitled to a dismissal is without merit and contrary to the law. FRCP 12(b)(6) motions are looked on with disfavor by the courts, and are granted sparingly and with care. FEDPROC § 62.464. Even if it is doubtful that the plaintiff would ultimately prevail if the plaintiff colorably states facts which, if proven, would entitle him or her to relief, a motion to dismiss for failure to state a claim should not be granted. FEDPROC § 62.464. In considering a FRCP 12(b)(6) motion to dismiss, the complaint is liberally construed and is viewed in the light most favorable to the plaintiff. FEDPROC § 62.467; *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929, 68 Fed.R.Serv.3d 661 (2007).

The 5th Circuit Court of Appeals articulated it's standard in *In re Katrina Canal Breaches Litigation*, 495 F. 3d 191 (5th Cir.2007) stating that "The "court accepts `all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004) (*quoting Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face*." Bell Atl. Corp. v. Twombly*, U.S. 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks,

4

citations, and footnote omitted)."

The 5th Circuit also recently stated with regard to Motions To Dismiss under 12(b)(6) in *Gonzalez v. Kay*, 577 F. 3d 600 (5thCir.2009) that "The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, U.S.129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not `show[n]'—`that the pleader is entitled to relief.'" Id. at 1950 (quoting FED.R.CIV.P. 8(a)(2))"(Emphasis added).

If the facts as pleaded by plaintiffs are true, then plaintiffs have asserted a meritorious claim for legal malpractice and related violations of their rights.  The motion to dismiss for failure to state a claim is lacking in merit.

   *(3)  arbitration clause*

The contract of representation (Document 1-1) provides that the parties' obligations under the contract will be determined according to Louisiana law.    Under Louisiana law, the arbitration clause is unenforceable. *Hodges v. Reasonover,* 2012-0043 (La. 7/2/12); 103 So.3d 1069. Exhibit B: Affidavit of Joseph Gauci.  Furthermore, the arbitration clause is void under any other arguably applicable state law.  Under Georgia law, an arbitration clause in an attorney-client representation contract is voidable at the will of the client pursuant to  *Harris v. Albany*

*Lime & Cement Co.,* 291 Ga. App. 474, 477, 662 S.E.2d 160, 163 (2008) and plaintiffs do not desire arbitration and exercise their right under Georgia law to declare the clause to be void (see complaint, Document 1).  The arbitration clause is substantively and/or procedurally unconscionable under Texas law under the test established in *Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494 (Tex. 2015) and authorities cited therein.  There does not appear to be a Mississippi case squarely in point, but it is believed that the Mississippi Supreme Court would also declare the arbitration clause to be invalid under generally recognized legal principles governing attorney-client relationships.

(4)  *Improper venue*

Since many of the wrongful acts occurred in the Eastern District of Louisiana and the damages were sustained in the Eastern District of Louisiana (see 1 above), therefore venue in the Eastern District of Louisiana is proper.

## **CONCLUSION**

The Plaintiffs' complaint is not defective for lack of personal jurisdiction, for failing to state a claim or improper venue nor is it defective for due to arbitration clause.  Therefore, the Defendants' motions should be denied with prejudice at the Defendants sole cost.

Respectfully submitted this the 18th day of July, 2017.

        BY:  GAUCI CUSTOM BUILDERS, LLC, d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC, WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC, KAREN GAUCI individually, and JOSEPH V. GAUCI individually,

/s/ George W. Healy IV
George W. Healy, IV (14991)
George W. Healy, IV & Associates
1323 28th Avenue, Suite A
Gulfport, MS 39501
228-575-4005

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of July, 2017.

/s/ George W. Healy IV