**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL No. 2179 |
| | | SECTION: J |
| | * | |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| *All Cases in the B1 Pleading Bundle* | * | MAG. JUDGE WILKINSON |

<u>ORDER</u>
**[As to the Remaining Cases in the B1 Pleading Bundle Following PTO 60, PTO 64, and the Moratorium Hold Opt-Out Order]**

### A.  The PTO 60 Process (Background)

Early in this multidistrict litigation the Court established eight separate "pleading bundles" for different categories of claims.  (Pretrial Order 11, Rec. Doc. 569).   The "B1" bundle included claims for non-governmental economic loss and property damages by private individuals and businesses, and it was pled pursuant to a "B1" Bundle Master Complaint. (Rec. Doc. 879, *amended* Rec. Doc. 1128).  On March 29, 2016, the Court issued Pretrial Order 60 ("PTO 60"), which dismissed the B1 Master Complaint and required that all B1 plaintiffs who had timely filed a claim in the B1 bundle and who had not released their claims to file and serve a three-page sworn statement ("Sworn Statement") regarding the status of his/her/its claim.  PTO 60 also required that any B1 plaintiff who had previously filed only a short form joinder and/or a "mass joinder" lawsuit (one joined by one or more other plaintiffs) to file an individual complaint.  The deadline to comply with PTO 60 was May 2, 2016, later extended to May 16, 2016.

On June 7, 2016, the Court issued an Order to Show Cause Regarding Compliance with PTO 60 ("Show Cause Order," Rec. Doc. 18724) which identified thousands of plaintiffs that BP

in good faith believed made submissions in response to PTO 60 that complied with the requirements of PTO 60. The Show Cause Order also listed plaintiffs who made submissions in response to PTO 60 that BP believed were materially deficient. Those who were not deemed compliant with PTO 60 were required to show cause in writing why their B1 claims should not be dismissed with prejudice. On July 14, 2016, the Court issued an Order Re: Compliance with PTO 60. ("Compliance Order," Rec. Doc. 20996). The Compliance Order identified approximately 962 B1 plaintiffs who had complied with PTO 60 and had not yet resolved their claims against BP. On December 16, 2016, the Court issued the "PTO 60 Reconciliation Order," which deemed an additional 57 B1 plaintiffs as compliant with PTO 60. (Rec. Doc. 22003).

### B. PTO 64 and the Moratoria Hold Opt-Out Order

On February 22, 2017, the Court issued Pretrial Order No. 64/Case Management Order No. 6 ("PTO 64," Rec. Doc. 22297), one of the goals of which was to identify those "Remaining B1 Plaintiffs"[1] who could plausibly allege a claim under general maritime law.[2] To this end, PTO 64 required that each Remaining B1 Plaintiff who wished to pursue a general maritime law claim must complete and serve upon BP's counsel and the Plaintiffs' Steering Committee ("PSC") by April 5, 2017 a "Sworn Statement Regarding General Maritime Law Claims." If a Remaining B1 Plaintiff failed to comply with PTO 64, then that plaintiff's general maritime law claim(s) would be deemed waived and "any such general maritime law claims shall be dismissed without further notice and with prejudice." (PTO 64 at 3). Non-compliance with PTO 64 would

---

[1] As used in PTO 64, "Remaining B1 Plaintiffs" meant those plaintiffs who had been deemed compliant with PTO 60 and who had not voluntarily dismissed their claims.

[2] The Court has previously ruled that B1 plaintiffs may bring a claim under general maritime law tort, in addition to or in alternative of a claim under the Oil Pollution Act of 1990, 33 U.S.C. § 2701, et seq. However, only commercial fishermen or those who suffered damage to a proprietary interest have a cause of action under general maritime law. *See In re: Oil Spill by the Oil Rig Deepwater Horizon*, 902 F. Supp. 2d 808 (E.D. La. 2012); *In re: Oil Spill by the Oil Rig Deepwater Horizon*, 808 F. Supp. 2d 943, 962 (E.D. La. 2011).

not result in the dismissal of an OPA claim, however.  On May 10, 2017, BP submitted *in camera* to the Court and to the PSC reports on those who did and did not comply with PTO 64.

While the PTO 64 process was underway, the Court issued on March 17, 2017 an Order Regarding Claims in the Economic Settlement that Are Subject to the Moratoria Hold. ("Moratoria Hold Opt-Out Order," Rec. Doc. 22390).  Under the Moratoria Hold Opt-Out Order, claimants who had an unresolved claim in the Deepwater Horizon Economic and Property Damages Settlement ("Economic Settlement") that was on "Moratoria Hold" were given the option to exclude ("opt-out") that claim from the Economic Settlement by submitting an opt-out form by April 24, 2017.  Furthermore, these claimants could bring these newly opted-out claims in litigation provided they satisfied PTO 60's requirements—i.e., file an individual complaint and/or a Sworn Statement—by June 23, 2017.  The Court has since received reports from the Claims Administrator and BP on those claimants/plaintiffs who submitted opt-outs, individual complaints, and/or Sworn Statements in response to the Moratoria Hold Opt-Out Order.

