UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>Section J |
| *Applies to*<br>Case No. 16-14575<br>AND<br>Case No. 14-2211 | Judge Barbier<br><br>Mag. Judge Wilkinson |

### ORDER

Before the Court is Ellis Keyes' Motion for Entry of Default (No. 10-md-2179, Rec. Doc. 13944) and Motion to Reconsider/Amend (No. 16-14575, Rec. Doc. 4).  For reasons explained below, both motions are denied.  Furthermore, for reasons that are also explained below, the Court grants Mr. Keyes an extension of time, up to and including August 18, 2017, to comply with Pretrial Order No. 63 ("PTO 63").  If Mr. Keyes fails to comply with PTO by this date, civil action no. 14-2211 will be dismissed with prejudice.

Ellis Keyes' mother, Christine Keyes, passed away on September 23, 2010.  Mr. Keyes asserts in various filings with this Court and elsewhere that his mother's death was caused by the 2010 Gulf of Mexico oil spill.  Mr. Keyes eventually filed a claim on his mother's behalf under the Medical Benefits Class Action Settlement ("Medical Settlement").

Only class members, as defined under Section I of the Medical Settlement, may participate in the Medical Settlement.  The class definition requires, in relevant part, that the claimant reside in either "Zone A" or "Zone B" for a certain amount of time in 2010.  The Settlement defines the geographic boundaries of Zone A and Zone B.  The Claims Administrator for the Medical Settlement determines in the first instance whether or not a claimant is a class member.  If the Claims Administrator determines that a claimant is not a class member, Section V.N. of the

Medical Settlement permits the claimant to appeal that decision to this Court.

On September 9, 2014, the Claims Administrator issued a notice stating that Christine Keyes was not a Medical Settlement class member, because the documents provided by Mr. Keyes did not establish that his mother was a resident of Zone A or Zone B. On September 22, 2014, Mr. Keyes filed a wrongful death action in this Court, where it was assigned docket number 14-2211. Although the complaint named only BP as a defendant, Mr. Keyes served the complaint on the Medical Settlement Claims Administrator, not BP. The Claims Administrator apparently interpreted the complaint as a Section V.N. class membership appeal. In accordance with the Class Membership Denial Challenge Procedures, the Claims Administrator eventually re-filed Mr. Keyes' complaint with the Court, where it was assigned docket number 16-14575. Thus, it came to be that Mr. Keyes had two civil actions with this Court: no. 14-2211 and no. 16-14575.[1]

Relative to no. 14-2211, on December 18, 2014, Mr. Keyes moved for entry of default, noting that no answer or other response to the complaint had been filed. (No. 10-md-2179, Rec. Doc. 13944).[2] This is the first motion listed at the beginning of this Order. Under Pretrial Order Nos. 1 and 25 (No. 10-md-2179, Rec. Docs. 2 & 983), civil action no. 14-2211 was stayed and no no response from BP was required. Accordingly, the Motion for Entry of Default (10-md-2179, Rec. Doc. 13944) is DENIED.

Relative to no. 16-14575, the Court, like the Claims Administrator, interpreted this filing to be an appeal from the Claims Administrator's determination that Christine Keyes was not a class member. On October 3, 2016, the Court affirmed the Claims Administrator's decision. (No. 16-14757, Rec. Doc. 3). On October 19, 2016, Ellis Keyes filed a Motion to

---

[1] Mr. Keyes also had filed two short form joinders with this Court. (No. 10-8888, Rec. Docs. 45095, 122614).
[2] This is the first motion mentioned at that beginning of this Order.

2

Reconsider/Amend the October 3, 2016 ruling. (No. 16-14757, Rec. Doc. 4).[3] The arguments in the motion, however, do not pertain to class membership status. Instead, the motion explains that "BP is the only named defendant in the complaint" and that BP "has never been properly served," and requests that the Court's October 3, 2016 judgment "be amended to require response from the Defendant named and serve BP through its known agent by the Court." Because the Motion to Reconsider/Amend does not pertain to the determination that Christine Keyes is not a class member in the Medical Settlement, the Motion to Reconsider/Amend (No. 16-14757, Rec. Doc. 4) is DENIED. This ruling fully disposes of civil action no. 16-14575.

