UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISINA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | ) MDL 2179 ) ) SECTION: J ) ) JUDGE BARBIER ) MAG. JUDGE WILKINSON |

| | |
|---|---|
| GAUCI CUSTOM BUILDERS, LLC d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC, WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC, KAREN GAUCI Individually, and JOSEPH V. GAUCI Individually<br><br>Plaintiffs,<br><br>V.<br><br>BRENT COON & ASSOCIATES LAW FIRM, P.C., BRENT COON, ERIC W. NEWELL, JOHN THOMAS, BISKOBING LAW, P.C. and DOUG KRAUS<br>Defendants | This document also relates to<br><br>CIVIL ACTION NO. 2:17-cv-02881 |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO INTERPLEAD FUNDS INTO THE RESGISTRY OF THE COURT

**I.**
**Introduction**

On or about October 29th, 2012 Plaintiffs signed a "Contract & Power of Attorney" with the law firms of Brent Coon & Associates Law firm, P.C., and Biskobing Law, P.C. (See attached Defendant's Exhibit I) for representation against BP and other Parties for claims arising out of the April 20, 2010, explosion of the Deepwater Horizon

offshore drilling rig. The Defendants diligently represented the Plaintiff's interests in the subsequent litigation (MDL 2179). As part of the Neutral Settlement program instituted by this Court the Defendants negotiated a settlement with the Court appointed Neutrals. The Defendants recommended that Plaintiffs accept the settlement which Plaintiffs did on February 16, 2017. The Plaintiffs settlement was to be paid in 5 annual installments starting on July 15, 2017 and the last one to be paid on July 15 2021.

Plaintiffs subsequently filed suit on April 4, 2017 alleging Defendants had committed legal malpractice which caused the value of his settlement to be many millions less than it should have been.

The first of the five installments of the Neutral's settlement for the Plaintiff's in the amount of $200,000.00 two hundred thousand dollars was wired into the Defendant's Client Trust Account on or before July 15, 2017.

## II.
## Argument

In **N.Y. Life Ins. Co. v. Aleandre, No. 13 CIV. 2384, 2013 U.S. Dist. LEXIS 182109, 2014 WL 30508, at *4(S.D.N.Y. Jan. 2 2014** "Unlike statutory interpleader, **28 U.S.C. § 1335**, which requires a stakeholder to deposit the asset with the court, deposit of the asset is not a jurisdictional prerequisite for rule interpleader" [1] Though it is not required, Movants would prefer not to hold the disputed funds in their client trust account rather than posting a bond for the amount Plaintiffs are claiming and keeping possession

---

[1] N.Y. Life Ins. Co. v. Aleandre, No. 13 CIV. 2384, 2013 U.S. Dist. LEXIS 182109, 2014 WL 30508, at *4(S.D.N.Y. Jan. 2 2014.

of the funds. **28 U.S.C. § 1335 (a) (1); Metal Transport Corp. v. Pacific Venture Steamship Corp., 288 F. 2nd 363, 365 (2d Cir 1961)** ("the court will not have jurisdiction in an action of interpleader unless the stakeholder deposits the entire sum in its possession which the claimants claim").[2] "The purpose of Rule 67 is to relieve the depositor of responsibility of a fund in dispute, such as in an Interpleader action. The rule applies only where a dispute exists concerning the funds or object."[3] ***Gulf States Util. Co. v. Alabama Power Co., 824 F.2d 1465, 1475 (5th Cir.), modified on other grounds, 831 F.2d 557 (5th Cir. 1987).*** Under FRCP 67 (Rule Interpleader) Deposit Into Court the Movants ask for leave of Court to deposit the entire first installment payment ($200,000.00) currently deposited in Movants IOLTA account under the Neutral settlement agreement executed by Plaintiffs.

- **§ 1335. Interpleader**

- (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $ 500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $ 500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $ 500

-

---

[2] Metal Transport Corp. v. Pacific Venture Steamship Corp., 288 F. 2nd 363, 365 (2d Cir 1961).
[3] Gulf States Util. Co. v. Alabama Power Co., 824 F.2d 1465, 1475 (5th Cir.), modified on other grounds, 831 F.2d 557 (5th Cir. 1987).

- o **(1)** Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title [28 USCS § 1332], are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if

- o **(2)** the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.[4]

§1335 (a) is satisfied as the value is well above the $500.00 minimum amount since the first installment is $200,000.00.

§1335(a)(1) requirement of two or more adverse claimants is met since Movants have earned the attorneys fees and are also entitled to case expense reimbursement under the contract. Plaintiffs are opposed and in fact in paragraph XVIII. of Plaintiff's **Complaint for Declaratory Judgment and Damages** (see attached Complaint for Declaratory Judgment – Exhibit II) they are suing for disgorgement of attorney's fees, "Any fees paid to Brent Coon & Associates or other defendants should be disgorged under applicable law." Movants maintain their interest in the contractual attorneys' fees

---

[4] 28 U.S.C. § 1335

and case expenses and dispute any claims for disgorgement of attorneys' fees as well as any claims for legal malpractice.

The other requirement of section (1) of §1335 (a) is diverse citizenship as defined in subsection (a) or (d) of §1332. The Plaintiffs and Defendants satisfy the diversity requirements as all Plaintiffs reside/principle place of business are in Mississippi and the Defendants reside/principle place of business are in states other than Mississippi.

§1335(a) (2) simply requires that the money or property be deposited into the registry of the court or have paid a bond.

It is clear that there is a dispute over these funds between the Plaintiffs and the Movants, with diversity of citizenship. Interpleader is a long established method for handling disputed property in circumstance as here in the instant case. Having the court decide the distribution of these funds, which are closely intertwined with the other allegations in this cause, is the most sensible and fair way to handle the situation.

Respectfully submitted,
/s/ Brent W. Coon
Brent W. Coon
Federal Bar No. 9308
Texas Bar No. 04769750
215 Orleans
Beaumont, Texas 77701
Tel.: (409) 835-2666
Fax: (409) 835-1912
brent@bcoonlaw.com

*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion and Memorandum in Support have been served on all counsel listed below of record via United States Postal Service Certified Mail Request Receipt July 21, 2017.

George W. Healy IV Associates
George W. Healy IV
1323 28TH Ave., Suite A
Gulfport, MS  39501
Email: gwhealyiv@aol.com

*/s/Brent W. Coon*
Brent W. Coon