# EXHIBIT I



# BRENT COON & ASSOCIATES
### BP Deepwater Horizon Explosion

## BRENT COON & ASSOCIATES LAW FIRM, P.C.
## CONTRACT & POWER OF ATTORNEY

DATE: *October 29th 2012*

NAME: *Joseph V. Gauci*

ADDRESS: *229 Klondyke Rd*

DOB: *12-30-53*   CITY: *Long Beach*   STATE: *Mississippi*

SOCIAL SECURITY NUMBER (Client): *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*

SOCIAL SECURITY NUMBER (Spouse): *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*

DRIVERS LICENSE NUMBER (Client): *802-317-368   Mississippi*

CLIENT CONTACT INFORMATION:

Home: _____

Cell: *734-637-4627*

Work: *228 863 1684*

Email Address: *Gauci1 @ AOL.com*

This agreement ("Agreement") is made the *29* day of *October*, 20*12*, between the following parties ("Parties"): *Joseph V. Gauci & Karen J. Gauci* (collectively "Client") and **BRENT COON & ASSOCIATES LAW FIRM, P.C. and BISKOBING LAW, P.C.** ("Attorneys"). In consideration of the mutual promises herein contained, the Parties agree as follows:

## PURPOSE OF REPRESENTATION

1.1    Client retains and employs Attorneys to represent Client, to investigate and, if appropriate, file suit for and attempt to recover any damages and compensation to which Client may be entitled against any party or parties responsible for same, as well as attempt to compromise and settle all claims of Client, in connection with or arising out of the events surrounding the April 20, 2010 explosion of the Deepwater Horizon offshore drilling rig. Attorney's representation DOES NOT include representation for Client's claims related to any self insured policies, business interruption policies or other collateral source benefits. Furthermore, Attorneys will not provide income tax advice relating to the implications of remitting claims for lost income. Client's claims relate specifically to:

_____

_____ ("Claims").

1

Client Initials _____

## ATTORNEYS' FEES

2.1     In consideration of Attorneys' services rendered and to be rendered as set out above, Client hereby assigns, grants, and conveys to Attorneys the following present undivided interest in the Claims:

> **25 % of any settlement or recovery before lawsuit is filed;**
> **33 1/3 % of any settlement or recovery after lawsuit is filed; and**
> **33 1/3 % of any settlement or recovery after appeal is filed.**

2.2     Client understands that the Client is giving up at this time to the Attorneys the amount stated above, and that such percentage is of the total recovery or settlement before any costs, expenses, or disbursements are deducted (and Client understands that all costs, expenses, and disbursements are paid out of the Client's portion of the recovery, and not out of the Attorneys' portion).

2.3     If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the Attorneys' Fees, which will be figured on the present value of the total settlement including the present value of future payments.

2.4     The interest assigned and conveyed to Attorneys is based upon the total amount recovered, and the fact that some portion of the amount recovered may be designated as "attorneys' fees" by the court or settling party will not limit the compensation to be paid under this Agreement.

## APPROVAL NECESSARY FOR SETTLEMENT

3.1     Attorneys will not settle the claims without Client's approval.  However, Client will not make a settlement or offer of settlement without consulting Attorneys.

3.2     Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign, and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client in connection with the Claims as fully as the Client could do so in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

3.3     Client hereby authorizes Attorneys to negotiate a settlement of Client's claims in whatever manner, and using whatever negotiation strategy, Attorneys deem appropriate.  Client understands and agrees that Attorneys may, if appropriate, negotiate a settlement of Client's claim and the claims of other clients similarly situated on an aggregate basis.  However, no such settlement will be negotiated without providing Client a description of the claims resolved by the settlement, the total settlement fund, the amount to be received by Client, and the amount to be received by other clients who are qualified to participate in the settlement, subject to client confidentiality considerations.

3.4     Medicare: Client understands that current Medicare regulations may require the Attorneys to compromise, settle, or execute a release of Medicare's reimbursement claim prior to distributing any verdict or settlement proceeds.  Client further understands that the Attorneys may be required to take steps to determine if such reimbursement claims exist even if they have received no such notice from Medicare prior to any verdict or settlement.

## NO GUARANTEE RESULTS

4.1     It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case, and Attorneys have not represented to the Client that the Client will recover any damages, compensation, or other funds so desired.  The Client has also been informed that obtaining a judgment does not guarantee that the opposing parties will be capable or willing to satisfy the judgment.

CLIENT

2

Client Initials ___JVG. ___

## SHARING OF EXPENSES

5.1     Brent Coon & Associates represents a variety of clients who were all harmed by the Deepwater Rig Explosion. The cause of the explosion can very likely be traced back to a few root causes and therefore it is advantageous to all our clients to share in some litigation costs.

5.2     Direct expenses are those expenses which only benefit you in your individual case. Examples of these direct expenses include, but may not be limited to, payment for medical records and bills, some copying of your case file, payments to doctors and other health care providers for medical services provided to you (if any), expert fees associated with determining lost income or property value.   These expenses will not be shared with any other clients

5.3     Additionally, there will be expenses which benefit all injured and economically disadvantaged clients, regardless of how they were harmed.  Examples of these shared expenses  include, but may not be limited to, expert depositions, investigative expenses, travel expenses related to prosecuting and litigating this case, general filing fees, mass copying and reproduction costs, and in some instances, mediation fees and trial expenses, pay experts to investigate and examine evidence, and develop opinions and conclusions about what various defendants did wrong, on how many occasions they were negligent, how long these problems existed, why they were not fixed, whether proper process safety management procedures and guidelines were followed, why the rig blew up, and how it could have been prevented.  BCA believes that the fair way to allocate these costs pro rata based on the amount of any recovery by an individual client as compared to the total recovery by all BCA clients.

5.4     By signing below Client acknowledge that in addition to expenses directly related to the prosecution of my case, there will be expenses for discovery of liability information which will be equally relevant to all people and businesses harmed by the Deepwater Rig Explosion.  Client understands that these costs will primarily be related to determining the liability for the explosion itself and mitigation of the resulting release of oil into the Gulf of Mexico.

5.5     Client agrees and acknowledges that these expenses should be shared on a pro rata basis and that Clients portion of the shared costs associated with the Deepwater Rig Explosion will be deducted from Client's settlement.

CLIENT

## COURT COSTS AND EXPENSES

6.1     It is specifically understood and agreed that all costs, out of pocket expenses, financing expenses and/or interest incurred in borrowing the money necessary to finance all reasonable and necessary expenses on this case will be paid by the Client by deduction from the Client's share of the recovery after calculation of attorney's contingent fee. Said costs, out of pocket expenses, financing expenses, interest, and attorney's fees shall be deducted from the proceeds of the recovery.  Such out of pocket litigation expenses, include but are not limited to reasonable and necessary charges for acquiring research, court reporters, depositions, video conferencing, video production services, expert witness fees and expenses, consultant fees, mediation fees, court costs, and reasonable interest rates charged by the financial institution.

6.2     The terms "court costs" and "expenses" include without limitation: filing fees, court costs, expert fees (regarding, without limitation, evaluation, reports, and/or testimony), consultant fees, postage, long distance telephone calls, fax transmissions or receptions, messengers, court reporter fees, record service fees, photocopying, preparation of exhibits and photographs, transportation and/or lodging expenses, court-mandated expenditures, specialized outside counsel fees and expenses (i.e., probate, taxation, bankruptcy), special staff, costs associated with collection judgments, any expenses of a structured settlement, witness' fees and mileage, medical records, subpoenas, and all other reasonable and necessary costs and expenses which the Attorneys, in their professional judgment, determine to be reasonably needed for the prosecution and/or settlement of the Claims of the Client.

6.3     In the event of a collection of an award of attorney's fees which is in excess of the fee on a percentage basis stated above, the Law Firms shall receive the larger fee. In the event a settlement is made for less than a full resolution of the

3                                                    Client Initials

claim against all the defendants applicable, Client understands that some settlement proceeds may be used to finance the remainder of our case against other defendants which have additional potential liability.

