# EXHIBIT II

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

GAUCI CUSTOM BUILDERS, LLC,
d/b/a GAUCI'S CUSTOM BUILDING AND
   DEVELOPING, LLC,
WINTER GARDEN ITALIAN AMERICAN
   BISTRO, LLC,
KAREN GAUCI individually, and
JOSEPH V. GAUCI individually,                                               PLAINTIFFS

V.                                                         CIVIL ACTION: _____

BRENT COON & ASSOCIATES LAW FIRM, P.C.
BRENT COON, ERIC W. NEWELL, JOHN THOMAS,
BISKOBING LAW, P.C., and
DOUG KRAUS,                                               DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES
## (JURY TRIAL REQUESTED)

NOW INTO COURT through undersigned counsel come plaintiffs GAUCI'S CUSTOM BUILDERS, LLC d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC and WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC (referred to hereafter collectively as "the Gauci Businesses"), KAREN GAUCI individually and JOSEPH V. GAUCI individually, who respectfully move and represent as follows:

I.

There is diversity jurisdiction of this matter inasmuch as plaintiffs are citizens of Mississippi, defendants are citizens of Texas and Georgia and Louisiana as set forth in more detail hereafter, and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

II.

This Honorable Court has personal jurisdiction over defendants herein, and venue is properly laid in the Eastern District of Louisiana, because defendants are attorneys and law firms who undertook to perform legal services in this district pursuant to a contract of representation appended hereto as Exhibit A and incorporated herein by reference; and defendants did partially perform the contract in this district by representing plaintiffs in litigation filed in this district as reflected by the records in Case No. 2:13-CV-6009 on the docket of the Eastern District of Louisiana and Case No. 2:16-CV-07048 on the docket of the Eastern District of Louisiana, and as further reflected by the records in MDL 2179(J) on the docket of the Eastern District of Louisiana.

III.

Made defendants herein are:

A. BRENT COON & ASSOCIATES LAW FIRM, P.C., a law firm which is a citizen of, and has its principal place of business in, Texas;

B. BRENT COON, an attorney who is a citizen and domiciliary of, and licensed to practice law in Texas and who, on information and belief, was a partner in, or associate of, Brent Coon & Associates Law Firm, P.C. at all times pertinent hereto, was responsible for carrying out the legal responsibilities assumed by the law firm under the contract of representation appended hereto as Exhibit A;

C. ERIC W. NEWELL, an attorney who is a citizen and domiciliary of, and licensed to practice law in Texas and who, on information and belief, was a partner in, or associate of, Brent Coon & Associates Law Firm, P.C. at all times pertinent hereto, was

2

responsible for carrying out the legal responsibilities assumed by the law firm under the contract of representation appended hereto as Exhibit A;

    D. JOHN THOMAS, an attorney who is a citizen and domiciliary of, and licensed to practice law in Texas and who, on information and belief, was a partner in, or associate of, Brent Coon & Associates Law Firm, P.C. at all times pertinent hereto, was responsible for carrying out the legal responsibilities assumed by the law firm under the contract of representation appended hereto as Exhibit A;

    E. BISKOBING LAW, P.C., a law firm which is a citizen of, and has its principal place of business in, Georgia;

    F. DOUG KRAUS, an attorney who is a citizen and domiciliary of, and licensed to practice law in Louisiana and who, on information and belief, was employed by the previously named defendants herein to assist in preparing and presenting plaintiffs' claims in the Eastern District of Louisiana, and on information and belief, Mr. Kraus was responsible for carrying out the legal responsibilities assumed by the law firms under the contract of representation appended hereto as Exhibit A.

IV.

On or about October 29, 2012, John Thomas from Brent Coon & Associates Law Firm, P.C. traveled to Mississippi, met with plaintiffs Karen and Joseph Gauci in the State of Mississippi, and presented the contract appended hereto as Exhibit A to Mr. and Mrs. Gauci for signature. Pursuant to this contract, the lawyers and law firms identified as defendants herein undertook to act, and did act, as attorneys representing plaintiffs herein in pursuing claims arising out of the Deepwater Horizon spill.

3

V.

The names of plaintiffs GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC and WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC (collectively, "the Gauci Businesses") do not appear in the contract of representation. However, it was understood and agreed by the parties at the time the contract of representation was signed that Joseph and Karen Gauci were the owners and operators of these businesses, were acting as representatives of the businesses in signing the contracts, and that the defendant law firms and attorneys who were parties to the contracts would pursue claims on behalf of the Gauci Businesses as well as on behalf of Mr. and Mrs. Gauci individually, as evidenced by the fact that, thereafter, the defendant law firms and attorneys filed pleadings in which they appeared as attorneys representing the Gauci Businesses.

VI.

