## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | ) | **MDL 2179** |
|     "Deepwater Horizon" in the Gulf | ) | |
|     of Mexico, on April 20, 2010 | ) | **SECTION J** |
| | ) | |
| **This Document Relates to:** | ) | **JUDGE BARBIER** |
| *Pleading Bundle B1* | ) | |
| | ) | **MAG. JUDGE WILKINSON** |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| **Kern Martin Services, Inc.** | ) | |
| | ) | **CASE NO. 2:17-cv-05364** |
|     Plaintiff | ) | |
| | ) | **SECTION J** |
| **vs.** | ) | |
| | ) | **JUDGE BARBIER** |
| **BP Exploration & Production, Inc.** | ) | |
| **and BP America Production Company** | ) | **MAG. JUDGE WILKINSON** |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION WITH RESPECT TO THE COURT'S ORDER OF JULY 19, 2017
DISMISSING THE CLAIMS OF KERN MARTIN SERVICES, INC.**

COMES NOW PLAINTIFF, Kern Martin Services, Inc., through undersigned counsel, who files this Memorandum in Support of its Motion for Reconsideration, to alter or amend judgment, and/or for relief from judgment, with respect to the Court's Order of July 19, 2017 dismissing Plaintiff with prejudice, pursuant to Rule 59(e) Fed. R. Civ. P., and in support thereof would show unto the court as follows:

## I.     INTRODUCTION

Plaintiff has shown a willingness to proceed with its claim in a proper and effective way. Plaintiff has demonstrated a willingness to abide by the spirit of judicial economy, the rules of the

Court, and has sought proper guidance from this Court.  The behavior of Plaintiff warrants no sanctions, or, at a maximum, a lesser sanction than involuntary dismissal without adjudication on the merits.

## II.    MATERIAL FACTS

Plaintiff filed its claim with the CSSP on August 16, 2012.  It responded to an Incompleteness Notice in 2014 and to email questions from the Claim Reviewer in 2015.  In 2017, Kern Martin's claim was put on Moratoria Hold.  Pursuant to the Court's order of March 17, 2017 regarding claims subject to Moratoria Hold, Kern Martin excluded itself from the Settlement by filing a timely opt out request.  Plaintiff then timely filed its complaint in this court on May 30, 2017, prior to the deadline of June 23, 2017.  Due to counsel's oversight, a sworn written statement was not filed with the complaint.  On July 24, 2017, the sworn statement was filed and served on counsel.  No response has been made to the complaint, as it is stayed pursuant to the previous orders of the court.  The error was caused by the delay in the opt out and the filing of a complaint for claims subject to Moratoria Hold and a miscommunication amongst counsel as to the requirement of filing the sworn statement.

## III.    ARGUMENT AND AUTHORITIES

A district court has wide discretion under Rule 59.  Rule 59(e) Fed. R. Civ. P., allows reconsideration when there is a need to correct a clear error of law or to prevent manifest injustice. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

"[D]ismissal with prejudice will be affirmed only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests

of justice.  **Because this test is conjunctive, both elements must be present**.”  *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (citing *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (emphasis added).

> Possible lesser sanctions include stay, dismissal, and reinstatement; award of Attorney's fees; assessment of fines, costs, or damages; fining the party or disciplining the attorney; warning; or conditional reinstatement.  Thanksgiving Tower Partners, 1993 WL 35716, at *8.  A court may issue the "lenient sanction" of providing the plaintiff with additional chances after a procedural default, which may then justify dismissal with prejudice if the court's leniency is met with further default.

*Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 96 (M.D. La. 2015).

**A.  There is no record of any significant delay or contumacious conduct.**

Contumacious conduct is a "stubborn resistance to authority."  *Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 94 (M.D. La. 2015) (citing *McNeal v. Papasan,* 842 F.2d 787, 792 (5th Cir. 1988)).  Such behavior can be established by a record of a plaintiff failing to comply with multiple orders and rules of the court.  Darville, 305 F.R.D. at 94 (citing *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1520-21 & n. 10 (5th Cir. 1985)).  Such behavior goes beyond a failure to comply with a scheduling or pre-trial order.  *Id.*

The sort of delay contemplated in cases where there is involuntary dismissal with prejudice, is longer than even a few months, and characterized by significant periods of total inactivity.  *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (citing *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)).  Noncompliance with a single pretrial order which results in functionally no delay, as the entirety of the action is stayed, is not extreme enough to warrant the sanction of dismissal of the action.  *See Darville v. Turner Indus. Grp.*, LLC, 305 F.R.D. 91, 95 (M.D. La. 2015).

**B.  There was no prejudice to BP nor to the Court.**

Plaintiff's failure to file a sworn statement in compliance with Pre-Trial Order No. 60 at the time of filing its complaint did not prejudice BP or the Court.  Pursuant to the Court's order regarding new lawsuits filed pursuant to PTO No. 60 on April 15, 2016, all new lawsuits (and previous suits) were, and are, STAYED until further order of the Court.  [MDL ECF 16225].

Plaintiff's newly filed complaint is only two months old and remains stayed, and Plaintiff's sworn statement has been filed only one month after the Court's deadline.  Therefore, there is no evidence, nor could there be any evidence, that any prejudice or harm occurred to BP as a result of this sequence of events.  Nor can it be said that there has been any harm to the overall disposition of the Court's docket, or the administration of justice.  This factor weighs heavily in favor of allowing the Plaintiff to have its case adjudicated on the merits, as opposed to involuntary dismissal.

## IV.   <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully moves this Honorable Court to reverse, revise, or otherwise alter or amend, its order of July 19, 2017 and reinstate the Plaintiff's case for adjudication upon the merits.

Date: <u>July 25, 2017</u>

**/s/  Allison W. Smalley**
**Allison W. Smalley,** La. Bar No. 32957
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: aws@cunninghambounds.com

Of Counsel:
**Robert T. Cunningham**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: rtc@cunninghambounds.com

**Steven L. Nicholas**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sln@cunninghambounds.com

**Stephen C. Olen**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sco@cunninghambounds.com