UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| This Document Relates to: No.: 12-970 | JUDGE BARBIER |
| | MAG. JUDGE WILKINSON |
| This applies to Claimant ID 100189837) and Claim ID 162912 only | |

## MOTION TO ALTER OR AMEND ORDERS UNDER RULE 59(E) OR ALTERNATIVELY MOTION FOR RELEIF FROM THE ORDER UNDER RULE 60(B)

NOW INTO COURT, comes Mudd & Bruchhaus, L.L.C. (Claimant 100189837) who seeks to have its claim Business Economic Loss Claim (#162912) removed from this Honorable Court's Orders dated June 13, 2017 (Rec. Doc. 22935) and July 5, 2017 (Rec. Doc. 23003) for the following reasons:

1.

On June 13, 2017, this Honorable Court issued an Interim Order remanding certain cases before the Court on Discretionary Review back to the Claims Administrator. This remand was made final by Order dated July 5, 2017. The Claim of Mudd & Bruchhaus, L.L.C. was listed as one of the claims to be remanded. However, the Claim of Mudd & Bruchhaus, L.L.C. should not have been remanded to the Claims Administrator for further evaluation and processing. Instead, the Claim should have been paid pursuant to the Eligibility Notice previously issued and pursuant to the decision of the Appeal Panel. The remand of Mudd & Bruchhaus, L.L.C.'s claim for further evaluation and processing was a mistake and was error. Specifically, the remand of this claim violates the Rules Governing Discretionary Court Review of Appeal Determination that were agreed to by the parties and adopted previously by Order of this Honorable Court.

2.

On February 9, 2017, the Claims Administrator issued an Eligibility Notice for Claim ID 162912. **(See Exhibit A).**

3.

On March 2, 2017, BP filed its Notice of Appeal. **(See Exhibit B).**

4.

On April 4, 2017, BP filed its Initial Proposal. In the initial proposal, BP did not raise any calculation issues whatsoever. The sole issue raised by BP was to contest the Claimant's attestation clause. **(See Exhibit C).**

5.

On April 14, 2017 BP filed its Final Proposal, again merely adopting its sole argument regarding Claimant's attestation clause **(See Exhibit D).**

6.

Claimant filed an Initial Proposal **(See Exhibit E)** and Final Proposal **(See Exhibit F)**, pointing out the absence of any issues except the alleged attestation argument. Claimant's Final Proposal properly identified that BP had no legitimate arguments whatsoever regarding the challenge to the attestation clause. Claimant properly pointed out that the argument raised by BP was actually an "Alternative Causation Issue". Claimant further requested that the Claims Administrator pay the claim regardless of the appeal pursuant this Honorable Court's ruling of April 24, 2013. In that Order, this Honorable Court directed the Claims Administrator when the issue is an "Alternative Causation Issue", "to refrain from issuing the Notice of Appeal,"… and "to proceed with final processing of such claims and issuing payment in accord with the terms of the applicable Eligibility Notice." **(See Exhibit G, Order of April 24, 2013).**

7.

Despite Claimant's protestations, the claim was submitted to the Appeal Panel. On May 8, 2017, the Appeal Panel rendered its decision denying BP's attestation argument and in favor of Claimant. **(See Exhibit H)**. The Appeal Panel specifically stated: **"this panel, after due deliberation and de novo review of this record, finds unanimously that BP's attack on Claimant's claim form attestation is essentially another attempt to resurrect an "alternative causation" theory previously found unavailable by the supervising courts and numerous decisions of this panel."** (Emphasis Added) The award of the Claims Administrator was affirmed in its entirety. **(See Exhibit I, Post-Appeal Eligibility Notice).**

8.

On May 22, 2017, BP requested discretionary review of the claim. **(See Exhibit J)**. BP specifically requested review on only one ground, namely "that the claim does not comply with the attestation requirement as recognized in the Fifth Circuit's March 3, 2014 opinion, 744 F.3rd 370, 377-78 (5th Cir. 2014)." Mudd & Bruchhaus, LLC filed an objection on June 2, 2017 **(See Exhibit K)**.

9.

Based upon Rule 21 of the Rules Governing Discretionary Court Review of Appeal Determinations, effective by Order dated July 7, 2015, BP's request for Discretionary Review was invalid. Per Rule 21, because the request had been designated by the Appeal Panel as one of "alternative causation", BP had no right to request discretionary review, and the Claim should have been paid.

10.

Alternatively, the claim was eligible for discretionary review, but pursuant to Rule 30 of the Rules Governing Discretionary Court Review of Appeal Determinations, the sole issue available for discretionary review by this Honorable Court was the issue "properly raised" before the appeal panel, namely "that the claim does not comply with the attestation requirement."

11.

It is undisputed that BP did not challenge whatsoever the Claims Administrators calculations as to the value of the claim before the Appeal Panel. As a result, BP waived any such arguments. Because no such arguments remained, it was a mistake and error to remand the claim for recalculation.

12.

Including Mudd & Bruchhaus, L.L.C.'s claim in the remand Order will result in extreme hardship. It is likely that the remand and recalculation could result in an extremely large reduction in the award to the claimant. This is fundamentally unfair when considering that the Eligibility Award had been approved by the Appeal Panel and no calculation error arguments had been raised whatsoever by BP.

Wherefore, premises considered, Claimant Mudd & Bruchhaus, L.L.C. respectfully requests that this Honorable Court Alter or Amend its June 13, 2017 and July 5, 2017 Orders by simply removing from the Order Claim #1629120. Further, Claimant, Mudd & Bruchhaus, L.L.C., seeks an Order denying BP's Request for Discretionary Review and directing the Claims Administrator to pay the claim pursuant to the Eligibility Notice and the Appeal Panel Decision.

Respectfully submitted:

_____
DAVID P. BRUCHHAUS #24326
MUDD & BRUCHHAUS, LLC
410 E. College Street
Lake Charles, LA 70605
Telephone: (337) 562-2327
Facsimile: (337) 562-2391

**Attorneys for Claimant, MUDD & BRUCHHAUS, LLC**

## CERTIFICATE OF SERVICE

I, David P. Bruchhaus, do hereby certify that the above and foregoing Memorandum in Support of Motion to Alter or Amend Under Rule 59 (E) or Alternatively, Motion for Relief under Rule 60(B) will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 26th day of July, 2017.

_____
DAVID P. BRUCHHAUS