UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 <br> SECTION "J" |
| This Document Relates To: <br> 12-970 | * * * | JUDGE BARBIER <br><br> MAGISTRATE SHUSHAN |

### ORDER

This Court has previously issued rulings regarding interpretation of the Settlement Agreement;

Pursuant to Sections 6.1.2.2.5 and 6.1.2.2.5.3 of the Settlement Agreement, "The appointment to and service on the Appeal Panels is subject to the oversight of the Court, which shall retain jurisdiction over the Appeal Panels;"

Pursuant to Section 6.6 and Exhibit 25 of the Settlement Agreement, this Court retains the discretionary right to review any determination of the Appeal Panels;

In its Order of April 9, 2013 (*see* Rec. Doc. 9232), this Court specifically ordered and decreed that the Parties, the Settlement Program, the Claims Administrator, and the Appeal Panelists are instructed to follow and are bound by the cited rulings of this Court regarding interpretation of the Settlement Agreement;

BP has voiced concern that it is required to appeal final compensation award determinations pursuant to Section 6.1.2.4 of the Settlement Agreement, even when this Court has previously ruled on the same legal issue, and the failure to so appeal may be deemed a waiver of other rights;



EXHIBIT G

EXHIBIT 1

Appeals based on legal issues that have already been decided by this Court result in unnecessary delay in the processing of claims and expend time and resources of the Settlement Program;

Accordingly;

IT IS ORDERED THAT:

1. Upon the filing of an appeal pursuant to Section 6.1.2.4 of the Settlement Agreement, BP shall clearly and specifically designate in the Reason for Appeal section of its BP Portal that the appeal is based only on one or more of the legal issues previously decided by the Court and as referenced in this Court's Order of April 9, 2013.

2. The required designations to be provided by BP shall use the following specific language regarding the three legal issues referenced in this Court's prior rulings:

    (a) "Contributions/Grant Revenue for Non-Profits issue;"

    (b) "Alternative Causation issue;" or

    (c) "Matching of Revenue and Expenses issue."

3. For any appeals so designated, such appeals are hereby denied based on this Court's prior rulings. The Claims Administrator is instructed to refrain from issuing the Notice of Appeal, which would otherwise trigger the further appeals process, and the Claims Administrator is to refrain from assigning such appeals to an Appeal Panel. The Claims Administrator is instructed to proceed with final processing of such claims and issuing payment in accord with the terms of the applicable Eligibility Notice.

4. Processing of claims pursuant to this Order shall not constitute a waiver of any rights that BP may or may not have with respect to further review of the underlying legal issues.

Signed in New Orleans, Louisiana, this 24th day of April, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE