UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL NO. 2179 |
| | : | SECTION: J |
| This Document Relates to: No.: 12-970 | : : : | JUDGE BARBIER |
| | : | MAG. JUDGE WILKINSON |
| This applies to Claimant ID 100189837) and Claim ID 162912 only | : : | |

## MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND UNDER RULE 59(E) OR ALTERNATIVELY, MOTION FOR RELIEF UNDER RULE 60(B)

This matter arises from Claimant, Mudd & Bruchhaus, L.L.C.'s (Claimant 1001189837) Business Economic Loss Claim (Claim # 162912) which was filed in the Deepwater Horizon litigation. On July 5, 2017, this Honorable Court, rendered an Order making a previous Interim Order of June 13, 2017 final. In those two Orders, this Honorable Court remanded the claim of Mudd & Bruchhaus, L.L.C. back to the Claims Administrator for further evaluation and processing based upon the Fifth Circuit's determination regarding ISM calculations.

At the time the Orders were issued, there was no issue whatsoever applicable to the claim of Mudd & Bruchhaus, L.L.C. as to errors in calculation. The sole issue presented by BP on appeal to the Appeals Panel was a challenge to the "attestation clause". The Appeals Panel rejected BP's appeal and unanimously determined that the issue raised by BP was essentially one of "alternative causation." This sole issue was before this Honorable Court on Discretionary Review following a denial of BP's Appeal. BP had never raised and thus had waived any calculation or accounting errors.

Mudd & Bruchhaus, L.L.C. respectfully submits that based upon prior Orders of this Court, based upon the sole arguments raised by BP on appeal and in its request for discretionary review,

based upon the ruling of the Appeal Panel, and based upon the Rules Governing Discretionary Court Review of Appeal Determinations, the remand of Claimant's claim back to the Claims Administrator for further evaluation and calculations was a mistake, error, fundamentally unfair, and will result in extreme hardship. Mudd & Bruchhaus, L.L.C. respectfully requests that the Orders be altered or amended to remove the Claim of Mudd & Bruchhaus, L.L.C. and that an Order issue directing the Claims Administrator to pay the claim pursuant to the previously issued Eligibility Notice and the Appeal Panel decision.

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

Mudd & Bruchhaus, L.L.C. is a law firm located in southwest Louisiana. During the course of the Oil Spill litigation, Mudd & Bruchhaus, L.L.C. had offices in Cameron, Lake Charles, and Jennings, Louisiana. Claimant filed its BEL claim with the Claims Administrator on March 1, 2013. During the course of the next four (4) years, Claimant complied with the requests of the Claims Administrator by providing all requested tax, accounting, and supporting documents.

On February 9, 2017, the Claims Administrator issued an Eligibility Notice in favor of Mudd & Bruchhaus, L.L.C. awarding $2,352,291.46. On March 3, 2017, BP filed a Notice of Appeal. The sole issue raised to the Appeal Panel in its initial proposal was a challenge to Claimant's attestation clause. Essentially, BP argued that Mudd & Bruchhaus, L.L.C. had made too much money following the spill in handling claims in the litigation to justify a loss. Claimant opposed this argument in its final proposal. BP filed a Final Proposal on April 14, 2017 adopting the arguments made in its initial proposal. Again, the sole issue raised by BP was as to the attestation argument. At no time did BP ever argue or raise any issue whatsoever with the methodology or calculations used by the Claims Administrator in calculating the claim. BP waived its rights to such an argument.

In its Final Proposal, Claimant pointed out the absence of any issues except the alleged attestation argument. Claimant filed an Initial Proposal and Final Proposal pointing out the absence of any issues except the alleged attestation argument. Claimant's Final Proposal properly identified that BP had no legitimate arguments whatsoever regarding the challenge to the attestation clause. Claimant properly pointed out that the argument raised by BP was actually an "Alternative Causation Issue". Claimant further requested that the Claims Administrator pay the claim regardless of the appeal pursuant this Honorable Court's ruling of April 24, 2013. In that Order, this Honorable Court directed the Claims Administrator when the issue is an "Alternative Causation Issue", "to refrain from issuing the Notice of Appeal,"… and "to proceed with final processing of such claims and issuing payment in accord with the terms of the applicable Eligibility Notice." Nevertheless, the claim was submitted to the Appeal Panel.

