**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION: J JUDGE |
| This Document Relates to: | * | BARBIER |
| *2:13-cv-00582-CJB-JCW* *2:13-cv-02964-CJB-JCW* *To the Extent They Include Claims In Pleading Bundle B3* | | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER, AMEND OR CORRECT JUDGMENT AND FOR OTHER RELIEF PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60

The above-referenced lawsuits were filed on behalf of more than 800 cleanup workers primarily because of transactions and occurrences between them and two entities which are not parties to the MDL.  Those cases assert breach of contract claims against Plant Performance Services, LLC (formerly Plant Performance Services, Inc.) and its parent company, Fluor Corporation.  Neither defendant is a party to the MDL.  BP had successfully maintained the cases should be placed within the MDL because, as BP had contracted with Fluor and/or P2S to provide cleanup services after the Deepwater Horizon tragedy, potentially there was a third-party beneficiary claim or an indemnity enforcement cross claim that could be asserted against it by the non-parties to the MDL.  In an abundance of caution, the plaintiffs had asserted a third-party beneficiary claim against BP, and the claims have been stayed pending further action since that time.  The plaintiffs have patiently waited for the Court to turn to these claims, which were never understood to be part of the class complaint based on representations made by the Plaintiffs' Steering Committee.  Moreover, prior orders, including PTO No. 63, do not reflect that the Court has taken into account how to categorize claims arising as a result of the conduct of entities which

1

are not a part of the MDL.  Therefore, the plaintiffs seek to alter, amend or correct the judgment of July 18, 2017 to the extent that order has the effect of dismissing their lawsuits in their entirety.

### A.   Applying the Standard of Review Reflects Relief Should Be Granted

The Federal Rules of Civil Procedure permit a party to "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Based on the time within which this is being filed, both Rules 59 and 60 should be considered: (1) this filing is within ten days of the July 18, 2017 order and shows how inadvertent error by the Court appears to have been made as to these plaintiffs; and 2) to the extent plaintiffs misunderstood the applicability of PTO No. 63, precedents decided under Rule 60(b) reflect that these plaintiffs should receive relief.  For example, Rule 60(b)(1) provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Where an error of law or fact by the Court appears, a motion pursuant to Federal Rule of Civil Procedure 59(e) is proper.  *See In re Transtexas Gas Corp*., 303 F.3d 571, 581 (5th Cir. 2002) (citing *Waltman v. Int'l Paper Co*., 875 F.2d 468, 473 (5th Cir. 1989)).  Where manifest injustice results because of mistake, inadvertence, surprise or excusable neglect, then the court should exercise its discretion to grant relief to a party.  *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397-398 (1993) (tardy claim allowed to be pursued in spite of failure to assert within the time set by the bankruptcy court order below).

### B.   These Cleanup Workers Reasonably Believe Their Contract Claims Are Not B3 Claims

The cleanup workers who are plaintiffs in the two referenced lawsuits in the style are

cleanup workers who contracted with entities which are not parties to the MDL. Because the claims asserted are primarily against non-parties to the MDL, the plaintiffs have the understanding that their cases are not necessarily part of the B3 bundle. They are aware that any personal injury claim against BP should be pursued separately from these lawsuits, and they have taken appropriate action through opting out, applying to the Garretson Resolution Group, or are in the "BELO" category. As to BP, the only claim that is believed to survive in these lawsuits is a third party beneficiary claim: whether BP is responsible for economic injuries caused by P2S and Fluor when they breached the contracts they required the cleanup workers to execute before allowing them to work.

