UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
| *2:13-cv-02879-CJB-JCW* | | |
| *2:13-cv-01822-CJB-JCW* | | **MAG. JUDGE WILKINSON** |
| *2:13-cv-01802-CJB-JCW* | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR IN THE ALTERNATIVE FOR RELIEF FROM A JUDGMENT OR ORDER**

Plaintiffs[1], through undersigned counsel, respectfully submit this memorandum in support of their motion to reconsider this Court's July 18, 2017 Order [R. Doc. 23406], which dismissed their claims in the "Deepwater Horizon" lawsuit *with prejudice*.

**SUMMARY OF THE ARGUMENT**

Plaintiffs timely filed their individual suits over four years ago. Plaintiffs have fully and timely responded to all discovery requests relating to this matter. In compliance with Pre-Trial Order No. 63 ("PTO 63"), each plaintiff timely submitted his or her individual sworn statements by the April 12, 2017 deadline. Because of their confusion about whether or not PTO 63 required the re-filing of Plaintiffs' lawsuits, undersigned counsel sought advice from the PSC and reasonably believed that no further re-filings of Plaintiffs' lawsuits was necessary. If undersigned counsel have misinterpreted PTO 63, they sincerely apologize to the Court for this mistake of fact regarding the Court's Order. These 17 individual plaintiffs comprise the most severely

---

[1] Plaintiffs are as follows: James Bryant; Henry Jenkins; Steven Burke; Willie Richardson; Nathan S. Southern; Marion G. Barefoot; Baron Buskell; Johnnie Clopton; Tommy Tripp; Richard Woods; John Burrus; Sarah Graham; Max Murray; Kimberly DeAgano, Kimberly DeAgano obo Dereck J. DeAgano, Ted DeAgano, Jr. & Keith Keaghey.

1

injured claimants represented by undersigned counsel which was the basis for opting them out of the original class action litigation against Defendants. For the reasons set out below, it would be manifestly unjust to these innocent Plaintiffs to dismiss their claims *with prejudice*, particularly since there is no prejudice to the Defendants.

Accordingly, for the reasons set out below, Plaintiffs respectfully request that this Court grant their motion to alter or amend the order dismissing their claims. If the Court determines that Plaintiffs should have re-filed 17 individual lawsuits, Plaintiffs respectfully request leave to do so within a reasonable time period, not to exceed 30 days.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Fed. R. Civ. P. 60(b) goes on further to state that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."

Motions for reconsideration filed under Federal Rule of Civil Procedure 59(e) question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). To prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three

factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Jaldhi Overseas PTE LTD. v. United Bulk Carriers Int'l LTDA.*, No. CV 15-6148, 2016 WL 279009, at *2–3 (E.D. La. Jan. 22, 2016) (Barbier, J.). Courts of this District also allow the movant to show that the motion is necessary to prevent manifest injustice. *Id.* (citing cases).

A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). To the extent relief under Rule 59(e) is not deemed warranted by the Court, the plaintiffs also move under Rule 60(b), which should be liberally construed to do substantial justice. *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397-98 (1993) (holding that relief to allow a tardy claim was warranted because of excusable neglect under the circumstances).

## BACKGROUND

Plaintiffs are collectively considered "opt-outs" from the previous class action lawsuit against BP which is pending in this Court. More than four years ago, upon opting out of the certified class action, Plaintiffs timely filed their individual lawsuits in "bundles," in their respective district courts of jurisdiction. Plaintiffs' claims were grouped together into three separate complaints which are referenced by three different civil action numbers (No. 13-2879, No. 13-1802 and No. 13-1822). *See* attached Exhibits 1, 2 and 3. This bundling of related plaintiffs' claims was consistent with, and proper under, Fed. R. Civ. P. Rule 20 (a), which permits the grouping of plaintiffs' claims involving common facts and law which arise from the same transaction or occurrence. Each plaintiff was separately named, and the claims of each plaintiff were set out separately in each complaint.

During the past four years, no party has ever objected to the "bundling" of Plaintiffs' lawsuits. Plaintiffs have responded to all requested discovery.

On February 22, 2017, this Court issued Pre-Trial Order No. 63 which instructed all members of the B3 plaintiff class who had filed individual lawsuits in this matter to execute and submit a "Sworn Statement" in order to timely file before the April 12, 2017 deadline. *See* Attached Exhibit 4. When this Court issued PTO 63, undersigned counsel found the order vague and was uncertain about its meaning. *See* Affidavit of Tommy J. Badeaux. Undersigned counsel sought clarification from the PSC to determine whether it was necessary to re-file individual lawsuits for these 17 plaintiffs, or whether they could rely on the lawsuits already pending for four years without objection. *Id.* Based on advice from the PSC, undersigned counsel interpreted PTO 63 to only require the timely filing of individual sworn statements, not the filing of completely new lawsuits. *Id.* Plaintiffs then timely filed their sworn statements, in compliance with PTO 63, before the April 12, 2017 deadline. *See* attached Exhibit 4. It was not until this Court's July 18, 2017 Order [R. Doc. 23406], which dismissed Plaintiffs' claims *with prejudice,* that undersigned counsel first learned that PTO 63 apparently required Plaintiffs to re-file (17) individual lawsuits, in addition to submitting the Sworn Statements.  *See* attached Exhibit 5.

