UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | MDL NO. 2179 |
| | SECTION: J |
| **This Document Relates to:** *2:13-cv-02879-CJB-JCW* *2:13-cv-01822-CJB-JCW* *2:13-cv-01802-CJB-JCW* | JUDGE BARBIER |
| | MAG. JUDGE WILKINSON |

## SWORN AFFIDAVIT

PARISH OF JEFFERSON

STATE OF LOUISIANA

BEFORE ME, the undersigned authority, came and appeared, **TOMMY J. BADEAUX,** a person of the full age and majority and a resident/domiciliary of the Parish of Jefferson, State of Louisiana, who stated that:

1) He is an associate attorney at the office of Frank J. D'Amico, Jr., APLC

2) He was assigned by lead attorney, Frank J. D'Amico, Jr., to assist on the above-captioned matter in early March 2017.

3) He he was instructed to rely on the advice of attorney Aaron Ahlquist, of the Plaintiff Steering Committee, as the person "most knowledgeable on the matter" per supervising attorney.

4) He reached out to Mr. Ahlquist multiple times regarding an interpretation of Pre Trial Order 63, which counsel for plaintiffs felt was unclear; in order to make sure their claims remained compliant.

5) He reasonably believed the seventeen (17) plaintiffs represented by Mr. D'Amico were in full compliance of having the required "individual lawsuits" as established by previous filings upon their "Opt-Out" from the BP Class Action suit.

6) He relayed this information to the PSC and was told if plaintiffs were individually identified, then he should focus his attention on Section 6(a) of PTO 63 and have each plaintiff then execute the "Sworn Statements" found in Exhibit A of PTO 63 in order to remain compliant.

7) Counsel then contacted each of the 17 plaintiffs, instructed them on what information the PTO was requesting, and had each execute an individual Sworn Statement. Counsel then reviewed each statement to check for its accuracy and completion before preparing each for filing.

8) These 17 individual Sworn Statements were timely filed with the Eastern District Court well before the proposed deadline under the assumption that they were the only required filings and thus plaintiffs' claims remained compliant.

9) Counsel did not believe it was necessary to submit any further filings because he was in honest belief that the two parties understood the facts and circumstances accurately which involved the filings under PTO 63. At no point was counsel notified that any previous claim filings on behalf of plaintiffs were neither deficient in any way nor procedurally defective according to Federal Rules of Procedure.

10) Counsel whole-heartedly believed that plaintiffs' claims and the actions taken to preserve their claims were in strict compliance with the rules of PTO 63 until the ruling issued on July 18, 2017, not only dismissing the claims of his plaintiffs but also 156 others, with prejudice.

11) Counsel initially filed the claims of these 17 plaintiffs into groups in an effort to assist the court in timely resolution of the matter. By not having 17 individual suits, Counsel thought that it would not only save the court time and effort in review, but also help facilitate remand of these cases based on location of the individual plaintiffs.

_____
Tommy J. Badeaux

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 28th DAY OF July, 2017.

_____
NOTARY PUBLIC

PRINT NAME
Michael A. McNulty, Jr.
Notary Public ID Number 7577
My Commission is for Life