UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: | * | |
| MDL 2179 and 2:13-cv-02029 | * | MAG. JUDGE WILKINSON |

*************************************

**MEMORANDUM IN SUPPORT OF PUTATIVE CLASS OF RELEASED FISHERMEN'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 19, 2017, DISMISSAL OF B1 CLAIMS [DOC. 23051]**

MAY IT PLEASE THE COURT:

On April 20, 2013, Russel Dardar, Efram Naquin and Thoa Dinh Nguyen and one other individual filed a class action lawsuit on behalf of a class of commercial fishermen who were injured by the BP spill and who signed a final release presented by the Gulf Coast Claims Facility ("GCCF") for BP's benefit. [2:13-cv-02029, Rec. Doc. 1.]  This class action asserts the invalidity of those releases on several bases, including the fishermen's status as "seamen" and "wards of the court" under general maritime law and the violation of the mandatory compensation provisions of the Oil Pollution Act.  As a result of these invalid releases, putative class members were excluded from the benefit of the Court Supervised Settlement Program and the Halliburton/Transocean Settlements.  In the Class Petition, Plaintiff's adopted and incorporated the entire MDL2179 "B1" bundle, and designated the claims as admiralty or maritime claims.

Along with most other individual cases, this class action has been stayed since filing. *See*, Case Management Order No. 1 section VII [Rec. Doc. 569]. Moreover, putative class members

1

were specifically excluded from PTO 60's requirement to file individual lawsuits. [Rec. Doc. 16050 at FN 1.]  In PTO 64 Section B.B1.1., the Court ordered BP to file any dispositive motions that relate to the Remaining B1 Plaintiffs who have released their B1 claims. [Rec. Doc. 22297 at 2.]  However, PTO 64 is limited to the "Remaining B1 Plaintiffs," whom the Court defined as "[t]he PTO 60-compliant B1 plaintiffs who have not subsequently dismissed their claims" [*Id.*] Because the released putative class was not subject to PTO 60, it is also not subject to PTO 64.

However, considering PTO 64's stated desire to identify anyone who could plausibly allege a claim under general maritime law, out of an abundance of caution and despite PTO 64's limitations, Russel Dardar, Efram Naquin and Thoa Dinh Nguyen and approximately 165 putative class members, represented by undersigned counsel, submitted Exhibit As in response to PTO 64. (See attached Ex. A listing of putative class members).  The PTO 64 Exhibit As filed by ***named*** and putative class members specifically reference the class action filing 2:13-cv-02029, asserting their continued ability to pursue their general maritime actions as a future class member, or alternatively in an individual capacity.

The present Order dismisses the named and putative class members' general maritime claims for failure to comply with PTO 60, from which they were specifically excluded.  The putative class has awaited a release from the stay imposed, so that it may pursue precertification discovery. The putative class asks the Court to reconsider its Order dismissing their claims and to tailor any relief it may grant in a manner that preserves the rights of the class to challenge the validity of the releases.

Respectfully submitted,

*/s/   Cheryl L. Wild-Donde'Ville*
Clay Garside (LA Bar # 29873)
Cheryl Wild-Donde'Ville (LA Bar #28805)
Waltzer Wiygul & Garside, LLC
14399 Chef Menteur Highway, Ste D
New Orleans, LA 70129
clay@wwglaw.com
Tele:   (504) 254-4400
Fax:    (504) 254-1112


Joel Waltzer (LA Bar # 19268)
Waltzer Wiygul & Garside, LLC
1000 Behrman Highway
Gretna, LA 70056
joel@wwglaw.com
Tel: (504) 340-6300
Fax: (504) 340-6330


Robert Wiygul (LA Bar # 17411)
Waltzer Wiygul & Garside, LLC
1011 Iberville Drive
Ocean Springs, MS 39564
robert@wwglaw.com
Tel: (228) 872-1125
Fax: (228) 872-1128


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of July, 2017.

*/s/      Cheryl L. Wild-Donde'Ville*