## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | JUDGE BARBIER MAG. JUDGE WILKINSON |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     . . . . . . . . . . . . . . . . . . . . . . . . .

### MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANT BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, AND BP AMERICA INC. ("BP") FOR ENTRY OF AN ORDER RELATING TO THE PRESERVATION OF CERTAIN MATERIALS

BP Exploration & Production Inc., BP America Production Company, and BP America Inc. ("BP") move this Court for an Order seeking modification of ¶14 of Pretrial Order #1 ("PTO 1"), relating to the preservation of certain materials.  In support, BP states:

Issued on August 10, 2010, PTO 1 requires all parties to preserve, among other things:

"documents [and] data . . . in possession, custody, and control of the parties to this action, and [covers] agents [and] contractors . . . who possess materials reasonably anticipated to be subject to discovery in this action. Documents [and] data . . . [includes] . . . writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, . . . drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition."

On July 27, 2016, this Court issued an order ("the July 27 Order" (Document 21179)), permitting BP to "revise its preservation obligations" under PTO 1.  While continuing to require BP to "take reasonable steps to Preserve all presently existing Potentially Relevant evidence that

is in its possession, custody or control [as of July 27, 2016]," the Order specified that BP was no longer "required to preserve Potentially Relevant Evidence or other data created after [July 27, 2016]."  The Order also permitted BP to take a variety of actions that lessened the cost and burden related to the preservation of data, documents, and tangible material.

As BP has continued its post-spill-Response assessment and review of data and document management systems, it has determined that certain preserved data and materials are largely duplicative of data and materials currently retained in other formats or systems and/or are irrelevant to pending claims.  Among such materials are:

1.  Documents, data, or materials created prior to April 20, 2010:  Preservation Obligations Applicable to Parties.

The parties have produced millions of pages of documents dated prior to April 20, 2010, the date of the incident (the "Produced Documents").  Each party should continue to preserve one copy of the Produced Documents.  However, other than that copy of the Produced Documents, the parties should not be required to preserve documents dated prior to April 20, 2010, because those materials are substantially duplicative of the Produced Documents and/or otherwise irrelevant to any pending or reasonably anticipated claim.   (Paragraph 2, Proposed Order.)

2.  Documents, data, or materials created prior to April 20, 2010:  Preservation Obligations Applicable to Non-Parties.

During the course of the Response, BP employed the services of thousands of individuals and entities to assist it.  Such personnel included contractors, sub-contractors, and experts directly or indirectly related to the incident and Response and related litigation.  Many of these individuals and entities had limited involvement in the Response that has long since ended and have already produced data, materials, and documents that became part of production sets or were otherwise made available to the public (and remain available to the public).

As with the parties, non-parties such as contractors and should not be required to produce documents dated prior to April 20, 2010.  Moreover, because parties will be required to retain one copy of the Produced Documents, there is no need to require non-parties to also preserve the Produced Documents.  (Paragraph 2, Proposed Order.)

<u>3.  Backups and other duplicate materials.</u>

Over the course of the incident response, BP used various backup systems to ensure compliance with the preservation obligation of PTO 1.  Among these systems were various automatic backups designed to save periodic data sets (*e.g.*, daily updates) and then incorporate such backed up data or material into a revised, cumulative data set.  Out of an abundance of caution, BP preserved, and continues to preserve, such periodic data sets, notwithstanding that the content remains part of the cumulative, preserved set.  These duplicative data sets include:  (i) daily backups of the Incident Action Plan database; (ii) backups of the GIS data set; (iii) backups of laptops; and (iv) backups of DWH shoreline cleanup assessment technique materials.  (Paragraph 3, Proposed Order.)

i.     Daily Backups of Incident Action Plans

During the Response, the Unified Command prepared daily *Deepwater Horizon* Incident Action Plans ("IAP") to manage the Incident Command System ("ICS") process and facilitate spill response planning and operations.  The IAPs allowed the Unified Command, among other things, to:

- Check personnel records and personnel check-in and check-out;
- Conduct inventory equipment, vehicles, vessels, boom, consumables, and other response materials;
- Coordinate daily response activities; and
- Assess Job Safety Environmental Analysis, emergency contact lists, organizational charts, and other ICS related documentation.

