UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL No. 2179 |
| | | * | SECTION: J |
| This Document Relates to:  2:17-cv-02881 | | * | Judge Barbier |
| | | * | Mag. Judge Shushan |

<u>MEMORANDUM IN SUPPORT OF MOTION TO SEVER</u>

MAY IT PLEASE THE COURT:

Gauci Custom Builders, LLC et al v. Brent Coon & Associates Law Firm, P.C. et al, Case Number: 2:17-cv-02881-CJB-JCW is an attorney malpractice case.   The plaintiffs are persons and entities who were formerly clients of defendant Brent Coon & Associates Law Firm, P.C. et al.   The defendants are attorneys who are members or employees of the firm and Biskobing Law, P.C.

Gauci Custom Builders, LLC et al v. Brent Coon & Associates Law Firm, P.C. et al, Case Number: 2:17-cv-02881-CJB-JCW, in a nutshell, is that the defendant attorneys agreed to represent plaintiffs in pursuing claims arising out of the Deepwater Horizon spill.  In furtherance of the agreement, the defendants filed two lawsuits which were, very properly, grouped as part of the MDL 2179 litigation:   docket no. 2:16-cv-06951 titled Gauci v. BP Exploration and Production Inc.[1] and docket no. 2:16-cv-07048 titled Gauci's Custom Building and Developing LLC et al. v. BP Exploration & Production, Inc. et al.

---

[1] In the original complaint, the case number of the first of the two original cases is given incorrectly, apparently due to a typographical error.

Then the defendants failed to meet a critical filing deadline, effectively allowing plaintiffs' claim to prescribe.   Plaintiffs were forced to settle their BP claims for a fraction of their true value, since plaintiffs had no realistic hope of prevailing on the merits.

The net effect of the above events were: plaintiffs were originally parties to cases which were properly grouped with the MDL 2179 claims, but those cases settled and were disposed of by final judgment based on the settlement.    Plaintiffs no longer have any claim against BP or any of the other offshore and oilfield entities who are defendant in MDL 2179.   Those claims are fully resolved.

What plaintiffs do have is a malpractice claim against their attorneys who missed the filing deadline, and this is what the above captioned case is about.  Plaintiffs have sued their attorneys for malpractice.   Further, plaintiffs allege that they were provided false information as an inducement to obtain settlement authority: This is a unique situation.

As far as plaintiffs are aware, these issues are unique to plaintiffs, since, as far as plaintiffs are aware.

As a result, the situation is as follows:

1. The parties in Gauci Custom Builders, LLC et al v. Brent Coon & Associates Law Firm, P.C. et al, Case Number: 2:17-cv-02881-CJB-JCW and the parties in the cases currently grouped together as MDL 2179 are two different sets of people, with no overlap.  Plaintiffs are former parties to MDL 2179 cases that are no longer pending; and defendants to the best of plaintiffs' knowledge have never been parties in any MDL 2179 case.

2. The issues in Gauci Custom Builders, LLC et al v. Brent Coon & Associates Law Firm, P.C. et al, Case Number: 2:17-cv-02881-CJB-JCW and the issues in the cases currently grouped together as MDL 2179 have no overlap. The issues in our case are:

    (i)    did the defendants commit malpractice by missing the filing deadline?

    (ii)    what damages, if any, did plaintiffs suffer as the result of defendants' error?

    (iii)    was false information given to plaintiffs to induce them to settle?

On the other hand, the cases grouped together as MDL 2179 are cases brought by claimants who still have viable claims against BP and who seek recovery from BP.

Thus, a judgment on the merits in our case will have absolutely no effect on the rights of any party to any of the cases currently grouped as MDL 2179, and a judgment on the merits in any of the MDL 2179 cases will have absolutely no effect on plaintiffs' rights. The cases don't overlap. Steps necessary to adjudicate our case will not advance any of the cases currently grouped as MDL 2179 and steps necessary to adjudicate the MDL 2179 cases will not advance our case.

The only practical effect of grouping our case with the MDL 2179 cases will be to delay resolution of our case, while adding new issues to the MDL 2179 litigation that weren't there before and wouldn't be there now if our case were severed to proceed separately.

Conclusion: It would be in the interest of fairness and judicial efficiency to sever Gauci Custom Builders, LLC et al v. Brent Coon & Associates Law Firm, P.C. et al, Case Number: 2:17-cv-02881-CJB-JCW from MDL 2179 and docket it to proceed as a

separate, stand alone case.

Respectfully submitted this the 31st day of July, 2017.

>BY:  GAUCI CUSTOM BUILDERS, LLC, d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC, WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC, KAREN GAUCI individually, and JOSEPH V. GAUCI individually,
>
>/s/ George W. Healy IV
>George W. Healy, IV (14991)
>George W. Healy, IV & Associates
>1323 28th Avenue, Suite A
>Gulfport, MS 39501
>228-575-4005

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MEMORANDUM IN SUPPORT OF MOTION TO SEVER has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31st day of July, 2017.

>/s/ George W. Healy IV