UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | | | |
|---|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | | MDL No. 2179 |
| | | * | | SECTION: J |
| This Document Relates to:  2:17-cv-02881 | | * | | Judge Barbier |
| | | * | | Mag. Judge Wilkinson |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO INTERPLEAD FUNDS INTO THE REGISTRY OF THE COURT OR, IN
THE ALTERNATIVE MOTION TO COMPEL DISBURSEMENT OF SETTLEMENT
FUNDS**

MAY IT PLEASE THE COURT:

The purpose of an interpleader is to permit a party to place disputed funds in the registry of the court.

There is no authority permitting a party to place undisputed funds in the registry of the court, which is what defendants, BRENT COON & ASSOCIATES LAW FIRM, P.C. BRENT COON, ERIC W. NEWELL, JOHN THOMAS, BISKOBING LAW, P.C., are seeking to do in this case.

The background to defendants' Motion to Interplead is set forth in plaintiffs' Motion to Withdraw Settlement Funds Or, In the Alternative, To Compel Disgorgement of Settlement Funds.

In a nutshell, the above captioned case is a suit for legal malpractice.   Defendants are attorneys who represented plaintiffs in pursuing claims against BP.  As per the allegations of the complaint, defendants missed a critical filing deadline, effectively allowing plaintiffs' claims

to prescribe. As a result of this error, plaintiffs were forced to settle their claims against BP for a fraction of the true value of the claims. Accordingly, plaintiffs filed the above captioned lawsuit for legal malpractice.

In the meantime, under the terms of the (inadequate) settlement described in the preceding paragraph, BP was obligated to pay a substantial amount of money to plaintiffs on or before July 15, 2017 and defendants have informed plaintiffs that BP made the payment on time, which means that, since July 15, 2017 at the latest, defendants have been in possession of settlement funds which are due to plaintiffs under the terms of the settlement.

Under the rules of professional conduct applicable in most jurisdictions and, on plaintiffs' understanding, under the rules applicable to attorneys representing clients in the Eastern District of Louisiana, when settlement funds are received during the pendency of an attorney-client dispute, the attorney is required to proceed as follows:

(i) The attorney is obligated to provide the client with an accounting;

(ii) The attorney is required to promptly disburse the undisputed portion of the settlement funds directly to the client;

(iii) The attorney is required to place the disputed portion of the funds in his trust account pending resolution of the dispute.

Accordingly, in order to comply with the rules of professional conduct, defendants should have provided plaintiffs with an accounting, tendered plaintiffs the undisputed portion of the funds, and escrowed the disputed portion in defendants' trust account.

As of today's date (August 1, 2017), defendants have been in possession of the settlement funds for a minimum of ten days, probably longer.

Defendants have not provided plaintiffs with an accounting.

Defendants have refused to tender the undisputed portion of the settlement funds to plaintiffs.

Instead, on July 19, 2017, several days after receiving the funds from BP, defendants informed plaintiffs that the funds had been received and defendants intend to place the entire amount received - including the amount indisputably due to plaintiffs - in the registry of this Honorable Court.   Defendants justify this action by stating that it would be "fair."    Exhibit 1: email chain relating to motion to sever, arbitration, settlement funds received from BP.

Plaintiffs would show that defendants' actions in failing to provide an accounting and in refusing to pay the undisputed portion of the funds to plaintiffs are violations of defendants' obligations under the rules of professional conduct.

Plaintiffs would show that they are business owners who need the funds to keep their businesses afloat, defendants (as plaintiffs' former attorneys) are aware that plaintiffs are suffering from financial stress, and plaintiffs infer that defendants' action in declining to pay the undisputed portion of the settlement funds to plaintiffs is intended to bring pressure on plaintiffs in order to force plaintiffs to make concessions to defendants on legal issues in dispute in the above captioned matter.

Plaintiffs would show that, in their motion to interplead funds, defendants have not identified any legally sufficient basis for interpleader and, more specifically, defendants have not attempted to provide any accounting of the funds, defendants have not offered any basis for determining what portion of the funds are disputed and what portion of the funds are undisputed, and defendants have not identified any legal basis for placing money which is indisputably due to

plaintiffs in the registry of the court.

Accordingly, plaintiffs would show that defendants' motion to interplead should be denied or, alternatively, should be granted in part and denied in part as follows.

The first step to properly resolve the matter is to determine which funds are disputed and which funds are undisputed, then disburse the funds according to how they are classified. Based on communications with defendants (Exhibit 1) and the motion to interplead, plaintiffs would show that the proper classification is as follows:

**(i)  Legal fee - 1/3 (33 1/3%) of total amount received - disputed.**   Under the terms of the parties' contract (if found to be enforceable), defendants are entitled to a 33 1/3% legal fee on any amounts obtained through settlement.   However, plaintiffs have sued seeking disgorgement of the fee, therefore, defendants' right to a legal fee is in dispute.  This amount should remain in defendants' trust account (or should be tendered into the registry of this Honorable Court, if this Honorable Court thinks it reasonable to permit defendants to place this amount in the registry of the court instead of maintaining the funds in defendants' trust account);

**(ii) Costs - zero at this time.**   Under the terms of the parties' contract (if found to be enforceable), defendants are entitled to  reimbursement of costs, but defendants have not provided any accounting or cost statement to plaintiffs, so there is no basis for setting aside any amount to cover costs at this time.  Plaintiffs would note that future payments are due from BP, so if defendants wish to assert a claim for costs hereafter, defendants' right to recover costs will be unimpaired by disbursement of the current payment.

**(iii) Undisputed amount due to plaintiffs - 2/3 (66 2/3 %)** of all funds received from BP.  This amount should be paid immediately to plaintiffs.    There is no legal basis for tying

4

these funds up in the registry of the court, and same would result in unfair prejudice to plaintiffs.

Accordingly, defendants' motion should be denied insofar as defendants seek to place 2/3 of the amount paid in settlement into the registry of the court. This amount should be immediately paid to plaintiffs.

If defendants want to tender 1/3 (the amount arguably due as legal fee) into the registry of the court instead of holding the money in defendants' trust account, plaintiffs have no objection.

In the alternative, if the funds have not been deposited into the Court's registry, the plaintiffs' respectfully request the court to enter an order that would compel the defendants to disburse the funds to the plaintiffs that they are entitled to under the settlement agreement.

Respectfully submitted this the 1ˢᵗ day of August, 2017.

        BY: GAUCI CUSTOM BUILDERS, LLC, d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC, WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC, KAREN GAUCI individually, and JOSEPH V. GAUCI individually,

/s/ George W. Healy IV
George W. Healy, IV (14991)
George W. Healy, IV & Associates
1323 28th Avenue, Suite A
Gulfport, MS 39501
228-575-4005

JACQUES F. BEZOU
Bar Roll #: 3037
JACQUES F. BEZOU
Bar Roll #: 3037
ERICA HYLA
Bar Roll #: 34603
THE BEZOU LAW FIRM
Attorney for Percy Payne
534 E. Boston Street
Covington, LA 70433
Phone: (985) 892 – 2111
Fax: (985) 892 – 1413

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO INTERPLEAD FUNDS INTO THE REGISTRY OF THE COURT OR, IN THE ALTERNATIVE MOTION TO COMPEL DISBURSEMENT OF SETTLEMENT FUNDS have been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of August, 2017.

                                              /s/ George W. Healy IV