**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re:    **Oil Spill by the Oil Rig**                              **MDL 2179**
          **"Deepwater Horizon" in the Gulf**
          **of Mexico, on April 20, 2010**          **SECTION "J"**

**This Document Relates To:**
          *No. 15-4143, 15-4146 & 15-4654*         **Judge Barbier**

                                                    **Chief Magistrate Judge**
                                                    **Joseph C. Wilkinson, Jr.**

| REPORT BY THE HALLIBURTON AND TRANSOCEAN SETTLEMENTS' OLD AND NEW CLASS CLAIMS ADMINISTRATORS | | | |
|---|---|---|---|
| **STATUS REPORT NO.** | **7** | **DATE** | **August 1, 2017** |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL 2179** |
| | | **SECTION "J"** |
| **This Document Relates To:** | | |
| | *No. 15-4143, 15-4146 & 15-4654* | **Judge Barbier** |
| | | **Chief Magistrate Judge Joseph C. Wilkinson, Jr.** |

## JOINT STATUS REPORT BY THE HALLIBURTON AND TRANSOCEAN SETTLEMENTS' OLD AND NEW CLASS CLAIMS ADMINISTRATORS STATUS REPORT NO. 7 FILED AUGUST 1, 2017

The Old and New Class Claims Administrators for the HESI Punitive Damages and Assigned Claims Settlement Agreement and the Transocean Punitive Damages and Assigned Claims Settlement Agreement ("Settlement Agreements") submit this Status Report pursuant to this Court's October 23, 2015 Order [Rec. Doc. 15481] to inform the Court on the status of implementation of the Settlement Agreements. All capitalized terms in this Status Report shall have the same meaning as in the Settlement Agreements and orders of this Court, or as otherwise set forth herein.

## I.    STATUS OF IMPLEMENTATION OF SETTLEMENT AGREEMENTS

### A.  Overview

**Old Class**

As previously reported, the DHEPDS Settlement Program continues to review claims and issue final determinations for the remaining population of DHEPDS claims. As the Court is aware, the recent opinion issued on May 22, 2017 by the United States Fifth Circuit Court of Appeals regarding Policy 495 has affected the processing timeline for the various undetermined Business Economic Loss claims. Only after all DHEPDS claims are determined, which includes the exhaustion of, and/or expiration of deadlines associated with, any rights to request re-review, reconsideration, appeal under Section 6 of the DHEPDS Settlement Agreement, discretionary Court review, or appeal to the United States Fifth Circuit Court of Appeals, can the definitive Old Class distribution *pro rata* be established.

**New Class**

The New Class Claims Administrator continues to process claims and review supporting documentation to make initial determinations regarding the validity and eligibility for claims timely submitted on or before the December 15, 2016 filing deadline.

### B.   Claims Process

**Old Class**

Currently, it is anticipated that the DHEPDS determinations will be largely complete by the end of 2017 after implementing the instructions from the District Court [Rec. Docs. 22872, 22935, and 23003] following the United States Fifth Circuit Court of Appeals opinion regarding Policy 495. The resolution of potential appeals is anticipated to extend into the fall of 2018. The Claims Administrator anticipates attempting to establish a reserve for unresolved claims, if practicable given the information then available, and distributing the Old Class settlement proceeds to the vast majority of eligible claimants in the summer of 2018, with a small distribution to be made to any claims remaining, in an appellate process or otherwise, by the end of 2018. No additional action will be required on the part of DHEPDS Class Members to participate in the Old Class distribution.

**New Class**

Additional Stage 2 processing and review of supporting documentation to determine the validity and eligibility of New Class claims remains in process.

During the course of reviewing claims, the New Class Claims Administrator discovered that claims that had been denied by the DHEPDS for failing to cure incompleteness issues were nonetheless eligible for consideration and settlement in the Court-Appointed Neutrals Process. The New Class Distribution Model (the "Model") handled all claims previously denied by the DHEPDS Program as ineligible; however, the Model also provided that all claims settled with the Neutrals are eligible for participation in the New Class Settlement Program if the Claimant submitted an underlying Claim Form on or before the December 15, 2016 filing deadline. As such, the Claims Administrator is processing the DHEPDS incomplete-denied claims that were submitted to the New Class Settlement Program in order to issue determination notices as appropriate.

