UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL No. 2179 |
| | | * | SECTION: J |
| This Document Relates to: 2:17-cv-02881 | | * | Judge Barbier |
| | | * | Mag. Judge Wilkinson |

**MOTION TO WITHDRAW SETTLEMENT FUNDS FROM THE REGISTRY OF THE COURT OR, IN THE ALTERNATIVE
MOTION TO RETAIN ONLY THE DISPUTED AMOUNT OF THE SETTLEMENT FUNDS IN THE COURT'S REGISTRY (ATTORNEYS' FEES)**

NOW INTO COURT through undersigned counsel come plaintiffs, GAUCI'S CUSTOM BUILDERS, LLC d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC and WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC (referred to hereafter collectively as "the Gauci Businesses"), KAREN GAUCI individually and JOSEPH V. GAUCI individually, herein and respectfully move and represent as follows:

(1)

Gauci Custom Builders, LLC et al v. Brent Coon & Associates Law Firm, P.C. et al, Case Number: 2:17-cv-02881-CJB-JCW is a suit for legal malpractice. Defendants, Brent Coon & Associates Law Firm, P.C., Brent Coon, Eric W. Newell, John Thomas, Biskobing Law, P.C., are attorneys who represented plaintiffs in pursuing claims against BP arising out of the Deepwater Horizon spill. As set forth in plaintiffs' original complaint filed herein, defendants failed to make timely filings in the BP matter and, in practical effect, allowed plaintiffs' claims to prescribe. The result was that plaintiffs were forced to settle their BP claims for a fraction of the claims' original value. Accordingly, plaintiffs filed the above-captioned suit against defendants

for malpractice.

(2)

On or prior to July 15, 2017, defendants received a substantial amount of funds from BP in partial fulfillment of BP's obligations under the settlement.   Defendants did not provide plaintiffs with any accounting.   Defendants did not tender the undisputed portion of the funds.  Instead, defendants stated that it was their intention to place the entire amount into the registry of this Honorable Court.   Exhibit 1: email chain relating to funds, motion to sever, etc.

(3)

Plaintiffs would respectfully show that defendants' actions are wrongful in the following respects.  On information and belief, under the rules of professional conduct applicable in most jurisdictions and under the rules applicable to attorneys representing clients in the Eastern District of Louisiana, when settlement funds are received during the pendency of an attorney-client dispute, the attorney is required to proceed as follows:

(i)     The attorney is obligated to provide the client with an accounting;

(ii)    The attorney is required to disburse the undisputed portion of the settlement funds directly to the client;

(iii)   The attorney is required to place the disputed portion of the funds in his trust account pending resolution of the dispute.

(4)

Plaintiffs would respectfully show that, under the circumstances presented here, the proper disposition of the funds which defendants have received from BP is as follows.  The first step is to determine what portion of the funds is disputed and what portion is undisputed. Plaintiffs would show that the proper classification is as follows:

(i) Legal fee - 1/3 (33 1/3%) of total amount received - disputed.  Under the terms of the parties' contract (if found to be enforceable), defendants are entitled to a 33 1/3% legal fee on any amounts obtained through settlement.  However, plaintiffs have sued seeking disgorgement of the fee, therefore, defendants' right to a legal fee is in dispute.  This amount should remain in defendants' trust account (or should remain in the registry of this Honorable Court, if defendants have voluntarily chosen to place it there in lieu of maintaining the funds in defendants' trust account);

(ii) Costs - zero at this time.  Under the terms of the parties' contract (if found to be enforceable), defendants are entitled to a pro rata reimbursement of costs, but defendants have not provided any accounting or cost statement to plaintiffs, so there is no basis for setting aside any amount to cover costs at this time.  Plaintiffs would note that future payments are due from BP, so if defendants wish to assert a claim for costs hereafter, defendants' right to do so will be unimpaired by disbursement of the current payment.

(iii) Undisputed amount due to plaintiffs - 2/3 (66 2/3 %) of all funds received from BP.  This amount should be paid immediately to plaintiffs, from the registry of the court or directly from defendants.

(5)

Under these circumstances, plaintiffs would respectfully show that this Honorable Court has authority to require defendants to provide an accounting, authority to order disbursement of funds paid into the registry of the court, and, alternatively,  authority to require defendants to

disburse funds under their control inasmuch as this Honorable Court has the authority to monitor the professional conduct of attorneys appearing before the bar of this Honorable Court, as well as authority to determine ownership of funds placed in the registry of this Honorable Court.

WHEREFORE plaintiffs respectfully move and pray as follows:

I. For an order requiring defendants to provide plaintiffs with an accounting;

II. If the money has not yet been paid into the registry of the court, for an order requiring defendants to immediately pay plaintiffs 2/3 (66 2/3%) of all amounts received from BP in settlement of plaintiffs' claims, this being the undisputed portion of the funds, and that the balance of the funds, being the disputed portion, be paid into the court registry or maintained in defendants' trust account pending further orders of this Honorable Court;

III. If the money has been paid into the registry of the court, for an order requiring the Clerk of Court to pay plaintiffs 2/3 (66 2/3%) of the total amount deposited, this being the undisputed portion of the funds, and that the balance of the funds be held in the registry of this Honorable Court pending further orders of this Honorable Court;

IV. For all other relief which may be shown to be due under the premises herein.

Respectfully submitted this the 1st day of August, 2017.

        BY: GAUCI CUSTOM BUILDERS, LLC, d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC, WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC, KAREN GAUCI individually, and JOSEPH V. GAUCI individually,

/s/ George W. Healy IV
George W. Healy, IV (14991)
George W. Healy, IV & Associates
1323 28th Avenue, Suite A
Gulfport, MS 39501
228-575-4005

JACQUES F. BEZOU
Bar Roll #: 3037
JACQUES F. BEZOU, JR.
Bar Roll # 33728
ERICA HYLA
Bar Roll #: 34603
The Bezou Law Firm
534 E. Boston Street
Covington, LA 70433
Telephone: (985) 892-2111
Facsimile: (985) 892-1413
jb2@bezou.com
www.bezou.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing MOTION TO WITHDRAW SETTLEMENT FUNDS FROM THE REGISTRY OF THE COURT OR, IN THE ALTERNATIVE MOTION TO RETAIN ONLY THE DISPUTED AMOUNT OF THE SETTLEMENT FUNDS IN THE COURT'S REGISTRY (ATTORNEYS' FEES) have been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of August, 2017.

/s/ George W. Healy IV