UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | MDL No. 2179 SECTION: J |
| This Document Relates to: 2:17-cv-02881 | * | Judge Barbier |
| | * | Mag. Judge Wilkinson |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW
SETTLEMENT FUNDS FROM THE REGISTRY OF THE COURT
OR, IN THE ALTERNATIVE MOTION TO RETAIN ONLY THE DISPUTED
AMOUNT OF THE SETTLEMENT FUNDS IN THE COURT'S REGISTRY
(ATTORNEYS' FEES)**

MAY IT PLEASE THE COURT:

Gauci Custom Builders, LLC et al v. Brent Coon & Associates Law Firm, P.C. et al, Case Number: 2:17-cv-02881-CJB-JCW is a suit for legal malpractice. Defendants, Brent Coon & Associates Law Firm, P.C., Brent Coon, Eric W. Newell, John Thomas, Biskobing Law, P.C., who represented plaintiffs in pursuing claims against BP. As per the allegations of the complaint, defendants missed a critical filing deadline, effectively allowing plaintiffs' claims to prescribe. As a result of this error, plaintiffs were forced to settle their claims against BP for a fraction of the true value of the claims. Accordingly, plaintiffs filed the above captioned lawsuit for legal malpractice.

Since the filing of this case, the following legal proceedings have occurred:

(i) Defendants have answered the case, in part, by asserting that the parties' dispute is subject to compulsory arbitration (Document 22915 and attachments) and plaintiffs have opposed the motion on the ground that the arbitration clause in the parties' contract is unenforceable due to noncompliance with applicable state law governing arbitration clauses in contracts of legal representation (Document 23050 and attachments);

(ii)  Plaintiffs have prepared a motion to sever this case from MDL 2179 and have asked defendants to state whether they oppose the motion to sever or not  (Exhibit 1 - cover letter accompanying proposed motion to sever.)   Defendants have not yet stated whether the motion to sever is or is not opposed.   Exhibit 1: email chain relating to motion to sever, arbitration, settlement funds received from BP.

In the meantime, under the terms of the settlement, BP was obligated to pay a substantial amount of money to plaintiffs on or before July 15, 2017.  On July 19, 2017, defendants notified that BP had in fact paid the money pursuant to the terms of the settlement.  However, defendants did not provide plaintiffs with any accounting and defendants did not tender the undisputed portion of the settlement funds to plaintiffs.

Instead, on July 19, 2017, defendants informed plaintiffs that defendants intend to place the funds in the registry of this Honorable Court.  Defendants state that "fairness" requires them to do this.   Exhibit 1: email chain relating to motion to sever, arbitration, settlement funds received from BP.

Plaintiffs would show that defendants' actions constitute a violation of the applicable rules of professional conduct  in the following respects.  Under the rules of professional conduct applicable in most jurisdictions and, on plaintiffs' understanding, under the rules applicable to attorneys representing clients in the Eastern District of Louisiana, when settlement funds are received during the pendency of an attorney-client dispute, the attorney is required to proceed as follows:

(i)  The  attorney is obligated to provide the client with an accounting;

(ii)  The attorney is required to disburse the undisputed portion of the settlement funds directly to the client;

(iii)  The attorney is required to place the disputed portion of the funds in his trust account pending resolution of the dispute.

Accordingly, plaintiffs would show that defendants are in violation of the code of professional conduct inasmuch as defendants have failed to provide an accounting to plaintiffs, defendants have failed to tender the undisputed portion of the funds to plaintiffs, and it is not clear what defendants have done with the disputed portion of the funds.

Plaintiffs would show that defendants' conduct is further wrongful for the following reasons.

Plaintiffs are business owners and their businesses. Plaintiffs' businesses were severely impacted by the Deepwater Horizon spill and plaintiffs have been struggling to stay afloat financially since the date of the spill. Plaintiffs are in need of the money obtained through the settlement in order to keep their businesses from going under, with attendant losses. Defendants, in their role as former counsel to plaintiffs, are well aware that plaintiffs face financial stress and defendants can bring pressure on plaintiffs by declining to deliver funds which are indisputably due to plaintiffs and, instead, tying these funds up in legal proceedings under a plea of "fairness."

In plaintiffs' view, a fair reading of the statements made by defendants' representative in the email chain appended hereto as Exhibit 1 is that defendants are attempting to use their position in control of the funds (combined with the difficulty plaintiffs will have in getting an expedited hearing on any matter consolidated with MDL 2179) to coerce plaintiffs into accepting defendants' position on disputed legal issues, particularly defendants' claimed right to arbitration. In plaintiffs' view, the implication of the statements made by defendants' legal representative in the email chain appended hereto as Exhibit 1 is that defendants will attempt to keep this case tied up in MDL 2179 (and, as a corollary defendants will attempt to keep

plaintiffs' funds tied up indefinitely) unless plaintiffs agree to arbitration.

In view of the above, and to prevent unfair injury to plaintiffs, plaintiffs would respectfully ask for an emergency or expedited hearing on the above and foregoing motion and, contemporaneously herewith, plaintiffs are filing a separate motion for expedited or emergency consideration of the above and foregoing motion.

WHEREFORE plaintiffs respectfully move and pray as follows:

I.  For an order requiring defendants to provide plaintiffs with an accounting;

II.  If the money has not yet been paid into the registry of the court, for an order requiring defendants to immediately pay plaintiffs 2/3 (66 2/3%) of all amounts received from BP in settlement of plaintiffs' claims, this being the undisputed portion of the funds, and that the balance of the funds, being the disputed portion, be paid into the court registry or maintained in defendants' trust account pending further orders of this Honorable Court;

III.  If the money has been paid into the registry of the court, for an order requiring the Clerk of Court to pay plaintiffs 2/3 (66 2/3%) of the total amount deposited, this being the undisputed portion of the funds, and that the balance of the funds be held in the registry of this Honorable Court pending further orders of this Honorable Court;

IV.  For all other relief which may be shown to be due under the premises herein.

Respectfully submitted this the 1st day of August, 2017.

BY: GAUCI CUSTOM BUILDERS, LLC, d/b/a GAUCI'S CUSTOM BUILDING AND DEVELOPING, LLC, WINTER GARDEN ITALIAN AMERICAN BISTRO, LLC, KAREN GAUCI individually, and JOSEPH V. GAUCI individually,

/s/ George W. Healy IV
George W. Healy, IV (14991)
George W. Healy, IV & Associates
1323 28th Avenue, Suite A
Gulfport, MS 39501
228-575-4005

JACQUES F. BEZOU
Bar Roll #: 3037
JACQUES F. BEZOU, JR.
Bar Roll # 33728
ERICA HYLA
Bar Roll #: 34603
The Bezou Law Firm
534 E. Boston Street
Covington, LA 70433
Telephone: (985) 892-2111
Facsimile: (985) 892-1413
jb2@bezou.com
www.bezou.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW SETTLEMENT FUNDS FROM THE REGISTRY OF THE COURT OR, IN THE ALTERNATIVE MOTION TO RETAIN ONLY THE DISPUTED AMOUNT OF THE SETTLEMENT FUNDS IN THE COURT'S REGISTRY (ATTORNEYS' FEES) have been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of August, 2017.

/s/ George W. Healy IV