UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL No. 2179 SECTION: J  JUDGE BARBIER |
| This Document Relates to: *No. 12-970* | * | MAG. JUDGE WILKINSON |

MOTION TO AMEND FINAL IMPLEMENTATION ORDERS RE 495
DECISION [REC.DOCS. 22872, 22935, 23003]

Now into court, through undersigned counsel, comes Claimant ID: 100203889, ("Claimant")[1] who respectfully requests this Court, pursuant to Rule 59(a)(2) and Rule 59(e), to amend or revise its Final Implementation Order dated July 5, 2017.

As Mover demonstrates in its supporting memorandum accompanying this motion, Claimant received an Incompleteness Denial Notice from the Claims Administrator, who determined that its timely filed claim was governed by the Industry Specific Methodologies ("ISM") of Policy 495, and that the information provided was insufficient for the Claims Administrator to make a determination under the ISM. Under the terms of the Settlement Agreement, Claimant did not have the right to appeal its denial on the basis of the invalidity of the ISM portion of Policy 495. Because the Claims Administrator issued an Incompleteness Notice

---

[1] For purposes of preserving confidentiality, Claimant will refer to itself by the Claimant ID Number issued by the Claims Administrator, and will refer to the Claim ID instead of the name of the business.

before the Fifth Circuit entered its ISM 495 Opinion, and because the Claims Administrator closed Claimant's claim *after* the Fifth Circuit entered its ISM 495 Opinion, the Final Implementation Order works to deny this Claimant's otherwise meritorious claim on the basis of criteria that the Fifth Circuit has found to be invalid, violating the Settlement Agreement, the Fifth Circuit's 495 Opinion, and the due process and equal protection clauses of the United States Constitution.

**WHEREFORE**, Claimant moves that the Court amend its Final Implementation Order and the two related Interim Orders, as applied to Claimant and direct the Claims Administrator to reopen its claim and consider its claim in accordance with the Settlement Agreement, as directed by the United States Court of Appeal, Fifth Circuit, and alternatively, to grant a new trial thereon.

Respectfully Submitted,

*/s/ Melvin D. Albritton*
_____
Melvin D. Albritton
Albritton Law Firm, LLC
400 Poydras St. Suite 900
New Orleans, LA 70130
mda@melvin.law
Attorney for Claimant 1002038899

**CERTIFICATE OF SERVICE**

I, Melvin D. Albritton, do hereby certify that on this 2nd day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

/s/ Melvin D. Albritton
_____
MELVIN D. ALBRITTON