## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater* | **MDL No. 2179** |
| Horizon" in the Gulf of Mexico, on * | **SECTION: J** |
| April 20, 2010 * | |
| * | **JUDGE BARBIER** |
| * | |
| **This Document Relates to:** * | **MAG. JUDGE WILKINSON** |
| *No. 12-970* | |

---

MEMORANDUM IN SUPPORT OF MOTION TO AMEND FINAL
IMPLEMENTATION ORDERS RE 495 DECISION [REC.DOCS. 22872, 22935,
23003]

Now into court, through undersigned counsel, comes Claimant ID:

100203889, ("Claimant")[1] who respectfully requests this Court amend or revise its

Final Implementation Order dated July 5, 2017, as it failed to follow Rule 23, the

Settlement Agreement, and the Reasons cited for the Settlement Agreement.

Further, it denied equal protection / due process to Claimant, whose claim was

denied as Incomplete because it could not produce the erroneously requested

material as part of the now defunct Industry Specific Methodologies ("ISMs") of

Policy 495, and whose claim was closed *after* the Fifth Circuit issued its opinion.

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as it

relates to the Annual Variable Margin ("AVM") Methodology, and reversed Policy

---

[1] For purposes of preserving confidentiality, Claimant will refer to itself by the Claimant ID
Number issued by the Claims Administrator, and will refer to the Claim ID instead of the name
of the business.

495 in part as it pertains to the Industry Specific Methodologies ("ISM").[2]   In response, this court entered an Interim Order on May 25, 2017 [Rec.Doc. 22872], which, among other things, provided that the reversal of the ISM methodologies would have no effect upon any claims that had received an Incompleteness Denial Notice. This Court amended the Interim Order on June 13, 2017 to address claims pending for Discretionary Review [Rec.Doc. 22935]. On July 5, 2017, the Court entered a Third order implementing the Fifth Circuit's decision amending the prior orders to make them final orders of the Court [Rec Doc. 23003].

## I.    BACKGROUND SPECIFIC TO CLAIMANT 100203889

On October 27, 2016, the Claims Administrator's accountants sent the then standard ISM request to Claimant's counsel. The claimant immediately began gathering this information. Because of the referral nature of this claimant's work, many of the documents needed to respond to this request were in the hands of a third party – or at least they had been years ago when this work was completed. Further complicating matters was that the claimant switched accounting and document management systems in that time. The old electronic records were not compatible and therefore paper records had to be found. The claimant's ability to respond to the document request was at the mercy of the timeliness of a third party and its ability to sift through very old records.

---

[2] *In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017), *reh'g denied*, No. 15-30377

On November 21, 2016, the Claims Administrator issued a Post Reconsideration Incompleteness Notice, citing the October 27 ISM standard request. The claimant's struggle in gathering the requested information was conveyed to the Claims Administrator's accountants several times via requests for extensions of time. While one of those requests was granted, the Claims Administrator denied further requests for extension of time and issued a Post-Reconsideration Follow-Up Incompleteness Notice on March 10, 2017, again citing the standard ISM request.

On April 11, 2017, the Claims Administrator issued an Incompleteness Denial Notice.[3] At no time did the Claims Administrator's staff alert the claimant that partial productions would cure the deficiencies. For other claimants, the Claims Administrator's associates agreed that claimants could provide the 495 ISM documents in partial years or make production on a rolling basis.[4] The Claimant was unable to respond with the ISM documentation before the May 11, 2017 deadline and Claimant's former counsel failed to request review from the Documentation Reviewer. On May 22, 2017, the Fifth Circuit Court of Appeals issued its opinion that the ISM was contrary to the Settlement Agreement and remanded to this Court for action consistent with that determination. On May 23,

---

[3] *See* Exhibit 1.

[4] For example, undersigned counsel is aware that for Claimant ID: 100192216, this exact arrangement was reached over the same period of time.

2017, the Claims Administrator closed Claimant's case[5] on the basis of the ISM request.[6]

## II.    RECONSIDERATION APPROPRIATE UNDER RULE 59(e)

Claimant moves this Court to Amend its Implementation Order pursuant to Federal Rule of Civil Procedure 59(e). Reconsideration under Rule 59(e) is appropriate upon proof that any one of the following four grounds are present: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the Claimant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.[7]

Multiple grounds are met in this case as the Implementation Order's treatment of Claimant is based upon a manifest error of law or fact and reconsideration is necessary to prevent manifest injustice.

