UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, | * | **SECTION: J** |
| On April 20, 2010 | * | |
| | * | **JUDGE BARBIER** |
| **This Document Relates to:** | * | |
| *No. 12-970* | * | **MAG. JUDGE WILKINSON** |
| | * | |

## MOTION TO AMEND IMPLEMENTATION ORDERS CONCERNING THE FIFTH CIRCUIT'S 495 OPINION, OR FOR NEW TRIAL

Now into court, through undersigned counsel, come Claimant ID: 100187006, Claimant ID: 100188547, Claimant ID: 100192784, Claimant ID: 100318040, and Claimant ID: 100355921 (collectively, "Claimants") [1], who respectfully request this Court to amend or revise its Order [Implementing Fifth Circuit Opinion Re: Policy 495] entered July 5, 2017 (Doc. 23003) (the "Final Implementation Order"), referencing the two Interim Orders entered on May 25, 2017 and June 13, 2017 (Docs. 22872 and 22935, respectively), as these orders failed to follow the Settlement Agreement and the "Fifth Circuit Opinion Re: Policy 495," entered by the United States Court of Appeals for the Fifth Circuit in

---

[1] For purposes of preserving confidentiality the Movants herein are referred to by the Claimant ID number issued by the Claims Administrator.

its Case No. 15-30377 on May 22, 2017 (the "495 Opinion").[2] This motion is brought pursuant to Rule 59(a)(2) and Rule 59(e) of the Federal Rules of Civil Procedure.

As Movants demonstrate in their supporting memorandum accompanying this motion, Claimants received Incompleteness Denial Notices from the Claims Administrator, who determined that their timely filed claims were governed by Policy 495, and that the information provided by each of them was insufficient for the Claims Administrator to make a determination pursuant to the Industry Specific Methodology under Policy 495. Under the terms of the Settlement Agreement, Claimants did not have the right to appeal their denials on the basis of the invalidity of Policy 495. Only because they received their Incompleteness Notices before the Fifth Circuit entered its 495 Opinion, the Final Implementation Order (and the corresponding Interim Orders) work to deny these Claimants' otherwise meritorious claims on the basis of criteria that the Fifth Circuit has found to be invalid, violating the Settlement Agreement, the Fifth Circuit's 495 Opinion, Federal Rule 23, and the due process and equal protection clauses of the United States Constitution.

---

[2] These orders are sometimes referred to herein collectively as "The Implementation Orders."

**WHEREFORE**, Claimants move that the Court amend its Final Implementation Order and the two related Interim Orders, such that they direct the Claims Administrator to reopen their cases and consider their claims in accordance with the Settlement Agreement, as directed by the United States Court of Appeal, Fifth Circuit, and alternatively, to grant a new trial thereon.

Respectfully Submitted,

LOWE, STEIN, HOFFMAN,
   ALLWEISS & HAUVER, LLP

*/s/ Michael R. Allweiss*
MICHAEL R. ALLWEISS (#2425)
mallweiss@lowestein.com
JEFFREY M. HOFFMAN (#29253)
jhoffman@lowestein.com
TYLER J. DOUGLAS (#33807)
tdouglas@lowestein.com
701 Poydras Street, Suite 3600
New Orleans, LA 70139
Attorneys for Claimants 100187006, 100188547, 100192784, 100216359, 100318040, and 100355921

**CERTIFICATE OF SERVICE**

I, Jeffrey M. Hoffman, do hereby certify that on this 2nd day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

*/s/ Michael R. Allweiss*
MICHAEL R. ALLWEISS
