IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION "J"<br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE WILKINSON |

**BP EXPLORATION & PRODUCTION INCORPORATED, BP AMERICA PRODUCTION COMPANY, AND BP PLC'S MOTION TO CLARIFY OR, IN THE ALTERNATIVE, RECONSIDER THE COURT'S ORDERS IMPLEMENTING THE FIFTH CIRCUIT DECISION REVIEWING POLICY 495**

**NOW INTO COURT**, through undersigned counsel, come BP Exploration & Production, Inc., BP America Production, and BP, p.l.c. (collectively "BP"), who respectfully move for the Court to clarify or, if need be, reconsider its Order of July 5, 2017 (Rec. Doc. 23003), which in turn adopted as final the Interim Orders of May 25, 2017 and June 13, 2017 (Rec. Docs. 22872 and 22935). This Motion is filed pursuant to Federal Rule of Civil Procedure 59(e), or, alternatively, Federal Rule of Civil Procedure 54(b).

These Orders implement a recent decision of the U.S. Court of Appeals for the Fifth Circuit: *In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017). That decision, in turn, reviewed Policy 495, which the Court issued to effectuate the "matching" required under the class settlement agreement. Policy 495 sets forth the Annual Variable Margin Methodology ("AVMM") and four Industry-Specific Methodologies ("ISMs"). The Fifth Circuit invalidated the ISMs but not the AVMM, instead holding that "all claimants—including those engaged in

construction, agriculture, education, and professional services—shall, on remand, be subject to the AVMM." *Id.* at 304.  Subsequently, the Court has issued its Orders designed to implement the Fifth Circuit's mandate.

For reasons explained in the accompanying Memorandum, BP submits that the Court's Orders should be clarified or, if need be, reconsidered to the extent that they can be read to bar reallocation of revenues even in situations where some revenue movement is necessary for the AVMM to function as written and intended.  Indeed, the Court has previously recognized that the AVMM allows for some reallocation.  Accordingly, BP urges the Court to clarify that such reallocation of revenue falls within the meaning of the word "errors" as used in the Court's Orders or that such reallocation can be used to solve for "mismatches."  If the Court disagrees, BP urges that the Orders be reconsidered so the AVMM applies without modification.

**WHEREFORE**, BP respectfully moves for clarification or, if need be, reconsideration pursuant to Federal Rule of Civil Procedure 59(e), or, alternatively, Federal Rule of Civil Procedure 54(b).

| | |
|---|---|
| August 2, 2017 | Respectfully submitted, |
| | /s/ *Don K. Haycraft* |
| J. Andrew Langan, P.C. | Don K. Haycraft |
| KIRKLAND & ELLIS LLP | Devin C. Reid |
| 300 North LaSalle | LISKOW & LEWIS LLP |
| Chicago, IL 60654 | 701 Poydras Street, Suite 5000 |
| Telephone:  (312) 862-2000 | New Orleans, LA 70139 |
| Facsimile:  (312) 862-2200 | Telephone: (504) 556-4128 |
| wendy.bloom@kirkland.com | Facsimile: (504) 556-4108 |
| martin.martos@kirkland.com | dkhaycraft@liskow.com |
| | dcreid@liskow.com |
| Jeffrey Bossert Clark | |
| Aaron L. Nielson | |
| KIRKLAND & ELLIS LLP | |
| 655 Fifteenth Street, N.W. | |
| Washington, DC 20005 | |
| Telephone: (202) 879-5000 | |
| Facsimile: (202) 879-5200 | |
| jeffrey.clark@kirkland.com | |
| aaron.nielson@kirkland.com | |

*Attorneys for BP Movants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2017 a copy of the foregoing sent via electronic mail to all counsel of record.

/s/ Don K. Haycraft