# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | |
| of Mexico, on April 20, 2010 | SECTION J |
| | |
| *Applies to 12-970;* | **JUDGE BARBIER** |
| *Bon Secour Fisheries, et al., on* | **MAGISTRATE JUDGE SHUSHAN** |
| *behalf of themselves and all similarly situated,* | |
| *vs. BP Exploration & Production, Inc., et al.* | |
| *AND-* | |
| *No. 16-426; Claim ID #* ▇▇▇▇ | |

### ORDER and JUDGMENT

Considering the request for discretionary review and having reviewed the objection and the record; Accordingly,

IT IS ORDERED that the request for discretionary review is hereby GRANTED. Claimant rents farm land and farm equipment. This claim was denied on the basis that it failed to satisfy the causation requirements of Exhibit 4B. That determination was made after the Settlement Program Accounting Vendors adjusted the claimant's P&L's to correct for a mismatch of revenue and expenses. Claimant argues that the Program Accounting Vendors were incorrect in making such adjustments in the absence of an actual accounting error in claimant's P&L's. But Policy 495 provides that "Contemporaneous P&L's submitted by the claimant will be restated if in analyzing and processing a claim, the CSSP Accounting Vendors identify either an error (as previously defined) or a mismatch of revenue and variable expenses which can be explained and supported by appropriate documentation." (Policy 495, page 7, second paragraph). Here, the Accounting Vendors reasonably exercised their discretion in addressing a mismatch of revenue and expenses in the claimant's P&L's even in the absence of an actual accounting error. The Appeal Panel was correct in affirming the Claims Administrator's denial. Accordingly, the decision of the Appeal Panel is AFFIRMED.

New Orleans, Louisiana, this 24th day of February, 2016.

**CARL J. BARBIER**
**United States District Judge**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 SECTION J |
| *Applies to 12-970; Bon Secour Fisheries, et al., on behalf of themselves and all similarly situated, vs. BP Exploration & Production, Inc., et al.* AND- *No. 16-1369;* Claim ID # ▇▇▇▇ | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

## ORDER and JUDGMENT

Considering the request for discretionary review and having reviewed the objection and the record; Accordingly,

IT IS ORDERED that the request for discretionary review is hereby GRANTED. Claimant is a commercial landlord. The Settlement Program Accounting Vendors adjusted claimant's P&L's to record rental payments in the months they were due. Claimant argues that Policy 495 allows for such adjustments only to correct actual accounting "errors." But Policy 495 provides that "Contemporaneous P&L's submitted by the claimant will be restated if in analyzing and processing a claim, the CSSP Accounting Vendors identify either an error (as previously defined) or a mismatch of revenue and variable expenses which can be explained and supported by appropriate documentation." (Policy 495, page 7, second paragraph) Here, the Accounting Vendors reasonably exercised their discretion in addressing an obvious mismatch of revenue and expenses even in the absence of an actual accounting error. The Appeal Panel correctly affirmed the Claims Administrator's determination. The decision of the Appeal Panel is AFFIRMED.

New Orleans, Louisiana, this 2nd day of March, 2016.

*[signature]*

CARL J. BARBIER
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| *Applies to 12-970;*<br>*Bon Secour Fisheries, et al., on*<br>*behalf of themselves and all similarly situated,*<br>*vs. BP Exploration & Production, Inc., et al.*<br>*AND-*<br>*No. 16-442; Claim ID #* ▓▓▓▓ | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER and JUDGMENT

Considering the request for discretionary review and having reviewed the objection and the record; Accordingly,

IT IS ORDERED that the request for discretionary review is hereby GRANTED. Claimant is a commercial lessor. Prior to subjecting the claimant's P&L's to the matching criteria/triggers under Policy 495, the Settlement Program Accounting Vendors exercised their discretion and adjusted claimant's P&L's to correct for obvious mismatches of revenue and expenses. The Appeal Panelist reversed, finding that the Accounting Vendors are allowed to make such adjustments only when they find a technical accounting "error." Policy 495 provides that "Contemporaneous P&L's submitted by the claimant will be restated if in analyzing and processing a claim, the CSSP Accounting Vendors identify either an error (as previously defined) or a mismatch of revenue and variable expenses which can be explained and supported by appropriate documentation." (Policy 495, page 7, second paragraph). Here, the Accounting Vendors reasonably exercised their discretion in addressing an apparent mismatch of revenue and expenses even in the absence of an actual accounting error. The Appeal Panel decision is REVERSED, and the determination of the Claims Administrator is REINSTATED.

New Orleans, Louisiana, this 24th day of February, 2016.

*[signature]*
CARL J. BARBIER
United States District Judge