# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG § <br> DEEPWATER HORIZON, IN THE § <br> GULF OF MEXICO § <br> ON APRIL 20, 2010 § <br> § <br> § <br> This Document Relates to: § <br> § <br> 13 CV 2791 AND 16 CV 6309 § <br> § | MDL NO 2179; <br> Ref CA No. 10-2771 <br> SECTION: J <br><br> JUDGE BARBIER <br><br><br><br><br> MAG. JUDGE WILKINSON |

**PLAINTIFF OMAR GARCIA'S RESPONSE TO BP'S DISPOSITIVE MOTION AS TO PRESENTMENT (DOC 22480)**

COMES NOW, Plaintiff Omar Garcia and replies to BP's Dispositive Motion as to Presentment ("Presentment Motion," Rec. Doc. 22480), and prays that the Court deny BP's dispositive motion due to extenuating circumstances.

## INTRODUCTION

1.  Plaintiff Omar Garcia seeks damages under the Oil Pollution Act of 1990 ("OPA") for damages suffered from the cancellation of a contract for the development of "Costa Lora," a tourist development. The project was cancelled after an environmental research study concluded that the land and beach would be polluted for 20 years due to the Deepwater Horizon Oil Spill of 2010.

2.  Plaintiff seeks losses under the Oil Pollution Act of 1990, and filed his lawsuit timely. BP moved to dismiss this Plaintiff for failure to present the claim to BP 90 days prior to filing the lawsuit.

## ARGUMENT

3. Plaintiff does not dispute that the OPA states that "all claims for removal costs or damages shall be present first to the responsible party…" 33 U.S.C.A. § 2713 (a). Nor does Plaintiff disagree that the administrative rule states that a claimant cannot file suit until (1) the responsible party denies the presented claim, or (2) 90 day period expires without resolution of the presented claim. *Id.* § 2713 (c). However, Plaintiff asserts that this is merely an administrative hurdle, and serves no purpose as BP was not negotiating and there was no possibility of resolution of this claim prior to filing a lawsuit. Therefore, presentment was futile under the facts and circumstances of this case, and due to this extenuating circumstance, the motion should be denied.

4. The purpose of the presentment procedure "is to *promote settlement* and *avoid litigation." Gabarick v. Laurin Maritime (America), Inc.*, Civ. A. No. 08-4007, 2009 U.S. Dist. LEXIS 20974, 2009 WL 102549, at *3 (E.D. La. 2009), *quoting Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 310 (E.D. Va. 1993) (emphasis added). Exceptions have been made to the administrative presentment process delineated by the OPA. The facts of this case warrant an exception due to an extenuating circumstance – the futility of the presentment requirement. The Fifth Circuit expressly noted that in *Denehy v. Mass. Port Auth.*, 42 F. Supp. 3d 301, 308 (D. Mass. 2014), the claimant was allowed to sue the responsible party without waiting 90 days from the date of presentment because of an extenuating circumstance. *Nguyen v. American Commercial Lines, LLC*, 805 F.3d 134, 143-44 (5th Cir. 2015). The Fifth Circuit further observed that this Court, in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d 943, 965 (E.D. La. 2011), *aff'd sub nom. In re Deepwater Horizon*, 745 F. 3d 157 (5th Cir. 2014), *cert. denied sub nom. Louisiana ex rel.*

*Ballay v. BP Exploration & Production, Inc.*, 135 S. Ct. 401, 190 L. Ed. 2d 307 (2014), allowed some unpresented claims to proceed in that court because of extenuating circumstances, i.e., impracticality. Here, Plaintiff notes that the purpose and intent of the administrative requirement to present the claim to BP would have been futile because it is clear that seven years later presentment served **no purpose**. Further, presentment did not act to promote settlement or avoid litigation. BP had actual notice of this claim, and actual notice of hundreds of thousands of claims arising from the oil spill, and presentment was not an effective mechanism to resolve claims. Plaintiff timely filed his lawsuit in 2013, and BP had actual knowledge of the claim. As such, no surprise, harm or prejudice exists to BP. Plaintiff prays this Court allow the extenuating circumstance of futility, and the lack of surprise or prejudice allow the lawsuit to go forward.

## CONCLUSION

5. Plaintiff prays that this Court deny BP's Dispositive Motion as to Presentment (DOC.22480), and allow Plaintiff to pursue his claims.

          Respectfully submitted,

          THE BUZBEE LAW FIRM

          By:    */S/ Anthony G. Buzbee*
                   Anthony G. Buzbee (TA)
                   State Bar No. 24001820
                   S.D. Tex. I.D. No. 22679
                   Caroline E. Adams
                   State Bar No. 24011198
                   S.D. Tex. I.D. No. 27655
                   J.P. Morgan Chase Tower
                   600 Travis, Suite 7300
                   Houston, Texas 77002
                   Telephone: (713) 223-5393
                   Facsimile: (713) 223-5909
                   www.txattorneys.com

                                                **ATTORNEY FOR PLAINTIFF OMAR GARCIA**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of August, 2017.

                                                */S/ Caroline Adams*
                                                Caroline E. Adams