UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: No. 12-970 | * * | MAG. JUDGE WILKINSON |
| | * | |
| This applies to Claimant ID 100261704 and Claim ID 259833 only | * * | |

******************************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION FOR RECONSIDERATION OF ORDER [REC. DOC. 22935]

Claimant ID 100261704 ("Claimant")[1] respectfully requests that the Court reconsider its Order [Rec. Doc. 22935] (hereinafter referred to as the "Second Interim Order"), as it applies to Claim ID 259833 only, because it was issued in error and to prevent manifest injustice.

The Second Interim Order remanded Claim ID 259833 to be processed under the Annual Variable Margin ("AVM") Methodology; however, Claim ID 259833 was already processed using the AVM Methodology. Remanding the claim to be processed a second time under the AVM Methodology unnecessarily duplicates efforts and has already proven to lead to inconsistent results. In addition, neither BP nor Claimant raised the AVM Methodology as an issue on appeal; therefore, the AVM Methodology was not an issue that was before the Court on Discretionary Court Review, and is thus not an issue that should subject Claim ID 259833 to remand. Accordingly, Claimant respectfully requests that the Second Interim Order be overturned and reversed as to Claim ID 259833.

---

[1] For purposes of preserving confidentiality, Claimant will refer to itself by the Claimant ID Number issued by the Claims Administrator, and will refer to the Claim ID instead of the name of the business.

## I. BACKGROUND

Claimant was defrauded by its former accountants rendering the relevant tax returns unreliable [Doc IDs 12836505 and 12836586]. To cure this deficiency, Claimant notified the Settlement Program of the fraud and produced a complete set of bank statements, along with profit and loss statements ("P&Ls") created from those statements, which show the actual revenues of the business [Doc IDs 12836510, 13035701, 13035710, 13035720, 12836607 and 12836613]. After attempting to reconcile the tax returns and P&Ls, the Accounting Vendor noted an expected discrepancy, *i.e.,* "the Federal Tax Returns consistently reported *smaller* revenues than the P&L Statements" [Doc ID 20179603, at p. 5, note 11 (emphasis added)]. This fact should have come as no surprise. The accountants stole money after revenues were deposited into the bank, and reported the net amount of revenues after the fraud. This is why the tax returns consistently reported *less* revenue than the bank statements. The claim calculation therefore should have been based on the P&Ls and bank statements only, and not the tax returns.

Although it did not dispute that fraud took place, the Accounting Vendor relied exclusively on the revenues reflected in the tax returns based on the incorrect conclusion that, regardless of the bank statements, there is "no support" for the revenues reported in the P&Ls [Doc ID 20179603, at p. 5, note 11]. This resulted in a zero-dollar ($0.00) award amount in the claim calculation.

On December 6, 2016, the Claims Administrator issued a Post-Reconsideration Eligibility Notice awarding Claimant an award amount of zero ($0.00) relating to Claim ID 259833 [Doc ID 20192214]. In the notice, the Claim Administrator stated that Policy 495 was triggered, and that the Policy 495 Methodology used in the claim calculation was "Annual Variable Margin" [*Id.*, at p. 4].

On February 3, 2017, Claimant requested an appeal contending that there was a "Calculation Error" and "Error in reviewing submitted documentation" because:

> the award does not comply with the terms of the Settlement Agreement, including without limitation the BEL framework. The Settlement Program erred in its claim calculation and revenue adjustments by improperly treating the Profit and Loss statements, federal tax returns, and historical bank statements in light of the fraud perpetrated by the Claimant's former CPAs.

[Doc ID 20388483, at p. 1]. Notably, Claimant did not appeal based on Policy 495 or the AVM Methodology. Likewise, BP did not raise Policy 495 or the AVM Methodology on appeal [Doc IDs 20506323 and 20533158].

On May 4, 2017, the Appeals Coordinator issued a Notice of Appeal Panel Decision advising that the Appeal Panel denied Claimant's appeal [Doc ID 20654621]. On May 17, 2017, Claimant requested Discretionary Court Review to overturn the decision of the Appeal Panel and to select Claimant's Final Proposal as the Compensation Amount and Risk Transfer Premium [Doc ID 20681267]. BP then filed an objection to Claimant's request for Discretionary Court Review [Doc ID 20701723]. Again, Claimant did not seek Discretionary Court Review based on the applicability of Policy 495 or AVM Methodology, and BP's objection did not address or comment upon Policy 495.

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as it relates to the AVM Methodology, and reversed Policy 495 in part as it pertains to the Industry Specific Methodologies [*In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017), *reh'g denied*, No. 15-30377, 2017 WL 2674235 (5th Cir. June 21, 2017)]. In response to that decision, this Court issued the Second Interim Order remanding various claims on Discretionary Court Review, including Claimant's Claim ID 259833, to the Claims Administrator to be processed under the AVM Methodology of Policy 495 [Rec. Doc. 22935].

On July 24, 2017, after remand, the Claims Administrator issued a Follow-Up Incompleteness Notice seeking the following information from Claimant:

> Please provide monthly contemporaneous profit and loss statements from 2007 through 2011. As stated in prior correspondence, the current set of profit and loss statements uploaded (Doc File ID 19728728) do not tie out to the tax returns because of the fraudulent activity that took place

[Doc ID 20782233]. As reflected in the notice, by remanding the claim and giving the Accounting Vendors a second bite at the apple, the Claims Administrator has reversed course and is now taking the position that Claimant has not provided sufficient documentation to support its claim. Failure to respond to the notice will result in the claim being denied as incomplete.

