IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>**This Document Relates to:**<br><br>All Cases in Pleading Bundle B3<br><br>**Applies to:** | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |
| **Melissa Wellington, Individually, and on Behalf of Her Minor Children, J.A.W. and J.W.,**<br><br>Plaintiffs,<br><br>v.<br><br>**BP Exploration & Production, Inc., BP America Production Company, BP P.L.C., Transocean Holdings LLC, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., And Halliburton Energy Services, Inc.,**<br><br>Defendants. | Civil Action No. 2:17-cv-04542<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION TO
RECONSIDER AND AMEND COMPLAINT**

On February 22, 2017, this Honorable Court issued Pretrial Order ("PTO") No. 63, which required all plaintiffs with claims previously contained in Pleading Bundle B3 to file individual complaints and sworn statements. Nexsen Pruet, LLC and its co-counsel, Douglas M. Schmidt, APLC, represent more than 700 plaintiffs who timely filed complaints pursuant to PTO No. 63. These plaintiffs previously opted out of the class settlement in 2012 and in the spring of 2013, filed complaints (either mass joinder or individual) seeking compensation for their injuries.

Pursuant to PTO No. 63, Plaintiffs, Melissa Wellington, Individually, and on behalf of her minor children, Jada Wellington and Janya Wellington ("Plaintiffs"), filed an individual complaint and sworn statement, which BP identified as non-compliant with PTO No. 63 due to clerical errors in their sworn statements. Subsequently, Plaintiffs' claims were dismissed with prejudice pursuant to this Court's Order dated July 18, 2017, Document 23047 ("Order"). Plaintiffs, by and through her undersigned counsel, request that this Court reconsider its Order dismissing Plaintiffs' claims with prejudice, and grant permission for Plaintiffs to amend their complaint to correct these clerical errors and bring the pleadings in compliance with PTO No. 63.

## LEGAL STANDARD & ARGUMENT

Plaintiffs request that this Court reconsider its Order and grant permission to amend their complaints. Dismissal with prejudice of Plaintiffs' claims will cause undue harm and grave injustice to Plaintiffs, and constitutes a severe lack of due process in these cases that have remained stagnant for years. On January 12, 2011, over six and a half years ago, this Court issued PTO No. 25, which stayed all medical opt-out litigation while claims within the settlement program were given priority. Plaintiffs were first named as plaintiffs in a mass joinder suit filed on April 22, 2013, and filed direct filing short forms to join the B3 Bundle Master Complaint on July 11, 2013. Plaintiffs complied with the Court's recent PTO No. 63, filing an individual complaint on May 2, 2017. PTO No. 63 also required the submission of a sworn statement by Plaintiffs, which Plaintiffs submitted.

PTO No. 63 provided that BP would submit to this Court a list of plaintiffs that "made some form of submission in response to PTO 63, but whose submissions BP in good faith believes are *materially deficient* for one or more identified reasons." *See* PTO No. 63 (emphasis added). BP deemed Plaintiff's pleading non-compliant with PTO No. 63 based upon counsel's failure to submit Plaintiffs' sworn statement signature pages. While Plaintiffs provided their

2

signature pages to counsel before the Court's deadline, counsel inadvertently failed to include these pages with Plaintiffs' sworn statements and complaint. BP's claim that the submission was "non-compliant" was not in good faith because these technical defects were immaterial. As stated previously, Plaintiffs' counsel filed over 700 compliant complaints in the restrictive response period allotted under PTO No. 63, and the inadvertent mistake in this single purportedly non-compliant pleading is the result of excusable neglect due to this massive undertaking. The Affidavit of Michele Tallon, an employee of Plaintiff's attorney, outlines this inadvertent mistake, and is attached hereto and is submitted in support of Plaintiffs' Motion for Reconsideration and Amendment. This technical error cannot qualify as meeting the standard of materially deficient as to the requirements of PTO No. 63. Plaintiffs filed an individual complaint and accompanying sworn statements, which the order required. Counsel's failure to submit the claimants' signature pages, when this pleading document is not a requirement to initiate suit under the Federal Rules of Civil Procedure, does not rise to the level of materially deficient, and certainly does not warrant dismissal of their claims with prejudice.

