IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>All Cases in Pleading Bundle B3<br><br>Applies to: | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |
| Holly Williams,<br><br>        Plaintiff,<br><br>v.<br><br>BP Exploration & Production, Inc., BP America Production Company, BP P.L.C., Transocean Holdings LLC, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., And Halliburton Energy Services, Inc.,<br><br>        Defendants. | Civil Action No. 2:17-cv-04307<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION TO
RECONSIDER AND AMEND COMPLAINT**

On February 22, 2017, this Honorable Court issued Pretrial Order ("PTO") No. 63, which required all plaintiffs with claims previously contained in Pleading Bundle B3 to file individual complaints and sworn statements. Nexsen Pruet, LLC and its co-counsel, Douglas M. Schmidt, APLC, represent more than 700 plaintiffs who timely filed complaints pursuant to PTO No. 63. These plaintiffs previously opted out of the class settlement in 2012 and in the spring of 2013, filed complaints (either mass joinder or individual) seeking compensation for their injuries.

Pursuant to PTO No. 63, Plaintiff, Holly Williams ("Plaintiff"), filed an individual complaint and sworn statement, which BP identified as non-compliant with PTO No. 63 due to a clerical error in the sworn statement. Subsequently, Plaintiff's claim was dismissed with prejudice pursuant to this Court's Order dated July 18, 2017, Document 23047 ("Order"). Plaintiff, by and through her undersigned counsel, requests that this Court reconsider its Order dismissing Plaintiff's claim with prejudice, and grant permission for Plaintiff to amend her complaint to correct this clerical error and bring the pleading in compliance with PTO No. 63.

## LEGAL STANDARD & ARGUMENT

Plaintiff requests that this Court reconsider its Order and grant permission to amend her complaint. Dismissal with prejudice of Plaintiff's claim will cause undue harm and grave injustice to Plaintiff, and constitutes a severe lack of due process in this case that has remained stagnant for years. On January 12, 2011, over six and a half years ago, this Court issued PTO No. 25, which stayed all medical opt-out litigation while claims within the settlement program were given priority. Plaintiff first filed a direct filing short form to join the B3 Bundle Master Complaint on November 22, 2011, and was named as a plaintiff in a mass joinder suit filed on April 22, 2013. Plaintiff complied with the Court's recent PTO No. 63, filing an individual complaint on April 29, 2017. PTO No. 63 also required the submission of a sworn statement by Plaintiff, which Plaintiff submitted.

PTO No. 63 provided that BP would submit to this Court a list of plaintiffs that "made some form of submission in response to PTO 63, but whose submissions BP in good faith believes are *materially deficient* for one or more identified reasons." See PTO No. 63 (emphasis added). BP deemed Plaintiff's pleading non-compliant with PTO No. 63 based upon counsel's failure to submit the claimant's sworn statement signature page. While Plaintiff provided a signature page to counsel before the Court's deadline, Counsel inadvertently failed to submit Plaintiff's signature

page with Plaintiff's pleading. BP's claim that the submission was "non-compliant" was not in good faith because the technical defect was immaterial. As stated previously, Plaintiff's counsel filed over 700 compliant complaints in the restrictive response period allotted under PTO No. 63, and the inadvertent mistake in this single purportedly non-compliant pleading is the result of excusable neglect due to this massive undertaking. The Affidavit of Michele Tallon, an employee of Plaintiff's attorney, outlines this inadvertent mistake, and is attached hereto and is submitted in support of Plaintiff's Motion for Reconsideration and Amendment. This technical error cannot qualify as meeting the standard of materially deficient as to the requirements of PTO No. 63. Plaintiff filed an individual complaint and accompanying sworn statement, which the order required. Counsel's failure to submit the signature page, when this pleading document is not a requirement to initiate suit under the Federal Rules of Civil Procedure, does not rise to the level of materially deficient, and certainly does not warrant dismissal of her claim with prejudice.

Under these facts, Plaintiff respectfully requests that this Court reconsider its Order of July 18, 2017. Such a motion has been interpreted by the Fifth Circuit to provide,

> [a] motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e). Under Rule 60(b), the court may relieve a party from final judgment on the basis of "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (citing *Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 669–70 (5th Cir.1986) (en banc)), *Midland W. Corp. v. F.D.I.C.*, 911 F.2d 1141, 1145 n.4 (5th Cir.1990); *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 328 (5th Cir.1987)). Notably, the 2009 Amendments to Rule 59 of the Federal Rules of Civil Procedure expanded the ten-day filing period to twenty-eight (28) days.

3

The Fifth Circuit has held that a Rule 59(e) motion expressly allows a party to correct factual errors. While this Circuit has indicated that this motion is not the vehicle for reevaluating evidence or legal theories which could have been presented before the judgment, it stated that "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted))). Plaintiff in this instance is clearly not attempting to rehash evidence or arguments, but simply attempting to correct a factual error whereby her counsel neglected to submit the signature page of the sworn statement.

