UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| These Pleadings apply to: *Claims in "B1" Bundle* | JUDGE BARBIER |
| This Document Relates to: All Cases in Pleading Bundle B3 | MAG. JUDGE WILKINSON |

_____

| | |
|---|---|
| RICKY ROBIN SR. | CIVIL ACTION 17-cv-3389 |
| Plaintiff | SECTION: J |
| v. | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION INC.; BP AMERICA PRODUCTION COMPANY; BP p.l.c.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN HOLDINGS, LLC; and HALLIBURTON ENERGY SERVICES, INC., Defendants. | MAG JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION WITH RESPECT TO THE COURT'S ORDER DISMISSING THE CLAIMS OF RICKY ROBIN, SR.**

COMES NOW PLAINTIFF, Ricky Robin, Sr., through undersigned counsel, who files this Memorandum in Support of his Motion for Reconsideration, to alter or amend judgment, and/or for relief from judgment, with respect to the Court's Order of July 19, 2017 dismissing Plaintiff with prejudice, pursuant to Rule 59(e) Fed. R. Civ. P., and in support thereof would show unto the court as follows:

1

**I. INTRODUCTION**

Plaintiff has shown a willingness to proceed with his claim in a proper and effective way. Plaintiff has demonstrated a willingness to abide by the spirit of judicial economy, the rules of the Court, and has sought proper guidance from this Court. The behavior of Plaintiff warrants no sanctions, or, at a maximum, a lesser sanction than involuntary dismissal without adjudication on the merits.

**II. MATERIAL FACTS**

Plaintiff filed his original claim in a mass joinder suit (no. 13-cv-1648) and in an attempt to comply with the Court's order (PTO63) filed a new individual lawsuit (17-cv-3389) in a timely manner and included an executed Exhibit "A". Unfortunately, Plaintiff failed to check the appropriate box under the "status" portion of Exhibit "A" to indicate that he was a properly opted out of the Medical Benefits Settlement. Undersigned counsel received a copy of the Court's order yesterday via the ECF system.

**III. ARGUMENT AND AUTHORITIES**

A district court has wide discretion under Rule 59. Rule 59(e) Fed. R. Civ. P., allows reconsideration when there is a need to correct a clear error of law or to prevent manifest injustice. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

"[D]ismissal with prejudice will be affirmed only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice. Because this test is conjunctive, both elements must be present." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (citing

*Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (emphasis added).

Possible lesser sanctions include stay, dismissal, and reinstatement; award of Attorney's fees; assessment of fines, costs, or damages; fining the party or disciplining the attorney; warning; or conditional reinstatement. *Thanksgiving Tower Partners*, 1993 WL 35716, at *8. A court may issue the "lenient sanction" of providing the plaintiff with additional chances after a procedural default, which may then justify dismissal with prejudice if the court's leniency is met with further default. *Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 96 (M.D. La. 2015).

**A. There is no record of any significant delay or contumacious conduct.**

Contumacious conduct is a "stubborn resistance to authority." *Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 94 (M.D. La. 2015) (citing *McNeal v. Papasan,* 842 F.2d 787, 792 (5th Cir. 1988)). Such behavior can be established by a record of a plaintiff failing to comply with multiple orders and rules of the court. Darville, 305 F.R.D. at 94 (citing *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1520-21 & n. 10 (5th Cir. 1985)). Such behavior goes beyond a failure to comply with a scheduling or pre-trial order. *Id.*

The sort of delay contemplated in cases where there is involuntary dismissal with prejudice, is longer than even a few months, and characterized by significant periods of total inactivity. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (citing *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)). Noncompliance with a single pretrial order which results in functionally no delay, as the entirety of the action is stayed, is not extreme enough to warrant the sanction of

dismissal of the action. *See Darville v. Turner Indus. Grp.*, LLC, 305 F.R.D. 91, 95 (M.D. La. 2015). Even more so in this case, as Plaintiff attempted to comply with the Court's order and her only failure was to check the box on the status indicator section.

**B. There was no prejudice to BP or to the Court.**

Plaintiff's failure to file a complete Exhibit "A" in compliance with Pre-Trial Order No. 60 at the time of filing her complaint did not prejudice BP or the Court. Pursuant to the Court's order regarding new lawsuits filed pursuant to PTO No. 60 on April 15, 2016, all new lawsuits (and previous suits) were, and are, STAYED until further order of the Court. [MDL ECF 16225].

Plaintiff's newly filed complaint is only two months old and remains stayed, and Plaintiff's completed Exhibit "A", is attached hereto. Therefore, there is no evidence, nor could there be any evidence, that any prejudice or harm occurred to BP as a result of this sequence of events. Nor can it be said that there has been any harm to the overall disposition of the Court's docket, or the administration of justice. This factor weighs heavily in favor of allowing the Plaintiff to have its case adjudicated on the merits, as opposed to involuntary dismissal.

**IV . CONCLUSION**

WHEREFORE, Plaintiff respectfully prays for this Honorable Court to reverse, revise, or otherwise alter or amend, its order of July 19, 2017 and reinstate the Plaintiff's case for adjudication upon the merits.

4

Respectfully submitted by:

S/Salvadore Christina, Jr.
Salvadore Christina, Jr. (LA 27198)
Kevin Klibert (LA 26954)
Becnel Law Firm, LLC
Post Office Drawer H
Reserve, LA 70084
(985) 536-1186 - telephone
(985) 536-6445 - facsimile
dbecnel@becnellaw.com
schristina@becnellaw.com
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all Counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12 and 60 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179 on this the 1 day of August, 2017

S/Salvadore Christina, Jr.