UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG DEEPWATER HORIZON in the GULF OF MEXICO, on APRIL 20, 2010 | *<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO: 2:10-md-02179<br><br>SECTION "J"<br><br>JUDGE BARBIER |
| This document applies to:<br>2:13-cv-00582-CJB-JCW<br>2:13-cv-02964-CJB-JCW | | MAGISTRATE JUDGE WILKINSON |

**DEFENDANTS PLANT PERFORMANCE SERVICES, LLC AND FLUOR ENTERPRISES, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO ALTER, AMEND OR CORRECT JUDGMENT AND FOR OTHER RELIEF PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60**

Defendants Plant Performance Services, LLC ("P2S") and Fluor Enterprises, Inc. ("Fluor") hereby respond to Plaintiffs' Motion, Doc. 23087 ("Motion").  Plaintiffs filed two multi-plaintiff cases against P2S and Fluor (among other defendants), *Abney, et al. v. Plant Performance Services, LLC, et al.*, No. 2:13-cv-00582 (E.D. La.); *Abood, et al. v. Plant Performance Services, LLC, et al.*, No. 2:13-cv-02964 (E.D. La.).  Both *Abney* and *Abood* were transferred to this Multidistrict Litigation ("MDL").  Both cases asserted tort and contract claims against P2S and Fluor related to the post-explosion clean-up efforts.  Accordingly, both cases squarely fell within the B3 Pleading Bundle to which this Court's Pretrial Order 63 ("PTO 63") applied.

This Court warned that any Plaintiff who failed to comply with the requirements of PTO 63 would have his or her claims dismissed with prejudice.  Despite being given a significant extension and months to file the requested information, none of the Plaintiffs complied with PTO 63 with respect to their claims against P2S or Fluor.  On July 18, 2017, the Court properly dismissed with prejudice the claims of Plaintiffs who failed to comply with PTO 63.

DB1/ 93100861.3

Plaintiffs have not cited any valid basis for reconsidering the dismissal of their claims with prejudice. Instead, Plaintiffs argue that: (1) the Court made some unspecified error; (2) they somehow believed that their contract claims were not B3 claims despite the Court's clear B3 definition, which expressly includes contract claims; (3) requiring them to file individual breach of contract claims like all the other plaintiffs in the multi-plaintiff cases is somehow unjust; and (4) the interest in the finality of judgments does not outweigh their interest. Plaintiffs fail to identify any error by the Court; their claims fall squarely within the definition of the B3 Pleading Bundle and the Court expressly ordered them to comply with PTO 63 a second time when it denied their motions for relief from PTO 63; there is no injustice in holding Plaintiffs to the same requirements with which 960 other plaintiffs were able to comply; and Plaintiffs were expressly warned that failure to comply with PTO 63 would result in dismissal with prejudice, but they failed to comply anyway. Accordingly, P2S and Fluor respectfully request that the Court deny Plaintiffs' Motion to alter, amend, or correct the dismissal with prejudice of their claims against P2S and Fluor.

**I.      Background**

Plaintiffs' Motion relates to *Abney* and *Abood*, two multi-plaintiff cases that were transferred to this MDL from the Northern District of Florida in 2013. The Judicial Panel on Multidistrict Litigation ("Panel") transferred *Abney* on April 1, 2013. Doc. 9093. The Panel transferred *Abood* on May 10, 2013. Doc. 9935. The transfer orders transferred the cases in their entirety. *See* Doc. 9093; Doc. 9935.

In both cases, Plaintiffs alleged that P2S and Fluor contracted them to engage in post-explosion clean-up efforts, and they asserted tort and contract claims against P2S and Fluor related to the post-explosion clean-up efforts. *See* Complaint, *Abney, et al. v. Plant Performance*

*Services, LLC, et al.*, No. 2:13-cv-00582 (E.D. La. Apr. 29, 2013), Doc. 1-1 ("*Abney* Complaint") at 149-162 (asserting claims against P2S and Fluor for injuries by hazardous substances under Florida Statutes, Chapter 376, breach of contract, negligent misrepresentation, punitive damages, and medical surveillance); Complaint, *Abood, et al. v. Plant Performance Services, LLC, et al.*, No. 2:13-cv-02964 (E.D. La. May 17, 2013), Doc. 1-1 ("*Abood* Complaint") at 53-66 (same).

Previously, on October 19, 2010, this Court had issued Pretrial Order 11 ("PTO 11"), which created "Pleading Bundles" for the MDL, including the B3 Pleading Bundle. Doc. 569 at 2. On January 12, 2011, this Court then issued Pretrial Order 25 ("PTO 25"), which clarified that the B3 Pleading Bundle was for "**Clean-Up, Medical Monitoring, and Post-April 20 Personal Injury Claims**," and "will include all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010." Doc. 983 at 2. On February 22, 2017, this Court entered PTO 63, where it "ma[de] clear that the B3 Pleading Bundle includes contract claims related to the response efforts." Doc. 22295 at 1.

