UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL No.:  2179<br><br>Section "J"<br><br>Judge Barbier |
| This Document Relates to:<br>2:16-cv-03661<br>2:16-cv-03748 | Magistrate Judge Shushan |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO BP'S DISPOSITIVE MOTION AS TO RELEASED CLAIMS PURSUANT TO PTO NO. 64, SECTION I.B1 ("B1 BUNDLE")**

Plaintiff, PERRY FAMILY PROPERTIES, LLC, by and through the undersigned attorneys, files this Response in Opposition to BP's Dispositive Motion as to Released Claims Pursuant to PTO No. 64, Section I.B1 ("B1 Bundle") [doc 22479], and would further state as follows:

1. On March 29, 2016, the Court issued Pretrial Order No. 60 ("PTO 60") which required private Individuals and Businesses included in the "B1" Bundle to file an individual lawsuit together with an executed Sworn Statement by May 2, 2016.

2. The claim of Plaintiff, PERRY FAMILY PROPERTIES, LLC, was one of three claims belonging to a single individual that was filed under the Deepwater Horizon Claim Center Settlement Program. The other claims were Claude F. Perry, Sr. and Claude Perry Enterprises, LLC.

3. In response to PTO 60, the Plaintiff filed two Complaints with the required Sworn Statement: one individually for the Plaintiff, PERRY FAMILY PROPERTIES, LLC (2:16-cv-

1

03748) and one that was brought by all three existing claimants in a single complaint (2:16-cv-03661).

4. In particular, on April 25, 2016, the Plaintiff, PERRY FAMILY PROPERTIES, LLC, along with Claude F. Perry, Sr. and Claude Perry Enterprises, LLC timely filed a Complaint (2:16-cv-03661) and executed Sworn Statement as required by PTO 60. (A copy has been attached as Exhibit "A.")

5. Thereafter, on April 27, 2016, the Plaintiff, PERRY FAMILY PROPERTIES, LLC, out of concern that the April 25, 2016, Complaint might be considered in violation of the "one plaintiff rule" timely filed its Individual Complaint (2:16-cv-03748) and executed Sworn Statement as required by PTO 60. (A copy has been attached as Exhibit "B.")

6. On the required Sworn Statement for Case Nos. 2:16-cv-03748 and 2:16-cv-03661, the Plaintiff, PERRY FAMILY PROPERTIES, LLC, was asked to indicate its status from a list of options. Unfortunately and inadvertently, Plaintiff, PERRY FAMILY PROPERTIES, LLC, erroneously checked the box on the Sworn Statement indicating that it was a Member of the Economic and Property Damage Settlement Class when, in fact, Plaintiff, PERRY FAMILY PROPERTIES, LLC, was properly opted out of the Economic and Property Damage Settlement. *See* Economic Class Opt-Out Notice attached hereto as Exhibit "C."[1]

7. On February 22, 2017, the Court issued PTO 64 which required individual plaintiffs claiming under general maritime law to file Sworn Statements by April 5, 2107.

8. Plaintiff, PERRY FAMILY PROPERTIES LLC, timely complied with PTO 64 by filing its Sworn Statement on April 4, 2017. (A copy has been attached as Exhibit "D.")

9. As a result of the Plaintiff's erroneous selection in its Sworn Statement for Case Nos.

---

[1] A Separate Motion to Amend Sworn Statement has been filed [doc 23159] in conjunction with this Response in Opposition to correct this inaccuracy.

2:16-cv-03748 and 2:16-cv-03661, indicating that the Plaintiff was a member of the Economic and Property Damage Settlement, BP'S Dispositive Motion as to Released Claims Pursuant to PTO No. 64 includes the Plaintiff, PERRY FAMILY PROPERTIES, LLC, as a claimant which released its claim against BP.

