## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | ) | **MDL 2179** |
| "Deepwater Horizon" in the Gulf | ) | |
| of Mexico, on April 20, 2010 | ) | **SECTION J** |
| | ) | |
| This Document Relates to: | ) | **JUDGE BARBIER** |
| | ) | |
| Jesco Construction Corp. of Delaware v. | ) | **MAG. JUDGE WILKINSON** |
| BP Exploration & Production, Inc., et al.; | ) | |
| Case No. 2:11-cv-00911 | ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### BP DEFENDANTS' DISPOSITIVE MOTION AS TO PRESENTMENT

Comes now Plaintiff Jesco Construction Corp. of Delaware and responds to the BP Defendants' Dispositive Motion as to Presentment as follows:

### Introduction

Plaintiff filed its complaint in the District Court of Harris County, Texas, on December 2, 2010. Plaintiff's complaint alleges that BP Exploration & Production, Inc. and BP America Production Company entered into a contract with Plaintiff to provide certain supplies and services in response to the Deepwater Horizon incident. In part, the complaint alleges that Plaintiff provided certain vessels in response to BP's VOO Program and provided other contractual services. The complaint alleges a breach of contract, estoppel, fraud, and related causes of action all related to BP's post-spill conduct related to clean up and response services. The complaint does not allege any claims pursuant to the Oil Pollution Act and does not allege any damages to Plaintiff's business or

property resulting from the Deepwater Horizon incident.

The action was removed to the United States District Court for the Southern District of Texas on December 13, 2010, and was transferred to this Court on or about April 18, 2011.

Plaintiff requested exclusion from the settlement of the Deepwater Horizon incident on October 11, 2012.  On May 6, 2016, in response to PTO 60, Plaintiff filed a sworn statement for disclosure of B1 claims.  (See Doc 2 in Case No. 2:11-cv-00911).  Plaintiff complied with PTO 63, filing a sworn written statement regarding its B3 Bundle Claims on April 12, 2017.  The Court has noted that Plaintiff has complied with PTO 63 and that its claims are subject to further proceedings of this Court.  (See Doc 23047)

### Plaintiff is not required to present non-OPA claims.

Plaintiff acknowledges that this Court has held that OPA's presentment requirement is mandatory, and Plaintiff must present any OPA claim 90 days prior to filing suit.  However, the OPA presentment requirement applies only to OPA claims.  Plaintiff's claims are not filed pursuant to OPA, and OPA does not displace or preempt Plaintiff's claims.  Plaintiff's claims are not within the framework of claims for which OPA provides a remedy and, therefore, are not preempted by the OPA.  *In re Oil Spill by the Deepwater Horizon in the Gulf of Mexico*, 808 F.Supp.2d 943, 962-63 (E.D. La. 2011) (damages covered by OPA must be presented; OPA does not displace claims Plaintiffs would have been able to bring prior to OPA's enactment.)

At the time Plaintiff filed its sworn statement in response to PTO 60, there was uncertainty as to whether the B1 Bundle encompassed VOO and related claims.  For example, the court described the B1 Bundle as including claims made by VOO claimants in its 2011 order desling with

-2-

OPA presentments.  More recently, the Court confirmed that VOO related claims fall within the B3 Bundle in PTO 63.

> For purposes of this Pretrial Order No. 63, the Court makes clear that the B3 Pleading Bundle includes contract claims related to the response efforts, including Vessels of Opportunity ("VoO") Program contract claims in which Plaintiffs seek compensation that might be owed by BP or another defendant under a VoO or other similar charter agreement or other contract, relating to the Plaintiff's vessel charter and/or other clean-up efforts.

Jesco has fully complied with PTO 63, and the Court has found as such.  (Doc 23047)

Consequently, Plaintiff's complaint does not allege a claim under OPA, and its complaint is not due to be dismissed for lack of presentment.

*/s/  Steven L. Nicholas*
STEVEN L. NICHOLAS
ASB-2021-N35S
Cunningham Bounds, LLC
Post Office Box 66705
Mobile, Alabama  36660
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2017, an electronic copy of the foregoing was filed with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system and was uploaded to the Lexis-Nexis File & Serve system, and that service will be accomplished by same.

*/s/  Steven L. Nicholas*
STEVEN L. NICHOLAS