UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: ) | |
| OIL SPILL BY THE OIL RIG ) | |
| "DEEPWATER HORIZON" IN THE ) | MDL Docket No. 2179 |
| GULF OF MEXICO ON APRIL 20, 2010 ) | |
| ) | |
| THIS DOCUMENT RELATES: ) | |
| ) | |
| Bradley Shivers, et al v. BP, PLC, et al ) | |
| Case No. 2:10-cv-03261 ) | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO BP'S DISPOSITIVE MOTION AS TO RELEASED CLAIMS PURSUANT TO PTO NO. 64, SECTION I.B1 ("B1 BUNDLE")**

Mark Edward Mead files this response in opposition to BP's Dispositive Motion to clarify that Mr. Mead was incorrectly identified in BP's Dispositive Motion (Rec. Doc. 22479) as being a remaining B1 bundle plaintiff that has previously settled and released his claims against BP. Specifically, as noted in footnote six of the Status Report for the February 17, 2017 Status Conference (Rec. Doc. 22247), this Court did not formally assign Mark Mead's pending case, *Bradley Shivers, et al. v. BP, PLC, et al.* Case Number: 2:10-cv-03261, to any pleading bundle. Mr. Mead's case does not involve any B1 claims as his pending case only involves claims for bodily injuries as a first responder to the Deepwater Horizon explosion and subsequent fire. Moreover, Mr. Mead has not settled or released those bodily injury claims against BP. As such, BP's dispositive motion, at least with respect to Mr. Mead and to the extent it is directed towards his pending case involving his bodily injuries, is improper and should be denied.

**Brief Statement of Facts and Procedural History**

On Tuesday, April 20, Bradley Shiver, Scott Russell, and Mark Mead set out for a 36-hour fishing trip. At around 9:45 p.m. that evening, Mr. Shivers observed a distant light. Mr. Shivers viewed the light through his binoculars and saw that it appeared to be an oil rig that was on fire. Mr. Shivers turned on the vessel's VHF whereupon he and Plaintiffs Mead and Russell heard a woman's voice over channel 16 of the vessel's VHF calling for help and stating that they were abandoning the rig. Shortly thereafter, the plaintiffs heard and felt a concussion from an explosion. The Plaintiffs immediately responded to the mayday call.

During the hours-long rescue efforts, the plaintiffs communicated continually with the Coast Guard and other vessels in effort to locate survivors. Throughout the night, there were many times when the plaintiffs felt and heard deep rumbling sounds coming from deep below the surface of the water. Eventually, the plaintiffs concluded that the missing men would likely never be found.

Upon returning home on April 21, Plaintiff Mark Mead collapsed. He suffered from anxiety attacks and recurring images of what he had seen and heard at the site of the explosion. He began taking medication to deal with these symptoms. Mr. Mead continued to experience stress and depression following the incident.

On July 20, 2010, Plaintiffs Bradley Shivers, Mark Mead, and Scott Russell filed a complaint for their personal injuries suffered as first responders to the Deepwater Horizon explosion and fire.

**Argument**

Although Mr. Mead's case has been pending in MDL 2179, this Court did not include Plaintiff's case in its list of Bundle A cases attached to Pretrial Order 25 (Rec. Doc. 983-1), nor did it ever formally assign it to any other pleading bundle (Rec. Doc. 22247) such as the B1 Bundle as indicated in BP's Dispositive Motion (Rec. Doc. 22479). To further clarify, since the B1 bundle only

included claims for non-governmental economic loss and property damages by private individuals and businesses, Mr. Mead's pending case for personal injury should not have been identified as a case in the B1 Bundle.

In addition, the release executed by Mr. Mead under Claimant ID 100004028, as referenced by BP in their Dispositive Motion did not release his pending medical claims in *Bradley Shivers, et al. v. BP, PLC, et al.* Case Number: 2:10-cv-03261.  Therefore, Mr. Mead's pending case for bodily injury would not have been released by executing the release for his economic loss claims under Claimant ID 100004028.  BP's Dispositive Motion appear to have inadvertently included Mr. Mead as a B1 Bundle Plaintiff when instead his claims were not included in any bundle.  As such, and for the reasons stated above, BP's Dispositive Motion should be denied.

## Conclusion

Plaintiff respectfully requests that this Court enter an Order denying BP's Dispositive Motion as it relates to Plaintiff Mark Mead's pending bodily injury claims in *Bradley Shivers, et al. v. BP, PLC, et al.* Case Number: 2:10-cv-03261.

    Respectfully submitted,

    */s/ Adam M. Milam*
    ADAM M. MILAM, ESQ. (MILAA2597)
    Attorney For Plaintiffs

OF COUNSEL:
Milam & Milam, LLC
2206 Main Street
Daphne, Alabama 36526
Tel: (251) 928-0191
Fax: (844) 273-4029
amilam@milam-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 7th day of August 2017, electronically filed the foregoing documents with the Clerk of the Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF System, and provided notice by and through Lexis Nexis to all counsel of record.

*/s/ Adam M. Milam*
ADAM M. MILAM