UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § | MDL No. 2179 SECTION: J |
| This document relates to: No. 12-970, 16-6049 | § § § | JUDGE BARBIER MAG. JUDGE WILKINSON |

**RESPONSE MEMORANDUM TO BP'S DISPOSITIVE MOTION AS TO RELEASED CLAIMS PURSUANT TO PTO NO. 64, SECTION I.B1 ("B1 BUNDLE") [REC.DOC. 22479]**

NOW INTO COURT, through undersigned counsel, comes Innovation Federal Credit Union ("Innovations" or "Claimant"), who files this Response To BP's Dispositive Motion As To Released Claims Pursuant To PTO NO. 64, Section I.B1 ("B1 BUNDLE") ("The Motion To Dismiss"). As BP notes in its Motion to Dismiss, Claimant believes that its claims against BP are subject to the BEL Class Action Settlement, but asks this Court to stay, rather than to dismiss its suit.

Innovations filed a Business Economic Loss ("BEL") claim in the Deepwater Horizon Court Supervised Settlement Program ("the Settlement Program" and/or "Settlement Agreement"), and it has diligently prosecuted that claim. Given its name, Claimant had concerns that the Claims Administrator may take the position that Claimant was excluded from the class definition. While Claimant is confident that the Settlement Program properly classified Claimant as a BEL claimant, counsel for Claimant filed a Complaint in abundance of caution in the event that the Claims Administrator disagreed. Claimant's BEL claim is currently in the claim appeal process, so its BEL claim remains pending. While BP concedes in its Motion To Dismiss that Innovations is a member of the Class, BP's concession is not necessarily dispositive or binding on the Settlement Program.

Innovations has followed all of the rules of the Settlement Program and met every deadline. Innovations made timely presentment pursuant to the OPA, and timely filed this lawsuit. Innovations has complied with this Court's Pretrial Orders in order to maintain this protective lawsuit. While it would be unfair to both parties to force this lawsuit forward into discovery while its claim is pending

before the Claims Administrator, it would be even more unjust to dismiss this suit before Claimant's BEL claim is processed and paid. Once the Claims Administrator completes processing of Claimant's BEL claim (including the pending claim appeal, discretionary review, and potential appellate review by the Fifth Circuit), Innovations will immediately move to dismiss this action. If, however, Innovations' BEL claim is denied, then this lawsuit should still be available as a vehicle for Innovations to continue its claims against BP.

For the forgoing reasons, Innovations requests that this Court deny BP's Dispositive Motion As To Released Claims Pursuant to PTO NO. 64, Section I.B1 ("B1 BUNDLE") as to this specific lawsuit and stay this action during the pendency of its BEL claim in the Settlement Program.

Respectfully Submitted,

WILLIAMS KHERKHER HART BOUNDAS, LLP

_____/s/_____
/s/ Edwin Armistead Easterby
aeasterby@williamskherkher.com
8441 Gulf Freeway, Suite 600
Houston, TX 77017

**Attorneys for Innovations Federal Credit Union**

## CERTIFICATE OF SERVICE

I, Edwin Armistead Easterby, do hereby certify that on this 7th day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

_____/s/_____
/s/ Edwin Armistead Easterby