IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | § | |
| GULF OF MEXICO, on April 20, 2010 | § | SECTION J |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | |
| Claims of Peggy Kemp (12-01895, 13-06013) | § | MAG. JUDGE WILKINSON |

**PLAINTIFF PEGGY KEMP'S MEMORANDUM IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)**

Now into Court, through the undersigned counsel comes Plaintiff, Peggy Kemp, and pursuant to this court's order of June 6, 2017, (Rec. Doc. 22922), files her Memorandum in Support of Her Response in Opposition to Defendants Motion to Dismiss, and would respectfully show the Court as follows:

*1.   Introduction.*

Defendants[1] argue that Plaintiff's claims against them should be dismissed under Rule 12(b)(6) because: (1) the Personal Representative of Roy Kemp settled and released all claims arising out of or related to decedent's death, (2) Plaintiff lacks standing to assert any additional claims against Defendants in their personal capacities because the Personal Representative of Roy Kemp has settled and released all claims, (3) the *Calton* court's reasoning applies with equal force to causes of action asserted under DOHSA and the General Maritime Law, and (4) Peggy Kemp is not the Personal Representative of her deceased son, thus her claims must be dismissed. Plaintiff will address Defendants arguments in turn.

---

[1] BP America Production Company, BP America Inc., BP Corporation North America Inc., BP Exploration & Production Inc., BP Products North America Inc., Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Triton Asset Leasing GmbH, Halliburton Energy Services, Inc., and Sperry Drilling Services

1

*2.     12(b)(6) Standard.*

When considering a Rule 12(b)(6) motion to dismiss, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[2]

*3.     Peggy Kemp has been appointed Personal Representative of her son's estate to pursue her claim.*

Defendants argue that Peggy Kemp's claim for the death of her son should be dismissed because she is not the personal representative of his estate. However, on March 23, the 7th District Court of Louisiana, Catahoula Parish, appointed Peggy Kemp as the Personal Representative of the Estate of her son, Roy Wyatt Kemp for the purpose of pursuing her claims as a parent and dependent relative. A copy of this order is attached hereto as Exhibit A.[3] Accordingly, Defendants' 12(b)(6) argument regarding Plaintiff's failure to be appointed as decedent's Personal Representative is moot.[4] Plaintiff's Complaint provides both (1) fair notice of the nature of Plaintiff's claims against Defendants; and (2) plausible, factual allegations to support those claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] To the extent that Defendants request this Court to otherwise consider their Motion as a Motion for Summary Judgment under Rule 56(e), Plaintiff objects as this is outside the scope of the Court's prior orders, Plaintiff has not been allowed to conduct any discovery, and her Motion to Remand remains pending before the Court.

[3] See Exhibit A, Order dated March 27, 2017, attached hereto and incorporated within as if fully copied at length.

[4] To the extent Defendants claim that Plaintiff has a from defect in her pleadings that she has failed to allege she is a personal representative for her son's estate, Plaintiff respectfully responds that she has been stayed from prosecuting her claims until further order of this Court. To the extent the Court deems necessary, Plaintiff respectfully requests leave to file an amended complaint to further address this issue.

2

4.       ***Clara Courtney Kemp's settlement with Defendants does not compromise Plaintiff's claims.***

In *Francis on Behalf of Francis v. Forest Oil Corporation*, a Western District of Louisiana Court held that a settlement reached by decedent's widow did not compromise the claims of other beneficiaries. *Francis on Behalf of Francis v. Forest Oil Corp.*, 628 F. Supp. 836 (W.D. La. 1986). While the Fifth Circuit was critical of the *Francis* court in *Calton v. Zapata Lexington*, 811 F.2d 919 (5th Cir. 1987), Plaintiff believes that the *Francis* court's reasoning is instructive in this case, and will address the Fifth Circuit's comments below in part five of this Memorandum.

In *Francis*, decedent's wife was appointed administratrix of decedent's estate and settled claims against the defendants. *Id.* at 837. The agreement released all defendants on behalf of all heirs, survivors, beneficiaries, and relatives of decedent. *Id.* at 838. After settling, the mother of decedent's illegitimate children filed suit against defendants. *Id.* at 837. The court noted that under DOHSA, "the proper party plaintiff is the personal representative of decedent." *Id.* In Francis, the proper party plaintiff was decedent's wife, who previously settled her claims. *Id.* The court held that the rule was not without exception. *Id.* (citing *Smith v. Clark Sherwood Oil Field Contractors*, 457 F.2d 1339 (5th Cir. 1972)).

