UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010** | **MDL No. 2179** |
| | **SECTION: J** |
| | **JUDGE BARBIER** |
| **This Document Relates to:** *No. 12-970* | **MAG. JUDGE WILKINSON** |

### MOTION TO AMEND FINAL IMPLEMENTATION ORDERS CONCERNING THE FIFTH CIRCUIT'S 495 OPINION, OR FOR NEW TRIAL

Now into court, through undersigned counsel, comes Claimant ID 100133439 [1], who respectfully request this Court to amend or revise its Order [Implementing Fifth Circuit Opinion Re: Policy 495] entered July 5, 2017 (Doc. 23003) (the "Final Implementation Order"), referencing the two Interim Orders entered on May 25, 2017 and June 13, 2017 (Does. 22872 and 22935, respectively), as these orders failed to follow the Settlement Agreement and the "Fifth Circuit Opinion Re: Policy 495," entered by the United States Court of Appeals for the Fifth Circuit in its Case No. 15-30377 on May 22, 2017 (the "495 Opinion"). This motion is brought pursuant to Rule 59(a)(2) and Rule 59(e) of the Federal Rules of Civil Procedure.

---

[1] For purposes of preserving confidentiality, the Movant herein are referred to by the Claimant ID number issued by the Claims Administrator.

As Movant demonstrates in their supporting memorandum accompanying this motion, Claimant received Incompleteness Denial Notices from the Claims Administrator, who determined that their timely filed claims were governed by Policy 495, and that the information provided was insufficient for the Claims Administrator to make a determination pursuant to the Industry Specific Methodology under Policy 495. Under the terms of the Settlement Agreement, Claimant did not have the right to appeal their denial on the basis of the invalidity of Policy 495. Further, Claimant had no basis to file an appeal because they could not provide the documentation requested by the Program under the incorrect settlement guidelines. Only because Claimant received their Incompleteness Notice before the Fifth Circuit entered its 495 Opinion, the Final Implementation Order (and the corresponding Interim Orders) work to deny this Claimant's otherwise meritorious claim on the basis of criteria that the Fifth Circuit has found to be invalid, violating the Settlement Agreement, the Fifth Circuit's 495 Opinion, Federal Rule 23, and the due process and equal protection clauses of the United States Constitution.

WHEREFORE, Claimant 100133439 moves that the Court amend its Final Implementation Order and the two related Interim Orders, such that they direct the Claims Administrator to reopen this claim and consider it in accordance with the Settlement Agreement, as directed by the United States Court of Appeal, Fifth Circuit, and alternatively, to grant a new trial thereon.

                Respectfully submitted,

                **BALLAY, BRAUD & COLON, PLC**

                *s/ Adrian A. Colon, Jr.*
                ADRIAN A. COLON, JR.  (#20525)
                8114 Highway 23
                Belle Chasse, Louisiana  70037
                Telephone:  (504)  394-9841
                Telecopier: (504)  394-9945
                Adrian@NolaAttorneys.com
                Attorneys for Claimant 100133439

CERTIFICATE OF SERVICE

I, Adrian A. Colon, Jr., do hereby certify that on this 8th day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

                *s/ Adrian A. Colon, Jr.*
                ADRIAN A. COLON, JR.