UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
|    "Deepwater Horizon" in the | * | |
|     Gulf of Mexico, | * | SECTION: J |
|     On April 20, 2010 | * | |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| *No. 12-970* | * | MAG. JUDGE WILKINSON |
| | * | |

___

### MEMORANDUM IN SUPPORT OF MOTION TO AMEND IMPLEMENTATION ORDERS CONCERNING THE FIFTH CIRCUIT'S 495 OPINION, OR FOR NEW TRIAL

NOW INTO COURT, through undersigned counsel, comes Claimant ID 100133439[1], who submits their Memorandum in Support of Motion to Amend Implementation Orders Concerning the Fifth Circuit's 495 Opinion, or For New Trial in the alternative.

___

[1] For purposes of preserving confidentiality the Movants herein are referred to by the Claimant ID number issued by the Claims Administrator.

**MAY IT PLEASE THE COURT:**

## I. BACKGROUND

On May 22, 2017, the United States Court of Appeals for the Fifth Circuit affirmed Policy 495 in part as it relates to the Annual Capital Variable Margin Methodology ("AVM"), but reversed Policy 495 as it pertains to the Industry Specific Methodology ("ISM").

This Court then entered its Interim Order of May 25, 2017 (Doc. 22872), which, among other things, provided that the reversal of the ISM requirements would have no effect upon any claims that had received an Incompleteness Denial Notice and for which all opportunities for review had been exhausted or deadlines expired. Then this Court amended the Interim Order on June 13, 2017, to address claims pending for Discretionary Review (Doc. 22935). On July 5, 2017, this Court entered a third and final Order (Implementing Fifth Circuit Opinion Re: Policy 495), Doc. 23003 (the "Final Implementation Order"), in effect adopting its previous Interim Orders.

Prior to the Fifth Circuit's 495 Opinion, the Claims Administrator had informed this Claimant that it was required to provide certain information conforming to the requirements of Policy 495's Industry Specific Methodology.

Because this Claimant found this information request either impossible or unreasonably onerous to fulfill, the Claimant received an Incompleteness Notice, then a Follow-Up Incompleteness Notice on February 3, 2016; followed by a Denial Notice. Claimant requested re-review and reconsideration to no avail. A deadline extension was denied by the Settlement Program on July 27, 2017.

## II.     BASIS FOR RELIEF

Claimant moves this Court to amend its Final Implementation Order (and the Interim Orders to which it refers) pursuant to Federal Rules of Civil Procedure 59(e) and 59(a)(2). Reconsideration under Rule 59(e) is appropriate upon proof that any one of the following four grounds are present: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the Claimant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.[5]

Multiple grounds are met in this case as the Implementation Order's treatment of Claimant is based upon a manifest error of law or fact and reconsideration is necessary to prevent manifest injustice.

Claimants are members of a certified class in a class action governed by Federal Rules of Civil Procedure 23. In approving the class, this Court reasoned:

> The Settlement Program calculates awards using public, transparent frameworks that apply standardized formulas derived from generally accepted and common methodologies. This level of transparency permits class members to understand how their claims will be evaluated under the Settlement. *It also ensures that similarly situated class members are treated similarly.*
>
> Class members may appeal denials for insufficient documentation, as well as any final determination made in their cases.[1]

In overruling certain objections to the Settlement based on the calculation formula, this Court reasoned that:

> any class member seeking to determine his compensation may simply read the settlement agreements and determine how his circumstances fit into the frameworks. In all cases, the frameworks are detailed and transparent and *a claimant can make a reasonable determination of how his claim will be resolved based on his or his business's circumstances.*[2]

---

[1] Rec.Doc. 8138 at pgs. 8-9 (emphasis added).
[2] Rec Doc. 8138 at pg. 81 (internal quotation and citation omitted) (emphasis added).

The Claimant herein timely filed its claim. During the pendency of its claim, the Claims Administrator determined that additional material was required for purposes of analyzing their claims under Policy 495's ISM.  The Fifth Circuit has now ruled that the Claims Administrator was in error in requesting that additional information.  Because of the vagaries of the Court's and the Claims Administrator's timing, this claim was ultimately denied for failure to produce the additional (and erroneously requested) documents.  Other claimants who filed their claims earlier or later than Claimants herein, who were fortunate enough to have their claims determined before the onset of Policy 495, or had the commencement of the ISM 495 review delayed for some reason, were not then or are not now subject to the erroneous document requests. By denying the moving Claimant relief from their Incompleteness Denial Notice issued as a result of the invalidated Policy, this Court has not treated similarly situated claimants similarly.

