UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIANIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | 2:16-cv-07155-CJB-JCW |
| Of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| **This Document Relates To:** | * | JUDGE BARBIER |
| *Pleading Bundle B1* | * | MAG. JUDGE WILKINSON |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO BP'S MOTION AS TO RELEASED CLAIMS PURSUANT TO PTO NO. 64, SECTION 1, B1

Pursuant to Federal Rules of Civil Procedure 27(3) and PTO 64, Plaintiffs respectfully requests that BP's Motion as to Released Claims Pursuant to PTO No. 64, Section 1, B1 requesting the Court dismiss the claims of those Remaining B1 Plaintiffs be denied.

*Statement of Facts*

On April 20, 2010, a devastating oil spill occurred in the Gulf of Mexico known as the Deepwater Horizon incident. BP, the responsible party, started a claims program and multiple class settlements in order to begin compensating victims of the disaster. DDK Partners (hereinafter Plaintiff) was among those parties affected by the disaster. DDK owns property located in the area affected by the Deepwater Horizon oil spill. Plaintiff's property has lost value and has suffered subsequent business losses as a direct result of the devastation caused by the Deepwater Horizon incident. The Plaintiff filed a timely lawsuit against BP Exploration and Production*, et al*. in this Court, and all required claim forms in support of its claim for damages and subsequent losses. The Plaintiff did not sign any releases.

*ARGUMENT*

I.  The first point in BP's argument is that there are seven remaining B1 plaintiffs who executed GCCF releases and that they should be dismissed.

Plaintiff did not sign a GCCF release so this portion of the argument does not apply to Plaintiff.

II.  BP's second point in the argument is that there are thirty-three remaining B1 Plaintiffs who are members of the economic and property damages settlement class that should be dismissed.

BP identifies Plaintiff as a B1 Plaintiff who was neither excluded from nor opted out of that Settlement class and therefore its claims should be enjoined by this Court.  Plaintiff filed a Direct Filing Short Form on April 20, 2011, listing that it had suffered economic losses and confirming it had not filed a claim with GCCF.  On April 20, 2013, Plaintiff filed an Amendment to the Direct Filing Short Form to include the following:

> Claimant incorporates previous claim word for word and states that presentment has been made under the OPA to BP through filing a claim demanding payment with the BP. The Claimant also contends that the Presentment was satisfied by the filing of a claim with the BP Claims Office.  Claimant claims damages for loss in the value of property.  The pre-Spill value of the property has diminished as opposed to the post-Spill value of the claimant's property.  The loss is $1,000,000.00

BP sent Plaintiff a letter on April 30, 2013, stating that they only process claims by claimants who are not members of the class defined by the class action settlement or that have voluntarily opted out of the settlement.   BP further states in that letter that it appears Plaintiff is a member of the class defined in the settlement agreement.  However, Plaintiff opted out and

filed their Exhibit A March 29, 2016, as required and therefore their complaint should not be dismissed.

Plaintiff filed a timely complaint in this matter on May 27, 2016. Plaintiff is listed on the Court's Order to Show Compliance with the PTO 60 as being compliant. Plaintiff has not received a release and has not received a settlement, therefore they have not been compensated for their losses and their claims should not be dismissed.

## *CONCLUSION*

For the foregoing reasons, Plaintiffs respectfully request that BP's Dispositive Motion be denied and for all other relief to which it may be entitled.

Respectfully submitted,

 /s/ Willard Proctor, Jr.

Willard Proctor, Jr.
Attorney for Plaintiff
2100 Wolfe Street
Little Rock, AR  72201
(501) 378-7720
Arkansas Bar No:  87136
willard@wpjrlaw.com
Counsel for Plaintiff, DDK

## **CERTIFICATE OF SERVICE**

I, Willard Proctor, Jr., do hereby certify that I have served on all counsel a copy of the foregoing Memorandum in Support of its Response to BP's Dispositive Motion as to released claims Pursuant to PTO No. 64, Section 1, B1, by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice

of electronic filing in accordance with the procedures established in MDL No. 2179, on this 8th day of August, 2017.

/s/ Willard Proctor, Jr.
Willard Proctor, Jr.