UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL No. 2179** <br><br> **SECTION: J** |
| **This document relates to:** *Certain Cases in the "B1"Pleading Bundle* *and* **2:13-cv-01494** | **JUDGE BARBIER** <br><br> **MAGISTRATE WILKINSON** |

**ADAMS HOMES OF NORTHWEST FLORIDA, INC.'S RESPONSE IN OPPOSITION TO BP'S DISPOSITIVE MOTION AS TO RELEASED CLAIMS PURSUANT TO PTO NO. 64 SECTION I.B1 ("B1 BUNDLE")**

COMES NOW, ADAMS HOMES OF NORTHWEST FLORIDA, INC. ("ADAMS HOMES"), and responds to BP's dispositive motion and accompanying memorandum requesting this Court to dismiss the claims of the Remaining B1 Plaintiff's which have previously settled and released their claims against BP. In support of this opposition, ADAMS HOMES state as follows:

1. Pursuant to PTO 64, the Court granted leave to BP to specifically identify any Remaining B1 Plaintiffs who had **released** their B1 claims and to file a dispositive motion as it relates to these Plaintiffs. Based on the Court's Order, BP identified 40 Remaining B1 Plaintiffs who have released their claims and requested the Court to dismiss these claims with prejudice.

2. BP also identified 33 Remaining B1 Plaintiffs claiming that they are subject to the class release and the Court's injunction and requested the Court to dismiss these claims on the basis that the Plaintiffs: (1) submitted claims to the CSSP and are holding themselves out as settlement class members; (2) did not opt out of the class settlement; and (3) received a

determination on their CSSP claim other than a determination that the Claims Administrator had determined them to be excluded from the settlement class.

3. Despite the fact that PTO 64 granted leave to BP to specifically identify Remaining B1 Plaintiffs who had **released** their B1 claims, BP goes beyond PTO 64 and seeks to identify 14 Remaining B1 Plaintiff's, including ADAMS HOMES, **who have not yet received a CSSP determination nor signed a release.**

4. BP emphasizes the point that certain of the 14 Remaining B1 Plaintiffs, including ADAMS HOMES, have admitted that they are members of the Settlement Class. BP specifically cites allegations made by ADAMS HOMES in its Complaint and its Sworn Statement where ADAMS HOMES states that it "believes it is a member of the settlement class." (Case No. 13-01494, Compl. ¶ 6; see also Sworn Statement (Rec. Doc. 6)). However, BP conveniently fails to adequately address the totality of the Settlement Agreement and the exclusions that could potentially be raised by BP that could impact the 14 Remaining B1 Plaintiffs, including ADAMS HOMES' membership in the class. Furthermore, BP fails to fully quote the allegations made by ADAMS HOMES in its Complaint and Sworn Statement which clearly address ADAMS HOMES' concerns regarding class membership and the exclusions that may be raised by BP or the Claims Administrator that could potentially impact ADAMS HOMES' CSSP claim.

5. In its Complaint, ADAMS HOMES clearly states: "Plaintiff believes it is a member of the Deepwater Horizon Economic and Property Damages Settlement Class (the "DWH Class"). **Nevertheless, BP may dispute Plaintiff's status as a DWH Class Member and/or the Claims Administrator for the Deepwater Horizon Court-Supervised Settlement Program may take action suggesting that Plaintiff or Plaintiff's claims may be excluded from the DWH Class.** Accordingly, out of an abundance of caution, Plaintiff is filing this

Action to protect and preserve its rights against the Defendants named in this Complaint. If Plaintiff is finally determined to be a DWH Class Member, Plaintiff will take appropriate action with respect to claims resolved on behalf of the DWH Class." (see Case No. 13-01494, Compl. ¶ 6).

6. Again, on or about April 29, 2016, ADAMS HOMES, pursuant to PTO 60, filed a Sworn Statement with the Court and attached Exhibit 1 which states further: "Adams Homes of Northwest Florida, Inc. ("Adams Homes") filed a CSSP claim and believes it is a class member. Adams Homes has taken all steps necessary to perfect its claim under the Settlement Agreement; however, BP may attempt to dispute class membership. Furthermore, **the Settlement Program has taken action that seems to suggest that they may attempt to exclude Adams Homes of Northwest Florida, Inc.** Therefore, out of an abundance of caution, Adams Homes filed a lawsuit and a Short Form Joinder to protect and preserve its rights against Defendants. If Adams Homes is finally and fairly determined to be a Class Member and its claims are fully resolved under the Settlement Agreement, then ADAMS HOMES will take appropriate action in relation to these claims and this lawsuit. (See Case No. 13-01494, Sworn Statement, Ex. 1 (Rec. Doc. 6)).

7. To the extent that BP wishes to seek dismissal of ADAMS HOMES Complaint filed in the B1 bundle before a fair, just and final resolution of ADAMS HOMES' CSSP claims, ADAMS HOMES strongly objects.

8. Furthermore, BP affirmatively states in its dispositive motion that ADAMS HOMES, and the other thirteen (13) similarly situated plaintiffs, are members of the Settlement Class. Such admission acknowledges that ADAMS HOMES is not subject to any of the exclusions contained in the Settlement Agreement.

9. As a result, ADAMS HOMES respectfully requests that this Court enter an Order denying BP's dispositive motion at this time without prejudice, and stay these proceedings as it relates to ADAMS HOMES until such time as ADAMS HOMES receives a fair, just, and final resolution of its CSSP claims, or in the alternative require BP to stipulate and acknowledge that ADAMS HOMES is an Economic and Property Damages Settlement Class member, and not subject to any of the exclusions contained in the Settlement Agreement, including any related policies.

WHEREFORE, ADAMS HOMES, respectfully requests this Court to either: (1) enter an order denying BP's dispositive motion without prejudice and stay these proceedings as it relates to ADAMS HOMES until such time as ADAMS HOMES receives a fair, just, and final resolution of its CSSP claims and executes a final release of its claims as required by PTO 64; or (2) require BP to stipulate that ADAMS HOMES is a member of the Economic and Property Damages Settlement Class and is not subject to any of the exclusions contained in the Settlement Agreement, including any related policies, and enter an Order so finding.

Respectfully submitted on this 8th day of August, 2017.

/s/ Robert A. Emmanuel
Robert A. Emmanuel
Florida Bar No. 283797
Gregory P. Fayard
Florida Bar No. 609811
Emmanuel, Sheppard & Condon
30 S. Spring Street
Pensacola, FL 32502
T: (850) 433-6581
F: (850) 434-5856
Attorneys for Adams Homes
of Northwest Florida, Inc.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of August, 2017.

            /s/ Robert A. Emmanuel
            Robert A. Emmanuel
            Florida Bar No. 283797
            Gregory P. Fayard
            Florida Bar No. 609811