## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | ( | **MDL NO. 2179** |
| **Deepwater Horizon in the Gulf** | ( | |
| **Of Mexico, on April 20, 2010** | ( | **SECTION J** |
| | ( | |
| **This document relates to:** | ( | **JUDGE BARBIER** |
| | ( | |
| **Relevant Civil Actions:** | ( | **MAGISTRATE JUDGE** |
| **2:16-cv-07292** | ( | **SHUSHAN** |

### RESPONSE TO BP'S DISPOSITIVE MOTION AS TO RELEASED <u>CLAIMS</u> <u>PURSUANT TO PTO NO. 64, SECTION I.B1 ("B1 BUNDLE")</u>

NOW INTO COURT, through the undersigned counsel, comes MBI Global, LLC ("Global"), who files this Response to BP's Dispositive Motion As To Released Claims Pursuant To PTO No. 64, Section I.B1 ("B1 Bundle") ("The Motion to Dismiss"). For the reasons stated below, Global asks this Court to stay, rather than dismiss the suit.

Global filed a Business Economic Loss ("BEL") claim in the Deepwater Horizon Court Supervised Settlement Program ("CSSP"), and has taken all necessary steps to preserve such claim. Additionally, Global filed the requisite Short Form Joinder documents to preserve its lawsuit, it has complied with all applicable pretrial orders, it has not received an Eligibility Notice or final non-appealable Denial Notice, it has not exhausted its procedural remedies within the Deepwater Horizon Economic and Property Damages Settlement Program, it has not signed an individual release, and it has not received notification from the CSSP indicating it is excluded from the Economic Class. In short, Global remains active within the CSSP.

Dismissing the underlying lawsuit at this point is premature. As BP concedes in its Motion to Dismiss, Global is a valid Economic Class Member. However, BP could still take a contradictory position within the CSSP by arguing that Global is not a member of the Economic Class, but rather an excluded entity. Because BP could still argue that Global is excluded from the

Class, and the CSSP has not yet made a final determination on the viability of Global's BEL claim, dismissing the underlying lawsuit at this point would be unduly prejudicial. Although it would be prejudicial to both parties to force this lawsuit forward into discovery while its claim is pending before the CSSP, it would be even more prejudicial to dismiss this suit before the CSSP makes a final determination in the form of an Eligibility Notice or a final, non-appealable Denial Notice. Therefore, out of an abundance of caution Global files this response to preserve its lawsuit.

Once this claim has reached a final, non-appealable resolution within the CSSP, Global will promptly move to dismiss this protective suit. If, however, the CSSP determines Global is excluded from the Economic Class, then this lawsuit should still be available as a vehicle for Global to pursue its claims against BP.

For the reasons stated herein, Global requests that the Court deny BP's Motion to Dismiss as to this specific lawsuit and stay this action during the pendency of Global's BEL claim.

Respectfully submitted,

**JASON J. JOY & ASSOCIATES, PLLC**

By: ____/s/ Jason J Joy_____
JASON J. JOY (Texas Bar No.: 24058932)
jason@jasonjoylaw.com
COLIN WOOD ((Texas Bar. No.: 24082535)
colin@jasonjoylaw.com
MICHAEL BARCUS (Texas Bar. No.: 24097339)
michael@jasonjoylaw.com
**JASON J. JOY & ASSOCIATES, PLLC**
909 Texas St., Suite 1801
Houston, Texas 77002
Telephone: (713) 221-6500
Facsimile: (713) 221-1717

**ATTORNEYS FOR MBI GLOBAL, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above foregoing Response has been served upon counsel for BP and MDL 2179 Plaintiff's Steering Committee by File & ServeExpress, this 8th day of August, 2017.

*/s/      Jason J. Joy*
Jason J. Joy
