IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| This Document Relates To:<br>*Pleading Bundle B3* | JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |
| LARRY SCHEXNAYDER, RACHEL WILLIAMS, FARRELL SCHEXNAYDER, DONNA PICOU, DARLENE WILLIAMS, each individually and on behalf of GARY SCHEXNAYDER, deceased<br>v.<br>BP AMERICA PRODUCTION COMPANY, BP EXPLORATION & PRODUCTION INC., BP, P.L.C., TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, TRITON ASSET LEASING GMHB, HALLIBURTON ENERGY SERVICES, INC. | CIVIL ACTION NO. 2:17-cv-3207<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION AND AMENDMENT OF ORDER**

COME NOW, Plaintiffs, Larry Schexnayder, Rachel Williams, Farrell Schexnayder, Donna Picou and Darlene Williams, each individually and on behalf of Gary Schexnayder, deceased, and file this Memorandum in Support of their Motion for Reconsideration and Amendment of Order with respect to the Court's Order dated July 18, 2017, which held that Plaintiffs' claims are dismissed with prejudice for failing to comply with Pretrial Order No. 63 ("PTO 63").

**Procedural History**

On April 13, 2011, Plaintiff Gary Schexnayder initiated this action by filing a short form joinder in Case No. 2:10-cv-8888 (Rec. Doc. 52743). Plaintiff Gary Schexnayder died during the

pendency of the action. On February 22, 2017, this Court issued PTO 63 (Rec. Doc. 22295), ordering Plaintiffs who filed short form joinders to file individual lawsuits, along with sworn statements, by April 12, 2017. On April 11, 2017, the above referenced Plaintiffs, each falling within the appropriate class of survivors to make claims for survival and wrongful death actions under Louisiana Civil Code articles 2315.1 and 2315.2, filed a single complaint pursuant to the "related" party exception provided in footnote 1 of PTO 63 in the Eastern District of Louisiana, New Orleans Division, Case No. 2:17-cv-3207. On July 18, 2017, this Court entered an Order finding the above referenced Plaintiffs noncompliant with PTO 63 and dismissing their case with prejudice for failure to refile individual complaints (Rec Doc. 23047).

## Law and Analysis

Although the Federal Rules of Civil Procedure do not specifically recognize general motions for reconsideration, a motion to reconsider a prior ruling is evaluated as a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) if filed within 28 days of the order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. 10-1041, 2012 WL 777268, at *2 (E.D. La. Mar. 8, 2012). Relief under Rule 59(e) is appropriate when: (1) there is an intervening change in the controlling law; (2) new evidence is discovered that was previously unavailable; (3) a manifest error of law or fact must be corrected; or (4) the motion is necessary in order to prevent manifest injustice. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003), *Gulf Fleet Tiger Acquisition, LLC v. Thoma-sea Shipbuilders, LLC*, 282 F.R.D. 146, 152-53 (E.D. La 2012). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F3d 914, 921 (5th Cir. 1995).

Reconsideration in the instant case is appropriate under Rule 59(e) to correct an error of fact or law and to prevent manifest injustice. Plaintiffs concluded that joining their claims in a single complaint was proper under the "related" party exception provided in footnote 1 of PTO 63 and thus filed one complaint in response to this Court's directive. PTO 63 states in pertinent part:

> This does not include complaints that contain related parties such as a husband and wife or co-owners of a business. Where two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint.

(Rec. Doc. 22295, fn. 1). No further instruction or detail on what the Court considered "related parties" was provided.

Plaintiffs Larry Schexnayder, Rachel Williams, Farrell Schexnayder, Donna Picou and Darlene Williams all fall within the appropriate class of survivors to bring survival claims on behalf of decedent Gary Schexnayder under La. C.C. art. 2315.1. These same individuals fall within the appropriate class of survivors to bring individual wrongful death claims as a result of Gary Schexnayder's death under La. C.C. art. 2315.2. Because all of Plaintiffs' claims arise from, and are contingent upon, decedent Gary Schexnayder, Plaintiffs consider themselves "related" and concluded that joining their claims in a single complaint was proper.

Further, it is commonplace to file survival action and wrongful death actions in one complaint. Filing numerous complaints based on one individual's injuries defies the objective of PTO 63: to streamline remaining claims. For these reasons, Plaintiffs believe that their complaint was properly refiled in compliance with PTO 63. Dismissing these claims with prejudice will result in manifest injustice to these Plaintiffs who believed they were compliant with PTO 63.

## Conclusion

Plaintiffs respectfully request that this Court reconsider its Order dated July 18, 2017, and amend the judgment so that Plaintiffs are deemed compliant with PTO 63, and their case may proceed. Alternatively, if the Court concludes that filing one complaint was improper, Plaintiffs respectfully request the opportunity to refile separate complaints so as to comply with PTO 63. Reconsideration of the Court's order will have no negative impact upon the court system, the administration of justice, administration of the Court's docket, and will not cause prejudice to Defendants.

Respectfully submitted,

*s/ Merritt E. Cunningham*
Michael G. Stag LSBA 23314
Merritt E. Cunningham LSBA 32843
**Smith Stag, LLC**
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601
mcunningham@smithstag.com
mstag@smithstag.com

And

Kelley B. Stewart FL Bar No.492132
Michael J. Ryan FL Bar No.975990
Joseph J. Slama, FL Bar No. 47617
Jesse S. Fulton FL Bar No. 112495
Kevin A. Malone FL Bar No.224499
Carlos A. Acevedo FL Bar No.0097771
**The Law Offices of Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman, PA**
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida 33301-3434
954-763-8181 telephone
954-763-8292 facsimile
kstewart@krupnicklaw.com
mryan@krupnicklaw.com

>jslama@krupnicklaw.com
>jfulton@krupnicklaw.com
>kmalone@krupnicklaw.com
>cacevedo@krupnicklaw.com

>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of August, 2017.

>*s/ Merritt E. Cunningham*
>Merritt E. Cunningham