# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION: J JUDGE |
| This Document Relates to: | * | BARBIER |
| *2:13-cv-02964-CJB-JCW* | | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO ALTER, AMEND OR CORRECT JUDGMENT AND FOR OTHER RELIEF PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) IN RESPONSE TO JUDGMENT ENTERED 7/31/2017 (DOC. # 5)

COMES NOW plaintiff, Steven Burke, who respectfully moves this Honorable Court for relief from judgment entered on July 31, 2017 (Doc. 5), see Exhibit "A" Notice of Entry of Judgment, which was entered following BP's response regarding compliance with PTO No. 63 (Doc. 22295) but prior to the hearing on pending motions seeking relief that included this Plaintiff on April 12, 2017 (Doc. # 22644 and Doc. # 22646) and on July 28, 2017 (Doc. # 23087).

1. The plaintiff, Steven Burke, seeking relief here asserts his breach of contract claim against Plant Performance Services, LLC (formerly Plant Performance Services, Inc.) and its parent company, Fluor Corporation. Neither defendant is a party to the MDL. By way of background, those entities, or one of them, contracted with BP to provide cleanup services. A third party beneficiary claim is part of these complaints to the extent BP is ultimately responsible for plaintiff's damages caused by these entities.

2. Based on communications with the Plaintiffs' Steering Committee ("PSC"), plaintiff

1

reasonably believed during the pendency of the MDL that his breach of contract claim asserted against entities which are not parties to the MDL are not part of the B3 bundle. Based on prior communications with the PSC, it was understood that the economic relief sought based on breach of contract could not be pursued through the settlement structure administered by Pat Juneau. Personal injury claims against BP were known to be part of the B3 bundle, and plaintiff has heeded prior court orders accordingly; this motion does not relate to any personal injury claim against BP. The claim by plaintiff against BP which did not fit into any identifiable category in the class action is a third party beneficiary claim against BP, which rises or falls entirely based on facts known only by BP. The plaintiff has asked the defendants for the evidence to evaluate this issue; no evidence has been provided.

3. Thus, it is believed the Court has a plan for these claims against entities which are not parties to the MDL.

4. It is a manifest injustice to enforce PTO No. 63 against plaintiff as to his breach of contract claim against BP, P2S and Fluor, as explained further in the attached memorandum and as was explained in the April 12, 2017 filing. Thus, the undersigned interpreted the effect of PTO 63 on plaintiff to be as follows: A) if the motion filed on April 12 were granted, then BP, P2S and Fluor would be required to answer and some evaluation of whether BP would have responsibility, assuming liability, would occur before judicial resources were invested in discovery to determine whether the cases should proceed as part of the MDL based on potential liability of BP; or B) if the motion were denied, then the claims pending against P2S and Fluor would be the only

remaining surviving claims, and the Court would transfer those claims to the venue in which the injuries occurred.

5. After receiving notice of the July 18, 2017 order, plaintiff's counsel consulted with the Plaintiffs' Steering Committee, which had previously offered the guidance that the Plaintiff's breach of contract claim asserted by plaintiff was not intended to be covered by Bundle B3. A motion pursuant to Rule 59(e) was suggested in the event the July 18, 2017 order did have the effect of dismissing with prejudice all claims of these cleanup workers.

6. The Plaintiff has been patiently trusting the judicial process with appreciation for the magnitude of the Court's efforts in administering his claim directly against BP. Plaintiff seeks guidance from the Court on what the plan is for his claim pending against P2S and Fluor, and also a hearing on the April 12, 2017 motion. To the extent the order entered on July 18, 2017 operates to dismiss with prejudice in their entirety the lawsuits specifically referenced above, then the Plaintiff seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure to alter, amend or correct judgment because the pleadings thus far do not reflect that the Court has disclosed a plan for the claims in the lawsuits referenced-above.

WHEREFORE, the plaintiff respectfully requests relief under Rules 59 and 60 to alter, amend or correct prior orders so that the following may occur: (1) provide plaintiff with a plan to evaluate whether BP is ultimately responsible for the alleged contract damages caused by the actions of P2S and Fluor; (2) permit the plaintiff to seek relief from any or all of these entities as the evidence warrants regardless of whether his claim may be construed as a B3 Bundle claim; (3)

to the extent the Court determines that no relief can be obtained from BP for the damages asserted in plaintiff's complaint, transfer plaintiff's pending lawsuit referenced above so that his claim against P2S and Fluor may proceed in the jurisdiction where the events occurred.

Respectfully submitted,

/s/ Heather F. Lindsay_____
HEATHER F. LINDSAY (FBN 073441)
Lindsay & Lindsay, P.A.
5218 Willing Street
Milton FL 32570
850-623-3200 (T)
850-623-0104 (F)
hfl@lal-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ Heather F. Lindsay_____
HEATHER F. LINDSAY (FBN 073441)