## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig "Deepwater
Horizon" in the Gulf of Mexico, on
April 20, 2010

Applies to:

*ALL CLAIMS IN PLEADING BUNDLE B3*

MDL NO. 2179

SECTION J

JUDGE BARBIER
MAG. JUDGE WILKINSON

### PRETRIAL ORDER NO. 63

### [Regarding All Claims in the "B3" Pleading Bundle]

1.      In order to facilitate the effective administration of this multidistrict litigation and

the prosecution of the coordinated actions herein, the Court established eight separate "pleading

bundles" for different categories of cases and claims.   (PTO 11, Rec. Doc. 569).  The "B3"

Bundle included all claims related to post-explosion Clean-Up, Medical Monitoring, and Post-

April 20 Personal Injury Claims, and it was pled pursuant to a B3 Bundle Master Complaint.

(Rec. Doc. 881, *amended* Rec. Doc. 1812).   The Court further clarified that the B3 bundle

included "all claims, of any type, relating to post-explosion clean-up efforts asserted against

Defendants not named in the B1 Master Complaint, as well as all claims for personal injury

and/or medical monitoring for exposure or other injury occurring after the explosion and fire of

April 20, 2010." (PTO 25, Rec. Doc. 983 at 2).  For purposes of this Pretrial Order No. 63, the

Court makes clear that the B3 Pleading Bundle includes contract claims related to the response

efforts, including Vessels of Opportunity ("VoO") Program contract claims in which Plaintiffs

seek compensation that might be owed by BP or another defendant under a VoO or other similar

charter agreement or other contract, relating to the Plaintiff's vessel charter and/or other clean-up efforts. (*See* Am. B3 Master Complaint ¶ 356).

2.      The Court previously employed the B3 Master Complaint as a procedural device for administrative purposes to facilitate the filing of short form joinders ("SFJs") by plaintiffs. Plaintiffs were permitted to join in the B3 Master Complaint by filing short form joinders pursuant to Pretrial Orders 20, 24, and 25. (Rec. Docs. 904, 982, 983).  Plaintiffs who filed individual lawsuits that raised Clean-Up, Medical Monitoring, or Post-April 20 Personal Injury Claims and were consolidated with these proceedings were deemed "B3" Plaintiffs, even if they did not also file a short form joinder.  (Rec. Doc. 983 at 2).

3.      Considering that the subject oil spill had occurred more than five (5) years prior, the Clerk was directed by Order dated September 4, 2015, to docket no further short form joinders in docket number 10-8888.  (Rec. Doc. 15321).

4.      In addition, under its inherent power, the Court has entered a series of pretrial orders to effectively manage this multidistrict litigation.  These pretrial orders have applied to all cases removed or transferred to this Court and to cases presently and subsequently filed in this Court that are within the subject matter of this MDL.  Several pretrial orders have imposed requirements on plaintiffs to provide the Court and/or parties additional information necessary to the Court's management of the litigation.  These have included PTO 11, PTO 24, PTO 25, PTO 57, and PTO 60, as well as the Court's November 2, 2010 Order Regarding Plaintiff Profile Forms ("PPF") (Rec. Doc. 642).

5.      The Court has previously issued orders dismissing aspects of the Amended B3 Master Complaint.  (Rec. Doc. 4159, 4209).   The Court now sees no further administrative or

2

procedural benefit to maintaining the remaining allegations of the administrative Amended B3 Master Complaint. **Accordingly, the Court hereby DISMISSES the Amended B3 Master Complaint in its entirety.**

6.     To assist the Court in streamlining the remaining claims and to facilitate the administration of this MDL and the prosecution of the actions herein, the Court further ORDERS the following with respect to all plaintiffs who have timely filed a claim in the B3 pleading bundle and who **have not** released their claim(s) to date:

A.     **As to B3 Plaintiffs who filed Individual Lawsuits.**

(i)     The Court hereby orders that any B3 Plaintiff who previously filed an individual complaint (*i.e.*, a single-plaintiff complaint without class allegations) must complete the **Sworn Statement** in the form reflected in **Exhibit A.** The completed Sworn Statement shall be attached to a **cover sheet** reflecting the caption of the individual lawsuit in the form of **Exhibit B.** Both the **cover sheet** and the attached **Sworn Statement** must be filed into the record of the plaintiff's individual lawsuit (as opposed to the master docket for MDL 2179) no later than April 12, 2017. Plaintiffs also shall serve the **Sworn Statement** on the Plaintiffs' Steering Committee ("PSC") and counsel for BP no later than April 12, 2017, as described in paragraph 7, below.

