IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179 Section: J |
| This filing relates to: *All Cases* | * * | Judge Carl J. Barbier |
| (Including Civil Action No. 12-970) | * | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ORDER

**[Approving Settlement of Economic and Property Damages Settlement Claim]**

Now before the Court is the Joint Motion for Approval of a claim under the Economic and Property Damages Settlement Agreement by the representative of Terry Fanguy, a Deceased Claimant ("Claimant") and the Claims Administrator of the Deepwater Horizon Economic and Property Damage Settlement ("Claims Administrator").[1]

The Court makes the following findings:

1. The Claimant submitted the claim to the Claims Administrator before he died. Toni Fanguy ("Claimant's Representative") now seeks to resolve the claim on the Claimant's behalf and has certified that she is fully authorized to bring the claim and to resolve it and execute a Release on behalf of the Claimant and all other persons who may claim any damages by or through any relationship with the Claimant ("Derivative Claimants").

2. The Claims Administrator has reviewed the Claimant's claim in accordance with the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement") and has calculated the Award Amount as payable on such claim.

---

[1] The supporting memorandum is filed under seal because it refers to confidential information regarding the Claimant.

3. Claimant's Representative has accepted the Award Amount as the full resolution of Claimant's claim and has executed a Full and Final Release, Settlement and Covenant Not to Sue ("Release") on such claim.

Accordingly, the foregoing Motion is GRANTED AND IT IS HEREBY ORDERED AND DECLARED THAT:

1. The settlement of Claimant's claim for the Award Amount is approved as fair, reasonable, and adequate.

2. The Claims Administrator shall pay the Award Amount to Claimant's Representative.

3. Claimant's Representative shall distribute such funds in accordance with applicable state law.

4. The Release is fully binding on the Claimant and all Derivative Claimants of the Claimant.

5. Any future settlements and payments on claims on behalf of Claimant made in accordance with the Settlement Agreement are approved as fair, reasonable, and adequate. The Claims Administrator shall issue payment on such claims to Claimant's Representative (or such other person who has certified to the Claims Administrator that he or she has authority to act as the Claimant's representative at such time), and such representative shall distribute such funds in accordance with applicable state law.

New Orleans, Louisiana, this 9th day of August, 2017.

_____
CARL J. BARBIER
U.S. DISTRICT JUDGE