UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL No. 2179 |
| | | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: *No. 12-970* | * * | MAG. JUDGE WILKINSON |

**ORDER**
[As to Motions to Reconsider, Etc., Orders Implementing the Policy 495 Opinion]

Before the Court are eleven motions requesting that the Court reconsider, alter, or amend various aspects of its "Implementation Orders." (Rec. Docs. 23005, 23040, 23042, 23043, 23082, 23137, 23138, 23139, 23140, 23145, 23181).

By way of background, on May 22, 2017, the Court of Appeals issued its decision on Policy 495, a policy in the Economic and Property Damages Settlement concerning the matching of revenue and expenses for Business Economic Loss claims. *In Re: Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017) (hereinafter, "the Policy 495 Opinion"). This Court then issued two interim orders that implemented the Policy 495 Opinion. (Rec. Docs. 22872, 2293). After the Fifth Circuit issued the mandate on the Policy 495 Opinion, this Court issued a third order that removed the "interim" designation from its prior two orders. (Rec. Doc. 23003). The three orders from this Court are the "Implementation Orders" mentioned above.

One objective of the Implementation Orders was to remand to the Claims Administrator claims that were at the discretionary review stage and which (1) had been processed under one of Policy 495's Industry Specific Methodologies or (2) otherwise involved the restatement of revenues (excepting instances where revenues were restated in order to correct an error). The Court remanded 260 claims that appeared to meet one or both of these criteria. (Rec. Doc. 22935).

Some of the movers assert, among other arguments, that their claims satisfied neither of the criteria mentioned above and, therefore, their claims should not have been remanded. After inquiring with the Claim Administration staff about these claims and further reviewing the relevant portions of the claim files, the Court finds that two of the claims—Claim Nos. 363913, 301397—were improperly remanded. Accordingly, the Court will grant the motions appearing at Rec. Docs. 23005 and 23042.

As to the other motions, the Court has considered their arguments but is not persuaded. Those motions will be denied.

Accordingly,

IT IS ORDERED that the Motions for Reconsideration concerning Claim No. 363913 (Rec. Doc. 23005) and Claim No. 301397 (Rec. Doc. 23042) are GRANTED.

IT IS FURTHER ORDERED that the Claims Administrator shall cease processing of Claim Nos. 363913 and 301397 and return those claims to the queue of claims with pending requests for discretionary review.

IT IS FURTHER ORDERED that the Court's Order of June 13, 2017 (Rec. Doc. 22935) is, by effect of this Order, hereby AMENDED to remove Claim Nos. 363913 and 301397 from Exhibit 1.

IT IS FURTHER ORDERED that the following Motions for Reconsideration, Etc., are DENIED: Rec. Docs. 23040, 23043, 23082, 23137, 23138, 23139, 23140, 23145, 23181.

New Orleans, Louisiana, this 10th day of August, 2017.

_____
United States District Judge