# KING KREBS & JURGENS PLLC

COUNSELORS AT LAW
201 ST. CHARLES AVENUE
45TH FLOOR
NEW ORLEANS, LOUISIANA 70170
TELEPHONE: (504) 582-3800
FAX: (504) 582-1233

HENRY A. KING (1)
PATRICIA A. KREBS (1)
GEORGE B. JURGENS III
ROBERT J. BURVANT (1)
J. GRANT COLEMAN, LLM (2)(4)
ERIC E. JARRELL
LEN R. BRIGNAC (3)(5)(1)
TIMOTHY S. MADDEN
ROBERT J. STEFANI (2)(7)(1)
JAMES D. BERCAW

LINDSAY A. LARSON III
DAVID A. STRAUSS (1)(8)
JEFFREY M. BURMASTER
DOUGLAS P. MATTHEWS
MICHAEL L. VINCENZO
CHRISTIAN A. GARBETT (1)
JOHN A. CANGELOSI
ADAM P. MASSEY

Of Counsel:
SARAH S. MONSOUR
JOSEPH R. MESSA (9)

HOUSTON OFFICE:
6363 Woodway, Suite 820
HOUSTON, TEXAS 77057
PHONE: (713) 334-5844
FAX: (713) 334-5828

AFFILIATED OFFICES:
NEW DELHI, INDIA

JOANNE MANTIS (6)
MEGAN COLE MISKO (11)(1)
SUSAN E. DINNEEN (2)(10)
MONICA J. MANZELLA
MICHAEL J. CERNIGLIA (13)
BRENT M. BURNS
JOSEPH A. DEVALL, JR.

ASHLEY P. GONZALEZ
ANDREW J. QUACKENBOS
RICHARD D. SERIO, JR.
JASMINE GOROWARA, LLM
KRYSTIN M. FRAZIER

(1) ALSO ADMITTED IN TEXAS
(2) ALSO ADMITTED IN WASHINGTON, D.C.
(3) ALSO ADMITTED IN FLORIDA

(4) TAX LAW SPECIALIST
CERTIFIED BY THE LOUISIANA
BOARD OF LEGAL SPECIALIZATION
(5) REGISTERED PATENT ATTORNEY
(6) ALSO ADMITTED IN GREECE

(7) ALSO ADMITTED IN NEW YORK
(8) ALSO ADMITTED IN ILLINOIS
(9) ADMITTED IN TEXAS ONLY

(10) ALSO ADMITTED IN MARYLAND
(11) ALSO ADMITTED IN TENNESSEE
(13) ALSO ADMITTED IN COLORADO

WRITER'S DIRECT LINE: (504) 582-3810
E-MAIL: mvincenzo@kingkrebs.com

September 24, 2012

**Via Certified Mail – Return Receipt Requested**
Mr. Richard L. McGimsey
Assistant Attorney General
Office of the Attorney General
Louisiana Department of Justice
P. O. Box 94005
Baton Rouge, Louisiana 70804-9005

Re:   Plaquemines Parish Government
      Contingency Fee Agreement; DEEPWATER HORIZON

Dear Mr. McGimsey:

This is to confirm your advices that the Attorney General's office does not require the Plaquemines Parish Government to seek approval from the Attorney General in order to retain special counsel on a contingency fee basis in the DEEPWATER HORIZON litigation so long as the requirements of the Plaquemines Parish charter regarding retention of special counsel have been satisfied. We understand that the retention of special counsel on a contingency fee basis is also subject to the guidelines provided in Opinion Number O5-0255 (attached hereto).

Please advise if my understanding is incorrect.

Very truly yours,

Michael L. Vincenzo

MLV:lm
Enclosure
cc:   Mr. Stephen Braud
      Mr. Scott Bickford
      Mr. Henry King
      Mr. David Landry

{N0623150 -}


EXHIBIT E

April 4, 2008
**Opinion Number 05-0255**

Mr. Thomas G. Wilkerson, Attorney
Office of the Parish Attorney
Parish of Jefferson
P. O. Box 9
Gretna, Louisiana 70054

| | |
|---|---|
| 46-A | Fees & Costs |
| 84 | Parishes |
| 90-A-1 | Public Funds & Contracts |

Jefferson Parish can compensate private contractors for the services referred to herein pursuant to contingency fee arrangements whereby the fees payable to the contractors are commensurate with the work performed by the contractors and the services received by the Parish.

