# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: **Oil Spill by the Oil Rig** | * | **MDL 2179** |
| **"Deepwater Horizon" in the Gulf** | | |
| **of Mexico, on April 20, 2010** | * | **SECTION:  J** |
| | * | **JUDGE BARBIER** |
| **This Document Relates To:** | | |
| *Pleading Bundle B1* | * | **MAG. JUDGE WILKINSON** |

| | | |
|---|---|---|
| **MARK RODGERS** | * | **C.A. No. 2:17-cv-05491** |
| **Plaintiff,** | | |
| **VERSUS** | * | **SECTION J** |
| **BP PLC, BP EXPLORATION AND** | * | **MAG. JUDGE WILKINSON** |
| **PRODUCTION, INC., BP AMERICA** | | |
| **PRODUCTION COMPANY,** | * | |
| **TRANSOCEAN, LTD., TRANSOCEAN** | | |
| **OFFSHORE DEEPWATER DRILLING,** | * | |
| **INC., TRANSOCEAN DEEPWATER,** | | |
| **INC., TRANSOCEAN HOLDINGS, LLC,** | * | |
| **TRITON ASSET LEASING GMBH, M-I,** | | |
| **LLC, CAMERON INTERNATIONAL** | * | |
| **CORPORATION F/K/A COOPERCAMERON** | | |
| **CORPORATION,** | * | |
| **ANADARKO PETROLEUM** | | |
| **CORPORATION CO, ANADARKO** | * | |
| **E&P COMPANY LP, MOEX** | | |
| **OFFSHORE 2007 LLC, MOEX USA** | * | |
| **CORPORATION, MITSUI OIL** | | |
| **EXPLORATION CO., LTD., AND** | * | |
| **HALLIBURTON ENERGY SERVICES,** | | |
| **INC.,** | * | |
| **Defendants.** | | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING THE CLAIMS OF <u>MARK RODGERS</u>

**NOW COMES PLAINTIFF**, through undersigned counsel, who files this Memorandum in Support of Plaintiff's Motion for Reconsideration of the Court's Order Dismissing the Claims of Mark Rodgers. Plaintiff filed its complaint on June 2, 2017. Plaintiff's complaint was timely filed as the statute of limitations was tolled per the United States Supreme Court's holding in *Am. Pipe & Const. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

I.      **LAW**

A district court had wide discretion under FRCP 59. Rule 59(e) allows reconsideration when there is a need to correct a clear error if law or to prevent manifest injustice. *See Edward H. Bohlin Co., Inc v. Banning Co., Inc,* 6 F.3d 350, 355 (5th Cir. 1993).

"[D]ismissal with prejudice will be affirmed only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice. Because this test is conjunctive, both elements must be present." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

Plaintiff's complaint filed on June 2, 2017 has not been dismissed. However, Plaintiff's complaint was listed in this Court's July 19, 2017 Order (Rec.Doc. 23051). Thus, in an abundance of caution, Plaintiff files this Rule 59 motion.

II.     **FACTS AND ARGUMENT**

   **A.  Class Actions were filed shortly after the explosion.**

The Deepwater Horizon explosion occurred on April 20, 2010. Shortly thereafter, several class actions were filed against the defendants in the United States District Court for the Eastern District of Louisiana including the following:

| Caption: | Date Filed: | Class Definition: |
|---|---|---|
| *Darleen Jacons Levy et al v. Transocean, Ltd., et al.*, C.A. No. 2:10-1245 | April 30, 2010 | [A]ll similarly situated property owners and residents of Louisiana and Mississippi who reside and/or own property that was damaged by oil and petroleum products spilled as a direct result of defendants' negligence |
| *Felix Alexie, Jr. et al. v. BP, PLC, et al.*, C.A. No. 2:10-1250 | April 30, 2010 | All Louisiana residents who live or work in, or derive income from, the Louisiana "Coastal Zone," as that term is defined in 43 U.S.C. 1331€, and who have sustained any legally cognizable loss and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting therefrom. |
| *Bryan C. Carrone, et al. v. BP, Products North America, Inc, et al.*, C.A. No. 2:10-1315 | May 1, 2010 | All Louisiana residents who live or work in, or derive income from, the Louisiana "Coastal Zone," as that term is defined in 43 U.S.C. 1331€, and who have sustained any legally cognizable loss and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting therefrom. |
| *William D. Gregoire, et al. v. Transocean, Ltd., et al.*, C.A. No. 2:10-1351 | May 5, 2010 | All individuals and entities (both natural and juridical) in the State of Louisiana, which are commercial fishermen, shrimpers, charter boat operators, and/or businesses which incur economic losses as a result of the oil spill from the Deepwater Horizon well. |

| | | |
|---|---|---|
| *Curtis Silver, et al. v. BP, PLC, et al.,* C.A. No. 2:10-1387 | May 5, 2010 | All Louisiana residents who live or work in, or derive income from, the Louisiana "Coastal Zone," as that term is defined in 43 U.S.C. 1331€, and who have sustained any legally cognizable loss and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting therefrom. |

Although these class actions were consolidated for pretrial proceedings pursuant to the August 10, 2010 order of the Panel on Multidistrict Litigation, the class actions listed above have not been dismissed.

