## PUBLIC NOTICE

The Parish of Plaquemines, including the Parish Government, the Port, Harbor & Terminal District, and all political subdivisions and districts situated therein of which the Plaquemines Parish Government is the governing authority, is hereby soliciting Statements of Qualifications from Attorney(s) or Firm(s) interested in providing legal services related to recovery of damages to local government properties, and reimbursement of expenses and lost revenues incurred by local government due to the Deepwater Horizon oil spill and other similar matters for the Parish of Plaquemines, State of Louisiana.

The following criteria shall be considered in the selection of persons or firms to perform professional services for the Parish by the Administration and the evaluation committee:

(1)      The lead attorney under consideration shall have at least ten (10) years of experience in the field or fields of expertise required for legal services related to damage recovery and recompense, and the reimbursement of expenses and lost revenues incurred by the Parish of Plaquemines and the entities set forth above due to the Deepwater Horizon oil spill and other similar matters; (15 points)

(2)      Experience or qualifications that the Attorney(s) or Firm(s) believe would be relevant to the services requested (including but not limited to Martindale Hubbell rating; recognition or extraordinary participation in the Louisiana Bar, Federal Bar, American Bar Association, local bar associations or professional practices committees, published articles in state and national publications on the issues related to the oil spill) ; (25 points)

(3)      Capacity for timely completion of the work, taking into consideration the person's or firm's current and projected workload and professional and support manpower; (15 points)

(4)      Past and current accomplishments of Attorney(s) or Firm(s), for which references from clients or former clients may be considered; (10 points)

(5)      The nature, quantity and value of Plaquemines Parish work previously performed and presently being performed by the Attorney(s) or Firm(s) submitting; (10 points)

(6)      Past performance by the person or firm on public contracts; (10 points)

(7)      An analysis of any work by the Attorney(s) or Firm(s) submitting which resulted in litigation between a public entity and the person or firm performing professional services, including but not limited to ongoing litigation with a public entity or involvement in litigation with a public entity in which the public entity prevailed; (10 points)

(8)      Location of the principal office where work will be performed, with preference being given to persons or firms with offices located in Plaquemines Parish; (5 points)

Given that the Port, Harbor & Terminal District, the Plaquemines West Bank Levee District, the Grand Prairie Levee District, and the Buras Levee District are governed by the Plaquemines Parish Government with interests in the oil spill over and above those interests of the Parish, interested firms/individuals are encouraged to consider association of firms and/or attorneys for prosecution of the various claims by the Parish and its related entities against the oil spill entities.

Interested firms/individuals must submit five (5) copies each of their statements to the Parish Attorney's Office, c/o Stephen C. Braud, Parish Attorney, 8056 Hwy 23, Suite 200, Belle Chasse, LA 70037, no later than 4:00 P.M. on April 8, 2011. No statements will be accepted after the deadline.



RECEIVED
MAR 3 1 2011
S. R. BICKFORD

SCANNED

EXHIBIT
A

<u>ORDINANCE NO. 11-77</u>

The following Ordinance was offered by Council Member Buras who moved its adoption:

> An Ordinance to authorize the Parish President to enter into negotiations and execute contracts with the firms of Martzell & Bickford and David Landry for professional legal services for the development of claims and for filing litigation against the British Petroleum Companies, Transocean, and other companies involved in the April 20, 2010, Macondo Well Blowout and Oil Spill; and otherwise to provide with respect thereto.

WHEREAS, the Plaquemines Parish Government is faced with the loss of tax and related revenue, damage to its marshlands, reduction in property values, and related losses directly connected to the BP Macondo Well blowout and oil spill; and

WHEREAS, these losses to the Parish and the Parish Government should be addressed and compensation paid to the Parish and Parish Government by the BP companies, Transocean and all companies involved in the Macondo Well disaster; and

WHEREAS, the losses and expected compensation require study and quantification with supporting documentation and other evidence in order to pursue such claims against the parties responsible for the damage and the losses to the Parish and the Plaquemines Parish Government; and

WHEREAS, certain deadlines are approaching which may require the filing of claims and litigation against the BP companies, Transocean and all companies involved in the Macondo Well disaster; and

WHEREAS, following receipt of proposals pursuant to the advertisement and promulgation of Requests for Proposals, the Parish President requests authority to negotiate and enter into agreements with the law firms of Martzell & Bickford and David Landry for professional legal services to represent the Parish and the Parish Government and their claims against the BP companies, Transocean, and all other companies involved in the Macondo Well blowout and oil spill; and

WHEREAS, the Council has reviewed the proposals received;

NOW, THEREFORE,

BE IT ORDAINED BY THE PLAQUEMINES PARISH COUNCIL THAT:

<u>SECTION 1</u>

The Parish President is hereby authorized to enter into negotiations and execute contracts for professional legal services with the law firms of Martzell & Bickford and David Landry for the representation of the Parish and the Parish Government and their claims against the BP companies, Transocean, and all other companies involved in the Macondo Well blowout and oil spill.

<u>SECTION 2</u>

The Secretary of this Council is hereby authorized and directed to immediately certify and release this Ordinance and that Parish employees and officials are authorized to carry out the purposes of this Ordinance, both without further reading and approval by the Plaquemines Parish Council.





WHEREUPON, in open session the above Ordinance was read and considered section by section and as a whole.

Council Member Griffin seconded the motion to adopt the Ordinance.

The foregoing Ordinance having been submitted to a vote, the vote resulted as follows:

YEAS: Council Members Percy P.V. Griffin, Keith Hinkley, Kirk M. Lepine, Stuart J. Guey, Anthony L. Buras, Burghart Turner, Jeff Edgecombe, Byron T. Marinovich, and Marla Cooper

NAYS: None

ABSENT: None

PRESENT BUT NOT VOTING: None

And the Ordinance was adopted on this the 14th day of April, 2011.

I hereby certify the above and foregoing to be a true and correct copy of an Ordinance adopted by the Plaquemines Parish Council at a meeting held in the Plaquemines Parish Temporary Courthouse Building, 450 F. Edward Hebert Blvd., Belle Chasse, Louisiana, on Thursday, April 14, 2011.

*Melissa P. LeBlanc*

Secretary

ORDINANCE NO. 11-238

The following Ordinance was offered by Council Member Guey who moved its adoption:

An Ordinance to amend Ordinance No. 11-77, authorizing the Parish President to enter into negotiations and execute contracts with Martzell Bickford, L.L.C., David Landry of Counsel to Martzell Bickford and King, Krebs & Jurgens, L.L.C., for professional legal services for the development of claims and for filing litigations against the British Petroleum Companies, Transocean and other companies/entities/individuals involved in the April 20, 2010, Macondo Well Blowout and Oil Spill; and otherwise to provide with respect thereto.

WHEREAS, the Plaquemines Parish Council adopted Ordinance No. 11-77 on April 14, 2011, authorizing the Parish President to negotiate and execute a contract with Martzell Bickford, L.L.C. and David Landry, Attorney at Law, for professional legal services for the development of claims and for filing litigation against the British Petroleum Companies, Transocean, and other companies/entities/individuals involved in the April 20, 2010, Macondo well blowout and oil spill; and

WHEREAS, the Parish President has recommended the addition of the law firm of King, Krebs & Jurgens, L.L.C. as co-counsel with Martzell Bickford and David Landry due to such firm's high ranking with Martzell Bickford/David Landry in the proposals in response to the Parish's RFP; and

WHEREAS, the Council has reviewed the proposals and concurs with the Parish President's recommendations; and

NOW, THEREFORE,

BE IT ORDAINED BY THE PLAQUEMINES PARISH COUNCIL THAT:

SECTION 1

It hereby approves of the professional services contract jointly with Martzell Bickford, L.L.C., David Landry, Of Counsel to Martzell Bickford, and King, Krebs & Jurgens, L.L.C. for professional legal services for the representation of the Parish and the Parish Government and their claims against the BP companies, Transocean, and all other companies/entities/individuals involved in the Macondo Well blowout and oil spill of April 20, 2010.

SECTION 2

The Secretary of this Council is hereby authorized and directed to immediately certify and release this Ordinance and that Parish employees and officials are authorized to carry out the purposes of this Ordinance, both without further reading and approval by the Plaquemines Parish Council.

WHEREUPON, in open session the above Ordinance was read and considered section by section and as a whole.

Council Member Buras seconded the motion to adopt the Ordinance.

