**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL No. 2179** |
| | **Section: J** |
| **This document relates to: No.:2:13-cv-00456-CJB-SS** | **Judge Barbier**<br>**Mag. Judge Shushan** |

**DEFENDANT KNIGHT'S MARINE & INDUSTRIAL SERVICE, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND ORDER AS TO COMPLIANCE WITH PRETRIAL ORDER NO. 63**

COMES NOW, Knight's Marine & Industrial Services, Inc., ("Knight's Marine") by and through their counsel of record, Franke & Salloum, LLC, and files its Memorandum in Support of Motion to Alter or Amend Order As to Compliance With Pretrial Order No. 63 and in support thereof would show unto the Court as follows:

## I. INTRODUCTION

On March 8, 2013, Plaintiff Michael Brandon Vickers (hereinafter "Plaintiff") filed the subject lawsuit against Knight's Marine & Industrial Services, Inc. (hereinafter "Knight's Marine") for personal injuries allegedly due to exposure to crude oil and dispersants during the oil spill cleanup effort. The Plaintiff's claims fall within the "B3 Pleading Bundle" established by Pretrial Order nos. 11 and 25. As discussed more fully below, the Plaintiff failed to file and serve a Sworn Statement in his individual lawsuit against Knight's Marine in accordance with the Court's procedural mandate set forth in Pretrial Order No. 63 (hereinafter "PTO 63"). However, this Court's recent Order [Doc. 23047] listed his lawsuit against Knight's Marine among those in compliance with PTO 63. Therefore, Knight's Marine respectfully requests that the Court amend or alter its Order and dismiss Plaintiff's individual lawsuit against Knight's Marine with prejudice.

## II. FACTS AND PROCEDURAL HISTORY

On April 20, 2010, an explosion occurred on the BP-leased offshore oil drilling rig *Deepwater Horizon.* The *Deepwater Horizon* caught fire and sank into the Gulf of Mexico. As a result, a massive oil spill occurred in the Gulf waters and oil subsequently made landfall along the coastline of the states of Alabama, Florida, Louisiana and Mississippi.

Following the sinking of *Deepwater Horizon*, BP contracted with numerous entities, including United States Environmental Services (USES), to assist in the oil spill clean-up effort. In turn, USES contracted with Knight's Marine to install protective fencing along the shoreline in Mississippi to prevent the oil spill from reaching vulnerable wet lands. Between July 1, 2010 and August 6, 2010, the Plaintiff worked for Knight's Marine to erect protective silt-screen fencing along the shoreline of Graveline Bayou in Gautier, Mississippi.

On or about February 20, 2013, the Plaintiff filed an individual lawsuit in the U.S. District Court for the Eastern District of Louisiana against BP Exploration & Production, Inc., BP p.l.c., and BP America Production Company (hereinafter "the BP entities") alleging that he sustained personal injuries from exposure to oil and dispersants while working for Knight's Marine. That lawsuit was assigned Civil Action No. 2:13-cv-304-CJB-SS.

Thereafter, on or about March 8, 2013, the Plaintiff filed the subject lawsuit against Knights Marine in the U.S. District Court for the Eastern District of Louisiana alleging that he was a Jones Act seaman and sustained injuries in the course and scope of his employment with Knight's Marine from exposure to oil and dispersants while installing fences along Graveline Bayou. His lawsuit against Knight's Marine was assigned Civil Action No. 2:13-cv-00456-CJB-SS.

The Plaintiff's lawsuits against the BP entities and Knight's Marine were subsequently transferred to the Court by order of the Judicial Panel on Multi District Litigation and became a part of MDL 2179. Since that time, both cases have remained stayed.

## III. ARGUMENT

### A. Plaintiff Failed to Comply with PTO 63 With Respect to His Individual Lawsuit Against Knights' Marine

#### 1. Plaintiff's lawsuit against Knight's Marine is a B3 claim.

In order to effectively administer and manage the litigation in MDL 2179, this Court entered Pretrial Order No. 11 (hereinafter "PTO 11"),which created distinct "pleading bundles" for different categories of claims. PTO 11created the B3 pleading bundle which "include[s] all claims related to post-explosion clean-up efforts . . . ." The B3 pleading bundle was clarified in Pretrial Order No. 25 (hereinafter "PTO 25") to include "all claims, of any type, relating to post-explosion clean-up efforts . . . as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010." Therefore, because he alleges personal injuries arising out of post-incident exposure to oil and dispersants during the cleanup effort, the Plaintiff's lawsuit against Knight's Marine falls within the B3 pleading bundle.

