IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>All Cases in Pleading Bundle B3<br><br>Applies to: | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |
| Khaled Omar Abdelfattah,<br><br>      Plaintiff,<br><br>v.<br><br>BP Exploration & Production, Inc., BP America Production Company, BP P.L.C., Transocean Holdings LLC, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., And Halliburton Energy Services, Inc.,<br><br>      Defendants. | Civil Action No. 2:17-cv-03443<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER

On February 22, 2017, this Honorable Court issued Pretrial Order ("PTO") No. 63, which required all plaintiffs with claims previously contained in Pleading Bundle B3 to file individual complaints and sworn statements. Pursuant to PTO No. 63, Plaintiff, Khaled Abdelfattah ("Plaintiff"), filed an individual complaint and signed sworn statement, which was incorrectly deemed materially non-compliant by BP. Subsequently, Plaintiff's claim was dismissed with prejudice pursuant to this Court's Order dated July 18, 2017, Document 23047 ("Order"). Plaintiff, by and through his undersigned counsel, requests that this Court reconsider its Order dismissing his claim with prejudice.

## **LEGAL STANDARD & ARGUMENT**

Plaintiff requests that this Court reconsider its Order of July 18, 2017. Dismissal with prejudice of Plaintiff's claim will cause undue harm and grave injustice to Plaintiff, and constitutes a severe lack of due process in this case that has remained stagnant for years. On January 12, 2011, over six and a half years ago, this Court issued PTO No. 25, which stayed all medical opt-out litigation while claims within the settlement program were given priority. Plaintiff first filed a direct filing short form to join the B3 Bundle Master Complaint on May 24, 2011, and was named as a plaintiff in a mass joinder suit filed on April 18, 2013. While he had previously filed suit through this mass joinder complaint, Plaintiff complied with the Court's recent PTO No. 63, filing an individual complaint on April 13, 2017. PTO No. 63 also required the submission of a signed sworn statement by Plaintiff, which Plaintiff submitted.

PTO No. 63 provided that BP would submit to this Court a list of plaintiffs that "made some form of submission in response to PTO 63, but whose submissions BP in good faith believes are *materially deficient* for one or more identified reasons." *See* PTO No. 63 (emphasis added). BP deemed Plaintiff's pleading non-compliant with PTO No. 63 based upon its erroneous belief that Plaintiff did not sign the sworn statement. BP's claim that the submission was "non-compliant" because Plaintiff signed the sworn statement as "noot" was not in good faith because the supposed defect is erroneous. As supported in the Affidavit of Khaled Abdelfattah, attached hereto and submitted in support of this Motion, Plaintiff's signature is the word "noot," as Plaintiff is commonly known by this name. Plaintiff's signature does not contain his birth name, which is further supported by Plaintiff's signature in his redacted original retainer agreement with counsel, also attached hereto as Exhibit B and submitted in support of this Motion. Plaintiff also signed his class opt-out form in the same manner on June 28, 2012, which was submitted with his PTO No. 63 filing on April 13, 2017 (See Doc. No. 1-1, Pg. 6).

It is well settled that an individual may adopt another form besides his real name as his signature, including a symbol, mark, or assumed name, and that signature is given the same effect as if the individual were to sign his real name.

> Whether a name is the real one of the individual using it or is a fictitious or assumed one is ordinarily a question of fact. Without abandoning his real name, a person may, in the absence of statutory prohibition, adopt any name, style, or signature, wholly different from his own name, by which he may transact business, execute contracts, issue negotiable paper, and sue or be sued, unless he does so in order to defraud others through mistake of identity.

*Kropp Forge Co. v. Emp'rs.' Liab. Assurance Corp., Ltd. of London, Eng. et al.*, 159 F.2d 536, 538 (7th Cir. 1947) (internal quotation marks and citation omitted); *see also* 11 Am. Jur. 2d *Bills & Notes* § 43, Westlaw (database updated May 2017) ("A signature may be made by a word, mark, or symbol executed or adopted by a person with the present intention to authenticate a writing."); 80 C.J.S. *Signatures* § 6, Westlaw (database updated June 2017) ("[A] person may use as his signature any character, symbol, figure, or designation the person thinks proper to adopt as a signature, and be bound thereby, provided it is used as a substitute for the person's name. A person may also use a fictitious name[.]"). Throughout his claim, Plaintiff has used the word "noot" as his signature, as this is the name by which he is commonly known. He never had the intention to defraud this Court or BP with the signature in his submitted sworn statement, but used it with the intention to authenticate the document. Therefore, as Plaintiff satisfied every requirement of PTO No. 63, namely, filing an individual complaint and signed sworn statement, his submission was compliant with the requirements of PTO No. 63, and the designation as non-compliant is incorrect. As such, the dismissal of Plaintiff's claim with prejudice was unwarranted and not supported per the requirements of PTO No. 63.

