**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | **MDL NO. 2179** |
| "Deepwater Horizon" in the Gulf of | * | |
| Mexico, on April 20, 2010 | * | **SECTION J** |
| | * | |
| | * | **JUDGE BARBIER** |
| **This Document Relates To:** | * | **MAGISTRATE JUDGE WILKINSON** |
| | * | |
| **The Remaining B1 Cases Listed in the** | * | |
| **Attached Exhibits A-B** | * | |

---

**BP DEFENDANTS' REPLY IN SUPPORT OF THEIR DISPOSITIVE**
**MOTION AS TO PRESENTMENT**
**PURSUANT TO PTO NO. 64, SECTION I.B1 ("B1 BUNDLE")**

On March 22, 2017, BP Exploration & Production Inc. ("BP") and BP America Production Company (collectively, the "BP Defendants") moved to dismiss 39 Remaining B1 Plaintiffs for failure to make presentment, a mandatory condition precedent to litigation under the Oil Pollution Act of 1990 ("OPA").  Rec. Doc. 22480 (the "Motion").   Nineteen plaintiffs (*see* Exhibit A) did not oppose the Motion, thereby conceding that dismissal with prejudice is warranted for their claims.  BP Defendants agreed to withdraw the Motion as to seventeen plaintiffs, subject to a reservation of rights.  That leaves three plaintiffs who have disputed the Motion (*see* Exhibit B): Omar Garcia, Kara McConaghy, and Kent McConaghy.

Mr. Garcia's opposition brief does not present any legitimate basis for denying dismissal of his complaint for his admitted failure to make presentment.  Mr. Garcia asks this Court to excuse his OPA violation because presentment purportedly would have been "futile" due to extenuating circumstances.  But he does not explain how the Court can create a judicial waiver of a statutory requirement.  Even if the Court could create such a waiver, there is no reason to do so here.  Mr. Garcia has failed to identify *any* extenuating circumstance justifying waiver, and

1

his argument that presentment would have been futile because the BP Defendants did not settle claims is neither legally sufficient nor factually accurate.

Mr. and Mrs. McConaghys' opposition brief is similarly unavailing.  They concede they failed to make presentment, thus mandating dismissal of their B1 economic loss claims, but ask this Court to preserve their personal injury claims.  But dismissal of the three McConaghy lawsuits at issue in the Motion will not prejudice the McConaghys' ability to pursue their personal injury claims because they have a *fourth* currently-pending MDL 2179 B3 lawsuit, which asserts the personal injury claims at issue and is not subject to this Motion.

Accordingly, the BP Defendants respectfully submit that dismissal with prejudice is warranted for the claims of Mr. Garcia and the McConaghys, as well as for the 19 Plaintiffs who failed to oppose the Motion.

## ARGUMENT

### A.    19 Plaintiffs Did Not Oppose Dismissal of their Claims.

Nineteen plaintiffs who failed to present their claims as required under OPA also failed to file any response or opposition to the Motion.  *See* Exhibit A.  These plaintiffs have effectively conceded that they failed to make presentment and dismissal with prejudice is warranted for their claims.  The BP Defendants therefore rest on the arguments set forth in the Motion and respectfully request that the Court dismiss these claims.

### B.    Omar Garcia's Failure to Present Cannot and Should Not be Excused.

Plaintiff Omar Garcia acknowledges that OPA requires that "all claims for removal costs or damages **shall be** presented first to the responsible party," 33 U.S.C.A. § 2713 (a) (emphasis added), and does not contend that he satisfied this presentment requirement.  Response to BP's Dispositive Motion as to Presentment (Rec. Doc. 22480), Rec. Doc. 23143, ("Garcia Mot.").

Instead, Mr. Garcia argues that this Court should excuse his failure to comply with the statute because presentment would have been "futile" due to "extenuating circumstances." Garcia Mot. at 2-3. Mr. Garcia's argument should be rejected, and his case should be dismissed, for three reasons. **First**, OPA's mandatory presentment requirement cannot be waived. **Second**, Mr. Garcia has not identified any extenuating circumstances that prevented him from making presentment. **Third**, Mr. Garcia failed to establish that presentment would have been futile.

1.      Presentment is mandatory and cannot be waived.

OPA requires that claimants present a written request for a sum certain to the responsible party and then wait to file a lawsuit until either (a) the responsible party denies the presented claim, or (b) 90 days elapse without resolution of the claim. 33 U.S.C.A. § 2713 (c). In establishing this procedure, Congress created a "mandatory condition precedent to filing suit." *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d. 943, 964 (E.D. La. 2011). Congress created this procedure because it "believed that lawsuits against parties are appropriate only 'where attempts to reach a settlement with the responsible party . . . were unsuccessful.'" *Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 310 (E.D. Va. 1993) (quoting H.R. Rep. No. 242, 101st Cong., 1st Sess., pt. 2, at 66 (1989)). Congress did not create any exception to this presentment requirement for "futility" or "extenuating circumstances." See 33 U.S.C.A. § 2713.

