# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * | MDL NO. 2179 |
| | | SECTION: J |
| This Document Relates to: No. 12-970 | * * | JUDGE BARBIER |
| This applies to Claimant ID 100226602 and Consolidated Multi-Facility Business Claim ID 207343 only[1] | * * | MAG. JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER [REC. DOC. 22935]

Claimant ID 100226602 ("Claimant")[2] respectfully requests that the Court reconsider its Order dated June 13, 2017 [Rec. Doc. 22935] (hereinafter referred to as the "Second Interim Order"),[3] only to the extent that it pertains to Multi-Facility Claim ID 207343,[4] because it was issued in error given that the profit and loss statements ("P&Ls") for the claim were matched using the Annual Variable Margin ("AVM") Methodology of Policy 495 and no prohibited adjustments were performed to Claimant's revenues. In support of this Motion, Claimant establishes the following:

---

[1] The additional Claim IDs included in this Consolidated Multi-Facility Business Claim are Claim IDs 207344 and 207345.

[2] For purposes of preserving confidentiality, Claimant will refer to itself by the Claimant ID Number issued by the CA, and will refer to the Claim ID instead of the name of the business.

[3] On July 5, 2017, the Court issued an Order implementing the decision of the U.S. Fifth Circuit regarding Policy 495, and deleting the "Interim" designation from the Order dated June 13, 2017 [Rec. Doc. 23003].

[4] As used herein, the term "Multi-Facility Claim ID 207343" means Claimant's Consolidated Multi-Facility Business Claim, which includes Claim IDs 207343, 207344 and 207345.

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as it relates to the AVM Methodology, and reversed Policy 495 in part as it pertains to the Industry Specific Methodologies ("ISMs") [*In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017), *reh'g denied*, No. 15-30377, 2017 WL 2674235 (5th Cir. June 21, 2017)]("495 Decision"). Further, in the 495 Decision, the Fifth Circuit found it was improper to perform revenue smoothing adjustments, as these adjustments are not permitted under the Settlement Agreement. In response to the Fifth Circuit's 495 Decision, this Court issued the Second Interim Order remanding various claims on Discretionary Court Review, including Claimant's Multi-Facility Claim ID 207343, to the Claims Administrator ("CA") to be processed under the AVM Methodology of Policy 495 and ordering the CA to remove adjustments that reallocated, restated, smoothed, or moved revenues unless done to correct an error (collectively "revenue smoothing adjustments").

With respect to Multi-Facility Claim ID 207343, the Second Interim Order was entered in error, because the CA previously matched the claim using Policy 495's AVM Methodology and the claim did not include any revenue smoothing adjustments. The only adjustment performed by the CA related to Claimant's revenue was the exclusion of pass-through revenues, which is not a prohibited revenue smoothing adjustment. Thus, the CA made no changes to Claimant's compensation calculation on remand.[5] Accordingly, Claimant respectfully requests that the Court reconsider the Second Interim Order as it

---

[5] See, the Eligibility Notices issued by the CA prior to remand under the Second Interim Order [Doc ID 19930895], and after remand under the Second Interim Order [Doc. ID 20791494], both containing an Award Amount of $4,406,341. *Also see*, Accountant Compensation Calculation Schedules, Doc IDs 19804408 and 20779604; and, the Financial Data Used by Accountants, Doc. IDs 19804413 and 20779606.

pertains to Multi-Facility Claim ID 207343, and overturn and reverse the remand of this claim.

## BACKGROUND

On September 22, 2016, the CA issued an Eligibility Notice awarding Claimant an Award Amount of $4,406,341.54 relating to Multi-Facility Claim ID 207343 [Doc ID 19930895]. In the notice, the Claim Administrator stated that the AVM Methodology was applied under Policy 495. [*Id.*, at p. 5. *Also see*, Accountant Compensation Calculation Schedules, Doc ID 19804408 at pg. 6, Note 9; Eligibility Notice, Doc ID 20791494, at p.5; and, Accountant Compensation Schedules, Doc. ID 20779604 at p. 29].

On October 13, 2016, BP requested an appeal of Multi-Facility Claim 207343 and asserted two arguments: (i) Claimant was "a member of the Oil and Gas Industry;" and; (ii) "the Settlement Program misclassified [Claimant's] 'Pass-Through Labor'" expense. [Doc ID 20016006, at p. 1]. Neither of these arguments relates to the application of Policy 495.

