**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | § | MDL 2179 |
| *Deepwater Horizon* | § | |
| in the Gulf of Mexico, | § | SECTION: J |
| on April 20, 2010, | § | |
| | § | JUDGE BARBIER |
| This Document Relates To: | § | |
| Claimant ID xxxx95395 | § | MAG. JUDGE SHUSHAN |
| Claim ID 376064 | | |

_____

**MOTION TO EXTEND TIME TO SUBMIT**
**REQUEST FOR DISCRETIONARY COURT REVIEW**

TO THE HONORABLE JUDGE BARBIER:

COMES NOW, PORTO CASTELO, INC., ("Claimant"), in the above-styled and numbered matter, and files this Motion to Extend Time to Submit Request for Discretionary Court Review, and respectfully shows unto this Honorable Court as follows:

**I.**
**NATURE AND STATE OF PROCEEDINGS**

1.     In or about June of 2015, a Business Economic Loss Claim was timely filed by Porto Castelo, Inc., in the Deepwater Horizon Economic Settlement, which was assigned Claim ID 376064.

2.     Thereafter, various briefing submissions in the process were timely met by Claimant between January and November, 2016, including but not limited to:  a Re-Review of a Denial Notice in February, 2016; a Response to a Incompleteness Notice in May, 2016, a Re-Review of a Denial Notice in July, 2016; a Reconsideration of Denial Notice in October, 2016; and a Post-Reconsideration Denial Notice Appeal in November, 2016.

3.     Thereafter, in response to the Appeal Panel's final denial, the Claimant appealed the Appeal Panel's decision, and when a notification was received by e-mail on March 17, 2017,

requesting additional documents including: (1) Documents or records which reflect the harvesting division and the processing division; (2) Accounting records evidencing the purchase of shrimp by its processing division from its harvesting division; and (3) Any other documents, records or information which support claimant's position on this issue, the Claimant dutifully and timely complied.

4.      On June 27, 2017, Porto Castelo Inc., the Claimant even submitted a Reply to the Claims Administrator's Response to Request for Information/Summary Review, with additional documents, by e-mail to the Appeals Coordinator.

5.      Unbeknowst to Claimant, however, the Appeals Panel has already denied its appeal, thus affirming the Claims Administrator's denial of the Claimant's claim, in an opinion dated June 14, 2017, a true and correct copy of which is attached hereto as **Exhibit A**.

6.      There is no record of any notice of the Appeals Panel's June 14, 2017 decision, until, apparently, an email notification to counsel for Claimant, dated Friday, July 28, 2017, at 9:05 p.m.  Notwithstanding the existence of this apparent notification today, it was not seen nor read by counsel, due likely, in part, to the date and time of the e-mail: 9:05 p.m., on a Friday night, along with additional other reasons, which are more specifically set forth in more detail below, to include the possibility it actually did not show up in counsel for Claimant's e-mail account, until later, despite its date.

7.      Regardless, thereafter, on August 10, 2017, counsel for Claimant clearly received an email notification dated Tuesday, August 8, 2017, at 9:08 p.m., which included the Appeal Panel's denial and, upon closer scrutiny today, further indicated that a previous notification had not yet been reviewed/opened.  Upon opening the same on August 10, 2017, counsel interpreted this email to be his first notice or service of the Appeal Panel's denial of Claimant's appeal and,

upon confirming and applying Rule 18 of the Court's Amended Rules Governing Discretionary Court Review of Appeal Determinations approved by the Court by Order dated December 8, 2015, [Docket No. 15643-1], ("Rule 18"), concluded that the deadline for filing a Request for Discretionary Court Review by the Court was August 22, 2017, which was fourteen (14) days from the date of the August 8, 2017 email.

