DWH:      Porto Castelo, Inc.

Claim ID:    376064

Written Reasons and Opinion:

This Business Economic Loss claim was denied upon a finding by the Claims Administrator that Claimant operates a shell fishing business which is seeking compensation for commercial fishing activity which is only compensable under the Seafood Compensation Program Framework and the deadline for submission of such claims had long expired.

Claimant asserts, to the contrary, that it is an entity which owned and operated a vessel that landed Seafood in the Gulf Coast Areas between April 20, 2009 and April 16, 2012 and which seeks loss of income, earnings or profits as a result of the Spill, citing Settlement Agreement Sections 1.2.3(2) and 1.3.1.2.

According to Claimant, it operates a vertically integrated shrimp harvesting and processing vessel for the purpose of exporting Gulf Coast shrimp to the European Union under an exclusive contract with an EU distributor. In reply, BP contends that Claimant is nothing more than a shrimp fishing business, as opposed to a primary Seafood Processor, because it does not purchase shrimp from any of the entities listed in the Settlement Agreement definition. Claimant asserts, in response, that its business model includes a harvesting division as well as a processing division and that its accounting records demonstrate the sale of shrimp from one division to another. To the extent that such records are required, claimant stated it would provide them. This panelist took it at its word and requested they be produced.

In due course, and after a number of well-founded extension requests, Claimant produced a considerable body of records which this panelist carefully examined. Since the Claims Administrator had not had the opportunity to review those documents and Claimant's appellate briefs and other supporting exhibits, this panelist requested that he do so and then provide a Summary of Review containing his customary, detailed analysis and evaluation. In due course, my request was granted. It reports, in pertinent part, as follows:

> On Appeal, Porto Castelo argues that in addition to its shrimp harvesting activity, it meets the definition of Primary Seafood Processor in Exhibit 3 because it adds value to its catch by processing the catch onboard its fishing vessels. Exhibit 3 states that economic loss claims by Business Entities that satisfy the definition of Primary Seafood Processor "shall be compensated pursuant to the Compensation Framework for Business Economic Loss Claims." However, Primary Seafood Processor is defined as "an Entity…that receives and prepares Seafood *purchased from a Commercial Fisherman, Landing Site, or Commercial Wholesale or Retailer Dealer* including, but not limited to, cleaning, cooking, canning,

EXHIBIT A

smoking, salting, drying or freezing, grading by size, packing, or storing Seafood for shipment" (emphasis added).

In addition, the Settlement Program relies on the definition of "landings" in Policy 270 to distinguish activity compensable within the SCP from activity compensable with the BEL Framework. According to Policy 270, "the Claims Administrator interprets the term 'landings' or 'landing' in the Settlement Agreement to mean solely landing seafood at dockside, and not the act of placing catch into a vessel while out on the water." Therefore, business activity that occurs before the Seafood is landed is compensable under the SCP Framework, while business activity that occurs after the Seafood is landed is compensable under the BEL Framework.

In this case, Porto Castelo harvested shrimp and processed it onboard its commercial fishing vessel. Because the processing activity took place before the Seafood became "landings" as defined in Policy 270, the Settlement Program determined that this activity was only compensable under the SCP Framework. The Settlement Program also concluded that the claimant did not meet the definition of Primary Seafood Processor because it did not purchase Seafood from a purchased from a Commercial Fisherman, Landing Site, or Commercial Wholesale or Retailer Dealer. Instead, it processed the shrimp it harvested itself.

Document ID 20720893.

This panelist has been impressed, throughout, with the extremely high quality of the briefs and exhibits submitted by Claimant's very able counsel. Unfortunately, in the final analysis, his strenuous and inventive effort to overcome the Administrator's findings are not persuasive.

After *de novo* review of the entire record, this panelist agrees with the Claims Administrator. His decision is affirmed.

Denial Upheld.

Decision: June 14, 2017