IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | § | **MDL 2179** |
| *Deepwater Horizon* | § | |
| in the Gulf of Mexico, | § | **SECTION: J** |
| on April 20, 2010, | § | |
| | § | **JUDGE BARBIER** |
| **This Document Relates To:** | § | |
| **Claimant ID xxxx95395** | § | **MAG. JUDGE SHUSHAN** |
| **Claim ID 376064** | | |

### AFFIDAVIT OF GUS E. PAPPAS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me, the undersigned Notary Public, personally appeared Gus E. Pappas, who having been duly sworn, stated upon his oath, as follows:

1. "My name is Gus E. Pappas. I am over the age of 21 years, and in all respects competent to make this affidavit. I have personal knowledge of all the facts set forth herein, and they are true and correct."

2. "I am counsel for Porto Castelo, Inc. There is no record of any notice of the Appeals Panel's June 14, 2017 decision, (a true and correct copy of which is attached to the motion as **Exhibit A**), until, apparently, an email notification to counsel for Claimant, dated Friday, July 28, 2017, at 9:05 p.m. Notwithstanding the existence of this apparent notification that was discovered today, it was not seen nor read by me, due likely, in part, to the date and time of the e-mail: 9:05 p.m., on a Friday night, along with additional other reasons, which are more specifically set forth in more detail below, to include the possibility the e-mail did not actually show up in my e-mail

1

EXHIBIT C

account, until later, despite its date."

3. "Regardless, thereafter, on August 10, 2017, I clearly received an email notification dated Tuesday, August 8, 2017, at 9:08 p.m., which included the Appeal Panel's denial and, upon close scrutiny on this day, further indicated that a previous notification had not yet been reviewed/opened. Upon opening the same on August 10, 2017, I interpreted this email to be a first notice or service of the Appeal Panel's denial of Claimant's appeal and, at that time upon confirming and applying Rule 18 of the Court's Amended Rules Governing Discretionary Court Review of Appeal Determinations approved by the Court by Order dated December 8, 2015, [Docket No. 15643-1], ("Rule 18"), concluded that the deadline for filing a Request for Discretionary Court Review by the Court was August 22, 2017, which was fourteen (14) days from the date of the August 8, 2017 email."

4. "In this regard, I sent an e-mail to Patrick Hron, the Appeals Coordinator, on August 10, 2017 at 12:20 p.m., which indicated that I had just received the denial of the Appeal Panel's decision and inquired as to the possibility of an extension of the August 22, 2017 deadline and how to request the same, due to the personal matters set forth below. A true and correct copy of the e-mail exchange between counsel for Claimant and the Appeals Coordinator is attached to the motion as **Exhibit B**. The e-mail further refers to my intention to pursue the filing of a Request for Discretionary Court Review, as well as my assertion of and belief in the August 22, 2017 deadline for filing the same to which I make reference below, in support of my good faith reliance upon the date as the submission deadline, which date Mr. Hron, to my mind, confirms

2

by his response, which included his assertion that any requests for extension of the August 22, 2017 deadline was a matter to be taken up by the Court."

5. "Invariably, on this day, August 18, 2017, when I started working on the Request for Discretionary Court Review, I noticed that the Notice of Appeal Panel Denial Decision stated that Claimant's Request for Discretionary Court Review was due on August 11, 2017, which date was in conflict with Rule 18 and my corresponding belief that the deadline for filing the same was August 22, 2017, given the date I believed I first received notice, Rule 18, and the Appeals Coordinator's apparent confirmation that the deadline was August 22, 2017."

6. "In an effort to reconcile the stated August 11, 2017 deadline and August 8, 2017 e-mail, which I read on August 10, 2017, I re-reviewed Rule 18, and upon the same, initially reaffirmed my belief that the deadline was, in fact, August 22, 2017, and that the August 11, 2017 deadline was based on the July 28, 2017 date on the notice, which notice, of course, I, ostensibly, believed I did not get until I received the August 8, 2017 e-mail, which I believe I received on August 10, 2017. Upon closely reading the e-mail dated August 8, 2017, however, it became apparent that it referenced a prior e-mail, *e.g.*, the e-mail dated July 28, 2017 at 9:05 p.m. Although I did not see or read the e-mail dated July 28, 2017, as confirmed by the Claim's Portal and the August 8, 2017 e-mail, (nor can I say when it actually hit my e-mail account), upon searching my account, on this day, August 18, 2017, the July 28, 2017 e-mail existed in my account, which date, of course, then reconciled with the August 11, 2017 stated deadline. The circumstances set forth above necessitated the filing of the motion. Although a nagging question exists as to when I received the July 28, 2017 e-mail, for purposes of this motion, because I cannot prove when it hit my account, I must presume it hit my account late in the evening of Friday, July 28, 2017."

7. "Also, I have to say, given the fact that I thought the very first notice I received was on August 10, 2017, with an August 8, 2017 date, at 9:08 p.m., I would never have thought that my appeal deadline was the next day of August 11, 2017."

8. "More specifically as it relates to the e-mail notification dated Friday, July 28, 2017, at 9:05 p.m., assuming it did, in fact, arrive on the date and time stated, which I must presume now as I cannot prove otherwise, I can affirm that I did not see this e-mail, and, accordingly, it was unread. This was due, in part, to the time of the e-mail and the fact that it was a Friday night, as stated above. Perhaps, additionally, for unknown reasons, because my office was experiencing delayed receipt of emails, *e.g.*, the receipt of the August 8, 2017 e-mail on the 10th, it did not arrive when it was dated. Invariably, however, I also had several personal matters that occurred on July 28, 2017 and thereafter, which undoubtedly contributed or independently excusably caused me to miss the e-mail, assuming it was received in my inbox as and when intended. On the evening of July 28, 2017, I was at the hospital bedside of my first cousin, who was deathly ill. I was integrally involved in his medical care and the life and death decisions that had sadly just become necessary for his family. My cousin, who was truly like a brother to me, passed away the next day, on July 29, 2017, at fifty-seven (57) years of age. I was devastated by the loss. As the Court can imagine, during this entire time, not only was I emotionally involved in the care and health of my cousin, but I was also being relied upon to care for my cousin's family regarding all legal questions and matters, while at the same time acting as the intermediary between my cousin's family and the medical professionals treating my cousin, and, upon his death, assisted with the immediate funeral arrangements and care of his family, which took care of the better part of the week of July 31, 2017. During the same period of time, I was

responsible for my ninety-one (91) year old father, who became ill and was ultimately hospitalized as he was coughing up blood, among his other signs of fatal distress. Accordingly, to the extent the July 28, 2017 at 9:05 p.m., e-mail hit my account on that night. I would not have seen it, given the circumstances. It is also for these reasons that I inquired about an extension on the August 22, 2017 deadline, in my August 10, 2017 e-mail to the Appeals Coordinator."

9. "I have read the entire motion, as well as all of the factual allegations and personal statements that I have made therein but not expressly set forth herein, and despite the fact that they are not set forth at length herein, they are all within my personal knowledge, are true and correct, and are incorporated herein as if set forth at length."

"Affiant sayeth further naught."

_____
Gus E. Pappas

SWORN TO AND SUBSCRIBED before me on the 18th day of August, 2017.



_____
Notary Public, In and For
The State of Texas

TIFFANY CARROLL
MY COMMISSION EXPIRES
August 31, 2018