UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

| | | |
|---|---|---|
| RICHARD E. SEWARD, JR., | * | Civil Action No. 2:16-cv-04072-CJB-JCW |
| Plaintiff, | * | Section: J |
| v. | | |
| | * | JUDGE BARBIER |
| BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, BP P.L.C., TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, TRITON ASSET LEASING GmbH, HALLIBURTON ENERGY SERVICES, INC., HALLIBURTON DIVISION SPERRY DRILLING SERVICES, ANADARKO PETROLEUM CORPORATION CO., and ANADARKO E&P COMPANY LP, | * | MAG. JUDGE WILKINSON |
| Defendants. | | |

### RICHARD E. SEWARD, JR.'s MEMORANDUM IN OPPOSITION TO BP'S DISPOSITIVE MOTION AS TO RELEASED CLAIMS PURSUANT TO PTO NO. 64, SECTION 1.B1 ("B1 BUNDLE")

COMES NOW the Plaintiff, RICHARD E. SEWARD, JR., by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(d) and 56, Pretrial Order No. 64, and this Court's Order dated July 18, 2017 (Doc. 23048) and responds in opposition to BP Exploration & Production, Inc. and BP America Production Company's (collectively "BP") dispositive motion

1

as to released claims pursuant to PTO No. 64, Section 1.B1 ("B1 Bundle"). For the reasons set forth below, Plaintiff respectfully requests that BP's motion be denied.

## BACKGROUND

Richard E. Seward, Jr. is a fishing guide located in Tampa, Florida.[1] The Deepwater Horizon spill on April 20, 2010, devastated Mr. Seward economically. As a direct result of the oil spill, Mr. Seward lost all of his charters and was placed under severe financial hardship. As a recreational guide business was his sole source of income, Mr. Seward immediately sought compensation from BP. Recognizing that it was a responsible party under §2705 of the Oil Pollution Act ("OPA") and as mandated by the Act, BP began making interim payments to Mr. Seward and others in his situation. However, that all changed when the Gulf Coast Claim Facility ("GCCF") was established. BP ceased to make or even offer the interim payments. Rather, BP increased the paperwork demands while delaying active claims. After cutting off the interim payments and deliberately delaying and complicating the claims process, BP then unconscionably began to use Mr. Seward's financial distress to force him to accept a quick pay amount that was far less than his current and anticipated losses.

While ceasing the mandated interim payments, increasing the claims demands and pushing the quick pay, BP then started providing him with lists of lawyers that would be defending BP and even threatened that he would never see a dime of payment unless he accepted their minimal payment. BP also told him that there would be no more claims paid and no more money given out except for the quick-pay, and that if he did not sign the waiver he would get nothing as there would be no more money to pay claims. As a result of BP's knowing and unlawful actions, it fraudulently induced Mr. Seward into signing the release agreement, which he signed under economic duress.

---

[1] These facts are supported by Plaintiff's Declaration which is attached hereto as Exhibit "A."

Accordingly, BP's attempt to enforce its release should be denied as material issues of fact support Mr. Seward's claims that he was fraudulently induced into signing the unlawful release, and he signed it under economic duress. The release should also be declared void as a matter of law.

## STANDARD OF REVIEW

It is unclear which procedural rule under which Defendant's has filed its dispositive motion. However, as BP has not answered Plaintiff's complaint, Plaintiff treats this motion as a motion to dismiss, claiming as an affirmative defense that a release bars Plaintiff's claim. As BP attached evidence to its dispositive motion in the form of a release, Plaintiff responds pursuant to Fed. R. Civ. P. 12(d) which requires the motion "be treated as one for summary judgment under Rule 56."

Under Rule 56, summary judgment must be denied unless, after adequate time for discovery, the party seeking summary judgment has demonstrated that the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). All summary judgment evidence and inferences drawn therefrom must be viewed in a light most favorable to the non-moving party. Furcron v. Mail Centers Plus, LLC, 843 F.3d 1295, 1303-04 (11th Cir. 2016). Finally, all reasonable doubts must be resolved against the moving party. Id.

