IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Carl J. Barbier |
| *Claims of Peggy Kemp (12-01895, 13-06013) and Dorothy Clark (11-00945)* | * * | Mag. Judge Joseph C. Wilkinson, Jr. |

### DEFENDANTS'[1] REPLY TO PEGGY KEMP'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF PEGGY KEMP AND DOROTHY BRIGHT CLARK UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants, pursuant to this Court's order of June 6, 2017, (Rec. Doc. 22922), file this Reply to Peggy Kemp's Response (Rec. Doc. 23173) to Defendants' Motion to Dismiss the Claims of Peggy Kemp and Dorothy Bright Clark (Rec. Doc. 23011).

### I.   SUMMARY

Peggy Kemp does not have a plausible claim for relief under the Jones Act. The existence of a preferred class of beneficiaries, *i.e.*, Roy Kemp's surviving spouse and children, precludes any recovery by a surviving parent, whether asserted under the Jones Act, the general maritime law, or the Death on the High Seas Act (DOHSA), Roy Kemp's personal representative (his surviving wife) settled all claims against Defendants. Accordingly, no further right of recovery exists against Defendants by Peggy Kemp in her individual capacity.

---

[1] The Motion to Dismiss is submitted by the following entities ("Defendants"), certain Defendants in the remaining Pleading Bundle A actions, including: BP America Production Company, BP America Inc., BP Corporation North America Inc., BP Exploration & Production Inc., BP Products North America Inc., Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Triton Asset Leasing GmbH, Halliburton Energy Services, Inc., and Sperry Drilling Services.

[1]

The threshold issue in a wrongful death action under the Jones Act, the general maritime law, or DOHSA is *standing*. Standing can only be met by the decedent's personal representative, with no exceptions to this well-settled requirement. Nothing in the Jones Act, the general maritime law, or DOHSA supports appointment of serial "personal representatives" to bring claims solely for their own benefit. Accordingly, Peggy Kemp's pleadings present no plausible right to relief against Defendants. Her causes of action must be dismissed for failure to state a claim upon which relief can be granted.

## II. REPLY ARGUMENTS

Clara Courtney Kemp, Roy Kemp's widow, was the personal representative of Roy Kemp' estate. Peggy Kemp admits as much.[2] Further, Clara Courtney Kemp executed a Release and Covenant Not to Sue on October 12, 2011,[3] which released all claims that could have been maintained in any capacity against Defendants, including claims asserted individually, on behalf of her children, and/or in her capacity as Roy Kemp's Personal Representative.[4]

### A. *No Plausible Right to Relief Under the Jones Act*

Under the Jones Act, "the existence of a preferred class of beneficiaries excludes recovery by the inferior classes, or to put it in less technical language, if the deceased is survived by [a spouse and] children, his parents are not permitted to claim injury, no matter how grievous their injury." *Hamilton v. Canal Barge Co.*, 395 F. Supp. 978, 984 (E.D. La. 1975). Peggy

---

[2] *See* Plaintiff Peggy Kemp's Memorandum in Support of Her Response in Opposition to Defendants' Motion to Dismiss Under Rule 12(b)(6), (Rec. Doc. No. 23173-1) at p. 4.

[3] *See Id.*; *see also* Release and Covenant Not to Sue dated October 12, 2011, a true and correct copy of which was filed under seal as Exhibit "A" to Defendants' Memorandum in Support of Their Motion to Dismiss the Claims of Peggy Kemp and Dorothy Bright Clark Under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rec. Doc. No. 23011-1).

[4] *See* Exhibit "A" to Defendants' Memorandum in Support of Their Motion to Dismiss the Claims of Peggy Kemp and Dorothy Bright Clark Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *passim*.

Kemp concedes that Roy Kemp's personal representative, Clara Courtney Kemp, compromised and settled the claims of Roy Kemp's surviving spouse and children. Accordingly, she has no claim for relief under the Jones Act.[5]

### B. No Exception to Personal Representative Standing Requirement

The requirement that a cause of action for wrongful death under the Jones Act, DOHSA, or the general maritime law can only be brought by the personal representative of the seaman/decedent and not by the beneficiaries of the claim arises under both statute and as developed by the federal courts sitting in admiralty in their role of promulgating the general maritime law. *See* 46 U.S.C. § 30104 (Jones Act); 46 U.S.C. § 30302 (DOHSA); *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 389 (1970); *Jacobs v. Northern King Shipping Co., Ltd.*, 180 F.3d 713, 718 (5th Cir. 1999); *Manson Gulf LLC v. Modern Am. Recycling Serv. Inc.*, 2016 WL 3020843 at *1 (E.D. La May 26, 2016) (Barbier, J.) (citing *Tidewater Marine Towing, Inc. v. Dow Chem. Co.*, 689 F.2d 1251, 1253 (5th Cir. 1982)).

