IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010**<br><br>**APPLIES TO:**<br><br>ALL CIVIL ACTIONS, INCLUDING 2:17-CV-04392, 2:17-CV-03049, 2:17-CV-04142, 2:17-CV-03200, 2:17-CV-04355, 2:17-CV-03289, 2:12-CV-02248, 2:12-CV-02333, 2:12-CV-02332, 2:12-CV-02564, AND ALL OTHER ACTIONS LISTED IN EXHIBIT "A" ATTACHED HERETO | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION FOR HEARING TO DISCUSS PROCEDURES FOR ADDRESSING PTO 63 COMPLIANT CLAIMS

On April 20, 2010, one of the worst environmental disasters the world has ever witnessed began with an explosion aboard the oil vessel *Deepwater Horizon* in the Gulf of Mexico. The largest oil spill in history ensued, forever altering the natural environment and the lives of individuals who lived and worked in the Gulf Coast. In the months and years that followed, individuals sacrificed their time, safety, and health as part of the restoration effort of the Gulf of Mexico. Such individuals have suffered, and continue to suffer, serious and chronic health conditions as a result of their exposure to toxic chemicals through this clean-up effort. Over seven years later, these individuals have not been afforded an opportunity to pursue their claims for these medical conditions.

Nexsen Pruet, LLC and its co-counsel, Douglas M. Schmidt APLC, represent over seven hundred (700) Plaintiffs ("Plaintiffs") who previously opted out of the class settlement in 2012,

and filed complaints, either mass joinder or individual, in late 2012 and early 2013, seeking compensation for their injuries.  On February 22, 2017, this Honorable Court issued Pretrial Order ("PTO") No. 63, Document No. 22295, which required all Plaintiffs with claims in Pleading Bundle B3 to file individual complaints and sworn statements.  Plaintiffs filed timely pleadings that complied with this order.  PTO No. 63 also indicated that the Court would set a hearing to discuss procedures for addressing these claims.  By and through their undersigned counsel, Plaintiffs listed in "Exhibit A" attached hereto and incorporated into the affidavit of Paul A. Dominick, request that this Court schedule such a hearing at its earliest convenience pursuant to Rule 16(a) of the *Federal Rules of Civil Procedure* and this Court's PTO No. 63.

## ARGUMENT

Plaintiffs respectfully request that a hearing to set a schedule of proceedings be scheduled at the Court's earliest convenience, in order to move Plaintiffs' cases toward resolution.  The Affidavit of Paul A. Dominick, Esq., attorney for Plaintiffs, attached hereto, outlines the difficulties Plaintiffs have faced, and is submitted in support of Plaintiffs' Motion.  Plaintiffs' claims were properly opted out of the class settlements, and complaints, either mass joinder or individual, were filed on behalf of the Plaintiffs as early as September 2012.  Since January 12, 2011, over six and a half years ago, Plaintiffs' cases have been subject to an order of the Court that stayed all litigation, while claims within the class settlement were given priority.  *See* PTO No. 25, Document No. 983.  Further, Plaintiffs complied with the Court's recent PTO No. 63 and filed individual complaints and sworn statements in late April and early May 2017 in support of the relief sought for their medical damages, even though they had previously filed suit through mass joinder complaints.  To date, the hearing to discuss procedures for addressing these claims as outlined in PTO No. 63 has not been set, and PTO No. 25 remains in effect.

Plaintiffs sacrificed their health while working on the front lines to restore the environment and economy of the Gulf Coast, and to better the lives of its residents, yet they have been placed in the back of the line in consideration for compensation.  It has been over seven years since the Gulf Oil Spill disaster, and Plaintiffs continue to suffer from serious, chronic health conditions caused by substantial exposures to toxic chemicals related to the Gulf Oil Spill.  Plaintiffs have patiently awaited resolution of claims for personal injuries arising from the Gulf Oil Spill, and respectfully request that their cases be allowed to move forward through a procedure established by the Court.

## **CONCLUSION**

As set forth above, and in the supporting affidavit attached, Plaintiffs are seeking to resolve their claims for medical damages sustained as a result of exposure to toxic chemicals from the Gulf Oil Spill.  Thus, Plaintiffs respectfully request the Court schedule a hearing to discuss procedures for addressing these claims pursuant to Rule 16(a) of the *Federal Rules of Civil Procedure* and PTO No. 63.

Respectfully Submitted,

 /s/ Paul A. Dominick
Paul A. Dominick      Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

and

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue

                                                          New Orleans, LA 70119
                                                          PHONE:  504-482-5711
                                                          FACSIMILE:  504-482-5755
                                                          Dglsschmdt@yahoo.com

                                                          *Counsel for Plaintiffs*

August 30, 2017

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum of Law has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on August 30, 2017.

                                                  /s/ Paul A. Dominick
                                                  Paul A. Dominick