UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL 2179<br><br>SECTION "J" |
| This Document Relates to:<br>No. 2:11-cv-00916<br>*Parish of Plaquemines v. BP PLC, et al* | JUDGE BARBIER<br>MAG. WILKINSON |

## COMPLAINT FOR INTERVENTION

NOW INTO COURT, come Martzell Bickford & Centola, APC, David Landry Esq. and King, Krebs & Jurgens, P.L.L.C. (collectively, "Intervenors"), who respectfully ever the following:

1.

Defendant-in-Intervention is the Parish of Plaquemines ("PPG" or the "Parish"), a political subdivision of the State of Louisiana.

2.

In March of 2011, the Parish issued a Public Notice soliciting "Statements of Qualification for Attorney(s) of Firm(s) interested in providing legal services related to the recovery of damages to local government properties, and reimbursement of expenses and lost revenues incurred by local government due to the Deepwater Horizon oil spill and other similar matters for the Parish of Plaquemines, State of Louisiana."

3.

In response to the Public Notice, Intervenors submitted the requested Statements of Qualification which were subsequently reviewed by the Parish Council. On April 14th, 2011, via

Ordinance No. 11-77, the Parish President was authorized by the Parish Counsel to enter into negotiations and execute contracts for professional legal services with Special Counsel Martzell & Bickford and attorney David Landry. Subsequently, on August 11, 2011, a second ordinance, No. 11-238, was passed adding King, Krebs, and Jurgens as Special Counsel and specifically approving the professional services contract containing the contingency fee language.

4.

On the date the first ordinance was passed, the former Parish Attorney, Stephen Braud, read the specific terms of the contingency fee arrangement into the record, including the fact that Special Counsel would be paid a contingency fee of 15% on the first $25,000,000 of the Parish's recovery and 10% on any recovery in excess of that amount. It was also announced that Special Counsel would be responsible for advancing all costs and expenses related to the litigation, meaning that the Parish would have no outlay or expenditure of costs in connection with the BP Matter.

5.

On August 24, 2011, and in accordance with the previously approved Ordinances, the Parish, through its former Parish President Billy Nungesser, executed an "Agreement for Professional Legal Services" with Intervenors (the "Contingency Fee Agreement"). *See Contingency Fee Agreement attached hereto as Exhibit A.*

6.

Under the Contingency Fee Agreement, attorney fees were set at 15% of the first $25,000,000 in recovery and 10% of any amounts recovered in excess of that amount. *See Exhibit A*, pg. 2. The Contingency Fee Agreement further required that Intervenors advance all costs

associated with the litigation but that these costs would be reimbursed out of the Parish's net recovery. *Id.*

7.

Pursuant to and in reliance on this agreement, Intervenors retained over a dozen experts, and spent thousands of hours preparing the Parish's claims against both the BP Entities and HESI/Transocean.

8.

After six (6) years of representing the Parish in these matters, Intervenors were successful in negotiating a very advantageous settlement of the Parish's claims against BP which was memorialized in a release dated June 8, 2017.[1] Under the terms of the Release, the Parish will receive the total sum of $45,000,000, with $25,000,000 being paid in 2017 and successive annual payments of $5,000,000 over the next four years beginning in 2018.

9.

In addition to negotiating the BP settlement, Intervenors engaged in significant motion practice in the MDL to protect PPG's interests and were tasked by Magistrate Wilkinson with proposing an allocation of HESI/Transocean punitive damage funds between New and Old Class members. These efforts resulted in the allocation of 72.8% of the HESI/Transocean settlements to New Class Members such as PPG. Intervenors also filed one of the only objections to the HESI settlement on the basis that the settlement would discriminate against government entity wetland owners by requiring tax-exempt entities to show proof of ownership through property tax records. Intervenors next secured a meeting with Special Master Juneau to discuss the their

---

[1] The Release is designated as "confidential" and was submitted under seal as MDL Doc. No. 23281.

3

objections in advance of the Fairness Hearing, and then embarked on a massive, months-long project of abstracting title records and digitally geo-referencing titled property with the Special Master's eligible property zones. Intervenors' work product was approved by the Plaquemines Parish Assessor's office and ultimately resulted in the Louisiana Tax Commission's formal acceptance of tens of thousands of PPG-owned acres to the tax rolls. The Parish's claim was then prepared and submitted by Intervenors and assigned claim #C713EA34E7. The claim is currently pending in HESI/Transocean Settlement Program.

10.

Although a final distribution model has not been set yet, PPG will likely realize an award of many millions of additional dollars beyond the amounts it is already entitled under the BP settlement.

11.

