| | |
|---|---|
| UNITED STATES DISTRICT COURT | MDL 2179 |
| EASTERN DISTRICT OF LOUISIANA | SECTION J |
| IN RE: Oil Spill by the Oil Rig "Deepwater | JUDGE BARBIER |
| Horizon" in the Gulf of Mexico on April 20 2010 | MAG. WILKINSON |

This Document Relates to: No. 2:11-cv-00916

**************************************************************************

MEMORANDUM IN SUPPORT OF MOTION FOR DISMISSAL OF MOTION FOR FEES AND COSTS UNDER F.R.C.P. 12 OR IN THE ALTERNATIVE, REMOVAL TO FORUM CONVENTIONALLY AGREED TO BY THE PARTIES AND FOR STAY OF HEARING OF MOTION FOR FEES AND COSTS PURSUANT TO CONTINGENCY FEE AGREEMENT, DOC. 23266

MAY IT PLEASE THE COURT:

Martzell Bickford & Centola APLC, King Krebs PLLC and David Landry (Outside Counsel) have filed a motion seeking order compelling the payment of attorney fees and costs in accordance with a putative agreement[1] with the Plaquemines Parish Government governing the employment of Outside Counsel by PPG in this litigation. Outside Counsel have also filed with the court in support of the motion a copy of the putative *Agreement For Professional Legal Services*, Doc. 23266-4, which allegedly forms the basis of the attempt by Outside Counsel to collect said fees and costs by order of this Court.

Outside Counsel must take the bitter with the sweet. Outside Counsel cannot selectively cherry-pick provisions of the *Agreement For Professional Legal Services* which Outside Counsel

---

[1] PPG respectfully reserving all rights as to the propriety of the substance and terms of the *Agreement For Professional Legal Services,* in particular whether the obligations were in effect as a matter of convention at all times relevant and the contingency payment scheme.

desire and at the same time disregard those provisions which Outside Counsel find inconvenient. Yet, this is what Outside Counsel have intentionally done in argument to this Court, as Outside Counsel remarkably and willfully refused to inform the Court as to the following conventional obligation freely assumed by Outside Counsel:

> If there is any dispute concerning this agreement, the laws of the State of Louisiana shall apply, its conflict of laws rules excepted if the interpretation of such would require the application of laws other than those of Louisiana. Proper venue and jurisdiction for all lawsuits, arbitration, claims, disputes, and other matters in questions [sic] between the parties to this agreement or any breach thereof, shall be in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

Doc. 23266-4, **Section 9. General**, pg. 8 of 10.

This obligation was freely assumed by Outside Counsel as part of the bundle of obligations between Outside Counsel and PPG comprehended within the *Agreement For Professional Legal Services*, Doc. 23266-4. There is no question that Outside Counsel are competent, experienced negotiators and familiar with such provisions, the law governing such provisions and effects of such provisions. Accordingly, the only conclusion is that Outside Counsel willingly agreed to the foregoing obligation and PPG was entitled to good faith reliance on Outside Counsel entry into the aforesaid agreement.

Furthermore, the Court will search in vain for any direct or collateral attack on the obligation set out in **Section 9. General.** If there was any such direct or collateral attack, Outside Counsel had the fiduciary duty to both notify and advise PPG of such an attack and to defend the *Agreement For Professional Legal Services* from such an attack. There is no record of any such attack nor of any defense provided by Outside Counsel to PPG with respect to this obligation.

**CONTROLLING LAW**

Choice of forum obligations are recognized and upheld as binding by both federal and Louisiana courts. The United States Supreme Court has observed that choice of forum obligations

"represents the parties' agreement as to the most proper forum." *Stewart Organization Inc. v. Ricoh Corporation,* 487 U.S.22, at 31, 108 S.Ct. 2239 (1988). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.,* at 33, 108 S. Ct. 2239 (KENNEDY, J., concurring). It is well settled that parties to a contract may bargain in advance to select the forum in which their disputes will be adjudicated. *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 12–14, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

Outside Counsel freely stipulated that the *Agreement For Professional Legal Services* was confected pursuant to and controlled by Louisiana law. It is indisputable that Louisiana law permits parties of equal bargaining power and knowledge to stipulate in their contracts which state's laws are to govern them. *NCH Corp. v. Broyles*, 749 F.2d 247, 250 (5th Cir.1985). Outside Counsel is undeniably a party possessed of equal bargaining power and knowledge, and engaged in negotiation of obligations with full knowledge of law and effect thereof. Outside Counsel deliberately chose, and so represented to PPG, that Outside Counsel would abide by the choice of Louisiana law and Louisiana courts to adjudicate differences between PPG and Outside Counsel, including attorney fees. PPG in good faith relied upon Outside Counsel's assumption of the obligations set forth in **Section 9. General**.

The U.S. Supreme Court most recently in *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013) observed:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. at 583.

Indeed, the Supreme Court in the foregoing matter observed that when a "plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause" that the other proper motion is found under the doctrine of *forum non conveniens*. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. at 580. Obviously Outside Counsel has "violated a contractual obligation" by filing the request for this Court to compel payment of attorney fees notwithstanding some serious reservations found under Louisiana law to the unqualified payment demanded by Outside Counsel.

Of special note is the observation of the Court at footnote 6 of *Atl. Marine Const. Co.* that when a plaintiff engages in violation of the contractual obligation, a motion can be brought under the f*orum non conveniens* doctrine and the resulting "harsh" remedy of dismissal is **warranted** as "dismissal would work no injustice on the plaintiff," particularly a plaintiff such as Outside Counsel who deliberately flouted a contractual obligation as represented in Outside Counsel's motion.

CONCLUSION

The law requires Outside Counsel held to the obligation to adjudicate any fee disputes in the Twenty-Fifth Judicial District Court, State of Louisiana. This Court is requested to dismiss the *Motion For Fees and Costs Pursuant To Contingency Fee Agreement*, Doc. 23266, filed by Outside Counsel.

Furthermore, given the evident violation of the obligations freely assumed by Outside Counsel in this matter, the Court is requested to award PPG all attorney fees and costs associated with the bringing of this motion to dismiss, as the Court is thoroughly empowered to award PPG attorney fees and costs associated with this particular proceeding given Outside Counsel

deliberately violating a contractual obligation which is apparent on the face of the very instrument which Outside Counsel present to the Court.

Respectfully submitted,
FOR PLAQUEMINES PARISH GOVERNMENT

/x/ Peter A. Barbee

Peter A. Barbee #18778
Melvin J. Burmaster #19508
8056 Highway 23, Suite 200
Belle Chasse, Louisiana 70037
504-274-2462

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MOTION FOR DISMISSAL OF MOTION FOR FEES AND COSTS UNDER F.R.C.P. 12 OR IN THE ALTERNATIVE, REMOVAL TO FORUM CONVENTIONALLY AGREED TO BY THE PARTIES was served electronically with the Clerk of Court of the U.S. District Court, Eastern District of Louisiana, through the CM/ECF system of said Clerk, and through said system will be served by the Clerk on opposing counsel of record.

/x/ Peter Barbee