**TENDERED FOR FILING**

**SEP 08 2017**

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig

"Deepwater Horizon" in the Gulf

Of Mexico, on April 20, 2010

Applies to:

ALL CASES

FILED SEP 08 2017
WILLIAM W. BLEVINS
CLERK

MDL NO.2179

10 md 2179

SECTION J

JUDGE BARBIER

MAGISTRATE JUDGE WILKINSON

---

Rico O. McBride                                                                    PLAINTIFF

VERSUS
CIVIL ACTION NO. 2-16-cv-15255

IN RE: OIL SPILL BY THE OIL RIG                                        SECTION J

"Deepwater Horizon" in the Gulf                                         JUDGE BARBIER

Of Mexico, on April 20, 2010                                    MAGISTRATE JUDGE WILKINSON

## MOTION

**<u>Motion Requesting Reconsideration of the compliance order. P.T.O. 60, 63, and 64 Moratoria hold opt-out order. Base of the interests of justice. F.R.C.P. 60 Rule (B)(5). Motion</u>**

Comes Now I, Rico O. McBride and The Queen Esther Commercial Fishing file this complaint and sworn statement in The Name of Jesus Christ submitted. Previously file lawsuit Rico McBride and The Queen Esther Commercial Fishing.

**I.**

Rico O. McBride and The Queen Esther Commercial Fishing EIN# 27-4753448 was created on

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

and about May 15, 2009. I purchase boats from Super Dad and Super Son's Auto and The Power House Church of God Holy Ghost Power.

## II.

I Rico O. McBride was working as a commercial Fishermen and Captain of The Queen Esther Commercial Fishing. I worked, harvest and fished around the Pascagoula River, The Point of Pascagoula, Cat Island, Round Island, Petit Bois Island, Horn Island, Ship Island, And The Gulf of Mexico Mississippi, Alabama, and Louisiana.

## III.

I, Rico O. McBride worked for the Vessels of Opportunity Master Vessel Charter Agreement and Training Record BP Contract # 55204 assigned to Rico O. McBride and The Queen Esther Commercial Fishing.

## IV.

I, Rico O. McBride worked for the companies also Ashland Services, McGrath Systems, T.L. Wallace/ Wallace- Eutaw, and Yates Construction. I lost wages due to the spill and was under paid for the cleanup work crew.

## V.

I, Rico O. McBride filed claims for The Owner of The Queen Esther Commercial Fishing which lost business due to the oil spill and was unable to sale fish after the spill occurred on April 20, 2010. Filed a claim for failed Start up business. GCCF Claim # 1055106. Failed Business Economic Loss 100094683, Seafood Compensation Program 100094683, Individual Periodic Vendor or Festival Vendor Economic Loss 100094683, VOO Charter Payment 100094683, Vessel Physical Damage, Start- up Business Economic Loss, Business Economic Loss, Individual Economic Loss, Subsistence, and all claims was denied to claimant ID 100094683

## VI.

As you may know, BP has agreed to enter into a $7.8 Billion dollar court- supervised settlement to compensate individuals, business and property owners who have incurred Financial Losses from the Oil Spill. The settlement will also cover those whose health was affected by the oil spill. Most importantly, we believe that this new system will result in faster and fairer payments for all those who were affected. If you filed with the GCCF and have not been paid, you will now have to file in Federal Court as the GCCF has been closed down. If you never filed before, filing now will provide you with an opportunity to get paid for your damages.

## VII.

According to Federal Judge Barbier's order "BP Claims will be processed and evaluated in the

order they are received. Therefore it is extremely urgent to act now and bot be left out or at the back of the line.

## VIII.

Rico O. McBride is an adult citizen of Jackson County, Moss Point, Mississippi. Mr. McBride derived from his employment with the Queen Esther Commercial Fishing as an owner, commercial fishermen, and boat captain.

## IX.

The Queen Esther Commercial Fishing is a Mississippi Corporation that derives its income from the harvesting, catching, and sale of fish, shrimps, and crabs of natural source of seafood's and other seafood's in or near the Pascagoula River, The Point of Pascagoula, Cat Island, Round Island, Petit Bois Island, Horn Island, Ship Island, And The Gulf of Mexico Mississippi, Alabama, and Louisiana.

## X.

As a result Rico O. McBride and The Queen Esther Commercial Fishing events described herein have suffered ascertainable losses and damages.

## XI.

BP failed to follow the settlement agreements standards governing this claim.

