UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig | MDL NO.2179 |
| "Deepwater Horizon" in the Gulf | |
| Of Mexico, on April 20, 2010 | SECTION J |
| Applies to: | JUDGE BARBIER |
| ALL CASES | MAGISTRATE JUDGE WILKINSON |

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED SEP 1 3 2017
WILLIAM W. BLEVINS
CLERK

| | |
|---|---|
| Blondine M. McBride | PLAINTIFF |
| VERSUS        CIVIL ACTION NO. | |
| IN RE: OIL SPILL BY THE OIL RIG | SECTION J |
| "Deepwater Horizon" in the Gulf | JUDGE BARBIER |
| Of Mexico, on April 20, 2010 | MAGISTRATE JUDGE WILKINSON |

### Motion

### Motion Requesting Reconsideration of the compliance order. P.T.O. 60, 63, and 64 Moratoria hold opt-out order. Base of the interests of justice. F.R.C.P. 60 Rule (B)(5). Motion

Comes Now I, Blondine M. McBride file this complaint and sworn statement in The Name Of Jesus Christ submitted.

I.

I, Blondine M. McBride was damage by the BP Oil Spill occured on or about April 20,2010. I was working for The Queen Esther Commercial Fishing I file a claim with the GCCF along with supporting documentation. The GCCF the claim type loss wages. I

TENDERED FOR FILING

SEP 1 3 2017

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1



Blondine M. Mcbride was payment Cash. Claimant number 01112756.

## II.

My job title I was a crewman work as cook on the boat for The Queen Esther Commercial Fishing. I recieved a 1099 Tax returns for $9,000.00 in 2010.

## III.

Blondine M. McBride is an adult citizen of Jackson County, Moss Point, Mississippi. Mrs. McBride derived from her employment with the Queen Esther Commercial Fishing as a cook and crewman.

## IV.

I Blondine M. McBride was working as a cook and crewman of The Queen Esther Commercial Fishing. I worked, harvest and fished around the Pascagoula River, The Point of Pascagoula, Cat Island, Round Island, Petit Bois Island, Horn Island, Ship Island, And The Gulf of Mexico Mississippi, Alabama, and Louisiana.

## V.

As you may know, BP has agreed to enter into a $7.8 Billion dollar court- supervised settlement to compensate individuals, business and property owners who have incurred Financial Losses from the Oil Spill. The settlement will also cover those whose health was affected by the oil spill. Most importantly, we believe that this new system will result in faster and fairer payments for all those who were affected. If you filed with the GCCF and have not been paid, you will now have to file in Federal Court as the GCCF has been closed down. if you never filed before, filing now will provide you with an opportunity to get paid for your damages.

## VI.

According to Federal Judge Barbier's order "BP Claims will be processed and evaluated in the order they are recieved. therefore it is extremely urgent to act now and bot be left out or at the back of the line.

## VII.

As a result Blondine M. McBride events described herein, have suffered ascertainable losses and damages.

## VIII.

BP failed to follow the settlement agreements standards governing this claim

## VX

The honorable court of THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA Should Grant Blondine M. McBride for this matter due to the oil spill on April 20,2010 and this case or cause number should not be dismissed in the Name of Jesus Christ.

## X

1. In accordance with its order and reasons issued December 21,2012, Rec. Doc. 8138, The court hereby grants final approval as fair, reasonable, and adequate, to the Economic and Property Damages Settlement Agreement as Amended on May 2,2012, including all Exhibits thereto (collectively the " Settlement Agreement, " Rec. Doc. 6430, Which is adopted and incorporated fully by reference herein) Pursuant to Federal Rule of Civil Procedure 23(e). The Settlement Agreement provides ample remedies to the Economic Class and avoids protracted Litigation, among numerous other advantages.

2. The Court confirms the certifiacation of the Economic and Property Damages Class (" Economic Class") as defined in Appendix A, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(3). The Economic Class excludes under Federal Rule of Civil Procedure 23(b)(3) and 23(c)(3)(b) the persons who (a) signed and filed timely and proper exclusions requests (Opt- Outs) under the terms of the Settlement Agreement and this court applicable orders on or before the November 1,2012. deadline and under the procedures established by the Court, and (b) have not timely and properly revoked such exclusions. Those persons or entities not named on the opt-out list, or who revoke their exclusions under the procedures established by the court, and who otherwise fall within the class definition are members of the Economic Class.

3. the court confirms the appointment of Economic Class Counsel, Lead Class Counsel, and the class Representatives.

