UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL No. 2179 |
| | | SECTION: J |
| This Document Relates to: *All Cases In Pleading Bundle B3* | | JUDGE BARBIER |
| | | MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION AND INCORPORATED MEMORANDUM FOR LEAVE OF COURT TO RE-FILE SEPARATE AND AMENDING PETITIONS

NOW INTO COURT, through undersigned counsel, come the Plaintiffs[1], who respectfully moves this Honorable Court for leave to file their first Supplemental and Amending Petitions in an attempt to comply with Pre-Trial Order No. 63 [R. Doc. 22295] and the PTO 63 Compliance Order [R. Doc. 23047] in this action. Pursuant to Fed. R. Civ. P. Rule 15 (a) (2), the Court should "freely give leave" to amend " when justice so requires."

Plaintiffs respectfully request leave to re-file and amend their petitions for the following reasons:

The DeAgano family suffered injury when they were vacationing in Destin in June of 2010. Mrs. DeAgano alleges this is when she was first exposed to toxins in the water which caused her to become very ill. The claims of her husband and child are dependent on and arise from her injuries. Mr. Keaghy is an unrelated claim that was bundled with the DeAgano family complaint. To cure the defect as identified by the court in its July 18, 2017 Order [R. Doc.

---

[1] Plaintiffs are as follows: Richard Woods; John Burrus; Sarah Graham; Max Murray; Kimberly DeAgano, Kimberly DeAgano obo Dereck J. DeAgano, Ted DeAgano, Jr. & Keith Keaghey.

23047] , the Plaintiffs desire to dismiss, without prejudice, and only after the filing of the new complaint, Keith Keaghy from previously filed claim **2:13-cv-01802-CJB-JCW** and file a separate claim on his behalf for injuries suffered as a result of the BP Oil Spill on October 8, 2009. This dismissal and new filing should remedy any alleged deficiencies on behalf of Mr. Keaghy as well as the other Plaintiffs in the previously referenced claim (The DeAgano family) as their claims are so closely related that the remaining parties are indispensable to that complaint and resolution of the family members consortium claims make the filing of separate individual lawsuits unnecessary. In the case of the DeAgano Plaintiffs, counsel believes their grouped complaints to be proper under the "related" party exception provided in a footnote of PTO 63. In the case of these grouped Plaintiffs from the same immediate family, claims for the husband and child arise from their mother's claim and their recovery is dependent on the outcome of that claim as well. Counsel contends that filing this action as a single complaint was well warranted within the "related" party exception of PTO 63.

Secondly, Plaintiffs wish to file separate individual petitions on behalf of Plaintiffs Richard Woods, John Burrus, Sarah Graham, and Max Murray in order to remedy Plaintiffs' apparent confusion with PTO 63 and remain compliant with this Honorable Court's orders, as it has for the previous four years. These Plaintiffs were all separately identified with their individual damages asserted in case number **2:13-cv-01822-CJB-JCW** filed back in April 19, 2013 in this very court. All of the requested actions should be deemed timely according to Fed. R. Civ. P. Rule 15 (c), La. Civ. Code art. 3462 and La. Civ. Code art. 3463. Plaintiffs' original complaint was filed in a competent court and a proper venue. The amendment arises out of the conduct, transaction or occurrence in the original complaint. Defendant has received notice of the allegations in the amendment, and will not be prejudiced in any way in defending Plaintiffs' action on the merits.

In the case at bar, all proceedings are currently stayed regarding the multitude of B3 Plaintiff claims and thus prescription should not be at issue regarding the filing of these actions by Plaintiffs. This court has also been granted supplemental jurisdiction over Plaintiffs' state law claims and the events or omissions giving rise to the asserted claims occurred in the Eastern District of Louisiana, thus Eastern District of Louisiana is the proper venue. Accordingly, pursuant to La. C. C. art. 3462, prescription has been interrupted as to Plaintiffs' claims against BP Exploration & Production, Inc., et all and venue is proper pursuant to 28 U.S.C. § 1367 and § 1391, and Plaintiffs' amended complaint relates back to the filing of the original complaint, pursuant to Fed. R. Civ. P. Rule 15 (c).

Plaintiffs' petitions allege four causes of action versus defendants BP Exploration & Production, Inc., et al. There is no prejudice towards Defendants on any level and opposing counsel has known about the individuality of each plaintiff's claim since their initial filings more than four (4) years ago. These individual claims were even more clearly substantiated by counsel providing the updated information requested on each plaintiff by PTO 63 in the form of the timely filed "Sworn Statements." Opposing counsel was aware of the viability of Plaintiffs' claims due to their continued compliance with PTO 63 and submitting these "Sworn Statements." Plaintiffs' previous suits were filed as "individuals" in which they were each separately named and easily identifiable. None of the Plaintiffs were unnamed or anonymous in a class action or mass joinder styled pleading presented to the Court. After review of PTO 63, it was unclear whether these individually listed Plaintiffs needed to institute new separate actions and undersigned counsel reached out to the PSC for further clarification. Counsel was then advised by the Plaintiffs' Steering Committee that if Plaintiffs were individually identified in previously filed actions and

not members of a class action suit or mass joinder, only the filing of "Sworn Statements" would be required.

Plaintiffs have requested leave of court to remedy this apparent defect, if this Court determines that they are indeed required to file new individual and separate lawsuits. Defendants have dropped any objections to other Plaintiffs who were dismissed and allowed them opportunity to cure those defects. Plaintiffs believe that their claims should be treated no differently and reiterate that there is no inherent harm or prejudice to Defendants by allowing them to cure any defects in their claims if this court determines these new filings be sufficient to deem their claims compliant.

Under the above circumstances, it would be manifestly unjust to dismiss these Plaintiffs' claims where they were individually named lawsuits, there was never any previous objections towards improper joinder, Defendants have had notice of Plaintiffs' separate and individual causes of action for more than four years, Plaintiffs gave Defendants further notice of their intention to pursue their individual claims by timely filing "Sworn Statements" in a direct attempt to comply with PTO 63 and Plaintiffs sought advice from the PSC about the actual meaning of individual lawsuits due to the apparent instruction of the order to require that all Plaintiffs be named individually in a lawsuit, rather than be part of a short form joinder to a master complaint that he court wanted to dismiss. Plaintiffs were advised that if individually indentified in a previous suit, there were no further lawsuits required. A great deal of evidence stands ready to be presented in support of these claims and an inadvertent mistake of fact by counsel should not preclude their likely recovery. Furthermore, Plaintiffs have requested leave of court to cure any defects and allow their claims to proceed.

WHEREFORE, Plaintiffs respectfully request that their motion for leave to re-file separate and amending petitions be granted.

        Respectfully submitted,

        **FRANK J. D'AMICO, JR., APLC**

        s/Frank J. D'Amico Jr
        Frank J. D'Amico, Jr.(#17519)
        4608 Rye Street
        Metairie, Louisiana 70006
        Telephone: (504) 525-7272
        Telecopier: (504) 525-9522
        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th of September , 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Frank J. D'Amico Jr.
        FRANK J. D'AMICO, JR. #17519