UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J |
| This Document Relates To: | * | |
| | | JUDGE BARBIER |
| *Certain Cases Remaining in the B1 Pleading Bundle* | * | |
| | | MAG. JUDGE WILKINSON |
| | * | |

## ORDER & REASONS
[As to BP's Dispositive Motion as to Presentment (Rec. Doc. 22480)]

Before the Court is BP's Dispositive Motion as to Presentment (Rec. Doc. 22480), responses by various plaintiffs,[1] and BP's reply (Rec. Doc. 23269).

## Introduction

The Oil Pollution Act of 1990 ("OPA") typically requires claimants to first present claims for "removal costs" or "damages" to the responsible party and wait until that party denies all liability or until 90 days have passed before the claimant may commence an action in court against the responsible party. *See* 33 U.S.C. § 2713; *Nguyen v. Am. Commercial Lines L.L.C.*, 805 F.3d 134, 139 (5th Cir. 2015). This "presentment" requirement is a mandatory condition precedent to bringing an OPA claim in litigation. *See id.*; *In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2011*, No. 10-md-2179, 2011 WL 5520295, at *9 (E.D. La. Nov. 14, 2011). BP's motion asserts that 39 plaintiffs have made no presentment whatsoever and, therefore, those plaintiffs' claims should be dismissed.

---

[1] Responses were filed by Omar Garcia (Rec. Doc. 23143); American Case Iron Pipe Company, et al. (Rec. Doc. 23160); Ascend Performance Materials Operations, LLC d/b/a Ascend Performance Materials (Rec. Doc. 23162); Jesco Construction Corp. of Delaware (Rec. Doc. 23163); Kent and Kara McConaghy (Rec. Doc. 23166); and Spectrum Organization, Inc. d/b/a The Victorian Rental Pool (Rec. Doc. 23179).

**BP's Motion is Moot and/or Withdrawn With Respect to 17 Plaintiffs**

In its reply brief, BP withdraws its motion with respect to 17 plaintiffs. (Rec. Doc. 23269 at 7).[2] Thus, BP's motion now targets only 22 plaintiffs.

**19 Plaintiffs Did Not Oppose BP's Motion**

The Court ordered that any oppositions to BP's motion be filed by August 8, 2017. (Rec. Doc. 23049). Of the 22 plaintiffs who are still subject to BP's motion, 19 did not file an opposition. These plaintiffs have effectively conceded that they failed to make presentment. Ordinarily, the Court would dismiss these plaintiffs' claims without prejudice, giving them the opportunity to comply with presentment and then refile their complaints. *See In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d 943, 964-65 (E.D. La. 2011). However, because OPA's 3-year statute of limitations has long since run, dismissal will be with prejudice. *See* 33 U.S.C. § 2717(f)(1); *Nguyen*, 805 F.3d at 143 ("Because [OPA's presentment requirement and OPA's statute of limitations] operate independently, the claimants cannot, as a general rule, rely on compliance with one to excuse non-compliance with the other."); Order of July 14, 2016 Re: Compliance with PTO 60, p.5, Rec. Doc. 20996 ("As to all Plaintiffs in the B1 bundle, only those Plaintiffs who have not previously released their claims, have made timely presentment as required by OPA, have previously filed an individual lawsuit, and have otherwise complied with the requirements of PTO 60 have preserved their individual claims. All other B1 bundle claims are time-barred.").

---

[2] According to BP's reply brief, 7 plaintiffs voluntarily dismissed their claims after BP filed its motion, mooting the motion with respect to those plaintiffs. BP also agreed to withdraw its motion with respect to 9 other plaintiffs, although BP reserves its ability to later challenge the adequacy and sufficiency of these plaintiffs' presentment. Finally, BP also withdraws its motion as to Jesco Construction Corporation of Delaware based on Jesco's representation that it does not assert any claim covered by OPA.

Accordingly, the Court will dismiss with prejudice all claims asserted by the following 19 plaintiffs:

| | |
|---|---|
| 10-cv-2771 | Louisiana Workers' Compensation Corporation |
| 16-cv-06349 | Dailey's Iron & Machine Works, Inc. |
| 16-cv-06334 | Midnite Energy, Inc. |
| 16-cv-07295 | Monster Heavy Haulers, LLC |
| 16-cv-07262 | Fred Gossen Company, LLC |
| 16-cv-06337 | The Carmel Group, Inc. |
| 16-cv-06383 | Finance Motors of Crowley, LLC |
| 16-cv-07269 | Hernandez Properties, LLC |
| 16-cv-06009 | James Crocker |
| 16-cv-06233 | Hilton Creel |
| 16-cv-06339 | Carmel Enterprises, LLC |
| 13-cv-01146 | Ballay, Braud & Colon, PLC |
| 16-cv-04184 | |
| 16-cv-04104 | Sanderson Realty, Inc. |
| 16-cv-06384 | Deep South Machine, Inc. |
| 16-cv-06364 | Fred Gossen Carmel Foods, LLC |
| 15-cv-01943 | Williams Fabrication Inc. |
| 16-cv-07273 | Highway 14 Cattle Company |
| 16-cv-06017 | Barfield Produce, LLC |
| 16-cv-03927 | Ladner, Bunni J. |

