# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig | ) MDL NO. 2179 |
|     "Deepwater Horizon" in the Gulf | ) |
|     of Mexico, on April 20, 2010. | ) SECTION J |
| | ) |
| This document relates to: 2:13-cv-02879-CJB-JCW | ) JUDGE BARBIER |
| | )MAGISTRATE JUDGE WILKINSON |
| | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO RE-FILE SEPARATE AND AMENDING PETITIONS

NOW INTO COURT, through undersigned counsel, come the Plaintiffs[1], who respectfully move this Honorable Court for leave to file their first Supplemental and Amending Petitions in an attempt to comply with Pre-Trial Order No. 63 [R. Doc. 22295] and the PTO 63 Compliance Order [R. Doc. 23047] in this action.  Pursuant to Fed. R. Civ. P. Rule 15 (a) (2), the Court should "freely give leave" to amend " when justice so requires."

Plaintiffs respectfully request leave to re-file and amend their petitions for the following reasons:

The Plaintiffs suffered injuries when they were exposed to toxins, oil and/or harmful chemical dispersants which caused them to become very ill.  The claims all arise out of a common nucleus of facts and were bundled pursuant to the Federal Rules of Civil Procedure.  Plaintiffs' counsel misread PTO 63, thinking the prohibition only extended to mass joinders and class action petitioners.  These Plaintiffs were all separately identified with their individual damages asserted in case number **2:13-cv-02879-CJB-JCW** filed in June 17, 2013 in this very court.  The Court

---

[1] Plaintiffs are as follows: James Bryant, Henry Jenkins, Steven Burke, Willie Richardson, Nathan S. Southern, Marion G. Barefoot, Baron Buskell, Johnnie Clopton, and Tommy Tripp.

dismissed their claims without hearing or motion practice because of PTO 63's restriction on bundling.  To cure the defect as identified by the court in its July 18, 2017 Order [R. Doc. 23047], Plaintiffs wish to file separate individual petitions on behalf of Plaintiffs James Bryant, Henry Jenkins, Steven Burke, Willie Richardson, Nathan S. Southern, Marion G. Barefoot, Baron Buskell, Johnnie Clopton, and Tommy Tripp in order to remedy Plaintiffs' apparent confusion with PTO 63 and remain compliant with this Honorable Court's orders, as it has for the previous four (4) years. All of the requested actions should be deemed timely according to Fed. R. Civ. P. Rule 15 (c), La. Civ. Code art. 3462 and La. Civ. Code art. 3463. Plaintiffs' original complaint was filed in a competent court and a proper venue. The amendment arises out of the conduct, transaction or occurrence in the original complaint. Defendant has received notice of the allegations in the amendment, and will not be prejudiced in any way by the re-filing of their Petition, nor in defending Plaintiffs' action on the merits.

In the case at bar, all proceedings are currently stayed regarding the multitude of B3 Plaintiff claims and thus prescription should not be at issue regarding the filing of these actions by Plaintiffs. This court has also been granted supplemental jurisdiction over Plaintiffs' state law claims and the events or omissions giving rise to the asserted claims occurred in the Eastern District of Louisiana, thus Eastern District of Louisiana is the proper venue.  Accordingly, pursuant to La. C. C. art. 3462, prescription has been interrupted as to Plaintiffs' claims against BP Exploration & Production, Inc., et all and venue is proper pursuant to 28 U.S.C. § 1367 and § 1391, and Plaintiffs' amended complaint relates back to the filing of the original complaint, pursuant to Fed. R. Civ. P. Rule 15 (c).

Plaintiffs' petition allege four causes of action versus defendants BP Exploration & Production, Inc., et al.  There is no prejudice towards Defendants on any level and opposing

counsel has known about the individuality of each plaintiff's claim since their initial filings more than four (4) years ago.  These individual claims were even more clearly substantiated by counsel providing the updated information requested on each plaintiff by PTO 63 in the form of the timely filed "Sworn Statements."  Opposing counsel was aware of the viability of Plaintiffs' claims due to their continued compliance with PTO 63 and submitting these "Sworn Statements."  Plaintiffs' previous suits were filed as "individuals" in which they were each separately named and easily identifiable.  None of the Plaintiffs were unnamed or anonymous in a class action or mass joinder styled pleading presented to the Court.  After review of PTO 63, it was unclear whether these individually listed Plaintiffs needed to institute new separate actions and undersigned counsel reached out to the PSC for further clarification.  Counsel was then advised by the Plaintiffs' Steering Committee that if Plaintiffs were individually identified in previously filed actions and not members of a class action suit or mass joinder, only the filing of "Sworn Statements" would be required.

Plaintiffs have filed Fed. R. Civ. P. Rule 60 and 59(e), Motions for Reconsideration, however, Plaintiffs request leave of court to comply with the Court's directive should the Court determine that they are indeed required to file new individual and separate lawsuits.  Defendants have dropped any objections to other Plaintiffs who were dismissed and allowed them opportunity to cure those defects after the deadline passed.  Plaintiffs believe that their claims should be treated no differently and reiterate that there is no inherent harm or prejudice to Defendants by allowing them to cure any defects in their claims if this court determines these new filings be sufficient to deem their claims compliant.

Under the above circumstances, it would be manifestly unjust to dismiss these Plaintiffs' claims where they were individually named in a lawsuit, there was never any previous objections

towards improper joinder, Defendants have had notice of Plaintiffs' separate and individual causes of action for more than four years, and Plaintiffs gave Defendants further notice of their intention to pursue their individual claims by timely filing "Sworn Statements" in a direct attempt to comply with PTO 63.   Further, Plaintiffs sought advice from the PSC about the actual meaning of individual lawsuits due to the apparent instruction of the order to require that all Plaintiffs be named individually, rather than be made part of a short form joinder to a master complaint that the court wanted to dismiss.   Plaintiffs were advised by the PSC that if they were individually identified in a previous suit, there were no further lawsuits required.   A great deal of evidence stands ready to be presented in support of these claims and an inadvertent mistake of fact by counsel should not preclude their likely recovery.   Furthermore, Plaintiffs have requested leave of court to cure any defects and allow their claims to proceed.

WHEREFORE, Plaintiffs respectfully request that their motion for leave to re-file separate and amending petitions be granted.

Respectfully submitted,

**FRANK J. D'AMICO, JR., APLC**

s/Frank J. D'Amico Jr
Frank J. D'Amico, Jr.(#17519)
4608 Rye Street
Metairie, Louisiana 70006
Telephone: (504) 525-7272
Telecopier: (504) 525-9522
Attorneys for Plaintiffs

AND

**LINDSAY & LINDSAY, P.A.**

s/Heather F. Lindsay_____
Heather F. Lindsay, (#073441)
5218 Willing Street
Milton Florida 32570
Telephone: (850) 623-3200
Facsimile: (850) 623-0104
Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd of September, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

____s/Frank J. D'Amico Jr_____
**FRANK J. D'AMICO, JR.**