UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig, "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| This Document Relates to:<br>2:13-cv-02879-CJB-JCW<br>2:13-cv-01822-CJB-JCW<br>2:13-cv-01802-CJB-JCW | MAGISTRATE JUDGE WILKONSON |

## MEMORANDUM OF PLAINTIFFS IN REPLY TO BP'S OMNIBUS RESPONSE REGARDING MOTIONS TO RECONSIDER AND AMEND

Plaintiffs[1] submit this Memorandum replying to the Omnibus Response of BP[2], and request the Court to (a) grant their Motions to Amend [3] and (b) order that their claims are in compliance with Pre-Trial Order Document 63. Plaintiffs respectfully represent as follows:

**LEAVE TO AMEND AND REINSTATEMENT OF PLAINTIFFS' CLAIMS IS REQUIRED BY THE FEDERAL RULES**

Plaintiffs submit that the lawsuits pending in this matter on their behalf completely and fully state claims on which relief may be granted and comply with all provisions of the Federal

---

[1] Plaintiffs are as follows: James Bryant; Henry Jenkins; Steven Burke; Willie Richardson; Nathan S. Southern; Marion G. Barefoot; Baron Buskell; Johnnie Clopton; Tommy Tripp; Richard Woods; John Burrus; Sarah Graham; Max Murray; Kimberly DeAgano, Kimberly DeAgano obo Dereck J. DeAgano, Ted DeAgano, Jr. & Kewith Keaghey.

[2] (Record Document 23378).

[3] (Record Documents 23336, 23438, 23439).

Rules of Civil Procedure, including joinder. Plaintiffs each filed lawsuits in conformance with precedent regarding joinder established in class action matters before Chief Judge Kurt Engelhardt. No motion for misjoinder or improper joinder has at any time been filed as to Plaintiffs' individual lawsuits.

After the Court issued Pre-trial Order 63, Plaintiffs and the Plaintiffs' Steering Committee took the position that Plaintiff's lawsuits comply with joinder requirements of Pre-Trial Order 63. However, BP took the opposite position. BP's sole complaint about Plaintiffs' lawsuits is that Plaintiffs each filed deficient Complaints by allegedly improperly joining more than one plaintiff in each Complaint. BP does not question the fact that Plaintiffs fully and completely complied with all other requirements of Pre-Trial Order 63 regarding filing and service of questionnaires and sworn statements. Plaintiffs each timely filed complete questionnaires and sworn statements in full compliance with requirements of Pre-Trial Order 63.

The Court accepted BP's position regarding the joinder of multiple plaintiffs, even though such joinder was in reliance on precedent regarding such joinder from Chief Judge Kurt Engelhardt and in reliance on the Plaintiffs' Steering Committee. The Court ruled that Plaintiffs failed the requirements of Pre-Trial 63 and stated:

"IT IS FURTHER ORDERED that the 173 plaintiffs listed in EXHIBIT 2 are deemed to be non-compliant with PTO 63. The BP claims of the plaintiffs list in EXHIBIT 2 are DISMISSED WITH PREJUDICE." Document 23047 – Filed 07 7/18/17

The Court's dismissal order grants no opportunity whatsoever for Plaintiffs to amend. After the Court ordered dismissal of Plaintiffs' claims, plaintiffs (1) moved for reconsideration; and (2) additionally moved the Court to permit them to amend by separating their joined lawsuits so that only one plaintiff would be present in each lawsuit. Plaintiffs moved the Court for Leave

2

to so amend separating their lawsuits even though BP at no time filed any misjoinder motion at any time. Although BP's Omnibus Response indicates that the Court should not grant Plaintiffs any opportunity to amend, Plaintiffs submit that BP's response is incorrect and Plaintiffs respectfully represent that it would be an abuse of discretion to deny Plaintiffs' request to amend.

> Rule 15 of the Federal Rules provides:
>
> (a) Amendments Before Trial.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent of the court's leave. The court should freely give leave when justice so requires.

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely granted. Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also *Foman v. Davis*, 371 U.S. 178, 182, 83, S. Ct. 227, 9 L.ED.2d 222 (1962). The Supreme Court, in its opinion in *Foman v. Davis*, explained the standard which is to be employed under Rule 15(a) by the district courts:

> If the underlying facts of circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require be "freely given."

371 U.S. at 182, 83 S. Ct. at 230 (per Goldberg, J.).

The "usual practice" when a motion to dismiss is granted is to permit amendment of the complaint. See *Special Situations Fund III QP, L.P. v. Deloitte Touched Tohmatsu CPA, Ltd.*, 33 F.Supp.3d 401, 446-47 (S.D.N.Y. 2017); *Ronzani v. Sanofi S.A.*, 899 F. 2d 195, 198 (2D Cir. 1990))(finding the district court abused its discretion in dismissing the complaint without granting leave to amend where the plaintiff "had not previously been given leave to amend" – although the original complaint was amended once pursuant to Rule 15(a) as a matter of course;

