# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § § | MDL No. 2179 |
| This Document relates to: SERGIO VALDIVIESO | § § § | CIVIL ACTION NUMBER 2:12-cv-02004-CJB-SS SECTION "J" |
| VERSUS | § § | |
| SOUTHERN CAT, INC., EASTERN RESEARCH GROUP, INC., BP PL BP PRODUCTS NORTH AMERICA, INC., and BP AMERICA, INC. | § § § § | JUDGE BARBIER MAG. JUDGE WILKINSON |

## SERGIO VALDIVIESO'S REPLY TO BP'S RESPONSE TO MOTIONS FOR RECONSIDERATION OF THE COURT'S PTO 63 COMPLIANCE ORDER

Comes Now Sergio Valdivieso, Plaintiff/claimant in this matter, and files this his brief Reply to BP's Response to Motions for Reconsideration of the Court's PTO 63 Compliance Order ("BP's Response"), respectfully submitting as follows.

In BP's Response, it admits that as follows:

"BP was timely served with sworn statement by [Mr. Valdivieso]. As a result, in preparing the compliance list required by the Court, BP treated [Mr. Valdivieso] as having substantially complied with PTO 63."

(See page 6 of BP's Response.) We agree, and like BP believe and calculate that Valdivieso had timely complied, so was properly described as being "in compliance" on the Compliance List prepared by BP and submitted to the Court.

Later in BP's Response, it stated: "<u>although BP identified [Mr. Valdivieso] as materially compliant with PTO 63</u>(underlining added) because [he] timely served [his] sworn statements on BP", BP then contends that Valdivieso did not timely "*file* his sworn statement with the Court (see footnote 13 in BP's Response, pages 16 and 17.) That distinction, technical though it is, was

1

EXHIBIT A

not known by Mr. Valdivieso or his counsel, but has since been remedied; Mr. Valdivieso now has "*filed*" the sworn statement with the Court, in addition to having previously served it upon BP. (See Exhibit A, proof of filing).

In addition to being a very technical argument, BP in its filing of its Compliance List with the Court essentially concedes that Mr. Valdivieso is in substantial compliance, and here we should look to substance over form. *See Mylett v. Mullican*, 992 F.2d 1347, 1352 (5th Cir. 1993) (courts should be "[m]indful of the priority of substance over form."); *see also Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347 (2014) (demonstrating a preference for substance over form with respect to procedural matters by holding that a §1983 claim was asserted, although the statute was never actually cited in the plaintiff's petition).

In addition, it is obvious that the "mis-filing" (if it can even be called that) would constitute at most a clerical error, which now has been corrected, and that no party has been prejudiced by serving it timely on BP, but not filing it with the Court, a point essentially conceded by BP when it filed its good faith Compliance List. *See National Labor Relations Board v. East Texas Steel Castings Co., Inc.*, 211 F.2d 813, 815 (5th Cir. 1954) (Clerical error in naming employer in original charge of unfair labor practices was cured by filing amended charge correcting the error, and did not affect the jurisdiction of National Labor Relations Board, in the absence of a showing that employer was misled or prejudiced by such error); *Hunter v. Balboa Ins. Group*, No. 07-4655, 2009 WL 116987, *2 (E.D. La. Jan. 15, 2009) (denying defendants' motion in limine where the plaintiffs' failure to provide required disclosures was a result of a clerical error, and plaintiffs took steps to remedy the deficiency, which lessened any prejudice defendants may have experienced).

2

Moreover, Mr. Valdivieso exercised his own good faith in attempting to comply timely and fully with PTO 63. *See Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118, 121-22 (5th Cir. 1967) (holding trial court abused its discretion in dismissing complaint because of failure to comply with discovery order where plaintiff made good faith efforts to comply with order). "The Rules are a means- not an end of Justice. In final analysis, a court has a responsibility to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default." *Id.* at 122 (internal quotes omitted).

Finally, Plaintiff/claimant Sergio Valdivieso is a Jones Act seaman, and thus entitled to protection as a "ward of the Admiralty court", such that this Court should protect his improvident or clerical error, and look out for his interests, rather than allowing an adverse party to gain some procedural advantage due to, at most, a clerical error.

