UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL 2179<br><br>SECTION "J" |
| This Document Relates to:<br>Nos. 2:11-cv-00916 and 2:10-md-2179 | JUDGE BARBIER<br>MAG. WILKINSON |

### PLAINTIFF'S EX PARTE MOTION AND INCORPORATED MEMORANDUM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 67 FOR LEAVE TO DEPOSIT FUNDS INTO THE COURT'S REGISTRY

**NOW INTO COURT,** come Martzell, Bickford & Centola, APC, David Landry, Esq. and King, Krebs & Jurgens, P.L.L.C. (hereinafter "Special Counsel"), who, pursuant to Rule 67 of the Federal Rules of Civil Procedure, request that this Court enter an Order granting Special Counsel leave to deposit the principal amount of $5,750,000.00, plus accrued interest of $5,752.75 (sometimes referred to as the "Disputed Funds") into the Court's registry. Service is made on all Parties.

### BACKGROUND

In 2011, the Plaquemines Parish Council approved a resolution calling for the hiring of Special Counsel which contract was entered between the President of Plaquemines Parish and Special Counsel. The Agreement for Professional Legal Services contract (Contingency Agreement) called upon Special Counsel to represent the Plaquemines Parish Government (PPG) in the Deepwater Horizon/ BP litigation, Special Counsel were successful in negotiating a very advantageous settlement of the BP litigation. The settlement was approved by the Plaquemines Parish Council and memorialized in a settlement agreement signed and dated June 8, 2017. Under

{N1375813 -}

the terms of the Settlement Agreement, PPG will receive the total sum of $45,000,000, with $25,000,000 being paid in 2017 ($15,000,000 on August 1, 2017, and $10,000,000 on October 15, 2017). PPG will receive successive annual payments of $5,000,000 over the next four years beginning in 2018.

On August 1, 2017, Special Counsel received the first installment of $15,000,000 of the $45,000,000 from BP into its trust account pursuant to the terms of the Settlement Agreement. Pursuant to the terms of the Contingency Fee Agreement, Special Counsel requested that PPG allow Special Counsel to retain its earned fee of $5,757,000.00[1] as well as the out-of-pocket costs fronted by Special Counsel.

PPG instead directed that the fee amount of $5,757,000.00 and the approximately $600,000.00 in held costs expended by Special Counsel be retained in the trust account of Special Counsel, which direction Special Counsel has complied with. PPG was sent the balance of the initial $15,000,000 payment.

PPG and Special Counsel have also recently agreed on costs due under the Contingency Fee Agreement and PPG has consented to Special Counsel recouping the amount of $661,836.04 which represents Special Counsel's costs. However, PPG has still declined to allow Special Counsel to recover the fees. The PPG contends that the long-time contract between Special Counsel and Plaquemines Parish Government is invalid.

On August 15, 2017, after numerous attempts at amicably resolving the matter with the Parish President and Parish Attorney, Special Counsel filed a Motion for Attorneys' Fees and Costs. (Doc. 23266). The Attorney Fee Motion is presently pending before this Court. The Parish

---

[1] Based on 15% of the first $25,000,000 due under the $45,000,000 Settlement and 10% of the remaining $20,000,000, as provided for in the Contingency Agreement

{N1375813 -}

discharged Special Counsel on August 18, 2017. On September 5, 2017, Special Counsel filed a Motion to Intervene and proposed Complaint of Intervention. (Doc 23344 and 23344-1.) The Motion to Intervene is also presently pending before this Court.

It is Special Counsel's intention to obtain this Court's determination of the validity of the Contingency Fee Agreement, or, in the alternative, a declaration of Special Counsel's right to recovery via *quantum meruit*, through summary disposition.

In the meantime, Special Counsel remains in possession of the Disputed Funds. Therefore, Special Counsel, in accordance with Federal Rule 67, wishes to deposit the Disputed Funds into the Registry of the Court subject to this Court's further Order(s).

Accordingly, Special Counsel moves this Court for leave it to deposit the Disputed Funds into the registry of the Court.

Respectfully Submitted,

*/s/Scott R. Bickford*
**SCOTT R. BICKFORD, T. A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**SPENCER R. DOODY (#27795)**
**MARTZELL, BICKFORD & CENTOLA**
usdcedla@mbfirm.com
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065 Telephone
(504) 581-7635 Fax

*/s/Henry King*
**HENRY A. KING (#7393)**
**MICHAEL L. VINCENZO (#23965)**
**King, Krebs & Jurgens, PLLC**
hking@kingkrebs.com
mvincenzo@kingkrebs.com
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
504-582-3800 Telephone
504-582-1233 Fax

{N1375813 -}

        AND

*/s/David Landry*
**DAVID L. LANDRY (#7978)**
**The Law Office of David L. Landry**
Dlandry4393@gmail.com
1214 Parasol Place
Pensacola, Florida 32507
(850) 492-7240

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Fees and Costs was served electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of September, 2017. Copies are also being transmitted via certified mail to the following:

Peter A. Barbee, Esq.
Parish Attorney
Plaquemines Parish Government
8056 Hwy 23, Suite 200
Belle Chasse, LA 70037

        */s/Scott R. Bickford*
        SCOTT R. BICKFORD

{N1375813 -}