UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: | * | |
| MDL 2179 and 2:13-cv-02029 | * | MAG. JUDGE WILKINSON |

**************************************

**RELEASED FISHERMEN'S REPLY MEMORANDUM IN RESPONSE
TO BP'S RESPONSE IN OPPOSITION [REC. DOC. 23379]**

MAY IT PLEASE THE COURT:

On April 20, 2013, commercial fishermen who signed a GCCF Release prior to the BP Economic and Property Damage Settlement, and who presented to BP and filed short form joinders, filed a class action complaint challenging the validity of those releases, subject to the Court's stay order. *Dardar, et al v. BP Exploration & Production, Inc., et al*, 2:13-CV-02029. There were four named class representatives: Russel Dardar, Efram Naquin, Trung Tuan Hoang, and Thoa Dinh Nguyen.

On March 29, 2016, the Court entered PTO 60, which required "plaintiffs who have timely filed a claim in the B1 pleading bundle and who **have not** released their claim(s) to date" to file a separate Complaint by May 2, 2016, or face dismissal. (Rec. Doc. 16050 at 2.)  On April 25, 2016, before PTO 60's filing deadline passed, undersigned sought reconsideration of the entirety of PTO 60.  (Rec. Doc. 16443, incorporated herein by reference.)  While reconsideration

was denied, the motion is notable here for spelling out the understanding that PTO 60 did not apply to the GCCF Released fishermen or their class complaint.

Subsequently, the Court issued PTO 64, which directed all claimants with a general maritime law claim to file and serve a Sworn Statement.  As the challenge to the validity of the GCCF releases is a matter of general maritime law, the putative class representatives, and about 190 individuals who wished to join the class action suit, submitted Sworn Statements referencing *Dardar, et al v. BP Exploration & Production, Inc., et al*, 2:13-CV-02029.

BP was directed to submit lists of claimants who it felt were not compliant with either PTO 60 or 64, to be filed *in camera*.  (Rec. Doc. 22297.)  On July 19, 2017, without receiving any notice that BP requested the dismissal of the putative class representatives' claims, the Court dismissed same as compliant with PTO 64, *but not PTO 60*.[1]  (Rec. Doc. 23051-3.)  Apparently BP did not disclose to the Court that there were at least 190 other released fishermen who complied with PTO 64 and identified the class action as their lawsuit.  The putative class representatives filed a Motion for Reconsideration on July 28, 2017, individually and on behalf of the other fishermen who listed the 2013 class action in their PTO 64 forms. (Rec. Doc. 23091.)  BP filed an Omnibus Opposition (Rec. Doc. 23379) to all of the motions for reconsideration that were filed.  This Reply addresses BP's opposition to reconsideration.

Though BP excluded fishermen who signed GCCF releases from participating in the Court Supervised Settlement Program ("CSSP"), BP argues that the *filing* of the class action lawsuit somehow transformed class members into non-released parties, subject to PTO 60.

---

[1] Exhibit 3 to the July 19 Order lists the names of the putative class representatives, but not the 190 other individuals who listed the GCCF Released class complaint as the basis of their Sworn Statements asserting a GML claim. To the extent that PTO 60 would be considered to apply *and* to encompass the dismissal of the 2013 class complaint, this filing should be construed as covering the putative class representatives and others similarly situated.

Alternatively, BP argues that if the GCCF Released Fishermen were excluded from PTO 60, as alleged, then "they have already conceded that their claims should be dismissed based on those releases." (Rec. Doc. 23379 at 12.) BP is incorrect. The fishermen's claims were certainly, and improperly, released - which is why they filed suit to have the GCCF releases set aside.

Far from being "a remarkable about-face" (*id.* at 11), the putative class member's position has been consistent. As stated in the class definition, all Released Fishermen signed GCCF releases. Throughout the class complaint and in the prayer for relief, the putative class is referred to as "Released Plaintiffs" or "Released Parties" who sought to have the release invalidated. (2:13-cv-02029, Rec. Doc. 1.) The fact that the Released Fisherman sued to invalidate their GCCF releases in whole or in part does not, by that fact alone, change their status as released. And until a court judgment sets aside the release, their status remains that of a released party, unable to participate in BP's Settlement Agreement. Because no such judgment existed on the merits of Plaintiffs' claims prior to March 29, 2016 - when PTO 60 was entered - PTO 60 did not apply to the Released Fishermen by its own terms.

While understanding their current status, GCCF Released Fishermen do not "concede that their claims should be dismissed," as evidenced by the fact that they filed a lawsuit to fight that very status. BP has never provided evidence to demonstrate that the GCCF releases were in fact actually signed by the fishermen, were properly obtained, without deception or coercion, and with a full understanding of rights, and that the consideration given was sufficient to support the release of rights from these protected maritime wards of the court. *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 248, 63 S.Ct. 246, 248 (1942). Of course, these are the central allegations in Plaintiffs' timely filed class action suit.

As evidenced by undersigned's request for reconsideration filed prior to the PTO 60 filing deadline (i.e. this is not an understanding conveniently generated only after Plaintiffs' cases were dismissed), what the Court meant in PTO 60 by those "who **have not** released their claim(s) to date" was unduly vague as applied to this specific situation, if in fact the Court intended PTO 60 to apply to them. The Order dismissing the claims of these B1 claimants (Rec. Doc. 23051) does not give this limited category of claimants fair notice, and thus violates procedural and substantive due process.

Because PTO 60 did not apply to Released Fishermen, the putative class representatives who were included in Exhibit 3 and dismissed, including Russell Dardar (who had no case number associated with his name), pray that this Court revise its Order to exclude the putative class representatives, including Russel Dardar, and any others who listed 2:13-CV-02029 as the basis of their claim from the list of claimants dismissed. As it stands, there remains a class action with 190 identified members, but no class representatives. In the alternative, to the extent that it *was* the Court's intention to have those who wish to challenge their GCCF release file individual complaints, then those Released Fishermen should be given a fair opportunity to comply with PTO 60, without waiving their right to appeal any order dismissing their class action.

    Respectfully submitted,

    */s/ Clay Garside*

    Clay Garside (LA Bar # 29873)
    Waltzer Wiygul & Garside, LLC
    14399 Chef Menteur Highway, Ste D
    New Orleans, LA 70129
    clay@wwglaw.com
    Tele:   (504) 254-4400
    Fax:    (504) 254-1112

[SIGNATURE BLOCK CONTINUED ON THE NEXT PAGE]

Robert Wiygul (LA Bar # 17411)
Waltzer Wiygul & Garside, LLC
1011 Iberville Drive
Ocean Springs, MS 39564
robert@wwglaw.com
Tel: (228) 872-1125
Fax: (228) 872-1128

Joel Waltzer (LA Bar # 19268)
Waltzer Wiygul & Garside, LLC
1000 Behrman Highway
Gretna, LA 70056
joel@wwglaw.com
Tel: (504) 340-6300
Fax: (504) 340-6330

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of September, 2017.

                                                              /s/ Clay Garside