IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL No. 2179  SECTION "J" |
| This Document Relates To: | * * | JUDGE BARBIER |
| No. 12-970, Bon Secour Fisheries, Inc., et al., v. BP Exploration & Production Inc. et al. | * * * * | MAGISTRATE JUDGE WILKINSON |

CLAIMANTS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE CLAIMS MATERIALS UNDER SEAL

Claimant ID 100230771, Claimant ID 100227279, and Claimant ID 100294503 (collectively, "Claimants"), and through their attorneys, seek leave to file under seal the record of their Claims in the Court-Supervised Settlement Program.[1]  Claimants currently have an appeal pending before the U.S. Court of Appeals for the Fifth Circuit, which has been consolidated with other appeals from this Court's orders pertaining to implementation of *In re: Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017), *reh'g denied,* No. 15-30377, 2017 WL 2674235 (5th Cir. June 21, 2017) (the "495 Opinion").  The Fifth Circuit has directed the parties to these appeals to cooperate in preparing a joint designation of record in Fifth Cir. No. 17-30727.  Docketing these materials will assist both the parties and the Fifth Circuit the by ensuring that the full record of the Claims is available to the appellate court.  The record of these Claims, however, contains confidential personal and financial information which could harm Claimants if disclosed.  Accordingly, any filing must be under seal to preserve the confidentiality of the materials.

---

[1] Unless otherwise specified, terms with initial capital letters in this memorandum have the same meaning ascribed to those terms in the *Deepwater Horizon* Economic and Property Damages Settlement Agreement As Amended on May 2, 2012 (hereinafter the "Agreement").

1

## BACKGROUND

Claimants have taken appeals to Fifth Circuit from this Court's (1) August 10, 2017 Order [As to Motions to Reconsider, Etc., Orders Implementing the Policy 495 Opinion] (Rec. Doc. 23252), which denied Claimants' August 2, 2017 Motion to Alter or Amend the Court's Final Order Regarding Policy 495 in Order to Afford Claimants the Relief Required by the Fifth Circuit's 495 Opinion (Rec. Doc. 23139), together with all rulings, findings, and determinations adverse to Claimants embodied therein; (2) July 5, 2017 Order [Implementing Fifth Circuit Opinion Re Policy 495] (Rec. Doc. 23003); (3) June 13, 2017 Interim Order [Implementing Fifth Circuit Opinion Re Policy 495 with Respect to Discretionary Review Claims] (Rec. Doc. and 22935); and (4) May 25, 2017 Interim Order [Implementing Fifth Circuit Opinion Re Policy 495] (Rec. Doc. 22872).

## DISCUSSION

Pursuant to the Agreement and relevant procedures, Claimants' CSSP materials have not been placed on the Court's docket. Under the circumstances of these Claims, filing materials on the docket would assist the Clerk of Court in compiling a record on appeal, as well as ensure that a full presentation of the relevant materials and issues considered is available to the appellate court.

The documentation submitted in support of Claims, however, includes confidential personal and financial information about both the Claimants themselves and their business. Such information is protected from disclosure by orders of this Court and the terms of the Agreement. *See* Rec. Doc. 6573 & 6822; Agreement, Section 4.4.1; *see also* Rec. Doc. 12591 & 13000. As an initial matter, this Court's May 22, 2012 Order Regarding Settlement Implementation directed that all "Claims Information" is "deemed 'confidential' under Pre-Trial Order No. 13." *See* Rec. Doc.

2

6573 ¶ 4.[2]  Additionally, this Court's June 29, 2012, Order [Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement] (Rec. Doc. 6822) retains prior limits on, and further addresses, confidentiality of claims materials.  *See* Rec. Doc. 6822 (stating, among other things, that "All Claims Information [as defined in the Order] shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court"); *see also* Agreement, Section 4.4.1 (directing, in the context of the Transition Process, that all claims-related information and data "shall be treated by the Settlement Program and the Parties and counsel as 'confidential' under Pre-Trial Order No. 13").

These Orders, and the Agreement's restrictions on disclosure of claims-related materials and information serve an important function in protecting Claimants and implementing the Agreement.  Without assurances that sensitive information, such as social security numbers, business records, and other materials required in support of a Claim, would be protected from disclosure, Claimants would be reluctant to participate in the Settlement Program.  *Cf. Lewis v. Am. Honda Motor Co., Inc.*, CIV. A. 90-4384, 1991 WL 211580 (E.D. La. Oct. 4, 1991) (granting protective order because disclosure of "competitively sensitive data could certainly result in economic hardship").  Public disclosure of the record of Claims could expose Claimants to the risk of identity theft or competitive disadvantage, and would unduly infringe on Claimant's privacy by making public detailed financial records and personal information.  Here, permission to file under seal is appropriate and necessary to protect and avoid unduly burdening Claimants and facilitate judicial review of their appeals. *Compare Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984) (recognizing the potential for abuse of information obtained in litigation); *Phillips ex rel. Estates*

---

[2] For purposes of this Order, the term "Claims Information" encompasses all "claims-related information and data."  *See id.* ¶ 3.

3

of *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (explaining that "Rule 26(c) authorizes the district court to issue "*any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden"). *See also Reichert v. Starring*, No. CIV.A. 11-2171, 2011 WL 4404117, at *1-2 (E.D. La. Sept. 21, 2011) (allowing exhibits containing proprietary information to be filed under seal); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. CIV. A. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (ordering that an "exhibit contain[ing] sensitive and proprietary financial information" be placed and maintained under seal). Claimants therefore respectfully request that the Court grant leave to file under seal the relevant materials that are available to the Court and the CSSP through the Settlement Program, and that the Court maintain these materials under seal.

## CONCLUSION

For the reasons set forth above, Claimants respectfully request that this Court grant their motion and enter an Order directing that they may file under seal the relevant materials from their CSSP Claims.

October 4, 2017                                    Respectfully submitted,

                                        By:   /s/ Matthew D. Camm
                                              Matthew D. Camm, Esq. (LA Bar # 35692)
                                              Joseph F. Rice, Esq.
                                              Kevin R. Dean, Esq.
                                              John A. Baden, IV, Esq.
                                              Frederick C. Baker, Esq.
                                              Lisa M. Saltzburg, Esq.
                                              28 Bridgeside Blvd.
                                              Mount Pleasant, SC 29464
                                              Phone: (843)-216-9000
                                              Fax: (843) 216-9450
                                              mcamm@motleyrice.com
                                              jrice@motleyrice.com
                                              kdean@motleyrice.com

                                        jbaden@motleyrice.com
                                        fbaker@motleyrice.com
                                        lsaltzburg@motleyrice.com

                                        *ATTORNEYS FOR CLAIMANT IDS*
                                        100230771, 100227279, and 100294503

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of October, 2017.

      /s/ *Kevin R. Dean*
      Kevin R. Dean