IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 (10-md-2179) SECTION J |
| This document relates to: Case No. 2:11-cv-916 Parish of Plaquemines v. BP PLC, et al. | * * * * * * * | Honorable CARL J. BARBIER Magistrate Judge WILKINSON |

## RESPONSE TO BP'S MOTION FOR LEAVE TO DEPOSIT FUNDS

Martzell, Bickford & Centola, APC; David Landry, Esq.; and King, Krebs & Jurgens, PLLC ("Special Counsel"), through their undersigned counsel, respectfully submit this response in support of BP's Motion for Leave to Deposit Disputed Settlement Funds with Registry of Court (the "BP Motion"), Doc. No. 23458.

As explained more fully in Special Counsel's Motion for Fees and Costs, *see* Doc. No. 23266, Special Counsel represented Plaquemines Parish (the "Parish") in its claims against BP and other parties arising out of the *Deepwater Horizon* oil spill, pursuant to a contract with the Parish specifying a contingent fee and that Special Counsel would advance all costs of the litigation. After six years, Special Counsel successfully negotiated a $45 million settlement of the Parish's claims.[1] Under the terms of the Agreement for Professional Legal Services between Special Counsel and the Parish, Special Counsel are entitled to a fee amounting to 15% of the first $25 million plus 10% of the remaining $20 million (a total contractual fee of $5.75 million), plus repayment of

---

[1] The settlement agreement called for an initial payment of $15 million on August 1, 2017, followed by a $10 million payment on October 15, 2017, and payment of the remaining $20 million over the next four years. The settlement agreement further provided that the payments would be made to the Martzell & Bickford law firm.

costs advanced by Special Counsel. However, the Parish has recently taken the position that this particular contingency-fee agreement is not enforceable and has objected to Special Counsel collecting their contractual contingency fee.[2] The Parish also has not agreed to repay the costs advanced by Special Counsel.

Special Counsel initially retained $5.75 million out of the first $15 million payment to cover the fees due to them under the contingency-fee agreement. Once the dispute with the Parish arose, Special Counsel sought leave to deposit this amount (plus interest) into the registry of the Court pending resolution of the dispute, which was granted. *See* Doc. Nos. 23444 & 23450. With the second installment payment of $10 million quickly coming due, BP has requested leave to deposit that amount into the registry of the Court as well. Because Special Counsel have a potential claim to at least a substantial portion of those funds, the Court should grant BP's motion and accept the funds pending a determination of the amount that is owed to Special Counsel.

Once again, the Parish recently has taken the position that its contingency-fee agreement with Special Counsel is not enforceable, though it does not dispute that Special Counsel's efforts produced the $45 million settlement. Assuming the Parish's position is accepted, there will be no fee contract governing Special Counsel's representation of the Parish, and the Court instead will have to make a *quantum meruit* determination of the reasonable fees to which Special Counsel are entitled. Special Counsel submit that, under the traditional factors used by courts to determine the reasonableness of attorney's fees, a *quantum meruit* award likely would exceed the amount that Special Counsel otherwise would be owed under the contingency-fee agreement. *See, e.g.*, *City of Alexandria v. Brown*, 740 F.3d 339, 358 (5th Cir. 2014) ("The Louisiana Supreme Court has

---

[2] There is no dispute that, as a Home Rule Charter Parish, Plaquemines Parish may contract with outside counsel on a contingency-fee basis.

indicated that a court should consider the following factors derived from Rule [of Professional Conduct] 1.5(a) when determining a *quantum meruit* award: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (1) the court's own knowledge.")

For example, this Court previously entered an order presumptively capping attorney's fees at 25% for claimants who settle their claims through the Economic and Property Damages Settlement or the Medical Benefits Settlement. *See* Doc. No. 6684. The Court thus recognized that a fee of up to 25% of an award was within the range of reasonable for claims falling within those settlements. Special Counsel also has observed that 25% fees are very common in contingency-fee agreements involving other firms that have represented parishes and other political subdivisions in *Deepwater Horizon* claims. Special Counsel therefore submit that a *quantum-meruit*-based fee of up to 25% would be reasonable in this case, particularly given the thousands of hours spent by Special Counsel over the six years it took to reach a settlement, and the excellent result that was obtained for the Parish. A fee award of 25% would amount to $11.25 million, approximately $5.5 million more than the amount that is currently on deposit in the Court's registry.[3]

WHEREFORE, Special Counsel respectfully request that the Court grant BP's motion and allow BP to deposit the disputed $10 million settlement payment into the Court's registry.

---

[3] Although there may be some portion of the $10 million payment that is not disputed, Special Counsel suggest that this issue, along with the amount of their reasonable fee, should be determined after the funds have been deposited into the Court's registry and this Court retains jurisdiction over the *res* in dispute.

3

Respectfully submitted,

*/s/ Richard C. Stanley*
Richard C. Stanley, 8487
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, LA 70112
(504) 523-1580  Telephone
(504) 524-0069  Facsimile
rcs@stanleyreuter.com
mjp@stanleyreuter.com

*Counsel for Martzell, Bickford & Centola, APC; King, Krebs & Jurgens, PLLC; and David Landry, Esq.*

Scott R. Bickford, 1165
Lawrence J. Centola, III, 27402
MARTZELL, BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065  Telephone
(504) 581-7635  Facsimile
usdcedla@mbfirm.com

*Counsel for Martzell, Bickford & Centola, APC*

Henry A. King, 7393
Michael L. Vincenzo, 23965
KING, KREBS & JURGENS, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
(504) 582-3800  Telephone
hking@kingkrebs.com
mvincenzo@kingkrebs.com

*Counsel for King, Krebs & Jurgens, PLLC*

David L. Landry, 7978
THE LAW OFFICE OF DAVID L. LANDRY
1214 Parasol Place
Pensacola, FL 32507
(850) 492-7240  Telephone
2landry@cox.net

*Counsel for David Landry, Esq.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of October, 2017.

*/s/ Matthew J. Paul*