## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISINANA

| | | |
|---|---|---|
| In re: Oil spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION:  J |
| | * | JUDGE BARBIER |
| This document relates to: | * | |
| No. 11-cv-00916 | * | MAGISTRATE JUDGE WILKINSON |
| *Parish of Plaquemines v. BP PLC, et al* | * | |

_____

### OPPOSITION OF PLAQUEMINES PARISH GOVERNMENT TO BP'S MOTION FOR LEAVE TO DEPOSIT DISPUTED SETTLEMENT FUNDS WITH REGISTRY OF COURT [R. DOC. 23458]

**MAY IT PLEASE THE COURT**

This matter comes before the Court on BP's Motion seeking to deposit certain settlement funds associated with the second installment payment to Plaquemines Parish Government ("PPG") due to an alleged dispute related to attorney's fees claimed by PPG's former counsel of record.  PPG submits that there can be no "dispute" since the entire amount of the disputed attorney's fees has already been subtracted from BP's first installment payment, and deposited into the Registry of the Court by PPG's former counsel of record.  For those same attorneys to now claim *additional* fees from BP's second installment payment under the sequence of events that leads to the subject Motion constitutes blatant overreaching.  PPG submits that the entire second installment is owed solely to PPG and should be paid directly to PPG, not into the Registry of the Court.

00525512-1

1

## The Timeline

In 2011, the Plaquemines Parish Council issued Ordinance No. 11-77[1] allowing for a PPG prior administration to negotiate a contract of representation with the law firm of Martzel, Bickford and Centola, A.P.L.C. ("MB&C") and attorney, David L. Landry.  Eventually, the law firm of King, Krebs and Jurgens, was added by Ordinance 11-238.[2] These three firms are referred to hereinafter as "Special Counsel."  No mention whatsoever was made of any "contingency fee" in either Ordinance.[3] The jurisprudence makes clear that a legislative body such as the Plaquemines Parish Council must specifically approve a contingency fee agreement for it to be valid.[4]  It is unclear why there is no mention of a contingency fee contract in the Ordinance, since all of these firms were aware of this requirement and had specifically made mention of contingency fee arrangements in prior Ordinances with PPG when these firms represented PPG on a contingency fee basis.  Certainly, these firms were aware of this deficiency as shown by the attached email dated May 24, 2011, by attorney, David Lane, noting that they had failed to include a reference to a contingency fee in the Ordinance.[5]  Accordingly, this was clearly not an oversight.  Therefore, the present PPG administration feels obligated to investigate these unusual circumstances as it remains unclear why this intentional omission occurred and for whose benefit.  Moreover, these circumstances certainly place the legality and enforceability of the contract at issue.

## The First Installment

In April 2017, Plaquemines Parish President, Amos Cormier, met with the "Neutrals" in Plaquemines Parish and settled the claim for $45,000,000.00, payable in installments. The first installment

---

[1]  Exhibit "B" to Rec. Doc. 23266-1to R. Doc. 23266-1
[2]  Exhibit "C" to R. Doc. 23266-1
[3]  Exhibit "B" and "C" to Rec. Do. 23266-1to R. Doc. 23266-1
[4]  *Meredith v. Ieyoub,* 96-1110 (La. 9/9/97), 700 So.2d 478, 481; *Quilio & Associates, Inc. v. Plaquemines Parish Government*, 2005-0803 (La. App. 4 Cir. 5/10/06), 931 So.2d 1129, 1135
[5]  Exhibit No. "1"

of $15,000,000.00 was to be paid on August 1, 2017; the second installment of $10,000,000.00 was to be paid on October 15, 2017; and, PPG was to receive successive annual payments of $5,000,000.00 over the next four years beginning in 2018.

