UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br>SECTION "J" |
| This Document Relates To: | JUDGE BARBIER |
| No. 12-970, Bon Secour Fisheries, Inc., et al., v. BP Exploration & Production Inc. et al. | MAGISTRATE JUDGE WILKINSON |

**CLAIMANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE CLAIM MATERIALS UNDER SEAL**

Claimant ID 100133439, and through its attorneys, seek leave to file, under seal, certain materials included in its Claim in the Court-Supervised Settlement Program.[1]  Claimant currently has an appeal pending before the U.S. Court of Appeals for the Fifth Circuit, which has been consolidated with other appeals from this Court's orders pertaining to implementation of *In re: Deepwater Horizon,* 858 F.3d 298 (5th Cir. 2017), *reh' g denied,* No. 15-30377, 2017 WL 2674235 (5th Cir. June 21, 2017) (the "495 Opinion").  The Fifth Circuit has directed the parties to these appeals to cooperate in preparing a joint designation of record in Fifth Cir. No. 17-30727. Docketing these claim materials will assist both the parties and the Fifth Circuit by ensuring that the records of the Claim are available to the appellate court.  The record of this claim; however, contains confidential corporate and financial information which could harm Claimant if disclosed. Accordingly, any filing must be under seal to preserve the confidentiality of the materials.

---

[1]Unless otherwise specified, terms with initial capital letters in this memorandum have the same meaning ascribed to those terms in the *Deepwater Horizon* Economic and Property Damages Settlement Agreement As Amended on May 2, 2012  (hereinafter the "Agreement").

**BACKGROUND**

Claimant has taken an appeal to the Fifth Circuit from this Court's August 10, 2017, Order [As to the Motions to Amend, Etc., Orders Implementing the Policy 495 Opinion] (Rec. Doc. 23252), which denied Claimant's Motion to Amend Final Implementation Orders Concerning the Fifth Circuit's 495 Opinion, or for New Trial (Rec. Doc. 23181), together with all rulings, findings, and determinations adverse to Claimant embodied therein, which includes the July 5, 2017, Final Order [Implementing Fifth Circuit Opinion Re: Policy 495] (Rec. Doc. 23003) and the two Interim Orders referenced therein: dated May 25, 2017, Interim Order and June 13, 2017, Interim Order (Rec. Doc. 22872 and 22935, respectively).

**DISCUSSION**

Pursuant to the Agreement and relevant procedures, Claimant's CSSP materials have not been placed on the Court's docket.  Under the circumstances of these Claims, filing materials on the docket would assist the Clerk of Court in compiling a record on appeal, as well as ensure that a full presentation of the relevant materials and issues considered is available to the appellate court.

The documentation submitted in support of its Claim includes confidential corporate and financial information about both the Claimant itself, its officers and its business.  Such information is protected from disclosure by orders of this Court and the terms of the Agreement. *See* Rec. Doc. 6573 & 6822; Agreement, Section 4.4.1; *see also* Rec. Doc. 12591 & 13000.  As an initial matter, this Court's May 22, 2012, Order Regarding Settlement Implementation directed that all "Claims Information" is "deemed 'confidential' under Pre-Trial Order No. 13."   *See* Rec. Doc.

6573 Para 4.[2]   Additionally, this Court's June 29, 2012, Order [Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement] (Rec. Doc. 6822) retains prior limits on, and further addresses, confidentiality of claims materials. *See* Rec. Doc. 6822 (stating, among other things, that "All Claims Information [as defined in the Order] shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court"); *see also* Agreement, Section 4.4.1 (directing, in the context of the Transition Process, that all claims-related information and data "shall be treated by the Settlement Program and the Parties and counsel as 'confidential' under Pre-Trial Order No. 13").

These Orders, and the Agreement's restrictions on disclosure of claims-related materials and information serve an important function in protecting all Claimants and implementing the Agreement.  Without assurances that sensitive information, such as social security numbers, business records, financials and other materials required in support of a Claim, would be protected from disclosure, Claimants would be reluctant to participate in the Settlement Program. *Cf. Lewis v. Am. Honda Motor Co., Inc.,* CIV. A. 90-4384, 1991 WL 211580 (ED. La. Oct. 4, 1991) (granting protective order because disclosure of "competitively sensitive data could certainly result in economic hardship").  Public disclosure of the record of Claim materials could expose the Claimant to the risk of identity theft or competitive disadvantage, and would unduly infringe on Claimant's privacy by making public detailed financial records and personal information.  Here, permission to file under seal is appropriate and necessary to protect and avoid unduly burdening Claimant and facilitate judicial review of its appeal. *Compare Seattle Times Co. v. Rinehart,* 467 U.S. 20, 32 (1984) (recognizing the potential for abuse of information obtained in litigation); *Phillips ex rel.*

---

[2] For purposes of this Order, the term "Claims Information" encompasses all "claims-related information and data." *See id.* 3.

*Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir. 2002) (explaining that "Rule 26(c) authorizes the district court to issue *"any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden"). *See also Reichert v. Starring,* No. CIV.A. 11-2171, 2011 WL 4404117, at *1-2 (E.D. La. Sept. 21, 2011) (allowing exhibits containing proprietary information to be filed under seal); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.,* No. CIV. A. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (ordering that an "exhibit contain[ing] sensitive and proprietary financial information" be placed and maintained under seal).  Claimant here therefore respectfully requests that the Court grant leave to file under seal the relevant materials that are available to the Court and the CSSP through the Settlement Program, and that the Court maintain these materials under seal.

## CONCLUSION

For the reasons set forth above, Claimant respectfully requests that this Court grant its motion and enter an Order directing that they may file under seal certain relevant materials from its CSSP Claim.

October 10, 2017                              Respectfully submitted,

By:    /s/ *Adrian A. Colon, Jr.*

Adrian A. Colon, Jr.  (LA Bar # 20525)
**BALLAY, BRAUD & COLON, PLC**
8114 Highway 23
Belle Chasse, LA   70037
Phone: (504) 394-9841
Fax: (504)  636-6674
Adrian@NolaAttorneys.com

*ATTORNEYS FOR CLAIMANT ID*
100133439

4

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing motion will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of October, 2017.

*s/ Adrian A. Colon, Jr.*
Adrian A. Colon, Jr.