UNITED STATE DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * MDL 2179 <br> * <br> * SECTION: J <br> * <br> * JUDGE BARBIER <br> * <br> * MAGISTRATE WILKINSON <br> * <br> * |
| THIS DOCUMENT RELATES TO: FAYE EYMARD AND HOWARD EYMARD | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT
OF CLAIMANTS' MOTION TO RECONSIDER**

NOW INTO COURT, through undersigned counsel, come Claimants, Faye Eymard and Howard Eymard who, pursuant to Federal Rule of Civil Procedure 60, respectfully request the Court grant this Motion to Reconsider and permit Claimants to supplement their damages to include their personal damages alleged against defendants for the following reasons, to wit:

**BACKGROUND**

On April 18, 2013, Claimants filed a Direct Filing Short Form asserting damages relating to a business claim arising out of the oil spill by "Deepwater Horizon".[1] On September 4, 2015, the Court entered an Order directing the Clerk to accept "no further short form joinders".[2] Following the Court's Order, Claimants received a letter from their counsel of record stating, in

---

[1] Case 2:10-cv-08888-CJB-SS Document 131536.
[2] Case 2:10-md-02179-CJB-JCW Document 15321.

pertinent part, "In connection with preparing your business claims for resolution, it was brought to our attention that your individual lawsuits were not filed relating to alleged individual losses stemming from the BP Oil Spill. Due to the fact that this omission was an error made by our firm…"[3] As a result of the Court's Order dated September 4, 2015, Claimants, through no fault of their own, are effectively barred from bringing their lawful claims for damages suffered as a result of the BP Oil Spill. It is this Order that Plaintiffs respectfully request the Court reconsider.

## LAW AND ANALYSIS

### A. THE LEGAL STANDARD FOR A MOTION TO RECONSIDER

To prevail on a motion to reconsider under Rule 60 of the Federal Rules of Civil Procedure, a moving party must satisfy one of the following criteria: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."[4] Plaintiffs submit this Motion to Reconsider is necessary to prevent manifest injustice and that these reasons satisfy "any other reason that justifies relief."

---

[3] Exhibit A – Letter from Damon A. Kirin dated April, 22, 2016.
[4] Fed. R. Civ. P. 60(b) – Relief from a Judgment or Order, Grounds for Relief from a Final Judgment, Order, or Proceeding.

B. **CLAIMANTS BARRED FROM ASSERTING THEIR CLAIM THROUGH NO FAULT OF THEIR OWN**

On April 18, 2013, Claimants, through their counsel of record, Diliberto & Kirin, L.L.C.[5], filed a Business Short Form Joinder in case 2:10-cv-08888-CJB-SS (Rec. Doc. 131536).

Diliberto & Kirin, L.L.C. represented Claimants for a period of over five years. During that period, Diliberto & Kirin, L.L.C. failed to timely filed Claimants' individual claims without Claimants' consent or knowledge. Further, Claimants assert to the Court that, had Claimants known that their counsel would fail to comply with the Federal Rules of Civil Procedure and the Court's orders, Claimants would have retained replacement counsel to preserve their rights and prosecute the claims timely.

Unfortunately, Claimants, much to their detriment, relied upon the professionalism of Diliberto & Kirin, L.L.C. Through no fault of Claimants, Diliberto & Kirin, L.L.C. failed to timely submit the claims, therefore failing to comply with the Federal Rules of Civil Procedure and the Courts orders which ultimately led to a complete bar of the individual claims brought by Faye Eymard and Howard Eymard.

C. **DEFENDANT NOT UNFAIRLY PREJUDICED**

Defendant has been aware of claims asserted by Claimants since the filing of the business claim on April 18, 2013.[6] As a result, Defendant was on sufficient notice of claims asserted by Mr. and Mrs. Eymard. Defendant will not be unfairly prejudiced by Claimants' supplementation of claim information to include their individual losses.

## CONCLUSION

---

[5] Diliberto & Kirin, L.L.C. is a law firm located in Metairie, Louisiana. This firm, through its attorneys, provides legal representation before the United States District Court for the Eastern District of Louisiana.
[6] Case 2:10-cv-08888-CJB-SS Document 131536.

Claimants made every reasonable effort to prosecute their individual claims. Claimants hired licensed attorneys to represent them before the Court within one year from the date of loss. Claimants provided the necessary information to their attorneys. Claimants maintained sufficient contact with their attorneys. Claimants trusted that their attorneys would take all necessary action in the prosecution of these claims. It was not until more than five years after signing the contract for legal services that Claimants became aware that their claims were not filed. Claimants have filed a business claim in this matter and therefore Defendants are not prejudiced by the supplementation of Claimants' claim. Claimants respectfully request this Court grant this Motion to Reconsider and reinstate the claims of Faye Eymard and Howard Eymard in this matter.

Respectfully Submitted,

**COLVIN LAW FIRM**
A Professional Law Corporation

_____/s/David L. Colvin_____
**David L. Colvin, La. Bar #4353**
230 Huey P. Long Avenue
Gretna, LA 70053
Telephone:    (504) 367-9001
Facsimile:    (504) 367-0650
Email: dcolvin@dcolvinlaw.com
Attorneys for Faye Eymard and Howard Eymard

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing motion and memorandum in support have been forwarded to all interested parties by sending notification of such filing to all counsel of record who have elected e-mail notification by operation of the Court's electronic filing system and that a copy of the foregoing has been served upon all counsel of record or

parties who are non-CM/ECF participants via facsimile and/or via hand delivery and/or United States mail, postage pre-paid and properly addressed this 12th day of __October__, 2017.

                                     /s/David L. Colvin  
                                      David L. Colvin