UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | SECTION:  J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| This Document Relates to: | § | |
| No. 12-970 | § | MAG. JUDGE WILKINSON |
| | § | |

## JOINT MOTION FOR STATUS CONFERENCE

**NOW INTO COURT,** through undersigned counsel, come BP Economic and Property

Damages Settlement Class Members ArcelorMittal LaPlace, LLC ("AM LaPlace"); Boh Bros.

Construction Company, L.L.C. ("Boh Bros."); Claimant No. 100263237, Claimant ID No.

263701 ("Claimant No. 100263237"); Conrad Shipyard, LLC, Conrad Orange Shipyard, Inc.,

and Conrad Aluminum, LLC (collectively, "Conrad"); Electronic Maintenance Co., Inc.

("EMCO"); and Turner Industries Group L.L.C. ("Turner") (the "Moratoria Hold Class

Members"), and move the Court to set a status conference at the Court's earliest convenience to

address BP Economic and Property Damages Settlement enforcement issues and a path forward

towards resolution as it relates to these Class Members.

## I.      Background

### A.      The Moratoria Hold Class Members are Long-Standing Louisiana
###          Businesses that filed Compensable BEL Claims

The Moratoria Hold Class Members each are long-standing Louisiana businesses and BP

Economic and Property Damages Settlement Class Members that submitted compensable BEL

claims under the Settlement Agreement.  The Moratoria Hold Class Members do not fall within

the Settlement Agreement's Exhibit 16 definition of Support Services to the Oil and Gas Industry and are not otherwise excluded under the Settlement Exhibits.  Exhibit 16 to the Settlement Agreement creates three different categories in its "Excluded Industries" Chart:

1.   "Oil and Gas Industries"- Including NAICS Codes 026694-26703 listed in Exhibit 17's "Oil and Gas Industry Exclusions," which are excluded from the Economic & Property Damages Settlement Class;

2.   "Support Service to Oil and Gas Industry"- Including the NAICS Codes 026613-026631 listed in Exhibit 19's Sections I & II of "Industry Types Subject to Review by Claims Administrator for Potential Moratorium Losses;" and

3.   "Gaming, Banking, Insurance, Funds, Defense Contractors, and Developers"- Including NAICS Codes 028759-028772 listed in Exhibit 18's "Economic Loss and Property Class Definition Exclusions."

The Moratoria Hold Class Members do not fall into these categories.  More specifically, the Moratoria Hold Class Members either have NAICS codes that are simply not listed in these Exhibits *or* like Turner, do not operate in the areas marked with an "x" under the NAICS Code numbers listed on Exhibit 19, as is required to be placed on hold.[1]

However, the Class Members' settlement claims were each put on Moratoria hold and have remained in that state because they were improperly classified as presenting – or even merely *potentially* presenting − some iota of "Moratoria losses."  Because the Claims Administrator is now unable to process Moratoria hold Claims, without some agreement by BP and the Class, a de facto injunction is in place on consideration of the remaining Moratoria hold claims.

B.   **The February 17, 2017 Status Conference**

At a status conference in open Court on February 17, 2017, the Moratoria hold stalemate was discussed.  It was confirmed that nearly seven hundred Claims remained on Moratoria hold,

---

[1] *See* Turner's Motion to Confirm its Settlement Rights as a BEL Claimant [Rec. Doc. No. 22755], filed 04/20/2017.

awaiting an agreement between BP and Class Counsel on a method for processing Moratoria hold claims.[2]  The seven hundred claims on hold generally included *two different types of claims*:

(1) **Mixed Claims Properly Placed on Moratoria Hold:** Claims that were properly placed on hold, as they presented a mix of moratoria based and non-moratoria based losses; these claims were different from the Moratoria Hold Class Members, in that a portion of their losses *were attributable to the Moratorium*.  This category appears to have compromised the vast majority of the claims placed on hold; and

(2) **Claims Improperly Placed on Hold:** Claims of the Moratoria Hold Class Members that were improperly placed on hold because *no portion of their losses were attributable to the Moratorium*.[3]

During the status conference, however, there was some indication that BP and Class Counsel were approaching agreement as to a plan for Moratoria hold claims processing, and the Court provided a sixty-day window for those parties to reach some kind of agreement.

