IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *  MDL NO. 2179 (10-md-2179)<br>*<br>*  SECTION J<br>* |
| This document relates to:<br>Case No. 2:11-cv-916<br>*Parish of Plaquemines v. BP PLC, et al.* | *<br>*  Honorable CARL J. BARBIER<br>*<br>*  Magistrate Judge WILKINSON<br>*<br>*<br>* |

## REPLY TO PLAQUEMINES PARISH'S OPPOSITION TO BP'S MOTION FOR LEAVE TO DEPOSIT FUNDS

Martzell, Bickford & Centola, APC; David Landry, Esq.; and King, Krebs & Jurgens, PLLC ("Special Counsel"), through their undersigned counsel, respectfully submit this reply to the Opposition to BP's Motion for Leave to Deposit Disputed Settlement Funds with Registry of Court (the "Opposition") filed by Plaquemines Parish (the "Parish"). Doc. No. 23468.

Although the Parish's Opposition contains various inaccurate statements of law and fact, most of these misstatements are immaterial to BP's Motion and therefore will not be addressed here.[1] However, Special Counsel wish to clarify two matters that are material: First, the Parish asserts that there is "no legal basis . . . whatsoever" for Special Counsel to receive their entire contingency fee and cost reimbursement from the initial $15 million settlement payment, rather than collecting a percentage of each installment payment over time. Opposition at 3–4. Yet any potential uncertainty as to when costs and fees are due is dispelled by Article 7.3 of the Agreement

---

[1] In particular, Special Counsel emphatically dispute the Parish's arguments concerning the alleged unenforceability of the contingency-fee agreement between Special Counsel and the Parish, and intend to address these arguments at the appropriate time—*i.e.*, in connection with Special Counsel's Motion for Fees and Costs and proposed intervention. *See* Doc. Nos. 23266 & 23344.

for Professional Legal Services between Special Counsel and the Parish.[2] There is no dispute that Special Counsel successfully brought the Parish's claims to conclusion by way of a $45 million settlement, and that Special Counsel were subsequently terminated by the Parish. Accordingly, Special Counsel's fully earned contingency fee is now due.

Second, the Parish misrepresents to the Court that Special Counsel are now seeking "a **second contingency fee** against [the Parish] based upon a '*quantum meruit*' theory." Opposition at 4. To the contrary, Special Counsel have never sought anything other than their proper $5.75 million contingency fee based on the terms of the Agreement for Professional Legal Services. Special Counsel have merely explained that, *if* the contingency-fee agreement contained in the Agreement for Professional Legal Services is unenforceable (as the Parish insists), then Special Counsel would instead be entitled to a *quantum meruit* share of the $45 million recovery, which would likely be *greater* than the contingency fee set forth in the Agreement. *See* Doc. No. 23467. Such a *quantum-meruit*-based award would not be a "second" fee, and it would not be a "contingency" fee—it would be a Court-determined amount representing the reasonable value of the legal services that Special Counsel provided. And there is no factual or legal reason why it would be limited to an amount that would be due under a contract that the Parish continues to attack as unenforceable.[3]

WHEREFORE, Special Counsel respectfully request that the Court grant BP's motion and allow BP to deposit the disputed $10 million settlement payment into the Court's registry.

---

[2] "Upon termination ATTORNEY shall be paid for actual work performed prior to the notice of termination on a pro-rata share of the basic fee based on the phase or percentage of work actually completed to the extent such work has been satisfactorily completed." Doc No. 23266-4 at 8.

[3] Similarly, Special Counsel's accounting of the fee that would be due pursuant to the contingency-fee agreement is not a "judicial admission" of "the maximum amount which could possibly be owed" under a *quantum meruit* analysis, Opposition at 3—it is merely a statement of the fee that would be due under the contingency-fee agreement, which the Parish now seeks to disavow.

Respectfully submitted,

*/s/ Matthew J. Paul*
Richard C. Stanley, 8487
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, LA 70112
(504) 523-1580  Telephone
(504) 524-0069  Facsimile
rcs@stanleyreuter.com
mjp@stanleyreuter.com

*Counsel for Martzell, Bickford & Centola, APC; King, Krebs & Jurgens, PLLC; and David Landry, Esq.*

Scott R. Bickford, 1165
Lawrence J. Centola, III, 27402
MARTZELL, BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065  Telephone
(504) 581-7635  Facsimile
usdcedla@mbfirm.com

*Counsel for Martzell, Bickford & Centola, APC*

Henry A. King, 7393
Michael L. Vincenzo, 23965
KING, KREBS & JURGENS, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
(504) 582-3800  Telephone
hking@kingkrebs.com
mvincenzo@kingkrebs.com

*Counsel for King, Krebs & Jurgens, PLLC*

David L. Landry, 7978
THE LAW OFFICE OF DAVID L. LANDRY
1214 Parasol Place
Pensacola, FL 32507
(850) 492-7240  Telephone
2landry@cox.net

*Counsel for David Landry, Esq.*

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of October, 2017.

                                                    */s/ Matthew J. Paul*