UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179 |
| | Section J |
| This Document Applies to: | Judge Barbier |
| *No. 12-970, Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production Inc., et al.* | Mag. Judge Wilkerson |

### MEMORANDUM IN SUPPORT OF JOINT CONSENT MOTION CONCERNING CERTAIN LEGAL FEES INVOLVING GLEN LERNER

COMES NOW Special Master Louis J. Freeh ("Special Master"), Glen Lerner, Glen Lerner PLLC ("Lerner PLLC"), through counsel, and Farr, Farr, Emerich, Hackett & Carr, P.A.(the "Farr Law Firm"), through counsel, (jointly the "Parties") in support of a joint consent motion to advise the Court that the Parties have agreed on a settlement and proposed resolution regarding the disposition of certain legal fees from claims paid by the Deepwater Horizon Court Supervised Settlement Program ("CSSP") currently held in escrow by the Farr Law Firm (the "Escrow Funds") pursuant to this Court's Order entered on January 6, 2016 [Rec. Doc. 15703] (attached as Exhibit A), and requesting that the Court enter the attached proposed order releasing the Escrow Funds in accordance with this agreed disposition.

In support of the joint consent motion, the Parties state as follows:

1. Pursuant to the Settlement Agreement and the Order and Judgment approving same, the Court retains ongoing and exclusive jurisdiction and supervision over the Settlement Program. Settlement Agreement §§ 4.3.2, 4.4.7, 38.41; Order and Judgment ¶¶ 9, 17 [Rec. Doc. 8139]. The Court similarly has continuing jurisdiction over the implementation, administration, and enforcement of the Settlement Agreement.


Settlement Agreement § 18.1; Order & Judgment ¶¶ 9, 17. Furthermore, the Court has jurisdiction over counsel who represent claimants in the Settlement Program.

2. On July 2, 2013, the Court appointed the Special Master under Rule 53 of the Federal Rules of Civil Procedure to conduct an investigation of certain issues in connection with the CSSP.

3. On February 26, 2015, following the Special Master's investigation, as well as extensive briefing and a hearing concerning the investigation and resulting report from the Special Master, the Court entered an order [Rec. Doc. 14221] providing as follows:

> Lionel Sutton, Jon Andry, and Glen Lerner are disqualified from participating in the CSSP. These attorneys shall not represent any claimants in the program, shall withdraw from any current representations, and may not collect attorneys' fees in connection with the settlement program, except as follows: The AndryLerner law firm will be allowed to collect fees for previous legal work actually performed on legitimate claims that qualify for payments from the CSSP. Any legal fees collected in connection with claims that are deemed to be fraudulent shall be disgorged or reimbursed to the CSSP. The Claims Administrator shall deduct and retain any amounts owed by AndryLerner, Jon Andry, or Glen Lerner from the escrowed fees presently being held. The remaining escrowed fees shall not be released to AndryLerner, Jon Andry, or Glen Lerner until all remaining AndryLerner claims have been resolved and the Court orders the release of the remaining fees.

4. On June 2, 2016, the Fifth Circuit affirmed the Court's February 26, 2015 Order. *See In re: Deepwater Horizon*, Appeal No. 15-30265 (5th Cir. June 2, 2016).

5. Glen Lerner is an owner of Lerner PLLC, an Arizona limited liability company. In 2011, this entity registered as a foreign corporation in Florida with a place of business in Naples, Florida. Until late 2013, Lerner PLLC employed an attorney licensed to practice law in Florida to work in the office in Naples, Florida.

6. By early 2014, Lerner PLLC no longer employed an attorney licensed to practice law in Florida.

7. In September 2014, Lerner PLLC had its foreign corporation charter revoked by the State of Florida for failure to file an annual report.

8. Lerner PLLC entered into a number of agreements, typically titled, "Contract for Legal Representation" (the "Contract"), with the Farr Law Firm, which is a law firm located in Punta Gorda, Florida, and several CSSP claimants . The Contract typically advised the CSSP claimant that the Farr Law Firm would represent the CSSP claimant in filings of its CSSP claim, and to conduct this representation before the CSSP with another lawyer or law firm in a joint representation of the claimant and a division of any resulting legal fee. The Contract advised that the Farr Law Firm and Lerner PLLC agreed to accept full and joint responsibility for the representation of the claimant before the CSSP. The Contract also provided that Lerner PLLC would receive 47 percent of the total legal fees recovered on any CSSP claim.

