**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Henry King / Kin Krebs & Jurgens
Street, Apt. No.; or PO Box No.: 201 St Charles, 45th Fl
City, State, ZIP+4: NO, La 70170

7008 2810 0002 1871 4533

PS Form 3800, August 2006        See Reverse for Instructions

EXHIBIT "16"

# Plaquemines Parish Government
## LEGAL DEPARTMENT
8056 Hwy. 23, Suite 303
Belle Chasse, LA 70037
Telephone (504) 297-5575
Facsimile (504) 297-5697

Melvin Burmaster

Direct Dial: 504-297-5571
mburmaster@ppgov.net

July 19, 2016

Certified letter Number 7008 2810 0002 1871 4533

King, Krebs & Jurgens, L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Attention: Henry King

*In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, Plaquemines Parish Government (2:11-CV 00916-CJB SS)*

Greetings:

Ed Theriot, Parish President, has forwarded to me by hand the hard copy of the communication sent to Mr. Theriot and bearing the date July 8, 2016. I also am in receipt of the email from your office bearing the date July 18, 2016 which was also directed to Mr. Theriot. Both communications from your firm are in response to the decision of the Parish President to terminate the services of your firm, as set out by letter of June 30, 2016. We have no response from the President in response to your letters or the telephone call of July 18, 2016.

You also submitted a copy to us of a signed contract which is between Plaquemines Parish Government (and *not* the Council), and your firm. We thank you for submitting this copy to expedite the review by the Legal Department of the contract, a review also at the request of the Parish President, and by so doing you have brought to our attention a problematic contract provision independent of the client's decision to terminate services.

The contract contains a provision which is contrary to an express prohibition set out in our Charter for Local Self-Government, Plaquemines Parish (*Charter*) in Section 7.06 thereof, titled **Administration of Operating and Capital Budgets.** Section 7.06 (B) of the *Charter* states "contracts for services not covered by the public bid law (R.S. 38:2181, et seq., as amended) **shall not be for a period in excess of two years.**" (Bold emphasis supplied).

Further, *Charter* Section 7.06 (A) expressly states "[a]ny authorization of payment or **incurring of obligation in violations of this Charter shall be void ....**"

A contract for services is an obligation. A contract for services with a life extended beyond two years is an "incurring of obligation in violation of this Charter" and "shall be void." Accordingly, any purported extension of a contract for services in excess of two years is a nullity under the *Charter*. Although this is a regrettably harsh outcome, such is the outcome dictated by the language of the *Charter*.

Under these circumstances, it is correct to state that there is no contract, as the contract under our *Charter* is "void" pursuant to Section 7.06 (B).

The Parish President, for other reasons, has terminated the contract. The Parish President is also bound by *Charter* Section 3.01 which states that the Parish President "shall have power, **subject to this Charter** and Constitution of the State, to supervise and direct all activities and functions of Parish Government...." The Parish President must now comply with the prohibition set out in Section 7.06 of the *Charter* and act as circumstances dictate.

Respectfully,
PLAQUEMINES PARISH GOVERNMENT

Melvin J. Burmaster
Assistant Parish Attorney

Cc Ed Theriot