# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *  MDL NO. 2179<br>*<br>*  Section J<br>*<br>*  HONORABLE<br>*  CARL J. BARBIER<br>* |
| This document relates to Case No. 12-970.<br>_____ | *  MAGISTRATE<br>*  JUDGE WILKENSON |

**Coastal Business Products; Dan Karpuk Htg. & Cooling; Psychological Medical Solutions; Teel & Waters Realty Compoany; Coastal Brick, LLC: Allen Ray McGinnis; Brandon O. Stewart, PA;  Elzbiata Stinebaugh; and Kiva Construction and Engineering, Inc.,**

   **Plaintiffs/Petitioners,**

**v.**

**Patrick Juneau, Claims Administrator for the Deepwater Horizon Economic Claims Center,**

   **Defendant.**
_____/

## BRIEF ON REMAND FROM THE FIFTH CIRCUIT COURT OF APPEALS

Coastal Business Products, Dan Karpuk Heating & Air, Inc., Psychological Medical Solutions, Teel & Waters Realty Company, Coastal Brick, LLC, Allen Ray McGinnis, Brandon 0. Stewart,  PA and Elzbiata  Stinebaugh, through undersigned counsel Ledbetter & Associates, P.L., and Kiva Construction and Engineering, Inc., through counsel The Congeni Law Firm, LLC (collectively, sometimes referred to as "Petitioners," "Claimants" or "Movants"), respectfully file this Brief on Remand from the Fifth Circuit Court of Appeals.

1

**I.     Introduction: The District Court May Reconsider *ab initio*.**

The matters before the Court involve Movants' request for entry of an order directing the Claim Administrator to consider their BP Claims.[1] Movants offered evidence that the claims were filed timely. In opposition, the Claims Administrator failed to offer competent evidence to rebut Movants' proof that they filed their claims timely. This Court erred in relying on the Claims Administrator's non-compliant declarations and entered an *Order* [ECF No. 22870] denying the Claimants' Motions. Claimants' timely appealed. Pursuant to order dated October 12, 2017,[2] the United States Court of Appeals for the Fifth Circuit remanded this matter because the declarations submitted by the Claims Administrator failed to comply with 28 U.S.C. § 1746, a jurisdictional statute.

When a remand of this type occurs, the district court is guided by the findings in the remand order and may reconsider its earlier ruling *ab initio*. *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1171 (5th Cir. 1978). This is the most common type of partial remand, *i.e.*, the court of appeals wants clarification of facts that may affect appellate jurisdiction. See, Knibb's *Federal Court of Appeals Manual*, Sixth Edition, §27.1 at 666-67. Thus, if this Court rules that the Claims Administrator is not entitled to another chance to submit competent evidence in support of its

---

[1] The matters before the Court are as follows:

    a.    Petitioners' Emergency Motion for a Preliminary, Mandatory Injunction Requiring the Claims Administrator to Process Petitioners' Claims [ECF No. 22042];

    b.    Objection to the Report of the Claims Administrator [ECF No. 22307;

    c.    Amended Motion for Entry of Order Deeming BP Claim to Be Timely Filed [ECF No. 22306].

(collectively, the "Motions"). The background is detailed more fully in the Motions and, for sake of brevity, will not be repeated herein.

[2] Fifth Circuit Case No. 17-30544, Document: 00514192352.

2

allegations, having already missed the procedural deadline to challenge Petitioners' properly filed affidavits, the parties must promptly notify the circuit clerk when the district court has decided the issue on remand. Fed. R. App. P. 12.1.

Here, the Movants timely filed all of the financial statements and other supporting documents necessary to establish their claims and that, at minimum, they attempted to file the "purple claim form" and were led to believe that the form was actually filed. Without jurisdictionally compliant affidavits or declarations, the Claims Administrator's response in this court is unsubstantiated.

Now, the Claims Administrator will undoubtedly ask the Court to excuse his failure to timely submit competent evidence regarding the glitches and oddities inherent in its electronic filing system.

