**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater | * | **MDL No. 2179** |
| Horizon" in the Gulf of Mexico, | * | |
| On April 20, 2010 | * | **Section: J** |
| | * | |
| This filing relates to: *All Cases* | * | **District Judge Carl J. Barbier** |
| | * | |
| (Including Civil Action No. 12-970) | * | |

<u>**ORDER**</u>

**[Approving Procedure for the Processing by the Claims Administrator**
**of the Deepwater Horizon Economic and Property Damages Settlement Agreement**
**to Resolve Facially Payable Claims, Unresolved Third Party Claim Disputes, and**
**Claims Subject to Bankruptcy]**

**CONSIDERING** the request by Patrick A. Juneau, the Claims Administrator of the

Economic and Property Damages Settlement (the "Claims Administrator"), for entry of an Order

in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's

continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages

Settlement Agreement as amended on May 2, 2012 (the "Settlement Agreement") and the

December 21, 2012 Order Granting Final Approval of the Settlement Agreement (Document No.

8139), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

    1.    The Procedure submitted by the Claims Administrator is approved as Court
Approved Procedure No. 5, which will govern the process by which the Claims Administrator
will resolve Facially Payable Settlement Program Claims, unresolved Third Party Claim
disputes, and Claims subject to bankruptcy.

    2.    This Court retains continuing and exclusive jurisdiction over the interpretation,
implementation, and enforcement of this Order and of the Court Approved Procedure No. 5.

New Orleans, Louisiana, this 23rd day of October 2017.

**CARL J. BARBIER**
**United States District Judge**

| DEEPWATER HORIZON ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT COURT APPROVED PROCEDURE | | | |
|---|---|---|---|
| **Court Approved Procedure Number** | **5** | **Effective Date** | **October 23, 2017** |
| **Subject** | **Resolution of Facially Payable Settlement Program Claims, Unresolved Third Party Claim Disputes, and Claims Subject to Bankruptcy** | | |

1.    *Defined Terms.*   Any capitalized terms used and not expressly defined in this Procedure shall have the meanings ascribed to them in the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012, and approved on December 21, 2012) ("Settlement Agreement") or Court Orders in aid of settlement implementation.  Any references to "Claimant" herein refer to an unrepresented Claimant or to counsel on behalf of a represented Claimant, as appropriate.

2.    *The Purpose of this Procedure.*[1]   The Settlement Agreement directs the Claims Administrator to receive and process all submitted claims to a final status of paid, denied, or otherwise closed without payment.  The Settlement Agreement does not establish any deadlines for the Claims Administrator to issue payments.  This means that the Settlement Program does not impose a deadline for a Claimant to accept the Claims Administrator's determination that a claim is eligible for payment, submit other information required to pay such a claim, resolve a Third Party Claim dispute, or satisfy bankruptcy requirements.  Throughout the course of the Settlement Program, the Claims Administrator has observed that some Claimants do not accept his determination and/or do not provide other information required to pay eligible claims even after multiple attempts to obtain it.  All such claims that have been fully and finally determined to be payable (*i.e.*, all opportunities for Re-Review, Reconsideration, Appeal, etc., as well as any applicable deadlines to request the same have expired) and are no longer subject to the claims review process are "Facially Payable Claims."  This Procedure defines the process the Claims Administrator will implement to resolve and finalize Facially Payable Claims, unresolved Third Party Claim disputes, and Claims subject to bankruptcy to facilitate the timely and efficient closure of the Settlement Program.  Current Notices will be updated as necessary in accordance with this Procedure.

3.    *The Claims Administrator's Existing Processing Steps for Facially Payable Claims.*

    (a)    *Eligible Claim Determination*.  If the Claims Administrator has determined that a claim is eligible, he has notified the Claimant of the total award amount and described steps to either accept the award or appeal the determination.  The Claims Administrator has notified Claimants by: (a) posting the notices to a secure Claimant Portal or to a Firm Portal (for represented

---

[1] Except for Sections 6, 8, and 10, this Court Approved Procedure shall not apply to Claims in the Seafood Compensation Program given that the processing of such Claims has been completed.

Claimants) along with an email notification alerting the Portal user to the new notice, or (b) mailing the notice to Claimants who opted out of Portal notifications.

