UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISINANA

| | | |
|---|---|---|
| In re: Oil spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION:  J |
| | * | |
| | * | JUDGE BARBIER |
| This document relates to: | * | |
| No. 11-cv-00916 | * | MAGISTRATE JUDGE WILKINSON |
| *Parish of Plaquemines v. BP PLC, et al* | * | |

**REPLY MEMORANDUM ON BEHALF OF PLAQUEMINES PARISH GOVERNMENT TO SPECIAL COUNSEL'S OPPOSITION TO MOTION TO DISMISS [R.DOC. 23501]**

**MAY IT PLEASE THE COURT:**

Plaquemines Parish Government ('PPG"), through their undersigned counsel, respectfully submits this Reply Memorandum responding to the Memorandum in Opposition to Plaquemines Parish's Motion to Dismiss [R.Doc. 23501] filed by Martzel, Bickford & Centola, APC; David Landry, Esq.; and King, Krebs and Jurgens, PLLC ("Special Counsel"), and in further support of PPG's pending Motion to Dismiss.

Special Counsel HAS pushed the boundaries of absurdity and credulity with their four core contentions that present an opposition to PPG's Motion to Dismiss: (1) Special Counsel suggests that the Court should examine the substantive issue and the merit of the parties's claim when it benefits Special Counsel, but not when such a review harms their interests; (2) a venue provision in an entirely unrelated contract to which Special Counsel are not a party somehow trumps a mandatory form selection clause in the Representation Agreement to which they are a party; (3)

Special Counsel's "vital interest" in staying in federal court somehow trumps all of the jurisprudence in the Fifth Circuit interpreting Louisiana law, as well as Louisiana law generally; and, (4) that mere "public-interest factors" somehow prevent dismissal on forum non-conveniens grounds.

**1.  The Court need not determine whether the Representation Agreement is Valid before enforcing the forum selection clause.**

In their Opposition memorandum, Special Counsel suggests that, "Meanwhile, at the same time the Parish insists that the Representation Agreement with Special Counsel is illegal and unenforceable, it seeks to rely on a provision of that very Representation Agreement to dismiss Special Counsel's Motion for Fees." [R.Doc. 23501, p. 2] This is an invitation to the Court to decide the merits of the Representation Agreement before addressing the forum-selection clause. There is no requirement for the Court to address all substantive issues before enforcing the clause.

Indeed, in their Reply to Plaquemines Parish's Opposition to Motion to Intervene, Special Counsel that the issues presently before the Court "cannot be resolved by reference to the ultimate merit of the claims which the intervenor wishes to assert following intervention." [R.Doc. 23533, p. 2]  Special Counsel cannot have it both ways, attempting to convince the Court to look into the merits of the Parties' contentions only when it benefits Special Counsel.  Here, Special Counsel placed the Agreement and its mandatory forum selection clause squarely before the Court by attaching the Agreement as "Exhibit A" to their Proposed Intervention.  [R.Doc. 23344-3, p. 2] Consequently, the language of the Agreement, and specifically the mandatory forum selection clause, should control.

00530523-1

2

**2.      A venue clause in an unrelated contract cannot trump a forum selection clause in the relevant contract**.

Special Counsel makes the absurd argument that "the forum-selection clause in the Representation Agreement was superseded by the later and more specific provision in the Settlement Agreement." [R.Doc. 23501, p. 3]  In essence, what Special Counsel is suggesting is that a venue provision in the Settlement Agreement between PPG and BP, to which Special Counsel are not a party would somehow control a mandatory forum selection clause in the Representation Agreement between Special Counsel and PPG, and to which Special Counsel *are* parties.  This is ludicrous.

The Settlement Agreement between BP and PPG has been executed and is essentially over with except for BP's remaining payments.  If BP somehow defaulted on the payment obligations, certainly the federal court would be the correct forum in which PPG would pursue remedies to enforce the Settlement Agreement.  In contrast, the Settlement Agreement makes no mention of attorney's fees and Special Counsel have no rights to enforce under the Settlement Agreement between BP and PPG.  The Settlement Agreement is solely between the "Released Parties" and the "Claimant."  Simply put, the Settlement Agreement provides Special Counsel absolutely no right or remedies, and any venue provision therein is irrelevant.

Instead, all of their rights and remedies will be determined by the substantive issues associated with the Representative Agreement.  Special Counsel are sophisticated enough to know that they bargained for and agreed to venue in the 25th JDC for Plaquemines Parish.  At the time they entered into that Representation Agreement, they all knew that all claims had to be filed in

federal court as the BP litigation and the Court Orders associated with same at that time required all such claims to be brought in federal court. Consequently, their actions clearly waive venue in federal court.

