UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * | **MDL No. 2179** <br> **SECTION: J** |
| | * | **JUDGE BARBIER** |
| **This Document Relates to:** | * | |
| *All Cases, Including Nos. 12-968, 12-970, 15-4143, 15-4146, 15-4654* | * | **MAG. JUDGE WILKINSON** |

## ORDER

**[Adopting Special Master's Recommendations Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs (Rec. Doc. 23491)]**

This multidistrict litigation ("MDL") arises from the April 20, 2010 blowout, explosions, and fire aboard the DEEPWATER HORIZON semi-submersible drilling rig and the subsequent discharge of oil into the Gulf of Mexico from the Macondo Well. The litigation has been extensive, frequently intense, and extremely complex. It has also resulted in several settlements that are relevant here: the Economic and Property Damages Settlement Agreement ("Economic Settlement," Rec. Doc. 6430), the Medical Benefits Class Action Settlement Agreement ("Medical Settlement," Rec. Doc. 6427), the BP/Gulf States Settlement with Respect to Economic and Other Claims ("Gulf States Settlement," Rec. Doc. 15435), the HESI Punitive Damages and Assigned Claims Settlement ("HESI Settlement," Rec. Doc. 15322), and the Transocean Punitive Damages and Assigned Claims Settlement Agreement ("Transocean Settlement," Rec. Doc. 14644). In connection with these settlements, defendants BP, HESI, and Transocean agreed to pay, subject to this Court's approval, a combined amount of approximately $765 million as common benefit attorneys' fees, shared expenses, and held costs, separate from and in addition to benefits received

by class members and the Gulf States.[1] The Court has periodically ordered that some interim shared expenses be reimbursed,[2] but over $700 million remains available to pay common benefit fees and unreimbursed costs. Before the Court is a recommendation from the Special Master as to how these funds should be allocated among the attorneys who performed common benefit work. (Rec. Doc. 23491).

Early in this MDL, the Court adopted Pretrial Order ("PTO") No. 9, which required plaintiffs' attorneys to record time associated with their common benefit efforts and to submit such time, along with any common benefit expenses, to a Court-appointed CPA. (Rec. Doc. 508). On July 15, 2015, the Court entered PTO 59, which set forth a procedure for evaluating and approving common benefit time and expenses. (Rec. Doc. 14863, *amended by* Rec. Docs. 15828, 16020, 18641, 21897). PTO 59 also created and appointed members to the Common Benefit Fee and Cost Committee ("FCC").[3] PTO 59 instructed any counsel seeking a common benefit award or expense reimbursement ("Fee Applicants") to first review and audit their firm's submissions to the Court-appointed CPA to assure that time and expense records were complete, accurate, and related only to common benefit work. Fee Applicants were then required to submit to the FCC an affidavit and memorandum in support of their request for common benefit fees and/or cost reimbursement. PTO 59 provided guidelines by which the FCC was to evaluate Fee Applicants' submissions, which included "the relative common benefit contribution of each Fee Applicant to the outcome of the litigation" as well as the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714,

---

[1] Specifically, BP agreed to pay up to $600 million in connection with the Economic Settlement and the Medical Settlement and another $40 million in connection with the Gulf States Settlement. (Rec. Doc. 6430-46; Rec. Doc. 6427-21; Rec. Doc. 15441). HESI agreed to pay up to $99.95 million (Rec. Doc. 15322-1 § 23), and Transocean agreed to pay up to $25 million (Rec. 14644-1 § 23).

[2] Rec. Docs. 8607, 9520, 10796, 11796, 12664, 13342, 13677, 14432, 15644, 15916.

[3] The Court appointed Stephen J. Herman, James P. Roy, Robert T. Cunningham, Brian H. Barr, Calvin C. Fayard, Jr., Robin L. Greenwald, and Dawn M. Barrios to the FCC. The Court also appointed Arnold Levin and Sandra L. Duggan as Special Counsel to the FCC.

717-19 (5th Cir. 1974).[4] The FCC received 122 common benefit fee applications. The FCC reviewed these applications and conducted 74 interviews with the Fee Applicants.

