UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig "Deepwater         MDL No. 2179
      Horizon" in the Gulf of Mexico, on
      April 20, 2010                                  SECTION: J

                                             JUDGE BARBIER

This Document Relates to:
All Cases, including 12-970 & 12-968                MAG. JUDGE WILKINSON

---

# Special Master's Recommendations
## Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs

The Court has tasked the undersigned, as Special Master, with the assignment of fairly allocating the funds which are available for common benefit attorneys' fees, shared expenses, and held costs. The Special Master submits these Recommendations in response to that assignment.

## I.   The Deepwater Horizon drilling rig blows out, leading to massive litigation.

On April 20, 2010, the Deepwater Horizon drilling rig, located about 42 miles off Louisiana's Gulf coast, blew out.[1] Eleven men died and numerous others sustained injuries.[2] Millions of barrels of oil flowed into the Gulf over the next several weeks.[3] Individuals and businesses throughout the region claimed they were impacted by the oil. Lawsuits followed. On

---

[1] R. Doc. 13381-1 at 6.

[2] *Id.*

[3] R. Doc. 14021 at 44.

August 10, 2010, the Judicial Panel on Multidistrict Litigation combined the federal litigation before

Judge Carl Barbier.[4]  What ensued has been the very definition of "complex litigation."


## II.     Plaintiffs' counsel litigate the matter and achieve settlements worth billions of dollars.

From the outset, the Court appointed several attorneys to aid in and manage the prosecution

of the MDL.  First, the Court appointed Co-Liaison Counsel: James P. Roy (Domengeaux Wright

Roy & Edwards, L.L.C.) and Stephen J. Herman (Herman Herman & Katz, LLC).[5]  Next, the Court

appointed a Plaintiffs' Executive Committee: James P. Roy (Domengeaux Wright Roy & Edwards,

L.L.C.); Stephen J. Herman (Herman Herman & Katz, LLC); Brian Barr (Levin, Papantonio,

Thomas, Mitchell, Rafferty & Proctor, P.A.); and P. Scott Summy (Baron & Budd, P.C.).[6]  Finally,

the Court appointed a Plaintiffs' Steering Committee:  Brian H. Barr (Levin, Papantonio, Thomas,

Mitchell, Rafferty & Proctor, P.A.); Jeffrey A. Breit (Breit, Drescher & Imprevento); Elizabeth J.

Cabraser (Lieff, Cabraser, Heimann & Bernstein); Philip F. Cossich, Jr. (Cossich, Sumich, Parsiola

& Taylor, L.L.C.); Robert T. Cunningham (Cunningham Bounds, LLC); Alphonso Michael Espy

(Morgan & Morgan PA); Calvin C. Fayard, Jr.(Fayard & Honeycutt APC); Robin L. Greenwald

(Weitz & Luxenberg P.C.); Ervin A. Gonzalez (Colson Hicks Edison); Rhon E. Jones (Beasley

Allen Law Firm); Matthew E. Lundy (Lundy, Lundy, Soileau & South, LLP); Michael C. Palmintier

(deGravelles, Palmintier, Holthaus & Frugé); Paul M. Sterbcow (Lewis, Kullman, Sterbcow &

---

[4]R. Doc. 1.

[5]R. Doc. 110.

[6]R. Doc. 506.

Abramson, LLC); P. Scott Summy (Baron & Budd, P.C.); and Mikal C. Watts (Watts Guerra LLP).[7] The Court appointed James P. Roy (Domengeaux Wright Roy & Edwards, L.L.C.) and Stephen J. Herman (Herman Herman & Katz, LLC) as *ex-officio* members of the PSC.[8] The Court later appointed additional members to the PSC, including Joseph F. Rice (Motley Rice LLC) and Conrad S.P. "Duke" Williams, III (Williams Law Group, LLC).[9]

> The PSC enlisted the assistance of other law firms from around the Gulf and throughout the country, and organized such common benefit attorneys into work groups, including, initially: Administration (depository, privilege, electronic discovery, etc.); Legal Research & Writing; Written Discovery; Science, Environmental, and Damages; Jurisdiction; Deposition and Trial Prep Teams; Punitive Damages; Insurance; and Gulf Coast Claims Facility ("GCCF"). These working groups were originally comprised of 45 formal work group coordinators (of whom 33 were from non-PSC firms) and 83 formal work group members, (of whom 69 were from non-PSC firms).[10]

Over the next several years, plaintiffs' counsel pursued several defendants, including BP (the primary leaseholder of the well site), Halliburton ("HESI") (the contractor that provided cementing and mudlogging services), and Transocean (the owner of the Deepwater Horizon). These efforts eventually resulted in settlements worth billions of dollars.

As the Court has observed, the work performed by plaintiffs' counsel for the common benefit can be subdivided into several undertakings: the "War Room"/document depository; master pleadings and briefing; discovery and preparation for Phase One and Phase Two trials; motion to enjoin and/or supervise GCCF; the initial hold-back on settlement payments; the economic and

---

[7]*Id.*

[8]R. Doc. 110.

[9]R. Docs. 11557 and 7350.

[10]R. Doc. 21849 at 5.

medical settlements; implementation and approval of the settlements; disputes over the economic settlement following final approval; disputes over the medical settlement following final approval; the Phase One and Phase Two trials; other settlements; OPA test cases; and other common benefit efforts.[11]  While not necessarily equal in importance or labor-intensity, each of these undertakings contributed to the overall result.

## III.   The Court concludes that plaintiffs' counsel have earned compensation for their efforts on behalf of the common benefit.

The Court eventually awarded common benefit fees and expenses for the BP, HESI, and Transocean settlements.[12]  Furthermore, a separate settlement involving BP and several governmental entities yielded an agreement to pay the common benefit attorneys an additional $40 million.[13]  All told, more than $700 million currently is available to pay common benefit fees and to reimburse shared expenses and held costs.

## IV.   The Court sets forth a process to allocate common benefit fees and expenses.

On October 8, 2010, the Court adopted Pretrial Order No. 9, governing plaintiffs' attorneys' time and expense submissions.[14]  As is typical in MDL litigation, the Court set guidelines designed to allow attorneys to make a contemporaneous record of common benefit time and expenses to

---

[11]*Id.* at 5-27.

[12]R. Doc. 21849.

[13]R. Doc. 15441.

[14]R. Doc. 508.

support a later recovery.  The Court directed the attorneys to submit time and expense records to Philip Garrett, the Court-appointed accountant.

On July 15, 2015, the Court entered Pretrial Order No. 59, setting forth a procedure for evaluating and approving common benefit time and expenses.[15]  The Court adopted a five-step process, all of which have been completed.  The final step bears further discussion.

The Court appointed a Common Benefit Fee and Cost Committee ("FCC") with the following members: Stephen J. Herman of Herman, Herman & Katz, LLC (Co-Chair and Secretary); James P. Roy of Domengeaux Wright Roy Edwards & Colomb LLC (Co-Chair), Robert T. Cunningham of Cunningham Bounds, LLC; Brian H. Barr of Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.; Calvin C. Fayard, Jr. of Fayard & Honeycutt, APC; Robin L. Greenwald of Weitz & Luxenberg, P.C.; and Dawn M. Barrios of Barrios, Kingsdorf & Casteix, L.L.P.  The Court also appointed Arnold Levin and Sandra L. Duggan of Levin, Fishbein, Sedran & Berman as Special Counsel to the FCC.  The Court directed the FCC to "recommend an allocation of the amounts awarded by the Court to compensate counsel for common benefit fees and reimbursement of reasonable expenses."[16]

Pretrial Order No. 59 set forth the criteria that the FCC was to consider in reviewing an application for common benefit fees and costs.  First, the FCC was to consider the intensity and duration of the applicant's contribution to the common benefit.

> The FCC's implementation of this Order and its recommendation to the Court regarding allocation of the Common Benefit Fee and Costs Award should be governed and guided by this comprehensive

---

[15]R. Doc. 14863.

