UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENTS RELATES TO NO. 11-916 | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

## ORDER AND REASONS ON MOTION

The Motion for Leave to Intervene filed by Martzell, Bickford & Centola, APC; David Landry, Esq.; and King, Krebs & Jurgens, P.L.L.C., Record Doc. No. 23344, is pending before me. For the following reasons, IT IS ORDERED that the motion is GRANTED.

As lawyers and law firms seeking to recover amounts allegedly owed pursuant to a representation contract, including a contingent fee, Record Doc. No. 23344-2 at pp. 2-14, and their rendition of services to plaintiff, Plaquemines Parish Government (the "Parish"), in connection with plaintiff's claims in this action, the proposed intervenors assert an intervention as of right under Fed. R. Civ. P. 24(a)(2).

As to intervention of right, Rule 24(a) states:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). "Federal courts should allow intervention where 'no one would be hurt and greater justice could be attained.'" Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005) (quoting Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

Therefore, a person is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts a "direct, substantial [and] legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. In re Lease Oil Antitrust Litig., 570 F.3d 244, 247, 250 (5th Cir. 2009) (quoting Cajun Elect. Power Coop. v. Gulf States Utils., Inc., 940 F.2d 117, 119 (5th Cir. 1991)); accord Entergy Gulf States La., L.L.C. v. U.S. EPA, 817 F.3d 198, 203 (5th Cir. 2016); Ross, 426 F.3d at 753; Heaton v. Monogram Credit Card Bank, 297 F.3d 416, 422 (5th Cir. 2002); Ford v. City of Huntsville, 242 F.3d 235, 239 (5th Cir. 2001).

"In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3) (emphasis added). Both permissive interventions and interventions of right may be permitted only "upon timely application," Fed. R. Civ. P. 24(a) (emphasis added), because "the requirement of timeliness applies whether intervention is sought as a matter of right or as a matter of discretion." 7C Charles Alan Wright, Arthur R. Miller

& Mary Kay Kane, Federal Practice and Procedure § 1916 at 527-28 (3d ed. 2007). The concept of "timeliness" in connection with motions for leave to intervene is a flexible one, which is left to the sound discretion of the trial court. Id. at 529 (citing Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989); Holland v. Sterling Enters., Inc., 777 F.2d 1288, 1293 (7th Cir. 1985); McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970)); accord In re Lease Oil Antitrust Litig., 570 F.3d at 248. "'The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.'" Heaton, 297 F.3d at 422 (quoting Espy, 18 F.3d at 1205). "Th[is] analysis is contextual; absolute measures of timeliness should be ignored." Espy, 18 F.3d at 1205; accord Heaton, 297 F.3d at 422. "A court should ignore 'how far the litigation has progressed when intervention is sought[,] . . . the amount of time that may have elapsed since the institution of the action . . . [, and] the likelihood that intervention may interfere with the orderly judicial processes.'" Am. V Ships Ltd. v. Norica Eng'g Servs., 34 F. App'x 151, 2002 WL 496377, at *3 (5th Cir. 2002) (quoting John Doe # 1 v. Glickman, 256 F.3d 371, 376 (5th Cir. 2001)).

When determining whether a motion to intervene is timely, a court must consider the following four factors: (1) how long the potential intervenor knew or reasonably should have known of his stake in the case into which he seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervenor failed

to intervene when he knew or reasonably should have known of his stake in that case; (3) the prejudice, if any, the potential intervenor may suffer if the court does not let him intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness.  In re Lease Oil Antitrust Litig., 570 F.3d at 247-48 (citing Stallworth v. Monsanto Co., 558 F.2d 257, 263-66 (5th Cir. 1977)); Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 560-61 (5th Cir. 2003).  "These factors are 'not a formula for determining timeliness;' instead, it should be determined based on all the circumstances."  Id. at 561 (quoting Glickman, 256 F.3d at 376).

The Fifth Circuit has held that an attorney who previously represented the plaintiff in a pending civil action

> clearly possesses an interest in the subject of the underlying action. As we noted . . . , "a discharged lawyer does have an interest [in the underlying litigation] for the purposes of intervention."  Further, this Court has held that a firm with a contingency agreement is "so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect that interest."

Skinner v. Weslaco Ind. Sch. Dist., 220 F.3d 584, 2000 WL 959531, at *1 (5th Cir. 2000) (quoting Valley Ranch Dev. Co. v. Fed. Deposit Ins. Corp., 960 F.2d 550, 556 (5th Cir. 1992); Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 54 (5th Cir. 1970)) (citing Keith v. St. George Packing Co., 806 F.2d 525, 526 (5th Cir. 1986)); accord Gilbert v. Johnson, 601 F.2d 761, 767 (5th Cir. 1979).

Here, the proposed intervenors allege that the Parish terminated their employment on August 18, 2017.  Record Doc. Nos. 23344, 23344-1 at p. 1 and 23344-2.  The motion

4

is timely. The attorneys have attached to their motion a copy of their contingency fee contract with plaintiff, which establishes the basis of their claim that the law firms and the Parish allegedly entered into such a contract. Record Doc. No. 23344-2, at pp. 3-4, § 5. The proposed intervenors have established that they possess an interest in this action and that final disposition of this action may impair or impede their ability to protect their interest. The current parties to the action cannot and will not adequately protect the intervenors' interest. The intervenors' involvement in this suit will materially advance resolution of the pending dispute among these parties. No party will be prejudiced by the intervention.

      The Parish opposes the intervention on three grounds. The third ground, that the proposed intervenors lack standing, is rejected. For the reasons outlined above, I find that the proposed intervenors clearly have standing and a clear interest in asserting their claims.

      Plaintiff's first and second grounds are that "(1) the choice of forum clause in the subject contingency fee contract bars the filing of the claims which are the subject of the Intervention anywhere outside of the 25th [Judicial District Court] in Plaquemines Parish; [and] (2) there is no valid, enforceable written contingency fee agreement which would support an Intervention, nor is the doctrine of quantum meruit applicable since the would-be Intervenors had knowledge of the Ordinance requirements for a valid contingency fee." Plaintiff's memorandum in opposition, Record Doc. No. 23502 at p. 1.

These arguments are not appropriately determined in connection with the purely procedural question presented by the instant motion, i.e., whether the attorneys should be allowed to intervene for the purpose of asserting their attorney's fees claim in this action. The fact that the attorneys and firms must be permitted to assert their claims by this intervention is not a determination either that this is the proper forum or that they will prevail. Both of these objections to intervention are implicated in the proposed intervenors' Motion for Fees and Costs Pursuant to Contingency Fee Agreement, Record Doc. No. 23266, and the Parish's Motion for Dismissal of Motion for Fees and Costs or in the Alternative, Removal to Forum Conventionally Agreed to by the Parties, Record Doc. No. 23280, which are pending before me pursuant to the consent of the parties under 28 U.S.C. § 636(c). Record Doc. No. 23495. Plaintiff's objections based on the choice of forum clause and the alleged invalidity of the contingency fee agreement are preserved and will be addressed in the court's determination of those motions, if appropriate.

    Accordingly, the motion to intervene is granted.

    New Orleans, Louisiana, this \_\_\_\_25th\_\_\_\_ day of October, 2017.

_____
    JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE