UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **Of Mexico, on April 20, 2010** | * | **SECTION J** |
| | * | |
| **This Filing Applies to:** | * | **JUDGE BARBIER** |
| **Case No. 12-970** | * | |
| **Claim No. 65382** | * | **MAGISTRATE JUDGE** |
| | * | **WILKENSON** |
| | * | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE OF COURT TO
<u>FILE REQUEST FOR DISCRETIONARY COURT REVIEW</u>**

MAY IT PLEASE THE COURT:

Claimant No. 100115532 ("Claimant") filed a claim (Claim No. 65382) for Business Economic Loss under the *Deepwater Horizon* Economic and Property Damages Settlement Agreement and received a notice that its claim had been placed in a queue for review of Moratoria Losses. [Doc. ID 10507352.]

Claimant operates a business that reconditions and rents oilfield pipe, casing, tubing, and handling tools. It provides its services to primarily onshore oilfield businesses. On its tax returns, it listed its NAICS code as 423990, "Other Miscellaneous Durable Goods Merchant Wholesalers." [*See* Doc. IDs 20791248, 20791249, 20791250 and 20791251.]

The Parties to the Settlement Agreement agreed that "Moratoria Losses" would not be compensated under the Agreement. The Agreement expressly provides the means whereby claimants are to be identified as having the potential for Moratoria Losses:

> Business Employers the Claims Administrator determines fall within the NAICS codes and descriptions marked with an "x" in Section I of "Industry Types Subject to Review by Claims Administrator for Potential Moratoria Losses," Exhibit 19, shall be subject to automatic review to determine whether their losses,

> or any portion thereof, constitute Moratoria Losses. The Claimant shall be required to provide supplemental information in order for the Settlement Program to conduct this review. The Settlement Program shall create a dedicated team to evaluate such Claims.

Settlement Agreement § 5.10.3.1.1.

> Businesses / employers that the Claims Administrator determines to fall within the NAICS codes and descriptions marked with an "x" in Section II of "Industry Types Subject to Review by Claims Administrator for Potential Moratoria Losses," Exhibit 19, shall be subject to the following question: "In 2009, did your business provide significant services, goods, and/or supplies to businesses in the offshore oil & gas industry in the Gulf of Mexico?" If the Claimant responds affirmatively, its Claim shall be routed by the Settlement Program to a team dedicated to the evaluation of Business Economic Loss Claims for Moratoria Losses. The Claimant shall be required to provide supplemental information in order for the Settlement Program to conduct this review. If the Claimant responds negatively, its Claim shall proceed under the Economic Damage Claim Process.

Settlement Agreement § 5.10.3.1.2.

> Once a Claimant is identified as having the potential for Moratoria Losses under the

procedure outlined above, the following rules apply.

> All businesses/employers in this category are barred from recovery for Moratoria Losses. However, no businesses/employers in this category release moratoria claims.

Settlement Agreement § 5.10.3.1.3.

> All businesses/employers in this category are permitted to pursue Business Economic Loss Claims for (i) non-moratoria business interruption from Support Services to Oil and Gas Industry activities and (ii) non-oil and gas industry Economic Damages that are not otherwise excluded, but the Claimant must establish (i) and (ii) above were in the judgment of the Settlement Program due to or resulting from the Deepwater Horizon Incident.

Settlement Agreement § 5.10.3.1.4.

> Such Claims and Claimants are subject to the additional provisions discussed in detail in Exhibit 16, 19.

Settlement Agreement § 5.10.3.1.5.

> "Moratoria Loss" is a defined term in the Agreement:

> Moratoria Loss shall mean any loss whatsoever caused by or resulting from federal regulatory action or inaction directed at offshore oil industry activity -- including shallow water and deepwater activity -- that occurred after May 28, 2010, including the federal moratoria on offshore permitting and drilling activities imposed on May 28, 2010 and July 12, 2010 and new or revised safety rules, regulations, inspections or permitting practices.

Settlement Agreement § 38.93.

The Parties to the Settlement Agreement never agreed to a framework to calculate Moratoria Loss, so that it might be excluded from compensation as per § 5.10.3.1.2. As a result, <u>any Business Economic Loss claim identified (rightly or wrongly) as having the potential for Moratoria Losses is assigned to a queue for Moratoria Loss identification, and cannot receive an award</u>. This "claim limbo" is inconsistent with § 5.10.3.1.3, which allows claims by businesses, even when they may have suffered some Moratoria Loss.

The Settlement Agreement provides two objective methods for the Claims Administrator to identify claims as having the potential for Moratoria Losses. If a claimant's NAICS is listed with in Exhibit 19, and marked by an "x", then it may come under review for Moratoria Losses. *See* §§ 5.10.3.1.1 and 5.10.3.1.2.

