UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GILBERTO AVILA CAROLLO** | CIVIL ACTION |
| Plaintiff, | NO. |
| VERSUS | |
| | JUDGE BARBIER |
| **BP EXPLORATION & PRODUCTION, INC.** AND **BP AMERICA PRODUCTION COMPANY** | MAG. JUDGE WILKINSON |
| Defendants. | |

Related to:   12-968 BELO
              in MDL No. 2179

## BELO COMPLAINT

COMES NOW, Plaintiff, GILBERTO AVILA CAROLLO, by and through the undersigned counsel, hereby brings this cause of action against BP Exploration & Production, Inc. ("BP Exploration") and BP America Production Company ("BP America") and hereby states as follows:

### INTRODUCTION

1. Plaintiff is a Natural Person of the age of majority, and a citizen and resident of Kenner in Jefferson Parish, LA and a Clean-up Worker as defined by the Medical Settlement Agreement ("MSA").[1]

2. Pursuant to the terms of the MSA, Defendants herein are BP EXPLORATION & PRODUCTION, INC., and BP AMERICA PRODUCTION COMPANY (collectively "BP Defendants"), both are incorporated in Delaware.

---

[1] Deepwater Horizon *Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012*, MDL 2179, Rec. Doc. 6427-1 (May 3, 2012), § II.Q.

1

## JURISDICTION

3. This is a Back-End Litigation Option lawsuit ("BELO") for Later Manifested Physical Conditions ("LMPC") filed pursuant to the terms and requirements of the MSA. This Court has jurisdiction over this matter pursuant to 28, U.S.C. § 1332, because all of the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. BP Defendants are both corporate citizens of Delaware and not citizens of Louisiana.

5. Plaintiff has complied with all requirements for timeliness and seeks to recover for all damages allowable under the MSA for LMPCs suffered as a result of the *Deepwater Horizon Oil Spill* ("Oil Spill").

6. The Eastern District of Louisiana is the most appropriate venue. Plaintiff was hired by C&G Welding, Inc. and worked in Houma, Terrebonne Parish, LA at the time of exposure. Considering the relative ease of access to sources of proof, the ability to secure attendance of witnesses, and the ability to minimize costs of witnesses make the appropriate venue for this cause of action is Eastern District of Louisiana.

## GENERAL FACTS

7. The BP Oil Spill occurred with the blowout of the Macondo Well which was drilled by the Deepwater Horizon Rig (DHR) on the outer continental shelf in the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana;

8. The explosions and fire on board the DHR occurred on or about April 20, 2010;

9. Crude oil and other hydrocarbons were released following the explosion that contained benzene and other volatile organic compounds such as ethylbenzene, toluene, xylene and naphthalene, polycyclic aromatic hydrocarbons ("PAHs"), diesel fumes and heavy metals such as aluminum, cadmium, nickel, lead, and zinc.

2

10. Crude oil, specifically, contains chemicals such as benzene, PAHs, and many other chemicals that are toxic, and move from the oil into the air. Once airborne, these chemicals, with pungent petroleum like odors, can blow over the ocean for miles, reaching communities far from the location of the Oil Spill.

11. Subsequently, response activities were performed by clean-up workers under the direction of Unified Command.

12. As part of the response activities, BP Defendants purchased highly noxious chemical dispersants from Nalco and/or its subsidiaries which were sprayed over large areas that contained oil. These dispersants include Corexit® EC9500A and Corexit® EC9527A (collectively referred to as "Dispersants").

13. The Material Safety Data Sheet ("Data Sheet")[2] for Corexit EC9500 indicates that it contains hazardous substances, that it is harmful to human health, and that dermal exposure, inhalation, and ingestion should be avoided. The Data Sheet further states that Corexit® EC9500 is an eye and skin irritant and may irritate the respiratory tract if inhaled. If ingested, it may cause chemical pneumonia.

14. The Data Sheet for Corexit® EC9527A also indicates that it contains hazardous substances, it is harmful to human health, and that dermal exposure, inhalation, and ingestion should be avoided. The Data Sheet further states that Corexit® EC9527A is an eye and skin irritant and, if inhaled, may irritate the respiratory tract. If ingested, it may cause liver and kidney effects and/or damage, or irritate the gastrointestinal tract. Acute exposure may cause adverse central nervous system effects, nausea, vomiting, and anesthetic or narcotic effects.

