UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL No. 2179 SECTION: J |
| | * | JUDGE BARBIER |
| **This Document Relates to:** *Cases in the B1 Pleading Bundle* | * * | MAG. JUDGE WILKINSON |

### ORDER
[As to the Motions for Reconsideration, Etc. of the PTO 64 Compliance Order (Rec. Doc. 23051)]

On July 19, 2017, the Court issued what will be referred to as the "PTO 64 Compliance Order," which identified the remaining cases in the B1 pleading bundle[1] that had complied with PTO 60 and/or PTO 64. (Rec. Doc. 23051). Attached to the PTO 64 Compliance Order were four exhibits. Exhibit 1 listed 215 plaintiffs that the Court deemed to be compliant with PTO 60 and PTO 64. Accordingly, to the extent a plaintiff listed in Exhibit 1 asserted in his/her/its individual complaint a B1 claim under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 et seq., and/or general maritime law, which had not been otherwise dismissed, that claim was not dismissed by the PTO 64 Compliance Order and remained subject to further proceedings of this Court. Exhibit 2 listed 419 plaintiffs that the Court deemed to be compliant with PTO 60, but were not compliant with PTO 64. Accordingly, to the extent a plaintiff in Exhibit 2 asserted or could have asserted a B1 claim under general maritime law, that claim was dismissed with prejudice. Contrariwise, to the extent a plaintiff in Exhibit 2 asserted in its individual a B1 claim under OPA which was not otherwise dismissed, that claim was not dismissed by the PTO 64 Compliance

---

[1] The "B1 pleading bundle" consists of economic loss and property damage claims by private individuals and businesses.

Order.  Exhibit 3 listed 344 plaintiffs that submitted a response to PTO 64, but had not complied with PTO 60.  Because the plaintiffs in Exhibit 3 had not complied with PTO 60, their B1 claims had been dismissed with prejudice in an earlier order.  (Rec. Doc. 20996 or Rec. Doc. 22003).  Finally, Exhibit 4 to the PTO 64 Compliance Order listed 17 individuals and entities that attempted, but failed, to comply with the "Moratoria Hold Opt-Out Order" (Rec. Doc. 22390).  The PTO 64 Compliance Order dismissed with prejudice the complaints listed in Exhibit 4.[2]

Multiple plaintiffs moved for reconsideration of the PTO 64 Compliance Order.[3]  Per this Court's direction (Rec. Doc. 23379), BP filed an omnibus response (Rec. Doc. 23379).  The law firm of Waltzer Wiygul & Garside, LLC moved for leave to file a reply brief (Rec. Doc. 23454), which the Court will grant and has considered.

Having considered the parties' arguments, the record, and the applicable law, the Court rules as follows:

IT IS ORDERED that the Motion for Leave to File Reply (Rec. Doc. 23454) is GRANTED.

IT IS FURTHER ORDERED that the following plaintiffs are deemed to be COMPLIANT with both PTO 60 and PTO 64:

- Union de Fileteros de Cucharas Jose Luis Palacios Medina (No. 16-4806)
- S.C.C.P.P. Mano de Leon, S.C. de R.L. (No. 16-4366)

---

[2] The Court subsequently ordered that the PTO 64 Compliance Order be amended to add Tannin Inc., No. 13-1583, to Exhibit 1 (Rec. Doc. 23084) and Jamie Gaspard, No. 13-4437, to Exhibit 2 (Rec. Doc. 23256).

[3] Motions were filed by Kern Martin Services, Inc. (Rec. Doc. 23060/23099), Union de Fileteros de Cucharas Jose Luis Palacios Medina (Rec. Doc. 23085), the law firm of Waltzer Wiygul & Garside LLC on behalf of 204 commercial fisherman (Rec. Docs. 23091), the Buzbee Law Firm on behalf of 246 clients (Rec. Doc. 23254), Ultra Wireline Services, LLC (Rec. Doc. 23263), Mark Rodgers (Rec. Doc. 23264), Romy F. Berel, III (Rec. Doc. 23265), 13 plaintiffs represented by Brent Coon (Rec. Doc. 23278), Richard McBride (Rec. Doc. 23370), The Power House Church of God Holy Ghost Power (Rec. Doc. 23371), Raoul A. Galan, Jr. on behalf of his various business entities (Rec. Doc. 23372), Joe L. Thompson, Jr. (Rec. Doc. 23392), Ricky Liddell (Rec. Doc. 23393), Ester Watson (Rec. Doc. 23394), Leoutha Batiste (Rec. Doc. 23395), Martha Caradine (Rec. Doc. 23396), Blondine McBride (Rec. Doc. 23397), Ashley Thompson (Rec. Doc. 23398), Lisa McBride (Rec. Doc. 23399), and Nagan Srinivasan on behalf of Deepwater Construction Inc. (Rec. Doc. 23379-4).  Movers apply various titles to their filings.  For convenience, the Court will refer to all of these filings as "Motions for Reconsideration."

