UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: J JUDGE BARBIER |
| This Document Relates to: *Nos. 12-1895, 13-6013, 11-945* | * * | MAG. JUDGE WILKINSON |

## ORDER & REASONS

Before the Court is Defendants' Motion to Dismiss the Claims of Peggy Kemp and Dorothy Bright Clark (Rec. Doc. 23011),[1] Peggy Kemp's Opposition (Rec. Doc. 23173), and Defendants' Reply (Rec. Doc. 23173). Also before the Court is Peggy Kemp's Motion to Remand. (Rec. Doc. 7375). For reasons explained below, the Court denies the Motion to Remand, grants the Motion to Dismiss, and dismisses with prejudice the referenced member cases.

## BACKGROUND [2]

The following facts are undisputed. On April 20, 2010, a blowout, explosions, and fire occurred aboard the DEEPWATER HORIZON, a semi-submersible drilling rig, as it was preparing to temporarily abandon a well, known as Macondo, it had drilled on the Outer Continental Shelf approximately 50 miles from the Louisiana coast. Roy Wyatt Kemp ("Roy"), a Transocean[3] employee, was one of the eleven workers who died in the casualty. Roy's surviving spouse, Clara Courtney Kemp ("Clara") was appointed administratrix of Roy's estate. A few weeks after the incident, Transocean filed a limitation action under 46 U.S.C. § 30511 and Rule F

---

[1] "Rec. Doc." references are to the MDL master docket, No. 10-md-2179, unless another case is indicated.

[2] Dorothy Bright Clark did not file a response to Defendants' Motion. Consequently, the Court deems the Motion to Dismiss to be unopposed by Clark and will focus its discussion on Peggy Kemp.

[3] Transocean owned the DEEPWATER HORIZON and was contracted by BP to drill the Macondo Well.

of the Supplemental Rules for Admiralty and Maritime Claims.[4] On April 20, 2011, Clara filed a claim in Transocean's limitation action on behalf of herself individually, as representative of Roy's estate, and as the natural tutrix of Roy and Clara's two minor children. (No. 10-2771, Rec. Doc. 428). In October 2011, Clara reached a settlement through the Gulf Coast Claims Facility. (Rec. Doc. 23011-6). In connection with that settlement, she executed a Release and Covenant Not to Sue wherein Clara, "acting (i) individually, (ii) in her capacity as a 'Personal Representative' (as that term is used in the Death on the High Seas Act . . . and or the Jones Act . . .) of the decedent Roy Wyatt Kemp, (iii) in her capacity as administratrix of the estate of Roy Wyatt Kemp, and (iv) in her capacity as the tutrix of . . . the [two] minor children of herself and the decedent Roy Wyatt Kemp," released all claims concerning Roy's injury and death that were or could be asserted against BP,[5] Transocean, Halliburton,[6] and certain other parties.

In April 2012, Roy's surviving mother, Peggy Kemp ("Peggy"), sued BP and Halliburton—but not Transocean—in Texas state court for damages resulting from the death of her son, "including loss of household services, loss of consortium, loss of economic support, and loss of inheritance." (No. 12-1895, Rec. Doc. 1-2 ¶ VIII). Peggy asserted claims under the Jones Act, 46 U.S.C. § 30104, general maritime law, and the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302.[7] Defendants removed the case to the Southern District of Texas, and the Judicial Panel on Multidistrict Litigation subsequently it to this Court as a "tag along" to MDL

---

[4] Transocean filed the limitation action in the Southern District of Texas. The proceeding was transferred to this Court pursuant to Supplemental Rule F(9).

[5] BP was the majority owner and designated operator of the Macondo Well. As mentioned above, BP contracted Transocean to drill the Macondo Well.

[6] Halliburton was BP's cement contractor.

[7] Although Peggy does not explicitly plead DOHSA in her complaint, the Court views her complaint as if she had explicitly pleaded DOHSA.

2

2179, where it is docketed as No. 12-1895. Peggy filed a motion to remand with this Court (Rec. Doc. 7375), which was automatically stayed pursuant to Pretrial Order No. 15 (Rec. Doc. 676). In April 2013, Peggy filed another, nearly identical suit in state court. That case was also removed to the Southern District of Texas and then transferred here as part of MDL 2179. It is docketed as No. 13-6013.[8]

Peggy Kemp's cases remained stayed while the Court and parties addressed other aspects of the MDL. In June 2017, following status reports on matters remaining in pleading bundle "A" (Rec. Doc. 22247, 22582, 22592, 22720), the Court instructed Defendants to file the instant motion to dismiss and set a schedule for filing opposition and reply briefs (Rec. Doc. 22922). In her opposition, Peggy references the fact that she has a pending motion to remand. Accordingly, the Court will address the motion to remand first and the motion to dismiss second.

