UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This Document Relates to: | JUDGE BARBIER |
| *No. 12-970* | MAG. JUDGE WILKINSON |
| *Claimant ID 100036154, Claim ID 171291* *Claimant ID 100036101, Claim ID 98636* | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE CLAIMS ADMINISTRATOR TO PROCESS CLAIMS**

MAY IT PLEASE THE COURT:

Claimant ID 100036154 and Claimant ID 100036101[1] filed claims for Business Economic Loss under the *Deepwater Horizon* Economic and Property Damage Settlement Agreement ("Settlement Agreement") and each Claimant received a notice that its claim had been placed on hold pending review for potential "Moratoria Losses". For the reasons below, the Claimants respectfully request that the Court order the Claims Administrator to remove Claim IDs 171291 and 98636 from the Moratoria Loss Review queue.

The Parties to the Settlement Agreement agreed that "Moratoria Losses" would not be compensated under the Agreement.[2] The Settlement Agreement expressly provides the means whereby claimants are to be identified as having the potential for Moratoria Losses:

> Business Employers the Claims Administrator determines fall within the NAICS codes and descriptions marked with an "x" in Section I of "Industry Types

---

[1] For purposes of preserving confidentiality, Claimants will refer to themselves by the Claimant ID Number issued by the Claims Administrator, and will refer to the Claim ID instead of the name of the business.
[2] *See* SETTLEMENT AGREEMENT, Exhibit 16 – Excluded Industries Chart.

> Subject to Review by Claims Administrator for Potential Moratoria Losses," Exhibit 19, shall be subject to automatic review to determine whether their losses, or any portion thereof, constitute Moratoria Losses. The Claimant shall be required to provide supplemental information in order for the Settlement Program to conduct this review. The Settlement Program shall create a dedicated team to evaluate such Claims. *See* Settlement Agreement § 5.10.3.1.1.

> Businesses / employers that the Claims Administrator determines to fall within the NAICS codes and descriptions marked with an "x" in Section II of "Industry Types Subject to Review by Claims Administrator for Potential Moratoria Losses," Exhibit 19, shall be subject to the following question: "In 2009, did your business provide significant services, goods, and/or supplies to businesses in the offshore oil & gas industry in the Gulf of Mexico?" If the Claimant responds affirmatively, its Claim shall be routed by the Settlement Program to a team dedicated to the evaluation of Business Economic Loss Claims for Moratoria Losses. The Claimant shall be required to provide supplemental information in order for the Settlement Program to conduct this review. If the Claimant responds negatively, its Claim shall proceed under the Economic Damage Claim Process. *See* Settlement Agreement § 5.10.3.1.2.

Once a claimant is identified as having the potential for Moratoria Losses under the

procedure outlined above, the following rules apply.

> All businesses/employers in this category are barred from recovery for Moratoria Losses. However, no businesses/employers in this category release moratoria claims. *See* Settlement Agreement § 5.10.3.1.3.

> All businesses/employers in this category are permitted to pursue Business Economic Loss Claims for (i) non-moratoria business interruption from Support Services to Oil and Gas Industry activities and (ii) non-oil and gas industry Economic Damages that are not otherwise excluded, but the Claimant must establish (i) and (ii) above were in the judgment of the Settlement Program due to or resulting from the Deepwater Horizon Incident. *See* Settlement Agreement § 5.10.3.1.4.

> Such Claims and Claimants are subject to the additional provisions discussed in detail in Exhibit 16, 19. *See* Settlement Agreement § 5.10.3.1.5.

> "Moratoria Loss" is a defined term in the Agreement:

> Moratoria Loss shall mean any loss whatsoever caused by or resulting from federal regulatory action or inaction directed at offshore oil industry activity -- including shallow water and deepwater activity -- that occurred after May 28, 2010, including the federal moratoria on offshore permitting and drilling activities imposed on May 28, 2010 and July 12, 2010 and new or revised safety rules,

2

regulations, inspections or permitting practices. *See* Settlement Agreement § 38.91.

