## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISINANA

| | | |
|---|---|---|
| In re: Oil spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | |
| This document relates to: | * | JUDGE BARBIER |
| No. 11-cv-00916 | * | MAGISTRATE JUDGE WILKINSON |
| *Parish of Plaquemines v. BP PLC, et al* | * | |

## MEMORANDUM ON BEHALF OF PLAINTIFF, PLAQUEMINES PARISH GOVERNMENT, IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER AND REASONS ON MOTION [2:10-MD-02179-R. 23642] AS INCORPORATED IN JUDGMENT [2:11-CV-00916-R. 7]

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

Plaintiff, Plaquemines Parish Government ("PPG"), obviously agrees with the Court's Judgment of November 7, 2017, dismissing Intervenors' claim without prejudice to being refiled in State Court [R. No. 7].   This was the precise relief which PPG sought in its Motion to Dismiss. [R. No. 23280]

Nevertheless, PPG seeks to have this Honorable Court revise its Order and Reasons on Motion [R. No. 23642] related to PPG's Motion to Dismiss as the Reasons appear to invade the province of the 25th JDC by suggesting substantive rulings on the merits related to the validity of Intervenors' putative right to recover a contingency fee from PPG's recovery in the BP Litigation.

The Fifth Circuit jurisprudence is clear that a Court analyzing the validity of a forum selection clause should not delve into the issues associated with the validity of the underlying contract which contains the clause.[1]  Consequently, to the extent the Court's Order and Reasons on Motion attempts to address the validity of the entire contract at issue, that portion of the Court's opinion should be deleted, all in accordance with FRCP Rule 59(e), related to Motions "to alter or amend judgment".

## FACTS

This matter arises out of an attempt by the several attorneys and/or law firms, Martzel, Bickford & Centola, APC, David Landry, Esq. and King, Krebs & Jurgens, P.L.L.C. (collectively "Special Counsel"), former counsel of record for Plaintiff, PPG, in this matter, to intervene in PPG's lawsuit against BP.  Special Counsel seeks to recover attorney's fees they claim under an "Agreement for Professional Legal Services ("the Fee Agreement")" [R. No. 23344-2], which formed the basis for their Motion to Intervene in PPG existing claim against BP.  [R. No. 23344] PPG opposed the Motion to Intervene [R. No. 23502].  In addition, in response to a Motion for Fees and Costs [R. No. 23266] previously filed by Special Counsel, PPG had also filed a Motion for Dismissal of Motion for Fees and Costs or, in the Alternative, Removal to Forum Conventionally Agreed to by the Parties and for Stay on Hearing of Motion for Fees and Costs pursuant to Contingency Fee Agreement.   [R. No. 23280] PPG argued that the putative Intervenors' Motion for Fees and Costs should be dismissed because the Fee Agreement contained

---

[1]      *See* the leading Fifth Circuit case on the issue, *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998).

a valid, mandatory forum selection clause that requires any dispute arising from the Fee Agreement to be adjudicated in the 25th Judicial District Court in Plaquemines Parish. PPG specifically argued that the Court need not rule on the validity of the entire Fee Agreement to rule upon the forum-selection clause. [R.No. 23568, p. 2]

After briefing of the Motion for Leave to Intervene, the Court issued an Order and Reasons on Motion on October 25, 2017 [R. No. 23576] granting Special Counsels' Motion for Leave to Intervene. In its ruling, the Court indicated that the question of whether Special Counsel should be permitted to intervene was a "purely procedural question" and therefore, it was not necessary for the Court to delve into the substantive issue as to the "alleged invalidity of the contingency fee agreement." [R. No. 23576, p. 6] In contrast, when the Court ruled on PPG's Motion to Dismiss, the Court felt it *was* necessary to rule on the validity of the entire fee agreement, rather than simply enforcing the forum selection clause.

PPG is now concerned that the Court's decision to attempt to rule on the merits of the validity of the Fee Agreement could allow Special Counsel to raise *res judicata* as a defense to PPG's contentions when the case proceeds in the 25th JC. In effect, Special Counsel would then be arguing that this Court transferred this matter to the 25th JDC to rule on the merits when, in fact, this Court had already ruled on the merits, when Fifth Circuit precedent says the Court should not do so.[2]

---

[2]     *See* the leading Fifth Circuit case on the issue, *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998).

