# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § § | MDL No. 2179 |
| This Document relates to: SERGIO VALDIVIESO | § § § | CIVIL ACTION NUMBER 2:12-cv-02004-CJB-SS SECTION "J" |
| VERSUS | § § | |
| SOUTHERN CAT, INC., EASTERN RESEARCH GROUP, INC., BP PL BP PRODUCTS NORTH AMERICA, INC.,  and BP AMERICA, INC. | § § § § | JUDGE BARBIER MAG. JUDGE WILKINSON |

### SERGIO VALDIVIESO'S REPLY TO BP'S RESPONSE TO MOTIONS FOR RECONSIDERATION OF THE COURT'S PTO 63 COMPLIANCE ORDER

Comes Now Sergio Valdivieso, Plaintiff/claimant in this matter, and files this his brief Reply to BP's Response to Motions for Reconsideration of the Court's PTO 63 Compliance Order ("BP's Response"), respectfully submitting as follows.

In BP's Response, it admits that as follows:

"BP was timely served with sworn statement by [Mr. Valdivieso]. As a result, in preparing the compliance list required by the Court, BP treated [Mr. Valdivieso] as having substantially complied with PTO 63."

(See page 6 of BP's Response.) We agree, and like BP believe and calculate that Valdivieso had timely complied, so was properly described as being "in compliance" on the Compliance List prepared by BP and submitted to the Court.

Later in BP's Response, it stated: "although BP identified [Mr. Valdivieso] as materially compliant with PTO 63(underlining added) because [he] timely served [his] sworn statements on BP", BP then contends that Valdivieso did not timely "*file* his sworn statement with the Court (see footnote 13 in BP's Response, pages 16 and 17.) That distinction, technical though it is, was

1

not known by Mr. Valdivieso or his counsel, but has since been remedied; Mr. Valdivieso now has "*filed*" the sworn statement with the Court, in addition to having previously served it upon BP.  (See Exhibit A, proof of filing).

In addition to being a very technical argument, BP in its filing of its Compliance List with the Court essentially concedes that Mr. Valdivieso is in substantial compliance, and here we should look to substance over form.  *See Mylett v. Mullican*, 992 F.2d 1347, 1352 (5th Cir. 1993) (courts should be "[m]indful of the priority of substance over form."); *see also Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347 (2014) (demonstrating a preference for substance over form with respect to procedural matters by holding that a §1983 claim was asserted, although the statute was never actually cited in the plaintiff's petition).

In addition, it is obvious that the "mis-filing" (if it can even be called that) would constitute at most a clerical error, which now has been corrected, and that no party has been prejudiced by serving it timely on BP, but not filing it with the Court, a point essentially conceded by BP when it filed its good faith Compliance List.  *See National Labor Relations Board v. East Texas Steel Castings Co., Inc.*, 211 F.2d 813, 815 (5th Cir. 1954) (Clerical error in naming employer in original charge of unfair labor practices was cured by filing amended charge correcting the error, and did not affect the jurisdiction of National Labor Relations Board, in the absence of a showing that employer was misled or prejudiced by such error); *Hunter v. Balboa Ins. Group*, No. 07-4655, 2009 WL 116987, *2 (E.D. La. Jan. 15, 2009) (denying defendants' motion in limine where the plaintiffs' failure to provide required disclosures was a result of a clerical error, and plaintiffs took steps to remedy the deficiency, which lessened any prejudice defendants may have experienced).

Moreover, Mr. Valdivieso exercised his own good faith in attempting to comply timely and fully with PTO 63. *See Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118, 121-22 (5th Cir. 1967) (holding trial court abused its discretion in dismissing complaint because of failure to comply with discovery order where plaintiff made good faith efforts to comply with order). "The Rules are a means- not an end of Justice.  In final analysis, a court has a responsibility to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default."  *Id.* at 122 (internal quotes omitted).

Finally, Plaintiff/claimant Sergio Valdivieso is a Jones Act seaman, and thus entitled to protection as a "ward of the Admiralty court", such that this Court should protect his improvident or clerical error, and look out for his interests, rather than allowing an adverse party to gain some procedural advantage due to, at most, a clerical error.

In short, the timely serving of Mr. Valdivieso's sworn statement upon BP, but his failure to realize that it *also* needed to be separately filed in the individual case, is a clerical error, now corrected, was served and provided in the good faith belief that it met the requirements of PTO 63, and no party, including but not limited to Emergency Response Group, SWS Environmental Services, nor the BP defendants, have been prejudiced in any way.

Wherefore, premises considered, Sergio Valdivieso asks this Court to find that he has complied with the requirements of PTO 63 and therefore is properly identified among the Exhibit A list of qualifying claimants/plaintiffs, such that the motion to strike or dismiss his claims as incorrectly filed, by Emergency Response Group, Inc. or any other defendant, should be denied.

3

Respectfully submitted,

THE LANIER LAW FIRM, P.C.

By:_____

       W. MARK LANIER
       State Bar No. 11934600
       CHARLES F. HERD, JR.
       State Bar No. 09504480
       6810 FM 1960 West
       Houston, Texas 77069
       Telephone: (713) 659-5200
       Fax: (713) 659-2204
       Fax: (281) 659-22045
      ATTORNEYS FOR PLAINTIFFS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Plaintiff Sergio **Valdivieso's Reply To BP's Response To Motions For Reconsideration Of The Court's PTO 63 Compliance Order** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of *September, 2017*.

_____
*CHARLES F. HERD, JR.*