# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 (10-md-2179) SECTION J |
| This document relates to: Case No. 2:11-cv-916 *Parish of Plaquemines v. BP PLC, et al.* | * * * * * * * | Honorable CARL J. BARBIER Magistrate Judge WILKINSON |

## **OPPOSITION TO PLAQUEMINES PARISH'S MOTION FOR RECONSIDERATION**

Martzell, Bickford & Centola, APC; David Landry, Esq.; and King, Krebs & Jurgens, PLLC ("Special Counsel"), through their undersigned counsel, respectfully submit this memorandum in opposition to the "Motion for Reconsideration of Order and Reasons on Motion" (the "Motion") filed by Plaquemines Parish (the "Parish"), which seeks reconsideration of this Court's November 7, 2017 Order and Reasons (the "Order") granting the Parish's motion to dismiss Special Counsel's claims for fees and costs without prejudice pursuant to a forum-selection clause in the Fee Agreement[1] between Special Counsel and the Parish. *See* Doc. Nos. 23642, 23734.

The Parish objects to the reasoning that the Court followed in granting its motion to dismiss. Specifically, the Parish argues that the Court should not have determined that the "Fee Agreement is valid" because "such a determination was unnecessary and invades the province of the 25th JDC." Motion at 1. Concerned with "the potential *res judicata* effects of the court's comments on the validity of the subject Fee Agreement," the Parish would have the Court rewrite

---

[1] The same agreement has also been referred to as the "Representation Agreement."

its reasons for decision to "indicat[e] that the issue of the validity of the subject contract need not be reached to enforce the forum selection clause." *Id.* at 2.[2] However, because the Court's findings and conclusions are essential to its decision, the Parish's Motion should be denied.

The Parish once again urges, as it did before, that "the Court need not rule on the validity of the entire Fee Agreement to rule upon the forum-selection clause." Memorandum at 3. The Parish cites *Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750, 752 (5th Cir. 1995), which holds that a court considering an arbitration clause[3] "may only determine whether the parties intended the particular issue to be resolved by arbitration, [and] cannot rule on the potential merits of the underlying claim." (Quotation omitted). The Parish also cites precedent explaining that a court should not "judge the soundness of the forum-selection clause by what [it] believe[s] to be the merits of the underlying contract." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998).

Notably, all of the forum-selection-clause precedents cited by the Parish are from international maritime cases involving contracts that select foreign law and a foreign forum (specifically, either Greece or Peru). *See* Memorandum at 6 & n.14. Accordingly, those cases were subject to the "presumption in favor of enforcing such clauses . . . . in the interests of international comity and out of deference to the integrity and proficiency of foreign courts," which does not apply here. *Afram*, 145 F.3d at 301 (quotation omitted). Moreover, none of these cases involved a

---

[2] The Parish even goes so far as to identify specific sections of the Court's Order that it suggests should be deleted. Memorandum at 4.

[3] "[T]he Fifth Circuit has noted that arbitration clauses are indistinguishable from forum-selection clauses for enforceability purposes." *Sinners and Saints, LLC v. Noire Blanc Films, LLC*, 937 F. Supp. 2d 835, 844–45 (E.D. La. 2013); *see also Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997).

moving party who was seeking enforcement of a contractual forum-selection clause while simultaneously arguing that the contract containing the clause was never properly formed.

Most importantly, the precedents cited by the Parish do not alter the basic premise that "[t]he Parish, as the party demanding performance of the forum selection clause in the Fee Agreement, must prove the existence of the obligation." Order at 10. On the analogous issue of arbitration clauses, the Supreme Court has emphasized that "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010) (emphasis removed). "To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce. . . . [T]hese issues always include whether the clause was agreed to, and may include when that agreement was formed." *Id.* Thus, in *Weber v. PACT XXP Technologies, AG*, 811 F.3d 758, 774–75 (5th Cir. 2016), the Fifth Circuit enforced a forum-selection clause only after concluding that "the parties validly contracted for the [forum-selection clause]."

Notwithstanding its position that the Court should "simply enforc[e]" the forum-selection clause at issue here without concerning itself with the validity of the Fee Agreement that contains it, the Parish has never provided any explanation as to how the forum-selection clause could be valid while simultaneously the remainder of the Fee Agreement is completely invalid. The Parish has taken the position that the entire Fee Agreement is "illegal" and "legally invalid" because its terms were not specifically approved in an ordinance passed by the Parish Council. Doc. No. 23502 at 10, 17, 20. The Parish did not and does not contend that there was any separate forum-selection agreement between Special Counsel and the Parish, or that the Parish Council passed any ordinance specifically authorizing the forum-selection clause. Accordingly, as a matter of simple

3

logic, under the facts and circumstances of this case as presented by the Parish itself, the enforceability of the forum-selection clause in the Fee Agreement "necessarily turns on" the validity and enforceability of the Fee Agreement generally. Order at 9. For that reason, and as this Court explained: "The forum selection clause in the Fee Agreement is not a free-standing obligation that exists without reference to the rest of the contract. The court can only enforce the forum selection clause if the Fee Agreement itself is valid." Order at 10.

The Court's reasoning on this point remains valid: "The Parish cannot have it both ways." Order at 10. The Parish cannot invoke a contract in its effort to enforce a forum-selection clause in this Court and expect to escape the inevitable effects of *res judicata* when it later tries to disavow the same contract in state court. If the forum-selection clause in the Fee Agreement is valid and enforceable, this "necessarily implies a valid Fee Agreement." Order at 9–10. Accordingly, the Court's conclusion that the Fee Agreement is valid is not an extraneous detour into the merits that might be excised while leaving the judgment intact—it is a logically antecedent and necessary issue that is essential to the Court's decision to enforce the forum-selection clause. The Parish's Motion should, therefore, be denied.

Respectfully submitted,

*/s/ Matthew J. Paul*
Richard C. Stanley, 8487
Matthew J. Paul, 37004
STANLEY, REUTER, ROSS, THORNTON
 & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, LA 70112
(504) 523-1580  Telephone
(504) 524-0069  Facsimile
rcs@stanleyreuter.com
mjp@stanleyreuter.com

*Counsel for Martzell, Bickford & Centola, APC; King, Krebs & Jurgens, PLLC; and David Landry, Esq.*

Scott R. Bickford, 1165
Lawrence J. Centola, III, 27402
MARTZELL, BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065  Telephone
(504) 581-7635  Facsimile
usdcedla@mbfirm.com

*Counsel for Martzell, Bickford & Centola, APC*

Henry A. King, 7393
Michael L. Vincenzo, 23965
KING, KREBS & JURGENS, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
(504) 582-3800  Telephone
hking@kingkrebs.com
mvincenzo@kingkrebs.com

*Counsel for King, Krebs & Jurgens, PLLC*

David L. Landry, 7978
THE LAW OFFICE OF DAVID L. LANDRY
1214 Parasol Place
Pensacola, FL 32507
(850) 492-7240  Telephone
2landry@cox.net

*Counsel for David Landry, Esq.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of December, 2017.

<em>/s/ Matthew J. Paul</em>