

*Deepwater Horizon* **Medical Benefits Settlement**
**Third-Party Lien Procedures**

*Effective December 12, 2017*

## SECTION I: THIRD-PARTY CLAIMS

1.      **Defined Terms**.  Unless otherwise provided herein, all undefined terms used in these *Deepwater Horizon* Medical Benefits Settlement Third-Party Lien Procedures ("***Procedures***") shall have the same meaning given to such terms in the Medical Benefits Class Action Settlement Agreement ("***Settlement Agreement***") approved on January 11, 2013.

2.      **Purpose**.  These Procedures define the process by which the Claims Administrator will receive, process, and pay certain claims and/or rights asserted by attorneys, creditors, or other third parties ("***Third-Party Claimants***"), including liens, assignments, rights of subrogation, encumbrances, garnishments, security interests, and any other legally perfected right asserted by a Third-Party Claimant, other than those addressed in Sections XXIX.A and F-H of the Settlement Agreement ("***Third-Party Claims***"), against the compensation to be paid by the Claims Administrator to eligible Medical Benefits Settlement Class Members ("***Class Members***") for Specified Physical Conditions under the Settlement Agreement.

3.      **Exclusions**.  For purposes of these Procedures, the definition of "***Third-Party Claim***" does not include any liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interest of any type held or asserted by Governmental Payers, Medicare Part C or Part D Program sponsors, or Other Payers/Providers.

4.      **Timeframe to Serve a Third-Party Claim**.  The Claims Administrator must receive notice of a Third-Party Claim in accordance with Section I.5 below prior to the Claims Administrator initiating the process to issue payment on a Class Member's Specified Physical Condition award; *provided, however*, that any Third-Party Claimant seeking payment of attorneys' fees or expenses following the resolution of a dual representation situation must submit the Third-Party Claim to the Claims Administrator during the timeframe set forth in the *Deepwater Horizon* Medical Benefits Settlement Dual Representation Resolution Procedures dated April 8, 2016 ("***Dual Representation Procedures***").  Any notice of a Third-Party Claim that is not received by the Claims Administrator within the required timeframe will be disallowed and cannot be resubmitted.

5.      **Method of Service of Third-Party Claims**.  A notice of a Third-Party Claim shall be provided to the Claims Administrator in accordance with the requirements of applicable law or, for any Third-Party Claimant seeking payment of attorneys' fees or expenses following the resolution of a dual representation situation, in the manner set forth in the Dual Representation Resolution Procedures.  To the extent allowed by applicable law, service may be made by mail to *Deepwater Horizon* Medical Benefits Claims Administrator, 935 Gravier Street, Suite 1400, New Orleans, LA 70112, Attn: Third-Party Claims or by email at lien@deepwaterhorizonmedicalsettlement.com.

## SECTION II: ACKNOWLEDGEMENT OF THIRD-PARTY CLAIM AND REQUEST FOR ADDITIONAL INFORMATION

1.      **Notice from Third-Party Claimant**.  If the Claims Administrator receives timely notice of a Third-Party Claim from a Third-Party Claimant, the Claims Administrator will send the Third-Party Claimant an acknowledgment of receipt and a request for the applicable proof

described in Section III of these Procedures if such proof was not included with the Third-Party Claim. The Third-Party Claimant shall have 14 days from the date it receives the Claims Administrator's request to submit such proof. If the Third-Party Claimant timely submits the requested proof, then the Third-Party Claim will be processed in accordance with Sections IV-VI, below. If the Third-Party Claimant fails to timely submit such proof, then the Claims Administrator will disallow the attempted Third-Party Claim and will not withhold funds or take any other action relating to it.

2. **Notice from Class Member**. If the Claims Administrator receives timely notice of a Third-Party Claim from a Class Member and such notice includes the full name and address of the Third-Party Claimant, the Claims Administrator will send written notice and a request for proof to the Third-Party Claimant in accordance with Section II.1 of these Procedures. If the Class Member fails to provide the Claims Administrator with the full name and address of the Third-Party Claimant, the Claims Administrator will send the Class Member a request for such information. If the Class Member fails to submit such information within 14 days of the date it receives the Claims Administrator's request, the Claims Administrator will disallow the attempted Third-Party Claim and will not withhold funds or take any other action relating to it.

