UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISINANA

| | | |
|---|---|---|
| In re: Oil spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION: J |
| | * | |
| | * | JUDGE BARBIER |
| This document relates to: | * | |
| No. 11-cv-00916 | * | MAGISTRATE JUDGE WILKINSON |
| *Parish of Plaquemines v. BP PLC, et al* | * | |

**REPLY MEMORANDUM ON BEHALF OF PLAQUEMINES PARISH GOVERNMENT TO SPECIAL COUNSEL'S OPPOSITION TO MOTION FOR RECONSIDERATION [R.DOC. 23758]**

**MAY IT PLEASE THE COURT:**

Plaquemines Parish Government ('PPG"), through their undersigned counsel, respectfully submits this Reply Memorandum responding to the Memorandum in Opposition to PPG's Motion for Reconsideration [R.Doc. 23758] filed by Martzel, Bickford & Centola, APC; David Landry, Esq.; and King, Krebs and Jurgens, PLLC (collectively, "Special Counsel"), and in further support of PPG's pending Motion for Reconsideration [R. Doc. 23734] of this Honorable Court's Order and Reasons on Motion. [R. Doc. 23642]

**SUMMARY**

Special Counsel's Opposition Memorandum offers little in the way of new contentions. Instead Special Counsel simply parrots the Court's Order and Reasons on Motion and repeats most of the same arguments which were unsuccessful in Special Counsel's Original Opposition Memorandum. In short, Special Counsel has simply failed to overcome the presumption of

00550903-1                                                        1

validity associated with the subject forum-selection clause and the controlling Fifth Circuit precedents which make it clear that a court addressing such a clause should not look into the validity of the underlying contract. Indeed, it would make no sense for a court addressing a forum-selection clause to rule on the merits of the core issues of the case and then refer the case to the proper forum and venue for that court to also rule on the merits, or alternatively, for that court to accede to the prior court's rulings. Such an approach would either invite conflicting rulings in the former instance, or, in the latter instance, invade the province of the court of proper venue in direct violation of the principles of comity and the sole purpose of a forum-selection clause.

## ARGUMENT

While PPG has shown in its initial Memorandum in Support of its Motion for Reconsideration that the Order conflicts with Fifth Circuit precedent, PPG submits that in contrast, Special Counsel has presented absolutely no reason as to why this Honorable Court should *not* reconsider its Order and Reasons on Motion.  First, Special Counsel has failed to address the core issue of the controlling Fifth Circuit law. In this regard, Special Counsel quotes the Court's Order stating, "[t]he Parish, as the party demanding performance of the forum selection clause in The Agreement, must prove the existence of the obligation." Special counsel's contention is in error since federal law, not Article 1831 of the Louisiana Civil Code,[1] governs this Court's inquiry into the enforceability of a forum selection

---

[1] Indirectly cited by Special Counsel through reference to p.10 of the Court's Order (see, Opposition Memorandum at p.3)

clause.[2] Further, under federal law, forum selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."[3] "The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives plaintiff of his day in court."[4] Special.Counsel simply failed to address any of these considerations and, in fact, dodges the core issue of whether the subject forum-selection clause is unreasonable.

Next, in their Opposition memorandum, Special Counsel admits that the "Fifth Circuit has noted that arbitration clauses are indistinguishable from forum-selection clauses for enforceability purposes." [5] But then in the same breath, Special Counsel suggest that the jurisprudence cited by PPG is inapposite because it deals with arbitration clauses "from international maritime cases involving contracts that select foreign law and a foreign forum.…" [6] Such a flawed premise ignores the fact that District Courts within the Fifth Circuit follow *Afram* and refuse to judge the soundness of a forum selection clause by the merits of the underlying contract when interpreting non-maritime forum-selection clauses designating a particular domestic (not international) venue or court.[7]

