IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>Pleading Bundle B3<br><br>Applies to: | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |
| Christian Matthew Doom, Danielle Nicole Hunley Doom, Paul Matthew Doom, Individually, And On Behalf of his Minor Child, G.D., Kathryn Ann Doom and Paul Raymond Doom,<br><br>             Plaintiffs,<br><br>v.<br><br>BP Exploration & Production, Inc., BP America Production Company, BP P.L.C., Transocean Holdings LLC, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., And Halliburton Energy Services, Inc.,<br><br>             Defendants. | Civil Action No. 2:17-cv-04395<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND ORDER**

Plaintiff Paul Raymond Doom ("Plaintiff"), by and through his undersigned counsel, hereby respectfully moves this Court pursuant to Rule 60(a) of the Federal Rules of Civil Procedure to amend its Order, and accompanying Exhibits, dated December 6, 2017, Rec. Doc. 23735 ("Order"), due to a clerical mistake in the Order. Pursuant to Rule 60(a), "[t]he court may correct a clerical mistake . . . whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

On February 22, 2017, this Honorable Court issued Pretrial Order No. 63 ("PTO 63"), which required all plaintiffs with claims previously contained in Pleading Bundle B3 to file individual complaints and sworn statements. Pursuant to PTO 63, Plaintiff filed an individual complaint and sworn statement on May 1, 2017. Case No. 17-cv-04395, Rec. Doc. 1. Subsequently, Plaintiff's claim was dismissed with prejudice pursuant to this Court's Order dated July 18, 2017, Rec. Doc. 23047 ("PTO 63 Compliance Order").

On August 7, 2017, Plaintiff filed a Motion for Reconsideration of the PTO 63 Compliance Order, Rec. Doc. 23151. In BP's Response to Motions for Reconsideration of the Court's PTO 63 Compliance Order filed September 8, 2017, Rec. Doc. 23378, BP stated that it did not oppose the Motion to Reconsider of Paul Raymond Doom. However, in the Court's December 6, 2017 Order as to the Motions for Reconsideration of the PTO 63 Compliance Order, Rec. Doc. 23735 ("Order"), the Court erroneously granted a Motion for Reconsideration for a Paul *Matthew* Doom, and deemed his claim to now be in compliance with PTO 63. Paul Matthew Doom is Plaintiff's son and is also a plaintiff in the B3 litigation. Paul Matthew Doom was deemed compliant with PTO 63 in the Court's original PTO 63 Compliance Order of July 18, 2017, and therefore never filed a Motion for Reconsideration. Thus, Plaintiff asserts that a clerical error is present in the Order, Rec. Doc. 23735, such that his name, Paul *Raymond* Doom, should be substituted for that of his son, Paul *Matthew* Doom, in the table identifying the Motions for Reconsideration that are granted by the Court, and in the table identifying additional plaintiffs deemed to be compliant with PTO 63. Accordingly, Plaintiff respectfully requests that the Court amend the Order pursuant to Rule 60(a) of the Federal Rules of Civil Procedure

The Fifth Circuit has articulated three factors to be considered in reviewing a district court's decision to utilize Rule 60(a) in correcting a mistake: "(1) the nature of the mistake; (2) the

2

district court's intent in entering the original judgment; and (3) the effect of the correction on the parties' substantial rights." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011) (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 797 (5th Cir. 2011)).  The Court wrote further that these three criteria overlap substantially, and each ultimately reflect the underlying tenet for utilization of Rule 60(a), that is "when 'the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated.'"  *Id*. (quoting *Bernstein v. Lefrak (In re Frigitemp Corp.)*, 781 F.2d 324, 327 (2d Cir. 1986)).

      The scope of Rule 60(a) is narrow, and while a district "court can exercise its authority under Rule 60(a) at any time, it may do so only to provide 'a specific and very limited type of relief.'"  *Id*. (quoting *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002)).  These limited circumstances include "clerical mistakes, inaccuracies of transcription, inadvertent omissions and errors in mathematical calculation."  *Id*. at 194 (citing *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998).  The rule is ultimately utilized "so that the judgment reflects the 'necessary implications of the court's decision,' . . . [and is] consistent with the court's intent at the time it entered judgment."  *Id*. at 194-95 (citing *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984); *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976)) (quoting *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994) (internal quotations omitted)).  A motion under Rule 60(a) is not a vehicle to correct the true substance of a judgment or amend "missteps involving substantive legal reasoning."  *Id*. at 194.

      In the present instance, Plaintiff is attempting to correct a clerical mistake that most likely involved an inaccuracy of transcription when his son's name was transcribed on the Order pertaining to Motions for Reconsideration of the PTO 63 Compliance Order.  Plaintiff is not

attempting to correct a misstep of legal reasoning or alter the material substance of a judgment, but is respectfully requesting an amendment that reflects the Court's intent at the time it entered the Order.  Plaintiff's belief is that the Court's intent was to grant the Motion for Reconsideration filed in his name, Paul Raymond Doom, and asserts that if the Court grants this Motion to Amend, it will have no effect on the substantial rights of Defendants.  However, the substantial rights of Plaintiff will be effected and a grave injustice will occur if the Order is not amended, as Plaintiff's claim would then be dismissed with prejudice.

In making this motion, Plaintiff requests that the Court consider the following arguments and documents that are contained in the record.  Both Plaintiff, Paul Raymond Doom, and his son, Paul Matthew Doom, are named as plaintiffs in the same complaint filed May 1, 2017, Case No. 17-cv-04395, Rec. Doc. 1.  Paul Matthew Doom, Plaintiff's son, was deemed compliant with PTO 63 in the Court's Order of July 18, 2017, Rec. Doc. 23047.  Thus, Paul Matthew Doom did not in fact file a motion for reconsideration as he was already deemed to be in compliance with PTO 63. Plaintiff, Paul Raymond Doom, on the other hand, did file a motion for reconsideration on August 7, 2017, Rec. Doc. 23151, in response to the Court's Order dismissing his claim with prejudice for alleged defects in his filed sworn statement.

Further, the Exhibit accompanying the recent Order of December 6, 2017, Rec. Doc. 23735-1, "Exhibit 1 – 983 PTO 63 Complaint Plaintiffs," now lists "Paul Matthew Doom" twice – first in the table of plaintiffs deemed compliant in July, and again in the table listing Additions to Exhibit 1.  Lastly, BP correctly identified Paul Raymond Doom's Motion for Reconsideration as one that they did not oppose in their Response filed September 8, 2017, Rec. Doc. 23378.  Based on the above, Plaintiff now seeks clarification that he is in compliance with PTO 63 and requests

4

that his name, Paul Raymond Doom, be added to the list of PTO 63 compliant plaintiffs so that he may continue to pursue his claim.

WHEREFORE, pursuant to Rule 60(a) of Federal Rules of Civil Procedure, Plaintiff respectfully requests that this court amend its Order dated December 6, 2017, Rec. Doc. 23735, to include Paul Raymond Doom in the list of plaintiffs that are in compliance with PTO 63.

Respectfully Submitted,

/s/ Paul A. Dominick
Paul A. Dominick      Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

and

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

*Counsel for Plaintiffs*

Dated:   December 19, 2017

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Memorandum in Support of Motion to Amend has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on December 19, 2017.

      /s/ Paul A. Dominick
      Paul A. Dominick