IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| | * * * | Honorable CARL J. BARBIER |
| Applies to: No. 16-cv-06333 | * * | Magistrate Judge WILKINSON |

JOINT MOTION FOR
(1) A RULE 62.1 INDICATIVE RULING AND (2) FUTURE RULE 60(b) RELIEF

Pursuant to Federal Rules of Civil Procedure 62.1 and 60(b), Plaintiff Henry "Larry" Perry; Defendants BP Exploration & Production Inc., BP America Production Co., and BP p.l.c. (collectively, "BP"); Defendant Halliburton Energy Services, Inc. ("Halliburton"); and Defendants Transocean Offshore Deepwater Drilling, Inc. and Transocean Holdings, LLC (collectively, "Transocean") jointly move for an indicative ruling that this Court would grant relief under Federal Rule of Civil Procedure 60(b) vacating the existing judgment on appeal and permitting Perry to file an amended complaint leaving himself as the only plaintiff.

Following this Court's Pretrial Order No. 60 ("PTO 60") (a case management order with ongoing equitable effect), Perry filed a complaint naming as plaintiffs not only himself but two separate companies he owned (St. Joe Beach Property, LLC and Bungalows at Sanctuary Beach, LLC). This Court dismissed Perry's complaint as violating PTO 60, which allows only single-plaintiff complaints. On appeal, Perry has argued, *inter alia*, that his complaint is permissible because PTO 60 recognizes an exception for "related parties such as a husband and wife or co-

1

owners of a business," and his companies are "related parties." The parties disagree whether Perry and his companies should be considered "related" within the meaning of PTO 60.

Following the Court's dismissal, however, the posture of this case markedly changed. Plaintiffs St. Joe Beach Property, LLC and Bungalows at Sanctuary Beach, LLC settled their claims. As a result, the factual premise of the Court's dismissal no longer holds true; Perry does not wish to pursue a complaint with multiple plaintiffs but instead seeks to pursue only his own individual claims. In light of this significant change, and for the reasons set forth below, the parties respectfully submit that it would no longer be "equitable" under Federal Rule of Civil Procedure 60(b)(5) to continue to apply the Court's judgment against Perry. The parties also respectfully submit that this case would be an appropriate one for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Relief under these subsections of Rule 60(b) would allow Perry to pursue his individual claims on the merits, subject to Defendants' defenses, which are reserved.

**1.** This case arises from the aftermath of the *Deepwater Horizon* accident. To help manage the massive proceedings in MDL 2179, the Court created various pleading bundles. This included the "B1 Bundle," which addressed property and economic-loss claims. As the Court well knows, the overwhelming majority of claims for economic losses were resolved via class-action settlements. Some plaintiffs, however, were not eligible to participate in those settlements or elected to opt out of them. Hence, on March 29, 2016, the Court entered PTO 60, which is designed to help bring the remaining B1 Bundle economic loss claims to a resolution outside of the class-settlement context. *See* Rec. Doc. 16050 (PTO 60). Resolving outstanding B1 claims is an important step taken toward terminating MDL 2179 as a whole.

**2.** Relevant here, PTO 60 ordered "plaintiffs who have timely filed a claim in the B1 pleading bundle and who have not released their claim(s) to date" to undertake certain case

management steps, including imposing a requirement that certain plaintiffs "file an individual lawsuit (Complaint) (one per plaintiff)" by May 2, 2016. Rec. Doc. 16050, at p. 3. PTO 60 contains one exception: "This does not include complaints that contain related parties such as a husband and wife or co-owners of a business. Where two or more related parties are joined in a single complaint, those plaintiffs will be considered as having filed an individual complaint." *Id.* at p. 3 n.3.

3. In response to PTO 60, Perry filed a new complaint, in which he joined two companies he owned. *See* Civil Action No. 16-cv-06333, Rec. Doc. 1. He did so because he believed he was "related" to those companies for purposes of PTO 60. Defendants disagree that Perry and his companies are "related." On June 7, 2016, the Court issued a Show Cause Order indicating that Perry and his companies were not in compliance with PTO 60 because they had not submitted individual complaints. *See* Rec. Doc. 18724; *see also* Rec. Doc. 18724-3 (Ex. 2), at p. 20. Thereafter, on December 16, 2016, acting pursuant to PTO 60, the Court ordered that the complaint be dismissed because "the business entities concern two different developments at two different locations." Rec. Doc. 22003, at p. 24.

