**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG   "DEEPWATER HORIZON" IN THE   GULF OF MEXICO, ON APRIL 20, 2010 | *   *   *   * | MDL NO. 2179     SECTION J |
| *No. 12-970, Bon Secour Fisheries, Inc., et al*   *v. BP Exploration & Production, Inc., et al* | *   *   *   * | HONORABLE CARL J.   BARBIER     MAG. JUDGE WILKINSON |

**FIFTH MOTION BY BOH BROS. CONSTRUCTION COMPANY, L.L.C.**
**FOR AID IN CONSUMMATION OF SETTLEMENT AGREEMENT,**
**STATUS CONFERENCE AND RELATED RELIEF**

Boh Bros. Construction Company, L.L.C. ("Boh Bros.") filed its BEL claim in October of 2012. Boh Bros. is a "Highway, Bridges and Distribution Line Contractor". As demonstrated in prior motions, and the Affidavit of Robert S. Boh, President of Boh Bros. dated April 12, 2017 (Exhibit "1"), Boh Bros. does not provide support services to the offshore oil and gas industry and suffered no moratoria losses. Over four years, the Settlement Program extensively vetted Boh Bros.' claim under Policy 495 and the ISM for construction companies. Boh Bros. expended extraordinary time, resources, and money working with the program vendors. Notwithstanding this massive undertaking, and confirmation by the lead PwC accountant that calculation of Boh Bros' claim was near completion, Boh Bros. was improperly routed to

1

moratoria hold.[1] There is, in the case of Boh Bros., who has no resolution in sight, a compelling need for a "path forward". Boh Bros. has sought the assistance of the court in defining this path.

On November 3, 2015, Boh Bros. filed a Motion for Aid in Consummation of the Settlement Agreement and/or for Status Conference; on November 7, 2016, Boh Bros. filed a Motion for Aid in Consummation of the Settlement Agreement; on April 13, 2017, Boh Bros. filed a Motion to Confirm its Settlement Rights as a BEL Claimant and for other relief; on April 22, 2017, Boh Bros. filed a Reply Supplemental Memorandum in Support of Boh Bros.' Motion to Confirm its Settlement Rights as a BEL Claimant; finally, on October 12, 2017, Boh Bros. joined in a motion with other "moratoria" hold claimants for status conference.

In these motions, Boh Bros. advised the parties and the court that it is willing to engage in good faith settlement discussion within the parameters of the Settlement Agreement to resolve its BEL claim. In this regard, Boh Bros. advised BP and the Court that Boh Bros. is willing to participate in private mediation with John Perry, Esq. of Perry Dampf Dispute Solutions (who is familiar with the settlement program). By Order dated April 19, 2017, this Court ordered BP to respond to Boh Bros.' motion, and in particular, Boh Bros.' advice that "it is willing to engage in good faith discussions within the parameters of the Settlement Agreement to resolve its BEL claim". On April 21, 2017, BP responded, arguing that Boh Bros.' motion was "improper" or

---

[1] On November 15, 2015, PwC advised Boh Bros. that the accountant in charge of calculating Boh Bros.' claim was "very close to finishing". The lead PwC accountant in charge of "moratoria issues" confirmed Boh Bros.' claim would be released from the hold. In December, 2015, the Claims Administrator asked about 3 *de minimis* tasks because of a "keyword" search performed by unidentified members of a new "moratoria team." These 3 tasks were all land based and clearly not oil and gas related. Nevertheless, Boh Bros. spent the next four months meeting with the Claims Administrator, Vendors, and consultants, and providing every scrap of paper and information on these 3 *de minimis* tasks. As the record shows, one Bisso "engagement" comprised less than .009% of the total yearly revenue for 2008 and less than .0005% of the total yearly revenue for 2009; one New Industries task comprised less than .0330% of the total yearly revenue for 2008; and one Versabar task comprised less than .008% of the total yearly revenue in 2009. All of the work was *de minimis*/infinitesimal, and the work to complete each task took less than a couple of days. The sum of the three tasks comprises less than .018% - **or less than two-one hundredths of a percent** of total revenue for the benchmark years (or about as close to **ZERO** as you can get).

2

"premature" "because the Settlement Agreement has not made a final determination of the claim and there has been no appeal to the appeal panel". BP's argument is entirely illogical in light of the Catch 22 that BP has orchestrated by refusing to agree to a protocol for processing claims with potential moratoria losses. BP has created the impasse. Because of the impasse, at the direction of BP, Boh Bros. was relegated to moratoria hold – where it has been stripped of its right to a final determination and denied access to the appellate process. BP simply has no grounds to complain that Boh Bros.' motions were prematurely filed before a final determination, when BP is the party willfully impeding the issuance of a final determination to Boh Bros.

