# RELEVANT APPEAL PANEL DECISIONS

**2016-2342** The Settlement Program denied the claim of an operator of a dock facility on the bank of the Calcasieu Pass, a ship channel connecting to the Gulf of Mexico. The Settlement Program denied the claim based on the NAICS Code 213112 "Support Activities for Oil and Gas Operations" business. The Appeal Panel reversed the denial, relying on the District Court's October 12, 2016 decision in Murphy Oil USA, which focused on the primary nature of claimant's business. The Panel also rejected BP's argument that the claim be analyzed for non-compensable moratoria losses. The District Court denied BP's request for Discretionary Review.

**2017-568** Panel upheld award to a pipe sandblasting business notwithstanding claimant's admission that it fabricates pipe to be used in the petrochemical industry;

**2017-555** Panel upheld award to claimant who manufactures and repairs boats and other vessels; rejects BP's argument that losses are moratoria related, noting that all repairs are done at inland locations (precisely the same as Boh Bros.), so there is no correlation between moratoria and claimant's operations;

**2017-516** Panel upheld award to survey and engineering company, despite the fact that claimant customer list showed 60% of its revenue was derived from "serving the oil and gas industry";

**2017-877** Panel upheld award to claimant despite the fact that a substantial proportion of claimant's revenue was from the sales of certain isotopes predominantly in the oil and gas industry. Panel ruled that claimant was not engaged in the oil and gas industry, nor was there a need for a moratoria analysis;

**2017-937** Panel upheld award to a construction company despite fact that claimant did some work for the oil and gas industry, noting that a large volume of its work was "non-oil and gas industry work and customers";

**2017-1042** Panel upheld award to an engineering, design and inspection firm that serves the oil and gas industry, including the gulf offshore industry because this comprised only a small portion of its business in comparison to other industries;

**2017-1212** Panel upheld award to an engineering firm supplying services to industrial clients, relying on claimant's affidavit that it did not supply services to the oil and gas industry;

**2017-138** Panel upheld award to contractor despite fact that some of the claimant's projects were for oil and gas entities, noting that the oil and gas projects were only twelve percent (12%) of total work;

**2017-1444** Panel upheld award to a general contractor primarily engaged in marine construction, noting claimant had no more than ten percent (10%) of revenues from work relating to the oil and gas industry;

EXHIBIT 2

**2017-1788** Panel upheld award to consultant to companies that installed shallow water platforms and found no basis for oil and gas exclusion on moratoria review;

**2017-1792** Panel upheld award to a refractory supplier/installer even though refractory construction is prominently used in petrochemical plants, noting claimant's "bread and butter" clients are not in the oil and gas industry and that the largest oil and gas client accounted for only 2.5% of claimant sales;

**2017-1913** Panel upheld award to general contractor noting that claimant is a heavy civil engineering construction company and not a specialty trade service company or other type of excluded oil and gas business or moratoria related;

**2017-1341** Panel upheld award to contractor noting that it builds structures for a wide range of customers in a variety of industries and thus is not engaged in activities "primarily related to oil and gas";

**2017-2043** Panel upheld award to contractor who provides specialty construction services in cement, chemical, paper, carbon, power and aluminum industries, finding that work is not primarily related to oil and gas;

**2017-2388** Panel upheld award to claimant despite the fact that claimant's customers are in oil and gas industry, noting that claimant had other customers. Panel found no merit to BP's argument on oil and gas exclusion or moratoria;

**2016-2767** Panel upheld award to boat builders noting the fact that the boats might be sold to oil and gas companies is of no consequence. Panel found no merit to moratoria argument;

**2017-2895** Panel upheld award to a shipyard which performs service and maintenance on vessels, finding no oil and gas exclusion or moratoria issues.

**2017-164** "[T]his Panel rejects the notion that a claimant's customer list determines a claimant's primary business activity. To rule otherwise would lead to incongruous results. For instance, a catering company whose customer list includes primarily off shore drilling companies is engaged in the catering business, not the oil and gas business."

