UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>Relates to:  No. 12-970 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MDL NO. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF TURNER INDUSTRIES GROUP, L.L.C.'S
SECOND MOTION FOR CONFIRMATION OF
<u>SETTLEMENT RIGHTS AS A BEL CLAIMANT OR STATUS CONFERENCE</u>**

**MAY IT PLEASE THE COURT:**

Turner Industries Group, L.L.C. ("Turner") respectfully files this Memorandum in support of its Second Motion for Confirmation of Settlement Rights as a BEL Claimant or Status Conference, in support of its previously filed Motion to Confirm Settlement Rights as a BEL Claimant [R. Doc. No. 22755] and its Joint Motion for Status Conference [R. Doc. No. 23490]. The Fifth Motion by Boh Bros. Construction Company, L.L.C. ("Boh Bros.") for Aid in Consummation of Settlement Agreement, Status Conference and Related Relief [R. Doc. No. 23827] prompted Turner to submit this filing.  Turner agrees with the legal arguments presented in Boh Bros.' Motion, filed with this Court on January 12, 2018 and finds itself facing a de facto injunction similar to the one that Boh Bros. describes.

Turner has filed previous Motions with the Court addressing the Moratoria hold issue and need not repeat its arguments in this appearance.[1]  Turner only appears to highlight the inequity

---

[1] On April 13, 2017, Boh Bros. had filed a Motion to Confirm its Settlement Rights as a BEL Claimant and for Other Relief.  On the same day, Turner filed a joinder in Boh Bros.' Motion [R. Doc. No. 22719].  Turner soon after filed its own Motion to Confirm Settlement Rights as a BEL Claimant on April 20, 2017 [R. Doc. No. 22755].

of the recent activity that Boh Bros. describes in its January 12, 2018 Motion, specifically, the recent $58.4 million dollar award to Murphy Oil USA Inc. ("Murphy Oil") and other recent awards to Claimants with a closer nexus to offshore oil and gas drilling than Turner.

Due process rights dictate that all similarly situated Claimants under the Settlement Agreement be treated equally.[2]  However, Turner, an industrial contractor, and other similarly situated Claimants, like Boh Bros., improperly remain on perpetual hold, awaiting a determination regarding Moratoria losses, while other claimants with a closer relationship to the offshore oil and gas drilling industry have received favorable awards.

The United States Court of Appeal for the Fifth Circuit's affirmance of this Court's Discretionary Court Review 2016-842, upholding a $58.4 million dollar award to Murphy Oil, underscores the subjectivity of the currently handling of Settlement Claims.  As Boh Bros. explains, Murphy Oil admittedly engaged in some excluded oil and gas activities and could only attribute 60% of its revenue to non-excluded activities.  Despite these admitted links to the oil and gas industry, the significant award to Murphy Oil was affirmed.  **Meanwhile, Turner's claim has been kept in Moratoria purgatory for the mere mentioning of customers, *including Murphy Oil.***

Turner has submitted proof to the Claims Administrator and this Court that the services it provided to Murphy Oil and other customers out of the three facilities connected to its Multi-

---

Most recently, on October 12, 2017, Turner, along with Boh Bros. and several other similarly situated Moratoria hold Claimants, filed a motion seeking a status conference with the Court [R. Doc. No. 23490].

[2] FED. R. CIV. P. 23(d); *See also In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014) (recognizing that the class action structure enables the claims process established by the Settlement "to be administered under Court supervision," providing "the due process protections of Rule 23 to the class member Claimants, and enable[ing] the Court to enforce the Settlement terms and administrative procedures for the benefit of class members, without necessitating new or individualized litigation").

Facility BEL Claims were not linked to offshore oil and gas drilling.[3]  Even more specifically, Turner provided contractual services to Murphy's *refinery business, not exploration and production*.  **Various Appeal Panel decisions have acknowledged that the involvement of a *customer of a Claimant* in the oil and gas industry cannot be the sole basis for the finding that the Claimant presents Moratoria losses.**[4]  **These decisions confirm that Moratoria review must look at the "primary work" of the *Claimant − not its customers, and certainly not customers of its customers*.**  The placement of Turner on hold for review for potential Moratoria losses due to its naming of its customers, such as Murphy Oil, is wholly inconsistent with the granting of a $58.4 million dollar award *to its customer,* Murphy Oil.

**WHEREFORE**, Turner submits that the arguments advanced by Boh Bros. in its Motion are applicable Turner to the extent that it also seeks intervention from this Court to enforce its rights as a BEL Claimant under the Deepwater Horizon Economic and Property Damages Settlement Agreement.  As is Boh Bros., Turner is agreeable to some form of Court ordered mediation of its Claims.  Accordingly, Turner respectfully prays that this Honorable Court grant the relief prayed for in its pending Motion to Confirm Settlement Rights as a BEL Claimant [R. Doc. No. 22755] or its Joint Motion for Status Conference [R. Doc. No. 23490].

---

[3] *See* affidavits regarding customer lists, which were submitted to this Court as Exhibits to Turner's Motion to Confirm Settlement Rights as a BEL Claimant on April 20, 2017 [R. Doc. No. 22755] and are attached hereto as Exhibit "A" for ease of reference.

[4] *See* Exhibit 2 to Boh Bros.'s Fifth Motion for Aid in Consummation of Settlement Agreement, Status Conference and Related Relief [R. Doc. No. 23827], filed 1/12/2018, citing in particular, Appeal Panel decisions 2017-877; 2017-1212; and 2017-1444.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

By: */s/ Kerry J. Miller*
    **KERRY J. MILLER (#24562), T.A.**
    **ASHLEY E. ARNOLD (#37017)**
    201 St. Charles Avenue, Suite 3600
    New Orleans, LA  70170
    Telephone:    (504) 566-5200
    Facsimile:    (504) 566-8646
    Email:    kjmiller@bakerdonelson.com
    Email:    aarnold@bakerdonelson.com

    **ATTORNEYS FOR CLAIMANT,
    TURNER INDUSTRIES GROUP, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

    */s/ Kerry J. Miller*
    **KERRY J. MILLER**