MINUTE ENTRY
WILKINSON, M. J.
JANUARY 4, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG     MDL NO. 2179
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO ON APRIL 20, 2010     SECTION "J"

THIS DOCUMENT RELATES TO:     JUDGE BARBIER
    MAG. JUDGE WILKINSON

Civil Action Nos. 12-970, 15-4143,
15-4146 and 15-4654

**CLAIMS APPEAL DETERMINATION AND REASONS**
[Halliburton and Transocean Settlement]

The Claims Administrator has provided me with the Appeal Determination Notice, Court Review Request, Claim Form and Settlement Program Appeal Determination letter concerning the appeal of Billy Nghiem, Claim No. 321*******, denying his claim for payment from the Halliburton/Transocean settlements on grounds that "Claimant received a Fraud, Waste and Abuse Denial Notice (Claim #174185 in the Deepwater Horizon Economic and Property Damages Settlement ['DHEPDS']. That disqualifies him from eligibility in the New Class."

Having reviewed these materials, the determination of the Claims Administrator is AFFIRMED essentially for the reasons provided by the Claims Administrator.

MJSTAR: 0:15



The Distribution Model approved by the court expressly excluded from recovery any claimant who was subject to a valid and final fraud denial in the DHEPDS program. Record Doc. No. 18797 at p. 27. The New Class Halliburton/Transocean settlements apply to maritime law punitive damages claims. Numerous federal courts have applied the doctrine of unclean hands from its roots in equity to claims and issues founded in both law and admiralty. See, e.g., State of Israel v. Motor Vessel Nili, 435 F.2d 242, 248-49 (5th Cir. 1970) (considering unclean hands of shipowner in determining liability in maritime lien case); Max v. Sax, 134 F.2d 2, 5 (7th Cir. 1943) (applying unclean hands doctrine to case involving treble damages); Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp., 238 F.R.D. 679, 694 (S.D. Fla. 2006) (applying unclean hands doctrine to civil claim for damages). As the Fifth Circuit stated in Florida Bahamas Lines, Ltd. v. Steel Barge Star 800, 433 F.2d 1243, 1249 (5th Cir. 1970) (quotation and citations omitted), "admiralty jurisdiction embraces the resources of equity whenever the need arises. The Chancellor is no longer fixed to the woolsack. He may stride the quarter-deck of maritime jurisprudence and, in the role of admiralty judge, dispense, as would his landlocked brother, that which equity and good conscience impels." "The integrity of the court is no less worthy of protection in action[s] at law, than in actions in equity." T. Leigh Anenson, Limiting Legal Remedies: An Analysis of Unclean Hands, 99 Ky. L.J. 63, 89 (2011) (quotation omitted).

The Claims Administrator's denial of this claim was consistent with both the foregoing law and the court's approved Distribution Model.

*[signature]*
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. CARL J. BARBIER
and
HESI/TRANSOCEAN SETTLEMENT
CLAIMS ADMINISTRATOR