# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL NO. 2179** **SECTION J** |
| *Applies to All Actions and 12-968; Plaisance, et al., individually and/on behalf of the Medical Benefits Settlement Class, v. BP Exploration & Production, Inc., et al.* | **JUDGE BARBIER** **MAGISTRATE JUDGE SHUSHAN** |

## ORDER

**[Regarding Medical Benefits Settlement – Policy Statement on Classification of Chronic Physical Conditions First Diagnosed After April 16, 2012 (Rec. doc. 12862)]**

### Background

By memorandum dated May 13, 2014, Garretson Resolution Group, the Claims Administrator for the Medical Benefits Class Action Settlement Agreement ("MSA"), reviewed an issue in dispute between the parties:

> [W]hether a class member with a chronic physical condition that was first diagnosed after April 16, 2012 should be classified as having a Specified Physical Condition or a Later-Manifested Physical Condition under the MSA.

Rec. doc. 12862. After having reviewed submissions from Class Counsel, BP, and the Downs Law Group,[1] the Claims Administrator issued its Policy Statement for classification of chronic physical conditions first diagnosed after April 16, 2012, concluding:

> Pursuant to the plain language of the MSA, **the Claims Administrator will classify physical conditions that are first diagnosed after April 16, 2012 as Later-Manifested Physical Conditions rather than Specified Physical Conditions**, regardless of the date when the physical condition was first manifested.

Id. at page 2.

---

[1] Exhibits A-E to Rec. doc. 12862.

Class Counsel thereafter filed a motion for oral argument on their objection to the Policy Statement (rec. doc. 12909-1) and a motion to strike the declaration of Jessica Herzstein (rec. doc. 12909-2). In the latter pleading, in footnote 6, Class Counsel raised the following issue:

> *See also*, Settlement Agreement, Section XXX(D) (which indicates that, in the event of any inconsistency between the text of the Medical Settlement Agreement and Exhibit 8, the terms and provisions of Exhibit 8 shall govern).

The Court requested further briefing on the issue raised by Class Counsel regarding the alleged inconsistency between the MSA and Exhibit 8. The parties have filed their respective briefs (Class Counsel's rec. doc. 13106; and BP's rec. doc. 13135). The matter is now under submission.

## Issue

The issue, as stated above, is whether a class member with an alleged chronic physical condition that was first diagnosed after April 16, 2012 may be classified as having a Specified Physical Condition ("SPC") and compensated for the condition under the SPC Matrix, Exhibit 8 to the MSA, or must instead pursue a remedy for a Later-Manifested Physical Condition ("LMPC") under the MSA.

## Discussion

Section II O of the MSA defines a "Chronic Condition" as one of the Specified Physical Conditions compensable on Level B1 of the SPC Matrix. Neither the definition of a Chronic Condition nor Exhibit 8 specify a date of diagnosis requirement. Section II RRRR defines a "Specified Physical Condition" as either an acute condition or a chronic condition "identified in Exhibit 8"… "and that *first manifested* within the timeframes set forth in Exhibit 8." (Emphasis added). Table 3 of the SPC Matrix lists specific chronic conditions which must be *first manifested* within 24 to 72 hours of exposure to the substance. (Emphasis added). In contrast, a

2

"Later-Manifested Physical Condition" is defined in Section II VV of the MSA as a "physical condition that is *first diagnosed* in a medical benefits settlement class member after April 16, 2012... ." (Emphasis added).

Whether a condition must only be first manifested or first diagnosed could potentially affect how a class member is compensated and the procedure by which a class member may make a claim. Generally speaking, if a person meets the proof requirements set forth in Exhibit 8 for an acute condition, she is compensated at one level; for a chronic condition she receives higher compensation. Either way, however, the class member proceeds through the Settlement Program processing and is paid according to the payment schedule in Exhibit 8 if the proof requirements are met. However, if a class member has a LMPC, he may not pursue a scheduled payment as set forth in Exhibit 8 of the MSA, but must instead pursue a "Back-End Litigation Option" ("BELO"). Section II H defines a BELO as "the right of certain medical benefits settlement class members to bring a lawsuit against a Back-End Litigation Option Defendant for a Later-Manifested Physical Condition, subject to the terms and conditions of Section VIII." The MSA specifies that a class member with a LMPC may either seek compensation pursuant to worker's compensation law or the Longshore and Harbor Workers' Compensation Act or seek compensation pursuant to the Back-End Litigation Option. The MSA further provides that "[s]uch Medical Benefits Settlement Class Member may not seek compensation . . . in any other manner." Section VIII B.1.

Class Counsel argue that the Claims Administrator's finding that a class member who is diagnosed with a Chronic Condition after April 16, 2012 is excluded from asserting a SPC claim, and can only assert a Later-Manifested Physical Condition claim, is erroneous:

> There is no provision anywhere in the settlement agreement or in Exhibit 8 that requires a
> Chronic Condition diagnosis to have occurred before April 16, 2012. Indeed, to the

3

contrary, Exhibit 8 merely states that the Chronic Condition must be persisting at the time of presentment to the medical professional.

