UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br>2:10-md-02179<br>SECTION "J" |
| THIS DOCUMENT RELATES TO:<br>Civil Action Nos. 12-970, 15-4143, 15-4146 and 15-4654 | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

**MOTION FOR RELIEF FROM COURT'S ORDER APPROVING
DISTRIBUTION MODEL FOR HESI/TRANSOCEAN SETTLEMENTS**

Come now the persons listed in the addendum hereto, who are claimants under the Halliburton and Transocean class action Settlement Agreements,[1] and, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, move the court for relief from the Order approving the Distribution Model for the Settlement Agreements (Doc. 22252) and to modify or grant relief from the provisions of the Distribution Model that have been invoked by the Claims Administrator to deny compensation to these claimants. In support of the motion, the claimants would show as follows.

1. When the Court was considering the request to approve the Settlement Agreements and the Distribution Model, certain members of the New Class under the Settlement Agreements objected to certain provisions of the Distribution Model under which certain New Class members

---

[1] The claimants bringing this motion are menhaden fishermen who were excluded from the DHEPDS and expressly included in the New Class under both the HESI and Transocean Settlement Agreements only to be denied compensation because of certain provisions of the Distribution Model that linked inclusion in the distribution to compliance with PTO 60 by determining eligibility based on litigation status at the time of the distribution rather than at the time the Settlement Agreements were reached.

would be denied compensation because they had not filed individual lawsuits for compensatory damages pursuant to PTO 60.  Those objectors asserted, *inter alia*, that the provisions in question were inconsistent with the terms of the Settlement Agreements and that New Class members were not on notice that compliance with PTO 60 was a prerequisite for receiving compensation under the Settlement Agreements until after it was too late to comply.

2. The Court declined to consider those objections at that time, but stated that the objections could be asserted in the claims appeal process in the event claims were denied based on the questioned provisions of the Distribution Model.  (Doc. 22252, p. 44.)  Since the approval of the Settlement Agreements and the Distribution Model was in the province of the presiding District Judge, and the objections were presented to the District Judge, consideration of the deferred objections is also in the province of the District Judge.  Such consideration may not properly be delegated to the Magistrate Judge by a referral for final decision, and the parties to the Settlement Agreement did not consent to such delegation.  The provision of the Order deferring consideration of the objections to the claims appeal process implies that the consideration of the objections at that later time would be undertaken by the District Judge.

3. When the Claims Administrator denied the initial appeals, the claimants requested review of the claims determinations by the Court in order to attempt to bring back before the Court the pretermitted objections to the provisions of the Distribution Model which were invoked to deny the claims, in accordance with the above-referenced provisions of the Order.  Although the Magistrate Judge permitted the appeal and reviewed the claims determination (pursuant to the Referral Order), the Magistrate Judge considered only the claimants' submission to the Claims Administrator with the initial appeal and the three-page statement of why the Court

2

should grant review, and did not afford an opportunity for full briefing of the issues raised by the claimants.

4. When the Magistrate Judge upheld the claims determination, the claimants filed an objection to the ruling under Rule 72, in an effort to have the pretermitted objections to the Distribution Model considered by the District Judge as the Order implied would be done. However, the Court ruled that the claims determination appeal decision by the Magistrate Judge was final and not reviewable under the Referral Order, and so did not consider the deferred objections.[2]

5. Since the claimants have heretofore been denied the consideration of the pretermitted objections by the Article III judge which claimants contend is warranted, the claimants are seeking review of those objections pursuant to Rule 60(b), because (1) there is no procedural barrier to the District Judge's consideration of objections pursuant to a Rule 60(b) motion for relief, as there was with the claims determination process, and (2) the claimants would be plainly be entitled to appeal an adverse ruling by the Court on the Rule 60(b) motion.

