UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: 12-cv-968: BELO | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## THE BP PARTIES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY BELO CASES INITIAL PROCEEDINGS CASE MANAGEMENT ORDER

Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, the "BP Parties") respectfully move this Court to modify the BELO Cases Initial Proceedings Case Management Order ("CMO") and the analogous orders entered in individual BELO lawsuits[1] in two respects. Both proposed modifications relate to the Authorizations for release of records, attached to the CMO, that are provided by the BELO plaintiff to the BP Parties during the initial disclosure process.

First, the BP Parties ask the Court to replace the Request for Social Security Earnings Information (Form SSA-7050-F4) and Consent for Release of Information (Form SSA-3288) forms with up-to-date revised forms issued by the U.S. Government. The versions currently attached to the CMO have been superseded by these new forms, and the U.S. Government will not accept the outdated versions. Second, the BP Parties ask the Court to replace the

---

[1] *See* BELO Cases Initial Proceedings Case Management Order, Rec. Doc. 14099 ("CMO"). The Court also enters individual Initial Proceedings Case Management Orders for each individual BELO lawsuit. *See, e.g.*, *Townsend v. BP Expl. & Prod. Inc.*, No. 2:15-cv-5033, Rec. Doc. 6 (E.D. La. Oct. 20, 2015).

Authorization for Release of Medical Records Pursuant to 45 C.F.R. § 164.508 (HIPAA), Authorization for Release of Records Provided to *Deepwater Horizon* Medical Benefits Claims Administrator, and Authorization for Release of Employment/Plaintiff Records forms. The current versions contain a fixed expiration date in 2018. The modified forms provide authorizations that expire one year from the date on which the form was signed, which will avoid the need to revise the forms in the future.

The BP Parties have conferred with BELO Liaison Counsel for the Class pursuant to Section IV of the CMO.[2] Class Liaison Counsel informed the BP Parties on February 16, 2018 that they do not object to the BP Parties' requests.

For the Court's convenience, the BP parties are submitting as Exhibit A hereto a Plaintiff Profile Form that includes a complete set of revised Authorization forms. Exhibit A may be substituted for the current version of the Plaintiff Profile Form and its exhibits that are attached to the CMO.

## DISCUSSION

Section II of the CMO requires a BELO plaintiff to provide with his or her initial disclosures "Signed Authorizations for Release of (i) Medical Records Information, (ii) Employment Records Information, (iii) Social Security Records Information, (iv) Social Security Earnings Information and (v) Records Provided to Deepwater Horizon Medical Benefits Claims Administrator . . . in the form attached to the Plaintiff Profile Form," which is an exhibit to the CMO.[3] This information is to be provided "without awaiting a discovery request" and "[n]o later

---

[2] CMO § IV(2).

[3] CMO § II(1)(B).

than ninety (90) days after the date of filing of an individual BELO complaint."[4]  The BP Parties are able to use these Authorizations to obtain information relevant to the plaintiff's claims. Obtaining this information in a timely manner is particularly important because, under the CMO, the parties have 30 days after these initial disclosures either to stipulate as to the proper venue for the lawsuit or, if no agreement can be reached, to file motions to transfer venue.[5]  The information contained in plaintiff's disclosures informs the BP Parties about, *inter alia*, the locations where the plaintiff has obtained treatment, where his or her medical providers are located, and the locations of his or her employer(s)—significant factors in the venue determination.[6]

Pursuant to the CMO, the parties are authorized to file a motion "to amend or modify this case management order . . . as it applies to . . . BELO cases as a whole."[7]  Two modifications to the CMO are warranted in the case in order to facilitate the initial disclosure process contemplated by the CMO.

First, the BP Parties ask the Court to replace the Request for Social Security Earnings Information (Form SSA-7050-F4) and Consent for Release of Information (Form SSA-3288) forms with up-to-date revised forms issued by the U.S. Government.  The U.S. Government

---

[4]  CMO § II.

[5]  *See* CMO § III.

[6]  *See* 28 U.S.C. § 1404; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (relevant factors include "the relative ease of access to sources of proof," "the availability of compulsory process to secure the attendance of witnesses," and "the cost of attendance for willing witnesses" (quoting *In re Volkswagen AG*, 371 F.3d at 203)); *U.S. United Ocean Servs., LLC v. Powerhouse Diesel Servs., Inc.*, 932 F. Supp. 2d 717, 732 (E.D. La. 2013) ("The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." (internal quotation mark omitted)).

[7]  CMO § IV(1)(D).

3

periodically revises these forms.  The versions attached to the CMO are outdated.  The U.S. Government will not accept these forms and has rejected outdated forms submitted by Plaintiffs, requiring BP to obtain new forms.  The most current versions of the Request for Social Security Earnings Information (Form SSA-7050-F4), dated October 2016, and the Consent for Release of Information (Form SSA-3288), dated November 2016, are included in Exhibit A.  Substituting the most current versions of these forms for the outdated versions attached to the CMO will ensure that the BP Parties' requests are processed in a timely fashion.

Second, the BP Parties ask the Court to replace the Authorization for Release of Medical Records Pursuant to 45 C.F.R. § 164.508 (HIPAA), Authorization for Release of Records Provided to Deepwater Horizon Medical Benefits Claims Administrator, and Authorization for Release of Employment/Plaintiff Records with modified forms providing that the authorizations shall expire one year from the date on which the form was signed.  The current versions of the forms attached to the CMO provide that the Authorizations expire in December 2018.  Substituting the modified forms for the current versions will ensure that the Authorizations are valid for a sufficient time period to allow BP to obtain the requested information and eliminate the need to replace these forms later in 2018.

## CONCLUSION

For the foregoing reasons, the BP Parties request that the Court modify the CMO, and the analogous orders entered in future individual BELO lawsuits, in the manner described herein and pursuant to the proposed modified CMO submitted with this motion.  Specifically, the BP Parties request that Exhibit A hereto be substituted for the Plaintiff Profile Form and its exhibits that are currently attached to the CMO.

February 28, 2018                                   Respectfully submitted,

    */s/ Kevin M. Hodges*
Kevin M. Hodges
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:  (202) 434-5000
Telefax:  (202) 434-5029

    */s/ Catherine Pyune McEldowney*
Catherine Pyune McEldowney
MARON MARVEL BRADLEY ANDERSON & TARDY LLC
1201 North Market Street, Suite 900
Wilmington, DE 19801
Telephone:  (302) 425-5177
Telefax:  (302) 425-0180

    */s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.*
*AND BP AMERICA PRODUCTION COMPANY*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Service in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, on this 28th day of February, 2018.

                                                   */s/ Don K. Haycraft*
                                                   Don K. Haycraft