**Claimant, Lake Garden Apartments, LTD. Request for Discretionary Court Review**

The claimant, Lake Garden Apartments, LTD, submits this request for discretionary Court review with respect to the determination issued on November 20, 2017 (Doc ID 20900851), and the subsequent appeal determination issued on February 12, 2018 (Doc ID 20950771). The DHCC, after analyzing the claim, determined that the claimant suffered losses in the amount of $48,789.51, inclusive of the risk transfer premium (RTP). The claimant appealed the DHCC determination due to the DHCC's refusal to consider the lost sales contract that was entered into by the claimant to sell the real property it had owned at the time of the spill. However, the Appeals Panel after reviewing the record, upheld the DHCC's determination and maintained that the lost sales contract could not be considered.

To provide some background, Lake Garden's principle business was in the acquiring and selling of residential multi-family apartment properties for asset development and financial investment. Mr. Rupp (now deceased) was the owner of four financially viable 515 Rural Development, low income apartment buildings situated along the Gulf Coast, primarily in Bay County, Florida.  In December of 2008, Mr. Rupp as the owner of Lake Garden Apartments, LTD, had begun the process of securing an appraisal of value for the apartment building and real property for purposes of sale. In 2009, Mr. Rupp began negotiating with interested buyers of the apartment building he owned at the time. In March 2010, Mr. Rupp entered into an agreement for the sale of the Lake Garden Apartments, LTD property in the amount of $1.6 million, which after mortgage pay-offs, would capture about 1 million in net proceeds. *See* Exhibit "A."  However, shortly after the Deepwater Horizon explosion and subsequent release of oil into the Gulf of Mexico, the prospective buyer of the apartment buildings backed out, citing directly to the spill as the cause. This led to the eventual foreclosure of the property in June of 2011, which resulted in the transfer of deed in lieu of foreclosure to the US Department of Agriculture, Rural Development Office.

Despite multiple attempts by the claimant to petition for the inclusion of this lost sales contract in the damage calculation, the DHCC has refused to do so. The DHCC, in deciding not to consider the lost sales contract in their calculation and final determination stated that because the claimant's main business

operation is as a long-term rental facility, and because the sales contract was allegedly not part of the normal business operation, the lost sales contract would not be considered in the calculation. The DHCC specifically cited to Policy 328 v.2, which excludes the gains or losses from the sale of assets from being considered as revenues for purposes of the damage calculation.

However, the failure to include or consider the lost sales contract in the damage calculation is both wholly unfair and prejudicial to the claimant. Despite the terms set forth in the Settlement Agreement, which specifically exclude contracts for the sale of real property, fixed assets, non-operating assets, or for all or a portion of the business itself that are not considered to be entered in the normal course of business, the claimant maintains that the sale of real property is in fact the principle business for the claimant. As previously stated above, the principle business was the acquisition of low-income residential/multi-family apartment buildings for re-development and sale. Although the claimant would sometimes hold these properties and collect rental revenue, this was never the principle purpose of the business. The main purpose behind each acquisition was to either re-develop or further develop the real properties, and sell them for a profit. Yet, the claimant is now being punished for generating rental revenues from these units as it redeveloped the real property for future sale, which the claimant contends is part of the normal course of business. Thus, the DHCC's argument that the sale was not part of the claimant's normal course of business, which resulted in the exclusion of the cancelled sales contract, was incorrect.

Furthermore, the cancellation of the sales contract had nothing to do with the claimant's business or the actions of the claimant. Instead, the basis for the cancellation was directly related to the Deepwater Horizon Oil Spill, as is evidenced by the correspondence the claimant received from the prospective buyer. *See* Exhibit "B." Had it not been for the negligent actions of BP and the related Defendants, the claimant would have been able to finalize the sale of the subject real property and earn approximately one million dollars upon sale. However, due to the spill, the prospective buyer cancelled the sales contract, resulting in the loss of a substantial amount of money. In addition, the deed to the property was turned

over to the US Department of Agriculture, Rural Development office in lieu of foreclosure as a direct result of the oil spill and cancellation.

      Despite the evidence set forth by the claimant in its attempts to clarify and prove that the sale of the property was part of the normal course of its business; both the DHCC and Appeals Panel have rejected the claimant's arguments. As such, the claimant, Lake Garden Apartments, LTD respectfully requests that the Court grant its' request for discretionary review. As stated above, the claimant suffered a significant loss as a result of this foreclosure, which was proximately caused by the Deepwater Horizon oil spill. Moreover, to deny the claimant the ability to seek losses related to this event is both prejudicial and unfair in that none of these consequences were the result of any action taken by the claimant. The claimant has exhausted all of its' options and this is its' last hope.