# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL No. 2179 |
| | * | SECTION: J |
| | * | |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| *No. 10-8888, Rec. Doc. 68453* | * | MAG. JUDGE WILKINSON |

## ORDER

Faye Eymard and Howard Eymard filed a Motion for Leave to File Motion to Enroll and Motion for Reconsideration (Rec. Doc. 23489), which is presently before the Court. For the reasons explained below, the Motion is DENIED.

On April 20, 2011, movant Howard Eymard filed a short form joinder asserting an individual claim relating to his job as president of Eymard Homes, Inc. (10-8888, Rec. Doc. 68453). It does not appear that movant Faye Eymard ever filed a short form joinder with this Court. On April 21, 2013, Eymard Homes, Inc. filed a complaint against BP and Halliburton for economic losses resulting from the oil spill. (No. 13-2182).[1] The record indicates that Howard and Faye Eymard own Eymard Homes, Inc. and that all three were represented by the same attorney.

On March 29, 2016, the Court issued Pretrial Order No. 60 ("PTO 60," Rec. Doc. 16050), which required all plaintiffs who had timely filed a "B1 bundle" claim and had not released[2] those claims to take certain actions. Specifically, B1 plaintiffs who had previously filed an individual

---

[1] Two short form joinders also were filed on behalf of Eymard Homes, Inc. (No. 10-8888, Rec. Docs. 68432, 131536).

[2] Howard Eymard, Faye Eymard, and Eymard Homes, Inc. all opted out of the Economic and Property Damages Settlement.

lawsuit (such as Eymard Homes, Inc.) were required by PTO 60 to file and serve a Sworn Statement by May 2, 2016. Plaintiffs who had not filed an individual lawsuit, but instead had filed a short form joinder (such as Howard Eymard) or were joined in a multi-plaintiff lawsuit, were required to file an individual complaint (one per plaintiff) and file and serve a Sworn Statement by May 2, 2016.[3] PTO 60 stated that Plaintiffs who failed to comply with its requirements would have their claims dismissed with prejudice.

Eymard Homes, Inc. timely submitted a Sworn Statement on April 27, 2016, as required by PTO 60. (13-2182, Rec. Doc. 7). Shortly thereafter, Eymard Homes, Inc. filed a Notice of Voluntary Dismissal, which reflects that it had settled and released most of its claims. (13-2182, Rec. Doc. 8). Although Howard and Faye Eymard were represented by the same attorney as Eymard Homes, Inc., and therefore clearly had notice of PTO 60,[4] they took no action in response to PTO 60.

On June 7, 2016, the Court issued an Order to Show Cause Re: Compliance with PTO 60 ("Show Cause Order," Rec. Doc. 18724). Exhibit 1 to the Show Cause Order listed several thousand plaintiffs that BP in good faith believed made PTO 60 submissions that complied with the requirements of PTO 60. Plaintiffs who were not listed on Exhibit 1 were required to show cause by June 28, 2016 why the Court should not dismiss their claims. The Show Cause Order also dismissed all short from joinders to the extent they asserted a B1 claim. Although Howard and Faye Eymard were not listed on Exhibit 1 to the Show Cause Order, they did not file a response.

---

[3] Many plaintiffs sought and received a two-week extension of the May 2, 2016 deadline.
[4] Howard Eymard even signed the Sworn Statement submitted on behalf of Eymard Homes, Inc. (No. 13-2182, Rec. Doc. 7).

