# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**<br><br>**This Document Relates to: Claim ID 268668** | **MDL NO: 2179**<br>**Case 2:10-md-02179-CJB-SS**<br><br>**SECTION: J**<br><br>**JUDGE BARBIER**<br><br>**MAG. JUDGE WILKINSON** |

## MOTION REQUESTING RELIEF FROM ORDER [REC.DOC. 6684]

The undersigned counsel, pursuant to this Court's Order on June 15, 2012, which set a 25% cap on contingent fee arrangements for all attorneys representing claimants/plaintiffs that settle claims through either or both of the Deepwater Horizon Settlements, now moves this Court to grant relief from order pursuant to Fed. R. Civ. Proc. 60 (b)(6) and respectfully states and prays as follows:

### I. INTRODUCTION

On June 15th, 2012, this Court issued an Order which stated that contingent fee arrangements for all attorneys representing claimants/plaintiffs that settle claims through either or both of the Settlements will be capped at 25% plus reasonable costs. The Court further ordered that any individual attorney who believed that a departure from the 25% cap was warranted would be permitted to object and submit evidence to the Court for consideration. Taking into consideration the complexities that have arisen from the Court Supervised Settlement Program, including but not limited to the over 500 policy determinations as well as the fact that the processing of claims (including that for which this relief is filed) has extended for over 6 years, warrants that this Court now grant relief from the imposed 25% contingent fee cap.

## II.     RELEVANT FACTS

On April 6, 2012, the Plaintiffs' Steering Committee filed an Amended Class Action Complaint and a proposed Settlement Agreement for the United States District Court for the Eastern District of Louisiana, who on December 21, 2012 certified the class and approved the Settlement Agreement. In reliance on the assurances of a "claimant friendly" Settlement Agreement and other agreed upon terms between Class Counsel and BP. The *Deepwater Horizon* Economic & Property Damages Settlement is intended to resolve most claims by private individuals and businesses for economic loss and property damages resulting from the *Deepwater Horizon* Incident. Memorialized by a 1,000-plus page document, the Parties negotiated and agreed to separate, detailed frameworks for the submission, evaluation and payment of nine basic categories of claims.

To further add to the complexities of the Settlement Agreement, the Claims Administrator has issued over 500 policy determinations and its variations of interpretation of the terms of the Settlement Agreement. The numerosity of the policy determinations as well as decisions from the District Court and 5th Circuit Court of appeals, turned the once straight forward and claimant friendly settlement process into a legal minefield for a multiplicity of claimants, like that of the present case, which 6 years after the approval of the Settlement Agreement are still battling the Facility and BP in a series of post determination processes including CCSP Appeals, Discretionary Court Review, and in some cases even 5th Circuit Appeals.  According to "Status Report No. 51, dated April 27, 2017, the Claims Administrator informed the Court that to this date 3,798 claims still await review by the Facility including 516 BEL and Start Up BEL claims.

For the present claim the undersigned attorney and his firm have expensed hundreds of

hours and resource in the review of approximately 200 legal and financial documents of the Claimant as well as responding to a series of notices which are listed as follows:

| | |
|---|---|
| Appeal Panel Decision Notice | 12/08/2017 |
| Final Proposals Notice | 11/07/2017 |
| Initial Proposals Notice | 10/26/2017 |
| BP Appeal of Eligibility Notice | 10/03/2017 |
| Incompleteness Denial Notice | 07/12/2017 |
| Post-Reconsideration Follow-Up Incompleteness Notice | 04/18/2017 |
| Post-Reconsideration Incompleteness Notice | 03/17/2017 |
| Post-Reconsideration Incompleteness Notice | 03/03/2017 |
| Incompleteness Denial Notice | 01/23/2017 |
| Post-Reconsideration Follow-Up Incompleteness Notice | 12/21/2016 |
| Post-Reconsideration Incompleteness Notice | 06/14/2016 |
| Incompleteness Denial Notice | 03/17/2016 |
| Follow-Up Incompleteness Notice | 02/12/2016 |
| Follow-Up Incompleteness Notice | 10/10/2014 |
| Incompleteness Notice | 05/12/2014 |

The above cited list which was extracted from the DWH Claims portal does not include the thread of pre notices and communications between the CSSP Vendors and the undersigned attorney's for requests for information which required in some cases the intervention of experts for which additional costs and work hours of attorney's and staff. As such, far from a simple and expedited process for the review of claims the complexities and extension of the CSSP would in fairness require that for this case the Court grant the requested relief.

It must also be brought to the attention of this Court that the Client of the above

referenced claim had previously agreed upon a set contingency fee of 33% prior to the Court's order setting a cap on attorney fees for claims that were settled through the CSSP. As such, we respectfully request for this court to grant relief from this cap so that the undersigned attorney may recover the totality of the fees as agreed by the Client.

### III.   CONCLUSION

For the reasons stated above the undersigned respectfully requests of this Court that it grants the relief for the imposed cap of 25% in attorney fees for the above referenced claim so that it may be adequately compensated for the work realized in the pursuit of this claim for over 6 years.

Respectfully Submitted,

Appellant's Counsel,

/s/  Wesley J. Farrell, Esq.

Wesley J. Farrell, Esq. FLBN 71783
*Counsel for the Claimant*
FARRELL & PATEL, ATTORNEYS AT LAW
4300 Biscayne Blvd – Suite 305
Miami, FL 33137
Office: 305-798-4177 /Fax: 305-396-3275

CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Motion has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of March, 2018.

    /s/  Wesley J. Farrell, Esq.

    Wesley J. Farrell, Esq. FLBN 71783
*Counsel for the Claimant*
FARRELL & PATEL, ATTORNEYS AT LAW
4300 Biscayne Blvd – Suite 305
Miami, FL 33137
Office: 305-798-4177 /Fax: 305-396-3275