UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG
"DEEPWATER HORIZON" IN THE GULF
OF MEXICO, ON APRIL 20, 2010  MDL No. 2179

TRANSFER ORDER WITH SIMULTANEOUS
SEPARATION AND REMAND

**Before the Panel:** Plaintiff and various healthcare provider defendants in an action pending in the Eastern District of Tennessee listed on Schedule A (*Bruce*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to the Eastern District of Louisiana for inclusion in MDL No. 2179.[1] Defendant University of Tennessee Medical Center filed a brief in support of vacatur. Responding defendant BP p.l.c. (BP) opposes the motions insofar as they pertain to plaintiff's claims against BP. BP does not object to separation and remand of plaintiff's claims against the other defendants in *Bruce*.

After considering the parties' arguments, we find that plaintiff's claims against BP involve common questions of fact with actions transferred to MDL No. 2179,[2] and that transfer of these claims will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In his brief to the Panel, plaintiff acknowledges that he alleges injury directly stemming from "the resulting massive elemental contamination" of the Gulf of Mexico by the spilled oil from the Deepwater Horizon rig and Corexit, a dispersant used in the spill clean-up efforts. *See* Pl.'s Mot. of Injunction Against Transfer to MDL and Simultaneously Combined Motion to Vacate Conditional Transfer Order to MDL 2179," at 2 (ECF No. 1963).

In opposing transfer, plaintiff argues that he asserts a unique theory of liability and claims requiring individualized proof. But, as we frequently have stated, transfer under Section 1407 does not require a complete identity or even a majority of common factual issues. *E.g.*, *In re: MLR, LLC*

---

[1] Plaintiff is proceeding *pro se*. The moving defendants are Gregory A. Finch, P.A., Stephen Teague, M.D., Mark Rasnake, M.D., University Infectious Disease, Lori Staudenmaier, D.O., UT Family Physicians LaFollette, Campbell County HMA, LLC, Knoxville HMA Physician Management, LLC, Christian Terzian, M.D., and Jeffrey Nitz P.A.

[2] The actions in the MDL have included, *inter alia*, personal injury/wrongful death actions and actions seeking recovery for property damage and other losses arising out of the explosion and fire that destroyed the Deepwater Horizon rig and the resulting oil spill. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on Apr. 20, 2010*, 731 F. Supp. 2d 1352, 1353-55 (J.P.M.L. 2010).

-2-

*Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003). Plaintiff's argument that he would be inconvenienced by transfer also is unavailing, because in deciding issues of transfer under Section 1407, the Panel "look[s] to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."[3] *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

With respect to plaintiff's claims against non-BP defendants, we conclude that separation and remand are warranted. Based on our review of the complaint, these claims are sufficiently distinct such that transfer would not serve Section 1407's purposes. In particular, plaintiff's claims against the various healthcare provider defendants largely appear to concern alleged conduct or events that occurred only recently.

IT IS THEREFORE ORDERED that the *Bruce* action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the claims in *Bruce* against defendants other than BP p.l.c. are simultaneously separated and remanded to the Eastern District of Tennessee.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[3] In the transferor court, plaintiff recently filed a motion for Section 1404 transfer of the action to the Eastern District of Louisiana. *See Bruce v. Great Britain* (E.D. Tenn. Dec. 27, 2017) (ECF No. 85). The filing of this motion casts at least some doubt on plaintiff's contention that he would be inconvenienced by Section 1407 transfer of his clams against BP to that same district.

IN RE: OIL SPILL BY THE OIL RIG
"DEEPWATER HORIZON" IN THE GULF
OF MEXICO, ON APRIL 20, 2010                                        MDL No. 2179

## SCHEDULE A

Eastern District of Tennessee

BRUCE v. GREAT BRITAIN, ET AL., C.A. No. 3:17-00285