

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, April 20, 2010 In regards to: Shane Maddox Bruce V Great Britain, BP plc, Sir John Sawers CDC, NIH, AMA, Secretary of Defense Centers of Poison Control, UT MEDICAL CENTER, et al. | MDL 2179 JUDGE BARBIER   Ref: 18cv2626   J(2) |

Ref: 18cv2626   J(2)

### Motion to Join Defendants

My motion is to keep the defendants grouped together, the reasons multitudinous, to join all the defendants of my complaint into a single venue as is reasonable and efficacious. The defendants are involved in a common scheme and conspiracy, to hide that heavy metal elements which are contaminating us. BPs' chemical attack by subterfuge which introduced the toxins and the subsequent extension subterfuge of the medical associations and practitioners to hide the toxins causing so many health problems and profiteering off the misdiagnoses and failure to treat, both espousing the same 'conspiracy' [saying as if with one breath] to defraud and harm, a conspiracy so improbably wrong in its facts that it must be collusion, the same 'transaction'.

Motion is made by FRCP Rules 20 and 19, and though I don't have proper access to cases of the past to review to see if the cases material is completely appropriate in context to my action and motion: Integration exists, and aggregation is appropriate where the harm is a product of combination or **conspiracy** between the **defendants**. Peacock. 1998 WL 111738 at *2 FN2; [14-16] Under Pennsylvania law, parties are deemed joint actors when their actions build upon one another to produce an indivisible injury and that **conspiracy** is a single thing **inseverable** in O'Connel v Case. The resulting tortious interference and harm being a conspiracy against Civil and Constitutional Rights while engaging in illegal and liable activities.

Besides myself, I'm also representing the U.S. by the FCA (Fraudulent Claims Act) and as Pro Per, I object to the constant miswording and misrepresentation in replies and decisions. The misrepresentation was wrongly heeded when absurd re-compared with

my filings. Their flanking harassing tactics in the racketeering small common law courts where the defendants TN health care providers have attempted to censor the information pertaining to the source of elemental toxins. Harassing tactics which have caused pain and suffering and even wrongful death to my family once those healthcare defendants discovered there was a relative of mine in their care. The individual healthcare defendant's conduct connects them to the BP defendant in a meaningful way, at their own behest and by their own misconduct in and out of the courts, that they are then meaningfully connected to MDL forum is that of the Eastern District of Louisiana connects them to this District Court in New Orleans.

But as any of the defendants have yet to accuse any others for their liabilities or even proclaimed their innocence in any way, they've displayed no basis for any severing or separation, filing so only because of BP's motion to be transferred to the MDL on its own, which is not a valid reason for severing or separation. Nor have the defendants objected to the jurisdiction of the Eastern Louisiana District Court other than irrelevant objections to the jurisdiction of the United States District Courts as a whole of which they are already made defendants of.

Besides the jointly and severally liable actions of the defendants before the filing of the actions and their being summoned, the lawyers of the doctors local to LaFollette and UT Medical centers which by all appearances are acting as unregistered British agents in attempts to obstruct new information within the U.S. Courts themselves. Even the malfeasance cannot be separated from fraudulent doctors of Tennessee to the masterminded plot to rain heavy metal down on the South Eastern United States, only the joint and several liabilities can be applied in such cases, conspiracies to harm transactionally extended; the denying of healthcare of antitoxins, chemical purging and antidotes then becoming as harmful as introduced poisons and beyond some reasonable doubt collusions of both.

Such defendants as the individual physician committing fraud on the healthcare system by BP's misinformation and subsequently attempting to censor the source of new information, they must be brought to trial cohesively as a whole before a jury. Each participant in the conspiracies of frauds and intentional torts compounding the next in what has become a nearly seamless conspiracy. All the defendants must be questioned together serially to let a jury and court assign percentages of fault, and the liabilities of those defendants together are a greater liability than any one. The

individual practitioners of medical fraud which have intractably intwined themselves into conspiracy of, obviously joint and severally liable which any jury must agree.

While the order (doc 1980) to the MDL says to separate the non-BP defendants, it doesn't even specify which defendants are "BP" and which aren't BP. Included are BP's sponsoring country Great Britain and Sir John Sawers the ex-head of MI6 at the time of the DeepWater Horizon explosion, which currently serves as BP's Chairman of Ethics and Environmental Committee after retiring from MI6. BP defendants which the MDL Order which completed failed to justly consider any aspect of the complaint needing a jury to determine the culpability of the defendants, all the defendants, not merely the convenience of BP rejecting any precedence from the MDL.

