IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| This document relates to: | * * | |
| No. 12-970, Bon Secour Fisheries, Inc., et al., v. BP Exploration & Production Inc. et al. | * * * * | Honorable CARL J. BARBIER |
| -and- | * * | Magistrate Judge WILKINSON |
| No. 17 -16366, BP Exploration & Production, Inc. et al v. Claimant ID 100250623; Claim No. 241643 | * * * | |

**REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO SET SUPERSEDEAS BOND AMOUNT**

NOW INTO COURT, through undersigned counsel, comes Claimant ID 100250623 ("Claimant"), who, submits this reply memorandum in further support of its motion and in response to the opposition memorandum filed by Defendants, BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively "BP"). BP fought for and won the right to appeal individual claims to the Fifth Circuit by arguing that the Federal Rules of Civil Procedure applied, and BP should not be able to now disregard other procedural rules applicable to the appellate process. As more fully stated herein, the equivalent of a final appealable monetary judgment exists, the Rules of Federal Procedure therefore apply, and the Court should require either enforcement of the judgment or payment by BP of a Supersedeas Bond.

1

### A. The Denial of Discretionary Review should be treated as a final appealable money judgment.

BP wants the Federal Rules of Civil Procedure to apply *only* when it suits BP's present position. In its Opposition, BP essentially argues that a final, appealable judgment does not exist, such that the Federal Rules of Procedure governing the requirement of bonds should not apply. BP conveniently forgets that it was BP who argued to the Fifth Circuit in prior briefing that this Court should be required to docket the denial of discretionary review pursuant to Federal Rule of Civil Procedure 79 so that it could be afforded a right to appeal individual claim calculations. *In re Deepwater Horizon*, 785 F.3d 986, 990 (5th Cir. 2015). The Fifth Circuit ultimately determined that the parties should have that right since it was not expressly waived in the Settlement Agreement. *Id*. at 995. Thereafter, this Court has docketed those denials to create a final appealable judgment pursuant to Rule 79. Ironically, BP now claims that "no one suggests that there has been a final decision with regard to these Movants."[1] Claimant's understanding is exactly that –that the denial for discretionary review is a final decision with regard to this Claimant's award, and as such, the Court should require that the award be paid in accordance with the payment procedures set forth in the Settlement Agreement.[2] Alternatively, if BP wishes to suspend the enforcement of the award while pursuing an appeal, this Court should require that BP post a bond pursuant to Federal Rule 62.

### B. The Federal Rules of Civil Procedure governing bonds and interest should be applied.

As the Fifth Circuit has recognized, the Settlement Agreement is silent on whether there is a right to appeal from the District Court's decisions on individual claims to the Fifth Circuit. *Id*. at

---

[1] *See* BP's Opposition, at p. 5. BP should be judicially estopped from arguing that the Rules of Federal Procedure do not apply to it when this argument is directly contrary to its prior arguments to this Court and to the Fifth Circuit.
[2] Contrary to BP's argument, the appeal from the denial of discretionary review is not a collateral order appeal but instead an appeal from a single final judgment.

2

995-997. As such, the Settlement Agreement obviously does not contemplate a procedure for such appeals and is therefore silent on issues such as interest and bonds related to said appeals. BP's argument that the parties to the Settlement Agreement waived the requirement to post a bond is therefore incorrect, as the issue quite clearly was never contemplated.[3] Moreover, BP's assertion in its brief that "the ordinary Rules of Civil Procedure do not apply" is directly contradicted by the rules established by this Court that govern claim appeals. Rule 41 of the Rules Governing Discretionary Review, Effective December 8, 2015, states:

> **Rule 41. Applicability of Civil and Appellate Rules of Procedure.** All other applicable rules under the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure as well as applicable Local Rules and relevant case law shall apply to any appeals from any ruling on Request for Discretionary Court Review.

*See* Rec. Doc. 15643-1. Accordingly, if the Settlement Agreement is silent as to an issue regarding an appeal of a claim, then the Federal Rules of Civil and Appellate Procedure should apply, requiring the enforcement of the judgment or, alternatively, the posting of a bond and the payment of post-judgment interest in accordance with those Rules that are set forth in Claimant's original memorandum.

### C. The court should not waive the bond requirement.

BP's final argument is that even if the federal procedural rules do apply, this Court should use its discretion by waiving the bond requirement because there is no risk of non-payment. First, despite how solvent BP and its guarantors are currently, BP cannot guarantee against bankruptcy, another colossal disaster, or any other number of events that could change BP's financial landscape. Second, and regardless of its solvency, the Court should not waive the bond requirement

---

[3] Ironically, BP for the purposes of the issues presently before the Court, argues that the Settlement Agreement is be be-all, end-all with regard to rules governing appeals, when for other purposes BP has for years attempted to dismantle, alter and augment the Agreement.

because doing so would unfairly punish the claimants and reward BP by delaying payment on claims that have been fully processed through the Settlement Program. It is no secret that BP has taken the strategy of appealing large awards while paying similarly-calculated small awards (and thereby waiving the same arguments for the small claims). The reason is clear – an appeal to the Fifth Circuit further delays the payment of large claims with no consequences to BP. Consequently, the Court should require the posting of a bond and payment of post-judgment interest for the same reasons that these procedural rules apply to all other appeals of monetary judgments - to preserve the status quo while protecting the non-appealing party's rights pending appeal.

These procedural rules protecting the claimant's rights pending this appeal are especially important in this case given the unlikelihood of BP's success on appeal. As the Court is aware, this claim has already undergone exhaustive review for years within the Settlement Program's appeals process, and this Court declined to exercise its discretion to further review the claim, despite BP's extensive briefing on the purported appellate issues. Undersigned counsel is unaware of a single instance in which the District Court's denial for discretionary review of an individual claim calculation has been overturned or remanded for further consideration under the "abuse of discretion" standard on appeal to the Fifth Circuit. The frivolous nature of this appeal is evident on its face, and BP's reasons for only appealing large-sum awards is obvious -  to further delay the payment of such awards for as long as possible.[4] It is for this very reason that the Rules of Federal and Appellate Procedure are in place and why they should apply to protect the rights of Claimant while the appeal is pending.

---

[4] *See also* Federal Rule of Appellate Procedure 38 regarding sanctions available for filing frivolous appeals.

For the foregoing reasons and those stated in Claimant's original memorandum, Claimant ID 100250623 requests that this court either require enforcement of the judgment and prompt payment of the claim or exercise its discretion under Rule 62 and Local Rule 62.2 and require BP to post a Supersedeas Bond in the amount of $59,445,281.66 (the amount of the Post-Appeal Eligibility Notice plus 20%).

Respectfully submitted,

*s/Donald Foret*
DONALD FORET, BAR NO. 05701
3500 N. Causeway Blvd., Suite 185
Metairie, LA 70002
Telephone:  (504) 828-1315
Facsimile:   (504) 828-1379

and

**HUBER, SLACK, THOMAS & MARCELLE, LLP**

*s/Stephen M. Huber*
STEPHEN M. HUBER, BAR NO. 24463
CHARLES M. THOMAS, BAR NO. 31989
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone: (504) 274-2500
Facsimile: (504) 910-0838

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/Donald Foret*

5