IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § § § | MDL NO. 2179 |
| | § | SECTION J |
| This document relates to: Nos. 12-970, 17-16241, 17-17789, 17-16248, 17-16266, 17-16245, and 17-17790 | § § § § § § | District Judge CARL J. BARBIER |
| | § | Magistrate Judge WILKINSON |

**CLAIMANTS' REPLY IN SUPPORT OF MOTIONS TO
REQUIRE IMMEDIATE PAYMENT ETC.**

### Introduction

BP opposes the motions on three grounds: 1) there is nothing to stay; 2) the Settlement Agreement excuses any bond requirement; and 3) BP is too big to fail so no bond is required. Arguments one and two rest on an erroneous and indeed revisionist history of the appeals process. Argument three is premature, ignores the magnitude of BP's liability, and leaves claimants with zero assurance their already approved claims will eventually be paid at all.

Before addressing BP's arguments, a review of the procedural history of the appeal process is warranted. The initial rules did not contemplate any avenue to appeal an individual claim award beyond discretionary review. Once BP resolved to no longer support the settlement, BP challenged the appeal rules. In its 2013 appeal to the Fifth Circuit, No. 13-30843, BP complained that this Court was not following FRCP 79 by failing to docket its requests for discretionary review so as to enable BP to appeal individual claim awards. (It should not be lost on the Court that BP now argues the

polar opposite – that the Federal Rules of Civil Procedure do not apply and that the subject appeals are predicated on collateral-order jurisdiction.)

Class counsel argued in Case No. 13-30843 that appeals to the Fifth Circuit were not contemplated by the Settlement Agreement. BP prevailed, however, and the Fifth Circuit ordered this Court to docket individual requests for discretionary review so that "further review" of each claim was possible. *In re Deepwater Horizon*, 785 F.3d 986, 997 (5th Cir. 2015). In accord with the mandate, this Court modified the appeal rules so that each request for discretionary review is docketed with its own civil action case number. See *Rules Governing Discretionary Review of Appeal Determinations* Doc. 14812-1.

## The Final Orders Are Operative Absent a Stay

BP argues that the final orders issued by the Court following discretionary review are not judgments for a specific amount. This argument ignores the language carefully employed by this Court in each such final order. The argument also ignores FRCP 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

BP erroneously argues that only money judgments require the posting of a bond or other security to suspend their operation on appeal. FRCP 62(c), governing stays of final judgments, provides the procedure to be followed by a litigant desiring to suspend the operation of a final judgment while it pursues an appeal. BP dismisses the requirements of Rule 62 by merely asserting that denial of discretionary review is not a money judgment or an injunction. However, the final order on discretionary review is a final directive to the Administrator to pay the award and plainly meets the definition of judgment set forth in Rule 54(a). Whether viewed as a money judgment or an injunctive order requiring payment by the Administrator, absent action by BP to suspend the final

2

order, the final order is operative notwithstanding any appeal by BP.[1]

Compliance with injunctive orders is no less mandatory than payment of money judgments. For centuries, courts have possessed the inherent power to enforce their lawful orders. *Scott v. Hunt Oil Co.,* 398 F.2d 810, 811 (5th Cir. 1968). Inherent enforcement authority in federal district courts includes the authority to supplement or modify an injunctive order to prevent it "from being rendered meaningless by the failure of one of the parties to fulfill its obligations." *Larken Minnesota, Inc. v. Wray*, 881 F. Supp. 1413, 1419 (D. Minn. 1995), *aff'd*, 89 F.3d 841 (8th Cir. 1996). Hence, this Court has plenary authority to issue the orders for immediate payment sought by the movants.

## Judicial Estoppel

BP argues the requirements of the Federal Rules of Civil Procedure for suspension of final orders pending appeal do not apply to it. However, such an argument is directly contrary to the successful argument BP made to the Fifth Circuit in obtaining the right to file appeals of individual claim awards.[2] There BP argued: "BP argues that the district court's failure to provide for the docketing of its orders regarding requests for review jeopardizes the right to appeal to this court and violates FRCP 79, which provides for the maintenance of a civil docket by the clerk. See

---

[1] In the absence of a stay, a judgment may be executed upon during the pendency of an appeal. 2A *Fed. Proc., L. Ed.* § 3:647, *Need for Stay or Injunction*. Likewise, "[a]n order for an injunction is immediately effective unless stayed ...." *Id*.

