# Non-Qualified Assignment and Release Agreement

**"Claimant(s)":**  Claimant(s)

**"Assignor":**     Deepwater Horizon Economic and Property Damages Settlement Trustt

**"Settlement Agreement":**  Deepwater Horizon Settlement Release and Covenant Not to Sue

**"Assignee":**     MetLife Assignment Company, Inc.

**"Annuity Issuer":**  Metropolitan Tower Life Insurance Company

**"Effective Date":**  Date

**This Non-Qualified Assignment and Release Agreement** is made and entered into as of the Effective Date by and among the undersigned parties with reference to the following fact:

> Claimant(s) and Assignor are parties to or are otherwise subject to or entitled to receive payments under the above-referenced Settlement Agreement, under which Assignor has liability to make certain periodic payments to or for the benefit of Claimant(s) as specified or referred to in paragraph 11 of this Agreement (the "Periodic Payments")

**Now, therefore,** in consideration of the foregoing and for other good and valuable consideration, the parties agree as follows:

1. **Assignment and Assumption; Release of Assignor**. Assignor hereby assigns to Assignee, and Assignee hereby accepts and assumes, all of Assignor's liability to make the Periodic Payments described in Paragraph 11. Each Claimant hereby accepts and consents to such assignment by Assignor and assumption by Assignee. Effective on the Effective Date, each Claimant hereby releases and discharges Assignor from all liability to make the Periodic Payments.

2. **Extent of Assignee's Liability**. Assignee's liability to make the Periodic Payments shall be no greater than the liability of Assignor immediately prior to the Effective Date. Assignee assumes no liability other than the liability to make the Periodic Payments described in Paragraph 11. Assignee's liability to make the Periodic Payments shall be unaffected by any bankruptcy or insolvency of Assignor.

3. **Funding Asset**. Assignee will fund the Periodic Payments by purchasing from Annuity Issuer a "qualified funding asset," as provided for in Section 72(u)(3)(C) of the Code, in the form of an annuity contract (the "Annuity") issued by Annuity Issuer and providing for payments corresponding to the Periodic Payments. Assignee shall be designated as the owner of the Annuity. All rights of legal ownership and control of the Annuity shall (subject to paragraph 8 of this Agreement) be and remain vested exclusively in Assignee; provided, however, that the Annuity shall be used by Assignee to fund the Periodic Payments and shall at all times be designated by Assignee on its records as being taken into account with respect to this Agreement.  Notwithstanding anything to the contrary contained in this Agreement, neither any Claimant nor any Successor Payee shall have any rights with respect to the Annuity or the payments thereunder that would cause any amount attributable to the Annuity to be currently includible in the recipient's income or would otherwise affect the determination of when any recipient is treated as having received any payment for income tax purposes, or would otherwise prevent  the Annuity from satisfying all of the satisfying all of the requirements of Section 72(u)(3)(C) of the Code.

4. **Delivery of Payments**. Assignee may have Annuity Issuer send payments directly to a Claimant, or, if applicable, to a Successor Payee (as defined in paragraph 7 of this Agreement), or deliver payments by electronic funds transfer to a depository institution in the United States for credit (directly or indirectly) to an insured account in the name of such Claimant or Successor Payee. Such direction of payments under the Annuity shall not be deemed to afford the Claimant or any Successor Payee any rights of ownership or control of the Annuity. Each Claimant and any Successor Payee shall at all times keep Annuity Issuer apprised of such Claimant's or Successor Payee's current street address and telephone number and, if such Claimant or Successor Payee receives payments by electronic funds transfer, the name, address, bank identifier number (BIN) and telephone number of the applicable depository institution and the account number of the account to which the payments are to be credited.

5. **Discharge of Liability**. The Assignee's liability to make each Periodic Payment to the Claimant or Successor Payee designated to receive such payment shall be discharged automatically at such time as a corresponding payment is made to such Claimant or Successor Payee by the Annuity Issuer.

