UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL No. 2179 SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: 12-968 BELO and *Nos. 17-4686, 17-12075, 17-12017, 17-12018* | * * * | MAG. JUDGE WILKINSON |

## ORDER

Before the Court is Bobby Lynn Bradberry Jr., James Wilford Bradford, IV, Walter Dario Castro, and Jason Colton's (collectively, "Movants") Motion to Amend or Modify BELO Cases Initial Proceedings Case Management Order. (Rec. Doc. 23880)  The Court has reviewed the motion and finds it is without merit.  Accordingly, the Court does not require a response from BP, denies Movants' request for oral argument, and denies the motion for the reasons briefly stated below.

This Order presumes the reader's familiarity with the Medical Benefits Class Action Settlement Agreement.  ("MSA," Rec. Doc. 6427-1)  Movants each filed a Back-End Litigation Option ("BELO") lawsuit for injuries allegedly resulting from exposure to dispersant and/or oil. Movants request four amendments to the BELO Cases Initial Proceedings Case Management Order (Rec. Doc. 14099):

(1) that the Court exempt Movants from paying the $400 fee that is typically required when filing a civil action;

(2) that the Court acknowledge that certain of its prior orders (Rec. Docs. 13179, 13733) effectively created two categories of BELO claims, which Movants denominate "Cancer BELO" and "B1 BELO";[1]

(3) that the Court rule that different standards of proof apply to "Cancer BELO" and "B1 BELO" claims—specifically, that plaintiffs who assert "B1 BELO" claims need only meet the proof requirements set forth in the Specified Physical Conditions ("SPC") Matrix (MSA, Ex. 8) and that § VIII.G.3 of the MSA, identifying "Issues to be Litigated," applies only to "Cancer BELO" claims; and

(4) that the Court rule that the filing of a "B1 BELO" claim does not preclude the subsequent filing of a "Cancer BELO" claim.

The Court addresses Movants' second and third requests first. On two occasions in 2014 this Court affirmed the Claims Administrator's interpretation of the MSA that physical conditions that are first diagnosed after April 16, 2012 are "Later-Manifest Physical Conditions" ("LMPCs") and not SPCs, regardless of the date the condition manifested. (Rec. Docs. 13179, 13733)  The Court further explained that compensation for LMPCs is not available under the SPC Matrix; rather, LMPC claims must be pursued under the MSA's BELO provisions. (Rec. Doc. 13733 at 4-5; *see also* MSA §§ II.H., II.J)  Section VIII of the MSA governs BELO lawsuits, not the SPC Matrix. (*See* MSA §§ VIII.B.1, VIII.C.2, VIII.G.1.a)  Because Movants assert LMPC claims, they

---

[1] Movants describe "Cancer BELO" as "plaintiffs for whom the BELO lawsuit for LMPC [Later-Manifested Physical Conditions] was originally intended due to the latency period for cancer, and other diseases and disorders which would not have manifested within 24-72 hours after exposure as required for recovery under the [Specified Physical Conditions] Matrix." Movants describe "B1 BELO" as plaintiffs "who are non-Cancer plaintiffs with chronic SPCs [Specified Physical Conditions] that manifested within 24-72 hours of exposure as required under the Matrix, but who were denied recovery under the Matrix because they were diagnosed after April 16, 2012." (Rec. Doc. 23880-1 at 19).

2

are subject to the MSA's BELO provisions, including § VIII.G.3 ("Issues to be Litigated"). The proof requirements found in the SPC Matrix do not apply to Movants' BELO lawsuits. Accordingly, Movants' second and third requests are denied.

As to Movants' first request, this Court has previously explained that "[t]he BELO lawsuit is essentially a new action, separate from the class action." (Rec. Doc. 14479 at 3). The Court also noted that "the BELO plaintiff is otherwise in control of her own lawsuit; Class Counsel and the class representatives do not litigate a BELO claim on behalf of a BELO plaintiff." (*Id.*) Indeed, the MSA defines a "BELO Lawsuit" as "that *lawsuit* brought by a [class member] . . . for a [LMPC]," and the MSA requires that it "be filed" in this Court. (MSA §§ II.J, VIII.G.1.c) Therefore, payment of the filing fee is proper. Movants' first request is denied.

As to Movants' fourth request, the Court will consider such issues when they actually arise and on a case-by-case basis.

For these reasons,

IT IS ORDERED that the Motion to Amend or Modify BELO Cases Initial Proceedings Case Management Order (Rec. Doc. 23880) is denied.

New Orleans, Louisiana, this 16 day of March, 2018.

_____
United States District Judge