## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | **MDL No. 2179** |
| | | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
| ***All Cases in the B1 Pleading Bundle*** | * | **MAG. JUDGE WILKINSON** |

<u>**ORDER**</u>
**[As to the Remaining Cases in the B1 Pleading Bundle Following PTO 60, PTO 64, and the Moratorium Hold Opt-Out Order]**

### A. The PTO 60 Process (Background)

Early in this multidistrict litigation the Court established eight separate "pleading bundles" for different categories of claims. (Pretrial Order 11, Rec. Doc. 569). The "B1" bundle included claims for non-governmental economic loss and property damages by private individuals and businesses, and it was pled pursuant to a "B1" Bundle Master Complaint. (Rec. Doc. 879, *amended* Rec. Doc. 1128). On March 29, 2016, the Court issued Pretrial Order 60 ("PTO 60"), which dismissed the B1 Master Complaint and required that all B1 plaintiffs who had timely filed a claim in the B1 bundle and who had not released their claims to file and serve a three-page sworn statement ("Sworn Statement") regarding the status of his/her/its claim. PTO 60 also required that any B1 plaintiff who had previously filed only a short form joinder and/or a "mass joinder" lawsuit (one joined by one or more other plaintiffs) to file an individual complaint. The deadline to comply with PTO 60 was May 2, 2016, later extended to May 16, 2016.

On June 7, 2016, the Court issued an Order to Show Cause Regarding Compliance with PTO 60 ("Show Cause Order," Rec. Doc. 18724) which identified thousands of plaintiffs that BP

in good faith believed made submissions in response to PTO 60 that complied with the requirements of PTO 60. The Show Cause Order also listed plaintiffs who made submissions in response to PTO 60 that BP believed were materially deficient. Those who were not deemed compliant with PTO 60 were required to show cause in writing why their B1 claims should not be dismissed with prejudice. On July 14, 2016, the Court issued an Order Re: Compliance with PTO 60. ("Compliance Order," Rec. Doc. 20996). The Compliance Order identified approximately 962 B1 plaintiffs who had complied with PTO 60 and had not yet resolved their claims against BP. On December 16, 2016, the Court issued the "PTO 60 Reconciliation Order," which deemed an additional 57 B1 plaintiffs as compliant with PTO 60. (Rec. Doc. 22003).

**B. PTO 64 and the Moratoria Hold Opt-Out Order**

On February 22, 2017, the Court issued Pretrial Order No. 64/Case Management Order No. 6 ("PTO 64," Rec. Doc. 22297), one of the goals of which was to identify those "Remaining B1 Plaintiffs"[1] who could plausibly allege a claim under general maritime law.[2] To this end, PTO 64 required that each Remaining B1 Plaintiff who wished to pursue a general maritime law claim must complete and serve upon BP's counsel and the Plaintiffs' Steering Committee ("PSC") by April 5, 2017 a "Sworn Statement Regarding General Maritime Law Claims." If a Remaining B1 Plaintiff failed to comply with PTO 64, then that plaintiff's general maritime law claim(s) would be deemed waived and "any such general maritime law claims shall be dismissed without further notice and with prejudice." (PTO 64 at 3). Non-compliance with PTO 64 would

---

[1] As used in PTO 64, "Remaining B1 Plaintiffs" meant those plaintiffs who had been deemed compliant with PTO 60 and who had not voluntarily dismissed their claims.

[2] The Court has previously ruled that B1 plaintiffs may bring a claim under general maritime law tort, in addition to or in alternative of a claim under the Oil Pollution Act of 1990, 33 U.S.C. § 2701, et seq. However, only commercial fishermen or those who suffered damage to a proprietary interest have a cause of action under general maritime law. *See In re: Oil Spill by the Oil Rig Deepwater Horizon*, 902 F. Supp. 2d 808 (E.D. La. 2012); *In re: Oil Spill by the Oil Rig Deepwater Horizon*, 808 F. Supp. 2d 943, 962 (E.D. La. 2011).

not result in the dismissal of an OPA claim, however. On May 10, 2017, BP submitted *in camera* to the Court and to the PSC reports on those who did and did not comply with PTO 64.

While the PTO 64 process was underway, the Court issued on March 17, 2017 an Order Regarding Claims in the Economic Settlement that Are Subject to the Moratoria Hold. ("Moratoria Hold Opt-Out Order," Rec. Doc. 22390). Under the Moratoria Hold Opt-Out Order, claimants who had an unresolved claim in the Deepwater Horizon Economic and Property Damages Settlement ("Economic Settlement") that was on "Moratoria Hold" were given the option to exclude ("opt-out") that claim from the Economic Settlement by submitting an opt-out form by April 24, 2017. Furthermore, these claimants could bring these newly opted-out claims in litigation provided they satisfied PTO 60's requirements—i.e., file an individual complaint and/or a Sworn Statement—by June 23, 2017. The Court has since received reports from the Claims Administrator and BP on those claimants/plaintiffs who submitted opt-outs, individual complaints, and/or Sworn Statements in response to the Moratoria Hold Opt-Out Order.

## C. Remaining Cases in the B1 Pleading Bundle Following PTO 60, PTO 64, and the Moratorium Opt-Out Order

The deadlines relative to PTO 64 and the Moratoria Hold Opt-Out Order have passed, and the Court has reviewed the reports on the various submissions. Four exhibits are attached to this Order.

**EXHIBIT 1** to this Order lists 215 plaintiffs that the Court deems to be compliant with PTO 60 **and** PTO 64. Accordingly, to the extent a plaintiff listed in EXHIBIT 1 asserted in his/her/its individual complaint a B1 claim under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 et seq., and/or general maritime law, which has not been otherwise dismissed, that claim is not dismissed by this Order and is subject to further proceedings of this Court.

3

**EXHIBIT 2** to this Order lists 419 plaintiffs that the Court deems to be compliant with PTO 60, but are **not** compliant with PTO 64.[3] Accordingly, to the extent a plaintiff in EXHIBIT 2 asserted or could have asserted a B1 claim under general maritime law, that claim will be dismissed with prejudice. To the extent a plaintiff in EXHIBIT 2 asserted in its individual complaint a B1 claim under OPA which was not otherwise dismissed, that claim is not dismissed by this Order and is subject to further proceedings of this Court.

**EXHIBIT 3** lists 344 individuals and entities that submitted a response to PTO 64, but had not complied with PTO 60.[4] These individuals' and entities' B1 claims (whether asserted under general maritime law, OPA, or any other law) previously were dismissed with prejudice in the Compliance Order of July 14, 2016 (Rec. Doc. 20996 at p.5 ¶¶ 3, 4) or, in select instances, the PTO 60 Reconciliation Order of December 16, 2016 (Rec. Doc. 22003 at 32-35).

Finally, **EXHIBIT 4** lists 17 individuals and entities who attempted, but failed, to comply with the requirements of the Moratoria Hold Opt-Out Order.[5] Some of these individuals and entities recently filed a complaint in litigation. Those complaints will be dismissed with prejudice.

**D. Order**

In accordance with the above,

---

[3] EXHIBIT 2 consists of (a) 333 Remaining B1 Plaintiffs who submitted no response to PTO 64, (b) 73 Remaining B1 Plaintiffs who submitted a response to PTO 64 that was materially deficient; and (c) 13 claimants in the Economic Settlement who submitted a valid opt-out of a "Moratoria Hold" claim from the Economic Settlement by April 24, 2017, and complied with PTO 60 by June 23, 2017, in accordance with and pursuant to the Moratoria Hold Opt-Out Order.

[4] Consequently, such individuals and entities were not "Remaining B1 Plaintiffs," as set forth in PTO 64.

[5] For example, some individuals attempted to opt out a claim from the Economic Settlement that was not subject to a Moratoria Hold, or they had no claims in the Economic Settlement—such opt-outs are invalid. Others submitted a valid opt-out, but then failed to comply with PTO 60 by June 23, 2017.

1.     IT IS ORDERED that the 215 plaintiffs listed in EXHIBIT 1 to this Order are
deemed to be compliant with PTO 60 **and** PTO 64.  To the extent a plaintiff listed
in EXHIBIT 1 asserted in his/her/its individual complaint a B1 claim under the
Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 et seq., and/or general
maritime law, which has not been otherwise dismissed, that claim is not dismissed
by this Order and is subject to further proceedings of this Court.

2.     IT IS FURTHER ORDERED that the 419 plaintiffs listed in EXHIBIT 2 to this
Order are deemed to be compliant with PTO 60, but are **not** compliant with PTO
64.  To the extent a plaintiff in EXHIBIT 2 asserted or could have asserted a B1
claim under general maritime law, that claim is DISMISSED WITH
PREJUDICE.  To the extent a plaintiff in EXHIBIT 2 asserted in its individual
complaint a B1 claim under OPA which was not otherwise dismissed, that claim
is not dismissed by this Order and is subject to further proceedings of this Court.

3.     IT IS FURTHER ORDERED that the 344 individuals and entities listed in
EXHIBIT 3 are **not** compliant with PTO 60 or PTO 64.  The B1 claims of the
individuals and entities listed in EXHIBIT 3 previously were dismissed with
prejudice in the Compliance Order (Rec. Doc. 20996) or, in select instances, the
PTO 60 Reconciliation Order (Rec. Doc. 22003).

4.     IT IS FURTHER ORDERED that the cases listed in EXHIBIT 4 are DISMISSED
WITH PREJUDICE.

5.     IT IS FURTHER ORDERED that BP shall, to the extent practicable, mail or e-
mail a copy of this Order and the attached Exhibits to all parties who indicated on

their PTO 64 Sworn Statement or PTO 60 Sworn Statement that they are not represented by an attorney.

New Orleans, Louisiana, this 19th day of July, 2017

United States District Judge

**EXHIBIT 1**

| | 215 REMAINING B1 PLAINTIFFS WHO ARE COMPLIANT WITH PTO 60 AND PTO 64 | |
|---|---|---|
| | **Plaintiff** | **Civ. A. No.** |
| 1. | Alimentos Marinos Bagdad, S.C. De R.L. M.I. | 16-04354 |
| 2. | Allstar Pipe Services, Inc. | 13-01658 |
| 3. | Alton Rockford Meadows, individually and d/b/a Southern Appraisal Services | 13-01746 |
| 4. | Andy's Motel and Apartments | 16-04252 |
| 5. | Ascend Performance Materials Operations LLC d/b/a Ascend Performance Materials | 13-02002 |
| 6. | Baena, Juan | 16-04611 |
| 7. | Barber, Jelp | 16-05533 |
| 8. | Bayou Caddy Fisheries, Inc | 12-02665 |
| 9. | Beach Community Bank | 13-02695 |
| 10. | BioMarine Technologies, Inc | 13-02186 |
| 11. | Boatright, Michael | 16-04801 |
| 12. | Builders Choice Cabinets, Inc | 16-03768 |
| 13. | C.F. Gollott and Son Seafood, Inc | 16-05465 |
| 14. | Camden Court Development, LLC | 13-02750 |
| 15. | Carbonell Cruz, Guillermo | 16-05316 |
| 16. | Carmel Group, LLC | 16-06337 |
| 17. | Carmel Enterprises, LLC | 16-06339 |
| 18. | Casanova, Rosa | 16-04613 |
| 19. | Castenede, Luis | 16-04614 |
| 20. | Cat Island Properties, LLC | 13-02751 |
| 21. | Chano Ramirez, Otilio | 16-05324 |
| 22. | Chapman Road Development | 13-01550 |
| 23. | Claude Perry Enterprises, LLC | 16-03661 |
| 24. | Chicharrones De Pescado Pa' La Raza S.C De R.L. De C.V. | 16-04401 |
| 25. | Cokteles Y Mariscos Las Culturas, S.C. de R.L. | 16-04432 |
| 26. | Compra Venta de la Sociedad Cooperativa Tamiahua | 16-04706 |
| 27. | Compra Venta del Mercado de Tuxpan | 16-04866 |
| 28. | Cox, Jason | 16-04851 |
| 29. | Crystal River Seafood #4, Inc. | 13-04676 |
| 30. | Cuellar, Fabian | 16-04561 |
| 31. | Cuellar, Fernando | 16-04570 |
| 32. | Crystal River Seafood & Oyster Bar, Inc. | 13-04676 |
| 33. | Dailey's Iron & Machine Works, Inc. | 16-06349 |
| 34. | Danos, Jorey | 16-05967 |
| 35. | Decuir, Raul | 16-04533 |
| 36. | Deep South Machine, Inc. | 16-06384 |
| 37. | Dehyco, Inc. | 16-07260 |

# EXHIBIT 1

| 38. | Despicadoras de Jaiva Los Higueros Artemio Aran | 16-05710 |
|-----|--------------------------------------------------|----------|
| 39. | Despicadoras De La Isla De San Juan A Ramirez | 16-04797 |
| 40. | D'Iberville Cold Storage, Inc. | 16-05436 |
| 41. | D'Iberville Dock & Ice, LLC | 16-05443 |
| 42. | Duong, Thanh Chan | 16-03953 |
| 43. | Evans, Robert | 16-03966 |
| 44. | Eligio Lopez, Luis Alberto | 16-06313 |
| 45. | Ferramad Max, S.C. De R.L. De M.I. | 16-04391 |
| 46. | Fetterman, Daniel J. | 13-02370 |
| 47. | Fetterman, Joseph | 13-02370 |
| 48. | Fileteras de Mamey De Artemio Aran | 16-04786 |
| 49. | Fin & Feather Adventures, LLC; Fin and Feather Adventures Lodge | 16-06126 |
| 50. | Fin & Feather Cabins, LLC; Fin and Feather Chalets, LLC | 16-06131 |
| 51. | Fin & Feather, LLC | 16-06118 |
| 52. | Finance Motors of Crowley, LLC | 16-06383 |
| 53. | Fred Gossen Company, LLC | 16-07262 |
| 54. | Fred Gossen Carmel Foods, LLC | 16-06364 |
| 55. | Gallardo, Emilio | 16-04593 |
| 56. | Gallardo, Felipe | 16-04591 |
| 57. | Gallardo, Olga | 16-04609 |
| 58. | Garcia, Omar | 16-06309 |
| 59. | Garcia, Juan Manuel | 16-06305 |
| 60. | Gonsalves, Andy G. | 16-06369 |
| 61. | Green, Sharon Fetterman | 13-02370 |
| 62. | Grupo Cacharas Juan Ortega Romero Artemio Aran | 16-04692 |
| 63. | Grupo La Esperanza Flor Idulia | 16-04521 |
| 64. | Grupo La Jaiva Pescadores Alto del Tigre Artemio Aran | 16-04700 |
| 65. | Grupo La Trucha Guillermina Hernandez | 16-04567 |
| 66. | Grupo Libre la Chavelita Jose Luis Perez Cruz | 16-04717 |
| 67. | Gulf Coast Entertainment, LLC | 13-02121 |
| 68. | Gulf Marine Institute of Technology | 13-02186 |
| 69. | Harris Builders, LLC | 16-05451 |
| 70. | Hinojosa, Hernina | 16-06311 |
| 71. | Island Way Charters, Inc. (Kristopher Sahr) | 16-06611 |
| 72. | Isidro Carbonell | 16-05320 |
| 73. | Jane Araguel, PA | 16-05526 |
| 74. | Johnny's Clams Inc. | 16-05541 |
| 75. | Klein, Iris Fetterman | 13-02370 |
| 76. | Kimbrough, Carson | 13-02242 |
| 77. | La Sociedad Cooperativa De Produccion Pesquera Del Puerto De Tuxpan De Bienes Y Servisios Scl De CV | 16-04730 |
| 78. | La Sociedad Cooperativa De Produccion Pesquera Grupo Unidos De Las Chacas Sc De Rl De CV | 16-04349 |

# EXHIBIT 1

| 79. | La Sociedad Cooperativa De Produccion Pesquera La Huasteca Veracruzan SC De RL De CV | 16-04574 |
|---|---|---|
| 80. | La Sociedad Cooperativa de Produccion Pesquera Pescadores de Tamiahua S.C. de R.L. de C.V. | 16-04724 |
| 81. | La Sociedad Cooperativa De Produccion Pesquera Pescadores Unidos De La Reforma Sc De Rl De CV | 16-04499 |
| 82. | La Sociedad Cooperativa De Produccion Pesquera Riberena Pescadores De Cabo Rojo S.C. De R.L. De C.V. | 16-04712 |
| 83. | La Sociedad Cooperativa de Produccion Pesquera Riverena Ostioneros de Saladero SCL | 16-04345 |
| 84. | La Sociedad Cooperativa de Productores y Pescadores de Saladero Veracruz SC de RL | 16-04788 |
| 85. | La Sociedad Cooperativa De Servicio Lancheros De San Jeronimo Sc De Rl De Cv, Et al | 16-04594 |
| 86. | La Sociedad Cooperativa Denominada Camaroneros Unidos De Altamar Sc De Rl De Cv, Et al | 16-04684 |
| 87. | La Sociedad Cooperative De Produccion Pesquera Denominada La Rivera De Tampico De Alto Sc De RL | 16-04586 |
| 88. | La Sociedad Cooperative De Production Pesquera Riverena La Aurora Barra De Cazones Scl De Cv, Et al | 16-04556 |
| 89. | La Sociedad Cooperative de Productores Acuicolas de Congregacion Anahuac SC de RL | 16-04512 |
| 90. | La Sociedad Cooperativa de Produccion Pesquera Riverena Ostioneros Del Sur SC de RL | 16-04777 |
| 91. | Ladner, Shelli J. | 16-03928 |
| 92. | Leandro, David | 16-04615 |
| 93. | Libres de Congregacion La Reforma Artemio Aran | 16-05315 |
| 94. | Libres de Cucharitas 2 Guillermina Castro | 16-04550 |
| 95. | Lim, Seng | 16-03950 |
| 96. | Loggerhead Holdings, Inc. | 16-05952 |
| 97. | Lopez, Enrique | 16-04576 |
| 98. | Lopez, Miriam | 16-04999 |
| 99. | Louisiana Blue Crab, LLC | 13-04698 |
| 100. | Lovell, Clarence Robert | 16-06476 |
| 101. | Lucky Lady Fishing Ent., Inc. | 16-04149 |
| 102. | Ly, Anh | 16-03957 |
| 103. | Malin International Ship Repair & Drydock, Inc. | 13-02787 |
| 104. | Marvin Gaspard d/b/a Highway 14 Cattle Company | 16-07273 |
| 105. | MB Industries, LLC | 16-07286 |
| 106. | MBI Global, LLC | 16-07292 |
| 107. | McConaghy, Kara | 16-05862 |
| 108. | McConaghy, Kent | 16-05862 |
| 109. | Mejia Duran, Jesus | 16-04506 |
| 110. | Merchant, Raymond Joe | 15-04290 |
| 111. | Metro Custom Homes d/b/a Graphic Techniques, Inc. | 13-01839 |

