UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: J JUDGE BARBIER |
| This Document Relates to: *Nos. 12-970 AND 18-435, 17-16366, 17-16241, 17-17789, 17-16248, 17-16266, 17-16245, 17-17790* | * * | MAG. JUDGE WILKINSON |

## ORDER & REASONS

Before the Court are multiple Motions to Require Immediate Payment or a Supersedeas Bond,[1] BP's opposition (Rec. Doc. 24141), and Movants' replies (Rec. Docs. 24212, 24214). The Court, having considered the parties' arguments, the applicable law, and the relevant record, **denies** the motions for the reasons stated below.

Movants are eight claimants in the Economic and Property Damages Settlement. ("Economic Settlement" or simply "Settlement," Rec. Doc. 6430), which is administered by the Court Supervised Settlement Program ("CSSP"). Movants each prevailed before the Settlement's Appeal Panel, and BP requested discretionary court review pursuant to § 6.6 of the Settlement. The Court denied review, and BP appealed to the Fifth Circuit. Those appeals are pending. Meanwhile, in this Court, Movants filed the instant motions.

The CSSP's current practice is that it does not pay an eligible claim until all appeals relative to that claim, including appeals to the Fifth Circuit, are exhausted or the time for taking an appeal has expired. In accordance with this practice, the CSSP has not paid Movants' claims. Movants

---

[1] Some of these motions were filed in the MDL master docket. (Rec. Docs. 24071-24076, 24213) Others were filed in member docket. (No. 17-16366, Rec. Doc. 8; No. 18-435, Rec. Doc. 5). Citations are to the master docket unless otherwise noted.

argue that the Court's "Order and Judgment" denying BP's request for discretionary review is effectively a final money judgment to which Fed. R. Civ. P. 62(d) and Local Rule 62.2 apply.[2] Therefore, Movants request that the Court either require the CSSP to immediately pay their claims or require BP to posts a supersedeas bond in the amount of the judgment plus 20%. Alternatively, Movants contend that the Court's Order and Judgment is an injunctive order—because it effectively directs the CSSP to pay Movants' claims—and BP should be required to post a supersedeas bond under Fed. R. Civ. P. 62(c) in order to stay the injunction pending appeal.

BP responds with three arguments. First, BP contends that the denial of discretionary review is not the equivalent of a money judgment or even an injunction, so Fed. R. Civ. P. 62 does not apply and no bond is required. Second, BP argues that Economic Settlement governs here, not Fed. R. Civ. P. 62, and the Settlement does not require BP to post a bond when it appeals an individual claim. Third, assuming that a denial of discretionary review is a money judgment and the Economic Settlement does not waive Fed. R. Civ. P. 62, BP urges the Court to use its discretion to exempt BP from posting a bond.

As to BP's second argument, the Court disagrees. As recognized by the Fifth Circuit, the Settlement is entirely silent about whether there is a right to appeal to the Fifth Circuit after the discretionary review stage. *In Re Deepwater Horizon*, 785 F.3d 986, 993-94, 997 (5th Cir. 2015). In fact, the Court of Appeals agreed with BP's position that because the Settlement did not expressly waive the ability to appeal, the parties had preserved that right. *Id.* at 997. Furthermore, the Court of Appeals found that Fed. R. Civ. P. 79 and Fed. R. App. P. 4 applied to this Court's

---

[2] The relevant portion of Fed. R. Civ. P. 62(d) states, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2)." Local Rule 62.2 requires that "[a] supersedeas bond staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs and any damages award, unless the court directs otherwise."

2

rulings on requests for discretionary review and appeals therefrom. *See id.* at 998; *see also In Re Deepwater Horizon*, 785 F.3d 1003, 1011 & n.5 (5th Cir. 2015). Just as the Settlement is silent with respect to the right to appeal, the Settlement also makes no mention of Fed. R. Civ. P. 62 or a supersedeas bond. Following the rationale of the Fifth Circuit's opinions, then, the Settlement does not waive or prohibit the application of Fed. R. Civ. P. 62.

