## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| This Document Relates to: *Remaining Cases in the B3 Pleading Bundle* | JUDGE BARBIER |
| | MAGISTRATE JUDGE WILKINSON |

<u>**PRETRIAL ORDER NO. 66**</u>

**[Requiring Remaining B3 Plaintiffs to Submit Particularized Statements of Claim and Requiring Additional Information about Potential Medical Settlement Class Members]**

Pursuant to Pretrial Order No. 63 and its related orders, those B3 plaintiffs who are compliant with PTO 63 have now pled their claims through individual complaints and submitted sworn statements with certain basic information about themselves and the types of B3 claims they seek to pursue in this consolidated litigation.  These B3 plaintiffs (the "Remaining B3 Plaintiffs") are subject to further proceedings in MDL 2179 and this Pretrial Order No. 66.[1]

In order for the Court and the parties to better understand the nature and scope of the injuries, damages, and causation alleged by the various Remaining B3 Plaintiffs, this Pretrial Order No. 66 requires the Remaining B3 Plaintiffs to provide more particularized information regarding their claims.  This includes Remaining B3 Plaintiffs regardless of whether they are alleging exposure claims, personal injury claims, contract claims, or some combination of such claims. The protocol set forth in this Order will assist the Court to streamline the remaining B3 claims and facilitate the administration of this MDL and the prosecution of the coordinated actions herein.

---

[1]   The Remaining B3 Plaintiffs are listed in the Updated PTO 63 Compliance List dated April 6, 2018 (Rec. Doc. 24268). The Updated PTO 63 Compliance List may be found on the Court's public website for MDL 2179, www.laed.uscourts.gov/oilspill, under the entry for April 6, 2018.

Accordingly, this PTO 66 requires the Remaining B3 Plaintiffs to provide a more particularized statement regarding their claims in the form of the attached Exhibit A.  **It is imperative that plaintiffs provide responses that are as specific and accurate as practicable.**

To aid in the further administration of the claims of the Remaining B3 Plaintiffs, the Court **ORDERS AS FOLLOWS**:

## I.   PARTICULARIZED STATEMENT OF CLAIM

1.   *Particularized Statement of Claim*.  No later than **Monday, July 9, 2018**, each Remaining B3 Plaintiff shall complete, sign, and serve the attached Particularized Statement of Claim, attached as Exhibit A to this Order, on both Counsel for BP and the PSC by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn:  J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

2.   *Verification and Attestation*.  Plaintiffs' Statements of Claim must be dated and verified by the signature of the Remaining B3 Plaintiff (and for any Remaining B3 Plaintiffs who are businesses, the CEO, CFO, President, Owner, or similar senior corporate officer) attesting, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the answers provided to the Court are true and correct.

3.   *Compliance With This Order*.  <u>**Any Remaining B3 Plaintiff who fails to comply with his or her obligations under this Order may be required to show cause to this Court why his, her, or its claims should not be dismissed with prejudice**</u>.  By **Tuesday, August 7, 2018,** BP will submit *in camera* to the Court and to the PSC:  (a) a list of plaintiffs that BP in good faith believes made submissions in response to PTO 66 that reasonably complied with the

requirements of PTO 66, and (b) a list of plaintiffs that made some form of submission in response to PTO 66, but whose submissions BP in good faith believes are materially deficient for one or more identified reasons. Any Remaining B3 Plaintiffs who fail to submit a verified Particularized Statement of Claim substantially in compliance with the requirements of this Order by **Monday, July 9, 2018** may be required to show cause why their complaints should not be dismissed with prejudice without further notice.

## II. ORDER AS TO REMAINING B3 PLAINTIFFS WHO ARE MEMBERS OF THE MEDICAL SETTLEMENT CLASS.

Certain of the Remaining B3 Plaintiffs indicated in their PTO 63 sworn statements that they believe themselves to be members of the Medical Benefits Class Action Settlement Class (the "Medical Settlement Class"). To the extent those or other Remaining B3 Plaintiffs are indeed settlement class members and are seeking to pursue claims in this litigation that are Released Claims under the Medical Benefits Class Action Settlement, their claims are subject to this Court's Order and Judgment enjoining such claims. (Rec. Doc. 8139)

By **Wednesday, May 9, 2018,** counsel for BP shall therefore provide a copy of this Order to Garretson Resolution Group, the Claims Administrator for the Medical Benefits Class Action Settlement, along with a list of those Remaining B3 Plaintiffs who either (1) identified themselves on their PTO 63 sworn statements as members of the Medical Settlement Class, or (2) based on BP's review and analysis, did not submit a timely and valid request to opt out of the Medical Settlement Class (or who revoked an opt out request). The Claims Administrator is hereby expressly authorized (including pursuant to 45 C.F.R. § 164.512(e)(1)(i) and Sections XXI.A.5 and XXI.B.3(a) of the Medical Benefits Class Action Settlement Agreement (Rec. Doc. 6427-1)) and directed to review the list to be provided by BP and to inform the Court, BP, and the PSC *in camera* whether any of the Remaining B3 Plaintiffs on BP's list submitted claims under the

Medical Benefits Class Action Settlement and, if so, whether the Claims Administrator determined them to be class members.  The Claims Administrator shall provide its report to the Court within 30 days of receiving the list from BP.

## III.   STAY OF PROCEEDINGS.

The provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying responsive pleadings in all MDL 2179 matters, and staying individual petitions or complaints that fall within pleading bundles B1 or B3, remain in effect until further order of the Court.  Proceedings in individual cases in any other pleading bundles likewise remain stayed until further order of the Court.

New Orleans, Louisiana, this 9th day of April, 2018.

CARL J. BARBIER
United States District Judge

Note to Clerk.  Mail copies of this PTO 66 and Exhibit A to the following Remaining B3 Plaintiffs who are unrepresented:

| | |
|---|---|
| Evans, Robert (Engineers & Filmmakers Computer Users Group) | 16-03966 |
| DeBose, Karen Ann | 17-03670 |
| Fetterhoff, Carol L. | 17-03350 |
| Fetterhoff, Chelsea | 17-03350 |
| Fetterhoff, Chayton Lee | 17-03350 |
| Watson, Esther Marie | 16-15259 |
| Baker, Edward Joseph | 17-03685 |
| DeBose, Chrishawn Derrick | 16-10335 |
| Wesley, Charles William Jr. | 17-03326 |
| Merchant, Raymond Joe | 15-04290 |

-4-

| | |
|---|---|
| Wallace, Aaron Anthony Sr. | 13-06153 |
| Thompson, Joe | 17-02854 |
| Moreau, Elizabeth Renee | 16-05754 |
| The Queen Esther Commercial Fishing | 16-15255 |
| McBride, Richard | 16-06635 |
| Burkett, Craig Michael | 17-03681 |
| DeBose, Jimmy Raymond | 17-03675 |
| Keyes, Ellis | 14-02211 |
| McBride, Rico | 16-15255 |