UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL No. 2179 |
| | | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: *No. 12-970, Claim ID 268668* | * * | MAG. JUDGE WILKINSON |

## ORDER

The Court previously set a 25% cap on contingent fee arrangements for attorneys representing claimants in the Economic and Property Damages Settlement or the Medical Benefits Settlement. ("Fee Cap Order," Rec. Doc. 6684). Before the Court is a motion by the law firm of Farrell & Patel requesting that it be permitted to charge a fee in excess of the 25% cap with respect to one claim it represented in the Economic Settlement. (Rec. Doc. 24163).[1]

The Fee Cap Order states, in relevant part:

> Obviously, 25% is only a <u>ceiling</u> for contingent fees. Attorneys and their clients are free to agree to amounts lower than 25%. Attorneys have an ethical responsibility to charge only reasonable fees. *See* Model Rules of Prof'l Conduct R. 1.5(a). In many cases, a reasonable fee may be less than 25%, particularly for a relatively simple claim by an individual. This Order is not intended to allow or encourage attorneys to charge more than a reasonable fee under any circumstance.

> Finally, because "it is not unreasonable to conclude that certain rare circumstances might exist which would warrant a departure, in either direction, upwards or downwards, from the universal fee cap," attorneys are permitted to file an objection with the Court. *In re Vioxx*, 650 F. Supp. 2d at 564. Attorneys must serve the objection on the involved client, who will be permitted to submit contrary evidence. The Court may choose to appoint a special master to take evidence and make a recommendation to the Court. If the Court determines that a departure is warranted in a particular case, either upward or downward, the Court will determine a reasonable fee based on the unique circumstances presented after deducting the cost associated with this process. *See id.* at 564-65.

---

[1] The Clerk's Office marked the motion deficient, but the Court has considered it anyway.

(Fee Cap Order at 3-4).

The Court has familiarized itself with the circumstances surrounding this claim and finds that this is not one of the "rare circumstances" warranting departure from the 25% fee cap. Accordingly,

IT IS ORDERED that the Motion Requesting Relief from Order (Rec. Doc. 24163) is DENIED.

New Orleans, Louisiana, this 10th day of April, 2018

_____
United States District Court