## EXHIBIT A

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
No. 10-MD-2179

**PTO 65 VERIFIED STATEMENT REGARDING CAUSATION AND DAMAGES (B1 CLAIMS)**

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Leveritt | Bryan | David | |

| Business Name | Last 4 digits of Plaintiff's social security number (if individual) or full Tax ID number (if business plaintiff) |
|---|---|
| St Christopher Services INC | 0889 — 47/020620 |

| MDL 2179 Member Case Number | Attorney Name and Firm |
|---|---|
| Section J | |

All "Remaining B1 Plaintiffs" (as defined in PTO 65) must answer the questions below regarding damages and causation. Responses must be as specific and accurate as practicable and shall be given under penalty of perjury. It is a violation of PTO 65 to submit an answer that is, for example, generic, vague, evasive, or misleading. **The plaintiff (not the plaintiff's attorney) must sign and date the verification and attestation at the end of this form.** Responses shall be filed in the record for the plaintiff's **individual lawsuit** (not the master docket for MDL 2179) by no later than **April 11, 2018.**

You may attach additional pages to this form if you need extra room to answer a question. Make sure to indicate the question you are continuing to answer.

1

**Question 1:** Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount.

The St. Christopher Services Inc started working on the restoration of the St. Christopher sailing ship in 1998. Hurricane George moved the St Christopher from its mooring to salt marsh at the mouth of Soux Bayou. Our organization continued the renovate the sailing ship. The oil spill occured April 20, 2010. Volunteers were set to move the ship by barge. The first phase to move the ship was placing the Jacking system in place. This had been Done. The second phase was the removal of ballast. At this point the Obama Administration had closed the "waters" to curtail contenmination.

**Question 2:** Describe specifically the evidence you rely on to prove the damages you allege in response to Question no. 1.

David Hick our project manager, who is Naval architect, and engineer was the person provided detail analyses of the vessel and project

**Question 3:** Describe specifically how the Deepwater Horizon/Macondo Well incident and oil spill caused the damages you allege in response to Question no. 1.

Bp was grossly negligent in the days before the oil spill disaster. It was determined that Bp was the responsible party under the Oil pollution Act of 1990. The oil spill covered the Gulf Coast which was the reason for the water closing and moratorium

> **Question 4:** Do you have at this time an expert who will opine as to any of your responses to the above questions? (Yes or No)
>
> yes.

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above four questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the damages described in response to Question no. 1 were caused by the Deepwater Horizon/Macondo Well incident and oil spill.

Executed on the following date at the following location:

Date: April 11, 2018

Location (City and State): Mobile Alabama

_____
Signature of Plaintiff*

NOTARY PUBLIC
JANET RANKINS
ALABAMA, STATE AT LARGE
My Commission Expires May 5, 2018

*Plaintiff's Attorney <u>Cannot</u> Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

Bryan R. Leverith
Print Name

_____
Title/Position (if signed on behalf of a business or other entity)

The verified statement, must be filed into the record of the plaintiff's <u>individual lawsuit</u> (as opposed to the master docket for MDL 2179) no later than <u>April 11, 2018</u>.

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRYAN LEVERITT, INDIVIDUALLY AND O/B/O ST. CHRISTOPHER SERVICES, INC | * * * | CIVIL ACTION NO.: 17-6102 |
| VERSUS | * * | SECTION: |
| BRITISH PETROLEUM EXPLORATION PRODUCTION, INC, TRANSOCEAN ENTITIES, HALLIBURTON ENERGY SERVICES, INC | * * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

The complaint of BRYAN LEVERITT, INDIVIDUALLY AND O/B/O ST. CHRISTOPHER SERVICES, a person of the full age of majority and resident of Mobile County, State of Alabama, (hereinafter sometimes referred to as "Plaintiff", who, respectfully represent as follows:

I.

Made defendants herein are:

(A) BRITISH PETROLEUM EXPLORATION, INC., a foreign corporation doing business in the State of Louisiana;

(B) TRANSOCEAN ENTITIES, a foreign corporation doing business in the State of Louisiana;

(C) HALLIBURTON ENERGY SERVICES, INC., a foreign corporation doing business in the State of Louisiana.

II.

The jurisdiction of this claim falls under the Economic Settlement claim that are the subject to the Moratorium Hold and Pre-Trial Order #60 Requiring an individual complaint with the Pre-Trial Order #60 (10 md-2179, Rec. Doc. 16050, no later than June 23, 2017, under Oil Pollution Act, 33 U.S.C.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 1333(1), and is being brought pursuant to the provisions of 46 U.S.C.Section 688 (the "Jones Act"), and the provisions of the general maritime law.

III.

Plaintiff at all times is a domicile of Mobile, Alabama.

IV.

The defendants are **BRITISH PETROLEUM EXPLORATION, INC., TRANSOCEAN ENTITIES and HALLIBURTON ENERGY SERVICES, INC.**, justly and truly indebted unto your Plaintiff, **BYRAN LEVERITT, INDIVIDUALLY AND O/B/O ST. CHRISTOPHER SERVICES**, for the following reasons to-wit:

V.

At all times Bryan Leveritt has owned and developed a sailing ship(s) St. Christopher Services, Inc. to be used as a training sail ship for Christian humanitarian disaster services and youth services as full active sailing ships and maintaining the historic vessel.

