# EXHIBIT A

| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* No. 10-MD-2179 |||||
|---|---|---|---|---|
| PTO 65 VERIFIED STATEMENT REGARDING CAUSATION AND DAMAGES (B1 CLAIMS) |||||
| Last Name | First Name || Middle Name/Maiden | Suffix |
| Business Name SAS EQUITY REIT WYNDHAM ORANGE BEACH, LLC |||  Last 4 digits of Plaintiff's social security number (if individual) or full Tax ID number (if business plaintiff) 65-0215061 ||
| MDL 2179 Member Case Number 13-cv-02924 13-cv-2551 14-cv-2919 |||  Attorney Name and Firm Patrick S. Montoya Colson Hicks Eidson ||

All "Remaining B1 Plaintiffs" (as defined in PTO 65) must answer the questions below regarding damages and causation. Responses must be as specific and accurate as practicable and shall be given under penalty of perjury. It is a violation of PTO 65 to submit an answer that is, for example, generic, vague, evasive, or misleading. **The plaintiff (not the plaintiff's attorney) must sign and date the verification and attestation at the end of this form.** Responses shall be filed in the record for the plaintiff's **individual lawsuit** (not the master docket for MDL 2179) by no later than **April 11, 2018**.

You may attach additional pages to this form if you need extra room to answer a question. Make sure to indicate the question you are continuing to answer.

1

**Question 1:** Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount.

In 2007, the plaintiff's parent company, Seminole Equity REIT (formerly SAS Equity REIT) issued a land loan on the subject site, 4.88 acres of beachfront property located in Baldwin County, Alabama. The borrower was in the planning stages of developing the site into a Wyndham hotel. The loan subsequently went into default, and the hotel was not built. In 2008, Seminole Equity REIT took a deed in lieu of foreclosure, taking title in the name of its wholly-owned subsidiary, SAS Wyndham Orange Beach, LLC, the plaintiff. At the time of the spill, the property was listed for sale, but was not under contract. The property was oiled by the spill, causing its value to be diminished, based on appraisals obtained by the plaintiff. The plaintiff alleges that, even after the physical oil was cleaned up, the property continued to be tainted and stigmatized by the spill. Furthermore, the plaintiff asserts that the spill greatly affected the economy, real estate market, and tourism of the gulf coast areas, particularly beachfront properties, and as the fallout from the spill rippled through the economy, the full effects of spill became realized. The property continued to decline in value until at least 4/8/12, when it was appraised for $3,825,000.00. The property was eventually sold on October 31, 2012.

**Proof of Damages:**

The damages can be quantified by taking the difference in the value of the property both before and after the spill. The following appraisals were obtained for the property:

1. 7/2/08 appraisal of the property for $12,750,000.00.

2. 4/20/10 (pre-spill) retrospective appraisal for $12,400,000.00.

3. 3/5/11 appraisal for $9,100,000.00.

4. 4/8/12 appraisal for $3,825,000.00.

On 10/31/12, the property was sold in an arm's length transaction for $6,155,000.00.

2

2

**Calculation of Damages**:  April 20, 2010, pre-spill value of property was $12,400,000.  On 10/31/12, the property sold for $6,155,000.00.   $12,400,000.00 less $6,155,000.00 = $6,245,000.00 in damages.

_____

Case 2:10-md-02179-CJB-DPC Document 24339 Filed 04/11/18 Page 3 of 6

**Question 2:** Describe specifically the evidence you rely on to prove the damages you allege in response to Question no. 1.

Based on the property's parcel identification numbers, the presence of oil was reported on the property after the spill by the Deepwater Horizon Unified Command Shoreline Cleanup Assessment Teams, according to the "mapping tool" on the www.deepwaterhorizonsettlement.com website.

Other than from an actual sale, the best evidence of a property's value is through an appraisal performed by a professional appraiser. The following appraisals were obtained for the property:

    1. 7/2/08 appraisal of the property for $12,750,000.00.

    2. 4/20/10 (pre-spill) retrospective appraisal for $12,400,000.00

    3. 3/5/11 appraisal for $9,100,000.00

    4. 4/8/12 appraisal for $3,825,000.00

The property was listed through a broker and sold on 10/31/12 in a fully arms-length transaction for $6,155,000.00. This is the best evidence of the value of the property after the full effects of the spill became realized.

3

**Question 3:** Describe specifically how the Deepwater Horizon/Macondo Well incident and oil spill caused the damages you allege in response to Question no. 1.

The plaintiff alleges that the oil spill caused a general downturn in the economy of the gulf coast regions affected by the spill, particularly beachfront properties. The plaintiff further asserts that the spill created a stigma which caused a ripple effect in the real estate market and tourism that continued to negatively affect property values, including the subject property. The subject property continued to decline in value until at least 4/8/12, when it was appraised for $3,825,000.00. Based upon a retrospective appraisal valuing the property on 4/20/10 (pre-spill), the property was worth $12,400,000.00 at the time of the spill. In the period between the 4/8/12 appraisal and the sale date of 10/31/12, the property began to recover in value. Since the plaintiff continued to hold the property until after the market began to recover, its damages were mitigated. On 10/31/12, the property was sold in a fully arms-length transaction, with no distress or pressure to sell, for $6,155,000.00.

5

> **Question 4:** Do you have at this time an expert who will opine as to any of your responses to the above questions? (Yes or No)
>
> _____Yes._____

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above four questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the damages described in response to Question no. 1 were caused by the Deepwater Horizon/Macondo Well incident and oil spill.

Executed on the following date at the following location:

Date: April 11, 2018_____, 2018

Location (City and State): Belleair Bluffs, FL_____

_____
**SAS EQUITY WYNDHAM ORANGE BEACH, LLC**, a Delaware limited liability company
By: Timothy S. Fetter, Trust officer, Seminole Equity REIT, a Maryland real estate investment trust, its sole member

*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

**Timothy S. Fetter**
_____
Print Name

**Trust Officer**
_____
Title/Position (if signed on behalf of a business or other entity)

**The verified statement, must be filed into the record of the plaintiff's <u>individual lawsuit</u> (as opposed to the master docket for MDL 2179) no later than <u>April 11, 2018</u>.**

5