## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION J |
| | * | JUDGE BARBIER |
| This Document Relates To: | * | MAG. JUDGE WILKINSON |
| Deepwater Horizon Economic Claim Center Claimant 100049935 | * | |

### MEMORANDUM IN SUPPORT OF
### MOTION TO ENFORCE CONFIDENTIALITY ORDER

Lewis, Kullman, Sterbcow & Abramson, LLC ("LKSA") and Jessica Ibert ("Ibert"), respectfully move this Court for an ordering enforcing the June 29, 2012 Confidentiality Order governing dissemination of Deepwater Horizon Economic Claim Center ("DHECC") claimant information (R. Doc. 6822) by quashing subpoenas issued to LKSA and Ibert seeking production of DHECC information related to Claimant 100049935, The Finish Line, Inc. ("Finish Line"), and attorney testimony regarding LKSA's representation of Finish Line in the DHECC.

### PROCEDURAL BACKGROUND

LKSA represents DHECC Claimant Finish Line.  On June 29, 2012, this Court issued a Confidentiality Order governing the dissemination of DHECC claims information. (R. Doc. 6822). LKSA was served with a *subpoena duces tecum* by Pumilia & Adamec, LLP ("Pumilia") and Jayesh Patel ("Patel"), defendants in a legal malpractice suit filed by Finish Line pending in California state court.  The subpoena seeks production of LKSA's client file for Finish Line.  Ms. Ibert was served with a deposition subpoena for testimony regarding the firm's representation of Finish Line in the DHECC.  Undersigned avers that neither subpoena complies with Louisiana law, nor do they comply with this Court's June 29, 2012 Confidentiality Order.  Thus, movers

bring this motion before the Court to request an order enforcing the June 29, 2012 Confidentiality Order by quashing the *subpoena duces tecum* seeking LKSA's client file for Finish Line and the subpoena seeking attorney testimony from Ibert regarding representation of Finish Line in the DHECC.

## FACTUAL BACKGROUND

Finish Line is a multi-facility business that sells athletic shoes, clothing, and accessories. It is headquartered in Indianapolis, Indiana and has over 900 stores throughout the United States. Finish Line operated approximately 69 facilities within the Gulf Coast Areas as defined by the Settlement Agreement at the time of the oil spill. Finish Line retained Ryan Law, LLP, Ryan LLC, Kevin Prins and Jon Sweet (hereinafter referred to as "Ryan") to file claims in the MDL 2179 economic class settlement. However, only 13 claims were filed for Finish Line facilities with the DHECC by the June 8, 2015 filing deadline, despite the fact that all 69 of the facilities operating in the Gulf Coast Areas at the time of the spill were eligible for evaluation by the DHECC.[1]

Finish Line filed two legal malpractice claims: one in the Superior Court of the State of California, County of Los Angeles, Case No. BC633988, against Pumilia and Patel; and a second suit in the State Court of Indiana, Marion County, Case No. 49D01-1606-PL-21894, against Ryan. Both suits allege negligent failure to file all claims by the June 8, 2015 filing deadline. Finish Line alleges that it hired Ryan around August 2014 to submit and pursue its claims with the DHECC; that Ryan entered into a subcontractor agreement with Pumilia and Patel to handle Finish Line's claims without Finish Line's knowledge; and, that either Pumilia and Patel and/or Ryan failed to timely file all claims available to Finish Line before the June 8, 2015 filing deadline.

---

[1] Because Finish Line's headquarters is located in Indiana and each facility maintains separate profit and loss statements, Finish Line was ineligible to file a consolidated claim with the DHECC for all of its facilities and was required to file separate claims for each facility it wished to pursue with the DHECC. See Deepwater Horizon Economic and Property Damage Settlement Agreement, Exhibit 5 (R. Doc. 6430-13).

LKSA was retained by Finish Line on July 30, 2015, six weeks **after** the final claims filing deadline, to manage the 13 claims that were pending within the settlement program.  Yet, Pumilia and Patel pled LKSA's comparative fault as an affirmative defense in the California litigation, alleging that LKSA could have filed additional claims for Finish Line after the June 8, 2015 deadline.  Despite repeated requests, Pumilia and Patel have provided no factual basis for this allegation.

Finish Line's 13 claims against BP have been processed.  However, Finish Line's claims against Halliburton and Transocean ("HESI/TO") are still pending.  LKSA is counsel of record for Finish Line in the pending HESI/TO claims.  Ibert is the attorney at LKSA who is handling Finish Line's claims and has assisted Finish Line's counsel in the malpractice litigation.

