CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-11080                    DIVISION "E"                    SECTION 16

THE FINISH LINE

v.

JAYESH PATEL, ET AL

FILED: _____        _____
                                              DEPUTY CLERK

## MOTION TO COMPEL

**NOW INTO COURT,** through undersigned counsel, come Pumilia & Adamec, LLP ("Pumilia") and Jayesh Patel ("Patel"), who move pursuant to Rule 508 of the Louisiana Code of Evidence to Compel Jessica Ibert ("Ibert") and Lewis, Kullman, Sterbcow & Abramson, LLC ("Lewis Kullman") to fully comply with two subpoenas served upon them[1] by requiring Lewis Kullman to produce responsive documents and for Ibert to appear for a deposition.

Respectfully submitted,

_____
NANCY J. MARSHALL (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 593-0602
Facsimile: (504) 566-4002
Attorneys for defendants, Jayesh Patel and
Pumilia & Adamec, LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on the _____9th_____ day of January, 2018.

_____
ANDREW J. BAER

---

[1] See Exhibit "A".

**EXHIBIT**
**4**

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 17-11080         DIVISION "E"         SECTION 16

### THE FINISH LINE

v.

### JAYESH PATEL, ET AL

FILED: _____

                      _____
                      DEPUTY CLERK

### RULE 10.1 CERTIFICATE

Pursuant to Local Rule 10.1, undersigned counsel certifies:

1. After service of the subpoenas, Lewis Kullman objected to compliance on December 1, 2017.[1]

2. On December 7, 2017, undersigned counsel conferred the Lewis Kullman firm to discuss the objection and seek a resolution.

3. During the December 7, 2017 call, counsel discussed a possible compromise of Lewis Kullman producing documents not previously produced in the California litigation, but that Lewis Kullman was unlikely to consent to a deposition of Jessica Ibert.

4. On December 14, 2017, undersigned counsel sent correspondence regarding the previously discussed compromise, requesting full compliance with the document subpoena and production of Jessica Ibert for her deposition based on consent from Finish Line, Inc. as long as privileged and/or work product information was not at issue.

5. Lewis Kullman responded that it would consider the document request but would not consent to the deposition. As of this time, Lewis Kullman has not provided any additional response regarding the document subpoena.

---

[1] See Exhibit "C" in globo.

Respectfully submitted,

NANCY J. MARSHALL (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 593-0602
Facsimile: (504) 566-4002
Attorneys for defendants, Jayesh Patel and
Pumilia & Adamec, LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on the ___9___ day of January, 2018.

ANDREW J. BAER

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-11080                        DIVISION "E"                        SECTION 16

THE FINISH LINE

v.

JAYESH PATEL, ET AL

FILED: _____          _____
                                                DEPUTY CLERK

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

NOW INTO COURT, through undersigned counsel, come Pumilia & Adamec, LLP ("Pumilia") and Jayesh Patel ("Patel"), who move pursuant to Rule 508 of the Louisiana Code of Evidence to Compel Jessica Ibert ("Ibert") and Lewis, Kullman, Sterbcow & Abramson, LLC ("Lewis Kullman") to fully comply with two subpoenas served upon them[1] by requiring Lewis Kullman to produce responsive documents and for Ibert to appear for a deposition.

Finish Line, Inc. ("Finish Line"), the holder of attorney client privilege, does not object to the subpoenas inasmuch as privileged information is not sought.

Pumilia and Patel do not seek privileged information, mooting any concerns to that effect. Still, Lewis Kullman objects, despite its client's consent, thus requiring this motion.

After the Rule 10.1 Conference, the parties were unable to agree on a compromise, necessitating this motion.

**I.    FACTUAL BACKGROUND**

This legal malpractice action is pending in the Superior Court of the State of California, County of Los Angeles, captioned *The Finish Line, Inc. v. Jayesh Patel et al.*, Case No. BC633988, against Pumilia and Patel arising out of the processing of Finish Line, Inc.'s ("Finish Line") "Economic and Property Damage Claims" sustained from the Deepwater Horizon oil rig explosion ("Deepwater Horizon Incident"). Finish Line has sued Pumilia and Patel, claiming they failed to file claims on its behalf through the Deepwater Horizon claims process. However, Lewis Kullman and Ibert were successor counsel to Pumilia and Patel, during which time they received opportunities to file the claims at issue in the legal malpractice action, but did not do so.

---

[1] See Exhibit "A".

The subpoenas at issue are directed to and are intended to address Lewis Kullman's actions with respect to the opportunities to file Finish Line's additional claims.

After the Deepwater Horizon Incident, multi-district litigation class action lawsuits were brought in order to recover various types of damages resulting from the oil spill. Finish Line sought to recover damages under the 2012 "Economic & Property Damages" class action settlement.

In March 2014, Pumilia entered into a subcontract arrangement with Ryan Law to assist in processing economic loss claims for Ryan Law's clients. Ryan Law also contracted with Ryan LLC, whereby the latter was responsible for determining the extent to which a client could make a plausible economic loss claim, gathering supporting documentation, and preparing damages analyses for the DHCC.

In November 2014, Finish Line signed an engagement agreement with Ryan Law for the filing of its economic loss claims. Shortly thereafter, Ryan LLC transmitted a CD to Patel containing documents related to Finish Line's claims. Ryan LLC informed Patel that Finish Line had already submitted claims on its own prior to engaging Ryan Law, but that the DHCC required additional information as to those claims. No additional instructions were provided.

