**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

FILED

2018 MAR -9 P 4:02

CIVIL
DISTRICT COURT

NO. 17-11080                DIVISION "C"                SECTION 16

**THE FINISH LINE**

v.

**JAYESH PATEL, ET AL**

FILED: _____        _____
                                                    DEPUTY CLERK

**RULE TO SHOW CAUSE**

Considering the foregoing Motion to Compel;

**IT IS HEREBY ORDERED** that Lewis, Kullman, Sterbcow & Abramson, LLC, appear

on the 13th day of April, 2018 at 9 o'clock, A.m. to show why the Motion to

Compel filed by Pumilia & Adamec, LLP and Jayesh Patel should not be granted.

New Orleans, Louisiana, this 14th day of March, 2018.

                                        (Sgd.) Melvin C. Zeno
                                        Judge Pro Tempore
                                        _____
"This Division enforces the deadlines provided     **JUDGE**
  in Louisiana District Court Rule 9.9."

PLEASE SERVE:

Jessica Ibert, Esq.
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street
Suite 2615
New Orleans, LA  70130

And

Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street
Suite 2615
New Orleans, LA  70130

EXHIBIT
5

RECEIVED DIV "E"

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

*FILED*

*2018 MAR -9 P 4:00*

NO. 17-11080                    **DIVISION "E"**                    *CIVIL*
*DISTRICT COURT*    **SECTION 16**

**THE FINISH LINE**

v.

**JAYESH PATEL, ET AL**

FILED: _____                    _____
                                                 DEPUTY CLERK

## MOTION TO COMPEL

**NOW INTO COURT,** through undersigned counsel, come Pumilia & Adamec, LLP

("Pumilia") and Jayesh Patel ("Patel"), who move to compel Lewis, Kullman, Sterbcow &

Abramson, LLC to comply with the attached subpoenas.

                              Respectfully submitted,

                              _____
                              NANCY J. MARSHALL  (#8955)
                              ANDREW J. BAER (#35638)
                              **DEUTSCH KERRIGAN, L.L.P.**
                              755 Magazine Street
                              New Orleans, LA 70130
                              Telephone: (504) 593-0602
                              Facsimile: (504) 566-4002
                              Attorneys for defendants, Jayesh Patel and
                              Pumilia & Adamec, LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been

forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage

prepaid, in the United States mail, addressed to them on the ____9____ day of March, 2018.

                              _____
                              NANCY J. MARSHALL



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-11080             DIVISION "E"            SECTION 16

THE FINISH LINE

v.

JAYESH PATEL, ET AL

FILED: _____       _____

                                     DEPUTY CLERK

## RULE 10.1 CERTIFICATE

Pursuant to Local Rule 10.1, undersigned counsel certifies:

1. After service of the subpoenas, Lewis Kullman objected to compliance on December 1, 2017.[1]

2. On December 7, 2017, undersigned counsel conferred the Lewis Kullman firm to discuss the objection and seek a resolution.

3. During the December 7, 2017 call, counsel discussed a possible compromise of Lewis Kullman producing documents not previously produced in the California litigation, but that Lewis Kullman was unlikely to consent to a deposition of Jessica Ibert.

4. On December 14, 2017, undersigned counsel sent correspondence regarding the previously discussed compromise, requesting full compliance with the document subpoena and production of Jessica Ibert for her deposition based on consent from Finish Line, Inc. as long as privileged and/or work product information was not at issue.

5. Lewis Kullman responded that it would consider the document request but would not consent to the deposition. As of this time, Lewis Kullman has not provided any additional response regarding the document subpoena.

---

[1] See Exhibit "C" in globo.

Respectfully submitted,

NANCY J. MARSHALL  (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 593-0602
Facsimile:  (504) 566-4002
Attorneys for defendants, Jayesh Patel and
Pumilia & Adamec, LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been
forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage
prepaid, in the United States mail, addressed to them on the ___9___ day of January, 2018.

ANDREW J. BAER

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-11080                    DIVISION "E"                    SECTION 16

FILED

2018 MAR -9 P 4:01

CIVIL
DISTRICT COURT

THE FINISH LINE

v.

JAYESH PATEL, ET AL

FILED: _____

_____
DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSE TO SUBPOENA DUCES TECUM

**NOW INTO COURT,** through undersigned counsel, come Pumilia & Adamec, LLP ("Pumilia") and Jayesh Patel ("Patel"), who move pursuant to compel Lewis, Kullman, Sterbcow & Abramson, LLC ("Lewis Kullman") to comply with the subpoena issued and attached hereto,[1] requiring Lewis Kullman to produce responsive documentation.

Finish Line, Inc. ("Finish Line"), the holder of attorney client privilege, does not object to the subpoena inasmuch as privileged information is not sought. Pumilia and Patel do not seek privileged information, mooting any concerns to that effect. Still, Lewis Kullman objects, despite its client's consent, thus requiring this motion. The was served on November 21, 2017. To date, no motion for protective order has been filed, and no responsive documentation has been produced.

After the Rule 10.1 Conference, the parties were unable to agree on a compromise, necessitating this motion.

## I.    FACTUAL BACKGROUND

This legal malpractice action is pending in the Superior Court of the State of California, County of Los Angeles, captioned *The Finish Line, Inc. v. Jayesh Patel et al.*, Case No. BC633988, against Pumilia and Patel arising out of the processing of Finish Line, Inc.'s ("Finish Line") "Economic and Property Damage Claims" sustained from the Deepwater Horizon oil rig explosion ("Deepwater Horizon Incident"). Finish Line has sued Pumilia and Patel, claiming they failed to file claims on its behalf through the Deepwater Horizon claims process. However, Lewis Kullman and Ibert were successor counsel to Pumilia and Patel, during which time they

_____
[1] See Exhibit "A".

received opportunities to file the claims at issue in the legal malpractice action, but did not do so. The subpoenas at issue are directed to and are intended to address Lewis Kullman's actions with respect to the opportunities to file Finish Line's additional claims.

After the Deepwater Horizon Incident, multi-district litigation class action lawsuits were brought in order to recover various types of damages resulting from the oil spill. Finish Line sought to recover damages under the 2012 "Economic & Property Damages" class action settlement.

In March 2014, Pumilia entered into a subcontract arrangement with Ryan Law to assist in processing economic loss claims for Ryan Law's clients. Ryan Law also contracted with Ryan LLC, whereby the latter was responsible for determining the extent to which a client could make a plausible economic loss claim, gathering supporting documentation, and preparing damages analyses for the DHCC.

In November 2014, Finish Line signed an engagement agreement with Ryan Law for the filing of its economic loss claims. Shortly thereafter, Ryan LLC transmitted a CD to Patel containing documents related to Finish Line's claims. Ryan LLC informed Patel that Finish Line had already submitted claims on its own prior to engaging Ryan Law, but that the DHCC required additional information as to those claims. No additional instructions were provided.

Ryan LLC had previously worked directly with Finish Line to obtain a number of additional documents to be submitted to the DHCC. These documents were provided to Patel, who subsequently provided these documents to the DHCC. Patel periodically logged onto the DHCC "portal" to check on the status of Finish Line's claims, which were always identified as "submitted."

However, he became curious as to why the status never changed. Patel subsequently reached out to his DHCC liaison, who informed him that Finish Line's claims had been "closed" in May 2013, nearly a year prior to Patel and Pumilia's engagement. Finish Line had received notifications of the closure of the claims, but had never communicated their status to Patel. Immediately thereafter, Patel informed Andy Rankin, Finish Line's in-house counsel, of the apparent "closed" status for Finish Line's claims. Finish Line subsequently terminated Ryan Law, and Patel's access to the DHCC portal was cut off. Finish Line then retained Lewis Kullman to process the additional claims at issue.

Finish Line does not allege that Pumilia and Patel failed to stop its claims from being closed. Instead, Finish Line claims Pumilia and Patel failed to file *additional* claims for other Finish Line stores. Finish Line contends that the documents provided to Ryan Law and subsequently to the DHCC included not only additional documentation necessary for the previously filed claims of which Pumilia and Patel were aware, but also provided documentation for other Finish Line facilities. However, this information was not known to Patel at the time he received the documents, and there was never any communication to him that instructed him to file additional claims on Finish Line's behalf.

As noted, after terminating Patel, Finish Line retained Lewis Kullman to try and revive its claims. Ms. Ibert was the primary attorney at Lewis Kullman handling Finish Line's claims. Through discovery, Pumilia and Patel have obtained multiple documents and communications wherein the DHCC appeared to provide Lewis Kullman with opportunities to file Finish Line's additional claims after the filing deadline. In these communications, the DHCC (i) identified the documentation provided to the DHCC for the additional Finish Line stores, (ii) questioned whether Finish Line planned to file additional claims or submit new claim forms, and (iii) offered instructions on how to file Finish Line's additional claims. No new claims were filed on Finish Lines' behalf. These communications are at issue, as well as accompanying documentation and information which would contest Finish Line's claims that such claims were lost solely by Pumilia and/or Patel, and support Pumilia and Patel's defense in the California case that they did not cause Finish Line's alleged injury.

Lewis Kullman's subsequent representation of Finish Line and its communications with the DHCC requires the information requested by the subpoenas at issue in this motion to explore (i) whether Finish Line was in fact able to pursue the claims at issue, (ii) whether any inability to file the claims was attributable to acts or omissions of third parties, and (iii) whether any alleged liability is subject to a comparative fault finding, given actions of Finish Line's other representatives.

## II.   LAW AND ARGUMENT

Lewis Kullman objects to the subpoenas objecting both to the scope of the documents sought and on the basis of attorney client privilege.

A subpoena may order a production of "books, papers, documents, and any other tangible things, or electronically stored information, in his possession or under his control."[2] Lewis Kullman has objected to the subpoena, but refuses to produce any responsive documentation, even within the confines of its own compromise. Thus, Pumilia and Patel move to compel compliance.

Since Lewis Kullman has only provided general bases for its refusal to comply, Pumilia and Patel address the perceived bases for the objections.

### A.    The Information Sought Is Not Privileged

The documents and testimony sought is not protected by the attorney client privilege because (i) the information sought has been communicated with third parties outside of the attorney client relationship, and (ii) Finish Line waived any applicable attorney client privilege with respect to the subpoenaed information by putting the disputed claims at issue in the legal malpractice litigation.

Attorney-client privilege grants a client the right to refuse to disclose, or prevent another from disclosing confidential communications:

(1)    Between the client or a representative of the client and the client's lawyer or a representative of the lawyer.
(2)    Between the lawyer and a representative of the lawyer.
(3)    By the client or his lawyer, or a representative of either, to a lawyer, or representative of a lawyer, who represents another party concerning a matter of common interest.
(4)    Between representatives of the client or between the client and a representative of the client.
(5)    Among lawyers and their representatives representing the same client.
(6)    Between representatives of the client's lawyer.

La. C.E. Art. 506(B). A client is a "person...to whom professional legal services are rendered by a lawyer, or who consults a lawyer with a view obtaining to professional legal services from the lawyer." La. C.E. 506(A)(1).

The party seeking to establish the existence of attorney-client privilege has the burden of proving the applicability of the privilege. *Cacamo v. Liberty Mutual Fire Ins. Co.*, 1999-1421 (La. App. 4 Cir. 10/10/01); 798 So.2d 1210, 1216. In order to establish attorney-client privilege, the asserting party must show:

(1) the holder of the privilege is or sought to become a client; (2) the communication was made to an attorney or subordinate in a

---

[2] Louisiana Code of Civil Procedure art. 1354

Finish Line does not object to the production as long as attorney client privilege is observed. Pumilia and Patel are not seeking documents that would invoke the attorney client privilege. The only party objecting to the subpoenas is Lewis Kullman. Since Finish Line, not Lewis Kullman, holds the privilege that would preclude the depositions it is unclear what the basis is for the current refusal. Finish Line and Pumilia and Patel agree to the scope of the responses and that the subpoenas should be complied with while honoring the parameters. Lewis Kullman has no basis for refusing to comply.

**B.    Any Privilege Has Been Waived**

While the information sought is not privileged and Finish Line does not object, Pumilia and Patel anticipate such an argument may be raised. As explained below, Finish Line claims that Pumilia and Patel's actions or inactions precluded its ability to file additional claims. The subpoenas seek to test the validity of those allegations. As such, Finish Line has put the communications of Lewis Kullman as successor counsel, and its accompanying documents and actions, at issue in this litigation, and have waived any privilege as to the requested information. Placing the information sought at issue waived Finish Line's ability to claim this discovery is privileged. Finish Line likely understands this fact, which is why it has agreed to the subpoenas.

> In *Succession of Smith*, supra, the Louisiana Supreme Court noted the exceptional situations in which a privilege holder's abuse of the privilege would result in waiver, to wit: (1) partial disclosure of a privileged communication at trial; (2) pretrial partial disclosure indicating a decision to rely on privileged evidence at trial; and (3) placing privileged communications at issue. *Succession of Smith*, 513 So.2d at 1143; see also United States v. Edwards, 39 F.Supp.2d 716, 735 (M.D.La.1999) (noting that 502(A)'s rule regarding the holder's voluntary disclosure of a significant part of the privileged matter waiving the privilege is consistent with the federal law governing attorney-client privilege).
> Under Louisiana law, a party waives the attorney-client privilege when he pleads a claim or defense in such a way that he will be forced inevitably to draw upon a privileged communication in order to prevail. Consequently, he places the communication in issue and waives the privilege as to communications regarding the same subject under his control. Conoco Inc. v. Boh Bros. Constr. Co., 191 F.R .D. 107, 110 (W.D.La.1998).

