# Jessica Ibert

| | |
|---|---|
| **From:** | Paul M Sterbcow |
| **Sent:** | Tuesday, March 20, 2018 3:23 PM |
| **To:** | Courtney Curtis-Ives; Scott S. Morrisson |
| **Cc:** | Michael A. Dorelli (mdorelli@hooverhullturner.com); Andrew W. Hull (awhull@hooverhullturner.com); Matthew C. Branic; lbpollie@kopkalaw.com; abaer@deutschkerrigan.com; Travis W. Montgomery (twmontgomery@kopkalaw.com); Andrew J. Waxler; Paul M Sterbcow; Jessica Ibert |
| **Subject:** | RE: Jessica Ibert deposition |

Courtney- I respectfully disagree that the claims rep deposition has no impact on the effort to depose Ms. Ibert. First, you have "no independent entitlement" to depose Ms. Ibert under Louisiana law. The first local hearing on that issue proves this to be true. I anticipate that subsequent proceedings will end in the same result. Second, we have been accused of comparative fault as an affirmative defense in the malpractice case. This accusation has been repeated in briefs filed by your local counsel in this dispute. As such, we are not a merely a third party witness. We will not allow you to take a deposition to try to manufacture a claim against us, one ambiguously identified to date only as a missed "opportunity" to file more loss claims for the Finish Line. Third, regardless of whether Finish Line wants the trial to go forward, we cannot and will not give up our legal right to oppose your less than credible effort to rope us into your clients' problems in order for that to happen. The effort to put us at odds with Finish Line to pressure us to play this game is regrettable at best.

Please notify us if a qualified claims representative will be deposed. We know of no such agreement at present. What we do know is that you rejected a reasonable proposed compromise of deposition of the DHECC on written question to try to get this resolved. As an aside, Jason Russell only administered claims. He was the functional equivalent of a secretary. He did not author, interpret or enforce claim program rules so he is not qualified by training or experience to address the relevant questions.

In the meantime we intend to seek to stay the local state court proceeding and file a motion before MDL-2179 Judge Carl Barbier to bring all of this to his attention. He has retained jurisdiction over all disputes impacting his confidentiality order, which this clearly does. Please see paragraphs 3, 11 and 18 of said order.

**Paul M. Sterbcow**
**Lewis, Kullman,**
**Sterbcow & Abramson, LLC**
601 Poydras Street, Suite 2615 | New Orleans, LA 70130-6030
(504)588-9722 Direct | (504)588-1500 Main | (504)588-1514 Fax
Email: sterbcow@lksalaw.com; www.lksalaw.com

    

This Lewis, Kullman, Sterbcow & Abramson, LLC, e-mail message, and any attachment(s) hereto, are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any use, dissemination, distribution or copying of this e-mail message, and/or any attachment hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify us by reply e-mail at sterbcow@lksalaw.com and permanently delete the original and any copy of this message, its attachment(s), and any printout thereof. Thank you.