CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-11080                    DIVISION "E"                    SECTION 16


THE FINISH LINE

VERSUS

JAYESH PATEL, ET AL.

FILED: _____

_____
DEPUTY CLERK


## OPPOSITION TO MOTION TO ISSUE SUBPOENAS
## AND MOTION TO COMPEL SUBPOENA DUCES TECUM

**NOW INTO COURT**, through undersigned counsel, come Lewis, Kullman, Sterbcow &

Abramson, LLC ("LKSA") and Jessica Ibert ("Ibert"), who oppose the Motion to Issue Subpoenas

and Motion to Compel *Subpoena Duces Tecum* filed by Patel and Pumilia. The memorandums in

support of both motions are nearly identical, thus the undersigned responds to both motions in this

Opposition. For the reasons discussed below, LKSA and Ibert respectfully request that this Court

dismiss both motions for lack of jurisdiction or, in the alternative, stay all proceedings related to

the motions until United States District Court Judge Carl Barbier rules on a Motion to Quash the

subpoenas. In the event this Court does not dismiss the motions for lack of jurisdiction or stay

these proceedings until Judge Barbier can rule on a Motion to Quash, LKSA and Ibert respectfully

request that this Court deny Patel and Pumilia's motions because they do not comply with

Louisiana law and movers have not met their burden to show that exceptional circumstances exist

in this case warranting the discovery of information held by attorneys related to their practice.

### BACKGROUND

The Finish Line, Inc. ("Finish Line"), filed legal malpractice claims in California and

Indiana against entities and/or law firms, including Patel and Pumilia, that handled Finish Lines'

claims related to the Deepwater Horizon Economic and Property Damages Settlement Program

("Settlement Program") resulting from MDL 2179 *In re: Oil Spill by the Oil Rig "Deepwater*

*Horizon" in the Gulf of Mexico, on April 20, 2010,* which is presided over by United States District

Court Judge Carl Barbier. Judge Barbier maintains continuing and exclusive jurisdiction over

matters related to the Settlement Program, including any suit, action, proceeding or dispute arising


EXHIBIT
14

out of or relating to same. (See Exhibit A, Deepwater Horizon Economic and Property Damages Settlement Agreement, Sect. 18.1).[1] Additionally, pursuant to his continuing and exclusive jurisdiction, Judge Barbier entered a confidentiality order that governs the dissemination of Settlement Program claims information. (See Exhibit B, June 29, 2012 Confidentiality Order, Sect. 3, 11, and 18).

The deadline to file claims in the settlement program was June 8, 2015. LKSA was retained by Finish Line on July 30, 2015 (after the final claims filing deadline) to handle Finish Line's claims that were already pending within the settlement program administered by the Deepwater Horizon Economic Claim Center ("DHECC"). There are two interconnected settlement programs related to MDL 2179. One is funded by BP and the other is funded by Halliburton Energy Services, Inc. and Transocean ("HESI/TO"). Finish Line's claims related to BP have been processed; however, Finish Line's claims related to HESI/TO are still pending. LKSA is counsel of record for Finish Line in the pending HESI/TO claims. Ibert is an attorney at LKSA who is handling Finish Line's claims and has assisted Finish Line's counsel in the malpractice litigation. LKSA and Ibert are not parties to the legal malpractice suits pending in California and Indiana.

In the legal malpractice actions, Finish Line claimed that Patel and Pumilia, along with the other entities and law firms named in the suits, failed to timely file all claims available to Finish Line before the June 8, 2015 filing deadline. Patel and Pumilia have pled as an affirmative defense that LKSA could have filed these claims and mitigated Finish Line's damages despite the fact that LKSA was not engaged by Finish Line until well after the final filing deadline.

LKSA was served with a *subpoena duces tecum* seeking production of all documents and communications exchanged between LKSA and the DHECC related to Finish Line and LKSA's internal notes and memoranda regarding same. (See Exhibit C). Ibert was served with a subpoena to appear for a deposition. (See Exhibit D). No attempt was made on behalf of Patel and Pumilia to contact LKSA and Ibert to discuss their affirmative defense, the information sought or to determine if there were less onerous means of acquiring same that would not involve LKSA and Ibert or infringe upon attorney-client privilege or attorney work product immunity. Upon receipt

---

[1] The settlement agreement in its entirety is available at
www.deepwaterhorizonsettlements.com/Economic/SettlementAgreement.aspx.

of the subpoenas, undersigned counsel objected in writing on the grounds that the *subpoena duces tecum* is overly broad and seeks privileged information.  Further, the deposition of Ibert violates Louisiana law, is not necessary to the legal malpractice action, infringes upon attorney-client privilege and work-product immunity and will not go forward absent court order. (See Exhibit E).

When Patel and Pumilia served the subpoenas on LKSA, they had already obtained copies of all documentation sought through a subpoena issued to the DHECC.  Thus, a compromise was suggested by the undersigned regarding the *subpoena duces tecum* issued to LKSA wherein LKSA would confer with counsel for Finish Line in the California and Indiana litigations and provide them with information not already in their possession, if any.  Finish Line's California and Indiana counsel could then decide what information was discoverable in the ongoing malpractice litigation and produce it to Patel and Pumilia.  Unfortunately, counsel for Patel and Pumilia rejected the proposal to compromise regarding the *subpoena duces tecum*.  They then filed a motion to compel the document production and Ibert's deposition, which came for hearing before this Court on March 9, 2018.  At the March 9, 2018 hearing, this Court advised Patel and Pumilia that their motion and subpoenas were procedurally improper.  In response, Patel and Pumilia withdrew their motion to compel compliance with the subpoenas and subsequently filed the Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas before this Court, set for hearing on April 13, 2018.

Pursuant to the Deepwater Horizon Economic and Property Damages Settlement Agreement and Confidentiality Order, Judge Barbier maintains exclusive jurisdiction over the matters before this Court.  Accordingly, LKSA and Ibert request that this Court dismiss Patel and Pumilia's motions for lack of jurisdiction because they must properly be brought before Judge Barbier or, in the alternative, stay these proceedings until Judge Barbier rules on a Motion to Quash the subpoenas.  In the event this Court disagrees with dismissing the motions or staying the proceedings, LKSA and Ibert respectfully request that this Court deny Patel and Pumilia's Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas because they do not comply with Louisiana law.  Patel and Pumilia have not met their burden to show that exceptional circumstances exist in this case warranting the discovery of information held by attorneys related to their practice.

## LAW AND ARGUMENT

**I.     United States District Court Judge Carl Barbier maintains exclusive and continuing jurisdiction over this matter.**

Pursuant to Sect. 18.1 of the Settlement Agreement and the June 29, 2012 Confidentiality Order, the matters put in front of this Court by Patel and Pumilia fall under the exclusive jurisdiction of Unites States District Court Judge Carl Barbier.   The Settlement Agreement specifically states:

> The Court shall retain continuing and exclusive jurisdiction over the Parties and their Counsel for the purpose of enforcing, implementing and interpreting this Agreement, including all issues relating to the scope, application and/or operation of the Release in Section 10 above, including jurisdiction over all Economic Class Members, and over the administration and enforcement of the Agreement and the distribution of its benefits to Economic Class Members, and any dispute arising as to the action or election of any Party under Section 21 below regarding the enforceability or illegality of any provisions of this Agreement. Any disputes or controversies arising out of or related to the interpretation, enforcement or implementation of the Agreement and the Release shall be made by motion to the Court. In addition, the Parties, including each member of the Economic Class as defined in the Final Order and Judgment, and their Counsel are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement.

(See Exhibit A, Deepwater Horizon Economic and Property Damages Settlement Agreement, Sect. 18.1).  Further, in provisions 3, 4, 11 and 18, the Confidentiality Order states:

> 3.     ***The Purpose of this Order.***  This Order defines the terms on which third parties may obtain access to Claims Information and the proper use of such information by any recipients of Claims Information.

> 4.     ***Confidentiality of Claims Information.***  All Claims Information shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court.

> 11.    ***Provision of Claims Information in Response to Subpoenae or Other Legal Process.***  []This Court has continuing and exclusive jurisdiction over any proceedings regarding the validity, enforceability, scope, compliance and other issues regarding any legal process.

> 18.    ***Exclusive Retained Jurisdiction.***   This Court retains continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order.

(See Exhibit B, June 29, 2012 Confidentiality Order, Sect. 3, 4, 11, and 18).

LKSA and Ibert respectfully submit that this matter should properly be brought in front of Judge Barbier for consideration.   Accordingly, LKSA and Ibert request that this Court dismiss

Patel and Pumilia's Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas for lack of jurisdiction.

**II.     LKSA and Ibert request that this Court stay these proceedings until Judge Barbier rules on a Motion to Quash Subpoenas filed by LKSA and Ibert.**

If this Court will not dismiss Patel and Pumilia's Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas for lack of jurisdiction, LKSA and Ibert respectfully request that this Court stay these proceedings until Judge Barbier rules on a Motion to Quash the subpoenas. Given LKSA's role on the MDL 2179 Plaintiffs' Steering Committee, LKSA and Ibert must be certain that any and all claims information released by them is in full compliance with Judge Barbier's Orders. Thus, they respectfully request that this Court stay these proceedings in order for Judge Barbier to review the subpoenas at issue before this Court and render an opinion on whether any claims information may be released by LKSA and Ibert via document production or deposition testimony.

**III.    In the event this Court disagrees with sections I and II of this Opposition, the request for subpoena for Ibert's deposition and the *subpoena duces tecum* issued to LKSA should be denied because they do not comply with Louisiana law.**

Discovery of information held by attorneys and related to their practice must be conducted with the recognition that such material is available only under exceptional circumstances and only where the information sought cannot be obtained through other means. *Levy v. Maloney*, No. 95-CC-0333; 625 So.2d 522, 522 (La. 1995). This is due to the fact that such information often consists of confidential and/or privileged matters which affect not only the attorney, but also are of great concern to that attorney's client. *Id.* La. Code of Evid. Art. 508 and La. Code of Civ. Proc. art. 1452(B) govern when it is appropriate to subpoena information and testimony from an attorney regarding a client.

La. Code of Evid. Art. 508 states in pertinent part:

A. General rule. Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and **all of the following:**

(1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.

(2) The purpose of seeking the information is not to harass the attorney or his client.

(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.

(4) There is no practicable alternative means of obtaining the information.

Additionally, La. Code of Civ. Proc. art. 1452(B) provides that, "no attorney of record representing the plaintiff or the defendant shall be deposed except under extraordinary circumstances and then only by order of the district court after contradictory hearing." The Louisiana Supreme Court has made clear that the practice of deposing attorneys of record is greatly disfavored in Louisiana. *See Board of Com'rs of New Orleans Exhibition Authority v. Missouri Pacific R. Co.*, 94-2604 (La. 12/19/94); 647 So.2d 340, 340. In order to demonstrate extraordinary circumstances under La. Code. Civ. Proc. art. 1452(B), the movant must first show that no other practicable means are available to obtain the desired information. *Id.* at 341. If there are other individuals who possess the information, they must be deposed first. *Id.* If not, then other discovery devices, such as written interrogatories, should be employed first. *Id.* The movant then must show that the desired information is relevant, and that the need for it substantially outweighs the harms the deposition may cause. *Id.* Only after the movant has carried this burden in a contradictory hearing shall the judge order that the attorney of record submit to deposition. *Id.*

## A. The subpoenas do not meet the requirements of La. Code. Evid. Art. 508.

### 1. The subpoenas are procedurally improper.

Pursuant to the La. Code Evid. Art. 508, a contradictory hearing is required *before* a subpoena is issued to a lawyer or law firm that seeks information related to a client and that lawyer's representation thereof. Only after contradictory hearing, if the requesting party can show that the information sought is not protected from disclosure by any applicable privilege or work product rule and that all of the additional requirements of La. Code. Evid. Art. 508 have been met can the subpoena be issued to the lawyer or law firm. Patel and Pumilia issued the subpoenas to LKSA and Ibert without contradictory hearing, thus they are procedurally improper.

