FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

2018 APR -3 P 4:08

STATE OF LOUISIANA

CIVIL DISTRICT COURT

NO. 17-11080   "E-16"

THE FINISH LINE

vs.

JAYESH PATEL, ET AL

FILED_____   _____
                                         DEPUTY CLERK

## MOTION TO INTERVENE AND ENFORCE SUBPOENAS

**NOW COMES INTO COURT**, intervening parties of interest Ryan, LLC, Kevin Prins, and Jon Sweet, by and through counsel, Koeppel Clark Turner, who move pursuant to Article 1091 of the Louisiana Code of Civil Procedure, and respectfully request that this Court permit intervention, allow intervenors to unite with defendants, and grant Pumilia & Adamee, LLP's ("Pumilia") and Jayesh Patel's ("Patel") Motion to Compel Jessica Ibert ("Ibert") and Lewis, Kullman, Sterbcow & Abramson, LLC ("Lewis Kullman") to fully comply with two subpoenas served upon them by requiring Lewis Kullman to produce responsive documents and for Ibert to appear for a deposition.

Respectfully Submitted:

**KOEPPEL CLARK TURNER**

_____
PETER S. KOEPPEL (#1465)
psk@koeppelllc.com
W. SCARTH CLARK (#22993)
sclark@koeppelllc.com
DONESIA D. TURNER (#23338)
dturner@koeppelllc.com
REBECCA E. DUGGAN (#33106)
rduggan@koeppelllc.com
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024

*Counsel for Intervenors*
*Ryan LLC, Kevin Prins and Jon Sweet*



FILED
APR -3 P 4:08
CIVIL
DISTRICT COURT

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that I have on the 3rd day of April, 2018, served the foregoing pleading on all counsel of record herein, by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid and/or via hand delivery and/or via facsimile transmission and/or via electronic transmission.

Steven C. Glickman, Esq.
scg@glickmanlaw.com
GLICKMAN & GLICKMAN
9460 Wilshire Blvd., Ste 330
Beverly Hills, CA 90212-2732

Andrew W. Hull, Esq.
awhull@hooverhullturner.com
Susanne Johnson, Esq.
sjohnson@hooverhullturner.com
Hoover Hull Turner, LLP
111 Monument Circle, Ste. 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
*Counsel for Plaintiffs*

Andrew J. Baer
abaer@deutschkerrigan.com
Nancy G. Marshall
nmarshall@deutschkerrigan.com
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, Louisiana 70130
*Counsel for defendants, Jayesh Patel and Pumilia & Adamee, LLP*

Jessica Ibert, Esq.
jibert@lksalaw.com
Lewis, Kullman, Sterbeow & Abramson, LLC
601 Poydras Street, Ste. 2615
New Orleans, Louisiana 70130

Lewis, Kullman, Sterbeow & Abramson, LLC
601 Poydras Street, Ste. 2615
New Orleans, Louisiana 70130

_____
W. SCARTH CLARK

FILED

2018 APR -3 P 4:09

CIVIL
~~DISTRICT COURT~~

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-11080                                                                                           "E-16"

THE FINISH LINE

vs.

JAYESH PATEL, ET AL

FILED _____          _____
                                                                                  DEPUTY CLERK

## MOTION AND INCORPORATED MEMORANDUM FOR EXPEDITED HEARING ON INTERVENORS' MOTION TO INTERVENE

NOW INTO COURT, by and through counsel, Koeppel Clark Turner, respectfully moves this Honorable Court to set an expedited hearing date for Motion to Intervene so that it may coincide with Defendants' pending Motion to Compel. Intervenors seek to unite with Defendants in the relief sought requiring Lewis, Kullman, Sterbcow & Abramson, LLC to fully comply with subpoenas served upon them and for Jessica Ibert to appear for a deposition. Therefore, it is respectfully requested that this Court hold a hearing with oral argument for intervenors' Motion to Intervene for April 13, 2018 at 9:00 am, or any day thereafter as soon as the Court's calendar permits.

Louisiana District Courts is Rule 9.8, deals with expedited exceptions and motions. It states in pertinent part:

> (c) *Time between filing and hearing.* --In cases other than juvenile and family law proceedings, no hearing on an exception or motion will be scheduled until at least fifteen calendar days after filing. **A party seeking to have an exception or motion heard less than fifteen days after filing shall show good cause and shall state in the exception or motion the reasons why an expedited hearing is necessary.** (Emphasis added)

Intervenors seek to unite with Defendants pursuant to LSA-C.C.P. Art. 1091(2) on their pending Motion to Compel because the same relief is sought, namely the deposition of Jessica Ibert, in a concurrently pending case in State of Indiana, County of Marion, captioned Case No.

