**From:** Michael A. Dorelli [mailto:mdorelli@hooverhullturner.com]
**Sent:** Tuesday, December 12, 2017 11:11 AM
**To:** Courtney Curtis-Ives
**Cc:** Regina R. Miller; Andrew W. Hull; Andrew J. Waxler; Michael A. Dorelli; Susanne A. Johnson
**Subject:** RE: Finish Line/Patel: 2nd RFP



Courtney, I'm trying to schedule a call for tomorrow with my contact at Finish Line who is gathering the sales/geographical information. The information is compiled for 2009 through 2011, but 2007 and 2008 are taking more time to compile (because the data comes from a different system). Also, so far, it's compiled in a spreadsheet, so I'm hoping to get a better understanding about "how" it was compiled (because I know you'll ask), and whether there are actual supporting documents (other than sales slips at the points of sale). I'll follow-up with additional information tomorrow.

On the subpoenas to Jessica Ibert's firm, we object only to the extent they may seek information protected from disclosure by the attorney-client privilege or work product doctrine. We do not object to them in principal. The document request is worded very broadly, but to the extent you're asking only for communications between Jessica's firm and the Claims Center, we don't object. The request for internal notes/memos may include work product, and we would object to production of any such documents. Other than that, our objection would only be to the extent either the requests or a deposition goes beyond the firm's communications with the Claims Center, and into privilege/work product areas.

Please let me know if this answers your question on the subpoenas. Again, I'll be back in touch with more information on the sales information tomorrow.

Mike



EXHIBIT 17