# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 18-30413
_____

IN RE: DEEPWATER HORIZON

_____

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; ET AL,

    Plaintiffs

v.

HALLIBURTON ENERGY SERVICES, INCORPORATED; TRANSOCEAN HOLDINGS, L.L.C.,

    Defendants - Appellees

v.

JULIUS BARBOUR; EDWARD BARNHILL, JR.; EDWARD BARNHILL, SR.; KAREN BARNHILL; SCOTT BLACK; ET AL,

    Movants - Appellants

_____

JOHN M. PETITJEAN, individually and on behalf of a putative class; ET AL,

    Plaintiffs

v.

HALLIBURTON ENERGY SERVICES, INCORPORATED; HALLIBURTON COMPANY,

    Defendants - Appellees

v.

JULIUS BARBOUR; EDWARD BARNHILL, JR.; EDWARD BARNHILL, SR.; KAREN BARNHILL; SCOTT BLACK; ET AL,

      Movants - Appellants

_____

JOHN M. PETITJEAN, individually and on behalf of a putative class; ET AL,

      Plaintiffs

v.

TRITON ASSET LEASING GmbH; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN HOLDINGS, L.L.C.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED,

      Defendants - Appellees

v.

JULIUS BARBOUR; EDWARD BARNHILL, JR.; EDWARD BARNHILL, SR.; KAREN BARNHILL; SCOTT BLACK; ET AL,

      Movants - Appellants

_____

ECONOMIC and PROPERTY DAMAGES SETTLEMENT CLASS, in the matter of Bon Secour Fisheries v. BP Exploration & Production, Incorporated 12cv970,

      Plaintiff

v.

HALLIBURTON ENERGY SERVICES, INCORPORATED,

      Defendant - Appellee

v.

JULIUS BARBOUR; EDWARD BARNHILL, JR.; EDWARD BARNHILL, SR.; KAREN BARNHILL; SCOTT BLACK; ET AL,

    Movants - Appellants

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

O R D E R :

The Court of Appeals understands the record in this case is extremely voluminous. The court is concerned transporting and working with a record of this enormity would unnecessarily delay the resolution of this appeal.

Therefore, the parties are directed to assist the court by designating those portions of the record relevant to the pending appeal. The parties should attempt to agree on which documents should be included and should file a joint designation. If there are documents the plaintiff(s) believe should be included but the defendant(s) do not agree to, the plaintiff(s) may file a supplemental designation, and vice versa.

The parties are instructed to file the joint designation and (only if necessary) supplemental designations as soon as practicable but in no instance later than 14 days after the date of this order with the clerk of the District Court.

The District Court will construct the Record on Appeal based on the designation of the parties and supplemental designations if necessary.

LYLE W. CAYCE, CLERK
United States Court of Appeals
for the Fifth Circuit
/s/ Lyle W. Cayce

ENTERED AT THE DIRECTION OF THE COURT