IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 17-30475
Summary Calendar

———————

In Re: Deepwater Horizon

United States Court of Appeals
Fifth Circuit
**FILED**
February 27, 2018
Lyle W. Cayce
Clerk

-------------------------------------------------------

EDUARDO PINEIRO PEREZ, Individually, doing business as La Sociedad Cooperativa de Produccion Pesquera La Rivera De Tampico de Alto S. C. de R.L,

Plaintiff–Appellant

v.

BP, P.L.C.; BP PRODUCTS NORTH AMERICA, INCORPORATED; BP AMERICA, INCORPORATED; BP EXPLORATION & PRODUCTION, INCORPORATED; TRANSOCEAN, LIMITED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN HOLDINGS, INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES; BP AMERICA PRODUCTION COMPANY,

Defendants–Appellees

-------------------------------------------------------

CLAUDIO GONZALEZ DEL ANGEL, Individually, doing business as Permisionario Claudio Gonzalez Del Angel,

Plaintiff–Appellant

v.

No. 17-30475

BP, P.L.C.; BP AMERICA, INCORPORATED; BP PRODUCTS NORTH AMERICA, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION, INCORPORATED; TRANSOCEAN, LIMITED; TRANSOCEAN HOLDINGS, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES,

Defendants–Appellees

-------------------------------------------------------------

FELIPE BARRIOS ANZURES, Individually, doing business as Compro Venta de Felipe Barrios,

Plaintiff–Appellant

v.

BP, P.L.C.; BP AMERICA, INCORPORATED; BP PRODUCTS NORTH AMERICA, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION, INCORPORATED; TRANSOCEAN, LIMITED; TRANSOCEAN HOLDINGS, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES,

Defendants–Appellees

-------------------------------------------------------------

ARTEMIO ARAN BLANCO, doing business as Grupo Pescadores Libres Artemio Aran,

Plaintiff–Appellant

v.

2

No. 17-30475

BP, P.L.C.; BP AMERICA, INCORPORATED; BP PRODUCTS NORTH AMERICA, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION, INCORPORATED; TRANSOCEAN, LIMITED; TRANSOCEAN HOLDINGS, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES,

Defendants–Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179
USDC No. 2:16-CV-4122
USDC No. 2:16-CV-4123
USDC No. 2:16-CV-4124
USDC No. 2:16-CV-4151

---

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

    This appeal emerges from the Deepwater Horizon multi-district litigation ("MDL 2179"). The Appellants are cooperatives of fishermen and their members, residing in or doing business in numerous Mexican States. Appellants assert that the district court abused its discretion by forcing them to comply with a pretrial order—PTO 60, a case management order. PTO 60 barred certain remaining plaintiffs from continuing to bring multi-plaintiff complaints, including class actions. Despite the dictate of PTO 60, Appellants proceeded to file four putative class actions—involving nearly 24,000 class

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 17-30475    Document: 00514438883    Page: 4    Date Filed: 04/20/2018
Case 2:10-md-02179-CJB-DPC   Document 24415-1   Filed 04/24/18   Page 4 of 6

No. 17-30475

members—seeking damages. The district court rejected these attempts and ordered the Appellants to file single-plaintiff complaints. When the Appellants failed to comply—even after being given numerous opportunities to do so—the district court dismissed their claims with prejudice.

The Appellants then moved for a motion for reconsideration of the dismissal. They argued that PTO 60 violated the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). There, the Court held that Federal Rule of Civil Procedure 23 "entitl[es] a plaintiff whose suit meets the specified criteria [of Rule 23] to pursue his claim as a class action." *Id.* at 398. According to Appellants, *Shady Grove* gave them "the absolute right to file the class claims." Appellees argued that *Shady Grove* is inapposite; it dealt with a New York state law that modified Rule 23's application, and the holding did not "suggest that a plaintiff's right to pursue certification of a class action consistent with Rule 23 somehow shields it from dismissal of its claims on other grounds, such as failure to comply with pretrial orders." The district court agreed with the Appellees and denied the motion "for essentially the reasons provided by BP."

We review the district court's decision for abuse of discretion. *See Garcia v. Woman's Hosp. of Tex.*, 143 F.3d 227, 229 (5th Cir. 1998). The court has broad discretion and inherent authority to manage its docket; that discretion includes the power to dismiss a case for a party's failure to obey the court's orders. *See Sims v. ANR Freight System, Inc.*, 77 F.3d 846, 849 (5th Cir. 1996); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)). We conclude that the

Case: 17-30475      Document: 00514438883     Page: 5     Date Filed: 04/20/2018
Case 2:10-md-02179-CJB-DPC   Document 24415-1   Filed 04/24/18   Page 5 of 6

No. 17-30475

district court did not abuse its discretion and, therefore, AFFIRM the district court's dismissal.

The Appellants' sole argument on appeal is that they were entitled to pursue their claims as a class action—notwithstanding the trial court's case management order to the contrary.[1] The Appellants again rely on *Shady Grove*, but their reliance is misplaced. That case involved a diversity class-action suit filed in federal court that the district court dismissed because of a New York statute that substantively limited the availability of the class-action device in those circumstances. *Shady Grove*, 559 U.S. at 397. The Second Circuit affirmed. *Id.* at 398. The Supreme Court reversed, concluding that a state may not statutorily limit the availability of pursuing a class action under Federal Rule of Civil Procedure 23 in diversity jurisdiction cases. *Id.* at 398–401. *Shady Grove* did not, as the Appellees argue, "involve the exercise of a judge's case-management discretion."

Here, PTO 60 is a case-management order that the district court issued years into a highly complex MDL. After allowing plaintiffs to file multi-plaintiff complaints for years, the court eventually sought to limit those sorts of filings. Indeed, multiple multi-plaintiff complaints proceeded as part of the multi-district litigation, and there were multiple class action settlements. PTO 60

---

[1] The Appellees give us reason to believe that the Appellants waived the argument that PTO 60 contradicts the Supreme Court's holding in *Shady Grove*. Most concerning, the Appellants initially indicated to the district court that they planned to comply with PTO 60. They requested—and the district court granted—an extension for them to do so. However, they eventually reversed course and decided not to comply. Once this deadline (and other opportunities to comply with PTO 60) passed, the district court dismissed their claims. Only in the motion for reconsideration did the Appellants raise the argument that PTO 60 contradicted *Shady Grove*. As the Appellees argue, it appears that the Appellants "either deliberately held in reserve or failed to even generate [this argument] until after they had already lost." Waiver rules matter, even in complex cases. *See Stern v. Marshall*, 564 U.S. 462, 481–82 (2011). Litigants may waive an argument—even one invoking a Constitutional or statutory right— by failing to timely assert the right or by belatedly raising the argument, "sandbagging" the court. *See id.* at 482. However, out of an abundance of caution, we consider Appellants' argument that PTO 60 contradicts *Shady Grove*.

No. 17-30475

does not impose a substantive limit on the ability of a plaintiff to pursue a class action under Federal Rule of Civil Procedure 23. Instead, PTO 60 is a procedural case management order that dictates the continued availability of the class device in a complex MDL. We do not read *Shady Grove* to be so broad as to restrict a district court's ability to manage its docket by restricting the continued availability of a multi-plaintiff device, years into a complex MDL. Notably, the Appellants fail to identify a case in which a court has read *Shady Grove* in that fashion. Therefore, we conclude that the district court acted within its discretion to dismiss the Appellants' claims, *see Woodson*, 57 F.3d at 1417, and we AFFIRM the district court's dismissal.