**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:**    Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL 2179** <br><br> **SECTION "J"** |
| **This Document Relates To:** <br> *No. 15-4143, 15-4146 & 15-4654* | **Judge Barbier** <br><br> **Chief Magistrate Judge Joseph C. Wilkinson, Jr.** |

| REPORT BY THE HALLIBURTON AND TRANSOCEAN SETTLEMENTS' OLD AND NEW CLASS CLAIMS ADMINISTRATORS | | | |
|---|---|---|---|
| **STATUS REPORT NO.** | **10** | **DATE** | **May 1, 2018** |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:** | **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL 2179** |
| | | **SECTION "J"** |
| **This Document Relates To:** | | **Judge Carl Barbier** |
| *No. 15-4143, 15-4146 & 15-4654* | | **Chief Magistrate Judge Joseph C. Wilkinson, Jr.** |

## JOINT STATUS REPORT BY THE HALLIBURTON AND TRANSOCEAN SETTLEMENTS' OLD AND NEW CLASS CLAIMS ADMINISTRATORS STATUS REPORT NO. 10 FILED MAY 1, 2018

The Old and New Class Claims Administrators for the HESI Punitive Damages and Assigned Claims Settlement Agreement and the Transocean Punitive Damages and Assigned Claims Settlement Agreement (Settlement Agreements) submit this Status Report pursuant to this Court's October 23, 2015 Order [Rec. Doc. 15481] to inform the Court on the status of implementation of the Settlement Agreements. All capitalized terms in this Status Report shall have the same meaning as in the Settlement Agreements and orders of this Court, or as otherwise set forth herein.

### I. STATUS OF IMPLEMENTATION OF SETTLEMENT AGREEMENTS

#### A. Overview

**Old Class**

At the time of the last report the Old Class Claims Administrator had determined to move forward with distribution and set the reserve claims population to be those for which all opportunities for Re-Review, Reconsideration and/or Appeal have expired or been exhausted as of February 16, 2018. However, given the considerable portion of DHEPDS claims that have been resolved since that time and the anticipated quantity to be resolved in the next 1-2 months,

2

the Claims Administrator believes it would be in the best interest of the Class to adjust the distribution timeline slightly. This will reduce the number of claims for which a reserve fund would need to be established as this will yield a more accurate distribution to the Class and reduce overall costs. A new cutoff for reserve claims will be established likely in June or early July 2018.

**New Class**

New Class claimants have continued to receive determination notices on claimant-level denials and have also been receiving sub-claim level deficiency and denial determinations. The decision to hold off on finalizing the New Class distribution until the bulk of the DHEPDS claims are fully disposed of will also extend the timeline for distribution of the New Class funds slightly as well. The prior February 16, 2018, reserve cutoff will not be utilized for claims to be transferred from the DHEPDS data set and the cutoff will be established for the New Class in conjunction with the Old Class. There may still be a portion of the New Class, new claims[1] that will require funds be held in reserve depending on determination timing and due process rights that may be asserted by claimants or their counsel.

  B. **Claims Process**

**Old Class**

Since the last quarterly report, over 30% of the then-pending DHEPDS claims have been resolved. This progress caused the Old Class Claims Administrator to reconsider the reserve deadline set for those claims for which a right to appeal or request further consideration had not yet expired effective February 16, 2018, and extend that deadline out to a date to be determined in late June or early July 2018. The anticipated outcome of this decision is to reduce overall administrative costs and maximize the distribution to the Class as a whole by not having to estimate and set aside additional funds in reserve for administrative costs and for payment on the reserve claims as any overage may later be too *de minimis* in nature to effectively distribute.

**New Class**

Additional Claimant-level denials and sub-claim level deficiency and denial notices have been mailed since the last status report. To date, the Program has mailed 861 deficiency and 755 denial letters on the sub-claim level and 709 determination letters indicating the claimant has a zero dollar valuation for all claims or is otherwise denied on the claimant level due to a lack of

---

[1] New Class new claims consist of claims filed by parties that opted out of, were excluded from, or otherwise withdrew claims filed with the DHEPDS or pursued separate litigation in compliance with Pretrial Order 60.

3

prior underlying compensation upon which to base a punitive damages award or failure to comply with the filing deadline.

The eligible claim determinations on the sub-claim level will begin to mail in the coming weeks for new claims received by the filing deadline. An additional letter identifying all DHEPDS transferred claims for a relevant claim type and New Class, new claims filed with the HESI/Transocean Settlements Program for determination, as applicable, will be issued in the coming months to allow claimants and/or their counsel to reconcile all claims and comparative recognized loss values taken from DHEPDS actual payments and/or the new claims review process so that they may request re-review if needed prior to finalizing the distribution amounts.

Additional work is also being completed to contact the US Trustees of bankrupt claimants and third-party lien holders from DHEPDS to confirm the statuses in the claimant files remain accurate so that payments may be made the proper parties.

At this time a number of New Class, new claim Wetlands Real Property and Coastal Real Property claims remain out for GIS mapping and zone determination. It is possible that some of these claims may need to be held in reserve depending on timing of determinations and the exercise of the claimants' due process rights under the Distribution Model and Settlement Agreement. This will be addressed further in the motion and memorandum in support of distribution to be filed over the summer with the Court.

Appeal and Court Review processing has continued to move forward as well. A total of 762 claimants' appeals have been received to date. Determination letters have been sent for all determined appeals that were not withdrawn by the filer, inclusive of a Court Review request form for any denied appeal. There are 347 appeals pending. At this time 79 are being prepared for the Claims Administrators' review. The remaining 268 have been reviewed by the Claims Administrator and are pending determination letter mailing.

There have been 94 Court Review requests. Chief Magistrate Judge Wilkinson has two requests pending review at this time.

Despite the language in the Settlement Agreement stating that this Court shall have the final decision-making authority with regard to requests for review of the Claims Administrator's determinations involving the amount of payment, with the exception of denials based on a failure to meet the definition of class membership, there has been an appeal to the United States Court of Appeals for the Fifth Circuit. The New Class Claims Administrator does not anticipate that the appeal in Case No. 18-30243 will prevent distribution from timely occurring, but it is an

ongoing issue that could require additional reserves if it has not been disposed of at the time distribution is otherwise ready to occur.

It is also anticipated that there will be a reserve established for New Class claims for which the DHEPDS claim determination is not final at the point the Claims Administrator files his motion and memorandum in support of distribution with the Court allowing a final timeframe for distribution to be established.

**Determinations and Distribution**

The Old Class Claims Administrator anticipates distribution will occur in fall 2018 assuming the Court enters an order in favor of distribution that is not appealed. The New Class distribution, potentially holding back some portion of the new claims, will likely take place on a similar schedule, again, pending Court approval to move forward with distribution and assuming that there are no appeals of the Court's order at that time. Both of these distributions will be subject to a reserve for DHEPDS claims that are potentially eligible to participate, but have not received a final determination from DHEPDS as of the point the distribution motions and memoranda are prepared and submitted to the Court for consideration.

## II.   CONCLUSION

The Old and New Class Claims Administrators respectfully submit this Status Report so that the Court may be fully apprised of the status of the implementation of the Settlement Agreements. In the event the Court would like additional information, the Old and New Class Claims Administrators are prepared to provide further details at the Court's request.

/s/ Patrick A. Juneau
PATRICK A. JUNEAU
OLD CLASS CLAIMS ADMINISTRATOR

/s/ Michael J. Juneau
MICHAEL J. JUNEAU
NEW CLASS CLAIMS ADMINISTRATOR