IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUSIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO 2179 |
| DEEPWATER HORIZON, IN THE | § | |
| GULF OF MEXICO | § | SECTION J |
| ON APRIL 20, 2010 | § | |
| | § | |
| | § | |
| This Document Relates to: | § | JUDGE BARBIER |
| 2:16-cv-04388-CJB-JCW | § | MAG. JUDGE WILKINSON |

**Memorandum in support of Claimant S.C.P.P. El Chamizal, S.C. de R.L's Motion for Leave to Amend PTO 65 Verified Statement Regarding Causation and Damages (B1 Claims) Sworn Statement**

Claimant S.C.P.P. El Chamizal, S.C. de R.L., files this Memorandum in Support of the Accompanying Motion for Leave to Amend its PTO 65 Verified Statement Regarding Causation and Damages (B1 Claims) Sworn Statement related to *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*. Claimant respectfully moves this Court for leave to amend its PTO 65 verification statement to include inadvertently omitted pages. Claimants state the following as the basis for this motion:

1. Claimant timely hand-signed, submitted and filed its PTO 65 verified statement. (Doc.Rec.7). Due to clerical error only, the statement was missing pages and Claimant seeks permission from the Court to amend the statement so that its true and complete verified statement can be deemed timely filed. See Exhibit A.[1]

2. Claimant respectfully requests under Federal Rules of Civil Procedure 15 that Claimant be permitted to amend its statement and the Court will accept the verified statement, attached as Exhibit A and allow it to be filed in its entirety. F.R.C.P. 15 (a) and (b).

---

[1] Also filed as Rec. Doc 8.

Claimant respectfully requests that the amendment relate back to its original date of filing of April 9, 2018 (Rec.Doc.7). While this is not a traditional motion to amend a pleading or complaint, Claimant respectfully seeks formal permission to amend its statement prior to any judgment or trial on the issues so that the case can be fully determined on the merits. *U.S. v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375,387 (5th Cir. 2003); *Leisure Caviar, LLC v. U.S. Fish & Wildlife, Serv.*, 616 F.3d 612,615-16 (6th Cir. 2010). Such omission of pages was inadvertent, and was not intended to further burden the court or cause unnecessary delay.

3. Claimant respects the Court's broad discretion and inherent authority to manage its docket. Claimant understands that discretion includes the power to dismiss a case for a party's failure to obey the court's orders. *See Sims v. ANR Freight System, Inc.*, 77 F.3d 846, 849 (5th Cir. 1996); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). Here, an inadvertent error was made, and Claimant's verified statement was not filed in its entirety. The Court granted an additional 21 days in which to respond to the Court's show cause as to the why the Court should not dismiss the case. Claimant respectfully requests that the opportunity be given to amend its verified statement to include the pages omitted by clerical error in order that the case be considered on the merits.

4. No prejudice will result from the acceptance of the amended filings. No action has been taken in the pending proceeding which could cause prejudice to any other party to the proceeding. In fact, no discovery has commenced in connection with the information included in the statement.

5. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in similar proceedings. Where no prejudice could be suffered by plaintiffs in the

limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulfur Co. v. Blue Stack Towing Co.,* 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the Court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa,* 980 F.2d 349, 351 (5th Cir, 1993)).  Here, there are no indications that any party to this proceeding would be adversely affected or suffer any prejudice if the amended verification is deemed timely.

## CONCLUSION

Claimant respectfully requests that Claimant's PTO 65 verified statement be accepted in full, and deemed timely filed on or before April 11, 2018 and in accordance with the Court's Pretrial Order 65 (Rec. Doc. 23825), and that Rec. Doc 8 be permitted to amend its prior filing.

WHEREFORE, Claimant respectfully move this Court for an Order granting its Motion for Leave to Amend its PTO 65 Verified Statement and accepting is statement identified in Exhibit A, as proper and timely filed.

        Respectfully submitted,

        THE BUZBEE LAW FIRM

        By:    /S/ Caroline Adams
                Anthony G. Buzbee (TA)
                State Bar No. 24001820
                S.D. Tex. I.D. No. 22679
                Caroline E. Adams
                State Bar No. 24011198
                S.D. Tex. I.D. No. 27655
                J.P. Morgan Chase Tower
                600 Travis, Suite 7300

Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEY FOR CLAIMANT**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Memorandum in Support of Claimant's Motion for Leave to Amend** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 29th day of May, 2018

*/S/ Caroline Adams*
Caroline E. Adams