UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: | JUDGE BARBIER |
| *ALL CASES IN PLEADING BUNDLE B1* | MAGISTRATE JUDGE WILKINSON |

**PLAINTIFF'S RESPONSE TO MOTION TO SHOW CAUSE REGARDING COMPLIANCE WITH PTO 65 WITH RESPECT TO CASE NO: 2:13-cv-02420**

Plaintiff, DESTIN DEVELOPMENT, LLC ("Plaintiff"), with respect to *CASE NO: 2:13-cv-00834*, responds to the Court's Order to Show Cause Re: Compliance with PTO 65 [Doc. 24558] entered May 25, 2018, and says:

1.   Since filing a Complaint [Doc. 1; 2:13-cv-00834] in this cause on April 28, 2013, in connection with the *Deepwater Horizon* Oil Spill, Plaintiff has endeavored to diligently pursue this claim. Plaintiff's original counsel, Frank Petosa, with the law firm of Morgan & Morgan, P.A., complied with the necessary filing requirements of this Court, to the best of Plaintiff's knowledge, including the filing of an original Complaint followed by a "short form" statement of claim [Doc. 8; 2:13-cv-00834] until he withdrew as counsel for Plaintiff. A member of Mr. Petosa's firm also serves on the steering committee in the MDL.

2.   On September 12, 2016, Mr. Petosa and the law firm of Morgan & Morgan, P.A., were permitted to withdraw as counsel of record, and Plaintiff was fortunate to find substitute counsel in Tucker H. Byrd with the law firm of Byrd Campbell, P.A. Mr. Byrd entered a Notice of Appearance in this case on November 9, 2016.

3.   At the time of Mr. Byrd's appearance, it was understood from prior counsel that this matter had been stayed along with a myriad of other cases brought by other B1 Plaintiffs. All

that remained was a long-awaited Order from this Court lifting the stay and allowing Plaintiff to proceed with the prosecution of this case.  Consequently, the case had been dormant for all intents and purposes.

4. As time passed, Plaintiff and counsel diligently reviewed the docket in this case to determine whether an Order had been entered allowing the case to proceed.  They also believed, wrongly it turns out, that as counsel of record, Mr. Byrd would be notified if there were any activity in this case by electronic service typical under Rule 5(b).  What Plaintiff and counsel did not know was that the Court six (6) years earlier had entered a Pretrial Order [Doc. 600] in the main case, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179, directing that service of papers or orders in this case be effected utilizing the LexisNexis File & Serve ("File & Serve"), and detailing the manner of registering and operating under that service protocol.  Unaware of this requirement, Plaintiff's counsel had not registered with the File & Serve, and thus had not received either *PTO 65* or this Court's *Order to Show Cause*.

5. It was not until Plaintiff just recently learned—fortuitously through a chance communication with prior counsel's office—that the Order to Show Cause had been entered.  This led Plaintiff and counsel to investigate and learn that PTO 65 had been entered directing Plaintiff, identified as a "Remaining B1 Plaintiff," to elaborate on the issues of damages and causation as pertain to the claim by filing a PTO 65 Verified Statement Regarding Causation and Damages (B1 Claims) ("Verified Statement").  Upon investigation, Plaintiff further learned of the Court's original Order directing the use of the File & Serve.[1]

6. Plaintiff and counsel deeply respect this Court's Orders, and but for the failure to register with File & Serve, would have timely learned of the filing requirement and fully complied

---

[1] Plaintiff's counsel registered with File & Serve on June 13, 2018.

with PTO 65. Plaintiff has prepared and simultaneously filed in Member Case No. 2:13-cv-00834 the required Verified Statement to comply with PTO 65. See **Exhibit "A,"** attached.

**WHEREFORE**, for the reasons set forth above, Plaintiff trusts that "good cause" has been established and requests the Court's indulgence to permit the Verified Statement to stand and to allow the Plaintiff's case to proceed, particularly since no party will be prejudiced if the case proceeds.

Dated: June 15, 2018.

>s/ Tucker H. Byrd
>Tucker H. Byrd
>Florida Bar No. 381632
>J. Carlos Real
>Florida Bar No. 012869
>BYRD CAMPBELL, P.A.
>180 Park Avenue North, Suite 2A
>Winter Park, FL  32789
>Telephone: (407) 392-2285
>Facsimile: (407) 392-2286
>Primary Email: TByrd@ByrdCampbell.com
>Secondary Email: DWinters@ByrdCampbell.com
>Counsel for Destin Development, LLC

**\<Certificate of Service on Following Page\>**

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF system and provided a copy via United States mail to Counsel for BP Attn: J. Andrew Langan Kirkland & Ellis, LLP 300 North LaSalle St, Suite 2400 Chicago IL 60654 and MDL 2179 Plaintiffs' Steering Committee, Attn: Steve Herman/Jim Roy, The Exchange Center, Suite 2000, 935 Gravier Street, New Orleans, LA, 70112 on June 15, 2018.

                s/ Tucker H. Byrd
                Tucker H. Byrd
                Florida Bar No. 381632