# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30544
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 21, 2018
Lyle W. Cayce
Clerk

In Re: Deepwater Horizon

_____

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED, ET AL,

      Plaintiffs

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

      Defendants - Appellees

v.

CLAIMANT 100325530; CLAIMANT 100294052; CLAIMANT 100326752; CLAIMANT 100298348; CLAIMANT 100326757; CLAIMANT 100296630; CLAIMANT 100327287; CLAIMANT 100326742; CLAIMANT 100327802,

      Movants - Appellants

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179
USDC No. 2:12-CV-970

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

No. 17-30544

PER CURIAM:[*]

This appeal concerns the requirements for participating in the Court Supervised Settlement Program ("CSSP") for claims arising from the *Deepwater Horizon* oil spill. The CSSP was approved by the district court and affirmed by this court. *See In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014). The CSSP identifies multiple classes, including the Economic and Property Damages Settlement ("E&P Settlement") and the Medical Settlement, which are the class settlements relevant to this appeal.

The language of the CSSP explicitly requires each class member to submit a specified form to preserve a claim: "Class Members must submit Claim Forms to participate in the Settlement Program." The CSSP defines "claim" as "any demand or request for compensation (other than Bodily Injury Claims or Expressly Reserved Claims), together with any properly completed form and accompanying required documentation, submitted by a Claimant to the Settlement Program." Failure to submit a Claim Form on time bars a would-be applicant from participating in the settlement.

The specific Claim Form for business loss claims requires supporting documentation, such as essential financial information, tax information, the economic loss zone, the location of the Claimant's business, and whether it was an excluded business. The final deadline for submitting a Claim Form was June 8, 2015.

Upon registering on the electronic portal of the CSSP, counsel for the Claimants, who are the appellants in this case, received emails advising them that technical assistance in filing the claims was available. As the final

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

deadline approached, the Claimants were provided further warnings about the requirement to submit a Claim Form. The electronic portal for the CSSP included the following warning: "If you do not submit the relevant *Claim Forms* before the final claim filing deadline, *any claims you may have will not be considered timely filed and therefore will not be reviewed by the Settlement Program*." The Claimants did not begin the process of submitting their Claim Forms until June 2, 2015. They did not timely submit their Claim Forms with the required documentation. On appeal, the Claimants argue that their Claim Forms should be deemed timely because of "substantial compliance."

The district court determined that the Claimants' filings were untimely and denied their requests to deem their claims as timely filed. In reaching that conclusion, the district court relied on declarations from two individuals responsible for developing and implementing the electronic portal for the CSSP. They explained in detail why the Claimants had failed to timely file their Claim Forms. The declarations were signed but did not include language indicating that they were signed under penalty of perjury. The Claimants appealed to this court. We remanded with these instructions:

> IT IS ORDERED that, despite our agreement with the district judge in every other respect, our jurisdiction hinges on the compliance of the declarations relied on by the district judge with 28 U.S.C. § 1746, and that therefore the above captioned claims be REMANDED for renewed consideration with corrected accompanying declarations.

BP submitted corrected declarations the next day. Soon thereafter, the district court again ruled that the Claimants' submissions on the electronic portal for the CSSP were untimely. The Claimants appealed to this court.

We review the district court's order for abuse of discretion, which occurs if the district court relies on clearly erroneous factual findings or erroneous conclusions of law, or misapplies the law to the facts. *See* E&P Settlement § 6.6; *McKinney ex rel. NLRB v. Creative Vision Res., LLC*, 783 F.3d 293, 298

Case: 17-30544    Document: 00514508547    Page: 4    Date Filed: 06/12/2018
Case 2:10-md-02179-CJB-DPC   Document 24616-1   Filed 06/14/18   Page 4 of 5

No. 17-30544

(5th Cir. 2015). A factual finding is clearly erroneous if "we have a definite and firm conviction that a mistake has been committed." *French v. Allstate Indem. Co.*, 637 F.3d 571, 577 (5th Cir. 2011) (quoting *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000)).

BP claims that the law of the case doctrine controls the outcome. "The law of the case doctrine provides that 'an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.'" *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006) (quoting *United States v. Becerra,* 155 F.3d 740, 752 (5th Cir. 1998)). Unless an exception applies, the law of the case doctrine forecloses reconsideration of an issue already decided on appeal. *See id.* at 897.

In the previous appeal, a motions panel of this court agreed with the district court's substantive determination that the Claimants had not complied with the terms required for participation in the settlement because their Claims Forms were not timely filed. BP contends that the previous panel's determination bars this panel from reconsidering the issue. Not so. A motion panel's ruling does not create binding precedent. *Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 583 (5th Cir. 1988).

We nonetheless agree with the motions panel's conclusion that the Claimants failed to submit their Claim Forms timely, which bars their participation in the settlement. "The settlement agreement clearly designates the claim form as the manner in which claims should be submitted." *In re Deepwater Horizon*, 814 F.3d 748, 751 (5th Cir. 2016). We also agree with an unpublished opinion of this court holding that "the Settlement Agreement does not support treating the filing of supporting documentation without a Claim Form . . . as equivalent to filing a claim." *In re Deepwater Horizon,* 641 F. App'x 405, 408 (5th Cir. 2016). A timely filed Claim Form is required for participation in the settlement. As the terms of the CSSP provide, filing supporting

4

No. 17-30544

documentation alone is not sufficient to preserve a claim. A would-be party that fails to file a Claim Form in timely fashion is barred from participating in the settlement.

    AFFIRMED. The pending motions to dismiss for lack of jurisdiction that were carried with the case are DENIED.

5