## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | * * | MDL No: 2179 |
| | | SECTION: J(2) |
| THIS DOCUMENT RELATES TO: | * | JUDGE BARBIER |
| No: 2:14-cv-600, Andry Law Group, et al. v. CNA Financial, et al. | * | MAG. JUDGE WILKINSON |

_____

## OPPOSITION TO DEFENDANTS CNA FINANCIAL CORPORATION'S AND CONTINENTAL CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES** Plaintiffs The Andry Law Group, LLC and Jonathan Andry, who in opposition to Defendants' Motion for Summary Judgment, do state as follows:

### I.     Facts

In brief review of the facts, Plaintiff Jonathan Andry made demand for defense and indemnity pursuant to his professional liability policy upon being ordered to participate in the Court's independent external investigation administered by Special Master Louis Freeh. Defendants, specifically CNA, denied coverage based upon two assertions. First that there was "no claim made against an Insured." Second, if there was a claim made, "the Policy still would not afford coverage for this matter because there is no possibility of covered damages." Plaintiffs complied with all requests of the Court and Special Master despite Defendants denial of coverage.

1

The instant suit was brought claiming a breach of contract and injunctive relief. Specifically, Plaintiffs presented the following allegations in the Petition For Damages:

a.  that this Court's Special Master had "demanded court-mandated obligations requiring the Plaintiffs to render sophisticated services appropriately handled by outside counsel;"

b.  That "Plaintiffs were obligated to comply with the Court's demands for services by the ABA Model Rules of Professional Conduct related to Candor Toward the Tribunal, the ABA Model Code of Professional Responsibility related to the Disclosure of Information to Authorities, the Rules of Professional Conduct of the Louisiana State Bar Association, and Local Rules 83.2.3 of the Local Civil Rules of the United States District Court for the Eastern District of Louisiana;

c.  that "Plaintiffs have expended and advanced substantial amounts of money to comply with the Court's directives (or by fiat its Special Master) requiring Plaintiffs to explain their acts in the rendering of legal services on behalf of its clients before the Claims Administrator's Office;"

d.  that "on January 7, 2014, CNA responded in a letter categorically denying coverage under the Policy and refusing to reimburse the legal fees and costs advanced by Plaintiffs in complying with the demands presented by the Court (or by fiat its Special Master) for services arising out of acts rendered in performing legal services on behalf of its clients before the Claims Administrator's Office;

e.  that "as a direct and proximate result of the breach [of contract] by Defendants, Plaintiffs have been deprived of the benefit of insurance coverage, and accordingly, have suffered consequential damages."

## II.     Plaintiffs' Demand For Defense Constituted A Claim Per The Insurance Policy

In Plaintiffs' Motion For Partial Summary Judgement, the policy condition concerning a "claim" was fully addressed, and Defendants did not raise that issue in its Motion For Summary Judgment.  The language of the policy defines a "claim" as a "demand ... for services arising out of an act or omission ... including personal injury, in the rendering of or failure to render legal services."

Defendants did not contest the "demand for services" issue in its Motion For Summary Judgement because they cannot.  Continental is estopped from doing so because its received the benefit of its position that innocuous activities (such as a request to a lawyer for the production of client files or to refrain from engaging in harmful conduct[1] or a faxed letter from the firm's client instruction an attorney to "send my complete file to the address below"[2]) constituted demands for service.

Instead, Defendants have simply argued that there still can be no coverage because there is no possibility of covered damages.

## III.     Defendants Erroneously Attempt To Equate Their Denial Of Plaintiffs Demand For Coverage With A "Run-Of-The-Mill" Fee Dispute

Because the case of *Pias v. Continental Ins. Co.*[3] is the lynchpin of Defendants' argument concerning covered damages, it is essential to understand the limitations of *Pias*.  In that coverage dispute, an attorney (Pias) negotiated a settlement on behalf of a workman's compensation claimant. When settlement funds were to be disbursed, the attorney presented a settlement statement indicating

---

[1] *Continental Cas. Co. v. Jewell, Moser, Fletcher & Holleman*, 2005 WL 1925964 (E.D.Ark.,2005).

[2] *Simpson & Creasy, P.C v. Continental Casualty Company*, 770 F.Supp.2d 1351 (USDC D.C. Georgia 2011).

[3] 2013 WL 4012709 (W.D. LA Aug 6., 2013)

3

attorney's fees in excess of $86,000.00.  The client claimed this fee was excessive, and retained the services of a different attorney to "obtain a return of the attorney's fees charged by Pias."  Pias retained his own attorney.  As the fee dispute progressed through the workman's compensation court, it was revealed that Pias had failed to petition the workman's compensation court for approval of attorney's fees, and the $86,000.00 fee was ordered returned to the client.  After this stinging defeat, Pias requested that Continental defend and indemnify him in the workers' compensation fee dispute matter.  In that matter, Continental denied coverage, citing the same two reasons as it did for Mr. Andry's demand.

