IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**<br><br>**Applies to:**<br><br>**All Civil Actions of the Plaintiffs Represented by Nexsen Pruet, LLC and Douglas M. Schmidt APLC, including 2:17-CV-04392, 2:17-CV-03049, 2:17-CV-04142, 2:17-CV-03200, 2:17-CV-04355, 2:17-CV-03289, 2:12-CV-02248, 2:12-CV-02333, 2:12-CV-02332, 2:12-CV-02564, and All Other Actions Listed in Exhibit A to the Motion.** | **Civil Action No. 2:10-MD-02179**<br><br>**SECTION: J**<br><br>**JUDGE CARL BARBIER**<br><br>**MAG. JUDGE WILKINSON**<br><br>**ORAL ARGUMENT REQUESTED** |

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME

On February 22, 2017, this Honorable Court issued Pretrial Order ("PTO") 63, which required all Plaintiffs with claims in Pleading Bundle B3 to file individual lawsuits and sworn statements (signed by each plaintiff) by April 12, 2017. In response, Nexsen Pruet, LLC and its co-counsel, Douglas M. Schmidt APLC, filed Seven Hundred Thirty-Three (733) individual lawsuits for their clients ("Plaintiffs"), with sworn statements, at a cost of Three Hundred Twenty-Nine Thousand Eight Hundred Fifty and no/100 ($329,850.00) Dollars. Previously, these Plaintiffs opted out of the class settlements and timely filed mass joinder complaints seeking compensation for their injuries. On April 9, 2018, the Court issued PTO 66. PTO 66 requires another lengthy form to be completed and signed by Plaintiffs - a verified Particularized Statement of Claim ("Statement"). For the reasons stated below, Plaintiffs' counsel requests an

additional sixty (60) days to comply with PTO 66 on behalf of the Plaintiffs listed in Exhibit "A" to the Motion and respectfully files this Memorandum in support thereof.

## ARGUMENT

### IN THE INTEREST OF DUE PROCESS AND JUSTICE, THE PTO 66 DEADLINE SHOULD BE EXTENDED FOR PLAINTIFFS.

Plaintiffs' cases were properly opted out of the class settlements, and mass joinder complaints were timely filed on behalf of the Plaintiffs as early as September 11, 2012. Since that time, almost six (6) years ago, the Plaintiffs' cases have been subject to an order of the Court issued on September 14, 2012 that stayed all cases while cases within the settlement were given priority. See Pre-Trial Order No. 25. Enforcing the current deadline established by PTO 66 will be prejudicial to many Plaintiffs, whose cases have remained stagnant for years. The Affidavit of Paul A. Dominick in Support of Motion for Extension of Time outlines the difficulties of compliance with the PTO 66 deadline.

We appreciate the Court establishing a process that hopefully will allow the cases of Plaintiffs to move forward, but burdensome new requirements should not be a procedural trap to eliminate valid claims. It is fairer to allow time for claims to be resolved through a structured settlement process, or through a process that will lead to a decision on the merits, as opposed to a process that dismisses cases for failing to meet administrative deadlines and requirements that do not exist under the Federal Rules of Civil Procedure. Due process considerations should allow our clients a fair opportunity to pursue claims that have been pending and stagnant for years through no fault of the clients.

The granting of this extension will not prejudice Defendant BP. Plaintiffs will continuously serve the required Statements during the extension period. PTO 66 places no

burden on the Defendant BP other than to review the Statements and opine to the Court whether the submissions reasonably comply with the requirements of PTO 66.

## CONCLUSION

As set forth above, and in the supporting affidavit, attached to the Motion as Exhibit "B", Plaintiffs face significant difficulties in attempting to comply with PTO 66. Thus, they respectfully request additional time to comply with the amended PTO 66 deadline so that meritorious and long pending claims can be considered on their merits, and not dismissed for failing to meet a recently imposed procedural deadline.

Respectfully Submitted,

/s/ Paul A. Dominick
Paul A. Dominick      Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

and

Douglas M. Schmidt    Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

Attorneys for Plaintiffs

Dated:   June 21, 2018

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Motion for Extension of Time has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on June 21, 2018.

                                                  /s/ Paul A. Dominick
                                                  Paul A. Dominick