# Exhibit B
# Affidavit of Paul Dominick

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>**APPLIES TO:**<br><br>All Civil Actions of the Plaintiffs Represented by Nexsen Pruet, LLC and Douglas M. Schmidt APLC, including 2:17-CV-04392, 2:17-CV-03049, 2:17-CV-04142, 2:17-CV-03200, 2:17-CV-04355, 2:17-CV-03289, 2:12-CV-02248, 2:12-CV-02333, 2:12-CV-02332, 2:12-CV-02564, and All Other Actions Listed in Exhibit A to the Motion. | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

## AFFIDAVIT OF PAUL A. DOMINICK IN SUPPORT OF MOTION FOR EXTENSION OF TIME

I, Paul A. Dominick, personally appeared before a notary public, and after being sworn, submit the following:

1. I am an attorney in good standing and admitted in the United States District Court of the Eastern District of Louisiana. I am a member of Nexsen Pruet, LLC. Along with my co-counsel, Douglas M. Schmidt APLC, we represent seven hundred ninety two (792) Plaintiffs ("Clients") who opted out of the court-supervised settlement programs and filed suits in MDL 2179 for personal injuries resulting from the Deepwater Horizon Oil Spill in the Gulf of Mexico on April 20, 2010 (the "Gulf Oil Spill") and the subsequent remedial efforts.

2. This affidavit is offered in support of a motion to extend the time in which our Clients have to comply with Pretrial Order ("PTO") 66 dated April 9, 2018.

3. Early in the litigation, we represented more than two thousand (2,000) Clients, but through exhaustive individual vetting of their cases, many of our Clients were placed in the medical settlement, and many other Clients were dismissed by us. Because of serious chronic health conditions either not covered by the medical settlement, or not adequately compensated under the medical settlement, these Clients exercised their right to opt out of the medical settlement.

4. In representing our Clients, we complied with Pre Trial Order 63 that required a verified statement by our Clients, as well as the filing of individualized Complaints. We filed Seven Hundred Thirty-Three (733) lawsuits for our Clients at a total costs of Three Hundred Twenty-Nine Thousand Eight Hundred Fifty and no/100 ($329,850.00) Dollars.

5. It has been more than eight (8) years since the BP Oil disaster. Our Clients' cases were filed five (5) to six (6) years ago and they have patiently waited for their claims to be resolved. PTO 66 threatens the dismissal of our Clients' cases with prejudice, if they do not respond with a completed sworn twelve (12) page Particularized Statement of Claim ("Statement") on or before July 9, 2018. As set forth below, this strict deadline threatens the due process rights of many individuals who have met every normal requirement to pursue their legitimate rights to litigate outside the class settlement, in addition to compliance with PTO 63.

6. We employ a full-time staff attorney and several non-attorney legal personnel devoted to assisting these plaintiffs. These efforts are also assisted by other attorneys and staff in my office.

7. Coordinating the return of documents from Clients can be quite difficult. Our seven hundred ninety-two (792) Clients live throughout the United States, but are mostly concentrated in the Southeast. When we send documents to our Clients for execution, they typically return those

documents by mail. This process can take several weeks and, in many cases, up to ninety (90) days or more.  Many of our Clients do not have access to email.

8. Additionally, many of our Clients frequently change their location and their residence. Because the status of the B3 Pleading Bundle's claims has remained unchanged for quite a while, our Clients do not always immediately update us with their new addresses. But returned mail — which alerts us that our Clients' addresses have changed — will typically reach us in approximately 30 days.

9. Obtaining a Statement verified by each of our Clients in the time prescribed by PTO 66 is unduly burdensome for our firms considering the number of Clients that we represent and the logistics of contacting them.  Enforcing this deadline and dismissing cases with prejudice will be devastating to Clients who have valid claims that were not adequately addressed by the class settlement, and who have had their claims stayed for many years.

10. Upon information and belief, a sixty (60) day extension would allow us to adequately represent our Clients by contacting them, speaking to them, and coordinating their filing requirements before the deadline. An extension of sixty (60) days gives our Clients a more reasonable opportunity to continue pursuing their B3 legitimate claims.

11. Upon information and belief, granting the requested extension will not prejudice Defendant BP.  We intend to continuously provide Defendant BP and the PSC with completed Statements throughout the extension period.

                    Paul A. Dominick

SWORN to before me,
This _____ day of June, 2018.

_____
Notary Public for South Carolina
My commission expires: _____