IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This Document relates to: *All Cases in Pleading Bundle "B1"* | * * * * | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S OMNIBUS OBJECTIONS AND RESPONSES TO
PLAINTIFFS' PTO 65 SHOW CAUSE SUBMISSIONS**

BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), pursuant to the Court's June 18, 2018 Order (Rec. Doc. 24621), hereby file their responses and objections to the submissions filed by certain plaintiffs in the B1 pleading bundle in response to the May 25, 2018 Order Re: Compliance with PTO 65 (Rec. Doc. 24558) (the "Show Cause Order").

The June 18 Order identified four sets of plaintiffs who filed timely responses to the Show Cause Order and to whose compliance BP maintained an objection. BP responds to those four sets of submissions as follows:

**I.     Byrd Campbell Responses (Rec. Docs. 24613, 24614, 24615)**

PTO 65 (Rec. Doc. 23825) ("PTO 65"), entered on January 11, 2018, required Remaining B1 Plaintiffs (as defined in PTO 65) to answer four questions regarding the type and scope of the damages and causation they alleged in their respective cases. PTO 65 at 2-3. The order clearly provided: "***Each Remaining B1 Plaintiff who wishes to pursue any claim for damages must file*** the verified statement in the form attached hereto as Exhibit A into the record of the

plaintiff's **individual lawsuit** . . . by no later than **April 11, 2018**." *Id.* at 3 (italicized emphasis added). Related plaintiffs Roderic Wright (Case No. 13-1091), Barbara Wright (Case No. 13-2420), and Destin Development LLC (Case No. 13-834) failed to file PTO 65 statements by the April 11 deadline and, accordingly, these plaintiffs were identified on Exhibit 3 of the Show Cause Order for failure to make any PTO 65 submission. Show Cause Order, Ex. 3 at 1, 6.

On June 15, 2018, attorney Tucker Byrd of Byrd Campbell, P.A. filed responses to the Show Cause Order on behalf of the Wrights and Destin Development LLC, stating in each response that these plaintiffs had failed to submit PTO 65 statements because Mr. Byrd, who has been their counsel of record since November 9, 2016, failed to register with File & ServeXpress and therefore was not aware of PTO 65 (which was issued over a year into Mr. Byrd's representation of these plaintiffs). (Rec. Docs. 24613; 24614; 24615.) Mr. Byrd contends that plaintiffs and counsel "diligently reviewed the docket in this case to determine whether an Order had been entered allowing the case to proceed." *See, e.g.*, (Rec. Doc. 24613 at ¶ 4). Yet, it is implausible that a diligent review for *a year and a half* during counsel's representation of plaintiffs in these proceedings failed to alert him to the fact that filings were being made in MDL 2179 for which he was not receiving electronic notification as he expected to do. *Id.*

In any event, this purported year-and-a-half-long oversight by counsel does not excuse plaintiffs' failure to comply with PTO 65. *See In re Pollak*, 223 F. App'x 309, 310 (5th Cir. 2007) (holding no excusable neglect exists where appellant alleged "misinformation" from counsel caused his untimely filing). This Court has previously rejected similar arguments seeking to excuse unintentional untimeliness by represented parties in these proceedings, and has dismissed the B1 claims of numerous plaintiffs who failed to timely comply with prior pretrial

orders, such as PTO 60 and PTO 64. *See, e.g.* (Rec. Doc. 22003 at 14, 18-19, 25-27); (Rec. Doc. 23649 at 4).

Consistent with the Court's prior rulings and PTO 65, the three untimely PTO 65 submissions by Byrd Campbell PA on behalf of plaintiffs Roderic Wright, Barbara Wright, and Destin Development LLC should be rejected and those plaintiffs' B1 claims should be dismissed.

## II.     Brent Coon Response (Rec. Doc. 24618)

On April 9, 2018, Plaintiffs Fractional Real Estate Advisors, LLC ("FREA") and Prepaid Real Estate of Florida, LLC ("PREF") filed PTO 65 statements in Case No. 16-6280. Each of these PTO 65 statements was signed by Mark Canfora, who identified himself as "the Sole Member, Owner and Operator" of each of FREA (Case No. 16-6280, Rec. Doc. 6 at 6) and PREF (Case No. 16-6280, Rec. Doc. 7 at 6). The attachments to each of the PTO 65 statements alleged losses on behalf of "Mark Canfora a/o Fractional Real Estate Advisors, LLC" (Case No. 16-6280, Rec. Doc. 6 at 20) and "Mark Canfora dba Prepaid Real Estate of Florida, LLC" (Case No. 16-6280, Rec. Doc. 7 at 22), respectively. No other PTO 65 statement was filed in Case No. 16-6280 or by Mark Canfora in his individual capacity.[1]  On June 5, 2018, Plaintiffs FREA and PREF filed a Notice of Voluntary Dismissal(s) with Prejudice (Case No. 16-6280, Rec. Doc. 8) dismissing their claims and cases with prejudice, including Case No. 16-6280.

