IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig<br>*Deepwater Horizon* in the Gulf<br>of Mexio, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to 12-970;<br>Bon Secour Fisheries, et al., on<br>behalf of themselves and all similarly situated,<br>vs. BP Exploration & Production, Inc. et al.<br>AND-<br>No. 18-5378; Claim ID #226479, Producers Rice Mill, Inc. | JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |

**MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

**NOW COMES,** Producers Rice Mill, Inc., Requesting Party, Claimant ID 226479 and No. 100216423, (hereinafter, "Claimant"), by and through counsel, pursuant to *Federal Rule of Appellate Procedure* 4(a)(5), and files this motion for extension of time within which to file its Notice of Appeal to the United States Court of Appeals for the Fifth Circuit from the Order and Judgment of the District Court dated June 13, 2018, which denied Claimant's Request for Discretionary Review.

1.

Claimant requests a 30-day extension of time within which to file an appeal to the United States Court of Appeals for the Fifth Circuit in this case. Good cause, or alternatively, excusable neglect, exists in order to allow Claimant and its counsel time to conduct a full and final investigation to determine whether an appeal should be filed.

2.

"Good cause . . . generally refers to circumstances where there is no fault, excusable or not. The need for the extension is occasioned by something not within the control of the party seeking the extension." Federal Appeals Jurisdiction and Practice § 9:1 (2018 ed.).

1

3.

Claimant's counsel did not have access to the docket in order to review the Order and Judgment that was entered on June 13, 2018, until several days later. Because the court docket was restricted, the undersigned counsel's secretary had to call the Clerk's Office for the Eastern District of Louisiana in order to gain access, as the undersigned was somehow not listed as counsel of record for Claimant despite having represented Claimant throughout the entirety of this claim since it was filed in 2013.

4.

Claimant also submits that excusable neglect is present for a 30-day extension whether to file a Notice of Appeal. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court held that "neglect" includes "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." 507 U.S. 380, 381 (1993). "The determination of whether neglect is 'excusable' is equitable and the district court considers prejudice to the nonmovant, the length of the movant's delay in seeking to file the notice of appeal, the potential impact of that delay on judicial proceedings, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith." Federal Appeals Jurisdiction and Practice § 9:1 (2018 ed.)

5.

This motion is not filed for purposes of unnecessary delay or harassment and BP will suffer no prejudice if this Court grants an extension of thirty (30) days within which Claimant may elect to file an appeal.

6.

Claimant is filing this motion for an extension of time within the allotted 30-day time period for filing a notice of appeal; thus, there is an absence of any delay.

7.

The potential delay that the requested thirty (30) day extension would cause to judicial proceedings is minimal, if any. Claimant filed its BEL claim in 2013. Accordingly, a request for a thirty (30) day extension in which to determine whether to file an appeal to the United States Court of Appeals for the Fifth Circuit is slight, and does not raise concerns of judicial economy.

8.

Claimant maintains its position that its Final Eligibility Award was erroneously calculated by the Administrator and the Appeal Panel following BP's Appeal because the Eligibility Award should be increased in order to comply with the Settlement Agreement and Order under the Baseball Process. Nevertheless, the parties may be able to resolve the error among themselves and, if not, counsel for Claimant requests additional time to conduct legal research into the Baseball Process procedures in this venue and others.  Thus far, legal precedents and information on the Baseball Process have been difficult to find under traditional legal research tools.

9.

Finally, Claimant must perform a cost/benefit analysis to determine whether an appeal to the United States Court of Appeals for the Fifth Circuit is its best course of action at this juncture.  This issue involves a full Board Meeting for Claimant's Board of Directors who will not meet again until after the initial deadline for appeal expires.  Due to the depth and breadth of these issues, Claimant requests an extension so that its full Board of Directors may consider its alternatives and make such a weighty decision collectively.

3

10.

Claimant has acted in good faith on this request and has conferred with counsel for BP to confirm whether BP opposes the requested extension, but has not received any response to such request.

**WHEREFORE**, Claimant requests an extension of time of thirty (30) days within which to file its notice of appeal to the United States Court of Appeals for the Fifth Circuit as shown above.

**RESPECTFULLY SUBMITTED,** this, the 12th day of July, 2018.

                         **PRODUCER'S RICE MILL, INC.**
                         **CLAIMANT ID 226479**

        **BY:**    **/s/ R. Brittain Virden**
                        **R. BRITTAIN VIRDEN, MSB No. 10022**

**OF COUNSEL:**

**CAMPBELL DELONG, LLP**
**923 Washington Avenue (38701)**
**Post Office Box 1856**
**Greenville, Mississippi 38702-1856**
**Telephone: (662) 335-6011**
**Facsimile: (662) 334-6407**
**E-mail: bvirden@campbelldelongllp.com**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on **July 12, 2018**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

**Don Keller Haycraft**
Liskow & Lewis (New Orleans)
One Shell Square
701 Poydras St., Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: dkhaycraft@liskow.com

**Daniel A. Cantor**
Arnold & Porter and Kaye Scholer LLP (Washington DC)
601 Massachusetts Ave. NW
Washington, DC 20001
202-942-5765
Fax: 202-942-5999
Email: daniel.cantor@aporter.com

**Devin C. Reid**
Liskow & Lewis (New Orleans)
One Shell Square
701 Poydras St., Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: dcreid@liskow.com

**J. Andrew Langan**
Kirkland & Ellis, LLP (Chicago)
300 N. LaSalle
Chicago, IL 60654
312-862-2000
Email: andrew.langan@kirkland.com

**Jeffrey Bossert Clark**
Kirkland & Ellis, LLP (Washington)
655 15th Street, N.W., Suite 1200
Washington, DC 20005
202-879-5152
Email: jclark@kirkland.com

5

**Martin R. Martos , II**
Kirkland & Ellis, LLP (Chicago)
300 N. LaSalle
Chicago, IL 60654
312-862-2000
Email: martin.martos@kirkland.com

**Russell Keith Jarrett**
Liskow & Lewis (New Orleans)
One Shell Square
701 Poydras St., Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: rkjarrett@liskow.com

**Sarah E. Warlick**
Arnold & Porter and Kaye Scholer LLP (Washington DC)
601 Massachusetts Ave. NW
Washington, DC 20001
202-942-6409
Email: sarah.warlick@aporter.com

**Stephen J. Herman**
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892
Email: Sherman@hhklawfirm.com

**James P. Roy**
Domengeaux, Wright, Roy & Edwards (Lafayette)
556 Jefferson St, Suite 500
Lafayette, LA 70502
337-233-3033
Email: jimr@wrightroy.com

**Patrick J. Hron**
Deepwater Horizon Economic Settlement Program
935 Gravier St., Suite 1905
New Orleans, LA 70112
504-826-8552
Email: phron@dheclaims.com

                                                    **/s/ R. Brittain Virden**
                                                    **R. BRITTAIN VIRDEN**