IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION: J** |
| | * | |
| | * | **JUDGE BARBIER** |
| **This Document Relates To:** | * | |
| *Pleadings Bundle B1* | * | **MAG. JUDGE SHUSHAN** |

| | | |
|---|---|---|
| **ESTATE OF WILLIAM PATRICK KINSER,** | * | |
| | * | |
| *Plaintiff,* | * | **CIVIL ACTION No. 16-60220** |
| | * | |
| v. | * | **SECTION J** |
| | * | |
| **BP EXPLORATION AND PRODUCTION,** | * | **JUDGE BARBIER** |
| **INC.; BP AMERICA PRODUCTION** | * | |
| **COMPANY; TRANSOCEAN OFFSHORE** | * | **MAG. JUDGE WILKINSON** |
| **DEEPWATER DRILLING, INC.;** | * | |
| **TRANSOCEAN HOLDINGS, LLC;** | * | |
| **TRANSOCEAN DEEPWATER, INC;** | * | |
| **HALLIBURTON ENERGY SERVICES, INC.;** | * | |
| **AND SPERRY DRILLING SERVICES INC.,** | * | |
| | * | |
| *Defendants.* | * | |

## MOTION FOR CLARIFICATION; OR IN THE ALTERNATIVE; MOTION TO DEEM PLAINTIFF'S COMPLAINT COMPLIANT WITH PTO 60 AND SUBJECT TO FURTHER PROCEEDINGS

The PLAINTIFF, ESTATE OF WILLIAM PATRICK KINSER, through undersigned counsel files this Motion for Clarification; or in the Alternative; Motion to Deem Plaintiff's Complaint Compliant with PTO 60 and Subject to Further Proceedings and in support thereof states:

1

1. Plaintiff's counsel was out of the country when the Court issued its Order to Show Cause re: Compliance with PTO 65 on May 25, 2018.[1] In the Order, the Court attached four Exhibits which list various claimants and stated what if anything was required for those claimants to remain compliant with the Court's case management order, PTO 65.

2. Among the Exhibits was EXHIBIT 4 which listed claimants who filed PTO 65 statements but were not required to because they were previously dismissed or not B1 Pleading Plaintiffs.

3. Among those listed on EXHIBIT 4 was William Patrick Kinser, Case No. 16-06220. Next to his name and case number is a comment which states that he "[D]id not comply with PTO 60, Claims dismissed by Rec. Doc. 20996 or 22033."

4. Mr. Kinser timely filed an individual complaint on May 16, 2016 with an executed "PTO 60 Exhibit A Sworn Statement" attached. (See Exhibit A- Complaint)

5. According to the Rec. Docs. 20996 and 22003 which both have Exhibit lists containing clients who had their claims dismissed for failing to comply with PTO 60, Mr. Kinser's name does not appear on either Order or Exhibit.

6. Since Mr. Kinser's name or case number did not appear on either Orders dismissing claimants and there has been no notification of dismissal on the docket of Mr. Kinser's case; Plaintiff's counsel is unsure as to why or when Mr. Kinser's case would have been dismissed.

7. Plaintiff under the good faith belief that Mr. Kinser's claim is not subject to dismissal pursuant to Rec. Docs. 20996 and 22033 filed their response to PTO 65.

---

[1] The undersigned and his wife were out of the country until Tuesday May 29th while the Associate covering the office was out of the country from Friday May 25, 2018 through June 12, 2018. No one in the office became aware of this Order until the July 10, 2018 Order re PTO 65 Compliance (Rec. Doc. 24686). The order came in on one of the two days we were both out of the office.

8. According to the District Court's docket for Mr. Kinser, there has been no Order of Dismissal or any Order that states his claim has been dismissed. (Exhibit B – Docket Sheet for Case Number 2:16-cv-06220)

9. Since Mr. Kinser has complied with PTO 60 and PTO 65, Mr. Kinser's claim should not be dismissed.

10. Plaintiff was not under any suspicion that his claim had been dismissed and even inquired with the Neutrals as to why Mr. Kinser, who should be PTO 60 and PTO 65 compliant, was not offered a settlement after timely filing their PTO 65 Statement. All the other Plaintiffs represented by Plaintiff's counsel who were PTO 60 and PTO 65 compliant received offers.

11. Plaintiff's case should not be dismissed since they have complied with all case management orders.

**WHEREFORE** Plaintiff requests the Court clarify the status of *Kinser v BP*, Case No. 16-06220, or in the alternative vacate the dismissal of Mr. Kinser's case and deem him compliant with PTO 60 and PTO 65 and subject to further proceedings of the Court.

Respectfully Submitted

/s/ Douglas S. Lyons
DOUGLAS S. LYONS
Fla. Bar No.: 128277
Lyons & Farrar, P.A.
1637 Metropolitan Blvd., Ste. A-2
Tallahassee, Florida 32308
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
dougl@lyonsandfarrar.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Clarification, or in the Alternative, Motion to Deem Complaint Compliant has been served on all counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179; this 12th day of July, 2018.

/s/ Douglas S. Lyons
Douglas S. Lyons