IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION: J** |
| | * | |
| | * | **JUDGE BARBIER** |
| **This Document Relates To:** | * | |
| *Pleadings Bundle B1* | * | **MAG. JUDGE SHUSHAN** |

| | | |
|---|---|---|
| **ESTATE OF WILLIAM PATRICK KINSER,** | * | |
| | * | |
| *Plaintiff,* | * | **CIVIL ACTION No. 16-60220** |
| | * | |
| v. | * | **SECTION J** |
| | * | |
| **BP EXPLORATION AND PRODUCTION,** | * | **JUDGE BARBIER** |
| **INC.; BP AMERICA PRODUCTION** | * | |
| **COMPANY; TRANSOCEAN OFFSHORE** | * | **MAG. JUDGE WILKINSON** |
| **DEEPWATER DRILLING, INC.;** | * | |
| **TRANSOCEAN HOLDINGS, LLC;** | * | |
| **TRANSOCEAN DEEPWATER, INC;** | * | |
| **HALLIBURTON ENERGY SERVICES, INC.;** | * | |
| **AND SPERRY DRILLING SERVICES INC.,** | * | |
| | * | |
| *Defendants.* | * | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION; OR IN THE ALTERNATIVE; MOTION TO DEEM PLAINTIFF'S COMPLAINT COMPLIANT WITH PTO 60 AND SUBJECT TO FURTHER PROCEEDINGS**

The PLAINTIFF, ESTATE OF WILLIAM PATRICK KINSER, through undersigned counsel files this Memorandum of Law in support of Plaintiff's Motion for Clarification; or in the Alternative; Motion to Deem Plaintiff's Complaint Compliant with PTO 60 and Subject to Further Proceedings and in support thereof states:

1. Mr. Kinser was initially a Plaintiff in *Jensen Beach Marketing et al. v. BP.*, *et al*.; Case Number 2:13-cv-01439, a consolidated complaint the undersigned filed against Defendants on April 19, 2013.

2. Mr. Kinser timely filed an individual complaint on May 16, 2016 with an executed "PTO 60 Exhibit A Sworn Statement" attached pursuant to case management order PTO 60.

3. In the Order to Show Cause re: Compliance with PTO 65 on May 25, 2018, the Court attached four Exhibits which list various claimants and stated what if anything was required for those claimants to remain compliant with the Court's case management order, PTO 65.

4. Among the Exhibits was EXHIBIT 4 which listed claimants who filed PTO 65 statements but were not required to because they were previously dismissed or not B1 Pleading Plaintiffs.

5. Among those listed on EXHIBIT 4 was William Patrick Kinser, Case No. 16-06220. Next to his name and case number is a comment which states that he "[D]id not comply with PTO 60, Claims dismissed by Rec. Doc. 20996 or 22033."

6. According to the Rec. Docs. 20996 and 22003 which both have Exhibit lists containing clients who had their claims dismissed for failing to comply with PTO 60, Mr. Kinser's name does not appear on either Order or Exhibit.

7. Since Mr. Kinser's name or case number did not appear on either Orders dismissing claimants and there has been no notification of dismissal on the docket of Mr. Kinser's case; Plaintiff's counsel is unsure as to why or when Mr. Kinser's case would have been reflected as dismissed.

8. Plaintiff under the good faith belief that their claim is not subject to dismissal pursuant to Rec. Docs. 20996 and 22033 filed their response to PTO 65.

9. According to the District Court's docket for Mr. Kinser, there has been no Order of Dismissal or any Order that states his claim has been dismissed.

10. Since Mr. Kinser has complied with PTO 60 and PTO 65, Mr. Kinser's claim should not be dismissed.

11. Plaintiff was not under any suspicion that his claim had been dismissed and even inquired with the Neutrals as to why Mr. Kinser, who should be PTO 60 and PTO 65 compliant, was not offered a settlement after timely filing their PTO 65 Statement. All the other Plaintiffs represented by Plaintiff's counsel who were PTO 60 and PTO 65 compliant received offers.

