UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL No.:  2179<br><br>Section "J"<br>Judge Barbier |
| This Document Relates to: | Magistrate Judge Division "2"<br>Magistrate Judge Joseph C. Wilkinson, Jr. |
| 2:17-cv-06044<br>2:16-cv-03869 | |

**CLAIMANTS' VERIFIED MOTION TO VACATE JUDGMENT UNDER FRCP 60(b)(1)**

COME NOW, the Claimants, MICHELLE SPAVEN-DAFFIN and JAMES SUBLETT, by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 60(b) and file their Verified Motion to Vacate a Judgment Under Rule 60(b)(1) and state as follows:

1. On May 25, 2018, an Order to Show Cause Re: Compliance with Pretrial Order 65 ("PTO 65") (Rec. Doc. 24558) was entered. This Order provided a list of claimants who were found to be non-compliant with PTO 65, and required that the listed claimants show cause in writing as to why the Court should not dismiss their claims.

2. Notably, neither Claimants Michelle Spaven-Daffin or James Sublett, nor their undersigned counsel ever received the May 25, 2018, Order to Show Cause Re: Compliance with PTO 65.  The Court's May 25, 2018, Order was not served via File & ServeXpress as required.

3. On July 10, 2018, this Court issued the PTO 65 Compliance Order, which provided a list of claimants who complied with the Show Cause Order and those who did not. For the claimants who did not comply with the Court's Show Cause Order, the claims were dismissed with prejudice.

4. Plaintiffs Michelle Spaven-Daffin and James Sublett were listed on Exhibit 3 as being non-compliant with the Court's Show Cause Order and as a result their claims have been dismissed with prejudice.

5. However, the dismissal of their claims with prejudice was done in error. As noted above and will be further explained below, neither of the claimants nor their undersigned counsel received the May 25, 2018, Order to Show Cause Re: Compliance with PTO 65 and, as such, were unaware that the specified claims were in jeopardy of being dismissed.

6. Therefore, the undersigned submits this Verified Motion to Vacate a Judgment Under Rule 60(b)(1) and the undersigned solemnly swears that:

   a. On May 25, 2018, or at any time thereafter, neither the Claimants nor their counsel ever received the Order to Show Cause Re: Compliance with PTO 65.

   b. Had the Claimants and their counsel been aware that their claims were non-compliant with PTO 65, they would have submitted the necessary written response within the deadline to prevent dismissal.

   c. The failure to comply with the subject Order to Show Cause was not intentional and occurred only because the Claimants and their counsel were unaware that the specified Order had been filed.

d. In support, Claimants have attached hereto both the Case History Search and the Daily Docket Search, which were obtained from File & ServeXpress. *See* Exhibits A and B.

e. The File & ServeXpress Case History Search and Daily Docket Search for the BP Oil Spill litigation provides an exhaustive list of Court filings served on Claimants' counsel. A review of the Case History and Daily Docket Search documents show that the Court's May 25, 2018, Order to Show Cause [Doc. 24558] was never posted to File & ServeXpress and, therefore, was never served on counsel.

f. The Claimants' counsel normally receive notification of all Court filings via File & ServeXpress.

g. The Claimants maintain that the failure to receive notice of, and thus failure to comply with, the Order to Show Cause was not the result of oversight or carelessness, but instead was because the Court's Order was not posted to File & ServeXpress and, by extension, not served on counsel.

h. Rather, the Claimants and counsel were never made aware that these specified claims needed to submit written responses to cure the deficiencies that ultimately led to the claims being dismissed because claimants counsel never received the Order.

i. Upon receipt of the July 10, 2018, Order, Claimants investigated the issue in an effort to discern what had happened and what steps needed to be taken in order to remedy the issue.

7. Federal Rules of Civil Procedure Rule 60(b)(1) states "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.

8. As held by the Court in *Buggs v. Elgin, Joliet & E. Ry. Co.,* 852 F.2d 318 (7th Cir. 1988), Rule 60(b)(1) empowers district courts to "relieve a party ... from a final judgment ... for ... inadvertence. The inadvertence can be on the part of the court rather than the parties." 852 F.2d at 322. The Court in *Buggs* had failed to include certain benefits in its Order on its own error which was not attributable to the parties. As a result, Rule 60(b)(1) was the "proper procedural vehicle to correct the [] oversight." *Id.*

9. Similarly, the failure to receive the Order to Show Cause was the result of mistake and/or inadvertence and was not attributable to the Claimants, and as a result, the Claimants should be entitled to relief under FRCP 60(b)(1).

10. Furthermore, the Claimants file this motion less than a week after learning that their claims have been dismissed, which is well within the "reasonable time" frame required by FRCP 60(c).

WHEREFORE the Plaintiff respectfully requests that this Honorable Court grant the Plaintiffs' Verified Motion to Vacate a Judgment Under Rule 60(b)(1), and provide the Claimants with the opportunity to Show Cause as to why the Court should not dismiss their claims.

## VERIFICATION

Before me comes the undersigned authority, personally appeared JESSE S. FULTON who was sworn and says the foregoing motion is true.

_____
JESSE S. FULTON

STATE OF FLORIDA            )
                            ) SS:
COUNTY OF BROWARD           )

The foregoing instrument was acknowledged before me this 17th day of July 2018, by Jesse S. Fulton who is personally known to me and who did take an oath.

_____
Signature of person taking acknowledgment

Holly M Potts
Name of officer taking acknowledgment



HOLLY M. POTTS
Commission # GG 125899
Expires October 11, 2021
Bonded Thru Troy Fain Insurance 800-385-7019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of July 2018.

KRUPNICK, CAMPBELL, MALONE,
BUSER, SLAMA, HANCOCK,
LIBERMAN, P.A.


By: /s/   Kelley B. Stewart

Kelley B. Stewart, Esquire
    Florida Bar Number:  492132
    kstewart@krupnicklaw.com
Michael J. Ryan, Esquire
    Florida Bar Number:  975990
    mryan@krupnicklaw.com
Joseph J. Slama, Esquire
    Florida Bar Number:  476171
    jslama@krupnicklaw.com
Jesse S. Fulton, Esquire
    Florida Bar Number:  112495
    jfulton@krupnicklaw.com
Kevin A. Malone, Esquire
    Florida Bar Number:  224499
    kmalone@krupnicklaw.com
Carlos A. Acevedo, Esquire
    Florida Bar Number:  0097771
    cacevedo@krupnicklaw.com
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida  33301-3434
954-763-8181 telephone
954-763-8292 facsimile

and

Michael G. Stag, Esquire
    Louisiana Bar Number:  23314
    mstag@smithstag.com
Merritt E. Cunningham
    Louisiana Bar Number:  32843
    mcunningham@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana  70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

*Attorneys for Plaintiffs*