# EXHIBIT 1

## AFFIDAVIT OF WESLEY A. BOWDEN

I, WESLEY A. BOWDEN, after first being duly sworn upon oath, depose and state as follows:

1. My name is Wesley A. Bowden, I am an adult over the age of 18 residing in the State of Florida.

2. I have been licensed to practice law in the State of Florida and have been practicing since April 2009.

3. I am a shareholder in the law firm of Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.

4. I routinely monitor Beach Community Bank's individual case docket in anticipation of remand and take my responsibilities to my clients, to the Court, and my duties as an officer of the Court seriously.

5. Though I am listed as Counsel for Beach Community Bank's case, I did not receive through PACER or LexisNexis File & Serve the PTO 65 Compliance Order served on July 12, 2018 dismissing with prejudice Beach Community Bank's case. On the evening of July 12, 2018 I was forwarded the email notification of the Court's dismissal filed in Beach Community Bank's individual docket.

6. Upon learning of the dismissal, I immediately checked my files as well as our email server and confirmed that I received both the Court's PTO 65 on January 11, 2018 and the Order to Show Cause issued and May 25, 2018 via email through the general docket. Through inadvertence I did not recognize that the B1 order applied to this Plaintiff's claims. This oversight was completely unintentional and completely uncharacteristic as

is evident from my prior dealings with the Court, its appointed Neutrals, and BP.

7. I have been involved in resolving more than ninety cases filed in MDL 2179 for claimants who had either opted out or were excluded from the Deepwater Horizon Economic and Property Damages Settlement Class. Of the ninety-eight total opt-out or excluded claims my firm represented, seventeen involved claims made by banks, including Beach Community Bank. The docket will reflect that the litigation claims in which I was personally involved and for which I was personally responsible were handled competently and with respect to this Court's Pretrial and Case Management Orders.

8. For all purposes, I was the lead attorney on Beach Community Bank's case.

9. I spearheaded the efforts to develop a causation model specifically for banking claimants, consulted with retained experts and former bank auditors to assist in quantifying the banks losses, and drafted the Presentment and Complaint filed for Beach Community Bank.

10. I have met with the neutrals in an effort to resolve Beach Community Bank's claims. The discussions which involved the merits of all seventeen banking claimants I represent took place over many hours. These efforts were productive and led to the resolution of fifteen of the seventeen bank claims.

11. While Beach Community Bank was unable to resolve its claims during the initial Neutrals' process, substantial progress toward a resolution was made. During the meeting I explained to the Neutrals how the sum certain amount stated in the Presentment was derived. This included a description of the methodology utilized to quantify the

2

Plaintiff's damages, dates of when the damages were sustained, the specific evidence relied upon in formulating the damages, as well as a description of the causal link between the Macondo Well incident and the Plaintiff's injuries under the Oil Pollution Act. While the names of the Plaintiff's consulting experts were not disclosed, it was apparent to all, given the complex nature of the calculations and detailed analysis under the pertinent Financial Account Standards Board guidelines and standards, that experts had been retained and were assisting the Plaintiff in the workup of its litigation claims. In essence, all of the information required by PTO 65 was disclosed to the Neutrals during the course of our discussions.

12. The information required by PTO 65 has been disclosed previously to BP as through Presentment and the Complaint.

13. In addition to providing more than 900 pages of documents, the Plaintiff invited BP to engage in pre-trial discovery and on-going informal discovery in my Presentment letter dated January 17, 2013 as follows:

> While the Beach Community Bank has produced all necessary documents supporting its claim and sum certain damages calculation under OPA, and all necessary documents for BP to evaluate the claim, original loan files, too voluminous to produce, will be made available for inspection upon request or during the course of litigation through discovery. *See* Memorandum in Support of Plaintiff's Motion to Alter or Amend Judgment, Exhibit 3 at BCC000002.

Further affiant sayeth not.

                                                           WESLEY A. BOWDEN, ESQ.

STATE OF FLORIDA

COUNTY OF ESCAMBIA

The foregoing affidavit was acknowledged before me this  18th  day of July, 2018, by WESLEY A. BOWDEN, who is personally known to me and who acknowledged the foregoing Affidavit to be true and correct to the best of his information, knowledge and belief.

CAROLINE HANNA
NOTARY PUBLIC
Printed Name:
My Commission Expires: 2/20/22
Commission No.:

[SEAL]



CAROLINE HANNA
Commission # GG 187982
Expires February 20, 2022
Bonded Thru Budget Notary Services

4