IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179 Section: J |
| This filing relates to: *All Cases* | * * | District Judge Carl J. Barbier |
| (Including Civil Action No. 12-970) | * | |

**MEMORANDUM IN SUPPORT OF MOVANT DODSON, HOOKS & FREDERICK APLC's MOTION TO INITIATE AND ENFORCE THE SETTLEMENT'S THIRD PARTY CLAIM DISPUTE RESOLUTION PROCESS**

**MAY IT PLEASE THE COURT;**

This Motion to Initiate and Enforce the Settlement's Third Party Claim Dispute Resolution Process is brought pursuant to Court Approved Procedure No. 5 (Document 23570), which ordered that this Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of the Procedure for the Processing by the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement to Resolve Facially Payable Claims, Unresolved Third Party Claim Disputes, and Claims Subject to Bankruptcy. Movant Dodson, Hooks & Frederick APLC respectfully moves this Court to order that this claim should be resolved by the procedure created and outlined for the purpose of providing due process and an opportunity to resolve third party disputes to both Claimants and Third Party Claimants.

**I.   FACTS**

On April 11, 2013, a business economic loss claim requesting compensation and payment per the terms of the Deepwater Horizon Economic and Property Damages Settlement Agreement was filed on behalf of ROBO Equipment of Louisiana, Inc. (hereinafter "ROBO") via the Dodson,

Hooks & Frederick APLC (hereinafter "DHF") settlement claim portal. On that date, ROBO was assigned Claimant ID 100204615, Claim ID 181250. On May 4, 2017, an Eligibility Notice was issued outlining the Settlement Administrator's compensation and payment determination for Claim ID 181250.

Claim ID 181250 has been fully and finally determined to be payable (i.e., all opportunities for Re-Review, Reconsideration, Appeal, etc., as well as any applicable deadlines to request the same have expired), is no longer subject to the claims review process, and is now a "Facially Payable Claim" as defined in Court Approved Procedure No. 5.  Despite undersigned counsel's numerous attempts to work with ROBO to perform all steps required to accept the Administrator's determination and to submit a Release, Payment Documents, or other information required to pay Facially Payable Claims, ROBO refuses to execute and submit any such Release, Payment Documents, or other information to the Settlement Administrator.

On May 18, 2018, the Claims Administrator issued a Final Notice of Required Release and Payment Documents requiring submission of the required release and payment documents by no later than an Administrator assigned deadline of June 18, 2018. On May 31, 2018, undersigned counsel requested an extension of the June 18, 2018 deadline in order to provide ROBO with additional time for ongoing attempts to resolve disputes with Third Party Claimants. On June 11, 2018, undersigned counsel was notified by the Claims Administrator that the June 18, 2018 deadline had been extended to July 18, 2018. On June 15, 2018, ROBO terminated DHF's representation of Claim ID 181250 via email and phone conference. DHF submitted an AR-6 form, via both the claim portal and by email to its assigned DWH representative, thereby terminating its representation of the claim on that same day. DHF received confirmation from the Administrator on June 18, 2018 that its representation of claim 181250 was terminated.

During the pendency of Claim 181250, three Third Party Claims were filed with the Claims Administrator and posted in the Claim 181250 claim portal. Those Third Party Claims were filed by: the Internal Revenue Service, State Bank & Trust Company, and DHF. The IRS submitted a Notice of Levy to the Administrator dated October 16, 2015 and outlining a total levy of $506,277.54. The Administrator issued a Notice of Enforced Third Party Claim describing the IRS' levy of $506,277.54 on October 22, 2015. DHF, in order to protect its attorney's fee and expenses in the face of the above described Valid Third Party Claim, asserted its own Third Party Claim as directed by the Claims Administrator (See FAQ 131, 132 and 144; https://cert.gardencitygroup.com/dwh/fs/faq?.delloginType=faqs). The Administrator issued a Notice of Enforced Third Party Claim describing DHF's claim of 25% of Claimant's Settlement Payment(s) plus $9,989.50 in costs on November 3, 2015. State Bank submitted a letter to the Administrator dated May 7, 2013 outlining its lien and referring the Administrator to a series of UCC Financing Statement previously field with the Louisiana Secretary of State. The Administrator issued a Notice of Enforced Third Party Claim describing State Bank's claim of $848,077.15 on July 7, 2017.

