# EXHIBIT 1

## AFFIDAVIT OF WESLEY A. BOWDEN

I, WESLEY A. BOWDEN, after first being duly sworn upon oath, depose and state as follows:

1. My name is Wesley A. Bowden, I am an adult over the age of 18 residing in the State of Florida.

2. I have been licensed to practice law in the State of Florida and have been practicing since April 2009.

3. I am a shareholder in the law firm of Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.

4. I routinely monitor Park National Corporation's individual case docket in anticipation of remand and take my responsibilities to my clients, to the Court, and my duties as an officer of the Court seriously.

5. Though I am listed as Counsel for Park National Corporation's case, I did not receive through PACER or LexisNexis File & Serve the order served on July 16, 2018 dismissing with prejudice Park National Corporation's case.   On the evening of July 12, 2018 I became aware of the Court's dismissal of Park National Corporation's case through a related filing in case 2:13-cv-02695.

6. Upon learning of the dismissal, I immediately checked my files as well as our email server and confirmed that I received both the Court's PTO 65 on January 11, 2018 and the Order to Show Cause issued and May 25, 2018 via email through the general docket. Through inadvertence I did not recognize that the B1 order applied to this Plaintiff's claims.  This oversight was completely unintentional and completely uncharacteristic as

is evident from my prior dealings with the Court, its appointed Neutrals, and BP.

7.  I have been involved in resolving more than ninety cases filed in MDL 2179 for claimants who had either opted out or were excluded from the Deepwater Horizon Economic and Property Damages Settlement Class.  Of the ninety-eight total opt-out or excluded claims my firm represented, seventeen involved claims made by banks, including Park National Corporation. The docket will reflect that the litigation claims in which I was personally involved and for which I was personally responsible were handled competently and with respect to this Court's Pretrial and Case Management Orders.

8.  For all purposes, I was the lead attorney on Park National Corporation's case.

9.  I spearheaded the efforts to develop a causation model specifically for banking claimants, consulted with retained experts and former bank auditors to assist in quantifying the bank's losses, and drafted the Presentment and Complaint filed for Park National Corporation.

10. I have met with the Neutrals in an effort to resolve Park National Corporation's claims. The discussions which involved the merits of all seventeen banking claimants I represent took place over many hours.  These efforts were productive and led to the resolution of fifteen of the seventeen bank claims.

11. While Park National Corporation was unable to resolve its claims during the initial Neutrals' process, substantial progress toward a resolution was made.  During the meeting I explained to the Neutrals how the sum certain amount stated in the Presentment was derived.  This included a description of the methodology utilized to quantify the

2

Plaintiff's damages, dates of when the damages were sustained, the specific evidence relied upon in formulating the damages, as well as a description of the causal link between the Macondo Well incident and the Plaintiff's injuries under the Oil Pollution Act. While the names of the Plaintiff's consulting experts were not disclosed, it was apparent to all, given the complex nature of the calculations and detailed analysis under the pertinent Financial Accounting Standards Board guidelines and standards, that experts had been retained and were assisting the Plaintiff in the workup of its litigation claims. In essence, all of the information required by PTO 65 was disclosed to the Neutrals during the course of our discussions.

12. The information required by PTO 65 has been disclosed previously to BP as through Presentment and the Complaint.

13. In addition to providing more than 1,700 pages of documents, the Plaintiff invited BP to engage in pre-trial discovery and on-going informal discovery in my Presentment letter dated January 17, 2013 as follows:

> While the Bank has produced all necessary documents supporting its claim and sum certain damages calculation under OPA, and all necessary documents for BP to evaluate the claim, original loan files, too voluminous to produce, will be made available for inspection upon request or during the course of litigation through discovery. *See* Memorandum in Support of Plaintiff's Motion to Alter or Amend Judgment, Exhibit 3 at PNC000001.

Further affiant sayeth not.

WESLEY A. BOWDEN, ESQ.

3

STATE OF FLORIDA

COUNTY OF ESCAMBIA

The foregoing affidavit was acknowledged before me this $\underline{18^{th}}$ day of July, 2018, by

WESLEY A. BOWDEN, who is personally known to me and who acknowledged the foregoing

Affidavit to be true and correct to the best of his information, knowledge and belief.



VALERIE F. GARCIA
Commission # GG 192829
Expires June 14, 2022
Bonded Thru Budget Notary Services

_Valerie F. Garcia_
NOTARY PUBLIC
Printed Name: Valerie F. Garcia
My Commission Expires: 6-14-2022
Commission No.: GG 192829

[SEAL]

4