UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION J |
| This document relates to: | JUDGE BARBIER |
| | MAGISTRATE WILKINSON |
| *Gilbert Johnson v. BP Exploration & Prod., Inc., et al* Case No. 2:16-cv-03831 | |
| *Cornelius Johnson v. BP Exploration & Prod., Inc., et al* Case No. 2:16-cv-03828 | |
| *Patricia Bailey v. BP Exploration & Prod., Inc., et al* Case No. 2:16-cv-03822 | |
| *Wilfredo Gallardo, Jr. v. BP Exploration & Prod., Inc., et al* Case No. 2:16-cv-03834 | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, plaintiffs Gilbert Johnson, Cornelius Johnson, Patricia Bailey, and Wilfredo Gallardo, Jr. move this Honorable Court to alter or amend its July 10, 2018 order dismissing plaintiffs' cases with prejudice for failure to comply with Pretrial Order 65 ("PTO 65"). Plaintiffs desire to have their cases move forward, be adjudicated on the merits, and respectfully submit that reconsideration of the Court's July 10, 2018 order is necessary to prevent a manifest injustice.

## BACKGROUND

On January 11, 2018, the Court issued PTO 65. The order required all remaining B1 bundle cases in the litigation to file verified statements regarding causation and damages by April 11, 2018. On May 25, 2018 the Court issued an order to show cause for remaining

B1 Plaintiffs who failed to comply with PTO 65. Plaintiffs, through undersigned counsel, did not respond to the Court's PTO 65 or May 25, 2018, Order to Show Cause. Undersigned counsel was never served with the May 25, 2018 Show Cause Order of this Court since it was never properly uploaded to File & ServeXpress, as evidenced by Exhibit 1 attached hereto, which shows a variety of other Orders uploaded to File & ServeXpress. What is missing from File & ServeXpress is the May 25, 2018 Order.

**ARGUMENT**

*Timeliness*

As a threshold matter, plaintiffs' Motion to Alter or Amend Judgment is timely filed as the Court's dismissal with prejudice was ordered on July 10, 2018 and entered on July 12, 2018. The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion to alter or amend under FRCP Rule 59(e), if filed within twenty-eight days of judgment, or a motion for relief from judgment under FRCP Rule 60(b), if filed more than twenty-eight days from judgment, but not more than one year after entry of judgment. *Gibson v. Gusman*, 2012 WL 3482275, at 1 (E.D. La. Aug. 15, 2012) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). Plaintiffs' motion is therefore governed by FRCP Rule 59(e) as it is filed within twenty-eight days of this Honorable Court's dismissal.

**FRCP Rule 59(e)**

Plaintiffs' burden for obtaining relief under FRCP Rule 59(e) "is not as stringent as under [FRCP] Rule 60(b)," and for the reasons discussed herein, plaintiffs have demonstrated a valid basis to justify this Court's reconsideration of its prior rulings. *Robin v. United States*, 2006 WL 2547984, at 1 (E.D. La. Aug. 30, 2006). Further, district courts have

"considerable discretion in deciding whether to grant or deny a motion to alter a judgment" and must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* (citing *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

A motion to reconsider brought under FRCP Rule 59(e) can be granted if one of the following three factors is met: 1) an intervening change in controlling law, 2) the availability of new evidence not previously available, or 3) the need to correct a clear error of law or fact *or to prevent a manifest injustice. Arrieta v. Local 745 of Int'l Bhd. of Teamsters*, 445 Fed. Appx. 760, 762 (5th Cir. 2011) (emphasis added); *See also Tauzier v. Dodge*, 1998 WL 458184, at 3 (E.D. La. Aug 4, 1998). It is the third factor under which plaintiffs seek relief.

*PTO 65*

Plaintiffs submit that no interested parties' rights have been substantively impinged upon by its non-compliance with PTO 65. In essence, the Court issued through PTO 65 a limited discovery request to help effectuate a resolution of outstanding B1 cases through its appointed Neutrals.

In PTO 65, the Court stated that it would "again authorize the Neutrals to attempt to resolve the B1 claims that remain in litigation" and further indicated that PTO 65 was "designed to facilitate the Neutrals' process." PTO 65 at 1.

In order to facilitate this process, the Court ordered that remaining B1 Plaintiffs answer the following four questions:

1. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount.

2. Describe specifically the evidence you rely on to prove the damages you allege in response to Question no. 1.

    3. Describe specifically how the Deepwater Horizon/ Macondo Well incident and oil spill caused the damages you allege in response to Question no. 1.

    4. Do you have at this time an expert who will opine as to any of your response to the above questions?

PTO 65 at 5.

While the Court certainly maintains an interest in managing its docket, it is important to note the information sought by PTO 65 **was previously disclosed in documentation previously provided to both BP and the Neutrals.** Plaintiffs also attach to this memorandum an executed and compliant PTO 65 Sworn Written Statement as Exhibits 2 through 5.

