# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30777
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 28, 2018
Lyle W. Cayce
Clerk

In Re: Deepwater Horizon

———————————————————————

PORTO CASTELO, INCORPORATED

              Plaintiff-Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.

              Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

  This appeal arises from a Business Economic Loss (BEL) claim filed under the Court Supervised Settlement Program (CSSP) established by the class action settlement of civil claims stemming from the Deepwater Horizon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 17-30777 Document: 00514468423 Page: 2 Date Filed: 05/11/2018
Case 2:10-md-02179-CJB-DPC Document 24714-1 Filed 05/11/18 Page 2 of 2

No. 17-30777

oil spill. Pursuant to the parties' settlement agreement, disappointed BEL claimant Porto Castelo, Incorporated had fourteen days to seek discretionary review in the district court. Porto Castelo failed to meet the filing deadline and the district court denied Porto Castelo's motion to extend the time to file. Porto Castelo appeals.

Under Federal Rule of Civil Procedure 6(b)(1)(B), the district court can, "for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). We review motions for extension of time for abuse of discretion. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990); *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990). Even assuming Porto Castelo has shown that counsel's personal troubles contributed to his oversight as to the filing deadline, and that the circumstances presented here may constitute good cause or excusable neglect, Porto Castelo has not shown that the district court abused its discretion by declining to grant an extension. *See McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010) ("Even if good cause and excusable neglect are shown, it nonetheless remains a question of the [district] court's discretion whether to grant any motion to extend time under Rule 6(b)." (citing *Lujan*, 497 U.S. at 894–98)); *cf. Hernandez v. Brazoria Cty.*, 21 F.3d 1108, 1994 WL 171620, at *4 (5th Cir. 1994) ("[T]he weight to be given counsel's personal and professional hardships is a matter within the discretion of the district court, and one which the district court is best equipped to decide."). Accordingly, the district court's denial of Porto Castelo's motion to extend time is AFFIRMED.