# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30547

United States Court of Appeals
Fifth Circuit
**FILED**
July 19, 2017
Lyle W. Cayce
Clerk

IN RE: DEEPWATER HORIZON

-----------------------------------------

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; ET AL,

    Plaintiffs,

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

    Defendants–Appellees,

v.

KEVIN S. SMITH; SOLOMON J. FLEISCHMAN; JOHN C. KELLY,

    Claimants–Appellants.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before STEWART, Chief Judge, and JONES and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

    This is an appeal from the denial of civil claims under the Settlement Program that was established following the *Deepwater Horizon* oil spill. Kevin S. Smith, Solomon J. Fleischman, and John C. Kelly (Claimants) are officers

Case: 16-30547 Document: 00514110041 Page: 2 Date Filed: 08/10/2017
Case 2:10-md-02179-CJB-DPC Document 24715-1 Filed 08/10/17 Page 2 of 6

No. 16-30547

and the sole owners of an architectural firm that received a Business and Economic Loss (BEL) award under the Settlement Program. The Claimants also submitted Individual Economic Loss (IEL) claims for lost wages as employees of the firm. We agree with the district court that the Settlement Program does not contemplate the requested compensation, and we affirm the district court's judgment.

# I

In the aftermath of the *Deepwater Horizon* oil spill, BP Exploration & Production, Inc., BP America Production Co., and BP, PLC negotiated with representatives of a proposed class action. The accord that was reached resulted in the Economic and Property Damages Settlement Agreement (Settlement Agreement or Agreement), which the district court approved.[1] The Settlement Agreement designates an Economic and Property Damages Class, consisting of varying individuals and entities within certain geographic areas who suffered damages in varying categories. One damage category is the Economic Damage Category, which compensates the "[l]oss of income, earnings or profits suffered by Natural Persons or Entities as a result of the Deepwater Horizon Incident."

The Agreement divides the Economic Damage Category into Business Economic Loss (BEL) claims and Individual Economic Loss (IEL) claims. Business claimants file BEL claims for lost business profits, and individuals file IEL claims for lost employment earnings. Both BEL and IEL claimants must be within the class and satisfy certain causation requirements.

Claimants are owners and employees of the architectural firm, Fleischman & Garcia, located within a geographic area covered by the

---

[1] *In re Oil Spill by the Oil Rig "Deepwater Horizon" in Gulf of Mex., on Apr. 20, 2010*, 910 F. Supp. 2d 891, 964 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

No. 16-30547

Settlement. They are the sole owners of the firm. Fleischman, the firm's chief executive officer and chairman, submitted a BEL claim for lost profits on behalf of the firm, and each Claimant also submitted separate IEL claims for lost wages. The Court-Supervised Settlement Program (CSSP), which administers the Agreement, awarded the firm a substantial amount. The CSSP later denied each Claimant's IEL claim, stating:

> Our records reflect that you submitted an Economic Loss claim for your business in addition to this Individual Economic Loss claim. You cannot recover employment losses from a job at a business for which you have submitted an Economic Loss Claim.

The Claimants appealed to the internal Appeal Panel established by the Agreement, which also denied relief. The Claimants then requested discretionary review by the district court, pursuant to the Settlement Agreement. The district court denied the request for review, and the Claimants appealed to this court, which consolidated the appeals.[2]

This court, in an unpublished per curiam opinion, concluded that the district court had abused its discretion by denying review.[3] We noted that "the issues in this case have and will come up repeatedly" and that Appeal Panels had reached "varying conclusions" on the question.[4] Because we determined that the "question of contract interpretation presented in these appeals would be best addressed first by the district court charged with administering the Agreement,"[5] we vacated and remanded the case.[6]

On remand, the district court affirmed the decisions of the Appeal Panels to deny Claimants' IEL claims. Claimants again appealed.

---

[2] *In re Deepwater Horizon*, 632 F. App'x 199, 201-02 (5th Cir. 2015) (per curiam).
[3] *Id.* at 204.
[4] *Id.* at 203-04.
[5] *Id.* at 204.
[6] *Id.*

3

No. 16-30547

## II

Resolution of this appeal turns on the Settlement Agreement's provisions. "The interpretation of a settlement agreement is a question of contract law that this Court reviews de novo."[7] The Agreement provides that it "shall be interpreted in accordance with General Maritime Law."[8]

Claimants argue that nothing in the Settlement Agreement bars the CSSP from compensating a business's owners and officers through IEL claims after their business has received compensation through a BEL claim. We disagree.

The Settlement Agreement calculates the value of BEL claims by comparing the "actual profit of a business during a defined post-spill period in 2010 to the profit that the claimant might have expected to earn" during the period. The calculation compares "Variable Profit" in a post-spill compensation period with that of an earlier benchmark period. Variable profit "reflects the claimant's revenue less its variable costs." Then, the formula applies a growth factor to account for lost growth potentially due to the spill.

This method excludes from the calculation all "fixed" costs, which the framework assumes do not change between the post-spill period and the benchmark period. Excluding fixed costs is favorable to business claimants because, even if claimants reduced these costs in the post-spill period, the Settlement Agreement awards the claimants for lost profit as if the cost reduction had not occurred.

The Settlement Agreement specifically addresses "Owner/Officer Compensation." The Agreement provides a separate methodology for determining which payroll expenses are fixed or variable, but the Agreement

---

[7] *In re Deepwater Horizon*, 785 F.3d 1003, 1011 (5th Cir. 2015).
[8] *Id.* at 1011 n.6.

4

Case: 16-30547    Document: 00514110041    Page: 5    Date Filed: 08/10/2017
Case 2:10-md-02179-CJB-DPC   Document 24715-1   Filed 08/10/17   Page 5 of 6

No. 16-30547

excludes "Owner/Officer Compensation" from that methodology. Instead, the CSSP treats "Owner/Officer Compensation" as a fixed cost, and the parties do not argue otherwise.

By treating owner/officer compensation as a fixed cost, the Agreement's framework does not recognize any reduction in owner compensation as cost savings for the business claimant. Accordingly, the calculation awards any reduced owner compensation to the business claimant through a BEL claim. For this reason, the district court found that the BEL framework "inherently" compensates the business claimant for reduced owner/officer compensation, and the owners of the firm benefit from this compensation.

Claimants ask that the CSSP compensate not only their business through a BEL claim, but also the Claimant's themselves as employees through an IEL claim. The Settlement Agreement, when read as a whole,[9] does not allow this double compensation. The BEL framework, by compensating the business for the owners' lost wages through the fixed-cost designation of their wages, precludes compensating those same owners for the same wages through an IEL claim.

As an alternative contention, Claimants assert that the CSSP should devise a formula for determining the extent to which a business owner's IEL claim overlaps with the business's BEL claim compensation and then simply offset the IEL claim by the amount already awarded through the BEL claim. The Agreement does not provide for such a calculation or set off, and we are not empowered to judicially amend that agreement.

Claimants' final argument, that our interpretation of the Settlement Agreement violates their due process rights, is waived because they did not

---

[9] *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016).

No. 16-30547

raise it on their previous appeal to this court.[10] We nevertheless consider the merits of the argument and conclude that there has been no violation of the due process clause.

* * *

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[10] *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 607 (5th Cir. 2004) ("We have held that a party cannot raise an issue on appeal that could have been raised in an earlier appeal in the same case.").

6