UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION J |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MICHAEL PAGE | CIV. ACTION No. 2:17-CV-06083 |
| VERSUS | SECTION J |
| BP EXPLORATION & PRODUCTION, INC. | JUDGE BARBIER |
| | MAG. JUDGE WILKINSON |
| | RULE 9(h) |

## PLAINTIFF'S MOTION TO VACATE JUDGMENT

Plaintiff, James-Michael Page, asks the court to vacate its judgment of July 10, 2018 dismissing this action, as authorized by Federal Rule of Civil Procedure 59(e). Alternatively, Plaintiff seeks relief from the judgment or order as authorized by Federal Rule of Civil Procedure 60(b).

1. Plaintiff is James-Michael Page; Defendant BP Exploration and Production, Inc.

2. Plaintiff sued defendant for damages under the Oil Pollution Act, 33 U.S.C. §2701, et seq. Plaintiff's case became a member case under lead case 2:10-md-02179-CJB-JCW;

1

*In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.*

3. On July 13, 2018, Plaintiff's counsel received notice from the Clerk of this Court of the Court's July 10, 2018 order dismissing this action.

4. Plaintiff brings this motion and asks the court to vacate the order dismissing his case with prejudice.

5. Plaintiff files this motion within 28 days after entry of judgment. The Fifth Circuit treats postjudgment motions such as this one as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60(b), depending on when the motion is filed. "Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). Furthermore, "Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *See also Foman v. Davis*, 371 U.S. 178, 181 (1962).

6. Attached to this motion are the following exhibits, which are incorporated by reference herein.

    a. Exhibit A – Affidavit of Reginald E. McKamie, Sr. with attached business records showing no notice to the Plaintiff of either the January 11, 2018 Pretrial Order No. 65 or the May 25, 2018 show cause order in Case No. 2:10−md−02179−CJB−JCW.

2

    b. The Docket Sheet of this action, Civil Action No. 2:17−cv−06083−CJB−JCW showing no activity between June 29, 2017 and July 10, 2018.

7. The judgment should be vacated to correct a manifest error of law, mistake of fact, and/or or to prevent manifest injustice. *Templet v. HydroChem Inc*., 367 F.3d 473, 476, 479 (5th Cir. 2004)

8. Prior to the service of the order of dismissal of this case with prejudice on July 13, 2018, the Plaintiff received no notice of either the January 11, 2018 Pretrial Order No. 65 or the May 25, 2018 show cause order entered in Case No. 2-10-md-02179-CJB-JCW. The affidavit of the Plaintiff's counsel, the authenticated records attached, and the Court's own record of this case establish that there was no activity or notice to the Plaintiff of any activity pertaining to this action between June of 2017 and July of 2018, when his case was dismissed with prejudice.

9. Counsel was not served with Pretrial Order No. 65 when it was entered in January of 2018. Nor was he served with the show cause order when it was entered in May of 2018. The first time that either the Plaintiff or his counsel became aware of either of these orders was when counsel was served with the order dismissing the case with prejudice on July 13, 2018.

10. As soon as they became aware of the two orders in question, the Plaintiff and his counsel diligently gathered the information requested by the Court. That information is filed concurrently with this motion.

11. The dismissal of all of Plaintiff's claims in this action without notice to him is clearly unjust. This motion and the evidence attached "clearly establish either a manifest error of law or fact [and] present newly discovered evidence and [does not] raise issues that

could, and should, have been made before the judgment issued." *Advocare Intern. LP v. Horizon Laboratories, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008).

12. Alternatively, if the Court determines that this case does warrant the vacating of the judgment pursuant to Rule 59(e), Plaintiff asks that the Court grant him relief from the judgment under Rule 60(b)(1), which authorizes the Court to "relieve a party. . . from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect." The dismissal of this action was clearly a surprise to the Plaintiff and is failure to comply with the earlier orders was clearly inadvertent and the result of a mistake. At the very least, the failure to keep apprised of each of the over 24,000 docket entries in Case No. 2-10-md-02179-CJB-JCW constitutes excusable neglect. A movant can obtain relief for an error under Rule 60(b)(1) if the motion is filed within the time for taking an appeal, which this motion is. *Benson v. St. Joseph Regional Health Center*, 575 F.3d 542, 547 (5th Cir. 2009). "A Rule 60(b)(1) motion filed within the time for appeal saves the parties and the court time and expense of a needless appeal." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir.1987).

13. The Court should consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" when considering whether to grant relief under Rule 60(b). *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the

4

determination is, at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

14. Each of the four factors militates in favor of granting the Plaintiff relief. The length of delay is relatively short, within 30 days, and the error has been corrected by the filing of the information requested by the Court. The opposing party will not be prejudiced in any meaningful way. There are still many active member cases in this multi-district litigation, as shown by the exhibits to the order dismissing this action. One additional case for the defendant to defend is a relatively small burden. The reason for the delay was not within the reasonable control of the movant as he had no notice of the Court's orders, as shown *supra* and through the attached evidence. Finally, the Plaintiff has clearly acted in good faith, providing the requested information promptly after receiving notice.

15. Alternatively, if the Court decides relief is inappropriate under either Rules 59(e) or 60(b)(1), Plaintiff requests that the Court grant him relief from judgment under the catchall provision of Rule 60(b)(6). The facts and evidence presented in this motion clearly present exceptional circumstances under which relief under Rule 60(b)(6) is appropriate. *U.S. v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005).

16. For theses reasons, Plaintiff asks the Court to grant this motion, vacate the order dismissing this action, and restore the case to the Court's active trial docket.

Respectfully submitted,

**LAW OFFICES OF REGINALD E. MCKAMIE, SR., P.C.**

_____
Reginald E. McKamie, Sr.
TBN: 13686750
SDTX: 8303
1900 West Gray, Unit 131558
Houston, Texas 77219
Telephone:   (713) 465-2889
Facsimile:    (713) 465-2894
reginaldmckamie@gmail.com
Attorney for Plaintiff:
**JAMES-MICHAEL PAGE**

## CERTIFICATE OF SERVICE

I certify that the forgoing instrument has been served upon all counsel of record in this action through the CM/ECF system.

_____
Reginald E. McKamie, Sr.

6