UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| This Document Relates To: | * | SECTION: J(2) |
| No. 14-cv-600, Andry Law Group, LLC, et al. v. CNA Financial Corp., et al. | * * | JUDGE BARBIER MAG. JUDGE WILKINSON |

## ORDER & REASONS

Member case 14-cv-600 is an insurance coverage dispute between plaintiffs Andry Law Group, LLC and Jonathan Andry (sometimes referred to collectively as "Andry") and defendants Continental Casualty Company and CNA Financial Corporation and (sometimes referred to collectively as "Continental"). The parties filed cross-motions for summary judgment on the issue of whether the insurance policy required Continental to defend Andry with respect to a Court-ordered investigation and the resulting show cause order concerning the administration of one of the class actions settlements reached in this Multidistrict Litigation No. 2179 ("MDL 2179"). (Rec. Docs. 13080, 13083) Because there was no possibility of Andry incurring a liability covered by the policy, the Court grants summary judgment in favor of Continental and against Andry.

### Background

In 2012, this Court approved the Economic and Property Damages Settlement, a class action settlement that resolved many private claims arising from the DEEPWATER HORIZON/Macondo Well oil spill. (Rec. Docs. 8138, 8139) The settlement was administered

by the Court Supervised Settlement Program ("CSSP"). Andry represented claimants in the CSSP.

In July 2013, the Court appointed a Special Master to perform an independent external investigation into the facts and circumstances that led to the resignation of a staff attorney with the CSSP, conduct fact-finding as to any other possible ethical violations or misconduct within the CSSP, and examine, evaluate, and make recommendations regarding the internal compliance program and anti-corruption controls within the CSSP. (Rec. Docs. 10564, 11288) As part of his investigation, the Special Master interviewed Jonathan Andry, who had retained counsel, and subpoenaed documents from him. The Special Master disclosed his findings in a report issued on September 6, 2013. (Rec. Doc. 11287) The Special Master determined in pertinent part that Jonathan Andry improperly utilized a personal relationship and referral fee arrangement with the former CSSP staff attorney in an attempt to expedite the claims of clients of law firms associated with Jonathan Andry. The Special Master made multiple recommendations, including that the report be provided to the Department of Justice to determine whether Andry violated federal criminal statues regarding fraud, money laundering, conspiracy, or perjury; that the report be referred to the State Bar of Louisiana to determine whether Andry violated any disciplinary rules; and that the Court prohibit Andry from representing any claimants in the CSSP and from receiving any fees for this representation. The same day, the Court issued an order that required, inter alia, that Jonathan Andry and any associated law firms to show cause why they should not be disqualified from representing claimants in the CSSP or collecting fees from such claimants. ("Show Cause Order," Rec. Doc. 11288) The Court also authorized the Special Master to initiate legal action to "clawback" the payment of any fraudulent claims, including any contingent fees received by attorneys representing claimants who made fraudulent claims.

Continental Casualty Company issued a Lawyers Professional Liability Policy ("the Policy") to the Andry Law Group, LLC for the period January 1, 2013 to January 1, 2014.[1] On October 15, 2013, Andry tendered notice to Continental and demanded reimbursement for past and future defense costs relating to the Special Master's investigation and the Show Cause Order. Continental denied coverage in a letter dated January 7, 2014, explaining "the Policy [does] not afford coverage for this matter because there is no possibility of covered **damages**." (Rec. Doc. 13080-17 at 3) (emphasis in original) In February 2014, Andry sued Continental in state court for breach of contract and sought a declaration that Continental "is obligated under the Policy to provide the attorneys with coverage for the defense of the Court's demand for services." (No. 14-600, Rec. Doc. 1-3 ¶ XXIX(1)). The case was removed and later consolidated with MDL 2179, where it was stayed while the Court dealt with other matters in the MDL.

On November 7, 2014, the Court conducted an evidentiary hearing regarding the Show Cause Order and made oral findings. (Rec. Doc. 13645) On February 26, 2015, the Court issued an order imposing sanctions in accordance with its oral findings. (Rec. Doc. 14221) Relevant here, the Court disqualified Jonathan Andry from representing any claimants in the CSSP and barred him from collecting attorneys' fees, except that the Court permitted him to collect fees for previous legal work actually performed on legitimate (i.e., non-fraudulent) claims that qualified for payment. The Court also instructed the Special Master to report the matter to the appropriate authorities regarding attorney discipline. Jonathan Andry appealed. The Fifth Circuit affirmed, stating, "The district court . . . did not abuse its discretion in finding that Andry [and another

---

[1] CNA Financial Corporation contends that it is not a party to the Policy. Although the Court uses "Continental" as shorthand to refer to both Continental Casualty Company and CNA Financial Corporation, nothing in this Order shall imply that CNA Financial Corporation is a party to the Policy.

attorney] violated the Louisiana Rules of Professional Conduct or in fashioning an appropriate sanction." *In re: Deepwater Horizon*, 824 F.3d 571, 586 (5th Cir. 2016) (per curiam).

