UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| This Document Relates To: | * | SECTION: J(2) |
| *No.12-3048, Joseph Cannistra, Individuall,y and on behalf of EGES Inc. d/b/a the "Gathering Restaurant" v. BP Exploration & Production, Inc.* | * * | JUDGE BARBIER MAG. JUDGE WILKINSON |

## ORDER & REASONS

Member case no. 12-3048 is a suit by Joseph Cannistra, individually and on behalf of his business, EGES Inc. d/b/a The Gathering Restaurant (collectively, "Cannistra"), against BP Exploration & Production, Inc. ("BP") seeking damages for economic losses allegedly incurred as a result of the DEEPWATER HORIZON/Macondo Well oil spill in 2010. Cannistra recently filed a Motion for Status Conference (Rec. Doc. 24725) and previously filed two other motions (Rec. Docs. 18298, 15313), all of which were automatically stayed by Pretrial Order No. 15 (Rec. Doc. 676). As explained below, because Cannistra's claims are barred by the class-wide release in the *Deepwater Horizon* Economic and Property Damages Settlement ("Economic Settlement," Rec. Doc. 6430), the Court denies Cannistra's motions and dismisses his complaint with prejudice.

When the Court preliminarily approved the Economic Settlement on May 2, 2012, it warned that class members who did not timely and properly opt out of the Economic Settlement "shall be permanently and forever barred from commencing, instituting, maintaining or prosecuting any action based on any Released Claim against any Released Parties." (Rec. Doc.

6418 ¶ 40.)   The Court's subsequent Order and Judgment granting final approval of the Economic Settlement declared the Settlement to be the exclusive remedy for class members with respect to Released Claims against Released Parties, dismissed with prejudice class members' Released Claims against the Released Parties, and barred class members from commencing future suits against Released Parties with respect to Released Claims. (Rec. Doc. 8139 ¶¶ 8-14; *see also* Economic Settlement § 10.)

Cannistra's complaint alleges that the oil spill caused his business, a restaurant located in Largo, Florida, to fail.  Given the location of his business and the nature of his claim, Cannistra is a member of the Economic Settlement Class.  (*See* Economic Settlement § 1.)  Cannistra did not opt-out of the Economic Settlement.  (*See* Rec. Doc. 16069.)[1]  The claims in Cannistra's complaint are "Released Claims" under the Economic Settlement, and BP is a "Released Party." (*See* Economic Settlement §§ 10.2, 10.3.) Therefore, the claims asserted in Cannistra's complaint are barred by the Economic Settlement's class-wide release and must be dismissed.

Accordingly,

IT IS ORDERED that the claims asserted in member case no. 12-3048 by Joseph Cannistra and/or EGES, Inc. d/b/a The Gathering Restaurant are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Cannistra's Motion for Status Conference (Rec. Doc. 24725), Motion to Expedite and Compel Fiduciary Duty (Rec. Doc. 18298), and Motion to Compel or Show Cause (Rec. Doc. 15313) are DENIED.

---

[1] In fact, it appears that Cannistra filed or attempted to file claims in Economic Settlement.  The Claims Administrator's Office informs the Court that two claims were filed in the Economic Settlement on behalf of EGES, Inc. d/b/a The Gathering Restaurant. One claim was denied for incompleteness and the other was deemed duplicative of the first.  It also appears that Joseph Cannistra, individually, opened a portal account but did not actually file a claim.

New Orleans, Louisiana, this 3rd day of August, 2018.

_____
United States District Judge

**Note to Clerk: File in 10-md-2179 and 12-3048.**

**Mail a copy of this Order & Reasons to**

**Joseph Cannistra**
**1247 E. College Street**
**Pulaski, Tennessee 38478**

**And**

**Joseph Cannistra**
**812 Orange Ave. E.**
**Tampa, FL 33613**