

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   AUG 07 2018

WILLIAM W. BLEVINS
CLERK

United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Attention: Hon. Carl J. Barbier

**No. 13-05367 BP Exploration & Production, Inc. et al v. Mark Canfora**

Mark Canfora hereby asks the Court for indulgence and the grant of an Appeal against dismissal and states as follows:

1. Mark Canfora is a Pro se litigant and brings this Petition in his own capacity.  He was formerly represented by Brent Coon & Associates, which Firm is not representing Mark Canfora in the instant matter.
2. Mark Canfora has the right of a valid claim in his own right against BP Exploration & Production, Inc.
3. Mark Canfora is the Principal of other entities, Pre-Paid Real Estates Advisors, LLC and Fractional Real Estates Advisors, LLC, which parties have released their claims against BP and settled by means of negotiated settlement with the Court-Appointed Neutrals.
4. Mark Canfora in his personal capacity was a Manager for the development of a project known as Infinity Blu.  (See attached Report for particulars.)
5. Mark Canfora was PTO 60 compliant – See Case 2:10-md-02179-CJB-JCW Document 23051 Filed 07/19/17.
6. By error, Mark Canfora's personal claim was bundled by Brent Coon & Associates and the Court-Appointed Neutrals, both of whom assumed that the interests were analogous and included in claims for entities owned by Mark Canfora.  In consequence of that mistaken understanding, Mark Canfora, Individual, became not compliant with PTO 65 and was mistakenly bundled with other claims for entities that had distinct and separate claims.
7. On or about July 13, 2018 Mark Canfora discussed this error or omission with Neutral, Mike Moore, Esq.  Mr. Moore advised Canfora to submit a request to grant Appeal to the Court and that he would provide the Court with a favorable recommendation.

Wherefore, Mark Canfora seeks an Order to restore his Case and instructions to the Court-Appointed Neutrals to review and make a recommendation for settlement or otherwise allow the Case to proceed Pro se.

Signed _____, (Mark Canfora)

Dated this 21 day of July, 2018 at Panama City, Florida.

Mark Canfora
6718 Gulf Drive
Panama City, FL 32407   Ph. (330) 865-1000

RECEIVED
AUG 07 2018
CHAMBERS OF
U.S. DISTRICT JUDGE
CARL J. BARBIER

_____ Fee _____
_____ Process _____
__X__ Dktd _____
_____ CtRmDep _____
_____ Doc. No. _____

# B★A

# BRENT COON & ASSOCIATES

**215 Orleans Street • Beaumont, TX 77701 • 409.835.2666 • 409.835.1912 Facsimile**

July 13, 2018

***Via Regular Mail & Email: MARKCANFORA@AOL.COM***
Mark Canfora
6716 Gulf Drive
Panama City Beach, FL  32408

Re: PTO-65 Compliance Order

Dear Mr. Canfora:

     Please see enclosed the signed PTO-65 Compliance Order Dismissing with prejudice B1 claims signed by Judge Barbier with exhibits.

     Brent Coon & Associates ***will not*** be representing you on appeal, or request for reconsideration;  and that your deadline may be as early as  28 days from July 10, 2018.

Sincerely,

*/s/ Eric W. Newell*
Eric W. Newell – for the firm

EWN/mgm
Enc.

DocuSign Envelope ID: CFFA64C5-B81C-4462-B5E1-3DEF8AD26D25



# UNITED STATES DISTRICT COURT

**Eastern District of Louisiana**
500 Poydras Street
**New Orleans, Louisiana 70130**

Carl J. Barbier
District Judge

March 7, 2018

Dear Counsel/Claimant:

I am the District Judge presiding over MDL-2179, the *Deepwater Horizon* multi district litigation or 'BP Case'. The Court previously appointed Mike Moore and Drake Martin as "Neutrals" to assist in the resolution of claims that are still pending in court, on moratoria holds, or in the Court Supervised Settlement Process (CSSP). ***This process was, and continues to be, strictly confidential.*** You and anyone you involve in settlement discussions should sign the attached Confidentiality Order, and retain it for your file should the court require it in the future.

