UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG § <br> "DEEPWATER HORIZON" IN THE GULF § <br> OF MEXICO ON APRIL 20, 2010 § <br> § <br> This Document Relates To: § <br> § <br> Civil Action No. 2:13-cv-00834 § <br> *Destin Development, LLC v. BP Exploration* § <br> *& Production, Inc., et al.* § <br> § | MDL NO. 2179 <br><br> SECTION J <br><br> JUDGE BARBIER <br><br> MAGISTRATE JUDGE <br> SHUSHAN |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
RELIEF FROM ORDER DISMISSING CLAIM WITH PREJUDICE[1]**

Plaintiff, DESTIN DEVELOPMENT, LLC ("Plaintiff"), moves the Court under Federal Rules of Civil Procedure 59 and 60 for relief from the Order (Case No. 2:13-cv-00834–Doc. 10) dismissing Plaintiff's claim with prejudice, on the following grounds:

**INTRODUCTION**

Plaintiff seeks relief to reconsider and vacate the Order (Case No. 2:13-cv-00834–Doc. 10) dismissing Plaintiff's claim with prejudice on two grounds. First, the claim at issue, in whole or in part, actually remains the property of the Bankruptcy Estate of Plaintiff's member[2], Roderic M. Wright, who filed a *pro se* Voluntary Petition for Chapter 7 Bankruptcy on December 29, 2017, in the United States Bankruptcy Court for the Southern District of California (Case No: 17-07759). Although the Trustee of the Bankruptcy Estate (Christopher R. Barclay), to Plaintiff's knowledge, has not entered an appearance in this cause, the ownership or responsibility to administer the claim actually belongs to, or should be controlled by, the Trustee. As evidenced by the Declaration of

---

[1] This Motion is filed in conjunction with similar Motions filed in Case Nos. 2:13-cv-01091 (Plaintiff, Roderic Wright) and 2:13-cv-2420 (Plaintiff, Barbara Wright).

[2] Debtor, Wright, held the membership interests jointly with his wife, Barbara Wright, as the sole members of Plaintiff.

Roderic M. Wright, attached hereto as **Exhibit "A,"** filed in support of this Motion, a Verified Statement ("Amended Claim"), and Response to the Court's Show Cause Order were filed (Docs. 24613, 24614, 24615) on June 15, 2018, believing that such efforts were necessary to preserve the claim.  Nonetheless, the Court's directives to Plaintiff's claim, including PTO 65 (Doc. 23825), the Order to Show Cause (Doc. 24558), and the Order (Case No. 2:13-cv-00834–Doc. 10) dismissing the claim, which would not have reached the Trustee, afforded the Trustee no ability to respond to the Court's directives and perpetuate the claim.  Indeed, this Motion itself could be considered as a placeholder request for the benefit of the Estate and its creditors and, to the extent of any residual value, for the benefit of Plaintiff and the Debtor (Roderic M. Wright).  Plaintiff anticipates receiving confirmation that the Trustee intends to preserve the claims for further treatment and consideration in connection with the Estate.

Second, the Order dismissing Plaintiff's claim appears based upon the Court's conclusion that Plaintiff or counsel should not be excused from responding to PTO 65 because they had been scouring the docket in the MDL for a **year and a half** without properly taking note of and responding to PTO 65.³  This is not what actually happened.  Plaintiff's member (Roderic M. Wright) and its lawyer were scouring the docket related to the independent actions, not the MDL docket, and nothing in the docket for the independent actions reflected the need to submit an amended claim. *See* Declaration of Wright at ¶ 2.  Considering the need to preserve the Estate's rights in and ability to control the claim, the absence of any prejudice to Defendant BP for the

---

³ Indeed, in the BP Defendant's Objections and Response to Plaintiffs' PTO 65 Show Cause Submissions, counsel for BP argued that it was "implausible that a diligent review for *a year and a half* during counsel's representation of plaintiffs in these proceedings failed to alert him to the fact that filings were being made in MDL 2179 for which he was not receiving electronic notification as he expected to do" (Doc. 24674), and in the Court's Order (Doc. 10) it dismissed the claims "for essentially the reasons stated in BP's brief," indicating the Court's acceptance of BP's argument.

2

inadvertent delay in filing the Amended Claim,[4] and the profound prejudice to the Estate, Plaintiff and its member, the Debtor (Roderic M. Wright), if the dismissal is allowed to stand, Plaintiff respectfully requests the Court to vacate the Order insofar as it dismisses the claim with prejudice, and accept the Amended Claim as compliant with PTO 65.

