UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | * | SECTION: J(2) |
| This Document Relates To: | * | JUDGE BARBIER |
| No. 14-cv-00121, Howell Construction, Inc. v. Andry Lerner, L.L.C., et al. | * * | MAG. JUDGE WILKINSON |

## **ORDER & REASONS**

The referenced member case is an action for legal malpractice by Howell Construction, Inc. ("Howell") against its former attorneys, Andry Lerner, L.L.C., Andry Law Group, L.L.C., Jonathan Andry, and Christina Mancuso (collectively, "Andry Lerner"). Andry Lerner moved to dismiss the complaint (Rec. Doc. 12863), Howell responded (Rec. Doc. 12865), and Andry Lerner replied (Rec. Doc. 12866).[1] The case was then consolidated with MDL 2179 where it was automatically stayed while the Court dealt with other matters in the MDL. The Court now turns its attention to Andry Lerner's motion.[2]

## **Background**

On May 2, 2012, the Court preliminarily approved (Rec. Doc. 6418) the Deepwater Horizon Economic and Property Damages Settlement ("Economic

---

[1] These documents were originally filed in the member case docket. They were refiled in the master docket upon consolidation with MDL 2179.
[2] Andry Lerner's request for oral argument (Rec. Doc. 12864) is denied.

Settlement," Rec. Doc. 6430).³ Howell hired Andry Lerner in July 2012 to represent Howell's claim for economic losses allegedly resulting from the Deepwater Horizon/Macondo Well oil spill. (Complaint ¶¶ 1-2, Civ. A. No. 14-121, Rec. Doc. 1) In October 2012, Andry Lerner advised Howell that it would not qualify for a payment under the Economic Settlement's formulae, therefore Howell should opt out of the Economic Settlement. (*Id.* ¶ 4) Howell opted out of the Settlement on November 1, 2012. (*Id.*) On January 29, 2013, Andry Lerner sent Howell a letter stating that "due to the significant increase in revenue by [Howell] in 2010," Andry Lerner was terminating its relationship with Howell and would not file a lawsuit on Howell's behalf. (Rec. Doc. 12865-2) The letter encouraged Howell to seek the opinion of another attorney "as soon as possible." (*Id.*) The letter concluded:

> Should you seek the opinion of another attorney, please be advised of the following strict deadlines. Please be advised that under the Oil Pollution Act, any action in Court to receive damages must be filed within three (3) years after the date on which the injury and its connection with the oil discharge in question were reasonably discoverable with the exercise of due care. Additionally, under the Oil Pollution Act, you must "present" your claim 90 days before this three year deadline, or you most likely [will] be forever barred from brin[g]ing the lawsuit at a later date.

(*Id.*)

Months later, "[i]n the fall of 2013," Howell sought and received a second opinion from another law firm which concluded that Howell would have been eligible for a payment under the Economic Settlement's formula for startup businesses. (Complaint ¶ 8) However, Howell could not file a claim with the

---

³ The Court granted final approval of the Economic Settlement on December 21, 2012. (Rec. Docs. 8138, 8139)

2

Economic Settlement because it had opted out of that settlement. (*Id.* ¶ 4) Furthermore, Howell alleges that in order to file a lawsuit against BP, it needed to have complied with the Oil Pollution Act's ("OPA") "presentment" requirement by January 20, 2013. (*Id.* ¶ 10) Howell claims that because Andry Lerner did not notify Howell of the need to make presentment until January 29, nine days after the presentment deadline, Andry Lerner's actions effectively prevented Howell from filing an opt-out lawsuit against BP. (Complaint ¶ 10)

On January 16, 2014, Howell filed its complaint against Andry Lerner. As far as the Court is aware, Howell has never filed suit against BP or any other party allegedly responsible for the blowout and subsequent oil spill.

**Discussion**

In order to survive a motion to dismiss under Federal Rule 12(b)(6),

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.

*Firefighters' Ret. Sys. V. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) (citations, quotations, and alterations omitted).

