UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig** <br> **"Deepwater Horizon" in the Gulf** <br> **Of Mexico, on April 20, 2010** | **MDL 2179** <br><br> **SECTION: J** |
| **This Document Relates to:** <br> *No. 12-1713, Andry, et al, v. BP Products* <br> *North America, Inc., et al.* | **JUDGE BARBIER** <br><br> **MAGISTRATE WILKINSON** |

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

**I.    INTRODUCTION**

This is an action which arises from the events that occurred during and immediately following the explosion of the oil rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, while Plaintiffs were fishing from their vessel beneath the lip of the platform of the Deepwater Horizon.

Defendants' Motion to Dismiss seeks to have the Court dismiss Plaintiffs' claims, alleging failure to state a claim upon which relief can be granted.

**II.    FACTUAL BACKGROUND**

On the evening of April 20, 2010, local fishermen Albert Andry, III, Dustin King, Ryan Chaisson, and Westley Bourg, spent the afternoon fishing from a 26-foot vessel named the Endorfin, near the South Pass of the Mississippi River.

After leaving BP's Amberjack Rig 109, Plaintiffs decided to head to the Deepwater Horizon Rig, whose huge lights attract clouds of baitfish to the surface at night. Plaintiffs navigated to the Deepwater Horizon, positioned their vessel beneath the lip of the platform, and resumed

3

fishing for bait directly beneath the lip of the platform when fluid suddenly began pouring down on them from the rig's network of pipes above.

Plaintiffs' eyes began burning and there was a sudden loud noise which Plaintiffs describe as "a hissing noise" loud enough to make it difficult to communicate. Mr. Bourg, who had worked on rigs in the past, recognized that they were in immediate and serious danger due to their position directly beneath the rig started screaming loudly "Go, go, go! It's time to leave! Go, go!"

As Plaintiffs fled, within less than a minute, an explosion "like a cannon sound" occurred, followed within seconds by another explosion.

Plaintiffs were surrounded by flames, smoke and fumes as they attempted to reach a safe distance.  They could not help to witness individuals who jumped off the rig simply float up to the surface and drift away, never making it to safety.

Plaintiffs suffered both physical and mental injuries as a result of this incident.

On September 9, 2014, this Court found BP, Transocean and Halliburton liable for the Deepwater Horizon incident, and that BP's conduct was "reckless" under general maritime law and a substantial cause of the blowout, explosion, and oil spill.[1]

## III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff need only plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences

---

[1] [Rec. Doc. 13381-1] *Findings of Fact and Conclusions of Law, Phase One Trial*

in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009) The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000)).

**III.   ARGUMENT**

Defendants ask the Court to grant dismissal of the *Andry* Plaintiffs' claims for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). However, the *Andry* Plaintiffs' Complaint states facts sufficient to state a claim upon which relief can be granted, and therefore should not be dismissed.

Defendants cite three factually distinguishable cases in support of their position that Plaintiffs have not properly alleged an "immediate risk of physical harm" while they ignore or omit the specific facts pled by Plaintiffs' in their Complaint.

In *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208 (5th Cir. 2013), when discussing potential claims under a "zone of danger" theory, the Fifth Circuit rejected claims without an "immediate risk of physical harm."

In the *Barker* case, the Fifth Circuit held that because that Plaintiff did not allege any facts which would place him in immediate risk of physical harm, the zone of danger theory is inapplicable. However, the factual allegations of the *Andry* Plaintiffs do in fact meet the "immediate risk of physical harm" standard. The *Andry* Plaintiffs were subject to a catastrophic explosion and sinking of an oil rig, which they were positioned directly beneath, whereas the Barker case relates to a simple "slip and fall" incident. The potential risk to those nearby when an

individual suffers a slip and fall incident cannot be compared to the magnitude of Deepwater Horizon explosions that the *Andry* Plaintiffs experienced.

In *Ainsworth v. Penrod Drilling Corp.,* 972 F.2d 546, 547-48 (5th Cir. 1992) the Fifth Circuit affirmed the dismissal of a complaint at summary judgment for a plaintiff who was one hundred feet away and enclosed inside of a control room when a helicopter crashed. The *Andry* Plaintiffs had no such protection of an enclosed control room but were on open water directly beneath the rig. Further, in *Ainsworth* the Plaintiff remained safe inside the control room where he witnessed the incident, whereas the *Andry* Plaintiffs, clearly afraid for their lives, immediately turned their boat around in an attempt to escape the catastrophic explosion and sinking of the rig.

During the *Andry* Plaintiffs' attempt to escape from their position beneath the lip of the platform, they came into contact with an unknown liquid substance that caused their eyes to start burning. Plaintiffs also experienced symptoms related to their physical exposure from the hazardous chemical fumes and debris in the air. Plaintiffs suffered damages beyond their presence in the area at the time of the explosion.

## IV.   CONCLUSION

**For the foregoing reasons**, we respectfully submit that the *Andry* Plaintiffs Complaint sufficiently pled factual allegations to support a claim upon which relief can be granted. Additionally, the Andry Plaintiffs have filed a Motion for Leave to Amend their Complaint [Rec. Doc. 24808]. Accordingly, we ask that the Court allow the case to proceed and not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

                      **Respectfully submitted:**

                      */s/ Joseph M. Bruno*
                      Joseph M. Bruno (LA Bar No. 3604)
                      Markita Hawkins (LA Bar No. 35812)

>BRUNO & BRUNO, LLP
>855 Baronne Street
>New Orleans, Louisiana 70113
>Telephone: (504) 525-1335
>Facsimile: (504) 561-6775
>jbruno@brunobrunolaw.com
>*Attorneys for Plaintiffs Andry, Chaisson, King*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of September, 2018.

>*/s/ Joseph M. Bruno*