Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20th, 2010

MDL NO. : 2179

SECTION: "J"

HONORABLE CARL J. BARBIER

MAGISTRATE JUDGE SHUSHAN

---

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JOSEPH CANNISTRA Individually, and on behalf of EGES Inc., d/b/a the "Gathering Restaurant"

Plaintiff,

V

BP EXPLORATION & PRODUCTION Inc. et al.,

Defendants.

MDL NO.:8:12-CV-2791-T-12-TGW

---

## ACTION FOR ECONOMIC LOSS SETTLEMENT

COMES NOW JOSEPH CANNISTRA, by and through Joseph Cannistra, and avers as follows:

1. JOSEPH CANNISTRA, an individual, on behalf of EGES Inc., d/b/a The Gathering Restaurant, is the qualified claimant, and was president of the aforementioned corporation, that was doing business as The Gathering Restaurant, in Largo, Florida at the time of the incident in the Gulf of Mexico relating to the Oil Rig "Deepwater Horizon" on the 20th day of April, 2010.

2. That the business and corporation are no longer in existence due to the aforementioned incident.

3. That the restaurant closed on or about October, 2011.

4. That for informational purposes, and to show extreme damage, the restaurant had been in existence prior to the spill for almost "30 years" at that location.

5. That Joseph Cannistra is and was always a citizen of the United States of America, born in Brooklyn, New York, and now resides in Tampa, Florida.

6. That liability is not an issue in the case at bar.

7. That plaintiff Joseph Cannistra, purchased the aforementioned corporation in July, of 2009, for the sum of $200,000.00 cash, through a broker, anticipating the income needed to sustain the rest of his life, without too much physical work on the part of this plaintiff, as plaintiff has health problems, and as an owner, would have the ability not to have to work as hard as a regular salaried worker, being able to take brakes as needed to relieve his pain.

8. That Plaintiff initially invested another $87,000 in renovations to the restaurant, anticipating the consistence of its income.

9. The purchase of the restaurant included the renewal of the existing lease, and that renewal was for a guaranteed 10 years.

10. It should be noted that as of the end of March, 2010, this plaintiff has not received a salary, from the restaurant.

11. That this plaintiff has a claim number associated with the former GCCF, and that that claim number is 1101464, initiated in July of 2010.

12. That on the 10th, day of March, 2011, after review by the GCCF, the first interim payment was calculated and sent to me, via the EGES Inc., d/b/a The Gathering Restaurant, in the amount of $36,767.94.

13. That in November, 2011, I, Joseph Cannistra, president of EGES Inc., d/b/a The Gathering Restaurant, once again filed with the GCCF another claim for an interim payment.

14. That although I submitted all documentation necessary to complete my claim for payment, there has been nothing but redundant requests for the same documentation, up and until the transition and/or Court dissolution of the GCCF, as claims representative for the Big Rig Horizon "BP" incident.

15. That the hardship suffered by this Plaintiff and two young daughters has become so extreme, that it is effecting the children's wellbeing, and causing emotional and psychological damage.

16. That there is no justifiable reason for such delay in making this plaintiff hole, and that any further delay at this point is malice, as this plaintiff is a 62 year old single parent of two girls, ages 9 & 11, and unable to work or achieve any income, and is rightfully owed just compensation for damaged as a result of the unfortunate incident in the Gulf of Mexico.

17. This plaintiff is owed compensation from BP for the purchase price of the restaurant, plus the costs of renovations, loss of income from the date of loss, March of 2010, until its closing, (the restaurant), costs of all advertizing, all interest(s) paid on loans taken to keep the restaurant operating prior to its closing, and the anticipated income loss, up and until the lease ran out in 2019, plus the loss of this

18. This plaintiff simply calculates his loss as follows, less aggravating Circumstances: Purchase price, $200,000. , plus renovations $ 87,000., plus loss of income as calculated by the GCCF in its initial interim payment of $36,767.94 for the period from May through December, 2010, based upon submitted documentation, adding the additional January through May months coming up with an additional loss of approximately $48,000., making the annual loss approximately $84,767.94.

This loss from December, 2010 through 2019, multiplying by nine calculates as $762,911.46, plus $200.00, the purchase price, plus $87,000 renovations equals $1,049911.46, plus loss of salary over nine years at $280,800, totaling $1,330,711.46, plus a simple cost of living increase over the nine years of 2% compounded annually adding to the total approximately $25,000. calculating to approximately $1,358,711.46, for the business, and another approximately $4,000. for salary increase @.02%, making the total somewhere around $1,362,711.46, less interest from the loss date till the settlement date.

19. For information as to the aggravating factors to this claim, I was forced the additional 50% interest on the $10,000. I borrowed on my merchants account; and the fact that my children for the past two Christmas's have had no presents, Easter, joins the list, as well as birthdays. These kids are now 9 & 11 years old. School supplies, clothes and other normal items usually supplied to normal families are not available for my children. The costs on this is not measurable. You figure it out!

20. That once again my two girls are going to cry this Christmas, as there is no extra funds for presents for the third Christmas in a row. The tears are the worst time for me. No father should have to see their children be without, when through no fault of their own, the families income was destroyed.

21. Moreover, I now have an opportunity purchase another restaurant for a very reasonable price, and I am in contract presently awaiting settlement, yet no contact or communication confirming my settlement is at hand.

22. Should this plaintiff loose this opportunity of be employed again and receive an income, I will be asking for additional compensation for this loss of opportunity as well.

23. Should there be an additional delay of settlement, I will also consider this as acting in Bad Faith by BP, and move for an additional damages for this act.

WHEREFORE and in view of the foregoing, Plaintiff moves this Honorable Court for an Order granting relief to this plaintiff in the amount of $1,362,711.46, plus interest to date, or in the alternative, an order to show cause why the Deepwater Horizon, (BP) has not made whole this claimant, or a jury trial to accommodate to issues aforementioned, and for such other and further relief as this Court may seem just, proper and equitable.

        Joseph Cannistra
        Representative for EGES Inc.
        d/b/a The Gathering Restaurant
        812 Orange Ave. E.
        Tampa, Fl. 33613
        813 – 442-5005  Home
        813 - 403-8587  Cell

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent to Counsel for Defendant(s), Richard Godfrey, at the Law Firm of Kirkland & Ellis, 300 N. La Salle Street, Chicago, Ill. 60654, this 11th, day of December, 2012, via the U. S. Mail.

        Joseph Cannistra