UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * | **MDL 2179** |
| | | **SECTION: J(2)** |
| **This Document Relates To:** | * | **JUDGE BARBIER** |
| *All Cases in the "B1" and "B3" Pleading Bundles* | * * | **MAG. JUDGE WILKINSON** |

## ORDER
### [Directing the Clerk to Close Certain Cases Previously Dismissed for Noncompliance with PTO 60 and PTO 63]

The Court previously dismissed a large number of cases in this multidistrict litigation ("MDL") for failing to comply with Pretrial Order 60 and/or Pretrial Order 63. Although some plaintiffs timely moved for reconsideration of and/or appealed these dismissals, most did not, and the time for doing so has long passed. However, as a result of the practical limitations inherent in managing an MDL as large and complex as this one, many of these cases were not, as a purely technical matter, closed on the Court's docket. Accordingly, and as further explained below, this Order directs the Clerk of Court to close the cases listed on the attached Exhibit A.

    A.    **"B1" Pleading Bundle and the PTO 60 Compliance Order**

Early in this multidistrict litigation the Court established eight "pleading bundles" for different categories of claims. (Pretrial Order 11, Rec. Doc. 569). The "B1" bundle included claims for non-governmental economic loss and property

damages by private individuals and businesses, and it was pled pursuant to a B1 Bundle Master Complaint. (Rec. Doc. 879, amended Rec. Doc. 1128).

On March 29, 2016, the Court issued Pretrial Order 60 ("PTO 60," Rec. Doc. 16050), which dismissed the B1 Master Complaint and required that all B1 plaintiffs who had timely filed a claim in the B1 bundle and had not released their claims to file and serve a three-page sworn statement regarding the status of his/her/its claim. PTO 60 also required that any B1 plaintiff who had previously filed only a short form joinder and/or were joined in a multi-plaintiff complaint to file an individual complaint. The deadline to comply with PTO 60 was May 2, 2016, later extended to May 16, 2016. PTO 60 warned that those who failed to comply would "face dismissal of their claims with prejudice without further notice." (PTO 60 at 6, Rec. Doc. 16050).[1]

On June 7, 2016, the Court issued an Order to Show Cause Regarding Compliance with PTO 60 (Rec. Doc. 18724) which identified several thousand plaintiffs that appeared to have complied with the requirements of PTO 60. Those who were not deemed compliant with PTO 60 were required to show cause in writing by June 28, 2016 why their B1 claims should not be dismissed with prejudice.

---

[1] PTO 60 also included additional notice requirements: "Following the issuance of this Order, all counsel of record should receive a copy via F&S pursuant to Pretrial Order No. 12 (Rec. Doc. 600). This Order will also be posted on the Court's website, http://www.laed.uscourts.gov/case-information/mdl-mass-class-action/oilspill. Counsel for BP shall this Order to all plaintiffs who opted out of the Economic and Property Damages Settlement, signed their opt-out forms and did not indicate in that form that the plaintiff was represented by counsel . . . . Finally, to the extent practicable, the PSC shall email a copy of this Order to known counsel of record for Plaintiffs who joined in the Amended B1 Master Complaint, and/or opted out of the Economic and Property Damages Settlement and may therefore be subject to this Order." (PTO 60 at 5, Rec. Doc. 16050).

On July 14, 2016, the Court issued an Order Re: Compliance with PTO 60. ("PTO 60 Compliance Order," Rec. Doc. 20996). Exhibits 1A and 1B to the PTO 60 Compliance Order identified approximately 1,000 B1 plaintiffs who had complied with PTO 60 and had not yet resolved their claims against BP.[2] These claims were preserved and subject to further proceedings in this Court. Exhibit 2 to the PTO 60 Compliance Order identified B1 plaintiffs who made timely show cause filings but as to whom BP still believed were non-compliant with PTO 60. The Court ordered further briefing on whether the plaintiffs in Exhibit 2 should be deemed compliant with PTO 60.  Finally, the PTO 60 Compliance Order declared:

> All remaining Plaintiffs in the B1 bundle, other than those [identified on Exhibits 1A, 1B, or 2] are deemed noncompliant with PTO 60, and their B1 claims are hereby **DISMISSED WITH PREJUDICE**.
>
> As to all Plaintiffs in the B1 bundle, only those Plaintiffs who have not previously released their claims, have made timely presentment as required by OPA, have previously filed an individual lawsuit, and have otherwise complied with the requirements of PTO 60 have preserved their individual claims. All other B1 bundle claims are time-barred.

