IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J |
| | * * | JUDGE BARBIER |
| This Document Relates To: *All Cases in Pleading Bundle "B1"* | * * * * * * * * * | MAGISTRATE JUDGE WILKINSON |

**BP'S RESPONSE IN OPPOSITION TO
MOVANTS' MOTIONS FOR RECONSIDERATION**

BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), pursuant to the Court's August 15, 2018 Order (Rec. Doc. 24747), hereby file their omnibus response and opposition to the pending motions for reconsideration of the Court's PTO 65 Compliance Order (Rec. Doc. 24686) and relief from final judgment.[1] Despite movants having notice of the requirements of PTO 65 and explicit guidance from the Court that noncompliance with this Court's pre-trial orders would result in the dismissal of their claims, ten of the eleven movants failed to comply with PTO 65. The eleventh movant, Estate of William Patrick Kinser ("Kinser"), had previously released his claims. The movants provide no basis for

---

[1] This brief addresses arguments raised by 11 groups of movants, who collectively filed 12 motions for reconsideration under Rule 59(e); two of these 12 motions also seek additional relief from final judgment under Rule 60. *See* Motions for Reconsideration at Rec. Docs. 24694, 24716, 24701, 24704, 24713, 24719, 24732, 24741, 24742, and 24743 and motions raising both arguments at Rec. Docs. 24700 and 24730.

this Court to reconsider or grant relief from its previous order dismissing movants' claims, and their motions should be denied.

## BACKGROUND

On January 11, 2018, as part of its inherent authority to manage this highly complex litigation, the Court issued PTO 65 requiring those plaintiffs with timely-filed, non-released claims for economic losses or property damage ("B1 claims") to take certain affirmative steps in order to proceed with their claims in this litigation. (Rec. Doc. 23825) ("PTO 65"). Specifically, PTO 65 required each plaintiff with pending B1 claims to provide a signed sworn statement answering the following four questions:

> (1) Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount;
>
> (2) Describe specifically the evidence you rely on to prove the damages you allege in response to Question no. 1;
>
> (3) Describe specifically how the Deepwater Horizon/Macondo Well incident and oil spill caused the damages you allege in response to Question no. 1; and
>
> (4) Do you have at this time an expert who will opine as to any of your responses to the above questions?

PTO 65 at 3.

PTO 65 also required that "[t]he plaintiff (not the plaintiff's attorney) must sign and date the verification and attestation at the end of this form." PTO 65 at 1. The Court made clear that the parties were to comply with PTO 65 by April 11, 2018. *Id*. This gave plaintiffs and their counsel three months to complete, sign, and file their PTO 65 statements.

Movants were on notice from the day the Court issued PTO 65 in January 2018 that compliance was mandatory if they wished to continue pursuing their B1 claims. Nonetheless, only Kinser, who had already released his B1 claim, made an effort to timely comply with the Court's order. Ten movants failed to file the required submissions until several months after the

compliance deadline. *See* Order to Show Cause Re: Compliance With PTO 65 (Rec. Doc. 24558). 216 claimants represented by the Buzbee firm (the "Buzbee movants") (Rec Doc. 24730) still have not filed PTO 65 statements. After briefing on this Court's Order to Show Cause was complete, the Court dismissed each of these movants' claims for noncompliance with PTO 65 in its Compliance Order. *See* PTO 65 Compliance Order (Rec. Doc. 24686). Eleven groups of movants have now filed motions for reconsideration pursuant to FED. R. CIV. P. 59(e), and two of these movants also seek relief from a final judgment pursuant to FED. R. CIV. P. 60(b). Movants failed to meet the standard for either Rule, instead rehashing old arguments already considered and rejected by this Court and raising new irrelevant arguments. There is no basis for this Court to reconsider its order dismissing movants' cases.

