UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION J |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MICHAEL PAGE | CIV. ACTION No. 2:17-CV-06083 |
| VERSUS | SECTION J |
| BP EXPLORATION & PRODUCTION, INC. | JUDGE BARBIER |
| | MAG. JUDGE WILKINSON |
| | RULE 9(h) |

PLAINTIFF JAMES-MICHAEL PAGE'S REPLY IN SUPPORT OF HIS MOTION TO VACATE JUDGMENT

On July 31, 2018 Plaintiff, James-Michael Page, moved the court to vacate its judgment of July 10, 2018 dismissing this action, as authorized by Federal Rule of Civil Procedure 59(e) or, alternatively, to grant him relief from the judgment or order as authorized by Federal Rule of Civil Procedure 60(b).

On September 6, 2018, the Defendant filed a joint response in opposition to Page's motion and similar motions filed on behalf of other Plaintiffs in this multi-district litigation.

1

1. In Page's case, the issue is that his counsel did not receive notice of either the January 11, 2018 Pretrial Order No. 65 or the May 25, 2018 show cause order in Case No. 2:10−md−02179−CJB−JCW. This was supported by testimony in the form of an affidavit of Reginald McKamie, Page's counsel, and business records authenticated by and attached to said affidavit.

2. The affidavit, the records attached, and the Court's own docket sheet, establish that there was no activity in Case No. 2:17-CV-06083 between June of 2017 and July of 2018, when his case was dismissed.

3. After learning of the dismissal, Plaintiff and his counsel diligently gathered the information requested by the Court, prepared and timely filed the motion to vacate, and filed the verified statement required by Pretrial Order 65.

4. The issue in Page's case is that counsel was not receiving service of activity in the master docket. On June 29, 2017, shortly after filing suit on behalf of Page, his counsel was served with certain Pretrial Orders that had previously been entered in the master docket, including First Amended Pretrial Order No. 12. See Exhibit A, the affidavit of Reginald McKamie, REM09, and Docket Entry 3-2 in Case 2:17-cv-06083-CJB-JCW.

5. Among other instructions, this order directed counsel to sign up for electronic service through File & ServeXpress within ten (10) days. It directed counsel to Exhibit B to the order, the File & ServeXpress Welcome Kit. That Exhibit states that "If you already have a File & ServeXpress user name and password, you do not need to re-register." Section B's instructions to existing users explained only how to add other attorneys and staff members to an existing account. Page's counsel already had a File & ServeXpress user name and password and his account as of January 6, 2017, less than six (6) months

earlier had no balance due. Exhibit A at REM03. Furthermore, he is the only attorney of record for Mr. Page and did not need to add any new users. Counsel received no correspondence from File & ServeXpress after January 6, 2017 until after he filed the motion to vacate. Exhibit A at REM02.

6. After diligently working to prepare and file the motion to vacate and the verified statement required by Pretrial Order 65, counsel investigated why he had not received any notice of Pretrial Order 65 or the show cause order. Counsel had diligently monitored his email for service of any docket activity in this case, and received none for over a year.

7. Counsel, or someone acting on his behalf, contacted the clerk of this court to find out why he had not been served with notice of any activity. The person at the court said that he had to sign up through "Lexis-Nexis" to receive service and directed him to pretrial order 12. Counsel retrieved Amended Pretrial Order No. 12 and discovered that, in fact, all he needed was a File & ServeXpress account, which he already had. See Exhibit A.

8. Counsel then went to the File & ServeXpress website, which would not allow him to login. He then attempted to create a new account using the instructions on the Welcome Kit attached to Amended Pretrial Order 12. Exhibit A. File & ServeXpress would not allow counsel to create an account or add a profile for himself because "You already have an active File & ServeXpress user account." Exhibit A at REM05.

9. Counsel then called Customer service for File & ServeXpress. The agent informed him that, despite the email he received saying that he already had an active account, his account had actually been deactivated, without notice to him, for inactivity. Exhibit A. There was no balance due and, after some confusion and at least on transfer of his call to

another person, counsel's account was reactivated and he received a new temporary password. Exhibit A at REM02.

10. Less than an hour before receiving the email informing him that he already had an active account, counsel actually did receive service from File & ServeXpress at a different email address, [mckamie@mckamie.com](mailto:mckamie@mckamie.com), for a matter directly related only to Page's case. Exhibit A at REM04. This email was automatically forwarded to the inbox of [reginaldmckamie@gmail.com](mailto:reginaldmckamie@gmail.com). Exhibit A. Counsel also received service directly from the CM/ECF for the docket activity in Page's individual case. Exhibit A at REM08

11. After the reactivation of his account and the resetting of his password, counsel received service of activity in the master docket for the first time on August 2, 2018. Exhibit A at REM07. Between August 2, 2018 and September 6, 2018, counsel has received notice of docket activity in the master docket approximately seventy (70) times. Exhibit A at REM01-02.

12. The Defendant's entire response to Page's motion to vacate relies upon a false premise that utterly ignores the substance of Page's motion. "Despite movants having notice of the requirements of PTO 65 and explicit guidance from the Court that noncompliance with this Court's pre-trial orders would result in the dismissal of their claims, ten of the eleven movants failed to comply with PTO 65." Docket Entry 24816 at p. 1. As clearly demonstrated in the original motion and attached affidavit, and as further explained *supra* and by Exhibit A to this motion, Page, in fact, did not have notice of the requirements.

