## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | **MDL NO. 2179** |
| "Deepwater Horizon" in the Gulf of | * | |
| Mexico, on April 20, 2010 | * | **SECTION J** |
| | * | |
| | * | **JUDGE BARBIER** |
| **This Document Relates To:** | * | |
| *No. 10-03261, Shivers, et al. v. BP p.l.c.,* | * | **MAGISTRATE JUDGE WILKINSON** |
| *et al.* | * | |
| *No. 12-1713, Andry, et al. v. BP Products* | * | |
| *North America, Inc., et al.* | * | |
| | * | |
| | * | |
| | * | |

---

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants BP Exploration & Production, Inc., BP America, Inc., and BP Products North America, Inc. (collectively "BP"); Triton Asset Leasing GMBH, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater Inc., and Transocean Ltd. (collectively "Transocean") and Halliburton Energy Services, Inc. ("Halliburton") (collectively the "Defendants") submit this reply memorandum in support of their motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).[1]  Defendants' reply memorandum responds to Plaintiffs Bradley Shivers, Scott Russel and Mark Mead (the "Shivers Plaintiffs") in Case No. 2:10-cv-03261.  The Andry plaintiffs, Case No. 12-1713, filed an amended complaint and Defendants will file a separate motion to dismiss at the appropriate time for those claims.

---

[1]   BP p.l.c. did not respond to the complaint in case No. 10-03261 because it has not been served.  Likewise, in 10-cv-03261, Triton Asset Leasing GMBH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Ltd. have not been properly served.  The Shivers' plaintiffs did not dispute that these entities have not been served.

1

## ARGUMENT

Nothing in the Shivers Plaintiffs' opposition to the motion to dismiss undermines the grounds set forth in Defendants' Motion to Dismiss.  There is still no dispute between the Shivers Plaintiffs and Defendants that on the evening of April 20, 2010 they were far away from the *Deepwater Horizon*, saw a "distant light" on the horizon and had to use binoculars to determine what the light might be.  Compl. ¶ 1, 4 7.  In other words, the Shivers Plaintiffs were so far away from the scene of the *Deepwater Horizon* rig at the time of the explosion that they could not tell what it was with their bare eyes.  Plaintiffs allege that despite being so far away from the rig that they could not tell what it was without binoculars, they "felt and heard" an explosion, but do not allege any physical impact from that explosion whatsoever.  Compl. ¶ 9.  The Shivers Plaintiffs then travelled to the scene of the accident on the horizon and upon arrival helped with search and rescue efforts.

While the Shivers Plaintiffs allege that they "felt and heard" the explosion before traveling to the rig, they do not allege that they were in danger from the explosion, that they were harmed by the explosion, or that the explosion had any specific impact on them whatsoever, not even rocking their boat.  Likewise, while they spent hours conducting search and rescue operations at the rig, they still do not allege that they felt like they were in danger or that they feared immediate harm for themselves, only that they were frightened.  Compl. ¶¶ 23-24.  On these factual allegations, the Shivers Plaintiffs seek recovery for their emotional damages only, on the theory that they were in a "zone of danger" the night the *Deepwater Horizon* exploded.

The law does not permit recovery for plaintiffs who allege emotional damages arising from these allegations.  On multiple occasions, the Fifth Circuit has been asked to and has refused to adopt a "zone of danger" recovery theory.  As set forth in Defendants' Memorandum, the Fifth Circuit has rejected "zone of danger" claims for: (1) a tug boat captain who was away from a boat

that caught fire that he was physically connected to (and who also assisted in the rescue of crew members); (2) a jack up rig worker who was 75 yards from a helicopter crash on his rig; and (3) a deckhand who was standing mere feet away from a fatal accident where his coworker fell off the deck.  Under the Fifth Circuit case law, the Shivers Plaintiffs' allegations fall outside of any potential recovery for their emotional damages and their complaint should be dismissed.

### A. THE SHIVERS PLAINTIFFS CANNOT STATE A CLAIM FOR EMOTIONAL DAMAGES UNDER GENERAL MARITIME LAW.

As set forth in Defendants' Memorandum in Support of their Motion to Dismiss, the Fifth Circuit has consistently and repeatedly rejected claims for emotional damages arising from a plaintiff in a "zone of danger."  Most recently in *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013), as the Shivers Plaintiffs recognize, the Fifth Circuit again allowed no recovery under the zone of danger theory and refused to adopt a standard or set forth guidelines on when or how recovery would be possible.  That mirrors the Fifth Circuit's decisions in *Ainsworth v. Penrod Drilling Corp.*, 972 F.2d 546, 548 (5th Cir. 1992) and *Plaisance v. Texaco Inc.*, 966 F.2d 166, 169 (5th Cir. 1992) (*en banc*), both of which found no "zone of danger" rule existed and none should be applied in those cases.  This Court should not expand the existing case law and find a "zone of danger" theory exists under federal maritime law and should dismiss plantiffs' claims as a matter of law.

