UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL No.:  2179<br><br>Section "J"<br><br>Judge Barbier<br><br>Magistrate Judge Shushan |
| This Document Relates to:<br>*Pleading Bundle B1*<br>2:17-cv-06044-CJB-JCW<br>_____ | |
| JAMES R. SUBLETT,<br><br>    Plaintiff,<br><br>v.<br><br>BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, BP P.L.C., ANADARKO PETROLEUM CORPORATION, ANADARKO E&P ONSHORE LLC, f/k/a ANADARKO E&P COMPANY LP, MOEX OFFSHORE 2007 LLC, MOEX USA CORPORATION, MITSUI OIL EXPLORATION CO., LTD., TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., TRANSOCEAN DEEPWATER INC., TRANSOCEAN HOLDINGS LLC, TRITON ASSET LEASING GMBH, HALLIBURTON ENERGY SERVICES, INC., AIRBORNE SUPPORT INTERNATIONAL, INC. and AIRBORNE SUPPORT, INC.,<br><br>    Defendants.<br>_____ | Civil Action No.:<br>2:17-cv-06044-CJB-JCW<br><br>Section "J"<br><br>Judge Barbier<br><br>Magistrate Judge Shushan |

**PLAINTIFF JAMES R. SUBLETT'S REPLY
TO BP'S RESPONSE IN OPPOSITION TO
MOVANTS' MOTIONS FOR RECONSIDERATION
[REC. DOC. 24816]**

In May 2015, Mr. Sublett retained the law firm of Krupnick Campbell Malone et al ("KCM") to represent and pursue his claim against BP regarding his economic loss. On June 1, 2015, KCM filed an Individual Economic Loss claim on behalf of Mr. Sublett. Over the next year, KCM on behalf of Mr. Sublett provided the DHCC with any information they requested in an effort to resolve Mr. Sublett's claim. On September 15, 2016, Mr. Sublett received a "Preliminary Notice Regarding Moratoria Losses Review," which stated that it was determined that his economic losses arose out of a business that was excluded under the Settlement Agreement from being compensated. Despite this unfortunate development, Mr. Sublett continued to provide the DHCC with any information it requested with the hope of resolving his claim.

On March 17, 2017, Judge Barbier issued an Order regarding claims in the DHCC that were subject to Moratoria Hold. Due to BPs' and Class Counsels' inability to reach agreement as to these claims, any claimant subject to a moratoria hold was given an opportunity to opt-out of the DHCC Settlement Program by April 24, 2017. Furthermore, any moratoria claimant that decided to opt-out was required to file a complaint that was compliant with Pretrial Order 60 (PTO 60) by June 23, 2017. [Rec. Doc. 16050] Therefore, on June 22, 2017, a compliant PTO 60 complaint was filed on behalf of Mr. Sublett. *James R. Sublett v. BP Exploration & Production, Inc. et al,* 2:17-cv-06044.

On January 11, 2018, the Court issued Pretrial Order 65 (PTO 65) [Rec. Doc. 23825], which required all remaining B1 Plaintiffs to File Verified Statements regarding

Causation and Damages by April 11, 2018.[1] The Court stated that PTO 65 was "designed to facilitate the Neutrals Process," which had been used to resolve many cases in litigation and pending DHCC claims. *Id.*

In March 2018, the Court-appointed Neutrals contacted KCM regarding what was thought to be there only remaining claims. In fact, KCM received recommendations from the Neutrals for every claimant they had record of whose claim was still unresolved. However, James R. Sublett was never included on this list nor did he ever receive a recommendation from the Neutrals. It was not until July 10, 2018, when KCM received the Order regarding PTO 65 Compliance Order that it was discovered that: (a) an order to show cause had been issued by the Court and (b) that one of KCM's claimants, James R. Sublett, had been included and identified as being non-compliant with PTO 65, and as a result his claim was now dismissed.

## **ARGUMENT**

In BP's Response in Opposition, it attempts to justify and validate the Court's dismissal of Mr. Sublett's claim by asserting three (3) arguments. First, BP argues that "dismissal due to noncompliance with discovery orders [is not an abuse of discretion, and therefore] is not subject to relief under Rule 60(b), and that a Plaintiff should not be excused from noncompliance with a District Court's pretrial orders as a result of counsel's mistakes and/or inaction. Second, BP contends that the Plaintiff failed to make a showing that justified the failure to avoid the mistake or inadvertence. Lastly, BP argues that claimant's counsel failed to perform its' duty of due diligence and monitor the docket, which prohibits any relief from being granted.

