# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * | **MDL 2179** |
| | | **SECTION: J(2)** |
| **This Document Relates To:** | * | |
| | | **JUDGE BARBIER** |
| *No.12-3048, Joseph Cannistra, Individually and on behalf of EGES Inc. d/b/a the "Gathering Restaurant" v. BP Exploration & Production, Inc.* | * * | **MAG. JUDGE WILKINSON** |

## ORDER & REASONS

On August 3, 2018, the Court dismissed a suit by *pro se* plaintiff Joseph Cannistra against BP, because Cannistra is a member of the Economic & Property Damages Class and therefore bound by the Economic Settlement's class-wide release. (Rec. Doc. 24729) Cannistra has filed a Motion for Reconsideration (Rec. Doc. 24813), arguing that he opted out of the Economic Settlement. Attached to the Motion is a document that Cannistra claims is his opt-out letter. (Rec. Doc. 24813-1)

The Order of May 2, 2012 granting preliminary approval of the Economic Settlement stated:

> Any Economic Loss and Property Damage Class Member who wishes to exclude himself, herself, or itself from the Class must submit a written exclusion request, following the instructions in the Class Notice, which must be received by Garden City Group, properly addressed and postmarked no later than [November 1, 2012]. All such written requests must be signed by the Natural Person or Entity seeking to exclude himself, herself or itself from the Class, but may be submitted by attorneys for such Natural Persons or Entities.

(Rec. Doc. 6418 at 40) The Class Notice further explained the opt-out procedure:

> To exclude yourself or your Entity from (or Opt Out of) the [Economic & Property Damages] Class, you must mail in a written request stating "I wish to be excluded from the Economic & Property Damages Class." Your written request must also include your printed name, address and phone number, and must be signed by you.
>
> You must **mail** your written request postmarked by **November 1, 2012**, to:
> Deepwater Horizon Court-Supervised Settlement
> Exclusions Department
> PO Box 222
> Hammond, LA 70404-0222

(Economic Settlement Detailed Notice, updated Aug. 28, 2012, at 16, *available at*

http://www.deepwaterhorizonsettlements.com/Economic/SummaryNotice.aspx)

Cannistra's purported opt-out letter fails at least two of the above requirements. First, it does not appear that Cannistra ever mailed his letter to the Settlement Program's Exclusions Department. The letter is written to someone named "CHRIS," but no address is given. The context of the letter suggests that Cannistra was writing to an attorney who either previously represented Cannistra or wished to represent Cannistra. Likewise, neither Joseph Cannistra nor his businesses—EGES, Inc. or The Gathering Restaurant—are listed among the opt-out submissions (whether valid or not) received by the Exclusions Department. (Rec. Doc. 80001-40) Second, the letter is not signed by Joseph Cannistra.

The Court therefore maintains its conclusion that Cannistra did not opt-out of the Economic Settlement. As explained in the Court's August 3, 2018 Order & Reasons, the location of Cannistra's business (a restaurant in Largo, Florida) and the nature of his claim (economic losses allegedly resulting from the oil spill) means

2

he is a member of the Economic & Property Damages Class. Because Cannistra did not opt out, he is barred from asserting these claims in litigation. Cannistra's exclusive remedy was under the Economic Settlement.

Accordingly,

IT IS ORDERED that Joseph Cannistra's Motion for Reconsideration (Rec. Doc. 24813) is DENIED.

New Orleans, Louisiana, this 18th day of September, 2018.

United States District Judge

**Note to Clerk: File in 10-md-2179 and 12-3048.**

**Mail a copy of this Order & Reasons to:**

**Joseph Cannistra**
**1247 E. College Street**
**Pulaski, Tennessee 38478**

3