UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | MDL NO. 2179 |
| **"Deepwater Horizon" in the Gulf of** | * | |
| **Mexico, on April 20, 2010** | * | SECTION J |
| | * | |
| | * | JUDGE BARBIER |
| **This Document Relates To:** | * | |
| *No. 12-1713, Andry, et al. v. BP Products* | * | MAGISTRATE JUDGE WILKINSON |
| *North America, Inc., et al.* | * | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants BP Exploration & Production Inc., BP America Inc., and BP Products North America, Inc. (collectively "BP"), Triton Asset Leasing GMBH, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater Inc., and Transocean Ltd. (collectively "Transocean"), and Halliburton Energy Services, Inc. ("Halliburton") (collectively the "Defendants") submit this memorandum in support of their motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).[1]

### I. BACKGROUND

The three Plaintiffs in *Andry, et al. v. BP Products North America, Inc.* Case No. 12-1713 (the "*Andry* Plaintiffs"), were three of four passengers on board the *Endorfin* fishing vessel and they bring this lawsuit against BP, Transocean, and Halliburton under a by-stander/"zone of

---

[1] BP p.l.c. does not respond to the complaint in Case No. 12-1713 because it has not been served. In Case No. 12-cv-01713, only Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling Inc. have been served. Triton Asset Leasing GMBH and Transocean Ltd. have not been served and do not make an appearance in Case No. 12-cv-01713.

danger" theory. The *Andry* Plaintiffs initially filed their complaint in 2012 and then filed this First Amended Complaint on September 5, 2018, after Defendants' initial motion to dismiss was filed. *See* Rec. Doc. 24736. The only amendment made by the *Andry* Plaintiffs was to change that they had been in contact with an "unknown liquid substance" instead of "water." *See* First Am. Compl. ¶¶ 45, 46. The change from being in contact with "water" to an "unknown liquid substance" is insufficient to save the *Andry* Plaintiffs' claims and their complaint should be dismissed. The *Andry* Plaintiffs cannot state a claim for emotional damages on a theory that they were in the proximity of the *Deepwater Horizon* on the evening of April 20, 2010, because, as they state in their Complaint, they had moved their vessel away from the *Deepwater Horizon* prior to the blowout, explosion, and fire.

The First Amended Complaint does not state a viable claim for their emotional and mental damages and it should be dismissed for failure to state a claim.

## II.   LEGAL STANDARD

"To avoid dismissal for failure to state a claim, the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Carlucci v. Chapa*, 884 F.3d 534, 537–38 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "'[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action' are not enough, nor are facts that are 'merely consistent with' a defendant's liability." *Singh v. RadioShack Corp.*, 882 F.3d 137, 144 (5th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555 and *Iqbal*, 556 U.S. at 678).

## III. BACKGROUND

The *Andry* Complaint is brought on behalf of three Plaintiffs: Albert Andry III, Ryan Chaisson and Dustin King—all of whom were fishing underneath the *Deepwater Horizon* rig on the night of April 20, 2010. First Am. Compl. ¶ 43. The *Andry* Plaintiffs allege damages under "General Federal Maritime Law of the United States" and attempt to plead a claim for "maritime negligence." *Id.* ¶¶ 17; 56-72. The *Andry* Plaintiffs allege that they were fishing under the "lip of the platform" when "an unknown liquid substance began raining down" around them. *Id.* ¶ 45. The complaint then alleges that non-plaintiff Mr. Bourg—who was on the fishing boat with the three Plaintiffs but did not join their lawsuit—yelled at Mr. Andry to drive the boat away. *Id.* ¶ 47. Mr. Andry accelerated his power boat and was 50 yards away when they heard a "boom." *Id.* ¶ 48. After the explosions, Plaintiffs allege that they watched and observed from afar as the rig was evacuated and people jumped off the rig. *Id.* ¶ 52. As a result of being near the *Deepwater Horizon* on April 20, 2010, the *Andry* Plaintiffs seek recovery for "mental and emotional injuries." *Id.* ¶ 57. The *Andry* Plaintiffs assert they can recover emotional damages because they were in the "zone of danger" at the time of the explosion. *Id.* ¶ 57. While they do allege that their "eyes started burning", the *Andry* Plaintiffs do not plead any physical injury or harm or that they were in immediate danger as they observed the rig the night of the explosion from their vessel. *Id.* ¶ 46.

## IV. ARGUMENT

The *Andry* Plaintiffs seek damages for mental and emotional distress without any accompanying allegation of physical injury or damage to property. The *Andry* Plaintiffs specifically allege their claim arises under "General Federal Maritime Law," which the Defendants agree should apply. As this Court held in its B1 Order in 2011, tort claims related to the *Deepwater Horizon* incident arise under maritime law:

3

> The location test, which is satisfied when the tort occurs on navigable water, is readily satisfied here. The B1 Master Complaint alleges that the blowout, explosions, fire, and subsequent discharge of oil, occurred on or from the DEEPWATER HORIZON and its appurtenances, which was operating on waters overlying the Outer Continental Shelf; i.e., navigable waters. The connection test is also met. First, there is no question that the explosion and resulting spill caused a disruption of maritime commerce, which exceeds the "potentially disruptive" threshold established in *Grubart*. Second, the operations of the DEEPWATER HORIZON bore a substantial relationship to traditional maritime activity. *See Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538-39 (5th Cir.1986) ("oil and gas drilling on navigable waters aboard a vessel is recognized to be maritime commerce"). Further, injuries incurred on land (or in the seabed) are cognizable in admiralty under the Admiralty Extension Act, 46 U.S.C. § 30101.

