IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater | * | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, | * | |
| On April 20, 2010 | * | Section: J |
| | * | |
| This filing relates to: | * | District Judge Carl J. Barbier |
| *15-4143, 15-4146 & 15-4654* | * | |
| | * | Chief Magistrate Judge |
| | * | Joseph Wilkinson |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

**[Approving Court Approved Procedure 1 regarding the Rules Governing the Third Party Claims Dispute Resolution Process for the Halliburton Energy Services, Inc., and Transocean Settlements Program, Appointment of the Third Party Claims Dispute Adjudicator, and Court Approved Procedure 2 for the Determination of an Alternate Payee for Deceased, Minor, or Incompetent Claimants]**

**CONSIDERING** the request by Michael Juneau, the New Class Claims Administrator of the HESI and Transocean Settlement Agreements, and Patrick Juneau, the Old Class Claims Administrator of the HESI and Transocean Settlement Agreements (the "Claims Administrators"), for entry of an Order in aid of implementation of the Settlements Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 25 of the HESI Punitive Damages and Assigned Claims Settlement Agreement (Amended as of September 2, 2015) and the Transocean Punitive Damages and Assigned Claims Settlement Agreement (the "Settlement Agreements"), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

1.  The Rules Governing the Third Party Claims Dispute Resolution Process attached hereto for reference are approved as Court Approved Procedure 1 to govern the process by

which the Third Party Claims Adjudicator and/or Claims Administrator shall resolve certain disputes regarding Third Party Claims filed against payments to be made by the Claims Administrators to eligible claimants under the Settlement Agreements.

2. <u>Appointment of Third Party Claims Adjudicator</u>.

(a) The Court appoints Michael J. Juneau to act as the Third Party Claims Adjudicator ("Adjudicator") over disputes regarding third party claims for attorney fees or fees for other services performed in connection with a Settlements Program claim filed against payments to be made by the Claims Administrators to eligible claimants under the Settlement Agreements. This Appointment is made pursuant to the terms of the Settlement Agreements and the inherent authority of the Court.

(b) If the appointed Adjudicator should need to be replaced due to incapacitation by death or illness (including mental health illness) or dereliction of responsibility, or he or she is unable to perform the role of Adjudicator in accordance with the terms of this Order, the individual appointed by the Court to replace Michael J. Juneau as New Class Claims Administrator shall also serve as Third Party Claims Adjudicator.

(c) The Adjudicator shall resolve disputes over third party claims for attorney fees or fees for other services performed in connection with a Settlement Program claim and shall issue a final written decision resolving the dispute. The Adjudicator's decision resolving the dispute shall be final and binding on the Third Party Claimant, the Claimant and the Claims Administrator.

(d) The Adjudicator shall send a copy of the final decision to the Claims Administrator. The Claims Administrator will make payments to the Third Party Claimant and/or the Claimant according to the provisions of the Settlement Agreement and Court Orders regarding settlement implementation, including the Order Capping

Individual Attorneys' Fees in the HESI and Transocean Punitive Damages and Assigned Claims Settlement Agreements [Rec. Doc. 24470], if the dispute is over an attorney fee lien.

(e) The Adjudicator shall, upon request of the Court, report regarding matters relating to the operation of the Third Party Claims Dispute Resolution Process.

(f) The Adjudicator shall have the authority to take all appropriate measures to perform the assigned duties.

(g) The Adjudicator shall have the same immunity as judges for his actions as the Adjudicator.

3. The Rules Governing the Resolution of Claims on Behalf of Deceased, Minor, or Incompetent Claimants attached hereto for reference are approved as Court Approved Procedure No. 2, to govern the process by which the Claims Administrators will process and pay claims asserted by the representatives of Deceased Claimants, Minor Claimants or Incompetent Claimants.

4. This Court retains exclusive jurisdiction over the interpretation, implementation and enforcement of the Rules described in this Order and of both the Third Party Claims Dispute Resolution Process and Resolution of Claims on Behalf of Deceased, Minor, or Incompetent Claimants.

New Orleans, Louisiana this 20th day of September, 2018.

_____
CARL J. BARBIER
United States District Judge