# RULES GOVERNING THE RESOLUTION OF CLAIMS ON BEHALF OF DECEASED, MINOR, OR INCOMPETENT CLAIMANTS

**Effective September 20, 2018**

1. ***Defined Terms.*** All undefined terms used in this Procedure shall have the same meanings given to such terms in the HESI Punitive Damages and Assigned Claims Settlement Agreement (Amended as of September 2, 2015) and the Transocean Punitive Damages and Assigned Claims Settlement Agreement ("Settlement Agreements").

2. ***The Purpose of this Procedure.*** This Procedure defines the process by which the Claims Administrator(s) will process and/or pay the claims of Deceased Claimants, Minor Claimants and Incompetent Claimants.

3. ***Federal Court Approval.*** If a claim on behalf of a Deceased, Minor or Incompetent Claimant is found payable and the Claimant/Claimant's estate is not:

   (a) subject to a local Court proceeding for probate/succession,
   (b) the property of a duly executed trust in place prior to the death or incapacity/incompetency of the Claimant,
   (c) the subject of a conservatorship/guardianship for an incompetent party,
   (d) within the limitations set by state law for the state in which the decedent resided for use of a small estates affidavit or transfer by affidavit under that state's law could be utilized,

then the Claims Administrator(s) shall prepare a motion to file with the United States District Court for the Eastern District of Louisiana, requesting that the court issue an order of approval, approving the settlement. The Claims Administrator(s) and the claimant's representative shall file the motion jointly with the Court. The motion shall ask the federal court to enter an order of approval stating that:

   (a) The settlement of the claim for the Award Amount(s) is fair, reasonable and adequate.

   (b) The Claims Administrator(s) shall pay the Award Amount(s) to the claimant's representative.

   (c) The claimant's representative shall distribute the Award Amount(s) in accordance with applicable state law.

   (d) The Release signed by the claimant's representative is fully binding on the claimant and all persons who may claim any damages by or through any relationship with the claimant.

   (e) Any future settlements and payments on claims on behalf of the claimant made in accordance with the Settlement Agreement are approved as fair, reasonable and adequate. The Claims Administrator(s) shall issue payment on such claims to claimant's representative (or such other person who has certified to the Claims Administrator(s) that he or she has authority to act as the claimant's representative at such time), and such representative shall distribute such funds in accordance with applicable state law.

**4.** *Manner and Distribution of Payment.* After the Claims Administrator(s) receives a copy of the federal order of approval and a Release executed by the claimant's representative, the Claims Administrator(s) shall issue payment to the representative, who shall be responsible for distributing the funds in accordance with applicable state law. After such payment, the Claims Administrator(s) shall have no further liability to any other person relating to the claim giving rise to this payment or to any future payments made to the representative under the Settlement Agreement.

**5.** *Implementation of this Procedure.* The Claims Administrator(s) has the discretion to administer any steps necessary to implement this process.

**6.** *Amendments to this Procedure.* Any amendments to this procedure shall be subject to Court approval.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179<br><br>Section: J |
| This filing relates to:<br>*15-4143, 15-4146 & 15-4654* | *<br>*<br>*<br>* | District Judge Carl J. Barbier<br><br>Chief Magistrate Judge<br>Joseph Wilkinson |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT MOTION FOR APPROVAL OF SETTLEMENT OF HESI AND TRANSOCEAN PUNITIVE DAMAGES AND/OR ASSIGNED CLAIMS SETTLEMENT CLAIM

The authorized representative of Claimant, [Name of Claimant], a [Deceased, Minor or Incompetent] claimant, and the New Class Claims Administrator and/or Old Class Claims Administrator of the HESI and Transocean Punitive Damages and Assigned Claims Settlements respectfully move this Court to (1) approve the settlement(s) of the claim filed on behalf of Claimant for [dollar amount of claim] as fair, reasonable and adequate, and (2) approve all future settlements on behalf of Claimant in compliance with the HESI and Transocean Punitive Damages and Assigned Claims Settlement Agreements as fair, reasonable and adequate.

A proposed Order accompanies this Motion.

| | |
|---|---|
| [Date]<br>/s/ _____ | Respectfully submitted,<br>/s/ _____ |

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179  Section: J |
| This filing relates to: *15-4143, 15-4146 & 15-4654* | * * * * | District Judge Carl J. Barbier  Chief Magistrate Judge Joseph Wilkinson |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER APPROVING SETTLEMENT OF HESI AND TRANSOCEAN PUNITIVE DAMAGES AND ASSIGNED CLAIMS SETTLEMENT CLAIM

Now before the Court is the Joint Motion for Approval of Claim Under the HESI and Transocean Settlement Agreements by the representative of [Claimant's Name], a [Deceased, Minor, or Incompetent] Claimant ("Claimant") and the HESI and Transocean Punitive Damages and Assigned Claims Settlements Old and/or New Class Claims Administrators ("Claims Administrators").

The Court makes the following findings:

1.     The Claimant's claim was submitted to the Claims Administrator by [Name of Representative] ("Claimant's Representative"), who has certified that he or she is fully authorized to bring the claim and to resolve it and execute a Release on behalf of the Claimant and all other persons who may claim any damages by or through any relationship with the Claimant ("Derivative Claimants").

2. The Claims Administrator has reviewed the Claimant's claim in accordance with the Court-approved Distribution Model ("Settlement Agreement") and has calculated the Award Amount of [Award Amount $] ("Award Amount") as payable on such claim.

3. Claimant's Representative has accepted the Award Amount as the full resolution of Claimant's claim.

Accordingly, the foregoing Motion is GRANTED AND IT IS HEREBY ORDERED AND DECLARED THAT:

1. The settlement of Claimant's claim for the Award Amount is approved as fair, reasonable and adequate.

2. The Claims Administrator shall pay the Award Amount to Claimant's Representative.

3. Claimant's Representative shall distribute such funds in accordance with applicable state law.

4. The Release is fully binding on the Claimant and all Derivative Claimants of the Claimant.

5. Any future settlements and payments on claims on behalf of Claimant made in accordance with the Settlement Agreement are approved as fair, reasonable and adequate. The Claims Administrator shall issue payment on such claims to Claimant's Representative (or such other person who has certified to the Claims Administrator that he or she has authority to act as the Claimant's representative at such time), and such representative shall distribute such funds in accordance with applicable state law.

ORDERED this ____ day of _____, 20__.

_____