IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| | * | JUDGE BARBIER |
| This Document Relates To: | * | |
| *Pleadings Bundle B1* | * | MAG. JUDGE SHUSHAN |

| | | |
|---|---|---|
| ESTATE OF WILLIAM PATRICK KINSER, | * | |
| | * | |
| *Plaintiff*, | * | CIVIL ACTION No. 16-60220 |
| | * | |
| v. | * | SECTION J |
| | * | |
| BP EXPLORATION AND PRODUCTION, | * | JUDGE BARBIER |
| INC.; BP AMERICA PRODUCTION | * | |
| COMPANY; TRANSOCEAN OFFSHORE | * | MAG. JUDGE WILKINSON |
| DEEPWATER DRILLING, INC.; | * | |
| TRANSOCEAN HOLDINGS, LLC; | * | |
| TRANSOCEAN DEEPWATER, INC; | * | |
| HALLIBURTON ENERGY SERVICES, INC.; | * | |
| AND SPERRY DRILLING SERVICES INC., | * | |
| | * | |
| *Defendants.* | * | |

**REPLY TO BP'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION FOR CLARIFICATION AND IN SUPPORT OF REINSTATEMENT OF CLAIM**

The PLAINTIFF, ESTATE OF WILLIAM PATRICK KINSER, through undersigned counsel files this Reply to BP's Response in Opposition to Movants Motion for Clarification (Rec. Doc. 24816) and in Support of Reinstatement of Claim, and states as follows:

1. On May 25, 2018 the Court issued an Order to Show Cause Re: Compliance With PTO 65. (Rec. Doc. 24558). Attached to that Order were four Exhibits most of which list various claimants and state what if anything they were required to do in order to be compliant with the Court's case management order, PTO 65.

1

2. However, Exhibit 4 lists claimants who filed PTO 65 which the Order says were unnecessary *because they were previously dismissed …."* Beside all the names on Exhibit 4, with three exceptions is the notation: "[D]id not comply with PTO 60, Claims dismissed by Rec. Doc. 20996 or 22033." [22003].

3. William Patrick Kinser, and his Case No. 16-06220 appear on Exhibit 4 to the Order, with that standard notation indicating his case had previously been dismissed for not having complied with PTO 60 per one of those specified orders.

4. BP states in its response that:

> Kinser, however, already settled and voluntarily dismissed his claims with prejudice. On May 16, 2016, Kinser filed a Notice of Voluntary Dismissal with Prejudice, stating that Kinser had entered a Full and Final Release, Settlement and Covenant Not to Sue (the "Settlement'), and was voluntarily dismissing all its claims against BP with prejudice. (Rec. Doc. 18093).

5. This is an erroneous statement and after reviewing all the various orders and exhibits in question the undersigned believes that this mistake occurred as the result of a clerical error caused by failing to distinguish Mr. Kinser's individual claim from a separate business claim he brought under the name *98 Real Estate*.

6. On May 9, 2016 *98 Real Estate*, a business entity with which Mr. Kinser had been associated signed a settlement agreement. ***The Settlement Agreement makes no reference to any case number nor does it make reference to William Kinser.*** A copy of the pages of the Agreement reflecting the Settling party and the signature page (with confidential information redacted) is attached hereto as Exhibit "1."

7. The only case that *98 Real Estate* had been associated with was the matter of *Jensen Beach Marketing, Inc. et. al. v. BP* et. al, 2:13-cv-01439. The Notice of Voluntary Dismissal which was filed reflected the Settlement by *98 Real Estate* and that case

number. (Rec. Doc. 18903). That is the Docket Reference BP cites to in its Response claiming that Kinser had settled. A copy of the Notice is attached hereto as Exhibit "2." Mr. Kinser's name appears beside 98 Real Estate, but the settlement makes it clear that it was only directed to the business claim not Kinser's separate individual claim.

8. The *Jensen Beach Marketing* case was a mass joinder case filed on April 19, 2013, long before PTO 60 was issued. It was filed on behalf of :

> Individuals And Entities Which Have Opted Out Of The Amended Deepwater Horizon Economic And Property Damages Settlement Agreement And Of The Named Individuals And Entities Whose Claims Are Excluded…From The Amended Deepwater Horizon Economic And Property Damages Settlement Agreement…

A copy of the cover page of that Complaint and two pages from the list of claimants shows that both 98 Real Estate and William Pat Kinser were named as separate plaintiffs. (Exhibit "3").

9. After PTO 60 was issued *98 Real Estate* settled its claim but the Estate of William Patrick Kinser filed an individual complaint under case number 2:16-cv-06220-CJB-JCW on May 16, 2016. A copy of the first three pages of that complaint is attached hereto as Exhibit "4". That Complaint reflects a claim by the estate for the diminished value of numerous pieces of property.

