**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **HOWELL CONSTRUCTION, INC.** | * | **CIVIL ACTION** |
| | * | **14-CV-00121** |
| **VERSUS** | * | |
| | * | **SECTION: J(2)** |
| **ANDRY LERNER, L.L.C.,** | * | |
| **ANDRY LAW GROUP, L.L.C.,** | * | **JUDGE BARBIER** |
| **JONATHAN B. ANDRY, AND** | * | **MAG. JUDGE WILKINSON** |
| **CHRISTINA E. MANCUSO** | * | |

**MEMORANDUM IN SUPPORT OF MOTION FOR REHEARING AND /OR RECONSIDERATION, TO ALTER OR AMEND JUDGMENT, AND/OR FOR NEW TRIAL**

NOW COMES, through undersigned counsel, Plaintiff, HOWELL CONSTRUCTION, INC. (hereinafter "Howell"), who respectfully submits this Memorandum in Support of its Motion for Rehearing and/or Reconsideration, to Alter or Amend Judgment, and/or for a New Trial.

**I.   BACKGROUND**

On March 18, 2014, Defendants, Andry Lerner, LLC, Andry Law Group, LLC, Jonathan B. Andry and Christina E. Mancuso (hereinafter collectively "Andry") filed a Motion to Dismiss Complaint for Legal Malpractice pursuant to F.R.Civ.P.12(b)(6) [Doc. 7].[1] On August 28, 2018, this Court granted the motion, with prejudice, under Judgment [Doc. 18] and Order and Reasons [Doc.19]. The Court found that as a matter of law any damages Howell suffered could not be attributed to the actions or inactions of Andry, as a result of the Economic Settlement's tolling

---

[1]  Shortly after the referenced motion was briefed and a request for oral argument granted, the matter was stayed automatically by this Court and has been dormant for the last four years. While this matter was stayed, plaintiff and defendants agreed to pursue their dispute in Civil District Court for the parish of Orleans.  That matter is currently under submission in that parallel proceeding with the Louisiana Fourth Circuit Court of Appeals after a summary judgment was granted in favor of defendants and was appealed by plaintiffs (2018-CA-0317).

agreement which extended the three-year limitation on Howell's OPA claim so that July 22, 2013, was the earliest date Howell was required to make presentment to preserve an OPA suit.

## II.  LAW AND ARGUMENT

Howell submits this motion pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rule 59 of the Federal Rules of Civil Procedure provides that a motion for rehearing and/or reconsideration, to alter or amend judgment, and/or for new trial may be filed within 28 days of the entry of Judgment. The Court's Order dismissing Howell's claims was entered on August 28, 2018.

Howell's Complaint for Legal Malpractice [Doc. 1] alleged not just one but multiple acts of malpractice against Andry. Andry's Rule 12(b)(6) motion sought dismissal of Howell's Complaint for Legal Malpractice based only on the claim of malpractice alleged by Howell in paragraphs 5-7 of its Complaint for Legal Malpractice. [Doc. 7-1, p. 7] related to the OPA claims. Andry asserted:

> The essence of Howell's claim against defendant attorneys is that defendant attorneys failed to file a "formal presentment" to BP under OPA in MDL 2179, after Howell opted-out of the settlement class, by the alleged deadline date; and therefore, Howell's "ability to proceed with a private lawsuit under the Oil Pollution Act" against BP is gone.

This position was reiterated in Andry's reply memorandum where they asserted in their Conclusion that their Rule 12(b)(6) motion presents the Court a question of law as to whether the statute of limitations was tolled for Howell so that even at the time of the filing of their rule Howell's OPA claim still existed [Doc. 13, pg. 9-10]. Thus, Andry's Rule 12(b)(6) motion **did not** seek dismissal of the claims of legal malpractice Howell asserted in its complaint as a result

of Andry's failure to recognize Howell's BP settlement program claim as a valid startup business for business economic losses, and for improperly informing Howell that it did not qualify for the BP Settlement Program, and for advising Howell to opt-out of the BP settlement program having done no analysis as to the validity or value of the possible OPA suit. See, e.g. Complaint for Legal Malpractice, paragraphs 4, 8 and 9. Howell losing his right to participate in the multi-billion-dollar Settlement Program due to Andy's legal malpractice is not the same thing as Howell still having a right to pursue an OPA lawsuit. (a separate allegation of malpractice).

These prior claims of professional negligence (opting Howell out of the Settlement Program, not getting his informed consent for the opt out) were not addressed by Andry in its Rule 12(b)(6) motion. They respectfully were not before this Court. Howell should be permitted to proceed with those remaining claims of legal malpractice against Andry. The claims are different and the damages and their calculations differ as well. Howell qualified for one easily (the Settlement Program) but not likely the other (OPA suit). The later may or may not reduce the value former, but they are not equals.

