UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | JUDGE; BARBIER |
| This Document Relates to: 2:16-cv-13201(J)(2) | MAGISTRATE: WILKINSON |

**MOTION, PURSUANT TO RULE 60(a), ALTERNATIVELY PURSUANT TO RULE 59(e), AND FURTHER ALTERNATIVELY PURSUANT TO RULE 60(b) TO AMEND OR RECONSIDER ORDER CLOSING CASE OF SEPTEMBER 6, 2018 (ENTERED ON SEPTEMBER 17, 2018) AND THE PRIOR ORDERS, IF ANY, THAT WERE ENTERED THAT WERE ADVERSE TO PLAINTIFFS/ODOMS HEIRS. FURTHER ALTERNATIVE MOTION PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(6) ON ACCOUNT OF THE FAILURE OF THE CLERK'S OFFICE TO PROVIDE NOTICE OF JUDGMENT AS REQUIRED BY RULE 77(d).**

Tiffany Odoms, Individually and as Guardian of the Minor Surviving Children of the Decedent Alonzo Odoms Jr., John Doe, Jane Doe, Jill Doe, Jack Doe, Jim Doe, James Doe, Joan Doe, and Taja Odoms, as Qualifying Personal Representative of the Estate of Alonzo Odoms Jr., Deceased ["Plaintiffs" or the "Odoms Heirs"], appearing through undersigned counsel, move the Court, pursuant to Rule 60(a) and alternatively pursuant to Rule 59(e) or to Rule 60(b), to amend or reconsider its order closing the case of September 6, 2018 (entered on September 17, 2018) and prior orders, if any, that were entered that were adverse to plaintiff/Odoms Heirs. In the further alternative, the plaintiffs/Odoms Heirs move the court to reopen the time to file an appeal in accordance with FRAP 4(a)(6) on account of the failure to provide notice of judgment and provide entry of same on the docket of this case.

The grounds for this motion, as are more fully set forth in the memorandum filed herewith, are as follows:

1. Two complaints were filed with this Court.

1

a. The first, entitled: Alonzo Odums [*sic.*], Jr. v. Ameri-Force Craft Services, Inc. and BP Exploration and Production, Inc., filed on April 22, 2013 as 2:13-cv-02386, is still pending and has not been dismissed. The reasonable attempt to comply with Pretrial orders 60, 63, and 66, filed on July 9, 2018 by Craig Downs was filed in this case and assigned Dkt. 8, as filed on behalf of Alonzo Odums, Jr.. As may be seen from the docket sheet in this case, Exhibit 1, there are only eight docket entries.

b. The second, entitled: Tiffany Odoms, Individually, as Guardian of the Minor Surviving Children of the Decedent Alonzo Odoms Jr., John Doe, Jane Doe, Jill Doe, Jack Doe, Jim Doe, James Doe, Joan Doe, and Taja Odoms, as Qualifying Personal Representative of the Estate of Alonzo Odoms Jr., Deceased, filed on July 25, 2016 and after Mr. Odoms death as 2:16-cv-13201 in the case in which this Court's order closing the case of September 6, 2018 (entered on September 17, 2018) was entered despite the reasonable attempts to comply with Pretrial orders 60, 63, and 66, Dkt. 8 filed on April 11, 2017 by Taja Odom and Dkt. 9 and filed on July 9, 2018, both filed by Craig Downs.

2. On February 22, 2017, the Court issued Pretrial Order No. 63 (2:10-MDL-02179 Dkt. 22295). On page 3, it provided that "any B3 Plaintiff who previously filed an individual complaint . . . must complete the **Sworn Statement** in the form reflected on *Exhibit A* as well as a cover sheet, Exhibit B." Pretrial Order No. 63 does not appear on the docket sheet of either 2:16-cv-13201 or 2:13-cv-02386.

3. On April 6, 2018, the Court filed an "Updated PTO 63 Compliance List" (2:10-MDL-02179 Dkt. 24268) and an attached list, Exhibit 1, Dkt. 24268-1, which, on page 16, identifies "Odums, Alonzo, Jr., 13-cv-02386" as compliant. This was not entered on the docket of 13-cv-02386, and the "Statement by Alonzo Odums, Jr. *in compliance with PTO NO. 66* (Downs, Craig)" filed on 07/09/2018 had not yet been filed.

