UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010

MDL No. 2179

JUDGE: BARBIER

This Document Relates to: 2:16-cv-13201(J)(2)

MAGISTRATE: WILKINSON

**MEMORANDUM IN SUPPORT OF MOTION, PURSUANT TO RULE 60(a), ALTERNATIVELY PURSUANT TO RULE 59(e), AND FURTHER ALTERNATIVELY PURSUANT TO RULE 60(b) TO AMEND OR RECONSIDER ORDER CLOSING CASE OF SEPTEMBER 6, 2018 (ENTERED ON SEPTEMBER 17, 2018) AND THE PRIOR ORDERS, IF ANY, THAT WERE ENTERED THAT WERE ADVERSE TO PLAINTIFFS/ODOMS HEIRS. FURTHER ALTERNATIVE MOTION PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(6) ON ACCOUNT OF THE FAILURE OF THE CLERK'S OFFICE TO PROVIDE NOTICE OF JUDGMENT AS REQUIRED BY RULE 77(d).**

MAY IT PLEASE THE COURT:

### I. NATURE OF THE MOTION AND OF THE RELIEF SOUGHT

Plaintiffs, Tiffany Odoms, Individually, as Guardian of the Minor Surviving Children of the Decedent Alonzo Odoms Jr., John Doe, Jane Doe, Jill Doe, Jack Doe, Jim Doe, James Doe, Joan Doe, and Taja Odoms, as Qualifying Personal Representative of the Estate of Alonzo Odoms Jr., Deceased ["Plaintiffs" or the "Odoms Heirs"], have filed a motion seeking relief available under Rule 60(a) and, alternatively under Rule 59(e) and Rule 60(b), to amend or reconsider its order closing the case of September 6, 2018 (entered on September 17, 2018) and prior orders, if any, that were entered that were adverse to plaintiffs/Odoms Heirs. Movers have also requested that this Court reopen the time to file an appeal in accordance with FRAP 4(a)(6) on account of the failure to provide notice of judgment and provide entry of same on the docket of this case as required by Rule 77(d).

## II. SUMMARY OF THE ARGUMENT

1.      As may be seen from the complex procedural history and the analysis of this Court's orders that follows, the claims of Alonzo Odoms [Odums], Jr. and the Odoms heirs were dismissed on account of clerical errors that were undoubtedly contributed to by additional clerical errors of counsel. However, relief is available and should be granted by this Court as within the scope of Rule 60(a).

2.      As may be seen from the following analysis of the order of September 6, 2018 and of the subsequent order of September 20, 2018, there are factual and procedural reasons why this Court's order, entered as Dkt. 10 in the captioned case, could not have been anticipated by the plaintiff(s) and was not appropriate so that neither this Court's September 6, 2018 order nor any of the previous dismissals — none of which were placed in the record of either of the Odoms [Odums] cases — should preclude relief as requested in the motion filed herewith. The volume and complexity of the B3 (clean-up cases) has generated errors, most patent as to Alonzo Odoms [Odums], Jr. and his family. Consequently, especially Rule 60(a), but also Rule 59(e), Rule 60(b) and an inherent authority to do justice, give this Court the authority to correct these clerical and alternatively substantive errors.

3.      This motion, as being filed (less than ten days after Dkt. 10, the order closing the case) and on account of the lack of notice of impending dismissal in this case or in the Odums case (2:13-cv-02386) as well on account of the September 20, 2018 order of this Court, is timely for relief pursuant to Rules 59(e) and 60(b).

4.      In like manner, the motion requesting that this Court reopen the time to file an appeal in accordance with FRAP 4(a)(6) on account of the failure to provide notice of judgment and provide entry of same on the docket of this case as required by Rule 77(d) is filed well

within the time limit established by FRAP 4(a)(6) and meets all of the requirements of subsections (A), (B), and (C).

### III. SUMMARY OF THE PROCEDURAL HISTORY

Two complaints arising from the injuries to and subsequent death of Alonzo Odoms, Jr. were filed and have been pending or are pending in this Court.

a.      The first, entitled: Alonzo Odums [*sic.*], Jr. v. Ameri-Force Craft Services, Inc. and BP Exploration and Production, Inc., filed on April 22, 2013 as 2:13-cv-02386, is still pending and has not been dismissed. The reasonable attempt to comply with Pretrial orders 60, 63, and 66, filed on July 9, 2018 by Craig Downs was filed in this case and assigned Dkt. 8, as filed on behalf of Alonzo Odums, Jr. As may be seen from the docket sheet in this case, Exhibit 1, there are only eight docket entries.

b.      The second, entitled: Tiffany Odoms, Individually, as Guardian of the Minor Surviving Children of the Decedent Alonzo Odoms Jr., John Doe, Jane Doe, Jill Doe, Jack Doe, Jim Doe, James Doe, Joan Doe, and Taja Odoms, as Qualifying Personal Representative of the Estate of Alonzo Odoms Jr., Deceased, filed on July 25, 2016 and after Mr. Odoms death as 2:16-cv-13201 in the case in which this Court's order closing the case of September 6, 2018 (entered on September 17, 2018) was entered despite the reasonable attempts to comply with Pretrial orders 60, 63, and 66, Dkt. 8 filed on April 11, 2017 by Taja Odom and Dkt. 9 and filed on July 9, 2018, both filed by Craig Downs.

