# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | |
| **"Deepwater Horizon" in the Gulf** | | **MDL 2179** |
| **of Mexico, on April 20, 2010** | * | |
| | | **SECTION: J(2)** |
| **This Document Relates To:** | * | |
| | | **JUDGE BARBIER** |
| *No. 12-970* | * | |
| | | **MAG. JUDGE WILKINSON** |
| | * | |

## ORDER

Before the Court is Claimant xxxx12719's Motion for Extension of Time (*Nunc Pro Tunc*) and for Leave of Court to Submit Request for Discretionary Review. (Rec. Doc. 22869.)

Even if the Court were to grant the extension, it would still deny the request for discretionary review. For one thing, there is ample support for requiring each wholly-owned subsidiary corporation, which is a separate entity from the parent corporation and the other sister corporations, to file its own claim. *See* Settlement, Ex. 5 at 2 (defining "Multi-Facility Business" as "[a] business entity [singular] that . . . maintained Facilities in more than one location"); Settlement § 38.20 ("Claimant shall mean any Natural Person or Entity [singular] that submits a Claim . . . ."); Settlement § 38.65 ("Entity shall mean an organization or entity [singular] . . . including a partnership [singular], a corporation [singular], a limited liability company [singular] . . . ."); *cf. BP Expl. & Prod., Inc. v. Claimant ID 100169608*, 682 F. App'x 256, 260-61 (2017) ("[T]he Settlement Agreement's definitions of business

claimant and entity, as well as the compensation frameworks, clearly support the interpretation that Adams LLC is the "entity" and proper "business claimant." . . . [Therefore,] the two distinct entities in this case, Adams LLC and Adams Inc., cannot combine to form one business claimant with one BEL claim simply because Adams Inc. transferred substantially all of its assets to Adams LLC, which continued to operate the underlying food business." (footnotes omitted)); *BP Expl. & Prod., Inc. v. Claimant ID 100211268*, 706 F. App'x 197 (2017) (whether or not a subsidiary corporation is excluded under the Oil and Gas Industry exclusion is determined by the activities of the subsidiary, not the activities of the parent corporation, which is a separate legal entity).

Accordingly,

IT IS ORDERED that the Motion for Extension of Time (*Nunc Pro Tunc*) and for Leave of Court to Submit Request for Discretionary Review (Rec. Doc. 22869) is DENIED.

New Orleans, Louisiana, this 3rd day of October, 2018.

_____
United States District Judge