61896588
Apr 09 2018
05:14PM

# EXHIBIT A

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** David Joseph Landrieu

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A. YOUR BACKGROUND INFORMATION**

1. Current address:
   Address Line 1: 5617 Ruth St
   Address Line 2: N/A
   City: Metairie   State: LA   Zip: 70003
2. Telephone number: (504) 444-4779
3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: N/A
4. Date and Place of Birth: REDACTED   New Orleans, LA
5. Male  X     Female _____

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| 5617 Ruth St, Metairie, LA 70003 | Prior to 2008 - Present |
| | |
| | |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| DJ Landrieu & Company, LLC | 5617 Ruth St, Metairie, LA 70003 | 2006 - January 2018 | Consultant |
| Unemployed | N/A | January 2018 - Present | N/A |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes __X__ No_____ If *"Yes,"* when were you out of work and why? Plaintiff was out of work from June 2011 - August 2011 due to his infection with Vibrio Vulnificus. Plaintiff has also been out of work due to his bad health since January 2018 to the present.

**B. THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9. Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

   Yes\_\_\_\_\_    No **X**

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

   **1. Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10. Was your cleanup work performed onshore (on land) or offshore (on the water)?

   Onshore\_\_\_\_\_     Offshore_____     Both\_\_\_\_\_

11. Were you hired as part of the Vessels of Opportunity ("VoO") Program?

   Yes\_\_\_\_\_    No_____

12. Did you handle hazardous materials as part of your cleanup work?

   Yes\_\_\_\_\_    No_____

13. Please set forth the following information about your cleanup work:

   A. Your employer(s): **N/A**

   B. Your supervisor(s) at the employer(s) identified in Question No. 13(A):
      **N/A**

   C. A description of the work performed for employer(s) identified in Question No. 13(A): **N/A**

   D. The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): **N/A**

  E.  The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C):__N/A_____

_____

  F.  Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C):__N/A_____

_____

  **2.**  **Residents/Tourists**

14. Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

 Yes__X__  No_____

15. Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

 Yes_____  No__X__

16. List all address(es) at which you resided in 2010:__5617 Ruth St, Metairie, LA 70003_____

**C.**  **INFORMATION ABOUT YOUR B3 CLAIM**

17. Are you claiming that you suffered damages from (*Check all that apply*):

 __X__ Bodily injury from exposure to oil and/or dispersants

 _____ Bodily injury other than from exposure to oil and/or dispersants

 _____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.    EXPOSURE CLAIMS**

18.  Were you exposed to oil, dispersants, or both?

   Oil_____          Dispersants_____          Both__X__

19.  How were you exposed? (*Check all that apply*)

   A.   Inhalation           Yes_____   No__X__

   B.   Dermal (skin) contact   Yes__X__   No_____

   C.   Ingestion            Yes_____   No__X__

   D.   Other (please describe): __N/A_____

20.  What was the date(s) of your exposure?

   Day: _Approx. 7th_   Month: _June_____   Year: _2011____

21.  How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

   Plaintiff was exposed to oil and dispersants on one occasion in early June 2011.

22.  What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

   Plaintiff was exposed to oil and dispersants on one day in early June 2011 in Elmer's Island in Grand Isle, LA.

23.  For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

   Plaintiff was exposed to oil and dispersants for approximately 6 hours.

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: Plaintiff was exposed to oil and dispersants while surf fishing in Elmer's Island in Grand Isle, LA. He was exposed to the oil and dispersants that contaminated the water and beach of Elmer's Island. At the time Plaintiff was surf fishing, Elmer's Island had been re-opened to the public.

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

   Yes_____   No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
   N/A

**E. NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

   A. The nature of your injury: N/A

   B. The date(s) of your injury: N/A

   C. The location(s) of your injury: N/A

   D. The work that you were performing when you sustained your injury: N/A

   E. Identify any individual(s) who witnessed your injury: N/A

28. Describe in as much detail as possible the circumstance(s) of your injury: N/A

**F.     INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: Plaintiff suffered from infection with Vibrio Vulnificus, causing cellulitis in his right leg, a fever of 104 degrees, and extreme nausea. He continues to suffer from hot flashes and sweating attacks, skin irritations, increased risk of cellulitis, dizziness, tingling and weakness in his extremities, insomnia, loss of concentration, irritability, anxiety, leg and lower back pain, and a weight gain of 75 pounds.

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill: Plaintiff never presented the medical conditions listed in F.29 prior to his exposure to oil and dispersants. He contracted Vibro vulnificus while fishing in Grand Isle, LA in June 2011. Vibrio vulnificus is a human pathogenic bacteria, whose population is found in tar balls and in relation to the presence of crude oil contamination of seawater. See also response to F 39.

