EXHIBIT A

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** Richard Thomas Danos

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A.    YOUR BACKGROUND INFORMATION**

1. Current address:
   Address Line 1: 122 Dantin Street
   Address Line 2: N/A
   City: Raceland    State: LA    Zip: 70394
2. Telephone number: (985) 870-7433
3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: N/A
4. Date and Place of Birth: REDACTED; Raceland, LA
5. Male __X__    Female _____

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| none | |
| | |
| | |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Self-Employed | 122 Dantin Street Raceland, LA 70394 | January 2008 - January 2010 | Carpenter |
| Superior Labor Services | 454 Hunley Ct, Houma, LA 70363 | January 2010 - June 2010 | Carpenter |
| Unemployed | | November 2010 - Present | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes __X__ No_____ If *"Yes,"* when were you out of work and why? Plaintiff has been unemployed since November 2010 until the present due to illness caused by exposure to oil and dispersants.

**B.    THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.  Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

    Yes_____    No__X__

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

    **1.    Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10. Was your cleanup work performed onshore (on land) or offshore (on the water)?

    Onshore_____    Offshore_____    Both_____

11. Were you hired as part of the Vessels of Opportunity ("VoO") Program?

    Yes_____    No_____

12. Did you handle hazardous materials as part of your cleanup work?

    Yes_____    No_____

13. Please set forth the following information about your cleanup work:

    A.  Your employer(s): N/A

    B.  Your supervisor(s) at the employer(s) identified in Question No. 13(A):
        N/A

    C.  A description of the work performed for employer(s) identified in Question No. 13(A): N/A

    D.  The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): N/A

    E.    The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): **N/A**

    F.    Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): **N/A**

    **2.**    **Residents/Tourists**

14.    Do you allege that you were exposed to oil or chemical dispersants while a ***resident*** of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes **X**    No_____

15.    Do you allege that you were exposed to oil or chemical dispersants while a ***tourist*** in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____    No **X**

16.    List all address(es) at which you resided in 2010: **122 Dantin St, Raceland LA 70394**

**C.**    **INFORMATION ABOUT YOUR B3 CLAIM**

17.    Are you claiming that you suffered damages from (*Check all that apply*):

    **X** Bodily injury from exposure to oil and/or dispersants

    \_\_\_\_\_ Bodily injury other than from exposure to oil and/or dispersants

    \_\_\_\_\_ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.     EXPOSURE CLAIMS**

18.   Were you exposed to oil, dispersants, or both?

   Oil_____          Dispersants_____          Both  X  

19.   How were you exposed? (*Check all that apply*)

   A.   Inhalation              Yes  X      No_____

   B.   Dermal (skin) contact   Yes  X      No_____

   C.   Ingestion               Yes_____   No_____

   D.   Other (please describe): _____

20.   What was the date(s) of your exposure?

   Day: Every day      Month: May, June        Year: 2010

21.   How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

   Plaintiff was exposed to both oil and dispersants every day during May and June in 2010.

22.   What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

   Plaintiff was exposed to both oil and dispersants every day during May and June in 2010 in Lafourche Parish, LA at Port Fourchon.

23.   For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

   Plaintiff was exposed to both oil and dispersasnt approximately 12 hours a day, every day during May and June in 2010.

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: Plaintiff rebuilt living quarters situated on the barges that were docked at Port Fourchon, where he was exposed to oil and dispersants every day. He replaced the mattresses on the bunk beds in these living quarters by first throwing the old ones out of the living quarters and onto the land approximately 2 feet away. On one occasion, a mattress was blown by the wind into the water, which Plaintiff was forced to retrieve. While retrieving the mattress, Plaintiff made direct contact with the oil and dispersants in the water.

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

    Yes_____    No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
    N/A

E. **NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

    A. The nature of your injury: N/A

    B. The date(s) of your injury: N/A

    C. The location(s) of your injury: N/A

    D. The work that you were performing when you sustained your injury: N/A

    E. Identify any individual(s) who witnessed your injury: N/A

28. Describe in as much detail as possible the circumstance(s) of your injury: N/A

**F.     INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: Plaintiff suffered and continues to suffer from difficulty breathing, shortness of breath, rashes, insomnia, irritability, anxiety, rib and back pain, a Pulmonary Embolism, Anemia, and Staphylococcus Aureus, which resulted in Sepsis. He also had questionable polyps removed.

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

    Plaintiff did not present the health conditions described in F 29 prior to his exposure to oil and dispersants. See also response to F 39.

31. On what date did you first report or seek treatment for your injury or illness: November 23, 2010

32. On what date was your injury first diagnosed: November 23, 2010

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
| See Attachment A | |
| | |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| Dr. Craig Wade | Chaberet Medical Center, 1978 Industrial Blvd, Houma, LA 70363 |
| Dr. Terry Delord | Chaberet Medical Center, 1978 Industrial Blvd, Houma, LA 70363 |
| Dr. Esther Hinds | Chaberet Medical Center, 1978 Industrial Blvd, Houma, LA 70363 |
|  |  |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____  No __X__. If "*Yes*,"

    A. When? N/A _____

    B. Who diagnosed the injury (or condition) at that time? N/A _____
    _____
    _____

    C. Who treated the injury (or condition) at that time? N/A _____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes _____  No __X__. If "*Yes*,"

    A. What date did you first experience such injury or condition? N/A _____
    B. What injury (or condition) was made worse? N/A _____
    _____

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Outpatient Medical Services | 3916 LA-1, Raceland LA 70394 |
| Chaberet Medical Center | 1978 Industrial Blvd, Houma, LA 70363 |
| | |
| | |
| | |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

    Yes __X__  No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

    See Attachment B
    _____
    _____

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

    Yes_____  No __X__

    If "Yes":

    A.  From whom did you receive this compensation or reimbursement? N/A
    _____

  B.  When did you receive this compensation or reimbursement? N/A

  C.  What was the amount of the compensation or reimbursement? N/A

**G.**  **CONTRACT CLAIMS**

  *(For plaintiffs claiming breach of contract.)*

41. Is your claim based on a breach of contract?

  Yes _____  No **X**

42. Was the contract that you claim was breached made as part of the VoO Program?

  Yes _____  No **X**

43. Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):
**N/A**

44. Describe how the contract was breached: **N/A**

45. *If you were part of the VoO Program*: Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:
**N/A**

46. *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:
**N/A**

47. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: N/A

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

    N/A

Attachment A

| Name | Address |
|---|---|
| Dr. Esther Hinds | Chaberet Medical Center<br>1978 Industrial Blvd<br>Houma, LA 70363 |
| Dr. Kimberly Dalmau | Chaberet Medical Center<br>1978 Industrial Blvd<br>Houma, LA 70363 |
| Dr. Gerald O'Bryan | Chaberet Medical Center<br>1978 Industrial Blvd<br>Houma, LA 70363 |
| Dr. Craig Wade | Chaberet Medical Center<br>1978 Industrial Blvd<br>Houma, LA 70363 |

Richard Danos

Attachment B

Plaintiff was exposed to oil and dispersants while employed to remodel living quarters of oil spill clean-up responders in Grand Isle, Louisiana, and a resident of Louisiana during the period of the BP oil release and resulting Corexit dispersant contamination in 2010.

Crude oil contains benzene and other volatile organic compounds (VOCs) such as ethylbenzene, toluene, xylene and naphthalene, polycyclic aromatic hydrocarbons (PAHs), diesel fumes and heavy metals such as aluminum, cadmium, nickel, lead and zinc. Dermal exposure to certain VOCs in crude oil is known to cause swelling, redness, irritation and rash and blisters on the skin and mucous membranes. Exposure by inhalation to some VOCs is known to cause ocular soreness, redness, watering and itching, cause respiratory problems such as coughing, throat irritation, shortness of breath and wheezing, and cause nervous system problems such as nausea, vomiting, dizziness, irritability, confusion, and weakness of extremities. Benzene is a known mutagen and carcinogen, and according to the CDC can cause ventricular fibrillation, congestive gastritis, toxic gastritis, pyloric stenosis, myalgia, kidney damage, vascular congestion in the brain, lethal nervous system depression and leukemia.

Corexit® 9500 contains petroleum distillates, propylene glycol, and organic sulfonic acid salt. Corexit® EC9527A contains 2-butoxyethanol (EGBE), organic sulfonic acid salt and propylene glycol. These dispersants are known to cause headaches, nausea, vomiting, diarrhea, abdominal pains, dizziness, chest pains and tightness, irritation of the eyes, nose, throat, and lung, decreased lung function, breathing difficulties, respiratory system damage, rapid breathing, asthma attacks, allergic reactions, skin irritation, damage, and sensitization, hypertension, damage to liver and kidneys, central nervous system depression, neurotoxic effects, damage to red blood cells, genetic damage and mutations, reproductive and developmental damage, immune system damage, cardiac arrhythmia, cardiovascular damage and increased severity of chronic obstructive pulmonary disease.

Mr. Danos worked on a barge by Grand Isle in May and June 2010 (he was 55 years old). His main job duties involved remodeling the living quarters on the barge for people working on clean-up of the oil release. Mr. Danos' exposure to Corexit and oil occurred when he dipped his hands into the waters of the Gulf to retrieve a mattress while having cuts and scratches on his hands. He also was working in the outside environment of the region while Corexit was being sprayed and oil clean-up was being performed. During this time, he worked 10 to 12 hours every day without wearing any protective equipment.

Mr. Danos used soap and water to remove contamination from his body after daily exposure with a time lapse of 14+ hours. His clothing was cleaned through the regular washing causing contaminated material to be brought into the household environment.

After the oil release, Mr. Danos suffered from difficulty breathing and shortness of breath. He was hospitalized in November 2010 for nine days for difficulty breathing due to a pulmonary embolism (blood clot entering the pulmonary blood supply) with sepsis from a bacterial infection (*Staphylococcus aureus*). He developed a rash on his face shortly thereafter.
He also suffered from rib and back pains and was treated with an antibiotic drip. The ribs

and back pain persisted until 2014. A colonoscopy in 2014 removed questionable polyps and in 2016 he was hospitalized for a clotting factor disorder/insufficiency. Mr. Danos recently developed a rash on his feet, legs and belly. He also has iron deficient anemia.

He is currently medicated with Benacar (antihypertensive), Norvasc (calcium channel blocker), Lovastatin (statin), Tamsulosin (urinary retention), Warfarin (anticoagulant), gabapentin (nerve pain and anticonvulsant), Trazodone (antidepressant and sedative), Cyclobenzaprine (muscle relaxant), hydrocodone (analgesic) and uses iron supplements and fish oil.

Symptoms currently experienced by Mr. Danos include shortness of breath and difficulty breathing when he is physically active. He has persistent insomnia, irritability and anxiety. Plaintiff fears that there may be long term, serious health consequences resulting from exposure to these toxic chemicals. Additionally, Mr. Danos' wife, Janice, must care for her husband, completely upending her former quality of life.

Plaintiff's toxic exposure has caused him to incur medical expenses and he will continue to incur medical expenses for his ongoing treatment. Plaintiff estimates approximately $27,693.52 per year in medical expenses based upon the three years following the spill. Given a life expectancy of 76 years, his lifetime medical expenses are reasonably estimated to be $807,088.64 (based on 3.15% inflation rate).

| Years Starting 2010 | Medical Expense |
|---|---|
| 1 | $27,693.52 |
| 2 | $28,565.86 |
| 3 | $29,465.69 |
| 4 | $30,393.85 |
| 5 | $31,351.26 |
| 6 | $32,338.83 |
| 7 | $33,357.50 |
| 8 | $34,408.26 |
| 9 | $35,492.12 |
| 10 | $36,610.12 |
| 11 | $37,763.34 |
| 12 | $38,952.89 |
| 13 | $40,179.90 |
| 14 | $41,445.57 |
| 15 | $42,751.10 |
| 16 | $44,097.76 |
| 17 | $45,486.84 |
| 18 | $46,919.68 |
| 19 | $48,397.65 |
| 20 | $49,922.17 |
| 21 | $51,494.72 |
| Totals | $807,088.64 |

Plaintiff has been unable to work since 2011 as a result of his toxic exposure. Based on Plaintiff's income prior to the oil spill, and a work life expectancy of 70 years, his lifetime lost income is reasonably expected to be $742,624.00.

| Age | Year | Average 2007-2009 (prior spill net profit) |
|---|---|---|
| 55 | 2010 | $46,414.00 |
| 56 | 2011 | $46,414.00 |
| 57 | 2012 | $46,414.00 |
| 58 | 2013 | $46,414.00 |
| 59 | 2014 | $46,414.00 |
| 60 | 2015 | $46,414.00 |
| 61 | 2016 | $46,414.00 |
| 62 | 2017 | $46,414.00 |
| 63 | 2018 | $46,414.00 |
| 64 | 2019 | $46,414.00 |
| 65 | 2020 | $46,414.00 |
| 66 | 2021 | $46,414.00 |
| 67 | 2022 | $46,414.00 |
| 68 | 2023 | $46,414.00 |
| 69 | 2024 | $46,414.00 |
| 70 | 2025 | $46,414.00 |
| **Income loss total:** | | **$742,624.00** |

General damages resulting from Plaintiff's injuries include the extreme loss of enjoyment of life, inconvenience, loss of consortium, and past and future mental and physical pain and suffering. His life, and that of his family, will never be the same again, and he fears he may develop cancer from exposure to the toxic chemicals. Based on the quantum study below, Plaintiff estimates his general damages to be valued at approximately $2,650,000.00.

**Personal Injury**
*Wisner v. Illinois Central Gulf Railroad,* 537 So. 2d 740 (La. App. 1st Cir. 1988). Thirty-five year old state trooper exposed to toxic chemicals experienced burning in eyes, nose and throat, headaches, shortness of breath, coughing, lung disorder, depression triggered by obvious physical injuries, as well as fear of cancer, double vision, loss of peripheral vision, impotence. Plaintiff was awarded $2,794,000.00, including $1,000,000 for physical pain and suffering, $600,000 for mental pain & suffering, $600,000 for emotional distress.

**Loss of Consortium**
*Darvis v. Gencorp Polymer Prods.*, No. 89-cv-0387, 1991 WL 718502 (Ohio Com.Pl. Feb. 28, 1991). Plaintiff was employed as a dockworker for a trucking company. While unloading a truck, plaintiff observed a punctured drum of a chemical known as Gen Glaze Ec-550, which was manufactured by defendant and emits high levels of styrene. After reading the label, plaintiff believed that, at

most, the chemical could cause irritant or flu-like symptoms. Plaintiff proceeded to clean up the spill. Thereafter, plaintiff became very dizzy and nauseous and suffered coughing spasms. Because of his coughing spasms, he suffers from esophageal reflux and was ultimately diagnosed as suffering solvent-induced encephalopathy. Plaintiff alleged that defendant was negligent in shipping a hazardous chemical without providing adequate warnings of the serious and long-term health effects associated with exposure to the chemical. Defendant contended that the label provided adequate warnings. Plaintiff awarded $957,000 and spouse awarded $100,000 for loss of consortium.

**Increased Risk of Cancer**
*Lester v. Exxon Mobil Corp.,* 120 So. 3d 767 (La. Ct. App. 2013)
Plaintiffs were exposed to naturally occurring radioactive material (NORM) while cleaning an oil company's pipe and tubing. Only five Plaintiffs were awarded damages for medical monitoring because each of these Plaintiffs suffered from fecal hemoccult, an elevated creatinine kinase, and/or opacity in the left lung, which all directly relate to NORM exposure. These five Plaintiffs were awarded approximately $34,000 - $46,000. The court awarded six Plaintiffs $50,000.00 each and two Plaintiffs $40,000.00 each in damages for the fear of contracting cancer. The court also awarded five Plaintiffs $150,000 - $350,000 in damages for the increased risk of cancer, while three Plaintiffs were denied these damages. Lastly, Plaintiffs were awarded $60,000 - $669,000 in punitive damages. Total damages ranged from $100,000 to $1,115,000.

Based on the foregoing, the total damages associated with Plaintiff's claim in this matter are as follows:

| | |
|---|---|
| $ 2,200,000.00 | General Damages/ Personal Injury |
| $ 350,000.00 | General Damages/ Increased Risk of Cancer |
| $ 100,000.00 | Loss of Consortium |
| $ 742,624.00 | Lost Income |
| $ 807,088.64 | Medical Expenses |
| $ 4,199,712.60 | **TOTAL DAMAGES** |

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _May 7_, 2018

Location (City and State): _Raceland, La._

_Richard Danos_
Signature of Plaintiff*

*__Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.__*

_Richard Danos_
Print Name

_____
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

**ATTESTATION**

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: *May, 7*, 2018

Location (City and State): *Raceland, La.*

*Janice Danos*
Signature of Plaintiff*

*\*Plaintiff's Attorney __Cannot__ Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

## Janice Danos
Print Name

## Loss of Consortium
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |