EXHIBIT A

> *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
> Civil Action No. 10-MD-2179-CJB-SS
>
> PTO 66 PARTICULARIZED STATEMENT OF CLAIM
> FOR REMAINING B3 PLAINTIFFS

PLAINTIFF'S FULL NAME: Jennifer Martin

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

A. YOUR BACKGROUND INFORMATION

1. Current address:
   Address Line 1: 50 Old Mill Road
   Address Line 2:
   City: Santa Rosa Beach   State: FL   Zip: 32459
2. Telephone number: 850-231-5052
3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: Jennifer Fee; 1966-1989
4. Date and Place of Birth: REDACTED  St Joseph, MO
5. Male_____   Female X

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| 50 Old Mill Road, Santa Rosa Beach, FL 32459 | 2014-Present |
| 119 Shannon Dr., Santa Rosa Beach, FL 32459 | 2001-2014 |
| | |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| self employed | 50 Old Mill Road Santa Rosa Beach, FL 32459 | 2008-present | property management |
| | | | |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No __X__ If *"Yes,"* when were you out of work and why? n/a _____

_____

### B. THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL

9. Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

   Yes_____     No__X__

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

#### 1. Cleanup Workers

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10. Was your cleanup work performed onshore (on land) or offshore (on the water)?

    Onshore_____     Offshore_____     Both_____

11. Were you hired as part of the Vessels of Opportunity ("VoO") Program?

    Yes_____     No_____

12. Did you handle hazardous materials as part of your cleanup work?

    Yes_____     No_____

13. Please set forth the following information about your cleanup work:

    A. Your employer(s): __N/A_____

    B. Your supervisor(s) at the employer(s) identified in Question No. 13(A):
       __N/A_____

    C. A description of the work performed for employer(s) identified in Question No. 13(A): __N/A_____

    D. The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): __N/A_____

E. The names of any vessel(s) or facility(ies) where you performed the work described in Question No. 13(C): N/A

_____

F. Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): N/A

_____

**2. Residents/Tourists**

14. Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____   No  X  

15. Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____   No  X  

16. List all address(es) at which you resided in 2010: 119 Shannon Dr., Santa Rosa Beach, FL  32459

**C. INFORMATION ABOUT YOUR B3 CLAIM**

17. Are you claiming that you suffered damages from (*Check all that apply*):

    _____ Bodily injury from exposure to oil and/or dispersants

    **X** Bodily injury other than from exposure to oil and/or dispersants  (Loss of consortium claim for Plaintiff spouse's, Chris A. Martin, personal injury due to exposure to oil and/or dispersant.)

    _____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.     EXPOSURE CLAIMS**

18.   Were you exposed to oil, dispersants, or both?

Oil_____          Dispersants_____          Both_____

19.   How were you exposed? (*Check all that apply*)

    A.   Inhalation             Yes_____     No_____

    B.   Dermal (skin) contact  Yes_____     No_____

    C.   Ingestion              Yes_____     No_____

    D.   Other (please describe): _____

20.   What was the date(s) of your exposure?

Day: _____     Month: _____     Year: _____

21.   How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

22.   What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

23.   For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

_____

_____

_____

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

_____

_____

_____

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

   Yes_____    No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____

_____

_____

**E.    NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

   A. The nature of your injury: Loss of consortium claim for Plaintiff spouse's, Christopher A. Martin, personal injury due to exposure to oil and/or dispersants.

   B. The date(s) of your injury: May 2010 to present

   C. The location(s) of your injury: 119 Shannon Dr., Santa Rosa Beach, FL  32459

   D. The work that you were performing when you sustained your injury:_____

   Jennifer Martin was self employed in 2010. Plaintiff's spouse, plaintiff Chris A. Martin,

   was a property manager when he sustained his injuries as a result of exposure to oil and dispersants.

   E. Identify any individual(s) who witnessed your injury: Chris A Martin

28. Describe in as much detail as possible the circumstance(s) of your injury: _____

   See Attachment A

_____

_____

**F.     INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____
    See Attachment B

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:
    Plaintiff's damages did not present until after her husband's toxic exposure. See also response to question no. 39.

31. On what date did you first report or seek treatment for your injury or illness:
    Plaintiff Jennifer Martin has not sought treament for loss of consortium claim.

32. On what date was your injury first diagnosed: Plaintiff Jennifer Martin has not been diagnosed.
    Plaintiff's spouse, Chris A. Martin, was diagnosed in approximately July 2011.

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|------|---------|
| None | See plaintiff Chris A. Martin 's Statement of Claim previously submitted on 7/5/2018 for his diagnosis details. |
|  |  |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
| None | See plaintiff Chris A. Martin's Statement of Claim previously submitted on 7/5/2018 for his diagnosis details. |
|      |         |
|      |         |
|      |         |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No  x   . If "*Yes*,"

    A.  When? N/A

    B.  Who diagnosed the injury (or condition) at that time? N/A

    C.  Who treated the injury (or condition) at that time? N/A

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes _____ No  X  . If "*Yes*,"

    A.  What date did you first experience such injury or condition? N/A

    B.  What injury (or condition) was made worse? N/A

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Dr. Lisa Clark | 12815 US-98, Miramar Beach, FL 32550 |
|  |  |
|  |  |
|  |  |
|  |  |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

    Yes _____ No __X__

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

    See Attached Exhibit C. See also Plaintiff Jennifer Martin's spouse's PTO 66 Particularized Statement of Claim which was submitted to defendants on July 5, 2018.

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

    Yes _____ No __X__

    If "Yes":

    A. From whom did you receive this compensation or reimbursement? N/A

    _____

    B.    When did you receive this compensation or reimbursement?_____

        N/A

    C.    What was the amount of the compensation or reimbursement?_____

        N/A

**G.**   **CONTRACT CLAIMS**

*(For plaintiffs claiming breach of contract.)*

41. Is your claim based on a breach of contract?

    Yes_____    No **X**_____

42. Was the contract that you claim was breached made as part of the VoO Program?

    Yes_____    No **X**_____

43. Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

    N/A

44. Describe how the contract was breached:_____

    N/A

45. *If you were part of the VoO Program*: Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

    N/A

46. *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

    N/A

47. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

    N/A

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

    N/A

Attachment A

Plaintiff Jennifer Martin was at all relevant times the spouse of Plaintiff Chris Martin, and, as such, is entitled to the services, society and companionship of her spouse. Plaintiff Jennifer Martin's spouse suffered bodily injuries as a result of toxic exposure to oil and/ or dispersants. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Jennifer Martin was deprived of the comfort and enjoyment of the services and society of her spouse, has suffered and will continue to suffer economic loss, and has otherwise been emotionally and economically injured. Her injuries and damages are permanent and will continue into the future.

Attachment B

Plaintiff Jennifer Martin's spouse suffered from and continues to suffer from jiggling of vision, eye strain, poor vision, phlegm, dizziness, skin rash/irritation, constipation, dizziness, fatigue, loss of concentration, aplastic anemia, low back/abdominal/leg pain, palpitations, itchy/runny nose, headaches, lightheadedness, Paroxysmal Nocturnal Hemoglobinuria, insomnia, irritability, anxiety attacks, and difficulty breathing. As a result of her spouse's injuries, Plaintiff Jennifer Martin has been deprived of the comfort and enjoyment of the services and society of her spouse. Further, she has suffered and will continue to suffer economic loss because her husband is unable to work due to his toxic exposure and has incurred, and will continue to incur exorbitant medical expenses.

Jennifer Martin

Attachment C

Plaintiff Jennifer Martin was at all relevant times the spouse of Plaintiff Chris Martin and, as such, is entitled to the services, society and companionship of her spouse. Chris Martin was exposed to oil and dispersants while a resident of Santa Rosa Beach, Florida, during the period of the BP oil release and resulting Corexit dispersant contamination in 2010.

Chris Martin's exposure occurred (at the age of 44) while he was swimming and fishing in the water (three to four times per week for approximately four hours per day) around the time of the oil release and that it is likely that he inhaled Corexit as well. He continued these activities until approximately September 2010. He was later diagnosed with aplastic anemia. After this diagnosis, he required blood transfusions for five months. He was also diagnosed with paroxysmal nocturnal hemoglobinuria and underwent chelation (medical procedure to remove heavy metals from the blood) by a physician who diagnosed chemical exposure. He has experienced wheezing, shortness of breath and difficulty breathing since his exposure. He continues to suffer from the following symptoms: jiggling of vision, eye strain, poor vision, runny nose, phlegm, dizziness, insomnia, irritability, low back pain, palpitations, abdominal pain (under his rib cage when bending over) and general fatigue still persist as well as anxiety attacks, headaches, lightheadedness, and fatigue, rashes on his legs and forearms and difficulty breathing.

Plaintiff Jennifer Martin must care for her husband after he suffered the aforementioned bodily injuries as a result of toxic exposure to oil and/ or dispersants, completely upending her former quality of life. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Jennifer Martin is deprived of the comfort and enjoyment of the services and society of her spouse, who is unable to perform his spousal duties. Further, she has suffered and will continue to suffer emotional damages and economic loss because her husband was unable to work due to his toxic exposure and has incurred, and will continue to incur exorbitant medical expenses.

Based on the quantum study below, Plaintiff estimates her loss of consortium damages to be valued at approximately $100,000.

*Darvis v. Gencorp Polymer Prods.*, No. 89-cv-0387, 1991 WL 718502 (Ohio Com.Pl. Feb. 28, 1991). Plaintiff was employed as a dockworker for a trucking company. While unloading a truck, plaintiff observed a punctured drum of a chemical known as Gen Glaze Ec-550, which was manufactured by defendant and emits high levels of styrene. After reading the label, plaintiff believed that, at most, the chemical could cause irritant or flu-like symptoms. Plaintiff proceeded to clean up the spill. Thereafter, plaintiff became very dizzy and nauseous and suffered coughing spasms. Because of his coughing spasms, he suffers from esophageal reflux and was ultimately diagnosed as suffering solvent-induced encephalopathy. Plaintiff alleged that defendant was negligent in shipping a hazardous chemical without providing adequate warnings of the serious and long-term health effects associated with exposure to the chemical. Defendant contended that the label provided adequate warnings. Plaintiff awarded $957,000 and spouse awarded $100,000 for loss of consortium.

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: 9/28, 2018

Location (City and State): Santa Rosa Beach, FL

_____
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

Jennifer Martin
Print Name

N/A
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |