EXHIBIT A

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** Jeff R. Vaughan

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A. YOUR BACKGROUND INFORMATION**

1. Current address:
   Address Line 1: 1704 Turkey Oak Dr
   Address Line 2: N/A
   City: Navarre    State: FL    Zip: 32566
2. Telephone number: (850) 525-0282
3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: N/A
4. Date and Place of Birth: REDACTED ; New Orleans, LA
5. Male  X     Female _____

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| 1704 Turkey Oak Dr, Navarre, FL 32566 | Prior to 2008 - Present |
|  |  |
|  |  |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Dave Lewis Installation, LLC | 333 Okaloosa Rd NE, Fort Walton Beach, FL 32548 | February 2006 - November 2015 | Office Manager and Low Voltage Technician |
| None | N/A | November 2018 - Present | N/A |
|  |  |  |  |
|  |  |  |  |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No__X__ If *"Yes,"* when were you out of work and why? N/A _____

_____

B. **THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9. Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

    Yes\_\_\_\_\_    No **X**

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

   1. **Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10. Was your cleanup work performed onshore (on land) or offshore (on the water)?

    Onshore\_\_\_\_\_    Offshore_____    Both\_\_\_\_\_

11. Were you hired as part of the Vessels of Opportunity ("VoO") Program?

    Yes\_\_\_\_\_    No_____

12. Did you handle hazardous materials as part of your cleanup work?

    Yes\_\_\_\_\_    No_____

13. Please set forth the following information about your cleanup work:

    A. Your employer(s): **N/A**

    B. Your supervisor(s) at the employer(s) identified in Question No. 13(A):
       **N/A**

    C. A description of the work performed for employer(s) identified in Question No. 13(A): **N/A**

    D. The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): **N/A**

E. The names of any vessel(s) or facility(ies) where you performed the work described in Question No. 13(C): **N/A**

F. Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): **N/A**

**2. Residents/Tourists**

14. Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes **X**   No _____

15. Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes _____   No **X**

16. List all address(es) at which you resided in 2010: **1704 Turkey Oak Dr, Navarre, FL 32566**

**C. INFORMATION ABOUT YOUR B3 CLAIM**

17. Are you claiming that you suffered damages from (*Check all that apply*):

    **X** Bodily injury from exposure to oil and/or dispersants

    _____ Bodily injury other than from exposure to oil and/or dispersants

    _____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D. EXPOSURE CLAIMS**

18. Were you exposed to oil, dispersants, or both?

    Oil_____    Dispersants_____    Both__X__

19. How were you exposed? (*Check all that apply*)

    A. Inhalation           Yes__X__    No_____

    B. Dermal (skin) contact    Yes_____    No__X__

    C. Ingestion           Yes_____    No__X__

    D. Other (please describe): __N/A_____

20. What was the date(s) of your exposure?

    Day: __Every Day__    Month: __April - June__    Year: __2010__

21. How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

    Plaintiff was consistently exposed to oil and dispersants from April - June 2010.

22. What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

    Plaintiff was consistently exposed to oil and dispersants from April - June 2010.
    He was exposed while working throughout the Florida coastline and the Florida Intercoastal Canal.

23. For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

    Plaintiff was consistently exposed to oil and dispersants all day, every day from April - June 2010.

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: As a low voltage technician, Plaintiff's job required him to work outdoors installing various low voltage devices. His job required him to work along the Florida coastline and the Florida Intercoastal Canal, where he continuously breathed in and was exposed to air that was contaminated with oil and dispersants.

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

    Yes_____    No___X___

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
    N/A

**E.  NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

    A.  The nature of your injury: N/A

    B.  The date(s) of your injury: N/A

    C.  The location(s) of your injury: N/A

    D.  The work that you were performing when you sustained your injury: N/A

    E.  Identify any individual(s) who witnessed your injury: N/A

28. Describe in as much detail as possible the circumstance(s) of your injury: N/A

**F. INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

    See Attachment A
    _____
    _____

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

    Plaintiff did not present the medical conditions described in F 29 prior to his

    exposure to oil and dispersants. See also response to F 39.
    _____
    _____

31. On what date did you first report or seek treatment for your injury or illness:
    June 17, 2010

32. On what date was your injury first diagnosed: February 22, 2011
    _____

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
| See Attachment B | |
| | |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| See Attachment C | |
| | |
| | |
| | |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No __x__. If "*Yes*,"

    A.  When? N/A _____

    B.  Who diagnosed the injury (or condition) at that time? N/A _____
    _____
    _____

    C.  Who treated the injury (or condition) at that time? N/A _____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes _____ No __X__. If "*Yes*,"

    A.  What date did you first experience such injury or condition? N/A _____
    B.  What injury (or condition) was made worse? N/A _____
    _____

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Dr. Bradley Hawkins | Sacred Heart Medical Group at Tiger Point 1395 El Rita Dr Harold, FL 32563 |
| Dr. Brian Perez | Sacred Heart Medical Group at Tiger Point 4033 Gulf Breeze Pkwy, Ste B, Gulf Breeze, FL 32563 |
|  |  |
|  |  |
|  |  |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

    Yes __X__  No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

    See Attachment D
    _____
    _____

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

    Yes_____  No __X__

    If "Yes":

    A. From whom did you receive this compensation or reimbursement? N/A
    _____

    B.    When did you receive this compensation or reimbursement? **N/A**

    C.    What was the amount of the compensation or reimbursement? **N/A**

**G.    CONTRACT CLAIMS**

*(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

Yes_____    No **X**

42.    Was the contract that you claim was breached made as part of the VoO Program?

Yes_____    No_____

43.    Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):
**N/A**

44.    Describe how the contract was breached: **N/A**

45.    *If you were part of the VoO Program*: Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:
**N/A**

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:
**N/A**

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:
**N/A**

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

   N/A

Attachment A

Plaintiff suffered from teary eyes, runny nose, itchy and dry throat, difficulty breathing, thyroid disease, upper and lower respiratory problems, bronchitis, nasal symptoms, wheezing a stint installed in his heart, intolerance to metals, kidney damage, pre-cancerous keratosis, skin sores, and cataracts. Plaintiff continues to experience puffy and teary eyes, general fatigue, weakness of extremities, loss of concentration and memory, anxiety, leg cramps, wheezing with shortness of breath and a mass on his adrenal gland, a non-functioning thyroid, diarrhea, and weakness.

Attachment B

| Name | Address |
|---|---|
| Dr. Rodney Soto | The Younger You Institute<br>249 Mack Bayou Loop<br>Santa Rosa Beach, FL 32457 |
| Dr. Ward Dean | 5536 Stewart St<br>Milton, FL 32570 |
| Nephrology Associates of the Gulf Coast | 8333 N Davis Hwy<br>Pensacola, FL 32514 |
| Dr. Bradley Hawkins | Sacred Heart Medical Group at Tiger Point<br>1395 El Rita Dr<br>Harold, FL 32563 |
| Dr. Frank Lachowsky | 41 Fairpoint Dr, Ste F<br>Gulf Breeze, FL 32561 |
| Dr. Jaalouk Safwan | 1717 North E. Street, Ste 331<br>Pensacola, FL 32501 |

Attachment C

| Name | Address |
|---|---|
| Woodlands Medical Specialists | 4724 North Davis Hwy<br>Pensacola, FL 32503 |
| Dr. Rodney Soto | The Younger You Institute<br>249 Mack Bayou Loop<br>Santa Rosa Beach, FL 32457 |
| Dr. Jaalouk Safwan | 1717 North E. Street, Ste 331<br>Pensacola, FL 32501 |
| Dr. Bradley Hawkins | Sacred Heart Medical Group at Tiger Point<br>1395 El Rita Dr<br>Harold, FL 32563 |
| Nephrology Associates of the Gulf Coast | 8333 N Davis Hwy<br>Pensacola, FL 32514 |
| Dr. Frank Lachowsky | 41 Fairpoint Dr, Ste F<br>Gulf Breeze, FL 32561 |
| Holistic Medical Center of Alabama | 12205 County Line Rd, Ste E<br>Madison, AL 35758 |
| Dr. Michael Robichaux, Sr. | Gulf Coast Detox Project<br>4416 La. Hwy 1<br>Raceland, LA 70394 |
| Gulf Breeze Hospital | P.O. Box 17106<br>Pensacola, FL 32522 |
| Gastoenterology Assoc-Baptist Division | 1717 North E Street, Ste 308<br>Pensacola, FL 32501 |
| Dr. John Gary | 1717 N E Street, Ste 222A<br>Pensacola, FL 32501 |
| Dr. Ward Dean | 5536 Stewart St<br>Milton, FL 32570 |

Jeff Vaughan

Attachment D

Plaintiff was exposed to oil and dispersants while employed as a low voltage technician, installing devices at various locations along the Florida coastline and the Florida Intercoastal Canal, and a resident of Florida during the period of the BP oil release and resulting Corexit dispersant contamination in 2010.

Crude oil contains benzene and other volatile organic compounds (VOCs) such as ethylbenzene, toluene, xylene and naphthalene, polycyclic aromatic hydrocarbons (PAHs), diesel fumes and heavy metals such as aluminum, cadmium, nickel, lead and zinc. Dermal exposure to certain VOCs in crude oil is known to cause swelling, redness, irritation and rash and blisters on the skin and mucous membranes. Exposure by inhalation to some VOCs is known to cause ocular soreness, redness, watering and itching, cause respiratory problems such as coughing, throat irritation, shortness of breath and wheezing, and cause nervous system problems such as nausea, vomiting, dizziness, irritability, confusion, and weakness of extremities. Benzene is a known mutagen and carcinogen, and according to the CDC can cause ventricular fibrillation, congestive gastritis, toxic gastritis, pyloric stenosis, myalgia, kidney damage, vascular congestion in the brain, lethal nervous system depression and leukemia.

Corexit® 9500 contains petroleum distillates, propylene glycol, and organic sulfonic acid salt. Corexit® EC9527A contains 2-butoxyethanol (EGBE), organic sulfonic acid salt and propylene glycol. These dispersants are known to cause headaches, nausea, vomiting, diarrhea, abdominal pains, dizziness, chest pains and tightness, irritation of the eyes, nose, throat, and lung, decreased lung function, breathing difficulties, respiratory system damage, rapid breathing, asthma attacks, allergic reactions, skin irritation, damage, and sensitization, hypertension, damage to liver and kidneys, central nervous system depression, neurotoxic effects, damage to red blood cells, genetic damage and mutations, reproductive and developmental damage, immune system damage, cardiac arrhythmia, cardiovascular damage and increased severity of chronic obstructive pulmonary disease.

At the time of the BP oil release, Mr. Vaughan was 73 years old and lived and worked in close proximity to the Intracoastal Waterway in Florida. Plaintiff often smelled fumes in the air depending on the direction the wind blew, and experienced immediate symptoms such as teary eyes, runny nose, itchy and dry throat and difficulty breathing. On one occasion while working outdoors in Navarre, Florida, in May 2010, he suddenly felt that he couldn't breathe. He had to stop working to catch his breath and had no energy.

In April 2010, Plaintiff began experiencing many symptoms. In just seven months, he was treated by nine different physicians. Mr. Vaughan was diagnosed with thyroid disease in May 2010 and began taking medication at that time. He also suffered from upper and lower respiratory problems, bronchitis and nasal symptoms. In 2010 and 2011, Plaintiff experienced wheezing. His physician, Dr. Hawkins, prescribed inhalers, but none alleviated his symptoms. Plaintiff was referred to a pulmonologist for spirometry in 2010, which led to abnormal test results. An allergist prescribed Spiriva, but he could not tolerate the drug as it caused burning in his lungs when he used it. Plaintiff had a stint installed in his heart in February 2011, but that did not improve his breathing as expected.

Another physician, Dr. Soto, began treating Plaintiff in January 2011. He ate a non-meat diet for two years and lost 68 pounds but has gained some of it back. He underwent 40 chelation treatments over a two year period to remove the heavy metals from his body. He had several metal fillings in his teeth replaced with non-metallic material as heavy metals affected his thyroid, digestive system, and pancreas. He was taking a prescribed 10,000 units of vitamin D per day until a nephrologist diagnosed him with kidney damage. In 2012, Dr. Ward diagnosed Plaintiff with pre-cancerous keratosis. These sores came and went on his body for six months. In 2015, Mr. Vaughan was diagnosed with cataracts.

Mr. Vaughan continues to experience puffy and teary eyes, general fatigue, weakness of extremities, loss of concentration and memory, anxiety and leg cramps. He currently experiences wheezing with shortness of breath and has a mass on his adrenal gland that his doctor is monitoring. He continues taking medication for his non-functioning thyroid. He has frequent diarrhea and weakness which has affected his ability to do volunteer work. Plaintiff fears that there may be long term, serious health consequences resulting from exposure to these toxic chemicals. Additionally, Mr. Vaughan's wife, Rochelle, must care for her husband, completely upending her former quality of life.

Plaintiff's toxic exposure has caused him to incur medical expenses and he will continue to incur medical expenses for his ongoing treatment. Plaintiff estimates approximately $68,257.33 per year in medical expenses based upon the three years following the spill. Given a life expectancy of 76 years, his lifetime medical expenses are reasonably estimated to be $286,202.98 (based on 3.15% inflation rate).

| Years Starting 2010 | Medical Expense |
|---|---|
| 1 | $68,257.33 |
| 2 | $70,407.43 |
| 3 | $72,625.26 |
| 4 | $74,912.96 |
| **Total** | **$286,202.98** |

General damages resulting from Plaintiff's injuries include the extreme loss of enjoyment of life, inconvenience, loss of consortium, and past and future mental and physical pain and suffering. His life, and that of his family, will never be the same again, and he fears he may develop cancer from exposure to the toxic chemicals. Based on the quantum study below, Plaintiff estimates his general damages to be valued at approximately $2,650,000.

**Personal Injury**
*Wisner v. Illinois Central Gulf Railroad,* 537 So. 2d 740 (La. App. 1st Cir. 1988). Thirty-five year old state trooper exposed to toxic chemicals experienced burning in eyes, nose and throat, headaches, shortness of breath, coughing, lung disorder, depression triggered by obvious physical injuries, as well as fear of cancer, double vision, loss of peripheral vision, impotence. Plaintiff was awarded $2,794,000.00,

Jeff Vaughan

including $1,000,000 for physical pain and suffering, $600,000 for mental pain & suffering, $600,000 for emotional distress.

**Loss of Consortium**
*Darvis v. Gencorp Polymer Prods.*, No. 89-cv-0387, 1991 WL 718502 (Ohio Com.Pl. Feb. 28, 1991). Plaintiff was employed as a dockworker for a trucking company. While unloading a truck, plaintiff observed a punctured drum of a chemical known as Gen Glaze Ec-550, which was manufactured by defendant and emits high levels of styrene. After reading the label, plaintiff believed that, at most, the chemical could cause irritant or flu-like symptoms. Plaintiff proceeded to clean up the spill. Thereafter, plaintiff became very dizzy and nauseous and suffered coughing spasms. Because of his coughing spasms, he suffers from esophageal reflux and was ultimately diagnosed as suffering solvent-induced encephalopathy. Plaintiff alleged that defendant was negligent in shipping a hazardous chemical without providing adequate warnings of the serious and long-term health effects associated with exposure to the chemical. Defendant contended that the label provided adequate warnings. Plaintiff awarded $957,000 and spouse awarded $100,000 for loss of consortium.

**Increased Risk of Cancer**
*Lester v. Exxon Mobil Corp.,* 120 So. 3d 767 (La. Ct. App. 2013)
Plaintiffs were exposed to naturally occurring radioactive material (NORM) while cleaning an oil company's pipe and tubing. Only five Plaintiffs were awarded damages for medical monitoring because each of these Plaintiffs suffered from fecal hemoccult, an elevated creatinine kinase, and/or opacity in the left lung, which all directly relate to NORM exposure. These five Plaintiffs were awarded approximately $34,000 - $46,000. The court awarded six Plaintiffs $50,000.00 each and two Plaintiffs $40,000.00 each in damages for the fear of contracting cancer. The court also awarded five Plaintiffs $150,000 - $350,000 in damages for the increased risk of cancer, while three Plaintiffs were denied these damages. Lastly, Plaintiffs were awarded $60,000 - $669,000 in punitive damages. Total damages ranged from $100,000 to $1,115,000.

Based on the foregoing, the total damages associated with Plaintiff's claim in this matter are as follows:

| | |
|---|---|
| $ 2,200,000.00 | General Damages/ Personal Injury |
| $    350,000.00 | General Damages/ Increased Risk of Cancer |
| $    100,000.00 | Loss of Consortium |
| $    286,202.98 | Medical Expenses |
| **$ 2,936,202.90** | **TOTAL DAMAGES** |

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: __April 30__, 2018

Location (City and State): _Navarre, FL_

_Jeff R. Vaughan_
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

_Jeff R. Vaughan_
Print Name

_____
Title/Position (*if signed on behalf of a business or other entity*)

By no later than **Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan<br>Kirkland & Ellis LLP<br>300 North LaSalle St., Suite 2400<br>Chicago, IL 60654 | c/o: Steve Herman<br>820 O'Keefe Ave.<br>New Orleans, LA 70113 |

**ATTESTATION**

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: __April 30_____, 2018

Location (City and State): __Navarre, FL__

_____
Signature of Plaintiff*

*Plaintiff's Attorney __Cannot__ Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

**Rochelle Vaughan**
Print Name

**Loss Consortium**
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |