# EXHIBIT A



*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** Mary Taylor

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:** Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

### A.  YOUR BACKGROUND INFORMATION

1. Current address:
   Address Line 1: 200 Richardson Road
   Address Line 2:
   City: Fortson   State: Georgia   Zip: 31808

2. Telephone number: 850-240-2724

3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: Mary Smith; Married in 1972

4. Date and Place of Birth: Thomasville, GA [redacted]

5. Male____   Female  X

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| 932 Lake Drive, Niceville, FL | June 2000-December 2016 |
| | |
| | |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Owner/Manager All Aboard Megabite | 932 Lake Drive, Niceville, FL | 2008-2011 | Owner/Manager |
| Unemployed | | 2011-Present | |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes ____ No _X_ If *"Yes,"* when were you out of work and why? __N/A__

B.   **THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.   Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

   Yes_____    No  X  

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

   1.   **Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.   Was your cleanup work performed onshore (on land) or offshore (on the water)?   N/A

   Onshore_____    Offshore_____    Both_____

11.   Were you hired as part of the Vessels of Opportunity ("VoO") Program?   N/A

   Yes_____    No_____

12.   Did you handle hazardous materials as part of your cleanup work?   N/A

   Yes_____    No_____

13.   Please set forth the following information about your cleanup work:

   A.   Your employer(s):   N/A

   B.   Your supervisor(s) at the employer(s) identified in Question No. 13(A):
       N/A

   C.   A description of the work performed for employer(s) identified in Question No. 13(A):   N/A

   D.   The date(s), time(s), and location(s) you performed the work described in Question No. 13(C):   N/A

E. The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): N/A

F. Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): N/A

**2.  Residents/Tourists**

14. Do you allege that you were exposed to oil or chemical dispersants while a ***resident*** of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____   No  X

15. Do you allege that you were exposed to oil or chemical dispersants while a ***tourist*** in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____   No  X

16. List all address(es) at which you resided in 2010:  932 Lake Drive, Niceville, FL

**C.  INFORMATION ABOUT YOUR B3 CLAIM**

17. Are you claiming that you suffered damages from (*Check all that apply*):

    _____ Bodily injury from exposure to oil and/or dispersants

    __X__ Bodily injury other than from exposure to oil and/or dispersants (Loss of consortium claim for Plaintiff's spouse's, Robert Taylor, personal injury due to exposure to oil and/or dispersant)

    _____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.   EXPOSURE CLAIMS**

18. Were you exposed to oil, dispersants, or both?   N/A

    Oil_____   Dispersants_____   Both_____

19. How were you exposed? (*Check all that apply*)   N/A

    A.  Inhalation                Yes_____   No_____

    B.  Dermal (skin) contact     Yes_____   No_____

    C.  Ingestion                 Yes_____   No_____

    D.  Other (please describe): _____

20. What was the date(s) of your exposure?   N/A

    Day: _____   Month: _____   Year: _____

21. How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

    N/A

22. What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

    N/A

23. For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

    N/A

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____
N/A

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

   Yes_____   No_____   N/A

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
   N/A

### E. NON-EXPOSURE PERSONAL INJURY CLAIMS

27. For your non-exposure personal injury, please state:

   A. The nature of your injury: Loss of consortium claim for spouse's, Plaintiff Robert Taylor, personal injury due to exposure to oil an/or dispersant

   B. The date(s) of your injury: Aprroximately December 2010

   C. The location(s) of your injury: 932 Lake Drive, Niceville, FL

   D. The work that you were performing when you sustained your injury: Mary Taylor was the manager/owner of All Aboard Megabite. Plaintiff's spouse, Robert Taylor, was a clean-up worker exploed by VoO, when he was exposed to oil and dispersants, and sustained injuries

   E. Identify any individual(s) who witnessed your injury: Robert Taylor

28. Describe in as much detail as possible the circumstance(s) of your injury: _____
   Please see Attachment A

F. **INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

    Please see Attachment B

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

    Plaintiff's damages did not present unt8il after her husband's toxic exposure. See also response to question no. 39

31. On what date did you first report or seek treatment for your injury or illness:
    Plaintiff, Mary Taylor has not sought treatment for loss of consortium injuries

32. On what date was your injury first diagnosed:  Plaintiff's spouse, Robert Taylor, was diagnosed in

    December 2010

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|------|---------|
| None | See Plaintiff Robert Taylor's Statement of Claim previously submitted on 7/5/18 |
|      |         |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| None | See Plaintiff Robert Taylor's Statement of Claim previously submitted on 7/5/18 |
|  |  |
|  |  |
|  |  |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No __X__. If "*Yes*,"

   A. When? __N/A_____

   B. Who diagnosed the injury (or condition) at that time? _____
      __N/A_____

   C. Who treated the injury (or condition) at that time? __N/A_____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

   Yes _____ No __X__. If "*Yes*,"

   A. What date did you first experience such injury or condition? __N/A__
   B. What injury (or condition) was made worse? __N/A_____

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Dr. John Jenkins | Horizon Diagnostics, Columbus, GA |
| Dr. Charles McFatter | Crestview, FL |
| Dr. Yvette Novake | Destin, FL |
|  |  |
|  |  |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

    Yes _____  No  X

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: Please see Exhibit C. Also, please see Plaintiff, Mary Taylor's spopuse's PTO 66 Particularized Statement of Claim which was submitted/filed on July 5, 2018

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

    Yes _____  No  X

    If "Yes":

    A.  From whom did you receive this compensation or reimbursement?  N/A

  B. When did you receive this compensation or reimbursement? _____

    N/A

  C. What was the amount of the compensation or reimbursement? _____

    N/A

**G. CONTRACT CLAIMS**

 *(For plaintiffs claiming breach of contract.)*

41. Is your claim based on a breach of contract?

  Yes _____ No __X__

42. Was the contract that you claim was breached made as part of the VoO Program?

  Yes _____ No __X__

43. Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

  N/A

44. Describe how the contract was breached: __N/A__

45. *If you were part of the VoO Program:* Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

  N/A

46. *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

  N/A

47. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: __N/A__

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

   N/A

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _Sept 26_, 2018

Location (City and State): _Folsom, La. 70408_

_[signature]_
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

_Mary S. Taylor_
Print Name

Title/Position (*if signed on behalf of a business or other entity*)

By no later than **Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

Attachment A

Plaintiff Mary Taylor was at all relevant times the spouse of Plaintiff Robert Taylor, and, as such is entitled to the services, society and companionship of her spouse. Plaintiff Mary Taylor's spouse suffered bodily injuries as a result of toxic exposure to oil and/ or dispersants. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Mary Taylor was deprived of the comfort and enjoyment of the services and society of her spouse, has suffered and will continue to suffer economic loss, and has otherwise been emotionally and economically injured. Her injuries and damages are permanent and will continue into the future.

Attachment B

Plaintiff Mary Taylor's spouse suffered and continues to suffer from difficulty breathing/shortness of breath, which now requires the use of a prescription steroid spray. Mr. Taylor has also been treated for heavy metals with chelation, He has been experiencing atrophy of his legs muscles and was diagnosed with fibromyalgia. His joints and muscles are in constant pain and he is seeking pain management care. He is also suffering from recurring sinusitis, post nasal drip, short windedness, inability to concentrate, daily general fatigue, insomnia, numbness and tingling in his extremities, anxiety, and skin issues. He also suffers from persistent stomach pains and occasionally coughs up blood. As a result of her spouse's illness(es), Plaintiff Mary Taylor has been deprived of the comfort and enjoyment of the services and society of her spouse. Further, she has suffered and will continue to suffer economic loss because her husband is unable to work due to his toxic exposure and has incurred, and will continue to incur, exorbitant medical expenses.

Attachment C

Plaintiff Mary Taylor was at all relevant times the spouse of Plaintiff Robert Taylor, and, as such, is entitled to the services, society and companionship of her spouse. Robert Taylor was exposed to oil and dispersants while employed as a clean-up worker during the period of the BP oil release and resulting Corexit dispersant contamination in 2010.

In July 2010, shortly following the BP oil spill, Mr. Taylor (who was 65 years old at the time) operated a vessel that transported scientists as they attempted to locate, observe and sample oil that had been released as a result of the Deepwater Horizon oil spill. During his time transporting the scientists, Mr. Taylor was based out of Destin, FL.

Mr. Taylor worked as a clean-up worker for approximately 21 days, from July 2010 until approximately August 2010, working for six (6) to eight (8) hours a day. During his time out in the Gulf, Mr. Taylor was not provided nor did he wear any personal protective equipment. During his time providing clean-up services, Mr. Taylor came into direct physical contact with oil, oil contaminated water, as well as Corexit dispersant. On multiple occasions, Mr. Taylor would find oil adhered to his hands and face, near his eyes. He could not escape the fumes that emanated from the oil, and inhaled the fumes, as well as Corexit. He would also get oil and Corexit contaminated water splashed into his eyes and mouth as he operated his boat.

Each time that Mr. Taylor went out to transport the Scientists to different areas in the Gulf, one of the tasks the scientists were responsible for was monitoring the air. They had air monitors, which would have an alarm set off anytime it sensed toxic fumes. This alarm would go off on multiple occasions, but Mr. Taylor was told not to worry and that the alarms were being set off due to calibration errors. Prior to the start of his job transporting scientists around the Gulf, Mr. Taylor attempted to fish the Gulf during the month of May and during his time fishing he was exposed to oil, which would splash on to his boat and body while he was driving the boat.

Since the BP oil spill, Mr. Taylor's symptoms include difficulty breathing/shortness of breath, which now require the use of a prescription steroid spray. Mr. Taylor has also been treated for heavy metals with chelation, He has been experiencing atrophy of his legs muscles and was diagnosed with fibromyalgia. His joints and muscles are in constant pain and he is seeking pain management care. He is also suffering from recurring sinusitis, post nasal drip, short windedness, inability to concentrate, daily general fatigue, insomnia, numbness and tingling in his extremities, anxiety, and skin issues. He also suffers from persistent stomach pains and occasionally coughs up blood.

Plaintiff Mary Taylor must care for her husband after he suffered the aforementioned bodily injuries as a result of toxic exposure to oil and/ or dispersants, completely upending her former quality of life. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Mary Taylor is deprived of the comfort and enjoyment of the services and society of her spouse, who is unable to perform his spousal duties. Further, she has suffered and will continue to suffer economic loss because her husband is unable to work due to his toxic exposure and has incurred, and will continue to incur exorbitant medical expenses.

Based on the quantum study below, Plaintiff estimates her loss of consortium damages to be valued at approximately $100,000.

*Darvis v. Gencorp Polymer Prods.*, No. 89-cv-0387, 1991 WL 718502 (Ohio Com.Pl. Feb. 28, 1991). Plaintiff was employed as a dockworker for a trucking company. While unloading a truck, plaintiff observed a punctured drum of a chemical known as Gen Glaze Ec-550, which was manufactured by defendant and emits high levels of styrene. After reading the label, plaintiff believed that, at most, the chemical could cause irritant or flu-like symptoms. Plaintiff proceeded to clean up the spill. Thereafter, plaintiff became very dizzy and nauseous and suffered coughing spasms. Because of his coughing spasms, he suffers from esophageal reflux and was ultimately diagnosed as suffering solvent-induced encephalopathy. Plaintiff alleged that defendant was negligent in shipping a hazardous chemical without providing adequate warnings of the serious and long-term health effects associated with exposure to the chemical. Defendant contended that the label provided adequate warnings. Plaintiff awarded $957,000 and spouse awarded $100,000 for loss of consortium.