EXHIBIT A



***In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010***
**Civil Action No. 10-MD-2179-CJB-SS**

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** Margaret Norwood

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:** Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

### A. YOUR BACKGROUND INFORMATION

1. Current address:
   Address Line 1: 286 Carson Oaks Lane
   Address Line 2: 
   City: Santa Rosa Beach   State: FL   Zip: 32549

2. Telephone number: 850-217-3904

3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: Margaret Jean Meadows (1981-2004)

4. Date and Place of Birth: XXXXXX XX, XXXX, Richmond, TX

5. Male ___   Female X

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| 286 Carson Oaks Lane, Santa Rosa Beach, FL 32549 | April 2018-Present |
| 42003 Indian Bayou Trail, Unit 2501, Destin, FL 32541 | JAnuary 2018-April 2018 |
| 131 Rivercrest Circle, Santa Rosa Beach, FL 32549 | January 2010-January 2018 |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Sacred Heart Hospital on Emerald Coast | 7800 US-98, Miramar Beach, FL | 2008-2017 | |
| Recreation Investments of Tennessee | Fort Walton Beach, FL | 2017 to Present | |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes ____ No  X  If "Yes," when were you out of work and why?  N/A

## B. THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL

9. Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

   Yes _____    No __X__

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

### 1. Cleanup Workers

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10. Was your cleanup work performed onshore (on land) or offshore (on the water)?  N/A

    Onshore _____    Offshore _____    Both _____

11. Were you hired as part of the Vessels of Opportunity ("VoO") Program?  N/A

    Yes _____    No _____

12. Did you handle hazardous materials as part of your cleanup work?  N/A

    Yes _____    No _____

13. Please set forth the following information about your cleanup work:

    A. Your employer(s): __N/A__

    B. Your supervisor(s) at the employer(s) identified in Question No. 13(A):
       __N/A__

    C. A description of the work performed for employer(s) identified in Question No. 13(A): __N/A__

    D. The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): __N/A__

E.  The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): N/A

F.  Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): N/A

**2. Residents/Tourists**

14. Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____   No__X__

15. Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____   No__X__

16. List all address(es) at which you resided in 2010: 131 Rivercrest Circle, Santa Rosa Beach FL 32549

**C.  INFORMATION ABOUT YOUR B3 CLAIM**

17. Are you claiming that you suffered damages from (*Check all that apply*):

    _____Bodily injury from exposure to oil and/or dispersants

    __X__Bodily injury other than from exposure to oil and/or dispersants    Loss of Consortium claim for Plaintiff's spouse's, Austin Norwood, personal injury due to exposure to oil and/or dispersant

    _____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.   EXPOSURE CLAIMS**

18. Were you exposed to oil, dispersants, or both?   N/A

    Oil_____          Dispersants_____          Both_____

19. How were you exposed? (*Check all that apply*)   N/A

    A.   Inhalation              Yes_____     No_____

    B.   Dermal (skin) contact   Yes_____     No_____

    C.   Ingestion               Yes_____     No_____

    D.   Other (please describe): _____

20. What was the date(s) of your exposure?   N/A

    Day: _____   Month: _____   Year: _____

21. How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

    N/A

22. What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

    N/A

23. For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

    N/A

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____
   N/A

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?   N/A
   Yes_____   No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
   N/A

## E. NON-EXPOSURE PERSONAL INJURY CLAIMS

27. For your non-exposure personal injury, please state:

   A. The nature of your injury: Loss of consortium claim for spouse's, Plaintiff Austin Norwood, personal injury due to exposure to oil and/or dispersants

   B. The date(s) of your injury: July 30, 2010 to present

   C. The location(s) of your injury: 131 Rivercrest Circle, Santa Rosa Beach, FL 32549

   D. The work that you were performing when you sustained your injury: Plaintiff's spouse, Plaintiff Austin Norwood, was employed by VoO and would seek out, find, and clean-up oil and rescue oiled animals

   E. Identify any individual(s) who witnessed your injury: Austin Norwood

28. Describe in as much detail as possible the circumstance(s) of your injury: _____
   Please see Attachment A

## F. INFORMATION ABOUT YOUR INJURY OR ILLNESS

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

    Please see Attachment B

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

    Plaintiff's damages did not present until after her husband's toxic exposure. Also see response to question no. 39

31. On what date did you first report or seek treatment for your injury or illness:
    Plaintiff Margaret Norwood has not sought treatment for loss of consortium claims

32. On what date was your injury first diagnosed: Plaintiff, Margaret Norwood, has not been diagnosed.

    Plaintiff's spouse, Austin Norwood was diagnosed on July 30, 2010

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
| None | See Plaintiff, Austin Norwood's Statement of Claim previously submitted on 7/5/2018 |
|  |  |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| None | See Plaintiff Austin Norwood's Statement of CLaim previously submitted on 7/5/2018 |
|  |  |
|  |  |
|  |  |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No __X__. If "*Yes*,"

    A. When? __N/A_____

    B. Who diagnosed the injury (or condition) at that time? __N/A_____
    _____
    _____

    C. Who treated the injury (or condition) at that time? __N/A_____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes _____ No _X__. If "*Yes*,"

    A. What date did you first experience such injury or condition? __N/A_____
    B. What injury (or condition) was made worse? __N/A_____
    _____

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Dr. Matthew Kinzelman | Sacred Heart Medical Group |
| Dr. Kimberly Hood | Sacred Heart Medical Group (OB/GYN) |
|  |  |
|  |  |
|  |  |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

   Yes _____   No _X_

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: _Please See Attachment C. Also see Plaintiff Margaret Norwood's spouse's PTO 66 Particularized Statement of Claim which was submitted/filed on 7/5/2018._

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

   Yes _____   No _X_

   If "Yes":

   A. From whom did you receive this compensation or reimbursement? _N/A_

  B. When did you receive this compensation or reimbursement? __N/A__

  C. What was the amount of the compensation or reimbursement? __N/A__

**G.** **CONTRACT CLAIMS**

 *(For plaintiffs claiming breach of contract.)*

41. Is your claim based on a breach of contract?

  Yes _____  No _x___

42. Was the contract that you claim was breached made as part of the VoO Program?

  Yes _____  No _x___

43. Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

  __N/A__

44. Describe how the contract was breached: __N/A__

45. *If you were part of the VoO Program:* Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

  N/A

46. *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

  N/A

47. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: __N/A__

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

    N/A

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: 9/27/18 , 2018

Location (City and State): Santa Rosa Beach, FL

_____
Signature of Plaintiff*

*Plaintiff's Attorney *Cannot* Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

Margaret Norwood
Print Name

_____
Title/Position (*if signed on behalf of a business or other entity*)

By no later than **Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

Attachment A

Plaintiff Margaret Norwood was at all relevant times the spouse of Plaintiff Austin Norwood, and, as such is entitled to the services, society and companionship of her spouse. Plaintiff Margaret Norwood's spouse suffered bodily injuries as a result of toxic exposure to oil and/ or dispersants. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Margaret Norwood was deprived of the comfort and enjoyment of the services and society of her spouse, has suffered and will continue to suffer economic loss, and has otherwise been emotionally and economically injured. Her injuries and damages are permanent and will continue into the future.

Attachment B

Plaintiff Margaret Norwood's spouse suffered and continues to suffer from difficulty breathing, recurring cough and bronchitis, blurred vision, sinus issues, nausea and vomiting, severe digestive issues, blood in his stool, numbness and tingling in extremities, fatigue, insomnia, anxiety, skin issues, such as blistering and itchy skin. As a result of her spouse's illness(es), Plaintiff Margaret Norwood has been deprived of the comfort and enjoyment of the services and society of her spouse. Further, she has suffered and will continue to suffer economic loss because her husband is unable to work due to his toxic exposure and has incurred, and will continue to incur, exorbitant medical expenses.

Attachment C

Plaintiff Margaret Norwood was at all relevant times the spouse of Plaintiff Austin Norwood, and, as such, is entitled to the services, society and companionship of her spouse. Austin Norwood was exposed to oil and dispersants while employed as a clean-up worker and resident of Santa Rosa Beach, Florida during the period of the BP oil release and resulting Corexit dispersant contamination in 2010.

In May 2010, shortly following the BP oil spill, Mr. Norwood (who was 29 years old at the time) participated in the VoO program, which sought to clean-up oil that resulted from the Deepwater Horizon oil spill. During his time as an oil clean-up worker, Mr. Norwood was based out of Destin, FL, primarily removing and bagging oil soaked booms, locating oil slicks/patches, locating oiled wildlife, and any other additional tasks that were asked of him.

Mr. Norwood provided clean-up services for approximately 95 days, from May 2010 until approximately August 2010, working for eight (8) to ten (10) hours a day. When Mr. Norwood first began his job as a clean-up worker, he was not provided nor did he wear any personal protective equipment, which lasted for approximately a week. After this, Mr. Norwood was provided with a Tyvek suit and gloves, which he always wore when handling the booms. However, he would not wear the suit and gloves when driving the boat. During his time providing clean-up services, Mr. Norwood came into direct physical contact with oil, oil contaminated water, as well as Corexit dispersant. On multiple occasions, Mr. Norwood would find oil adhered to his hands and face, near his eyes. He could not escape the fumes that emanated from the oil, and inhaled the fumes, as well as Corexit. He would also get oil and Corexit contaminated water splashed into his eyes and mouth as he operated his boat.

During July 2010, Mr. Norwood was sent on a multiple occasions to locate oil patches, locate and rescue oiled animals, remove oil and tar balls from the water, and to skim oil and dispersants from the water. On July 30th, Mr. Norwood again came into direct contact Corexit while out in the Gulf working to locate oil and rescue wildlife. On this occasion, he could see several large planes flying very low over the Gulf releasing what he understood to have been Corexit. During this time, he began to smell and taste something weird and metallic. Shortly after coming into contact with the Corexit, Mr. Norwood began to feel nauseous and experience severe head-aches, in addition to experiencing an extreme burning sensation in his eyes and throat, which was causing his vision to blur. Mr. Norwood reported his

symptoms to his supervisor and he was immediately taken to the hospital, where he was treated for exposure to Corexit.

Since the BP oil spill, Mr. Norwood's symptoms include difficulty breathing, recurring cough and bronchitis, blurred vision, sinus issues, nausea and vomiting, severe digestive issues, blood in his stool, numbness and tingling in extremities, fatigue, insomnia, anxiety, skin issues, such as blistering and itchy skin.

Plaintiff Margaret Norwood must care for her husband after he suffered the aforementioned bodily injuries as a result of toxic exposure to oil and/ or dispersants, completely upending her former quality of life. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Margaret Norwood is deprived of the comfort and enjoyment of the services and society of her spouse, who is unable to perform his spousal duties. Further, she has suffered and will continue to suffer economic loss because her husband is unable to work due to his toxic exposure and has incurred, and will continue to incur exorbitant medical expenses.

Based on the quantum study below, Plaintiff estimates her loss of consortium damages to be valued at approximately $100,000. *Darvis v. Gencorp Polymer Prods.*, No. 89-cv-0387, 1991 WL 718502 (Ohio Com.Pl. Feb. 28, 1991). Plaintiff was employed as a dockworker for a trucking company. While unloading a truck, plaintiff observed a punctured drum of a chemical known as Gen Glaze Ec-550, which was manufactured by defendant and emits high levels of styrene. After reading the label, plaintiff believed that, at most, the chemical could cause irritant or flu-like symptoms. Plaintiff proceeded to clean up the spill. Thereafter, plaintiff became very dizzy and nauseous and suffered coughing spasms. Because of his coughing spasms, he suffers from esophageal reflux and was ultimately diagnosed as suffering solvent-induced encephalopathy. Plaintiff alleged that defendant was negligent in shipping a hazardous chemical without providing adequate warnings of the serious and long-term health effects associated with exposure to the chemical. Defendant contended that the label provided adequate warnings. Plaintiff awarded $957,000 and spouse awarded $100,000 for loss of consortium.