UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION J |
| This document relates to: | JUDGE BARBIER |
| | MAGISTRATE WILKINSON |
| *Jeffery Connerly v. BP Exploration & Prod., Inc., et al* Case No. 2:17-cv-03170 | |
| *Glyn Evans v. BP Exploration & Prod., Inc., et al* Case No. 2:17-cv-03167 | |
| *Charles Bradley v. BP Exploration & Prod., Inc., et al* Case No. 2:17-cv-03164 | |
| *Patrick Cage v. BP Exploration & Prod., Inc., et al* Case No. 2:17-cv-03174 | |
| *Ronald Hicks v. BP Exploration & Prod., Inc., et al* Case No. 2:17-cv-03176 | |
| *Anthony Kizzee v. BP Exploration & Prod., Inc., et al* Case No. 2:17-cv-03158 | |
| *Alvin Thompson v. BP Exploration & Prod., Inc., et al* Case No. 2:17-cv-03156 | |

**RESPONSE TO RULE TO SHOW CAUSE ORDER FOR PTO 66**

NOW INTO COURT COME PLAINTIFFS, JEFFERY CONNERLY, GLYN EVANS, CHARLES BRADLEY, PATRICK CAGE, RONALD HICKS, ANTHONY KIZZEE, and ALVIN THOMPSON, who in response to this Court's September 20, 2018 "Order to Show Cause Re: Compliance with PTO 66" (Rec. Doc. 24875) submit that their claims should not be dismissed for failing to comply with the requirements of PTO 66 and that they should be deemed compliant with PTO 66 for reasons more fully explained herein.

Charles Bradley, Patrick Cage, Ronald Hicks, Anthony Kizzee, and Alvin Thompson

originally responded to PTO 66 on or about July 6, 2018, but were listed on Exhibit 4 of Rec. Doc. 24875 for having materially deficient PTO 66 submissions. Their original submissions are attached here as Exhibits 1 through 5. Those submissions have now been revised and are attached here as Exhibits 6 through 10. Exhibit 11 is the cover letter transmitting the revised PTO 66 submissions to Counsel for BP, Mr. J. Andrew Langan and Counsel for Plaintiffs' Steering Committee, Mr. Steve Herman.

Jeffery Connerly and Glyn Evans originally responded to PTO 66 on or about September 18, 2018, but were listed on Exhibit 1 of Rec. Doc. 24875 for having not submitted any PTO 66 submissions. These plaintiffs thought that the PTO 66 submission was not required of them since they are class settlement opt outs (as evidenced by Exhibits 17 and 19 which contain their opt out documentation). Upon realizing that a PTO 66 submission was required in mid-September, submissions were sent. Those original submissions are attached here as Exhibits 12 and 13. Out of an abundance of caution, those submissions have now been revised and are attached here as Exhibits 14 and 15. Exhibit 11 is the cover letter transmitting the revised PTO 66 submissions to Counsel for BP, Mr. J. Andrew Langan and Counsel for Plaintiffs' Steering Committee, Mr. Steve Herman.

All of the aforementioned plaintiffs desire to have their cases move forward, be adjudicated on the merits, and respectfully submit that in light of the revised PTO 66 submissions attached herein, they should be deemed compliant with PTO 66 and should not have their claims dismissed for failing to comply with the requirements of PTO 66.

**BACKGROUND**

On April 9, 2018, the Court issued PTO 66 (Rec. Doc. 24282) which required all remaining B3 bundle cases in the litigation to file a Particularized Statement

of Claim (Exhibt A to PTO 66) by July 9, 2018. On September 20, 2018 the Court issued an order to show cause for remaining B3 Plaintiffs who failed to comply with PTO 66. Undersigned counsel never received the April 9, 2018 email notifying plaintiffs about PTO 66 (Rec. Doc. 24282). During the month of July 2018, undersigned counsel, made inquiries with File & ServeXpress about how email notifications were being made in this matter and since then has put in place a working protocol to verify that undersigned counsel is receiving all notifications of filings in this matter. Unfortunately, prior to July 2018, for reasons beyond undersigned counsel's control, not all email notifications were being received including the April 9, 2018 email regarding PTO 66.

**ARGUMENT**

Plaintiffs Charles Bradley, Patrick Cage, Ronald Hicks, Anthony Kizzee, and Alvin Thompson filed their original PTO 66 submission timely and all appear on Exhibit 4 of Rec. Doc. 24875 for having materially deficient PTO 66 submissions. Subsequent to this Court's September 20, 2018 show cause order (Rec. Doc. 24875), all of these plaintiffs have submitted revised PTO 66 submissions addressing the specific deficiencies noted by counsel for BP to these plaintiffs' counsel. The revised submissions are attached here as exhibits 6 through 10 and the cover letter transmitting them to counsel for BP is attached here as Exhibit 11.

Plaintiffs Glyn Evans and Jeffery Connerly had previously provided the information sought in the PTO 66 questionnaire to opposing counsel when they filed their individual Petitions and subsequent filings (*see* Exhibits 16 through 19 addressed later in this memo). Plaintiffs have demonstrated a good faith effort to comply with PTO 66. This Court has considerable discretion in deciding whether plaintiffs Glyn Evan and Jeffery Connerly should be deemed compliant and absent any prejudice to defendants, this Court

should find them to be compliant. Plaintiffs Glyn Evans and Jeffery Connerly submit that no interested parties' rights have been substantively impinged. In essence, the Court issued through PTO 66 a limited discovery request to help clarify their claims. To dismiss their claims for a deficiency which has not resulted in any prejudice to opposing parties and has been corrected would amount to manifest injustice.

There is no general definition of manifest injustice which this Court is compelled to follow. Instead, "courts evaluate whether there has been a manifest injustice on a case-by-case basis." *Hanover Ins. Co. v. Superior Labor Servs., Inc.*, 2017 WL 3582385, at 5 (E.D. La. Aug. 18, 2017) (citing *Alvarado v. Texas Rangers*, 2005 WL 1420846, at 3 (W.D. Tex. June 14, 2005)). It cannot be argued that BP presently lacks the information sought by the Court in PTO 66.

As this Court properly noted in *Barbarin v. Goodwill Industries Sela, Inc.*, "[t]he dismissal of an action with prejudice is a drastic remedy and should be applied only in extreme circumstances." *Barbarin v. Goodwill Industries Sela, Inc.*, 2007 WL 1655746, at 1-2 (E.D. La. June 6, 2007) (citing *Bon Air Hotel v. Time*, 376 F.2d 118, 121 (5th Cir. 1967)). This Court further noted, "because of the severity of the sanction, dismissal with prejudice for failure to comply with a discovery order typically is appropriate only when the refusal to comply results from willfulness or bad faith accompanied by a clear record of delay or contumacious conduct, is attributable to the client rather than the attorney, and substantially prejudices the opposing party, and when a lesser sanction is an insufficient deterrent." *Id.* (citing *Coane v. Ferrar Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

Non-compliance with PTO 66 by Glyn Evans and Jeffery Connerly in this case was due to undersigned counsel failing to receive all of the email notifications in this matter from File &

ServeXpress. The failure to comply with this Court's PTO 66 Order was not intentional and only occurred because plaintiffs were unaware that the Order had been filed and was applicable to them since they are in fact opt outs. Further, the record is devoid of any willfulness or bad faith and there is no record of otherwise "contumacious" conduct. Indeed, the record reflects adherence to all other pretrial orders issued by the Court, and these plaintiffs have consistently responded to all prior requirements.

There is no danger of prejudice to the opposing party. The information sought through PTO 66 has already been disclosed to BP through the Plaintiffs' detailed Complaints and past documentation submitted in this matter to BP. The length of delay in this case resulting from plaintiffs' non-compliance with PTO 66 amounts to a little over one month, counting from the August 8, 2018 due date for responses to PTO 66. This delay does not severely disadvantage any party. The plaintiffs' justification for not responding to PTO 66 timely is that it was unintentional and the result of undersigned counsel not receiving proper notification of this Court's Show Cause Orders because the email notifications to undersigned counsel from File and ServeXpress were not all being received timely. Additionally, there is no indication in the record that the plaintiffs have not acted in good faith. Even if the Court were to find that the reason for delay did not weigh in favor of the plaintiffs, this Court would still be within its discretion to deem all of these plaintiffs compliant with PTO 66.

All of the aforementioned plaintiffs also argue that under Rule 60(a) of the Federal Rules of Civil Procedure which provides in pertinent part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or

without notice." This is a situation where this Court should allow the "clerical mistake or a mistake arising from oversight or omission" in a "part of the record" to be corrected. Plaintiffs herein should not have their claims dismissed in connection with deficiencies in responding to a questionnaire which covers information which had been previously been provided to opposing counsel. This is especially true when it comes to the claims of plaintiffs Jefferey Connerly and Glyn Evans since the information sought in the questionnaire had already been conveyed to opposing counsel both in the filing of these plaintiffs' individual lawsuits and Exhibit A questionnaires filed thereafter. Jeffery Connerly's individual lawsuit and Exhibit A questionnaire are attached here as Exhibits 16 and 17. Glyn Evans' individual lawsuit and Exhibit A questionnaire are attached here as Exhibits 18 and 19.

## **CONCLUSION**

Plaintiffs continue to await adjudication of their claims resulting from exposure to toxic chemicals related to the Gulf Oil Spill. Plaintiffs have in good faith made every effort to fulfill every procedural requirement imposed by the Federal Rules of Civil Procedure and this Honorable Court. Under these circumstances, it would be an injustice to dismiss their claims due to an inadvertent clerical and/or technical deficiency in completing the Particularized Statement required by PTO 66.

Wherefore, the plaintiffs Charles Bradley, Patrick Cage, Ronald Hicks, Anthony Kizzee, Alvin Thompson, Glyn Evans, and Jeffery Connerly respectfully request that this Honorable Court rule that they are compliant with PTO 66 as prayed for, along with any and all other relief needed so that plaintiffs' claims may proceed to be adjudicated on the merits.

Respectfully submitted,

      */s/ Darleen M. Jacobs*
DARLEEN M. JACOBS (#7208)
*A Professional Law Corporation*
823 St. Louis Street
New Orleans, Louisiana 70112
(504) 522-0155 and (504) 522-3287
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 5th day of October, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all participants using the ECF system and will send a notice of electronic filing in accordance with the procedures established in the MDL 2179.

      */s/Darleen M. Jacobs*
DARLEEN M. JACOBS