# Exhibit A – Sara Bonilla's
# Submitted Particularized Statement of Claim

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
| See Exhibit D Attached. | |
| | |
| | |
| | |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No _X_____. If "*Yes*,"

    A.    When? _____

    B.    Who diagnosed the injury (or condition) at that time? _____

        _____

        _____

    C.    Who treated the injury (or condition) at that time?_____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes _____ No_X_____. If "*Yes*,"

    A.    What date did you first experience such injury or condition?_____

    B.    What injury (or condition) was made worse? _____

        _____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _04/18/_____, 2018

Location (City and State): _Kenner Louisiana_

_____
Signature of Plaintiff*

*Plaintiff's Attorney <u>Cannot</u> Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President/Owner, or similar senior corporate officer must sign.*

_Sara Bonilla._
Print Name

_____
Title/Position (if signed on behalf of a business or other entity)

**By no later than <u>Monday, July 9, 2018,</u> this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

## **Exhibit A - Question 6**

Plaintiff: Bonilla, Sara

| Address | Dates of Residence |
|---|---|
| 3401 West Loyola Drive<br>Kenner LA 70065 | 2001 – Present |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Exhibit B - Question 7**

Plaintiff: Bonilla, Sara

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Self-employed<br>Bonilla Construction, Inc. | Kenner, LA | 2005 – 2009 | Owner |
| Self-employed<br>S. Bonilla Enterprise, LLC | Kenner, LA | 2009 – Present | Owner |
| ILES Industrial Labor &<br>Equipment Services | 8019 Barataria Blvd<br>Marrero, LA 70072 | 06/2010 – 02/2011 | Clean up |
| Cajun Insulation Company | 5804 Plauche Street<br>Harahan, LA 70123 | 2015 | Helper - Insulation |
| Land Coast Insulation, Inc. | 625 Howard Drive<br>Deer Park, TX 77536 | 6/2016 – 11/2016 | Safety/Insulation |
|  |  |  |  |
|  |  |  |  |

# Exhibit C
# Sara Bonilla

The Plaintiff was exposed to known-carcinogenic compounds via exposure to crude oil and the Corexit dispersants used on a constant, continual basis throughout each day that Plaintiff was employed as a supervisor, overlooking and helping recovery technicians picking up oil, tar balls and oil/dispersant-covered debris from impacted Louisiana beaches.  Plaintiff worked directly with the hazardous material throughout her employment in the Deepwater Horizon disaster relief efforts.  In Plaintiff's case, she was exposed a minimum 10-12 hours per day, five to seven days per week, in and around Venice Beach, Louisiana.  Plaintiff began working oil clean-up around June of 2010, and continued until approximately February of 2011.  Plaintiff does not yet have full employment records to be able to give dates that are more exact because subpoena powers are suspended under the Court's Order Staying Proceedings, and, therefore, Plaintiff reserves the right to alter, amend, or supplement her responses to any of the questions within her Particularized Statement of Claim at any time up to and including the time of trial.

 For general causation, Plaintiff relies in part on material and opinions provided by toxicologist Dr. Patricia Williams.  Again, as Plaintiff has not been able to conduct discovery, she is unable to state with certainly exactly which compounds were present and in which areas. Plaintiff alleges that while the crude oil itself was a threat, the mixture of the crude oil with the dispersants used, particularly in combination with the dense, humid, extremely hot air in the Gulf over the summer months, caused these dangerous chemicals (PAHs, or Polycyclic Aromatic Hydrocarbons, as well as heavy metals including but not limited to Arsenic, Chromium, Copper, Lead, Mercury, Radium,  Barium, Thorium, and Thallium) to become air-borne as they evaporated, essentially making escape from these chemicals impossible without advanced personal respiratory equipment. Plaintiff craves reference to the following studies and published articles to support her position that the chemicals to which she was exposed on a daily basis caused her injury:

- Atlas, R., and T.C. Hazen. 2011. *Oil Biodegradation and Bioremediation*: A Tale of the Two Worst Spills in U.S. History. *Environmental Science and Technology*. 45:6709-6715.

- Aurell, J., and B.K. Gullet. 2010. Aerostat Sampling of PCDD/PCDF Emissions from the Gulf  Oil Spill In Situ Burns. *Environmental Science Technology*. 44(24): 9431-9437.

- Goldstein, B.,  H.J. Osofsky, and M.Y. Lichtveld. 2011. The Gulf Oil Spill. *The New England Journal of Medicine*. 364:1334-1338.

- Gould, D.W.  et.al. 2015. Behavioral Health in the Gulf Coast Region Following the Deepwater Horizon Oil Spill: Findings from Two Federal Surveys. 2015. J. *Behav. Health Serv. Res*. 42(1): 6-22.

- Jones, R.K. et.al. 1992. The Evaporation of Benzene and a Series of Alkanes from Crude Oil. *NOAA/Hazardous Materials Response and Assessment Division*.

- King, B.S., J.D. Gibbins. 2011. Health Hazard Evaluation of Deepwater Horizon Response Workers. *Health Hazard Evaluation Report.*

- Klaassen, C. 2013. *Casarett & Doull's Toxicology: The Basic Science of Poisons*. New York: McGraw-Hill.

- Mehlman, M.A., 1991. Dangerous and Cancer Causing Properties of Products and Chemicals in the Oil Refining and Petrochemical Industry: Part XI-Carcinogenicity and Environmental Hazards of Crude Oil, Gasoline, and its Components.  7(5-6):143-152.

- Morris, J.G. et. al., Psychological Responses and Resilience of People and Communities Impacted By the Deepwater Horizon Oil Spill. 2013. *Transactions of the American Clinical and Climatological Association:* 124

- Roberts, J.R. , et.al. 2014. Evaluation of Pulmonary and Systemic Toxicity of Oil Dispersant. (COREXIT EC9500A®) Following Acute Repeated Inhalation Exposure. Environmental Health Insights 2014:8 63-74.

- Rusiecki, J. et. al. The Deepwater Horizon Oil Spill Coast Guard Cohort Study. *Occupational and Environmental Medicine* 2018; 75 163-164 Published Online First: 12 Jan 2018. doi: 10.1136/oemed-2017-104687

- Rusiecki J, Alexander M, Schwartz E, *et al*. P207 Health Effects Associated With Oil Exposures from the Deepwater Horizon Response Among U.S. Coast Guard Responders. *Occup Environ Med* 2016; 73:A190.

- Zock J, Rodríguez-Trigo G, Rodríguez-Rodríguez E, *et al.* Persistent Respiratory Symptoms in Clean-Up Workers 5 Years After the *Prestige* Oil Spill. *Occup Environ Med* 2012;69:508-513.

- Stewart P, Stenzel M, Banerjee S, *et al*. The NIEHS GULF STUDY: Questionnaire Results and Use of Job Exposure Matrices to Link Inhalation and Dermal Exposure Estimates to Study Subjects. *Occup Environ Med* 2014; 71:A37.

- Solomon, GM., Janssen S., *et al*. Health Effects of the Gulf Oil Spill. *JAMA* 2010. Published Online First: 2010 Sep 8; 304(10):1118-9. doi: 10.1001/jama.2010.1254. Epub 2010 Aug 16.

- Blaylock Wellness Report. Vol 7, No. 8. August 2010.

- Lyons, RA, Temple JM, *et al*. Acute Health Effects of the Sea Empress Oil Spill. *Journal of Epidemiology & Community Health* 1999; 53:306-310.

For specific causation, Plaintiff plans to rely on a variety of medical professionals who have treated her and attributed her symptoms to toxic exposure, including, but not limited to,

those who may be listed on Exhibit D; the fact that she had no substantially similar pre-existing health problems comparable to the ones she suffered, and continues to suffer, since her work cleaning up after BP's oil spill disaster; and the fact that so many others involved in the same cleanup effort suffer substantially the same symptoms after similar exposure.

# Exhibit D

**Name:**      Sara Bonilla
**Address:**   3401 W. Loyola Dr., Kenner, LA 70065
**DOB:**       07/15/1974

## MEDICAL RECORDS SUMMARY

| DATE | MEDICAL PROVIDER | DETAILS | DOCUMENTS |
|------|------------------|---------|-----------|
| 01/08/13 | Dr. Christian Mayorga, M.D. | C/o anxiety and depression for 3 days. **Hx:** anxiety, breast cancer, depression, gestational diabetes, cesarean section, hysterectomy, BTL, left lumpectomy. **Problems:** anxiety, depression, dyspepsia, dysuria, personal history of malignant neoplasm of breast. **Rx:** alprazolam, citalopram. Referral to social worker for anxiety. | Bills, records |

## CLEANUP EMPLOYMENT

| | |
|---|---|
| **EMPLOYERS ASSOCIATED WITH CLEANUP WORK** | Industrial Labor & Equipment Services |
| **JOB DUTIES** | Supervised employees at location of spill. |
| **DATES OF CLEANUP EMPLOYMENT** | July 2010 (1 month) |
| **SYMPTOMS** | Headaches, dizziness, nausea, insomnia |

Question 37 (PCP):

| Name | Address |
|------|---------|
| Christian A. Mayorga | 4228 Williams Blvd #201 Kenner, LA 70065 |

# EXHIBIT E
# Sara Bonilla
# (Question 39)

Plaintiff seeks compensation for past and future medical bills, incurred as a result of her physical and mental injuries as detailed in her Complaint and further herein. Plaintiff is also seeking compensation for related out-of-pocket expenses, prescription costs, lost wages, future health monitoring, pain and suffering (including the fear of developing blood-based illnesses and particularly cancer, which are known to be caused by exposure to the chemicals to which Plaintiff was exposed). These damages accrued during her employment as a cleanup worker, and have continued to accrue to the date of this statement. Pain and suffering, mental distress, and fear of diseases are not subject to exact mathematical calculation. Considering past, present, and future medical problems and related damages, Plaintiff is seeking no less Three Hundred Thousand ($300,000.00) dollars as compensatory damages in addition to punitive damages, to be determined by a jury.