# Exhibit D – Sara Bonilla's Amended Particularized Statement of Claim

> *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
> Civil Action No. 10-MD-2179-CJB-SS
> **AMENDED**
> **PTO 66 PARTICULARIZED STATEMENT OF CLAIM**
> **FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** Sara Bonilla

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A.    YOUR BACKGROUND INFORMATION**

1. Current address:
   Address Line 1: 3401 W Loyola Drive
   Address Line 2:
   City: Kenner    State: LA    Zip: 70065
2. Telephone number: 504-346-1489
3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: None
4. Date and Place of Birth: 7/15/1974 Honduras
5. Male _____    Female  X

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| See Exhibit A Attached. | |
| | |
| | |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| See Exhibit B Attached. | | | |
| | | | |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _X_ No_____ If "*Yes,*" when were you out of work and why? In 2013 because of severe headaches, vision problems, and panic attacks.

**B.     THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.   Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

   Yes __X__   No _____

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

**1.    Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.   Was your cleanup work performed onshore (on land) or offshore (on the water)?

   Onshore __X__   Offshore _____   Both _____

11.   Were you hired as part of the Vessels of Opportunity ("VoO") Program?

   Yes _____   No __X__

12.   Did you handle hazardous materials as part of your cleanup work?

   Yes __X__   No _____

13.   Please set forth the following information about your cleanup work:

   A.   Your employer(s): Including, but not limited to: Industrial Labor & Equipment Services.

   B.   Your supervisor(s) at the employer(s) identified in Question No. 13(A): Plaintiff does not recall.

   C.   A description of the work performed for employer(s) identified in Question No. 13(A): Supervised recovery techs on beaches; cleaned oil and oil-covered debris from sand and coastal areas.

   D.   The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): Plaintiff worked approximately 9 months from 06/2010 – 02/2011 for 10 to 12 hours per day, 5 to 7 days per week, including, but not limited to: Venice Beach, Louisiana.

E. The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C):_____
   Staging Hopedale - Venice Lot 49 Coast Guard Road - Venice Responder Village - Staging Venice
   _____

F. Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C):_____
   Plaintiff cannot recall.
   _____

**2. Residents/Tourists**

14. Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____   No__X__

15. Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____   No__X__

16. List all address(es) at which you resided in 2010:_____
    See Exhibit A attached.
    _____

**C. INFORMATION ABOUT YOUR B3 CLAIM**

17. Are you claiming that you suffered damages from (*Check all that apply*):

    __X__ Bodily injury from exposure to oil and/or dispersants

    _____ Bodily injury other than from exposure to oil and/or dispersants

    _____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.   EXPOSURE CLAIMS**

18.   Were you exposed to oil, dispersants, or both?

   Oil_____          Dispersants_____          Both   X   

19.   How were you exposed? (*Check all that apply*)

   A.   Inhalation          Yes  X          No_____

   B.   Dermal (skin) contact     Yes  X          No_____

   C.   Ingestion          Yes  X          No_____

   D.   Other (please describe):   Ocular

20.   What was the date(s) of your exposure?   See response to Question 21.

   Day: _____   Month: _____   Year: _____

21.   How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

   Continuous, personal, direct exposure to both oil and dispersants while cleaning up beaches approximately 06/2010 – 02/2011 for 10 to 12 hours per day, 5 to 7 days per week, including, but not limited to: Venice Beach, Louisiana beginning in June of 2010.

22.   What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?
   See response to Question 21.

23.   For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?
   See Exhibit C attached.   Also, see response to Question 21.

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____
   See Exhibit C attached.
   _____
   _____

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?
   Yes_____   No  X     See response to Question 26 for clarification.

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
   Reporting an exposure was unnecessary because Plaintiff's job, by its very nature, necessitated personal, direct, and continuous exposure to the hazardous chemicals involved in the cleanup operation of the BP Deepwater Horizon disaster.
   _____

E.  **NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:   N/A

   A. The nature of your injury:_____

   B. The date(s) of your injury:_____

   C. The location(s) of your injury:_____

   D. The work that you were performing when you sustained your injury:_____
   _____
   _____

   E. Identify any individual(s) who witnessed your injury:_____
   _____

28. Describe in as much detail as possible the circumstance(s) of your injury: _____
   N/A
   _____
   _____

**F.   INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____
    See Exhibit D attached.
    _____
    _____

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:
    See Exhibits C and D attached.
    _____
    _____
    _____
    _____

31. On what date did you first report or seek treatment for your injury or illness:
    See Exhibit D attached.

32. On what date was your injury first diagnosed:_____
    See Exhibit D attached.

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
| See Exhibit D Attached. | |
| | |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| See Exhibit D Attached. | |
| | |
| | |
| | |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No  X\_\_\_\_\_.  If "*Yes*,"

    A. When? _____

    B. Who diagnosed the injury (or condition) at that time? _____
    _____
    _____

    C. Who treated the injury (or condition) at that time?_____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes \_\_\_\_\_  No  X\_\_\_\_.  If "*Yes*,"

    A. What date did you first experience such injury or condition?_____
    B. What injury (or condition) was made worse?_____
    _____

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| See Exhibit D attached. | |
| | |
| | |
| | |
| | |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

   Yes __X__   No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

   See Exhibit E attached.
   _____

   _____

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

   Yes_____   No __X__

   If "Yes":

   A.   From whom did you receive this compensation or reimbursement?_____

   _____

      B.      When did you receive this compensation or reimbursement?_____

           _____

      C.      What was the amount of the compensation or reimbursement?_____

           _____

**G.**    **CONTRACT CLAIMS**

*(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

      Yes_____      No  X  

42.    Was the contract that you claim was breached made as part of the VoO Program?

      Yes_____      No_____

43.    Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.    Describe how the contract was breached:_____

_____

_____

45.    *If you were part of the VoO Program*: Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

_____

_____

_____

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: __04/18/__, 2018

Location (City and State): __Kenner Louisiana__

_____
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

__SARA Bonilla.__
Print Name

_____
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

## **Exhibit A - Question 6**

Plaintiff: Bonilla, Sara

| Address | Dates of Residence |
|---|---|
| 3401 West Loyola Drive<br>Kenner LA 70065 | 2001 – Present |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

## Exhibit B - Question 7

Plaintiff: Bonilla, Sara

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Self-employed Bonilla Construction, Inc. | Kenner, LA | 2005 – 2009 | Owner |
| Self-employed S. Bonilla Enterprise, LLC | Kenner, LA | 2009 – Present | Owner |
| ILES Industrial Labor & Equipment Services | 8019 Barataria Blvd Marrero, LA 70072 | 06/2010 – 02/2011 | Clean up |
| Cajun Insulation Company | 5804 Plauche Street Harahan, LA 70123 | 2015 | Helper - Insulation |
| Land Coast Insulation, Inc. | 625 Howard Drive Deer Park, TX 77536 | 6/2016 – 11/2016 | Safety/Insulation |
| | | | |
| | | | |

# Exhibit C
# Sara Bonilla

  The Plaintiff was exposed to known-carcinogenic compounds via exposure to crude oil and the Corexit dispersants used on a constant, continual basis throughout each day that Plaintiff was employed as a supervisor, overlooking and helping recovery technicians picking up oil, tar balls and oil/dispersant-covered debris from impacted Louisiana beaches.  Plaintiff worked directly with the hazardous material throughout her employment in the Deepwater Horizon disaster relief efforts.  In Plaintiff's case, she was exposed a minimum 10-12 hours per day, five to seven days per week, in and around Venice Beach, Louisiana.  Plaintiff began working oil clean-up around June of 2010, and continued until approximately February of 2011.  Plaintiff does not yet have full employment records to be able to give dates that are more exact because subpoena powers are suspended under the Court's Order Staying Proceedings, and, therefore, Plaintiff reserves the right to alter, amend, or supplement her responses to any of the questions within her Particularized Statement of Claim at any time up to and including the time of trial.

  For general causation, Plaintiff relies in part on material and opinions provided by toxicologist Dr. Patricia Williams.  Again, as Plaintiff has not been able to conduct discovery, she is unable to state with certainly exactly which compounds were present and in which areas.  Plaintiff alleges that while the crude oil itself was a threat, the mixture of the crude oil with the dispersants used, particularly in combination with the dense, humid, extremely hot air in the Gulf over the summer months, caused these dangerous chemicals (PAHs, or Polycyclic Aromatic Hydrocarbons, as well as heavy metals including but not limited to Arsenic, Chromium, Copper, Lead, Mercury, Radium, Barium, Thorium, and Thallium) to become air-borne as they evaporated, essentially making escape from these chemicals impossible without advanced personal respiratory equipment. Plaintiff craves reference to the following studies and published articles to support her position that the chemicals to which she was exposed on a daily basis caused her injury:

- Atlas, R., and T.C. Hazen. 2011. *Oil Biodegradation and Bioremediation*: A Tale of the Two Worst Spills in U.S. History. *Environmental Science and Technology*. 45:6709-6715.

- Aurell, J., and B.K. Gullet. 2010. Aerostat Sampling of PCDD/PCDF Emissions from the Gulf  Oil Spill In Situ Burns. *Environmental Science Technology*. 44(24): 9431-9437.

- Goldstein, B.,  H.J. Osofsky, and M.Y. Lichtveld. 2011. The Gulf Oil Spill. *The New England Journal of Medicine*. 364:1334-1338.

- Gould, D.W.  et.al. 2015. Behavioral Health in the Gulf Coast Region Following the Deepwater Horizon Oil Spill: Findings from Two Federal Surveys. 2015. J. *Behav. Health Serv. Res*. 42(1): 6-22.

- Jones, R.K. et.al. 1992. The Evaporation of Benzene and a Series of Alkanes from Crude Oil. *NOAA/Hazardous Materials Response and Assessment Division*.

- King, B.S., J.D. Gibbins. 2011. Health Hazard Evaluation of Deepwater Horizon Response Workers. *Health Hazard Evaluation Report.*

- Klaassen, C. 2013. *Casarett & Doull's Toxicology: The Basic Science of Poisons*. New York: McGraw-Hill.

- Mehlman, M.A., 1991. Dangerous and Cancer Causing Properties of Products and Chemicals in the Oil Refining and Petrochemical Industry: Part XI-Carcinogenicity and Environmental Hazards of Crude Oil, Gasoline, and its Components.  7(5-6):143-152.

- Morris, J.G. et. al., Psychological Responses and Resilience of People and Communities Impacted By the Deepwater Horizon Oil Spill. 2013. *Transactions of the American Clinical and Climatological Association:* 124

- Roberts, J.R. , et.al. 2014. Evaluation of Pulmonary and Systemic Toxicity of Oil Dispersant. (COREXIT EC9500A®) Following Acute Repeated Inhalation Exposure. Environmental Health Insights 2014:8 63-74.

- Rusiecki, J. et. al. The Deepwater Horizon Oil Spill Coast Guard Cohort Study. *Occupational and Environmental Medicine* 2018; 75 163-164 Published Online First: 12 Jan 2018. doi: 10.1136/oemed-2017-104687

- Rusiecki J, Alexander M, Schwartz E*, et al*. P207 Health Effects Associated With Oil Exposures from the Deepwater Horizon Response Among U.S. Coast Guard Responders. *Occup Environ Med* 2016; 73:A190.

- Zock J, Rodríguez-Trigo G, Rodríguez-Rodríguez E*, et al.* Persistent Respiratory Symptoms in Clean-Up Workers 5 Years After the *Prestige* Oil Spill. *Occup Environ Med* 2012;69:508-513.

- Stewart P, Stenzel M, Banerjee S*, et al*. The NIEHS GULF STUDY: Questionnaire Results and Use of Job Exposure Matrices to Link Inhalation and Dermal Exposure Estimates to Study Subjects. *Occup Environ Med* 2014; 71:A37.

- Solomon, GM., Janssen S., *et al*. Health Effects of the Gulf Oil Spill. *JAMA* 2010. Published Online First: 2010 Sep 8; 304(10):1118-9. doi: 10.1001/jama.2010.1254. Epub 2010 Aug 16.

- Blaylock Wellness Report. Vol 7, No. 8. August 2010.

- Lyons, RA, Temple JM, *et al*. Acute Health Effects of the Sea Empress Oil Spill. *Journal of Epidemiology & Community Health* 1999; 53:306-310.

For specific causation, Plaintiff plans to rely on a variety of medical professionals who have treated her and attributed her symptoms to toxic exposure, including, but not limited to,

those who may be listed on Exhibit D; the fact that she had no substantially similar pre-existing health problems comparable to the ones she suffered, and continues to suffer, since her work cleaning up after BP's oil spill disaster; and the fact that so many others involved in the same cleanup effort suffer substantially the same symptoms after similar exposure.

# Exhibit D

**Name:** Sara Bonilla
**Address:** 3401 W. Loyola Dr., Kenner, LA 70065
**DOB:** 07/15/1974

## MEDICAL RECORDS SUMMARY

| DATE | MEDICAL PROVIDER | DETAILS | DOCUMENTS |
|---|---|---|---|
| 01/08/13 | Dr. Christian Mayorga, M.D. | C/o anxiety and depression for 3 days. **Hx:** anxiety, breast cancer, depression, gestational diabetes, cesarean section, hysterectomy, BTL, left lumpectomy. **Problems:** anxiety, depression, dyspepsia, dysuria, personal history of malignant neoplasm of breast. **Rx:** alprazolam, citalopram. Referral to social worker for anxiety. | Bills, records |

## CLEANUP EMPLOYMENT

| | |
|---|---|
| **EMPLOYERS ASSOCIATED WITH CLEANUP WORK** | Industrial Labor & Equipment Services |
| **JOB DUTIES** | Supervised employees at location of spill. |
| **DATES OF CLEANUP EMPLOYMENT** | July 2010 (1 month) |
| **SYMPTOMS** | Headaches, dizziness, nausea, insomnia |

Question 37 (PCP):

| Name | Address |
|---|---|
| Christian A. Mayorga | 4228 Williams Blvd #201<br>Kenner, LA 70065 |

# EXHIBIT E
# Sara Bonilla
# (Question 39)

Plaintiff seeks compensation for past and future medical bills, incurred as a result of her physical and mental injuries as detailed in her Complaint and further herein. Plaintiff is also seeking compensation for related out-of-pocket expenses, prescription costs, lost wages, future health monitoring, pain and suffering (including the fear of developing blood-based illnesses and particularly cancer, which are known to be caused by exposure to the chemicals to which Plaintiff was exposed). These damages accrued during her employment as a cleanup worker, and have continued to accrue to the date of this statement. Pain and suffering, mental distress, and fear of diseases are not subject to exact mathematical calculation. Considering past, present, and future medical problems and related damages, Plaintiff is seeking no less Three Hundred Thousand ($300,000.00) dollars as compensatory damages in addition to punitive damages, to be determined by a jury.