IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>Applies to:<br><br>Civil Action No. 2:17-cv-03219<br><br>Debra Ann Frazier v. BP Exploration & Production, Inc. et al | Civil Action No. 2:10-MD-02179<br><br>SECTION: J(2)<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

## RESPONSE TO RULE TO SHOW CAUSE ORDER FOR PTO 66

Plaintiff Debra Frazier ("Plaintiff"), through her undersigned attorneys, responds to the Rule to Show Cause issued by this Court on September 20, 2018, as follows: BP asserts this Plaintiff's extensive Pretrial Order No. 66 Particularized Statement of Claim is "materially deficient" because Plaintiff "failed to respond to other key questions." The vagueness of BP's characterization of the alleged material deficiency makes it impossible for Plaintiff to know how to adequately respond to the Rule to Show Cause. Plaintiff hereby submits an amended Particularlized Statement of Claim, including answers for questions 24 and 26 that had unintentionally been omitted. Plaintiff is hopeful that this more detailed information will satisfy BP's and, more importantly, the Court's standard for being in compliance with PTO 66. In the alternative, Plaintiff asks that the Court direct BP to specifically identify which "key questions" Plaintiff has failed to sufficiently answer and allow Plaintiff a reasonable amount of time to amend her answer or otherwise respond.

### I.  BACKGROUND

On April 9, 2018, this Honorable Court issued Pretrial Order ("PTO") No. 66, which required all plaintiffs compliant with PTO No. 63 to submit a Particularized Statement of Claim to counsel for BP and the Plaintiffs' Steering Committee ("PSC").  A full, updated list of all PTO No. 63-compliant Plaintiffs is filed in this case as Document No. 24268-1.  Plaintiff was listed as being compliant with PTO No. 63.

Pursuant to PTO No. 66, Plaintiff Davis sent her Particularized Statement of Claim to counsel for BP and Plaintiffs' Steering Committee on July 27, 2018.  Plaintiff's originally-submitted Particularized Statement of Claim is attached as "Rule Response Exhibit A" hereto.  BP later identified Plaintiff as having submitted a "materially deficient" response to PTO No. 66.  See Exhibit 4 to the Court's Order to Show Case re: Compliance with PTO 66 (Doc. No. 24875).  The only category for deficiency BP listed for Plaintiff Davis was the ambiguous, vague category of "Failing to Respond to Other Key Questions."

### II.  ARGUMENT

Plaintiff, by and through undersigned counsel, requests that this Court recognize her amended Particularlized Statement of Claim (attached hereto as "Rule Response Exhibit B") as part of Plaintiff's materially compliant PTO 66 Statement, or, in the alternative, require BP to enumerate the specific questions it alleges Plaintiff failed to have materially answered.

This Court's Order in PTO 66 required BP to "submit *in camera* to the Court and to the PSC: . . . (b) a list of plaintiffs that made some form of submission in response to PTO 66, but whose submissions BP in food faith believes are materially deficient **for one or more identified reasons**." See PTO 66, Doc. No. 24284, pg. 2-3. (emphasis added).  "Failing to respond to other

2

key questions" is not a properly "identified reason" because it is unreasonably vague. There are over 60 questions including subparts that Plaintiff was required to answer in his Particularized Statement of Claim under PTO 66. Plaintiff has no way of knowing which questions BP deems as "key questions," nor which questions it feels Plaintiff responded to in a "materially deficient" manner.

Nevertheless, Plaintiff and undersigned counsel have pored through her initial response and have provided even further detail on the only two questions that were unintentionally left blank, which are the only possible questions we can speculate that BP is referring to by the phrase "key questions." The two questions Plaintiff believes to be at issue include question 24, which should have stated "See Exhibit C" in response, and question 26, which was left blank unintentionally. Exhibit C was properly attached to the disclosure, and is identified at the top as being "in response to questions 20-24." See attached Rule Response Exhibit A. Plaintiff does not know why an answer to question 26 was not initially included, but can only assume that it was an unintentional mistake. Plaintiff has cured these two miniscule defects in the attached "Rule Response Exhibit B."

Dismissal with prejudice of Plaintiff's lawsuit based solely on a vague and ambiguous determination by the Defendant of "material noncompliance" for failing to respond to completely unidentified "key questions" would be a miscarriage of justice. Plaintiff has remained steadfast in her allegations and suffering throughout the eight years since the Gulf Oil Spill and has completed all of the other requirements the Court has imposed upon her thus far. Plaintiff has even been forced to "argue against herself" in responding to this Rule to Show Cause due to BP's vagueness in their categorization of her initial response. Although Plaintiff submits the original Particularized Statement of Claim was in compliance with PTO 66, Plaintiff has submitted further information

3

in the hopes of satisfying the vague concerns of BP. For these reasons, the Court should find that Plaintiff Frazier has sufficiently complied with the requirements it imposed within PTO 66 and allow her case to remain active.

### III.  CONCLUSION

Plaintiff continues to suffer from serious, chronic health conditions caused by substantial exposure to toxic chemicals related to the Gulf Oil Spill. Plaintiff has met every procedural requirement imposed by the Federal Rules of Civil Procedure and the Court.

Under these circumstances, it would be a grave injustice to dismiss Plaintiff's claim with prejudice due to an ambiguous complaint with unidentified answers she has submitted in completing the Particularized Statement of Claim required by PTO No. 66. Plaintiff thereby requests that the Court accept the attachments as being compliant with PTO 66, or, in the alternative, require BP to submit to Plaintiff a statement detailing precisely the questions on which it requires further information from Plaintiff.

Respectfully Submitted,

/s/ Paul A. Dominick
Paul A. Dominick     Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

Dated:  October 8, 2018

And

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

*Counsel for Plaintiff, Debra Ann Frazier*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response to Rule to Show Cause Order for PTO 66 has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on October 8, 2018.

/s/ Paul A. Dominick

Paul A. Dominick