IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>Applies to:<br><br>Civil Action No. 2:17-cv-03599<br><br>John B. Pettaway v. BP Exploration & Production, Inc. et al | Civil Action No. 2:10-MD-02179<br><br>SECTION: J(2)<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

### RESPONSE TO RULE TO SHOW CAUSE ORDER FOR PTO 66

Plaintiff John B. Pettaway ("Plaintiff"), through his undersigned attorneys, responds the Rule to Show Cause issued by this Court on September 20, 2018, as follows: As described below, Plaintiff's counsel was in possession of his entire Particularized Statement of Claim along with the attachments, prior to expiration of the deadline to respond to Pretrial Order No. 66, but inadvertently failed to include most of attached responses to the questionnaire and Particularized Statement of Claim. This oversight constitutes a "clerical error" under Rule 60(a) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

On April 9, 2018, this Honorable Court issued Pretrial Order ("PTO") No. 66, which required all plaintiffs compliant with PTO No. 63 to submit a Particularized Statement of Claim to counsel for BP and the Plaintiffs' Steering Committee ("PSC"). A full, updated list of all PTO No. 63 compliant Plaintiffs is filed in this case as Document No. 24268-1. Plaintiff was listed as being compliant with PTO No. 63.

Pursuant to PTO No. 66, Plaintiff Pettaway sent his Particularized Statement of Claim to counsel for BP and Plaintiffs' Steering Committee on August 7, 2018. Plaintiff Pettaway's

Particularized Statement of Claim is attached as Exhibit "A" hereto.  BP later identified Plaintiff's statement as non-compliant with PTO No. 66 for the reason that the questionnaire was unsigned, missing pages, no damage answer, and failed to answer key questions.  See Exhibit 4 to the Court's Order to Show Case re: Compliance with PTO 66 (Doc. No. 24875).  The failure to include the complete questionnaire was the result of a clerical error and should not be grounds for dismissal of Plaintiff's case.  However, the Attestation page, the attachments which contain material answers to the questionnaire nor the questionnaire made it through the merging of the file.  Only the "Damages" question answer made it through the merge.

The complete response to the Particularized Statement of Claim required digitally merging of numerous documents into a single, easily-digestible file due to the complexities of the answers to many questions.  The Affidavit of Marilyn J. Trevino, paralegal with counsel for Plaintiff, outlines this inadvertent mistake.  Her Affidavit is attached hereto as Exhibit "B" and is submitted in support of the Response.  Unfortunately, the computer program Plaintiff's counsel used to perform the merging (Adobe Acrobat) malfunctioned numerous times.  Exhibit B, para. 3.  Plaintiff's counsel encountered numerous technical problems while merging the necessary documents into a single file for the sake of easy review by BP and PSC.  See Exhibit B, para. 3.  Plaintiff's counsel performed quality checks on the Statement of Claim and documents submitted on behalf of the more than 700 clients represented by Counsel.  Unfortunately, some of the errors (like the one at issue for Plaintiff Pettaway) were not caught.  See Exhibit B, para. 4.  There is no prejudice to BP to allow correction of the clerical error.

The Plaintiff signed and sent undersigned counsel his Attestation page on June 15, 2018.  The Plaintiff and his counsel completed his questionnaire along with the attachments, prior to the statement being sent to BP and PSC on August 7, 2018.  See Plaintiff Pettaway's completed

attachments before the merge are attached hereto as Exhibit "C." Also, see Exhibit B, para. 5. To cure this clerical defect, Plaintiff has included a corrected, full copy of his original response which includes the all the pages of the questionnaire and is attached hereto as Exhibit "D."

## II.  ARGUMENT

Plaintiff, by and through his undersigned counsel, requests that this Court recognize the documents shown as Exhibit "C" be accepted as a part of Plaintiff's PTO 66 Statement, or accept Plaintiff's Amended Particularized Statement of Claim (Exhibit "D") to correct this unintentional clerical error and bring the document into full compliance with PTO No. 66.

Dismissal with prejudice of Plaintiff's claim due to such an unintentional error would cause undue harm and grave injustice to Plaintiff, who has remained steadfast in his allegations and suffering throughout the eight years since the Gulf Oil Spill. Plaintiff has completed all of the requirements the Court has imposed upon him thus far, and through his amended answer, which includes his original signature page that was unintentionally omitted from the digital file, has shown proper cause to avoid any dismissals from this Court.

Rule 60(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

This is clearly a situation where the Court should allow the "clerical mistake or a mistake arising from oversight or remission" in a "part of the record" to be corrected.

Furthermore, it has been plainly articulated that an inadvertent mistake, or excusable neglect, on the part of counsel should not warrant such extreme punishment for a party. "[P]arties should not be punished for their counsel's neglect except in extreme and unusual circumstances. Dismissal of a complaint with prejudice is a drastic remedy." *Hassenflu v. Pyke*, 491 F.2d 1094,

3

1095 (5th Cir. 1974) (citing *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971) (holding that dismissal with prejudice should only be upheld after the trial court has resorted to "the wide range of lesser sanctions which it may impose.")). "[J]ustice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). Plaintiff does not deserve to have his claim, which has been stayed for years, dismissed with prejudice due to an inadvertent clerical error on the part of his attorney in responding to a questionnaire designed to provide claim information to the Court and opposing counsel.

### III.  CONCLUSION

Plaintiff continues to suffer from serious, chronic health conditions caused by substantial exposure to toxic chemicals related to the Gulf Oil Spill. Plaintiff has met every procedural requirement imposed by the Federal Rules of Civil Procedure and the Court.

Under these circumstances, it would be a grave injustice to dismiss Plaintiff's claim with prejudice due to an inadvertent clerical or technical error in completing the Particularized Statement of Claim required by PTO No. 66.

Respectfully Submitted,

 /s/ Paul A. Dominick
Paul A. Dominick    Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
Dated:  October 8, 2018    PDominick@nexsenpruet.com

And

Douglas M. Schmidt    Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

*Counsel for Plaintiff, John B. Pettaway*

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response to Rule to Show Cause Order for PTO 66 has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on October 8, 2018.

      /s/ Paul A. Dominick
      Paul A. Dominick