## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **Civil Action No. 2:10-MD-02179** |
| | **SECTION: J(2)** |
| **Applies to:** | |
| | **JUDGE CARL BARBIER** |
| **Civil Action No. 2:17-cv-04574** | |
| | **MAG. JUDGE WILKINSON** |
| **Patrick Monroe Robinson v. BP Exploration & Production, Inc. et al** | |

### RESPONSE TO RULE TO SHOW CAUSE ORDER FOR PTO 66

Plaintiff Patrick Monroe Robinson ("Plaintiff"), through his undersigned attorneys, responds the Rule to Show Cause issued by this Court on September 20, 2018, as follows:  As described below, Plaintiff and Plaintiff's counsel completed his questionnaire including the damages question, prior to the statement being sent to BP and PSC on August 1, 2018.  Plaintiff fully responded to the damages question but inadvertently failed to include it with the responses to the questionnaire.  This oversight constitutes a "clerical error" under Rule 60(a) of the Federal Rules of Civil Procedure.

### I.  BACKGROUND

On April 9, 2018, this Honorable Court issued Pretrial Order ("PTO") No. 66, which required all plaintiffs compliant with PTO No. 63 to submit a Particularized Statement of Claim to counsel for BP and the Plaintiffs' Steering Committee ("PSC").  A full, updated list of all PTO No. 63-compliant Plaintiffs is filed in this case as Document No. 24268-1.  Plaintiff was listed as being compliant with PTO No. 63.

Pursuant to PTO No. 66, Plaintiff Robinson sent his Particularized Statement of Claim to counsel for BP and Plaintiffs' Steering Committee on August 1, 2018.  Plaintiff Robinson's Particularized Statement of Claim is attached as Exhibit "A" hereto.  BP later identified Plaintiff's statement as non-compliant with PTO No. 66 for the sole reason that the damages question to the Particularized Statement of Claim had not been answered.  See Exhibit 4 to the Court's Order to Show Case re: Compliance with PTO 66 (Doc. No. 24875).  The failure to attach the correct Exhibit E which clarified the damages was the result of a clerical error and should not be grounds for dismissal of Plaintiff's case.

The complete response to the Particularized Statement of Claim required digitally merging of numerous documents into a single, easily-digestible file due to the complexities of the answers to many questions.  The Affidavit of Marilyn J. Trevino, paralegal with counsel for Plaintiff, outlines this inadvertent mistake.  Her Affidavit is attached hereto as Exhibit "B" and is submitted in support of the Response.  Unfortunately, the computer program Plaintiff's counsel used to perform the merging (Adobe Acrobat) malfunctioned numerous times.  Exhibit B, para. 3.  Plaintiff's counsel encountered numerous technical problems while merging the necessary documents into a single file for the sake of easy review by BP and PSC.  See Exhibit B, para. 3.  Plaintiff's counsel performed quality checks on the Statement of Claim and documents submitted on behalf of the more than 700 clients represented by Counsel.  Unfortunately, some of the errors (like the one at issue for Plaintiff Robinson) were not caught.  See Exhibit B, para. 4.  There is no prejudice to BP to allow correction of the clerical error.

The Plaintiff and his counsel completed his questionnaire including the damages question, prior to the statement being sent to BP and PSC on August 1, 2018.  See Plaintiff Robinson's answer to the damages question is attached hereto as Exhibit "C."  Also, see Exhibit B, para. 5.

To cure this clerical defect, Plaintiff has included a corrected, full copy of his original response which includes the answer to the damages question and is attached hereto as Exhibit "D."

## II.  ARGUMENT

Plaintiff, by and through his undersigned counsel, requests that this Court recognize the answer to the damages question attached as Exhibit "C" as part of Plaintiff's PTO 66 Statement, or accept Plaintiff's Amended Particularized Statement of Claim (Exhibit "D") to correct this unintentional clerical error and bring the document into full compliance with PTO No. 66.

Dismissal with prejudice of Plaintiff's claim due to such an unintentional error would cause undue harm and grave injustice to Plaintiff, who has remained steadfast in his allegations and suffering throughout the eight years since the Gulf Oil Spill.  Plaintiff has completed all of the requirements the Court has imposed upon him thus far, and through his amended answer, which includes his answer to the damages question that was unintentionally omitted from the digital file, has shown proper cause to avoid any dismissals from this Court.

Rule 60(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> "The court may correct a clerical mistake or a mistake
> arising from oversight or omission whenever one is found in
> a judgment, order, or other part of the record. The court may
> do so on motion or on its own, with or without notice."

This is clearly a situation where the Court should allow the "clerical mistake or a mistake arising from oversight or remission" in a "part of the record" to be corrected.

Furthermore, it has been plainly articulated that an inadvertent mistake, or excusable neglect, on the part of counsel should not warrant such extreme punishment for a party.  "[P]arties should not be punished for their counsel's neglect except in extreme and unusual circumstances. Dismissal of a complaint with prejudice is a drastic remedy." *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974) (citing *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971) (holding that

dismissal with prejudice should only be upheld after the trial court has resorted to "the wide range of lesser sanctions which it may impose.")).  "[J]ustice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings."  *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982).  Plaintiff does not deserve to have his claim, which has been stayed for years, dismissed with prejudice due to an inadvertent clerical error on the part of his attorney in responding to a questionnaire designed to provide claim information to the Court and opposing counsel.

### III.  CONCLUSION

Plaintiff continues to suffer from serious, chronic health conditions caused by substantial exposure to toxic chemicals related to the Gulf Oil Spill.  Plaintiff has met every procedural requirement imposed by the Federal Rules of Civil Procedure and the Court.

Under these circumstances, it would be a grave injustice to dismiss Plaintiff's claim with prejudice due to an inadvertent clerical or technical error in completing the Particularized Statement of Claim required by PTO No. 66.

Respectfully Submitted,

 /s/ Paul A. Dominick
Paul A. Dominick      Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
Dated:  October 8, 2018          PDominick@nexsenpruet.com

And

Douglas M. Schmidt     Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

*Counsel for Plaintiff, Patrick Monroe Robinson*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response to Rule to Show Cause Order for PTO 66 has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on October 8, 2018.

/s/ Paul A. Dominick
Paul A. Dominick