UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| This Document Relates To: | * | SECTION:  J(2) |
| Remaining Cases in the B3 Pleading Bundle | * * | JUDGE BARBIER MAG. JUDGE WILKINSON |

### PLAINIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT DISMISSS HIS B3 CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE REQUIREMENTS OF PRETRIAL ORDER 66

NOW INTO COURT, through the undersigned counsel, comes petitioner John Gooding (Case Number 17-cv-3238) who now files this Motion to Show Cause why his B3 claim should not be dismissed pursuant to Pretrial Order No. 66, for the following reasons to wit:

Plaintiff John Gooding is a member of the "B3" pleading bundles of cases as a result of the personal injuries that he has sustained from his inhalation, skin contact and ingestion of the oil and dispersants following the BP Oil Spill on April 20, 2010.

Mr. Gooding correctly opted out of the class settlement for personal injury plaintiffs on October 26, 2012 (See Plaintiff Exhibit #1).  After opting out and pursuant to the Stay Order in effect, he waited almost five years until February 22, 2017 when this Honorable Court issued Pretrial Order NO. 63 ordering all plaintiffs in the B3 pleading bundle to submit sworn statements regarding the status of their claims and to file individual lawsuits.  Mr. Gooding did so, and he was deemed compliant with this Pretrial Order No. 63 as he filed the appropriate documentation timely and correctly (See Plaintiff #2 – Sworn Statement and Plaintiff #3 – Lawsuit with Case Number 2:17-cv-3238).

Thereafter on April 9, 2018, this Honorable Court issued Pretrial Order No. 66 which required all B3 pleading bundle plaintiffs to complete, sign and serve a Particularized Statement of Claim on both the Plaintiffs' Steering Committee and on counsel for BP.  In the course of doing so, petitioner prepared handwritten responses to each and every question and met with his attorneys to fill out all necessary paperwork and respond to the best of his recollection to all forty eight of the questions (See attached Plaintiff #4 – Particularized Statement of Claim submitted to the Court on June 29, 2018 in globo). As some of the answers required more space than provided for in the document, certain responses were answered on a separate page (See Plaintiff's Exhibit #4, attachments to Statement of Claim).

Thereafter on September 20, 2018, undersigned received a notification that Mr. Gooding's Statement was insufficient as it failed to respond to "other key questions."  Upon a review of the Particularized Statement of Claim and in an effort to determine which key question was not answered, counsel for plaintiff noted that the final version of his Particularized Statement which he submitted to the Plaintiff's Steering Committee and to counsel for BP did not include a response to Question No. 31.  (See Plaintiff's Exhibit #4, page 7).

In order to confirm that Question No. 31 formed the basis for the alleged deficiency in Mr. Gooding's claim, the undersigned counsel reached out to counsel for BP by placing two phone calls and sending an email in an effort to affirm that nothing other than Question 31 was at issue.  At the time of this filing, counsel for BP had not yet responded. Seeing no other unanswered questions and therefore assuming that Question No. 31 is, in fact, the source of

the notification of insufficiency, counsel for plaintiff wishes to point out two key considerations to this Honorable Court.

First, in the experience of plaintiff and his counsel, there was a distinct challenge presented by the formatting of this Particularized Statement of Claim.  Most questions could be answered in the space provided, but it was necessary to type the responses onto a blank fillable formed copy of the Sworn Statement, since the document itself was a PDF file that could not be edited.  During the course of editing and completing Mr. Gooding's Particularized Statement of Claim, there were several instances wherein certain answers were not on the printout copy even when filled into the space provided on the online version.  This happened on more than one occasion.  This had to have been the case with regard to Mr. Gooding's response to Question No. 31, as the final draft of his Statement included the response to Question No. 31 (see attached, Plaintiff #5, Page 7 of 12 of  Mr. Gooding's Particularized Statement of Claim). For reasons unknown, the answer to Question No. 31 did not translate to the printed and final version of Mr. Gooding's Particularized Statement of Claim. . In fact, Question No. 31 was the only question on his statement that did not include an answer when submitted to the Plaintiff's Steering Committed and to BP.  The question at hand refers to when Mr. Gooding first reported or sought treatment for his injury or illness and the answer is August 23, 2010, a date that is coincides with the exposure timeframes and treatments described by Mr. Gooding in the balance of his Particularized Statement of Claim.   Moreover, when this single question is examined in the context of Mr. Gooding's extensive efforts to submit and to maintain his claim throughout the years of this litigation as described herein, the absence of one answer should not work to undermine the validity of his total actions. This is especially true considering the

nature of Question No. 31 and those questions surrounding the same on the Particularized Statement, which brings us to the second reason not to dismiss Mr. Gooding's case.

Second, Question No. 31 asks "on which date did you first report or seek treatment for your injury or illness." While this question certainly asks for important information, it is strongly related to and even repetitive of the following questions:

1. Date of exposure (Question 20);
2. Date of first diagnosis (Question 32);
3. Names of doctors who first diagnosed the injury (Question 33).

As this Honorable Court can see, all of the above questions were answered in full by Mr. Gooding. Cumulatively, Mr. Gooding's responses to these questions illustrate to counsel for BP the type of exposure suffered by Mr. Gooding, the time frame surrounding his exposure, the length his exposure, and which doctors treated him for the same. In other words, although it was a simple error for Mr. Gooding's Statement to lack an answer to Question No. 31, the absence thereof is easily curable and not prejudicial to BP in any way. As noted, the answer to the question is August 23, 2010. Plaintiff is willing and able to formally supplement his response if need and has attached page 7 of 12 from the final draft of his Statement which did in fact have his response to Question Number 31. (See attached, Plaintiff #5).

For the above stated reasons, plaintiff maintains that he made every effort to fully and completely comply with the instructions of the Court and that any errors included in his response were inadvertent and made moot by the balance of his response. Accordingly, plaintiff moves this Honorable Court to sustain his case and to accept the response to Question No. 31 provided herein or to, if necessary, Mr. Gooding to formally amend his Particularized

Statement of Claim to include his answer to Question No. 31. Further, should the "other key question" turn out to be something altogether different or more than Question No. 31, plaintiff would ask for specific notice from BP as to which key question(s) remains unanswered, as well as the opportunity to answer the same.

Respectfully submitted,

JACOBS MANUEL KAIN & AAMODT
(A Group of Law Corporations)

/s/ Jodi J. Aamodt
_____
JODI J. AAMODT       #21639
500 St. Louis Street, Ste. 200
New Orleans, LA 70130
Telephone (504) 523-1444

And

Brandon J. Taylor, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23
Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel for record, by the court's ECF filing system on the 9th day of October, 2018.

/s/ Jodi J. Aamodt
_____
       JODI J. AAMODT