UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico on April 20, 2010 | * | MDL 2179 |
| | | SECTION "J" |
| This Document Relates to: All Cases in Pleading Bundle B3 | * | JUDGE BARBIER |
| | | MAG. JUDGE WILKSINSON |
| JOHN GOODING | * | CIVIL ACTION NO: |
| VERSUS | * | SECTION "J" |
| BP AMERICA, INC, BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, INC. AND BP P.L.C. | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |
| | * | |

COMPLAINT
(Jury Trial)

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, JOHN GOODING, respectfully representing as follows:

1.

Plaintiff, JOHN GOODING, is a person of the full age of majority and resident domiciliary of Pass Christian, State of Mississippi.

2.

Made Defendants herein are:

   a) BP America, Inc., ("BP America") a non-Louisiana corporation licensed to do and doing business within the jurisdiction of this Honorable Court and having its domicile in the State of Delaware;

   b) BP Exploration & Production, Inc. ("BP Exploration") a Delaware corporation with its principal place of business in Warrenville, Illinois;

c) BP P.L.C. ("BP P.L.C.") a British public limited company with its corporate headquarters in London, England (BP Exploration, BP America, and BP P.L.C. are herein after collectively referred to as "BP");

d) BP America Production Company, Inc. ("BP America Production"), a Delaware corporation with its principal place of business in Houston, Texas.

BP America, BP Exploration, BP P.L.C., and BP America Production are referenced herein collectively as "BP."

3.

Jurisdiction of this Honorable Court is proper under 28 U.S.C. §1333 as this is an admiralty/maritime claim. This matter falls under the Admiralty Extension Act 46 USCA app. § 30101. Moreover, this matter is governed by the General Maritime Law, the Oil Pollution Act, the Clean Water Act, and the applicable state law for supplementation as appropriate. In the alternative, diversity jurisdiction exists in this case pursuant to 28 U.S.C. §1332.

4.

At all times relevant to the instant Complaint, plaintiff resided two blocks from beach along the Gulf of Mexico in Bay St. Louis, Mississippi at 237 Washington Street.

5.

On or about April 20, 2010, an explosion and fire destroyed the Deepwater Horizon offshore drilling rig in the Gulf of Mexico off of the southeast coast of Louisiana. For months after the explosion and fire, crude oil gushed from the site of the explosion in unprecedented amounts.

6.

The Deepwater Horizon explosion and subsequent spill caused significant pollution at or around the area in which Plaintiff resided and the toxic materials washing up along the beach and

2

sitting stagnant in the waters along the beaches in Bay St. Louis along with the variety of products utilized by Defendants to attempt to remediate the situation caused Plaintiff to be exposed to dangerous levels of toxins at and around his place of residence for a significant period of time.

7.

The BP Defendants were negligent in causing the fire and explosion and the uncontrolled release of massive oil, chemicals and gasses, resulting in injuries and damages to plaintiffs.

8.

Being in close proximity to the toxic oil and/or toxic chemicals and/or toxic materials, plaintiff was exposed to the toxins on a regular and daily basis. This exposure caused significant and permanent physical and mental injuries to plaintiff.

9.

The incident forming the subject matter of this litigation occurred through no fault of plaintiff, but instead as a direct result of the negligence and fault of Defendants "BP", as well as, their employees, agents and/or servants for which they are responsible. Plaintiff asserts a cause of action against Defendants and their employees, agents and/or servants for which they are responsible in one or more of the following non-exclusive respects:

    (a)    Failure to prevent the Deepwater horizon explosion and subsequent oil spill;

    (b)    Failure to timely stop the oil and other toxins from leaking from the well being serviced by the Deepwater Horizon and into the Gulf of Mexico at substantial amounts, including into the areas in which Plaintiff resides;

    (c)    Failure to properly and timely clean-up the oil and other toxins from the Gulf of Mexico, including but not limited to the area in which Plaintiff resides;

    (d)    Failure to utilize proper and safe products in its attempt to clean up the oil and other toxins from the Gulf of Mexico, including but not limited to the area in which Plaintiff resides;

(e) Failure to take the necessary and reasonable steps to protect the health and welfare of plaintiff and other persons working and living in close contact with the toxic chemicals;

(f) Failure to properly investigate and conduct an adequate job risk analysis to recognize the danger of working and living in this general area following this explosion and oil spill;

(g) Failure to properly inspect and warn plaintiff and others of the hazards present during these operations, including but not limited to the dangers of exposure to toxic materials;

(h) Failure to properly train personnel in the use of safety equipment;

(i) Failure to adequately supervise operations;

(j) Failure to provide adequate safety training, guidelines and proper safety precautions to plaintiff and others;

(k) Failure to have an adequate and safe method for accomplishing the task during which plaintiff was injured;

(l) Failure to institute and maintain proper safety measures;

(m) Other negligent acts and/or omissions to be shown at the trial of this matter.

10.

All of the above stated actions and inactions of Defendants set forth in this Complaint are violations of the General Maritime Law, the Oil Pollution Act, the Clean Water Act, and applicable state law.

11.

In addition to the negligent actions described above, and in the alternative thereto, the injuries and damages suffered by Plaintiff were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiff, but which were within the knowledge and control of the Defendants, there being no other possible conclusion than that the fire, explosion, sinking and oil resulted from the negligence of the BP Defendants. Furthermore, the fire,

explosion, sinking and the resulting oil spill would not have occurred had the Defendants exercised the high degree of care imposed on them and Plaintiffs, therefore, plead the doctrine of res ipsa loquitur.

12.

As a result of said accident, Plaintiff sustained severe physical and mental injuries including but not limited to the development of seizures, respiratory issues, vision problems, cognitive disorders, memory problems, toxic poisoning, respiratory problems, skin rashes, stomach complications, and other long term health effects not known at this time. Plaintiff seeks the following damages in connection with his injuries:

(a) Past and future lost/impaired wages, income, earning capacity and employment related benefits;

(b) Past and future physical pain and suffering, disability and disfigurement;

(c) Past and future mental and emotional pain and suffering, as well as, the loss of enjoyment of life;

(d) Past and future medical, custodial and rehabilitation expenses;

(e) Punitive damages;

(f) Additional damages to be shown at the trial of this matter.

13.

Nothing plaintiff did or failed to do caused or contributed to the above described accident and the resulting injuries.

14.

Plaintiff seeks punitive damages under maritime law and/or alternatively under state law, on the grounds that the wrongful conduct of the Defendants has been wanton, reckless and in gross disregard for the safety and health of the plaintiffs. Plaintiffs therefore seek punitive

damages against said Defendants to punish them for their gross disregard for safety and health of the plaintiffs.

15.

Defendants' misconduct caused Plaintiff to be exposed to disastrous levels of crude oil vapors, natural gas, dispersants, and other gasses and chemicals ("harmful substances"). Not only is this the largest oil spill in the country's history but it is also believed to be the largest use of dispersants ever.

16.

The exposure to these harmful substances was compounded exponentially by the burning technique employed by Defendants as a remediation method. Upon information and belief, exposure to these substances creates an unreasonable risk of harm because it creates an exposure to the following non-exclusive list of one or more components and/or by-products: (1) aromatic hydrocarbons; (2) straight chained hydrocarbons; (3) benzene rings; (4) polycyclic aromatic hydrocarbons; (5) crude oil constituents; (6) heavy metals; (7) naphthalene; (8) benzopyrene diolepoxide; (9) 2-butoxyethanol; and (10) numerous other dangerous substances.

17.

Defendants knew or should have known that exposure to these substances in these amounts created an unreasonable risk of harm to Plaintiffs.

18.

At all material times, Plaintiff was unaware and had no reasonable way to know or realize that his significant exposure to these substances created an unreasonable risk of harm. As a proximate result of his exposure, Plaintiff suffered significant injuries as set forth herein as well as a significantly increased risk of contracting a serious latent disease and/or medical condition,

6

including but not limited to the following: scrotal cancer, esophageal cancer, stomach cancer, lung cancer, intestinal cancer, kidney cancer, bladder cancer, leukemia, lymphoma, skin cancer, brain cancer, synovial sarcoma, breast cancer, laryngeal cancer.

19.

Plaintiff's risk of contracting a serious latent disease is greater than (a) the risk of contracting the same disease had he not been exposed and (b) the chances of members of the public at large developing the disease.

20.

A monitoring procedure exists that makes the early detection of the disease possible. Many of the environmental diseases from toxic exposure are chronic in nature and may take years to develop. Clinical warning signs can be utilized to prevent the development of the disease. Some diseases can be reversed if detected early enough. When the environmental disease cannot be prevented, early detection can affect the disease process such that proper treatment may be received early for the best results. The object of medical surveillance is to detect the development of a disorder while the disorder is still subclinical (without symptoms).

21.

The monitoring procedure can be prescribed by a qualified physician and is reasonably necessary according to contemporary scientific principles. The development of abnormal laboratory tests during medical surveillance may provide a warning signal of developing disease or malignancy.

22.

The monitoring regime would be different from that normally recommended in the absence of exposure. Procedures may include, but not be limited, to the evaluation of

hematological, clinical chemistry, urinalysis, occult blood, and immunological parameters.

23.

There is demonstrated clinical value in the early detection and diagnosis of the disease. Combined with physician evaluation and additional medical monitoring procedures, early diagnosis provides successful treatment, prevention of loss of life, and reduction in pain and suffering and health care costs.

24.

Plaintiff is entitled to prejudgment interest on damages from the date of loss. As to any damages which the Court determines are not properly subject to an award of prejudgment interest, plaintiff seeks interest from the date of judicial demand or, in the alternative, the date of judgment.

25.

Plaintiff is entitled to and requests a trial by jury on all issues raised in this complaint.

WHEREFORE, plaintiff, JOHN GOODING, prays that Defendants BP AMERICA, INC., BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY and BP P.L.C., be served with a copy of this lawsuit and that after a trial by jury and all due proceedings, there be judgment rendered in favor of the plaintiff in an appropriate sum, plus all due interests and costs. Plaintiff also prays for all other appropriate general and equitable relief necessary and proper under the circumstances.

Respectfully submitted,

**JACOBS, MANUEL, KAIN & AAMODT**

/s/ Jodi J. Aamodt
BY: _____
**STANLEY J. JACOBS, #7211**

**JODI JACOBS AAMODT, #21639**
jmk_jodi@bellsouth.net
500 Saint Louis Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 523-1444
Facsimile: (504) 524-1655

**COSSICH, SUMICH PARSIOLA & TAYLOR L.L.C.**
**PHILIP F. COSSICH, JR., #1788 (T.A.)**
pcossich@cossichlaw.com
**BRANDON TAYLOR, #27662**
btaylor@cossichlaw.com
**DAVID A. PARSIOLA, #21005**
dparsiola@cossichlaw.com
**DARREN D. SUMICH, #23321**
dsumich@cossichlaw.com
**CHRISTINA COSSICH, #32407**
ccossich@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

**SERVICE WILL BE ATTEMPTED BY WAIVER**