# Rule Response Exhibit B - Hilal Jaouhari's Amended Particularized Statement of Claim

> **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**
> **Civil Action No. 10-MD-2179-CJB-SS**
>
> **PTO 66 PARTICULARIZED STATEMENT OF CLAIM**
> **FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** Hilal Jaouhari

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A. YOUR BACKGROUND INFORMATION**

1. Current address:

   Address Line 1: 7407 Dudley Avenue

   Address Line 2: _____

   City: Cleveland      State: OH      Zip: 44102

2. Telephone number: 504-343-3160

3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: _____

4. Date and Place of Birth: ███████ _____

5. Male  X____    Female____

6.    Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---------|--------------------|
| See Exhibit A attached. |  |
|  |  |
|  |  |

7.    Employment Information:

      A.    Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|----------|---------|---------------------|-----------------------|
| See Exhibit B attached. |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

8.    Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)?  Yes _____ No __X__  If *"Yes,"* when were you out of work and why? _____

_____

**B.      THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.      Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

      Yes_____        No__X__

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

      **1.      Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement.  (Rec. Doc. 6427-1 at 11-12, 25)).)

10.      Was your cleanup work performed onshore (on land) or offshore (on the water)?

      Onshore_____          Offshore_____          Both_____

11.      Were you hired as part of the Vessels of Opportunity ("VoO") Program?

      Yes_____        No_____

12.      Did you handle hazardous materials as part of your cleanup work?

      Yes_____        No_____

13.      Please set forth the following information about your cleanup work:

      A.      Your employer(s): _____

      B.      Your supervisor(s) at the employer(s) identified in Question No. 13(A):

            _____

      C.      A description of the work performed for employer(s) identified in Question No.

            13(A):_____

            _____

      D.      The date(s), time(s), and location(s) you performed the work described in Question

            No. 13(C):_____

            _____

E.     The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C):_____

_____

F.     Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C):_____

_____

**2.    Residents/Tourists**

14.    Do you allege that you were exposed to oil or chemical dispersants while a ***resident*** of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_X_____        No_____

15.    Do you allege that you were exposed to oil or chemical dispersants while a ***tourist*** in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____        No_X_____

16.    List all address(es) at which you resided in 2010:_____

See Exhibit A attached.
_____

**C.    INFORMATION ABOUT YOUR B3 CLAIM**

17.    Are you claiming that you suffered damages from (*Check all that apply*):

_X_Bodily injury from exposure to oil and/or dispersants

_____Bodily injury other than from exposure to oil and/or dispersants

_____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.      EXPOSURE CLAIMS**

18.      Were you exposed to oil, dispersants, or both?

Oil_____            Dispersants_____            Both__X__

19.      How were you exposed? (*Check all that apply*)

A.      Inhalation            Yes__X__       No_____

B.      Dermal (skin) contact            Yes_ ___      No __X__

C.      Ingestion            Yes_ ___      No __X__

D.      Other (please describe):

20.      What was the date(s) of your exposure?    See response to Question 21.

Day: _____      Month: _____      Year: _____

21.      How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

Continuous environmental/residential exposure to both oil and dispersants beginning on or about 4/20/10 , in the areas including, but not limited to: New Orleans, LA.

_____

_____

22.      What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

See response to Question 21.

_____

_____

_____

23.      For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

See response to Question 21 and Exhibit C attached.

_____

_____

24.  Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

  See Exhibit C attached. _____

  _____

  _____

25.  *For cleanup workers only*:  Did you report your exposure to oil and/or dispersants to your direct supervisor?

  Yes_____        No_____

26.  *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

  _____

  _____

  _____

E.    **NON-EXPOSURE PERSONAL INJURY CLAIMS**    N/A

27.  For your non-exposure personal injury, please state:

  A.    The nature of your injury:_____

  B.    The date(s) of your injury:_____

  C.    The location(s) of your injury:_____

  D.    The work that you were performing when you sustained your injury:_____

      _____

      _____

  E.    Identify any individual(s) who witnessed your injury:_____

      _____

28.  Describe in as much detail as possible the circumstance(s) of your injury: _____

  N/A _____

  _____

  _____

**F.      INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29.     Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

   See Exhibit D attached.

30.     Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

   See Exhibits C and D attached.

31.     On what date did you first report or seek treatment for your injury or illness: See Exhibit D attached.

32.     On what date was your injury first diagnosed: 

   See Exhibit D attached.

33.     Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|------|---------|
| See Exhibit D attached. | |
| | |

34.   Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
| See Exhibit D Attached. | |
| | |
| | |
| | |

35.   Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No __X___. If "*Yes*,"

      A.   When? _____

      B.   Who diagnosed the injury (or condition) at that time? _____
               _____
               _____

      C.   Who treated the injury (or condition) at that time?_____

36.   Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

      Yes _____ No___X__. If "*Yes*,"

      A.   What date did you first experience such injury or condition?_____

      B.   What injury (or condition) was made worse? _____

               _____

37.     Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|------|---------|
| See Exhibit D attached. | |
| | |
| | |
| | |
| | |

38.     Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes __X__    No _____

39.     Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

See Exhibit E attached._____

_____

_____

40.     Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes_____    No__X____

If "Yes":

A.      From whom did you receive this compensation or reimbursement?_____

_____

      B.      When did you receive this compensation or reimbursement?_____

                  _____

      C.      What was the amount of the compensation or reimbursement?_____

                  _____

**G.**    **CONTRACT CLAIMS**

     *(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

     Yes_____     No__X____

42.    Was the contract that you claim was breached made as part of the VoO Program?

     Yes_____     No_____

43.    Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

     _____

     _____

44.    Describe how the contract was breached:_____

     _____

     _____

45.    *If you were part of the VoO Program:*  Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

     _____

     _____

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

     _____

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that  amount:_____

     _____

_____

_____

48.    Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:


Date: 06/14/18 , 2018

Location (City and State): Cleveland, Ohio

_____

Signature of Plaintiff*

***Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.***

Hilal Jaouhari
_____

Print Name


_____

Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman 820 O'Keefe Ave. |
| Kirkland & Ellis LLP | New Orleans, LA 70113 |
| 300 North LaSalle St., Suite 2400 | |
| Chicago, IL 60654 | |

Hilal Jaouhari — 216-762-2399

**Exhibit A – Question 6**

Plaintiff: Jaouhari, Hilal

| Address | Dates of Residence |
|---|---|
| 7407 Dudley Avenue<br>Cleveland, OH 44102 | Present |
| 1913 Fulton road<br>Cleveland, OH 44113 | 3/8/2015 |
| 2109 Mehle Avenue<br>Arabi, LA 70032 | 4/22/2013 |
| 312 De La Ronde Drive<br>Chalmette, LA 70043 | 12/17/2013 |
| 412 Community Street<br>Arabi, LA 70032 | 2010 2011 |
| 4116 Valley Road Apt 104<br>Cleveland, OH 44109 | 2009 |
| 1615 Denley Avenue<br>Cleveland, OH 44109 | 2007 – 2008 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Exhibit B – Question 7**

Plaintiff: Jaouhari, Hilal

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Marriott International Admin Services, Inc. | 10400 Fernwood Road Bethesda, MD 20817 | 2007 – 2009 | |
| West Third Restaurant Corp | 55 Public Square Cleveland, OH 44113 | 2008 | |
| Wyndham Hotel Management, Inc. | 1950 Stemmons Frwy 60 Dallas, TX 75207 | 2009 | |
| Rick's Veterans, LLC | 1524 High Avenue Metairie, LA 70001 | 2010 – 2011 | Cashier |
| Rick's Elysian Fields, LLC | 3604 Lake Kristin Drive Gretna, LA 70056 | 2010 – 2011 | Cashier |
| Construction | Cleveland, OH | 2016- Present | |
| | | | |
| Plaintiff will supplement this | | | |
| Response as necessary in formal discovery | | | |

# Exhibit C
# Hilal Jaouhari

The Plaintiff was exposed to known-carcinogenic compounds via exposure to crude oil and the Corexit dispersants used on a constant basis for months following the Deepwater Horizon disaster as a resident of New Orleans, LA. Plaintiff also had exposure to the hazardous chemicals while at work, as he usually worked about 40 hours per week at a gas station near the impacted zones.  Because Plaintiff's subpoena powers have been suspended for the past 7 years under the Court's Order Staying Proceedings, he reserves the right to alter, amend, or supplement his responses to any of the questions within his Particularized Statement of Claim at any time up to and including the time of trial.

For general causation, Plaintiff relies in part on material and opinions provided by toxicologist Dr. Patricia Williams.  Again, as Plaintiff has not been able to conduct discovery, he is unable to state with certainly exactly which compounds were present and in which areas. Plaintiff alleges that while the crude oil itself was a threat, the mixture of the crude oil with the dispersants used, particularly in combination with the dense, humid, extremely hot air in the Gulf over the summer months, caused these dangerous chemicals (PAHs, or Polycyclic Aromatic Hydrocarbons, as well as heavy metals including but not limited to Arsenic, Chromium, Copper, Lead, Mercury, Radium,  Barium, Thorium, and Thallium) to become air-borne as they evaporated, essentially making escape from these chemicals impossible without advanced personal respiratory equipment. Plaintiff craves reference to the following studies and published articles to support his position that the chemicals to which he was exposed on a daily basis caused his injury:

- Atlas, R., and T.C. Hazen. 2011. *Oil Biodegradation and Bioremediation*: A Tale of the Two Worst Spills in U.S. History. *Environmental Science and Technology*. 45:6709-6715.

- Aurell, J., and B.K. Gullet. 2010. Aerostat Sampling of PCDD/PCDF Emissions from the Gulf  Oil Spill In Situ Burns. *Environmental Science Technology*. 44(24): 9431-9437.

- Goldstein, B.,  H.J. Osofsky, and M.Y. Lichtveld. 2011. The Gulf Oil Spill. *The New England Journal of Medicine*. 364:1334-1338.

- Gould, D.W.  et.al. 2015. Behavioral Health in the Gulf Coast Region Following the Deepwater Horizon Oil Spill: Findings from Two Federal Surveys. 2015. J. *Behav. Health Serv. Res*. 42(1): 6-22.

- Jones, R.K. et.al. 1992. The Evaporation of Benzene and a Series of Alkanes from Crude Oil. *NOAA/Hazardous Materials Response and Assessment Division*.

- King, B.S., J.D. Gibbins. 2011. Health Hazard Evaluation of Deepwater Horizon Response Workers. *Health Hazard Evaluation Report*.

- Klaassen, C. 2013. *Casarett & Doull's Toxicology: The Basic Science of Poisons*. New York: McGraw-Hill.

- Mehlman, M.A., 1991. Dangerous and Cancer Causing Properties of Products and Chemicals in the Oil Refining and Petrochemical Industry: Part XI-Carcinogenictiy and Environmental Hazards of Crude Oil, Gasoline, and its Components.  7(5-6):143-152.

- Morris, J.G. et. al., Psychological Responses and Resilience of People and Communities Impacted By the Deepwater Horizon Oil Spill. 2013. *Transactions of the American Clinical and Climatological Association:* 124

- Roberts, J.R. , et.al. 2014. Evaluation of Pulmonary and Systemic Toxicity of Oil Dispersant. (COREXIT EC9500A®) Following Acute Repeated Inhalation Exposure. Environmental Health Insights 2014:8 63-74.

- Rusiecki, J. et. al. The Deepwater Horizon Oil Spill Coast Guard Cohort Study. *Occupational and Environmental Medicine* 2018; 75 163-164 Published Online First: 12 Jan 2018. doi: 10.1136/oemed-2017-104687

- Rusiecki J, Alexander M, Schwartz E, *et al*. P207 Health Effects Associated With Oil Exposures from the Deepwater Horizon Response Among U.S. Coast Guard Responders. *Occup Environ Med* 2016;73:A190.

- Zock J, Rodríguez-Trigo G, Rodríguez-Rodríguez E, *et al.* Persistent Respiratory Symptoms in Clean-Up Workers 5 Years After the *Prestige* Oil Spill. *Occup Environ Med* 2012;69:508-513.

- Stewart P, Stenzel M, Banerjee S, *et al*. The NIEHS GuLF STUDY: Questionnaire Results and Use of Job Exposure Matrices to Link Inhalation and Dermal Exposure Estimates to Study Subjects. *Occup Environ Med* 2014;71:A37.

- Solomon, GM., Janssen S., *et al*. Health Effects of the Gulf Oil Spill. *JAMA* 2010. Published Online First: 2010 Sep 8;304(10):1118-9. doi: 10.1001/jama.2010.1254. Epub 2010 Aug 16.

- Blaylock Wellness Report. Vol 7, No. 8. August 2010.

- Lyons, RA, Temple JM, *et al*. Acute Health Effects of the Sea Empress Oil Spill. *Journal of Epidemiology & Community Health* 1999; 53:306-310.

For specific causation, Plaintiff plans to rely on a variety of medical professionals who have treated him and attributed his symptoms to toxic exposure, including, but not limited to, those who may be listed on Exhibit D; the fact that he had no substantially similar pre-existing health problems comparable to the ones he suffered, and continues to suffer, since BP's oil spill disaster; and the fact that so many other residents in the area have suffered substantially the same symptoms after similar exposure.

**Hilal Jaouhari**

# EXHIBIT D

## MEDICAL RECORDS SUMMARY

**Name:** Hilal A. Jaouhari
**Address:** Time of spill: 412 Community Street, Arabi, LA 70032. Now: 7407 Dudley Avenue, Cleveland, OH 44102
**DOB:** ▮▮▮▮▮▮

| | |
|---|---|
| **EMPLOYERS ASSOCIATED WITH CLEANUP WORK** | N/A. Exposure at home and at work at Shell Gas Stations, aka Ricky's Elysian Fields, LLC and Rick's Veterans, LLC |
| **DATES OF CLEANUP EMPLOYMENT** | Exposure beginning 4/20/10. Moved to Cleveland late 2016. |
| **FIRST MEDICAL TREATMENT** | 4/30/10 Medical Center of LA at New Orleans |
| **SYMPTOMS** | Skin irritation, itching, rashes, SOB, eye irritation, headaches |
| **TYPE OF EXPOSURE** | Inhalation |
| **LOCATIONS WORKED** | Home: 412 Community Street, Arabi, LA. Work: 1601 Elysian Fields Avenue, NOLA & 100 Terry Parkway, Terrytown, LA. |

| DATE | MEDICAL PROVIDER | DETAILS | DOCUMENTS |
|---|---|---|---|
| 04/30/10 | Medical Center of LA at New Orleans **(PCP)** Interim LSU Public Hospital 2021 Perdido Street New Orleans, LA 70112 | ER: C/o left side numbness, lab work performed. Head CT – no active craniocerebral abnormality. Chest x-ray – no convincing evidence of an acute cardiopulmonary process, mild fibronodular charges present w/in the lung apices. EKG – normal sinus rhythm. **Lab Results:** ESR = 28 (High); C-Reactive Protein = 5.74 (High); Potassium = 3.1 (Low); Glucose = 106 (High). | Medical & Billing Records |
| 05/18/11 | Medical Center of LA at New Orleans | C/o toothache and facial swelling on right side of mouth for 3 weeks. Multiple dental carries, multiple broken teeth, very poor dentition. Increased blood pressure, possibly due to pain. **Social Hx:** tobacco abuse. **Assessment and Plan:** very poor dentition, multiple dental caries and abscess to right lower molar. Penicillin for 10 days. Warm salt water and peroxide. Dental referral for first available appointment. Labs for elevated blood pressure and lab evaluation in 3 to 4 weeks. Primary care physician referral to L-Medicine Discharged from urgent care clinic in good condition. Given Percocet and to take Tylenol if fever | Medical & Billing Records |

# EXHIBIT D

| | | develops. Go straight to ER if fever temperature exceeds 101.5 or if not better after antibiotics. | |
|---|---|---|---|
| 06/13/11 | Medical Center of LA at New Orleans | C/o continued toothache, very poor dentition, some facial swelling of right lower mouth. **Lab Results:** RBC Count 4.03 (Low); Hemoglobin = 13.1 (Low); Hematocrit = 38.5 (Low); HDL Cholesterol = 37 (Low). **Assessment and Plan:** Very poor dentition, probable right molar abscess which is recurrent. Penicillin for 10 days. Warm salt water and peroxide. Will re-refer him to dental clinic. Blood pressure is stable at present. Labs will be evaluated next visit. Referred to L-Medicine first available appointment. Prescribed Percocet and Tylenol PRN. Return to urgent care if not better after taking antibiotics. Follow-up in 1 month for evaluation of labs and to assure that he has his referral. | Medical & Billing Records |
| 08/05/11 | Medical Center of LA at New Orleans | Tooth extraction with focus upon Tooth #11 with gross periodontal disease and Tooth #12 with periodontal and caries disease. **Impression:** post chronic periodontitis and dental caries. **Plan:** extraction of Tooth #11 and #12 under local anesthesia and patient will follow up in next available appointment for more teeth extractions and eventual full mouth tooth extraction. **Rx:** Lortab. **Disposition:** removal of Teeth# 11 and 12 without complication. Gauze was placed to achieve hemostasis and patient was discharged from oral and maxillofacial surgery clinic in stable condition. | Medical Records ONLY |

# EXHIBIT E
# Hilal Jaouhari
# (Question 39)

Plaintiff seeks compensation for past and future medical bills, incurred as a result of his physical and mental injuries as detailed in his Complaint and further herein. Plaintiff is also seeking compensation for related out-of-pocket expenses, prescription costs, future health monitoring, pain and suffering (including the fear of developing blood-based illnesses and particularly cancer, which are known to be caused by exposure to the chemicals to which Plaintiff was exposed). These damages accrued during his residency, and have continued to accrue to the date of this statement. Pain and suffering, mental distress, and fear of diseases are not subject to exact mathematical calculation. Considering past, present, and future medical problems and related damages, Plaintiff is seeking no less than Fifty Thousand ($50,000.00) dollars as compensatory damages in addition to punitive damages, to be determined by a jury.