IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | Civil Action No. 2:10-MD-02179 <br><br> SECTION: J(2) <br><br> JUDGE CARL BARBIER <br><br> MAG. JUDGE WILKINSON |
| Applies to: <br><br> Civil Action No. 2:17-cv-04285 <br><br> Lula Richardson v. BP Exploration & Production, Inc. et al | |

### RESPONSE TO RULE TO SHOW CAUSE ORDER FOR PTO 66

Plaintiff Lula Richardson ("Plaintiff"), soon to be amended to the Estate of Lula Richardson, by and through her undersigned attorneys, responds to the Rule to Show Cause issued by this Court on September 20, 2018, as follows: BP asserts this Plaintiff's extensive Pretrial Order No. 66 Particularized Statement of Claim is "materially deficient" because Plaintiff "failed to respond to other key questions." The vagueness of BP's characterization of the alleged material deficiency makes it impossible for Plaintiff to know how to adequately respond to the Rule to Show Cause. Plaintiff asks that the Court direct BP to specifically identify which "key questions" Plaintiff has failed to sufficiently answer and allow Plaintiff a reasonable amount of time to amend her answer or otherwise respond, keeping in mind that most of the information requested has been lost with Ms. Richardson's passing.

### I. BACKGROUND

On April 9, 2018, this Honorable Court issued Pretrial Order ("PTO") No. 66, which required all plaintiffs compliant with PTO No. 63 to submit a Particularized Statement of Claim

to counsel for BP and the Plaintiffs' Steering Committee ("PSC"). A full, updated list of all PTO No. 63-compliant Plaintiffs is filed in this case as Document No. 24268-1. Plaintiff was listed as being compliant with PTO No. 63.

Pursuant to PTO No. 66, Plaintiff sent her Particularized Statement of Claim to counsel for BP and Plaintiffs' Steering Committee on August 7, 2018. Plaintiff's originally-submitted Particularized Statement of Claim is attached as "Rule Response Exhibit A" hereto. BP later identified Plaintiff as having submitted a "materially deficient" response to PTO No. 66. See Exhibit 4 to the Court's Order to Show Case re: Compliance with PTO 66 (Doc. No. 24875). The only category for deficiency BP listed for Plaintiff Davis was the ambiguous, vague category of "Failing to Respond to Other Key Questions."

## II.  ARGUMENT

The Court should find the attached Particularized Statement of Claim as compliant as possible under the circumstances, considering that the Plaintiff has passed away prior to the issuing of PTO 66.

This Court's Order in PTO 66 required BP to "submit *in camera* to the Court and to the PSC: . . . (b) a list of plaintiffs that made some form of submission in response to PTO 66, but whose submissions BP in food faith believes are materially deficient **for one or more identified reasons**." See PTO 66, Doc. No. 24284, pg. 2-3. (emphasis added). "Failing to respond to other key questions" is not a properly "identified reason" because it is unreasonably vague. There are over 60 questions including subparts that Plaintiff was required to answer in her Particularized Statement of Claim under PTO 66. Plaintiff has no way of knowing which questions BP deems as "key questions," nor which questions it feels Plaintiff responded to in a "materially deficient" manner.

Dismissal with prejudice of Plaintiff's lawsuit based solely on a vague and ambiguous determination by the Defendant of "material noncompliance" for failing to respond to completely unidentified "key questions" would be a miscarriage of justice.  Plaintiff remained steadfast in her allegations and suffering throughout the years since the Gulf Oil Spill until her death, and her Estate has completed all of the other requirements the Court has imposed upon her thus far.  For these reasons, the Court should find that Plaintiff Richardson has sufficiently complied with the requirements it imposed within PTO 66 and allow her case to remain active.

### III.  CONCLUSION

Plaintiff in this case passed away on July 4, 2015.  Due to her passing, most of the information required by PTO 66 is unavailable, as Ms. Richardson was the only person with the requisite knowledge to fully answer the questions.  Plaintiff has met every procedural requirement imposed by the Federal Rules of Civil Procedure and the Court thus far.

Under these circumstances, it would be a grave injustice to dismiss Plaintiff's claim with prejudice due to an ambiguous complaint with the unidentified answers submitted in the Particularized Statement of Claim required by PTO No. 66.  Plaintiff thereby requests that the Court accept the attachments as being compliant with PTO 66, or, in the alternative, require BP to submit to Plaintiff a statement detailing precisely the questions on which it requires further information from Plaintiff.

                                                      Respectfully Submitted,

                                                      /s/ Paul A. Dominick
                                                      Paul A. Dominick      Fed ID No. 577
                                                      NEXSEN PRUET, LLC
                                                      205 King Street, Suite 400 (29401)
                                                      P.O. Box 486
Dated:  October 10, 2018                Charleston, SC  29402

PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com
And

Douglas M. Schmidt    Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

*Counsel for Plaintiff, Lula Richardson (Deceased)*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing Response to Rule to Show Cause Order for PTO 66 has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on October 10, 2018.

                                                  /s/ Paul A. Dominick

                                                  Paul A. Dominick