# Exhibit A - Lula Richardson Submitted Particularized Statement of Claim

# EXHIBIT A

| |
|---|
| ***In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*** <br> **Civil Action No. 10-MD-2179-CJB-SS** <br><br> **PTO 66 PARTICULARIZED STATEMENT OF CLAIM** <br> **FOR REMAINING B3 PLAINTIFFS** |

**PLAINTIFF'S FULL NAME:** Estate of Lula Richardson -- See Exhibit F

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

## A.    YOUR BACKGROUND INFORMATION

1.    Current address:

    Address Line 1:    5513 Lighthouse Circle

    Address Line 2:    c/o Dana Richardson

    City: Ocean Springs    State: MS    Zip: 39564

2.    Telephone number:    n/a

3.    Maiden or other names used or by which you have been known, and the dates during which you were known by such names: Lula Bell Richardson

4.    Date and Place of Birth: 6/1/1952, Pascagoula, MS

5.    Male_____    Female__X__

6.      Each address (other than your current address) at which you have lived during the last ten
        (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| See Exhibit A | |
| | |
| | |

7.      Employment Information:

        A.      Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last
                employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| See Exhibit B | | | |
| | | | |
| | | | |
| | | | |

8.      Have you ever been out of work for more than thirty (30) days for reasons related to your
        health (other than pregnancy)?  Yes __X__ No _____ If "Yes," when were you out of work
        and why?   Plaintiff was disabled, but it is unknown when or why; See Exhibit F
        _____

**B.**      **THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.      Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

Yes_____          No___X___

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

**1.      Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement.  (Rec. Doc. 6427-1 at 11-12, 25).)

10.      Was your cleanup work performed onshore (on land) or offshore (on the water)?

Onshore_____          Offshore_____          Both_____

11.      Were you hired as part of the Vessels of Opportunity ("VoO") Program?

Yes_____          No_____

12.      Did you handle hazardous materials as part of your cleanup work?

Yes_____          No_____

13.      Please set forth the following information about your cleanup work:

A.      Your employer(s): _____

B.      Your supervisor(s) at the employer(s) identified in Question No. 13(A):

_____

C.      A description of the work performed for employer(s) identified in Question No. 13(A):_____

_____

D.      The date(s), time(s), and location(s) you performed the work described in Question No. 13(C):_____

_____

E.    The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C):_____

_____

F.    Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C):_____

_____

**2.    Residents/Tourists**

14.   Do you allege that you were exposed to oil or chemical dispersants while a ***resident*** of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes___X___      No_____

15.   Do you allege that you were exposed to oil or chemical dispersants while a ***tourist*** in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____      No___X____

16.   List all address(es) at which you resided in 2010:_____

See Exhibits A and F
_____

**C.    INFORMATION ABOUT YOUR B3 CLAIM**

17.   Are you claiming that you suffered damages from (*Check all that apply*):

X_____Bodily injury from exposure to oil and/or dispersants

_____Bodily injury other than from exposure to oil and/or dispersants

_____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.      EXPOSURE CLAIMS**

18.   Were you exposed to oil, dispersants, or both?

Oil_____                    Dispersants_____                    Both__X__

19.   How were you exposed? (*Check all that apply*)

A.      Inhalation                    Yes _X_____          No_____

B.      Dermal (skin) contact          Yes _X_____          No_____

C.      Ingestion                    Yes _X_____          No_____

D.      Other (please describe):   _____

20.   What was the date(s) of your exposure?   See Exhibit C and Answer to 21

Day: _____      Month: _____      Year: _____

21.   How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

Continuous environmental/residential exposure beginning on or about 4/20/10, including, but not limited to Moss Point and Ocean Springs, MS, and from washing son's clothes after working the oilspill clean up.

_____

22.   What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

See Exhibits C and F

_____

_____

_____

23.   For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

See Exhibits C and F

_____

_____

24.   Describe in as much detail as possible the circumstance(s) in which your exposure to the
      oil spill and/or chemical dispersant occurred: _____

      See Exhibits C and F
      _____

      _____

      _____

25.   *For cleanup workers only*:  Did you report your exposure to oil and/or dispersants to your
      direct supervisor?

      Yes_____          No_____

26.   *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom
      you reported your exposure and the date you first reported the exposure:

      _____

      _____

      _____

**E.      NON-EXPOSURE PERSONAL INJURY CLAIMS**

27.   For your non-exposure personal injury, please state:   N/A

      A.      The nature of your injury:_____

      B.      The date(s) of your injury:_____

      C.      The location(s) of your injury:_____

      D.      The work that you were performing when you sustained your injury:_____

              _____

              _____

      E.      Identify any individual(s) who witnessed your injury:_____

              _____

28.   Describe in as much detail as possible the circumstance(s) of your injury: _____

      _____

      _____

      _____

**F.      INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29.     Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

See Exhibits D and F

_____

_____

30.     Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

See Exhibits C, D, and F

_____

_____

_____

_____

31.     On what date did you first report or seek treatment for your injury or illness:

See Exhibit D

32.     On what date was your injury first diagnosed:_____

See Exhibit D

33.     Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|------|---------|
|      | See Exhibit D |
|      |         |

34.     Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
|      | See Exhibit D |
|      |         |
|      |         |
|      |         |

35.     Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____  No _____.  If "*Yes*,"

   A.     When? ___See Exhibit F._____

   B.     Who diagnosed the injury (or condition) at that time? _____
          _____
          _____

   C.     Who treated the injury (or condition) at that time?_____

36.     Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

        Yes _____  No_____.  If "*Yes*,"

   A.     What date did you first experience such injury or condition?_____
   B.     What injury (or condition) was made worse? _____
          _____See Exhibit F._____

37.    Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
|  | None; See Exhibits D and F |
|  |  |
|  |  |
|  |  |
|  |  |

38.    Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes __X__    No _____

39.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

_____See Exhibit E_____

_____

_____

40.    Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes_____    No __X____

If "Yes":

A.    From whom did you receive this compensation or reimbursement?_____

_____

      B.       When did you receive this compensation or reimbursement?_____

             _____

      C.       What was the amount of the compensation or reimbursement?_____

             _____

**G.**     **CONTRACT CLAIMS**

       (*For plaintiffs claiming breach of contract.*)

41.     Is your claim based on a breach of contract?

       Yes_____       No\_\_\_X\_\_\_\_

42.     Was the contract that you claim was breached made as part of the VoO Program?

       Yes_____       No_____

43.     Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

       _____

       _____

44.     Describe how the contract was breached:_____

       _____

       _____

45.     *If you were part of the VoO Program*:  Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

       _____

       _____

46.     *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

       _____

47.     Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that  amount:_____

       _____

_____

_____

48.   Describe specifically how the breach of contract you allege in response to Question No. 44
      caused the damages you allege in response to Question No. 47.

_____

_____

_____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _June 14_, 2018

Location (City and State): _Ocean Springs, MS_

_(signature)_

Signature of Plaintiff*

***Plaintiff's Attorney _Cannot_ Sign on Plaintiff's Behalf.  For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.**

_Dana Richardson on behalf of Lula Richardson_

Print Name

_____

Title/Position (_if signed on behalf of a business or other entity_)

By no later than **Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn:  J. Andrew Langan | c/o: Steve Herman 820 O'Keefe Ave. |
| Kirkland & Ellis LLP | New Orleans, LA 70113 |
| 300 North LaSalle St., Suite 2400 | |
| Chicago, IL 60654 | |

Lula Richardson (Deceased)

**Exhibit A - Question 6**

| Address | Dates of Residence |
|---|---|
| 4625 Jackson Ave. Moss Point, MS | Unknown; here for oil spill in 2010 |

**Exhibit B - Question 7**

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Singing River Health Systems( Ocean Springs Hospital) | 2819 Denny Ave, Pascagoula, MS 39581 | 2010 | Surgical Tech |

# Exhibit C
# Lula Richardson

The Plaintiff was exposed to known-carcinogenic compounds via exposure to crude oil and the Corexit dispersants used on a constant basis for months following the Deepwater Horizon oil spill disaster as a resident of Moss Point and Ocean Springs, MS.  Plaintiff experienced direct, personal exposure to both oil and dispersants numerous times washing her son's clothes when he worked the oil spill cleanup in the summer months of 2010.  Plaintiff reserves the right to alter, amend, or supplement her responses to any of the questions within her Particularized Statement of Claim at any time up to and including the time of trial.

For general causation, Plaintiff relies in part on material and opinions provided by toxicologist Dr. Patricia Williams.  Again, as Plaintiff has not been able to conduct discovery, she is unable to state with certainly exactly which compounds were present and in which areas. Plaintiff alleges that while the crude oil itself was a threat, the mixture of the crude oil with the dispersants used, particularly in combination with the dense, humid, extremely hot air in the Gulf over the summer months, caused these dangerous chemicals (PAHs, or Polycyclic Aromatic Hydrocarbons, as well as heavy metals including but not limited to Arsenic, Chromium, Copper, Lead, Mercury, Radium,  Barium, Thorium, and Thallium) to become air-borne as they evaporated, essentially making escape from these chemicals impossible without advanced personal respiratory equipment. Plaintiff craves reference to the following studies and published articles to support her position that the chemicals to which she was exposed on a daily basis caused her injury:

- Atlas, R., and T.C. Hazen. 2011. *Oil Biodegradation and Bioremediation*: A Tale of the Two Worst Spills in U.S. History. *Environmental Science and Technology*. 45:6709-6715.

- Aurell, J., and B.K. Gullet. 2010. Aerostat Sampling of PCDD/PCDF Emissions from the Gulf  Oil Spill In Situ Burns. *Environmental Science Technology*. 44(24): 9431-9437.

- Goldstein, B.,  H.J. Osofsky, and M.Y. Lichtveld. 2011. The Gulf Oil Spill. *The New England Journal of Medicine*. 364:1334-1338.

- Gould, D.W.  et.al. 2015. Behavioral Health in the Gulf Coast Region Following the Deepwater Horizon Oil Spill: Findings from Two Federal Surveys. 2015. J. *Behav. Health Serv. Res*. 42(1): 6-22.

- Jones, R.K. et.al. 1992. The Evaporation of Benzene and a Series of Alkanes from Crude Oil. *NOAA/Hazardous Materials Response and Assessment Division*.

- King, B.S., J.D. Gibbins. 2011. Health Hazard Evaluation of Deepwater Horizon Response Workers. *Health Hazard Evaluation Report.*

- Klaassen, C. 2013. *Casarett & Doull's Toxicology: The Basic Science of Poisons*. New York: McGraw-Hill.

- Mehlman, M.A., 1991. Dangerous and Cancer Causing Properties of Products and Chemicals in the Oil Refining and Petrochemical Industry: Part XI-Carcinogenicity and Environmental Hazards of Crude Oil, Gasoline, and its Components.  7(5-6):143-152.

- Morris, J.G. et. al., Psychological Responses and Resilience of People and Communities Impacted By the Deepwater Horizon Oil Spill. 2013. *Transactions of the American Clinical and Climatological Association:* 124

- Roberts, J.R. , et.al. 2014. Evaluation of Pulmonary and Systemic Toxicity of Oil Dispersant. (COREXIT EC9500A®) Following Acute Repeated Inhalation Exposure. Environmental Health Insights 2014:8 63-74.

- Rusiecki, J. et. al. The Deepwater Horizon Oil Spill Coast Guard Cohort Study. *Occupational and Environmental Medicine* 2018; 75 163-164 Published Online First: 12 Jan 2018. doi: 10.1136/oemed-2017-104687

- Rusiecki J, Alexander M, Schwartz E, *et al*. P207 Health Effects Associated With Oil Exposures from the Deepwater Horizon Response Among U.S. Coast Guard Responders. *Occup Environ Med* 2016;73:A190.

- Zock J, Rodríguez-Trigo G, Rodríguez-Rodríguez E, *et al*. Persistent Respiratory Symptoms in Clean-Up Workers 5 Years After the *Prestige* Oil Spill. *Occup Environ Med* 2012;69:508-513.

- Stewart P, Stenzel M, Banerjee S, *et al*. The NIEHS GULF STUDY: Questionnaire Results and Use of Job Exposure Matrices to Link Inhalation and Dermal Exposure Estimates to Study Subjects. *Occup Environ Med* 2014;71:A37.

- Solomon, GM., Janssen S., *et al*. Health Effects of the Gulf Oil Spill. *JAMA* 2010. Published Online First: 2010 Sep 8;304(10):1118-9. doi: 10.1001/jama.2010.1254. Epub 2010 Aug 16.

- Blaylock Wellness Report. Vol 7, No. 8. August 2010.

- Lyons, RA, Temple JM, *et al*. Acute Health Effects of the Sea Empress Oil Spill. *Journal of Epidemiology & Community Health* 1999; 53:306-310.

For specific causation, Plaintiff plans to rely on a variety of medical professionals who treated her and attributed her symptoms to toxic exposure, including, but not limited to, those who may be listed on Exhibit D; the fact that she had no substantially similar pre-existing health problems comparable to the ones she suffered; and the fact that so many other residents of the impacted Gulf coast have suffered similar symptoms since the spill.

Estate of Lula Richardson          **EXHIBIT D**

| <u>Date</u> | <u>Medical Provider</u> | <u>Diagnosis</u> | <u>DOCUMEN TS REC'D</u> | |
|---|---|---|---|---|
| | Ms. Richardson said she had treated at Singing River but we were not able to obtain any medical records before her death | | | |
| | | | | |
| | Symptoms: | bumps or knots under skin which were painful | | |
| | | | | |
| | PCP: Unknown | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# EXHIBIT E
## Lula Richardson (Deceased)
## (Question 39)

Plaintiff, through her Estate, seeks compensation for past medical bills incurred as a result of the physical and mental injuries as detailed in her Complaint and further herein. Plaintiff is also seeking compensation for related out-of-pocket expenses, prescription costs, lost wages, and pain and suffering.  If further discovery lends itself, Plaintiff will also seek damages for loss of consortium, wrongful death, and survival.  These damages accrued shortly after the oil spill began, and continued to accrue to the date of her premature demise.  Pain and suffering, mental distress, and life itself are not subject to exact mathematical calculation. Considering all related damages, Plaintiff is seeking no less than Five Hundred Thousand ($500,000.00) dollars as compensatory damages in addition to punitive damages, to be determined by a jury.

# Exhibit F
# The Estate of Lula Richardson

This Plaintiff passed away on July 4, 2015. Plaintiff's counsel has attempted to obtain as much of the information requested in the Particularlized Statement of Claim as possible, but due to the Plaintiff's unfortunate, premature demise, we are only able to provide answers to the best of our knowledge.  Because the Plaintiff's death preceded Pretrial Order 66, undersigned counsel has attempted to determine the answers based on paperwork already in the file for the Plaintiff along with speaking to the closest known relatives.  There are many questions that cannot be answered due to the fact that the Plaintiff was the only person who had the knowledge to answer the question.  For this reason, Plaintiff reserves the right to supplement, correct, or change any of the answers provided herein at any time hereafter, up to, and including, through trial.

Additionally, Plaintiff does not yet have an estate set up with the Probate Court; thus, Plaintiff's daughter has signed the Attestation on the Plaintiff's behalf.  Once the Estate has been set up for this client, we will supplement with the signature of the Personal Representative of the Estate if necessary.