IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | Civil Action No. 2:10-MD-02179 <br><br> SECTION: J(2) <br><br> JUDGE CARL BARBIER <br><br> MAG. JUDGE WILKINSON |
| Applies to: <br><br> Civil Action No. 2:17-cv-4240 <br><br> Antonio A. Woodland v. BP Exploration & Production, Inc. et al | |

## RESPONSE TO RULE TO SHOW CAUSE ORDER FOR PTO 66

Plaintiff Antonio A. Woodland ("Plaintiff"), through his undersigned attorneys, responds to the Rule to Show Cause issued by this Court on September 20, 2018, as follows: On August 21, 2018, twelve days after the August 9th deadline, Plaintiff submitted his Particularized Statement of Claim ("Statement"). Plaintiff had moved addresses and switched phone numbers earlier this year and thus did not receive the paperwork from the Court in a timely fashion.

On April 9, 2018, this Honorable Court issued Pretrial Order ("PTO") No. 66, which required all plaintiffs compliant with PTO No. 63 to submit a Particularized Statement of Claim to counsel for BP and the Plaintiffs' Steering Committee ("PSC"). A full, updated list of all PTO No. 63-compliant Plaintiffs is filed in this case as Document No. 24268-1. Plaintiff was listed as being compliant with PTO No. 63.

Pursuant to PTO No. 66, Plaintiff Woodland sent his Particularized Statement of Claim to counsel for BP and Plaintiffs' Steering Committee on August 21, 2018. Plaintiff Woodland's Particularized Statement of Claim is attached as Exhibit "A" hereto. BP later identified Plaintiff's

statement as non-compliant with PTO No. 66 for the sole reason that it was untimely. See Exhibit 4 to the Court's Order to Show Case re: Compliance with PTO 66 (Doc. No. 24875). Plaintiff did not know about the existence of PTO 66 and its requirement because he had moved and not updated his contact information with undersigned counsel. This oversight by Plaintiff was remedied when undersigned counsel managed to make contact with him via Facebook. Plaintiff's failure to update undersigned counsel on his new contact information was reasonable, considering the length of time his case has been stayed by the Court. Plaintiff Woodward's oversight is entirely excusable under the circumstances. Also, missing the Court-imposed PTO 66 deadline by a mere 12 days, when the Plaintiff has met all other Court deadlines and requirements is not prejudicial to BP. Thus, Plaintiff respectfully requests that the Court allow his PTO 66 Statement to be found compliant, or excuse the late service of the Statement.

Plaintiff continues to suffer from serious, chronic health conditions caused by substantial exposure to toxic chemicals related to the Gulf Oil Spill. Plaintiff has met every other procedural requirement imposed by the Federal Rules of Civil Procedure and the Court.

Under these circumstances, it would be a grave injustice to dismiss Plaintiff's eight-year-long claim with prejudice simply for completing the Particularized Statement of Claim required by PTO No. 66 twelve days past the deadline.

Respectfully Submitted,

 /s/ Paul A. Dominick
Paul A. Dominick     Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777

Dated:  October 10, 2018

PDominick@nexsenpruet.com
And

Douglas M. Schmidt    Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

*Counsel for Plaintiff, Antonio Woodland*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing Response to Rule to Show Cause Order for PTO 66 has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on October 10, 2018.

                                                   /s/ Paul A. Dominick

                                                   Paul A. Dominick