# Exhibit A - Antonio Woodland Submitted Particularized Statement of Claim

> *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
> Civil Action No. 10-MD-2179-CJB-SS
>
> **PTO 66 PARTICULARIZED STATEMENT OF CLAIM**
> **FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** Antonio Woodland

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A.   YOUR BACKGROUND INFORMATION**

1. Current address:
   Address Line 1: 4306 Katie St.
   Address Line 2:
   City: Moss Point    State: MS    Zip: 39563
2. Telephone number: 228-281-6225
3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: none
4. Date and Place of Birth: [redacted]
5. Male X    Female

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| Same | |
| | |
| | |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| See Exhibit A | | | |
| | | | |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No  X  If "*Yes,*" when were you out of work and why? _____
   _____

**B.    THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.  Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

    Yes __X__    No _____

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

**1.    Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10. Was your cleanup work performed onshore (on land) or offshore (on the water)?

    Onshore __X__    Offshore _____    Both _____

11. Were you hired as part of the Vessels of Opportunity ("VoO") Program?

    Yes _____    No __X__

12. Did you handle hazardous materials as part of your cleanup work?

    Yes __X__    No _____

13. Please set forth the following information about your cleanup work:

    A.  Your employer(s): _Including but not limited to, McGrath Systems, Ashland Services_

    B.  Your supervisor(s) at the employer(s) identified in Question No. 13(A):
        _Plaintiff does not recall_

    C.  A description of the work performed for employer(s) identified in Question No. 13(A): _Onshore decontamination, cleaning/removal of tarballs_

    D.  The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): _See Exhibit B_

  E. The names of any vessel(s) or facility(ies) where you performed the work described in Question No. 13(C):_____

   Patriot Yard
   _____

  F. Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C):_____

   Plaintiff does not recall
   _____

 **2.** **Residents/Tourists**

14. Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

 Yes _X_  No _____

15. Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

 Yes _____  No _X_

16. List all address(es) at which you resided in 2010:_____

 Same as current
 _____

**C.** **INFORMATION ABOUT YOUR B3 CLAIM**

17. Are you claiming that you suffered damages from (*Check all that apply*):

 _X_ Bodily injury from exposure to oil and/or dispersants

 ____ Bodily injury other than from exposure to oil and/or dispersants

 ____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.      EXPOSURE CLAIMS**

18.    Were you exposed to oil, dispersants, or both?

Oil_____        Dispersants_____        Both__X__

19.    How were you exposed? (*Check all that apply*)

   A.    Inhalation            Yes__X__    No_____

   B.    Dermal (skin) contact    Yes__X__    No_____

   C.    Ingestion            Yes__X__    No_____

   D.    Other (please describe):  Ocular_____

20.    What was the date(s) of your exposure?  See Exhibit B

   Day: _____    Month: _____    Year: _____

21.    How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

   Continuous residential/environmental exposure beginning on or about 4/20/10 as well as continuous personal, direct exposure to both oil and dispersants while working the cleanup operation for approximately 6 months Beginning June 2010 to Decemeber, 2010, for 10 to 12 hours per day, 5 to 7 days per wee including but not limited to Pascagoula, MS; Gulfport, MS; and Moss Point, MS.

22.    What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

   See Exhibit B and answer to 21

23.    For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

   See Exhibit B and answer to 21

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____
    See Exhibit B and answer to 21
    _____
    _____

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?
    Yes_____    No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
    Plaintiff does not recall whether he reported his exposure.
    _____
    _____

E.  **NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

    A.  The nature of your injury:_____N/A_____

    B.  The date(s) of your injury:_____

    C.  The location(s) of your injury:_____

    D.  The work that you were performing when you sustained your injury:_____
        _____
        _____

    E.  Identify any individual(s) who witnessed your injury:_____
        _____

28. Describe in as much detail as possible the circumstance(s) of your injury: _____
    _____
    _____
    _____

**F.     INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29.   Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

See Exhibit C
_____

_____

30.   Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

See Exhibits B and C
_____

_____

_____

_____

31.   On what date did you first report or seek treatment for your injury or illness: See Exhibit C
_____

32.   On what date was your injury first diagnosed:_____

See Exhibit C
_____

33.   Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
|  | See Exhibit C |
|  |  |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
|  | See Exhibit C |
|  |  |
|  |  |
|  |  |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No __X__. If "*Yes*,"

   A. When? _____

   B. Who diagnosed the injury (or condition) at that time? _____
   
   _____
   
   _____

   C. Who treated the injury (or condition) at that time?_____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

   Yes _____ No__X__. If "*Yes*,"

   A. What date did you first experience such injury or condition?_____
   B. What injury (or condition) was made worse?_____
   
   _____

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
|  | See Exhibit C |
|  |  |
|  |  |
|  |  |
|  |  |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

    Yes  X     No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

    See Exhibit D _____

    _____

    _____

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

    Yes_____  No  X

    If "Yes":

    A.    From whom did you receive this compensation or reimbursement?_____

          _____

    B.    When did you receive this compensation or reimbursement?_____

_____

    C.    What was the amount of the compensation or reimbursement?_____

_____

**G.**    **CONTRACT CLAIMS**

*(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

Yes_____    No__X__

42.    Was the contract that you claim was breached made as part of the VoO Program?

Yes_____    No_____

43.    Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.    Describe how the contract was breached:_____

_____

_____

45.    *If you were part of the VoO Program*: Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

_____

_____

_____

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

Case 2:10-md-02179-CJB-DPC   Document 25017-1   Filed 10/10/18   Page 12 of 19

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: 7/29/18, 2018

Location (City and State): Pascagoula MS

_____
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

Antonio Whiteland
Print Name

Emergency Clean up Crew
Title/Position (if signed on behalf of a business or other entity)

By no later than **Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan<br>Kirkland & Ellis LLP<br>300 North LaSalle St., Suite 2400<br>Chicago, IL 60654 | c/o: Steve Herman<br>820 O'Keefe Ave.<br>New Orleans, LA 70113 |

**PTO 66 Exhibit A**

Plaintiff: **Woodland, Antonio**

| Employer | Address | Dates of Employment | Occupation / Job Duties |
|---|---|---|---|
| Dolgen Corp, LLC | Mission Ridge, Goodlettsville TN | 2008 | Laborer |
| Workmaster's Employment | 2200 Government Road Mobile AL 36606 | 2009 | Laborer |
| McGrath System | 1787 Sentry Parkway West Blue Bell PA 19422 | 2010 | Cleanup. Decon |
| Hardee's | 2241 Denny Ave., Pascagoula, MS | 2016 to Present | cook |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# Exhibit B
# Antonio Woodland

The Plaintiff was exposed to known-carcinogenic compounds via exposure to crude oil and the Corexit dispersants used on a constant, continual basis throughout each day that Plaintiff was employed in the Deepwater Horizon disaster relief efforts.  Plaintiff's duties included working at a decontamination center and picking up tar balls from the beaches in Mississippi. In Plaintiff's case, he was exposed for a minimum of 10-12 hours per day, 5 to 7 days per week, from approximately June to December of 2010. Plaintiff does not yet have full employment records to be able to give dates that are more exact because subpoena powers are suspended under the Court's Order Staying Proceedings, and, therefore, Plaintiff reserves the right to alter, amend, or supplement his responses to any of the questions within his Particularized Statement of Claim at any time up to and including the time of trial.

For general causation, Plaintiff relies in part on material and opinions provided by toxicologist Dr. Patricia Williams.  Again, as Plaintiff has not been able to conduct discovery, he is unable to state with certainly exactly which compounds were present and in which areas. Plaintiff alleges that while the crude oil itself was a threat, the mixture of the crude oil with the dispersants used, particularly in combination with the dense, humid, extremely hot air in the Gulf over the summer months, caused these dangerous chemicals (PAHs, or Polycyclic Aromatic Hydrocarbons, as well as heavy metals including but not limited to Arsenic, Chromium, Copper, Lead, Mercury, Radium,  Barium, Thorium, and Thallium) to become air-borne as they evaporated, essentially making escape from these chemicals impossible without advanced personal respiratory equipment. Plaintiff craves reference to the following studies and published articles to support his position that the chemicals to which he was exposed on a daily basis caused his injury:

- Atlas, R., and T.C. Hazen. 2011. *Oil Biodegradation and Bioremediation*: A Tale of the Two Worst Spills in U.S. History. *Environmental Science and Technology*. 45:6709-6715.

- Aurell, J., and B.K. Gullet. 2010. Aerostat Sampling of PCDD/PCDF Emissions from the Gulf  Oil Spill In Situ Burns. *Environmental Science Technology*. 44(24): 9431-9437.

- Goldstein, B.,  H.J. Osofsky, and M.Y. Lichtveld. 2011. The Gulf Oil Spill. *The New England Journal of Medicine*. 364:1334-1338.

- Gould, D.W.  et.al. 2015. Behavioral Health in the Gulf Coast Region Following the Deepwater Horizon Oil Spill: Findings from Two Federal Surveys. 2015. J. *Behav. Health Serv. Res*. 42(1): 6-22.

- Jones, R.K. et.al. 1992. The Evaporation of Benzene and a Series of Alkanes from Crude Oil. *NOAA/Hazardous Materials Response and Assessment Division*.

- King, B.S., J.D. Gibbins. 2011. Health Hazard Evaluation of Deepwater Horizon Response Workers. *Health Hazard Evaluation Report.*

- Klaassen, C. 2013. *Casarett & Doull's Toxicology: The Basic Science of Poisons*. New York: McGraw-Hill.

- Mehlman, M.A., 1991. Dangerous and Cancer Causing Properties of Products and Chemicals in the Oil Refining and Petrochemical Industry: Part XI-Carcinogenicity and Environmental Hazards of Crude Oil, Gasoline, and its Components.  7(5-6):143-152.

- Morris, J.G. et. al., Psychological Responses and Resilience of People and Communities Impacted By the Deepwater Horizon Oil Spill. 2013. *Transactions of the American Clinical and Climatological Association:* 124

- Roberts, J.R. , et.al. 2014. Evaluation of Pulmonary and Systemic Toxicity of Oil Dispersant. (COREXIT EC9500A®) Following Acute Repeated Inhalation Exposure. Environmental Health Insights 2014:8 63-74.

- Rusiecki, J. et. al. The Deepwater Horizon Oil Spill Coast Guard Cohort Study. *Occupational and Environmental Medicine* 2018; 75 163-164 Published Online First: 12 Jan 2018. doi: 10.1136/oemed-2017-104687

- Rusiecki J, Alexander M, Schwartz E*, et al*. P207 Health Effects Associated With Oil Exposures from the Deepwater Horizon Response Among U.S. Coast Guard Responders. *Occup Environ Med* 2016;73:A190.

- Zock J, Rodríguez-Trigo G, Rodríguez-Rodríguez E*, et al*. Persistent Respiratory Symptoms in Clean-Up Workers 5 Years After the *Prestige* Oil Spill. *Occup Environ Med* 2012;69:508-513.

- Stewart P, Stenzel M, Banerjee S*, et al*. The NIEHS GULF STUDY: Questionnaire Results and Use of Job Exposure Matrices to Link Inhalation and Dermal Exposure Estimates to Study Subjects. *Occup Environ Med* 2014;71:A37.

- Solomon, GM., Janssen S., *et al*. Health Effects of the Gulf Oil Spill. *JAMA* 2010. Published Online First: 2010 Sep 8;304(10):1118-9. doi: 10.1001/jama.2010.1254. Epub 2010 Aug 16.

- Blaylock Wellness Report. Vol 7, No. 8. August 2010.

- Lyons, RA, Temple JM, *et al*. Acute Health Effects of the Sea Empress Oil Spill. *Journal of Epidemiology & Community Health* 1999; 53:306-310.

For specific causation, Plaintiff plans to rely on a variety of medical professionals who have treated him and attributed his symptoms to toxic exposure, including, but not limited to, those who may be listed on Exhibit D; the fact that he had no substantially similar pre-existing

health problems comparable to the ones he suffered, and continues to suffer, since his work cleaning up after BP's oil spill disaster; and the fact that so many others involved in the same cleanup effort suffer substantially the same symptoms after similar exposure.

Exhibit C

Antonio Woodland

| DATE | PROVIDER | DX | RECORDS |
|---|---|---|---|
| 7/11/2010 | Singing River Hospital 2809 Denny Ave. Pascagoula, MS 39581 | HA x weeks. CT Head normal | |
| 11/20/2011 | Singing River Hospital | boil to buttocks. | |
| 12/26/2014 | Singing River Hospital | right sided facial droop and weakness for past week. History of Bell's palsy, said similar to that. CT head WO contrast: no acute intracranial abnormalities are evident. Final Imp: Bell's palsy, parathesia, left upper extremity | |
| 2/26/2016 | Singing River Hospital | Nausea/vomitting/diarrhea. Final Imp: NVD, body aches | |
| 5/30/2016 | Singing River Hospital | URI. Final Imp: Bronchitis | |
| 8/3/2016 | Singing River Hospital | nausea and vomitting x2 days.  Final Imp: same as complaint | |
| 1/31/2017 | Singing River Hospital | foot pain, skin peeling on both heals. Chronic problem hard to walk. Final Imp: foot callus | |
| 3/25/2017 | Singing River Hospital | epistais, dizziness. Final Imp: same as complaint | |
| 4/28/2017 | Singing River Hospital | cough. Chest X-ray no acute process Final Imp: acute bronchitis | |
| 8/4/2017 | Singing River Hospital | chest pain, cough. Chest x-ray: normal. Final Imp: acute viral bronchitis | |
| 8/29/2017 | Singing River Hospital | HA. Final Imp: HA | |
| 9/10/2017 | Singing River Hospital | epistaxis. Final Imp: same as complaint | |
| | | | |

# EXHIBIT D
## Antonio Woodland
## (Question 39)

Plaintiff seeks compensation for past and future medical bills, incurred as a result of his physical and mental injuries as detailed in his Complaint and further herein. Plaintiff is also seeking compensation for related out-of-pocket expenses, prescription costs, lost wages, future health monitoring, pain and suffering (including the fear of developing blood-based illnesses and particularly cancer, which are known to be caused by exposure to the chemicals to which Plaintiff was exposed). These damages accrued during his employment as an oil spill cleanup worker, and have continued to accrue to the date of this statement. Pain and suffering, mental distress, and fear of diseases are not subject to exact mathematical calculation. Considering past, present, and future medical problems and related damages, Plaintiff is seeking no less than One Million Seven Hundred Fifty Thousand ($650,000.00) Dollars as compensatory damages in addition to punitive damages, to be determined by a jury.