UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION: J(2) |
| This Document Relates to:<br>Civil Action No. 17-cv-03376 | JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |
| Chris Nehlig v. BP Exploration Production, Inc. et al. | |

### RESPONSE TO RULE TO SHOW CAUSE ORDER FOR PTO 66

Plaintiff CHRIS NEHLIG ("Plaintiff"), through his undersigned attorneys, responds to the Rule to Show Cause issued by this Court on September 20, 2018, as follows: BP asserts this Plaintiff's extensive Pretrial Order No. 66 Particularized Statement of Claim is "materially deficient" because Plaintiff "failed to respond to other key questions" and failed to respond to the damages question. The vagueness of BP's characterization of the alleged material deficiency makes it impossible for Plaintiff to know how to adequately respond to the Rule to Show Cause. Plaintiff hereby submits an amended Particularized Statement of Claim. Plaintiff is hopeful that this more detailed information will satisfy BP's and, more importantly, the Court's standard for being in compliance with PTO 66.

In the alternative, Plaintiff asks that the Court direct BP to specifically identify which "key questions" Plaintiff has failed to sufficiently answer and allow Plaintiff a reasonable amount of time to amend his answer or otherwise respond.

### I. BACKGROUND

On April 9, 2018, this Honorable Court issued Pretrial Order ("PTO") No. 66, which required all plaintiffs compliant with PTO No. 63 to submit a Particularized Statement of

1

Claim Case to counsel for BP and the Plaintiffs' Steering Committee ("PSC"). A full, updated list of all PTO No. 63 compliant Plaintiffs is filed in this case as Document No. 24268-1. Plaintiff was listed as being compliant with PTO No. 63. Pursuant to PTO No. 66, Plaintiff sent his Particularized Statement of Claim to counsel for BP and Plaintiffs' Steering Committee. Plaintiff's originally submitted Particularized Statement of Claim is attached hereto. BP later identified Plaintiff as having submitted a "materially deficient" response to PTO No. 66. See Exhibit 4 to the Court's Order to Show Case re: Compliance with PTO 66 (Doc. No. 24875). The only two categories for deficiency BP listed for Plaintiff was the ambiguous, vague category of "Failing to Respond to Other Key Questions" and "Failed to Respond TO Damages Question."

On February 7, 2017, Mr. Nehlig passed away. His family consisting of his sister and son have tried to answer the questions in the PTO 66 Statement of Claim to the best of their ability. However, there are some answers that they just do not know and have never known the answer to. Most of this information we believe would be in the possession of BP.

## II.     ARGUMENT

Plaintiff, by and through his undersigned counsel, requests that this Court recognize his amended Exhibits A as part of Plaintiff's materially compliant PTO 66 Statement, or require BP to enumerate the specific questions it alleges Plaintiff failed to have materially answered.

This Court's Order in PTO 66 required BP to "submit in camera to the Court and to the PSC: . . . (b) a list of plaintiffs that made some form of submission in response to PTO 66, but whose submissions BP in food faith believes are materially deficient **for one or more identified reasons.**" See PTO 66, Doc. No. 24284, pg. 2-3. (emphasis added).

2

"Failing to respond to other key questions" is not a properly "identified reason" because it is unreasonably vague. There are over 60 questions, including subparts that Plaintiff was required to answer in his Particularized Statement of Claim under PTO 66. Plaintiff has no way of knowing which questions BP deems as "key questions," nor which questions it feels Plaintiff responded to in a "materially deficient" manner.

Nevertheless, Plaintiff and undersigned counsel have pored through his initial response and have provided even further detail on the only questions they can imagine BP is referring to by the phrase "key questions." This response is provided as an "Amended Exhibit A" that serves as Plaintiff's answers.

Plaintiff answered the question about compensatory damages by describing his damages that he believed to be compensable and not placing a figure on his damages. Plaintiff submits Exhibit B to his original Response to amend this answer to include a figure for his compensable damages.

Dismissal with prejudice of Plaintiff's lawsuit based solely on a vague and ambiguous determination by the Defendant of "material noncompliance" for failing to respond to completely unidentified "key questions" would be a miscarriage of justice. Plaintiff has remained steadfast in his allegations and suffering throughout the eight years since the Gulf Oil Spill and has completed all of the other requirements the Court has imposed upon him thus far. Plaintiff has even been forced to "argue against himself" in responding to this Rule to Show Cause due to BP's vagueness in their categorization of his initial response. Although Plaintiff submits the original Particularized Statement of Claim was in compliance with PTO 66, Plaintiff has submitted further information in the hopes of satisfying the vague concerns of BP. For these reasons, the Court should find

3

that Plaintiff Summers has sufficiently complied with the requirements it imposed within PTO 66 and allow his case to remain active.

### III.   CONCLUSION

Plaintiff continues to suffer from serious, chronic health conditions caused by substantial exposure to toxic chemicals related to the Gulf Oil Spill. Plaintiff has met every procedural requirement imposed by the Federal Rules of Civil Procedure and the Court. Under these circumstances, it would be a grave injustice to dismiss Plaintiff's claim with prejudice due to an ambiguous complaint with unidentified answers he has submitted in completing the Particularized Statement of Claim required by PTO No. 66. Plaintiff thereby requests that the Court accept the attachments as being compliant with PTO 66, or, in the alternative, require BP to submit to Plaintiff a statement detailing precisely the questions on which it requires further information from Plaintiff. Respectfully submitted by:

                S/Salvadore Christina, Jr.
                Salvadore Christina, Jr. (LA 27198)
                Kevin Klibert (LA 26954)
                Becnel Law Firm, LLC
                Post Office Drawer H
                Reserve, LA 70084
                (985) 536-1186 - telephone
                (985) 536-6445 - facsimile
                dbecnel@becnellaw.com
                schristina@becnellaw.com
                Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all Counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12 and 60 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179 on this the 10 day of October 2018

S/Salvadore Christina, Jr.