**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL 2179** |
| **"Deepwater Horizon" in the Gulf** | | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | **JUDGE BARBIER** |
| **This Document Relates to:** | | |
| *Pleading Bundle B3* | * | **MAG. JUDGE WILKINSON** |

| | | |
|---|---|---|
| **Odoms, Tiffany, et al.** | * | **CIVIL ACTION No.:  16-cv-13201** |
| **Vs** | * | **SECTION J** |
| **BP Exploration & Production, Inc.,** | * | **JUDGE BARBIER** |
| **BP America Production Company, et al.** | | |
| | * | **MAG. JUDGE WILKINSON** |

<u>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: COMPLIANCE WITH
PTO 66 OR ALTERNATIVELY PLAINTIFF'S PRELIMINARY RESPONSE IN
PARTIAL COMPLIANCE WITH PTO 66 AND REQUEST FOR CLARIFICATION**</u>

COMES NOW Plaintiff, by and through undersigned counsel, hereby provides a Response to this Court's Order to Show Cause issued on September 20, 2018 ("Show Cause Order") in compliance with Pretrial Order 66 ("PTO 66"); or alternatively, Plaintiff's Preliminary Response in Partial Compliance with this PTO 66 and Request for Clarification, and in support thereof states as follows:

Plaintiff submitted a Particularized Statement of Claim ("Statement of Claim") pursuant to PTO 66, which Defendants assert was "materially deficient" because Plaintiff "failed to respond to Damages Question" and had "Missing Pages". Plaintiff hereby submits an amended Particularized Statement of Claim ("Amended Statement"), including the missing pages and more detailed answers to questions 29 and 39, which was originally left blank, in response to the Damages Questions.

1

If this Court should determine the Amended Statement does not solve the purported deficiencies, Plaintiff asks for guidance and clarification as to why the Amended Statement is insufficient. If this is the case, Plaintiff requests the Court allow a reasonable amount of time to further supplement, amend, or otherwise respond to the insufficient Amended Statement based on the guidance or clarification provided.

## BACKGROUND

On April 9, 2018, this Honorable Court issued Pretrial Order No. 66 ("PTO 66"), which required all Remaining B3 Plaintiffs to submit a Statement of Claim to BP Defendants and the Plaintiffs' Steering Committee ("PSC"). On or about July 9, 2018, Plaintiff filed and served a Statement of Claim to counsel for BP and the PSC, in compliance with PTO No. 66 (2:16-cv-13201, Dkt. 9). Plaintiff's original Statement of Claim is attached hereto as "Exhibit A" for reference. BP Defendants later identified Plaintiff as having submitted a "materially deficient" response to PTO No. 66 (2:10-MDL-02179, Dkt. 24875-4). BP Defendants state that Plaintiff's submission was deficient for failing to respond to Damages Question and for having missing pages, as mentioned above.

## ARGUMENT

For reasons explained more fully below, Plaintiff requests this Court accept Plaintiff's Amended Statement, attached hereto as "Exhibit B", in full compliance with PTO 66; or alternatively, accept this Amended Statement as a Preliminary Response in Partial Compliance with PTO 66, and allow for reasonable time to supplement answers after further clarification and guidance is given.

First, the Court's Show Cause Order indicated that Plaintiff's Statement of Claim was "missing pages". Plaintiff acknowledges that the Statement of Claim filed and served with the

Defendants was inadvertently missing pages; however, more importantly, Plaintiff was *not* aware *at the time of service and filing* that there had been an upload error causing the Statement of Claim to not upload and transmit correctly. Plaintiff's Amended Statement is now full and complete with all pages; and therefore, the Amended Statement is in full compliance with PTO 66 and with the Court's Show Cause Order. This unintentional uploading and serving error should not be grounds for dismissing Plaintiff's Complaint with prejudice.

Second, the Court's Show Cause Order indicated that Plaintiff's Statement of Claim "failed to respond to damages question". After thorough review of the Statement of Claim, the undersigned identified questions 29 and 39 as relevant to Plaintiff's "Damages Question". Question 29 was previously answered by Plaintiff; however, the question was contained on one of the previously mentioned missing pages. Question 39 was left blank and requested that Plaintiff "[d]escribe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount". This question was initially left blank because Plaintiff has not retained an expert to accurately calculate these damages and discovery is still ongoing. As this Court has issued a *stay* of all new lawsuits in MDL 2179 (as outlined in PTO 60 and the Order regarding New Lawsuits (2:10-MDL-02179, Dkt. 16050; 2:16-cv-13201, Dkt.7)) ; Plaintiff anticipated retaining a damages expert after the stay  was lifted, and during the pendency of the discovery phase of this lawsuit. Notwithstanding, Plaintiff has answered question 39 to account for contemplated damages suffered.

Dismissal with prejudice of Plaintiff's lawsuit for unintentional errors or omissions without giving Plaintiff the opportunity to supplement the Statement of Claim, would be a miscarriage of

justice. For these reasons, the Court should find that Plaintiff has sufficiently complied with the requirements imposed within PTO 66 and allow the case to remain active.

## CONCLUSION

Plaintiff's family continues to suffer from the death of the decedent caused by substantial exposure to toxic chemicals related to the Deepwater Horizon oil spill. Plaintiff has met every procedural requirement imposed by the Federal Rules of Civil Procedure and this Court. Under these circumstances, it would be a grave injustice to dismiss Plaintiff's claim *with* prejudice. Plaintiff requests that the Court accept Plaintiff's Amended Statement as being compliant with PTO 66; or, in the alternative, accept Plaintiff's Amended Statement as a Preliminary Response in partial compliance with PTO 66 and allow Plaintiff a reasonable amount of time to further supplement, amend, or otherwise respond after the Court or Defendants provide guidance and clarification as to why the Amended Statement is insufficient.

Respectfully Submitted,

**THE DOWNS LAW GROUP, P.A.**

/s/ Craig T. Downs
**CRAIG T. DOWNS**, **FL BAR # 801089**
**NATHAN L. NELSON, FL BAR #1002523**
3250 Mary Street. Suite 307
Coconut Grove, Fl. 33133
Telephone: (305) 444-8226
Facsimile: (305)-444-6773
Email: cdowns@downslawgroup.com
nnelson@downslawgroup.com
*Attorneys for Plaintiff*

## CERTIFICATE

I hereby certify that a copy of the foregoing pleading has been served upon all interested counsel by ECF filing on October 11, 2018.

*/s/Craig T. Downs*
Craig T. Downs

4