# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig "Deepwater       MDL NO. 2179
Horizon" in the Gulf of Mexico, on
April 20, 2010                                 SECTION J

This Document Relates to:                JUDGE BARBIER
*Remaining Cases in the B3 Pleading Bundle*

                                            MAGISTRATE JUDGE WILKINSON

## PRETRIAL ORDER NO. 66

### [Requiring Remaining B3 Plaintiffs to Submit Particularized Statements of Claim and Requiring Additional Information about Potential Medical Settlement Class Members]

Pursuant to Pretrial Order No. 63 and its related orders, those B3 plaintiffs who are compliant with PTO 63 have now pled their claims through individual complaints and submitted sworn statements with certain basic information about themselves and the types of B3 claims they seek to pursue in this consolidated litigation.  These B3 plaintiffs (the "Remaining B3 Plaintiffs") are subject to further proceedings in MDL 2179 and this Pretrial Order No. 66.[1]

In order for the Court and the parties to better understand the nature and scope of the injuries, damages, and causation alleged by the various Remaining B3 Plaintiffs, this Pretrial Order No. 66 requires the Remaining B3 Plaintiffs to provide more particularized information regarding their claims.  This includes Remaining B3 Plaintiffs regardless of whether they are alleging exposure claims, personal injury claims, contract claims, or some combination of such claims. The protocol set forth in this Order will assist the Court to streamline the remaining B3 claims and facilitate the administration of this MDL and the prosecution of the coordinated actions herein.

---

[1]  The Remaining B3 Plaintiffs are listed in the Updated PTO 63 Compliance List dated April 6, 2018 (Rec. Doc. 24268). The Updated PTO 63 Compliance List may be found on the Court's public website for MDL 2179, www.laed.uscourts.gov/oilspill, under the entry for April 6, 2018.

Accordingly, this PTO 66 requires the Remaining B3 Plaintiffs to provide a more particularized statement regarding their claims in the form of the attached Exhibit A. **It is imperative that plaintiffs provide responses that are as specific and accurate as practicable.**

To aid in the further administration of the claims of the Remaining B3 Plaintiffs, the Court **ORDERS AS FOLLOWS**:

## I. PARTICULARIZED STATEMENT OF CLAIM

1. *Particularized Statement of Claim*. No later than **Monday, July 9, 2018**, each Remaining B3 Plaintiff shall complete, sign, and serve the attached Particularized Statement of Claim, attached as Exhibit A to this Order, on both Counsel for BP and the PSC by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
| --- | --- |
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

2. *Verification and Attestation*. Plaintiffs' Statements of Claim must be dated and verified by the signature of the Remaining B3 Plaintiff (and for any Remaining B3 Plaintiffs who are businesses, the CEO, CFO, President, Owner, or similar senior corporate officer) attesting, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the answers provided to the Court are true and correct.

3. *Compliance With This Order*. **Any Remaining B3 Plaintiff who fails to comply with his or her obligations under this Order may be required to show cause to this Court why his, her, or its claims should not be dismissed with prejudice**. By **Tuesday, August 7, 2018,** BP will submit *in camera* to the Court and to the PSC: (a) a list of plaintiffs that BP in good faith believes made submissions in response to PTO 66 that reasonably complied with the

requirements of PTO 66, and (b) a list of plaintiffs that made some form of submission in response to PTO 66, but whose submissions BP in good faith believes are materially deficient for one or more identified reasons. Any Remaining B3 Plaintiffs who fail to submit a verified Particularized Statement of Claim substantially in compliance with the requirements of this Order by **Monday, July 9, 2018** may be required to show cause why their complaints should not be dismissed with prejudice without further notice.

## II. ORDER AS TO REMAINING B3 PLAINTIFFS WHO ARE MEMBERS OF THE MEDICAL SETTLEMENT CLASS.

Certain of the Remaining B3 Plaintiffs indicated in their PTO 63 sworn statements that they believe themselves to be members of the Medical Benefits Class Action Settlement Class (the "Medical Settlement Class"). To the extent those or other Remaining B3 Plaintiffs are indeed settlement class members and are seeking to pursue claims in this litigation that are Released Claims under the Medical Benefits Class Action Settlement, their claims are subject to this Court's Order and Judgment enjoining such claims. (Rec. Doc. 8139)

By **Wednesday, May 9, 2018,** counsel for BP shall therefore provide a copy of this Order to Garretson Resolution Group, the Claims Administrator for the Medical Benefits Class Action Settlement, along with a list of those Remaining B3 Plaintiffs who either (1) identified themselves on their PTO 63 sworn statements as members of the Medical Settlement Class, or (2) based on BP's review and analysis, did not submit a timely and valid request to opt out of the Medical Settlement Class (or who revoked an opt out request). The Claims Administrator is hereby expressly authorized (including pursuant to 45 C.F.R. § 164.512(e)(1)(i) and Sections XXI.A.5 and XXI.B.3(a) of the Medical Benefits Class Action Settlement Agreement (Rec. Doc. 6427-1)) and directed to review the list to be provided by BP and to inform the Court, BP, and the PSC *in camera* whether any of the Remaining B3 Plaintiffs on BP's list submitted claims under the

-3-

Medical Benefits Class Action Settlement and, if so, whether the Claims Administrator determined them to be class members. The Claims Administrator shall provide its report to the Court within 30 days of receiving the list from BP.

## III.    STAY OF PROCEEDINGS.

The provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying responsive pleadings in all MDL 2179 matters, and staying individual petitions or complaints that fall within pleading bundles B1 or B3, remain in effect until further order of the Court. Proceedings in individual cases in any other pleading bundles likewise remain stayed until further order of the Court.

New Orleans, Louisiana, this 9th day of April, 2018.

CARL J. BARBIER
United States District Judge

Note to Clerk. Mail copies of this PTO 66 and Exhibit A to the following Remaining B3 Plaintiffs who are unrepresented:

| | |
|---|---|
| Evans, Robert (Engineers & Filmmakers Computer Users Group) | 16-03966 |
| DeBose, Karen Ann | 17-03670 |
| Fetterhoff, Carol L. | 17-03350 |
| Fetterhoff, Chelsea | 17-03350 |
| Fetterhoff, Chayton Lee | 17-03350 |
| Watson, Esther Marie | 16-15259 |
| Baker, Edward Joseph | 17-03685 |
| DeBose, Chrishawn Derrick | 16-10335 |
| Wesley, Charles William Jr. | 17-03326 |
| Merchant, Raymond Joe | 15-04290 |

Case 2:10-md-02179-CJB-JCW Document 24282 Filed 04/09/18 Page 5 of 5

-5-

| | |
|---|---|
| Wallace, Aaron Anthony Sr. | 13-06153 |
| Thompson, Joe | 17-02854 |
| Moreau, Elizabeth Renee | 16-05754 |
| The Queen Esther Commercial Fishing | 16-15255 |
| McBride, Richard | 16-06635 |
| Burkett, Craig Michael | 17-03681 |
| DeBose, Jimmy Raymond | 17-03675 |
| Keyes, Ellis | 14-02211 |
| McBride, Rico | 16-15255 |

# EXHIBIT A

---

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
**Civil Action No. 10-MD-2179-CJB-SS**

## PTO 66 PARTICULARIZED STATEMENT OF CLAIM
## FOR REMAINING B3 PLAINTIFFS

---

**PLAINTIFF'S FULL NAME:**   Alonzo Odoms Jr.

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you cannot recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

## A.   YOUR BACKGROUND INFORMATION

1.   Current address:

Address Line 1:   2429 SUNSET DRIVE

Address Line 2:  

City:  HARVEY                     State:  LA                Zip:  70058

2.   Telephone number:  

3.   Maiden or other names used or by which you have been known, and the dates during which you were known by such names:      N/A

4.   Date and Place of Birth:  ███████████

5.   Male  ✓      Female

6.     Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| 2429 SUNSET DRIVE HARVEY, LA 70058 | |
| 2057 PAINE DRIVE MARRERO, LA 70072 | |
| | |

7.     Employment Information:

    A.     Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| AMERI-FORCE | 9485 REGENCY SQAURE BLVD SUITE 300 JACKSONVILLE, FL 32225 | JUNE 2010 - OCTOBER 2010 | CLEAN UP WORKER |
| | | | |
| | | | |
| | | | |

8.     Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No_____ If "Yes," when were you out of work and why?_____

_____

**B.      THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.      Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

Yes ✓      No_____

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

**1.      Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement.  (Rec. Doc. 6427-1 at 11-12, 25).)

10.      Was your cleanup work performed onshore (on land) or offshore (on the water)?

Onshore ✓      Offshore_____      Both_____

11.      Were you hired as part of the Vessels of Opportunity ("VoO") Program?

Yes_____      No ✓

12.      Did you handle hazardous materials as part of your cleanup work?

Yes ✓      No_____

13.      Please set forth the following information about your cleanup work:

A.      Your employer(s):___AMERI-FORCE_____

B.      Your supervisor(s) at the employer(s) identified in Question No. 13(A):

_____UNKNOWN_____

C.      A description of the work performed for employer(s) identified in Question No.

13(A):___CLEAN UP TAR BALLS FROM THE BEACH SHORELINE_____

_____

D.      The date(s), time(s), and location(s) you performed the work described in Question

No. 13(C):_FROM JUNE 2010 - OCTOBER 2010_____

_7 DAYS A WEEK 12 HOURS A DAY    AT DULAC FLOATING CITY

E.      The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): __The Floating City #2_____

_____

F.      Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): Do not recall_____

_____

## 2.      Residents/Tourists

14.     Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____          No__X__

15.     Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____          No_X___

16.     List all address(es) at which you resided in 2010:_____

_____

## C.      INFORMATION ABOUT YOUR B3 CLAIM

17.     Are you claiming that you suffered damages from (*Check all that apply*):

_____✓__Bodily injury from exposure to oil and/or dispersants

_____Bodily injury other than from exposure to oil and/or dispersants

_____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.  EXPOSURE CLAIMS**

18.  Were you exposed to oil, dispersants, or both?

Oil_____          Dispersants_____          Both  ✓

19.  How were you exposed? (*Check all that apply*)

A.  Inhalation          Yes ✓          No_____

B.  Dermal (skin) contact          Yes ✓          No_____

C.  Ingestion          Yes_____          No ✓

D.  Other (please describe): _____

20.  What was the date(s) of your exposure?

Day: _____          Month: __JUNE - OCTOBER__          Year: __2010__

21.  How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

____7 DAYS A WEEK, 12 HOURS A DAY FROM JUNE 2010 - OCTOBER 2010____

____BOTH EVERYDAY____

_____

22.  What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

_____DULAC, LA/ FLOATING CITY 2_____

_____

_____

_____

23.  For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

_____7 DAYS A WEEK, 12 HOURS A DAY_____

_____FROM JUNE 2010 - OCTOBER 2010_____

_____BOTH OIL & DISPERSANTS_____

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

Transfer from vessel to shrimp boat as an oil responder using booms and skimmers

to retreive oil out of the gulf

_____

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

Yes_____     No___✓___

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

N/A

_____

_____

**E.     NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

A.     The nature of your injury: N/A

B.     The date(s) of your injury: N/A

C.     The location(s) of your injury: N/A

D.     The work that you were performing when you sustained your injury: N/A

_____

_____

E.     Identify any individual(s) who witnessed your injury: N/A

_____

28. Describe in as much detail as possible the circumstance(s) of your injury: N/A

_____

_____

_____

Case 2:10-md-02179-CJB-JCW Document 24262-1 Filed 04/09/18 Page 12 of 12

**F. INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

    MULTIPLE MYELOMA

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

    Working out there everyday for hours, inhaling the fumes and getting oil & dispersant all over

    body.

31. On what date did you first report or seek treatment for your injury or illness:
    December 2010

32. On what date was your injury first diagnosed: December 2010

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|------|---------|
| Louisiana State University Med Center | 1901 Perdido St # 2200, New Orleans, LA 70112 |
| | |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| Dr. Charles V. Wendling Jr, MD | 1514 Jefferson Hwy, New Orleans, LA 70121 |
| | |
| | |
| | |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No __X__ . If "*Yes*,"

   A. When? __N/A__

   B. Who diagnosed the injury (or condition) at that time? __N/A__

   C. Who treated the injury (or condition) at that time? __N/A__

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

   Yes _____ No __X__ . If "*Yes*,"

   A. What date did you first experience such injury or condition? __N/A__

   B. What injury (or condition) was made worse? __N/A__

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Dr. Charles V. Wendling Jr, MD | 1514 Jefferson Hwy, New Orleans, LA 70121 |
|  |  |
|  |  |
|  |  |
|  |  |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

    Yes __X__ No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:

    > Plaintiff seeks compensation for his past medical bills, related out-of-pocket expenses, prescription, costs, lost wages, and medical costs incurred as a result of the injury as detailed in the Complaint. Plaintiff also seeks pain and suffering from when he was alive up until his death; funeral and burial costs; loss of Plaintiff's expected income to his family; and loss of care, guidance and nurturing to his family. These damages accrued during his employment as a clean-up worker, and continued to accrue thereafter, even beyond Plaintiff's death. Pain and suffering and mental distress are not subject to exact mathematical calculation. Considering past medical problems and related damages described more fully herein, Plaintiff is seeking no less than twenty-million dollars ($20,000,000.00) as compensatory damages; in addition to punitive damages to be determined by a jury.

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

    Yes _____ No __X__

    If "Yes":

    A. From whom did you receive this compensation or reimbursement? N/A

Case 2:10-md-02179-CJB-DPC Document 25045-2 Filed 10/11/18 Page 15 of 17

B.      When did you receive this compensation or reimbursement? N/A

_____

C.      What was the amount of the compensation or reimbursement? N/A

_____

## G.      CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

Yes_____        No___X___

42.    Was the contract that you claim was breached made as part of the VoO Program?

Yes_____        No___X___

43.    Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

N/A _____

_____

44.    Describe how the contract was breached: N/A _____

_____

_____

45.    *If you were part of the VoO Program:*  Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

N/A _____

_____

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

N/A _____

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that  amount:_____

_____

48.   Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

N/A

From: Yani Chanaran    Fax:                    To:              Fax: (504) 382-5452        Page 18 of 18 05/24/2018 8:37 AM

Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 12 of 12

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: 5-24- , 2018

Location (City and State): _____

Signature of Plaintiff* _____

*Plaintiff's Attorney *Cannot* Sign on Plaintiff's Behalf.   For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

Print Name Tiffany Odoms

Title/Position (*if signed on behalf of a business or other entity*) _____

By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |