UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | * | MDL NO. 10-2179 |
| "DEEPWATER HORIZON: | | |
| in the GULF OF MEXICO, | * | SECTION "J" |
| on APRIL 20, 2010 | | |
| | | |
| **This Document Relates To:** | * | **JUDGE BARIER** |
| | | |
| In Re:  The Complaint and Petition of | * | MAG. JUDGE SHUSHAN |
| Triton Asset Leasing GmbH, et al | | |
| Civil Action No.  10-2771 | * | |

## RESPONSE TO SHOW CAUSE RE: COMPLIANCE WITH PTO 66

**NOW INTO COURT**, through undersigned counsel, comes Louisiana Workers' Compensation Corporation ("LWCC"), a Louisiana insurance company, who respectfully submits to this Honorable Court that it has complied with PTO 66 and the Court should not dismiss LWCC's B3 claims for the following reasons:

1.

Pre-Trial Order No. 66 (record document 24282) ordered that claimants who have complied with Pretrial Order 63 by filing individualized complaints and the submission of sworn statements regarding their claims, submit additional documentation with more particularized information regarding their claims.

2.

According to Pretrial Order No. 66 the remaining B3 plaintiffs are, "to provide a more particularized statement regarding their claims in the form of the attached Exhibit A. **It is imperative that plaintiffs provide responses that are as specific and accurate as practicable."** No additional or specific instruction is provided.  The instructions on Exhibit A note; "If you **cannot** recall all of the details requested, please provide as much information as you can."

3.

As BP is well aware from previous filings, Louisiana Workers' Compensation Corporation ("LWCC") is a workers compensation insurer who paid multiple claims with respect to injuries occurring as a result of the Deepwater Horizon explosion and fire and resulting clean-up.  More particularly, LWCC has made payments to and on behalf of 89 workers injured during clean-up operations.  These workers worked for various employers retained by BP to clean-up the oil spill damage.  All but one of the compensation claims have been concluded and LWCC has paid a total of $4,212,128.18 to and on behalf of the various claimants.  The claims of LWCC herein are made pursuant to state law LSA R.S. 23:1101-1103 alternatively under the LHWCA 33 USC 933.

4.

Pursuant to the provisions of Pre-Trial Order 66, Louisiana Workers' Compensation Corporation served upon counsel for BP and the PSC documentation supporting the thirty (30) largest claims paid by LWCC ranging in value from $17,282.74 to $534,992.16 and totaling $3,958,684.83 in claim payments.  The submission included 2,626 pages of supporting documentation and included the Individual Particularized Statement of Claim, claims payment report and recent medical records and reports for each claimant.  The submission also included, where available, the first reports of injury, accident reports, including BP accident reports, wage

records/time sheets; formal claims for compensation and/or petitions for damages filed by the claimants and any approved state or federal compensation settlement documents. LWCC could have provided several thousand additional pages of documentation (primarily medical records) but the information provided was intended to be sufficient to give the parties and the Court a better understanding of the causation of the underlying claims as well as the nature and scope of the claim made by LWCC and a specific statement of damages. The remaining 59 claims were all below $15,000 in value and were not documented as they involved thousands of pages of documents and had a total value of $253,443.35 and, as such, represented approximately 6% of the total value of the LWCC claim. In previous filings BP has been apprised of the names of each claimant who received benefits from LWCC. Copies of all documents submitted to BP and the PSC in connection with LWCC's compliance with PTO 66 are attached hereto.

5.

On July 6, 2018, Louisiana Workers' Compensation Corporation complied with PTO 66 by sending the documents noted in paragraph 4 to counsel for BP and the PSC. It is our understanding that the submission was timely, complete and appropriately signed.

6.

On September 20, 2018 this Court issued an order, based upon the good faith representations of BP, which included LWCC on a list of 107 plaintiffs that made some form of submission in response to PTO 66 but whose submissions BP believes are materially deficient. The stated deficiencies applicable to LWCC are that it, "Failed to respond to damages question" and "Failed to respond to other key questions". No further particularities are stated. It is submitted that the submission by LWCC was appropriate and within the letter and spirit of PTO 66 and the claim of LWCC should not be dismissed. Each objection of BP will be considered below.

7.

BP asserts that LWCC "Failed to respond to damages question". (Record Doc. 24875-4 p.2).  From the previous filings by LWCC, BP is aware that LWCC is a workers compensation insurance company.  It is also aware that LWCC paid workers compensation claims for numerous workers who were injured in the course and scope of their employment duties while engaged in clean-up efforts following the Deepwater Horizon oil spill.  From the previous filings and from the information provided in response to PTO 66 it is apparent that the damages claimed by LWCC consists of workers compensation subrogation recovery per LSA R.S. 23:1101-03 or 33 USC 933. Such recovery comprises weekly compensation payments, medical expenses and related expenses, all of which have been detailed down to the penny in the claim payments reports submitted with each of the thirty largest claims.  It is difficult to understand how LWCC has failed to respond to damages questions when the type and amount of damages sought have been set forth to the last cent.  If the focus of BP's complaint is the documentation for the 59 remaining claims totaling $253,443.35, the argument wholly overlooks the practicality of the matter.  LWCC provided appropriate documentation for 94% of the amount it claimed.  The remaining 6% concerned lower value workers compensation subrogation claims, all of which have been concluded, so the amount claimed will not change.  Submitting another couple thousand pages of documentary support at this juncture, for a relatively small portion of the overall claim, was not practicable.  LWCC offered in its original correspondence to provide whatever documentation BP needed for these claims, but received no response. Certainly the LWCC response is a good faith effort to respond to PTO 66 and is in accord with the letter and spirit of that Order.  Alternatively, and only in the event the Court believes that all claims should have been fully documented, LWCC should nevertheless be

permitted to move forward with its subrogation claims concerning the 30 supported subrogation claims. Accordingly, as the only potentially viable "damages question" deficiency asserted against Louisiana Workers Compensation Corporation with respect to the Pre-Trial Order 66 submission concerns the 59 lower value claims and considering that Louisiana Workers' Compensation Corporation has properly documented 94% of the amount it has claimed and otherwise has complied with the provisions Pre-Trial Order 66, Louisiana Workers' Compensation Corporation respectfully submits that it has completely and correctly complied with the requirements of PTO 66 and that those claims be preserved and not dismissed.

8.

BP also asserts that LWCC, "Failed to respond to other key questions". (Record Doc. 24875-4 p.2). No information is provided as to what questions are being reviewed nor how LWCC supposedly failed to respond. The Particularized Statement of Claim attached as Exhibit A to PTO 66 is not targeted to an entity such as LWCC. As explained in the correspondence to BP and the PSC, LWCC was not hired to perform clean-up work, rather it insured, for workers compensation liability, various other entities that were hired to perform clean-up work, and, as a result of those insurance policies, paid workers compensation benefits to injured workers for which LWCC is now exercising its statutory subrogation rights to recover the amounts it has paid from the responsible parties. Entire sections of the Claim form are inapplicable to LWCC (see parts A and G) and other portions were only partially applicable. For example, LWCC did not suffer bodily injury, rather it is subrogated to the claims of persons who did suffer bodily injury. As such, LWCC can provide whatever information it has concerning those injuries and resulting medical treatment, but even that information is, in many cases, limited to what the injured workers told us and medical treatment we paid for, and it rarely included any information about the injured workers medical

5

history.  Likewise, LWCC has no information as to any other claims or suits which may have been filed by the injured workers.  With each documented claim LWCC provided the information it had concerning the accidents and resulting injuries.  Simply stated, the particularized statement of claim form is aimed at individuals, not workers compensation insurance carriers exercising their statutory subrogation rights.  As such, the responses of LWCC are complete and appropriate, given the constraints of the questionnaire.  Louisiana Workers' Compensation Corporation respectfully submits that it has completely and correctly responded to the questions contained within the Particularized Statement of Claim form and has otherwise complied with the requirements of PTO 66 such that its claims should be preserved and not dismissed.

**WHEREFORE**, Louisiana Workers' Compensation Corporation respectfully moves this Court not to dismiss their claims and to allow any and all claims in favor of Louisiana Workers' Compensation Corporation to remain subject to further proceedings before this Honorable Court.

Respectfully submitted:

/s/ David K. Johnson
David K. Johnson, Bar Roll No. 1998
Johnson, Rahman & Thomas
2237 S. Acadian Thruway
Post Office Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone:	(225) 231-0755
Facsimile:	(225) 231-0986
Email:	djohnson@lwcc.com
Counsel for Louisiana Workers' Compensation Corporation

## CERTIFICATE

**I HEREBY CERTIFY** that on the 11th day of October, 2018, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

/s/ David K. Johnson
David K. Johnson