# JOHNSON, RAHMAN & THOMAS

**Employees of Louisiana Workers' Compensation Corporation**

2237 S. Acadian Thruway | P.O. Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone: (225) 231-0875
Facsimile: (225) 231-0986
Fax Server: (225) 929-5613

July 3, 2018

*Via UPS Next Day Air*

Counsel for BP
**Attn:  Mr. J. Andrew Langan**
Kirkland & Ellis LLP
300 N. LaSalle St., Suite 2400
Chicago, IL  60654

*Via UPS Next Day Air*

MDL 2179 Plaintiffs' Steering Committee
**Attn:  Mr. Steven J. Herman**
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113

In Re:  Oil Spill by the Oil Rig "Deepwater Horizon": in the Gulf of Mexico,
On April 20, 2010
MDL No.         :         10-2179; Section J

Louisiana Workers' Compensation Corporation v. BP, PLC, et al
Civil Action No.:      17-cv-03199

Workers' Compensation Claim of Rex Allison
LWCC Claim No.:  160031

Dear Counsel:

In compliance with Pretrial Order No. 66, with respect to the workers' compensation claim of Rex Allison, enclosed please find the following documents:

1. Individual Particularized State of Claim;
2. Joint Petition for Approval of Settlement, Judgment and related documents;
3. First Report of Injury;
4. Claim for Compensation filed by injured worker;
5. Wage records;
6. Accident report;

Writer's Direct Line:  (225) 231-0755 | Writer's Email: djohnson@lwcc.com

Mr. J. Andrew Langan
Mr. Steven Herman
July 3, 2018
Page 2


      7.      Recent medical records; and

      8.      Claim payment report.

      In total LWCC has paid $207,498.48 to and on behalf of Mr. Allison as a result of his injuries suffered during the clean-up efforts following the Deepwater Horizon explosion. Louisiana Workers' Compensation Corporation is seeking recovery of all payments made to and on behalf of Mr. Allison.

      I hope this is satisfactory for your needs, however, in the event you have any questions or require any additional information, please do not hesitate to call.

      With kind regards, I am

                      Very truly yours,

                      David K. Johnson

DKJ/fhj
Enclosures
cc:    Linda Dantin

**EXHIBIT A**

---

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

---

**PLAINTIFF'S FULL NAME:**  Louisiana Workers' Compensation Corporation

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:**  Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity.  If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A.     YOUR BACKGROUND INFORMATION**

1.     Current address:

Address Line 1:   2237 S. Acadian Thruway

Address Line 2:

City:   Baton Rouge             State:   LA             Zip:   70808

2.     Telephone number:   (225) 924-7788

3.     Maiden or other names used or by which you have been known, and the dates during which you were known by such names:       N/A

4.     Date and Place of Birth:        N/A

5.     Male_____    Female_____

6.    Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| N/A | |
| | |
| | |

7.    Employment Information:

A.    Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |

8.    Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No_____ If *"Yes,"* when were you out of work and why? __N/A_____

_____

**B.    THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.    Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

Yes __X__    No _____    ( *Indirectly, see attached correspondence* )

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

**1.    Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.    Was your cleanup work performed onshore (on land) or offshore (on the water)?

Onshore __X__    Offshore _____    Both _____

11.    Were you hired as part of the Vessels of Opportunity ("VoO") Program?

Yes _____    No __X__

12.    Did you handle hazardous materials as part of your cleanup work?

Yes _____    No _____

13.    Please set forth the following information about your cleanup work:

A.    Your employer(s): *Global Management Enterprises, LLC*

B.    Your supervisor(s) at the employer(s) identified in Question No. 13(A):

*Mike Dulotte*

C.    A description of the work performed for employer(s) identified in Question No. 13(A): *Shoreline cleanup*

D.    The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): *See attached wage records*

E.     The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): *Barge Lynette*

_____

F.     Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): *Unknown*

_____

**2.     Residents/Tourists**

14.    Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

       Yes_____      No_____

15.    Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

       Yes_____      No_____

16.    List all address(es) at which you resided in 2010:_____

       _____

**C.     INFORMATION ABOUT YOUR B3 CLAIM**

17.    Are you claiming that you suffered damages from (*Check all that apply*):

       _____Bodily injury from exposure to oil and/or dispersants

       __X__Bodily injury other than from exposure to oil and/or dispersants

       _____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.      EXPOSURE CLAIMS**

18.    Were you exposed to oil, dispersants, or both?

Oil_____                    Dispersants_____              Both_____

19.    How were you exposed? (*Check all that apply*)

A.    Inhalation                    Yes_____          No_____

B.    Dermal (skin) contact        Yes_____          No_____

C.    Ingestion                    Yes_____          No_____

D.    Other (please describe):    _____

20.    What was the date(s) of your exposure?

Day:  _____      Month: _____        Year: _____

21.    How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

22.    What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

_____

23.    For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

_____

_____

_____

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

_____

_____

_____

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

Yes_____      No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____

_____

_____

**E.      NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

A.   The nature of your injury: *See attached medical records*

B.   The date(s) of your injury: 9/27/2010

C.   The location(s) of your injury: unknown.

D.   The work that you were performing when you sustained your injury:_____

_____ Swing rope transfer _____

_____

E.   Identify any individual(s) who witnessed your injury:_____

_____ Unknown

28. Describe in as much detail as possible the circumstance(s) of your injury: _____

_____ Please see accident report and Claim for compensation _____

_____

**F.**    **INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29.    Describe in as much detail as possible the bodily injury (or medical condition) that you
claim resulted from the spill or your cleanup work in response to the oil spill: _____

See attached medical records

30.    Please explain how your injury (or medical condition) resulted from the spill or your
cleanup work in response to the oil spill:

See attached medical records, accident
report and claim for compensation

31.    On what date did you first report or seek treatment for your injury or illness:

9/27/2010

32.    On what date was your injury first diagnosed:    9/27/2010

33.    Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or
condition):

| Name | Address |
|------|---------|
|      | See attached medical records & |
|      | Claim payment report |

34.  Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
|  | See attached medical records and claim payment report |
|  |  |
|  |  |
|  |  |

35.  Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____  No _____. If "*Yes*," *Unknown*

   A.   When? _____

   B.   Who diagnosed the injury (or condition) at that time? _____
       _____
       _____

   C.   Who treated the injury (or condition) at that time?_____

36.  Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

   Yes _____  No_____. If "*Yes*,"

   A.   What date did you first experience such injury or condition?_____

   B.   What injury (or condition) was made worse? _____
       _____

37.     Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|------|---------|
|      | Unknown |
|      |         |
|      |         |
|      |         |
|      |         |

38.     Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes __✔__ No _____

39.     Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: _____

_____ recovery of medical expenses & weekly benefits per attached claim payment report _____

40.     Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes __✔__ No_____

If "Yes":

A.      From whom did you receive this compensation or reimbursement?_____

_____ LWCC _____

B.      When did you receive this compensation or reimbursement?_____

_____ *See attached claim payment report*

C.      What was the amount of the compensation or reimbursement?_____

_____ *See attached claim payment report*

## G.    CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

       Yes_____    No_____

42.    Was the contract that you claim was breached made as part of the VoO Program?

       Yes_____    No_____

43.    Identify the contract that you allege was breached including any associated contract
       number (e.g., MVCA number and the parties to the contract):

       _____

       _____

44.    Describe how the contract was breached:_____

       _____

       _____

45.    *If you were part of the VoO Program*:  Describe whether or not you were placed on-hire
       and, if applicable, the date(s) you were on-hire:

       _____

       _____

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

       _____

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including
       the nature of the damage, the date(s) of the damage, the amount of the damage, and the
       calculations used to arrive at that  amount:_____

       _____

_____

_____

48.  Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _____, 2018

Location (City and State): _____

_____
Signature of Plaintiff*

***Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf.  For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.***

_____
Print Name

_____
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

IN THE MATTER OF:

REX ALLISON, SR.                          DOCKET NO.:   13-02657   DIST. 03
(SSN: ⬛⬛⬛-1627)

VERSUS                                    OFFICE OF WORKERS'
                                          COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                          STATE OF LOUISIANA

2013 MAY 23 AM 9:03
DISTRICT 3-LAKE CHARLES
RECEIVED

## JOINT PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT PURSUANT TO LSA R.S. 23:1272

The joint petition of **Employee**, Rex Allison, Sr., of the full age of majority and a resident of the City of West Lake, Parish of Calcasieu, State of Louisiana, sometimes hereinafter referred to as **"Employee"**; Global Management Enterprises, LLC, hereinafter referred to as **"Employer"**, and Louisiana Workers' Compensation Corporation, a domestic insurance company authorized to do and doing business in the State of Louisiana, hereinafter referred to as **"Insurer"**, who respectfully represents:

1.

Availing themselves of the provisions of the laws of Louisiana as set forth in LSA-R.S. 23:1271-1273, all petitioners seek the approval of this Honorable Court to a compromise of the claim for compensation and further show:

2.

On or about September 27, 2010, Employee, Rex Allison, Sr., whose Social Security Number is ⬛⬛⬛-1627, was employed by Global Management Enterprises, LLC as a laborer. On that date, the Employee was swinging from a barge when he jarred his back. The Employee received injuries including but not limited to his back as a result of the accident.

3.

The Employee sought medical treatment with Dr. Foret with complaints of back pain. Dr. Foret recommended that the Employee undergo a lumbar MRI which revealed bulging disc. Dr. Foret recommended conservative treatment including physical therapy and also referred the Employee to Dr. Morton for lumbar epidural steroid injections.

At the request of Employer/Insurer an SMO was scheduled with Dr. Perry in June 2011. Dr. Perry diagnosed the Employee with post-traumatic aggravation of pre-existing degenerative changes in the lumbar spine.  Dr. Perry opined that the Employee did not require surgical intervention.  Dr. Perry recommended that the Employee continue with conservative treatment.

A vocational rehabilitation conference was held with Dr. Foret on January 17, 2012.  Dr. Foret placed the Employee at MMI and released him to return to sedentary duty work.  Dr. Foret further indicated that the Employee is not a surgical candidate and did not recommend any additional diagnostic studies.  The Employee continued conservative treatment with Dr. Foret for his complaints of back pain.

At the request of Employer/Insurer an SMO was scheduled with Dr. Perry in October 2012.  Dr. Perry opined that the Employee is capable of returning to sedentary duty work.  Dr. Perry further opined that the Employee does not have significant physical findings to have prolonged his symptoms or treatment.  Dr. Perry placed the Employee at MMI and did not find any permanent impairment.

The Employer herein offered the Employee a modified duty position, however the Employee elected not to return to work for the Employer.

The pertinent medical records of the Employee are attached hereto.

4.

Employee's average weekly wage at the time of his accident was Nine Hundred Forty Five and No/100 ($945.00) Dollars with a corresponding compensation rate of Five Hundred Seventy Nine and No/100 ($579.00) Dollars.

5.

The Employer/Insurer have paid medical benefits totaling **TWENTY FOUR THOUSAND EIGHT HUNDRED FORTY TWO AND 37/100 ($24,842.37) DOLLARS;** vocational rehabilitation benefits totaling **SIX THOUSAND FIVE HUNDRED FORTY TWO AND 52/100 ($6,542.52) DOLLARS;** and indemnity benefits totaling **SEVENTY FOUR THOUSAND TWENTY NINE AND 29/100 ($74,029.29) DOLLARS.** The Employer/Insurer have paid temporary total disability benefits at the rate of Five Hundred Seventy Nine and No/100 ($579.00) Dollars per week from the date of the accident through February 17, 2012. Thereafter, the Employer/Insurer has paid supplemental earnings benefits and continuing through the date of approval of the settlement.

6.

The Employee contends that he still suffers residual disability as a result of the accident in question.

7.

The Employer/Insurer asserts that the settlement amount described below is fair and adequate.

8.

In order to compromise and settle all the disputes existing herein, the Employee, Employer and its Insurer, subject to the approval of the Office of Workers' Compensation, have agreed to make the following initial and periodic payments listed below to the Employee in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may have or may hereafter acquire against the Employer or Insurer because of anything that may have occurred while Employee was employed by Employer or thereafter and particularly, but not exclusively, because of the injuries claimed to have been sustained by Employee on or about September 27, 2010:

3

(A)    Immediate cash at time of settlement:  Payable to Rex Allison, Sr. the amount of Fifteen Thousand and No/100 ($15,000.00) Dollars representing future indemnity benefits.

(B)    Immediate cash at time of settlement:  Payable to Rex Allison, Sr., the amount of Eleven Thousand Ninety Six and No/100 ($11,096.00) Dollars, representing up-front seed money, which the Employee will self administer for any future medical treatment and prescription expenses associated with his work related injuries which would otherwise be owed by Medicare.

(C)    Periodic payments made according to the schedule as follows (the "Periodic Payments"

**Payee:  Rex Allison, Sr. for a Self Administered Medicare Set Aside Account**

Five Thousand Two Hundred Ninety Seven and No/100 ($5,297.00) Dollars, paid if living, payable annually, beginning on 05/20/2014, for a maximum of 23 year(s), which the Employee will self-administer for any future medical treatment and prescription expenses associated with his work related injuries which would otherwise be owed by Medicare.  These benefits are payable if the Employee is living only for a maximum of 23 year(s) and will therefore cease upon the death of the Employee, Rex Allison, Sr.  There is no beneficiary.

(D)    All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(1) of the Internal Revenue Code of 1986, as amended.

9.

The Employer/Insurer reserve the right to fund their liability to make the periodic payments referenced above through the purchase of an annuity policy from Pacific Life Insurance Company ("Annuity Issuer").  The Employer and/or Insurer will enter into a "Qualified Assignment and Release Agreement" of the Employer's and/or Insurer's liability to

4

make the periodic payments set forth to Pacific Life & Annuity Services, Inc. ("Assignee"). The Assignee will be the sole obligor with respect to the periodic payments obligation.

10.

Employee acknowledges and agrees that pursuant to the Qualified Assignment and Release Agreement (Previously referenced hereinabove) the obligation to make the periodic payments set forth in Paragraph (8) is transferred to Pacific Life & Annuity Services, Inc. Pacific Life & Annuity Services, Inc. will fund its liability to make the periodic payments set forth in Paragraph (8) through the purchase of an annuity policy from Pacific Life Insurance Company, and Employee hereby forever releases Employer and Insurer from any obligation with respect to said periodic payments.

Employee acknowledges and agrees, that pursuant to the Qualified Assignment and Release Agreement, Employer, Global Management Enterprises, LLC, and Insurer, Louisiana Workers' Compensation Corporation, are expressly relieved of any and all past, present and future obligations in respect thereto and any and all causes of actions arising out of the accident sustained by Employee, Rex Allison, Sr..

In consideration of the payments set forth in Section (8), Employee hereby completely releases and forever discharges the Employer and Insurer from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of service, expenses and compensation of any nature whatsoever, which the claimant now has, or which may hereafter accrue or otherwise be acquired, on account of or may in any way grow out of his claim for workers' compensation.

11.

That the payment of Eleven Thousand Ninety Six and No/100 ($11,096.00) Dollars, to the Employee, Rex Allison, Sr., represents the up-front seed money, which the Employee will

self-administer for any future medical treatment and prescription expenses associated with his work related injuries which would otherwise be owed by Medicare.

12.

That the payment of Fifteen Thousand and No/100 ($15,000.00) Dollars, to the Employee, Rex Allison, Sr., represents future indemnity benefits.

13.

The annual payment of $5,297.00, beginning on 05/20/2014, is payable only if the Employee is living and for a maximum of 23 year(s) and will therefore cease upon the death of Rex Allison, Sr. There is no beneficiary.

14.

After mutually considering their respective claims and primarily to avoid litigation between them, all of the parties hereto have mutually agreed that a fair and just settlement of their respective rights would be attained by the payments by Employer and Insurer as set forth in paragraph 8, and in exchange for said payments, Employee waives all claims to any and all past, present and/or future medical, rehabilitative, indemnity and workers' compensation benefits, including death benefits, penalties, attorney's fees or benefits of any kind as it relates to any and all claims against Employer and Insurer as a result of said accident or any accidents sustained during the course and scope of his employment with Employer. These payments also are in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act, the Longshore & Harbor Workers' Compensation Act, or all other claims or causes which the Employee may currently have or may in the future acquire against the Employer or Insurer arising from any medical treatment provided to Employee as a result of said accident, whether any condition resulting from the medical treatment is currently known or unknown to Employee

6

or whether any condition resulting from the medical treatment subsequently develops and causes further disability or death of Employee.

All medical bills paid for by Employer and Insurer for treatment rendered to Employee are set forth in the payment screen attached hereto. Pursuant to LA.R.S. 23:1272(E), Employer and Insurer specifically deny any responsibility for any other medical bill of Employee not listed on the attached payment screen with the exception that the Employer and Insurer remain responsible for any previously pre-certified and authorized medical treatment that remains unpaid in accordance with the Fee Schedule.

15.

The Insurer requested approval from the Centers for Medicare of the Medicare set aside amount. On or about April 15, 2013 CMS evaluated the Employee's future medical exposure to be $132,927.00. (Please see attached.)

16.

That Rex Allison, Sr. will place the seeding payment of Eleven Thousand Ninety Six and No/100 ($11,096.00) Dollars in an interest-bearing account. That Rex Allison, Sr. will self-administer those sums for any future medical treatment and prescriptions associated with his work related injuries which would otherwise be owed by Medicare, including but not limited to the anticipated future medical treatment and prescriptions. Further, Rex Allison, Sr. will receive the sum of $5,297.00, payable annually, beginning on 05/20/2014, payable only if living, through the purchase of an annuity policy from Pacific Life Insurance Company, for future medical treatment and pharmacy expenses associated with his work related injuries which would otherwise be owed by Medicare, including but not limited to the anticipated future medical treatment and prescriptions. That Rex Allison, Sr. will also place these payments in an interest bearing account. That Rex Allison, Sr. will administer these sums for future medical treatment and pharmacy expenses associated with his work related injures which would otherwise be owed

7

by Medicare.  That Rex Allison, Sr. will follow Medicare's requirements regarding reporting to Medicare and accounting for any medical care and pharmacy expenses received for the work related injury and monies expended for that treatment from the self-administered account.

The Fee Reimbursement Schedule, promulgated by the Office of Workers' Compensation, which sets forth amounts for medical treatment for workers' compensation claims has not increased since 1994.  Medical inflation is not included for any future medical care of the Employee related to the accident in question.

## 17.

The Employee contends that he is receiving Social Security Disability Benefits and as a result is a Medicare Beneficiary; that he has not received Medicare benefits for medical treatment for any work injuries as a result of the September 27, 2010 accident in question; that he understands that if he submits bills for treatment for the work related injury, these bills may be denied by Medicare; and that to his knowledge, Medicare has not made conditional payments for any medical treatment for any work injuries as a result of the September 27, 2010 accident in question.  In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien.  Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee.  Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare.  The Employee understands that Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

18.

The said offer of settlement is one which the Employee desires to accept subject to the approval of the Office of Workers' Compensation.

19.

Employee specifically waives the requirements of LSA-R.S. 23:1271(A)(3) which prohibits settlement within six months of the last medical treatment or temporary disability.

20.

The Employer has been notified of the terms of the settlement and consents thereto.

21.

This payment also is in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may currently have or may in the future acquire against the Employer or Insurer arising from any medical treatment provided to Employee as a result of said accident, whether any condition resulting from the medical treatment is currently known or unknown to Employee or whether any condition resulting from the medical treatment subsequently develops and causes further disability or death of Employee.

22.

It is further understood by all parties to this settlement that entering into this settlement constitutes a full and final release of all future liabilities of the Employer and Insurer.

23.

Rex Allison, Sr. contends that as a result of the injuries sustained on September 27, 2010, the settlement amount representing future indemnity benefits of $15,000.00 and further contends that the that the net settlement amount representing future indemnity benefits of $15,000.00 substitutes for a payment of $55.31 per month of periodic indemnity compensation benefits over

9

the balance of the next 271.2 months representing his full life expectancy as of the date of this stipulation and agreement. Notwithstanding, Employer and Insurer dispute any allegation that Employee is permanently and totally disabled.

24.

The Employee asserts that he is not represented by counsel and further attests and warrants that this settlement has not been procured by duress.

**WHEREFORE,** the premises considered, petitioners pray that after due consideration the compromise settlement presented, there be an Order of Approval by this Honorable Court authorizing the compromise settlement to be made and that all of the parties be authorized to make the settlement as outlined in full, final and complete settlement of all claims against any parties herein named and approving said settlement and that there be judgment rendered herein dismissing with full prejudice all claims presented by Employee, Rex Allison, Sr., as against Employer, Global Management Enterprises, LLC, and Insurer, Louisiana Workers' Compensation Corporation, their agents, employees, executive officers, representatives and any and all other persons, firms, corporations, partnerships, insurers and parties whomsoever for any and all liability of Employee under the Louisiana Worker's Compensations laws of the State of Louisiana, tort laws or any other laws whatsoever and for all general and equitable relief.

**REX ALLISON, SR., Employee**
Post Office Box 1135
Westlake, Louisiana 70069
Telephone:    (337) 707-2004

**RENEE C. WILLIS,** Bar Roll No. 22310
**Johnson, Rahman & Thomas**
2237 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone:    (225) 231-0557
Counsel for Employer, Global Management Enterprises, LLC and Insurer, Louisiana Workers' Compensation Corporation

IN THE MATTER OF:

REX ALLISON, SR.                           DOCKET NO.:  13-02657  DIST. 03
(SSN: ████-1627)

VERSUS                                     OFFICE OF WORKERS'
                                           COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                           STATE OF LOUISIANA

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

      BEFORE ME, the undersigned authority, personally came and appeared:

### RENEE C. WILLIS

who, first being duly sworn, did depose and say that:

      She is the attorney for Employer, Global Management Enterprises, LLC and Insurer,

Louisiana Workers' Compensation Corporation, in the above and foregoing Petition and that all

of the allegations of fact therein contained are true and correct to the best of her information,

knowledge and belief.

*Renee C Willis*

RENEE C. WILLIS, ESQ.


SWORN TO AND SUBSCRIBED before me this 23 day of May , 2013.

*Rich S. Voelker*

~~MARY CROCHET~~
~~NOTARY PUBLIC #010098~~

Richard J Voelker
La Bar 17846

11

IN THE MATTER OF:

REX ALLISON, SR.                           DOCKET NO.:  13-02657  DIST. 03
(SSN: ▉▉▉▉-1627)

VERSUS                                      OFFICE OF WORKERS'
                                            COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                            STATE OF LOUISIANA

---

### AFFIDAVIT OF EMPLOYEE

STATE OF  LOUISIANA

PARISH OF CALCASIEU

    **BEFORE ME,** the undersigned Notary, and in the presence of the undersigned, competent witnesses, appeared:

**REX ALLISON, SR.,**

who, first being duly sworn, deposed and said that:

    He is one of the petitioners in the foregoing Joint Petition; that settlement proceedings have been explained to him by the Office of Workers' Compensation Judge; that he fully understands and has read the foregoing petition, including all of the attachments thereto, and all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief; that he understands that the settlement he has entered is a full, final and complete settlement and compromise of all the workers' compensation claims he might have against the parties released and that the facts and allegations in the joint petition to settle the compensation claim are true and correct and that he waives the six month requirement of LSA-R.S. 23:1271(A)(3).

**SWORN   TO   AND   SUBSCRIBED** before   me   on   this _23rd_ day   of

_May_____, 2013, in Lake Charles, Louisiana, in the presence of the undersigned,

competent witnesses.

**WITNESSES:**

_____

_____
REX ALLISON, SR., Employee

_____

_____
NOTARY PUBLIC

Renee  C . Willis

Bar # 22310

RECEIVED
2013 MAY 23  AM 9: 03
DISTRICT 3 LAKE CHARLES

13

**IN THE MATTER OF:**

**REX ALLISON, SR.**
**(SSN: ████-1627)**

**DOCKET NO.:   13-02657   DIST. 03**

**VERSUS**

**OFFICE OF WORKERS'**
**COMPENSATION**

**GLOBAL MANAGEMENT**
**ENTERPRISES, LLC**

**STATE OF LOUISIANA**

RECEIVED
DISTRICT 3-LAKE CHARLES
2013 MAY 23   AM 9:03

---

## WAIVER

**STATE OF LOUISIANA**

**PARISH OF CALCASIEU**

 **BEFORE ME,** the undersigned authority, a Notary Public duly commissioned and qualified in and for the Parish aforesaid, State of Louisiana, personally came and appeared:

### REX ALLISON, SR.

who, being first duly sworn, did depose and say:

1.

 That he is of the full age of majority and resides in the City of West Lake, Parish of Calcasieu, State of Louisiana.

2.

 That he was employed by Global Management Enterprises, LLC and was so employed when he allegedly suffered a job-related accident on or about September 27, 2010.

3.

 That he can read and write and understand the English language.

14

**4.**

That he has voluntarily entered into a workers' compensation compromise settlement agreement with Employer, Global Management Enterprises, LLC and Insurer, Louisiana Workers' Compensation Corporation for injuries arising as a result of the alleged accident on the aforementioned date.

**5.**

That pursuant to the aforementioned compromise settlement agreement, he has read the entire text of R.S. 23:1271, specifically noting Subpart A (3).

**6.**

That affiant fully understands the meaning and text of R.S. 23:1271, specifically noting Subpart A (3), which deals with waiting until the expiration of six months after termination of temporary total disability before entering into a compromise settlement.

**7.**

Whether or not this provision applies to this matter, he knowingly, intelligently and voluntarily waives his rights pursuant to R.S. 23:1271 Subpart A (3).

**THUS DONE AND SIGNED** on this 23rd day of _May_ , 2013, in Lake Charles, Louisiana.

_Ry Allison Sr._
**REX ALLISON, SR., Employee**

**SWORN TO AND SUBSCRIBED** before me this 23rd day of _May_ , 2013, in Lake Charles, Louisiana.

_Renée C Willis_
**NOTARY PUBLIC**
Renee C Willis
Bar # 22310

15

IN THE MATTER OF:

REX ALLISON, SR.                              DOCKET NO.:  13-02657  DIST. 03
(SSN: ███-1627)

VERSUS                                        OFFICE OF WORKERS'
                                              COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                              STATE OF LOUISIANA

---

## ORDER OF APPROVAL

    **CONSIDERING** the foregoing petition, exhibits and affidavits and having found that a bona fide dispute exists between the Employee, Rex Allison, Sr. and with Employer, Global Management Enterprises, LLC and its Insurer, Louisiana Workers' Compensation Corporation, and being of the opinion that the compromise settlement proposed is fair and equitable and that it is entered into primarily to avoid the litigation and is in substantial accord with the terms of Title 23, Chapter 10, Revised Statutes of Louisiana and that Employee hereby respectfully waives the requirement of LSA-R.S. 23:1271 (A)(3) which provides that six (6) months must lapse after termination of temporary total disability for approval of this settlement, the law and evidence being in favor of petitioners.

    **IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment herein in favor of Rex Allison, Sr. and against Global Management Enterprises, LLC and its insurer, Louisiana Workers' Compensation Corporation, ordering Employer and Insurer to pay **FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS**, representing future indemnity benefits.

    **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that there be judgment herein in favor of Rex Allison, Sr. and against Global Management Enterprises, LLC and its insurer, Louisiana Workers' Compensation Corporation, ordering Employer and Insurer to pay the sum of **ELEVEN THOUSAND NINETY SIX AND NO/100 ($11,096.00) DOLLARS** to

16

Rex Allison, Sr., representing the up-front seed money for the Employee's Medicare Set Aside account, for any medical treatment associated with his work related injuries which would otherwise be owed by Medicare which the Employee will self-administer for his future medical treatment and prescription expenses which would otherwise be owed by Medicare. Employer/Insurer will have no future involvement or liability in the administration or accounting of these funds.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to the Qualified Assignment and Release entered into by Louisiana Workers' Compensation Corporation, Pacific Life Insurance Company and Pacific Life & Annuity Services, Inc., Pacific Life Insurance Company on behalf of Pacific Life & Annuity Services, Inc., will henceforth make annual payments to Rex Allison, Sr. of $5,297.00, paid only if living, beginning on 05/20/2014, for the Employee's Medicare Set-Aside Account, representing future medical treatment and prescription expenses associated with his work related injuries which would otherwise be owed by Medicare. These benefits are payable if the Employee is living and will therefore cease upon the death of the Employee, Rex Allison, Sr. There is no beneficiary.

Consequent to the foregoing, Rex Allison, Sr. will look solely to Pacific Life & Annuity Services, Inc. for the payments set forth hereinabove.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that Employer, Global Management Enterprises, LLC, and Insurer, Louisiana Workers' Compensation Corporation, be and the same are hereby forever released and relieved from all past, present, and future liability for claims of Employee, Rex Allison, Sr., for workers' compensation indemnity benefits, medical expenses, death benefits and claims of any nature and kind arising heretofore or which may hereafter arise under Title 23, Chapter 10, Revised Statutes of Louisiana, growing out of any accident or injury or out of any medical treatment provided as a result of any accident or injury occurring prior to the date of this agreement and more particularly, for any and all claims arising out of an accident occurring on or about September 27, 2010.

The Employer and Insurer remain responsible for any previously pre-certified and authorized medical treatment that remains unpaid in accordance with the Fee Schedule.

**JUDGMENT READ, RENDERED AND SIGNED** in Lake Charles, Louisiana on this _23_ day of _May_, 2013.

_[signature]_

**JUDGE, OFFICE OF WORKERS' COMPENSATION
DISTRICT 03**

TRUE COPY

BY _[signature]_
OFFICE OF WORKER'S COMPENSATION
AUTHORIZED CERTIFICATION CLERK

_[stamp: RECEIVED 2013 MAY 23 AM 9:04 DISTRICT 3-LAKE CHARLES]_

IN THE MATTER OF:

REX ALLISON, SR.                                      DOCKET NO.:  13-02657  DIST. 03
(SSN: �switch1627)

VERSUS                                                OFFICE OF WORKERS'
                                                      COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                                      STATE OF LOUISIANA

---

## AFFIDAVIT REGARDING MEDICARE BENEFITS

STATE OF LOUISIANA

PARISH OF CALCASIEU

     **BEFORE ME,** the undersigned authority, personally came and appeared:

**REX ALLISON, SR.**

who, first being duly sworn, did depose and say that:

     He was the Employee of Global Management Enterprises, LLC; that he has made a claim for workers' compensation benefits and has been paid workers' compensation benefits by Louisiana Workers' Compensation Corporation on behalf of its insured, Global Management Enterprises, LLC;

     He has settled his claim for workers' compensation benefits with Louisiana Workers' Compensation Corporation and Global Management Enterprises, LLC.  As part of the settlement, he has waived all claims for future medical treatment that may be needed as a result of the September 27, 2010 accident in question.

     That the Employee will self-administer the initial seed payment of Eleven Thousand Ninety Six and No/100 ($11,096.00) Dollars paid to Rex Allison, Sr., by Louisiana Workers'

19

Compensation Corporation; that Rex Allison, Sr. will administer the annual payments of $5,297.00, payable only if living, beginning on 05/20/2014, for the Employee's future medical treatment for injuries as a result of the September 27, 2010 accident in question;

That the Employee will self-administer and will comply with Medicare's requirements regarding reporting and/or accounting for payments for medical treatment from the administered account. That Employee will not submit any bills to Medicare for future medical treatment for injuries as a result of the September 27, 2010 accident in question until after the entire sums referenced above has been used by Employee for future medical treatment for injuries as a result of the September 27, 2010 accident.

That the Employee has not received Medicare benefits for any medical treatment for any work related injuries as a result of the September 27, 2010 accident in question; that to his knowledge, Medicare has not made conditional payments for any medical treatment for any work injuries as a result of the September 27, 2010 accident; that he is Medicare eligible; that he understands that if he submits medical bills for the work related injury before the funds he is self-administering are exhausted, these bills may be denied by Medicare.  Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment.  In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien.  Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee.

Employee asserts that it is not the purpose of the compromise settlement to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare. Employee understands that Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

_____
**REX ALLISON, SR., Employee**

**SWORN TO AND SUBSCRIBED**, before me, this 23rd day of ___May___, 2013.

_____
**NOTARY PUBLIC**

Renee C Willis
BAV # 22310

IN THE MATTER OF:

REX ALLISON, SR.                              DOCKET NO.:  13-02657  DIST. 03
(SSN: ███-1627)

VERSUS                                        OFFICE OF WORKERS'
                                             COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                              STATE OF LOUISIANA

---

## MOTION AND ORDER FOR
## VOLUNTARY DISMISSAL WITH PREJUDICE

NOW INTO COURT, comes, claimant, **REX ALLISON, SR.**, in the above-captioned matter, and on suggesting to the court that he wishes to voluntarily dismiss his claims against **GLOBAL MANAGEMENT ENTERPRISES, LLC** and **LOUISIANA WORKERS' COMPENSATION CORPORATION**, *with prejudice,* and now moves this court to dismiss his claim against **GLOBAL MANAGEMENT ENTERPRISES, LLC,** and **LOUISIANA WORKERS' COMPENSATION CORPORATION,** *with prejudice.*

Respectfully submitted:

**REX ALLISON, SR., Employee**
Post Office Box 1135
Westlake, Louisiana  70669
Telephone:     (337) 707-2004

**IN THE MATTER OF:**

**REX ALLISON, SR.**
(SSN: ████1627)

**DOCKET NO.: 13-02657 DIST. 03**

**VERSUS**

**OFFICE OF WORKERS'
COMPENSATION**

**GLOBAL MANAGEMENT
ENTERPRISES, LLC**

**STATE OF LOUISIANA**

---

## ORDER

**CONSIDERING THE FOREGOING MOTION TO DISMISS:**

**IT IS HEREBY ORDERED** that the claim of **REX ALLISON, SR.**, against **GLOBAL MANAGEMENT ENTERPRISES, LLC,** and **LOUISIANA WORKERS' COMPENSATION CORPORATION** be dismissed, *with prejudice.*

**SIGNED** this **23** day of _mαy_, 2013, in Lake Charles, Louisiana.

_____
**JUDGE**
**OFFICE OF WORKERS' COMPENSATION**

23

MAIL TO:
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA  70807-9040
(225) 342-7565

███ - ███ - 1627
SOCIAL SECURITY NUMBER

09 - 27 - 2010
DATE OF INJURY/ILLNESS

160031
CLAIM NUMBER

**STOP PAYMENT FORM**

This form is sent by the Employer/Insurer to the injured worker and the OWC within 30 days of the closure of a case.  An AMENDED COPY is required if the case re-opens or additional costs are incurred.

1. ALLISON SR, REX ███/1955
   (Employee)                    (Date of Birth)

2. 03 - 11 - 2013
   Date of this Notice

3. BACK N.E.C.
   (Part(s) of body injured)

4. 03 - 10 - 2013
   Date Compensation Paid Through

5. Purpose of Form: (Check One)
   [ ] Payment stopped-Employee working at equal or greater wage
   [X] Payment stopped-Employee able to work at same or greater wage
   [ ] Payment stopped-Lump sum/Compromise settlement approved
   [ ] Other

   [ ] Payment stopped-Maximum period for paying SEB has expired
   [ ] Payment stopped-3rd Party recovery without notice
   [ ] Ammend or correct prior 1003

6. Length of Disability     128     Weeks  6       Days.
7. Give ICD-9 Diagnostic code(s)   959   724.2   724.2
8. Give CPT Procedure code(s)   8      PT230   SMO11   .

9. COSTS INCURRED FOR THIS CASE:

| A. Indemnity Benefits | | | D. Rehabilitation Expenses | | |
|---|---|---|---|---|---|
| 1. Temporary Total | $ | 42,018.86 | 1. Medical Rehabilitation | $ | 0.00 |
| 2. Supplemental earnings | $ | 32,010.43 | 2. Vocational Rehabilitation | $ | 4,707.21 |
| 3. Permanent partial | $ | 0.00 | 3. Labor Market Survey | $ | 0.00 |
| 4. Permanent total | $ | 0.00 | 4. Evaluation | $ | 0.00 |
| 5. Death benefits | $ | 0.00 | 5. Other | $ | 0.00 |
| 6. Other benefits | $ | 0.00 | | | |

TOTAL INDEMNITY BENEFITS   $   74,029.29
(Add A. ITEMS 1-6)

TOTAL REHABILITATION EXPENSES .....   $   4,707.21
(Add D. ITEMS 1-5)

B. TOTAL SETTLEMENT AMOUNT ..   $   27.70

E. TOTAL FUNERAL EXPENSES ...........   $   0.00

| C. Medical Expenses | | | F. Legal Expenses | | |
|---|---|---|---|---|---|
| 1. Hospital | $ | 2,043.08 | 1. Attorney Fees | $ | 3,201.00 |
| 2. Physician | $ | 8,339.36 | 2. Court Costs | $ | 584.59 |
| 3. Diagnostic Test/Procedures | $ | 1,285.80 | 3. Deposition Costs | $ | 0.00 |
| 4. Prescription Drugs | $ | 1,491.54 | 4. Investigation Costs | $ | 4,082.00 |
| 5. Transportation Costs | $ | 2,956.80 | 5. Penalties and Interest | $ | 0.00 |
| 6. Independent Medical Exams | $ | 0.00 | 6. Administrative/Other Costs | $ | 2.57 |
| 7. Occupational/Physical Therapy | $ | 8,790.00 | | | |
| 8. Other | $ | 0.00 | | | |

TOTAL MEDICAL EXPENSES .........   $   24,906.58
(Add C. ITEMS 1-8)

TOTAL LEGAL EXPENSES ...................   $   7,870.16
(Add E. ITEMS 1-5)

G. 3RD PARTY RECOVERIES FOR COSTS ..........   $   0.00
   (NOT INCLUDED ABOVE)
H. TOTAL WORKERS' COMPENSATION COSTS ..   $   111,540.94
   (Add A-G)
I. BALANCE OF UNUSED RESERVES ...........   $   0.00

Submitted by:
Preparer's Name:   COURTNEY GRIFFIN
Employer/Insurer:  LOUISIANA WORKERS' COMPENSATION CORPORATION
Address:           2237 S. ACADIAN THRUWAY SUITE 102
                   BATON ROUGE LA  70808-
Phone:             (225) 924-7788
Employer/Insurer NCCI Number:   555555

Employee:   ALLISON SR, REX
Employer:   GLOBAL MANAGEMENT ENT LLC
Address:    3226 LAKE STREET
            LAKE CHARLES, LA 70601-
Phone:

LDOL-WC-1003(REV. 1/98)

MAIL TO:
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA 70804-9040
(225) 342-7565

1. Social Security No. _____ -1627

2. Date of Injury/Illness _____ 09-27-2010

Claim Number _____ 160031

## NOTICE OF PAYMENT

This form is to be completed by the Employer/Insurer and sent to the injured employee with the   first check or within 10
days of suspension/modification and/or change to SEB. A copy must be sent to the Office of Workers'   Compensation Administration
within 10 days of the effective date.

3. Purpose of Form (check one):

   [ ] Payment   [ ] Modification   [X] Suspension   [ ] Change to SEB

4. Employee Name   ALLISON SR, REX

5. _____ 03-12-2013 _____
   Effective Date

6. Part(s) of Body Injured   BACK N.E.C.,

7. Nature of Injury   SPRAINS STRAINS TEARS,

8. Compensation is paid as follows:

   [ ] A. Weekly payments of $_____ based on an average weekly wage of $_____ have begun.

   [ ] B. Payments restarted at $_____ per week.

   [ ] C. Payments reduced by $_____ due to:

   [ ] Social Security Benefits
   [ ] Employer Disability Benefits
   [ ] Third Party Recovery
   [ ] Other:_____

   [ ] Other Workers' Compensation Benefits
   [ ] Unemployment Insurance Benefits
   [ ] Refused Rehabilitation

   [ ] D. Permanent Partial Benefits of $_____ will be paid for _____ weeks.

   [ ] E. Supplemental Earnings Benefits of $_____ will begin _____.
        The exact amount received weekly may vary.

   [ ] F. Death Benefits have begun in the amount of $_____ per week, representing _____% of wages.

   [ ] G. Payment suspended due to employee failing to cooperate.

   [X] H. Other reasons or explanations _____ THE CLAIMANT IS ABLE TO RETURN TO WORK

9. Submitted by:

   Preparer Name:        COURTNEY GRIFFIN
   Employer/Insurer:     LOUISIANA WORKERS' COMPENSATION CORPORATION
   Address:              2237 S. ACADIAN THRUWAY SUITE 102
                         BATON ROUGE, LA 70808
   Phone:                225-924-7788
   Employer/Insurer NCCI #   555555

   Employee Name:        ALLISON SR, REX
   Employer:             GLOBAL MANAGEMENT ENT LLC
   Address:              3226 LAKE STREET
                         LAKE CHARLES, LA 70601-
   Phone:

LDOL-WC-1002
REV. 1/98

**RETURN TO:**
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA 70804 - 9040
For information call (225) 342-7576
or Toll Free (800) 201-3457

| | | |
|---|---|---|
| 1. | Social Security No. | ▮▮▮ - ▮▮ - 1627 |
| 2. | Date of injury/illness | 09 - 27 - 2010 |
| 3. | Part(s) of Body Injured | Back |
| 4. | OWC Docket Number | 13-02657 |
| 5. | OWC District Number | 03 |

## REQUEST FOR COMPROMISE
## OR LUMP SUM SETTLEMENT

23 May 2013
DATE OF APPROVAL

[signature] JUDGE

2013 MAY 23 AM 9:04 DISTRICT 3-LAKE CHARLES RECEIVED

**EMPLOYEE**

6. Name    Rex Allison, Sr.

Street or Box    Post Office Box 1135

City   Westlake

State   Louisiana           Zip    70669

Phone (337)   707-2004

**EMPLOYEE'S ATTORNEY**

7. Name   (Unrepresented)

Street or Box

City

State                          Zip

Phone (   )

**EMPLOYER**

8. Name  Global Management Enterprise, LLC

Street or Box   3226 Lake Street

City   Lake Charles

State   Louisiana           Zip    70601

Phone (337)  494-7354

**INSURER/ADMINISTRATOR**
(circle one)

9. Name  Louisiana Workers' Compensation Corporation

Street or Box    2237 S. Acadian Thruway

City    Baton Rouge

State   Louisiana           Zip    70808

Phone (225)   924-7788

**EMPLOYER/INSURER'S ATTORNEY**
(circle one)

10. Name    Renee C. Willis, Bar Roll No.22310

Street or Box   2237 S. Acadian Thruway

City    Baton Rouge

State   Louisiana           Zip    70808

Phone (225)   231-0557

11. DATE OF SETTLEMENT CONFERENCE :
12. TERMS AND AMOUNT OF SETTLEMENT: _____ $ 147,927.00
13. BENEFITS PAID TO DATE:
    a) AVERAGE WEEKLY WAGE: _____ $    945.00
    b) WORKERS' COMPENSATION BENEFITS: ____ $  74,029.29
    c) MEDICAL BENEFITS: _____ $  24,842.37
    d) DEATH BENEFITS: _____ N/A
14. ATTORNEY FEES PAID TO DATE:
15. ADDITIONAL FEES REQUIRED:

**TRUE COPY**

BY [signature]
OFFICE OF WORKERS' COMPENSATION
AUTHORIZED CERTIFICATION CLERK

**ATTACHMENTS REQUIRED:**

_____ JOINT PETITION
_____ FORM 1007 ATTACHED _____ OR ON FILE _____
_____ FORM 1003 ATTACHED _____ OR ON FILE _____
_____ EMPLOYEE AFFIDAVIT
_____ EMPLOYER CONCURRENCE
_____ ALLEGATION OF LEGAL REPRESENTATION

_____ MOST RECENT MEDICAL REPORT
_____ WAIVER OF RIGHTS UNDER L.R.S. 23:1271
_____ FILING FEE PAID
_____ ORDER OF DISMISSAL
N/A _____ MOTION AND ORDER FOR ATTORNEY FEES
_____ MOTION AND ORDER TO DISMISS 1008
    (IF APPLICABLE)

SUBMITTED BY:   Renee C. Willis

PHONE: (225)   231-0557

LDOL-WC-1011
REV. 1/98

**DEPARTMENT OF HEALTH & HEALTH SERVICES**
**Centers for Medicare & Medicaid Services**

04/15/2013

RECEIVED

APR 17 2013

WCCCS80303-17SR R;25CAL DEPARTMENT
LWCC
2237 S. ACADIAN THRUWAY
ATTN: MARY CROCHET
BATON ROUGE LA 70808-2371

RE:  *Workers' Compensation Medicare Set-aside Arrangement*
     Claimant: REX ALLISON
     HICN/SSN: 438881627A
     Date of Injury: 09/27/2010
     CMS Case Control Number: 130771257137801

Dear LWCC :

This letter is in response to your initial proposal received on 3/11/2013 for a Workers' Compensation Medicare Set-aside Arrangement (WCMSA) on behalf of the above named individual.

You proposed that a WCMSA in the amount of $10,322.00 be available for the purposes of paying for future medical services related to the work injury or disease that would otherwise be reimbursable by Medicare. We note that an amount of $85,100.00 was submitted for future prescription drug treatment.

We have evaluated your proposal to protect Medicare's interests with a WCMSA for future medical expenses related to REX ALLISON's work injury or disease. We have determined that $132,927.00, which



is a combination of the reviewed future medical treatment and the future prescription drug costs that are noted in the submitted cover letter, adequately considers Medicare's interests.

The WCMSA funds must be placed in an interest bearing account. Funds must be available for payment of services and prescription drug expenses that would otherwise be covered by Medicare with an initial deposit of $11,077.00 and subsequent equal payments of $5,297.00 over 23 years.

When a WCMSA is funded as a structured settlement (settlement monies apportioned over fixed or defined periods of time), any WCMSA funds that are not used in a given year must remain in the account in subsequent years for payment of services and prescription drug expenses that would otherwise be reimbursable by Medicare. When all WCMSA funds (including the current year's full structured payment plus any prior year's remaining funds plus interest) have been depleted in a year, Medicare will pay for services that are related to the work injury or disease for the remainder of that year until the scheduled date for the subsequent year's deposit into the WCMSA account. In addition, Medicare will pay primary for future prescription drugs if the beneficiary is enrolled in a Medicare prescription drug plan and does not have any other coverage that is primary to Medicare. Bills should be paid in chronological order to enable CMS' Medicare Contractor to identify when the funds become temporarily exhausted.

**Approval of this WCMSA is not effective until a copy of the final executed workers' compensation settlement agreement, which must include this approved WCMSA amount, is received by CMS at the following address.**

> CMS
> c/o Coordination of Benefits Contractor
> P.O. Box 33849
> Detroit, Michigan 48232-5849
> Attention: WCMSA

Note – If this case was submitted using the Workers' Compensation Set-Aside Web Portal, the final settlement document must be attached and submitted to the case using the Web Portal. See the Case Documents section '25 - Proposed/Final Settlement Agreement or Court Order' on the Web Portal case.

The proposed settlement agreement provides for future medical expenses to be paid based on the workers' compensation fee schedule for the state of LOUISIANA. Therefore, the WCMSA is approved to pay providers, physicians and suppliers based on the workers' compensation fee schedule in effect for this state for future medical expenses that would otherwise be reimbursable by Medicare. The WCMSA administrator is responsible for obtaining fee schedule updates.

Once the funds in the WCMSA account have been exhausted and Medicare has been provided with information to document that payments from the account were appropriate, Medicare will begin paying for the beneficiary's Medicare-covered services that are related to the work injury or disease. The beneficiary's Medicare-covered expenses that are not related to the work injury or disease are not affected by the WCMSA and will be reimbursed by Medicare unless another entity under 42 U.S.C. Section 1395y(b) is responsible for primary payment of such expenses.

Funds in a WCMSA may not be used to purchase a Medicare supplemental insurance policy or a Medigap policy for a beneficiary, or to pay for the premiums for such policies.



You have indicated that the claimant, REX ALLISON, will act as administrator of the WCMSA funds. Please see the enclosed instructions titled, Administering Your Workers' Compensation Medicare Set-aside Arrangement (WCMSA), along with a self-attestation letter. The self-attestation letter must be signed and forwarded to CMS' Medicare contractor listed below no later than 30 days after the end of each year (beginning with one year from establishment of the WCMSA account). Annual self-attestation should continue through depletion of the account. It is important that the administrator understands and complies with these instructions.

> MSPRC
> PO BOX 138832
> OKLAHOMA CITY, OK 73113
> Attention: MSP – Medicare Set Aside Reconciliation

Please note that decisions regarding future medical treatment and/or future prescription drug expenses are independent of any determination regarding Medicare Secondary Payer recovery rights. Medicare has both a direct recovery right and a subrogated right to recover Medicare payments related to any workers' compensation (WC) settlement, judgment, award, or other recovery. Any payments Medicare may have made that are related to the WC settlement, judgment, award, or other recovery must be repaid.

If you have any questions concerning this letter, please call CUSTOMER SERVICE at (214) 767-6402.

> Sincerely,

> Gerald Walters
> Director, Financial Services Group
> Office of Financial Management

Enclosure

CC:   REX ALLISON
      RICHARD WILSON, ESQ.
      MSPRC



## ADMINISTERING YOUR STRUCTURED WORKERS' COMPENSATION MEDICARE SET-ASIDE ARRANGEMENT (WCMSA)

You have chosen to personally administer the WCMSA account established as part of a Workers' Compensation settlement. It is important that you understand the Centers for Medicare & Medicaid Services' (CMS) policies regarding workers' compensation set-aside arrangements (WCMSAs).

Medicare regulations, as found in Title 42 of the Code of Federal Regulations § 411.46, state that Medicare will not pay for Medicare-covered medical expenses or Medicare-covered prescription drugs expenses related to your work-related injury until the WCMSA funds have been exhausted. Your WCMSA funds must be used to pay for all Medicare-covered medical services and Medicare-covered prescription drug expenses related to the workers' compensation injury, illness, or disease. A CMS lead Medicare contractor will monitor your expenditures from the WCMSA account upon receipt of the annual self-attestation letter that you are required to submit. Once the lead contractor has confirmed that the WCMSA funds have been exhausted appropriately, Medicare will begin paying for Medicare-covered services related to the workers' compensation injury, illness, or disease.

Instructions for establishing and administrating a WCMSA account are listed below. If you have any questions regarding these requirements, please contact the CMS lead Medicare contractor at the following address:

> MSPRC
> PO BOX 138832
> OKLAHOMA CITY, OK 73113
> Attention: MSP – Medicare Set-aside Reconciliation

### Establishing and Using your Medicare Set-Aside Account

- WCMSA funds must be placed in an interest-bearing account, separate from your personal savings or checking account.

- WCMSA funds may only be used to pay for medical services and prescription drug expenses related to your work injury that would normally be paid by Medicare.

- Examples of some items that Medicare does not pay for are: acupuncture, routine dental care, eyeglasses or hearing aids, etc.; therefore, these items cannot be paid from the WCMSA account. You may obtain a copy of the booklet "Medicare & You" from your Social Security office for a more extensive list of services not covered by Medicare.

- If you have a question regarding Medicare's coverage of a specific item, service, or prescription drug, to determine if you may pay for it from the WCMSA account, please call 1-800-MEDICARE (1-800-633-4227) or visit CMS' website: http://www.cms.hhs.gov/home/medicare.asp

*Please note: If payments from the WCMSA account are used to pay for services other than Medicare allowable medical expenses related to medically necessary services and prescription drug expenses, Medicare will not pay injury related claims until these funds are restored to the WCMSA account and then properly exhausted.*



**Record Keeping**

- As administrator of the account, you will be responsible for keeping accurate records of payments made from the account. These records may be requested by CMS' lead Medicare contractor as proof of appropriate payments from the WCMSA account.

- You may use the WCMSA account to pay for the following costs that are directly related to the account:

    Document copying charges
    Mailing fees/postage
    Any banking fees related to the account
    Income tax on interest income from the set-aside account

- Annually, you must sign and forward a copy of the attached self-attestation form, which states that payments from the WCMSA account were made for Medicare-covered medical expenses and Medicare-covered prescription drug expenses related to the work-related injury, illness, or disease.

- An annual accounting shall be submitted to the Medicare lead contractor listed on Page 1 of this instruction no later than 30 days after the end of each anniversary year (beginning with one year from the date of settlement).

- The annual self-attestation should continue through depletion of the WCMSA account.

- **DO NOT SEND YOUR ANNUAL ACCOUNTING DIRECTLY TO CMS. Please send your annual accounting to the CMS lead Medicare contractor noted above.**



**Workers' Compensation Medicare Set-aside Arrangement (WCMSA)– Account Expenditure for Structured Annuity**

**This form should be completed annually and mailed to MSPRC PO BOX 138832 OKLAHOMA CITY, OK 73113 starting one year from the date of settlement.**

**Note: Please make several copies of this form because you must send this form to the Medicare contractor each year until all of your WCMSA has been spent.**

REX ALLISON
438881627A

Date: _____

Total WCMSA amount noted in CMS' written opinion: $132,927.00

Individuals that have a CMS-approved WCMSA as part of a workers' compensation settlement agreement may only use the funds in the WCMSA account to pay for Medicare-covered medical services and Medicare-covered prescription drug expenses that are related to their workers' compensation injury, illness, or disease.

(Please Check)

(1) I, the undersigned, attest that I have a **structured annuity** WCMSA and have used the annual monies from the WCMSA account for the period of _____ to _____ to pay for the following:

      Medical services:      $_____
      Prescription drug expenses:      $_____

(2) I, the undersigned, attest that I have a **structured annuity** WCMSA and have **EXHAUSTED** the annual money (and any applicable carry-over from previous years) in the WCMSA account for the period of _____ to _____ to pay for the following:

      Medical services:      $_____
      Prescription drug expenses:      $_____

(3) I, the undersigned, attest that I have a **structured annuity** WCMSA and have **COMPLETELY EXHAUSTED** all monies in the WCMSA account to pay for the following:

      Medical services:      $_____
      Prescription drug expenses:      $_____

I acknowledge and understand that failure to follow any of the Medicare requirements for the use of this money will be regarded as a failure to reasonably recognize Medicare's interests and that Medicare will deny



coverage for all my medical treatments and prescription drug expenses due to work-related injuries up to the total workers' compensation settlement amount.

_____

Signature                                          Date

_____

Witness                                            Date

**The CMS reserves the right to audit how you spent the funds in your WCMSA account.  Therefore, CMS recommends that you retain your WCMSA records for a period of seven (7) years.  However, please do not send your receipts or bank statements to CMS or the Medicare Contractor identified above.**



# WORKERS COMPENSATION MEDICARE SET-ASIDE REVIEW

**Case Control #:** 13077125713780l · **HICN:** 43881627A    **SSN:** ⬤1627

**Claimant's Name:** REX  ALLISON

**Date of Injury:** 09/27/2010

**Diagnosis Code:** 7242

**Proposed Settlement Date (PSD):** 7/9/2013    **DOB:** ⬤1955
**Age at PSD:** 58    **Rated Age at PSD:** 58    **Life Expectancy:** 24 yrs.

**Submitter:**
(225) 593-0416
LWCC
2237 S. ACADIAN THRUWAY
ATTN: MARY CROCHET
BATON ROUGE, LA 70808-2371

**Claimant:**
(337) 770-2004
REX  ALLISON
PO BOX 1135
LAKE CHARLES, LA 70669

**MSA Administrator:**
(337) 707-2004
REX  ALLISON
PO BOX 1135
LAKE CHARLES, LA 70669

[ ] SSA's record shows Representative Payee

00255

Proposed Future Medical MSA Amount: $10,322.00
Proposed Future Rx MSA Amount: $85,100.00
Total Proposed MSA: $95,422.00
Proposed Initial Deposit: $7,925.00
Total Settlement Amount: $120,395.00

Recommended MSA: $132,927.00  Pricing Method: Fee WC State:  LA
Recommended MSA Lump Sum [ ] or
Recommended MSA Structured Payments: [X]
Recommended Initial Deposit: $11,077.00
Annual Amount: $5,297.00 x 23 yrs.
Anniversary Date:  7/9/2014
Type of Recommendation: Counter-Higher
If not eligible, reason:

Current Treatment Status for WC Injury, Illness/Disease (including past medical treatment):
THE CLAIMANT IS A FIFTY-EIGHT YEAR OLD MALE WITH A MEDIAN RATED AGE OF FIFTY-EIGHT AND A LIFE
EXPECTANCY OF TWENTY-FOUR YEARS.  ON SEPTEMBER 27, 2010 THE CLAIMANT SUSTAINED A WORK-RELATED
INJURY TO THE LOW BACK WHILE JUMPING OVER A BARGE. INFORMATIONREGARDING THE INITIAL INJURY
ASSESSMENT AND MEDICAL TREATMENT WAS UNAVAILABLE FOR REVIEW. THE CLAIMANT HAD COMPLAINTS OF
BACK PAIN WHICH EXTENDED DOWN TO BOTH LEGS. ON NOVEMBER 2, 2010 THE CLAIMANT WAS DIAGNOSED WITH
MULTILEVEL DISC PATHOLOGY WITHOU T THE PRESENCE OF A SURGICAL LESION. CONSERVATIVE CARE IN THE
FORM OF PHYSICAL THERAPY WAS COMPLETED AND MEDICATION WAS PROVIDED FOR SYMPTOM RELIEF. L5-S1
TRANSFORAMINAL EPIDURAL STEROID INJECTIONS WERE TRIED BUT PROVIDED ONLY MINIMAL TEMPORARY
RELIEF OF SYMPTOMS. THE CLAIMANT IS FOLLOWED BY THE ORTHOPEDIC SURGEON AND SYMPTOMS ARE
MANAGED WITH PRESCRIPTION MEDICATION.

Past Medical Treatment Unrelated to WC Injury/ Co-Morbid Conditions:
NONE IDENTIFIED

Future Treatment (for Medicare covered items and services for the WC Injury only):

ANTICIPATED FUTURE CARE INCLUDES PHYSICIAN VISITS, PHYSICAL THERAPY, AND DIAGNOSTIC TESTING.



The following chart summarizes the services and costs (exclusive of pharmacy items) that adequately protect Medicare's interests:

| SERVICE | FREQ | EVERY X YRS | # OF YEARS | PRICE PER SERVICE | TOTAL |
|---|---|---|---|---|---|
| PHYSICIAN VISITS | 4 | 1 | 24 | $68.00 | $6,528.00 |
| ORTHOPEDIC VISITS | 26 | 24 | 24 | $105.00 | $2,730.00 |
| PHYSICAL THERAPY | 20 | 24 | 24 | $129.00 | $2,580.00 |
| LUMBAR X-RAY | 4 | 24 | 24 | $99.00 | $396.00 |
| LUMBAR MRI | 3 | 24 | 24 | $2,039.00 | $6,117.00 |
| VENIPUNCTURE | 1 | 1 | 24 | $3.00 | $72.00 |
| CBC | 1 | 1 | 24 | $41.00 | $984.00 |
| CMP | 1 | 1 | 24 | $14.97 | $359.28 |
| URINE DRUG SCREEN | 1 | 1 | 24 | $20.60 | $494.40 |
| | | | | TOTAL | $20,260.68 |

## Pharmacy (for Medicare covered drugs for the WC injury only):

THE PRESCRIBED MEDICATIONS CLYLOBENZAPRINE, DICLOFENAC, LORZONE, TRAMADOL AND HYDROCODONE/APAP ARE INCLUDED FOR THE LIFE EXPECTANCY.

According to available documentation, this claimant is currently receiving the following drugs: LORZONE, DICLOFENAC SODIUM, APAP/HYDROCODONE BITARTRATE, CYCLOBENZAPRINE HCL, TRAMADOL HCL

The following chart summarizes the pharmacy costs that adequately protect Medicare's interests:

| DRUG | NATIONAL DRUG CODE | AMOUNT PER UNIT DOSAGE | PER DAY | PER WEEK | PER MONTH | # OF YEARS | PRICE PER UNIT | TOTAL |
|---|---|---|---|---|---|---|---|---|
| LORZONE | 68025-0047-10 | 750 MG | 0 | 0 | 60 | 24 | $3.53 | $60,998.40 |
| DICLOFENAC SODIUM | 42291-0231-18 | 75 MG | 0 | 0 | 60 | 24 | $1.05 | $18,144.00 |
| APAP/HYDROCODONE BITARTRATE | 00591-0503-05 | 650 MG-10 | 0 | 0 | 90 | 24 | $0.16 | $4,147.20 |
| CYCLOBENZAPRINE HCL | 00591-5658-10 | 10 MG | 0 | 0 | 90 | 24 | $0.08 | $2,073.60 |
| TRAMADOL HCL | 51079-0991-20 | 50 MG | 0 | 0 | 120 | 24 | $0.79 | $27,302.40 |
| | | | | | | | TOTAL | $112,665.60 |



**Rationale for Decision:**

INSTEAD OF THE SUBMITTER'S PROPOSED SET-ASIDE, CMS HAS DETERMINED THAT A DIFFERENT SET-ASIDE AMOUNT IS NECESSARY TO PROTECT MEDICARE'S INTEREST FOR THE FOLLOWING REASONS:   ADDITIONAL MEDICAL SERVICES ARE INDICATED, INCLUDING INCREASED FREQUENCY OF MRI, INCREASED NUMBER OF PHYSICIAN VISITS FOR PAIN MANAGEMENT, INCREASED NUMBER OF ORTHOPEDIC VISITS AND INCREASED NUMBER OF PHYSICAL THERAPY VISITS.   MEDICAL SERVICES PRICING IS HIGHER THAN PRICING USED IN THE PROPOSAL. -INCREASED COST OF MRI, X-RAY AND PHYSICAL THERAPY.   ONE OR MORE DRUGS WERE ALLOCATED FOR A LARGER AMOUNT VERSUS THE SUBMISSION REQUEST, AS THE MEDICAL AND/OR PHARMACY RECORDS INDICATE THE INCREASE. THIS ADDED COST RESULTED IN A COUNTER HIGHER. -HYDROCODONE/APAP -LORZONE -DICLOFENAC  AN INITIAL DEPOSIT OF $11,077 INSTEAD OF THE SUBMITTER'S PROPOSED INITIAL DEPOSIT OF $7,925 WILL ADEQUATELY PROTECT MEDICARE'S INTEREST.   132,927   RECOMMENDED MSA, MINUS      0  A. COST OF 1ST SURG PROC (INCL PREP)       0    B. COST OF 1ST REPLACEMENT       0    C. RX INITIAL DEPOSIT    132,927  EQUALS REMAINING LIFE NEEDS         24   LIFE EXPECTANCY      5,539    REMAINING NEEDS/LE= ANNUAL NEEDS 2   TIMES TWO YEARS     11,077    D. EQUALS TWO YRS OF REMAINING NEEDS     11,077    CALCULATED INITIAL DEPOSIT = A+B+C+D

The following chart summarizes the services and costs that adequately protect Medicare's interests:

Subtotal Future Treatment: $20,261
Subtotal Pharmacy:          $112,666
Grand Total:                $132,927

04/24/2013 03:37 PM



 Learn about your letter at *www.msprc.info*



April 21, 2013

2458 1 SP 0.480
***SNGLP 720 R:2458 T:12 P:15 PC:4 F:182701
LOUISIANA WORKERS COMPENSATION
2237 S ACADIAN THRUWAY
BATON ROUGE, LA 70808



| | |
|---|---|
| Beneficiary: | REX ALLISON |
| Medicare Number: | ██████1627A |
| Entitlement Date: | March 01, 2013 |
| Case Identification Number: | 201306409001677 |

Dear LOUISIANA WORKERS COMPENSATION :

We are in receipt of your request dated March 08, 2013.  Enclosed, please find a copy of the original documentation previously sent on March 14, 2013.

If you have any questions concerning this matter, please call the Medicare Secondary Payer Recovery Contractor (MSPRC) at 1-866-677-7220 (TTY/TDD: 1-866-677-7294 for the hearing and speech impaired) or send written response to the address below.  Please be sure to include the Medicare Health Insurance Claim Number (HICN) on all written correspondence.

Sincerely,

MSPRC Case Analyst

CC: REX ALLISON

JAX

Enclosure: Final Settlement Detail Document

---

Medicare Secondary Payer Recovery Contractor
MSPRC Workers Compensation
P.O. Box 138832
Oklahoma City, OK 73113

ML078NGHP

04/24/2013 03:37 PM

 **MSPRC**     Learn about your letter at *www.msprc.info*    

March 14, 2013

5170 1 MB 0.405
***AUTO**MIXED AADC 720 R:5170 T:21 P:26 PC:2 F:168801
GLOBAL MANAGEMENT ENTERPRISE
3226 LAKE ST
LAKE CHARLES, LA 70601-8340

|ıIIII|ı|ıılIı|ı|ılıı|ıı|ıı|ı|ı|ı|ı|ıı|ıııIIııı|ıılI|IIIı|ıı|ıI

| Beneficiary Name: | ALLISON, REX |
|---|---|
| Medicare Number: | ████1627A |
| Case Identification Number: | 20130 64090 01677 |
| Date of Incident: | March 01, 2013 |

Dear GLOBAL MANAGEMENT ENTERPRISE:

This letter follows a previous letter notifying you of Medicare's priority right to recovery as defined under the Medicare Secondary Payer provision. To date, Medicare has not paid any claims that currently appear related to the beneficiary's pending settlement, judgment, or award for the above-referenced incident.

It is possible that Medicare may have paid claims related to the date of incident but may not have been retrieved and/or included for the following reasons: the nature of the injury or illness has not been provided or is incomplete, or all claims have not been submitted by the providers. However, Medicare may pay related claims in the future. Therefore, when the case does settle, please complete the attached, "Final Settlement Detail Document" and return it to us. Upon receipt of the completed documents, we will perform a final search of Medicare claims history and notify you if a refund is due Medicare.

*Please note: If the underlying claim involves ingestion, exposure, implantation, or other non-trauma based injury, Medicare may have excluded the paid claims related to your case. Please contact the MSPRC immediately with a description of the injury so that we may associate the appropriate claims with the case.*

Should conditional payment information become available, it will be posted under the "MyMSP"

  

tab of the www.mymedicare.gov website. The information at www.mymedicare.gov will be updated weekly with any changes or newly processed claims. If you wish, you may track the medical expenses that were paid by Medicare, and if you have an attorney or other representative, provide him/her with this information. This may help you/ your attorney with finalizing your settlement.

If you have any questions concerning this matter, please call the Medicare Secondary Payer Recovery Contractor (MSPRC) at 1-866-677-7220 (TTY/TDD: 1-866-677-7294 for the hearing and speech impaired) or you may contact us in writing at the address below. When sending any correspondence please provide the Beneficiary Name, Medicare Health Insurance Claim Number (the number on the Medicare card), and Case Identification Number (if known). This will allow us to associate the correspondence to the appropriate records.

Sincerely,


MSPRC
Enclosure: Final Settlement Detail Document


CC: REX ALLISON

MSPRC WC
PO BOX 138832
OKLAHOMA CITY, OK 73113

04/24/2013 03:37 PM

 **MSPRC**  Learn about your letter at *www.msprc.info* 

## Final Settlement Detail Document

Beneficiary Name: ALLISON, REX
Medicare Number: ████1627A
Date of Incident:    March 01, 2013

When a beneficiary receives a settlement, judgment, award, or other payment, Medicare is entitled to recover associated payments made by the Medicare program. If certain conditions are met, Medicare reduces its conditional payment to take into account a proportionate share of the costs incurred in resolving the beneficiary's claim.  See 42 C.F.R. 411.37.  In general, the recovery demand must be against the individual or entity that received payment, the costs must have been incurred because the matter was disputed, and the costs must be paid by the individual or entity against whom/which Medicare seeks recovery.  There is no proportionate reduction if payment is not in dispute - for example a payment for no-fault insurance.

In order for Medicare to properly calculate the net refund it is due, please supply the information outlined below.  This information will also be used to update the beneficiary's records to show resolution of this matter.  ·If you have a representative, this information should be submitted by your representative on his/her letterhead.

**Total Amount of the Settlement:** _____
**Total Amount of Med-Pay or PIP:** _____
**Attorney Fee Amount Paid by the Beneficiary:** _____
**Additional Procurement Expenses Paid by the Beneficiary:** _____
  (Please submit an itemized listing of these expenses)
**Date the Case Was Settled:** ____/____/____
**Description of Injuries:** _____

This information should be submitted **along with a copy of this notice** to:

MSPRC WC
PO BOX 138832
OKLAHOMA CITY, OK 73113

If you have any questions concerning this matter, please call the Medicare Secondary Payer Recovery Contractor (MSPRC) at 1-866-677-7220(TTY/TDD: 1-866-677-7294 for the hearing and speech impaired) or you may contact us in writing at the address above.  If you contact us in writing, please be sure to include the beneficiary's name and his/her Medicare health insurance claim number.

**04/24/2013 03:37 PM**

 **MSPRC**       Learn about your letter at *www.msprc.info*      

March 14, 2013

5178 1 MB 0.405
***AUTO**MIXED AADC 720 R:5178 T:21 P:26 PC:2 F:168801
REX ALLISON
PO BOX 1294
WESTLAKE, LA 70669-1294



For Information Only

րվեսպիկեն․ուտենՈւՈ(Ո<(ոոՈԱpool)poll)ՈՈ(ո<(ns

-------------------------------------------------------------------



March 14, 2013

5178 1 MB 0.405
***AUTO**MIXED AADC 720 R:5178 T:21 P:26 PC:2 F:168801
GLOBAL MANAGEMENT ENTERPRISE
3226 LAKE ST
LAKE CHARLES, LA 70601-8340



Beneficiary Name:          ALLISON, REX
Medicare Number:           ████████1627A██
Case Identification Number: 20130 64090 01677
Date of Incident:          March 01, 2013

Dear GLOBAL MANAGEMENT ENTERPRISE:

This letter follows a previous letter notifying you of Medicare's priority right to recovery as defined under the Medicare Secondary Payer provision.  To date, Medicare has not paid any claims that currently appear related to the beneficiary's pending settlement, judgment, or award for the above-referenced incident.

It is possible that Medicare may have paid claims related to the date of incident but may not have

  

been retrieved and/or included for the following reasons: the nature of the injury or illness has not been provided or is incomplete, or all claims have not been submitted by the providers. However, Medicare may pay related claims in the future. Therefore, when the case does settle, please complete the attached, "Final Settlement Detail Document" and return it to us. Upon receipt of the completed documents, we will perform a final search of Medicare claims history and notify you if a refund is due Medicare.

*Please note: If the underlying claim involves ingestion, exposure, implantation, or other non-trauma based injury, Medicare may have excluded the paid claims related to your case. Please contact the MSPRC immediately with a description of the injury so that we may associate the appropriate claims with the case.*

Should conditional payment information become available, it will be posted under the "MyMSP" tab of the www.mymedicare.gov website. The information at www.mymedicare.gov will be updated weekly with any changes or newly processed claims. If you wish, you may track the medical expenses that were paid by Medicare, and if you have an attorney or other representative, provide him/her with this information. This may help you/ your attorney with finalizing your settlement.

If you have any questions concerning this matter, please call the Medicare Secondary Payer Recovery Contractor (MSPRC) at 1-866-677-7220 (TTY/TDD: 1-866-677-7294 for the hearing and speech impaired) or you may contact us in writing at the address below. When sending any correspondence please provide the Beneficiary Name, Medicare Health Insurance Claim Number (the number on the Medicare card), and Case Identification Number (if known). This will allow us to associate the correspondence to the appropriate records.

Sincerely,

MSPRC
Enclosure: Final Settlement Detail Document

CC: REX ALLISON

 **MSPRC**     Learn about your letter at *www.msprc.info*    

## Final Settlement Detail Document

Beneficiary Name: ALLISON, REX
Medicare Number: ████1627A
Date of Incident:     March 01, 2013

When a beneficiary receives a settlement, judgment, award, or other payment, Medicare is entitled to recover associated payments made by the Medicare program. If certain conditions are met, Medicare reduces its conditional payment to take into account a proportionate share of the costs incurred in resolving the beneficiary's claim.  **See 42 C.F.R. 411.37.**  In general, the recovery demand must be against the individual or entity that received payment, the costs must have been incurred because the matter was disputed, and the costs must be paid by the individual or entity against whom/which Medicare seeks recovery.  There is no proportionate reduction if payment is not in dispute - for example a payment for no-fault insurance.

In order for Medicare to properly calculate the net refund it is due, please supply the information outlined below.  This information will also be used to update the beneficiary's records to show resolution of this matter.  If you have a representative, this information should be submitted by your representative on his/her letterhead.

**Total Amount of the Settlement:**                                          _____
**Total Amount of Med-Pay or PIP:**                                          _____
**Attorney Fee Amount Paid by the Beneficiary:**                             _____
**Additional Procurement Expenses Paid by the Beneficiary:**                 _____
   (Please submit an itemized listing of these expenses)
**Date the Case Was Settled:**                                          _____/_____/_____
**Description of Injuries:**                                                 _____

This information should be submitted **along with a copy of this notice** to:

> MSPRC WC
> PO BOX 138832
> OKLAHOMA CITY, OK 73113

If you have any questions concerning this matter, please call the Medicare Secondary Payer Recovery Contractor (MSPRC) at 1-866-677-7220(TTY/TDD: 1-866-677-7294 for the hearing and speech impaired) or you may contact us in writing at the address above.  If you contact us in writing, please be sure to include the beneficiary's name and his/her Medicare health insurance claim number.

**MAIL TO:**
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA 70804-9040
(225) 342-7565

1. Social Security No. ███████1627

2. Date of Injury/Illness   09-27-2010

Claim Number   160031

## NOTICE OF PAYMENT

This form is to be completed by the Employer/Insurer and sent to the injured employee with the first check or within 10 days of suspension/modification and/or change to SEB. A copy must be sent to the Office of Workers' Compensation Administration within 10 days of the effective date.

3.   Purpose of Form (check one):

☐ Payment    ☐ Modification    ☐ Suspension    ☒ Change to SEB

4.   Employee Name   ALLISON, SR., REX

5.   02-28-2012
     Effective Date

6.   Part(s) of Body Injured   BACK N.E.C.,

7.   Nature of Injury   SPRAINS STRAINS TEARS,

8.   Compensation is paid as follows:

☐ A.   Weekly payments of $_____ based on an average weekly wage of $_____ have begun.

☐ B.   Payments restarted at $_____ per week.

☐ C.   Payments reduced by $_____ due to:

    ☐ Social Security Benefits      ☐ Other Workers' Compensation Benefits
    ☐ Employer Disability Benefits    ☐ Unemployment Insurance Benefits
    ☐ Third Party Recovery         ☐ Refused Rehabilitation
    ☐ Other:_____

☐ D.   Permanent Partial Benefits of $_____ will be paid for _____ weeks.

☒ E.   Supplemental Earnings Benefits of $ 579 will begin 02-18-2012
    The exact amount received weekly may vary.

☐ F.   Death Benefits have begun in the amount of $_____ per week, representing _____% of wages.

☐ G.   Payment suspended due to employee failing to cooperate.

☐ H.   Other reasons or explanations _____

9.   Submitted by:

Preparer Name:   COURTNEY GRIFFIN
Employer/Insurer:   LOUISIANA WORKERS' COMPENSATION CORPORATION
Address:   2237 S. ACADIAN THRUWAY SUITE 102
BATON ROUGE, LA 70808
Phone:   225-924-7788
Employer/Insurer NCCI #   555555

Employee Name:   ALLISON, SR., REX
Employer:   GLOBAL MANAGEMENT ENT LLC
Address:   3226 LAKE STREET
LAKE CHARLES, LA 70601-
Phone:

LDOL-WC-1002
REV. 1/98

04/23/2013 12:57 PM

# C I T A T I O N

Rex Allison

Vs

LWCC
Global Management
Enterprises, LLC

Docket: 13-02657          District:  3

Office of Workers' Compensation

State of Louisiana

To:
LWCC
2237 S. Acadian Thruway
Baton Rouge, LA  70808

Date: 04/18/2013

**YOU HAVE BEEN SUED**:

Attached to this citation is a copy of the claim form/petition and an answer form.  The claim form/petition tells what is being asked of you, and the answer form is to assist you in filing your answer.

You must either do what the claim form/petition asks, or, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings with the Office of Workers' Compensation.

If you do not do what the petition asks, or if you do not file an answer or legal pleadings within fifteen (15) days of receipt of this citation, a judgment of default may be entered against you without further notice.  If you do file an answer or legal pleading within the fifteen (15) days, a scheduling conference will be scheduled.  You will be notified of the location, date, and time of the hearing.

Please be aware that R.S. 23:1293 strictly limits how much information this office can discuss with you prior to referral of this matter to a Workers' Compensation Judge.  If we can be of further assistance, please contact the Office of Workers' Compensation at (337) 475-4882.

Please mail your answer to:   Office of Workers' Compensation
District 3
4250 Fifth Avenue, Suite 3
Lake Charles, LA 70607-3812

A copy of your answer must also be mailed to the party that initiated this case and to their attorney, if represented.  Please be sure to complete the certificate of service portion of the attached answer form.

Andre' de la Fuente
Records Manager

04/23/2013 12:57 PM

## LOUISIANA WORKFORCE COMMISSION
## OFFICE OF WORKERS' COMPENSATION
### DISTRICT 3
#### 4250 FIFTH AVENUE, SUITE 3
#### LAKE CHARLES, LA 70607-3812

## WAIVER OF CITATION AND
## ACCEPTANCE OF SERVICE

REX ALLISON                          DOCKET:    13-02657

VS                                   DATE:

LWCC                                 DISTRICT:  3
GLOBAL MANAGEMENT ENTERPRISES,
LLC

Now into Court comes LWCC through its legal

representative_____ who acknowledges receipt of the disputed

claim form in the above-captioned matter and waives citation and accepts service, reserving all

other rights and legal delays, this day of _____.

                    LWCC
                    Through agent,    _____

                                                                    LWC-WC-HR19

04/23/2013 12:57 PM

## LOUISIANA WORKFORCE COMMISSION
## WORKERS' COMPENSATION CLAIM/PETITION ANSWER

| | | | |
|---|---|---|---|
| Employee: | Rex Allison | Docket: | 13-02657 |
| Employer: | Global Management Enterprises, LLC | Date: | 04/18/2013 |
| Insurance Carrier: | LWCC | District: | 3 |

The employer and/or carrier named above, for answer to the citation, respectfully states:
(Circle "admit" or "deny" on all questions which apply to this claim. Questions #1 through #4 must be answered if employer/insurer is being sued. Use item #12 if any or all of items #1 through #11 do not apply to this claim.)

**ADMIT / DENY** 1. Claimant sustained an injury or occupational disease on or about the date set forth in the claim for compensation.

**ADMIT/ DENY** 2. Claimant was my employee at the time of the alleged injury or occupational disease

**ADMIT / DENY** 3. At the time of the alleged injury or occupational disease, the employee was performing service arising out of and in the course of his employment.

**ADMIT / DENY** 4. Compensation has been paid. If admitted, state weekly amount and inclusive dates:
$_____ from _____ through _____

**ADMIT / DENY** 5. The average weekly wage as set forth in the claim for compensation is correct. If denied, state the correct average weekly wage and attach hereto a wage statement or state reason why not furnished
_____
_____
_____

**ADMIT / DENY** 6. Claimant was temporarily disabled for the period stated in the claim for compensation. If denied, state temporary disability period admitted, if any:

**ADMIT / DENY** 7. Claimant is permanently disabled to the extent and for the period stated in the claim for compensation. If denied, state disability period admitted, If any:
_____
_____
_____

**ADMIT / DENY** 8. The claimant sustained an injury resulting in a loss of earning capacity as stated in the claim for compensation. If denied, state any loss admitted, if any:
_____

**ADMIT / DENY** 9. Rehabilitation services were offered and refused. What services were offered?
_____

**ADMIT / DENY** 10. Rehabilitation services were requested, but not provided. What services are being requested?
_____

**ADMIT / DENY** 11. At the time of the alleged injury or occupational disease, workers' compensation insurance was provided by
_____

04/23/2013 12:57 PM

## LOUISIANA WORKFORCE COMMISSION
## WORKERS' COMPENSATION CLAIM/PETITION ANSWER

12    Other Matters in dispute. Explain. (Use extra sheet if necessary      _____

_____

_____

_____

_____

_____

Affirmative Defenses: (Circle and explain)
**A.** Willful intent to injure himself or others     **B.** Intoxication     **C.** Failure to use safety Devices
**D.** Initial Aggressor                              **E.** Other matters in dispute (Use extra sheet if necessary):

_____

_____

_____

_____

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing answer has been served upon opposing
counsel of record or upon unrepresented claimant by placing same in U.S. mail, postage prepaid
and properly addressed, on this _____ day of _____, 20 ____.


_____
(Signature of defendant or their representative)

Date Submitted: _____

By: _____

Title: _____

Employer/Carrier: _____

Address: _____

City/State/Zip: _____

Telephone: _____

01/22/2012 12:57 PM

Mail To:
**LOCAL DISTRICT OFFICE**
**OR**
**OFFICE OF WORKERS' COMPENSATION**
**POST OFFICE BOX 94040**
**BATON ROUGE, LA 70804-9040**
For information call (504) 342-7576
or Toll Free (800) 201-3457

**130265** 7
Docket Number

14/3

| | | |
|---|---|---|
| 1. | Social Security No. | ____ - ____ - 1627 |
| 2. | Date of Injury/Illness | 09 - 27 - 2010 |
| 3. | Part(s) of Body Injured | back and neck |
| 4. | Date of This Request | 04 - 17 - 2013 |
| 5. | Date of Hire | 07 - ____ - 2010 |
| 6. | Date of Birth | ____ - ____ - 1955 |

## DISPUTED CLAIM FOR COMPENSATION

7. This claim is submitted by:
   _X_ Employee ___ Employer ___ Insurer ___ Dependent ___ Health Care Provider ___ LDOL ___ Other _____

**GENERAL INFORMATION**
Claimant filed this dispute with the Office of Workers' Compensation. This Office must be notified immediately in writing of changes in address. An employee may be represented by an attorney, but it is not required.

**EMPLOYEE**

8. Name   Rex Allison

   Street or Box   P.O. Box 1294

   City   Westlake

   State   LA                    Zip 70669

   Phone ( 337) 707-2004

**EMPLOYER**

10. Name  Global Management Enterprises, LLC

    Attn:  Dalla R. Matheus

    Street or Box   3226 Lake Street

    City   Lake Charles

    State   LA              Zip  70601

    Phone ( 337) 477-1862

**EMPLOYER/INSURER'S ATTORNEY**
(circle one)

12. Name _____

    Attn: _____

    Street or Box _____

    City _____

    State _____

    Phone ( ) _____

**EMPLOYEE'S ATTORNEY**

9. Name   RICHARD E. WILSON

   Street or Box   723 BROAD STREET

   City   LAKE CHARLES

   State   LA              Zip   70601

   Phone ( 337)   436-6611

**INSURER/ADMINISTRATOR**
(circle one)

11. Name   LWCC

    Attn:   Kristin W. Wall and Cherie A. Pinac

    Street or Box   2237 S. Acadian Thruway

    City   Baton Rouge

    State  LA              Zip 70808-2371

    Phone  (225) 924-7788

**DEPENDANT/HCP/OTHER**
(circle one)

13. Name _____

    Relationship _____

    Street or Box _____

    City _____

    State _____ Zip _____

    Phone ( ) _____

DISTRICT 3-LAKE CHARLES
2013 APR 17 PM 3: 50

14. **EMPLOYMENT DATA**

    Occupation:   Laborer

    Average Weekly Wage $   480.00          Worker's Compensation Rate $_____

    LDOL-WC-1008
    REV. 1/98

**COMPLETE BOTH SIDES**

04/23/2013 12:57 PM

15.   **TO BE COMPLETED BY INJURED EMPLOYEE OR DEPENDENT:**

(A)    **ACCIDENT DATA**

Date, time and place of accident:    September 27, 2010, 8:30 a.m., man made island new Grand Isle

Parish of Residence at time of Injury/Illness   Calcasieu Parish, LA

Accident reported on 09  / 27  / 2010   , to  Bubba          , whose position with the employer is   Safety Man         .

Describe the accident and injury in detail (person/equipment involved, type of injury, etc.)    Claimant was loading onto a boat off a barge.
He was swinging from a rope to the barge and there was a six foot drop from the rope to the bottom of the boat. The claimant landed on his
feet on the boat and immediately felt pain in his back.

List the names, addresses, telephone numbers of any witnesses.
Co-workers

(B)    **MEDICAL DATA**

State the names addresses, and telephone numbers of hospitals, clinics and doctors who have provided medical attention.
Dr. Lynn Foret, Lake Charles, LA; Business Health Partners, Lake Charles, LA; Center for Orthopaedics, Lake Charles, LA

(C)    **THE BONA-FIDE DISPUTE**

Check the following that apply and fill in the blanks.

__X__   1. No wage benefits have been paid

_____   2. No medical treatment has been authorized

_____   3. Occupational Disease

_____   4. Workers' Compensation Rate is Incorrect - Should be $_____

_____   5. Wage benefits terminated or reduced on _____/_____/_____

_____   6. Medical treatment (Procedure/Prescription) _____
           recommended by _____ not authorized.

_____   7. Choice of physician (specialty) _____

_____   8. Disability status _____

_____   9. Vocational Rehabilitation (specify) _____

_____   10. Offset/Credit _____

_____   11. Refusal to authorize/submit to evaluation with choice of physician/Independent Medical Examination [L.R.S. 23:1121, 1124(B),
            or 1317.1(F)]

__x__   12. Other:   Penalties and attorney fees for arbitrary and capricious handling of this claim.

**NOTE:** You may attach a letter or petition with additional information with the disputed claim for when
later amending this disputed claim (Form LDOL-WC-1008). You must provide a copy of this claim
and any amendment to all opposing parties.

The information given above is true and correct to the best of my knowledge and belief

_____          04/17/2013
SIGNATURE OF CLAIMANT/ATTORNEY               DATE
       (circle one)

LDOL-WC-1008
REV. 1/98

                              **COMPLETE BOTH SIDES**

04/23/2013 12:57 PM

| | OWCA MEDIATORS: |
|---|---|
| Statewide | **Judy Franklin**<br>1001 N 23rd St.<br>Baton Rouge, LA 70802<br>Phone: (225) 342-0184<br>Fax: (225) 342-4790 |
| District 1E | **Tikisha Smith**<br>1401 Hudson Lane, Suite 301.<br>Monroe, LA 71201<br>Phone: (318) 362-3078<br>Toll-free: (800) 209-7321<br>Fax: (318) 362-3083 |
| District 1W | **Rosa Whitlock**<br>9234 Linwood.<br>Shreveport LA 71106-7001<br>Phone: (318) 676-5331<br>Toll-free: (800) 209-7173<br>Fax: (318) 676-5332 |
| District 2 | **Amy Brown**<br>3724 Government Street.<br>Alexandria, LA 71302<br>Phone: (318) 487-5966<br>Toll-free: (800) 209-7329<br>Fax: (318) 487-5967 |
| District 3 | **Chantell Smith**<br>4250 Fifth Avenue, Suite 3<br>Lake Charles, LA 70607-3812<br>Phone: (337) 475-4882<br>Toll-free: (888) 768-8745<br>Fax: (337) 475-4884 |
| District 4 | **Dianne Mayo**<br>556 Jefferson Street, First Floor,<br>Lafayette, LA 70501-6947<br>Phone: (337) 262-1057<br>Toll-free: (800) 209-7174<br>Fax: (337) 262-1106 |
| District 5 | **Denise Lee**<br>224 Florida Blvd., Suite 100<br>Baton Rouge, LA 70801<br>Phone: (225) 219-4378<br>Toll-free: (800) 209-7175<br>Fax: (225) 219-4377 |
| District 6 | **Myles Donahue**<br>19374 N Third St.<br>Covington, LA 70433<br>Phone: (985) 871-1258<br>Toll-Free: (888) 575-6149<br>Fax: (985) 871-1264 |
| District 7 | **Caroline Minor**<br>880 West Commerce Road, Ste 401<br>Harahan, LA 70123<br>Phone: (504) 736-8606<br>Toll-free: (866) 253-5830<br>Fax: (504) 736-8608 |
| District 8 | **Shannon Bruno Bishop**<br>1450 Poydras Street<br>Suite 838, Mail Box 24<br>New Orleans, LA 70112-2001<br>Phone: (504) 568-6952<br>Toll-free: (800) 209-7232<br>Fax: (504) 568-8706 |
| District 9 | **Jennifer Le Carpentier**<br>8026 Main Street, Suite 404<br>Houma, LA 70360<br>Phone: (985) 857-3775<br>Toll-free: (800) 262-1497<br>Fax: (985) 857-3781 |

## MEDIATION CONFERENCE REQUEST

In accordance with Revised Statute 23:1310.3(D), as amended by Act 53

(1) Upon joint request of the parties, or upon order of the presiding workers' compensation judge, all parties shall engage the services of either of the following:

    (a) A Louisiana Workforce Commission, office of workers' compensation administration mediator, and such mediation shall be held in the district office in which the selected mediator is assigned.

    (b) A private mediator, and such mediation shall be held at a location mutually agreeable to the parties.

(2) The selection of the mediator shall be by mutual agreement of the parties.

(3) Each party shall provide a representative, in person or via telephone, to participate in the mediation conference, who has been provided with authority to enter into negotiations in a good faith effort to resolve the issue in dispute. The attorneys for the parties may participate in the mediation conference via telephone by mutual consent of the parties.

(4) Within five days of the conclusion of the mediation conference, the parties shall certify to the court, via United States mail, electronic transmission, or facsimile transmission, that a mediation conference has occurred and the results thereof.

(5) Nothing shall prohibit the parties from requesting a mediation conference prior to the filing of a disputed claim for compensation; however, neither the request nor participation in the mediation conference shall interrupt the running of prescription.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**After parties have mutually agreed to a mediation conference and the selection of an Office of Workers Compensation mediator, please have each party sign this form and forward it to the chosen mediator:**

NAME OF EMPLOYEE/CLAIMANT:      REX ALLISON

EMPLOYER'S NAME:      GLOBAL MANAGEMENT ENTERPRISES, LLC

DOCKET #      13-02657

SIGNATURE OF EMPLOYEE, EMPLOYER, INSURER OR ATTORNEY IF REPRESENTED      DATE

PRINTED NAME OF EMPLOYEE, EMPLOYER, INSURER OR ATTORNEY IF REPRESENTED      (   ) TELEPHONE NUMBER

SIGNATURE OF EMPLOYER/INSURER      DATE

PRINTED NAME OF EMPLOYER/INSURER OR EMPLOYER/INSURER ATTORNEY IF REPRESENTED      (   ) TELEPHONE NUMBER

Rev: 10/08/2010

04/05/2012 11:49 FAX 1 225 231 2301          LWCC                                      ☑ 004

# CITATION

Rex Allison                          Docket: 12-02200               District: 3

Vs                                   Office of Workers' Compensation

LWCC                                 State of Louisiana
Global Management
Enterprises, LLC


To:                                  Date: 03/30/2012
LWCC
Attn: Kristin W. Wall and Cheri A. Pinac
2237 S. Acadian Thruway
Baton Rouge, LA  70808

**YOU HAVE BEEN SUED:**

Attached to this citation is a copy of the claim form/petition and an answer form.  The claim form/petition tells what is being asked of you, and the answer form is to assist you in filing your answer.

You must either do what the claim form/petition asks, or, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings with the Office of Workers' Compensation.

If you do not do what the petition asks, or if you do not file an answer or legal pleadings within fifteen (15) days of receipt of this citation, a judgment of default may be entered against you without further notice.  If you do file an answer or legal pleading within the fifteen (15) days, a scheduling conference will be scheduled.  You will be notified of the location, date, and time of the hearing.

Please be aware that R.S. 23:1293 strictly limits how much information this office can discuss with you prior to referral of this matter to a Workers' Compensation Judge.  If we can be of further assistance, please contact the Office of Workers' Compensation at (337) 475-4882.

Please mail your answer to:   Office of Workers' Compensation
                              District 3
                              4250 Fifth Avenue, Suite 3
                              Lake Charles, LA 70607-3812


A copy of your answer must also be mailed to the party that initiated this case and to their attorney, if represented.  Please be sure to complete the certificate of service portion of the attached answer form.

                                          Andre' de la Fuente
                                          Records Manager

# LOUISIANA WORKFORCE COMMISSION
## WORKERS' COMPENSATION CLAIM/PETITION ANSWER

| | | |
|---|---|---|
| Employee: | Rex Allison | Docket: 12-02200 |
| Employer: | Global Management Enterprises, LLC | Date: 03/30/2012 |
| Insurance Carrier: | LWCC | District: 3 |

The employer and/or carrier named above, for answer to the citation, respectfully states:
(Circle "admit" or "deny" on all questions which apply to this claim. Questions #1 through #4 must be answered if employer/insurer is being sued. Use item #12 if any or all of items #1 through #11 do not apply to this claim.)

**ADMIT / DENY**   1.   Claimant sustained an injury or occupational disease on or about the date set forth in the claim for compensation.

**ADMIT/ DENY**   2.   Claimant was my employee at the time of the alleged injury or occupational disease

**ADMIT / DENY**   3.   At the time of the alleged injury or occupational disease, the employee was performing service arising out of and in the course of his employment.

**ADMIT / DENY**   4.   Compensation has been paid. If admitted, state weekly amount and inclusive dates:
$_____ from _____ through _____.

**ADMIT / DENY**   5.   The average weekly wage as set forth in the claim for compensation is correct. If denied, state the correct average weekly wage and attach hereto a wage statement or state reason why not furnished

_____

_____

_____

**ADMIT / DENY**   6.   Claimant was temporarily disabled for the period stated in the claim for compensation. If denied, state temporary disability period admitted, if any:

**ADMIT / DENY**   7.   Claimant is permanently disabled to the extent and for the period stated in the claim for compensation. If denied, state disability period admitted, If any:

_____

_____

**ADMIT / DENY**   8.   The claimant sustained an injury resulting in a loss of earning capacity as stated in the claim for compensation. If denied, state any loss admitted, if any:

_____

**ADMIT / DENY**   9.   Rehabilitation services were offered and refused. What services were offered?

_____

**ADMIT / DENY**   10.   Rehabilitation services were requested, but not provided. What services are being requested?

_____

**ADMIT / DENY**   11.   At the time of the alleged injury or occupational disease, workers' compensation insurance was provided by

_____

04/05/2012 11:50 FAX 1 225 231 2301     LWCC                          ☒006

## LOUISIANA WORKFORCE COMMISSION
## WORKERS' COMPENSATION CLAIM/PETITION ANSWER

12    Other Matters in dispute. Explain. (Use extra sheet if necessary    _____

_____

_____

_____

_____          _____

_____

Affirmative Defenses: (Circle and explain)
**A.** Willful intent to injure himself or others     **B.** Intoxication     **C.** Failure to use safety Devices
**D.** Initial Aggressor                **E.** Other matters in dispute (Use extra sheet if necessary):

_____

_____  _____

_____

_____

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing answer has been served upon opposing
counsel of record or upon unrepresented claimant by placing same in U.S. mail, postage prepaid
and properly addressed, on this _____ day of _____, 20 ___.

_____
(Signature of defendant or their representative)

Date Submitted: _____
By: _____
Title: _____
Employer/Carrier: _____
Address: _____
City/State/Zip: _____
Telephone: _____

04/05/2012 11:50 FAX 1 225 231 2301      LWCC                                  ☑007

Mail To:
LOCAL DISTRICT OFFICE
           OR
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA 70804-9040
   For information call (504) 342-7576
   or Toll Free (800) 201-3457

12-02200
Docket Number

1. ~~Social Security No~~ ___ - ___ - 1627
2. Date of Injury/Illness 09 ___ - 27 ___ - 2010
3. Part(s) of Body Injured back and neck
4. Date of This Request 03 ___ - 28 ___ - 2012
5. Date of Hire 07 ___ - ___ - 2010
6. Date of Birth ___ - ___ - 1955

## DISPUTED CLAIM FOR COMPENSATION

7. This claim is submitted by:
   _X_ Employee ___ Employer ___ Insurer ___ Dependent ___ Health Care Provider ___ LDOL ___ Other _____

**GENERAL INFORMATION**
Claimant filed this dispute with the Office of Workers' Compensation. This Office must be notified immediately in
writing of changes in address. An employee may be represented by an attorney, but it is not required.

| EMPLOYEE | EMPLOYEE'S ATTORNEY |
|---|---|
| 8. Name  Rex Allison | 9. Name  RICHARD E. WILSON |
| Street or Box  P.O. Box 1294 | Street or Box  723 BROAD STREET |
| City  Westlake | City  LAKE CHARLES |
| State  LA      Zip 70669 | State  LA      Zip  70601 |
| Phone ( 337) 707-2004 | Phone ( 337)  436-6611 |

| EMPLOYER | INSURER/ADMINISTRATOR (circle one) |
|---|---|
| 10. Name  Global Management Enterprises, LLC | 11. Name  LWCC |
| Attn:  Dalia R. Matheus | Attn:  Kristin W. Wall and Cherie A. Pinac |
| Street or Box  3226 Lake Street | Street or Box  2237 S. Acadian Thruway |
| City  Lake Charles | City  Baton Rouge |
| State  LA      Zip  70601 | State  LA      Zip 70808-2371 |
| Phone ( 337) 477-1862 | Phone  (225) 924-7788 |

| EMPLOYER/INSURER'S ATTORNEY (circle one) | DEPENDANT/HCP/OTHER (circle one) |
|---|---|
| 12. Name _____ | 13. Name _____ |
| Attn: _____ | Relationship _____ |
| Street or Box _____ | Street or Box _____ |
| City _____ | City _____ |
| State _____ | State _____ Zip _____ |
| Phone (  ) _____ | Phone (  ) _____ |

14. EMPLOYMENT DATA

Occupation:  Laborer

Average Weekly Wage $  480.00 _____ Worker's Compensation Rate $_____

LDOL-WC-1008
REV. 1/98                         COMPLETE BOTH SIDES

RECEIVED
DISTRICT 3 LAKE CHARLES
2012 MAR 29  PM 3:52

04/05/2012 11:50 FAX 1 225 231 2301        LWCC                                    ☑008

15.   TO BE COMPLETED BY INJURED EMPLOYEE OR DEFENDANT:

(A)    ACCIDENT DATA

Date, time and place of accident:   September 27, 2010, 8:30 a.m., man made island new Grand Isle

Parish of Residence at time of Injury/Illness   Calcasieu Parish, LA

Accident reported on 09  / 27  / 2010  , to  Bubba            , whose position with the employer is  Safety Man            .

Describe the accident and injury in detail (person/equipment involved, type of injury, etc.)   Claimant was loading onto a boat off a barge.
He was swinging from a rope to the barge and there was a six foot drop from the rope to the bottom of the boat. The claimant landed on his
feet on the boat and immediately felt pain in his back.

List the names, addresses, telephone numbers of any witnesses.
Co-workers

(B)    MEDICAL DATA

State the names addresses, and telephone numbers of hospitals, clinics and doctors who have provided medical attention.
Dr. Lynn Foret, Lake Charles, LA; Business Health Partners, Lake Charles, LA; Center for Orthopaedics, Lake Charles, LA

(C)    THE BONA-FIDE DISPUTE

Check the following that apply and fill in the blanks:

_____   1. No wage benefits have been paid

_____   2. No medical treatment has been authorized

_____   3. Occupational Disease

_____   4. Workers' Compensation Rate is Incorrect - Should be $_____

_____   5. Wage benefits terminated or reduced on  ____/____/____

  X     6. Medical treatment (Procedure/Prescription)  Lumbar Epidural Injection
        recommended by  Dr. Lynn Foret            not authorized.

_____   7. Choice of physician (specialty) _____

_____   8. Disability status _____

_____   9. Vocational Rehabilitation (specify) _____

_____   10. Offset/Credit _____

_____   11. Refusal to authorize/submit to evaluation with choice of physician/Independent Medical Examination [L.R.S. 23:1121, 1124(B),
        or 1317.1(F)]

  x     12. Other:  Penalties and attorney fees for arbitrary and capricious handling of this claim. 

NOTE: You may attach a letter or petition with additional information with the disputed claim for when
later amending this disputed claim (Form LDOL-WC-1008). You must provide a copy of this claim
and any amendment to all opposing parties.

The information given above is true and correct to the best of my knowledge and belief.

_____                    2-28-12
     SIGNATURE OF CLAIMANT/ATTORNEY                      DATE
           (circle one)

LDOL-WC-1008
REV. 1/98                              COMPLETE BOTH SIDES

RECEIVED
DISTRICT 3 LAKE CHARLES
2012 MAR 29  PM 3: 52

**Employer's First Report of Injury Or Occupational Illness**
(See Instructions on reverse - Leave Items 1 and 2 blank)

**U.S. Department of Labor**
Employment Standards Administration
Office of Worker's Compensations Programs

OMB No. 1215-0031

| 1. OWCP No. | 2. Carrier's No.  160031-T4 | 3. Date and Time of Accident |
|---|---|---|

Mo. 09  Day 27  Yr. 10  Hour

4. Name of Injured/Deceased Employee (Type or print - first, M.I., last)

REX   ALLISON SR.                         Telephone

5. Employee's Address (No., street, city, state, Zip code)

1233 LAURAL
WESTLAKE, LA 70669

6. Injury is Reported Under the following Act (Mark one)

A [X] Longshore and Harbor Workers' Compensation Act

B [ ] Defense Base Act

C [ ] Nonappropriated Fund Instrumentalities Act

D [ ] Outer Continental Shelf Lands Act

7. Indicate Where Injury Occurred (Longshore Act only) (Mark one)

A [ ] Aboard Vessel or Over Navigable Waters
B [ ] Pier/Wharf
C [ ] Dry Dock
D [ ] Marine Terminal
E [ ] Building Way
F [ ] Marine Railway
G [X] Other Adjoining Area

8. Sex [X] M [ ] F

9. Date of Birth /55

10. Social Security No. (Required by Law)  - -1 6 2 7

11. Did Injury Cause Death? [X] No  [ ] Yes - If yes, skip to 16

12. Did Injury Cause Loss of Time Beyond Day or Shift of Accident [ ] Yes [ ] No

13. Date and Hour Employee First Lost Time Because of Injury  Mo. Day Yr. Hour

14. Did employee Stop Work Immediately? [ ] Yes [ ] No

15. Date and Hour Employee Returned to Work  09/27/10

16. Was Employee Doing Usual Work When Injured/Killed? (If no, explain in Item 26) [ ] Yes [ ] No

17. Did Injury/Death Occur on Employer's Premises [ ] Yes [X] No

18. Dept. in Which Employee Normally Works(ed)

19. Occupation  LABORERS, EXCEPT CONSTRUCTION

20. Date and Hour Pay Stopped

21. Which Days Usually Worked Per Week? (Mark (X) days)  S M T W T F S

22. Date Employer or Foreman First Knew of accident  09/27/10

23. Wages or Earnings (Include overtime, allowances, etc.)
a. Hourly $
b. Daily $
c. Weekly $
d. Yearly $

24. Exact Place Where Accident Occurred (See Instructions on reverse). This item should specify area if accident was in maritime employment and occurred in area adjoining navigable waters.  UNKNOWN

25. How was Knowledge of Accident or Occupational Illness Gained

26. Describe in full how the accident occurred (Relate the events which resulted in the injury or occupational disease. Tell what the injured was doing at the time of the accident. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led or contributed to the accident.

THE EMPLOYEE WAS STEPPING DOWN OFF A BARGE AND INJURED HIS BACK.

27. Nature of Injury (Name part of body affected - fractured left leg, bruised right thumb, etc.) If there was amputation of a member of the body, describe.

SPRAINS STRAINS TEARS  BACK N.E.C.

28. Has Medical Attention Been Authorized [ ] Yes [ ] No
29. Enter Date of Authorization
30. Was First Treating Physician Chosen by Employee? [ ] Yes [ ] No
31. Has Insurance Carrier Been Notified? [ ] Yes [ ] No

Name | Address - Enter Name, Street, City, State, State, ZIP Code

32. Physician  FAMILY DOCTOR CLINIC APMC

291 LIBERTY STREET
HOUMA,LA 70360

33. Hospital

34. Insurance Carrier  LOUISIANA WORKERS' COMPENSATION CORPORATION

2237 S. ACADIAN THRUWAY
SUITE 102
BATON ROUGE, LA  70808

35. Employer  GLOBAL MANAGEMENT ENT LLC

3226 LAKE STREET
LAKE CHARLES, LA 70601

36. Nature of Employer's Business  LIMITED LIABILITY COMPANY (LLC)

37. Signature of Person Authorized to Sign for Employer

38. Offical Title of Person Signing This Report

39. Date of This Report  09/28/10

Notice of Controversy of Right
to Compensation

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs
Longshore and Harbor Workers' Compensation

| This report is required to obtain or retain benefits and is authorized by law and regulation (33 USC 914(d), (e); 20 CFR 702.251). Failure to report when controverting right to compensation can result in liability for 10 percent additional compensation. | OMB No. 1215-0023 |
|---|---|

**Instructions:** This form may be used by the employer/carrier to controvert the right to compensation. 33 USC 914(a) requires the employer to pay compensation promptly and without an award unless the right to such compensation is controverted by the filing of this form. Failure either to pay each installment of compensation, or controvert the right to such compensation, within fourteen days after it becomes due may result in liability for additional compensation equal to ten percent of each installment not paid when due (33 USC 914(d), (e). If the right to compensation is controverted, this form should be submitted in triplicate to the District Director, and the reasons for such controversion should be fully stated in item 12.

1. OWCP File No.

2. Employer File No.

3. Carrier File No.

160031

4. Claimant's Name and Address

REX ALLISON, SR.
1233 LAURAL
WESTLAKE, LA 70669 UNITED STATES

5. Claim File or Injury Reported Under (check one)

☐ LHWCA   ☐ OCS

6. Employee's Name and Address If different from Claimant's

SAME

7. Employer's Name, Address and Phone Number

GLOBAL MANAGEMENT ENT LLC
3226 LAKE STREET
LAKE CHARLES, LA 70601
UNITED STATES

☐ DCWCA   ☐ NFIA

☐ DBA

8. Carrier's Name, Address and Phone Number

LOUISIANA WORKERS'
COMPENSATION CORPORATION
2237 S. ACADIAN THRUWAY
BATON ROUGE, LA 70808
800-267-2410 UNITED STATES

9. Nature of Injury or Occupational Disease

SPRAINS STRAINS TEARS BACK N.E.C.

10. Date of Injury (Month, Day, Year)

SEPTEMBER 27, 2010

11. Date of Employer's First Knowledge of Injury (Month, Day, Year)

SEPTEMBER 27, 2010

12. Right to compensation is controverted for the following reason(s)

BASED ON INVESTIGATION OF THIS CLAIM HAVE DETERMINED THAT THIS IS A LA. STATE CLAIM. THIS IS ALSO A BP OIL SP

13. Authorized Signature

14. Print Name and Phone Number

FRANZISKA CASEY 225-231-0723

15. Title

CLAIMS DEPARTMENT

16. Date of this Notice (Month, Day, Year)

OCTOBER 4, 2010

17. (OWCP USE) A copy of this form was mailed to the claimant and/or representative

on _____     Initials _____

**Public Burden Statement**
The following statement is made in accordance with the Privacy Act of 1974 (5 USC 522a) and the Paperwork Reduction Act of 1995, as amended. The authority for requesting the following information is 20 CFR 702.251. Use of this form is optional, however furnishing the information is required in order to obtain and/or retain benefits. According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 1215-0023. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Division of Longshore and Harbor Worker's Compensation, Room C4315, 200 Constitution Avenue, N.W., Washington, D.C. 20210.
**DO NOT SEND COMPLETED FORMS TO THIS OFFICE.**

Form LS-207
Rev. December 2008

MAIL TO:

LOUISIANA WORKERS' COMPENSATION CORPORATION

2237 S. ACADIAN THRUWAY

SUITE 102

BATON ROUGE, LA  70808

225-924-7788

**EMPLOYER REPORT**
**OF**
**INJURY/ILLNESS**

| | |
|---|---|
| _____1627 | |
| Employee Social Security Number | |
| 262357897 | |
| Employer Federal ID Number | |
| 137280 / 160031 | |
| Insurance Policy No. / Claim No. | |

This report is completed by the Employer for each injury/illness identified by them or their employee as occupational. A copy is to be provided to the employee and the insurer immediately.  **Forms for cases resulting in more than 7 days of disability or death  are to be sent to the OWCA  by the 10th day after the incident  or as requested by the OWCA.**

PURPOSE OF REPORT: (Check all that apply)

☐ More than 7 days of disability     ☒ Possible dispute          ☐ Medical Only

☐ Injury resulted in death           ☐ Lump Sum Compromise/Settlement    **(no copy needed by OWCA)**

☐ Amputation or disfigurement        ☐ Other

| 1. Date of Report MM/DD/YY | 2. Date / Time of Injury MM/DD/YY   Time: | 3. Normal Starting Time Day of Accident | 4. If Back to Work - Give Date: MM/DD/YY | 5. At same wage? | DO NOT WRITE IN THIS COLUMN |
|---|---|---|---|---|---|
| 09/28/10 | 09/27/10           ☐ AM ☐ PM | ☐ AM ☐ PM | Still out | ☐ Yes ☐No | Date Received |
| 6. If Fatal Injury, Give Date of Death: MM/DD/YY | 7. Date Employer Knew of Injury MM/DD/YY | 8. Date Disability Began MM/DD/YY | 9. Last Full Day Paid MM/DD/YY | | |
| | 09/27/10 | | | | |
| 10. Employee Name:    First     Middle     Last | | | 11. ☒ Male ☐ Female | 12. Employee Phone # | S.I.C. |
| REX        ALLISON, SR. | | | | 337-707-2004 | |
| 13. Address and Zip Code | | | 14. Parish of Injury: | | State- Parish |
| 1233 LAURAL STREET WESTLAKE, LA  70669  CALCASIEU | | | | | |
| 15. Date of Hire: | 16. Age at Illness/Injury | 17. Occupation | | 18. Dept/Division Employed | Occupation |
| 07/09/10 | 55 | LABORERS, EXCEPT CONSTRUCTION | | | |
| 19. Place of Injury-Employer's Premises    ☐ Yes ☒ No | 20. Indicate Location-Street, City, Parish and State GRAND ISLE, LA , | | | | Nature |
| 21. What work activity was the employee doing when the incident occurred? (Give weight, size, and shape of materials or equipment involved. Tell what he was doing with them. Indicate if correct procedures were followed.) The employee was stepping down off a barge and injured his back. | | | | | Part of Body |
| | | | | | Source |
| | | | | | Event |
| | | | | | NEC |
| | | | | | 555555 |

22. What caused incident to happen? (Describe fully the events which resulted in injury or disease.  Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved.  Give full details on all factors which led to or contributed to this injury or illness.)

| 23. Part of Body Injured and Nature of Injury or Illness (ex. left leg; multiple fractures) | 24. If Occ Disease-Give Date Diagnosed: |
|---|---|
| SPRAINS STRAINS TEARS  BACK N.E.C. | |
| 25. Physician and Address | 26. If Hospitalized, give name & address of facility |
| FAMILY DOCTOR CLINIC APMC 291 LIBERTY STREET HOUMA, LA  70360 | |
| 27. Employer's Name | 28. Person Completing This Report - Please print |
| GLOBAL MANAGEMENT ENT LLC | ANN SIMIEN |
| 29. Employer's Address and Zip Code | 30. Employer's Telephone Number |
| 3226 LAKE STREET LAKE CHARLES, LA  70601    CALCASIEU | 337-494-7354 |
| 31. Employer's Mailing Address - If Different From Above | 32. Nature of Business-Type of Mfg., Trade, Construction, Service, etc. |

33. Wage Information (optional):     Employee was paid   ☐ Daily   ☐ Weekly   ☐ Monthly   ☒ Other     The average weekly wage was $_____ per week.

LDOL-WC-1007

REV. 1/98

NAME OF WORKERS' COMPENSATION INSURER:   LOUISIANA WORKERS' COMPENSATION CORPORATION

PHONE NUMBER:   225-924-7788

COMPLETE BOTH SIDES

10/05/2010   04:19   3374947355          GLOBAL MANAGEMENT E          PAGE   02/03

**GLOBAL MANAGEMENT ENTERPRISE, LLC**
3226 Lake Street
Lake Charles, LA
70601

**REX ALLISON**
1233 Laural St
Westlake, LA 70669

Pay Period 08/30/2010 - 09/12/2010

---

Employee Pay Stub                    Check number: 4574            Pay Period: 08/30/2010 - 09/12/2010          Pay Date: 09/15/2010

**Employee**

REX ALLISON, 1233 Laurel St, Westlake, LA 70669

| Earnings and Hours | Qty | Rate | Current | YTD Amount | Memo |
|---|---|---|---|---|---|
| Hourly Rate | 80:00 | 12.00 | 960.00 | 4,200.00 | Pay Period 08/30/2010 - 09/12/2010 |
| Overtime pay | 88:00 | 18.00 | 1,584.00 | 6,336.00 | |
| | | | 2,544.00 | 10,536.00 | |

| Taxes | | | Current | YTD Amount | |
|---|---|---|---|---|---|
| Federal Withholding | | | -155.00 | -484.00 | |
| Social Security Employee | | | -157.73 | -653.23 | |
| Medicare Employee | | | -36.89 | -152.77 | |
| LA - Withholding | | | -71.05 | -273.35 | |
| | | | -420.67 | -1,563.35 | |

| Adjustments to Net Pay | | | Current | YTD Amount | |
|---|---|---|---|---|---|
| Child Support | | | -138.42 | -678.29 | |

| Net Pay | | | 1,984.91 | 8,294.36 | |

10/05/2010  04:19   3374947355             GLOBAL MANAGEMENT E                    PAGE  03/03

GLOBAL MANAGEMENT ENTERPRISE, LLC
3226 Lake Street
Lake Charles, LA
70601


REX ALLISON
1233 Laural St
Westlake, LA 70669


Pay Period 09/13/2010 - 09/26/2010


| Employee Pay Stub | | Check number: 4656 | | | Pay Period: 09/13/2010 - 09/26/2010 | Pay Date: 09/29/2010 |
|---|---|---|---|---|---|---|
| **Employee** | | | | | Status (Fed/State) | Allowances/Extra |
| REX ALLISON, 1233 Laural St, Westlake, LA 70669 | | | | | Married/Married | Fed-5/0/LA-1/0 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount | Memo |
|---|---|---|---|---|---|
| Hourly Rate | 46:00 | 12.00 | 552.00 | 4,752.00 | Pay Period 09/13/2010 - 09/26/2010 |
| Overtime pay | 38:00 | 18.00 | 684.00 | 7,020.00 | |
| | | | 1,236.00 | 11,772.00 | |
| **Taxes** | | | Current | YTD Amount | |
| Federal Withholding | | | 0.00 | -484.00 | |
| Social Security Employee | | | -76.63 | -729.86 | |
| Medicare Employee | | | -17.92 | -170.69 | |
| LA - Withholding | | | -22.00 | -295.35 | |
| | | | -116.55 | -1,679.90 | |
| **Adjustments to Net Pay** | | | Current | YTD Amount | |
| Child Support | | | -138.42 | -816.71 | |
| **Net Pay** | | | 981.03 | 9,275.39 | |

10/20/2010 08:54 AM

09/30/2010 03:25 PM

*Ashlee*

Claim #
160031



**GLOBAL** Management Enterprise, Inc.

*3226 Lake Street, Lake Charles, Louisiana 70601*   *Phone: 337-494-7354 – Fax: 337-494-7355*

September 29, 2010

LWCC
Attn: Billing Dept.
PO Box 98052
Baton Rouge, LA 70898

     RE: Rex Allison
     Claim #160031

Dear Billing Department:

Enclosed are copies of Mr. Allison's medical treatment invoices. Mr. Allison injured his back while getting off the barge they are housed on.

If you have any questions or should you need to speak with me please do not hesitate to contact me. You may reach me at (337) 494-7354.

Yours truly,

Ann Simien
WC Administrator

/as

Enclosures

10/20/2010 08:54 AM

09/30/2010 03:25 PM


GLOBAL Management Enterprise, LLC

## Accident / Incident Report Form

**INFORMATION ABOUT THE PERSON INVOLVED IN THE INCIDENT:**

| Full Name: REX ALLISON | | I.D. #: |
|---|---|---|
| Home Address: | | |
| Date of Birth: | Male: | Female: |
| Phones: | | |
| Job Title: SHORELINE Clean-up | | Supervisor: MIKE Ducette |

**INFORMATION ABOUT INCIDENT:**

| Date of incident: 9/27/10 | Time: | | Police noticed: Yes (No) Case#: |
|---|---|---|---|

Location of Incident: BARGE Lynette

Describe what happened, how it happened, factors leading to the event, substances or objects involved. Be as specific as possible (write on back of sheet)

WE WERE REQUIRED TO LOAD BOATS FROM the LYNETTE BARGE DUE TO Rough SEAS. the BOATS WERE TIED ALONG Side the BARGE BUT there WAS A 5 FOOT DROP to the BOATS, WE WERE REQUIRED TO SWING OUT ON A ROPE AND JUMP DOWN TO the BOAT REX ALLISON GRABBED the ROPE AND JUMPED DOWN AND JAMMED HIS BACK CONTINUED Ride to the BEACH FOR CLEAN UP AND the ROUGH RIDE FURTHER AGGRAVATED the INJURY

Were there any witnesses to the incident? (Yes) No

Name: KINAID S. HARRIS        Phones: 337 656 - 5445

Was the individual injured? If so, describe the injury (laceration, sprain, etc.), the part of body injured and any other information know about the resulting injury

YES BACK INjURY

Was medical treatment provived? (Yes)     No     Refused

If so, where (circle): (Emerg. Rm.)     The Workplace     (Walk In Clinic)     Other:

Will the employee miss time from work as a result of this incident? (Yes)     No     Unknown

**REPORTER INFORMATION:**

| Print Name of Reporter: RONALD S. HARRIS | |
|---|---|
| Reporter Signature: Ronald S. Harris | Title: Foreman / DRIVER |
| Date Report Completed: 9/29/10 | |

10/20/2010 08:54 AM

09/30/2010 03:25 PM

# Health Status Certificate

Mr.
Mrs.
Miss _Rex Allison_

has been/is under my care from _9-28-10_ to _10-5-10_

and is/is not able to return to school/work.

Restrictions:   ☐ light work   ☐ None

Physical education:   ☐ may take   ☐ limited   ☐ may not take

☑ other _Off Work - rev 1 week_

Required to take medication during active hours:   ☐ Yes   ☐ No

**FAMILY DOCTOR CLINIC**
A PROFESSIONAL MEDICAL CORPORATION
291 Liberty Street
Houma, Louisiana 70360
(985) 868-7882

Date _9-28-10_

BAYOU PRINTING & GRAPHICS #29041

10/20/2010 08:54 AM
09/30/2010 03:25 PM

## LADY OF THE SEA GENERAL HOSPITAL
### EMERGENCY DEPARTMENT DISCHARGE INSTRUCTIONS

E100290 EM-
ALLISON RZZ        M 55    P/T-E/R
HUMPHIR 9
        09/27/10 B/D        M /55

ED #_____   Date _____

...ation and treatment you have received in the Emergency Department has been rendered on an ...tended to be a substitute for, or an effort to provide complete medical care. It is important that you ...amily doctor and report any new or remaining problems at that time, because it is impossible to ...injury or illness in a single emergency room visit.

Diagnosis: _Luming and Back Muscle Strain_

### □ WOUND CARE (Lacerations, abrasions, burns)
1. Keep wound clean and dry.
2. Clean wound daily with _____ and apply _____
3. Elevate to relieve soreness.
4. Despite the best care, any wound can become infected. If the wound becomes red, swollen, painful, the suture line opens, or you see pus or red streaks, contact your doctor immediately.
5. See your family doctor for suture removal in _____ days.
6. Tetanus Toxoid given _____, Lot # _____
7. Wound packing removal to _____ in _____ days.
8. Cultures collected from your wound will take 48-72 hours to be resulted. We will contact you if any changes need to be made regarding your treatment.

### □ HEAD INJURY
Although no evidence of serious injury is found at this time, you should have someone stay with you and contact your doctor immediately and return to ED if any of the following conditions occur:
1. Confusion, unusual behavior or difficulty speaking.
2. Unusual sleepiness or inability to awaken the patient, convulsions or seizures.
3. Persistent vomiting, stiffness of the neck, fever, unequal pupils, or double vision.
4. Unusual awkwardness or weakness in an arm or leg, or unsteady walking.
5. Drainage of clear fluid or blood from ear or nose.
May take Tylenol, or what the doctor recommends for pain, and apply ice to injured area. Awaken the patient every 2 hours to check for these signs.

### DISPOSITION:
_____ Resume normal activities as tolerated.
_____ No work/school for _5 - 6_ days.
_____ Light duty work for _____ days.
_____ B/P ____ P ____ R ____ T ____
Follow-up with _Family Dr or_ in _company_ _the in 4 days_
OTHER: _to recheck +_
_for release or return to_
_work, or earlier if symptoms_
_worsen. Return to ER_
_if needed_

### □ SPRAINS & BRUISES / FRACTURES & SPLINTS
1. Elevate the injured part and use ice packs for the first 24-48 hours. This will ease the pain.
2. If an ice bandage is used, rewrap it if it becomes too loose or too tight.
3. If given a sling, or splint, use it at all times.
4. If the injured part gets cold, blue, or numb, or if the pain increases markedly, call your family doctor at once.
5. Exercise fingers and toes to promote better circulation.
6. Do not get your splint wet.
7. Ortho Clinic Referral faxed to Leonard Chabert. Please call (985) 873-1841 if someone has not contacted you within 1 week with an appointment.

After X--ray Department office hours, your x-rays are read by the Emergency Physician. The next normal working day they are also read by the Radiologist. We will contact you if there is a change in your x-ray reading. You may obtain a copy of your x-rays if needed for follow-up. It is not necessary for you to contact the Emergency Department for your results unless told to do so by the Emergency Department physician.

Return to the Emergency Department for: □ Chest Pain
□ SOB        □ Fever        □ Worsening Abdominal Pain
□ Nausea / Vomiting / Diarrhea   □ Other _____

### □ FEVER SUPPLEMENT GIVEN _____
□ Written instructions given for _____

### □ GENERAL INSTRUCTIONS
(1) Heat or cold to back area
_w/ soreness x 3-4_
_days_
(2) Flexeril one q 12 hrs
_prn pain / muscle_
_spasms_
(3) Percocet one q 4 hrs prn
_pain_

### □ NOTE: MEDICATION WILL, OR CAN CAUSE DROWSINESS. Do not drive or operate heavy machinery for 8 hours after receiving medication in the Emergency Department.

I hereby acknowledge receipt of and understand the instructions indicated above. I understand that I have had emergency treatment only at I may be released before all of my medical problems are known or treated. I will arrange for follow-up care as instructed.

_____        9/27/2010        _____
MD/Nurse Signature              Date            Patient/Representative Signature
ED Rev. 08/93; 08/06; 1/7/08

# R & R Rehabilitation Services, L. L. C.

P. O. Box 51101, Lafayette, Louisiana, 70505-1101
Donny Rue, MS, CRC, LRC
Vocational Counselor
Phone/Fax: (337) 456-6153; E-mail: rr-rehab@live.com

November 29, 2001

Courtney Griffin
LWCC
P.O. Box 98054
Baton Rouge, Louisiana, 70898

Re:   Claimant:    Rex Allison, Sr.
      Claim No:    160031
      DOI:         09/27/2010
      Employer:    Global Management Enterprises, LLC

## STATUS REPORT

## INTRODUCTION:

This file was received and reviewed with a request for an initial for review, and for a conference with the injured worker's treating physician. After reviewing the file material contact was made with the claims representative and it was agreed that in addition to the initial referral request a meeting with the employer would be scheduled to discuss return to work options and that a current job analysis of employment opportunities would be conducted.

## CONTACT WITH EMPLOYER:

Contact was made with the employer of injury and a meeting was held on October 17, 2011. At this meeting the previous job analysis for the position held by Mr. Allison at the time of his injury was reviewed and discussed. It was determined that this position was no longer available due to the completion of that particular work assignment. Alternative employment opportunities were also discussed and the employer advised that Mr. Allison was a valued employee and that a Foreman position may be available to him upon the appropriate medical release. The Company representative requested an opportunity to speak with the company president regarding specific return to work options for the injured worker.

On October 25, 2011 contact was again made with the employer and it was agreed that a meeting would be held for the purpose of preparing a job analysis for a Foreman position available to the injured worker. On November 8, 2011 a meeting was held with the employer and the injured worker. A job analysis for the position of Foreman was constructed. This is essentially a sedentary level position that may on rare occasions require exertion of force to lift, carry, push, pull, or otherwise move objects in excess of 10 pounds, but less than 20 pounds. At the conclusion of the job analysis meeting it was agreed that job analysis would be submitted for review and comment by Dr. Foret.

## CONTACT WITH DR. FORET:

On October 25, 2011 contact was made with the office of Dr. Lynn Foret and a rehabilitation conference was scheduled to take place on November 15, 2011 for the purpose of discussing the injured worker's current medical status, providing documentation confirming approval for the recommended ESI treatment, and to have Dr. Foret review and comment on the job analysis.

At that conference, with Mr. Allison in attendance, Dr. Foret reported the following:

- The patient's diagnosis is cervical and lumbar right-sided radiculitis, multilevel pathology, L5-S1 disc bulge with an annular tear at the central zone, and broad based disc protrusion of the right subarticular/foraminal zone exhibits mild mass effect upon the existing right side L5 nerve root.
- The patient was last seen on 10/21/11 and is seen approximately every two months.
- Documentation was provided confirming that the recommended epidural steroid injection treatments were approved.
- The treatment plan for the patient is a series of epidural steroid injections, possibly three within the next eight months, to be performed by Dr. Morton.
- The initial appointment with Dr. Morton will be scheduled and coordinated by Dr. Floret's office staff.
- The job analysis for a Foreman position available to the patient with his employer was discussed and it was agreed that the job analysis would be reviewed again upon completion of the epidural steroid injection treatments.
- The patient's prognosis following the injection therapy is considered to be good and it is anticipated that he will be able to return to work at the Foreman position available to him.

A summary of the rehabilitation conference has been submitted to Dr. Foret for review and confirmation. Copies of the summary were submitted to the injured worker and his attorney via certified regular mail. Copy of the summary was also provided to the claims representative via e-mail.

**CONTACT WITH INJURED WORKER/ATTORNEY:**

Correspondence was submitted to the injured worker on October 25, 2011 via regular and certified mail advising of both the meeting with the employer and the rehabilitation conference. Mr. Allison was encouraged through this correspondence to attend both of these meetings. The correspondence was copied to Mr. Allison's attorney via fax and certified mail, and to the claims representative and employer via e-mail. On October 31, 2011 the correspondence submitted to Mr. Allison was returned unopened due to the address being no longer valid. On November 1, 2011 contact was made with the office of his attorney to advise that Mr. Allison had not been notified due to return of the correspondence. It was determined that his attorney's office had sent him a copy of the correspondence they received.

**RECOMMENDATIONS:**

When appropriate, depending on the results of the epidural steroid injections, follow-up contact should be made with Dr. Foret to again submit the job analysis for the Foreman position. If Dr. Foret approves the job analysis at that time then the employer of injury and the injured worker should be contacted to coordinate return to work.

Thank you for referring this file for vocational rehabilitation services. If you should have any question regarding this information please contact me at your convenience.

Sincerely,

Donny Rue
Vocational Rehabilitation Consultant

Cc:     Richard Wilson, via fax.

01/26/2012  10:58    3372912577          REHAB & VOCATIONAL          PAGE  02/03
01/25/2012  15:03    3374398829          DR LYNN FORET               PAGE  01/02

# REHABILITATION & VOCATIONAL CONSULTANTS, L.L.C.

## Guidry, Arceneaux & Associates

1720 Kaliste Saloom Road ▪ Building D-6 ▪ Lafayette, LA 70508
(337) 291-1755 ▪ Fax: (337) 291-2577

H. Glenn Guidry, MS, LRC, CRC, CVS, CLCP                     Katharine E. Porter, BSN, RN, CCM, CLCP
Sy J. Arceneaux, MS, LRC, CRC, CLCP                          T. Scott Smith, MA, MS, LRC, CRC

*Medical Case Management  ▪  Vocational Rehabilitation  ▪  Life Care Plans  ▪  Expert Testimony*

January 17, 2012

Dr. Lynn E. Fouret
640 South Ryan
Lake Charles, LA  70601

RE:    Rehabilitation Conference – Rex Allison, Sr.
       Claim #:  160031

Dear Dr. Fouret:

Thank you for meeting with me on this date for a rehabilitation conference.  The purpose of this correspondence is to summarize the results of the rehabilitation conference.  During this conference, you reported the following:

* Mr. Allison's diagnoses are annular tear at L5-S1 and right leg pain.
* Your treatment plan for Mr. Allison is office visits.
* You do not recommend any diagnostic studies for Mr. Allison at this time.
* Mr. Allison is not a candidate for surgery.
* Mr. Allison is currently released to sedentary work with a 10 lb lifting restriction.
* You are presently prescribing Norco and Flexeril to Mr. Allison.
* Mr. Allison has reached a status of maximum medical improvement.
* Mr. Allison's last office visit with you took place on January 17, 2012 (earlier on this date) and he will have a return appointment in six weeks from today.

To the question as to whether or not there was anything I failed to cover, you indicated "no".

Dr. Lynn E. Fouret
RE:   Rex Allison, Sr.
January 17, 2012
Page 2

If my understanding of our conversation is correct, please sign in the space provided. If I have misunderstood any of your statements, or if I have left something out, please feel free to make the necessary corrections and/or comments in the space I have provided and sign. Once you have completed this, please fax your response to (337) 291-2577, and also mail to the above address. If I do not receive this correspondence back from you in 30 days, I will assume that it is accurate.

Comments and/or suggestions:

_____          1-25-12
PHYSICIAN SIGNATURE                       DATE

Sincerely,

*Sy J. Arceneaux*

Sy J. Arceneaux, MS, LRC, CRC, CLCP
Vocational Rehabilitation Consultant
Certified Life Care Planner

SJA:tjb
Dictated, not read.

cc:   Mr. Richard Wilson
      Attorney at Law
      723 Broad Street
      Lake Charles, LA  70601
      Certified Mail # 7009 2820 0004 3666 4586

      Mr. Rex Allison, Sr.
      PO Box 1294
      Westlake, LA  70669
      Certified Mail # 7009 2820 0004 3666 4579

      Ms. Courtney Griffin
      LWCC
      Via e-mail: cgriffin@lwcc.com

# R̶EHABILITATION & VOCATIONAL CONSULTANTS, L.L.C.

### Guidry, Arceneaux & Associates

1720 Kaliste Saloom Road • Building D-6 • Lafayette, LA 70508
(337) 291-1755 • Fax: (337) 291-2577

H. Glenn Guidry, MS, LRC, CRC, CVS, CLCP
Sy J. Arceneaux, MS, LRC, CRC, CLCP

Katharine E. Porter, BSN, RN, CCM, CLCP

*Medical Case Management* • *Vocational Rehabilitation* • *Life Care Plans* • *Expert Testimony*

March 30, 2012

Referral Source:
Ms. Courtney Griffin
LWCC
P.O. Box 98054
Baton Rouge, LA 70898

|        |                 |                           |
|--------|-----------------|---------------------------|
| **Re:** | **Client:**      | **Rex Allison, Sr.**       |
|        | **Claim #:**     | **160031**                 |
|        | **Date of Injury:** | **09-27-10**            |
|        | **Employer:**    | **Global Management ENT, LLC** |
|        | **RVC File #:**  | **SA-1722**                |

## INITIAL VOCATIONAL EVALUATION

### Introduction:

This file was received and reviewed for a 30-day assignment of initial file review, vocational interview, and vocational testing.

We were in telephone contact with the office of Mr. Richard Wilson, injured worker attorney, requesting an opportunity to meet with Mr. Allison for a vocational evaluation and vocational testing. The vocational evaluation was scheduled for, and took place on June 16, 2012 at the office of Mr. Wilson which is located in Lake Charles, LA.

Prior to the commencement of the vocational evaluation, vocational rehabilitation services were explained to Mr. Allison in length and in detail as well as my education, licenses, and certifications. My professional disclosure statement was reviewed with Mr. Allison and he was provided with a copy. The purpose of this referral, the hierarchy of vocational rehabilitation, return to work process, and confidentiality were explained to him. Mr. Allison was provided with a copy of my resume' and a business card.

Mr. Allison is a 57 year old male who was employed as a Laborer with Global Management ENT, LLC at the time of his work injury. Mr. Allison currently treats with Dr. Lynn Foret, orthopedic surgeon.

Ms. Courtney Griffin/ LWCC
RE:     Rex Allsion, Sr.
March 30, 2012
Page 2

Mr. Allison is 1 year, 6 months, and 3 days post injury and has not had surgery in reference to his work injury.

## MEDICAL

### Significant Medical History:

Mr. Allison reports no other health conditions, injuries, illnesses, or other work related injuries.

### Current Disability:

Mr. Allison states that on September 27, 2010, he sustained a work injury while working with Global Management ENT, LLC. According to medical records supplied with this file and Mr. Allison, he has been evaluated by or treated with the following physicians:
* Dr. Lynn Foret, orthopedic surgeon.
* Dr. Martin, anesthesiologist

### Surgery:     None

On January 17, 2012, a rehabilitation conference was held with Dr. Foret. During this conference, Dr. Foret reported the following:
* Mr. Allison's diagnoses are annular tear at L5-S1 and right leg pain.
* Dr. Foret's treatment plan for Mr. Allison is office visits.
* Dr. Foret does not recommend any diagnostic studies for Mr. Allison at this time.
* Mr. Allison is not a candidate for surgery.
* Mr. Allison is currently released to sedentary work with a 10 lb lifting restriction.
* Dr. Foret is presently prescribing Norco and Flexeril to Mr. Allison.
* Mr. Allison has reached a status of maximum medical improvement.
* Mr. Allison's last office visit with you took place on January 17, 2012 (earlier on this date) and he will have a return appointment in six weeks from today.

According to Mr. Allison, his last office visit with Dr. Foret took place sometime in February 2012. Dr. Foret is presently prescribing Lorcet and Flexeril to him. Mr. Allison indicated he is awaiting his second injection from Dr. Martin.

### Subjective Complaints:

Mr. Allison reports to experience constant lower back pain which is moderate to severe, and the pain in his lower back occasionally radiates to his right knee. Mr. Allison reports no other subjective complaints.

### Family/Social Background

Place of Birth:                  Fenton, LA
Date of Birth:                   ████-55 (57 years of age)
Current Mailing Address:         P.O. Box 1292, Westlake, LA 70669. Currently lives in Fenton, LA.

Ms. Courtney Griffin/ LWCC
RE:     Rex Allsion, Sr.
March 30, 2012
Page 3

| | |
|---|---|
| Duration at Present Residence: | Over 1 year |
| Telephone: | (337) 707-1449 |
| Marital Status: | Married |
| No. of children: | 6 |
| Hand Dominance: | Right |
| Height/Weight: | 5'9" tall / 147-150 lbs. Pre-injury weight 147 - 150 lbs. |
| Military Status: | Marines E-3 (Machine Gunner and Office Worker) Honorable Discharge |
| Criminal Background: | None |
| Transportation: | Mr. Allison indicated he does not currently have a driver's license because of child support issues and fines. He indicated his driver's license was taken away within the "last year or so". |

**Financial Status:**

Mr. Allison reports to receive social security disability income benefits.

**Hobbies/Interests:**

Prior to Mr. Allison's on the job injury, he enjoyed watching softball. Since Mr. Allison's on the job injury, he enjoys watching television.

**Educational Background:**

Mr. Allison graduated from Fenton High School in 1973. He indicates he made average grades and his favorite subject was English. He did not repeat any grades. Mr. Allison opines that in 1976 he completed 13 course hours at McNeese State University. He made average grades.

**Vocational Background:**

| | |
|---|---|
| Employer when Injured: | Global Management ENT, LLC |
| Job Title: | Laborer |
| Duration of Employment: | 3 to 4 months |

Job duties included working in an oil spill cleanup on a beach. Job duties included shoveling waste from beach into bags and tying bags.

| | |
|---|---|
| Employers: | Various Employers |
| Job Titles: | Cement Finisher, Scaffold Builder, General Carpentry, Carpenter Helper, Iron Worker Helper (Rebar), Laborer |
| Duration of Employment: | 35 years |

Job duties included cement finishing, scaffold building, general carpentry, and installing rebar.

In addition to Mr. Allison's work history, he indicates that he has experience with operating a copy machine.

Ms. Courtney Griffin/ LWCC
RE:    Rex Allsion, Sr.
March 30, 2012
Page 4

## Vocational Testing:

The Slosson Intelligence Test (SIT-R3) was administered to Mr. Allsion. This is an IQ test used to evaluate an individual's mental abilities. Test results indicate that Mr. Allison is functioning in the "average" range of intelligence with a total standard score of 93, ranking him at the 33rd percentile.

The Wide Range Achievement Test—Revision 3 (WRAT3) was also administered to Mr. Allison This is an achievement test used to determine an individual's current level of academic functioning. The results of the tests are as follows:

| Test | Standard Score | Grade Equivalent |
|------|----------------|------------------|
| Word Reading | 79 | 6.5 |
| Sentence Comprehension | 89 | 10.7 |
| Spelling | 79 | 5.5 |
| Math Computation | 94 | 7.3 |
| Reading Composite | 82 | ---- |

## Transferable Skills Analysis

A transferable skills analysis has been completed for Mr. Allison.  The transferable skills analysis is as follows:
- Performing routine work repeatedly; and following simple instructions.
- Adhering to object specifications or standards.

## Vocational / Personal Interests:

During the course of my interview with Mr. Allison, he was asked if he had any specific vocational interests, vocational interests include scaffold building. Mr. Allison was asked if he felt like he was capable of returning to gainful employment, and he indicated he feels like he is capable of returning to very light duty work provided he is given the opportunity to take breaks as needed. A preliminary rehabilitation plan was formulated with Mr. Allison which includes Mr. Allison registering with the Louisiana Workforce Commission, Mr. Allison thinking of additional interest areas, and Mr. Allison applying for services with Louisiana Rehabilitation Services.

## Assets and Barriers:

The following assets and barriers have been identified:

## Assets:
- High school graduate.
- Served in the United States Marines- Honorable Discharge.
- Completed 1 semester at McNeese State University.

## Barriers

Ms. Courtney Griffin/ LWCC
RE:     Rex Allsion, Sr.
March 30, 2012
Page 5

- 57 years of age.
- No driver's license.
- Only released to sedentary work by Dr. Lynn Foret.
- Limited transferable skills.
- Lack of diversity in work history.
- Area of residence does not allow access to substantial labor market.
- Continued complaints of pain & discomfort.

## Rehabilitation/ Return to work Potential:

Based on available medical records, the initial vocational evaluation, vocational testing, the transferable skills analysis, and the above assets and barriers, Mr. Allison should be considered a candidate for vocational rehabilitation services. His potential for return to work is undetermined at this time pending Mr. Allison's employer of injury having a position available for him, job seeking skills training/ vocational research, formulating of a rehabilitation plan, labor market survey, and Mr. Allison's motivation to return to work.

## Contact with Injured Worker:

| | |
|---|---|
| 01-30-12 | Telephone call from Mr. Allison regarding the summary correspondence of the rehabilitation conference held with Dr. Lynn Foret on January 17, 2012. |
| 03-16-12 | Vocational evaluation and vocational testing completed at the office of Mr. Richard Wilson which is located in Lake Charles, LA. |

## Contact with the office of Dr. Lynn Foret:

| | |
|---|---|
| 01-25-12 | Receipt and review from Dr. Foret the correspondence summarizing the results of the January 17, 2012 rehabilitation conference. Dr. Foret did not make any corrections to the summary correspondence. He signed the signature sheet dating his signature January 25, 2012. On January 26, 2012, this signed summary correspondence was faxed to Mr. Wilson and LWCC and a copy was mailed to Mr. Allison. |

## Contact with Employer of Injury:

| | |
|---|---|
| 03-30-12 | Correspondence to Global Management ENT, LLC inquiring as to whether or not Mr. Allison's position of injury is available to him as well as alternative positions. |

## Contact with Injured Worker Attorney- Mr. Richard Wilson:

| | |
|---|---|
| 02-06-12 | Telephone call to the office of Mr. Wilson regarding the scheduling of vocational evaluation and vocational testing with Mr. Allison. A message was left on their voicemail requesting they return our call. |

Ms. Courtney Griffin/ LWCC
RE:     Rex Allsion, Sr.
March 30, 2012
Page 6

| | |
|---|---|
| 02-09-12 | Telephone call to the office of Mr. Wilson leaving a message on their voicemail requesting they return our call. |
| 02-13-12 | Telephone call to Letha leaving a message on their voicemail requesting they return our call. |
| 02-16-12 | Telephone call from Letha scheduling the vocational evaluation and vocational testing to take place on March 16, 2012. |
| 02-16-12 | Correspondence to Mr. Wilson via fax and regular mail confirming scheduled meeting with Mr. Allison. This correspondence was carbon copied to Mr. Allison and e-mailed to LWCC. |
| 03-16-12 | Telephone contact with the office of Mr. Wilson regarding the vocational evaluation and vocational testing scheduled to take place on this date. |

**<u>Contact with LWCC:</u>**

| | |
|---|---|
| 01-23-12 | E-mail to LWCC recommending a referral for this file. |
| 02-06-12 | Receipt and review e-mail from LWCC and referral. |
| 02-06-12 | E-mail to LWCC acknowledging receipt of the February 6, 2012 e-mail and referral. |

## <u>RECOMMENDATIONS</u>

I recommend a referral for insured contact to coordinate return to work, job seeking skills training/ vocational research, and labor market survey.

This file was received and reviewed for a 30-day assignment of initial file review, vocational testing, and vocational evaluation. Once the appropriate referral forms have been received for the above recommendations, they will be implemented immediately. Please note that as per your policy, we cannot provide our service without a referral sheet. Thus, this file will be placed on hold as it pertains to vocational rehabilitation services. Please forward the appropriate referral forms as soon as possible so there is no period of inactivity as it pertains to our services.

If you should have any questions, please do not hesitate to contact me at your convenience.

Sincerely,

*Sy J. Arceneaux*

Sy J. Arceneaux, MS, LRC, CRC, CLCP
Vocational Rehabilitation Consultant
Certified Life Care Planner

SJA: jsr
Dictated, not read.

cc:     Ms. Rex Allison, Sr.
        c/o Mr. Richard Wilson
        Attorney at Law
        123 Broad Street
        Lake Charles, LA 70301

Ms. Courtney Griffin/ LWCC
RE:     Rex Allsion, Sr.
March 30, 2012
Page 7

REFERENCES:

(1991, forth edition). Dictionary of Occupational Titles, Washington, DC: US Government Printing Office.

(1993) Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Washington, DC: US Government Printing Office.

(1991) The Revised Handbook for Analyzing Jobs, Washington DC: US Government Printing Office.

(1979) Guide of Occupational Exploration, Washington DC: US Government Printing Office.

Field, J. & Field, T. (4th Revision 1992). Classification of Jobs. Athens, GA: E & F, Inc.

Field, T. (2000). A Resource for the Rehabilitation Consultant on the Daubert and Kumho Rulings. Athens, GA: E & F, Inc.

Deutsch, P. & Sawyer, H. (2003).  A Guide to Rehabilitation. White Plains, NY: AHAB Press, Inc.

Weed, R. & Field, T. (Revised Edition 2001). Rehabilitation Consultant's Handbook. Athens, GA: E & F, Inc.

09/12/2012  17:41    3372912577                    REHAB & VOCATIONAL                    PAGE  02/02
                                                                                          PAGE  03/03
  09/13/2012  10:02   3374398829                DR FORET
                                                REHAB & VOCATIONAL
    09/08/2012  21:04   3372912577

# REHABILITATION & VOCATIONAL CONSULTANTS, L.L.C.

### Guidry, Arceneaux & Associates

1720 Kaliste Saloom Road • Building D-8 • Lafayette, LA 70508
(337) 291-1765 • Fax: (337) 291-2577

Katharine E. Porter, BSN, RN, CCM, CLCP

H. Glenn Guidry, MS, LRC, CRC, CVS, CLCP
Sy J. Arceneaux, MS, LRC, CRC, CLCP

Medical Case Management    •    Vocational Rehabilitation    •    Life Care Plans    •    Expert Testimony

Claimant:       Rex Allison, Sr.
Employer:       Holiday Inn Hotel & Suites
Position:       Front Desk-Swing Shift
Address:        2940 Lake Street
                Lake Charles, LA 70601
Telephone #:    (337) 310-7700
Contact Person: Jamie
Hours:          Part Time
Salary:         DOB
Education:      High School Diploma/ GED required.
Experience:     Customer service experience preferred will provide training
Job Duties      Providing prompt and professional customer service while assisting guests with checking in and checking
                out, handling reservations, and all other front desk tasks.
Strength:       This position requires no lifting.

        A stool is provided to sit on while not busy.

## PHYSICAL DEMANDS:

The following physical demands are rated:

| | | |
|---|---|---|
| N | Not Present | Activity does not exist |
| R | Rarely | Less than 10% of shift spent in this activity |
| O | Occasionally | Up to 33% of shift spent in this activity |
| F | Frequently | Up to 66% of shift spent in this activity |
| C | Constantly | From 67% to 100% of shift spent in this activity |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. Standing | Frequently | 8. Crouching | Never | 15. Hearing | Constantly |
| 2. Sitting | Occasionally | 9. Crawling | Never | 16. Near Acuity | Constantly |
| 3. Walking | Frequently | 10. Reaching | Constantly | 17. Far Acuity | Constantly |
| 4. Climbing | Never | 11. Handling | Constantly | 18. Depth Perception | Constantly |
| 5. Balancing | Never | 12. Fingering | Constantly | 19. Accommodation | Constantly |
| 6. Stooping | Never | 13. Feeling | Constantly | 20. Color Vision | Constantly |
| 7. Kneeling | Never | 14. Talking | Constantly | 21. Field of Vision | Constantly |

Prepared by:  Sy Arceneaux                                    September 10, 2012

I Dr. Lynn Foret  approve/disapprove this position for my patient.

Lynn Foret, M.D.                              9/13/12
                                              Date

# REHABILITATION & VOCATIONAL CONSULTANTS, L.L.C.

## Guidry, Arceneaux & Associates

1720 Kaliste Saloom Road • Building D-6 • Lafayette, LA 70508
(337) 291-1755 • Fax: (337) 291-2577

H. Glenn Guidry, MS, LRC, CRC, CVS, CLCP
Sy J. Arceneaux, MS, LRC, CRC, CLCP

Katharine E. Porter, BSN, RN, CCM, CLCP

*Medical Case Management*   •   *Vocational Rehabilitation*   •   *Life Care Plans*   •   *Expert Testimony*

September 13, 2012

Referral Source:
Ms. Courtney Griffin
LWCC
P.O. Box 98054
Baton Rouge, LA 70898

|  | | |
|---|---|---|
| **Re:** | **Client:** | **Rex Allison, Sr.** |
| | **Claim #:** | **160031** |
| | **Date of Injury:** | **09-27-10** |
| | **Employer:** | **Global Management ENT, LLC** |
| | **RVC File #:** | **SA-1722** |

## VOCATIONAL STATUS REPORT

### CASE MANAGEMENT STATUS

#### Activity Summary

During this reporting period, the following services have been provided:

- Job seeking skills training/ vocational.
- Rehabilitation plan formulated.
- Labor market survey initiated.
- Contact maintained with injured worker attorney
- Contact maintained with LWCC

This file was received and reviewed for job seeking skills training/ vocational research x2 and labor market survey.

### RESULTS OF ACTIONS TAKEN

#### Contact with Injured Worker:

Ms. Courtney Griffin/ LWCC
RE:     Rex Allsion, Sr.
September 13, 2012
Page 2

09-06-12      A job seeking skills training meeting was held with Mr. Allison at the office of Mr.
              Richard Wilson which is located in Lake Charles, LA. During the course of this
              meeting, Mr. Allison reported the following:

- His last office visit with Dr. Lynn Foret took place on September 6, 2012
  (earlier on this same date) and will have a return office visit in 4 weeks. Dr.
  Foret is presently prescribing a non-narcotic pain medicine/ muscle relaxer to
  him which he does not remember the name. Dr. Foret is also prescribing a
  muscle relaxer to him which he does not remember the name.
- He was recently seen by Dr. Craig Morton for an injection.
- He is experiencing pain and discomfort in his lower back.
- His address and telephone number have not changed.
- He has transportation.

I administered the COPS Interest Inventory. This is an inventory utilized to measure an individual's
interest in various work areas and does not measure ability. The COPS Interest Inventory indicates
Mr. Allison would be most interested in business (professional), science (skilled), and clerical
occupations.

Business (professional) occupations include positions of high responsibility in the organization,
administration and efficient functioning and businesses and governmental bureaus.

Science (skilled) occupations involve observing and classifying facts in assisting in laboratory
research and applying this information in the fields of medicine and life and physical sciences.

Clerical occupations involve recording, posting, and filing of business records requiring great
attention to detail, accuracy, neatness, orderliness, and speed.

My March 30, 2012 initial vocational evaluation report was reviewed with Mr. Allison as well as the
results of the vocational tests administered on March 16, 2012.

The results of the January 17, 2012 rehabilitation conference with Dr. Lynn Foret was reviewed with
Mr. Allison. The sedentary work restrictions assigned by Dr. Foret were reviewed with Mr. Allison.

Job seeking skills training was provided which included information on how and where to find
employment, proper completion of applications, and job interviewing techniques were discussed.
The Louisiana Workforce Commission, Louisiana Rehabilitation Services, Second Injury Fund,
supplemental earning benefits, Americans with Disabilities Act, and V.I.T.A. (computer classes)
were reviewed with Mr. Allison. He was informed of the major employers in his area, and
networking and time management skills were also reviewed with him. A rehabilitation plan was
formulated with Mr. Allison. Please refer to the correspondence to Mr. Allison providing him with
an outline of the rehabilitation plan. A mock interview was held with Mr. Allison and was reviewed
in length and in detail. The job packet "How to Get and Hold the Right Job- Facts from You Job
Service" was reviewed with Mr. Allison and he was provided with a copy. Mr. Allison was asked if
he had any questions and he indicated no.

**Labor Market Survey:**

Ms. Courtney Griffin/ LWCC
RE:    Rex Allsion, Sr.
September 13, 2012
Page 3

Labor market survey services have been initiated during this reporting period. The following
positions has been identified:

| | |
|---|---|
| Employer: | Holiday Inn Hotel & Suites |
| Position: | Front Desk-**Swing Shift** |
| Address: | 2940 Lake Street |
| | Lake Charles, LA 70601 |
| Telephone #: | (337) 310-7700 |
| Contact Person: | Jamie |
| Hours: | Part Time |
| Salary: | DOE |
| Education: | High School Diploma/GED required. |
| Experience: | Customer service experience preferred will provide training. |
| Job Duties | Providing prompt and professional customer service while assisting guests with the checking in and checking out, handling reservations, and all other front desk tasks. |
| Strength: | This job requires no lifting. |

| | |
|---|---|
| Employer: | Holiday Inn Hotel & Suites |
| Position: | Front Desk-**Night Audit** |
| Address: | 2940 Lake Street |
| | Lake Charles, LA 70601 |
| Telephone #: | (337) 310-7700 |
| Contact Person: | Jamie |
| Hours: | Full Time |
| Salary: | DOE |
| Education: | High School Diploma/GED required. |
| Experience: | Customer service experience preferred will provide training. |
| Job Duties | Providing prompt and professional customer service while assisting guests with the checking in and checking out, handling reservations, and all other front desk tasks. |
| Strength: | This job requires no lifting. |

The information provided pertaining to these positions is based on the information provided by
the contact person. If the contact person provided us with information that is inaccurate, this may
or may not effect as to whether or not these positions would still be applicable for Mr. Allison.
Mr. Allison was informed of these positions via certified and regular mail and his attorney was
informed of these positions. A job analysis of these positions has been completed and forwarded
to Dr. Lynn Foret for his review and comment. On September 13, 2012, we were in receipt and
review from Dr. Foret the job analysis of the Front Desk with Holiday Inn Hotel & Suites which
Dr. Foret approved dating his signature September 13, 2012. On September 13, 2012, we were in
telephone contact with Jamie inquiring as to whether or not the Front Desk position with Holiday
Inn & Suites is still available. Jamie indicated this position has been filled. On September 13,
2012, the signed job analysis was faxed to LWCC and Mr. Wilson and a copy was mailed to Mr.
Allison.

Ms. Courtney Griffin/ LWCC
RE:    Rex Allsion, Sr.
September 13, 2012
Page 4

## Contact with Injured Worker Attorney - Mr. Richard Wilson:

08-23-12     Telephone call to Letha for the purpose of scheduling a job seeking skills training/ vocational research meeting with Mr. Allison. A message was left on Letha's voicemail requesting she return our call. We informed her in the voicemail that we are available to meet with Mr. Allison on September 6, 2012.
08-23-12     Telephone call from Letha scheduling a job seeking skills training/ vocational research meeting with Mr. Allison to take place on September 6, 2012.
08-23-12     Correspondence to Mr. Wilson via fax confirming scheduled meeting with Mr. Allison. This correspondence was carbon copied to Mr. Allison and e-mailed to LWCC.

## Contact with LWCC:

04-05-12     E-mail to LWCC.
04-09-12     E-mail from LWCC.
08-13-12     E-mail to LWCC.
08-13-12     E-mail from LWCC and referral.

## RECOMMENDATIONS

I recommend a referral for job seeking skills training/ vocational research and labor market survey.

This file was received and reviewed for a 30-day assignment of job seeking skills training/ vocational research and labor market survey. Once the appropriate referral forms have been received for the above recommendations, they will be implemented immediately. Please note that as per your policy, we cannot provide our service without a referral sheet. Thus, this file will be placed on hold as it pertains to vocational rehabilitation services. Please forward the appropriate referral forms as soon as possible so there is no period of inactivity as it pertains to our services.

If you should have any questions, please do not hesitate to contact me at your convenience.

Sincerely,

*Sy J. Arceneaux*

Sy J. Arceneaux, MS, LRC, CRC, CLCP
Vocational Rehabilitation Consultant
Certified Life Care Planner

SJA: jsr
Dictated, not read.

cc:     Ms. Rex Allison, Sr.
        c/o Mr. Richard Wilson
        Attorney at Law
        123 Broad Street
        Lake Charles, LA 70301

03/20/2013 03:00 PM



**REHABILITATION & VOCATIONAL CONSULTANTS, L.L.C.**

Guidry, Arceneaux & Associates

1720 Kaliste Saloom Road • Building D-6 • Lafayette, LA 70508
(337) 291-1755 • Fax: (337) 291-2577

H. Glenn Guidry, MS, LRC, CRC, CVS, CLCP
Sy J. Arceneaux, MS, LRC, CRC, CLCP

Katharine E. Porter, BSN, RN, CCM, CLCP

*Medical Case Management  •  Vocational Rehabilitation  •  Life Care Plans  •  Expert Testimony*

March 1, 2013

Referral Source:
Ms. Courtney Griffin
LWCC
PO Box 98054
Baton Rouge, LA 70898

|  |  |  |
|---|---|---|
| Re: | **Client:** | **Rex Allison, Sr.** |
|  | **Claim #:** | **160031** |
|  | **Date of Injury:** | **09-27-2010** |
|  | **Employer:** | **Global Management ENT, LLC** |
|  | **RVC File #:** | **SA-1722** |

Dear Ms. Griffin:

Please allow this correspondence to serve as a status update for this file. This file was received and reviewed for a 30-day assignment of coordinate return to work with claimant. By way of review, Mr. Allison's employer of injury Global Management ENT, LLC communicated that they have a sedentary position available for Mr. Allison. I met with Global Management ENT, LLC at which time I conducted a job analysis of said position. The job analysis of this position and the corresponding pictures were forwarded to Mr. Allison's treating physician Dr. Lynn Foret. I have medical reports from Dr. Foret pertaining to Mr. Allison dating back to May 3, 2011. Mr. Allison's work injury occurred on September 27, 2010. Dr. Foret approved Mr. Allison to return to work in the sedentary position. I coordinated Mr. Allison's return to work with Global Management ENT, LLC; however, Dr. Foret retired from his practice and Mr. Allison was afforded the opportunity to select another treating physician. I had also scheduled a rehabilitation conference with Dr. Foret, but has since been cancelled.

Labor market survey services have been continued during this reporting period. The following positions have been identified:

|  |  |
|---|---|
| Employer: | Howard Johnson Express Inn |
| Position: | Front Desk |
| Address: | 107 East Frontage Road, Iowa, LA 70647 |
| Telephone #: | (337) 582-2440 |
| Contact Person: | Regan Pirrotti |

03/20/2013 03:00 PM

Ms. Courtney Griffin
RE: Rex Allison, Sr.
March 1, 2013
Page 2

| | |
|---|---|
| Hours: | Part Time |
| Salary: | $7.25/hour or higher depending on experience |
| Education: | High School Diploma/GED required. |
| Experience: | Hotel experience preferred, but not required. Training is provided. |
| Job Duties | Providing excellent customer service while assisting guests with checking in and checking out, making and cancelling reservations, answering telephone, and any other basic front desk duty. |
| Strength: | This job requires no lifting. |

| | |
|---|---|
| Employer: | America's Best Value Inn & Suites |
| Position: | Front Desk |
| Address: | 3231 Lake Street, Lake Charles, LA 70601 |
| Telephone #: | (337) 477-4230 |
| Contact Person: | Ebony Richard |
| Hours: | Full Time |
| Salary: | $7.50/hour |
| Education: | High School Diploma/GED required. |
| Experience: | No experience required, on the job training provided. |
| Job Duties | Providing prompt customer service while checking guests in and out, making reservations, handling cash and credit cards, taking calls and messages, running reports, and keeping the breakfast area neat and clean. |
| Strength: | This job requires no lifting. |

The information provided pertaining to these positions is based on information provided by the contact persons. If the contact persons provided us with information that is inaccurate, this may or may not effect as to whether or not these positions would still be applicable for Mr. Allison. Mr. Allison was informed of these positions via certified and regular mail, and his attorney was informed of these positions. Job analyses of these positions have been completed and forwarded to Dr. Lynn Foret for his review and comment.

The following is an itemized overview of my activities on this file since my last report which is dated September 13, 2012.

| | |
|---|---|
| 09-20-12 | E-mail to LWCC. |
| 10-18-12 | E-mail to LWCC. |
| 10-25-12 | E-mail to LWCC. |
| 10-29-12 | Telephone call to the office of Dr. Lynn Foret to determine the status of a job analysis forwarded to Dr. Foret which he forwarded back to us but he did not approve or disapprove. |
| 10-31-12 | Telephone call to the office of Dr. Foret to determine the status of Dr. Foret reviewing the job analysis. They requested we refax the job analysis to them which we did on this same date. |

03/20/2013 03:00 PM

Ms. Courtney Griffin
RE: Rex Allison, Sr.
March 1, 2013
Page 3

| | |
|---|---|
| 11-05-12 | Receipt & review job analysis from Dr. Foret of the front desk clerk position with Howard Johnson which Dr. Foret circled approved, but checked disapproved. This job analysis was refaxed to Dr. Foret. |
| 11-12-12 | Receipt & review e-mail and reports from LWCC. |
| 11-12-12 | Telephone call to the office of Dr. Foret scheduling a rehabilitation conference to take place on December 3, 2012. |
| 11-12-12 | Correspondence to Mr. Richard Wilson via fax and certified mail – return receipt requested correspondence informing him of the scheduled rehabilitation conference with Dr. Foret. This correspondence was carbon copied to Mr. Allison and e-mailed to LWCC. |
| 11-12-12 | Telephone call to the office of Mr. Wilson speaking with Letha scheduling a job seeking skills training / vocational research meeting with Mr. Allison to take place on December 3, 2012. |
| 11-12-12 | Correspondence to Mr. Wilson via fax confirming the scheduled meeting with Mr. Allison. This correspondence was e-mailed to LWCC and carbon copied to Mr. Allison. |
| 11-29-12 | Telephone contact with Tracy with the office of Dr. Foret cancelling the scheduled rehabilitation conference. |
| 11-29-12 | Telephone call to the office of Mr. Wilson speaking with Letha informing that the rehabilitation conference scheduled with Dr. Foret is cancelled. |
| 11-29-12 | Telephone call to Global Management ENT, LLC speaking with Shakiera scheduling a meeting with them to take place on December 3, 2012. Shakiera indicated she would telephone me back to confirm. |
| 11-30-12 | Telephone contact with Elsa with Global Management ENT, LLC indicating they need to discuss our scheduled meeting with their representative. She indicated that the December 3, 2012 meeting is too soon. She indicated she would telephone back to reschedule. |
| 12-03-12 | Telephone call from Elsa leaving a message on our voice mail requesting we return her call. |
| 11-28-12 | E-mail from employer of injury. |
| 11-28-12 | E-mail from employer of injury. |
| 11-28-12 | E-mail from employer of injury. |
| 11-29-12 | E-mail from LWCC. |
| 11-29-12 | E-mail to LWCC. |
| 11-29-12 | E-mail from LWCC. |
| 11-29-12 | E-mail from employer of injury. |
| 11-29-12 | E-mail from LWCC. |
| 11-29-12 | E-mail from LWCC. |
| 11-29-12 | E-mail from employer of injury. |
| 11-30-12 | E-mail from employer of injury. |
| 11-30-12 | E-mail from employer of injury. |
| 12-19-12 | Meeting with Global Management ENT, LLC at which time I conducted a job analysis of the sedentary position available for Mr. Allison. |

03/20/2013 03:00 PM

Ms. Courtney Griffin
RE: Rex Allison, Sr.
March 1, 2013
Page 4

| | |
|---|---|
| 01-14-13 | Faxed sedentary job analysis to injured worker attorney. |
| 01-14-13 | E-mail sedentary position to LWCC. |
| 01-14-13 | Faxed sedentary job analysis to Dr. Lynn Foret. |
| 01-14-13 | E-mail from LWCC. |
| 01-14-13 | E-mail from LWCC. |
| 01-14-13 | E-mail to LWCC. |
| 01-17-13 | Telephone call to the office of Dr. Foret speaking with Ashley scheduling a rehabilitation conference to take place on February 26, 2013. |
| 01-17-13 | Correspondence to Mr. Wilson via fax and certified mail – return receipt requested correspondence informing him of the scheduled rehabilitation conference with Dr. Foret. This correspondence was carbon copied to Mr. Allison and e-mailed to LWCC. |
| 01-23-13 | Telephone call to the office of Dr. Foret but it was determined that his voice mailbox is full and we were transferred to the operator, but there was no answer and we could not leave a message because the voice mailbox was full. |
| 01-24-13 | Telephone call to the office of Dr. Foret but there was no answer at the receptionist's extension and we were not provided the option of leaving a message. We also telephoned Dr. Foret's nurse but there was no answer and we could not leave a message because her voice mailbox was full. |
| 01-24-13 | E-mail from LWCC. |
| 01-24-13 | E-mail from LWCC. |
| 01-24-13 | E-mail from LWCC. |
| 01-24-13 | E-mail from LWCC. |
| 01-28-13 | Telephone call to the office of Dr. Foret to determine the status of the job analysis forwarded to Dr. Foret. Ashley indicated Dr. Foret only comes to the office sporadically. She indicated she would try to obtain a response and forward job analysis to us ASAP. |
| 01-28-13 | Returned telephone call to Global Management ENT, LLC speaking with Elsa providing her with an update on this file. |
| 01-30-13 | E-mail from LWCC. |
| 01-30-13 | E-mail from LWCC. |
| 01-30-13 | E-mail from LWCC. |
| 01-30-13 | E-mail from LWCC. |
| 01-30-13 | E-mail to LWCC. |
| 02-11-13 | E-mail from employer of injury. |
| 02-11-13 | E-mail from LWCC. |
| 02-13-13 | Refaxed sedentary job analysis to Dr. Foret. |
| 02-13-13 | E-mail from employer of injury. |
| 02-13-13 | E-mail from LWCC. |
| 02-13-13 | E-mail to LWCC. |
| 02-13-13 | E-mail from LWCC. |
| 02-14-13 | Receipt & review from Dr. Foret the job analysis of the sedentary position which Dr. Foret indicated Mr. Allison is currently able to perform this job. Dr. Foret dated his signature February 13, 2013. |

03/20/2013 03:00 PM

Ms. Courtney Griffin
RE: Rex Allison, Sr.
March 1, 2013
Page 5

| | |
|---|---|
| 02-14-13 | Telephone call to the office of Dr. Foret speaking with Tracy inquiring as to the status of Dr. Foret reviewing the job analysis. She asked that we refax the job analysis to her. |
| 02-14-13 | Refaxed job analysis to Dr. Foret. |
| 02-14-13 | Receipt & review fax from Dr. Foret which was faxed to Dr. Wilson on this same date. |
| 02-15-13 | E-mail to LWCC. |
| 02-15-13 | E-mail to LWCC. |
| 02-15-13 | E-mail to LWCC. |
| 02-15-13 | E-mail to employer of injury. |
| 02-15-13 | E-mail to employer of injury. |
| 02-15-13 | E-mail from employer of injury. |
| 02-15-13 | E-mail to LWCC. |
| 02-18-13 | E-mail to employer of injury with attachment. |
| 02-18-13 | E-mail from employer of injury. |
| 02-18-13 | Telephone call from Global Management ENT, LLC speaking with Elsa at which time this file was reviewed with her. |
| 02-20-13 | E-mail from LWCC and referral. |
| 02-20-13 | Telephone call to the office of Dr. Wilson speaking with Lisa inquiring as to whether or not they have any questions as it pertains to Mr. Allison's return to work with his employer of injury. Lisa indicated "no". |
| 02-20-13 | Telephone contact with Ms. Courtney Griffin at which time I informed her that there is no need for a rehabilitation conference with Dr. Foret at this time. She indicated she would forward a referral. |
| 02-20-13 | Telephone call to the office of Dr. Wilson speaking with Lisa at which time I was placed on hold. After waiting for a period of time, I informed the receptionist that I would telephone back later. |
| 02-21-13 | E-mail from employer of injury. |
| 02-21-13 | E-mail to employer of injury. |
| 02-21-13 | E-mail from employer of injury. |
| 02-21-13 | E-mail to employer of injury. |
| 02-21-13 | E-mail to LWCC. |
| 02-21-13 | Telephone call to the office of Dr. Foret speaking with Ashley cancelling the rehabilitation conference scheduled to take place on February 26, 2013. |
| 02-21-13 | Telephone call to the office of Dr. Wilson leaving a message with his receptionist informing them that the rehabilitation conference scheduled to take place with Dr. Foret on February 26, 2013 is cancelled. |
| 02-21-13 | Receipt & review from Dr. Foret the signature sheet for the transitional duty position with Global Management ENT, LLC which Dr. Foret indicated Mr. Allison is currently able to perform this job. Dr. Foret dated his signature February 14, 2013. |
| 02-21-13 | Telephone call to the office of Dr. Foret speaking with Ashley regarding the job analysis received. |

03/20/2013 03:00 PM

Ms. Courtney Griffin
RE: Rex Allison, Sr.
March 1, 2013
Page 6

| | |
|---|---|
| 02-22-13 | Telephone contact with Ms. Courtney Griffin at which time it was discussed that Mr. Allison would return to work with Global Management ENT, LLC on February 25, 2013 and that I would visit Global Management ENT, LLC on February 25, 2013. |
| 02-25-13 | Telephone call to Global Management ENT, LLC at which time Elsa indicated Dr. Foret is retired. |
| 02-25-13 | Telephone call to Ms. Courtney Griffin at which time she indicated Mr. Allison gets a choice of another treating physician. |
| 02-25-13 | Telephone call to Global Management ENT, LLC speaking with Elsa and Dalia at which time I reviewed this file with them. I recommended that they telephone Ms. Courtney Griffin to discuss this file. |

## Recommendations

I recommend I coordinate Mr. Allison's return to work with Global Management ENT, LLC. Please forward referral for insured contact to coordinate return to work.

This file was received and reviewed for a 30-day assignment of initial file review, vocational interview, vocational testing, and job seeking skills training/vocational research. Once the appropriate referral forms have been received for the above recommendations, they will be implemented immediately. Please note that as per your policy, we cannot provide our service without a referral sheet. Thus, this file will be placed on hold as it pertains to vocational rehabilitation services. Please forward the appropriate referral forms as soon as possible so there is no period of inactivity as it pertains to our services.

Sincerely,

*Sy J. Arceneaux*

Sy J. Arceneaux, MS, LRC, CRC, CLCP
Vocational Rehabilitation Consultant
Certified Life Care Planner

SJA: tjb
Dictated, not read.

cc:   Mr. Rex Allison, Sr.
      c/o Mr. Richard Wilson
      Attorney at Law
      723 Broad Street
      Lake Charles, LA 70601

# _Center For Orthopaedics

| | | | |
|---|---|---|---|
| JAMES PERRY, M.D. | CRAIG MORTON, M.D. | DAVID DREZ, M.D. | STACI BOUDREAUX, P.A. |
| JOHN NOBLE, JR., M.D. | TYSON GREEN, D.P.M. | ANDREW FORET, M.D. | BONE HEALTH CENTRAL |
| GEOFFREY COLLINS, M.D. | J. TRAPPEY, M.D. | KALIEB POURCIAU, D.P.M. | |
| STEVEN HALE, M.D. | BILL LOWRY, M.D. | | |

October 22, 2012

Courtney Griffin

Re: Rex Allison
DOB: 02/01/1955

Dear Ms. Griffin:

I am writing in regard to your questions concerning Rex Allison.   It is my professional opinion that Mr. Allison is capable of returning to sedentary work at this time.  He still reports symptoms; however, I have not found that he has had any significant physical findings to have prolonged symptoms or treatment at this time.   I think he has reached MMI and I do not find any permanent impairment rating.

Sincerely yours,

James D Perry, MD/een

| | | | |
|---|---|---|---|
| 1747 Imperial Boulevard | 250 S. Beglis Parkway | 111 N. Royal Street | 337-721-7236 ph |
| Lake Charles, LA | Sulphur, LA | Deridder, LA | 337-721-7237 fx |

Oct. 24. 2012  2:50PM   Clinic Imag                          No. 6948   P. 3

## Center For Orthopaedics Imperial Office
1747 Imperial Boulevard   Lake Charles, LA  70605
(337) 721-7236  Fax: (337) 721-7237

*October 24, 2012*
*Page 1*
*Chart Document*

### Rex Allison
Male  DOB: ████1955                            875797

**10/22/2012 – Office Visit: SMO-Lumbar**
**Provider: James D Perry MD**
**Location of Care: Center For Orthopaedics Imperial Office**

### History of Present Illness
Chief complaint: Low back pain and bilateral lower extremity pain.

Patient profile: 57 Years Old Male
HPI: Patient was seen for IME in June, 2011. At that time he complained of low back pain and bilateral lower extremity pain since falling in September, 2010. Recommendation at that time was for spinal injection and evaluation. He was treated with TFESI by Dr. Morton with 10% relief. He was treated with physical therapy with 20% relief. Patient currently sees Dr. Lynn Foret who has requested a second injection. This was denied by worker's comp. He complains of daily low back pain (7/10). He complains of pain to bilateral posterior thighs and bilateral posterior legs. He complains of weakness to bilateral lower extremity with standing. Pain is worse with twisting or when lying down at night.

Patient has had MRI in the past.

### Past Medical History
No pertinent past medical history.

### Surgical History
No pertinent surgical history

### Family History
Cancer

### Risk Factors
**Tobacco Use:** never smoker
 **Cigarette packs/day:** does not

**Alcohol use:** none
**Drug use:** none

### Social History
 Marital Status: married

**Active Medications Prior to This Update (reviewed today):**
FLEXERIL TABS (CYCLOBENZAPRINE HCL TABS)

**Current Allergies:**
No known allergies

### Review of Systems
**General:** Positive for weight gain.

**Center For Orthopaedics Imperial Office**
1747 Imperial Boulevard   Lake Charles, LA 70605
(337) 721-7236  Fax: (337) 721-7237

October 24, 2012
Page 2
Chart Document

**Rex Allison**
Male DOB: ████/1955                          875797

The patient has no fever, chills, sweats, weight loss, hemoptysis, hematochezia, melena, hematemesis, or hematuria. The patient has no bowel or bladder problems.
**ENT:** <u>Positive for</u> hearing loss.
**Cardiovascular:** <u>Positive for</u> lightheadedness, pain in legs.
**Musculoskeletal:** <u>Positive for</u> back pain.
**Skin:** <u>Positive for</u> dry skin.
**Neurologic:** <u>Positive for</u> headache, sleep disorder, numbness.
**Psychiatric:** <u>Positive for</u> anxiety, depression, change in sleep pattern, panic attacks.

## Physical Exam:
This is a well developed, well nourished male in no acute distress.
Patient is alert and oriented to person, place, time, and situation.
Mood and affect are normal.
Muscle tone is normal.
The patient's posture, gait, heel, and toe walking are normal.
The patient's examination reveals no significant evidence of kyphosis or scoliosis.
The patient's lumbar spine exam reveals that the lumbar lordosis is normal.
On examination of the lumbar spine, the range of motion is normal.
The patient can squat normally.
There is no spasm or deformity noted.
The patient is non-tender to palpation.
The hips, knees, and ankle joints have a symmetrical non-painful range of motion.
The pelvis is level.
The Trendelenburg sign is negative.
The straight leg raise is negative in the seated and supine positions.
The femoral stretch test is negative.
There is no tenderness in the sciatic tract.
The patellar tendon reflexes are symmetrically absent bilaterally.
The achilles tendon reflexes are symmetrically absent bilaterally.
The Babinski test is negative.
The motor examination reveals:

|                    | Right | Left |
|--------------------|-------|------|
| EHL                | 5/5   | 5/5  |
| Hamstrings         | 5/5   | 5/5  |
| Anterior tibialis  | 5/5   | 5/5  |
| Plantar flexion    | 5/5   | 5/5  |
| Peroneal           | 5/5   | 5/5  |
| Quadriceps         | 5/5   | 5/5  |

The sensory examination is normal.
There is no atrophy noted.
The leg lengths are equal.
The thigh and calf circumferences are equal.
The pulses are normal.
The abdomen is benign without masses.

Oct. 24. 2012  2:50PM   Clinic Imag                                    No. 6948   P. 5

**Center For Orthopaedics Imperial Office**                            *October 24, 2012*
1747 Imperial Boulevard   Lake Charles, LA  70605                              *Page 3*
(337) 721-7236  Fax: (337) 721-7237                                    *Chart Document*

**Rex Allison**
Male  DOB: ██████/1955                          875797

**Outside Imaging:**
The patient's MRI reveals spondylosis, degenerative disc disease, no surgical lesion.

**Impression**
**Comments:**
Lumbar strain; no objective findings.

**Assessment**
**Problems assessed during this visit include:**
 LUMBAR STRAIN (ICD-847.2)

**Plan**
Patient should have reached MMI.
No further treatment necessary for current injury or complaints.
Recommend sedentary work.
If there is a disagreement, a functional capacity evaluation can be done.

**Signed by James D Perry MD on 10/24/2012 at 1:18 PM**

Oct. 24. 2012ᵤ 2:50PNᵥᵥ   Clinic Imag                          No. 6948  Paᵖ. 6 of 1

Print                                                                    Close

Radiology Specialist
8338 Summa Ave.
Suite 100
Baton Rouge, LA 70809
Phone: 225-761-8988
Fax: 601-442-7409

**Report Provided For**                    **Patient**
Clinic Imaging                             Name: PETER CARRIER
Lake Street                                MRN #: CLC-00000121203
Lake Charles, LA 70605                     Phone: 337-433-3384
                                           DOB:       /1944              Gender: Male
Fax: 337-310-4521                          Exam Start: 10/18/2012
                                           Chart #: 06-39243

**MRI OF THE LUMBAR SPINE**

**PULSE SEQUENCES:**  Sagittal T1, T2 weighted and STIR images of the lumbar spine and axial T1 and T2 weighted images of the lumbar spine are presented.

**FINDINGS:**  Coronal scout view demonstrates bilateral renal lesions, which probably represents cysts, but I recommend ultrasound to exclude solid lesion or solid component to these lesions.  The height of the lumbar vertebral bodies is maintained and there is normal alignment.  The lower cord and conus are normal. Small benign vertebral hemangioma involving L1 is noted.

L1-2:  No disc herniation, central canal stenosis or neural canal narrowing is seen.

L2-3:  There is mild disc bulging.  No focal protrusion, central canal stenosis or neural canal narrowing is seen.

L3-4:  There is diffuse annular disc bulging.  There is neural canal narrowing bilaterally.  There is some flattening of the ventral aspect of the thecal sac, but no central canal stenosis is seen.

L4-5:  There is disc bulging.  There is some minimal neural canal narrowing bilaterally.  No central canal stenosis is seen.

L5-S1:  There is diffuse annular disc bulging.  There is neural canal narrowing bilaterally.  No central canal stenosis is seen.

**IMPRESSION:**

1.  BILATERAL RENAL LESIONS ARE IDENTIFIED.  ULTRASOUND IS RECOMMENDED TO EXCLUDE THE POSSIBILITY OF A SOLID LESION OR SOLID COMPONENT TO THESE LESIONS.

2.  DISC BULGING L2-3.

3.  DISC BULGING AND BILATERAL NEURAL CANAL NARROWING L3-4, L4-5 AND L5-S1.

Interpreting Radiologist

Printed: 10/18/2012  2:40 pm          CARRIER, PETER (Exam 13B5026)          Page 1 of 2

# Dr. Lynn E. Foret, M.D.

## OFFICE VISIT

**PATIENT NAME**: Rex Allison                    **DATE**:09/06/2012

**CHIEF COMPLAINT:**Mr. Allison has complaints of neck and back pain.

**HISTORY:**He is in the office today for follow-up. The accident occurred on September 27, 2010. He was jumping into a boat and hurt his neck and back at that time.

**PLAN:**He has significant complaints of neck and back pain. MRI shows an L5 S1 annular tear and a broad base disc protrusion on the right and a small mass effect on the nerve root. Multi-level disc pathology seemed to be in all levels. He was setup for an Epidural recently. They canceled it. Workman's Comp approved it. He went to Dr. Craig Martin but something happened. We will check into that and get him rescheduled.

His neck has restriction to motion. The lower back has worsened.

Impression: lower back has sciatica, annular tear, and leg pain down to the knee. Positive straight leg raises for lower back pain. He has limited range of motion; barely 20-30 degrees floor flexion. Extension is painful to 30degrees.

We will send him to someone to prescribe some pain medication for him. We will see him in a month.

**PAGE 2**
**Rex Allison**


*I'm going to give him trigger point injections to his lower back since he will be without an injection for about a month and missed the Epidural injection.*


**Lynn E. Foret, M.D.**
**LEF/jd**
**DD: 09/06/2012**
**DT: 09/17/2012**

**Lake Charles Medical Surgical Clinic**
501 S. Ryan Street   Lake Charles, LA 70601
(337) 433-8400  Fax:

*September 18, 2012*
Page 1
Chart Document

**Rex Allison**
Male  DOB: ████/1955                    875797

**08/16/2012 - Office Visit: Recheck lumbar**
**Provider: Senia T Fontenot NP**
**Location of Care: Center For Orthopaedics Imperial Office**

### History of Present Illness
Chief complaint: Back pain
HPI: Today, patient rates his pain as a 7/10.  He is here for evaluation of lumbar pain.  Mr. Allison had a right L5/S1 TFESI on January 16, 2012.  This provided short term relief.  Dr. Morton had requested a repeat injection.  This injection was denied by Workman's Comp.  The patient was sent to physical therapy.  He reports this provided 15-20% relief, but he is still having the dull aching low back pain that radiates down his lower extremity to his knee.  He denies any numbness, tingling or any lower extremity weakness.

### Vital Signs

Patient profile: 57 Years Old Male

### Past Medical History
None listed.
None.

### Surgical History
None.

### Family History
None listed.
none.

### Risk Factors
Cigarette packs/day: does not

### Social History
The patient is married.  The patient does not use tobacco products.  The patient does use alcohol products.

### Active Medications Prior to This Update:
FLEXERIL TABS (CYCLOBENZAPRINE HCL TABS)
LORCET PLUS TABS (HYDROCODONE-ACETAMINOPHEN TABS)

### Current Allergies:
No known allergies

### Review of Systems
General:       Patient denies fever,weight loss,persistent infections,fatigue,weight gain.
Musculoskeletal: Positive for muscle weakness, muscle pain, back pain.
       Patient denies fibromyalgia, joint pain.
Neurologic: Positive for headache, numbness.
       Patient denies sleep disorder, dizziness, seizures.

**Lake Charles Medical Surgical Clinic**
501 S. Ryan Street   Lake Charles, LA  70601
(337) 433-8400  Fax:

September 18, 2012
Page 2
Chart Document

**Rex Allison**
Male  DOB: █████/1955                          875797

## General Exam

Patient is well developed/well nourished in no acute distress.

## Skin

Skin is warm and dry with good turgor.

## Respirations

Respirations are unlabored

## Heart Rate

Heart rate is regular

## Extremities

No clubbing, cyanosis, or edema.

## Medications
**Patient's current medications include**
FLEXERIL TABS (CYCLOBENZAPRINE HCL TABS)  [BMN]
LORCET PLUS TABS (HYDROCODONE-ACETAMINOPHEN TABS)  [BMN]

## Lumbar Inspection:

### Posture

Normal thoraco-lumbar posture noted.

### Palpation:

**Right**
Tender to palpation over the lumbar paraspinals.
Tender to palpation over the multifidus.
Non-tender to palpation over the lumbar paraspinals.

**Left**
Tender to palpation over the lumbar paraspinals.
Tender to palpation over the multifidus.
Non-tender to palpation over the sacroiliac joint.
Non-tender to palpation over the sciatic notch.

**Lake Charles Medical Surgical Clinic**
501 S. Ryan Street   Lake Charles, LA  70601
(337) 433-8400  Fax:

*September 18, 2012*
*Page 3*
Chart Document

**Rex Allison**
Male  DOB: ████/1955                    875797

**Lumbar Range of Motion:**
**Forward Flexion:** mildly restricted
**Right side bend:** within normal limits
**Right rot/extension:** mildly restricted
**Hyperextension:** within normal limits
**Left side bend:** within normal limits
**Left rot/extension:** mildly restriced

**Testing**

**Right**
The patient has a positive seated straight leg raise.
The patient has a negative supine straight leg raise.

**Testing**

**Left**
The patient has a positive seated straight leg raise.
The patient has a negative supine straight leg raise.

**Lumbar Reflexes**

**Right**
Patellar tendon reflexes are  2+
Achilles tendon reflexes are  1+

**Left**
Patellar tendon reflexes are 2+
Achilles tendon reflexes are 1+

**Sensory Exam**

**Right**
L1 normal
L2 normal
L3 normal
L4 normal
L5 normal
S1 normal

**Left**
L1 normal
L2 normal
L3 normal
L4 normal
L5 normal

**Lake Charles Medical Surgical Clinic**
501 S. Ryan Street   Lake Charles, LA  70601
(337) 433-8400  Fax:

September 18, 2012
Page 4
Chart Document

**Rex Allison**
Male  DOB: ███/1955                    875797

S1 normal

**Motor:**
**Right**
**Hip Flexion: 5/5**
**Knee extension: 5/5**
**Dorsiflexion: 5/5**
**Extensor Hallucis Longus: 5/5**
**Plantar Flexion: 5/5**

**Left**
**Hip Flexion: 5/5**
**Knee Extension: 5/5**
**Dorsiflexion: 5/5**
**Extensor Hallucis Longus: 5/5**
**Plantar Flexion: 5/5**

**Outside Imaging:**
 Patient's MRI was reviewed with him again.  It shows that he does have lumbar facet arthrosis at L4/5 and L5/S1.  He has an annular tear on the right at L5/S1 with mild contact of the exiting L5 nerve root.

**Assessment**
**Problems assessed during this visit include:**
 SPONDYLOSIS WITH MYELOPATHY LUMBAR REGION (ICD-721.42)
 DEGENERATIVE DISC DISEASE; LUMBAR SPINE; WITH MYELOPATHY (ICD-722.73)
 BACK PAIN (ICD-724.5)

**Plan**
New Orders:
Established/Detailed [CPT-99214]

We will repeat the right L5 and S1 TFESI.  This should alleviate any leg pain from the neural compression.  We will see the patient back in 3-4 weeks, after the injection, to evaluate his long term response.

]

**Lake Charles Medical Surgical Clinic**
501 S. Ryan Street   Lake Charles, LA 70601
(337) 433-8400  Fax:

*September 18, 2012*
Page 5
Chart Document

**Rex Allison**
Male  DOB: ████1955                    875797

Signed by Senia T Fontenot NP on 08/20/2012 at 11:50 AM
Signed by Craig G Morton MD on 08/24/2012 at 10:32 AM

---

**08/16/2012 - Append: Recheck lumbar**
**Provider: Senia T Fontenot NP**
**Location of Care: Center For Orthopaedics Imperial Office**

**History of Present Illness**
**Chief complaint:** Back
**Vital Signs**

Patient profile: 57 Years Old Male

**Past Medical History**
None listed.
None.
No pertinent past medical history.

**Surgical History**
None.
No pertinent surgical history

**Family History**
None listed.
none.
Cancer

**Risk Factors**
**Tobacco Use:** never smoker
  **Cigarette packs/day:** does not

**Alcohol use:** none
Drug use: none

**Social History**
The patient is married.  The patient does not use tobacco products.  The patient does use alcohol products.

**Active Medications Prior to This Update:**
FLEXERIL TABS (CYCLOBENZAPRINE HCL TABS)
LORCET PLUS TABS (HYDROCODONE-ACETAMINOPHEN TABS)
LORCET 10/650 TABS (HYDROCODONE-ACETAMINOPHEN TABS)
FLEXERIL TABS (CYCLOBENZAPRINE HCL TABS)

**Lake Charles Medical Surgical Clinic**
501 S. Ryan Street   Lake Charles, LA  70601
(337) 433-8400  Fax:

September 18, 2012
Page 6
Chart Document

**Rex Allison**
Male  DOB: ████/1955                    875797

**Current Allergies:**
No known allergies

**Review of Systems**
**Musculoskeletal:** Positive for muscle pain, back pain.

**Medications**
**Patient's current medications include**
FLEXERIL TABS (CYCLOBENZAPRINE HCL TABS)  [BMN]
LORCET PLUS TABS (HYDROCODONE-ACETAMINOPHEN TABS)  [BMN]
LORCET 10/650 TABS (HYDROCODONE-ACETAMINOPHEN TABS)  [BMN]
FLEXERIL TABS (CYCLOBENZAPRINE HCL TABS)  [BMN]

**Plan**
New Medications:
LORCET 10/650 TABS (HYDROCODONE-ACETAMINOPHEN TABS)  [BMN]
FLEXERIL TABS (CYCLOBENZAPRINE HCL TABS)  [BMN]

]

**Signed by Senia T Fontenot NP on 08/30/2012 at 3:13 PM**

# Dr. Lynn E. Foret, M.D.

## *OFFICE VISIT*

**PATIENT NAME**: *Rex Allison*                    **DATE**:*07/10/2012*

**CHIEF COMPLAINT**:*Mr. Allison has complaints of lower back pain.*

**HISTORY**:*He is in the office today for follow-up and refill of medications.*

**PLAN**:*They did not approve for him to see Dr. Martin. We are not sure what is going to happen. They have a meeting tomorrow.*

*We will set him up on a PRN basis. I will refill his medications.*

*We need to find out what goes on in the meeting tomorrow. I will see him back in a week to find out what happened.*

*Lynn E. Foret, M.D.*
*LEF/jd*
*DD: 07/10/2012*
*DT: 07/11/2012*

63296

## OFFICE VISIT

**PATIENT NAME**: Rex Allison            **DATE**: 05/29/2012

**CHIEF COMPLAINT:**  Mr. Allison has complaints of back pain.

**HISTORY:**  He is in the office today for follow-up.

**PLAN:**  He had 1 Epidural and an annular tear at 5-1.  He has a broad base disc protrusion on the right side.  He has a lot of right leg pain and a mild effect right L5 nerve root on that level.   Spasm and pain stopped on taking Lorcet and Flexeril.  Neck pain is not quite as bad.  He has some restriction to flexion and extension.   Back pain is very severe today.   MRI done in 2010 showed those changes.

He went to therapy for a while.  It didn't help him very much.  He saw Dr. Craig Martin for an Epidural injection in February 2012.  Workman's Comp would not pay for another one but they need to because the only way he is going to get better is with a series of Epidurals.  He needs 2 more to get better.  He has a lot of back spasm and pain, positive straight leg raising, and weak EHL.  He has spasm in his lower back area.

**Lynn E. Foret, M.D.**
LEF/jd
**DD:** 05/29/2012
**DT:** 05/31/2012

1

63297

640 Dr. Michael DeBakey Drive     | Lake Charles     | Louisiana  70601     | Tel:
337.562.1000     | Fax:  337.439.8829

# Dr. Lynn E. Foret, M.D.

32670

## OFFICE VISIT

**PATIENT NAME**: Rex Allison          **DATE**:01/17/2012

**CHIEF COMPLAINT:**Mr. Allison has complaints of lower back pain.

**HISTORY:**He is in the office today for follow-up.

**PLAN:**Yesterday he had an epidural injection by Craig Martin.  He woke up this morning with spasm in his back.  He has back spasm and pain.  I refilled Lorcet.  We're going to see him back in about 2 weeks to see how he is doing then.  He should use a heating pad and no lifting.

*Lynn E. Foret, M.D.*
*LEF/jd*
**DD:** *01/17/2012*
**DT:** *01/20/2012*

# Dr. Lynn E. Foret, M.D.

## OFFICE VISIT

**PATIENT NAME**: *Rex Allison*                    **DATE**:*11/15/2011*

**CHIEF COMPLAINT:***Mr. Allison has complaints of lower back pain and leg pain.*

**HISTORY:***He is in the office today for follow-up.   He needs an epidural injection but it was denied.*

**PLAN:***He has severe lower back pain and will need an epidural injection.  He has severe lower back pain and leg pain.  The epidural injection was denied.  He has cervical pain and restriction of motion. He has marked restriction of motion to his lower back.  He has almost no extension today.  He is on Lorcet.  The stairs are giving him trouble. He will need an epidural injection if he doesn't get any better.*

*Lynn E. Foret, M.D.*
*LEF/jd*
*DD: 04/02/2012*
*DT: 04/04/2012*

# Dr. Lynn E. Foret, M.D.

## OFFICE VISIT

**PATIENT NAME:** Rex Allison                    **DATE:** 10/21/2011

**CHIEF COMPLAINT:** Mr. Allison has complaints of lower back pain and leg pain

**HISTORY:** He is in the office today for follow-up.  He is not doing much better and no changes.

**PLAN:** His back is not doing much better.  There is no change.  He has sciatica and lumbar radiculitis.  He won't be able to function on the job because of the lower back spasm and pain.  He needs epidurals to relieve some of the pain.  There is an annular tear at L5 S1 and a broad base disc protrusion on the right.  Today, he said the left side of his back hurts worse than the right but usually it's his right side that gives him problems.  He is not working at this time.


*Lynn E. Foret, M.D.*
*LEF/jd*
**DD:** 04/02/2012
**DT:** 04/04/2012

**Center For Orthopaedics Imperial Office**
1747 Imperial Boulevard   Lake Charles, LA  70605
(337) 721-7236  Fax: (337) 721-7237

March 5, 2012
Page 1
Chart Document

**Rex Allison**
Male  DOB: ████1955                        875797

**03/02/2012 - Office Visit: Recheck lumbar**
Provider: Craig G Morton MD
Location of Care: Center For Orthopaedics Imperial Office

**Chief Complaint** Back pain
**HPI** She presents for followup status post right L5 and S1 TFESI. He notes significant improvement the day of the injection and his pain gradually returned. Overall he obtained 10% relief. Current pain as a 6/10 dull aching right greater than left low back buttock pain that goes down the right leg. He is not having as much pain past his knee.

## General Exam

Patient is well developed/well nourished in no acute distress.

## Skin

Skin is warm and dry with good turgor.

## Respirations

Respirations are unlabored

## Heart Rate

Heart rate is regular

## Extremities

No clubbing, cyanosis, or edema.

## Past Medical History
Patient's past medical history includes None.

## Past Surgical History
The patient's previous surgeries include None.

## Family History
Patient's past family history includes none.

The patient is married
The patient currently does not use tobacco products. The patient currently consumes no alcohol
The patient states they currently do not use recreational drugs.

## Review of Systems

**Center For Orthopaedics Imperial Office**
1747 Imperial Boulevard   Lake Charles, LA  70605
(337) 721-7236  Fax: (337) 721-7237

March 5, 2012
Page 2
Chart Document

**Rex Allison**
Male  DOB: ▬1955                    875797

**Constitutional:** Denies fever, chills.
**Gastrointestinal:** Denies vomiting, bloody stool, loss of bowel control.
**Genitourinary:** Denies loss of bladder control.
**Neurological:** Complains of numbness, tingling.

## Medications
Patient's current medications include
FLEXERIL TABS (CYCLOBENZAPRINE HCL TABS)  [BMN]
LORCET PLUS TABS (HYDROCODONE-ACETAMINOPHEN TABS)  [BMN]

## Lumbar Inspection:

## Posture

Normal thoraco-lumbar posture noted.

## Palpation:

**Right**
Tender to palpation over the lumbar paraspinals.
Tender to palpation over the multifidus.
Non-tender to palpation over the lumbar paraspinals.

**Left**
Tender to palpation over the lumbar paraspinals.
Tender to palpation over the multifidus.
Non-tender to palpation over the sacroiliac joint.
Non-tender to palpation over the sciatic notch.

## Lumbar Range of Motion:
**Forward Flexion:** mildly restricted
**Right side bend:** within normal limits
**Right rot/extension:** mildly restricted
**Hyperextension:** within normal limits
**Left side bend:** within normal limits
**Left rot/extension:** mildly restriced

## Testing

**Right**
The patient has a positive seated straight leg raise.
The patient has a negative supine straight leg raise.

**Center For Orthopaedics Imperial Office**
1747 Imperial Boulevard   Lake Charles, LA 70605
(337) 721-7236  Fax: (337) 721-7237

March 5, 2012
Page 3
Chart Document

**Rex Allison**
Male  DOB: ████1955                         875797


## Testing

### Left
The patient has a positive seated straight leg raise.
The patient has a negative supine straight leg raise.

## Lumbar Reflexes

### Right
Patellar tendon reflexes are  2+
Achilles tendon reflexes are  1+

### Left
Patellar tendon reflexes are 2+
Achilles tendon reflexes are 1+

## Sensory Exam

### Right
L1 normal
L2 normal
L3 normal
L4 normal
L5 normal
S1 normal

### Left
L1 normal
L2 normal
L3 normal
L4 normal
L5 normal
S1 normal

## Motor:
### Right
Hip Flexion: 5/5
Knee extension: 5/5
Dorsiflexion: 5/5
Extensor Hallucis Longus: 5/5
Plantar Flexion: 5/5

### Left
Hip Flexion: 5/5
Knee Extension: 5/5
Dorsiflexion: 5/5

**Center For Orthopaedics Imperial Office**
1747 Imperial Boulevard   Lake Charles, LA  70605
: (337) 721-7236  Fax: (337) 721-7237

March 5, 2012
Page 4
Chart Document

**Rex Allison**
Male  DOB: ▮▮▮1955                    875797

**Extensor Hallucis Longus:** 5/5
**Plantar Flexion:** 5/5

**Assessment**
Problems assessed during this visit include:
SPONDYLOSIS WITH MYELOPATHY LUMBAR REGION (ICD-721.42)
DEGENERATIVE DISC DISEASE; LUMBAR SPINE; WITH MYELOPATHY (ICD-722.73)
BACK PAIN (ICD-724.5)

**Plan**
· New Orders:
Established/Detailed [CPT-99214]

Patient has the return of right low back and leg pain. He has moderate decreased lumbar range of motion and very tender. We are going to repeat the right L5 and S1 TFESI as this did provide a fair amount of relief for the duration of the anesthetic. I would like him to go to physical therapy to try and improve his range of motion and core strength. If his back pain fails to improve we can consider facet injections

]

Signed by Craig G Morton MD on 03/02/2012 at 8:29 AM

# Dr. Lynn E. Foret, M.D.

## OFFICE VISIT

**PATIENT NAME:** Rex Allison                    **DATE:** 05/03/2011

**CHIEF COMPLAINT:** Mr. Allison is a 56-year-old male with complaints of neck and back pain.

**HISTORY:** He was involved in a work related accident which occurred on 09/27/2010. He was jumping from a barge into a boat. Swinging on a rope he dropped down about six feet. He is currently not working.

**PLAN:** His lower back pain continues. He previously completed three months of physical therapy. He states physical therapy did not help him too much. He continues to do exercises at home. Review of MRI shows at L5-S1 there is disc bulging in addition to a disc annular tear at the central zone. Broad based disc protrusion of the right subarticular/foraminal zone exhibits mild mass effect upon the exiting right L5 nerve root. There is mild left sided subarticular/foraminal stenosis. He is experiencing bilateral lag and bilateral back pain. He has restriction of motion with flexion and extension noted to area today. He has pathology in his lower back area. He has positive straight leg raises. At L5 he has dermatome patterns noted in his lower legs; both legs are affected about the same though. He has spasms in the lower back area. We are going to set him up for lumbar epidural steroid injection with Dr. Craig Morton. I refilled some Lorcet for him. I want him to return to office for follow up to see how he is doing.


Lynn E. Foret, M.D.
LEF/ag
DD: 05/03/2011
DT: 05/09/2011

---

640 Dr. Michael DeBakey Drive    | Lake Charles    | Louisiana 70601    | Tel: 337.562.1000    | Fax: 337.439.8829

DATE:  07/02/2018
TIME:  09:05 am

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 07/02/2018

For Claim Number 160031

Claimant Allison Sr, Rex

REPORT:  CL150R
PAGE       1
OF        11

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|---|---|---|---|---|---|---|
| 10/05/10 | 9001-0 | DRUGS | $35.97 | 09/27/10 | 09/27/10 | 3983275 |
| 10/13/10 | 36757-0 | COMPLETE OCCUPATIONAL HEALTH SERVICES | $79.00 | 09/27/10 | 09/27/10 | 3986398 |
| 10/25/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $175.32 | 10/07/10 | 10/14/10 | 3988774 |
| 10/27/10 | 33406-4 | DRUMWRIGHT, BONNIE R. | $109.80 | 10/05/10 | 10/05/10 | 3990231 |
| 10/27/10 | 10430-2 | FORET, LYNN E. | $126.00 | 10/12/10 | 10/12/10 | 3990188 |
| 10/27/10 | 38356-2 | RIVERO, JOSE | $33.00 | 09/27/10 | 09/27/10 | 3990007 |
| 10/27/10 | 25690-1 | LADY OF THE SEA GENERAL HOSPITAL | $336.72 | 09/27/10 | 09/27/10 | 3990234 |
| 10/31/10 | 10008-1 | MATHERNE, BRIAN,MD J. | $83.66 | 09/28/10 | 09/28/10 | 3990661 |
| 11/08/10 | 25690-1 | LADY OF THE SEA GENERAL HOSPITAL | $102.60 | 09/27/10 | 09/27/10 | 3992800 |
| 11/16/10 | 10430-2 | FORET, LYNN E. | $61.20 | 11/02/10 | 11/02/10 | 3994925 |
| 11/17/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $18.62 | 11/02/10 | 11/02/10 | 3996200 |
| 11/19/10 | 35745-0 | SOUTH RYAN MRI LLC | $892.00 | 10/29/10 | 10/29/10 | 3996658 |
| 11/19/10 | 10783-8 | OLSAN, ADAM D. | $159.00 | 10/29/10 | 10/29/10 | 3996619 |
| 11/24/10 | 9001-0 | DRUGS | $22.47 | 09/28/10 | 09/28/10 | 3998224 |
| 12/02/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $18.62 | 11/17/10 | 11/20/10 | 3999811 |
| 12/15/10 | 36948-1 | ADAMS, JASON W. | $122.00 | 11/23/10 | 11/23/10 | 4003188 |
| 12/17/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $9.14 | 12/02/10 | 12/02/10 | 4003467 |
| 12/17/10 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $181.92 | 10/05/10 | 12/15/10 | 4003578 |
| 01/03/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $18.28 | 12/17/10 | 12/29/10 | 4006981 |
| 01/04/11 | 36948-1 | ADAMS, JASON W. | $163.00 | 11/30/10 | 11/30/10 | 4007253 |
| 01/04/11 | 36948-1 | ADAMS, JASON W. | $155.00 | 12/01/10 | 12/01/10 | 4007253 |
| 01/04/11 | 36948-1 | ADAMS, JASON W. | $147.00 | 12/02/10 | 12/02/10 | 4007253 |
| 01/04/11 | 36948-1 | ADAMS, JASON W. | $147.00 | 12/06/10 | 12/06/10 | 4007253 |
| 01/11/11 | 36948-1 | ADAMS, JASON W. | $147.00 | 12/09/10 | 12/09/10 | 4009331 |
| 01/11/11 | 36948-1 | ADAMS, JASON W. | $147.00 | 12/10/10 | 12/10/10 | 4009331 |
| 01/14/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 12/14/10 | 12/14/10 | 4010923 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 07/02/2018
TIME: 09:05 am

## LOUISIANA WORKERS' COMPENSATION CORPORATION
### Claim Payments Report
For Payment Dates 10/01/1992 Through 07/02/2018

For Claim Number 160031

Claimant Allison Sr, Rex

## Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|---|---|---|---|---|---|---|
| 01/14/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 12/15/10 | 12/15/10 | 4010923 |
| 01/14/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 12/16/10 | 12/16/10 | 4010923 |
| 01/17/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $10.63 | 01/13/11 | 01/13/11 | 4011153 |
| 01/18/11 | 36948-1 | ADAMS, JASON W. | $170.00 | 12/20/10 | 12/20/10 | 4011359 |
| 01/18/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 12/21/10 | 12/21/10 | 4011359 |
| 01/19/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $144.00 | 01/19/11 | 01/19/11 | 4012597 |
| 01/19/11 | 30480-0 | R & R REHABILITATION SERVICES LLC | $849.75 | 10/13/10 | 10/13/10 | 4012572 |
| 01/28/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 01/03/11 | 01/03/11 | 4014885 |
| 02/02/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $16.08 | 01/19/11 | 01/19/11 | 4016478 |
| 02/03/11 | 36948-1 | ADAMS, JASON W. | $186.00 | 01/06/11 | 01/06/11 | 4016605 |
| 02/04/11 | 36948-1 | ADAMS, JASON W. | $170.00 | 01/11/11 | 01/11/11 | 4016809 |
| 02/10/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 01/12/11 | 01/12/11 | 4018588 |
| 02/10/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 01/14/11 | 01/14/11 | 4018588 |
| 02/10/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 01/17/11 | 01/17/11 | 4018588 |
| 02/14/11 | 10430-2 | FORET, LYNN E. | $61.20 | 01/19/11 | 01/19/11 | 4018838 |
| 02/18/11 | 36948-1 | ADAMS, JASON W. | $186.00 | 01/19/11 | 01/19/11 | 4020740 |
| 02/18/11 | 36948-1 | ADAMS, JASON W. | $186.00 | 01/21/11 | 01/21/11 | 4020740 |
| 02/18/11 | 36948-1 | ADAMS, JASON W. | $186.00 | 01/24/11 | 01/24/11 | 4020740 |
| 02/21/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $348.48 | 01/21/11 | 02/17/11 | 4020995 |
| 02/25/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/01/11 | 02/01/11 | 4022526 |
| 03/03/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $9.14 | 02/16/11 | 02/16/11 | 4024268 |
| 03/04/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/02/11 | 02/02/11 | 4024395 |
| 03/04/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/03/11 | 02/03/11 | 4024395 |
| 03/04/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/07/11 | 02/07/11 | 4024395 |
| 03/08/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/08/11 | 02/08/11 | 4024696 |
| 03/08/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/10/11 | 02/10/11 | 4024696 |

* denotes a canceled transaction, and is not included in the total calculations

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 07/02/2018

For Claim Number 160031

Claimant Allison Sr, Rex

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|---|---|---|---|---|---|---|
| 03/21/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $33.66 | 03/02/11 | 03/10/11 | 4028245 |
| 03/22/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $126.72 | 02/21/11 | 03/02/11 | 4028522 |
| 03/22/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/17/11 | 02/17/11 | 4028421 |
| 03/22/11 | 36948-1 | ADAMS, JASON W. | $170.00 | 02/15/11 | 02/15/11 | 4028421 |
| 03/25/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/21/11 | 02/21/11 | 4029881 |
| 04/01/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/14/11 | 02/14/11 | 4031676 |
| 04/01/11 | 36948-1 | ADAMS, JASON W. | $178.00 | 02/28/11 | 02/28/11 | 4031676 |
| 04/05/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $23.03 | 03/26/11 | 03/26/11 | 4032144 |
| 04/05/11 | 10430-2 | FORET, LYNN E. | $149.40 | 03/02/11 | 03/02/11 | 4032019 |
| 04/14/11 | 10430-2 | FORET, LYNN E. | $50.00 | 04/08/11 | 04/08/11 | 4035189 |
| 05/02/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $33.66 | 04/16/11 | 04/29/11 | 4039112 |
| 05/19/11 | 10792-15 | PERRY, JAMES D. | $1,750.00 | 06/13/11 | 06/13/11 | 4044152 |
| 05/19/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $11.45 | 05/06/11 | 05/06/11 | 4044127 |
| 05/19/11 | 10430-2 | FORET, LYNN E. | $94.50 | 05/03/11 | 05/03/11 | 4043970 |
| 06/06/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $11.45 | 05/18/11 | 05/18/11 | 4048115 |
| 06/20/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $32.24 | 06/01/11 | 06/14/11 | 4052156 |
| 07/05/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $11.01 | 06/27/11 | 06/27/11 | 4055957 |
| 07/21/11 | 10792-15 | PERRY, JAMES D. | $72.00 | 06/13/11 | 06/13/11 | 4060863 |
| 08/10/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $22.35 | 07/18/11 | 07/18/11 | 4066006 |
| 08/22/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $35.57 | 08/09/11 | 08/09/11 | 4068403 |
| 08/22/11 | 10430-2 | FORET, LYNN E. | $61.20 | 08/09/11 | 08/09/11 | 4068250 |
| 08/24/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $79.74 | 05/03/11 | 08/09/11 | 4069764 |
| 08/24/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $104.28 | 10/07/10 | 08/09/11 | 4069764 |
| 09/06/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $16.27 | 08/23/11 | 08/23/11 | 4072294 |
| 09/23/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $35.57 | 09/06/11 | 09/06/11 | 4077518 |
| 10/04/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $16.27 | 09/21/11 | 09/21/11 | 4079742 |

* denotes a canceled transaction, and is not included in the total calculations

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 07/02/2018

For Claim Number 160031

Claimant Allison Sr, Rex

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|---|---|---|---|---|---|---|
| 10/19/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $35.57 | 10/05/11 | 10/05/11 | 4084774 |
| 11/02/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $16.27 | 10/21/11 | 10/21/11 | 4088696 |
| 11/08/11 | 10430-0 | FORET, LYNN E., MD, APMC | $250.00 | 11/15/11 | 11/15/11 | 4089639 |
| 11/17/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $16.27 | 11/07/11 | 11/07/11 | 4092839 |
| 12/02/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $35.57 | 11/21/11 | 11/28/11 | 4096341 |
| 12/07/11 | 30480-0 | R & R REHABILITATION SERVICES LLC | $1,393.27 | 10/07/11 | 11/15/11 | 4097869 |
| 12/22/11 | 10430-0 | FORET, LYNN E., MD, APMC | $250.00 | 01/17/12 | 01/17/12 | 4101728 |
| 01/05/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $16.27 | 12/19/11 | 12/19/11 | 4104504 |
| 01/17/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $35.57 | 01/03/12 | 01/03/12 | 4106859 |
| 01/20/12 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $521.22 | 08/23/11 | 01/18/12 | 4108146 |
| 01/26/12 | 10792-18 | MORTON, CRAIG | $72.00 | 12/15/11 | 12/15/11 | 4109760 |
| 02/02/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $32.54 | 01/18/12 | 01/31/12 | 4111826 |
| 02/02/12 | 10792-18 | MORTON, CRAIG | $343.00 | 01/16/12 | 01/16/12 | 4111786 |
| 02/03/12 | 29865-0 | REHABILITATION & VOCATIONAL CONSULTANTS | $664.62 | 01/17/12 | 01/17/12 | 4112019 |
| 02/07/12 | 10430-2 | FORET, LYNN E. | $94.50 | 01/17/12 | 01/17/12 | 4112286 |
| 02/17/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $30.89 | 02/02/12 | 02/15/12 | 4115539 |
| 02/27/12 | 10430-2 | FORET, LYNN E. | $94.50 | 02/10/12 | 02/10/12 | 4117529 |
| 02/27/12 | 10430-2 | FORET, LYNN E. | $61.20 | 02/14/12 | 02/14/12 | 4117529 |
| 03/01/12 | 40701-0 | IMPERIAL CALCASIEU SUGICAL CENTER | $1,403.64 | 01/16/12 | 01/16/12 | 4118949 |
| 03/06/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $11.59 | 02/22/12 | 02/22/12 | 4119427 |
| 03/15/12 | 10792-18 | MORTON, CRAIG | $109.00 | 03/02/12 | 03/02/12 | 4122305 |
| 03/16/12 | 35064-0 | SURGICAL ANESTHESIA OF BATON ROUGE LLC | $300.00 | 01/16/12 | 01/16/12 | 4122609 |
| 03/20/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $24.18 | 03/01/12 | 03/10/12 | 4123043 |
| 04/02/12 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $423.30 | 02/03/12 | 03/21/12 | 4126278 |
| 04/03/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $31.39 | 03/21/12 | 03/21/12 | 4126465 |
| 04/10/12 | 29865-0 | REHABILITATION & VOCATIONAL CONSULTANTS | $959.41 | 03/16/12 | 03/16/12 | 4128106 |

* denotes a canceled transaction, and is not included in the total calculations

Case 2:10-md-02179-CJB-DPC   Document 25047-2   Filed 10/11/18   Page 131 of 138

DATE: 07/02/2018

TIME: 09:05 am

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 07/02/2018

For Claim Number 160031

Claimant Allison Sr, Rex

REPORT: CL150R

PAGE 5

OF 11

Medical Payments

| Pymt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|---------|--------|-------------|-------------|---------|---------|----------|
| 04/13/12 | 36948-1 | ADAMS, JASON W. | $428.00 | 03/09/12 | 03/14/12 | 4129433 |
| 04/13/12 | 36948-1 | ADAMS, JASON W. | $147.00 | 03/16/12 | 03/16/12 | 4129433 |
| 04/13/12 | 10430-2 | FORET, LYNN E. | $61.20 | 10/21/11 | 10/21/11 | 4129362 |
| 04/13/12 | 10430-2 | FORET, LYNN E. | $61.20 | 11/15/11 | 11/15/11 | 4129362 |
| 04/17/12 | 36948-1 | ADAMS, JASON W. | $147.00 | 03/20/12 | 03/20/12 | 4129796 |
| 04/17/12 | 36948-1 | ADAMS, JASON W. | $147.00 | 03/21/12 | 03/21/12 | 4129796 |
| 04/19/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $12.09 | 04/05/12 | 04/05/12 | 4131008 |
| 04/20/12 | 36948-0 | LAKE PHYSICAL THERAPY LLC | $147.00 | 03/23/12 | 03/23/12 | 4131077 |
| 04/20/12 | 36948-7 | KEIGLEY, JASON T. | $139.00 | 03/27/12 | 03/27/12 | 4131074 |
| 04/27/12 | 36948-7 | KEIGLEY, JASON T. | $278.00 | 03/29/12 | 03/30/12 | 4132883 |
| 05/01/12 | 36948-7 | KEIGLEY, JASON T. | $286.00 | 04/03/12 | 04/05/12 | 4133227 |
| 05/03/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $11.71 | 04/16/12 | 04/16/12 | 4134565 |
| 05/14/12 | 36948-7 | KEIGLEY, JASON T. | $139.00 | 04/17/12 | 04/17/12 | 4136556 |
| 05/14/12 | 36948-7 | KEIGLEY, JASON T. | $139.00 | 04/19/12 | 04/19/12 | 4136556 |
| 05/14/12 | 36948-7 | KEIGLEY, JASON T. | $147.00 | 04/18/12 | 04/18/12 | 4136556 |
| 05/18/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $12.16 | 05/03/12 | 05/03/12 | 4138223 |
| 05/18/12 | 36948-7 | KEIGLEY, JASON T. | $139.00 | 04/24/12 | 04/24/12 | 4138122 |
| 05/18/12 | 36948-7 | KEIGLEY, JASON T. | $170.00 | 04/26/12 | 04/26/12 | 4138122 |
| 05/29/12 | 36948-7 | KEIGLEY, JASON T. | $178.00 | 05/01/12 | 05/01/12 | 4140039 |
| 05/29/12 | 36948-7 | KEIGLEY, JASON T. | $178.00 | 04/25/12 | 04/25/12 | 4140039 |
| 05/29/12 | 36948-7 | KEIGLEY, JASON T. | $178.00 | 05/02/12 | 05/02/12 | 4140039 |
| 05/30/12 | 36948-7 | KEIGLEY, JASON T. | $178.00 | 05/04/12 | 05/04/12 | 4141066 |
| 05/31/12 | 36948-7 | KEIGLEY, JASON T. | $139.00 | 05/08/12 | 05/08/12 | 4141244 |
| 06/06/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $52.29 | 05/29/12 | 05/29/12 | 4142996 |
| 06/08/12 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $462.06 | 03/22/12 | 04/26/12 | 4143331 |
| 06/08/12 | 10430-2 | FORET, LYNN E. | $94.50 | 05/29/12 | 05/29/12 | 4143226 |

* denotes a canceled transaction, and is not included in the total calculations

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 07/02/2018

For Claim Number 160031

Claimant Allison Sr, Rex

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|----------|--------|-------------|-------------|---------|---------|----------|
| 07/05/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $52.29 | 06/19/12 | 06/26/12 | 4149942 |
| 07/17/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $77.39 | 07/11/12 | 07/11/12 | 4152290 |
| 07/23/12 | 10430-2 | FORET, LYNN E. | $94.50 | 07/10/12 | 07/10/12 | 4153702 |
| 07/26/12 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $379.44 | 05/01/12 | 07/24/12 | 4155197 |
| 08/08/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $49.54 | 07/24/12 | 07/24/12 | 4158529 |
| 09/10/12 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $185.64 | 08/13/12 | 09/10/12 | 4165324 |
| 09/26/12 | 29865-0 | REHABILITATION & VOCATIONAL CONSULTANTS | $840.16 | 08/06/12 | 09/06/12 | 4170130 |
| 09/27/12 | 10792-18 | MORTON, CRAIG | $105.00 | 08/16/12 | 08/16/12 | 4170169 |
| 10/02/12 | 10792-15 | PERRY, JAMES D. | $1,750.00 | 10/22/12 | 10/22/12 | 4170776 |
| 10/26/12 | 42346-0 | HEALTH E SYSTEMS | $201.08 | 09/06/12 | 09/06/12 | 4177380 |
| 10/26/12 | 42346-0 | HEALTH E SYSTEMS | $57.91 | 09/10/12 | 09/10/12 | 4177380 |
| 10/26/12 | 42346-0 | HEALTH E SYSTEMS | $81.23 | 09/21/12 | 09/21/12 | 4177380 |
| 11/12/12 | 10430-0 | FORET, LYNN E., MD, APMC | $250.00 | 12/03/12 | 12/03/12 | 4180984 |
| 12/18/12 | 19518-0 | PHARMACY ASSOCIATES, INC. | $4.03 | 10/07/10 | 12/19/11 | 12859A |
| 12/18/12 | 40701-0 | IMPERIAL CALCASIEU SUGICAL CENTER | $302.72 | 12/03/12 | 12/03/12 | 240576A |
| 01/17/13 | 10430-0 | FORET, LYNN E., MD, APMC | $250.00 | 02/26/13 | 02/26/13 | 4196519 |
| 03/21/13 | 29865-0 | REHABILITATION & VOCATIONAL CONSULTANTS | $1,454.82 | 10/31/12 | 02/26/13 | 4211159 |
| 03/28/13 | 29865-0 | REHABILITATION & VOCATIONAL CONSULTANTS | $380.49 | 03/14/13 | 03/14/13 | 4212761 |
| 05/10/13 | 39305-0 | PACIFIC LIFE & ANNUITY SERVICES INC | $77,401.00 | 05/08/13 | 05/08/13 | 4221863 |
| 05/10/13 | 9011-0 | LUMP SUM SETTLEMENT | $26,096.00 | 05/08/13 | 05/08/13 | 4221867 |

TOTAL: $133,469.19

* denotes a canceled transaction, and is not included in the total calculations

Case 2:10-md-02179-CJB-DPC   Document 25047-2   Filed 10/11/18   Page 133 of 138

DATE: 07/02/2018                                                          REPORT: CL150R
TIME: 09:05 am                                                            PAGE   7

LOUISIANA WORKERS' COMPENSATION CORPORATION                               OF     11

Claim Payments Report
For Payment Dates 10/01/1992 Through 07/02/2018
For Claim Number 160031
Claimant Allison Sr, Rex

Indemnity Payments

| Payment Date | Comp Code | Type Comp | From Date | Thru Date | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 11/16/2010 | TT | INITIAL | 09/28/2010 | 11/17/2010 | 51 | $4,218.43 | $0.00 | $4,218.43 | 3996088 |
| 11/23/2010 | TT | REGULAR | 11/18/2010 | 11/26/2010 | 9 | $744.43 | $0.00 | $744.43 | 3997823 |
| 11/30/2010 | TT | REGULAR | 11/27/2010 | 12/03/2010 | 7 | $579.00 | $0.00 | $579.00 | 3999289 |
| 12/07/2010 | TT | REGULAR | 12/04/2010 | 12/10/2010 | 7 | $579.00 | $0.00 | $579.00 | 4000995 |
| 12/14/2010 | TT | REGULAR | 12/11/2010 | 12/17/2010 | 7 | $579.00 | $0.00 | $579.00 | 4002865 |
| 12/20/2010 | TT | REGULAR | 12/18/2010 | 12/24/2010 | 7 | $579.00 | $0.00 | $579.00 | 4004492 |
| 12/27/2010 | TT | REGULAR | 12/25/2010 | 12/31/2010 | 7 | $579.00 | $0.00 | $579.00 | 4006088 |
| 01/04/2011 | TT | REGULAR | 01/01/2011 | 01/07/2011 | 7 | $579.00 | $0.00 | $579.00 | 4007994 |
| 01/11/2011 | TT | REGULAR | 01/08/2011 | 01/14/2011 | 7 | $579.00 | $0.00 | $579.00 | 4010083 |
| 01/18/2011 | TT | REGULAR | 01/15/2011 | 01/21/2011 | 7 | $579.00 | $0.00 | $579.00 | 4012155 |
| 01/25/2011 | TT | REGULAR | 01/22/2011 | 01/28/2011 | 7 | $579.00 | $0.00 | $579.00 | 4014004 |
| 02/01/2011 | TT | REGULAR | 01/29/2011 | 02/04/2011 | 7 | $579.00 | $0.00 | $579.00 | 4016095 |
| 02/08/2011 | TT | REGULAR | 02/05/2011 | 02/11/2011 | 7 | $579.00 | $0.00 | $579.00 | 4017992 |
| 02/15/2011 | TT | REGULAR | 02/12/2011 | 02/18/2011 | 7 | $579.00 | $0.00 | $579.00 | 4019854 |
| 02/22/2011 | TT | REGULAR | 02/19/2011 | 02/25/2011 | 7 | $579.00 | $0.00 | $579.00 | 4021811 |
| 03/01/2011 | TT | REGULAR | 02/26/2011 | 03/04/2011 | 7 | $579.00 | $0.00 | $579.00 | 4023653 |
| 03/08/2011 | TT | REGULAR | 03/05/2011 | 03/11/2011 | 7 | $579.00 | $0.00 | $579.00 | 4025405 |
| 03/15/2011 | TT | REGULAR | 03/12/2011 | 03/18/2011 | 7 | $579.00 | $0.00 | $579.00 | 4027250 |
| 03/22/2011 | TT | REGULAR | 03/19/2011 | 03/25/2011 | 7 | $579.00 | $0.00 | $579.00 | 4029120 |
| 03/29/2011 | TT | REGULAR | 03/26/2011 | 04/01/2011 | 7 | $579.00 | $0.00 | $579.00 | 4030868 |
| 04/05/2011 | TT | REGULAR | 04/02/2011 | 04/08/2011 | 7 | $579.00 | $0.00 | $579.00 | 4032823 |
| 04/12/2011 | TT | REGULAR | 04/09/2011 | 04/15/2011 | 7 | $579.00 | $0.00 | $579.00 | 4034573 |
| 04/19/2011 | TT | REGULAR | 04/16/2011 | 04/22/2011 | 7 | $579.00 | $0.00 | $579.00 | 4036414 |
| 04/26/2011 | TT | REGULAR | 04/23/2011 | 04/29/2011 | 7 | $579.00 | $0.00 | $579.00 | 4038193 |
| 05/03/2011 | TT | REGULAR | 04/30/2011 | 05/06/2011 | 7 | $579.00 | $0.00 | $579.00 | 4040039 |
| 05/10/2011 | TT | REGULAR | 05/07/2011 | 05/13/2011 | 7 | $579.00 | $0.00 | $579.00 | 4041823 |
| 05/17/2011 | TT | REGULAR | 05/14/2011 | 05/20/2011 | 7 | $579.00 | $0.00 | $579.00 | 4043456 |
| 05/24/2011 | TT | REGULAR | 05/21/2011 | 05/27/2011 | 7 | $579.00 | $0.00 | $579.00 | 4045274 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 07/02/2018

TIME: 09:05 am

REPORT: CLI150R

PAGE 8

OF 11

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 07/02/2018

For Claim Number 160031

Claimant Allison Sr, Rex

Indemnity Payments

| Payment Date | Comp | Code | From Date | Thru Date | Type Comp | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|---|
| 05/31/2011 | TT | | 05/28/2011 | 06/03/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4047038 |
| 06/07/2011 | TT | | 06/04/2011 | 06/10/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4049066 |
| 06/14/2011 | TT | | 06/11/2011 | 06/17/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4051063 |
| 06/21/2011 | TT | | 06/18/2011 | 06/24/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4053021 |
| 06/28/2011 | TT | | 06/25/2011 | 07/01/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4054996 |
| 07/05/2011 | TT | | 07/02/2011 | 07/08/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4056633 |
| 07/12/2011 | TT | | 07/09/2011 | 07/15/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4058643 |
| 07/19/2011 | TT | | 07/16/2011 | 07/22/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4060366 |
| 07/26/2011 | TT | | 07/23/2011 | 07/29/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4062164 |
| 08/02/2011 | TT | | 07/30/2011 | 08/05/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4063938 |
| 08/09/2011 | TT | | 08/06/2011 | 08/12/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4065605 |
| 08/16/2011 | TT | | 08/13/2011 | 08/19/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4067396 |
| 08/23/2011 | TT | | 08/20/2011 | 08/26/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4069247 |
| 08/30/2011 | TT | | 08/27/2011 | 09/02/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4071252 |
| 09/06/2011 | TT | | 09/03/2011 | 09/09/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4073008 |
| 09/13/2011 | TT | | 09/10/2011 | 09/16/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4074895 |
| 09/20/2011 | TT | | 09/17/2011 | 09/23/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4076698 |
| 09/27/2011 | TT | | 09/24/2011 | 09/30/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4078568 |
| 10/04/2011 | TT | | 10/01/2011 | 10/07/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4080455 |
| 10/11/2011 | TT | | 10/08/2011 | 10/14/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4082490 |
| 10/18/2011 | TT | | 10/15/2011 | 10/21/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4084372 |
| 10/25/2011 | TT | | 10/22/2011 | 10/28/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4086264 |
| 11/01/2011 | TT | | 10/29/2011 | 11/04/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4088228 |
| 11/08/2011 | TT | | 11/05/2011 | 11/11/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4090314 |
| 11/15/2011 | TT | | 11/12/2011 | 11/18/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4092191 |
| 11/22/2011 | TT | | 11/19/2011 | 11/25/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4094058 |
| 11/29/2011 | TT | | 11/26/2011 | 12/02/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4095479 |
| 12/06/2011 | TT | | 12/03/2011 | 12/09/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4097447 |

* denotes a canceled transaction, and is not included in the total calculations

LOUISIANA WORKERS' COMPENSATION CORPORATION

## Claim Payments Report

For Payment Dates 10/01/1992 Through 07/02/2018

For Claim Number 160031

Claimant Allison Sr, Rex

Indemnity Payments

| Payment Date | Comp Code | Comp Code | From Date | Thru Date | Type Comp | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/13/2011 | TT | | 12/10/2011 | 12/16/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4099248 |
| 12/20/2011 | TT | | 12/17/2011 | 12/23/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4101052 |
| 12/27/2011 | TT | | 12/24/2011 | 12/30/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4102562 |
| 01/03/2012 | TT | | 12/31/2011 | 01/06/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4103929 |
| 01/10/2012 | TT | | 01/07/2012 | 01/13/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4105759 |
| 01/17/2012 | TT | | 01/14/2012 | 01/20/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4107473 |
| 01/24/2012 | TT | | 01/21/2012 | 01/27/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4109292 |
| 01/31/2012 | TT | | 01/28/2012 | 02/03/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4111141 |
| 02/07/2012 | TT | | 02/04/2012 | 02/10/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4113032 |
| 02/14/2012 | TT | | 02/11/2012 | 02/17/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4114843 |
| 02/28/2012 | TP | | 02/18/2012 | 03/02/2012 | REGULAR | 14 | $1,158.00 | $0.00 | $1,158.00 | 4118409 |
| 03/06/2012 | TP | | 03/03/2012 | 03/09/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4120077 |
| 03/13/2012 | TP | | 03/10/2012 | 03/16/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4121753 |
| 03/20/2012 | TP | | 03/17/2012 | 03/23/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4123665 |
| 03/27/2012 | TP | | 03/24/2012 | 03/30/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4125288 |
| 04/03/2012 | TP | | 03/31/2012 | 04/06/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4127079 |
| 04/10/2012 | TP | | 04/07/2012 | 04/13/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4128711 |
| 04/17/2012 | TP | | 04/14/2012 | 04/20/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4130423 |
| 04/24/2012 | TP | | 04/21/2012 | 04/27/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4132121 |
| 05/01/2012 | TP | | 04/28/2012 | 05/04/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4133908 |
| 05/08/2012 | TP | | 05/05/2012 | 05/11/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4135634 |
| 05/15/2012 | TP | | 05/12/2012 | 05/18/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4137399 |
| 05/22/2012 | TP | | 05/19/2012 | 05/25/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4139189 |
| 05/29/2012 | TP | | 05/26/2012 | 06/01/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4140703 |
| 06/05/2012 | TP | | 06/02/2012 | 06/08/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4142596 |
| 06/12/2012 | TP | | 06/09/2012 | 06/15/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4144271 |
| 06/19/2012 | TP | | 06/16/2012 | 06/22/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4145973 |
| 06/26/2012 | TP | | 06/23/2012 | 06/29/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4147811 |

* denotes a canceled transaction, and is not included in the total calculations

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report
For Payment Dates 10/01/1992 Through 07/02/2018
For Claim Number 160031
Claimant Allison Sr, Rex

Indemnity Payments

| Payment Date | Comp | Code | From Date | Thru Date | Type Comp | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/03/2012 | TP | | 06/30/2012 | 07/06/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4149539 |
| 07/10/2012 | TP | | 07/07/2012 | 07/13/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4151095 |
| 07/17/2012 | TP | | 07/14/2012 | 07/20/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4152877 |
| 07/24/2012 | TP | | 07/21/2012 | 07/27/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4154564 |
| 07/31/2012 | TP | | 07/28/2012 | 08/03/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4156334 |
| 08/07/2012 | TP | | 08/04/2012 | 08/10/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4158056 |
| 08/14/2012 | TP | | 08/11/2012 | 08/17/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4159842 |
| 08/21/2012 | TP | | 08/18/2012 | 08/24/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4161512 |
| 08/27/2012 | TP | | 08/25/2012 | 08/31/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4163085 |
| 09/04/2012 | TP | | 09/01/2012 | 09/07/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4164433 |
| 09/11/2012 | TP | | 09/08/2012 | 09/14/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4166184 |
| 09/18/2012 | TP | | 09/15/2012 | 09/21/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4167956 |
| 09/25/2012 | TP | | 09/22/2012 | 09/28/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4169746 |
| 10/02/2012 | TP | | 09/29/2012 | 10/05/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4171395 |
| 10/09/2012 | TP | | 10/06/2012 | 10/12/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4173194 |
| 10/16/2012 | TP | | 10/13/2012 | 10/19/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4174941 |
| 10/23/2012 | TP | | 10/20/2012 | 10/26/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4176629 |
| 10/30/2012 | TP | | 10/27/2012 | 11/02/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4178259 |
| 11/06/2012 | TP | | 11/03/2012 | 11/09/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4179956 |
| 11/13/2012 | TP | | 11/10/2012 | 11/16/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4181785 |
| 11/20/2012 | TP | | 11/17/2012 | 11/23/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4183426 |
| 11/27/2012 | TP | | 11/24/2012 | 11/30/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4184724 |
| 12/04/2012 | TP | | 12/01/2012 | 12/07/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4186402 |
| 12/11/2012 | TP | | 12/08/2012 | 12/14/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4188045 |
| 12/18/2012 | TP | | 12/15/2012 | 12/21/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4189735 |
| 12/21/2012 | TP | | 12/22/2012 | 12/28/2012 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4191095 |
| 12/31/2012 | TP | | 12/29/2012 | 01/04/2013 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4192554 |
| 01/08/2013 | TP | | 01/05/2013 | 01/11/2013 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4194308 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 07/02/2018

TIME: 09:05 am

REPORT: CL150R

PAGE 11

OF 11

## LOUISIANA WORKERS' COMPENSATION CORPORATION

## Claim Payments Report

For Payment Dates 10/01/1992 Through 07/02/2018

For Claim Number 160031

Claimant Allison Sr, Rex

Indemnity Payments

| Payment Date | Comp Code | Thru Date | Type Comp | From Date | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 01/15/2013 | TP | 01/18/2013 | REGULAR | 01/12/2013 | 7 | $579.00 | $0.00 | $579.00 | 4196003 |
| 01/22/2013 | TP | 01/25/2013 | REGULAR | 01/19/2013 | 7 | $579.00 | $0.00 | $579.00 | 4197497 |
| 01/29/2013 | TP | 02/01/2013 | REGULAR | 01/26/2013 | 7 | $579.00 | $0.00 | $579.00 | 4199123 |
| 02/05/2013 | TP | 02/08/2013 | REGULAR | 02/02/2013 | 7 | $579.00 | $0.00 | $579.00 | 4200874 |
| 02/12/2013 | TP | 02/15/2013 | REGULAR | 02/09/2013 | 7 | $579.00 | $0.00 | $579.00 | 4202517 |
| 02/19/2013 | TP | 02/22/2013 | REGULAR | 02/16/2013 | 7 | $579.00 | $0.00 | $579.00 | 4204187 |
| 02/26/2013 | TP | 03/01/2013 | REGULAR | 02/23/2013 | 7 | $579.00 | $0.00 | $579.00 | 4205664 |
| 03/05/2013 | TP | 03/08/2013 | REGULAR | 03/02/2013 | 7 | $579.00 | $0.00 | $579.00 | 4207434 |
| 03/11/2013 | TP | 03/10/2013 | ONE TIME ONLY | 03/09/2013 | 2 | $165.43 | $0.00 | $165.43 | 4208363 |

TOTALS (excluding canceled transactions denoted by *):     $74,029.29     $0.00     $74,029.29

* denotes a canceled transaction, and is not included in the total calculations