# JOHNSON, RAHMAN & THOMAS

Employees of Louisiana Workers' Compensation Corporation

2237 S. Acadian Thruway | P.O. Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone: (225) 231-0875
Facsimile: (225) 231-0986
Fax Server: (225) 929-5613

July 3, 2018

*Via UPS Next Day Air*

Counsel for BP
**Attn: Mr. J. Andrew Langan**
Kirkland & Ellis LLP
300 N. LaSalle St., Suite 2400
Chicago, IL 60654

*Via UPS Next Day Air*

MDL 2179 Plaintiffs' Steering Committee
**Attn: Mr. Steven J. Herman**
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113

In Re: Oil Spill by the Oil Rig "Deepwater Horizon": in the Gulf of Mexico,
On April 20, 2010
MDL No.      :      10-2179; Section J

Louisiana Workers' Compensation Corporation v. BP, PLC, et al
Civil Action No.:      17-cv-03199

Workers' Compensation Claim of James Arrington
LWCC Claim No.:   163127

Dear Counsel:

In compliance with Pretrial Order No. 66, with respect to the workers' compensation claim of James Arrington, enclosed please find the following documents:

1.  Individual Particularized Statement of Claim;
2.  Joint Petition for Approval of Settlement, Judgment and related documents;
3.  First Report of Injury;
4.  Claim for Compensation filed by injured worker;
5.  Wage records;
6.  Recent medical records; and

Writer's Direct Line: (225) 231-0755 | Writer's Email: djohnson@lwcc.com

Mr. J. Andrew Langan
Mr. Steven Herman
July 3, 2018
Page 2


    7.      Claim payment report.

In total LWCC has paid $158,564.15 to and on behalf of Mr. Arrington as a result of his injuries suffered during the clean-up efforts following the Deepwater Horizon explosion. Louisiana Workers' Compensation Corporation is seeking recovery of all payments made to and on behalf of Mr. Arrington.

I hope this is satisfactory for your needs, however, in the event you have any questions or require any additional information, please do not hesitate to call.

With kind regards, I am

Very truly yours,

David K. Johnson

DKJ/fhj
Enclosures
cc:    Linda Dantin

## EXHIBIT A

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
**Civil Action No. 10-MD-2179-CJB-SS**

## PTO 66 PARTICULARIZED STATEMENT OF CLAIM
## FOR REMAINING B3 PLAINTIFFS

**PLAINTIFF'S FULL NAME:**  Louisiana Workers' Compensation Corporation

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:**  Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity.  If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

## A.    YOUR BACKGROUND INFORMATION

1.    Current address:

Address Line 1:    2237 S. Acadian Thruway

Address Line 2:

City:    Baton Rouge            State:    LA            Zip:    70808

2.    Telephone number:    (225) 924-7788

3.    Maiden or other names used or by which you have been known, and the dates during which you were known by such names:        N/A

4.    Date and Place of Birth:            N/A

5.    Male_____    Female_____

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| N/A | |
| | |
| | |

7. Employment Information:

    A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No _____ If "Yes," when were you out of work and why? _____ N/A _____

**B.     THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.     Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

Yes **X**     No_____     (Indirectly, see attached correspondence)

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

**1.     Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.     Was your cleanup work performed onshore (on land) or offshore (on the water)?

Onshore **X**     Offshore_____     Both_____

11.     Were you hired as part of the Vessels of Opportunity ("VoO") Program?

Yes_____     No **X**

12.     Did you handle hazardous materials as part of your cleanup work?

Yes_____     No_____

13.     Please set forth the following information about your cleanup work:

A.     Your employer(s): *Team Labor Force, LLC*

B.     Your supervisor(s) at the employer(s) identified in Question No. 13(A):

Unknown

C.     A description of the work performed for employer(s) identified in Question No. 13(A): *Cleaning oil off beach*

D.     The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): *See attached wage records*

E.    The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C):_____*none*_____

_____

F.    Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C):_____*unknown*_____

_____

**2.    Residents/Tourists**

14.    Do you allege that you were exposed to oil or chemical dispersants while a ***resident*** of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____    No_____

15.    Do you allege that you were exposed to oil or chemical dispersants while a ***tourist*** in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____    No_____

16.    List all address(es) at which you resided in 2010:_____

_____

**C.    INFORMATION ABOUT YOUR B3 CLAIM**

17.    Are you claiming that you suffered damages from (*Check all that apply*):

_____Bodily injury from exposure to oil and/or dispersants

__X__Bodily injury other than from exposure to oil and/or dispersants

_____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.    EXPOSURE CLAIMS**

18.    Were you exposed to oil, dispersants, or both?

Oil_____          Dispersants_____          Both_____

19.    How were you exposed? (*Check all that apply*)

A.    Inhalation          Yes_____    No_____

B.    Dermal (skin) contact          Yes_____    No_____

C.    Ingestion          Yes_____    No_____

D.    Other (please describe): _____

20.    What was the date(s) of your exposure?

Day: _____    Month: _____    Year: _____

21.    How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

22.    What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

23.    For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

_____

_____

_____

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

_____

_____

_____

25. *For cleanup workers only:* Did you report your exposure to oil and/or dispersants to your direct supervisor?

Yes_____    No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____

_____

_____

## E.    NON-EXPOSURE PERSONAL INJURY CLAIMS

27. For your non-exposure personal injury, please state:

A.    The nature of your injury: *See attached medical records*

B.    The date(s) of your injury: *5/5/2011*

C.    The location(s) of your injury: *Grand Isle, LA*

D.    The work that you were performing when you sustained your injury: _____

*Cleaning oil off beach*

_____

E.    Identify any individual(s) who witnessed your injury: _____

*unknown*

28. Describe in as much detail as possible the circumstance(s) of your injury: _____

*See attached claim for compensation*

*& first report of injury*

_____

**F.** **INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

_See attached medical records_

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

_See attached medical records & claim for compensation_

31. On what date did you first report or seek treatment for your injury or illness:
_5/5/11_

32. On what date was your injury first diagnosed: _5/5/11_

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|------|---------|
|  | _See attached medical & claim_ |
|  | _payment report_ |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| | *see attached medical & claims payment report* |
| | |
| | |
| | |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No _____. If "*Yes*," *Unknown*

    A. When? _____

    B. Who diagnosed the injury (or condition) at that time? _____

        _____

        _____

    C. Who treated the injury (or condition) at that time? _____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes _____ No_____. If "*Yes*,"

    A. What date did you first experience such injury or condition?_____

    B. What injury (or condition) was made worse?_____

        _____

37.    Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|------|---------|
|      | unknown |
|      |         |
|      |         |
|      |         |
|      |         |

38.    Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes __X__    No _____

39.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: _____

_____ recovery of medical expenses + weekly
benefits per attached claim payment report _____

_____

40.    Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes __X__    No _____

If "Yes":

A.    From whom did you receive this compensation or reimbursement? _____

_____ LWCC _____

B.    When did you receive this compensation or reimbursement?_____

_____*See attached claim payment report*

C.    What was the amount of the compensation or reimbursement?_____

_____*See attached claim payment report*

## G.   CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract.)*

41.   Is your claim based on a breach of contract?

     Yes_____    No_____

42.   Was the contract that you claim was breached made as part of the VoO Program?

     Yes_____    No_____

43.   Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.   Describe how the contract was breached:_____

_____

_____

45.   *If you were part of the VoO Program*:  Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.   *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47.   Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that  amount:_____

_____

_____

_____

48.    Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _____July 5_____, 2018

Location (City and State): _____Baton Rouge, La._____


_____
Signature of Plaintiff*

***Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.***

_____Michael Stolt"_____
Print Name

_____SVP/ General Counsel_____
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |



**LOUISIANA WORKFORCE COMMISSION**

8026 Main Street,
Suite 404
Houma, LA 70360

(O) 985-857-3775
800-262-1497
(F) 985-857-3781

Bobby Jindal, Governor
Curt Eysink, Executive Director

**Office of Workers' Compensation Administration**
District 9

January 29, 2013

RECEIVED
JAN 31 2013
LWCC
LEGAL DEPARTMENT

Joseph J. Schilleci
Attorney at Law
2313 North Hullen Street
Metairie, LA 70001

Terrel A. Thomas
Attorney at Law
P.O. Box 98001
Baton Rouge, LA 70898-8001

## NOTICE OF APPROVAL OF SETTLEMENT:

Re:   James Arrington v. Team Labor Force
      Docket #12-01631

TAKE NOTICE:

On January 28, 2013, the Settlement in the above-captioned matter was approved. Enclosed please find a certified copy of the settlement orders.

Judy Chiasson
Administrative Coordinator 4

Enclosures

| Equal Opportunity Employer/Program | Auxiliary aids and services are available upon request to individuals with disabilities • TDD# 800-259-5154 |

www.laworks.net

IN THE MATTER OF:

JAMES ARRINGTON
(SSN       -6351)

DOCKET NO.:  12-01631   DIST. 09

VERSUS

OFFICE OF WORKERS'
COMPENSATION

TEAM LABOR FORCE, LLC.

STATE OF LOUISIANA

## JOINT PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT

The joint petition of Employee, **JAMES ARRINGTON**, of the full age of majority and a resident of the City of St. Rose, Parish of St. Charles, State of Louisiana, sometimes hereinafter referred to as "Employee"; **TEAM LABOR FORCE, LLC**, hereinafter referred to as "**Employer**", and **LOUISIANA WORKERS' COMPENSATION CORPORATION**, a domestic insurance company authorized to do and doing business in the State of Louisiana, hereinafter referred to as "**Insurer**", who respectfully represents:

1.

Availing themselves of the provisions of the laws of Louisiana as set forth in LSA-R.S. 23:1271-1273, all petitioners seek the approval of this Honorable Court to a compromise of the claim for compensation and further show:

2.

On or about May 5, 2011, Employee, James Arrington was employed by Employer, Team Labor Force, LLC, as a technician.  On that date, the Employee contends that he was standing in some thick sand and when he turned to pivot in the sand he felt a pop and pain in his left knee. The Employee received injuries, including but not limited to his left knee as a result of the accident.

2013 JAN 28  AM 10: 44
OWC RECEIVED
HEARINGS

6.

Trial was held on August 24, 2012 before Judge Lanier. Judge Lanier rendered Judgment on October 4, 2012 ordering that the average weekly wage of claimant shall be set at $846.00 with a corresponding compensation rate of $564.00; that the claimant shall be allowed to change his choice of orthopedist from Dr. Jason Higgins to Dr. John Watermeier for medical treatment for the work-related injury as such change is reasonable and medically necessary. All requests for medical treatment from Dr. Watermeier shall be processed under the Louisiana Medical Treatment Guidelines; that the bill of Injured Workers' Pharmacy in the amount of $751.32, and the bill of Advanced Medical Care and Wellness Center in the amount of $632.00 shall be paid by defendants pursuant to the Louisiana Fee Schedule; that claimant is entitled to temporary total disability benefits at the compensation rate of $564.00 per week from January 9, 2012 and continuing in accordance with the Workers' Compensation Act. However, defendants are entitled to a week for week credit against its obligation to pay temporary total disability benefits for any weeks that claimant received unemployment benefits during this temporary total disability period. Counsel for claimant shall submit a request through this Court to determine the date claimant began receiving unemployment compensation benefits; that defendants are not liable for penalties and attorney's fees; and that defendants shall pay all cost of these proceedings and shall pay legal interest on all amounts awarded. All parties request a modification of this previous Order allowing for all parties to enter into this settlement agreement which constitutes a settlement of all claims of workers' compensation benefits past, present or future. The Insurer has satisfied the Judgment rendered by Judge Lanier. (Please see attached a copy of the Judgment).

7.

The Employee contends that he still suffers residual disability as a result of the accident in question.

3

8.

The Employer/Insurer asserts that the settlement amount described below is fair and adequate.

9.

In order to compromise and settle all the disputes existing herein, the Employee, Employer and its Insurer, subject to the approval of the Office of Workers' Compensation, have agreed to pay to the Employee, One Hundred Thousand and No/100 ($100,000.00) Dollars, in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may have or may hereafter acquire against the Employer or Insurer because of anything that may have occurred while Employee was employed by Employer or thereafter and particularly, but not exclusively, because of the injuries claimed to have been sustained by Employee on or about May 5, 2011.

10.

After mutually considering their respective claims and primarily to avoid litigation between them, all of the parties hereto have mutually agreed that a fair and just settlement of their respective rights would  be attained by the payment by Employer and Insurer of the amount of **ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS.**  In exchange for said payment, Employee waives all claims to any and all past, present and/or future medical, rehabilitative, indemnity and workers' compensation benefits, penalties, attorney's fees or benefits of any kind as it relates to any and all claims against Employer and Insurer as a result of said accident or any accident sustained during the course and scope of his employment with Employer.  This payment also is in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may

4

currently have or may in the future acquire against the Employer or Insurer arising from any medical treatment provided to Employee as a result of said accident, whether any condition resulting from the medical treatment is currently known or unknown to Employee or whether any condition resulting from the medical treatment subsequently develops and causes further disability or death of Employee.

All medical bills paid for by Employer and Insurer for treatment rendered to Employee are set forth in the payment screen attached hereto. Pursuant to LA.R.S. 23:1272(E), Employer and Insurer specifically deny any responsibility for any other medical bill of Employee not listed on the attached payment screen with the exception that the Employer and Insurer remain responsible for any previously pre-certified and authorized medical treatment that remains unpaid in accordance with the Fee Schedule.

11.

In settlement of all claims for workers' compensation, James Arrington, agrees to accept and the Employer/Insurer agrees to pay the sum of **ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS.** The Employee understands that with this payment Employer and Insurer are relieved of any further obligations to provide past, present or future workers' compensation benefits of any type.

12.

Employee specifically waives the requirements of LSA-R.S. 23:1271(A)(3) which prohibits settlement within six months of the last medical treatment or temporary disability.

13.

The Employer has been notified of the terms of the settlement and consents thereto.

14.

All parties have agreed to the compromise settlement hereto primarily to avoid litigation, subject to the approval of this Honorable Court, and all petitioners desire that this Honorable Court approve the proposed settlement upon its findings of the same as in substantial accord with the provisions of Title 23, Chapter 10, Revised Statutes of Louisiana. They desire that the judgment herein provide that upon the payment by Employer and Insurer of the amount of **ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS** to Employee, that both

5

Employer and Insurer shall be forever released and relieved from any and all past, present and/or future liability to and claims of Employee of whatsoever nature and kind, arising heretofore, or which may hereafter arise under said statute, growing out of the accident or injuries described hereinabove or any other accident or injury occurring prior to this date.

15.

Employee is represented by counsel, Joseph J. Schilleci, Esq. and further attests and warrants that this settlement has not been procured by duress.

16.

Employee asserts that he has not received Medicare benefits for any medical treatment including treatment for any work injuries as a result of the May 5, 2011 accident in question; that he does not currently have pending an application for Medicare benefits; that he understands that if he does apply for Medicare benefits and submits bills for treatment for the work related injury, these bills may be denied by Medicare; and that to his knowledge, Medicare has not made conditional payments for any medical treatment for any work injuries as a result of the May 5, 2011 accident in question. Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment. In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien. Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee. Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare. Employee understands that Team Labor Force, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

17.

All petitioners show that this settlement is fair and equitable and is made subject to the approval of this Honorable Court.

**WHEREFORE,** the premises considered, petitioners pray that after due consideration of the compromise settlement presented, there be an Order of Approval by this Honorable Court, authorizing the compromise settlement to be made and that all of the parties be authorized to

make the settlement as outlined in full, final and complete settlement of all claims against any parties herein named and approving said settlement and that there be judgment rendered herein dismissing with full prejudice all claims presented by Employee as against Employer, Team Labor Force, LLC and Insurer, Louisiana Workers' Compensation Corporation, their agents, employees, executive officers, representatives and any and all other persons, firms, corporations, partnerships, insurers and parties whomsoever for any and all liability of Employee under the Louisiana Worker's Compensation laws of the State of Louisiana, tort laws or any other laws whatsoever and for all general and equitable relief.

**JAMES ARRINGTON, Employee**

**JOSEPH J. SCHILLECI,** La Bar Roll No. 26501
**Workers' Compensation Injury Law Center, L.L.C.**
2313 North Hullen Street
Metairie, Louisiana 70001
Telephone:     (504) 833-0785
Counsel for Employee, James Arrington

**TERREL A. THOMAS,** Bar Roll No. 26533
**Johnson, Rahman & Thomas**
2237 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone:     (225) 231-0815
Counsel for Employer, Team Labor Force, LLC and Insurer, Louisiana Workers' Compensation Corporation

7

IN THE MATTER OF:

**JAMES ARRINGTON**
(SSN: ⬛⬛⬛6351)

**VERSUS**

**TEAM LABOR FORCE, LLC**

**DOCKET NO.:  12-01631  DIST. 09**

**OFFICE OF WORKERS'
COMPENSATION**

**STATE OF LOUISIANA**

2013 JAN 28  AM 10: 44

OWC RECEIVED
HEARINGS

---

## ORDER OF APPROVAL

**CONSIDERING** the foregoing petition, exhibits and affidavits and having found that a bona-fide dispute exists between the Employee, James Arrington  and with Employer, Team Labor Force, LLC and its Insurer, Louisiana Workers' Compensation Corporation, and being of the opinion that the compromise settlement proposed is fair and equitable and that it is entered into primarily to avoid the litigation and is in substantial accord with the terms of Title 23, Chapter 10, Revised Statutes of Louisiana and that Employee hereby respectfully waives the requirement of LSA-R.S. 23:1271 (A)(3) which provides that six (6) months must lapse after termination of temporary total disability for approval of this settlement, the law and evidence being in favor of petitioners.

**IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment herein in favor of James Arrington and against Team Labor Force, LLC and its Insurer, Louisiana Workers' Compensation Corporation, ordering Employer and Insurer to pay to Employee **ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that upon said payment by Employer/Insurer of **ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS** to Employee, Employer and Insurer, shall be forever released and relieved from all past, present, and future medical expenses, rehabilitative expenses, workers' compensation benefits, and any and all claims of whatsoever nature and kind, arising heretofore or which may

8

hereafter arise under Title 23, Chapter 10, Revised Statutes of Louisiana, growing out of any accident or injury or out of any medical treatment provided as a result of any accident or injury occurring prior to the date of this agreement.

The Employer and Insurer remain responsible for any previously pre-certified and authorized medical treatment that remains unpaid in accordance with the Fee Schedule.

**JUDGMENT READ, RENDERED AND SIGNED** in Houma, Louisiana on this ___28___ day of ___January___, 2013.


_____
**JUDGE, DIST. 09**
**OFFICE OF WORKERS' COMPENSATION**

OWC RECEIVED HEARINGS
2013 JAN 28  AM 10: 44

**TRUE COPY**

BY _____
OFFICE OF WORKERS' COMPENSATION
DISTRICT 9 SOUTHERN DIVISION
1/29/2013

9

**IN THE MATTER OF:**

**JAMES ARRINGTON**
(SSN: ████-6351)

**VERSUS**

**TEAM LABOR FORCE, LLC**

**DOCKET NO.:   12-01631   DIST. 09**

**OFFICE OF WORKERS'
COMPENSATION**

**STATE OF LOUISIANA**

---

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

     **BEFORE ME**, the undersigned authority, personally came and appeared:

     **TERREL A. THOMAS**

who, after being by me first duly sworn, did depose and say:

     She is the attorney for Employer and Insurer in the above and foregoing petition and that all of the allegations of fact therein contained are true and correct, to the best of her knowledge, information and belief.

                       **TERREL A. THOMAS, ESQ.**

**SWORN TO AND SUBSCRIBED** before me, on this _16_ day of _Jan_, 2013.

                  **MARY CROCHET**
             **NOTARY PUBLIC (#010098)**

OWC RECEIVED HEARINGS
2013 JAN 28 AM 10: 44

IN THE MATTER OF:

JAMES ARRINGTON                                  DOCKET NO.:   12-01631   DIST. 09
(SSN: ⬛⬛⬛⬛-6351)

VERSUS                                           OFFICE OF WORKERS'
                                                 COMPENSATION

TEAM LABOR FORCE, LLC                            STATE OF LOUISIANA

---

## <u>RELEASE</u>

STATE OF LOUISIANA

PARISH OF <u>Jefferson</u>

BEFORE ME, the undersigned authority, on this 21 day of January, 2013, personally came and appeared:

### JAMES ARRINGTON,

who, after being duly sworn, declared:

That he does, by these presence, hereby acknowledge that he has this date received from Team Labor Force, LLC and Louisiana Workers' Compensation Corporation, payment in the amount of **ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS.**

Appearer further declares that for and in consideration of the receipt of said payment of **ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS,** he does hereby release, acquit and forever discharge Team Labor Force, LLC and Louisiana Workers' Compensation Corporation, their employees, officers, directors, stockholders, agents and representatives and any and all other persons, firms, corporations (including, but not in any way limiting the same thereto, the officers, directors and stockholders of said corporations), partnerships and parties whomsoever, from any and all past, present and future claims, demands, compensation, medical expenses, costs, expenses, penalties, attorney's fees, damages and any and all causes and rights of action, whatsoever, which he may or might have and to which he may be entitled, known and unknown, anticipated and unanticipated, under the workers'

11

compensation laws of the State of Louisiana, the tort laws, and any and all other laws whatsoever, in any way resulting from and/or to result from the accident which occurred on or about May 5, 2011, or at any time while in the course and scope of his employment with Team Labor Force, LLC.

Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment. In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien. Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee.

This release, on the part of the Employee, shall be a fully binding and complete settlement among the Employee, the Employer and the Insurer, and their heirs, assigns and successors. The Employee agrees to defend, indemnify and hold the Employer and the Insurer harmless from and against all such claims, demands, obligations, actions, causes of action, damages, costs and expenses brought by any third party against Employer and/or Insurer.

**THUS DONE AND SIGNED** on this ___ day of _____, 2013, at _____, Louisiana, in the presence of the undersigned competent witnesses and me, Notary, after a due and complete reading of the whole.

WITNESSES:

_____
Marcia Faneski
(PRINTED NAME)

_____                        JAMES ARRINGTON, Employee

_____
Joseph E. Winsorger
(PRINTED NAME)

_____
NOTARY PUBLIC
Joseph Schilluci  # 26502
(PRINTED NAME & I.D. NO.)

**IN THE MATTER OF:**

**JAMES ARRINGTON**
(SSN: ▇▇▇▇-6351)

**VERSUS**

**TEAM LABOR FORCE, LLC**

**DOCKET NO.:  12-01631   DIST. 09**

**OFFICE OF WORKERS'
COMPENSATION**

**STATE OF LOUISIANA**

---

<u>**AFFIDAVIT OF EMPLOYEE**</u>

**STATE OF LOUISIANA**

**PARISH OF** Jefferson

    **BEFORE ME,** the undersigned Notary, and in the presence of the undersigned, competent witnesses, appeared:

**JAMES ARRINGTON,**

who, first being duly sworn, deposed and said that:

    He is one of the petitioners in the foregoing Joint Petition; that settlement proceedings have been explained to him by his counsel of record, Joseph J. Schilleci, Esq.; that he fully understands the foregoing petition, including all of the attachments thereto, and all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief; that he understands that the settlement he has entered is a full, final and complete settlement and compromise of all the workers' compensation claims he might have against the parties released and that the facts and allegations in the joint petition to settle the compensation claim are true and correct and that he waives the six month requirement of LSA-R.S. 23:1271(A)(3).

2013 JAN 23   PM 12:14

OWC RECEIVED
HEARINGS

13

**SWORN TO AND SUBSCRIBED** before me on this _21st_ day of _January_, 2013, in _Medoire_, Louisiana, in the presence of the undersigned, competent witnesses.

**WITNESSES:**

_Marin Jonsale._

_Marcca Taneski_
(PRINTED NAME)

_Joseph E. Winemeyer_
(PRINTED NAME)

_____
**JAMES ARRINGTON, Employee**

_____
**NOTARY PUBLIC**
_Joseph J. Schillaci # 26502_
(PRINTED NAME & I.D. NO.)

14

IN THE MATTER OF:

JAMES ARRINGTON
(SSN: ██████-6351)

DOCKET NO.: 12-01631   DIST. 09

VERSUS

OFFICE OF WORKERS'
COMPENSATION

TEAM LABOR FORCE, LLC

STATE OF LOUISIANA

---

<u>WAIVER</u>

STATE OF LOUISIANA

PARISH OF Jefferson

BEFORE ME, the undersigned authority, a Notary Public duly commissioned and qualified in and for the Parish aforesaid, State of Louisiana, personally came and appeared:

JAMES ARRINGTON,

who, being first duly sworn, did depose and say:

1.

That he is of the full age of majority residing in the City of St. Rose, Parish of St. Charles, State of Louisiana.

2.

That he was employed by Team Labor Force, LLC, and was so employed when he allegedly suffered a job-related injury by accident on or about May 5, 2011.

3.

That he can read, write and understands the English language.

15

4.

That he has voluntarily entered into a workers' compensation compromise settlement agreement with Team Labor Force, LLC, and Louisiana Workers' Compensation Corporation for injuries arising as a result of the alleged accident on the aforementioned date.

5.

That pursuant to the aforementioned compromise settlement agreement, he has been interpreted the entire text of R.S. 23:1271, specifically noting Subpart A (3).

6.

That affiant fully understands the meaning and text of R.S. 23:1271, specifically noting Subpart A (3), which deals with waiting until the expiration of six months after termination of temporary total disability before entering into a compromise settlement.

7.

Whether or not this provision applies to this matter, he knowingly, intelligently and voluntarily waives his rights pursuant to R.S. 23:1271 Subpart A (3).

**THUS DONE AND SIGNED** on this 21st day of January, 2013, in Metairie, Louisiana.

_____
**JAMES ARRINGTON, Employee**

**SWORN TO AND SUBSCRIBED** before me this 2\[..\] day of Janvery, 2013, in Metairie, Louisiana.

_____
**NOTARY PUBLIC**
Joseph J. Schillei #16502
**(PRINTED NAME & I.D. NO.)**

16

IN THE MATTER OF:

**JAMES ARRINGTON**
(SSN: ██████-6351)

**VERSUS**

**TEAM LABOR FORCE, LLC**

**DOCKET NO.:  12-01631   DIST. 09**

**OFFICE OF WORKERS'
COMPENSATION**

**STATE OF LOUISIANA**

---

## AFFIDAVIT REGARDING MEDICARE BENEFITS

**STATE OF LOUISIANA**

**PARISH OF** _Jefferson_

    **BEFORE ME,** the undersigned authority, personally came and appeared:

**JAMES ARRINGTON**

who, first being duly sworn, did depose and say that:

    He was the Employee of Employer, Team Labor Force, LLC; that he has made a claim for workers' compensation benefits and has been paid workers' compensation benefits by Louisiana Workers' Compensation Corporation on behalf of its insured, Team Labor Force, LLC; that he has not applied for Medicare benefits nor is he receiving Medicare benefits; that he has not applied for nor is he receiving Social Security Disability Insurance Benefits; that he has not received Medicare benefits for any medical treatment including treatment for any work injuries as a result of the May 5, 2011 accident in question; that Medicare has not made any conditional payments for any medical treatment for any work injuries as a result of the May 5, 2011 accident; that he understands that if does submit bills for treatment for the work related injury of May 5, 2011, these bills may be denied by Medicare.

Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment.  In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien.  Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee.

Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare.  Employee understands that Team Labor Force, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

_____
**JAMES ARRINGTON, Employee**

**SWORN TO AND SUBSCRIBED**, before me, this _21st_ day of _January_, 2013.

_____
**NOTARY PUBLIC**
_Joseph J. Schillaci #16503_
**(PRINTED NAME & I.D. NO.)**

18

IN THE MATTER OF:

**JAMES ARRINGTON**
(SSN: ████-6351)

**VERSUS**

**TEAM LABOR FORCE, LLC**

**DOCKET NO.:  12-01631   DIST. 09**

**OFFICE OF WORKERS'
COMPENSATION**

**STATE OF LOUISIANA**

---

## AFFIDAVIT REGARDING MEDICARE BENEFITS

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON**

    **BEFORE ME**, the undersigned authority, personally came and appeared:

_____
        **JOSEPH J. SCHILLECI, ESQ.**

who, first being duly sworn, did depose and say that:

    That he represents **JAMES ARRINGTON**:

    Further, that he has been told by the Employee that he has made a claim for workers' compensation benefits and has been paid workers' compensation benefits by Louisiana Workers' Compensation Corporation on behalf of its insured, Team Labor Force, LLC; that he has not applied for  Medicare benefits nor is he receiving Medicare benefits; that he has applied for nor is he receiving Social Security Disability Insurance Benefits; that he has not received Medicare benefits for any medical treatment including treatment for any work injuries as a result of the May 5, 2011 accident in question; that Medicare has not made any conditional payments for any medical  treatment  for  any  work  injuries  as  a  result  of  the  May 5, 2011 accident; that he

understands that if he does submit bills for treatment for the work related injury of May 5, 2011, these bills may be denied by Medicare.  Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare.  Employee understands that Team Labor Force, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

_____
JOSEPH J. SCHILLECI, ESQ.


SWORN TO AND SUBSCRIBED before me, Notary Public, this _2/st_ day of _J ANUARY_, 2013.


_____
NOTARY PUBLIC

(PRINTED NAME & I.D. NO.)
NOTARY PUBLIC
JOSEPH E. WINDMEYER
BAR No. 13595

20

IN THE MATTER OF:

**JAMES ARRINGTON**
(SSN: ████-6351)

**DOCKET NO.:  12-01631   DIST. 09**

**VERSUS**

**OFFICE OF WORKERS'
COMPENSATION**

**TEAM LABOR FORCE, LLC**

**STATE OF LOUISIANA**

---

### *ATTORNEY'S STATEMENT*

Now comes the undersigned attorney who represents Employee, James Arrington, and he states as follows:

That he has conferred with the Employee with reference to the injuries he received in connection with his employment with the Employer and that he has examined the Joint Petition and the medical reports attached and has conferred with the Employee in detail concerning this settlement and the disputes existing between the Employee and the Employer; further that he has examined all of the documents in connection with this compensation settlement including this Attorney's Statement, Joint Petition, Release of All Claims, Affidavit and Order of Approval; that as a result of his discussion with Employee and his examination of these documents and as a result of his review of the medical reports, he is of the opinion that there is a bona fide and serious dispute existing among the parties and further that Employee is satisfied with the settlement and understands that the settlement he is giving to Employer is for full, final and complete release of all claims he might have against the Employer and other parties being released in the Release of All Claims and both he and Employee agree that the settlement is fair and equitable under the circumstances presented and that the settlement should be approved by the Office of Workers' Compensation.

**THUS READ AND SIGNED** on the ____ day of _____,
2013, in Metairie, Louisiana.


**JOSEPH J. SCHILLECI**, La Bar Roll No. _____
**Workers' Compensation Injury Law Center, L.L.C.**
2313 North Hullen Street
Metairie, Louisiana 70001
Telephone:      (504) 833-0785
Counsel for Employee, James Arrington

22

**IN THE MATTER OF:**

**JAMES ARRINGTON**
(SSN: ███████-6351)

**DOCKET NO.:   12-01631   DIST. 09**

**VERSUS**

**OFFICE OF WORKERS'**
**COMPENSATION**

**TEAM LABOR FORCE, LLC**

**STATE OF LOUISIANA**

---

### MOTION AND ORDER FOR
### VOLUNTARY DISMISSAL WITH PREJUDICE

   **NOW INTO COURT,** through undersigned counsel, comes claimant, **JAMES ARRINGTON,** in the above-captioned matter, and on suggesting to the court that he wishes to voluntarily dismiss his claim against **TEAM LABOR FORCE, LLC** and **LOUISIANA WORKERS' COMPENSATION CORPORATION,** *with prejudice,* and now moves this court to dismiss his claim against **TEAM LABOR FORCE, LLC,** and **LOUISIANA WORKERS' COMPENSATION CORPORATION,** *with prejudice,* in accordance with the terms of the Joint Petition of Compromise Settlement.

Respectfully submitted:

_____
**JOSEPH J. SCHILLECI,** La Bar Roll No. 16502
**Workers' Compensation Injury Law Center, L.L.C.**
2313 North Hullen Street
Metairie, Louisiana  70001
Telephone:   (504) 833-0785
Counsel for Employee, James Arrington

OWC RECEIVED
HEARINGS
2013 JAN 28   AM 10:44

**IN THE MATTER OF:**

**JAMES ARRINGTON**
**(SSN:** ⬛⬛⬛-6351)

**DOCKET NO.:  12-01631   DIST. 09**

**VERSUS**

**OFFICE OF WORKERS'**
**COMPENSATION**

**TEAM LABOR FORCE, LLC**

**STATE OF LOUISIANA**

---

## ORDER

**CONSIDERING THE FOREGOING MOTION TO DISMISS:**

**IT IS HEREBY ORDERED** that the claim of **JAMES ARRINGTON**, against **TEAM LABOR FORCE, LLC** and **LOUISIANA WORKERS' COMPENSATION CORPORATION** be dismissed, *with prejudice*.

**SIGNED** this ___28___ day of __January__, 2013, in Houma, Louisiana.

_____
**JUDGE**
**OFFICE OF WORKERS' COMPENSATION**

2013 JAN 28   AM 10: 44
OWC RECEIVED
HEARINGS

TRUE COPY

BY _____
OFFICE OF WORKERS' COMPENSATION
DISTRICT 9 SOUTHERN DIVISION
1/29/2013

24

| | | | |
|---|---|---|---|
| **JAMES ARRINGTON** | * | **DOCKET NO:** | **12-01631** |
| | * | **DISTRICT:** | **9** |
| **VERSUS** | * | | |
| | * | **OFFICE OF WORKERS COMPENSATION** | |
| | * | | |
| **TEAM LABOR FORCE, LLC** | * | **STATE OF LOUISIANA** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## APPLICATION FOR APPROVAL OF ATTORNEY'S FEES

NOW INTO COURT, comes Joseph J. Schilleci, attorney for the employee, James Arrington, who respectfully requests that the Court approve his fees for work performed on behalf of James Arrington in procuring this settlement of ONE HUNDRED THOUSAND DOLLARS ($100,000.00). Said work included but was not limited to prosecuting this matter through trial and negotiating the instant settlement.

Mover asks that his attorney's fees be approved based on the statutory maximum set forth in LSA-R.S. 23:1143(B)(1). Mover respectfully requests that attorney's fees in the amount of TWENTY THOUSAND DOLLARS ($20,000.00) be approved by this Court.

Respectfully submitted,

**JOSEPH J. SCHILLECI #26502**
2313 N. Hullen St.
Metairie, LA 70001
Telephone: (504) 833-0785
Facsimile: (504) 833-0936
**ATTORNEY FOR EMPLOYEE**

2013 JUN 28  AM 10:44
OWC RECEIVED
HEARINGS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

( ) Hand Delivery             (X) Prepaid U.S. Mail
( ) Facsimile                  ( ) Email

Metairie, Louisiana, this 31 day of January , 2013.

_____
Joseph J. Schilleci

| JAMES ARRINGTON | * | DOCKET NO:      12-01631 |
|---|---|---|
| | * | DISTRICT:          9 |
| VERSUS | * | |
| | * | OFFICE OF WORKERS COMPENSATION |
| | * | |
| TEAM LABOR FORCE, LLC | * | STATE OF LOUISIANA |

************************************************************************

## ORDER

Upon consideration of the foregoing;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that attorney's fees awarded to Joseph J. Schilleci in reference to the foregoing Application and to his representation in this case shall be set at the statutory maximum specified in LSA-R.S. 23:1143(B)(1); the amount of attorney's fees is TWENTY THOUSAND DOLLARS ($20,000.00).

Houma, Louisiana, this __28__ day of __January__, 2013.

_____

**WORKERS' COMPENSATION JUDGE - DISTRICT 9**

2013 JAN 28  AM 10: 44
OWC RECEIVED
HEARINGS

**TRUE COPY**

BY _____

OFFICE OF WORKERS' COMPENSATION
DISTRICT 9 SOUTHERN DIVISION
1/29/2013

**MAIL TO:**
LOUISIANA WORKERS' COMPENSATION CORPORATION
2237 S. ACADIAN THRUWAY
SUITE 102
BATON ROUGE, LA 70808
225-924-7788

_____-6351
Employee Social Security Number
204507735
Employer Federal ID Number
118082 / 163127
Insurance Policy No. / Claim No.

**EMPLOYER REPORT**
**OF**
**INJURY/ILLNESS**

This report is completed by the Employer for each injury/illness identified by them or their employee as occupational.
A copy is to be provided to the employee and the insurer immediately.  **Forms for cases resulting in more than 7 days of disability or death** are to be sent to the OWCA **by the 10th day after the incident**  or as requested by the OWCA.

**PURPOSE OF REPORT: (Check all that apply)**
☐ More than 7 days of disability          ☒ Possible dispute                      ☐ Medical Only
☐ Injury resulted in death                ☐ Lump Sum Compromise/Settlement        (no copy needed by OWCA)
☐ Amputation or disfigurement             ☐ Other

| 1. Date of Report MM/DD/YY | 2. Date / Time of Injury MM/DD/YY Time: | 3. Normal Starting Time Day of Accident | 4. If Back to Work - Give Date: MM/DD/YY | 5. At same wages? | DO NOT WRITE IN THIS COLUMN |
|---|---|---|---|---|---|
| 05/09/11 | 05/05/11 06:00 ☒AM ☐PM | 06:00 ☒AM ☐PM | Still out | ☐ Yes ☐No | Date Received |
| 6. If Fatal Injury, Give Date of Death: MM/DD/YY | 7. Date Employer Knew of Injury MM/DD/YY  05/06/11 | 8. Date Disability Began MM/DD/YY | 9. Last Full Day Paid MM/DD/YY | | S.I.C. |
| 10. Employee Name:  First  JAMES    Middle    Last  ARRINGTON | | 11. ☒ Male  ☐ Female | 12. Employee Phone #  251-518-0369 | | S.I.C. |
| 13. Address and Zip Code  AND HIS ATTORNEY, JOSEPH SCHILLECI  2313 N. HULLEN ST.  METAIRIE, LA 70001 | | 14. Parish of Injury: | | | State-Parish |
| 15. Date of Hire  02/08/11 | 16. Age at Illness/Injury  49 | 17. Occupation  LABORERS, EXCEPT CONSTRUCTION | 18. Dept/Division Employed | | Occupation |
| 19. Place of Injury–Employer's Premises  ☐ Yes ☐ No | 20. Indicate Location–Street, City, Parish and State  FOURCHON BEACH | | | | Nature |

21. What work activity was the employee doing when the incident occurred? (Give weight, size, and shape of materials or equipment involved. Tell what he was doing with item. Indicate if correct procedures were followed.)

The employee was getting out of a van.

Part of Body
Source
Event
NOC 555555

22. What caused incident to happen? (Describe fully the events which resulted in injury or disease.  Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved.  Give full details on all factors which led to or contributed to this injury or illness.)

The employee twisted his knee.

| 23. Part of Body Injured and Nature of Injury or Illness (ex. left leg; multiple fractures)  SPRAINS STRAINS TEARS L KNEE(S) | 24. If Occ Disease–Give Date Diagnosed: |
|---|---|
| 25. Physician and Address | 26. If Hospitalized, give name & address of facility |
| 27. Employer's Name  TEAM LABOR FORCE LLC | 28. Person Completing This Report - Please print  RUDY AUGUST |
| 29. Employer's Address and Zip Code  1202 TIGER DRIVE  THIBODAUX, LA  70301    LAFOURCHE | 30. Employer's Telephone Number  985-851-5350 |
| 31. Employer's Mailing Address - If Different From Above  2802 FLINTROCK TRACE, #B104  LAKEWAY, TX  78738 1743 | 32. Nature of Business–Type of Mfg., Trade, Construction, Service, etc.  REPAIR SERVICES, NEC |

33. Wage Information (optional):    Employee was paid  ☐ Daily  ☐ Weekly  ☐ Monthly  ☒ Other    The average weekly wage was $___846.00__ per week.

LDOL-WC-1007
REV. 1/98

NAME OF WORKERS' COMPENSATION INSURER:   LOUISIANA WORKERS' COMPENSATION CORPORATION
PHONE NUMBER:  225-924-7788

COMPLETE BOTH SIDES

| | | |
|---|---|---|
| **RETURN TO:** | 1. | Social Security No. ████ - ████ - 6351 |
| OFFICE OF WORKERS' COMPENSATION | 2. | Date of injury/illness 05 - 05 - 2011 |
| POST OFFICE BOX 94040 | 3. | Part(s) of Body injured L Knee |
| BATON ROUGE, LA 70804 - 9040 | 4. | OWC Docket Number 12-01631 |
| For information call (225) 342-7576 | 5. | OWC District Number 09 |
| or Toll Free (800) 201-3457 | | |

## REQUEST FOR COMPROMISE
## OR LUMP SUM SETTLEMENT

January 28, 2013

DATE OF APPROVAL.

_Eflesta Celsaren_

JUDGE

**EMPLOYEE**

6. Name   James Arrington

Street or Box

City

State _____ Zip

Phone (    )

**EMPLOYEE'S ATTORNEY**

7. Name   Joseph J. Schilleci, Esq.

Street or Box   2313 North Hullen Street

City   Metairie

State   Louisiana   Zip   70001

Phone ( 504 )   833-0785

**EMPLOYER**

8. Name   Team Labor Force, LLC

Street or Box   1202 Tiger Drive

City   Thibodaux

State   Louisiana   Zip   70301

Phone ( 985 )   851-5350

**INSURER/ADMINISTRATOR**
(circle one)

9. Name   Louisiana Workers' Compensation Corporation

Street or Box   2237 S. Acadian Thruway

City   Baton Rouge

State   Louisiana   Zip   70808

Phone ( 225 )   924-7788

**EMPLOYER/INSURER'S ATTORNEY**
(circle one)

10. Name   Terrel A. Thomas, Bar Roll No. 26533

Street or Box   2237 S. Acadian Thruway

City   Baton Rouge

State   Louisiana   Zip   70808

Phone ( 225 )   231-0815

11. DATE OF SETTLEMENT CONFERENCE
12. TERMS AND AMOUNT OF SETTLEMENT:   $   100,000.00
13. BENEFITS PAID TO DATE:
    a) AVERAGE WEEKLY WAGE:   $   846.00
    b) WORKERS' COMPENSATION BENEFITS:   $   37,964.14
    c) MEDICAL BENEFITS:   $   18,511.11
    d) DEATH BENEFITS:   N/A
14. ATTORNEY FEES PAID TO DATE:
15. ADDITIONAL FEES REQUIRED:

**TRUE COPY**

BY _____

OFFICE OF WORKERS' COMPENSATION
DISTRICT 9 SOUTHERN DIVISION
1/29/2013

RECEIVED FILINGS

SEP 10: 44

**ATTACHMENTS REQUIRED:**

_____ JOINT PETITION
_____ FORM 1007 ATTACHED _____ OR ON FILE _____
_____ FORM 1003 ATTACHED _____ OR ON FILE _____
_____ EMPLOYEE AFFIDAVIT
_____ EMPLOYER CONCURRENCE
_____ ALLEGATION OF LEGAL REPRESENTATION

_____ MOST RECENT MEDICAL REPORT
_____ WAIVER OF RIGHTS UNDER L.R.S. 23:1271
_____ FILING FEE PAID
_____ ORDER OF DISMISSAL
_____ MOTION AND ORDER FOR ATTORNEY FEES
_____ MOTION AND ORDER TO DISMISS 1008
       (IF APPLICABLE)

SUBMITTED BY:   Terrel A. Thomas

PHONE: ( 225 )   231-0815

LDOL-WC-1011
REV. 1/98

MAIL TO:
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA  70807-9040
(225) 342-7565

███ - ██ - 6351
SOCIAL SECURITY NUMBER

05 - 05 - 2011
DATE OF INJURY/ILLNESS

## FINAL COST REPORT

This form is sent by the Employer/Insurer to the injured worker and the OWC within 30 days of the closure of a case.
An AMENDED COPY is required if the case re-opens or additional costs are incurred.

1.  James Arrington ████/1963
    (Employee)          (Date of Birth)

2.  01 - 15 - 2013
    Date of this Notice

3.  L. Knee
    Part(s) of Body Injured

4.  Continuing
    Date Compensation Paid Through

5.  Purpose of Form: (check one)
    ☐ Payment stopped-Employee working at equal or greater wage
    ☐ Payment stopped-Employee able to work at same or greater wage
    X Payment stopped-Lump sum/Compromise settlement approved
    ☐ Other _____

    ☐ Payment stopped-Maximum period for paying SEB has expired
    ☐ Payment stopped-3rd Party recovery without notice
    ☐ Amend or correct prior 1003

6.  Length of Disability _____ 67 _____ weeks _____ 2 _____ days.

7.  Give ICD - 9 Diagnostic code(s) _____ 836.1 _____ 844.2 _____ 836.1 _____

8.  Give CPT Procedure code(s) _____ PT235 _____ PT236 _____ 8 _____

9.  COSTS INCURRED FOR THIS CASE:

    A.  Indemnity Benefits
        1.  Temporary total            $    37,964.14
        2.  Supplemental earnings      _____
        3.  Permanent partial          _____
        4.  Permanent total            _____
        5.  Death benefits             _____
        6.  Other benefits             _____

        TOTAL INDEMNITY BENEFITS            37,964.14
        (Add A. Items 1-6)

    B.  TOTAL SETTLEMENT AMOUNT  $    100,000.00

    C.  Medical Expenses
        1.  Hospital                   $ _____
        2.  Physician                  _____
        3.  Diagnostic Tests/Procedures _____
        4.  Prescription Drugs         _____
        5.  Transportation Costs       _____
        6.  Independent Medical Exams  _____
        7.  Occupational/Physical Therapy _____
        8.  Other                      _____

        TOTAL MEDICAL EXPENSES         $    18,511.11
        (Add C. Items 1-8)

    D.  Rehabilitation Expenses
        1.  Medical rehabilitation     $ _____
        2.  Vocational rehabilitation  461.19
        3.  Labor Market Survey        _____
        4.  Evaluation                 _____
        5.  Other                      _____

        TOTAL REHABILITATION EXPENSES  461.19
        (Add D. Items 1-5)

    E.  TOTAL FUNERAL EXPENSES     $    N/A

    F.  Legal Expenses
        1.  Attorney Fees             $ _____
        2.  Court Costs               _____
        3.  Deposition Costs          _____
        4.  Investigation Costs       _____
        5.  Penalties and Interests   _____
        6.  Administrative/Other Costs _____

        TOTAL LEGAL EXPENSES          $    8,391.65
        (Add E. Items 1-5)

    G.  3RD PARTY RECOVERIES FOR COSTS      $ _____
        (NOT INCLUDED ABOVE)
    H.  TOTAL WORKERS' COMPENSATION COSTS   $    165,328.09
        (Add A - G)
    I.  BALANCE OF UNUSED RESERVES          $ _____

SUBMITTED BY:

Preparer's Name:     Terrel A. Thomas, Esq. (Bar Roll No. 26533)

Employer/Insurer:     LWCC/Team Labor Force, LLC

Address:     2237 S. Acadian Thruway
             Baton Rouge, Louisiana  70808

Phone: ( 225 )  231-0815

Employer/Insurer NCCI Number:     555555

2013 JAN 28  AM 10: 45   OWC RECEIVED HEARINGS

LDOL-WC-1003
Rev. 1/98

1

2

3

4          STATE OF LOUISIANA

5     OFFICE OF WORKERS' COMPENSATION

6            DISTRICT 09

7

8   ******************************************************

9

10           JAMES ARRINGTON

11        DOCKET NUMBER 12-01631

12              VERSUS

13          TEAM LABOR FORCE
                  AND
14   LOUISIANA WORKERS' COMPENSATION CORPORATION

15

16   ******************************************************

17

18

19          Transcript of the JUDGMENT AND REASONS

20   dictated in the above-numbered and entitled matter on

21   the 24th day of August, 2012, at Houma, Louisiana,

22   before the Honorable Elizabeth Lanier.

23

24

25   APPEARANCES: Joseph J. Schilleci, Esq.,
                  Representing the Claimant/Employee,
26                James Arrington

27                James Arrington, Claimant/Employee

28

29                M. Jeremy Berthon, Esq.,
                  Representing the Defendant/Employer,
30                Team Labor Force and LWCC

31

32

KIM M. FRENCH, CCR
P.O. BOX 20143                                    1
HOUMA, LOUISIANA   70360

1                          <u>INDEX</u>                    <u>PAGE</u>

2    Appearances . . . . . . . . . . . . . . . . . . . . . .  001

3    Proceedings . . . . . . . . . . . . . . . . . . . . . .  003

4    Witnesses . . . . . . . . . . . . . . . . . . . . . . .  N/A

5    Joint Exhibits . . . . . . . . . . . . . . . . . . . .  N/A

6    Claimant/Employee Exhibits  . . . . . . . . . . . . .  N/A

7    Defendant/Employer Exhibits   . . . . . . . . . . . .  N/A

8    Reporter's Certificate  . . . . . . . . . . . . . . .  015

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

KIM M. FRENCH, CCR
P.O. BOX 20143
HOUMA, LOUISIANA   70360

2

1  J U D G M E N T   A N D   R E A S O N S

2  THE COURT:

3       This Court stands ready to rule:

4       The Court agrees with the calculation by

5  the defendant for the average weekly wage.

6  The average weekly wage is eight hundred and

7  forty-six ($846) dollars.  And the workers'

8  comp. rate is five hundred and sixty-four

9  ($564) dollars; therefore, no underpayment has

10  been made.  The Court looked at the statute,

11  Title 23:1021.(a)(i) and agrees with the

12  interpretation by the defendant.

13       Now, as to the change of physician, what

14  concerns me is the swelling on the employee's

15  leg.  That's obvious.  The leg and the knee is

16  swollen.  So something has transpired since

17  October of 2011 with Dr. Higgins.  Dr. Higgins

18  said:  Return to work, full duty.

19       Dr. Alexis said:  Return to work, full

20  duty.

21       I have to determine if it's reasonable and

22  medically necessary to change to Dr.

23  Watermeier.

24       This Court finds that it will be

25  reasonable and medically necessary to change

26  to Dr. Watermeier.  And one reason is:  In

27  looking at Dr. Higgins' reports, he starts

28  talking about how he's a little concerned that

29  the plaintiff feels he can't return.  He's

30  thinking:  Return in December.  Why is he

31  picking that date?  He kind of gave me the

32  impression that he's questioning some of the

1    employee's, either responses or medical
2    situation or whatever.  He's questioning the
3    employee.  So my concern is that how receptive
4    is he going to be presented with this new
5    information.  The legs are swollen.  I mean,
6    the legs are swollen.  So I just want to find
7    out what's going on.  If it's related, fine.
8    If it's not related, fine.  The doctor has to
9    tell us something.  So I will allow it.
10       What I will say is:  If Dr. Watermeier
11   wants any treatment that has not been done, I
12   will say that he has to go through the Medical
13   Treatment Guidelines.
14       As to the doctor visits with Kurpel and
15   Watermeier, I will allow payment of those.
16   And the pharmacy, I believe, I'm finding that
17   those doctors saw him specifically for the
18   leg.
19       Now, nothing with Dr. Brien is going to be
20   covered.  I think that was covered in a
21   separate motor vehicle accident.  And that has
22   nothing to do with anything, so I want to make
23   that sure that there's no coverage on that
24   one.
25       And just for clarification, no penalties
26   and attorney's fees are going to be assessed.
27   I mean, I understand why the employer
28   questioned it, not a full-duty release, doctor
29   saying everything is fine.  In fact, the
30   doctor saying there was no swelling, but the
31   employee saying, yes, there was still swelling
32   at the time.  We weren't there.  But they were

1      relying on the statute, and so no penalties

2      and attorney's fees for denial of the change.

3           Mr. Arrington said that while he was under

4      treatment with Dr. Brien, he had not been

5      released to return to work --

6           That's my understanding.

7           -- during the whole time of treatment with

8      Dr. Brien; is that correct?

9           And that while Higgins and Alexis said,

10     "He's released to full duty," Mr. Arrington

11     said, "Well, no, Dr. Brien didn't want me

12     going back to work."  That's what I heard in

13     the testimony.  So I was trying to figure out

14     what's going on.

15          Gentlemen, can you clear that up because

16     where I'm going with this is:  If Mr.

17     Arrington was not working under Dr. Brien's

18     orders, then I don't want indemnity to start

19     until after he stopped seeing Dr. Brien.  And

20     I believe that was March 28, 2012, because I

21     did hear Mr. Arrington say on the stand,

22     Alexis and Higgins released him.  He wanted to

23     go back to work, but Dr. Brien told him not

24     to.  And so he didn't return back to work

25     because Dr. Brien was still treating him.

26     That's what I heard.  Am I in error?

27          Let's go off the record.

28  (Off-the-record discussion.)

29          Since Dr. Kurpel did say on January 9,

30     2012, that he could not work and it was due to

31     the legs, specifically, that is the day I'm

32     going to say the employee was in TTD status.

```
 1          Now, remember I'm allowing this change; but
 2      the parties shared Dr. Higgins.  So the
 3      employer is always available to send the
 4      information to Dr. Higgins as their choice of
 5      physician to have him evaluate the information
 6      Dr. Watermeier and Dr. Kurpel say.  He's
 7      shared.  So I've allowed the change.  So if
 8      there's any information the employer wants to
 9      do with it, they are allowed to go back
10      themselves to Dr. Higgins and have him make
11      whatever assessments.
12          So at this point in time, I'll say it's
13      TTD until there's been the typical progression
14      of the Workers' Compensation Act on how it
15      happens.  Technically, you would have a change
16      in condition.  We'll see what the doctors'
17      say.  Especially, if both doctors agree he can
18      return to work in some capacity, then it will
19      change accordingly.
20      MR. BERTHON:
21          May I ask, Judge, --
22      THE COURT:
23          Yes.
24      MR. BERTHON:
25          -- in that situation, if both doctors
26      agree either full duty or work in some
27      capacity, will the parties need to modify this
28      judgment and come back here; or can the
29      modification take place in accordance with the
30      Workers' Comp. Act?
31      THE COURT:
32          I would want to put something in writing
```

1    to be safe for both of you; otherwise, you

2    would have a judgment and nothing else -- I

3    could --

4    MR. BERTHON:

5        What I'm asking is:  The judgment could

6    reflect that the parties do not have to come

7    back to court for modification of this in the

8    event that the employee is released back to

9    work in some capacity.  And the reason I'm

10   asking is because what happens if three months

11   from now we get a full-duty release?  Well, my

12   client has to keep paying until I get a motion

13   filed.  And we get a court date set.  And we

14   come here.  And you say:  Yes, you're right.

15   And by that time, maybe two extra months of

16   indemnity has been paid.  That's why I'm

17   asking if the judgment can reflect that -- of

18   course, all the elements must be established

19   that he is able to go back to work in some

20   capacity.  But if that is actually satisfied,

21   can that be done without coming to court for

22   modification of judgment?

23   THE COURT:

24       What I would order then is if there's no

25   conflict between the two parties and it's a

26   course of action that both parties agree with

27   and it's obvious because all the doctors

28   involved are saying it, then there is no

29   wiggle room, and that's what the situation is,

30   and, yes, I will allow it to happen

31   instantaneously.  But I want a follow-up order

32   or judgment or consent judgment identifying

1   the date, just to have something in the
2   record.
3   MR. BERTHON:
4       Okay.
5   THE COURT:
6       But I will allow the change, accordingly,
7   pursuant to the records and the dates. But I
8   do require you all to put something in
9   writing, acknowledging that it has changed;
10  and I'll sign off on it. Do you understand
11  what I'm saying?
12  MR. SCHILLECI:
13      Yes, Your Honor.
14  MR. BERTHON:
15      Yes, I do.
16  THE COURT:
17      And that way there won't be any delay.
18  And it will be exactly what the doctors say,
19  when the doctors say it. But I do want
20  something in writing showing the change when
21  the change happens because it's to protect
22  everybody.
23      So, therefore, the past medicals are to be
24  covered per the fee schedule. I think that's
25  Dr. Kurpel, Dr. Watermeier, Injured Worker
26  Pharmacy. Anything else outstanding?
27      So those are to be paid pursuant to the
28  fee schedule.
29      And a lot of this is taking into account
30  that there is identifiable swelling. I mean,
31  it's obvious something else is happening since
32  the day of the accident. Medicals are

1    absolutely open for three years.  You have a

2    right to inquire as to what's going on.  I'm

3    not a doctor.  I'm not putting the pieces

4    together.  But that's going to be up to Dr.

5    Watermeier and Dr. Higgins to figure out

6    what's going on.  And so any medical treatment

7    that Dr. Watermeier wants from this point

8    forward, which will be the EMG, he is to go

9    through Medical Services, through the Medical

10   Treatment Guidelines and document what is

11   requested and what is needed.  Then we'll just

12   have to play it out through there.

13       Did I cover everything?

14   MR. BERTHON:

15       The only thing I would add is -- and, of

16   course, it's going to take some fleshing out

17   by Joey and me, is if a credit is owed for any

18   receipt of unemployment benefits.

19   THE COURT:

20       That's correct.  Under the Workers'

21   Compensation Act, the employer is absolutely

22   entitled to a credit on a week-by-week basis

23   for any unemployment benefits Mr. Arrington

24   receives.

25       And I believe, Mr. Arrington, you stated

26   that you received your first check this past

27   week?

28   MR. ARRINGTON:

29       Yes, ma'am.  I received it yesterday.  I

30   received it on a card yesterday for the five

31   weeks.

32   THE COURT:

```
 1              They retroactively paid you?
 2    MR. ARRINGTON:
 3         Yes, ma'am.
 4    THE COURT:
 5         Okay.
 6    MR. ARRINGTON:
 7         I believe about eleven hundred and
 8    something dollars.
 9    THE COURT:
10         Okay.
11    MR. ARRINGTON:
12         Yes, ma'am.
13    THE COURT:
14         So then since there's some retroactive
15    weeks in there, if you all would please send a
16    letter, --
17         Mr. Schilleci, why don't you do it.
18         -- asking the Court to inquire of the
19    unemployment benefits paid.  We usually put it
20    in a form and send it to the unemployment
21    place.  And then they're going to be able to
22    give us a date.  So exactly how you want to
23    handle payment starting a few weeks before
24    today, I'll leave that up to the two of you on
25    what to do.
26    MR. SCHILLECI:
27         I'll take care on getting that
28    information, Judge.  And I think we can
29    probably work it out.
30         One other question I had:  Since
31    everything is going under the guidelines, what
32    is the procedure with respect to second
```

1     medical opinions, State IMEs?  It's my
2     understanding that there was recently a law
3     passed that it's basically going to take the
4     SMOs and IMEs out of the equation for
5     recommended medical treatment under the
6     guidelines.
7     THE COURT:
8          Well, that's the purpose of the Medical
9     Treatment Guidelines.  But if a party would
10    contest causation or contest entitlement --
11    like there was an injury at all -- if there's
12    the other side contesting that something is
13    owed or happened in a comp. act, then they
14    have the right to have an SMO.  But if there's
15    no contest, then it would proceed under the
16    Medical Treatment Guidelines.
17         But why I was saying it on the record is
18    because we had a shared doctor.  Then that is
19    the employer's doctor also.  And I'm allowing
20    the change so the employee will have another
21    doctor.  But the employer has a shared doctor,
22    and that's his doctor.  They sent Mr.
23    Arrington to that doctor first.  And, yes, he
24    signed off to share.  But under the Statute,
25    it specifically says they're now shared.  So
26    Higgins is still their doctor.
27         And so, yes, things progress through the
28    Medical Treatment Guidelines.  And they say:
29    Yes, they'll approve treatment; or, no, they
30    won't or they need more information, that's
31    going to be up to the medical director.
32         But, also, the doctor need to present on a

1     1010 Form, like we had seen in evidence; and

2     the insurance company is going to have to make

3     a decision.  It was presented previously.  But

4     there were problems with change of physician.

5     And testimony was that it wasn't approved

6     because of that.  So have Dr. Watermeier go

7     through the process again with the 1010 Form

8     if he's still wanting the EMG or any other

9     treatment.

10         And then LWCC is going to have to be in a

11    position to decide:

12         Does it fit within the Medical Treatment

13    Guidelines?

14         Is this a variance?

15         What is their position?  If they agree to

16    it, fine.  End of story.

17         They can even agree if it's not under the

18    Medical Treatment Guidelines because if they

19    are going to be the payor, they can agree to

20    whatever they want.

21         If they deny it, then you'll have to go to

22    Medical Services.

23         But right now, I do see a need for

24    continued medical treatment to figure out

25    what's going on because you see an

26    identifiable swelling.  As to any other things

27    around there, I'll leave it up to the doctors

28    to figure out what's going on.

29    MR. BERTHON:

30         Can I add to Mr. Schilleci's questions?  I

31    think the Court is correct.  If any dispute

32    after today arises over medical necessity,

1    that's removed from the SMO/IME purview and

2    goes through the treatment guideline process,

3    the 1009 process, and have Dr. Rich take a

4    look at it if necessary.

5        Questions of causation and ability to

6    return to work, still reserved in the SMO and

7    IME; so that would be the instances in which

8    LWCC would utilize those procedures.

9    THE COURT:

10        Right.  Right.

11        And right now we have a doctor, as of

12    January 9, 2012, saying "TTD."  If he so says,

13    "Return to work, limited restrictions," then

14    so be it.  Watermeier can say whatever he

15    wants, and we'll just go from there.  But if

16    there's any of the issues, as Mr. Berthon

17    stated out, that are still going to be an

18    issue, they may not be at issue.  You all

19    might work things out.

20        Then you would have a right, Mr. Berthon,

21    like you said, to use an SMO.

22        Did I cover everything?

23    MR. BERTHON:

24        I think so for me.

25    THE COURT:

26        All right.  Who would like to prepare the

27    judgment?

28    MR. SCHILLECI:

29        I'll take care of it.

30    THE COURT:

31        Okay.  Plaintiff to prepare the judgment.

32        Any other questions, gentlemen?

1          MR. BERTHON:

2               That's it.   Thank you, Judge.

3          THE COURT:

4               Thank you.

5          MR. SCHILLECI:

6               Thank you, Your Honor.

7     (The proceedings were concluded.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

1    C E R T I F I C A T E

2        I, Kim M. French, do hereby certify that the

3   above fifteen (15) pages constitute a true and faithful

4   transcript of the proceedings held at Houma, Louisiana,

5   on August 24, 2012, in the matter numbered and

6   entitled:

7

8

9                    JAMES ARRINGTON

10                DOCKET NUMBER 12-01631

11                       VERSUS

12                 TEAM LABOR FORCE
                        AND
13   LOUISIANA WORKERS' COMPENSATION CORPORATION

14

15   OFFICIAL SEAL
     KIM M. FRENCH
16   Certified Court Reporter
     In and for the State of Louisiana
     Certificate Number 53076
17   Certificate expires 12-31-12          KIM M. FRENCH      #93076

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

KIM M. FRENCH, CCR
P.O. BOX 20143
HOUMA, LOUISIANA   70360              15

JAMES ARRINGTON &ast; &ast; &ast; **DOCKET NO:** 12-01631

**DISTRICT:** 9

**VERSUS**

**OFFICE OF WORKERS COMPENSATION**

TEAM LABOR FORCE, LLC &ast; **STATE OF LOUISIANA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JUDGMENT

This matter came before the Court on August 24, 2012 for trial on the merits.

**APPEARANCES:**

**Joseph J. Schilleci**, attorney for James Arrington; and

**Jeremy Berthon**, attorney for Team Labor Force and Louisiana Workers' Compensation Corporation.

After reviewing the record, the applicable law, documentary evidence admitted at trial, testimony at trial, and arguments of counsel, the Court rules as follows:

**IT IS ORDERED** that the average weekly wage of claimant shall be set at $846.00 with a corresponding compensation rate of $564.00;

**IT IS FURTHER ORDERED** that the claimant shall be allowed to change his choice of orthopedist from Dr. Jason Higgins to Dr. John Watermeier for medical treatment for the work-related injury as such change is reasonable and medically necessary. All requests for medical treatment from Dr. Watermeier shall be processed under the Louisiana Medical Treatment Guidelines;

**IT IS FURTHER ORDERED** that the bill of Injured Workers' Pharmacy in the amount of $751.32, and the bill of Advanced Medical Care and Wellness Center in the amount of $632.00 shall be paid by defendants pursuant to the Louisiana Fee Schedule;

2012 OCT -4  PM 1:51

OWC RECEIVED HEARINGS

**IT IS FURTHER ORDERED** that claimant is entitled to temporary total disability benefits at the compensation rate of $564.00 per week from January 9, 2012 and continuing in accordance with the Workers' Compensation Act. However, defendants are entitled to a week for week credit against its obligation to pay temporary total disability benefits for any weeks that claimant received unemployment benefits during this temporary total disability period. Counsel for claimant shall submit a request through this Court to determine the date claimant began receiving unemployment compensation benefits;

**IT IS FURTHER ORDERED** that defendants are not liable for penalties and attorney's fees;

**IT IS FURTHER ORDERED** that defendants shall pay all cost of these proceedings and shall pay legal interest on all amounts awarded.

**RENDERED and SIGNED** on the 4th day of October, 2012 in Houma, Louisiana.

**HONORABLE JUDGE ELIZABETH LANIER**
**OWC District 9 - Houma**

TRUE COPY

2012 OCT -4 PM 1:55

OWC RECEIVED HEARINGS

BY _____ 10-05-12

OFFICE OF WORKERS' COMPENSATION
DISTRICT 9 SOUTHERN DIVISION

MAIL TO:

LOUISIANA WORKERS' COMPENSATION CORPORATION
2237 S. ACADIAN THRUWAY
SUITE 102
BATON ROUGE, LA 70808
225-924-7788

**EMPLOYER REPORT**
**OF**
**INJURY/ILLNESS**

▇▇▇6351
Employee Social Security Number
204507735
Employer Federal ID Number
118082 / 163127
Insurance Policy No. / Claim No.

This report is completed by the Employer for each injury/illness identified by them or their employee as occupational.
A copy is to be provided to the employee and the insurer immediately.   **Forms for cases resulting in more than 7 days**
**of disability or death** are to be sent to the OWCA **by the 10th day after the incident**   or as requested by the OWCA.

PURPOSE OF REPORT: (Check all that apply)

☐ More than 7 days of disability        ☐ Possible dispute                              ☒ Medical Only
☐ Injury resulted in death                 ☐ Lump Sum Compromise/Settlement      **(no copy needed by OWCA)**
☐ Amputation or disfigurement         ☐ Other

| 1. Date of Report MM/DD/YY 05/09/11 | 2. Date / Time of Injury MM/DD/YY 05/05/11 Time: 06:00 ☐ AM ☒ PM | 3. Normal Starting Time Day of Accident 06:00 ☒ AM ☐ PM | 4. If Back to Work - Give Date: 05/07/11 | 5. At same wage? ☐ Yes ☒ No | DO NOT WRITE IN THIS COLUMN |
|---|---|---|---|---|---|
| 6. If Fatal Injury, Give Date of Death: MM/DD/YY | 7. Date Employer Knew of Injury MM/DD/YY 05/06/11 | 8. Date Disability Began MM/DD/YY | 9. Last Full Day Paid MM/DD/YY | | Date Received |
| 10. Employee Name:   First   Middle   Last   JAMES   ARRINGTON | | | 11. ☒ Male ☐ Female | 12. Employee Phone # 251-518-0369 | S.I.C. |
| 13. Address and Zip Code 1105 BAY AVE MOBILE, AL 36605 | | | 14. Parish of Injury: | | State-Parish |
| 15. Date of Hire: 02/08/11 | 16. Age at Illness/Injury 47 | 17. Occupation LABORERS, EXCEPT CONSTRUCTION | | 18. Dept/Division Employed | Occupation |
| 19. Place of Injury-Employer's Premises ☐ Yes ☐ No | 20. Indicate Location-Street, City, Parish and State FOURCHON BEACH | | | | Nature |

21. What work activity was the employee doing when the incident occurred? (Give weight, size, and shape of materials or equipment involved. Tell what he was doing with them. Indicate if correct procedures were followed.)

The employee was getting out of a van.

Part of Body

Source

Event

NCCI   555555

22. What caused incident to happen? (Describe fully the events which resulted in injury or disease. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led to or contributed to this injury or illness.)

The employee twisted his knee.

Vendor: Oil Industrial Medical Service

| 23. Part of Body Injured and Nature of Injury or Illness (ex. left leg; multiple fractures) SPRAINS STRAINS TEARS L KNEE(S) | 24. If Occ Disease-Give Date Diagnosed: |
|---|---|
| 25. Physician and Address | 26. If Hospitalized, give name & address of facility |
| 27. Employer's Name TEAM LABOR FORCE LLC | 28. Person Completing This Report - Please print RUDY AUGUST |
| 29. Employer's Address and Zip Code 1202 TIGER DRIVE THIBODAUX, LA 70301   LAFOURCHE | 30. Employer's Telephone Number 985-851-5350 |
| 31. Employer's Mailing Address - If Different From Above P O BOX 9217 HOUMA, LA 70361 | 32. Nature of Business-Type of Mfg., Trade, Construction, Service, etc. REPAIR SERVICES, NEC |
| 33. Wage Information (optional):   Employee was paid  ☐ Daily  ☐ Weekly  ☐ Monthly  ☒ Other   The average weekly wage was $_____ per week. | |

LDOL-WC-1007
REV. 1/98

NAME OF WORKERS' COMPENSATION INSURER:   LOUISIANA WORKERS' COMPENSATION CORPORATION
PHONE NUMBER:   225-924-7788

**COMPLETE BOTH SIDES**

# WAGE STATEMENT

Name **JAME ARRINGTON**          Address _____          Claim # **163127**

A. The following table shows the days worked and the wages earned by James Arrington employed as a **OIL SPILL TECH** during period stated.

B. The injured employee did not work for employer a substantial portion of the year before the accident. The following table shows days worked and wages earned by _____ another employee of same of similar employment who did work a substantial part of the year.

| | Week Ending | | Days Wrkd. | Amt. Paid | | Week Ending | | Days Wkd. | Amt. Paid | | Week Ending | | | Days Wrkd. | Amt. Paid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | MM | DD | YY | | | MM | DD | YY | | | MM | DD | YY | | |
| 2 | 03 | 13 | 11 | 4 | $480.00 | 19 | | | | 37 | | | | | | |
| 3 | 03 | 20 | 11 | 7 | $1020 | 21 | | | | 38 | | | | | | |
| 4 | | | | | | 22 | | | | 39 | | | | | | |
| 5 | 03 | 27 | 11 | 7 | $1020 | 23 | | | | 40 | | | | | | |
| 6 | | | | | | 24 | | | | 41 | | | | | | |
| 7 | 04 | 03 | 11 | 7 | $984.00 | 25 | | | | 42 | | | | | | |
| 8 | | | | | | 26 | | | | 43 | | | | | | |
| 9 | 04 | 10 | 11 | 7 | $948.00 | 27 | | | | 44 | | | | | | |
| 10 | | | | | | 28 | | | | 45 | | | | | | |
| 11 | 04 | 17 | 11 | 7 | $1056.00 | 29 | | | | 46 | | | | | | |
| 12 | | | | | | 30 | | | | 47 | | | | | | |
| 13 | 04 | 24 | 11 | 3 | $360.00 | 31 | | | | 48 | | | | | | |
| 14 | | | | | | 32 | | | | 49 | | | | | | |
| 15 | 05 | 01 | 11 | 7 | $1020.00 | 33 | | | | 50 | | | | | | |
| 16 | | | | | | 34 | | | | 51 | | | | | | |
| 17 | | | | | | 35 | | | | 52 | | | | | | |
| 18 | | | | | | 36 | | | | | | | | | | |

Total **$6888.00**          Total _____          Total _____

GRAND TOTAL _____

## RATE OF WAGE          OVERTIME

Per Hour **$12**     Per Day _____     Amount **$18 PER HOUR** Hours _____

Per Week _____     Per Month _____

Contract of Hire Entered into at **HOUMA**          **LA**

City          State

Was this employee given free rent, lodging, or board or other allowance? If so, state weekly value thereof, $ **NONE**

I hereby certify the above is true and correct statement.

Dated at **5/19/11**          **RUDY AUGUST - TEAM LABOR FORCE, LLC**

Employer

This **19TH** day of **MAY 20 11** By **RUDY AUGUST OPS MNG**

Title

5/17/11 at 14:05:23.38

Page: 1a

**TEAM LABOR FORCE, LLC**
**Payroll Register**
**For the Period From Apr 11, 2011 to May 17, 2011**
Filter Criteria includes: 1) Employee IDs from ARRINGTON J # to ARRINGTON J #. Report order is by Check Date. Report is printed in Detail Format.

| Employee ID Employee Masked SS No Reference Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross State Insurance Soc_Sec_ER K401_ER | Fed_Income K401 Dental Medicare_ER | Soc_Sec Garnishmen Phone FUTA_ER | Medicare EmployeeAd K401Loan SUI_ER | K401 | Garnishmen |
|---|---|---|---|---|---|---|---|---|---|---|
| ARRINGTON J # James L. Arrington XXX-XX-6351 | Regular Overtime | 80.00 54.00 | 960.00 972.00 | 1,563.42 | 1,932.00 -52.39 | -207.04 | -81.14 | -28.01 | | |
| 6376 4/14/11 | | | | | -119.78 | -28.01 | -10.40 | -44.05 | | |
| ARRINGTON J # James L. Arrington XXX-XX-6351 | Regular Overtime | 70.00 32.00 | 840.00 576.00 | 1,182.92 | 1,416.00 -33.18 | -119.90 | -59.47 | -20.53 | | |
| 6712 4/28/11 | | | | | -87.79 | -20.53 | | -1.55 | | |
| ARRINGTON J # James L. Arrington XXX-XX-6351 | Regular Overtime | 80.00 60.00 | 960.00 1,080.00 | 1,632.85 | 2,040.00 -57.85 | -234.04 | -85.68 | -29.58 | | |
| 6998 5/11/11 | | | | | -126.48 | -29.58 | | | | |
| Summary Total 4/11/11 thru 5/17/11 | Regular Overtime | 230.00 146.00 | 2,760.00 2,628.00 | 4,379.19 | 5,388.00 -143.42 | -560.98 | -226.29 | -78.12 | | |
| | | | | | -334.05 | -78.12 | -10.40 | -45.60 | | |
| Report Date Final Total 4/11/11 thru 5/17/11 | Regular Overtime | 230.00 146.00 | 2,760.00 2,628.00 | 4,379.19 | 5,388.00 -143.42 | -560.98 | -226.29 | -78.12 | | |
| | | | | | -334.05 | -78.12 | -10.40 | -45.60 | | |

MAIL TO:
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA  70807-9040
(225) 342-7565

■■■-■■■-6351
SOCIAL SECURITY NUMBER

05 - 05 - 2011
DATE OF INJURY/ILLNESS

163127
CLAIM NUMBER

STOP PAYMENT FORM

This form is sent by the Employer/Insurer to the injured worker and the OWC within 30 days of the closure of a case.  An AMENDED COPY is required if the case re-opens or additional costs are incurred.

1.   ARRINGTON, JAMES ■■■■1963           2.   10 - 17 - 2011
     (Employee)          (Date of Birth)                  Date of this Notice

3.   L KNEE(S)                             4.   10 - 14 - 2011
     Part(s) of body injured                      Date Compensation Paid Through

5.   Purpose of Form: (Check One)
     [ ] Payment stopped-Employee working at equal or greater wage        [ ] Payment stopped-Maximum period for paying SEB has expired
     [X] Payment stopped-Employee able to work at same or greater wage     [ ] Payment stopped-3rd Party recovery without notice
     [ ] Payment stopped-Lump sum/Compromise settlement approved            [ ] Ammend or correct prior 1003
     [ ] Other

6.   Length of Disability    23    Weeks   2    Days.
7.   Give ICD-9 Diagnostic code(s)  836.1    844.2   836.1
8.   Give CPT Procedure code(s)   PT235    PT236    8

9.   COSTS INCURRED FOR THIS CASE:

A. Indemnity Benefits
| | | |
|---|---|---|
| 1. Temporary Total | $ | 13,148.14 |
| 2. Supplemental earnings | $ | 0.00 |
| 3. Permanent partial | $ | 0.00 |
| 4. Permanent total | $ | 0.00 |
| 5. Death benefits | $ | 0.00 |
| 6. Other benefits | $ | 0.00 |

TOTAL INDEMNITY BENEFITS .......  $   13,148.14
     (Add A. ITEMS 1-6)

B. TOTAL SETTLEMENT AMOUNT ..  $   0.00

C. Medical Expenses
| | | |
|---|---|---|
| 1. Hospital | $ | 3,999.88 |
| 2. Physician | $ | 2,524.80 |
| 3. Diagnostic Test/Procedures | $ | 107.80 |
| 4. Prescription Drugs | $ | 229.38 |
| 5. Transportation Costs | $ | 892.92 |
| 6. Independent Medical Exams | $ | 0.00 |
| 7. Occupational/Physical Therapy | $ | 5,922.95 |
| 8. Other | $ | 75.00 |

TOTAL MEDICAL EXPENSES .........  $   13,752.73
     (Add C. ITEMS 1-8)

D. Rehabilitation Expenses
| | | |
|---|---|---|
| 1. Medical Rehabilitation | $ | 0.00 |
| 2. Vocational Rehabilitation | $ | 461.19 |
| 3. Labor Market Survey | $ | 0.00 |
| 4. Evaluation | $ | 0.00 |
| 5. Other | $ | 0.00 |

TOTAL REHABILITATION EXPENSES .....  $   461.19
     (Add D. ITEMS 1-5)

E. TOTAL FUNERAL EXPENSES ............  $   0.00

F. Legal Expenses
| | | |
|---|---|---|
| 1. Attorney Fees | $ | 0.00 |
| 2. Court Costs | $ | 0.00 |
| 3. Deposition Costs | $ | 0.00 |
| 4. Investigation Costs | $ | 0.00 |
| 5. Penalties and Interest | $ | 0.00 |
| 6. Administrative/Other Costs | $ | 0.00 |

TOTAL LEGAL EXPENSES ................  $   0.00
     (Add E. ITEMS 1-5)

G. 3RD PARTY RECOVERIES FOR COSTS ..........  $   0.00
   (NOT INCLUDED ABOVE)
H. TOTAL WORKERS' COMPENSATION COSTS ..  $   27,362.06
   (Add A-G)
I. BALANCE OF UNUSED RESERVES ................  $   0.00

Submitted by:
Preparer's Name:   JAMIE LEBLANC
Employer/Insurer:  LOUISIANA WORKERS' COMPENSATION CORPORATION
Address:           2237 S. ACADIAN THRUWAY SUITE 102
                   BATON ROUGE LA  70808-
Phone:             (225) 924-7788
Employer/Insurer NCCI Number:   555555

Employee:   ARRINGTON, JAMES
Employer:   TEAM LABOR FORCE LLC
Address:    2802 FLINTROCK TRACE, #B104
            LAKEWAY, TX 78738-1743
Phone:

LDOL-WC-1003(REV. 1/98)

MAIL TO:
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA 70807-9040
(225) 342-7565

███ - ██ - 6351
SOCIAL SECURITY NUMBER

05 - 05 - 2011
DATE OF INJURY/ILLNESS

STOP PAYMENT FORM

163127
CLAIM NUMBER

This form is sent by the Employer/Insurer to the injured worker and the OWC within 30 days of the closure of a case. An AMENDED COPY is required if the case re-opens or additional costs are incurred.

1. ARRINGTON, JAMES ████/1963
   (Employee)                (Date of Birth)

2. 01 - 30 - 2013
   Date of this Notice

3. L KNEE(S)
   Part(s) of body injured

4. 01 - 28 - 2013
   Date Compensation Paid Through

5. Purpose of Form: (Check One)
   [ ] Payment stopped-Employee working at equal or greater wage
   [ ] Payment stopped-Employee able to work at same or greater wage
   [X] Payment stopped-Lump sum/Compromise settlement approved
   [ ] Other _____

   [ ] Payment stopped-Maximum period for paying SEB has expired
   [ ] Payment stopped-3rd Party recovery without notice
   [ ] Ammend or correct prior 1003

6. Length of Disability   70   Weeks  5   Days.
7. Give ICD-9 Diagnostic code(s)  836.1   844.2   836.1
8. Give CPT Procedure code(s)   PT235   PT236   8

9. COSTS INCURRED FOR THIS CASE:

   A. Indemnity Benefits
   1. Temporary Total .....................  $  39,333.85
   2. Supplemental earnings ...............  $   0.00
   3. Permanent partial ...................  $   0.00
   4. Permanent total .....................  $   0.00
   5. Death benefits ......................  $   0.00
   6. Other benefits ......................  $   0.00

   TOTAL INDEMNITY BENEFITS ........  $   39,333.85
   (Add A. ITEMS 1-6)

   B. TOTAL SETTLEMENT AMOUNT...  $  100,000.00

   C. Medical Expenses
   1. Hospital ............................  $   3,999.88
   2. Physician ...........................  $   4,495.00
   3. Diagnostic Test/Procedures ..........  $   1,001.15
   4. Prescription Drugs ..................  $     979.58
   5. Transportation Costs ................  $   1,118.34
   6. Independent Medical Exams ...........  $       0.00
   7. Occupational/Physical Therapy .......  $   6,483.10
   8. Other ...............................  $     692.06

   TOTAL MEDICAL EXPENSES ........  $  18,769.11
   (Add C. ITEMS 1-8)

   D. Rehabilitation Expenses
   1. Medical Rehabilitation ..............  $   0.00
   2. Vocational Rehabilitation ...........  $ 461.19
   3. Labor Market Survey .................  $   0.00
   4. Evaluation ..........................  $   0.00
   5. Other ...............................  $   0.00

   TOTAL REHABILITATION EXPENSES .....  $  461.19
   (Add D. ITEMS 1-5)

   E. TOTAL FUNERAL EXPENSES ............  $   0.00

   F. Legal Expenses
   1. Attorney Fees .......................  $ 5,759.40
   2. Court Costs .........................  $   687.59
   3. Deposition Costs ....................  $     0.00
   4. Investigation Costs .................  $     0.00
   5. Penalties and Interest ..............  $   430.41
   6. Administrative/Other Costs ..........  $    88.79

   TOTAL LEGAL EXPENSES ..............  $  6,966.19
   (Add E. ITEMS 1-5)

   G. 3RD PARTY RECOVERIES FOR COSTS ..........  $   0.00
      (NOT INCLUDED ABOVE)
   H. TOTAL WORKERS' COMPENSATION COSTS ..  $  165,530.34
      (Add A-G)
   I. BALANCE OF UNUSED RESERVES .............  $   0.00

Submitted by:
   Preparer's Name:   JAMIE LEBLANC
   Employer/Insurer:  LOUISIANA WORKERS' COMPENSATION CORPORATION
   Address:           2237 S. ACADIAN THRUWAY SUITE 102
                      BATON ROUGE LA 70808-
   Phone:             (225) 924-7788
   Employer/Insurer NCCI Number:  555555

   Employee:   ARRINGTON, JAMES
   Employer:   TEAM LABOR FORCE LLC
   Address:    2802 FLINTROCK TRACE, #B104
               LAKEWAY, TX 78738-1743
   Phone:      .

LDOL-WC-1003(REV. 1/98)

| Mail To: | 1. | Social Security No. ████ - ██ - 6351 |
|---|---|---|
| LOCAL DISTRICT OFFICE | 2. | Date of Injury/Illness __5_ - _5_ - 2011 |
| OR | | |
| OFFICE OF WORKERS' COMPENSATION | 3. | Part(s) of Body Injured ___ left knee ___ |
| POST OFFICE BOX 94040 | | |
| BATON ROUGE, LA 70804-9040 | 4. | Date of This Request __3_ - _5_ - 2012 |
| For information call (225) 342-7565 | | |
| or Toll Free (800) 201-3457. | 5. | Date of Hire _____ |
| **12-01631** | 6. | Date of Birth ████ - ████ - 1963 |
| Docket Number | | |

## DISPUTED CLAIM FOR COMPENSATION

7. This claim is submitted by:

_K_ Employee   ___ Employer   ___ Insurer   ___ Dependant   ___ Health Care Provider   ___ LWC   ___ Other _____

**GENERAL INFORMATION**

Claimant files this dispute with the Office of Workers' Compensation. This office must be notified immediately in writing of changes in address. An employee may be represented by an attorney, but it is not required.

<table>
<tr><td colspan="2"><strong>EMPLOYEE</strong></td><td colspan="2"><strong>EMPLOYEE'S ATTORNEY</strong></td></tr>
<tr><td>8. Name</td><td>James Arrington</td><td>9. Name</td><td>Joseph Schilleci</td></tr>
<tr><td>Street or Box</td><td>261 Riverview Dr.</td><td>Street or Box</td><td>2313 N. Hullen St.</td></tr>
<tr><td>City</td><td>St. Rose</td><td>City</td><td>Metairie</td></tr>
<tr><td>State LA</td><td>Zip 70087</td><td>State LA</td><td>Zip 70001</td></tr>
<tr><td>Phone (   )</td><td></td><td>Phone (504) 833-0785</td><td></td></tr>
<tr><td colspan="2"><strong>EMPLOYER</strong></td><td colspan="2"><strong>INSURER/ADMINISTRATOR</strong><br>(circle one)</td></tr>
<tr><td>10. Name</td><td>Team Labor Force</td><td>11. Name</td><td>LWCC</td></tr>
<tr><td>Attn:</td><td></td><td>Attn:</td><td>Jamie LeBlanc</td></tr>
<tr><td>Street or Box</td><td>1730 Coteau Road</td><td>Street or Box</td><td>2237 S. Acadian Thruway</td></tr>
<tr><td>City</td><td>Houma</td><td>City</td><td>Baton Rouge</td></tr>
<tr><td>State LA</td><td>Zip 70364</td><td>State LA</td><td>Zip 70808</td></tr>
<tr><td>Phone (   )</td><td></td><td>Phone (   )</td><td></td></tr>
<tr><td colspan="2"><strong>EMPLOYER/INSURER'S ATTORNEY</strong><br>(circle one)</td><td colspan="2"><strong>DEPENDENT/HCP/OTHER</strong><br>(circle one)</td></tr>
<tr><td>12. Name</td><td></td><td>13. Name</td><td></td></tr>
<tr><td>Attn:</td><td></td><td>Relationship</td><td></td></tr>
<tr><td>Street or Box</td><td></td><td>Street or Box</td><td></td></tr>
<tr><td>City</td><td></td><td>City</td><td></td></tr>
<tr><td>State</td><td>Zip</td><td>State</td><td>Zip</td></tr>
<tr><td>Phone (   )</td><td></td><td>Phone (   )</td><td></td></tr>
</table>

14. **EMPLOYMENT DATA**

Occupation:  beach technician

Average Weekly Wage $ 900.00        Workers' Compensation Rate $ 579.00

LWC-WC-1008
REV. 2/09

COMPLETE BOTH PAGES

15. **TO BE COMPLETED BY INJURED EMPLOYEE OR DEPENDENT:**

(A) **ACCIDENT DATA**

Date, time and place of accident: _5/5/11 in Grand Isle, LA_

Parish of Residence at time of Injury/Illness _Lafourche_

Accident reported on _5_ / _5_ / _11_ to _____ whose position with the employer is _safety director_

Describe the accident and injury in detail (person/equipment involved, type of injury, etc.) _Plaintiff was involved in oil spill_
_clean up efforts when his foot became stuck in deep sand causing him to wrench his left knee and tear his MCL._

List the names, addresses, telephone numbers of any witnesses.

(B) **MEDICAL DATA**

State the names, addresses, and telephone numbers of hospitals, clinics and doctors who have provided medical attention.
_AIM Industrial Medical Center, Dr. Higgins, Dr. Kurpel, Terrebonne General, Babin PT, Bayou Regional Surgical_
_Center_

(C) **THE BONA-FIDE DISPUTE**

Check the following that apply and fill in the blanks:

— 1.   No wage benefits have been paid

— 2.   No medical treatment has been authorized

— 3.   Occupational Disease

X 4.   Workers' Compensation Rate is Incorrect - Should be $ _579.00_

X 5.   Wage benefits terminated or reduced on _10_ , _11_ , _2011_

X 6.   Medical treatment (Procedure/Prescription) _Dr. Kurpel_
         recommended by _therapy, medications_ _____ not authorized.

X 7    Choice of physician (specialty) _orthopedist_

— 8.   Disability status _____

— 9.   Vocational Rehabilitation - specify _____

— 10.  Offset/Credit _____

— 11.  Refusal to authorize/submit to evaluation with choice of physician/independent Medical Examination [L. R. S 23:1121, 1124(B), or 1317.1(F)]

X 12.  Other: _Late Payment of medical treatment and/or incorrect payment amount, medical treatment terminated,_
         _plaintiff entitled to change his choice of orthopedist, penalties, attorneys fees, costs, judicial interest,_
         _and judicial interest on penalties, mileage, scccrcay ł disligenment_

**NOTE:** You may attach a letter or petition with additional information with this disputed claim or
when later amending this disputed claim (Form LWC-WC-1008).  You must provide a
copy of this claim and any amendment to all opposing parties.

The Information given above is true and correct to the best of my knowledge and belief.

_[signature]_                          _3/5/12_

SIGNATURE OF CLAIMANT/ATTORNEY                  DATE
(circle one)

LWC-WC-1008
REV. 2/09

COMPLETE BOTH PAGES

| | OWCA MEDIATORS: | |
|---|---|

| | |
|---|---|
| Statewide | Judy Franklin<br>1001 N 23rd St.<br>Baton Rouge, LA 70802<br>Phone: (225) 342-0184<br>Fax: (225) 342-4790 |
| District 1E | Tikisha Smith<br>1401 Hudson Lane, Suite 301.<br>Monroe, LA 71201<br>Phone: (318) 362-3078<br>Toll-free: (800) 209-7321<br>Fax: (318) 362-3083 |
| District 1W | Rosa Whitlock<br>9234 Linwood.<br>Shreveport LA 71106-7001<br>Phone: (318) 676-5331<br>Toll-free: (800) 209-7173<br>Fax: (318) 676-5332 |
| District 2 | Amy Brown<br>3724 Government Street,<br>Alexandria, LA 71302<br>Phone: (318) 487-5966<br>Toll-free: (800) 209-7329<br>Fax: (318) 487-5967 |
| District 3 | Chantell Smith<br>4250 Fifth Avenue, Suite 3<br>Lake Charles, LA 70607-3812<br>Phone: (337) 475-4882<br>Toll-free: (888) 768-8745<br>Fax: (337) 475-8884 |
| District 4 | Dianne Mayo<br>556 Jefferson Street, First Floor,<br>Lafayette. LA 70501-6947<br>Phone: (337) 262-1057<br>Toll-free: (800) 209-7174<br>Fax: (337) 262-1106 |
| District 5 | Denise Lee<br>224 Florida Blvd., Suite 100<br>Baton Rouge, LA 70801<br>Phone: (225) 219-4378<br>Toll-free: (800) 209-7175<br>Fax: (225) 219-4377 |
| District 6 | Myles Donahue<br>19374 N Third St.<br>Covington, LA 70433<br>Phone: (985) 871-1258<br>Toll-Free: (888) 575-6149<br>Fax: (985) 871-1264 |
| District 7 | Caroline Minor<br>880 West Commerce Road,<br>Ste 401<br>Harahan, LA 70123<br>Phone: (504) 736-8606<br>Toll-free: (866) 253-5830<br>Fax: (504) 736-8608 |
| District 8 | Shannon Bruno Bishop<br>1450 Poydras Street<br>Suite 838, Mail Box 24<br>New Orleans, LA 70112-2001<br>Phone: (504) 568-6952<br>Toll-free: (800) 209-7232<br>Fax: (504) 568-8706 |
| District 9 | Jennifer Le Carpentier<br>8026 Main Street, Suite 404<br>Houma, LA 70360<br>Phone: (985) 857-3775<br>Toll-free: (800) 262-1497<br>Fax: (985) 857-3781 |

# MEDIATION CONFERENCE REQUEST

In accordance with Revised Statute 23:1310.3(D), as amended by Act 53

(1) Upon joint request of the parties, or upon order of the presiding workers' compensation judge, all parties shall engage the services of either of the following:

(a) A Louisiana Workforce Commission, office of workers' compensation administration mediator, and such mediation shall be held in the district office in which the selected mediator is assigned.

(b) A private mediator, and such mediation shall be held at a location mutually agreeable to the parties.

(2) The selection of the mediator shall be by mutual agreement of the parties.

(3) Each party shall provide a representative, in person or via telephone, to participate in the mediation conference, who has been provided with authority to enter into negotiations in a good faith effort to resolve the issue in dispute. The attorneys for the parties may participate in the mediation conference via telephone by mutual consent of the parties.

(4) Within five days of the conclusion of the mediation conference, the parties shall certify to the court, via United States mail, electronic transmission, or facsimile transmission, that a mediation conference has occurred and the results thereof.

(5) Nothing shall prohibit the parties from requesting a mediation conference prior to the filing of a disputed claim for compensation; however, neither the request nor participation in the mediation conference shall interrupt the running of prescription.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**After parties have mutually agreed to a mediation conference and the selection of an Office of Workers Compensation mediator, please have each party sign this form and forward it to the chosen mediator:**

NAME OF EMPLOYEE/CLAIMANT:  JAMES ARRINGTON

EMPLOYER'S NAME:  TEAM LABOR FORCE

DOCKET #  12-01631

SIGNATURE OF EMPLOYEE, EMPLOYER, INSURER OR ATTORNEY IF REPRESENTED          DATE

PRINTED NAME OF EMPLOYEE, EMPLOYER, INSURER OR ATTORNEY IF REPRESENTED          (     ) TELEPHONE NUMBER

SIGNATURE OF EMPLOYER/INSURER          DATE

PRINTED NAME OF EMPLOYER/INSURER OR EMPLOYER/INSURER ATTORNEY IF REPRESENTED          (     ) TELEPHONE NUMBER

Rev: 10/08/2010

# CITATION

James Arrington

Vs

Team Labor Force
LWCC

Docket: 12-01631          District: 9
Employee: James Arrington
Office of Workers' Compensation

State of Louisiana

To:
LWCC
Attn: Jamie LeBlanc
2237 S. Acadian Thruway
Baton Rouge, LA  70808

Date: 03/09/2012

**YOU HAVE BEEN SUED:**

Attached to this citation is a copy of the claim form/petition and an answer form.  The claim form/petition tells what is being asked of you, and the answer form is to assist you in filing your answer.

You must either do what the claim form/petition asks, or, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings with the Office of Workers' Compensation.

If you do not do what the petition asks, or if you do not file an answer or legal pleadings within fifteen (15) days of receipt of this citation, a judgment of default may be entered against you without further notice.  If you do file an answer or legal pleading within the fifteen (15) days, a scheduling conference will be scheduled.  You will be notified of the location, date, and time of the hearing.

Please be aware that R.S. 23:1293 strictly limits how much information this office can discuss with you prior to referral of this matter to a Workers' Compensation Judge.  If we can be of further assistance, please contact the Office of Workers' Compensation at (985) 857-3775.

Please mail your answer to:  Office of Workers' Compensation
                             District 9
                             8026 Main Street, Suite 404
                             Houma, LA 70360

A copy of your answer must also be mailed to the party that initiated this case and to their attorney, if represented.  Please be sure to complete the certificate of service portion of the attached answer form.

Andre' de la Fuente
Records Manager

## LOUISIANA WORKFORCE COMMISSION
## WORKERS' COMPENSATION CLAIM/PETITION ANSWER

| | | | |
|---|---|---|---|
| Employee: | James Arrington | Docket: | 12-01631 |
| Employer: | Team Labor Force | Date: | 03/09/2012 |
| Insurance Carrier: | LWCC | District: | 9 |

The employer and/or carrier named above, for answer to the citation, respectfully states:
(Circle "admit" or "deny" on all questions which apply to this claim. Questions #1 through #4 must be answered if employer/insurer is being sued. Use item #12 if any or all of items #1 through #11 do not apply to this claim.)

**ADMIT / DENY** 1. Claimant sustained an injury or occupational disease on or about the date set forth in the claim for compensation.

**ADMIT/ DENY** 2. Claimant was my employee at the time of the alleged injury or occupational disease

**ADMIT / DENY** 3. At the time of the alleged injury or occupational disease, the employee was performing service arising out of and in the course of his employment.

**ADMIT / DENY** 4. Compensation has been paid. If admitted, state weekly amount and inclusive dates:
$_____ from _____ through _____.

**ADMIT / DENY** 5. The average weekly wage as set forth in the claim for compensation is correct. If denied, state the correct average weekly wage and attach hereto a wage statement or state reason why not furnished
_____
_____
_____

**ADMIT / DENY** 6. Claimant was temporarily disabled for the period stated in the claim for compensation. If denied, state temporary disability period admitted, if any:
_____

**ADMIT / DENY** 7. Claimant is permanently disabled to the extent and for the period stated in the claim for compensation. If denied, state disability period admitted, If any:
_____
_____

**ADMIT / DENY** 8. The claimant sustained an injury resulting in a loss of earning capacity as stated in the claim for compensation. If denied, state any loss admitted, if any:
_____

**ADMIT / DENY** 9. Rehabilitation services were offered and refused. What services were offered?
_____

**ADMIT / DENY** 10. Rehabilitation services were requested, but not provided. What services are being requested?
_____

**ADMIT / DENY** 11. At the time of the alleged injury or occupational disease, workers' compensation insurance was provided by
_____

# LOUISIANA WORKFORCE COMMISSION
## WORKERS' COMPENSATION CLAIM/PETITION ANSWER

12   Other Matters in dispute. Explain. (Use extra sheet if necessary

_____

_____

_____

_____

_____

Affirmative Defenses: (Circle and explain)
**A.** Willful intent to injure himself or others   **B.** Intoxication   **C.** Failure to use safety Devices
**D.** Initial Aggressor         **E.** Other matters in dispute (Use extra sheet if necessary):

_____

_____

_____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing answer has been served upon opposing counsel of record or upon unrepresented claimant by placing same in U.S. mail, postage prepaid and properly addressed, on this _____ day of _____, 20 ___.

_____
(Signature of defendant or their representative)

Date Submitted:  _____

By:  _____

Title:  _____

Employer/Carrier:  _____

Address:  _____

City/State/Zip:  _____

Telephone:  _____

# ADVANCED MEDICAL CARE & WELLNESS CENTER

2800 Veterans Memorial Boulevard, Suite 140
Metairie, LA 70002
Phone:  504-832-3937      Fax  504-832-3983

**Orthopedic Follow-up:**  12/03/2012
**RE:**   James  Arrington
**Date of Accident:**     05/05/2011

The patient is a 49-year-old black male injured during the BP clean up Oil Spill.  He continues to have low back pain with bilateral leg pain and left knee pain and aching with swelling.

## RANGE OF MOTION:

On exam, he walks with a limp favoring his left side.  He has moderate tenderness in the low back.  Mobility of the low back is 0 degrees extension to about 50 to 60 degrees in forward flexion.  He has pain on straight leg raising bilaterally, left side greater than the right at 45 degrees.  Deep tendon reflex of the patella and Achilles are +2 and equal.  There is good extensor muscular tone and no evidence of sensory deficit.  No evidence of peripheral edema present.

Patella and Achilles reflex are +2.  The range of motion of the left knee is full from 0 degrees extension to 110 degrees of forward flexion.  Ligaments are stable to varus and valgus stress.  The anterior drawer sign is negative.

I have reviewed diagnostic tests made available; EMG by Dr. Daniel Trahant indicated multiple levels of polyneuropathy consistent with lumbar spinal peripheral nerve injury.

MRI of the lumbar spine indicated 2 to 3 herniated disc in the lumbar spine at L3-L4, L4-L5, and L5-S1.  I have reviewed the MRI films and concur.  Also noted in the MRI, was facet joint arthropathy.  Annular tear was noted by the radiologist indicating this could be a source of pain generated especially at L4-L5 level.

I reviewed a job description of his previous employment, which included the title of beach technician.  It required a lot of bending, stooping and lifting and I do not believe currently Mr. Arrington is available for this type of work.

**CLINICAL IMPRESSION:** Lumbar Discopathy with radiculopathy and traumatic arthropathy of the left knee.

## RECOMMENDATIONS:

He sees Dr. Zimmerman for interventional pain management.  Refilled his medications for pain and reordered chiropractic therapy.

## DIAGNOSTIC TESTING ORDERED OR INTERPRETED:

Reviewed his diagnostic tests.  MRI indicates herniated disc at L3-L4 motion segment and L4-L5 motion segment and a disc bulge at L5-S1.  EMG by Dr. Daniel Trahant also demonstrated distal peripheral neuropathy.

## WORK STATUS:

Disabled.

## PROGNOSIS WITH EXPECTED OUTCOME:

Fair.

**Patient Name:**  James Arrington                    Medical Report
                                                      Page 2

**RESTRICTIONS:**
ADL as tolerated.

**RETURN FOR MEDICAL CLINIC:**
Return in four weeks.

**\*\*Please notify this office of authorization for conservative therapy \*\***

John  Watermeier, MD

Transcribed:  12/04/2012
JW/sgb/pta

# ADVANCED MEDICAL CARE & WELLNESS CENTER
## 2424 Williams Blvd., Ste A & B Kenner, LA 70062
### Ph: (504) 464-0719 Fax: (504) 464-0721

**ATTENTION: Mr. Joey Schilleci, Attorney at Law**
**VIA FAX: 504-833-0936**

**FOLLOW UP EXAMINATION: December 10, 2012**
**RE: Mr. James Arrington**
**Date of Accident: May 5, 2012**

Mr. Arrington presented today for re-evaluation with a brace on the left knee. Patient complained of continued pain in the low back and left knee with radiating pain down both legs with associated numbness and tingling sensation at a pain level of 9 on a scale from 1-10. Patient also stated swelling in the left leg is present occasionally. Arthroscopic procedure for the left knee was performed 7/07/2011 for partial anterior cruciate ligament tear, lateral meniscal tear, and posterior horn medial meniscal tear.

Upon examination, palpable muscle tension was noted in the paravertebral musculatures of the lumbar spine bilaterally. Motion palpation indicated fixations at L3-L5, left SI, and right SI. Range of motion of the cervical spine was within normal limits. Range of motion of the lumbar spine was restricted on extension by 66%. Pain was produced on all ranges of motion. Upon examination of the left knee, pain was produced on flexion and extension. Tenderness to palpation was noted laterally at the joint with slight pain at the patellar tendon. Positive results of orthopedic testing were as follows: Straight Leg Raise, Patrick Faber, Bechterew's, Yeoman's, Hibb's, and Kemp's all bilaterally.

**MRI of the lumbar spine:**
1. Disc herniations at L3-4 and L4-5 and shallow disc bulge at L5-S1.
2. Facet arthropathy and facet joint fluid may represent inflammation.
3. Annular tear may be a pain generator.

**NCV/EMG:**
1. Mild peripheral neuropathy of a mixed motor and sensory type affecting both lower extremities.
2. Mild signs of chronic denervation in musculature of both lower extremities.
3. There is evidence of lumbar and/or sacral motor root pathology.

**IMPRESSION:** Lumbar Discopathy with Myelopathy and Traumatic Arthropathy of the left knee

PATIENT: Mr. James Ar ington                                    INTERIM REPORT
                                                                    Page 2

**RECOMMENDATIONS:** Patient to continue conservative therapy three times a week for four weeks for the low back and left knee to include spinal manipulation, traction, and therapeutic exercises. Therapeutic exercises to include wobble board and strengthening exercises for the quadriceps musculature, as well as Core 1 and McKenzie exercises for the quadratus lumborum musculatures. Possible spinal injections following conservative therapy.

**PROGNOSIS:** Fair

*Kimberly Melancon, D.C.*

**East Bank**
3434 Houma Blvd., Suite 100
Metairie, LA 70006-4277
Tel: (504) 456-7900
Fax: (504) 456-7999

**West Bank**
4809 Wichers Drive
Marrero, LA 70072
Tel: (504) 227-2282
Fax: (504) 227-2252

**PROSCAN**
*imaging.*

| | | | |
|---|---|---|---|
| **Patient Name** | James Arrington | **Case ID** | 3908505 |
| **Patient DOB** | ▇▇1963 | **Referring Physician** | John Watermeier, MD |
| **Exam Date** | 11/26/2012 | **Site Name** | ProScan Imaging East Bank |
| **Exam Type:** | MR Lumbar Spine w/o Contrast | | |

HISTORY: Intervertebral disc disease with myelopathy.

TECHNICAL FACTORS: Long- and short-axis water- and fat-weighted sequences have been obtained.

FINDINGS: Coronal FIESTA sequence shows subtle right lateral bending and no definite soft tissue mass.

Diminished disc signal is seen at L3-4 through L5-S1 where there is also discogenic endplate change.

Conus medullaris terminates posterior to the T12 inferior endplate.

T12-L1 through L2-3: There is no disc herniation, acquired midline, lateral recess, or foraminal stenosis. Mild anterior spondylosis at L2-3 is noted.

L3-4: There is anterior spondylosis, posterior broad-based disc herniation effacing the ventral thecal sac measuring 3 x 10mm in the AP and transverse plane. It is mildly asymmetric towards the left, axial image 12/28. The foramina are patent.

L4-5: There is anterior spondylosis, diminished disc signal, posterior shallow subligamentous disc herniation with concentric annular tear in the midline. The annular tear may be a pain generator. The foramina are stenosed secondary to rostrocaudal subluxation of the facet joints. Annular tear is also noted in the right neural foramen.

L5-S1: There is anterior spondylosis, discogenic endplate change, diminished disc height and signal and a posterior paracentral and medial foraminal disc herniation. There is no contact upon the exiting L5 nerve roots but there is foraminal stenosis.

CONCLUSION:
1. Disc herniations at L3-4 and L4-5 and shallow disc bulge at L5-S1.
2. Facet arthropathy and facet joint fluid may represent inflammation.
3. Annular tear may be a pain generator.



**East Bank**
3434 Houma Blvd., Suite 100
Metairie, LA 70006-4277
Tel: (504) 456-7900
Fax: (504) 456-7999

**West Bank**
4809 Wichers Drive
Marrero, LA 70072
Tel: (504) 227-2282
Fax: (504) 227-2252



---

Arrington, James - Case # 3908505 - MR Lumbar Spine w/o Contrast - 11/26/2012

Thank you for the opportunity to provide your interpretation.

*Bernard A. Landry, MD*

Bernard A. Landry, M.D., FACR
Medical Director - East Bank and West Bank Imaging

BL/cb
D: BAL 11/27/2012 11:13 AM
T: CB 11/27/2012 11:46 AM

# Advanced Medical Care and Wellness Center
2424 Williams Boulevard
Kenner, Louisiana 70062
(504) 464-0719
(504) 464-0721 Fax

**Date & Time Patient Seen:** 12/18/2012        00:00

**Patient's Name:**      James  Arrington

**Date of Injury:**      05/05/2011

The patient is a 50-year-old black male with a history of work accident on 05/05/2011 while at BP clean-up.  He has a history of being stuck in the mud, twisting his body, initially injuring his lower leg and then developing increasing low back pain as well as pain down the left leg.  He has had evaluation and treatment for the left knee including a knee arthroscopy.  He continues with low back and left leg pain primarily at this time.

**RANGE OF MOTION:**
On exam, he walks with a slow gait.  He favors his left leg.  There is moderate tenderness and mild spasm in the low back.  Range of motion is limited to 60 to 70 degrees in forward flexion, backward extension and lateral rotation.  There is moderate pain on straight leg raising on the left side at 25 to 30 degrees.  There is hypoactive reflex and weakness of the extensor musculature of left lower leg compared to the right.  Sensation appears to be intact.  The straight leg raising test is moderately painful.

Exam on the left knee demonstrates mild crepitation.  Ligaments are stable to varus and valgus stress.  No peripheral edema.

**CLINICAL IMPRESSION:**
Traumatic arthropathy of the left knee and lumbar disc syndrome with radiculopathy.

As noted above, lumbar disc syndrome and radiculopathy with internal derangement of left knee.

**RECOMMENDATIONS:**
Asking to begin aggressive chiropractic therapy and a series of epidural spinal injections.  Referred him to Dr. Peter Zimmerman for interventional pain management.  I have refilled his medication of Lortab today.  He just got a prescription apparently this 12/03/2012, so we will give him one more with one refill that should last him at least two months.

**DIAGNOSTIC TESTING ORDERED OR INTERPRETED:**
Reviewed his diagnostic tests.  MRI indicates herniated disc at L3-L4 motion segment and L4-L5 motion segment and a disc bulge at L5-S1.  In addition, he has facet arthropathy and facet joint fluid indicating edema and inflammation.  Annular tear is noted, which may be a source of pain.

EMG by Dr. Daniel Trahant also demonstrated distal peripheral neuropathy.

**WORK STATUS:**
He is still disabled.

**PROGNOSIS WITH EXPECTED OUTCOME:**
Fair.

**RESTRICTIONS:**
He can perform ADL restrictions as tolerated.

Patient Name:  James Arington
Page 2 of 2

**RETURN FOR MEDICAL CLINIC:**
Return here in six to eight weeks.

John  Watermeier, MD

Transcribed:  12/19/2012
JW/sgb/pta

# ADVANCED MEDICAL CARE & WELLNESS CENTER
## 2424 Williams Blvd., Ste A & B Kenner, LA 70062
### Ph: (504) 464-0719 Fax: (504) 464-0721

**ATTENTION: Mr. Joey Schilleci, Attorney at Law**
**VIA FAX: 504-833-0936**

**FOLLOW UP EXAMINATION: December 10, 2012**
**RE: Mr. James Arrington**
**Date of Accident: May 5, 2012**

Mr. Arrington presented today for re-evaluation with a brace on the left knee. Patient complained of continued pain in the low back and left knee with radiating pain down both legs with associated numbness and tingling sensation at a pain level of 9 on a scale from 1-10. Patient also stated swelling in the left leg is present occasionally. Arthroscopic procedure for the left knee was performed 7/07/2011 for partial anterior cruciate ligament tear, lateral meniscal tear, and posterior horn medial meniscal tear.

Upon examination, palpable muscle tension was noted in the paravertebral musculatures of the lumbar spine bilaterally. Motion palpation indicated fixations at L3-L5, left SI, and right SI. Range of motion of the cervical spine was within normal limits. Range of motion of the lumbar spine was restricted on extension by 66%. Pain was produced on all ranges of motion. Upon examination of the left knee, pain was produced on flexion and extension. Tenderness to palpation was noted laterally at the joint with slight pain at the patellar tendon. Positive results of orthopedic testing were as follows: Straight Leg Raise, Patrick Faber, Bechterew's, Yeoman's, Hibb's, and Kemp's all bilaterally.

**MRI of the lumbar spine:**
1. Disc herniations at L3-4 and L4-5 and shallow disc bulge at L5-S1.
2. Facet arthropathy and facet joint fluid may represent inflammation.
3. Annular tear may be a pain generator.

**NCV/EMG:**
1. Mild peripheral neuropathy of a mixed motor and sensory type affecting both lower extremities.
2. Mild signs of chronic denervation in musculature of both lower extremities.
3. There is evidence of lumbar and/or sacral motor root pathology.

**IMPRESSION:** Lumbar Discopathy with Myelopathy and Traumatic Arthropathy of the left knee

PATIENT: Mr. James Arrington                    INTERIM REPORT
                                                Page 2

**RECOMMENDATIONS:** Patient to continue conservative therapy three times a week for four weeks for the low back and left knee to include spinal manipulation, traction, and therapeutic exercises. Therapeutic exercises to include wobble board and strengthening exercises for the quadriceps musculature, as well as Core 1 and McKenzie exercises for the quadratus lumborum musculatures. Possible spinal injections following conservative therapy.

**PROGNOSIS:** Fair

*Kimberly Melancon, D.C.*

# ADVANCED MEDICAL CARE & WELLNESS CENTER

### 2800 Veterans Memorial Boulevard, Suite 140
### Metairie, LA 70002
### Phone:  504-832-3937      Fax  504-832-3983

**Orthopedic Follow-up:**  10/16/2012
**RE:**   James Arrington
**Date of Accident:**    05/05/2011

The patient is a 49-year-old black male with a history of being stuck in mud twisting his body, initially injuring his leg, now developing increasing low back pain, as well as left leg referral and also pain in the left knee.
He complains primarily of numbness in the region of the distal thigh, lateral aspect of the left knee and extending into the lateral calf. He also complains of pain in the left knee.

## RANGE OF MOTION:
He has mild tenderness in the low back.  His range of motion is 0 degrees extension to 75 to 80 degrees of forward flexion, backward extension, and lateral rotation.  There is mild tenderness and minimal muscle spasm.
The patient is wearing a brace for the left knee.  This is removed.  There is a mild crepitation noted on range of motion, which is full from 0 degrees extension to 120 degrees of flexion.  Ligaments are stable with varus and valgus stress.  There is moderate tenderness on the lateral aspect of the knee.  McMurray's test is negative.  Anterior drawer sign is negative.  Deep tendon reflex of the patella and Achilles are +2 and equal bilaterally.  Straight leg raising is mildly uncomfortable on the left side.

## CLINICAL IMPRESSION:
Traumatic arthropathy of the left knee and rule out lumbar disc syndrome.

## RECOMMENDATIONS:
Recommend conservative therapy for his knee and low back.  Also refill of medications for pain.  He previously took hydrocodone 10/325, which did help; therefore, we will continue that medication.

## DIAGNOSTIC TESTING ORDERED OR INTERPRETED:
Recommended a MRI of the lumbar spine.

## WORK STATUS:
Disabled.

## PROGNOSIS:
Fair.

## RESTRICTIONS:
ADL as tolerated.

## RETURN FOR MEDICAL CLINIC:
He is to return here in four weeks.
**\*\*Please notify this office of authorization for conservative therapy \*\***
John  Watermeier, MD

Transcribed: 10/17/2012
JW/sgb/pnk/A

11-02-12;04:14PM;                                        ;504-464-0721        # 4/ 7

# ADVANCED MEDICAL CARE & WELLNESS CENTER

*2424 Williams Blvd.*                           Ph: (504) 464-0719
*Kenner, LA 70062*                             Fax: (504) 464-0721

**ATTENTION: Mr. Joey Schilleci, Attorney at Law**
**VIA FAX: 504-833-0936**

**RE: Mr. James Arrington          CLAIM#: 163127**
**Date of Examination: October 16, 2012**
**Date of Accident: May 5, 2011**

The following criteria have been met in accordance with the Office of Workers' Compensation Administration minimum submission of documentation guideline.

1. <u>Most recent clinical notes</u> - See attached dictated report.

2. <u>Diagnosis with ICD-9 codes</u> - 722.73  Lumbar Discopathy with Myelopathy
                                     716.1   Traumatic Arthropathy of the left knee

3. <u>Type of service requested</u> -
   Medication —  Hydrocodone 10/325

   Testing-        MRI of the lumbar spine

   Therapy -       Conservative Therapy 3 times a week for 4 weeks to include but not limited to:
                   Electrical Stimulation with Ice or Heat for pain control (97014, 97010)
                   Spinal/Extraspinal Adjustment (98940..98941..98943)
                   Therapeutic Exercise - Lumbar Stretching and Core Strengthening, Lumbar
                   McKenzie exercises, back extensions, and quadriceps/gastrocnemius
                   strengthening exercises (97110)
                   Patient Education - Proper lifting strategy and ergonomics
                   Neuromuscular re-education - PNF of the Paralumbar and quadriceps
                   musculatures, Wobble board and wobble chair activities (97112-59)
   M.D. Re-evaluation in FOUR weeks

4. <u>Prognosis including expected outcome of treatment</u> - Anticipated Fair with conservative therapy and
   further diagnostic testing. A 50% reduction in pain and return of function is expected.

5. <u>Any diagnostic test results and interpretations</u> - MRI of the left knee: large joint effusion with
findings suspicious for a partial ACL tear. EMG/NCV of the lower extremities: Mild peripheral
polyneuropathy of a mixed motor and sensory type affecting both lower extremities. Mild signs of
chronic denervation in musculature of both lower extremities. Lumbar and/or sacral motor root
pathology.

*John J. Watermeier, M.D.*

kmm

11-02-12;04:14PM;                                   ;504-464-0721        # 5/ 7

# ADVANCED MEDICAL CARE & WELLNESS CENTER

## 2800 Veterans Memorial Boulevard, Suite 140
### Metairie, LA 70002
### Phone: 504-832-3937      Fax 504-832-3983

**Orthopedic Follow-up:** 10/16/2012
**RE:**   James Arrington
**Date of Accident:**   05/05/2011

The patient is a 49-year-old black male with a history of being stuck in mud twisting his body, initially injuring his leg, now developing increasing low back pain, as well as left leg referral and also pain in the left knee. He complains primarily of numbness in the region of the distal thigh, lateral aspect of the left knee and extending into the lateral calf. He also complains of pain in the left knee.

**RANGE OF MOTION:**
He has mild tenderness in the low back. His range of motion is 0 degrees extension to 75 to 80 degrees of forward flexion, backward extension, and lateral rotation. There is mild tenderness and minimal muscle spasm.
The patient is wearing a brace for the left knee. This is removed. There is a mild crepitation noted on range of motion, which is full from 0 degrees extension to 120 degrees of flexion. Ligaments are stable with varus and valgus stress. There is moderate tenderness on the lateral aspect of the knee. McMurray's test is negative. Anterior drawer sign is negative. Deep tendon reflex of the patella and Achilles are +2 and equal bilaterally. Straight leg raising is mildly uncomfortable on the left side.

**CLINICAL IMPRESSION:**
Traumatic arthropathy of the left knee and rule out lumbar disc syndrome.

**RECOMMENDATIONS:**
Recommend conservative therapy for his knee and low back. Also refill of medications for pain. He previously took hydrocodone 10/325, which did help; therefore, we will continue that medication.

**DIAGNOSTIC TESTING ORDERED OR INTERPRETED:**
Recommended a MRI of the lumbar spine.

**WORK STATUS:**
Disabled.

**PROGNOSIS:**
Fair.

**RESTRICTIONS:**
ADL as tolerated.

**RETURN FOR MEDICAL CLINIC:**
He is to return here in four weeks.
         **Please notify this office of authorization for conservative therapy **
John Watermeier, MD

Transcribed: 10/17/2012
JW/sgb/pnk/A

# DANIEL J. TRAHANT, M.D.
## NEUROLOGY AND ELECTROMYOGRAPHY

PLAZA 1 BUILDING
3901 HOUMA BLVD.
SUITE 305
METAIRIE, LA 70006
TELEPHONE (504) 779-6400
FAX (504) 779-6405



## ELECTRODIAGNOSTIC REPORT

**DATE:** 10/18/12

**IDENTIFICATION DATA:**
Name:  JAMES ARRINGTON
DOB: ▓/63
Referring Physician:  DR. WATERMEIR

**CLINICAL SUMMARY:**
Patient complains of left leg pain from back down left lower extremity.  Also swelling of left lower extremity.  Patient has history of left knee arthroscopic procedure approximately one year ago.

**TECHNICAL DATA:**

**NERVE CONDUCTION STUDY:**  (per Performance Medical)
Borderline peroneal motor nerve conduction velocities.
Delay of left posterior tibial motor nerve conduction velocity.
Normal right posterior tibial motor nerve conduction velocity.
Normal peroneal and left posterior tibial motor distal latencies.
Delay of right posterior tibial motor distal latency.
Absent left superficial peroneal sensory distal latency.
Normal right superficial peroneal sensory distal latency.
Normal left sural sensory distal latency.
Borderline right sural sensory distal latency.
Abnormal peroneal and posterior tibial F waves.
Abnormal H reflexes.

**ELECTROMYOGRAPHY OF LOWER EXTREMITIES:**  An EMG of both lower extremities and lumbar paraspinous muscles was accomplished.  There were normal to increased amplitude motor units and normal to increased duration motor units recorded in the left and right extensor digitorum brevis, gastrocnemius, extensor hallucis, and lumbar paraspinous muscles.  Needle insertion and study of left and right anterior tibialis and hamstring muscle were normal.  There were no abnormal potentials at rest.  Insertional activity was normal.

October 18, 2012
Electrodiagnostics
James Arrington
Page 2

**CLINICAL INTERPRETATION:**

1.  Nerve conduction study of lower extremities is compatible with a mild peripheral polyneuropathy of a mixed motor and sensory type affecting both lower extremities.

2.  There are mild signs of chronic denervation in musculature of both lower extremities.

3.  In addition, there is evidence of lumbar and/or sacral motor root pathology; however, level cannot be determined due to denervative changes associated with underlying peripheral polyneuropathy.

_____

DANIEL J. TRAHANT, M.D.

DJT/fpw

DANIEL J TRAHANT MD

PAGE 02

# ELECTRODIAGNOSTIC REPORT

NAME    James Arrington

DIAGNOSIS      REFERRED BY:   Dr. Watermeier

## NERVE CONDUCTION STUDIES

LOWER EXTREMITIES

| NERVE | MODE | COND. VELOCITY | N.m/sec | LATENCY | N.m/sec |
|---|---|---|---|---|---|
| LEFT PERONEAL | M | | >42 | | <5.5 |
| LEFT POSTERIOR TIBIAL | M | | >40 | | <7.5 |
| LEFT SURAL | S | | | | <4.1 |
| RIGHT PERONEAL | M | | >42 | | <5.5 |
| RIGHT POSTERIOR TIBIAL | M | | >40 | | <7.5 |
| RIGHT SURAL | S | | | | <4.1 |

COMMENTS

## ELECTROMYOGRAPHY

LOWER EXTREMITIES

| MUSCLE | POTENTIALS AT REST FIB. FASIC. | | INSERTION ACTIVITY | AMP. | DUR. | FULL EFFORT | WAVE FORM |
|---|---|---|---|---|---|---|---|
| LEFT EXT. DIG. BREVIS | | | | | | | |
| LEFT GASTROCNEMIUS | | | | | | | |
| LEFT EXT. HALLUCIS | | | | | | | |
| LEFT ANT. TIBIALIS | | | | | | | |
| LEFT QUADRICEPS | | | | | | | |
| LEFT HAMSTRINGS | | | | | | | |
| LEFT LUMBAR PARASPINOUS | | | | | | | |
| | | | | | | | |
| RIGHT EXT. DIG. BREVIS | | | | | | | |
| RIGHT GASTROCNEMIUS | | | | | | | |
| RIGHT EXT. HALLUCIS | | | | | | | |
| RIGHT ANT. TIBIALIS | | | | | | | |
| RIGHT QUADRICEPS | | | | | | | |
| RIGHT HAMSTRINGS | | | | | | | |
| RIGHT LUMBAR PARASPINOUS | | | | | | | |

INTERPRETATION:

SEE NARRATIVE REPORT

DATE    10/18/2012

Daniel J Trahant, M.D.

# PERFORMANCE MEDICAL *Email*

551 HICKORY AVE
HARAHAN, LA 70123
(504) 734 - 1927   OCT 1 9 2012

BY: *[signature]*

Test Date: 10/18/2012

| Patient: | James Arrington | DOB: | ██/1963 | Physician: | Dr. Trahant-EMG |
|---|---|---|---|---|---|
| Sex: | Male | Height: | 6'2" | Ref Phys: | John Watermeier M.D. |
| ID#: | 420046351 | Weight: | 220 lbs. | Technician: | Joan |

## Patient History

Patient c/o left leg pain from the back down into the ankle, swelling comes and goes. Left ankle is very swollen today. Not diabetic.

## Nerve Conduction Studies
### Lower Motor Left/Right Comparison

| Site | L Lat (ms) | R Lat (ms) | L-R Lat (ms) | L Amp (mV) | R Amp (mV) | L-R Amp (%) | Site1 | Site2 | L Vel (m/s) | R Vel (m/s) | L-R Vel (m/s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Peroneal Lower Motor (Ext Dig Brev) | | | | | | | | | | | |
| Ankle | 4.4 | 4.8 | 0.4 | 1.9 | 5.6 | 66.1 | B Fib | Ankle | 40 | 39 | 1 |
| B Fib | 13.1 | 13.8 | 0.7 | 1.8 | 5.4 | 66.7 | Poplt | B Fib | 43 | 55 | 12 |
| Poplt | 16.6 | 16.6 | 0.0 | 2.1 | 4.8 | 56.3 | | | | | |
| Tibial Lower Motor (Abd Hall Brev) | | | | | | | | | | | |
| Ankle | 4.2 | 8.1 | 3.9 | 2.8 | 3.0 | 6.7 | Knee | Ankle | 38 | 42 | 4 |
| Knee | 15.9 | 19.4 | 3.5 | 3.5 | 3.9 | 10.3 | | | | | |

### Lower Sensory Left/Right Comparison

| Site | L Lat (ms) | R Lat (ms) | L-R Lat (ms) | L Amp (μV) | R Amp (μV) | L-R Amp (%) |
|---|---|---|---|---|---|---|
| Sup Perona Lower Sensory (Ant Lat Mall) | | | | | | |
| 14 cm | 3.7 | 3.8 | 0.1 | 7.2 | 6.4 | 11.1 |
| Site 2 | | | | | | |
| Site 3 | | | | | | |
| Site 4 | | | | | | |
| Sural Lower Sensory (Lat Mall) | | | | | | |
| Calf | 3.3 | 3.7 | 0.4 | 4.9 | 8.9 | 44.9 |
| Site 2 | 2.4 | | | 1.0 | | |

## Nerve Conduction Studies
### Lower Motor Summary Table

| Site | NR | Onset (ms) | Norm Onset (ms) | O-P Amp (mV) | Norm O-P Amp | Amp% (1st) | Site1 | Site2 | Delta-O (ms) | Dist (cm) | Vel (m/s) | Norm Vel (m/s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Left Peroneal Lower Motor (Ext Dig Brev) | | | | | | | | | | | | |
| Ankle | | 4.4 | <5.5 | 1.9 | >2.5 | 100.0 | B Fib | Ankle | 8.7 | 34.5 | 40 | >40 |
| B Fib | | 13.1 | | 1.8 | | 94.7 | Poplt | B Fib | 3.5 | 15.0 | 43 | >40 |
| Poplt | | 16.6 | | 2.1 | | 110.5 | | | | | | |
| Right Peroneal Lower Motor (Ext Dig Brev) | | | | | | | | | | | | |
| Ankle | | 4.8 | <5.5 | 5.6 | >2.5 | 100.0 | B Fib | Ankle | 9.0 | 35.0 | 39 | >40 |
| B Fib | | 13.8 | | 5.4 | | 96.4 | Poplt | B Fib | 2.8 | 15.5 | 55 | >40 |
| Poplt | | 16.6 | | 4.8 | | 85.7 | | | | | | |
| Left Tibial Lower Motor (Abd Hall Brev) | | | | | | | | | | | | |
| Ankle | | 4.2 | <6.0 | 2.8 | >3.0 | 100.0 | Knee | Ankle | 11.7 | 45.0 | 38 | >41 |
| Knee | | 15.9 | | 3.5 | | 125.0 | | | | | | |
| Right Tibial Lower Motor (Abd Hall Brev) | | | | | | | | | | | | |

**Patient:** Arrington, James          **Test Date:** 10/18/2012          **Page 2**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Ankle | 8.1 | <6.0 | 3.0 | >3.0 | 100.0 | Knee | Ankle | 11.3 | 47.5 | 42 | >41 |
| Knee | 19.4 | | 3.9 | | 130.0 | | | | | |

### Lower Sensory Summary Table

| Site | NR | Peak (ms) | Norm Peak (ms) | O-P* Amp (µV) | Norm O-P Amp | Site1 | Site2 | Delta-P (ms) | Dist (cm) |
|---|---|---|---|---|---|---|---|---|---|
| **Left Sup Peron Lower Sensory (Ant Lat Mall)** | | | | | | | | | |
| 14 cm | | 3.7 | <4.6 | 7.2 | >5.0 | 14 cm | Ant Lat Mall | 3.7 | 14.0 |
| Site 2 | NR | | | | | | | | |
| Site 3 | NR | | | | | | | | |
| Site 4 | NR | | | | | | | | |
| **Right Sup Peron Lower Sensory (Ant Lat Mall)** | | | | | | | | | |
| 14 cm | | 3.8 | <4.6 | 6.4 | >5.0 | 14 cm | Ant Lat Mall | 3.8 | 14.0 |
| **Left Sural Lower Sensory (Lat Mall)** | | | | | | | | | |
| Calf | | 3.3 | <4.0 | 4.9 | >5.0 | Calf | Lat Mall | 3.3 | 14.0 |
| Site 2 | | 2.4 | | 1.0 | | | | | |
| **Right Sural Lower Sensory (Lat Mall)** | | | | | | | | | |
| Calf | | 3.7 | <4.0 | 8.9 | >5.0 | Calf | Lat Mall | 3.7 | 14.0 |

### F Wave Studies

| NR | F-Lat (ms) | Lat Norm (ms) | L-R F-Lat (ms) | L-R Lat Norm |
|---|---|---|---|---|
| **Left Peroneal (Mrkrs) (EDB)** | | | | |
| NR | | <60 | | <5.1 |
| **Right Peroneal (Mrkrs) (EDB)** | | | | |
| | 60.00 | <60 | | <5.1 |
| **Left Tibial (Mrkrs) (Abd Hallucis)** | | | | |
| | 67.11 | <61 | 3.28 | <5.7 |
| **Right Tibial (Mrkrs) (Abd Hallucis)** | | | | |
| | 70.39 | <61 | 3.28 | <5.7 |

### H Reflex Studies

| NR | H-Lat (ms) | L-R H-Lat (ms) | L-R Lat Norm |
|---|---|---|---|
| **Left Tibial (Gastroc)** | | | |
| | 34.22 | 1.77 | <2.0 |
| **Right Tibial (Gastroc)** | | | |
| | 35.99 | 1.77 | <2.0 |

### Waveforms:



**Patient: Arrington, James**     **Test Date: 10/18/2012**     Page 3



**Patient:** Arrington, James          **Test Date:** 10/18/2012          Page 4



## Medications

## Insurance

## Conclusions

# Advanced Medical Care and Wellness Center
### 2424 Williams Boulevard
### Kenner, Louisiana 70062
### (504) 464-0719
### (504) 464-0721 Fax

**Date & Time Patient Seen:** 05/31/2012    00:00

**Patient's Name:**    James  Arrington

**Date of Injury:**    05/05/2011

**ADDENDUM:**
Please add to his medical report of May 15, 2012.  I have reviewed his medical records provided of his prior treatments including therapy and subsequent surgery by Dr. Higgins on July 07, 2011.  I am still recommending the patient have an EMG of the lower extremities based on his symptoms of neuropathic pain and aching in the extremity.  In addition, I recommend more aggressive physical therapy, as the treatment he has had up-to-date has not improved or relieved him of chronic condition.  He still needs medications for pain on a regular basis.  He should return in four weeks for a follow-up visit after his EMG.


                              John  Watenmeier, MD.


Transcribed: 06/01/2012
JW/aps/pta

# Advanced Medical Care and Wellness Center

2424 Williams Boulevard
Kenner, Louisiana 70062
(504) 464-0719
(504) 464-0721 Fax

**Date & Time Patient Seen:** 05/15/2012      00:00

**Patient's Name:**      James Arrington

**Date of Injury:**      05/05/2011

A 48-year-old black male followed for status post left knee injury and subsequent left knee surgery. He continues to have pain in the left knee as well as in the region of the left anterior tibial tendonitis. He has not improved with the passage of time.

**PHYSICAL EXAMINATION:**
Today he walks with a limp. He is wearing his left knee brace. He has swelling on the region of the left ankle over the tibialis anterior muscular tendon region with tenderness there as well. He has a painful range of motion of the left knee and joint line tenderness. Range of motion of the knee is 0 degree extension to about 90 degree of flexion. Ligament is stable to varus and valgus stress.

**CLINICAL IMPRESSION:**
At this time is internal derangement of the left knee and possible peripheral traumatic neuropathy as noted previously as well as peripheral tendonitis.

**RECOMMENDATION:**
I have refilled his Lortab 7.5/500 mg, #60 with one refill today for pain and I have asked to return in six to eight weeks; perhaps an injection therapy would help, but this has to be approved.

John Watermeier, MD

Transcribed: 05/22/2012
JW/asd/pta

# Performance Medical
551 Hickory Ave. Harahan, LA 70123
Tel: (504) 734-1927   Fax: (504) 734-1293

## Preauthorization Form

Patient Name _James Arrington_

Address _261 Riverview Dr_ City _St. Rose_ State _La._ Zip _70087_

Phone (Home) _251-625-7194_ Work _____

Social Sec. No.: _____-6351_ Date of Birth _____-63_ F M

Insurance Company _WC (LWCC)_ Policy holder's Name: _self_

Worker's Compensation _LWCC2_ _approval focus_

Address of Ins. Co. _P.O. 98054_ City _B.R._ State _La._ Zip _70898_

Phone No. _225-231-0895_ Contact Person: _Jamie LeBlanc_ (auth on back page)

Policy# _16327_ Group# _____ _225-231-026(Fax)_

Medicare No: _____ Medicaid No: _____ _Fax also to 464-_

Physician Name: _John Watermeier_ Contact Person: _Melissa_

Physician Signature _on back page_ Date: _____ _464-0719_

Physician Phone No: _464-0719_ Fax No: _464-0721_

## Diagnosis:

| | | | | |
|---|---|---|---|---|
| ___ | Carpal Tunnel | 354.0 | Arm Pain | 729.5 |
| ___ | Tarsal Tunnel | 355.5 | Parathesis | 782.0 |
| ___ | Isolated Entrapment Neurop. | 355.9 | Peripheral Nerve injury | 957.1,975.8 |
| ___ | Radiculopathy (i.e. Sciatica) | 729.2 | Mononeuropathy | 355.9 |
| ___ | Back Pain | 724.5 | Polyneuropathy | 356.9 |
| ___ | Leg Pain | 729.5 | Diabetes / Polyneuropathy | 357.2 |
| ___ | Neck Pain | 723.1 | Diabetes with Manifestations | 250.6 |

℞

| NCS | EMG/NCS |
|---|---|
| ☐ Upper Extremities | ☐ Upper Extremities |
| ☐ Lower Extremities | ☒ Lower Extremities |

I hereby authorize Performance Medical to furnish information to insurance carriers concerning my illness and treatments and hereby assign to Performance Medical all payments for medical services rendered to myself or my dependents. I understand that I am responsible for any amount not covered by my insurance company.

Date: _10/18/12_   Signature: _____

## FOR OFFICE USE ONLY

Test Scheduled Date: _Oct 18   9:30_   Location: _(8) Trahat/Watermeier_

## ADVANCED MEDICAL CARE & WELLNESS CENTER
2424 Williams Blvd., Suite A, Kenner LA 70062
Ph: 504-464-0719
Fax: 504-464-0721

DATE: 3/13/12

PATIENT: James Arrington

Rx:

GMG/NES LE

CONS Chiro & (2)three

Refills _____ NR

John Watermeier, M.D.

DEA# _____

02-10-12;02:56PM;                                                    ;504-464-0721          #  3/  6

# Advanced Medical Care and Wellness Center

2424 Williams Boulevard
Kenner, Louisiana 70062
(504) 464-0719
(504) 464-0721 Fax

## INITIAL MEDICAL EVALUATION

**Date & Time Patient Seen:**  01/09/2012 19:52

**Patient's Name:**        James Arrington

**Date of Accident:**       05/05/2011

### Chief Complaints:
Mr. Arrington is a 48-year-old black male that was involved in a work-related injury. He was working in the shoreline and apparently stepped on to wet sand, twisted his knee, injuring it on the left side. Complaining of acute onset of pain and swelling. He did go to the workman comp physician at time of the injury, Dr. Alexius. He was evaluated there and was diagnosed to have knee sprain. Subsequently following up two days later, he was still having continued pain and swelling and an MRI was done, which showed positive injuries to the ACL according to the patient as well as to the meniscus. Subsequently referred to Dr. Hagan, orthopedist. He started doing therapy for several weeks and since there was no significant improvement, arthroscopic surgery was done with repair of the meniscus and of the ligament. Charts and records are not available yet. Subsequently, he did therapy for about three to four months afterwards with no significant improvement. He was released back to work on 10/12/2011. He said he was unable to do any work and in the meantime he has not seen any other physicians. He says the pain is persistent on the left knee, unable to stand up for long periods of time and when he goes up and down stairs, he feels like it is unstable with intermittent swelling. He has not been using any medications. He has been using a compressive wrap with some slight improvement. He still had difficulty extending the leg fully and had some pain upon medial and lateral straightening of the leg. He is describing the pain as 7/10.

### Past Medical History:
No history of high blood pressure, heart disease, diabetes mellitus, renal disease, peptic ulcer disease, COPD or asthma.

### Past Surgical History:
Positive for left knee surgery and possibly with the abdomen.

### Allergies:
The patient has no known drug allergies. He is allergic to some sea foods.

### Current Medications:
Prescription Medications: None except over-the-counter medications, very rarely.

### Family History:
Positive for heart disease.

### Social History:
He smokes about half a pack a day. He denies ETOH abuse.

### Occupation:
He is in construction -shoreline cleanup.

Patient:  James Arrington**Error! Unknown document property name.**
Page 2 of 2

## Physical Examination:

This is a well-developed, well-nourished, very pleasant, young man, ambulatory and cooperative, 211 pounds and 6'2",
right-handed individual.  Blood pressure is 110/68, pulse 72, respirations normal.  HEENT: Atraumatic.  Eyes:  PERRLA.
No bruising, ecchymosis or laceration.  CNS within normal limits.  Neck:  Supple.  Chest is clear.  No wheezing, rales, or
rhonchi.  Heart:  Regular rhythm and rate.  Abdomen is soft.  No CVA tenderness.  Abdomen showed no guarding or rebound.
Pelvic rock is normal.  Straight leg raise is normal.  Right knee shows some minimal crepitus.  Negative anterior and
posterior drawer.  No medial and lateral instability.  Left knee showed some significant crepitus upon opening and closing
knee joint itself.  Increased pain to medial and lateral stress.  There is some minimal swelling noted in the infrapatellar aspect
and pain with anterior and posterior drawer, but no instability noted.  No distal neurological compromise noted.  Ankle
appears to be within normal limits.

## Impression:
History of a work-related injury with left knee injury by history that of a meniscus tear and ACL tear with postoperative
repair with continued pain and instability.  844.2 ACL tear. 836.2 Meniscus tear. 717.9 Instability of the knee.

## Recommendations:
At present, I would like to place a recommendation in for orthopedic evaluation by Dr. Watermeier and pain management. In
the meantime, we will start him on Meloxicam 15 mg p.o. q.d. and Flexeril 5 mg p.o. q.8. I would like to see him back in
four weeks. No recommendation for therapy at the present moment. I would like to review the recommendation by Dr.
Watermeier.

## Prognosis:
Fair.

## WORK STATUS:
Considered to be disabled temporarily.  Reevaluate in four weeks.


                                                    Jerome Kurpel, M.D.


Transcribed: 01/10/2012

JK/asd/pta

LOUISIANA WORKERS' COMPENSATION CORPORATION
Claim Payments Report
For Payment Dates 10/01/1992 Through 06/29/2018
For Claim Number 163127
Claimant Arrington, James

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|---|---|---|---|---|---|---|
| 05/27/11 | 39813-2 | HIGGINS, JASON A. | $165.60 | 05/10/11 | 05/10/11 | 4046130 |
| 06/07/11 | 34095-1 | PHYSIOFIT, LLC - RACELAND | $137.70 | 05/18/11 | 05/18/11 | 4048288 |
| 06/07/11 | 39813-2 | HIGGINS, JASON A. | $61.20 | 05/24/11 | 05/24/11 | 4048247 |
| 06/10/11 | 34095-1 | PHYSIOFIT, LLC - RACELAND | $90.90 | 05/23/11 | 05/23/11 | 4049798 |
| 06/14/11 | 9001-0 | DRUGS | $31.12 | 05/24/11 | 06/10/11 | 4050444 |
| 06/14/11 | 36885-3 | PERFORMANCE REHABILITATION SERVICES LLC | $461.19 | 05/24/11 | 05/24/11 | 4050427 |
| 06/14/11 | 34095-0 | JONGBLOETS, RUTGERUS F. | $118.80 | 05/27/11 | 05/27/11 | 4050281 |
| 06/16/11 | 34095-1 | PHYSIOFIT, LLC - RACELAND | $90.90 | 05/25/11 | 05/25/11 | 4051634 |
| 06/16/11 | 34095-1 | PHYSIOFIT, LLC - RACELAND | $118.80 | 05/31/11 | 05/31/11 | 4051634 |
| 06/17/11 | 34095-8 | TOUPS, TRAVIS | $112.20 | 06/01/11 | 06/01/11 | 4051857 |
| 06/22/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $303.36 | 05/18/11 | 05/31/11 | 4053499 |
| 06/23/11 | 34095-1 | PHYSIOFIT, LLC - RACELAND | $118.80 | 06/03/11 | 06/03/11 | 4053600 |
| 06/23/11 | 34095-8 | TOUPS, TRAVIS | $112.20 | 06/07/11 | 06/07/11 | 4053563 |
| 06/23/11 | 18817-1 | BABIN, MICHAEL D. | $158.10 | 06/09/11 | 06/09/11 | Mltiple |
| 06/27/11 | 39813-2 | HIGGINS, JASON A. | $50.00 | 06/22/11 | 06/22/11 | 4054108 |
| 06/27/11 | 18817-1 | BABIN, MICHAEL D. | $243.10 | 06/13/11 | 06/13/11 | 4054041 |
| 06/28/11 | 18817-1 | BABIN, MICHAEL D. | $249.90 | 06/15/11 | 06/15/11 | 4054243 |
| 06/28/11 | 39813-2 | HIGGINS, JASON A. | $61.20 | 06/16/11 | 06/16/11 | 4054220 |
| 06/30/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 06/22/11 | 06/22/11 | 4055490 |
| 07/07/11 | 40571-1 | ALL INDUSTRIAL MEDICAL SERVICES | $237.00 | 05/06/11 | 05/06/11 | 4057200 |
| 07/11/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $244.80 | 06/01/11 | 06/28/11 | 4057812 |
| 07/11/11 | 18817-1 | BABIN, MICHAEL D. | $184.45 | 06/28/11 | 06/28/11 | 4057665 |
| 07/14/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 07/01/11 | 07/01/11 | 4059130 |
| 07/20/11 | 10236-0 | THIBODAUX REGIONAL MEDICAL CENTER | $62.70 | 07/05/11 | 07/05/11 | 4060679 |
| 07/21/11 | 39595-0 | ANESTHESIA ASSOCIATES OF LOUISIANA APMC | $320.00 | 07/07/11 | 07/07/11 | 4060952 |
| 07/22/11 | 39081-1 | BAYOU REGION SURGICAL CENTER | $3,937.18 | 07/07/11 | 07/07/11 | 4061163 |

* denotes a canceled transaction, and is not included in the total calculations

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/29/2018

For Claim Number 163127

Claimant Arrington, James

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|----------|--------|-------------|-------------|---------|---------|----------|
| 07/31/11 | 18817-1 | BABIN, MICHAEL D. | $206.55 | 07/18/11 | 07/18/11 | 4062878 |
| 07/31/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 07/20/11 | 07/20/11 | 4062878 |
| 08/01/11 | 25693-24 | RAIS, MOHAMMED | $24.00 | 07/05/11 | 07/05/11 | 4063011 |
| 08/02/11 | 39813-2 | HIGGINS, JASON A. | $1,606.00 | 07/07/11 | 07/07/11 | 4063240 |
| 08/12/11 | 18817-1 | BABIN, MICHAEL D. | $184.45 | 07/25/11 | 07/25/11 | 4066272 |
| 08/12/11 | 18817-1 | BABIN, MICHAEL D. | $184.45 | 07/27/11 | 07/27/11 | 4066272 |
| 08/15/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $212.16 | 07/01/11 | 07/27/11 | 4066607 |
| 08/15/11 | 18817-1 | BABIN, MICHAEL D. | $184.45 | 07/22/11 | 07/22/11 | 4066486 |
| 08/16/11 | 18817-1 | BABIN, MICHAEL D. | $184.45 | 08/01/11 | 08/01/11 | 4066696 |
| 08/19/11 | 35403-0 | THIRD PARTY SOLUTIONS INC | $27.89 | 07/19/11 | 07/19/11 | 4068116 |
| 08/23/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 08/08/11 | 08/08/11 | 4068501 |
| 08/24/11 | 39813-2 | HIGGINS, JASON A. | $50.00 | 08/03/11 | 08/03/11 | 4069647 |
| 08/25/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 08/10/11 | 08/10/11 | 4069876 |
| 08/29/11 | 35403-0 | THIRD PARTY SOLUTIONS INC | $108.03 | 07/05/11 | 07/05/11 | 4070403 |
| 08/29/11 | 35403-0 | THIRD PARTY SOLUTIONS INC | $23.76 | 07/15/11 | 07/15/11 | 4070403 |
| 08/29/11 | 35403-0 | THIRD PARTY SOLUTIONS INC | $23.76 | 08/05/11 | 08/05/11 | 4070403 |
| 09/01/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 08/12/11 | 08/12/11 | 4071827 |
| 09/02/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 08/17/11 | 08/17/11 | 4072033 |
| 09/08/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 08/19/11 | 08/19/11 | 4073588 |
| 09/09/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 08/22/11 | 08/22/11 | 4073815 |
| 09/09/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 08/24/11 | 08/24/11 | 4073815 |
| 09/14/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $132.60 | 08/02/11 | 08/26/11 | 4075275 |
| 09/20/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 08/30/11 | 08/30/11 | 4075932 |
| 09/22/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 09/01/11 | 09/01/11 | 4077248 |
| 09/26/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 09/06/11 | 09/06/11 | 4077615 |
| 09/29/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 09/13/11 | 09/13/11 | 4079056 |

* denotes a canceled transaction, and is not included in the total calculations

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/29/2018

For Claim Number 163127

Claimant Arrington, James

**Medical Payments**

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|----------|--------|-------------|-------------|---------|---------|----------|
| 10/04/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 09/16/11 | 09/16/11 | 4079646 |
| 10/07/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 09/20/11 | 09/20/11 | 4081319 |
| 10/07/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 09/22/11 | 09/22/11 | 4081319 |
| 10/12/11 | 9001-0 | DRUGS | $14.82 | 05/16/11 | 06/16/11 | 4082968 |
| 10/14/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 09/27/11 | 09/27/11 | 4083239 |
| 10/14/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 09/29/11 | 09/29/11 | 4083239 |
| 10/18/11 | 39813-2 | HIGGINS, JASON A. | $61.20 | 10/10/11 | 10/10/11 | 4083546 |
| 10/21/11 | 18817-1 | BABIN, MICHAEL D. | $204.85 | 10/04/11 | 10/04/11 | 4085138 |
| 10/25/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $225.42 | 09/02/11 | 10/13/11 | 4085629 |
| 10/27/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 10/13/11 | 10/13/11 | 4086819 |
| 11/04/11 | 18817-1 | BABIN, MICHAEL D. | $177.65 | 10/18/11 | 10/18/11 | 4089118 |
| 11/08/11 | 32354-0 | DJO LLC | $617.06 | 05/10/11 | 05/10/11 | 4089607 |
| 05/11/12 | 40571-3 | ALEXIUS, JAY C. | $68.00 | 10/12/11 | 10/12/11 | 4136286 |
| 09/05/12 | 37152-0 | INSURED WORKERS PHARMACY LLC | $352.58 | 01/09/12 | 01/09/12 | 4164750 |
| 09/05/12 | 37152-0 | INSURED WORKERS PHARMACY LLC | $143.57 | 01/23/12 | 01/23/12 | 4164750 |
| 09/05/12 | 37152-0 | INSURED WORKERS PHARMACY LLC | $209.01 | 02/01/12 | 02/01/12 | 4164750 |
| 09/05/12 | 37152-0 | INSURED WORKERS PHARMACY LLC | $11.26 | 03/13/12 | 03/13/12 | 4164750 |
| 09/05/12 | 37152-0 | INSURED WORKERS PHARMACY LLC | $11.26 | 03/16/12 | 03/16/12 | 4164750 |
| 11/07/12 | 37152-0 | INSURED WORKERS PHARMACY LLC | $11.26 | 05/15/12 | 05/15/12 | 4180226 |
| 11/13/12 | 28606-0 | PERFORMANCE MEDICAL INC. | $1,011.00 | 10/18/12 | 10/18/12 | 4181133 |
| 11/14/12 | 33837-10 | WATERMEIER, JOHN G. | $105.00 | 10/16/12 | 10/16/12 | 4182077 |
| 11/15/12 | 33837-1 | ADVANCED MEDICAL CARE & WELLNESS CENTER | $467.00 | 01/09/12 | 05/15/12 | 4182292 |
| 11/15/12 | 37152-0 | INSURED WORKERS PHARMACY LLC | $11.26 | 05/18/12 | 05/18/12 | 4182189 |
| 12/12/12 | 27978-4 | LANDRY, BERNARD | $893.35 | 11/26/12 | 11/26/12 | 4188397 |
| 01/14/13 | 9011-0 | LUMP SUM SETTLEMENT | $100,000.00 | 01/14/13 | 01/14/13 | 4195299 |
| 01/16/13 | 33837-11 | MELANCON, KIMBERLY | $258.00 | 12/03/12 | 12/18/12 | 4196328 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/29/2018
TIME: 03:12 pm

REPORT: CL150R
PAGE 4
OF 6

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/29/2018

For Claim Number 163127

Claimant Arrington, James

**Medical Payments**

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|----------|--------|-------------|-------------|---------|---------|----------|
|          |        | TOTAL:      | $119,230.30 |         |         |          |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/29/2018

TIME: 03:12 pm

REPORT: CI150R

PAGE 5 OF 6

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/29/2018

For Claim Number 163127

Claimant Arrington, James

Indemnity Payments

| Payment Date | Comp Code | From Date | Thru Date | Type Comp | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 05/18/2011 | TT | 05/12/2011 | 05/18/2011 | INITIAL | 7 | $579.00 | $0.00 | $579.00 | 4043907 |
| 05/24/2011 | TT | 05/19/2011 | 05/27/2011 | REGULAR | 9 | $725.14 | $0.00 | $725.14 | 4044704 |
| 05/31/2011 | TT | 05/28/2011 | 06/03/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4046472 |
| 06/07/2011 | TT | 06/04/2011 | 06/10/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4048479 |
| 06/14/2011 | TT | 06/11/2011 | 06/17/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4050494 |
| 06/14/2011 | TT | 05/05/2011 | 05/11/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4050495 |
| 06/21/2011 | TT | 06/18/2011 | 06/24/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4052445 |
| 06/28/2011 | TT | 06/25/2011 | 07/01/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4054416 |
| 07/05/2011 | TT | 07/02/2011 | 07/08/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4056035 |
| 07/12/2011 | TT | 07/09/2011 | 07/15/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4058060 |
| 07/19/2011 | TT | 07/16/2011 | 07/22/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4059795 |
| 07/26/2011 | TT | 07/23/2011 | 07/29/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4061591 |
| 08/02/2011 | TT | 07/30/2011 | 08/05/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4063349 |
| 08/09/2011 | TT | 08/06/2011 | 08/12/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4065040 |
| 08/16/2011 | TT | 08/13/2011 | 08/19/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4066837 |
| 08/23/2011 | TT | 08/20/2011 | 08/26/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4068681 |
| 08/30/2011 | TT | 08/27/2011 | 09/02/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4070681 |
| 09/06/2011 | TT | 09/03/2011 | 09/09/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4072398 |
| 09/13/2011 | TT | 09/10/2011 | 09/16/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4074317 |
| 09/20/2011 | TT | 09/17/2011 | 09/23/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4076113 |
| 09/27/2011 | TT | 09/24/2011 | 09/30/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4077982 |
| 10/04/2011 | TT | 10/01/2011 | 10/07/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4079850 |
| 10/11/2011 | TT | 10/08/2011 | 10/14/2011 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4081903 |
| 09/25/2012 | TT | 08/19/2012 | 09/28/2012 | REGULAR | 41 | $3,303.43 | $0.00 | $3,303.43 | 4169197 |
| 09/26/2012 | TT | 01/09/2012 | 06/18/2012 | REGULAR | 162 | $13,052.57 | $0.00 | $13,052.57 | 4170143 |
| 10/02/2012 | TT | 09/29/2012 | 10/05/2012 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4170838 |
| 10/09/2012 | TT | 10/06/2012 | 10/12/2012 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4172646 |
| 10/16/2012 | TT | 10/13/2012 | 10/19/2012 | REGULAR | 7 | $564.00 | $0.00 | $564.00 | 4174399 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/29/2018                                                                              REPORT: CTI50R
TIME: 03:12 pm                                                                                PAGE    6
                                                                                             OF      6

                        LOUISIANA WORKERS' COMPENSATION CORPORATION

                                      Claim Payments Report
                         For Payment Dates 10/01/1992 Through 06/29/2018
                                      For Claim Number 163127
                                     Claimant Arrington, James

Indemnity Payments

| Payment Date | Comp Code | Type Comp | Thru Date | From Date | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 10/23/2012 | TT | REGULAR | 10/26/2012 | 10/20/2012 | 7 | $564.00 | $0.00 | $564.00 | 4176090 |
| 10/30/2012 | TT | REGULAR | 11/02/2012 | 10/27/2012 | 7 | $564.00 | $0.00 | $564.00 | 4177717 |
| 11/06/2012 | TT | REGULAR | 11/09/2012 | 11/03/2012 | 7 | $564.00 | $0.00 | $564.00 | 4179416 |
| 11/13/2012 | TT | REGULAR | 11/16/2012 | 11/10/2012 | 7 | $564.00 | $0.00 | $564.00 | 4181246 |
| 11/20/2012 | TT | REGULAR | 11/23/2012 | 11/17/2012 | 7 | $564.00 | $0.00 | $564.00 | 4182888 |
| 11/27/2012 | TT | REGULAR | 11/30/2012 | 11/24/2012 | 7 | $564.00 | $0.00 | $564.00 | 4184184 |
| 12/04/2012 | TT | REGULAR | 12/07/2012 | 12/01/2012 | 7 | $564.00 | $0.00 | $564.00 | 4185858 |
| 12/11/2012 | TT | REGULAR | 12/14/2012 | 12/08/2012 | 7 | $564.00 | $0.00 | $564.00 | 4187523 |
| * 12/18/2012 | TT | REGULAR | 12/21/2012 | 12/15/2012 | 7 | $564.00 | $0.00 | $564.00 | 4189183 |
| * 12/21/2012 | TT | REGULAR | 12/28/2012 | 12/22/2012 | 7 | $564.00 | $0.00 | $564.00 | 4190575 |
| 12/31/2012 | TT | REGULAR | 01/04/2013 | 12/29/2012 | 7 | $564.00 | $0.00 | $564.00 | 4192027 |
| 01/08/2013 | TT | REGULAR | 01/11/2013 | 01/05/2013 | 7 | $564.00 | $0.00 | $564.00 | 4193777 |
| 01/10/2013 | TT | REGULAR | 12/21/2012 | 12/15/2012 | 7 | $564.00 | $0.00 | $564.00 | 4194943 |
| 01/10/2013 | TT | REGULAR | 12/28/2012 | 12/22/2012 | 7 | $564.00 | $0.00 | $564.00 | 4194944 |
| 01/15/2013 | TT | REGULAR | 01/18/2013 | 01/12/2013 | 7 | $564.00 | $0.00 | $564.00 | 4195493 |
| 01/22/2013 | TT | REGULAR | 01/25/2013 | 01/19/2013 | 7 | $564.00 | $0.00 | $564.00 | 4196989 |
| 01/29/2013 | TT | REGULAR | 01/28/2013 | 01/26/2013 | 3 | $241.71 | $0.00 | $241.71 | 4198606 |

         TOTALS (excluding canceled transactions denoted by *):   $39,333.85   $0.00   $39,333.85

* denotes a canceled transaction, and is not included in the total calculations