# JOHNSON, RAHMAN & THOMAS

**Employees of Louisiana Workers' Compensation Corporation**

2237 S. Acadian Thruway | P.O. Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone: (225) 231-0875
Facsimile: (225) 231-0986
Fax Server: (225) 929-5613

July 3, 2018

*Via UPS Next Day Air*

Counsel for BP
**Attn:  Mr. J. Andrew Langan**
Kirkland & Ellis LLP
300 N. LaSalle St., Suite 2400
Chicago, IL  60654

*Via UPS Next Day Air*

MDL 2179 Plaintiffs' Steering Committee
**Attn:  Mr. Steven J. Herman**
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113

      In Re:  Oil Spill by the Oil Rig "Deepwater Horizon": in the Gulf of Mexico,
              On April 20, 2010
              MDL No.     :     10-2179; Section J

              Louisiana Workers' Compensation Corporation v. BP, PLC, et al
              Civil Action No.:     17-cv-03199

              Workers' Compensation Claim of Israel Calderon
              LWCC Claim No.:  159936

Dear Counsel:

    In compliance with Pretrial Order No. 66, with respect to the workers' compensation claim of Israel Calderon, enclosed please find the following documents:

    1.     Individual Particularized Statement of Claim;
    2.     Joint Petition for Approval of Settlement, Judgment and related documents;
    3.     First Report of Injury;
    4.     BP accident report;
    5.     Recent medical records; and
    6.     Claim payment report.

Writer's Direct Line:  (225) 231-0755 | Writer's Email: djohnson@lwcc.com

Mr. J. Andrew Langan
Mr. Steven Herman
July 3, 2018
Page 2

     In total LWCC has paid $146,933.84 to and on behalf of Mr. Calderon as a result of his injuries suffered during the clean-up efforts following the Deepwater Horizon explosion. Louisiana Workers' Compensation Corporation is seeking recovery of all payments made to and on behalf of Mr. Calderon.

     I hope this is satisfactory for your needs, however, in the event you have any questions or require any additional information, please do not hesitate to call.

     With kind regards, I am

                         Very truly yours,

                         David K. Johnson

DKJ/fhj
Enclosures
cc:    Linda Dantin

EXHIBIT A

| |
|---|
| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* <br> **Civil Action No. 10-MD-2179-CJB-SS** <br><br> **PTO 66 PARTICULARIZED STATEMENT OF CLAIM** <br> **FOR REMAINING B3 PLAINTIFFS** |

**PLAINTIFF'S FULL NAME:**   Louisiana Workers' Compensation Corporation

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:**  Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity.  If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A.     YOUR BACKGROUND INFORMATION**

1.     Current address:

Address Line 1:   2237 S. Acadian Thruway

Address Line 2:

City:   Baton Rouge          State:   LA          Zip:   70808

2.     Telephone number:   (225) 924-7788

3.     Maiden or other names used or by which you have been known, and the dates during which you were known by such names:   N/A

4.     Date and Place of Birth:   N/A

5.     Male_____    Female_____

6.   Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---------|--------------------|
| N/A |  |
|  |  |
|  |  |

7.   Employment Information:

   A.   Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|----------|---------|---------------------|-----------------------|
| N/A |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

8.   Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No _____ If *"Yes,"* when were you out of work and why?   N/A _____

_____

**B.**   **THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.   Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

Yes _X_   No _____   (Indirectly, see attached correspondence)

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

**1.**   **Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.   Was your cleanup work performed onshore (on land) or offshore (on the water)?

Onshore _X_   Offshore _____   Both _____

11.   Were you hired as part of the Vessels of Opportunity ("VoO") Program?

Yes _____   No _X_

12.   Did you handle hazardous materials as part of your cleanup work?

Yes _____   No _____

13.   Please set forth the following information about your cleanup work:

   A.   Your employer(s): _Southern Environmental of Louisiana, LLC_

   B.   Your supervisor(s) at the employer(s) identified in Question No. 13(A):

   _Zach Meyer_

   C.   A description of the work performed for employer(s) identified in Question No.

   13(A): _Response Tech_

   D.   The date(s), time(s), and location(s) you performed the work described in Question

   No. 13(C): _unknown at this time_

E.    The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _____None._____

_____

F.    Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): ___unknown_____

_____

**2.    Residents/Tourists**

14.    Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____    No_____

15.    Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____    No_____

16.    List all address(es) at which you resided in 2010:_____

_____

**C.    INFORMATION ABOUT YOUR B3 CLAIM**

17.    Are you claiming that you suffered damages from (*Check all that apply*):

_____Bodily injury from exposure to oil and/or dispersants

___X__Bodily injury other than from exposure to oil and/or dispersants

_____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.    EXPOSURE CLAIMS**

18.    Were you exposed to oil, dispersants, or both?

Oil_____              Dispersants_____              Both_____

19.    How were you exposed? (*Check all that apply*)

A.     Inhalation              Yes_____    No_____

B.     Dermal (skin) contact    Yes_____    No_____

C.     Ingestion              Yes_____    No_____

D.     Other (please describe): _____

20.    What was the date(s) of your exposure?

Day: _____    Month: _____    Year: _____

21.    How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

22.    What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

_____

23.    For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

_____

_____

_____

24.    Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

_____

_____

_____

25.    *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

       Yes_____    No_____

26.    *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____

_____

_____

**E.    NON-EXPOSURE PERSONAL INJURY CLAIMS**

27.    For your non-exposure personal injury, please state:

       A.    The nature of your injury: _See attached medical records_

       B.    The date(s) of your injury: _9/17/2010_

       C.    The location(s) of your injury: _Venice, LA_

       D.    The work that you were performing when you sustained your injury: _____
             _in a meeting when fire extinguisher_
             _exploded_

       E.    Identify any individual(s) who witnessed your injury: _____
             _Unknown_

28.    Describe in as much detail as possible the circumstance(s) of your injury: _____
       _See attached accident report, first_
       _report of Injury and claim for Compensation_

_____

## F.   INFORMATION ABOUT YOUR INJURY OR ILLNESS

29.   Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

_____ See attached medical records _____

_____

30.   Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

_____ See attached medical records _____

_____

_____

_____

31.   On what date did you first report or seek treatment for your injury or illness: _____ 9/22/2010 _____

32.   On what date was your injury first diagnosed: _____ 9/22/2010 _____

_____

33.   Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|------|---------|
|  | See attached medical reports & |
|  | claim payment report |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
|  | *See attached medical reports + Claim Payment report* |
|  |  |
|  |  |
|  |  |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No _____. If "*Yes*," **Unknown**

   A. When? _____

   B. Who diagnosed the injury (or condition) at that time? _____

   _____

   _____

   C. Who treated the injury (or condition) at that time? _____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

   Yes _____ No _____. If "*Yes*,"

   A. What date did you first experience such injury or condition? _____

   B. What injury (or condition) was made worse? _____

   _____

37.     Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|------|---------|
|  | Unknown |
|  |  |
|  |  |
|  |  |
|  |  |

38.     Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes __X__     No _____

39.     Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: _____

_____ recovery of medical expenses + weekly benefits per attached claim payment report

_____

40.     Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes __X__     No _____

If "Yes":

A.      From whom did you receive this compensation or reimbursement? _____

_____ LWCC _____

B.    When did you receive this compensation or reimbursement?_____

_____ *See attached claim payment report*

C.    What was the amount of the compensation or reimbursement?_____

_____ *See attached claim payment report*

**G.    CONTRACT CLAIMS**

*(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

Yes_____    No_____

42.    Was the contract that you claim was breached made as part of the VoO Program?

Yes_____    No_____

43.    Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.    Describe how the contract was breached:_____

_____

_____

45.    *If you were part of the VoO Program*: Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

_____

48.  Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

# ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _____ Jvb 5 _____, 2018

Location (City and State): _____ Beb~Ruggka _____

_____ *(signature)* _____
Signature of Plaintiff*

***Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.***

_____ Michael Stiltner _____
Print Name

_____ SVP/General Counsel _____
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018,** this **Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

IN THE MATTER OF:

ISRAEL CALDERON
(SSN: ⬛⬛⬛-5035)

VERSUS

SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC

**OWCA RECEIVED**

SEP 0 1 2011

DISTRICT 5-BATON ROUGE

DOCKET NO.:       DIST. 05

OFFICE OF WORKERS'
COMPENSATION

STATE OF LOUISIANA

---

## JOINT PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT

The joint petition of **Employee**, Israel Calderon, of the full age of majority and a resident of the City of Biloxi, State of Mississippi, sometimes hereinafter referred to as **"Employee"**; Southern Environmental of Louisiana, LLC, authorized to and doing business in the State of Louisiana, hereinafter referred to as **"Employer"**, and Louisiana Workers' Compensation Corporation, a domestic insurance company authorized to do and doing business in the State of Louisiana, hereinafter referred to as **"Insurer"**, who respectfully represents:

1.

Availing themselves of the provisions of the laws of Louisiana as set forth in LSA-R.S. 23:1271-1273, all petitioners seek the approval of this Honorable Court to a compromise of the claim for compensation and further show:

2.

On or about September 17, 2010, Employee, Israel Calderon, whose Social Security Number is ⬛⬛⬛-5035, was employed by Southern Environmental of Louisiana, LLC as a laborer.  On that date, the Employee was sitting in a safety meeting when a fire extinguisher exploded causing a rush of people to evacuate.  The Employee alleges that he injured his back and right shoulder, as a result of the accident.

3.

The Employee initially sought medical treatment with Dr. Cashio for complaints of right shoulder, left leg and back pain. Dr. Cashio recommended conservative treatment. The Employee relocated to the State of Mississippi and sought medical treatment with Dr. Noblin. Dr. Noblin recommended conservative treatment including medication management and physical therapy. The Employee continued with complaints of right shoulder pain and Dr. Noblin recommended that the Employee undergo a right rotator cuff repair. The Employee has elected not to undergo the recommended surgery at this time, but has continued conservative treatment.

Dr. Noblin referred the Employee to Dr. Winters for his complaints of back pain. Dr. Winters diagnosed the Employee with lumbar radiculitis and recommended conservative treatment. In June 2011 the Employee underwent an FCE which revealed that he is capable of performing light duty work. In July 2011 Dr. Winters placed the Employee at MMI and released him to return to light duty work.

The pertinent medical records of the Employee are attached hereto.

4.

The Employee contends his average weekly wage at the time of his accident was Nine Hundred Ninety Seven and 75/100 ($997.75) Dollars with a corresponding compensation rate of Five Hundred Seventy Nine and No/100 ($579.00) Dollars per week.

5.

The Employer/Insurer have paid medical benefits totaling **SIXTEEN THOUSAND FIVE HUNDRED FIFTEEN AND 18/100 ($16,515.18) DOLLARS;** vocational rehabilitation benefits totaling **FIVE THOUSAND FIVE HUNDRED THIRTY SEVEN AND 50/100 ($5,537.50) DOLLARS;** medical rehabilitation benefits totaling **THREE THOUSAND ONE HUNDRED SIXTY TWO AND 75/100 ($3,162.75) DOLLARS;** and weekly indemnity benefits totaling **TWENTY SIX THOUSAND SEVEN HUNDRED SIXTEEN AND 72/100 ($26,716.72) DOLLARS.** The Employer/Insurer have paid temporary and total disability benefits at the rate of Five Hundred Seventy Nine and No/100 ($579.00) Dollars per week from September 24, 2010 and continuing through the date of approval of the Settlement.

6.

The Employee contends that he still suffers residual disability as a result of the accident in question.

7.

The Employer and Insurer assert that the settlement amount described below is fair and adequate.

8.

After mutually considering their respective claims and primarily to avoid litigation between them, all of the parties hereto have mutually agreed that a fair and just settlement of their respective rights would be attained by the payment by Employer and Insurer of the amount of **NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS,** and in exchange for said payment, Employee waives all claims to any and all past, present and/or future medical, rehabilitative, indemnity and workers' compensation benefits, penalties, attorney's fees or benefits of any kind as it relates to any and all claims against Employer and Insurer as a result of said accident or any accident sustained during the course and scope of his employment with

3

Employer. This payment also is in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may currently have or may in the future acquire against the Employer or Insurer arising from any medical treatment provided to Employee as a result of said accident, whether any condition resulting from the medical treatment is currently known or unknown to Employee or whether any condition resulting from the medical treatment subsequently develops and causes further disability or death of Employee.

All medical bills paid for by Employer and Insurer for treatment rendered to Employee are set forth in the payment screen attached hereto. Pursuant to LA.R.S. 23:1272(E), Employer and Insurer specifically deny any responsibility for any other medical bill of Employee not listed on the attached payment screen with the exception that the Employer and Insurer remain responsible for any previously pre-certified and authorized medical treatment that remains unpaid in accordance with the Fee Schedule.

9.

In settlement of all claims for workers' compensation, Israel Calderon agrees to accept and the Employer and Insurer agree to pay the sum of **NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS.** Employee understands that with this payment Employer and Insurer are relieved of any further obligations to provide past, present or future workers' compensation benefits of any type.

10.

Employee specifically waives the requirements of LSA-R.S. 23:1271(A)(3) which prohibits settlement within six months of the last medical treatment or temporary disability.

4

11.

Employee asserts that he is not represented by counsel and further attests and warrants that this settlement has not been procured by duress.

12.

Employer has been notified of the terms of the settlement and consents thereto.

13.

All parties have agreed to the compromise settlement hereto primarily to avoid litigation, subject to the approval of this Honorable Court, and all petitioners desire that this Honorable Court approve the proposed settlement upon its findings of the same as in substantial accord with the provisions of Title 23, Chapter 10, Revised Statutes of Louisiana. They desire that the judgment herein provide that upon the payment by Employer and Insurer of the amount of **NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS** to Employee, that Employer and Insurer shall be forever released and relieved from any and all past, present and/or future liability to and claims of Employee of whatsoever nature and kind, arising heretofore, or which may hereafter arise under said statute, growing out of the accidents or injuries described hereinabove or any other accident or injury occurring prior to this date.

14.

The Employee asserts that he has not received Medicare benefits for any medical treatment including treatment for any work injuries as a result of the September 17, 2010 accident in question; that he does not currently have pending an application for Medicare benefits; that he does not intend on applying for Medicare benefits in the foreseeable future; that he understands that if he does apply for Medicare benefits and submits bills for treatment for the

5

work related injury, these bills may be denied by Medicare; and that to his knowledge, Medicare has not made conditional payments for any medical treatment for any work injuries as a result of the September 17, 2010 accident in question. Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment. In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien. Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee. Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare. Employee understands that the Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

15.

All petitioners show that this settlement is fair and equitable and is made subject to the approval of this Honorable Court.

16.

The settlement documents have been interpreted and explained to the Employee by

_____.

WHEREFORE, the premises considered, petitioners pray that after due consideration of the compromise settlement presented, there be an Order of Approval by this Honorable Court, authorizing the compromise settlement to be made and that all of the parties be authorized to make the settlement as outlined in full, final and complete settlement of all claims against any parties herein named and approving said settlement and that there be judgment rendered herein dismissing with full prejudice all claims presented by Employee as against Employer, Southern Environmental of Louisiana, LLC and Insurer, Louisiana Workers' Compensation Corporation,

their agents, employees, executive officers, representatives and any and all other persons, firms, corporations, partnerships, Insurers and parties whomsoever for any and all liability of Employee under the Louisiana Worker's Compensations laws of the State of Louisiana, tort laws or any other laws whatsoever and for all general and equitable relief.


*ISRAEL CALDERON*

**ISRAEL CALDERON, Employee**
251 Eisenhower Drive, Apt. 160
Biloxi, Mississippi  78586
Telephone:      (678) 591-1024


**J. MICHAEL STILTNER**, Bar Roll No. 19802
**Johnson, Stiltner & Rahman**
2237 S. Acadian Thruway
Baton Rouge, Louisiana  70808
Telephone:      (225) 231-0741
Counsel for Employer, Southern Environmental of
Louisiana, LLC and Insurer, Louisiana Workers'
Compensation Corporation

7

IN THE MATTER OF:

ISRAEL CALDERON
(SSN: ████-5035)

VERSUS

SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC

OWCA
RECEIVED
SEP 01 2011
DISTRICT 5-BATON ROUGE

DOCKET NO.:        DIST. 05

OFFICE OF WORKERS'
COMPENSATION

STATE OF LOUISIANA

## ORDER OF APPROVAL

CONSIDERING the foregoing petition, exhibits and affidavits and having found that a bona fide dispute exists between the Employee, Israel Calderon and with Employer, Southern Environmental of Louisiana, LLC and its Insurer, Louisiana Workers' Compensation Corporation, and being of the opinion that the compromise settlement proposed is fair and equitable and that it is entered into primarily to avoid the litigation and is in substantial accord with the terms of Title 23, Chapter 10, Revised Statutes of Louisiana and that Employee hereby respectfully waives the requirement of LSA-R.S. 23:1271 (A)(3) which provides that six (6) months must lapse after termination of temporary total disability for approval of this settlement, the law and evidence being in favor of petitioners.

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Israel Calderon and against Southern Environmental of Louisiana, LLC and its Insurer, Louisiana Workers' Compensation Corporation, ordering Employer and Insurer to pay to Employee NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon said payment of NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS to Employee, Employer and Insurer, shall be forever released and relieved from all past, present, and future medical expenses, rehabilitative expenses, workers' compensation benefits, and any and all claims of

8

whatsoever nature and kind, arising heretofore or which may hereafter arise under Title 23, Chapter 10, Revised Statutes of Louisiana, growing out of any accident or injury or out of any medical treatment provided as a result of any accident or injury occurring prior to the date of this agreement.

Employer and Insurer remain responsible for any previously pre-certified and authorized medical treatment that remains unpaid in accordance with the Fee Schedule.

**JUDGMENT READ, RENDERED AND SIGNED** in Baton Rouge, Louisiana on this 27th day of _____, 2011.

JUDGE DISTRICT 05
OFFICE OF WORKERS' COMPENSATION
JUDGE JASON G. OURSO

OWCA
RECEIVED

SEP 01 2011

DISTRICT 5-BATON ROUGE

JUDGE JASON G. OURSO

9

IN THE MATTER OF:

ISRAEL CALDERON                                    DOCKET NO.:        DIST. 05
(SSN: ▮▮▮▮-5035)

VERSUS                                             OFFICE OF WORKERS'
                                                   COMPENSATION
SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC                                  STATE OF LOUISIANA

---

### AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned authority, personally came and appeared:

### J. MICHAEL STILTNER

who, after being by me first duly sworn, did depose and say:

He is the attorney for Employer and Insurer in the above and foregoing petition and that all of the allegations of fact therein contained are true and correct, to the best of his knowledge, information and belief.

_____
J. MICHAEL STILTNER, ESQ.

SWORN   TO   AND   SUBSCRIBED   before   me,   on   this   12   day   of
_____, 2011.

_____
MARY CROCHET
NOTARY PUBLIC (#010098)

IN THE MATTER OF:

ISRAEL CALDERON
(SSN: ██████-5035)

DOCKET NO.:      DIST. 05

VERSUS

OFFICE OF WORKERS'
COMPENSATION

SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC

STATE OF LOUISIANA

---

## RELEASE

STATE OF MISSISSIPPI

COUNTY OF Harrison

BEFORE ME, the undersigned authority, on this 8 day of ~~ 24th August 2011, personally came and appeared:

### ISRAEL CALDERON,

who, after being duly sworn, declared:

That he does, by these presence, hereby acknowledge that he has this date received from Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation, payment in the amount of NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS.

Appearer further declares that for and in consideration of the receipt of said payment of NINETY THOUSAND AND NO/100 ($90,000.00) DOLLARS, he does hereby release, acquit and forever discharge Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation, their employees, officers, directors, stockholders, agents and representatives and any and all other persons, firms, corporations (including, but not in any way limiting the same thereto, the officers, directors and stockholders of said corporations), partnerships and parties whomsoever, from any and all past, present and future claims, demands, compensation, medical expenses, costs, expenses, penalties, attorney's fees, damages and any and all causes and rights of action, whatsoever, which he may or might have and to which he may be entitled, known and unknown, anticipated and unanticipated, under the workers'

11

compensation laws of the State of Louisiana, the tort laws, and any and all other laws whatsoever, in any way resulting from and/or to result from the accident which occurred on or about September 17, 2010 or at any time while in the course and scope of his employment with Southern Environmental of Louisiana, LLC.

Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment. In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien. Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made for the work related injury of Employee.

This release, on the part of the Employee, shall be a fully binding and complete settlement among the Employee, the Employer and the Insurer, and their heirs, assigns and successors. The Employee agrees to defend, indemnify and hold the Employer and the Insurer harmless from and against all such claims, demands, obligations, actions, causes of action, damages, costs and expenses brought by any third party against Employer and/or Insurer.

**THUS DONE AND SIGNED** on this _8_ day of ~~18~~ 24th _August_, 2011, at _Biloxi_, Mississippi, in the presence of the undersigned competent witnesses and me, Notary, after a due and complete reading of the whole.

WITNESSES: _Brandis Roberds_

_Brandis Roberds_
(PRINTED NAME)

_Allison Holder_

_Allison Holder_
(PRINTED NAME)

_ISRAEL CALDERON_
**ISRAEL CALDERON, Employee**

_Hope McQuain_
**NOTARY PUBLIC**

STATE OF MISSISSIPPI
HOPE McQUAIN
ID No.
79000
Com. Exp.
07-17-2014
NOTARY PUBLIC
HARRISON COUNTY

IN THE MATTER OF:

**ISRAEL CALDERON**
(SSN: ████-5035)

**VERSUS**

**SOUTHERN ENVIRONMENTAL OF LOUISIANA, LLC**

**DOCKET NO.:**      **DIST. 05**

**OFFICE OF WORKERS' COMPENSATION**

**STATE OF LOUISIANA**

---

## AFFIDAVIT OF EMPLOYEE

STATE OF MISSISSIPPI

COUNTY OF _Harrison_

    **BEFORE ME**, the undersigned Notary, and in the presence of the undersigned, competent witnesses, appeared,

### ISRAEL CALDERON,

who, first being duly sworn, deposed and said that:

    He is one of the petitioners in the foregoing Joint Petition; that settlement proceedings have been explained by the Office of Workers' Compensation Judge and interpreted to the Employee by _ISRAEL CALDERON_; that he fully understands and has read the foregoing petition, including all of the attachments thereto, and all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief; that he understands that the settlement he has entered is a full, final and complete settlement and compromise of all the workers' compensation claims he might have against the parties released and that the facts and allegations in the joint petition to settle the compensation claim are true and correct and that he waives the six month requirement of LSA-R.S. 23:1271(A)(3).

13

**SWORN TO AND SUBSCRIBED** before me on this ~~8~~ day of ~~15~~ 24th August, 2011, in _Biloxi_, Mississippi, in the presence of the undersigned, competent witnesses.

**WITNESSES:**

_(signature)_

_(signature)_ Brandi Roberds
**(PRINTED NAME)**

_(signature)_

_(signature)_
**(PRINTED NAME)**

_ISRAEL CALDERON_
**ISRAEL CALDERON, Employee**

_(signature)_
**NOTARY PUBLIC**
Hope McQuain
**(PRINTED NAME & I.D. NO.)**

_(notary seal: STATE OF MISSISSIPPI / HOPE McQUAIN / ID No. 79000 / Com. Exp. 07-17-2014 / NOTARY PUBLIC / HARRISON COUNTY)_

14

**IN THE MATTER OF:**

**ISRAEL CALDERON**
(SSN: ███-5035)

**VERSUS**

**SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC**

**DOCKET NO.:**     **DIST. 05**

**OFFICE OF WORKERS'
COMPENSATION**

**STATE OF LOUISIANA**

---

<u>**WAIVER**</u>

**STATE OF MISSISSIPPI**

**COUNTY OF** Harrison

    **BEFORE ME**, the undersigned authority, a Notary Public duly commissioned and qualified in and for the County aforesaid, State of Mississippi, personally came and appeared:

**ISRAEL CALDERON,**

who, being first duly sworn, did depose and say:

1.

    That he is of the full age of majority and resides in the City of Biloxi, State of Mississippi.

2.

    That he was employed by Southern Environmental of Louisiana, LLC and was so employed when he allegedly suffered a job-related injury by accident on or about September 17, 2010.

3.

    That the settlement documents have been interpreted and explained to him by

Israel CAlderon     .

15

4.

That he has voluntarily entered into a workers' compensation compromise settlement agreement with Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation for injuries arising as a result of the alleged accident on the aforementioned date.

5.

That pursuant to the aforementioned compromise settlement agreement, he has been explained the entire text of R.S. 23:1271, specifically noting Subpart A (3).

6.

That affiant fully understands the meaning and text of R.S. 23:1271, specifically noting Subpart A (3), which deals with waiting until the expiration of six months after termination of temporary total disability before entering into a compromise settlement.

7.

Whether or not this provision applies to this matter, he knowingly, intelligently and voluntarily waives his rights pursuant to R.S. 23:1271 Subpart A (3).

**THUS DONE AND SIGNED** on this _8_ day of ~~18~~ 24th August 2011, in _Biloxi_, Mississippi.

_ISRAEL CALDERON_
**ISRAEL CALDERON**

**SWORN TO AND SUBSCRIBED** before me this _8_ day of ~~18~~ 24th August 2011, in _Biloxi_, Mississippi.

_Hope McQuain_
**NOTARY PUBLIC**
_Hope McQuain_
**(PRINTED NAME & I.D. NO.)**

STATE OF MISSISSIPPI
HOPE McQUAIN
ID No.
79000
Com. Exp.
07-17-2014
NOTARY PUBLIC
HARRISON COUNTY

16

**IN THE MATTER OF:**

**ISRAEL CALDERON**                                      **DOCKET NO.:      DIST. 05**
**(SSN: ▓▓▓▓-5035)**

**VERSUS**                                                        **OFFICE OF WORKERS'**
                                                                          **COMPENSATION**

**SOUTHERN ENVIRONMENTAL**
**OF LOUISIANA, LLC**                                     **STATE OF LOUISIANA**

---

### AFFIDAVIT REGARDING MEDICARE BENEFITS

**STATE OF MISSISSIPPI**

**COUNTY OF** Harrison

BEFORE ME, the undersigned authority, personally came and appeared:

---

**ISRAEL CALDERON**

who, first being duly sworn, did depose and say that:

He was the Employee of Southern Environmental of Louisiana, LLC; that he has made a claim for workers' compensation benefits and has been paid workers' compensation benefits by Louisiana Workers' Compensation Corporation on behalf of its insured, Southern Environmental of Louisiana, LLC; that he has not applied for Medicare benefits nor is he receiving Medicare benefits; that he has not applied for Social Security Disability Insurance Benefits nor is he receiving Social Security Disability Insurance Benefits; that he has not received Medicare benefits for any medical treatment including treatment for any work injuries as a result of the September 17, 2010 accident in question; that Medicare has not made any conditional payments for any medical treatment for any work injuries as a result of the September 17, 2010 accident;

17

that he does not intend on applying for Medicare benefits in the foreseeable future; that he understands that if he does apply for Medicare benefits and submits bills for treatment for the work related injury of September 17, 2010, these bills may be denied by Medicare. Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment.

In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien. Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee. Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare. Employee understands that Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

*ISRAEL CALDERON*
**ISRAEL CALDERON, Employee**

SWORN TO AND SUBSCRIBED, before me, this 8 day of 24th August, 2011.

**NOTARY PUBLIC**
Hope McQuain
**(PRINTED NAME & I.D. NO.)**

STATE OF MISSISSIPPI
Hope McQuain
ID No. 79000
Com. Exp. 07-17-2014
NOTARY PUBLIC
HARRISON COUNTY

18

IN THE MATTER OF:

ISRAEL CALDERON
(SSN: ██████-5035)

VERSUS

SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC

DOCKET NO.:      DIST. 05

OFFICE OF WORKERS'
COMPENSATION

STATE OF LOUISIANA

---

## MOTION AND ORDER FOR
## VOLUNTARY DISMISSAL WITH PREJUDICE

NOW INTO COURT, comes claimant, ISRAEL CALDERON, in the above-captioned matter, and on suggesting to the court that he wishes to voluntarily dismiss his claim against SOUTHERN ENVIRONMENTAL OF LOUISIANA, LLC and LOUISIANA WORKERS' COMPENSATION CORPORATION, *with prejudice*, and now moves this court to dismiss his claim against SOUTHERN ENVIRONMENTAL OF LOUISIANA, LLC, and LOUISIANA WORKERS' COMPENSATION CORPORATION, *with prejudice*, in accordance with the terms of the Joint Petition of Compromise Settlement.

Respectfully submitted:

*ISRAEL CALDERON*
ISRAEL CALDERON, Employee
251 Eisenhower Drive, Apt. 160
Biloxi, Mississippi 78586
Telephone:     (678) 591-1024



OWCA
RECEIVED
SEP 0 7 2011
DISTRICT 5-BATON ROUGE

IN THE MATTER OF:

ISRAEL CALDERON                           DOCKET NO.:      DIST. 05
(SSN: ⬛⬛⬛⬛-5035)

VERSUS                                    OFFICE OF WORKERS'
                                          COMPENSATION
SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC                         STATE OF LOUISIANA

---

## ORDER

**CONSIDERING THE FOREGOING MOTION TO DISMISS:**

**IT IS HEREBY ORDERED** that the claim of ISRAEL CALDERON, against SOUTHERN ENVIRONMENTAL OF LOUISIANA, LLC and LOUISIANA WORKERS' COMPENSATION CORPORATION be dismissed, *with prejudice.*

**SIGNED** this ____ day of _____, 2011, in Baton Rouge, Louisiana.

_____
JUDGE
OFFICE OF WORKERS' COMPENSATION
JUDGE JASON G. OURSO

OWCA
RECEIVED

SEP 0 1 2011

DISTRICT 5-BATON ROUGE

20

RETURN TO:
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA 70804 - 9040
For information call (225) 342-7576
or Toll Free (800) 201-3457

| | | |
|---|---|---|
| 1. | Social Security No. | ___ - ___ - 5035 |
| 2. | Date of injury/illness | 09 - 17 - 2010 |
| 3. | Part(s) of Body injured | Multiple Body Part(s) |
| 4. | OWC Docket Number | |
| 5. | OWC District Number | 05 |

## REQUEST FOR COMPROMISE
## OR LUMP SUM SETTLEMENT

IL 04498

_____
DATE OF APPROVAL

_____
JUDGE

**EMPLOYEE**

6. Name ____ Israel Calderon ____

Street or Box ____ 251 Eisenhower Drive, Apt. 160 ____

City ___ Biloxi ____

State ___ Mississippi ____        Zip ___ 39531 ____

Phone ( 956 ) ___ 399-0861 ____

**EMPLOYEE'S ATTORNEY**

7. Name ____ (Unrepresented) ____

Street or Box _____

City _____

State _____   Zip _____

Phone (   ) _____

**EMPLOYER**

8. Name ___ Southern Environmental of Louisiana, LLC ____

Street or Box ___ 1945 Enterprise Drive ____

City ___ Harvey ____

State ___ Louisiana ____   Zip ___ 70058 ____

Phone ( 504 ) ___ 348-3308 ____

**INSURER/ADMINISTRATOR**
(circle one)

9. Name ___ Louisiana Workers' Compensation Corporation ____

Street or Box ___ 2237 S. Acadian Thruway ____

City ____ Baton Rouge ____

State ___ Louisiana ____   Zip ___ 70808 ____

Phone ( 225 ) ___ 924-7788 ____

**EMPLOYER/INSURER'S ATTORNEY**
(circle one)

10. Name ____ J. Michael Stiltner, Bar Roll No. 19802 ____

Street or Box ___ 2237 S. Acadian Thruway ____

City ___ Baton Rouge ____

State ___ Louisiana ____   Zip ___ 70808 ____

Phone ( 225 ) ___ 231-0741 ____

OWCA RECEIVED
SEP 01 2011
DISTRICT 5-BATON ROUGE

11. DATE OF SETTLEMENT CONFERENCE _____
12. TERMS AND AMOUNT OF SETTLEMENT: ____  $   90,000.00
13. BENEFITS PAID TO DATE:
   a) AVERAGE WEEKLY WAGE: ____  $   997.75
   b) WORKERS' COMPENSATION BENEFITS: ____  $   26,716.72
   c) MEDICAL BENEFITS: ____  $   16,515.18
   d) DEATH BENEFITS: ____  N/A
14. ATTORNEY FEES PAID TO DATE: _____
15. ADDITIONAL FEES REQUIRED: _____

ATTACHMENTS REQUIRED:

_____ JOINT PETITION
_____ FORM 1007 ATTACHED _____ OR ON FILE _____
_____ FORM 1003 ATTACHED _____ OR ON FILE _____
_____ EMPLOYEE AFFIDAVIT
_____ EMPLOYER CONCURRENCE
_____ ALLEGATION OF LEGAL REPRESENTATION

_____ MOST RECENT MEDICAL REPORT
_____ WAIVER OF RIGHTS UNDER L.R.S. 23:1271
_____ FILING FEE PAID
_____ ORDER OF DISMISSAL
_____ MOTION AND ORDER FOR ATTORNEY FEES
_____ MOTION AND ORDER TO DISMISS 1008
        (IF APPLICABLE)

SUBMITTED BY: ___ J. Michael Stiltner ____

PHONE: ( 225 ) ___ 231-0741 ____

LDOL-WC-1011
REV. 1/98

SEP-23-2010 THU 08:48 AM    SOUTHERN ENVIROMENTAL    FAX No. 504 348 3309          P. 002
Sep. 22. 2010  2:47PM                                            No. 8694  P. 1

## bp  |  Preliminary HSSE Incident Report
"Short Form"

Follow-up

Place an "x" in the appropriate box or boxes that best classify the incident.

| Safety/Health | Transportation | Loss/Damage | Other |
|---|---|---|---|
| [x] Occupational Injury | [ ] Air | [ ] Equipment/Property Damage | [ ] Security |
| [ ] Occupational Illness | [ ] Maritime | [ ] Fire/Explosion | [ ] Other |
| [ ] Near Miss | [ ] Road | [ ] Near Miss | [ ] Near Miss |
| | [ ] Near Miss | | |

ID# 27-90078
CI

### Section 1: Worker Information (when applies)

Name (Last, First, Middle): Calderon, Israel

Date of Birth (Month/Day/Year): /1457

Sex: [x] Male  [ ] Female

Race/Ethnicity: [ ] White  [ ] Black  [ ] Asian  [x] Hispanic  [ ] Other

Worker contact phone #:

[ ] BP Employee  [x] Contractor  [ ] Other  [ ] Federal/State/Local  [ ] Volunteer

Last four digits of SS#: 5835

Job Title: Response tech

Supervisors Name: Zach Moser
Supervisors Phone #: (440) 599-1360

Employer Name: ILES

Employer Address:

Employers phone #:

### Section 2: General Incident Details

Date / Time Incident Occurred: 9-17-10  @ Morning  [x] AM / [ ] PM

Date / Time Incident Reported: Alx previously on Sept. 17
9-22-10  @ 7:45  [x] AM / [ ] PM

Incident Reported To: Mitch Worley ILES Safety on 9-22-10. Also previously on 9-17-10

Staging Site: Venice IC

Command Site:
[ ] Houston  [ ] Houma  [ ] New Orleans
[ ] Mobile  [ ] St. Petersburg
[ ] Key West  [ ] Pensacola  [x] Other Venice

Location where work was taking place (Name of Vessel, Beach, etc.): Morning safety meeting in Hotel 1 rec barge

Activity being performed: Onshore
[ ] Beach cleanup  [ ] Wildlife cleanup  [x] Other Morning meeting Evacuation

Activity being performed: Offshore
[ ] Oil skimming  [ ] Dispersant application
[ ] In-situ burning  [ ] Wellhead containment/repair
[ ] Boom deployment  [ ] Other

Describe the circumstances that led to the incident: Employee says he hurt his lower back and right shoulder on Sept. 17 when a fire extinguisher went off. See statement on back page.

Has the condition causing the incident been corrected or made safe? [x] Yes  [ ] No. If "yes" how? Brought to the medic on Sept. 17, returned to get back and shoulder looked at again. And right hip

Were there any witnesses to the incident? [ ] Yes  [ ] No. If "yes" please list their name and company. N/A

What was the learned from this incident? (How could it be prevented in the future?) Better evacuation technique.

### Section 3: Injury Details (if this incident caused an injury or illness, complete this section)

Describe the injury and body part affected (e.g. 1 inch scratch to right forearm) affected: Lower back and right shoulder, right hip also. Short form was done previously on Sept. 17th

Specific activity being performed when injury occurred (e.g. unloading boom from truck, walking on gangway, bending over picking up debris etc): Evacuation of rec barge on Sept. 17 when fire extinguisher went off.

Describe the treatment received: (e.g. antiseptic and band aid applied) Brought to medic on Sept. 17, he has returned because pain has persisted.

Managed Doc #: UPS-US-SW-GOM-HSE-DOC-00700-Rev 4                    Page 1 of 2

SEP-23-2010 THU 08:48 AM   SOUTHERN ENVIROMENTAL   FAX No. 504 348 3309         P.003
09/22/2010  14:37    9855646706           PMC LAB                            PAGE 01/02

## ON-SITE CUSTODY AND CONTROL FORM

**Alere**
Alere Toxicology Services, Inc.
1111 Newton St., Gretna, LA 70053
(504) 361-8900  (800) 433-3823

AIRBILL NUMBER

SPECIMEN ID NUMBER  **73306413**

**STEP 1: TO BE COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE**

A. Employer Name, Address and / or ID
PLAQUEMINES MED CENTER/ON-SITE
374 CIVIC DR.

Facility Number

B. MRO Name and Address
HEINEN, BRIAN MD
151 LEON AVE.

PORT SULPHUR, LA 70083-0000
(985) 564-3344 (985) 564-4676        166684

EUNICE, LA 70535
(800) 457-0493 337-457-3353

C. Name / I.D.: C A L D E R O N ,  I S R A E L   (Southern Environmental Consultants, LLC)
PRINT ALL IN CAPS, Donor Name (Last, First, MI) leave space between name/ID/Auxiliary Data

D. Donor SSN or Employee ID No:  ▓▓▓ - ▓▓ - 5835

E. Reason for Test?  ☐ Pre-Employment  ☐ Random  ☐ Reasonable Suspicion / Cause  ☒ Post Accident  ☐ Return to Duty  ☐ Follow-up  ☐ Other

**STEP 2: TO BE COMPLETED BY COLLECTOR** - Specimen temperature must be read within 4 minutes of collection.
Specimen temperature within range? ☒ Yes, 90° - 100°F/32° - 38°C  ☐ No,  ☐ Below 90°F  ☐ Above 100°F    Split Specimen Collection  ☐ Yes   Observed  ☐
                                                                                                              ☒ No.

**STEP 3: TO BE COMPLETED BY COLLECTOR AND DONOR** - Collector affixes seal(s) to bottle(s) or tube(s). Collector dates seal(s). Donor initials seal(s).
**STEP 4: CHAIN OF CUSTODY**

PLAQUEMINE MEDICAL CENTER                              504-564-3344  504-564-6706
26851 HWY 23 COLLECTION FACILITY      Collector Number      BUSINESS PHONE NUMBER
                                         11962         PORT SULPHUR, LA 70083
         ADDRESS                                         CITY      STATE   ZIP CODE

REMARKS:
I certify that the specimen identified on this form is the specimen presented to me by the donor, that it bears the same specimen identification number as that set forth above, that it has been collected, labeled and sealed and released to the Delivery Service noted in accordance with applicable requirements.

*Jorge L Santiago*
PRINT Collector's Name (First, MI, Last)

*[signature]*
Collector's Signature

Time of Collection  1330  ☐ AM  ☒ PM
Date (Mo./Day/Yr.)  0 9 / 2 2 / 1 0

SPECIMEN RELEASED TO:
**COURIER**
Name of Delivery Service Transferring Specimen to Lab

**STEP 5: TO BE COMPLETED BY DONOR**

Daytime Phone No. 6285911024      Evening Phone No. _____      Date of Birth  0 9 / ▓▓ / 5 7

I certify that I provided my specimen to the collector; that I have not adulterated it in any manner; that each specimen bottle or tube used was sealed with a tamper-evident seal in my presence and that the information provided on this form and on the label affixed to each specimen bottle or tube is correct.

ISRAEL CALDERON
PRINT Donor's Name

*Israel Calderon*
Signature of Donor

Date  0 9 / 2 2 / 1 0
Mo.  Day  Yr.

**STEP 6: TO BE COMPLETED BY SCREENING PERSONNEL**

☒ NEGATIVE  ☐ CONFIRM for  ☐ MARIJUANA/THC  ☐ COCAINE  ☐ AMP/MAMP  ☐ Opiates (COD/MOR)  ☐ PCP  ☐ Benzodiazepines  ☐ Barbiturates
☐ Dilute (445)                 ☐ METHADONE        ☐ MDMA (ECSTASY)  ☐ PROPOXYPHENE  ☐ TCA (Tricyclic Antidepressants)
☐ Adulterants (651)  *Jorge L Santiago*                    *[signature]*                           0 9 / 2 2 / 1 0
                  PRINT Screening Person Name            Signature of Screening Person              Mo.  Day  Yr.

**TO BE COMPLETED BY LAB**

RECEIVED AT LAB:
X _____
       Signature of Accessioner

_____
(PRINT) Accessioner's Name (First, MI, Last)   Date (Mo./Day/Yr.)

Primary Specimen Seal Intact
☐ Yes
☐ No, Enter Remark Below

SPECIMEN RELEASED TO:
**TEMPORARY STORAGE**

THC  _____

DRUG _____

DRUG _____

■ Certified by: _____

**73306413**

FORM #1201 V 4.0

COPY 1 - ORIGINAL - MUST ACCOMPANY SPECIMEN TO LABORATORY

SEP-23-2010 THU 08:49 AM   SOUTHERN ENVIROMENTAL   FAX No. 504 348 3309   P. 004
09/22/2010  14:37   9855646706   PMC LAB   PAGE   02/02

## Breath Alcohol Testing Form (Non-DOT)

*(THE INSTRUCTIONS FOR COMPLETING THIS FORM ARE ON THE BACK OF COPY 3)*

**Lifeloc TECHNOLOGIES**

To Reorder Forms:
Phone: 800.461.9500
Fax 303.431.1436
www.lifeloc.com

### Step 1: TO BE COMPLETED BY BREATH ALCOHOL TECHNICIAN

A: Employee Name ISRAEL   CALDERON
(Print)   (First, M.I., Last)

B: SSN or Employee ID No. ████-██-5835

C: Employer Name Southern Environmental Consultants, LLC

Street 1945 Center Ridge Dr

City, ST Zip HARVEY, La. 70058

Joaquin Rogue   (504) 348-3398
DER Name   DER Telephone Number

D. Reason for Test: [ ] Random  [ ] Reasonable Susp.  [X] Post-Accident  [ ] Return to Duty  [ ] Follow-up  [ ] Pre-employment

### Step 2: TO BE COMPLETED BY EMPLOYEE

*I certify that I am about to submit to alcohol testing and that the identifying information provided on this form is true and correct.*

ISRAEL CALDERON   9..22.10
Signature of Employee   Date   Month   Day   Year

### Step 3: TO BE COMPLETED BY ALCOHOL TECHNICIAN

(If the technician conducting the screening test is not the same technician who will be conducting the confirmation test, each technician must complete their own form.) I certify that I have conducted alcohol testing on the above named individual, that I am qualified to operate the testing device(s) identified, and that the results are as recorded.

TECHNICIAN: [X] BAT  [ ] STT   DEVICE: [ ] SALIVA  [X] BREATH   15-Minute Wait: [ ] Yes  [X] No

Screening test: *(For BREATH DEVICE" write in the space below only if the testing device is not designed to print)*

| Test # | Testing Device Name | Device Serial # OR Lot # & Exp Date | Activation Time | Reading Time | Result |
|---|---|---|---|---|---|

CONFIRMATION TEST: Results MUST be affixed to each copy of this form or printed directly onto the form.

REMARKS:

Plaquemines Medical Center
Lab Dept.
28851 Highway 23
Port Sulphur, LA 70083
P: 564-3344  F: 564-6706

Alcohol Technician's Company   Company Street Address

JORGE L. SANTIAGO
(PRINT) Alcohol Technician's Name (First, M.I., Last)   Company City, State, Zip

Signature of Alcohol Technician   Phone Number (Area Code & Numbers)

9-22-10
Date   Month / Day / Year

### Step 4: TO BE COMPLETED BY EMPLOYEE IF TEST RESULT IS POSITIVE

I certify that I have submitted to the alcohol test, the results of which are accurately recorded on this form. I understand that I must not drive, perform safety-sensitive duties, or operate heavy equipment if the results are positive.

Signature of Employee   Date   Month / Day / Year

ORIGINAL - FORWARD TO THE EMPLOYER

---

**Lifeloc Technologies**
Test Result Printout

| | |
|---|---|
| Phoenix 6.0 | v1.11a |
| Serial Number | 188 |
| Units | BAC |
| Test Number | 00848 |
| Test Type | Auto Test |
| Result | .000 |
| Date | 09/22/2010 |
| Time | 13:22 |
| Air Blank | .000 |
| Time | 13:22 |

Subject ISRAEL CALDERON

▲ Affix Or Print Screening Results Here
▲ Affix With Tamper Evident Tape
▲ Affix Or Print Confirmation Results Here
▲ Affix With Tamper Evident Tape
▲ Affix Or Print Additional Test Results Here
▲ Affix With Tamper Evident Tape

MAIL TO:

LOUISIANA WORKERS' COMPENSATION CORPORATION
2237 S. ACADIAN THRUWAY
SUITE 102
BATON ROUGE, LA 70808
225-924-7788

**EMPLOYER REPORT**
**OF**
**INJURY/ILLNESS**

| |
|---|
| _____ -5035 |
| Employee Social Security Number |
| 208969289 |
| Employer Federal ID Number |
| 134763 / 159936 |
| Insurance Policy No. / Claim No. |

This report is completed by the Employer for each injury/illness identified by them or their employee as occupational. A copy is to be provided to the employee and the insurer immediately. **Forms for cases resulting in more than 7 days of disability or death** are to be sent to the OWCA **by the 10th day after the incident** or as requested by the OWCA.

PURPOSE OF REPORT: (Check all that apply)

☒ More than 7 days of disability     ☐ Possible dispute           ☐ Medical Only

☐ Injury resulted in death           ☐ Lump Sum Compromise/Settlement     **(no copy needed by OWCA)**

☐ Amputation or disfigurement      ☐ Other

| 1. Date of Report MM/DD/YY | 2. Date / Time of Injury MM/DD/YY Time: | 3. Normal Starting Time Day of Accident | 4. If Back to Work – Give Date: MM/DD/YY | 5. At same wage? | DO NOT WRITE IN THIS COLUMN |
|---|---|---|---|---|---|
| 09/22/10 | 09/17/10 06:00 ☒ AM ☐ PM | 06:00 ☒ AM ☐ PM | Still out | ☐ Yes ☐ No | Date Received |
| 6. If Fatal Injury, Give Date of Death: MM/DD/YY | 7. Date Employer Knew of Injury MM/DD/YY | 8. Date Disability Began MM/DD/YY | 9. Last Full Day Paid MM/DD/YY 09/21/10 | | S.I.C. |
| 10. Employee Name: First Middle Last ISRAEL   CALDERON | | | 11. ☒ Male ☐ Female | 12. Employee Phone # 678-591-1024 | |
| 13. Address and Zip Code 1001 KENNESBOROUGH ROAD KENNESAW, GA 30144 | | 14. Parish of Injury: | | | State Parish |
| 15. Date of Hire 05/10/10 | 16. Age at Illness/Injury 53 | 17. Occupation LABORERS, EXCEPT CONSTRUCTION | 18. Dept/Division Employed | | Occupation |
| 19. Place of Injury-Employer's Premises ☐ Yes ☒ No | 20. Indicate: Location-Street, City, Parish and State VENICE | | | | Nature |

21. What work activity was the employee doing when the incident occurred? (Give weight, size, and shape of materials or equipment involved. Tell what he was doing with them. Indicate if correct procedures were followed.)

The employee was sitting in safety meeting.

| Part of Body |
|---|
| Source |
| Event |
| NCCI 555555 |

22. What caused incident to happen? (Describe fully the events which resulted in injury or disease. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led to or contributed to this injury or illness.)

A fire extinguisher exploded, causing a rush of people to evacuate. The employee complains of lower back, right hip and shoulder pain.

| 23. Part of Body Injured and Nature of Injury or Illness (ex. left leg; multiple fractures) SPRAINS STRAINS TEARS MULT BODY PARTS | 24. If Occ Disease-Give Date Diagnosed: |
|---|---|
| 25. Physician and Address PLAQUEMINES MEDICAL CENTER 26851 HIGHWAY 23 PORT SULPHUR, LA 70083 | 26. If Hospitalized, give name & address of facility |
| 27. Employer's Name SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC | 28. Person Completing This Report - Please print SUE MATHERNE |
| 29. Employer's Address and Zip Code 1945 ENTERPRISE DR HARVEY, LA 70058   JEFFERSON | 30. Employer's Telephone Number 504-348-3308 |
| 31. Employer's Mailing Address - If Different From Above | 32. Nature of Business-Type of Mfg., Trade, Construction, Service, etc. ASBESTOS PRODUCTS |

33. Wage Information (optional):    Employee was paid   ☐ Daily   ☐ Weekly   ☐ Monthly   ☒ Other    The average weekly wage was $_____ per week.

LDOL-WC-1007
REV. 1/98

NAME OF WORKERS' COMPENSATION INSURER:   LOUISIANA WORKERS' COMPENSATION CORPORATION
PHONE NUMBER:   225-924-7788

COMPLETE BOTH SIDES



159936

**Orthopaedic Specialists**

# Work Excuse for Work Comp

---

| | |
|---|---|
| **Patient Info:** | **Insurance Info:** |

**Patient Info:**

**Order #:**    997687

**Patient ID#:**    15816253          **Gender:**   M

**Other Patient#:**

**Patient:**   Israel Calderon,

**Address:**    251 Eisenhower Dr Apt 160
Biloxi, MS  39530

**Phone:**  (h) 678-591-1024   (w) 504-952-0283

**SSN:** ▨-5835      **Date of Birth:** ▨-1957

**Insurance Info:**

**Subscriber:**   Israel Calderon

**Relationship:**   Patient

**Guarantor:**   Israel Calderon

**Relationship:**   Patient

**Primary Ins:**   Work Comp-WC Louisiana WC
Corporation Baton Rouge LA
P O Box 98054
Baton Rouge, LA 70898

**Certificate #:**   159936

**Group #:**

**Secondary Ins:**

**Certificate #:**

**Group #:**

---

**Requested By:**  Charles Winters
**Requestor's NPI:**   1093733172
**Requestor's UPIN:**  B65326

**Primary Care Phys:**  Has no PCP Patient

**Request Date:**  Jul 22, 2011 07:52 AM

**Preferred Lab:**

**Ph:**                         **Fax:**

**Diagnosis:**

*Primary Diagnosis: Back Pain*

724.5 - Back Pain
724.4 - Lumbar Radiculitis
722.10 - Herniated Disk Lumbosacral-no Myelopathy

---

**Tests/Orders:**

Date: 7/22/11. He may return to limited duty work. Postion restrictions are: Limited bending or stooping, Limited work overhead and Limited crawling,squatting or kneeling. Strenuousness: Light (maximum lift 20 Lb., Frequent Lift/ Carry up to 10 lb). These restrictions apply permanently.

This request has been electronically
signed by Charles Winters

———————————————

Charles Winters
Jul 22, 2011 07:52 AM

---



**Bienville Orthopaedic Specialists, LLC**
3635 Bienville Blvd, Ocean Springs, MS 39564
1720 A Medical Park Drive Suite 220, Biloxi, MS 39532
3615 Hospital Road, Pascagoula, MS 39568
15476 Dedeaux Road, Gulfport, MS 39503
7001 Highway 614, Hurley, MS 39555

**Patient:** Israel Calderon
**Location:** Ocean Springs
**Provider:** Charles Winters

**DOB:** ▉▉▉/1957
**Date:** 07/22/2011
**PCP:** Patient, Has no PCP

**Time:** 7:52 AM

## SUBJECTIVE

**Orthopedic Chief Complaint:**
Today's appointment is primarily for a follow up workman's compensation visit. Israel presents for follow-up of his back pain. He injured his back at work on 09/17/2010. It has been 10 months and 5 day since his injury. He had an FCE and is here to discuss the results.

**Past Medical History:**
He has a medical history of Diabetes, type 2.

Musculoskeletal History –
Injury: low back, bilateral leg and shoulder – 09/17/2010

**Past Surgical History:**
Orthopaedic surgical history includes Fracture repair.

**Patient Allergies:**
The patient denies any known medication allergies.

**Social History:**
Israel is married. He does not drink alcohol. He has never smoked.

**Occupational History:**
He is right handed.

**Family History:**
There is a significant family history of diabetes.

**Review of Systems:**
The patient denies any constitutional, hemotologic gastrointestinal, genitourinary, integumentary, cardiovascular, psychiatric, respiratory, eye/ear/mouth, symptoms. Musculoskeletal problems include back pain, muscle pain , muscle cramps, weakness of muscles and joints and difficulty in walking. Neurological problems includes numbness, tingling and paralysis.

**Current Medications:**
Celebrex 200mg Cap 1 daily with food
Glucophage Strength/Form Unknown As Directed

Patient's medications were reviewed today.

**Orthopedic Follow-Up Visit - Lumbar Spine:**
I have reviewed the orthopedic chief complaint and it accurately reflects the patient's current status.

**Patient:** Israel Calderon          **Date:** 07/22/2011          **Time:** 7:52 AM

## OBJECTIVE

*Vital Signs:*

Current Measurements: –
Weight (lb): 152
Height (in): 65
BMI: 25
Pulse at rest (BPM): 60

*General Appearance:*

Patient appears to be alert and oriented x3 in a normal appearance and pleasant mood. He was accompanied by his medical case worker. The patient does not speak English but his case manager is with him to interpret for him.

*Lumbar Spine Examination:*

Normal spinal contour and posture. There is no overlying swelling, erythema, or rash. There is decreased range of motion to flexion, extension and twisting with apparent pain. Skin is normal. There is tenderness to palpation to bilateral lumbosacral region. Strength and tone are otherwise normal with no overt signs of instability.

## ASSESSMENT

*Assessment:*

Back Pain, 724.5
Lumbar Radiculitis, 724.4
Herniated Disk Lumbosacral-no Myelopathy, 722.10

## PLAN

*Orthopedic Follow-Up Orders:*

His FCE says that he is capable of light duty work. I am going to put restrictions on squatting, bending and overhead lifting. He will follow up with Dr. Noblin about his shoulder. I think he has reached his maximal medical improvement. He has a 9% impairment to the whole body based on the AMA guidelines for two level disc problems. Israel will follow up with me as needed.

*Work Excuse for Work Comp:*

Date: 7/22/11. He may return to limited duty work. Postion restrictions are: Limited bending or stooping, Limited work overhead, Limited crawling andsquatting or kneeling. Strenuousness: Light (maximum lift 20 Lb., Frequent Lift/ Carry up to 10 lb). These restrictions apply permanently.

*E&M Codes:*

Medical Disability by Treating Physician (MMI), 99455

## RESULT

*X-Ray Results:*

Previous x-rays were reviewed.

## ADDITIONAL ADDENDA

*Addendum:*

07/26/2011 7:49 AM (Wright, Kristie) - Faxed Note To: Karen Harrison - 15045881766
07/26/2011 7:49 AM (Wright, Kristie) - Faxed Note To: Evin Beck - 12252312301

**Patient:** Israel Calderon                    **Date:** 07/22/2011                    **Time:** 7:52 AM

This note was electronically signed by
Charles Winters

Charles Winters
Jul 22 2011 8:35AM




## Physical Therapy Center
### *of* Ocean Springs

900 Holcomb Blvd., Suite A
Ocean Springs, MS 39564
Tel: 228-872-6821  Fax: 228-872-6891
www.ptcos.com

Date: 6-9-11

RE: Israel Calderon

Dear:  Dr. Winters

You referred Mr. Calderon for an evaluation of his overall functional abilities in a 2 day 5 hour FCE performed by a physical therapist. You asked that his work abilities be evaluated and asked our opinion of his ability to return to work as a general laborer. You further asked to be informed as to the level of effort and reliability while performing the test.  Enclosed are the FCE results:

**Musculoskeletally,** this client demonstrates decreased right shoulder range of motion; flexion 135, abduction 135, internal rotation 45, external rotation 45.  Generally decreased strength at the right shoulder 4-/5 strength grossly.  Good trunk range of motion in all gross plains, as well as good hip range of motion in all gross plains.  It should be noted that the client spoke broken English and Spanish was his dominant language.  A translator was present on both days of testing procedure.  There was a high level of understanding by this patient as to the purpose of this testing procedure, as well as ability to adequately follow directions and complete all tasks to the best of his ability.

Based on this client's performance he demonstrates the ability to work at a **Light level of work. Light level work** is defined as lifting/carrying up to **20#** on an occasional basis.

Regarding his level of effort, which underlies the ability to voluntarily perform work and work related activities this client, had good and consistent results.  Consistent performance was demonstrated on 14 of 14 tests. Good effort noted throughout the two-day testing procedure to indicate that the client was putting forth good effort. There was no evidence of symptom magnification or self restricted performance.  Limited tolerance to working at and above shoulder level with the right upper extremity. Due to complaints of right hip pain the client demonstrated a regular and consistent antalgic gait at the right lower extremity. Client utilized a consistent step-to gait pattern with the left lower extremity as the power leg when ascending and ascending stairs and step ladder. Limited tolerance to getting up and down from floor level following working at floor level for prolonged periods of time.

This client's current physical and functional abilities match most of the demands of the full time full duty job demands of his former occupation as an oil spill cleanup worker. Additionally, this occupation is no longer available.  Therefore, to assist this client in returning to gainful employment, he may require the assistance of a vocational counselor to assist with appropriate job placement within his current capabilities.  He demonstrates the ability to work at a light level of work with a few restrictions. See attached report for his current abilities.
Thank you for this referral,

Douglas G. Roll, PT, OCS, FAAOMPT
Douglas G. Roll, PT, OCS, FAAOMPT
DGR



**Physical Therapy Center**
*of* **Ocean Springs**

900 Holcomb Blvd., Suite A
Ocean Springs, MS 39564
Tel: 228-872-6821  Fax: 228-872-6891
www.ptcos.com

*38284*

## *Functional Capacities Assessment*

| Client's Name: | Israel Calderon | Chart No. | 17797 |
|---|---|---|---|
| Date of Injury: | 9/17/10 | Evaluation Date: | 6/8-9/11 |
| Diagnosis: | Back | Approved by: | Evin Beck |
| Employer: | Southern Environmental of LA | Occupation: | Oil Spill worker, clean up |
| Insurance: | LA workers | Claim No: | 159936 |
| Client DOB: | 4/15/57 | Referral Source | Dr. Winters |

**Effort rating:**          Gave Full Effort on       14 of 14 tests
                           Self restricted on         0 tests
                           Refused to perform         0 tests

**Consistency:**   Consistent performance was demonstrated on 14 of 14 tests.
1.  Good effort noted throughout the two-day testing procedure to indicate that the client was putting forth good effort. There was no evidence of symptom magnification or self restricted performance.
2.  Limited tolerance to working at and above shoulder level with the right upper extremity.
3.  Due to complaints of right hip pain the client demonstrated a regular and consistent antalgic gait at the right lower extremity.
4.  Client utilized a consistent step-to gait pattern with the left lower extremity as the power leg when ascending and ascending stairs and step ladder.
5.  Limited tolerance to getting up and down from floor level following working at floor level for prolonged periods of time.

**Client demonstrates the ability to work at light level of work.   Light level of work is defined as lifting/carrying up to 20# on an occasional basis.**

**Referral Question:**      Can this client return to work as an oil spill cleanup worker? Yes, however this occupation is no longer available.

**Recommendations:** This client's current physical and functional abilities match most of the demands of the full time full duty job demands of his former occupation as an oil spill cleanup worker. Additionally, this occupation is no longer available.  Therefore, to assist this client in returning to gainful employment, he may require the assistance of a vocational counselor to assist with appropriate job placement within his current capabilities.  He demonstrates the ability to work at a light level of work with a few restrictions. See below for his current abilities.

| ABILITIES | OCCASIONALLY 1-33% | FREQUENTLY 34-66% | CONSTANTLY 67-100% | Functional Consideration/ Issues |
|---|---|---|---|---|
| 1. Lift-Carry, 10 feet | 30# | 15# | 7# | |
| 2.  From floor to waist | 30# | 15# | 7# | |
| 3.  From waist to shoulder | 15# | 7# | 3# | |
| 4. Push/Pull | | | | |

| Static Force | 60#/ 60# | | | 5 8 2 8 5 |
|---|---|---|---|---|
| 5. Hand Grip | R 65# /L 65# | | | Average for age/sex when compared to normative data. |
| 6. Pinch Grip (3 pt) | R 15# /L 15# | | | Average for age/sex when compared to normative data. |
| 7. Hand Coordination | | | X | No observed difficulty with handling, fingering or manipulating of items with bilateral hands during the two-day testing procedure. |
| 8. Sit | | X | | Complete task, no limitations, alternate with other positions and activities as needed. |
| 9. Stand-Walk | | X | | Complete task, note consistent antalgic gait at the right lower extremity due to complaints of hip pain. |
| 10. Bend-Reach | | X | | Complete task, shift weight to the left lower extremity. |
| 11. Low Level Activity (squat/crouch/kneel) | X | | | Did not complete task, significant difficulty getting up and down from floor level. Use external support to assist getting up and down from floor level. |
| 12. Elevated Activity | X | | | Right upper extremity frequent, left upper. Client complete task with the LUE, unable to perform task with the RUE above shoulder level. |
| 13. Climb Stairs | | X | | Complete task using a step-to gait pattern with left lower leg as the power leg. |
| 14. Ladder Climbing | X | | | Complete task using step-to gait pattern with the left |

| | | | | lower extremity as the power leg. |
|---|---|---|---|---|
| Note: * = Amount client was willing to do but self restricted before maximum could be determined | | | | |
| Refused = Client's refusal to perform activity | | | | |
| Unable = Tested but client unable to perform activity | | | | |
| (Estimate for an 8 hour work shift) Ergonomic conditions including breaks must apply. | | | | |

| Evaluator Signature | *Douglas Roll, PT, OCS, FAAOMPT* | Date: | 6/9/2011 |
|---|---|---|---|

We updated our FCE and reporting format.  In an effort to respond to referral sources request for concise reports and also comply with national privacy guidelines we are not routinely including the musculoskeletal evaluation.   Physician, the musculoskeletal evaluation data is contained in your cover letter.  For other interested parties it is available upon request.

© Copyright DSI Work Solutions, Inc, 2004

# Progress Note

| DATE: | 6/8/2011 | INSURANCE: | Louisiana Worker's Compensation |
|---|---|---|---|
| PATIENT: | Calderon, Israel | | |
| PATIENT #: | 17797 | DATE OF BIRTH: | 1957 |
| DIAGNOSIS: | Lumbago (724.2), MC Shoulder region pain (719.41), MC Hip pain (719.45) | | |
| PROBLEM SITE: | Back, Shoulder - Right, Hip - Right | | |
| SITE DESCRIPTION: | Oceansprings | | |
| REFERRAL: | 1093733172 Charles Winters, MD | VISIT DUR: | 180 minutes |
| DATE OF ONSET: | 9/17/2010 | | |
| INITIAL EVAL DATE: | 6/8/2011 | | |

**Subjective**

**Objective**
Patient participate in 3 hours of Day 1 of the 2 day PPT

| Exercise/Modality Description (sets/reps/weight/duration) | 6/8/2011 | | | | |
|---|---|---|---|---|---|
| Physical performace test | 180 | | | | |

**Assessment**

**Plan**

Douglas Roll PT, OCS, FAAOMPT (MS#926)

**Bienville Orthopaedic Specialists, LLC**
3635 Bienville Blvd, Ocean Springs, MS 39564
1720 A Medical Park Drive Suite 220, Biloxi, MS 39532
3815 Hospital Road, Pascagoula, MS 39568
15476 Dedeaux Road, Gulfport, MS 39503
7001 Highway 614, Hurley, MS 39555

**Patient:** Israel Calderon          **DOB:** ▓▓/1957                **Time:** 9:37 AM
**Location:** Cedar Lake             **Date:** 05/04/2011
**Provider:** Charles Winters        **PCP:** Patient, Has no PCP

## SUBJECTIVE

### Orthopedic Chief Complaint:

Today's appointment is primarily for a follow up workman's compensation visit. Israel presents for follow-up of back pain. He has had emg's and is here to go over results. He complains of pain on the left side of his low back and right groin pain. He is accompanied by his nurse case manager who is interpreting for him.

### Past Medical History:

He has a medical history of Diabetes, type 2.

Musculoskeletal History -
  Injury: low back, bilateral leg and shoulder - 09/17/2011

### Past Surgical History:

There is no history of prior surgery. Orthopaedic surgical history includes Fracture repair.

### Patient Allergies:

The patient denies any known medication allergies.

### Social History:

Israel is married. He does not drink alcohol. He has never smoked.

### Occupational History:

He is right handed.

### Family History:

There is a significant family history of diabetes.

### Review of Systems:

The patient denies any constitutional, hemotologic gastrointestinal, genitourinary, integumentary, cardiovascular, psychiatric, respiratory, eye/ear/mouth, symptoms. Musculoskeletal problems include back pain, muscle pain , muscle cramps, weakness of muscles and joints and difficulty in walking. Neurological problems includes numbness, tingling and paralysis.

### Current Medications:

Celebrex 200mg Cap 1 daily
Glucophage Strength/Form Unknown As Directed

Patient's medications were reviewed today.

### Orthopedic Follow-Up Visit - Lumbar Spine:

Israel presents for follow-up of his lower back. He is generally feeling fair. He complains of pain.



PatID: 15816253  VID: 965523          This Document Printed on June 27, 2011 at 10:31 AM          Page 1 of 3

**228-230-BONE (2663)**



**Patient:** Israel Calderon          **Date:** 05/04/2011          **Time:** 9:37 AM

## OBJECTIVE

**Vital Signs:**

Current Measurements: -
   Weight (lb): 150
   Height (in): 65
   BMI: 25
   Blood pressure (L) initial: 140/80

**General Appearance:**

Patient appears to be alert and oriented x3 in a normal appearance and pleasant mood. He was accompanied by his medical case worker. The patient does not speak English but his case manager is with him to interpret for him.

**Lumbar Spine Examination:**

Normal spinal contour and posture. There is no overlying swelling, erythema, or rash. There is decreased range of motion to flexion, extension and twisting with apparent pain. Skin is normal. There is tenderness to palpation to bilateral lumbosacral region. Strength and tone are otherwise normal with no overt signs of instability. There is tenderness to palpation of the midline posterior lumbar spine. There is decreased range of motion with forward flexion. Neurologic exam is grossly normal with no focal or lateralizing signs. The DTRs are equal and symmetrical. The straight-leg raising test is positive at 90 degrees on the left for back pain only. The patient has a normal gait. He has no weakness in his lower extremities and he has a variable decreased sensation to pinprick in a non-dermatomal distribution of both of his lower extremities.

## ASSESSMENT

**Assessment:**

Lumbar Radiculitis, 724.4
Herniated Disk Lumbosacral-no Myelopathy, 722.10
Pain Low Back, 724.2

## PLAN

**Orthopedic Follow-Up Orders:**

His EMG finding are consistent with his MRI finding that there is some contact on the left L 5 nerve root. Unfortunately, I have not been able to look at the actual MRI film, we were unable to get those from Pro Scan, the nurse case manager is going to help us with that so that we can see them when he comes back on his next appointment. I'm going to ask him to stay out of work until I can see him again. I'm going to get him a lumbo sacral corset and a refill on his celebrex. Schedule a follow-up visit in 2 weeks.

**Medication Plan:**

NEW: Celebrex 200mg Cap 1 daily with food, Quantity: 30, 0 Refills

**DME Supply Requisition:**

lumbosacral corsett

**Work Excuse for Work Comp:**

Date: 5/4/11

Patient is under my care and will be out of work pending follow up appointment.

**E&M Codes:**

Estab Patient office visit (moderate problem), 99214

**Application of DME:**

**Patient:** Israel Calderon                    **Date:** 05/04/2011                    **Time:** 9:37 AM

Casting/bracing technician is under the supervision of: Charles Winters, MD; NPI #1093733172. Today Israel was fitted on his lumbar.

Patient was fitted with Back: Lumbosacral back support. The patient was instructed on proper fit and care of brace. medium; rap The above are required during the normal course of patient rehabilitation in order to protect the injury and/or surgical repair. This will allow the patient to resume the normal activities of daily living more quickly and at less cost. These modalities are an essential therapeutic adjunct to the patients rehabilitation. Without the use of this device the patient will be at risk for extended rehabilitation and additional therapeutic costs. this is to be manually billed; rap

## RESULT

**EMG/NCV Results:**

EMG Nerve conduction study results done by Dr. Seth Chandler indicate that he has a mild chronic left L 5 radiculopathy.

**X-Ray Results:**

No x-rays were required for today's visit.

## ADDITIONAL ADDENDA

**Addendum:**

05/19/2011 8:36 AM (Wright, Kristie) - Faxed Note To: Karen Harrison - 15045881766

05/19/2011 8:36 AM (Wright, Kristie) - Faxed Note To: Erin Beck - 12252312301

This note was electronically signed by
Charles Winters

Charles Winters
May 4 2011 2:04PM

**Bienville Orthopaedic Specialists, LLC**
3635 Bienville Blvd, Ocean Springs, MS 39564
1720 A Medical Park Drive Suite 220, Biloxi, MS 39532
3615 Hospital Road, Pascagoula, MS 39588
15476 Dedeaux Road, Gulfport, MS 39503
7001 Highway 614, Hurley, MS 39555

**Patient:** Israel Calderon
**Location:** Cedar Lake
**Provider:** Charles Winters

**DOB:** ████1957
**Date:** 05/18/2011
**PCP:** Patient, Has no PCP

**Time:** 11:17 AM

## SUBJECTIVE

**Orthopedic Chief Complaint:**

Today's appointment is primarily for a follow up workman's compensation visit. Israel presents for follow-up of his back pain. He injured his back at work on 09/17/2010. It has been 8 months and 1 day since his injury. He was given a lumboscral corset and he feels it has helped. His case manager brought the actual disk in of his MRI of his lumbar spine for review.

**Past Medical History:**

He has a medical history of Diabetes, type 2.

Musculoskeletal History –
   Injury: low back, bilateral leg and shoulder – 09/17/2010

**Past Surgical History:**

Orthopaedic surgical history includes Fracture repair.

**Patient Allergies:**

The patient denies any known medication allergies.

**Social History:**

Israel is married. He does not drink alcohol. He has never smoked.

**Occupational History:**

He is right handed.

**Family History:**

There is a significant family history of diabetes.

**Review of Systems:**

The patient denies any constitutional, hemotologic gastrointestinal, genitourinary, integumentary, cardiovascular, psychiatric, respiratory, eye/ear/mouth, symptoms. Musculoskeletal problems include back pain, muscle pain , muscle cramps, weakness of muscles and joints and difficulty in walking. Neurological problems includes numbness, tingling and paralysis.

**Current Medications:**

STOPPED: Celebrex 200mg Cap 1 daily, End of Regimen
Celebrex 200mg Cap 1 daily with food
Glucophage Strength/Form Unknown As Directed

**Orthopedic Follow-Up Visit - Lumbar Spine:**

Israel presents for follow-up of his lower back. He is generally feeling poorly. He complains of pain.

## OBJECTIVE

**Patient:** Israel Calderon                    **Date:** 05/18/2011                    **Time:** 11:17 AM

**Vital Signs:**

Current Measurements: -
   Weight (lb): 150
   Height (in): 65
   BMI: 25
   Blood pressure (L) initial: 140/80

**General Appearance:**

Patient appears to be alert and oriented x3 in a normal appearance and pleasant mood. He was accompanied by his medical case worker. The patient does not speak English but his case manager is with him to interpret for him.

**Lumbar Spine Examination:**

Normal spinal contour and posture. There is no overlying swelling, erythema, or rash. There is decreased range of motion to flexion, extension and twisting with apparent pain. Skin is normal. There is tenderness to palpation to bilateral lumbosacral region. Strength and tone are otherwise normal with no overt signs of instability. There is tenderness to palpation of the midline posterior lumbar spine. There is decreased range of motion with forward flexion. Neurologic exam is grossly normal with no focal or lateralizing signs. The DTRs are equal and symmetrical. The straight-leg raising test is positive at 90 degrees on the left for back pain only. The patient has a normal gait. He has no weakness in his lower extremities and he has a variable decreased sensation to pinprick in a non-dermatomal distribution of both of his lower extremities.

## ASSESSMENT

**Assessment:**

Back Pain, 724.5
Lumbar Radiculitis, 724.4

## PLAN

**Orthopedic Follow-Up Orders:**

He is doing better. I am going to ask him to get an FCE so I can make some determinations about work status. Schedule a follow-up visit after tests are done.

**Physical Therapy Orders:**

Functional Capacity Evaluation: Patient is instructed to undergo a complete and concise individualized evaluation of patient's work and functional abilities. Schedule therapy at Physical Therapy Center of Ocean Springs- (228) 872-6821.

**E&M Codes:**

Estab Patient office visit (moderate problem), 99214

**E&M Codes:**

Estab Patient office visit (detailed problem), 99213

## RESULT

**X-Ray Results:**

Previous x-rays were reviewed.

## ADDITIONAL ADDENDA

**Addendum:**

05/24/2011 9:09 AM (Wright, Kristie) - Faxed Note To: Evin Beck - 12252312301
05/24/2011 9:09 AM (Wright, Kristie) - Faxed Note To: Karen Harrison - 15045881766

**Patient:** Israel Calderon                    **Date:** 05/18/2011                    **Time:** 11:17 AM

This note was electronically signed by
Charles Winters

Charles Winters
May 18 2011 12:43PM



**Bienville Orthopaedic Specialists, LLC**
3635 Bienville Blvd, Ocean Springs, MS 39564
1720 A Medical Park Drive Suite 220, Biloxi, MS 39532
3615 Hospital Road, Pascagoula, MS 39568
15476 Dedeaux Road, Gulfport, MS 39503
7001 Highway 614, Hurley, MS 39555

**Patient:** Israel Calderon
**Location:** Cedar Lake
**Provider:** Seth Chandler D.O.

**DOB:** ████1957
**Date:** 04/01/2011
**PCP:** Patient, Has no PCP

**Time:** 10:22 AM

## SUBJECTIVE

**Orthopedic Chief Complaint:**

Today's appointment is primarily for an EMG/NCV of the right lower extremity (ies) left lower extremity (ies). EMG/NCV was ordered by: Charles Winters, MD. Israel is a new patient who presents for evaluation of his low back pain. He was injured at work on 9/17/2010 when a fire alarm sounded at work, thus causing a panic with employees running towards the exit. In the process, Mr. Calderon was pushed against a wall, fell to the floor, and was stepped on. Since the incident he has had constant low back pain, worst in the morning or with activity. He denies radiation into his legs or numbness/tingling. Mr. Calderon has not had previous surgery or EMG/NCV testing.

**Past Medical History:**

He has a medical history of Diabetes, type 2.

Musculoskeletal History –
Injury: low back, bilateral leg and shoulder – 09/17/2011

**Past Surgical History:**

There is no history of prior surgery. Orthopaedic surgical history includes Fracture repair.

**Current Medications:**

Celebrex 200mg Cap 1 daily
Glucophage Strength/Form Unknown As Directed

**Patient Allergies:**

The patient denies any known medication allergies.

**Social History:**

Israel is married. He does not drink alcohol. He has never smoked.

**Occupational History:**

He is right handed.

**Family History:**

There is a significant family history of diabetes.

**Review of Systems:**

The patient denies any constitutional, hemotologic gastrointestinal, genitourinary, integumentary, cardiovascular, psychiatric, respiratory, eye/ear/mouth, symptoms. Musculoskeletal problems include back pain, muscle pain , muscle cramps, weakness of muscles and joints and difficulty in walking. Neurological problems includes numbness, tingling and paralysis.

**Neurology Chief Complaint:**

I have reviewed the chief complaint and it accurately reflects the patient's current status.

,Patient: Israel Calderon                    Date: 04/01/2011                         Time: 10:22 AM

## OBJECTIVE

**General Appearance:**
   Patient appears to be alert and oriented x3 in a normal appearance and pleasant mood.

**EMG/NCS:**
   Physical Exam:
   No atrophy or fasciculations are noted. Sensation testing revealed impaired light touch and pin prick in the left anterior femoral
   cutaneous distribution. Muscle strength is intact (5/5) with bilateral finger grip, finger abduction, wrist extension, elbow flexion,
   elbow extension and shoulder abduction. Deep tendon reflexes are intact and symmetric in the bilateral biceps, brachioradialis
   and triceps. Straight leg raise is negative, both seated and supine, Babinski sign is negative, and Ankle clonus is negative.

   NCV Findings:
   Evaluation of the left peroneal motor nerve showed normal distal onset latency (5.9 ms), normal amplitude (2.4 mV), normal
   conduction velocity (B Fib-Ankle, 44 m/s), and normal conduction velocity (Poplt-B Fib, 42 m/s). The right peroneal motor
   nerve showed normal distal onset latency (5.5 ms), normal amplitude (3.4 mV), and normal conduction velocity (B Fib-Ankle,
   45 m/s). The left tibial motor and the right tibial motor nerves showed normal distal onset latency (L5.9, R5.5 ms), normal
   amplitude (L4.1, R6.1 mV), and normal conduction velocity (Knee-Ankle, L40, R42 m/s). The left Deep Peroneal sensory and
   the right Deep Peroneal sensory nerves showed normal distal peak latency (L4.3, R4.0 ms), normal amplitude (L7.5, R10.9
   μV), and normal conduction velocity (12 cm-Dorsum of foot, L28, R30 m/s). The left sural sensory and the right sural sensory
   nerves showed normal distal peak latency (L4.0, R3.8 ms), normal amplitude (L11.4, R13.7 μV), and normal conduction
   velocity (Calf-Lat Mall, L35, R37 m/s). All left vs. right side differences were within normal limits.

   All F Wave latencies were within normal limits. All F Wave left vs. right side latency differences were within normal limits.

   All H Reflex left vs. right side latency differences were within normal limits.

   EMG Findings:
   Needle evaluation of the left peroneus longus and the left posterior tibialis muscles showed large amplitude and increased
   polyphasicity. The left anterior tibialis muscle showed large amplitude, long duration, and increased polyphasicity. The right
   gastroc, the right peroneus longus, the right anterior tibialis, the right vastus medialis, the right low lumbosacral paraspinal, the
   left gastroc, the left vastus medialis, and the left low lumbosacral paraspinal muscles were unremarkable.

   Impression:
   1. The above electrodiagnostic study reveals evidence of mild chronic L5 radiculopathy on the left. There is no evidence of
   acute denervation.
   2. There is no electrodiagnostic evidence of any other focal nerve entrapment, lumbosacral plexopathy or acute lumbar
   radiculopathy in either lower limb.

   The results of this study were discussed with the patient. Thank you for the referral. Please call if there are any questions.
   This exam was performed and interpreted entirely by myself and was not obtained with preconfigured arrays or through an
   automated system.

## ASSESSMENT

**Assessment:**
   Pain Low Back, 724.2
   Pain in Leg, 729.5

## PLAN

**EMG/NCV [Billing Codes]:**
   Global Visit, 99024 EMG, two extremities w/wo related paraspinal areas, 95861 NCV, each nerve motor w/o F-wave study,
   95900 NCV, each nerve motor w/ F-wave study, 95903 NCV, each nerve sensory, 95904 NCV, each H-Reflex nerve, 95934

---

**Patient:** Israel Calderon                    **Date:** 04/01/2011                    **Time:** 10:22 AM

This note was electronically signed by
Seth Chandler D.O.

-------------------------------------------------

Seth Chandler D.O.
Apr 1 2011 11:53AM



**Electrodiagnostics Laboratory**
1720-A Medical Park Drive
Suite 220
Biloxi, MS 39532
(228) 392-9355

| Patient: | Israel Calderon | DOB: | ████1957 | Physician: | Seth D. Chandler, D.O. |
|---|---|---|---|---|---|
| Sex: | Male | Age: | 53 years | Ref Phys: | Charles Winters, M.D. |

**Test Date:** 4/1/2011
**Reason for Consult:** Low back pain with left thigh numbness.

**Patient History**
Today's appointment is primarily for an EMG/NCV of the right lower extremity (ies) left lower extremity (ies). EMG/NCV was ordered by: Charles Winters, MD. Mr. Calderon is a new patient who presents for evaluation of his low back pain. He was injured at work on 9/17/2010 when a fire alarm sounded at work, thus causing a panic with employees running towards the exit. In the process, Mr. Calderon was pushed against a wall, fell to the floor, and was stepped on. Since the incident he has had constant low back pain, worst in the morning or with activity. He denies radiation into his legs or numbness/tingling. Mr. Calderon has not had previous surgery or EMG/NCV testing.

**Physical Exam:**
No atrophy or fasciculations are noted. Sensation testing revealed impaired light touch and pin prick in the left anterior femoral cutaneous distribution. Muscle strength is intact (5/5) with bilateral finger grip, finger abduction, wrist extension, elbow flexion, elbow extension and shoulder abduction. Deep tendon reflexes are intact and symmetric in the bilateral biceps, brachioradialis and triceps. Straight leg raise is negative, both seated and supine, Babinski sign is negative, and Ankle clonus is negative.

**NCV Findings:**
Evaluation of the left peroneal motor nerve showed normal distal onset latency (5.9 ms), normal amplitude (2.4 mV), normal conduction velocity (B Fib-Ankle, 44 m/s), and normal conduction velocity (Poplt-B Fib, 42 m/s). The right peroneal motor nerve showed normal distal onset latency (5.5 ms), normal amplitude (3.4 mV), and normal conduction velocity (B Fib-Ankle, 45 m/s). The left tibial motor and the right tibial motor nerves showed normal distal onset latency (L5.9, R5.5 ms), normal amplitude (L4.1, R6.1 mV), and normal conduction velocity (Knee-Ankle, L40, R42 m/s). The left Deep Peroneal sensory and the right Deep Peroneal sensory nerves showed normal distal peak latency (L4.3, R4.0 ms), normal amplitude (L7.5, R10.9 μV), and normal conduction velocity (12 cm-Dorsum of foot, L28, R30 m/s). The left sural sensory and the right sural sensory nerves showed normal distal peak latency (L4.0, R3.8 ms), normal amplitude (L11.4, R13.7 μV), and normal conduction velocity (Calf-Lat Mall, L35, R37 m/s). All left vs. right side differences were within normal limits.

All F Wave latencies were within normal limits. All F Wave left vs. right side latency differences were within normal limits.

All H Reflex left vs. right side latency differences were within normal limits.

**EMG Findings:**
Needle evaluation of the left peroneus longus and the left posterior tibialis muscles showed large amplitude and increased polyphasicity. The left anterior tibialis muscle showed large amplitude, long duration, and increased polyphasicity. The right gastroc, the right peroneus longus, the right anterior tibialis, the right vastus medialis, the right low lumbosacral paraspinal, the left gastroc, the left vastus medialis, and the left low lumbosacral paraspinal muscles were unremarkable.

**Impression:**
1.  The above electrodiagnostic study reveals evidence of mild chronic L5 radiculopathy on the left. There is no evidence of acute denervation.
2.  There is no electrodiagnostic evidence of any other focal nerve entrapment, lumbosacral plexopathy or acute lumbar radiculopathy in either lower limb.

The results of this study were discussed with the patient. Thank you for the referral. Please call if there are any questions.
This exam was performed and interpreted entirely by myself and was not obtained with preconfigured arrays or through an automated system.

Seth D. Chandler, D.O.
Physical Medicine and Rehabilitation

**Patient:** Calderon, Israel                **Test Date:** 4/1/2011                **Page 2**

## Nerve Conduction Studies
### Anti Sensory Summary Table

| Site | NR | Peak (ms) | Norm Peak (ms) | P-T Amp (µV) | Norm P-T Amp | Site1 | Site2 | Delta-P (ms) | Dist (cm) | Vel (m/s) | Norm Vel (m/s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Left Deep Peroneal Anti Sensory (Dorsum of foot)** | | | | | | | | | | | |
| 12 cm | | 4.3 | <4.4 | 7.5 | >5.0 | 12 cm | Dorsum of foot | 4.3 | 12.0 | 28 | >32 |
| **Right Deep Peroneal Anti Sensory (Dorsum of foot)** | | | | | | | | | | | |
| 12 cm | | 4.0 | <4.4 | 10.9 | >5.0 | 12 cm | Dorsum of foot | 4.0 | 12.0 | 30 | >32 |
| **Left Sural Anti Sensory (Lat Mall)** | | | | | | | | | | | |
| Calf | | 4.0 | <4.0 | 11.4 | >5.0 | Calf | Lat Mall | 4.0 | 14.0 | 35 | >35 |
| **Right Sural Anti Sensory (Lat Mall)** | | | | | | | | | | | |
| Calf | | 3.8 | <4.0 | 13.7 | >5.0 | Calf | Lat Mall | 3.8 | 14.0 | 37 | >35 |

### Motor Summary Table

| Site | NR | Onset (ms) | Norm Onset (ms) | O-P Amp (mV) | Norm O-P Amp | Site1 | Site2 | Delta-O (ms) | Dist (cm) | Vel (m/s) | Norm Vel (m/s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Left Femoral Motor (Vastus Med)** | | | | | | | | | | | |
| Abv Ing Lig | | 9.2 | | 0.1 | | | | | | | |
| Below Ing Lig | | 5.3 | | 3.1 | | | | | | | |
| **Right Femoral Motor (Vastus Med)** | | | | | | | | | | | |
| Abv Ing Lig | | 9.1 | | 0.1 | | | | | | | |
| Below Ing Lig | | 5.2 | | 0.5 | | | | | | | |
| **Left Peroneal Motor (Ext Dig Brev)** | | | | | | | | | | | |
| Ankle | | 5.9 | <6.1 | 2.4 | >2.5 | B Fib | Ankle | 5.7 | 25.0 | 44 | >38 |
| B Fib | | 11.6 | | 2.0 | | Poplt | B Fib | 2.6 | 11.0 | 42 | >40 |
| Poplt | | 14.2 | | 1.7 | | | | | | | |
| **Right Peroneal Motor (Ext Dig Brev)** | | | | | | | | | | | |
| Ankle | | 5.5 | <6.1 | 3.4 | >2.5 | B Fib | Ankle | 5.6 | 25.0 | 45 | >38 |
| B Fib | | 11.1 | | 3.9 | | | | | | | |
| **Left Tibial Motor (Abd Hall Brev)** | | | | | | | | | | | |
| Ankle | | 5.9 | <6.1 | 4.1 | >3.0 | Knee | Ankle | 9.7 | 39.0 | 40 | >35 |
| Knee | | 15.6 | | 3.8 | | | | | | | |
| **Right Tibial Motor (Abd Hall Brev)** | | | | | | | | | | | |
| Ankle | | 5.5 | <6.1 | 6.1 | >3.0 | Knee | Ankle | 9.2 | 39.0 | 42 | >35 |
| Knee | | 14.7 | | 4.9 | | | | | | | |

## F Wave Studies

| NR | F-Lat (ms) | Lat Norm (ms) | L-R F-Lat (ms) | L-R Lat Norm |
|---|---|---|---|---|
| **Left Peroneal (Mrkrs) (EDB)** | | | | |
| | 49.33 | <61.4 | 2.23 | <5.1 |
| **Right Peroneal (Mrkrs) (EDB)** | | | | |
| | 51.56 | <61.4 | 2.23 | <5.1 |
| **Left Tibial (Mrkrs) (Abd Hallucis)** | | | | |
| | 54.22 | <61.2 | 1.78 | <5.7 |
| **Right Tibial (Mrkrs) (Abd Hallucis)** | | | | |
| | 56.00 | <61.2 | 1.78 | <5.7 |

## H Reflex Studies

| NR | H-Lat (ms) | L-R H-Lat (ms) | L-R Lat Norm |
|---|---|---|---|
| **Left Tibial (Gastroc)** | | | |
| | 32.44 | 0.89 | <2.0 |
| **Right Tibial (Gastroc)** | | | |
| | 33.33 | 0.89 | <2.0 |

Patient: Calderon, Israel                 Test Date: 4/1/2011                        Page 3

## EMG

| Side | Muscle | Nerve | Root | Ins Act | Fibs | Psw | Amp | Dur | Poly | RecRt | Int Pat | Comment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Right | Gastroc | Tibial | S1-2 | Nml | Nml | Nml | Nml | Nml | Nml | Nml | Nml | |
| Right | Peroneus Long | Sup Br Peron | L5-S1 | Nml | Nml | Nml | Nml | Nml | Nml | Nml | Nml | |
| Right | AntTibialis | Dp Br Peron | L4-5 | Nml | Nml | Nml | Nml | Nml | Nml | Nml | Nml | |
| Right | VastusMed | Femoral | L2-4 | Nml | Nml | Nml | Nml | Nml | Nml | Nml | Nml | |
| Right | Lumbo Parasp Low | Rami | L5-S1 | Nml | Nml | Nml | | | | | | |
| Left | Gastroc | Tibial | S1-2 | Nml | Nml | Nml | Nml | Nml | Nml | Nml | Nml | |
| Left | Peroneus Long | Sup Br Peron | L5-S1 | Nml | Nml | Nml | Inc | Nml | Inc | Nml | Nml | |
| Left | AntTibialis | Dp Br Peron | L4-5 | Nml | Nml | Nml | Inc | Inc | Inc | Nml | Nml | |
| Left | VastusMed | Femoral | L2-4 | Nml | Nml | Nml | Nml | Nml | Nml | Nml | Nml | |
| Left | Lumbo Parasp Low | Rami | L5-S1 | Nml | Nml | Nml | | | | | | |
| Left | PostTibialis | Tibial | L5, S1 | Nml | Nml | Nml | Inc | Nml | Inc | Nml | Nml | |

**Bienville Orthopaedic Specialists, LLC**
3635 Bienville Blvd, Ocean Springs, MS 39564
1720 A Medical Park Drive Suite 220, Biloxi, MS 39532
3615 Hospital Road, Pascagoula, MS 39568
15476 Dedeaux Road, Gulfport, MS 39503
7001 Highway 614, Hurley, MS 39555

**Patient:** Israel Calderon
**Location:** Ocean Springs
**Provider:** Charles Winters

**DOB:** ▮▮▮▮/1957
**Date:** 03/11/2011
**PCP:** Patient, Has no PCP

**Time:** 8:29 AM

## SUBJECTIVE

**Orthopedic Chief Complaint:**

Patient was referred for consultation by Dr. Noblin for evaluation of his back pain. He injured his back at owrk on 09/17/2010. He states he was trampled by others when a fire extinguisher went off in a safety meeting. It has been 5 months and 3 weeks since his injury. He complains of a stabbing pain in the left side of his buttock, left thigh numbness and right sided groin pain. He had an MRI of his lumbar spine and x-rays for which the report are available.

**Past Medical History:**

He has a medical history of Diabetes, type 2.

Musculoskeletal History -
Injury: low back, bilateral leg and shoulder - 09/17/2011

**Past Surgical History:**

There is no history of prior surgery. Orthopaedic surgical history includes Fracture repair.

**Patient Allergies:**

The patient denies any known medication allergies.

**Social History:**

Israel is married. He does not drink alcohol. He has never smoked.

**Occupational History:**

He is right handed.

**Family History:**

There is a significant family history of diabetes.

**Review of Systems:**

The patient denies any constitutional, hemotologic gastrointestinal, genitourinary, integumentary, cardiovascular, psychiatric, respiratory, eye/ear/mouth, symptoms. Musculoskeletal problems include back pain, muscle pain , muscle cramps, weakness of muscles and joints and difficulty in walking. Neurological problems includes numbness, tingling and paralysis.

**Current Medications:**

Celebrex 200mg Cap 1 daily
Glucophage Strength/Form Unknown As Directed

Patient's medications were reviewed today.

**Orthopedic Chief Complaint - Lumbar Spine:**

Israel presents for evaluation of his lower back. He complains of pain.

---

**Patient:** Israel Calderon                    **Date:** 03/11/2011                    **Time:** 8:29 AM

## Orthopedic History of Present Illness:

Mr. Calderon is seen here today with a chief complaint of pain in his lower back and pain in his right groin and numbness in his left thigh. He is seen at the request of Dr. Noblin for consultation concerning these issues. He apparently got hurt at work. He was working in the BP oil spill clean up. They were doing a safety meeting of some sort, when the fire extinguisher accidentally went off an started spewing chemicals around. The crowd got up and ran and ran over Mr. Calderon causing these injuries. He is having persistent complaints of pain at this point in time. Primarily, it seems that his right groin pain is the worst. His back pain is intermittent and is only activity related and he has left thigh numbness.

## OBJECTIVE

### Vital Signs:

Current Measurements: -
  Weight (lb): 148
  Height (in): 65
  BMI: 25
  Respiration Rate: 18

### General Appearance:

Patient appears to be alert and oriented x3 in a normal appearance and pleasant mood. He was accompanied by his medical case worker. The patient does not speak English but his case manager is with him to interpret for him.

### Lumbar Spine Examination:

Normal spinal contour and posture. There is no overlying swelling, erythema, or rash. There is decreased range of motion to flexion, extension and twisting with apparent pain. Skin is normal. There is tenderness to palpation to bilateral lumbosacral region. Strength and tone are otherwise normal with no overt signs of instability. There is tenderness to palpation of the midline posterior lumbar spine. There is decreased range of motion with forward flexion. Neurologic exam is grossly normal with no focal or lateralizing signs. The DTRs are equal and symmetrical. The straight-leg raising test is positive at 90 degrees on the left for back pain only. The patient has a normal gait. He has no weakness in his lower extremities and he has a variable decreased sensation to pinprick in a non-dermatomal distribution of both of his lower extremities.

### Leg Examination:

Examination was performed of the bilateral legs. The region is atraumatic appearing. There is no overlying swelling, erythema, increased skin temperature, or rash. The gait is normal. The pelvis is level. There is no tenderness to palpation of the bony landmarks and surrounding soft tissue structures. Motor strength is 5 out of 5 and symmetric to EHL, FHL, inversion, eversion, knee flexion/extension, hip flexion/extension, and hip abduction/adduction. He has complaints of pain with range of motion of the right hip in his right groin but range of motion with him sitting, it does not seem to bother him as much.

## ASSESSMENT

### Assessment:

Pain Low Back, 724.2
Lumbar Radiculitis, 724.4

## PLAN

### Orthopedic Follow-Up Orders:

I talked to the patient and the nurse case manager. I am really not overly impressed with his abnormal findings at this point in time, but he does complain of numbness and he has some abnormalities on his MRI. I think he should have EMG's to see if we can determine if there is any radicular problems. Schedule a follow-up visit after tests are done.

### EMG/NCV Requisition:

Please schedule with Seth Chandler, DO. Perform the following electrodiagnostic studies: bilateral and lower extremity EMG/NCV.

**Patient:** Israel Calderon           **Date:** 03/11/2011                **Time:** 8:29 AM

*E&M Codes:*
New Patient office visit (detailed problem), 99203

## RESULT

*X-Ray Results:*
I reviewed reports the patient brought with him, an MRI of the lumbar spine and a MRI of the sacrum and coccyx area and plain films of the lumbar spine. These basically show degenerative changes at L4/5 and L5/S1. There is some contact with the left descending L5 nerve root secondary to disc pathology at L4/5 and he has disc protrusions that are small at L4/5 and L5/S1 that do not appear to effect the nerve.

## ADDITIONAL ADDENDA

*Addendum:*
03/30/2011 8:45 AM (Wright, Kristie) - Faxed Note To: Evin Beck - 12252312301
03/30/2011 8:45 AM (Wright, Kristie) - Faxed Note To: Karen Harrison - 15045881766

This note was electronically signed by
Charles Winters

Charles Winters
Mar 22 2011 8:40AM



**Bienville Orthopaedic Specialists, LLC**
3635 Bienville Blvd, Ocean Springs, MS 39564
1720 A Medical Park Drive Suite 220, Biloxi, MS 39532
3615 Hospital Road, Pascagoula, MS 39568
15476 Dedeaux Road, Gulfport, MS 39503
7001 Highway 614, Hurley, MS 39555

96262

**Patient:** Israel Calderon
**Location:** Cedar Lake
**Provider:** Jeffrey Noblin M.D.

**DOB:** ████1957
**Date:** 02/22/2011
**PCP:** Patient, Has no PCP

**Time:** 8:50 AM

## SUBJECTIVE

**Orthopedic Chief Complaint:**

Israel presents for follow-up of his right shoulder today. Patient to discuss surgery options today.

**Past Medical History:**

He has a medical history of Diabetes, type 2.

**Past Surgical History:**

There is no history of prior surgery. Orthopaedic surgical history includes Fracture repair.

**Current Medications:**

Celebrex 200mg Cap 1 daily
Glucophage Strength/Form Unknown As Directed

Patient's medications were reviewed today.

**Patient Allergies:**

The patient denies any known medication allergies.

**Social History:**

Israel is married. He does not drink alcohol. He has never smoked.

**Occupational History:**

He is right handed.

**Family History:**

There is a significant family history of diabetes.

**Review of Systems:**

Positive ROS include muscle pain/cramps, back pain, numbness or tingling and paralysis. The patient denies any constitutional, hemotologic gastrointestinal, genitourinary, integumentary, cardiovascular, psychiatric, respiratory, eye/ear/mouth, symptoms.

**Orthopedic Follow-Up Visit - Shoulder:**

I have reviewed the orthopedic chief complaint and it accurately reflects the patient's current status. Israel presents for follow-up and management of his right shoulder.

## OBJECTIVE

**Vital Signs:**

Current Measurements: -

**Patient:** Israel Calderon      **Date:** 02/22/2011      **Time:** 8:50 AM

96263

    Weight (lb): 148
    Height (in): 65
    BMI: 25
    Respiration Rate: 18

### General Appearance:

Patient appears to be alert and oriented x3 in a normal appearance and pleasant mood.

### Right Shoulder Examination:

Examination was performed of the right shoulder. No change in physical exam in the patient at this time from previous visits. There is still significant stiffness noted.

## ASSESSMENT

### Assessment:

Bursitis Shoulder- Adhesive, 726.0
Herniated Disk Lumbosacral-no Myelopathy, 722.10
Muscle Atrophy, 728.2

## PLAN

### Orthopedic Follow-Up Orders:

Schedule a follow-up visit after second opinion. The patient apparently has gotten her approval to see Dr. Winters. He wants to hold off on his shoulder until he can get his back and hip further addressed. We will get a MRI of his right hip and then the patient will get Dr. Winters to take a look at him for his back. Once we get those back, we can dictate further treatment regarding the shoulder.

### E&M Codes:

Estab Patient office visit (detailed problem), 99213

 

This note was electronically signed by
Jeffrey Noblin M.D.

Jeffrey Noblin M.D.
Feb 22 2011 11:19AM

**Cedar Lake MRI**

1720C Medical Park Dr.

Biloxi, Mississippi 39532
Phone: 1 228-354-0251
Fax:  1 228-396-3550

| | | | |
|---|---|---|---|
| Patient Name | Isreal Calderon | Case ID | 1656288 |
| Patient DOB | ██████1957 | Referring Physician | Jeffrey Noblin, MD |
| Exam Date | 03/09/2011 | Exam Description | MR - Hip Right w/o Contrast |

HISTORY: Pain, recent traumatic injury.

TECHNICAL FACTORS: Long- and short-axis fat- and water-weighted images were performed.

FINDINGS: No sacroiliitis or osteitis pubis.

Small capsular fluid collections are symmetric within both hips. No osteochondral erosion, fracture, AVN, or displaced labral tear.

No substantive iliopsoas or trochanteric bursal inflammation. Abductor insertions are normal. Hamstring origins are intact. No adductor muscle tear or tendon injury.

No soft tissue contusion or hematoma. No mass.

CONCLUSION:
1.  **Low-grade symmetric degenerative hip osteoarthrosis. No osteochondral erosion, fracture, AVN, or labral tear.**
2.  **Please see above.**

Thank you for the opportunity to provide your interpretation.

Adam K. Olmsted, MD

AO/mh
D: AO 03/09/2011 4:40 PM
T: MH 03/10/2011 1:10 AM





**Bienville Orthopaedic Specialists, LLC**
3635 Bienville Blvd, Ocean Springs, MS 39564
1720 A Medical Park Drive Suite 220, Biloxi, MS 39532
3615 Hospital Road, Pascagoula, MS 39568
15476 Dedeaux Road, Gulfport, MS 39503
7001 Highway 614, Hurley, MS 39555

**Patient:** Israel Calderon
**Location:** Cedar Lake
**Provider:** Jeffrey Noblin M.D.

**DOB:** ▓▓▓1957
**Date:** 02/15/2011
**PCP:** Patient, Has no PCP

**Time:** 1:33 PM

## SUBJECTIVE

**Orthopedic Chief Complaint:**

Today's appointment is primarily for a follow up workman's compensation visit. Israel presents for follow-up of his right shoulder today.States some improvement in ROM to right shoulder. Doing home excercise , no physical therapy.

Pain to right groin area has not improved.

**Past Medical History:**

He has a medical history of Diabetes, type 2.

**Past Surgical History:**

There is no history of prior surgery. Orthopaedic surgical history includes Fracture repair.

**Current Medications:**

Celebrex 200mg Cap 1 daily
Glucophage Strength/Form Unknown As Directed

Patient's medications were reviewed today.

**Patient Allergies:**

The patient denies any known medication allergies.

**Social History:**

Israel is married. He does not drink alcohol. He has never smoked.

**Occupational History:**

He is right handed.

**Family History:**

There is a significant family history of diabetes.

**Review of Systems:**

Positive ROS include muscle pain/cramps, back pain, numbness or tingling and paralysis. The patient denies any constitutional, hemotologic gastrointestinal, genitourinary, integumentary, cardiovascular, psychiatric, respiratory, eye/ear/mouth, symptoms.

**Orthopedic Chief Complaint - Shoulder:**

Israel presents for evaluation of his right shoulder. There currently is no change in terms of his right shoulder. He is continuing to work on physical therapy and having absolutely no further relief of the shoulder itself.

**Orthopedic Follow-Up Visit - Hip/Pelvis:**

This Document Printed on March 8, 2011 at 09:02 AM

228-230-BONE (2663)

**Patient:** Israel Calderon                **Date:** 02/15/2011                **Time:** 1:33 PM

Israel presents for follow-up and management of his right hip. Patient has pain with ambulation in the right hip region. Standing for long periods of time gives him problems as well.

### Orthopedic Follow-Up Visit - Lumbar Spine:

I have reviewed the orthopedic chief complaint and it accurately reflects the patient's current status. Israel presents for follow-up of his left leg.

## OBJECTIVE

### Vital Signs:

Current Measurements: -
Weight (lb): 148
Height (in): 65
BMI: 25
Respiration Rate: 18

### General Appearance:

Patient appears to be alert and oriented x3 in a normal appearance and pleasant mood.

### Right Shoulder Examination:

Exam of the right shoulder reveals the patient to have about 80 degrees forward flexion, about 70 degrees of abduction, and very little internal and external rotation. Pain with resistance of the rotator cuff.

### Right Hip/Pelvis Examination:

Examination was performed of the right hip. Right hip reveals pain with internal rotation and pain with abduction and external rotation in the right groin region itself. Otherwise, negative straight leg raise.

### Lumbar Spine Examination:

No further changes in terms of the examination of his left leg. He has a mildly positive straight leg raise. He has good motor function of the left lower extremity. He has subjective numbness going down the entire medial aspect of his left leg going down into the dorsal aspect of his foot.

## ASSESSMENT

### Assessment:

Stiff Joint Shoulder Region, 719.51
Pain Hip Joint, 719.45
Herniated Disk Lumbosacral-no Myelopathy , 722.10

## PLAN

### Orthopedic Follow-Up Orders:

Schedule a follow-up visit in 1 week. In regard to the patient, I have reviewed his MRI scans and his coccyx and sacrum is unremarkable. His back shows L4 disc left side that coincides with the symptoms. The patients shoulder shows an anterior rotator cuff tear of his right shoulder and adhesive capsulitis.

Plan at the present time is for his shoulder, I think the patient needs to have surgical treatment or he needs to be closed out. One of the two. He is not making any further progress at this time. He wants to think about it. I will see him back in one week for that for him to make the determination. If he does not want to perform surgical treatment, he needs MMI and an impairment rating of his shoulder.

With regard to the patients back, he has pain and symptoms still going in his left leg. He has a MRI that has positive findings. I would like to refer him to Dr. Winters for him to manage his back to see if he thinks he needs epidurals or whether it is

**Patient:** Israel Calderon                    **Date:** 02/15/2011                    **Time:** 1:33 PM

something that needs to be fixed or just treated conservatively with back strengthening.

With regard to the patients right hip, I think this is going to be okay, but I would like to MRI it just to make sure that there is no evidence of a labral tear. If that comes back normal, then I will MMI and PPI his right hip as well.

**E&M Codes:**
Estab Patient office visit (high complexity problem), 99215

## RESULT

**X-Ray Results:**
No x-rays were required for today's visit.

This note was electronically signed by
Jeffrey Noblin M.D.

--------------------------------------------------

Jeffrey Noblin M.D.
Feb 15 2011 2:32PM

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/22/2018

For Claim Number 159936

Claimant Calderon, Israel

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|----------|--------|-------------|-------------|---------|---------|----------|
| 10/06/10 | 10716-3 | KOTLER, MICHAEL | $43.20 | 09/23/10 | 09/23/10 | 3984282 |
| 10/06/10 | 10716-3 | KOTLER, MICHAEL | $319.50 | 09/22/10 | 09/22/10 | 3984282 |
| 10/11/10 | 25763-7 | CASHIO, LUCAS THOMAS | $232.00 | 09/24/10 | 09/24/10 | 3984950 |
| 10/25/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $15.63 | 09/27/10 | 09/27/10 | 3988774 |
| 10/25/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $119.79 | 10/13/10 | 10/13/10 | 3988774 |
| 10/31/10 | 13321-0 | YOUNGER & ASSOCIATES INC | $375.00 | 10/18/10 | 10/18/10 | 3990776 |
| 11/04/10 | 36219-0 | RIGGLE AND ASSOCIATES LLC | $1,177.75 | 10/07/10 | 10/22/10 | 3992510 |
| 11/08/10 | 27978-4 | LANDRY, BERNARD | $2,493.05 | 09/22/10 | 09/22/10 | 3992877 |
| 11/15/10 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $160.00 | 10/20/10 | 10/21/10 | 3994814 |
| 11/16/10 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $240.00 | 10/25/10 | 10/29/10 | Mltiple |
| 11/30/10 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $200.00 | 11/01/10 | 11/05/10 | 3998603 |
| 12/02/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $119.79 | 11/29/10 | 11/29/10 | 3999811 |
| 12/06/10 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $240.00 | 11/09/10 | 11/12/10 | 4000164 |
| 12/07/10 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $120.00 | 11/15/10 | 11/19/10 | 4000305 |
| 12/07/10 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $80.00 | 10/12/10 | 10/12/10 | 4000305 |
| 12/13/10 | 36219-0 | RIGGLE AND ASSOCIATES LLC | $688.25 | 10/26/10 | 11/22/10 | 4002014 |
| 12/21/10 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $160.00 | 11/23/10 | 11/24/10 | 4004975 |
| 12/29/10 | 36219-0 | RIGGLE AND ASSOCIATES LLC | $582.75 | 11/24/10 | 12/07/10 | 4006768 |
| 12/29/10 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $120.00 | 11/29/10 | 11/30/10 | 4006761 |
| 01/03/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $119.79 | 12/28/10 | 12/28/10 | 4006981 |
| 01/06/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $160.00 | 12/13/10 | 12/16/10 | 4008695 |
| 01/06/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $160.00 | 12/07/10 | 12/07/10 | 4008682 |
| 01/06/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $12.75 | 09/24/10 | 09/24/10 | 4008743 |
| 01/11/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $80.00 | 12/21/10 | 12/23/10 | 4009408 |
| 01/18/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $160.00 | 12/28/10 | 12/30/10 | 4011467 |
| 01/19/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $160.00 | 01/05/11 | 01/07/11 | 4012571 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/22/2018
TIME: 03:21 pm

## LOUISIANA WORKERS' COMPENSATION CORPORATION

### Claim Payments Report

For Payment Dates 10/01/1992 Through 06/22/2018

For Claim Number 159936

Claimant Calderon, Israel

**Medical Payments**

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|---|---|---|---|---|---|---|
| 01/20/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $355.84 | 12/07/10 | 12/21/10 | 4012736 |
| 01/21/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $185.60 | 12/09/10 | 12/09/10 | 4012926 |
| 01/21/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $119.04 | 10/20/10 | 10/20/10 | 4012926 |
| 01/21/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $185.60 | 10/29/10 | 10/29/10 | 4012926 |
| 01/21/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $176.64 | 10/25/10 | 10/25/10 | 4012926 |
| 01/21/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $176.64 | 10/21/10 | 10/21/10 | 4012926 |
| 01/21/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $185.60 | 11/05/10 | 11/05/10 | 4012926 |
| 01/21/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $176.64 | 11/02/10 | 11/02/10 | 4012926 |
| 01/24/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $227.20 | 12/16/10 | 12/30/10 | 4013063 |
| 01/26/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $80.00 | 01/11/11 | 01/11/11 | 4014466 |
| 01/28/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $185.60 | 12/28/10 | 12/28/10 | 4014889 |
| 02/02/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $130.38 | 01/28/11 | 01/28/11 | 4016478 |
| 02/02/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $211.63 | 01/11/11 | 01/11/11 | 4016423 |
| 02/03/11 | 36219-0 | RIGGLE AND ASSOCIATES LLC | $714.00 | 12/13/10 | 01/24/11 | 4016700 |
| 02/03/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $179.20 | 12/30/10 | 12/30/10 | 4016602 |
| 02/09/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $119.04 | 01/05/11 | 01/05/11 | 4018313 |
| 02/16/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $65.28 | 12/21/10 | 12/21/10 | 4020290 |
| 02/16/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $67.84 | 12/09/10 | 12/09/10 | 4020290 |
| 02/16/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $1,659.56 | 10/12/10 | 11/24/10 | 4020290 |
| 02/16/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $221.64 | 01/07/11 | 01/07/11 | 4020290 |
| 02/18/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $67.84 | 12/28/10 | 12/28/10 | 4020691 |
| 02/18/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $87.04 | 12/30/10 | 12/30/10 | 4020691 |
| 03/01/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $437.12 | 11/02/10 | 11/24/10 | 4022916 |
| 03/02/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $23.04 | 12/08/10 | 12/08/10 | 4023939 |
| 03/04/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $179.20 | 12/13/10 | 12/13/10 | 4024371 |
| 03/08/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $80.00 | 02/15/11 | 02/15/11 | 4024771 |

* denotes a canceled transaction, and is not included in the total calculations

```
DATE:  06/22/2018                                                                      REPORT: CL150R
TIME:  03:21 pm                                                                        PAGE    3
                                                                                               OF 6

                            LOUISIANA WORKERS' COMPENSATION CORPORATION

                                         Claim Payments Report
                              For Payment Dates 10/01/1992 Through 06/22/2018
                                       For Claim Number 159936
                                        Claimant Calderon, Israel
```

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|----------|--------|-------------|-------------|---------|---------|----------|
| 03/11/11 | 36219-0 | RIGGLE AND ASSOCIATES LLC | $1,000.14 | 01/25/11 | 03/04/11 | 4026245 |
| 03/14/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $89.60 | 11/05/10 | 11/05/10 | 4026292 |
| 03/14/11 | 32698-1 | NOBLIN, JEFFREY D. | $162.61 | 02/15/11 | 02/15/11 | 4026306 |
| 03/18/11 | 32698-1 | NOBLIN, JEFFREY D. | $79.29 | 02/22/11 | 02/22/11 | 4027931 |
| 03/21/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $130.38 | 03/04/11 | 03/04/11 | 4028245 |
| 03/22/11 | 35415-0 | COASTAL IMAGING ASSOCIATES PA | $121.88 | 03/09/11 | 03/09/11 | 4028360 |
| 03/29/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $83.00 | 02/22/11 | 03/04/11 | 4030234 |
| 03/30/11 | 39360-0 | OPEN MRI LLC | $748.71 | 03/09/11 | 03/09/11 | 4031275 |
| 04/05/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $130.38 | 03/28/11 | 03/28/11 | 4032144 |
| 04/08/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $198.50 | 03/09/11 | 03/18/11 | 4033634 |
| 04/12/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $120.19 | 03/11/11 | 03/11/11 | 4033873 |
| 04/19/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $113.00 | 04/01/11 | 04/01/11 | 4035761 |
| 04/21/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $23.04 | 11/05/10 | 11/05/10 | 4035939 |
| 04/21/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $106.24 | 12/13/10 | 12/13/10 | 4036939 |
| 05/02/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $130.38 | 04/26/11 | 04/26/11 | 4039112 |
| 05/10/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $1,037.22 | 04/01/11 | 04/01/11 | 4041159 |
| 06/03/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $188.80 | 04/01/11 | 04/01/11 | 4047858 |
| 06/06/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $143.00 | 05/04/11 | 05/04/11 | 4048155 |
| 06/06/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $130.38 | 05/18/11 | 05/18/11 | 4048115 |
| 06/08/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $279.00 | 05/18/11 | 05/27/11 | 4049504 |
| 06/15/11 | 36219-0 | RIGGLE AND ASSOCIATES LLC | $1,293.80 | 05/06/11 | 06/09/11 | 4051516 |
| 06/15/11 | 36219-0 | RIGGLE AND ASSOCIATES LLC | $633.07 | 05/03/11 | 05/05/11 | 4051516 |
| 06/15/11 | 36219-0 | RIGGLE AND ASSOCIATES LLC | $1,529.29 | 04/04/11 | 04/04/11 | 4051516 |
| 06/15/11 | 32698-0 | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC | $79.29 | 05/18/11 | 05/18/11 | 4051360 |
| 06/24/11 | 37588-0 | BLACK DIAMOND TRANSPORTATION SERVICES IN | $263.25 | 06/08/11 | 06/10/11 | 4053926 |
| 07/05/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $130.38 | 06/21/11 | 06/21/11 | 4055957 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/22/2018                                                                                    REPORT: CL150R
TIME: 03:21 pm                                                                                      PAGE    4
                                                                                                    OF      6

                              LOUISIANA WORKERS' COMPENSATION CORPORATION

                                           Claim Payments Report
                               For Payment Dates 10/01/1992 Through 06/22/2018
                                          For Claim Number 159936
                                           Claimant Calderon, Israel

Medical Payments

| Pymnt Dt | Vendor   | Vendor Name                            | Amount Paid   | From Dt  | Thru Dt  | Check No |
|----------|----------|----------------------------------------|---------------|----------|----------|----------|
| 07/05/11 | 32698-0  | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC  | $50.00        | 05/04/11 | 05/04/11 | 4055859  |
| 07/06/11 | 32698-0  | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC  | $120.19       | 05/04/11 | 05/04/11 | 4056974  |
| 07/26/11 | 28809-1  | ROLL, DOUG G.                          | $757.76       | 06/08/11 | 06/08/11 | 4061460  |
| 08/09/11 | 36219-0  | RIGGLE AND ASSOCIATES LLC              | $706.20       | 06/15/11 | 07/22/11 | 4064975  |
| 08/10/11 | 19518-0  | PHARMACY ASSOCIATES, INC.              | $130.38       | 07/18/11 | 07/18/11 | 4066006  |
| 08/17/11 | 32698-0  | BIENVILLE ORTHOPAEDIC SPECIALISTS LLC  | $68.00        | 07/22/11 | 07/22/11 | 4067703  |
| 08/18/11 | 37588-0  | BLACK DIAMOND TRANSPORTATION SERVICES IN | $86.63      | 07/13/11 | 07/22/11 | 4068031  |
| 08/23/11 | 34893-0  | MEDFIRM SOLUTIONS INC                  | $41.68        | 07/22/11 | 07/22/11 | 4068615  |
| 08/26/11 | 41365-0  | STOPS ENTERPRISES LLC                  | $17.20        | 08/08/11 | 08/08/11 | 4070232  |
| 08/30/11 | 41365-0  | STOPS ENTERPRISES LLC                  | $25.80        | 08/09/11 | 08/09/11 | 4070595  |
| 10/04/11 | 9011-0   | LUMP SUM SETTLEMENT                    | $90,000.00    | 10/04/11 | 10/04/11 | 4079790  |

                                                                   TOTAL:   $115,585.12

* denotes a canceled transaction, and is not included in the total calculations

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/22/2018

For Claim Number 159936

Claimant Calderon, Israel

Indemnity Payments

| Payment Date | Comp Code | From Date | Thru Date | Type Comp | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 10/11/2010 | TT | 09/24/2010 | 10/11/2010 | INITIAL | 18 | $1,488.86 | $0.00 | $1,488.86 | 3985003 |
| * 10/12/2010 | TT | 10/12/2010 | 10/15/2010 | REGULAR | 4 | $330.86 | $0.00 | $330.86 | 3986180 * |
| 10/15/2010 | TT | 10/12/2010 | 10/15/2010 | REGULAR | 4 | $330.86 | $0.00 | $330.86 | 3986917 |
| 11/03/2010 | TT | 10/16/2010 | 11/01/2010 | ONE TIME ONLY | 17 | $1,406.14 | $0.00 | $1,406.14 | 3992315 |
| 11/09/2010 | TT | 11/02/2010 | 11/12/2010 | REGULAR | 11 | $909.86 | $0.00 | $909.86 | 3994120 |
| 11/16/2010 | TT | 11/13/2010 | 11/19/2010 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 3996019 |
| 11/23/2010 | TT | 11/20/2010 | 11/26/2010 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 3998044 |
| 11/30/2010 | TT | 11/27/2010 | 12/03/2010 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 3999512 |
| 12/07/2010 | TT | 12/04/2010 | 12/10/2010 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4001214 |
| 12/14/2010 | TT | 12/11/2010 | 12/17/2010 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4003082 |
| 12/20/2010 | TT | 12/18/2010 | 12/24/2010 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4004705 |
| 12/27/2010 | TT | 12/25/2010 | 12/31/2010 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4006297 |
| 01/04/2011 | TT | 01/01/2011 | 01/07/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4008216 |
| 01/11/2011 | TT | 01/08/2011 | 01/14/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4010295 |
| 01/18/2011 | TT | 01/15/2011 | 01/21/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4012364 |
| 01/25/2011 | TT | 01/22/2011 | 01/28/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4014216 |
| 02/01/2011 | TT | 01/29/2011 | 02/04/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4016310 |
| 02/08/2011 | TT | 02/05/2011 | 02/11/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4018199 |
| 02/15/2011 | TT | 02/12/2011 | 02/18/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4020067 |
| 02/22/2011 | TT | 02/19/2011 | 02/25/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4022026 |
| 03/01/2011 | TT | 02/26/2011 | 03/04/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4023873 |
| 03/08/2011 | TT | 03/05/2011 | 03/11/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4025627 |
| 03/15/2011 | TT | 03/12/2011 | 03/18/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4027470 |
| 03/22/2011 | TT | 03/19/2011 | 03/25/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4029328 |
| 03/29/2011 | TT | 03/26/2011 | 04/01/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4031088 |
| 04/05/2011 | TT | 04/02/2011 | 04/08/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4033044 |
| 04/12/2011 | TT | 04/09/2011 | 04/15/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4034787 |
| 04/19/2011 | TT | 04/16/2011 | 04/22/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4036622 |

* denotes a canceled transaction, and is not included in the total calculations

DATE:  06/22/2018

TIME:  03:21 pm

REPORT:  CI150R

PAGE  6

OF  6

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/22/2018

For Claim Number 159936

Claimant Calderon, Israel

Indemnity Payments

| Payment Date | Comp Code | From Date | Thru Date | Type Comp | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 04/26/2011 | TT | 04/23/2011 | 04/29/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4038404 |
| 05/03/2011 | TT | 04/30/2011 | 05/06/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4040255 |
| 05/10/2011 | TT | 05/07/2011 | 05/13/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4042026 |
| 05/17/2011 | TT | 05/14/2011 | 05/20/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4043661 |
| 05/24/2011 | TT | 05/21/2011 | 05/27/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4045480 |
| 05/31/2011 | TT | 05/28/2011 | 06/03/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4047246 |
| 06/07/2011 | TT | 06/04/2011 | 06/10/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4049269 |
| 06/14/2011 | TT | 06/11/2011 | 06/17/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4051265 |
| 06/21/2011 | TT | 06/18/2011 | 06/24/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4053228 |
| 06/28/2011 | TT | 06/25/2011 | 07/01/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4055204 |
| 07/05/2011 | TT | 07/02/2011 | 07/08/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4056850 |
| 07/12/2011 | TT | 07/09/2011 | 07/15/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4058860 |
| 07/19/2011 | TT | 07/16/2011 | 07/22/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4060587 |
| 07/26/2011 | TT | 07/23/2011 | 07/29/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4062382 |
| 08/02/2011 | TT | 07/30/2011 | 08/05/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4064169 |
| 08/09/2011 | TT | 08/06/2011 | 08/12/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4065820 |
| 08/16/2011 | TT | 08/13/2011 | 08/19/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4067604 |
| 08/23/2011 | TT | 08/20/2011 | 08/26/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4069467 |
| 08/30/2011 | TT | 08/27/2011 | 09/02/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4071472 |
| 09/06/2011 | TT | 09/03/2011 | 09/09/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4073233 |
| 09/13/2011 | TT | 09/10/2011 | 09/16/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4075116 |
| 09/20/2011 | TT | 09/17/2011 | 09/23/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4076921 |
| 09/27/2011 | TT | 09/24/2011 | 09/30/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4078785 |
| 10/04/2011 | TP | 10/01/2011 | 10/07/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4080672 |

TOTALS (excluding canceled transactions denoted by *):    $31,348.72    $0.00    $31,348.72

* denotes a canceled transaction, and is not included in the total calculations