# JOHNSON, RAHMAN & THOMAS

**Employees of Louisiana Workers' Compensation Corporation**

2237 S. Acadian Thruway | P.O. Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone: (225) 231-0875
Facsimile: (225) 231-0986
Fax Server: (225) 929-5613

July 3, 2018

*Via UPS Next Day Air*

Counsel for BP
**Attn:  Mr. J. Andrew Langan**
Kirkland & Ellis LLP
300 N. LaSalle St., Suite 2400
Chicago, IL  60654

*Via UPS Next Day Air*

MDL 2179 Plaintiffs' Steering Committee
**Attn:  Mr. Steven J. Herman**
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113

> In Re:  Oil Spill by the Oil Rig "Deepwater Horizon": in the Gulf of Mexico,
> On April 20, 2010
> MDL No.        :        10-2179; Section J
>
> Louisiana Workers' Compensation Corporation v. BP, PLC, et al
> Civil Action No.:        17-cv-03199
>
> Workers' Compensation Claim of Elias Dubon-Figueroa
> LWCC Claim No.:  159115

Dear Counsel:

In compliance with Pretrial Order No. 66, with respect to the workers' compensation claim of Elias Dubon-Figueroa, enclosed please find the following documents:

1.        Individual Particularized Statement of Claim;
2.        Joint Petition for Approval of Settlement, Judgment and related documents;
3.        First Report of Injury;
4.        Claim for Compensation filed by injured worker;
5.        Wage records;
6.        Recent medical records; and

Mr. J. Andrew Langan
Mr. Steven Herman
July 3, 2018
Page 2

       7.       Claim payment report.

In total LWCC has paid $42,550.95 to and on behalf of Mr. Dubon-Figueroa as a result of his injuries suffered during the clean-up efforts following the Deepwater Horizon explosion. Louisiana Workers' Compensation Corporation is seeking recovery of all payments made to and on behalf of Mr. Dubon-Figueroa.

I hope this is satisfactory for your needs, however, in the event you have any questions or require any additional information, please do not hesitate to call.

With kind regards, I am

                    Very truly yours,

                    David K. Johnson

DKJ/fhj
Enclosures
cc:     Linda Dantin

## EXHIBIT A

---

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

### PTO 66 PARTICULARIZED STATEMENT OF CLAIM
### FOR REMAINING B3 PLAINTIFFS

---

**PLAINTIFF'S FULL NAME:**  Louisiana Workers' Compensation Corporation

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:** Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

### A.   YOUR BACKGROUND INFORMATION

1.   Current address:

Address Line 1:   2237 S. Acadian Thruway

Address Line 2:

City:   Baton Rouge          State:   LA          Zip:   70808

2.   Telephone number:   (225) 924-7788

3.   Maiden or other names used or by which you have been known, and the dates during which you were known by such names:   N/A

4.   Date and Place of Birth:   N/A

5.   Male_____   Female_____

6.  Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| N/A | |
| | |
| | |

7.  Employment Information:

    A.  Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |

8.  Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No_____ If *"Yes,"* when were you out of work and why? ___N/A_____

_____

## B.    THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL

9.    Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

Yes __X__    No _____    ( *Indirectly, see attached correspondence* )

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

### 1.    Cleanup Workers

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.    Was your cleanup work performed onshore (on land) or offshore (on the water)?

Onshore __X__    Offshore _____    Both _____

11.    Were you hired as part of the Vessels of Opportunity ("VoO") Program?

Yes _____    No __X__

12.    Did you handle hazardous materials as part of your cleanup work?

Yes _____    No _____

13.    Please set forth the following information about your cleanup work:

A.    Your employer(s): *Southern Environmental of Louisiana, LLC*

B.    Your supervisor(s) at the employer(s) identified in Question No. 13(A):

*Stacey Roque*

C.    A description of the work performed for employer(s) identified in Question No. 13(A): *Laborer – spill cleanup*

D.    The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): *See attached wage records*

E.   The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _None_____

_____

F.   Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): _Unknown_____

_____

**2.   Residents/Tourists**

14.   Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____        No_____

15.   Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____        No_____

16.   List all address(es) at which you resided in 2010:_____

_____

**C.   INFORMATION ABOUT YOUR B3 CLAIM**

17.   Are you claiming that you suffered damages from (*Check all that apply*):

_____Bodily injury from exposure to oil and/or dispersants

__X__Bodily injury other than from exposure to oil and/or dispersants

_____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.    EXPOSURE CLAIMS**

18.    Were you exposed to oil, dispersants, or both?

Oil_____          Dispersants_____          Both_____

19.    How were you exposed? (*Check all that apply*)

A.    Inhalation                Yes_____      No_____

B.    Dermal (skin) contact    Yes_____      No_____

C.    Ingestion                Yes_____      No_____

D.    Other (please describe):  _____

20.    What was the date(s) of your exposure?

Day: _____    Month: _____    Year: _____

21.    How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

22.    What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

23.    For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

_____

_____

_____

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

_____

_____

_____

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

Yes_____ No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____

_____

_____

**E. NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

A. The nature of your injury: *See attached medical reports*

B. The date(s) of your injury: 7/23/2010

C. The location(s) of your injury: Hopedale, LA

D. The work that you were performing when you sustained your injury: _____

Taking down a tent

_____

E. Identify any individual(s) who witnessed your injury: _____

Unknown

28. Describe in as much detail as possible the circumstance(s) of your injury: _____

See attached first report of injury

and claim for compensation

_____

**F.     INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29.    Describe in as much detail as possible the bodily injury (or medical condition) that you
       claim resulted from the spill or your cleanup work in response to the oil spill: _____

       _____ See attached medical reports. _____

       _____

30.    Please explain how your injury (or medical condition) resulted from the spill or your
       cleanup work in response to the oil spill:

       _____ See attached medical reports, first
       report of injury and claim for compensation

       _____

       _____

       _____

31.    On what date did you first report or seek treatment for your injury or illness:
       _____ 7/23/2010 _____

32.    On what date was your injury first diagnosed: _____ 7/23/2010

33.    Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or
       condition):

| Name | Address |
|------|---------|
|      | See attached medical records & |
|      | Claim payment report |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| | *see attached medical records and claim payment report* |
| | |
| | |
| | |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No _____. If "*Yes*," *Unknown*

    A. When? _____

    B. Who diagnosed the injury (or condition) at that time? _____

        _____

        _____

    C. Who treated the injury (or condition) at that time? _____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes _____ No_____. If "*Yes*,"

    A. What date did you first experience such injury or condition? _____

    B. What injury (or condition) was made worse? _____

        _____

37.  Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|------|---------|
|      | un Known |
|      |         |
|      |         |
|      |         |
|      |         |

38.  Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes __X__  No _____

39.  Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: _____

_____ recovery of medical expenses and weekly benefits per attached claim payment report

_____

40.  Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes __X__  No _____

If "Yes":

A.  From whom did you receive this compensation or reimbursement? _____

_____ LWCC _____

B.    When did you receive this compensation or reimbursement?_____

_____ see attached claim payment report

C.    What was the amount of the compensation or reimbursement?_____

_____ see attached claim payment report

## G.    CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

Yes_____    No_____

42.    Was the contract that you claim was breached made as part of the VoO Program?

Yes_____    No_____

43.    Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.    Describe how the contract was breached:_____

_____

_____

45.    *If you were part of the VoO Program:*  Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

_____

_____

_____

48.    Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _____ July 5 _____, 2018

Location (City and State): ____ Baton Rouge, La ____

_____ *signature* _____
Signature of Plaintiff*

***Plaintiff's Attorney <u>Cannot</u> Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.***

_____ Michael Stoltfus _____
Print Name

_____ SVP/General _____
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than <u>Monday, July 9, 2018</u>, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

ELIAS DUBON-FIGUEROA              DOCKET NO. 10-07267   DISTRICT 07

VERSUS                           OFFICE OF WORKERS' COMPENSATION

SOUTHERN ENVIRONMENTAL           STATE OF LOUISIANA
OF LOUISIANA, LLC

## JOINT PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT PURSUANT TO LSA-R.S. 23:1272

The joint petition of Employee, Elias Dubon-Figueroa, of the full age of majority and a resident of Terrytown, Parish of Orleans, State of Louisiana, sometimes hereinafter referred to as "Employee"; Southern Environmental of Louisiana, LLC, hereinafter referred to as "Employer", and Louisiana Workers' Compensation Corporation, a domestic insurance company authorized to do and doing business in the State of Louisiana, hereinafter referred to as "Insurer", who respectfully represents:

1.

Availing themselves of the provisions of the laws of Louisiana as set forth in LSA-R.S. 23:1271-1273, all petitioners seek the approval of this Honorable Court to a compromise of the claim for compensation and further show:

2.

On July 23, 2010, Employee incurred a right inguinal hernia. He underwent a hernia repair with Dr. Chee Awai on September 1, 2010. He has undergone conservative treatment since the surgery with Dr. Chee Awai, who returned him to regular duty work February 16, 2011. The pertinent medical records are attached hereto.

3.

Employer and Insurer have paid medical benefits totaling Twelve Thousand Three Hundred Twenty Four and 44/100 ($12,324.44) in medical benefits; Sixteen Thousand Four

Hundred Eighty Five and 72/100 ($16,485.72) in indemnity benefits; Three Hundred Seventy Five and 00/100 ($375.00) in vocational rehabilitation benefits. Employer/Insurer paid weekly indemnity of $577.00, based on an average weekly wage of $1,143.19, from August 10, 2010 through February 25, 2011.

4.

Employee contends he still suffers a residual injury as a result of the accident. Employer and Insurer dispute the nature and extent of Employee's injury/disability and assert that the settlement amount set forth below is fair and adequate.

5.

In order to compromise and settle all the disputes existing herein, Employer and its Insurer, subject to the approval of the Office of Workers' Compensation, have agreed to pay to the Employee, Twelve Thousand and 00/100 ($12,000.00) dollars in exchange for a full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may have or may hereafter acquire against the Employer or Insurer because of anything that may have occurred while Employee was employed by Employer or thereafter and particularly, but not exclusively, because of the injuries claimed to have been sustained by Employee on or about July 23, 2010. This payment also is in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may currently have or may in the future acquire against the Employer or Insurer arising from any medical treatment provided to Employee as a result of said accident date of July 23, 2010, whether any condition resulting from the medical treatment is currently known or

2

unknown to Employee or whether any condition resulting from the medical treatment subsequently develops and causes further disability or death of Employee.

6.

All medical bills paid for by Employer and Insurer for treatment rendered to Employee are set forth in the payment screen attached hereto. Pursuant to La. R.S. 23:1272(E), Employer and Insurer specifically deny any responsibility for any other medical bill of Employee not listed on the attached payment summary with the exception that the Employer and Insurer remain responsible for any previously pre-certified and authorized medical treatment that remains unpaid in accordance with the Fee Schedule.

7.

In the settlement of all claims for workers' compensation, Elias Dubon-Figueroa agrees to accept and the Employer and Insurer agree to pay the sum of Twelve Thousand and 00/100 ($12,000.00) dollars. Employee understands that with this payment Employer and Insurer are relieved of any further obligations to provide past, present or future workers' compensation benefits of any type.

8.

Employer and Insurer deny application of §1271(3) of the Louisiana Workers' Compensation Law, but to the extent applicable, Employee and all parties waive any and all rights to the six-month waiting period after termination of temporary total disability set forth in §1271 of the Louisiana Workers' Compensation Law.

9.

Employer has been notified of the terms of the settlement and consents thereto.

10.

Employee is represented by Michael W. Whitehead and further attests and warrants that this settlement has not been procured by duress. At the time of the filing of the present litigation, Employee was represented by Darren Sarphie, who withdrew as counsel but filed an intervention on September 8, 2010 for attorney fees for legal services rendered on behalf of Employee prior to Employee hiring Michael Whitehead. The Court signed the order of intervention on September 10, 2010. The settlement proceeds of $12,000.00 have been tendered by Employer/Insurer to Employee by a check numbered 4100171, dated December 19, 2011, and made payable to Elias Dubon-Figueroa, Michael Whitehead, and Darren Sarphie. Michael Whitehead and Darren Sarphie have agreed on the apportionment of attorney fees with respect to the legal services they respectively provided to Employee. Employer/Insurer will have no responsibility or liability as to the payment of the attorney fees of Michael Whitehead and Darren Sarphie.

11.

All parties have agreed to the compromise settlement hereto primarily to avoid litigation, subject to the approval of this Honorable Court, and all petitioners desire that this Honorable Court approve the proposed settlement upon its findings of the same as in substantial accord with the provisions of Title 23, Chapter 10, Revised Statutes of Louisiana. They desire that the judgment herein provide that upon the payment by Employer and Insurer of the amount of Twelve Thousand and 00/100 ($12,000.00) dollars, that both Employer and Insurer shall be forever released and relieved from any and all past, present and/or future liability to and claims of Employee of whatsoever nature and kind, arising heretofore, or which may hereafter arise

4

under said statute, growing out of the accident or injuries described hereinabove or any other accident or injury occurring prior to this date.

12.

Employee contends that he has not applied for, or received, Social Security Disability benefits; that he has not applied for, or received, Medicare benefits for any medical treatment including treatment for any work injuries as a result of the July 23, 2010 accident in question; that he does not currently have pending an application for Medicare benefits; that he does not intend on applying for Medicare benefits in the foreseeable future; that he understands that if he does apply for Medicare benefits and submits bills for treatment for the work related injuries, these bills may be denied by Medicare. Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment. In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien. Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee. Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injuries to Medicare. Employee understands that Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claims.

13.

All petitioners show that this settlement is fair and equitable and is made subject to approval of this Honorable Court.

**WHEREFORE,** the premises considered, petitioners pray that after due consideration of the compromise settlement presented, there be an Order of Approval by this Honorable Court, authorizing the compromise settlement to be made and that all of the parties be authorized to make the settlement as outlined in full, final and complete settlement of all claims against any parties herein named and approving said settlement and that there be judgment rendered herein dismissing with full prejudice all claims presented by Employee, Elias Dubon-Figueroa, as against Employer, Southern Environmental of Louisiana, LLC, and Insurer, Louisiana Workers' Compensation Corporation, their agents, employees, executive officers, representatives and any and all other persons, firms, corporations, partnerships, insurers and parties whomsoever for any and all liability to Employee under the Louisiana Worker's Compensations laws of the State of Louisiana and for all general and equitable relief.

**ELIAS DUBON-FIGUEROA, Employee**
308 Appletree Lane
Terrytown, Louisiana 70056
(504) 621-3758

**MICHAEL W. WHITEHEAD, Bar Roll No.** 20670
P.O. Box 1270
Livingston, Louisiana 70754
(225) 686-9700
Counsel for Employee, Elias Dubon-Figueroa

**M. JEREMY BERTHON, Bar Roll No. 29089**
P.O. Box 98001
2237 S. Acadian Thruway
Baton Rouge, Louisiana 70808
(225) 231-0925
Counsel for Southern Environmental of Louisiana, LLC
and Louisiana Workers' Compensation Corporation

6

ELIAS DUBON-FIGUEROA                 DOCKET NO. 10-07267     DISTRICT 07

VERSUS                               OFFICE OF WORKERS' COMPENSATION

SOUTHERN ENVIRONMENTAL             STATE OF LOUISIANA
OF LOUISIANA, LLC

---

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

    **BEFORE ME,** the undersigned authority, personally came and appeared:

## M. JEREMY BERTHON

who, first being duly sworn, did depose and say that:

    He is the attorney for Employer, Southern Environmental of Louisiana, LLC, and Insurer, Louisiana Workers' Compensation Corporation, in the above and foregoing Petition and that all of the allegations of fact therein contained are true and correct to the best of his information, knowledge and belief.


_____
M. JEREMY BERTHON


SWORN TO AND SUBSCRIBED before me this 22nd day of December, 2011.


_____
NOTARY PUBLIC

**Patricia J. Delpit**
Notary ID #50720
My commission is for life.

7

| | |
|---|---|
| **ELIAS DUBON-FIGUEROA** | **DOCKET NO. 10-07267     DISTRICT 07** |
| **VERSUS** | **OFFICE OF WORKERS' COMPENSATION** |
| **SOUTHERN ENVIRONMENTAL OF LOUISIANA, LLC** | **STATE OF LOUISIANA** |

## AFFIDAVIT OF EMPLOYEE

**STATE OF LOUISIANA**

**PARISH OF** _Jefferson_

BEFORE ME, the undersigned Notary, and in the presence of the undersigned competent witnesses, appeared:

### ELIAS DUBON-FIGUEROA

who, first being duly sworn, deposed and said that:

He is one of the petitioners in the foregoing Joint Petition; that settlement proceedings have been explained to him by his counsel of record, Michael Whitehead; that he fully understands the foregoing petition, including all of the attachments thereto, and all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief; that he understands that the settlement he has entered is a full, final and complete settlement and compromise of all the workers' compensation claims he might have against the parties released and that the facts and allegations in the joint petition to settle the compensation claim are true and correct and that he waives the six month requirement of LSA-R.S. 23:1271(A)(3).

8

**SWORN TO AND SUBSCRIBED** before me on this 8th day of January, 2012 in Jefferson, LA, in the presence of the undersigned, competent witnesses.

**WITNESSES:**

_G. L. Rodriguez_
Print

_____
Signature

_Deborah C. Whitehead_
Print

_____
Signature

_Elias Dubon Figueroa_
**ELIAS DUBON-FIGUEROA**

_Stephens_
**NOTARY PUBLIC**



LILIANA L. STEPHENS
Notary Public
Notary Bar # 30074
State Of Louisiana

9

ELIAS DUBON-FIGUEROA                   DOCKET NO. 10-07267      DISTRICT 07

VERSUS                                 OFFICE OF WORKERS' COMPENSATION

SOUTHERN ENVIRONMENTAL                 STATE OF LOUISIANA
OF LOUISIANA, LLC

## RECEIPT AND RELEASE

STATE OF LOUISIANA

PARISH OF *Jefferson*

     **BEFORE ME,** the undersigned Notary, and in the presence of the undersigned, competent witnesses, appeared:

### ELIAS DUBON-FIGUEROA

who, after being duly sworn, declared:

     That he does and hereby acknowledges that he has this date received from Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation, payment in the amount of Twelve Thousand and 00/100 ($12,000.00) dollars.

     Appearer further declares that for and in consideration of the receipt of said payment of Twelve Thousand and 00/100 ($12,000.00) dollars, he does hereby release, acquit and forever discharge Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation, their employees, officers, directors, stockholders, agents and representatives and any and all other persons, firms, corporations (including, but not in any limiting the same thereto, the officers, directors and stockholders of said corporations), partnerships and parties whomsoever, from any and all past, present and future claims, demands, compensation, medical

10

expenses, costs, expenses, penalties, attorney's fees, damages and any and all causes and rights of action, whatsoever, which he may or might have and to which he may be entitled, known and unknown, anticipated and unanticipated, under the workers' compensation laws of the State of Louisiana, the tort laws, and any and all other laws whatsoever, in any way resulting from and/or to result from the accident which occurred on or about July 23, 2010, or at any time while in the courses and scope of his employment with Southern Environmental of Louisiana, LLC.

Further that this release, on the part of the Employee, shall be a fully binding and complete settlement among the Employee, the Employer and the Insurer, and their heirs, assigns and successors. The Employee agrees to defend, indemnify and hold the Employer and Insurer harmless from and against all such claims, demands, obligations, actions, causes of action, damages, costs and expenses brought by any third party against Employer and/or Insurer.

Employee further attests that no medical treatment for the work-related injury has been submitted to Medicare for payment. In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien. Employee further agrees to defend, indemnify, and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work-related injury of Employee.

This agreement shall be binding upon Employee's heirs, representatives, assigns, successors, ascendants and descendants, and Employee agrees to hold Employer and Insurer harmless from any claims by such persons or entities.

The settlement proceeds of $12,000.00 have been tendered by Employer/Insurer to Employee by a check numbered 4100171, dated December 19, 2011, and made payable to Elias Dubon-Figueroa, Michael Whitehead, and Darren Sarphie. Michael Whitehead and Darren

Sarphie have agreed on the apportionment of attorney fees with respect to the legal services they respectively provided to Employee. Employer/Insurer will have no responsibility or liability as to the payment of the attorney fees of Michael Whitehead and Darren Sarphie.

Thus done and signed at _Kenner_, _La_, this _24th_ day of _January_, 20_12_ in the presence of the undersigned competent witnesses and me, notary, after due reading of the whole.

**WITNESSES:**

_C A Rodrigue_
**Print**

_[signature]_
**Signature**

_Deborah C Whitehead_
**Print**

_[signature]_
**Signature**

_Elias Dubon Figueroa_
**ELIAS DUBON-FIGUEROA**

_[signature]_
**NOTARY PUBLIC**

12

ELIAS DUBON-FIGUEROA          DOCKET NO. 10-07267     DISTRICT 07

VERSUS                        OFFICE OF WORKERS' COMPENSATION

SOUTHERN ENVIRONMENTAL        STATE OF LOUISIANA
OF LOUISIANA, LLC

## WAIVER

STATE OF LOUISIANA

PARISH OF _Jefferson_

    BEFORE ME, the undersigned Notary, and in the presence of the undersigned appeared:

### ELIAS DUBON-FIGUEROA

who, being first duly sworn, did depose and say:

1.

    That he is of the full age of majority and resides in Terrytown, Parish of Orleans, State of Louisiana.

2.

    That he was employed by Southern Environmental of Louisiana, LLC and was so employed when he allegedly suffered a job-related accident on or about July 23, 2010.

3.

    That the terms of this settlement have been explained and translated to him.

4.

    That he has voluntarily entered into a workers' compensation compromise settlement agreement with Employer, Southern Environmental of Louisiana, LLC and Insurer, Louisiana

13

Workers' Compensation Corporation for injuries arising as a result of the alleged accident date of July 23, 2010.

5.

That pursuant to the aforementioned compromise settlement agreement, the entire text of R.S. 23:1271, specifically noting Subpart A (3), has been explained to him.

6.

That affiant fully understands the meaning and text of R.S. 23:1271, specifically noting Subpart A (3), which deals with waiting until the expiration of six months after termination of temporary total disability before entering into a compromise settlement.

7.

Whether or not this provision applies to this matter, he knowingly, intelligently and voluntarily waives his rights pursuant to R.S. 23:1271 Subpart A (3).

THUS DONE AND SIGNED on this 24th day of January 2012 in Kenner, Louisiana.

_____
ELIAS DUBON-FIGUEROA, Employee

SWORN TO AND SUBSCRIBED before me this 24th day of January, 2012 in Kenner, Louisiana.

_____
NOTARY PUBLIC



LILIANA L. STEPHENS
Notary Public
Notary Bar # 30074
State Of Louisiana

14

ELIAS DUBON-FIGUEROA                    DOCKET NO. 10-07267      DISTRICT 07

VERSUS                                  OFFICE OF WORKERS' COMPENSATION

SOUTHERN ENVIRONMENTAL                  STATE OF LOUISIANA
OF LOUISIANA, LLC

## ORDER OF APPROVAL

   CONSIDERING the foregoing petition, exhibits and affidavits and having found that a

bona fide dispute exists between the Employee, Elias Dubon-Figueroa, and with Employer,

Southern Environmental of Louisiana, LLC, and its Insurer, Louisiana Workers' Compensation

Corporation, and being of the opinion that the compromise settlement proposed is fair and

equitable and that it is entered into primarily to avoid the litigation and is in substantial accord

with the terms of Title 23, Chapter 10, Revised Statutes of Louisiana and that Employee hereby

respectfully waives the requirement of LSA-R.S. 23:1271 (A)(3) which provides that six (6)

months must lapse after termination of temporary total disability for approval of this settlement,

the law and evidence being in favor of petitioners.

   IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Elias

Dubon-Figueroa and against Southern Environmental of Louisiana, LLC and its Insurer,

Louisiana Workers' Compensation Corporation, ordering Employer and Insurer to pay to

Employee, Elias Dubon-Figueroa, the sum of Twelve Thousand and 00/100 ($12,000.00) dollars.

   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon the said payments by

Employer and Insurer of Twelve Thousand and 00/100 ($12,000.00) dollars referenced above,

Employer and Insurer shall be forever released and relieved from all past, present, and future

medical expenses, rehabilitative expenses, workers' compensation benefits, and any and all

claims of whatsoever nature and kind, arising heretofore or which my hereafter arise under Title

15

23, Chapter 10, Revised Statutes of Louisiana, growing out of any accident or injury, or out of any medical treatment provided as a result of any accident or injury, occurring prior to the date of this agreement.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the settlement proceeds of $12,000.00 have been tendered by Employer/Insurer to Employee by a check numbered 4100171, dated December 19, 2011, and made payable to Elias Dubon-Figueroa, Michael Whitehead, and Darren Sarphie. Michael Whitehead and Darren Sarphie have agreed on the apportionment of attorney fees with respect to the legal services they respectively provided to Employee. Employer/Insurer will have no responsibility or liability as to the payment of the attorney fees of Michael Whitehead and Darren Sarphie.

**JUDGMENT READ, RENDERED AND SIGNED** in _Harahan_, Louisiana on this _31_ day of _January_, 2012

_____
**JUDGE, DISTRICT 07**
**OFFICE OF WORKERS' COMPENSATION**

**TRUE COPY**

16

| ELIAS DUBON-FIGUEROA | DOCKET NO. 10-07267      DISTRICT 07 |
|---|---|
| VERSUS | OFFICE OF WORKERS' COMPENSATION |
| SOUTHERN ENVIRONMENTAL OF LOUISIANA, LLC | STATE OF LOUISIANA |

## AFFIDAVIT REGARDING MEDICARE BENEFITS

STATE OF LOUISIANA

PARISH OF *Jefferson*

2012 JAN 31 AM 11: 28
DISTRICT 7 - HARAHAN
OWCA
RECEIVED

**BEFORE ME**, the undersigned authority, personally came and appeared:

### ELIAS DUBON-FIGUEROA

who, first being duly sworn, did depose and say that:

He was an Employee of Southern Environmental of Louisiana, LLC; that he has made a claim for workers' compensation benefits and has been paid workers' compensation benefits by Louisiana Workers' Compensation Corporation on behalf of its insured, Southern Environmental of Louisiana, LLC; that he has not applied for, or received, Social Security Disability benefits; that he has not applied for, or received, Medicare benefits for any medical treatment including treatment for any work injuries as a result of the alleged July 23, 2010 accident in question; that Medicare has not made any conditional payments for any medical treatment for any work injuries as a result of the July 23, 2010 accident; that he does not intend on applying for Medicare benefits in the foreseeable future; that he understands that if he does apply for Medicare benefits and submits bills for treatment for the work related injury, these bills may be denied by Medicare.

17

He further attests that no medical treatment for the work-related injury has been submitted to Medicare for payment; in the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, he agrees to reimburse Medicare and satisfy its lien; he further agrees to defend, indemnify, and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work-related injury; he asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare; he understands that Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of his claim.

**ELIAS DUBON-FIGUEROA, EMPLOYEE**

SWORN TO AND SUBSCRIBED, before me, this 27th day of January, 20 12

**NOTARY PUBLIC**

LILIANA L. STEPHENS
Notary Public
Notary Bar # 30074
State Of Louisiana

18

ELIAS DUBON-FIGUEROA

VERSUS

SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC

DOCKET NO. 10-07267    DISTRICT 07

OFFICE OF WORKERS' COMPENSATION

STATE OF LOUISIANA

## AFFIDAVIT REGARDING MEDICARE BENEFITS

STATE OF LOUISIANA

PARISH OF _Jefferson_

BEFORE ME, the undersigned authority, personally came and appeared:

### MICHAEL WHITEHEAD

who, first being duly sworn, did depose and say that:

That he represents **ELIAS DUBON-FIGUEROA**:

Further, that he has been told by the Employee that he has made a claim for workers' compensation benefits and has been paid workers' compensation benefits by Louisiana Workers' Compensation Corporation on behalf of its insured, Southern Environmental of Louisiana, LLC; that it is his appreciation that his client, Elias Dubon-Figueroa, has not applied for, or received, Social Security Disability benefits; that he has not applied for, or received, Medicare benefits for any medical treatment including treatment for any work injuries as a result of the July 23, 2010 accident in question; that Medicare has not made any conditional payments for any medical treatment for any work injuries as a result of the July 23, 2010 accident; that he does not intend on applying for Medicare benefits in the foreseeable future; that he understands that if he does apply for Medicare benefits and submits bills for treatment for the work related injury, these bills may be denied by Medicare. Employee further attests that no medical treatment for the work-related injury has been submitted to Medicare for payment. In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its

19

lien. Employee further agrees to defend, indemnify, and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work-related injury of Employee.  Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare. Employee understands that Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of this claim.


_____
                MICHAEL WHITEHEAD


SWORN TO AND SUBSCRIBED, before me, this 24th day of January, 20 12


_____
        NOTARY PUBLIC

LILIANA L. STEPHENS
Notary Public
Notary Bar # 30074
State Of Louisiana

**ELIAS DUBON-FIGUEROA**                    **DOCKET NO. 10-07267     DISTRICT 07**

**VERSUS**                                                 **OFFICE OF WORKERS' COMPENSATION**

**SOUTHERN ENVIRONMENTAL**          **STATE OF LOUISIANA**
**OF LOUISIANA, LLC**

## ATTORNEY'S STATEMENT

Now comes the undersigned attorney who represents Employee, Elias Dubon-Figueroa, and he states as follows:

That he has conferred with the Employee with reference to the injuries he received in connection with his employment with the Employer and that he has examined the Joint Petition and the medical reports attached and has conferred with the Employee in detail concerning this settlement and the disputes existing between the Employee and the Employer; further that he has examined all of the documents in connection with this compensation settlement including this Attorney's Statement, Joint Petition, Release of All Claims, Affidavit and Order of Approval; that as a result of his discussion with Employee and his examination of these documents and as a result of his review of the medical reports, he is of the opinion that there is a bona fide and serious dispute existing among the parties and further that Employee is satisfied with the settlement and understands that the settlement he is giving to Employer is for full, final and complete release of all claims she might have against the Employer and other parties being released in the Release of All Claims.

**THUS READ AND SIGNED** on the 24th day of Jan, 20 12, in Kenner, Louisiana.

**MICHAEL WHITEHEAD**, Bar Roll No. 20670
P.O. Box 1270
Livingston, Louisiana 70754
(225) 686-9700
Counsel for Employee, Elias Dubon-Figueroa

21

ELIAS DUBON-FIGUEROA

VERSUS

SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC

DOCKET NO. 10-07267      DISTRICT 07

OFFICE OF WORKERS' COMPENSATION

STATE OF LOUISIANA

## MOTION AND ORDER TO DISMISS WITH PREJUDICE

Employee, Elias Dubon-Figueroa, who, upon suggesting to this Honorable Court he wishes to dismiss all of his claims against Southern Environmental of Louisiana, LLC and against Louisiana Workers' Compensation Corporation, *with prejudice*, and now moves this Honorable Court to dismiss all of his claims against Southern Environmental of Louisiana, LLC and against Louisiana Workers' Compensation Corporation, *with prejudice*.

Respectfully submitted:

ELIAS DUBON-FIGUEROA, Employee
308 Appletree Lane
Terrytown, Louisiana 70056
(504) 621-3758

MICHAEL WHITEHEAD, Bar Roll No. 20630
P.O. Box 1270
Livingston, Louisiana 70754
(225)686-9700
Counsel for Employee, Elias Dubon-Figueroa

DISTRICT 7 - HARAHAN
2012 JAN 31 AM 11: 28
ORDER
RECEIVED

22

ELIAS DUBON-FIGUEROA

VERSUS

SOUTHERN ENVIRONMENTAL
OF LOUISIANA, LLC

DOCKET NO. 10-07267      DISTRICT 07

OFFICE OF WORKERS' COMPENSATION

STATE OF LOUISIANA

## ORDER

CONSIDERING THE FOREGOING MOTION TO DISMISS:

IT IS HEREBY ORDERED that the claims of Elias Dubon-Figueroa, against Southern Environmental of Louisiana, LLC and Louisiana Workers' Compensation Corporation be dismissed, *with prejudice.*

SIGNED this _31_ day of _January_ 2013 in _Harahan,_ Louisiana.

_____
JUDGE, DISTRICT 07
OFFICE OF WORKERS' COMPENSATION

TRUE COPY

23

AUG-26-2010 THU 09:47 AM     SOUTHERN ENVIRONMENTAL     FAX No. 504 348 3309          P. 002

# C I T A T I O N

Elias Dubon-Figueroa                    Docket: 10-07267            District: 7

Vs                                      Office of Workers' Compensation

Southern Environmental of               State of Louisiana
Louisiana, LLC

To:                                     Date: 08/23/2010
Southern Environmental of Louisiana, LLC
1945 Enterprise Dr.
Harvey, LA  70058

**YOU HAVE BEEN SUED:**

Attached to this citation is a copy of the claim form/petition and an answer form.  The claim form/petition tells what is being asked of you, and the answer form is to assist you in filing your answer.

You must either do what the claim form/petition asks, or, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings with the Office of Workers' Compensation.

If you do not do what the petition asks, or if you do not file an answer or legal pleadings within fifteen (15) days of receipt of this citation, a judgment of default may be entered against you without further notice.  If you do file an answer or legal pleading within the fifteen (15) days, a scheduling conference will be scheduled.  You will be notified of the location, date, and time of the hearing.

Please be aware that R.S. 23:1293 strictly limits how much information this office can discuss with you prior to referral of this matter to a Workers' Compensation Judge. · If we can be of further assistance, please contact the Office of Workers' Compensation at (504) 736-8606.

Please mail your answer to:   Office of Workers' Compensation
                              District 7
                              880 West Commerce Road, Ste 401
                              Harahan, LA 70123

A copy of your answer must also be mailed to the party that initiated this case and to their attorney, if represented.   Please be sure to complete the certificate of service portion of the attached answer form.

                                              Brenda Williams
                                              Records Manager

**LOUISIANA WORKFORCE COMMISSION**
**OFFICE OF WORKERS' COMPENSATION**
**DISTRICT 7**
**880 WEST COMMERCE ROAD, STE 401**
**HARAHAN, LA 70123**

## WAIVER OF CITATION AND ACCEPTANCE OF SERVICE

ELIAS DUBON-FIGUEROA              DOCKET:    10-07267

VS                                DATE:      8/23/2010

SOUTHERN ENVIRONMENTAL OF         DISTRICT:  7
LOUISIANA, LLC


Now into Court comes Southern Environmental of Louisiana, LLC through its legal

representative_____ who acknowledges receipt of the disputed

claim form in the above-captioned matter and waives citation and accepts service, reserving all

other rights and legal delays, this day of _____.

                        Southern Environmental of Louisiana, LLC
                        Through agent, _____


LWC-WC-HR19

AUG-26-2010 THU 09:48 AM    SOUTHERN ENVIRONMENTAL    FAX No. 504 348 3309              P. 004

# LOUISIANA WORKFORCE COMMISSION
## WORKERS' COMPENSATION CLAIM/PETITION ANSWER

Employee:        Elias Dubon-Figueroa                    Docket:    10-07267
Employer:        Southern Environmental of Louisiana, LLC  Date:      08/23/2010
Insurance Carrier:                                        District:  7

The employer and/or carrier named above, for answer to the citation, respectfully states:
(Circle "admit" or "deny" on all questions which apply to this claim.  Questions #1 through #4 must be answered if employer/insurer is being sued.  Use item #12 if any or all of items #1 through #11 do not apply to this claim.)

**ADMIT / DENY**    1.    Claimant sustained an injury or occupational disease on or about the date set forth in the claim for compensation.

**ADMIT/ DENY**    2.    Claimant was my employee at the time of the alleged injury or occupational disease

**ADMIT / DENY**    3.    At the time of the alleged injury or occupational disease, the employee was performing service arising out of and in the course of his employment.

**ADMIT / DENY**    4.    Compensation has been paid.  If admitted, state weekly amount and inclusive dates:
$_____ from _____ through _____.

**ADMIT / DENY**    5.    The average weekly wage as set forth in the claim for compensation is correct.  If denied, state the correct average weekly wage and attach hereto a wage statement or state reason why not furnished
_____
_____
_____

**ADMIT / DENY**    6.    Claimant was temporarily disabled for the period stated in the claim for compensation.  If denied, state temporary disability period admitted, if any:
_____

**ADMIT / DENY**    7.    Claimant is permanently disabled to the extent and for the period stated in the claim for compensation.  If denied, state disability period admitted, if any:
_____
_____

**ADMIT / DENY**    8.    The claimant sustained an injury resulting in a loss of earning capacity as stated in the claim for compensation.  If denied, state any loss admitted, if any:
_____

**ADMIT / DENY**    9.    Rehabilitation services were offered and refused.  What services were offered?
_____

**ADMIT / DENY**    10.    Rehabilitation services were requested, but not provided.  What services are being requested?
_____

**ADMIT / DENY**    11.    At the time of the alleged injury or occupational disease, workers' compensation insurance was provided by
_____

## LOUISIANA WORKFORCE COMMISSION
## WORKERS' COMPENSATION CLAIM/PETITION ANSWER

12    Other Matters in dispute. Explain. (Use extra sheet if necessary _____

_____

_____

_____

_____

**Affirmative Defenses: (Circle and explain)**
A. Willful intent to injure himself or others    B. Intoxication    C. Failure to use safety Devices
D. Initial Aggressor                  E. Other matters in dispute (Use extra sheet if necessary):

_____

_____

_____

_____

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing answer has been served upon opposing counsel of record or upon unrepresented claimant by placing same in U.S. mail, postage prepaid and properly addressed, on this _____ day of _____, 20 ____.

_____
(Signature of defendant or their representative)

Date Submitted:    _____

By:                _____

Title:             _____

Employer/Carrier:  _____

Address:           _____

City/State/Zip:    _____

Telephone:         _____

AUG-26-2010 THU 09:49 AM    SOUTHERN ENVIRONMENTAL    FAX No. 504 348 3309                    P. 006

Mail To:
LOCAL DISTRICT OFFICE
OR
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA 70804-9040
For information call (225) 342-7555
or Toll Free (800) 201-3457.

10- *072G7*
Docket Number

| | | |
|---|---|---|
| 1. | Social Security No. | XXX - XX - XXXX |
| 2. | Date of Injury/Illness | 07 - 23 - 2010 |
| 3. | Part(s) of Body Injured | hernia & hydrocele |
| 4. | Date of This Request | 08 - 10 - 2010 |
| 5. | Date of Hire | |
| 6. | Date of Birth | ▄▄ - ▄▄ - 1971 |

## DISPUTED CLAIM FOR COMPENSATION

7. This claim is submitted by:
   X Employee  ___ Employer  ___ Insurer  ___ Dependent  ___ Health Care Provider  ___ LWC  ___ Other _____

GENERAL INFORMATION
Claimant files this dispute with the Office of Workers' Compensation. This office must be notified immediately in writing of changes
in address. An employee may be represented by an attorney, but it is not required.

### EMPLOYEE

8. Name  Elias Dubon Figueroa

Street or Box  308 Appletree Lane

City  Terrytown

State  Louisiana                    Zip 70056

Phone (504)  621-3758

### EMPLOYEE'S ATTORNEY

9. Name  Daren Sarphie/Workers' Compensation, LLC

Street or Box  3045 Ridgelake Dr., Ste. 203

City  Metairie

State  Liouisiana                    Zip 70002

Phone (504)  838-8883

### EMPLOYER

10. Name  Southern Environmental of Louisiana, LLC

Attn:  Stacey Roque (reg agent)

Street or Box  1945 Enterprise Drive

City  Harvey

State  Louisiana                    Zip 70058

Phone ( 504)  348-3308

### INSURER/ADMINISTRATOR
(circle one)

11. Name _____

Attn: _____

Street or Box _____

City _____

State _____    Zip _____

Phone ( ) _____

### EMPLOYER/INSURER'S ATTORNEY
(circle one)

12. Name _____

Attn: _____

Street or Box _____

City _____

State _____    Zip _____

Phone ( ) _____

### DEPENDENT/HC/OTHER
(circle one)

13. Name _____

Relationship _____

Street or Box _____

City _____

State _____    Zip _____

Phone ( ) _____

14. EMPLOYMENT DATA

Occupation  laborer

Average Weekly Wage $ to be determined  Workers' Compensation Rate $ to be determined

LWC-WC-1008
REV. 2/09

COMPLETE BOTH PAGES

13. TO BE COMPLETED BY INJURED EMPLOYEE OR DEPENDENT:

(A) ACCIDENT DATA

Date, time and place of accident: _____ 7/23/10, Hopedale, Louisiana _____

Parish of Residence at time of injury/illness   Jefferson

Accident reported on  07 / 23 / 10  to  Cody and Tracy _____ whose position with the employer is  foreman & personnel dir.

Describe the accident and injury in detail (person/equipment involved, type of injury, etc.)   while in the course and scope of his employment, the injured employee was dismantling a tent when he was struck between his legs with a large pipe resulting in a hernia and testicular hydrocele.

List the names, addresses, telephone numbers of any witnesses.
unknown at this time.

(B) MEDICAL DATA

State the names, addresses, and telephone numbers of hospitals, clinics and doctors who have provided medical attention.
St. Bernard Health Center; Dr. Stephanie Hughes, Ochsner Medical Center – Westbank Campus; New Orleans Urologic Inst.

(C) THE BONA-FIDE DISPUTE

Check the following that apply and fill in the blanks:

X  1.   No wage benefits have been paid
___ 2.   No medical treatment has been authorized
___ 3.   Occupational Disease
___ 4.   Workers' Compensation Rate is incorrect - Should be $_____
___ 5.   Wage benefits terminated or reduced on ___/___/___
X  6.   Medical treatment (Procedure/Prescription) hernia and testicular hydrocele surgery recommended by New Orleans Urologic Inst. _____ not authorized.
___ 7.   Choice of physician (specialty)_____
X  8.   Disability status  TTD
___ 9.   Vocational Rehabilitation - specify_____
___ 10.  Offset/Credit_____
___ 11.  Refusal to authorize/submit to evaluation with choice of physician/Independent Medical Examination [L. R. S. 23:1121, 1124(B), or 1317.1(F)]
X  12.  Other:  penalties, attorney's fee and cost reimbursement

NOTE:  You may attach a letter or petition with additional information with this disputed claim or when later amending this disputed claim (Form LWC-WC-1008).  You must provide a copy of this claim and any amendment to all opposing parties.

The information given above is true and correct to the best of my knowledge and belief.

_____ 28212 _____          8/10/10
SIGNATURE OF CLAIMANT/ATTORNEY              DATE
(circle one)

LWC-WC-1008
REV. 2/09

COMPLETE BOTH PAGES

AUG-26-2010 THU 09:50 AM    SOUTHERN ENVIROMENTAL    FAX No. 504 348 3309    P. 008

| OWCA MEDIATORS: | |
|---|---|

| | |
|---|---|
| Statewide | **Judy Franklin**<br>Post Office Box 94040<br>Baton Rouge, LA 70804<br>Phone: (225) 342-0184<br>Fax: (225) 342-4790 |
| District 1B | **Tikisha Smith**<br>1908 Stubbs Ave.<br>Monroe, LA 71201<br>Phone: (318) 362-3078<br>Toll-free: (800) 209-7321<br>Fax: (318) 362-3083 |
| District 1W | **Rosa Whitlock**<br>9234 Linwood Ave.<br>Shreveport LA 71106<br>Phone: (318) 676-5331<br>Toll-Free: (800) 209-7173<br>Fax: (318) 676-5332 |
| District 2 | **Mayme Holt-Brown**<br>3724 Government Street,<br>Alexandria, LA 71302<br>Phone: (318) 487-5966<br>Toll-free: (800) 209-7329<br>Fax: (318) 487-5967 |
| District 3 | **Chantell Smith**<br>4250 Fifth Ave., Ste 3<br>Lake Charles, LA 70607<br>Phone: (337) 475-4882<br>Toll-Free: (888) 768-8745<br>Fax: (337) 475-4884 |
| District 4 | **Raven Pillette**<br>558 Jefferson Street,<br>First Floor<br>Lafayette, LA 70501<br>Phone: (337) 262-1057<br>Toll-free: (800) 209-7174<br>Fax: (337) 262-1106 |
| District 5 | **Adam Johnson**<br>224 Florida St., Ste 100<br>Baton Rouge, LA 70801<br>Phone: (225) 219-4378<br>Toll-free: (800) 209-7175<br>Fax: (225) 219-4377 |
| District 6 | **Myles Donahue**<br>19374 North Third Street<br>Covington, LA 70433<br>Phone: (985) 871-1258<br>Toll-Free: (888) 575-6149<br>Fax: (985) 871-1264 |
| District 7 | **Shannon Bruno Bishop**<br>880 West Commerce Road,<br>Ste 401<br>Harahan, LA 70123<br>Phone: (504) 736-8606<br>Toll-Free: (866) 253-5830<br>Fax: (504) 736-8603 |
| District 8 | **Rene Paysse**<br>Amoco Building<br>1340 Poydras Street,<br>Ste 1450<br>New Orleans, LA 70112<br>Phone: (504) 568-6952<br>Toll-Free: (800) 209-7232<br>Fax: (504) 568-8706 |
| District 9 | **Judy Franklin**<br>8026 Main Street, Ste 404<br>Houma, LA 70360-3407<br>Phone: (985) 857-3775<br>Toll-free: (800) 262-1497<br>Fax: (985) 857-3781 |

# MEDIATION CONFERENCE REQUEST

In accordance with Revised Statute 23:1310.3(D), as amended by Act 53

(1) Upon joint request of the parties, or upon order of the presiding workers' compensation judge, all parties shall engage the services of either of the following:

   (a) A Louisiana Workforce Commission, office of workers' compensation administration mediator, and such mediation shall be held in the district office in which the selected mediator is assigned.

   (b) A private mediator, and such mediation shall be held at a location mutually agreeable to the parties.

(2) The selection of the mediator shall be by mutual agreement of the parties.

(3) Each party shall provide a representative, in person or via telephone, to participate in the mediation conference, who has been provided with authority to enter into negotiations in a good faith effort to resolve the issue in dispute. The attorneys for the parties may participate in the mediation conference via telephone by mutual consent of the parties.

(4) Within five days of the conclusion of the mediation conference, the parties shall certify to the court, via United States mail, electronic transmission, or facsimile transmission, that a mediation conference has occurred and the results thereof.

(5) Nothing shall prohibit the parties from requesting a mediation conference prior to the filing of a disputed claim for compensation; however, neither the request nor participation in the mediation conference shall interrupt the running of prescription.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

After consulting with opposing counsel or an unrepresented party, agreeing to a mediation conference, and selecting an Office of Workers Compensation mediator, please submit the following information to the chosen mediator:

NAME OF EMPLOYEE/CLAIMANT:   ELIAS DUBON-FIGUEROA

EMPLOYER'S NAME:   SOUTHERN ENVIRONMENTAL OF LOUISIANA, LLC

DOCKET #   10-07267

SIGNATURE OF EMPLOYEE,   DATE
EMPLOYER, INSURER OR
ATTORNEY IF REPRESENTED

PRINTED NAME OF EMPLOYEE,
EMPLOYER, INSURER OR
ATTORNEY IF REPRESENTED

Rev: 8/15/2010

**MAIL TO:**

LOUISIANA WORKERS' COMPENSATION CORPORATION

2237 S. ACADIAN THRUWAY

SUITE 102

BATON ROUGE, LA 70808

225-924-7788

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

Employee Social Security Number

208969289

Employer Federal ID Number

134763 / 159115

Insurance Policy No. / Claim No.

**EMPLOYER REPORT OF INJURY/ILLNESS**

This report is completed by the Employer for each injury/illness identified by them or their employee as occupational. A copy is to be provided to the employee and the insurer immediately. **Forms for cases resulting in more than 7 days of disability or death** are to be sent to the OWCA **by the 10th day after the incident** or as requested by the OWCA.

PURPOSE OF REPORT: (Check all that apply)

☐ More than 7 days of disability     ☐ Possible dispute        ☒ Medical Only

☐ Injury resulted in death         ☐ Lump Sum Compromise/Settlement    **(no copy needed by OWCA)**

☐ Amputation or disfigurement     ☐ Other

| 1. Date of Report MM/DD/YY | 2. Date / Time of Injury: Time: | 3. Normal Starting Time Day of Accident | 4. If Back to Work - Give Date: MM/DD/YY | 5. At same wage? | DO NOT WRITE IN THIS COLUMN |
|---|---|---|---|---|---|
| 08/09/10 | 07/23/10 09:30 ☒AM ☐PM | 06:00 ☒AM ☐PM | 07/23/10 | ☐ Yes ☐No | Date Received |

| 6. If Fatal Injury, Give Date of Death: MM/DD/YY | 7. Date Employer Knew of Injury MM/DD/YY | 8. Date Disability Began MM/DD/YY | 9. Last Full Day Paid MM/DD/YY | S.I.C. |
|---|---|---|---|---|
| | 07/23/10 | | | |

| 10. Employee Name:   First   Middle   Last | 11. | 12. Employee Phone # | S.I.C. |
|---|---|---|---|
| ELIAS   DUBON FIGUEROA | ☒ Male ☐ Female | 504-621-3758 | |

| 13. Address and Zip Code | 14. Parish of Injury: | Sent. Parish |
|---|---|---|
| 3316 HYLMAN PLACE NEW ORLEANS, LA 70131 ORLEANS | ST. BERNARD | |

| 15. Date of Hire | 16. Age at Illness/Injury | 17. Occupation | 18. Dept/Division Employed | Occupation |
|---|---|---|---|---|
| 05/26/10 | 39 | LABORERS, EXCEPT CONSTRUCTION | | |

| 19. Place of Injury-Employer's Premises   ☐ Yes ☒ No | 20. Indicate: Location-Street, City, Parish and State | Nature |
|---|---|---|
| | HOPEDALE - CHALMETTE ST. BERNARD, LA | |

21. What work activity was the employee doing when the incident occurred? (Give weight, size, and shape of materials or equipment involved. Tell what he was doing with them. Indicate if correct procedures were followed.)

The employee was taking down a tent.

Part of Body

Source

Event

N.E.C.

555555

22. What caused incident to happen? (Describe fully the events which resulted in injury or disease. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led to or contributed to this injury or illness.)

The employee's right testicle was struck by a pole from the tent. He complains of right testicle pain.

| 23. Part of Body Injured and Nature of Injury or Illness (ex. left leg; multiple fractures) | 24. If Occ Disease-Give Date Diagnosed: |
|---|---|
| BRUISES/CONTUSIONS R TESTIS (TESTES) | |

| 25. Physician and Address | 26. If Hospitalized, give name & address of facility |
|---|---|
| CHALMETTE MEDICAL CENTER P.O. BOX 1727 CHALMETTE, LA 70044 | |

| 27. Employer's Name | 28. Person Completing This Report - Please print |
|---|---|
| SOUTHERN ENVIRONMENTAL OF LOUISIANA LLC | STACEY ROQUE |

| 29. Employer's Address and Zip Code | 30. Employer's Telephone Number |
|---|---|
| 1945 ENTERPRISE DR HARVEY, LA 70058 JEFFERSON | 504-338-5867 |

| 31. Employer's Mailing Address - If Different From Above | 32. Nature of Business-Type of Mfg., Trade, Construction, Service, etc. |
|---|---|
| | ASBESTOS PRODUCTS |

| 33. Wage Information (optional):   Employee was paid   ☐ Daily   ☐ Weekly   ☐ Monthly   ☒ Other   The average weekly wage was $_____ per week. |
|---|

LDOL-WC-1007

REV. 1/98

NAME OF WORKERS' COMPENSATION INSURER:   LOUISIANA WORKERS' COMPENSATION CORPORATION

PHONE NUMBER:   225-924-7788

COMPLETE BOTH SIDES

12256863659       #  9/ 15

225-952-0717



2156

**Employee:**
Elias D Figueroa

SSN    State (Fed/State)    Allowances/Extra
                           Fed: 0/0 LA-0/0
                           Pay Date: 07/26/2010

Pay Period: 08/21/2010 - 07/04/2010
Married/Married

**Earnings and Hours**

| | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly Reg | 80.00 | 13.00 | 1,040.00 | 2,960.00 |
| Overtime | 103.00 | 19.50 | 2,018.25 | 3,056.25 |
| | | | 3,058.25 | 6,014.25 |

**Taxes**

| | Current | YTD Amount |
|---|---|---|
| Federal Withholding | -388.00 | -720.00 |
| Social Security Employee | -189.61 | -374.99 |
| Medicare Employee | -44.34 | -87.70 |
| LA. Withholding | -81.85 | -192.42 |
| | -683.80 | -1,375.11 |

**Adjustments to Net Pay**

| | Current | YTD Amount |
|---|---|---|
| Employer Cost | 0.00 | -100.00 |
| Medical Fees | 0.00 | -20.00 |
| | 0.00 | -140.00 |

**Net Pay**    2,394.75    4,933.14

Southern Environmental of Louisiana, LLC, 1045 Enterprise Dr., Harvey, La 70058 504-348-33898, Southern Environmental of Louisiana

License: La 70058 504-348-33898, Southern Environmental of Louisiana

SEP-14-2010 TUE 11:41 AM    SOUTHERN ENVIROMENTAL    FAX No. 504 348 3309        P. 003

Southern Environmental of Louisiana, LLC
 1945 Enterprise Dr.
Harvey, La 70058


Elias D Figueroa
3316 Hylman Place
New Orleans, LA 70131

| Employee Pay Stub | | Check number: 18012 | | Pay Period: 07/05/2010 - 07/18/2010 | Pay Date: 07/23/2010 |
|---|---|---|---|---|---|
| Employee | | | | SSN | |
| Elias D Figueroa, 3316 Hylman Place, New Orleans, LA 70131 | | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly Wage | 40:00 | 13.00 | 520.00 | 1,660.00 |
| Overtime | 51:00 | 19.50 | 994.50 | 2,532.50 |
| | | | 1,514.50 | 4,192.50 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Federal Withholding | | | -121.00 | -523.00 |
| Social Security Employee | | | -93.90 | -259.94 |
| Medicare Employee | | | -21.96 | -60.79 |
| LA - Withholding | | | -44.71 | -142.66 |
| | | | -281.57 | -986.39 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Hazwoper Cert | | | | -100.00 |
| Medical Fees | | | | -49.00 |
| | | | | -149.00 |
| **Net Pay** | | | **1,232.93** | **3,056.11** |


**Ochsner**
Pathology and Laboratory Medicine

**OCHSNER MEDICAL CENTER -- WESTBANK CAMPUS**
**PATHOLOGY & LABORATORY MEDICINE**
2500 Belle Chasse Highway - Gretna, Louisiana 70053
Ph: (504) 391-5183  Fax: (504) 391-5343

*PATHOLOGY REPORT*

| Patient Name | DUBON FIGUEROA, ELIAS | Accession # | WS10-02925 |
|---|---|---|---|

| Medical Record # | 6351401 | Billing # | OF6400702959 |
|---|---|---|---|
| Date of Birth | /1971   (39Y M) | Collection Date | 09/01/2010 |
| Location | Day of Surgery- OMC WB | Received | 09/01/2010 |
| | | Reported | 09/02/2010 |

**ORDERING PHYSICIAN(S)**
CHEE-AWAI, RONALD

**CLINICAL DIAGNOSIS/INFORMATION**
Right inguinal hernia

**PreOperative Diagnosis**
Right hydrocele & right inguinal hernia

**PostOperative Diagnosis**
Same

**SPECIMEN**
1) Right Hydrocele Sac
2) Right Hernia Sac

**FINAL PATHOLOGIC DIAGNOSIS**
1. SOFT TISSUE, RIGHT: HYDROCELE SAC. SMALL FRAGMENTS OF ADHERENT SKELETAL MUSCLE FIBERS ARE NOTED.

2. SOFT TISSUE, RIGHT: HERNIA SAC.

Diagnosed by: Don Hemelt  M.D.
(Electronically Signed:  2010-09-02 12:40:26)

**Gross Description**
1. Received in formalin is an irregularly shaped fragment of rubbery pink tan soft tissue measuring 2 x 1 x 0.6 cm. It is entirely submitted in cassette labeled 1.
2. Received in formalin is an irregularly shaped fragment of rubbery pink tan soft tissue with a smooth glistening surface measuring 3.5 x 1.5 x 1.0 cm in greatest dimension. The specimen is sectioned. No mass lesions are identified. Representative sections are submitted in a single cassette labeled 2.

Rebecca Murray  M.D.

*NEW ORLEANS UROLOGIC INSTITUTE*
*1111 MEDICAL CENTER BLVD*
*SUITE 313-N*
*MARRERO, LA. 70072*
*(504) 371-0071*
*(504) 349-6372 FAX*

Dubon, Elias                    *Office Notes*          12/06/10
*Mr. Dubon is a 39-year old gentleman with a history of right orchalgia who had a*
*previous right inguinal hernia and underwent a right inguinal hernia repair 09/01/10.*
*The patient has been on Ultram, Hydroxyzine and Neurontin. He was advised to wear*
*scrotal support. He admits to nocturia 2 times per night with occasional straining on*
*urination. The patient has been having persistent testicular pain. He denies any groin*
*pain. He states that the pain radiates from his testicle to his abdomen and to his back.*
*The patient has not been going back to work. He denies any fever, chills or gross*
*hematuria.*

*PAST MEDICAL AND SURGICAL HISTORY: Reviewed and updated in the chart.*
*MEDICATIONS; Reviewed and updated in the chart.*

*PHYSICAL EXAMINATION: Blood pressure is 127/74, pulse 64, respiration 16 and*
*temperature is 97.1. HEENT- normocephalic atraumatic.  Pupils are equal round, equal*
*reactive to light and accommodation, extraocular movements intact, oropharynx clear,*
*neck is supple.  Lungs are clear to auscultation bilaterally.  Cardiovascular-regular rate*
*and rhythm with no murmurs.  Abdomen was obese, soft, nontender, non-distended with*
*no masses or organomegaly.  Back shows no CVA tenderness.  Genitourinary exam-*
*penis was circumcised with normal urethral meatus.  No penile plaque was noted.  Both*
*testes are descended bilaterally with normal testicles, epididymis and cord.  No groin*
*adenopathy was noted.  Patient had tenderness involving his right epididymis, but no*
*hernia appreciated.  Extremities- normal range of motion.  Neurological exam- nonfocal.*
*Urinalysis showed a PH of 5, no rbc's or wbc's per HPF. AUA symptom score is 7.*

*ASSESSMENT: 1) Left orchalgia 2) Nocturia 3) Previous right inguinal hernia 4)*
*Possible right hydronephrosis 5) Incomplete bladder emptying*

*PLAN: The patient will have CT scan of the abdomen / pelvis with / without IV contrast*
*in the next 3-4 weeks. He will also have a pelvic ultrasound to assess his bladder*
*emptying ability. He will follow up in the next 2-3 weeks. He will continue Neurontin*
*100mg, p.o.t.i.d. Ultram 50mg, q. 6 hours, Hydroxyzine Chloride 25mg, p.o.q.h.s. The*
*patient will continue wearing a jock strap. If he has a kidney stone, then this will need to*
*be addressed. Also his voiding ability will be assessed.*
RAC/ss                          *Ronald A. Chee-Awai, M.D., F.A.C.S.*
cc: Dr. Bertucci

**NEW ORLEANS UROLOGIC INSTITUTE**
**1111 MEDICAL CENTER BLVD**
**SUITE 313-N**
**MARRERO, LA. 70072**
**(504) 371-0071**
**(504) 349-6372 FAX**

Dubon, Elias                    Office Notes              11/08/10

39 year old gentleman with a history of right inguinal hernia who has undergone a previous right inguinal hernia repair with placement of mesh on September 1, 2010. He also had a right hydrocelectomy and was last seen on October 22, 2010. He was placed on Hydroxyzine Chloride, Neurontin, Ultram and Mobic for groin pain. The patient presents today for further evaluation. He continues to have right testicular pain. His pain in the right groin has improved. He is concerned that he can't press on the brake in order to drive and the patient was reassured that he can return to work. The patient stopped using Hydroxyzine Chloride for a weeks now and was advised that this is likely the reason why he still has discomfort in his testicle. He may have inflammation of nerve going to his testicle. He denies any nausea, vomiting or gross hematuria.

MEDICATIONS: Reviewed and listed in the chart
MEDICAL REVIEW OF SYSTEMS: Reviewed and listed in the chart.

PHYSICAL EXAMINATION: Blood pressure 128/78, pulse 75, respiration 16 and temperature 98.2. HEENT- normocephalic atraumatic. Pupils are equal round, equal reactive to light and accommodation, extraocular movements intact, oropharynx clear, neck is supple. Lungs are clear to auscultation bilaterally. Cardiovascular-regular rate and rhythm with no murmurs. Abdomen was obese, soft, nontender, non-distended with no masses or organomegaly. Back shows no CVA tenderness. Genitourinary exam-penis was circumcised. Both testes are descended bilaterally. The patient had tenderness involving the tail of his right epididymis. No hernia noted. Incision was well healed. He had no pain in his right groin, no tenderness noted. Extremities- normal range of motion. Neurological exam- nonfocal. Urinalysis showed a PH of 7.0 with no rbc's or wbc's per hpf.

ASSESSMENT; 1) Right orchalgia   2) Improved right inguinal groin pain   3) Resolved right inguinal hernia   4) Incomplete bladder emptying

PLAN: The patient was advised to wear a jock-strap and briefs for four weeks. He will continue Ultram 50mg p.o.q. six hours, Neurontin 300mg a day and restart Hydroxyzine Chloride 25mg p.o.q.h.s. He will f/u in four weeks to be reassessed.
RAC/mc                          Ronald A. Chee-Awai, M.D., F.A.C.S.
cc: Dr. Bertucci

T U L A N E   U N I V E R S I T Y     Name: **DUBON,ELIAS**     D001113476
H O S P I T A L   &   C L I N I C     DOB:      /71     Admit Date: 12/14/10
1415 Tulane Avenue     LOCATION D.UROC
New Orleans, LA 70112

**Clinic Proess Notes**     Account #:D00068826771   Dict. Date: 12/14/10

---

DATE: 12/14/2010

SERVICE: Tulane Urology.

HISTORY: Mr Dubon is a 39-year-old Hispanic male who was seen again here today
with an interpreter. He was last seen on 12/08/2010 and had a perivasal block
for right orchialgia. He comes in today for followup. States that the pain has
greatly improved. He is almost pain free after his perivasal block and states
that he is doing much better. He states that after his perivasal block, he had
pain that day until approximately 9 o'clock that night at which point, it
spontaneously resolved. He is currently taking Neurontin, which I had
prescribed for the patient the other day, however, prior to this he had been
prescribed this as well and recognized once he returned home and looked at his
medications.

REVIEW OF SYSTEMS: Negative. He denies any chest pain, shortness of breath,
nausea, vomiting, diarrhea, difficulty with voiding or any other constitutional
symptoms.

PHYSICAL EXAMINATION:
VITAL SIGNS: Temperature 96.8 blood pressure, 121/82, pulse 67. Weight 145.     GENERAL
HEENT: Pupils equal, round, reactive to light. Well-developed well-nourished
Hispanic male with interpreter with him in the clinic.
ABDOMEN: Soft, nontender and nondistended with small local hernia.
GU: Physical examination, circumcised phallus. Bilaterally descended testicles,
normal meatus and glans. He does have some tenderness to palpation to the right
testicle with deep palpation. However his testicular exam is normal. He has no
evidence of inguinal hernias. He has a well-healed subinguinal incision.
EXTREMITIES: No clubbing, cyanosis, or edema.
NEUROLOGIC: He is intact. Cranial nerves IIhrough XII.
PSYCHOLOGIC: He is appropriate in his interaction.
SKIN: Warm, dry.

IMPRESSION: Right orchialgia.

PLAN: I think that the perivasal block appears to help this patient a great
deal. My feeling is that this still may be a neuropraxia or some other kind of
neural pain circuit that may been broken by the by the perivasal block. My
recommendation would be that he continue his Neurontin for total of 3 months,
which would put this up until the mid portion of February and asked him at that
.&k10.00Nme to follow home all iseffect being on hand informed the patient that it takes some time
to recover from surgery and that though he does feel some pain on occasion and
tightness in the area of his previous inguinal surgery, this is normal and can
usually last up to a year before it resolves completely. The patient and his
interpreter confirm an understanding of this. The patient will follow up with
us in March.

New Orleans - Patient Care Inquiry (PCI: OE Database COCTU)     DRAFT COPY
0.000H
Run: 12/27/10-07:14 by BONDS,RUTH C                Page 1 of 2

## Clinic Progress Notes

**Patient:**   DUBON,ELIAS

**Account #:**   D00068826771
**Medical Record #:**   D001113476

DICTATED BY:hristopher E Keel, MD
IN: HELWA / 37MP7 / REV NO:  / 110090 / WT: D.UROCE-CPRG
DD: 12/14/2010 11:02:36  DT: 12/14/2010 11:35:02 DS: 12/14/2010
HIS#: 39818036

                          (Signature on File)
                    Wayne J Hellstrom, MD


12/14/10 1102
12/14/10 1135     HLT

B

@

**NEW ORLEANS UROLOGIC INSTITUTE**
**1111 MEDICAL CENTER BLVD**
**SUITE 313-N**
**MARRERO, LA. 70072**
**(504) 371-0071**
**(504) 349-6372 FAX**

Dubon, Elias                    Office Notes                    10/22/10

Mr. Dubon is a 39 year old gentleman with a history of right inguinal hernia, right orchalgia, bilateral hydroceles who has undergone previous right inguinal hernia repair hydrocelectomy on September 1, 2010. The patient was last seen on September 22, 2010. He was advised that his testicular pain would improve with Hydroxyzine Chloride and Ultram. He had a burning sensation and some dysuria. He was called in Pyridium. The patient was then seen at Ochsner Medical Center on October 21, 2010 with complaints of abdominal pain and scrotal pain. He presents today for further evaluation. The patient states that he returned to work and had severe pain after working. He was advised that he is likely having pain related to incision site. He denies any nausea, vomiting or gross hematuria. His main complaint is pain. The patient was advised to hold off on going back to work and exerting himself.

MEDICATIONS: Reviewed and listed in the chart
MEDICAL REVIEW OF SYSTEMS: Reviewed and listed in the chart.

PHYSICAL EXAMINATION: Blood pressure 130/74, pulse 61, respiration 17 and temperature 97.3. HEENT- normocephalic atraumatic. Pupils are equal round, equal reactive to light and accommodation, extraocular movements intact, oropharynx clear, neck is supple. Lungs are clear to auscultation bilaterally. Cardiovascular-regular rate and rhythm with no murmurs. Abdomen was obese, soft, nontender, non-distended with no masses or organomegaly. Back shows no CVA tenderness. Genitourinary exam - well healed incision of his right groin. Both testes are descended bilaterally. He had tenderness involving his right epididymis. Extremities- normal range of motion. Neurological exam- nonfocal. Urinalysis showed a PH of 5.0 with no rbc's or wbc's per hpf.

ASSESSMENT: 1) Right orchalgia   2) Incomplete bladder emptying   3) Nocturia   4) Abdominal pain   5) Resolution of hernia

PLAN: The patient was advised to hold off on going to work for two weeks. He will f/u in two weeks for re-examination. He will be placed on Neurontin 100mg p.o.t.i.d., Mobic 15mg p.o.q.d., Hydroxyzine Chloride 25mg p.o.q.h.s. and Ultram 50mg p.o.q. six hours.
RAC/mc                          Ronald A. Chee-Awai, M.D., F.A.C.S.
cc: Dr. Bertucci



73354

### NEW ORLEANS UROLOGIC INSTITUTE
### 1111 MEDICAL CENTER BLVD
### SUITE 313-N
### MARRERO, LA 70072
### (504) 371-0071
### (504) 349-6372 FAX

Dubon, Elias                    Office Notes                    08/27/10

Mr. Dubon is a 39-year-old gentleman who was last seen on 8/6/10. The patient has been having some right orchalgia, right inguinal hernia, bilateral hydrocele and was placed on hydroxyzine chloride 25 mg p.o. q.h.s., ibuprofen 600 mg a day, Ultram and Colace. He says he had improvement in his right testicular pain with the use of combination therapy, but he wants to proceed with a right inguinal hernia repair.

PAST MEDICAL HISTORY: Reviewed and updated.
SURGICAL HISTORY: Reviewed and updated.
MEDICATIONS: Reviewed and updated.

PHYSICAL EXAMINATION: Blood pressure 124/77, pulse 51, respirations 18, temperature 97.8. HEENT- normocephalic atraumatic. Pupils are equal round, equal reactive to light and accommodation, extraocular movements intact, oropharynx clear, neck is supple. Lungs are clear to auscultation bilaterally. Cardiovascular – regular rate and rhythm with no murmurs. Abdomen was obese, soft, nontender, non-distended with no masses or organomegaly. Back shows no CVA tenderness. Genitourinary and rectal exam showed penis was circumcised. Both testes were descended bilaterally. The patient had mild tenderness involving the right head of his epididymis with a reducible right inguinal hernia. Extremities – normal range of motion, no edema. Neurological exam – nonfocal. Urinalysis showed a pH of 5.0, no rbc's or wbc's per hpf.

ASSESSMENT: 1) Right inguinal hernia. 2) Incomplete bladder emptying. 3) Nocturia. 4) Improved right orchalgia.

PLAN: The patient will continue his current medication including hydroxyzine chloride 25 mg p.o. q.h.s., Ibuprofen 600 mg p.o. q day. The patient will benefit from the use of Colace 100 mg p.o. b.i.d. and the patient will be scheduled for right inguinal hernia repair with hydrocelectomy on September 1, 2010.

RAC/st125                    Ronald A. Chee-Awai, M.D., F.A.C.S.
cc: Dr. Bertucci

Ochsner Medical Center – Westbank
2500 Belle Chasse Highway
Gretna, LA 70056
Telephone: (504) 392-3131
Fax: (504) 391-5498

**OPERATIVE REPORT**

NAME: DUBON FIGUEROA, ELIAS          A/N 6400702959/Job 164326

DATE OF PROCEDURE: 09/01/2010

SURGEON: Ronald CheeAwai, MD

PROCEDURE PERFORMED: Right inguinal hernia repair with placement of mesh and right hydrocelectomy.

PREOPERATIVE DIAGNOSIS: Right inguinal hernia and right hydrocele.

POSTOPERATIVE DIAGNOSIS: Right inguinal hernia and right hydrocele, large right inguinal hernia.

ANESTHESIA: General.

ESTIMATED BLOOD LOSS: Less than 25 mL.

COMPLICATIONS: None.

DRAINS: None.

INDICATIONS: The patient is a 39-year-old gentleman with a history of right groin bulge after lifting heavy boom. The patient was noted to have a right inguinal hernia with right hydrocele. It was felt he would benefit from undergoing a right inguinal hernia repair with hydrocelectomy. The risks and complications of the procedure were discussed with the patient in detail. Consent was obtained.

PROCEDURE IN DETAIL: The patient was brought to the operating room after receiving appropriate prophylactic antibiotics and was given a general anesthetic. Next, the patient was placed in the supine position. His penis and genitalia were prepped and draped in sterile fashion. A 1.5 cm incision was made along the patient's right inguinal crease. The incision was carried through the skin, subcutaneous tissue, and dartos fascia. Next, the patient's Scarpa's fascia was incised and the external oblique aponeurosis identified. The patient had a widened external inguinal ring. He was noted to have a very large hernia sac exiting the ring. A right-angled clamp was placed around the hernia sac, which was delivered through the incision with a Penrose drain. The patient's ilioinguinal nerve was not visualized during the procedure and was felt to be lateral

ADMITTED  09/01/2010          ROOM# WDS          NAME  DUBON FIGUEROA, ELIAS
DISCHARGED                    DOB ████/1971       MR# 6351401
PT TYPE  W                    AGE 39Y             ACCT# 6400702959
ADMIT PHYS  CHEE-AWAI, RONALD A.  SEX  M          PAGE  1 of 2

                                                            Operative Report
                    Dictating Provider Copy

to the dissection. Next, the cremasteric muscles were lysed and the patient's thick hernia sac was dissected away from the cord and cord structures. A vessel loop was placed around the spermatic cord and internal spermatic veins, and then the hernia sac was dissected towards the testicle as well as towards the right internal inguinal ring. The hernia sac was cut and then it was twisted upon itself as it exited the external inguinal ring. Next, the hernia sac was double ligated with a 2-0 Vicryl suture. Due to the defect noted at the patient's external ring, a mesh plug was placed at that site with a wedge of the plug excised in order to accommodate the patient's spermatic cord and cord structures. The mesh plug was placed below the patient's abdominal wall fascia and was well secured. No strangulation of the cord was noted. Next, attention was then drawn towards the patient's hydrocelectomy.

The patient's tunica vaginalis was in continuity with the patient's hernia sac, which extended towards the patient's testicle. Next, the tunica vaginalis was excised and sent to pathology for further identification as a hydrocele sac. Minimal hydrocele fluid was expressed. Care was made to avoid injury to the cord and cord structures. Next, the patient's testicle was delivered into the right hemiscrotum ensuring that the cord and cord structures were straightened in anatomic location.

Next, the patient's inguinal region was anesthetized with 0.25% Marcaine and 0.5% lidocaine solution. The patient's roof of the inguinal canal was closed with a running lick stitch using 2-0 Vicryl suture. Care was made to avoid injury to the patient's ilioinguinal nerve. Next, the patient's Scarpa's fascia was approximated with 2-0 Vicryl sutures. The subcutaneous tissue was approximated with 3-0 Vicryl suture and then skin edge was approximated with 4-0 Vicryl suture as a running horizontal mattress closure. Steri-Strips and collodium was applied. The patient was awakened, extubated, and transferred from the operating table to stretcher and to the recovery room. The patient will follow up in my office in the next three to four weeks. He will limit his activity with no heavy lifting greater than 20 pounds for at least four weeks.

---

Ronald ChecAwai, MD
*PRELIMINARY FINDINGS unless signed by physician.
This document may be electronically signed in HPF

RCA/co DD: 09/01/2010 14:12:29 (EST)  DT: 09/01/2010 16:44:36 (EST)
JOB#: 164326/34900612 Document No. 31998515

cc:

---

| | | |
|---|---|---|
| ADMITTED  09/01/2010 | ROOM# WDS | NAME  DUBON FIGUEROA, ELIAS |
| DISCHARGED | DOB ████/1971 | MR# 6351401 |
| PT TYPE  W | AGE 39Y | ACCT# 6400702959 |
| ADMIT PHYS  CHEE-AWAI, RONALD A. | SEX  M | PAGE  2 of 2 |

Operative Report

Dictating Provider Copy

*NEW ORLEANS UROLOGIC INSTITUTE*
*1111 MEDICAL CENTER BLVD*
*SUITE 313-N*
*MARRERO, LA. 70072*
*(504) 371-0071*
*(504) 349-6372 FAX*

*Dubon, Elias*                     *Office Notes*                     *08/6/10*

*Mr. Dubon is a 39 year old gentleman who was seen by Dr. Hughes on July 28, 2010. The patient was placed on Lortab. He underwent a scrotal ultrasound, which demonstrated evidence of right hydrocele as well as right inguinal hernia and left hydrocele. He presents today for further evaluation. The patient has been having right groin pain and testicular discomfort. He denies any nausea, vomiting or gross hematuria. He was advised that he has a right inguinal hernia and would benefit from undergoing a right inguinal hernia repair with possible mesh. The patient denies any fever, chills or gross hematuria. Scrotal ultrasound was reviewed with him.*

*MEDICATIONS: Reviewed and listed in the chart*
*MEDICAL REVIEW OF SYSTEMS: Reviewed and listed in the chart.*

*PHYSICAL EXAMINATION: Blood pressure 120/61, pulse 74, respiration 18 and temperature 97.6. HEENT- normocephalic atraumatic. Pupils are equal round, equal reactive to light and accommodation, extraocular movements intact, oropharynx clear, neck is supple. Lungs are clear to auscultation bilaterally. Cardiovascular-regular rate and rhythm with no murmurs. Abdomen was obese, soft, nontender, non-distended with no masses or organomegaly. Back shows no CVA tenderness. Genitourinary exam- penis was circumcised. Both testes are descended bilaterally. The patient had evidence of a right inguinal hernia that was reducible. Extremities- normal range of motion. Neurological exam- nonfocal. Urinalysis showed a PH of 5.0 with no rbc's or wbc's per hpf.*

*ASSESSMENT; 1) Right inguinal hernia  2) Right orchalgia  3) Bilateral hydroceles  4) Incomplete bladder emptying  5) Nocturia*

*PLAN: The patient will be placed on Hydroxyzine Chloride 25mg p.o.q.h.s., Ibuprofen 600mg p.o.q six hours p.r.n. pain, Ultram 50mg p.o.q. six hours. He is a candidate for a right inguinal hernia repair. He will need clearance from his insurance Workman's Compensation. Otherwise, he will f/u in the next three weeks. He will also be placed on Colace 100mg p.o.b.i.d.*

*RAC/mc*                     *Ronald A. Chee-Awai, M.D., F.A.C.S.*
*cc: Dr. Bertucci*



DATE:   06/26/2018
TIME:   03:15 pm

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/26/2018

For Claim Number 159115

Claimant Dubon Figueroa, Elias

REPORT:   CL150R
PAGE      1
OF        3

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|---|---|---|---|---|---|---|
| 10/04/10 | 13321-0 | YOUNGER & ASSOCIATES INC | $375.00 | 09/24/10 | 09/24/10 | 3982973 |
| 10/25/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $7.18 | 09/07/10 | 09/07/10 | 3988774 |
| 10/25/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $17.37 | 09/22/10 | 09/22/10 | 3988774 |
| 10/25/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $40.13 | 10/14/10 | 10/14/10 | 3988774 |
| 10/31/10 | 39928-0 | NEW ORLEANS UROLOGIC INSTITUTE | $1,409.40 | 08/06/10 | 09/22/10 | 3990757 |
| 11/03/10 | 25529-4 | OCHSNER MEDICAL CENTER - WESTBANK | $3,535.29 | 08/31/10 | 09/01/10 | 3992255 |
| 11/04/10 | 39928-0 | NEW ORLEANS UROLOGIC INSTITUTE | $121.00 | 08/27/10 | 08/27/10 | 3992374 |
| 11/05/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $34.38 | 10/22/10 | 10/22/10 | 3992718 |
| 11/11/10 | 10841-0 | QUEST DIAGNOSTICS INCORPORATED | $26.00 | 10/14/10 | 10/14/10 | 3994423 |
| 11/17/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $48.62 | 11/08/10 | 11/08/10 | 3996200 |
| 12/02/10 | 25529-4 | OCHSNER MEDICAL CENTER - WESTBANK | $3,800.70 | 10/22/10 | 10/22/10 | 3999802 |
| 12/17/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $103.72 | 12/08/10 | 12/08/10 | 4003467 |
| 12/22/10 | 39928-0 | NEW ORLEANS UROLOGIC INSTITUTE | $16.00 | 10/22/10 | 10/22/10 | 4005007 |
| 12/23/10 | 37152-0 | INJURED WORKERS PHARMACY LLC | $83.76 | 12/02/10 | 12/02/10 | 4005372 |
| 01/04/11 | 32439-0 | BATON ROUGE ORTHOPAEDIC CLINIC LLC | $0.00 | 07/23/10 | 07/23/10 | Mltiple |
| 01/06/11 | 35949-0 | BLACK DIAMOND LANGUAGE SERVICES INC | $197.00 | 12/14/10 | 12/14/10 | 4008685 |
| 01/10/11 | 25519-55 | HELLSTROM, WAYNE | $105.00 | 12/14/10 | 12/14/10 | 4009099 |
| 01/14/11 | 40052-0 | INGENIX HEALTH INTELLIGENCE INC | $1,431.89 | 08/31/10 | 09/01/10 | 4010984 |
| 01/14/11 | 39644-1 | MINOKADEH, SAID | $550.00 | 09/01/10 | 09/01/10 | 4010927 |
| 01/14/11 | 39928-0 | NEW ORLEANS UROLOGIC INSTITUTE | $16.00 | 11/08/10 | 11/08/10 | 4010764 |
| 01/17/11 | 37152-0 | INJURED WORKERS PHARMACY LLC | $83.76 | 12/21/10 | 12/21/10 | 4011150 |
| 01/21/11 | 17955-8 | TULANE UNIVERSITY HOSPITAL & CLINIC-PHYS | $118.96 | 12/08/10 | 12/08/10 | 4012878 |
| 02/07/11 | 37152-0 | INJURED WORKERS PHARMACY LLC | $49.80 | 01/11/11 | 01/11/11 | 4017041 |
| 02/11/11 | 38712-1 | ST BERNARD HEALTH CENTER | $89.00 | 07/23/10 | 07/23/10 | 4018706 |
| 02/15/11 | 37152-0 | INJURED WORKERS PHARMACY LLC | $83.76 | 01/31/11 | 01/31/11 | 4019039 |
| 03/11/11 | 39928-3 | CHEB-AWAI, RONALD A. | $238.00 | 10/22/10 | 12/06/10 | 4026157 |

* denotes a canceled transaction, and is not included in the total calculations

DATE:   06/26/2018                                                                                              REPORT:  CI150R
TIME:   03:15 pm                                                                                                PAGE      2
                                                                                                                OF        3

                            LOUISIANA WORKERS' COMPENSATION CORPORATION

                                        Claim Payments Report
                            For Payment Dates 10/01/1992 Through 06/26/2018
                                         For Claim Number 159115
                                    Claimant Dubon Figueroa, Elias

**Medical Payments**

| Pymnt Dt | Vendor   | Vendor Name                                | Amount Paid | From Dt  | Thru Dt  | Check No |
|----------|----------|--------------------------------------------|-------------|----------|----------|----------|
| 04/14/11 | 37152-0  | INJURED WORKERS PHARMACY LLC               | $33.96      | 01/11/11 | 01/11/11 | 4035152  |
| 06/21/11 | 37152-0  | INJURED WORKERS PHARMACY LLC               | $83.76      | 11/18/10 | 11/18/10 | 4052353  |
| 12/19/11 | 9011-0   | LUMP SUM SETTLEMENT                         | $12,000.00  | 12/19/11 | 12/19/11 | 4100171  |
| 07/31/12 | 25538-0  | OCHSNER CLINIC LLC                          | $102.00     | 08/31/10 | 09/01/10 | 4155651  |
| 12/18/12 | 19518-0  | PHARMACY ASSOCIATES, INC.                   | $4.03       | 09/07/10 | 12/08/10 | 12859A   |
| 12/30/13 | 43045-0  | LOUISIANA MED PAY & QMEDTRIX SETTLEMENT     | $1,259.76   | 08/31/10 | 09/01/10 | 28207A   |
|          |          | **TOTAL:**                                  | $26,065.23  |          |          |          |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/26/2018
TIME: 03:15 pm

REPORT: C1150R
PAGE 3
OF 3

## LOUISIANA WORKERS' COMPENSATION CORPORATION

### Claim Payments Report

For Payment Dates 10/01/1992 Through 06/26/2018

For Claim Number 159115

Claimant Dubon Figueroa, Elias

**Indemnity Payments**

| Payment Date | Comp Code | From Date | Thru Date | Type Comp | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 09/08/2010 | TT | 08/17/2010 | 09/08/2010 | INITIAL | 23 | $1,139.06 | $0.00 | $1,139.06 | 3976551 |
| 09/14/2010 | TT | 09/09/2010 | 09/17/2010 | REGULAR | 9 | $445.72 | $0.00 | $445.72 | 3978107 |
| 09/21/2010 | TT | 09/18/2010 | 09/24/2010 | REGULAR | 7 | $346.67 | $0.00 | $346.67 | 3980055 |
| 09/21/2010 | TT | 08/10/2010 | 08/16/2010 | REGULAR | 7 | $346.67 | $0.00 | $346.67 | 3980056 |
| 09/27/2010 | TT | 08/10/2010 | 09/24/2010 | ADJUSTMENT | 46 | $1,039.40 | $0.00 | $1,039.40 | 3980910 |
| 09/28/2010 | TT | 09/25/2010 | 10/01/2010 | REGULAR | 7 | $504.84 | $0.00 | $504.84 | 3982036 |
| 10/04/2010 | TT | 08/10/2010 | 10/01/2010 | ADJUSTMENT | 53 | $546.36 | $0.00 | $546.36 | 3983021 |
| 10/05/2010 | TT | 10/02/2010 | 10/08/2010 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 3984137 |
| 10/14/2010 | TT | 10/09/2010 | 10/12/2010 | ONE TIME ONLY | 4 | $329.71 | $0.00 | $329.71 | 3986701 |
| 11/02/2010 | TT | 10/13/2010 | 11/05/2010 | REGULAR | 24 | $1,978.29 | $0.00 | $1,978.29 | 3992078 |
| 11/09/2010 | TT | 11/06/2010 | 11/12/2010 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 3994121 |
| 11/16/2010 | TT | 11/13/2010 | 11/19/2010 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 3996020 |
| 11/23/2010 | TT | 11/20/2010 | 11/26/2010 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 3998045 |
| 11/30/2010 | TT | 11/27/2010 | 12/03/2010 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 3999515 |
| 12/07/2010 | TT | 12/04/2010 | 12/10/2010 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4001216 |
| 12/14/2010 | TT | 12/11/2010 | 12/17/2010 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4003085 |
| 12/20/2010 | TT | 12/18/2010 | 12/24/2010 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4004707 |
| 12/27/2010 | TT | 12/25/2010 | 12/31/2010 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4006299 |
| 01/04/2011 | TT | 01/01/2011 | 01/07/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4008218 |
| 01/11/2011 | TT | 01/08/2011 | 01/14/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4010297 |
| 01/18/2011 | TT | 01/15/2011 | 01/21/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4012366 |
| 01/25/2011 | TT | 01/22/2011 | 01/28/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4014218 |
| 02/01/2011 | TT | 01/29/2011 | 02/04/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4016312 |
| 02/08/2011 | TT | 02/05/2011 | 02/11/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4018200 |
| 02/15/2011 | TT | 02/12/2011 | 02/18/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4020068 |
| 02/22/2011 | TT | 02/19/2011 | 02/25/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4022027 |

TOTALS (excluding canceled transactions denoted by *): $16,485.72 $0.00 $16,485.72

* denotes a canceled transaction, and is not included in the total calculations