# JOHNSON, RAHMAN & THOMAS

**Employees of Louisiana Workers' Compensation Corporation**

2237 S. Acadian Thruway | P.O. Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone: (225) 231-0875
Facsimile: (225) 231-0986
Fax Server: (225) 929-5613

July 3, 2018

*Via UPS Next Day Air*

Counsel for BP
**Attn:  Mr. J. Andrew Langan**
Kirkland & Ellis LLP
300 N. LaSalle St., Suite 2400
Chicago, IL  60654

*Via UPS Next Day Air*

MDL 2179 Plaintiffs' Steering Committee
**Attn:  Mr. Steven J. Herman**
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA  70113

> In Re:  Oil Spill by the Oil Rig "Deepwater Horizon": in the Gulf of Mexico,
> On April 20, 2010
> MDL No.      :      10-2179; Section J
>
> Louisiana Workers' Compensation Corporation v. BP, PLC, et al
> Civil Action No.:      17-cv-03199
>
> Workers' Compensation Claim of Leonard J. Heimgartner
> LWCC Claim No.:  159516

Dear Counsel:

In compliance with Pretrial Order No. 66, with respect to the workers' compensation claim of Leonard J. Heimgartner, enclosed please find the following documents:

1. Individual Particularized Statement of Claim;
2. Joint Petition for Approval of Settlement, Judgment and related documents;
3. First Report of Injury;
4. Accident report;
5. Recent medical records; and
6. Claim payment report.

Writer's Direct Line:  (225) 231-0755 | Writer's Email: djohnson@lwcc.com

Mr. J. Andrew Langan
Mr. Steven Herman
July 3, 2018
Page 2

In total LWCC has paid $91,155.84 to and on behalf of Mr. Heimgartner as a result of his injuries suffered during the clean-up efforts following the Deepwater Horizon explosion. Louisiana Workers' Compensation Corporation is seeking recovery of all payments made to and on behalf of Mr. Heimgartner.

I hope this is satisfactory for your needs, however, in the event you have any questions or require any additional information, please do not hesitate to call.

With kind regards, I am

Very truly yours,

David K. Johnson

DKJ/fhj
Enclosures
cc:    Linda Dantin

## EXHIBIT A

---

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

### PTO 66 PARTICULARIZED STATEMENT OF CLAIM
### FOR REMAINING B3 PLAINTIFFS

---

**PLAINTIFF'S FULL NAME:**  Louisiana Workers' Compensation Corporation

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:**  Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity.  If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

### A.    YOUR BACKGROUND INFORMATION

1.    Current address:

Address Line 1:   2237 S. Acadian Thruway

Address Line 2:

City:   Baton Rouge          State:   LA          Zip:   70808

2.    Telephone number:   (225) 924-7788

3.    Maiden or other names used or by which you have been known, and the dates during which you were known by such names:        N/A

4.    Date and Place of Birth:          N/A

5.    Male_____    Female_____

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---------|--------------------|
| N/A | |
| | |
| | |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|----------|---------|---------------------|------------------------|
| N/A | | | |
| | | | |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No _____ If *"Yes,"* when were you out of work and why? ___N/A_____

_____

## B.  THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL

9.  Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

Yes __X__     No_____     ( *Indirectly, see attached correspondence* )

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

### 1.  Cleanup Workers

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.  Was your cleanup work performed onshore (on land) or offshore (on the water)?

Onshore __X__     Offshore_____     Both_____

11.  Were you hired as part of the Vessels of Opportunity ("VoO") Program?

Yes_____     No __X__

12.  Did you handle hazardous materials as part of your cleanup work?

Yes_____     No_____

13.  Please set forth the following information about your cleanup work:

A.  Your employer(s): __Team Labor Force, LLC__

B.  Your supervisor(s) at the employer(s) identified in Question No. 13(A):

__Rudy August Jr.__

C.  A description of the work performed for employer(s) identified in Question No. 13(A): __Safety representative__

D.  The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): __See attached wage records__

E.  The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _____none_____

_____

F.  Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): _____unknown_____

_____

**2.  Residents/Tourists**

14.  Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____      No_____

15.  Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____      No_____

16.  List all address(es) at which you resided in 2010:_____

_____

**C.  INFORMATION ABOUT YOUR B3 CLAIM**

17.  Are you claiming that you suffered damages from (*Check all that apply*):

_____Bodily injury from exposure to oil and/or dispersants

__X__Bodily injury other than from exposure to oil and/or dispersants

_____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

### D.    EXPOSURE CLAIMS

18.    Were you exposed to oil, dispersants, or both?

Oil_____          Dispersants_____          Both_____

19.    How were you exposed? (*Check all that apply*)

A.    Inhalation                Yes_____     No_____

B.    Dermal (skin) contact     Yes_____     No_____

C.    Ingestion                 Yes_____     No_____

D.    Other (please describe): _____

20.    What was the date(s) of your exposure?

Day: _____     Month: _____     Year: _____

21.    How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

22.    What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

_____

_____

_____

23.    For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

_____

_____

_____

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

_____

_____

_____

25. *For cleanup workers only*:  Did you report your exposure to oil and/or dispersants to your direct supervisor?

Yes_____    No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____

_____

_____

**E.    NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

A.    The nature of your injury: ___See attached medical records___

B.    The date(s) of your injury: ___8/24/2010___

C.    The location(s) of your injury: ___Precise location unknown___

D.    The work that you were performing when you sustained your injury:_____

___walking___

_____

E.    Identify any individual(s) who witnessed your injury:_____

___unknown___

28. Describe in as much detail as possible the circumstance(s) of your injury: _____

___See accident report & first report of___

___Injury___

**F.    INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29.    Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

_____ See attached medical records _____

_____

_____

30.    Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

_____ See attached medical records, accident
report + claim for compensation _____

_____

_____

31.    On what date did you first report or seek treatment for your injury or illness: _____ 8/30/2010 _____

32.    On what date was your injury first diagnosed: _____ 8/30/2010 _____

33.    Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|------|---------|
|  | See attached medical records + |
|  | claim payment report |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
|  | *See attached medical records &* |
|  | *Claim payment report* |
|  |  |
|  |  |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No _____. If *"Yes,"* *Unknown*

   A. When? _____

   B. Who diagnosed the injury (or condition) at that time? _____
   _____
   _____

   C. Who treated the injury (or condition) at that time?_____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

   Yes _____ No_____. If *"Yes,"*

   A. What date did you first experience such injury or condition?_____

   B. What injury (or condition) was made worse? _____
   _____

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|------|---------|
|  | Unknown |
|  |  |
|  |  |
|  |  |
|  |  |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes _X_ No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: _____

_____ recovery of medical expenses + weekly benefits per attached claim payment report _____

_____

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes _X_ No _____

If "Yes":

A. From whom did you receive this compensation or reimbursement? _____

_____ LWCC _____

B.   When did you receive this compensation or reimbursement?_____

_____ *See attached claim payment report*

C.   What was the amount of the compensation or reimbursement?_____

_____ *See attached claim payment report*

## G.   CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract.)*

41.   Is your claim based on a breach of contract?

Yes_____        No_____

42.   Was the contract that you claim was breached made as part of the VoO Program?

Yes_____        No_____

43.   Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.   Describe how the contract was breached:_____

_____

_____

45.   *If you were part of the VoO Program*:  Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.   *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47.   Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that  amount:_____

_____

_____

_____

48.  Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: ____July 5____, 2018

Location (City and State): ____Baton Rouge, La.____


_____
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

____Michael Stelter____
Print Name

____SVP/General Counsel____
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

**RETURN TO:**
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA  70804 - 9040
For information call (225) 342-7576
or Toll Free (800) 201-3457

RECEIVED 2012 MAY -3 PM 2: [...] DISTRICT 1E-MONR[...]

| | | | | |
|---|---|---|---|---|
| 1. | Social Security No. | ▮▮▮ | - ▮▮ | - 1834 |
| 2. | Date of injury/illness | 08 | - 24 | - 2010 |
| 3. | Part(s) of Body injured | left leg/lower left leg | | |
| 4. | OWC Docket Number | 11-02295 | | |
| 5. | OWC District Number | 1E | | |

# REQUEST FOR COMPROMISE
# OR LUMP SUM SETTLEMENT

DATE OF APPROVAL _____

**EMPLOYEE**

6.  Name ___ Leonard Heimgartner ___

Street or Box ___ 1425 Forsythe Ave. ___

City ___ Monroe ___

State ___ LA ___  Zip ___ 71201 ___

Phone (318) ___ 387-8764 ___

**EMPLOYEE'S ATTORNEY**

JUDGE _____

7.  Name ___ Barry Laiche ___

Street or Box ___ 237 S. Washington Street ___

City ___ Marksville ___

State ___ LA ___  Zip ___ 71351 ___

Phone (318) ___ 253-4435 ___

**EMPLOYER**

8.  Name ___ Team Labor Force, LLC ___

Street or Box ___ 2802 Flintrock Trace, #B104 ___

City ___ Lakeway ___

State ___ TX ___  Zip ___ 78738 ___

Phone (985) ___ 709-2011 ___

**INSURER/ADMINISTRATOR**
(circle one)

9.  Name ___ Louisiana Workers' Compensation Corporation ___

Street or Box ___ 2237 S. Acadian Thruway ___

City ___ Baton Rouge ___

State ___ LA ___  Zip ___ 70808 ___

Phone (800) ___ 267-2410 ___

**EMPLOYER/INSURER'S ATTORNEY**
(circle one)

10.  Name ___ Phillip M. Hendry ___

Street or Box ___ 920 Pierremont, Suite 505 ___

City ___ Shreveport ___

State ___ LA ___  Zip ___ 71106 ___

Phone (318) ___ 866-9406 ___

11.  DATE OF SETTLEMENT CONFERENCE _____ N/A _____
12.  TERMS AND AMOUNT OF SETTLEMENT: ___ full/final  $50,000.00 ___
13.  BENEFITS PAID TO DATE:
    a) AVERAGE WEEKLY WAGE: ___ $865.50 ___
    b) WORKERS' COMPENSATION BENEFITS: ___ $28,355.43 ___
    c) MEDICAL BENEFITS: ___ $8,049.79 ___
    d) DEATH BENEFITS: ___ N/A ___
14.  ATTORNEY FEES PAID TO DATE: ___ N/A ___
15.  ADDITIONAL FEES REQUIRED: ___ N/A ___

**ATTACHMENTS REQUIRED:**

X  JOINT PETITION
X  FORM 1007 ATTACHED ___ X ___  OR ON FILE _____
X  FORM 1003 ATTACHED ___ X ___  OR ON FILE _____
X  EMPLOYEE AFFIDAVIT
X  EMPLOYER CONCURRENCE
X  ALLEGATION OF LEGAL REPRESENTATION

X  MOST RECENT MEDICAL REPORT
X  WAIVER OF RIGHTS UNDER L.R.S. 23:1271
X  FILING FEE PAID
X  ORDER OF DISMISSAL
___ MOTION AND ORDER FOR ATTORNEY FEES
X  MOTION AND ORDER TO DISMISS 1008 (IF APPLICABLE)

SUBMITTED BY: ___ Phillip M. Hendry ___

PHONE: (318) ___ 866-9406 ___

LDOL-WC-1011
REV. 1/98

MAIL TO:
LOUISIANA WORKERS' COMPENSATION CORPORATION
2237 S. ACADIAN THRUWAY
SUITE 102          RECEIVED
BATON ROUGE, LA 70808
225-924-7788      2012 MAY -3 PM 2: 57

**1834**
Employee Social Security Number
204507735
Employer Federal ID Number
118082 / 159516
Insurance Policy No. / Claim No.

**EMPLOYER REPORT**
**OF**
DISTRICT 1E - MONROE **INJURY/ILLNESS**

This report is completed by the Employer for each injury/illness identified by them or their employee as occupational.
A copy is to be provided to the employee and the insurer immediately.   **Forms for cases resulting in more than 7 days**
**of disability or death are to be sent to the OWCA by the 10th day after the incident** or as requested by the OWCA.

PURPOSE OF REPORT: (Check all that apply)
☒ More than 7 days of disability        ☐ Possible dispute                ☐ Medical Only
☐ Injury resulted in death              ☐ Lump Sum Compromise/Settlement    (no copy needed by OWCA)
☐ Amputation or disfigurement           ☐ Other

| 1. Date of Report MM/DD/YY | 2. Date / Time of Injury Time: | 3. Normal Starting Time Day of Accident | 4. If Back to Work - Give Date: MM/DD/YY | 5. At same wage? | DO NOT WRITE IN THIS COLUMN |
|---|---|---|---|---|---|
| 08/30/10 | 08/24/10  06:00 ☒AM ☐PM | 06:00 ☒AM ☐PM | Still out | ☐ Yes ☐No | |
| 6. If Fatal Injury, Give Date of Death: MM/DD/YY | 7. Date Employer Knew of Injury MM/DD/YY | 8. Date Disability Began MM/DD/YY | 9. Last Full Day Paid MM/DD/YY | | Date Received |
| | 08/24/10 | | | | |

| 10. Employee Name:  First    Middle    Last | | 11. ☒ Male ☐ Female | 12. Employee Phone # | S. I. C. |
|---|---|---|---|---|
| LEONARD     J     HEIMGARTNER | | | 318-805-7921 | |
| 13. Address and Zip Code | | 14. Parish of Injury: | | State-Parish |
| & ATTORNEY BARRY LAICHE 237 S WASHINGTON ST MARKSVILLE, LA 71351  OUACHITA | | JEFFERSON | | |
| 15. Date of Hire: | 16. Age at Illness/Injury | 17. Occupation | 18. Dept/Division Employed | Occupation |
| 06/01/10 | 63 | LABORERS, EXCEPT CONSTRUCTION | | |
| 19. Place of Injury-Employer's Premises  ☐ Yes ☒ No | 20. Indicate Location-Street, City, Parish and State | | | Nature |
| | LAFITTE, LA JEFFERSON, LA | | | |

| 21. What work activity was the employee doing when the incident occurred? (Give weight, size, and shape of materials or equipment involved. Tell what he was doing with them Indicate if correct procedures were followed.) | |
|---|---|
| The employee was walking on a resurfaced gravel road. | Part of Body |
| | Source |
| | Event |

| 22. What caused incident to happen? (Describe fully the events which resulted in injury or disease. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led to or contributed to this injury or illness.) | NCCI |
|---|---|
| The employee stepped on a soft area of the gravel road, causing a strained to his leg. | 555555 |

| 23. Part of Body Injured and Nature of Injury or Illness (ex. left leg; multiple fractures) | 24. If Occ Disease-Give Date Diagnosed: |
|---|---|
| SPRAINS STRAINS TEARS L LEG(S) N.E.C. | |
| 25. Physician and Address | 26. If Hospitalized, give name & address of facility |
| | |
| 27. Employer's Name | 28. Person Completing This Report - Please print |
| TEAM LABOR FORCE LLC | Rudy August, Jr. |
| 29. Employer's Address and Zip Code | 30. Employer's Telephone Number |
| 1202 TIGER DRIVE THIBODAUX, LA 70301  LAFOURCHE | 985-709-2011 |
| 31. Employer's Mailing Address - If Different From Above | 32. Nature of Business-Type of Mfg., Trade, Construction, Service, etc. |
| 2802 FLINTROCK TRACE, #B104 LAKEWAY, TX 78738 1743 | REPAIR SERVICES, NEC |

33. Wage Information (optional):      Employee was paid  ☐ Daily ☐ Weekly ☐ Monthly ☒ Other      The average weekly wage was $_____ per week.

LDOL-WC-1007
REV. 1/98

NAME OF WORKERS' COMPENSATION INSURER:  LOUISIANA WORKERS' COMPENSATION CORPORATION
PHONE NUMBER:  225-924-7788

COMPLETE BOTH SIDES

**MAIL TO:**
OFFICE OF WORKERS' COMPENSATION
POST OFFICE BOX 94040
BATON ROUGE, LA 70807-9040
(504) 342-7565

# OWCA
# RECEIVED

2012 MAY ~3 PH 2FINAL COST REPORT

OFFICE OF WORKERS' COMPENSATION

SOCIAL SECURITY NUMBER ██████ 1834

08/24/2010
DATE OF INJURY/ILLNESS

This form is sent by the Employer/Insurer to the injured worker and the OWC within 30 days of the closure of a case.
An AMENDED COPY is required if the case re-opens or additional costs are incurred.

1. _____ Leonard Heimgartiner ██████ /1948 _____
   (Employee)              (Date of Birth)

2. __04__ - __10__ - __12__
   Date of this Notice

3. _____ left leg/lower left leg _____
   Part(s) of Body Injured

4. __N/A__
   Date Compensation Paid Through

5. Purpose of Form: (check one)
   ☐ Payment stopped-Employee working at equal or greater wage
   ☐ Payment stopped-Employee able to work at same or greater wage
   X Payment stopped-Lump sum/Compromise settlement approved
   ☐ Other _____

   ☐ Payment stopped-Maximum period for paying SEB has expired
   ☐ Payment stopped-3rd Party recovery without notice
   ☐ Amend or correct prior 1003

6. Length of Disability _____ weeks _____ days.

7. Give ICD - 9 Diagnostic code(s) __844.9__ .

8. Give CPT Procedure code(s) _____ .

9. COSTS INCURRED FOR THIS CASE:

| | | | | | |
|---|---|---|---|---|---|
| A. | Indemnity Benefits | | D. | Rehabilitation Expenses | |
| | 1. Temporary total | $ _____ 28,355.43 | | 1. Medical rehabilitation | $ _____ |
| | 2. Supplemental earnings | _____ | | 2. Vocational rehabilitation | _____ 1,865.62 |
| | 3. Permanent partial | _____ | | 3. Labor Market Survey | _____ |
| | 4. Permanent total | _____ | | 4. Evaluation | _____ |
| | 5. Death benefits | _____ | | 5. Other | _____ |
| | 6. Other benefits | _____ | | | |

TOTAL INDEMNITY BENEFITS     $ _____ 28,355.43
(Add A. Items 1-6)

TOTAL REHABILITATION EXPENSES   $ _____ 1,865.62
(Add D. Items 1-5)

B. TOTAL SETTLEMENT AMOUNT   $ _____ 50,000.00

B. TOTAL FUNERAL EXPENSES   $ _____ N/A

| | | | | | |
|---|---|---|---|---|---|
| C. | Medical Expenses | | F. | Legal Expenses | |
| | 1. Hospital | $ _____ | | 1. Attorney Fees | $ _____ 10,190.34 |
| | 2. Physician | _____ 8,049.79 | | 2. Court Costs | _____ |
| | 3. Diagnostic Tests/Procedures | _____ | | 3. Deposition Costs | _____ |
| | 4. Prescription Drugs | _____ | | 4. Investigation Costs | _____ |
| | 5. Transportation Costs | _____ | | 5. Penalties and Interests | _____ |
| | 6. Independent Medical Exams | _____ | | 6. Administrative/Other Costs | _____ 48.86 |
| | 8. Other | _____ | | | |

TOTAL MEDICAL EXPENSES   $ _____ 8,049.79
(Add C. Items 1-8)

TOTAL LEGAL EXPENSES   $ _____ 10,239.20
(Add B. Items 1-5)

G.   3RD PARTY RECOVERIES FOR COSTS
     (NOT INCLUDED ABOVE)              $ _____ -0-

H.   TOTAL WORKERS' COMPENSATION COSTS   $ _____ 98,510.04
     (Add A - G)

I.   BALANCE OF UNUSED RESERVES          $ _____

SUBMITTED BY:

Preparer's Name: ___ Phillip M. Hendry, Bar Roll No. 27237 ___
Employer/Insurer: ___ Team Labor Force, LLC/LWCC ___

Address: ___ 2237 South Acadian Thruway ___
         ___ Shreveport, LA 71106 ___

Phone: ( 318 ) ___ 866-9406 ___

Employer/Insurer NCCI Number: ___ 555555 ___

LDOL-WC-1003
Rev. 1/98

LEONARD HEIMGARTNER          UWCA          DOCKET 11-02295, DIST. 1E

VERSUS                       RECEIVED

                             2012 MAY ~3) PM 2: 5          OFFICE OF WORKERS'
                                                          COMPENSATION
TEAM LABOR FORCE, LLC        DISTRICT 1E- MONROE.

                                                          STATE OF LOUISIANA

---

## JOINT PETITION FOR APPROVAL OF COMPROMISE
## SETTLEMENT PURSUANT TO R.S. 23:1272

---

The joint petition of Employee, Leonard Heimgartner, of the full age of majority and a resident of Ouachita Parish, State of Louisiana, sometimes hereinafter referred to as "Employee"; Team Labor Force, LLC, hereinafter referred to as "Employer", and Louisiana Workers' Compensation Corporation, a domestic insurance company authorized to do and doing business in the State of Louisiana, hereinafter referred to as "Insurer", who respectfully represents:

1.

Availing themselves of the provisions of the laws of Louisiana as set forth in LSA-R.S. 23:1271-1273, all petitioners seek the approval of this Honorable Court to a compromise of the claim for compensation and further show:

2.

On or about August 24, 2010, Employee, Leonard Heimgartner, whose Social Security Number is ████-1834, was employed by Team Labor Force, LLC as a safety representative. Employee alleges that on or about that date, he was walking on a resurfaced gravel road when he stepped on a soft area, causing him to strain his left leg, left lower leg and left calf.

3.

Employee has received medical treatment and/or been examined by multiple medical providers including, but not limited to, Dr. Douglas C. Brown, Dr. Randolph H. Taylor, and Dr. Brian Bulloch. On July 18, 2011, Dr. Bulloch released Employee to sedentary to light duty, based on an FCE results that indicated that Employee did not give a full effort. Dr. Bulloch also noted a 1% impairment rating and that the FCE

would limit Employee's standing/sitting to 3-4 hours of time. Dr. Brown, the Employer/Insurer's SMO, found Employee to be at MMI, with no physical impairment. The OWCA appointed IME, Dr. Taylor, found Employee to be at MMI and did not think Employee should have significant physical limitations. Pertinent medical records are attached hereto as Exhibit A.

### 4.

Employee's average weekly wage at the time of his accident was $865.50 with a corresponding compensation rate of $577.00.

### 5.

Employer and Insurer have paid temporary total disability benefits totaling $28,355.43, medical benefits totaling $8,049.79 and vocational rehabilitation benefits totaling $1,865.62 to and on behalf of Employee.

### 6.

The Employee contends that he has continued disability related to this accident and is entitled to additional workers' compensation indemnity benefits, medical treatment and vocational rehabilitation. Employer and Insurer contend that claimant is at MMI, capable of returning to his job of injury, has no physical impairment and is therefore not entitled to further indemnity, medical and vocational rehabilitation benefits.

### 7.

In order to compromise and settle all the disputes existing herein, the Employee, Employer and its Insurer, subject to the approval of the Office of Workers' Compensation, have agreed to pay to the Employee, Fifty Thousand and No/100 ($50,000.00) Dollars, in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may have or may hereafter acquire against the Employer or Insurer because of anything that may have occurred while Employee was employed by Employer or thereafter and particularly, but not exclusively, because of the injuries claimed to have been sustained by Employee on or about August 24, 2010.

8.

After mutually considering their respective claims and primarily to avoid litigation between them, all of the parties hereto have mutually agreed that a fair and just settlement of their respective rights would be attained by the payment by Employer and Insurer of the amount of $50,000.00 to Employee, and in exchange for said payment, Employee waives all claims to any and all past, present and/or future medical, rehabilitative, indemnity and workers' compensation benefits, penalties, attorney's fees or benefits of any kind as it relates to any and all claims against Employer and Insurer as a result of said accident or any accident sustained during the course and scope of her employment with Employer. This payment is also in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may currently have or may in the future acquire against the Employer or Insurer arising from any medical treatment provided to Employee as a result of said accident, whether any condition resulting from the medical treatment is currently known or unknown to Employee or whether any condition resulting from the medical treatment subsequently develops and causes further disability or death of Employee. Pursuant to La. R.S. 23:1272(E), Employer and Insurer specifically deny any responsibility for any other medical bill of Employee not listed on the attached Claim Payments Report (Exhibit B).

9.

In settlement of all claims for workers' compensation, Leonard Heimgartner agrees to accept and the Employer and Insurer agree to pay the sum of $50,000.00. Employee understands that with this payment Employer and Insurer are relieved of any further obligations to provide past, present or future workers' compensation benefits of any type.

10.

Employee specifically waives the requirements of LSA-R.S. 23:1271(A)(3) which prohibits settlement within six months of the last medical treatment or temporary disability.

11.

Employer has been notified of the terms of the settlement and consents thereto.

3

12.

Employee contends that he is not receiving Social Security Benefits and is not a Medicare Beneficiary; that he has not received Medicare benefits for medical treatment for any work injuries as a result of the August 24, 2010 accident in question; that he understands that if he submits bills for treatment for the work related injury, these bills may be denied by Medicare; and that to his knowledge, Medicare has not made conditional payments for any medical treatment for any work injuries as a result of the August 24, 2010 alleged accident in question. Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment.   In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien.  Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee.  Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare.  Employee understands that Team Labor Force, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

13.

All parties have agreed to the compromise settlement hereto primarily to avoid litigation, subject to the approval of this Honorable Court, and all petitioners desire that this Honorable Court approve the proposed settlement upon its findings of the same as in substantial accord with the provisions of Title 23, Chapter 10, Revised Statutes of Louisiana.  They desire that the judgment herein provide that upon the payment by Employer and Insurer of the amount of $50,000.00 to Employee, that both Employer and Insurer shall be forever released and relieved from any and all past, present and/or future liability to and claims of Employee of whatsoever nature and kind, arising heretofore, or which may hereafter arise under said statute, growing out of the accident or injuries described hereinabove or any other accident or injury occurring prior to this date.

14.

All petitioners show that this settlement is fair and equitable and is made subject to the approval of this Honorable Court.

WHEREFORE, the premises considered, petitioners pray that after due consideration of the compromise settlement presented, there be an Order of Approval by this Honorable Court, authorizing the compromise settlement to be made and that all of the parties be authorized to make the settlement as outlined in full, final and complete settlement of all claims against any parties herein named and approving said settlement and that there be judgment rendered herein dismissing with full prejudice all claims presented by Employee as against Employer, Team Labor Force, LLC, and Insurer, Louisiana Workers' Compensation Corporation, their agents, employees, executive officers, representatives and any and all other persons, firms, corporations, partnerships, insurers and parties whomsoever for any and all liability of Employee under the Louisiana Worker's Compensation laws of the State of Louisiana, tort laws or any other laws whatsoever and for all general and equitable relief.

Leonard Heimgartner, Employee

Barry Laiche (#_____)
Provosty, Sadler, Delaunay, Florenza & Sobel
237 S. Washington Street
Marksville, LA  71351
318-253-4435
Counsel for Employee

Phillip M. Hendry (#27237)
Johnson, Rahman & Thomas
920 Pierremont, Suite 505
Shreveport, LA  71106
318-866-9406
Counsel for Employer and Insurer

LEONARD HEIMGARTNER          UWCA          DOCKET 11-02295, DIST. 1E
                          RECEIVED)
VERSUS                              )        OFFICE OF WORKERS'
                    2012 MAY -3  PM 2: 57     COMPENSATION
TEAM LABOR FORCE, LLC  DISTRICT 1E- MONROE
                                    )        STATE OF LOUISIANA

---

## ORDER OF APPROVAL

---

CONSIDERING the foregoing petition, exhibits and affidavits and having found that a bona-fide dispute exists between the Employee, Leonard Heimgartner, and with Employer, Team Labor Force, LLC, and its Insurer, Louisiana Workers' Compensation Corporation, and being of the opinion that the compromise settlement proposed is fair and equitable and that it is entered into primarily to avoid the litigation and is in substantial accord with the terms of Title 23, Chapter 10, Revised Statutes of Louisiana and that Employee hereby respectfully waives the requirement of LSA-R.S. 23:1271 (A)(3) which provides that six (6) months must lapse after termination of temporary total disability for approval of this settlement, the law and evidence being in favor of petitioners.

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Leonard Heimgartner and against Team Labor Force, LLC and its Insurer, Louisiana Workers' Compensation Corporation, ordering Employer and Insurer to pay to Employee the sum of $50,000.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon said payment by Employer/Insurer of $50,000.00 to Employee, Leonard Heimgartner, Employer and Insurer shall be forever released and relieved from all past, present, and future medical expenses, rehabilitative expenses, workers' compensation benefits, penalties, attorney fees and any and all claims of whatsoever nature and kind, arising heretofore or which may hereafter arise under Title 23, Chapter 10, Revised Statutes of Louisiana, growing out of any accident or injury or out of any medical treatment provided as a result of any accident or injury occurring prior to the date of this Order.  Pursuant to La. R.S. 23:1272(E), Employer and Insurer shall

not be responsible for any other medical bill or expense of Employee not listed in the Claim Payments

Report, attached as Exhibit B to the Joint Petition.

JUDGMENT READ, RENDERED AND SIGNED in Monroe, Louisiana on this _4_ day of April, May

2012.

Judge Brenza Irving Jones
Office of Workers' Compensation
District 1E

A TRUE COPY

7

LEONARD HEIMGARTNER )   DOCKET 11-02295, DIST. 1E

VERSUS )

TEAM LABOR FORCE, LLC )   OFFICE OF WORKERS'
COMPENSATION

)   STATE OF LOUISIANA

)

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF CADDO

BEFORE ME, the undersigned Notary Public, personally came and appeared **Phillip M. Hendry** who, having been duly sworn, deposed and stated as follows:

He is the attorney for Employer and Insurer in the above and foregoing petition and that all of the allegations of fact therein contained are true and correct, to the best of his knowledge, information and belief.

**DONE, READ AND SIGNED** at Shreveport, Louisiana on this 16th day of April, 2012 before the undersigned Notary.

_____
**Phillip M. Hendry**
Attorney for Employer and Insurer

_____
Angelina Elliott, Notary ID#61567
My commission expires at death.

LEONARD HEIMGARTNER (LWCA)                    DOCKET 11-02295, DIST. 1E

RECEIVED

VERSUS                                        OFFICE OF WORKERS'
                                              COMPENSATION
2012 MAY ~3 PH 2:57

TEAM LABOR FORCE, LLC DISTRICT 1E - MONROE

                                              STATE OF LOUISIANA


## RELEASE


STATE OF LOUISIANA

PARISH OF *Ouachita*

BEFORE ME, the undersigned Notary Public, and in the presence of the undersigned witnesses, personally came and appeared **Leonard Heimgartner** who, having been duly sworn, deposed and stated as follows:

That he does, by these presents, hereby acknowledge that he has this date received from Team Labor Force, LLC and Louisiana Workers' Compensation Corporation, payment in the amount of $50,000.00.

Appearer further declares that for and in consideration of the receipt of said payment of $50,000.00, he does hereby release, acquit and forever discharge Team Labor Force, LLC and Louisiana Workers' Compensation Corporation, their employees, officers, directors, stockholders, agents and representatives and any and all other persons, firms, corporations (including, but not in any way limiting the same thereto, the officers, directors and stockholders of said corporations), partnerships and parties whomsoever, from any and all past, present and future claims, demands, compensation, medical expenses, costs, expenses, penalties, attorney's fees, damages and any and all causes and rights of action, whatsoever, which he may or might have and to which he may be entitled, known and unknown, anticipated and unanticipated, under the workers' compensation laws of the State of Louisiana, the tort laws, and any and all other laws whatsoever, in any way resulting from and/or to result from the accident

which occurred on or about August 24, 2010, or at any time while in the course and scope of his employment with Team Labor Force, LLC.

Further that this release, on the part of the Employee, shall be a fully binding and complete settlement among the Employee, the Employer and the Insurer, and their heirs, assigns and successors. The Employee agrees to defend, indemnify and hold the Employer and the Insurer harmless from and against all such claims, demands, obligations, actions, causes of action, damages, costs and expenses brought by any third party, health insurer, medical provider or previous attorney against Employer and/or Insurer.

Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment.  In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien.  Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee.

DONE, READ AND SIGNED at _Monroe_, Louisiana on this 25th day of April, 2012 before the undersigned Notary and competent witnesses:

WITNESSES:

_____
[Print Name]: _____

_____
Leonard Heimgartner, Employee

_____
[Print Name]: _____

_____
Notary Public
Notary ID _____

10

| LEONARD HEIMGARTNER | ) | DOCKET 11-02295, DIST. 1E |
|---|---|---|
| | ) | |
| VERSUS | ) | OFFICE OF WORKERS' |
| | ) | COMPENSATION |
| TEAM LABOR FORCE, LLC | ) | |
| | ) | STATE OF LOUISIANA |

## AFFIDAVIT OF EMPLOYEE

STATE OF LOUISIANA

PARISH OF *Ouachita*

BEFORE ME, the undersigned Notary Public, and in the presence of the undersigned witnesses, personally came and appeared **Leonard Heimgartner** who having been duly sworn deposed and stated as follows:

He is one of the petitioners in the foregoing Joint Petition; that settlement proceedings have been explained to him by his counsel of record, Barry Laiche; that he fully understands and has read the foregoing petition, including all of the attachments thereto, and all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief; that he understands that the settlement he has entered is a full, final and complete settlement and compromise of all the workers' compensation claims he might have against the parties released and that the facts and allegations in the joint petition to settle the compensation claim are true and correct and that he waives the six month requirement of LSA-R.S. 23:1271(A)(3).

**DONE, READ AND SIGNED** at _____, Louisiana on this _____ day of April, 2012

before the undersigned Notary ~~and competent witnesses.~~

WITNESSES:

[Print Name]: _____

_____
Leonard Helmgartner, Employee

[Print Name]: _____

_____
Notary Public
Notary ID _____

12

LEONARD HEIMGARTNER                  OWCA                    DOCKET 11-02295, DIST. 1E

                                    RECEIVED
VERSUS                                                       OFFICE OF WORKERS'
                              2012 MAY ~3  PM 2: 58          COMPENSATION
TEAM LABOR FORCE, LLC         DISTRICT 1E- MONROE
                                                            STATE OF LOUISIANA

---

## WAIVER

---

STATE OF LOUISIANA

PARISH OF _Ouachita_

BEFORE ME, the undersigned Notary Public, personally came and appeared **Leonard Heimgartner** who, having been duly sworn, deposed and stated as follows:

1.

That he is of the full age of majority and resides in Ouachita Parish, Louisiana.

2.

That he was employed by Team Labor Force, LLC and was so employed when he allegedly suffered a job-related injury by accident on or about August 24, 2010.

3.

That he understands the English language.

4.

That he has voluntarily entered into a workers' compensation compromise settlement agreement with Team Labor Force, LLC and Louisiana Workers' Compensation Corporation for injuries arising as a result of the alleged accident on the aforementioned date.

5.

That pursuant to the aforementioned compromise settlement agreement, he has read the entire text of R.S. 23:1271, specifically noting Subpart A (3).

13

**6.**

That affiant fully understands the meaning and text of R.S. 23:1271, specifically noting Subpart A (3), which deals with waiting until the expiration of six months after termination of temporary total disability before entering into a compromise settlement.

**7.**

Whether or not this provision applies to this matter, he knowingly, intelligently and voluntarily waives his rights pursuant to R.S. 23:1271 Subpart A (3).

DONE, READ AND SIGNED at ~~Houma~~, Louisiana on this ~~day~~ day of April, 2012 before the undersigned Notary.

Leonard Heimgartner, Employee

Notary Public, Notary ID# _____
My commission expires at death.

14

| | | |
|---|---|---|
| LEONARD HEIMGARTNER | ) | DOCKET 11-02295, DIST. 1E |
| | ) | |
| VERSUS | ) | OFFICE OF WORKERS' |
| | ) | COMPENSATION |
| TEAM LABOR FORCE, LLC | ) | |
| | ) | STATE OF LOUISIANA |

## AFFIDAVIT REGARDING MEDICARE BENEFITS

STATE OF LOUISIANA

PARISH OF _Ouachita_

BEFORE ME, the undersigned Notary Public, personally came and appeared **Leonard Heimgartner** who, having been duly sworn, deposed and stated as follows:

He was the Employee of Team Labor Force, LLC.; that he has made a claim for workers' compensation benefits and that he has not applied for Medicare benefits nor is he receiving Medicare benefits; that he has not applied for Social Security Disability Insurance Benefits and is not receiving Social Security Disability Insurance Benefits; that he has not received Medicare benefits for any medical treatment including treatment for any work injuries as a result of the August 24, 2010 accident in question; that Medicare has not made any conditional payments for any medical treatment for any work injuries as a result of the August 24, 2010 accident; that he understands that if he does apply for Medicare benefits and submits bills for treatment for the work related injury of August 24, 2010, these bills may be denied by Medicare. Employee attests that no medical treatment for the work related injury has been submitted to Medicare for payment.

In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien. Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee. Employee asserts that the purpose of the compromise settlement is not to shift

15

responsibility for payment of medical expenses resulting from the alleged work injury to Medicare. Employee understands that Team Labor Force, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

DONE, READ AND SIGNED at _____, Louisiana on this _____ day of April, 2012 before the undersigned Notary.

_____
Leonard Helmgartner, Employee

_____
Notary Public, Notary ID# _____
My commission expires at death.

16

LEONARD HEIMGARTNER        OWCA        DOCKET 11-02295, DIST. 1E

                          RECEIVED
VERSUS                                 OFFICE OF WORKERS'
                      2012 MAY ~3  PM 2: 58   COMPENSATION
TEAM LABOR FORCE, LLC   DISTRICT 1E - MONROE
                                       STATE OF LOUISIANA

## ATTORNEY'S STATEMENT

Now comes the undersigned attorney who represents Employee, **Barry Laiche**, and he states as follows:

That he has conferred with the Employee with reference to the injuries he received in connection with his employment with the Employer and that he has examined the Joint Petition and the medical reports attached and has conferred with the Employee in detail concerning this settlement and the disputes existing between the Employee and the Employer; further that he has examined all of the documents in connection with this compensation settlement including this Attorney's Statement, Joint Petition, Release of All Claims, Affidavit and Order of Approval; that as a result of his discussion with Employee and his examination of these documents and as a result of his review of the medical reports, he is of the opinion that there is a bona fide and serious dispute existing among the parties and further that Employee is satisfied with the settlement and understands that the settlement he is giving to Employer is for full, final and complete release of all claims he might have against the Employer and other parties being released in the Release of All Claims and both he and Employee agree that the settlement is fair and equitable under the circumstances presented and that the settlement should be approved by the Office of Workers' Compensation.

**THUS READ AND SIGNED** at _Marksville_, Louisiana on this _20_ day of April, 2012.

_____

Barry Laiche (#_____)
Attorney for Employee

UWCA
RECEIVED
2012 MAY -3 PM 2:58
DISTRICT 1E- MONROE

LEONARD HEIMGARTNER

VERSUS

TEAM LABOR FORCE, LLC

DOCKET 11-02295, DIST. 1E

OFFICE OF WORKERS'
COMPENSATION

STATE OF LOUISIANA

## MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

NOW INTO COURT, through undersigned counsel, comes claimant, Leonard Heimgartner, in the above-captioned matter, who suggests to the Court that he wishes to voluntarily dismiss his claim against Team Labor Force, LLC and Louisiana Workers' Compensation Corporation, *with prejudice*, and now moves this court to dismiss his claim against Team Labor Force, LLC and Louisiana Workers' Compensation Corporation, *with prejudice*.

Respectfully submitted by:

Barry Laiche (# _____)
Provosty, Sadler, Delaunay, Florenza & Sobel
237 S. Washington Street
Marksville, LA  71351
318-253-4435
Attorney for Employee

18

LEONARD HEIMGARTNER

VERSUS

TEAM LABOR FORCE, LLC

UWCA
RECEIVED

2012 MAY -3 )PM 2: 58
DISTRICT 1E - MONROE

DOCKET 11-02295, DIST. 1E

OFFICE OF WORKERS'
COMPENSATION

STATE OF LOUISIANA

## ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE

CONSIDERING THE FOREGOING Motion for Voluntary Dismissal with Prejudice:

**IT IS HEREBY ORDERED** that the claim of Leonard Heimgartner against Team Labor Force, LLC

and Louisiana Workers' Compensation Corporation be dismissed, *with prejudice.*

**ORDERED AND SIGNED** this ____ day of April, 2012 at Monroe, Louisiana.

_____
Judge Brenza Irving Jones
Office of Workers' Compensation
District 1E

A TRUE COPY

19

UWCA
RECEIVED
2012 MAY -3 PM 2:57
DISTRICT 1E- MONRC

**STATE OF LOUISIANA**

**OFFICE OF WORKERS' COMPENSATION**

| | | |
|---|---|---|
| **LEONARD HEIMGARTNER,** | * | **DISTRICT 1E** |
| **EMPLOYEE** | * | |
| | * | **DOCKET NO. 11-02295** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **TEAM LABOR FORCE, LLC** | * | |
| **EMPLOYER** | * | |

**************************************************************************

**MOTION TO APPROVE**
**AND**
**ORDER APPROVING ATTORNEY FEES**

**************************************************************************

**NOW INTO COURT,** comes Barry Ray Laiche, in his capacity as counsel for employee/claimant herein, Leonard Heimgartner, who respectfully shows that the above and forgoing matter has been settled by lump sum compromise settlement, and mover shows that: (1) he has represented the employee/claimant as legal counsel in his workers' compensation claims against employer and insurer, rendering both legal representation and advice on an ongoing basis; (2) employee/claimant entered into a contingency fee contract with mover at the outset of the representation wherein mover is entitled to an attorney fee of 20 % of any and all workers' compensation benefits received by claimant during the period of representation; (3) Mover fulfilled his duties of representation, and has earned the fees contemplated by the said contract; (4) throughout the course of the representation, the employee/claimant has recovered some $ 28,355.43 in indemnity benefits and $ 8,049.79 in medical benefits, and attorney has withheld proposed attorney fees as allowed by law in his trust account in the amount of $ 5,285.40 from indemnity benefits while attorney was actively engaged in said employees/claimants

1

representation, providing legal advice, assistance with coordination of medical, and monitoring the indemnity and medical payments due from employer/carrier; (5) Attorney is also entitled to a 20 % attorney fee on the amount of the present Lump Sum Compromise ($ 50,000.00), which fee amount totals $ 10,000.00; and, (6) considering the aforementioned lump sum compromise settlement, mover is entitled to have his attorney fees approved, as authorized by law.

**WHEREFORE,** mover prays for an Order of this Honorable Court approving the said fees as authorized by law.

Respectfully submitted,

By:

**BARRY RAY LAICHE**(22456)
Andrew E. Schaffer (01137)
Patrick B. Sadler (32235)
237 S. Washington Street
Marksville, LA  71351
Telephone:     (318) 253-4435
Facsimile:      (318) 4253-6626
*Attorney for Claimant/Employee*

## ORDER
## APPROVING ATTORNEY FEES

Considering the forgoing Motion,

IT IS **ORDERED** that the attorney fees prayed for are hereby approved.

Thus done and signed on this ____ day of _____, 2012 at Monroe, Ouachita Parish, Louisiana.

HON. BRENZA IRVING JONES, JUDGE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 1 E

A TRUE COPY

2

**MAIL TO:**

LOUISIANA WORKERS' COMPENSATION CORPORATION
2237 S. ACADIAN THRUWAY
SUITE 102
BATON ROUGE, LA 70808
225-924-7788

_____-1834
**Employee Social Security Number**
204507735
**Employer Federal ID Number**
118082 / 159516
Insurance Policy No. / Claim No.

**EMPLOYER REPORT
OF
INJURY/ILLNESS**

This report is completed by the Employer for each injury/illness identified by them or their employee as occupational.
A copy is to be provided to the employee and the insurer immediately. **Forms for cases resulting in more than 7 days of disability or death** are to be sent to the OWCA **by the 10th day after the incident** or as requested by the OWCA.

PURPOSE OF REPORT: (Check all that apply)

☒ More than 7 days of disability      ☐ Possible dispute            ☐ Medical Only
☐ Injury resulted in death            ☐ Lump Sum Compromise/Settlement    **(no copy needed by OWCA)**
☐ Amputation or disfigurement         ☐ Other

| 1. Date of Report MM/DD/YY 08/30/10 | 2. Date / Time of Injury MM/DD/YY 08/24/10 Time: 06:00 ☐AM ☒PM | 3. Normal Starting Time Day of Accident 06:00 ☒AM ☐PM | 4. If Back to Work - Give Date: MM/DD/YY Still out | 5. At same wage? ☐Yes ☐No | DO NOT WRITE IN THIS COLUMN |
|---|---|---|---|---|---|
| 6. If Fatal Injury, Give Date of Death: MM/DD/YY | 7. Date Employer Knew of Injury MM/DD/YY 08/24/10 | 8. Date Disability Began MM/DD/YY | 9. Last Full Day Paid MM/DD/YY | | Date Received |
| 10. Employee Name:  First  LEONARD  Middle  Last HEIMGARTNER | | 11. ☒Male ☐Female | 12. Employee Phone # 318-805-7921 | | S.I.C. |
| 13. Address and Zip Code 1425 FORSYTHE AVE MONROE, LA 71201  OUACHITA | | 14. Parish of Injury: | | | State, Parish |
| 15. Date of Hire | 16. Age at Illness/Injury 62 | 17. Occupation LABORERS, EXCEPT CONSTRUCTION | 18. Dept/Division Employed | | Occupation |
| 19. Place of Injury-Employers Premises ☐Yes ☐No | 20. Indicate Location-Street, City, Parish and State | | | | Nature |
| 21. What work activity was the employee doing when the incident occurred? (Give weight, size, and shape of materials or equipment involved. Tell what he was doing with them. Indicate if correct procedures were followed.) The employee was walking on a resurfaced gravel road. | | | | | Part of Body |
| | | | | | Source |
| | | | | | Event |
| | | | | | NCCI  555555 |

22. What caused incident to happen? (Describe fully the events which resulted in injury or disease. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led to or contributed to this injury or illness.)

The employee stepped on a soft area of the gravel road,
causing a strained to his leg.

| 23. Part of Body Injured and Nature of Injury or Illness (ex. left leg; multiple fractures) SPRAINS STRAINS TEARS L LEG(S) N.E.C. | 24. If Occ Disease-Give Date Diagnosed: |
|---|---|
| 25. Physician and Address | 26. If Hospitalized, give name & address of facility |
| 27. Employer's Name TEAM LABOR FORCE LLC | 28. Person Completing This Report - Please print RUDY AUGUST |
| 29. Employer's Address and Zip Code 1202 TIGER DRIVE THIBODAUX, LA  70301   LAFOURCHE | 30. Employer's Telephone Number 985-709-2011 |
| 31. Employer's Mailing Address - If Different From Above P O BOX 9217 HOUMA, LA  70361 | 32. Nature of Business-Type of Mfg., Trade, Construction, Service, etc. REPAIR SERVICES, NEC |
| 33. Wage Information (optional):    Employee was paid  ☐Daily  ☐Weekly  ☐Monthly  ☒Other    The average weekly wage was $_____ per week. | |

LDOL-WC-1007
REV. 1/98

NAME OF WORKERS' COMPENSATION INSURER:   LOUISIANA WORKERS' COMPENSATION CORPORATION
PHONE NUMBER:   225-924-7788

COMPLETE BOTH SIDES

Aug. 26. 2010  2:58PM                                    No. 0190  P. 1

# ES&H
*The ESH Advisory Team*

## Employee Injury/Illness Report

**ALL INJURIES, EVEN MINOR ONES, MUST BE REPORTED.** Complete this report on day of injury or as    soon as possible and send to Human Resources. All questions are important. Complete in detail.

**Part I**

| 1. Name of Injured: (First)   (MI)   (Last) LEONARD   J.   HEIMGARTNER | 2. Social Security # ███-██-1834 | 3. Date of Injury: 8/24/10 |
|---|---|---|

| 4. Employee's Home Address: (Street) 1425 FORSYTHE AVE (City) MONROE (State) La. (Zip) 71201 |
|---|

| 5. Job Title: SAFETY | 6. Hire Date: 6/1/10 | 7. Date of Birth: ████ 48 | 8. Day Phone #: 318-805-7921 | 9. Night Phone#: 318-787-8764 |
|---|---|---|---|---|

**10. Nature of Injury, Illness or Exposure : (Circle type of injury)**

| Strain/Sprain | Scratch/Abrasion | Internal | Injured Body Part: LEFT CALF muscle |
|---|---|---|---|
| Fracture | Amputation | Foreign Body | Remarks: UNABLE to walk comfortably on Left Leg. |
| Laceration/Cut | Burn/Scald | Chemical Reaction | |
| Bruise | Dislocation | Other: (specify) | |

**11. How did the injury, illness, or exposure occur?** STEPPED ON "SOFT" PART OF
RESURFACED Gravel Rd with heel of foot

| 12. Employee's Signature: [signature] | 13. Date: 8/25/10 |
|---|---|

**Part II**   To be filled out by the injured employee's immediate supervisor or project director whose evaluation is vital to future accident prevention activities. Carefully evaluate any "act" or "condition" which caused the injury, illness, or exposure.

**14. An Unsafe Condition Existed: ( Check all that apply)**

| Defective Tools | Poor House Keeping | Poor Lighting | ✓ Uneven Surface |
|---|---|---|---|
| Defective Material | High Winds | Poor ventilation | Other Contributing Factors: ( specify) SOFT SPOTS |
| Safety Devices not provided | Rough Water | Slippery Surface | |

Explain Unsafe condition:
Gravel had been graded over and resurfaced
w/ Fresh Gravel to Remove water in Road, Resulting
in soft spots.

Aug. 26. 2010 2:59PM from: ( Check all that apply)                                          No. 0190   P. 2

| Inadequate instructions | Not wearing PPE | Improper work method | Other contributing factor: |
| Disregarded rules | Improper work method | Improper body position | (specify) |
| Haste: Carelessness | Action of fellow worker | | N/A |

**16. What PPE was worn by employee: (check all that apply)**

| Hard-Hat | Chemical Goggles | | Chemical Suit (Tyvek) | Other: (specify) |
| ✓ Safety Glasses | Chemical Gloves | | ✓ Steel toe boots | |
| Personal Flotation device | Respirator (SCBA, APR) | | Chemical Boots | |

**17. What has been done to prevent recurrence?**

WILL BE DISCUSSED IN SAFETY MEETING

Cold and Hot presses are being applied. Alieve prescribed
by Doctor.

**18. Did Injured go home? (circle)**
Yes  No
If yes, time          AM: or PM:

**19. Was employee unable to  (circle)**
work on any day after injury?
Yes or No

**20. If yes, date last worked**
8 / 25 / 10

**21. Date or estimated date** (circle) regular work
Of return to work
8 / 27 / 10            restricted work

**22. Did Injured report**
To a Doctor? (circle)
Yes  No

**23. Name & Address of Doctor:**
Jefferson Industrial
Med. Ctr, Road C
West Bank Exp, Kennar

**24. Did injury require Hospitalization?**
(circle) Yes or No

**25. If hospitalized, name & address of hospital:**

**26. Facts indicate this injury occurred during working hours and was related to employee's scope of duty. Explain.**
(circle)    Yes    No    Don't Know

Occured After Safety meeting as employee was
Walking to His Vehicle.

**27. Supervisors Name: ( Print)**
Leonard Heimgartner

**28. Supervisors Signature:**

**29. Person filling out reports name: (print)**
Leonard Heimgartner

**30. Persons Signature:**

**Date of report:**
8 / 25 / 10

Instructions: Complete and return this form to ES&H Human Resources within 48 hours of the time of incident.

## Rudy August

| | |
|---|---|
| **From:** | Terri Lynn Noel [t_noel@optclaim.com] |
| **Sent:** | Thursday, January 20, 2011 9:55 AM |
| **To:** | Rudy August |
| **Subject:** | Ins'd: ES&H/Team Labor Force - Clmt: Leonard Heimgartner - OCS#: 083410SC |
| **Attachments:** | RE: Ins'd: ES&H/Team Labor Force - Clmt: Leonard Heimgartner - OCS#: 083410SC |

Rudy:

I received an email yesterday from Vali, of ES&H, regarding the referenced matter (see copy attached). From the information received, it appears Mr. Heimgartner is not a Jones Act seaman. Therefore, I would suggest you report this claim to your work comp carrier for handling. Please feel free to call me in order to discuss same.

Thanks,

Terri N. LaBrosse
Optimum Claims Services, Inc.
190 Greenbriar Blvd., Suite 106
Covington, LA 70433
Ph: (985) 898-0818  Fax: (985) 898-0217
www.optclaim.com / t_noel@optclaim.com

*******************************************************************************
*******************************************************************************
*******************************************************************************
***************************************************
NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify Optimum Claims Services, Inc. and delete the message and any attachments accompanying it immediately.
*******************************************************************************
*******************************************************************************
*******************************************************************************
***************************************************

1

02/04/2011 09:44 FAX 1 225 231 2301        LWCC                          ☑006

**Rudy August**

| | |
|---|---|
| **From:** | Vali Lowry [vlowry@esandh.com] |
| **Sent:** | Wednesday, January 19, 2011 1:35 PM |
| **To:** | t_noel@optclaim.com |
| **Subject:** | RE: Ins'd: ES&H/Team Labor Force - Clmt: Leonard Heimgartner - OCS#: 083410SC |

Good Afternoon Terri – I am not certain if I will be much help with this claim....I tried to do some research but only came up with the following.

Mr. Heimgartner is an employee of Team labor Force. He was working the Laffite Blowout as a Safety Officer when this incident occurred. His main job duties were to make sure all employees conducted their work in a safe manner. His position only required him to work on land and the dock, no over water work. There are no records of this incident other than the accident report he personally filled out and faxed to Rudy August with TLF. Unfortunately, I was not able to gather in other information.

Thanks,
Vali

---

**From:** Terri Lynn Noel [mailto:t_noel@optclaim.com]
**Sent:** Wednesday, January 19, 2011 1:34 PM
**To:** Vali Lowry
**Subject:** FW: Ins'd: ES&H/Team Labor Force - Clmt: Leonard Heimgartner - OCS#: 083410SC

Vali:

Just sending a follow up to my email below. Please advise.

Thanks,

Terri N. LaBrosse
Optimum Claims Services, Inc.
190 Greenbriar Blvd., Suite 106
Covington, LA 70433
Ph: (985) 898-0818  Fax: (985) 898-0217
www.optclaim.com / t_noel@optclaim.com

*********************************************************************************************************
*********************************************************************************************************
********************************************************************

NOTICE: This message is intended only for use by the named addressee and may contain privileged and/or confidential information. If you are not the named addressee you should not disseminate, copy or take any action in reliance on it. If you have received this message in error please notify Optimum Claims Services, Inc. and delete the message and any attachments accompanying it immediately.

*********************************************************************************************************
*********************************************************************************************************
********************************************************************

1

02/04/2011 09:45 FAX 1 225 231 2301        LWCC        ☑007

## TEAM LABOR FORCE, LLC
## Payroll Register
### For the Period From Jan 1, 2010 to Dec 31, 2010

Report order is by Check Date. Report is printed in Detail Format.

Filter Criteria includes: 1) Employee IDs from HEIMGARTNER to HEIMGARTNER.

| Employee ID / Employee / Masked SS No / Reference / Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross | State | Fed_Income | Soc_Sec | Medicare | Soc_Sec_ER | Medicare_ER | FUTA_ER | SUI_ER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEIMGARTNER / Leonard J. Heimgartner / XXX-XX-1834 / 2249 / 6/24/10 | Regular | 80.00 | 2,400.00 | 3,985.69 | 5,640.00 | -216.22 | -1,006.63 | -349.68 | -81.78 | -349.68 | -81.78 | -45.12 | -128.59 |
|  | Overtime | 72.00 | 3,240.00 |  |  |  |  |  |  |  |  |  |  |
| HEIMGARTNER / Leonard J. Heimgartner / XXX-XX-1834 / 2343 / 7/8/10 | Regular | 80.00 | 2,400.00 | 4,867.93 | 7,125.00 | -291.95 | -1,420.06 | -441.75 | -103.31 | -441.75 | -103.31 | -10.88 | -46.97 |
|  | Overtime | 105.00 | 4,725.00 |  |  |  |  |  |  |  |  |  |  |
| HEIMGARTNER / Leonard J. Heimgartner / XXX-XX-1834 / 2500 / 7/21/10 | Regular | 80.00 | 2,400.00 | 3,985.69 | 5,640.00 | -216.22 | -1,006.63 | -349.68 | -81.78 | -349.68 | -81.78 |  |  |
|  | Overtime | 72.00 | 3,240.00 |  |  |  |  |  |  |  |  |  |  |
| HEIMGARTNER / Leonard J. Heimgartner / XXX-XX-1834 / 2630 / 8/4/10 | Regular | 40.00 | 1,200.00 | 2,396.87 | 3,067.50 | -95.53 | -340.43 | -190.19 | -44.48 | -190.19 | -44.48 |  |  |
|  | Overtime | 41.50 | 1,867.50 |  |  |  |  |  |  |  |  |  |  |
| HEIMGARTNER / Leonard J. Heimgartner / XXX-XX-1834 / 2707 / 8/18/10 | Regular | 40.00 | 1,200.00 | 2,897.38 | 3,540.00 | -113.25 | -468.56 | -219.48 | -51.33 | -219.48 | -51.33 |  |  |
|  | Overtime | 52.00 | 2,340.00 |  |  |  |  |  |  |  |  |  |  |
| HEIMGARTNER / Leonard J. Heimgartner / XXX-XX-1834 / 2775 / 8/18/10 | Regular | 80.00 | 2,400.00 | 3,719.57 | 5,212.50 | -194.41 | -899.76 | -323.18 | -75.58 | -323.18 | -75.58 |  |  |
|  | Overtime | 62.50 | 2,812.50 |  |  |  |  |  |  |  |  |  |  |
| HEIMGARTNER / Leonard J. Heimgartner / XXX-XX-1834 / 2988 / 9/2/10 | Regular | 50.00 | 1,500.00 | 1,244.56 | 1,500.00 | -36.75 | -103.94 | -93.00 | -21.75 | -93.00 | -21.75 |  |  |

02/04/2011 09:45 FAX 1 225 231 2301          LWCC                    ☑008

10/7/10 at 08:28:39.88

## TEAM LABOR FORCE, LLC
### Payroll Register
### For the Period From Jan 1, 2010 to Dec 31, 2010

Filter Criteria includes: 1) Employee IDs from HEIMGARTNER to HEIMGARTNER. Report order is by Check Date. Report is printed in Detail Format.

| Employee ID Employee Masked SS No Reference Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross Insurance Soc_Sec_ER K401_ER | State Fed_Income K401 Dental Medicare_ER | Soc_Sec Garnishmen Phone FUTA_ER | Medicare EmployeeAd K401Loan SUI_ER | Garnishmen | EmployeeAd |
|---|---|---|---|---|---|---|---|---|---|---|
| Summary Total 4/1/10 thru 6/30/10 | Regular | 80.00 | 2,400.00 | 3,985.69 | 5,640.00 | -1,006.63 | -349.68 | -81.78 | | |
| | Overtime | 72.00 | 3,240.00 | | -216.22 | -81.78 | -45.12 | -128.59 | | |
| Summary Total 7/1/10 thru 9/30/10 | Regular | 370.00 | 11,100.00 | 18,912.00 | 26,085.00 | -4,229.38 | -1,617.28 | -378.23 | | |
| | Overtime | 333.00 | 14,985.00 | | -948.11 | -81.78 | | -128.59 | | |
| | | | | | -1,817.28 | -373.23 | -10.88 | -46.97 | | |
| Report Date Final Total 1/1/10 thru 12/31/10 | Regular | 450.00 | 13,500.00 | 22,697.69 | 31,725.00 | -5,236.01 | -1,966.96 | -460.01 | | |
| | Overtime | 405.00 | 18,225.00 | | -1,164.33 | -460.01 | -55.00 | -175.56 | | |
| | | | | | -1,966.96 | -460.01 | -55.00 | -175.56 | | |

02/04/2011 09:45 FAX 1 225 231 2301      LWCC      @009

10/7/10 at 08:30:33.38

## TEAM LABOR FORCE, LLC
### Tickets Recorded By
### For the Period From Jan 1, 2010 to Dec 31, 2010

Filter Criteria includes: 1) Employee IDs from HEIMGARTNER to HEIMGARTNER. Report order is by Recorded by ID.

Recorded by ID
Recorded by Name

*(handwritten: "Days worked")*

| Ticket Date | Job ID | AR-Used | Billing Rate | Invoice Number | Unit Durati | Total Unit D | Billing Amo | Total Billing |
|---|---|---|---|---|---|---|---|---|
| 7/23/10 | 06-107-10-09 | Yes | 55.00 | 3-6878 | 12.00 | | 660.00 | |
| 7/24/10 | 06-107-10-09 | Yes | 55.00 | 3-6878 | 8.00 | | 440.00 | |
| 7/25/10 | 06-107-10-09 | Yes | 55.00 | 3-6878 | 8.00 | | 440.00 | |
| 7/26/10 | 07-116-10-09 | Yes | 55.00 | 3-6878 | 8.00 | | 440.00 | |
| 7/27/10 | 07-116-10-09 | Yes | 40.00 | 3-6886 | 13.50 | | 540.00 | |
| 7/27/10 | 07-116-10-09 | Yes | 40.00 | 3-6886 | 16.50 | | 660.00 | |
| 7/29/10 | 07-116-10-09 | Yes | 40.00 | 3-6886 | 16.50 | | 660.00 | |
| 7/29/10 | 07-116-10-09 | Yes | 40.00 | 3-6886 | 10.00 | | 400.00 | |
| 7/30/10 | 07-116-10-09 | Yes | 55.00 | 3-6886 | 7.00 | | 385.00 | |
| 7/30/10 | 07-116-10-09 | Yes | 55.00 | 3-6886 | 17.50 | | 962.50 | |
| 7/31/10 | 07-116-10-09 | Yes | 55.00 | 3-6886 | 17.50 | | 962.50 | |
| 8/1/10 | 07-116-10-09 | Yes | 55.00 | 3-6886 | 17.00 | | 935.00 | |
| 8/2/10 | 07-116-10-09 | Yes | 40.00 | 3-6920 | 14.00 | | 560.00 | |
| 8/3/10 | 07-116-10-09 | Yes | 40.00 | 3-6920 | 14.00 | | 560.00 | |
| 8/4/10 | 07-116-10-09 | Yes | 40.00 | 3-6920 | 12.00 | | 480.00 | |
| 8/4/10 | 07-116-10-09 | Yes | 55.00 | 3-6920 | 2.00 | | 110.00 | |
| 8/5/10 | 07-116-10-09 | Yes | 55.00 | 3-6920 | 13.00 | | 715.00 | |
| 8/6/10 | 07-116-10-09 | Yes | 55.00 | 3-6920 | 12.00 | | 660.00 | |
| 8/6/10 | 07-116-10-09 | Yes | 55.00 | 3-6920 | 12.50 | | 687.50 | |
| 8/7/10 | 07-116-10-09 | Yes | 55.00 | 3-6920 | 12.50 | | 687.50 | |
| 8/8/10 | 07-116-10-09 | Yes | 55.00 | 3-6920 | 12.00 | | 660.00 | |
| 8/9/10 | 07-116-10-09 | Yes | 40.00 | 3-6920 | 9.50 | | 380.00 | |
| 8/10/10 | 07-116-10-09 | Yes | 40.00 | 3-6920 | 12.00 | | 480.00 | |
| 8/11/10 | 07-116-10-09 | Yes | 40.00 | 3-6920 | 8.00 | | 320.00 | |
| 8/14/10 | 07-116-10-09 | Yes | 40.00 | 3-6920 | 10.50 | | 420.00 | |
| 8/15/10 | 07-116-10-09 | Yes | 55.00 | 3-6920 | 10.50 | | 577.50 | |
| 8/16/10 | 07-116-10-09 | Yes | 40.00 | 3-6957 | 12.50 | | 500.00 | |
| 8/18/10 | 07-116-10-09 | Yes | 40.00 | 3-6957 | 12.50 | | 500.00 | |
| 8/23/10 | 07-116-10-09 | Yes | 40.00 | 3-6957 | 12.50 | | 500.00 | |
| 8/24/10 | 07-116-10-09 | Yes | 40.00 | 3-6957 | 12.50 | | 500.00 | |
| 8/25/10 | 07-116-10-09 | Yes | 40.00 | 3-6957 | 12.50 | | 500.00 | |
| | | | | | | 855.00 | | 40,275.00 |
| | | | | | | 855.00 | | 40,275.00 |

02/04/2011 09:46 FAX 1 225 231 2301        LWCC                                    ☑010

10/7/10 at 08:30:33.35

# TEAM LABOR FORCE, LLC
## Tickets Recorded By
### For the Period From Jan 1, 2010 to Dec 31, 2010

Filter Criteria includes: 1) Employee IDs from HEIMGARTNER to HEIMGARTNER. Report order is by Recorded by ID.

Drs wit HD

| Recorded by ID / Recorded by Name | Ticket Date | Job ID | AR Used | Billing Rate | Invoice Number | Unit Durati | Total Unit D | Billing Amo | Total Billing |
|---|---|---|---|---|---|---|---|---|---|
| HEIMGARTNER Leonard J. Heimgart | | | | | | | | | |
| | 8/10/10 | 04-15O-10-09 | Yes | 40.00 | 3-6758 | 14.00 | | 560.00 | |
| | 6/11/10 | 04-15O-10-09 | Yes | 40.00 | 3-6758 | 14.00 | | 560.00 | |
| | 6/12/10 | 04-15O-10-09 | Yes | 40.00 | 3-6758 | 12.00 | | 480.00 | |
| | 6/12/10 | 04-15O-10-09 | Yes | 40.00 | 3-6758 | 12.00 | | 480.00 | |
| | 6/13/10 | 04-15O-10-09 | Yes | 55.00 | 3-6758 | 2.00 | | 110.00 | |
| | 8/14/10 | 04-15O-10-09 | Yes | 55.00 | 3-6758 | 14.00 | | 770.00 | |
| | 6/15/10 | 04-15O-10-09 | Yes | 40.00 | 3-6758 | 14.00 | | 560.00 | |
| | 8/16/10 | 04-15O-10-09 | Yes | 40.00 | 3-6758 | 14.00 | | 560.00 | |
| | 6/16/10 | 04-15O-10-09 | Yes | 55.00 | 3-6758 | 2.00 | | 110.00 | |
| | 6/17/10 | 04-15O-10-09 | Yes | 55.00 | 3-6758 | 12.00 | | 660.00 | |
| | 6/18/10 | 04-15O-10-09 | Yes | 55.00 | 3-6758 | 14.00 | | 770.00 | |
| | 6/19/10 | 04-15O-10-09 | Yes | 55.00 | 3-6758 | 14.00 | | 770.00 | |
| | 6/20/10 | 04-15O-10-09 | Yes | 55.00 | 3-6758 | 12.00 | | 660.00 | |
| | 6/21/10 | 04-15O-10-09 | Yes | 55.00 | 3-6758 | 14.00 | | 770.00 | |
| | 6/22/10 | 06-107-10-09 | Yes | 40.00 | 3-6803 | 14.00 | | 560.00 | |
| | 6/23/10 | 06-107-10-09 | Yes | 40.00 | 3-6803 | 14.00 | | 560.00 | |
| | 6/24/10 | 03-107-10-09 | Yes | 40.00 | 3-6803 | 13.00 | | 520.00 | |
| | 6/24/10 | 06-107-10-09 | Yes | 40.00 | 3-6803 | 12.00 | | 480.00 | |
| | 6/25/10 | 06-107-10-09 | Yes | 40.00 | 3-6803 | 12.00 | | 480.00 | |
| | 6/26/10 | 06-107-10-09 | Yes | 40.00 | 3-6803 | 12.00 | | 480.00 | |
| | 6/27/10 | 06-107-10-09 | Yes | 40.00 | 3-6803 | 1.00 | | 40.00 | |
| | 6/28/10 | 06-107-10-09 | Yes | 55.00 | 3-6803 | 13.00 | | 715.00 | |
| | 6/29/10 | 06-107-10-09 | Yes | 40.00 | 3-6803 | 2.00 | | 80.00 | |
| | 6/30/10 | 06-107-10-09 | Yes | 55.00 | 3-6803 | 10.00 | | 550.00 | |
| | 7/1/10 | 06-107-10-09 | Yes | 55.00 | 3-6803 | 14.00 | | 770.00 | |
| | 7/1/10 | 06-107-10-09 | Yes | 55.00 | 3-6803 | 14.00 | | 770.00 | |
| | 7/2/10 | 06-107-10-09 | Yes | 55.00 | 3-6803 | 12.00 | | 660.00 | |
| | 7/3/10 | 06-107-10-08 | Yes | 55.00 | 3-6803 | 14.00 | | 770.00 | |
| | 7/4/10 | 06-107-10-09 | Yes | 40.00 | 3-6835 | 14.00 | | 560.00 | |
| | 7/5/10 | 06-107-10-09 | Yes | 40.00 | 3-6835 | 14.00 | | 560.00 | |
| | 7/6/10 | 06-107-10-09 | Yes | 40.00 | 3-6835 | 12.00 | | 480.00 | |
| | 7/7/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 14.00 | | 770.00 | |
| | 7/8/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 14.00 | | 770.00 | |
| | 7/8/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 14.00 | | 770.00 | |
| | 7/9/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 14.00 | | 770.00 | |
| | 7/10/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 14.00 | | 770.00 | |
| | 7/11/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 2.00 | | 110.00 | |
| | 7/11/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 2.00 | | 110.00 | |
| | 7/12/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 14.00 | | 770.00 | |
| | 7/13/10 | 06-107-10-09 | Yes | 40.00 | 3-6835 | 12.00 | | 480.00 | |
| | 7/14/10 | 06-107-10-09 | Yes | 40.00 | 3-6835 | 14.00 | | 560.00 | |
| | 7/14/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 14.00 | | 770.00 | |
| | 7/15/10 | 06-107-10-09 | Yes | 40.00 | 3-6835 | 14.00 | | 560.00 | |
| | 7/16/10 | 06-107-10-09 | Yes | 40.00 | 3-6835 | 12.00 | | 480.00 | |
| | 7/19/10 | 06-107-10-09 | Yes | 55.00 | 3-6835 | 2.00 | | 110.00 | |
| | 7/20/10 | 06-107-10-09 | Yes | 40.00 | 3-6878 | 14.00 | | 660.00 | |
| | 7/20/10 | 06-107-10-09 | Yes | 40.00 | 3-6878 | 14.00 | | 680.00 | |
| | 7/21/10 | 06-107-10-09 | Yes | 40.00 | 3-6878 | 14.00 | | 480.00 | |
| | 7/21/10 | 06-107-10-09 | Yes | 55.00 | 3-6878 | 2.00 | | 110.00 | |
| | 7/22/10 | 06-107-10-09 | Yes | 55.00 | 3-6878 | 14.00 | | 770.00 | |

**Randolph H Taylor MD**
102 Thomas Road Suite 117  WEST MONROE, LA  71291
(318) 329-8194  Fax: (318) 329-8196

*January 20, 2012*
*Page 1*
*Chart Document*

**Leonard Heimgartner**
Male  DOB:████1948                          46243

Home: (318) 805-7921

**01/19/2012 - Office Visit: LT Lower leg Examination W/C**
**Provider: Randolph H Taylor MD LLC**
**Location of Care: Randolph H Taylor MD**

<u>**Knee Exam Initial**</u>

**Visit Type:** IME Initial
**Referring Provider:** Workman's Compensation
**Primary Provider:** Randolph H Taylor MD LLC

**CC:** Left Lower Leg Pain Workman's Compensation.

**History of Present Illness:**
I saw Leonard Heimgartner in the office today for a SECOND OPINION.

Procedure for this evaluation:
1. LWCC cover letter reviewed to identify goals for this examination.
2. Patient's verbal history and physical examination obtained without review of available medical records.
3. Medical records available reviewed.
4. Xray(s) and or MRI scan(s) reviewed.
5. Answer LWCC questions.

Patient is a right-handed 63 years old man with the complaint of:  Left lower leg pain

Patient's verbal history:
Onset injury 24 August 2010. Patient was doing cleanup work for the BP oil spill in south Louisiana and he stepped in a hole feeling a pop in the back of his calf with radiation down the medial aspect of his left leg.  Pop occured at the left gastrocnemius muscle tendon junction area.  His entire left lower leg below the knee swelled and later turned green.

Patient was treated initially at West Jefferson Industrial, they did not believe anything was torn. Xray was normal.  Placed on Tylenol.  Patient was off work only the day of the accident.  He returned to work the next day, but he was laid off the boat he was working on.

Patient later was treated in Monroe, LA by St Francis OccuMed where he was checked for a blood clot. Doppler venous ultrasound patient reports was negative.  Patient was sent to physical therapy for 4 to 5 visits then was released to Dr Brian Bullock, MD,orthopaedic surgeon.

Patient was next seen by Dr. Brian Bullock.  MRI at Orthopaedic clinic of Monroe scan was done which showed "something was torn" and patient states that no treatment could be done.  Patient believes that Dr Bullock released him.

Patient was referred to Dr Douglas Brown by LWCC.  Patient believes that Dr Brown concurred with Dr Bullock.

Patient has not returned to any form of work since 24 August 2010.

Current symptoms:
Left calf pain where the pop occured.  Anterior tibial dull "shinbone" pain. He complains of medial ankle soreness.

**Randolph H Taylor MD**
102 Thomas Road Suite 117  WEST MONROE, LA  71291
(318) 329-8194  Fax: (318) 329-8196

*January 20, 2012*
Page 2
Chart Document

**Leonard Heimgartner**
Male  DOB: ▓▓▓/1948                    46243

Home: (318) 805-7921

**Active Medications (reviewed today):**
CYCLOSET 0.8 MG TABS (BROMOCRIPTINE MESYLATE) 1 tablet daily
CRESTOR 10 MG TABS (ROSUVASTATIN CALCIUM) 1 tablet daily
ACTOPLUS MET TABS (PIOGLITAZONE HCL-METFORMIN HCL TABS) 1 tablet daily
BYSTOLIC 5 MG TABS (NEBIVOLOL HCL) 1 tablet daily
ACIPHEX 20 MG TBEC (RABEPRAZOLE SODIUM) 1 tablet daily

**Current Allergies (reviewed this update):**
No known allergies

## Review of Systems

**General**
    Complains of diabetes type 2 and hypertension.
    Denies diabetes insulin dependent, fibromyalgia, rheumatoid arthritis, systemic lupus erythematosus, psoriasis, gout, pain management, rash, osteoporosis, hypothyroidism, anemia, easy bruising, easy bleeding, alcoholism, HIV/AIDS, and drug addiction.

**HEENT**
    Denies sinus infection, false teeth, bridge, glasses, contact lenses, blindness RT eye, blindness LT eye, cataracts, lens implant RT eye, lens implant LT eye, glasses, deafness RT ear, deafness LT ear, hearing aids, migrane headaches, and TMJ syndrome.

**Heart**
    Denies heart stent(s), CABG, chest pain, heart attack, congestive heart failure, atrial fibrillation, murmur, mitral valve prolapse, iregular heart beat, legs swell, pacemaker, defibrillator, and cardiac arrest.

**Lungs**
    Denies sleep apnea, CPAP machine at night, BIPAP machine at night, asthma, wheezing, breathing treatment at home, shortness of breath, leg blood clots, pulmonary embolus, COPD, emphysema, use of inhalers, pulmonary fibrosis, and asbestosis.
    Dry Cough

**GI**
    Denies arthritis medicines bother my stomach, ulcers, GI bleeding, GI bleeding due to anti inflammatories, reflux esophagitis, GERD, weight loss, liver problems, hepatitis A, hepatitis B, hepatitis C, cirrhosis, hiatal hernia, diverticulosis(itis), irritable bowel syndrome, Crohn's disease, ulcerative colitis, rectal bleeding, and hemmorhoids.

**GU Male**
    Denies urinary frequency, prostate problems, prostate cancer, prostate benign hypertrophy, trouble urinating, burning, blood in urine, kidney stones, chronic renal failure mild II, chronic renal failure moderate III, and end stage renal failure with dialysis V.

**Ortho**
    Denies post operative infection, Methicilin resistant staph infection(s), and skin infection(s).

**Neuro**
    Denies poor balance, stroke, TIA, seizure disorder, Alzheimer's disease, dementia, brain tumor,

**Randolph H Taylor MD**
102 Thomas Road Suite 117  WEST MONROE, LA  71291
(318) 329-8194  Fax: (318) 329-8196

*January 20, 2012*
*Page 3*
*Chart Document*

**Leonard Heimgartner**                                    Home: (318) 805-7921
Male  DOB: �Illll/1948                     46243

peripheral neuropathy of feet, diabetic peripheral neuropathy of feet, Parkinson's disease, and polio.

**Psych**
    Denies anxiety, depression, panic attacks, and psychiatric illness.

## Risk Factors:

Tobacco use:  never smoker
Passive smoke exposure:  no
Drug use:  no
HIV high-risk behavior:  no
Caffeine use:  1 drinks per day
Alcohol use:  yes
    Type:  Beer
    Drinks per day:  0
    Has patient –
        Felt need to cut down:  no
        Been annoyed by complaints:  no
        Felt guilty about drinking:  no
        Needed eye opener in the morning:  no
    Counseled to quit/cut down alcohol use:  yes
Exercise:  yes
    Times per week:  3
    Type:  walking
Seatbelt use:  100 %
Sun Exposure:  occasionally

Family History Risk Factors:
    Family History of MI in females < 65 years old:  no
    Family History of MI in males < 55 years old:  no

## Family History:
    FH of Anesthesia Problems: Negative
    FH of Bleeding disorder: Negative
    FH of Cancer: Negative
    FH of Diabetes: Mother AODM type 2, Father AODM, Brother AODM type 2. Wife AODM insulin
dependent
    FH Coronary Heart Disease in a male before age 55: Negative.
    FH Coronary Heart Disease in a female before age 65: Negative
    FH of Osteoporosis: Negative
    FH of Rheumatoid Arthritis: Negative

## Social History:
    White
    Male
    Patient is married.
    Patient has no children.
    Lives with:  Wife
    Patient is disablity since August 24 2010.

**Randolph H Taylor MD**
102 Thomas Road Suite 117  WEST MONROE, LA  71291
(318) 329-8194  Fax: (318) 329-8196

*January 20, 2012*
Page 4
Chart Document

**Leonard Heimgartner**
Male  DOB: ████/1948                    46243

Home: (318) 805-7921

Prior Occupation: Team Labor Force subcontracted to British Petroleum
Right Handed

## Past Surgical History:
None

## Vital Signs:

Patient Profile: 63 Years Old Male
Height:          66.5 inches
Weight:          202 pounds
BMI:             32.23
BSA:             2.02
Pulse rate:      72 / minute
BP sitting:      185 / 72  (left arm)

Pt. in pain?     yes
  Location:      lower leg
  Intensity:     4
  Type:          sharp, dull

## Foot/Ankle Exam

**General:**
  Well-developed, well-nourished, in no acute distress; alert and oriented x 3.

**Gait:**
  Left limp.

**Skin:**
  Intact with no erythema; no scarring.

**Inspection:**
  Plantigrade foot with normal alignment of leg, ankle, hindfoot, and foot.

**Palpation:**
  Left gastrocnemius indention near  the musculotendinous junction

**Vascular:**
  Dorsalis pedis and posterior tibial pulses 2+ and symmetric, capillary refill < 2 seconds, normal hair pattern, no evidence of ischemia.

**Sensory:**
  Normal except slightly decreased sensation of the plantar left foot

**Motor:**
  Motor strength 5/5 bilaterally for quadriceps, hamstrings, ankle dorsiflexion, ankle plantar flexion,

01/26/2012 08:12 AM

**Randolph H Taylor MD**
102 Thomas Road Suite 117  WEST MONROE, LA 71291
(318) 329-8194  Fax: (318) 329-8196

January 20, 2012
Page 5
Chart Document

**Leonard Heimgartner**
Male  DOB: ████/1948                    46243

Home: (318) 805-7921

hindfoot eversion, hindfoot inversion, EHL (extensor hallicus longus), and FHL (flexor hallicus longus).

**Reflexes:**
   RT patellar 2+, RT achilles 2+, LT patellar 2+,
and LT achille's 0.

**Ankle Exam:**
   **Right:**
Symptomatic:  NO
Palpation:  Normal
Stability:  stable
Tenderness:  none
Swelling:  none
Erythema:  none
Calf measurements:
5  cm below tibial tubercle: 35.5 cm
10 cm below tibial tubercle: 37.2 cm
15 cm below tibial tubercle: 33.0 cm

   Range of Motion:
      Dorsiflexion (20): 20
      Plantarflexion (40): 40
      Eversion (15): 15
      Inversion (30): 30
      Adduction (20): 20
      Abduction (10): 10
      Hindfoot(Neutral): Neutral
      Ligament tenderness: None
      Fibular syndesmosis: Non tender
      Plantar fascia: Non tender
      Lateral plantar nerve: Non tender
      Tarsal tunnel tinel's: Negative
   **Left:**
Symptomatic: YES
Palpation: Normal
Stability: stable
Tenderness: none
Swelling: none
Erythema: none
Calf measurements:
5  cm below tibial tubercle: 36.5 cm
10 cm below tibial tubercle: 38.0 cm
15 cm below tibial tubercle: 28.0 cm

   Range of Motion:
      Dorsiflexion (20): 20
      Plantarflexion (40): 40
      Eversion (15): 15
      Inversion (30): 30
      Adduction (20): 20
      Abduction (10): 10

01/26/2012 08:12 AM

**Randolph H Taylor MD**
102 Thomas Road Suite 117  WEST MONROE, LA  71291
(318) 329-8194  Fax: (318) 329-8196

*January 20, 2012*
*Page 6*
*Chart Document*

**Leonard Heimgartner**
Male  DOB: ▆▆▆/1948                    46243

Home: (318) 805-7921

Hindfoot(Neutral): Neutral
Ligament tenderness: None
Fibular syndesmosis: Non tender
Plantar fascia: Non tender
Lateral plantar nerve: Non tender
Tarsal tunnel tinel's: Negative

**Foot Exam:**
**Right:**
Symptomatic:  NO
Palpation:  Normal
Stability:  stable
Tenderness:  no
Swelling:  no
Erythema:  no
Range of Motion:
    Hallux MTP Dorsiflex-Active: 60
    Hallux MTP Plantar Flex-Active: 45
    Hallux IP-Active: full
**Left:**
Symptomatic: YES
Palpation:  Normal
Stability:  stable
Tenderness:  no
Swelling:  no
Erythema:  no
Range of Motion:
    Hallux MTP Dorsiflex-Active: 60
    Hallux MTP Plantar Flex-Active: 45
    Hallux IP-Active: full

**Tinel's of Foot:**
Tinel's positive on the right and left posterior tibial nerve at tarsal tunnel.

**Assessment & Plan:**

**Status of Existing Problems:**
1) Assessed Obesity, Class I As Comment Only - randolph H Taylor MD Llc - Signed
2) Assessed Diabetes Mellitus, Type Ii As Comment Only - randolph H Taylor MD Llc - Signed
3) Assessed Hypertension As Comment Only - randolph H Taylor MD Llc - Signed
4) Assessed Place Of Occurrence Industrial Places&premises As New - randolph H Taylor MD Llc - Signed
5) Assessed Left Calf Pain, Chronic As New - randolph H Taylor MD Llc - Signed

**Medical Problems Added:**
1) Dx of Place of Occurrence Industrial Places&premises  (ICD-E849.3)
2) Dx of Left Calf Pain, Chronic (ICD-719.46)
3) Dx of Obesity, Class I (ICD-278.02)
4) Dx of Diabetes Mellitus, Type II (ICD-250.00)

· **Randolph H Taylor MD**
102 Thomas Road Suite 117  WEST MONROE, LA  71291
(318) 329-8194  Fax: (318) 329-8196

*January 20, 2012*
Page 7
Chart Document

**Leonard Heimgartner**
Male  DOB: ▓▓▓▓/1948                    46243

Home: (318) 805-7921

5) Dx of Hypertension  (ICD-401.9)

**Updated Medical Problems:**
1) Dx of Place of Occurrence Industrial Places&premises  (ICD-E849.3)
2) Dx of Left Calf Pain, Chronic  (ICD-719.46)
3) Dx of Obesity, Class I  (ICD-278.02)
4) Dx of Diabetes Mellitus, Type II  (ICD-250.00)
5) Dx of Hypertension  (ICD-401.9)

**New Prescriptions/Refills:**
1) Cycloset 0.8 Mg Tabs (Bromocriptine mesylate) .... 1 tablet daily
2) Crestor 10 Mg Tabs (Rosuvastatin calcium) .... 1 tablet daily
3) Actoplus Met Tabs (Pioglitazone hcl-metformin hcl tabs) .... 1 tablet daily
4) Bystolic 5 Mg Tabs (Nebivolol hcl) .... 1 tablet daily
5) Aciphex 20 Mg Tbec (Rabeprazole sodium) .... 1 tablet daily

**Current Medication List:**
1) Cycloset 0.8 Mg Tabs (Bromocriptine mesylate) .... 1 tablet daily
2) Crestor 10 Mg Tabs (Rosuvastatin calcium) .... 1 tablet daily
3) Actoplus Met Tabs (Pioglitazone hcl-metformin hcl tabs) .... 1 tablet daily
4) Bystolic 5 Mg Tabs (Nebivolol hcl) .... 1 tablet daily
5) Aciphex 20 Mg Tbec (Rabeprazole sodium) .... 1 tablet daily

**New Orders:**
1) Office Consult, Level V [CPT-99245]

**Disposition:** no follow-up planned

**Additional Plan/Instructions:**
1) I reviewed all available medical records and the MRI scan of the left lower leg of 13 May 2011.
2) Issues to be addressed:
3) 1. What is the claimant's diagnosis and prognosis?
4) Diagnosis: Left calf strain due to workman's compensation reported injury of 24 August 2010.
5) Prognosis:  This injury typically is healed at 8 weeks post injury and most patients have returned to work by 8 weeks.
6) 2.  What would be a medically reasonable and necessary plan for future treatment?  Please address diagnostic testing, medications, and surgical procedures as part of your answer.
7) Answer:  No further treatment, diagnostic testing, medications or surgical procedures are indicated.
8) 3.  Is the claimant at MMI?
9) Answer:  Yes.
10) 4.  What are the claimants' functional abilities?  Is the claimant able to work in any capacity?
11) Answer:  At 8 weeks and maximally 12 weeks post injury, the patient's functional abilities should have been at 90 % or greater.  At this time, some 17 months post reported injury, he should have normal functional abilities without significant limitations.  This patient should be capable at this time of performing any time of work in any capacity without left leg limitations.
12) This completes my evalutaion.
13) Sincerely,
14) Randolph H. Taylor, M.D.

]

01/26/2012 08:12 AM

**Randolph H Taylor MD**                                    *January 20, 2012*
102 Thomas Road Suite 117  WEST MONROE, LA  71291              Page 8
(318) 329-8194  Fax: (318) 329-8196                        Chart Document

**Leonard Heimgartner**                                    Home: (318) 805-7921
Male  DOB: ████/1948                    46243

**Electronically signed by Randolph H Taylor MD LLC on 01/20/2012 at 5:15 PM**

10/19/2011 03:57 PM

# Douglas C. Brown, M.D.

(A Medical Corporation)

dba Orthopaedic Center of Monroe

**Douglas C. Brown, M.D., F.A.C.S., FAAOS**
**Fletcher S. Sutton, Jr., MD., FAAOS**
**Stephanie B. Spangler, PA-C**

312 Grammont Street, Suite 302                          (318) 323-6603
Monroe, Louisiana 71201                               Fax (318) 387-3601

October 11, 2011

LWCC
P. O. Box 98054
Baton Rouge, LA 70898
ATTN: Courtney Adams

WORKER'S COMP / SECOND MEDICAL OPINION

**RE:   LEONARD HEIMGARTNER**

CLAIM NO.: 159516
DATE OF INJURY: 8/24/10
PART OF BODY INJURED: Left leg

**HISTORY GIVEN BY PATIENT:**
This 63-year-old male working for Team Labor Force doing cleanup work after the BP oil spill apparently stepped in a hole on the date noted above feeling a popping in the back of his left calf down the medial aspect of his left leg. He was initially seen in south Louisiana and told he might have an Achilles tendon tear. Subsequently he has been seen and followed by orthopedic surgeon Brian Bulloch after going to St. Francis Occumed where the problem was also noted. In the interim he had a venous ultrasound revealing no evidence of deep venous thrombosis.

The patient had marked swelling and black and blue changes in the left leg occurring immediately after the accident.

Subsequently, Dr. Bulloch obtained an MRI which showed an intact Achilles tendon. The patient has now completed some months of physical therapy and other activities and apparently has been essentially released. Now he is being seen for the purpose of assessing any impairment and long term problems. The patient's questions will be addressed.

Records have been reviewed from Dr. Steve Warren from Occumed and from Dr. Brian Bulloch.

PAGE 2 .                                              10/11/11

WORKER'S COMP / SECOND MEDICAL OPINION
LEONARD HEIMGARTNER


**PAST HISTORY:**
ILLNESSES:  Heart problems.
SURGERY:  None.
ALLERGY:  None.
MEDICINE:  Ibuprofen.


**REVIEW OF SYSTEMS:**
No EENT, CVR, GI or GU complaints.  He does complain of "psychological" problems.


**FAMILY HISTORY:**
Heart and diabetes.


**SOCIAL HISTORY:**
Drinks; doesn't smoke.
Married, no children.
He had worked for Team Labor Force for four months regarding the oil spill.  Other than that he
says that he has worked as a safety manager and had been self-employed.

VISUAL ANALOG SCALE:  5/10 notes some aching in the medial left calf and ankle.

His current exercise is on the treadmill.


**PHYSICAL EXAMINATION:**
5'7" 185 pound 63-year-old.
Blood pressure is 124/96.
Gait is normal.
Heel and toe balance is intact.
He bends over 90 degrees.
He arises on each foot independently.
Cervical and dorsal exams are normal.
Lumbar spine is non-tender.
Straight leg raising is negative.
Reflexes arms and legs are normal.


Left calf is 1" larger than the right.
Motor power is good.
Plantar flexion strength is good.


The patient describes tenderness along the medial aspect of the gastrocnemius but there is no
point tenderness at this time.

PAGE 3                                                          10/11/11

WORKER'S COMP / SECOND MEDICAL OPINION
LEONARD HEIMGARTNER


**IMPRESSION:**
Healed left plantaris tendon rupture.

**PLAN:**
This patient is now at maximum medical improvement. His treatment has been reasonable. He
has no functional limitation at this time. He is capable of working full duty at a normal level of
work. There is no disability rating for this injury.
The patient is discharged and should be able to function well without need for any future medical
care regarding his left leg.

Sincerely yours,

Douglas C. Brown, M.D.

DCB/kg

North Louisiana Orthopaedic & Sports Medicine Clinic
1501 Louisville Ave.
Monroe, LA 71201
phone: 318-323-8451
fax    : 318-361-2613

| | |
|---|---|
| **Patient:** | **408784 - Leonard Heimgartner** |
| **Date of Birth:** | **████/1948** |
| **SSN:** | **\*\*\*-\*\*-1834** |

| | |
|---|---|
| **Date:** | **07/18/2011** |
| **Provider:** | **R B. Bulloch MD** |
| **Encounter:** | **Follow-Up** |

**Reason For Visit**
Recheck right knee pain-

**Active Problems**
• Disorders of Soft Tissue, Unspecified
• Sprain of Knee & Leg Nos

**History of Present Illness**
Mr. Heimgratner returns after his FCE an Impairment Rating done through Therapy Works.  Obviously, he did not give a full effort.  The interpreter's impression of unreliable effort although he did achieve 74% variably there was evidence of symptom modification and the higher pain perception to what his discomfort allowed.  His heart rate did not approach the maximum level expected from the computer analysis as well. He tested at sedentary to light.  The examiner thought he could at least do light duty activities, lifting up to 20 pounds.  He was allowed to sit or stand for three or four hours at a time.  Bending and squatting occasional, as well as stair climbing and ladder climbing.  Reaching up and reaching out were allowed frequently.  His impairment rating is listed at only 1%, probably appropriate, regarding his left lower extremity and his whole person impairment.

**Current Medication**
• Bystolic 5 MG TABS, , 0 days, 0 refills
• Crestor 10 MG TABS, , 0 days, 0 refills

**Social History**
Behavioral:  Not a current smoker.

**Allergies**
• No Known Allergies

**Physical Findings**

So at this point, we have evidence of a gentleman with some degree of symptomatic magnification who provided a suboptimal effort on his FCE but he is declared at MMI

**Patient:**          **408784 - Leonard Heimgartner**
**Date of Birth:**    ████/1948
**SSN:**              ***-**-1834

**Date:**             **07/18/2011**
**Provider:**         **R B. Bulloch MD**
**Encounter:**        **Follow-Up**
**Referring Provider:** **Stephen Horne**

and relates to work at a light duty level U.S. Department Labor of Standards and the FCE will be signed off upon, as well as the impairment rating. From my standpoint, he can return to work at the FCE restrictions at any time.

**R Brian Bulloch MD**
Electronically signed by: R. Brian Bulloch, M.D.    Date: 07/19/2011 15:48

Electronically approved by: R. Brian Bulloch, M.D.    Date: 07/19/11 15:48

# THERAPY WORKS, INC.
## 100 SOUTH SECOND STREET
## MONROE, LA 71201

JoJo Mercado, RPT, CDE II
Certified Disability Evaluator

Debi Balch, LOTR, CDE II
Certified Disability Evaluator

Ph(318)398-9675  Fax(318)398-9295

### IMPAIRMENT RATING

**PATIENT:** Leonard Heimgartner
**DIAGNOSIS:** Chronic Gastrocnemius Muscle Strain
**PHYSICIAN:** Brian Bulloch, MD.
**DATE:** 06/21/2011

Dear Dr. Bulloch:

Thank you for the referral of Mr. Heimgartner for an impairment rating. This rating was performed in relation to the work related injury he sustained on 08/24/2010. After careful review of the clinical notes, FCE and physical examination it was determined that the best approach to utilize for determining Mr. Heimgartner's level of impairment was the use of Diagnosis-based impairment (DBI). **Table 16-2 Foot and Ankle Regional Grid (LEI).** This rating was calculated using the *AMA Guides to the Evaluation of Permanent Impairment, 6th Edition* and is contingent upon your approval.

**1% LEI**-Lower Extremity Impairment or **1% WPI** - Whole Person Impairment.

**Regional Impairment: Diagnosis:** Left Gastrocnemius Strain and per criteria of "significant consistent palpatory findings/and or radiographic findings" assigned to **Class 1** with a mid-range default value of 1% LEI.

**GMFH:** Grade modifier 1-Mild problem. Antalgic limp with asymmetric shortened stance. Interference with the vigorous or extreme use of the limb only. (Table 16-6 page 516).

**GMPE:** Grade modifier 1-Mild problem. Minimal palpatory findings consistently documented without observed abnormalities. (Table 16-7 page 517).

**GMCS:** Grade modifier 1- clinical studies confirmed diagnosis; mild pathology. (Table 16-8 page 519).

Numerical Adjustment is **0** no adjustment necessary.

Refer below for adjustment Grid calculation

| Class of Diagnosis CDX | Grade Modifier for Functional History GMFH | Grade Modifier for Physical Exam GMPE | Grade Modifier for Clinical Studies GMCS |
|---|---|---|---|
| 1 | 1 | 1 | 1 |

(GMFH - CDX)   (1 - 1) = 0
+ (GMPE - CDX)   + (1 - 1) = 0
+ (GMCS - CDX)   + (1 - 1) = 0

Net adjustment = 0

Continued next page...

Page 2
Impairment
L. Heimgartner

**Symptoms:** Mr. Heimgartner reported significant pain and tenderness left calf area that limits his functional capacity. He reported limited standing and walking capability. He has been off work since the injury.

**Physical Examination:** Tenderness noted posterior calf and along the proximal gastrosoleus musculature. He has no atrophy and his motor strength is normal. AROM are within normal limits in his left knee and ankle and is equal bilaterally. Gait appeared normal until midway through the FCE when he had a mild limp.

**Clinical Studies:** MRI result on 05/13/2011 indicated no evidence of gastrocnemius-soleus strain. There was a low signal thickening of the soleus tendon cephalad to the Achilles and deep to the medial head of the gastrocnemius, which would be consistent with **chronic tendinitis**.

Again, we thank you for the referral. Please feel free to contact me if questions arise regarding this rating.

Respectfully,

Jojo Mercado, RPT, CDE II
Certified Disability Evaluator

# THERAPY WORKS, INC.
## 100 SOUTH SECOND STREET
### MONROE, LA 71201

JoJo Mercado, RPT, CDE II
Certified Disability Evaluator

Debi Balch, LOTR, CDE II
Certified Disability Evaluator

Ph(318)398-9675  Fax(318)398-9295

## FUNCTIONAL CAPACITY EVALUATION

**NAME:**  Leonard Heimgartner
**DIAGNOSIS:** Chronic Gastrocnemius Muscle Strain
**PHYSICIAN:** Brian Bulloch, MD.
**DATE:**  06/21/2011

Dear Dr. Bulloch:

Thank you for the referral of Mr. Heimgartner for a Functional Capacity Evaluation. The examination protocol used to determine this worker's ability to work was the National Association of Disability Evaluating Professionals (NADEP) protocol, which is researched-based out of Southern Illinois University. In order for the overall test to be considered reliable, **75% of the tests administered should satisfy validity criteria.** Reliability and validity of effort was also determined based on behavioral profile that includes profiles for Symptom/Disability Exaggeration, non-organic sign profile, heart rate response to stress and exertion and overall presentation in terms of responding to physical activities. They are based on published research and are not subject to evaluator bias. Percentage of valid test based on COV (Coefficient of Variation) is 74% (14 out of 19). After careful examination of all the parameters and overall test results, it is my conclusion that this worker demonstrated **unreliable** presentation of ability characterized by diminished effort and biased by disability behavior.

Based on the efforts demonstrated this date, this worker qualifies for a work capacity characterized by the **Sedentary-Light PDL** for lifting activities above and below the waist level. This was determined by comparing this worker's greatest acceptable weighted activity to the **Physical Demand Levels as defined in the United States Department of Labor's Dictionary of Occupational Titles 4th edition (DOT).** However, this cannot be truly defined since his effort is considered **unreliable.** His effort during the entire test was self-limited and suggestive of regulated effort that was purposefully less than that of his true ability. There were no signs of muscle recruitment, postural overload and changes in his performance that would indicate maximum effort during the test. One of the more overt signs of feigned effort is evidenced by lack of response to purported physical effort, or exertion level by the heart. Please note that there was no significant elevation in his heart rate while he was "struggling" during the test with reports of intense discomfort. His maximum permissible heart rate of **134 bpm** was never reached the entire test. Maximum recorded heart rate was **96 bpm.** Population studies indicate that an appropriate elevation of the heart rate should follow a maximal whole body exertion, or if a person is in pain. His heart rate did not respond accordingly to his stress behavior. This phenomenon is in violation of the studies by Muthe 1981, the material handling and lifting studies conducted by Chaffin et al. at the University of Michigan and those conducted by National Institute of Occupational Safety and Health. His performance appeared to be somewhat risky in regards to his awareness of lifting techniques and proper body mechanics. His pain rating indicated **high pain perception.**

**Summary/Recommendation:** Mr. Heimgartner meets criteria that suggest **symptom magnification.** It is defined as conscious or unconscious self-destructive socially reinforced behavioral response pattern consisting of reports or displays of symptoms which function to control the life circumstances of the sufferer (Matheson 1987). This type of behavior generally represents an obstacle to an effective conservative rehabilitation and return to work decisions.

Continued next page…

**Page 2**
**FCE**
**L. Heimgartner**

It is recommended that further psychological testing be performed to determine whether this worker is out for secondary gain or has poor perception of pain as it relates to function. Unless the appropriate party addresses these non-pathological barriers, a depiction of his actual and true functional capacity cannot be determined. In my opinion, transitional or modified duty work opportunities could be explored for this worker at least at the **Light PDL.** This was identified based on **best-depicted effort** but no validity can support this starting point. Research shows that work participation from injured workers considerably shows higher success of recovery than those who stay at home. The above recommendation is contingent upon your (Dr. Bulloch's) approval.

Any medical recommendations offered are provided as guidance and not as medical orders. The opinions expressed do not constitute a recommendation that specific claim or administrative action be made or enforced.

Please refer to attached computerized test results that support the determination of this worker's work capacity. Please feel free to contact me at your convenience should you have any questions regarding this evaluation.

Respectfully,

JOJO MERCADO, RPT. CDE II

Page 3
FCE
L. Heimgartner

**Behavioral Profile:** Prior to testing, this worker completed questionnaires to determine his perspective of his symptoms and disabilities. His subjective activity chart documented significant changes and increased symptom response to (18 of 18) in the chart, which are typical of daily living as well as work activities. According to the PACT Spinal Function Sort, he perceived himself as **DISABLED**. The lowest score for this test was **100-110**, which places the worker's perception of their ability to be at the SEDENTARY PDL. He scored **22** on this test.

**Borg's scale:** The patient was instructed to rate his pain according to Borg's numeric pain scale ranging from 0 (no pain) to 10 (maximal pain). If patient reports pain levels of 6 or more, this would indicate symptom magnification.

Pain during testing: **5-8**
Past 30 days: Best: **3**      Worst: **5**

**Ransford Quantified Pain Drawing:** This is a well recognized pain drawing system that has been correlated to the standard MMPI test to screen out 93 percent of those patients who are likely to have poor psychometrics regarding their injury without using complicated scoring system. The patient was asked to complete a pain drawing by utilizing 4 distinct symbols to indicate numbness, pins and needles, burning or stabbing. The drawing is then scored according to expected anatomical pain distribution. Scores of 1 or 2 on the pain drawing have been closely correlated to normal MMPI indicating a valid response. Scores of 3 or more indicate poor psychometrics and are used to identify patients who more than likely are not psychologically prepared to benefit from conservative rehabilitation.

Patient score: 3

**MAXIMUM VOLUNTARY EFFORT TESTING:** Mr. Heimgartner's grip strength was tested in all five positions of the dynamometer. A bell shaped curve is typically indicative of maximum voluntary effort for both injured and uninjured people alike (Stokes, 1983). **9 of 10** tests performed met the COV validity criteria. Rapid Exchange Grip Test (REG) was also used to determine this worker's level of effort. Due to the minimized time of muscle recruitment, forces generated during REG at a specific dynamometer setting should not exceed those values seen during the 5 position test performed at the same setting (Hildreth, 1989). Result of 5-point indicated **invalid** efforts and REG indicated **valid** efforts.

| STATIC ACTIVITIES | 0-1 Hour | 1-2 Hours | 3-4 Hours | 5-6 Hours | 7-8 Hours |
|---|---|---|---|---|---|
| Sitting | | | XX | | |
| Standing | | | XX | | |

Comments: Mr. Heimgartner was observed to sit and stand for 2-3 hours during the FCE and in the waiting room while filling out questionnaires. He indicated significant limitation in standing and walking.

**ANKLE RANGE OF MOTION:** Left ankle AROM within normal limits in all planes of motion.

Continued next page…

Page 4
FCE
L. Heimgartner

| HAND FUNCTION | Cannot Use | Fine Manipulation | Heavy Grasp | No Restrictions |
|---|---|---|---|---|
| Left | | | | XX |
| Right | | | | XX |

| NON-MATERIAL HANDLING ACTIVITIES | Never (0%) | Occasional (1-33%) | Frequent (34-66%) | Constant (67-100%) |
|---|---|---|---|---|
| Bending | | XX | | |
| Squatting | | XX | | |
| Reaching up | | | XX | |
| Reaching out | | | XX | |
| Stair climbing | | XX | | |
| Ladder Climb | | XX | | |

Comments: He reported increased pain during all activities but not just to his left leg but also to his right shoulder. According to him, the shoulder has been bothering him but is not related to the work injury.

**LIFT EVALUATION:** NIOSH has determined that a minimum of the 25th percentile should be demonstrated for the worker to safely perform the lift on the job (Work Practices Guide for Manual Lifting). The results of this testing indicate that this worker was at the < 10% for all the NIOSH Lifts. Dynamic rating based on NIOSH lifts qualifies him at the **Light PDL** for lifting activities above and below the waist up to 35 lbs.

**DYNAMIC LIFTING:** He demonstrated the ability to lift **20 lbs** from knee to waist level, waist to shoulder level and from the floor to 30" shelf carry 5 times each with a time limit of 60 to 90 seconds. His performance appeared to be somewhat risky in regards to his awareness of lifting techniques and proper body mechanics.

**ENDURANCE TEST:** Treadmill Test was administered. His pre-test heart rate was **80 bpm** and his pain level was 7. He terminated the test after 1 **minute** and **48 seconds** with a pain level of **8** and a heart rate of **88 bpm**. His maximum permissible heart rate is **134 bpm**. Effort was considered self-limited.

**NORTH LOUISIANA
ORTHOPAEDIC AND SPORTS MEDICINE CLINIC**
1501 Louisville Avenue, Monroe, Louisiana 71201
Phone: (318) 323-8451    Fax: (318) 361-2613

<u>**MRI REPORT**</u>

<u>**DATE:**</u> 05/13/2011  <u>**PATIENT NAME:**</u> Leonard Heimgartner (408784)

<u>**REFERRING PHYSICIAN:**</u> R. Brian Bulloch, M.D.

<u>**ALL REPORTS THAT ARE NOT SIGNED ARE PRELIMINARY:**</u>

<u>**EXAM:**</u> MRI OF THE LEFT LOWER LEG WITHOUT CONTRAST.

<u>**HISTORY:**</u> Swelling in the left leg and ankle.  Gastrocnemius muscle strain.

<u>**TECHNIQUE:**</u> The lower leg was imaged using T1W, T2W, and STIR sequences.

Several of the sequences include comparison images of the right lower leg.

<u>**FINDINGS:**</u>  No edema is present within the medial or lateral heads of the gastrocnemius muscle.  No edema within the soleus muscle.  No hematoma or edema within the adjacent fascial planes.  The plantaris tendon is not well seen, but thought to be intact.  There is low signal thickening of the very upper aspect of the Achilles tendon along the superficial margin of the soleus muscle.  Further inferiorly near the myotendinous junction and inferior to that the Achilles tendon is normal and symmetric with the other wise.  This more cephalad aspect of the tendon is much thicker and lower in signal than on the contralateral side.  No other abnormalities are identified.  There is no subcutaneous edema.  The marrow signal within the tibia and fibula is normal.  The anterior compartment is unremarkable.

<u>**IMPRESSION:**</u>
1.      No evidence of gastrocnemius – soleus strain.  There is thickening of the soleus tendon cephalad to the Achilles and deep to the medial head of the gastrocnemius.  This low signal thickening would be consistent with chronic tendinitis.


John Davis, M.D.

North Louisiana Orthopaedic & Sports Medicine Clinic
1501 Louisville Ave.
Monroe, LA 71201
phone: 318-323-8451
fax    : 318-361-2613

58116

| | |
|---|---|
| **Patient:** | **408784 - Leonard Heimgartner** |
| **Date of Birth:** | **█████/1948** |
| **SSN:** | **\*\*\*-\*\*-1834** |

| | |
|---|---|
| **Date:** | **05/18/2011** |
| **Provider:** | **R B. Bulloch MD** |
| **Encounter:** | **Follow-Up** |

**Reason For Visit**
Here for MRI results right lower leg

**Active Problems**
- Disorders of Soft Tissue, Unspecified
- Sprain of Knee & Leg Nos

**History of Present Illness**
Mr. Heimgartner returns for the MRI results of his left lower extremity. The finding here is that the gastrocsoleus complex was intact. The gastroc itself was perfectly fine but there was thickening of the soleus tendon cephalad to the Achilles' and deep to the medial head of the gastroc suggesting chronic tendinitis. He is certainly not a surgical lesion and no other significant abnormalities are noted on the MRI of the left lower extremity.

**Assessment:**
That is a reason for him to have pain and I do not have a way to change it other than what we have been doing at this point which were some anti-inflammatory medication, maybe some muscle relaxers, physical therapy and time. Well, it has been quite a while since he had his injury, now about nine months. He is now definitely at MMI.

**Recommendations:**
I do not recommend any other treatment for him. He feels like he is not capable of going back to work at his previous occupation. As such, I feel as though an FCE and Impairment rating is in his best interest. I will see him back once these studies are available for review and then we will release him back to work at the FCE restrictions.

**Current Medication**
- Bystolic 5 MG TABS, , 0 days, 0 refills
- Crestor 10 MG TABS, , 0 days, 0 refills

**Social History**
Behavioral: Not a current smoker.

Patient:                        408784 - Leonard Heimgartner
Date of Birth:            ████1948
SSN:                           ***-**-1834

Date:                          05/18/2011
Provider:                    R B. Bulloch MD
Encounter:                 Follow-Up
Referring Provider:    Stephen Horne

**Allergies**
• No Known Allergies

**Plan**

- **Sprain of Knee & Leg Nos**
  Therapy/Physical Therapy: Evaluate and Treat

**R Brian Bulloch MD**
Electronically signed by: R. Brian Bulloch, M.D.    Date: 05/20/2011 12:36

cc: LWCC

Electronically approved by: R. Brian Bulloch, M.D.    Date: 05/20/11 12:36

58117

*North La Orthopaedic & Sports Medicine Clinic*
(318) 323-8451
1501 Louisville Ave
Monroe, LA 71201

**Patient:**               **Leonard Heimgartner**
**Date of Birth:**         ████1948
**SSN (last 4 #):**        1834

**Visit Date:**            04/29/2011
**Attending Provider:**    R B. Bulloch MD
**Referring Provider:**    Stephen Horne
..............................................................................................................
**Patient Visit Note**

**Reason For Visit**
Recheck chronic gastroc muscle strain-

**Active Problems**
• **Sprain of Knee & Leg Nos**

   Gastroc strain

**History of Present Illness**
Mr. Heimgartner is a 62-year-old gentleman who I initially began seeing in October
of 2010 after he stepped in a hole several weeks prior to my evaluation. At the time
of our evaluation he had significant tenderness along the proximal and mid gastroc
area and pain in that location as well. He had been to Occu-Med where they
performed a Doppler ultrasound which showed no evidence of a deep venous
thrombosis. Our evaluation then and now still showed discomfort along the proximal
gastrocsoleus musculature. I could not visualize or palpate a palpable defect or any
abnormal function of the gastroc and Achilles. As of my last visit with him back in
December he was still having some pain, but I thought he could go back to gainful
employment then. He is back in today saying that he has not been able to go back
to work and he is having severe pain in the left calf area posteriorly. He wants to be
maintained off work since my last visit until now and I am afraid that I cannot do
that fully as there is no reason why he could not at least do some sort of work in the
interval time.

**Current Medication**
• **Bystolic 5 MG TABS, , 0 days, 0 refills**
• **Crestor 10 MG TABS, , 0 days, 0 refills**

**Physical Findings**
**Physical Examination:**
Examination of Mr. Heimgartner today documents that he does have full range of
motion of the knee and ankle. He is still point tender along the proximal and mid
third of the posterior calf and along the gastrocsoleus musculature today. He does
have active gastrocsoleus motor function and I still feel no palpable defects in the
musculature itself. Having said that he is very uncomfortable. He still has a slight
amount of soft tissue edema in the left lower extremity that is certainly not severe
and no than trace positive, but I do see a little bit of edema here.

**Assessment & Plan:**
He is asking what can be done to make it better and an honest answer is I am not
sure if that is a possibility other than the treatment we have provided at this point in
time which was physical therapy, antiinflammatories, and time. I am going to go
ahead and arrange for an MRI of his leg looking for significant pathology that could
still be associated with his current symptom complex. I do want to see him back

**Patient Name: Leonard Helmgartner**

**Date: 04/29/2011**

once that is available.  I will hold him off work from now until the MRI results are available for review.

**Plan**

- **Sprain of Knee & Leg Nos**
  Radiology In House/MRI: MRI Lower Leg Left

**R Brian Bulloch MD**
**Electronically signed by: R. Brian Bulloch, M.D.    Date: 05/03/2011 13:12**

Electronically approved by: R. Brian Bulloch, M.D.    Date: 05/03/11 13:12

DATE: 06/22/2018

TIME: 03:16 pm

REPORT: CL150R

PAGE 1

OF 3

## LOUISIANA WORKERS' COMPENSATION CORPORATION

### Claim Payments Report

For Payment Dates 10/01/1992 Through 06/22/2018

For Claim Number 159516

Claimant Heingartner, Leonard

### Medical Payments

| Pymt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|---------|--------|-------------|-------------|---------|---------|----------|
| 03/15/11 | 25556-24 | NORTH LA ORTHO & SPORTS MED REHAB DEPT | $1,285.00 | 10/13/10 | 12/29/10 | 4026580 |
| 04/04/11 | 25556-24 | NORTH LA ORTHO & SPORTS MED REHAB DEPT | $645.00 | 10/20/10 | 11/10/10 | 4031847 |
| 04/04/11 | 25556-9 | BULLOCH, R BRIAN | $172.00 | 10/13/10 | 12/29/10 | 4031803 |
| 04/30/11 | 25556-24 | NORTH LA ORTHO & SPORTS MED REHAB DEPT | $67.00 | 10/27/10 | 11/12/10 | 4038838 |
| 05/06/11 | 25942-5 | HORNE, STEPHEN K. | $393.30 | 08/30/10 | 10/01/10 | 4040755 |
| 05/12/11 | 25942-0 | ST FRANCIS MEDICAL CENTER INC | $428.49 | 08/30/10 | 08/30/10 | 4042280 |
| 05/17/11 | 25556-9 | BULLOCH, R BRIAN | $48.00 | 04/29/11 | 04/29/11 | 4042659 |
| 05/31/11 | 25556-9 | BULLOCH, R BRIAN | $48.00 | 05/18/11 | 05/18/11 | 4046341 |
| 06/03/11 | 25556-9 | BULLOCH, R BRIAN | $963.00 | 05/13/11 | 05/13/11 | 4047921 |
| 06/03/11 | 25942-0 | ST FRANCIS MEDICAL CENTER INC | $198.00 | 01/07/11 | 01/07/11 | 4047860 |
| 08/03/11 | 36885-3 | PERFORMANCE REHABILITATION SERVICES LLC | $384.69 | 07/11/11 | 07/11/11 | 4064362 |
| 08/04/11 | 25556-9 | BULLOCH, R BRIAN | $48.00 | 07/18/11 | 07/18/11 | 4064484 |
| 08/10/11 | 29054-0 | THERAPY WORKS INC | $954.00 | 06/21/11 | 06/21/11 | 4065982 |
| 09/02/11 | 36885-3 | PERFORMANCE REHABILITATION SERVICES LLC | $478.53 | 08/02/11 | 08/02/11 | 4072129 |
| 09/26/11 | 14640-0 | DOUGLAS C BROWN APMC | $800.00 | 10/11/11 | 10/11/11 | 4077672 |
| 12/06/11 | 36846-0 | TAYLOR, RANDOLPH H. | $2,000.00 | 01/19/12 | 01/19/12 | 4096786 |
| 12/16/11 | 14829-0 | PRICE, JEANI L. FREEMAN | $1,002.40 | 10/18/11 | 10/18/11 | 4100046 |
| 04/09/12 | 9011-0 | LUMP SUM SETTLEMENT | $50,000.00 | 04/09/12 | 04/09/12 | 4127871 |

**TOTAL:** $59,915.41

* denotes a canceled transaction, and is not included in the total calculations

DATE:  06/22/2018
TIME:  03:16 pm

REPORT:  CL150R
PAGE      2
OF        3

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/22/2018

For Claim Number 159516

Claimant Heimgartner, Leonard

Indemnity Payments

| Payment Date | Comp Code | Type Comp | Thru Date | From Date | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 05/27/2011 | TT | INITIAL | 05/27/2011 | 05/06/2011 | 22 | $1,813.43 | $0.00 | $1,813.43 | 4046272 |
| 05/31/2011 | TT | REGULAR | 06/03/2011 | 05/28/2011 | 7 | $577.00 | $0.00 | $577.00 | 4047028 |
| 06/07/2011 | TT | REGULAR | 05/05/2011 | 04/29/2011 | 7 | $577.00 | $0.00 | $577.00 | 4049054 |
| 06/07/2011 | TT | REGULAR | 06/10/2011 | 06/04/2011 | 7 | $577.00 | $0.00 | $577.00 | 4049055 |
| 06/14/2011 | TT | REGULAR | 06/17/2011 | 06/11/2011 | 7 | $577.00 | $0.00 | $577.00 | 4051053 |
| 06/21/2011 | TT | REGULAR | 06/24/2011 | 06/18/2011 | 7 | $577.00 | $0.00 | $577.00 | 4053010 |
| 06/28/2011 | TT | REGULAR | 07/01/2011 | 06/25/2011 | 7 | $577.00 | $0.00 | $577.00 | 4054986 |
| 07/05/2011 | TP | REGULAR | 07/08/2011 | 07/02/2011 | 7 | $577.00 | $0.00 | $577.00 | 4056622 |
| 07/12/2011 | TP | REGULAR | 07/15/2011 | 07/09/2011 | 7 | $577.00 | $0.00 | $577.00 | 4058632 |
| 07/19/2011 | TP | REGULAR | 07/22/2011 | 07/16/2011 | 7 | $577.00 | $0.00 | $577.00 | 4060356 |
| 07/26/2011 | TP | REGULAR | 07/29/2011 | 07/23/2011 | 7 | $577.00 | $0.00 | $577.00 | 4062154 |
| 08/02/2011 | TP | REGULAR | 08/05/2011 | 07/30/2011 | 7 | $577.00 | $0.00 | $577.00 | 4063926 |
| 08/09/2011 | TP | REGULAR | 08/12/2011 | 08/06/2011 | 7 | $577.00 | $0.00 | $577.00 | 4065595 |
| 08/16/2011 | TP | REGULAR | 08/19/2011 | 08/13/2011 | 7 | $577.00 | $0.00 | $577.00 | 4067385 |
| 08/23/2011 | TP | REGULAR | 08/26/2011 | 08/20/2011 | 7 | $577.00 | $0.00 | $577.00 | 4069236 |
| 08/30/2011 | TP | REGULAR | 09/02/2011 | 08/27/2011 | 7 | $577.00 | $0.00 | $577.00 | 4071240 |
| 09/06/2011 | TP | REGULAR | 09/09/2011 | 09/03/2011 | 7 | $577.00 | $0.00 | $577.00 | 4072997 |
| 09/13/2011 | TP | REGULAR | 09/16/2011 | 09/10/2011 | 7 | $577.00 | $0.00 | $577.00 | 4074882 |
| 09/20/2011 | TP | REGULAR | 09/23/2011 | 09/17/2011 | 7 | $577.00 | $0.00 | $577.00 | 4076686 |
| 09/27/2011 | TP | REGULAR | 09/30/2011 | 09/24/2011 | 7 | $577.00 | $0.00 | $577.00 | 4078557 |
| 10/04/2011 | TP | REGULAR | 10/07/2011 | 10/01/2011 | 7 | $577.00 | $0.00 | $577.00 | 4080442 |
| 10/11/2011 | TP | REGULAR | 10/14/2011 | 10/08/2011 | 7 | $577.00 | $0.00 | $577.00 | 4082480 |
| 10/18/2011 | TP | REGULAR | 10/21/2011 | 10/15/2011 | 7 | $577.00 | $0.00 | $577.00 | 4084360 |
| 10/25/2011 | TP | REGULAR | 10/28/2011 | 10/22/2011 | 7 | $577.00 | $0.00 | $577.00 | 4086253 |
| 11/01/2011 | TP | REGULAR | 11/04/2011 | 10/29/2011 | 7 | $577.00 | $0.00 | $577.00 | 4088217 |
| 11/08/2011 | TP | REGULAR | 11/11/2011 | 11/05/2011 | 7 | $577.00 | $0.00 | $577.00 | 4090304 |
| 11/15/2011 | TP | REGULAR | 11/18/2011 | 11/12/2011 | 7 | $577.00 | $0.00 | $577.00 | 4092181 |
| 11/22/2011 | TP | REGULAR | 11/25/2011 | 11/19/2011 | 7 | $577.00 | $0.00 | $577.00 | 4094048 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/22/2018
TIME: 03:16 pm

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/22/2018

For Claim Number 159516

Claimant Heimgartner, Leonard

REPORT: CL150R
PAGE   3
OF     3

Indemnity Payments

| Payment Date | Comp Code | From Date | Thru Date | Type Comp | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 11/29/2011 | TP | 11/26/2011 | 12/02/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4095470 |
| 12/06/2011 | TP | 12/03/2011 | 12/09/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4097438 |
| 12/13/2011 | TP | 12/10/2011 | 12/16/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4099239 |
| 12/20/2011 | TP | 12/17/2011 | 12/23/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4101043 |
| 12/27/2011 | TP | 12/24/2011 | 12/30/2011 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4102553 |
| 01/03/2012 | TP | 12/31/2011 | 01/06/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4103920 |
| 01/10/2012 | TP | 01/07/2012 | 01/13/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4105750 |
| 01/17/2012 | TP | 01/14/2012 | 01/20/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4107464 |
| 01/24/2012 | TP | 01/21/2012 | 01/27/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4109283 |
| 01/31/2012 | TP | 01/28/2012 | 02/03/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4111132 |
| 02/07/2012 | TP | 02/04/2012 | 02/10/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4113023 |
| 02/14/2012 | TP | 02/11/2012 | 02/17/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4114835 |
| 02/21/2012 | TP | 02/18/2012 | 02/24/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4116605 |
| 02/28/2012 | TP | 02/25/2012 | 03/02/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4118400 |
| 03/06/2012 | TP | 03/03/2012 | 03/09/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4120068 |
| 03/13/2012 | TP | 03/10/2012 | 03/16/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4121744 |
| 03/20/2012 | TP | 03/17/2012 | 03/23/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4123656 |
| 03/27/2012 | TP | 03/24/2012 | 03/30/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4125279 |
| 04/03/2012 | TP | 03/31/2012 | 04/06/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4127070 |
| 04/10/2012 | TP | 04/07/2012 | 04/13/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4128702 |
| 04/17/2012 | TP | 04/14/2012 | 04/20/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4130414 |
| 04/24/2012 | TP | 04/21/2012 | 04/27/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4132112 |
| 05/01/2012 | TP | 04/28/2012 | 05/04/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4133899 |
| 05/08/2012 | TP | 05/05/2012 | 05/11/2012 | REGULAR | 7 | $577.00 | $0.00 | $577.00 | 4135625 |

TOTALS (excluding canceled transactions denoted by *):   $31,240.43   $0.00   $31,240.43

* denotes a canceled transaction, and is not included in the total calculations