## C. Remaining Cases in the B1 Pleading Bundle Following PTO 60, PTO 64, and the Moratorium Opt-Out Order

The deadlines relative to PTO 64 and the Moratoria Hold Opt-Out Order have passed, and the Court has reviewed the reports on the various submissions.  Four exhibits are attached to this Order.

**EXHIBIT 1** to this Order lists 215 plaintiffs that the Court deems to be compliant with PTO 60 **and** PTO 64.   Accordingly, to the extent a plaintiff listed in EXHIBIT 1 asserted in his/her/its individual complaint a B1 claim under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 et seq., and/or general maritime law, which has not been otherwise dismissed, that claim is not dismissed by this Order and is subject to further proceedings of this Court.

EXHIBIT 2 to this Order lists 419 plaintiffs that the Court deems to be compliant with PTO 60, but are **not** compliant with PTO 64.[3]  Accordingly, to the extent a plaintiff in EXHIBIT 2 asserted or could have asserted a B1 claim under general maritime law, that claim will be dismissed with prejudice.  To the extent a plaintiff in EXHIBIT 2 asserted in its individual complaint a B1 claim under OPA which was not otherwise dismissed, that claim is not dismissed by this Order and is subject to further proceedings of this Court.

EXHIBIT 3 lists 344 individuals and entities that submitted a response to PTO 64, but had not complied with PTO 60.[4]  These individuals' and entities' B1 claims (whether asserted under general maritime law, OPA, or any other law) previously were dismissed with prejudice in the Compliance Order of July 14, 2016 (Rec. Doc. 20996 at p.5 ¶¶ 3, 4) or, in select instances, the PTO 60 Reconciliation Order of December 16, 2016 (Rec. Doc. 22003 at 32-35).

Finally, **EXHIBIT 4** lists 17 individuals and entities who attempted, but failed, to comply with the requirements of the Moratoria Hold Opt-Out Order.[5]  Some of these individuals and entities recently filed a complaint in litigation.  Those complaints will be dismissed with prejudice.

**D. Order**

In accordance with the above,

---

[3] EXHIBIT 2 consists of (a) 333 Remaining B1 Plaintiffs who submitted no response to PTO 64, (b) 73 Remaining B1 Plaintiffs who submitted a response to PTO 64 that was materially deficient; and (c) 13 claimants in the Economic Settlement who submitted a valid opt-out of a "Moratoria Hold" claim from the Economic Settlement by April 24, 2017, and complied with PTO 60 by June 23, 2017, in accordance with and pursuant to the Moratoria Hold Opt-Out Order.

[4] Consequently, such individuals and entities were not "Remaining B1 Plaintiffs," as set forth in PTO 64.

[5] For example, some individuals attempted to opt out a claim from the Economic Settlement that was not subject to a Moratoria Hold, or they had no claims in the Economic Settlement—such opt-outs are invalid.  Others submitted a valid opt-out, but then failed to comply with PTO 60 by June 23, 2017.

1.     IT IS ORDERED that the 215 plaintiffs listed in EXHIBIT 1 to this Order are deemed to be compliant with PTO 60 **and** PTO 64.  To the extent a plaintiff listed in EXHIBIT 1 asserted in his/her/its individual complaint a B1 claim under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 et seq., and/or general maritime law, which has not been otherwise dismissed, that claim is not dismissed by this Order and is subject to further proceedings of this Court.

2.     IT IS FURTHER ORDERED that the 419 plaintiffs listed in EXHIBIT 2 to this Order are deemed to be compliant with PTO 60, but are **not** compliant with PTO 64.  To the extent a plaintiff in EXHIBIT 2 asserted or could have asserted a B1 claim under general maritime law, that claim is DISMISSED WITH PREJUDICE.  To the extent a plaintiff in EXHIBIT 2 asserted in its individual complaint a B1 claim under OPA which was not otherwise dismissed, that claim is not dismissed by this Order and is subject to further proceedings of this Court.

3.     IT IS FURTHER ORDERED that the 344 individuals and entities listed in EXHIBIT 3 are **not** compliant with PTO 60 or PTO 64.  The B1 claims of the individuals and entities listed in EXHIBIT 3 previously were dismissed with prejudice in the Compliance Order (Rec. Doc. 20996) or, in select instances, the PTO 60 Reconciliation Order (Rec. Doc. 22003).

4.     IT IS FURTHER ORDERED that the cases listed in EXHIBIT 4 are DISMISSED WITH PREJUDICE.

5.     IT IS FURTHER ORDERED that BP shall, to the extent practicable, mail or e-mail a copy of this Order and the attached Exhibits to all parties who indicated on

their PTO 64 Sworn Statement or PTO 60 Sworn Statement that they are not represented by an attorney.

New Orleans, Louisiana, this 19th day of July, 2017

_____

United States District Judge