The Court now returns to Mr. Keyes' wrongful death action, no. 14-2211, which, as noted, is stayed. Civil action no. 14-2211 asserts a claim within the "B3 Pleading Bundle." Pretrial Order No. 63 ("PTO 63") required plaintiffs who filed an individual B3 lawsuit to complete, file, and serve a Sworn Statement by April 12, 2017, or else their B3 claims would be dismissed with prejudice. (Rec. Doc. 22295). Mr. Keyes did not submit the Sworn Statement required under PTO 63. However, it appears that Mr. Keyes, who is pro se, was not mailed a copy of PTO 63.[4]

---

[3] This is the second motion mentioned at the beginning of this Order.

[4] PTO 63 contained special notice provisions. It stated, in relevant part, that

> Counsel for BP shall mail this order to all plaintiffs who opted out of the Medical Benefits Settlement Agreement, signed their opt-out forms and did not indicate in that form that the plaintiff was represented by counsel, as identified in the list to be provided by Garretson Response Group. To the extent practicable, counsel for BP shall also mail this order to plaintiffs who have filed a Short-Form Joinder in case 10-08888, selected a Bundle B3 category on that form, and did not indicate in that form that the plaintiff was represented by counsel, at the address provided by the plaintiff in the Short-Form Joinder.

(PTO 63 ¶ 11, Rec. Doc. 22295). The Court inquired with BP's counsel as to whether a copy of PTO 63 was mailed to Mr. Keyes. Counsel replied in the negative, explaining that

> [Mr. Keyes] is not an MSA [Medical Benefits Settlement Agreement] opt out, and his two SFJs [short form joinders; *see* note 1, *supra*] did not meet the criteria for the mailing set out in paragraph 11 of PTO 63. Neither of his two SFJs [short form joinders] selected a Bundle B3 category on page 3 of the SFJ form. Additionally, Mr. Keyes's 2011 SFJ indicated that he was represented by counsel . . . .

3

Considering the specific and unusual circumstances surrounding this matter, the Court will not dismiss civil action no. 14-2211 at this time.[5] The Court will give Mr. Keyes until August 18, 2017, to comply with PTO 63. If Mr. Keyes does not complete, file, and serve the Sworn Statement as required under PTO 63 by August 18, 2017, civil action no. 14-2211 will be dismissed with prejudice. The Court notes, however, that even if Mr. Keyes complies with PTO 63, he is not automatically entitled to compensation; rather, he will be subject to further proceedings. (*See* PTO 63 ¶ 8, Rec. Doc. 22295).

For the reasons set forth above,

IT IS ORDERED that the Motion for Entry of Default (No. 10-md-2179, Rec. Doc. 13944) is DENIED.

IT IS FURTHER ORDERED that the Motion to Reconsider/Amend (No. 16-14575, Rec. Doc. 4) is DENIED.

IT IS FURTHER ORDERED that Ellis Keyes is granted an extension, up to and including August 18, 2017, to comply with PTO 63. If Mr. Keyes does not comply with PTO 63 by this extended deadline, civil action no. 14-2211 will be dismissed with prejudice.

New Orleans, Louisiana, this 19th day of July, 2017.

_____
United States District Judge

**Note to Clerk: File copies of this Order in Nos. 10-md-2179, 16-cv-14575, and 14-cv-2211.**

**Note to Clerk: Mail a copy of this Order and PTO 63 with Exhibits A-C (Rec. Doc. 22295) to Ellis Keyes, P.O. Box 1073, Whitesburg, KY 41858-1073.**

---

[5] Similarly, the Court hereby amends its recent Order As to Compliance with PTO 63 (Rec. Doc. 23047)—which dismissed all B3 claims not listed in Exhibit 1 to that Order—such that no. 14-2211 is not dismissed at this time.