## FINANCING OF EXPENSES

7.1     Financing of costs or out-of-pocket expenses incurred in investigating, preparing, or litigating this claim(s) shall be arranged by the law firm(s) on behalf of and for the benefit of the client. As set forth above in section 5.1, those costs and expenses are subject to reimbursement to the Law Firms upon resolution of the claims.

7.2     Attorneys may advance any or all of the court costs and expenses that appear to the Attorneys to be reasonably necessary for the investigation, preparation, trial, and/or settlement of this matter (including attorneys/experts who assist with resolving any Medicare reimbursement claim). All such costs and expenses advanced or incurred by the Attorneys shall be deducted from the recovery obtained for the Client from the Client's portion of recovery. The Attorneys' contingent fee shall be computed on the total recovery without deduction for costs, expenses, or disbursements.

7.3     The terms "court costs" and "expenses" include, without limitation: filing fees, court costs, expert fees (regarding, without limitation, evaluation, reports, and/or testimony), consultant fees, postage, long distance telephone calls, fax transmissions or receptions, messengers, court reporter fees, record service fees, photocopying, preparation of exhibits and photographs, transportation and/or lodging expenses and parking, service of citation, investigative fees and expenses, court-mandated expenditures, specialized outside counsel fees and expenses (i.e., probate, taxation, bankruptcy), special staff, costs associated with collecting judgments, any expenses of a structured settlement, witness' fees and mileage, medical records, subpoenas, and all other reasonable and necessary costs and expenses which the Attorneys, in their professional judgment, determine to be reasonably needed for the prosecution and/or settlement of the Claims of the Client.

7.4     Client understands that Attorneys may represent numerous other similarly injured clients, and Client agrees that the term "expenses" includes general expenses incurred for the benefit of all such similarly injured clients, including but not limited to retaining and compensating experts, copying voluminous documents, postage, research, computerized document management, conference calls, jury consultants, travel, and costs relating to the depositions of defendants' representatives, witnesses, and agents. Such general expenses will be allocated equally among all benefited claimants.

7.5     If Attorneys have represented the Client throughout the course of the litigation and do not obtain for Client a settlement or recovery, then the Client will not owe Attorneys a fee or have to pay back any of the above expenses that have been advanced by Attorneys.

## COOPERATION OF CLIENT

8.1     Client agrees to cooperate with Attorneys at all times. Client further agrees to keep Attorneys advised of Client's whereabouts (and provide changes of address and telephone numbers), shall appear on reasonable notice, shall appear for all depositions and court appearances upon reasonable notice, and shall comply with all reasonable requests of Attorneys in connection with the preparation and presentation of the aforesaid Claims and causes of action of the Client.

8.2     Attorneys may, at their option, withdraw from the case and cease to represent Client should Client fail to comply with any portion of this Agreement, or should Attorneys decide that they cannot continue to be involved in the Claims.

## DUTY TO INFORM LAW FIRM/OTHER DISCLOSURES

9.1     Client(s) understand that any verdict or settlement might adversely affect some forms of public assistance that they may receive, such as SSI, Medicaid, food stamps, subsidized housing, etc. Client(s) understand that they are obligated to keep the Attorneys informed of any applications they make for such government benefits and/or changes in their eligibility status. Additionally client(s) understand that they are obligated to keep the Attorneys informed of the nature and extent of all bills, liens and related correspondence from any health care provider.

9.2     Client(s) understand that the Attorneys do not represent them for purposes of applying for or obtaining such benefits; rather, they understand that the purpose of this section is to inform them of the potential impact that verdict or

4                                                        Client Initials

settlement may have on their eligibility for present or future government benefits.  Client(s) *understand that they must explore their options to preserve those benefits <u>before</u> they receive a verdict or settlement or their options to do so might be compromised.*

9.3     Client understands that filing for bankruptcy may affect the Client's ability to retain some or all of any recovery in this matter.  Client understands that he or she is obligated to keep the Attorneys informed of any bankruptcy filing.  Client further understands that failure to disclose this lawsuit in a bankruptcy proceeding may result in a dismissal of this lawsuit and possibly sanctions by the bankruptcy court.

## REFERRAL OR ASSOCIATION OF ADDITIONAL COUNSEL

10.1     Client agrees that Attorneys may refer this matter to another lawyer or associate additional lawyers to assist in representing Client and prosecuting the Client's cause of action.  Prior to referral or association becoming effective, Client must consent in writing to the terms of the arrangement after being advised of: (1) the identity of the lawyer or law firm involved; (2) whether the fees will be divided based on the proportion of services rendered or by lawyers agreeing to assume joint responsibility for the representation; and (3) the share of the fee that each lawyer or law firm will receive or, if the division is based on the proportion of services performed, the basis on which the division will be made.  The referral or association of additional attorneys will <u>not</u> increase the total fee owed by the Client.

10.2     Co-Counsel Relationship.  Client further understands that any such fee and expense sharing agreement reached between the attorneys of **BRENT COON & ASSOCIATES LAW FIRM, P.C.**, and any other lawyers or law firms will NOT change in any manner the contractual obligation as detailed herein in paragraphs 2.1 - 2.4 that Client has agreed to pay in the prosecution, handling and collection of this matter.

## POTENTIAL CONFLICT OF INTEREST

11.1     Brent Coon & Associates represents a variety of clients who were all harmed by the explosion on the Deepwater Rig.  We represent employees working for various Defendants in the litigation.  These employees sustained injuries directly from the explosion. Additionally, we represent individuals, businesses, and other entities along the Gulf Coast who have suffered property damage and/or other economic loss due to the aftermath of the explosion.  Since the claims vary from client to client, it is possible that some clients in this litigation may eventually take adverse positions to one another.

11.2     However, based on our current understanding of the facts surrounding the explosion it appears that the risk of adverse effects, from common representation of persons with similar interests related to the Deepwater Rig Explosion, is minimal.  Furthermore, BCA believes that this potential conflict of interest will not materially affect the representation of any of our clients.   Should circumstances change to the extent that the conflict of interest would materially affect the representation of any client, BCA will take whatever steps are necessary to ensure that all parties are adequately represented, including bringing in additional or substitute counsel, withdrawing from representation of one or more client's cases, or other appropriate measures.

11.3     By signing below Client acknowledges that BCA has disclosed the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved and that Client waives any potential conflicts that exist now or may develop.

CLIENT

## LOUISIANA LAW TO APPLY

12.1     This Agreement shall be construed under and in accordance with the laws of the State of Louisiana, and all obligations of the parties created hereunder are performable in Louisiana.

5

Client Initials

## PARTIES BOUND

13.1    This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns where permitted by this Agreement.

## LEGAL CONSTRUCTION

14.1        In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision thereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## DISPUTE RESOLUTION

15.1    UNLESS EXEMPTED UNDER THE LOUISIANA CIVIL PRACTICE AND REMEDIES CODE, ANY DISPUTES ARISING UNDER OR RELATING TO THE INTERPRETATION, ENFORCEMENT OR ALLEGED BREACH OF ANY LEGAL, FIDUCIARY, OR OTHER DUTIES UNDER THIS AGREEMENT, AND ANY DISPUTES ARISING UNDER OR RELATING TO THE NEGOTIATION OR FORMATION OF THIS AGREEMENT, SHALL BE SUBMITTED TO BINDING ARBITRATION IN LOUISIANA. JUDGMENT ON ANY ARBITRATION AWARD MAY BE ENTERED BY ANY COURT OF JURISDICTION. THIS INCLUDES ANY DERIVATIVE CLAIMS, INCLUSIVE OF LEGAL NEGLIGENCE, BREACH OF FIDUCIARY DUTY, FRAUD, DURESS, MISAPPROPRIATION OF FUNDS, OR ANY OTHER CLAIMS AGAINST THE LAW FIRM, ITS PARTNERS, ASSOCIATES, OR OTHER REPRESENTATIVES, ARISING OUT OF THE LEGAL SERVICES MADE THE BASIS OF THIS CONTRACT.    THIS AGREEMENT SHALL BE INTERPRETED UNDER THE LAWS OF THE STATE OF LOUISIANA.

ANY AND ALL DISPUTES, CONTROVERSIES, CLAIMS, OR DEMANDS ARISING OUT OF OR RELATING TO THIS ASSIGNMENT OF INTEREST AND POWER OF ATTORNEY OR ANY PROVISION THEREOF, OR IN ANY WAY RELATING TO THE RELATIONSHIP BETWEEN ATTORNEY AND CLIENT SHALL BE RESOLVED BY BINDING ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT.

Client initials _____

IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES THEN IN EFFECT WITH THE AMERICAN ARBITRATION ASSOCIATION, AND NOT IN TRIAL. I SPECIFICALLY WAIVE MY RIGHT TO HAVE SUCH A DISPUTE CONSIDERED BY COURT AND JURY AND CONSENT TO THE SUBMISSION OF ANY SUCH DISPUTE TO AN ARBITRATOR SELECTED BY AN ATTORNEY AND MYSELF OR SELECTED BY THE COURT. SUCH ARBITRATION PROCEEDINGS SHALL BE CONDUCTED IN LOUISIANA AND IN ACCORDANCE WITH THE RULES AND PROCEDURES ADOPTED BY THE AMERICAN ARBITRATION ASSOCIATION, ANY SUCH DISPUTE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF LOUISIANA.

CLIENT UNDERSTANDS AND HEREBY ACKNOWLEDGES, BY SIGNING THIS AGREEMENT, THAT THERE ARE ADVANTAGES AND DISADVANTAGES OF ARBITRATION, INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING: (1) THE COST AND TIME SAVINGS FREQUENTLY FOUND IN ARBITRATION; (2) THE WAIVER OF SIGNIFICANT RIGHTS, SUCH AS THE RIGHT TO A JURY TRIAL, IN ARBITRATION; (3) THE POSSIBLE REDUCED LEVEL OF DISCOVERY OFTEN FOUND IN ARBITRATION PROCEEDINGS; (4) THE RELAXED APPLICATION OF THE RULES OF TRIAL IN ARBITRATION; (5) THE LOSS OF THE RIGHT TO A JUDICIAL APPEAL BECAUSE ARBITRATION DECISIONS CAN BE CHALLENGED ONLY ON VERY LIMITED GROUNDS; (6) THE PRIVACY OF THE ARBITRATION PROCESS COMPARED TO A PUBLIC TRIAL; AND (7) THE OBLIGATION OF CLIENT TO PAY SOME OR ALL OF THE FEES AND COSTS OF ARBITRATION, AND THOSE EXPENSES CAN BE SUBSTANTIAL.  CLIENT ALSO UNDERSTANDS THAT THE ARBITRATION PROVISION ABOVE DOES NOT LIMIT LAW FIRM'S LIABILITY FOR MALPRACTICE.

6

Client Initials _____

## FILE RETENTION AND DESTRUCTION

16.1     The file and any materials compiled by the Law Firm during the course of its representation of Client will remain the property of the Law Firm upon the conclusion of the representation. By signing below, Client acknowledges that the conclusion of the Client's case Client has the right to the return of the client file. Should client decide that Client does not want the Client's file at the end of the case, Brent Coon & Associates shall retain it in storage for a period of **five (5) years** from the date of closing the file. At the end of the five year period, the file shall be shredded and disposed of.

## PRIOR AGREEMENTS SUPERCEDED

17.1     This Agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties with respect to its subject matter.  No amendment to this Agreement shall be enforceable unless it is reduced to writing and signed by the Parties.

18.2     Client certifies and acknowledges that Client has had the opportunity to read this Agreement, has been provided a copy of this Agreement, and has knowingly and voluntarily entered into this Agreement fully aware of its terms and conditions.  Client further certifies and acknowledges that the decisions to pursue these claims and to employ these particular Attorneys are solely Client's independent decisions after carefully considering the matters.

## NO ASSIGNMENT OF INTERESTS IN CLAIM TO OTHERS

19.1     Client certifies and represents to Attorneys that they have revoked all prior agreements with other attorneys, if any, and that they have not assigned, sold or transferred any interest in the Claims, except to the extent said Claims are assigned to Attorneys as specified in paragraphs 2.1-2.4 herein.

## STATE BAR OF LOUISIANA NOTICE

20.1.   **The State Bar of Louisiana investigates and prosecutes professional misconduct committed by Louisiana attorneys.  Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar, Office of General Counsel, will provide you with information about how to file a complaint.  For more information, please call (800) 932-1900.  This is a toll-free phone call.**

        **EXECUTED** on the day and year noted above.

**CLIENT SIGNATURES:**

**ATTORNEY SIGNATURE:**
**BRENT COON & ASSOCIATES LAW FIRM, P.C.**

Printed Name: _JOSEPH V. GAUCI_

Doug Kraus – LA Bar No. 26668

SSN: _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_

Brent Coon & Associates—Principle Office

215 Orleans

Beaumont, Texas 77701

(409) 835-2666

(409) 835-1912  (Fax)

(866) 335-2666 (Toll Free)

Client Initials

_____

Printed Name: _____

SSN: _____

**Biskobing Law, PC**

4060 Peachtree Rd.

Suite D-55

Atlanta, GA 30319

Phone: (404) 826-5000

Revised: 2/24/2010

8

Client Initials

CO OWNER OF
TOARMINAS PIZZA



# BRENT COON & ASSOCIATES
## BP Deepwater Horizon Explosion

## BRENT COON & ASSOCIATES LAW FIRM, P.C.
## CONTRACT & POWER OF ATTORNEY

DATE: *October 29th 2012*

NAME: *Joseph V. Gauci* AND KAREN GAUCI

ADDRESS: *229 Klondyke Rd*

DOB: *12-30-53* CITY: *Long Beach* STATE: *Mississippi*

SOCIAL SECURITY NUMBER (Client): *380 -62 -0835*

SOCIAL SECURITY NUMBER (Spouse): *385 -58 -5851*

DRIVERS LICENSE NUMBER (Client): *802 -317 -368 Mississippi*

CLIENT CONTACT INFORMATION:

Home:

Cell: *734-637-4627*

Work: *228 863 1684*

Email Address: *Gauci1 @ AOL.COM*

This agreement ("Agreement") is made the *29* day of *October*, 20*12*, between the following parties ("Parties"): *Joseph V. Gauci ē Karen J. Gauci* (collectively "Client") and **BRENT COON & ASSOCIATES LAW FIRM, P.C.** and **BISKOBING LAW, P.C.** ("Attorneys"). In consideration of the mutual promises herein contained, the Parties agree as follows:

### PURPOSE OF REPRESENTATION

1.1   Client retains and employs Attorneys to represent Client, to investigate and, if appropriate, file suit for and attempt to recover any damages and compensation to which Client may be entitled against any party or parties responsible for same, as well as attempt to compromise and settle all claims of Client, in connection with or arising out of the events surrounding the April 20, 2010 explosion of the Deepwater Horizon offshore drilling rig. Attorney's representation DOES NOT include representation for Client's claims related to any self insured policies, business interruption policies or other collateral source benefits. Furthermore, Attorneys will not provide income tax advice relating to the implications of remitting claims for lost income. Client's claims relate specifically to:

_____

_____ ("Claims").

1

Client Initials _____

## ATTORNEYS' FEES

2.1     In consideration of Attorneys' services rendered and to be rendered as set out above, Client hereby assigns, grants, and conveys to Attorneys the following present undivided interest in the Claims:

> **25 % of any settlement or recovery before lawsuit is filed;**
> **33 1/3 % of any settlement or recovery after lawsuit is filed; and**
> **33 1/3 % of any settlement or recovery after appeal is filed.**

2.2     Client understands that the Client is giving up at this time to the Attorneys the amount stated above, and that such percentage is of the total recovery or settlement before any costs, expenses, or disbursements are deducted (and Client understands that all costs, expenses, and disbursements are paid out of the Client's portion of the recovery, and not out of the Attorneys' portion).

2.3     If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the Attorneys' Fees, which will be figured on the present value of the total settlement including the present value of future payments.

2.4     The interest assigned and conveyed to Attorneys is based upon the total amount recovered, and the fact that some portion of the amount recovered may be designated as "attorneys' fees" by the court or settling party will not limit the compensation to be paid under this Agreement.

## APPROVAL NECESSARY FOR SETTLEMENT

3.1     Attorneys will not settle the claims without Client's approval.  However, Client will not make a settlement or offer of settlement without consulting Attorneys.

3.2     Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign, and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client in connection with the Claims as fully as the Client could do so in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

3.3     Client hereby authorizes Attorneys to negotiate a settlement of Client's claims in whatever manner, and using whatever negotiation strategy, Attorneys deem appropriate.  Client understands and agrees that Attorneys may, if appropriate, negotiate a settlement of Client's claim and the claims of other clients similarly situated on an aggregate basis.  However, no such settlement will be negotiated without providing Client a description of the claims resolved by the settlement, the total settlement fund, the amount to be received by Client, and the amount to be received by other clients who are qualified to participate in the settlement, subject to client confidentiality considerations.

3.4     Medicare:  Client understands that current Medicare regulations may require the Attorneys to compromise, settle, or execute a release of Medicare's reimbursement claim prior to distributing any verdict or settlement proceeds.  Client further understands that the Attorneys may be required to take steps to determine if such reimbursement claims exist even if they have received no such notice from Medicare prior to any verdict or settlement.

## NO GUARANTEE RESULTS

4.1     It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case, and Attorneys have not represented to the Client that the Client will recover any damages, compensation, or other funds so desired.  The Client has also been informed that obtaining a judgment does not guarantee that the opposing parties will be capable or willing to satisfy the judgment.

CLIENT

Client Initials _JVG._

2

## SHARING OF EXPENSES

5.1     Brent Coon & Associates represents a variety of clients who were all harmed by the Deepwater Rig Explosion. The cause of the explosion can very likely be traced back to a few root causes and therefore it is advantageous to all our clients to share in some litigation costs.

5.2     Direct expenses are those expenses which only benefit you in your individual case. Examples of these direct expenses include, but may not be limited to, payment for medical records and bills, some copying of your case file, payments to doctors and other health care providers for medical services provided to you (if any), expert fees associated with determining lost income or property value.   These expenses will not be shared with any other clients

5.3     Additionally, there will be expenses which benefit all injured and economically disadvantaged clients, regardless of how they were harmed.  Examples of these shared expenses  include, but may not be limited to, expert depositions, investigative expenses, travel expenses related to prosecuting and litigating this case, general filing fees, mass copying and reproduction costs, and in some instances, mediation fees and trial expenses, pay experts to investigate and examine evidence, and develop opinions and conclusions about what various defendants did wrong, on how many occasions they were negligent, how long these problems existed, why they were not fixed, whether proper process safety management procedures and guidelines were followed, why the rig blew up, and how it could have been prevented.  BCA believes that the fair way to allocate these costs pro rata based on the amount of any recovery by an individual client as compared to the total recovery by all BCA clients.

5.4     By signing below Client acknowledge that in addition to expenses directly related to the prosecution of my case, there will be expenses for discovery of liability information which will be equally relevant to all people and businesses harmed by the Deepwater Rig Explosion.  Client understands that these costs will primarily be related to determining the liability for the explosion itself and mitigation of the resulting release of oil into the Gulf of Mexico.

5.5     Client agrees and acknowledges that these expenses should be shared on a pro rata basis and that Clients portion of the shared costs associated with the Deepwater Rig Explosion will be deducted from Client's settlement.

CLIENT

## COURT COSTS AND EXPENSES

6.1     It is specifically understood and agreed that all costs, out of pocket expenses, financing expenses and/or interest incurred in borrowing the money necessary to finance all reasonable and necessary expenses on this case will be paid by the Client by deduction from the Client's share of the recovery after calculation of attorney's contingent fee.  Said costs, out of pocket expenses, financing expenses, interest, and attorney's fees shall be deducted from the proceeds of the recovery.  Such out of pocket litigation expenses, include but are not limited to reasonable and necessary charges for acquiring research, court reporters, depositions, video conferencing, video production services, expert witness fees and expenses, consultant fees, mediation fees, court costs, and reasonable interest rates charged by the financial institution.

6.2     The terms "court costs" and "expenses" include without limitation: filing fees, court costs, expert fees (regarding, without limitation, evaluation, reports, and/or testimony), consultant fees, postage, long distance telephone calls, fax transmissions or receptions, messengers, court reporter fees, record service fees, photocopying, preparation of exhibits and photographs, transportation and/or lodging expenses, court-mandated expenditures, specialized outside counsel fees and expenses (i.e., probate, taxation, bankruptcy), special staff, costs associated with collection judgments, any expenses of a structured settlement, witness' fees and mileage, medical records, subpoenas, and all other reasonable and necessary costs and expenses which the Attorneys, in their professional judgment, determine to be reasonably needed for the prosecution and/or settlement of the Claims of the Client.

6.3     In the event of a collection of an award of attorney's fees which is in excess of the fee on a percentage basis stated above, the Law Firms shall receive the larger fee. In the event a settlement is made for less than a full resolution of the

3                                                        Client Initials

claim against all the defendants applicable, Client understands that some settlement proceeds may be used to finance the remainder of our case against other defendants which have additional potential liability.

## FINANCING OF EXPENSES

7.1     Financing of costs or out-of-pocket expenses incurred in investigating, preparing, or litigating this claim(s) shall be arranged by the law firm(s) on behalf of and for the benefit of the client. As set forth above in section 5.1, those costs and expenses are subject to reimbursement to the Law Firms upon resolution of the claims.

7.2     Attorneys may advance any or all of the court costs and expenses that appear to the Attorneys to be reasonably necessary for the investigation, preparation, trial, and/or settlement of this matter (including attorneys/experts who assist with resolving any Medicare reimbursement claim). All such costs and expenses advanced or incurred by the Attorneys shall be deducted from the recovery obtained for the Client from the Client's portion of recovery.  The Attorneys' contingent fee shall be computed on the total recovery without deduction for costs, expenses, or disbursements.

7.3     The terms "court costs" and "expenses" include, without limitation: filing fees, court costs, expert fees (regarding, without limitation, evaluation, reports, and/or testimony), consultant fees, postage, long distance telephone calls, fax transmissions or receptions, messengers, court reporter fees, record service fees, photocopying, preparation of exhibits and photographs, transportation and/or lodging expenses and parking, service of citation, investigative fees and expenses, court-mandated expenditures, specialized outside counsel fees and expenses (i.e., probate, taxation, bankruptcy), special staff, costs associated with collecting judgments, any expenses of a structured settlement, witness' fees and mileage, medical records, subpoenas, and all other reasonable and necessary costs and expenses which the Attorneys, in their professional judgment, determine to be reasonably needed for the prosecution and/or settlement of the Claims of the Client.

7.4     Client understands that Attorneys may represent numerous other similarly injured clients, and Client agrees that the term "expenses" includes general expenses incurred for the benefit of all such similarly injured clients, including but not limited to retaining and compensating experts, copying voluminous documents, postage, research, computerized document management, conference calls, jury consultants, travel, and costs relating to the depositions of defendants' representatives, witnesses, and agents.  Such general expenses will be allocated equally among all benefited claimants.

7.5     If Attorneys have represented the Client throughout the course of the litigation and do not obtain for Client a settlement or recovery, then the Client will not owe Attorneys a fee or have to pay back any of the above expenses that have been advanced by Attorneys.

## COOPERATION OF CLIENT

8.1     Client agrees to cooperate with Attorneys at all times.  Client further agrees to keep Attorneys advised of Client's whereabouts (and provide changes of address and telephone numbers), shall appear on reasonable notice, shall appear for all depositions and court appearances upon reasonable notice, and shall comply with all reasonable requests of Attorneys in connection with the preparation and presentation of the aforesaid Claims and causes of action of the Client.

8.2     Attorneys may, at their option, withdraw from the case and cease to represent Client should Client fail to comply with any portion of this Agreement, or should Attorneys decide that they cannot continue to be involved in the Claims.

## DUTY TO INFORM LAW FIRM/OTHER DISCLOSURES

9.1     Client(s) understand that any verdict or settlement might adversely affect some forms of public assistance that they may receive, such as SSI, Medicaid, food stamps, subsidized housing, etc.  Client(s) understand that they are obligated to keep the Attorneys informed of any applications they make for such government benefits and/or changes in their eligibility status. Additionally client(s) understand that they are obligated to keep the Attorneys informed of the nature and extent of all bills, liens and related correspondence from any health care provider.

9.2     Client(s) understand that the Attorneys do not represent them for purposes of applying for or obtaining such benefits; rather, they understand that the purpose of this section is to inform them of the potential impact that verdict or

4                                                      Client Initials _____

settlement may have on their eligibility for present or future government benefits. Client(s) *understand that they must explore their options to preserve those benefits before they receive a verdict or settlement or their options to do so might be compromised.*

9.3     Client understands that filing for bankruptcy may affect the Client's ability to retain some or all of any recovery in this matter. Client understands that he or she is obligated to keep the Attorneys informed of any bankruptcy filing. Client further understands that failure to disclose this lawsuit in a bankruptcy proceeding may result in a dismissal of this lawsuit and possibly sanctions by the bankruptcy court.

## REFERRAL OR ASSOCIATION OF ADDITIONAL COUNSEL

10.1     Client agrees that Attorneys may refer this matter to another lawyer or associate additional lawyers to assist in representing Client and prosecuting the Client's cause of action. Prior to referral or association becoming effective, Client must consent in writing to the terms of the arrangement after being advised of: (1) the identity of the lawyer or law firm involved; (2) whether the fees will be divided based on the proportion of services rendered or by lawyers agreeing to assume joint responsibility for the representation; and (3) the share of the fee that each lawyer or law firm will receive or, if the division is based on the proportion of services performed, the basis on which the division will be made. The referral or association of additional attorneys will not increase the total fee owed by the Client.

10.2     Co-Counsel Relationship. Client further understands that any such fee and expense sharing agreement reached between the attorneys of **BRENT COON & ASSOCIATES LAW FIRM, P.C.**, and any other lawyers or law firms will NOT change in any manner the contractual obligation as detailed herein in paragraphs 2.1 - 2.4 that Client has agreed to pay in the prosecution, handling and collection of this matter.

## POTENTIAL CONFLICT OF INTEREST

11.1     Brent Coon & Associates represents a variety of clients who were all harmed by the explosion on the Deepwater Rig. We represent employees working for various Defendants in the litigation. These employees sustained injuries directly from the explosion. Additionally, we represent individuals, businesses, and other entities along the Gulf Coast who have suffered property damage and/or other economic loss due to the aftermath of the explosion. Since the claims vary from client to client, it is possible that some clients in this litigation may eventually take adverse positions to one another.

11.2     However, based on our current understanding of the facts surrounding the explosion it appears that the risk of adverse effects, from common representation of persons with similar interests related to the Deepwater Rig Explosion, is minimal. Furthermore, BCA believes that this potential conflict of interest will not materially affect the representation of any of our clients. Should circumstances change to the extent that the conflict of interest would materially affect the representation of any client, BCA will take whatever steps are necessary to ensure that all parties are adequately represented, including bringing in additional or substitute counsel, withdrawing from representation of one or more client's cases, or other appropriate measures.

11.3     By signing below Client acknowledges that BCA has disclosed the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved and that Client waives any potential conflicts that exist now or may develop.

_____
CLIENT

## LOUISIANA LAW TO APPLY

12.1     This Agreement shall be construed under and in accordance with the laws of the State of Louisiana, and all obligations of the parties created hereunder are performable in Louisiana.

Client Initials _____

## PARTIES BOUND

13.1    This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns where permitted by this Agreement.

## LEGAL CONSTRUCTION

14.1        In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision thereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## DISPUTE RESOLUTION

15.1    UNLESS EXEMPTED UNDER THE LOUISIANA CIVIL PRACTICE AND REMEDIES CODE, ANY DISPUTES ARISING UNDER OR RELATING TO THE INTERPRETATION, ENFORCEMENT OR ALLEGED BREACH OF ANY LEGAL, FIDUCIARY, OR OTHER DUTIES UNDER THIS AGREEMENT, AND ANY DISPUTES ARISING UNDER OR RELATING TO THE NEGOTIATION OR FORMATION OF THIS AGREEMENT, SHALL BE SUBMITTED TO BINDING ARBITRATION IN LOUISIANA. JUDGMENT ON ANY ARBITRATION AWARD MAY BE ENTERED BY ANY COURT OF JURISDICTION. THIS INCLUDES ANY DERIVATIVE CLAIMS, INCLUSIVE OF LEGAL NEGLIGENCE, BREACH OF FIDUCIARY DUTY, FRAUD, DURESS, MISAPPROPRIATION OF FUNDS, OR ANY OTHER CLAIMS AGAINST THE LAW FIRM, ITS PARTNERS, ASSOCIATES, OR OTHER REPRESENTATIVES, ARISING OUT OF THE LEGAL SERVICES MADE THE BASIS OF THIS CONTRACT. THIS AGREEMENT SHALL BE INTERPRETED UNDER THE LAWS OF THE STATE OF LOUISIANA.

ANY AND ALL DISPUTES, CONTROVERSIES, CLAIMS, OR DEMANDS ARISING OUT OF OR RELATING TO THIS ASSIGNMENT OF INTEREST AND POWER OF ATTORNEY OR ANY PROVISION THEREOF, OR IN ANY WAY RELATING TO THE RELATIONSHIP BETWEEN ATTORNEY AND CLIENT SHALL BE RESOLVED BY BINDING ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT,

Client initials _____

IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES THEN IN EFFECT WITH THE AMERICAN ARBITRATION ASSOCIATION, AND NOT IN TRIAL. I SPECIFICALLY WAIVE MY RIGHT TO HAVE SUCH A DISPUTE CONSIDERED BY COURT AND JURY AND CONSENT TO THE SUBMISSION OF ANY SUCH DISPUTE TO AN ARBITRATOR SELECTED BY AN ATTORNEY AND MYSELF OR SELECTED BY THE COURT. SUCH ARBITRATION PROCEEDINGS SHALL BE CONDUCTED IN LOUISIANA AND IN ACCORDANCE WITH THE RULES AND PROCEDURES ADOPTED BY THE AMERICAN ARBITRATION ASSOCIATION, ANY SUCH DISPUTE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF LOUISIANA.

CLIENT UNDERSTANDS AND HEREBY ACKNOWLEDGES, BY SIGNING THIS AGREEMENT, THAT THERE ARE ADVANTAGES AND DISADVANTAGES OF ARBITRATION, INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING: (1) THE COST AND TIME SAVINGS FREQUENTLY FOUND IN ARBITRATION; (2) THE WAIVER OF SIGNIFICANT RIGHTS, SUCH AS THE RIGHT TO A JURY TRIAL, IN ARBITRATION; (3) THE POSSIBLE REDUCED LEVEL OF DISCOVERY OFTEN FOUND IN ARBITRATION PROCEEDINGS; (4) THE RELAXED APPLICATION OF THE RULES OF TRIAL IN ARBITRATION; (5) THE LOSS OF THE RIGHT TO A JUDICIAL APPEAL BECAUSE ARBITRATION DECISIONS CAN BE CHALLENGED ONLY ON VERY LIMITED GROUNDS; (6) THE PRIVACY OF THE ARBITRATION PROCESS COMPARED TO A PUBLIC TRIAL; AND (7) THE OBLIGATION OF CLIENT TO PAY SOME OR ALL OF THE FEES AND COSTS OF ARBITRATION, AND THOSE EXPENSES CAN BE SUBSTANTIAL. CLIENT ALSO UNDERSTANDS THAT THE ARBITRATION PROVISION ABOVE DOES NOT LIMIT LAW FIRM'S LIABILITY FOR MALPRACTICE.

6

Client Initials _____

## FILE RETENTION AND DESTRUCTION

16.1    The file and any materials compiled by the Law Firm during the course of its representation  of Client will remain the property of the Law Firm upon the conclusion of the representation. By signing below, Client acknowledges that the conclusion of the Client's case Client has the right to the return of the client file. Should client decide that Client does not want the Client's file at the end of the case, Brent Coon & Associates shall retain it in storage for a period of **five (5) years** from the date of closing the file. At the end of the five year period, the file shall be shredded and disposed of.

## PRIOR AGREEMENTS SUPERCEDED

17.1    This Agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties with respect to its subject matter.  No amendment to this Agreement shall be enforceable unless it is reduced to writing and signed by the Parties.

18.2    Client certifies and acknowledges that Client has had the opportunity to read this Agreement, has been provided a copy of this Agreement, and has knowingly and voluntarily entered into this Agreement fully aware of its terms and conditions.  Client further certifies and acknowledges that the decisions to pursue these claims and to employ these particular Attorneys are solely Client's independent decisions after carefully considering the matters.

## NO ASSIGNMENT OF INTERESTS IN CLAIM TO OTHERS

19.1    Client certifies and represents to Attorneys that they have revoked all prior agreements with other attorneys, if any, and that they have not assigned, sold or transferred any interest in the Claims, except to the extent said Claims are assigned to Attorneys as specified in paragraphs 2.1-2.4 herein.

## STATE BAR OF LOUISIANA NOTICE

20.1.   **The State Bar of Louisiana investigates and prosecutes professional misconduct committed by Louisiana attorneys.  Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar, Office of General Counsel, will provide you with information about how to file a complaint.  For more information, please call (800) 932-1900.  This is a toll-free phone call.**

**EXECUTED** on the day and year noted above.

CLIENT SIGNATURES:

Printed Name: JOSEPH V. GAUCI

SSN: 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

ATTORNEY SIGNATURE:
BRENT COON & ASSOCIATES LAW FIRM, P.C.

Doug Kraus – LA Bar No. 26668

Brent Coon & Associates—Principle Office

215 Orleans

Beaumont, Texas 77701

(409) 835-2666

(409) 835-1912  (Fax)

(866) 335-2666 (Toll Free)

7

Client Initials

**Biskobing Law, PC**

4060 Peachtree Rd.

Printed Name: _____    Suite D-55

Atlanta, GA 30319

SSN: _____    Phone: (404) 826-5000

Revised: 2/24/2010

8                    Client Initials _____

BUSINESS:
GAUCI'S CUSTOM BUILDING
& DEVELOPING LLC
EIN# 20-8648766



# BRENT COON & ASSOCIATES
### BP Deepwater Horizon Explosion

## BRENT COON & ASSOCIATES LAW FIRM, P.C.
## CONTRACT & POWER OF ATTORNEY

DATE: _October 29th 2012_

NAME: _Joseph V. Gauci_

ADDRESS: _229 Klondyke Rd_

DOB: _12-30-53_ CITY: _Long Beach_ STATE: _Mississippi_

SOCIAL SECURITY NUMBER (Client): _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_

SOCIAL SECURITY NUMBER (Spouse): _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_

DRIVERS LICENSE NUMBER (Client): _802-317-368 Mississippi_

CLIENT CONTACT INFORMATION:

Home: _____

Cell: _734-637-4627_

Work: _228 863 1684_

Email Address: _Gauci1 @ AOL.Com_

This agreement ("Agreement") is made the _29_ day of _October_, 20_12_, between the following parties ("Parties"): _Joseph V. Gauci & Karen J. Gauci_ (collectively "Client") and **BRENT COON & ASSOCIATES LAW FIRM, P.C.** and **BISKOBING LAW, P.C.** ("Attorneys"). In consideration of the mutual promises herein contained, the Parties agree as follows:

### PURPOSE OF REPRESENTATION

1.1     Client retains and employs Attorneys to represent Client, to investigate and, if appropriate, file suit for and attempt to recover any damages and compensation to which Client may be entitled against any party or parties responsible for same, as well as attempt to compromise and settle all claims of Client, in connection with or arising out of the events surrounding the April 20, 2010 explosion of the Deepwater Horizon offshore drilling rig. Attorney's representation DOES NOT include representation for Client's claims related to any self insured policies, business interruption policies or other collateral source benefits. Furthermore, Attorneys will not provide income tax advice relating to the implications of remitting claims for lost income. Client's claims relate specifically to: _____

_____ ("Claims").

1

Client Initials _____

## ATTORNEYS' FEES

2.1    In consideration of Attorneys' services rendered and to be rendered as set out above, Client hereby assigns, grants, and conveys to Attorneys the following present undivided interest in the Claims:

> **25 % of any settlement or recovery before lawsuit is filed;**
> **33 1/3 % of any settlement or recovery after lawsuit is filed; and**
> **33 1/3 % of any settlement or recovery after appeal is filed.**

2.2    Client understands that the Client is giving up at this time to the Attorneys the amount stated above, and that such percentage is of the total recovery or settlement before any costs, expenses, or disbursements are deducted (and Client understands that all costs, expenses, and disbursements are paid out of the Client's portion of the recovery, and not out of the Attorneys' portion).

2.3    If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the Attorneys' Fees, which will be figured on the present value of the total settlement including the present value of future payments.

2.4    The interest assigned and conveyed to Attorneys is based upon the total amount recovered, and the fact that some portion of the amount recovered may be designated as "attorneys' fees" by the court or settling party will not limit the compensation to be paid under this Agreement.

## APPROVAL NECESSARY FOR SETTLEMENT

3.1    Attorneys will not settle the claims without Client's approval.  However, Client will not make a settlement or offer of settlement without consulting Attorneys.

3.2    Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign, and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client in connection with the Claims as fully as the Client could do so in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

3.3    Client hereby authorizes Attorneys to negotiate a settlement of Client's claims in whatever manner, and using whatever negotiation strategy, Attorneys deem appropriate.  Client understands and agrees that Attorneys may, if appropriate, negotiate a settlement of Client's claim and the claims of other clients similarly situated on an aggregate basis.  However, no such settlement will be negotiated without providing Client a description of the claims resolved by the settlement, the total settlement fund, the amount to be received by Client, and the amount to be received by other clients who are qualified to participate in the settlement, subject to client confidentiality considerations.

3.4    Medicare:  Client understands that current Medicare regulations may require the Attorneys to compromise, settle, or execute a release of Medicare's reimbursement claim prior to distributing any verdict or settlement proceeds.  Client further understands that the Attorneys may be required to take steps to determine if such reimbursement claims exist even if they have received no such notice from Medicare prior to any verdict or settlement.

## NO GUARANTEE RESULTS

4.1    It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case, and Attorneys have not represented to the Client that the Client will recover any damages, compensation, or other funds so desired.  The Client has also been informed that obtaining a judgment does not guarantee that the opposing parties will be capable or willing to satisfy the judgment.

CLIENT

Client Initials _JVG_

2

## SHARING OF EXPENSES

5.1    Brent Coon & Associates represents a variety of clients who were all harmed by the Deepwater Rig Explosion. The cause of the explosion can very likely be traced back to a few root causes and therefore it is advantageous to all our clients to share in some litigation costs.

5.2    Direct expenses are those expenses which only benefit you in your individual case. Examples of these direct expenses include, but may not be limited to, payment for medical records and bills, some copying of your case file, payments to doctors and other health care providers for medical services provided to you (if any), expert fees associated with determining lost income or property value.   These expenses will not be shared with any other clients

5.3    Additionally, there will be expenses which benefit all injured and economically disadvantaged clients, regardless of how they were harmed.  Examples of these shared expenses  include, but may not be limited to, expert depositions, investigative expenses, travel expenses related to prosecuting and litigating this case, general filing fees, mass copying and reproduction costs, and in some instances, mediation fees and trial expenses, pay experts to investigate and examine evidence, and develop opinions and conclusions about what various defendants did wrong, on how many occasions they were negligent, how long these problems existed, why they were not fixed, whether proper process safety management procedures and guidelines were followed, why the rig blew up, and how it could have been prevented.  BCA believes that the fair way to allocate these costs pro rata based on the amount of any recovery by an individual client as compared to the total recovery by all BCA clients.

5.4    By signing below Client acknowledge that in addition to expenses directly related to the prosecution of my case, there will be expenses for discovery of liability information which will be equally relevant to all people and businesses harmed by the Deepwater Rig Explosion.  Client understands that these costs will primarily be related to determining the liability for the explosion itself and mitigation of the resulting release of oil into the Gulf of Mexico.

5.5    Client agrees and acknowledges that these expenses should be shared on a pro rata basis and that Clients portion of the shared costs associated with the Deepwater Rig Explosion will be deducted from Client's settlement.

CLIENT

## COURT COSTS AND EXPENSES

6.1    It is specifically understood and agreed that all costs, out of pocket expenses, financing expenses and/or interest incurred in borrowing the money necessary to finance all reasonable and necessary expenses on this case will be paid by the Client by deduction from the Client's share of the recovery after calculation of attorney's contingent fee. Said costs, out of pocket expenses, financing expenses, interest, and attorney's fees shall be deducted from the proceeds of the recovery.  Such out of pocket litigation expenses, include but are not limited to reasonable and necessary charges for acquiring research, court reporters, depositions, video conferencing, video production services, expert witness fees and expenses, consultant fees, mediation fees, court costs, and reasonable interest rates charged by the financial institution.

6.2    The terms "court costs" and "expenses" include without limitation: filing fees, court costs, expert fees (regarding, without limitation, evaluation, reports, and/or testimony), consultant fees, postage, long distance telephone calls, fax transmissions or receptions, messengers, court reporter fees, record service fees, photocopying, preparation of exhibits and photographs, transportation and/or lodging expenses, court-mandated expenditures, specialized outside counsel fees and expenses (i.e., probate, taxation, bankruptcy), special staff, costs associated with collection judgments, any expenses of a structured settlement, witness' fees and mileage, medical records, subpoenas, and all other reasonable and necessary costs and expenses which the Attorneys, in their professional judgment, determine to be reasonably needed for the prosecution and/or settlement of the Claims of the Client.

6.3    In the event of a collection of an award of attorney's fees which is in excess of the fee on a percentage basis stated above, the Law Firms shall receive the larger fee. In the event a settlement is made for less than a full resolution of the

3                                                Client Initials

claim against all the defendants applicable, Client understands that some settlement proceeds may be used to finance the remainder of our case against other defendants which have additional potential liability.

## FINANCING OF EXPENSES

7.1     Financing of costs or out-of-pocket expenses incurred in investigating, preparing, or litigating this claim(s) shall be arranged by the law firm(s) on behalf of and for the benefit of the client. As set forth above in section 5.1, those costs and expenses are subject to reimbursement to the Law Firms upon resolution of the claims.

7.2     Attorneys may advance any or all of the court costs and expenses that appear to the Attorneys to be reasonably necessary for the investigation, preparation, trial, and/or settlement of this matter (including attorneys/experts who assist with resolving any Medicare reimbursement claim). All such costs and expenses advanced or incurred by the Attorneys shall be deducted from the recovery obtained for the Client from the Client's portion of recovery. The Attorneys' contingent fee shall be computed on the total recovery without deduction for costs, expenses, or disbursements.

7.3     The terms "court costs" and "expenses" include, without limitation: filing fees, court costs, expert fees (regarding, without limitation, evaluation, reports, and/or testimony), consultant fees, postage, long distance telephone calls, fax transmissions or receptions, messengers, court reporter fees, record service fees, photocopying, preparation of exhibits and photographs, transportation and/or lodging expenses and parking, service of citation, investigative fees and expenses, court-mandated expenditures, specialized outside counsel fees and expenses (i.e., probate, taxation, bankruptcy), special staff, costs associated with collecting judgments, any expenses of a structured settlement, witness' fees and mileage, medical records, subpoenas, and all other reasonable and necessary costs and expenses which the Attorneys, in their professional judgment, determine to be reasonably needed for the prosecution and/or settlement of the Claims of the Client.

7.4     Client understands that Attorneys may represent numerous other similarly injured clients, and Client agrees that the term "expenses" includes general expenses incurred for the benefit of all such similarly injured clients, including but not limited to retaining and compensating experts, copying voluminous documents, postage, research, computerized document management, conference calls, jury consultants, travel, and costs relating to the depositions of defendants' representatives, witnesses, and agents. Such general expenses will be allocated equally among all benefited claimants.

7.5     If Attorneys have represented the Client throughout the course of the litigation and do not obtain for Client a settlement or recovery, then the Client will not owe Attorneys a fee or have to pay back any of the above expenses that have been advanced by Attorneys.

## COOPERATION OF CLIENT

8.1     Client agrees to cooperate with Attorneys at all times. Client further agrees to keep Attorneys advised of Client's whereabouts (and provide changes of address and telephone numbers), shall appear on reasonable notice, shall appear for all depositions and court appearances upon reasonable notice, and shall comply with all reasonable requests of Attorneys in connection with the preparation and presentation of the aforesaid Claims and causes of action of the Client.

8.2     Attorneys may, at their option, withdraw from the case and cease to represent Client should Client fail to comply with any portion of this Agreement, or should Attorneys decide that they cannot continue to be involved in the Claims.

## DUTY TO INFORM LAW FIRM/OTHER DISCLOSURES

9.1     Client(s) understand that any verdict or settlement might adversely affect some forms of public assistance that they may receive, such as SSI, Medicaid, food stamps, subsidized housing, etc. Client(s) understand that they are obligated to keep the Attorneys informed of any applications they make for such government benefits and/or changes in their eligibility status. Additionally client(s) understand that they are obligated to keep the Attorneys informed of the nature and extent of all bills, liens and related correspondence from any health care provider.

9.2     Client(s) understand that the Attorneys do not represent them for purposes of applying for or obtaining such benefits; rather, they understand that the purpose of this section is to inform them of the potential impact that verdict or

4

Client Initials

settlement may have on their eligibility for present or future government benefits. Client(s) *understand that they must explore their options to preserve those benefits before they receive a verdict or settlement or their options to do so might be compromised.*

9.3     Client understands that filing for bankruptcy may affect the Client's ability to retain some or all of any recovery in this matter. Client understands that he or she is obligated to keep the Attorneys informed of any bankruptcy filing. Client further understands that failure to disclose this lawsuit in a bankruptcy proceeding may result in a dismissal of this lawsuit and possibly sanctions by the bankruptcy court.

## REFERRAL OR ASSOCIATION OF ADDITIONAL COUNSEL

10.1     Client agrees that Attorneys may refer this matter to another lawyer or associate additional lawyers to assist in representing Client and prosecuting the Client's cause of action. Prior to referral or association becoming effective, Client must consent in writing to the terms of the arrangement after being advised of: (1) the identity of the lawyer or law firm involved; (2) whether the fees will be divided based on the proportion of services rendered or by lawyers agreeing to assume joint responsibility for the representation; and (3) the share of the fee that each lawyer or law firm will receive or, if the division is based on the proportion of services performed, the basis on which the division will be made. The referral or association of additional attorneys will not increase the total fee owed by the Client.

10.2     Co-Counsel Relationship. Client further understands that any such fee and expense sharing agreement reached between the attorneys of **BRENT COON & ASSOCIATES LAW FIRM, P.C.**, and any other lawyers or law firms will NOT change in any manner the contractual obligation as detailed herein in paragraphs 2.1 - 2.4 that Client has agreed to pay in the prosecution, handling and collection of this matter.

## POTENTIAL CONFLICT OF INTEREST

11.1     Brent Coon & Associates represents a variety of clients who were all harmed by the explosion on the Deepwater Rig. We represent employees working for various Defendants in the litigation. These employees sustained injuries directly from the explosion. Additionally, we represent individuals, businesses, and other entities along the Gulf Coast who have suffered property damage and/or other economic loss due to the aftermath of the explosion. Since the claims vary from client to client, it is possible that some clients in this litigation may eventually take adverse positions to one another.

11.2     However, based on our current understanding of the facts surrounding the explosion it appears that the risk of adverse effects, from common representation of persons with similar interests related to the Deepwater Rig Explosion, is minimal. Furthermore, BCA believes that this potential conflict of interest will not materially affect the representation of any of our clients. Should circumstances change to the extent that the conflict of interest would materially affect the representation of any client, BCA will take whatever steps are necessary to ensure that all parties are adequately represented, including bringing in additional or substitute counsel, withdrawing from representation of one or more client's cases, or other appropriate measures.

11.3     By signing below Client acknowledges that BCA has disclosed the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved and that Client waives any potential conflicts that exist now or may develop.

CLIENT

## LOUISIANA LAW TO APPLY

12.1     This Agreement shall be construed under and in accordance with the laws of the State of Louisiana, and all obligations of the parties created hereunder are performable in Louisiana.

5

Client Initials _____

## PARTIES BOUND

13.1    This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns where permitted by this Agreement.

## LEGAL CONSTRUCTION

14.1        In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision thereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## DISPUTE RESOLUTION

15.1    UNLESS EXEMPTED UNDER THE LOUISIANA CIVIL PRACTICE AND REMEDIES CODE, ANY DISPUTES ARISING UNDER OR RELATING TO THE INTERPRETATION, ENFORCEMENT OR ALLEGED BREACH OF ANY LEGAL, FIDUCIARY, OR OTHER DUTIES UNDER THIS AGREEMENT, AND ANY DISPUTES ARISING UNDER OR RELATING TO THE NEGOTIATION OR FORMATION OF THIS AGREEMENT, SHALL BE SUBMITTED TO BINDING ARBITRATION IN LOUISIANA. JUDGMENT ON ANY ARBITRATION AWARD MAY BE ENTERED BY ANY COURT OF JURISDICTION. THIS INCLUDES ANY DERIVATIVE CLAIMS, INCLUSIVE OF LEGAL NEGLIGENCE, BREACH OF FIDUCIARY DUTY, FRAUD, DURESS, MISAPPROPRIATION OF FUNDS, OR ANY OTHER CLAIMS AGAINST THE LAW FIRM, ITS PARTNERS, ASSOCIATES, OR OTHER REPRESENTATIVES, ARISING OUT OF THE LEGAL SERVICES MADE THE BASIS OF THIS CONTRACT. THIS AGREEMENT SHALL BE INTERPRETED UNDER THE LAWS OF THE STATE OF LOUISIANA.

ANY AND ALL DISPUTES, CONTROVERSIES, CLAIMS, OR DEMANDS ARISING OUT OF OR RELATING TO THIS ASSIGNMENT OF INTEREST AND POWER OF ATTORNEY OR ANY PROVISION THEREOF, OR IN ANY WAY RELATING TO THE RELATIONSHIP BETWEEN ATTORNEY AND CLIENT SHALL BE RESOLVED BY BINDING ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT.

Client initials _____

IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES THEN IN EFFECT WITH THE AMERICAN ARBITRATION ASSOCIATION, AND NOT IN TRIAL. I SPECIFICALLY WAIVE MY RIGHT TO HAVE SUCH A DISPUTE CONSIDERED BY COURT AND JURY AND CONSENT TO THE SUBMISSION OF ANY SUCH DISPUTE TO AN ARBITRATOR SELECTED BY AN ATTORNEY AND MYSELF OR SELECTED BY THE COURT. SUCH ARBITRATION PROCEEDINGS SHALL BE CONDUCTED IN LOUISIANA AND IN ACCORDANCE WITH THE RULES AND PROCEDURES ADOPTED BY THE AMERICAN ARBITRATION ASSOCIATION, ANY SUCH DISPUTE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF LOUISIANA.

CLIENT UNDERSTANDS AND HEREBY ACKNOWLEDGES, BY SIGNING THIS AGREEMENT, THAT THERE ARE ADVANTAGES AND DISADVANTAGES OF ARBITRATION, INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING: (1) THE COST AND TIME SAVINGS FREQUENTLY FOUND IN ARBITRATION; (2) THE WAIVER OF SIGNIFICANT RIGHTS, SUCH AS THE RIGHT TO A JURY TRIAL, IN ARBITRATION; (3) THE POSSIBLE REDUCED LEVEL OF DISCOVERY OFTEN FOUND IN ARBITRATION PROCEEDINGS; (4) THE RELAXED APPLICATION OF THE RULES OF TRIAL IN ARBITRATION; (5) THE LOSS OF THE RIGHT TO A JUDICIAL APPEAL BECAUSE ARBITRATION DECISIONS CAN BE CHALLENGED ONLY ON VERY LIMITED GROUNDS; (6) THE PRIVACY OF THE ARBITRATION PROCESS COMPARED TO A PUBLIC TRIAL; AND (7) THE OBLIGATION OF CLIENT TO PAY SOME OR ALL OF THE FEES AND COSTS OF ARBITRATION, AND THOSE EXPENSES CAN BE SUBSTANTIAL. CLIENT ALSO UNDERSTANDS THAT THE ARBITRATION PROVISION ABOVE DOES NOT LIMIT LAW FIRM'S LIABILITY FOR MALPRACTICE.

6

Client Initials _____

## FILE RETENTION AND DESTRUCTION

16.1    The file and any materials compiled by the Law Firm during the course of its representation of Client will remain the property of the Law Firm upon the conclusion of the representation. By signing below, Client acknowledges that the conclusion of the Client's case Client has the right to the return of the client file. Should client decide that Client does not want the Client's file at the end of the case, Brent Coon & Associates shall retain it in storage for a period of **five (5) years** from the date of closing the file. At the end of the five year period, the file shall be shredded and disposed of.

## PRIOR AGREEMENTS SUPERCEDED

17.1    This Agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties with respect to its subject matter. No amendment to this Agreement shall be enforceable unless it is reduced to writing and signed by the Parties.

18.2    Client certifies and acknowledges that Client has had the opportunity to read this Agreement, has been provided a copy of this Agreement, and has knowingly and voluntarily entered into this Agreement fully aware of its terms and conditions. Client further certifies and acknowledges that the decisions to pursue these claims and to employ these particular Attorneys are solely Client's independent decisions after carefully considering the matters.

## NO ASSIGNMENT OF INTERESTS IN CLAIM TO OTHERS

19.1    Client certifies and represents to Attorneys that they have revoked all prior agreements with other attorneys, if any, and that they have not assigned, sold or transferred any interest in the Claims, except to the extent said Claims are assigned to Attorneys as specified in paragraphs 2.1-2.4 herein.

## STATE BAR OF LOUISIANA NOTICE

20.1.    **The State Bar of Louisiana investigates and prosecutes professional misconduct committed by Louisiana attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar, Office of General Counsel, will provide you with information about how to file a complaint. For more information, please call (800) 932-1900. This is a toll-free phone call.**

**EXECUTED** on the day and year noted above.

CLIENT SIGNATURES:

ATTORNEY SIGNATURE:
**BRENT COON & ASSOCIATES LAW FIRM, P.C.**

Printed Name: JOSEPH V. GAUCI

SSN: 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

Doug Kraus – LA Bar No. 26668

Brent Coon & Associates—Principle Office

215 Orleans

Beaumont, Texas 77701

(409) 835-2666

(409) 835-1912 (Fax)

(866) 335-2666 (Toll Free)

7

Client Initials

_____

Printed Name: _____

SSN: _____

**Biskobing Law, PC**

4060 Peachtree Rd.

Suite D-55

Atlanta, GA 30319

Phone: (404) 826-5000

Revised: 2/24/2010

8                              Client Initials _____