The exact allocation of responsibility among defendants is not known to plaintiffs herein, wherefore plaintiffs refer to defendants collectively in alleging the actions described hereafter, while acknowledging that it is possible that individual defendants may subsequently be found to have not participated in, authorized, or ratified certain of the acts described herein. However, on information and belief, all defendants have engaged in at least some wrongful acts and omissions rendering them liable for part or all of the damages complained of herein.

VII.

Defendants informed plaintiffs that the value of their claims could reasonably be estimated at approximately twelve million dollars ($12,000,000.00). Plaintiffs met with Brent Coon in August 2016 where Mr. Coon assured plaintiffs of the value of their cases.

4

VIII.

After plaintiffs signed the contract of representation appended hereto as Exhibit A, defendants negligently failed to carry out their duties under the contract and negligently breached the contract in the following respects.

IX.

Under PRETRIAL ORDER 60 (Document 16050 in MDL No. 2:10-md-02179, In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010), plaintiffs were required to file individual lawsuits and/or sworn statements and serve same no later than May 2, 2016 in order to preserve plaintiffs' rights. Defendants did not timely file and serve the required lawsuits and statements on plaintiffs' behalf.

X.

As a result of defendants' failure to file and serve timely complaints and statements, plaintiffs actually lost, or were at high risk of losing, all right to pursue compensation arising out of the Deepwater Horizon spill inasmuch as their claims were, on the face of it, time barred under Pretrial Order 60.

XI.

Defendants did not inform plaintiffs of the true situation. Instead, defendants (one or more of them) inaccurately informed plaintiffs that their failure to file timely had not had any significant impact on the settlement or judgment value of plaintiffs' claim. Defendants asserted that, due to factors unrelated to defendants' failure to file timely, plaintiffs' claims would have a settlement or judgment value of much less than the originally estimated amounts because of various circumstances unrelated to defendants' fault.

XII.

Defendant John Thomas spoke with plaintiff Joseph Gauci in a lengthy telephone conversation during which Mr. Thomas assured Mr. Gauci that the failure to file timely had no significant impact on the value of the plaintiffs' claims and, instead, the settlement and/or judgment value of the plaintiffs' claims had been reduced to a fraction of the claims' true value due to judicial bias or corruption which would prevent plaintiffs from obtaining fair compensation.

XIII.

On information and belief, the statements described in paragraph 12 hereinabove were without any foundation in fact and without any reasonable basis to believe same. On information and belief, defendants' inaccurate statements constituted negligent or intentional misrepresentation made and/or authorized and/or ratified by some or all of the defendants herein.

XIV.

On information and belief, the making of such statements may be a violation of the rules of professional conduct. Accordingly, undersigned counsel feel under some obligation to report same to the appropriate authority, but because of the multi-state nature of this litigation, undersigned counsel are genuinely perplexed as to which authority is the appropriate authority. Also, undersigned are extremely reluctant to be in the position of appearing to use threats of extraneous reports as an improper weapon in civil litigation. Accordingly, undersigned have come to the conclusion that the most appropriate action would be to notify this Honorable Court of the situation via this complaint and, to the extent necessary for proper management of this litigation, via additional pleadings filed in this matter. Undersigned will take no further action

6

regarding same except to the extent directed by this Honorable Court.

XV.

In fact, the judgment and settlement value of plaintiffs' claims had been severely negatively impacted by defendants' negligent failure to make timely filings and not by other causes to which defendants attempted to attribute the situation. Plaintiffs recognized that, whatever the truth of the matter, the judgment and settlement value of their claims had been negatively impacted such that, realistically, plaintiffs could not hope for a judgment or settlement adequate to compensate them for their losses.

XVI.

In due course, plaintiffs settled their Deepwater Horizon claims and plaintiffs agreed to dismiss their claims against these parties based on the settlement. The settlement was consummated and plaintiffs' claims were or will soon be dismissed.

XVII.

The amount of the settlement and other terms of the settlement are confidential pursuant to plaintiffs' agreement with the parties released under the settlement, wherefore for the purposes of this complaint, plaintiffs will simply state that they settled their claims for an amount which was substantially less than the amount plaintiffs could have obtained through settlement or judgment if defendants had filed timely lawsuits and proofs of loss on plaintiffs' behalf.

XVIII.

Any fees paid to Brent Coon & Associates or other defendants should be disgorged under applicable law.

XIX.

Since it is necessary to provide an estimate of plaintiffs' losses for the purposes of this complaint, plaintiffs will state that, based on the information available to date, they reasonably believe that their losses resulting from defendants' negligence and breach of contract could be as high as sixteen million dollars ($ 16,000,000.00) when all business losses as well as additional compensable losses (consequential damages, mental anguish, etc.) are taken into account.

XX.

Plaintiffs would further show that the parties' representation agreement (Exhibit A) contains an arbitration clause but plaintiffs would respectfully show that the arbitration clause is prima facie invalid and unenforceable for any or all of the following reasons. The contract is between Mississippi domiliaries and attorneys licensed in Texas, Louisiana, and Georgia calling for legal services to be provided in federal court in Louisiana and:

A. The arbitration clause is prima facie void under the Louisiana Supreme Court's decision in *Hodges v. Reasonover*, 103 So.3d 1069 (La. 2012) because it does not meet the minimum requirements for enforceability set forth in this decision;

B. The arbitration clause is voidable at the will of the client under Georgia law pursuant to *Harris v. Albany Lime & Cement Co.*, 291 Ga. App. 474, 477, 662 S.E.2d 160, 163 (2008) and plaintiffs do not desire arbitration and exercise their right under Georgia law to declare the clause to be void;

C. The arbitration clause is substantively and/or procedurally unconscionable under Texas law under the test established in *Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494 (Tex. 2015) and authorities cited therein; and

8

D. The arbitration clause is voidable or void under Mississippi law.

XXI.

Plaintiffs aver that punitive damages are appropriate in this case. At this point in time, it is unclear whether Texas or Mississippi law will apply to certain action and inactions in this case.

XXII.

Plaintiffs desire a TRIAL BY JURY on all issues triable by jury herein.

WHEREFORE plaintiffs GAUCI'S CUSTOM BUILDERS, LLC d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC, WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC, KAREN GAUCI individually and in JOSEPH V. GAUCI individually, pray for judgment in their favor and against defendants BRENT COON & ASSOCIATES LAW FIRM, P.C., BRENT COON, ERIC W. NEWELL, JOHN THOMAS, BISKOBING LAW, P.C., and DOUG KRAUS, jointly, severally, and in solido or as their respective liabilities may otherwise appear, as follows:

A. For a declaratory judgment declaring the arbitration clause in Exhibit A appended hereto to be voidable and void at plaintiffs' instance, or void ab initio for noncompliance with applicable law;

B. For a judgment in favor of plaintiffs and against defendants herein, jointly, severally, and in solido or as their respective liabilities may otherwise appear, in the amount of sixteen million dollars ($16,000,000.00) or such other amount as may reasonably be shown to be due based on the evidence presented at trial of this matter as compensation for the damages complained of herein;

C. For all costs of court;

D. For legal interest on all amounts due from date of judicial demand until paid, except where the law provides for an earlier date;

E. For any and all other legal and equitable relief which may be found to be due;

F. Punitive damages;

G. Disgorgement of all legal fees; and

H. FOR A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY HEREIN.

Respectfully submitted this the 4TH day of April, 2017.

    BY:  GAUCI CUSTOM BUILDERS, LLC, d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC, WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC, KAREN GAUCI individually, and JOSEPH V. GAUCI individually,

    /s/ George W. Healy IV
    George W. Healy, IV (14991)
    George W. Healy, IV & Associates
    1323 28th Avenue, Suite A
    Gulfport, MS 39501
    228-575-4005

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

GAUCI CUSTOM BUILDERS, LLC,
d/b/a GAUCI'S CUSTOM BUILDING AND
   DEVELOPING, LLC,
WINTER GARDEN ITALIAN AMERICAN
   BISTRO, LLC,
KAREN GAUCI individually, and
JOSEPH V. GAUCI individually,
               PLAINTIFFS

CIVIL ACTION:

V.

BRENT COON & ASSOCIATES LAW FIRM, P.C.
BRENT COON, ERIC W. NEWELL, JOHN THOMAS,
BISKOBING LAW, P.C., and
DOUG KRAUS,    DEFENDANTS

### VERIFICATION UNDER 28 U.S.C. 1746 BY KAREN GAUCI

I have read the above and foregoing complaint in this matter. I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the _28th_ day of March, 2017.

_____
Karen Gauci

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

GAUCI CUSTOM BUILDERS, LLC,
d/b/a GAUCI'S CUSTOM BUILDING AND
   DEVELOPING, LLC,
WINTER GARDEN ITALIAN AMERICAN
   BISTRO, LLC,
KAREN GAUCI individually, and
JOSEPH V. GAUCI individually,
                  PLAINTIFFS

CIVIL ACTION:

V.

BRENT COON & ASSOCIATES LAW FIRM, P.C.
BRENT COON, ERIC W. NEWELL, JOHN THOMAS,
BISKOBING LAW, P.C., and
DOUG KRAUS,       DEFENDANTS

### VERIFICATION UNDER 28 U.S.C. 1746 BY JOSEPH V. GAUCI

I have read the above and foregoing complaint in this matter. I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the ___28___ day of March, 2017.

_____
Joseph V. Gauci