On May 8, 2017, the Appeal Panel rendered its decision denying BP's attestation argument and ruling in favor of Claimant. The Appeal Panel specifically stated: **"this panel, after due deliberation and de novo review of this record, finds unanimously that BP's attack on Claimant's claim form attestation is essentially another attempt to resurrect an "alternative causation" theory previously found unavailable by the supervising courts and numerous decisions of this panel."** (Emphasis Added). The award of the Claims Administrator was affirmed in its entirety. Consequently, also on May 8, 2017, the Claims Administrator issued a Post-Appeal Eligibility Notice in favor of Claimant for $2,446,076.02 which included the five percent (5%) review increase authorized by the settlement.

On May 22, 2017, BP requested discretionary review of the claim. BP specifically requested review on only one ground, namely "that the claim does not comply with the attestation requirement as recognized in the Fifth Circuit's March 3, 2014 opinion, 744 F.3rd 370, 377-78 (5th

Cir. 2014). On June 2, 2017, Mudd & Bruchhaus, L.L.C. filed its Objection to BP's Request. Thereafter, without any further notice, this Honorable Court issued its June 13, 2017 and July 5, 2017 Orders remanding the claim to the Claims Administrator on a ground that had never been raised by BP and which had been waived by BP.

As a result of the Orders, Mudd & Bruchhaus, L.L.C. will lose an extremely large portion of the award that was originally determined by the Claims Administrator and affirmed by the Appeals Panel. Based on the Appeal Panel's identification of BP's argument as "alternative causation", no discretionary review was allowed and the claim should have been paid per this Honorable Court's prior orders and the Rules Governing Discretionary Review of Appeal Determinations.

## LAW AND ANALYSIS

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a District Court has broad discretion in granting a Motion to Alter or Amend a Judgment. The Court has authority to grant such a motion to correct a legal error[1] or to prevent manifest injustice[2]. Rule 60(b) is entitled "Grounds for Relief from a Final Judgment, Order, or Proceeding". Under Rule 60(b)(1) a District Court can relieve a party from an order when the Court determines that a mistake or inadvertence has been committed. This category permits relief when the District Court has made a substantive error of law or fact in its order.[3] Under Rule 60(b)(6), the Court has broad discretion to grant such

---

[1] *Naquin v. Elevating Boats, L.L.C.*, 817 F. 3rd 235 (5th Cir. 2016).
[2] *Burritt v. Detlefsen*, 807 F.3d 239 (7th Cir. 2015); *Nordock, Inc v. Sys. Inc.*, 803 F.3d 1344 (fed. Cir. 2015)
[3] *Utah ex. Rel. Div. of Forestry, Fire & State Lands vs. U.S.*, 528 F.3rd 712 (10th Cir. 2008); *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007).

a motion where the Court finds that the applicant is entitled to just relief. This category allows relief in cases of unexpected, extreme hardship.[4]

Including the Mudd & Bruchhaus, L.L.C. BEL claim in the remanded list attached to the June 13th and July 5th Orders constitutes mistake and error sufficient for the granting of relief under Rule 59(e) or alternatively, Rule 60(b)(1) or Rule 60(b)(1).

At the time of the granting of the June 13th and July 5th Orders, the Appeal Panel Decision had been rendered, the Post-Appeal Eligibility Notice had been issued, BP had requested Discretionary Review, and the Claimant had filed its Objection. Thus, it is undisputed that the Rules Governing Discretionary Court Review of Appeal Determinations, effective by Order dated July 7, 2015 were the applicable rules governing the Court's action.

This Honorable Court was required to follow Rule 21 of the Rules Governing Discretionary Review. Rule 21 reads as follows:

**Rule 21. Issues Designated in April 24, 2013 Order.** If the case has been identified as: (a) "Contributions/Grant Revenue for Non-Profits Issue" or (b) "Alternative Causation Issue," as set forth in the Court's order of April 24, 2013 (rec. doc. 9538) in accordance with May 8, 2015 rulings of the United States Court of Appeals for the Fifth Circuit, no Request or Objection may be submitted and the processing of claims will not be suspended in such cases unless there is further order of the Court.

Here, Claimant argued and the Appeal Panel agreed that BP's appeal was actually an "alternative causation issue". The Appeal Panel directly rejected BP's appeal and its attestation argument as it had done numerous times in the past. Consequently, BP had no right under Rule 21

---

[4] *Kramer v. Gates*, 481 F.3d 788 (D.C. Cir. 2007).

to request Discretionary review. Because there was no right to discretionary review, the remedies available to BP were exhausted and the claim must have designated for payment. Rule 21 mandates that the processing of the claim, i.e. the payment of the claim, not be suspended. As applied to the facts herein, this Court's Orders of June 13, 2017 and July 5, 2017 are in direct conflict with the application and spirit of Rule 21 and this Court's prior Order from April 24, 2013.

By not applying Rule 21, BP has been granted additional, extraordinary appellate rights not contemplated by the applicable rules or the settlement agreement. When BP presented a sole issue to the Appeal Panel, BP waived all of its other legal arguments as to calculation errors or otherwise. To allow an additional review of Mudd & Bruchhaus, L.L.C.'s claim now, this Court will be granting rights to BP which it had legally waived and never raised.

Alternatively, this Honorable Court was required to follow Rule 30 of the Rules Governing Discretionary Review. Rule 30 reads as follows:

**Rule 30. Issues for Review by Court**. The issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel.

A review of this entire record can lead to only one conclusion, namely that the sole issue raised by BP before the Appeal Panel was the "attestation argument." Clearly, this Honorable Court did not remand this claim to the Claims Administrator on the "attestation" issue. This Honorable Court remanded the case for review on a calculation error issue. BP did not raise and thus waived such a calculation error argument when it failed to include it in briefing to the Appeal Panel and when it failed to include it in its request for discretionary review. Rule 30 includes the mandatory word "shall" when limiting this Honorable Court's authority. The Orders of June 13, 2017 and July 5, 2017, directly violate Rule 30 by remanding the claim on an issue that was not

ever presented to the Appeal Panel. These remand Orders are a grant of authority beyond the clear wording of Rule 30.

Mudd & Bruchhaus, L.L.C. is extremely mindful of this Honorable Court's diligence and excellent work in seeking resolution of this global litigation. We are cognizant that this Honorable Court has faced challenges created by the number and complexity of claims in a fair, balanced, and timely manner. However, the Orders of June 13, 2017 and July 5, 2017 should not have included Mudd & Bruchhaus, LLC's BEL claim. A blanket inclusion of this claim, as detailed herein, is an error and a mistake. Because the action was taken without providing Mudd & Bruchhaus, L.L.C. notice and an opportunity to be heard, this post-order motion is the only available remedy. Finally, Mudd & Bruchhaus, L.L.C. submits that the Orders have substantially prejudiced the claim in a manner that is not fair and in violation of the Rules Governing administration of the claims. Allowing an additional review and new calculation of the claim after all remedies were exhausted and in direct contravention of the applicable rules will result in an extremely large reduction in the award. To correct this injustice, the Orders should be altered, amended, or corrected to remove Mudd & Bruchhaus, L.L.C.'s claim.

## CONCLUSION

Based upon the arguments contained herein, Mudd & Bruchhaus, L.L.C. respectfully requests that its BEL claim (162912) be removed from the Orders of June 13, 2017 and July 5, 2017. Further, Mudd & Bruchhaus, L.L.C. requests that the request for discretionary review by BP be denied and the Claims Administrator be directed by Order of this Honorable Court to pay the claim pursuant to the Post-Appeal Eligibility Notice.

Respectfully Submitted:

_____
DAVID P. BRUCHHAUS #24326
MUDD & BRUCHHAUS, LLC
410 E. College Street
Lake Charles, LA 70605
Telephone: (337) 562-2327
Facsimile: (337) 562-2391

**Attorneys for Claimant, MUDD & BRUCHHAUS, LLC**

## CERTIFICATE OF SERVICE

I, David P. Bruchhaus, do hereby certify that the above and foregoing Memorandum in Support of Motion to Alter or Amend Under Rule 59 (E) or Alternatively, Motion for Relief under Rule 60(B) will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 26th day of July, 2017.

_____
DAVID P. BRUCHHAUS