This understanding is consistent with guidance and feedback provided by PSC members to the undersigned during the pendency of the MDL. For example, during the time the class complaint was being crafted and revised, the undersigned notified the PSC of the breach of contract claims pending against Fluor and Plant Performance Services, LLC ("P2S"), and the undersigned was told Bundle B3 did not include them. On another occasion, the undersigned attempted to submit evidence of the failure of Fluor and P2S to comply with the federal response plan (based on a prior order of the Court during consideration of a sovereign immunity defense asserted by cleanup companies and other responder defendants). The cleanup workers represented by the undersigned have evidence of such failures by either P2S or Fluor or both, which failures led to cleanup workers suffering unwarranted exposure to toxins and personal injury. The undersigned was told the evidence was not responsive because P2S and Fluor were not parties in the MDL; thus, the evidence was not submitted.

Plaintiffs received notice of PTO No. 63 as of its entry in February 2017. Subsequently, counsel for Plaintiffs consulted with the Plaintiff's Steering Committee ("PSC") about the

language of that order based on concerns specific to the cases referenced in the caption of this pleading.  PTO No. 63 for the first time reflected that breach of contract claims would be included in Bundle B3.  However, PTO No. 63 did not reference non-parties to the MDL.  Seeking clarity and relief to avoid the potentially wasteful expenditure of over $300,000 to file individual claims against BP when the primary claims against non-parties to the MDL had been stayed without Answers or discovery, the plaintiffs filed a motion on April 12, 2017.  No action has occurred as to that motion.

The Plaintiffs believe the Court has a plan for the hearing of their claims.  No other belief is possible for any person who has faith that access to justice and due process continue to exist, even in an MDL based on a tragedy created by the greed and carelessness of so powerful a corporation as BP.   As such, it is warranted to clarify and correct inadvertent error in orders regarding dismissal with prejudice of Bundle B3 claims to the extent the contract claims of these plaintiffs are deemed dismissed.  Rule 59(e) and Rule 60(a) permit both PTO No. 63 and the July 18, 2017 order to be corrected based on the broad discretion of this Court to grant relief from orders that have the effect of denying a party an opportunity to pursue justice simply because of an error or misunderstanding.

### C. Requiring the Plaintiffs to File Individually As To A Breach of Contract Claim Creates a Manifest Injustice.

The plaintiffs pray, as stated in the April 12, 2017 motion, that the third-party beneficiary claim against BP, which is asserted in the complaints, may be excluded from the order dismissing with prejudice non-compliant B3 claims if it is part of the B3 bundle.  If the claims against P2S and Fluor have also been redefined as within the B3 bundle, then the plaintiffs pray that these claims be reconsidered before they are required to file the lawsuits independently as more than

800 separate cases.  Procedurally and substantively, enforcing PTO No. 63 against these cleanup workers for their breach of contract claims would be a manifest injustice.  If the Court did have in mind these plaintiffs' particular claims against entities not party to the MDL, that comes as a surprise to these plaintiffs because PTO No. 63 has such an unjust impact on them.

As an initial matter, PTO No. 63 has a manifestly unjust impact because of its procedural device of requiring each plaintiff to file separately his or her own identical case.  These more than 800 plaintiffs filed their actions based on common transactions and occurrences around the contracts between them and P2S and Fluor.  Facts known only by BP, P2S and Fluor (e.g., contractual terms and subsequent disputes or communications among them) could support defenses on the merits that would eliminate BP as a defendant, but those facts cannot be explored without Answers and discovery.  The incredible expenditure of resources makes no sense in view of the very efficient procedure that could be used to identify whether BP might be responsible, and if, not, dismiss BP and transfer the claims against P2S and Fluor to the jurisdiction where the events occurred.

Importantly, no sovereign immunity excuse can be assumed to be available for these cleanup companies, P2S and Fluor, because they are not parties to the MDL.  The plaintiffs attempted to show the Court evidence of the failure by P2S and Fluor to follow the federal response plan.  The PSC discouraged such filings.  The plaintiffs were advised by the PSC that the evidence need not be submitted because P2S and Fluor were not parties to the MDL.  If BP is eliminated as a defendant, that would not necessarily excuse P2S and Fluor from responsibility; as a result, dismissal with prejudice even assuming no responsibility by BP is a manifest injustice to these plaintiffs.

Regarding the breach of contract claims, the evidence the plaintiffs wish to present includes

shared experiences in orientation meetings, training, and on the job site.  Because their breach of contract claims arise from the same set of events and occurrences, the most sensible use of judicial resources is via a complaint that joins all cleanup workers with those experiences.  The propriety of the grouping of the claims under the rules of civil procedure is clear on the face of the detailed complaints.  PTO No. 63, therefore, was not interpreted to require this separation as to P2S and Fluor, and a motion was filed on April 12, 2017 seeking relief to the extent PTO No. 63 required it for the third party beneficiary claim against BP.

### D.   The Interest in the Finality of Judgments Does Not Outweigh the Plaintiffs' Interest in Access to Justice

Granting relief would not unduly harm BP; thus, in the interests of justice, the requested relief is due to be granted.  It is understandable that grouping plaintiffs in complaints with a smattering of allegations can be difficult to evaluate and defend; however, that is not a problem posed by these claims.  The only basis for BP's liability will be as a result of facts it already knows but which plaintiffs cannot know without discovery: the terms of BP's agreement with P2S and/or Fluor, and the circumstances around BP's decision to end the services of P2S cleanup workers.  Therefore, requiring each plaintiff to pursue alone a third party beneficiary claim against BP places an excessive burden on each plaintiff and on counsel without eliminating any prejudice allegedly suffered by BP.  Advancing in excess of $300,000 in costs to pursue these claims is not realistic and places an untenable burden on plaintiffs' counsel.  As a result, to enforce PTO No. 63 against these plaintiffs via the July 18, 2017 ruling would do nothing to help BP or the Court.

Such enforcement would merely create a manifest injustice to be suffered by these cleanup workers, most of whom have had no financial means to contribute funding to prosecute their claims.  The spirit of Rule 60 if the Federal Rules of Civil Procedure as well as due process support

6

relief being granted. *See Pioneer Inv. Servs.*, 507 U.S. 380, 397-98; *Edward H. Bohlin Co.*, 6 F.3d at 356 (where the ruling is made with no consideration on the merits, the interest in deciding cases on the merits must be weighed against any interest in the finality of judgment). Here, the interests of justice weigh in favor of an evaluation of the merits of the claims against P2S and Fluor, which may be part of the MDL or may be transferred back to the jurisdiction where the events occurred, as the Court may determine in its discretion.

## CONCLUSION

Because no process has yet been made clear to apply to these claims which are primarily asserted against entities not parties to the MDL, the plaintiffs reasonably have concluded the Court's plan for these claims would be presented in due time. The plaintiffs understand that other claims and issues have taken priority and tremendous resources for the Court to administer. The plaintiffs are seeking an opportunity to present evidence to obtain relief from these entities which are not parties to the MDL. To the extent they can prove their claims, and yet P2S and Fluor can rely on a legal theory to put the responsibility on BP for the losses resulting from breach of contract, then the plaintiffs out of an abundance of caution wish to have the opportunity to receive relief from BP. Whether BP is responsible is known by BP already: it contracted with P2S and/or Fluor to provide cleanup services, and BP knows whether it directed the actions of P2S and Fluor which form the basis of the allegations of the cleanup workers. Therefore, no facts or law support relief being denied. To the extent these plaintiffs' claims, or any of them, have been dismissed due to the operation of PTO No. 63 and the July 18, 2017 order, those orders should be altered, amended or corrected to promote justice and access to courts.

Respectfully submitted,

/s/ Heather F. Lindsay_____
HEATHER F. LINDSAY (FBN 073441)
Lindsay & Lindsay, P.A.
5218 Willing Street
Milton FL 32570
850-623-3200 (T)
850-623-0104 (F)
hfl@lal-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2017, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of

record who are CM/ECF participants.  I further certify that I mailed the foregoing document and

the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF

participants.

/s/ Heather F. Lindsay_____
HEATHER F. LINDSAY (FBN 073441)