BP has had notice of the Plaintiffs' claims for four years and Plaintiffs have complied with all requested discovery. BP is not prejudiced in any fashion by bundling Plaintiffs' claims, as they are all individually named with separate damage paragraphs. The harshness of dismissal *with prejudice* is not warranted when Plaintiffs have made an honest effort to comply with all the Court's rulings and have done so in a timely fashion. Plaintiffs have not delayed the action and the cases can be remanded to their appropriate jurisdiction as they have currently been filed. This is in keeping with other cases in the Eastern District of Louisiana, specifically the *In re*

4

*Formaldehyde* litigation where Judge Englehart allowed bundling of up to 300 plaintiffs per petition.  *See In re FEMA Trailer Formaldehyde Products Liab. Litig.*, MDL No. 07–1873, 2012 WL 1580761, at *3 (E.D. La. May 4, 2012) (Engelhardt, J.) (ordering plaintiffs to file amended complaints in groups, joining plaintiffs "for whom venue is proper in the same district (i.e., a separate amended complaint must be filed for each transferee district)").

## DISCUSSION

1.

Under the Federal Rules of Civil Procedure, Rule 20, it is generally proper for several plaintiffs to join in a single action if their rights arise out of the same transaction or occurrence and there is any common question of law or fact:

> Rule 20. Permissive Joinder of Parties
>
> (a) Persons Who May Join or Be Joined.
>
> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

All 17 plaintiffs shared a community of interest regarding the BP Oil Spill along with its subsequent cleanup efforts.  Each plaintiff was then individually referenced and/or listed in these separate non-class lawsuits which had previously been filed in, amended, or transferred to this Honorable Court.

2.

Regarding the compliance of the 17 plaintiffs who are the subject of this motion (*See exhibits 1, 2, & 3 to this submission*), counsel genuinely believed their claims were in compliance in accordance to all prior pre-trial orders. Upon receipt of PTO 63, counsel then asked the Plaintiff's Steering Committee for guidance pertaining to its vagueness and ambiguity regarding the individual nature of plaintiff claims.  Counsel interpreted this PTO to offer an example of how to address each plaintiff's claim and not issue a specific guideline for compliance.  (see PTO 63 "i.e., a single plaintiff complaint without class allegations.") Following a conversation with the PSC, in which the affected plaintiffs and their required submissions were discussed, counsel reasonably believed that their continued compliance did not require the re-filing of any lawsuits but simply required supplementing the already detailed information in those previously filed complaints in the form of Exhibit A of the PTO (the "Sworn Statements").

The 17 "Opt-Out" plaintiffs had previously filed lawsuits subject to the rules in place at that time for the MDL.  There was nothing improper regarding these suits nor was anything ever communicated about the lawsuits being procedurally defective or deficient in any way.  Therefore, counsel believed that the forms to be submitted to supplement the lawsuits were the only necessary submissions for compliance with PTO 63.  This belief was reasonable not only because of the history of communications with the PSC, but also based on the detailed and substantial nature of the lawsuits that were filed regarding each individual plaintiff.  The undersigned did not submit a vague, shotgun-style pleading without any rational connections to be seen among the "Opt-Out" plaintiffs in each lawsuit.  Each of them provided detailed allegations and the reasons for their being linked are obvious from the pleadings as well as consistent with the application of the rules of civil procedure for plaintiffs joining together

6

against a defendant in a complaint.  Many courts around the country, including this one, allow suits to be filed in this same exact form. (*See In re FEMA Trailer Formaldehyde* above)

      To the extent this is inconsistent with what the Court intended, counsel begs that the Court grant an extension to comply of 30 days, and each of the 17 "Opt-Out" plaintiffs in the attached lawsuits will independently refile separate lawsuits.  The only lack of compliance alleged by BP is that the 17 individual "Opt-Out"  plaintiffs have not each independently filed a lawsuit of his or her own.  There is no prejudice towards Defendants on any level and opposing counsel has known about the individuality of each plaintiff's claim since their initial filings over 4 years ago.  Their individual claims were even more clearly substantiated by counsel providing the updated information requested on each plaintiff by PTO 63 in the form of the "Sworn Statements."  The Court's exercise of discretion to avoid a manifest injustice against these plaintiffs is warranted.  A great deal of evidence stands ready to be presented in support of these claims and an inadvertent mistake of fact should not preclude their likely recovery.

3.

      Counsel for plaintiffs has worked tirelessly and earnestly over the past years to ensure that each individual plaintiff's claim was compliant and their rights protected regarding their damage claims in the above-captioned matter.  It appears that if counsel's interpretation of the PTO regarding these "Opt-Out" claims were a manifest error of fact then it seems this error was also duplicated by numerous other attorneys and/or plaintiffs in this matter according to the listing of denied claims identified as "Exhibit 2" attached to the ruling issued on July 18, 2017.  The grouping of these 17 plaintiffs into a series of lawsuits was not criticized at the time it was done, and pursuant to standard application of the rules of civil procedure, the lawsuits by these 17 individual "Opt-Out" plaintiffs, as grouped, is correct.  Counsel contends that these plaintiffs

were grouped together for a reason to facilitate resolution and possibly assist with any remands that should be necessary.   However, to the extent the Court had intended that each refile individually, that compliance is achievable and the undersigned requests reasonable time to complete that process so that at worst, these claims are not dismissed with prejudice.  Counsel does not believe it is in the interest of justice for these Plaintiffs to be punished, without any further chance to seek any kind of remedy, for this factual mistake regarding the individuality of their claims.

4.

Further, counsel believes that each of these plaintiff's claims have been individually established and their damages asserted by the previously filed complaints which specifically identify each of them and elaborate on each of their respective basis for a damages claim.   Each individual plaintiff was outlined in a separate paragraph which outlined their background, position, exposure, and injuries which gave grounds to their individual suits.  While this ruling apparently meant the court was expecting 17 different suits filed for the plaintiffs, counsel believes that those civil action complaints filed in this honorable court should be deemed sufficient enough to establish each individual plaintiff's cause of action against defendants and also thoroughly illustrate their injury claims based on the plaintiff specific information contained in them.  Counsel reasonably believed that the filing of new lawsuits was not required due to individual claim assertions and specific information regarding each plaintiff contained in the original complaint after they opted out from the class action structured suits.  Thus, since there was no new information regarding these claims to form basis for any new assertions against Defendants, counsel argues that these previously filed complaints, along with all other compliant activity they have taken on behalf of plaintiffs, be deemed an easily correctable error of material

fact which should not result in dismissal of their claims. It especially should not warrant a dismissal with prejudice that precludes these severely harmed plaintiffs from recovering damages solely because of a misrepresented conversation between counsels from both sides.

5.

Since all claims arising out of the same circumstances regarding the "Deepwater Horizon" spill and subsequent clean-up efforts have resulted in numerous court rulings and decisions in regards to how to handle the abundance of claims which have been filed on the issue, unfortunately there is no controlling precedent as to this motion.  As such, in the absence of a controlling precedent on which to decide whether or not these groupings of claims, regroupings of claimants throughout the entirety of this suit, and whether these individual claims were indeed established through the previous filings, not allowing plaintiffs' claims to proceed in this matter due to a factual error would only cause them manifest injustice and offer them zero chance at recovery for their sustained damages resulting from the BP spill.  This Court's discretion is properly exercised to grant this relief so that these individuals do not suffer an injustice merely because of a misunderstanding between counsel and the PSC as to the meaning of PTO 63 as applied to these "Opt-Out" plaintiffs.  This inadvertent mistake should not bar them from their recovery and dismiss their claims with prejudice.

## **CONCLUSION**

Plaintiffs and their counsel sincerely apologize to the Court, if this Court determines that they misinterpreted the intent of PTO 63. Undersigned counsel did not do so with any intent to disobey this Court's order, circumvent the rules, or to unduly delay this matter. Plaintiffs respectfully request that this Court allow them an opportunity to correct their filings, especially

since the Defendants have had full knowledge of their claims for the past five years, and there is no prejudice to any party.

Plaintiffs respectfully request that this Court rescind its July 18, 2017 judgment [R. Doc. 23406] insofar as it dismissed Plaintiffs' claims with prejudice. In the alternative, Plaintiffs respectfully request that this Court allow them a reasonable amount of time, not to exceed 30 days, to re-file their individual petitions in this action.

RESPECTFULLY SUBMITTED:

**FRANK J. D'AMICO, JR., APLC**

BY:/s/Frank J. D'Amico
FRANK J. D'AMICO, JR., (#17519)
4608 Rye Street
Metairie, LA 70006
Phone: (504) 525-7272
Fax:    (504) 525-9522
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Frank J. D'Amico
FRANK J. D'AMICO, #17519