BP maintains IAPs in multiple locations, including both (1) 676 TB of individual daily backups of the database that capture daily "snapshots" of the IAPs on each day of the Response, and (2) a cumulative set of all IAPs created during the Response.  Although daily backups to the IAP database have been retained, all content from these daily backups has become part of the cumulative version of the IAP database.  The daily backups, therefore, are duplicative of the cumulative set, and BP requests that it no longer be required to maintain the backup versions.

      ii.       Backups of GIS Dataset

Likewise, the Unified Command, including BP, constructed a Geographic Information System ("GIS") to help monitor the spill and identify potential impacts, including the location of oil and response activities.  System analysis and related data assisted BP and others in the Unified Command in their cooperative efforts in assigning resources and meeting Response priorities and goals.  GIS data was continuously updated during the Response and provided responders with the most current, accurate information available.  Given the importance of this data source to response efforts, BP set up a data center backup to maintain a complete duplicate of the system.  To further enhance program security and mitigate potential data loss, in 2012, BP initiated secondary backups of the daily GIS databases to a local fileshare.  As the local fileshare became full, BP archived older backups onto external hard drives to make room for new backups and continues to retain the external hard drives.  The archive of these stored backups consists of approximately 12 TB of data and is duplicative of the current GIS dataset, which BP maintains, and BP requests that it no longer be required to maintain the backup external hard drives.

      iii.      Backups of Laptops

The system of backups extended to BP's issued laptop computers.  As an element of program security, BP laptops included an online, automated backup for certain portions of subject

4

computers; these automated backups were preserved on active servers.  As such personnel left BP or were otherwise deactivated from the Response, however, their laptop hard drives and data -- including the backed up drives and documents -- were removed and preserved in total.  The preservation and maintenance of the removed hard drives renders the targeted, automated backups unnecessary, since the documents and information included on the backup system remain on the preserved hard drives (in addition to those parts of the hard drives *not* included in the automated hard drive backup.  This backup system -- 50 TB of data -- is duplicative of the hard drives, and BP requests that it no longer be required to maintain the backup system.

      iv.      Backups of Materials Relating to DWH Response Shoreline Cleanup Assessment Technique Program

BP also maintained backups of data relating to the *Deepwater Horizon* Response Shoreline Cleanup Assessment Technique ("SCAT") program.  BP and others in the Unified Command operated the SCAT program from May 5, 2010, through April 15, 2014.  This program managed shoreline delineation, classification, and oiling characterization across the Response area.  BP obtained backups of regional SCAT database and submitted the data to quality assurance and quality control.  Once the Federal On Scene Coordinator ("FOSC") deemed cleanup activities complete, BP conducted a final quality control assessment and provided the final data to the U.S. Coast Guard ('USCG").   BP provided the USCG with a copy of the final SCAT database and database backups and intermediate working files.  BP maintains 19 TB of SCAT database backups and intermediate working files; these are an unnecessary duplicate, and BP requests that it no longer be required to maintain the backup data and intermediate working files.

WHEREFORE, BP respectfully requests that this Court enter an Order in the form submitted herewith.

Respectfully submitted,


/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, LA  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

and

Matthew T. Regan, P.C.
J. Andrew Langan, P.C.
A. Katrine Jakola, P.C.
Kristopher S. Ritter
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

and

Robert C. "Mike" Brock, P.C.
Jeffrey B. Clark
Joseph J. DeSanctis
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005
Telephone:  (202) 879-5951
Facsimile:  (202) 879-5200

Attorneys for BP Exploration & Production
Inc., BP America Production Company, and
BP America Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of July 2017.

<u>/s/ Don K. Haycraft</u>