Additionally, because Governmental Entities were excluded from the DHEPDS Agreement, there is no determination data for parcels belonging to certain local government entities in the real

property database.  As a result, additional research is needed to establish zone determinations in some, but not all, instances, primarily with regard to Coastal Real Property claims.

To date, letters have been sent to just fewer than 20% of the new claimants for follow up on issues with eligibility.  Additional deficiency letters will be outgoing to claimants on a rolling basis, to be followed by determination letters for all new claims that were filed by the December 15, 2016 deadline.  These letters will include an appeals form which a claimant or counsel may submit to advise if there is a disagreement on the determination outcome or value.  Currently, the New Class Settlement Program is evaluating just over 300 internal appeals related to a failure to meet the basic eligibility requirements, in which most Claimants submitted curative documentation allowing for resolution of the eligibility issue and further processing of the underlying substantive claim documentation.

At this time, the New Class Claims Administrator anticipates that New Class claims review, determination, and the internal Settlements Program appeal processes will be complete in 2017.

**Determinations and Distribution**

The estimates provided at the Fairness Hearing, discussed at the Status Conference on February 17, 2017, and contained in Status Report No. 6 filed with the Court on May 1, 2017, did not anticipate the changes to Policy 495 in the DHEPDS or the discreet processing issues involving the new claims population as described above.

**Old Class**

The Old Class Distribution is likely to occur for the majority of Old Class members 2-3 months following the final issuance of a DHEPDS Program determination, and for those with pending DHEPDS appeals, by the end of 2018.  As described above, the Claims Administrator is considering establishing a reserve for DHEPDS claims still under appeal in Spring 2018, if practicable given the information then available, and completing a partial distribution of the Old Class settlement proceeds to the vast majority of eligible claimants in Summer 2018.  This would require a small reserve distribution for the appealing claimants that the Claims Administrator would currently estimate occurring by the end of 2018.

**New Class**

All deficiency and no loss determination letters related to Claim Forms filed by the December 15, 2016 filing deadline (the "New Claims") will be issued on a rolling basis in the

next 30-60 days.  New Claim determination letters for individuals and entities with a loss will also be issued on a rolling basis in an effort to continue moving new claims forward to final determination within the New Class Settlement Program.

All determinations will be subject to an appeal to the New Class Claims Administrator, which will result in a re-review of the claim and all supplemental documentation provided.  A written Appeal Determination notice will be sent with the outcome of the re-review, and the claimant will be afforded the opportunity to request Court Review at that time, if desired.

For those claims for which New Class determination values are being calculated based on existing DHEPDS determination data ("Existing Claims"), it is anticipated that the process of transmitting the DHEPDS data set for the relevant claim types; reviewing the data for accuracy; issuing notifications to individuals, entities, and/or counsel; allowing for internal and potentially Court Review appeal of the ultimate base compensation determinations; establishing the final *pro rata* distribution for each claim category; and issuing payments will occur 4-6 months after completion of the DHEPDS determinations in order to complete the tasks necessary to effect distribution.  The Claims Administrator is still considering staged distribution by claim type as described in the Court-approved New Class Distribution Model [Rec. Doc. 18797] or, alternatively, utilizing an initial distribution with a reserve for DHEPDS claims still under appeal at the time the balance of the HESI/Transocean claims are ready for distribution consistent with the Old Class distribution in order to advance the payment process for the majority of claimants at the earliest date possible.

## II.    CONCLUSION

The Old and New Class Claims Administrators respectfully submit this Status Report so that the Court may be fully apprised of the status of the implementation of the Settlement Agreements.  In the event the Court would like additional information, the Old and New Class Claims Administrators are prepared to provide further details at the Court's request.

 /s/ Patrick A. Juneau                            
PATRICK A. JUNEAU
OLD CLASS CLAIMS ADMINISTRATOR

 /s/ Michael J. Juneau                            
MICHAEL J. JUNEAU
NEW CLASS CLAIMS ADMINISTRATOR