## III.    IMPLEMENTATION ORDER CONTRARY TO SETTLEMENT

Claimant is the member of a certified class action. In approving the class, this court reasoned:

---

[5] *See* Exhibit 2.
[6] On July 10, 2017, Claimant filed a request for Discretionary Review. On July 14, 2017, the Appeals Coordinator declined to pass that request on to the Court citing the Court's Rules for Discretionary Review that generally do not address Incompleteness Denial Reviews.
[7] *Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC,* 282 F.R.D. 146, 152-153 (E.D. La. April 5, 2012).

> The Settlement Program calculates awards using public, transparent frameworks that apply standardized formulas derived from generally accepted and common methodologies. This level of transparency permits class members to understand how their claims will be evaluated under the Settlement. ***It also ensures that similarly situated class members are treated similarly.***
>
> \* \* \* \*
>
> Class members may appeal denials for insufficient documentation, as well as any final determination made in their cases.[8]

In overruling certain objections to the Settlement based on the calculation formula, this Court reasoned that:

> any class member seeking to determine his compensation may simply read the settlement agreements and determine how his circumstances fit into the frameworks. all cases, the frameworks are detailed and transparent and ***a claimant can make a reasonable determination of how his claim will be resolved based on his or his business's circumstances***.[9]

This Claimant timely filed its claim with all of the then required documents – which are the same documents that the Fifth Circuit has now ruled are required. During the pendency of its claim, the Claims Administrator determined that additional, impossible to obtain material, was required. The Fifth Circuit has now ruled the Claims Administrator in error in requesting the additional information.

---

[8] Rec.Doc. 8138 at pg 8-9 (emphasis added).
[9] Rec Doc. 8138 at pg. 81 (internal quotation and citation omitted) (emphasis added).

Because of the vagaries of the Court's and the Claims Administrator's timing, this claim was denied for failure to produce the additional, impossible to obtain, and requested in error, documents. Other claimants who filed their claims later than this Claimant, or who were lucky enough to have the start of the ISM 495 review delayed for some reason, are not subject to the erroneous document requests. By denying this claimant relief from that erroneously issued incompleteness denial, this Court has not treated similarly situated claimants similarly.

In addition, this claimant had no appeal rights under the settlement agreement. Section 6.1.1.1 of the Settlement Agreement provides:

> In the event a Claim is denied because it cannot be fully processed, in whole or in part, on grounds of insufficient documentation, the Claimant has the option to seek a review by a separate DOCUMENTATION REVIEWER assigned by the Claim Administrator. Such appeal shall be filed within 20 days of issuance of written notice to the Claimant from the Settlement Program of insufficient documentation. If the Documentation Reviewer finds error in the denial for insufficient documentation, the Claimant's Claim will be referred back to the Settlement Program, which will then process the Claim. Any decision of the Documentation Reviewer with respect to the documentation issue discussed in this Section shall be without prejudice to the Claimant's right at any time prior to termination of the Settlement Agreement to resubmit the Claim.[10]

Here, the problem was with the ISM 495 request. Claimant's documentation was not sufficient to meet the ISM 495 request. The Documentation Reviewer is not empowered to countermand the ISM 495 document requests. The

---

[10] Amended Settlement Agreement at 6.1.1.1., page 54-55.

Documentation Review has no authority to declare that the ISM 495 requests should not apply. Although Claimant's former counsel failed to seek review from the Documentation Reviewer, this Claimant was not afforded the opportunity to preserve the argument that the ISM 495 request was contrary to the Settlement Agreement. Other claimants, who were lucky enough to have a slower review process, had their ISM 495 objections preserved. Shear dumb (bad) luck in the administrative process cannot be the basis for distributing funds via a federally certified class action settlement.

In addition, the Settlement Agreement specifically allows the Claimant, whose claim has been denied for insufficient documentation, to re-file a claim before the termination of the Settlement Program.[11]  The Settlement Program is still alive and functioning, but the Claims Administrator refuses to accept re-filed claims. This refusal to accept re-filed claims is contrary to the Settlement Agreement.

Further, in finding the Settlement Agreement to be fair, the Court quoted Section 4.3.7 of the Settlement Agreement as a "claimant friendly" provision that provided that the Settlement Program:

> shall work with Economic Class Members [...] to facilitate Economic Class Members' assembly and submission of Claims Forms, ***including all supporting***

---

[11] *Id.*

> ***documentation*** necessary to process Claim Forms under the applicable Claims Process. The Settlement Program...shall use its best effort to provide Economic Class Members with assistance, information, opportunities and notice so that the Economic Class Member has the best opportunity to be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement.[12]

In attempting to respond to the onerous and erroneous ISM 495 requests, other claimants were given the option of producing documents on a rolling basis, as documents were uncovered. Those rolling productions satisfied incomplete notices and pushed the issue down the road until the Fifth Circuit could rule. That option was not presented to this claimant. This claimant was subjected to an 'all-or-nothing' approach. Because the rolling production option was not presented to this Claimant, the ISM 495 issue did not get pushed down the road. Instead this claim came to a screeching crash against an incompleteness denial notice for the claimant's inability to produce the impossible, requested in error, ISM documentation.

Further, the claimant actually requested additional time to provide the 'all-or-nothing' documentation but was DENIED additional time by the Claims Administrator. Given that the Claims Administrator's request for the ISM documentation has now be held to be contrary to the Settlement Agreement, its

---

[12] Rec. Doc. 8138 at pg. 17-18 (emphasis added).

decision to deny additional time to this claimant to respond to that request is equally contrary to the Settlement Agreement. While all parties involved want this process to be over as soon as possible, it is not 'claimant friendly' nor consistent with the Settlement Agreement's directive that the Claims Administrator assist the claimant to deny a claimant relief from a rule deemed by the Fifth Circuit to be incorrectly required of this claimant.

## IV.  TREATING CLAIMANT 100203889 DIFFERENTLY CONFLICTS WITH RULE 23 AND THE SETTLEMENT AGREEMENT

The district court's Implementation Order violates Federal Rule of Civil Procedure 23 and the settlement agreement itself by treating similarly situated claimants differently based solely on the date on which the Claims Administrator began working their claims. Under the Court's Implementation Order, claimants whose claims were still in process as of May 22, 2017, are permitted to reap the benefit of the Fifth Circuit's ISM 495 decision. Those that were denied as incomplete before May 22, 2017, by contrast, have not been able to preserve their objections to the ISM 495 documentation requirements.  Granting Claimant's motion would correct this arbitrarily inconsistent treatment of these two categories of class members, as mandated by Rule 23 and the settlement agreement.

Under Federal Rule of Civil Procedure 23(e), a district court may approve a class settlement only if it is "fair, reasonable, and adequate." To be fair and

reasonable, a settlement must treat similarly situated class members equally: If similarly situated claimants will receive materially different compensation solely because of an arbitrary factor that bears no relationship to the strength of their claims or to the extent of their injuries, then serious questions about the settlement's fairness and reasonableness will necessarily arise.[13]

To uphold its obligations under Rule 23, the district court must continue to enforce the settlement agreement consistently with its terms. As the Fifth Circuit has made clear, "a district court's authority to administer a class-action settlement derives from Rule 23," and thus "the court cannot modify the bargained-for terms of the settlement agreement. That is, while the settlement agreement must gain the approval of the district judge, once approved its terms must be followed by the court and the parties alike."[14]

The district court's Implementation Order in this case violates its continuing obligations under Rule 23(e). The Court's order ensures that similarly situated claimants will be treated drastically differently, receiving widely disparate outcomes under differing interpretations of the documentation requirements, based solely on whether the Claims Administrator processed their claims before or after May 22, 2017. Many BEL claimants, like the Mover here, had their claims denied

---

[13] *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 323 n.73 (3d Cir. 1998) (recognizing that one factor to be considered in evaluating a proposed class settlement is "[w]hether persons with similar claims will receive similar treatment").
[14] *Klier v. Elf Atochem N. Am., Inc.,* 658 F.3d 468, 475 (5th Cir. 2011).

as incomplete, whereas those claimants that are being processed after May 22, 2017, are being treated as complete – with the same documents that were previously determined as 'incomplete'.

Ordering that claimants who were erroneously denied as incomplete have their claims remanded to the Claims Administrator for processing without the ISM documentation requests is necessary to restore fairness and equality to both the Settlement Agreement and the class. This Court should therefore alter its Implementation Order, at least as applied to this Claimant, to allow its claim to be processed in accordance with the parties' agreement and the requirements of Rule 23(e).

## V.    TREATING CLAIMANT 100203889 DIFFERENTLY VIOLATES ITS DUE PROCESS / EQUAL PROTECTION RIGHTS

This Court's ISM 495 implementation order treats Claimant differently than similarly situated claimants. Based on nothing more than dumb (bad) luck at its place in the Claims Administrator's ISM 495 claims cycle, this claim was denied as 'incomplete' before the Fifth Circuit was able to overrule the ISM 495 documentation request.  Further, the Claims Administrator's implementation of the Amended Settlement Agreement and the issuance of certain policies after the

settlement was noticed[15] and the vendors exceeding their professional judgment by

treating similar claims differently violates the Claimant's due process rights:

> Class actions are a form of representative litigation. One or more class representatives litigate on behalf of many absent class members, and those class members are bound by the outcome of the representative's litigation. Ordinarily, such vicarious representation would violate the due process principle that "one is not bound by a judgment *in personam* in litigation in which he has not been made a party by service of process." However, the class action serves as an exception to this maxim so long as the procedural rules regulating class actions afford absent class members sufficient protection.[16]

> Furthermore,

> Class actions are representative suits on behalf of others similarly situated. Class members are not named adversary parties before the court. They are absent, unnamed parities who did not initiate the action but who will be bound by any class judgment, whether favorable or adverse, assuming that they have been adequately represented with respect to issues that they share in common with the class representative.

> Rule 23 is constructed to ensure that the representative nature of class action litigation safeguards these absent class members' due process rights. Because the absent class members are not actively in the litigation process, both the class representative and class counsel have a duty fairly and adequately to represent their interests. Moreover, the court has substantial supervisory authority over the quality of representation and specific aspects of the litigation so that it, too, may protect the interests of absent class members.[17]

---

[15] To the extent that any policy enacted after the opt-out period ran hinders a class member's legal rights, Rule 23(e) applies, and the changes should have been re-noticed to the class. *See*, *Keepseagle v. Vilsack*, DC. Dist. Col.,102 F.Supp.3d 306 (2015).
[16] §1.1 Newberg on Class Actions (5th ed.) 2011.
[17] §1:5 Newberg on Class Actions (5th ed.) 2011.

Importantly, the Supreme Court has held that the class action exception to due process mandates that the "procedure adopted" protects the parties' interests:

> [T]here is scope within the framework of the Constitution for holding in appropriate cases that a judgment rendered in a class suit is *res judicata* as to members of the class who are not formal parties to the suit. Here, as elsewhere, the Fourteenth Amendment does not compel state courts or legislatures to adopt any particular rule for establishing the conclusiveness of judgments in class suits; nor does it compel the adoption of the particular rules thought by this to be appropriate for the federal courts. With a proper regard for divergent local institutions and interest, this Court is justified in saying that there has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protections of the interest of absent parties who are to be bound by it.[18]

Here, the "procedure adopted"—this Court's implementation orders of the Fifth Circuit ISM 495 mandate, the Claims Administrator's implementation of the Settlement Agreement, the Claims Administrator's refusal to accept refiled claims, and the issuance of certain policies after the settlement was noticed[19] and exceeding professional judgment by treating similar claims differently—cannot be said to insure the protection of Claimant.

Further, the Final Implementation Order has resulted in the Claimant's denial of equal protection as guaranteed under the Constitution. Claimant's treatment constitutes a classification without rational basis: its claims was denied

---

[18] *Hansberry v. Lee,* 311 U.S. 32, 42, 61 S. Ct. 115, 85 L. Ed. 22, 132 A.L.R. 741 (1940).

[19] To the extent that any policy enacted after the opt-out period ran hinders a class member's legal rights, Rule 23(e) applies, and the changes should have been re-noticed to the class. *See*, *Keepseagle v. Vilsack,* DC. Dist. Col., 102 F.Supp.3d 306 (2015).

simply because of the timing of the Claims Administrator's consideration. The Claims Administrator's selection of this claim for review and the issuance of an Incompleteness Denial Notice during the period when the Claims Administrator was operating under invalid rules, put Claimant into a class that was denied consideration of its claim under the Settlement Agreement, without a rational basis for that unequal treatment.

This Claimant was also denied due process or equal protection rights in that the Claims Administrator closed its claim file *after* the Fifth Circuit's decision. While knowing its ISM requests were made in error, the Claims Administrator nevertheless closed this claim. Claimant sought relief from that decision from the Claims Administrator and even attempted to file a Discretionary Appeal to this court (the appeal was returned by the Appeal Coordinator as out of order given the lack of appeal rights afforded to Incompleteness Denials discussed above). Given that the Claims Administrator knew that its ISM requests were made in error, this Claimant's claim should not have been closed.

## VI.    CONCLUSION

For the forgoing reasons, Claimant moves that the Court amend its Final Implementation Order and the two related Interim Orders, as applied to Claimant and direct the Claims Administrator to reopen its claim and consider its claim in accordance with the Settlement Agreement, as directed by the United States Court

of Appeal, Fifth Circuit. Alternatively this Court should order the Claims Administrator to accept refiled claims of Claimants whose claims were denied as incomplete based solely on the erroneous ISM 495 request.

Respectfully Submitted,

*/s/ Melvin D. Albritton*

_____
Melvin D. Albritton
Albritton Law Firm, LLC
400 Poydras St. Suite 900
New Orleans, LA 70130
mda@melvin.law
Attorney for Claimant 1002038899

**CERTIFICATE OF SERVICE**

I, Melvin D. Albritton, do hereby certify that on this 2nd day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

/s/ Melvin D. Albritton

_____
MELVIN D. ALBRITTON

15