Claimant respectfully submits that the Court's remand of Claim ID 259833 was in error because the claim was previously processed under the AVM Methodology, and the AVM Methodology was not an issue on appeal.

## II.   LAW & ARGUMENT

Claimant moves for reconsideration pursuant to Federal Rule of Civil Procedure 54(b), which allows the Court to revise an order that adjudicates fewer than all the claims, or the rights and liabilities of all the parties. *See Broussard v. First Tower Loan, LLC*, No. 15-1161; 15-2500, 2016 WL 879995, at *2 (E.D. La. March 7, 2016) (Barbier, J.) (citing FED. R. CIV. P. 54(b)); *see also, Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.). As explained in *Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC,* "[u]nder Rule 54(b), the district court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." 282 F.R.D. 146, 152-153 (E.D. La. April 5, 2012)(Brown, N.J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); *see also*, *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.). "The general practice of courts in this district has been to evaluate

Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment" *Broussard*, 2016 WL 879995, at *2 (citing *Castrillo*, 2010 WL 1424398, at *4).

Reconsideration under Rule 59(e) is appropriate upon proof that any one of the following four grounds are present:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the Claimant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

*Gulf Fleet Tiger Acquisition, LLC*, 282 F.R.D. at 152-153.

Rule 1 of the Federal Rules of Civil Procedure provides that the rules governing civil actions "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The Fifth Circuit has "explained that there 'probably is no provision in the federal rules that is more important than this mandate.'" *U.S., ex rel., Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 468 (5th Cir. 2015), *cert. granted in part*, 136 S. Ct. 2386, 195 L. Ed. 2d 761 (2016), *and aff'd sub nom., State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 137 S. Ct. 436, 196 L. Ed. 2d 340 (2016) (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir.1983)).

Here, reconsideration of the Second Interim Order is appropriate for several reasons. First, remanding Claim ID 259833 "to be processed under the Annual Variable Margin Methodology" is erroneous because the claim has already been processed under the AVM Methodology. BP Exploration & Production Inc., BP America Production Co., and BP P.L.C. agree with Claimant's position as they have filed a separate motion to clarify or reconsider the Second Interim Order [Rec. Doc. 23140-1]. Remand will serve no purpose other than to delay resolution of Claim ID 259833 in violation of the mandate of F.R.C.P. Rule 1, and will provide the Accounting Vendors

and the Claims Administrator a second bite at the apple to deny the claim on new grounds. As reflected by the Follow-Up Incompleteness Notice, this is not merely a hypothetical concern for Claimant.

This Court did not remand Claim ID 259833 because supporting documents were missing. But, by remanding the claim, Claimant is now forced to start at the beginning of the claim process, and produce documents that were not previously required to be produced and which date back approximately five to ten years. Accordingly, Claimant may not be able to produce the documents due to the fraud and passage of time. Not only is the Follow-Up Incompleteness Notice inequitable, but it raises due process concerns as it may deprive Claimant of its appeal rights before this Court and the U.S. Fifth Circuit Court of Appeals. If Claimant is unable to locate and produce the fraudulent P&Ls requested in the Follow-Up Incompleteness Notice, the claim will be denied as incomplete. Under Rule 7(a) of the Rules Governing the Appeals Process (eff. 01/08/2016), incompleteness denial notices may *only* be appealed to a Documentation Reviewer. Thus, although the claim was previously deemed to be complete, Claimant is now in jeopardy of losing its rights to appeal to an Appeal Panel, request Discretionary Court Review, and appeal to the U.S. Fifth Circuit Court of Appeals. Thus, there cannot be a more substantial appeal right under §6 *et seq.* of the Settlement Agreement then for an appeal to be decided by an Appeal Panel in which legal issues can be addressed, and with succeeding rights to seek relief from the Courts. Accordingly, the Court should reconsider the Second Interim Order as it applies to Claim ID 259833 to prevent manifest injustice.

Finally, Claimant respectfully submits that the Second Interim Order was issued in error because the AVM Methodology was not at issue on appeal. Rule 14 of the Rules Governing the Appeals Process (eff. 01/08/2016) provides that: "[t]he issues on appeal shall be limited to those

originally raised by the appellant claimant or BP in the Request for Appeal Form/Notice of Appeal . . .". Rule 30 of the Rules Governing Discretionary Court Review of Appeal Determinations (eff. 12/08/2015) provides that "[t]he issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel." Because the applicability of Policy 495 and the AVM Methodology were not issues raised on appeal, the AVM Methodology was not an issue that the Court could consider on Discretionary Court Review. This is true because the Policy 495 opinion of the U.S. Fifth Circuit merely affirmed the AVM Methodology; therefore, as the AVM Methodology was not amended or altered, there is no basis to require that a claim be reprocessed a second time under the AVM Methodology. Accordingly, it was an error to remand Claim ID 259833 based on the AVM Methodology.

### III.   CONCLUSION

For the reasons stated above, Claimant ID 100261704 respectfully requests that this Court reconsider its the Second Interim Order because it was an error to remand Claim ID 259833 to be reprocessed a second time under AVM Methodology. The Second Interim Order unnecessarily duplicates efforts and addressed an issue which was not before the Court. Accordingly, the Order [Rec. Doc. 22935] should be overturned and reversed as to Claim ID 259833.

Respectfully submitted,

*/s/Douglas W. Redfearn*
Douglas W. Redfearn (La. Bar No. 21042)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, LA 70115
Telephone: (504) 569-2030
douglasr@spsr-law.com
**Counsel for Claimant ID No. 100261704**

**CERTIFICATE OF SERVICE**

     I do hereby certify that on this 4th day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

                                             */s/ Douglas W. Redfearn*