Under these facts, Plaintiffs respectfully request that this Court reconsider its Order of July 18, 2017. Such a motion has been interpreted by the Fifth Circuit to provide,

> [a] motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e). Under Rule 60(b), the court may relieve a party from final judgment on the basis of "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (citing *Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 669–70 (5th Cir.1986) (en banc)), *Midland W. Corp. v. F.D.I.C.*, 911 F.2d 1141, 1145 n.4 (5th Cir.1990); *Williams v. Brown & Root, Inc.*, 828 F.2d 325,

328 (5th Cir.1987)). Notably, the 2009 Amendments to Rule 59 of the Federal Rules of Civil Procedure expanded the ten-day filing period to twenty-eight (28) days.

The Fifth Circuit has held that a Rule 59(e) motion expressly allows a party to correct factual errors. While this Circuit has indicated that this motion is not the vehicle for reevaluating evidence or legal theories which could have been presented before the judgment, it stated that "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted))). Plaintiffs in this instance are clearly not attempting to rehash evidence or arguments, but simply attempting to correct factual errors whereby their counsel neglected to submit the signature pages of their sworn statements.

In *Templet*, the Fifth Circuit further stated that there are two important judicial imperatives relating to a Rule 59(e) motion: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the District Court is to strike the proper balance between these competing interests." *Templet*, 367 F.3d at 479 (citing *Lavespere*, 910 F.2d 167, 174). It is clear in the present case that the proper balance between these interests is to reconsider the Order dismissing Plaintiffs' claims, and allow a just decision to be rendered on the merits. To bring these claims to finality after seven years due to a clerical error in a sworn statement, when Plaintiffs have never had an opportunity to present their claims, would constitute a lack of due process and cause irreparable harm that is unwarranted.

While a Rule 60(b) motion requires consideration of the two interests detailed above, it is also subject to more specific grounds of relief.  The Fifth Circuit has designated eight factors a District Court should consider in reviewing a Rule 60(b) motion.  These factors are:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).  When considered in the present case, each of these factors supports reconsideration of the Order.  This motion is not being used as a substitute for appeal, as Plaintiffs have not had an opportunity to present their cases, and there is no decision on the merits to appeal.  Substantial justice will not be achieved unless the Order is reconsidered, and liberal construction of this rule would certainly warrant relief where Plaintiffs' claims were dismissed with prejudice due to an inadvertent clerical error on the part of their counsel.  This motion is made within a reasonable time, and certainly meets the requirement that it be filed within a year after entry of the order.  There has been no consideration of Plaintiffs' cases on the merits, and the interest of deciding these cases on the merits substantially outweighs the interest in finality of judgments based on mere technical error.

As the Supreme Court recently reiterated, "the 'whole purpose' of Rule 60(b) 'is to make an exception to finality.'"  *Buck v. Davis*, 137 S.Ct. 759, 778 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)).  Plaintiffs' claims have merit and a final judgment dismissing the claims

5

due to clerical mistakes undermines the basic tenets of the judicial system. While extraordinary circumstances must be present to warrant relief under Rule 60(b), such circumstances exist presently, as the Supreme Court has held that such circumstances may include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). The Plaintiffs have not had any opportunity, let alone a fair opportunity, to present their claims and the hardship Plaintiffs have endured while this case has remained stagnant merits relief.

      The Fifth Circuit has made it clear that preemptory dismissals and judgments without consideration of a claim's merit are improper. "Truncated proceedings of this sort are not favored, and Rule 60(b) will be liberally construed in favor of trial on the full merits of the case. Thus, unless it appears that no injustice was done by the judgment, the equities in such cases will militate strongly in favor of relief." *Id.* at 403. Further, the Fifth Circuit has interpreted factors seven and eight, namely whether there are any intervening equities, or any other relevant factors, necessarily to include the consideration of prejudice to the non-moving party and the delay caused by granting relief. *See Seven Elves*, 635 F.2d at 403. Providing Plaintiffs with relief and a reasonable time to amend their pleading would certainly cause no delay or prejudice to BP, as this litigation is currently subject to a stay ordered by the Court in early 2011. Plaintiffs' pleadings were just recently filed in early May 2017, and BP has yet to respond to any B3 Pleading Bundle complaint to date. As such, if relief were granted, BP's burden would be no greater than any other party that must defend a claim presented on its merits through litigation. BP's misinterpretation of the "materially deficient" standard, and this Court's Order which followed that interpretation, has caused a clear inequity, as Plaintiffs' claims were dismissed due to a technicality after they have

6

been forced to await resolution while the litigation has been stayed for nearly six and a half years, all without the opportunity to present the merits.

Furthermore, it has been plainly articulated that an inadvertent mistake, or excusable neglect, on the part of counsel should not warrant such extreme punishment for a party. "[P]arties should not be punished for their counsel's neglect except in extreme and unusual circumstances. Dismissal of a complaint with prejudice is a drastic remedy." *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974) (citing *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971) (holding that dismissal with prejudice should only be upheld after the trial court has resorted to "the wide range of lesser sanctions which it may impose.")). "[J]ustice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). Plaintiffs do not deserve to have their claims, which have been stayed for years, dismissed with prejudice due to an inadvertent clerical error on the part of their attorney.

Relief should be granted as Plaintiffs' motion meets the requirements of Rule 60(b) as dictated by the Fifth Circuit, which states that the movant must prove the initial judgment to be manifestly unjust. "The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." *Bohlin Co.*, 6 F.3d at 353 (citing *United States v. O'Neil*, 709 F.2d 361, 373 n.12 (5th Cir. 1983)). Since the submission of their first direct filing short forms in July 2013, Plaintiffs have taken the necessary legal steps to protect their interests, including filing an individual complaint and sworn statements pursuant to PTO No. 63, when they had already been named in a mass joinder complaint in April 2013. Plaintiffs did not deliberately disregard a portion of the sworn statement, and terminating their claims that have been stayed for

7

several years because of an inadvertent clerical mistake would violate every notion of justice.  The principle of the finality of judgments "must yield to the equities of the case in order that the [Plaintiffs] may be afforded their day in court." *Seven Elves*, 635 F.2d at 402.

The Fifth Circuit has also stated that a dismissal with prejudice will only be upheld if "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice.  Because this test is conjunctive, both elements must be present." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (citing *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)).  As demonstrated above, Plaintiffs have no record of delay or contumacious conduct, but have substantially complied with every requirement of this Court throughout the history of this long pending litigation.  "[I]t is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justified a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).  Failure to comply with a single scheduling or other pretrial order does not amount to contumacious conduct. *Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 94 (M.D. La. 2015) (citing *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2D 1513, 1520-21 & n.10 (5th Cir. 1985)).  Further, a "court may issue the lenient sanction of providing the plaintiff with additional chances after a procedural default, which may then justify dismissal with prejudice if the court's leniency is met with further default." *Id.* at 96.  As Plaintiffs' mistakes do not even rise to the level of procedural default, but constituted a mere scrivener's error, a lesser sanction would serve the best interests of justice.

Finally, Plaintiffs respectfully requests that they be allowed to amend their pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which allows a party to freely amend its pleading when justice so requires.  While the Supreme Court has acknowledged that the

8

grant or denial of an opportunity to amend is within the discretion of the District Court, it has held that permission should ordinarily be granted absent any bad faith on the part of the movant or any undue prejudice caused to the opposing party. *Forman v. Davis*, 371 U.S. 178, 181-82 (1962). Under the circumstances of the present case, where Plaintiffs have waited an extreme amount of time for resolution of their claims, amendment should be freely granted to avoid dismissal due to a technical error in the complaint. Dismissal on these types of grounds has been rejected by the Supreme Court, which stated,

> "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

*Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Towards this end, Plaintiffs respectfully move this Court to reconsider its Order dismissing Plaintiffs' claims with prejudice, and requests permission to amend their complaint. Plaintiffs are not making this motion in bad faith, but with the sole intention that their claims be decided on the merits, which is one of the founding principles of our judicial system. Further, the opposing party will suffer no undue prejudice. This litigation has been stayed for over six and a half years; allowing Plaintiffs time to amend a clerical error in their pleading will not cause any comparative delay, and will not have a substantial effect, if any effect at all, on the outcome for the Defendants.

## **CONCLUSION**

It has been over seven (7) years since Gulf Oil Spill disaster, and Plaintiffs continues to suffer from serious, chronic health conditions caused by substantial exposure to toxic chemicals related to the Gulf Oil Spill. Plaintiffs have awaited resolution of their claims for these personal injuries, but their claims have consistently been placed in the back of the line for consideration. Plaintiffs' claims were originally filed in April 2013 as part of a mass joinder complaint, and have

9

been subject to a stay ordered by this Court nearly six and a half years ago. Under these circumstances, it would be a grave injustice to dismiss Plaintiffs' claims with prejudice due to an inadvertent clerical or technical error in completing the sworn statement required by PTO No. 63.

On previous occasions, this Court has provided an opportunity for claimants to amend their pleadings to avoid dismissal. On July 19, 2017, this Court entered a separate Order, Document 23053, granting an individual claimant thirty days to comply with PTO No. 63. While the circumstances differ for that claimant and the present Plaintiffs, the ends of justice are the same in that Plaintiffs should have the opportunity to have their case decided on its merits. Further, in 2016, this Court resolved outstanding claims related to economic damages through PTO No. 60. This Court issued an Order to Show Cause regarding compliance with PTO No. 60 on June 7, 2017, which provided claimants with twenty-one (21) days to show cause as to why the court should not dismiss their B1 claims.

With regard to the present Plaintiffs, and other B3 claimants affected by Exhibit 2 of the Order, this Court has provided no such corrective or explanatory period, and has dismissed these claims with prejudice due to simple technical errors in completing a sworn statement form. The dismissal was based on the representation of BP without input from Plaintiff. Also, the "deficiency" was not to the actual complaint, but in an additional document that is not required for instituting a suit under the Federal Rules of Civil Procedure. This Order, and its lack of a reconciliatory provision for claimants listed in Exhibit 2, constitutes a lack of due process and an extreme injustice. Plaintiffs deserves to have their long pending claims decided on the merits, and not terminated for a mere technical error after they have been forced to endure consistent delays of their claims.

In light of the above, Plaintiffs respectfully move this Court to reconsider its Order of July 18, 2017, and grant permission for Plaintiffs to amend their pleading pursuant to Rules 59(e), 60(b), and 15(a) of the Federal Rules of Civil Procedure.

                              Respectfully Submitted,

                              /s/ Paul A. Dominick
                              Paul A. Dominick     Fed ID No. 577
                              NEXSEN PRUET, LLC
                              205 King Street, Suite 400 (29401)
                              P.O. Box 486
                              Charleston, SC  29402
                              PHONE:  843.577.9440
                              FACSIMILE:  843.720.1777
                              PDominick@nexsenpruet.com
                              and

                              Douglas M. Schmidt   Fed ID No. 11789
                              Douglas M. Schmidt, APLC
                              335 City Park Avenue
                              New Orleans, LA 70119
                              PHONE:  504-482-5711
                              FACSIMILE:  504-482-5755
                              Dglsschmdt@yahoo.com

                              *Counsel for Plaintiffs*

August 7, 2017

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Reconsideration and Amendment has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on August 7, 2017.

/s/ Paul A. Dominick
Paul A. Dominick