In *Templet*, the Fifth Circuit further stated that there are two important judicial imperatives relating to a Rule 59(e) motion: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the District Court is to strike the proper balance between these competing interests." *Templet*, 367 F.3d at 479 (citing *Lavespere*, 910 F.2d 167, 174). It is clear in the present case that the proper balance between these interests is to reconsider the Order dismissing Plaintiff's claim, and allow a just decision to be rendered on the merits. To bring this claim to finality after seven years due to a clerical error in a sworn statement, when Plaintiff has never had an opportunity to present her claim, would constitute a lack of due process and cause irreparable harm that is unwarranted.

While a Rule 60(b) motion requires consideration of the two interests detailed above, it is also subject to more specific grounds of relief. The Fifth Circuit has designated eight factors a District Court should consider in reviewing a Rule 60(b) motion. These factors are:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be

> liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).  When considered in the present case, each of these factors supports reconsideration of the Order.  This motion is not being used as a substitute for appeal, as Plaintiff has not had an opportunity to present her case, and there is no decision on the merits to appeal.  Substantial justice will not be achieved unless the Order is reconsidered, and liberal construction of this rule would certainly warrant relief where Plaintiff's claim was dismissed with prejudice due to an inadvertent clerical error on the part of her counsel.  This motion is made within a reasonable time, and certainly meets the requirement that it be filed within a year after entry of the order.  There has been no consideration of Plaintiff's case on its merits, and the interest of deciding this case on its merits substantially outweighs the interest in finality of judgments based on mere technical error.

As the Supreme Court recently reiterated, "the 'whole purpose' of Rule 60(b) 'is to make an exception to finality.'"  *Buck v. Davis*, 137 S.Ct. 759, 778 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)).  Plaintiff's claim has merit and a final judgment dismissing the claim due to a clerical mistake undermines the basic tenets of the judicial system.  While extraordinary circumstances must be present to warrant relief under Rule 60(b), such circumstances exist presently, as the Supreme Court has held that such circumstances may include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process."

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).  The Plaintiff has not had any opportunity, let alone a fair opportunity, to present her claim and the hardship Plaintiff has endured while this case has remained stagnant merits relief.

The Fifth Circuit has made it clear that preemptory dismissals and judgments without consideration of a claim's merit are improper.  "Truncated proceedings of this sort are not favored, and Rule 60(b) will be liberally construed in favor of trial on the full merits of the case.  Thus, unless it appears that no injustice was done by the judgment, the equities in such cases will militate strongly in favor of relief."  *Id.* at 403.  Further, the Fifth Circuit has interpreted factors seven and eight, namely whether there are any intervening equities, or any other relevant factors, necessarily to include the consideration of prejudice to the non-moving party and the delay caused by granting relief.  *See Seven Elves*, 635 F.2d at 403.  Providing Plaintiff with relief and a reasonable time to amend her pleading would certainly cause no delay or prejudice to BP, as this litigation is currently subject to a stay ordered by the Court in early 2011.  Plaintiff's pleading was just recently filed in early late April 2017, and BP has yet to respond to any B3 Pleading Bundle complaint to date.  As such, if relief were granted, BP's burden would be no greater than any other party that must defend a claim presented on its merits through litigation.  BP's misinterpretation of the "materially deficient" standard, and this Court's Order which followed that interpretation, has caused a clear inequity, as Plaintiff's claim was dismissed due to a technicality after she has been forced to await resolution while the litigation has been stayed for nearly six and a half years, all without the opportunity to present the merits.

Furthermore, it has been plainly articulated that an inadvertent mistake, or excusable neglect, on the part of counsel should not warrant such extreme punishment for a party.  "[P]arties should not be punished for their counsel's neglect except in extreme and unusual circumstances.

6

Dismissal of a complaint with prejudice is a drastic remedy." *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974) (citing *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971) (holding that dismissal with prejudice should only be upheld after the trial court has resorted to "the wide range of lesser sanctions which it may impose.")). "[J]ustice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). Plaintiff does not deserve to have her claim, which has been stayed for years, dismissed with prejudice due to an inadvertent clerical error on the part of her attorney.

Relief should be granted as Plaintiff's motion meets the requirements of Rule 60(b) as dictated by the Fifth Circuit, which states that the movant must prove the initial judgment to be manifestly unjust. "The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." *Bohlin Co.*, 6 F.3d at 353 (citing *United States v. O'Neil*, 709 F.2d 361, 373 n.12 (5th Cir. 1983)). Since the submission of her first direct filing short form in November 2011, Plaintiff has taken the necessary legal steps to protect her interests, including filing an individual complaint and sworn statement pursuant to PTO No. 63, when she had already been named in a mass joinder complaint in 2013. Plaintiff did not deliberately disregard a portion of the sworn statement, and terminating her claim that has been stayed for several years because of an inadvertent clerical mistake would violate every notion of justice. The principle of the finality of judgments "must yield to the equities of the case in order that the [Plaintiff] may be afforded [her] day in court." *Seven Elves*, 635 F.2d at 402.

The Fifth Circuit has also stated that a dismissal with prejudice will only be upheld if "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions

7

would not serve the best interests of justice.  Because this test is conjunctive, both elements must be present." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (citing *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)).  As demonstrated above, Plaintiff has no record of delay or contumacious conduct, but has substantially complied with every requirement of this Court throughout the history of this long pending litigation.  "[I]t is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justified a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).  Failure to comply with a single scheduling or other pretrial order does not amount to contumacious conduct.  *Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 94 (M.D. La. 2015) (citing *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2D 1513, 1520-21 & n.10 (5th Cir. 1985)).  Further, a "court may issue the lenient sanction of providing the plaintiff with additional chances after a procedural default, which may then justify dismissal with prejudice if the court's leniency is met with further default." *Id.* at 96.  As Plaintiff's mistake does not even rise to the level of procedural default, but constituted a mere scrivener's error, a lesser sanction would serve the best interests of justice.

Finally, Plaintiff respectfully requests that she be allowed to amend her pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which allows a party to freely amend its pleading when justice so requires.  While the Supreme Court has acknowledged that the grant or denial of an opportunity to amend is within the discretion of the District Court, it has held that permission should ordinarily be granted absent any bad faith on the part of the movant or any undue prejudice caused to the opposing party. *Forman v. Davis*, 371 U.S. 178, 181-82 (1962). Under the circumstances of the present case, where Plaintiff has waited an extreme amount of time for resolution of her claim, amendment should be freely granted to avoid dismissal due to a

technical error in the complaint. Dismissal on these types of grounds has been rejected by the Supreme Court, which stated,

> "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

*Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Towards this end, Plaintiff respectfully moves this Court to reconsider its Order dismissing Plaintiff's claim with prejudice, and requests permission to amend her complaint. Plaintiff is not making this motion in bad faith, but with the sole intention that her claim be decided on its merits, which is one of the founding principles of our judicial system. Further, the opposing party will suffer no undue prejudice. This litigation has been stayed for over six and a half years; allowing Plaintiff time to amend a clerical error in her pleading will not cause any comparative delay, and will not have a substantial effect, if any effect at all, on the outcome for the Defendants.

## **CONCLUSION**

It has been over seven (7) years since Gulf Oil Spill disaster, and Plaintiff continues to suffer from serious, chronic health conditions caused by substantial exposure to toxic chemicals related to the Gulf Oil Spill. Plaintiff has awaited resolution of her claim for these personal injuries, but her claim has consistently been placed in the back of the line for consideration. Plaintiff's claim was originally filed in April 2013 as part of a mass joinder complaint, and has been subject to a stay ordered by this Court nearly six and a half years ago. Under these circumstances, it would be a grave injustice to dismiss Plaintiff's claim with prejudice due to an inadvertent clerical or technical error in completing the sworn statement required by PTO No. 63.

On previous occasions, this Court has provided an opportunity for claimants to amend their pleadings to avoid dismissal. On July 19, 2017, this Court entered a separate Order, Document

23053, granting an individual claimant thirty days to comply with PTO No. 63. While the circumstances differ for that claimant and the present Plaintiff, the ends of justice are the same in that Plaintiff should have the opportunity to have her case decided on its merits. Further, in 2016, this Court resolved outstanding claims related to economic damages through PTO No. 60. This Court issued an Order to Show Cause regarding compliance with PTO No. 60 on June 7, 2017, which provided claimants with twenty-one (21) days to show cause as to why the court should not dismiss their B1 claims.

With regard to the present Plaintiff, and other B3 claimants affected by Exhibit 2 of the Order, this Court has provided no such corrective or explanatory period, and has dismissed these claims with prejudice due to simple technical errors in completing a sworn statement form. The dismissal was based on the representation of BP without input from Plaintiff. Also, the "deficiency" was not to the actual complaint, but in an additional document that is not required for instituting a suit under the Federal Rules of Civil Procedure. This Order, and its lack of a reconciliatory provision for claimants listed in Exhibit 2, constitutes a lack of due process and an extreme injustice. Plaintiff deserves to have her long pending claim decided on its merits, and not terminated for a mere technical error after she has been forced to endure consistent delays of her claim.

In light of the above, Plaintiff respectfully moves this Court to reconsider its Order of July 18, 2017, and grant permission for Plaintiff to amend her pleading pursuant to Rules 59(e), 60(b), and 15(a) of the Federal Rules of Civil Procedure.

        Respectfully Submitted,

        /s/ Paul A. Dominick
--------------------------------
Paul A. Dominick    Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com
and

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

*Counsel for Plaintiff*

August 7, 2017

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Reconsideration and Amendment has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on August 7, 2017.

/s/ Paul A. Dominick
Paul A. Dominick