In PTO 63, the Court dismissed the Amended B3 Master Complaint. *Id.* at 2-3. The Court then issued instructions "[t]o assist the Court in streamlining the remaining claims and to facilitate the administration of this MDL and the prosecution of the actions herein." *Id.* at 3. The Court required that "[w]here B3 Plaintiffs did not file an individual lawsuit, but instead . . . were part of a complaint with more than one plaintiff . . . , **each such plaintiff** must, by April 12, 2017, file an individual lawsuit (Complaint) (one per plaintiff, without class allegations)," which "must include as an attachment [a] completed **Sworn Statement** . . . ." *Id.* at 4. The Court

warned that "B3 Plaintiffs that did not file individual lawsuits, but instead . . . were part of a complaint with more than one plaintiff . . . , who fail to comply with the above requirements by April 12, 2017, will have their claims deemed dismissed with prejudice without further notice." *Id.*

On April 12, 2017, Plaintiffs in both *Abney* and *Abood* filed Motions for Relief from PTO 63, where they requested the Court to excuse them from the PTO 63 requirements due to the cost of compliance. Doc. 22644 & 22644-1 at 5 (*Abood* Plaintiffs); Doc. 22646 & 22646-1 at 5 (*Abney* Plaintiffs). Plaintiffs are now erroneously claiming that their Motions for Relief from PTO 63 "have not been heard." Doc. 23087 at 1. However, as Plaintiffs must know, the Court denied Plaintiffs' Motions for Relief from PTO 63, and ordered them "to comply with PTO 63" by May 3, 2017. Doc. 22724 at 1.

No Plaintiffs complied with PTO 63 with respect to their claims against P2S and Fluor. On July 18, 2017, the Court entered an Order "As to Compliance with Pretrial Order No. 63." Doc. 23047. In Exhibit 1 to that Order, the Court listed "960 plaintiffs" who complied with PTO 63 and "are subject to further proceedings of this Court." *Id.* at 2. The Court ordered "that B3 claims that are not listed in EXHIBIT 1 are DISMISSED WITH PREJUDICE." *Id.* The names of all but 18 of the 843 *Abney* and *Abood* Plaintiffs were not listed in Exhibit 1; therefore, their claims against P2S and Fluor were dismissed with prejudice. *See* Doc. 23047-1. None of the remaining 18 filed individual complaints or sworn statements in cases where P2S or Fluor were named as defendants. *See* Doc. 23904 at 1-2; Doc. 23904-1 at 1; Doc. 23904-2 at 1. Accordingly, their claims against P2S and Fluor are subject to dismissal with prejudice as well. *See* Doc. 23904 at 1-2; Doc. 23904-1 at 1; Doc. 23904-2 at 1.

## II. Argument

### A. Legal standards

Plaintiffs seek relief under Federal Rules of Civil Procedure 59(e) and 60(b). Plaintiffs' Motion should be decided under Rule 59(e) because 28 days have not passed since their claims were dismissed with prejudice. *See Morris v. Arch Ins. Co.*, No. CIV.A. 11-1033, 2011 WL 4742127, at *1 n.8 (E.D. La. Oct. 7, 2011) ("If the motion is filed within twenty-eight days of the ruling about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion."). For the sake of thoroughness, P2S and Fluor will address each of Plaintiffs' arguments.

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A Rule 59(e) motion to alter or amend judgment 'calls into question the correctness of a judgment.'" *Morris*, 2011 WL 4742127, at *1 (quoting *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002)). "It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment . . . , but instead 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), and quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* "A Rule 59(e) motion should not be used to re-litigate prior matters that simply have been resolved to the movant's dissatisfaction." *Thommassie v. Antill Pipeline Constr. Co.*, No. CIV.A. 12-2750, 2014 WL 3734759, at *2 (E.D. La. July 28, 2014) (internal quotation marks and ellipses omitted). Thus, "the Rule 59(e) standard 'favors denial of motions

to alter or amend.'" *Id.* (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for certain reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). "The Fifth Circuit has cautioned that relief under Rule 60(b) is an 'extraordinary remedy,' because the 'desire for a judicial process that is predictable mandates caution in reopening judgments.'" *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. CIV.A. 12-2071, 2014 WL 994665, at *3 (E.D. La. Mar. 13, 2014) (quoting *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005)). Thus, "Rule 60(b) relief will only be afforded in unique circumstances." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993).

Plaintiffs have alleged only the following bases for granting their Motion: that the Court made an error; they believed that their contract claims are not B3 claims; requiring them to file individual breach of contract claims is manifestly unjust; and the interest in the finality of judgments does not outweigh their interest. Plaintiffs' arguments are meritless.

### B. <u>Plaintiffs fail to identify any error by the Court.</u>

Plaintiffs claim that their Motion "shows how inadvertent error by the Court appears to have been made as to these plaintiffs." Doc. 23087-1 at 2. It is not entirely clear what error Plaintiffs are ascribing to the Court. The only potential allegation of error is in Plaintiffs' statement that "it is warranted to clarify and correct inadvertent error in orders regarding dismissal with prejudice of Bundle B3 claims to the extent the contract claims of these plaintiffs are deemed dismissed." *Id.* at 4. However, there was no error; the Court properly dismissed

Plaintiffs' claims, including their contract claims, for Plaintiffs' failure to comply with PTO 63 even after being given additional time by the Court to comply.

In the first place, Plaintiffs erroneously state that "[n]either defendant [P2S or Fluor] is a party to the MDL." *Id.* at 1. But, as Plaintiffs know well, the Panel transferred *Abney* and *Abood* in their entirety to this MDL in 2013. *See* Docs. 9093 & 9935. What Plaintiffs seem to be claiming is that P2S and Fluor are not parties in this MDL because they were not named as defendants in the B3 Master Complaint. *See* Doc. 881 (original Master Complaint for B3 Bundle); Doc. 1812 (First Amended Master Complaint for B3 Bundle). Specifically, Plaintiffs state that "during the time the class complaint"—apparently referring to the B3 Master Complaint—"was being crafted and revised," the Plaintiffs' Steering Committee ("PSC") told their counsel that "Bundle B3 did not include" their breach of contract claims against P2S and Fluor, and that their counsel "was told" that they did not need to submit evidence—again, apparently through the procedure the Court established for the claims in the B3 Master Complaint—"because P2S and Fluor were not parties in the MDL." Doc. 23087-1 at 3. But PTO 25 states that the B3 Pleading Bundle includes "all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint." Doc. 983 at 2. PTO 25 does not limit claims in the B3 Pleading Bundle to those pled in the B3 Master Complaint. Indeed, in PTO 63, the Court dismissed the Amended B3 Master Complaint, and provided instructions applicable to "the remaining claims"—*i.e.*, the claims against the other B3 defendants who were not named in the B3 Master Complaint, such as P2S and Fluor. Doc. 22295 at 2-3.

Plaintiffs also state that it "comes as a surprise" to them that their claims against P2S and Fluor are subject to PTO 63. Doc. 23087-1 at 5. Plaintiffs provide no reasons for their surprise,

other than restating the erroneous claim that P2S and Fluor, which have been in the MDL for well over 4 years in the suits brought by their clients, are somehow "not party to the MDL." *Id.* But Plaintiffs' claims against P2S and Fluor fall squarely within the definition of the B3 Pleading Bundle. PTO 25 states that the B3 Pleading Bundle "will include all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010." Doc. 983 at 2. PTO 63 "makes clear that the B3 Pleading Bundle includes contract claims related to the response efforts," like the Plaintiffs' claims here. Doc. 22295 at 1. Indeed, all of the claims against P2S and Fluor in *Abney* and *Abood* are tort and contract claims related to the post-explosion clean-up response efforts. *See Abney* Complaint at 149-162; *Abood* Complaint at 53-66. Accordingly, Plaintiffs' claims against P2S and Fluor are certainly subject to PTO 63. Because Plaintiffs failed to comply with PTO 63 with respect to their claims against P2S and Fluor, and failed to point to any "manifest errors of law or fact" or any "newly discovered evidence" as required under Rule 59(e), those claims are properly subject to dismissal with prejudice. *Morris*, 2011 WL 4742127, at *1 (internal quotation marks omitted).

### C.     Plaintiffs' claims are expressly B3 claims.

Despite the clear and unambiguous orders of this Court and their Complaint, Plaintiffs argue that they believe that their contract claims relating to post-explosion clean-up efforts somehow were not B3 claims. Doc. 23087-1 at 2-3.

However, as explained in the preceding section, P2S and Fluor are parties in the *Abney* and *Abood* cases that are in this MDL, and Plaintiffs' claims fall squarely within the B3 Pleading Bundle. *See supra* Pt. II-B. Plaintiffs could not reasonably believe otherwise because PTO 25 and PTO 63 are unambiguous in their definitions of the B3 Pleading Bundle as encompassing

"all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint," Doc. 983 at 2, including "contract claims related to the response efforts," Doc. 22295 at 1.

Moreover, to the extent Plaintiffs are claiming that there was a mistake justifying reconsideration under Rule 60(b) because the PSC allegedly told their counsel that P2S and Fluor were not parties to the MDL, *see* Doc. 23087-1 at 3, their argument fails. A party's "incorrect interpretation of the court's actions [as claimed by Plaintiffs here] does not justify relief under 60(b)(1)." *Edward H. Bohlin*, 6 F.3d at 357 (affirming denial of 60(b) motion challenging dismissal, where plaintiff claimed that district court's statements led it to believe it did not have to respond to motion to dismiss at that time). *Abney* and *Abood* had been transferred to this MDL, Plaintiffs' claims fall within the unambiguous definitions of the B3 Pleading Bundle in PTO 25 and PTO 63, and PTO 63 states that it applies to "the remaining claims" after dismissal of the Amended B3 Master Complaint. Doc. 22295 at 2-3. Any purported mistaken interpretation by Plaintiffs does not justify reconsideration.[1]

A further reason that Plaintiffs cannot claim they reasonably believed they did not have to comply with PTO 63 with respect to contract claims is that they had filed Motions for Relief from PTO 63, Docs. 22644 & 22646, where they requested to be excused from the requirements, Docs. 22644-1 at 1 & 22646-1 at 1—and the Court denied their motions and ordered them to comply with PTO 63, albeit with additional time to comply, Doc. 22724 at 1.

### D.  Requiring Plaintiffs to file individual complaints is not a manifest injustice.

---

[1] Plaintiffs assert that "[b]ecause no process has yet been made clear to apply to these claims which are primarily asserted against entities not parties to the MDL, the plaintiffs reasonably have concluded the Court's plan for these claims would be presented in due time." Doc. 23087-1 at 7. But the Court did present a plan for their claims—PTO 63—and Plaintiffs failed to comply with it.

Plaintiffs argue that "PTO No. 63 has a manifestly unjust impact because of its procedural device of requiring each plaintiff to file separately his or her own identical case." Doc. 23087-1 at 5.  Plaintiffs contend that the alleged "incredible expenditure of resources makes no sense." *Id.*

However, Plaintiffs are merely rehashing arguments that they already made in their Motions for Relief from PTO 63, which the Court denied.  Therefore, their arguments are improper for a motion to alter or amend.  *See Morris*, 2011 WL 4742127, at *1 ("[Rule 59(e)] is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment . . . ."); *Thommassie*, 2014 WL 3734759, at *2 ("A Rule 59(e) motion should not be used to re-litigate prior matters that simply have been resolved to the movant's dissatisfaction." (internal quotation marks omitted)).

Regardless, there is no manifest injustice.  Although Plaintiffs allege that complying with PTO 63 would have been "an excessive burden on each plaintiff and on counsel," Doc. 23087-1 at 6, the Court has listed 960 plaintiffs who managed to comply with PTO 63 (many of whom were represented by one firm, Nexsen Pruet).  *See* Doc. 23047-1.[2]

### E. The need to render just decisions does not outweigh the interest in finality.

Plaintiffs argue that the interest in finality of judgments does not outweigh their interest in access to justice.  Doc. 23087-1 at 6-7.  When ruling on a Rule 59(e) motion, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin*, 6 F.3d at 355.

---

[2] Plaintiffs additionally state that "no sovereign immunity excuse can be assumed to be available for these cleanup companies, P2S and Fluor, because they are not parties to the MDL."  Doc. 23087-1 at 5.  However, as P2S and Fluor explained above, they are defendants in cases that were transferred to this MDL in their entirety.  P2S and Fluor also deny Plaintiffs' assertion that they would have lacked a derivative immunity defense.

Balancing these interests does not justify withdrawing the dismissal with prejudice of Plaintiffs' claims against P2S and Fluor. There is no injustice in the dismissal with prejudice of Plaintiffs' claims because, in PTO 63, the Court expressly warned Plaintiffs that their claims would be dismissed with prejudice if they failed to comply with PTO 63. *See* Doc. 22295 at 4. Yet Plaintiffs still failed to comply. Therefore, Plaintiffs cannot meet their extremely high burden for requesting the extraordinary relief provided under Rule 59(e) (or even under the inapplicable Rule 60(b)).

### III.  Conclusion

For the foregoing reasons, the Court should deny Plaintiffs' Motion to alter, amend, or correct the dismissal with prejudice of their claims against P2S and Fluor.

Dated this 7th day of August, 2017.

          Respectfully submitted,

          */s/ Anne Marie Estevez*
          ANNE MARIE ESTEVEZ
            Florida Bar No. 991694
          JOSEPH D. MAGRISSO
            Florida Bar No. 105352
          200 South Biscayne Blvd., Suite 5300
          Miami, FL 33131-2339
          Telephone:  (305) 415-3330
          Fax No.:  (877) 432-9652

          Attorneys for Defendants,
          PLANT PERFORMANCE SERVICES, LLC
          and FLUOR ENTERPRISES, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of August, 2017.

                                                    */s/ Anne Marie Estevez*
                                                    ANNE MARIE ESTEVEZ

DB1/ 93100861.3