10.   However, as the Plaintiff, PERRY FAMILY PROPERTIES, LLC, properly opted out of the Economic and Property Damages Settlement, Plaintiff, PERRY FAMILY PROPERTIES, LLC, requests leave to amend its Sworn Statement to correct its status to: "Properly opted out of the Economic and Property Damages Settlement," with respect to both filed lawsuits: 2:16-cv-03748 and 2:16-cv-03661.  *See* Proposed Amended Sworn Statement attached hereto as Exhibit E.

11.   Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings. Rule 15 provides that the Court "should freely give leave [to amend] when justice so requires."

12.   Justice requires that Plaintiff, PERRY FAMILY PROPERTIES, LLC, be allowed to amend its Sworn Statement to correctly identify itself as a claimant that "Properly opted out of the Economic and Property Damages Settlement."  The Complaint itself is properly pleaded and the requested correction in the Sworn Statement would merely indicate Plaintiff, PERRY FAMILY PROPERTIES, LLC's, actual status.  Further no prejudice would result to Defendant BP.

13.   Accordingly, the Plaintiff respectfully requests denial of BP's Dispositive Motion as to Released Claims Pursuant to PTO No. 64 directed to Plaintiff, PERRY FAMILY PROPERTIES, LLC, because it has complied with both PTO 60 and PTO 64 and did NOT release its claim against BP, but instead properly opted out of the Economic and Property Damages Settlement.

**MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 15 (a) provides that leave to amend "shall be freely given when justice so requires." *Lone Star Ladies Investment Club v Schlotzsky's,* 238 F.2d 363, 367 (5th Cir.2001). Accordingly, denying leave to amend absent articulable reason is "not an exercise of discretion" but rather "abuse of … discretion." *Lone Star Ladies Investment Club v Schlotzsky's,* 238 F.2d 363, 367 (5th Cir.2001)*, citing, Foman v Davis,* 371 U.S. 178, 182 (1962). "The touchstone of the inquiry under rule 15(a) is prejudice." *Lone Star Ladies Investment Club,* 238 F.3d at 368. In the absence of any apparent or declared reason—such as undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the Rule requires, be 'freely given.' *Foman,* 371 U.S. at 182 (1962). Thus, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be granted. *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262 (11th Cir. 2004). Under the above delineated standards, Plaintiff should be granted leave to amend his Sworn Statement filed with the Complaint and BP's Dispositive Motion as to Released Claims Pursuant to PTO No. 64, Section I.B1 ("B1 Bundle") as to Plaintiff, PERRY FAMILY PROPERTIES, L.L.C., should be denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Response will be served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF

System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7st day of August 2017.

Respectfully submitted.

                              KRUPNICK, CAMPBELL, MALONE,
                              BUSER, SLAMA, HANCOCK,
                              LIBERMAN, P.A.

                              By: _____

                              Kelley B. Stewart, Esquire
                                  Florida Bar Number:  492132
                                  kstewart@krupnicklaw.com

                              Michael J. Ryan, Esquire
                                  Florida Bar Number:  975990
                                  mryan@krupnicklaw.com

                              Joseph J. Slama, Esquire
                                  Florida Bar Number:  476171
                                  jslama@krupnicklaw.com

                              Jesse S. Fulton, Esquire
                                  Florida Bar Number:  112495
                                  jfulton@krupnicklaw.com

                              Kevin A. Malone, Esquire
                                  Florida Bar Number:  224499
                                  kmalone@krupnicklaw.com

                              Carlos A. Acevedo, Esquire
                                  Florida Bar Number:   0097771
                                  cacevedo@krupnicklaw.com

                              12 Southeast Seventh Street, Suite 801
                              Fort Lauderdale, Florida  33301-3434
                              954-763-8181 telephone
                              954-763-8292 facsimile

                              and

        Michael G. Stag, Esquire
            Louisiana Bar Number:  23314
            mstag@smithstag.com

        Merritt E. Cunningham
            Louisiana Bar Number:  32843
            mcunningham@smithstag.com

        SMITH STAG, L.L.C.
        One Canal Place, Suite 2850
        365 Canal Street
        New Orleans, Louisiana  70130
        (504) 593-9600 telephone
        (504) 593-9601 facsimile

        Attorneys for Plaintiff