The *Francis* court held that although no intervention was filed before settlement, the same intervention principles should apply—if the illegitimate children had a right to intervene, they should have a right to bring suit. *Id.* The Court determined that in addition to an obvious conflict of interest existing between the decedent's wife and his illegitimate children, decedent's wife could not have adequately represented the illegitimate children's interest and did not effect a settlement of their claims. *Id.* The court held that the illegitimate children had "a right to prove that they were dependent" on decedent. *Id.* Further, the court noted that the terms of the settlement agreement

revealed that the decedent's wife did not represent the illegitimate children's claims. *Id.* The district court for the Western District of Louisiana ultimately held that the children's claims were not compromised by decedent's wife's settlement. *Id.*

Similarly, in the case at bar, Clara Courtney Kemp's settlement with Defendants does not compromise Plaintiff's claims. Like in *Francis*, decedent's wife—Clara Courtney Kemp—was appointed administratrix of his estate, settled her claims against defendants before other DOHSA beneficiaries had an opportunity to intervene, and did not effect a settlement on behalf of other beneficiaries' claims, as evidenced by the settlement agreement. Like in *Francis*, Clara Courtney Kemp would have been the proper party plaintiff had she brought suit and provided other DOHSA beneficiaries an opportunity to intervene. However, as the *Francis* court directs, the exception to the Personal Representative rule should apply in this case. Had Clara Courtney Kemp brought suit under these circumstances, Plaintiff would have been able to intervene.[5] Thus, because Plaintiff would have had a right to intervene, she should also maintain the right to file suit and pursue her claims. Ultimately, Plaintiffs claims were not compromised by Clara Courtney Kemp's settlement and Plaintiff should have the opportunity to be heard on her claims as a DOHSA parent and present evidence of her dependency as a DOHSA dependent relative.

---

[5] Under these circumstances, Plaintiff would have been afforded the opportunity to intervene pursuant to the literal terms of Federal Rule of Civil Procedure 24(a)(2). *See* FED. R. CIV. P. 24(a)(2) ("[A] court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."); *see Smith v. Clark Sherwood Oil Field Contractors*, 457 F.2d 1339, 1345 (5th Cir. 1972) (concluding that Jones Act beneficiary qualified for intervention of right because her interests were not adequately represented by decedent's personal representative).

5. **Calton *does not apply with equal force to causes of action asserted under DOHSA and the General Maritime Law because its conclusion is flawed and unsupported by the cases it cites.***

Defendants rely on *Calton v. Zapata Lexington* in their motion to dismiss to support their argument that the Personal Representative is the only person with a cause of action against Defendants, thus barring Plaintiff's separate suit. The *Calton* court rejects the *Francis* case, holding that precedent "weighs against allowing beneficiaries to sue in a separate proceeding." *Calton v. Zapata Lexington*, 811 F.2d 919, 921 (5th Cir. 1987). This conclusion is flawed because there are two exceptions to the rule that Personal Representatives are the only persons permitted to bring suit. *See Benoit v. Fireman's Fund Ins. Co.*, 355 So.2d 892, 896 (La. 1978); *see also Smith*, 457 F.2d 1339 (5th Cir. 1972). While precedent weighs in favor of the application of the Personal Representative rule when the facts require, precedent does not categorically weigh against beneficiaries suing in a separate proceeding, as *Calton* and Defendants in the case at bar suggest.

The first exception to the Personal Representative rule exists when there is a conflict of interest between a Personal Representative and a beneficiary, such that the Personal Representative cannot adequately represent all beneficiaries' claims. *See Francis on Behalf of Francis*, 628 F. Supp. at 837, (citations omitted) ("[T]he proper party plaintiff is the personal representative of the decedent. . . . [T]his rule is not without exception. The Fifth Circuit has allowed an intervention in a Jones Act death case by a party whose interest could not be adequately represented by the personal representative. This reasoning should apply equally to a DOHSA claim."); *see also Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 734 (5th Cir. 1978) ("In the few cases in which courts have allowed wrongful death suits to be maintained by the beneficiaries of the decedent rather than his personal representative the result can be explained . . . by the existence of a possible conflict of interest among the beneficiaries requiring multiple representatives."); *Smith*, 457 F.2d at 1345

5

(allowing a Jones Act beneficiary to intervene in a suit between decedent's personal representative and defendants because "the conflicting nature of the beneficial interests prevented the personal representative from acting for the benefit of all the alleged beneficiaries and the result was that a fiduciary was charged with a duty that he could not effectively perform.").

A second exception to the Personal Representative rule exists when "the personal representative actively participates or cooperates with the beneficiary in a settlement of the beneficiary's claim." *Benoit*, 355 So.2d at 896.

Furthermore, the *Calton* proposition that beneficiaries are not allowed to sue defendants in a separate proceeding is unsupported by the cases it cites. In *Hassan v. A.M. Landry & Son, Inc.*, decedent's mother sued defendants under DOHSA, the Jones Act, and general maritime law after decedent's widow settled, compromised, and released all claims against defendants. 321 F.2d 570, 571 (5th Cir. 1963).  The court granted summary judgment in favor of the defendants, disallowing the separate suit, reasoning that the summary judgment evidence "clearly" showed that decedent's widow settled with the active cooperation of the plaintiff. *Id.* Furthermore, the case does not stand for the principle that separate suits cannot be brought. The *Hassan* case does not suggest that there is a categorical bar on separate suits brought by non-Personal Representative beneficiaries—the facts of the case merely required that summary judgment to be granted, thus disallowing a separate suit. *Id.* at 573.

In *Benoit v. Fireman's Fund Ins. Co.*, decedent's Personal Representative sued defendants under DOHSA, the Jones Act, and general maritime law. 355 So.2d 892, 894 (La. 1978). Defendants settled with decedent's wife and children shortly after the Personal Representative brought suit. *Id.* The *Benoit* court ultimately concluded that the proper party plaintiff was decedent's Personal Representative. *Id.* at 896. However, this case does not stand for the

6

proposition that *only* a Personal Representative can bring suit against defendants, as *Calton* and the Defendants in the case at bar suggest. *See Calton*, 811 F.2d at 921. *Benoit*, in fact, articulated the opposite. *Benoit*, 355 So.2d at 895–96. The Supreme Court of Louisiana noted that the "well-established rule that the Personal Representative alone is vested with the authority to maintain an action for maritime death" has two exceptions: (1) where a conflict of interest exists between a beneficiary and a Personal Representative—this provides the remedy of intervention by the beneficiary who may then assert an independent wrongful death claim; and (2) where the Personal Representative has actively participated with the beneficiary in settlement negotiations. *Id.* at 896.

6. ***The exception to the Personal Representative rule exists here, as a conflict of interest exists between Clara Courtney Kemp as the Personal Representative and Plaintiff.***

As stated above, a Personal Representative is the proper party plaintiff unless one of the two exceptions applies. *See Benoit*, 355 So.2d at 896; *see also Smith*, 457 F.2d at 1345; *Francis on Behalf of Francis v. Forest Oil Corp.*, 628 F. Supp. at 837. In the case at bar, the first exception applies, as a conflict of interest exists between Plaintiff as a DOHSA beneficiary—parent and dependent relative—and Clara Courtney Kemp as a Personal Representative. Clara Courtney Kemp could not adequately pursue claims for herself and Plaintiff because (1) Plaintiff had no opportunity to intervene in a suit between Clara Courtney Kemp and Defendants and had no opportunity to participate in settlement negotiations, and (2) Plaintiff's assertion that she is a dependent relative of decedent necessarily argues for the diminution of recovery from the amount Clara Courtney Kemp is entitled to recover.

Furthermore, DOHSA states that the "personal representative . . . may bring a civil action . . . ." 46 U.S.C. § 30302. Despite this language, DOHSA also requires that the action be brought "for the exclusive *benefit of*" the beneficiaries named in the Act—beneficiaries including decedent's parent and dependent relative. *Id.* (emphasis added). The conflicting nature of the

beneficial interests in this case prevents Clara Courtney Kemp as Personal Representative from acting for the benefit of herself and Peggy Kemp as parent and dependent relative.

Plaintiff had no opportunity to intervene in a suit between Clara Courtney Kemp as Personal Representative and Defendants. Plaintiff had no notice of settlement negotiations between Clara Courtney Kemp in her capacity as Personal Representative and Defendants, and thus, no opportunity to participate in those negotiations. Plaintiff has been paid nothing as a result of that settlement, despite her status as a DOHSA beneficiary, parent and dependent relative of decedent. Plaintiff signed nothing in connection with that settlement. Plaintiff did not even have a copy of the settlement agreement until Defendants' counsel sent it to the undersigned. Under these circumstances, Clara Courtney Kemp could not have adequately represented Plaintiff's interests and her own interests in meeting with Defendants. *See Smith v. Clark Sherwood Oil Field Contractors*, 457 F.2d 1339, 1344 (5th Cir. 1972).

The plain language of 46 U.S.C. § 30302 grants Plaintiff Peggy Kemp a wrongful death remedy as decedent's dependent relative. *See* Death on the High Seas Act, 46 U.S.C. § 30302 (2012) ("When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas . . . the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's . . . *dependent relative*. . . .") (emphasis added). Plaintiff is in fact a DOHSA beneficiary to whom the law grants a wrongful death remedy. Plaintiff should have had the opportunity to intervene in a suit against Defendants brought by Personal Representative Clara Courtney Kemp.[6]

---

[6] To the extent that Defendants claim that Peggy Kemp has failed to state a claim under DOHSA, which Plaintiff disagrees with, to the extent deemed necessary by the Court, Kemp respectfully requests the opportunity to move for leave to amend her complaint to cure any said form defects.

By simply reviewing the face of the release it is clear that Clara Courtney Kemp only pursued claims on behalf of herself and the other named beneficiaries, the two minor children of the decedent, Roy Kemp. However, Clara Courtney Kemp did not pursue claims on behalf of all such potential parties and unnamed beneficiaries, including Peggy Kemp, the dependent parent of decedent Roy Kemp. The inadequacy of Clara Courtney Kemp's representation of other beneficiaries as decedent's Personal Representative conflicts with Plaintiff's interest as a DOHSA beneficiary. Thus, Plaintiff should be allowed the opportunity to present evidence and be heard on her claims against Defendants. Defendants' motion to dismiss should be denied.

### 7. *Plaintiff is a Personal Representative of decedent's estate and thus has standing to bring this suit.*

"[A] 'personal representative' is the court-approved executor or administrator of the decedent's estate." *Calton*, 811 F.2d at 921; *Briggs v. Walker*, 171 U.S. 466, 472–73 (1898). "[T]he term personal representative requires some designation by a court that the individual seeking to prosecute the wrongful death action is an administrator of the decedent's estate." *In Re: Cosmopolitan Shipping Co., S.A.*, 453 F. Supp. 265, 266 (S.D.N.Y. 1978); *Garcia v. Bureau Veritas Quality Intern. (North America) Inc.*, 99-3092 (La. App. 4 Cir. 10/4/00), 774 So. 2d 999.

Plaintiff was appointed the Personal Representative of decedent for the sole purpose of pursuing her own claims as parent and dependent relative of her son by the 7th Judicial District Court of the Parish of Catahoula of Louisiana.[7] The order specifically authorized Plaintiff to pursue her own claims as parent and dependent relative of her son.[8] Thus, Plaintiff is the Personal Representative of decedent for the purpose of pursing her wrongful death claims against

---

[7] See Exhibit A, Order dated March 27, 2017, attached hereto and incorporated within as if fully copied at length.

[8] See *id.*

9

Defendants. Plaintiff should have the opportunity to be heard and present evidence on her claims. Defendants' motion to dismiss should be denied.

### *Conclusion*

Accordingly, Defendants cannot demonstrate the Plaintiff has no possibility of recovery against Defendants. For the reasons stated above, Defendants have failed to meet its burden under Rule 12(b)(6) and Defendant's motion should be denied.

**KELLY & TOWNSEND, LLC**

By: */s/ Taylor Townsend*
     **TAYLOR TOWNSEND**
     Louisiana State Bar. No. 20021
     137 Saint Dennis St.
     Natchitoches, LA. 71457
     (318) 352-2353
     (318) 352-8918 (fax)
     Email: taylor@taylortownsendlaw.com

**STEVENSON & MURRAY**

By: */s/ John W. Stevenson, Jr.*
     JOHN W. STEVENSON, JR.
     Fed ID. No. 3992
     24 Greenway Plaza, Suite 750
     Houston, Texas 77046
     Telephone:   713.622.3223
     Facsimile:   713.622.3224
     Email: jstevenson@stevensonmurray.com

## CERTIFICATE OF SERVICE

      I do hereby certify that I have on this 7th day of August, 2017, electronically filed the foregoing with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF system which will send a notice of electronic filing to the following:

Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099                *E-File*

Matthew T. Regan, P.C.
J. Andrew Langan, P.C.
Christopher Esbrook
Kristopher S. Ritter
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654                *E-File*


Robert C. "Mike" Brock, P.C.,
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793                *E-File*

*Attorneys for BP Exploration & Production Inc.*
*and BP America Production Company*

Frank A. Piccolo
PREIS PLC
24 Greenway Plaza, Suite 2050
Houston, Texas 77046                *E-File*

*Attorneys for Transocean Offshore*
*Deepwater Drilling, Inc.,Transocean, LTD.,*
*Transocean Holdings, LLC, Transocean*
*Deepwater, Inc., and Triton Asset Leasing, GmbH*

                                              */s/ John W. Stevenson, Jr.*
                                              _____
                                              John W. Stevenson, Jr.