Importantly, Claimants had no appeal rights under the Settlement Agreement. Section 6.1.1.1 of the Settlement Agreement provides:

> In the event a Claim is denied because it cannot be fully processed, in whole or in part, on grounds of insufficient documentation, the Claimant has the option to seek a review by a separate DOCUMENTATION REVIEWER assigned by the Claim Administrator. Such appeal shall be filed within 20 days of issuance of written notice to the Claimant from the Settlement Program of insufficient documentation. If the Documentation Reviewer finds error in the denial for insufficient documentation, the Claimant's Claim will be referred back to the Settlement Program, which will then process the Claim. Any decision of the Documentation Reviewer with respect to the documentation issue discussed in this Section shall be without prejudice to the Claimant's right at any time prior to termination of the Settlement Agreement to resubmit the Claim. 3

Notably, the Documentation Reviewer is not empowered to countermand the ISM 495 document requests, and has no authority to declare that the ISM 495 requests should not apply. Claimant was not afforded the opportunity to preserve any argument that the ISM 495 request was contrary to the Settlement Agreement. Other claimants, who were lucky enough to have a slower review process, had their ISM 495 objections preserved. Others, whose claims were decided early in the process, were not subject to Policy 495. We submit that shear (bad) luck in the administrative process cannot be the basis for distributing funds via a federally certified class action settlement.

---

[3] Amended Settlement Agreement at 6.1.1.1., page 54-55.

In addition, the Settlement Agreement specifically allows the Claimant, whose claim has been denied for insufficient documentation, to re-file a claim before the termination of the Settlement Program. The Settlement Program is still alive and functioning, but the Claims Administrator refuses to accept re-filed claims. This refusal to accept re-filed claims is contrary to the Settlement Agreement.

## III. THE COURT'S FINAL IMPLEMENTATION ORDER CONFLICTS WITH THE SETTLEMENT AGREEMENT AND RULE 23

The Court's implementation orders violate Federal Rule of Civil Procedure 23 and the Settlement Agreement itself by treating similarly situated claimants differently, based solely on the date on which the Claims Administrator began working their claims. Under the implementation orders, claimants whose claims were still in process as of May 22, 2017, are permitted to reap the benefit of the Fifth Circuit's 495 Opinion. Those that were denied as incomplete before May 22, 2017, by contrast, have not been able to preserve their objections to the ISM 495 methodology. Granting Claimants' Motion to Amend would correct this arbitrarily inconsistent treatment of these two categories of class members, as mandated by Rule 23 and the Settlement Agreement.

Under Federal Rule of Civil Procedure 23(e), a district court may approve a class settlement only if it is "fair, reasonable, and adequate."  To be fair and reasonable, a settlement must treat similarly situated class members equally: If similarly situated claimants will receive materially different compensation solely because on an arbitrary factor that bears no relationship to the strength of their claims or to the extent of their injuries, then serious questions about the settlement's fairness and reasonableness will necessarily arise.4

To uphold its obligations under Rule 23, the district court must continue to enforce the settlement agreement consistently with its terms.  As this Court has made clear, "a district court's authority to administer a class-action settlement derives from Rule 23," and thus "the court cannot modify the bargained-for terms of the settlement agreement.

---

*4  See In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283, 323 n.73 (3d Cir. 1998) (recognizing that one factor to be considered in evaluating a proposed class settlement is "[w]hether persons with similar claims will receive similar treatment").

That is, while the settlement agreement must gain the approval of the district judge, once approved its terms must be followed by the court and the parties alike." 5

The Court's implementation orders in this case violate its continuing obligations under Rule 23(e). They ensure that similarly situated claimants will be treated drastically differently, receiving widely disparate outcomes under differing interpretations of the documentation requirements, based solely on whether the Claims Administrator processed their claims before or after May 22, 2017.  Many BEL claimants, like the Claimant herein, had their claims denied as incomplete, whereas those claimants that are being processed after May 22, 2017, are being treated as complete — with the same documents that were previously determined as `incomplete'.  Ordering that those claimants, who were erroneously denied as "incomplete", have their claims remanded to Claims Administrator for processing without the ISM documentation requests is necessary to restore fairness and equality to both the settlement agreement and the class.  This Court should therefore alter its Final Implementation Order to allow Claimants' claims to be processed in accordance with the parties' agreement and the requirements of Rule 23(e).

---

[5] *Klier v. Elf Atochem N, Am., Inc.,* 658 F.3d 468, 475 (5th Cir. 2011).

## IV. THE DISPARATE TREATMENT OF THE CLAIMANT VIOLATES ITS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION

This Court's Final Implementation Order treats the Claimant herein differently than similarly situated claimants.  That different treatment is based on nothing more than (bad) luck at its place in the Claims Administrator's ISM 495 claims cycle.  This claim was denied as 'incomplete' before the Fifth Circuit was able to overrule ISM 495 request.  Further, the Claims Administrator's implementation of the Settlement Agreement, the issuance of certain policies after the settlement was noticed[6], and the Claims Administrator's disparate treatment of similar claims, all violate the Claimant's Constitutional due process rights:

> Class actions are a foal' of representative litigation.  One or more class representatives litigate on behalf of many absent class members, and those class members are bound by the outcome of the representative's litigation.  Ordinarily, such vicarious representation would violate the due process principle that "one is not bound by a judgment *in personam* in litigation in which he has not been made a party by service of process."  However, the class action serves as an exception to this maxim so long as the procedural rules regulating class actions afford absent class members sufficient protection.[7]

---

[6] To the extent that any policy enacted after the opt-out period ran and hinders a class member's legal rights, Rule 23(e) applies, and the changes should have been re-noticed to the class.  *See, Keepseagle v. Vilsack,* 102 F.Supp.3d 306 (D.C. Dist. Col. 2015).

[7] §1.1 Newberg on Class Actions (5th ed.) 2011.

Furthermore,

> Class actions are representative suits on behalf of others similarly situated. Class members are not named adversary parties before the court. They are absent, unnamed parities who did not initiate the action but who will be bound by any class judgment, whether favorable or adverse, assuming that they have been adequately represented with respect to issues that they share in common with the class representative.
>
> Rule 23 is constructed to ensure that the representative nature of class action litigation safeguards these absent class members' due process rights. Because the absent class members are not actively in the litigation process, both the class representative and class counsel have a duty fairly and adequately to represent their interests. Moreover, the court has substantial supervisory authority over the quality of representation and specific aspects of the litigation so that it, too, may protect the interests of absent class members. 8

Importantly, the Supreme Court has held that the class action exception to due process mandates that the "procedure adopted" protects the parties' interests:

> [T]here is scope within the framework of the Constitution for holding in appropriate cases that a judgment rendered in a class suit is *res judicata* as to members of the class who are not formal parties to the suit. Here, as elsewhere, the Fourteenth Amendment does not compel state courts or legislatures to adopt any particular rule for establishing the conclusiveness of judgments in class suits; nor does it compel the adoption of the particular rules thought by this to be appropriate for the federal courts. With a proper regard for divergent local institutions and interest, this Court is justified in saying that there has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protections of the interest of absent parties who are to be bound by it.[9]

---

[8] §1:5 Newberg on Class Actions (5th ed.) 2011.

[9] *Hansberry v. Lee,* 311 U.S. 32, 42, 61 S. Ct. 115, 85 L. Ed. 22, 132 A.L.R. 741 (1940)

Here, the new "procedure adopted"—this Court's implementation orders of the Fifth Circuit ISM 495 mandate, the Claims Administrator's implementation of the Settlement Agreement, and the issuance of certain policies after the settlement was noticed[10] and the Claims Administrator's disparate treatment of exceeding similar claims—cannot be said to insure the protection of the Claimant.

Further, the Final Implementation Order, and the Claims Administrator's refusal to review Claimants' claims under the terms of the Settlement Agreement as interpreted and construed by the Fifth Circuit, has resulted in the Claimant's denial of equal protection as guaranteed under the Constitution. Claimant's treatment herein constitutes a classification without rational basis: its claim was denied simply because of the timing of the Claims Administrator's consideration. Had its claims first been reviewed and determined before the effective date of Policy 495, or reviewed after the Fifth Circuit's 495 Opinion, its claims would have been considered and determined under the Settlement Agreement as interpreted and

---

[10] To the extent that any policy enacted after the opt-out period ran hinders a class member's legal rights, Rule 23(e) applies, and the changes should have been re-noticed to the class. *See, Keepseagle v. Vilsack,* 102 F.Supp.3d 306 (D.C. Dist. Col. 2015).

construed by the Fifth Circuit, and they would not have been subjected to the invalid 495 ISM requirements.  The Claims Administrator's selection of its claims for review and the issuance of the Incompleteness Denial Notices during the period when the Claims Administrator was operating under invalid and incorrect requirements, put Claimant into a class that was denied consideration of its legitimate claim under the Settlement Agreement, without a rational basis for that unequal treatment.

RESPECTFULLY, the Court must amend its Final Implementation Order and the two related Interim Orders, such that they direct the Claims Administrator to reopen this case and consider this claim in accordance with the Settlement Agreement, as directed by the United States Court of Appeal, Fifth Circuit, and alternatively, to grant a new trial thereon.

                      Respectfully submitted,
                      **BALLAY, BRAUD & COLON, PLC**

                      *s/ Adrian A. Colon, Jr.*
                    ADRIAN A. COLON, JR.  (#20525)
                    8114 Highway 23
                    Belle Chasse, Louisiana  70037
                    Telephone:  (504)  394-9841
                    Telecopier: (504)  394-9945
                    Adrian@NolaAttorneys.com
                    Attorneys for Claimant 100133439

### CERTIFICATE OF SERVICE

I, Adrian A. Colon, Jr., do hereby certify that on this 8th day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

                      *s/ Adrian A. Colon, Jr.*
                    ADRIAN A. COLON, JR.