(ii)    B3 Plaintiffs who previously filed an individual complaint and fail to comply with the above requirement by April 12, 2017, will have their complaints deemed dismissed with prejudice without further notice.

3

B.   **B3 Plaintiffs who DID NOT file <u>Individual Lawsuits</u>, (i.e., only filed a SFJ and/or were part of a Lawsuit with more than one plaintiff or a putative class action).**

(i)   Where B3 Plaintiffs did not file an individual lawsuit, but instead filed a SFJ and/or were part of a complaint with more than one plaintiff[1] or a class action, **each such plaintiff** must, by <u>April 12, 2017,</u> file an individual lawsuit (Complaint) (one per plaintiff, without class allegations), using the caption in **Exhibit C**.[2]  The Complaint must include as an attachment the completed **Sworn Statement** in **Exhibit A**.  Each plaintiff also must, by <u>April 12, 2017,</u> serve the PSC and Counsel for BP with a copy of the completed **Sworn Statement**, as described in paragraph 7, below.

(ii)   B3 Plaintiffs that did not file individual lawsuits, but instead filed a SFJ and/or were part of a complaint with more than one plaintiff or class action, who fail to comply with the above requirements by <u>April 12, 2017,</u> will have their claims deemed dismissed with prejudice without further notice.

---

[1]  This does not include complaints that contain related parties such as a husband and wife or co-owners of a business.  Where two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint. The Court has applied a similar requirement in the context of PTO 60.  (*See* Rec. Docs. 16050, 16755, 22003).

[2]  A lawsuit is initiated by filing a written "complaint" with the Court. A complaint must contain, among other things, a short, plain statement of the plaintiff's claim.  See Rule 8 of the Federal Rules of Civil Procedure for the other requirements for a complaint.  Plaintiffs who are not represented by an attorney can mail or deliver their complaint to: Clerk of Court, United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA 70130. Any plaintiff who is unable to pay the cost of filing a lawsuit may apply to proceed without prepaying court fees or costs. An online form is available at http://www.laed.uscourts.gov/pro-se/ifp .

7.      The service of the Sworn Statement and supporting information pursuant to this

Order must be on both Counsel for BP and PSC on or before April 12, 2017.  Service can

be made via United States mail at the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
| --- | --- |
| Attn: J. Andrew Langan | Attn: Steven J. Herman |
| Kirkland & Ellis LLP | Herman, Herman, Katz & Cotlar, LLP |
| 300 North LaSalle St, Suite 2400 | 820 O'Keefe Avenue |
| Chicago IL 60654 | New Orleans, LA 70113 |

Claimants represented by counsel may additionally or alternatively serve the sworn

statements and any supporting information upon the PSC and Counsel for BP via File &

ServeXpress ("F&S").

8.      Plaintiffs should be aware that compliance with this Order does not automatically

make them eligible to receive any compensation for their damages.  Further, this Court's

previous Order and Judgment "permanently bar[red] and enjoin[ed] each Medical

Benefits Settlement Class Member from commencing, asserting, and/or prosecuting any

and all Released Claims against any Released Party."  (See Rec. Doc. 8218 at ¶ 11).

Accordingly, any B3 Plaintiff who is a Medical Benefits Settlement Class Member has

released any claim against BP for exposure-related injuries and may not pursue any such

claim for compensation against BP in this litigation or any other forum except as

provided for under the Medical Benefits Settlement Agreement.  Plaintiffs who comply

with this Order are subject to further proceedings in this Court.  Furthermore, mere

compliance with this Order will not result in a Plaintiff submitting to this Court's

jurisdiction for anything beyond pretrial purposes.

9.      The provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying individual petitions or complaints that fall within pleading bundle B3, whether pre-existing or filed hereafter, remain in effect until further order of the Court.

10.     By May 10, 2017, BP will submit *in camera* to the Court and to the PSC:  (a) a list of Plaintiffs that BP in good faith believes made submissions in response to PTO 63 that complied with the requirements of PTO 63, and (b) a list of Plaintiffs that made some form of submission in response to PTO 63, but whose submissions BP in good faith believes are materially deficient for one or more identified reasons. For those B3 Plaintiffs deemed to be compliant with this Order, the Court will discuss procedures for addressing their claims at a hearing to be set by further Order of the Court.

11.     Following the issuance of this Order, all counsel of record should receive a copy via F&S pursuant to Pretrial Order No. 12. (Rec. Docs. 600, 18627).  This Order will also be posted on the Court's website, http://www.laed.uscourts.gov/OilSpill/OilSpill.htm. Counsel for BP shall mail this order to all plaintiffs who opted out of the Medical Benefits Settlement Agreement, signed their opt-out forms and did not indicate in that form that the plaintiff was represented by counsel, as identified in the list to be provided by Garretson Response Group.  To the extent practicable, counsel for BP shall also mail this order to plaintiffs who have filed a Short-Form Joinder in case 10-08888, selected a Bundle B3 category on that form, and did not indicate in that form that the plaintiff was represented by counsel, at the address provided by the plaintiff in the Short-Form Joinder. Finally, to the extent practicable, the PSC shall email a copy of this Order to known counsel of record for Plaintiffs who joined in the Amended B3 Master Complaint, and/or

opted out of the Medical Benefits Settlement Agreement and may therefore be subject to this Order.  This procedure is deemed sufficient to satisfy notice requirements for all Claimants with "B3" claims.

Accordingly; the Court hereby DISMISSES the Amended Master B3 Complaint and ORDERS the designated plaintiffs to act in compliance with this Order or face dismissal of their claims with prejudice without further notice.

New Orleans, Louisiana, this 22nd day of February, 2017.

CARL J. BARBIER
United States District Judge

**EXHIBIT A**

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

FORM FOR DISCLOSURES REGARDING REMAINING CLEAN-UP, MEDICAL MONITORING, AND
POST-APRIL 20 PERSONAL INJURY CLAIMS, VESSELS OF OPPORTUNITY CHARTER CLAIMS, AND
ALL OTHER B3 CLAIMS

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| | | | |

| Phone Number | E-Mail Address |
|---|---|
| | |

| Current Mailing Address | City / State / Zip |
|---|---|
| | |

| Employer at Time of Incident | Date of Birth |
|---|---|
| | |

| Attorney Name and Firm | Attorney E-Mail Address |
|---|---|
| | |

All previous addresses where Plaintiff resided from April 2010 to present, including the date ranges
Plaintiff resided at each address?

Any prior name used by Plaintiff from April 2010 to present?

| The last 4 digits of the Plaintiff's social security number (if individual) or full Tax ID number in the case of a business plaintiff | Business Name (for non-medical, non-personal injury claims) |
|---|---|
| | |

Please indicate your status:

☐ Properly opted out of the Medical Benefits Settlement*

☐ Not a member of the Medical Benefits Settlement Class

☐ Member of the Medical Benefits Settlement Class

☐ Other:_____

*If you opted out, a copy of your valid opt-out form must be included with your service of this Exhibit A.

---

Did you participate in any of the following Response Activities* in response to the *Deepwater Horizon* incident?

☐ Captain, crew, or other worker employed under the Vessels of Opportunity ("VoO") program who performed Response Activities.

☐ Workers employed to perform the decontamination of vessels involved in Response Activities.

☐ Captains, crew, and other workers on vessels other than VoO who performed Response Activities.

☐ Onshore personnel employed to perform Response Activities.

☐ Persons involved in the recovery, transport, and decontamination of wildlife affected by the *Deepwater Horizon* incident.

* Response Activities is defined as the clean-up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the release of oil, other hydrocarbons, and other substances from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances that were done under the auspices of the Unified Command, BP, or a federal, state, or local authority.

---

**You are pursuing a claim against at least one B3 Defendant by way of (*select all that apply*):**

☐ A Previously-Filed Individual Action, Eastern District of Louisiana Case No. _____.

☐ A New Individual Action (filed because plaintiff previously had only a short-form joinder* on file), Eastern District of Louisiana Case No. _____.

☐ A New Individual Action (filed because plaintiff previously was part of Complaint with more than one plaintiff or a putative class action).  List both prior Eastern District of Louisiana Case No. _____ and new Individual Action Case No._____

☐ Other:_____

* A copy of your timely SFJ(s) (and any PPFs) must be included with your service of this Exhibit A.

**You are pursuing a claim against at least one B3 Defendant for (*select all that apply*):**

☐ Personal injury or wrongful death arising from circumstances <u>other than</u> alleged exposure to crude oil or dispersants.

If so, describe the alleged injury and identify the location and approximate date of the alleged injury: _____

_____

☐ Medical monitoring, personal injury, or wrongful death arising from alleged exposure to crude oil or dispersants.

If so, identify the location and approximate date of the alleged exposure: _____

_____

_____

If so, describe the alleged injury and identify the location and approximate date of the alleged injury: _____

_____

☐ Vessels of Opportunity Contract Claim.

☐ Non-Vessels-of-Opportunity Contract Claim Related to the Response.

☐ Other. Please specify: _____.

**GCCF Claim:**

Did you, the plaintiff seeking relief, present this claim to the Gulf Coast Claims Facility ("GCCF")?

Yes _____.   No _____.

If Yes, please identify:

1. The claim number(s) (if available)._____.

2. Did you execute a release of your claims upon receiving payment through the GCCF:

Yes _____.   No _____.

3

I state under penalty of perjury that the foregoing is true and correct.  Executed on the following date at the following location:

Date: _____, 2017

Location (City and State): _____

_____

Signature of Plaintiff (*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf*)

_____

Print Name

**This Sworn Statement and any supporting information must be filed with the Court and served on both Counsel for BP and the PSC on or before April 12, 2017.  Service on Counsel for BP and the PSC can be made via United States mail at the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | Attn: Steven J. Herman |
| Kirkland & Ellis LLP | Herman, Herman, Katz & Cotlar, LLP |
| 300 North LaSalle St, | 820 O'Keefe Avenue |
| Suite 2400 | New Orleans, LA 70113 |
| Chicago IL 60654 | |

**Claimants represented by counsel may additionally or alternatively serve the sworn statements and any supporting information upon the PSC and Counsel for BP via File & ServeXpress ("F&S").**

EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| [PLAINTIFF] | * | CIVIL ACTION No. _____ |
| VERSUS | * | SECTION: J |
| [DEFENDANT(S)] | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

## FILING OF SWORN STATEMENT FOR DISCLOSURE OF B3 CLAIMS

[NOTE: Use this cover sheet when you already have filed an individual lawsuit and are only filing the Sworn Statement. Replace "[PLAINTIFF]" and "[DEFENDANT(S)]" in the caption above with the actual names of the parties to the lawsuit. Make sure the civil action number of your lawsuit is included in the caption.]

EXHIBIT C

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates To: *All Cases in Pleading Bundle B3* | * | MAG. JUDGE WILKINSON |

| | | |
|---|---|---|
| [PLAINTIFF] | * | CIVIL ACTION No. _____ |
| VERSUS | * | SECTION J |
| [DEFENDANT(S)] | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

COMPLAINT

[NOTE:  Use this form of caption when filing a new lawsuit.  Replace "[PLAINTIFF]" and "[DEFENDANT(S)]" with the actual names of the parties to the lawsuit.  The civil action number will be assigned by the Clerk of Court.]