Dear Mr. Wilkerson:

On behalf of the Jefferson Parish Council, you have requested an opinion of this office regarding the legality of Jefferson Parish's payment of contingency fees, based upon the amount of funds received by the Parish, to private contractors who: (a) process and facilitate Jefferson Parish's requests to the Louisiana Office of Youth Development under the Federal Title IV-E Foster Care Reimbursement Program (the "Foster Care Program"), and (b) identify and prepare federal and state grant proposals (the "Grants") on the Parish's behalf.

Please be advised that this office is not aware of, nor did our research reveal, any provision of state law which would specifically prohibit a parochial government such as Jefferson Parish from contracting with private contractors on a reasonable contingency fee basis. As such, it is the opinion of this office that Jefferson Parish can compensate private contractors, as long as the fees payable in accordance with the contingency fee arrangements are commensurate with the work performed by the contractors and the services received by the Parish.

In reaching our determination herein, we assume that you have examined the all applicable rules, regulations and federal laws with respect to the Foster Care Program, and that you have or will examine all the applicable rules, regulations and laws with respect to the Grants, in order to determine whether any rule, regulation or law specific to the Foster Care Program or the Grants would prohibit the payment of contingent fees to private contractors as you have described.

Out of an abundance of caution, we point out that the decision rendered by the Louisiana Supreme Court in *Meredith v. Ieyoub*, 700 So.2d 478 (La. 1997), which held that a contingent fee contract entered into by the Attorney General with a law firm was an unconstitutional infringement by the Attorney General upon the Legislature's power to control the financial affairs of the State. See also: *Ieyoub v. W.R. Grace & Co.*, 708 So.2d 1227 (3rd Cir. 1998) and Louisiana Ethics Opinion No. 2000-0381.

Opinion Number 05-0255
Mr. Thomas G. Wilkerson, Attorney
Office of the Parish Attorney
Parish of Jefferson
Page -2-

It is the opinion of this office that the *Meredith* decision would not be applicable to contingency fee arrangements made by the Parish of Jefferson. See also: *Town of Mamou v. Fontenot*, 756 So.2d 719 (3rd Cir. 2000). As noted in the attachments included with your request, a local governmental subdivision, such as Jefferson Parish, operating under a home rule charter has the power in affairs of local concern as broad as the power of the state, except as limited by the constitution, by law permitted by the constitution, or by its own home rule charter. *Konrad v. Jefferson Parish Council*, 520 So.2d 393 (La. 1988). You may, however, wish to review the *Meredith* decision yourself, in order to assure yourself and the Parish that the decision does not impede the Parish entering into contingency fee arrangements.

                                  Yours very truly,

                                  JAMES D. "BUDDY" CALDWELL
                                  Attorney General


                    BY:  _____
                            DENISE BROU FITZGERALD
                            Assistant Attorney General

JDC/DBF/dam

Opinion Number 05-0255

| | |
|---|---|
| 46-A | Fees & Costs |
| 84 | Parishes |
| 90-A-1 | Public Funds & Contracts |

Jefferson Parish can compensate private contractors for the services referred to herein pursuant to contingency fee arrangements whereby the fees payable to the contractors are commensurate with the work performed by the contractors and the services received by the Parish.

Mr. Thomas G. Wilkerson, Attorney
Office of the Parish Attorney
Parish of Jefferson
P. O. Box 9
Gretna, Louisiana 70054

Date Received:

Date Released: April 4, 2008

Denise Brou Fitzgerald
Assistant Attorney General

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery<br>MLV  9/27/12 |
| 1. Article Addressed to:<br>Mr. Richard L. McGimsey<br>Office of the Attorney General<br>Louisiana Department of Justice<br>P. O. Box 94005<br>Baton Rouge, LA 70804-9005 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7001 2510 0002 2896 9091 |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

UNITED STATES POSTAL SERVICE
BATON ROUGE LA 708 3
27 SEP 2012 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

MLV
KING, KREBS & JURGENS
201 ST. CHARLES AVENUE, 45th FLOOR
NEW ORLEANS, LOUISIANA 70170

3127-003



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees

Postmark Here

Sent To: Mr. Richard L. McGimsey
Street, Apt. No.; or PO Box No.: Office of the Attorney General
Louisiana Department of Justice
P. O. Box 94005
City, State, ZIP+4: Baton Rouge, LA 70804-9005

PS Form 3800, January 2001    See Reverse for Instructions

7001 2510 0002 2895 9091