### B. The class actions interrupted prescription/statute of limitations for all class members.

In *Am. Pipe & Const. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the United States Supreme Court held:

> "[T]he commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."

*Am. Pipe & Const. Co. v. Utah,* 414 U.S. at 553. As class actions were filed, any prescriptive period/statute of limitations has been tolled since the filing of the class actions. As the class actions are still pending, the tolling of the prescriptive period/statute of limitations continues.

### C. Plaintiff is a member of these classes.

Plaintiff, Mark Rodgers, filed suit on June 2, 2017. Plaintiff suffered economic injury, damage, and/or losses as a result of the Oil Spill.[1] Mark Rodgers is a Louisiana resident.[2] As the plaintiff is a juridical or natural person in Louisiana who suffered damages from the Deepwater Horizon explosion, Plaintiff is a class member of the class that have been filed but never dismissed. As the plaintiff is a class member, the prescriptive period/statute of limitations is tolled.

**D.  Plaintiff's claims have been denied by BP.**

Plaintiff's claim for damages results from a reduction in economic earnings caused directly by the Oil Spill.  Plaintiff is a company which regularly provided support and services to the oil and gas industry at the time of the Oil Spill.  The Oil Spill resulted in a moratorium being placed on the oil and gas industry which directly caused a reduction in Ultra Wireline Services, LLC's business.  Mark Rodgers is an owner of Ultra Wireline Services, LLC. Plaintiff suffered economic losses as a direct result of the moratorium caused by the Oil Spill.[3]

Plaintiff's previous transmissions, communications, and/or claims made by Plaintiff to BP and/or BP's agents/representatives/administrators were sufficient to protect all of Plaintiff's rights in this matter, including the full satisfaction of the "Presentment" requirement under the Oil Pollution Act (OPA) to BP as the "Responsible Party" under OPA. The time for BP to respond to Plaintiff's Presentment claim has expired, and BP either denied Plaintiff's claim or otherwise failed to accept or sufficiently respond to Plaintiff's demand. Accordingly, Plaintiff is entitled to file the instant Complaint.[4]

In addition to Plaintiff's other transmissions, communications and/or claims, Plaintiff, out of the abundance of caution, made and/or re-made claim Presentment in accord with 33 USC

---

[1] See Ex. "A," Complaint, para. 2.
[2] See Ex. "A," Complaint, para. 4.
[3] See Ex. "A," Complaint, para. 7.
[4] See Ex. "A," Complaint, para. 8.

§2702(b) and §2713 by submitting a description of the claim with a "sum certain" demand and with supporting documentation to BP as the "Responsible Party" under OPA electronic transmission, on or about January 17, 2013.  BP either denied Plaintiff's claims or otherwise failed to accept or respond within 90 days of Presentment. Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.[5]

As Plaintiff made presentment and filed suit on June 2, 2017, all while the prescriptive period/statute of limitations was tolled, the Court should not dismiss Plaintiff's lawsuit.

**E.  Pre-Trial Order No. 60 is irrelevant.**

Plaintiff has a moratoria claim. The moratoria claims were specifically excluded from the B1 pleading bundles. Thus, the plaintiff's claim should not be impacted by Pretrial Order No. 60 (Rec.Doc. 16050).

Regardless, if Pretrial Order No. 60 does apply, then the prescriptive period/statute of limitations was tolled until the Court issued Pretrial Order No. 60 on March 29, 2016. "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action; once the statute of limitations has been tolled, it remains tolled for all members of putative class until class certification is denied, at which point class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983).

The statute of limitations under the Oil Pollution Act is three years. 33 USCA § 2717. Even if the Court construes Pretrial Order No. 60 as dismissing the previously filed class of Plaintiffs,

---

[5] See Ex. "A," Complaint, para. 9.

the June 2, 2017 suit is timely as it was filed within three years of when the statute of limitations began to run.

## III.     CONCLUSION

Plaintiff's complaint filed on June 2, 2017 has not been dismissed by this Court and should not be dismissed. The class actions filed by plaintiffs following the April 20, 2010 explosion have not been dismissed and have tolled the prescriptive period/statute of limitations. Plaintiff's claims are not impacted by Pretrial Order No. 60 and, even if they are, Plaintiff's OPA complaint is timely. Plaintiff respectfully requests an order from this Court stating that Mark Rodgers' claims are not impacted by this Court's July 19, 2017 Order (Rec.Doc. 23051).

Respectfully submitted,
**MARTZELL, BICKFORD, & CENTOLA**

*/s/ Lawrence J. Centola, III*
**LAWRENCE J. CENTOLA, III (#27402)**
**CHRISTOPHER H. CARBINE (#36326)**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Fax)
ljc@mbfirm.com
chc@mbfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of August, 2017.

**Counsel for BP**
Attn: J. Andrew Langan
**Kirkland & Ellis LLP**
300 North LaSalle St., Suite 2400
Chicago, IL 60654

**MDL 2179 Plaintiffs' Steering Committee**
Attn: Steve Herman or Jim Roy
The Exchange Centre, Suite 2000
935 Gravier Street
New Orleans, LA 70112

*/s/ Lawrence J. Centola, III*
Lawrence J. Centola, III