The foregoing Ordinance having been submitted to a vote, the vote resulted as follows:

YEAS: Council Members Percy P.V. Griffin, Keith Hinkley, Stuart J. Guey, Anthony L. Buras, Jeff Edgecombe, Byron T. Marinovich, and Marla Cooper

NAYS: Council Members Kirk M. Lepine, and Burghart Turner

ABSENT: None

PRESENT BUT NOT VOTING: None

And the Ordinance was adopted on this the 11th day of August, 2011.

I hereby certify the above and foregoing to be a true and correct copy of an Ordinance adopted by the Plaquemines Parish Council at a meeting held in the Plaquemines Parish Temporary Courthouse Building, 450 F. Edward Hebert Blvd., Belle Chasse, Louisiana, on Thursday, August 11, 2011.

Melissa P. LeFance
Secretary

EXHIBIT
C

| | |
|---|---|
| AGREEMENT FOR PROFESSIONAL LEGAL SERVICES | UNITED STATES OF AMERICA |
| BY:   PLAQUEMINES PARISH GOVERNMENT | STATE OF LOUISIANA |
| AND:   MARTZELL BICKFORD, L.L.C., DAVID LANDRY, & KING, KREBS & JURGENS, L.L.C. | PARISH OF PLAQUEMINES |

THIS AGREEMENT MADE AND ENTERED INTO on the dates set forth hereinafter, but effective as of the 15th day of April, 2011 ("Effective Date"), by and between PLAQUEMINES PARISH GOVERNMENT ("PARISH"), as governing authority for the Parish of Plaquemines and all political subdivisions and districts situated therein, represented by William H. "Billy" Nungesser, its duly authorized President, pursuant to Parish Council Ordinance No.11-77, adopted April 14, 2011; and Ordinance No. 11-238, adopted August 11, 2011; and MARTZELL BICKFORD, a Louisiana professional limited liability company authorized to do and doing business in the State of Louisiana with its principal office at 338 Lafayette Street, New Orleans, Louisiana 70130, represented herein by Scott Bickford, its duly authorized Managing Principal, DAVID LANDRY, Of Counsel to Martzell Bickford, and KING, KREBS & JURGENS, L.L.C., a Louisiana professional limited liability company authorized to do and doing business in the State of Louisiana with its principal office at 201 St. Charles Avenue -45th Floor, New Orleans, Louisiana 70170, represented herein by Henry King, its duly authorized Managing Partner, all collectively referred to herein as "ATTORNEY". For purposes of the instant agreement, Scott R. Bickford of Martzell & Bickford shall be designated lead counsel/ trial attorney.

## SECTION 1. THE MISSION:

The PARISH hereby contracts with ATTORNEY to assist in providing all necessary professional legal services to the PARISH, in connection with the claims, causes of action of whatsoever nature against the hereinafter named entities, BP PLC, BP PRODUCTS NORTH AMERICA, INC., BP EXPLORATION AND PRODUCTION, INC., BP AMERICA, INC., HALLIBURTON ENERGY SERVICES, INC., SPERRY DRILLING SERVICES, WEATHERFORD INTERNATIONAL LTD., CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, M-I, LLC, ANADARKO PETROLEUM CORPORATION COMPANY, ANADARKO E&P COMPANY, L.P., MOEX OFFSHORE 2007 LLC, MOEX U.S.A. CORP. and MITSUI OIL EXPLORATION COMPANY LTD. hereinafter sometimes collectively referred to as "DEFENDANTS", arising out of or due to the Deepwater Horizon/Macondo Well explosion and resulting crude oil and natural gas spill and release into the waters and onto the lands of the PARISH. ATTORNEY is also engaged to pursue

PPG/Martzell Bickford/David Landry/
King Krebs Jurgens
Attorney Contract(BP Litigation)

1





EXHIBIT
D

any claims and causes of action that PARISH has or may have against any of the DEFENDANTS or other person/entity arising under the Natural Resources Damage Assessment procedure.

### SECTION 2. BASIC SERVICES:

ATTORNEY shall provide all basic services required in connection with the pursuit of PARISH's claims and causes of action against the DEFENDANTS including all necessary services described herein or usually implied as prerequisite for performance of the services whether or not specifically mentioned in this Agreement.

### SECTION 3. DOCUMENTS:

All Data collected by ATTORNEY and all documents, reports, appraisals, charts, graphs, notes, drawings, tracings, plans, specifications and files prepared by ATTORNEY pursuant to this Agreement shall be the property of the PARISH except ATTORNEY'S personal, personnel and administrative files.

The PARISH shall furnish without charge to ATTORNEY all information, data and records which the PARISH now has in its files which may be of use to ATTORNEY.

### SECTION 4. SPECIAL SERVICES:

When recommended by ATTORNEY and approved by PARISH, ATTORNEY shall provide special services not included in Section 2. Special services include litigation against third parties to secure specific performance on environmental clean-up work. Such additional services shall be paid for by ATTORNEY but will be subject to reimbursement from the net recovery obtained on behalf of PARISH.

### SECTION 5. FEE:

ATTORNEYS' fee for the services provided in connection with the mission shall be

(A)   Fifteen (15%) percent of the first Twenty-Five Million ($25,000,000.00) Dollars U.S. of gross recovery;

(B)   Ten (10%) percent of gross recovery in excess of Twenty-Five Million ($25,000,000.00) Dollars U.S.;

PPG/Martzell Bickford/David Landry/                          Init____ ____
King Krebs Jurgens                                                          ____ ____
Attorney Contract(BP Litigation)        Page 2 of 10              ____

(C) ATTORNEY shall advance all costs associated with the matter but shall be reimbursed for all such costs from the net recovery;

(D) The Parish understands that there is a fee division between the entities of ATTORNEY and that fee division is fifty-eight (58%) percent for Martzell & Bickford and David Landry in his capacity as of counsel, and forty-two (42%) percent to King, Krebs, et al.   The Parish understands that ATTORNEYS' obligation for costs is to be shared in the same percentages between the entities comprising ATTORNEY.

"Costs" include, but are not limited to, postage, long distance telephone charges, investigation costs, computer research charges, computerized legal research, photocopies, courier charges, mileage, travel, experts, data collection and filing fees.

AUDIT.  It is hereby agreed that the PARISH's Internal Auditor and/or the Legislative Auditor of the State of Louisiana shall have the option of auditing all records and accounts of ATTORNEY which relate to this Agreement.

ATTORNEY and any subcontractors/experts paid under this Agreement shall maintain all books and records pertaining to this Agreement for a period of three years after the date of final payment under this Agreement and any subcontracts entered into under this Agreement.

### SECTION 7. TERMINATION OR SUSPENSION:

7.1  The terms of this contract shall be binding upon the parties hereto until the work has been completed and accepted by the PARISH and all payments required to be made to the ATTORNEY have been made; but his contract may be terminated under any or all of the following conditions.

1.  By mutual agreement and consent of the parties hereto.
2.  By the PARISH as a consequence of the failure of ATTORNEY to comply with the terms, progress, or quality of work in a satisfactory manner, proper allowance being made for circumstances beyond the control of the ATTORNEY.
3.  By either party upon failure of the other party to fulfill its obligations as set forth in this contract.
4.  In the event of the abandonment of the project by the PARISH.
5.  In the event attorney does not maintain valid licenses and permits.

7.2 This agreement shall automatically terminate upon satisfactory completion of all services and obligations described herein or two (2) years from the date of its execution, whichever event occurs first, subject to the right of either party to extend this agreement for three two (2)-year terms where the services are still required.

7.3 Upon termination ATTORNEY shall be paid for actual work performed prior to the notice of termination on a pro-rata share of the basic fee based on the phase or percentage of work actually completed to the extent such work has been satisfactorily completed.

7.4 Termination for Convenience. Notwithstanding anything to the contrary in this agreement, either party may cancel this contract at any time by giving the other party thirty (30) calendar days prior written notice as provided in the notice provisions of this agreement; provided, further, that the terms and conditions of this Agreement shall continue to apply to all Task Orders then in existence, and neither Party shall by reason of such prospective termination of this Agreement be relieved of its respective obligations and liabilities theretofore or thereafter arising from or incident to the services rendered.

<u>SECTION 8. INSURANCE:</u>

ATTORNEY shall secure and maintain Comprehensive General Liability Coverage and shall have PARISH named as an additional insured on said policy, but only for and to the extent of the indemnity obligations, liabilities, and risks assumed by ATTORNEY in this agreement. In addition ATTORNEY shall secure and maintain insurance covering the Louisiana Workers' Compensation obligations owed to employees of ATTORNEY as well as non-owned auto, marine, hull and other insurance required by PARISH. All certificates of insurance shall be furnished to the PARISH and shall provide that insurance shall not be canceled without thirty (30) days prior written notice of cancellation given to the PARISH. PARISH shall have the right, but not the obligation, to pay an additional premium for the coverage of PARISH as a named insured in an amount as determined by ATTORNEY'S insurers and accepted by PARISH.

A. ALL POLICIES AND CERTIFICATES OF INSURANCE OF THE CONTRACTORS SHALL CONTAIN THE FOLLOWING CLAUSES:

1. ATTORNEYS' insurers will have no right of recovery or subrogation against the Parish of Plaquemines or the Plaquemines Parish Government, it being the intention of the parties that the insurance policy so affected shall protect both parties and be the primary coverage for any and all losses covered by the described insurance.

PPG/Martzell Bickford/David Landry/
King Krebs Jurgens
Attorney Contract(BP Litigation)          Page 4 of 10

Init____ ____
____ ____
____

2. The Plaquemines Parish Government and the Parish of Plaquemines shall be named as additional insureds as regards to automobile and general liability with respect to negligence by ATTORNEY [ISO Forms CG 20 10 (Form B)].

3. The insurance companies issuing the policy or policies shall have no recourse against the Plaquemines Parish Government or the Parish of Plaquemines for payment of any premiums or for assessments under any form of policy.

4. Any and all deductible in the described insurance policies shall be assumed by and be at the sole risk of ATTORNEY.

B. Prior to the execution of this agreement, ATTORNEY shall provide at its own expense, proof of the insurance coverage required by the contract to the Plaquemines Parish Government, the governing authority of the Parish of Plaquemines by insurance companies authorized to do business in the State of Louisiana. Insurance is to be placed with insurers with an A.M. Best rating of no less than A:VI. This requirement will be waived for worker's compensation coverage only for those whose worker's compensation coverage is placed with companies who participate in the State of Louisiana Worker's Compensation Assigned Risk Pool or the Louisiana Worker's Compensation Corporation.

1. Worker's Compensation Insurance:
As required by Louisiana State Statute exception; employer's liability shall be at least $2,000,000.00 per occurrence when work is to be over water and involves maritime exposures, otherwise this limit shall be no less than $500,000.00 per occurrence.

2. Commercial General Liability Insurance with a Combined Single Limit of at least $2,000,000.00 per Occurrence for bodily injury and property damage. This insurance shall include coverage for bodily injury and property damage, and indicate on the certificate of insurance the following:

   a)   Premises - operations;
   b)   Broad form contractual liability;
   c)   Products and completed operations;
   d)   Use of contractors and sub-contractors;
   e)   Personal Injury;
   f)   Broad form property damage;
   g)   Explosion, collapse and underground [XCU] coverage.

NOTE: On the certificate of insurance, under the description of operations, the following wording is required: "The aggregate loss limit applies to each project or a copy of ISO Form CG 25 03 [ed. 11-85 or latest form] shall be submitted."

PPG/Martzell Bickford/David Landry/                    Init_____ _____
King Krebs Jurgens                                          _____ _____
Attorney Contract(BP Litigation)        Page 5 of 10              _____

3. Business Automobile Liability Insurance with a Combined Single Limit of $500,000.00 per Occurrence for bodily injury and property damage, unless otherwise indicated. This insurance shall include for bodily injury and property damage the following coverage:

    a)    Any automobiles;
    b)    Owned automobiles;
    c)    Hired automobiles;
    d)    Non-owned automobiles;
    e)    Uninsured motorist.

4. An umbrella policy or excess may be used to meet minimum requirements.

5. Where applicable, ATTORNEY shall also secure and maintain at its expense pollution and liability insurance in the sum of $10,000,000.00 in the Aggregate, and Hull/P&I insurance of $1,000,000.00 per Occurrence.

6. Each firm shall also secure and maintain at its expense professional liability insurance in the sum of at least Two Million Dollars ($2,000,000.00).

PARISH has the right but not the duty to approve all insurance policies prior to commencing of any work. If at any time any of the said policies shall be or becomes unsatisfactory to the PARISH as to form or substance; or if a company issuing any such policy shall be or become unsatisfactory to the PARISH, ATTORNEY shall promptly obtain a new policy, submit the same to the PARISH for approval and submit a certificate thereof as provided above.

Upon failure of ATTORNEY to furnish, to deliver and maintain such insurance as above provided, this contract, at the election of the PARISH may be forthwith declared suspended, discontinued or terminated. Failure of ATTORNEY to take out and/or to maintain insurance shall not relieve ATTORNEY from any liability under the contract, nor shall the insurance requirements be construed to conflict with the obligation of ATTORNEY concerning indemnification.

The Parties agree to immediately notify each other of any accident or incident in which physical injury/death and/or property damage occurs and to complete an accident report for each such occurrence and to provide the other Party with a copy of each such report. Each Party agrees to notify the other Party after receipt of any claim for which it may seek indemnification.

PPG/Martzell Bickford/David Landry/
King Krebs Jurgens
Attorney Contract(BP Litigation)          Page 6 of 10

Init____  ____
        ____  ____
              ____

<u>SECTION 9. GENERAL:</u>

ATTORNEY shall, at all times during the term of this contract, maintain valid Federal, State and local licenses, permits, etc. required as a condition of the provision of the services set forth herein.

ATTORNEY warrants that he has not employed or retained any company or person, other than a bona-fide employee working solely for ATTORNEY, to solicit or secure this contract, and that they have not paid or agreed to pay any company or person, other than a bona-fide employee working solely for ATTORNEY, any fee, commission, percentage, brokerage fee, gifts, or any other consideration, contingent upon or resulting from the award or making of this contract. For breach or violation of this warranty, the PARISH shall have the right to annul this contract without any liability whatsoever. ATTORNEY agrees to obtain written PARISH approval prior to subcontracting any part of the services specified in this Agreement. ATTORNEY shall include, in any subcontract, all of the pertinent provisions contained in this contract. ATTORNEY shall submit requests for approval, accompanied by copies of proposed subcontracts, to the PARISH.

This agreement shall be binding upon the successors and assigns for the parties hereto. This agreement being for the personal services of ATTORNEY, shall not be assigned or subcontracted in whole or in part by ATTORNEY as to the services to be performed hereunder without the written consent of the PARISH. In the event of an assignment approved by PARISH, ATTORNEY shall remain liable and responsible to PARISH under the indemnity and defense provisions of this Agreement for all acts and omissions of ATTORNEY in providing the services required up to the assignment.

In all cases where ATTORNEY'S employees (defined to include ATTORNEY'S direct, borrowed, special, or statutory employees) are covered by the Louisiana Worker's Compensation Act, La.R.S. 13:1021 et seq., PARISH and ATTORNEY agree that all work and operations performed by ATTORNEY and its employees pursuant to this Agreement are an integral part of and are essential to the ability of PARISH to generate PARISH'S goods, products and services for purposes of La.R.S. 23:106(A)(1). Furthermore, PARISH and ATTORNEY agree that PARISH is the principal or statutory employer of ATTORNEY'S employees for the purposes of La.R.S. 23:1061(A)(3). Irrespective of PARISH'S status as the statutory employer or special employer (as defined in La.R.S. 23:1031 (c)) of ATTORNEY'S employees, ATTORNEY shall remain primarily responsible for the payment of Louisiana Worker's Compensation benefits to its employees, and shall not be entitled to see contribution for any such payments from PARISH.

The Parties agree that ATTORNEY shall be an independent contractor with respect to all tasks assigned and services provided or performed hereunder, and neither ATTORNEY nor its

employees shall be considered employees of the PARISH except as provided above in this Agreement.

Any delay in or the failure to perform by a Party, other than the payment of money, shall not constitute a default that exposes such Party to liability for breach if and to the extent the delay or failure to perform is caused by an occurrence beyond the reasonable control of the Party, including, but not limited to, an Act of God or the public enemy; expropriation or confiscation of facilities; compliance with any order or requirement of any governmental authority; act of war, rebellion, or sabotage or damage resulting therefrom; fire, flood, explosion or accident; riots or strikes or other concerted acts of workmen, whether direct or indirect; inability after diligent effort to obtain necessary licenses or permits; or any other cause, whether or not of the same class or kind as those specifically named above, which is not within the control of the Party and which, by the exercise of reasonable diligence, the Party is unable to prevent or remedy.

The professional and technical adequacy and accuracy of designs, drawings, specifications, documents, and other work products furnished under this agreement will be conducted in a manner consistent with that level of care and skill ordinarily exercised by members of the profession.

If there is any dispute concerning this agreement, the laws of the State of Louisiana shall apply, its conflict of laws rules excepted if the interpretation of such would require the application of laws other than those of Louisiana.  Proper venue and jurisdiction for all lawsuits, arbitration, mediation, claims, disputes, and other matters in questions between the parties to this agreement or any breach thereof, shall be in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

If any provision of this agreement shall be found by a court of competent jurisdiction, arbitration panel or other competent agency authorized to adjudge the provisions hereof, to be illegal, invalid or unenforceable, then the remainder of the provisions of this agreement shall be considered as having been written and executed without such invalid, illegal or unenforceable provision, and to this end, the provisions of this agreement are hereby declared severable.

This agreement represents the entire Agreement between PARISH and ATTORNEY and supersedes all other agreements or representations of any kind, oral or otherwise, not included herein.  In cases of conflict or inconsistency between this Agreement, its exhibits (if any), and any applicable task orders, the Agreement shall prevail.  This Agreement may be amended only by mutual consent and in writing, signed by both PARISH and ATTORNEY.

PPG/Martzell Bickford/David Landry/
King Krebs Jurgens
Attorney Contract(BP Litigation)          Page 8 of 10

Init____  ____
          ____  ____
          ____

## SECTION 10. INDEMNIFICATION:

ATTORNEY agrees to defend, indemnify fully, and hold harmless at ATTORNEY'S sole expense PARISH, its officers, directors, and employees (herein collectively referred to as "PARISH") from and against all losses, claims and causes of action for personal injury, death or property damage brought by any third party and caused by the negligent or willful act or omission of ATTORNEY, its officers, directors, employees, or subcontractors.

PARISH agrees to defend, indemnify fully, and hold harmless at PARISH'S sole expense ATTORNEY, its officers, directors, and employees (herein collectively referred to as "ATTORNEY") from and against all losses, claims and causes of action for personal injury, death or property damage brought by any third party and caused by the negligent or willful act or omission of PARISH, its officers, directors, or employees.

Notwithstanding to the contrary in this Section 10, the parties agree that if negligence, fault and/or liability is apportioned between them by a court of competent jurisdiction, arbitrator, or other judicial, quasi-judicial or administrative agency having authority to render judgment thereon, then and in that event the indemnity, defense and hold harmless obligations shall be apportioned in accord with the percentage of negligence, fault and/or liability of each party assigned.

## 11.  ADDRESS OF NOTICES AND COMMUNICATIONS

William "Billy" Nungesser
Office of the Parish President
Plaquemines Parish Government
8056 Hwy. 23 / Suite 200
Belle Chasse, LA 70037

Scott Bickford
Managing Principal
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

with a copy to:

Parish Attorney
Plaquemines Parish Government
8056 Hwy 23 /Suite 200
Belle Chasse, LA 70037

David Landry
Of Counsel, Martzell & Bickford
338 Lafayette St.
New Orleans, LA  70130

Henry King
Managing Partner
King, Krebs & Jurgens
201 St. Charles Avenue / 45th Floor
New Orleans, LA 70170

PPG/Martzell Bickford/David Landry/
King Krebs Jurgens
Attorney Contract(BP Litigation)          Page 9 of 10

Init____  ____

____  ____

____

## SECTION 12. LEGAL EXPENSES

In the event legal action is brought by PARISH or ATTORNEY against the other to enforce any of the obligations hereunder or arising out of any dispute concerning the terms and conditions hereby created, the opposing party shall pay the prevailing party its reasonable amounts for attorney's fees, costs and expenses incurred as a result of that action.

## SECTION 13: COUNTERPARTS/FACSIMILIES:

This agreement is executed in four (4) originals, and electronic signatures shall constitute original signatures as provided by law.

IN TESTIMONY WHEREOF, the parties have executed this Agreement on the respective dates set forth below, but effective as of the day, month and year first above written ("Effective Date").

WITNESSES:

[sign] _Michelle Eppley_
[Print] _Michelle L. Eppley_

[sign] _C S Nielsen_
[Print]
_Christie Nielsen_

[sign] _Jeremy D. Dwyer_
[print] _Jeremy D. Dwyer_

[sign] _Mario Arteaga_
[print] _MARIO ARTEAGA_

[sign] _Jeremy D. Dwyer_
[Print] _Jeremy D. Dwyer_

[sign] _Mario Arteaga_
[Print] _MARIO ARTEAGA_

PARISH
PLAQUEMINES PARISH GOVERNMENT

By: _____
     WILLIAM H. "BILLY" NUNGESSER
     Parish President
Date: _8/24/2011_

ATTORNEY:
MARTZELL BICKFORD, L.L.C.

By: _____
     SCOTT R. BICKFORD
     Managing Principal
Date: _8/24/2011_

ATTORNEY:
KING, KREBS & JURGENS, L.L.C.

By: _Henry King_
     HENRY KING
     Managing Partner
Date: _8/25/2011_

*(stamp)* APPROVED AS TO FORM & CONTENT

*(stamp)* APPROVED AS TO FORM & CONTENT

PPG/Martzell Bickford/David Landry/
King Krebs Jurgens
Attorney Contract (BP Litigation)      Page 10 of 10

Init____ ____
     ____ ____
          ____

<u>ORDINANCE NO. 11-77</u>

The following Ordinance was offered by Council Member Buras who moved its adoption:

> An Ordinance to authorize the Parish President to enter into negotiations and execute contracts with the firms of Martzell & Bickford and David Landry for professional legal services for the development of claims and for filing litigation against the British Petroleum Companies, Transocean, and other companies involved in the April 20, 2010, Macondo Well Blowout and Oil Spill; and otherwise to provide with respect thereto.

WHEREAS, the Plaquemines Parish Government is faced with the loss of tax and related revenue, damage to its marshlands, reduction in property values, and related losses directly connected to the BP Macondo Well blowout and oil spill; and

WHEREAS, these losses to the Parish and the Parish Government should be addressed and compensation paid to the Parish and Parish Government by the BP companies, Transocean and all companies involved in the Macondo Well disaster; and

WHEREAS, the losses and expected compensation require study and quantification with supporting documentation and other evidence in order to pursue such claims against the parties responsible for the damage and the losses to the Parish and the Plaquemines Parish Government; and

WHEREAS, certain deadlines are approaching which may require the filing of claims and litigation against the BP companies, Transocean and all companies involved in the Macondo Well disaster; and

WHEREAS, following receipt of proposals pursuant to the advertisement and promulgation of Requests for Proposals, the Parish President requests authority to negotiate and enter into agreements with the law firms of Martzell & Bickford and David Landry for professional legal services to represent the Parish and the Parish Government and their claims against the BP companies, Transocean, and all other companies involved in the Macondo Well blowout and oil spill; and

WHEREAS, the Council has reviewed the proposals received;

NOW, THEREFORE:

BE IT ORDAINED BY THE PLAQUEMINES PARISH COUNCIL THAT:

<u>SECTION 1</u>

The Parish President is hereby authorized to enter into negotiations and execute contracts for professional legal services with the law firms of Martzell & Bickford and David Landry for the representation of the Parish and the Parish Government and their claims against the BP companies, Transocean, and all other companies involved in the Macondo Well blowout and oil spill.

<u>SECTION 2</u>

The Secretary of this Council is hereby authorized and directed to immediately certify and release this Ordinance and that Parish employees and officials are authorized to carry out the purposes of this Ordinance, both without further reading and approval by the Plaquemines Parish Council.



WHEREUPON, in open session the above Ordinance was read and considered section by section and as a whole.

Council Member Griffin seconded the motion to adopt the Ordinance.

The foregoing Ordinance having been submitted to a vote, the vote resulted as follows:

YEAS: Council Members Percy P.V. Griffin, Keith Hinkley, Kirk M. Lepine, Stuart J. Guey, Anthony L. Buras, Burghart Turner, Jeff Edgecombe, Byron T. Marinovich, and Marla Cooper

NAYS: None

ABSENT: None

PRESENT BUT NOT VOTING: None

And the Ordinance was adopted on this the 14th day of April, 2011.

I hereby certify the above and foregoing to be a true and correct copy of an Ordinance adopted by the Plaquemines Parish Council at a meeting held in the Plaquemines Parish Temporary Courthouse Building, 450 F. Edward Hebert Blvd., Belle Chasse, Louisiana, on Thursday, April 14, 2011.

*Melissa P. LeBlanc*

Secretary

## ORDINANCE NO. 11-238

The following Ordinance was offered by Council Member Guey who moved its adoption:

An Ordinance to amend Ordinance No. 11-77, authorizing the Parish President to enter into negotiations and execute contracts with Martzell Bickford, L.L.C., David Landry of Counsel to Martzell Bickford and King, Krebs & Jurgens, L.L.C., for professional legal services for the development of claims and for filing litigations against the British Petroleum Companies, Transocean and other companies/entities/individuals involved in the April 20, 2010, Macondo Well Blowout and Oil Spill; and otherwise to provide with respect thereto.

WHEREAS, the Plaquemines Parish Council adopted Ordinance No. 11-77 on April 14, 2011, authorizing the Parish President to negotiate and execute a contract with Martzell Bickford, L.L.C. and David Landry, Attorney at Law, for professional legal services for the development of claims and for filing litigation against the British Petroleum Companies, Transocean, and other companies/entities/individuals involved in the April 20, 2010, Macondo well blowout and oil spill; and

WHEREAS, the Parish President has recommended the addition of the law firm of King, Krebs & Jurgens, L.L.C. as co-counsel with Martzell Bickford and David Landry due to such firm's high ranking with Martzell Bickford/David Landry in the proposals in response to the Parish's RFP; and

WHEREAS, the Council has reviewed the proposals and concurs with the Parish President's recommendations; and

NOW, THEREFORE:

BE IT ORDAINED BY THE PLAQUEMINES PARISH COUNCIL THAT:

### SECTION 1

It hereby approves of the professional services contract jointly with Martzell Bickford, L.L.C., David Landry, Of Counsel to Martzell Bickford, and King, Krebs & Jurgens, L.L.C. for professional legal services for the representation of the Parish and the Parish Government and their claims against the BP companies, Transocean, and all other companies/entities/individuals involved in the Macondo Well blowout and oil spill of April 20, 2010.

### SECTION 2

The Secretary of this Council is hereby authorized and directed to immediately certify and release this Ordinance and that Parish employees and officials are authorized to carry out the purposes of this Ordinance, both without further reading and approval by the Plaquemines Parish Council.

WHEREUPON, in open session the above Ordinance was read and considered section by section and as a whole.

Council Member Buras seconded the motion to adopt the Ordinance.

The foregoing Ordinance having been submitted to a vote, the vote resulted as follows:

YEAS:  Council Members Percy P.V. Griffin, Keith Hinkley, Stuart J. Guey, Anthony L. Buras, Jeff Edgecombe, Byron T. Marinovich, and Marla Cooper

NAYS:  Council Members Kirk M. Lepine, and Burghart Turner

ABSENT: None

PRESENT BUT NOT VOTING: None

And the Ordinance was adopted on this the 11th day of August, 2011.

I hereby certify the above and foregoing to be a true and correct copy of an Ordinance adopted by the Plaquemines Parish Council at a meeting held in the Plaquemines Parish Temporary Courthouse Building, 450 F. Edward Hebert Blvd., Belle Chasse, Louisiana, on Thursday, August 11, 2011.

Melissa P. LeBlanc
Secretary

# KING KREBS & JURGENS PLLC

### COUNSELORS AT LAW

201 ST. CHARLES AVENUE
45TH FLOOR
NEW ORLEANS, LOUISIANA 70170
TELEPHONE: (504) 582-3800
FAX: (504) 582-1233

HENRY A. KING (1)
PATRICIA A. KREBS (1)
GEORGE B. JURGENS III
ROBERT J. BURVANT (1)
J. GRANT COLEMAN, LLM (3)(4)
ERIC E. JARRELL
LEN R. BRIGNAC (5)(6)(1)
TIMOTHY S. MADDEN
ROBERT J. STEFANI (6)(7)(1)
JAMES D. BERCAW

LINDSAY A. LARSON III
DAVID A. STRAUSS (1) (2)
JEFFREY M. BURMASTER
DOUGLAS P. MATTHEWS
MICHAEL L. VINCENZO
CHRISTIAN A. GARBETT (1)
JOHN A. CANGELOSI
ADAM P. MASSEY

Of Counsel:
SARAH S. MONSOUR
JOSEPH R. MESSA (9)

HOUSTON OFFICE:
6363 Woodway, Suite 820
HOUSTON, TEXAS 77057
PHONE: (713) 334-6644
FAX: (713) 334-3328

AFFILIATED OFFICES:

NEW DELHI, INDIA

JOANNE MANTIS (4)
MEGAN COLE MISKO (11)(1)
SUSAN E. DINNEEN (2) (10)
MONICA J. MANZELLA
MICHAEL L. CERNIGLIA (12)
BRENT M. BURNS
JOSEPH A. DEVALL JR.

ASHLEY P. GONZALEZ
ANDREW J. QUACKENBOS
RICHARD D. BERIO, JR.
JASMINE GOROWARA, LLM
KRYSTIN M. FRAZIER

(1) ALSO ADMITTED IN TEXAS
(2) ALSO ADMITTED IN WASHINGTON, D.C.
(3) ALSO ADMITTED IN FLORIDA

(4) TAX LAW SPECIALIST
CERTIFIED BY THE LOUISIANA
BOARD OF LEGAL SPECIALIZATION
(5) REGISTERED PATENT ATTORNEY
(6) ALSO ADMITTED IN GREECE

(7) ALSO ADMITTED IN NEW YORK
(8) ALSO ADMITTED IN ILLINOIS
(9) ADMITTED IN TEXAS ONLY

(10) ALSO ADMITTED IN MARYLAND
(11) ALSO ADMITTED IN TENNESSEE
(12) ALSO ADMITTED IN COLORADO

WRITER'S DIRECT LINE: (504) 582-3810
E-MAIL: mvincenzo@kingkrebs.com

September 24, 2012

Via Certified Mail - Return Receipt Requested
Mr. Richard L. McGimsey
Assistant Attorney General
Office of the Attorney General
Louisiana Department of Justice
P. O. Box 94005
Baton Rouge, Louisiana 70804-9005

          Re:    Plaquemines Parish Government
                 Contingency Fee Agreement; DEEPWATER HORIZON

Dear Mr. McGimsey:

     This is to confirm your advices that the Attorney General's office does not require the Plaquemines Parish Government to seek approval from the Attorney General in order to retain special counsel on a contingency fee basis in the DEEPWATER HORIZON litigation so long as the requirements of the Plaquemines Parish charter regarding retention of special counsel have been satisfied. We understand that the retention of special counsel on a contingency fee basis is also subject to the guidelines provided in Opinion Number O5-0255 (attached hereto).

     Please advise if my understanding is incorrect.

                                        Very truly yours,

                                        _Michael L. Vincenzo_

MLV:lm
Enclosure
cc:   Mr. Stephen Braud
      Mr. Scott Bickford
      Mr. Henry King
      Mr. David Landry

{N0623150 -}

**EXHIBIT**
**E**

April 4, 2008
## Opinion Number 05-0255

Mr. Thomas G. Wilkerson, Attorney
Office of the Parish Attorney
Parish of Jefferson
P. O. Box 9
Gretna, Louisiana 70054

| 46-A | Fees & Costs |
| 84 | Parishes |
| 90-A-1 | Public Funds & Contracts |

Jefferson Parish can compensate private contractors for the services referred to herein pursuant to contingency fee arrangements whereby the fees payable to the contractors are commensurate with the work performed by the contractors and the services received by the Parish.

Dear Mr. Wilkerson:

On behalf of the Jefferson Parish Council, you have requested an opinion of this office regarding the legality of Jefferson Parish's payment of contingency fees, based upon the amount of funds received by the Parish, to private contractors who: (a) process and facilitate Jefferson Parish's requests to the Louisiana Office of Youth Development under the Federal Title IV-E Foster Care Reimbursement Program (the "Foster Care Program"), and (b) identify and prepare federal and state grant proposals (the "Grants") on the Parish's behalf.

Please be advised that this office is not aware of, nor did our research reveal, any provision of state law which would specifically prohibit a parochial government such as Jefferson Parish from contracting with private contractors on a reasonable contingency fee basis. As such, it is the opinion of this office that Jefferson Parish can compensate private contractors, as long as the fees payable in accordance with the contingency fee arrangements are commensurate with the work performed by the contractors and the services received by the Parish.

In reaching our determination herein, we assume that you have examined the all applicable rules, regulations and federal laws with respect to the Foster Care Program, and that you have or will examine all the applicable rules, regulations and laws with respect to the Grants, in order to determine whether any rule, regulation or law specific to the Foster Care Program or the Grants would prohibit the payment of contingent fees to private contractors as you have described.

Out of an abundance of caution, we point out that the decision rendered by the Louisiana Supreme Court in *Meredith v. Ieyoub,* 700 So.2d 478 (La. 1997), which held that a contingent fee contract entered into by the Attorney General with a law firm was an unconstitutional infringement by the Attorney General upon the Legislature's power to control the financial affairs of the State. See also: *Ieyoub v. W.R. Grace & Co.,* 708 So.2d 1227 (3rd Cir. 1998) and Louisiana Ethics Opinion No. 2000-0381.

Opinion Number 05-0255
Mr. Thomas G. Wilkerson, Attorney
Office of the Parish Attorney
Parish of Jefferson
Page -2-

It is the opinion of this office that the *Meredith* decision would not be applicable to contingency fee arrangements made by the Parish of Jefferson. See also: *Town of Mamou v. Fontenot*, 756 So.2d 719 (3rd Cir. 2000).   As noted in the attachments included with your request, a local governmental subdivision, such as Jefferson Parish, operating under a home rule charter has the power in affairs of local concern as broad as the power of the state, except as limited by the constitution, by law permitted by the constitution, or by its own home rule charter.  *Konrad v. Jefferson Parish Council*, 520 So.2d 393 (La. 1988).  You may, however, wish to review the *Meredith* decision yourself, in order to assure yourself and the Parish that the decision does not impede the Parish entering into contingency fee arrangements.

Yours very truly,

JAMES D. "BUDDY" CALDWELL
Attorney General

BY: _____
DENISE BROU FITZGERALD
Assistant Attorney General

JDC/DBF/dam

Opinion Number 05-0255

| 46-A | Fees & Costs |
|------|--------------|
| 84 | Parishes |
| 90-A-1 | Public Funds & Contracts |

Jefferson Parish can compensate private contractors for the services referred to herein pursuant to contingency fee arrangements whereby the fees payable to the contractors are commensurate with the work performed by the contractors and the services received by the Parish.

Mr. Thomas G. Wilkerson, Attorney
Office of the Parish Attorney
Parish of Jefferson
P. O. Box 9
Gretna, Louisiana 70054

Date Received:

Date Released:  April 4, 2008

Denise Brou Fitzgerald
Assistant Attorney General



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery<br>9/27/12 |
| 1. Article Addressed to:<br><br>Mr. Richard L. McGimsey<br>Office of the Attorney General<br>Louisiana Department of Justice<br>P. O. Box 94005<br>Baton Rouge, LA  70804-9005 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7001 2510 0002 2896 9091 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

UNITED STATES POSTAL SERVICE
BATON ROUGE
LA 708 3
27 SEP 2012  PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

M L V
*KING, KREBS & JURGENS*
201 ST. CHARLES AVENUE, 45th FLOOR
NEW ORLEANS, LOUISIANA 70170

3127-003



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees

Sent To
Mr. Richard L. McGimsey
Office of the Attorney General
Louisiana Department of Justice
P. O. Box 94005
Baton Rouge, LA  70804-9005

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, January 2001                See Reverse for Instructions

7001 2510 0002 2896 9091

TRUST ACCOUNT SETTLEMENT DISBURSEMENT FORM
RE: PLAQUEMINES PARISH GOVERNMENT

Deepwater Horizon BP Gross Claim Settlement Amount                     $45,000,000.00

1st Payment Scheduled of $15,000,000.00 on                    8/1/2017

Disbursement of 1st Payment                          $15,000,000.00

TOTAL FEE (Fee calculated on Total BP Claim of $45,000,000)        $5,750,000.00
    Martzell, Bickford & Centola                                          $2,223,333.33
    David Landry, Attorney                                                $1,111,666.67
    King, Krebs & Jurgens                                                 $2,415,000.00

TOTAL INVESTIGATION EXPENSES                     $685,056.62
    Martzell, Bickford & Centola                                          $435,171.70
    King, Krebs & Jurgens                                                 $249,884.92

NET of 1st Scheduled Payment to  PLAQUEMINES PARISH GOVERNMENT                 $8,564,943.38

TOTAL DISBURSEMENT OF First Payment                              $15,000,000.00

Additional Scheduled Payments

2nd Payment Scheduled of $10,000,000.00 - Net to Plaquemines Parish Government on     10/15/2017     $10,000,000.00

3rd Payment Scheduled of $ 5,000,000.00 - Net to Plaquemines Parish Government on     10/15/2018     $5,000,000.00

4th Payment Scheduled of $ 5,000,000.00 - Net to Plaquemines Parish Government on     10/15/2019     $5,000,000.00

5th Payment Scheduled of $ 5,000,000.00 - Net to Plaquemines Parish Government on     10/15/2020     $5,000,000.00

6th Payment Scheduled of $ 5,000,000.00 - Net to Plaquemines Parish Government on     10/15/2021     $5,000,000.00

I agree to the disbursement of these funds as outlined above.

Plaquemines Parish Government
By:

_____          _____
                                                                    Date

Plaquemines Parish Government



EXHIBIT
F



**mb&c**

Martzell, Bickford & Centola APC
Attorneys at Law

John R. Martzell (1937-2007)
Scott R. Bickford *
Lawrence J. Centola, III

Spencer R. Doody
Neil F. Nazareth
Roshawn H. Donahue
Jason Z. Landry
Christopher H. Carbine

Byron J. Jeanice
Office Administrator

* also licensed in
Texas and Colorado

June 13, 2017

HAND DELIVERY
Peter A. Barbee, Parish Attorney
Plaquemines Parish Government Legal Department
8056 Hwy 23, Suite 200
Belle Chasse, LA 70037

Re:   Plaquemines Parish Government Claims Arising from Deepwater Horizon
      **ATTORNEY CLIENT PRIVILEGE DOCUMENT: CONFIDENTIAL**

Dear Peter:

Pursuant to your request, please find enclosed the following documentation:

1.   Ordinance No. 11-77 dated April 14, 2011 appointing Martzell & Bickford and David Landry;
2.   Ordinance 11-238 dated August 11, 2011 appointing Martzell & Bickford, David Landry and King, Krebs & Jurgens;
3.   Agreement for Professional Legal Services executed on August 24, 2011;
4.   July 16, 2013 letter of extension;
5.   August 3, 2015 letter of extension.
6.   June 12, 2017 letter of extension.

If you need any additional information, please do not hesitate to contact us.

Yours truly,

MARTZELL, BICKFORD & CENTOLA

Scott R. Bickford

SRB/jh
Enclosures

G:\Clients\PLAQUEMINES DEEPWATER\Correspondence\Barbee 2017-06-13. wpd.wpd

**EXHIBIT**
G

# Plaquemines Parish Government

| | | |
|---|---|---|
| Parish President<br>**Amos Cormier** | **PARISH ATTORNEY**<br>Peter A. Barbee<br>8056 Hwy 23, Suite 200<br>Belle Chasse, LA 70037<br>(504) 297-5564<br>Fax (504) 297-5697<br>eMail: pbarbee@ppgov.net | <u>Legal Department</u><br>- Shane P. Landry -<br>Assistant Parish Attorney<br>slandry@ppgov.net<br>- Melvin Burmaster -<br>Assistant Parish Attorney<br>mburmaster@ppgov.net<br>- Dayna Trahan -<br>Administrator<br>dmccraine@ppgov.net |

July 31, 2017

Mr. Scott Bickford
Martzell & Bickford
338 Lafayette St
New Orleans, La 70130

And

Mr. Henry King
King, Krebs & Jurgens, L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170

Re: Disbursement of first payment

Dear Gentlemen

As you may recall, I have written you concerning the lack of documentation authorizing your contingency fee for representation of Plaquemines Parish Government in the BP/Deep Water Horizon litigation. In that nothing you sent me evidenced any legislative/parish council approval of the contingency fee agreement, I am unable to agree to your proposed disbursement of the BP funds. Until the proper approval of the contingency fee agreement is obtained, I would direct you to retain the portion of $15 million dollar payment which you claim as a fee of $5,750,000.00 along with the claim expenses of $685,056.62 until such time as an agreement is reached on your fees and expenses with the remaining balance of $8,564,943.38 being remitted by check sent by courier when the funds become available tomorrow.

Please call me tomorrow to discuss resolving to satisfy all parties.

Sincerely

Peter A. Barbee
Parish Attorney

PB/dt
Cc:     Amos Cormier
        Tommy Surpas
        John Barthelemy

**EXHIBIT**

H



**mb&c**

Martzell, Bickford & Centola APC
Attorneys at Law

John R. Martzell (1937-2007)
Scott R. Bickford *
Lawrence J. Centola, III

Spencer R. Doody
Neil F. Nazareth
Roshawn H. Donahue
Jason Z. Landry
Christopher H. Carbine

Byron J. Jeance
Office Administrator

* also licensed in
Texas and Colorado

August 1, 2017

VIA E-MAIL pbarbee@ppgov.net
Peter A. Barbee, Parish Attorney
Plaquemines Parish Government Legal Department
8056 Hwy 23, Suite 200
Belle Chasse, LA 70037

  Re: Plaquemines Parish Government Claims Arising from Deepwater Horizon
    **ATTORNEY CLIENT PRIVILEGE DOCUMENT: CONFIDENTIAL**

Dear Mr. Barbee:

  Pursuant to your letter of July 31, 2017, this is a transmittal letter enclosing to Mr. Thomas Serpas' attention a check in the amount of $8,564,943.38.

  We are retaining the amount of $5,757,000.00 along with expenses of $685,056.62 in our escrow account. In that connection, we have resent the materials which you requested and I know that Henry King has made contact with you to discuss the matter. We would appreciate a resolution of the same as both firms have carried the cost of litigation for seven years.

  If you have any questions, please do not hesitate to contact me.

  Yours truly,

  MARTZELL, BICKFORD & CENTOLA

  Scott R. Bickford

SRB/jh
Enclosure
cc: Thomas J. Serpas, CPA (**Hand Delivery**)
  Honorable Chairman John Barthelemy (via e-mail jbarthelemy@ppgov.net)
  Henry King, Esq. (via e-mail hking@kingkrebs.com)
  David Landry, Esq. (via e-mail dlandry4393@gmail.com)

G:\Clients\PLAQUEMINES DEEPWATER\Correspondence\Barbee 2017-08-01 Settlement.wpd

**EXHIBIT**
I

338 Lafayette Street, New Orleans, Louisiana 70130
P: 504-581-9065 | F: 504-581-7635 | mb@mbfirm.com | www.mbfirm.com

**MARTZELL & BICKFORD, APC**
338 LAFAYETTE ST.
NEW ORLEANS, LA 70130-3244
PH. (504) 581-9065

Regions Bank
LOUISIANA

84-362-654

22818

| CHECK NO. | CHECK DATE |
|---|---|
| 22818 | 08/01/2017 |

CHECK AMOUNT

PAY   Eight million five hundred sixty-four thousand nine hundred forty-three and          $8,564,943.38

TO THE
ORDER
OF        Plaquemines Parish Government

TRUST ACCOUNT

AUTHORIZED SIGNATURE

⑇022818⑇ ⑆0654036⑆ ⑈900860820⑈

**MARTZELL & BICKFORD, APC**

08/01/2017    22818          22818

10998        00001
Plaquemines Deepwater                                    $8,564,943.38
Settlement
British Petroleum

Product DLM150    USE WITH 91505 ENVELOPE

A    🌐 75 C3F47C STXRX5 03/10/2015 16:32



**mb&c**

Martzell, Bickford & Centola APC
Attorneys at Law

John R. Martzell (1937-2007)
Scott R. Bickford *
Lawrence J. Centola, III

Spencer R. Doody
Neil F. Nazareth
Roshawn H. Donahue
Jason Z. Landry
Christopher H. Carbine

Byron J. Jeanice
Office Administrator

\* also licensed in
Texas and Colorado

August 7, 2017

**HAND DELIVERY**
and **CERTIFIED MAIL**
Amos Cormier, III
Plaquemines Parish President
Plaquemines Parish Government
8056 Hwy 23, Suite 200
Belle Chasse, LA 70037

Re:   Legal Services in the BP Oil Spill matter between Plaquemines Parish and the law
firms of Martzell, Bickford & Centola, David Landry and King, Krebs and
Jurgens

Dear President Cormier:

It has been a pleasure and honor to have worked with the Parish on oil and gas royalty and
pollution cases over the past 15 years. Adding to the millions of dollars we have recovered for the
Parish was the BP settlement completed in April of this year. We also look forward to the final
distribution of the punitive damages funds. In connection with our representation and pursuant to
the notice provisions of our public legal services agreement dated April 15, 2011 and signed on
August 24, 2011, we direct this letter to you and copy Parish Attorney Peter A. Barbee.

After six years of work, on August 1, 2017, 15 Million Dollars ($15,000,000) was remitted
to the trust account of Martzell Bickford & Centola pursuant to a settlement agreement by
Plaquemines Parish with the BP Entities.[1] On May 15, 2017, in connection with our public legal
services agreement for representation of Plaquemines Parish, you were presented with the settlement
documents and a disbursement sheet certified by us as setting forth the contracted fee and incurred
costs. We have attached a copy for your ready reference.

As of Friday, August 4, 2017, we had supplied Mr. Barbee with all of the information he has
requested and which exists regarding our public legal services agreement. One additional item
which we attach to this instant letter is the partial transcript from the Plaquemines Parish Council
Meeting of April 14, 2011 during which time the initial ordinance, which was later amended to add
Mr. King's law firm, was introduced. Despite some contentions we have heard attributed to you and
Mr. Barbee, please note that prior to the Council's approval of the ordinance authorizing our
contract the then Parish attorney Steve Braud read the specific terms of the contingency fee

---

[1] BP plc, BP Corporation North America Inc: (BPCNA), BP Exploration and Production, Inc. (BPXP).

338 Lafayette Street, New Orleans, Louisiana 70130
P: 504-581-9065 | F: 504-581-7635 | mb@mbfirm.com | www.mbfirm.com



EXHIBIT

J

Amos Cormier, III
August 7, 2017
Page Two

agreement into the record.  Braud advised the Council that the final contract with Martzell &
Bickford was on a contingency fee of fifteen percent on the first $25 Million and a fee of ten percent
on all monies recovery thereafter with the law firms to front costs on behalf of the Parish.  Thereafter
the Council voted to approve the ordinance unanimously.  When Mr. Barbee seemed to question the
need for  approval of the contract by the Attorney General, we supplied Mr. Barbee with the
authority and actual correspondence with the Attorney General's office.  In short,  AG approval of
contracts granted by home rule chartered parishes such as Plaquemines is not legally required and
that in fact the AG's office at the time had issued a specific opinion on the matter which was
supplied to Mr. Barbee.

On the issue of the Parish's  application for punitive damages, it, as you know, has been
submitted.  Distribution from that settlement may come in 2018, however, on August 1, 2017 the
Special Master's overseeing the distribution reported a delay of underlying litigation of major claims
which resolution form the predicate of the allocation of that settlement fund (appeal to the 5th Circuit
of disputes of underlying Deepwater Horizon Settlement claims whose value are tied to the
settlement allocation).  Recall the amount of total punitive damages distributed to some individuals
in the class is dependent upon their ultimate recovery from the Deepwater Horizon Settlement
Program; Plaquemines is different because the formula applicable to the Parish's claims is solely
based on the area of oiling which occurred.   The Special Master reported that resolution of
outstanding claims may not occur until late 2018 and the allocation to New Class members taking
place 4 to 6 months following that resolution.  Hence distribution may not now occur until 2019.
In connection with that future disbursement, we submitted to Mr. Barbee an extension of our contract
also attached.

We have worked several very long years to bring a settlement to the Parish's claim and the
result was far above the initial $9.2 Million that was initially proposed which, they told your father,
was the last best offer they would ever make.  I have personally met on many occasions with parish
officials to explain our strategy and progress.  We were able to shift large portions of shared costs
to other gulf coast entities such as Grand Isle thereby saving the Parish considerable costs.

Last Monday we were instructed to hold in escrow monies representing our paid costs and
attorney fee.  Since that time Henry King has attempted on multiple occasions to speak with Peter
but to no avail.  We have attempted to seek clarification as to why our costs have not been released.
Additionally we have answered each of Mr. Barbee's inquiries regarding our fee. Martzell, Bickford
and Centola, King, Krebs & Jurgens and David Landry  respectfully request that you and/or your
Parish Attorney authorize the payment of $5,750,000.00 in fees and $685,056.62 in held costs by

Amos Cormier, III
August 7, 2017
Page Three

authorizing Mr. Bickford to release those funds from his trust account to the respective law firms party to the public legal services contract issued by Plaquemines Parish.

Thank you.

Respectfully yours,

MARTZELL, BICKFORD & CENTOLA

Scott R. Bickford

SRB/jh
Enclosures
cc:    Peter A. Barbee, Parish Attorney (by hand and by certified mail)
       John Barthelemy, Council President (by email)
       Plaquemines Parish Council (by email)
       Henry King (by email)
       David Landry (by email)

### PLAQUEMINES PARISH MID-YEAR BUDGET MEETING
### AUGUST 7, 2017

Finance Director (FD)
Amos Cormier, III (AC)
Council Member Beau Black (BB)
Council Member Benny Rousselle (BR)
Peter Barbee (PB)


FD      .....and the BP Settlement funds, I am going to go through this too that's going to be in this designation now this has not been done yet. I am going to have to give you an ordinance that's going to increase the revenues for BP, it is going to show you the expenses for the attorneys fees and the difference is actually going to be the amount that goes into this designation. Kurt your ordinance.

AC      On this number will it appears according to legal will go up. This administration will follow the law and we have requested from the attorneys who had this BP case for an ordinance where the parish council authorized the use of a contingency fee. The attorneys in this case are demanding over I think about approximately $6.7 million in legal fees and Mr. Peter Barbee, the parish attorney, has requested an ordinance from the council and this would have been the prior council that authorized over a $6.5 million contingency fee. So far, we cannot find one and Mr. Barbee will continue the search but we are certainly not going to make a payment without it being a legal payment. So Mr. Barbee, the parish attorney, has informed me that the total fund balance of $33.9 million dollars will probably go up by at least possibly another $5. But we will hear more from that. We are giving the attorneys an opportunity to find said ordinance because this occurred prior to this council taking seat and prior to this administration.

BB      During that legal battle, could the attorneys that we had hired file an injunction to actually hold all that money where we can't use any of it?

AC      They are holding it now. They are holding over approximately $6.5 million.

BB      Only the part they are claiming, Not the $18, right?

AC      Correct.

BB      Just wanted to make sure the entire $24 million isn't being held.

FD      While we are on let's turn to the blue page, I did a little summary on that. This is just for 2017. The total BP settlement for 2017 is $25 million. The attorneys fees is $6.4 million. The check we received so far was $8,564,943.00. We've received that check already and it has been deposited into the bank account that you'll uh. What's that? No, what we collected


EXHIBIT
K

so far is $8 million.  $10 million is coming in October.  If you look at the $18 million that's what we are going to have by the end of the year.  So basically what happens, I am going to come to you'll with an ordinance that is going to increase the revenues for the BP settlement of $25 million for 2017.  It is actually going to increase the expense by $6.4 million so your net is going to be $18.564 million that's what should be in the designation for the BP settlement.

AC      And again, just to reiterate, that $18.5 million should go up by another couple of million unless there is an ordinance authorizing the contingency fee which we have not been able to locate nor have the attorneys who are holding the about $6.5 million, we have requested one and they have not been able to produce one either.

BR      If we take that road and the attorneys litigate it, how long do you think that will come to a final decision to be able to increase that general fund balance, if they litigate it?

PB      If I may answer that.  I don't know what they are going to litigate.  There's three requirements for them to validate a contract and they don't have any of them.  I have asked them for any amount of number of times for the last two months to produce the documents and they cannot.  So I think it's pretty safe to say they don't have them.  So at this point, I think they are going to have to shift to a second strategy of trying to go to just a formula based upon what they are going to claim they've earned, but that would be a much reduced rate because frankly I don't know how they are going to justify.  Even with the number of hours they told me they worked, it would be over $1,000 an hour which would be absurd to be paying.  So I don't know really how much they will be able to litigate.  So I anticipate them most likely trying to come up with some proposed settlement fairly quickly.  We will know more later by the end of the week.

FD      To summarize this page, the only ways that we can cover this revenue reduction is either to go in these expenses, cut the expenses, find additional revenues to raise or take it out of one of these fund balances for now.  So that is just something to keep in mind when we do the ordinances.  If you'll want to tell us how you'll want to try to do it, we can put that in the ordinance or if you just want to put it on the table as blank, we can do it that way too and decide then, we would be better to do it here.  But let's go ahead and go through the expenses first.

G:\Clients\PLAQUEMINES DEEPWATER\Budget Meeting August 7, 2017.wpd

**Spencer R. Doody**

| | |
|---|---|
| **From:** | Scott R. Bickford |
| **Sent:** | Wednesday, August 9, 2017 6:52 PM |
| **To:** | Peter A. Barbee |
| **Cc:** | John L Barthelemy Jr.; klepine@ppgov.net; brousselle@gmail.com; wblack@ppgov.net; ijuneau@ppgov.net; cburt@ppgov.net; asalvant@ppgov.net; jedgecombe@ppgov.net; nwilliams@ppgov.net |
| **Subject:** | BP litigation / Attorney Fee Issue |
| **Attachments:** | 4-14-11Meeting.pdf |

Peter attached please find again the minutes with Original Ordinance and a link to the short public record video segment of the Council meeting immediately prior to the vote on the ordinance.

https://www.dropbox.com/s/yuqlay7a5rb9g7j/PPG%20RFP%20Meeting%20discussing%20Contingency%20rate.mp4?dl=0

WE would ask that you please watch this 5 minute segment of the council meeting discussion on the ordinance which authorized our contract.

I watched Monday's budget hearing with interest and I personally still don't understand why the Parish Attorney's office has not approved the disbursement of our fee.

In April of 2011 in connection with an invitation to bid on public legal services contract to represent the Parish in its' BP claims, the Plaquemines Parish Council meet and reviewed the applying law firms. There was an announcement and selection and there is a reading of the specific fee, a contingency fee of 15% on the first $25 Million and 10% on all other recover, to the members of the council at which point there is a vote and ordinance.

Additionally and importantly, because I know you have reviewed the Ordinance, because the selection of counsel is only 6 days before the possible prescription of some of the Parish's claims there was added Section 2 of the ordinance recognizing the emergency position that the Parish Government had placed itself in stating " [T]he Secretary of this Council is hereby authorized and directed to **immediately certify and release this Ordinance and that Parish employees and officials are authorized to carry out the purposes of this Ordinance, both without further reading and approval by the Plaquemines Parish Council.**"    I attach the Ordinance again for your review as well as a link to the video of the reading of the fee agreement to the Council prior to the vote on the Ordinance." Hence, the Council voted on the ordinance with full knowledge of the terms of the contract, they bestowed legislatively the President with the full power to negotiate and execute the contract and they waived specifically any further reading or approval of the Ordinance. Of course the Ordinance was

1



EXHIBIT

tabbies™

later amended adding King Krebs to the same contingency fee agreement which had been read to the Council earlier.    And of course then the law firms relied upon the contracts and went forward and performed work.

Once again the law firms in this case worked for what amounted to a 12.7 % contingency fee, **the lowest of any parish which retained attorneys.**  On Monday without any notice to our firms President Cormier announced that our held fees are being budgeted into the Parish's future projections after our firms have worked for seven years and invested over $600,000 of our own money, is, to say the least troubling.   The fact that the Parish Attorney has refused to speak to Henry King despite repeated phone calls and emails to clarify what, if any legal position there is to without our costs and fees, is further, at least to this lawyer, troubling.  Finally, that the Parish Attorney has failed to articulate what document or documents the office believes is necessary to confect a contingency fee contract with the Parish or are deficient from your request and which  provides any concrete justification for holding our fee and costs is, at least to this lawyer, something that I have never encountered before with a client and I have been counsel to multiple public entities.

Finally we believe we have honorably represented Plaquemines Parish in this matter  as we have for past 15 years.


We respectfully please ask that you reconsider your position and release the costs and fees owed our collective firms.

Thank you

Scott R. Bickford


Scott R. Bickford
Martzell, Bickford & Centola
338 Lafayette St.
New Orleans, LA  70130
Phone : 504-581-9065
Fax : 504-581-7635
SRB@MBfirm.com



Confidentiality Notice: The information contained in this e-mail (and/or the documents accompanying it) is private and confidential information belonging to the sender which may be protected by the attorney-client privilege, attorney work product or other legal privileges. Delivery of this message to any person other than the intended recipient is not intended

in any way to waive privilege or confidentiality. The information is intended only for the use of the individual(s) identified above and others who have been specifically authorized to receive it. If you are not the intended recipient or believe that you have received this communication in error, do not print, copy, retransmit, disseminate, or otherwise use the information. If you have received the transmission in error, please alert the sender that you have received this email by reply e-mail and delete the copy you received. Thank you.

3