#### 2. In order for Plaintiff to maintain his B3 claim against Knight's Marine, he was required to file a Sworn Statement in accordance with PTO 63

PTO 11 required all B3 claims to be pled separately in a Master Complaint.[1] Although the Plaintiff's individual lawsuits against the BP entities and Knight's Marine were filed subsequent to

[1] An Amended B3 Master Complaint was filed on March 29, 2011.

the B3 Master Complaint, he is nonetheless deemed to be a Plaintiff to the B3 Master Complaint in accordance with PTO 25.[2] *See PTO 25, pg. 2; see also PTO 63, pg. 2.*

On February 22, 2017, the Court entered PTO 63 dismissing the Amended B3 Master Complaint in its entirety. PTO 63 further provided that plaintiffs who previously filed individual lawsuits must complete a Sworn Statement and cover sheet, and that both pleadings must be filed into the record of his or her individual lawsuit on or before April 12, 2017. The Court cautioned that plaintiffs who did not comply with PTO 63 would have their lawsuits dismissed with prejudice.

**3. Plaintiff failed to comply with PTO 63 with respect to his individual lawsuit against Knight's Marine**

Because the Plaintiff's individual lawsuit against Knight's Marine alleges B3 claims, PTO 63 required him to file and serve a Sworn Statement and cover sheet in Civil Action No. 2:13-cv-00456-CJB-JCW no later than April 12, 2017. However, he failed to do so – untimely or otherwise.[3] Therefore, in accordance with PTO 63, the Plaintiff's individual lawsuit against Knight's Marine should have been dismissed with prejudice.

---

[2] PTO 25 further instructed that plaintiffs who filed individual actions that were transferred into the MDL were to complete and serve a Plaintiff Profile Form. Plaintiff served a Plaintiff Profile Form on June 17, 2013 in connection with his individual lawsuit against the BP entities. *See Exhibit "1," attached hereto.* After diligent inquiry, the undersigned was unable to locate a Profile Form filed by the Plaintiff with respect to his lawsuit against Knight's Marine.

[3] Rather, Plaintiff filed a Sworn Statement in his individual action against the BP entities only. *See Exhibit "2" attached hereto.*

**B. The Court's Order Erroneously Found That Plaintiff Complied With PTO 63.**

On June 7, 2017, BP and the Plaintiffs' Steering Committee (PSC) provided to the Court a list of plaintiffs who were believed to have complied with PTO 63. Thereafter, on July 18, 2017, the Court entered its Order as to Compliance with Pretrial Order No. 63 [Doc. 23047] (hereinafter "the Order"). Exhibit 1 to the Court's Order set forth a list of plaintiffs deemed to be in compliance with PTO 63. Exhibit 2 set forth a list of plaintiffs who failed to comply with PTO 63 and were subject to dismissal with prejudice. The Plaintiff's individual action against Knight's Marine was included in Exhibit 1 to the Order.[4] *See Ex.1 to Order [Doc. 23047-1], pg. 20.*

**C. The Court Should Amend or Alter its Order as to Compliance With PTO 63 and Dismiss Plaintiff's Individual Action Against Knight's Marine With Prejudice.**

As set forth above, the Plaintiff's individual suit against Knight's Marine falls within the B3 pleading bundle. Therefore, pursuant to PTO 63, he was required to file a Sworn Statement in the record of his lawsuit against Knight's Marine on or before April 12, 2017 in order to avoid dismissal of his claims with prejudice. He failed to do so. Rather, he only filed a Sworn Statement in his individual lawsuit against the BP entities. Accordingly, Knight's Marine respectfully requests that the Court amend or alter its Order as to Compliance with Pretrial Order No. 63 [Doc. 23047] to remove the Plaintiff's individual action against Knight's Marine from Exhibit 1 as compliant with PTO 63 and dismiss the subject lawsuit with prejudice.

---

[4] Notably, Plaintiff's individual action against the BP entities was not listed in either Exhibit 1 or Exhibit 2 to the Order.

## IV. CONCLUSION

For the foregoing reasons, Knight's Marine prays that the Court alter or amend its Order as to Compliance with Pretrial Order No. 63 and dismiss the Plaintiff's individual action against Knight's Marine with prejudice. Knight's Marine prays for all further relief to which it is entitled under the premises.

Respectfully submitted, this the 15th day of August, 2017.

KNIGHT'S MARINE & INDUSTRIAL SERVICES, INC., DEFENDANT

BY: FRANKE & SALLOUM, LLC

BY: s/Fredrick B. Feeney, II
FREDRICK B. FEENEY, II
MS STATE BAR NO. 5168
NATHAN L. BURROW
MS STATE BAR NO. 102865

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
EMAIL: fbf@frslaw.com
nlb@frslaw.com

CERTIFICATE OF SERVICE

I, Fredrick B. Feeney, II, of the law firm of Franke & Salloum, PLLC, do hereby certify that I have this day electronically filed the foregoing Motion to Alter or Amend Order as to Compliance with Pretrial Order No. 63 with the Clerk of the Court using the ECF system, and served the same by using LexisNexis File & Serve in accordance with Pretrial Order No. 12, which sent notice of filing to all counsel of record.

THIS, the 15th day of August, 2017.

s/Fredrick B. Feeney, II
FREDRICK B. FEENEY, II
MS STATE BAR NO. 5168

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
EMAIL: fbf@frslaw.com