Under these facts, Plaintiff respectfully requests that this Court reconsider its Order of July 18, 2017. Such a motion has been interpreted by the Fifth Circuit to provide,

> [a] motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e). Under Rule 60(b), the court may relieve a party from final judgment on the basis of "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (citing *Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 669–70 (5th Cir.1986) (en banc)), *Midland W. Corp. v. F.D.I.C.*, 911 F.2d 1141, 1145 n.4 (5th Cir.1990); *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 328 (5th Cir.1987)). Notably, the 2009 Amendments to Rule 59 of the Federal Rules of Civil Procedure expanded the ten-day filing period to twenty-eight (28) days.

The Fifth Circuit has held that a Rule 59(e) motion expressly allows a party to correct factual errors. While this Circuit has indicated that this motion is not the vehicle for reevaluating evidence or legal theories which could have been presented before the judgment, it stated that "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted))). Plaintiff in this instance is clearly not attempting to rehash evidence or arguments, but simply attempting to correct a mistake in identifying Plaintiff's pleading as non-compliant with PTO No. 63, which resulted in the dismissal of his claim with prejudice.

In *Templet*, the Fifth Circuit further stated that there are two important judicial imperatives relating to a Rule 59(e) motion: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the District Court is to strike the proper balance between these competing interests." *Templet*, 367 F.3d at 479 (citing *Lavespere*, 910 F.2d

4

167, 174).  It is clear in the present case that the proper balance between these interests is to reconsider the Order dismissing Plaintiff's claim, and allow a just decision to be rendered on the merits.  To bring this claim to finality after seven years due to an erroneous decision by the opposing party, when Plaintiff has never had an opportunity to present his claim, would not only constitute a lack of due process and cause irreparable harm, but violate every principle the judicial system stands for.

While a Rule 60(b) motion requires consideration of the two interests detailed above, it is also subject to more specific grounds of relief.  The Fifth Circuit has designated eight factors a District Court should consider in reviewing a Rule 60(b) motion.  These factors are:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).  When considered in the present case, each of these factors supports reconsideration of the Order.  This motion is not being used as a substitute for appeal, as Plaintiff has not had an opportunity to present his case, and there is no decision on the merits to appeal.  Substantial justice will not be achieved unless the Order is reconsidered, and liberal construction of this rule would certainly warrant relief where Plaintiff's claim was dismissed with prejudice due to an incorrect belief by the opposing party.  This motion is made within a reasonable time, and certainly meets the requirement that it be filed within a year after entry of the order.

There has been no consideration of Plaintiff's case on its merits, and the interest of deciding this case on its merits substantially outweighs the interest in finality of judgments based on a mistake in the Order.

As the Supreme Court recently reiterated, "the 'whole purpose' of Rule 60(b) 'is to make an exception to finality.'" *Buck v. Davis*, 137 S.Ct. 759, 778 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)). Plaintiff's claim has merit and a final judgment dismissing the claim due to a mistake on behalf of the opposing party undermines the basic tenets of the judicial system. While extraordinary circumstances must be present to warrant relief under Rule 60(b), such circumstances exist presently, as the Supreme Court has held that such circumstances may include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). The Plaintiff has not had any opportunity, let alone a fair opportunity, to present his claim and the hardship Plaintiff has endured while this case has remained stagnant merits relief. Furthermore, dismissal in this instance would unquestionably risk undermining the public's confidence in the judicial process.

The Fifth Circuit has made it clear that preemptory dismissals and judgments without consideration of a claim's merit are improper. "Truncated proceedings of this sort are not favored, and Rule 60(b) will be liberally construed in favor of trial on the full merits of the case. Thus, unless it appears that no injustice was done by the judgment, the equities in such cases will militate strongly in favor of relief." *Id.* at 403. Further, the Fifth Circuit has interpreted factors seven and eight, namely whether there are any intervening equities, or any other relevant factors, necessarily to include the consideration of prejudice to the non-moving party and the delay caused by granting relief. *See Seven Elves*, 635 F.2d at 403. Providing Plaintiff with relief and a would certainly

6

cause no delay or prejudice to BP, as this litigation is currently subject to a stay ordered by the Court in early 2011. Plaintiff's pleading was just recently filed in early April 2017, and BP has yet to respond to any B3 Pleading Bundle complaint to date. As such, if relief is granted, BP's burden would be no greater than any other party that must defend a claim presented on its merits through litigation, especially in this instance where Plaintiff's claim has been dismissed due to an erroneous belief and proposition by the opposing party. BP's misinterpretation of Plaintiff's signature and the supposed non-compliance of his pleading, and this Court's Order which followed that interpretation, has caused a clear inequity. Plaintiff's claim was dismissed due to a mistake after he has been forced to await resolution while the litigation has been stayed for nearly six and a half years, all without the opportunity to present the merits.

Relief should be granted as Plaintiff's motion meets the requirements of Rule 60(b) as dictated by the Fifth Circuit, which states that the movant must prove the initial judgment to be manifestly unjust. "The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." *Bohlin Co.*, 6 F.3d at 353 (citing *United States v. O'Neil*, 709 F.2d 361, 373 n.12 (5th Cir. 1983)). Since the submission of his first direct filing short form in May 2011, Plaintiff has taken the necessary legal steps to protect his interests, including filing an individual complaint and signed sworn statement pursuant to PTO No. 63, when he had already been named in a mass joinder complaint in 2013. Plaintiff complied with every aspect of the order, and terminating his claim that has been stayed for several years because of a mistake on the part of BP would violate every notion of justice. The principle of the finality of judgments "must yield to the equities of the case in order that the [Plaintiff] may be afforded [his] day in court." *Seven Elves*, 635 F.2d at 402.

The Fifth Circuit has also stated that a dismissal with prejudice will only be upheld if "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice. Because this test is conjunctive, both elements must be present." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (citing *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)). As demonstrated above, Plaintiff has no record of delay or contumacious conduct, but has substantially complied with every requirement of this Court throughout the history of this long pending litigation. "[I]t is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justified a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988). Failure to comply with a single scheduling or other pretrial order does not amount to contumacious conduct. *Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 94 (M.D. La. 2015) (citing *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2D 1513, 1520-21 & n.10 (5th Cir. 1985)). As Plaintiff has committed no mistake or procedural default, no sanction is warranted.

Towards this end, Plaintiff respectfully moves this Court to reconsider its Order dismissing Plaintiff's claim with prejudice. Plaintiff is not making this motion in bad faith, but with the sole intention that his claim be decided on its merits, which is one of the founding principles of our judicial system. Further, no undue prejudice will be caused to the opposing party. This litigation has been stayed for over six and a half years; allowing Plaintiff relief from an erroneous decision will not cause any comparative delay, and will not have a substantial effect, if any effect at all, on the outcome for the Defendants.

## CONCLUSION

It has been over seven (7) years since Gulf Oil Spill disaster, and Plaintiff continues to suffer from serious, chronic health conditions caused by substantial exposure to toxic chemicals

related to the Gulf Oil Spill.  Plaintiff has awaited resolution of his claim for these personal injuries, but his claim has consistently been placed in the back of the line for consideration.  Plaintiff originally joined the B3 pleading bundle in May 2011 when he filed a direct filing short form, and has been subject to a stay ordered by this Court nearly six and a half years ago.  Under these circumstances, it would be a grave injustice to dismiss Plaintiff's claim with prejudice due to a mistake by BP in its submission to the Court that Plaintiff's sworn statement did not comply with PTO No. 63.

This dismissal was based on a mistaken representation by BP without input from Plaintiff.  Also, the "deficiency" mistakenly proposed was not to the actual complaint, but in an additional document that is not required for instituting a suit under the Federal Rules of Civil Procedure.  The Order dismissing Plaintiff's claimconstitutes a lack of due process and an extreme injustice.  Plaintiff deserves to have his long pending claim decided on its merits, and not terminated for a mistake in BP's submission and this Court's Order after he has been forced to endure consistent delays of his claim.

In light of the above, Plaintiff respectfully moves this Court to reconsider its Order of July 18, 2017 pursuant to Rules 59(e) and 60(b) of the *Federal Rules of Civil Procedure*.

Respectfully Submitted,

 /s/ Paul A. Dominick
Paul A. Dominick     Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

And

Douglas M. Schmidt   Fed ID No. 11789
Dated:  August 15, 2017                       Douglas M. Schmidt, APLC

335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com
*Counsel for Plaintiff*
Respectfully Submitted,

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Reconsideration and Amendment has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on August 15, 2017.

/s/ Paul A. Dominick
Paul A. Dominick