In the absence of any statutory permission to excuse presentment, Mr. Garcia urges this Court to invent a judicial exception to the statutory presentment requirement. Mr. Garcia cites no cases that would support such an invention. Nor could he; while courts can create exceptions to judicially-developed exhaustion doctrines, the same is not true for statutory exhaustion requirements. *See Glisson v. U.S. Forest Serv.*, 55 F.3d 1325, 1327 (7th Cir. 1995) (contrasting

the flexible common law doctrine of administrative exhaustion with the "inflexible command of a statute"); *Shawnee Trail Conservancy v. USDA*, 222 F.3d 383, 389 (7th Cir. 2000) (finding there was no need to rule on whether the district court could create a judicial exception to a statutory requirement for futility because the plaintiffs failed to adequately plead futility, but noting "we do not believe that the district court had the power to waive the statutorily-mandated exhaustion requirement of the APA").

Indeed, the cases Mr. Garcia cites mandate the opposite of his request.  For example, in *Nguyen v. Am. Commercial Lines, LLC*, 805 F.3d 134, 144 (5th Cir. 2015), Claimants failed to wait 90 days between presentment and filing suit but argued that their cases should not be dismissed because, *inter alia*, dismissal would contradict the compensatory purpose of OPA. The Fifth Circuit rejected this argument, noting that "this court's 'obligation is to give effect to congressional purpose so long as the congressional language does not itself bar that result,'" and "requiring the claimants to comply with the statutory language does not frustrate Congress's purpose."  *Id*.

> 2.    There are no extenuating circumstances to justify waiving the presentment requirement.

Even if there were an exception to the presentment requirement for extenuating circumstances, Mr. Garcia has not established any such circumstances.  Claimants seeking an equitable exception to the presentment requirement must at the very least "point to [] extenuating circumstances that precluded them from presenting their claim 90 days before they filed suit." *Nguyen*, 805 F.3d at 143 (declining to reach question of whether extenuating circumstances could justify noncompliance with OPA presentment requirements because claimants did not identify any extenuating circumstances).

For example, in *Denehy v. Mass. Port Auth.*, 42 F. Supp. 3d 301, 308 (D. Mass. 2014), the Coast Guard did not designate a responsible party until 55 days before OPA's three-year statute of limitations was set to expire, meaning that any lawsuits filed 90 days after presentment to the responsible party would be time-barred. Claimants presented their written sums certain to the responsible party, but waited approximately 30 days after presentment, instead of 90, before filing suit. *Id*. at 308. The Court, recognizing that the claimants were "wedged in an untenable space between the two provisions," interpreted the statute to "give practical effect to every section in an harmonious way." *Id*. at 309. The Court did not waive the 90-day presentment requirement, but instead stayed the case for 90 days to enable the responsible parties to consider and potentially negotiate a settlement of the claimants' presented claims. *Id*. Unlike the claimants in *Denehy*, Mr. Garcia has not identified any circumstance that prevented him from making presentment or waiting 90 days after presentment to file his claim. In this case, the Coast Guard identified the responsible parties within weeks of the oil spill, meaning Mr. Garcia had nearly three years to make presentment and wait to file his lawsuit before encountering the statute of limitations.

As evidence that the Court should waive the presentment requirement, Mr. Garcia points to this Court's order finding that "presentment is a mandatory condition-precedent" but declining to sort through the thousands of individual claims "at the present time." *In re Deepwater Horizon*, 808 F. Supp. 2d at 965. In fact, this proves the opposite. Mr. Garcia has been on notice since August 2011 that this Court viewed OPA presentment as a requirement and would at some point in the future consider the applicability of that requirement to individual claims. He had nearly two years after that point to make presentment. He chose not to do so, and no extenuating circumstance forced this choice.

3.      Presentment was not futile.

Mr. Garcia's argument that presentment was futile because "BP was not negotiating and there was no possibility of resolution of this claim prior to filing a lawsuit," Garcia Mot. at 2, is equally unavailing.  The Fifth Circuit rejected exactly this argument in *Nguyen*: "an assumption that claims would be denied is not sufficient to constitute compliance with the presentment requirement."  805 F.3d at 144.  And Mr. Garcia's assertion that presentment was futile is belied by the fact that the BP Defendants paid more than $6 billion to more than 200,000 plaintiffs who made OPA presentment through the GCCF alone.[1]

**C.      Kent and Kara McConaghys' Personal Injury Claims Cannot Save Their B1 Complaints.**

The McConaghys do not contest that their failure to make presentment should result in dismissal of their economic loss claims, but contend that their three complaints *also* include personal injury claims that should not be dismissed.  Plaintiffs' Response to BP Defendants' Dispositive Motion as to Presentment, Rec. Doc. 23166 ("McConaghy Mot.").   The McConaghys do not identify which of the causes of action in each of the three cases that were the subject of the Motion relate to their personal injury claims.

However, the McConaghys also "refiled their personal injury claims pursuant to PTO 63" in a fourth case, E.D. La. no. 17-cv-3116, which is not subject to the Motion.  McConaghy Mot. at 2, n. 2.  Given the existence of a case in the MDL 2179 B3 bundle for the McConaghys' personal injury claims, it makes little sense to also preserve some unspecified, presumably duplicative personal injury claims within the McConaghy's B1 bundle cases.  *See* PTO 63, ¶ 1

---

[1]    *See* BDO Consulting, Independent Evaluation of the Gulf Coast Claims Facility: Report of Findings & Observations to the U.S. Department of Justice at 59 (June 5, 2012), available at https://www.justice.gov/iso/opa/resources/66520126611210351178.pdf (BP paid more than $6.2 billion to over 220,000 individuals through the GCCF program).

(the purpose of the separate pleading bundles is to "facilitate the effective administration" of the litigation).

The McConaghys' B1 cases (nos. 13-cv-5369, 13-cv-5371, 16-cv-5862) should be dismissed for their conceded failure to make presentment, and this will not prejudice their ability to pursue their personal injury claims, which have been preserved in case no. 17-cv-3116.

### D.     The Motion is Withdrawn as to 17 Plaintiffs.

The BP Defendants no longer seek to dismiss 17 cases that were previously identified on Exhibit A to the Motion.  The Motion is moot as to seven cases[2] that were dismissed after the Motion was filed.   The BP Defendants also withdraw the Motion as to Plaintiff Jesco Construction Corporation of Delaware ("Jesco"), based on Jesco's representation that it is not asserting any claims under OPA.  Plaintiff's Memorandum in Opposition to BP Defendants' Dispositive Motion as to Presentment, Rec. Doc. 23163.  Finally, after conferring with Plaintiffs' counsel, the BP Defendants will withdraw the Motion as to nine Plaintiffs' cases,[3] subject to a reservation of rights that the BP Defendants may later challenge the adequacy and sufficiency of these Plaintiffs' presentment.

---

[2]     (1) Herbert S. Hiller Corporation, case no. 16-cv-05764; (2) Contract Fabricators, Inc., case no. 16-cv-05441; (3) Polyengineering, Inc., case no. 16-cv-05797; (4) Rehabilitation, Inc., case no. 16-cv-05800; (5) Hiller Offshore Services, Inc., case no. 16-cv-05767; (6) Barber Motorsports Park, LLC, case no. 16-cv-05425; (7) Tow Line Barges, Inc., case no. 16-cv-05864.

[3]     (1) S&K Machineworks & Fabrication, Inc., case no. 16-cv-05804; (2) Ardent, Inc., case no. 16-cv-05413; (3) American Cast Iron Pipe Company, case no. 16-cv-05411; (4) Damrich Coatings, Inc., case no. 16-cv-05448; (5) Master Boat Builders, Inc., case no. 16-cv-05874; (6) Spectrum Organization, Inc. d/b/a The Victorian Rental Pool, case no. 14-cv-00331; (7) Engineered Process Equipment, Inc., case no. 16-cv-05598; (8) Mechanical Contractors - UA Local 119 Pension Trust Fund, case no. 14-cv-00674; (9) Ascend Performance Materials Operations LLC d/b/a Ascend Performance Materials, case no. 13-cv-02002.

**CONCLUSION**

For the foregoing reasons, the BP Defendants respectfully request that the claims of the 22 Remaining B1 Plaintiffs who failed to present their claims to BP, listed in Exhibits A and B, be dismissed with prejudice.

Dated:  August 15, 2017

Respectfully submitted,

/s/ *Don K. Haycraft*

**LISKOW & LEWIS**

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar # 16984)
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

**KIRKLAND & ELLIS LLP**

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000

Jeffrey B. Clark
(jclark@kirkland.com)
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000

Christopher W. Keegan
(chris.keegan@kirkland.com)
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Attorneys for the BP Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of August, 2017.

/s/ *Don K. Haycraft*
Don K. Haycraft