On January 20, 2017, the Appeals Coordinator issued a Notice of Appeal Panel Decision and Reasons for Decision advising that the Appeal Panel denied BP's appeal and rejected BP's arguments. [Doc IDs 20326531 and 20326425]. On the same date, the CA issued a Post-Appeal Eligibility Notice awarding Claimant an Award Amount of $4,582,059.05, which included a 5% Review Cost because Claimant prevailed on appeal [Doc ID 20326536].[6]

---

[6] The Second Interim Order leaves open whether Claimant remains entitled to the 5% Review Cost. Since the 5% Review Cost was awarded after prevailing on an appeal issue unrelated to Policy 495, Claimant respectfully requests guidance as to this issue should this motion be denied.

On or about February 3, 2017, Claimant received notice that BP had requested Discretionary Court Review to overturn the decision of the Appeal Panel regarding the determination that Claimant was not a member of the Oil and Gas Industry. [Doc IDs 20381454 and 20465563]. On February 13, 2017, Claimant filed an Objection to BP's Request for Discretionary Court Review [Doc ID 20413398]. BP did not seek this review based on the applicability of Policy 495, the use of the AVM Methodology, or the treatment of Claimant's pass-through labor expense account and Claimant's objection did not address or comment upon these topics.[7]

On May 22, 2017, the U.S. Fifth Circuit affirmed Policy 495 in part as to the AVM Methodology, reversed Policy 495 in part as to the application of the ISMs, and found it was improper for the CA to perform revenue smoothing adjustments, because these adjustments are not permitted under the Settlement Agreement. [5th Circuit 495 Decision]. In response to that decision, this Court issued the Second Interim Order that provides, in pertinent part, as follows:

> [T]he claims identified in "Exhibit 1" to this Order are **REMANDED** to the Claims Administrator to be processed under the Annual Variable Margin Methodology, except that revenue shall not be reallocated, restated, smoothed, or moved unless done to correct an error. [Rec. Doc. 22935]

Multi-Facility Claim ID 207343 was identified in Exhibit 1, and was thus remanded for processing under the AVM Methodology with revenue smoothing adjustments removed [Rec. Doc. 22935-1, at p. 2].

---

[7] Rule 30 of the Rules Governing Discretionary Court Review of Appeal Determinations provides that "[t]he issues for review by the Court shall be limited to those issues that were properly raised before the Appeal Panel." Because BP did not raise the treatment of Claimant's pass-through labor expense, Policy 495 or the AVM Methodology on appeal, these are not issues that can be reviewed on Discretionary Review with respect to Multi-Facility Claim ID 207343.

Claimant maintains that the Second Interim Order was issued in error as it relates to Multi-Facility Claim ID 207343. Claimant's P&Ls were matched using the AVM Methodology, and thus the prohibited ISMs were not applied. Further, the only adjustment performed by the CA related to Claimant's revenues was the exclusion of pass-through revenues directly related to Claimant's pass-through labor expense. The exclusion of the pass-through revenues does not reallocate, restate, smooth or move these revenues. Instead, it excludes pass-through revenues directly tied to expense reimbursements, as required by Policy 328 v.2, and as approved by this Court. [See, Court Discretionary Review Opinions 2014-1042 and 2015-871].[8] The adjustment to exclude pass-through revenues does not match or smooth Claimant's P&Ls, but excludes income that is not considered revenue under the Settlement Agreement.[9]

Accordingly, when originally processing Multi-Facility Claim 207343, the CA did not use an ISM or perform revenue smoothing adjustment. Thus, the CA made no

---

[8] In which the Court found it is proper under the Settlement Agreement and Policy 328 v.2 to exclude special assessment revenues, as they are pass-through in nature and direct expense reimbursements. Also see, Court Discretionary Review Opinion 2015-1143, finding Common Area Maintenance Charges ("CAM") revenues should not be excluded, as they were not clearly pass-through in nature and were not clearly tied to direct expense reimbursements. Opinions are available at pgs. 61, 105 and 115, respectively, at the Deepwater Horizon Claims Center webpage: http://www.deepwaterhorizoneconomicsettlement.com/docs/Discretionary_Review.pdf

[9] Specifically, the adjustment to exclude a portion of Claimant's revenues was performed in connection with the exclusion of Claimant's "Pass-Through Labor" expense account, which the CA determined was "not an expense generated by the Claimant and only a pass-through to the Claimant's clients, [and therefore was] classified… as Other –N/A." [Accountant Compensation Calculation Schedules, Doc. IDs 19804408 and 20779604, at pg. 7, Note 15 and pg. 7, Note 14, respectively.] In order to properly exclude Claimant's "Pass-Through Labor" expense account, the CA performed an adjustment "for the purposes of reducing the revenue by the same balance." [Id.] The "Pass-Through Labor" expense account was considered a pass-through expense because: (i) the account records expenses generated when a third-party performs work for Claimant; (ii) the third-party is paid at the same rate as Claimant; (iii) the third-party receives all revenues generated by their work; and, (iv) as such, Claimant does not earn profit from the third-party's work. [See, Id. and Doc. ID 19707764]

adjustments to the claim on remand, and the Eligibility Notice issued prior to remand mirrors the Eligibility Notice issued post remand, both awarding Claimant an Award Amount of $4,406,341.54.[10]

## LAW & ARGUMENT

Claimant moves for reconsideration of the remand of Multi-Facility Claim ID 207343 pursuant to Federal Rule of Civil Procedure 54(b), which allows the Court to revise an order that adjudicates fewer than all the claims, or the rights and liabilities of all the parties. *See Broussard v. First Tower Loan, LLC*, No. 15-1161; 15-2500, 2016 WL 879995, at *2 (E.D. La. March 7, 2016) (Barbier, J.) (citing Fed. R. Civ. P. 54(b)); *see also, Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.). As explained in *Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship Builders, LLC,* "[u]nder Rule 54(b), the district court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." 282 F.R.D. 146, 152-153 (E.D. La. April 5, 2012)(Brown, N.J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); *see also*, *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.). "The United States Court of Appeals for the Fifth Circuit has made clear that in evaluating a motion for reconsideration, the standard present in Fed. R. Civ. P. 60(b) is

---

[10] See, the Eligibility Notices issued by the CAon September 22, 2016, prior to the remand under the Second Interim Order [Doc ID 19930895], and on July 31, 2017, after remand under the Second Interim Order [Doc. ID 20791494], both awarding Claimant an Award Amount of $4,406,341.54 relating to Multi-Facility Claim ID 207343. *Also see*, Accountant Compensation Calculation Schedules, Doc IDs 19804408 and 20779604; and, the Financial Data Used by Accountants, Doc. ID 19804413 and 20779606.

applicable," when said motion is served more than ten days after the rendition of the judgment." *Glob. Marine Shipping (No. 10) Ltd. v. Finning Int'l Inc.*, No. CIV.A. 01-1901, 2002 WL 31246548, at *1 (E.D. La. Oct. 4, 2002).[11]

Reconsideration under Rule 60(b) is appropriate upon proof that any one of the following grounds is present:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud, misrepresentation, or other misconduct of an adverse party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6)  any other reason justifying relief from the operation of the judgment.

[*Id.* citing Fed. R. Civ. P. 60(b)].

Here, Claimant seeks reconsideration of the Second Interim Order as to Multi-Facility Claim ID 207343 on the bases that: (i) its remand was the result of a mistake, inadvertence or excusable neglect; (ii) newly discovered evidence establishes the claim should not be remanded, and such evidence could not have been discovered in time to move for a new trial under Rule 59(b); and, (iii) as detailed herein, several reasons exist to justify relief from the remand of this claim.

Specifically, the Second Interim Order errs in that it mistakenly identifies Multi-Facility Claim ID 207343 as a claim that was processed using an ISM and/or using a

---

[11] Citing, *In re Bank of Louisiana/Kenwin Shops Inc., Contract Litig.*, No. CIV.A. 97 MDL 1193, 1999 WL 518852, at *1 (E.D. La. July 19, 1999) and, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

revenue smoothing adjustment prohibited by the Fifth Circuit's 495 Decision. As detailed above, the CA applied the AVM methodology and performed an adjustment to exclude Claimant's pass-through labor revenues, which is not a revenue smoothing adjustment.

Additionally, the Eligibility Notice issued on July 31, 2017 [Doc. ID 20791494] and its supporting documents[12] are newly discovered evidence establishing that Multi-Facility Claim 207343 was improperly remanded. ("Post-Remand Eligibility Notice") These documents reflect that the CA made no adjustments to Claimant's claim on remand and issued Claimant an Eligibility Notice containing the same Award Amount as the "Pre-Remand Eligibility Notice.[13]" Accordingly, no changes to the processing on this claim were required to comply with the Fifth Circuit's 495 Decision.

Recently, on August 10, 2017, the Court issued an Order holding that Claim Nos. 363913 and 301397 were improperly remanded by the Second Interim Order. [Rec. Doc. 23252] The basis for this finding was an "inquir[y] with the Claim Administration staff… and further review… [of] the relevant portions of the claim file." [*Id.* at pg. 2] Claimant respectfully submits that the "Claim Administration staff" already determined that Multi-

---

[12] Including but not limited to the Accountant Compensation Calculation Schedules and the Financial Data Used by Accountants. [Doc IDs 20779604 and 20779606]

[13] See, the Eligibility Notices issued by the CA on September 22, 2016, prior to the remand under the Second Interim Order [Doc ID 19930895] ("Pre-Remand Eligibility Notice"), and on July 31, 2017, after remand under the Second Interim Order [Doc. ID 20791494]("Post-Remand Eligibility Notice"), both awarding Claimant an Award Amount of $4,406,341.54 relating to Multi-Facility Claim ID 207343. *Also see*, Accountant Compensation Calculation Schedules, Doc IDs 19804408 and 20779604; and, the Financial Data Used by Accountants, Doc. ID 19804413 and 20779606.

Facility Claim 207343 was improperly remanded, as established by the total absence of adjustments on remand and the resulting duplicative Award Amount.[14]

If the foregoing error in the Second Interim Order is not overturned, Claimant will unjustly be subject to: (i) the potential loss of the 5% Review Cost Award of $175,717.51 Claimant earned by prevailing on appeal issues unrelated to Policy 495;[15] (ii) additional appeals and/or discretionary review requests by BP when no grounds existed to remand this claim; (iii) delays in the processing and payment of its claim, including but not limited Claimant losing its prior position in the discretionary review que; and, (iv) the potential for facing new appeals arguments that could not have been asserted by BP absent this claim being remanded. All these facts are reasons justifying relief from the operation of the Second Interim Order.

Accordingly, based on the foregoing, Claimant respectfully requests that the Second Interim Order be overturned and reversed as to Multi-Facility Claim ID 207343 only.

## CONCLUSION

For the reasons stated above, Claimant ID 100226602 respectfully requests that this Court reconsider its Order dated June 13, 2017 [Rec. Doc. 22935] insofar as it remands Multi-Facility Claim ID 207343 to be processed under the AVM Methodology,

---

[14] See, *Id.* The absence of adjustments to Multi-Facility Claim ID 207343's P&Ls on remand is confirmed by the duplicative awards in the Post-Remand Eligibility Notice and Pre-Remand Eligibility Notice, and by their supporting documents, including but not limited to the Accountant Compensation Calculation Schedules; and, the Financial Data Used by Accountants.

[15] See, the Post-Appeal Eligibility Notice issued on January 20, 2017, which in addition to awarding Claimant the $4,406,341.54 included in the September 22, 2016 Eligibility Notice, also awarded Claimant $175,717.51 as the 5% Review Cost for prevailing on appeal, resulting in a total Award Amount of $4,582,059.05. [Doc. ID 20326536]

except that revenue shall not be reallocated, restated, smoothed, or moved unless done to correct an error. Multi-Facility Claim ID 207343 was originally processed using the AVM Methodology without revenues being reallocated, restated, smoothed, or moved. Thus, the remand of Multi-Facility Claim ID 207343 violates the decision of the Fifth Circuit affirming the AVM Methodology of Policy 495, and should be overturned and reversed.

Respectfully Submitted,

/s/John P. Wolff, III
JOHN P. WOLFF, III, La. Bar #14504, T.A.
CHRISTOPHER K. JONES, La. Bar #28101
BRENT J. COBB, La. Bar #34491
**KEOGH, COX & WILSON, LTD.**
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
Email:  jwolff@keoghcox.com
        cjones@keoghcox.com
        bcobb@keoghcox.com
*Counsel for Claimant ID No. 100226602*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 18th day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the court's electronic filing system.

/s/John P. Wolff, III
JOHN P. WOLFF, III