8.      In this regard, counsel for Claimant sent an e-mail to Patrick Hron, the Appeals Coordinator, on August 10, 2017 at 12:20 p.m., which indicated that counsel had just received the denial of the Appeal Panel's decision and inquired into the possibility of an extension of the August 22, 2017 deadline.  A true and correct copy of the e-mail exchange between counsel for Claimant and the Appeals Coordinator is attached hereto as **Exhibit B**.  The e-mail further confirms counsel for Claimant's intention to pursue the filing of a Request for Discretionary Court Review, as well as his assertion of the August 22, 2017 deadline for filing the same, in support of counsel's good faith reliance on August 10, 2017 that August 22, 2017 was the submission deadline, which date Mr. Hron confirms by his response, which also included his assertion that any requests for extension of the August 22, 2017 deadline was a matter to be taken up by the Court.

9.      Invariably, on this day, August 18, 2017, when counsel started working on the Request for Discretionary Court Review, it came to counsel's attention that the Notice of Appeal Panel Denial Decision stated that Claimant's Request for Discretionary Court Review was due on August 11, 2017, which date was in conflict with Rule 18 and counsel's corresponding belief that the deadline for filing the same was August 22, 2017, given the date he first noticed by way of the August 8, 2017 e-mail, Rule 18, and the Appeal's Coordinator's apparent confirmation that the deadline was August 22, 2017.   Please see the Affidavit of Gus E. Pappas, counsel for

Claimant, a true and correct copy of which is attached hereto as **Exhibit C**, which is attached hereto as further supports this motion.

10.     In an effort to reconcile the stated August 11, 2017 deadline and August 8, 2017 e-mail which he read on August 10, 2017, which counsel took as his first notice of the denial, counsel re-reviewed Rule 18, and upon the same, initially reaffirmed his belief that the deadline was, in fact, August 22, 2017, and the August 11, 2017 deadline was based on the July 28, 2017 date on the notice, which, of course, Counsel, ostensibly, believed he did not get until August 10, 2017, by way of the August 8, 2017, at 9:08 p.m., e-mail.  Upon closely reading the August 8, 2017 e-mail, however, it became apparent that it referenced a prior e-mail, *e.g.*, the e-mail dated July 28, 2017.   Although counsel did not see or read the 9:05 p.m., e-mail dated July 28, 2017, which is confirmed by the Claim's Portal and the August 8, 2017 e-mail, (nor can counsel say when it actually hit his e-mail account), upon searching his account, on this day, August 18, 2017, the July 28, 2017 e-mail existed in his account, which date, of course, then reconciled with the August 11, 2017 stated deadline.  The circumstances set forth above necessitate the filing of this motion, although a nagging question exists as to when counsel received the July 28, 2017 e-mail. For purposes of this motion, however, because counsel cannot prove when it hit his account, counsel must presume it hit his account on the evening of Friday, July 28, 2017.

## II.
## RELIEF REQUESTED

8.     Claimant, Porto Castelo, Inc., intends and desires to file a Request for Court Discretionary Review, as it stated in the August 10, 2017 e-mail to the Appeals Coordinator and will do so on or before August 22, 2017.   In that regard, Claimant requests an extension of eleven (11) days, or through August 22, 2017, to so do, which is the date it initially believed was its deadline to file its Request for Court Discretionary Review.

9.      Although it does not appear that showing a meritorious claim is a necessary element for the Court to find to grant this motion, Claimant, Porto Castelo, Inc., would offer that the instant claim is unique and that the basis of its claim was not foreseeable nor could be contemplated when the definitions applicable to Business Economic Loss Claims were developed, and thus, cannot be used to deny the Claimant's claim and, otherwise, presents an extraordinary situation, and that upon consideration, this Court will be persuaded to rule in Claimant's favor.  In this regard, while the Appeals Panel denied Claimant's claim, it offered the following statement, "This panelist has been impressed, throughout, with the extremely high quality of the briefs and exhibits submitted by Claimant's very able counsel.  Unfortunately, in the final analysis, his strenuous and inventive effort to overcome the Administrator's findings are not persuasive.", which statement appears to indicate that the claim is not, on its face, clearly disposed of by the Settlement Agreement.

10.     It would also appear to naturally follow that the Claimant would be prejudiced if not permitted to submit a Request for Court Discretionary Review, as requested herein, as the same arguably results in an unintentional forfeiture of Claimant's right to appeal to the Fifth Circuit.

### III.
### ARGUMENT & AUTHORITIES

11.     Pursuant to Section 6.6 of the Deepwater Horizon Economic and Property Damages Settlement Agreement as Amended on May 2, 2012, [Docket No. 6430-1], (the "Settlement Agreement"), "the Court maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement.  Upon reviewing such a determination, the Court shall treat the Appeal determination as if it were a recommendation by a Magistrate Judge."  Accordingly, this Court has jurisdiction to consider this motion.

12.     Further, if the party asks for additional time after the deadline, the party should show good cause and that the failure to act is the result of "excusable neglect." FRCP 6(b)(1)(B).

13.     In *Pioneer Inv. Servs, v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993), the Supreme Court identified a nonexclusive list of factors the district court should consider when determining excusable neglect:  (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Excusable neglect requires demonstration of good faith by party seeking extension and some reasonable basis for noncompliance within time specified in rules.

14.     The Court has broad discretion to grant or deny an extension.  *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).  With that, the Claimant further offers the following:

*The Danger of Prejudice to the Nonmovant*

15.     The instant decision, upon which the Request for Discretionary Court Review would be based, was rendered by the Appeal Panel on June 14, 2017, but notification of the same was presumably and at the earliest not provided to counsel until the evening of July 28, 2017, which was a full month and a half after the decision.  Additionally, Claimant's claim is one among many claims still pending in this multi-district litigation, and therefore, granting this motion shall not serve to prejudice or alter the proceedings or arguably burden BP, especially considering that this Court's review is discretionary, and that the burden of showing its entitlement to the Court's review is, presumably, with the Claimant. Further, counsel notified the Appeals Coordinator of its intent to submit a Request for Discretionary Court Review by way of his August 10, 2017 e-mail.  Accordingly, BP is further not prejudiced in that any failure by Claimant to meet this deadline was not anticipated by BP.  Moreover, if an extension of time is not permitted, BP could

very well receive a windfall at the Claimant's expense and based on circumstances outside Claimant's control, and in contravention of one of the Settlement Agreement's purpose, *e.g.*, to fully address claims.

*The Length of Delay*

16.     The length of delay at issue is at most eleven (11) days.  Given the nature of the claim at issue and the duration of this specific litigation process thus far, as well as the anticipated years that remain until the finality and formality of all claims, eleven (11) days appears to be only a minor delay. It is noteworthy that throughout the appeal, both sides sought and received filing extensions, which the Appeals Panel found to be "well founded."  (See **Exhibit A**.)  Further, given that the Appeal Panel's decision was entered on June 14, 2017, and was not sent out until July 28, 2017, at the earliest, it appears that there was and is no magic to the deadlines as they are fortuitously determined by when the decision happens to be sent out, nor did it appear, given the 1.5 month delay, that there was any urgency or necessity in rushing the completion of this matter, which appears to also further bolster the argument that BP will be little prejudiced by the extension.  Interestingly, had the Appeal Panel fortuitously waited another week to send out its ruling, this motion would not have been necessary, in any event.  Accordingly, the eleven (11) day delay proposed by the Claimant should have little, if any, impact on BP, in this mattter, or on the proceedings, as a whole.

17.     In summary, BP will not be prejudiced because as stated above, the requested review is (1) discretionary; (2) any failure to meet any deadline was not anticipated or relied on by BP; and (3) the Claimant is one of many existing claimants, in a process that has been on going for this Claimant for two plus years, to date, and arguably rendering BP unaffected by Claimant's proposed eleven (11) day delay.

*The Reason for the Delay*

18.     More specifically in this regard, as it relates to the e-mail notification dated Friday, July 28, 2017, at 9:05 p.m., with notification of Appeal Panel Denial Decision, assuming it did, in fact, arrive on the date and time stated, which counsel must presume as it cannot prove otherwise, counsel can affirm that he did not see this e-mail, and, accordingly, it was unread, which led counsel to believe when he saw the August 8, 2017 email on August 10, 2017, that it was the first notice of the same.  Invariably, his failure to read the July 28, 2017 email was due, in part, to the time of the e-mail and the fact that it was a Friday night.   Perhaps, additionally, for unknown reasons, it never made it into counsel's e-mail account on July 28, 2017, as counsel was experiencing delayed receipt of emails, *e.g*., the receipt of the August 8, 2017 e-mail on the 10th. Invariably, however, counsel for Claimant also had several personal matters that occurred on July 28, 2017 and thereafter, which undoubtedly contributed or independently caused his missing the e-mail, assuming it was received in counsel's inbox as and when intended.  On the evening of July 28, 2017, counsel was at the hospital bedside of his first cousin, who was deathly ill, and was integrally involved in his medical care and the life and death decisions that had sadly become necessary for him and his family.  His cousin, who was truly like a brother to him, passed away on July 29, 2017, at fifty-seven (57) years of age.  Counsel was devastated by the loss.   As the Court can imagine, during this time, not only was counsel emotionally involved in the care and health of his cousin, but also was being relied upon to care for his cousin's family regarding all legal matters, while at the same time acting as the intermediary between his cousin's family and the medical professionals treating his cousin, and, upon his death, assisted with the immediate funeral arrangements and care of his family, which took over the better part of the week of July 31, 2017.  During the same period of time, counsel was responsible for his

ninety-one (91) year old father, who became ill and was ultimately hospitalized as he was coughing up blood, among showing other signs of fatal distress. It is also for these reasons, counsel inquired about an extension on the August 22, 2017 deadline, in his August 10, 2017 e-mail.

*Claimant has Acted in Good Faith*

19.     At all times during this Claims process, the Claimant has acted in good faith. The Claimant has been honest and responsive at every turn, as has counsel for the Claimant. Up until this deadline, both the Claimant and counsel for the Claimant double and triple checked every procedure process, deadline, and order of the Claims Administrator and Appeal Panel, before acting, so as to ensure diligence in this process. As noted above, the Appeal's panelist was impressed throughout by Claimant's counsel's efforts. Even in the instant matter, as soon as counsel saw the e-mail dated August 8, 2017, he responded to the Appeals Coordinator, with not only procedural, but also substantive questions, and stated his belief, on that date, that the deadline was August 22, 2017, which deadline was confirmed by the Appeals Coordinator in writing. Further, counsel and Claimant have replied to every request and deadline throughout this two plus year process, which should seem to count for something and evidence his good faith in the matter, thus allowing Claimant to see the process though and not subject it to prejudice, even though the review is discretionary, by the likelihood of one good faith error by Counsel which precludes the Claimant from exhausting all of its appellant options.

## IV.
## CONCLUSION

20.     Claimant's failure to timely file a Request for Discretionary Court Review was not intentional. It was purely the result of a series of unfortunate events which Claimant contends are excusable and that caused counsel to unintentionally but arguably and, as it appears, miss the

deadline.   Under the circumstance, counsel and Claimant request the Court excuse counsel's apparent neglect, so as not to prejudice the Claimant.

21.     As set forth herein above, there is good cause for the Court to grant Porto Castelo, Inc.'s motion to allow Porto Castelo, Inc., to submit its Request for Discretionary Court Review, if filed by August 22, 2017.

        WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that, upon consideration of this Motion to Extend Time to Submit Request for Discretionary Court Review, that the relief requested by Porto Castelo, Inc., will be granted, and the Claimant will be granted any further relief, at law and in equity, to which it is entitled.

                                        Respectfully submitted,

                                        DABNEY & PAPPAS

                                        By: /s/ Gus E. Pappas
                                            Gus E. Pappas (admitted PHV)
                                            1776 Yorktown, Suite 425
                                            Houston, Texas 77056
                                            (713) 621-2678   Telephone
                                            (713) 621-0074   Facsimile
                                            gus@dabneypappas.com


                        **CERTIFICATE OF SERVICE**

        I, Gus E. Pappas, counsel for the Porto Castelo, Inc., do hereby certify that the above and foregoing Motion to Extend Time to Submit Discretionary Court Review has been served on all counsel by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 18th day of August, 2017.

                                        /s/ Gus E. Pappas
                                        Gus E. Pappas