## Argument

By filing a Complaint in this action, Mr. Seward seeks to recover for the severe economic hardship he was placed in following the BP Oil spill. He seeks all available damages as plead in the B1 Bundle. Because of BP's actions and inactions, Mr. Seward's recreational guide service was devastated. He initially sought and received interim payments, which BP cut off when it

created the GCCF to administer claims under the OPA, placing him in extreme hardship. BP then avoided the OPA mandate that interim payments be provided, refused to offer any interim payments, and only offered a quick pay option in exchange for a release, after telling him no more claims would be paid and that all the money had been paid for claims.

BP has not answered Mr. Seward's claims, but has filed a dispositive motion seeking to avoid liability based upon the terms of the release signed by Mr. Seward in exchange for the "quick-pay." BP's refusal to provide or offer interim payments violated OPA rendering the release invalid. In addition, BP, knowing the extreme financial distress placed upon Mr. Seward, deliberately created, then used, his weakened financial condition to force him to sign the Release. In addition, BP made several fraudulent statements which also rendered the Release void. As the material facts presented by Mr. Seward support his claims, this Court should deny BP's dispositive motion.

## I. The Release is Void and Unenforceable.

It is undisputed that Mr. Seward signed a GCCF Release; however, under the facts viewed in the light most favorable to Mr. Seward, the GCCF Release is void and unenforceable.

### a. The Release is Void as a Matter of Law

The GCCF Release signed by Richard Seward on or about December 22, 2010, is void as a matter of law. When the GCCF took over the claims making process, it ceased making any interim payments to Plaintiff. Not only did it cease making the mandated interim payments under 33 U.S.C. §2705 of the Oil Pollution Act, but it deliberately delayed and prolonged the claims process. Knowing that Mr. Seward was in extreme financial hardship, the cessation of interim payments had a dramatic effect on Mr. Seward. Without the interim payments, he could not survive. Rather than comply with OPA and continue to make the interim payments, they provided

4

Mr. Seward with one option, the quick pay option. BP removed OPA's mandated compensation, and replaced it with only one option, a lesser one-time payment, with no paperwork or time requirement in exchange for a full release. Not only did the GCCF present the quick pay as the only option, but at the same time it provided Mr. Seward with threats and paperwork showing Mr. Seward the over 120 corporations that would be providing lawyers in defense of his suit. The BP adjusters represented to him that this was his last chance to recover as no more claims would be paid, and all the claims money had been allocated. Accordingly, because the release violates the OPA by refusing to provide an interim payment option, and only a one time final payment, it should be void as a matter of law.

Under these facts, and the law and analysis set forth in Plaintiff's Supplemental Memorandum concerning BP's failure to comply with the mandates of OPA (doc 1318), which is fully incorporated as if fully restated herein, BP's release should be invalidated as a matter of law. (Doc. 1318 is attached hereto as Exhibit "B").

### b.     The Release is Misleading and Unenforceable.

The release signed by Plaintiff is misleading in that it did not even mention legal proceedings that had been ongoing for numerous months, and it did BP advise Plaintiff of the claims process or the potential for litigation as a punitive class member. As recognized by this Court, BP had a duty to inform unrepresented claimants of their options. (Doc. 1098 at pg. 11-12). In addition, it is apparent that BP misled Mr. Seward through the claims process by intentionally misleading him toward unwittingly waiving his rights to a full recovery under OPA. BP did this by using the GCCF claims facility not as a means for obtaining legitimate compensation, but rather as a method to steer him away from his lawful interim payments by placing him in a position of economic hardship and threatening future hardship to force him to

achieve a lesser recovery after releasing his claims. This was clearly not intended by OPA. Cheverez v Plains All American Pipeline, LP, 2016 WL 861107 at *6 (C.D. Cal. Mar. 3, 2016). BP also fraudulent informed him that it had paid all the money it had on claims, and this was his last chance to recover. The releases therefore should be invalidated as they deny "plaintiffs information and representation to which they were entitled". Id. citing Gonzalez v Preferred Freezer Services LBF, LLC, 2012 WL 446605 at *1 (C.D. Cal. 9/27/2012). Public policy mandates the release be invalidated.

   c. **Fraudulent Inducement.**

Not only was the Release invalid because of BP's wrongful acts that placed Mr. Seward into economic duress, but BP also fraudulently induced him into signing the Release.

Under Florida law, it "is well settled that a party cannot contract against liability for his own fraud." Oceanic Villas, Inc. v Godson, 148 FL 454, 458 (Fla. 1941). Furthermore, fraud in the inducement of the contract is ground for cancellation of the contract. Id. at 459. To state a claim for fraudulent inducement, an aggrieved party must show "(1) a misrepresentation of material facts; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation would induce another to rely and act on it; and (4) that the plaintiff suffered injury in justifiable reliance on the representation." Susan Fixel, Inc. v. Rosenthal and Rosenthal, Inc., 842 So. 2d 204, 209 (Fla. 3d DCA 2003).

After cutting off interim payments designed by the Oil Pollution Act to provide immediate relief to victims of environmental crimes, BP then specifically and fraudulently informed Mr. Seward that the amount being offered was the most that would ever be offered to him and that if he did not accept, the quick pay amounts would be decreased. BP also represented that if he did not sign the Release, he would never recover anything, and BP had used up all its money for claims.

Clearly, these statements were false as BP subsequently entered into a settlement agreement for claimants in which it has now paid out over $8 billion in claims. The statements made by BP to Mr. Seward were clearly intended to induce him into accepting the quick pay and signing a release for an amount far less than they would other have and far less than they would have been entitled to under the compromised settlement.

Under the facts of this matter, Mr. Seward has clearly set forth facts that would invalidate BP's release, which he was induced to sign through fraud. As the Court is required to view these facts in a light most favorable to the plaintiff, BP's motion must be denied.

### d. **Economic Duress.**

The doctrine of economic duress allows a party to rescind an agreement which was entered into under severe financial duress. To establish a claim for economic duress, the party asserting it must show "(a) that the act sought to be set aside was effected involuntarily and thus not as an exercise of free choice or will and (b) that this condition of mind was caused by some improper and coercive conduct of the opposite side." City of Miami v. Kory, 394 So. 2d 494, 497 (Fla. 3d DCA 1981). Mr. Seward's testimony plainly meets these elements.

First, it is clear that Mr. Seward was under severe financial distress at the time he entered into the GCCF Release. The BP oil spill devastated his business and finances. Upon taking over the claims processing, the GCCF immediately cut off any interim payments and then informed Mr. Seward that it would not provide any additional payment and then deliberately delayed its claims processing. Mr. Seward was unable to pay his bills. BP then unconscionably used the extreme financial hardship that Mr. Seward was placed in, because of BP's own actions, as leverage to force him into signing the GCCF Release. After cutting off pay and prolonging the claims process and providing him with the only option remaining, a promise for immediate cash, BP then provided

7

Mr. Seward with lists of over 100 lawyers that it said would be defending BP and told him he would never see a dime. BP also coerced him into signing by telling him this was his only chance to be paid. Because of BP's wrongful acts and coercion, and even though Mr. Seward knew that his losses would be far greater, he had no choice but to accept the minimal payment so he could survive. He accepted because he had no choice, and the fact that he had no choice was deliberately crafted by BP through its misuse of the GCCF claims facility. Clearly when viewed in the light most favorable to Mr. Seward, material facts exist to preclude dismissal of his Complaint as the release was signed under economic distress.

## CONCLUSION

BP's actions in this matter are unconscionable. Because of its negligence and gross negligence, the environment of the Gulf of Mexico was devastated. Also devastated were the finances and business opportunities for those dependent upon the Gulf of Mexico's resources, including Mr. Seward. Knowing this, BP shirked its duties under the Oil Pollution Act of 1990 and by its actions, deliberately took advantage of the financial disaster it imposed then used its weight and fraudulent threats to induce Plaintiff into signing the GFCC Release. BP's actions are unconscionable, and under the facts herein, its dispositive motion seeking to dismiss Mr. Seward's claim should be denied.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing, Richard Seward, Jr.'s Memorandum in Opposition To BP's Dispositive Motion as to Released Claims Pursuant To PTO No. 64, Section 1.B1 ("B1 BUNDLE") has been served on All Counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern

District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of August 2017.

    Respectfully submitted,

_____
Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, Florida 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Service-ethiel@bankerlopez.com

Attorney for Plaintiff, Richard Seward, Jr.