Peggy Kemp has submitted a ***March 27, 2017***, Order from the Seventh Judicial District Court of Catahoula Parish, Louisiana, purporting to appoint her as the personal representative of Roy Kemp's estate, nearly seven years after his death, "for the Sole Purpose of Pursuing Her Own Claims as Parent and Dependent Relative."[6] Such an action cannot, however, confer upon Peggy Kemp rights that she does not otherwise have. No such provision exists in the Jones Act or DOHSA. No controlling case law permits the serial appointment of putative beneficiaries as personal representatives in maritime wrongful death cases to pursue their own individual claims

---

[5] *See* Plaintiff Peggy Kemp's Memorandum in Support of Her Response in Opposition to Defendants' Motion to Dismiss Under Rule 12(b)(6), (Rec. Doc. No. 23173-1) at pp. 9.

[6] *See* Plaintiff Peggy Kemp's Memorandum in Support of Her Response in Opposition to Defendants' Motion to Dismiss Under Rule 12(b)(6), (Rec. Doc. No. 23173-1) at Exhibit "A".

when a duly-appointed personal representative has already compromised and settled those claims. *See Moragne*, 398 U.S. at 389; *Jacobs*, 180 F.3d at 718; *Tidewater Marine Towing, Inc. v. Dow Chem. Co.*, 689 F.2d 1251, 1253 (5th Cir. 1982).

This matter is controlled by Fifth Circuit precedent. Peggy Kemp advances an argument concerning an alleged conflict of interest and points to a case from a Western District of Louisiana court and a case out of the Louisiana Supreme Court, views subsequently rejected by the Fifth Circuit. As noted by the court in *Calton v. Zapata Lexington*, 811 F.2d 919 (5th Cir. 1987), "[c]ongress chose to protect seamen's employers by funneling all suits through a single personal representative," and that both precedent and the plain meaning of the statute barred separate suits by aggrieved beneficiaries. *Id.* at 922. As *Calton* recognized, the aggrieved beneficiary has recourse against the personal representative. *Calton* remains the law concerning the issues presented in Defendants' Motion to Dismiss.

### C. *Peggy Kemp Was Not Without a Remedy*

Although Peggy Kemp has no plausible claim for relief against Defendants, she is not without remedy. It is equally well-settled in maritime wrongful death cases that the personal representative holds any recovery in trust for the beneficiaries for whom recoveries are permitted. *See Landry v. Two R. Drilling Co.*, 511 F.2d 138, 141 n.2 (5th Cir. 1975); *Manson Gulf LLC v. Modern Am. Recycling Serv. Inc.*, 2016 WL 3020843 at *1 (E.D. La May 26, 2016) (Barbier, J.) (citing *Calton*, 811 F.2d at 922).

If Peggy Kemp believes Roy Kemp's personal representative failed to represent her interests in compromising and settling all claims that could have been asserted against Defendants arising out of Roy Kemp's death, then her remedy is a cause of action against the

personal representative rather than a separate lawsuit against Defendants. *See Calton*, 811 F.2d at 922.

### III.    CONCLUSION AND PRAYER

Peggy Kemp asserted causes of action in her personal capacity for alleged damages arising out of the wrongful death of Roy Kemp. Conceding that Roy Kemp's personal representative settled his surviving spouse's and surviving children's claims against Defendants, Peggy Kemp does not have a plausible claim for relief under the Jones Act, because the existence of a preferred class of beneficiaries precludes any recovery by a an inferior class, *i.e.*, a surviving parent. Further, because Roy Kemp's personal representative settled all claims against Defendants that could have been asserted for the death of Roy Kemp, there exists no further right of recovery against Defendants by Peggy Kemp in her individual capacity. Rather than a separate lawsuit against Defendants, Peggy Kemp's remedy, if she believes her interests were not represented in the settlement of all claims against Defendants, is against the personal representative. Accordingly, Peggy Kemp's pleadings do not present a plausible right to relief against Defendants, and her causes of action must be dismissed for failure to state a claim upon which any relief can be granted.

Dated:  August 22, 2017                     Respectfully submitted,

/s/ *Don K. Haycraft*
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Matthew T. Regan, P.C.
J. Andrew Langan, P.C.
Christopher Esbrook
Kristopher S. Ritter
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock, P.C,
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

*Attorneys for BP Exploration & Production Inc. and BP America Production Company*

/s/ *Frank A. Piccolo*
Frank A. Piccolo (Bar #02049)
PREIS PLC
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129

*Attorneys for Transocean Offshore Deepwater Drilling, Inc., Transocean, LTD., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Triton Asset Leasing, GmbH*

/s/ *R. Alan York*
R. Alan York
**REED SMITH LLP**
811 Main Street
Suite 1700
Houston, TX 77002
AYork@ReedSmith.com
Telephone:  713-469-3800
Facsimile:  713-469-3899

*Attorneys for Halliburton Energy Services, Inc., and Sperry Drilling Services*

[7]

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22d day of August, 2017.

      /s/ Frank A. Piccolo
      FRANK A. PICCOLO