On August 1, 2017, Intervenors received the first installment of $15,000,000 from BP into its trust account pursuant to the terms of the Settlement Agreement.

12.

On April 23, 2017, in anticipation of the receipt of this initial $15,000,0000 payment from BP, Intervenors provided PPG's current Parish Attorney and current President, Amos Cormier, with a disbursement schedule (the "Fee Disbursement Schedule") to be executed by PPG and Intervenors which reflected the amounts to be disbursed to the Parish and the agreed upon contingency fee owed to Intervenors. The Fee Disbursement Schedule also included a itemized statement of costs for the Parish's review, reflecting the hundreds of thousands of dollars in costs that have been advanced by Intervenors over the past six (6) years, the vast majority of which were

for multiple subject matter experts necessary to make the presentment of the Parish's claim to BP pursuant to this Court's Order.

13.

Despite PPG's President and his Parish Attorney having the Fee Disbursement Statement and itemized costs for over three (3) months, they refused to approve the same, or to even discuss any possible objections they may have had to either document. Specifically, PPG, through its Parish President, Amos Cormier, and the PPG's Parish Attorney, Peter Barbee, has refused to allow Intervenors to take the fees and costs owed to them, claiming that the Contingency Fee Agreement duly executed by the then PPG President, William Nungesser, and specifically approved by the Ordinances passed by the Parish Counsel in office at the time is not enforceable because the Parish Attorney claims that certain unspecified "legislative documents" to support the Contingency Fee Agreement have not been provided.

14.

On August 15, 2017, after numerous attempts at amicably resolving the matter with the Parish President and Parish Attorney, Intervenors filed a Motion for Attorneys' Fees and Costs. MDL Doc. No. 23266.

15.

The Parish discharged Intervenors as counsel on August 18, 2017. *See Exhibit B.*

16.

Intervenors were not terminated in accordance with any provision of the Contingency Fee Agreement and they were terminated without reasonable cause.

17.

To date, Intervenors have not received any compensation for their fees nor reimbursement for their costs pursuant to the Contingency Fee Agreement executed by the Parish on August 24, 2011.

18.

Defendant-in-intervention is indebted unto Intervenors for a) the costs that Intervenors have expended on its behalf; b) the legal fees owed to Intervenors pursuant to the Contingency Fee Agreement; c) the legal fees owed to Intervenors pursuant La. R.S. 37:218; d) for legal fees and costs incurred in enforcing their rights under the Contingency Fee Agreement; e) for interest for unpaid amounts owed for fees and costs under the Contingency Fee Agreement; f) for any other fees and costs awarded by this Court at law and equity.

**WHEREFORE,** Intervenors, Martzell Bickford & Centola, APC, David Landry Esq. and King, Krebs & Jurgens, P.L.L.C., pray that after all legal delays and due proceedings are had, there be judgment herein in favor of Intervenors against Defendant-in-Intervention, the Parish of Plaquemines, for a) the costs that Intervenors have expended on its behalf; b) the legal fees owed to Intervenors pursuant to the Contingency Fee Agreement; c) the legal fees owed to Intervenors pursuant La. R.S. 37:218; d) for legal fees and costs incurred in enforcing their rights under the Contingency Fee Agreement; e) for interest for unpaid amounts owed for fees and costs under the Contingency Fee Agreement; f) any other fees and costs awarded by this Court at law and equity,

including but not limited to attorney fees and costs associated with this intervention, and g) legal interest from date of judicial demand.

                                Respectfully Submitted,

*/s/Scott R. Bickford*
**SCOTT R. BICKFORD, T. A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**SPENCER R. DOODY (#27795)**
**MARTZELL, BICKFORD & CENTOLA**
usdcedla@mbfirm.com
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065 Telephone
(504) 581-7635 Fax

*/s/Henry King*
**HENRY A. KING (#7393)**
**MICHAEL L. VINCENZO (#23965)**
**King, Krebs & Jurgens, PLLC**
hking@kingkrebs.com
mvincenzo@kingkrebs.com
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
504-582-3800 Telephone
504-582-1233 Fax

AND

*/s/David Landry*
**DAVID L. LANDRY (#7978)**
**The Law Office of David L. Landry**
Dlandry4393@gmail.com
1214 Parasol Place
Pensacola, Florida 32507
(850) 492-7240

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of September, 2017. Copies are also being transmitted via certified mail to the following:

Peter A. Barbee, Esq.
Parish Attorney
Plaquemines Parish Government
8056 Hwy 23, Suite 200
Belle Chasse, LA 70037

/s/Scott R. Bickford
**SCOTT R. BICKFORD**