## XII

Regarding All Remaining Claims in Pleading Bundle B1, Exhibit 1A, Exhibit 2, and Exhibit 3. This case and cause number should not be dismissed because The Queen Esther Commercial Fishing was a startup and failed business due to the oil spill occurred on April 20, 2010. I have worked for several companies upon the oil spill cleanup crew. BP has made promises to the individuals and business that was destroyed by the oil spill. Attached are documents of the business and myself upon the oil spill.

## XIII

The honorable court of THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA Should Grant The Queen Esther Commercial Fishing and Rico O. McBride for this matter due to the oil spill on April 20, 2010 and this case or cause number should not be dismissed in the Name of Jesus Christ.

## XIV

Multiple Related Tasks from BP Oil Spill make it difficult. Work which is compensable to all plaintiffs excludes unnecessary time in cost of the expenses. These lawsuits all plaintiffs considering the nature and extent of the plaintiff allegations and the substantial amount of damages all plaintiff is entitled to a judgment against all defendants as a matter of law under rule 56 interest of justice the fact's establish that all plaintiffs is a seaman or a commercial fishermen status beyond a question. As a matter of law evidentiary support all plaintiff's is qualify as a seaman under the Jones Act. All was permanently duties commitment of his or her labor to the service of a vessel of sea identifiable group of a vessel under common now ownership or control.

## XV

Some of the former co employees relative to the Queen Esther Commercial Fishing Confidential Settlement with the Neutral by the court by Jonathan Compretta without an attorney the plaintiff make unbiased settlement recommendation for reasonable and adequate amount of $35,000.00 due to that amount of settlement that it was unfair. BP Oil Spill has promise more to business owners, starts up and failed business owners, cleanup workers, VOO Contracted workers, seafood fishermen, and all due to the oil spill. None of the promises was issued to Mr. Rico O. McBride. I ask The court to determine of Granting me all of a settlement of $2.5 Million Dollars for all pain and suffering, the promises that was not proceeded to me, punitive damages, start up and failed business, harvest of seafood, and all that applies to Mr. Rico O. McBride and The Queen Esther Commercial Fishing and also its employees and also The Power House Church Of God Holy Ghost Power.

## XVI

The plaintiff requested that BP Oil Spill Hesi and Transocean settlement offer attempt that is reasonable and adequate along with the proposed distribution model the court fairness hearing at 9:30 am on November 10, 2016. The court approves these settlements February 22, 2017. BP Oil Spill Hesi and Transocean Counsel Lawyers attorneys fill out settlement papers agreements signed by all parties.

## XVII

1. With respect to Vessels of Opportunity (VOO) charter payment, all working VOO participants receive at least $41,600.00 in compensation, with the amount increasing depending on the size of the boat. Working VOO participants who also will receive economic loss compensation that directly involves the use of their VOO vessel (except in the case of payments under the seafood compensation program) will have their economic loss compensation partially reduced by the VOO earned income offset and the VOO settlement payments offset. VOO participants who

were never placed on hire to perform actual services on the water will also receive up to $10,200.00 with no offset; even in such non-working VOO participants will also receive an award under the seafood compensation program. VOO claims because they involved one time service agreements and thus do not involve future risk that the same course of dealings will be repeated are not eligible for an RTP.

2. The vessel Physical Damage Framework Exhibit 14 allows vessel owners whose vessels were physically damaged as a result of the oil spill or cleanup operations to recover the lesser of the costs necessary to conduct a reasonable repair or replace the vessel. Vessels are eligible even if they did not participate in the VOO program; the only vessels that may not recover are those that were both (i) working for an Oil Spill Response organization or an oil spill removal organization at the time of the physical injury and (ii) were not participating in the VOO program. No RTP is applied to this category of claims.

3. The Subsistence framework defines 'Subsistence Claims" as a person who fishes or hunt to harvest, catch, barter, consume or trade Gulf of Mexico natural resources, in a traditional or customary manner, to sustain basic personal or family dietary, economic security, shelter, tool or clothing needs, and who relied upon such subsistence resources that were diminished or restricted in the geographic region used by claimant due to or resulting from the spill. The settlement permits recovery for loss of subsistence use consistent with any closures or impairments to geographic areas relied on by the claimant through 2011. An RTP is applied to the award. Because members of subsistence communities may have limited access to the Internet, Translators, and legal services, the parties agreed to a structure in which there is a Court Appointed Distribution agent who works under the direction of claims administrator and who has a dedicated team that maintains a presence in the geographic areas where subsistence claimants live so as to assist those claimants in completing forms and collecting supporting documentation, confirm the eligibility status of claimants, conduct interviews, and apply the compensation formula.

4. Under the $2.3 Billion Seafood Compensation Program (SCP) Commercial Fishermen, Seafood Boat Captains, all other Seafood Crew, Oyster Leaseholders, and Seafood Vessel Owners will be compensated for economic loss claims relating to Seafood, including shrimp, oysters, finfish, blue crab, and other species. The Seafood Compensation Program (SCP) (Exhibit 10) uses a bottom up mode of awarding compensation thus fishermen with higher benchmark earnings receive higher compensation awards. The SCP is expected to pay out an initial $1.9 billion in compensation to class members, leaving a $400 million reserve to be distributed in a second round. The guaranteed total of $2.3 billion allocated to the SCP represents approximately five times the annual average industry gross revenue for 2007 to 2009 of the seafood industry in the region covered by the Settlement Agreement. $2.3 billion also represents 19.2 times lost industry revenue in 2010, according to the evidence provided. The SCP does not involve a limited fund with any ability for class members to opt out.

5. The Plaintiff does not have Electronic Filing and the Court Did not mail any documents of the order and the defendants BP failed to mail the plaintiff copy of the order of the PTO 60. The Plaintiff is Pro Se. As of now the plaintiff is aware and in good faith will comply with all court orders that is received by mail from the defendants BP. The Plaintiff has cooperated with BP and will Corporate with BP to Settle or Resolve this case and matter in good faith with fairness.

6. The Plaintiff pleases mercy to the court in the Name of Jesus Christ to do not dismiss this case and cause number.

## XVIII

1. See, Zat's Restaurants Inc. (No.   13-1711) motion for relief from order regarding compliance with PTO 60 Rec. Doc. 21476.

2. See Shelli-J-Ladner (No. 16-3928) Motion for leave to file amended complaint Rec. Doc. 21670).

## XVIIII

Rico McBride did opted out of all BP claim or withdraw it April 2, 2016 May 2, 2016 filed an individual law sue in The United States District Court of Eastern District of Louisiana to the Deepwater Horizon. See claim center Date April 2, 2016 opted out see notice of withdrawn claim date August 24, 2016 from Deepwater Horizon Claims center. Rico McBride opted out too all The McBride opted out. The Compliance order date July 18, 2017 as to compliance with pretrial order No. 63. Plaintiff Name Rico McBride Case No.                        was by the court deemed complaint.

Rico McBride did file B1 Pleading following PTO 60 and complaint individual a three page sworn statement regarding the status of his/her it claims PTO 60 Rico McBride ET. AL. did comply with PTO 60 on June 7, 2016 the court issued an order to show cause regarding compliance with PTO 60 ( Show cause order Rec. Doc. 18724) the show cause order identified Rico McBride. I believed made PTO 60 submissions that complied with the requirements of PTO 60 (Rec. Docs. 20992-1-20992-2) Good Faith. PTO 60 see Leoutha Batiste 16-4154 court document. Leoutha Batiste (No. 16-4154) (response to show cause order, Rec, Doc. 20768) Leoutha Batiste was listed on Exhibit 2 to the compliance order. (Rec. Doc. 20996). BP concedes that Leoutha Batiste should be added to the PTO 60 Compliant list. (BP OBJ. at 2, App. 2, Rec. Doc. 21131). In Light of this and after reviewing Batiste's filings, The Court deems Leoutha Batiste as Compliant with PTO 60. Leoutha Batiste will be added to the list of PTO 60 complaint Plaintiffs. Leoutha Batiste's Claims in No. 16-4154 are not dismissed. Leoutha Batiste was a crewman of The Queen Esther Commercial Fishing. Ceo Pastor Richard McBride, Power house church of God Holy Ghost Power, Blondine McBride, And Rico McBride was Part owner of The Queen Esther Commercial Fishing. Rico McBride should have complied with the order PTO 60 and PTO 64. BP and The Administration made a mistake in compliance of PTO 60 and PTO 64 and the United States District Court of Eastern District Louisiana made an error also that Rico McBride was F.R.C.P. Rule 60(b)(5) motion is determine whether this court may reopen it permitted. Final Judgment moves for relief from judgment under federal rule 60(B)(5) permitted relief from a judgment when the judgment has been satisfied

released or discharged it is based on an earlier judgment that has been reversed. Rather than the future shows-v- shoney Inc. 738 so. 2d 724, 729, LA app 1st Cir. 1999) Citation omitted.

Loss the Ability to invest a part is not money over compensated given the time value of money. That is it take into account that because of inflation and ability to invest the value of money obtained at a specific date is generally more valuable than that same nominal amount of money obtained at future date Altec Capital service LLC –V-weir bros-cv-3409-D-2013) at 4 tex March 8, 2013 (Citation Omitted) The Whole Purpose of discount a future award is allowing for the difference in value of money recede in the present. To establish injury in fact a plaintiff must show that he or she suffered an invasion of legally protected interest that is concrete and particularized and actual or imminent. Not conjectural or hypothetical 1548 quotation and citation omitted. Inflation cost cannot use money right award physical damages and restoration cost against BP under the Oil Pollution Act and general maritime law BP liability under these law.

1. Business Economics loss 70 percent complete with 94.301 of 134.527 claims.
2. Start-up-Business Economic loss a Separate category.
3. Failed business economic loss
4. Subsistence- Defined in the settlement catching of fish or wildlife for personal or family dietary economic, security, shelter, tool or clothing need. The subsistence claims are not part of the capped seafood claim program.

Rule 60(B)(5) or vacated or applying it prospectively is no longer equitable the (use) of the disjunctive or rule 60(B)(5) makes it clear that each of the provision Three ground for relief is independently sufficient and therefore that relief may be warranted. Horne-v-Flores 557 U.S. 433(2009) primarily relevant here is the little used first clause of rule 60(B)(5) that clause allows of rule 60 reopening a judgment when the judgment has been satisfied released or discharged unsurprising then Rule 60(B)(5) motions can be used by a judgment debtor to relieve itself of an already final judgment that has been satisfied released or discharge see, Bryan-V-Eric Caty office of children and youth 752 F 3D. Interests of Justice warrant reopened the is case all applicable case law see owner officer compensation claimant then requested that this court exercise its discretion under the settlement to review their claimant the court deny those requests claim than claimant appealed to fifth circuit court of appeal which that this court abused it discretion when it denied the requested applies to No 12-970 order and reasons.

As to requested for discretionary review by claimant Kevin S. Smith Solomon J. Fleischman and John C. Kelly on remand from the court of appeal. Case 2:10Md-02179-CJB filed 04/25/16 document No 16432 multidistrict litigation collectively claimant see in documents water horizon, 632 F appx199 (5th Cir. 2015) B.E.L. IEL framework. Section 6 of 6 of the settlement provide the court with discretion right to review any appeal determination settlement appeal coordinator. The plaintiffs has been injured in it

business and property through it lose revenue at an amount or be proceed at trial as a direct and proximate result of the BP oil spill 4-20-2010 inability to collect the hundred thousand dollar. Donation and gift and seafood. The defendant made the above described representation either willfully with the intent to receive while knowing that said representation were false or made them recklessly. The defendants consciously or deliberately engaged in oppression fraud, wantonness or malice with regard to plaintiff and other member.

Prayer for Relief

Wherefore Plaintiffs Pastor Rico McBride demands Judgment against the defendants, jointly and severally, as follows:

1. The court to Grant the Motion of reconsideration Motion Requesting Reconsideration of the compliance orders. P.T.O. 60 and 64 Moratoria hold opt-out order. Base of the interests of justice. F.R.C.P. 60 Rules (B) (5). Motion.

2. The court should incorporate all these documents into plaintiffs' claims whatsoever.

The honorable court of THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA wishes to settle this case or cause number please contact me Mr. Rico O. McBride to discuss the matter.

**Jury Demand**

Respectfully Submitted

In The Name of Jesus Christ

Dated August 29, 2017

*[signature]*

Pro. Sed. Attorney Rico O. McBride

6517 Fredrick St.

Moss Point, MS 39563

1-228-627-0242

Email: Mcbride_rico@yahoo.com

# Certificate of Service

I, Rico McBride hereby, certify that I have hand delivered or mailed a true and correct copy to the Defendant of Order **Motion Requesting Reconsideration of the compliance order. P.T.O. 60, 63, and 64 Moratoria hold opt-out order. Base of the interests of justice. F.R.C.P. 60 Rule (B)(5). Motion**

This the 29th Day of August, 2017.

To The Defendants:

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | SECTION J |
| "Deepwater Horizon" in the Gulf | JUDGE BARBIER |
| Of Mexico, on April 20, 2010 | MAGISTRATE JUDGE WILKINSON |
| Applies To: | |
| ALL CASES | |
| Counsel for BP Committee | MDL 2179 Plaintiff's Steering |
| Attn: J. Andrew Langan | Attn: Steve J. Herman |
| Kirkland & Ellis LLP | Herman, Herman, Katz&Cotlar, LLP |
| 300 North LaSalle St, | 820 O'Keefe Avenue |
| Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

Rico McBride

08/29/17

Rico McBride
6517 Fredrick St.
Moss Point, MS 39563

United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130



U.S. POSTAGE
PAID
MOSS POINT, MS
39563
SEP 05, 17
AMOUNT
$0.70
R2305H129344-03