4. The Court confirms the appointment of the claims administrator and claims administration vendors.

5. The court confirms that the class notice and class notice plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), The class Action Fairness Act (28 U.S.C. 1711 et seq.), and the due process clause of the United States Constitution (U.S. Const., Amend. V.) constituting the best notice

that is practicable under the circumstances of the litigation.

6. The court finds that the Settlement Agreement, with respect to Class Members who are minors, lack capacity,or are incompetent, is fair, reasonable, and adequate.

7. The Subsistence framework defines 'Subsistence Claims" as a person who fishes or hunt to harvest, catch, barter, consume or trade Gulf of Mexico natural resources, in a traditional or customary manner, to sustain basic personal or family dietary, economic security, shelter, tool or clothing needs, and who relied upon such subsistence resources that were diminished or restricted in the geographic region used by claimant due to or resulting from the spill. The settlement permits recovery for loss of subsistence use consistent with any closures or impairments to geographic areas relied on by the claimant through 2011. An RTP is applied to the award. Because members of susbsistence communities may have limited access to the Internet, Translators, and legal services, the parties agreed to a structure in which there is a Court Appointed Distribution agent who works under the direction of claims administrator and who has a dedicated team that maintains a presence in the geographic areas where subsistence claimants live so as to assist those claimants in completeing forms and collecting supporting documentation, confirm the eligibility status of claimants, conduct interviews, and apply the compensation formula.

8. Under the $2.3 Billion Seafood Compensation Program (SCP) Commercial Fishermen, Seafood Boat Captains, all other Seafood Crew, Oyster Leaseholders, and Seafood Vessel Owners will be compensated for economic loss claims relating to Seafood, including shrimp, oysters, finfish, blue crab, and other species. The Seafood Compensation Program (SCP) (Exhibit 10) uses a bottom up mode of awarding compensation thus fishermen with higher benchmark earnings recieve higher compensation awards. The SCP is expected to pay out an initial $1.9 billion in compensation to class members, leaving a $400 million reserve to be distributed in a second round. The guranteed total of $2.3 billion allocated to the SCP represents approximately five times the annual average industry gross revenue for 2007 to 2009 fo the seafood industry in the region covered by the Settlement Agreement. $2.3 billion also represents 19.2 times lost industry revenue in 2010, according to the evidence provided. The SCP does not involve a limited fund with no ability for class members to opt out.

9. The Plaintiff does not have Electronic Filing and the Court Did not mail any documents of the order and the defendants BP failed to mail the plaintiff copy of the order of the PTO 60. The Plaintiff is Pro Se. As of now the plaintiff is aware and in good faith will comply to all court orders that is recieved by mail from the defendants BP. The Plaintiff has coporated with BP and will Coporate with BP to Settle or Resolve this case

and matter in good faith with fairness.

10. The Plaintiff please mercy to the court in the Name of Jesus Christ to do not dismiss this case and cause number.

## XI

1. See, Zat's Restaurants Inc. (No. 13-1711) motion for relief from order regarding compliance with PTO 60 Rec. Doc. 21476.

2. See Shelli-J-Ladner (No. 16-3928) Motion for leave to file amended complaint Rec. Doc. 21670).

## XII

Blondine M. McBride did opted out of all BP claim or withdraw it April 2, 2016 May 2, 2016 filed an individual law sue in The United States District Court of Eastern District of Louisiana to the Deepwater Horizon. See claim center Date April 2, 2016 opted out see notice of withdrawn claim date August 24, 2016 from Deepwater Horizon Claims center. Blondine M. McBride opted out too all The McBride opted out. The Compliance order date July 18, 2017 as to compliance with pretrial order No. 63. Plaintiff Name Blondine M. McBride Case No.          was by the court deemed complaint.

The Blondine M. McBride did file B1 Pleading following PTO 60 and complaint individual a three page sworn statement regarding the status of his/her it claims PTO 60 Blondine M. McBride ET. AL. did comply with PTO 60 on June 7, 2016 the court issued an order to show cause regarding compliance with PTO 60 ( Show cause order Rec. Doc. 18724) the show cause order identified Blondine M. McBride. I believed made PTO 60 submissions that complied with the requirements of PTO 60 (Rec. Docs. 20992-1-20992-2) Good Faith. PTO 60 see Leoutha Batiste 16-4154 court document. Leoutha Batiste (No. 16-4154) (response to show cause order, Rec, Doc. 20768) Leoutha Batiste was listed on Exhibit 2 to the compliance order. (Rec. Doc. 20996). BP concedes that Leoutha Batiste should be added to the PTO 60 Compliant list. (BP OBJ. at 2, App. 2, Rec. Doc. 21131). In Light of this and after reviewing Batiste's filings, The Court deems Leoutha Batiste as Compliant with PTO 60. Leoutha Batiste will be added to the list of PTO 60 complaint Plaintiffs. Leoutha Batiste's Claims in No. 16-4154 are not dismissed. Leoutha Batiste was a crewman of The Queen Esther Commercial Fishing. Ceo Pastor Richard McBride, Power house church of God Holy Ghost Power, Blondine McBride, And Rico McBride was Part owner of The Queen Esther Commercial Fishing. Blondine M. McBride should have complied with the order PTO 60 and PTO 64. BP and The Administration made a mistake in compliance of PTO 60 and PTO 64 and the United States District Court of Eastern District Louisiana made an error also that Blondine M. McBride was F.R.C.P. Rule 60(b)(5) motion is determine whether this court may reopen it permitted. Final Judgment moves for relief from judgment under federal rule 60(B)(5)

permitted relief from a judgment when the judgment has been satisfied released or discharged it is based on an earlier judgment that has been reversed. Rather than the future shows-v-shoney Inc. 738 so. 2d 724, 729, LA app 1st Cir. 1999) Citation omitted.

Loss the Ability to invest a part is not money over compensated given the time value of money. That is it take into account that because of inflation and ability to invest the value of money obtained at a specific date is generally more valuable than that same nominal amount of money obtained at future date Altec Capital service LLC –V-weir bros-cv-3409-D-2013) at 4 tex March 8, 2013 (Citation Omitted) The Whole Purpose of discount a future award is allowing for the difference in value of money recede in the present. To establish injury in fact a plaintiff must show that he or she suffered an invasion of legally protected interest that is concrete and particularized and actual or imminent. Not conjectural or hypothetical 1548 quotation and citation omitted. Inflation cost cannot use money right award physical damages and restoration cost against BP under the Oil Pollution Act and general maritime law BP liability under these law.

1. Business Economics loss 70 percent complete with 94.301 of 134.527 claims.
2. Start-up-Business Economic loss a Separate category.
3. Failed business economic loss
4. Subsistence- Defined in the settlement catching of fish or wildlife for personal or family dietary economic, security, shelter, tool or clothing need. The subsistence claims are not part of the capped seafood claim program.

Rule 60(B)(5) or vacated or applying it prospectively is no longer equitable the (use) of the disjunctive or rule 60(B)(5) makes it clear that each of the provision Three ground for relief is independently sufficient and therefore that relief may be warranted. Horne-v-Flores 557 U.S. 433(2009) primarily relevant here is the little used first clause of rule 60(B)(5) that clause allows of rule 60 reopening a judgment when the judgment has been satisfied released or discharged unsurprising then Rule 60(B)(5) motions can be used by a judgment debtor to relieve itself of an already final judgment that has been satisfied released or discharge see, Bryan-V-Eric Caty office of children and youth 752 F 3D. Interests of Justice warrant reopened the is case all applicable case law see owner officer compensation claimant then requested that this court exercise its discretion under the settlement to review their claimant the court deny those requests claim than claimant appealed to fifth circuit court of appeal which that this court abused it discretion when it denied the requested applies to No 12-970 order and reasons.

As to requested for discretionary review by claimant Kevin S. Smith Solomon J. Fleischman and John C. Kelly on remand from the court of appeal. Case 2:10Md-02179-CJB filed 04/25/16 document No 16432 multidistrict litigation collectively claimant see in documents water horizon, 632 F appx199 (5th Cir. 2015) B.E.L. IEL framework. Section 6 of 6 of the settlement provide the court with discretion right to review any appeal determination settlement appeal coordinator. The plaintiffs has been injured in it business and property through it lose revenue at an amount or be proceed at trial as a direct and proximate result of the BP oil spill 4-20-2010 inability to collect the hundred thousand dollar. Donation and gift and seafood. The defendant made the above described representation either willfully with the intent to receive while knowing that said representation were false or made them recklessly. The defendants consciously or deliberately engaged in oppression fraud, wantonness or malice with regard to plaintiff and other member.

Prayer for Relief

Wherefore Plaintiffs Pastor Blondine M. McBride demands Judgment against the defendants, jointly and severally, as follows:

1. The court to Grant the Motion of reconsideration Motion Requesting Reconsideration of the compliance orders. P.T.O. 60 and 64 Moratoria hold opt-out order. Base of the interests of justice. F.R.C.P. 60 Rules (B) (5). Motion.

2. The court should incorporate all these documents into plaintiffs' claims whatsoever.

Jury Demand

Respectfully Submitted

In The Name of Jesus Christ

Dated August 29, 2017

*Blondine M. McBride*

Blondine M. McBride

4318 Donovan St.

Moss Point, MS 39563

1-228-623-7014

## Certificate of Service

I, _____ hereby, certify that I have hand delivered or mailed a true and correct copy to the Defendant of Order **Motion Requesting Reconsideration of the compliance order. P.T.O. 60, 63, and 64 Moratoria hold opt-out order. Base of the interests of justice. F.R.C.P. 60 Rule (B)(5). Motion**

This the 29th Day of August, 2017.

To The Defendants:

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | SECTION J |
| "Deepwater Horizon" in the Gulf | JUDGE BARBIER |
| Of Mexico, on April 20, 2010 | MAGISTRATE JUDGE WILKINSON |

Applies To:

ALL CASES

| | |
|---|---|
| Counsel for BP Committee | MDL 2179 Plaintiff's Steering |
| Attn: J. Andrew Langan | Attn: Steve J. Herman |
| Kirkland & Ellis LLP | Herman, Herman, Katz&Cotlar, LLP |
| 300 North LaSalle St, | 820 O'Keefe Avenue |
| Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

*Blanche M. McBride* (signature)

August 29, 2017

| SWS-8 | Loss of Subsistence Claimant Sworn Written Statement |

This Sworn Written Statement may be used by a claimant. If you need more space to complete this Sworn Written Statement, attach additional pages, and they will be incorporated into this document. Include your Claimant Number or Social Security number/employer identification number on all additional pages.

## A. CLAIMANT INFORMATION

**Name:** Last: McBride  First: Blondine  Middle Initial: M.

**Halliburton/Transocean Punitive Damages & Assigned Claims Settlements Claimant Number:** 2666LV04325

**Address:**
Street: 4318 Donovan St.
City: Moss Point
State: Mississippi
Zip Code: 39563

**Telephone Number:** (228) 623-7014

**Social Security Number or Individual Taxpayer Identification Number:**
SSN or ITIN: ___-__-4690

**EIN:** _____

## B. LOSS INFORMATION

**Identify The Locations Normally Fished That Were Subject To Closure:**

**A.**
Location Name: Gulf Coast Are Mississippi Sound, Cat Island, Horn Island
Street: 4318 Donovan St.
City: Moss Point
State: Mississippi
Zip Code: 39563

Identify The Species Fished: Red Snaper, Red Fish, Cat Fish, Shrimper, Crabs
Identify The Amount Caught: I believe 1,000.00 of Pounds unknow the weight I did not have Scale.
Identify The Equipment Used: 27 Foot Boat Drag, 16 Foot Net, Reel Rod, 32 Foot Boat Net 16 Foot Net Cast Net, ect.

**B.**
Location Name: Gulf Coast Are Horn Island, Mississippi Sound
Street: 6619 Gregory St. Moss Point
City: Moss Point
State: Mississippi
Zip Code: 39563

Identify The Species Fished: Redsnap, Red Fish, Cat Fish,
Identify The Amount Caught: I Believe 1000.00 of Pound, Fishing, Crabbing, ect.
Identify The Equipment Used: Boat 27 Foot, 16 Foot Net, Drag, 32 Foot Boat.

TENDERED FOR FILING

SEP 1 3 2017

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

SWS - 8
v.1

1

## C. SIGNATURE

I certify and declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that all the information I have provided in this Statement (and in any pages I have attached to or submitted with this Statement to provide additional information requested in this Statement) is true and accurate to the best of my knowledge, and that supporting documents attached to or submitted with this Statement and the information contained therein are true, accurate, and complete to the best of my knowledge, and I understand that false statements or claims made in connection with this Statement may result in fines, imprisonment, and/or any other remedy available by law to the Federal Government, and that suspicious claims will be forwarded to federal, state, and local law enforcement agencies for possible investigation and prosecution.

**Date Signed:** 8, 29, 2017
(Month/Day/Year)

_Blondine M. McBride_
Signature

_Blondine M. McBride_
Name (Printed or Typed)

Blondine M. McBride
4318 Donovan St.
Moss Point, Ms. 39563

U.S. POSTAGE PAID
MOSS POINT, MS
39563
SEP 07, 17
AMOUNT
$0.70
R2305H1129344-03

70130

Clerk's Office
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA, 70130