**<u>The McConaghys</u>**

Kent McConaghy and Kara McConaghy, who assert claims on behalf of themselves and their minor children (collectively, "the McConaghys"), are plaintiffs in four cases: 13-5369, 13-5371, 16-5862, and 17-3116. Civil Actions nos. 13-5369 and 13-5371 contain many plaintiffs in addition to the McConaghys and generally assert claims for economic loss due to the oil spill (i.e., claims falling within the "B1" bundle) and personal injury claims due to exposure to oil and/or dispersant (i.e., claims falling within the "B3" bundle). Civil Action no. 16-5862, which was filed in response to Pretrial Order No. 60 ("PTO 60"), names only the McConaghys as plaintiffs and asserts both B1 and B3 claims. Civil Action no. 17-3116, which was filed in response to Pretrial Order No. 63 ("PTO 63"), names only the McConaghys as plaintiffs and

asserts only B3 claims. The McConaghys do not dispute that they did not comply with OPA's presentment requirement, but urge that their B3/personal injury claims should be preserved.

The Court will dismiss the McConaghys' B1 claims, but does not dismiss the McConaghys' B3 claims. Accordingly, the Court will not dismiss No. 17-3116, which asserts only B3/personal injury claims. The McConaghys' B1 claims in nos. 13-5369, 13-5371, and 16-5862 are dismissed with prejudice for failing to comply with OPA presentment. Furthermore, as part of the Court's continuing efforts to organize and streamline this multidistrict litigation, and because the Court sees no sense in keeping open more dockets than necessary, the Court will dismiss the McConaghys' B3 claims in case nos. 13-5369, 13-5371, 16-5862 as unnecessary in light of No. 17-3116. The Court notes that the dismissal of the McConaghys' B3 claims in case nos. 13-5369, 13-5371, 16-5862 is without prejudice to and does not affect the McConaghys' B3 claims asserted in no. 17-3116; the McConaghys' claims in no. 17-3116 are timely and preserved.

Furthermore, because all plaintiffs in case nos. 13-5369 and 13-5371 should have filed individual lawsuits pursuant to and in accordance with PTO 60 and/or PTO 63 (as was done by the McConaghys), the Court similarly sees no point in keeping case nos. 13-5369 and 13-5371 open. Accordingly, the Court will dismiss case nos. 13-5369 and 13-5371 in their entirety, although this dismissal is without prejudice to and does not affect any individual complaints filed by plaintiffs in accordance with PTO 60 and/or PTO 63. To the extent a plaintiff in 13-5369 or 13-5371 asserted a B1 claim and did <u>not</u> comply with PTO 60, that claim was already dismissed with prejudice on July 14, 2016 (Rec. Doc. 20996). Similarly, to the extent a plaintiff in 13-5369 or 13-5371 asserted a B3 claim and did <u>not</u> comply with PTO 63, that claim was already

dismissed with prejudice on July 18, 2017 (Rec. Doc. 23047). The Court will instruct the Clerk of Court to close case nos. 13-5369 and 13-5371.

**Omar Garcia**

Omar Garcia is one of many plaintiffs in 13-2791, and he filed an individual complaint, no. 16-6309, in accordance with PTO 60. Garcia does not dispute that OPA's presentment requirement applied to his claims, nor does he dispute that he did not comply with that requirement. Instead, Garcia argues that OPA presentment is "merely an administrative hurdle" that "serve[d] no purpose as BP was not negotiating and there was no possibility of resolution of [his] claim prior to filing a lawsuit." (Rec. Doc. 23143 at 2). Therefore, presentment was futile and his claims should not be dismissed, claims Garcia.

Garcia's arguments are not persuasive. Courts, including this Court, have held or acknowledged that presentment is a mandatory condition precedent to bringing an action in court on a claim covered by OPA. *Nguyen*, 805 F.3d at 139; *Boca Ciega Hotel, Inc. v. Bouchard Transp.*, 51 F.3d 235, 240 (11th Cir. 1995); *In Re Oil Spill by the Oil Rig "Deepwater Horizon,"* 2011 WL 5520295, at *9. As early as August 2011, this Court made clear that "Claimants who have not complied with the presentment requirement are subject to dismissal without prejudice . . . ." *In Re Oil Spill by the Oil Rig "Deepwater Horizon,"* 808 F. Supp. 2d at 964. Although the Court chose at that time to not sift through the 100,000+ claims then pending, determine which failed to satisfy presentment, and dismiss them; the message was clear that presentment was required. Furthermore, the Fifth Circuit has rejected arguments similar to the "futility" argument Garcia presses here. *See Nguyen*, 805 F.3d at 144-45 ("The claimants contend that, because ACL had not responded to any of the previous claims presented to it, they were justified in assuming it would not respond to the claims presented in July 2011. However, an assumption

5

that claims would be denied is not sufficient to constitute compliance with the presentment requirement."). And, as BP points out, Garcia's futility argument is further refuted by the fact that BP paid over $6.6 billion to more than 200,000 claimants who had presented claims to either it or the Gulf Coast Claims Facility.

The Court will dismiss Omar Garcia's claims. As explained above with the plaintiffs who failed to oppose BP's motion, dismissal will be with prejudice.

## **Conclusion**

For the reasons set forth above,

IT IS ORDERED that BP's Dispositive Motion as to Presentment (Rec. Doc. 22480) is GRANTED IN PART as follows:

IT IS FURTHER ORDERED that the claims asserted by the following plaintiffs are DISMISSED WITH PREJUDICE:

| | |
|---|---|
| 10-cv-2771 | Louisiana Workers' Compensation Corporation |
| 16-cv-06349 | Dailey's Iron & Machine Works, Inc. |
| 16-cv-06334 | Midnite Energy, Inc. |
| 16-cv-07295 | Monster Heavy Haulers, LLC |
| 16-cv-07262 | Fred Gossen Company, LLC |
| 16-cv-06337 | The Carmel Group, Inc. |
| 16-cv-06383 | Finance Motors of Crowley, LLC |
| 16-cv-07269 | Hernandez Properties, LLC |
| 16-cv-06009 | James Crocker |
| 16-cv-06233 | Hilton Creel |
| 16-cv-06339 | Carmel Enterprises, LLC |
| 13-cv-01146<br>16-cv-04184 | Ballay, Braud & Colon, PLC |
| 16-cv-04104 | Sanderson Realty, Inc. |
| 16-cv-06384 | Deep South Machine, Inc. |
| 16-cv-06364 | Fred Gossen Carmel Foods, LLC |
| 15-cv-01943 | Williams Fabrication Inc. |
| 16-cv-07273 | Highway 14 Cattle Company |
| 16-cv-06017 | Barfield Produce, LLC |
| 16-cv-03927 | Ladner, Bunni J. |
| 13-cv-02791<br>16-cv-6309 | Omar Garcia |

The Clerk of Court is instructed to close those of the above cases with no remaining plaintiffs.

IT IS FURTHER ORDERED that the personal injury claims of Kent McConaghy and Kara McConaghy, individually and on behalf of their children ("the McConaghys"), asserted in case no. 17-3116 are PRESERVED and are <u>not</u> dismissed.

IT IS FURTHER ORDERED that the claims of the McConaghys asserted in case nos. 13-5369, 13-5371, and 16-5862 are DISMISSED. To the extent the McConaghys asserted B1 claims (e.g., economic loss or property damage due to the oil spill) in nos. 13-5369, 13-5371, 16-5862, dismissal is with prejudice. To the extent the McConaghys asserted B3/personal injury claims in nos. 13-5369, 13-5371, 16-5862, dismissal is without prejudice to and does not affect their claims in case no. 17-3116.

IT IS FURTHER ORDERED that all claims by all other remaining plaintiffs in case nos. 13-5369 and 13-5371 are DISMISSED, and the Clerk of Court shall close case nos. 13-5369 and 13-5371. The dismissal and closing of case nos. 13-5369 and 13-5371 is without prejudice to and does not affect those claims which were asserted in new individual complaints pursuant to and in compliance with PTO 60 and/or PTO 63. With respect to plaintiffs who asserted B1 claims in case nos. 13-5369 and 13-5371 and who did not comply with PTO 60, those B1 claims were previously dismissed with prejudice on July 14, 2016 (Rec. Doc. 20996). With respect to plaintiffs who asserted B3 claims in case nos. 13-5369 or 13-5371 and did not comply with PTO 63, those claims were previously dismissed with prejudice on July 18, 2017 (Rec. Doc. 23047).

New Orleans, Louisiana, this 21st day of September, 2017.

_____
United States District Judge