3

the court stated: "where the possibility exists that the defect can be cured, leave to amend at least once should normally be granted unless doing so would prejudice the defendant.") *See also Laborers Local 17 Health and Ben. Fund v. Phillip Morris, Inc.,* 26 F.Supp.2d 593, 605 (S.D.N.Y. 1998) (citing *Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 253, (2d Cir. 1991)); *(Luce v. Edelstein,* 802 F.2d 49, 56 (2d Cir. 1986) ("Complaints dismissed under Rule 9(b) are almost always dismissed with leave to amend.")); *Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC,* 797 F.3d 160, 189-90 (2d Cir.2015) (concluding the "district court exceeded the bounds of its discretion in denying Plaintiffs leave to amend their complaint" since an amended complaint "may cure the remaining defects" identified by the Court); *Anderson v. American Oil Co. of Baltimore, Md.,* 60 F.R.D. 676, 679 (S.D. Ga. 1973), (court must have reason for refusing to permit amendment); *Neighborhood Development Corp v. Advisory Council on Historic Preservation, Dept. of Housing and Urban Development, City of Louisville,* 632 F.2d 21 (6th Cir. 1980)) improper to deny plaintiffs' motion for leave to amend); *Espey v. Wainwright,* 734 F.2d 748 (11th Cir. 1984) (even though district court has discretion whether to grant leave to amend, in the absence of a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial of leave to amend).

Accordingly Plaintiffs respectfully represent that it would be abuse of discretion to deny leave to amend. Plaintiffs request that they be granted leave to amend and that the Court order that Plaintiffs are in compliance with Pre-Trial Order 63.

## LEAVE TO AMEND AND REINSTATEMENT OF PLAINTIFFS CLAIMS IS REQUIRED BY APPLICABLE CONSTITUTIONAL PRINCIPLES

BP's response further takes the position that certain other plaintiffs have complied with Pre-Trial Order 63 sufficiently that their claims should not be dismissed ("The Surviving

4

Plaintiffs"). As to The Surviving Plaintiffs, the Court accepted BP's position that the plaintiffs sufficiently complied with Pre-Trial Order 63. See Record Document 23047.

In addition to arguing for definitive dismissal of the instant Plaintiffs who admittedly complied with all questionnaire and sworn statement requirements, the Court's order permitting The Surviving Plaintiffs to proceed with their lawsuits, while dismissing the instant Plaintiffs' lawsuits affects the instant Plaintiffs' fundamental right to access to courts. The right to access to the courts is a fundamental right entitled to constitutional protection.

Government conduct challenged as violating equal protection is subject to heightened scrutiny if it burdens a fundamental right or makes a suspect classification. See, *e.g., Kadrmas v. Dickson Pub. Schs.*, 487 U.S. 450- 457 (1988). When challenged governmental action neither burdens a fundamental right nor makes a suspect classification, rational basis scrutiny is applied. *See, e.g., Vacco v. Quill,* 521 U.S. 793, 799 (1997).

Plaintiffs submit that it is error to treat differently The Surviving Plaintiffs while dismissing the instant Plaintiffs' claims, without opportunity to amend, either under heightened or mere rational basis scrutiny. The instant Plaintiffs further submit that in light of the fact that their right of access to the courts is implicated, scrutiny in this matter should be heightened. *M.L.B. v. S.L.J.,* 519 U.S. 102, 117 s. Ct. 555, 136 L. Ed. 2d 473 (1996) 519 U.S. 102 (1996) (examining "the Court's decisions concerning access to judicial processes"); *Bounds v. Smith,* 430 U.S. 817, 821 (1977) (stating that the Court previously recognized the right of access to the courts); *Lewis v. Casey,* 518 U.S. 343, 350 (1996). ("The right that *Bounds* acknowledged was the (already well-established) right of access to the courts."); See also, *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Johnson v. Avery,* 393 U.S. 483 (1969).

The instant Plaintiffs respectfully submit that they are similarly situated to The Surviving Plaintiffs whose lawsuits are being permitted to continue. The instant Plaintiffs complied with Pre-Trial Order 63 to at least the same extent as The Surviving Plaintiffs who are being permitted to proceed with their claims. Denial of Plaintiffs' access to the courts and rejection of their request to amend, while maintaining claims of The Surviving Plaintiffs who are similarly situated, would violate the Equal Protection Clause.

There is no rational basis distinguishing the instant Plaintiffs' lawsuits from those of The Surviving Plaintiffs who are being permitted to proceed, much less a basis sufficient to satisfy the strict scrutiny standard applicable when the fundamental right to access to the courts is at issue.

**CONCLUSION**

The instant Plaintiffs submit that the order which they request complies with the applicable requirement that the Court freely grant leave to amend when amendment will cure deficiencies and satisfies requirements of the Equal Protection Clause with respect to the fundamental right of access to the courts.

Accordingly, the instant Plaintiffs request the Court to grant their request to amend and order that are in compliance with Pre-Trial Order 63 and order that the instant Plaintiffs' opt out claims may proceed, thereby treating the instant Plaintiffs similarly to The Surviving Plaintiffs.

Respectfully submitted,

**FRANK J. D'AMICO, JR., APLC**

Frank J. D'Amico, Esq. (#17519)
LAW OFFICES OF FRANK J. D'AMICO, JR.
4608 Rye Street
Metairie, Louisiana  700006
Telephone:  504-525-7272
Facsimile:  504-525-9522
Email:  frank@damicolaw.net

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participant.

/s/Frank J. D'Amico
FRANK J. D'AMICO, #17519

7