In short, the timely serving of Mr. Valdivieso's sworn statement upon BP, but his failure to realize that it *also* needed to be separately filed in the individual case, is a clerical error, now corrected, was served and provided in the good faith belief that it met the requirements of PTO 63, and no party, including but not limited to Emergency Response Group, SWS Environmental Services, nor the BP defendants, have been prejudiced in any way.

Wherefore, premises considered, Sergio Valdivieso asks this Court to find that he has complied with the requirements of PTO 63 and therefore is properly identified among the Exhibit A list of qualifying claimants/plaintiffs, such that the motion to strike or dismiss his claims as incorrectly filed, by Emergency Response Group, Inc. or any other defendant, should be denied.

Respectfully submitted,

THE LANIER LAW FIRM, P.C.

By:_____
    W. MARK LANIER
    State Bar No. 11934600
    CHARLES F. HERD, JR.
    State Bar No. 09504480
    6810 FM 1960 West
    Houston, Texas 77069
    Telephone: (713) 659-5200
    Fax: (713) 659-2204
    Fax: (281) 659-22045
    ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff Sergio **Valdivieso's Reply To BP's Response To Motions For Reconsideration Of The Court's PTO 63 Compliance Order** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of *September, 2017*.

_____
*CHARLES F. HERD, JR.*

4

Case 2:10-md-02179-CJB-JCW   Document 23410   Filed 09/20/17   Page 1 of 6

**Belinda X. Lower**

| | |
|---|---|
| From: | FileAndServeXpress <TransactionReceipt@secure-mail.fileandservexpress.com> |
| Sent: | Tuesday, April 11, 2017 3:06 PM |
| To: | Belinda X. Lower |
| Subject: | Case: 2:12cv02004; Transaction: 60458721 Transaction Receipt |

To: Belinda X Lower
Subject: Transaction Receipt

This email is to confirm receipt of your documents. The transaction option you selected was "Serve Only - Public". The details for this transaction are listed below.

Court:                      LA US District Court Eastern District E-Service-Oil Spill
Case Name:                  Valdivieso, Sergio vs Southern Cat Inc et al
Case Number:                2:12cv02004
Transaction ID:             60458721
Document Title(s):
    PreTrial Order 63 SWS (Valdivieso) (5 pages)
Authorized Date/Time:       Apr 11 2017  3:05PM CDT
Authorizer:                 Charles F Herd
Authorizer's Organization:  Lanier Law Firm-Houston
Sending Parties:
    Valdivieso, Sergio
Served Parties:
    12 parties
Additional Recipients:
    J Langan
    Steven Herman

Thank you for using File & ServeXpress.

Questions? For prompt, courteous assistance please contact File & ServeXpress Client Support by phone at 1-888-529-7587 (24/7).



EXHIBIT A

Case 2:10-md-02179-CJB-JCW Document 23443-1 Filed 09/26/17 Page 6 of 14
Case 2:10-md-02179-CJB-JCW Document 23412-1 Filed 09/21/17 Page 2 of 6

Case 2:10-md-02179-CJB-JCW   Document 23410   Filed 09/20/17   Page 2 of 6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| SERGIO VALDIVIESO | CIVIL ACTION NO. 2:12-cv-02004 |
|---|---|
| V. | SECTION: J |
| SOUTHERN CAT, INC., EASTERN RESEARCH GROUP, INC., BP plc, BP PRODUCTS NORTH AMERICA INC., and BP AMERICA INC | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

## FILING OF SWORN STATEMENT FOR DISCLOSURE OF B3 CLAIMS

Comes now Sergio Valdivieso, Plaintiff, who, pursuant to the Court's Pre-Trial Order No. 63, files the enclosed Exhibit A.

Dated: April 11, 2017

/s/ Charles F. Herd, Jr.
W. MARK LANIER
TBA # 11934600
CHARLES F. HERD, JR.
TBA # 09504480
LAWRENCE P. WILSON
TBA # 21704100
6810 F.M. 1960 West
Houston, Texas 77069
Telephone: 713-659-5200
Fax: 713-659-2204
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the below via File & Serve Express on the above-filed date:

Counsel for BP
Attn: J. Andrew Langan
Kirkland & Ellis, LLP
200 300 North LaSalle St., Suite 2400
Chicago, IL 60654

MDL 2179 Plaintiffs' Steering Committee
Attn: Steve Herman or Jim Roy
The Exchange Centre, Suite
935 Gravier Street
New Orleans, LA 70112

Case 2:10-md-02179-CJB-JCW   Document 23410   Filed 09/20/17   Page 3 of 6

Case 2:10-md-02179-CJB-JCW   Document 22295-1   Filed 02/22/17   Page 1 of 4

# EXHIBIT A

| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*<br>Civil Action No. 10-MD-2179-CJB-SS |||||
|---|---|---|---|---|
| **FORM FOR DISCLOSURES REGARDING REMAINING CLEAN-UP, MEDICAL MONITORING, AND POST-APRIL 20 PERSONAL INJURY CLAIMS, VESSELS OF OPPORTUNITY CHARTER CLAIMS, AND ALL OTHER B3 CLAIMS** |||||
| Last Name<br>Valdivieso | First Name<br>Sergio || Middle Name/Maiden | Suffix |
| Phone Number<br>941-545-9778 ||| E-Mail Address ||
| Current Mailing Address<br>6708 36th Avenue Dr. W ||| City / State / Zip<br>Bradenton, FL 34209 ||
| Employer at Time of Incident<br>Southern Cat ||| Date of Birth<br>1-19-1953 ||
| Attorney Name and Firm<br>Charles Herd<br>The Lanier Law Firm ||| Attorney E-Mail Address<br>CPH@lanierlawfirm.com ||
| All previous addresses where Plaintiff resided from April 2010 to present, including the date ranges Plaintiff resided at each address?<br>Same as above - |||||
| Any prior name used by Plaintiff from April 2010 to present?<br>No - |||||
| The last 4 digits of the Plaintiff's social security number (if individual) or full Tax ID number in the case of a business plaintiff<br>XXX-XX-5364 ||| Business Name (for non-medical, non-personal injury claims) ||

Case 2:10-md-02179-CJB-JCW   Document 23443-1   Filed 09/26/17   Page 8 of 14
Case 2:10-md-02179-CJB-JCW   Document 23412-1   Filed 09/21/17   Page 4 of 16
Case 2:10-md-02179-CJB-JCW   Document 23410   Filed 09/20/17   Page 4 of 6
Case 2:10-md-02179-CJB-JCW   Document 22295-1   Filed 02/22/17   Page 2 of 4

Please indicate your status:

☐ Properly opted out of the Medical Benefits Settlement*

✓ Not a member of the Medical Benefits Settlement Class

☐ Member of the Medical Benefits Settlement Class

Other:_____

*If you opted out, a copy of your valid opt-out form must be included with your service of this Exhibit A.

---

Did you participate in any of the following Response Activities* in response to the *Deepwater Horizon* incident?

☐ Captain, crew, or other worker employed under the Vessels of Opportunity ("VoO") program who performed Response Activities.

☐ Workers employed to perform the decontamination of vessels involved in Response Activities.

✓ Captains, crew, and other workers on vessels other than VoO who performed Response Activities.

☐ Onshore personnel employed to perform Response Activities.

☐ Persons involved in the recovery, transport, and decontamination of wildlife affected by the *Deepwater Horizon* incident.

* Response Activities is defined as the clean-up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the release of oil, other hydrocarbons, and other substances from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances that were done under the auspices of the Unified Command, BP, or a federal, state, or local authority.

---

You are pursuing a claim against at least one B3 Defendant by way of (*select all that apply*):

✓ Previously-Filed Individual Action, Eastern District of Louisiana Case No. 2'12-cv-02004

☐ A New Individual Action (filed because plaintiff previously had only a short-form joinder* on file), Eastern District of Louisiana Case No. _____.

☐ A New Individual Action (filed because plaintiff previously was part of Complaint with more than one plaintiff or a putative class action). List both prior Eastern District of Louisiana Case No. _____ and new Individual Action Case No._____

☐ Other:_____

* A copy of your timely SFJ(s) (and any PPFs) must be included with your service of this Exhibit A.

Case 2:10-md-02179-CJB-JCW    Document 23443-1    Filed 09/26/17    Page 9 of 11
Case 2:10-md-02179-CJB-JCW    Document 23410    Filed 09/20/17    Page 5 of 6
Case 2:10-md-02179-CJB-JCW    Document 22295-1    Filed 02/22/17    Page 3 of 4

You are pursuing a claim against at least one B3 Defendant for (*select all that apply*):

**X** Personal injury or wrongful death arising from circumstances <u>other than</u> alleged exposure to crude oil or dispersants.

If so, describe the alleged injury and identify the location and approximate date of the alleged injury: <u>On or about June 9, 2010 - injured neck, shoulder arm and back while lifting oil absorbing booms in or near Barataria Bay, offshore Grand Isle, Louisiana</u>

Medical monitoring, personal injury, or wrongful death arising from alleged exposure to crude oil or dispersants.

If so, identify the location and approximate date of the alleged exposure: _____

_____

_____

If so, describe the alleged injury and identify the location and approximate date of the alleged injury: _____

_____

Vessels of Opportunity Contract Claim.

Non-Vessels-of-Opportunity Contract Claim Related to the Response.

Other. Please specify: _____

**GCCF Claim:**

Did you, the plaintiff seeking relief, present this claim to the Gulf Coast Claims Facility ("GCCF")?

Yes _____.    No __X__.

If Yes, please identify:

1. The claim number(s) (if available). _____

2. Did you execute a release of your claims upon receiving payment through the GCCF:

Yes _____.    No _____.

Case 2:10-md-02179-CJB-JCW Document 23410 Filed 09/20/17 Page 6 of 6

Case 2:10-md-02179-CJB-JCW  Document 22295-1  Filed 02/22/17  Page 4 of 4

I state under penalty of perjury that the foregoing is true and correct. Executed on the following date at the following location:

Date: 4-6-17, 2017

Location (City and State): Bradenton, Fl

X _____
Signature of Plaintiff (*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf*)


SERGIO VALDIVIESO
Print Name


This Sworn Statement and any supporting information must be filed with the Court and served on both Counsel for BP and the PSC on or before April 12, 2017. Service on Counsel for BP and the PSC can be made via United States mail at the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | Attn: Steven J. Herman |
| Kirkland & Ellis LLP | Herman, Herman, Katz & Cotlar, LLP |
| 300 North LaSalle St, | 820 O'Keefe Avenue |
| Suite 2400 | New Orleans, LA 70113 |
| Chicago IL 60654 | |

Claimants represented by counsel may additionally or alternatively serve the sworn statements and any supporting information upon the PSC and Counsel for BP via File & ServeXpress ("F&S").

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § § | MDL No. 2179 |
| This Document relates to: SERGIO VALDIVIESO | § § § | CIVIL ACTION NUMBER 2:12-cv-02004-CJB-SS SECTION "J" |
| VERSUS | § § | |
| SOUTHERN CAT, INC., EASTERN RESEARCH GROUP, INC., BP PL BP PRODUCTS NORTH AMERICA, INC., and BP AMERICA, INC. | § § § § | JUDGE BARBIER MAG. JUDGE WILKINSON |

## ORDER

Came on for consideration BP's Response to Motions for Reconsideration of the Court's PTO 63 Compliance Order and Plaintiff's Sergio Valdivieso's Reply to such Motion for Reconsideration of the Court's PTO 63 Compliance Order, and the Court, having considered same and the pleadings in this file, finds that the Reply has merit.

It therefore is Ordered that BP's Response to Motions for Reconsideration of the Court's PTO 63 Compliance Order is DENIED as to Sergio Valdivieso, and his claims are and remain "in compliance" with the requirements of PTO 63.

Signed this _____ day of _____, 2017.

_____
CARL J. BARBIER
United States District Judge