On August 1, 2017, Special Counsel received the first BP installment payment of $15,000,000.00 of the $45,000,000.00 from BP into its Trust Account pursuant to the terms of the Settlement Agreement. The Contingency Fee Agreement allowed fees of 15% of the first $25,000,000.00 and 10% of any amounts in excess of that. Special Counsel then unilaterally advised PPG that it was accelerating its fees due under the Contingency Fee Agreement despite the fact that no such fee acceleration term or requirement existed. This meant if BP defaulted on its obligations, Special Counsel would be paid in full, but PPG, the client, would not. At that time, PPG questioned this, as well as whether the Contingency Fee Agreement was even valid, due to the flawed Ordinances. Nevertheless, so as to avoid litigation and so as to immediately receive the uncontested amount of PPG's remaining share of the first installment, PPG allowed Special Counsel to place the maximum amount of fees that could possibly be owed under the contingency agreement if valid into the Registry of the Court. In addition, $600,000.00 in costs were also to be held in Special Counsel's Trust Account. This is the maximum amount which could possibly be owed. Special Counsel has judicially admitted this. [Trust Account Settlement Form, attached as Exhibit "F" to R. Doc. 23266-1.]  A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention.[6]  Thus, this fact as to the maximum fee is no longer at issue.

---

[6]   Martinez v. Bally's Louisiana, Inc., 244 F.3d 474, 476 (5th Cir. 2001)

On August 15, 2017, Special Counsel filed a Motion for Attorney's Fees and Costs. [R. Doc.23266], which is presently pending before the Court. Since the unilateral actions by Special Counsel placed Special Counsel at odds with PPG, for these and other reasons it became necessary for PPG to discharge Special Counsel for cause, which occurred on August 18, 2017. Thereafter, on September 5, 2017, Special Counsel moved to intervene [R. Doc. 23344 and 23344-1] which Motion is also presently pending before this Court. Thereafter, Special Counsel deposited the entire fee amount into the Registry of the Court pursuant to F.R.C.P. Rule 67. [R. Doc. 23444]. This Order was granted on September 28, 2017. [R. Doc. 23450]

### The New Demand

Certainly, it was a front for Special Counsel to unilaterally demand that they be paid the *entire* amount of any fee which could be owed under the Contingency Fee Agreement if it were valid from the very first installment of the multiple BP payments. There was no legal basis for this demand whatsoever, as Special Counsel should have been paid only 15% of the first installment or $2,250,000.00, not over $6,300,000.00 which is what Special Counsel demanded. PPG understood this was all that could be owed, PPG acquiesced so as to receive at least a partial payment of its own settlement funds.

Now, apparently because PPG has dared to investigate the unexplained circumstances surrounding the Contingency Fee Agreement, Special Counsel seeks retribution against PPG by claiming that they not only are entitled to be paid out of the first installment, they are now entitled to a *second contingency fee* against PPG based upon a "*quantum meruit*" theory. [R. Doc. 23266-1, p. 16] There is no basis under the facts of this case or the applicable law for such a fee to be owed, particularly where the Plaquemines Parish Council never approved of a contingency fee contract at all. Therefore, the entire funds associated with BP's second installment should be paid directly to PPG.

## CONCLUSION

Based on the foregoing, PPG submits that there is absolutely no set of facts and no legal basis which would form the basis for Special Counsel to obtain a second, advanced contingency fee out of BP's second installment payment. Special Counsel has already admitted the maximum amount that could be owed under the Contingency Fee Agreement and should not be allowed to arbitrarily help themselves to a second fee under any conceivable circumstances.

Respectfully submitted,

/s/ Andrew C. Wilson
Andrew C. Wilson (#01162)
Simon Peragine Smith & Redfearn LLP
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Facsimile: (504) 569-2999

Peter A. Barbee, Esq. (#18778)
Barbee & Associates, LLC
305 B Main Street
Belle Chasse, LA. 70037
Telephone: (504) 394-0150
FAX: (504) 394-0070
EMAIL: peterbarbee@me.com

**Attorneys for Plaquemines Parish Government**

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing has been served electronically on counsel of record, this 9th day of October, 2017.

_____/s/ Andrew C. Wilson_____