### C.    The Sixty-Day Window Following the February 17, 2017 Status Conference

During that sixty-day window, two Court appointed Neutrals reached out to Moratoria hold claimants, extending settlement offers, which were apparently appropriate for many Moratoria hold claimants that had actually presented some losses due to the Moratorium.

In a similar vein, on March 17, 2017, the Court issued an Order offering Claimants whose Claims remained unresolved an *option* to opt out of the Settlement altogether.[4]  However, this

---

[2] Exhibit 16 of the SETTLEMENT AGREEMENT contemplated that BP and Class Counsel would, relative to the "Support Services to the Oil & Gas Industry," "develop agreed upon guidance that the Claims Administrator shall apply in making compensation determinations that adhere to the moratoria exclusion in the [S]ettlement." Exhibit 16's "Support Services to the Oil & Gas Industry" and the Moratoria exclusion are dictated in part by the "Industry Types Subject to Review by Claims Administrator for Potential Moratoria Losses" on Exhibit 19 (*See supra*, Section D).

[3] The vast majority of the seven hundred Moratoria hold claims existing in February appear to have fallen into the first category, as the Neutrals were able to do an impressive job with resolving a majority of these claims. *See supra*, Section I. C.

[4] *See* March 17, 2017 Court Order [R. Doc. 22390] stating: "IT IS ORDERED that any Claimant who has received notice from the Settlement Program that his, her, or its claim is subject to a "Moratorium Hold" and that claim and that claim has not been resolved by March 25, 2017, shall have the option to exclude ('Opt Out') that claim from the Settlement Program and proceed in litigation."

option and the Court's Order were predicated on the fact that a Claimant was *properly* on

Moratoria as an Oil and Gas Support Industry under the Settlement Agreement; the Order begins

with a first paragraph setting forth those parameters:

> WHEREFORE, Exhibit 16 of the Deepwater Horizon Economic and Property
> Damages Settlement ("Settlement") contemplated that BP and Class Counsel
> would, **relative to the "Support Services to the Oil & Gas Industry,"** "develop
> agreed upon guidance that the Claims Administrator shall apply in making
> compensation determinations that adhere to the moratoria exclusion in the
> [S]ettlement";[5]

The Moratoria Hold Class Members are not classified as "Support Services to the Oil &

Gas Industry" under the Settlement Agreement, and thus, the option provided by the Court was

not applicable to Class Members.  Because the Moratoria Hold Class Members were not properly

placed on Moratoria hold, as none of their losses were caused by the Moratorium, neither low-

dollar settlement as proposed by the Neutrals nor opting out was a viable option.  Therefore, the

Similarly Situated Moratoria Claimants denied the offers from the neutrals, remained in the

Class, and endured Moratoria hold purgatory for an additional six months.

### D.   The Moratoria Class Members' Previous Submissions Seeking Court Intervention and Other Recent Developments

Several of the Moratoria Hold Class Members have in the past submitted Motions to the

Court regarding their improper placement on Moratoria hold.  Boh Bros. first raised its concerns

on the topic on December 15, 2016 by filing a Motion for a Status Conference and Motion for

Aid in Consummation of Settlement Agreement, seeking Court intervention in the processing of

its claim, which had been under review for over four years.[6]  Because the Claims Administrator

---

[5] *See* March 17, 2017 Court Order, [R. Doc. 22390] (emphasis added).

[6] *See* Boh Bros.' Motion for a Status Conference and Motion for Aid in Consummation of Settlement Agreement, [Rec. Doc. Nos. 22000; 2200-1], filed 12/15/2017.

had advised Boh Bros. that it could not complete the processing of Boh Bros.' claim unless BP agreed, Boh Bros. requested involvement of the Court.[7]

In a similar vein, on February 8, 2017, pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Deepwater Horizon Economic and Property Damages Settlement Agreement, AM LaPlace filed a Motion to Enforce Settlement Agreement or, in the Alternative, Motion for Aid in Consummation of Settlement.[8]  This Motion also sought Court involvement to determine a process or plan for Moratoria review of claims that remained on perpetual hold.[9]

In April 2017, Boh Bros. still remained on Moratoria hold, so in another attempt to resolve its Moratoria hold limbo, Boh Bros. filed a Motion to Confirm its Settlement Rights as a BEL Claimant and Clarify, Alter or Amend the March 17, 2017 Order Accordingly.[10] On the date of Boh Bros.' filing, April 13, 2017, Turner filed a Joinder in Boh Bros.' Motion.[11]  On April 19, 2017, the Court ordered BP to make a good faith effort to file a response to Boh Bros.' motion no later than April 21, 2017.[12]  BP filed its Opposition to Boh Bros.' Motion on April 21, 2017,[13] and Boh Bros. took leave to file a Reply Memorandum on that same date.[14] Thereafter,

---

[7] *Id*.

[8] *See* AM LaPlace's Motion to Enforce Settlement Agreement or, in the Alternative, Motion for Aid in Consummation of Settlement, [R. Doc. No. 22196], filed 02/08/2017.

[9] *Id*.

[10] *See* Boh Bros.' Motion to Confirm its Settlement Rights as a BEL Claimant and Clarify, Alter or Amend the March 17, 2017 Order Accordingly, [Rec. No. 22698], filed 04/13/2017.

[11] *See* Turner's Joinder in Boh Bros. Construction, L.L.C.'s Motion to Confirm its Settlement Rights as a BEL Claimant and Clarify, Alter or Amend the March 17, 2017 Order Accordingly, [R. Doc. No. 22719], filed 04/13/2017.

[12] *See* Court Order [R. Doc. 22733], dated 04/19/2017.

[13] *See* BP's Opposition to Boh Bros.' Motion to Confirm its Settlement Rights as a BEL Claimant and Clarify, Alter or Amend the March 17, 2017 Order Accordingly, [Rec. Doc. No. 22756], filed 04/21/2017.

Turner filed its own Motion to Confirm its Settlement Rights as a BEL Claimant on April 20, 2017.[15]

Since the filing of these respective submissions, the Moratoria Hold Class Members have remained on hold, despite the impressive advancements made by the Court and the Court appointed Neutrals in resolving other Moratoria hold claims, which have been reduced from seven hundred to a much lower number.  The Court has also made tremendous progress over the last several months towards resolution of the MDL by way of its recent Orders related to PTO 60, 63, and 64, which is positive for all involved in the MDL 2179 process. In light of this progress, the Moratoria Hold Class Members submit that this fall is an appropriate time to resolve these remaining settlement issues as they are significant.  Indeed, while the Moratoria Hold Class Members relate only to a handful of claims, the aggregate value of the Moratoria Hold Class Member's claims is significant.

## II.      Summary Regarding the Moratoria Hold Class Members' Business Operations

Simply stated, the claims submitted by the Similarly Situated Moratoria Hold Class Members *should never have been placed on Moratorium hold*; none of the Similarly Situated Moratoria Hold Class Members are involved in offshore oil and gas drilling in the Gulf of Mexico or present claims for Moratorium losses as they are defined under the Settlement Agreement.  The Similarly Situated Moratoria Claimants all reassert the arguments they have presented to the Court on prior occasions, as if fully incorporated herein.   The pertinent background regarding each Claimant is as follows:

---

[14] *See* Boh Bros.' Reply Memorandum in further Support of Motion to Confirm its Settlement Rights as a BEL Claimant and Clarify, Alter or Amend the March 17, 2017 Order Accordingly, [Rec. Doc. No. 22757], filed 04/21/2017.

[15] *See* Turner's Motion to Confirm its Settlement Rights as a BEL Claimant [Rec. Doc. No. 22755], filed 04/20/2017.

- **ArcelorMittal LaPlace, LLC ("AM LaPlace")[16]:**

    AM LaPlace has operated Louisiana's only steel mill since 1981.  At no time has AM LaPlace ever manufactured or sold drill pipe or any other tubular steel product.  AM LaPlace operates an electric arc mini-mill, placing scrap steel and ferrous metals into a furnace, into which electrodes are then lowered and high voltages of electricity are applied, melting and purifying the scrap.  The end result of this process creates a steel bar known as a billet.  Some billets are sold by AM LaPlace, but most are sent to AM LaPlace's rolling mill where they are rolled into various "light industrial shapes," which AM LaPlace then sells for light industrial use.

    Although steel mills are identified on Exhibit 19, AM LaPlace is a producer/ seller only of light industrial/commercial shapes, and accordingly, its business does not involve offshore oil and gas activities.  Thus, it is not appropriately subject to the Moratoria hold, and is entitled to a determination that this is the case.  Am LaPlace completed the filings required for its claim under the Settlement Agreement in April 2014.  Since that date, the claim has been improperly placed on Moratoria hold.

- **Boh Bros. Construction Company, L.L.C. ("Boh Bros."):**

    Boh Bros. is a highway, bridges, and distribution line contractor, whose claim was improperly placed on Moratoria hold based merely on the appearance of a photograph of a boat on the Boh Bros.' website related to repair of the twin span post-Katrina.[17]  Boh Bros.' NAICS code is <u>not</u> marked by an "x" in Exhibit 19 to the Settlement Agreement.  Exhibit 19 expressly <u>excludes</u> from moratoria review the claims of "Roadway, Highways, **Bridges** and Distribution Line Contractors," such as Boh Bros.  Boh Bros. answered "No" to Question 10 in its claim form, attesting, under oath, that Boh Bros. did <u>not</u> provide significant services to the oil and gas industry in the Gulf of Mexico.  Placing Boh Bros.' claim on moratoria hold, pending an "agreement" by BP is also inconsistent with all relevant Appeal Panel decisions, decisions of this Court, the Fifth Circuit and contrary to principles of due process.[18]  Boh Bros. worked extensively with the Claims Administrator to resolve its improper placement on

---

[16] AM LaPlace was formerly known as Bayou Steel, LLC, (and before that as Bayou Steel Corporation). On or about July 31, 2008, ArcelorMittal S.A. purchased all of the outstanding units of membership interest of Bayou Steel, LLC, and on March 4, 2009, changed its name to ArcelorMittal LaPlace, LLC. (See Exhibit F to Claim Form: "Business Formation and Acquisition Documents.") Significantly, while Bayou Steel's name and form of business entity changed, as well as its owners, AM LaPlace is today the same discrete legal entity that was doing business as "Bayou Steel" in 2006, the earliest period for which information and documentation relative to its claim is submitted. AM LaPlace has continued throughout to maintain its own, separate expense and income accounting. Thus, the information and documentation submitted to support this claim are all for the same legal entity located in LaPlace, Louisiana and conducting the same business at that site.

[17] *See* Motion for Aid in Consummation of Settlement Agreement [Rec. Doc. No. 22000; 2200-1], filed 12/15/2017, at p. 2.

[18] *See* Boh Bros.' Memorandum in Support of Boh Bros. Construction Company, L.L.C.'s Motion to Confirm its Settlement Rights as a Bel Claimant and Clarify, Alter or Amend the March 17, 2017 Order Accordingly, [Rec. Doc. No. 22698-1], filed 4/13/17.

Moratoria hold. Boh Bros.' claim had been caught in Moratoria hold for over four years before if first sought the Court's intervention to achieve resolution of the settlement issue.[19]

- **Turner Industries Group L.L.C. ("Turner")**:

    Turner is exclusively a provider of labor and services for on-shore petro-chemical facilities and power plants.  At no point during the Moratoria or Benchmarks periods did Turner provided any maintenance, turnaround, pipe fabrication, environmental, heavy equipment, or other industrial services to any drilling rig located in the Gulf of Mexico. Turner filed as a BEL Settlement Claimant and presented three compensable claims based on three of its facilities as permitted by the Settlement Agreement.[20]  To date, Turner has never received a determination that its claims present any kind of Moratoria loss; yet, its claims remain in limbo.  Critically, Turner does <u>not</u> operate in any area marked with an "x" under its NAICS code on Exhibit 19, and thus, should not be subject to Moratoria hold.

- **Electronic Maintenance Co., Inc. ("EMCO")**:

    Electronic Maintenance Co., Inc. ("EMCO") provides sales and service of electronic equipment for use in communications, safety and security, and IT solutions.  Its services include equipment repair, maintenance contracts, and system management, which it provides to customers in a variety of industries.  However, it has never provided any services or equipment to any customer for use in the offshore industry.  Several years ago the Claims Administrator commented that EMCO provided certain equipment for use in the "offshore industry (offshore drilling rigs or offshore platforms)", but it has never sold any products to any customers for use in that industry.

---

[19] *See* Boh Bros.' Motion for a Status Conference and Motion for Aid in Consummation of Settlement Agreement, [Rec. Doc. Nos. 22000; 2200-1], filed 12/15/2017.

[20] (*See* Deepwater Horizon Economic and Property Damages Settlement Agreement (the "SETTLEMENT AGREEMENT"), Section 5.3.3, authorizing Claims by Multi-Facility Business, and Exhibit 5 to the Settlement Agreement, furthering defining and setting forth procedure applicable to Multi-Facility Businesses).

- **Claimant No. 100263237, Claimant ID No. 263701 ("Claimant No. 100263237")[21]:**

  Claimant No. 100263237 is a Louisiana based company with headquarters in Zone D. Claimant No. 100263237 has a BEL claim valued in excess of $40 million and experienced absolutely zero impact from the federal moratoria. Claimant No. 100263237 originally filed its claim in November of 2013, and in March of 2014 was inexplicably flagged by the Claims Administrator and placed on moratoria hold.  Claimant No. 100263237's efforts over the last eighteen months to remove this improper designation have all been for naught, and the claim remains in limbo.

- **Conrad Shipyard, LLC (Front Street and Deepwater), Conrad Orange Shipyard, Inc. and Conrad Aluminum, LLC ("Conrad"):**

  Conrad maintains four separate facilities along the Gulf Coast which allow it to provide a wide variety of construction and repair services for small, medium and large sized vessels for commercial and governmental customers.  Conrad's construction specialties and services are focused on inland barges, including deck, crane, hopper, liquefied petroleum gas, and double-skinned tank barges, as well as tugboats, towboats, ferries, lift boats and oil field service vessels.

  Conrad submitted compensable BEL claims under the Settlement Agreement, all of which have been placed on Moratoria hold.

## III.   Law and Argument

As set forth above, the Moratoria Hold Class Members submit it is now appropriate for the Court to hold a status conference and address the status of the Moratoria Hold Class Members' claims and the path forward to resolution:

- Pursuant to Federal Rule of Civil Procedure Rule 23(d), the district court has authority and discretion to protect the interests and rights of class members and to ensure its control over the integrity of the settlement approval process.[22]

- The Deepwater Horizon Economic and Property Damages Settlement Agreement grants "continuing and exclusive jurisdiction over the Parties and their Counsel for the purpose of enforcing, implementing and interpreting" the Agreement on "the United States District Court for the Eastern District of Louisiana, Judge Carl Barbier, presiding."[23]  Section 18.1 of the

---

[21] This Moratoria Hold Class Member also has been divided into Sub-Claimants and Sub-Claim IDs: Claimant 100263237 also has sub-claim IDs 355204, 355207, 355209 and alternatively has also been separated into: Sub-Claimant 100313920; Claim ID 355199 Sub-Claimant 100313979; Claim ID 355184.

[22] FED. R. CIV. P. 23(d); See also *In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014).

[23] See *In re Deepwater Horizon*, 785 F.3d 986, 989–90 (5th Cir. 2015) (citing Section 38.40 of the SETTLEMENT AGREEMENT and Section 6.6 which provides the Court will also maintain the "discretionary right

Settlement Agreement specifically provides this Court's continuing jurisdiction over the Agreement.[24]

- The Claims Administrator has not been provided a method for processing the Moratoria hold Claims; accordingly, and without some agreement by BP and Class, **a de facto injunction is in place on consideration of the remaining Moratoria hold claims.**

- **The Similarly Situated Moratoria Hold Class Members present claims of a significant value**. This large sum stands as one of the last hurdles preventing resolution of Settlement related issues in this MDL. Without resolution of these claims, the Deepwater Horizon Economic and Property Damages Settlement Claims Administrator will not be able to complete its claims administration and issue final distributions to the Deepwater Horizon Economic and Property Damages Settlement Class, thereby incurring delay and additional settlement administration costs.

- These claims of significant value will be crucial to determining settlement amounts in the Halliburton and Transocean Settlements, as calculations for those Settlements is dependent upon final payment amounts from the Deepwater Horizon Economic and Property Damages Settlement. Not resolving these claims this fall could therefore delay distribution of the Transocean and Halliburton Settlement payments tentatively scheduled for the second quarter of 2018.

- Failure to resolve the Moratoria Hold Class Members' Claims under the Settlement Agreement would deprive these Claimants of vested rights. The Settlement Agreement was designed "to be administered under Court supervision," and provides "the due process protections of Rule 23 to the class member Claimants," enabling the Court to "enforce the Settlement terms and administrative procedures for the benefit of class members, without necessitating new or individualized litigation."[25] The Moratoria Hold Class Members *never presented Moratoria losses*, and as such, are entitled to full treatment under the Settlement Agreement and are not subject to the provision of the Settlement that awaits a future agreement between BP and Class Counsel as to the processing of Moratoria Claims.

- The Moratoria Hold Class Members have conferred with lead class counsel Steve Herman and Jim Roy, who approve and join in this Motion.

---

to review any Appeal determination to consider whether the determination was in compliance with the Agreement.").

[24] See SETTLEMENT AGREEMENT, pp. 84-85: "[T]he Court shall retain continuing and exclusive jurisdiction over the Parties and their Counsel for the purpose of enforcing, implementing and interpreting this Agreement…. Any disputes or controversies arising out of or related to the interpretation, enforcement or implementation of the Agreement and the Release shall be made by motion to the Court."

[25] *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 910 F. Supp. 2d 891, 928–29 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014).

- While BP might claim that the Moratoria Hold Class Members should be excluded from the Settlement because there was no meeting the minds regarding the processing of Moratoria hold claims, this argument lacks merit with respect to the Moratoria Hold Class Members. Unlike other class members that *knew* they had a hybrid or mixed claim (presenting some Moratoria losses and some compensable losses) at the time the Settlement Agreement was published and subjected to the approval process, the Moratoria Hold Class Members *had no notice* that months or years later, their claims −while presenting no Moratoria loss and while not subject to Exhibit 19− would be placed on Moratoria hold. For example, in Turner's case, its claim was purportedly put on hold because its biggest customer during the Benchmark period was ExxonMobil. However, the work Turner performed for Exxon was exclusively turnaround and maintenance work at a refinery in north Baton Rouge, Louisiana. To suggest that Turner and the other Moratoria Hold Class Members should have been aware that their claims might be held up for years, similar to why Turner's claim was put on hold, and that there was no meeting of the minds is a ludicrous proposition.

- Due process rights dictate that all similarly situated Claimants under the Settlement Agreement must be treated equally.[26] The Claims Administrator has repeatedly approved BEL Claimant status to other entities that perform virtually identical services as the Moratoria Hold Class Members.[27] Some of those decisions have even been approved at the Appeal Panel level; the Moratoria Hold Class Members should be afforded the same designation as BEL Claimants that was provided to other claimants. For example, Appeal Panel Decision No. 2016-1044 presents the exact same scenario Turner faces.[28] In that case, a Claimant was wrongly placed on moratoria hold, given improper analysis of its NAICS code, but an affidavit submitted by the Claimant's President proved that zero Moratoria losses were presented by the company, and the Claimant was granted BEL status, which was affirmed on Appeal.[29] Turner submitted an affidavit for each of its three separate facilities that precisely echoes the affidavit submitted in Appeal Panel Decision No. 2016-1044− yet its claim remains in Moratoria hold limbo.[30] In accordance with this example and due process requirements under the Settlement Agreement, the Similarly Situated Claimants deserve equal treatment and classification as BEL Claimants under the Settlement.

---

[26] *Id.*

[27] *See* Turner's Motion to Confirm its Settlement Rights as a BEL Claimant [Rec. Doc. No. 22755], filed 04/20/2017.

[28] *Id.*, at pp. 10-11.

[29] *Id.*

[30] *See* affidavits of Mike Morain, Warren Landry, and Dwight Braud, attached as Exhibits to Turner's Motion to Confirm its Settlement Rights as a BEL Claimant [Rec. Doc. No. 22755], filed 04/20/2017.

## VII.    <u>Conclusion</u>

Given the Court's supervisory authority under both Federal Rule of Civil Procedure 23 and the terms of the Settlement Agreement, the Similarly Situated Claimants move the Court to hold a status conference that will assist in defining a path forward for claims that remain on Moratoria hold.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

By:  */s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**ASHLEY E. ARNOLD (#37017)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone: (504) 566-8646
Facsimile: (504) 585-6946
Email: kjmiller@bakerdonelson.com
Email: aarnold@bakerdonelson.com

**ATTORNEYS FOR CLAIMANT, TURNER INDUSTRIES GROUP, L.L.C.**

**JASON J. JOY & ASSOCIATES, P.L.L.C.**

By:  */s/ Jason J. Joy*
**JASON J. JOY (TX Bar #24058932), T.A.**
909 Texas Street, #1801
Houston, TX 77002
Telehone: (713) 221-6500
Facsimile: (713) 221-1717
Email:  info@jasonjoylaw.com

**ATTORNEYS FOR CLAIMANT, TOTAL ENERGY SOLUTIONS, LLC**

**KEOGH, COX & WILSON, LTD.**

By:  */s/ Christopher K. Jones*
**CHRISTOPHER K. JONES (# 28101), T.A.**
701 Main Street
Baton Rouge LA, 70802-5527
Telehone: (225) 383-3796
Facsimile: (225) 343-9612
cjones@keoghcox.com

**ATTORNEYS FOR CLAIMANT, ELECTRONIC MAINTENANCE CO., INC.**

**GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC**

By:  */s/ Howard E. Sinor, Jr*
**HOWARD E. SINOR, JR. (#12106), T.A.**
**KELLY D. PERRIER (#32634)**
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
Email:  hsinor@gamb.law

**ATTORNEYS FOR CLAIMANT, ARCELORMITTAL LAPLACE, LLC**

**JONES WALKER LLP**

By:  */s/ R. Scott Jenkins*
**R. SCOTT JENKINS (#23144), T.A.**
201 St. Charles Avenue, 48th Floor
New Orleans, LA  70170
Telephone: (504) 582-8346
Facsimile: (504) 589-8346
Email:  sjenkins@joneswalker.com

**ATTORNEYS FOR CLAIMANT, CONRAD INDUSTRIES**

**KINGSMILL RIESS, LLC**

By:  */s/ Marguerite K. Kingsmill*
**MARGUERITE KINGSMILL (#7347), T.A.**
201 St. Charles Avenue, Suite 3300
New Orleans, LA  70170
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
Email: mkingsmill@kingsmillriess.com

**ATTORNEYS FOR CLAIMANT, BOH BROS. CONSTRUCTION COMPANY, L.L.C.**

**YOUNG, COTTER AND MEADE, LLC**

By: ___/s/ John Alden Meade_____
**JOHN ALDEN MEADE (# 29975), T.A.**
909 Poydras Street, Suite 1600
New Orleans, LA 70122
Telephone: (504) 799-3102
Facsimile:  (504) 717-2846
Email:  jameade@ycmlawfirm.com

**ATTORNEYS FOR CLAIMANT, Claimant
No. 100263237**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of October, 2017, the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and/or by electronically serving all liaison counsel by e-mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

/s/ Kerry J. Miller_____
**KERRY J. MILLER**

14