9. Many of the CSSP claims covered by contracts entered among Lerner PLLC, the Farr Law Firm and CSSP claimants required continuing legal work in 2014 and thereafter. For such claims, as Lerner PLLC was no longer engaged in the practice of law in Florida, continuing legal work was completed solely by attorneys at the Farr Law Firm from 2014 until payment of the claims.

10. On January 6, 2016, this Court entered an Order (the "Order") [Rec. Doc. 15703] pursuant to a consent motion filed by the Parties to hold in escrow certain legal fees from claims paid by the CSSP for the Lerner PLLC/Farr Law Firm's clients where a legal fee for Lerner PLLC was involved. Pursuant to the Order, as the Farr Law Firm has received payment from the CSSP on any claim involving legal fees for Lerner PLLC, the Farr Law Firm has paid the client the amount due and distributed the Farr Law Firm's portion of the

legal fees to the Farr Law Firm, all as determined on a settlement sheet prepared for each claim. The Farr Law Firm has retained in its law firm trust account the legal fee provided for Lerner PLLC, awaiting further order of the Court.

11. After discussion and review of the facts and issues related to the Escrow Funds, the Parties have fully and completely resolved, compromised, and settled any and all issues, disputes, and/or controversies between the Special Master, Lerner PLLC, Glen Lerner personally, and the Farr Law Firm directly or indirectly, arising out of, as a result of, or in any way related to, the Escrow Funds and any legal fees previously paid or to be paid by the Farr Law Firm (the "Settlement"). The Settlement was entered into by the Parties as a compromise of disputed issues and claims; was made without any admission of liability, fault, and/or wrongdoing of any kind on the part of any Party; and shall not be treated as an admission of alleged fact, liability or fault by any Party for any purpose.

12. In furtherance of the Settlement, the Parties jointly respectfully propose that fifty percent (50%) of the Escrow Funds currently held in the trust account at the Farr Law Firm be released and paid to Lerner PLLC and that the remaining fifty percent (50%) of the Escrow Funds be released and paid to the Farr Firm. The Parties also propose that any legal fees accrued in the future, which would be payable to Lerner PLLC, be divided in the same manner between Lerner PLLC and the Farr Law Firm.

13. The Parties respectfully recommend that the Court enter an order reflecting the Settlement with regard to disposition of the Escrow Funds and future legal fees, if any. The Parties attach a proposed order for the Court's consideration reflecting the Settlement and the disposition of the Escrow Funds.

14. The Parties have agreed that the Farr Law Firm shall provide a copy of this application and any resulting order of the Court to each claimant who has a claim affected by this application and any resulting order of the Court.

For these reasons, the Special Master, counsel for Lerner and Lerner PLLC and counsel for the Farr Law Firm seek an order approving the proposed disposition of the Escrow Funds and any future legal fees, if any, as set forth herein and all other relief as is just and equitable.

Respectfully submitted,

SPECIAL MASTER LOUIS J. FREEH

By: _____
Gregory A. Paw
*Counsel to the Special Master*

GLENN LERNER &
GLENN LERNER PLLC

_____
PAULINE F. HARDIN (06542)
JAMES E. WRIGHT, III (13700)
Jones Walker LLP
201 St. Charles Avenue – 51st Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8110
Facsimile:   (504) 589-8110
E-Mail:      phardin@joneswalker.com
Telephone:   (504) 582-8234
Facsimile:   (504) 589-8234
E-Mail:      jwright@joneswalker.com


FARR, FARR, EMERICH,
HACKETT & CARR, P.A.

*[signature]*

GEORGE T. WILLIAMSON
Farr, Farr, Emerich, Hackett & Carr, P.A.
99 Nesbit Street
Punta Gorda, FL 33950
E-Mail:		gwilliamson@farr.com

Dated: October   , 2017