The Administrator cannot have it both ways. To justify his ignoring Movants' claims, the Administrator has advocated a hyper-technical argument regarding the alleged non-filing of the purple form. Unfortunately for the Administrator, he offered non-competent evidence to support his theory. The Fifth Circuit has since confirmed Movants' position that the Administrator's declarations should not have been considered. Nevertheless, his form over substance approach is more easily applied under these circumstances. The Administrator had his chance and, unlike Movants' situation, which includes countervailing, timely filed, massive pile of claims support financials, the Administrator's filing mistake cannot be explained or justified.

The Administrator is too late to remedy his mistake. Moreover, if afforded the chance, Movants will prove his filing portal was the problem, and their claim forms were timely filed. This Court should enter an order directing the Claims Administrator to process the Movants' claims. When this Court enters that order, Movants will inform the Fifth Circuit, as required by FRAP

12.1, and the Fifth Circuit will dismiss Movants' appeal as moot.

## II. The Claims Administrator Failed to Prove that Movants' Claims were not Timely Filed.

There is no dispute that Movants timely filed thousands of pages of financial documents that provided ample evidence of their claims. Yet, the Claims Administrator and BP continue to spend significant resources in an effort to avoid even processing Movants' claims. Their alleged basis for ignoring the claims is that that the "purple forms" were allegedly not filed by Movants. Movants submitted evidence that the claim forms were filed, and that if their forms were missing from the Administrator's claims portal, then such omission had to be the result of filing glitches that were the fault of the Claims Administrator's notorious electronic filing portal.

In opposition, the Claims Administrator offered only unsworn declarations to explain why the technical glitches raised by Movants were wrong. The problem, as the Fifth Circuit concluded, is that the Administrator's declarations were unsworn and must therefore be disregarded. *Lelieve v. Oroso*, 846 F. Supp. 2d 1294, 1299 (S.D. Fla. 2012); *see*, *also*, *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145–46 (10th Cir. 2004) (holding that failure to comply with §1746 required dismissal of claims); *Miller v. Fed. Home Loan Mortgage Corp.*, 4:12CV746, 2013 WL 6172542, at *1 (E.D. Tex. Nov. 22, 2013) (where Plaintiff unsuccessfully argued substantial compliance even while leaving out "under penalty of perjury" as the Claims Administrator did here).

The claims portal clearly does not afford parties the same ease of use and clarity of the CM/ECF system with which counsel are more familiar. For example, the CM/ECF system would not allow a party to file supporting documents without filing the actual complaint. The Administrator's portal appears to accept supporting documents, gives the impression that a claim is filed, when in fact a purple cover sheet may not have been filed. Further, the Claims

4

Administrator has admitted that "documents' visibility is impacted by the pop-up blocker," and the Administrator's attorney liaison's do not know why that it is the case.[3] Hence, the persons supposedly assisting attorneys with the filing of claims cannot even explain the workings of the electronic portal.[4]

Further, the Claimants were not afforded the opportunity to reply to the Administrator's opposition. This Court entered its Order denying Movants' claims only six (6) days after the CA filed its Response. Claimants have suffered significant losses as a result of the BP Oil Spill, and, at a minimum, should be afforded the opportunity to investigate why their timely conducted efforts to file claims have been ignored by the Administrator, or at least to fully brief why they are being denied this opportunity.

In sum, despite the filing obstacles they have had to traverse, Movants have submitted competent evidence that their "purple claim forms" were filed timely. The CA failed to offer competent evidence in response. Movants' Motions should be granted and the Administrator directed to do his job and process Movants' claims.

**III.   It is Too Late for the Administrator to Cure its Failure to try to Rebut Movants' Proof of Timely Filing Claims.**

Further, the Court should not permit the Claims Administrator to remedy its mistake. The Claims Administrator directly challenged Movants' assertions of jurisdictional compliance with documents that failed to meet the jurisdictional threshold for the Court to consider such documents

---

[3] See email dated November 16, 2016 from CA attorney liaison Geraldine Bowen, a copy of which is attached as Exhibit "A".

[4] Interestingly, the CA attached to its Opposition an email from its attorney liaison dated March 22, 2016, wherein she purportedly explained why there was no system error, but the CA conveniently failed to provide a copy of the same persons' email dated November 16, 2016, wherein she stated "I do not know why but when [pop-up blocker] is turned off, the documents become visible."

as competent evidence. "Simply put, what is good for the goose is good for the gander." *U.S. v. Arroyo-Jaimes*, 608 Fed. Appx. 843, 849 (11th Cir. 2015) (government's offer of arrest record without affidavit or other evidence not sufficient to counter defendants' dispute regarding sentencing ruling). Once the Claims Administrator objected to Movants' proffer, the burden shifted to the Administrator to prove his objections by a preponderance of the evidence. Here, the Claims Administrator failed to proffer any evidence.

Likewise, the CA cannot invoke a theory of strict jurisdictional compliance when it suits his purposes and reject that same theory when it does not suit his purposes. Here, as the Court said in *Cole v. Angora Enterprises, Inc.*, 403 So. 2d 1010, 1012 (Fla. 4th DCA 1981), approved, 439 So. 2d 832 (Fla. 1983), the Claims Administrator has "quite simply been hoisted on its own petard…". *See*, *also*, *Campbell v. Colvin*, 1:12CV0235-SAA, 2013 WL 4008902, at *4 (N.D. Miss. Aug. 5, 2013) (holding that an administrator must apply the same argument to all of his opinions, not just the ones it does not like). The Administrator's cannot now retreat from his position that "unsupported" statements cannot be considered.

## IV. The Claims Administrator's Refusal to Process Movants' Claims Violates the Terms of the Settlement Agreement.

Finally, the Claims Administrator's efforts to resist even considering Movants' claims runs contrary to the express provision of the Settlement Agreement. The Administrator is supposed to use "its best efforts to provide class members with assistance, information, opportunities, and notice so that each class member has the best opportunity to be determined eligible for and receive payment under the settlement agreement." (Section 4.3.7). Its, system, however, does not even notify claimants who have filed all supporting documents that they still need to file their claim form. Indeed, it actually gives the impression that a claim has been submitted even if, according to the administrator, the purple form has not been filed.

6

The Claims Administrator is also supposed to work with claimants "to facilitate . . . assembly and submission of claim forms and supporting documents." (Section 4.3.7). No such assistance was provided here. In fact, notwithstanding the Administrator's admission that Movants' submitted the necessary financials, he never provided any notice that the purple forms were not filed. The Administrator's position was discovered only after Movants' contacted his office to check on the status of the processing of their claims.

Now, despite the Claims Administrator's failure to carry-out his duties to assist and provide Claimants with the best opportunity to receive payment, his admission that Movants' timely submitted the financials supporting their claims and his failure to submit competent evidence to rebut Movants' claims that his claims portal is flawed, he wants this Court to afford him the opportunity to excuse his mistake and allow him to file evidence after the deadline to do so has passed. The Administrator's position cannot possibly be justified.

## V. Conclusion

For the foregoing reasons, this Court should grant the Motions and direct that the Claims Administrator immediately process Movants' claims.

    Respectfully submitted,

    **CONGENI LAW FIRM, LLC**

    BY:   */s/Leo D. Congeni*
          LEO D. CONGENI  (#25626)
          424 Gravier Street
          New Orleans, LA  70130
          Telephone: 504-522-4848
          Facsimile:  914-992-0378
          Email:  leo@congenilawfirm.com

    *Attorney for Kiva Construction and Engineering, Inc.*

*/s/ John N.C. Ledbetter*

JOHN N.C. LEDBETTER, ESQ.
Ledbetter & Associates, P.L.
4461 Gulfstarr Drive, Suite 102
Destin, FL 32541
led@destinlawgroup.com
850.650.1040

*Attorney for Coastal Business Products, Dan Karpuk Heating & Air, Inc., Psychological Medical Solutions, Teel & Waters Realty Company, Coastal Brick, LLC, Allen Ray McGinnis, Brandon 0. Stewart, PA and Elzbiata Stinebaugh*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Brief* has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of October, 2017.

*/s/ Leo D. Congeni*

LEO D. CONGENI