(b)     *Release.*  The notice directed that the Claimant must submit a fully executed and valid Full and Final Release, Settlement, and Covenant Not to Sue ("Release").  The Claimant had the option to accept or appeal the Claims Administrator's determination through the secure Portal or hard copy mail, and such determination was deemed accepted if the Claimant and/or BP did not timely exercise the appeal rights provided in the Settlement Agreement.  If the Claimant accepted the determination but did not submit the Release, the Claims Administrator issued at least one follow-up notice and may have also performed outreach to the Claimant by phone and/or e-mail to elicit the required Release or other supporting documentation.

(c)     *Payment Documents.*  The Claims Administrator requires certain payment documentation including a W-9 Form, an Attorney Fee Acknowledgment Form, and payment instructions (collectively, "Payment Documents").  If the Claims Administrator determined that the Claimant had not provided all the necessary Payment Documents, he issued an incompleteness notice explaining what documents were still needed.  If the Claimant failed to provide the requested Payment Documents within 30 days after issuance of the incompleteness notice, the Claims Administrator issued at least one follow-up notice and may have performed outreach to the Claimant by phone and/or e-mail to elicit the required information.

(d)     *Claimant Identity and Signatures.*  The Claims Administrator verifies the Claimant's identity and confirms that the Claim Form is signed by an authorized individual before issuing payment.  The Claims Administrator initiated the identity and signature verification processes at the beginning of the claims review process and issues an incompleteness notice informing the Claimant of any missing information.  If the Claimant failed to provide the requested information within 30 days after issuance of the incompleteness notice, the Claims Administrator issued at least one follow-up notice and may have performed outreach to the Claimant by phone and/or e-mail to elicit the required information.

(e)     *Payment.*  Upon receipt of a properly executed Release, complete Payment Documents, and other information required to pay a claim, the Claims Administrator issued payment on a Facially Payable Claim by check or wire transfer without further interaction with the Claimant.

4.     *Termination of the Claims Administrator's Existing Steps to Process Facially Payable Claims when the Claims Administrator is Missing Information Required to Pay the Claims.*  The Claims Administrator cannot wait indefinitely for Claimants to accept determinations or to submit a Release, Payment Documents, or other information required to pay Facially Payable Claims.  To fulfill his duty to pay timely all eligible claims while providing Claimants with notice and due process, the Claims Administrator will implement the following procedures to elicit the necessary information to pay the claims before rescinding payment offers and closing claims for Claimants' failures to comply with all reminder notices:

(a)     If impediments to payment remain 30 days after the date the Claim becomes Facially Payable, the Claims Administrator shall issue a reminder notice advising the Claimant

that the Claims Administrator is missing a fully executed and valid Release, Payment Documents, and/or information required to pay the claim and provide a 30-day deadline for the Claimant to respond to the reminder notice.

       **(b)**    If impediments remain on a Facially Payable Claim 30 days after issuing the reminder notice described in Section 4(a), the Claims Administrator shall issue a final notice to the Claimant who failed to respond to the reminder notice.  The final notice shall provide an additional 30 days for the Claimant to respond with the requested information or documents.  The final notice will inform the Claimant that failure to respond will result in rescission of the payment offer and closure of the claim.

       **(c)**    If the Claimant does not timely respond to either of the notices described in Sections 4(a) and 4(b) of this Procedure, the Claims Administrator shall take all appropriate actions necessary to rescind any outstanding payment offer and close the claim(s). Such action by the Claims Administrator shall be final and not subject to any appeal or review.

       **5.**    ***The Claims Administrator's Existing Steps to Process Uncashed Checks or Rejected Wires.***  The Claims Administrator issues a check or sends a wire to make a claim payment.  If a wire was rejected or if a check was not presented for payment (each an "Unclaimed Payment"), the Claims Administrator performed outreach to the Claimant by phone and/or e-mail. If a wire was rejected, the Claims Administrator performed immediate outreach to the Claimant to resolve the issue.  If a check was not presented for payment within 90 days, the Claims Administrator contacted the Claimant by phone to inform the Claimant that the check had not been cashed.  If a check still had not been presented for payment, the Claims Administrator contacted the Claimant by phone again after 120 days, and then after 150 days.  Additionally, the Claims Administrator sent the Claimant a letter and an email (if an email address is available) to the mailing address and the email address of record advising the Claimant of the impending 180-day deadline, after which the check would become stale.  If 180 days from issuance passed and the check became stale, the Settlement Program stopped payment on the check.

       **6.**    ***Termination of the Claims Administrator's Existing Steps to Process Unclaimed Payments.***[2]  To fulfill his duties, the Claims Administrator will implement the following procedures to secure payment for all Unclaimed Payments:

       **(a)**    The Claims Administrator shall follow all the processes outlined in Paragraph 5 of this Procedure.

       **(b)**    If the check still has not been negotiated after 180 days after the date of issuance, or if the wire has not been accepted after 180 days after transmission, and if the Claimant still has not responded to the Claims Administrator in a manner determined by the Claims Administrator in his discretion to constitute an intent to claim such payment, the Claims Administrator will classify the payment as "Unclaimed" and void the outstanding liability, and the Unclaimed Payment amount shall be remitted to the State of the Claimant's address on file with the Settlement Program as being "Unclaimed".  No checks will be re-issued and no wires will be

---

[2] See footnote 1, *supra*.

re-transmitted, and such remittance to the applicable State by the Claims Administrator shall be final and not subject to any appeal or review.[3]

7.      **The Claims Administrator's Duty to Withhold Disputed Third Party Claim Amounts.**  The First Amended Court Approved Procedure Order No. 1 (as entered on September 11, 2012 and amended on March 11, 2013) ("CAP No. 1") defines the process by which the Claims Administrator will receive, process, and pay Third Party Claims.  If there is a dispute over a valid Third Party Claim, the Claims Administrator withholds the disputed Third Party Claim amount and issues a Third Party Claim Dispute Notice advising the Claimant and the Third Party Claimant of the dispute resolution options.  The Claims Administrator issues payment of the withheld amount upon receipt of written confirmation from the parties that the dispute has been resolved or upon receipt of a final decision from the applicable state or federal agency or court or the Third Party Claims Adjudicator in accordance with Court orders regarding settlement implementation, including CAP No. 1, the Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement, and the Rules Governing the Third Party Claims Dispute Resolution Process.

8.      **Termination of the Claims Administrator's Duty to Withhold Unresolved Third Party Claim Dispute Amounts.**[4,5]  The Claims Administrator cannot wait indefinitely for the Claimant and the Third Party Claimant to resolve a dispute and continue to withhold disputed Third Party Claim amounts.  To fulfill his duty to pay timely a valid Third Party Claim while providing the Claimant and Third Party Claimant with due process and an opportunity to resolve the dispute, the Claims Administrator will implement the following procedures to pay unresolved Third Party Claims:

      **(a)**      The Claims Administrator shall continue to follow all the processes outlined in Paragraph 7 of this Procedure.

      **(b)**      If the dispute is resolved by written agreement or by final decision from the applicable state or federal agency or court, or if the Claimant and the Third Party Claimant have entered Dispute Resolution within 60 days of the Third Party Claim Dispute Notice, the Claims Administrator will make payments as required by the written agreement, the final decision of the applicable state or federal agency or court, or the final decision of the Third Party Claims Adjudicator.

---

[3] Paragraph 6b of Court Approved Procedure 5 will also apply to outstanding 6% Holdback Funds (see Rec. Docs. 7660, 14828, and 14946).

[4] See footnote 1, *supra*.

[5] The Rules Governing the Third Party Claims Dispute Resolution Process approved by the Court on July 26, 2013 (Rec. Doc. 10877) apply to disputes over attorney fees or fees for other services performed in connection with a Settlement Program claim.  Rule 10(b) provides that "The requesting party shall submit a Request Form [to participate in the Dispute Resolution Process] to the Claims Administrator within 60 days after the date of the Notice of Third Party Claim Dispute from the Claims Administrator."  The provisions in Paragraphs 8(b) – (c) in this Court Approved Procedure are not intended to supersede or conflict with the 60 day deadline in Rule 10(b) but rather to supplement that Rule by providing a manner in which the Claims Administrator may resolve those Third Party Claim disputes for which neither party has requested to enter the Third Party Claims Dispute Resolution Process prior to the deadline.

(c)     If the dispute is not resolved by written agreement or by final decision from the applicable state or federal agency or court, or if the Claimant and the Third Party Claimant have not entered Dispute Resolution within 60 days of the Third Party Claim Dispute Notice, the Claims Administrator will determine the distribution of the withheld funds between the Claimant and the Third Party Claimant and issue payment of the withheld funds accordingly.  Any such determination by the Claims Administrator will be made in his sole discretion and shall be final, binding, and non-appealable.

(d)     If requested by the Claims Administrator, the parties shall work with the Deepwater Horizon Economic Claims Center to effect an orderly and efficient mechanism for (a) the deposit of the withheld disputed funds into the registry of the appropriate court or (b) the disbursement of the funds to an escrow holder or by some other manner acceptable to and agreed upon by the Claims Administrator, satisfying any release, tax reporting, and other documentation requirements of the Deepwater Horizon Economic Claims Center, and in accordance with the Settlement Agreement and Court orders regarding settlement implementation, including the Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement.

**9.     *The Claims Administrator's Duty to Withhold Settlement Payments to Debtor Claimants.*** In implementation of Section 30.1 of the Settlement Agreement, Reissued Procedure No. 445 v.2 defines the process by which the Claims Administrator will receive, process, and pay claims filed by any claimant who is undergoing or has recently undergone a bankruptcy proceeding (a "Debtor Claimant") that may require any settlement payment be approved, disclaimed, or abandoned by a bankruptcy court or trustee.  If any release, order, disclaimer, abandonment, or other requirement applicable to and required by the Claims Administrator ("Bankruptcy Requirements") to be provided or satisfied by or on behalf of any Debtor Claimant has not been provided or obtained, the Claims Administrator withholds the settlement amount.  The Claims Administrator issues follow-up notices and may perform outreach to the Debtor Claimant (and/or its attorney if represented) and/or trustee as applicable by phone, correspondence, and/or by email to elicit the provision or satisfaction of all outstanding Bankruptcy Requirements.

**10.     *Termination of the Claims Administrator's Duty to Withhold Settlement Payments to Debtor Claimants.*[6]**   The Claims Administrator cannot wait indefinitely for any or all of the Bankruptcy Requirements to be provided or satisfied and continue to withhold Claim amounts otherwise due Debtor Claimants and/or their trustees.  To fulfill his duty to pay timely a valid Claim while providing the Debtor Claimant and/or, as applicable, its trustee with due process and an opportunity to provide or satisfy any Bankruptcy Requirements, the Claims Administrator will implement the following procedures:

(a)     The Claims Administrator shall continue to follow all the processes outlined in Paragraph 9 of this Procedure.

---

[6] See footnote 1, *supra*.

**(b)**      For all bankruptcy proceedings affecting any Debtor Claimant that remain open and have not been closed, at such time as determined appropriate by the Claims Administrator in his sole discretion, the Claims Administrator shall provide to the Debtor Claimant (and/or its attorney if represented) and/or trustee, as determined to be applicable and appropriate by the Claims Administrator (depending on whether the case was filed under Chapter 7, 11, 12, or 13 of the Bankruptcy Code and whether (in a Chapter 11 case) a trustee has been appointed), an "Open Case Bankruptcy Requirements Notice" (1) describing the Bankruptcy Requirements outstanding, and (2) reciting that if the Bankruptcy Requirements are not provided or satisfied within 60 days of the Open Case Bankruptcy Requirements Notice, the Claims Administrator shall close the claim.

**(c)**      For all bankruptcy proceedings affecting any Debtor Claimant that are no longer open and have been closed, at such time as determined appropriate by the Claims Administrator in his sole discretion, the Claims Administrator shall provide to the Debtor Claimant (and/or its attorney if represented) and/or trustee and/or Office of the United States Trustee (or comparable oversight agency), as determined to be applicable and appropriate by the Claims Administrator (depending on whether the case was filed under Chapter 7, 11, 12, or 13 of the Bankruptcy Code and whether (in a Chapter 11 case) a trustee has been appointed), a "Closed Case Bankruptcy Requirements Notice" (1) describing the Bankruptcy Requirements outstanding (which may include the reopening of the case for the purpose of having the claim scheduled, administered, disclaimed, or abandoned), and (2) reciting that if the Bankruptcy Requirements are not provided or satisfied within 90 days of the Closed Case Bankruptcy Requirements Notice, the Claims Administrator shall pay the claim to the Debtor Claimant in accordance with the Settlement Program's policies, procedures, and requirements.

**11.      *Implementation of this Procedure.***  The Claims Administrator has the discretion to administer any steps necessary to implement this Procedure.

**12.      *Amendments to this Procedure.*** Any amendments to this Procedure shall be subject to Court approval.