**3. Special Counsel's "Vital Interest" in Avoiding Litigation in Plaquemines Parish does not Control the Venue Question**

Special Counsel makes much of the "Court's 'vital interest' in resolving attorney-client disputes arising out of the litigation before the Court." [R.Doc. 23501, p. 4]  In making this statement, Special Counsel attempts to cast the Court as its own "stalking horse" to protect Special Counsel's "vital interest" in avoiding litigation in 25th JDC for Plaquemines Parish. Not surprisingly, Special Counsel are unable to cite any legal authority in support of their contention that such "vital interests" prevail over a mandatory forum selection clause to which they agreed. Indeed, the jurisprudence, particularly in the Fifth Circuit is completely contrary to their contention as the Court's of the Fifth Circuit enforce mandatory forum selection clauses as here.

**4. The forum selection clause requires the dismissal of Special Counsel's Claims under the doctrine of forum non-conveniens**

The Agreement drafted by Special Counsel contains a mandatory forum selection clause which reads in relevant part as follows:

> Proper venue and jurisdiction for all lawsuits, arbitration, claims, disputes, and other matters in questions [sic] between the parties to this agreement or any breach thereof, shall be in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.[1]

---

[1]  Exhibit No. 6; also, [R. Doc. 23266-4, Section 9. General, p. 8 of 10.].

Long ago, the historical disapproval of forum selection clauses gave way to the U.S. Supreme Court's rule established in the 1970's in *M/S Bremen v. Zapata Off–Shore Co.*.[2] The controlling rule is that such clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable under the circumstances." The Fifth Circuit follows this rule as well.[3] Likewise, this Court enforces these clauses particularly when a specific court in a specific Parish is designated as here.[4]

Accordingly, before the Intervention is even considered, the Plaintiffs' claims and Motion should be dismissed without prejudice and Special Counsel should be required to refile in Plaquemines Parish. Simply put, this is a Plaquemines Parish dispute which should remain there.

The Supreme Court recently clarified that when a federal court encounters a forum-selection clause requiring venue in state or foreign forum, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non*

---

[2] 407 U.S. 1, 10, 92 S.Ct. 1907, 1913 (1972).

[3] *See, Ginter ex rel. Ballard v. Belcher, Prendergrast & Laporte,* 536 F.3d 439, 441 (5th Cir. 2008) ("In cases such as this one, where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable.")*; Lighthouse MGA, LLC v. First Premium Insurance Grp., Inc.,* Nos. 11-30293, 11-30500, 2011 WL 5331623, at *2 (5th Cir. Nov. 7, 2011) (recognizing the propriety of court's decisions holding that forum selection clause purporting to give state courts exclusive jurisdiction constitute "an enforceable waiver of a party's right to have disputes connected to the contract heard in a federal forum.").

[4] *Gray Casualty & Surety Co. v. DRS Veteran Enterprises, LLC,* No. 16-13441, 2016 WL 6157608, at *3 (E.D. La. Oct. 24, 2016) (holding that forum selection clause stating that venue for all suits arising from the contract shall be in Jefferson Parish constituted an effective waiver of defendant's removal rights, because there is no federal courthouse located in Jefferson Parish); *City of New Orleans v. Nat'l Serv. Cleaning Corp.,* No. CIV.A. 96-1601, 1996 WL 419750, at *3 (E.D. La. July 24, 1996), as amended (Oct. 4, 1996).

*conveniens*."[5] Usually, absent a forum-selection clause, a court applying that doctrine must determine whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum.[6] The presence of a valid forum-selection clause simplifies this analysis in two ways. First, "the plaintiff's choice of forum merits no weight" because, by contracting for a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises."[7] Second, the private-interest factors "weigh entirely in favor of the preselected forum," so that the "district court may consider arguments about public-interest factors only."[8] Hence, a valid forum-selection clause controls the *forum non conveniens* inquiry "[i]n all but the most unusual cases."[9] This harmonizes with the Court's guidance that contractually selected forums often "figure[ ] centrally in the parties' negotiations" and become part of those parties' "settled expectations"—so if a plaintiff disregards such a contractual commitment, "dismissal ... work[s] no injustice."[10]

Federal law governs the "enforceability" of forum-selection clauses in this Circuit.[11] Under federal law, forum selection clauses are presumptively enforceable.[12] A party

---

[5] *Atlantic Marine Construction Co. v. United States District Court,* - U.S. -, 134 S.Ct. 568, 580, 187 L.Ed.2d 487 (2013).
[6] *DTEX, LLC v. BBVA Bancomer, S.A.,* 508 F.3d 785, 794–95 (5th Cir. 2007*).*
[7] *Atl. Marine,* 134 S.Ct. at 581–82.
[8] *Id.* at 582.
[9] Id. at 583.
[10] *Id.* at 583 & n.8.
[11] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5thCir. 2016) (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997)).
[12] *See, Weber v. PACT XPP Techs., AG,* 811 F.3d 758, 773 (5th Cir. 2016).

attacking the enforceability of a forum selection clause can overcome the presumption by demonstrating that the clause is "unreasonable under the circumstances" because:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching;
> (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum;
> (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or
> (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[13]

None of these factors apply here.

As to the public interest factors in *Atlantic marine* to which Special Counsel refer, these include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.[14] These factors justify a refusal to enforce a forum-selection clause only in "truly exceptional cases."[15]  In *Barnett*, *supra*, the Fifth Circuit enforced a forum selection clause which required the plaintiff to pursue his remedies in Kuwait.[16] Requiring

---

[13]   *Barnett*, 831 F.3d at 301 (quoting Haynsworth, 121 F.3d at 963).
[14]   *Weber v. PACT XPP Techs.,* AG, 811 F.3d 758, 776 (5th Cir. 2016).
[15]   *Id.*
[16]   831 F.3d at 309.

Special Counsel to refile in Plaquemines Parish triggers none of these public interests and presents no hardship for Special Counsel whatsoever.

The Louisiana federal District Courts closely follow *Barnett*. For example, in *Stratos Enterprises Inc. v. Spirit Halloween Superstores LLC*,[17] the Court enforced a forum selection clause sending the case to New Jersey, since the plaintiff failed to establish any public interest factor favoring the federal forum as is the case here. As the Court reasoned:

> This case is not unusual and Plaintiffs have failed to meet their burden of showing that the public-interest factors favor keeping this matter despite the existence of an enforceable forum-selection clause. Plaintiffs concede that the first factor is neutral. [doc. #17, p. 7]. As for the second factor, Plaintiffs contend that "this community maintains an interest in the matter because resolution of the dispute potentially will affect business(es) and workers in and around this area". *Id.* However, New Jersey has at least an equal interest in this matter, as the Consignment Agreement was executed there, Spirit's principal place of business is located in New Jersey, and Plaintiffs traveled to New Jersey on numerous occasions to attend Spirit's annual training event and learn about Spirit's business. [doc. #13, p. 8; Platas Decl., ¶¶ 2, 10, 11). The third and fourth factors weigh in favor of transfer. The Consignment Agreement contains a choice of law provision which states that the agreement "will be governed and construed in accordance with New Jersey law, without regard to conflict of law principles, and shall be treated as if the entire transaction was entered into in the State of New Jersey." Consignment Agreement, § 8.1. Thus, New Jersey law will very likely apply to the merits of this case. The last factor is neutral, as Plaintiffs have not demanded a jury trial. Finally, there is no contention that New Jersey state court in Atlantic County is unavailable or inadequate as an alternative forum.[4]"

---

[17]    No. CV 16-1329, 2016 WL 8188665, at *4 (W.D. La. Dec. 13, 2016), report and recommendation adopted, No. CV 16-1329, 2017 WL 442771 (W.D. La. Feb. 1, 2017)

Likewise, in this matter, the Special Counsel have failed to even attempt to address any of these "public interests." Accordingly, their claims should be dismissed so that the Parties may pursue their remedies in Plaquemines Parish.

## CONCLUSION

Special counsel have failed to establish any legal basis, factors or public interests which should cause this Court to ignore the mandatory forum selection clause in the Representation Agreement. Accordingly, the Special Counsel's claims should be dismissed so that the Parties may pursue their remedies in their chosen forum of the 25th JDC in Plaquemines Parish.

Respectfully submitted:

/s/ Andrew C. Wilson
Andrew C. Wilson (#01162)
Simon Peragine Smith & Redfearn LLP
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Facsimile: (504) 569-2999

and
PETER A. BARBEE (#18778)
WILLIAM S. CULVER, JR. (#4650)
8056 Highway 23 Ste. 200
Belle Chasse LA 70053
504/297-5575 Telephone
504/297-5697 Telefax
***Counselors for Plaquemines Parish Government***

## CERTIFICATE OF SERVICE

It is certified that the above and foregoing Memorandum on behalf of Plaquemines Parish Government Motion for Leave to File Reply to Special Counsel's Opposition to Motion to Intervene was served electronically with the Clerk of Court of the U.S. District Court, Eastern District of Louisiana, through the CM/ECF system of said Clerk, and through said system will be served by the Clerk on opposing counsel of record.

                   _____/s/ Andrew C. Wilson_____