On July 21, 2016, the FCC filed an Aggregate Fee Petition with the Court (Rec. Doc. 21098), which the Court approved in an Order & Reasons dated October 25, 2016 (Rec. Doc. 21849; *see also* Rec. Doc. 22252 at 46-48). These rulings established only the aggregate amount that was available to compensate common benefit work, the Court did not determine how the aggregate amount would be allocated among the various common benefit attorneys. The FCC conducted further discussions and deliberations regarding the relative contributions made by each Fee Applicant and an appropriate allocation of the common benefit fees which might ultimately be approved and/or awarded. The FCC provided a preliminary allocation recommendation to the Fee Applicants on February 15, 2017. The FCC invited Fee Applicants to raise any objections, concerns, or questions by March 17, 2017. The FCC received 19 written responses. On April 11, 2017, following several additional in-person and telephonic meetings between the FCC and some of the responding Fee Applicants, the FCC filed its Recommendation for Proposed Cost Reimbursement and Fee Allocation ("FCC's Allocation Recommendation") with the Court. (Rec. Doc. 22628).

The Court appointed John W. Perry, Jr. as a Special Master and referred to him the FCC's Allocation Recommendation and any comments or objections to same. (Rec. Docs. 21281, 21898). The Court instructed Special Master Perry to consider the submissions and relevant

---

[4] The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

evidence and prepare an impartial second recommended allocation. One week after the FCC filed its Allocation Recommendation, the Special Master issued "Special Master Order No. 1," which required that any objections to the FCC's Allocation Recommendation be submitted in writing to the Special Master by May 25, 2017. (Rec. Doc. 22727). The Special Master then met with each of the objectors, giving them an opportunity to elaborate on the reasons for their objections. The Special Master also met with members of the FCC and other non-objecting Fee Applicants. These efforts resulted in the "Special Master's Recommendations Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs" ("Special Master's Recommendation"), which was filed with the Court on October 12, 2017 (Rec. Doc. 23491) and is appended to this Order. The Special Master reports that, prior to filing with the Court, he circulated his Recommendation to all Fee Applicants and provided them with an opportunity to object. The Special Master further reports that a few of the Fee Applicants had questions, but none objected. The Special Master states that his Recommendation is fair and should be approved by the Court. (Rec. Doc. 23491 at 12).

Federal Rule of Civil Procedure 53(f)(2) typically gives a party 21 days to file an objection to a special master's recommendation, but it permits a court to set a different time. Considering that there were multiple opportunities for objections, first to the FCC and then to the Special Master, and further considering that none of the Fee Applicants appeared to object to the Special Master's Recommendation, the Court gave the parties one week, or until October 20, 2017, to file any objections. (Rec. Doc. 23494). Both the Special Master's Recommendation and the Court's order setting the deadline for objections were filed in the Court's electronic docket and posted on the Court's public website for MDL 2179, http://www.laed.uscourts.gov/OilSpill/OilSpill.htm.

The Court has received no objections to the Special Master's Recommendation, and the deadline for objecting has now passed.

Federal Rule of Civil Procedure 53(f)(1) permits a court to "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions" a recommendation from a special master. Rule 53(f)(3)-(4) requires a court to decide de novo "all objections" to findings of fact or conclusions of law made or recommended by a special master. Because the Court has received no objections, timely or otherwise, to the Special Master's Recommendation, there is nothing for the Court to decide de novo. The Court previously performed a detailed analysis under the *Johnson* factors when it considered the requests for an aggregate common benefit fee and expense award, and found such aggregate awards to be reasonable and fair. (*See* Rec. Doc. 21849, 22252, 22253) Moreover, the Court has reviewed the Special Master's Recommendation and finds that it appears to be a reasonable and fair allocation of common benefit attorneys' fees and expense reimbursements. Accordingly,

IT IS ORDERED that, pursuant to Fed. R. Civ. P. 53(f), the Court hereby ADOPTS in full the Special Master's Recommendations Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs (Rec. Doc. 23491, a copy of which is attached to this Order) as the Court's own Findings of Fact and Conclusions of Law in conformance with Fed. R. Civ. P. 52(a), 54(d)(2), and 23(h).

New Orleans, Louisiana this 24th day of October, 2017.

**Carl J. Barbier**
**United States District Judge**