[16]Id. at ¶ 24.

statement of general principles. The over-arching guideline that the FCC is to consider is the relative common benefit contribution of each Fee Applicant to the outcome of the litigation, including whether the Fee Applicant:

a.      Made no known material common benefit contribution to the litigation;

b.      Made isolated material common benefit contributions, but mostly "monitored" the material common benefit efforts of other firms and perhaps performed some document review;

c.      Made periodic material common benefit contributions and/or mostly performed document review;

d.      Made consistent material common benefit contributions from inception of the litigation through 2013;

e.      Made consistent material common benefit contributions from inception of the litigation through the current date;

f.      Was a leader taking primary responsibility to accomplish the goals of the PSC and was heavily relied upon by Co-Liaison Counsel and provided consistent material common benefit contributions, full-time at times, from inception of the litigation through 2013;

g.      Was a leader taking primary responsibility to accomplish the goals of the PSC and was heavily relied upon by Co-Liaison Counsel and provided consistent material common benefit contributions, full-time at times, from inception of the litigation through the current date;

h.      Was a senior leader taking primary responsibility to accomplish the goals of the PSC, organized others and/or led a team of common benefit attorneys and was heavily relied upon by Co-Liaison Counsel and provided consistent material common benefit contributions almost full-time for a substantial time during the litigation; or

i.      Was a senior leader providing maximum senior leadership effort in terms of intensity, consistency, and duration relative to all other common benefit counsel, taking primary responsibility for entire litigation to accomplish the goals of

> the PSC, engaging in overall strategic planning since the
> inception of the litigation, organizing others and/or leading
> one or more teams of common benefit attorneys, providing
> consistent material common benefit contributions, virtually
> full-time for much of the litigation, and will likely continue
> to assume a key leadership role for several more years.[17]

Next, the FCC was to apply the factors outlined in *Johnson v. Georgia Highway Express,*

*Inc.*[18] factors to the application for fees and costs:

> The FCC will implement additional processes to provide appropriate
> deliberative fairness to the Fee Applicants. The process outlined
> herein will afford Fee Applicants an opportunity to advocate their
> positions, in addition to providing time and expense record
> submissions and a Fee Affidavit. The FCC will be guided by
> governing fee jurisprudence to identify the factors that should be
> applied in making appropriate common benefit fee allocations. The
> *Johnson* factors are applicable to this litigation and should be
> considered in addition to other matters considered by the courts to
> evaluate fee allocations. . . . As such, the FCC should determine and
> weigh the following criteria: (1) the time and labor required; (2) the
> novelty and difficulty of the questions; (3) the skill requisite to
> perform the legal service properly; (4) the preclusion of other
> employment by the attorney due to acceptance of the case; (5) the
> customary fee; (6) whether the fee is fixed or contingent; (7) time
> limitations imposed by the client or the circumstances; (8) the amount
> involved and the results obtained; (9) the experience, reputation, and
> ability of the attorneys; (10) the "undesirability" of the case; (11) the
> nature and length of the professional relationship with the client; and
> (12) awards in similar cases.[19]

In deciding how to allocate the common benefit fees, the FCC was guided not only by

Pretrial Order No. 59, but also recent jurisprudence discussing the appropriate methodology for

common benefit allocation. That jurisprudence recognizes that the aim of the allocation process is

---

[17]*Id.* at ¶ 26.

[18]488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

[19]R. Doc. 14863 at ¶ 27.

to reward work according to its value to the common benefit effort.  This means that not all hours

are equal:

> [T]here is a growing trend in this country to use a blended approach
> to determine the appropriate common benefit fee in an MDL. . . . .
> As the Court has explained before:
>
>> In a case of this kind, not all types of work are created
>> equal.  Hours spent taking depositions, participating
>> in hearings, or trials, actively participating in
>> developing the appropriate litigation strategies and
>> tactics (through moot court presentations or similar
>> practices), drafting briefs, actively participating in
>> Court conferences, arguing motions, negotiating with
>> opposing counsel to reach a settlement, and actively
>> managing and organizing the administrative aspects
>> of the case are some of the more significant types of
>> work that a case of this sort requires and deserves  he
>> most recognition. This, of course, is not the only type
>> of work that such a case requires. Documents must be
>> reviewed, categorized, and analyzed; e-mails must be
>> read and responded to; claimants must be kept
>> advised; meetings must be attended and in general the
>> litigation must be monitored.  This work, while
>> necessary and often time consuming does not deserve
>> equal treatment when allotting fees.
>
> . . . .  In short, there is a hierarchy of value for work that tends to have
> a greater impact on the litigation and generates more "common
> benefit." Such work deserves greater compensation. This is not a
> unique concept. It is a common practice in the legal profession to bill
> certain work at a higher rate than other work. Mechanically
> calculating hours and allocating fees solely on that basis would
> incentivize padded hours and diminish the work that truly moved the
> litigation toward its conclusion.[20]

---

[20]*In re Vioxx Prods. Liab. Litig.*, 802 F.Supp.2d 740, 772-73 (E.D. La. 2011), *quoting Turner v. Murphy Oil USA, Inc.*, 582 787, 810-11 (E.D. La. 2008).

## V.    The FCC does its job.

In this case, the FCC reviewed the time and expense submissions (after they had been audited by the Court-appointed accountant), as well as the fee affidavits and memoranda submitted by all common benefit fee applicants.  The FCC also conducted interviews with representatives of the applicant firms.  Many of the firms subsequently withdrew some or all of their time or expenses.  The FCC then submitted an aggregate fee petition, which the Court approved.[21]

With the aggregate fund established, the FCC turned to the task of allocating it among the firms that had contributed to the common benefit.  After considering 122 common benefit applications, the FCC unanimously adopted and issued a preliminary recommendation on February 15, 2017.  The FCC invited comments upon the recommendation on or before March 17, 2017.  The FCC received 19 timely comments, 15 of which were styled as formal objections.  In response to the comments, the FCC conducted several in-person or telephonic meetings with the respective applicants.  Finally, on April 11, 2017, the FCC issued its Recommendation for Proposed Cost Reimbursements and Fee Allocation.[22]

## VI.    The Special Master does his job.

Pretrial Order No. 59, both as originally entered and as amended, anticipated the possibility that the Court would appoint a Special Master to review the FCC's recommendation.[23]  On July 28, 2016, the Court entered an order appointing the undersigned as Special Master with the duty of

---

[21]R. Docs. 21849 and 22252.

[22]R. Doc. 22628.

[23]R. Docs. 14863, 15828, 16020, 18641, and 21897.

making recommendations concerning attorney's fees and expenses.[24]  The Court later amended and supplemented the order on November 10, 2016, specifying that the Special Master's assignment extended to funds arising from the BP, HESI, Transocean, and State settlements.[25]

On April 18, 2017, the undersigned entered Special Master Order No. 1, setting forth the initial procedure for conducting ex parte meetings with Objectors.[26]  The Special Master personally met with all objectors, giving them an opportunity to elaborate on the reasons for their objections. On July 28, 2017, the undersigned entered Special Master Order No. 2, setting forth a September 1, 2017 deadline for attempted resolution of the outstanding differences among the firms.[27]  Special Master Order No. 2 also set forth a September 15, 2017 deadline for firms to make formal submissions into the Special Master's evidentiary record.[28]  Despite the passage of the September 1 deadline, the Special Master continued his efforts to resolve the firms' differences.  Because these efforts were ongoing, the Special Master canceled the September 15, 2017 deadline to make submissions into the evidentiary record.[29]  As part of these continuing efforts, the Special Master communicated with members of the FCC and other non-objecting common benefit applicants. Eventually, these efforts resulted in a proposed allocation (reflected below) that the Special Master circulated to all of the firms listed in the FCC's April 11, 2017 recommendation (even those firms

---

[24]R. Doc. 21281.

[25]R. Doc. 21898.

[26]R. Doc. 22727.

[27]R. Doc. 23089 at ¶ 2.

[28]R. Doc. 23089 at ¶ 3.

[29]R. Doc. 23391.

for which the FCC recommended no common benefit compensation).  The Special Master gave the firms a period of time to object.  A few firms had questions, but none objected.

Even though none of the potential common benefit firms has objected to the resolution which has been circulated, the Special Master has reviewed the allocation for fairness.  In doing so, the Special Master has applied a methodology based on the following principles:

• The blended approach rather than the lodestar method is appropriate for determining the common benefit fee allocation in this matter, for the reasons described in *Vioxx*, *supra*.

• The FCC's recommendation included narrative characterizations of the common benefit contributions of each firm.  After meeting with the objectors and reviewing their materials, the Special Master concludes that these characterizations are accurate (although the objectors did provide further detail).  Rather than re-state the FCC's findings in this respect, the Special Master wholly adopts the FCC's characterizations.

• Generally speaking, the firms can be divided into three categories: those that were represented on the FCC; those that objected to the FCC's recommendation; and other firms.[30]

   ○ Firms represented on the FCC.  Whenever a fee committee has the responsibility of allocating funds between its members and other firms, the potential for conflict (or at least appearance of conflict) is obvious.[31]  Therefore, for those firms that were represented on the FCC, the Special Master should scrutinize proposed awards with this in mind.

   ○ Firms that objected to the FCC's recommendation.  The Court and the Special Master established procedures that allowed objectors to explain any deficiencies in the FCC's recommendation.  The Special Master conducted a series of meetings and reviewed materials which allowed him to scrutinize the fairness of the FCC's recommendation for each objector in light of the objector's presentation.  The objectors are entitled to individual scrutiny based on the FCC's recommendation and

---

[30]One firm (Fayard & Honeycutt, APC) that was represented on the FCC filed an objection to the FCC's recommendation.

[31]*In re High Sulfur Content Gasoline Prods. Liab. Litig*., 517 F.3d 220, 234-35 (5th Cir. 2008).  The members of the FCC in this case have displayed the highest degree of integrity. Nevertheless, the fact that their responsibility in allocating fees puts them in an inherently conflictual position requires a high level of scrutiny, which undoubtedly is why the Court adopted a process with review by a Special Master.

these presentations.[32]

○   Other firms.  Firms that were neither represented on the FCC nor objected were also entitled to scrutiny.  But the Special Master recognized that the FCC's recommended allocations to these firms were not the result of potential conflicts (unlike the firms that were represented on the FCC).  Given the FCC's narrative characterizations (to which these firms did not object), the only question is whether the allocations recommended by the FCC and agreed to by the applicant firms are fair.

The Special Master was personally involved in the discussions that resulted in the resolution, and is familiar with the rationale behind it.  The objectors believed that they deserved more money than the FCC had recommended.  The limited nature of the funds available required some firms to voluntarily accept less money.  Several did.  These included all but one of the firms that were represented on the FCC, along with several other firms that were not represented on the FCC.  None of the three of the categories of firms previously mentioned (firms represented on the FCC, firms that objected to the FCC's recommendation, and other firms) was immune to allocation adjustments.

The Special Master monitored the FCC while it was performing its work.  He reviewed the FCC's recommendation.  He met with objectors and reviewed their materials.  He has been personally involved in the discussions that led to the resolution (to which no firm has objected).  Finally, he has reviewed the resolution for fairness.[33]  The Special Master concludes that the resolution, as reflected in detail below, is fair and should be approved by the Court.

---

[32]The Special Master offered each objector the opportunity to make a formal record.  No objector chose to do so.

[33]The Special Master recognizes that valuing common benefit efforts is at times more of an art than a science.  Although there undoubtedly are some wrong answers, there likewise can be more than one right answer.  It is quite possible that, if the firms had not reached the resolution reflected herein, the Special Master may very well have recommended a different result.  In that vein, the Special Master is grateful that so many firms accepted less than they believed that they deserved so that this matter could be resolved in an expeditious and professional manner.

## VII.   Firm-by-firm analysis and recommendations.

- **Amedee, Roy F., Jr. (Law Offices of Roy F. Amedee, Jr.)**

  ○   **Reimbursed shared expenses**

    This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

  ○   **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○   **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○   **Approved time**

    This firm has devoted 89.75 approved hours toward the common benefit.

  ○   **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[34] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○   **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $64,578.82 for common benefit fee).  The firm did not object.

  ○   **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $64,578.82 for common benefit fee.

---

[34]R. Doc. 22628.

- **Anderson Kill & Olick, PC**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $4,789.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 2,336.75 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[35] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $4,789.00 for reimbursement of held costs; and $1,291,576.47 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $4,789.00 for reimbursement of held costs; and $1,291,576.47 for common benefit fee.

---

[35]*Id.*

- **Andry Law Group, LLC**

  ○ **Reimbursed shared expenses**

  This firm has contributed $165,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $9,500.00 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 4,091.60 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[36] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $9,500.00 for reimbursement of held costs; and $2,583,152.95 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $9,500.00 for reimbursement of held costs; and $2,583,152.95 for common benefit fee.

---

[36]*Id.*

- **Aylstock Witkin Kreiss & Overholtz, PLLC**

  ○ **Reimbursed shared expenses**

  This firm has contributed $50,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[37] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[37]*Id.*

- **Bagwell, David A. (David A. Bagwell, Attorney at Law)**

  ○ **Reimbursed shared expenses**

  This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $4,856.15 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 691.00 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[38] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $4,856.15 for reimbursement of held costs; and $645,788.24 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $4,856.15 for reimbursement of held costs; and $645,788.24 for common benefit fee.

---

[38]*Id.*

- **Barker Boudreaux Lamy & Foley**

  ○ **Reimbursed shared expenses**

  This firm has contributed $10,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[39] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[39]*Id.*

- **Baron & Budd, P.C.**

  ○ **Reimbursed shared expenses**

  This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $412,500.00 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 13,049.15 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[40] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation. Furthermore, the Special Master met with a representative of this firm pursuant to Special Master Order No. 1,[41] at which time the representative had an opportunity to elaborate concerning the firm's common benefit contribution.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $412,500.00 for reimbursement of held costs; and $19,998,917.71 for common benefit fee). The firm did not object.

---

[40]*Id.*

[41]R. Doc. 22727.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $412,500.00 for reimbursement of held costs; and $19,998,917.71 for common benefit fee.

• **Barrios, Kingsdorf & Casteix, LLP**

○ **Reimbursed shared expenses**

This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $6,263.71 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 928.10 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[42] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $6,263.71 for reimbursement of held costs; and $1,266,576.47 for common benefit fee). The firm did not object.

---

[42]R. Doc. 22628.

○   **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $6,263.71 for reimbursement of held costs; and $1,266,576.47 for common benefit fee.

• **Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.**

○   **Reimbursed shared expenses**

This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

○   **Unreimbursed shared expenses**

This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

○   **Held costs**

This firm has incurred $520,000.00 in held costs which should be reimbursed.

○   **Approved time**

This firm has devoted 25,202.05 approved hours toward the common benefit.

○   **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[43] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.  Furthermore, the Special Master met with representatives of this firm pursuant to Special Master Order No. 1,[44] at which time the representatives had an opportunity to elaborate concerning the firm's common benefit contribution.

○   **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and

---

[43]*Id.*

[44]R. Doc. 22727.

all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $520,000.00 for reimbursement of held costs; and $28,039,953.04 for common benefit fee).  The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $520,000.00 for reimbursement of held costs; and $28,039,953.04 for common benefit fee.

• **Becker and Hebert**

○ **Reimbursed shared expenses**

This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $4,141.69 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 1,728.35 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[45] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $4,141.69 for reimbursement of held costs; and

_____

[45]R. Doc. 22628.

$452,051.76 for common benefit fee). The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $4,141.69 for reimbursement of held costs; and $452,051.76 for common benefit fee.

• **Beevers & Beevers, LLP**

○ **Reimbursed shared expenses**

This firm has contributed no shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $552.45 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 93.00 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[46] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $552.45 for reimbursement of held costs; and $96,868.24 for common benefit fee). The firm did not object.

---

[46]*Id.*

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $552.45 for reimbursement of held costs; and $96,868.24 for common benefit fee.

• **Berniard Law Firm**

○ **Reimbursed shared expenses**

This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred no held costs which should be reimbursed.

○ **Approved time**

This firm has devoted no approved time toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[47] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

---

[47]*Id.*

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

• **Bilek Law Firm, LLP**

○ **Reimbursed shared expenses**

This firm has contributed $50,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $10,000.00 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 1,052.00 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[48] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation. Furthermore, the Special Master met with a representative of this firm pursuant to Special Master Order No. 1,[49] at which time the representative had an opportunity to elaborate concerning the firm's common benefit contribution.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for

---

[48]*Id.*

[49]R. Doc. 22727.

reimbursement of shared expenses; $10,000.00 for reimbursement of held costs; and $1,526,452.00 for common benefit fee).  The firm did not object.

- ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $10,000.00 for reimbursement of held costs; and $1,526,452.00 for common benefit fee.

- • **Bilzin, Sumberg, Baena, Price & Axelrod**

  - ○ **Reimbursed shared expenses**

    This firm has contributed $33,000.00 in shared expenses which have been reimbursed.

  - ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  - ○ **Held costs**

    This firm has incurred $3,452.32 in held costs which should be reimbursed.

  - ○ **Approved time**

    This firm has devoted 275.75 approved hours toward the common benefit.

  - ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[50] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  - ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $3,452.32 for reimbursement of held costs; and $124,000.00 for common benefit fee).  The firm did not object.

---

[50]R. Doc. 22628.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $3,452.32 for reimbursement of held costs; and $124,000.00 for common benefit fee.

• **Breazeale, Sachse & Wilson, LLP**

○ **Reimbursed shared expenses**

This firm has contributed $23,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $548.12 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 178.20 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[51] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $548.12 for reimbursement of held costs; and $45,205.18 for common benefit fee).  The firm did not object.

---

[51]*Id.*

○   **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $548.12 for reimbursement of held costs; and $45,205.18 for common benefit fee.

•   **Breit, Drescher, Imprevento & Walker, P.C.**

○   **Reimbursed shared expenses**

This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

○   **Unreimbursed shared expenses**

This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

○   **Held costs**

This firm has incurred $285,000.00 in held costs which should be reimbursed.

○   **Approved time**

This firm has devoted 19,173.26 approved hours toward the common benefit.

○   **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[52] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.  Furthermore, the Special Master met with a representative of this firm pursuant to Special Master Order No. 1,[53] at which time the representative had an opportunity to elaborate concerning the firm's common benefit contribution.

○   **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and

---

[52]*Id.*

[53]R. Doc. 22727.

all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $285,000.00 for reimbursement of held costs; and $26,831,529.52 for common benefit fee). The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $285,000.00 for reimbursement of held costs; and $26,831,529.52 for common benefit fee.

• **Brent Coon & Associates**

○ **Reimbursed shared expenses**

This firm has contributed $65,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $3,464.40 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 1,539.95 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[54] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $3,464.40 for reimbursement of held costs; and

---

[54]R. Doc. 22628.

$361,641.41 for common benefit fee).  The firm did not object.

    ○    **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $3,464.40 for reimbursement of held costs; and $361,641.41 for common benefit fee.

•   **Bruno and Bruno**

    ○    **Reimbursed shared expenses**

This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

    ○    **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

    ○    **Held costs**

This firm has incurred $26,904.27 in held costs which should be reimbursed.

    ○    **Approved time**

This firm has devoted 6,535.40 approved hours toward the common benefit.

    ○    **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[55] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

    ○    **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $26,904.27 for reimbursement of held costs; and $4,520,517.67 for common benefit fee).  The firm did not object.

---

[55]*Id.*

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $26,904.27 for reimbursement of held costs; and $4,520,517.67 for common benefit fee.

• **Center for Biological Diversity**

○ **Reimbursed shared expenses**

This firm has contributed no shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred no held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 20.75 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[56] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of held costs; and $19,373.65 for common benefit fee). The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $19,373.65 for common

---

[56]*Id.*

benefit fee.

- **Chhabra and Gibbs, P.A.**

  ○ **Reimbursed shared expenses**

  This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $2,959.40 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 1,281.00 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[57] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $2,959.40 for reimbursement of held costs; and $387,472.95 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $2,959.40 for reimbursement of held costs; and $387,472.95 for common benefit fee.

---

[57]*Id.*

- **Clark, Lange (Law Office of Lange Clark, PC)**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $4,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 143.45 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[58] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $4,000.00 for reimbursement of held costs; and $75,000.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $4,000.00 for reimbursement of held costs; and $75,000.00 for common benefit fee.

---

[58]*Id.*

- **Cochran Firm, PC**

  o    **Reimbursed shared expenses**

     This firm has contributed no shared expenses which have been reimbursed.

  o    **Unreimbursed shared expenses**

     This firm has contributed no shared expenses which have not been reimbursed.

  o    **Held costs**

     This firm has incurred $118,962.75 in held costs which should be reimbursed.

  o    **Approved time**

     This firm has devoted no approved time toward the common benefit.

  o    **Common benefit contribution**

     The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[59] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  o    **Other comments**

     The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $118,962.75 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  o    **Special Master's recommendation**

     The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $118,962.75 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[59]*Id.*

- **Colson Hicks Eidson**

  ○ **Reimbursed shared expenses**

  This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**,

  This firm has incurred $107,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 9,311.75 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[60] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**
  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $107,000.00 for reimbursement of held costs; and $7,649,458.85 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $107,000.00 for reimbursement of held costs; and $7,649,458.85 for common benefit fee.

---

[60]*Id.*

- **Cossich, Sumich, Parsiola & Taylor, LLC**

  ○ **Reimbursed shared expenses**

    This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $230,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 11,225.85 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[61] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation. Furthermore, the Special Master met with representatives of this firm pursuant to Special Master Order No. 1,[62] at which time the representatives had an opportunity to elaborate concerning the firm's common benefit contribution.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $230,000.00 for reimbursement of held costs; and $15,124,188.28 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $100,000.00 for

---

[61]*Id.*

[62]R. Doc. 22727.

reimbursement of shared expenses; $230,000.00 for reimbursement of held costs; and $15,124,188.28 for common benefit fee.

- **Cunningham Bounds, LLC**

  ○ **Reimbursed shared expenses**

  This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $620,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 21,732.84 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[63] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $620,000.00 for reimbursement of held costs; and $39,681,104.06 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $620,000.00 for reimbursement of held costs; and $39,681,104.06 for common benefit fee.

_____

[63]R. Doc. 22628.

- **Cutter Law, PC (f/k/a Kershaw, Cutter)**

  ○ **Reimbursed shared expenses**

    This firm has contributed $33,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $9,988.28 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 173.60 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[64] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $9,988.28 for reimbursement of held costs; and $50,000.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $9,988.28 for reimbursement of held costs; and $50,000.00 for common benefit fee.

---

[64]*Id.*

- **Dampier, Stephen (Stephen Dampier Law Offices)**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[65] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[65]*Id.*

- **Davis Law Firm**

  ○ **Reimbursed shared expenses**

     This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

     This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

     This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

     This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

     The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[66] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

     The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

     The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[66]*Id.*

- **Davis, Gary A. (Gary A. Davis & Associates)**

  ○ **Reimbursed shared expenses**

  This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $605.01 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 163.00 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[67] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $605.01 for reimbursement of held costs; and $51,663.06 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $605.01 for reimbursement of held costs; and $51,663.06 for common benefit fee.

---

[67]*Id.*

- **deGravelles, Palmintier, Holthaus & Fruge, LLP**

  ○ **Reimbursed shared expenses**

    This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $120,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 22,294.05 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[68] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $120,000.00 for reimbursement of held costs; and $25,731,529.52 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $120,000.00 for reimbursement of held costs; and $25,731,529.52 for common benefit fee.

-----

[68]*Id.*

- **Diaz Law Firm**

    ○ **Reimbursed shared expenses**

    This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

    ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

    ○ **Held costs**

    This firm has incurred $24,000.00 in held costs which should be reimbursed.

    ○ **Approved time**

    This firm has devoted 1,505.95 approved hours toward the common benefit.

    ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[69] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

    ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $24,000.00 for reimbursement of held costs; and $1,000,971.77 for common benefit fee). The firm did not object.

    ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $24,000.00 for reimbursement of held costs; and $1,000,971.77 for common benefit fee.

---

[69]*Id.*

- **Diliberto & Kirin LLC**

  ○ **Reimbursed shared expenses**

    This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[70] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[70]*Id.*

- **Dodson, Hooks & Frederick**

  ○ **Reimbursed shared expenses**

    This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 4,479.35 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[71] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $1,000,971.77 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $1,000,971.77 for common benefit fee.

---

[71]*Id.*

- **Domengeaux Wright Roy & Edwards**

  ○ **Reimbursed shared expenses**

    This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $260,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 51,000.72 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[72] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $260,000.00 for reimbursement of held costs; and $81,767,123.53 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $260,000.00 for reimbursement of held costs; and $81,767,123.53 for common benefit fee.

---

[72]*Id.*

- **Dugan Firm**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[73] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[73] *Id.*

- **Duval, Funderburk, Sundbery, Lovell & Watkins**

  ○ **Reimbursed shared expenses**

    This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $15,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 1,797.63 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[74] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $15,000.00 for reimbursement of held costs; and $1,291,576.47 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $15,000.00 for reimbursement of held costs; and $1,291,576.47 for common benefit fee.

---

[74]*Id.*

- **Eastland Law Offices, PLLC**

  ○ **Reimbursed shared expenses**

     This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

     This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

     This firm has incurred $231.27 in held costs which should be reimbursed.

  ○ **Approved time**

     This firm has devoted 2,013.25 approved hours toward the common benefit.

  ○ **Common benefit contribution**

     The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[75] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

     The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $231.27 for reimbursement of held costs; and $355,183.53 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

     The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $231.27 for reimbursement of held costs; and $355,183.53 for common benefit fee.

---

[75]*Id.*

- **Evers Law Group**

  o **Reimbursed shared expenses**

    This firm has contributed $23,000.00 in shared expenses which have been reimbursed.

  o **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  o **Held costs**

    This firm has incurred $4,208.48 in held costs which should be reimbursed.

  o **Approved time**

    This firm has devoted 991.30 approved hours toward the common benefit.

  o **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[76] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  o **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $4,208.48 for reimbursement of held costs; and $471,425.42 for common benefit fee). The firm did not object.

  o **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $4,208.48 for reimbursement of held costs; and $471,425.42 for common benefit fee.

---

[76]*Id.*

- **Fayard & Honeycutt, APC and Calvin C. Fayard, Jr., APC**

  - **Reimbursed shared expenses**

    This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  - **Unreimbursed shared expenses**

    This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  - **Held costs**

    This firm has incurred $225,000.00 in held costs which should be reimbursed.

  - **Approved time**

    This firm has devoted 25,881.79 approved hours toward the common benefit.

  - **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[77] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation. Furthermore, the Special Master met with a representative of this firm pursuant to Special Master Order No. 1,[78] at which time the representative had an opportunity to elaborate concerning the firm's common benefit contribution.

  - **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $225,000.00 for reimbursement of held costs; and $36,164,141.32 for common benefit fee). The firm did not object.

  - **Special Master's recommendation**

    The Special Master recommends that this firm receive: $100,000.00 for

---

[77]*Id.*

[78]R. Doc. 22727.

reimbursement of shared expenses; $225,000.00 for reimbursement of held costs; and $36,164,141.32 for common benefit fee.

- **Finkelstein Thompson LLP**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $945.20 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 25.25 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[79] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $945.20 for reimbursement of held costs; and $19,373.65 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $945.20 for reimbursement of held costs; and $19,373.65 for common benefit fee.

---

[79]R. Doc. 22628.

- **Fishman, Haygood, Phelps, Walmsley, Willis & Swanson**

  ○ **Reimbursed shared expenses**

  This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $2,848.75  in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 645.35 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[80] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $2,848.75 for reimbursement of held costs; and $258,315.30 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $2,848.75 for reimbursement of held costs; and $258,315.30 for common benefit fee.

---

[80]*Id.*

- **Friedlander, Gregory M. (Gregory M. Friedlander & Assoc.)**

    ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

    ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

    ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

    ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

    ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[81] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

    ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $25,000.00 for common benefit fee).  The firm did not object.

    ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $25,000.00 for common benefit fee.

---

[81]*Id.*

- **Friedman Dazzio**

  - **Reimbursed shared expenses**

    This firm has contributed $23,000.00 in shared expenses which have been reimbursed.

  - **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  - **Held costs**

    This firm has incurred $9,200.00 in held costs which should be reimbursed.

  - **Approved time**

    This firm has devoted 675.85 approved hours toward the common benefit.

  - **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[82] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  - **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $9,200.00 for reimbursement of held costs; and $129,157.65 for common benefit fee). The firm did not object.

  - **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $9,200.00 for reimbursement of held costs; and $129,157.65 for common benefit fee.

---

[82]*Id.*

- **Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**

  ○ **Reimbursed shared expenses**

    This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $9,773.83 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 716.05 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[83] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $9,773.83 for reimbursement of held costs; and $904,103.53 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $9,773.83 for reimbursement of held costs; and $904,103.53 for common benefit fee.

---

[83]*Id.*

- **Gilbert LLP**

  o **Reimbursed shared expenses**

  This firm has contributed no shared expenses which have been reimbursed.

  o **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  o **Held costs**

  This firm has incurred $5,654.03 in held costs which should be reimbursed.

  o **Approved time**

  This firm has devoted 1,059.00 approved hours toward the common benefit.

  o **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[84] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  o **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $5,654.03 for reimbursement of held costs; and $1,033,261.18 for common benefit fee).  The firm did not object.

  o **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $5,654.03 for reimbursement of held costs; and $1,033,261.18 for common benefit fee.

---

[84]*Id.*

- **Girardi & Keese**

  ○ **Reimbursed shared expenses**

    This firm has contributed $23,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time  toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[85] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[85]*Id.*

- **Glago Law Firm**

  ○ **Reimbursed shared expenses**

    This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[86] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[86]*Id.*

- **Goldberg Finnegan Mester**

  ○ **Reimbursed shared expenses**

    This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $749.77 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 296.40 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[87] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $749.77  for reimbursement of held costs; and $64,578.82 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $749.77  for reimbursement of held costs; and $64,578.82 for common benefit fee.

---

[87]*Id.*

- **Grossman Roth, P.A.**

  ○ **Reimbursed shared expenses**

  This firm has contributed $115,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $4,500.00 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 189.30 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[88] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $4,500.00 for reimbursement of held costs; and $124,000.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $4,500.00 for reimbursement of held costs; and $124,000.00 for common benefit fee.

---

[88]*Id.*

• **Healy, George W., IV (George W. Healy IV & Assoc.)**

  ○ **Reimbursed shared expenses**

    This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $1,060.85 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 562.60 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[89] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $1,060.85 for reimbursement of held costs; and $129,157.65 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $1,060.85 for reimbursement of held costs; and $129,157.65 for common benefit fee.

---

[89]*Id.*

- **Herman, Fred (Law Office of Fred Herman)**

  - **Reimbursed shared expenses**

    This firm has contributed $33,000.00 in shared expenses which have been reimbursed.

  - **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  - **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  - **Approved time**

    This firm has devoted no approved time toward the common benefit.

  - **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[90] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  - **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  - **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[90]*Id.*

- **Herman, Herman & Katz**

  ○ **Reimbursed shared expenses**

  This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $112,493.87 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 57,849.40 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[91] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $112,493.87 for reimbursement of held costs; and $81,767,123.53 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $112,493.87 for reimbursement of held costs; and $81,767,123.53 for common benefit fee.

---

[91]*Id.*

- **Hilliard Munoz Gonzales, LLP**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time  toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[92] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

_____

[92]*Id.*

- **Irpino Law Firm**

  ○ **Reimbursed shared expenses**

    This firm has contributed $240,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $60,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 18,453.45 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[93] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.  Furthermore, the Special Master met with a representative of this firm pursuant to Special Master Order No. 1,[94] at which time the representative had an opportunity to elaborate concerning the firm's common benefit contribution.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $60,000.00 for reimbursement of held costs; and $15,207,341.23 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $60,000.00 for reimbursement of held costs; and $15,207,341.23

---

[93]*Id.*

[94]R. Doc. 22727.

for common benefit fee.

- **Johnston, Neil C. (Law Office of Neil C. Johnston)**

    ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

    ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

    ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

    ○ **Approved time**

    This firm has devoted 15.20 approved hours toward the common benefit.

    ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[95] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

    ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $15,498.66 for common benefit fee).  The firm did not object.

    ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $15,498.66 for common benefit fee.

---

[95]R. Doc. 22628.

- **Jones Law Firm**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[96] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[96]*Id.*

- **Jones, Swanson, Huddell & Garrison**

  ○ **Reimbursed shared expenses**

    This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $10,950.87 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 1,555.50 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[97] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $10,950.87 for reimbursement of held costs; and $1,291,576.47 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $10,950.87 for reimbursement of held costs; and $1,291,576.47 for common benefit fee.

---

[97]*Id.*

• **Jones Ward PLC (f/k/a Bahe Cook Cantley & Jones PLC)**

○ **Reimbursed shared expenses**

This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred no held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 666.21 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[98] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $129,157.65 for common benefit fee). The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $129,157.65 for common benefit fee.

---

[98]*Id.*

- **King, Krebs & Jurgens, PLLC**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[99] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $12,915.55 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $12,915.55 for common benefit fee.

---

[99]*Id.*

- **Koederitz Law Firm**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 151.00 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[100] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $32,289.41 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $32,289.41 for common benefit fee.

---

[100]*Id.*

- **Kozyak, Tropin & Throckmorton, P.A.**

  ○ **Reimbursed shared expenses**

  This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[101] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**
  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

- **Kreindler & Kreindler LLP**

  ○ **Reimbursed shared expenses**

  This firm has contributed $165,000.00 in shared expenses which have been

---

[101]*Id.*

reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $76.60 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 5,172.60 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[102] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $76.60 for reimbursement of held costs; and $3,874,729.42 for common benefit fee). The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $76.60 for reimbursement of held costs; and $3,874,729.42 for common benefit fee.

• **Lambert Firm**

○ **Reimbursed shared expenses**

This firm has contributed no shared expenses which have been reimbursed.

---

[102]*Id.*

    o    **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

    o    **Held costs**

This firm has incurred $4,000.00 in held costs which should be reimbursed.

    o    **Approved time**

This firm has devoted 48.00 approved hours toward the common benefit.

    o    **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[103] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

    o    **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $4,000.00 for reimbursement of held costs; and $19,373.65 for common benefit fee).  The firm did not object.

    o    **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $4,000.00 for reimbursement of held costs; and $19,373.65 for common benefit fee.

- **Lamothe Law Firm**

    o    **Reimbursed shared expenses**

This firm has contributed $23,000.00 in shared expenses which have been reimbursed.

    o    **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

---

[103]*Id.*

   ○    **Held costs**

This firm has incurred $796.40 in held costs which should be reimbursed.

   ○    **Approved time**

This firm has devoted 346.60 approved hours toward the common benefit.

   ○    **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[104] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

   ○    **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $796.40 for reimbursement of held costs; and $96,868.24 for common benefit fee).  The firm did not object.

   ○    **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $796.40 for reimbursement of held costs; and $96,868.24 for common benefit fee.

- **Landry, David L. (The Law Office of David L. Landry)**

   ○    **Reimbursed shared expenses**

This firm has contributed no shared expenses which have been reimbursed.

   ○    **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

   ○    **Held costs**

This firm has incurred no held costs which should be reimbursed.

---

[104] *Id.*

○ **Approved time**

This firm has devoted no approved time toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[105] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $12,915.55 for common benefit fee). The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $12,915.55 for common benefit fee.

• **Lanier Law Firm**

○ **Reimbursed shared expenses**

This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred no held costs which should be reimbursed.

○ **Approved time**

This firm has devoted no approved time toward the common benefit.

---

[105]*Id.*

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[106] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

• **Lee Tran & Liang**

○ **Reimbursed shared expenses**

This firm has contributed $65,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred no held costs which should be reimbursed.

○ **Approved time**

This firm has devoted no approved time toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements

---

[106]*Id.*

and Fee Allocation[107] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

- ○ **Other comments**

   The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

- ○ **Special Master's recommendation**

   The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

- • **Leger & Shaw**

   - ○ **Reimbursed shared expenses**

      This firm has contributed $240,000.00 in shared expenses which have been reimbursed.

   - ○ **Unreimbursed shared expenses**

      This firm has contributed no shared expenses which have not been reimbursed.

   - ○ **Held costs**

      This firm has incurred $15,017.87 in held costs which should be reimbursed.

   - ○ **Approved time**

      This firm has devoted 6,235.85 approved hours toward the common benefit.

   - ○ **Common benefit contribution**

      The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[108] included a narrative description of this firm's contribution to

---

[107] *Id.*

[108] *Id.*

the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $15,017.87 for reimbursement of held costs; and $9,041,035.33 for common benefit fee).  The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $15,017.87 for reimbursement of held costs; and $9,041,035.33 for common benefit fee.

• **Lemmon Law Firm**

○ **Reimbursed shared expenses**

This firm has contributed $100,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $5,593.00 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 1,217.25 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[109] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

---

[109]*Id.*

○   **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $5,593.00 for reimbursement of held costs; and $2,041,522.37 for common benefit fee). The firm did not object.

○   **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $5,593.00 for reimbursement of held costs; and $2,041,522.37 for common benefit fee.

•   **Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor**

○   **Reimbursed shared expenses**

This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

○   **Unreimbursed shared expenses**

This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

○   **Held costs**

This firm has incurred $260,000.00 in held costs which should be reimbursed.

○   **Approved time**

This firm has devoted 10,287.35 approved hours toward the common benefit.

○   **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[110] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

---

[110] *Id.*

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $260,000.00 for reimbursement of held costs; and $22,245,477.43 for common benefit fee). The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $260,000.00 for reimbursement of held costs; and $22,245,477.43 for common benefit fee.

• **Levin Sedran & Berman**

○ **Reimbursed shared expenses**

This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $25,000.00 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 2,157.90 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[111] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and

---

[111] *Id.*

all other firms' proposed awards) as reflected in the proposed resolution ( $0.00 for reimbursement of shared expenses; $25,000.00 for reimbursement of held costs; and $1,291,576.47 for common benefit fee).  The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $25,000.00 for reimbursement of held costs; and $1,291,576.47 for common benefit fee.

• **Lewis, Kullman, Sterbcow & Abramson**

○ **Reimbursed shared expenses**

This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $72,000.00 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 15,785.55 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[112] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.  Furthermore, the Special Master met with a representative of this firm pursuant to Special Master Order No. 1,[113] at which time the representative had an opportunity to elaborate concerning the firm's common benefit contribution.

---

[112]*Id.*

[113]R. Doc. 22727.

○   **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $72,000.00 for reimbursement of held costs; and $30,664,682.47 for common benefit fee). The firm did not object.

○   **Special Master's recommendation**

The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $72,000.00 for reimbursement of held costs; and $30,664,682.47 for common benefit fee.

•   **Lewis Tein, PL**

○   **Reimbursed shared expenses**

This firm has contributed $10,000.00 in shared expenses which have been reimbursed.

○   **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○   **Held costs**

This firm has incurred no held costs which should be reimbursed.

○   **Approved time**

This firm has devoted no approved time toward the common benefit.

○   **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[114] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

○   **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and

---

[114]R. Doc. 22628.

all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

• **Lieff Cabraser Heimann & Bernstein, LLP**

○ **Reimbursed shared expenses**

This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $590,000.00 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 11,670.45 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[115] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $590,000.00 for reimbursement

---

[115]*Id.*

of held costs; and $18,082,070.66 for common benefit fee).  The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $590,000.00 for reimbursement of held costs; and $18,082,070.66 for common benefit fee.

• **Lockridge, Grindal & Nauen, PLLP**

○ **Reimbursed shared expenses**

This firm has contributed no shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred no held costs which should be reimbursed.

○ **Approved time**

This firm has devoted no approved time toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[116] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

---

[116]*Id.*

○    **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

•    **Lovelace Law Firm PA**

○    **Reimbursed shared expenses**

This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

○    **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○    **Held costs**

This firm has incurred $3,139.37 in held costs which should be reimbursed.

○    **Approved time**

This firm has devoted 117.45 approved hours toward the common benefit.

○    **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[117] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

○    **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $3,130.37 for reimbursement of held costs; and $38,747.29 for common benefit fee).  The firm did not object.

○    **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of

_____

[117]*Id.*

Page 87 of  134

shared expenses; $3,130.37 for reimbursement of held costs; and $38,747.29 for common benefit fee.

- **Lundy, Lundy, Soileau & South**

  ○ **Reimbursed shared expenses**

    This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $212,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 12,654.45 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[118] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $212,000.00 for reimbursement of held costs; and $19,919,435.38 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $212,000.00 for reimbursement of held costs; and $19,919,435.38 for common benefit fee.

---

[118]*Id.*

- **Martzell Bickford & Centola**

  ○ **Reimbursed shared expenses**

  This firm has contributed $33,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $37,500.00 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 7,781.25 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[119] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation. Furthermore, the Special Master met with a representative of this firm pursuant to Special Master Order No. 1,[120] at which time the representative had an opportunity to elaborate concerning the firm's common benefit contribution.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $37,500.00 for reimbursement of held costs; and $5,228,941.19 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $37,500.00 for reimbursement of held costs; and $5,228,941.19 for

---

[119]*Id.*

[120]R. Doc. 22727.

common benefit fee.

- **Matthews, Lawson, McCutcheon & Joseph**

  ○ **Reimbursed shared expenses**

    This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $230,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 10,858.75 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[121] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $230,000.00 for reimbursement of held costs; and $8,345,247.09 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $230,000.00 for reimbursement of held costs; and $8,345,247.09 for common benefit fee.

---

[121]R. Doc. 22628.

- **McCorvey, Derriel C. (Law Office of Darriel C. McCorvey)**

  ○ **Reimbursed shared expenses**

    This firm has contributed $23,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $1,660.38 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 501.50 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[122] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $1,660.38 for reimbursement of held costs; and $322,894.12 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $1,660.38 for reimbursement of held costs; and $322,894.12 for common benefit fee.

---

[122]*Id.*

- **McKenzie Hall & De La Piedra, PA**

  - **Reimbursed shared expenses**

    This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  - **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  - **Held costs**

    This firm has incurred $3,810.36 in held costs which should be reimbursed.

  - **Approved time**

    This firm has devoted 408.00 approved hours toward the common benefit.

  - **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[123] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  - **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $3,810.36 for reimbursement of held costs; and $161,447.06 for common benefit fee).  The firm did not object.

  - **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $3,810.36 for reimbursement of held costs; and $161,447.06 for common benefit fee.

---

[123]*Id.*

- **Morgan & Morgan**

  ○ **Reimbursed shared expenses**

    This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $200,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 12,796.40 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[124] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $200,000.00 for reimbursement of held costs; and $15,498,917.71 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $200,000.00 for reimbursement of held costs; and $15,498,917.71 for common benefit fee.

---

[124]*Id.*

- **Morris Bart, L.L.C.**

  ○ **Reimbursed shared expenses**

    This firm has contributed $10,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[125] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[125]*Id.*

- **Motley Rice, LLC**

  ○ **Reimbursed shared expenses**

    This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $1,769,017.97 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 24,700.80 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[126] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.  Furthermore, the Special Master met with representatives of this firm pursuant to Special Master Order No. 1,[127] at which time the representatives had an opportunity to elaborate concerning the firm's common benefit contribution.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $1,769,017.97 for reimbursement of held costs; and $46,147,294.27 for common benefit fee).  The firm did not object.

---

[126]*Id.*

[127]R. Doc. 22727.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $1,769,017.97 for reimbursement of held costs; and $46,147,294.27 for common benefit fee.

• **Murray Law Firm**

○ **Reimbursed shared expenses**

This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

○ **Unreimbursed shared expenses**

This firm has contributed no shared expenses which have not been reimbursed.

○ **Held costs**

This firm has incurred $80,000.00 in held costs which should be reimbursed.

○ **Approved time**

This firm has devoted 5,530.50 approved hours toward the common benefit.

○ **Common benefit contribution**

The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[128] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

○ **Other comments**

The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $80,000.00 for reimbursement of held costs; and $2,583,152.95 for common benefit fee).  The firm did not object.

○ **Special Master's recommendation**

The Special Master recommends that this firm receive: $0.00 for reimbursement of

---

[128]R. Doc. 22628.

shared expenses; $80,000.00 for reimbursement of held costs; and $2,583,152.95 for common benefit fee.

- **Musslewhite & Associates, PC**

  ○ **Reimbursed shared expenses**

  This firm has contributed $33,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $2,800.00 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 702.50 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[129] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $2,800.00 for reimbursement of held costs; and $142,073.42 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $2,800.00 for reimbursement of held costs; and $142,073.42 for common benefit fee.

---

[129]*Id.*

- **Nast Law LLC**

  ○ **Reimbursed shared expenses**

  This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[130] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[130]*Id.*

- **Neblett, Beard & Arsenault**

  - **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  - **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  - **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  - **Approved time**

    This firm has devoted no approved time toward the common benefit.

  - **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[131] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  - **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  - **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[131]*Id.*

- **Penton Law Firm**

  ○ **Reimbursed shared expenses**

    This firm has contributed $165,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $26,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 5,699.70 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[132] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.  Furthermore, the Special Master met with representatives of this firm pursuant to Special Master Order No. 1,[133] at which time the representatives had an opportunity to elaborate concerning the firm's common benefit contribution.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $26,000.00 for reimbursement of held costs; and $10,026,564.73 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $26,000.00 for reimbursement of held costs; and $10,026,564.73

---

[132]*Id.*

[133]R. Doc. 22727.

for common benefit fee.

- **Podhurst Orseck, P.A.**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[134] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[134]R. Doc. 22628.

- **Ranier Law Firm**

  o **Reimbursed shared expenses**

    This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

  o **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  o **Held costs**

    This firm has incurred $3,499.46 in held costs which should be reimbursed.

  o **Approved time**

    This firm has devoted 493.75 approved hours toward the common benefit.

  o **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[135] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  o **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $3,499.46 for reimbursement of held costs; and $684,535.54 for common benefit fee). The firm did not object.

  o **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $3,499.46 for reimbursement of held costs; and $684,535.54 for common benefit fee.

---

[135] *Id.*

- **Reeves & Mestayer**

  ○ **Reimbursed shared expenses**

  This firm has contributed $23,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $610.28 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 111.50 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[136] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $610.28 for reimbursement of held costs; and $64,578.82 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $610.28 for reimbursement of held costs; and $64,578.82 for common benefit fee.

---

[136]*Id.*

- **Reich & Binstock, LLP**

    ○ **Reimbursed shared expenses**

    This firm has contributed $23,000.00 in shared expenses which have been reimbursed.

    ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

    ○ **Held costs**

    This firm has incurred $40,000.00 in held costs which should be reimbursed.

    ○ **Approved time**

    This firm has devoted 974.82 approved hours toward the common benefit.

    ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[137] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

    ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $40,000.00 for reimbursement of held costs; and $161,447.06 for common benefit fee).  The firm did not object.

    ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $40,000.00 for reimbursement of held costs; and $161,447.06 for common benefit fee.

---

[137]*Id.*

- **Rhine Law Firm, P.C.**

  ○ **Reimbursed shared expenses**

    This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[138] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[138] *Id.*

• **Schechter, McElwee, Shaffer & Harris, LLP**

    ○ **Reimbursed shared expenses**

       This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

    ○ **Unreimbursed shared expenses**

       This firm has contributed no shared expenses which have not been reimbursed.

    ○ **Held costs**

       This firm has incurred no held costs which should be reimbursed.

    ○ **Approved time**

       This firm has devoted 83.75 approved hours toward the common benefit.

    ○ **Common benefit contribution**

       The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[139] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

    ○ **Other comments**

       The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $64,578.82 for common benefit fee).  The firm did not object.

    ○ **Special Master's recommendation**

       The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $64,578.82 for common benefit fee.

---

[139] *Id.*

- **Searcy, Denney, Scarola, Barnhart & Shipley, PA**

  ○ **Reimbursed shared expenses**

    This firm has contributed $65,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[140] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[140]*Id.*

- **Seeger Weiss**

  ○ **Reimbursed shared expenses**

    This firm has contributed $50,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $25,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 489.70 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[141] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $25,000.00 for reimbursement of held costs; and $516,630.59 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $25,000.00 for reimbursement of held costs; and $516,630.59 for common benefit fee.

---

[141]*Id.*

- **Shelby Roden, LLC**

  ○ **Reimbursed shared expenses**

    This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $6,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 260.25 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[142] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $6,000.00 for reimbursement of held costs; and $51,663.06 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $6,000.00 for reimbursement of held costs; and $51,663.06 for common benefit fee.

---

[142]*Id.*

- **Sher Garner Cahill Richter Klein & Hilbert**

  ○ **Reimbursed shared expenses**

  This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $12,722.20 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 2,706.40 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[143] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $12,722.20 for reimbursement of held costs; and $1,679,049.42 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $12,722.20 for reimbursement of held costs; and $1,679,049.42 for common benefit fee.

---

[143]*Id.*

- **Simmons, Hanly, Conroy (f/k/a Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP)**

  o **Reimbursed shared expenses**

  This firm has contributed $165,000.00 in shared expenses which have been reimbursed.

  o **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  o **Held costs**

  This firm has incurred $146,000.00 in held costs which should be reimbursed.

  o **Approved time**

  This firm has devoted 5,317.11 approved hours toward the common benefit.

  o **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[144] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  o **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $146,000.00 for reimbursement of held costs; and $5,166,305.90 for common benefit fee). The firm did not object.

  o **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $146,000.00 for reimbursement of held costs; and $5,166,305.90 for common benefit fee.

---

[144]*Id.*

- **Singleton Law Firm**

  ○ **Reimbursed shared expenses**

    This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $2,571.73 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[145] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $2,571.73 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $2,571.73 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[145] *Id.*

- **Spagnoletti & Co.**

  ○ **Reimbursed shared expenses**

    This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $3,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 139.50 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[146] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $3,000.00 for reimbursement of held costs; and $64,578.82 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $3,000.00 for reimbursement of held costs; and $64,578.82 for common benefit fee.

---

[146]*Id.*

- **State of Alabama Office of Attorney General**

  ○ **Reimbursed shared expenses**

  This office has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This office has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This office has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This office has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[147] included a narrative description of this office's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this office an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The office did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this office receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[147]*Id.*

- **Tammy Tran Law Firm**

  ○ **Reimbursed shared expenses**

  This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[148] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[148] *Id.*

- **Taylor Martino**

  ○ **Reimbursed shared expenses**

  This firm has contributed $10,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[149] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[149] *Id.*

- **Tebbutt, Charles M. (Law Offices of Charles M. Tebbutt)**

  ○ **Reimbursed shared expenses**

  This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $1,917.49 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 1449.45 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[150] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $1,917.49 for reimbursement of held costs; and $387,472.95 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $1,917.49 for reimbursement of held costs; and $387,472.95 for common benefit fee.

---

[150]*Id.*

- **Thornhill Law Firm**

  o **Reimbursed shared expenses**

    This firm has contributed $215,000.00 in shared expenses which have been reimbursed.

  o **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  o **Held costs**

    This firm has incurred $30,500.00 in held costs which should be reimbursed.

  o **Approved time**

    This firm has devoted 5,974.57 approved hours toward the common benefit.

  o **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[151] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  o **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $30,500.00 for reimbursement of held costs; and $7,972,352.98 for common benefit fee).  The firm did not object.

  o **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $30,500.00 for reimbursement of held costs; and $7,972,352.98 for common benefit fee.

---

[151]*Id.*

- **Ungar & Byrne APLC**

  ○ **Reimbursed shared expenses**

  This firm has contributed $10,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[152] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[152]*Id.*

- **Vincent, William S. (Law Office of William S. Vincent)**

  ○ **Reimbursed shared expenses**

    This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 691.50 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[153] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $193,736.47 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $193,736.47 for common benefit fee.

---

[153] *Id.*

- **Waite, Schneider, Bayless & Chesley**

  ○ **Reimbursed shared expenses**

  This firm has contributed $65,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $13,918.89 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 1,590.75 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[154] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $13,918.89 for reimbursement of held costs; and $96,868.24 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $13,918.89 for reimbursement of held costs; and $96,868.24 for common benefit fee.

---

[154]*Id.*

- **Waitz Law Firm**

  ○ **Reimbursed shared expenses**

  This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed $10,000.000 in shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[155] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($10,000.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $10,000.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[155] *Id.*

- **Walters, Papillion, Thomas, Cullens, LLC**

  - **Reimbursed shared expenses**

    This firm has contributed $13,000.00 in shared expenses which have been reimbursed.

  - **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  - **Held costs**

    This firm has incurred no held costs which should be reimbursed.

  - **Approved time**

    This firm has devoted 166.50 approved hours toward the common benefit.

  - **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[156] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  - **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $38,747.29 for common benefit fee). The firm did not object.

  - **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $38,747.29 for common benefit fee.

---

[156] *Id.*

- **Waltzer, Wiygul & Garside, LLP (f/k/a Waltzer & Wiygul, LLP)**

  - **Reimbursed shared expenses**

    This firm has contributed $50,000.00 in shared expenses which have been reimbursed.

  - **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  - **Held costs**

    This firm has incurred $2,123.94 in held costs which should be reimbursed.

  - **Approved time**

    This firm has devoted 3,282.69 approved hours toward the common benefit.

  - **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[157] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.  Furthermore, the Special Master met with representatives of this firm pursuant to Special Master Order No. 1,[158] at which time the representatives had an opportunity to elaborate concerning the firm's common benefit contribution.

  - **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $2,123.94 for reimbursement of held costs; and $2,679,049.42 for common benefit fee).  The firm did not object.

  - **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $2,123.94 for reimbursement of held costs; and $2,679,049.42 for

---

[157]*Id.*

[158]R. Doc. 22727.

common benefit fee.

- **Waters Law Firm**

  ○ **Reimbursed shared expenses**

    This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

    This firm has incurred $16,500.00 in held costs which should be reimbursed.

  ○ **Approved time**

    This firm has devoted 591.00 approved hours toward the common benefit.

  ○ **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[159] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $16,500.00 for reimbursement of held costs; and $645,788.24 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $16,500.00 for reimbursement of held costs; and $645,788.24 for common benefit fee.

---

[159]R. Doc. 22628.

- **Watts Guerra LLP**

  ○ **Reimbursed shared expenses**

  This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $141,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 18,704.97 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[160] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation. Furthermore, the Special Master met with representatives of this firm pursuant to Special Master Order No. 1,[161] at which time the representatives had an opportunity to elaborate concerning the firm's common benefit contribution.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $141,000.00 for reimbursement of held costs; and $18,290,494.18 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $141,000.00 for reimbursement of held costs; and $18,290,494.18

---

[160]*Id.*

[161]R. Doc. 22727.

for common benefit fee.

- **Weitz & Luxenberg, PC**

  ○ **Reimbursed shared expenses**

  This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $505,000.00 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 24,459.49 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[162] included a narrative description of this firm's contribution to the common benefit effort.  The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $505,000.00 for reimbursement of held costs; and $39,079,875.21 for common benefit fee).  The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $100,000.00 for reimbursement of shared expenses; $505,000.00 for reimbursement of held costs; and $39,079,875.21 for common benefit fee.

---

[162]R. Doc. 22628.

- **Whitfield, Bryson & Mason**

  ○ **Reimbursed shared expenses**

  This firm has contributed $60,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $1,286.40 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 175.45 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[163] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $1,286.40 for reimbursement of held costs; and $51,663.06 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $1,286.40 for reimbursement of held costs; and $51,663.06 for common benefit fee.

---

[163] *Id.*

- **Wiggins, Childs, Quinn, Pantazis, Fisher & Goldfarb, LLC**

  ○ **Reimbursed shared expenses**

  This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred $1,723.10 in held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 156.50 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[164] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $1,723.10 for reimbursement of held costs; and $38,746.29 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $1,723.10 for reimbursement of held costs; and $38,746.29 for common benefit fee.

---

[164] *Id.*

- **Williams Law Group LLC**

  - **Reimbursed shared expenses**

    This firm has contributed $680,000.00 in shared expenses which have been reimbursed.

  - **Unreimbursed shared expenses**

    This firm has contributed $100,000.00 in shared expenses which have not been reimbursed.

  - **Held costs**

    This firm has incurred $5,063.25 in held costs which should be reimbursed.

  - **Approved time**

    This firm has devoted 15,849.70 approved hours toward the common benefit.

  - **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[165] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation. Furthermore, the Special Master met with a representative of this firm pursuant to Special Master Order No. 1,[166] at which time the representative had an opportunity to elaborate concerning the firm's common benefit contribution.

  - **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($100,000.00 for reimbursement of shared expenses; $5,063.25 for reimbursement of held costs; and $29,014,682.47 for common benefit fee). The firm did not object.

  - **Special Master's recommendation**

    The Special Master recommends that this firm receive: $100,000.00 for

---

[165]*Id.*

[166]R. Doc. 22727.

reimbursement of shared expenses; $5,063.25 for reimbursement of held costs; and $29,014,682.47 for common benefit fee.

- **Williamson & Rusnak**

  - **Reimbursed shared expenses**

    This firm has contributed $315,000.00 in shared expenses which have been reimbursed.

  - **Unreimbursed shared expenses**

    This firm has contributed no shared expenses which have not been reimbursed.

  - **Held costs**

    This firm has incurred $190,000.00 in held costs which should be reimbursed.

  - **Approved time**

    This firm has devoted 9,884.60 approved hours toward the common benefit.

  - **Common benefit contribution**

    The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[167] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  - **Other comments**

    The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $190,000.00 for reimbursement of held costs; and $12,815,764.76 for common benefit fee). The firm did not object.

  - **Special Master's recommendation**

    The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $190,000.00 for reimbursement of held costs; and $12,815,764.76 for common benefit fee.

---

[167]R. Doc. 22628.

- **Young, Tom (Law Office of Tom Young)**

  ○ **Reimbursed shared expenses**

  This firm has contributed no shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted 1,770.20 approved hours toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[168] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation. Furthermore, the Special Master met with representatives of this firm pursuant to Special Master Order No. 1,[169] at which time the representatives had an opportunity to elaborate concerning the firm's common benefit contribution.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $500,000.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $500,000.00 for common benefit fee.

---

[168]*Id.*

[169]R. Doc. 22727.

- **Zatzkis McCarthy**

  ○ **Reimbursed shared expenses**

  This firm has contributed $43,000.00 in shared expenses which have been reimbursed.

  ○ **Unreimbursed shared expenses**

  This firm has contributed no shared expenses which have not been reimbursed.

  ○ **Held costs**

  This firm has incurred no held costs which should be reimbursed.

  ○ **Approved time**

  This firm has devoted no approved time toward the common benefit.

  ○ **Common benefit contribution**

  The Fee and Cost Committee Recommendation for Proposed Cost Reimbursements and Fee Allocation[170] included a narrative description of this firm's contribution to the common benefit effort. The Special Master adopts this description and has taken it into consideration in making his recommendation.

  ○ **Other comments**

  The Special Master gave this firm an opportunity to review its proposed awards (and all other firms' proposed awards) as reflected in the proposed resolution ($0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee). The firm did not object.

  ○ **Special Master's recommendation**

  The Special Master recommends that this firm receive: $0.00 for reimbursement of shared expenses; $0.00 for reimbursement of held costs; and $0.00 for common benefit fee.

---

[170]R. Doc. 22628.

# Conclusion

The Special Master recommends that the Court adopt these Recommendations Concerning the Allocation of Common Benefit Fees and the Reimbursement of Shared Expenses and Held Costs.

Baton Rouge, Louisiana, this 12th day of October, 2017.

*John W. Perry, Jr.*

John W. Perry, Jr., Special Master