Additionally, the Claims Administrator has interpreted the Settlement Agreement to allow the Settlement Program to identify claims as having the potential for Moratoria Losses purely on a subjective, case-by-case basis, where there are "indicia" of such losses. However, the Claims Administrator is duty-bound to follow the terms of the Settlement Agreement. Settlement Agreement § 4.3.1.  While he has the authority to interpret the Agreement, there is no authority for the Claims Administrator to decline to process claims (or place them into "limbo") based on the injection of subjective criteria not found in the Settlement Agreement.

Here, Claimant's NAICS (423990, as indicated on its tax returns) was not listed in Exhibit 19. Rather, the Settlement Program reviewed documentation in the claim record and decided that Claimant's NAICS (as reported on its 2010 tax return [Doc. ID 4171664]) was incorrect, and re-designated the NAICS as 423830. *See* Doc. ID 10507352 (Preliminary Notice Regarding Moratoria Loss Review).

This redesignation of the NAICS was in violation of § 4.4.7.1 of the Settlement Agreement, which provides:

> With respect to Claims by any Entity, or by a Natural Person related to his or her employment by an Entity, the Settlement Program shall determine the appropriate NAICS code for the Entity based on its review of (a) the NAICS code shown on an Entity Claimant's 2010 tax return, (b) 2010 business permits or license(s), and/or (c) other evidence of the Entity's activities necessary for the Settlement Program to determine the appropriate NAICS code.

Claimant's NAICS category of 423990 is described as:

> This industry comprises establishments primarily engaged in the merchant wholesale distribution of durable goods (except motor vehicle and motor vehicle parts and supplies; furniture and home furnishings; lumber and other construction materials; professional and commercial equipment and supplies; metals and minerals (except petroleum); electrical goods; hardware, and plumbing and heating equipment and supplies; machinery, equipment and supplies; sporting and recreational goods and supplies; toy and hobby goods and supplies; recyclable materials; and jewelry, watches, precious stones and precious metals).
> U.S. Census Bureau, available at:

https://www.census.gov/cgi-bin/sssd/naics/naicsrch?code=423990&search=2007.

This description—wholesale distribution of durable goods, with limited exceptions (none of which includes oilfield pipe rental and refurbishment)—adequately describes Claimant's business.

The NAICS 423990 listed in Claimants tax returns is not found within Exhibit 19, which should have been the end of the analysis; the claim should have been processed as a standard BEL claim under §§ 5.10.3.1.1 and 5.10.3.1.2.

Instead, the claim will never be reviewed for Moratoria Losses, as required by the Settlement Agreement, and due to the fact that the Parties could not agree to a Moratoria Loss Review framework remains in "Moratoria Hold."

Claimant provided documentation including a complete set of invoices for 2008–2010, showing only *de minimus* revenue earned from services provided to the offshore oil and gas industry. [*See* Doc. ID 20845380 (correspondence from Patrick Hron, from the office of the Claims Administrator).] The Claims administrator found only five instances (out of more than 1,100 invoices) where Claimant's services were in support of the offshore oil and gas industry. [*See id.*]

The revenue from these five instances totaled $55,559.34. *See id.* It breaks down as follows:

| Year | Offshore Revenue | Total Revenue | Percentage |
|---|---|---|---|
| 2008 | $27,255.00[1] | $35,220,164.78[2] | 0.077% |
| 2009 | $406.09[3] | $6,830,356.14[4] | 0.006% |
| 2010 | $27,898.25[5] | $10,211,853.42[6] | 0.273% |
| Totals | $55,559.34 | $52,262,374.34 | 0.106% |

The evidence in the claim record shows Claimant's business related overwhelmingly (99.894%) to services for on-shore activities. The findings of the Claims Administrator, showing

---

[1] Doc. ID 20791136 at 411, 414.
[2] Doc. ID 4631479 at 3.
[3] Doc. ID 20791165 at 10.
[4] Doc. ID 4631927 at 3.
[5] Doc. ID 20791246 at 167, 184.
[6] Doc. ID 4632453 at 3.

overall revenues of barely one-tenth of one percent from offshore activities, do not warrant an indefinite hold for Moratoria Losses.

Claimant respectfully requests that the Court order the Claims Administrator to remove Claim No. 65382 from the Moratoria Loss Review Queue and process the claim under the terms of the Business Economic Loss Framework, without regard to Moratoria Losses.

Respectfully Submitted,

/s/      Matthew E. Lundy
Matthew E. Lundy (La. Bar No. 18988)
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 439-0707
Facsimile: (337) 439-1029

*Counsel for Claimant No.* 100216080

CERTIFICATE OF SERVICE

I, Matthew E. Lundy, do hereby certify that that the above and foregoing Memorandum in Support of Motion for Leave of Court to File Request for Discretionary Court Review will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System and also with the LexisNexis File & Serve system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 2nd day of November, 2017.

/s/      Matthew E. Lundy