15. In addition, Corexit® EC9527A contains 2-butoxyethanol ("EGBE"). Repeated or excessive exposure to EGBE may cause injury to red blood cells, the kidneys, and the liver.

---

[2] A form that sets forth the properties of a particular substance, including its toxicity and health effects.

EGBE may be carcinogenic to humans. It is an eye, nose, and throat irritant. It can cause nausea, vomiting, diarrhea, and abdominal pain. Exposure to EGBE can also cause headaches, dizziness, lightheadedness, and unconsciousness. Exposure to EGBE can damage a developing fetus, and chronic exposure may result in damage to the male and female reproductive systems in animals.

16. Both Dispersants also contain non-specified organic sulfonic acid salt, which is "moderately toxic," as well as propylene glycol, a chemical with solvent properties. Propylene glycol is a mild irritant, and exposure to high levels of propylene glycol and mists containing this chemical can cause eye, nose, throat, and lung irritation. Some individuals are allergic to propylene glycol and those with eczema may be at higher risk. Exposure may cause erythema, edema, induration, and other skin problems.

17. Plaintiff incorporates by reference and adopts as if set forth herein the Medical Class Action Complaint previously filed in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* in the U.S. District Court for the Eastern District of Louisiana, as of April 16, 2012, in Civil Action No. 12-cv-968.[3]

## CAUSE OF ACTION

18. During all relevant times, Plaintiff was a Clean-Up Worker working in Houma, LA from approximately April 1, 2010 to May 30, 2010. Plaintiff was employed by C&G Welding, Inc.

19. Plaintiff submitted a claim for a Specified Physical Condition (SPC0008616) and was approved as a Class Member[4], receiving an A1 level determination for GI Distress.

20. As a Clean-Up Worker, Plaintiff performed shoreline clean-up, as defined by the MSA. Throughout his performance of shoreline clean-up, Plaintiff was exposed through inhalation, airborne and direct contact to oil, dispersants, and other harmful chemicals. Plaintiff was exposed

---

[3] *Medical Class Action Complaint*, No. 12-cv-968, Rec. Doc. 1.
[4] *MSA*, § II.EEE.

to the oil, dispersants, and other harmful chemicals throughout the duration of his time as a result of the Oil Spill.

21. On more than one occasion, Plaintiff was also exposed to oil, dispersants, and harmful chemicals when he his eyes, nose, mouth, and skin were exposed by the lack of proper protective gear.

22. After his exposure to the oil, dispersants, and other harmful chemicals, Plaintiff suffered permanent injuries and was first diagnosed with GI Distress on November 26, 2013.

23. On March 29, 2017, Plaintiff filed a Notice of Intent to Sue (LMPC#00410000), as required by the MSA.[5]

24. On May 9, 2017, BP Defendants sent notice of their election not to mediate.

25. This Complaint has been timely filed within the requisite six (6) month period from the date of BP Defendants' notice.[6]

26. Plaintiff's permanent injuries and LMPCs were legally and proximately caused by exposure to oil, dispersants and other harmful chemicals from the Oil Spill over time.

27. BP Defendants are therefore liable under state and federal law, and under the terms of the MSA.

28. Plaintiff, Mr. Gilberto Avila Carollo, itemizes his damages as follows:

       a. Pain and suffering;
       b. Mental anguish;
       c. Lost earnings;
       d. Loss of earning capacity;
       e. Other economic loss;
       f. Loss of enjoyment of life; and
       g. Fear of future medical issues.

---

[5] *MSA*, § VIII.A.
[6] *MSA*, § VIII.G(1)(b).

Moreover, Plaintiff seeks all further damages or relief that this Honorable Court deems just and proper.

29. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays that the Defendants by duly cited to appear and answer this Complaint and that this Honorable Court grant Plaintiff relief to which he is entitled to under the law and against BP Defendants, including court costs and compensatory damages.

Respectfully Submitted,

**THE DOWNS LAW GROUP, P.A.**

/s/ Craig T. Downs
**CRAIG T. DOWNS**, **FL BAR # 801089**
**NATHAN L. NELSON, FL BAR #1002523**
3250 Mary Street. Suite 307
Coconut Grove, Fl. 33133
Telephone: (305) 444-8226
Facsimile: (305)-444-6773
Email: cdowns@downslawgroup.com
nnelson@downslawgroup.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

Dated this \_\_\_\_ day of _____ 20\_\_\_

*\_/s/ Craig T. Downs\_*
Craig T. Downs, Esq.