- S.C.P.P. Barra de Santa Maria, S.C. de R.L. (No. 16-4487)
- S.C.P.P. Barra de Boca Ciega, S.C. de R.L. (No. 16-4392)
- S.C.P.P. Lagunas Unidas al Sistema, S.C. de R.L. (No. 16-4373)
- Leoutha Batiste (No. 16-4154)

To the extent any of these six plaintiffs asserted in their individual complaints a B1 claim under OPA and/or general maritime law, which had not been otherwise dismissed, that claim is not dismissed by the PTO 64 Compliance Order and remains subject to further proceedings of this Court. The PTO 64 Compliance Order is hereby amended such that the above six plaintiffs are added to Exhibit 1 and removed from Exhibit 2(B) or Exhibit 3.

In accordance with the above ruling, IT IS FURTHER ORDERED that the Motion for Reconsideration by Union de Fileteros de Cucharas Jose Luis Palacios Medina (Rec. Doc. 23085) is GRANTED, the Motion for Reconsideration by Leoutha Batiste (Rec. Doc. 23395) is GRANTED, and the Motion for Reconsideration by the Buzbee Law Firm (Rec. Doc. 23254) is GRANTED IN PART.

IT IS FURTHER ORDERED that, except as stated above, the Buzbee Law Firm's Motion for Reconsideration (Rec. Doc. 23254) is DENIED for essentially the reasons provided by BP.[4]

IT IS FURTHER ORDERED that the following plaintiffs are deemed to be COMPLIANT with PTO 60 and NON-compliant with PTO 64:

- Tommys Gulf Seafood (No. 16-6610)
- C-IV Ventures, Inc. (No. 16-6335)
- Jacob Glick (No. 16-6303)
- Loren Glick (No. 16-6303)
- Thien Thi Hoang (No. 16-6175)

---

[4] Per movants' request (Rec. Doc. 23254 at 11), the Court does confirm that Costal Community Investments, Inc. (No. 16-6262), Coastal Land Development Group, LLC (No. 16-5941), International Capital Properties, Inc. (No. 16-5948), Arc on Welding, Inc. (No. 16-6056), and Classy Cycles, Inc. (No. 16-5923) have not been dismissed by the PTO 64 Compliance Order. Each of these plaintiffs was listed in Exhibit 2(A) to the PTO 64 Compliance Order.

To the extent any of the above five plaintiffs asserted or could have asserted a B1 claim under general maritime law, that claim is dismissed with prejudice. To the extent any of the above five plaintiffs asserted a B1 claim under OPA, which was not otherwise dismissed, that claim is not dismissed by the PTO 64 Compliance Order and remains subject to further proceedings of this Court. The PTO 64 Compliance Order is hereby amended such that the above five plaintiffs are added to Exhibit 2.

In accordance with the above ruling, IT IS FURTHER ORDERED that the Motion for Reconsideration by Brent Coon (Rec. Doc. 23278) is GRANTED IN PART.

IT IS FURTHER ORDERED that, except as provided above, the Motion for Reconsideration by Brent Coon (Rec. Doc. 23278) is DENIED for essentially the reasons provided by BP.

IT IS FURTHER ORDERED that the following Motions for Reconsideration are DENIED for essentially the reasons provided by BP:

- Kern Martin Services, Inc.'s Motion for Reconsideration (Rec. Doc. 23060)

- Waltzer Wiygul & Garside LLC's Motion for Reconsideration (Rec. Docs. 23091);[5]

- Ultra Wireline Services, LLC, Mark Rodgers, and Romy F. Berel III's Motions for Reconsideration (Rec. Docs. 23263, 23264, 23265);

- Richard McBride, Power House Church of God Holy Ghost Power, Joe L. Thompson, Jr., Ricky Liddell, Ester Watson, Martha Caradine, Blondine McBride, Ashley Thompson, and Lisa McBride's Motions for Reconsideration  (Rec. Docs. 23370, 23371, 23392, 23393, 23394, 23396, 23397, 23398, 23399)

---

[5] Waltzer Wiygul & Garside (WWG) bring their motion on behalf of a putative class of 204 commercial fishermen who executed releases from the Gulf Coast Claims Facility. WWG argue that these releases are invalid because they did not comply with the standard for seamen's releases announced in *Garrett v. Moore-McCormack Co.*, 317 U.S. 239 (1942), nor did they comply with OPA. This Court recently rejected identical arguments by two other plaintiffs. (*See* Order of Oct. 20, 2017, Rec. Doc. 23560). That ruling provides additional grounds, apart from those concerning non-compliance with PTO 60, for dismissing these plaintiffs.

- Raoul A. Galan, Jr., et al.'s Motion for Reconsideration (Rec. Doc. 23372)

- Nagan Srinivasan's Motion for Reconsideration (Rec. Doc. 23379-4).

Attached to this Order is an updated version of the four Exhibits that issued with the PTO 64 Compliance Order.

Signed in New Orleans, Louisiana, this 8th day of November, 2017.

_____
United States District Judge

Clerk to mail copies of this Order to:

Leoutha Batiste
Richard McBride
Power House Church of God Holy Ghost Power
Joe L. Thompson, Jr.
Ricky Liddell
Ester Watson
Martha Caradine
Blondine McBride
Ashley Thompson
Lisa McBride
Raoul A. Galan, Jr.
Nagan Srinivasan/Deepwater Construction, Inc.