## PLAINTIFF'S MOTION TO REMAND

The removal statute provides, in relevant part, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(a).[9]

As mentioned, Peggy brings claims under the Jones Act, general maritime law, and DOHSA. The Jones Act, through its incorporation of Federal Employer's Liability Act, contains a statutory bar to removal. *See* 46 U.S.C. § 30104; 28 U.S.C. § 1445(a); *Burchett v. Cargill, Inc.*,

---

[8] Before No. 13-6013 was transferred to this Court, Peggy filed a motion to remand. Pretrial Order No. 5 in the MDL denied that motion without prejudice and required Peggy to refile it in the MDL master docket. As far as the Court is aware, Peggy did not refile the motion.

[9] The Court notes that the current version of 28 U.S.C. § 1441, as amended by The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, 125 Stat. 58 (2011), applies to member case no. 12-1895. *See* 28 U.S.C. § 1441, Historical and Statutory Notes. However, even if the former version of 28 U.S.C. § 1441 applied, the result would be the same.

3

48 F.3d 173, 175 (5th Cir. 1995). However, a fraudulently pleaded Jones Act claim will not prevent removal. *Burchett*, 48 F.3d at 175. To defeat remand, defendants may pierce the pleadings and must show that the Jones Act claim is baseless in law and in fact and serves only to frustrate federal jurisdiction. *Id.* All disputed questions of fact and any ambiguities in the current controlling substantive law are resolved in the plaintiff's favor.

The Court finds the Jones Act claim is fraudulently pleaded for two reasons. First, Peggy has not sued Roy's employer. A Jones Act claim may only be asserted against a seaman's[10] employer. *See* 46 U.S.C. § 30104. Peggy does not sue Roy's employer, Transocean, however. Peggy argues that BP qualifies as Roy's employer under the borrowed servant doctrine. *See Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 178 (5th Cir. Unit A Sept. 1981). However, given this Court's extensive experience with this litigation, the Court can and does conclude with certainty that Roy was not BP's borrowed servant. Second, the fact that Roy is survived by a spouse and two children precludes any recovery by a surviving parent under the Jones Act. *See* 45 U.S.C. § 51[11]; Robert Force & Martin J. Norris, *The Law of Seamen* § 29:8, at 29-20 (5th ed. 2003) ("The wording of the Jones Act make it clear that the beneficiaries are listed in a hierarchical order. Thus parents are not eligible to recover if there is a surviving spouse or child."). Accordingly, the Court finds that the Jones Act claim is baseless in law and in fact and serves only to frustrate federal jurisdiction.

This leaves Peggy's claims under general maritime law and DOHSA. While Peggy could have asserted these claims in federal court, the "saving to suitors" clause generally prevents their

---

[10] There is no dispute that Roy was a seaman under the Jones Act.

[11] "[I]n case of the death of such employee, [the employer shall be liable] to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee . . . ." 45 U.S.C. § 51.

4

removal from state court absent some other basis of federal jurisdiction. The Outer Continental Shelf Lands Act ("OCSLA") provides that basis, notwithstanding the fact that Peggy did not explicitly invoke jurisdiction under that Act. *See* 43 U.S.C. § 1349(b)(1);[12] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013); *In Re Deepwater Horizon*, 745 F.3d 157, 163-64 (5th Cir. 2014). Furthermore, the existence of OCSLA jurisdiction makes this case removable even if the applicable substantive law is maritime, and even if the parties are not diverse, and even if a defendant is a citizen of the forum state. *Barker*, 713 F.3d at 218-23 (5th Cir. 2013).[13]

For these reasons, the Court denies Peggy's Motion to Remand (Rec. Doc. 7375).

### DEFENDANTS' MOTION TO DISMISS

The Court treats that Motion to Dismiss as a motion for summary judgment.[14] The issue is whether Peggy has standing to sue. There is no dispute that DOHSA applies to Peggy's claims. *See also In Re Deepwater Horizon*, 745 F.3d at 166 & n.10. Only the "personal representative" of

---

[12] OCSLA states, in pertinent part:

> Except as provided in subsection (c) of this section, the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter.

43 U.S.C. § 1349(b)(1).

[13] Although *Barker* was decided under the prior version of 28 U.S.C. § 1441, it partially relied on the current version of the statute. *See Barker*, 713 F.3d at 223. Therefore, *Barker*'s holding is equally applicable here.

[14] *See* Fed. R. Civ. P. 12(d). Peggy objects to treating the instant motion as a motion for summary judgment because "this is outside the scope of the Court's prior orders, Plaintiff has not been allowed to conduct any discovery, and her Motion to Remand remains pending before the Court." (Rec. Doc. 23173-1 at 2 n.2). The Court addressed the motion to remand above. As to discovery, Rule 12(d) states that parties "must be given a reasonable opportunity to present all the material ***that is pertinent to the motion.***" (emphasis added) Peggy fails to articulate what discovery she needs beyond that which she has already submitted with her opposition (discussed below) and how it would be relevant to the instant motion. As to the Court's prior orders, although the Court contemplated a motion under Rule 12, after examining briefs and the attachments, the Court finds it is appropriate to treat this under Rule 56.

the decedent may bring an action under DOHSA. *See* 46 U.S.C. § 30302.[15] The rule is the same under the Jones Act and general maritime law, to the extent either of those laws would apply. *See* 46 U.S.C. § 30104; *Futch v. Midland Enters., Inc.*, 471 F.2d 1195, 1195-96 (5th Cir. 1973). A "personal representative" is the court-approved executor or administrator of the decedent's estate. *Calton v. Zapata Lexington*, 811 F.2d 919, 921 (5th Cir. 1987) (interpreting the Jones Act); *Credle v. United States*, 904 F. Supp. 2d 527, 528 (D. Md. 2012) ("[O]ther jurisdictions are in virtually unanimous agreement that a personal representative under DOHSA 'is by definition a court-appointed executor or administrator of an estate, not merely an heir.'").

Peggy admits that Clara "was appointed administratrix of [Roy's] estate" and refers to her as the "personal representative." (Rec. Doc. 23173-1 at 4, 7, 8). Nevertheless, Peggy presents two arguments as to why she has standing under DOHSA. First, citing *Francis v. Forest Oil Corp.*, 628 F. Supp. 836 (W.D. La. 1986), Peggy claims there is an exception that permits a beneficiary to bring a DOHSA claim when a conflict of interest exists between the personal representative and a beneficiary. However, the Fifth Circuit expressly considered and rejected *Francis*'s approach when it decided *Calton*, 811 F.2d at 921.

Second, Peggy argues that she too is a personal representative. Peggy submits an order dated March 27, 2017—nearly seven years after Roy's death—from the Seventh Judicial District Court of Catahoula Parish, Louisiana that purports to appoint her as "the *Personal Representative* of the Estate of her son, Roy Wyatt Kemp for the Sole Purpose of Pursuing Her Own Claims as

---

[15] DOHSA states:
> When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the **personal representative** of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative.

46 U.S.C. § 30302 (emphasis added).

Parent and Dependent Relative of her son, Roy Wyatt Kemp." (Rec. Doc. 23173-2 (italics in original)). This Court is not persuaded. When Clara settled and executed the Release and Covenant Not to Sue, she did so in her capacity as, *inter alia*, "'Personal Representative' (as that term is used in [DOHSA] and or the Jones Act . . .) of the decedent Roy Wyatt Kemp" and "in her capacity as administratrix of the estate of Roy Wyatt Kemp." (Rec. Doc. 23011-6). Furthermore, in this capacity, Clara "release[d] and forever discharge[d], . . . [BP, Halliburton,] and the other Release Parties for any losses, damages, . . . claims, . . . or other relief that [Clara] ha[d] or may have [had]. . . concerning bodily injury or death (including without limitation . . . any alleged economic loss in connection with bodily injury or mental health injury) . . . arising from or relating in any way to the April 20, 2010 blowout of the Macondo Well, the sinking of Transocean's Deepwater Horizon drilling rig," etc. (Rec. Doc. 23011-6). Consequently, any claims that could be asserted under DOHSA (or the Jones Act or under general maritime law) by Roy's personal representative were settled and released by Clara in 2011. Even if it were possible, then, for Peggy to be subsequently appointed as Roy's personal representative, there are no claims left for her to assert in this capacity. The Court is aware of no controlling case law that permits the serial appointment of putative beneficiaries as personal representatives in maritime wrongful death cases to pursue their own individual claims when a duly-appointed personal representative has already compromised and settled those claims. Rather, *Calton* noted that "Congress chose [in the Jones Act] to protect seamen's employers by funneling all suits through a single personal representative." *Calton*, 811 F.2d at 922. Given that DOHSA also requires suit to be brought by a "personal representative," both DOHSA and the Jones Act address maritime death actions, and both Acts were passed in the same year, it seems safe to conclude that Congress made a similar choice with respect to DOHSA defendants.

For these reasons, Peggy Kemp lacks standing under DOHSA to bring these claims, and the Court grants Defendants' Motion (Rec. Doc. 23011).[16]

## CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Peggy Kemp's Motion to Remand (Rec.Doc. 7375) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss the Claims of Peggy Kemp and Dorothy Bright Clark (Rec. Doc. 23011) is GRANTED.

IT IS FURTHER ORDERED that the claims of Peggy Kemp (No. 12-1895 & No. 13-6013) and Dorothy Bright Clark (No. 11-945) are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 22nd day of November, 2017.

United States District Court

**Note to Clerk: File in 10-md-2179, 12-1895, 13-6013, 11-945.**

---

[16] For identical reasons, Peggy Kemp also lacks standing to sue under the Jones Act and under general maritime law.