The Parties to the Settlement Agreement never agreed to a framework to calculate Moratoria Loss claims, so that it might be excluded from compensation as per § 5.10.3.1.2. As a result, any Business Economic Loss ("BEL") claim identified (rightly or wrongly) as having the potential for Moratoria Losses is assigned to a queue for Moratoria Loss identification, and cannot receive an award. This "claim limbo" is inconsistent with § 5.10.3.1.4, which allows claims by businesses for non-moratoria losses.

The Settlement Agreement provides two objective methods for the Claims Administrator to identify claims as having the potential for Moratoria Losses. If a claimant's NAICS is listed in Exhibit 19, and marked by an "x", then it may come under review for Moratoria Losses. *See* §§ 5.10.3.1 and 5.10.3.1.2. Section 5.10.3 and Exhibits 16 and 19 of the Settlement Agreement essentially divide the universe of claimants to be reviewed for potential Moratoria Losses into two categories. The first are those businesses that fall within the codes and descriptions marked with an "x" in Section I of Exhibit 19, which are automatically set aside and put on hold for Moratoria Loss review. The second are those identified in Section II of Exhibit 19. These businesses are not automatically reviewed for potential Moratoria Losses, but are *only* subject to review in the event that the business certifies that, in 2009, it provided significant services, goods and/or supplies to the offshore Oil & Gas Industry in the Gulf of Mexico. *See* Exhibit 19, Section II. The Claims Administrator considers an entity as having provided "significant" services, goods, and/or supplies to businesses in the offshore oil and gas industry in the Gulf of Mexico *if* 33% or more of its 2009 net revenue was derived from such activities. *See* Question 10 of the BEL Claim Form. No other BEL claimant is subject to any type of hold, review, or potential exclusion for "Moratoria Losses" under the Settlement Agreement.

In addition, there is no language in the text of Section 5.3, Exhibits 4-8, Section 5.10, Exhibit 16, nor anywhere else within the Settlement Agreement, which evidences any specific process, procedure, authorization, authority, or agreement for the Settlement Program to place a claim on an indefinite hold or deny compensation for potential "Moratoria Losses" to any business other than those specifically identified on Exhibit 19.

Nevertheless, the Claims Administrator has interpreted the Settlement Agreement to allow the Settlement Program to identify claims as having the potential for Moratoria Losses purely on a subjective, case-by-case basis, where there are "indicia" of such losses. While he has the authority to interpret the Agreement, there is no authority for the Claims Administrator to decline to process claims (or place them into "limbo") based on the injection of subjective criteria not found in the Settlement Agreement. Such processing issues have been addressed by Class Counsel and the Claimants hereby adopt and incorporate the arguments set forth in Class Counsel's memorandum dated January 17, 2015 regarding Businesses Subject to Moratoria Loss Review and memorandum dated April 4, 2015 regarding Settlement Program Processing Issues.[3] The Settlement Agreement further requires the Claims Administrator to faithfully implement and administer the Settlement according to its terms and procedures, for the benefit of the Economic Class.[4]

By way of background, Claimant ID 100036154 (hereinafter referred to as "Claimant A") provides janitorial and industrial cleaning supplies and paper products to area businesses in Lafourche and Terrebonne Parish including but not limited to schools, banks, shipyards,

---

[3] *See* CLASS COUNSEL MEMO TO CLAIMS ADMINISTRATOR RE BUSINESSES SUBJECT TO MORATORIA LOSS REVIEW (January 17, 2015) (Rec. Doc. 14914-21); *see also* CLASS COUNSEL MEMO TO CLAIMS ADMINISTRATOR RE PROCESSING ISSUES (April 1, 2015) (Rec. Doc. 14517-6).
[4] *See* SETTLEMENT AGREEMENT, Section 4.3.1. (The Claims Administrator shall … faithfully implement and administer the Settlement, according to its terms and procedures, for the benefit of the Economic Class, consistent with this Agreement, and/or as agreed to by the Parties and/or as approved by the Court.)

hospitals, governmental offices, churches, gas stations, hotels, restaurants and other commercial businesses.  The type of products sold include disinfectants, sanitizers, odor control products, floor cleaners, hand sprays, degreasers, hand soaps, aerosols, paper dispensers, brooms, mops, waste receptacles, and other supplies that assist their customers with cleaning their products, equipment and/or offices.  (*see* Claimant ID 100036154, Doc. Id. 20080836).  On its tax returns, it listed 424990 as the business activity code[5] and the product/service description includes "cleaning supply."  (*see* Claimant ID 100036154, Doc. Id. 9086736).  The NAICS codes under 424990 are properly categorized under "Other Miscellaneous Nondurable Goods Merchant Wholesalers."[6]  Despite the fact that the NAICS code listed on its tax returns is <u>not</u> found in Exhibit 19, the Claims Administrator issued a Notice Regarding Potential Moratoria Losses on November 21, 2014.  (*See* Claimant ID 100036154, Doc. Id. 15602482).

As grounds for placing Claim ID 171291 on a hold for potential Moratoria Loss review, the Claims Administrator indicated that Claimant A does "business in Thibodaux, Raceland, Lockport, Larose, Galliano, Houma, Chauvin and Grand Isle and these locations are associated with moratoria-related industries operating in the Gulf of Mexico."[7]  The Claims Administrator also stated that some of Claimant A's customers include shipyards, oilfield contractors, supply boat companies, and marine fabrication companies who are involved in moratoria-related activities.  On this basis alone, the Claims Administrator determined Claimant A may have potential Moratoria Losses.

Claimant A respectfully submits that simply because a particular claimant provides cleaning products to a company that indirectly or directly provides support services the oil & gas

---

[5] The business activity codes contained on the Internal Revenue Service website list 424990 as "Other miscellaneous nondurable goods".  (*see* https://www.irs.gov/pub/irs-pdf/i1040sc.pdf at 18).
[6] https://www.census.gov/cgi-bin/sssd/naics/naicsrch?code=424990&search=2007%20NAICS%20Search
[7] *See* Exhibit A – Redacted email from counsel to CSSP dated November 21, 2017.

sector does not provide the Claims Administrator with the means or authority to place that claimant in the same category and any attempt to do so violates the Settlement Agreement. Moratoria Losses are expressly defined as those loses, "caused by or resulting from federal regulatory action or inaction directed at offshore oil industry activity..."  *See* Settlement Agreement § 38.91.  A real and substantial connection must exist between a claimant's daily business operations and the activities/industries subject to review for potential Moratoria Losses on Exhibit 19; otherwise, it can be argued that any business in South Louisiana has a "connection" to the offshore support services and oil & gas industries.  For example, does a company that provides landscaping services to a business that sells oilfield equipment to offshore operators place that business in the offshore support services category or does a hotel that primarily houses oilfield workers place that hotel in same industry?  The terms of the Settlement Agreement do not support such a far-fetched interpretation of Exhibits 16 and 19 by the Claims Administrator which essentially would defeat the purpose and intent behind Exhibit 19 and make any business located in coastal towns in Terrebonne, Lafourche or Plaquemines Parish subject to a hold for potential Moratoria Losses.

      Here, Claimant A provides janitorial and cleaning supplies to a variety of companies in Lafourche and Terrebonne Parish and even if some goods or products were sold to companies that service the offshore industry, the Claims Administrator overstepped its authority by using its own subjective criteria not found in the Settlement Agreement to place a business not marked with an "x" on Exhibit 19 on a permanent hold.  The above-referenced findings of the Claims Administrator do not warrant an indefinite hold for potential Moratoria Loss review and Claim ID 171291 should be released from the moratoria hold and processed accordingly under Exhibit 4 of the Settlement Agreement.

Likewise, Claimant ID 100036101 (hereinafter referred to as "Claimant B") is a glass company that provides glass repair, replacement and/or installation services to three types of customers: automotive, residential and marine. It sells, installs, and/or repairs various types of glass including plexiglass, mirrors, safety glass, plate glass and tempered glass. Services to residential customers include custom built shower doors, house windows and screens, and storm doors. It also installs awnings and carports and repairs garage doors. The automotive services include installing and/or repairing windshields and windows and its marine-related services includes installing and/or repairing porthole glass, custom boat windshields, solar shades and safety glass on vessels as well as custom cut glass orders to fulfill the specific needs of its customers. (*see* Claimant ID 100036101, Doc. Id. 20076366). On its tax returns, it listed 811190 as the business activity code[8] and the product/service description includes "glass sales & install." (*See* Claimant ID 100036101, Doc. Id. 5931789). The NAICS codes starting with 81119 are properly categorized under "Other Automotive Repair and Maintenance."[9] Despite the fact that the NAICS code listed on its tax returns is <u>not</u> found in Exhibit 19, the Claims Administrator issued a Notice Regarding Potential Moratoria Losses on November 21, 2014. (*See* Claimant ID 100036101, Doc. Id. 15602462).

This description – other automotive repair and maintenance – adequately describes Claimant B's business. The NACIS code 811190 listed on Claimant B's tax returns is not found within Exhibit 19, which should have been the end of the analysis and the claim should have been processed as a standard BEL claim. Instead, the claim will never be reviewed for potential Moratoria Losses, as required by the Settlement Agreement, due to the fact that the Parties could

---

[8] The business activity codes contained on the Internal Revenue Service website list 811190 as "Other automotive repair & maintenance (including oil change & lubrication shops & car washes)." (*see* https://www.irs.gov/pub/irs-pdf/i1040sc.pdf at 18).
[9] https://www.census.gov/cgi-bin/sssd/naics/naicsrch?code=81119&search=2007%20NAICS%20Search

not agree to a Moratoria Loss Review framework and Claim ID 98636 will remain on hold.

As grounds for placing Claim ID 98636 on a hold for potential Moratoria Loss review, the Claims Administrator referenced a handwritten letter in Claimant B's file submitted to the Gulf Coast Claims Facility in 2011 which stated, "When the B.P. oil spill occurred on April 20th, 2010 & then the moratorium was put on drilling in the Gulf our business took a severe loss because of the lack of jobs as well as lack of marine vessels operating, companies & people with lack of income not able to afford our services..."  (*see* Claimant ID 100036101, Doc. Id. 929922 at 14).  The Settlement Program also indicated that "some of the claimant's business activities as well as its location (Morgan City, LA) are associated with the offshore oil and gas industry in the Gulf of Mexico and some of the claimant's customers (*e.g.,* marine vessels) engage in moratoria-related activities.  Therefore, the Claimant may have potential moratoria losses."[10]

Claimant B respectfully submits that its marine division makes up less than 25% of its total revenues and while it sells, installs and/or repairs glass on a variety of vessels (*e.g.* crew boats, commercial fishing vessels, tug boats, etc.) located in a shipyard, this type of activity and any losses resulting therefrom are not properly classified as "Moratoria Losses" as per § 38.91 of the Settlement Agreement.  Claimant B's revenues are primarily derived from its automotive and residential glass services division and Claimant B, by definition, does not provide "significant" services, goods, and/or supplies to businesses in the offshore oil & gas industry because sales from its marine division do not meet the qualifying % threshold.

Moreover, the language contained on the Business Economic Loss Claim Form clearly provides that only those businesses marked with an "x" in Exhibit 19 and whose net revenue is 33% or more of its 2009 net revenue are subject to review for potential Moratoria Losses.  (*See* Claimant ID 100036101, Doc. Id. 5843001).  Here, Claimant B does not fall within the NAICS

---

[10] *See* footnote 7.

codes and descriptions marked with an "x" on Exhibit 19; and therefore, it does not fall into the same category of claimants whose revenues are primarily derived from offshore support service activities and subject to additional review.  As such, the findings of the Claims Administrator do not warrant an indefinite hold for potential Moratoria Loss review and Claim ID 98636 should be released from the moratoria hold and processed accordingly under Exhibit 4 of the Settlement Agreement.

The Claimants respectfully submit that the Claims Administrator has exceeded its authority when it issued Notices Regarding Potential Moratoria Losses effectively placing Claim IDs 171291 and 98636 on hold because these Claimants clearly do not fall within the industries and/or businesses subject to Moratoria Loss review.  As stated *supra,* Claimant ID 100036154 tax returns include the NAICS code 434990, which is not listed in Exhibit 19.  Likewise, Claimant ID 100036101 tax returns include the NAICS code 811190, which is not listed in Exhibit 19.  Nowhere in the Claimants' product offerings and/or services do they provide the type of activities and/or services marked with a "x" in Exhibit 19.  The Claimants' business operations do not have any substantial or direct connection to the offshore support services and/or oil & gas industries.  Again, does a company that repairs windshields on trucks that deliver oilfield equipment to Venice, Louisiana place that business in the offshore support services category?  The Claimants respectfully submit it does not and the operative provisions and exhibits in the Settlement Agreement should not be construed in such a broad manner as to put any business, especially those not listed on Exhibit 19, Section II, within the reach of the Claims Administrator for potential Moratoria Loss review.

Evening assuming *arguendo* that both Claimants business activities were within the realm of those businesses that provide support services to companies operating in Gulf of

Mexico, Section 5.10.3.1.4 specifically provides that all businesses in the "Support Services to Oil & Gas Industry" are permitted to pursue BEL Claims for (i) non-moratoria business interruption activities and (ii) non-oil & gas industry economic damages that are not otherwise excluded.[11] The proper application of the Settlement Agreement does not allow the Settlement Program to make any blind assumptions regarding a claimant's business activities which are not marked with a "x" on Exhibit 19 and place any claim on a permanent hold because of some subjective, undefined "indicia of potential Moratoria Losses" that may exist in the claim documentation. Rather, the Settlement Program is tasked with investigating and properly identifying if a claimant's business operations and corresponding revenues have any direct connection to the offshore oil & gas industry and if so, then what percentage is considered "Moratoria Loss" and excluded from the claim calculations. Instead, the Claimants' BEL claims have been placed on hold for over three (3) years due to the fact that the Parties could not agree to a Moratoria Loss Review framework and will never be reviewed for potential Moratoria Losses as required by the Settlement Agreement.

For all the foregoing reasons, Claimant ID 100036154 and Claimant ID 100036101 respectfully requests that the Court order the Claims Administrator to remove Claim IDs 171291 and 98636 from the Moratoria Loss Review queue and process the claims under the terms of the Business Economic Loss Framework, without regard to Moratoria Losses.

Dated: December 1, 2017                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ David B. Franco
　　　　　　　　　　　　　　　　　　　　　　　David B. Franco (TXBSA# 24072097)
　　　　　　　　　　　　　　　　　　　　　　　**FrancoLaw, PLLC**
　　　　　　　　　　　　　　　　　　　　　　　500 W. 2nd Street
　　　　　　　　　　　　　　　　　　　　　　　Floor 19, Suite 138
　　　　　　　　　　　　　　　　　　　　　　　Austin, Texas 78701
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (512) 714-2223

---

[11] *See* SETTLEMENT AGREEMENT, Section 5.10.3.1.4.

Facsimile: (504) 229-6730
Email: dfranco@dfrancolaw.com

And

Damon J. Baldone
**Damon J. Baldone & Associates, APLC**
162 New Orleans Blvd.
Houma, Louisiana 70364
Telephone: (985) 868-3427
Facsimile: (985) 872-2319
Email: dbaldone@hotmail.com

*Counsel for Claimant IDs 100036154 and 100036101*

### CERTIFICATE OF SERVICE

      I hereby certify that that the above and foregoing Memorandum in Support of Motion to Compel the Claims Administrator to Process Claims will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System and also with the LexisNexis File & Serve system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 1st day of December, 2017.

                                          */s/ David B. Franco*
                                          David B. Franco