So as to avoid this confusing scenario, and to preserve the province of the 25th JDC to decide the merits, all in the interest of comity, PPG asks that the Court reconsider its Order and Reasons on Motion, and delete Section "A" of its Analysis entitled "The Court Must Determine the Validity of the Fee Agreement [R. No. 23642, pp. 9-11], as well as Section D. of its Analysis entitled "The Fee Agreement is Valid" [R. No. 23642, pp. 16-22], as well as that portion of its Conclusion which states that "the Parish and Intervenors entered into a valid fee agreement." [R. No. 23642, p. 22] At the same time, PPG asks that the Court's Judgment remain as is, unless the Court should feel the Judgment should be revised to reflect any change in the original Order and Reasons on Motion.

## APPLICABLE LAW

### Reconsideration

While the Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration, courts evaluate them under either Rule 59(e), as motions "to alter or amend judgment."[3]  This motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[4] A Magistrate's order may also be the subject of a Motion for Reconsideration.[5]  Reconsideration "serve(s) the narrow purpose of

---

[3]     *Edwrad H. Bohlin co. v. Banning Col.,* 6 F3d 350, 353 (5th Cir. 1993); *Fowler v. State Farm Fire & Cas. Co.,* No. 106CV489-HSO-RHW, 2008 WL 3540180, at *1 (S.D. Miss. Aug. 8, 2008); see also, *Rogers v. KBR Technical Services, Inc.,* 2008 WL 2337184, at *5 (5th Cir. June 9, 2008) (citing *Lavespere v. Niagara Mach. & Tool Works,* 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds); *Trautmann v. Cogema Mining, Inc.,* No. 5:04-cv-117, 2007 WL 2670093 at *2 (S.D.Tex. Sept.7, 2007)
[4]     *Worrell v. Houston Can.  Academy,* 2008 WL 2753405 at *6 (5th Cir. July 16, 2008) (quoting *Waltman v. Int'l Paper Co.,* 875 F.2d 368, 473 (5th Cir. 1989))
[5]     *See, e.g.,* Green v. Life Ins. of N. Am., No. 1:11CV228HSO-JMR, 2012 WL 12863147, at *1 (S.D. Miss. Dec. 5, 2012)*, Green v. Life Ins. Co. of N. Am.,* 754 F.3d 324 (5th Cir. 2014)

allowing a party to correct manifest errors of law or fact upon which the judgment is based."[6]  The District Court has discretion to grant or deny a Rule 59(e) Motion for Reconsideration, but in exercising its discretion, the Court must "strike the proper balance" between the need for finality and the need to render just decisions on the basis of all the facts.[7]  The Motion must be filed within twenty-eight (28) days of the Order or Judgment at issue.[8]

Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice."[9] The instant Motion for Reconsideration seeks relief under the third prong of the aforementioned standard, given controlling Fifth Circuit precedent on this issue.

**Controlling Fifth Circuit Precedent**

Normally, in the federal courts transfer of venue is never considered anything but a purely procedural issue.[10]  More to the point, in the Fifth Circuit, before a court rules on a forum selection clause, "the court cannot 'rule on the potential merits of the underlying claim.'"[11]  In fact, the Fifth

---

[6]     *Templet v. Hydro Chems, Inc.,* 367 F.3d 473, 479 (5th Cir. 2004)
[7]     *Banning,* 6 F.3d at 353
[8]     FRCP Rule 59(e)
[9]     *Jupiter v. BellSouth Telecommunications, Inc.*, 1999 WL 196218 (E.D. La. 10/5/99); *See also, Gulf Fleet Tiger Acquisition, LLC v. Thoma-Sea Ship builders, LLC,* 282 F.R.D. 146, 152-153 ( 9E.D. La. April 5, 2012); *Nationwide Mut. Fire Ins. Co. v. Pham, 193 F.R.D. 493, 494 (S.D.Miss.2000)* (quoting Atkins v. Marathon LeTourneau Co., *130 F.R.D. 625, 626 (S.D.Miss.1990))*
[10]     *See, e.g., In re Barnet,* 737 F.3d 238, 250 (2nd Cir. 2013); *Wise v. Williams,* No. 1:10-cv-02094, 2011 WL 2446303, at *1 (M.D. PA 5/18/11), Report and Recommendation adopted, No. 1:10-cv-2094, 2011 WL 2436524 (M.D. PA 6/15/2011); *In Rem Cointreau USA, Inc.,* 541 F. App'x 985, 987 (Fed. Cir. 2013); *Topsnik v. United States*, 114 Fed. Cl. 1,4 (2013); *Banjo Buddies, Inc. v. Ranosky,* 156 F. Supp. 2d 22, 24 (D. ME 2001)
[11]     *Smith Barney Sherson, Inc. v. Boone,* 47 Supp. 3d 750, 752 (5th Cir. 1995)

5

Circuit has addressed the exact issue in this case of whether the Court should consider the merits of an underlying contract when determining the enforceability of the forum selection clause. More specifically, in *Afram Carriers, Inc. v. Moeykens*,[12] the Fifth Circuit held that the enforceability determination of the forum-selection clause must precede any analysis of the merits of the contract's validity. As the Fifth Circuit stated:

> "The Supreme Court has ... instructed American courts to enforce [forum-selection] clauses in the interests of international comity and out of deference to the integrity and proficiency of foreign courts." Mitsui, 111 F.3d at 35 (citing Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 629, 105 S.Ct. 3346, 3355, 87 L.Ed.2d 444 (1985)). **Were we to judge the soundness of the forum-selection clause by what we believe to be the merits of the underlying contract, we would subvert the aforementioned comity concerns by making a merits inquiry that the Supreme Court has determined is best left to the forum selected by the parties.**[13] (emphasis added)

The entire Fifth Circuit, as well as the District Courts therein continue to follow this controlling rule of law.[14] Consequently, a District Court's attempt to determine the validity of a contract prior to simply enforcing a valid forum selection clause violates this long-standing federal Fifth Circuit rule of law.

---

[12]   *145 F.3d 298, 301 (5ᵗʰ Cir. 1998)*

[13]   *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301–02 (5th Cir. 1998)

[14]   *See, e.g., Orozco v. Trinity Ship Mgmt.,* No. CIV.A.99-2810, 2000 WL 343360, at *2 (E.D. La. Mar. 31, 2000), <u>*aff'd sub nom.*</u> *Orozco v. Trinity Ship Mgmt., S.A.,* 254 F.3d 1081 (5th Cir. 2001); *Valle v. Chios Venture Shipping, No.* CIV.A. 98-0748, 1999 WL 76429, at *3 (E.D. La. Feb. 8, 1999); *Sudduth v. Occidental Peruana, Inc.,* 70 F. Supp. 2d 691, 696 (E.D. Tex. 1999)

## **Conclusion**

Based on the foregoing, PPG prays that this Honorable Court delete that portion of its "Analysis" in its Order and Reasons on Motion of November 7, 2017, entitled "A.  The Court Must Determine the Validity of the Fee Agreement" [R. No. 23652, p. 9-11], as well as Section "D" entitled "The Fee Agreement is Valid" [R. No. 23642, pp. 16-22], as well as that part of the Court's "Conclusion" which suggests that "the Parish and Intervenors entered into a valid fee agreement."  PPG prays that the Judgment, as well as the Order and Reasons on Motion remain intact.

Date:   December 5, 2017.

Respectfully submitted:

_____/s/ Andrew C. Wilson_____
Andrew C. Wilson (#01162)
Simon Peragine Smith & Redfearn LLP
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Facsimile:  (504) 569-2999
and
PETER A. BARBEE (#18778)
WILLIAM S. CULVER, JR. (#4650)
8056 Highway 23 Ste. 200
Belle Chasse LA 70053
504/297-5575 Telephone
504/297-5697 Telefax
***Counselors for Plaquemines Parish Government***

## <u>CERTIFICATE OF SERVICE</u>

It is certified that the above and foregoing Motion on behalf of Plaquemines Parish Government Motion for Leave to File Supplemental Memorandum to Reply to Special Counsel's Opposition to Motion to Intervene was served electronically with the Clerk of Court of the U.S. District Court, Eastern District of Louisiana, through the CM/ECF system of said Clerk, and through said system will be served by the Clerk on opposing counsel of record.

/s/ Andrew C. Wilson