### SECTION III: REQUIRED PROOF OF THIRD-PARTY CLAIM

1. **Proof of Third-Party Claim Under Applicable Law**. In order to establish a Third-Party Claim under these Procedures, a Third-Party Claimant or Class Member must submit to the Claims Administrator the proof specified below for the type of Third-Party Claim the Third-Party Claimant is asserting:

    (a) <u>Attorneys' Fees</u>: For a Third-Party Claim for attorneys' fees and expenses associated with work performed on a Class Member's claim for Specified Physical Condition compensation, a signed copy of the contract between the Class Member and the Third-Party Claimant, an itemized statement of fees claimed, and an itemized statement of expenses (if any);

    (b) <u>Tax Lien</u>: For a Third-Party Claim for monies owed to the IRS or a state tax agency, a Notice of Levy, Notice of Freeze, or other documentation evidencing a debt;

    (c) <u>State Child Support Lien</u>: For a Third-Party Claim for monies owed for child support, a Notice of Income Assignment, Individual Income Withholding Order, or similar documentation reflecting the current amount of the arrearage;

    (d) <u>Judgment Lien</u>: For a Third-Party Claim for a debt due under a federal or state court judgment, a copy of a final, non-appealable judgment establishing the Class Member's obligation to the Third-Party Claimant and a statement of the current amount owed; and

    (e) <u>Other Third-Party Claims</u>: For any other Third-Party Claim, proof of the Third-Party Claimant's lien, assignment, right of subrogation, encumbrance, garnishment, security interest, or other legally perfected right in accordance with the requirements of applicable law and the current amount of the Third-Party Claim; provided, however, that if applicable law does not require specific documentation to establish a legally perfected

3

right to payment, then at a minimum the Third-Party Claimant must provide the Claims Administrator with a copy of the document granting or giving rise to the lien, assignment, right of subrogation, encumbrance, garnishment, security interest, or other legally perfected right and the current amount of the Third-Party Claim.

2. **Authority to Request Additional Proof**. The Claims Administrator shall have the authority under these Procedures to require such additional proof as the Claims Administrator deems necessary or appropriate.

### SECTION IV: PROCEDURE FOR RESOLVING THIRD-PARTY CLAIMS

1. **Notice to Third-Party Claimant If No Compensation**. If (a) a Third-Party Claimant timely submits the required proof of a Third-Party Claim under the procedures above but (b) the Class Member fails to qualify for compensation for a Specified Physical Condition, then after sending the Class Member a Notice of Determination regarding such compensation and resolving any Request for Review the Class Member may submit, the Claims Administrator will notify the Third-Party Claimant that no payment will be made by the Claims Administrator to or on behalf of the Class Member on account of the Class Member's Specified Physical Condition claim, and no further action will be taken in connection with the Third-Party Claim by the Claims Administrator under these Procedures.

2. **Notice to Class Member and Opportunity to Dispute**. If (a) a Third-Party Claimant timely submits the required proof of a Third-Party Claim under the procedures above and (b) the Class Member qualifies for compensation for a Specified Physical Condition, then after sending the Class Member a Notice of Determination regarding such compensation, resolving any Request for Review the Class Member may submit, or receiving the requested proof from the Third-Party Claimant, whichever is last, the Claims Administrator will notify the Class Member of the Third-Party Claim and will provide a copy of the documentation evidencing the Third-Party Claim ("***Notice of Third-Party Claim***"). The Notice of Third-Party Claim will provide the Class Member the opportunity to dispute the Third-Party Claim; *provided, however*, that the Class Member cannot dispute a final, non-appealable judgment establishing the Class Member's obligation to pay the Third-Party Claimant or a final, non-appealable decision from a state or federal agency establishing the Class Member's obligation to make payment pursuant to such decision, and the Claims Administrator will pay any such order or decision in accordance with Section VI.2 of these Procedures.

3. **Dispute Process.** Any Class Member who has the right to dispute a given Third-Party Claim and wishes to exercise that right must submit written notice of the dispute ("***Dispute***") to the Claims Administrator within 21 days from the date the Class Member receives the Notice of Third-Party Claim. The Class Member must state the grounds on which the Class Member Disputes the Third-Party Claim and must attach any documentation it wishes to submit in support of the Class Member's Dispute. Any grounds not stated in the written notice and any documentation not attached to the written notice or not previously submitted with the Class Member's claim shall not be considered.

(a)     If the Class Member does not timely submit a Dispute, the Claims Administrator will pay the Third-Party Claim in accordance with the payment procedures in Section VI below.

(b)     If the Class Member timely submits a Dispute, the Claims Administrator shall notify the Third-Party Claimant of the Dispute ("***Third-Party Dispute Notification***"). The Third-Party Claimant may then submit a written statement to the Claims Administrator in support of the validity and amount of its Third-Party Claim along with any supporting documentation (the "***Response***"). The written statement shall not exceed 5 pages, and the Response must be submitted to the Claims Administrator within 14 days of receipt of the Third-Party Dispute Notification. Any grounds in support of the validity and amount of the Third-Party Claim not stated in the Response and any documentation in support of the validity and amount of the Third-Party Claim not included with the Response shall not be considered.

4.     **Third-Party Claims Adjudicator's Determination**. Following the earlier of the Third-Party Claimant's submission of a Response or the expiration of the 14-day period for submitting a Response, the Claims Administrator shall submit the Class Member's Dispute, any timely Response, and any documentation timely submitted with such Dispute or Response to a third-party claims adjudicator appointed by the Court (the "***Third-Party Claims Adjudicator***"). The Third-Party Claims Adjudicator shall review such materials and shall determine whether the Third-Party Claimant is entitled to receive payment from the Class Member's Specified Physical Condition compensation and the amount (if any) to be paid by the Claims Administrator to the Third-Party Claimant. The Third-Party Claims Adjudicator shall notify the Claims Administrator of the Third-Party Claims Adjudicator's determination, and the Claims Administrator shall provide written notice of such determination to the Class Member and the Third-Party Claimant and shall issue payment in accordance with Section VI below. The Third-Party Claims Adjudicator's determination shall be final, binding, and non-appealable, but only as to the Claims Administrator, Class Member, and Third-Party Claimant in connection with the payment of compensation for a Specified Physical Condition under the Settlement Agreement. The Third-Party Claims Adjudicator's determination shall in no way impact, impair, or infringe upon any rights of the Class Member or Third-Party Claimant under applicable law.

5.     **Withdrawal of Dispute**. At any time before the Claims Administrator initiates the process to issue payment from a Class Member's Specified Physical Condition compensation, the Class Member and Third-Party Claimant may reach an agreement and jointly notify the Claims Administrator of the resolution of the Third-Party Claim. In the event the Class Member and Third-Party Claimant notify the Claims Administrator of the resolution of the Third-Party Claim and agree as to the amount, if any, to be paid to the Third-Party Claimant, then the Dispute process, if not already concluded, shall end and the Claims Administrator shall pay the Third-Party Claim in accordance with the terms of the parties' agreement and Section VI below.

6.     **Pending Litigation**. Notwithstanding anything in these Procedures to the contrary, in the event the Claims Administrator is notified that any Third-Party Claim is the subject of pending litigation between the Class Member and the Third-Party Claimant, the Claims Administrator will suspend the processing of the Third-Party Claim under these Procedures until

such time as the Claims Administrator receives a final, non-appealable judgment resolving such litigation.

7. **Interpleader**. Nothing in these Procedures shall be construed to prohibit the Claims Administrator from interpleading at any time any funds that are the subject of a Third-Party Claim.

### SECTION V: INTERCREDITOR DISPUTES

1. **Intercreditor Dispute**. For purposes of these Procedures, an "*Intercreditor Dispute*" is defined as one of the following: (a) a dispute among multiple Third-Party Claimants regarding which Third-Party Claimant is entitled to payment from the Class Member's Specified Physical Condition compensation in connection with a single Third-Party Claim, or (b) the assertion of more than one Third-Party Claim where the aggregate amount of Third-Party Claims exceeds the amount of Specified Physical Condition compensation available to satisfy such claims.

2. **Resolution of Intercreditor Disputes**. In the event of an Intercreditor Dispute, the rights of each Third-Party Claimant shall be determined in accordance with the process set forth in these Procedures, subject to the following modifications and clarifications:

(a) Class Member Dispute. The Class Member may choose to Dispute any, all, or none of the Third-Party Claims involved in an Intercreditor Dispute under Section IV.3 above; *provided, however*, that the dispute resolution process will proceed among the Third-Party Claimants involved in the Intercreditor Dispute in the event the Class Member fails to timely Dispute any or all of the Third-Party Claims.

(b) Notification of Intercreditor Dispute. Under Section IV.3.b of these Procedures, all Third-Party Claimants involved in an Intercreditor Dispute will be notified of the Intercreditor Dispute and will be provided with copies of the Class Member's Dispute (if any) and all documentation relating to the other Third-Party Claims involved in the Intercreditor Dispute.

(c) Additional Briefing: In the event of an Intercreditor Dispute, the Third-Party Claims Adjudicator may enlarge the page limitation of a Response or otherwise permit additional briefing at the Third-Party Claims Adjudicator's sole and absolute discretion.

### SECTION VI: PAYMENT OF THIRD-PARTY CLAIMS

1. **Withholding Compensation Subject to Third-Party Claim**. The Claims Administrator will withhold all Third-Party Claim amounts, pursuant to Section XXIX.N of the Settlement Agreement, until the Third-Party Claim is resolved under the terms of these Procedures.

2. **Payments**. All payments by the Claims Administrator to the Class Member or any Third-Party Claimant shall be made during the course of the Claims Administrator's normal payment process. Payments shall be made in accordance with the determination of the Third-Party Claims Adjudicator's determination, the terms of these Procedures, the Settlement Agreement, any

orders of the Court (including, without limitation, the Fee Cap Order), and, subject to the foregoing, applicable law.

### SECTION VII: MISCELLANEOUS

1. **Retroactive Application**. Upon approval of these Procedures by the Court, the Claims Administrator shall apply these Procedures retroactively to all Third-Party Claims asserted against any Class Member's Specified Physical Condition compensation.

2. **Implementation of These Procedures**. The Claims Administrator has the discretion to administer any steps necessary to implement these Procedures, including, without limitation, the discretion to address any situation that is not contemplated by these Procedures. All decisions by the Claims Administrator concerning the application of these Procedures shall be in the Claims Administrator's sole and absolute discretion, and may not be challenged or appealed by any party under these Procedures.

3. **Effect of Procedures**. Nothing in these Procedures is intended to or shall be deemed to grant any rights to any party that exceed such party's rights under applicable law.

4. **Choice of Law.** For each Third-Party Claim, the Third-Party Claims Adjudicator shall apply the substantive laws applicable to the Third-Party Claim to determine the validity and amount of such Third-Party Claim, including, without limitation, relevant federal and state laws regarding perfection, priority, and payment of liens.

5. **Representation by Counsel**. Any party may be, but need not be, represented by counsel under these Procedures. For any Class Member or Third-Party Claimant who is represented by counsel, all notices and correspondence under these Procedures shall be sent to the Class Member's or Third-Party Claimant's attorney, as applicable.

6. **Notices**.

    (a) To the Claims Administrator. All notices and documents ("*Notices*") required to be sent to the Claims Administrator under Sections II-V of these Procedures shall be sent by email or by regular, registered, or certified mail to the Claims Administrator at the address set forth in Section I.5 above.

    (i) Email. A Notice sent by email shall be deemed to be sent to and received by the Claims Administrator on the date the email is sent, unless the sender learns that the Notice did not reach the Claims Administrator, in which case the Notice shall be deemed not to have been sent or received.

    (ii) Registered and Certified Mail. A Notice sent by registered or certified mail (a) shall be deemed to be sent on the date it is postmarked or, absent a postmark, on the date the carrier accepted custody of the Notice, as reflected in the carrier's delivery records, and (b) shall be deemed to be received by the Claims Administrator on the date of delivery, as reflected in the carrier's delivery records.

        (iii)    <u>Regular Mail</u>.  A Notice sent by regular mail (a) shall be deemed to be sent on the date it is postmarked and (b) shall be deemed to be received by the Claims Administrator on the date of delivery, as reflected in the Claims Administrator's records.

        (b)    <u>To the Third-Party Claimant or Class Member</u>.  All Notices required to be served on the Third-Party Claimant or Class Member under Sections II-V of these Procedures shall be sent by email or by registered or certified mail, return receipt requested, postage prepaid to the Third-Party Claimant or Class Member (or their counsel, as applicable) at the address provided by the Class Member or Third-Party Claimant (as applicable).

        (i)    <u>Email</u>.  A Notice sent by email shall be deemed to be sent to and received by the addressee on the date the email is sent, unless the Claims Administrator learns that the Notice did not reach the addressee, in which case the Notice shall be deemed not to have been sent or received.

        (ii)    <u>Registered and Certified Mail</u>.  A Notice sent by registered or certified mail (a) shall be deemed to be sent on the date it is postmarked or, absent a postmark, on the date the carrier accepted custody of the Notice, as reflected in the carrier's delivery records, and (b) shall be deemed to be received by the Claims Administrator on the date of delivery, as reflected in the carrier's delivery records.

        7.    **Change of Address; Mail Undeliverable**.  If any party at any time during these Procedures changes its address, the burden shall be on that party to notify the Claims Administrator immediately.  Any party may change his or her address under these Procedures at any time by providing notice in accordance with Section VII.6 above. No deadlines will be extended under these Procedures as a result of a party's failure to provide the Claims Administrator with the party's updated contact information.  The Claims Administrator will send all correspondence to the address provided by the Class Member or Third-Party Claimant, as applicable.  In the event any mail sent by the Claims Administrator to the Class Member or Third-Party Claimant at the address provided is returned to the Claims Administrator as undeliverable, such correspondence shall be deemed received by the Class Member or Third-Party Claimant (as applicable) as of the date the Claims Administrator receives notice that the mail was undeliverable.

        8.    **Amendments**.  Any amendments to these Procedures shall be subject to Court approval.

        9.    **Dual Representation Resolution Procedures**.  In the event of a conflict between these Procedures and the Dual Representation Procedures in connection with a legal lien that is asserted following the resolution of a dual representation situation, the terms of these Procedures shall govern.

        10.    **Reliance.**  In the administration of these Procedures, the Claims Administrator is authorized to act upon, and shall not be liable for acting in reliance upon, any judgment, order, contract, agreement, instruction, notice, certification, demand, consent, authorization, receipt,

power of attorney, or other writing that the Claims Administrator believes to genuine and to have been signed, sent, or presented by the proper person or persons.

11. **Limitation of Liability**. The Claims Administrator shall have absolute quasi-judicial immunity for any discretionary acts concerning the application of these Procedures. In addition, the Claims Administrator shall not be liable to any party for any other act or omission in connection with these Procedures, except to the extent such act or omission is the result of the Claims Administrator's gross negligence or intentional or willful misconduct. The Third-Party Claims Adjudicator shall have the same immunity as judges for all official acts.

12. **Deadlines**. Time is of the essence in these Procedures. The time limits set forth in these Procedures are and will be strictly enforced; *provided, however*, that the Claims Administrator may grant extensions of time in its sole and absolute discretion; *provided further, however*, that any extension of time to submit a Dispute or Response shall be at the Third-Party Claims Adjudicator's sole and absolute discretion.

13. **Computation of Time and Dates of Submission**. Any time period prescribed by these Procedures shall be computed as follows: In counting the days prescribed, (a) exclude the day of the event that triggers the period, (b) count every day, including intermediate Saturdays, Sundays, and legal holidays, and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Legal holidays are: New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day designated by the Claims Administrator. This statement is subject to any further clarifications from the Claims Administrator.

14. **Certification as to Truth of Information Submitted**. Each party certifies and declares under penalty of perjury pursuant to 28 U.S.C. Section 1746 that all of the information, oral and written, submitted in these Procedures is true and accurate to the best of that party's knowledge and understands that false statements or claims made in connection with these Procedures may result in fines and/or any other remedy available by law.