---

[2]   *Haynsworth v., The Corp.,* 121 F.3d 956, 962 (5th Cir.1997)
[3]   *The BREMEN v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972).
[4]   *Mitsui & Co. (USA), Inc. v. MIRA M/V,* 111 F.3d 33,35 (5th Cir.1997), (*citing BREMEN,* 407 U.S. at 12–13, 15, 18, 92 S.Ct. at 1914–15, 1916, 1917-18); *Afram Carriers, Inc. v. Moeykens,* 145 F.3d 298, 301 (5th Cir.1998).
[5]   Opposition Memorandum at p 2, fn. 3
[6]   Opposition Memorandum at p.2
[7]   See, e.g., *Estate of Dunn v. Am. Health Centers, Inc.,* No. 4:05CV114 DB, 2006 WL 2701166, at *4 (N.D. Miss. Sept. 18, 2006)

Lastly, Special Counsel also raises a number of random, specious arguments which make no sense. For instance, Special Counsel appears to suggest for the first time an issue as to whether Special Counsel ever agreed to the subject forum-selection clause,[8] but presents no facts or evidence which would support such a theory or even raise such a question. PPG has no obligation to prove that Special Counsel specifically agreed to each individual clause of the Fee Agreement including this clause when there is no evidence to suggest otherwise. Compounding the absence of such evidence is the fact that Special Counsel presents no authority for such a contention.

Another of Special Counsel's random arguments is that PPG must explain "how the forum-selection clause could be valid while simultaneously the remainder of the Fee Agreement is completely invalid,"[9] a reference to PPG's Memorandum opposing Special Counsel's Intervention, an issue that has already been decided. Once again, this contention flies in the face of the Fifth Circuit precedent, *Afram*, which bars inquiry into the merits of the underlying contract in the analysis of the validity of a forum-selection clause. It is ironic that Special Counsel argues that the court should delve into the merits of the underlying contract in analyzing the forum-selection clause, contrary to Fifth Circuit precedent, but during the briefing of the intervention argued that the merits of the contract were off-limits. Special Counsel cannot have it both ways, as Special Counsel disingenuously suggested with regard to PPG's contentions. Somehow the irony of their conflicting contentions was lost on Special Counsel.

---

[8] Opposition Memorandum at p.3
[9] *Id.*

One final contention Special Counsel raises is that the validity of the Fee Agreement is "a logically antecedent and necessary issue that is essential to the Court's decision to enforce the forum-selection clause."[10] Once again, this flies in the face of the rule of *Afram* and reflects a fundamental misunderstanding of the import of that decision.

## CONCLUSION

Special counsel have failed to present any legal authority as to why this Honorable Court should not reconsider its Order and Reasons on Motion in the light of the controlling Fifth Circuit law and precedent with which the Order in its present state conflicts. Accordingly, PPG respectfully requests that the Court revise its Order to comport with the controlling Fifth Circuit jurisprudence so that the Parties may pursue their remedies in their chosen forum of the 25th JDC in Plaquemines Parish with a clean, substantive slate.

Respectfully submitted:

    /s/ Andrew C. Wilson
Andrew C. Wilson (#01162)
Simon Peragine Smith & Redfearn LLP
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Facsimile:  (504) 569-2999

And

---

[10] *Opposition Memorandum at p. 4*

>PETER A. BARBEE (#18778)
>WILLIAM S. CULVER, JR. (#4650)
>8056 Highway 23 Ste. 200
>Belle Chasse LA 70053
>504/297-5575 Telephone
>504/297-5697 Telefax
>
>*Attorneys for Plaquemines Parish Government*

### CERTIFICATE OF SERVICE

It is certified that the above and foregoing Reply Memorandum on behalf of Plaquemines Parish Government's Motion for Reconsideration was served electronically with the Clerk of Court of the U.S. District Court, Eastern District of Louisiana, through the CM/ECF system of said Clerk, and through said system will be served by the Clerk on opposing counsel of record.

>_____/s/ Andrew C. Wilson_____