4. On January 13, 2017, Perry and his two companies filed a Motion for Reconsideration, which the Court denied on May 15, 2017. *See* Rec. Docs. 22084 (Motion for Reconsideration), 22824 (Order Denying Reconsideration). On June 9, 2017, Perry filed a Notice of Appeal regarding the denial of the Motion for Reconsideration. *See* Rec. Docs. 22928. That appeal remains pending in the Fifth Circuit.

5. In February of 2017, St. Joe Beach Property, LLC and Bungalows at Sanctuary Beach, LLC settled their claims. On April 11, 2017, these plaintiffs voluntarily withdrew from the Motion for Reconsideration. Rec. Doc. 22630. The Court granted that withdrawal on April

20, 2017.  Rec. Doc. 22753.  Hence, the premise of the Court's dismissal of Perry's complaint no longer applies because the complaint now only contains Perry's individual claims.

**6.** Particularly in light of the unusual intervening event, the parties agreed to participate in the Fifth Circuit's Mediation Program.  After working with the Mediator, the parties now agree that because the underlying litigation has markedly changed, Perry should be allowed to pursue his individual claims—governed by a future amended complaint that advances claims only by Perry brought in his individual capacity and removes the now-settled claims of his two businesses.

**7.** Because the appeal is pending before the Fifth Circuit, this Court no longer has jurisdiction to enter orders regarding Perry's case.  Federal Rule of Civil Procedure 62.1, however, allows the Court to issue an "indicative ruling."  In particular, under Rule 62.1(a)(3), the Court has authority to "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."   If this Court makes such an indication, the Fifth Circuit has authority under Federal Rule of Appellate Procedure 12.1(b) to remand the matter back to this Court.  *See* Fed. R. App. P. 12.1(b) ("If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings …."). Where, as here, the parties seek relief under Federal Rule of Civil Procedure 60(b), the Fifth Circuit has emphasized the importance of such an "indicative ruling."  *See Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073-74 & n.5 (5th Cir. 2010); *see also Moore v. Tangipahoa Parish School Bd.*, 836 F.3d 503 (5th Cir. 2016) (remanding in light of an "indicative ruling").

**8.** Here, the parties respectfully submit that the Court should issue an indicative ruling pursuant to Federal Rule 60(b)(5) so that Perry may pursue his individual claims after being

allowed to amend the relevant complaint. Under Rule 60(b)(5), the Court has authority to grant such relief where continued enforcement of the judgment "is no longer equitable." This is such a case. The premise of the Court's dismissal is that only one plaintiff should be included per complaint. Originally, Perry's complaint also included his two businesses. Yet now that those two businesses—St. Joe Beach Property, LLC and Bungalows at Sanctuary Beach, LLC—have settled their claims, Perry is only relevant plaintiff left. Given this significant change in the case's posture, the parties agree that it would not be equitable to continue to enforce the judgment.[1]

**9.** In any event, this is an appropriate case for the Court to exercise its authority under Rule 60(b)(6). Rule 60(b)(6) allows the Court to modify a judgment for "any other reason that justifies relief." As the Fifth Circuit has explained, Rule 60(b) is a "grand reservoir of equitable power to do justice in a particular case that may be tapped by the district court in the sound exercise of its discretion …." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981) (quotation omitted). Here, an extraordinary intervening event—settlement of the two other business plaintiffs' claims—supports relief. Other courts, moreover, have recognized that where, as here, all parties agree that relief under Rule 60(b)(6) is appropriate, the equitable scales tilt in favor of relief—especially following mediation at the circuit court. *See, e.g.*, *McDonald v. City of Wichita*, No. 14-1020, 2017 WL 2959379, (D. Kan. July 7, 2017) (granting motion because, *inter alia*, "the

---

[1] Under Rule 60(b)(5), the Court must conclude that it would inequitable to apply the judgment "prospectively." The parties are not aware of another case implicating Rule 60(b)(5) arising in a situation like this one, namely, where a complaint was dismissed on a procedural ground, the validity of which is disputed and the premise of which no longer applies because of an intervening settlement. PTO 60, however, is a prospective order. On its face, it categorizes claims into two groups: compliant claims that are currently permissible subject to ongoing conditions and noncompliant claims that are subject to dismissal but that can become complaint. *See* Rec. Doc. 16050, at p.5 (setting forth categories and prospective steps to occur pursuant to the PTO 60 framework). Because PTO 60 is prospective, the parties believe Rule 60(b)(5) can appropriately be applied here. Yet because there appears to be no case law directly on point, the parties also urge the Court to grant relief under Rule 60(b)(6) and not merely pursuant to Rule 60(b)(5) alone.

mission of the Tenth Circuit Mediation Office would be advanced"); *Garcia v. Clark*, No. 1:10-cv-00447, 2016 WL 2926485 (E.D. Cal. May 18, 2016) (granting motion where parties agreed that continued litigation was warranted following circuit court mediation); *cf. United Mine Workers of America v. Banner Coal & Land Co.*, No. 5:04-00154, 2008 WL 247461 (S.D.W.V. Jan. 29, 2008) (issuing indicative ruling and noting party agreement). Therefore, the parties respectfully submit that the Court should issue an indicative ruling that, pursuant to Federal Rule 60(b)(6), the Court would amend its judgment so that Perry may pursue his individual claims after being allowed to amend the relevant complaint.

**10.** The parties stress that nothing in this Motion should be understood as a waiver or concession of any rights or arguments in this case or in any other case. For instance, the parties continue to disagree about the correctness of the arguments Perry offers on appeal, as well as the potential merits arguments that Perry may offer on remand. Nonetheless, following mediation, all parties agree that in light of the intervening settlement of the claims of St. Joe Beach Property, LLC and Bungalows at Sanctuary Beach, LLC, it would be in the interest of justice for the Court to revisit its judgment so Perry can pursue his individual claims.[2]

For the foregoing reasons, all parties respectfully request that this Court issue the attached proposed indicative ruling stating that the Court would grant a Rule 60(b) motion allowing Perry to pursue his individual claims if the Fifth Circuit remands for that purpose.

---

[2] Any revision to the existing judgment sought herein would inherently affect only the individual claims of Perry. The status quo as to the settled claims of St. Joe Beach Property, LLC and Bungalows at Sanctuary Beach, LLC would remain unaffected.

Respectfully submitted,

/s/ Brent W. Coon
Brent W. Coon
BRENT COON & ASSOCIATES
215 Orleans
Beaumont, Texas 77701
Telephone:  (409) 835-2666
Facsimile:  (409) 835-1912
brent@bcoonlaw.com

*Attorneys for Plaintiff  Henry "Larry" Perry*

| | |
|---|---|
| | /s/ *Don K. Haycraft* |
| Matthew T. Regan, P.C. | Don K. Haycraft |
| J. Andrew Langan, P.C. | Devin C. Reid |
| KIRKLAND & ELLIS LLP | LISKOW & LEWIS LLP |
| 300 North LaSalle | 701 Poydras Street, Suite 5000 |
| Chicago, IL 60654 | New Orleans, LA 70139 |
| Telephone:  (312) 862-2000 | Telephone:  (504) 556-4128 |
| Facsimile:  (312) 862-2200 | Facsimile:  (504) 556-4108 |
| matthew.regan@kirkland.com | dkhaycraft@liskow.com |
| andrew.langan@kirkland.com | dcreid@liskow.com |
| | |
| | Jeffrey Bossert Clark |
| | George W. Hicks, Jr. |
| | Aaron L. Nielson |
| | KIRKLAND & ELLIS LLP |
| | 655 Fifteenth Street, N.W. |
| | Washington, DC 20005 |
| | Telephone: (202) 879-5000 |
| | Facsimile: (202) 879-5200 |
| | jeffrey.clark@kirkland.com |
| | george.hicks@kirkland.com |
| | aaron.nielson@kirkland.com |

*Attorneys for Defendant BP Exploration & Production Incorporated,
BP America Production Company, and BP plc*

7

/s/ *R. Alan York*
R. Alan York
REED SMITH LLP
811 Main Street
Suite 1700
Houston, TX 77002
Telephone:  (713)  469 3800
Facsimile: (713)  469 3899
ayork@reedsmith.com

*Attorney for Defendant Halliburton Energy Services, Inc.*

/s/ *Kerry Miller*
Kerry Miller
BAKER DONELSON
201 St. Charles Avenue, Suite 3600
New Orleans, LA
Telephone: (504) 566-8646
Facsimile: (504)  585-6946
kjmiller@bakerdonelson.com

*Attorney for Defendants Transocean Offshore Deepwater Drilling, Inc
and Transocean Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 9th day of January, 2018.

/s/ *Don K. Haycraft*