BP also represented to the Court that BP "remains willing to explore whether the continuing impasse can be resolved". Not surprisingly, BP has consistently refused to do so. BP prefers "perpetual hold" over "efficient resolution". BP would rather hold strong to the impasse and preserve the moratoria purgatory it successfully created in the hope of avoiding resolution of Boh Bros.' claim.

Boh Bros. has communicated its willingness to conduct efficient good faith discussion within the parameters of the Settlement Agreement, but Boh Bros. has been rebuffed at every level: by the Settlement Program (who said its "hands are tied" by BP); by the court-appointed neutrals (in part because they had so many claims to resolve in little time); and, by BP, notwithstanding BP's representations to this Court that it is willing to explore resolving the impasse.

While Boh Bros. languishes in the black hole of moratoria purgatory, the following has transpired: *(i)* the Fifth Circuit and this Court revoked Policy 495 in part and vacated the ISMs; *(ii)* the appeal panels, this Court and the Fifth Circuit have consistently upheld awards to

claimants with far more "connexity" to oil and gas/moratoria than Boh Bros.**;** *(iii)* billions of dollars have been paid to other claimants, the Settlement Program and its myriad accountants, consultants, and vendors, and to local and state governments; and, *(iv)* hundreds of millions of dollars have been paid to the multiple law firms comprising the Plaintiffs' Steering Committee ("PSC").  The Claims Administrator continues to advise that it will not process Boh Bros.' claim unless BP and the PSC agree on a protocol for analyzing moratoria losses.  This totally compromises Boh Bros. as such an agreement seems unlikely given the present state of affairs: BP enjoys the benefits from the impasse it created; the PSC has been paid; liaison counsel has advised they defer to counsel for the moratoria claimants to achieve a meaningful resolution.

Condemning Boh Bros. to a proverbial "black hole purgatory", is contrary to the Settlement Agreement, every policy decision, all relevant appeal panel decisions, the decisions of this Court and the Fifth Circuit[2] and contrary to the due process protections afforded to Boh Bros. as a class member under Rule 23 of the Federal Rules of Civil Procedure.

In **Discretionary Court Review 2016-842** (October 12, 2016), this Court reversed the unanimous finding of the Appeal Panel that claimant[3] was an excluded member of the Oil and Gas Industry, where the claimant's parent company was an "cradle to the grave oil company, which engaged in a full array of operations beginning with exploration and extraction and ending with the retail sale of fuel." Three additional facts stand out in this appeal: (1) the claimant, on its federal tax returns, selected an NAICS Code (for "petroleum refineries") that is expressly excluded from the Settlement under Exhibit 17; (2) the claimant admittedly engaged in some excluded oil and gas activity, including the wholesale distribution of gasoline to third-parties and

---

[2] See Exhibit "2", which cites all relevant appeal panel decisions.
[3] Claimant is Murphy Oil USA, Inc. who filed 127 claims.  The Settlement Program issued a $58.4 million award.

4

the operation of two refineries; and (3) the claimant could only attribute 60% of its revenue to non-excluded retail activity.

In reinstating the Claim Administrator's determination that the claimant was not an excluded oil and gas business, the Court disregarded the NAICS Code selected by the claimant for its tax returns, reasoning:

> "[W]hether or not [the claimant] is excluded from the Settlement turns on what NAICS code best describes the **primary** nature of [the claimant's] business." (emphasis added by the Court).

As noted by the Court, "the NAICS Code most appropriately assigned to this business is 447110, 'Gasoline Stations with Convenience Stores….'" Strictly construing the language in Exhibit 17, the Court held that "[b]ecause NAICS code 447110 is not listed in Exhibit 17, claimant [ ] is not excluded from the Settlement." The United States Court of Appeal for the Fifth Circuit recently affirmed this Court's ruling on discretionary review upholding the $58.4 million award to Murphy Oil USA, Inc.[4]

By way of contrast, Boh Bros. -- whose exclusive business ("Highway, Road, Bridge, and Distribution Line Construction") is expressly excluded from moratoria review under Exhibit 19 -- is trapped in perpetual moratoria. The ruling in Murphy Oil underscores the unfairness of Boh Bros.' predicament. Murphy Oil was allowed to pursue its BEL claim under the Settlement, even though it admittedly engaged in excluded oil and gas activities, and attributed 40% of its revenue to same. Boh Bros., on the other hand, has been prevented from pursuing its BEL claim because of *potential* (not actual) moratoria losses, which total .018% (less than two one-hundredths of a percent) of its total revenue for the benchmark years. Moreover, while the Court strictly construed Exhibit 17 in Appeal 2016-842, to apply only to those businesses with an

---

[4] *See,* BP Exploration & Production, Incorporated, et al v. Claimant ID 100211268, U.S. Ct. Ap. 5 Cir. No. 16-31118 (December 14, 2017).

5

S:\Deepwater Horizon Settlement\Pleadings - USDC, MDL #2179\180112 Boh Bros. 5th Mtn for Aid in Consummation of Stlmnt Agr.docx

NAICS code specifically identified therein, BP misinterprets Exhibit 19 in this matter to extend the parameters of moratoria review beyond the NAICS codes identified in Exhibit 19. While Murphy Oil was afforded the right of appeal to ensure adherence to the Settlement Agreement, BP has foreclosed Boh Bros.' right to appeal, and Boh Bros. is left with no recourse.

In **Appeal 2016-192**, the appeal panel found "no basis for a Moratoria review," despite the facts that (1) claimant (a metal fabricator) is "located in a major center for Oil and Gas exploration activity;" (2) some of claimant's products are "used in the petrochemical and petroleum industries;" and (3) claimant "acknowledges that it has customers in the Oil and Gas Industry." As succinctly stated by the panel:

> **"Just because a company has some customers in oil and gas does not make it a member of the industry.** To rule otherwise would lead to absurd results. Otherwise, every widget manufacturer that sells some of its products to an oil company would be a member of the oil and gas industry. This result was surely not intended by the Settlement Agreement."

BP enjoys all the protections of a de facto injunction, without posting a bond and without risk of assessment of interest or attorney's fees – a veritable utopia for a recalcitrant defendant in litigation. On the other hand, Boh Bros. is trapped in a conundrum never envisioned by the Settlement Agreement. Boh Bros. filed its claim in good faith to protect its rights and has always advocated the Settlement Agreement. However, Boh Bros. has expended far more in time, money and resources pursing its rights under the Settlement Agreement than in a formal adversarial process, while assuming all the risks, costs and uncertainties of an ever-changing process. Yet still, Boh Bros. is no more certain of how, when or if its claims will be processed. Boh Bros. has tried, at its expense, to navigate the Kafkaesque legal landscape of the Settlement Agreement. Notwithstanding, and further exacerbating matters, Boh Bros.' counsel is unable to provide meaningful updates to its client, unable to explain the risk and uncertainties inherent in

the process, and unable to analyze the next steps, reasonable timetables, reasonable expenditures or further costs and use of resources.

Section 36, "Applicable Law" of the Settlement Agreement provides that the agreement be interpreted in accordance with General Maritime Law. Maritime law is firmly grounded in principles of equity. Under maritime law, a court may adapt rules to the equities of a particular situation.[5] The chronologies provided by Boh Bros. in its prior motions demonstrate the processing of this BEL claim has gone astray in a way not envisioned by the parties and contrary to principles of equity and fairness. Boh Bros. seeks the court's intervention to assure a fair resolution in harmony with rules of justice, express rules of procedure and under the Settlement Agreement.

Considering the tremendous time, effort and resources expended by this Court and all constituents, Boh Bros. believes that a protocol aimed at the resolution of the moratoria issues, *i.e.,* a "path forward", instead of "perpetual hold", should be implemented by the Court. Once again, Boh Bros. reiterates its willingness to embrace the opportunity to engage in good faith settlement discussion and seeks the Court's assistance in facilitating a protocol and/or such discussions and compelling good faith participation by BP.

---

[5] As Justice John R. Brown wrote, "The Chancellor is no longer fixed to the woolsack. He may stride the quarter-deck of maritime jurisprudence and, in the role of admiralty judge, dispense, as would his landlocked brother, that which equity and good conscience impels. ***Compania Anonima Venezolana De Navigacion v. A. J. Perez Export Company*** 303 F.2d 692, 699 (5th Cir., 1962); ***Smith v. Seaport Marine, Inc.,*** 981 F. Supp. 2d 1188 (S.D.Ala. 2013).

Respectfully Submitted,

**KINGSMILL RIESS, L.L.C.**

By:  *s/ Marguerite K. Kingsmill*
Marguerite K. Kingsmill (#7347)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Facsimile:  (504)581-3310
mkingsmill@kingsmillriess.com

*Attorney for Boh Bros. Construction Co., L.L.C.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and/or by electronically serving all liaison counsel by e-mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of January, 2018.

*s/ Marguerite K. Kingsmill*

8

S:\Deepwater Horizon Settlement\Pleadings - USDC, MDL #2179\180112 Boh Bros. 5th Mtn for Aid in Consummation of Stlmnt Agr.docx