**2015-731** Panel strictly construed Exhibit 17 and upheld an award to claimant, who "purchases fuel from third parties, loads the fuel into pumper trucks, then delivers and sells the fuel dockside to boats and marinas (among other customers)." Because claimant's NAICS Code was not identified in Exhibit 17, Claimant was not an excluded entity.

**2014-828** Panel rejected BP's arguments that a chemical company, which "services customers in the oil and gas industry," is excluded under Exhibit 17 and/or subject to moratoria review. Noting that claimant's NAICS Code is not listed in Exhibit 17, the panel affirmed the award to claimant, even though claimant was a division of a company that has "interests" in oil and gas

2

wells and is "affiliated" with an oil field.

**2015-482** Panel rejected BP's argument that a manufacturer of noise pollution barriers is subject to moratoria review based on web information, which "indicates that Claimant is deeply imbedded in the offshore drilling industry." In upholding the award to claimant, the panel reasoned that claimant's "overall activities are not significantly involved in the offshore drilling industry under Ex. 16 and 19 and Policy 302."

**2015-675** Claimant owns forty-two gas stations. The task is to examine the claimant's primary business activities; if the code appears on Exhibit 17, the claim is excluded; if not, the claim is eligible.

**2014-748** Panel rejected BP's contention that moratoria review should have been performed, where claimant's website indicated that it "sells construction and mining machinery and equipment to oil and gas companies." Even though claimant's customers include those involved in the oil and gas industry, the NAICS code assigned claimant is not one of those listed in Exhibit 17 or 19 of the Settlement Agreement, and BP made no showing that the claimant's primary business was related to oil and gas.

**2015-1748** "The mere fact that [a claimant] might sell a junction box or control panel to a company that has oil and gas operations does not automatically constitute it a member of the Oil and Gas Industry."

**2014-762** Although "[t]here is no question that some of the Claimant's customers are in the Oil & Gas industry," the panel found "no merit to BP's assertion that Claimant's losses are moratoria-related." The panel analogized the claim of this Houma, LA machine shop to other retailers who sell to offshore oil and gas companies, stating: "For example, a food distributor who supplies groceries to offshore oil and gas companies is not in the oil and gas industry. A uniform company who supplies uniforms to offshore oil and gas companies is not in the oil and gas industry."

**2015-421** Panel rejected BP's contention that claimant's work is moratoria-related, where the claimant has an offshore business (in addition to an onshore business), which "sells everything from advanced fire and gas detection to fire suppression systems." In affirming the award to claimant, the panel reasoned, "[t]he proof presented is more akin to some of [claimant's] sales are to corporations with NAICS codes that are excluded. This type of proof is one step shy of what is needed.");

**2015-1040** Claimant is a fire safety and equipment company with customers in the mining, food services, construction and chemical industries in addition to oil and gas customers. Claimant's NAICS code is not listed in Exhibit 17. Some, but not all, of claimant's customers are themselves members of the oil and gas industry. There is nothing in the Settlement Agreement that would impute the oil and gas industry exclusion to claimants who sell products or provide

3

services to excluded entities. Further, even though claimant had made statements to a federal agency that losses suffered by employees resulted from the moratoria, claimant's NAICS code is not listed on Exhibit 19; so a moratoria evaluation was unnecessary.

**2015-1729** Claimant is a contractor who performs welding services. From 2008-2010, claimant derived an average of 90% of its revenues performing welding services for oil and gas business. The panel concluded claimant's primary business based on its NAICS code is not oil and gas. The focus is on the claimant's business, not its customer base or revenue source.

**2015-1667** Panel rejected BP's allegations of potential moratoria losses, where the claimant's NAICS code was not listed in Exhibit 19 and claimant did not answer Question 10 on the Claim Form, regarding "significant" services to the offshore oil and gas industry. In affirming the award to the claimant, the panel stated: "Claimant does not operate in the Gulf of Mexico. It performs services only on inland waterways…Section 38.93 requires a moratoria review only for losses related to 'offshore oil industry activity.'"

**2015-291** Panel found that "the Moratoria restrictions in the Settlement Agreement do not apply to this Claimant," based on the facts that (1) claimant's NAICS code (for hydraulic cylinder manufacturing) is not listed in Exhibit 19, Section I or II, and (2) claimant attested in its Claim Form that "it did not provide significant services, goods and/or supplies to businesses in the Gulf of Mexico in 2009."

**2015-525** Panel rejected BP's contention that a pipe wholesale supplier is subject to moratoria review based on its website, which includes buzz words such as "Petrochemical Industry" and "Marine and Barge Industry." In support of its ruling, the panel noted that claimant's NAICS code is not listed among the industry types enumerated in Exhibit 19, Section I or Section II. Furthermore, "there is no evidence in the record that would suggest that the Claimant provided significant services, goods and/or supplies to any business in the offshore, oil and gas industry in 2009."

**2015-538** Claimant is contracted by oil and gas companies to negotiate the purchase of oil and gas leases. Since claimant's business was primary onshore, there is no moratoria loss.

**2016-646** Claimant is a distribution center for a producer of gas and fluid system components for various industries. The record shows no significant revenues were received from the oil and gas industry during 2009.

**2015-1029** Claimant is a fabricator of piping, heat, exchanges, and pressure vessels. Claimant's code is not excluded or marked by x on Exhibit 19. No moratoria analysis is necessary.

**2015-1122** Claimant is in business of "Sales and Services – Steel Fabrication". Claimant's NAICS code is not listed in Exhibit 17. Although claimant may fabricate produces for potential use in the oil and gas industry, claimant's primary business is not excluded.

**2015-1150** Claimant conducts training in various industries, including the oil and gas industry. The claim form in the GCCF program represents its business as "training oil field workers" and several of its customers engage in the oil and gas industry. Program vendors fully investigated claimant's activities and revenue vis-à-vis potential offshore involvement and the award is not impacted by moratoria losses.

**2015-1335** Claimant is a Rayne, Louisiana lessor/seller of blast-resistant buildings to the "offshore sector." Claimant mainly sold to land-based operations. No moratoria analysis is necessary.

**2015-1420** Claimant's clients were severely impacted by the oil spill and moratorium; work forces were reduced. Claimant, however, had no direct connection to the oil and gas industry. There is simply an insufficient nexus to the oil and gas industry to trigger a non-mandatory analysis. To hold otherwise would require such an analysis for other businesses with no connection to the oil and gas industry. Nothing in the Settlement Agreement would require this degree of moratoria analysis. BP's argument for expansion of the moratoria loss is rejected.

**2015-1453** Claimant is a sand and limestone business in Amelia, Louisiana. Claimant admits that some of its 2009 revenue is derived from provision of services, goods and/or supplies to businesses in the oil and gas industry. BP argues that such revenues should be removed from the compensation schedule. Claimant's industry is not marked in Exhibit 19 for automatic moratoria review. The Settlement Agreement does not define the terms "caused by" or "resulting from" moratoria loss. However, Section 38.93 is clear that moratoria losses requiring exclusions are those resulting from the federal moratorium on drilling that occurred in May 2010. In other words, only those incurred in 2010 are excluded.

**2015-1474** Claimant manufactures safety harnesses and fire protection products; some items are for potential use in the oil and gas industry. Claimant's NAICS code is not listed on Exhibit 19 pertaining to moratoria losses. Claimant did not provide significant services, goods or supplies to any business in the offshore, oil and gas industry in 2009.

**2016-1236** Claimant is a steel fabrication company and manufactures pipe racks, structures and buildings at four oil refinery facilities. The claimant is not the onsite contractor for the refinery, and therefore, not primarily engaged in the oil and gas industry. A review of customer lists evidences the company services a broad of industries and is not primarily engaged in the oil and gas industry.

*See also*, **Appeal 2016-1336; Appeal 2016-135**