\* \* \*

Thus, if a Class Member today were to go to a doctor, and the doctor confirmed the existence of a Chronic Condition with the tests that are required under Exhibit 8 (and that class member is able to declare that he or she suffered one or more of the acute physical conditions or symptoms set forth in Exhibit 8 within the specified timeframes (*see* Exhibit 8, Section I)) then the class member would be entitled to SPC Compensation for a Chronic Condition.

Rec. doc. 12862, Exhibit A, p.3.

\* \* \*

In sum, the date of diagnosis is irrelevant to a determination of whether a condition is a Chronic Condition under the Settlement Agreement; the critical focus is on when the condition first *manifested.*

Id. at p.6.

In their subsequent filing (rec. doc. 13106), Class Counsel assert that the Claims Administrator's interpretation creates a conflict between the MSA definition of LMPC and the definition of a SPC which appears in Exhibit 8. Counsel argue that, in the event of such a conflict, the terms of the SPC Matrix (Exhibit 8) must prevail:

With the exceptions of Exhibit 8, 9 and 12, any inconsistency between this Medical Settlement Agreement and any attachments, exhibits or appendices hereto shall be resolved in favor of this Medical Settlement Agreement.

Section XXX D of the MSA. Thus, Class Counsel submit that a conflict must be resolved in favor of Exhibit 8 and therefore a decision must be premised on the date of *manifestation*, as opposed to *diagnosis*. Id. at 3.

In contrast, BP asserts that the MSA is clear and that any physical condition first diagnosed after April 16, 2012 can only be a LMPC:

The express date restriction in the LMPC definition means that conditions first diagnosed *after* April 16, 2012, are *not* SPCs.

4

Rec. doc. 12862, Exhibit B, p.2.

> Reading the MSA as a whole and giving its words their plain meaning reveals the error of Class Counsel's position. Class Counsel's position rests on a mistake in equivalence between two disparate types of claims. According to Class Counsel, if two Class Members submit claims for reactive airways dysfunction syndrome (irritant-induced asthma) ("RADS"), and one Class Member provides medical records confirming the condition one week after manifestation and the other provides medical records with a first diagnosis three years later (and well after April 16, 2012), each Class Member's remedy is controlled by the condition for which they are seeking compensation. But an LMPC is defined by the date of diagnosis, not the condition, date of manifestation, or any other criteria.
>
> * * *
>
> Notably, this plain reading of the language harmonizes the LMPC and SPC provisions, while Class Counsel's position creates a situation in which the SPC and LMPC definitions would overlap and conflict, contrary to the carefully defined compensation categories and criteria established by the MSA.

Id. at p.3.

BP further asserts that Class Counsel's interpretation of an LMPC would require modification of the definition from any physical condition that is first *diagnosed* to any physical condition that first *manifests* after April 16, 2012. Id. at 9.

As to the asserted conflict between the text of the MSA and Exhibit 8, BP argues that there is no inconsistency since all physical conditions which were first diagnosed after April 16, 2012 (regardless of when they manifested) are LMPCs. Rec. doc. 13135 at 1.

> The SPC Matrix provides the mechanism to compensate Class Members for certain physical conditions that are alleged to have manifested within 24 -72 hours of exposure and that satisfies Exhibit 8's proof requirements, *except or until those conditions are first diagnosed after April 16, 2012.* That date certain determines which remedy (the SPC Matrix or BELO) a Class Member must pursue for compensation."

Id. at p.2.

5

\* \* \*

> Class Counsel's reasoning is flawed in assuming that, if the MSA does not take precedence over Exhibit 8, then Exhibit 8 must take precedence over the MSA. The correct reading, which harmonizes Exhibit 8 with the MSA, is that they stand on *equal* footing and must be read together.

Id. at p.3.

Having reviewed the submissions and the terms of the Medical Settlement Agreement, the Court finds that the Claims Administrator's Policy Statement is correct. The MSA clearly defines any condition diagnosed after April 16, 2012 as a Later-Manifested Physical Condition. While in some cases a class member may have a condition which fits the definition of a Chronic Condition, if it was not diagnosed by April 16, 2012, it is, by definition, a LMPC. To hold otherwise would invalidate a clear and unambiguous term of the MSA. Further, the requirement of manifestation set forth in Exhibit 8 does not conflict with the "deadline" by which a condition must be diagnosed in order for a class member to pursue a claim under the SPC Matrix. The provisions of the MSA, including its exhibits, must be read together to give meaning to all. Accordingly,

IT IS ORDERED that the Policy Statement of the Claims Administrator is AFFIRMED.

New Orleans, Louisiana, this 23rd day of July, 2014.

CARL J. BARBIER
United States District Judge