6. Relief from the Order approving the Distribution Model and from the terms of the Distribution Model is justified under Rule 60(b) on grounds of mistake and because the express

---

[2] The Court held that the Magistrate Judge's ruling was not reviewable under Rule 72 because, under the Referral Order (Doc. 23602), claims decisions by the Magistrate Judge that involve the amount of a payment under the Settlement Agreements are final and non-reviewable, in contrast to those decision that involve a determination that a claimant is not a member of the settlement class, which are reviewable. The claimants sought review on the ground that the claims determination was, in substance if not in form, a determination that the claimants were not members of the New Class as defined in the Settlement Agreements.  The claimants take this position because (1) the Settlement Agreements state that they seek to include in the New Class all claimants who have valid maritime law standing to make a punitive damages claim under general maritime law; (2) the Distribution Model and the Claims Administrator declare that these claimants do not have valid maritime law standing to make a punitive damages claim under general maritime law because their claims for compensatory damages were extinguished by PTO 60; (3) therefore, the Distribution Model and the Claims Administrator declare that these claimants are not members of the New Class.  The fact that the Claims Administrator couched that determination in terms of the claims being assigned no value does not change the fundamental nature of the determination and should not be permitted to circumscribe judicial review.

deferral of consideration of the objections to the Distribution Model, coupled with the procedural barrier that effectively denied such consideration by the Article III judge during the claims appeal process and the lack of opportunity for full briefing during that process, constitutes an "other reason that justifies relief" under Rule 60(b)(6).

7. The provisions of the Distribution Model used to deny compensation to these claimants should be modified, or relief from such provisions should be granted to these claimants, for at least the following reasons:

a. Reliance on PTO 60 to deny the eligibility for compensation is contrary to the terms of the Settlement Agreements in adding requirements for recovery that are not contained therein, and have the effect of removing these claimants from the New Class when they are within the definition of the New Class under the Settlement Agreements;

b. The Claims Administrator, in formulating the Distribution Model, erred in providing that compliance with PTO 60 was a prerequisite to compensation under the Settlement Agreements for these claimants (menhaden fishermen who were absent class members in a class action and not named plaintiffs in any action), because PTO 60 did not apply to these claimants and, in any event, PTO 60 did not cut off these claimants' economic damages claims against HESI and Transocean or exclude them from compensation under the plain terms of the Settlement Agreements.

c. Noncompliance with PTO 60 should be excused because the Court's notice procedures and the terms of PTO 60 did not give adequate notice to claimants that they had to comply and file individual lawsuits in order to be entitled to recovery under the HESI/Transocean settlements, which were agreed to several months before PTO 60 was entered, but rather left these claimants in a "notice gap."

d. The exclusion of claimants based on the Distribution Model is inequitable and inconsistent with due process and equal protection in that, although the Distribution Model purports to tie eligibility for compensation to maritime-law standing, it applies that criterion inconsistently, unfairly, and without a rational basis.

e. Any other reasons set out in the brief accompanying this motion.

8. The Court should consider these objections *de novo* without regard to the Magistrate Judge's ruling on the claims determinations because such consideration by the District Judge was implied in the Order approving the Distribution Model which pretermitted the objections until after claims determinations had been made and because the claimants did not have adequate opportunity to brief the issues in the claims appeal process, since, as noted, the Magistrate Judge considered only the arguments outlined in the initial appeal of the claims determination and the three-page statement submitted by the claimants in support of their request that the Court permit them a further appeal of the claims determination.

WHEREFORE, claimants ask the court to grant relief from the Order approving the Distribution Model and to modify that Order to require revision of the Distribution Model in accordance with the objections, including removing compliance with PTO 60 or having a pending individual lawsuit for compensatory damages as a prerequisite to receiving compensation under the Settlement Agreements, or to grant relief from the Order and the challenged provisions of the Distribution Model on the ground that claimants did not have adequate notice of PTO 60 or its implications for their claims.

Respectfully Submitted,

s/ Michael D. Greer
MICHAEL D. GREER, MB# 5002

                    GREER, RUSSELL, DENT,
                    & LEATHERS, P.A.
                    P.O. BOX 907
                    TUPELO, MS 38802
                    (662) 842-5345
                    mgreer@greerlawfirm.com

                    JOHN G. WHEELER, MB# 8622
                    MICHAEL CHASE, MB# 5969
                    Mitchell, McNutt & Sams, P.A.
                    P.O. BOX 7120
                    TUPELO, MS  38802
                    (662) 842-3871
                    jwheeler@mitchellmcnutt.com
                    mchase@mitchellmcnutt.com

## ADDENDUM

The names of the claimants and the redacted claim numbers are set out below:

| No. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | SUFFIX | CLAIMANT APPEAL NUMBER |
|---|---|---|---|---|
| 1 | Julius | Barbour | | 62A******* |
| 2 | Edward | Barnhill | Jr. | 937******* |
| 3 | Edward | Barnhill | Sr. | D79******* |
| 4 | Karen | Barnhill | | D26******* |
| 5 | Scott | Black | | 9FF******* |
| 6 | Cleve | Boatwright | | 4D4******* |
| 7 | Norwood | Cain | Sr. | D8F******* |
| 8 | Arthur | Coleman | | B40******* |
| 9 | Frank | Conley | | 224******* |
| 10 | Jerel | Conley | | EB2******* |
| 11 | Troy | Cornelius | Sr. | 583******* |
| 12 | Charles | Cowart | | 2B0******* |
| 13 | Randolph | Darna | III | AAE******* |
| 14 | Randolph | Darna | Jr. | 579******* |
| 15 | James | Dooley | | 8E6******* |
| 16 | Michael Shane | Dooley | | AB0******* |
| 17 | Allan | Dopirak | | D50******* |
| 18 | Bobby | Esfeller | | 95C******* |
| 19 | Ricky | Gomes | | 735******* |
| 20 | Benjamin | Hamilton | | D84******* |
| 21 | Richard | Harbison | Sr. | 44A******* |
| 22 | Richard | Harbison | Jr. | 751******* |
| 23 | Ernest | Harris | | 00A******* |
| 24 | Doran | Hoffman | | 868******* |
| 25 | James | Johns | | 648******* |
| 26 | Daryl | Johnson | | E7A******* |
| 27 | Rory | Johnson | | 9D6******* |
| 28 | Roy | Kibbe | | FD2******* |
| 29 | David | Krause | | 124******* |
| 30 | Michael | Krause | | E58******* |
| 31 | William | Ladnier | Sr. | 9C9******* |
| 32 | William | Ladnier | Jr. | 76A******* |
| 33 | Richard | Lolly | | 640******* |
| 34 | Franklin | McCall | | AEA******* |
| 35 | Anthony | Moralis | | F43******* |
| 36 | Helton | Nelson | | 143******* |
| 37 | Lloyd | Nielson | | BD1******* |

| | | | | |
|---|---|---|---|---|
| 38 | Destin | O'Brien | | 7C2******* |
| 39 | Thomas | O'Brien | | 598******* |
| 40 | James | Parker | III | A38******* |
| 41 | Jason | Parker | | C9D******* |
| 42 | Robert Chad | Paul | | 4D9******* |
| 43 | Charles | Porter | | F49******* |
| 44 | Ernest | Price | | 780******* |
| 45 | Justin | Sawyer | | 413******* |
| 46 | David | Simms | Sr. | F4C******* |
| 47 | Thomas | Smith | | 06D******* |
| 48 | James | Stewart | | 4B7******* |
| 49 | William | Stewart | | C0F******* |
| 50 | Donald | Stork | Sr. | B2D******* |
| 51 | Marion | Strange | | E8B******* |
| 52 | Richard | Turner | | A89******* |
| 53 | Cecil | Wainwright | Jr. | 78B******* |
| 54 | Derek | Wainwright | | 225******* |
| 55 | Jerry | Walker | | 874******* |
| 56 | Charles | Wallace | | 0FA******* |
| 57 | Clarence | Waters | III | A78******* |
| 58 | Travis | Wilkerson | | 811******* |
| 59 | Deloyd | Williamson | | 0C3******* |
| 60 | Martin | Young | IV | DF8******* |
| 61 | Dennis | Zirlott | | 6EF******* |
| 62 | Donald | Zirlott | | BEC******* |
| 63 | Simon | Zirlott | | 954******* |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

This, the 14th day of February, 2018.

s/ Michael D. Greer_____<br>
MICHAEL D. GREER