On July 14, 2016, the Court issued an Order Re: Compliance with PTO 60.  ("PTO 60 Compliance Order, Rec. Doc. 20996).  Attached to the PTO 60 Compliance Order was Exhibit 1A/1B, an updated list of PTO 60-compliant plaintiffs.  Exhibit 2 to the PTO 60 Compliance Order was a list of plaintiffs who submitted a timely response to the Show Cause Order, but as to whom BP still maintained an objection as to that plaintiff's compliance with PTO 60.  Howard and Faye Eymard were not listed on any of the exhibits to the PTO 60 Compliance Order.  The PTO 60 Compliance Order stated that all remaining plaintiffs in the B1 bundle, other than those listed on Exhibits 1A/1B or 2, "are deemed noncompliant with PTO 60, and their B1 claims are hereby **DISMISSED WITH PREJUDICE**."  (Rec. Doc. 20996 p.5) (emphasis in original).  The PTO 60 Compliance Order further stated:  "As to all Plaintiffs in the B1 bundle, only those Plaintiffs who have not previously released their claims, have made timely presentment as required by OPA, have previously filed an individual lawsuit, and have otherwise complied with the requirements of PTO 60 have preserved their individual claims.  *All other B1 bundle claims are time-barred.*"  (Rec. Doc. 20996 p.5) (emphasis added).

In the weeks following the issuance of the PTO 60 Compliance Order, some plaintiffs who were not listed on any of the Exhibits to the PTO 60 Compliance Order filed motions for reconsideration, etc., seeking to have their claims reinstated.  Howard and Faye Eymard did not file anything during this time.

On December 16, 2016, the Court issued a "PTO 60 Reconciliation Order" wherein it ruled on whether the plaintiffs in Exhibit 2 to the PTO 60 Compliance Order were compliant with PTO 60.  (Rec. Doc. 22003).  The PTO 60 Reconciliation Order also considered and ruled upon the various motions seeking relief from or reconsideration of the PTO 60 Compliance Order.  In the weeks following issuance of the PTO 60 Reconciliation Order, several plaintiffs who were deemed

non-compliant and dismissed by that order moved for reconsideration and/or appealed to the Fifth Circuit.  Howard and Faye Eymard, however, filed nothing until October 12, 2017, when they filed the instant motion.

In effect, the instant motion (Rec. Doc. 23489) asks that Howard and Faye Eymard be permitted to pursue their claims for losses allegedly resulting from the oil spill even though they never filed individual lawsuits and Sworn Statements as required by PTO 60, did not respond to the Show Cause Order, did not timely move for reconsideration, etc., of the PTO 60 Compliance Order, and did not timely move for reconsideration, etc., of the PTO 60 Reconciliation Order.[5]  As mentioned, the instant motion was filed on October 12, 2017—one year and five months after the deadline to comply with PTO 60, one year and four months after the Show Cause Order dismissed all short form joinders (including Howard Eymard's short form joinder) and one year and three months after Howard and Faye Eymard's claims were dismissed with prejudice and declared time-barred by the PTO 60 Compliance Order.  Additionally, the record is clear that the Eymards' attorney—and therefore the Eymards themselves—received actual notice of PTO 60. Accordingly,

IT IS ORDERED that the Motion for Leave to File Motion to Enroll and Motion for Reconsideration (Rec. Doc. 23489) is DENIED.

---

[5] The Eymards' motion does not mention PTO 60 or its related orders.  Rather, the motion states that the Court's Order of September 4, 2015 (Rec. Doc. 15321) "effectively barred" the Eymards' claims and "[i]t is this Order that Plaintiffs respectfully request the Court [to] reconsider."  (Rec. Doc. 23489-5 at 2).  However, the September 4, 2015 Order merely instructed the Clerk of Court to stop accepting short form joinders.  The Eymards were free to file a complaint after September 4, 2015, and, in fact, were required to do so by May 2, 2016.  As explained in the main text, it is PTO 60 and its related orders that dismissed and now preclude the Eymards' claims.  Thus, the Court views the Eymards' motion as a request for reconsideration of PTO 60, the PTO 60 Compliance Order, etc.  In any event, Eymards' motion is even more untimely relative to the September 4, 2015 Order than it is relative to PTO 60 and its related orders.

New Orleans, Louisiana, this 7th day of March, 2018.

_____
United States District Judge