The separation of the defendants impinging the integrity of the complaint is already reason enough for an Appeal. Given the several unaddressed and valid legal questions, upon Appeal, it is sure to go to the Supreme Court once the appellate process begins and may put all the previous cases of the MDL into question, which may be appropriate, especially in the light of my complaint and the objectional decision by the MDL Panel.

The conspiring defendants of corporation and organization, such as the American Medical Association and American Association of Poison Control Centers are easy enough to transfer being National organizations and their collusion nearly omnipresent. BP Plc must also be joined to Great Britain and Sir John Sawers, where the sovereignty is limited by their terroristic and criminal actions against the people of the United States as is their subsequent tortious interference. New information to this Court already the most invested in other knowledge related to this case.

**OTHER CONSIDERATIONS FOR THE COURT TO BE COGNIZANT OF**

There has been an Entry of Default regarding the U.S. Agencies; Secretary of Defense, Center of Disease Control, and National Institute of Health who are traditionally, Constitutionally and by U.S. Code responsible for a maintaining response when foreign and criminal acts impinge upon the U.S. Population and those acts which constituting terror against U.S. Citizens and wide-spread health catastrophes involving chemical/biological agents. They never responded in any way, which I must admit is the one point I am yet curious about. Perhaps they agree with my complaint chose to default rather than defending.

An entry of default has also been entered against BP plc as they've failed to appear or act to defend in the Eastern Tennessee venue. The decisions of default simply have to be completed there or in this venue, but not lost in the orders of transfer. The other BP

defendants, Great Britain and Sir Sawers have yet to answer. The international summons processes as initiated by U.S. Marshals still being served within Great Britain with different time requirements.

Though at this point, BP plc might be considered in default, but will likely be indicated by the AMA as the source of misinformation after the malfeasant medical practitioners indicate the AMA as the interfering tortfeasor at fault for their malpractice despite their obvious collusion, enough that any jury can convince collusion, conspiracy, and tortious interference.

## MY REQUEST

By Rule 19 and 20 the questions of law and facts common are of the defendants of my complaint, not so among the diverse plaintiffs of the MDL. The I'm asking that the with the joining of all the defendants from my complaint, or as incorporating options from **Motion for Change of Venue**. The two and three 'BP' defendants and the healthcare defendants both individual and those associations to this Eastern District of Louisiana United States Court which is more invested in knowledge of the BP incident, but that the venue be changed and assigned a unique case number to jury in this Eastern District of Louisiana, effectively a change of venue of my complaint to this court from the Eastern District of Tennessee, but changed from the MDL panel whose process has failed to even consider the fundamental necessities in making actions against conspiracies. As a supporting document, I include by reference my **Amended Complaint** which is filed simultaneously.

*[signature: Shane Maddox Bruce]*

Shane Maddox Bruce
313 W. Prospect St.
LaFollette, TN 37766

*Certificate of Sending:* I hereby certify that on or by the 26th of December 2017, a true and exact copy of the Above Document has been sent by First Class Mail to 8 (Eight) parties indicated:

| The Honorable Carl J. Barbier<br>Ben Allums, Law Clerk<br>500 Poydras Street, Room C-256<br>New Orleans, LA 70130 | Robert Scott Durham<br>London & Amburn P.C.<br>607 Market Street, Suite 900<br>Knoxville, TN 37901 | Langan, Regan & Ritter<br>Kirkland & Ellis LLP<br>300 North LaSalle St<br>Chicago, IL 60654 |
|---|---|---|

4

| Stephen C. Daves<br>O'Neil, Parker & Williamson<br>7610 Gleason Drive, # 200<br>Knoxville, TN 37919 | White & Bond<br>Hodges, Doughty & Carson<br>617 West Main Street<br>P.O. Box 869<br>Knoxville, TN 37901-0869 | Sneed, Robinson & Forsythe<br>Cornelius & Collins, LLP<br>1500 Nashville City Center<br>511 Union Street<br>Nashville, TN 37219 |
|---|---|---|
| Steven Parman<br>Watkins &McNeilly PLLC<br>214 2nd Avenue North, Suite 300<br>Nashville, TN 37201 | Clarence J Gideon<br>Gideon, Cooper & Essary<br>315 Deaderick Street #1100<br>Nashville, TN 37238 | |



Shane Maddox Bruce
313 W. Prospect St
La Follette TN 37766

The Honorable Carl J. Barbier
Ben Allum Lin Clerk
500 Poydras St, Room C-256
New Orleans, LA 70130



RECEIVED
MAR 12 2018
CHAMBERS OF
U.S. DISTRICT JUDGE
CARL J. BARBIER