[2] "Judicial estoppel 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (internal quotation marks omitted). Judicial estoppel requires that "the position of the party to be estopped is clearly inconsistent with its previous one; and [second,] that party must have convinced the court to accept that previous position." *Id.* BP is judicially estopped from arguing the Federal Rules of Civil Procedure do not apply to the instant motions.

FED.R.CIV.P. 79." *In re Deepwater* Horizon, 785 F.3d at 997-98.[3]

BP's argument that payment of the claims is not appropriate during the pendency of its collateral-order-doctrine appeals fails. The appeals by BP from the denial of discretionary review of the individual claim awards are not collateral-order appeals. The subject appeals are from final orders which were entered in discrete civil actions just as BP requested in its 2013 appeal. BP's notices of appeal themselves indicate that each appeal is from the judgment entered in each case as to each claimant, not from an interlocutory ruling in the MDL proceedings.

The fact the ministerial act of paying the claim award is performed by the Administrator does not change the analysis.[4] Like any other litigant, in order to suspend the operation of these final orders, BP must seek and obtain a stay. Absent such a stay, the Administrator is bound to comply with the Court's final order and pay the respective amount of each award to each of the various claimants.

**The Settlement Agreement is Silent On the Bond Requirement**

Though BP argues the Settlement Agreement excuses any bond requirement, it cites to no specific provision in the Agreement supporting its position. The Parties agreed, under Section 6.6 of the Settlement Agreement, that the Court would maintain the discretionary right to review a Settlement Program Appeal determination, with the "Court" specifically defined by the Parties as "the United States District Court for the Eastern District of Louisiana, Judge Carl Barbier, presiding." Settlement Agreement §38.40. The parties carefully and deliberately negotiated the

---

[3] BP's argument that the rules do not apply is also directly contradicted by Rule 41 of the Revised Rules cited above which specifically state the Federal Rules of Civil Procedure apply.

[4] FRCP 71 provides that the procedure for enforcing an order against a non-party is the same as enforcing an order against a party.

*Settlement Agreement.* The Agreement does not ever mention or even suggest that BP is not obligated to comply with the Federal Rules of Civil Procedure.

The fact that BP won the right to seek federal appellate review of individual claim awards does not mean it is now altogether exempt from complying with applicable rules when it appeals.

**BP Has Not Sought a Stay And Should Not Be Excused From Posting Security**

First, BP has not sought a stay and it is premature to determine the amount or nature of the security it should post to obtain a stay.

Second, in order to obtain a stay without the posting of security, BP has the burden to objectively show why no bond would be required. *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).[5] BP's submission only shows it has paid its settlement obligations to date. It provides nothing to support the conclusion that there is no risk it can pay these and other future claim awards when its aggregate liability is considered. Finally, BP provides nothing more than a single declarant's unsubstantiated belief that it will be able to respond to any judgments in the future. That declaration is a far cry from "a financially secure plan for maintaining that same degree of solvency during the period of an appeal" as required by *Poplar Grove*.

>Respectfully submitted,
>
> */s/ Steven L. Nicholas*
> Steven L. Nicholas
> Allison W. Smalley

---

[5] As this Court ruled in *Nola Spice Designs, LLC v. Haydel Enterprises*, No. CIV.A. 12-2515, 2013 WL 6096361, at *2 (E.D. La. Nov. 20, 2013), a party must make an extraordinary showing to persuade the court "to depart from the usual requirement that the judgment debtor post a supersedeas bond to obtain a stay of the enforcement of the judgment."

5

        CUNNINGHAM BOUNDS, LLC
        1601 Dauphin Street
        Mobile, Alabama    36604
        (251) 471-6191         Telephone
        (251) 479-1031         Facsimile
        sln@cunninghambounds.com
        aws@cunninghambounds.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 16th day of March, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record. I further certify that, on the same day, I mailed, faxed, or e-mailed the foregoing document and notice of electronic filing to all attorney(s) of record who are non-CM/ECF participants.

          /s/  Steven L. Nicholas
          Steven L. Nicholas