6. **Acceleration, Transfer of Payment Rights**. None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be

    i.  Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

    ii. Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly.

7. **Beneficiaries**. Any Periodic Payments to be made after the death of any Claimant or Successor Payee shall be made to such party as shall have been designated in, or in accordance with, the Settlement Agreement or, if the Settlement Agreement does not provide for such designation, then to the party designated in conformity with this paragraph 7.  Any party so designated is referred to in this Agreement as a "Beneficiary."  If no Beneficiary is living at the time of the death of a Claimant or Successor Payee, payment shall be made to the decedent's estate.  As used in this agreement the term "Successor Payee" refers to a Beneficiary or an estate that has become entitled to receive Periodic Payments following the death of a Claimant or a Successor Payee. Except as otherwise provided in the Settlement Agreement, no designation or change of designation of a Beneficiary shall be effective unless such change (i) is requested in a written request submitted to Assignee (or its authorized agent) in accordance with Assignee's customary procedures for processing such requests; and (ii) is confirmed by Assignee (or its authorized agent).  Except for a designation that is expressly identified in the Settlement Agreement as irrevocable, any designation of a Beneficiary shall be deemed to be revocable; and no party that is designated as a Beneficiary (other than a party irrevocably designated as a  Beneficiary in the Settlement Agreement) shall, solely by virtue of its designation as a  Beneficiary, be deemed to have any cognizable interest in any Periodic Payments.

8. **Invalidity of Settlement Agreement.**  If at any time prior to completion of the Periodic Payments, the Settlement Agreement is declared terminated in a final, non-appealable order of a court of competent jurisdiction (or in the case of a workers' compensation settlement, a final order of the applicable workers' compensation authority): (i) the assignment by Assignor to Assignee of the liability to make the Periodic Payments, Assignee's acceptance of such assignment and the release by Claimant(s) of Assignor's liability shall be of no force or effect; (ii) Assignee shall be conclusively deemed to be acting as the agent of Assignor; (iii)  the Annuity shall be  owned by Assignor, which shall retain the liability to make the Periodic Payments; (iv) Assignee shall have no liability to make any Periodic Payments; and (v) the parties hereto agree to cooperate in taking such actions as may be necessary or appropriate to implement the foregoing.

9. **Governing Law; Disclosure of Certain Tax Information; Binding Effect**.

    i. This Agreement shall be governed by and interpreted in accordance with the internal laws of the State of DE;

    ii. This Agreement shall be binding upon the parties hereto and their respective successors, heirs, executors, administrators and permitted assigns, including without limitation any party asserting an interest in Payment Rights.

10. **Advice, Comprehension of Agreement**. In entering into this Agreement, each Claimant represents and warrants that (i) such Claimant has relied solely upon the legal and tax advice of such Claimant's own attorneys and other advisors, who are the attorneys and advisors of such Claimant's choice, concerning the legal and income tax consequences of this Agreement; and (ii) the terms of this Agreement have been completely read by and explained to such Claimant and are fully understood and voluntarily accepted by such Claimant.

11. **Description of Periodic Payments.** The Periodic Payments are as set forth immediately below or (if not set forth below) as set forth in attached **Addendum No. 1**, which is hereby incorporated in and made a part of this Agreement.

**Description of Periodic Payments:**

Description of Periodic Payments

**This Non-Qualified Assignment and Release Agreement** is signed in one or more counterparts as of the Effective Date by the following:

**Assignor:** Deepwater Horizon Economic and Property Damages Settlement Trustt

**Assignee:** MetLife Assignment Company, Inc.

By: _____
  Authorized Representative

By: _____
  Authorized Representative

Title:  Title

Title: _____

*Approved as to Form and Content:*

**Claimant(s):** _____

_____
  Claimant's Attorney

_____

_____
  Claimant's Attorney

# Addendum No. 1
# Description of Periodic Payments

Description of Periodic Payments

**Initials**

**Assignor**: _____

**Assignee:** _____

**Claimant(s):** _____

**Claimant Attorney:** _____
_____

4