**EXHIBIT 1**

| | | |
|---|---|---|
| 112. | Midnite Energy, Inc. | 16-06334 |
| 113. | Millender, Michael | 16-06275 |
| 114. | Monster Heavy Haulers, LLC | 16-07295 |
| 115. | Mr. Peeper's Best, LLC; Crabco | 13-61076 |
| 116. | Murphy, Patrick | 16-11769 |
| 117. | Nabaa Gas Montgomery Village, LLC | 16-07488 |
| 118. | Nguyen, Kathy Nhan | 16-05904 |
| 119. | Nguyen, Loc Van | 16-03955 |
| 120. | Nguyen, Nghia Ngoc | 16-03954 |
| 121. | Oyarvide Stevens, Homero | 16-05280 |
| 122. | Panther Ridge Estates, Inc. | 16-05112 |
| 123. | Perez, Martin | 16-04548 |
| 124. | Permisionario Horacio Morales de la Isla De San Juan | 16-04802 |
| 125. | Permisionario Joaquin Delgado Ortiz | 16-04584 |
| 126. | Permisionario Maria Esther Castillo | 16-04873 |
| 127. | Permisionario Rosalino Cruz y Pescadores de Camaron | 16-04599 |
| 128. | Perry Family Properties, LLC | 16-03748 |
| 129. | Pescadores de Ilusion, S.C. de R.L. | 16-05235 |
| 130. | Pescadores Libres de Cabo Rojito Abad | 16-04571 |
| 131. | Pescadores Libres de Chiquila Quintana Roo | 16-04563 |
| 132. | Pescadores Libres De Isla Aguada Campeche | 16-04476 |
| 133. | Pescadores Libres de la Mata Norberto Hernandez | 16-04769 |
| 134. | Pescadores Libres de Morales de Cabo Rojo | 16-04697 |
| 135. | Pescadores Libres De Tonala Agua Dulce Veracruz, Et al | 16-04783 |
| 136. | Pescadores Libres Y Fileteras Claudio Cruz Flores | 16-04543 |
| 137. | Pescadores Y Cooperativas de Ciudad Del Carmen Campeche | 16-05310 |
| 138. | Pescados y Mariscos Alexa | 16-04415 |
| 139. | Phan, Hanh V. | 16-03956 |
| 140. | Press, Debra Fetterman | 13-02370 |
| 141. | Prevlaka, Inc. | 16-04842 |
| 142. | Ramos Capitaine, Jose Luis | 16-05289 |
| 143. | Restaurante Veracruzano Tamiahua | 16-04775 |
| 144. | Revelay Investments, LLC | 16-06158 |
| 145. | Roberts, Barney | 16-05841 |
| 146. | Rodriguez, Ramona | 16-04528 |
| 147. | Roman, Francisco | 16-04573 |
| 148. | Rosas, Damaso | 16-04583 |
| 149. | Rosas, Juan | 16-04597 |
| 150. | S.C.C.P.P. Ejidal Teodoro Gonzalez Gaviro, S.C. de R.L | 16-04376 |
| 151. | S.C.P. Riberena Acuicola de Bienes y Servicios La Jarocha S.C. de R.L. | 16-05376 |
| 152. | S.C.P.P Carvajal, S.C. de R.L. | 16-04691 |
| 153. | S.C.P.P. Acuicola y Bienes y Servicios el Senor de Las Maravillas S.C.L | 16-05585 |
| 154. | S.C.P.P. Barra De Conchillal, S.C. de R.L. | 16-04379 |

# EXHIBIT 1

| 155. | S.C.P.P. Coperativa Caudillos S.C. de R.L. | 16-04385 |
|------|---------------------------------------------|----------|
| 156. | S.C.P.P. Decembocadura del Rio Soto la Marina, S.C. de R.L. | 16-04400 |
| 157. | S.C.P.P. El Chamizal, S.C. de R.L. | 16-04388 |
| 158. | S.C.P.P. Fco J. Mujica, S.C. de R.L. | 16-04362 |
| 159. | S.C.P.P. Grupo Yosigamar, S.C. de R.L. de M.I. | 16-04688 |
| 160. | S.C.P.P. Islas Unidas, S.C. de R.L. | 16-04682 |
| 161. | S.C.P.P. La Marina S.C. de R.L. de C.V. | 16-04413 |
| 162. | S.C.P.P. Matamoros, S.C. de R.L. | 16-04382 |
| 163. | S.C.P.P. Pescadores Unidos de La Trocha, S.C. de R.L. | 16-05473 |
| 164. | S.C.P.P. Plan de Ayutla S.C. de R.L. | 16-04393 |
| 165. | S.C.P.P. Punta de Piedra, S.C. de R.L. | 16-04424 |
| 166. | S.C.P.P. Riberena Acuicola de Bienes y Servicios El Cangrejo Azul S.C. de R.L. | 16-05380 |
| 167. | S.C.P.P. Riberena Acuicola de Bienes y Servicios Reyna Del Golfo S.C. de R.L. | 16-05387 |
| 168. | S.C.P.P. Riberena Laguna Madre, S.C. de R.L. | 16-04427 |
| 169. | S.C.P.P. Rincon de las Flores, S.C. de R.L. | 16-04320 |
| 170. | S.C.P.P. Tamiahua, S.C. de R.L. de C.V. | 16-04429 |
| 171. | S.C.P.P. Unidos de Matamoros, S.C. de R.L. | 16-06330 |
| 172. | S.C.P.R.A. Unidos en Solidaridad, S.C. de R.L. | 16-04394 |
| 173. | S.P.P. Acuicola y Bienes y Servicios Las Golondrinas de Sabanuy S.C. de R.L | 16-05566 |
| 174. | S.S.S. Agua Rebuelta | 16-04408 |
| 175. | S.S.S. Isla del Carrizal | 16-04411 |
| 176. | S.S.S. Nuevo Dolores | 16-04414 |
| 177. | S.S.S. Revolucion Y Progreso | 16-04418 |
| 178. | Santisbon Herrera, Gilberto | 16-05294 |
| 179. | SAS Equity REIT Wyndham Orange Beach, LLC | 13-02924 |
| 180. | Soc. De Sol. Social Jesus Maria DeCarbajal CNC | 16-05829 |
| 181. | Soc. De Sol. Social Mobilisacion Social, CNC | 16-05835 |
| 182. | Soc. De Sol. Social Pescadores De La Libertad CNC | 16-05832 |
| 183. | Sociedad Cooperativa 9 Hermanos | 16-05993 |
| 184. | Sociedad Cooperativa Bajo de Corsario | 16-05983 |
| 185. | Sociedad Cooperativa Cabo Catoche | 16-05984 |
| 186. | Sociedad Cooperativa Cholenco Tours | 16-06025 |
| 187. | Sociedad Cooperativa Ensenada de Celestun | 16-06297 |
| 188. | Sociedad Cooperativa Ensueno del Caribe | 16-05979 |
| 189. | Sociedad Cooperativa Fraternidad Ambiental | 16-06002 |
| 190. | Sociedad Cooperativa Isla Morena | 16-05980 |
| 191. | Sociedad Cooperativa Isla Pasion | 16-05981 |
| 192. | Sociedad Cooperativa La Pobre de Dios | 16-06300 |
| 193. | Sociedad Cooperativa Laguna Rosada | 16-06304 |
| 194. | Sociedad Cooperativa Lancheros Turisticos Damero | 16-05995 |
| 195. | Sociedad Cooperativa Lancheros Turisticos Laguna de Yalahau | 16-06007 |

# EXHIBIT 1

| 196. | Sociedad Cooperativa Nohuch Cuch | 16-06306 |
|------|----------------------------------|----------|
| 197. | Sociedad Cooperativa Pulperos del Caribe | 16-06011 |
| 198. | Sociedad Cooperativa Vanguardia del Mar | 16-05982 |
| 199. | Sociedad Cooperative El Meco Tours | 16-06294 |
| 200. | Sociedad Cooperative Isla Holbox | 16-06018 |
| 201. | Spanish Bluffs Apartments Limited Partnership; Steven Rupp d/b/a Spanish Bluffs Apartment Limited Partnership | 16-05558 |
| 202. | Spectrum Organization, Inc. d/b/a The Victorian Rental Pool | 14-00331 |
| 203. | Stanton, Reginald Sr. | 16-03988 |
| 204. | The Bird of Paradise, LLC | 16-05277 |
| 205. | Tiger Pass Seafood, LLC | 16-06043 |
| 206. | The Reefkeeper, LLC (Marine Gardens) | 16-05955 |
| 207. | Topwater Charters, LLC | 16-04743 |
| 208. | Toral, Guillermina | 16-04601 |
| 209. | Trabajadores De Tampico | 16-04762 |
| 210. | Vargas, Marco | 16-04585 |
| 211. | Vela Gomez, Mario | 16-05313 |
| 212. | Velveta Diaz, Joaquin Jose | 16-05200 |
| 213. | Waverly Crabs | 13-61677 |
| 214. | Whittinghill, Clay | 10-01984 |
| 215. | Williams, Kirk | 13-00948 |

## EXHIBIT 2

### 419 REMAINING B1 PLAINTIFFS WHO ARE COMPLIANT WITH PTO 60, BUT ARE NOT COMPLIANT WITH PTO 64

| | (A) 333 REMAINING B1 PLAINTIFFS WHO SUBMITTED NO RESPONSE TO PTO 64 | |
|---|---|---|
| | **PLAINTIFF** | **Civ. A. No.** |
| 1. | Abbott Arms Apartment Hotel | 13-02978 |
| 2. | Adams Home of NW FL, Inc. | 13-01494 |
| 3. | Alabama Roll, Inc. | 13-02232 |
| 4. | Alegion, Inc. | 16-05409 |
| 5. | Alejandro Vicente Wilson | 16-04901 |
| 6. | Alexis Garcia Segura | 16-04945 |
| 7. | Alfredo Decuir Garcia | 16-04755 |
| 8. | Alicia Morgado Morales | 16-04908 |
| 9. | Allegue, Jacinto Manuel | 13-02574 |
| 10. | American Cast Iron Pipe Company | 16-05411 |
| 11. | AMT, LLC | 13-00974 |
| 12. | Applewhite and Associates, Inc. | 13-02863 |
| 13. | Arc on Welding, Inc | 16-06056 |
| 14. | Architectural Specialties Trading Company | 13-02382 |
| 15. | Ardent, Inc. | 16-05413 |
| 16. | Armetta, Andrew | 16-06189 |
| 17. | Bailey, Patricia J. | 16-03822 |
| 18. | Bait Sales & Commercial Fishing | 13-00929 |
| 19. | Ballay, Braud & Colon, PLC | 16-04184 |
| 20. | Barfield Produce, LLC | 16-06017 |
| 21. | Bayouside Drive Seafood, LLC | 13-00837 |
| 22. | Beachside & Beyond Building Contractor, LLC | 16-05391 |
| 23. | Bez Oysters & Seafood, Inc | 16-05703 |
| 24. | Billy Richardson d/b/a Billy Richards, P.A. | 16-05454 |
| 25. | Biloxi Gaming Partners I, LLC | 13-01476 |
| 26. | Blanchard, Amanda | 13-00960 |
| 27. | Blanchard, Chad | 13-00963 |
| 28. | Blanchard, Della | 13-00915 |
| 29. | Blanchard, Eric | 13-00915 |
| 30. | Blick, Richard Lee | 16-04061 |
| 31. | Bulldog Sand and Gravel, Inc. | 13-02283 |
| 32. | Cajun Crab, LLC | 13-00915 |
| 33. | Calo Nursery and Landscape, Inc. | 16-05992 |
| 34. | Candelario De La Cruz Hernandez | 16-04753 |
| 35. | Canfora, Mark | 13-05367 |
| 36. | Capital Bank | 13-06648 |
| 37. | Carlos David Reyes Delgado | 16-05004 |
| 38. | Carrillo, Eduardo | 16-04539 |
| 39. | Carson & Company, Inc. | 13-01246 |
| 40. | Catana, Jose | 16-05166 |
| 41. | Cepeda Rodriguez, Juan | 16-04517 |

**EXHIBIT 2**

| 42. | Cephas Concrete | 16-06003 |
|-----|-----------------|----------|
| 43. | Classy Cycles, Inc. | 16-05923 |
| 44. | Club Playero, S.C. de R.L. | 16-05202 |
| 45. | Coastal Community Investments, Inc. | 16-06262 |
| 46. | Coastal Land Development Group, LLC | 16-05941 |
| 47. | Conerly, Jeffery | 16-03848 |
| 48. | Construction Solutions International, Inc. | 16-05437 |
| 49. | Coperativa de Producion de Bienes y Servicios Tritones del Golfo S.C. de R.L. de C.V. | 16-05499 |
| 50. | Creel, Hilton | 16-06233 |
| 51. | Criollo, Alberto | 16-04544 |
| 52. | Crocker, James | 16-06009 |
| 53. | Crowe Boats, L.L.C. | 13-02436 |
| 54. | Cruz, Andres | 13-02791 |
| 55. | Cummings, Brenda | 16-06091 |
| 56. | Cutting Horse Yachts, LLC d/b/a Chittum Skiffs | 16-05831 |
| 57. | Damaso Vicente Cordova | 16-04634 |
| 58. | Damrich Coatings, Inc. | 16-05448 |
| 59. | David Casados Cruz | 16-04637 |
| 60. | DDK Partners | 16-07155 |
| 61. | De Dios, Elias | 16-04627 |
| 62. | Destin Pointe Development, LLC; Destin Development, LLC | 13-00834 |
| 63. | Dionisio Gomez Marquez | 16-04619 |
| 64. | Doris Perez Madrigal | 16-04921 |
| 65. | DTP Diecast Solutions, LLC | 16-05127 |
| 66. | Dunlop, Darlene M. | 13-02591 |
| 67. | Dupre, Paige | 13-00837 |
| 68. | Eber Mendez Zapata | 16-04748 |
| 69. | Edith del Carmen Segura Hernandez | 16-04631 |
| 70. | Edwards, David | 16-06696 |
| 71. | Elias Jimenez Perez | 16-04932 |
| 72. | Engineered Process Equipment, Inc. | 16-05598 |
| 73. | Equipos Marinos de Frontera, S.C.L. | 16-04375 |
| 74. | Fanguy, Barry Gene | 13-01900 |
| 75. | Fernando Carillo Lopez | 16-04955 |
| 76. | Fidalgo, Juan Carlos | 16-04558 |
| 77. | Floyd, Sidney Rafael Jr. | 16-03804 |
| 78. | Forgotten Beach Coast Realty | 16-05093 |
| 79. | Francisco Ramirez Santos | 16-04715 |
| 80. | Freedman, Zachary C. ; Firedman, Zachary C. | 13-01001 |
| 81. | Galbreath, Mitchell L. | 13-01626 |
| 82. | Gallardo, Wilfred G. Jr. | 16-03834 |
| 83. | Genofanes Olan De La Cruz | 16-04893 |

# EXHIBIT 2

| 84. | George de La Cruz Morales | 16-04947 |
|---|---|---|
| 85. | George Vicente De Dios | 16-04911 |
| 86. | Global Disaster Recovery & Rebuilding Services, LLC | 16-06585 |
| 87. | Gomez, Jose | 13-01082 |
| 88. | Gounares, Bethany | 13-01560 |
| 89. | Grupo Medpa, S.C. de R.L. de M.I. | 16-04482 |
| 90. | Gulf Shore Hospitality LLC | 16-06379 |
| 91. | Gulf States Marine | 13-01974 |
| 92. | Gulfport Green Housing L.L.C. | 13-02400 |
| 93. | Haire's Creole Fish & Shrimp | 13-00996 |
| 94. | Haire's Gulf Shrimp Restaurant | 13-00999 |
| 95. | Hall's Seafood and Catfish Restaurant | 16-05033 |
| 96. | Harry, Ryan C. | 16-03878 |
| 97. | Hernandez Hernandea, Maria del Carmen | 16-04935 |
| 98. | Hernandez, Alejandro | 13-01082 |
| 99. | Herrera Novelo, Miguel Angel | 16-06319 |
| 100. | Herrera, Maria | 16-05175 |
| 101. | HI TECH Energy Systems | 16-04982 |
| 102. | Hoang, Dach | 16-06071 |
| 103. | Holt, John F. | 13-01183 |
| 104. | Honkers, Inc. | 16-05375 |
| 105. | Hung Manh Nguyen | 16-06352 |
| 106. | Hunt, George | 16-06105 |
| 107. | Industrial Valve Sales & Service, Inc. | 16-05877 |
| 108. | Innovations Federal Credit Union | 16-06049 |
| 109. | Integrated Electronic Technologies, Inc. | 16-05879 |
| 110. | International Capital Properties, Inc. | 16-05948 |
| 111. | Intradel Corporation | 13-02416 |
| 112. | Irbin Parra Andrade | 16-04896 |
| 113. | J Peaceful LC | 16-06391 |
| 114. | Jaime, Julianna | 16-05180 |
| 115. | Waddle, Jan Michael | 16-04083 |
| 116. | JDF Landing, Inc. | 13-02974 |
| 117. | Jesco Construction Corporation of Delaware | 13-06010 |
| 118. | Jesus Carillo Lopez | 16-04952 |
| 119. | Jesus Loyda Balcazas | 16-05279 |
| 120. | Johnson, Cornelius Jr. | 16-03828 |
| 121. | Johnson, Gilbert Sr. | 16-03831 |
| 122. | Jordan Pile Driving, Inc. | 16-06102 |
| 123. | Jose Agusto Diaz Gonzalez | 16-05209 |
| 124. | Jose del Carmen Perez Gomez | 16-05284 |
| 125. | Jose Sanchez Torres | 16-05007 |
| 126. | Justice Group, LLC | 16-05050 |

## EXHIBIT 2

| 127. | Kibbe & Co Inc d/b/a Farm Raised Clams of SWFLA | 13-02677 |
|------|--------------------------------------------------|----------|
| 128. | Kimbreaux Trading, Inc. | 13-01240 |
| 129. | Kincade, Edward Eugene Jr. | 16-05377 |
| 130. | King, Barbara Patton | 13-02306 |
| 131. | Knight, Carla C. | 12-02897 |
| 132. | Knight, David T. | 12-02897 |
| 133. | L & L Glick Ltd. Partnership; L & L Glick Limited Partners | 16-06303 |
| 134. | La Palma Restaurant; Restaurante/Bar La Palma | 16-06301 |
| 135. | La Virtud de Pescar S.C. de R.L. de C.V. | 16-05192 |
| 136. | Ladner, Bunni J. | 16-03927 |
| 137. | Lady Luck Bingo | 16-04231 |
| 138. | Laguna de Morelas, S.C. de R.L. | 16-04404 |
| 139. | Laguna de Pinolapa, S.C. de R.L. | 16-05342 |
| 140. | Laguna Y Puerto de Alvarado, S.C. de R.L. | 16-05233 |
| 141. | Lamulle Construction, L.L.C. | 16-04181 |
| 142. | Lartigue, Roger | 13-01264 |
| 143. | Las Ampolas, S.C.L. | 16-05388 |
| 144. | Lawson Environmental Services | 12-00740 |
| 145. | Lazaro Gonzalez Segura | 16-07522 |
| 146. | Leobardo Perez Flores | 16-04922 |
| 147. | Leoncio Santiago Marcelo | 16-04616 |
| 148. | Leopoldo Rejon Diaz | 16-05370 |
| 149. | Lilia Guzman Guzman | 16-05154 |
| 150. | Lopez Diaz, Nayeli Rosita | 16-05274 |
| 151. | Lopez, Jose | 16-04602 |
| 152. | Lorente Torruco Dorantes | 16-04621 |
| 153. | Lorenzo, Antioco | 16-04553 |
| 154. | Louisiana Workers' Compensation Corporation | 10-02771 |
| 155. | Luciano Ventura Jimenez | 16-04907 |
| 156. | Lucio Cruz Montejo | 16-05158 |
| 157. | Lyons, Samuel Jay | 16-05770 |
| 158. | March, James A. ; March, James | 16-03833 |
| 159. | Maria de la Luz Magana Peralta | 16-04899 |
| 160. | Maria Hatowecto, S.C. de R.L. | 16-04423 |
| 161. | Maria Margarita Origuela Gomez | 16-04721 |
| 162. | Marinero de San Pedro, S.C. de R.L. de C.V | 16-04359 |
| 163. | Master Boat Builders | 16-05874 |
| 164. | McDonald, Brenda Patton | 13-02306 |
| 165. | Mead, Mark Edward | 10-03261 |
| 166. | Mechanical Contractors - UA Local 119 Pension Trust Fund | 14-00674 |

## EXHIBIT 2

| 167. | Mendoza Vargas, Carlos Mario | 16-04931 |
|------|------------------------------|----------|
| 168. | Mendoza, Juan | 16-04746 |
| 169. | Meza, Aracely | 16-04618 |
| 170. | Miramar Beach Property | 16-06363 |
| 171. | Morganstern, Stephen B. | 13-01189 |
| 172. | Morrissette, Alvin | 16-05116 |
| 173. | Moxey, Nicole | 16-05906 |
| 174. | Mujeres del Cabezo de la Palangana | 16-05231 |
| 175. | Mujeres Esperimentando, S.C. de R.L. | 16-05374 |
| 176. | Neighborhood Development Collaborative | 13-02400 |
| 177. | Nelson Vicente Olan | 16-04904 |
| 178. | Nguyen, Thuy T. | 16-06191 |
| 179. | Nueva Esperanza de Rodriguez, S.C. de R.S. | 16-05170 |
| 180. | O'Brien Crab Company | 16-04799 |
| 181. | Odyssey Seafood, Inc.; Odyssey Seafood Traders Inc. | 16-04082 |
| 182. | Offshore Inland Marine & Oilfield Services | 16-05795 |
| 183. | Pamlico Packing Co., Inc | 13-02296 |
| 184. | Panama City Cycles | 16-04864 |
| 185. | Parker, Doye Patton | 13-02306 |
| 186. | Paso Nacional, S.C. de R.L. | 16-05459 |
| 187. | Patton, Donald | 13-02306 |
| 188. | Patton, Lois | 13-02306 |
| 189. | Patton, Randall | 13-02306 |
| 190. | Patton, Richard | 13-02306 |
| 191. | Patton, Roy D. | 13-02306 |
| 192. | Paw Paw's Cajun Kitchen | 13-01052 |
| 193. | Pensacola Beach Marina, LLC | 13-02379 |
| 194. | Perez, Carmen | 16-04625 |
| 195. | Permisionario Jose Gonzalez | 16-06295 |
| 196. | Pescadores Autenticos de Las Chacas y Rivera, S.C. de R.L. | 16-04419 |
| 197. | Pescadores del Puente, S.C. de R.L. de C.V. | 16-05182 |
| 198. | Petersen, Eric J. | 13-01004 |
| 199. | Peyton Cottrell Interest, Inc. | 13-01829 |
| 200. | Pham, Tuoi | 16-06200 |
| 201. | Phi Hai Shrimping | 16-06194 |
| 202. | Poc-Tal Trawlers, Inc. | 16-05117 |
| 203. | Porter, Scott Alan | 16-04067 |
| 204. | Prepaid Real Estate of Florida LLC | 13-05367 |
| 205. | Produccion Pesquera Acuicola y Turistica y Bienes y Servicios La Pesca Milagrosa S.C. de R.L. de C.V. | 16-05484 |
| 206. | Puch, Santiago | 16-05160 |
| 207. | Pure Adrenalin (Fishing Vessel) | 13-04437 |

## EXHIBIT 2

| 208. | Randy's Trucking, Inc. | 13-02435 |
|------|------------------------|----------|
| 209. | RBT Welders | 13-02231 |
| 210. | Renascent Holdings LLC | 13-02416 |
| 211. | Rene Zavala Salinas | 16-05196 |
| 212. | Restaurant Familiar Ah Caray; Restaurante Familiar Ah Caray! | 16-06298 |
| 213. | Restaurante Bar La Cabanita | 16-06296 |
| 214. | Ricardo Luis Gonzalez Hermida | 16-04942 |
| 215. | RK Turbine Consultants, LLC | 16-06980 |
| 216. | Rober Perez Wilson | 16-05025 |
| 217. | Rocha, Jose | 16-04727 |
| 218. | Rogelio Prieto Mora | 16-04897 |
| 219. | Roman Sosa Hernandez | 16-04725 |
| 220. | Romeo Candelera Colorado | 16-05186 |
| 221. | S&K Machineworks & Fabrication, Inc. | 16-05804 |
| 222. | S. La Flota, S.C. de R.L. | 16-05369 |
| 223. | S. La Jaivita, S.C. de R.L. | 16-05447 |
| 224. | S.C. Barra de Corazones, S.C. de R.L. | 16-04371 |
| 225. | S.C. P.P. Islas del Paquillo S.C. de R.L. de C.V. | 16-04355 |
| 226. | S.C. P.P. La Mujer Costena, S.C. de R.L. | 16-05220 |
| 227. | S.C. Producion de Bienes y Servicios Puerto de Abrigo S.C. de R.L. | 16-05545 |
| 228. | S.C.P. P. La Gaviota de Frontera, S.C. de R.L. | 16-04372 |
| 229. | S.C.P. Riberena de Bienes y Servicios Rio Caribe S.C. de R.L. de C.V. | 16-05364 |
| 230. | S.C.P.P 21 de Marzo, S.C. de R.L. | 16-06318 |
| 231. | S.C.P.P Laguna de Chila, S.C de R.L. | 16-05815 |
| 232. | S.C.P.P Liberacion 2003 S.C. de R.L. de C.V, | 16-04417 |
| 233. | S.C.P.P Pescadores de Potrero Mota de Chavez, S.C. de R.L. | 16-04425 |
| 234. | S.C.P.P Punta del Toro, S.C. de R. L. | 16-04358 |
| 235. | S.C.P.P Voluntad y Trabajo, S.C. de R.L | 16-04422 |
| 236. | S.C.P.P. 20 de Noviembre S.C de R.L. | 16-05573 |
| 237. | S.C.P.P. Acuicola y Bienes y Servicios La Atlantida S.C.L | 16-05372 |
| 238. | S.C.P.P. Acuicola La Palma Real, S.C. de R.L. | 16-05195 |
| 239. | S.C.P.P. Acuicola Turistica y Forestal y Ganadera La Esperanza S.C. de R.L. de C.V. | 16-05188 |
| 240. | S.C.P.P. Acuicola y Pesquera La Campanita, S.C. de R.L. | 16-05176 |
| 241. | S.C.P.P. Aculteca, S.C.L | 16-05223 |
| 242. | S.C.P.P. Almejeros de Alvarado, S.C. de R.L. | 16-05357 |
| 243. | S.C.P.P. Barra de Chiltepec, S.C.L. de C.V. | 16-04367 |
| 244. | S.C.P.P. Bella Palizada, S.C. de R.L. | 16-05219 |

Case 2:10-md-02179-CJB-DPC Document 24239-1 Filed 03/26/18 Page 19 of 93
Case 2:10-md-02179-CJB-DPC Document 24239-1 Filed 03/26/18 Page 19 of 93

Case 2:10-md-02179-CJB-JCW   Document 23051-2   Filed 07/19/17   Page 7 of 11

**EXHIBIT 2**

| 245. | S.C.P.P. Boca del Estero, S.C. de R.L. | 16-05224 |
|---|---|---|
| 246. | S.C.P.P. Campesino del Mar S.C. de R.L. | 16-05468 |
| 247. | S.C.P.P. Canal de la Puntilla, S.C. de R.L. | 16-05212 |
| 248. | S.C.P.P. Cangrejeros del Manglar, S.C. de R.L. | 16-05360 |
| 249. | S.C.P.P. Cocal Dorado, S.C. de R.L. | 16-05210 |
| 250. | S.C.P.P. Colonia Moreno, S.C. de R.L. | 16-04426 |
| 251. | S.C.P.P. Ejidatarios, S.C. de R.L. | 16-05395 |
| 252. | S.C.P.P. El Boqueron de Sabancuy S.C. de R.L. | 16-05532 |
| 253. | S.C.P.P. El Botadero Del Ejido Sinaloa, S.C. de R.L. de C.V. | 16-04369 |
| 254. | S.C.P.P. El Chejere S.C. de R.L. | 16-04416 |
| 255. | S.C.P.P. El Deslave, C.L. de C.V. | 16-04374 |
| 256. | S.C.P.P. El Obispo, S.C. de R.L. | 16-05467 |
| 257. | S.C.P.P. Grupo Pesquero de Salinas, S.C. de R.L. | 16-05178 |
| 258. | S.C.P.P. Isla del Chayote del Playon de Sanchez Magallanes, S.C. de R.L. de C.V. | 16-04353 |
| 259. | S.C.P.P. La Bellota S.C. de R.L. de C.V. | 16-04357 |
| 260. | S.C.P.P. La Marina, S.C. de R.L. | 16-04430 |
| 261. | S.C.P.P. La Nueva Fe, S.C. de. R.L. | 16-05373 |
| 262. | S.C.P.P. La Petrita S.C. de R.L. | 16-05340 |
| 263. | S.C.P.P. La Picuda, S.C. de R.L. | 16-05366 |
| 264. | S.C.P.P. La Virgen, S.C. de R.L. | 16-05405 |
| 265. | S.C.P.P. Laguna Cuchupeta S.C. de R.L. de C.V. | 16-04405 |
| 266. | S.C.P.P. Laguna de Popuyeca | 16-05382 |
| 267. | S.C.P.P. Laguna de Tacosta, S.C. de R.L. | 16-05222 |
| 268. | S.C.P.P. Las Aneas, S.C.L. | 16-05347 |
| 269. | S.C.P.P. Las Mujeres del Marisco S.C. de R.L. | 16-05164 |
| 270. | S.C.P.P. Las Palmas de Sanchez Magallanes S.C. de R.L. de C.V. | 13-02791 |
| 271. | S.C.P.P. Libres de las Escolleras, S.C. de R.L. | 16-05455 |
| 272. | S.C.P.P. Los Cavesos del Bajio, S.C. de R.L. | 16-05199 |
| 273. | S.C.P.P. Nueva Creacion de Bienes y Servicios R,L. de C.V. | 16-05518 |
| 274. | S.C.P.P. Penjamo R.L. de C.V. | 16-04403 |
| 275. | S.C.P.P. Pescadores Artesanos S.C. de R.L. | 16-05479 |
| 276. | S.C.P.P. Pescadores De Aquiles Serdan S.C.L. de C.V. | 16-04356 |
| 277. | S.C.P.P. Pescadores de Tampico, S.C. de R.L. De C.V. | 16-04420 |
| 278. | S.C.P.P. Pescadores del Tamcci, S.C. de R.L. | 16-04378 |

**EXHIBIT 2**

| | | |
|---|---|---|
| 279. | S.C.P.P. Pescadores Unidos del Cascajal S.R.L de C.V. | 16-04406 |
| 280. | S.C.P.P. Punta de Diamante, S.C.L. | 16-05228 |
| 281. | S.C.P.P. Punto San Julian S.C. de R.L. | 16-05826 |
| 282. | S.C.P.P. Rey Jasur S.C. de R.L. | 16-05400 |
| 283. | S.C.P.P. Riberena Acuicola de Bienes y Servicios Vista AlegreS.C. de R.L. | 16-05489 |
| 284. | S.C.P.P. Riberena Malecon de la Puntilla, S.C. de R.L. | 16-05218 |
| 285. | S.C.P.P. Tatanan, S.C. de R.L. C.V. | 16-05205 |
| 286. | S.C.P.P. Unica Regional de Pescadores De Villa Cuauhtemoc, S.C. de R.L. | 16-05820 |
| 287. | S.C.P.P. Villa del Mar, S.C. de R.L. | 16-05385 |
| 288. | S.C.P.P.R. Encenada de Alvarado, S.C. de R.L. | 16-05392 |
| 289. | S.C.R.P. de San Fernando, S.C. de R.L. | 16-04421 |
| 290. | S.P. Espuma Blanca, S.C. de R.L. | 16-04397 |
| 291. | S.P.P.P. Acuicola Arroyo Grande S.C. de R.L. de C.V. | 16-05237 |
| 292. | S.S.S., Ribera Alto Del Tigre | 16-04428 |
| 293. | Sanderson Realty | 16-04104 |
| 294. | Santiago Perez Uscanga | 16-05015 |
| 295. | Sara Islas Garcia | 16-05146 |
| 296. | SCI, Inc. | 13-02238 |
| 297. | SCPB Y S, Riberenos de La Manigua 2 | 16-05363 |
| 298. | Seafood 27 | 13-01060 |
| 299. | Segura Segura, Exequiel | 16-04916 |
| 300. | Segura, Romula | 16-04919 |
| 301. | Servicios Nelly | 16-05890 |
| 302. | Seward, Richard E Jr. | 16-04072 |
| 303. | Seward, Richard E Sr. | 16-04068 |
| 304. | Shiyou, Carol Patton | 13-02306 |
| 305. | SJMR Investments, LLC d/b/a Baymont Inn & Suites | 16-06385 |
| 306. | Southern Pines Apartments, LLC | 13-02967 |
| 307. | Spaven, Michelle | 16-03869 |
| 308. | Specialty Fuels Bunkering, LLC | 13-01227 |
| 309. | Stevens Family Limited Partnership | 13-02374 |
| 310. | Stewart, Gregory S. | 16-04545 |
| 311. | Stheicy, S.C. de R.L. | 16-05399 |
| 312. | Student Breaks, LLC | 16-04259 |
| 313. | Sushi VIP Room, Inc. | 16-05327 |
| 314. | Sutter, Luther | 13-02547 |
| 315. | Ta, Tich V. | 16-06119 |
| 316. | Tecomate S.C. de R.L. | 16-05216 |

**EXHIBIT 2**

| 317. | Teodoro Wilson Gallegos | 16-04903 |
|------|-------------------------|----------|
| 318. | Terrebone, Carol | 13-02415 |
| 319. | The Sprinkler Guy, LLC | 16-05854 |
| 320. | Tran, Duong | 16-06144 |
| 321. | Vallejo, Jose | 16-04703 |
| 322. | Villareal, Mercedes | 16-04630 |
| 323. | Villas of Whispering Pines, LLC | 13-02970 |
| 324. | Vision Park Properties, LLC; Park National Corporation | 13-02862 |
| 325. | Vu-Nguyen, Inc. | 16-06137 |
| 326. | Waldron, Brenda F. | 16-06028 |
| 327. | Waldron, Charles A. | 16-06023 |
| 328. | Winfield Resort Properties, Inc. | 13-01235 |
| 329. | Wright, Barbara | 13-02420 |
| 330. | Wright, Roderic M. | 13-01091 |
| 331. | Ysidro Morales Cordoba | 16-04886 |
| 332. | Zamudio, Emeterio | 16-05163 |
| 333. | Zehner and Associates, LLC | 16-05859 |

| | (B) 73 Remaining B1 Plaintiffs With Materially Deficient PTO 64 Responses | | | | |
|---|---|---|---|---|---|
| | **Plaintiff** | **Civ. A. No.** | **Responded for Property Damage or Fisherman Claim** | **Signed by Plaintiff** | **Timely** |
| 1. | 16 de Septiembre, S.C. de R.L. de C.V. | 16-04351 | Yes | Yes | No |
| 2. | Ahumada, Everardo | 16-04906 | Yes | Yes | No |
| 3. | Balderas, Leonel | 16-04742 | Yes | Yes | No |
| 4. | Camara, Heberto | 16-04635 | Yes | Yes | No |
| 5. | Cancino Diaz, Juan | 16-05020 | Yes | Yes | No |
| 6. | Cancino Hernandez, Cesar | 16-04956 | Yes | Yes | No |
| 7. | Cordova, Mabial | 16-04626 | Yes | Yes | No |
| 8. | Cosmopulos Lopez, Luis | 16-04950 | Yes | Yes | No |
| 9. | de la Cruz Ventura, Jorge | 16-04946 | Yes | Yes | No |
| 10. | De Los Santos, Ortencia | 16-04628 | Yes | Yes | No |
| 11. | DeLaCruz, Agustin | 16-04636 | Yes | Yes | No |
| 12. | Delgado, Rosa | 16-04718 | Yes | Yes | No |
| 13. | Dimas, Pablo | 16-04888 | Yes | Yes | No |
| 14. | Estate of Julio Barahona | 16-04711 | Yes | Yes | No |
| 15. | Genesta Rodriguez, Miguel | 16-04944 | Yes | Yes | No |
| 16. | Gomez, Ringo | 16-04623 | Yes | Yes | No |

## EXHIBIT 2

| 17. | Gonzalez Dominguez, Carmen | 16-04942 | Yes | Yes | No |
|---|---|---|---|---|---|
| 18. | Gonzalez Juarez, Edilia | 16-04938 | Yes | Yes | No |
| 19. | Gonzalez Zamudio, Silvia | 16-04732 | Yes | Yes | No |
| 20. | Grupo Turistico Tamaulipas, S.A. de C.V | 11-01055 | Yes | Yes | No |
| 21. | Gutierrez, Noe | 16-04629 | Yes | Yes | No |
| 22. | Hernandez Madrigal, Waldo | 16-04934 | Yes | Yes | No |
| 23. | Hernandez, Juan Luis | 16-04624 | Yes | Yes | No |
| 24. | Hernandez, Maribel | 16-05013 | Yes | Yes | No |
| 25. | Ipina, Alejandro | 16-04890 | Yes | Yes | No |
| 26. | Jose Antonio Cano Barroso | 16-04622 | Yes | Yes | No |
| 27. | Ortiz Dominguez, Josefa | 16-04929 | Yes | Yes | No |
| 28. | Pena Crisanto, Maria DeLaLuz | 16-04928 | Yes | Yes | No |
| 29. | Perez, Victor Javier | 16-04925 | Yes | Yes | No |
| 30. | Pescadores de Gonzales Ortega, S.C. de R.L | 16-04383 | Yes | Yes | No |
| 31. | Pescadores del Golfo de Mexico, S.C. de R.L. | 13-02791 | Yes | No | Yes |
| 32. | S.C. El Coral de Magallanes S.C. de R.L. de C.V. | 16-04365 | Yes | Yes | No |
| 33. | S.C. La Pitaya de Sinaloa S.C. de R.L. de C.V. | 16-04412 | Yes | Yes | No |
| 34. | S.C. Pescadores El Nuevo Milenio | 16-04399 | Yes | Yes | No |
| 35. | S.C. Vanesita Marinera, S.C. de R.L. de C.V. | 16-04363 | Yes | Yes | No |
| 36. | S.C.C.P.P. Mano de Leon, S.C. de R.L | 16-04366 | Yes | No | Yes |
| 37. | S.C.P. Ejido Reventadero, S.C. de R.L. | 16-04377 | Yes | Yes | No |
| 38. | S.C.P. Escameros de Sanchez Magallanes | 16-04398 | Yes | Yes | No |
| 39. | S.C.P.P. Atlizintla S.C. de R.L. | 16-05173 | Yes | Yes | No |
| 40. | S.C.P.P. Barra de Boca Ciega, S.C. de R.L. | 16-04392 | Yes | No | Yes |
| 41. | S.C.P.P. Barra de Santa Maria, S.C. de R.L. | 16-04487 | Yes | No | Yes |
| 42. | S.C.P.P. Ciudad y Puerto de Alvarado, S.C. de R. | 16-05371 | Yes | Yes | No |
| 43. | S.C.P.P. Costeros del Puerto de Magallanes S.C. de R.L. | 16-04395 | Yes | Yes | No |
| 44. | S.C.P.P. El Emporio de Santana, S.C. de R.L. | 16-04360 | Yes | Yes | No |
| 45. | S.C.P.P. El Jurel, S.C. de R.L. | 16-05227 | Yes | Yes | No |
| 46. | S.C.P.P. Huachinangueros de Magallanes S.C. de R.L. de C.V. | 16-04409 | Yes | Yes | No |
| 47. | S.C.P.P. La Serena del Golfo S.C. de R.L. de C.V. | 16-04410 | Yes | Yes | No |
| 48. | S.C.P.P. La Tabasquenita, S.C. de R.L. | 16-04370 | Yes | Yes | No |
| 49. | S.C.P.P. La Victoria del Pescador S.C. de R.L. de C.V | 16-05333 | Yes | Yes | No |
| 50. | S.C.P.P. Lagunas Unidas al Sistema, S.C. de R.L. | 16-04373 | Yes | No | Yes |
| 51. | S.C.P.P. Los Navegantes de Magallanes S.C. de R.L. de C.V. | 16-04402 | Yes | Yes | No |
| 52. | S.C.P.P. Los Rayados de Magallanes S.C. de R.L. de C.V. | 16-04368 | Yes | Yes | No |
| 53. | S.C.P.P. Mayarazago Alto, S.C. de R.L. | 16-04389 | Yes | No | No |
| 54. | S.C.P.P. Pescaderia Rosita, S.C.L. de C.V. | 16-04361 | Yes | Yes | No |
| 55. | S.C.P.P. Pescadores de Reventadero, S.C. de R.L. | 16-04380 | Yes | No | No |
| 56. | S.C.P.P. Pescadores de Tampacas, S.C. de R.L. | 16-04381 | Yes | Yes | No |
| 57. | S.C.P.P. Pescadores de Tampalache, S.C. de R.L. | 16-04384 | Yes | Yes | No |
| 58. | S.C.P.P. Pescadores Unidos de Panuco, S.C.L | 16-04386 | Yes | No | No |
| 59. | S.C.P.P. Playa Salinas, S.C. de R.L. | 16-05463 | Yes | Yes | No |
| 60. | S.C.P.P. Puerto de Sanchez Magallanes S.C.L | 16-04407 | Yes | Yes | No |

## EXHIBIT 2

| 61. | S.C.P.P. Vega Cercada y Alto del Hobo, S.C. de R.L. | 16-04387 | Yes | Yes | No |
|---|---|---|---|---|---|
| 62. | S.C.P.P. y Acuicola La Mojarrita de Magallanes S.C. de R.L. de C.V. | 16-04396 | Yes | Yes | No |
| 63. | Sanchez, Adelita | 16-04707 | Yes | Yes | No |
| 64. | Sanchez, Joel | 16-04729 | Yes | Yes | No |
| 65. | Sequera, Valentin | 16-04750 | Yes | Yes | No |
| 66. | Tannin, Inc. | 13-01583 | Yes | Yes | No |
| 67. | Torres Gomez, Concepcion | 16-04913 | Yes | Yes | No |
| 68. | Torrez, Alicia | 16-04632 | Yes | Yes | No |
| 69. | Ulloa, Carmen | 16-04910 | Yes | Yes | No |
| 70. | Union De Fileteros De Cucharas Jose Luis Palacios Medina | 16-04806 | Yes | No | Yes |
| 71. | Ventura, Asuncion | 16-04633 | Yes | Yes | No |
| 72. | Zopot, Eugenio | 16-05017 | Yes | Yes | No |
| 73. | Zuniga, Angel | 16-04735 | Yes | Yes | No |

| (C) 13 Claimants Who Submitted a Valid Moratoria Hold Opt-Out and Complied with PTO 60, in Accordance with and Pursuant to the Moratoria Hold Opt-Out Order | |
|---|---|
| | **Plaintiff** | **Civ. A. No.** |
| 1. | Construction Solutions, Inc. | 16-05437 |
| 2. | Deepwater Structures, Inc. | 16-06155 |
| 3. | Offshore Inland Marine & Oilfield Services | 16-05795 |
| 4. | S&K Machineworks & Fabrication, Inc. | 16-05804 |
| 5. | Deroche, Anna | 17-06038 |
| 6. | Domingue, David | 17-05730 |
| 7. | Duhon, Shelton | 17-05733 |
| 8. | Juneau Marine Refrigeration and Air Conditioning, Inc. | 17-06051 |
| 9. | Michel, Warren Jr. | 17-06085 |
| 10. | Mills, Lewis | 17-05949 |
| 11. | Page, James | 17-06083 |
| 12. | Sublett, James | 17-06044 |
| 13. | Tucci, John D. | 17-02597 |

**EXHIBIT 3**

| | 344 INDIVIDUALS AND ENTITIES THAT SUBMITTED A RESPONSE TO PTO 64, BUT DID NOT COMPLY WITH PTO 60 (These B1 claims were dismissed in either July 14, 2016 Compliance Order or December 16, 2016 PTO Reconciliation Order) | |
|---|---|---|
| | **Plaintiff** | **Civ. A. No.** |
| 1. | Abbott, Johnny | |
| 2. | Adkins, Gordon | |
| 3. | Aguilar-Lara, Lorenzo | |
| 4. | Aguilar-Torres, Pedro | |
| 5. | Alexis, Barry Steven | 13-02038 |
| 6. | Ancar, Claudie Rene Sr. | 13-02038 |
| 7. | Anderson, Lynwood Lee | |
| 8. | Ard, Jeremiah Wayne | |
| 9. | Argueta, Martha | 13-01439 |
| 10. | Ayala, Antonio Gonzalez | |
| 11. | Badillo-Gomez, Rigoberto | |
| 12. | Banks, Scotty | 13-01439 |
| 13. | Barbe, Mark Allen | |
| 14. | Barber, Wade | 13-01439 |
| 15. | Batiste, Leoutha | |
| 16. | Beasley, Peggy | 13-01439 |
| 17. | Benoit, Nicholas Lloyd | 13-02038 |
| 18. | Billiot, Arthur Sr. | 13-02038 |
| 19. | Boggs, Charles Archibald | 16-03752 |
| 20. | Borden, Stanley John | 13-02038 |
| 21. | Bourgeois, Daniel Joseph | 13-02038 |
| 22. | Branch, Stephen | 13-01439 |
| 23. | Brunet, Mark | 13-02038 |
| 24. | Bui, Chuc | |
| 25. | Bui, Thanh Minh | |
| 26. | Burczyk, Julie Frances | |
| 27. | Busby, Marion | 13-01439 |
| 28. | Callahan, Russell James Sr. | |
| 29. | Camel, Inc. | 16-06341 |
| 30. | Canul Mijangos, Fernando | 13-02791 |
| 31. | Cao, Bang | |
| 32. | Cao, Trang | 13-02038 |
| 33. | Caradine, Martha | |
| 34. | Carbajal, Fernando | |
| 35. | Carbajal, Jose | |
| 36. | Carbajal, Santa Dardar | |
| 37. | Cepeda, Daniel | 13-02791 |
| 38. | Chau, Buol Van | 10-03173 |
| 39. | Chau, Son Van | 13-02038 |
| 40. | Chu, Minh Hoang | 13-02038 |

Case 2:10-md-02179-CJB-JCW Document 23051-3 Filed 07/19/17 Page 2 of 8

# EXHIBIT 3

| | | |
|---|---|---|
| 41. | Coleman, Hume C. | 13-01439 |
| 42. | Compro Venta de Felipe Barrios | 16-04124 |
| 43. | Cone, Christina | 13-01439 |
| 44. | Constance Diane (Vogelsong, Jason) | |
| 45. | Cooper, Deborah | 13-01439 |
| 46. | Cooper, James E | |
| 47. | Creppel, Kenneth | 11-02766 |
| 48. | Cross, Melissa A. | 13-02038 |
| 49. | Cu, Tam | 13-02038 |
| 50. | Cubbage, Amy Alwilda | |
| 51. | Dale's Seafood Inc | |
| 52. | Dang, Anh Ngoc | |
| 53. | Dang, Dong Van | 13-02038 |
| 54. | Danh, Na Phi | 13-02038 |
| 55. | Dao, Hung Tien | 13-02038 |
| 56. | Dardar, Eugene | 13-02038 |
| 57. | Dardar, Russell Sr. | |
| 58. | Dardar, Tommy | 13-02038 |
| 59. | Dean, Ramona | 13-01439 |
| 60. | Delgado-Olivier, Policarpo | |
| 61. | DeMolle, Freddy Joseph | 13-02038 |
| 62. | Do, Chan Thi | 13-02038 |
| 63. | Do, Tho V. | 10-04232 |
| 64. | Do, Vinh Van | 13-02038 |
| 65. | Doll, Craig J. | |
| 66. | Dufrene, Eric | 13-02038 |
| 67. | Dufrene, Juliette Marie | |
| 68. | Dugar, Edward A. | 13-02038 |
| 69. | Duong, Chien Van | 13-02038 |
| 70. | Duplessis, Warren Victor | |
| 71. | Ellis, Lynn | 13-01439 |
| 72. | Encalade, Elton Lee | |
| 73. | Encalade, Wilfred Paul | |
| 74. | Esfeller, Bobby Shane | |
| 75. | Etienne, Arthur Jr. | |
| 76. | Evans, Daniel | 13-01439 |
| 77. | Fletes, Hector | |
| 78. | Fuentes, Michael | 13-01439 |
| 79. | Gabriel, Wade Tracy | 13-02038 |
| 80. | Gallardo, John William | 13-02038 |
| 81. | Garcia, German Hernandez | |
| 82. | Gibson, Joseph | 13-01439 |
| 83. | Gilbert, Caleb | 13-01439 |
| 84. | Gilbert, James | 13-01439 |
| 85. | Ginn, Brett J | |

## EXHIBIT 3

| | | |
|---|---|---|
| 86. | Golden, Charles | 13-01439 |
| 87. | Gonzales, Rudolph S. Sr. | |
| 88. | Gonzales, Sylvia A. | 13-02038 |
| 89. | Gonzalez, Heliodoro | |
| 90. | Goodwin, Leslie | 13-01439 |
| 91. | Graham, Darrell Ray | |
| 92. | Granger, Christopher | 13-01439 |
| 93. | Granger, William M. | |
| 94. | Guerra, Kerry M. | 13-02038 |
| 95. | Guidry, Jonathan B. | 13-02038 |
| 96. | Ho, Hien Thi | |
| 97. | Ho, Hung T. | |
| 98. | Ho, Minh Quang | |
| 99. | Hoang, Be Ngoc | 13-02038 |
| 100. | Hoang, Hoan Ba | 13-02038 |
| 101. | Hoang, Thien Thai | |
| 102. | Hoang, Trung Tuan | 13-02029 |
| 103. | Holiday Sales and Rentals | 16-04836 |
| 104. | Holstein, David | 13-01439 |
| 105. | Hotard, Edward | 13-02038 |
| 106. | Huynh, Dung | 10-03192 |
| 107. | Huynh, Ly | |
| 108. | Jackson, Becky | |
| 109. | Jackson, Christopher | |
| 110. | Johns, Carl | 13-01439 |
| 111. | Johnson, Roger Blaine | |
| 112. | Johnson, Ronald | |
| 113. | Johnson, Rory J. | |
| 114. | Johnson, Thomas Jefferson | |
| 115. | Johnson, Tony Wilson | |
| 116. | Johnson, Zaccheus | 13-02038 |
| 117. | Julian, John Jr. | 11-02766 |
| 118. | Kang, Sambo | 13-02038 |
| 119. | Kent, Gerald | 13-01439 |
| 120. | Khun, Duy | |
| 121. | Kinser, William P. | 16-06220 |
| 122. | La Sociedad Cooperativa de Produccion Pesquera Denominada la Rivera de Tampio Alto S.C. de R.L. | 16-04122 |
| 123. | La, Hanh | |
| 124. | LaFrance, Cal | 13-02038 |
| 125. | LaFrance, Clement Benjamin Jr. | 13-02038 |
| 126. | Lam, Tony | |
| 127. | Landry, Robert Emile | |
| 128. | Latapie, Crystal A. | 13-02038 |

**EXHIBIT 3**

| | | |
|---|---|---|
| 129. | Latapie, Eurilda | 13-02038 |
| 130. | Latapie, Joseph F. Jr. | 13-02038 |
| 131. | Latapie, Joseph Francis | 13-02038 |
| 132. | Latapie, Travis J. | 13-02038 |
| 133. | Le, A Thi | 13-02038 |
| 134. | Le, Ba Van | |
| 135. | Le, Chia V. | 10-04233 |
| 136. | Le, Cuong Van | 13-02038 |
| 137. | Le, Dien Thong | 13-02038 |
| 138. | Le, Ho Minh | 10-03180 |
| 139. | Le, Hung M. | |
| 140. | Le, Kim E. | 10-04232 |
| 141. | Le, Mai | 10-04232 |
| 142. | Le, Nhan Van | |
| 143. | Le, Ri Van | 10-03170 |
| 144. | Le, Sanh Van | 10-03173 |
| 145. | Le, Tanh Ba | |
| 146. | Le, Tung | 13-02038 |
| 147. | Liddell, Ricky R | |
| 148. | Lim, Chhay | 13-02038 |
| 149. | Lim, Koung | 13-02038 |
| 150. | Loga, Darrell | 13-02038 |
| 151. | Luong, Tu Van | 13-02038 |
| 152. | Ly, Danny T. | 16-04027 |
| 153. | Mackey, Paul Theodore | 13-02038 |
| 154. | Martina, William | 13-01439 |
| 155. | Martinez, Henry | 11-02766 |
| 156. | McBride, Blondine Marie | 16-04325 |
| 157. | McBride, Lisa Max | |
| 158. | McBride, Richard | |
| 159. | McBride, Rico O. | |
| 160. | Menesses, Dennis Frank Sr. | 11-02766 |
| 161. | Millender, Ashley | 13-01439 |
| 162. | Millender, Jonathan | 13-01439 |
| 163. | Millender, Pamela | 13-01439 |
| 164. | Millender, Richard | 13-01439 |
| 165. | Millender, Tony | 13-01439 |
| 166. | Mispel, Royden T. | 13-02038 |
| 167. | Miss Candace Nicole, Inc. | |
| 168. | Miss Carolyn Louise, Inc. | |
| 169. | Miss Marilyn Louise, Inc. | |
| 170. | Molero, Clifton P. | |
| 171. | Morales, Alex Jr. | 11-02766 |
| 172. | Morales, Charles Anthony | |
| 173. | Morales, Daniel | |

**EXHIBIT 3**

| 174. | Morales, Eugene J Sr. | |
|------|------------------------|----------|
| 175. | Morales, Kevin Alex | |
| 176. | Mouton, Brodney | |
| 177. | Naquin, Efram | 13-02029 |
| 178. | Nguyen, Anh Hong | |
| 179. | Nguyen, Ban Van | 10-03192 |
| 180. | Nguyen, Binh Van | |
| 181. | Nguyen, Cu | |
| 182. | Nguyen, Cuong | 10-04232 |
| 183. | Nguyen, Dai V. ; Pizani, Terrill | 16-03952 |
| 184. | Nguyen, Doan | |
| 185. | Nguyen, Ghi Van | 13-02038 |
| 186. | Nguyen, Giang T. | 10-01852 |
| 187. | Nguyen, Hai Bang | 13-02038 |
| 188. | Nguyen, Hai Van | 13-02038 |
| 189. | Nguyen, Hoa | |
| 190. | Nguyen, Hoa | |
| 191. | Nguyen, Hong Loan T. | |
| 192. | Nguyen, Hung | |
| 193. | Nguyen, Hung | |
| 194. | Nguyen, Hung Minh | 13-02038 |
| 195. | Nguyen, Hung Van | |
| 196. | Nguyen, Joe | 10-04232 |
| 197. | Nguyen, Khanh Van | 13-02038 |
| 198. | Nguyen, Lien Thi | 13-02038 |
| 199. | Nguyen, Mien H. | 13-02038 |
| 200. | Nguyen, Minh | 11-03180 |
| 201. | Nguyen, Minh Hoang | 13-02038 |
| 202. | Nguyen, My | |
| 203. | Nguyen, Nguyet | 13-02038 |
| 204. | Nguyen, Phong Haong | |
| 205. | Nguyen, Quang V. | |
| 206. | Nguyen, Qui Van | 13-02038 |
| 207. | Nguyen, Sang-Thanh | 10-01850 |
| 208. | Nguyen, Son Huu | 13-02038 |
| 209. | Nguyen, Thanh V. | 10-03173 |
| 210. | Nguyen, Thoa Dinh | 13-02029 |
| 211. | Nguyen, Thuy | 10-04233 |
| 212. | Nguyen, Tien D. | |
| 213. | Nguyen, Tien Tan | |
| 214. | Nguyen, Toan | |
| 215. | Nguyen, Tony | |
| 216. | Nguyen, Trai V. | 11-03180 |
| 217. | Nguyen, Truc | |

**EXHIBIT 3**

| 218. | Nguyen, Tuc Van | |
| 219. | Nguyen, Ut N. | 13-02038 |
| 220. | Nichols, Tammy | 13-01439 |
| 221. | Nowling, Jeremy | 13-01439 |
| 222. | Nowling, Tony | 13-01439 |
| 223. | Oenes, Christine | 13-01439 |
| 224. | Osornio, Juan Hugo | |
| 225. | Osteen, Stacia | 13-01439 |
| 226. | Parker, Roderick Ellery | 13-02038 |
| 227. | Permisionario Claudio Gonzalez Del Angel | 16-04123 |
| 228. | Pham, Binh Vu | 13-02038 |
| 229. | Pham, Co Van | 13-02038 |
| 230. | Pham, Dinh | 10-04232 |
| 231. | Pham, Mung Van | |
| 232. | Pham, Muoi Van | 13-02038 |
| 233. | Pham, Ut Van | 13-02038 |
| 234. | Phan, Chuong Van | |
| 235. | Phan, Phising Thi | 13-02038 |
| 236. | Phan, Toan Thanh | 13-02038 |
| 237. | Phillippe, John Anaico | 13-02038 |
| 238. | Phillips, James Alido | 13-02038 |
| 239. | Power House Church of God Holy Ghost Power | |
| 240. | Putnal, Joseph  Sr. | 13-01439 |
| 241. | Putnal, Mason | 13-01439 |
| 242. | Ragas, Jonathan Keith | 13-02038 |
| 243. | Ramirez, Leopoldo Hernandez | |
| 244. | Rebollar-Aguilar, Ricardo | |
| 245. | Reddick Jr., Norman | |
| 246. | Richards, Carrie | 13-01439 |
| 247. | Richards, Rodney | 13-01439 |
| 248. | Rick's Seafood, Inc. | |
| 249. | Robin, Gary John | |
| 250. | Robles, Maria Elena | |
| 251. | Rotalo, Carolyn Ann | |
| 252. | Rowland, Chester | 13-01439 |
| 253. | Rutherford, Ruby | 13-01439 |
| 254. | S.C.P.P. Vega Cercada y Alto del Hobo, S.C. de R.L | |
| 255. | Sanchez, Victoria | 12-00164 |
| 256. | Sanders, Carl | 13-01439 |
| 257. | Sanford, Seaman E. Jr. | |
| 258. | Saucier, Joseph Wayne | |
| 259. | Savoy, Donald Pierre III | 13-02038 |
| 260. | Schoelles, Roland | 13-01439 |
| 261. | Serigne, Kimmie  Jr. | 11-02766 |
| 262. | Shiver, Jamie | 13-01439 |

**EXHIBIT 3**

| 263. | Shiver, Jimmy | 13-01439 |
|------|---------------|----------|
| 264. | Simmons, Phillip Jr. | |
| 265. | Singley Seafood | 13-02038 |
| 266. | Sinh, Minh Vu | 13-02038 |
| 267. | Smith, Jesse L. | 13-01439 |
| 268. | Solorzano, Damien Leelyn | |
| 269. | Solorzano, Marilyn | |
| 270. | Solorzano, Maynor | |
| 271. | Stanton, Monica | 13-01439 |
| 272. | Sun, Hong Sreng | |
| 273. | Swift, Glenn Gerald | 13-02038 |
| 274. | Sylve, Dennis | 13-02038 |
| 275. | Thach, Sang | 13-02038 |
| 276. | Thach, Tiet Thi | |
| 277. | Thompson, Joe | |
| 278. | Thonn Iv, John Joseph | |
| 279. | Thonn, Charles David | |
| 280. | Thonn, Michael Joseph | |
| 281. | Thonn, Nicholas R | |
| 282. | Thonn, Shaun William | 11-02766 |
| 283. | To, Chil Hue | |
| 284. | To, Muoi Thi | 13-02038 |
| 285. | Tolliver, Arnold | 13-01439 |
| 286. | Tom, Vo | |
| 287. | Tong, Ngoc Nam | |
| 288. | Topham, Jimi | 13-01439 |
| 289. | Tran, Dang Dinh | 13-02038 |
| 290. | Tran, Dinh Ngoc | |
| 291. | Tran, Du Duc | 13-02038 |
| 292. | Tran, Giu Van | |
| 293. | Tran, Ho Van | 13-02038 |
| 294. | Tran, Hon Yan | |
| 295. | Tran, Hung Ngoc | 13-02038 |
| 296. | Tran, Lam Duy | |
| 297. | Tran, Luc Van | |
| 298. | Tran, Mai K. | 13-02038 |
| 299. | Tran, Men Van | |
| 300. | Tran, Nam | 13-02038 |
| 301. | Tran, Ngua Thi | 13-02038 |
| 302. | Tran, Nho Van | 13-02038 |
| 303. | Tran, Phuc Van | 13-02038 |
| 304. | Tran, Phuong Duc | |
| 305. | Tran, Phuong Tu | |
| 306. | Tran, Son T. | 13-02038 |
| 307. | Tran, Stephen | 13-02038 |

# EXHIBIT 3

| | | |
|---|---|---|
| 308. | Tran, Su D. | 13-02038 |
| 309. | Tran, Thom T. | |
| 310. | Tran, Tin | |
| 311. | Tran, Trung Van | |
| 312. | Tran, Truyen J | |
| 313. | Tran, Tung Van | 13-02038 |
| 314. | Trieu, Ly Van | 13-02038 |
| 315. | Triple C. Seafood, Inc. | 13-02038 |
| 316. | Truong, Sinh Ngoc | 13-02038 |
| 317. | Truong, Ut | 13-02038 |
| 318. | Truong, Vu D. | 13-02038 |
| 319. | Ung, Roeun | 13-02038 |
| 320. | Van, Thom Nguyen | 13-02038 |
| 321. | Verdin, Ebro | 13-02038 |
| 322. | Verdin, John Sr. | 13-02038 |
| 323. | Vinson, Phillip | 13-01439 |
| 324. | Vinson, Wayne A. | 13-01439 |
| 325. | Vo, Hoa Tan | |
| 326. | Vo, Phuc | |
| 327. | Vo, Thuan Van | 13-02038 |
| 328. | Vo, Tuan Anh | |
| 329. | Vogelsong, Jason | |
| 330. | Vogelsong, Kenneth Lee III | |
| 331. | Walker, Clinton | 13-01439 |
| 332. | Walker, Sherrie | 13-01439 |
| 333. | Ward, George Jr. | 13-01439 |
| 334. | Watson, Esther | |
| 335. | Webb, William Wayne Sr | |
| 336. | Wheeler, Otis E. | 13-01439 |
| 337. | Whitaker, Cheryl L. | |
| 338. | White, Robert | |
| 339. | Williamson, Kevin Lee Sr. | |
| 340. | Wilson, Jonathan Edgar | 13-02038 |
| 341. | Yowell, Amanda | 13-01439 |
| 342. | Zarraga, Jesus Resendiz | |
| 343. | Zirlott, Frances Nelson | |
| 344. | Zirlott, Raymond Curtis Sr. | |

Case 2:10-md-02179-CJB-DPC Document 24239-1 Filed 03/26/18 Page 32 of 83
Case 2:17-30936 Document 00514367981 Page: 32 Date Filed: 06/01/2018

Case 2:10-md-02179-CJB-JCW   Document 23051-4   Filed 07/19/17   Page 1 of 2

**EXHIBIT 4**

| | 17 INDIVIDUALS AND ENTITIES THAT ATTEMPTED, BUT FAILED, TO COMPLY WITH MORATORIA HOLD OPT-OUT ORDER | | | |
|---|---|---|---|---|
| | (Cases listed here are dismissed with prejudice) | | | |
| | **Name** | **PTO 60 Case No.** | **Valid Moratoria Hold Opt-Out?** | **Compliant with PTO 60?** |
| 1. | Berel, Romy F., III | 17-05490 | No (No claim filed with Economic Settlement) | No (untimely because not a valid moratoria hold opt out) |
| 2. | C&C Marine, LLC | 17-05827 | No (No claim with Economic Settlement that was on moratoria hold at time of opt-out request)[1] | No (untimely because not a valid moratoria hold opt out) |
| 3. | Continental Alloys & Services (Delaware) Inc. | n/a | Yes | No (no record of any individual complaint or sworn written statement) |
| 4. | Deepwater Construction, Inc. | n/a | Yes | No (no record of any individual complaint or sworn written statement) |
| 5. | Force Industries, LLC | n/a | Yes | No (no record of any individual complaint or sworn written statement) |
| 6. | Galan, Raoul (Cypress Lake No. 1, LLC and Galan Real Estate Company) | 17-06133 | No (did not submit an opt-out request to Settlement Program per Moratorium Hold Opt-Out Order; also, complaint and attachments indicate this claim was not filed with Economic Settlement; to the extent this claim was filed with the Economic Settlement, it was not on moratoria hold at time of Moratorium Hold Opt-Out Order) | No (no record of any sworn written statement; untimely because not a valid moratoria hold opt out) |
| 7. | Galan, Raoul (Cypress Lake No. 1, LLC) | 17-06131 | No (See above, no. 6) | No (no record of any sworn written statement; untimely because not a valid moratoria hold opt |

---

[1] C&C Marine, LLC's claim shall continue to be processed in the Economic Settlement.

**EXHIBIT 4**

| | | | | out) |
|---|---|---|---|---|
| 8. | Galan, Raoul (Cypress Lake No. 1, LLC) | 17-06134 | No (See above, no. 6) | No (no record of any sworn written statement; untimely because not a valid moratoria hold opt out) |
| 9. | Galan, Raoul (Galan Real Estate Company) | 17-06135 | No (See above, no. 6) | No (no record of any sworn written statement; untimely because not a valid moratoria hold opt out) |
| 10. | Jennifer Ivy | 17-06362 | No (no claim with Economic Settlement that was on moratoria hold at time of opt out request)[2] | No (untimely because not a valid moratoria hold opt out) |
| 11. | Kern Martin Services, Inc. | 17-05364 | Yes | No (no record of any sworn written statement) |
| 12. | Little, LeBarron | n/a | Yes | No (no record of any individual complaint or sworn written statement) |
| 13. | Martinez, Pedro | n/a | Yes | No (no record of any individual complaint or sworn written statement) |
| 14. | Nemjo, Joseph | n/a | Yes | No (no record of any individual complaint or sworn written statement) |
| 15. | Rodgers, Mark R. | 17-05491 | No (no claim filed with Economic Settlement) | No (untimely because not a valid moratoria hold opt out) |
| 16. | Tommy Tran | n/a | Yes | No (no record of any individual complaint or sworn written statement) |
| 17. | Ultra Wireline Services, LLC | 17-05493 | No (no claim filed with Economic Settlement) | No (untimely because not a valid moratoria hold opt out) |

---

[2] The Court understands that Jennifer Ivy's claim in the Economic Settlement was fully resolved by the time she attempted to file an opt-out. Thus, and in contrast to C&C Marine, Inc.'s claim, there is nothing for the Settlement Program to process relative to Jennifer Ivy.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | ) | **MDL 2179** |
| "Deepwater Horizon" in the Gulf | ) | |
| of Mexico, on April 20, 2010 | ) | **SECTION J** |
| | ) | |
| **This Document Relates to:** | ) | **JUDGE BARBIER** |
| *Pleading Bundle B1* | ) | |
| | ) | **MAG. JUDGE SHUSHAN** |
| | ) | |

| | | |
|---|---|---|
| Kern Martin Services, Inc. | ) | |
| | ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) | |
| | ) | **SECTION J** |
| vs. | ) | |
| | ) | **JUDGE BARBIER** |
| BP Exploration & Production, Inc. | ) | |
| and BP America Production Company | ) | **MAG. JUDGE SHUSHAN** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES PLAINTIFF, Kern Martin Services, Inc., through undersigned counsel, who does allege, aver and represent as follows:

### Nature of the Action

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiff has suffered economic injury, damage and/or losses as a result of the oil spill.

### THE PARTIES, JURISDICTION AND VENUE

3. Plaintiff, Kern Martin Services, Inc. (hereinafter "Plaintiff"), is an Alabama corporation, with its principal place of business/operations in Mobile County, Alabama.

1

4. Plaintiff brings these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*

5. Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction.

6. Jurisdiction also exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

7. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois. BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714. This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

8. Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

9. BP Exploration and BP America are generally referred to herein collectively as the "BP Defendants" or "BP."

10. Venue is proper in this jurisdiction because the defendants' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiff in this jurisdiction.

## **Factual Background**

2

11. Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

12. Plaintiff further adopts and incorporates as if fully restated herein Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, 2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

13. Plaintiff is a boat manufacturer located in Bayou La Batre, Alabama.  Plaintiff lost profits and experienced an impairment of earning capacity due to the decline in demand for its products and/or services as a result of the *Deepwater Horizon* oil spill.

14. Plaintiff made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of its claim with a "sum certain" and supporting documentation to the Deepwater Horizon Economic & Property Damage Claims Center on or about August 16, 2012.  Pursuant to the Court's order, Plaintiff opted out of the settlement as a potential moratorium claimant.

15. Plaintiff's claim has not been compensated through the Deepwater Horizon Economic & Property Damages Claims Center.

## Claims for Relief

16. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs

and damages arising out of the following:

    a. Loss of Natural Resources;

    b. Loss or Damage to Real or Personal Property;

    c. Subsistence Use;

    d. Loss of Revenues;

    e. Loss of Profits and/or Earning Capacity; and

    f. Loss of Public Services.

17. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

    a. Negligence; and

    b. Gross Negligence and Willful Misconduct.

18. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

## **PRAYER FOR RELIEF**

WHEREFORE, Kern Martin Services, Inc., demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

a. Economic and compensatory damages in amounts to be determined at trial;

b. Punitive Damages;

c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d. Reasonable claims preparation expenses;

e. Attorneys' fees;

4

Case 2:10-md-02179-CJB-DPC Document 24239-1 Filed 03/26/18 Page 38 of 93
Case: 17-30936 Document: 00514367981 Page: 38 Date Filed: 03/01/2018

Case 2:17-cv-05364 Document 1 Filed 05/30/17 Page 5 of 5

f. Costs of litigation; and

g. Such other and further relief available under all applicable state and federal laws and
any relief the Court deems just and appropriate.

Date: May 30, 2017

/s/ Allison W. Smalley
**Allison W. Smalley,** La. Bar No. 32957
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama 36660
Phone: 251-471-6191
Fax: 251-479-1031
E-mail: aws@cunninghambounds.com

Of Counsel:
**Robert T. Cunningham**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama 36660
Phone: 251-471-6191
Fax: 251-479-1031
E-mail: rtc@cunninghambounds.com

**Steven L. Nicholas**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama 36660
Phone: 251-471-6191
Fax: 251-479-1031
E-mail: sln@cunninghambounds.com

**Stephen C. Olen**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama 36660
Phone: 251-471-6191
Fax: 251-479-1031
E-mail: sco@cunninghambounds.com

Case 2:10-md-02179-CJB-DPC Document 24239-1 Filed 03/26/18 Page 39 of 93
Case: 17-30936 Document: 00514367961 Page: 39 Date Filed: 03/01/2018

Case 2:17-cv-05364 Document 1-1 Filed 05/30/17 Page 1 of 1
Case 2:10-md-02179-CJB-JCW Document 22390-1 Filed 03/17/17 Page 1 of 1

### EXHIBIT A --- "OPT-OUT FORM"
**(Regarding Claims in the Deepwater Horizon Economic and Property Damages Settlement Program that Are Subject to a "Moratoria Hold")**

<u>Instructions</u>: Complete and submit this Opt-Out Form by <u>April 24, 2017</u> if you have an unresolved claim in the Deepwater Horizon Economic and Property Damages Settlement Program ("Settlement Program") that is subject to a "Moratoria Hold" **and you wish to exclude that claim from the Settlement Program and proceed in litigation.**[1]  If you have multiple claims in the Settlement Program, only some of which are subject to a "Moratoria Hold," the claims that are not subject to the "Moratoria Hold" will remain in the Settlement Program.  The Opt-Out From must be signed by the Claimant or the Claimant's Authorized Representative; the Claimant's attorney may not sign this form.  There are two ways to submit this Opt-Out Form:

| Email the Opt-Out Form to: | Mail the Opt-Out Form to: |
|---|---|
| questions@dhecc.com | Deepwater Horizon Court-Supervised Settlement Program Exclusions Department P.O. Box 10272 Dublin, OH 43017-5772 <br><br> (Must be postmarked by **April 24, 2017**) |

Claimant's Name: **Kern Martin Services, Inc.**

Claimant ID: **100101327**

Claim ID(s): **56035**

Claimant Address: **13856 S Wintzell Ave**

**Bayou La Batre, AL 36509**

**"I wish to have the Claim(s) identified above excluded from the Deepwater Horizon Economic and Property Damages Settlement Program."**

*GLEN KERN JR*
Signature of Claimant or Claimant's
Authorized Representative
(Claimant's attorney may not sign)

---

[1] Note: To proceed in litigation, you must, in addition to completing and submitting this Opt-Out Form, file an individual complaint and Sworn Statement that substantially complies with Pretrial Order No. 60 (C.A. no. 10-md-2179, Rec. Doc. 16050) by **June 23, 2017**.

Case 2:10-md-02179-CJB-DPC Document 26314-1 Filed 03/16/21 Page 40 of 93
Case: 17-30936 Document: 00514376423 Page: 40 Date Filed: 03/04/2018
Case 2:17-cv-05364 Document 1-2 Filed 05/30/17 Page 1 of 2

JS 44 (Rev. 12/12)       **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KERN MARTIN SERVICES, INC. | BP EXPLORATION & PRODUCTION, INC. and BP AMERICA PRODUCTION COMPANY |

**(b)** County of Residence of First Listed Plaintiff    <u>Mobile County, Alabama</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cunningham Bounds, LLC
Post Office Box 66705
Mobile, Alabama 36660    Telephone: 251-471-6191

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
33 U.S.C. 2701, et seq.
Brief description of cause:
Damages from Deepwater Horizon oil spill

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE Barbier
DOCKET NUMBER MDL No. 2179

DATE
04/20/2017
SIGNATURE OF ATTORNEY OF RECORD
/s/ Allison White Smalley

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : : : : | MDL NO. 2179 <br><br> SECTION: J <br><br> JUDGE BARBIER <br> MAG. JUDGE SHUSHAN |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. . .. .. .. .. .. .. .. ..

**THIS DOCUMENT RELATES TO ALL CASES**

<u>**PRETRIAL ORDER #1**</u>
**Setting Initial Conference**

It appearing that civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its order of August 10, 2010, merit special attention as complex litigation, it is, therefore, **ORDERED** that:

1. **INTRODUCTION** — It is not yet known how many attorneys will eventually join this litigation, but we can assume it will be a large number. As attorneys involved in a multi-district case, you will probably be laboring together for some time in the future with work progressively becoming more complicated and exacting. Some of you know each other and some are complete

strangers.  Undoubtedly each has a different style and
personality.  It is likely that during the course of this
litigation your working relationship will occasionally be
strained, communication derailed, and mutual trust questioned.
The just and efficient resolution of this litigation will depend
in large measure on the way you as attorneys comport yourselves
and overcome the temptations and trepidations inherent in a case
of this magnitude.  The Manual for Complex Litigation recognizes
that judicial involvement in managing complex litigation does not
lessen the duties and responsibilities of the attorneys.  To the
contrary, the added demands and burdens of this type of
litigation place a premium on professionalism and require counsel
to fulfill their obligations as advocates in a manner that will
foster and sustain good working relations among fellow counsel
and the Court.  The Court expects, indeed insists, that
professionalism and courteous cooperation permeate this
proceeding from now until this litigation is concluded.  The
court record should never be the repository of ill-chosen words
arising out of a sense of frustration over real or imagined
issues.  Because of the high level of competence and experience
of attorneys who are generally involved in multi-district
litigation, this Court is confident that this objective will be
achieved without judicial intervention.

2.   **APPLICABILITY OF ORDER** — Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to its order of August 10, 2010 listed on Schedule A.  This Order also applies to all related cases filed in all sections of the Eastern District of Louisiana and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

3.   **CONSOLIDATION** — The civil actions listed on Schedule A are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana,  will automatically be consolidated with this action without the necessity of future motions or orders.   This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

4. **DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE** —
Matters relating to pretrial and discovery proceedings in these
cases will be addressed at an initial pretrial conference to be
held on **Friday, September 17, 2010 at 9:30 a.m.** in Judge Carl J.
Barbier's courtroom, Room C-268, United States Courthouse, 500
Poydras Street, New Orleans, Louisiana. Counsel are expected to
familiarize themselves with the *Manual for Complex Litigation,
Fourth* ("MCL 4th") and be prepared at the conference to suggest
procedures that will facilitate the expeditious, economical, and
just resolution of this litigation. The items listed in MCL 4th
Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent
applicable, constitute a tentative agenda for the conference.
Counsel shall confer and seek consensus to the extent possible
with respect to the items on the agenda, including a proposed
discovery plan, amendment of pleadings, and consideration of any
class action allegations and motions, and be prepared to select
trial dates. Parties shall also submit an initial proposed case
management order and, if necessary, shall submit suggestions for
any other agenda items. As part of this proposed case management
order, the parties shall suggest whether and how the consolidated
cases should be grouped into separate tracks for purposes of
pretrial discovery, motion practice, etc.

These documents shall be delivered to the Court **three full
work days prior to the initial conference** by fax to (504) 589-

4536, or in person to Judge Carl J. Barbier's Chambers, Room C-256, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana.

5. **POSITION STATEMENT** — **Three full work days prior to the initial conference**, plaintiffs and defendants shall submit a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

6. **APPEARANCE AT INITIAL CONFERENCE** — Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs

and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. A party, by designating an attorney to represent the party's interest at this initial conference, will not be precluded from personally participating or selecting other representation during the future course of this litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

7. **SERVICE** — Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B. Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk of this Court and notice to all other persons on such service list. The parties shall present to the Court at the initial conference a list of attorneys, their office addresses, phone and fax numbers, and e-mail addresses.

8. **EXTENSION AND STAY** — Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further

discovery shall be initiated.  Moreover, all pending motions must
be renoticed for resolution on a motion day or days after the
Court's initial conference herein.

9.  **MASTER DOCKET FILE** — Any pleading or document which is
to be filed in any of these actions shall be filed with the Clerk
of this Court and not in the transferor court.  The Clerk of this
Court will maintain a master docket file under the style "In Re:
Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of
Mexico, on April 20, 2010" and the identification "MDL No. 2179."
When a pleading is intended to be applicable to all actions, this
shall be indicated by the words: "This Document Relates to All
Cases."  When a pleading is intended to apply to less than all
cases, this Court's docket number for each individual case to
which the document number relates shall appear immediately after
the words "This Document Relates to."  The following is a sample
of the pleading style:

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This Document Relates to: _____ | Judge Barbier Mag. Judge Shushan |

10.  **FILING** — All documents filed in this Court must be
filed electronically pursuant to Local Rule 5.7E and this Court's
Administrative Procedures for Electronic Filing.  Attorneys may

-7-

register at www.laed.uscourts.gov/cmecf/ecf.htm.  An attorney
who, due to exceptional circumstances, is unable to comply with
the requirements of electronic filing, may apply to the Court for
an order granting an exemption.  The application shall be in
writing, filed with the Clerk of Court, and shall state the
reason for the attorney's inability to comply.  Pro se litigants
who have not been authorized to file electronically shall
continue to file their pleadings with the Clerk of Court in the
traditional manner, on paper.  The Clerk of Court is directed to
make all entries on the master docket sheet with a notation
listing the cases to which the document applies, except that a
document closing a case will also be entered on the individual
docket sheet.  All documents shall be filed in the master file.

       11.  **DOCKETING** — When an action that properly belongs as a
part of In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in
the Gulf of Mexico, on April 20, 2010 is hereinafter filed in the
Eastern District of Louisiana or transferred here from another
court, the Clerk of this Court shall:

              a.   File a copy of this Order in the separate file for
                   such action;

              b.   Make an appropriate entry on the master docket
                   sheet;

              c.   Forward to the attorneys for the plaintiff in the

-8-

newly filed or transferred case a copy of this
Order;

d. Upon the first appearance of any new defendant,
forward to the attorneys for the defendant in such
newly filed or transferred cases a copy of this
Order.

12. **APPEARANCES IN LITIGATION** — Counsel who appeared in a
transferor court prior to transfer need not enter an additional
appearance before this Court.  Moreover, attorneys admitted to
practice and in good standing in any United States District Court
are admitted *pro hac vice* in this litigation, and the
requirements of Local Rules 83.2.6E  and 83.2.7 are waived.
Association of local counsel is not required.

13. **REMAND STIPULATIONS** — In the event that a case is
remanded, the parties shall furnish to the Clerk of Court a
stipulation or designation of the contents of the record and
furnish all necessary copies of any pleadings filed so as to
enable the transferee clerk to comply with the order of remand.

14. **PRESERVATION OF EVIDENCE** — All parties and their
counsel are reminded of their duty to preserve evidence that may
be relevant to this action.  The duty extends to documents, data,

and tangible things in possession, custody and control of the
parties to this action, and any employees, agents, contractors,
carriers, bailees, or other nonparties who possess materials
reasonably anticipated to be subject to discovery in this action.
"Documents, data, and tangible things" is to be interpreted
broadly to include writings, records, files, correspondence,
reports, memoranda, calendars, diaries, minutes, electronic
messages, voice mail, e-mail, telephone message records or logs,
computer and network activity logs, hard drives, backup data,
removable computer storage media such as tapes, discs and cards,
printouts, document image files, Web pages, databases,
spreadsheets, software, books, ledgers, journals, orders,
invoices, bills, vouchers, check statements, worksheets,
summaries, compilations, computations, charts, diagrams, graphic
presentations, drawings, films, charts,  digital or chemical
process photographs, video, phonographic, tape or digital
recordings or transcripts thereof, drafts, jottings and notes,
studies or drafts of studies or other similar such material.
Information that serves to identify, locate, or link such
material, such as file inventories, file folders, indices, and
metadata, is also included in this definition.  Preservation
includes the obligation not to alter any such  thing as to its
form, content or manner of filing.  Until the parties reach an
agreement on a preservation plan or the Court orders otherwise,

-10-

each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.  Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph.  Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved.  If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

15.  **FILING OF DISCOVERY REQUESTS** — In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

16.  **LIAISON COUNSEL** — <u>Prior</u> to the initial conference, counsel for the plaintiffs and counsel for the defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters.  For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court.  Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request.  Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.  The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement.  Proposals for the designation of

liaison counsel shall be submitted to the Court no later than **three full work days prior to the initial conference**. Appointment of liaison counsel shall be made by the Court after full consideration of the proposals.  At the first conference, liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

Until this Court names liaison counsel for MDL 2179, those individuals who served as liaison counsel in the consolidated action, In Re: Deepwater Horizon, No. 10-CV-1156 (E.D. La. 2010), (James Roy and Stephen Herman for Plaintiffs, and Don K. Haycraft for Defendants) will continue to serve in that capacity.

17.  **PLAINTIFFS' STEERING COMMITTEES** — It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendant's representatives or committee. Applications/nominations for the PSC positions must be filed with the Eastern District of Louisiana's Clerk's Office electronically on or before **Monday, September 27, 2010**.  A copy must also be served upon counsel named in the attached list on the day of filing.  The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming

-13-

project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than four (4) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee. Nevertheless, the Court will entertain only written objections to any application/nomination. These must be filed electronically with the Clerk on or before **Monday, October 4, 2010**. The objections, if there be any, must be short, yet thorough, and must be supported by necessary documentation. As with the application/nomination, any objection must be served on all counsel appearing on the attached list on the day of filing.

The PSC will have the following responsibilities:

**Discovery**

1.  Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi-district litigation.

2.  Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

-14-

3.  Cause to be issued in the name of all plaintiffs the
    necessary discovery requests, motions, and subpoenas
    pertaining to any witnesses and documents needed to
    properly prepare for the pretrial discovery of relevant
    issues found in the pleadings of this litigation.
    Similar requests, notices, and subpoenas may be caused
    to be issued by the PSC upon written request by the
    individual attorney in order to assist him/her in the
    preparation of the pretrial stages of his/her client's
    particular claims.

4.  Conduct all discovery in a coordinated and consolidated
    manner on behalf and for the benefit of all plaintiffs.

**Hearings and Meetings**

1.  Call meetings of counsel for plaintiffs for any
    appropriate purpose, including coordinating responses
    to questions of other parties or of the Court.
    Initiate proposals, suggestions, schedules, or joint
    briefs, and any other appropriate matters pertaining to
    pretrial proceedings.

2.  Examine witnesses and introduce evidence at hearings on
    behalf of plaintiffs.

3.  Act as spokesperson for all plaintiffs at pretrial
    proceedings and in response to any inquiries by the
    Court, subject of course to the right of any

-15-

plaintiff's counsel to present non-repetitive

individual or different positions.

**Miscellaneous**

1. Submit and argue any verbal or written motions
   presented to the Court or Magistrate on behalf of the
   PSC as well as oppose when necessary any motions
   submitted by the defendants or other parties which
   involve matters within the sphere of the
   responsibilities of the PSC.

2. Negotiate and enter into stipulations with Defendants
   regarding this litigation.  All stipulations entered
   into by the PSC, except for strictly administrative
   details such as scheduling, must be submitted for Court
   approval and will not be binding until the Court has
   ratified the stipulation.  Any attorney not in
   agreement with a non-administrative stipulation shall
   file with the Court a written objection thereto within
   ten (10) days after he/she knows or should have
   reasonably become aware of the stipulation.  Failure to
   object within the term allowed shall be deemed a waiver
   and the stipulation will automatically be binding on
   that party.

3. Explore, develop, and pursue all settlement options
   pertaining to any claim or portion thereof of any case

-16-

filed in this litigation.

4.   Maintain adequate files of all pretrial matters,
     including establishing and maintaining a document or
     exhibit depository, in either real or virtual format,
     and having those documents available, under reasonable
     terms and conditions for examinations by all MDL
     Plaintiffs or their attorneys.

5.   Prepare periodic status reports summarizing the PSC's
     work and progress.  These reports shall be submitted to
     the Plaintiff's Liaison Counsel who will promptly
     distribute copies to the other plaintiffs' attorneys.

6.   Perform any task necessary and proper for the PSC to
     accomplish its responsibilities as defined by the
     Court's orders, including organizing subcommittees
     compromised of plaintiffs' attorneys not on the PSC and
     assigning them tasks consistent with the duties of the
     PSC.  Membership on these subcommittees shall be
     subject to the approval of the Court.  Compensation for
     work performed by these subcommittees and the approved
     cost will be paid by common benefit funds.

7.   Perform such other functions as may be expressly
     authorized by further orders of the Court.

8.   Reimbursement for costs and/or fees for services will
     be set at a time and in a manner established by the

-17-

Court after due notice to all counsel and after a
hearing.

18.   **DEFENDANTS' STEERING COMMITTEES** — This Court will
consider the recommendations of the defendants for membership on
the defendants steering committee.  Defendants Steering Committee
will have the duties and responsibilities described in Paragraph
17 of this order as it pertains to this respective group.

19.   **MDL 2179 WEBSITE** — A website particular to MDL 2179
will be created and will be accessible by going to this Court's
website located at www.laed.uscourts.gov and clicking on the link
for MDL Cases.  The website will contain forms, court orders,
minute entries, a calendar of upcoming events, and other relevant
information.  Once the website is created, the court will issue
an order containing the direct link to the website.

20.   **COMMUNICATION WITH THE COURT** — Unless otherwise ordered
by this Court, all substantive communications with the Court
shall be in writing, with copies to opposing counsel.
Nevertheless, the Court recognizes that cooperation by and among
plaintiffs' counsel and by and among defendants' counsel is
essential for the orderly and expeditious resolution of this
litigation.  The communication of information among and between

plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this __10th__ day of __August__ , 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : : : : | MDL NO. 2179 SECTION: J JUDGE BARBIER MAG. JUDGE SHUSHAN |

.. .. .. .. .. .. .. .. .. .. .. .. .. . .. .. .. .. .. .. .. ..

**THIS DOCUMENT RELATES TO ALL CASES**

## PRETRIAL ORDER #1 (AMENDMENT)
### Setting Initial Conference

The Court **ORDERS** that Paragraph 4 of Pretrial Order #1 be
**AMENDED** to state the following:

4. **DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE** —
Matters relating to pretrial and discovery proceedings in these
cases will be addressed at an initial pretrial conference to be
held on **Thursday, September 16, 2010 at 2:30 p.m.** in Judge Carl
J. Barbier's courtroom, Room C-268, United States Courthouse, 500
Poydras Street, New Orleans, Louisiana.  Counsel are expected to
familiarize themselves with the *Manual for Complex Litigation,
Fourth* ("MCL 4th") and be prepared at the conference to suggest
procedures that will facilitate the expeditious, economical, and
just resolution of this litigation.  The items listed in MCL 4th

Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions, and be prepared to select trial dates. Parties shall also submit an initial proposed case management order and, if necessary, shall submit suggestions for any other agenda items. As part of this proposed case management order, the parties shall suggest whether and how the consolidated cases should be grouped into separate tracks for purposes of pretrial discovery, motion practice, etc.

These documents shall be delivered to the Court **three full work days prior to the initial conference** by fax to (504) 589-4536, or in person to Judge Carl J. Barbier's Chambers, Room C-256, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana.

New Orleans, Louisiana, this __16th__ day of __August__, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

-2-

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | * | |
| OF MEXICO ON APRIL 20, 2010 | * | SECTION "J" |
| | * | |
| | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |
| | * | |
| | * | THIS DOCUMENT RELATES TO |
| | * | ALL CASES |

## ORDER

On August 20, 2010, the Court held a Status Conference with Plaintiffs' and Defendants' Interim Liaison Counsel, and Mike Underhill, representing the United States.  Based on the record and the argument of counsel:

**IT IS HEREBY ORDERED** that:

Paragraph 14 of Pretrial Order No. 1 is hereby amended with respect to **physical evidence** – the drill pipe that is the subject of a fishing operation (and not the blowout preventer) -- presently located on or near the seabed area of the Macondo Well located in Mississippi Canyon Block No. 252:

1. All physical evidence recovered will be preserved and all recovery, transportation and storage of recovered items shall minimize damage and deterioration potential for recovered items;

2. No metallurgical analysis or other potentially destructive testing on any such recovered physical evidence will be conducted without first providing Plaintiffs and other interested parties the earliest practicable notice of any such proposed analysis or testing, and providing the

protocol for any such analysis or testing, and the opportunity to request attendance any such proposed analysis or testing, and without further order of the Court;

3. BP Exploration & Production Inc. shall, consistent with the Court's earlier Order in *Roshto*, 10-1156 c/w 10-1196, maintain a log/summary of each action relating to the recovery and transport of the physical evidence so recovered;

4. Shall any modification or repair of the physical evidence be necessary to accomplish the operational objectives under the Unified Command's protocol(s), such evidence shall be comprehensively measured, photographed and otherwise documented in an appropriate way prior to any such alteration, modification, or repair to the extent practicable under the operational circumstances;

5. Any and all such logs/summaries, as well as any and all photographs, measurements, videotape, film, diagrams, 3-D analysis, wall thickness readings, and/or other documentation of the recovery and/or chain of custody shall be produced to Interim Liaison Counsel for Plaintiffs and Defendants;

6. The preceding paragraph shall not limit federal authorities with respect to establishment and maintenance of additional chain of custody and/or evidence documentation procedures maintained by federal authorities; and

7. The Court recognizes the ongoing well control, remedial, and physical evidence recovery efforts, and does not intend by this Order to restrict or direct activities of any of the Defendants or the Unified Command in the well control efforts, all remedial activities, and physical evidence recovery from Macondo Well 252.

New Orleans, Louisiana, this 20th day of August, 2010.

**CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | **MDL No. 2179; CA 10-2771** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION: J** |
| | * | |
| Applies to: *All Cases* | * | **JUDGE BARBIER** |
| | * | |
| | * | **MAGISTRATE SHUSHAN** |
| *   *   *   *   *   *   *   *   *   *   *   * | |

<u>PRE-TRIAL ORDER NO. 25</u>

**[Clarifying the Pleading Bundles, Responsive Pleadings, and the Master Complaints]**

At the suggestion and stipulation of Plaintiffs, by and through Plaintiffs' Liaison Counsel and the Plaintiffs Steering Committee, and of Defendants, by and through Defense Liaison Counsel,[1] in order to clarify Case Management Order No. 1 [PTO No. 11], and to facilitate the efficient and effective management and prosecution of the coordinated actions herein:

**IT IS ORDERED** that the scope and effect of the "B1" BUNDLE MASTER COMPLAINT [Doc 879], the "B3" BUNDLE MASTER COMPLAINT [Doc 881], and the "D1" BUNDLE MASTER COMPLAINT [Doc 880], (collectively referred to herein as "Master Complaints"), are hereby clarified as follows:

---

[1]  The Court notes that Defendant Nalco objects to paragraph 4 of this Pre-Trial Order.

Case 2:10-md-02179-CJB-DPC Document 5806 Filed 02/19/12 Page 67 of 93
Case 2:10-cv-08888-CJB-JCW Document 1 Filed 03/26/13 Page 67 of 93 Date Filed: 03/01/2013

Case 2:17-cv-05364-CJB-JCW   Document 4-3   Filed 05/31/17   Page 2 of 16

**1.** Pleading Bundle B3, as described in Section III(B) of CMO No. 1 [PTO 11], is clarified as follows: "**Clean-Up, Medical Monitoring, and Post-April 20 Personal Injury Claims.** This pleading bundle will include all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010. The Pleading Bundles described in the CMO and further herein have been created for administrative purposes, and a plaintiff is accordingly permitted to assert claims within both Pleading Bundle B1 and Pleading Bundle B3 without being deemed to have "split" his or her cause of action.

**2.** For the purpose of clarifying the defendants' obligations to provide responsive pleadings under the CMO, the cases identified in EXHIBIT 1 shall be deemed to comprise all cases currently pending in the MDL that fall within Pleading Bundle A as defined in PTO No. 11, and the cases identified in EXHIBIT 2 shall be deemed to comprise all cases currently pending in the MDL that fall within Pleading Bundle C as defined in PTO No. 11.

**3.** Any case currently pending in the MDL that does not fall within Pleading Bundles A or C is deemed to fall within one or more of the following: Pleading Bundle B1, Pleading Bundle B3, and/or Pleading Bundle D1, as may be applicable.

**4.** Any individual plaintiff who is a named plaintiff in a case that falls within Pleading Bundle B1, B3, D1, or D2, or any combination thereof, is deemed to be a plaintiff in the applicable Master Complaint(s). Plaintiffs Liaison Counsel shall provide to Defense Liaison

2

Counsel a list of plaintiffs included in these bundles within a time period to be agreed to between Liaison Counsel.

5. For the procedural and administrative purpose of answering or otherwise responding to the complaints in Pleading Bundles B1, B3 and D1, (and subject to the provisions of Paragraph 8), as to any Defendant named in one or more Master Complaint(s), the allegations, claims, theories of recovery and/or prayers for relief contained within the pre-existing petition or complaint are deemed to be amended, restated, and superseded by the allegations, claims, theories of recovery, and/or prayers for relief in the respective Master Complaint(s) in which the Defendant is named that apply to the pre-existing petition or complaint.

6. Subject to the provisions of Paragraph 8, any plaintiff-specific allegations or lack thereof in an individual petition or complaint covered by a Master Complaint - such as allegations concerning a plaintiff's domicile and/or residence, whether plaintiff filed an OPA claim with BP and/or the Gulf Coast Claims Facility, the location and type of real or movable property at issue, plaintiff's occupation or type of business and allegations of damages and/or injuries, if any, as asserted by that plaintiff in his individual petition or complaint - may be cited for illustrative purposes by any defendant in any motion to dismiss the relevant Master Complaint.

7. As to those cases which are allocated to Pleading Bundle A or C, the 30 day deadline for any defendant to file any responsive pleadings will not begin to run until the later of (a) the date such complaint or petition is served upon a defendant or (b) the date classification of such

complaint into its appropriate pleading bundle(s) occurs. Nothing in this paragraph shall preclude the parties from seeking the Court's approval to extend the 30 day deadline for a defendant to file a responsive pleading to any case which is allocated to Pleading Bundle A or C.

8. All individual petitions or complaints that fall within Pleading Bundles B1, B3, D1, or D2, whether pre-existing or filed hereafter, are stayed until further order of the Court.

9. Whether through counsel or *pro se*, any individual or entity who heretofore has not filed a complaint, petition or claim in limitation arising out of the Deepwater Horizon oil spill and who desires to bring a claim in Limitation [No. 10-2771] and/or assert a cause of action subject to one or more of the Master Complaints, [Doc 879 and/or 881], may do so by filing directly into Civil Action No. 10-8888 the form reflected in EXHIBIT 3 ["short form"] or other form prepared and supplied by the Plaintiffs' Steering Committee and approved by the Court. The filing of a short form in Civil Action No. 10-8888 shall be deemed to be a simultaneous filing of an answer and claim in Civil Action No. 10-2771 and an intervention into one or more of the Master Complaints [Doc 879 and/or 881] in Civil Action No. 10-md-2179. The filing of short form joinders shall be fully subject to the provisions of PTO No. 20, addressing Direct Filing.

10. Subject to the provisions of Paragraph 15 and the Direct Filing Order [PTO No. 20], the filing of the Master Complaints shall *not* waive any contentions relating to venue, jurisdiction, or choice of law, all of which are specifically preserved.

11. The filing of the Master Complaints shall *not* be deemed to waive or supersede requests for the certification of one or more class actions (and/or sub-classes) under Rule 23,

4

(which proceedings are currently stayed pursuant to Paragraph VII of CMO No.1 [PTO No. 11]), *except* to the extent that such proposed class definitions and/or allegations are covered in one or more of the Master Complaints, which are hereby deemed to be the operative complaints with respect to same.

    **12.** Defendants who have been properly served with the applicable Master Complaint(s) or have agreed to accept or waive such service of process shall have 30 days from the date of this Order to file any responsive pleadings referenced in Paragraph IV(B) of CMO No. 1 [PTO No. 11]. Likewise, Defendants who have been properly served with any Bundle A individual complaint listed on Exhibit 1 shall have 30 days from the date of this Order to file any responsive pleadings referenced in Paragraph IV(B) of CMO No. 1 [PTO No. 11]. Defendants who have not been properly served with the applicable Master Complaint(s) and who have not agreed to accept or waive such service of process shall have 30 days from the date of proper service to file any responsive pleadings referenced in Paragraph IVB of the CMO. Consistent with the CMO, Memoranda in Opposition to any Rule 12(b)(1), 12(b)(6), or 12(c) motions shall be filed within 30 days of the filing of said motion. Any Reply Briefs shall be filed within 30 days of the filing of any Memoranda in Opposition. The page limitation for responsive motions and oppositions to responsive motions shall be set at 50 pages, and the page limitation for replies to oppositions shall be set at 25 pages.

    **13.** The proper service of any Master Complaint as to any Defendant named therein shall constitute service on behalf of all plaintiffs who are deemed to be plaintiffs in the respective Master Complaints as contemplated in Paragraph 4 of this Order.

**14.** Plaintiffs in a pre-existing petition or complaint are not required to file a short form joinder but should they desire to adopt the short form joinder for the purposes of making a claim in the Limitation proceeding [No. 10-2771], they may file with the Court and serve upon counsel through LNFS a short form joinder consistent with the deadlines already established for the submission of claims in Limitation.

**15.** In answering or otherwise responding to each Master Complaint, no defenses, objections, motions or exceptions for lack of jurisdiction, lack of presentment, mootness, lack of standing, or any other defense that may be specific or unique to any particular plaintiff shall be waived, and all such defenses, objections, motions and/or exceptions specific to any particular plaintiff shall be reserved. In addition, any and all rights under the Hague Convention shall not be deemed to be waived by the entry of this Order, and are hereby preserved.

**16.** With respect to any new petition or complaint that is filed in or transferred to MDL No. 2179, the old Plaintiff Fact Sheet [Doc 642-1] is hereby replaced with the Plaintiff Profile Form attached as EXHIBIT 4. Consistent with the Order Regarding Plaintiff Profile Form [Doc 642], any plaintiff who does not file a short-form joinder [EXHIBIT 3] must serve *via* LNFS a completed Plaintiff Profile Form as reflected in EXHIBIT 4 within sixty (60) days of transfer to, removal to or filing in the Eastern District of Louisiana. However, a plaintiff who files a short-form joinder does *not* have to also serve a PPF.

**17.** The phrase 'substantially similar' as used in Paragraph 9 of this Order shall mean all of the data fields of the attached approved Short Form. That is, without further order of the Court, the Short Form can be refined in terms of paper or form size, type size, fonts, graphics, etc

6

(so long as it contains all the data fields approved in the attached) to make it clearer, more user-friendly, less expensive to mail or administer, etc.

**18.** Paragraph 18 of the "B3" Bundle Master Complaint [Doc 881] is amended to delete the second sentence of the paragraph in its entirety, such that only the factual allegations of the B1 Master Complaint are incorporated into and made a part of the B3 Master Complaint, but not any causes of action. Likewise, Paragraph 55 of the "D1" BUNDLE MASTER COMPLAINT [Doc 880] is clarified to mean that only the factual allegations of the B1 Master Complaint are incorporated into and made a part of the D1 Master Complaint, but not any causes of action.

**19.** No provision of this Stipulated Order shall be construed to permit the assertion of any class actions or class claims as part of the Master Claim in Limitation [No. 10-2771] or otherwise as part of the Limitation Action [No. 10-2771].

New Orleans, Louisiana this 12th day of January, 2011.

_____
United States District Judge

# MDL 2179
## In Re: Oil Spill by Deepwater Horizon
## Pleading Bundle A Cases
*List comports with BP and Anadarko lists.*

| Plaintiff Last Name | Plaintiff First Name | Case Caption | EDLA Docket | Filing Attorney |
|---|---|---|---|---|
| Becnel | Melinda | *Melinda Becnel v. BP, PLC* | 2:10-cv-3066 | James C. Klick (Herman, Herman, Katz & Cotlar) |
| Benton | Oleander | *Oleander Benton v. Transocean, Ltd.* | 2:10-cv-4226 | Anthony G. Buzbee (The Buzbee Law Firm) |
| Crawford | Douglas | *Douglas Crawford v. BP, PLC* | 2:10-cv-1540 | Gerald E. Meunier (Gainsburgh, Benjamin, David, Meunier & Warshauer) |
| Davis | Matthew | *Matthew Davis v. Cameron International Corporation* | 2:10-cv-3169 | Anthony G. Buzbee (The Buzbee Law Firm) |
| Faulk | Shane | *Shane Faulk v. Transocean, Ltd.* | 2:10-cv-4227 | Anthony G. Buzbee (The Buzbee Law Firm) |
| John | Lance | *Lance John v. Transocean, Ltd.* | 2:10-cv-4229 | Anthony G. Buzbee (The Buzbee Law Firm) |
| Johnson | Elton | *Elton Johnson v. BP, PLC* | 2:10-cv-1674 | Robert P. Wynne (Arnold & Itkin, LLP) |
| Jones | Michelle | *Michelle Jones v. Transocean, Ltd.* | 2:10-cv-1196 | John W. deGravelles (deGravelles, Palmintier, Holthaus & Fruge) |
| Jones | Brad | *Brad Jones v. Cameron International Corporation* | 2:10-cv-3184 | Anthony G. Buzbee (The Buzbee Law Firm) |
| Kleppinger | Tracy | *Tracy Kleppinger v. Transocean Offshore Deepwater Drilling, Inc.* | 2:10-cv-3168 | Steve J. Gordon (Gordon, Elias & Seely) |
| Kritzer | Joshua | *Joshua Kritzer v. Transocean Offshore Deepwater Drilling, Inc.* | 2:10-cv-4427 | Kurt B. Arnold (Arnold & Itkin) |
| Lavergne | Carl | *Carl Lavergne v. Transocean, Ltd.* | 2:10-cv-4211 | David P. Bruchhaus (Mudd & Bruchhaus) |
| Morales | Heber | *Heber Morales v. BP Exploration and Production, Inc.* | 2:10-cv-4360 | Johnny N. Garza, Jr. (Abraham, Watkins, Nichols, Sorrels, Agosto & Friend) |

# MDL 2179
## In Re: Oil Spill by Deepwater Horizon
## Pleading Bundle A Cases
*List comports with BP and Anadarko lists.*

| Plaintiff Last Name | Plaintiff First Name | Case Caption | EDLA Docket | Filing Attorney |
|---|---|---|---|---|
| Murray | Chadwick | *Chadwick Murray v. Transocean, Ltd.* | 2:10-cv-2814 | George W. Healy, IV (George W. Healy & Associates) |
| Reed | Darrell | *Darrell Reed v. BP, PLC* | 2:10-cv-4252 | Soren E. Gisleson (Herman, Herman, Katz & Cotlar) |
| Rhodes | Karl | *Karl Rhodes v. Transocean Offshore Deepwater Drilling, Inc.* | 2:10-cv-1502 | Richard R. Kennedy |
| Roberts | Kenneth | *Kenneth Roberts v. BP, PLC* | 2:10-cv-3815 | David A. Hilleren (Hilleren & Hilleren) |
| Roshto | Shane | *Shane Roshto v. Transocean, Ltd.* | 2:10-cv-1156 | Scott R. Bickford (Martzell & Bickford) |
| Taquino | Kelli | *Kelli Taquino v. Transocean Holdings, LLC* | 2:10-cv-1921 | John H. Smith (McKernan Law Firm) |
| Williams | Michael | *Michael Williams v. Transocean, Ltd.* | 2:10-cv-1243 | Paul M. Sterbcow Lewis, Kullman, Sterbcos & Abramson) |

## MDL 2179
## In Re: Oil Spill by Deepwater Horizon
## Pleading Bundle C Cases
*List comports with BP, HESI and Anadarko lists.*

| Plaintiff(s) | Case Caption | EDLA Docket | Filing Attorney |
|---|---|---|---|
| City of Greenville, City of Evergreen, City of Georgiana, Town of McKenzie | *City of Greenville, City of Evergreen, City of Georgiana, Town of McKenzie v. BP, PLC* | 2:10-cv-4185 | Jere L. Beasley (Beasley, Allen, Crow, Methvin, Portis & Miles) |
| State of Alabama | *State of Alabama ex rel. Troy King, Attorney General v. BP, PLC* | 2:10-cv-4182 | Troy King (Alabama Attorney General) |
| State of Alabama | *State of Alabama ex rel. Troy King, Attorney General v. Transocean, Ltd.* | 2:10-cv-4183 | Troy King (Alabama Attorney General) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-1757 | Camille A. Morvant, II (D.A., Parish of Lafourche) (Lafourche Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-1758 | Stephen B. Murray (Murray Law Firm) (Plaquemines Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-1759 | Victor L. Marcello (Talbot, Carmouche & Marcello) (Terrebone Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-1760 | Tom W. Thornhill (Thornhill Law Firm) (St. Tammany Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-2087 | Peter J. Butler, Jr. (Breazeale, Sachse & Wilson) (St. Bernard Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-2996 | Victor L. Marcello (Talbot, Carmouche & Marcello) (New Iberia Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-2997 | Victor L. Marcello (Talbot, Carmouche & Marcello) (St. Mary Parish) |
| State of Louisiana | *State of Louisiana v. Triton Asset Leasing GmBH* | 2:10-cv-3059 | James D. "Buddy" Caldwell (Louisiana Attorney General) |

## MDL 2179
## In Re: Oil Spill by Deepwater Horizon
### Pleading Bundle C Cases
*\* List comports with BP, HESI and Anadarko lists.*

| Plaintiff(s) | Case Caption | EDLA Docket | Filing Attorney |
|---|---|---|---|
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-2731 | Leon Cannizzaro, Jr. (Orleans Parish) |
| State of Quintana Roo, Mexico | *State of Quintana Roo, Republic of Mexico v. BP, PLC* | 2:10-cv-4241 | Enrique G. Serna (Serna & Associates) |
| State of Tamaulipus, Mexico | *State of Tamaulipus, Republic of Mexico v. BP, PLC* | 2:10-cv-4240 | Enrique G. Serna (Serna & Associates) |
| State of Veracruz, Mexico | *State of Veracruz, Republic of Mexico v. BP, PLC* | 2:10-cv-4239 | Enrique G. Serna (Serna & Associates) |
| USA | *United States of America v. BP Exploration & Production, Inc.* | 2:10-cv-4536 | Jim Letten |
| USA | *United States of America v. Transocean Holdings, LLC* | 2:10-cv-4397 | Jim Letten |

# IN RE: OIL SPILL by "Deepwater Horizon"

## DIRECT FILING SHORT FORM[1]

### Authorized by Order of the Court, Civil Action No. 10 md 2179 Rec. Doc. 982
**(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)**

| MDL 2179 | SECTION: J | JUDGE CARL BARBIER |
|---|---|---|

| CLAIM IN LIMITATION--JOINDER IN MASTER ANSWER--INTERVENTION AND JOINDER IN MASTER COMPLAINTS -- PLAINTIFF/CLAIMANT PROFILE FORM |
|---|

By submitting this document, I am asserting a claim in *Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 10-2771; adopt and incorporate the Master Answer [Rec. Doc. 244] to the *Complaint and Petition of Triton Asset Leasing Gmbh, et al.*, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179); and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179).

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Phone Number | | E-Mail Address | |
| Address | | City / State / Zip | |

| INDIVIDUAL CLAIM ☐ | BUSINESS CLAIM ☐ |
|---|---|
| Employer Name | Business Name |
| Job Title / Description | Type of Business |
| Address | Address |
| City / State / Zip | City / State / Zip |
| Last 4 digits of your Social Security Number | Last 4 digits of your Tax ID Number |

| Attorney Name | Firm Name |
|---|---|
| Address | City / State / Zip |
| Phone Number | E-Mail Address |

| Claim filed with BP?   YES ☐   NO ☐ | Claim Filed with GCCF?:   YES ☐   NO ☐ |
|---|---|
| If yes, BP Claim No.: | If yes, Claimant Identification No.: |

**Claim Type (Please check all that apply):**
- ☐ Damage or destruction to real or personal property
- ☐ Earnings/Profit Loss
- ☐ Personal Injury/Death
- ☐ Fear of Future Injury and/or Medical Monitoring
- ☐ Loss of Subsistence use of Natural Resources
- ☐ Removal and/or clean-up costs
- ☐ Other:

---

[1] This form should be filed with the U.S. District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, in Civil Action No. 10-8888. While this Direct Filing Short Form is to be filed in CA No. 10-8888, by prior order of the Court, (Rec. Doc. 246, C.A. No. 10-2771 and Rec. Doc. 982 in MDL 2179), the filing of this form in C.A. No. 10-8888 shall be deemed to be simultaneously filed in C.A. 10-2771 and MDL 2179. Plaintiff Liaison Counsel, after being notified electronically by the Clerk of Court of the filing of this Short Form, shall promptly serve this form through the Lexis Nexis service system on Defense Liaison.

1

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

**Brief Description:**

1. For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

_____

_____

_____

_____

_____

_____

_____

_____

2. For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

_____

_____

_____

_____

_____

_____

_____

3. For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

_____

_____

_____

_____

_____

_____

_The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form._

**Please check the box(es) below that you think apply to you and your claims:**
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

- ☐ 1. Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.
- ☐ 2. Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.
- ☐ 3. Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.
- ☐ 4. Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.
- ☐ 5. Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.
- ☐ 6. Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.
- ☐ 7 Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.
- ☐ 8. Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.
- ☐ 9. Bank, financial institution, or retail business that suffered losses as a result of the spill.
- ☐ 10. Person who utilizes natural resources for subsistence.
- ☐ 11. Other:_____

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

- ☐ 1. Boat captain or crew involved in the Vessels of Opportunity program.
- ☐ 2. Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.
- ☐ 3. Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.
- ☐ 4. Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.
- ☐ 5. Resident who lives or works in close proximity to coastal waters.
- ☐ 6. Other:_____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_____
Claimant or Attorney Signature

_____
Print Name

_____
Date

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

Case 2:10-md-02179-CJB-DPC Document 24239-1 Filed 03/26/18 Page 80 of 93
Case: 17-30936 Document: 00514367961 Page: 80 Date Filed: 03/01/2018
Case 2:17-cv-05364-CJB-JCW Document 4-3 Filed 06/31/17 Page 15 of 16

# IN RE: OIL SPILL by "Deepwater Horizon"

| MDL 2179 and Civil Action No. 10-2771 | SECTION: J | JUDGE CARL BARBIER |
|---|---|---|

## PLAINTIFF PROFILE FORM ["PPF"]

| Last Name | First Name | Middle/Maiden | Suffix |
|---|---|---|---|
| Phone Number | | E-Mail Address | |
| Address | | City / State / Zip | |

| **INDIVIDUAL CLAIM** ☐ | **BUSINESS CLAIM** ☐ |
|---|---|
| Employer Name | Business Name |
| Job Title / Description | Type of Business |
| Address | Address |
| City / State / Zip | City / State / Zip |
| Social Security Number | Tax ID Number |
| Attorney Name | Firm Name |
| Address | City / State / Zip |
| Phone Number | E-Mail Address |

| Claim filed with BP?   YES ☐   NO ☐    If yes, BP Claim No.: | Claim Filed with GCCF?:   YES ☐   NO ☐    If yes, Claimant Identification No.: |
|---|---|

**Claim Type (Please check all that apply):** ☐ Damage or destruction to real or personal property; ☐ Earnings/Profit Loss;
☐ Personal Injury/Death; ☐ Fear of Future Injury and/or Medical Monitoring; ☐ Loss of Subsistence use of Natural Resources;
☐ Removal and/or clean-up costs; ☐ Other _____

| Original Case Caption | Original Civil Action Number |
|---|---|
| Originating Court | EDLA Civil Action Number |

**Please check the box(es) below that you think apply to you and your claims:**
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

☐ Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.

☐ Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.

☐ Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.

☐ Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.

☐ Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.

☐ Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.

☐ Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.

☐ Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.

☐ Bank, financial institution, or retail business that suffered losses as a result of the spill.

☐ Person who utilizes natural resources for subsistence.

☐ Other: _____

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

☐ Boat captain or crew involved in the Vessels of Opportunity program.

☐ Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.

☐ Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.

☐ Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.

☐ Resident who lives or works in close proximity to coastal waters.

☐ Other: _____

**Brief Description:**

For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

_____

_____

_____

_____

_____

_____

For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

_____

_____

_____

_____

_____

_____

_____

For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

_____

_____

_____

_____

_____

_____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_____          _____
Claimant or Attorney Signature                    Date

No. 17-30936

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

In Re: Deepwater Horizon

Action Restoration, Incorporated,

Plaintiff-Appellant,

v.

BP America, Incorporated; BP, P.L.C.; BP Products North America, Incorporated; BP Exploration & Production, Incorporated; Transocean, Limited; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, L.L.C.; Halliburton Energy Services, Incorporated,

Defendants-Appellees

On Appeal from the U.S. District Court for the Eastern District of Louisiana, Nos. 2:10-md-2179, 2:12-cv-1422, 2:13-cv-5367, 2:13-cv-6009, 2:13-cv-6010, 2:16-cv-6303, 2:16-cv-9458, 2:16-cv-11716, 2:16-cv-11744, 2:17-cv-5490, 2:17-cv-5491, 2:17-cv-5493, 2:16-cv-6330, 2:16-cv-5166, 2:16-cv-4517, 2:16-cv-4906, 2:16-cv-5826, 2:17-cv-5364, 2:17-cv-6131, 2:17-cv-6133, 2:17-cv-6134, 2:17-cv-6135

James Glick; Russell Lengacher; Luke Martin; Nelson Mast,

Plaintiffs-Appellants,

v.

BP Exploration & Production, Incorporated; BP America Production Company; BP Corporation North America, Incorporated; BP, P.L.C.; Transocean Offshore Deepwater Drilling, Incorporated; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Limited; Triton Asset Leasing GMBH; Halliburton Energy Services, Incorporated; Sperry Drilling Services,

Defendants-Appellees

\*\*\*\*\*\*\*\*\*\*

SGI Land Company, L.L.C.; Gary Pesce, doing business as Ocean Flex OMTS; Kyrt M. Wentzell; Kyrt M. Wentzell Innovations, doing business as Chum Churn,

Plaintiffs-Appellants,

v.

BP Exploration & Production, Incorporated; BP America Production Company; BP Corporation North America, Incorporated; BP, P.L.C.; Transocean Offshore Deepwater Drilling, Incorporated; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Limited; Triton Asset Leasing GMBH; Halliburton Energy Services, Incorporated; Sperry Drilling Services,

Defendants-Appellees

\*\*\*\*\*\*\*\*\*\*

James Glick; Russell Lengacher; Luke Martin; Nelson Mast,

Plaintiffs-Appellants,

v.

Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated; BP Exploration & Production, Incorporated; Sperry Drilling Services; BP America Production Company,

Defendants-Appellees

\*\*\*\*\*\*\*\*\*\*

2

Kyrt M. Wentzell, Kyrt M. Wentzell Innovations, doing business as Chum Churn,

Plaintiffs-Appellants,

v.

BP Exploration & Production, Incorporated; BP America Production Company; BP Corporation North America, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Halliburton Energy Services, Incorporated; Sperry Drilling Services,

Defendants-Appellees

**********

Gary Pesce, doing business as Ocean Flex OMTS,

Plaintiff-Appellant,

v.

BP Exploration & Production, Incorporated; BP America Production Company; Transocean Offshore Deepwater Drilling, Incorporated; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Halliburton Energy Services, Incorporated; Sperry Drilling Services,

Defendants-Appellees

**********

SGI Land Company, L.L.C.,

Plaintiff-Appellant,

v.

BP Exploration & Production, Incorporated; BP America Production Company;

3

Transocean Offshore Deepwater Drilling, Incorporated; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Halliburton Energy Services, Incorporated; Sperry Drilling Services,

Defendants-Appellees

**********

Romy F. Berel, III,

Plaintiff-Appellant,

v.

BP, P.L.C.; BP Exploration & Production, Incorporated; BP America Production Company,

Defendants-Appellees

**********

Mark R. Rodgers,

Plaintiff-Appellant,

v.

BP, P.L.C.; BP Exploration & Production, Incorporated; BP America Production Company,

Defendants-Appellees

**********

4

Ultra Wireline Services, L.L.C.,

Plaintiff-Appellant,

v.

BP, P.L.C.; BP Exploration & Production, Incorporated; BP America Production Company,

Defendants-Appellees

**********

Kern Martin Services, Incorporated,

Plaintiff-Appellant,

v.

BP Exploration & Production, Incorporated; BP America Production Company,

Defendants-Appellees

**********

Daniel Cepeda; Fernando Canul Mijangos; Jose Catana; Juan Cepeda Rodriguez; Prescadores Del Golfo De Mexico, S.C. De R.L.,

Plaintiffs-Appellants,

v.

BP Exploration & Production, Incorporated; BP America Production Company, BP P.L.C.; Halliburton Energy Services, Incorporated,

Defendants-Appellees

5

\*\*\*\*\*\*\*\*\*\*

Raoul v. Galan, Jr.,

Plaintiff-Appellant,

v.

BP, P.L.C.; BP Exploration & Production, Incorporated; BP America Production Company,

Defendants-Appellees.

---

## KERN MARTIN SERVICES, INC.'S
## UNOPPOSED MOTION TO SUPPLEMENT RECORD ON APPEAL

---

COMES NOW the Plaintiff/Appellant Kern Martin Services, Inc. ("Kern Martin") and moves the Court to supplement the Record on Appeal (ROA) as follows:

1.     The ROA does not include the order from which Kern Martin appeals entered by the District Court in MDL 10-2179 on July 19, 2017.

2.     Although the ROA includes the docket sheet in Case No. 2:17-CV-05364, it does not include Kern Martin's complaint filed on May 30, 2017, in Case No. 2:17-cv-05364. The ROA also does not include pretrial orders 1 and 25 entered by the District Court on May 31, 2017 as Document 4 in Case No. 2:17-cv-05364.

6

3.     Upon discovering that the ROA does not include these three pleadings, counsel for Kern Martin promptly sought the consent of the BP Appellees to the supplementation of the ROA to include these three pleadings.  See attached correspondence dated February 20, 2018.

4.     BP consented to the supplementation of the ROA to include these three pleadings.  See attached email dated February 23, 2018.

5.     For ease of reference given the volume of the record in MDL 2179, the three pleadings to be added to the ROA are attached to this motion.

Based upon the foregoing, Plaintiff/Appellant Kern Martin Services, Inc. respectfully requests that the ROA be supplemented to include these three pleadings and that the Clerk of the District Court be directed to prepare a supplement to the ROA adding these three pleadings.

Filed this 27th day of February, 2018.

Respectfully submitted,

/s/ Steven L. Nicholas
Steven L. Nicholas
sln@cunninghambounds.com
David G. Wirtes, Jr.
dgw@cunninghambounds.com
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama     36604

(251) 471-6191      Telephone
(251) 479-1031      Facsimile
Attorneys for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that, on February 27, 2018, an electronic copy of the foregoing Unopposed Motion to Supplement Record on Appeal was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

_/s/ Steven L. Nicholas_
Attorney for Plaintiff-Appellant Kern Martin Services, Inc.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

The undersigned certifies that the foregoing motion complies with Fed. R. App. P. 27(d)(2) because it contains 261 words. The motion also complies with the typeface and style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a proportionally spaced typeface using Microsoft WordPerfect in Times

8

New Roman of 14 points or more.

/s/ Steven L. Nicholas
Attorney for Plaintiff- Appellant Kern Matin
Services, Inc.



# CUNNINGHAM BOUNDS LLC

ROBERT T. CUNNINGHAM
JOSEPH M. BROWN, JR. *
GREGORY B. BREEDLOVE *
DAVID G. WIRTES, JR. * *
TOBY D. BROWN *
GEORGE W. FINKBOHNER, III *
STEPHEN C. OLEN
STEVEN L. NICHOLAS
DAVID S. CAIN, JR. *
WILLIAM E. BONNER
ROBERT L. MITCHELL *
J. BRIAN DUNCAN, JR.
LUCY E. TUFTS

ALLISON W. SMALLEY
ASHLEY H. ROBINSON
MELISSA W. WETZEL

OF COUNSEL
RICHARD BOUNDS
JOHN T. CROWDER, JR.
JOSEPH R. SULLIVAN
JOSEPH D. STEADMAN

ROBERT T. CUNNINGHAM, SR.
(1918-2001)

February 20, 2018

**EMAIL**

Devin C. Reid
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139

      Re:    Kern Martin Services, Inc. v. BP America, Inc., *et al.*
               Fifth Circuit Case No. 17-30936

Dear Devin:

      I write regarding supplementing the record on appeal.

      Upon reviewing the record, we have determined that Judge Barbier's July 19, 2017, order "As to the Remaining Cases in the B1 Pleading Bundle, etc.," is not in the record.

      Also, although the record contains the complete docket sheet in Case No. 2:17-cv-05364, it does not contain Kern Martin Services Inc.'s Complaint and its exhibits or Document No. 4 pursuant to which Pretrial Orders No. 1 and 25 were entered in Case No. 2:17-cv-05364. For ease of reference, I have attached the pleadings which are the subject of this letter.

      Please let us know immediately if we can advise the Court that Defendants/Appellees consent to supplementation of the record to include these pleadings.

                       Very truly yours,

                       Steven L. Nicholas
                       For the Firm

SLN.slt
Attachments

1601 DAUPHIN STREET | MOBILE, ALABAMA 36604 | T (251) 471 6191 | TF (800) 472 6191 | F (251) 479 1031
MAILING ADDRESS POST OFFICE BOX 66705 | MOBILE, ALABAMA 36660 | CUNNINGHAMBOUNDS.COM

*CERTIFIED AS A CIVIL TRIAL SPECIALIST BY THE NATIONAL BOARD OF TRIAL ADVOCACY **CERTIFIED AS AN APPELLATE SPECIALIST BY THE AMERICAN INSTITUTE OF APPELLATE PRACTICE

## Joe Steadman

| | |
|---|---|
| **From:** | Steve Nicholas |
| **Sent:** | Friday, February 23, 2018 3:16 PM |
| **To:** | Joe Steadman |
| **Subject:** | FW: Kern Martin Services, Inc. v. BP America, Inc.; et al. |

## Steve Nicholas

**Cunningham Bounds, LLC**
Phone: (251) 471-6191
Fax: (251) 479-1031
Toll Free: (800) 472-6191
SLN@cunninghambounds.com
www.cunninghambounds.com
Post Office Box 66705
Mobile, AL 36660



This email contains privileged and confidential information protected by the attorney
work product doctrine and attorney-client privilege. If you receive this email in error,
please notify the sender immediately.

**From:** Devin Reid [mailto:dcreid@Liskow.com]
**Sent:** Friday, February 23, 2018 3:04 PM
**To:** Sara L. Trachsler <slh@cunninghambounds.com>
**Cc:** Steve Nicholas <sln@cunninghambounds.com>; Dave Wirtes <dgw@cunninghambounds.com>; Joe Steadman
<jds@cunninghambounds.com>; bposem@cunninghambounds.com; Jeffrey Bossert Clark (Jeffrey.Clark@kirkland.com)
<Jeffrey.Clark@kirkland.com>
**Subject:** RE: Kern Martin Services, Inc. v. BP America, Inc.; et al.

Steve,

BP consents.

It also appears that the Clerk has not submitted the pleadings associated with 17-cv-6131, 17-cv-6133, 17-cv-6134, and
17-cv-6135 despite being listed in the joint designations of record on appeal.  It may be helpful if your request notifies
the Clerk that these pleadings were omitted as well.

Best regards,

Devin C. Reid
Liskow & Lewis
701 Poydras Street, Ste. 5000
New Orleans, Louisiana 70139
Direct: (504) 556-4151
Fax: (504) 556-4108
dcreid@liskow.com

**From:** Sara L. Trachsler [mailto:slh@cunninghambounds.com]
**Sent:** Tuesday, February 20, 2018 11:25 AM
**To:** Devin Reid <dcreid@Liskow.com>
**Cc:** Steve Nicholas <sln@cunninghambounds.com>; Dave Wirtes <dgw@cunninghambounds.com>; Joe Steadman <jds@cunninghambounds.com>; bposem@cunninghambounds.com
**Subject:** Kern Martin Services, Inc. v. BP America, Inc.; et al.

Please see letter attached.

We have attempted to email the attachments to you, but they are too large for your email server.  Therefore, we are forwarding the pertinent documents today by FedEx.

**Sara Trachsler**
Legal Secretary to Steve C. Olen and
Steven L. Nicholas

**Cunningham Bounds, LLC**
Phone: (251) 471-6191 x121
Fax: (251) 479-1031
Toll Free: (800) 472-6191
SLH@cunninghambounds.com
www.cunninghambounds.com
Post Office Box 66705
Mobile, AL 36660



This email contains privileged and confidential information protected by the attorney
work product doctrine and attorney-client privilege. If you receive this email in error,
please notify the sender immediately.