As to BP's first argument, the Court will simply assume that the denial of a request for discretionary review is equivalent to a final money judgment to which Fed. R. Civ. P. 62(d) applies and move on to whether the Court should exercise its discretion to waive the requirement for a supersedeas bond.

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). "Rule 62(d) establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp. v. Shand Morahan & Co., Inc.*, 918 F.2d 462, 463-64 (5th Cir. 1990). This rule is not without exceptions, however. "If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove*, 600 F.2d at 1191. The Fifth Circuit has "recognized an exception to this general rule for situations in which the losing party 'objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal.'" *Enserch Corp.*, 918 F.2d at 464 (quoting *Poplar Grove*, 600 F.2d at 1191). This is not the only circumstance where an appellant may be relieved of the bond requirement. *See id.* (citing *Bronson v. La Crosse*

3

*& Milwaukee R.R. Co.*, 68 U.S. (1 Wall.) 405, 410 (1864); *N. Indiana Pub. Serv., Co. v. Carbon Cty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986)).

The CSSP issues settlement payments from the Settlement Trust, which is funded by BP Exploration and Production Inc. ("BPXP") and BP America Production Company ("BPAPC"), who are the "Primary Obligors" under the Economic Settlement. (Settlement §§ 5.12.1, 5.12.1.1.6, 38.14, Rec. Doc. 6430-1; Settlement, Ex. 24A, Rec. Doc. 6430-42). The Primary Obligors' promise to fund the Settlement Trust is backed by two guarantees—first by BP Corporation North America Inc. ("BPCNA") and then by BP p.l.c. (Settlement, Ex. 24A & 24B, Rec. Doc. 6430-42, -43). As of December 31, 2017, the CSSP has issued over $11 billion in payments to 129,000 claimants. (Status Report, Rec. Doc. 23875-1 at 2). According to a declaration by Michael T. Robertson, BP America's Finance Director and Controller, the Primary Obligors have thus far satisfied their duties to fund the Settlement Trust without needing BPCNA or BP p.l.c. to step in as guarantors. (Rec. Doc. 24141-1 ¶ 6). Mr. Robertson further states that BPXP, BPAPC, BPCNA, and BP p.l.c. are all financially sound and none are at risk of becoming insolvent in the foreseeable future. (Rec. Doc. 24141-1 ¶¶ 6-7). While these guarantees may not fit usual definition of a supersedeas bond and they are not specific to Movants' claims, the fact remains that BP has already provided two blanket financial protections for the benefit of the entire Settlement Class, which suggests that an additional supersedeas bond for each claim appealed would be redundant.

Movants respond that "a single declarant's unsubstantiated belief that [BP] will be able to respond to any judgments in the future . . . . is a far cry from 'a financially secure plan for maintaining the same degree of solvency during the period of the appeal' as required [by the Fifth Circuit in] *Poplar Grove*." (Rec. Doc. 24212 at 5). Perhaps Mr. Robertson's declaration is not

quite the plan *Poplar Grove* envisioned, but the Court does not rest its decision on the declaration alone. As noted above, *Poplar Grove* did not set forth the only exception to Rule 62's full supersedeas bond requirement. Here, the Court's decision to deny the instant motions is based on other considerations *in addition to* Mr. Robertson's declaration, as discussed below.

As the Fifth Circuit has recognized, "this case is no ordinary class action." *In Re Deepwater Horizon*, 819 F.3d 190, 197 (5th Cir. 2016). It is "particularly complex, even epic," "gargantuan," and "nearly unprecedented" in scope and size. *Id.*; *In Re Deepwater* Horizon, 793 F.3d 479, 490 (5th Cir. 2015). Consequently, this Court "has especially strong and flexible managerial power in this highly complex [multidistrict litigation]." *In Re Deepwater Horizon*, 819 F.3d at 198.

Since at least July 2015, the CSSP's practice has been to withhold paying a claim until all appeals, including appeals to the Fifth Circuit, are fully resolved. (*See* Rec. Doc. 14812-1 at 7, *amended by* Rec. Docs. 15575, 15643). This Court approved of that process, and it was not challenged until recently. The Court has now ruled on approximately 3,000 requests for discretionary review. More requests for discretionary review[3] and more appeals to the Fifth Circuit are expected. Consistency's sake alone suggests maintaining the current practice and denying these motions.

Of greater concern, however, are the practical problems that would likely arise if the Court were to begin requiring BP to post a supersedeas bond for each claim for which BP desires to stay payment pending appeal. Given the rate of appeals, BP's apparent solvency, and its previously-expressed concerns about the ability to recoup payments should it prevail on appeal, it seems safe to assume that if the Court accepted Movants' position and applied it to all pending and future

---

[3] In fact, over the past several months, approximately 30 requests for discretionary review are filed each *week*.

discretionary review appeals, the Court would be inundated with motions by BP requesting the Court to approve bonds and stay payments, which, of course, the Court would have to review and decide. Meanwhile, the CSSP, in order to know when it should issue payment an individual claim, must track not only which claims are appealed and which are not (as it already does), but also which of the appeals are with an approved supersedeas bonds and which are without. Notably, the CSSP would have to implement this new, additional practice at a time when the CSSP has already significantly reduced its workforce. Later, as appeals are resolved, the Court would expect to see a new wave of motions to cancel or enforce bonds, depending on the result of the appeal. Furthermore, in those situations where BP prevailed on appeal but no bond was posted, the Court would expect to see back-end motions for restitution, resulting in more litigation for this Court to manage and resolve. All of this is avoided under the CSSP's current practice.

Finally, to the extent that the real motivation behind Movants' motions is a belief that BP's appeals are frivolous and meant only to cause delay,[4] as opposed to a concern that BP will be unable to satisfy Movants' claims following an unsuccessful appeal, then Fed. R. App. P. 38[5] is likely the proper tool to address this concern, not Fed. R. Civ. P. 62. *Compare Conner v. Travis Cty.*, 209 F.3d 794, 801 (5th Cir. 2000) ("[T]he appellate court is generally better qualified to determine whether an appeal lacks merit. This finds expression in [Fed. R. App. P. 38] allowing only 'a court of appeals' to impose 'just damages and single or double costs to the appellee' in a

---

[4] One Movant expresses such a belief in its brief. (Rec. Doc. 24212 at 3-4 ) ("[R]egardless of [BP's] solvency, the Court should not waive the bond requirement because doing so would unfairly punish the claimants and reward BP by delaying payment on claims . . . . It is no secret that BP has taken the strategy of appealing large awards while paying similarly-calculated small awards . . . . The reason is clear—an appeal to the Fifth Circuit further delays the payment of large claims with no consequences to BP. . . . The frivolous nature of this appeal is evident on its face, and BP's reasons for only appealing large-sum awards is obvious—to further delay the payment of such awards for as long as possible.").

[5] Appellate Rule 38 states, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

frivolous appeal.'"), *and Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir. 2007) ("There is no provision in the rules of procedure for a district court to predict that an appellate court will find an appeal frivolous . . . ."), *with Poplar Grove*, 600 F.2d at 1190-91 ("The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.").

To summarize, the Settlement is already guaranteed by BPNCA and BP p.l.c. should BPXP and BPAPC default on their obligations; BP America's Finance Director and Controller has declared under penalty of perjury that all four of these BP entities are financially sound and not at risk of becoming insolvent in the foreseeable future; the Court has especially strong and flexible managerial power in this highly complex litigation; for nearly three years the CSSP's practice has been to withhold payment on a claim until all appeals are fully exhausted; a number of practical problems would likely arise should the Court require BP to post a supersedeas bond in order to stay payment pending appeal; and to the extent Movants' real concern is that BP is filing frivolous appeals, then Fed. R. App. P. 38 appears to be the appropriate mechanism for addressing this concern.

Accordingly,

IT IS ORDERED that the Motions to Require Immediate Payment or a Supersedeas Bond (No. 10-md-2179, Rec. Docs. 24071-24076, 24213; No. 17-16366, Rec. Doc. 8; No. 18-435, Rec. Doc. 5) are DENIED.

New Orleans, Louisiana, this 29th day of March, 2018

_____
United States District Judge