On or about April 20, 2010, plaintiff was in the process of restoring and moving the vessel St. Christopher to Steiner Shipyard to Bayou Labatrie in Alabama.

VI.

On May 28, 2010, President Obama issued an Executive Order essentially ended any

efforts for continued deep-water drilling in the Gulf of Mexico. Pretty much all exploration and drilling activities in the Gulf of Mexico ended due to the "Moratorium" as presented and signed by the President. Unfortunately for other working in the Gulf in non-oil Exploration and Drilling activities, the unintended result of the "Moratorium" was, due to misunderstandings or intended overreach by the regulatory agencies involved, this Disruption and Interference caused a loss of income.

## VII.

Therefore, as a direct result of the "Moratorium" signed by President Obama, St. Christopher Services was unable to proceed with the movement of the vessel, "St. Christopher" to the intended repair shipyard. The Department of Homeland Security, US Coast Guard would not allow any vessel to transit the affected waters of the Gulf of Mexico unless it was necessary for continued "Commerce" or where denying passage would create an impact upon "Trade" or International Agreements. The need for a non-profit Christian Based Services Organization to transit the affected waters did not rise to meet those requirements.

## VIII.

Before the expiration of the Executive Order, the MS Department of Marine Resources/US Army Corps of Engineers Joint permit for St. Christopher Services salvage of the Schooner "St. Christopher" expired and was not renewed by the State of Mississippi. The "St. Christopher" continues to waste away due to vandalism and the Natural Elements.

**The following are estimates of damages caused by the Deepwater Horizon Disaster to Mr. Leveritt and St. Christopher Services:**

1. Cost to dredge 650' x 30' work canal: 2800 cu yards $37,800.

2. Lost opportunity: Cost to acquire approved fill and place in canal: 2800 yards $42,000.

3. Lost opportunity: Cost to plant indigenous foliage and maintain oversight for 12 months and warrant proper growth @ 19,000 Sq ft. at 4.00 per Sqft = $78,000.

Current value of Non Jones vessel pre-spill Steel Hull 3,500,000. plus for Non Jones Act Complaint vessel. To Rebuild New to U.S. Flag US Jones Act Compliant, fully Restored 25 million. The St. Christopher (of a total Rebuild) would be Jones Act approved months and warrant proper growth

4. Cost to provide a vessel of like capability, equipage, and mission function. Est. a 149 ft 200 vessel of 170 gross tons designed for sailing service.

5. Cost to replace other volunteer work performed 250,000 to 300,000.

6. Legal and permit fees lost 8000

7. Income loss and loss of use of vessel. 10,000 per day. The president Bryant Leveritt had to endure the assault of the Mississippi Marine Resource when we were unable to move St. Christopher Due to the water closure and the moratorium

The above described incidents were caused solely by the negligence of Defendants, BRITISH PETROLEUM EXPLORATION, INC., TRANSOCEAN ENTITIES and HALLIBURTON ENERGY SERVICES, INC.

X.

In the alternative plaintiff alleges the doctrine of res ipsa loquitur.

XI.

Plaintiffs are entitled to pre-judgment interest on damages from the date of judicial demand and all costs of this proceeding.

**WHEREFORE**, petitioner, **BRYAN LEVERITT, INDIVIDUALLY AND O/B/O ST. CHRISTOPHER SERVICES, INC.** pray that after all due proceedings are had, judgment be rendered against the defendants, **BRITISH PETROLEUM EXPLORATION, INC., TRANSOCEAN ENTITIES and HALLIBURTON ENERGY SERVICES, INC.,** *in solido,* and in favor of plaintiffs awarding all damages, including compensatory damages, special and general damages, that are reasonable in the premises, together with judicial

NOTARY PUBLIC
**JANET RANKINS**
ALABAMA, STATE AT LARGE
My Commission Expires May 5, 2018

4

\\CERULLO-PC2\CERULLO LAW DATA\CLIENT - ACTIVE FILES\BP COMPLAINT\BP COMPLAINT.DOC

interest and all costs of these proceedings, and all relief allowed by law.

Thomas C. Cerullo, J.D.
The Law Firm of Thomas C. Cerullo, APL
3900 N. Causeway Boulevard, Suite 1045
Metairie, LA 70002
Telephone: (504) 831-6945
LBA #: 03966

**PLEASE SERVE:**

BRITISH PETROLEUM EXPLORATION, INC.
Thru their attorney through the Long Arm Statute
Kirkland & Ellis LLP
Andrew Langan
300 North LaSalle Suite 2400
Chicago, Ill 60654

TRANSOCEAN ENTITIES
Through their agent for service of process
Through the Long Arm Statute
Kirkland & Ellis LLP
Andrew Langan
300 North LaSalle Suite 2400
Chicago, Ill 60654

HALLIBURTON ENERGY SERVICES, INC.,
Through their agent for service of process
Through their agent for service of process
Through the Long Arm Statute
Kirkland & Ellis LLP
Andrew Langan
300 North LaSalle Suite 2400
Chicago, Ill 60654

MDL 2179 Plaintiff's Steering Committee
Attn: Steve Herman or Jim Roy
The Exchange Centre, Suite 2000
935 Gravier Strret
New Orleans, La. 70112