Without notice or opportunity to discuss, LKSA was served by Pumilia and Patel with a *subpoena duces tecum* seeking production of all documents and communications exchanged between LKSA and the DHECC related to Finish Line and LKSA's internal notes and memoranda regarding same. (Exhibit 1).  Ibert was individually served by Pumilia and Patel with a subpoena to appear for a deposition.  (Exhibit 2).  The subpoenas clearly violate Louisiana law and this Court's Confidentiality Order.  Therefore, undersigned counsel objected to both subpoenas in writing.  In particular, the deposition of Ibert violates Louisiana law, is not necessary to the legal malpractice action, infringes upon attorney-client privilege and work-product immunity and will not go forward absent court order after all appeals are exhausted. (Exhibit 3).

When Pumilia and Patel served the subpoenas on LKSA, they had already obtained copies of all claim documentation through a subpoena issued to the DHECC.  Our objection notwithstanding, LKSA suggested a compromise wherein LKSA would provide counsel for Finish Line in the California and Indiana litigations information not already in their possession, if any,

upon compliance with this Court's Confidentiality Order. Finish Line's counsel could then decide what information was discoverable in the ongoing malpractice litigation and produce it to Pumilia and Patel. Unfortunately, Pumilia and Patel rejected the proposed compromise. Instead, they filed a motion to compel the document production and Ibert's deposition in Orleans Parish Civil District Court, which came for hearing before Judge Melvin Zeno on March 9, 2018. (Exhibit 4). At the hearing, Judge Zeno advised Patel and Pumilia that their motion and subpoenas were procedurally improper and would be dismissed. Pumilia and Patel withdrew their motion to compel and filed a re-tooled Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas in Orleans Parish Civil District Court, which is set for hearing on April 13, 2018. (Exhibit 5).

Shortly after the March 9, 2018 hearing, the undersigned learned that an oral offer was made by the DHECC through its counsel to respond to written questions submitted by all interested parties related to the Finish Line malpractice litigation. Unfortunately, Pumilia and Patel indicated they would reject the offer. Counsel for the DHECC submitted this offer to LKSA and Pumilia and Patel in writing on March 21, 2018, noting if the parties were unable to agree on the procedure offered by the DHECC, pursuit of formal discovery through other means must fully comply with this Court's June 29, 2012 Confidentiality Order. (Exhibit 6). LKSA accepted the DHECC's offer, as it is a reasonable alternative to the subpoenas served on LKSA and Ibert and the best way for Pumilia and Patel to obtain the information they seek. (Exhibit 7). To date, Pumilia and Patel have not responded to the proposed compromise.

Two days before DHECC's proposed compromise, the undersigned received an email from counsel for the Indiana malpractice defendants, Ryan, describing an intent to "piggyback" on the subpoena and motion for Ibert's deposition. (Exhibit 8). This was the first communication received from counsel for Ryan regarding the desire to obtain information from LKSA and its

lawyers regarding the handling of Finish Line's claims.  Counsel for Pumilia and Patel were copied on the email.  The undersigned responded that any decision allowing Ibert's deposition to go forward would be appealed and likely not resolved for some time. (Exhibit 9).  Counsel for Ryan responded with a pithy email and no mention of a compromise.  (Exhibit 10).  The undersigned confirmed that LKSA would follow Louisiana law pertaining to attorney depositions and reiterated the need for the malpractice defendants to seek answers from the DHECC regarding whether any claims could be filed after the June 8, 2015 deadline. (Exhibit 11).  Indeed, the DHECC is the only entity that can state definitively 1) whether any procedure existed for Finish Line to file additional claims beyond the June 8, 2015 filing deadline; 2) if so, what procedure existed; 3) if any such action was taken on behalf of Finish Line, by whom and when; and 4) what the outcome would have been had Finish Line taken additional action.  Pumilia and Patel's counsel then interjected in the communication stating that Pumilia and Patel intends to take the deposition of a DHECC "claims liaison" (but provided no confirmation of same), that Pumilia and Patel has an independent entitlement to the deposition of Ms. Ibert and then tried to pit LKSA against Finish Line. (Exhibit 12).

The undersigned then sent a final, self-explanatory response to counsel for Pumilia and Patel and Ryan. The subpoenas are illegal.  Given the comparative fault accusations made against LKSA, LKSA will oppose any attempts by the malpractice defendants to scapegoat LKSA for their professional negligence.  The malpractice defendants were put on notice that LKSA will seek to stay the local state court proceedings and file this motion to enforce the June 29, 2012 Confidentiality Order, as this Court has exclusive jurisdiction. (Exhibit 13).

On April 2, 2018, the undersigned filed an Opposition to the Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas in Orleans Parish Civil District Court. LKSA and

Ibert request that Judge Zeno either dismiss the matter for lack of jurisdiction due to this Court's exclusive and continuing jurisdiction, stay the proceedings until this Court rules on the instant motion, or deny the relief sought because the subpoenas do not comply with the Louisiana Code of Civil Procedure and the Louisiana Code of Evidence. (Exhibit 14).

On April 3, 2018, Ryan filed a Motion to Intervene and Enforce Subpoenas in Orleans Parish Civil District Court seeking to join Pumilia and Patel and enforce the subpoenas issued to LKSA and Ibert. (Exhibit 15). They filed an Amended Memorandum with attached exhibit on April 11, 2018. (Exhibit 16). Ryan adopts the arguments set forth in Pumilia and Patel's motion. They do not state facts illustrating why Ryan independently meets the standard required by Louisiana law to obtain a law firm's client file and attorney testimony regarding representation of a client. The Ryan motion has not been set for hearing.

Against this factual and procedural background, movers seek an Order enforcing this Court's June 29, 2012 Confidentiality Order by quashing the subpoenas issued to LKSA and Ibert for the reasons discussed below.

## <u>LAW AND ARGUMENT</u>

This Court has jurisdiction over this matter pursuant to Sect. 18.1 of the Deepwater Horizon Economic and Property Damage Settlement Agreement and this Court's June 29, 2012 Confidentiality Order regarding the dissemination of claimant settlement program information.

The Settlement Agreement specifically states:

The Court shall retain continuing and exclusive jurisdiction over the Parties and their Counsel for the purpose of enforcing, implementing and interpreting this Agreement, including all issues relating to the scope, application and/or operation of the Release in Section 10 above, including jurisdiction over all Economic Class Members, and over the administration and enforcement of the Agreement and the distribution of its benefits to Economic Class Members, and any dispute arising as to the action or election of any Party under Section 21 below regarding the enforceability or illegality of any provisions of this Agreement. Any disputes or

controversies arising out of or related to the interpretation, enforcement or implementation of the Agreement and the Release shall be made by motion to the Court. In addition, the Parties, including each member of the Economic Class as defined in the Final Order and Judgment, and their Counsel are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement.

(R. Doc. 6430-1, Sect. 18.1).   Further, in provisions 3, 4, 11 and 18, the June 29, 2012

Confidentiality Order states:

3.   ***The Purpose of this Order.***   This Order defines the terms on which third parties may obtain access to Claims Information and the proper use of such information by any recipients of Claims Information.

4.   ***Confidentiality of Claims Information.***   All Claims Information shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court.

11.   ***Provision of Claims Information in Response to Subpoenae or Other Legal Process.***   []This Court has continuing and exclusive jurisdiction over any proceedings regarding the validity, enforceability, scope, compliance and other issues regarding any legal process.

18.   ***Exclusive Retained Jurisdiction.***   This Court retains continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order.

(R. Doc. 6822).  The subpoenas at issue seek confidential claims information from LKSA and

testimony from its attorney.  Thus, this matter is properly before this Court for consideration.

### A.  The subpoenas issued to LKSA and Ibert seek information governed by the June 29, 2012 Confidentiality Order.

Pumilia and Patel seek a copy of LKSA's client file for Finish Line.  LKSA's representation

of Finish Line includes handling its claims with the DHECC and the HESI/TO settlement program

as well as assisting Finish Line's malpractice counsel in the Indiana and California litigation.

LKSA's entire client file contains Finish Line's confidential claims information.  Furthermore,

any testimony sought from Ms. Ibert necessarily includes discussion of Finish Line's confidential

claims information. This effort is governed by the June 29, 2012 Confidentiality Order.  Pumilia
and Patel have ignored this Order.

 **B. Pumilia and Patel have not met the strict standard required by Louisiana law to
obtain discovery of LKSA's client file and attorney testimony regarding
representation of Finish Line.**

 Louisiana substantive law applies to the instant matter.[2]  In Louisiana, discovery of
information held by attorneys and related to their practice must be conducted with the recognition
that such material is available only under exceptional circumstances and only where the
information sought cannot be obtained through other means.  *Levy v. Maloney*, 95-0333 (La.
3/24/95); 652 So.2d 522, 522. This protection exists because such information often consists of
confidential and/or privileged matters which affect not only the attorney, but also are of great
concern to that attorney's client. *Id.*   La. Code of Evid. Art. 508 and La. Code of Civ. Proc. art.
1452(B) govern when it is appropriate to subpoena information and testimony from an attorney
regarding a client.

 La. Code of Evid. Art. 508 states in pertinent part:

 A. General rule. Neither a subpoena nor a court order shall be issued to a lawyer or
his representative to appear or testify in any civil or juvenile proceeding, including
pretrial discovery, or in an administrative investigation or hearing, where the
purpose of the subpoena or order is to ask the lawyer or his representative to reveal
information about a client or former client obtained in the course of representing
the client unless, after a contradictory hearing, it has been determined that the
information sought is not protected from disclosure by any applicable privilege or
work product rule; and **all of the following**:

 (1) The information sought is essential to the successful completion of an ongoing
investigation, is essential to the case of the party seeking the information, and is not
merely peripheral, cumulative, or speculative.

---

[2] There is no choice of law provision in the Confidentiality Order.  However, there is no federal common law governing
this dispute, and the subpoenas were issued in a Louisiana proceeding involving Louisiana counsel acting in Louisiana.
Further, the parties to the Louisiana action are diverse. A federal court sitting in diversity is required to apply the
substantive law of the state in which it is sitting.  *See Erie v. Tompkins*, 304 U.S. 64, 71–77, 58 S.Ct. 817, 82 L.Ed.
1188 (1938). Thus, state law, in this case Louisiana law, governs.

(2) The purpose of seeking the information is not to harass the attorney or his client.

(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.

(4) There is no practicable alternative means of obtaining the information.

Additionally, La. Code of Civ. Proc. art. 1452(B) provides that, "no attorney of record representing the plaintiff or the defendant shall be deposed except under extraordinary circumstances and then only by order of the district court after contradictory hearing." The Louisiana Supreme Court has made clear that the practice of deposing attorneys of record is greatly disfavored in Louisiana. *See Board of Com'rs of New Orleans Exhibition Authority v. Missouri Pacific R. Co.*, 94-2604 (La. 12/19/94); 647 So.2d 340, 340. In order to demonstrate extraordinary circumstances under La. Code. Civ. Proc. art. 1452(B), the movant must first show that no other practicable means are available to obtain the desired information. *Id.* at 341. If there are other individuals who possess the information, they must be deposed first. *Id.* If not, then other discovery devices, such as written interrogatories, should be employed first. *Id.* The movant then must show that the desired information is relevant, and that the need for it substantially outweighs the harms the deposition may cause. *Id.* Only after the movant has carried this burden in a contradictory hearing shall the judge order that the attorney of record submit to deposition. *Id.*

1. **The subpoenas do not meet the requirements of La. Code. Evid. Art. 508.**

   a. **The subpoenas are procedurally improper.**

Pursuant to the La. Code Evid. Art. 508, a contradictory hearing is required *before* a subpoena is issued to a lawyer or law firm that seeks information related to a client and that lawyer's representation thereof. Only after contradictory hearing, if the requesting party can show that the information sought is not protected from disclosure by any applicable privilege or work

product rule and that all of the additional requirements of La. Code. Evid. Art. 508 have been met can the subpoena be issued to the lawyer or law firm.  Pumilia and Patel issued the subpoenas to LKSA and Ibert without notice or a contradictory hearing.  Thus, they are procedurally improper.

### b. The subpoenas request information protected by attorney-client privilege and attorney work-product immunity.

Both subpoenas request information that infringes on attorney-client privilege and attorney work-product immunity.  As part of processing claims, the DHECC requested and reviewed confidential claimant information like tax returns, profit and loss statements and customer data. LKSA's communications with the DHECC regarding Finish Line include Finish Line's confidential financial information, customer data and other proprietary information.  LKSA cannot release this information without specific instructions from Finish Line to do so and without first ensuring compliance with this Court's June 29, 2012 Confidentiality Order. Furthermore, Finish Line has unequivocally stated that it does not waive attorney-client privilege.  (Exhibit 17).  For this reason, the undersigned suggested that LKSA submit documentation responsive to the *subpoena duces tecum* to Finish Line's counsel in the malpractice litigation so that it can be reviewed and produced appropriately, taking into consideration all confidentiality and attorney-client privilege issues.  This compromise was rejected.

The requests for LKSA's internal notes and memoranda regarding any and all communication with the DHECC and any testimony sought from Ibert to explain or expand upon these communications is a request for LKSA and its attorney's protected mental impressions and work product related to Finish Line.  Any testimony regarding *why* communications were sent or not sent and *why* documents were filed or not filed clearly encompasses legal decisions made by LKSA and Finish Line that are protected by attorney-client privilege and attorney work-product immunity.  While a lawyer's communications with a third party are likely not protected by

10

attorney-client privilege, the basis for lawyer communication and reasons to provide information to a third party certainly infringes upon attorney work-product immunity and potentially attorney-client privilege.  Ibert's testimony about Finish Line would clearly infringe upon attorney-client privilege and attorney work-product immunity.

### c. The information sought from LKSA and Ibert is not essential to Pumilia and Patel's case.

Pumilia and Patel either took actions or did not take actions during their representation of Finish Line.  Their conduct either constituted legal malpractice or it did not.  LKSA and Ibert's representation of Finish Line is wholly irrelevant to what Pumilia and Patel did or did not do.  The DHECC imposed a strict and non-negotiable filing deadline of June 8, 2015.  LKSA was engaged by Finish Line well <u>after</u> the deadline to manage the claims that already existed within the program.  Pumilia and Patel must direct their inquiry regarding late filed claims to the DHECC.  Indeed, only the DHECC can state 1) whether any procedure existed for Finish Line to file additional claims beyond the June 8, 2015 filing deadline; 2) if so, what procedure existed; 3) if any such action was taken on behalf of Finish Line, by whom and when; and 4) what the outcome would have been had Finish Line taken additional action.  Thus, the information sought from LKSA and Ibert is not essential to Pumilia and Patel's claims.  LKSA and Ibert are not the proper party from which to seek this information.  Furthermore, on March 21, 2018, counsel for the DHECC and Claims Administrator, Patrick Juneau, offered to provide responses to written questions jointly submitted by Pumilia and Patel and LKSA/Ibert. (See Exhibit 6).  LKSA and Ibert accepted this offer, as it is a reasonable alternative to the subpoenas and an efficient way for Pumilia and Patel to obtain the information they seek from the appropriate entity. (See Exhibit 7).  Pumilia and Patel rejected the DHECC's offer.

**d.  The subpoenas constitute harassment of LKSA and Ibert.**

Pumilia and Patel accuse LKSA of "comparative fault" in a signed pleading despite their clear violation of the claim deadline.  Attempting to scapegoat another law firm and lawyer without any factual basis for doing so, and issuing a subpoena unilaterally setting an attorney's deposition without any effort to contact the recipient beforehand is unprofessional, harassing and violates the Confidentiality Order.  The rules are clear that the malpractice defendants at least need to attempt to obtain the information they seek through other means before subpoenaing an attorney to provide sworn testimony about a client.  Instead, LKSA and Ibert were served with subpoenas before any DHECC representative was deposed.  Then, a reasonable offer to submit written questions to the DHEE was rejected without reason. A deposition and/or written questions directed to the DHECC would definitively answer the alleged claim deadline question and end this dispute.

**e.  The subpoenas do not list the information sought with particularity and are not reasonably limited to subject matter and period of time.**

The language used in the *subpoena duces tecum* issued to LKSA is overly broad and not limited to subject matter or period of time.  Indeed, it is written as broad as possible.  The subpoena and notice of deposition issued to Ibert states that the deposition is being conducted for "all purposes allowed by the Louisiana Code of Civil Procedure."  The notice places no limit on areas of questioning to ensure that the June 29, 2012 Confidentiality Order, attorney-client privilege and attorney work product immunity are not violated.  The deposition subpoena is deficient for the same reasons.

**f.  There are practical alternative means of obtaining the information sought in the subpoenas.**

Pumilia and Patel issued a *subpoena deuces tecum* to the DHECC requesting the same exact documentation in the *subpoena duces tecum* issued to LKSA. (Exhibit 18).  After requiring

Pumilia and Patel to sign a confidentiality order, the DHECC produced Finish Line's entire claimant file consisting of approximately 50,000 pages of documents which included all written communications between LKSA and the DHECC, all documentation submitted to the DHECC by LKSA related to Finish Line and all documentation received by LKSA from the DHECC related to Finish Line.  LKSA does not possess any additional responsive documents.  Further, LKSA does not have any internal notes and or memoranda reflecting communications with the DHECC. In short, Patel and Pumilia have everything that LKSA can produce.  LKSA should not be burdened with reproducing duplicate documentation.

More importantly, there is a practical alternative means of obtaining the testimony sought. The DHECC is the only entity that can verify 1) whether any procedure existed for Finish Line to file additional claims beyond the June 8, 2015 filing deadline; 2) if so, what procedure existed; 3) if any such action was taken on behalf of Finish Line, by whom and when; and 4) what the outcome would have been had Finish Line taken additional action.  The DHECC offered to answer written questions submitted jointly by Patel and Pumilia and LKSA/Ibert under oath.  However, Pumilia and Patel rejected the DHECC's offer, without reason or justification.

**2.  The subpoena issued for Ibert's deposition does not meet the standard required by La. Code of Civ. Proc. art. 1425(B).**

At Finish Line's request, LKSA and Ibert have assisted Finish Line's counsel in their prosecution of the malpractice suits.  Further, LKSA's representation of Finish Line in its settlement program claims is ongoing.   Thus, La. Code. Civ. Proc. art. 1452(b) requires Pumilia and Patel to demonstrate extraordinary circumstances before a court can allow Ibert's deposition.

Pumilia and Patel cannot show extraordinary circumstances. There is a readily available, reasonable alternative means for Pumilia and Patel to obtain the information they desire.  Their alleged need for the deposition does not substantially outweigh the harm the deposition may cause.

Indeed, the DHECC has already produced to Pumilia and Patel the documentation requested in the *subpoena duces tecum* issued to LKSA and has offered to answer written questions. If Pumilia and Patel have further questions regarding this documentation, they should first depose a representative of the DHECC, who is not bound by attorney-client privilege, does not have attorney work-product immunity and can answer the claim deadline question or submit written questions directed to the DHECC. Pumilia and Patel have not scheduled the deposition of a DHECC representative and repeatedly rejected reasonable alternatives from LKSA and the DHECC. They instead chose to serve overly broad document and deposition subpoenas on lawyers. Extraordinary circumstances do not exist in this case that would warrant requiring a lawyer to testify regarding representation of a current client. Pumilia and Patel have not carried their burden of proof required by La. Code Civ. Proc. art. 1452(B) to allow the deposition of an attorney still engaged in representation of Finish Line. Their Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas should be denied.

3. **Ryan must independently meet the standards required by Louisiana Law to obtain the information they seek.**

Ryan filed a Motion to Intervene and Enforce the Subpoenas filed by Pumilia and Patel adopting the arguments made by Pumilia and Patel. Ryan does not independently meet the standards required by Louisiana law to obtain LKSA's file materials related to Finish Line and attorney testimony regarding LKSA's representation of Finish Line. Ryan has not even attempted to show that it meets the required burden. Its intent to "piggyback" on Pumilia and Patel's illegal subpoenas should be denied.

## CONCLUSION

The subpoenas issued by Pumilia & Adamec, LLP and Jayesh Patel and the attempt by Ryan Law, LLP, Ryan LLC, Kevin Prins and Jon Sweet to piggyback on the subpoenas are illegal

acts that violate this Court's June 29, 2012 Confidentiality Order and Louisiana law.  Accordingly,

Lewis, Kullman, Sterbcow & Abramson, LLC and Jessica Ibert respectfully request that this Court

issue an order enforcing the June 29, 2012 Confidentiality Order governing dissemination of

Deepwater Horizon Economic Claim Center claimant information by quashing the subpoenas

issued to LKSA and Ibert that seek production of Finish Line's claims information and attorney

testimony regarding LKSA's representation of Finish Line in the DHECC.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW (#17817)
JESSICA IBERT (#33196)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
(504) 588-1500 Telephone
(504) 588-1514 Facsimile
sterbcow@lksalaw.com
jibert@lksalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of April, 2018 filed and served a copy of the

above and foregoing pleading on Louisiana counsel of record for Pumilia & Adamec, LLP and

Jayesh Patel and Ryan Law, LLP, Ryan LLC, Kevin Prins and Jon Sweet by email and have filed

the foregoing pleading with the Clerk of Court by using the CM/ECF system.

/s/ Paul M. Sterbcow