Ryan LLC had previously worked directly with Finish Line to obtain a number of additional documents to be submitted to the DHCC. These documents were provided to Patel, who subsequently provided these documents to the DHCC. Patel periodically logged onto the DHCC "portal" to check on the status of Finish Line's claims, which were always identified as "submitted."

However, he became curious as to why the status never changed. Patel subsequently reached out to his DHCC liaison, who informed him that Finish Line's claims had been "closed" in May 2013, nearly a year prior to Patel and Pumilia's engagement. Finish Line had received notifications of the closure of the claims, but had never communicated their status to Patel. Immediately thereafter, Patel informed Andy Rankin, Finish Line's in-house counsel, of the apparent "closed" status for Finish Line's claims. Finish Line subsequently terminated Ryan Law, and Patel's access to the DHCC portal was cut off. Finish Line then retained Lewis Kullman to process the additional claims at issue.

Finish Line does not allege that Pumilia and Patel failed to stop its claims from being closed. Instead, Finish Line claims Pumilia and Patel failed to file *additional* claims for other Finish Line stores. Finish Line contends that the documents provided to Ryan Law and subsequently to the DHCC included not only additional documentation necessary for the previously filed claims of which Pumilia and Patel were aware, but also provided documentation for other Finish Line facilities. However, this information was not known to Patel at the time he received the documents, and there was never any communication to him that instructed him to file additional claims on Finish Line's behalf.

As noted, after terminating Patel, Finish Line retained Lewis Kullman to try and revive its claims. Ms. Ibert was the primary attorney at Lewis Kullman handling Finish Line's claims. Through discovery, Pumilia and Patel have obtained multiple documents and communications wherein the DHCC appeared to provide Lewis Kullman with opportunities to file Finish Line's additional claims after the filing deadline. In these communications, the DHCC (i) identified the documentation provided to the DHCC for the additional Finish Line stores, (ii) questioned whether Finish Line planned to file additional claims or submit new claim forms, and (iii) offered instructions on how to file Finish Line's additional claims. No new claims were filed on Finish Lines' behalf. These communications are at issue, as well as accompanying documentation and information which would contest Finish Line's claims that such claims were lost solely by Pumilia and/or Patel, and support Pumilia and Patel's defense in the California case that they did not cause Finish Line's alleged injury.

Lewis Kullman's subsequent representation of Finish Line and its communications with the DHCC requires the information requested by the subpoenas at issue in this motion to explore (i) whether Finish Line was in fact able to pursue the claims at issue, (ii) whether any inability to file the claims was attributable to acts or omissions of third parties, and (iii) whether any alleged liability is subject to a comparative fault finding, given actions of Finish Line's other representatives.

## II.   LAW AND ARGUMENT

Lewis Kullman objects to the subpoenas and refuses to allow Ibert's deposition, objecting both to the scope of the documents sought and on the basis of attorney client privilege.

3

Presumably, the objection is based on Louisiana Code of Evidence article 508, which states in pertinent part:

> **A. General rule.** Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:
>
> (1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
> (2) The purpose of seeking the information is not to harass the attorney or his client.
> (3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
> (4) There is no practicable alternative means of obtaining the information.

The documents and testimony sought do not encompass items within the attorney client privilege, as set forth below. Further, the documents and testimony meet the requisite standard under Louisiana Code of Evidence Article 508, which should result in required compliance by Lewis Kullman, as set forth below.

### A.    The Information Sought Is Not Privileged

The documents and testimony sought is not protected by the attorney client privilege because (i) the information sought has been communicated with third parties outside of the attorney client relationship, and (ii) Finish Line waived any applicable attorney client privilege with respect to the subpoenaed information by putting the disputed claims at issue in the legal malpractice litigation.

Attorney-client privilege grants a client the right to refuse to disclose, or prevent another from disclosing confidential communications:

> (1)   Between the client or a representative of the client and the client's lawyer or a representative of the lawyer.
> (2)   Between the lawyer and a representative of the lawyer.
> (3)   By the client or his lawyer, or a representative of either, to a lawyer, or representative of a lawyer, who represents another party concerning a matter of common interest.
> (4)   Between representatives of the client or between the client and a representative of the client.

4

> (5)   Among lawyers and their representatives representing the same client.
> (6)   Between representatives of the client's lawyer.

La. C.E. Art. 506(B). A client is a "person...to whom professional legal services are rendered by a lawyer, or who consults a lawyer with a view obtaining to professional legal services from the lawyer." La. C.E. 506(A)(1).

The party seeking to establish the existence of attorney-client privilege has the burden of proving the applicability of the privilege. *Cacamo v. Liberty Mutual Fire Ins. Co.*, 1999-1421 (La. App. 4 Cir. 10/10/01); 798 So.2d 1210, 1216. In order to establish attorney-client privilege, the asserting party must show:

> (1) the holder of the privilege is or sought to become a client; (2) the communication was made to an attorney or subordinate in a professional capacity; (3) the communication was made outside the presence of strangers; (4) the communication was made to obtain a legal opinion or services; and (5) the privilege has not been waived.

*Id.*

A review of the subpoena makes clear that no privileged information is being sought. The subpoenas seek (i) documents submitted by the Lewis Kullman firm to the DHCC on behalf of Finish Line's claims, (ii) documents received by Lewis Kullman from the DHCC regarding Finish Line's claims, (iii) communications between Lewis Kullman, its employees, and individuals associated with the DHCC, and (iv) notes or memoranda associated with telephone communications between Lewis Kullman and the DHCC. The subpoenas do not seek (i) protected communications and documents transmitted solely within Lewis Kullman, (ii) protected communications and documents transmitted solely between Lewis Kullman and Finish Line, or (iii) the mental impressions and strategy decisions expressed solely between Lewis Kullman and Finish Line.[2] In other words, it seeks the trail of document exchanges and the documents exchanged, not the work product of the attorney or its communications with its clients.

The subpoena specifically seeks a number of documents and communications transmitted between Lewis Kullman and various third parties, including DHCC personnel, in order to process the Finish Line's claims. The subpoena also seeks documents that were uploaded to the DHCC portal. The transmission and submission of the documents and communications by Lewis

---

[2] See Exhibit "A".

Kullman to third parties explicitly removes them from the protection of attorney client privilege. As such, the information is discoverable.

The only requests seeking information not transmitted to third parties include documents or notes taken during phone calls or conversations between Lewis Kullman and third parties. Since the notes sought memorialize conversations involving individuals outside of the realm of attorney client privilege, the documents would not be protected by the privilege since the documented conversations are not afforded privilege.[3]

Further, Pumilia and Patel seek information related to the aforementioned documents through Ibert's deposition testimony.  Again, the subpoenas do not request that Ibert testify to subjects encompassed by attorney client privilege or work product immunity.  To the contrary, Pumilia and Patel seek testimony explaining and expanding upon Ibert's discovery communications and requested documentation with third party individuals specifically related to the additional claims at issue.

Further, Finish Line does not object to the production or deposition of Ibert as long as attorney client privilege is observed.[4]  Pumilia and Patel are not seeking documents or testimony that would invoke the attorney client privilege.  The only party objecting to the subpoenas is Lewis Kullman.  Since Finish Line, not Lewis Kullman, holds the privilege that would preclude the depositions it is unclear what the basis is for the current refusal.  Finish Line and Pumilia and Patel agree to the scope of the responses and that the subpoenas should be complied with while honoring the parameters. Lewis Kullman has no basis for refusing to comply.

### B.    Any Privilege Has Been Waived

While the information sought is not privileged and Finish Line does not object, Pumilia and Patel anticipate such an argument may be raised.  As explained below, Finish Line claims that Pumilia and Patel's actions or inactions precluded its ability to file additional claims.  The subpoenas seek to test the validity of those allegations.  As such, Finish Line has put the communications of Lewis Kullman as successor counsel, and its accompanying documents and actions, at issue in this litigation, and have waived any privilege as to the requested information.

---

[3] To the extent the documents contain privileged information, Lewis Kullman can submit a privilege log, at which time any dispute as to privilege may be tested.

[4] See Exhibit "B."

Placing the information sought at issue waived Finish Line's ability to claim this discovery is

privileged. Finish Line likely understands this fact, which is why it has agreed to the subpoenas.

> In *Succession of Smith*, supra, the Louisiana Supreme Court noted
> the exceptional situations in which a privilege holder's abuse of the
> privilege would result in waiver, to wit: (1) partial disclosure of a
> privileged communication at trial; (2) pretrial partial disclosure
> indicating a decision to rely on privileged evidence at trial; and (3)
> placing privileged communications at issue. *Succession of Smith*,
> 513 So.2d at 1143; see also United States v. Edwards, 39
> F.Supp.2d 716, 735 (M.D.La.1999) (noting that 502(A)'s rule
> regarding the holder's voluntary disclosure of a significant part of
> the privileged matter waiving the privilege is consistent with the
> federal law governing attorney-client privilege).
> Under Louisiana law, a party waives the attorney-client privilege
> when he pleads a claim or defense in such a way that he will be
> forced inevitably to draw upon a privileged communication in
> order to prevail. Consequently, he places the communication in
> issue and waives the privilege as to communications regarding the
> same subject under his control. Conoco Inc. v. Boh Bros. Constr.
> Co., 191 F.R .D. 107, 110 (W.D.La.1998).

*Consol. Health Plans, Inc. v. Principal Performance Grp., Inc.*, CIV.A. 02-1230, 2003 WL

1193663, at *6 (E.D. La. Mar. 14, 2003).

Finish Line's claim that it was barred from filing certain claims with the DHCC

indisputably puts Lewis Kullman's actions with the DHCC directly at issue, waiving any

applicable privilege to the subpoenaed information.

## III.   THE INFORMATION SOUGHT IS ESSENTIAL TO THE LEGAL MALPRACTICE ACTION AGAINST PUMILIA AND PATEL

The subpoenas seek documents and deposition testimony that directly relate to the efforts

of Lewis Kullman to file claims on behalf of Finish Line during its representation as successor

counsel. Whether or not Finish Line's additional claims were viable after Lewis Kullman began

its representation is vital to assess the claims against Pumilia and Patel. Previously acquired

documentation indicates that Finish Line's additional claims were viable and available after the

enrollment of Lewis Kullman.[5] The subpoenas are necessary to further explore the viability of

the claims at issue. Only Lewis Kullman contains the necessary personal knowledge and

documentation to address their actions (and inaction), and the timing of the same,  in pursuing

the additional claims at issue.  Precluding discovery directed to Lewis Kullman and Ibert

precludes Pumilia and Patel from fully defending themselves and lets Finish Line benefit from

---

[5] Pumilia and Patel are not liable for legal malpractice because they did not breach the standard of care in their representation of Finish Line. However, for purposes of this motion, Pumilia and Patel focus on the causation of damages and comparative fault.

not having provided complete information.   Accordingly, the requested information and testimony is essential to Pumilia and Patel's defense of the pending legal malpractice action.

### C.      The Information Sought is Not for Harassment Purposes

Defense against litigation does not qualify as harassment, and there is no basis here for allegations of harassment.  The clear purpose of the subpoenas is to obtain information as to the validity of Finish Line's claims of economic loss after the termination of Pumilia or Patel, and to support Pumilia and Patel's defenses in the California case.

### D.      The Subpoenas Are Reasonably Limited and Seek Specific Information

The subpoenas specifically limit the information sought to detailed documents and testimony related to Lewis Kullman's representation of Finish Line after Pumilia and Patel's termination, insofar as Lewis Kullman sought documents from third parties, and other entities. The subpoenas do not request Lewis Kullman's entire Finish Line file.  To the contrary, the subpoenas are narrowly tailored to obtain specified information and testimony related to Lewis Kullman's interactions with third parties to obtain documents or information to address Finish Line's claims.  This specificity meets the Rule 508 standard.

### E.      Lewis Kullman Solely Possesses Their File

The requested information is solely possessed by Lewis Kullman.  While some of the documentation will inevitably overlap with other discovery in this case, only Lewis Kullman possesses the responsive information as to what they did, and why, or what could have been done..  And only Ms. Ibert can testify as to her telephone conversations with the DHCC regarding submission of the additional claims at issue, for which there appears to be no written record.  Such information is key to analyze what Lewis Kullman did against what it could have done.  Accordingly, no other person can provide the information sought.

## IV.   PUMILIA AND PATEL ARE ENTITLED TO COMPLETE DOCUMENT PRODUCTION

Lewis Kullman previously stated that it was willing to confer with the other attorneys in this matter to determine what has been previously produced and provide non-privileged documents that had not been previously produced. Pumilia and Patel informed Lewis Kullman that it wanted a complete production regardless of the prior discovery results. Lewis Kullman responded it that it would examine Pumilia and Patel's position, but has not yet responded.

Nevertheless, Lewis Kullman's offer to produce documents not previously produced does not satisfy the subpoena request and is insufficient. Pumilia and Patel are entitled to know what responsive documents were in Lewis Kullman's possession in order to assess what information it was acting upon while communicating with the DHCC. Pumilia and Patel would be required to guess what documents Lewis Kullman did not produce because they had already been produced in discovery, as opposed to documents that the Kullman firm never possessed.

Additionally, a complete production would be easier for Lewis Kullman to accomplish, as it could review its file and provide responsive documents without having to add another step of analysis before production.

As such, to the extent Lewis Kullman claims it wishes to engage in only a partial production, it should be compelled to fully comply with the subpoena.

## V.   CONCLUSION

Finish Line's consent to the production and testimony of non-privileged documents and testimony should negate the need for this motion from the outset. Regardless, Lewis Kullman should be compelled to the subpoenas attached to this motion as Exhibit "A" as the standard for compliance under Rule 508 has been met.

Respectfully submitted,

NANCY J. MARSHALL (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 593-0602
Facsimile: (504) 566-4002
Attorneys for defendants, Jayesh Patel and
Pumilia & Adamec, LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on the ___9th___ day of January, 2018.

ANDREW J. BAER

9

NO. _____   DIVISION _____   SECTION _____

CIVIL
DISTRICT COURT

THE FINISH LINE

v.

JAYESH PATEL, ET AL.

FILED: _____         _____
                                            DEPUTY CLERK

TO:   Jessica Ibert, Esq., Lewis, Kullman, Sterbcow & Abramson, LLC, 601 Poydras Street, Suite
2615, New Orleans, LA 70130

      **CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as
directed below.

---

### SUBPOENA REQUEST

[   ]   **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division
"_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of_____, 20_____ at
_____ o'clock _____.m., to testify the truth according to your knowledge, in a controversy
pending herein between the parties above named; and hereof you are not to fail under penalty of the
law.  By order of the Court.

---

### DEPOSITION SUBPOENA REQUEST

[X]   **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at
the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Deutsch Kerrigan, LLP<br>755 Magazine Street, New Orleans, LA 70130 | DATE AND TIME<br>January 10, 2018 at 10:00 a.m. |
|---|---|

### REQUEST FOR WRIT OF SUBPOENA DUCES TECUM

[   ]   **YOU ARE COMMANDED** to produce and permit inspection and copying of the following
documents or objects for the _ trial, _____ deposition, or ___ hearing       (state          type)
at the place, date and time specified below (list documents or objects) pursuant to the provisions of
Article 1354 et. seq. of the LA Code of Civil Procedure.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Issued at the request of; and,
Fees and cost guaranteed by undersigned

**ATTORNEY**                    _____
                                Attorney's signature
ATTORNEY'S
NAME & BAR NUMBER               Andrew J. Baer, Esq. (#35638)

ADDRESS
&                               755 Magazine Street
TELEPHONE NUMBER                New Orleans, LA 70130
                                504) 581-5141

**EXHIBIT**
**A**

STATE OF LOUISIANA

NO                      DIVISION                    CIVIL DISTRICT COURT SECTION

THE FINISH LINE

v.

JAYESH PATEL, ET AL.

FILED: _____          _____
                                              DEPUTY CLERK

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that defendants, Jayesh Patel and Pumilia & Adamec, LLP, will take the deposition of **Jessica Ibert, Esq. of Lewis, Kullman, Sterbcow & Abramson, LLC on Wednesday, January 10, 2018, at 10:00 a.m.** at the law offices of Deutsch Kerrigan, LLP, 755 Magazine Street, New Orleans, LA 70130, for all purposes allowed by the Louisiana Code of Civil Procedure, before a notary public or some other officer authorized to administer oaths. You may attend and participate as you deem appropriate.

Respectfully submitted,



NANCY J. MARSHALL (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 593-0602
Facsimile: (504) 566-4002
Attorneys for defendants, Jayesh Patel and Pumilia & Adamec, LLP

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on the ___15th___ day of November, 2017.

Los Angeles, CA 90012

TELEPHONE NO.: (310) 775-6511          FAX NO. (Optional): (310) 575-9720

E-MAIL ADDRESS (Optional): awaxler@kdvlaw.com/ccurtis@kdvlaw.com

ATTORNEY FOR (Name): Defs. Jayesh Patel and Pumilia & Adamec LLP

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | CIVIL<br>DISTRICT COURT |

SHORT TITLE: The Finish Line v. Patel, Inc., et al.

| | |
|---|---|
| **COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA**<br>☐ ORDERED BY COURT    ☒ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER:<br>BC633988 |

1. The Superior Court of California hereby authorizes the deposition, upon oral examination, of (identity of deponent):
   Jessica Ibert of Lewis Kullman Sterbcow & Abramson LLC

2. The deposition is to be taken in (state of the United States, territory, or insular possession subject to its jurisdiction):
   Louisana

3. The deposition will be conducted (check one):
   a. ☒ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025.320 and 2025.340(b)-(f); or
   b. ☐ Before (name of appointee):
      who is appointed to administer oaths and to take testimony.

4. The documents or things to be produced at the time and place of the deposition are
   ☐ described in Attachment 4   ☒ none.

5. Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5. Number of pages attached: _____.

6. Under California Code of Civil Procedure section 2026.010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court.

7. The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions,

Date: **SEP 2 6 2017**

☐ Judge
or ☒ Clerk, by _____ Bolden _____, Deputy

SHAUNYA BOLDEN

Page 1 of 1

Form Approved for Optional Use<br>Judicial Council of California<br>DISC-030 [New January 1, 2009]<br>CEB | Essential<br>ceb.com | [e]Forms

**COMMISSION TO TAKE**
**DEPOSITION OUTSIDE CALIFORNIA**

Code Civ. Proc., § 2026.010(f)
www.courtinfo.ca.gov

Suite 2400, Los Angeles, CA 90025, where this mailing occurred. I am over the age of 18 years and am not a party to this cause. I am readily familiar with the practices of KAUFMAN DOLOWICH VOLUCK LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On September 26, 2017, I served the foregoing documents on the interested parties in this action entitled as follows:

### COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA

[XX]  by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

[XX]  **(BY MAIL)** I placed such envelope for collection and mailing on this date following ordinary business practices.

[   ]  **(BY PERSONAL SERVICE)** I caused to be hand delivered such envelope to the addressee so indicated.

[   ]  **(BY ELECTRONIC MAIL):** I caused to be served, via electronic mail (e-mail), the above-entitled document(s)   to the e-mail address of the addressee(s) so indicated.

[   ]  **(BY FEDERAL EXPRESS)** I am "readily familiar with the firm's practice of collection and processing correspondence for mailing via Express Mail (or another method of delivery providing for overnight delivery pursuant to *C.C.P.* § 1005(b)). Under that practice, it would be deposited with the United States Postal Service or other overnight delivery carrier (in this case, Federal Express) on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[   ]  **(BY FACSIMILE)** I caused to be served, via facsimile, the above-entitled document(s) to the office of the addressee so indicated.

[XX]  **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

[   ]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

Executed on September 26, 2017, at Los Angeles, California.

*Esther Silverman*

ESTHER SILVERMAN

3

4   *Attorneys for Plaintiff*
    *THE FINISH LINE, INC.*

5

6   Steven C. Glickman, Esq.
    GLICKMAN & GLICKMAN
    9460 Wilshire Blvd., Ste. 330

7   Beverly Hills, CA  90212-2732

8   Ph.    (310) 273-4040
    Fax:   (310) 273-0829

9   Email: scg@glickman-law.com

10  Andrew W. Hull, Esq.
    Susanne Johnson, Esq.

11  Hoover Hull Turner, LLP
    111 Monument Circle, Suite 4400

12  P.O. Box 44989
    Indianapolis, IN 46244-0989

13  Ph.    (317) 822-4400
    Email: awhull@hooverhullturner.com

14  Email: sjohnson@hooverhullturner.com

15

16  4852-1134-7259, v. 1

17

18

19

20

21

22

23

24

25

26

27

28

                                   2
                           PROOF OF SERVICE

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS ~~F~~E D

STATE OF LOUISIANA

NO 17 - 11080

DIVISION ε

2017 NOV 17  A 11: 14

SECTION 16

CIVIL
DISTRICT COURT

THE FINISH LINE

v.

JAYESH PATEL, ET AL.

FILED: _____

_____
DEPUTY CLERK

TO:   Lewis, Kullman, Sterbcow & Abramson, LLC, 601 Poydras Street, Suite 2615, New Orleans, LA  70130

CLERK, CIVIL DISTRICT COURT - Please issue a subpoena to the above party as directed below.

---

**SUBPOENA REQUEST**

[   ]   **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division "_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____, 20_____ at _____ o'clock _____.m., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under penalty of the law. By order of the Court.

---

**DEPOSITION SUBPOENA REQUEST**

[   ]   **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

---

**REQUEST FOR WRIT OF SUBPOENA DUCES TECUM**

[ X ]   **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects for the _ trial, _X_ deposition, or ___ hearing    (state    type) at the place, date and time specified below (list documents or objects) pursuant to the provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

RECORDS REQUESTED:

**See attached Commission from Superior Court of California, County of Los Angeles**

| PLACE<br>Deutsch Kerrigan, LLP<br>755 Magazine Street, New Orleans, LA  70130 | DATE AND TIME<br>December 14, 2017 at 10:00 a.m. |
|---|---|

Issued at the request of; and,
Fees and cost guaranteed by undersigned

ATTORNEY                  _____
                                        Attorney's signature

ATTORNEY'S
NAME & BAR NUMBER      Andrew J. Baer, Esq. (#35638)

ADDRESS
&
TELEPHONE NUMBER      755 Magazine Street

                                     New Orleans, LA  70130
                                     504) 581-5141

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FILED FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
— Andrew J. Waxler 113622/Courtney Curtis-Ives    245231
Kaufman Dolowich & Voluck, LLP
11755 Wilshire Blvd., Suite 2400
Los Angeles, CA 90025
TELEPHONE NO.: (310) 775-6511    FAX NO. (Optional): (310) 575-9720
E-MAIL ADDRESS (Optional): awaxler@kdvlaw.com/ccurtis@kdvlaw.com
ATTORNEY FOR (Name): Defs. Jayesh Patel and Fumilia & Adamec LLP

FILED
17 NOV 17 AII: 15
CIVIL DISTRICT COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse
SHORT TITLE: The Finish Line v. Patel, Inc., et al.

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA ☐ ORDERED BY COURT ☒ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER: BC633988 |
|---|---|

1. The Superior Court of California hereby authorizes the deposition, upon oral examination, of (identity of deponent):
   Lewis Kullman Sterbcow & Abramson LLC

2. The deposition is to be taken in (state of the United States, territory, or insular possession subject to its jurisdiction):
   Louisana

3. The deposition will be conducted (check one):
   a. ☒ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025.320 and 2025.340(b)-(f); or
   b. ☐ Before (name of appointee):
      who is appointed to administer oaths and to take testimony.

4. The documents or things to be produced at the time and place of the deposition are
   ☒ described in Attachment 4   ☐ none.

5. Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5. Number of pages attached: _____ .

6. Under California Code of Civil Procedure section 2026.010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court.

7. The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions.

Date: SEP 2 6 2017

☐ Judge
OR
☒ Clerk, by /s/ J. Bolden , Deputy
SHAUNYA BOLDEN

Form Approved for Optional Use
Judicial Council of California
DISC-030 [New January 1, 2009]
CEB Essential [jb]Forms

COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Code Civ. Proc., § 2026.010(f)
www.courtinfo.ca.gov

Page 1 of 1

ATTACHMENT "4"
TO DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS
*The Finish Line, Inc. v. Jayesh Patel, et al.,*
Los Angeles Superior Court, Case No. BC633988

## DEFINITIONS

Words in CAPITALS in the following Requests for Production of Business Records are defined as follows:

DOCUMENTS means a writing as defined in California Evidence Code section 250 (a "handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored").

YOU and YOUR means Lewis, Kullman, Sterbcow & Abramson LLC, and its employees, in-firm attorneys, staff, or any other person or entity purporting to act on its behalf.

## REQUESTS FOR PRODUCTION OF BUSINESS RECORDS

1. All DOCUMENTS and communications that YOU have submitted to the Deepwater Horizon Claims Center in connection with The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

2. All DOCUMENTS and communications that YOU have received from the Deepwater Horizon Claims Center in connection with The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

3. All communications to and from YOU and anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

4. All communications to and from Darryl D. Robertson, with regard to The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

5. All communications to and from Jason Russell, with regard to The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

6. All communications to and from James Hoban, with regard to The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

ATTACHMENT "4"
TO DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS
*The Finish Line, Inc. v. Jayesh Patel, et al.*,
Los Angeles Superior Court, Case No. BC633988

7.    All communications to and from Jessica Ibert and anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

8.    All communications to and from Robert Lumpkin and anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

9.    All internal notes and/or memoranda reflecting or referring to YOUR telephone conversations or other communications with anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

PROOF OF SERVICE

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES        )

~~FILED~~

I am employed in Los Angeles County. My business address is 11755 Wilshire Blvd, Suite 2400, Los Angeles, CA 90025, where this mailing occurred. I am over the age of 18 years and am not a party to this cause. I am readily familiar with the practices of KAUFMAN DOLOWICH VOLUCK LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On September 26, 2017, I served the foregoing documents on the interested parties in this action entitled as follows:

COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA

[XX]   by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

[XX]   (BY MAIL)  I placed such envelope for collection and mailing on this date following ordinary business practices.

[ ]    (BY PERSONAL SERVICE)  I caused to be hand delivered such envelope to the addressee so indicated.

[ ]    (BY ELECTRONIC MAIL):  I caused to be served, via electronic mail (e-mail), the above-entitled document(s)  to the e-mail address of the addressee(s) so indicated.

[ ]    (BY FEDERAL EXPRESS) I am "readily familiar with the firm's practice of collection and processing correspondence for mailing via Express Mail (or another method of delivery providing for overnight delivery pursuant to *C.C.P.* § 1005(b)).  Under that practice, it would be deposited with the United States Postal  Service or other overnight delivery carrier (in this case, Federal Express) on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ]    (BY FACSIMILE) I caused to be served, via facsimile, the above-entitled document(s) to the office of the addressee so indicated.

[XX]   (STATE) I declare under penalty of perjury that the foregoing is true and correct.

[ ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

Executed on September 26, 2017, at Los Angeles, California.

*Esther Silverman*

ESTHER SILVERMAN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

*The Finish Line, Inc. v. Jayesh Patel, et al.*
LASC Case No. BC633988

*Attorneys for Plaintiff*
*THE FINISH LINE, INC.*

Steven C. Glickman, Esq.
GLICKMAN & GLICKMAN
9460 Wilshire Blvd., Ste. 330
Beverly Hills, CA  90212-2732

Ph.    (310) 273-4040
Fax:    (310) 273-0829
Email: scg@glickman-law.com

Andrew W. Hull, Esq.
Susanne Johnson, Esq.
Hoover Hull Turner, LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Ph.    (317) 822-4400
Email: awhull@hooverhullturner.com
Email: sjohnson@hooverhullturner.com

4852-1134-7259, v. 1

---

2

**From:** Michael A. Dorelli [mailto:mdorelli@hooverhullturner.com]
**Sent:** Tuesday, December 12, 2017 11:11 AM
**To:** Courtney Curtis-Ives
**Cc:** Regina R. Miller; Andrew W. Hull; Andrew J. Waxler; Michael A. Dorelli; Susanne A. Johnson
**Subject:** RE: Finish Line/Patel: 2nd RFP

Courtney, I'm trying to schedule a call for tomorrow with my contact at Finish Line who is gathering the sales/geographical information. The information is compiled for 2009 through 2011, but 2007 and 2008 are taking more time to compile (because the data comes from a different system). Also, so far, it's compiled in a spreadsheet, so I'm hoping to get a better understanding about "how" it was compiled (because I know you'll ask), and whether there are actual supporting documents (other than sales slips at the points of sale). I'll follow-up with additional information tomorrow.

On the subpoenas to Jessica Ibert's firm, we object only to the extent they may seek information protected from disclosure by the attorney-client privilege or work product doctrine. We do not object to them in principal. The document request is worded very broadly, but to the extent you're asking only for communications between Jessica's firm and the Claims Center, we don't object. The request for internal notes/memos may include work product, and we would object to production of any such documents. Other than that, our objection would only be to the extent either the requests or a deposition goes beyond the firm's communications with the Claims Center, and into privilege/work product areas.

Please let me know if this answers your question on the subpoenas. Again, I'll be back in touch with more information on the sales information tomorrow.

Mike



**LEWIS, KULLMAN, STERBCOW & ABRAMSON, LLC**

ATTORNEYS AT LAW

PAUL M. STERBCOW
DAVID A. ABRAMSON
BETH E. ABRAMSON
IAN F. TAYLOR
JESSICA L. IBERT

2615 PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130-6030
TELEPHONE (504) 588-1500
FACSIMILE (504) 588-1514
www.lksalaw.com

HARVEY J. LEWIS
LAWRENCE S. KULLMAN
OF COUNSEL

WRITER'S DIRECT DIAL
(504) 588-9722

December 1, 2017

Sterbcow@lksalaw.com

**VIA U.S. MAIL and E-MAIL**
Andrew J. Baer, Esq.
Deutsch Kerrigan, LLP
755 Magazine Street
New Orleans, LA   70130

      RE:    *The Finish Line v. Jayesh Patel, et al.*
             Civil District Court No.: 17-11080, Div. E, Sec. 16

Dear Mr. Baer:

      We are in receipt of the subpoena *duces tecum* to Lewis, Kullman, Sterbcow & Abramson, LLC and the deposition subpoena to Jessica Ibert, Esq. in the captioned matter.

      On behalf of the law firm and Ms. Ibert, we object to both subpoenas.  The subpoena *duces tecum* as worded is far too broad and requests privileged information generated as part of our representation of The Finish Line in its economic loss claim under the BP Class Action Settlement.  Further, I was informed by current counsel for The Finish Line that a similar subpoena has been served on the class settlement claims center.   There is no need to request the same documents from us.

      As a compromise, we are willing to confer with current counsel for The Finish Line in the California and Indiana litigation and provide them with any information not already in their possession. They can then decide what information is and is not discoverable in the ongoing litigation.

      Ms. Ibert will not appear for a deposition absent a court order.  Her testimony also infringes on attorney-client privilege and is not necessary in the legal malpractice proceeding. Further, in the future, I respectfully request that you contact us by phone or e-mail as a matter of professionalism to discuss deposing an attorney in this firm.

      Please let me know if the suggested compromise on the subpoena *duces tecum* is acceptable. Thank you.

              Sincerely,

              Paul M. Sterbcow

PMS/mct
cc:    Steven C. Glickman, Esq. (via e-mail)
      Andrew W. Hull, Esq./Susanne Johnson, Esq. (via e-mail)

**EXHIBIT**

*C*

**Baer, Andrew**

| | |
|---|---|
| **From:** | Paul M Sterbcow <sterbcow@lksalaw.com> |
| **Sent:** | Thursday, December 14, 2017 5:00 PM |
| **To:** | Baer, Andrew |
| **Cc:** | Jessica Ibert; scg@glickman-law.com; awhull@hooverhullturner.com; Marshall, Nancy |
| **Subject:** | RE: The Finish Line v Jayesh Patel, et al |

Andrew- We'll look into the document issue and get back to you. We will not agree to the deposition. I will be out from 12/21 through year's end. Also, I have trials set in EDLA on 1/16/18 and 1/29/18 so we'll have to schedule the rule date on a Friday when I can attend.

Thanks.

**Paul M. Sterbcow**

//||\ **LEWIS, KULLMAN,**
      **STERBCOW & ABRAMSON, LLC**

601 Poydras Street, Suite 2615 | New Orleans, LA 70130-6030
(504)588-9722 Direct | (504)588-1500 Main | (504)588-1514 Fax
Email: sterbcow@lksalaw.com; www.lksalaw.com

  

This Lewis, Kullman, Sterbcow & Abramson, LLC, e-mail message, and any attachment(s) hereto, are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any use, dissemination, distribution or copying of this e-mail message, and/or any attachment hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify us by reply e-mail at sterbcow@lksalaw.com and permanently delete the original and any copy of this message, its attachment(s), and any printout thereof. Thank you.

---

**From:** Baer, Andrew [mailto:abaer@deutschkerrigan.com]
**Sent:** Thursday, December 14, 2017 4:41 PM
**To:** Paul M Sterbcow
**Cc:** Jessica Ibert; scg@glickman-law.com; awhull@hooverhullturner.com; Marshall, Nancy
**Subject:** RE: The Finish Line v Jayesh Patel, et al

Paul,

Since our last discussion, it is my understanding the Finish Line does not have any objection to the document production and deposition of Jessica Ibert so long as it does not infringe on attorney client privilege or work product immunity. As such, we propose (i) the production of documents requested by the subpoena subject to any documents protected by privilege or work product immunity, for which a privilege log would be provided, and (ii) Jessica appearing for her deposition which will not include addressing any information subject to attorney client privilege or work product immunity.

As I previously indicated, we request the production of all documents encompassed by the subpoena, subject to the above restrictions, regardless of any prior production.

If you are not agreeable to this, I will file a motion to compel, as previously discussed. Please let me know by Monday if you are agreeable or if you have any questions.

Sincerely,
Andrew

**Andrew J. Baer** 
Deutsch Kerrigan, L.L.P.
Associate
D. 504.593.0604  |  M. 504.491.5820  |  F. 504.566.4020  |  abaer@deutschkerrigan.com
**❄ DeutschKerrigan**

---

**From:** Baer, Andrew
**Sent:** Thursday, December 07, 2017 9:02 AM
**To:** 'Paul M Sterbcow'
**Cc:** Jessica Ibert; scg@glickman-law.com; awhull@hooverhullturner.com; Marshall, Nancy
**Subject:** RE: The Finish Line v Jayesh Patel, et al

Paul,

I am in receipt of your letter and am wondering if you have availability today or tomorrow to discuss the matter. I'm can generally make myself available all day so let me know what works best for you.

Thanks,
Andrew

**Andrew J. Baer** 
Deutsch Kerrigan, L.L.P.
Associate
D. 504.593.0604  |  M. 504.491.5820  |  F. 504.566.4020  |  abaer@deutschkerrigan.com
**❄ DeutschKerrigan**

---

**From:** Paul M Sterbcow [mailto:sterbcow@lksalaw.com]
**Sent:** Friday, December 01, 2017 4:56 PM
**To:** Baer, Andrew
**Cc:** Paul M Sterbcow; Jessica Ibert; scg@glickman-law.com; awhull@hooverhullturner.com
**Subject:** The Finish Line v Jayesh Patel, et al

Please see attached. Thank you.

**Paul M. Sterbcow**

2

# LEWIS, KULLMAN,
## STERBCOW & ABRAMSON, LLC

601 Poydras Street, Suite 2615 | New Orleans, LA 70130-6030
(504)588-9722 Direct | (504)588-1500 Main | (504)588-1514 Fax
Email: sterbcow@lksalaw.com; www.lksalaw.com

   INTERNATIONAL ACADEMY
OF TRIAL LAWYERS      

This Lewis, Kullman, Sterbcow & Abramson, LLC, e-mail message, and any attachment(s) hereto, are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any use, dissemination, distribution or copying of this e-mail message, and/or any attachment hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify us by reply e-mail at sterbcow@lksalaw.com and permanently delete the original and any copy of this message, its attachment(s), and any printout thereof. Thank you.

Deutsch Kerrigan - PRIVILEGED AND CONFIDENTIAL. The information contained in this email and any attachments hereto may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message.

3

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 17-11080                    DIVISION "C"                    SECTION 16

### THE FINISH LINE

v.

### JAYESH PATEL, ET AL

FILED: _____          _____
                                        DEPUTY CLERK

### RULE TO SHOW CAUSE

Considering the foregoing Motion to Compel;

**IT IS HEREBY ORDERED** that Jessica Ibert and Lewis, Kullman, Sterbcow & Abramson, LLC, appear on the ___ day of _____, 2018 at ____ o'clock, ____.m. to show why the Motion to Compel filed by Pumilia & Adamec, LLP and Jayesh Patel should not be granted.

New Orleans, Louisiana, this ____ day of _____, 2018.


                                        _____
                                        **JUDGE**

PLEASE SERVE:

Jessica Ibert, Esq.
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street
Suite 2615
New Orleans, LA  70130

And

Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street
Suite 2615
New Orleans, LA  70130