*Consol. Health Plans, Inc. v. Principal Performance Grp., Inc.*, CIV.A. 02-1230, 2003 WL 1193663, at *6 (E.D. La. Mar. 14, 2003).

Finish Line's claim that it was barred from filing certain claims with the DHCC indisputably puts Lewis Kullman's actions with the DHCC directly at issue, waiving any applicable privilege to the subpoenaed information.

6

Finish Line does not object to the production as long as attorney client privilege is observed.[5] Pumilia and Patel are not seeking documents that would invoke the attorney client privilege. The only party objecting to the subpoenas is Lewis Kullman. Since Finish Line, not Lewis Kullman, holds the privilege that would preclude the depositions it is unclear what the basis is for the current refusal. Finish Line and Pumilia and Patel agree to the scope of the responses and that the subpoenas should be complied with while honoring the parameters. Lewis Kullman has no basis for refusing to comply.

**B.   Any Privilege Has Been Waived**

While the information sought is not privileged and Finish Line does not object, Pumilia and Patel anticipate such an argument may be raised. As explained below, Finish Line claims that Pumilia and Patel's actions or inactions precluded its ability to file additional claims. The subpoenas seek to test the validity of those allegations. As such, Finish Line has put the communications of Lewis Kullman as successor counsel, and its accompanying documents and actions, at issue in this litigation, and have waived any privilege as to the requested information. Placing the information sought at issue waived Finish Line's ability to claim this discovery is privileged. Finish Line likely understands this fact, which is why it has agreed to the subpoenas.

> In *Succession of Smith*, supra, the Louisiana Supreme Court noted the exceptional situations in which a privilege holder's abuse of the privilege would result in waiver, to wit: (1) partial disclosure of a privileged communication at trial; (2) pretrial partial disclosure indicating a decision to rely on privileged evidence at trial; and (3) placing privileged communications at issue. *Succession of Smith*, 513 So.2d at 1143; see also United States v. Edwards, 39 F.Supp.2d 716, 735 (M.D.La.1999) (noting that 502(A)'s rule regarding the holder's voluntary disclosure of a significant part of the privileged matter waiving the privilege is consistent with the federal law governing attorney-client privilege).
>
> Under Louisiana law, a party waives the attorney-client privilege when he pleads a claim or defense in such a way that he will be forced inevitably to draw upon a privileged communication in order to prevail. Consequently, he places the communication in issue and waives the privilege as to communications regarding the same subject under his control. Conoco Inc. v. Boh Bros. Constr. Co., 191 F.R.D. 107, 110 (W.D.La.1998).

*Consol. Health Plans, Inc. v. Principal Performance Grp., Inc.*, CIV.A. 02-1230, 2003 WL 1193663, at *6 (E.D. La. Mar. 14, 2003).

---

[5] See Exhibit "B."

Finish Line's claim that it was barred from filing certain claims with the DHCC indisputably puts Lewis Kullman's actions with the DHCC directly at issue, waiving any applicable privilege to the subpoenaed information.

## III.   THE INFORMATION SOUGHT IS ESSENTIAL TO THE LEGAL MALPRACTICE ACTION AGAINST PUMILIA AND PATEL

The subpoenas seek documents that directly relate to the efforts of Lewis Kullman to file claims on behalf of Finish Line during its representation as successor counsel.  Whether or not Finish Line's additional claims were viable after Lewis Kullman began its representation is vital to assess the claims against Pumilia and Patel. Previously acquired documentation indicates that Finish Line's additional claims were viable and available after the enrollment of Lewis Kullman.[6]  The subpoenas are necessary to further explore the viability of the claims at issue. Only Lewis Kullman contains the necessary personal knowledge and documentation to address their actions (and inaction), and the timing of the same,  in pursuing the additional claims at issue.  Precluding discovery directed to Lewis Kullman and Ibert precludes Pumilia and Patel from fully defending themselves and lets Finish Line benefit from not having provided complete information.  Accordingly, the requested information and testimony is essential to Pumilia and Patel's defense of the pending legal malpractice action.

### C.   The Information Sought is Not for Harassment Purposes

Defense against litigation does not qualify as harassment, and there is no basis here for allegations of harassment.  The clear purpose of the subpoenas is to obtain information as to the validity of Finish Line's claims of economic loss after the termination of Pumilia or Patel, and to support Pumilia and Patel's defenses in the California case.

### D.   The Subpoenas Are Reasonably Limited and Seek Specific Information

The subpoenas specifically limit the information sought to detailed documents and testimony related to Lewis Kullman's representation of Finish Line after Pumilia and Patel's termination, insofar as Lewis Kullman sought documents from third parties, and other entities. The subpoenas do not request Lewis Kullman's entire Finish Line file. To the contrary, the subpoenas are narrowly tailored to obtain specified information and testimony related to Lewis

---

[6] Pumilia and Patel are not liable for legal malpractice because they did not breach the standard of care in their representation of Finish Line. However, for purposes of this motion, Pumilia and Patel focus on the causation of damages and comparative fault.

Kullman's interactions with third parties to obtain documents or information to address Finish Line's claims. This specificity meets the Rule 508 standard.

    **E.**    **Lewis Kullman Solely Possesses Their File**

The requested information is solely possessed by Lewis Kullman. While some of the documentation will inevitably overlap with other discovery in this case, only Lewis Kullman possesses the responsive information as to what they did, and why, or what could have been done. Such information is key to analyze what Lewis Kullman did against what it could have done. Accordingly, no other person can provide the information sought.

## IV.    PUMILIA AND PATEL ARE ENTITLED TO COMPLETE DOCUMENT PRODUCTION

Lewis Kullman previously stated that it was willing to confer with the other attorneys in this matter to determine what has been previously produced and provide non-privileged documents that had not been previously produced. Pumilia and Patel informed Lewis Kullman that it wanted a complete production regardless of the prior discovery results. Lewis Kullman responded it that it would examine Pumilia and Patel's position, but has not yet responded.

Nevertheless, Lewis Kullman's offer to produce documents not previously produced does not satisfy the subpoena request and is insufficient. Pumilia and Patel are entitled to know what responsive documents were in Lewis Kullman's possession in order to assess what information it was acting upon while communicating with the DHCC. Pumilia and Patel would be required to guess what documents Lewis Kullman did not produce because they had already been produced in discovery, as opposed to documents that the Kullman firm never possessed.

Additionally, a complete production would be easier for Lewis Kullman to accomplish, as it could review its file and provide responsive documents without having to add another step of analysis before production.

As such, to the extent Lewis Kullman claims it wishes to engage in only a partial production, it should be compelled to fully comply with the subpoena.

## V.    CONCLUSION

Finish Line's consent to the production and testimony of non-privileged documents and testimony should negate the need for this motion from the outset. Regardless, Lewis Kullman should be compelled to comply with the subpoenas attached to this motion as Exhibit "A" as the standard for compliance under Rule 508 has been met.

Respectfully submitted,

NANCY J. MARSHALL  (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 593-0602
Facsimile:  (504) 566-4002
Attorneys  for  defendants,  Jayesh  Patel  and
Pumilia & Adamec, LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been

forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage

prepaid, in the United States mail, addressed to them on the _____ day of March, 2018.

NANCY J. MARSHALL

9

NO               DIVISION    E       SECTION   16

THE FINISH LINE            CIVIL DISTRICT COURT

v.

JAYESH PATEL, ET AL.

FILED: _____

                         FILED

                       JAN 9 2018

               CLERK'S OFFICE
           CIVIL DISTRICT COURT

DEPUTY CLERK    DISTRICT COURT

TO:   Jessica Ibert, Esq., Lewis, Kullman, Sterbcow & Abramson, LLC, 601 Poydras Street, Suite 2615, New Orleans, LA 70130

       **CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed
below.

---

**SUBPOENA REQUEST**

[  ]   **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division
"_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of_____, 20_____ at _____ o'clock _____.m., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under penalty of the law.  By order of the Court.

---

**DEPOSITION SUBPOENA REQUEST**

[X]   **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Deutsch Kerrigan, LLP<br>755 Magazine Street, New Orleans, LA 70130 | January 10, 2018 at 10:00 a.m. |

---

**REQUEST FOR WRIT OF SUBPOENA DUCES TECUM**

[  ]   **YOU ARE COMMANDED** to produce and permit inspection and copying of the following
documents or objects for the _ trial, _____ deposition, or ___ hearing     (state      type)
at the place, date and time specified below (list documents or objects) pursuant to the provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Issued at the request of; and,
Fees and cost guaranteed by undersigned

**ATTORNEY**                    _Attorney's signature_

**ATTORNEY'S
NAME & BAR NUMBER**      Andrew J. Baer, Esq. (#35638)

**ADDRESS
&**      755 Magazine Street

EXHIBIT
4

ATTACHMENT "4"
TO DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS
*The Finish Line, Inc. v. Jayesh Patel, et al.,*
Los Angeles Superior Court, Case No. BC633988

## DEFINITIONS

Words in CAPITALS in the following Requests for Production of Business Records are defined as follows:

DOCUMENTS means a writing as defined in California Evidence Code section 250 (a "handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored").

YOU and YOUR means Lewis, Kullman, Sterbcow & Abramson LLC, and its employees, in-firm attorneys, staff, or any other person or entity purporting to act on its behalf.

## REQUESTS FOR PRODUCTION OF BUSINESS RECORDS

1.      All DOCUMENTS and communications that YOU have submitted to the Deepwater Horizon Claims Center in connection with The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

2.      All DOCUMENTS and communications that YOU have received from the Deepwater Horizon Claims Center in connection with The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

3.      All communications to and from YOU and anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

4.      All communications to and from Darryl D. Robertson, with regard to The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

5.      All communications to and from Jason Russell, with regard to The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

6.      All communications to and from James Hoban, with regard to The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

ATTACHMENT "4"
TO DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS
*The Finish Line, Inc. v. Jayesh Patel, et al.,*
Los Angeles Superior Court, Case No. BC633988

7.      All communications to and from Jessica Ibert and anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

8.      All communications to and from Robert Lumpkin and anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

9.      All internal notes and/or memoranda reflecting or referring to YOUR telephone conversations or other communications with anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

**PROOF OF SERVICE**

1  STATE OF CALIFORNIA      )
2  COUNTY OF LOS ANGELES    )                    FILED

3      I am employed in Los Angeles County.  My business address is 11755 Wilshire Blvd,
   Suite 2400, Los Angeles, CA 90025, where this mailing occurred.  I am over the age of 18 years
4  and am not a party to this cause.  I am readily familiar with the practices of KAUFMAN
   DOLOWICH VOLUCK LLP for collection and processing of correspondence for mailing with the
5  United States Postal Service.  Such correspondence is deposited with the United States Postal
   Service the same day in the ordinary course of business.

6      On September 26, 2017, I served the foregoing documents on the interested parties in this
7  action entitled as follows:

8             **COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA**

9  [XX]  by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as
        follows:

10                     **SEE ATTACHED SERVICE LIST**

11
12 [XX]  (BY MAIL)  I placed such envelope for collection and mailing on this date
        following ordinary business practices.

13 [  ]  (BY PERSONAL SERVICE)  I caused to be hand delivered such envelope to the
14       addressee so indicated.

15 [  ]  (BY ELECTRONIC MAIL):  I caused to be served, via electronic mail (e-mail), the
        above-entitled document(s)   to the e-mail address of the addressee(s) so indicated.

16 [  ]  (BY FEDERAL EXPRESS)  I am "readily familiar with the firm's practice of
17       collection and processing correspondence for mailing via Express Mail (or another method
        of delivery providing for overnight delivery pursuant to C.C.P. § 1005(b)).  Under that
18       practice, it would be deposited with the United States Postal  Service or other overnight
        delivery carrier (in this case, Federal Express) on that same day with postage thereon fully
19       prepaid at Los Angeles, California in the ordinary course of business.

20 [  ]  (BY FACSIMILE)  I caused to be served, via facsimile, the above-entitled
        document(s) to the office of the addressee so indicated.

21 [XX]  (STATE)  I declare under penalty of perjury that the foregoing is true and correct.

22 [  ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of
        this court at whose direction the services was made.
23
24    Executed on September 26, 2017, at Los Angeles, California.
25
26                                    _____
                                     ESTHER SILVERMAN
27
28



SERVICE LIST

*The Finish Line, Inc. v. Jayesh Patel, et al.*
LASC Case No. BC633988

*Attorneys for Plaintiff*
*THE FINISH LINE, INC.*

Steven C. Glickman, Esq.
GLICKMAN & GLICKMAN
9460 Wilshire Blvd., Ste. 330
Beverly Hills, CA 90212-2732

Ph.    (310) 273-4040
Fax:   (310) 273-0829
Email: scg@glickman-law.com

Andrew W. Hull, Esq.
Susanne Johnson, Esq.
Hoover Hull Turner, LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Ph.    (317) 822-4400
Email: awhull@hooverhullturner.com
Email: sjohnson@hooverhullturner.com

4852-1134-7259, v. 1

2
PROOF OF SERVICE

FILED
2018 MAR -9 P 4: 10

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

CIVIL
DISTRICT COURT

NO. 17-11080                    DIVISION "C"                    SECTION 16

**THE FINISH LINE**

v.

**JAYESH PATEL, ET AL**

FILED: _____        _____
                                                    DEPUTY CLERK

<u>**RULE TO SHOW CAUSE**</u>

Considering the foregoing Motion to Compel;

**IT IS HEREBY ORDERED** that Jessica Ibert appear on the 13th day of April, 2018 at 9 o'clock, ___.m. to show why the Motion to Issue a Deposition Subpoena to Ibert filed by Pumilia & Adamec, LLP and Jayesh Patel should not be granted.

New Orleans, Louisiana, this 14th day of March, 2018.

"This Division enforces the deadlines provided
in Louisiana District Court Rule 9.9."

(Sgd.) Melvin C. Zeno
Judge Pro Tempore
_____
**JUDGE**

PLEASE SERVE:

Jessica Ibert, Esq.
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street
Suite 2615
New Orleans, LA  70130

And

Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street
Suite 2615
New Orleans, LA  70130

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CIVIL
DISTRICT COURT

NO. 17-11080                    DIVISION "E"                    SECTION 16

THE FINISH LINE

v.

JAYESH PATEL, ET AL

FILED: _____        _____
                                              DEPUTY CLERK

## MOTION TO ISSUE SUBPOENA

**NOW INTO COURT**, through undersigned counsel, come Pumilia & Adamec, LLP

("Pumilia") and Jayesh Patel ("Patel"), who move pursuant to Rule 508 of the Louisiana Code of

Evidence to issue the attached deposition subpoena to Jessica Ibert ("Ibert") pursuant to Rule 508

of the Louisiana Code of Evidence.

Respectfully submitted,

NANCY J. MARSHALL  (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 593-0602
Facsimile: (504) 566-4002
Attorneys for defendants, Jayesh Patel and
Pumilia & Adamec, LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been

forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage

prepaid, in the United States mail, addressed to them on the _____ day of March, 2018.

NANCY J. MARSHALL



**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 17-11080                    DIVISION "E"                    SECTION 16

**THE FINISH LINE**

v.

**JAYESH PATEL, ET AL**

FILED: _____          _____

                                                    DEPUTY CLERK

**RULE 10.1 CERTIFICATE**

Pursuant to Local Rule 10.1, undersigned counsel certifies:

1. After service of the subpoenas, Lewis Kullman objected to compliance on December 1, 2017.[1]

2. On December 7, 2017, undersigned counsel conferred the Lewis Kullman firm to discuss the objection and seek a resolution.

3. During the December 7, 2017 call, counsel discussed a possible compromise of Lewis Kullman producing documents not previously produced in the California litigation, but that Lewis Kullman was unlikely to consent to a deposition of Jessica Ibert.

4. On December 14, 2017, undersigned counsel sent correspondence regarding the previously discussed compromise, requesting full compliance with the document subpoena and production of Jessica Ibert for her deposition based on consent from Finish Line, Inc. as long as privileged and/or work product information was not at issue.

5. Lewis Kullman responded that it would consider the document request but would not consent to the deposition. As of this time, Lewis Kullman has not provided any additional response regarding the document subpoena.

---

[1] See Exhibit "C" in globo.

Respectfully submitted,

NANCY J. MARSHALL  (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 593-0602
Facsimile:  (504) 566-4002
Attorneys for defendants, Jayesh Patel and
Pumilia & Adamec, LLP

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been

forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage

prepaid, in the United States mail, addressed to them on the ___9___ day of January, 2018.

ANDREW J. BAER

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-11080                DIVISION "E"                       SECTION 16


THE FINISH LINE

v.

JAYESH PATEL, ET AL

FILED: _____          _____
                                              DEPUTY CLERK

**MEMORANDUM IN SUPPORT OF MOTION TO ISSUE SUBPOENAS PURSUANT TO LOUISIANA CODE OF EVIDENCE ARTICLE 508**

**NOW INTO COURT,** through undersigned counsel, come Pumilia & Adamec, LLP ("Pumilia") and Jayesh Patel ("Patel"), who move pursuant to Rule 508 of the Louisiana Code of Evidence for the Court to issue a deposition subpoena to Jessica Ibert ("Ibert") pursuant to Rule 508 of the Louisiana Code of Evidence. This Motion is brought pursuant to proceedings held before this Honorable Court on March 9, 2018.

Finish Line, Inc. ("Finish Line"), the holder of attorney client privilege, does not object to the deposition inasmuch as information protected by attorney client privilege or work product immunity is not sought. Pumilia and Patel do not seek privileged information, mooting any concerns to that effect. Still, Ibert objects to the deposition subpoena, despite her client's consent, thus requiring this motion.[1] While the *subpoena duces tecum* has already been issued, Pumilia and Patel requests issuance of Ibert's deposition subpoena pursuant to Rule 508 of the Louisiana Code of Evidence.

I.      **FACTUAL BACKGROUND**

This legal malpractice action is pending in the Superior Court of the State of California, County of Los Angeles, captioned *The Finish Line, Inc. v. Jayesh Patel et al.*, Case No. BC633988, against Pumilia and Patel arising out of the processing of Finish Line, Inc.'s ("Finish Line") "Economic and Property Damage Claims" sustained from the Deepwater Horizon oil rig explosion ("Deepwater Horizon Incident"). Finish Line has sued Pumilia and Patel, claiming they failed to file claims on its behalf through the Deepwater Horizon claims process. However,

---

[1] After the Rule 10.1 Conference, the parties were unable to agree on a compromise, necessitating this motion.

Lewis Kullman and Ibert were successor counsel to Pumilia and Patel, during which time they received opportunities to file the claims at issue in the legal malpractice action, but did not do so. The subpoenas at issue are directed to and are intended to address Lewis Kullman's actions with respect to the opportunities to file Finish Line's additional claims.

After the Deepwater Horizon Incident, multi-district litigation class action lawsuits were brought in order to recover various types of damages resulting from the oil spill. Finish Line sought to recover damages under the 2012 "Economic & Property Damages" class action settlement.

In March 2014, Pumilia entered into a subcontract arrangement with Ryan Law to assist in processing economic loss claims for Ryan Law's clients.  Ryan Law also contracted with Ryan LLC, whereby the latter was responsible for determining the extent to which a client could make a plausible economic loss claim, gathering supporting documentation, and preparing damages analyses for the DHCC.

In November 2014, Finish Line signed an engagement agreement with Ryan Law for the filing of its economic loss claims. Shortly thereafter, Ryan LLC transmitted a CD to Patel containing documents related to Finish Line's claims.  Ryan LLC informed Patel that Finish Line had already submitted claims on its own prior to engaging Ryan Law, but that the DHCC required additional information as to those claims.  No additional instructions were provided.

Ryan LLC had previously worked directly with Finish Line to obtain a number of additional documents to be submitted to the DHCC.  These documents were provided to Patel, who subsequently provided these documents to the DHCC. Patel periodically logged onto the DHCC "portal" to check on the status of Finish Line's claims, which were always identified as "submitted."

However, he became curious as to why the status never changed. Patel subsequently reached out to his DHCC liaison, who informed him that Finish Line's claims had been "closed" in May 2013, nearly a year prior to Patel and Pumilia's engagement.  Finish Line had received notifications of the closure of the claims, but had never communicated their status to Patel. Immediately thereafter, Patel informed Andy Rankin, Finish Line's in-house counsel, of the apparent "closed" status for Finish Line's claims.  Finish Line subsequently terminated Ryan

2

Law, and Patel's access to the DHCC portal was cut off.  Finish Line then retained Lewis Kullman to process the additional claims at issue.

Finish Line does not allege that Pumilia and Patel failed to stop its claims from being closed.  Instead, Finish Line claims Pumilia and Patel failed to file *additional* claims for other Finish Line stores.  Finish Line contends that the documents provided to Ryan Law and subsequently to the DHCC included not only additional documentation necessary for the previously filed claims of which Pumilia and Patel were aware, but also provided documentation for other Finish Line facilities. However, this information was not known to Patel at the time he received the documents, and there was never any communication to him that instructed him to file additional claims on Finish Line's behalf.

As noted, after terminating Patel, Finish Line retained Lewis Kullman to try and revive its claims.  Ms. Ibert was the primary attorney at Lewis Kullman handling Finish Line's claims. Through discovery, Pumilia and Patel have obtained multiple documents and communications wherein the DHCC appeared to provide Lewis Kullman with opportunities to file Finish Line's additional claims after the filing deadline.  In these communications, the DHCC (i) identified the documentation provided to the DHCC for the additional Finish Line stores, (ii) questioned whether Finish Line planned to file additional claims or submit new claim forms, and (iii) offered instructions on how to file Finish Line's additional claims. No new claims were filed on Finish Lines' behalf.   These communications are at issue, as well as accompanying documentation and information which would contest Finish Line's claims that such claims were lost solely by Pumilia and/or Patel, and support Pumilia and Patel's defense in the California case that they did not cause Finish Line's alleged injury.

Lewis Kullman's subsequent representation of Finish Line and its communications with the DHCC requires the information requested by the subpoenas at issue in this motion to explore (i) whether Finish Line was in fact able to pursue the claims at issue, (ii) whether any inability to file the claims was attributable to acts or omissions of third parties, and (iii) whether any alleged liability is subject to a comparative fault finding, given actions of Finish Line's other representatives.

3

## II.   LAW AND ARGUMENT

Ibert requires this Motion, despite the client's consent, pursuant to Louisiana Code of

Evidence article 508, which states in pertinent part:

> **A. General rule.** Neither a subpoena nor a court order shall be
> issued to a lawyer or his representative to appear or testify in any
> civil or juvenile proceeding, including pretrial discovery, or in an
> administrative investigation or hearing, where the purpose of the
> subpoena or order is to ask the lawyer or his representative to
> reveal information about a client or former client obtained in the
> course of representing the client unless, after a contradictory
> hearing, it has been determined that the information sought is not
> protected from disclosure by any applicable privilege or work
> product rule; and all of the following:
>
> (1) The information sought is essential to the successful
> completion of an ongoing investigation, is essential to the case of
> the party seeking the information, and is not merely peripheral,
> cumulative, or speculative.
> (2) The purpose of seeking the information is not to harass the
> attorney or his client.
> (3) With respect to a subpoena, the subpoena lists the information
> sought with particularity, is reasonably limited as to subject matter
> and period of time, and gives timely notice.
> (4) There is no practicable alternative means of obtaining the
> information.

The testimony sought does not encompass items within the attorney client privilege, as

set forth below.   Further, the documents and testimony meet the requisite standard under

Louisiana Code of Evidence Article 508, which should result in required compliance by Lewis

Kullman, as set forth below.

Further, extraordinary circumstances exist pursuant to Louisiana Code of Civil Procedure

article 1452(B).

### A.   The Information Sought Is Not Privileged

The testimony sought is not protected by the attorney client privilege because (i) the

information sought has been communicated with third parties outside of the attorney client

relationship, and (ii) Finish Line waived any applicable attorney client privilege with respect to

the subpoenaed information by putting the disputed claims at issue in the legal malpractice

litigation.

Attorney-client privilege grants a client the right to refuse to disclose, or prevent another

from disclosing confidential communications:

> (1)    Between the client or a representative of the client and the
> client's lawyer or a representative of the lawyer.
> (2)    Between the lawyer and a representative of the lawyer.

4

    (3)    By the client or his lawyer, or a representative of either, to a lawyer, or representative of a lawyer, who represents another party concerning a matter of common interest.

    (4)    Between representatives of the client or between the client and a representative of the client.

    (5)    Among lawyers and their representatives representing the same client.

    (6)    Between representatives of the client's lawyer.

La. C.E. Art. 506(B). A client is a "person...to whom professional legal services are rendered by a lawyer, or who consults a lawyer with a view obtaining to professional legal services from the lawyer." La. C.E. 506(A)(1).

The party seeking to establish the existence of attorney-client privilege has the burden of proving the applicability of the privilege. *Cacamo v. Liberty Mutual Fire Ins. Co.*, 1999-1421 (La. App. 4 Cir. 10/10/01); 798 So.2d 1210, 1216. In order to establish attorney-client privilege, the asserting party must show:

> (1) the holder of the privilege is or sought to become a client; (2) the communication was made to an attorney or subordinate in a professional capacity; (3) the communication was made outside the presence of strangers; (4) the communication was made to obtain a legal opinion or services; and (5) the privilege has not been waived.

*Id.*

A review of the subpoena makes clear that no privileged information is being sought. In fact, Finish Line and Pumilia and Patel have agreed that information protected by work product immunity or attorney client privilege will not be implicated. The testimony relates to third party actions regarding (i) documents submitted by the Lewis Kullman firm to the DHCC on behalf of Finish Line's claims, (ii) documents received by Lewis Kullman from the DHCC regarding Finish Line's claims, (iii) communications between Lewis Kullman, its employees, and individuals associated with the DHCC, and (iv) notes or memoranda associated with telephone communications between Lewis Kullman and the DHCC. The deposition subpoena does not seek (i) protected communications and documents transmitted solely within Lewis Kullman, (ii) protected communications and documents transmitted solely between Lewis Kullman and Finish Line, or (iii) the mental impressions and strategy decisions expressed solely between Lewis Kullman and Finish Line.

Again, the subpoenas do not request that Ibert testify to subjects encompassed by attorney client privilege or work product immunity. To the contrary, Pumilia and Patel seek testimony

explaining and expanding upon Ibert's discovery communications and requested documentation with third party individuals specifically related to the additional claims at issue.

Further, Finish Line does not object to the production or deposition of Ibert as long as attorney client privilege is observed.[2] Pumilia and Patel are not seeking documents or testimony that would invoke the attorney client privilege. The only parties objecting to the subpoenas are Ibert and Lewis Kullman. Since Finish Line, not Lewis Kullman, holds the privilege that would preclude the depositions it is unclear what the basis is for the current refusal. Finish Line and Pumilia and Patel agree to the scope of the responses and that the subpoenas should be complied with while honoring the parameters. Lewis Kullman has no basis for refusing to comply.

**B.   Any Privilege Has Been Waived**

While the information sought is not privileged and Finish Line does not object, Pumilia and Patel anticipate such an argument may be raised. As explained below, Finish Line claims that Pumilia and Patel's actions or inactions precluded its ability to file additional claims. The subpoenas seek to test the validity of those allegations. As such, Finish Ibert's actions as successor counsel, and its accompanying documents and actions, at issue in this litigation, and have waived any privilege as to the requested information. Placing the information sought at issue waived Finish Line's ability to claim this discovery is privileged. Finish Line likely understands this fact, which is why it has agreed to the subpoenas.

> In *Succession of Smith*, supra, the Louisiana Supreme Court noted the exceptional situations in which a privilege holder's abuse of the privilege would result in waiver, to wit: (1) partial disclosure of a privileged communication at trial; (2) pretrial partial disclosure indicating a decision to rely on privileged evidence at trial; and (3) placing privileged communications at issue. *Succession of Smith*, 513 So.2d at 1143; see also United States v. Edwards, 39 F.Supp.2d 716, 735 (M.D.La.1999) (noting that 502(A)'s rule regarding the holder's voluntary disclosure of a significant part of the privileged matter waiving the privilege is consistent with the federal law governing attorney-client privilege).
> Under Louisiana law, a party waives the attorney-client privilege when he pleads a claim or defense in such a way that he will be forced inevitably to draw upon a privileged communication in order to prevail. Consequently, he places the communication in issue and waives the privilege as to communications regarding the same subject under his control. Conoco Inc. v. Boh Bros. Constr. Co., 191 F.R.D. 107, 110 (W.D.La.1998).

*Consol. Health Plans, Inc. v. Principal Performance Grp., Inc.*, CIV.A. 02-1230, 2003 WL 1193663, at *6 (E.D. La. Mar. 14, 2003).

---

[2] See Exhibit "A."

6

Finish Line's claim that it was barred from filing certain claims with the DHCC indisputably puts Ibert's actions with the DHCC directly at issue, waiving any applicable privilege to the subpoenaed information.

## III.   THE INFORMATION SOUGHT IS ESSENTIAL TO THE LEGAL MALPRACTICE ACTION AGAINST PUMILIA AND PATEL

The subpoenas seek documents and deposition testimony that directly relate to the efforts of Lewis Kullman to file claims on behalf of Finish Line during its representation as successor counsel. Whether or not Finish Line's additional claims were viable after Lewis Kullman began its representation is vital to assess the claims against Pumilia and Patel. Previously acquired documentation indicates that Finish Line's additional claims were viable and available after the enrollment of Lewis Kullman.[3] Ibert's testimony is necessary to further explore the viability of the claims at issue. Only Ibert contains the necessary personal knowledge to address her actions (and inaction), and the timing of the same, in pursuing the additional claims at issue. Precluding discovery directed to Ibert precludes Pumilia and Patel from fully defending themselves and lets Finish Line benefit from not having provided complete information. Accordingly, the requested information and testimony is essential to Pumilia and Patel's defense of the pending legal malpractice action.

### C.   The Information Sought is Not for Harassment Purposes

Defense against litigation does not qualify as harassment, and there is no basis here for allegations of harassment. The clear purpose of the deposition subpoena is to obtain information as to the validity of Finish Line's claims of economic loss after the termination of Pumilia or Patel, and to support Pumilia and Patel's defenses in the California case.

### D.   The Subpoenas Are Reasonably Limited and Seek Specific Information

The subpoenas specifically limit the information sought to detailed documents and testimony related to Lewis Kullman's representation of Finish Line after Pumilia and Patel's termination, insofar as Lewis Kullman sought documents from third parties, and other entities. The subpoenas do not request Lewis Kullman's entire Finish Line file. To the contrary, the subpoenas are narrowly tailored to obtain specified information and testimony related to Lewis

---

[3] Pumilia and Patel are not liable for legal malpractice because they did not breach the standard of care in their representation of Finish Line. However, for purposes of this motion, Pumilia and Patel focus on the causation of damages and comparative fault. Further, *see* Exhibit B.

Kullman's interactions with third parties to obtain documents or information to address Finish Line's claims. This specificity meets the Rule 508 standard.

### E.   Lewis Kullman Solely Possesses Their File

The requested information is solely possessed by Ibert. While some of the documentation will inevitably overlap with other discovery in this case, Ibert was the individual consistently in communication with the various DHCC individuals. Only Ms. Ibert can testify as to her telephone conversations with the DHCC regarding submission of the additional claims at issue, for which there appears to be no written record. Additionally, multiple individuals with the DHCC interacted with Ibert. The idea that Pumilia and Patel should depose each separate individuals instead of Ibert, the point of contact, is improper, particularly when the client agrees to her deposition. Such information is key to analyze what Lewis Kullman did against what it could have done. Accordingly, no other person can provide the information sought.

## IV.   EXTRAORDINARY CIRCUMSTANCES EXIST

Pumilia and Patel further request Ibert's deposition pursuant to La. Code Civ. Proc. 1452(B), and asks the Court to order compliance therein as well. Finish Line's legal malpractice action, putting at issue whether Pumilia and Patel failed to timely file claims on behalf of a number of stores, creates extraordinary circumstances under La. Code of Civ. P. art. 1452(B) which warrants Ibert's testimony. The institution of the legal malpractice action, claiming Pumilia and Patel missed a deadline, puts at issue Ibert and Lewis Kullman's actions and/or inactions upon receiving multiple opportunities from the DHECC to file the same claims, creating extraordinary circumstances under La. Code Civ. P. art. 1452(B).

In *Smith v. Kavanaugh, Pierson, & Talley*, the Louisiana Supreme Court addressed a similar situation in which the defendants in a legal malpractice action sought to depose the plaintiff's legal malpractice counsel regarding the issue of prescription.[4] The defendants claimed the legal malpractice action had prescribed, but the plaintiff argued that she found out the information from her attorney less than one year before filing suit.[5] The Louisiana Supreme Court determined that the Plaintiff intended to testify to and utilize evidence related to privileged communications with her attorney in order to prove that the claim had not prescribed.[6] The

---

[4] 513 So.2d 1138 (La.1987).

[5] *Id.*

[6] *Id.* at 1147.

Louisiana Supreme Court agreed that the enrolled attorney could be deposed as to her privileged communications with the plaintiff related to the issue of peremption, since the communications were testified to and put directly at issue in the plaintiff's claims and defenses.[7]

Similar to *Smith*, the Finish Line has put at issue the actions and inactions of Ibert by claiming that its claims had prescribed, while communications reveal Ibert and Lewis Kullman were presented with opportunities to file the at issue claims.[8]

As the *Smith* Court determined, extraordinary circumstances under 1452(B) exist when a legal malpractice action puts matters at issue in the claim and defense of the legal malpractice action. Here, Finish Line has put at issue the actions and inactions of Ibert by claiming Pumilia and Patel missed a deadline, when documents obtained in discovery suggest otherwise. Accordingly, extraordinary circumstances exist.

## V.   CONCLUSION

Finish Line's consent to the Ibert's testimony regarding non-privileged documents and testimony should negate the need for this motion from the outset. Regardless, Pumilia and Patel request the Court issue the proposed subpoena pursuant to Rule 508 of the Louisiana Code of Evidence.

Respectfully submitted,

NANCY J. MARSHALL  (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone: (504) 593-0602
Facsimile: (504) 566-4002
Attorneys for defendants, Jayesh Patel and
Pumilia & Adamec, LLP

---

[7] *Id.* at 1148.

[8] Ibert would presumably have an attorney defend her deposition who would object to issues of attorney client privilege and work product immunity.

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on the _____9th_____ day of March, 2018.

_____
NANCY J. MARSHALL

**From:** Michael A. Dorelli [mailto:mdorelli@hooverhullturner.com]
**Sent:** Tuesday, December 12, 2017 11:__ AM
**To:** Courtney Curtis-Ives
**Cc:** Regina R. Miller; Andrew W. Hull; Andrew J. Waxler; Michael A. Dorelli; Susanne A. Johnson
**Subject:** RE: Finish Line/Patel: 2nd RFP

FILED

2018 MAR -9 P 4: 10

FILED

JAN -9 2018

CLERK'S OFFICE
CIVIL DISTRICT COURT

Courtney, I'm trying to schedule a call for tomorrow with my contact at Finish Line who is getting the sales/geographical information. The information is compiled for 2009 through 2011, but 2007 and 2008 are going to require more time to compile (because the data comes from a different system). Also, so far, it's compiled in a spreadsheet, so I'm hoping to get a better understanding about "how" it was compiled (because I know you'll ask), and whether there are actual supporting documents (other than sales slips at the points of sale). I'll follow-up with additional information tomorrow.

On the subpoenas to Jessica Ibert's firm, we object only to the extent they may seek information protected from disclosure by the attorney-client privilege or work product doctrine. We do not object to them in principal. The document request is worded very broadly, but to the extent you're asking only for communications between Jessica's firm and the Claims Center, we don't object. The request for internal notes/memos may include work product, and we would object to production of any such documents. Other than that, our objection would only be to the extent either the requests or a deposition goes beyond the firm's communications with the Claims Center, and into privilege/work product areas.

Please let me know if this answers your question on the subpoenas. Again, I'll be back in touch with more information on the sales information tomorrow.

Mike



EXHIBIT
A



**EXHIBIT B**

FL00027219

## DWH Global Notes Details (As of 7/20/17)

| Row # | DWH Claimant ID | DWH Claimant Name | Date | To or from | Contact Type | Person Contacted | Call Status | Comments |
|---|---|---|---|---|---|---|---|---|
| 1. | 100049935 | The Finish Line, Inc. | 1/10/13 | To | Claimant Outreach Call | Claimant | Left Message and Requested Phone Call | A. McSwain was assigned to reach Business Representative for The Finish Line, Inc. on 1/10/2013 at 6:00 P.M. from the Houma Claimant Assistant Office in Biloxi. The purpose of this call was to follow up with information in regards to Incompleteness Notice. CA left a voice mail message for The Claimant to return call to discuss the necessary documents requested to satisfy the Incompleteness Notice in order to continue processing the claim. |
| 2. | 100049935 | The Finish Line, Inc. | 1/10/13 | To | Claimant Outreach Call | Claimant | Left Message and Requested Phone Call | R. Robles of the Houma CAC left a message for Ms. Erica Black at 4:15pm on 1/10/2013. Ms. Black can be reached at 317-899-1022 ext. 6747. The purpose of the call is to inform Ms. Black of documents needed to satisfy her incompleteness notice. Ms. Black must submit monthly P&L for the year of 2010 and 2011 for each location, and Alabama state and sales record for the years 2009-2011. In addition Ms.Black must submit completed tax forms ( all schedules and attachments) for the years 2009-2011. |
| 3. | 100049935 | The Finish Line, Inc. | 1/22/13 | From | Claimant | Claimant | | T. Lindsey called M. Eagle at 12:01 P.M. on 1/23/11. His telephone number is (228) 235-8804. I told him that his seafood compensation claim was electronically signed at 12:53 A.M. on 1/24/11. I told him that he had missed the deadline to submit seafood compensation claims, but that we are currently looking into how to deal with situations such as his. He only missed the deadline by an hour according to the electronic signature. He understood all of the information I provided to him. |
| 4. | 100049935 | The Finish Line, Inc. | 4/3/13 | To | Claimant Outreach Call | Representative Claimant | No Answer | On 4/3/13 @ 11:55am, Claim Analyst tried to contact the Claimant's Business Representative, Erica Black, requesting availability to discuss the claims. Claim Analyst will call again today at a later time. |
| 5. | 100049935 | The Finish Line, Inc. | 4/4/13 | To | Claimant Outreach Call | Other | No Answer | On 4/4/13 @ 10:20 am following an email sent to Business Representative, Erica Black, an automatic reply was sent to Claims Analyst requesting all emails and phone calls to be directed to Tina Grantham with the listed number: (317-613-6595) and email: legalassistant@finishline.com. Claims Analyst attempted to contact Tina Grantham to discuss claims submitted, but was unable to get through to her. |
| 6. | 100049935 | The Finish Line, Inc. | 4/4/13 | To | Claimant Outreach Call | Representative Claimant | Left Message | On 4/4/13 @ 9:05 am, Claim Analyst tried contacting Claimant's Business Representative, Erica Black. Ms. Black did not answer the call. Analyst left a message requesting three available times to discuss the claims. |
| 7. | 100049935 | The Finish Line, Inc. | 4/4/13 | To | Email | Representative Claimant | Emailed Claimant and Requested Phone Call | On 4/4/13 @ 10:15am, Claim Analyst emailed Business Representative, Erica Black, requesting availability to discuss the claims. |
| 8. | 100049935 | The Finish Line, Inc. | 4/5/13 | To | Claimant Outreach Call | Other | No Answer | On 4/5/13 @ 4:30 pm, Claim Analyst tried to contact Tina Grantham to discuss the incompleteness of the thirteen filed claims for The Finish Line, Inc. The call was not answered. Analyst has tried to get in contact with Claimant's Representative, but has been unable to do so. |
| 9. | 100049935 | The Finish Line, Inc. | 9/15/15 | To | Claimant Outreach Call | Claimant's Attorney | Spoke with Claimant's Attorney | On September 15,2015 at 3:39 pm, analyst contacted Robert Lumpkin at 504-588-1500 in regards to the claim. Robert stated that his law office (Lewis, Kullman, Sterbcow & Abramson) is representing Finish line. Robert requested that information be sent to his email at rlumpkin@lksalaw.com |
| 10. | 100049935 | The Finish Line, Inc. | 9/16/15 | From | Email | Claimant's Attorney | Spoke with Attorney | Darryl, For question 2 do you only need the P&L's for the Madison Square Mall location? Robert L. Lumpkin 601 Poydras Street, Suite 2615|New Orleans, LA 70130-6039 (504)526-8535 Direct \| (504)588-1500 Main \| (504)588-1514 Fax Email: rlumpkin@lksalaw.com \| www.lksalaw.com |

## DWH Global Notes Detail (As of 9/20/17)

| Row # | DWH Claimant ID | DWH Claimant Name | Date of Interaction | Person Contacted | Contact Type | Person Contacted (Person Contacted) | Call Status | Comments |
|---|---|---|---|---|---|---|---|---|
| 11. | 100049935 | The Finish Line, Inc. | 9/16/15 | To | Email | | Claimant's Attorney | Substantive Email with Attorney |
| 12. | 100049935 | The Finish Line, Inc. | 9/16/15 | To | Email | | Claimant's Attorney | Substantive Email with Attorney |
| 13. | 100049935 | The Finish Line, Inc. | 9/16/15 | From | Email | | Claimant's Attorney | Substantive Email with Attorney |
| 14. | 100049935 | The Finish Line, Inc. | 9/16/15 | From | Email | | Claimant's Attorney | Substantive Email with Attorney |

**Row 11 Comments:**

Okay, thanks.

Robert L. Lumpkin
601 Poydras Street, Suite 2615|New Orleans, LA 70139-6030
(504)262-8333 Direct | (504)599-1500 Main | (504)598-1514 Fax
Email: rlumpkin@bakerm.com | www.bakerm.com

**Row 12 Comments:**

Thank you Darryl.

I will get you a response as soon as possible.

Robert L. Lumpkin
601 Poydras Street, Suite 2615|New Orleans, LA 70139-6030
(504)262-8333 Direct | (504)599-1500 Main | (504)598-1514 Fax
Email: rlumpkin@bakerm.com | www.bakerm.com

**Row 13 Comments:**

Cont. from 1316997

73. Are there more locations that are located within the Gulf Coast Region? If so, how many?
4. Please provide the Sales and Use tax for the Alabama and Florida Stores for all years 2007-2011.
5. Please provide the full address for each location that the claimant is filing for.
6. Please confirm that the headquarters address is 3308 N. Mitthoeffer Rd, Indianapolis IN 46235.
7. Please provide an organizational chart identifying of the company.
a. Which entity does the locations provide fall under? Please see below as a reference
You can respond directly to this email with the requested documentation. Should you have any questions, please let me know

**Row 14 Comments:**

Robert,

Just to clarify, if the intentions are to file for Madison square mall location, I would need the profit and loss statements.

However for the other three locations mentioned in #2, I already have the P&L's.

All four locations will need purple forms as well.

Cheers,

Darryl D. Robertson
Senior Financial Analyst
935 Gravier, New Orleans, LA 70112
ddrobertson@propa.com

FL00027220

| DWH Row # | DWH Claimant ID | DWH Claimant Name | Date | To/From | Contact Type | Person Contacted | Call Status | Comments |
|---|---|---|---|---|---|---|---|---|
| 15. | 100049935 | The Finish Line, Inc. | 9/14/15 | To | Email | Claimant's Attorney | Substantive Email with Attorney | Robert, Per our phone conversation on yesterday, thank you for taking the time to speak with me in regards to The Finish Line, Inc. (100049935). In order to continue the accounting review, please provide the following information: 1. As previously stated on 5/9/2013, the claimant stated that the intention is to file for 13 locations. Therefore, please identify & provide full monthly profit and loss statements (2007-2011) for the following locations: o Claim 35694: Store 898 Panama City Mall (Panama City, FL) o Claim 35573: Store 419 Countryside Mall (Clearwater FL) b. Claim 35255: Store 572 Eastern Shores Mall (Spanish Fork, AL) c. Claim 35575: Store 611 Oakwood Mall (Gretna, LA) e. Claim 35359: Store 0079 Colonial Bel Air Mall (Mobile, AL) f. Claim 30362: Store 0715 Mall at Cortona (Baton Rouge, LA) g. Claim 35513: Store 0737 Southland Mall (Houma, LA) h. Claim 30576: Store 0856 Sarasota Mall (Sarasota FL) - Please note the claimant is on a fiscal year therefore, to fulfill the request, Period 11-12 of FY 2006 will be needed if the claimant choose to use 2007. 2. The claimant provided additional profit and loss statements for the following locations: a. University Mall b. Tallahassee Mall c. Melissa Square mall (Store 0545) d. Metrocenter Mall (Store 0593) - What is the purpose of these locations? Is it the intentions to file for these additional locations? If so, please provide the following: o Purple form for each location o Monthly profit and loss statements (2007-2011) ? Madison Square |
| 16. | 100049935 | The Finish Line, Inc. | 9/28/15 | From | Email | Claimant's Attorney | Substantive Email with Attorney | Darryl and Jason, We received a post reconsideration denial notice for this claim on Friday and I'm not sure why. This claim is very large, publicly traded multi-facility claim that was improperly denied by the claims center back in 2013. The claim was just put back into the system on 9/16 and since then we have been communicating with you all about what information was needed by the CA once the claim was reopened and have been working on obtaining everything required. We also sent communication to both of you regarding all of the facilities included in this claim that were not properly entered into the portal by Claimant's previous attorney. To date, I have not heard a response from either of you all but the claim was issued an incompleteness denial notice without warning. Considering the CA's major screw up with this claim in 2013, I would appreciate that you all respond promptly to this email and provide warning when a denial notice is going to be issued, particularly when we have been actively communicating with the CA about obtaining documentation and additional information needed. |
| 17. | 100049935 | The Finish Line, Inc. | | From | Email | Claimant's Attorney | Substantive Email with Attorney | Robert, I am following up with the appropriate party for Reilation back consideration. I will follow up with you as soon as I have a determination regarding whether or not additional claims can be filed after the 6/8/15 final filing deadline. Best, Jason |

FL00027221

## DWH Global Notes Details (As of 7/20/17)

| DWH Claimant Row (6474) | DWH Claimant ID | DWH Claimant Name | Date of Contact | To/From | Contact Type | Person Contacted / Call Status | Comments |
|---|---|---|---|---|---|---|---|
| 18. | 100049935 | The Finish Line, Inc. | 9/28/15 | From | Email | Claimant's Attorney / Substantive Email with Attorney | We need to schedule a call as soon as possible to discuss this issue regarding over 70 facilities that are included in the claim but that were not properly entered into the portal by Claimant's original attorney. This will affect what PMLs are submitted to the DoJ as requested by Darryl in his 9/16 email. Further, attached to this email is the organizational chart provided by the claimant. I appreciate your prompt assistance with this matter. Best, Jessica L. Ibert ATTORNEY 601 Poydras Street, Suite 2615\|New Orleans, LA 70130-6030 (504)262-9345 Direct \| (504)599-1500 Main \| (504)598-1514 Fax Email: jibert@lksalaw.com \| www.lksalaw.com |
| 19. | 100049935 | The Finish Line, Inc. | 10/7/15 | From | Email | Spoke with Claimant's Attorney / Substantive Email with Attorney | Email received on 10.7.15 from jibert@lksalaw.com Jason, I just want to make sure that I understand you . Finish Line can either file on a consolidated basis for all 74 Gulf Coast Region facilities or can file on a facility basis ONLY for the 13 location originally included in the claim form? Jessica L. Ibert ATTORNEY 601 Poydras Street, Suite 2615\|New Orleans, LA 70130-6030 (504)262-9345 Direct \| (504)599-1500 Main \| (504)598-1514 Fax Email: jibert@lksalaw.com \| www.lksalaw.com |
| 20. | 100049935 | The Finish Line, Inc. | 10/7/15 | From | Email | Claimant's Attorney / Substantive Email with Attorney | On 10.7.15 the email was received from jibert@lksalaw.com They can file on a consolidated basis despite the fact that the headquarters is NOT located in the Gulf Coast Region? Or does that preclude them from being able to file on a consolidated basis? Jessica L. Ibert ATTORNEY 601 Poydras Street, Suite 2615\|New Orleans, LA 70130-6030 (504)262-9345 Direct \| (504)599-1500 Main \| (504)598-1514 Fax Email: jibert@lksalaw.com \| www.lksalaw.com |
| 21. | 100049935 | The Finish Line, Inc. | 10/7/15 | From | Email | Other / Substantive email with Attorney | Email received on 10.7.15 from jibert@lksalaw.com Robert, Does the claimant intend to file consolidated? Or separately for the additional claims? If they want to file consolidated, please change Q6 to Yes and add the claiming Facilities in Q7 of the Claim Form. The claimant will not be able to file the additional claims if filing separately. |
| 22. | 100049935 | The Finish Line, Inc. | 10/7/15 | From | Other | Other / Substantive Email with Attorney | Email sent from jnussel@lphcc.com on 10.7.15 Your understanding is correct. |

4

| DWH Row Note ID 8474 | DWH Claimant ID | DWH Claimant's Name | Date | To From | Contact Type | Person Contacted | DWH Global Notes Details As of 7/20/17 Comments |
|---|---|---|---|---|---|---|---|
| 23. | 100049935 | The Finish Line, Inc. | 10/12/15 | From | Email | Claimant's Attorney | Email was received on 10/9/2015 from jlbert@lksalaw.com Darryl and Jason, Attached is a response to Darryl's questions on 9/16/15 along with a letter regarding P&L creation dates and an organizational chart. The attached documents will be uploaded into the portal today along with all P&Ls, tax returns and sales/use returns for all 13 claiming locations. We request that you please let us know if any additional information is needed before issuing an incompleteness denial notice. Thanks, Jessica L. Ilbert ATTORNEY 601 Poydras Street, Suite 2615|New Orleans, LA 70130-6030 (504)582-2345 Direct | (504)588-1550 Main | (504)589-1514 Fax Email: jlbert@lksalaw.com | www.lksalaw.com |
| 24. | 100049935 | The Finish Line, Inc. | 10/12/15 | From | Email | Other | Substantive Email with Attorney Jessica Ilbert jlbert@lksalaw.com Jason, We uploaded everything attached to the email in the portal along with all of the P&Ls and sales and use returns, so we should be good. Thanks, Jessica L. Ilbert ATTORNEY 601 Poydras Street, Suite 2615|New Orleans, LA 70130-6030 (504)582-2345 Direct | (504)588-1550 Main | (504)589-1514 Fax Email: jlbert@lksalaw.com | www.lksalaw.com |
| 25. | 100049935 | The Finish Line, Inc. | 10/12/15 | From | Email | | Substantive Email with Attorney Email received from jrussell@hncc.com Jessica, Please make sure that you are also uploading all supporting documents to the file, even if they are in response to accountant outreach. |

FL00027223

## DWH Global | Notes Details

DWH 84674

| Row # | DWH Claimant ID | DWH Claimant Name | Date | To/From | Contact Type | Person Contacted | Call Status | Comments |
|---|---|---|---|---|---|---|---|---|
| 26. | 100049935 | The Finish Line, Inc. | 11/12/15 | To | Email | Claimant's Attorney | Substantive Email with Attorney | From: Jason Russell<br>Sent: Thursday, November 12, 2015 10:38 AM<br>To: Rocke't Lumpkin (harrocke@askalaw.com)<br>Cc: Ian T. Taylor (itaylor@blbglaw.com); Jessica Ebert (jebert@kssalaw.com)<br>Subject: Relation: Beck Outreach 3 - The Finish Line, Inc - 100049935<br><br>Good Morning,<br><br>The Finish Line, Inc. (CID: 100049935) indicated on its Claim Form that it is a Multi-Facility Business requesting Consolidated treatment for all Facilities in the Gulf Coast Areas. However, our review of the claim suggests that not all of the claimant's addresses in the Gulf Coast Areas are included on the Claim Form. The DWH Program requires that Question 7 on the Claim Form include the physical address of each claiming Facility of the business. For Multi-Facility Businesses electing consolidated treatment, the claimant must provide the physical addresses of all its facilities located in the Gulf Coast Areas. The DWH Database Application then creates a Claim ID to correspond to each Claiming Facility, which allows the Program to properly track these Facilities and to ensure that all facilities included in the Consolidated claim are located in the Gulf Coast Area. It also ensures that all eligible Facilities are designated as such, so that any RE Claims from employees of those Facilities are recognized as having satisfied Causation through their Eligible Employer.<br><br>We have opened up the Business Economic Loss Claim Form for you to provide the physical address(es) of additional Facilities of your business located in the Gulf Coast Areas. Please add the address(es) requested on or before close of business on Friday, December 11, 2015. While you will have additional opportunity to add the address(es) in the future, submission on or before December 11, 2015 will allow for the more expedited processing of these claims. |
| 27. | 100049935 | The Finish Line, Inc. | 12/3/15 | To | Claimant Outreach Call | Claimant's Attorney | Left Substantive Message | Claims Analyst attempted to contact Jessica Ebert on December 3, 2015 at 10:02 AM. Ms. Ebert did not answer. Claims Analyst left a message notifying Ms Ebert he was reviewing the claims and he wanted to speak with her first to confirm the Claimant's filing intentions and better understand their business structure. He asked Ms. Ebert to email cifraud@sproutn.com with a convenient times she could be reached to discuss these issues. |
| 28. | 100049935 | The Finish Line, Inc. | 12/4/15 | To | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ebert on December 4, 2015 at 11:29 AM, stating:<br>"I sent this along to the client and will get back to asap." |
| 29. | 100049935 | The Finish Line, Inc. | 12/4/15 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ebert on December 4, 2015 at 11:35 AM, stating:<br>"I should have a response by early next week. FYI." |
| 30. | 100049935 | The Finish Line, Inc. | 12/4/15 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ebert on December 4, 2015 at 9:15 AM, stating:<br>"I received your message. I should be at my desk all day today. Give me a call at 504-262-8395." |
| 31. | 100049935 | The Finish Line, Inc. | 12/4/15 | To | Claimant Outreach Call | Claimant's Attorney | Spoke with Claimant's Attorney | Claims Analyst spoke with Jessica Ebert on December 4, 2015 at 10:04 AM. The following issues were covered: (1) The Claimant intended to file for the 13 separate locations; (2) The organizational chart provided was given by the Claimant. A request for a more detailed one could be made, but she was unsure the Claimant could provide more, and (3) The claiming facilities are all owned by Finish Line, Inc and lack a separate P&L for the consolidation operations of the Claimant was needed for a tax reconciliation to be performed and that eventually documentation showing the intercompany transactions would be needed, but the latter was not needed at this time. Claims Analyst would follow-up with an e-mail for the annual P&Ls; organizational chart, and business description. |

6

FL00027224

| Row # | DWH 8474 DWH Claimant ID | DWH Claimant Name | Date | To / From | Contact Type | Person Contacted | DWH Global Notes Details (As of 7/20/17) Comments / Call Status |
|---|---|---|---|---|---|---|---|
| 36. | 100049935 | The Finish Line, Inc. | 12/14/15 | From | Email | Claimant's Attorney | "Finish Line's accounting department should have the P&Ls ready in the next day or so." |
| 35. | 100049935 | The Finish Line, Inc. | 12/8/15 | From | Email | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on December 8, 2015 at 2:53 PM, stating: "The claimant is working on this.  I'll let you know an ETA as soon as I have." This was in response to the request for each facilities P&Ls be provided again in one excel file. |
| 34. | 100049935 | The Finish Line, Inc. | 12/8/15 | From | Email | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on December 8, 2015 at 2:50 PM, stating: "Here are the answers to questions 1 and 2.  We are still working No. 3. 1.) The Finish Line USA, Inc., primarily acquires technological and information system capital improvements and services that are primarily attributable to and utilized at Finish Line's corporate headquarters in Indianapolis, Indiana.  Finish Line distribution primarily acquires manufacturing capital, systems and services that are primarily attributable to and utilized at Finish Line's distribution center in Indianapolis, Indiana.  Neither subsidiary participates in the operation of the 13 claiming facilities, which are all operated by Finish Line, Inc. 2.) Regarding the organizational chart, there isn't a more detailed organizational chart, just attached is a revised chart to reflecting shareholder ownership. It really is a simplistic structure for a corporation.  Again, the two subsidiaries are not involved in any way with the operations of the 13 claiming facilities." |
| 33. | 100049935 | The Finish Line, Inc. | 12/7/15 | To | Email | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on December 7, 2015 at 4:47 PM, stating: "I was wondering if it would be possible to consolidate the P&Ls for each location into one Excel file.  I am looking through the P&Ls and I am having trouble finding the P&Ls for each facility.  There appears to be numerous copies of each month uploaded at different times in the portal. If this is not possible, that is no problem.  It would just help me process the claims more efficiently if the Claimant is able to do so.  Also, if it is not possible, if you could point out that the P&Ls for each location are located in that would be great.  Again, this is not required but it would help in processing the claim." |
| 32. | 100049935 | The Finish Line, Inc. | 12/4/15 | To | Email | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on December 4, 2015 at 11:16 AM, stating: "Thank you for taking the time to speak with me this afternoon and confirm the Claimant's filing intentions for the 13 facilities.  Below are the additional questions and requests I have which were discussed on our phone call. Enjoy your weekend and I look forward to working with you to complete review of these claims. 1. Please provide a description of the Claimant's business.  I am familiar with the Claimant's main line of business (athletic retail sales), but can the Claimant please explain the role of its subsidiaries in its operations and provide any other relevant information that will help us better understand the nature of the revenue they earn and expenses they incur which appear on the P&Ls. 2. Related to Question 1, if the Claimant could provide a more detailed organizational chart, this would be helpful. 3. Please provide annual P&Ls for Finish Line Inc. (just Finish Line Inc.  It is not needed for the consolidated subsidiaries).  This is needed for us to perform reconciliation of the P&Ls to the tax return." |

7

FL00027225

**DWH Global Notes Details**
As of 7/20/17

| DWH [8474] Row # | DWH Claimant ID | DWH Claimant Name | Date (To/From) | | Contact Type | Person Contacted | Call Status | Comment |
|---|---|---|---|---|---|---|---|---|
| 37. | 100049935 | The Finish Line, Inc. | 12/18/15 | To | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on December 18, 2015 at 12:06 PM, stating: "The annual P&L for Finish Line, Inc. consolidated for all facilities in order to perform a reconciliation of the P&Ls and the tax return. The P&Ls for the facilities being claimed for. Additionally, could you please clarify the address attached to each facility name attached to the P&Ls. In order to allow me to figure out which Claim ID the facility noted on the P&L corresponds to. For example, I see P&Ls for the "Madison Square", "Edison Mall", "Tallahassee Mall" and "University Mall" stores, but there is no address attached to a Claim ID that seems to correspond to those stores. So far, there is more I have been able to get through looking at the file ... I have a good amount of P&Ls for "Cordova Mall", "Tyrone Square", "Esplandade", "Westshore", and "hudson". Other than a missing month here and month there for a couple of these locations. I will need the P&Ls for January-February for 2012 (Periods 1-10 of the 2006 Fiscal Year 2011). Additionally, this is for tax reconciliation purposes. If the Claimant would like us to proceed with only 2008/09 and 2009 considered for the Benchmark Period, they must provide January-October 2006 P&Ls (Periods 1-10 of the 2006 tax return, and February 2007 P&Ls would need to be reported on. If the Claimant would like us to proceed with only 2008/09 and 2009 considered for the Benchmark Period, which they are reported on. If the Claimant would like us to proceed with only 2008/09 and 2009 considered for the Benchmark Period, the 2006 Tax Return and January-October 2006 P&Ls would not be required, but the January and February 2012 P&Ls are required, no matter which Benchmark the Claimant would like us to proceed with." |
| 38. | 100049935 | The Finish Line, Inc. | 12/18/15 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on December 18, 2015 at 10:42 AM, stating: "I'm working on gathering this information from the client.  I know they were diligently working on gathering the information but I suspect this holiday season may have slowed down the process.  I'll get back to you when we can expect everything.  This client should be able to produce this information/documentation as requested." Chris Rinaldi |
| 39. | 100049935 | The Finish Line, Inc. | 12/21/15 | From | Email | Claimant's Attorney | | "Attached is a chart showing each claiming facility and its corresponding claim ID #." |
| 40. | 100049935 | The Finish Line, Inc. | 12/21/15 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on December 21, 2015 at 11:29 AM, stating: |
| 41. | 100049935 | The Finish Line, Inc. | 12/21/15 | To | Email | Claimant's Attorney | | Claims Analyst sent an e-mail to Jessica Ibert on December 21, 2015 at 10:53 AM, stating: "Great. Thank you for the update. I appreciate it." |
| 42. | 100049935 | The Finish Line, Inc. | 1/4/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on December 21, 2015 at 10:52 AM, stating: "I just received word that the client anticipates receiving the documentation from tax department by tomorrow. I am out of the office Wed-Fri, so if we do not have everything submitted to you by end of day tomorrow, it should arrive the following Monday." |
| 43. | 100049935 | The Finish Line, Inc. | 1/4/16 | From | Email | Claimant's Attorney | | "Attached are the 2007 P&Ls for Finish Line, Inc.  I will be sending 2008 – 2011 momentarily. I am still waiting on the monthly P&Ls broken down by location and will get those to you asap. Do you want us to upload these into the portal?" Claims Analyst received an e-mail from Jessica Ibert on December 29, 2015 at 9:29 AM, and the 2008 P&Ls for The Finish Line, Inc. were attached. |

8

| Row # | DWH Claimant ID | DWH Claimant Name | DWH Claim... Date | To/from... | Contact type | Person Contacted | Call Status | DWH Global Notes Details |
|---|---|---|---|---|---|---|---|---|
| 44. | 100049935 | The Finish Line, Inc. | 1/4/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on December 29, 2015 at 9:29 AM. The 2009 PILS for The Finish Line, Inc. were attached. |
| 45. | 100049935 | The Finish Line, Inc. | 1/4/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on December 29, 2015 at 9:30 AM. The 2010 PILS for The Finish Line, Inc. were attached. |
| 46. | 100049935 | The Finish Line, Inc. | 1/4/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on December 29, 2015 at 9:30 AM. The 2011 PILS for The Finish Line Inc. were attached. |
| 47. | 100049935 | The Finish Line, Inc. | 1/4/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on January 4, 2015 at 10:16 AM, stating:<br>"Attached are the PILs for January 2012, Period 11. I'm sending February 2012 momentarily.<br>Do you have the missing information from 2006? Also, let me know if you want to hop on a call to go over anything else that is still outstanding." |
| 48. | 100049935 | The Finish Line, Inc. | 1/4/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on January 4, 2015 at 10:17 AM, stating:<br>"Attached are February 2012, Period 12." |
| 49. | 100049935 | The Finish Line, Inc. | 1/4/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on January 4, 2016 at 11:59 AM, stating:<br>"I've asked them to do this (and I think they can do this) but what they send me in response never seems to be exactly what I ask for.  I think this requests get lost in translation between the legal depart and accounting department.  I will be in a deposition this afternoon and am unsure when I will be done.  I can talk tomorrow morning around 9am.<br>In the meantime, if you sent me a list confirming which locations you don't have complete PILs for, I will send another request for the Claimant to compile each fiscal year for each facility to one file." |
| 50. | 100049935 | The Finish Line, Inc. | 1/4/16 | To | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on January 4, 2015 at 11:06 AM, stating:<br>"Thank you for the information and update. I will upload the documents in these e-mail to the portal. Please let me know when you receive the remaining documentation." |
| 51. | 100049935 | The Finish Line, Inc. | 1/4/16 | To | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on January 4, 2015 at 11:54 AM, stating:<br>"I responded to your e-mails of last week before I saw the two you sent today, I'm sorry about that.<br>I think it would be best to touch base and make sure we are on the same page regarding the requested information.  Additionally, I would like to speak with you about the Claimant compiling these PILs in one file for the other facilities.  For example, instead of 60 months of PILs in 60 files for 12 facilities, which would be a total of 720 individual files, maybe it would be possible for the Claimant to compile each fiscal year for each facility in one file (12 facilities, 5 fiscal years, for a total of 60 files).<br>This would not be necessary for the facilities identified in my prior e-mail, which I have already located all of the files for, however it would be extremely helpful for the remaining facilities which do not have their records uploaded to the portal.<br>Please let me know the best time to reach you this afternoon.<br>-Chris Staidl" |

9

FL00027227

## DWH Global Notes Details (As of 7/20/17)

| DWH Row#/8474 | DWH Claimant ID | DWH Claimant Name | DWH Date To/From | Contact Type | Person Contacted/Call Status | Comments |
|---|---|---|---|---|---|---|
| 52. | 100049935 | The Finish Line, Inc. | 1/4/16 | To | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on January 4, 2016 at 1:30 PM, stating: "P&Ls are needed for the following facilities: 1. Eastern Shores 2. Oakwood Mall 3. Colonial Bel Air 4. Mall at Cortana 5. Southland Mall 6. Panama City Mall 7. Countryside Mall 8. Westfield Sarasota Additionally, only if the Claimant would like 2007/08/09 considered for the benchmark, they would need to provide the 2006 tax return and January-October 2009 P&Ls (Period 1-10) for any facilities they wish to have 2007/08/09 considered as an available Benchmark Period. Without this information, we will proceed with 2008/09 and 2009 considered for the benchmark Period. If you have any questions and would like to speak when you get in the office tomorrow, just e-mail me and I can call you at whichever time works best for you. Thank you again for your help. -Chris Rinaldi" |
| 53. | 100049935 | The Finish Line, Inc. | 1/6/16 | From | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on January 6, 2016 at 9:35 AM, stating: "Here are the P&Ls as requested for: Panama City – Claim ID 30568" |
| 54. | 100049935 | The Finish Line, Inc. | 1/6/16 | From | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on January 6, 2016 at 9:38 AM, stating: "Here are the P&Ls as requested for: Eastern Shores – JD 30255" |
| 55. | 100049935 | The Finish Line, Inc. | 1/6/16 | From | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on January 6, 2016 at 9:39 AM, stating: "P&Ls for Countryside Mall – Claim 30573" |
| 56. | 100049935 | The Finish Line, Inc. | 1/6/16 | From | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on January 6, 2016 at 9:40 AM, stating: "P&Ls for Oakwood Mall – Claim 30257" |
| 57. | 100049935 | The Finish Line, Inc. | 1/6/16 | From | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on January 6, 2016 at 9:41 AM, stating: "P&Ls for Colonial Bel Air – Claim 30259" |
| 58. | 100049935 | The Finish Line, Inc. | 1/6/16 | From | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on January 6, 2016 at 9:42 AM, stating: "P&Ls for Mall at Cortana – Claim 30262" |
| 59. | 100049935 | The Finish Line, Inc. | 1/6/16 | From | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on January 6, 2016 at 9:42 AM, stating: "P&Ls for Southland Mall – Claim 30513" |
| 60. | 100049935 | The Finish Line, Inc. | 1/6/16 | From | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on January 6, 2016 at 9:43 AM, stating: "P&Ls for Westfield Sarasota – Claim 30576" |

FL00027228

| DWH B474 Row# | DWH Claimant ID | DWH Claimant Name | Date | To or From? | Contact Type | Person Contacted / Call Status | | Comments / Documents |
|---|---|---|---|---|---|---|---|---|
| 61. | 100069935 | The Finish Line, Inc. | 1/12/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on January 12, 2016 at 11:00 AM, stating:<br><br>"See attached. Please let me know if we are missing anything else."<br><br>The attached tax return has been uploaded to the portal. |
| 62. | 100069935 | The Finish Line, Inc. | 1/13/16 | To | Email | Claimant's Attorney | | Claims Analyst sent an e-mail to Jessica Ibert on January 13, 2016 at 10:26 AM, stating:<br><br>"Thank you Jessica. Once I get a chance to analyze each facility I will reach out to you with questions. I am hoping to get that done by next week."<br><br>Thank you for your help." |
| 63. | 100069935 | The Finish Line, Inc. | 1/18/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on January 18, 2016 at 2:42 PM, stating:<br><br>"Not a problem. Will get you to you asap.<br><br>Thanks!" |
| 64. | 100069935 | The Finish Line, Inc. | 1/18/16 | To | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on January 18, 2016 at 2:40 PM, stating:<br><br>"I have reviewed the P&L files you provided and entered them into workbooks for analysis. I found the following deficiencies in the documentation. Please let me know if you have any questions, and e-mail me the missing information when the Claimant provided it to you. Thank you!<br><br>1. The following locations are missing the January 2007 P&L. It appears the P&Ls for the period ending 1/5/07 were provided, instead of the P&Ls for the period ending 2/3/07:<br>A. Cortana, Countryside, Eastern Shores, Oakwood, Westfield<br><br>2. The Colonial location is also missing the January 2007 P&L. It appears the P&Ls for the period ending 1/8/07 AND it appears the 2007 P&Ls were provided, instead of the P&Ls for the period ending 2/3/07. The 2008 P&L file for March-December is a reproduction of the 2007 P&Ls.<br><br>3. I am unable to locate the Cordova P&L for November 2008 (11/2/2008 – 1/2/2009). Please have the Claimant provide this file.<br><br>3.1 I am unable to locate the Cordova P&L for the period ending 2/2/07.<br><br>Chris Rinaldi" |
| 65. | 100069935 | The Finish Line, Inc. | 1/19/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on January 19, 2016 at 9:46 AM, stating:<br><br>"See attached"<br><br>The attached documents have been uploaded to the portal. |
| 66. | 100069935 | The Finish Line, Inc. | 1/19/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on January 19, 2016 at 9:47 AM, stating:<br><br>"See attached"<br><br>The attached documents were uploaded to the portal. |

FL00027229

| Row # | DWH Claimant ID | DWH Claimant Name | DWH Contact Date | Contact Type (From/To) | Person Contacted | Call Status | DWH Global Notes Details |
|---|---|---|---|---|---|---|---|
| 67. | 100049935 | The Finish Line, Inc. | 1/29/16 | To | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst e-mailed Jessica Ibert on January 29, 2016 at 2:47 PM, stating:<br><br>"I am reviewing all of the information provided and I am currently attempting to perform the required book to tax reconciliation for the claim.<br><br>I have been trying to tie out the tax returns to the consolidated P&Ls provided (see Doc IDs 18621176, 18621188, 18621192, 18621196, 18621203). I am looking at the numbers for Finish Line Inc. on the schedules of the tax return (for example, see the 2007 Tax Return, Doc ID 15788131, p. 55, "Finish Line Inc. Column"), but I cannot tie out the numbers to the P&Ls. The gross receipts do not match the sales on the P&Ls and the net income between the two do not match. The individual P&Ls expenses do not match the individual expense deductions either (for example, the Salaries & Wages deduction does not tie to the Salaries on the P&Ls, or any combination of salary-related expenses on the P&Ls).<br><br>1. Based upon this, please have the Claimant provide a reconciliation of the Consolidated P&Ls for Finish Line Inc. to the Tax Return for Finish Line Inc. The reconciliation should identify the differences between the two; the reasons for the differences, and identify which expenses on the P&Ls are deducted in the specific deduction items on the tax returns. This reconciliation must be provided for years (Fiscal Years 2007-2011). Again, this reconciliation should not be based on the front page of the tax return and the combined financials of Finish Line and its' subsidiaries, they should be reconciled to the claiming entity of Finish Line Inc.<br><br>2. Additionally, please have the Claimant provide a detailed explanation of the process used to perform the consolidation of the P&Ls from store level to the consolidated the Finish Line Inc. entity P&Ls.<br><br>Thank you for your assistance. Have a good weekend!" |
| 68. | 100049935 | The Finish Line, Inc. | 2/1/16 | From | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on February 1, 2016 at 9:53 AM, stating:<br><br>"I'm sending this along to the client and will get a response to you as soon as practical." |
| 69. | 100049935 | The Finish Line, Inc. | 2/4/16 | To | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on February 16, 2016 at 4:22 PM, stating:<br><br>"I am following up on my request for a book to tax reconciliation and a detailed explanation of the Claimant's process used to perform the consolidation of the P&Ls from store level to the consolidated the Finish Line Inc. entity P&Ls.<br><br>Do you believe the information will be available by the end of the week?" |
| 70. | 100049935 | The Finish Line, Inc. | 2/17/16 | From | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on February 17, 2016 at 4:49 PM, stating:<br><br>"The client advised that we should be able to obtain the information by the end of this week. I'll update you with an ETA as soon as I have one." |
| 71. | 100049935 | The Finish Line, Inc. | 3/21/16 | From | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on March 21, 2016 at 2:45 PM, stating:<br><br>"We are working on the reconciliations for Finish Line but due to the number of non-claiming stores and size of the company (the client has a few questions regarding the best way to provide the information requested. I believe there are over 600 stores included in the consolidated return, so providing a reconciliation in this case is a bit more complicated than some other claims.<br><br>Can we schedule a call with you this week to discuss the best way to provide the reconciliations?" |

12

FL00027230

## DWH Global Notes Details (As of 7/20/17)

| DWH 8474/ PDWH | DWH Claimants ID | DWH Claimant(s) Name(s) | Date | To (From) | Contact Type | How Contacted | Call Status | Comments |
|---|---|---|---|---|---|---|---|---|
| 72. | 100049935 | The Finish Line, Inc. | 3/22/16 | From | Email | | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Beet on March 21, 2016 at 3:18 PM. The e-mail stated: ? "Thanks, Chris! That may make things a bit easier, but I still think it's best to hop on a call. Todd, Andy and I are available tomorrow afternoon. Does 2pm CST (3 pm EST) work for everyone?" |
| 73. | 100049935 | The Finish Line, Inc. | 3/22/16 | To | Email | | Claimant's Attorney | Claims Analyst sent an e-mail to Jessica Beet on March 21, 2016 at 3:11 PM, stating: ? "Yes, Anytime tomorrow will work for me. I just want to make sure it's clear, the reconciliation is between the Consolidated P&L, which was provided for all stores and the tax return. We are not looking for a reconciliation for each individual claiming store." |
| 74. | 100049935 | The Finish Line, Inc. | 3/22/16 | To | Email | | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Beet on March 21, 2016 at 3:20 PM, stating: "That's fine with me." |
| 75. | 100049935 | The Finish Line, Inc. | 3/22/16 | | (Claimant Outreach Call) | | Spoke with Claimant's Attorney | Claims Analyst spoke with Jessica Beet, Todd Coulter (Claimant's In-House Counsel), Mr. Coulter (Claimant's In-House Counsel), and Andy Rankin (Claimant's In-House Counsel). Mr. Coulter explained the tax variances are attributable to end of year adjustments from GAAP to the amounts required by tax laws. Mr. Coulter said they could provide the work papers which would detail which P&L expenses are included in each tax return deduction and also detail the adjustments made for tax purposes. Claims Analyst said that sounds like what was needed and should be provided for FY 2006-2011. Claims Analyst also requested an explanation of how the individual store P&Ls roll up into the consolidated P&L, and a list of stores operating in Louisiana, Florida, and Alabama for each respective year in 2007-2011 which would have been reported on the Sales & Use Tax Returns. All parties understood the requests and said they would reach out with any questions. |
| 76. | 100049935 | The Finish Line, Inc. | 3/22/16 | From | Email | | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Beet on March 21, 2016 at 10:42 AM, stating: ? "Attached to this email you will find: ? -FY11 tax return work papers -attached -FY11 tax return work papers: -attached is a list of Finish Line stores in all states with the claim zone: -attached is a list of Finish Line stores in all states in which all or part of the state contains a claim zone. Also included is a list of Finish Line stores in those states that opened or closed since the Deepwater Horizon incident. Still need to provide: -FY10 tax return work papers: -Todd will obtain and provide after Easter -Summary regarding consolidation process: -Todd will draft and provide after Easter (Once we upload everything to the portal, we will also include a page listing what was uploaded w/ the doc id and provide the explanations re FWHA, RUNCO and SPIKE. Let me know if you have any additional questions!" |

13

FL00027231

| DWH Row # | DWH Claimant ID | DWH Claimant Detail (Name) | Date | To/From | Contact Type | Person Contacted | Documents/Comments |
|---|---|---|---|---|---|---|---|
| 77. | 100049935 | The Finish Line, Inc. | 3/23/16 | From | Email | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on March 23, 2016 at 10:42 AM, stating:<br>?<br>"Thanks for talking to us yesterday.  I'm sending over the documents requested from Finish Line in two emails.<br><br>Attached to this email you will find:<br><br>-FY12 tax return work papers:<br>- Finish Line changed over to a different version of the software and so the work papers do not total at the change in tax account. The previous years will do that. For FY12 Finish Line has a company called RUHCO they were a SNLLC and or another amounts are included in with Finish Line. Also they have a another company called SNLLC called SPIKE that was included as well. The excel schedule titled "Finish Line Trial Balance" is what Todd Coulter had to put together before he imported into the tax return.<br><br>-FY07 tax return work papers:<br>-attached<br><br>-FY08 tax return work papers:<br>-attached.<br><br>-During FY08 one of the subsidiaries, Paiva Inc, converted to a single member LLC and from that point forward they were included in with Finish Line's income. Attached is a worksheet to show what was included as well as another sheet to show Paiva balance for a full year. Paiva balance at the time of conversion and the difference which would be what was included with Finish Line.<br><br>-FY09 tax return work papers:<br>-attached" |
| 78. | 100049935 | The Finish Line, Inc. | 3/23/16 | To | Email | Claimant's Attorney | Claims Analyst sent an e-mail to Jessica Ibert on March 23, 2016 at 1:24 PM, stating:<br>?<br>"Robert will upload everything into the portal in response to the incompleteness notices." |
| 79. | 100049935 | The Finish Line, Inc. | 3/23/16 | From | Email | Claimant's Attorney<br><br>Substantive Email with Attorney | Claims Analyst received an e-mail from Jessica Ibert on March 23, 2016 at 1:39 PM, stating:<br><br>"Thank you for the information. As of now, I do not have the claims to work in the system. When I receive them I will review the information fully and follow-up with any additional questions I have.<br><br>In the meantime, I want to confirm that you are uploading these documents to the portal. If you are not, it is not on issue at all, I can upload them. Please let me know." |
| 80. | 100049935 | The Finish Line, Inc. | 3/29/16 | From | Email | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on March 29, 2016 at 4:48 PM, stating:<br>?<br>"See attached.  We will upload this to the portal as well."<br><br>The attached 2012 and 2010 tax reconciliations were uploaded to the portal by the Claimant. |
| 81. | 100049935 | The Finish Line, Inc. | 4/1/16 | From | Email | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on April 1, 2016 at 10:26 AM, which stated:<br>?<br>"See attached re Finish Line" |
| 82. | 100049935 | The Finish Line, Inc. | 4/14/16 | From | Email | Claimant's Attorney | Claims Analyst sent an e-mail to Jessica Ibert on April 14, 2016 at 9:11 AM, stating:<br>?<br>"I will pass this along.  If we have any questions, I will let you know." |

14

## DWH Global Notes Deficiency Log

| DWH ROW# 8474 | DWH Claimant ID# | DWH Claimant Name | Date(s) [06/20/17] | To/From | Contact Type | Person Contacted / Call Status | Comments |
|---|---|---|---|---|---|---|---|
| 83. | 100049935 | The Finish Line, Inc. | 4/14/16 | To | Email | Claimant's Attorney | Claims Analyst sent an e-mail to Jessica Ibert on April 14, 2016 at 8:40 AM, asking: "1. What is the nature of "Other Mall Charges"? (What types of expenses does this expense represent) 2. Do the unit sales on the P&L include sales tax collected as revenue? 3. The Claimant has four different types of Rent Expenses: "Base Rent," "Overage Rent", "Stop Rent Expense," and "Lease Incentive Expense". I assume "Base Rent" is a standard monthly rent payment, but please explain the nature of each type of rent payment and indicate whether any of these rental costs are directly related to the amount of sales made by the claiming store. 4. Do the P&Ls of the individual stores include any corporate shared costs or is it just costs that are directly attributable to the store? If it includes corporate shared costs, how is the allocation of these shared costs determined? 5. Are any transactions related to P&Ms, or transactions taking place between one of the claiming stores and any other related companies, included on any of the P&Ls of the individual stores? 6. What is the nature of "Frame Relay Expense"? 7. What is the nature of "Courier Services"? 8.1 I know an explanation of the frequency in which the P&Ls are compiled and finalized has already been provided, however please include information such as the following: the accounting basis of the P&Ls and the software used to maintain the P&Ls. |
| 84. | 100049935 | The Finish Line, Inc. | 4/18/16 | From | Email | Claimant's Attorney | 7. Claims Analyst received an e-mail from Jessica Ibert on April 18, 2016 at 5:23 PM, stating: "I'm working on getting these together (it looks like you will be missing 2009-2011 for Alabama and Louisiana). The files are really huge and will have to be broken down to some extent. I'll let you know once we have everything loaded into the system." |
| 85. | 100049935 | The Finish Line, Inc. | 4/18/16 | To | Email | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on April 18, 2016 at 5:41 PM, stating: "No problem." |
| 86. | 100049935 | The Finish Line, Inc. | 4/18/16 | From | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on April 18, 2016 at 10:51 AM, stating: "I am going through the documentation and I see that the Florida State Sales & Use Tax Returns are missing for the final period: 2009: October and December 2010: March, April, and November 2011: June, July, August, September, October, November, and December Please try to have the Claimant provide these files in one PDF document if possible. There are numerous documents that include Sales & Use Tax Returns and they are scattered throughout the file. It would help the process move more expeditiously if the documentation is included in one centralized file. There may be deficiencies in Sales & Use Tax Return documentation for Alabama, Louisiana, and Texas, but as of now I have not looked through for those states since information... I will let you know if anything else is needed relating to those states. Thank you." |

FL00027233

| | DWH Claimant ID | DWH Claimant Name | Date of Contact | To / From | Contact Type | Person Contacted | Call Status / Comments |
|---|---|---|---|---|---|---|---|
| 87. | 100049935 | The Finish Line, Inc. | 4/18/16 | To | Email | Claimant's Attorney | Claims Analyst sent an e-mail to Jessica Ibert on April 18, 2016 at 5:28 PM, stating: "I'm going through some of the Louisiana files. Could you hold off on uploading those and let me figure out what is already on file?" |
| 88. | 100049935 | The Finish Line, Inc. | 4/19/16 | From | Email | Claimant's Attorney | I will get back to you and see what we are missing, however it looks like a majority of the Louisiana returns are on file, at least for certain states." <br><br> Claims Analyst received an e-mail from Jessica Ibert on April 19, 2016 at 4:23 PM, stating: "I was attempting to upload a clean set but realized that I am missing some of the months on my end. I've sent the missing months to the client and requested that they only provide what is missing. Once I receive the missing months, I will send them to you and upload on the portal." |
| 89. | 100049935 | The Finish Line, Inc. | 4/19/16 | To | Email | Claimant's Attorney | Substantive Email with Attorney <br><br> Claims Analyst sent an e-mail to Jessica Ibert on April 19, 2016 at 4:20 PM, stating: <br><br> "I saw that you uploaded additional Florida State Sales & Use Tax Returns. Unfortunately, nearly all of these returns were already on file. <br><br> The only return which was not already on file was October 2009. <br><br> Additionally, as I continue to review what Alabama and Louisiana returns have been provided, I have found the Florida returns for 2015 which I could not find. <br><br> At this point, the following returns are missing for Florida: <br><br> 2009: October <br> 2011: June, July, August, September, October, November, and December" |
| 90. | 100049935 | The Finish Line, Inc. | 4/19/16 | To | Email | Claimant's Attorney | Substantive Email with Attorney <br><br> Claims Analyst sent an e-mail to Jessica Ibert on April 19, 2016 at 5:41 PM, stating: <br><br> "I have finished searching through the Louisiana returns. The following periods are missing: <br><br> Louisiana <br> 2010: June-December <br> 2011: January-December <br><br> I want to stress that I am requesting the state tax returns. The Claimant has provided numerous parish sales tax returns. We do not need the individual store parish tax returns. We need the consolidated Louisiana tax returns. As an example, you can find these tax returns for July-December 2007 in Doc ID 18161168. <br><br> Just to reiterate the documents remain outstanding for Florida (I figured I would include it in this e-mail to put all the requests in one place) <br><br> Florida <br> 2009: October <br> 2011: June, July, August, September, October, November, and December <br><br> I will start searching through the Alabama documents tomorrow and let you know what is outstanding." |
| 91. | 100049935 | The Finish Line, Inc. | 4/21/16 | From | Email | Claimant's Attorney | Claims Analyst received an e-mail from Jessica Ibert on April 21, 2016 at 1:55 PM, stating: "Thanks. The client is working on gathering the info. I'll get it to you as soon as I can." |

16

FL00027234

## DWH Global Notice Details

| DWH Claimant ID / Row # | DWH Claimant ID | DWH Claimant Name | Date | To/From | Contact Type | Person Contacted (As of 7/20/17) | Comments |
|---|---|---|---|---|---|---|---|
| 92. | 100069935 | The Finish Line, Inc. | 4/21/16 | To | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on April 21, 2016 at 1:10 PM, stating: "I am following up on the requests I have made after reviewing the Alabama Sales & Use Tax Reports previously provided. 1. All state sales & use tax returns for Alabama are on file for January 2007-December 2011. There are no deficiencies for Alabama at this time. 2. The following deficiencies remain: Louisiana 2010: June-December 2011: January-December I want to stress that I am requesting the state tax returns. The Claimant has provided numerous parish sales tax returns. We do not need the individual store parish tax returns. We need the consolidated Louisiana tax returns. As an example, you can find these tax returns for July-December 2007 in Doc ID 181651168. Florida 2009: October 2011: June, July, August, September, October, November, and December" |
| 93. | 100069935 | The Finish Line, Inc. | 4/25/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on April 25, 2016 at 9:41 AM, stating: "Attached are the Florida, October 2009 and Louisiana 2010 and 2011 returns." |
| 94. | 100069935 | The Finish Line, Inc. | 4/25/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on April 25, 2016 at 9:43 AM, stating: "Attached are the Florida Oct, Nov and Dec 2011 returns." |
| 95. | 100069935 | The Finish Line, Inc. | 4/25/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on April 25, 2016 at 9:45 AM, stating: "Attached are the Florida June, July, August and Sept. 2011 returns." |
| 96. | 100069935 | The Finish Line, Inc. | 4/25/16 | To | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on April 25, 2016 at 5:49 PM, stating: "Thank you for providing the missing returns. I am very sorry, but I also need the December 2009 Florida Return. This was oversight on my part. Again, my apologies." |
| 97. | 100069935 | The Finish Line, Inc. | 4/26/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on April 26, 2016 at 5:04 PM, stating: "See attached." |
| 98. | 100069935 | The Finish Line, Inc. | 11/17/16 | From | Email | Claimant's Attorney | | Claims Analyst received an e-mail from Jessica Ibert on November 17, 2016 at 4:45 PM, stating: "I've requested these from the client and will get them to you as soon as I can." |

17

FL00027235

## DWH Global Notes Detail

| Row # | DWH Claimant ID | DWH Claimant Name | Date of DWH Contact | To/From | Contact Type | Person Contacted | Call Status | Comments |
|---|---|---|---|---|---|---|---|---|
| 99. | 100049935 | The Finish Line, Inc. | 11/17/16 | To | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on November 17, 2016 at 2:10 PM, stating: "I am currently evaluating your re-review request from the Eligibility Notice issued for Claim IDs 34559 and 34560. These claims were initially processed under a Modified Review process, however now they are under re-review, I am required to complete a full accounting review of these claim on re-review. Most of the information already provided for the previous claims I worked answer any questions I would have. However, the following information is needed: 1. For 34559 (Panama City Hall) I will need the PSLs for the first 10 periods of 2006. We currently have the PSLs for the last two periods, which cover the first two months of 2007. 2. For 34559 (Cordova Mall), could you provide the 2006-2011 Fiscal Year PSLs? I am having trouble re-locating some of the monthly PSLs originally used. Thank you. I believe this information should be all we need to complete the re-review process." |
| 100. | 100049935 | The Finish Line, Inc. | 11/18/16 | From | Email | Claimant's Attorney |  | Claims Analyst received an e-mail from Jessica Ibert on November 18, 2016 at 11:17 AM, stating: "Got ya. I've requested the monthly PSLs again." |
| 101. | 100049935 | The Finish Line, Inc. | 11/18/16 | From | Email | Claimant's Attorney |  | Claims Analyst received an e-mail from Jessica Ibert on November 18, 2016 at 9:24 AM, stating: "The documents are attached." |
| 102. | 100049935 | The Finish Line, Inc. | 11/18/16 | From | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst received an e-mail from Jessica Ibert on November 18, 2016 at 11:17 AM, stating: "Got ya. I've requested the monthly PSLs again." |
| 103. | 100049935 | The Finish Line, Inc. | 11/18/16 | To | Email | Claimant's Attorney | Substantive Email with Attorney | Claims Analyst sent an e-mail to Jessica Ibert on November 18, 2016 at 11:11 AM, stating: "These are not the documents we need. We need the monthly PSLs for Cordova for 2006-2011 Fiscal Year. These are just annual PSLs. We then need the monthly PSLs for the first 10 months of the 2006 Fiscal Year for Panama City. The e-mail attached included the 10th period PSLs for Panama City's 2005 fiscal year and the 12th period PSLs for Cordova's 2005, 2006, 2007, 2008, and 2009 fiscal Year. Just to clarify, we are seeking the monthly PSLs, not the final period of each fiscal year. If these can be provided in one Excel sheet for each fiscal year, this would be much easier than uploading an addition 60+ documents to the file. While uploading these documents would not be a problem, it will likely slow down the review process as there are already hundreds of documents on file. Again, to reiterate the requests: 1. For 34559 (Panama City Hall) I will need the (monthly) PSLs for the first 10 periods of 2006. We currently have the PSLs for the last two periods, which cover the first two months of 2007. 2. For 34559 (Cordova Mall), could you provide the 2006-2011 (monthly) Fiscal Year PSLs? I am having trouble re-locating some of the monthly PSLs originally used." |

18

| DWHI Row # | DWHI Claimant ID | PWH Claimant Name (s) | Date Added (to Form) | Contact Type | Person Contacted | Call Status | Claimant's Attorney | DWHI Global Notes Details (As of 7/20/17) Comments |
|---|---|---|---|---|---|---|---|---|
| 164. 8474 | 100049935 | The Finish Line, Inc. | 11/22/16 | From | Email | | | Claims Analyst received an e-mail from Jessica Ilbert on November 22, 2016 at 9:11 AM. The e-mail included the P&Ls for Cordova Mall for 2006-2011 and the 2006 P&Ls for Panama City. The P&Ls were uploaded to the portal. |

FL00027237