**2. The subpoenas request information protected by attorney-client privilege and attorney work-product immunity.**

Both subpoenas request information that infringes on attorney-client privilege and attorney work-product immunity. As part of processing claims, the DHECC requested and reviewed confidential claimant information like tax returns, profit and loss statements and customer data. LKSA's communications with the DHECC regarding Finish Line include Finish Line's confidential financial information, customer data and other proprietary information. LKSA cannot release this information without specific instructions from Finish Line to do so and without first ensuring compliance with Judge Barbier's Confidentiality Order. (See Exhibit B). Furthermore, Finish Line has unequivocally stated that it does not waive attorney-client privilege. (See Exhibit F). For this reason, the undersigned suggested to counsel for Patel and Pumilia that LKSA submit documentation responsive to the *subpoena duces tecum* to Finish Line's counsel in the malpractice litigation so that it can be reviewed and produced appropriately, taking into consideration all confidentiality and attorney-client privilege issues. Patel and Pumilia rejected this compromise.

The requests for LKSA's internal notes and memoranda regarding any and all communication with the DHECC and any testimony sought from Ibert to explain or expand upon these communications is a request for LKSA and its attorney's mental impressions and work product related to Finish Line that is clearly protected from disclosure. Any testimony regarding *why* communications were sent or not sent and *why* documents were filed or not filed clearly encompasses legal decisions made by LKSA and Finish Line that are protected by attorney-client privilege and attorney work-product immunity. It would be virtually impossible for Patel and Pumilia to seek testimony from Ibert about Finish Line that would not infringe upon attorney-client privilege and attorney work-product immunity. While a lawyer's communications with a third party are likely not protected by attorney-client privilege, the basis for lawyer communication and reasons to provide information to a third party certainly infringes upon attorney work-product immunity and potentially attorney-client privilege.

**3. The information sought from LKSA and Ibert is not essential to Patel and Pumilia's case.**

Patel and Pumilia either took actions or did not take actions during their representation of Finish Line. Their conduct either constituted legal malpractice or it did not. LKSA and Ibert's

representation of Finish Line is wholly irrelevant to what Patel and Pumilia did or did not do. Mover's statements notwithstanding, the DHECC imposed a strict and non-negotiable filing deadline of June 8, 2015. LKSA was engaged by Finish Line <u>after</u> this deadline to manage the claims that already existed within the program. Other than referencing a supposed flexible filing deadline, the only support movers provide in their memorandums in support of their motions is in footnote 3 of their Memorandum in Support of Motion to Issue Subpoenas, where they attach as Exhibit B a copy of "DWH Global Notes Details" but do not provide any explanation of what this document is, who authored it, who is responsible for its contents and why it supports their claim that there was a flexible filing deadline that would have allowed Finish Line to file additional claims after the June 8, 2015 filing deadline. Indeed, this document was produced by the DHECC to Patel and Pumilia, along with other documents that <u>confirm Patel and Pumilia's claim regarding the flexible filing deadline is unfounded</u>. (See Exhibit G). Movers fail to acknowledge these documents and fail to direct their inquiry regarding same and Finish Line's alleged opportunities to file late claims beyond the filing deadline to the entity that produced these documents. La. Code. of Evid art. 508 is clear that the information sought must be *essential* and not speculative to warrant subpoenaing a lawyer's files or testimony regarding representation of a client.

More importantly, the DHECC is the only entity that can definitively answer this question because the DHECC was the governing authority administering the settlement program. As such, only the DHECC can state 1) whether any procedure existed for Finish Line to file additional claims beyond the June 8, 2015 filing deadline; 2) if so, what procedure existed; 3) if any such action was taken on behalf of Finish Line, by whom and when; and 4) what the outcome would have been had Finish Line taken additional action. Thus, the information sought from LKSA and Ibert is not essential to Patel and Pumilia's claims. LKSA and Ibert are not the proper party from which to seek this information. Furthermore, on March 21, 2018, counsel for the DHECC and Claims Administrator, Patrick Juneau, offered to provide responses to written questions jointly submitted by Patel and Pumilia and LKSA/Ibert. (See Exhibit H). LKSA and Ibert accepted this offer, as it is a reasonable alternative to the subpoenas and an efficient way to obtain the information Patel and Pumilia ultimately seek from the appropriate entity. (See Exhibit I). To date, Patel and Pumilia have not responded to the DHECC's offer.

#### 4.  The subpoenas constitute harassment of LKSA and Ibert.

Patel and Pumilia seek to accuse LKSA of "comparative fault" despite their clear violation of the claim deadline.  Attempting to scapegoat another law firm and lawyer without any factual basis for doing so and issuing a subpoena unilaterally setting an attorney's deposition without any effort to contact the recipient beforehand is unprofessional and harassing.  The rules are clear that Patel and Pumilia at least need to attempt to obtain the information they seek through other means before subpoenaing an attorney to provide sworn testimony about a client.  Instead, Patel and Pumilia served subpoenas on LKSA and Ibert without first deposing any DHECC representative and tacitly rejected an offer to submit written questions to the DHECC.  LKSA and Ibert submit that such a deposition and/or written questions directed to the DHECC would definitively answer the alleged claim deadline question.

#### 5.  The subpoenas do not list the information sought with particularity and are not reasonably limited to subject matter and period of time.

The language used in the *subpoena duces tecum* issued to LKSA is overly broad and not limited to subject matter or period of time.  Indeed, it is written as broad as possible.  The subpoena and notice of deposition issued to Ibert states that the deposition is being conducted for "all purposes allowed by the Louisiana Code of Civil Procedure."  The notice places no limit on areas of questioning to ensure that the federal court confidentiality order, attorney-client privilege and attorney work product immunity are not violated.  Similarly, Patel and Pumilia did not limit the *subpoena duces tecum* or specify the information sought with particularity.

#### 6.  There are practicable alternative means of obtaining the information sought in the subpoenas.

Patel and Pumilia issued a *subpoena deuces tecum* to the DHECC requesting the same exact documentation in the *subpoena duces tecum* issued to LKSA. (See Exhibit J).  After requiring Patel and Pumilia to sign a confidentiality order, the DHECC produced Finish Line's entire claimant file consisting of approximately 50,000 pages of documents which included all written communications between LKSA and the DHECC, all documentation submitted to the DHECC by LKSA related to Finish Line and all documentation received by LKSA from the DHECC related to Finish Line.  LKSA does not possess of any additional responsive documents.  Regarding Patel and Pumilia's request for LKSA's internal notes and memoranda reflecting communications with

the DHECC, no such documents exist. In short, Patel and Pumilia have everything that LKSA could produce. LKSA should not be burdened with reproducing duplicate documentation.

There is also a practicable alternative means of obtaining the testimony sought via Ibert's deposition, as discussed previously. The DHECC is the only entity that can verify 1) whether any procedure existed for Finish Line to file additional claims beyond the June 8, 2015 filing deadline; 2) if so, what procedure existed; 3) if any such action was taken on behalf of Finish Line, by whom and when; and 4) what the outcome would have been had Finish Line taken additional action. The DHECC offered to answer written questions submitted jointly by Patel and Pumilia and LKSA/Ibert. However, Patel and Pumilia have not responded to the DHECC's offer.

**B. The subpoena issued for Ibert's deposition does not meet the standard required by La. Code of Civ. Proc. art. 1425(B).**

At Finish Line's request, LKSA and Ibert have assisted Finish Line's counsel in their prosecution of the malpractice suits. Further, LKSA's representation of Finish Line in its settlement program claims is ongoing. Thus, La. Code. Civ. Proc. art. 1452(b) requires Patel and Pumilia to demonstrate extraordinary circumstances before a court can allow Ibert's deposition.

Patel and Pumilia cannot show that extraordinary circumstances exist that warrant taking Ibert's deposition. As stated, there are other (and better) means available to Patel and Pumilia to obtain the information they desire. Their need for the information sought does not substantially outweigh the harm the deposition may cause. Indeed, the DHECC has already produced to Patel and Pumilia the documentation requested in the *subpoena duces tecum* issued to LKSA and has offered to answer written questions. If Patel and Pumilia have further questions regarding this documentation, they should first depose a representative of the DHECC, who is not bound by attorney-client privilege, does not have attorney work-product immunity and can answer the claim deadline question or submit written questions directed to the DHECC. Patel and Pumilia have not scheduled the deposition of a DHECC representative and tacitly rejected the DHECC's offer to answer written questions. Instead, they served overly broad document and deposition subpoenas on lawyers. Extraordinary circumstances do not exist in this case that would warrant requiring a lawyer to testify regarding representation of a current client. Patel and Pumilia have not carried their burden of proof required by La. Code Civ. Proc. art. 1452(B) to allow the deposition of an

attorney still engaged in representation of Finish Line.  Their Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas should be denied.

## CONCLUSION

Pursuant to the MDL 2179 *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* Settlement Agreement, Unites States District Court Judge Carl Barbier maintains exclusive jurisdiction over Patel and Pumilia's Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas.  Accordingly, LKSA and Ibert respectfully request that this Court dismiss both motions for lack of jurisdiction or, in the alternative, stay these proceedings until Judge Barbier rules on a Motion to Quash.  In the event this Court does not dismiss Patel and Pumilia's motions for lack of jurisdiction or stay these proceedings until Judge Barbier rules on a Motion to Quash, LKSA and Ibert respectfully request that this Court deny Patel and Pumilia's motions. The subpoenas issued to LKSA and Ibert are a fishing expedition by Patel and Pumilia. They do not comply with the Louisiana Code of Civil Procedure or the Louisiana Code of Evidence because they 1) request information protected by attorney-client privilege and attorney work-product immunity; 2) the information sought is not essential to Patel and Pumilia's claims; 3) the subpoenas constitute harassment; 4) the subpoenas are overly broad and do not list the information sought with specificity; and 5) there are other practicable means of obtaining the information.  Accordingly, the undersigned respectfully requests that this Court dismiss Patel and Pumilia's Motion to Compel *Subpoena Duces Tecum* and Motion to Issue Subpoenas for lack of jurisdiction, stay the proceedings or deny both motions for failure to comply with Louisiana law.

Respectfully submitted,

_____

PAUL M. STERBCOW (#17817)
JESSICA L. IBERT (#33196)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Fax: (504) 588-1514
Email: sterbcow@lksalaw.com
Email: jibert@lksalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email and/or by placing a copy of same in the U.S. Mail, postage prepaid, this 2nd day of April, 2018.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 |
| | * | SECTION J |
| This document relates to all actions. | * | |
| | * * | HONORABLE CARL J. BARBIER |
| | * | |
| | * * | MAGISTRATE JUDGE SHUSHAN |
| | * | |

| | | |
|---|---|---|
| Bon Secour Fisheries, Inc., et al., on behalf of themselves and all others similarly situated, | * * | Civil Action No. 12-970 |
| | * | SECTION J |
| Plaintiffs, | * | |
| | * | |
| v. | * | HONORABLE CARL J. BARBIER |
| | * | |
| BP Exploration & Production Inc.; BP America Production Company; BP p.l.c., | * * | MAGISTRATE JUDGE SHUSHAN |
| | * | |
| Defendants. | * | |

*DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT AS AMENDED ON MAY 2, 2012



EXHIBIT

A

Court retains continuing and exclusive jurisdiction over the Parties, the Economic Class Members and this Agreement, to interpret, implement, administer and enforce the Agreement, in accordance with its terms;

15.1.14.   orders all Economic Class Members to comply with the Assignment and Protections provisions of Section 11 and Exhibit 21.

## 16. COOPERATION OF PARTIES AS TO CONSUMMATION OF SETTLEMENT.

16.1.   The Parties agree to take all actions necessary to obtain final approval of this Agreement and entry of a Final Order and Judgment, including the terms and provisions described in this Agreement, and dismissing all Released Claims against all Released Parties with prejudice.  Upon the Effective Date, the Parties also agree to take all actions and steps necessary to obtain dismissal of all other lawsuits that are pending and/or may be filed against BP, arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the subject matter of the Deepwater Horizon Economic Litigation, to the extent of Released Claims against Released Parties.

## 17. COOPERATION OF PARTIES AS TO SUPPORT OF SETTLEMENT.

17.1.   The Parties agree to support the final approval and implementation of this Agreement and defend it against objections, appeal, or collateral attack.  Neither the Parties nor their Counsel, directly or indirectly, will encourage any person to object to the Economic and Property Damages Settlement.  Nothing in this Agreement shall impair BP's right to take any action to defend itself in any trial where BP is a party.

## 18. CONTINUING JURISDICTION.

18.1.   Pursuant to the Final Order and Judgment, the Court shall retain continuing and exclusive jurisdiction over the Parties and their Counsel for the purpose of enforcing, implementing and interpreting this Agreement, including all issues relating to the scope, application and/or operation of the Release in Section 10 above, including jurisdiction over all Economic Class Members, and over the

81

administration and enforcement of the Agreement and the distribution of its benefits to Economic Class Members, and any dispute arising as to the action or election of any Party under Section 21 below regarding the enforceability or illegality of any provisions of this Agreement.  Any disputes or controversies arising out of or related to the interpretation, enforcement or implementation of the Agreement and the Release shall be made by motion to the Court.  In addition, the Parties, including each member of the Economic Class as defined in the Final Order and Judgment, and their Counsel are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement.  The terms of the Agreement shall be incorporated into the Final Order and Judgment of the Court dismissing with prejudice all Released Claims by the Economic Class, Plaintiffs, and Economic Class Members against all Released Parties, which shall allow that Final Order and Judgment to serve as an enforceable injunction by the Court for purposes of the Court's continuing jurisdiction related to the Agreement.

18.2.   Before filing any motion or petition in the Court raising a dispute arising out of or related to this Agreement, counsel for the Parties shall consult with each other and certify to the Court that they have consulted.

## 19. STAY OR ADJOURNMENT OF ALL PROCEEDINGS.

19.1.   BP's position is that a stay or adjournment of any trial proceeding (including the previously set Phase I trial) that would or might determine BP's liability to the Economic Class is a material term and condition precedent to the Settlement from the date of the Parties' execution of this Agreement through the Court's determination of the fairness of the Settlement.  Plaintiffs and Proposed Economic Class Counsel shall not oppose BP's position.

## 20. DUTIES OF ECONOMIC CLASS COUNSEL.

20.1.   Interim Class Counsel and Proposed Economic Class Counsel acknowledge that under applicable law their duty is to the entire Economic Class, to act in the best interest of the Economic Class as a whole, with respect to promoting, supporting,

82

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010** | * <br> * <br> * <br> * | **MDL No. 2179** <br><br> **Section: J** |
| **This filing relates to:** *All Cases* | * <br> * | **District Judge Carl J. Barbier** |
| (Including Civil Action No. 12-970) | * <br> * <br> * | **Magistrate Judge Sally Shushan** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### ORDER

**[Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement]**

CONSIDERING the request by Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator") for entry of an Order in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages Settlement Agreement and Paragraph 37 of the May 2, 2012 Preliminary Approval Order (Rec. Doc. 6418), and being fully apprised:

**IT IS HEREBY ORDERED:**

1.    *Defined Terms.*  All undefined terms used in this Order shall have the same meanings given to such terms in the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012) ("Settlement Agreement").

2.    *Claims Information.*  Pursuant to Paragraph 18 of the Court's March 8, 2012 First Amended Order Creating Transition Process (Rec. doc. 5995) and Paragraph 3 of the Court's May 22, 2012 Order Regarding Settlement Implementation (Rec. doc. 6573), all claim files and claims-related materials and data submitted to the Gulf Coast Claims Facility (the "GCCF") and in the Transition Process have been transferred to the Claims Administrator. Paragraph 4 of the Order Regarding Settlement Implementation directs that all such Claims



EXHIBIT

B

Information is deemed "confidential" under Pre-Trial Order No. 13 (Rec. doc. 641). In addition, the Claims Administrator will receive and will generate claim files and claims-related materials and data relating to claims submitted to the Claims Administrator under the Economic and Property Damages Settlement Agreement that contain personal identifying information and other private information regarding claimants that warrant protection from disclosure.

This Order refers to all such GCCF, Transition Process and Economic and Property Damages Settlement Agreement claim files and claims-related materials and data collectively as "Claims Information."

3.   **The Purpose of this Order.**   This Order defines the terms on which third parties may obtain access to Claims Information and the proper use of such information by any recipients of Claims Information, and modifies, amends and supercedes Pre-Trial Order No. 13 with respect to Claims Information.

4.   **Confidentiality of Claims Information.**   All Claims Information shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court.

5.   **Access by the Court.**   The Court and any special masters appointed by the Court, and the direct staff of the foregoing, shall have access to all Claims Information.

6.   **Access by Class Counsel and the BP Parties.**   Class Counsel and the BP Parties shall have access to Claims Information as provided in the Settlement Agreement and any Order of this Court (including previously entered Orders in connection with the Settlement Agreement).

7.   **Access by the Claims Administrator.**   The Claims Administrator shall have access to all Claims Information and has discretion to make use of Claims Information as the Claims Administrator deems necessary for the performance of his duties under the Settlement Agreement, including the provision of Claims Information to the Claims Administrator's staff and to Claims Administration Vendors, the Directed Trustee, the Lead Paying Agent, the Gulf Region Bank, the Appeal Panelists and other persons and entities engaged by the Claims Administrator to aid in the implementation of the Settlement Agreement.

8.   **Access by a Claimant and Provision of Claims Information to Recipients Authorized by the Claimant.**   A claimant (and any person expressly authorized by the claimant in writing substantially in the form of Appendix A to this Order) shall have access to the Claims Information regarding the claimant's claims in the Economic and Property Damages Settlement Program at such time and in such manner as granted at the discretion of the Claims Administrator as provided in the Settlement Agreement and any Order of this Court.

9.   **Provision of Claims Information to the National Pollution Funds Center.**   The Claims Administrator has the discretion and is permitted to provide, upon request and without the necessity of subpoena or other legal process, individual Claims Information to the National Pollution Funds Center, the Coast Guard office responsible for evaluating and approving claims

2

under the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.*, with respect to a claimant who has submitted a claim to the National Pollution Funds Center, in connection with the exercise of its responsibilities under that statute.

10.      *Provision of Claims Information to the Department of Justice and Other Law Enforcement or Officials.* The Claims Administrator in his discretion is permitted to provide, for a legitimate law enforcement purpose, upon request and without the necessity of subpoena or other legal process, Claims Information to the United States Department of Justice and other federal, state or local law enforcement agencies or officials, and their agents and representatives, in connection with the exercise of their fraud investigation or prosecution functions.

11.      *Provision of Claims Information in Response to Subpoenae or Other Legal Process.* The Claims Administrator has the discretion and is permitted to provide Claims Information in response to subpoenae or other legal process received by the Claims Administrator requiring the production of Claims Information ("Legal Process"). Upon receipt of such subpoena or other legal process, the Claims Administrator shall provide notice to the claimant (and/or the claimant's attorney, if represented), and such claimant will be provided at least seven days from receipt of such notice in which to object. If a claimant timely objects: (1) the claimant shall take any steps necessary to obtain final resolution of the objection, and the Claims Administrator shall not produce such information until notified of a final resolution of the objection; and (2) the Claims Administrator shall not be responsible for any proceedings relating to the objection. This Court has continuing and exclusive jurisdiction over any proceedings regarding the validity, enforceability, scope, compliance and other issues regarding any Legal Process. As required in the Claims Administrator's discretion, the requesting party shall be responsible for reimbursing the Claims Administrator for the reasonable costs of responding to Legal Process, including time spent in responding to the request, researching and producing the information and any testimony required.

12.      *Transfer of Claims Information to the Claims Administrator for the Medical Benefits Class Action Settlement.* The Claims Administrator is permitted to transfer in a secure manner to the Claims Administrator for the Medical Benefits Class Action Settlement under the Medical Benefits Class Action Settlement Agreement (as amended on May 1, 2012) ("Medical Benefits Settlement Agreement") a copy of the Claims Information in his possession relating to personal or bodily injury claims by claimants who were not on the *Deepwater Horizon* on April 20, 2010, and who submitted claims for personal or bodily injury to the GCCF and/or to the Transition Process. After transfer to the Medical Benefits Claims Administrator, any such files or materials in the custody of the Medical Benefits Claims Administrator shall no longer be deemed to be Claims Information under this Order, but shall remain subject to the confidentiality provisions in the Medical Benefits Settlement Agreement and any Orders applicable to such Agreement. The Medical Benefits Claims Administrator shall: (a) treat all such transferred Claims Information as confidential, consistent with sections VI.E, VII.E, and VIII.D of the Medical Benefits Settlement Agreement; (b) limit its use of such transferred Claims Information to the extent necessary for the administration of the Medical Benefits Settlement Agreement according to its terms, including processing claims for benefits and the determination of the fact and amounts of any liens, claims, or rights of subrogation, indemnity, reimbursement,

3

conditional or other payments, or interests of any type; and (c) issue a report to the Court after the transfer of the copy of such Claims Information is complete.

13.     *Use of Claims Information.*   All persons receiving any Claims Information pursuant to this Order ("Authorized Recipients") shall use such information only for the purpose for which the Authorized Recipient was permitted to receive the Claims Information. Each Authorized Recipient may disclose the Claims Information to such other persons as is reasonably necessary for the implementation of such purpose, including experts, consultants, counsel, and other advisors, and the direct staff of any of the foregoing.   All such persons shall take such steps as are necessary to preserve the confidentiality of Claims Information and shall use such Claims Information solely for the purpose for which the person was permitted to receive it.

14.     *Certifications Required of Certain Recipients of Claims Information.*   Before disclosing Claims Information pursuant to Paragraphs 7, 9, 10 or 11 of this Order, the Claims Administrator shall require the potential recipient to execute and submit to the Claims Administrator a signed Certification substantially in the form of Appendix B to this Order in which the recipient agrees to be bound by this Order, to submit to the jurisdiction of this Court for purposes of enforcing this Order, and to use the Claims Information only for the purpose for which the recipient was permitted access to such information and to keep the Claims Information confidential and not disclose it to any party not necessary for the performance of such authorized purpose or as required by law.   The Claims Administrator shall have no obligation to disclose any Claims Information to any potential recipient until such recipient has submitted an executed Certification.   An agency or other entity may provide one Certification applicable to all instances in which the agency or entity would be permitted access to Claims Information under this Order. The Claims Administrator has the discretion to make arrangements with a requesting party in the alternative to the Certification as the Claims Administrator deems necessary and efficient to secure the protection of the confidentiality of Claims Information.   The Claims Administrator shall maintain a log of all recipients who have executed a Certification or made alternative arrangements and shall make that log available for inspection to the Court, Class Counsel and counsel for the BP Parties upon request.

15.     *General and Statistical Information.*   General and statistical information regarding claimants and claims under the Economic and Property Damages Settlement that does not reveal the identity of any particular claimant shall not be considered to be Claims Information subject to this Order.

16.     *Method of Access.*   The Claims Administrator has the discretion to determine the method by which to provide Claims Information to Authorized Recipients under the terms of this Order.

17.     *Responses to Legal Proceedings.*   Nothing in this Order shall prohibit or restrict the ability of the Claims Administrator to use Claims Information to respond to any suit or other legal proceeding initiated by a claimant or as necessary to enforce the terms of the Settlement Agreement or any Order of the Court as to a claimant or group of claimants.

4

18.     *Exclusive Retained Jurisdiction.*   This Court retains continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order.

New Orleans, Louisiana, this 29th day of June, 2012.

Honorable Carl J. Barbier
United States District Court Judge

APPENDIX A

| AUTHORIZATION FOR RELEASE OF CLAIMS INFORMATION | | |
|---|---|---|
| **A. Claimant** | | |
| **Name:** | Last Name | First Name | Middle Initial |
| **Name of Business**(If Claimant is a Business) : | Full Name of Business | | |
| **Deepwater Horizon Settlement Program Claimant Number:** | | | |

**B. Authorized Recipient**

| **Name:** | Last Name | First Name | Middle Initial |
|---|---|---|---|
| **Organization:** | Full Name of Organization | | |
| | Street | | Apt/Suite/Unit |
| | City | State | Zip Code |
| | Telephone | Email | |

**C. Signature**

I authorize the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement to release to the Authorized Recipient named above all information and documents regarding any claim I have submitted to the Claims Administrator or that I previously submitted to the Gulf Coast Claims Facility or the Transition Process.   My consent to release of my claims information and documents shall continue to be in force and effect unless and until I notify the Claims Administrator in writing that I revoke this authorization.

| **Signature:** | | | |
|---|---|---|---|
| **Name of Person Signing** | Last Name | First Name | Middle Initial |
| **Title** (If Claimant is a Business) | | | |
| **Representative Capacity** (If Claimant is Deceased, a Minor, or Legally Incapacitated): | | | |
| **Date:** | ____/____/_____ (Month/Day/Year) | | |

APPENDIX B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179 Section: J |
| This filing relates to: *All Cases* | * * | Honorable Carl J. Barbier |
| (Including Civil Action No. 12-970) | * | Magistrate Judge Shushan |

### CERTIFICATION REGARDING CONFIDENTIALITY OF CLAIMS INFORMATION

I hereby certify as follows:

1. I have read the Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Confidentiality Order") entered by this Court in the above-captioned action.

2. I understand the terms of the Confidentiality Order.

3. I agree to be bound by the Confidentiality Order.

4. I agree to submit to the jurisdiction of this Court for purposes of enforcing the Confidentiality Order.

5. I agree to use any Claims Information provided to me by the Claims Administrator solely for the purpose for which I was permitted access to such information and to keep the Claims Information confidential and not disclose it to any party not necessary for the performance of such authorized purpose or as required by law.

6. Before I disclose Claims Information to any member of my staff or any expert, consultant or other advisor, I shall provide such person with a copy of the Confidentiality Order and shall take such steps as are necessary to secure compliance by such person with the Confidentiality Order.

| Signature | | Date | ____/____/____ (Month/Day/Year) | |
|---|---|---|---|---|
| **Name** | Last Name | First Name | | Middle Initial |
| **Organization** | | | | |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS F D

STATE OF LOUISIANA

NO 17 - 11090          DIVISION      E          SECTION 16

THE FINISH LINE                          CIVIL
                                    DISTRICT COURT
v.

JAYESH PATEL, ET AL.

FILED: _____

DEPUTY CLERK

TO: _Lewis, Kullman, Sterbcow & Abramson, LLC, 601 Poydras Street, Suite 2615, New
Orleans, LA 70130_

**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as
directed
below.

_____
**SUBPOENA REQUEST**
[   ]  **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in
Division
"_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of_____, 20_____ at
_____ o'clock _____.m., to testify the truth according to your knowledge, in a controversy
pending herein between the parties above named; and hereof you are not to fail under penalty of the
law. By order of the Court.
_____
**DEPOSITION SUBPOENA REQUEST**
[   ]  **YOU ARE COMMANDED** to appear at the place, date and time specified below to
testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

**REQUEST FOR WRIT OF SUBPOENA DUCES TECUM**

[ X ]  **YOU ARE COMMANDED** to produce and permit inspection and copying of the
following
documents or objects for the _ trial, _X____ deposition, or ___ hearing     (state     type)
at the place, date and time specified below (list documents or objects) pursuant to the provisions of
Article 1354 et. seq. of the LA Code of Civil Procedure.

RECORDS REQUESTED:

**See attached Commission from Superior Court of California, County of Los Angeles**

| PLACE<br>Deutsch Kerrigan, LLP<br>755 Magazine Street, New Orleans, LA 70130 | DATE AND TIME<br>December 14, 2017 at 10:00<br>a.m. |
|---|---|

Issued at the request of; and,
Fees and cost guaranteed by undersigned

ATTORNEY

Attorney's signature

ATTORNEY'S
NAME & BAR NUMBER        Andrew J. Baer, Esq. (#35638)

ADDRESS
&
TELEPHONE NUMBER         755 Magazine Street

New Orleans, LA 70130
(504) 581-5141

**EXHIBIT**

**C**

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Andrew J. Waxler 113652/Courtney Curtis-Ives    245231<br>Kaufman Dolowich & Voluck, LLP<br>11755 Wilshire Blvd., Suite 2400<br>Los Angeles, CA 90025 | F I L E D<br>2017 NOV 17 A II: 15<br>CIVIL<br>DISTRICT COURT |

TELEPHONE NO.: **(310) 775-6511**   FAX NO. (Optional): **(310) 575-9720**
E-MAIL ADDRESS (Optional): awaxler@kdvlaw.com / ccurtis@kdvlaw.com
ATTORNEY FOR (Name): Defs. Jayesh Patel and Pumilia & Adamec LLP

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

SHORT TITLE: The Finish Line v. Patel, Inc., et al.

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA<br>☐ ORDERED BY COURT   ☒ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER:<br>BC633988 |
|---|---|

1. The Superior Court of California hereby authorizes the deposition, upon oral examination, of (identity of deponent):
Lewis Kullman Sterbcow & Abramson LLC

2. The deposition is to be taken in (state of the United States, territory, or insular possession subject to its jurisdiction):
Louisana

3. The deposition will be conducted (check one):
a. ☒ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025.320 and 2025.340(b)-(f); or
b. ☐ Before (name of appointee):
who is appointed to administer oaths and to take testimony.

4. The documents or things to be produced at the time and place of the deposition are
☒ described in Attachment 4    ☐ none.

5. Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5. Number of pages attached: _____

6. Under California Code of Civil Procedure section 2026.010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court.

7. The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions.

Date: **SEP 2 6 2017**

☐ Judge
OR
☒ Clerk, *J. Bolden*, Deputy
SHAUNYA BOLDEN

Form Approved for Optional Use
Judicial Council of California
DISC-030 [Rev. January 1, 2009]

**COMMISSION TO TAKE**
**DEPOSITION OUTSIDE CALIFORNIA**

Page 1 of 1
Code Civ. Proc., § 2026.010(b)
www.courtinfo.ca.gov

ATTACHMENT "4"
TO DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS
*The Finish Line, Inc. v. Jayesh Patel, et al.,*
Los Angeles Superior Court, Case No. BC633988

## DEFINITIONS

Words in CAPITALS in the following Requests for Production of Business Records are defined as follows:

DOCUMENTS means a writing as defined in California Evidence Code section 250 (a "handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored").

YOU and YOUR means Lewis, Kullman, Sterbcow & Abramson LLC, and its employees, in-firm attorneys, staff, or any other person or entity purporting to act on its behalf.

## REQUESTS FOR PRODUCTION OF BUSINESS RECORDS

1.      All DOCUMENTS and communications that YOU have submitted to the Deepwater Horizon Claims Center in connection with The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

2.      All DOCUMENTS and communications that YOU have received from the Deepwater Horizon Claims Center in connection with The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

3.      All communications to and from YOU and anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

4.      All communications to and from Darryl D. Robertson, with regard to The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

5.      All communications to and from Jason Russell, with regard to The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

6.      All communications to and from James Hoban, with regard to The Finish Line, Inc.'s Deepwater Horizon claims for economic and/or property loss.

ATTACHMENT "4"
TO DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS
*The Finish Line, Inc. v. Jayesh Patel, et al.,*
Los Angeles Superior Court, Case No. BC633988

7.    All communications to and from Jessica Ibert and anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

8.    All communications to and from Robert Lumpkin and anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

9.    All internal notes and/or memoranda reflecting or referring to YOUR telephone conversations or other communications with anyone affiliated with, employed by, or acting on behalf of the Deepwater Horizon Claims Center and/or the Deepwater Horizon Economic & Property Damages Settlement Program, including but not limited to all claims administrators, analysts, claims liaisons, and appeal panels, with regard to claims by The Finish Line, Inc.

## PROOF OF SERVICE

1  STATE OF CALIFORNIA )
2  COUNTY OF LOS ANGELES )                                   FILED

3     I am employed in Los Angeles County. My business address is 11755 Wilshire Blvd.,
   Suite 2400, Los Angeles, CA 90025, where this mailing occurred. I am over the age of 18 years
   and am not a party to this cause. I am readily familiar with the practices of KAUFMAN
4  DOLOWICH VOLUCK LLP for collection and processing of correspondence for mailing with the
   United States Postal Service. Such correspondence is deposited with the United States Postal
5  Service the same day in the ordinary course of business.                    DISTRICT

6     On September 26, 2017, I served the foregoing documents on the interested parties in this
7  action entitled as follows:

8               COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA

9  [XX]  by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as
       follows:

10                       SEE ATTACHED SERVICE LIST

11

12 [XX]  (BY MAIL)  I placed such envelope for collection and mailing on this date
       following ordinary business practices.

13 [  ]  (BY PERSONAL SERVICE)  I caused to be hand delivered such envelope to the
14       addressee so indicated.

15 [  ]  (BY ELECTRONIC MAIL):  I caused to be served, via electronic mail (e-mail), the
       above-entitled document(s)   to the e-mail address of the addressee(s) so indicated.

16 [  ]  (BY FEDERAL EXPRESS)  I am "readily familiar with the firm's practice of
17       collection and processing correspondence for mailing via Express Mail (or another method
       of delivery providing for overnight delivery pursuant to C.C.P. § 1005(b)).  Under that
18       practice, it would be deposited with the United States Postal Service or other overnight
       delivery carrier (in this case, Federal Express) on that same day with postage thereon fully
19       prepaid at Los Angeles, California in the ordinary course of business.

20 [  ]  (BY FACSIMILE)  I caused to be served, via facsimile, the above-entitled
       document(s) to the office of the addressee so indicated.

21 [XX]  (STATE)  I declare under penalty of perjury that the foregoing is true and correct.

22 [  ]  (FEDERAL) I declare that I am employed in the office of a member of the bar of
23       this court at whose direction the services was made.

24     Executed on September 26, 2017, at Los Angeles, California.

25

26                                    _Esther Silverman_
                                      ESTHER SILVERMAN
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

*The Finish Line, Inc. v. Jayesh Patel, et al.*
LASC Case No. BC633988

*Attorneys for Plaintiff*
*THE FINISH LINE, INC.*

Steven C. Glickman, Esq.
GLICKMAN & GLICKMAN
9460 Wilshire Blvd., Ste. 330
Beverly Hills, CA 90212-2732

Ph.     (310) 273-4040
Fax:    (310) 273-0829
Email: scg@glickman-law.com

Andrew W. Hull, Esq.
Susanne Johnson, Esq.
Hoover Hull Turner, LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Ph.     (317) 822-4400
Email: awhull@hooverhullturner.com
Email: sjohnson@hooverhullturner.com

4852-1134-7259, v. 1

2
PROOF OF SERVICE

NO _____ 	DIVISION _E_ 	SECTION _16_

CIVIL
DISTRICT COURT

THE FINISH LINE

v.

JAYESH PATEL, ET AL.

FILED: _____

```
 F I L E D
  JAN -9 2018
```

DEPUTY CLERK CLERK'S OFFICE
CIVIL DISTRICT COURT

TO:   Jessica Ibert, Esq., Lewis, Kullman, Sterbcow & Abramson, LLC, 601 Poydras Street, Suite 2615, New Orleans, LA 70130

**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed below.

---

### SUBPOENA REQUEST

[   ]   **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division "_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of_____, 20_____ at _____ o'clock _____.m., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under penalty of the law.  By order of the Court.

---

### DEPOSITION SUBPOENA REQUEST

[X]   **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Deutsch Kerrigan, LLP  755 Magazine Street, New Orleans, LA 70130 | January 10, 2018 at 10:00 a.m. |

---

### REQUEST FOR WRIT OF SUBPOENA DUCES TECUM

[   ]   **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects for the _ trial, _____ deposition, or ___ hearing      (state        type) at the place, date and time specified below (list documents or objects) pursuant to the provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Issued at the request of; and,
Fees and cost guaranteed by undersigned

**ATTORNEY**

_____
Attorney's signature

ATTORNEY'S
NAME & BAR NUMBER      Andrew J. Baer, Esq. (#35638)

ADDRESS
&                        755 Magazine Street
TELEPHONE NUMBER        New Orleans, LA  70130
                        504) 581-5141

**EXHIBIT**
tabbies
D

STATE OF LOUISIANA

NO           DIVISION        CIVIL DISTRICT COURT SECTION

THE FINISH LINE

v.

JAYESH PATEL, ET AL.

FILED: _____

                           DEPUTY CLERK

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that defendants, Jayesh Patel and Pumilia & Adamec, LLP, will take the deposition of **Jessica Ibert, Esq.** of Lewis, Kullman, Sterbcow & Abramson, LLC on **Wednesday, January 10, 2018, at 10:00 a.m.** at the law offices of Deutsch Kerrigan, LLP, 755 Magazine Street, New Orleans, LA 70130, for all purposes allowed by the Louisiana Code of Civil Procedure, before a notary public or some other officer authorized to administer oaths. You may attend and participate as you deem appropriate.

Respectfully submitted,

_____
NANCY J. MARSHALL (#8955)
ANDREW J. BAER (#35638)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 593-0602
Facsimile: (504) 566-4002
Attorneys for defendants, Jayesh Patel and Pumilia & Adamec, LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all counsel of record by facsimile, email and/or depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on the ___15th___ day of November, 2017.



Los Angeles, CA 90025
TELEPHONE NO.: (310) 775-6511    FAX NO. (Optional): (310) 575-9720
E-MAIL ADDRESS (Optional): awaxler@kdvlaw.com/ccurtis@kdvlaw.com
ATTORNEY FOR (Name): Defs. Jayesh Patel and Pumilia & Adamec LLP

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse
SHORT TITLE: The Finish Line v. Patel, Inc., et al.

CIVIL
DISTRICT COURT

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA<br>☐ ORDERED BY COURT   ☒ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER:<br>BC633988 |

1. The Superior Court of California hereby authorizes the deposition, upon oral examination, of (identify of deponent):
   Jessica Ibert of Lewis Kullman Sterbcow & Abramson LLC

2. The deposition is to be taken in (state of the United States, territory, or insular possession subject to its jurisdiction):
   Louisana

3. The deposition will be conducted (check one):
   a. ☒ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025.320 and 2025.340(b)-(i); or
   b. ☐ Before (name of appointee):
      who is appointed to administer oaths and to take testimony.

4. The documents or things to be produced at the time and place of the deposition are
   ☐ described in Attachment 4   ☒ none.

5. Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5. Number of pages attached: _____ .

6. Under California Code of Civil Procedure section 2026.010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court.

7. The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions.

Date: SEP 2 6 2017

☐ Judge
OR ☐ Clerk, by    _Bolden_
SHAUNYA BOLDEN    , Deputy

Form Approved for Optional Use
Judicial Council of California
DISC-030 [New January 1, 2008]
COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA
Page 1 of 1
Code Civ. Proc., § 2026.010(f)
www.courtinfo.ca.gov

3    I am employed in Los Angeles County. My business address is 11755 Wilshire Blvd., Suite 2400, Los Angeles, CA 90025, where this mailing occurred. I am over the age of 18 years

4    and am not a party to this cause. I am readily familiar with the practices of KAUFMAN DOLOWICH VOLUCK LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal

5    Service the same day in the ordinary course of business.

6         On September 26, 2017, I served the foregoing documents on the interested parties in this

7   action entitled as follows:

8               **COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA**

9   [XX]   by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

10                 **SEE ATTACHED SERVICE LIST**

11

12   [XX]   (BY MAIL) I placed such envelope for collection and mailing on this date following ordinary business practices.

13   [   ]   (BY PERSONAL SERVICE) I caused to be hand delivered such envelope to the

14          addressee so indicated.

15   [   ]   (BY ELECTRONIC MAIL): I caused to be served, via electronic mail (e-mail), the above-entitled document(s)   to the e-mail address of the addressee(s) so indicated.

16   [   ]   (BY FEDERAL EXPRESS) I am "readily familiar with the firm's practice of

17          collection and processing correspondence for mailing via Express Mail (or another method of delivery providing for overnight delivery pursuant to *C.C.P.* § 1005(b)). Under that

18          practice, it would be deposited with the United States Postal Service or other overnight delivery carrier (in this case, Federal Express) on that same day with postage thereon fully

19          prepaid at Los Angeles, California in the ordinary course of business.

20   [   ]   (BY FACSIMILE) I caused to be served, via facsimile, the above-entitled document(s) to the office of the addressee so indicated.

21   [XX]   (STATE) I declare under penalty of perjury that the foregoing is true and correct.

22   [   ]   (FEDERAL) I declare that I am employed in the office of a member of the bar of

23          this court at whose direction the services was made.

24     Executed on September 26, 2017, at Los Angeles, California.

25

26                             ESTHER SILVERMAN

27

28

3

4

*Attorneys for Plaintiff*
*THE FINISH LINE, INC.*

5

6

Steven C. Glickman, Esq.
GLICKMAN & GLICKMAN
9460 Wilshire Blvd., Ste. 330

7

Beverly Hills, CA 90212-2732

8

Ph.     (310) 273-4040
Fax:    (310) 273-0829

9

Email: scg@glickman-law.com

10

Andrew W. Hull, Esq.
Susanne Johnson, Esq.

11

Hoover Hull Turner, LLP
111 Monument Circle, Suite 4400

12

P.O. Box 44989
Indianapolis, IN 46244-0989

13

Ph.     (317) 822-4400
Email: awhull@hooverhullturner.com

14

Email: sjohnson@hooverhullturner.com

15

16

4852-1134-7259, v. 1

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

**LEWIS, KULLMAN, STERBCOW & ABRAMSON, LLC**
ATTORNEYS AT LAW
2615 PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130-6030
TELEPHONE (504) 588-1500
FACSIMILE (504) 588-1514
www.lksalaw.com

PAUL M. STERBCOW
DAVID A. ABRAMSON
BETH E. ABRAMSON
IAN F. TAYLOR
JESSICA L. IBERT

HARVEY J. LEWIS
LAWRENCE S. KULLMAN
OF COUNSEL

WRITER'S DIRECT DIAL
(504) 588-9722

December 1, 2017

Sterbcow@lksalaw.com

**FILED**
JAN -9 2018
CLERK'S OFFICE
CIVIL DISTRICT COURT

<u>**VIA U.S. MAIL and E-MAIL**</u>
Andrew J. Baer, Esq.
Deutsch Kerrigan, LLP
755 Magazine Street
New Orleans, LA 70130

RE:     *The Finish Line v. Jayesh Patel, et al.*
        Civil District Court No.: 17-11080, Div. E, Sec. 16

Dear Mr. Baer:

We are in receipt of the subpoena *duces tecum* to Lewis, Kullman, Sterbcow & Abramson, LLC and the deposition subpoena to Jessica Ibert, Esq. in the captioned matter.

On behalf of the law firm and Ms. Ibert, we object to both subpoenas. The subpoena *duces tecum* as worded is far too broad and requests privileged information generated as part of our representation of The Finish Line in its economic loss claim under the BP Class Action Settlement. Further, I was informed by current counsel for The Finish Line that a similar subpoena has been served on the class settlement claims center. There is no need to request the same documents from us.

As a compromise, we are willing to confer with current counsel for The Finish Line in the California and Indiana litigation and provide them with any information not already in their possession. They can then decide what information is and is not discoverable in the ongoing litigation.

Ms. Ibert will not appear for a deposition absent a court order. Her testimony also infringes on attorney-client privilege and is not necessary in the legal malpractice proceeding. Further, in the future, I respectfully request that you contact us by phone or e-mail as a matter of professionalism to discuss deposing an attorney in this firm.

Please let me know if the suggested compromise on the subpoena *duces tecum* is acceptable. Thank you.

Sincerely,

Paul M. Sterbcow

PMS/mct
cc:     Steven C. Glickman, Esq. (via e-mail)
        Andrew W. Hull, Esq./Susanne Johnson, Esq. (via e-mail)

**EXHIBIT**
E

tabbies'

**From:** Michael A. Dorelli [mailto:mdorelli@hooverhullturner.com]
**Sent:** Tuesday, December 12, 2017 11:11 AM
**To:** Courtney Curtis-Ives
**Cc:** Regina R. Miller; Andrew W. Hull; Andrew J. Waxler; Michael A. Dorelli; Susanne A. Johnson
**Subject:** RE: Finish Line/Patel: 2nd RFP



Courtney, I'm trying to schedule a call for tomorrow with my contact at Finish Line who is gathering the sales/geographical information. The information is compiled for 2009 through 2011, but 2007 and 2008 are taking more time to compile (because the data comes from a different system). Also, so far, it's compiled in a spreadsheet, so I'm hoping to get a better understanding about "how" it was compiled (because I know you'll ask), and whether there are actual supporting documents (other than sales slips at the points of sale). I'll follow-up with additional information tomorrow.

On the subpoenas to Jessica Ibert's firm, we object only to the extent they may seek information protected from disclosure by the attorney-client privilege or work product doctrine. We do not object to them in principal. The document request is worded very broadly, but to the extent you're asking only for communications between Jessica's firm and the Claims Center, we don't object. The request for internal notes/memos may include work product, and we would object to production of any such documents. Other than that, our objection would only be to the extent either the requests or a deposition goes beyond the firm's communications with the Claims Center, and into privilege/work product areas.

Please let me know if this answers your question on the subpoenas. Again, I'll be back in touch with more information on the sales information tomorrow.

Mike



**From:**       jrussell@dhecc.com
**Sent:**       Tuesday, October 13, 2015 8:33 AM
**To:**         jibert@lksalaw.com; rlumpkin@lksalaw.com
**Cc:**         itaylor@lksalaw.com
**Subject:**    RE: The Finish Line, Inc. - 100049935

I am having the review team weigh in on this and will follow up as soon as I have a response.

**From:** Jessica Ibert [mailto:jibert@lksalaw.com]
**Sent:** Wednesday, October 07, 2015 4:38 PM
**To:** Jason Russell; Robert Lumpkin; Darryl Robertson
**Cc:** Ian Taylor
**Subject:** RE: The Finish Line, Inc. - 100049935

They can file on a consolidated basis despite the fact that the headquarters is NOT located in the Gulf Coast Region?  Or does that preclude them from being able to file on a consolidated basis?

Jessica L. Ibert
ATTORNEY
 LEWIS, KULLMAN,
STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615 | New Orleans, LA 70130-6030
(504)262-8345 Direct | (504)588-1500 Main | (504)588-1514 Fax
Email: jibert@lksalaw.com | www.lksalaw.com

**From:** Jason Russell [mailto:jrussell@dhecc.com]
**Sent:** Wednesday, October 07, 2015 3:23 PM
**To:** Jessica Ibert; Robert Lumpkin; Darryl Robertson
**Cc:** Ian Taylor
**Subject:** RE: The Finish Line, Inc. - 100049935

Your understanding is correct.

**From:** Jessica Ibert [mailto:jibert@lksalaw.com]
**Sent:** Wednesday, October 07, 2015 4:22 PM
**To:** Jason Russell; Robert Lumpkin; Darryl Robertson
**Cc:** Ian Taylor
**Subject:** RE: The Finish Line, Inc. - 100049935

Jason,

I just want to make sure that I understand you.  Finish Line can either file on a consolidated basis for all 74 Gulf Coast Region facilities or can file on a facility basis ONLY for the 13 locations originally included in the claim form?

Jessica L. Ibert
ATTORNEY
LEWIS, KULLMAN,
STERBCOW & ABRAMSON

1



EXHIBIT
G

B&G-000375

601 Poydras Street, Suite 2615│New Orleans, LA 70130-6030
(504)262-8345 Direct │ (504)588-1500 Main │ (504)588-1514 Fax
Email: jibert@lksalaw.com │ www.lksalaw.com

---

**From:** Jason Russell [mailto:jrussell@dhecc.com]
**Sent:** Wednesday, October 07, 2015 3:11 PM
**To:** Robert Lumpkin; Darryl Robertson
**Cc:** Ian Taylor; Jessica Ibert
**Subject:** RE: The Finish Line, Inc. - 100049935

Robert,

Does the claimant intend to file consolidated?  Or separately for the additional claims?  If they want to file consolidated, please change Q6 to Yes and add the claiming Facilities in Q7 of the Claim Form.  The claimant will not be able to file additional claims if filing separately.

---

**From:** Robert Lumpkin [mailto:rlumpkin@lksalaw.com]
**Sent:** Friday, September 25, 2015 12:32 PM
**To:** Darryl Robertson; Jason Russell
**Cc:** Ian Taylor; Jessica Ibert
**Subject:** RE: The Finish Line, Inc. - 100049935

Darryl and Jason,
Please see attached list of Claimant's 69 total Gulf Coast locations. In addition to the previously mentioned locations, we would like to file claims for all of their eligible stores. These locations were not properly entered on the claim form and up until now the claimant has been unable to access their claims. Our firm recently took over this claim and we would like to amend the claim forms to include all facilities since they fall under the entity that timely filed the claim.

Please let me know how to proceed. Thank you,

Robert L. Lumpkin

# LEWIS, KULLMAN,
## STERBCOW & ABRAMSON

601 Poydras Street, Suite 2615│New Orleans, LA 70130-6030
(504)262-8333 Direct │ (504)588-1514 Fax
Email: rlumpkin@lksalaw.com │ www.lksalaw.com

---

**From:** Darryl Robertson [mailto:ddrobertson@pncpa.com]
**Sent:** Wednesday, September 16, 2015 8:29 AM
**To:** Robert Lumpkin
**Subject:** The Finish Line, Inc. - 100049935

Robert,

Per our phone conversation on yesterday, thank you for taking the time to speak with me in regards to The Finish Line, Inc. ( 100049935).  In order to continue the accounting review, please provide the following information:

1. As previously stated on 5/9/2013, the claimant stated that the intention is to file for 13 locations. Therefore, please identify & provide full monthly profit and loss statements (2007-2011) for the following locations:
   a. Claim 30568: Store 198 Panama City Mall  (Panama City, FL)
   b. Claim 30573: Store 419 Countryside Mall ( Clearwater FL)
   c. Claim 30255: Store 572 Eastern Shores Mall (Spanish Fort, AL)

2

**B&G-000376**

      d.   Claim 30257: Store 0611 Oakwood Mall (Gretna, LA)
      e.   Claim 30259: Store 0679 Colonial Bel Air Mall (Mobile, AL)
      f.   Claim 30262: Store 0715 Mall at Cortana (Baton Rouge, LA)
      g.   Claim 30513: Store 0737 Southland Mall (Houma, LA)
      h.   Claim 30576: Store 0856 Sarasota Mall (Sarasota FL)
           -   Please note the claimant is on a fiscal year therefore,  to fulfill the request, Period 11-12 of FY 2006 will be needed if the claimant choose to use 2007.

2.  The claimant provided additional profit and loss statements for the following locations:
      a.   University Mall
      b.   Tallahassee Mall
      c.   Madison Square Mall (Store 0565)
      d.   Metrocenter Mall (Store 0593)
  -  What is the purpose of these locations? Is it the intentions to file for these additional location's? If so, please provide the following :
      o   Purple form for each location
      o   Monthly profit and loss statements (2007-2011)
          ■  Madison Square

3.  Are there more locations that are located within the Gulf Coast Region? If so, how many?

4.  Please provide the Sales and Use tax for the Alabama and Florida Stores for all years 2007-2011.

5.  Please provide the full address for each location that the claimant is filling for.

6.  Please confirm that the headquarters address is 3308 N. Mittheoffer Rd. Indianapolis IN 46235.

7.  Please provide an organizational chart identifying of the company.
      a.   Which entity does the locations provide fall under? Please see below as a reference



THE FINISH LINE, INC. AND SUBSIDIARIES

| Consolidated Schedules 1120 Page 1 | THE FINISH LINE, INC. 35-1537210 | THE FINISH LINE USA, INC. 20-1341284 | FINISH LINE TRANSPORTATION CO. INC. 04-3678441 | THE FINISH LINE DISTRIBUTION, INC. 20-1341240 |
|---|---|---|---|---|
| 1a  Gross receipts or sales | 1,339,307,235. | 835,872,425. | | 861,347,425. |
| 1b  Less returns & allowances | 110,304,598. | | | |
| 1c  Balance | 1,229,002,337. | 835,872,425. | | 861,347,425. |
| 2   Cost of goods sold | | | | |

You can respond directly to this email with the requested documentation. Should you have any questions, please let me know

Cheers,

*Darryl D. Robertson*

Senior Financial Analyst
935 Gravier, New Orleans, LA 70112
ddrobertson@pncpa.com



B&G-000377

SecureMail.pncpa.com made the following annotations
-------------------------------------------------------------------

The information contained herein is intended for information purposes only. It is provided with the understanding that it should not be used as a substitute for consultation with professional accounting, tax, legal or other competent advisors. You should seek advice directly from a qualified professional before making any decisions or taking any action that might affect your personal finances or your business. No part of this communication is intended or may be used for the purpose of avoiding penalties, which may be imposed under the Internal Revenue Code, or by other parties for promoting or marketing of tax related matters.

The information transmitted, including any attachments, is intended to be received and read only by certain individuals. It may contain confidential information that is protected from disclosure by law. If you suspect that you have received this information in error, please notify me immediately by replying to this email and then delete this message and your reply. If you are not the intended recipient, any use, dissemination, forwarding, copying, or printing of this email without the consent of the originator is strictly prohibited.
-------------------------------------------------------------------

4

**B&G-000378**

| | |
|---|---|
| **From:** | jrussell@dhecc.com |
| **Sent:** | Thursday, November 19, 2015 11:18 AM |
| **To:** | jibert@lksalaw.com; rlumpkin@lksalaw.com |
| **Cc:** | itaylor@lksalaw.com |
| **Subject:** | RE: Relation Back Outreach 3 - The Finish Line, Inc - 100049935 |

Jessica,

I have received confirmation that if the claimant has an HQ that is OEZ, then the claimant cannot file a consolidated claim.

Thank you,
Jason

**From:** Jason Russell
**Sent:** Friday, November 13, 2015 9:18 AM
**To:** 'Jessica Ibert'; Robert Lumpkin
**Cc:** Ian Taylor
**Subject:** RE: Relation Back Outreach 3 - The Finish Line, Inc - 100049935

My apologies for the confusion, Jessica. I sent out this outreach before realizing the pending question we had regarding whether this claimant can file consolidated since the HQ is outside the GCA and separate P&Ls were maintained. I have followed up with the review team on this yesterday, so I should hopefully have confirmation soon.

**From:** Jessica Ibert [mailto:jibert@lksalaw.com]
**Sent:** Thursday, November 12, 2015 10:47 AM
**To:** Jason Russell; Robert Lumpkin
**Cc:** Ian Taylor
**Subject:** RE: Relation Back Outreach 3 - The Finish Line, Inc - 100049935

Jason,

I'm confused by this email. I thought we discussed with you and the CA accountants that we were filing on a facility basis because you advised that we were precluded from adding additional facilities to the claim? I was waiting on you to answer whether the Claimant would be able to file on a consolidated basis upon reconsideration if the Claimant chose to do so. The issue we were dealing with and waiting on an answer from you was whether the Claimant is even eligible to file on a consolidated basis because the Claimant's headquarters is located in Indianapolis.

At this stage, however, the claimant was proceeding with the claim on a facility by facility basis and was instructed that they could not add new facilities to the claim because these facilities were not filed with the CA before the June 8th deadline.

Let me know if it would be easier to discuss this over the phone. At this stage, this claim needs to be reviewed on a facility basis and not as a consolidated multi-facility.

Thanks,

**Jessica L. Ibert**
ATTORNEY

1

**B&G-000400**

# LEWIS, KULLMAN, STERBCOW & ABRAMSON

601 Poydras Street, Suite 2615 | New Orleans, LA 70130-6030
(504)262-8345 Direct | (504)588-1500 Main | (504)588-1514 Fax
Email: jibert@lksalaw.com | www.lksalaw.com

---

**From:** Jason Russell [mailto:jrussell@dhecc.com]
**Sent:** Thursday, November 12, 2015 9:38 AM
**To:** Robert Lumpkin
**Cc:** Ian Taylor; Jessica Ibert
**Subject:** Relation Back Outreach 3 - The Finish Line, Inc - 100049935

Good Morning,

The Finish Line, Inc. (CID: 100049935) indicated on its Claim Form that it is a Multi-Facility Business requesting Consolidated treatment for all Facilities in the Gulf Coast Areas; however, our review of the claim suggests that not all of the claimant's addresses in the Gulf Coast Areas are included on the Claim Form. The DWH Program requires that Question 7 on the Claim Form include the physical address of each Claiming Facility of the business. For Multi-Facility Businesses electing consolidated treatment, the claimant must provide the physical addresses of all the business's Facilities located in the Gulf Coast Areas. The DWH Database Application then creates a Claim ID to correspond to each Claiming Facility, which allows the Program to properly track these Facilities and to ensure that all facilities included in the Consolidated claim are located in the Gulf Coast Area. It also ensures that all eligible Facilities are designated as such, so that any IEL claims from employees of those Facilities are recognized as having satisfied Causation through their Eligible Employer.

We have opened up the Business Economic Loss Claim Form for you to provide the physical address(es) of additional Facilities of your business located in the Gulf Coast Areas. Please add the address(es) requested on or before close of business on Friday, December 11, 2015. While you will have additional opportunity to add the address(es) in the future, submission on or before December 11, 2015 will allow for the more expedient processing of these claims.

To add additional Claiming Facilities, you must edit the current Claim Form and click the Add New button in Question 7 to add each additional location. You are not required to complete an additional Claim Form for each location; however, you must click the Create Electronic Signature button for the claim that corresponds to each location to submit it through the Portal.

Thank you,
Jason



**Jason Russell**
**Deepwater Horizon Claims Center**
jrussell@dhecc.com
Telephone: (804) 214-2839 Ext. 5416
www.deepwaterhorizoneconomicsettlement.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

2

**B&G-000401**

## STANLEY, REUTER, ROSS
## THORNTON & ALFORD, LLC

RICHARD C. STANLEY

909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069

OUR FILE NO.
60-976

March 21, 2018

<u>**VIA EMAIL AND U.S. MAIL**</u>

Courtney Curtis-Ives, Esq.
Kaufman Dolowich & Voluck, LLP
11755 Wilshire Blvd., Ste 2400
Los Angeles, CA 70025
(310) 775-6511
ccurtis@kdvlaw.com

Paul M. Sterbcow
Jessica L. Ibert
2615 Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130
(504) 588-150
jibert@lksalaw.com
sterbcow@lksalaw.com

Re:    *The Finish Line v. Patel, et al,*
       <u>**Civil District Court for the Parish of Orleans, No 17-11080**</u>

Dear Counsel:

Our client, the Claims Administrator of the Deepwater Horizon Economic Claims Center has been approached by each of you regarding your desire to obtain information from the Claims Center or its representatives in connection with the above-referenced matter. Though it is under no obligation to do so, and solely as a means of assisting you in expeditiously resolving issues between you, the Claims Administrator's Office has offered to provide written responses to written questions submitted jointly by the parties, reasonable in number and scope, provided that you obtain the written consent of the Claimant, The Finish Line, Inc. Should you choose to proceed in this fashion, the Claims Administrator will use its best efforts to provide answers within 15 days of receipt of the questions, with the understanding that the parties are not waiving any rights to pursue other formal discovery at a later date and the understanding that the Claims Administrator may refuse to answer any questions it deems unduly burdensome or inappropriate and otherwise reserves all of its rights.

Should the parties be unable to agree on this procedure, the parties of course are free to pursue formal discovery through alternative means. However, any such effort must comply fully with the federal district court's confidentiality order (Rec. Doc. No. 6822), which is attached and enclosed for your reference, and other applicable law.



EXHIBIT

tabbies

H

STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC

March 21, 2018
Page 2

With kind regards, I am

Sincerely,

Richard C. Stanley

RCS/jsj
Enclosure

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010** | * * * * | **MDL No. 2179** |
| | * | **Section: J** |
| **This filing relates to:** *All Cases* | * * | **District Judge Carl J. Barbier** |
| (Including Civil Action No. 12-970) | * * * | **Magistrate Judge Sally Shushan** |

------------------------------------------------------------

## ORDER

**[Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement]**

CONSIDERING the request by Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator") for entry of an Order in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages Settlement Agreement and Paragraph 37 of the May 2, 2012 Preliminary Approval Order (Rec. Doc. 6418), and being fully apprised:

**IT IS HEREBY ORDERED:**

1. ***Defined Terms.*** All undefined terms used in this Order shall have the same meanings given to such terms in the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012) ("Settlement Agreement").

2. ***Claims Information.*** Pursuant to Paragraph 18 of the Court's March 8, 2012 First Amended Order Creating Transition Process (Rec. doc. 5995) and Paragraph 3 of the Court's May 22, 2012 Order Regarding Settlement Implementation (Rec. doc. 6573), all claim files and claims-related materials and data submitted to the Gulf Coast Claims Facility (the "GCCF") and in the Transition Process have been transferred to the Claims Administrator. Paragraph 4 of the Order Regarding Settlement Implementation directs that all such Claims

Information is deemed "confidential" under Pre-Trial Order No. 13 (Rec. doc. 641). In addition, the Claims Administrator will receive and will generate claim files and claims-related materials and data relating to claims submitted to the Claims Administrator under the Economic and Property Damages Settlement Agreement that contain personal identifying information and other private information regarding claimants that warrant protection from disclosure.

This Order refers to all such GCCF, Transition Process and Economic and Property Damages Settlement Agreement claim files and claims-related materials and data collectively as "Claims Information."

3.      *The Purpose of this Order.*  This Order defines the terms on which third parties may obtain access to Claims Information and the proper use of such information by any recipients of Claims Information, and modifies, amends and supercedes Pre-Trial Order No. 13 with respect to Claims Information.

4.      *Confidentiality of Claims Information.*  All Claims Information shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court.

5.      *Access by the Court.*  The Court and any special masters appointed by the Court, and the direct staff of the foregoing, shall have access to all Claims Information.

6.      *Access by Class Counsel and the BP Parties.*  Class Counsel and the BP Parties shall have access to Claims Information as provided in the Settlement Agreement and any Order of this Court (including previously entered Orders in connection with the Settlement Agreement).

7.      *Access by the Claims Administrator.*  The Claims Administrator shall have access to all Claims Information and has discretion to make use of Claims Information as the Claims Administrator deems necessary for the performance of his duties under the Settlement Agreement, including the provision of Claims Information to the Claims Administrator's staff and to Claims Administration Vendors, the Directed Trustee, the Lead Paying Agent, the Gulf Region Bank, the Appeal Panelists and other persons and entities engaged by the Claims Administrator to aid in the implementation of the Settlement Agreement.

8.      *Access by a Claimant and Provision of Claims Information to Recipients Authorized by the Claimant.*  A claimant (and any person expressly authorized by the claimant in writing substantially in the form of Appendix A to this Order) shall have access to the Claims Information regarding the claimant's claims in the Economic and Property Damages Settlement Program at such time and in such manner as granted at the discretion of the Claims Administrator as provided in the Settlement Agreement and any Order of this Court.

9.      *Provision of Claims Information to the National Pollution Funds Center.*  The Claims Administrator has the discretion and is permitted to provide, upon request and without the necessity of subpoena or other legal process, individual Claims Information to the National Pollution Funds Center, the Coast Guard office responsible for evaluating and approving claims

2

under the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.*, with respect to a claimant who has submitted a claim to the National Pollution Funds Center, in connection with the exercise of its responsibilities under that statute.

10.     *Provision of Claims Information to the Department of Justice and Other Law Enforcement or Officials.*  The Claims Administrator in his discretion is permitted to provide, for a legitimate law enforcement purpose, upon request and without the necessity of subpoena or other legal process, Claims Information to the United States Department of Justice and other federal, state or local law enforcement agencies or officials, and their agents and representatives, in connection with the exercise of their fraud investigation or prosecution functions.

11.     *Provision of Claims Information in Response to Subpoenae or Other Legal Process.*  The Claims Administrator has the discretion and is permitted to provide Claims Information in response to subpoenae or other legal process received by the Claims Administrator requiring the production of Claims Information ("Legal Process").  Upon receipt of such subpoena or other legal process, the Claims Administrator shall provide notice to the claimant (and/or the claimant's attorney, if represented), and such claimant will be provided at least seven days from receipt of such notice in which to object.  If a claimant timely objects: (1) the claimant shall take any steps necessary to obtain final resolution of the objection, and the Claims Administrator shall not produce such information until notified of a final resolution of the objection; and (2) the Claims Administrator shall not be responsible for any proceedings relating to the objection.  This Court has continuing and exclusive jurisdiction over any proceedings regarding the validity, enforceability, scope, compliance and other issues regarding any Legal Process.  As required in the Claims Administrator's discretion, the requesting party shall be responsible for reimbursing the Claims Administrator for the reasonable costs of responding to Legal Process, including time spent in responding to the request, researching and producing the information and any testimony required.

12.     *Transfer of Claims Information to the Claims Administrator for the Medical Benefits Class Action Settlement.*  The Claims Administrator is permitted to transfer in a secure manner to the Claims Administrator for the Medical Benefits Class Action Settlement under the Medical Benefits Class Action Settlement Agreement (as amended on May 1, 2012) ("Medical Benefits Settlement Agreement") a copy of the Claims Information in his possession relating to personal or bodily injury claims by claimants who were not on the *Deepwater Horizon* on April 20, 2010, and who submitted claims for personal or bodily injury to the GCCF and/or to the Transition Process.  After transfer to the Medical Benefits Claims Administrator, any such files or materials in the custody of the Medical Benefits Claims Administrator shall no longer be deemed to be Claims Information under this Order, but shall remain subject to the confidentiality provisions in the Medical Benefits Settlement Agreement and any Orders applicable to such Agreement.  The Medical Benefits Claims Administrator shall:  (a) treat all such transferred Claims Information as confidential, consistent with sections VI.E, VII.E, and VIII.D of the Medical Benefits Settlement Agreement; (b) limit its use of such transferred Claims Information to the extent necessary for the administration of the Medical Benefits Settlement Agreement according to its terms, including processing claims for benefits and the determination of the fact and amounts of any liens, claims, or rights of subrogation, indemnity, reimbursement,

3

conditional or other payments, or interests of any type; and (c) issue a report to the Court after the transfer of the copy of such Claims Information is complete.

13.    *Use of Claims Information.*   All persons receiving any Claims Information pursuant to this Order ("Authorized Recipients") shall use such information only for the purpose for which the Authorized Recipient was permitted to receive the Claims Information.   Each Authorized Recipient may disclose the Claims Information to such other persons as is reasonably necessary for the implementation of such purpose, including experts, consultants, counsel, and other advisors, and the direct staff of any of the foregoing.   All such persons shall take such steps as are necessary to preserve the confidentiality of Claims Information and shall use such Claims Information solely for the purpose for which the person was permitted to receive it.

14.    *Certifications Required of Certain Recipients of Claims Information.*  Before disclosing Claims Information pursuant to Paragraphs 7, 9, 10 or 11 of this Order, the Claims Administrator shall require the potential recipient to execute and submit to the Claims Administrator a signed Certification substantially in the form of Appendix B to this Order in which the recipient agrees to be bound by this Order, to submit to the jurisdiction of this Court for purposes of enforcing this Order, and to use the Claims Information only for the purpose for which the recipient was permitted access to such information and to keep the Claims Information confidential and not disclose it to any party not necessary for the performance of such authorized purpose or as required by law.  The Claims Administrator shall have no obligation to disclose any Claims Information to any potential recipient until such recipient has submitted an executed Certification. An agency or other entity may provide one Certification applicable to all instances in which the agency or entity would be permitted access to Claims Information under this Order. The Claims Administrator has the discretion to make arrangements with a requesting party in the alternative to the Certification as the Claims Administrator deems necessary and efficient to secure the protection of the confidentiality of Claims Information.  The Claims Administrator shall maintain a log of all recipients who have executed a Certification or made alternative arrangements and shall make that log available for inspection to the Court, Class Counsel and counsel for the BP Parties upon request.

15.    *General and Statistical Information.*  General and statistical information regarding claimants and claims under the Economic and Property Damages Settlement that does not reveal the identity of any particular claimant shall not be considered to be Claims Information subject to this Order.

16.    *Method of Access.*  The Claims Administrator has the discretion to determine the method by which to provide Claims Information to Authorized Recipients under the terms of this Order.

17.    *Responses to Legal Proceedings.*  Nothing in this Order shall prohibit or restrict the ability of the Claims Administrator to use Claims Information to respond to any suit or other legal proceeding initiated by a claimant or as necessary to enforce the terms of the Settlement Agreement or any Order of the Court as to a claimant or group of claimants.

4

18.   *Exclusive Retained Jurisdiction.*   This Court retains continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order.

New Orleans, Louisiana, this 29th day of June, 2012.

**Honorable Carl J. Barbier**
**United States District Court Judge**

APPENDIX A

## AUTHORIZATION FOR RELEASE OF CLAIMS INFORMATION

### A. Claimant

| **Name:** | Last Name | First Name | Middle Initial |
|---|---|---|---|

| **Name of Business**(If Claimant is a Business) **:** | Full Name of Business |
|---|---|

| **Deepwater Horizon Settlement Program Claimant Number:** |
|---|

### B. Authorized Recipient

| **Name:** | Last Name | First Name | Middle Initial |
|---|---|---|---|

| **Organization:** | Full Name of Organization | | |
|---|---|---|---|
| | Street | | Apt/Suite/Unit |
| | City | State | Zip Code |
| | Telephone | Email | |

### C. Signature

I authorize the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement to release to the Authorized Recipient named above all information and documents regarding any claim I have submitted to the Claims Administrator or that I previously submitted to the Gulf Coast Claims Facility or the Transition Process.   My consent to release of my claims information and documents shall continue to be in force and effect unless and until I notify the Claims Administrator in writing that I revoke this authorization.

| **Signature:** | |
|---|---|
| **Name of Person Signing** | Last Name    First Name    Middle Initial |
| **Title** (If Claimant is a Business) | |
| **Representative Capacity** (If Claimant is Deceased, a Minor, or Legally Incapacitated)**:** | |
| **Date:** | _____/_____/_____<br>(Month/Day/Year) |

APPENDIX B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  **Oil Spill by the Oil Rig "Deepwater** | * | **MDL No. 2179** |
| **Horizon" in the Gulf of Mexico,** | * | |
| **On April 20, 2010** | * | **Section: J** |
| | * | |
| **This filing relates to:** *All Cases* | * | **Honorable Carl J. Barbier** |
| | * | |
| (Including Civil Action No. 12-970) | * | **Magistrate Judge Shushan** |

**CERTIFICATION REGARDING CONFIDENTIALITY OF CLAIMS INFORMATION**

I hereby certify as follows:

1.  I have read the Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Confidentiality Order") entered by this Court in the above-captioned action.

2.  I understand the terms of the Confidentiality Order.

3.  I agree to be bound by the Confidentiality Order.

4.  I agree to submit to the jurisdiction of this Court for purposes of enforcing the Confidentiality Order.

5.  I agree to use any Claims Information provided to me by the Claims Administrator solely for the purpose for which I was permitted access to such information and to keep the Claims Information confidential and not disclose it to any party not necessary for the performance of such authorized purpose or as required by law.

6.  Before I disclose Claims Information to any member of my staff or any expert, consultant or other advisor, I shall provide such person with a copy of the Confidentiality Order and shall take such steps as are necessary to secure compliance by such person with the Confidentiality Order.

| Signature | | Date | ____/____/____ (Month/Day/Year) |
|---|---|---|---|
| **Name** | Last Name | First Name | Middle Initial |
| **Organization** | | | |

LEWIS, KULLMAN, STERBCOW & ABRAMSON, LLC
ATTORNEYS AT LAW

PAUL M. STERBCOW
DAVID A. ABRAMSON
IAN F. TAYLOR
JESSICA L. IBERT

2615 PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130-6030
TELEPHONE (504) 588-1500
FACSIMILE (504) 588-1514
www.lksalaw.com

HARVEY J. LEWIS
LAWRENCE S. KULLMAN
OF COUNSEL

Writer's Direct Dial
(504) 588-9722

March 21, 2018

Sterbcow@lksalaw.com

**VIA EMAIL AND U.S. MAIL**
Richard C. Stanley
Stanley, Reuter, Ross, Thornton & Alford
909 Poydras Street, Suite 2500
New Orleans, LA  70112

Re:     *The Finish Line v. Jayesh Patel, et al*
        Civil District Court, Parish of Orleans, Docket No. 17-11080

Dear Rick:

Thank you for your letter of March 21, 2018.  Lewis, Kullman, Sterbcow & Abramson, LLC and Jessica Ibert accept the claims administrator's offer to allow us to submit written questions in the captioned matter.  Please inform us in writing if/when you hear from the Patel defendants.

Thank you for providing us with a reasonable alternative to the subpoenas served on our firm and Ms. Ibert.

Sincerely,



Paul M. Sterbcow

PMS/jh

cc:     Courtney Curtis-Ives, Esq. (via U.S. Mail and email to ccurtis@kdvlaw.com)
        Kaufman Dolowich & Voluck, LLP
        11755 Wilshire Blvd., Suite 2400
        Los Angeles, CA 70025

        Jessica L. Ibert (via email)

EXHIBIT
I

SUBP-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andrew J. Waxler 113682/Courtney Curtis-Ives 245231<br>Kaufman Dolowich & Voluck, LLP<br>11755 Wilshire Blvd., Suite 2400<br>Los Angeles, CA 90025<br>TELEPHONE NO.: (310) 775-6511   FAX NO.: (310) 575-9720<br>E-MAIL ADDRESS: awaxler@kdvlaw.com/ccurtis@kdvlaw.com<br>ATTORNEY FOR *(Name):* Defs. Jayesh Patel and Pumilia & Adamec LLP | BC633988 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: The Finish Line, Inc.

DEFENDANT/RESPONDENT: Jayesh Patel, et al.

| DEPOSITION SUBPOENA<br>FOR PRODUCTION OF BUSINESS RECORDS | CASE NUMBER:<br>BC633988 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Custodian of Records for Deepwater Horizon Economic and Property
Damages Settlement Program, 250 Rocketts Way, Richmond, VA 23231

1. **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS** described in item 3, as follows:

| To *(name of deposition officer):* Ace Legal Attorney Service |
|---|
| On *(date):* 10/16/2017                          At *(time):* 10:00 a.m. |
| Location *(address):* 811 Wilshire Blvd, Los Angeles, CA 90017 |
| **Do not release the requested records to the deposition officer prior to the date and time stated above.** |

a. [X] by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

b. [ ] by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

c. [ ] by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2. The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.

3. The records to be produced are described as follows *(if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*
See attachment.

[X] Continued on Attachment 3.

4. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: 9/26/2017

Courtney Curtis-Ives
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Defendants
(TITLE)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-010 [Rev. January 1, 2012]   CEB | Essential Forms   ceb.com   **DEPOSITION SUBPOENA FOR PRODUCTION
OF BUSINESS RECORDS**   Code of Civil P

EXHIBIT
J

SUBP-010

| PLAINTIFF/PETITIONER: The Finish Line, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Jayesh Patel;<br>Pumilia & Adamec LLP f/k/a Pumilia Patel & Ademec LLP | BC633988 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR
## PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*: Dustin Davis of BrownGreer PLC

   b. Address where served: via email, by agreement, ddavis@browngreer.com

   c. Date of delivery: 9/26/2017

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
         Amount:........................... $ _____

      (2) ☐ Copying fees were paid.
         Amount:........................... $ _____

   f. Fee for service:........................... $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
   a. ☒ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

| I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | (For California sheriff or marshal use only)<br>I certify that the foregoing is true and correct. |
|---|---|
| Date: 9/26/2017 | Date: |
| ► Courtney Curtis-Ives | ► |
| (SIGNATURE) | (SIGNATURE) |

**ATTACHMENT "3"**
**TO DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**
*The Finish Line, Inc. v. Jayesh Patel, et al.,*
Los Angeles Superior Court, Case No. BC633988

**DEFINITIONS**

Words in CAPITALS in the following Requests for Production of Business Records are defined as follows:

DOCUMENTS means a writing as defined in California Evidence Code section 250 (a "handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored").

FINISH LINE means The Finish Line, Inc. (Claimant ID 100049935).

YOU and YOUR means the Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Program, including the Claims Center, and its employees, attorneys, agents, claims analysts, representatives, appeal panel, or any other person or entity purporting to act on its behalf.

**REQUESTS FOR PRODUCTION OF BUSINESS RECORDS**

1. All DOCUMENTS and communications that YOU sent or provided to the law firm of Lewis, Kullman, Sterbcow & Abramson, in connection with FINISH LINE's Deepwater Horizon claims for economic and/or property loss.

2. All DOCUMENTS and communications that YOU sent or provided to the law firm of Hoover Hull Turner LLP, in connection with FINISH LINE's Deepwater Horizon claims for economic and/or property loss.

3. All DOCUMENTS and communications that YOU received from the law firm of Lewis, Kullman, Sterbcow & Abramson, in connection with FINISH LINE's Deepwater Horizon claims for economic and/or property loss.

4. All DOCUMENTS and communications that YOU received from the law firm of Hoover Hull Turner LLP, in connection with FINISH LINE's Deepwater Horizon claims for economic and/or property loss.

5. All communications to and from YOU and Jessica Ibert of Lewis, Kullman, Sterbcow & Abramson, with regard to FINISH LINE.

**ATTACHMENT "3"**
**TO DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**
*The Finish Line, Inc. v. Jayesh Patel, et al.,*
Los Angeles Superior Court, Case No. BC633988

6.     All communications to and from Robert Lumpkin of Lewis, Kullman, Sterbcow & Abramson, with regard to FINISH LINE.

7.     All communications to and from Darryl D. Robertson, with regard to FINISH LINE.

8.     All communications to and from Jason Russell, with regard to FINISH LINE.

9.     All internal notes and/or memoranda reflecting or referring to YOUR telephone conversations and/or other communications with anyone from the law firm of Lewis, Kullman, Sterbcow & Abramson, with regard to FINISH LINE.

10.     All internal notes and/or memoranda reflecting or referring to YOUR telephone conversations and/or other communications with anyone from the law firm of Hoover Hull Turner LLP, with regard to FINISH LINE.

11.     All internal policies, procedures, guidelines, manuals, or the like, that evidence, reflect, or refer to how a claimant with the Deepwater Horizon Economic and Property Damages Settlement Program can qualify as a "Multi-Facility Business," and/or elect to file "consolidated" claims.

12.     All internal policies, procedures, guidelines, manuals, or the like, that evidence, reflect, or refer to how a claimant with the Deepwater Horizon Economic and Property Damages Settlement Program qualifies for the "Tourism" definition, in order to obtain the enhanced RTP multiplier, including all factors YOU take into consideration when making such a determination.