49D01-1606-PL-21894 being prosecuted by Finish Line, Inc. against Ryan Law LLP, and the intervening parties. The hearing on Defendants' Motion to Compel the deposition of Ibert is already set for April 13, 2018 at 9:00 am. As such, intervenors request their hearing be set to coincide with the hearing on Defendants' Motion to Compel for which they are seeking to align pursuant to LSA-C.C.P. Art. 1091(2) in the interest of efficiency, judicial economy, and so that intervenors may protect their rights as they relate to the Indiana proceedings. For these reasons, intervenors respectfully avers there is good cause for granting an expedited hearing.

**WHEREFORE**, Intervenors pray that this Court set a hearing for oral argument on the Motion to Intervene on Defendants' Motion to Compel on April 13, 2018 at 9:00 am to coincide with the hearing on same already scheduled, or any day thereafter as soon as the Court's calendar permits.

Respectfully Submitted:

**KOEPPEL CLARK TURNER**

*/s/*

**PETER S. KOEPPEL (#1465)**
psk@koeppelllc.com
**W. SCARTH CLARK (#22993)**
sclark@koeppelllc.com
**DONESIA D. TURNER (#23338)**
dturner@koeppelllc.com
**REBECCA E. DUGGAN (#33106)**
rduggan@koeppelllc.com
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024

*Counsel for Intervenors*
*Ryan LLC, Kevin Prins and Jon Sweet*

2

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that I have on the ___3rd___ day of April, 2018, served the foregoing pleading on all counsel of record herein, by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid and/or via hand delivery and/or via facsimile transmission and/or via electronic transmission.

Steven C. Glickman, Esq.
scg@glickmanlaw.com
GLICKMAN & GLICKMAN
9460 Wilshire Blvd., Ste 330
Beverly Hills, CA 90212-2732

Andrew W. Hull, Esq.
awhull@hooverhullturner.com
Susanne Johnson, Esq.
sjohnson@hooverhullturner.com
Hoover Hull Turner, LLP
111 Monument Circle, Ste. 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
*Counsel for Plaintiffs*

Andrew J. Baer
abaer@deutschkerrigan.com
Nancy G. Marshall
nmarshall@deutschkerrigan.com
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, Louisiana 70130
*Counsel for defendants, Jayesh Patel and Pumilia & Adamee, LLP*

Jessica Ibert, Esq.
jibert@lksalaw.com
Lewis, Kullman, Sterbeow & Abramson, LLC
601 Poydras Street, Ste. 2615
New Orleans, Louisiana 70130

Lewis, Kullman, Sterbeow & Abramson, LLC
601 Poydras Street, Ste. 2615
New Orleans, Louisiana 70130

**W. SCARTH CLARK**

3

FILED

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 17-11080                                                                                                   "E-16"

### THE FINISH LINE

vs.

### JAYESH PATEL, ET AL

FILED _____           _____
                                                                                    DEPUTY CLERK

### MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND ENFORCE SUBPOENAS

Intervening parties of interest Ryan LLC, Kevin Prins and Jon Sweet, (collectively "intervening parties" or "intervenors"), move pursuant to LSA-C.C.P. Art. 1091, by and through counsel, Koeppel Clark Turner, and respectfully request that this Court permit intervention, allow intervenors to unite with defendants, and grant Pumilia & Adamee, LLP's ("Pumilia") and Jayesh Patel's ("Patel") Motion to Compel Jessica Ibert ("Ibert") and Lewis, Kullman, Sterbcow & Abramson, LLC ("Lewis Kullman") to fully comply with two subpoenas served upon them by requiring Lewis Kullman to produce responsive documents and for Ibert to appear for a deposition. Pumilia and Patel do not seek privileged information. Also of import, Finish Line has no objection to Ibert's deposition, the entity that holds the confidentiality privilege thereby mooting any concerns regarding same.

### I.    FACTUAL BACKGROUND

This litigation relates to an Indiana proceeding Finish Line, Inc. ("Finish Line") is also prosecuting, which involves related parties and the same underlying nexus of facts. The instant legal malpractice claim is pending in the Superior Court of State of California, County of Los Angeles, captioned *The Finish Line, Inc. v. Jayesh Patel et al*, Case No. BC633988, against Pumilia and Patela arising out of the processing of Finish Line's, "Economic and Property Damage Claims" sustained from the Deepwater Horizon oil rig explosion ("Deepwater Horizon Incident"). Finish Line sued Pumilia and Patel, for purported failure to process and file claims during the Deepwater Horizon claims process. Lewis and Kullman were successor counsel to

Pumilia and Patel, during which they took over the handling of Finish Line's Deepwater Horizon Incident claims that is at the heart of this malpractice action. Pumilia and Patel purport that Lewis and Kullman failed to file the claims at issue even though they had multiple opportunities to do so thereby causing and/or increasing the damages of First Line and ultimately responsible for the foreclosing of additional claims being filed as falling outside the allotted time frame. Given the pertinent firsthand knowledge of Lewis and Kullman, Ibert has relevant, non-privileged personal knowledge regarding the time frames, deadline, claims at issue, and requisite public filings involved, which are needed to fully develop the claims and defenses in the case at bar.

In addition to the California proceeding, Finish Line also filed a Complaint in the State of Indiana, County of Marion, captioned Case No. 49D01-1606-PL-21894 against Ryan Law LLP, and the intervening parties. This case centers around Ryan LLC and Ryan Law's actions in pursuing opportunities in recovering claims for clients who had suffered business economic loss resulting from the Deepwater Horizon Incident. See Mot. To Amend Third Compl. attached hereto as Exhibit A). The pursuit of these opportunities (and the division of labor once a client was secured) was governed by an Engagement Letter dated September 14, 2014 between Ryan LLC and Ryan Law. In order to facilitate the process, Ryan Law and Ryan LLC, entered into an agreement with Patel (Subcontractor Agreement), upon being recommended by Prins, a Ryan, LLC employee. Pursuant to that business arrangement, Patel would perform certain services in return for a standard hourly rate. In August 2014, Finish Line entered into a formal retainer contract with Ryan Law. In late 2014, pursuant to the Engagement Letter, and Ryan LLC's corresponding duties, Prins did an independent analysis determining that approximately 11-13 stores met the financial criteria and were eligible to participate in the Deepwater Horizon claims process. Following his analysis, Prins provided the financial information to Patel at an in person meeting. In both the California and Indiana proceedings, Finish Line's essential argument is that the deadline to file new claims with Deepwater Horizon Claims Center expired In June 8, 2015 and that the Defendants "failed to timely file claim forms prior to the June 8, 2015 deadline."

2

The intervening parties have been involved in extensive discovery with Finish Line in the Indiana case, including interrogatories, document production, and depositions. On October 24, 2017, Finish Line moved to amend their Complaint to include additional counts relating to fraud, negligence, conspiracy and other malfeasance. *See Exhibit A.* To date, discovery is not complete as the Judge has ordered discovery reopen to allow the deposition of Ibert. The intervening parties believe the information sought from Ibert is the same for the California and Indiana proceedings and propose they be allowed to intervene and join Defendants Pumilia's and Patel's motion to compel the deposition of Jessica Ibert given the shared interest in her personal knowledge and the most expeditious manner.

## II.   LAW AND ARGUMENT

### A. Intervention is Proper

In Louisiana, intervention is allowed pursuant to LSA-C.C.P. Art. 1091, which states in pertinent part "A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more parties thereto by: (1) joining with plaintiff in demanding the same or similar relief against defendant; (2) uniting with defendant in resisting plaintiff's demand; or (3) opposing both plaintiff and defendant. A two-fold requirement exists for a third person to intervene. "The intervenor must have a *justiciable interest* in, and a *connexity* to, the principal action." *Leger v. Kent,* 2001-2241, 2001-2380, p. 3 (La.App. 4 Cir. 4/24/02), 817 So. 2d 305, 307-08.

A "justiciable right" as used in interpreting Article 1091, means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it. If that right does exist, then, in order to intervene it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. This connexity requirement is essential. *Amoco Production Co. v. Columbia Gas Transmission Corp.,* 455 So.2d 1260, 1264 (La.App. 4th Cir. 1984). Connexity requires the intervenor show that the outcome of the suit in which he or she seeks to intervene will have a *direct impact* on the intervenor's rights. *Leger,* 817 So.2d at 308. "A court has broad discretion in deciding whether

3

to allow an intervention after the answer to the principal demand has been filed." *Charia v. Allstate Ins. Co.,* 635 So.2d 370, 372 (La.App. 4th Cir.1994),

Here, all the requirements for intervention pursuant to LSA-C.C.P. Art. 1091 are met. The intervening parties wish to unite with the defendants, enforce the motion to compel, and secure the deposition of Ibert. Further, the intervening parties have a justiciable right in the outcome of Pumilia and Patela because the exact same relief is being sought in the concurrent Indiana litigation. Both the intervening parties and the Defendants in the instant case need the deposition of Ibert to defend and develop the claims and defenses being leveraged against them by First Line, respectively. By also suing the intervening parties in Indiana, Finish Line has put the very same parties, contracts, Deepwater Horizon Incident claims process, and governing deadlines at issue.

Furthermore, any deposition ordered here may have a direct impact on the Indiana case due to any testimony made in reference to the intervening parties and highly relevant evidence that may come to light involving the same facts and disputes in Indiana, thereby satisfying the connexity requirement that a direct impact on the intervenors' rights be at stake in the case at bar.

*Assuming arguendo* Finish Line is allowed to amend their complaint for a fourth time in the Indiana case to include new counts of fraud, conspiracy, aiding and abetting, etc., the personal knowledge of Jessica Ibert becomes even more relevant because more is at stake increasing the need to fully develop the claims and defenses of the intervening parties as defendants in that action.

### B. The Subpoenas Should be Enforced

The intervening parties need the deposition of Ibert to complete discovery and fully prepare in anticipation of trial. In the interest of all parties involved, submitting Ibert to one deposition, but allowing all parties be present to cross-examine, seems the most efficient, judicious, and amicable way to resolve the same concurrent discovery disputes. As a result, the intervenors adopt the arguments set forth in Defendants' pending Motion and Memorandum in Support of Motion to Compel for why the deposition of Ibert is necessary to fully investigate and resolve the California and Indiana proceedings being prosecuted by First Line against Defendants and the

4

intervening parties. The intervenors seek the same relief as Defendants, and as such, move to unite with Defendants pursuant to LSA-C.C.P. Art. 1091(2).

## III. CONCLUSION

The intervening parties have a justiciable right affected by Pumilia and Patel's motion to compel, which directly impacts their rights and affects the discovery in the Indiana proceeding satisfying the requirements set forth in LSA-C.C.P. Art. 1091. As a result, the intervening parties should be allowed to intervene and Defendants' motion to compel should be granted requiring Ibert to submit to a deposition, which intervenors shall participate in.

Respectfully Submitted:

**KOEPPEL CLARK TURNER**

_____
**PETER S. KOEPPEL (#1465)**
psk@koeppelllc.com
**W. SCARTH CLARK (#22993)**
sclark@koeppelllc.com
**DONESIA D. TURNER (#23338)**
dturner@koeppelllc.com
**REBECCA E. DUGGAN (#33106)**
rduggan@koeppelllc.com
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024

*Counsel for Intervenors*
*Ryan LLC, Kevin Prins and Jon Sweet*

5

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that I have on the ____3____ day of April, 2018, served the foregoing pleading on all counsel of record herein, by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid and/or via hand delivery and/or via facsimile transmission and/or via electronic transmission.

Steven C. Glickman, Esq.
*scg@glickmanlaw.com*
GLICKMAN & GLICKMAN
9460 Wilshire Blvd., Ste 330
Beverly Hills, CA 90212-2732

Andrew W. Hull, Esq.
*awhull@hooverhullturner.com*
Susanne Johnson, Esq.
*sjohnson@hooverhullturner.com*
Hoover Hull Turner, LLP
111 Monument Circle, Ste. 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
*Counsel for Plaintiffs*

Andrew J. Baer
*abaer@deutschkerrigan.com*
Nancy G. Marshall
*nmarshall@deutschkerrigan.com*
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, Louisiana 70130
*Counsel for defendants, Jayesh Patel and Pumilia & Adamee, LLP*

Jessica Ibert, Esq.
*jibert@lksalaw.com*
Lewis, Kullman, Sterbeow & Abramson, LLC
601 Poydras Street, Ste. 2615
New Orleans, Louisiana 70130

Lewis, Kullman, Sterbeow & Abramson, LLC
601 Poydras Street, Ste. 2615
New Orleans, Louisiana 70130

_____
**W. SCARTH CLARK**

6