In *Pias*, the court noted specifically "that this was a straightforward fee dispute clearly not contemplated under the 'legal services' policy definition.  As such, it [did] not fall under the definition of a 'claim' under the Policy."[4]  In the instant matter, Andry's demand of his insurer was not about a simple fee dispute.  Instead, Andry was ordered by this Court to participate in an expansive investigation encompassing his representation of a claimant before the Deepwater Horizon Court Supervised Settlement Program (CSSP), Casey Thonn.[5]  Compliance with the court's order required substantial document production and preparation, as well as the lucid presentation of factual issues reflected upon substantial legal issues.  Such preparation obligated Mr. Andry to retain counsel to meet this "demand for services."

In the current matter, Defendants rely upon *Pias* due to that court's agreement of Continental's second argument that an insurer's duty to defend is not triggered where "the pleadings

---

[4] *Pias*, at *5.

[5]  It is undisputed that "there was never any corruption of the claims processing evaluations in" the matter involving Andry. (*See* Ex. 1 - Evid. Hrg. Tr., 241:18-23). Similarly, it was expressly noted that there was "no evidence that the claims ... of the Andry Lerner firm or the claim of The Andry Law Firm itself, were manipulated in any way or corruptly manipulated or anything like that." (*See* Ex. 2 - Evid. Hrg. Tr., 243:2-6).

4

... do not reveal a possibility of liability [because] there is not a claim that would be covered by [the] policy."[6]   However, the court did not provide insight into its conclusion that the insurer's duty to defend was not triggered.  The court simply stated that because "the fee dispute does not fall under a 'claim covered by the Policy,' no defense or indemnification is owed."[7]   However, this conclusion, and Continental's avoidance of its contractual obligations, has been limited to matters that involve simple fee disputes.

Specifically, a court in the Western District of Louisiana, the same jurisdiction where *Pias* was decided, solidified the concept that the Continental's position was limited to simple fee dispute matters.  In *Edwards v. Continental Casu*alty Co.,[8] an attorney settled a personal injury claim of a commercial diver, with the settlement involving both a lump sum and multiple annuity payments. One year after the settlement, the defendant brought suit to vacate the settlement,[9] alleging that it was "fraudulently induced into settling ... as a result of ... alleged exaggeration and/or fabrication of the extent of his injuries during the lawsuit."[10]   Continental declined both defense and indemnification coverage upon Edwards's demand.  The issue in *Edwards* is similar to the instant issue, that Andry has incurred (and would continue to incur) legal fees and costs in responding to a "demand for services," with Continental claiming such expenses were not covered damages.

The *Edwards* court evaluated the matter with the question: did the demand for service and

---

[6] *Pias*, at *6, citing *Elliott v. Cont'l Cas. Co.*, 949 So.2d 1247, 1252 (La.2007).

[7] *Id.*

[8] 2015 WL 5009015

[9] The district court dismissed this complaint for failure to state a claim, and the U.S. Fifth Circuit affirmed.

[10] *Edwards*, at *2.

5

potential damages "aris[e] from the performance of professional services for others in the insured's capacity as a lawyer."[11]  In ruling that Edwards was entitled to coverage, the court found that this was not a simple "run-of-the-mill" fee dispute between an attorney and client.  The district court struck down Continentals' argument that the demand was excluded because it sought "legal fees, costs and expenses paid or incurred or charged by any Insured."  Specifically addressing Continental's contention that incurred attorney's fees and expenses are not covered damages, the court rebuked this position by stating that "claims based on an act by the lawyer for a client that *may* be quantified with reference to fees ... do not come under the exclusion."[12]

Continental sought appellate review of the *Edwards* matter.  The Fifth Circuit overturned the district court specifically because the claims against Edwards did not "arise out of an act or omission ... in [Edwards's] rendering of or failure to render legal services."[13]  The complaint against Mr. Edwards (*i.e.* the "demand for service") did not allege that Edwards did or failed to do anything to warrant its claims.  As such, "acts or omissions in the rendering of legal services by Edwards to his client, Schmidt, [were] simply not at issue."[14]

In the present case, this Court demanded service of Plaintiffs.  Subpoenas for testimony and documents mandated extensive preparation to fully comply.  Employees, as well as Mr. Andry, were place under oath and provided warnings regarding perjury, confidentiality, truthfulness, and the prohibition against making material, false statements.  Facing possible criminal exposure should any

---

[11] *Edwards*, at *4, citing *Continental Casualty Co. v. Cole*, 809 F.2d 891, 896 (D.C.Cir.1987).

[12] *Edwards*, at *5, citing *Continental Cas. Co. v. Law Offices of Melvin James Kaplan*, 801 N.E.2d 992 (Ill.App. 1st Dist.2003).

[13]  *Edwards v. Continental Casualty Company*, 841 F.3d 360, 363 (5th Cir. 2016)

[14] *Edwards*, 841 F.3d at 364.

witness testify without their recollection being completely restored prior to their testimony, consultation and representation by a competent attorney was imperative.

Clearly, Plaintiffs retention of competent counsel to comply with the court ordered investigation was not a "run-of-the-mill" fee dispute.  To the contrary, it constituted a novel factual scenario.  A diligent search of the nationwide Westlaw database failed to produce a similar factual scenario.  Thus, this Court is faced with an analysis similar to the court in *Continental Cas. Co. v. Law Offices of Melvin James Kaplan*.  There, Continental also insisted the term "damages" not include legal fees, costs and expenses paid or incurred or charged by [its insured].  *Kaplan* involved a cause of action for professional negligence against Kaplan, arising out of its representation of a former client in his bankruptcy proceedings.  The client claimed that Kaplan was negligent in failing to secure a discharge of one of his pre-petition debts. The debt at issue was Kaplan's own fee claim for legal services rendered in the bankruptcy proceedings prior to the filing of his petition.  In denying Continental's position, the court lucidly concluded that the injury suffered was not "a consequence of the fees charged. Rather, the injury suffered [was] a consequence of Kaplan's alleged negligent failure to secure a discharge of Chubko's obligation to pay those fees."[15]

The decision in *Kaplan* turned not upon a "demand for service" regarding a fee.  Instead, the "demand for service" arose from the acts or omissions in the performance of legal services.  The natural or necessary consequence was this act or omission was to incur legal fees.  These legal fees were considered covered under the Continental policy because "[t]he fact that the damages sought [ ] may well be measured by the sums paid for legal services rendered ... does not mean that the

---

[15] *Kaplan*, 801 N.E.2d at 996.

injury suffered is a consequence of the fees charged."[16]  This result was accepted by the district court in *Edwards*, and not refuted by the U.S. Fifth Circuit, which overturned the district court on other grounds.

Had Mr. Andry's presented a demand for defense and indemnification in defending the Special Master's Motion For Return Of Payments to Casey Thonn, then Continental's denial of coverage would be appropriate.  But that is not the case.  True, Mr. Andry represented Casey Thonn before the CSSP, and that payments made to Mr. Thonn were ordered returned; but those issues are not material to Continental's denial of coverage to Mr. Andry.[17]

As the court can see, Defendants' position, including the jurisprudence relied upon, is based upon "run-of-the-mill" fee disputes.  As an insurer, Continental was entitled to exclude that type of dispute from coverage.  However, the present case does not constitute a fee dispute.  Plaintiffs received a "demand for service" and incurred substantial attorneys fees as a necessary consequence of the demand.  Such attorneys' fees are not the nature of fees unambiguously contemplated by the insurer.

IV.    *CNA Financial Is Not Yet Entitled To Summary Judgement*

Defendants move for summary judgment on behalf of CNA Financial, alleging it did not issue the policy here in dispute.  However, defendants fail to address the underlying issue that denial of coverage is the basis of the controversy.  The Declarations page of the Lawyers Professional Liability Policy at issue indicates that CNA Specialty claim is the contact for all reported claims.[18]  In keeping with this directive, all communication between the insured and "insurer" were through CNA.  Specifically, the correspondence denying coverage was on CNA letterhead.[19]

In this matter, no discovery has taken place.  Defendants have failed to provide sufficient evidence that Continental is the only defendant appropriate for this suit, and so Plaintiffs have not been provided sufficient information to make such a determination.

---

[16] *Id.*, at 996.

[17] The Court found that Mr. Thonn submitted false documentation in support of his claim, and thus return of the funds was proper.  Andy was obligated to return his attorneys' fee "merely to remedy an unjust result." (*See* Rec. Doc 12794, p. 23).  Thonn was represented pursuant to a contingency fee contract.  Because Thonn's claim failed, "fees are not owed to [attorneys] under their contingency fee arrangements. (*See* Rec. Doc 12794, p. 26).

[18] See Exhibit 3 - Declarations page.

[19] See Exhibit 4 - CNA Correspondence.

8

As such, there is a substantial question of material fact that precludes the grant of summary

judgement in favor of CNA Financial.

**V.      Conclusion**

For the foregoing reasons. Defendants CNA Financial Corporation's and Continental

Casualty Company's Motion For Summary Judgement should be denied.


Respectfully Submitted:

**JOANEN LAW FIRM**

By: ___/s/ L. Scott Joanen_____
L. SCOTT JOANEN, (#21431)
610 Baronne Street, 3rd Floor
New Orleans, LA 70113
Telephone: (504) 833-3036
Fax:        (504) 833-7366
Email:      scott@joanenlaw.com


**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all parties to this

litigation by hand-delivery, e-mail, facsimile, electronic transmission, and/or by First Class, United

States Mail, properly addressed and postage prepaid, on this 19th day of June, 2018.


___/s/ L. Scott Joanen_____
L. Scott Joanen