On June 15, Brent Coon & Associates ("BCA") filed a response to the Show Cause Order (Rec. Doc. 24618) ("BCA Response") asking the Court to deem Mark Canfora an individual plaintiff who is compliant with PTO 65. The BCA Response contended that the PTO 65 statement filed for FREA was filed on behalf of both FREA as a business and Mark Canfora

---

[1]   Canfora individually has never been a plaintiff in Case No. 16-6280. He was, at one point, listed as a plaintiff in Case No. 16-6303; he did not file a PTO 65 statement in that case either.

3

individually and, therefore, renders Canfora compliant with PTO 65. (Rec. Doc. 24618 at 2-3.) This argument is unavailing for four reasons.

*First*, Canfora was required to submit *his own* PTO 65 statement, which he failed to do. PTO 65 required "Each Remaining B1 Plaintiff" to file their own verified statement. PTO 65 at 3. The PTO 65 statement for FREA (Case No. 16-6280, Rec. Doc. 6) cannot double as a PTO 65 statement for Mark Canfora individually.

*Second*, the PTO 65 statement filed by FREA never purports to be a joint submission with Canfora. FREA's PTO 65 statement was filed in Case No. 16-6280 (to which Canfora individually is not a party), was docketed in that action as "Statement by Fractional Real Estate Advisors, LLC PTO 65 (Coon, Brent) (Entered: 04/09/2018)" (not as a joint submission with Canfora), and the printed plaintiff name on the attestation page of FREA's PTO 65 statement lists only Fractional Real Estate Advisors LLC, with Canfora signing merely in his capacity as its "Sole Member, Owner and Manager." (Case No. 16-6280, Rec. Doc. 6.) Nor did that statement break out the losses alleged on behalf of Canfora individually from the losses alleged on behalf of FREA or otherwise indicate that it was purporting to satisfy PTO 65 on behalf of two distinct plaintiffs.

*Third*, even if the FREA statement could double as a statement for Canfora (which it cannot), Canfora was required to file his PTO 65 statement in his own case, which he likewise failed to do. Canfora is not and has never been a plaintiff in Case No. 16-6280. Thus, any statement purportedly filed on his behalf in that case would nevertheless violate PTO 65, which requires filing the statement in "the plaintiff's **individual lawsuit**." PTO 65 at 3 (emphasis in original).

*Fourth*, FREA and PREF have settled their claims with BP and have voluntarily dismissed Case No. 16-6280 with prejudice. (Case No. 16-6280, Rec. Doc. 8.) Thus, any of Canfora's claims that may have been asserted as part of FREA's and PREF's claims in that case, including any such claims identified in FREA's PTO 65 statement, have been settled and dismissed.

Accordingly, the Court should reject the request for Mark Canfora to be deemed compliant with PTO 65 and, to the extent clarification of Canfora's status is needed, should find that Canfora is not a Remaining B1 Plaintiff in MDL 2179.

### III.    Buzbee Response (Rec. Docs. 24617, 24560, 24612)

#### A.    S.C.P.P. El Chamizal, S.C. de R.L. (Case No. 16-4388), Martin Perez (Case No. 16-4548), and Francisco Roman (Case No. 16-4573)

On June 15, 2018, the Buzbee Law Firm filed its Response to Order to Show Cause re: Compliance with PTO 65 (Rec. Doc. 24617) ("Buzbee Response") requesting that three plaintiffs identified in Exhibit 2 of the Show Cause Order as having materially deficient PTO 65 submissions be allowed to amend their PTO 65 submissions to cure those deficiencies and that the amendments be deemed to have been timely filed. Of those three plaintiffs, two were identified as having failed to submit a "wet ink" signature with their initial PTO 65 submissions (Martin Perez and Francisco Roman) and one was identified as having failed to provide a damages amount in response to Question 1 of its PTO 65 statement (S.C.P.P. El Chamizal, S.C. de R.L.). *See* Show Cause Order, Ex. 2.

As to plaintiffs Perez and Roman, the Buzbee Response and related Motion for Leave to Amend PTO 65 Verified Statement (Rec. Doc. 24612) state that these plaintiffs do not reside in the United States of America and returned wet ink signatures for their sworn statements "as soon as practical." (Rec. Doc. 24612 at 1-2); Buzbee Resp. at 3-4. With respect to plaintiff S.C.P.P.

El Chamizal, S.C. de R.L., the Buzbee Response and related Motion for Leave to Amend PTO 65 Verified Statement (Rec. Doc. 24560) state that this plaintiff's PTO 65 submission timely "incorporated additional pages which were inadvertently omitted" from the filing. (Rec. Doc. 24560 at 1); Buzbee Resp. at 3.

BP does not object to the amended PTO 65 submissions by plaintiffs S.C.P.P. El Chamizal, S.C. de R.L., Martin Perez, and Francisco Roman or to those three plaintiffs being deemed materially compliant with PTO 65.

### B. 243 Plaintiffs who failed to comply with PTO 65.

The Buzbee Response also requests additional time to comply for 228 plaintiffs listed on Exhibit 3 of the Show Cause Order because they failed to file a PTO 65 statement and 15 plaintiffs listed on Exhibit 2 of the Show Cause Order (aside from Perez, Roman, and S.C.P.P. El Chamizal, S.C. de R.L.) because they failed to sign the PTO 65 statements submitted on their behalf. As to these 243 plaintiffs (listed on Exhibit C to the Buzbee Response), all of whom are Mexican residents or businesses, the Buzbee Response "requests additional time in which to comply" "due to contact information that is no longer current, lack of receipt by the Plaintiff or their counsel." Buzbee Resp. at 4. The response gives no indication of when these 243 plaintiffs might finally comply with PTO 65.

PTO 65 was unequivocal: "**The plaintiff (not the plaintiff's attorney) must sign and date the verification and attestation at the end of this form.**" PTO 65, Ex. A at 1 (emphasis in original). The order made equally clear that "**April 11, 2018**" was the deadline to comply. *Id.* (emphasis in original). This gave plaintiffs and their counsel three months to complete, sign, and file their PTO 65 statements. As this Court has previously ruled, plaintiffs' failure to maintain appropriate communication with their counsel does not excuse their failure to to comply with the orders of this Court. *See, e.g.*, (Rec. Doc. 22003 at 19, 28-29). To allow these 243 plaintiffs an

6

indefinite extension of time to comply with PTO 65 would both undermine PTO 65 and be unfair to the hundreds of other plaintiffs who took the measures necessary to timely comply.

The Court should reject this request for an indefinite extension of time to comply with PTO 65 and should dismiss the B1 claims of the 243 non-compliant plaintiffs listed on Exhibit C of the Buzbee Response.

**IV.   John Hanks/Lady Luck Fishing Enterprises, Inc. (Rec. Doc. 24606)**

After receiving notice of the Court's PTO 65 Show Cause Order, pro se plaintiff Lucky Lady Fishing Enterprises, Inc. ("Lucky Lady") submitted his PTO 65 statement, which was docketed in this Court on June 11, 2018. BP does not object to Lucky Lady being deemed materially compliant with PTO 65.

## CONCLUSION

With the exception of plaintiffs S.C.P.P. El Chamizal, S.C. de R.L. (Case No. 16-4388), Martin Perez (Case No. 16-4548), and Francisco Roman (Case No. 16-4573) represented by the Buzbee Law Firm, who seek to amend their timely filed PTO 65 submissions in order to make them materially compliant with PTO 65, and pro se plaintiff Lucky Lady (Case No. 16-4149), the remaining plaintiffs identified on Exhibits 2 and 3 of the Show Cause Order have failed to show cause why the Court should not dismiss their B1 claims with prejudice for failing to comply with PTO 65; accordingly, BP respectfully requests that the Court dismiss those remaining plaintiffs' B1 claims with prejudice.

June 25, 2018                                    Respectfully submitted,

*/s/ Don Haycraft*

Don Haycraft (Bar #14361)
R. Keith Jarrett (Bar # 16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000

Christopher W. Keegan
(chris.keegan@kirkland.com)
Ashley E. Littlefield
(ashley.littlefield@kirkland.com)
Anna Terteryan
(anna.terteryan@kirkland.com)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone:  (415) 439-1400

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Omnibus Objections and Responses to Plaintiffs' PTO 65 Show Cause Submissions** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25 day of June, 2018.

    */s/ Don Haycraft*
    Don Haycraft