12. Plaintiff's case should not be dismissed since they have complied with all case management orders.

## MEMORANDUM OF LAW

 "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc*., 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (citation and internal quotation omitted). Clarification regarding language used in a court order is a permissible ground for such a motion. *Id*. Federal Rule of Civil Procedure 60(b)(1) provides that courts may provide relief from an order for reasons of "mistake, inadvertence, surprise, or excusable neglect." District Courts have recognized that the rule's reference to a "mistake" encompasses not only mistakes made by litigants, but also mistakes made by the Court. See, e.g., *D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 453 (D.C. Cir. 1975) (per curiam) (holding that district court abused its discretion by

failing to correct a legal error pursuant to Rule 60(b)(1)); 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2858.1 (4th ed. 2012) (discussing relief under Rule 60(b)(1) for "Court Errors and Mistakes"). The Court also has discretion to provide relief from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Plaintiff has timely filed their Motion for Relief under Fed R. Civ. P. 60(c)(1), "For reasons one, two, or three above [Rule 60(b)], the motion must be made no more than a year after entry of the judgment or order or the date of the proceeding." Plaintiff's counsel only became aware of the mistaken dismissal of Mr. Kinser's case when this court issued an Order to Show Cause Re: Compliance with PTO 65 (Rec. Doc. 24558) which included Mr. Kinser on EXHIBIT 4 as a party who complied with PTO 65 but did not need to since his case was already dismissed for failure to comply with PTO 60. Using either the date of the Order to Show Cause (Rec. Doc. 24558) or the Order re: PTO 65 Compliance (Rec. Doc 24686) Plaintiff has timely filed their motion within a reasonable time.

Defendants would not be prejudiced if this court deems Mr. Kinser has compliant with PTO 60 and PTO 65 since Mr. Kinser's counsel has acted under the belief that the case was still active. Mr. Kinser timely filed his response to the courts order to submit a verified statement pursuant to PTO 65 regarding damages and causation.

Plaintiff is unsure as to when their claims against Defendants had been dismissed for failure to comply with PTO 60.  Upon review of the Orders (Rec. Doc. 20996 or Rec. Doc. 22033 [Rec. Doc. 22003]) referenced by Order to Show Cause (Rec. Doc. 24558), Plaintiff's name or case number are not present in those Orders. Plaintiff timely filed their individual

4

Complaint on May 16, 2016 which was compliant with the PTO 60 and has timely complied with all case management orders.

According to Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding…" under certain circumstances, including (1) "mistake, inadvertence, surprise or excusable neglect". The inclusion of Mr. Kinser amongst the Plaintiffs who had their claims dismissed for failure to comply with PTO 60 is a mistake.

The court may consider multiple factors when determining whether or not to grant a Rule 60(b) Motion to Grant Relief.

> In determining whether to grant a Rule 60 motion, a court may take into account equitable principles. 11 Wright & Miller, Federal Practice and Procedure § 2857 (2d ed. 1987). "A number of cases hold that discretion ordinarily should incline toward granting rather than denying relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue." *Id*.

*Mesa v. Unocal Corp.,* No. 01-3438, 2003 U.S. Dist. LEXIS 3355, at *7 (E.D. La. Feb. 28, 2003)

The inclusion of Mr. Kinser's claim on EXHIBIT 4 of the Order to Show Cause (Rec. Doc. 24558) appears to be a mistake. Plaintiff is unaware of any Order issued by the Court which dismissed the claims of Mr. Kinser. The Order to Show Cause states that the Orders dismissing claims for failure to comply with PTO 60 are Rec. Doc. 20996 and Rec. Doc. 22033, but the "PTO 60 Reconciliation Order" [Regarding All Remaining Claims in Pleading Bundle B1] is Rec. Doc. 22003 which contained a list of claims which were dismissed for failure to comply with PTO 60. Neither Mr. Kinser's name nor case number are not on that list.

Denying Mr. Kinser's Motion would lead to irreparable harm to him and not allow his claim to be decided on its merits.

**WHEREFORE** Plaintiff requests the Court clarify the status of *Kinser v BP*, Case No. 16-06220, or in the alternative vacate the dismissal of Mr. Kinser's case and deem him compliant with PTO 60 and PTO 65 and subject to further proceedings of the Court.

Respectfully Submitted

/s/ Douglas S. Lyons
DOUGLAS S. LYONS
Fla. Bar No.: 128277
Lyons & Farrar, P.A.
1637 Metropolitan Blvd., Ste. A-2
Tallahassee, Florida 32308
(850) 222-8811 - telephone
(850) 222-5583 - facsimile
dougl@lyonsandfarrar.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Plaintiff's Motion for Clarification, or in the Alternative, Motion to Deem Complaint Compliant has been served on all counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179; this 12th day of July, 2018.

/s/ Douglas S. Lyons
Douglas S. Lyons