## II.     LAW AND ARGUMENT

Court Approved Procedure No. 5, issued on October 23, 2017, establishes the rules and procedures applicable to the resolution of Facially Payable Settlement Program Claims, Unresolved Third Party Claim Disputes, and Claims Subject to Bankruptcy. As dictated by Court Approved Procedure Number 5, "claims that have been fully and finally determined to be payable (i.e., all opportunities for Re-Review, Reconsideration, Appeal, etc., as well as any applicable deadlines to request the same have expired) and are no longer subject to the claims review process are "Facially Payable Claims."" ROBO's Claim ID 181250 proceeded through the administrative

claim appeal process, and no request for discretionary review was submitted by either BP or ROBO. No applicable deadlines remain for the claim. As a result, Claim ID 181250 is a "Facially Payable Claim."

As outlined in Court Approved Procedure No. 5, the Claims Administrator has a duty to pay valid Third Party Claims while providing the Claimant and Third Party Claimant with due process and an opportunity to resolve the dispute. The due process and opportunities to resolve Third Party Claim disputes afforded to Claimants and Third Party Claimants by the Settlement do not take effect until after the claim becomes payable (i.e. the release and payment documentation has been submitted), at which time a Notice of Valid Third Party Claim would be issued by the Claims Administrator for each Enforced Third Party Claim. Court Approved Procedure 5 provides that, if a Third Party Claim dispute is not resolved by written agreement or by final decision or if the Claimant and the Third Party Claimant have not entered Dispute Resolution per the terms of the Settlement's dispute resolution procedure, that the Claims Administrator will determine the distribution of the withheld funds between the Claimant and the Third Party Claimant and issue payment of the withheld funds accordingly. However, the Settlement does not provide any opportunity to the Third Party Claimant to initiate the process available to resolve a valid Third Party Claim. As a result, a Claimant that refuses to submit the Settlement's required release and payment documentation has the ability to deny a Third Party Claimant the due process created by the Settlement for resolution of valid Third Party Claims, and prevents the Claims Administrator from fulfilling his duty to pay valid Third Party Claims.

The Third Party Claims Adjudicator applies Louisiana law in accordance with Rule 19(e) of the Rules Governing the Third Party Claims Dispute Resolution Process. The Third Party Claims Adjudicator recently held that pursuant to Louisiana Civil Code Article 3537,

"[u]ndoubtedly, Louisiana is the state whose policies would be most seriously impaired if its laws were not applied to the case," and applied the factors in the Louisiana Supreme Court's holding in *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La. 1978) to questions relating to attorney fee claims. For the same reasons, Louisiana law should also be applied to any question of injunction of the Administrator for the purpose of preventing loss or injury relating to attorney's fees. Louisiana Code of Civil Procedure Article 3601 declares that "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant."

To date, ROBO has steadfastly refused to execute and submit the required release and payment documentation. As a result of ROBO's refusal to submit the required release and payment documentation, DHF, as a Third Party Claimant that submitted a valid Third Party Claim, has been denied due process and any opportunity to resolve its claim. ROBO's refusal to submit the required release and payment documentation also creates the possibility that the Administrator will rescind any outstanding payment offer and close claim 181250 as per Court Approved Procedure No. 5, thereby permanently denying all Third Party Claimants the opportunity to enforce their claims. The loss of an ability or opportunity to enforce a claim for attorney fees that have been earned and for expenses that have been incurred represents a significant and irreparable injury, loss, or damage to movant DHF should the Claims Administrator not be enjoined from rescinding the outstanding payment offer and/or close claim 181250 prior to completion of the Third Party Claim Dispute Resolution Process.

### III. CONCLUSION

For these reasons outlined herein, Movant Dodson, Hooks & Frederick APLC respectfully moves that Court that Claimant ROBO Equipment of Louisiana, Inc. should execute and submit the Administrator required Release, Payment Documents, or other information for the Facially

Payable Claim 181250; the Deepwater Horizon Economic and Property Damages Settlement Agreement Claims Administrator should initiate the Settlement's Third Party Claim Dispute Resolution Process for Claim ID 181250; and the Deepwater Horizon Economic and Property Damages Settlement Agreement Claims Administrator should not rescind the outstanding payment offer and/or close claim 181250 prior to completion of the Third Party Claim Dispute Resolution Process.

          Respectfully submitted:

          DODSON, HOOKS

          <u>/s/ Richard J. Dodson</u>
          Richard J. Dodson (La. Bar No. 4982)
          DODSON & HOOKS, APLC
          112 Founders Drive
          Baton Rouge, LA 70810
          Telephone: 225-756-0222
          Facsimile:   225-756-0025
          e-mail:      jerry@dodsonhooks.com