*Manifest Injustice*

There is no general definition of manifest injustice which this Court is compelled to follow. Instead, "courts evaluate whether there has been a manifest injustice on a case-by-case basis." *Hanover Ins. Co. v. Superior Labor Servs., Inc.*, 2017 WL 3582385, at 5 (E.D. La. Aug. 18, 2017) (citing *Alvarado v. Texas Rangers*, 2005 WL 1420846, at 3 (W.D. Tex. June 14, 2005)). It cannot be argued that BP lacks the information sought by the Court in PTO 65. Plaintiffs submit that a manifest injustice occurs where, as here, a defendant receives a windfall benefit it did not request while these claimants suffer the ultimate penalty of a dismissal with prejudice, for what is tantamount to a discovery violation particularly when the merits of these plaintiffs' claims have not been addressed.

*Available Remedies*

As this Court properly noted in *Barbarin v. Goodwill Industries Sela, Inc.*, "[t]he dismissal of an action with prejudice is a drastic remedy and should be applied only in extreme circumstances." *Barbarin v. Goodwill Industries Sela, Inc.*, 2007 WL 1655746, at 1-2 (E.D.

La. June 6, 2007) (citing *Bon Air Hotel v. Time*, 376 F.2d 118, 121 (5th Cir. 1967)).  This Court further noted, "because of the severity of the sanction, dismissal with prejudice for failure to comply with a discovery order typically is appropriate only when the refusal to comply results from willfulness or bad faith accompanied by a clear record of delay or contumacious conduct, is attributable to the client rather than the attorney, and substantially prejudices the opposing party, and when a lesser sanction is an insufficient deterrent." *Id.* (citing *Coane v. Ferrar Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

Non-compliance with PTO 65 in this case was due to this Court's May 25, 2018 Order not being served upon undersigned counsel via File & ServeXpress as required. Plaintiffs and undersigned counsel were unaware that their specific claims were in jeopardy of being dismissed. The failure to comply with this Court's Order to Show Cause was not intentional and only occurred because plaintiffs were unaware that the Order had been filed. In support, plaintiffs attach here Exhibit 1, a print out from File & ServeXpress which shows all of the matters uploaded to File & ServeXpress for May 25, 2018. Noticeably missing is the Show Cause Order of this Court. Claimant's counsel normally receives notifications of all Court filings via File & ServeXpress. Upon receipt of the July 10, 2018 Order dismissing plaintiffs' claims, undersigned counsel investigated this in an effort to understand what occurred to result in these plaintiffs' claims being dismissed with prejudice.

Further, the record is devoid of any willfulness or bad faith and there is no record of delay or otherwise "contumacious" conduct.  Indeed, the record reflects adherence to all other pretrial orders issued by the Court, and these plaintiffs have consistently responded to all prior Neutral requests. Compliance with PTO 65 is attached here as Exhibits 2 through 5. Furthermore, neither BP nor the Neutrals have been

prejudiced by these plaintiffs' non-compliance, **as both were previously provided with the information sought by PTO 65, as evidenced by exhibits 6** *et seq.* **attached here.**

As the non-compliance with PTO 65 was not willful and is accompanied by a clear record of otherwise adhering to the Court's orders and requests made by the Neutrals, plaintiffs respectfully submit that dismissal of their cases with prejudice is too drastic of a remedy.

### FRCP Rule 60(b)(1)

FRCP Rule 60(b)(1) permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 393 (1993). As would be applicable in the case at hand, "[i]f a party is to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Id.* Thus, if the present motion were made outside of the twenty-eight-day period applicable to FRCP Rule 59(e) the relief sought would be pursuant to FRCP Rule 60(b)(1). Although this motion is governed by FRCP Rule 59(e), the more restrictive analysis under FRCP Rule 60(b) is illustrative and also favors granting plaintiffs' request for relief.

The Fifth Circuit has adopted the formulation of excusable neglect as set forth by the Supreme Court in *Pioneer Investment Services v. Burnswick Assocs. Ltd. P'Ship. Mesa v. Unocal Corp.*, 2003 WL 943639, at 3 (E.D. La. Mar. 5, 2003). In *Pioneer*, the Supreme Court provided:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstance surrounding the party's omission. These include… the danger of prejudice, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Investment* at 395. *See also In re Deepwater Horizon*, 641 Fed. Appx 405, 409 fn. 5 (5th

Cir. 2016) (noting the factors the 5th Circuit applies are: 1) danger of prejudice to the opposing party, 2) the length of delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith).

*Pioneer Investment Factors*

1. *Danger of prejudice*

There is no danger of prejudice to the opposing party. The information sought through PTO 65 has already been disclosed to BP through the Plaintiff's detailed complaint and past documentation submitted to both BP and the neutrals as discussed above and evidenced by Exhibits 6 *et seq.* The documentation, which the Plaintiff has already disclosed to BP and is still valid, **exceeds the scope of information sought though PTO 65,** and no potential prejudice can be alleged by BP due to plaintiffs' non-compliance with the Court's Order.

Similarly, the Neutrals were provided with supporting documentation during the previous Neutral settlement process. Counsel has previously argued to the Neutrals the specific damages claimed in each plaintiff's lawsuit, the nature of the damages, the amount of damages and the calculations used to arrive at its damage figure. Further, Counsel identified the information it relied upon to prove the damages and how the Deepwater Horizon / Macondo Well incident was causally related to the damages sought.

This factor weighs in favor of granting Plaintiff's request for relief.

2. *Length of delay*

The length of delay in this case resulting from plaintiffs' non-compliance with PTO 65 amounts to approximately three months and one week, counting from the date responses to PTO 65 were due to the date of this motion. This delay does not severely disadvantage either

BP or the Neutrals **as the information sought in PTO 65 was already known to all concerned parties for reasons discussed above.** Further, all proceedings in B1 bundle cases are otherwise stayed pursuant to PTO 1 and PTO 25.

This factor weighs in favor of granting plaintiffs' request for relief.

3. *Reason for the delay*

The plaintiffs' justification for not responding to PTO 65 is that it was unintentional and the result of undersigned counsel not receiving proper notification of this Court's Show Cause Order of May 25, 2018 because it was not properly served upon undersigned counsel via File and ServeXpress as is required in this matter (see Exhibit 1 as discussed above). This factor weighs in favor of granting plaintiffs' request for relief.

4. *Good Faith*

There is no indication in the record that the plaintiffs have not acted in good faith. This factor also weighs in favor of granting plaintiffs' request for relief.

*Fifth Factor*

Other jurisdictions have recognized a fifth factor to be taken into account when assessing whether a motion pursuant to FRCP Rule 60(b) should be granted under the *Pioneer* analysis: "whether clients should be penalized for their counsel's mistake or neglect." *See In re Beltrami Enterprises Inc.*, 178 B.R. 389, 393 (Bankr. M.D. Pa. 1994). Here, the interests of justice weigh against penalizing plaintiffs for something beyond their control.

*Balancing Factors*

The factors recognized in *Pioneer* should not be given equal weight in the determination of excusable neglect. Even when the reason for delay weights against the claimant but the danger of prejudice, length of delay, and good-faith factors are in favor or the claimant, the court may find excusable neglect if the facts and circumstances of the case so require. *In re Laclede*

*Cab. Co.*, 186 B.R. 688, 690 (Bankr. E.D. Mo. 1995).

In the instant case, all factors heavily weigh in favor of granting relief. Even if the Court were to find that the reason for delay did not weigh in favor of the plaintiffs, this Court would still be within its discretion to grant the requested relief. *See Id.*

*Court Discretion*

This District has previously noted that the district courts enjoy considerable discretion in determining whether a moving party has established excusable neglect under the formulation espoused in *Pioneer*. *Id.* at 2 (citing *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)); *United States v. O'Keefe*, 169 F.3d 281, 286 (5th Cir. 1999) ("It is well recognized that a motion for relief from a civil judgment under Rule 60(b) is addressed to the discretion of the court."). In addressing FRCP Rule 60(b)(1) motions, this Court, along with others in the district, has properly noted that the discretion exercised, "ordinarily should incline toward granting rather than denying relief, *especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue.*" *Schwab v. Medfirst Health Plans of Louisiana*, 2000 WL 364984, at 2 (E.D. La. Apr. 7, 2000) (emphasis added); *See also Mesa* at 3. The general policy favoring relief under FRCP Rule 60(b) is particularly applicable in cases, such as this, where the merits of the Plaintiff's claims have never been considered. *Mesa* at 2 (citing 11 Wright & Miller, *Federal Practice and Procedure* § 2857 (2d. ed. 1987).

**CONCLUSION**

Wherefore, the plaintiffs respectfully request that this Honorable Court alter or amend its judgment to reinstate plaintiffs' cases as prayed for, along with any and all other relief needed so that plaintiffs' claims may proceed to be adjudicated on its merits.

Respectfully submitted,

 /s/ Darleen M. Jacobs
DARLEEN M. JACOBS (#7208)
*A Professional Law Corporation*
823 St. Louis Street
New Orleans, Louisiana 70112
(504) 522-0155 and (504) 522-3287
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that I have on this 23rd day of July, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all participants using the ECF system and will send a notice of electronic filing in accordance with the procedures established in the MDL 2179.

 /s/Darleen M. Jacobs
DARLEEN M. JACOBS

Respectfully submitted,

 /s/ Darleen M. Jacobs
DARLEEN M. JACOBS (#7208)
*A Professional Law Corporation*
823 St. Louis Street
New Orleans, Louisiana 70112
(504) 522-0155 and (504) 522-3287
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that I have on this 23rd day of July, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all participants using the ECF system and will send a notice of electronic filing in accordance with the procedures established in the MDL 2179.

 /s/Darleen M. Jacobs
DARLEEN M. JACOBS