On June 5, 2018, the Court issued a briefing schedule on the instant cross motions for summary judgment (Rec. Docs. 13080, 13083), which Continental and Andry had filed before their case was stayed upon consolidation with MDL 2179. (Rec. Doc. 24599) Each side filed a response (Rec. Docs. 24624, 24625), and Continental also filed a reply (Rec. Doc. 24684). The Court considered these motions on the briefs and without oral argument.

**Discussion**

The parties move for summary judgment on the issue of whether the Policy required Continental to defend Andry in connection with the Special Master's investigation and the Court's Show Cause Order. A movant is entitled to summary judgment when it shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The parties agree that Louisiana law governs interpretation of the Policy.

Under Louisiana law, "an insurer's duty to defend is much broader in scope than the insurer's duty to provide coverage." *Elliot v. Cont'l Cas. Co.*, 949 So. 2d 1247, 1250 (La. 2007). "The insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition [against the insured], with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." *Id.* (quotations omitted). "Importantly, however, an insurer's duty to defend is not triggered where 'the pleadings . . . do not reveal a possibility of liability [because] there is not a claim that would be covered by [the] policy.'" *Pias v. Cont'l Cas. Ins. Co.*, No. 2:13-cv-00182, 2013 WL 4012709, at *6 (W.D. La. Aug. 6, 2013) (quoting *Elliot*, 949 So. 2d at 1252 (La. 2007)).

4

Consistent with the above, the Policy's "Defense" provision states, in pertinent part:

> The **Company** shall have the right and duty to defend in the **Insured's** name and on the **Insured's** behalf a **claim** <u>covered by this Policy</u> even if any of the allegations of the **claim** are groundless, false or fraudulent. . . .

(Rec. Doc. 13083-3 at 25) (underscoring added; bold in original). Thus, the duty to defend is triggered by a claim that is "covered by this Policy." The Policy's "Coverage" provision states,

> "The **Company** agrees to pay on behalf of the Insured all sums in excess of the deductible that the Insured shall become legally obligated to pay as **damages** . . . by reason of an act or omission in the performance of **legal services** by the **Insured** . . . ."

(*Id.*) (underscoring added; bold type in original)  The Policy defines "damages" as "judgments, awards, and settlements (including pre-judgment interest), provided any settlements negotiated with the assistance and approval of the **Company**." (*Id.* at 27) (emphasis in original)  However, the Policy expressly states that the following are <u>not</u> "damages"

> A. legal fees, costs and expenses paid or incurred or charged by any **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;
> B. civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule . . . ;
> . . .
> E. injunctive or declaratory relief;
> . . .

(*Id.*) (emphasis in original)

The Special Master's Report and the Show Cause Order contemplate disqualifying Andry from representing claimants in the CSSP and collecting fees from such claimants, allowing the Special Master to clawback fees Andry received in connection with any claims determined to be fraudulent, reporting Andry to the appropriate attorney discipline authority, and referring the matter to the Department of Justice for a possible criminal investigation. Such relief constitutes sanctions, penalties, injunctive relief, and/or seeks the return of legal fees incurred or charged by

5

the insured, all of which are expressly excluded from the definition of "damages." Indeed, the Fifth Circuit repeatedly referred to the measures imposed by this Court as "sanctions." *See In re: Deepwater Horizon*, 824 F.3d at 577, 585-87. Because the Special Masters' Report and the Show Cause Order do not reveal any possibility of liability that would be covered by the Policy, Continental's duty to defend was not triggered.[2] *See Pias*, 2013 WL 4012709, at *8 (interpreting similar policy language and holding that a legal malpractice insurer's duty to defend was not triggered by a dispute with the attorney's former client who sought the return of attorneys' fees plus costs and sanctions against the attorney, because the requested relief were not "damages" covered under the policy). Accordingly, Continental is entitled to summary judgment, and Andry is not.

In addition to the reasons above, defendant CNA Financial Corporation ("CNA") is entitled to summary judgment on separate grounds. Andry's complaint asserts causes of action only for breach of contract and declaratory judgment. CNA, however, did not issue the Policy and is not in contractual privity Andry. Accordingly, CNA cannot be liable to Andry for breach of contract. And, if CNA cannot be liable for breach of contract, it follows that no judgment could issue declaring that CNA is obligated by the Policy to provide Andry with defense or coverage.

## Conclusion

For the reasons set forth above,

IT IS ORDERED that Continental's Motion for Summary Judgment (Rec. Doc. 13080) is GRANTED.

---

[2] The July 2, 2013 order appointing the Special Master also does not reveal a possibility of liability covered by the Policy. (*See* Rec. Doc. 10564)

IT IS FURTHER ORDERED that Andry's Motion for Partial Summary Judgment (Rec. Doc. 13083) is DENIED.

IT IS FURTHER ORDERED that all claims asserted by plaintiffs Andry Law Group, LLC and Jonathan Andry in civil action no. 14-cv-600 are DISMISSED WITH PREJUDICE.

The Court will enter judgment in accordance with this Order & Reasons.

New Orleans, Louisiana, this 1st day of August, 2018.

_____
United States District Judge

**Note to Clerk: Docket in 10-md-2179 and 14-cv-600.**