The Neutrals process has been extremely effective for claimants and counsel who devote the time and effort necessary to resolve their claims. The Court hopes to once again use the Neutrals to resolve the remaining cases and claims.

I have asked the Neutrals to reach out to Claimants (or their Counsel) one last time prior to the conclusion of this Court's role in the multi district litigation. I cannot overemphasize that this will be the Court's final attempt to assist the parties to resolve disputed claims through the Neutral process. The parties are strongly encouraged to take advantage of this opportunity.

The Neutrals' recommendations will be made both to you and BP as an alternative to final resolution in the CSSP or in litigation. This is a voluntary process. Both you and BP will be free to accept or decline the Neutrals' recommendation. Should either party decline the Neutrals' recommendation, the claim will remain in the CSSP or in litigation with the assurance that the Neutrals' recommendation will not influence the CSSP or the Court's final determination.

Resolved claims in litigation will be dismissed; resolved CSSP claims will be withdrawn from and compensated outside of the CSSP. Claims otherwise eligible to participate in the HESI/Transocean (HESVTO) "old class" settlement will remain eligible following dismissal/withdrawal in the Neutral process. The HESI/TO "new class" settlement deadline has passed and will not be extended for claims settling in the Neutral process.

Again, I encourage the parties to work together to bring this matter to an amicable conclusion. Thank you for your anticipated cooperation.

With best regards,

Carl J. Barbier
U.S. District Judge

-1-

Prepaid Real Estate of Florida LLC (Mark Canfora)

Brent Coon & Associates

DocuSign Envelope ID: DFB9F5DD-D49B-43CE-88A9-44797EAEF518



# UNITED STATES DISTRICT COURT

**Eastern District of Louisiana**
500 Poydras Street
**New Orleans, Louisiana 70130**

**Carl J. Barbier**
**District Judge**

March 7, 2018

Dear Counsel/Claimant:

I am the District Judge presiding over MDL-2179, the *Deepwater Horizon* multi district litigation or 'BP Case'. The Court previously appointed Mike Moore and Drake Martin as "Neutrals" to assist in the resolution of claims that are still pending in court, on moratoria holds, or in the Court Supervised Settlement Process (CSSP). ***This process was, and continues to be, strictly confidential.*** You and anyone you involve in settlement discussions should sign the attached Confidentiality Order, and retain it for your file should the court require it in the future.

The Neutrals process has been extremely effective for claimants and counsel who devote the time and effort necessary to resolve their claims. The Court hopes to once again use the Neutrals to resolve the remaining cases and claims.

I have asked the Neutrals to reach out to Claimants (or their Counsel) one last time prior to the conclusion of this Court's role in the multi district litigation. I cannot overemphasize that this will be the Court's final attempt to assist the parties to resolve disputed claims through the Neutral process. The parties are strongly encouraged to take advantage of this opportunity.

The Neutrals' recommendations will be made both to you and BP as an alternative to final resolution in the CSSP or in litigation. This is a voluntary process. Both you and BP will be free to accept or decline the Neutrals' recommendation. Should either party decline the Neutrals' recommendation, the claim will remain in the CSSP or in litigation with the assurance that the Neutrals' recommendation will not influence the CSSP or the Court's final determination.

Resolved claims in litigation will be dismissed; resolved CSSP claims will be withdrawn from and compensated outside of the CSSP. Claims otherwise eligible to participate in the HESI/Transocean (HESVTO) "old class" settlement will remain eligible following dismissal/withdrawal in the Neutral process. The HESI/TO "new class" settlement deadline has passed and will not be extended for claims settling in the Neutral process.

Again, I encourage the parties to work together to bring this matter to an amicable conclusion. Thank you for your anticipated cooperation.

With best regards,

*Carl J. Barbier*
Carl J. Barbier
U.S. District Judge

-1-

Fractional Real Estate Advisors, LLC

Brent Coon & Associates

**EXHIBIT A**

| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 |
|---|
| No. 10-MD-2179 |
| PTO 65 VERIFIED STATEMENT REGARDING CAUSATION AND DAMAGES (B1 CLAIMS) |

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Canfora | Mark | | Mr. |

| Business Name | Last 4 digits of Plaintiff's social security number (if |
|---|---|
| Prepaid Real Estate of Florida, LLC | individual) or full Tax ID number (if business plaintiff) |
| | 20-5022204 |

| MDL 2179 Member Case Number | Attorney Name and Firm |
|---|---|
| 2:16-cv-06280 | Brent Coon, Brent Coon & Associates |

All "Remaining B1 Plaintiffs" (as defined in PTO 65) must answer the questions below regarding damages and causation. Responses must be as specific and accurate as practicable and shall be given under penalty of perjury. It is a violation of PTO 65 to submit an answer that is, for example, generic, vague, evasive, or misleading. **The plaintiff (not the plaintiff's attorney) must sign and date the verification and attestation at the end of this form.** Responses shall be filed in the record for the plaintiff's **individual lawsuit** (not the master docket for MDL 2179) by no later than **April 11, 2018**.

You may attach additional pages to this form if you need extra room to answer a question. Make sure to indicate the question you are continuing to answer.

1

> **Question 4:** Do you have at this time an expert who will opine as to any of your responses to the above questions? (Yes or No)
> **Yes, please see response attached**

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above four questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the damages described in response to Question no. 1 were caused by the Deepwater Horizon/Macondo Well incident and oil spill.

Executed on the following date at the following location:

Date: _MARCH 31_, 2018

Location (City and State): _PANAMA CITY BEACH, FLORIDA 32408_

_____
Signature of Plaintiff*

***Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.***

_MARK CANFORA_
Print Name

Prepaid Real Estate of Florida, LLC.

_Sole owner DIRECTOR MGM_

Title/Position (if signed on behalf of a business or other entity)

The verified statement, must be filed into the record of the plaintiff's **individual lawsuit** (as opposed to the master docket for MDL 2179) no later than **April 11, 2018.**

**EXHIBIT A**

| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* No. 10-MD-2179 | | | |
|---|---|---|---|
| PTO 65 VERIFIED STATEMENT REGARDING CAUSATION AND DAMAGES (B1 CLAIMS) | | | |
| **Last Name** Canfora | **First Name** Mark | **Middle Name/Maiden** | **Suffix** Mr. |
| **Business Name** Fractional Real Estate Advisors, LLC | | **Last 4 digits of Plaintiff's social security number (if individual) or full Tax ID number (if business plaintiff)** 8072 | |
| 2:16-cv-06280 | | **Attorney Name and Firm** Brent Coon, Brent Coon & Associates | |

All "Remaining B1 Plaintiffs" (as defined in PTO 65) must answer the questions below regarding damages and causation. Responses must be as specific and accurate as practicable and shall be given under penalty of perjury. It is a violation of PTO 65 to submit an answer that is, for example, generic, vague, evasive, or misleading. **The plaintiff (not the plaintiff's attorney) must sign and date the verification and attestation at the end of this form.** Responses shall be filed in the record for the plaintiff's **individual lawsuit** (not the master docket for MDL 2179) ~~no later than~~ **April 11, 2018**.

You may attach additional pages to this form if you need extra room to answer a question. Make sure to indicate the question you are continuing to answer.

1

**Question 4:** Do you have at this time an expert who will opine as to any of your responses to the above questions? (Yes or No)
**Yes, please see response attached**

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above four questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the damages described in response to Question no. 1 were caused by the Deepwater Horizon/Macondo Well incident and oil spill.

Executed on the following date at the following location:

Date: MArch 31 , 2018

Location (City and State): PAnama City Beach, Florida 32408

_____

Signature of Plaintiff*

*Plaintiff's Attorney *Cannot* Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

Fractional Real Estate Advisors, LLC

Print Name

Sole Member, Owner and Manager of Fractional Real Estate Advisors, LLC.

_____

Title/Position (if signed on behalf of a business or other entity)

**The verified statement, must be filed into the record of the plaintiff's individual lawsuit (as opposed to the master docket for MDL 2179) no later than April 11, 2018.**

## EXHIBIT A

| | | | |
|---|---|---|---|
| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*<br>No. 10-MD-2179 | | | |
| **PTO 65 VERIFIED STATEMENT REGARDING CAUSATION AND DAMAGES (B1 CLAIMS)** | | | |
| Last Name<br>Canfora | First Name<br>Mark | Middle Name/Maiden | Suffix<br>Mr. |
| Business Name | | Last 4 digits of Plaintiff's social security number (if individual) or full Tax ID number (if business plaintiff)<br>275 66 8072 | |
| MDL 2179 Member Case Number<br>13-05367 | | Attorney Name and Firm<br>Brent Coon, Brent Coon & Associates | |

All "Remaining B1 Plaintiffs" (as defined in PTO 65) must answer the questions below regarding damages and causation. Responses must be as specific and accurate as practicable and shall be given under penalty of perjury. It is a violation of PTO 65 to submit an answer that is, for example, generic, vague, evasive, or misleading. **The plaintiff (not the plaintiff's attorney) must sign and date the verification and attestation at the end of this form.** Responses shall be filed in the record for the plaintiff's **individual lawsuit** (not the master docket for MDL 2179) by no later than **April 11, 2018**.

You may attach additional pages to this form if you need extra room to answer a question. Make sure to indicate the question you are continuing to answer.

1

**Question 1:** Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount.

See response attached.

**Question 2:** Describe specifically the evidence you rely on to prove the damages you allege in response to Question no. 1.

_____

_____

See response attached.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Question 3:** Describe specifically how the Deepwater Horizon/Macondo Well incident and oil spill caused the damages you allege in response to Question no. 1.

_____

_____

See response attached.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Question 4:** Do you have at this time an expert who will opine as to any of your responses to the above questions? (Yes or No)
**Yes, please see response attached**

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above four questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the damages described in response to Question no. 1 were caused by the Deepwater Horizon/Macondo Well incident and oil spill.

Executed on the following date at the following location:

Date:_____, 2018

Location (City and State): _____

_____
Signature of Plaintiff*

***Plaintiff's Attorney <u>Cannot</u> Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.***

_____
Print Name

_____
Title/Position (if signed on behalf of a business or other entity)

**The verified statement, must be filed into the record of the plaintiff's <u>individual lawsuit</u> (as opposed to the master docket for MDL 2179) no later than <u>April 11, 2018</u>.**

*individual* –

> **Question 4:** Do you have at this time an expert who will opine as to any of your responses to the above questions? (Yes or No)
>
> _____

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above four questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the damages described in response to Question no. 1 were caused by the Deepwater Horizon/Macondo Well incident and oil spill.

Executed on the following date at the following location:

Date: _March 25_, 2018

Location (City and State): _Panama City Beech, FL 32408_

_Signature_

Signature of Plaintiff*

***Plaintiff's Attorney <u>Cannot</u> Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.***

_____

Print Name

_____

Title/Position (if signed on behalf of a business or other entity)

**The verified statement, must be filed into the record of the plaintiff's <u>individual lawsuit</u> (as opposed to the master docket for MDL 2179) no later than <u>April 11, 2018</u>.**

5



Date of Preparation:  January 18, 2013

## FULL REVIEW FINAL PAYMENT CLAIM
## OF

**Mark Canfora**
**6718 Gulf Drive**
**Panama City Beach, FL 32407**

### Claimant Specific Data

| NAICS Code | 531210 – residential real estate agencies |
|---|---|
| **Presumptive Causation Test** | Passed |

| Type of Claim | Zone | RTP |
|---|---|---|
| Business Economic Loss Cancelled Contract | A | 1.5 |

Resulting from the

**Deepwater Horizon Gulf Oil Spill**

Report prepared by:

## Claims Strategies Group, L.L.C.
## Loss Consultants / Business Analysts

Corporate Office:  401 E Las Olas Blvd # 130-356
Fort Lauderdale, FL 33301
(954) 527-8533
(866) 270-2423 Fax

Mark Canfora

**Table of Contents**

1. Cover Page
2. Table of Contents
3. Client Description
3. Map and Summary of Loss
4. Developer Story / History
5. Infinity Blu Executive Summary
6. Development Approval – Bay County
7. Marketing Agreement
8. Canfora – Project Manager appointment
9. Canfora amended agreement 2007
10. Article on fractional sales – Ragatz Associates 2007
11. State of Florida Approval for Fractional Sales – October 19, 2006
12. Simon Properties – Development Proposal for Pier Park in Panama City Beach , 2005



Mark Canfora

## Description of Client:

The claimant, Mark Canfora, is a real estate broker and an expert in Fractional Real Estate Sales and was engaged to manage sales for the development of a 24 story, 435 unit condominium complex located in Panama City Beach, Florida. The project was to be built by Ohio developer, Nathan Glick, Glick Construction and Development, LLC., dba Infinity Blu and was owned, in part by the Developer and various investors, who collectively were known as Ohio Holdings, LLC.

Commencing in 2005, with the infrastructure study and demographic study conducted by Simon Properties for development of a large commercial shopping and dining complex to be known as Pier Park, Panama City Beach, Florida became the center of development in Northwest Florida. The area had already become the center of future attention because the St. Joe Company had undertaken development, following approval, of a new international airport to serve the region and make it more accessible to tourism. The new airport, Northwest Beaches Airport was scheduled to and did open, May 2010 with Delta and Southwest providing daily flights from multiple locations. Additionally, CNN Money and Moody's Chief Economist, Dr. Steve Cochran and Business 2.0 named Panama City and Panama City Beach, Florida the number one real estate investment opportunity in the United States from 2006-2012.

The area was poised in these years for explosive development and growth and Nathan Glick proposed to capitalize off the growing market by providing his expertise and successful history of development in Ohio by building the largest condominium complex in the area. Glick established a real estate sales division, Prepaid Real Estate by Glick, LLC and hired Mark Canfora as Project Manager of the realty, sales and marketing operations for Infiniti Blu. Canfora brought his expertise in fractional real estate sales to make sales of the units affordable and to appeal to the largest spectrum of investors for secondary residences. Ragatz Associates published an enthusiastic endorsement of fractional ownership in 2007 and the concept was building in the area already with successful developments in Destin (Emerald Grande) and other projects being marketed in the area.

Glick Construction and Development sold investment units primarily to Ohio Amish investors and also personally purchased units in order to fund initial costs of the development. The projected costs for entire construction were to be funded by a combination of this investment, pre-sale commitments and then bank financing. Corus Bank provided a commitment to the developer to fund construction costs up to $120,000,000 subject to pre-sale commitments of 318 of the 435 units (see contract August 30, 2006).

Pre-sales of the project went exceedingly well and by October 2007 the developer had collected $15,080,000 in sales reservation deposits and had reached its preliminary target for pre-sales. Unfortunately, Corus Bank had financial difficulties and ceased business in November 2007. The project, of course, was not able at that time to continue without the requisite financing and, given the economic climate caused by the bank and credit failures



3

Mark Canfora

in early 2008, it was not possible to secure financing so the project was temporarily put on hold."

Infinity Blu had Mark Canfora continue on as Project Manager (to this day, as of December 2012, Mr. Canfora continues to live and work at the Infinity Blu site). Click Construction and Development appointed Canfora as the Project Manager and gave a continuing contract, including incentives for the securing of alternate financing, if possible. Nathan Glick himself traveled to Europe in 2009 to raise financing and was reportedly successful in generating interest to be able to continue the project right up to the time of the Oil Spill because of the pending construction of the new international airport scheduled for the area.

By early 2010, with the advent of the new airport being only a matter of short time, the Developer and investors determined the project should and would succeed and Glick Construction and Development were ready to proceed again. Various discussions with financing sources were underway and development permits, previously received, were still in force. However, when the Oil Spill occurred in April 2010, the development became impractical as the market and financing evaporated. Consequently, while the project is still owned by Glick Construction and Development, it has been effectively terminated due to the Oil Spill. The situation was further complicated in early 2011 when, at the early age of 34 years, some nine months after the Oil Spill, Mr. Glick passed away as a consequence of a fatal motor vehicle accident leaving behind three small children under the age of 10 years.

**Loss Calculation:**

The total sales of the project, as per the audited proposal submitted and approved by Corus Bank was $252,212,500. Mark Canfora was entitled to 1% commissions on the value of the project he was to manage. Canfora expected, based on the agreement and subsequent amendments, to receive 1% of the value of the completed project as commissions. In addition, he received free housing. When the project encountered financing problems, Canfora's contract was amended to eliminate a draw salary paid against future commissions but he remained in the housing provided. He also received potential bonus commissions if he successfully procured alternate financing for the project (he was not successful in that task). Accordingly, we calculate the loss as set out below.

| Summary of Loss | |
|---|---|
| Sales Value of Project | $252,212,500 |
| Potential Commissions @ 1% | $ 2,522,125 |
| Less draws 14 months @ $8,000 | $ 112,000 |
| Less office overhead and expenses @ $12,000/month | $ 168,000 |
| Net Commission Loss | $ 2,242,125 |
| RTP @ 1.5 | $ 3,363,188 |
| Claim Payable Demand | $ 5,605,313 |



4

Mark Canfora

**Preparer's Statement:**

We performed internal procedures in connection with Florida Golf West Florida, Inc. and solely to assist the client representative and their attorney(s) to prepare a claim in compliance with provisions within the Deepwater Horizon Settlement claim recovery fund.     We performed inquiries and analyses based on the information made available to us.     In performing our services, we relied on the sufficiency, accuracy, and reliability of information provided by the client.  Except as otherwise noted, we did not independently verify the information provided to us.

Our work plan primarily consisted of inquires and analysis based on the information made available to us.   Based on the areas needed to prepare the report and of concern, our procedures focused on business tax returns, internal financial statements, monthly sales tax reports, bank statements, individual tax returns, employment records, and reports and files.

Our procedures were performed pursuant to the Standards for Consulting Services issued by the American Institute of Public Accountants.  We were not engaged to, and did not perform an audit or an examination, the objective of which would be the expression of an opinion on the financial statements prepared by the Company.  Because the procedures do not constitute an audit or examination, we did not express an opinion on any of the accounts or any other items. Based on the procedures performed, we are not aware of any material errors, irregularities or illegal acts that came to our attention.

Our findings are intended solely for the use of the client representative and their attorney(s) who have a right to distribute the report and attachments to others.  We make no representation that the amount of claim suggested by this report will be recovered, only that we have used our best efforts to calculate the loss in accordance with the guidelines approved by the Court.  We reserve the right to amend, modify or supplement this report based on receipt of new or additional information.  We do not take responsibility to update this report to take into account events and circumstances occurring subsequent to the date of this report.

Respectfully submitted,

Henry Sienema, MA, AIIC, FPOIII, CMEA, SBA
Senior Business Analyst,
For, Claims Strategies Group, LLC.

*Pybus & Company, P.A.*

Pybus & Company, P.A.

West Palm Beach, Florida

FL License AD65724 - attached



5



U.S. POSTAGE .PAID.
NORTON, OH
44203
AUG 03 18
AMOUNT
**$5.08**
R2305M145018-05

70130

1000



CERTIFIED MAIL

7017 3040 0000 2852 9222



FROM
MARK CANFORA
95 Greenwood Dr.
PCB, FL 32407
ZIP

U.S. MARSHALS

Attn: Hon. Carl J. Barbier
United States District Court
Eastern District of Louisiana
500 Poydras St.
New Orleans, LA ZIP 70130



RECEIVED
Aug 07 2018
CHAMBERS OF
U.S. DISTRICT JUDGE
CARL J. BARBIER