## BACKGROUND

1. Since filing a Complaint (Case No. 2:13-cv-00834–Doc. 1) in this cause on April 28, 2013, in connection with the *Deepwater Horizon* Oil Spill, Plaintiff has endeavored to diligently pursue this claim. Plaintiff's original counsel, Frank Petosa, with the law firm of Morgan & Morgan, P.A., complied with the necessary filing requirements of this Court, to the best of Plaintiff's knowledge, including the filing of an original Complaint followed by a "short form" statement of claim until he withdrew as counsel for Plaintiff. A member of Mr. Petosa's firm also serves on the steering committee in the MDL.

2. On September 12, 2016, Mr. Petosa and the law firm of Morgan & Morgan, P.A., were permitted to withdraw as counsel of record, and Plaintiff was fortunate to find substitute counsel in Tucker H. Byrd with the law firm of Byrd Campbell, P.A. Mr. Byrd entered a Notice of Appearance in this case on November 9, 2016.

3. At the time of Mr. Byrd's appearance, it was understood from prior counsel that this matter had been stayed along with a myriad of other cases brought by other B1 Plaintiffs. All that remained was a long-awaited Order from this Court lifting the stay and allowing Plaintiff to proceed with the prosecution of this case. Consequently, the case had been dormant for all intents and purposes.

---

[4] In its opposition to Plaintiff's Response to the Show Cause Order, BP claimed no prejudice to the inadvertent delay in filing an Amended Claim.

3

4. As time passed, Plaintiff and counsel diligently reviewed the docket in the independent action (**not the main MDL docket**) to determine whether an Order had been entered allowing the case to proceed. What Plaintiff and counsel did not know was that the Court six (6) years earlier had entered a Pretrial Order [Doc. 600] in the main case, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179, directing that service of papers or orders in this case be effected utilizing the LexisNexis File & Serve ("File & Serve"), and detailing the manner of registering and operating under that service protocol. Unaware of this requirement, Plaintiff's counsel had not registered with the File & Serve, and thus had not received either *PTO 65* or this Court's *Order to Show Cause*.

5. On December 29, 2017, Plaintiff's member, Roderic M. Wright, filed a *pro se* Petition for Chapter 7 Bankruptcy (the "Bankruptcy) in the United States Bankruptcy Court for the Southern District of California (Case No: 17-07759). In connection with the Bankruptcy, he disclosed the existence of their rights in this lawsuit as an asset of the Bankruptcy Estate. The Trustee (Christopher R. Barclay), as the representative of the Estate, holds the rights, in whole or in part, to this claim. Even today, the pursuit of this claim is the topic of discussion and debate between the Trustee, at least one of Mr. Wright's creditors, and Mr. Wright.

6. Neither Plaintiff nor counsel for Plaintiff were aware that the Court had entered PTO 65 (Doc. 23825) in the MDL docket directing Plaintiff to file Amended Claims until Plaintiff was alerted from her former lawyers about the Court's Show Cause Order (Doc. 24558) directing Plaintiff to respond by June 15, 2018, why the BP Lawsuits should not be dismissed.

7. Believing that he had a duty to attempt to protect the assets which were part of the Estate, Mr. Wright took the initiative to have his wife and their company, Destin Development, join him in filing Amended Claims and Responses to the Court's Show Cause Order in connection

with the BP Lawsuits (Docs. 24613, 24614, 24615). It did not occur to Mr. Wright at the time to have the Trustee file the Amended Claims since he and his wife had the personal knowledge about each claim, although the claims—since the filing of his Bankruptcy and continuously ever since—have belonged to, and are controlled by, the Estate. To Plaintiff's knowledge, the Trustee, having not formally entered an appearance in the BP Lawsuits, had no idea about this Court's directive to supplement the prior claims filed which fell under the Trustee's administrative control. Mr. Wright has since alerted the Trustee about the efforts to preserve these claims for the Estate in the face of this Court's dismissal with prejudice, as Mr. Wright has substantial debt obligations and no appreciable assets in the Estate other than these claims.

## STANDARD OF REVIEW

A district court has broad discretion to grant or deny a motion under Rule 60(b). *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998). Federal Rule of Civil Procedure 60(b)(6) provides that a district court may grant reconsideration "for any other reason that justifies relief." "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief, that is, movants must show that absent such relief, an extreme and unexpected hardship will result." *Galbert v. West Caribbean Airways,* 715 F.3d 1290, 1294 (11th Cir. 2013).

Under Federal Rule of Civil Procedure 59, a party may move the Court no later than 28 days after entry of judgment to amend or alter a judgment. Where a case or claim has been disposed of without a trial, a motion to alter or amend the judgment is generally considered under Federal Rule of Civil Procedure 59(e). *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997). Under Rule 59(e), reconsideration is warranted when there has been a

"manifest error of law or fact" or "newly discovered evidence." *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir. 2005).

## ARGUMENT

This Court should reconsider and vacate its Order (Case No. 2:13-cv-00834–Doc. 10) for two reasons.  First, the claim, in whole or in part, is the property of the Bankruptcy Estate of Plaintiff's member, Roderic M. Wright (Case No: 17-07759), and should have been administered by the Trustee. *See* 11 U.S.C. § 323.  The Bankruptcy was filed less than two (2) weeks before the Court entered PTO 65, of which Plaintiff never received notice, as stated above.  To Plaintiff's knowledge, the Trustee also never received notice of PTO 65, and he should be afforded an opportunity to respond to the Court's directives and proceed with the claim.  Dismissing the claim without permitting the Trustee to participate or respond in this action would be extremely prejudicial to the Estate, its creditors, and the Plaintiff.

Under Title 11 of the United States Code, 11 U.S.C. §541(a) defines what assets constitute the assets of a bankruptcy estate after the filing of a Petition:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
>> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>>
>> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
>>
>>> (A) under the sole, equal, or joint management and control of the debtor; or
>>>
>>> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

    (A) by bequest, devise, or inheritance;

    (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or

    (C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

Upon the filing of the Bankruptcy, the Trustee, had an interest in all assets of the Estate, including the claims, and as such, was and is entitled to any notice of any action by this Court that would affect or impact the claims. Plaintiff anticipates receiving confirmation that the Trustee intends to preserve the claim for further treatment and consideration in connection with the Estate.

    Second, the Court's Order seems to be based upon a manifest error of fact that Plaintiff and counsel had been "scouring the MDL docket for a year and a half" without ever noticing PTO 65. This is incorrect. As clarified in Mr. Wright's Declaration, Mr. Wright and counsel regularly checked the dockets in the independent action (**not the main MDL docket**), to determine if the stay had been lifted so the independent action could be pursued. Since PTO 65 was not filed in the independent action, Mr. Wright and counsel never received notice of the filing. Upon discovering

7

the entry of the Order to Show Cause from previous counsel, Plaintiff immediately acted to file its Response and Amended Claim in compliance with PTO 65.

The United States Supreme Court has held that courts are permitted to accept late filings caused by inadvertence, mistake, or carelessness, as well as circumstances beyond the party's control. *Pioneer Invest. Services Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380 (1993) (redefining analysis for excusable neglect).  In *Pioneer*, the Supreme Court held that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." 507 U.S. at 395.  To determine if a party's neglect is excusable, the Court concluded that "the determination is . . . an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id.*  The factors the Supreme Court laid out when considering this decision include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) and whether the movant acted in good faith.  *Id.*

In the interest of manifest justice, the claim should not be dismissed.  Not only was the person (Trustee Christopher Barclay) legally charged with pursuing that claim denied the opportunity to preserve the claim, but everyone whose interests are embodied in that claim will be prejudiced. On the other hand, Defendant suffers no prejudice if the claim continues.

**WHEREFORE**, for the reasons set forth above, Plaintiff trusts that "good cause" has been established and requests the Court's indulgence to permit the Amended Claim to stand and to allow the Plaintiff's case to proceed, particularly since no party will be prejudiced if the case proceeds.

Dated: August 13, 2018.

        *s/ Tucker H. Byrd*
        Tucker H. Byrd
        Florida Bar No. 381632
        BYRD CAMPBELL, P.A.
        180 Park Avenue North, Suite 2A
        Winter Park, FL  32789
        Telephone: (407) 392-2285
        Facsimile: (407) 392-2286
        Primary Email: TByrd@ByrdCampbell.com
        Secondary Email: DWinters@ByrdCampbell.com
        *Counsel for Destin Development, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF system and provided a copy via United States mail to Counsel for BP Attn: J. Andrew Langan Kirkland & Ellis, LLP 300 North LaSalle St, Suite 2400 Chicago IL 60654 and MDL 2179 Plaintiffs' Steering Committee, Attn: Steve Herman/Jim Roy, The Exchange Center, Suite 2000, 935 Gravier Street, New Orleans, LA, 70112 on August 13, 2018.

        *s/ Tucker H. Byrd*
        Tucker H. Byrd
        Florida Bar No. 381632