Howell's assertion that it needed to make presentment by January 20, 2013 is based on the rule that a claimant typically must satisfy OPA's presentment

3

requirement at least 90 days before the end of OPA's three-year statute of limitations. *See Nguyen v. Am. Commercial Lines L.L.C.*, 805 F.3d 134, 142-45 (5th Cir. 2015). Howell's theory of liability presumes that OPA's statute of limitations began to run on April 20, 2010—the date of the blowout and explosions aboard the DEEPWATER HORIZON—and expired three years later on April 20, 2013. The Court will assume for purposes of this motion that the limitations period for Howell's claim commenced on April 20, 2010.[4] However, the Court does not agree with Howell's conclusion that the statute of limitations expired on April 20, 2013.

Andry Lerner argues that OPA's statute of limitations was tolled, extending the deadline for making presentment beyond January 20, 2013. The Court agrees that the statute of limitations was tolled, but for reasons other than those urged by Andry Lerner.

Section 7.3.1 of the Economic Settlement contained a tolling agreement that stated in pertinent part:

> Upon entry of the Preliminary Approval Order, the statutes of limitation applicable to any and all claims or causes of action that have been or could be asserted by or on behalf of any Economic Class Member are hereby tolled and stayed. The limitations period shall not begin to run again for any Economic Class Member unless and until (a) they Opt Out of the Economic Class . . . . Notwithstanding the temporary tolling agreement herein, the Parties recognize that any time already elapsed for any Plaintiffs or Economic Class members on any applicable statues of limitations shall not be reset, and no expired claims shall be revived, by virtue of this temporary tolling agreement.

---

[4] This assumption is likely incorrect given that OPA's limitation period begins to run on "the date on which the loss and the connection of the loss with the discharge in question are reasonably discoverable with the exercise of due care," which is not necessarily the same as the date an oil spill begins. 33 U.S.C. § 2717(f)(1)(A). While this oil spill began on or around April 20 (some parties have argued that no oil entered the Gulf until April 22), it seems unlikely that Howell would have incurred any loss due to the spill on that date given that the source of the discharge was fifty miles offshore.

4

(Rec. Doc. 6430-1) The Court granted Preliminary Approval of the Economic Settlement on May 2, 2012. Howell opted out of the Economic Settlement on November 1, 2012. Therefore, OPA's statute of limitations was tolled for Howell from May 2 to November 1, 2012, a period of 183 days.

Thus, even assuming that OPA's limitations period commenced on April 20, 2010, the Economic Settlement's tolling agreement extended the three-year limitations period by 183 days, such that the statute of limitations on Howell's OPA claim did not expire until at least October 20, 2013. Therefore, the earliest Howell was required to make presentment was ninety days before October 20, 2013, or July 22, 2013.

The crux of Howell's complaint is that Andry Lerner prevented Howell from filing a lawsuit against BP by failing to inform Howell of the need to make presentment and file a lawsuit until it sent its termination letter on January 29, 2013. However, Howell had until at least July 22, 2013—nearly six months after the date of Andry Lerner's letter—to make presentment, and another ninety days beyond July 22 to then file suit. In light of this, the Court finds as a matter of law that any damages suffered by Howell cannot be attributed to the actions or inactions of Andry Lerner. *See Moses v. Hingle*, No. 2007-1384, 2008 WL 8922907 (La. 4 Cir. 2008) ("To establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of any attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence. . . . 'The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of

5

future harm—not yet realized—does not suffice to create a delictual action.'" (quoting *Braud v. New England Ins. Co.*, 576 So. 2d 467, 468 (La. 1991)).

## Conclusion

For the reasons set forth above, Howell's complaint fails to state a claim for relief that is plausible on its face. Because it appears that the defects in Howell's complaint could not be cured by amendment, the Court will dismiss Howell's claims with prejudice. Accordingly,

IT IS ORDERED that Andry Lerner's Motion to Dismiss (Rec. Doc. 12863) is GRANTED and Howell's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 28th day of August, 2018.

_____
United States District Judge

**Note to Clerk: File in 10-md-2179 and 14-121.**