(PTO 60 Compliance Order at 5, Rec. Doc. 20996 (emphasis in original)).

On December 16, 2016, the Court ruled on whether the plaintiffs listed in Exhibit 2 to the PTO 60 Compliance Order had complied with PTO 60. ("PTO 60 Reconciliation Order," Rec. Doc. 22003).[3] The Court deemed some plaintiffs compliant with PTO 60; their B1 claims were preserved. The Court deemed other plaintiffs to be non-compliant and dismissed their B1 claims with prejudice.

---

[2] Plaintiffs who had settled their claims against BP were omitted from Exhibits 1A and 1B.
[3] Some of the plaintiffs who had been dismissed by the PTO 60 Compliance Order promptly filed motions for reconsideration, or to amend, etc.  The PTO 60 Reconciliation Order ruled on these motions as well.

B.     **"B3" Pleading Bundle and the PTO 63 Compliance Order**

The "B3" pleading bundle was another one of the pleading bundles established in the early days of this MDL. The B3 bundle includes all claims, of any type, relating to post-explosion clean-up efforts asserted against defendants not named in the B1 master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010. (Pretrial Order No. 25, Rec. Doc. 983 at 2). The B3 bundle also includes contract claims related to the oil spill response.

On February 22, 2017, the Court issued Pretrial Order No. 63 ("PTO 63", Rec. Doc. 22295), which dismissed the Amended B3 Master Complaint and ordered all plaintiffs who had timely filed a claim in the B3 pleading bundle and had not released their claims to submit certain documents. Specifically, B3 plaintiffs who previously filed an individual lawsuit (i.e., a single-plaintiff complaint without class allegations) were required to complete, file, and serve a sworn statement regarding the status of their claim. B3 plaintiffs who had not filed an individual lawsuit, but instead had filed a Short Form Joinder and/or were part of a complaint with more than one plaintiff, were required to complete, file, and serve an individual lawsuit and a sworn statement. B3 plaintiffs initially had until April 12, 2017 to comply with PTO 63. Many sought and received an extension up to May 3, 2017. PTO 63 warned that plaintiffs who failed to comply would "face dismissal of their claims with prejudice without further notice." (PTO 63 at 7, Rec. Doc. 22295).[4]

---

[4] PTO 63 also contained special notice provisions similar to those found in PTO 60 and quoted in footnote 1, *supra*.

On July 18, 2017, the Court issued an Order As to Compliance with Pretrial Order No. 63. ("PTO 63 Compliance Order," Rec. Doc. 23047). Exhibit 1 to the PTO 63 Compliance Order identified 960 B3 plaintiffs deemed to be compliant with PTO 63 and whose B3 claims were subject to further proceedings in this Court. Exhibit 2 identified 173 plaintiffs who responded to PTO 63, but whose submission was materially deficient. The PTO 63 Compliance Order stated that "B3 claims that are not listed on EXHIBIT 1 are DISMISSED WITH PREJUDICE." (PTO 63 Compliance Order at 2, Rec. Doc. 23047 (footnote omitted)).

Some B3 plaintiffs moved for reconsideration of the PTO 63 Compliance Order. On December 6, 2017, the Court issued an order granting some of those motions and denying others. (Rec. Doc. 23735)

### C. Closure of Cases Previously Dismissed for Failing to Comply with PTO 60 and/or PTO 63

As explained above, many cases were previously dismissed with prejudice for failing to comply with PTO 60 and/or PTO 63. To the extent a judgment of dismissal should have been set out in a separate document for each non-compliant case but was not, such a judgment was deemed entered 150 days after the entry of the PTO 60 Compliance Order, PTO 60 Reconciliation Order, or the PTO 63 Compliance Order. *See* Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4 (7)(A)(ii).[5] Thus, as to the

---

[5] *See also Burnley v. City of Antonio*, 470 F.3d 189, 195-96 (5th Cir. 2006) ("FRCP 58(a) and FRAP 4(a)(7)(4), as amended in 2002, are designed to, *inter alia*, work in conjunction with each other 'to ensure that appeal time does not linger on indefinitely.' . . . 'When FED. R. CIV. P. 58(a)(1) requires the judgment or order to be set forth on a separate document, that judgment or order is not treated as entered until it is set forth on a separate document (in addition to being entered in the civil docket) **or until the expiration of 150 days after its entry in the civil docket, whichever occurs first.** This cap will ensure that parties will not be given forever to appeal (or to bring a post judgment motion) when a court fails to set forth a judgment or order on a separate document in

5

B1 cases dismissed by the July 14, 2016 PTO 60 Compliance Order, judgment was entered on December 11, 2016, if not earlier.[6] As to those B1 cases dismissed by the December 16, 2016 PTO 60 Reconciliation Order, judgment was entered on May 15, 2017, if not earlier.  As to those B3 cases (and those cases asserting both B1 and B3 claims) that were dismissed by the July 18, 2017 PTO 63 Compliance Order, judgment was entered on December 15, 2017, at the latest.[7]

While the Court has issued, and occasionally amended, lists identifying what plaintiffs/cases were compliant with (and thus were not dismissed by) PTO 60 and/or 63, practical limitations have until now prevented the Court from issuing a comprehensive list identifying which plaintiffs/cases were non-compliant with (and thus were dismissed by) PTO 60 and/or 63.  Consequently, there are hundreds of cases that, as a purely technical matter, still appear to be "open" on the Court's docket, even though, as a legal matter, they were dismissed months or even years ago.

In an effort to make the Court's docket better reflect legal reality, the Court requested BP to provide the Court with a list of cases that it believes were

---

violation of Fed. R. Civ. P. 58(a)(1).'" (quoting Advisory Committee Notes for 2002 Amendments to Fed. R. Civ. P. 58 and Fed. R. App. P. 4) (emphasis added; other emphasis omitted)); *Hooks v. Nationwide Housing Sys., L.L.C.*, 695 F. App'x 86, 87 (5th Cir. 2017) ("Assuming arguendo that the district court's Order and Reasons required a separate judgment document, if one was not entered within 150 days, the judgment is considered to be entered at that time, starting the appellate clock running."); *In re: Deepwater Horizon* (*Action Restoration, Inc.*), *infra*.

[6] Indeed, the Fifth Circuit recently dismissed as untimely appeals from the PTO 60 Compliance Order that were not filed until November 2017. *See In re: Deepwater Horizon* (*Action Restoration, Inc.*), No. 17-30936 (5th Cir. Apr. 18, 2018), *cert. pending*, No. 18-95, 2018 WL 3533082 (U.S. July 17, 2018).

[7] The Court notes that a separate document is not required for, *inter* alia, orders disposing of Rule 59 and Rule 60 motions.  *See* Fed. R. Civ. P. 58(a).  Therefore, as to those plaintiffs who, for example, were dismissed by the PTO 60 Compliance Order and timely moved to amend or sought reconsideration, judgment was entered on either December 16, 2016 (the date the Court denied those motions), December 11, 2016 (150 days after the PTO 60 Compliance Order), or July 14, 2016 (the date of the PTO 60 Compliance Order)—the precise date is irrelevant for present purposes.

dismissed for failing to comply with PTO 60 and/or PTO 63.[8] The Court has reviewed this list and, after making certain adjustments, finds that the cases listed on the attached Exhibit A were previously dismissed for failing to comply with PTO 60 and/or PTO 63.[9] Accordingly, the Court will instruct the Clerk to mark these cases identified on Exhibit A as closed.

WHEREFORE, the attached Exhibit A identifies cases that were previously dismissed for failing to comply with PTO 60 and/or PTO 63;

**IT IS ORDERED that the Clerk is directed to CLOSE the cases listed on Exhibit A to this Order.**

Nothing in this Order shall be construed as a judgment under Fed. R. Civ. P. 54 or Fed. R. Civ. P. 58, nor shall this Order be construed as re-opening the time for seeking post-judgment relief or filing an appeal.

New Orleans, Louisiana, this 6th day of September, 2018.

_____
United States District Judge

---

[8] BP reports that its list does not include cases that settled and voluntarily dismissed their claims against BP.
[9] The Court notes that Exhibit A is perhaps not an exhaustive list of every case that was dismissed for failing to comply with PTO 60 and/or 63. Nothing in this Order will preclude the Court from later determining that a plaintiff or case omitted from Exhibit A was previously dismissed for failing to comply with PTO 60 and/or PTO 63.