## ARGUMENT

### I. MOVANTS MAKE NO ARGUMENTS THAT MERIT RECONSIDERATION UNDER RULE 59

As an initial matter, movants have failed to make any arguments that are appropriate on a motion for reconsideration, and their motions should be denied for that reason alone. To prevail on a motion for reconsideration, the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact.[2] *Henry v. New Orleans La. Saints, LLC*, Civil Action No. 15-5971, 2016 WL 3524107, at *2 (E.D. La. June 28, 2016) (Barbier, J.) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)); *see Reyes v. Julia Place Condos.*, Civil Action No. 12-2043 2016 WL 3902606, at *4 (E.D. La. July 19,

---

[2] Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a timely motion for "reconsideration" will be treated as Rule 59(e) motion to alter or amend a judgment. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *see also In re Fellows*, 19 F.3d 245, 245-46 (5th Cir. 1994); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (motion for reconsideration filed within time specified by FED. R. CIV. P. 59(e) is treated as motion to alter or amend).

2016) (dismissing a motion for reconsideration where the "reasons for seeking reconsideration are based on evidence and arguments previously heard and considered by the Court, and the Court's previous ruling was not based on an erroneous view of the law or an erroneous assessment of the evidence."). Movants failed to establish any of these factors. Instead, movants rehash arguments already rejected by the Court, seek to blame the Court's docketing system, suggest some sort of administrative error, or claim it was impossible to comply with PTO 65. None of these arguments meet the standard for reconsideration set forth by FED. R. CIV. P. 59(e).

      **A.**    **A Purported "Lack of Prejudice" Is Not A Basis For Granting A Motion For Reconsideration**

Movants Beach Community Bank, Park National Corporation, Gilbert Johnson, Cornelius Johnson, Patricia Bailey, Wilfredo Gallardo, Jr., James-Michael Page and the Buzbee movants ask this Court to reconsider its decision because they contend BP was not prejudiced by their failure to comply with PTO 65. (Rec. Docs. 24701, 24704, 24713 and 24719).

But "lack of prejudice" is not the standard for a motion for reconsideration, and movants tellingly cite no cases suggesting otherwise. Instead, movants must show "manifest error," and they have failed to do so. *La. Envtl. Action Network v. ExxonMobil Corp.*, Civil Action No. 15-44.500.RLB, 2017 WL 2772090, at *2 (M.D. La. June 26, 2017) ("Manifest error is defined as '[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'"). The Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *Pechon v. La. Dep't of Health & Hosp.*, Civil Action No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

4

Unexcused failures to comply with court orders and lack of prejudice to the opposing party do not meet the standard for reconsideration. *See Vasudevan v. Adm'rs of Tulane Educ. Fund*, 706 Fed. Appx. 147, 151-52 (5th Cir. 2017) (detailing "circumstances surrounding [movant's] failure to timely file her opposition . . . does not 'clearly establish either a manifest error of law or fact.'"). Accordingly, none of Beach Community Bank, Park National Corporation, Gilbert Johnson, Cornelius Johnson, Patricia Bailey, Wilfredo Gallardo, Jr., James-Michael Page and the Buzbee movants have shown that the Court committed a manifest error of law or fact, and their motions should be denied.

### B. Rehashing The Same Arguments Made In Show Cause Briefing Is Not A Basis for Reconsideration

Rather than making sufficient arguments for reconsideration, Roderic M. Wright, Barbara Wright, Destin Development, LLC and Mark Canfora also argue that they failed to receive notice, the same arguments that failed in their show cause briefing. Their claim that LexisNexis File & Serve ("LNFS") failed to deliver notice of PTO 65 was rejected in their show cause briefing. (Rec. Doc. 24558).[3] A motion for reconsideration, however, "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," nor to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *Voisin v. Tetra Techs., Inc.*, Civil Action No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Accordingly, Roderic M. Wright, Barbara Wright, Destin Development, LLC and Mark Canfora raise no new arguments and their motions should be denied.[4]

---

[3] BP understands that LNFS was sold and is now called File & ServeXpress. Any reference to LNFS herein will encompass both LNFS and File & ServeXpress.

[4] Roderic M. Wright, Barbara Wright, Destin Development, LLC also contend that the Court should reconsider its dismissal of their claims because the claims are the property of their bankruptcy estates. (Rec. Docs. 24741, 24742, 24743). This is not one of the permissible bases meriting reconsideration, and their motions fail on that

5

In addition to arguments already rejected by the Court, Canfora argues that the Order to Show Cause dismissal should be reversed because of some alleged confusion and "mistaken understanding" of his former counsel. Canfora alleges that his former counsel believed any individual B1 claims Canfora had were subsumed in the claims of his associated businesses. (Rec. Doc. 24732 at 1). Canfora is simply repacking his previously rejected LNFS argument discussed above. Instead of blaming LNFS for his failure to comply with PTO 65, he now alleges confusion caused by former counsel. This argument was previously rejected by the Court in show cause briefing and does not merit reconsideration here.[5]

### C. Continued Failure to Comply with PTO 65 Due To Purported 'Impossibility' Does Not Warrant Reconsideration

The Buzbee movants failed to file PTO 65 statements by the Court-ordered deadline; this alone is enough to merit dismissal of their claims and denial of their motion for reconsideration. However, the extent of the Buzbee movants' non-compliance goes even further: they still have not filed PTO 65 statements, nearly eight months after PTO 65 was issued, and more than five months after the compliance deadline. The Buzbee movants assert that "an impossibility was created by PTO 65 which resulted in an inherent unfairness and a gross disservice of justice." (Rec. Doc. 24730 at 4). The Buzbee movants' unsupported contention that it was impossible for them, as foreign claimants, to timely comply with PTO 65, is belied by the fact that 115 other

---

basis alone. *See Henry*, 2016 WL 3524107, at *2. Movants' counsel's failure to monitor the MDL docket and take notice of the Pretrial Order requiring counsel to register with File & Serve is not a "manifest error of fact" meriting reconsideration. Nor is the Bankruptcy Trustee's failure to enter an appearance in these lawsuits or remain informed of this Court's orders a basis for reconsideration. (*See* Rec Docs. 24741 at 4-5, 7; 24742 at 4-5; 24743 at 4-5). Rather, this appears to be another example of movants and their representatives not taking the minimal steps necessary to pursue and preserve their claims.

[5] Not only is that submission noncompliant due to its untimeliness, but the version signed by Canfora further fails to comply with PTO 65 by leaving Question 4 blank and unanswered. PTO 65 plainly required "Each Remaining B1 Plaintiff" to file their own verified statement. (Rec. Doc. 23825 at 3). There is no dispute that Canfora was required to, but failed to, submit his own PTO 65 statement. Any mistakes by plaintiff or his former counsel are insufficient under Rule 59(e) to excuse plaintiff's admitted failure to comply with PTO 65.

Mexican claimants did timely comply with PTO 65. *See* PTO 65 Compliance Order (Rec. Doc. 24686, Ex. 1). But even if the Court were to accept the Buzbee movants' assertion that it "was difficult, if not impossible" to meet this "newly created 90 day statute of limitations," Rec. Doc. 24730 at 5, the Buzbee movants have provided no explanation for why they still have not complied with PTO 65, nor an explanation for how they could have ever timely met all the other requirements of pursuing their lawsuit. *See, e.g.,* FED. R. CIV. P. 33(b)(2) (requiring responses to interrogatories within 30 days). And, tellingly, the Buzbee movants cite no legal authority demonstrating that "impossibility" constitutes an intervening change in the controlling law, previously unavailable evidence, or a manifest error in law or fact. The Buzbee movants failed to comply with PTO 65 and their motion for reconsideration should be dismissed.

**D.     Dismissal For Non-Compliance With PTO 65 Was An Appropriate Remedy**

There can be no doubt that this Court had the authority to issue PTO 65 and dismiss claims for non-compliance. *See In re Deepwater Horizon*, 713 Fed. Appx. 360, 362-63 (5th Cir. Feb. 27, 2018) (affirming this Court's dismissal of claims for non-compliance with PTO 60) (citing *Sims v. ANR Freight System, Inc.*, 77 F.3d 846, 849 (5th Cir. 1996); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)); *see also Cranford v. Morgan S., Inc*., 421 Fed. Appx. 354, 357 (5th Cir. Apr. 5, 2011) (a court has the "inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases."). And the Court set a clear deadline for PTO 65 compliance, explaining that "[e]ach Remaining B1 Plaintiff who wishes to pursue any claim for damages must file the verified statement in the form attached hereto as Exhibit A into the record of the plaintiff's individual lawsuit . . . by no later than April 11, 2018"). (Rec. Doc. 23825, at 3).

Movants' argument that the Court should reverse course and impose lesser individualized sanctions is impractical and inconsistent with the history of this case. *See, e.g.,* Rec. Docs.

7

24701 ("Plaintiff respectfully submits that dismissal of its case without prejudice is too drastic of a remedy"); 24704 (same); 24713 (dismissal of an action with prejudice is a drastic remedy"); 24730 ("there are other sanctions that could have been imposed by the Court that were less harsh and extreme."). Given the large number of claims, length of proceedings, substantial docket, and highly complex nature of MDL 2179, the individualized consideration of successive and tiered sanctions now suggested by movants is impracticable. The Court should exercise its inherent authority to manage its docket and reject this request for tiered sanctions, just as it did when claimants made these same arguments in connection with this Court's dismissal of claims due to non-compliance with PTO 60. *In re Deepwater Horizon*, 713 Fed. Appx. at 362-63 (affirming this Court's dismissal of claims for non-compliance with PTO 60) (citing *Sims v. ANR Freight System, Inc.*, 77 F.3d 846, 849 (5th Cir. 1996); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)).

## II.  MOVANTS ARE NOT ENTITLED TO RULE 60 RELIEF

Two groups of movants also seek relief under FED. R. CIV. P. 60(b). Notably, the Fifth Circuit has already determined that "dismissal due to noncompliance with discovery orders is not an abuse of discretion, and therefore is not subject to relief under Rule 60(b)." *In re Vioxx Prods. Liab. Litig.*, 509 Fed. Appx. 383, 387 (5th Cir. 2013); *see James v. Rice Univ.*, 80 Fed. Appx. 907, 911 (5th Cir. 2003) (finding the argument that plaintiff "should be excused [under Rule 60(b)] from her complete lack of compliance with the district court's pretrial orders" because of her counsel's errors was unavailing). Consideration of these movants' Rule 60(b) arguments could end here. But even if Rule 60(b) relief were available for a PTO 65 dismissal, neither of these movants established any basis for this Court to grant such relief.

Michelle Spaven-Daffin and James Sublett claim their failure "to receive the Order to Show Cause was the result of mistake and/or inadvertence and was not attributable to the

8

Claimants, and as a result, . . . should be entitled to relief under FRCP 60(b)(1)." (Rec. Doc. 24700 at 4 ¶ 9). FED. R. CIV. P. 60(b)(1) permits the court to relieve a party from a judgement for "mistake, inadvertence, surprise, or excusable neglect."  To succeed, movants must make a "showing justifying the failure to avoid the mistake or inadvertence." *Parfait v. Dominque*, Civil Action No. 17-738, 2018 WL 2690115, at *2 (E.D. La. June 5, 2018) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985)).  Both PTO 65 and the May 25th, 2018 Order to Show Cause Re: Compliance with PTO 65 were served through Pacer and the Court's publicly accessible website where orders are routinely posted. (Rec. Doc. 24558, "Order to Show Cause Re: Compliance with PTO 65").  Spaven-Daffin and Sublett have made no showing that they took any steps to avoid mistake or inadvertence, namely, monitoring the Court's Pacer docket or website.  The movants have an independent obligation to monitor the docket. *Walker v. Transfrontera CV de SA*, 634 Fed. Appx. 422, 427 (5th Cir. 2015) ("[a] party has a duty of diligence to inquire about the status of a case."); *Vodanovich v. Boh Bros. Constr. Co., L.L.C.*, Civil Action No. 05-4191, 2015 WL 853953, at *7 (E.D. La. Feb. 25, 2015) ("[counsel] is subject to a duty to monitor and keep himself apprised of the docket activity in the cases in which his clients are parties.").  This Court has previously rejected similar arguments seeking to excuse unintentional untimeliness by represented parties in these proceedings, and has dismissed the B1 claims of plaintiffs who failed to timely comply with prior pretrial orders, such as PTO 60 and PTO 64. *See, e.g.* (Rec. Doc. 22003 at 14, 18-19, 25-27); (Rec. Doc. 23649 at 4).  Spaven-Daffin and Sublett failed to make the requisite showing and their motion should be denied.

The Buzbee movants' Rule 60(b)(6) argument is similarly unavailing.  (Rec Doc. 24730). Under FED. R. CIV. P. 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."  Critically,

9

however, a party "must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993); *In re BNP Petroleum Corp.*, 642 Fed. Appx. 429, 436 (5th Cir. 2016) (affirming dismissal for movant's failure to file their motion within a "reasonable time."). The Buzbee movants offer nothing close to "extraordinary circumstances." Specifically, failure to comply with this Court's case management orders does not constitute extraordinary circumstances. *Id.* ("The movant (through counsel) is to blame for her omission her proffered reasons for [failing to comply with the Court's pre-trial order] do not show the Court's initial ruling to have been manifestly unjust."). Nor are the Buzbee movants faultless, as they had eight months to comply with PTO 65 and have not identified any efforts to do so. *See Lewis v. Barnhart*, 73 Fed. Appx. 715, 717 (5th Cir. 2003) ("[plaintiff] is not without fault in failing to file his complaint timely, so the district court did not abuse its discretion by not vacating the judgment under FED. R. CIV. P. 60(b)(6)."). Since the Buzbee movants cannot demonstrate extraordinary circumstances or that they were faultless in their failure to comply with PTO 65, their claims should remain dismissed.

### III. ESTATE OF KINSER HAS NO B1 CLAIM

The Court's PTO 65 Compliance Order identified Kinser on a list of individuals who made PTO 65 submissions but are not Remaining B1 Plaintiffs. (Rec. Doc. 24558, Ex. 4). In his Motion for Clarification (Rec. Doc. 24694), Kinser argues that he complied with PTO 60 and should now be deemed compliant with both PTO 60 and 65.

Kinser, however, already settled and voluntarily dismissed his claims with prejudice. On May 16, 2016, Kinser filed a Notice of Voluntary Dismissal with Prejudice, stating that Kinser had entered a Full and Final Release, Settlement, and Covenant Not to Sue (the "Settlement"), and was voluntarily dismissing all its claims against BP with prejudice. (Rec. Doc. 18093). Because his claims were settled and dismissed before the PTO 60 compliance deadline, Kinser

10

has not appeared on any of the PTO 60 compliance lists issued by the Court and was properly identified in the PTO 65 Compliance Order as not a Remaining B1 Plaintiff.

Not only were Kinser's claims voluntarily dismissed with prejudice, but they have been foreclosed through the PTO 60 show cause process. Kinser was not listed as a PTO 60-compliant plaintiff on the Court's June 7, 2016 PTO 60 Show Cause Order and so was subject to the requirement that "[a]ny Plaintiffs who believe they have complied with PTO 60 but are not listed on EXHIBITS 1 or 2 must show cause in writing on or before June 28, 2016, why this Court should not dismiss their B1 claim(s) with prejudice for failing to comply with the requirements of PTO 60." (Rec. Doc. 18724 at 2). Although the PTO 60 show cause deadline was more than two years ago, Plaintiff has never filed a show cause response, so any B1 claims Kinser now claims he possessed were subject to the Court's ruling in its PTO 60 Compliance Order that "[a]ll remaining Plaintiffs in the B1 bundle, other than those that are either (1) identified . . . as compliant with PTO 60 or (2) have filed a timely response to the Show Cause Order . . ., are deemed noncompliant with PTO 60, and their B1 claims are hereby DISMISSED WITH PREJUDICE." (Rec. Doc. 20996 at 5).

Because Kinser no longer has any B1 claims, he was properly excluded from the Court's PTO 60 and 65 compliance lists.

## CONCLUSION

PTO 65 put movants clearly on notice that noncompliance with its requirements would result in dismissal of their claims. Movants have offered no credible reason to reconsider that ruling, and their motions should be denied.

September 6, 2018 Respectfully submitted,

*/s/ Don Haycraft*

Don Haycraft (Bar #14361)
R. Keith Jarrett (Bar # 16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

Christopher W. Keegan
(chris.keegan@kirkland.com)
Ashley E. Littlefield
(ashley.littlefield@kirkland.com)
Anna Terteryan
(anna.terteryan@kirkland.com)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Response in Opposition to Movants' Motions for Reconsideration** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of September, 2018.

*/s/ Don Haycraft*
Don Haycraft