13. This further demonstrated the Defendant's certificate of service, which alleges "that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will

send a notice of electronic filing." While it is perhaps true that defense counsel receives notice from the CM/ECF system of all filings in the master docket, counsel for Page does not. When he attempted to have himself added to the service list, court staff directed him to Pretrial Order 12, which then directed him to File & ServeXpress and the ensuing activity to ensure he received notice of future docket activity. *See supra*.

14. "Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993); *See also Foman v. Davis*, 371 U.S. 178, 181 (1962). The judgment should be vacated with respect to Page to correct a manifest error of law, mistake of fact, and/or or to prevent manifest injustice. *Templet v. HydroChem Inc*., 367 F.3d 473, 476, 479 (5th Cir. 2004).

15. It is simply manifestly unjust to bar Page from recovery, forever, because File & ServeXpress deactivated his attorney's account unbeknownst to him and without notice to him. Counsel dutifully monitored the activity in the member case, and there was none between June of 2017 and the order of dismissal with prejudice more than one year later. When counsel discovered the error that had caused him to not be served with crucial orders and other documents, he and Plaintiff Page diligently took all necessary steps to rectify all delinquencies and to prevent similar errors in the future.

16. Plaintiff also moved the Court to grant him relief from the judgment under Rule 60(b)(1), which authorizes the Court to "relieve a party. . . from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect." The dismissal of this action was clearly a surprise to the Plaintiff and his failure to comply with the earlier orders was clearly inadvertent and the result of a mistake. Counsel had a File &

      ServeXpress account as required by First Amended Pretrial Order 12 and believed it to be active and in good standing. See Exhibit A; REM03. Counsel diligently monitored his emails for service of notice of docket activity. And once the mistake was discovered, Page and his counsel diligently took all necessary steps to rectify it, including the filing of the verified statement and ensuring that the mistake would not be repeated.

17. At the very least, the inadvertent failure of counsel to receive service of all docket activity in the master docket constitutes excusable neglect in light of the relevant facts and circumstances of this particular instance. "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is, at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

18. A movant can obtain relief for an error under Rule 60(b)(1) if the motion is filed within the time for taking an appeal, which Page's motion was. *Benson v. St. Joseph Regional Health Center*, 575 F.3d 542, 547 (5th Cir. 2009). "A Rule 60(b)(1) motion filed within the time for appeal saves the parties and the court time and expense of a needless appeal." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir.1987).

19. The only portion of the Defendant's response that specifically addresses Page's motion is section I, subsection A. The Defendant argues that Page's "lack of prejudice" argument does not justify relief under Rule 59.

20. However, Defendant fails to acknowledge that the lack of prejudice portion is contained within the portion of Page's motion seeking relief under Rule 60(b). In fact, the Defendant fails entirely to recognize that Page sought relief under Rule 60(b) and puts

forward no argument whatsoever in response.  The danger of prejudice to the opposing party is, in fact, one of the factors a court should consider when deciding whether to grant relief under Rule 60(b). *Pioneer Investment*, 507 U.S. at 395.

21. In its joint response, Docket Entry 24816 at p. 2, the Defendant states that "two of these movants also seek relief from a final judgment pursuant to Fed. R. Civ. P. 60(b)." Later, at p. 8, the Defendant changes this assertion to "Two groups of movants also seek relief under Fed. R. Civ. P. 60(b)." Defendant identifies "Michelle Spaven-Daffin and James Sublett," as seeking relief under Rule 60(b)(1) and "the Buzbee movants" as seeking relief under Rule 60(b)(6).  At no point in its response does the Defendant acknowledge that Page has sought relief both under Rule 60(b)(1) and 60(b)(6) nor does it offer any argument in response.

22. Although not addressing Page's motion, Defendant argues that a movant seeking relief under Rule 60(b)(1) must make a showing justifying the failure or inadvertence.  Page has certainly made such a showing in light of the highly unusual confluence of circumstances that resulted in his counsel not being served with the orders in question.  The Defendant also states, incorrectly, that "Both PTO 65 and the May 25th, 2018 order to Show Cause Re: Compliance with PTO 65 were served through PACER."  The evidence submitted by Page proves otherwise and the Defendant filed no evidence to the contrary with its response.

23. The Defendant cites unpublished cases indicating that a party has a duty to monitor the docket.  Page's counsel did, in fact, carefully monitor the activity in Page's member case.  It is not reasonable to expect a single attorney, with a single client, to have thoroughly reviewed each of the nearly 25,000 docket entries in this large, multi-district litigation.

24. With respect to the Page's requested relief under Rule 60(b)(6)'s catchall provision, the facts and evidence presented in this motion specifically applicable to Page's case clearly present exceptional circumstances justifying relief under Rule 60(b)(6). *U.S. v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005). The Defendant has made no showing otherwise or even made any effort to address the indisputably extraordinary circumstances of Page's case.

25. For these reasons, Plaintiff asks the Court to grant his motion, vacate the order dismissing this action with respect to him or grant him relief from it, and restore his claims to the Court's active trial docket.

Respectfully submitted,

**LAW OFFICES OF REGINALD E. MCKAMIE, SR., P.C.**

*/s/ Reginald E. McKamie*

Reginald E. McKamie, Sr.
TBN: 13686750
1900 West Gray, Unit 131558
Houston, Texas 77219
Telephone:   (713) 465-2889
Facsimile:   (713) 465-2894
reginaldmckamie@gmail.com
Attorney for Plaintiff:
**JAMES-MICHAEL PAGE**

**CERTIFICATE OF SERVICE**

    I certify that the forgoing instrument has been served upon all known counsel of record in this action through the CM/ECF system and/or File & ServeXpress.

                                        Reginald E. McKamie, Sr.