However, to the extent the Court evaluates the possibility of a "zone of danger" theory, the Shivers Plaintiffs' allegations do not satisfy any pleading requirement that would permit them to pursue their claims.  When discussing the potential recovery for a "zone of danger" theory, the Fifth Circuit has consistently stated that a plaintiff would be required to allege that they were in "immediate physical harm."  *Plaisance*, 966 F.2d at 169.  As set forth in Defendants' Memorandum, the Fifth Circuit in *Plaisance*, *Ainsworth*, and *Barker* rejected claims for "immediate physical harm" where plaintiffs were much closer and more intimately involved in the accident.  The Shivers Plaintiffs' efforts to distinguish

those cases are ineffective as they cannot overcome the fact that they were miles away at the time of the explosion.

While they allege that they were in the "zone of danger" after traveling to the scene of the explosion those claims fail for two independent reasons. First, their complaint does not contain well pleaded facts that they were in immediate harm or physical danger. The Shivers Plaintiffs' allegations are not distinguishable from the *Plaisance* tug boat captain who was physically connected to the boat that caught on fire, aided people who survived the fire and still was not entitled to recover for purely emotional damages. *Plaisance* 966, F.2d at 169.

Second, Plaintiffs ignore the fact that they chose to come to the rig, which distinguishes them from the cases they cite in order to expand the "zone of danger" theory to cover their claims. There are no cases cited that permit plaintiffs to make a "zone of danger" claim after electing to travel towards the explosion. The case of *Anselmi v. Penrod Drilling Co.*, 813 F.Supp. 436, 441-42 (E.D. La. 1992), cited by the Shivers Plaintiffs, supports Defendants' motion to dismiss because it highlights the proximity required to state a claim. In *Anselmi*, the plaintiff worked on a jack-up rig when two explosions occurred, with flames shooting from the deck. *Id.* at 438. The plaintiff saw the flames shooting into the air and was on the jack-up rig when two explosions rocked the rig. *Id.* The district court stated that one element necessary "for a valid claim is that the claimant must have been objectively within a zone of danger." *Id.* at 442. The district court then highlighted that this individual was on a jack-up rig which was an "isolated, self-supporting unit" and plaintiff "could not easily flee the scene." *Id.* As such, the district court found that questions of fact about whether plaintiff stated a claim existed. The Shivers Plaintiffs have failed to make factual allegations even close to those in *Anselmi*. In particular, they were not in proximity of the rig at the time it exploded, they were not required to attend to the explosion and, in fact, they chose to head towards the accident.[2].

---

[2]   In other courts evaluating "zone of danger" claims, these "coming to the scene of the accident" claims are routinely rejected. *LeConte v. Pan Am. World Airlines, Inc.*, 736 F.2d 1019 (5th Cir. 1984) (rejecting claims for

The Shivers Plaintiffs' arguments that they "felt the impact" of the explosion while they were miles away are inadequate as matter of law to support a claim that they were physically impacted. The requirement for a "physical impact" is more than simply sensing the air-pressure changes in the area attendant to an explosion, otherwise virtually any bystander could recover in an explosion case. The effort to rely upon *Anselmi* is insufficient as well, as the plaintiff in *Anselmi* was **on board** the rig when the explosion occurred and he was 50 to 75 feet away from flames on the rig from which he could not escape. The Shivers Plaintiffs' factual allegations are also distinguishable from *Hagerty v. L & L Marine Serves, Inc*., 788 F.2d 315 (5th Cir. 1986), where the plaintiff was doused twice by carcinogenic liquid, and stated he immediately felt "burning" from the liquid and from *Gaston v. Flowers Transp.*, 866 F.2d 816 (5th Cir. 1989) where the plaintiff was thrown off his feet in an accident, bruised his elbow and watched as his half-brother was crushed before his eyes between the barges. In *Gaston*, the Fifth Circuit refused to allow recovery and, at the time, confirmed that despite the allegations of physical injury, there would be no recovery for purely emotional damages arising from an accident. *Id*.

## B. THE SHIVERS PLAINTIFFS CANNOT RECOVER FOR THEIR INTENTIONAL EMOTIONAL DISTRESS CLAIMS

As set forth in the memorandum in support of the motion to dismiss at page 7, the Shivers Plaintiffs failed to state a claim for intentional infliction of emotional distress.[3] While the Shivers Plaintiffs cite *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 514 (5th Cir. 1994) as support for their claim that of intentional infliction of emotional distress, that case does not support their claim for two reasons.

---

zone of danger/bystander theory for off-duty police officers who spent hours assisting in search and rescue for victims of the 1982 Pan Am crash in Kenner, Louisiana). In affirming the trial court's dismissal of their claims, the Fifth Circuit noted that "the plaintiffs here are purely bystanders, and they were outside any zone of danger created by defendants' alleged negligence."

[3]   The standard the Shivers Plaintiffs cite for intentional infliction of emotional distress is the same cited by Defendants in their motion to dismiss. *See* Shivers Plaintiffs' opposition at pg. 10 and citing *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 514 (5th Cir. 1994) (applying the Louisiana state law standard).

First, *Deus* involved a hostile workplace where supervisors were allegedly abusing employees with a direct relationship, and does not discuss any emotional damages arising from an accident scene. Second, the allegations in *Deus* (and the cases cited therein) were of specific and targeted abusive behaviors directed at the plaintiff, such as planting blank checks in a teller's purse to falsely accuse her of theft. *Id*. at 515 (citing *Dean v. Ford Motor Credit C.*, 885 F.2d 300, 306 (5th Cir. 1989)). Those allegations of specific, intentional behaviors were the focus on the intentional infliction of emotional distress claims brought by employees against their direct supervisors or co-workers. There is no support for a generalized intentional tort claim from an accident scene.

As set forth in *Deus* and the other cases cited by the Shivers Plaintiffs, they have to allege that Defendants intended or knowingly acted in a way to inflict emotional distress on them individually as plaintiffs. As an intentional tort, the cases cited all discuss actions directed at an individual plaintiff, not at a class of far-away bystanders. To the contrary, claims for intentional infliction of emotional distress from accident scenes, without specific and targeted behaviors at an individual plaintiff, fail as a matter of law. For example in *Dumas v. Angus Chem. Co.*, 728 So. 2d 441, 446 (La. Ct. App. 1999), the Louisiana appellate court properly rejected claims that a chemical plant explosion was intentional conduct directed at plaintiffs (employees at the plant), so plaintiffs failed to make a *prima facie* case. If employees at a chemical plant explosion cannot state a claim for intentional emotional distress, fishermen who were so far away that they needed to use binoculars cannot do so either. Likewise, the Shivers Plaintiffs do not cite any law to support their claim that a person who comes to the scene of the accident can state a claim for intentional infliction of emotional distress.

## CONCLUSION

The Shivers Plaintiffs do not cite any case law that requires the Court to apply their "zone of danger" theory to plaintiffs who were miles away from the incident, came to the scene, and never alleged they were in immediate physical harm. They make no argument, under existing case law, under policy to expand the theory of recovery, or with the facts they allege, as to why this Court should

expand recovery beyond the limits set forth by the Fifth Circuit to date.  This Court should decline to do so and for the reasons stated in these papers, dismiss the Shivers Plaintiffs' complaint.

**Respectfully submitted,**

/s/ R. Alan York
R. Alan York (Bar # 22167500)
AYork@ReedSmith.com
REED SMITH LLP
811 Main Street
Suite 1700
Houston, Texas 77002
Telephone:  713-469-3800
Facsimile:  713-469-3899

*Attorneys for Halliburton Energy Services, Inc.*

**Respectfully submitted,**

/s/ Kerry J. Miller
Kerry J. Miller (Bar #24562)
BAKER DONELSON
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:  504-566-8646
Facsimile:  504-585-6946

*Attorneys for Triton Asset Leasing GMBH, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater Inc., and Transocean Ltd.*

**Respectfully submitted,**

/s/ Devin C. Reid
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Devin C. Reid (Bar #32645)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4120

-and-

Matthew T. Regan, P.C.
J. Andrew Langan, P.C.
Kristopher S. Ritter
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200

-and-

Christopher W. Keegan
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Fax: (415) 439-1500

*Attorneys for BP Exploration & Production Inc., BP America Inc., BP Products North America Inc., BP America Production Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of September, 2018.

/s/ Devin C. Reid
Devin C. Reid