---

[1] This Pretrial Order [Rec. Doc. 23825] was received by counsel of record by email on January 11, 2018, through FileAndServeXpress.

In support of BP's first argument, it cites to *James v. Rice Univ.*, 80 Fed.Appx. 907, 911 (5th Cir.2003). In *James*, the Plaintiff sued Rice University alleging discrimination in violation of the Civil Rights act of 1964. Due to Plaintiff counsel's repeated failure to comply with deadline dates, failure to provide required documents, and failure to appear at a hearing, and counsel's failure to address these deficiencies in their motion to reconsider, the Court concluded that counsel's neglect caused by her personal situation "did not constitute the type of 'unusual or unique' circumstances justifying Rule 60(b) relief. *Id.* at 911. Unlike the *James* case, counsel for Mr. Sublett has not "repeatedly" violated the Orders of the Court. In fact, counsel has been diligent and zealous in its' representation of all its claimants throughout this litigation. Counsel for the claimant submitted four (4) timely PTO 65 responses, as it was made aware that these specific claimants were required to do so.

With respect to BP's second contention, claimant's counsel takes issue with BP's allegation that the "movants [failed] to establish any basis for this Court to grant such relief" and failed to justify the failure to avoid the mistake or inadvertence. As stated and proven in its' motion to Vacate Judgment Under FRCP 60(b)(1), counsel never received notification or service of the Court's May 25, 2018 Order to Show Cause RE: Compliance with PTO 65. Throughout the entire pendency of the Oil Spill litigation, counsel has received **all** relevant notifications pertaining to Court issued documents, and as a result reasonably relied upon service of these documents through File&ServeXpress.

BP attempts to rely on the case, *Parfait v. Dominque* No. CV 17-738, 2018 WL 2690115, at *1 (E.D. La. June 5, 2018). In *Parfait*, the plaintiff, whom was *pro se*, sought relief under Rule 60(b) following the dismissal of his complaint for failure to prosecute.

The plaintiff whom had been previously incarcerated when suit was filed was directed by the Court to provide notification of his current address by a specified date, which he failed to do. As a result, he never received the Court's order dismissing the complaint. Furthermore, the plaintiff waited over eight (8) months after judgment was entered before taking any affirmative step related to the litigation. The Court held that the lack of notice being claimed by the plaintiff was the result of his "own negligence" and as no explanation regarding this negligence was provided, relief would not be granted. *Id.* at 2

In contrast to *Parfait*, shortly after learning that Mr. Sublett's claim had been dismissed as a result of the failure to comply with the Court imposed deadline regarding the Order to Show Cause and subsequent PTO 65 compliance order dated July 10, 2018, counsel for the claimant filed its verified Motion to Vacate Judgment on July 17, 2018. Furthermore, on July 30, 2018, a response to the Order to Show Cause was filed, in addition to the required responses contained in PTO 65. As stated above, claimant's failure to respond to the Order to Show Cause was not due to the negligence of the claimant or counsel, but was the result of notice regarding the Show Cause Order never having been sent to the claimant and his counsel. BP states that the Order to Show Cause was served through Pacer and posted on the "Court's publicly available website," but as the Claimant previously stated, throughout the entire pendency of this litigation it has reasonably on service of all Court filings through File&ServeXpress, which up until this point has never been an issue.

Lastly, BP contends that relief under FRCP 60(b) should denied as "movants have an independent obligation to monitor the docket." In support of this argument, BP cites to *Walker v. Transfrontera CV de SA* and *Vodanovich v. Boh Bros. Constr. Co., L.L.C.*. In

*Walker*, the Court denied Plaintiff's request for Rule 60(b) relief due to plaintiff counsel's failure to provide the Southern District of Texas' Court with its updated email address. Fed. Appx. 422, 427 (5th Cir. 2015). Due to plaintiff counsel's failure to do so, he did not receive notices of the Orders issued by the Court. The Court held that plaintiff's counsel "had the responsibility to routinely check the docket for activity, regardless whether he received notices about updates. *Id* at 427. The Court also stated that plaintiff counsel did not even "realize the matter had been dismissed until five months after entry of dismissal." *Id.* Similarly, the *Vodanovich* case dealt with a denial of Rule 60(b) relief. Civil Action No. 05-4191, 2015 WL 8539353 at *7 (E.D. La. Feb. 25, 2015). In that case, counsel for the plaintiff sought Rule 60(b) relief claiming that he was somehow deleted from the docket sheet and was no longer receiving notice of filings in the record via the CM/ECF system. *Id.*at 2. However, the Court found his arguments unpersuasive due to the fact that plaintiff's counsel was aware that he had been removed from the docket sheet prior to the issuance of the filings at issue he claims to not have received, and that counsel failed to contact the Clerk of the Court to resolve the notification issue. *Id.* at 5. Moreover, plaintiff's counsel admitted that he had been checking the docket periodically for "relevant entries." *Id.* As a result of plaintiff counsel's inability to show their delay in obtaining notice of the disputed filings was faultless, they were precluded from seeking Rule 60(b) relief.

Again, the facts surrounding the Mr. Sublett's dismissal are distinguishable from the cases cited above. In both the above cited cases, counsels for the plaintiffs were negligent in apprising the Court of any changes and errors that they were aware of. In *Walker*, counsel failed to update his email address with the Court, which resulted in his

failure to timely respond to Orders issued by the Court; and in *Vodanovich,* plaintiff's counsel was completely aware that he had been removed from the docket sheet, yet did nothing to resolve the situation and as a consequence, he missed pertinent filings. None of these sets of facts are similar to those of the subject issue. Our service email has remained unchanged since the start of this litigation, and to this day, counsel receives service notifications by email from File&ServeXpress. Furthermore, the failure to have received the notification regarding the Court's Show Cause Order was not caused or related to any negligence on the part of Mr. Sublett's counsel. Therefore, the conclusions BP attempts to draw from the aforementioned case law are inapplicable to the facts at hand.

In addition, the Fifth Circuit has identified eight factors that should inform a district court's consideration of a motion under Rule 60(b). *See Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981). Specifically, the Claimant would like to highlight the following five (5): "(3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of judgment under attack." *Id.*

Applying these factors to the subject case at hand, upholding dismissal of Mr. Sublett's claim would result in significant prejudice to the Claimant, whereas granting his

Motion to Vacate would have a minimal impact on the BP defendants. Mr. Sublett has diligently pursued recovery for the economic losses he incurred as a result of BP's actions. Despite his repeated, good faith efforts, he has been stonewalled and forced to jump through hoop after hoop, only to have his claim pushed to the side. First it was the moratoria hold that was put in place that prevented his claim from being moved forward, and then on the verge of closure at the eleventh hour, he was given the opportunity to opt-out. Upon learning that Mr. Sublett's case had been dismissed for failure to respond to the Show Cause Order, a motion to vacate was filed within a week and a response to the show cause order was field shortly thereafter. When compared to the case law relied upon by BP, the amount of time in which the motion was made was reasonable.

Moreover, the dismissal of this claim was done without the merits of the claim ever having been considered. For eight years this claimant has patiently awaited his day in Court, and as previously stated, been forced to endure countless requests for information and answers, which he has always complied with if he could. As stated above, no other party would be prejudiced by the granting of Mr. Sublett's Motion to Vacate. BP still has multiple claimants in litigation that have yet to settle, and the addition of one more is unlikely to make it "inequitable to grant relief." As to the final factor the 5th Circuit identified, the Claimant implores this Court to allow him the opportunity to present and prove his claim for damages, damages which have truly turned his life upside down, like many others who were affected by this avoidable disaster.

BP attempts to convince the Court that Mr. Sublett has failed to make the requisite showing under Rule 60(b)(1), and as such his motion should be denied. However, Mr. Sublett's failure to submit a response to the Court's Show Cause Order

was the result of mistake, surprise, and excusable neglect. For the last eight years, claimant's counsel has relied upon the service notifications provided to stay apprised of the Court's rulings and orders. Furthermore, the Court realizing the difficulty and complexity that is inherent when representing hundreds, sometimes thousands of clients, instituted procedures to ensure all claimant counsel would stay informed of relevant Court rulings and Orders. Specifically, First Amended Pretrial Order 12 [Rec.Doc. 4-2] explicitly states that "in order to facilitate case management, document retrieval, case organization and expeditious, efficient and economical communication by and among counsel, the parties will utilize the services of File & ServeXpress and its litigation system for providing electronic service, storage and delivery of court-filed and discovery related documents through a secure website."

## **CONCLUSION**

Despite BP's contentions to the contrary, the claimant maintains that his failure to respond to the Court's Order to Show cause was the result of mistake, surprise, and excusable neglect. Mr. Sublett has distinguished each of the cases presented by BP in support of their positon, and has provided additional evidence that supports a finding that the Trial Court grant the Motion to Vacate.