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, 808 F. Supp. 2d 943, 951 (E.D. La. 2011). This Court further clarified the scope of maritime jurisdiction when it held both stigma claims and BP Dealer claims for Plaintiffs alleging economic losses for BP dealers onshore were subject to maritime law. *See In re Oil Spill by the Oil Rig 'Deepwater Horizon' in the Gulf of Mexico*, 902 F. Supp. 2d 808, 821-22 (E.D. La. 2012), *aff'd* --- F. App'x ---, 2018 WL 3244469 (5th Cir. July 3, 2018) (per curiam) ("*Tobatex*"). Indeed, the Fifth Circuit held as follows:

> ***The district court assessed Plaintiffs' complaint in light of Grubart and concluded that the claims asserted therein sound in admiralty. We agree.*** Plaintiffs' claims satisfy the ***location test*** because their alleged injuries were proximately caused by the *Deepwater Horizon*. *See Grubart*, 513 U.S. at 536, 115 S.Ct. 1043; *Margin v. Sea-Land Servs., Inc.*, 812 F.2d 973, 975–76 (5th Cir. 1987). As for the ***connection test***, the district court did not err in concluding that the type of incident involved here—"an explosion aboard a vessel and the subsequent discharge of oil"—is potentially disruptive of maritime commerce, and that the general character of the activity giving rise to the incident—"oil and gas drilling from a vessel on navigable waters"—has a substantial relationship to traditional maritime activity. Plaintiffs contend that their claims are based entirely on actions that Defendants took on land and that have "no connection" with traditional maritime activity, but ***their complaint is bereft of well-pleaded factual allegations*** supporting that assertion.

2018 WL 3244469, at *2 (emphasis added).

The tort claims here, for alleged injuries arising from fishing boats nearly 50 miles at sea and near the *Deepwater Horizon*, and thus clearly pass both the "locus" and "connection" tests and fall within the scope of maritime jurisdiction as already established by this Court's and the Fifth

Circuit's rulings. Nor do "well-pleaded factual allegations" in the *Andry* complaint at issue here plausibly assert that maritime law does not apply, just as in *Tobatex*.

As the *Andry* Plaintiffs allege, there should not be any dispute that federal maritime law applies to these alleged tort claims.[2]

### A. Federal Maritime Law Does Not Allow For Recovery Of Plaintiffs' Mental Anguish or Emotional Damages.

The Fifth Circuit has addressed similar claims for mental anguish or emotional damages on several occasions and, in each case, has not recognized a "zone of danger" tort theory that would allow Plaintiffs here to recover. Recently in *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013), the Fifth Circuit reviewed claims by a Plaintiff who did not allege any physical injury and asserted only mental and emotional damages. The Fifth Circuit stated that Plaintiff could "only recover under maritime law if [Plaintiff] can show that (a) the "zone of danger" theory applies to allow recovery for purely emotional injuries in non-Jones Act cases, and (b) he satisfies the requirements of that theory." *Id.* at 224. The Fifth Circuit held Plaintiff's claim failed under both prongs. First, the Fifth Circuit held that "this circuit and others have 'yet to recognize recovery under the zone of danger rule' for general maritime claims." *Id.* (citing *Genie-Lyn Ltd. v. Del. Marine Operators, Inc.,* No. Civ. A. 00-0050, 2006 WL 42169 at *24, n. 36 (W.D. La. Jan. 3, 2006); *see also Ainsworth v. Penrod Drilling Corp.*, 972 F.2d 546, 548 (5th Cir. 1992) ("the en banc court recently noted, however, this circuit has yet to recognize recovery under the zone of danger rule." (citing *Plaisance v. Texaco Inc.*, 966 F.2d 166, 169 (5th Cir. 1992) (en banc)).

Second, when discussing potential claims under a "zone of danger" theory, the Fifth Circuit has repeatedly rejected claims unless there is an "immediate risk of physical harm." The

---

[2] The Movants do not assert that the Oil Pollution Act of 1990 displaces maritime law here because OPA does not provide remedies for personal injury claims.

5

"immediate risk of physical harm" standard is strictly construed and is not met by the allegations of the *Andry* Plaintiffs. Three cases are illustrative. In the *Barker* case there was no "immediate risk of physical harm" where Plaintiff was standing on the rig floor, *two feet away* from his friend and co-worker who slipped and fell to his death. 713 F.3d at 224. Barker had his back to the rig floor, heard a noise and turned to see his friend falling to his death. *Id.* The Fifth Circuit held that because Plaintiff "does not allege any facts which would place him in immediate risk of physical harm, the zone of danger theory is inapplicable." *Id.* at 225 (citing *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 548 (1994)).

Likewise in *Ainsworth v. Penrod Drilling Corp.*, the Fifth Circuit affirmed the dismissal of a complaint at summary judgment for a crew member on a jack-up rig who alleged mental anguish damages under a "zone of danger" theory. 972 F.2d 546, 547-48 (5th Cir. 1992). In that case, the crew member witnessed a helicopter crash onto the jack-up rig upon which he stood. *Id.* at 547. The Plaintiff was *one-hundred feet away* from the helicopter crashing into his rig and watched from the control room. *Id.* at 548. The Fifth Circuit held that because Plaintiff did not allege and prove that the helicopter crash "threatened him with physical harm nor caused him to fear it would harm him," he was barred from recovering.

Finally, in *Plaisance v. Texaco, Inc.*, 966 F.2d 166 (5th Cir. 1992) the Fifth Circuit affirmed the dismissal of a tugboat captain's emotional damages claims from witnessing a fire on the barge his vessel was assisting. The barge struck an underwater gas pipeline, causing an explosion and fire. *Id.* at 167. The crew of the barge transferred to the tugboat and the tugboat then towed the barge away from the explosion site. *Id.* The fire did not damage the tugboat and the captain of the tugboat was never in immediate physical danger. *Id.* On that record, the district court dismissed Plaisances' suit and the Fifth Circuit affirmed the dismissal, stating that "under any

6

known theory of recovery-even the most liberal-the Plaisances … have not presented a prima facie case to recover any damages arising from this incident." *Id.* at 168-69.

The case of *Anselmi v. Penrod Drilling Co.*, 813 F. Supp. 436, 441-42 (E.D. La. 1992) highlights the proximity required to state a claim. In *Anselmi*, the Plaintiff worked on a jack-up rig when two explosions occurred, with flames shooting from the deck. *Id.* at 438. The plaintiff saw the flames shooting into the air and was on the jack-up rig when two explosions rocked the rig. *Id.* The district court stated that one element necessary "for a valid claim is that the claimant must have been objectively within a zone of danger." *Id.* at 442. The district court then highlighted that this individual was on a jack-up rig which was an "isolated, self-supporting unit" and Plaintiff "could not easily flee the scene." *Id.* As such, the district court found that questions of fact about whether Plaintiff stated a claim existed.

Even assuming it exists as a basis for liability, the *Andry* Plaintiffs have failed to assert a claim under the "zone of danger" theory under federal maritime law. Since there is no recognized "zone of danger," tort theory under federal maritime law, these claims should be dismissed on that prong alone. Additionally, like the plaintiffs in *Barker*, *Ainsworth* and *Plaisance*, the *Andry* Plaintiffs do not have well-pleaded allegations that they were in "immediate physical harm." *Andry* First Am. Compl. ¶¶ 57, 59. The single reference to "burning eyes" from an unknown substance is insufficient to place them in "immediate physical harm." Their allegations are even more remote than the failed claims in *Barker* and *Ainsworth* (being on the rig floor or control room) and *Plaisance* (being attached to the vessel on fire). Instead, the *Andry* Plaintiffs were at least 50 yards away and leaving the scene. That fact: that the *Andry* Plaintiffs were capable of leaving the scene and, as set forth in their First Amended Complaint, successfully did so, undercuts any claim they were in the "zone of danger" as discussed in the *Anselmi* case.

This Court should not expand federal maritime law to cover these claims and the Defendants request that all of the *Andry* claims be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the *Andry* Plaintiffs have failed to state a claim upon which relief can be granted, and therefore this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Respectfully submitted,**

/s/ R. Alan York
R. Alan York (Bar # 22167500)
State Bar No. 22167500
AYork@ReedSmith.com
REED SMITH LLP
811 Main Street
Suite 1700
Houston, Texas 77002
Telephone:  713-469-3800
Facsimile:  713-469-3899

*Attorneys for Halliburton Energy Services, Inc.*

**Respectfully submitted,**

/s/ Kerry J. Miller
Kerry J. Miller (Bar #24562)
BAKER DONELSON
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:  504-566-8646
Facsimile:  504-585-6946

*Attorneys for Triton Asset Leasing GMBH, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater Inc., and Transocean Ltd.*

**Respectfully submitted,**

/s/ Devin C. Reid
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Devin C. Reid (Bar #32645)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4120

-and-

Matthew T. Regan, P.C.
J. Andrew Langan, P.C.
Kristopher S. Ritter
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200

-and-

Christopher W. Keegan
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Fax: (415) 439-1500

*Attorneys for BP Exploration & Production Inc., BP America Inc., BP Products North America Inc., BP America Production Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Memorandum in Support of Defendants' Motion to Dismiss** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of September, 2018.

*/s/ Devin C. Reid*
Devin C. Reid