10. When the Court entered its Order to Show Cause on June 7, 2016 regarding compliance with PTO 60, (Rec. Doc. 18724) Kinser's case was listed as PTO compliant under the correct case number 16-06220, but not the correct case name. It used *98 Real Estate* which was never a party to that case. By then *98 Real Estate's* claim under case number 2:13-cv-01439 had been settled nearly a month before. A copy of that

Order and excerpt showing Kinser's case number as compliant is attached as Exhibit "5."[1]

11. Mr. Kinser was not required to do anything based on the June 7 Order to Show Cause. But there were numerous claimants that were and on July 14, 2016, the Court issued an Order Re: Compliance With PTO 60. (Rec. Doc. 20996). That Order reflects that following the responses BP filed "updated list of Plaintiffs that BP…..believes made PTO submissions that complied with the requirements of PTO 60." (Rec. Doc. 20992-1, 20991-2).

12. The Order goes on to state that the lists *includes the original list of compliant Plaintiffs* …with (a) the addition of those…to which BP has no longer objects and :

> **(b) the elimination of** those Plaintiffs who complied with PTO 60 **but have since dismissed their claims against BP and/or have executed releases…(last emphasis supplied).**

13. The Order and exhibits did not list the claimants that BP was excluding because they had concluded that they had been dismissed or settled their claims. Since Kinser had not dismissed or settled his claim with BP there would have been no reason to believe that he had been eliminated from the list of PTO compliant claimants.

14. But BP clearly erroneously eliminated Kinser's individual case based on the settlement with *98 Real Estate* in the *Jensen Beach* matter.

15. The lists of claimants attached to the various Orders are extremely voluminous. They are usually set forth in alphabetical order and or numerical order. The way one would search to determine if a particular case or claimant was there would be by entering "Ctl."

---

[1] While that Order required non-compliant claimants and or claims that were considered defective to show cause why they should not be dismissed, it did not require Plaintiffs such as Kinser to take any action in response to that order because he was shown as compliant.

4

"F" and then typing in the name or the case number. If BP's staff used *98 Real Estate* to cull down the original list instead of the case number they would have concluded that the claim had been settled since it had the wrong name but the correct number.

16. Rec. Docs. 20996 and 22003 both have Exhibit lists containing clients who had their claims dismissed for failing to comply with PTO 60, but Mr. Kinser's name does not appear in either the Order or the attached Exhibits.

17. While BP now takes the position that Kinser's claim was settled and dismissed back in May of 2016 that is contradicted by numerous other facts:

   a. The Settlement Agreement clearly shows it was on behalf of *98 Real Estate* in Case # 2:13-cv-01439 and the matter was settled on **May 9, 2016**.

   b. William Kinser's individual complaint was filed on **May 16, 2016** in case # 2:16-cv-06220.

   c. The Court's Order to Show Cause filed issued on June 7, 2016 based on lists provided by BP showed Kinser's case 2:16-cv-06220 PTO 60 compliant.

   d. On June 30, 2016 a Pretrial Order as well as a general Order staying the case is issued in Kinser's individual case. (See docket sheet attached as Exhibit "5."

   e. On August 4, 2016 an Order reassigning the Kinser individual case is issued.

18. It appears clear that human error resulted in Mr. Kinser's case being shown as having been previously settled and dismissed. It is clear that the claim of *98 Real Estate* was settled and dismissed. The Claim of Mr. Kinser was not.

19. Mr. Kinser might have been able to bring this error to the attention of the Court earlier if he had reviewed the exhibits to July 14, 2016 Order and realized that his case number was no longer listed. But the Court also has to remember that during this same

time period he was getting notices from the Court indicating activity in his case. It is equally clear that the fact that BP eliminated his 2016 individual case as PTO compliant was due to some confusion on its part when clearly the settlement was with *98 Real Estate* on a 2013 case.

20. In any event the dismissal is clearly the result of clerical error or excusable neglect and should be set aside. In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993) the US Supreme Court held that a creditor's filing of proof of claim twenty days late constituted excusable neglect. The Court discussed both Rule 60 and Rule 6 in the Federal Rules of Civil Procedure to explain that a determination of excusable neglect:

> is at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission…..(*Id*. at 394).

As a result, the order showing Kinser's case as dismissed should be vacated and he should be deemed compliant with PTO 60 and PTO 65 and subject to further proceedings of the Court.

    Respectfully Submitted

    /s/ Douglas S. Lyons
    DOUGLAS S. LYONS
    Fla. Bar No.: 128277
    Lyons & Farrar, P.A.
    1637 Metropolitan Blvd., Ste. A-2
    Tallahassee, Florida 32308
    (850) 222-8811 - telephone
    (850) 222-5583 - facsimile
    dougl@lyonsandfarrar.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Reply To BP's Response In Opposition To Movant's Motion For Clarification And In Support Of Reinstatement Of Claim has been served on all counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179; this 24st day of September, 2018.

                                                 /s/ Douglas S. Lyons
                                                 Douglas S. Lyons