Howell claims that the Andry first committed malpractice by not diligently handing the claims/case in the six months he had them and by not giving him competent legal advice to stay in the BP Settlement Program despite the fact that Howell qualified for same as a startup business. That is a claim that was both viable quantifiable (before and after Policy 495) and valuable. Howell claims that Andry did not property advise him regarding the Opt Out of the BP Settlement Program. Howell was not told what its OPA suit might be worth (nor was any analysis done as to the merits or value of same) or its chances of success before opting him out of the settlement. These failures of a lawyer's basic duties – competence, diligence and of obtaining the client's

informed consent - are all acts of alleged malpractice in the complaint that exist independently from the claim that Andry also mishandled the OPA suit presentment. These are claims of legal malpractice that survive the dismissal of the OPA claim. (a claim of questionable success as Andry noted in the dismissal letter due to the greatly increased revenue received in 2010 and issues of proof and causation not required by the settlement that Howell qualified for).

     The discharge letter sent (actually sent to an employee of Howell, not Howell personally) by Andry was at best confusing especially to a layperson. It wasn't clear as to whether Howell still remained in the settlement class or only had an opt out OPA suit. It gave no actual firm date of any deadline. In the first sentence of the discharge letter, Andry stated the reason they were declining to pursue the matter anymore was because Howell received too much revenue in 2010. That is exactly why it was critical to leave Howell IN the settlement program, not to opt Howell out. That shows that the OPA suit analysis was done AFTER Andry advised Howell to opt out, not before as it should have been. (to get INFORMED consent for the Opt Out decision). Regardless of when the OPA suit would have prescribed or presentment was due, Howell's OPA claim was always exceedingly difficult to prove as the Andry discharge letter acknowledged because of the high 2010 revenue and other factors. That wasn't the case for a competently prepared Settlement Claim in the program as a startup business. Howell QUALIFED under the startup formula. Thus, the failure to preserve that claim and put Howell into the Settlement, the failure to properly advise him of the options before him (Stay in the settlement or pursue a OPA claim) are separate acts of malpractice should not be dismissed along with the claim for not making presentment for the OPA claim. They also are different damages. Howell also asserted a claim for damages caused by Andy's ethical breaches and misconduct in handing BP Settlement claims (and the delay it caused in getting basic information from the Program) for which lapses

Andry was ultimately sanctioned as upheld by the Fifth Circuit. BP did not agree or allow Howell back into the Program after Andry opted him out.

As this matter was decided on the pleadings alone, Howell asserts that Rule 59(e) relief is warranted to correct manifest errors of law or fact. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct manifest error of law or fact." Demahy v. Schwarz Pharma, Inc. 702 F.3d 177, 182 (5th Cir. 2012). It is also appropriate to prevent manifest injustice. Potier v. JBS Liberty Securities, Inc. No. 13-0789, 2015 U.S. Dist. LEXIS 100589, at *3 (W.D. La. July 30, 2015). Howell respectfully asserts that in granting Andry's Rule 12(b)(6) motion, the Court erred legally by dismissing all of the legal malpractice claims asserted in Howell's Complaint for Legal Malpractice, which is also manifestly unjust to Howell.

### III. CONCLUSION

For the foregoing reasons, Howell respectfully requests that Howell's Motion for Rehearing and/or Reconsideration, to Alter or Amend Judgment, and/or for New Trial should be granted.

Respectfully submitted,

**SCANDURRO & LAYRISSON, LLC**
/s/      *Krista M. Eleew*
Jean-Paul Layrisson (Bar No. 20917)
Jean-Paul@scanlayr.com
Timothy D. Scandurro (Bar No. 20362)
Tim@scanlayr.com
Stephen 0. Scandurro (Bar No. 20362)
Steve@scanlayr.com
Krista M. Eleew (Bar No. 34320)
Krista@scanlayr.com
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
Facsimile: (504) 529-6199

and

**MATTHEWS & WARRINER, LLC**
*/s/      Robert H Matthews*
Robert H. Matthews, (Bar No. 9055)
Bobby@matthewswarriner.com
Pauline M. Warriner (Bar No. 22673)
Penny@matthewswarriner.com
230 Olivier Street
New Orleans, LA 70114
Telephone: 504-523-4542
Facsimile: 504-523-6139

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's *CMIECF* program and otherwise consented to receive notice and service via CMIECF. I further certify that I mailed the foregoing pleading and notice of electronic filing by first class mail to all non *CMIECF* participants.

*/s/     Krista M. Eleew*
Krista M. Eleew