4. On July 17, 2017, the Court entered its Order [*As to Compliance with Pretrial Order No. 63*] in 2:10-MDL-02179, as Dkt. 23046 in which it stated in pertinent part:

> IT IS ORDERED that the 960 plaintiffs listed in EXHIBIT 1 to this Order are deemed to be compliant with PTO 63. The B3 claims of the plaintiffs listed in EXHIBIT 1 are subject to further proceedings of this Court.
>
> IT IS FURTHER ORDERED that the 173 plaintiffs listed in EXHIBIT 2 are deemed to be non-compliant with PTO 63. The B3 claims of the plaintiffs listed

in EXHIBIT 2 are DISMISSED WITH PREJUDICE.1

IT IS FURTHER ORDERED that B3 claims that are not listed in EXHIBIT 1 are DISMISSED WITH PREJUDICE.2

"Odums, Alonzo Jr., 13-cv-02386" is listed at page 5 of Dkt. 23046-1 under the caption "960 PTO 63 Compliant Plaintiffs – Alphabetical by Name." No entry was made on the docket of 13-cv-02386.

5. On December 6, 2017, the Court entered its ORDER [As to the Motions for Reconsideration, Etc. of the PTO Compliance Order (Rec. Doc. 23047)]. Once again "Odums, Alonzo Jr., 13-cv-02386" is listed at page 15 of Dkt. 23046-1 under the caption "960 PTO 63 Compliant Plaintiffs – Alphabetical by Name." Again there is no entry on the docket of 13-cv-02386.

6. On April 16, 2018, the Court entered its "Updated PTO 63 Compliance List (Rec. Doc. 24268) on which "Odums, Alonzo Jr., 13-cv-02386" is listed at page 15 of Dkt. 23046-1 under the caption "960 PTO 63 Compliant Plaintiffs – Alphabetical by Name." There is no entry on the docket of 13-cv-02386.

7. On April 9, 2018, the Court issued Pretrial Order No. 66 (2:10-MDL-02179 Dkt. 24282) in order to obtain more particularized information about the claims of various Remaining B3 Plaintiffs.

8. On July 9, 2018, the "Statement by Alonzo Odums, Jr. *in compliance with PTO NO. 66* (Downs, Craig)" was filed in 13-cv-02386. It was captioned "Exhibit A" and was on the form: "PTO 66 PARTICULARIZED STATEMENT OF CLAIM FOR REMAINING PLAINTIFFS." On the same day, this identical document was filed and placed in 2:16-cv-13201 as Dkt. 9.

9. On September 20, 2018 and after dismissal of 2:16-cv-13201 by order of September 6, 2018 (entered on September 17, 2018), this Court entered its ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 66 (2:10-MDL-02179 DKT. 24875). It was not placed on the docket of 2:16-cv-13201 and was obtained by Louis R. Koerner, Jr. as a result of an email from the Plaintiffs' Committee of September 20, 2018. On page 2, no. 69, of Dkt. 24875-4, 13-cv-02386, Alonzo Odums, Jr. is listed with "Yes" in the columns on "Missing Pages" and "Failure to Respond to Damage Questions." The order requires compliance by October 11, 2018.

10. The obvious, although perfectly understandable, clerical errors in this case may appropriately be corrected under this Court's authority pursuant to Rule 60(a). In an abundance of precaution, movers are also seeking relief under Rule 59(e) and Rule 60(b). In further abundance of precaution, movers are requesting that this Court reopen the time to file an appeal in accordance with FRAP 4(a)(6) on account of the failure to provide notice of judgment and provide entry of same on the docket of this case as required by Rule 77(d).

    Respectfully Submitted,

    THE DOWNS LAW GROUP
    By: */s/* Craig T. Downs
    Co-Counsel for PLAINTIFFS
    **Craig T. Downs, Esq.**
    Fla. Bar. No. 801089
    cdowns@downslawgroup.com

AND

KOERNER LAW FIRM
/s/ Louis R. Koerner, Jr.
Louis R. Koerner, Jr.,
Louisiana Bar 7817
1204 Jackson Avenue
New Orleans, Louisiana 70130
New Orleans: 504-581-9569
Telecopier: 504-324-1798
(Cellular) 504-405-1411
e-mail: koerner@koerner-law.com
URL: http:/www.koerner-law.com
Attorneys for Plaintiffs, Tiffany Odoms, et al.

## CERTIFICATE

I hereby certify that a copy of the foregoing pleading has been served upon all interested counsel by ECF filing on September 26, 2018.

/s/Craig T. Downs
Craig T. Downs