On February 22, 2017, the Court issued Pretrial Order No. 63 (2:10-MDL-02179 Dkt. 22295). On page 3, it provided that "any B3 Plaintiff who previously filed an individual complaint . . . must complete the **Sworn Statement** in the form reflected on *Exhibit A* as well as a cover sheet, Exhibit B." Pretrial Order No. 63 does not appear on the docket sheet of either 2:16-cv-13201 or 2:13-cv-02386.

On April 6, 2018, the Court filed an "Updated PTO 63 Compliance List" (2:10-MDL-02179 Dkt. 24268) and an attached list, Exhibit 1, Dkt. 24268-1, which, on page 16, identifies "Odums, Alonzo, Jr., 13-cv-02386" as compliant. This was not entered on the docket of 13-cv-02386, and the "Statement by Alonzo Odums, Jr. *in compliance with PTO NO. 66* (Downs, Craig)" filed on 07/09/2018 had not yet been filed.

On July 17, 2017, the Court entered its Order [*As to Compliance with Pretrial Order No. 63*] in 2:10-MDL-02179, as Dkt. 23046 in which it stated in pertinent part:

> IT IS ORDERED that the 960 plaintiffs listed in EXHIBIT 1 to this Order are deemed to be compliant with PTO 63. The B3 claims of the plaintiffs listed in EXHIBIT 1 are subject to further proceedings of this Court.

> IT IS FURTHER ORDERED that the 173 plaintiffs listed in EXHIBIT 2 are deemed to be non-compliant with PTO 63. The B3 claims of the plaintiffs listed in EXHIBIT 2 are DISMISSED WITH PREJUDICE.[1]

> IT IS FURTHER ORDERED that B3 claims that are not listed in EXHIBIT 1 are DISMISSED WITH PREJUDICE.[2] [footnotes omitted]

"Odums, Alonzo Jr., 13-cv-02386" is listed at page 5 of Dkt. 23046-1 under the caption "960 PTO 63 Compliant Plaintiffs – Alphabetical by Name." No entry was made on the docket of 13-cv-02386.

On December 6, 2017, the Court entered its ORDER [*As to the Motions for Reconsideration, Etc. of the PTO Compliance Order* (Rec. Doc. 23047)]. Once again "Odums, Alonzo Jr., 13-cv-02386" is listed at page 15 of Dkt. 23046-1 under the caption "960 PTO 63 Compliant Plaintiffs – Alphabetical by Name." Again there is no entry on the docket of 13-cv-02386.

On April 16, 2018, the Court entered its "Updated PTO 63 Compliance List (Rec. Doc. 24268) on which "Odums, Alonzo Jr., 13-cv-02386" is listed at page 15 of Dkt. 23046-1 under the caption "960 PTO 63 Compliant Plaintiffs – Alphabetical by Name." There is no entry on the docket of 13-cv-02386.

On April 9, 2018, the Court issued Pretrial Order No. 66 (2:10-MDL-02179 Dkt. 24282) in order to obtain more particularized information about the claims of various Remaining B3 Plaintiffs.

On July 9, 2018, the "Statement by Alonzo Odums, Jr. *in compliance with PTO NO. 66* (Downs, Craig)" was filed in 13-cv-02386. It was captioned "Exhibit A" and was on the form: "PTO 66 PARTICULARIZED STATEMENT OF CLAIM FOR REMAINING PLAINTIFFS." On the same day, this identical document was filed and placed in 2:16-cv-13201 as Dkt. 9.

On September 20, 2018 and after dismissal of 2:16-cv-13201 by order of September 6, 2018 (entered on September 17, 2018), this Court entered its ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 66 (2:10-MDL-02179 DKT. 24875). It was not placed on the dockets of 13-cv-02386 or 2:16-cv-13201 and was obtained by Louis R. Koerner, Jr. as a result of an email from the Plaintiffs' Committee of September 20, 2018. On page 2, no. 69, of Dkt. 24875-4, 13-cv-02386, Alonzo Odums, Jr. is listed with "Yes" in the columns on "Missing Pages" and "Failure to Respond to Damage Questions." The order requires compliance by October 11, 2018.

### IV. A MORE DETAILED PROCEDURAL HISTORY DERIVED FROM A CAREFUL ANALYSIS OF THE PROCEDURAL HISTORY OF THE ORDER OF SEPTEMBER 6, 2018, DKT. 10 [DIRECTING THE CLERK TO CLOSE CERTAIN CASES PREVIOUSLY DISMISSED FOR NONCOMPLIANCE WITH PTO 60 AND PTO 63] AND OF THE SEPTEMBER 20, 2018 ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 66, DKT. 24875

#### A. Pretrial Order No. 63 (2:10-MDL-02179 Dkt. 22295), Updated PTO Compliance List ((2:10-MDL-02179 Dkt. 24268)

On February 22, 2017, the Court issued Pretrial Order No. 63 (2:10-MDL-02179 Dkt. 22295). On page 3, it provided that "any B3 Plaintiff who previously filed an individual complaint . . . must complete the **Sworn Statement** in the form reflected on *Exhibit A* as well as a cover sheet, Exhibit B. Pretrial Order No. 63 does not appear on docket sheet of either 2:16-cv-13201 or 2:13-cv-02386.

On April 11, 2017, "Statement *for disclosure of B3 Claims* by Taja Odoms" (Attachment #(1) Exhibit A- Sworn Statement) (Downs, Craig) Modified on 4/12/2017 was received and entered on the docket of 2:16-cv-13201 as Dkt. 8.

On April 6, 2018, the Court filed an "Updated PTO 63 Compliance List" (2:10-MDL-02179 Dkt. 24268) and an attached list, Exhibit 1, Dkt. 24268-1, which, on page 16, identifies "Odums, Alonzo, Jr., 13-cv-02386" as compliant. This was not entered on the docket of 13-cv-02386, and the "Statement by Alonzo Odums, Jr. *in compliance with PTO NO. 66* (Downs, Craig)" filed on 07/09/2018 had not yet been filed.

B. ORDER [As to Compliance with Pretrial Order No. 63] (2:10-MDL-02179, Dkt. 23046)

On July 17, 2017, the Court entered its Order [*As to Compliance with Pretrial Order No. 63*] in 2:10-MDL-02179, as Dkt. 23046. It states in pertinent part:

> IT IS ORDERED that the 960 plaintiffs listed in EXHIBIT 1 to this Order are deemed to be compliant with PTO 63. The B3 claims of the plaintiffs listed in EXHIBIT 1 are subject to further proceedings of this Court.

> IT IS FURTHER ORDERED that the 173 plaintiffs listed in EXHIBIT 2 are deemed to be non-compliant with PTO 63. The B3 claims of the plaintiffs listed in EXHIBIT 2 are DISMISSED WITH PREJUDICE.[1]

> IT IS FURTHER ORDERED that B3 claims that are not listed in EXHIBIT 1 are DISMISSED WITH PREJUDICE.[2] [footnotes omitted]

"Odums, Alonzo Jr., 13-cv-02386" is listed at page 5 of Dkt. 23046-1 under the caption "960 PTO 63 Compliant Plaintiffs – Alphabetical by Name." No entry was made on the docket of 13-cv-02386.

C. ORDER [As to the Motions for Reconsideration, Etc. of the PTO Compliance Order (Rec. Doc. 23047)]

On December 6, 2017, the Court entered its ORDER [*As to the Motions for Reconsideration, Etc. of the PTO Compliance Order* (Rec. Doc. 23047)]. Once again "Odums, Alonzo Jr., 13-cv-02386" is listed at page 15 of Dkt. 23046-1 under the caption "960 PTO 63

Compliant Plaintiffs – Alphabetical by Name." Again there is no entry on the docket of 13-cv-02386.

### D. Updated PTO 63 Compliance List

On April 16, 2018, the Court entered its "Updated PTO 63 Compliance List (Rec. Doc. 24268) on which "Odums, Alonzo Jr., 13-cv-02386" is listed at page 15 of Dkt. 23046-1 under the caption "960 PTO 63 Compliant Plaintiffs – Alphabetical by Name." There is no entry on the docket of 13-cv-02386.

### E. The Order To Show Cause Re: Compliance With PTO 66 ((2:10-MDL-02179 Dkt. 24268))

On April 9, 2018, the Court issued Pretrial Order No. 66 (2:10-MDL-02179 Dkt. 24282) in order to obtain more particularized information about the claims of various Remaining B3 Plaintiffs.

On July 9, 2018, the "Statement by Alonzo Odums, Jr. *in compliance with PTO NO. 66 (Downs, Craig)*" was filed in 13-cv-02386. It was captioned Exhibit A and was on the form: "PTO 66 PARTICULARIZED STATEMENT OF CLAIM FOR REMAINING PLAINTIFFS." On the same day, this identical document was filed and placed in 2:16-cv-13201 as Dkt. 9.

### F. The Order of September 6, 2018

On September 6, 2018, the Court signed an order, entered on September 17, 2018, closing listed cases. This order was entered as Dkt. 10 on the docket of 2:16-cv-13201. As may be seen from the following discussion, the two Odoms [Odums] cases are different from those dismissed both on account of compliance or attempted compliance, for lack of notice, and on account of the curing of deficiencies by October 11, 2019 that will fully comply with this Court's order of September 20, 2018 [(2:10-MDL-02179, DKT. 24875).

<u>a. Introduction by the Court to Its Order of September 6, 2018[1]</u>

*1. Text of (a) and (b):*

    The Court previously dismissed a large number of cases in this multidistrict litigation ("MDL") for failing to comply with Pretrial Order 60 and/or Pretrial Order. Although some plaintiffs timely moved for reconsideration of and/or appealed these dismissals, most did not, and the time for doing so has long passed. However, as a result of the practical limitations inherent in managing an MDL as large and complex as this one, many of these cases were not, as a purely technical matter, closed on the Court's docket. Accordingly, and as further explained below, this Order directs the Clerk of Court to close the cases listed on the attached Exhibit A.

<u>b. "B1" Pleading Bundle and the PTO 60 Compliance Order</u>

    Early in this multidistrict litigation the Court established eight "pleading bundles" for different categories of claims. (Pretrial Order 11, Rec. Doc. 569). The "B1" bundle included claims for non-governmental economic loss and property damages by private individuals and businesses, and it was pled pursuant to a B1 Bundle Master Complaint. (Rec. Doc. 879, amended Rec. Doc. 1128).

    On March 29, 2016, the Court issued Pretrial Order 60 ("PTO 60," Rec. Doc. 16050), which dismissed the B1 Master Complaint and required that all B1 plaintiffs who had timely filed a claim in the B1 bundle and had not released their claims to file and serve a three-page sworn statement regarding the status of his/her/its claim. PTO 60 also required that any B1 plaintiff who had previously filed only a short form joinder and/or were joined in a multi-plaintiff complaint to file an individual complaint. The deadline to comply with PTO 60 was May 2, 2016, later extended to May 16, 2016. PTO 60 warned that those who failed to comply would "face dismissal of their claims with prejudice without further notice." (PTO 60 at 6, Rec. Doc. 16050).[1]

    On June 7, 2016, the Court issued an Order to Show Cause Regarding Compliance with PTO 60 (Rec. Doc. 18724) which identified several thousand plaintiffs that appeared to have complied with the requirements of PTO 60. Those who were not deemed compliant with PTO 60 were required to show cause in writing by June 28, 2016 why their B1 claims should not be dismissed with prejudice.

    On July 14, 2016, the Court issued an Order Re: Compliance with PTO 60. ("PTO 60 Compliance Order," Rec. Doc. 20996). Exhibits 1A and 1B to the PTO 60 Compliance Order identified approximately 1,000 B1 plaintiffs who had complied with PTO 60 and had not yet resolved their claims against BP.[2] These

---

[1] Please note the change in the numbering system for subheadings.

claims were preserved and subject to further proceedings in this Court. Exhibit 2 to the PTO 60 Compliance Order identified B1 plaintiffs who made timely show cause filings but as to whom BP still believed were non-compliant with PTO 60. The Court ordered further briefing on whether the plaintiffs in Exhibit 2 should be deemed compliant with PTO 60. Finally, the PTO 60 Compliance Order declared:

All remaining Plaintiffs in the B1 bundle, other than those [identified on Exhibits 1A, 1B, or 2] are deemed noncompliant with PTO 60, and their B1 claims are hereby **DISMISSED WITH PREJUDICE**.

As to all Plaintiffs in the B1 bundle, only those Plaintiffs who have not previously released their claims, have made timely presentment as required by OPA, have previously filed an individual lawsuit, and have otherwise complied with the requirements of PTO 60 have preserved their individual claims. All other B1 bundle claims are time-barred.

(PTO 60 Compliance Order at 5, Rec. Doc. 20996 (emphasis in original)).

2.  *Response:*

As the complaint in 2:16-cv-13201 was not filed until July 25, 2016, the Odums could

not have been one of the "remaining Plaintiffs in the B1 bundle," the PTO 60 Compliance Order

could not have appeared on the docket of  2:16-cv-13201, and the PTO 60 Compliance Order

does not appear on the docket of 2:13-cv-02386.

### c. The December 16, 2016 Ruling

1.  *Text:*

On December 16, 2016, the Court ruled on whether the plaintiffs listed in Exhibit 2 to the PTO 60 Compliance Order had complied with PTO 60. ("PTO 60 Reconciliation Order," Rec. Doc. 22003).[3] The Court deemed some plaintiffs compliant with PTO 60; their B1 claims were preserved. The Court deemed other plaintiffs to be non-compliant and dismissed their B1 claims with prejudice.

[3]Some of the plaintiffs who had been dismissed by the PTO 60 Compliance Order promptly filed motions for reconsideration, or to amend, etc. The PTO 60 Reconciliation Order ruled on these motions as well.

*2. Response:*

Inasmuch as 2:16-cv-13201 was not yet filed and the PTO 60 Compliance Order does not appear on the docket of 2:13-cv-02386, the December 16, 2016 order of this Court seems logically to be inapplicable on its face and should not be applied.

<u>d. "B3" Pleading Bundle and the PTO 63 Compliance Order</u>

*1. The text:*

The "B3" pleading bundle was another one of the pleading bundles established in the early days of this MDL. The B3 bundle includes all claims, of any type, relating to post-explosion clean-up efforts asserted against defendants not named in the B1 master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010. (Pretrial Order No. 25, Rec. Doc. 983 at 2). The B3 bundle also includes contract claims related to the oil spill response.

On February 22, 2017, the Court issued Pretrial Order No. 63 ("PTO 63", Rec. Doc. 22295), which dismissed the Amended B3 Master Complaint and ordered all plaintiffs who had timely filed a claim in the B3 pleading bundle and had not released their claims to submit certain documents. Specifically, B3 plaintiffs who previously filed an individual lawsuit (i.e., a single-plaintiff complaint without class allegations) were required to complete, file, and serve a sworn statement regarding the status of their claim. B3 plaintiffs who had not filed an individual lawsuit, but instead had filed a Short Form Joinder and/or were part of a complaint with more than one plaintiff, were required to complete, file, and serve an individual lawsuit and a sworn statement. B3 plaintiffs initially had until April 12, 2017 to comply with PTO 63. Many sought and received an extension up to May 3, 2017. PTO 63 warned that plaintiffs who failed to comply would "face dismissal of their claims with prejudice without further notice." (PTO 63 at 7, Rec. Doc. 22295).4

On July 18, 2017, the Court issued an Order As to Compliance with Pretrial Order No. 63. ("PTO 63 Compliance Order," Rec. Doc. 23047). Exhibit 1 to the PTO 63 Compliance Order identified 960 B3 plaintiffs deemed to be compliant with PTO 63 and whose B3 claims were subject to further proceedings in this Court. Exhibit 2 identified 173 plaintiffs who responded to PTO 63, but whose submission was materially deficient. The PTO 63 Compliance Order stated that "B3 claims that are not listed on EXHIBIT 1 are DISMISSED WITH PREJUDICE." (PTO 63 Compliance Order at 2, Rec. Doc. 23047

Some B3 plaintiffs moved for reconsideration of the PTO 63 Compliance Order. On December 6, 2017, the Court issued an order granting some of those motions and denying others. (Rec. Doc. 23735) (footnotes omitted.)

2. *Response:*

2:16-cv-13201 was not subject to PTO 63. 13-cv-02386 has always listed as compliant

until September 20, 2018 with compliance to be made by October 11, 2018.

e. Closure of Cases Previously Dismissed for Failing to Comply with PTO 60 and/or PTO 63

1. *Text:*

As explained above, many cases were previously dismissed with prejudice for failing to comply with PTO 60 and/or PTO 63. To the extent a judgment of dismissal should have been set out in a separate document for each non-compliant case but was not, such a judgment was deemed entered 150 days after the entry of the PTO 60 Compliance Order, PTO 60 Reconciliation Order, or the PTO 63 Compliance Order. See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4 (7)(A)(ii).5 Thus, as to the B1 cases dismissed by the July 14, 2016 PTO 60 Compliance Order, judgment was entered on December 11, 2016, if not earlier.6 As to those B1 cases dismissed by the December 16, 2016 PTO 60 Reconciliation Order, judgment was entered on May 15, 2017, if not earlier. As to those B3 cases (and those cases asserting both B1 and B3 claims) that were dismissed by the July 18, 2017 PTO 63 Compliance Order, judgment was entered on December 15, 2017, at the latest.7

While the Court has issued, and occasionally amended, lists identifying what plaintiffs/cases were compliant with (and thus were not dismissed by) PTO 60 and/or 63, practical limitations have until now prevented the Court from issuing a comprehensive list identifying which plaintiffs/cases were non-compliant with (and thus were dismissed by) PTO 60 and/or 63. Consequently, there are hundreds of cases that, as a purely technical matter, still appear to be "open" on the Court's docket, even though, as a legal matter, they were dismissed months or even years ago.

In an effort to make the Court's docket better reflect legal reality, the Court requested BP to provide the Court with a list of cases that it believes were dismissed for failing to comply with PTO 60 and/or PTO 63.8 The Court has reviewed this list and, after making certain adjustments, finds that the cases listed on the attached Exhibit A were previously dismissed for failing to comply with PTO 60 and/or PTO 63.9 Accordingly, the Court will instruct the Clerk to mark these cases identified on Exhibit A as closed.

WHEREFORE, the attached Exhibit A identifies cases that were previously dismissed for failing to comply with PTO 60 and/or PTO 63;

**IT IS ORDERED that the Clerk is directed to CLOSE the cases listed on Exhibit A to this Order.**

Nothing in this Order shall be construed as a judgment under Fed. R. Civ.

P. 54 or Fed. R. Civ. P. 58, nor shall this Order be construed as re-opening the time for seeking post-judgment relief or filing an appeal. [footnotes omitted.]

2. *Response:*

2:16-cv-13201, which had not yet been filed, could not have been subject to PTO 63. There is no evidence that notice of PTO 63 was given or received in either case. Until September 20, 2018, 13-cv-02386 was always listed as compliant. PTO 63 could not possibly be applicable to 2:16-cv-13201, did not mention 2:16-cv-13201, and was not placed on the 2:16-cv-13201 docket. Moreover, on account of the response(s) placed of record in both cases, plaintiffs were compliant.

The inclusion of 2:16-cv-13201 and perhaps of other cases that were filed after the entry of PTO 63 and which were seemingly subject to only PTO 66 may have been the result of clerical errors and should forthwith be corrected, *inter alia*, pursuant to Rule 60(a).

G. The Order to Show Cause Re: Compliance With PTO 66 (2:10-mdl-02179, Dkt. 24875)

On September 20, 2018 and after closing of 2:16-cv-13201,[2] this Court entered its ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 66 (2:10-MDL-02179 DKT. 24875). It was not placed on the docket of 2:16-cv-13201 and was obtained by undersigned counsel as a result of an email from the Plaintiffs' Committee of September 20, 2018. On page 2, no. 69, of Dkt. 24875-4, 13-cv-02386, Alonzo Odums, Jr. is listed with "Yes" in the columns on "Missing Pages" and "Failure to Respond to Damage Questions." As this order requires compliance by October 11, 2018, it will be complied with and efforts are ongoing to accomplish compliance.

---

[2] There may have been an actual order of dismissal, but counsel has been unable to locate it, and it is not listed on the docket sheet of 2:16-cv-13201.

## V. RULE 60(a) RELIEF IS APPROPRIATE

A. Pertinent Portions of the Federal Rules that Are or May Be Applicable

Fed. R. Civ. P. 60. Relief From a Judgment or Order, provides in pertinent part:

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1) *Timing.*** A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

**(2) *Effect on Finality.*** The motion does not affect the judgment's finality or suspend its operation.

Rule 59. New Trial; Altering or Amending a Judgment provides:

(a) IN GENERAL.

(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(b) TIME TO FILE A MOTION FOR A NEW TRIAL. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

(c) TIME TO SERVE AFFIDAVITS. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

(d) NEW TRIAL ON THE COURT'S INITIATIVE OR FOR REASONS NOT IN THE MOTION. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

(e) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 77(d) provides:

(d) SERVING NOTICE OF AN ORDER OR JUDGMENT.

(1) *Service.* Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).

(2) *Time to Appeal Not Affected by Lack of Notice.* Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

FRAP 4(a)6 provides:

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to

reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

### B. Authority Construing Rule 60(a) and Distinguishing Situations in Which Rule 60(b) Should Be Applied

*1. Treatise Material:*

Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2852 (3d ed.) Rule 60, Construction and

Application, contains general principles helpful to the application of Rule 60:

### § 2852 Construction and Application

Many cases say that Rule 60 is to be liberally construed in order that judgments will reflect the true merits of a case.[1] Particularly with regard to default judgments, courts have been more flexible in providing relief in order to decide cases on the merits.[2] Although there is truth to this, the courts also must take into account the interest in preserving finality of judgments.[3] * * *

The rule applies of its own force only to the district courts[5] but the courts of appeals frequently look to Rule 60, as they do to other rules, for guidance in cases pending before them.[6]

Rule 60(a) applies broadly to a "judgment, order or other part of the record." Rule 60(b), however, as amended in 1948, applies only to "a final judgment, order, or proceeding."[7] . . . But the power of a court to modify an interlocutory judgment or order at any time prior to final judgment remains unchanged[9] and is not limited by the provisions of Rule 60(b).[10] The rule does apply, however, to all final judgments entered in civil actions,[11] including consent and default judgments as well as those entered after contest.[12] [footnotes omitted].

Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2854 (3d ed.) Rule 60(a), Errors Covered

by the Rule, likewise contains helpful general principles:

### § 2854 Errors Covered by Rule

Rule 60(a) permits the correction of clerical mistakes in judgments, orders,

or other parts of the record as well as the correction of errors arising from oversight or omission. This is a power that the courts always have had.[1] The power may be exercised at any time, either on motion or on the court's own initiative.[2] The mistake correctable under the rule need not be committed by the clerk or the court; the rule may be utilized to correct mistakes by the parties as well.[3]

Subdivision (a) deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). When the change sought is substantive in nature, such as a change in the calculation of interest not originally intended,[4] the addition of an amount to a judgment to compensate for depreciation in stock awarded,[5] or the broadening of a summary-judgment motion to dismiss all claims,[6] relief is not appropriate under Rule 60(a). Thus a motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.[7] A great variety of matters have been held by the courts to come within Rule 60(a).[8] The court may correct clerical errors,[9] . . . A document that inadvertently was omitted from the record may be added.[19] . . .

Rule 60(a) is not a vehicle for relitigating matters that already have been litigated and decided,[24] nor to change what has been deliberately done.[25] . . . [footnotes omitted].

In Construction of Rule 60(a) of Federal Rules of Civil Procedure authorizing correction of clerical mistakes in judgments, orders, or other parts of record, and errors therein arising from oversight or omission, 13 A.L.R. Fed. 794, the authors state:

### § 1[c] Introduction—Practice pointers

Counsel who finds a mistake in a judgment, order, or other part of a record affecting his client should have no difficulty in having the court correct it at a later date, even years later, so long as it is a mere mistake in the form of recording what was done or intended (see the cases in § 5, infra). Court files are, no doubt, full of formal errors that went unnoticed at and immediately after trial, but were subsequently discovered and readily corrected without a formal decision having to be rendered. The cases that "hit the books" are either those in which opposing counsel saw an advantage to his client in the error in the record, or those in which moving counsel failed, in the time required, to move for a new trial (Rule 59(b)), or to amend the judgment (Rule 59(e)), or to take an appeal (see Rules 3 et seq., Fed Rules of Appellate Proc). * * * *

2.  *Jurisprudence from the United States Supreme Court and from the Fifth Circuit:*

In *Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145–46, 79 S. Ct. 170, 177–

78, 3 L. Ed. 2d 172 (1958), the court stated:

> It is axiomatic that courts have the power and the duty to correct
> judgments which contain clerical errors or judgments which have issued due to
> inadvertence or mistake. Gagnon v. United States, 193 U.S. 451, 24 S.Ct. 510, 48
> L.Ed. 745. Rule 60(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.,
> recognizes this power and specifically provides that '(c)lerical mistakes in
> judgments, orders or other parts of the record and errors therein arising from
> oversight or omission may be corrected by the court at any time of its own
> initiative or on the motion of any party and after such notice, if any, as the court
> orders.'

The court carefully provided guidance as to the breadth and limitation of its holding:

> Of course, the power to correct inadvertent ministerial errors may not be
> used as a guise for changing previous decisions because the wisdom of those
> decisions appears doubtful in the light of changing policies. . . .. But nothing in
> that Section prohibits the correction of inadvertent errors. Here, as we have
> shown, the certificates issued to appellee mistakenly omitted an intended
> provision, and the Commission's subsequent action was not the execution of a
> newly adopted policy but, as it found in a proceeding in which appellants
> participated after notice, merely the correction of the inadvertence.

The Fifth Circuit has likewise been careful to apply Rule 60(a) as written and to reject

efforts to apply Rule 60(a) to substantive errors more properly addressed under Rule 59(e) or

Rule 60(b).[3]

In *Frederick v. Mobil Oil Corp.*, 765 F.2d 442, 450 (5th Cir. 1985), the court stated:

> We think it is clear that the changes made by the district court in the
> March 15 judgment were of a clerical nature and that the district court had
> jurisdiction to make them under Rule 60(a). We note first that Frederick does not
> attack the amended judgment insofar as it shifts $51,382.52 in damages from
> Frederick to Aetna. Given the parties' stipulation with respect to Aetna's
> compensation lien, we think this change was clearly a clerical one within the
> meaning of Rule 60(a). *Cf. Chavez v. Balesh,* 704 F.2d 774 (5th Cir. 1983)
> (amendment to award $2000 in liquidated damages to which the court found the

---

[3] See *In re Transtexas Gas Corp.*, 303 F.3d 571, 581–82 (5th Cir. 2002). See the careful discussion in *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668–69 (5th Cir. 1986).

plaintiff was entitled in its findings of fact but which was overlooked in the judgment). Frederick did not contest the district court's decision, which was clearly expressed in its original judgment, to award to Aetna the prejudgment interest that has accrued on that portion of the damages on which Aetna has a lien. We question, therefore, whether Frederick is now in a position to complain about the amended judgment, which simply corrects an oversight with respect to the amount of Aetna's lien. At any rate, it is settled that, when prejudgment interest is available as a matter of right, a court may, under Rule 60(a), amend a judgment to award it. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2854, at 152 (1973).

In *Kinnear-Weed Corp. v. Humble Oil & Ref. Co*., 296 F.2d 215, 215–16 (5th Cir. 1961), the court, in giving instructions to correct a clerical error, stated:

> It now appears to the Court that the final sentence of the opinion entered in this cause on the 22nd day of September 1958, 259 F.2d 398; Fuller v. Aetna Life Ins. Co., 5 Cir., 259 F.2d 402, reading 'The judgment of the district court is therefore affirmed' did not carry out the theretofore clearly expressed opinion of this Court, but constituted a clerical mistake which should be corrected. * * *

## C. Applicability of Rule 59(e)

Motions for reconsideration pursuant to F.R.C.P. 59(e) are used to "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The dismissal of the plaintiffs' case without any of the protections provided by notice and an opportunity to be heard presents such a situation.

Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2803 (3d ed.) Rule 59, Power and Discretion of Court, cited with approval by Judge Dennis in his dissent in *Templet v. HydroChem Inc*., 367 F.3d 473, 481–82, n. 3 (5th Cir. 2004), enunciates principles helpful to the application of Rule 59:

### § 2803 Power and Discretion of Court

Rule 59 gives the trial judge ample power to prevent what the judge considers to be a miscarriage of justice. It is the judge's right, and indeed duty, to order a new trial if it is deemed in the interest of justice to do so.[1] The court may act either on the motion of a party[2] or on its own initiative.[3] The grounds on which it may act are discussed in later sections.[4] Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that

substantial justice has not been done,[5] and the burden of showing harmful error rests on the party seeking the new trial.[6] Ultimately the motion invokes the sound discretion of the trial court,[7] and appellate review of its ruling is quite limited.[8] [footnotes omitted.]

As Judge Dennis stated:

"Rule 59 gives the trial judge ample power to prevent what he considers to be a miscarriage of justice."[1] When a party moves to alter or amend a judgment under Rule 59(e), a district court is obligated to balance carefully the need for finality with the need to render a just decision *on the basis of all the facts*.[2] That obligation is increased "when the judgment, absent amendment, creates or results in a manifest injustice."[3] In this case, the need to render a just decision outweighed the need for finality, but the court did not render a just decision.

Instead, the district court provided no indication that it even considered the additional evidence that plaintiffs submitted with their Rule 59 Motion.[4] The district court, however, for the reasons discussed below, was obligated to consider the additional evidence. Accordingly, we should remand this case to the district court with orders to consider plaintiffs' additional evidence and reconsider the summary judgment in light of that evidence. Because the majority opinion does not require such a reconsideration, I respectfully dissent. [footnotes omitted.]

### D. Rule 60(b) May Also Provides Relief

Certain aspects of the Dkt. 10 dismissal with prejudice may fit within the scope of relief available under Rule 60(b). The seminal case in the Fifth Circuit is *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 398–404 (5th Cir. 1981). In that case Judge Tate reversed the denial of relief under Rule 60(b), vacated the judgment, and remanded to permit the cause to be retried in order to afford the appellants an adequate opportunity to present their case." *Seven Elves* was relied on and extensively quoted as a basis on which to grant relief in *Fed. Deposit Ins. Corp. v. Castle*, 781 F.2d 1101, 1104 (5th Cir. 1986).The court's reasoning in *Steverson v. GlobalSantaFe Corp*., 508 F.3d 300, 302–06 (5th Cir. 2007)[4] is equally compelling.

---

[4] "Steverson is a seaman. 'Seamen, of course, are wards of admiralty whose rights federal courts are duty-bound to jealously protect.' *Karim v. Finch Shipping Co.,* 374 F.3d 302, 310 (5th Cir. 2004) (internal quotation marks and citation omitted)."

<u>E. In the Further Alternative, Relief Should Be Granted Pursuant to FRAP 4(a)(6)</u>

To the extent that there may have been an inadvertent violation of Rule 77(d) on account of the failure to give proper notice, Rule 60(b) may afford no relief. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1204–05 (5th Cir. 1993). This is why movers have requested relief under FRAP Rule 4(a)(6).

Relief under FRAP 4(a)(6) and the interplay between that rule and Rule 77(d) is explained by Wright & Miller, Notice of entry of judgment on docket—Failure to give notice, 21A Fed. Proc., L. Ed. § 51:18, as follows:

§ 51:18. Notice of entry of judgment on docket—Failure to give notice

Under Rule 77(d) of the Federal Rules of Civil Procedure, lack of notice of the entry of judgment does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Fed. R. App. P. 4(a).[1] Under Fed. R. Civ. P. 77(d), a party must make a timely appeal regardless of whether he or she receives notice of entry of the order, and implicit in the Rule is the notion that parties have a duty to inquire periodically into the status of their litigation.[2] However, Fed. R. App. P. 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, if certain conditions are satisfied. Specifically, the court must find that the moving party did not receive notice under Fed. R. Civ. P. 77(d)(2) of the entry of the judgment or order sought to be appealed within 21 days after entry; the motion must be filed within 180 days after the judgment or order is entered or within seven days after the moving party receives notice under Fed. R. Civ. P. 77(d)(2) of the entry, whichever is earlier; and the court must find that no party would be prejudiced.[3]

A party failing to make a timely appeal because of lack of notice of entry of judgment may also be able to seek relief under Fed. R. Civ. P. 60(b)(6), authorizing the court to relieve a party from a judgment for any reason that justifies relief,[4] by means of a motion to vacate and reenter judgment.[5] It has been held that a district court may vacate and reenter judgment in order to alleviate the impact of Fed. R. Civ. P. 77 in limited circumstances where: (1) neither party had actual notice of entry of judgment; (2) the winning party was not prejudiced by appeal; and (3) the losing party moved to vacate judgment within a reasonable time after learning of its entry.[6] Thus, where plaintiff's counsel states that counsel never received notice of entry of judgment from the clerk's office and that he or she telephoned the judge's chambers and was incorrectly advised that no judgment had been entered, the judgment may be vacated and reentered to allow appeal within the time limits set by the Federal Rules of Appellate Procedure.[7]

There is authority, however, that as the plain language of Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d) specifically addresses the problem of lack of notice of final judgment, such specificity precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice and that since such language delineates a specific period during which the period for appeal may be reopened, district courts no longer have discretion to grant motions to reopen the period for appeal that are filed outside that specific period even if the appellant does not receive notice until that period has expired.[8] [footnotes ommited]

## CONCLUSION

With, to be sure, the best of intentions in the monumental B3 clean up litigation, the Clerk's Office has tried to do the right thing and the Court was trying to clear its docket of stale cases in the entry of Dkt. 10. However, this has produced a result that is contradictory and unjust. This Court has many tools available with which to fashion a remedy. The motion should be granted.

Respectfully Submitted,

THE DOWNS LAW GROUP
By: */s/* Craig T. Downs
Co-Counsel for PLAINTIFFS
**Craig T. Downs, Esq.**
Fla. Bar. No. 801089
cdowns@downslawgroup.com

AND

KOERNER LAW FIRM
/s/ Louis R. Koerner, Jr.
Louis R. Koerner, Jr., Louisiana Bar 7817
1204 Jackson Avenue
New Orleans, Louisiana 70130
New Orleans: 504-581-9569
Telecopier: 504-324-1798
(Cellular) 504-405-1411
e-mail: koerner@koerner-law.com
URL: http://www.koerner-law.com
Attorneys for Plaintiffs, Tiffany Odoms, et al.

**CERTIFICATE**

I hereby certify that a copy of the foregoing pleading has been served upon all interested

counsel by ECF filing on September 26, 2018.

/s/Craig T. Downs
Craig T. Downs