31. On what date did you first report or seek treatment for your injury or illness: Approximately June 14, 2011

32. On what date was your injury first diagnosed: Approximately June 14, 2011

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
| Dr. Diane Failla | 4315 Houma Blvd, Ste 201, Metairie, LA 70006 |
|  |  |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| Dr. Diane Failla | 4315 Houma Blvd, Ste 201, Metairie, LA 70006 |
| Dr. Frederick Dantagnan | 4315 Houma Blvd, Ste 500, Metairie, LA 70006 |
| East Jefferson General Hospital | 4200 Houma Boulevard, Metairie, LA 70006 |
| Coram Healthcare | 115 James Dr W., Ste 100, Saint Rose, LA 70087 |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No __X__. If "*Yes*,"

    A. When? N/A

    B. Who diagnosed the injury (or condition) at that time? N/A

    C. Who treated the injury (or condition) at that time? N/A

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes _____ No __X__. If "*Yes*,"

    A. What date did you first experience such injury or condition? N/A
    B. What injury (or condition) was made worse? N/A

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Dr. Ricky Dantagnan | 4315 Houma Blvd, Ste 500, Metairie, LA 70006 |
| Dr. Dennis Occhipinti | 3434 Homa Blvd, Ste 201, Metairie, LA 70006 |
| | |
| | |
| | |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

   Yes __X__  No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

   See Attachment A
   _____

   _____

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

   Yes_____  No __X__

   If "Yes":

   A.   From whom did you receive this compensation or reimbursement?__N/A_____

   _____

  B. When did you receive this compensation or reimbursement? N/A

  C. What was the amount of the compensation or reimbursement? N/A

**G. CONTRACT CLAIMS**

 (*For plaintiffs claiming breach of contract.*)

41. Is your claim based on a breach of contract?

  Yes_____ No__X__

42. Was the contract that you claim was breached made as part of the VoO Program?

  Yes_____ No_____

43. Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

  N/A

44. Describe how the contract was breached: N/A

45. *If you were part of the VoO Program*: Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

  N/A

46. *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

  N/A

47. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:

  N/A

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

    N/A

Case 2:10-md-02179-CJB-DPC   Document 24959-2   Filed 10/05/18   Page 11 of 16

David Landrieu

Attachment A
(Response to Question 39)

Plaintiff was exposed to oil and dispersants while a resident of Louisiana during the period of the BP oil release and resulting Corexit dispersant contamination in 2010.

Crude oil contains benzene and other volatile organic compounds (VOCs) such as ethylbenzene, toluene, xylene and naphthalene, polycyclic aromatic hydrocarbons (PAHs), diesel fumes and heavy metals such as aluminum, cadmium, nickel, lead and zinc. Dermal exposure to certain VOCs in crude oil is known to cause swelling, redness, irritation and rash and blisters on the skin and mucous membranes. Exposure by inhalation to some VOCs is known to cause ocular soreness, redness, watering and itching, cause respiratory problems such as coughing, throat irritation, shortness of breath and wheezing, and cause nervous system problems such as nausea, vomiting, dizziness, irritability, confusion, and weakness of extremities. Benzene is a known mutagen and carcinogen, and according to the CDC can cause ventricular fibrillation, congestive gastritis, toxic gastritis, pyloric stenosis, myalgia, kidney damage, vascular congestion in the brain, lethal nervous system depression and leukemia.

Corexit® 9500 contains petroleum distillates, propylene glycol, and organic sulfonic acid salt. Corexit® EC9527A contains 2-butoxyethanol (EGBE), organic sulfonic acid salt and propylene glycol. These dispersants are known to cause headaches, nausea, vomiting, diarrhea, abdominal pains, dizziness, chest pains and tightness, irritation of the eyes, nose, throat, and lung, decreased lung function, breathing difficulties, respiratory system damage, rapid breathing, asthma attacks, allergic reactions, skin irritation, damage, and sensitization, hypertension, damage to liver and kidneys, central nervous system depression, neurotoxic effects, damage to red blood cells, genetic damage and mutations, reproductive and developmental damage, immune system damage, cardiac arrhythmia, cardiovascular damage and increased severity of chronic obstructive pulmonary disease

Mr. Landrieu contracted *Vibro vulnificus* when he was fishing in Grand Isle in June of 2011 (age 49). *Vibrio vulnificus* is a human pathogenic bacteria whose population is found in tar balls and in relation to the presence of crude oil contamination of seawater. The infection required five days of hospitalization. He had cellulitis of his right leg, his body temperature was 104 °F and he had extreme nausea. His leg was in severe pain and doctors considered amputating it.

He currently has hot flashes and sweating attacks once or twice per week or per month. He continues to experience skin irritations, increased risk of cellulitis, dizziness, tingling and weakness in his extremities, insomnia, loss of concentration, irritability, anxiety, leg pain, lower back pain and weight gain. Plaintiff fears that there may be long term, serious health consequences resulting from exposure to these toxic chemicals. Additionally, Plaintiff's wife, Kimberly, must care for her husband, completely upending her former quality of life.

Plaintiff's toxic exposure has caused him to incur medical expenses and he will continue to incur medical expenses for his ongoing treatment. Plaintiff estimates approximately $54,916.44 per year in medical expenses based upon the three years following the spill. Given a life expectancy of 76 years, his lifetime medical expenses are reasonably estimated to be $2,284,357.86 (based on 3.15% inflation rate).

David Landrieu

| Years Starting 2011 | Medical Expense |
|---|---|
| 1 | $54,916.44 |
| 2 | $56,646.31 |
| 3 | $58,430.67 |
| 4 | $60,271.23 |
| 5 | $62,169.78 |
| 6 | $64,128.12 |
| 7 | $66,148.16 |
| 8 | $68,231.83 |
| 9 | $70,381.13 |
| 10 | $72,598.14 |
| 11 | $74,884.98 |
| 12 | $77,243.85 |
| 13 | $79,677.03 |
| 14 | $82,186.86 |
| 15 | $84,775.75 |
| 16 | $87,446.18 |
| 17 | $90,200.74 |
| 18 | $93,042.06 |
| 19 | $95,972.89 |
| 20 | $98,996.03 |
| 21 | $102,114.41 |
| 22 | $105,331.01 |
| 23 | $108,648.94 |
| 24 | $112,071.38 |
| 25 | $115,601.63 |
| 26 | $119,243.08 |
| 27 | $122,999.24 |
| Totals | $2,284,357.86 |

Plaintiff was unable to work from approximately June 2011 to August 2011 as a result of his toxic exposure. Based on Plaintiff's monthly income, his lost income was approximately $8,131.50.

| Date | Month | Annual Income/12 Months |
|---|---|---|
| 2011 | June | $2,710.50 |
| 2011 | July | $2,710.50 |
| 2011 | August | $2,710.50 |
| Income loss total: | | $8,131.50 |

General damages resulting from Plaintiff's injuries include the extreme loss of enjoyment of life, inconvenience, past and future mental and physical pain and suffering, and his spouse's loss of consortium. His life, and that of his family, will never be the same again. Additionally, he fears he may develop cancer from exposure to the toxic chemicals. Based on the quantum study below, Plaintiff estimates his general damages to be valued at approximately $1,457,000.00

David Landrieu

### Personal Injury
*Darvis v. Gencorp Polymer Prods.*, No. 89-cv-0387, 1991 WL 718502 (Ohio Com.Pl. Feb. 28, 1991). Plaintiff was employed as a dockworker for a trucking company. While unloading a truck, plaintiff observed a punctured drum of a chemical known as Gen Glaze Ec-550, which was manufactured by defendant and emits high levels of styrene.  After reading the label, plaintiff believed that, at most, the chemical could cause irritant or flu-like symptoms. Plaintiff proceeded to clean up the spill.  Thereafter, plaintiff became very dizzy and nauseous and suffered coughing spasms. Because of his coughing spasms, he suffers from esophageal reflux and was ultimately diagnosed as suffering solvent-induced encephalopathy.  Plaintiff alleged that defendant was negligent in shipping a hazardous chemical without providing adequate warnings of the serious and long-term health effects associated with exposure to the chemical.  Defendant contended that the label provided adequate warnings. Plaintiff awarded $957,000 and spouse awarded $100,000 for loss of consortium..

### Fear of Cancer/ Increased Risk of Cancer
*Lester v. Exxon Mobil Corp.,* 120 So. 3d 767 (La. Ct. App. 2013). Plaintiffs were exposed to naturally occurring radioactive material (NORM) while cleaning an oil company's pipe and tubing. Only five Plaintiffs were awarded damages for medical monitoring because each of these Plaintiffs suffered from fecal hemoccult, an elevated creatinine kinase, and/or opacity in the left lung, which all directly relate to NORM exposure. These five Plaintiffs were awarded approximately $34,000 - $46,000. The court awarded six Plaintiffs $50,000.00 each and two Plaintiffs $40,000.00 each in damages for the fear of contracting cancer. The court also awarded five Plaintiffs $150,000 - $350,000 in damages for the increased risk of cancer, while three Plaintiffs were denied these damages. Lastly, Plaintiffs were awarded $60,000 - $669,000 in punitive damages. Total damages ranged from $100,000 to $1,115,000.

Based on the foregoing, the total damages associated with Plaintiff's claim in this matter are as follows:

| | |
|---|---|
| $   957,000.00 | General Damages/ Personal Injury |
| $     50,000.00 | General Damages/ Fear of Contracting Cancer |
| $   350,000.00 | General Damages/ Increased Risk of Cancer |
| $   100,000.00 | General Damages/ Loss of Consortium |
| $       8,131.50 | Lost Income |
| $2,284,357.86 | Medical Expenses |
| **$3,749,489.36** | **TOTAL DAMAGES** |

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: 9-14, 2018

Location (City and State): METAIRIE, LA

_____
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

David J. Landrieu
Print Name

N/A
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: 9/14, 2018

Location (City and State): Metairie, LA

_____
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

Kimberly A. Flair
Print Name

Loss Consortium
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |