# JOHNSON, RAHMAN & THOMAS

**Employees of Louisiana Workers' Compensation Corporation**

2237 S. Acadian Thruway | P.O. Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone: (225) 231-0875
Facsimile: (225) 231-0986
Fax Server: (225) 929-5613

July 3, 2018

*Via UPS Next Day Air*

Counsel for BP
**Attn: Mr. J. Andrew Langan**
Kirkland & Ellis LLP
300 N. LaSalle St., Suite 2400
Chicago, IL 60654

*Via UPS Next Day Air*

MDL 2179 Plaintiffs' Steering Committee
**Attn: Mr. Steven J. Herman**
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113

  In Re: Oil Spill by the Oil Rig "Deepwater Horizon": in the Gulf of Mexico,
     On April 20, 2010
     MDL No.  :   10-2179; Section J

     Louisiana Workers' Compensation Corporation v. BP, PLC, et al
     Civil Action No.:  17-cv-03199

     Workers' Compensation Claim of Iboa Luz
     LWCC Claim No.:  159690

Dear Counsel:

  In compliance with Pretrial Order No. 66, with respect to the workers' compensation claim of Iboa Luz, enclosed please find the following documents:

1. Individual Particularized Statement of Claim;
2. Joint Petition for Approval of Settlement, Judgment and related documents;
3. First Report of Injury;
4. Accident report;
5. Time records;
6. Recent medical records; and

Writer's Direct Line:  (225) 231-0755 | Writer's Email: djohnson@lwcc.com

Mr. J. Andrew Langan
Mr. Steven Herman
July 3, 2018
Page 2

     7.     Claim payment report.

In total LWCC has paid $96,778.84 to and on behalf of Ms. Luz as a result of his injuries suffered during the clean-up efforts following the Deepwater Horizon explosion.   Louisiana Workers' Compensation Corporation is seeking recovery of all payments made to and on behalf of Ms. Luz.

I hope this is satisfactory for your needs, however, in the event you have any questions or require any additional information, please do not hesitate to call.

With kind regards, I am

     Very truly yours,

     David K. Johnson

DKJ/fhj
Enclosures
cc:    Linda Dantin

**EXHIBIT A**

---

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

---

**PLAINTIFF'S FULL NAME:** Louisiana Workers' Compensation Corporation

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:** Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A.    YOUR BACKGROUND INFORMATION**

1.    Current address:

Address Line 1:    2237 S. Acadian Thruway

Address Line 2:

City:    Baton Rouge        State:    LA        Zip:    70808

2.    Telephone number:    (225) 924-7788

3.    Maiden or other names used or by which you have been known, and the dates during which you were known by such names:    N/A

4.    Date and Place of Birth:    N/A

5.    Male_____    Female_____

6.  Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---------|--------------------|
| N/A     |                    |
|         |                    |
|         |                    |

7.  Employment Information:

    A.  Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|----------|---------|---------------------|----------------------|
| N/A      |         |                     |                      |
|          |         |                     |                      |
|          |         |                     |                      |
|          |         |                     |                      |

8.  Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No _____ If *"Yes,"* when were you out of work and why? ___N/A_____
    _____

**B.**     **THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.     Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

Yes __X__     No_____  ( *Indirectly, see attached correspondence* )

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

**1.     Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.     Was your cleanup work performed onshore (on land) or offshore (on the water)?

Onshore __X__     Offshore_____     Both_____

11.     Were you hired as part of the Vessels of Opportunity ("VoO") Program?

Yes_____     No __X__

12.     Did you handle hazardous materials as part of your cleanup work?

Yes_____     No_____

13.     Please set forth the following information about your cleanup work:

A.     Your employer(s): __Global Management Enterprises, LLC__

B.     Your supervisor(s) at the employer(s) identified in Question No. 13(A):

_____ *Vivian* _____

C.     A description of the work performed for employer(s) identified in Question No.

13(A): _____ Shoreline — Cleanup _____

_____

D.     The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): _____ See attached Timesheets. _____

_____

E.    The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _____None_____

_____

F.    Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): __Unknown_____

_____

### 2.    Residents/Tourists

14.    Do you allege that you were exposed to oil or chemical dispersants while a **_resident_** of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____      No_____

15.    Do you allege that you were exposed to oil or chemical dispersants while a **_tourist_** in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____      No_____

16.    List all address(es) at which you resided in 2010:_____

_____

## C.    INFORMATION ABOUT YOUR B3 CLAIM

17.    Are you claiming that you suffered damages from (*Check all that apply*):

_____Bodily injury from exposure to oil and/or dispersants

___X__Bodily injury other than from exposure to oil and/or dispersants

_____A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

## D. EXPOSURE CLAIMS

18. Were you exposed to oil, dispersants, or both?

    Oil_____          Dispersants_____          Both_____

19. How were you exposed? (*Check all that apply*)

    A.     Inhalation              Yes_____     No_____

    B.     Dermal (skin) contact   Yes_____     No_____

    C.     Ingestion               Yes_____     No_____

    D.     Other (please describe): _____

20. What was the date(s) of your exposure?

    Day: _____     Month: _____     Year: _____

21. How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

    _____

    _____

    _____

22. What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

    _____

    _____

    _____

23. For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

    _____

    _____

    _____

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

_____

_____

_____

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

Yes_____ No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____

_____

_____

## E. NON-EXPOSURE PERSONAL INJURY CLAIMS

27. For your non-exposure personal injury, please state:

A. The nature of your injury: *See attached medical records*

B. The date(s) of your injury: *9/2/2010 & 9/4/2010*

C. The location(s) of your injury: *GT-1*

D. The work that you were performing when you sustained your injury:_____ *Shoreline Cleanup — carrying water*

_____

E. Identify any individual(s) who witnessed your injury:_____ *Unknown*

28. Describe in as much detail as possible the circumstance(s) of your injury: _____ *See accident report and first report of injury*

_____

**F.  INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29.  Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

_See attached medical records_

30.  Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

_See attached medical records and accident report_

31.  On what date did you first report or seek treatment for your injury or illness: _9/5/2010_

32.  On what date was your injury first diagnosed: _9/5/2010_

33.  Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
|  | _See attached medical records & Claim payment report_ |

34.  Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
|  | *See attached medical records + claim payment report* |
|  |  |
|  |  |

35.  Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No _____. If "*Yes*," *Unknown*

    A.  When? _____

    B.  Who diagnosed the injury (or condition) at that time? _____

          _____

          _____

    C.  Who treated the injury (or condition) at that time?_____

36.  Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes _____ No_____. If "*Yes*,"

    A.  What date did you first experience such injury or condition?_____

    B.  What injury (or condition) was made worse? _____

          _____

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|------|---------|
|  | Unknown |
|  |  |
|  |  |
|  |  |
|  |  |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes ☒ No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

_____ recovery of medical expenses and weekly benefits per attached claim payment report _____

_____

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes ☒ No _____

If "Yes":

A. From whom did you receive this compensation or reimbursement?_____

_____ LWCC _____

B.   When did you receive this compensation or reimbursement?_____

_____ *See attached claim payment report*

C.   What was the amount of the compensation or reimbursement?_____

_____ *See attached claim payment report.*

**G.   CONTRACT CLAIMS**

*(For plaintiffs claiming breach of contract.)*

41.   Is your claim based on a breach of contract?

Yes_____   No_____

42.   Was the contract that you claim was breached made as part of the VoO Program?

Yes_____   No_____

43.   Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.   Describe how the contract was breached:_____

_____

_____

45.   *If you were part of the VoO Program*:  Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.   *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47.   Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

_____

_____

_____

48.   Describe specifically how the breach of contract you allege in response to Question No. 44
      caused the damages you allege in response to Question No. 47.

_____

_____

_____

**ATTESTATION**

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _____Jly 5_____, 2018

Location (City and State): _____Baton Rouge La._____

_____Mip Jon_____
Signature of Plaintiff*

***Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.***

_____Michael Stoltfus_____
Print Name

_____SVP/ General Counsel_____
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

MAIL TO:

LOUISIANA WORKERS' COMPENSATION CORPORATION
2237 S. ACADIAN THRUWAY
SUITE 102
BATON ROUGE, LA 70808
225-924-7788

____-7106
Employee Social Security Number
262357897
Employer Federal ID Number
137280 / 159690
Insurance Policy No. / Claim No.

**EMPLOYER REPORT**
**OF**
**INJURY/ILLNESS**

This report is completed by the Employer for each injury/illness identified by them or their employee as occupational.
A copy is to be provided to the employee and the insurer immediately.   **Forms for cases resulting in more than 7 days**
**of disability or death** are to be sent to the OWCA **by the 10th day after the incident** or as requested by the OWCA.

PURPOSE OF REPORT: (Check all that apply)
- ☒ More than 7 days of disability
- ☐ Injury resulted in death
- ☐ Amputation or disfigurement
- ☐ Possible dispute
- ☐ Lump Sum Compromise/Settlement
- ☐ Other
- ☐ Medical Only
- **(no copy needed by OWCA)**

| 1. Date of Report MM/DD/YY 09/10/10 | 2. Date / Time of Injury MM/DD/YY 09/02/10 Time: 02:00 ☒AM ☐PM | 3. Normal Starting Time Day of Accident 06:30 ☒AM ☐PM | 4. If Back to Work - Give Date: MM/DD/YY Still out | 5. At same wage? ☐Yes ☐No | DO NOT WRITE IN THIS COLUMN |
|---|---|---|---|---|---|
| 6. If Fatal Injury, Give Date of Death: MM/DD/YY | 7. Date Employer Knew of Injury MM/DD/YY 09/04/10 | 8. Date Disability Began MM/DD/YY | 9. Last Full Day Paid MM/DD/YY | | Date Received |
| 10. Employee Name: First LUZ Middle Last IBOA | | | 11. ☐Male ☒Female | 12. Employee Phone # 337-214-3119 | S.I.C. |
| 13. Address and Zip Code 2010 TWELFTH ST. LAKE CHARLES, LA 70076 CALCASIEU | | | 14. Parish of Injury: | | State-Parish |
| 15. Date of Hire 08/19/10 | 16. Age at Illness/Injury 58 | 17. Occupation LABORERS, EXCEPT CONSTRUCTION | | 18. Dept/Division Employed | Occupation |
| 19. Place of Injury-Employer's Premises ☐Yes ☐No | 20. Indicate Location-Street, City, Parish and State GRAND ISLE | | | | Nature |
| 21. What work activity was the employee doing when the incident occurred? (Give weight, size, and shape of materials or equipment involved. Tell what he was doing with them. Indicate if correct procedures were followed.) The employee was carrying a case of water. | | | | | Part of Body |
| | | | | | Source |
| | | | | | Event |
| 22. What caused incident to happen? (Describe fully the events which resulted in injury or disease. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led to or contributed to this injury or illness.) The employee strained her back. | | | | | S.C.I. 555555 |

| 23. Part of Body Injured and Nature of Injury or Illness (ex. left leg; multiple fractures) SPRAINS STRAINS TEARS BACK N.E.C. CUTS/LACERATIONS L FINGER(S) FINGERNAIL(S) | 24. If Occ Disease-Give Date Diagnosed: |
|---|---|
| 25. Physician and Address LADY OF THE SEA GENERAL HOSP P O BOX 54069 NEW ORLEANS, LA 70154-4069 | 26. If Hospitalized, give name & address of facility |
| 27. Employer's Name GLOBAL MANAGEMENT ENT LLC | 28. Person Completing This Report - Please print ANN |
| 29. Employer's Address and Zip Code 3226 LAKE STREET LAKE CHARLES, LA 70601 CALCASIEU | 30. Employer's Telephone Number 337-494-7354 |
| 31. Employer's Mailing Address - If Different From Above | 32. Nature of Business-Type of Mfg., Trade, Construction, Service, etc. |

| 33. Wage Information (optional): | Employee was paid | ☐Daily | ☐Weekly | ☐Monthly | ☒Other | The average weekly wage was $_____ per week. |
|---|---|---|---|---|---|---|

LDOL-WC-1007
REV. 1/98

NAME OF WORKERS' COMPENSATION INSURER:   LOUISIANA WORKERS' COMPENSATION CORPORATION
PHONE NUMBER:   225-924-7788

COMPLETE BOTH SIDES

**GLOPAC**
Management Enterprise, LLC

SEPT 4th 2010

## Accident / Incident Report Form

**INFORMATION ABOUT THE PERSON INVOLVED IN THE INCIDENT:**

| | |
|---|---|
| Full Name: LUZ Ma Bort | I.D. #: 7580641L |

Home Address: 2010 12th STREET LA 70601

| Date of Birth: ████ 52 | Male: | Female: ✓ |
|---|---|---|

Phones: 337-214-3119

| Job Title: SHORE - CLEAN - UP | Supervisor: VIVIAN FELICH MONRIAN |
|---|---|

**INFORMATION ABOUT INCIDENT:**

| Date of incident: Sept 2nd 2010 | Time: 2 PM | Police noticed: Yes (No) Case#: |
|---|---|---|

Location of Incident: GT-1

Describe what happened, how it happened, factors leading to the event, substances or objects involved. Be as specific as possible (write on back of sheet)   ON 2ND OF SEPT. LUZ DOING HER DUTIES WITH MRS MARY AS HER SUPERVISOR. DURING HER NORMAL ROUTINE SHE INJURED HER LEFT THUMB. WHILE THROWING BAGS AND CARRY CASE OF WATER SHE PULLED HER LOWER BACK. SHE IN FORMED THE SUPERVISOR ON SEPT 4th 2010 OF THIS INJURY THAT   Jose - EMT SAFETY HAPPEN ON THE SEPT 2th 2010 & LUZ REINJURED   EUGENE MCMILLIAN HER SELF ON SEPT 4th 2010

| Were there any witnesses to the incident? | Yes | (No) |
|---|---|---|

| Name: | Phones: |
|---|---|

Was the individual injured? If so, describe the injury (laceration, sprain, etc.), the part of body injured and any other information know about the resulting injury(s):

LOWER BACK — LEFT THUMB
EMT EUGENE MCMILLIAN 561-543-2657
REFERED NEED TO FOLLOW-UP ER HOSPITAL
SAFETY WILL NEED HE CLEAN + RELEASED TO
BEFORE SHE CAN RETURN BACK TO WORK.
BAND-AID FOR THUMB

| Was medical treatment provided? | Yes | No | Refused |
|---|---|---|---|

If so, where (circle):   Emerg. Rm.   The Workplace   Walk In Clinic   Other:

| Will the employee miss time from work as a result of this incident? | Yes | No | Unknown |
|---|---|---|---|

**REPORTER INFORMATION:**

Print Name of Reporter: VIVIaN FELICH MONRIS

| Reporter Signature: | Title: SUPERVISOR ZONE 5 |
|---|---|

Date Report Completed: Sept 4th 2010

09/20/2010 16:12 FAX 1 225 231 2301      LWCC      ☑003

09/05/10 E 99553 LADY OF THE SEA GENERAL HOSPITAL
IROA LUZ M EMERGENCY DEPARTMENT DISCHARGE INSTRUCTIONS

Patient Name _____ 52 F 58     ED # _____     Date _____

**PLEASE NOTE:** The examination and treatment you have received in the Emergency Department has been rendered on an emergency basis only, and is not intended to be a substitute for, or an effort to provide complete medical care. It is important that you have a follow-up visit with your family doctor and report any new or remaining problems at that time, because it is impossible to recognize and treat all elements of injury or illness in a single emergency room visit.

Diagnosis: _____

☐ **WOUND CARE** (Lacerations, abrasions, burns)
1. Keep wound clean and dry.
2. Clean wound daily with _____ and apply _____
3. Elevate to relieve soreness.
4. Despite the best care, any wound can become infected. If the wound becomes red, swollen, painful, the suture line opens, or you see pus or red streaks, contact your doctor immediately.
5. See your family doctor for suture removal in _____ days.
6. Tetanus Toxoid given _____, Lot # _____
7. Wound packing removal to _____ in _____ days.
8. Cultures collected from your wound will take 48-72 hours to be resulted. We will contact you if any changes need to be made regarding your treatment.

☐ **HEAD INJURY**
Although no evidence of serious injury is found at this time, you should have someone stay with you and contact your doctor immediately or return to ED if any of the following conditions occur:
1. Confusion, unusual behavior or difficulty speaking.
2. Unusual sleepiness or inability to awaken the patient, convulsions or seizures.
3. Persistent vomiting, stiffness of the neck, fever, unequal pupils, or double vision.
4. Unusual awkwardness or weakness in an arm or leg, or unsteady walking.
5. Drainage of clear fluid or blood from ear or nose.
May take Tylenol, or what the doctor recommends for pain, and apply ice to injured area. Awaken the patient every 2 hours to check for these signs.

**DISPOSITION:**
_____ Resume normal activities as tolerated.
✓ No work/school for _3_ days. _then_
✓ Light duty work for _7_ days.
_____ B/P _____ P _____ R _____ T _____
✓ Follow-up with _____
in _____ days.

**OTHER:**
No lifting
_____
_____
_____

☑ **SPRAINS & BRUISES / FRACTURES & SPLINTS**
1. Elevate the injured part and use ice packs for the first 24-48 hours. This will ease the pain.
2. If an ace bandage is used, rewrap it if it becomes too loose or too tight.
3. If given a sling, or splint, use it at all times.
4. If the injured part gets cold, blue, or numb, or if the pain increases markedly, call your family doctor at once.
5. Exercise fingers and toes to promote better circulation.
6. Do not get your splint wet.
7. Ortho Clinic Referral faxed to Leonard Chabert. Please call (985) 873-1841 if someone has not contacted you within 1 week with an appointment.

After X-ray Department office hours, your x-rays are read by the Emergency Physician. The next normal working day they are also read by the Radiologist. We will contact you if there is a change in your x-ray reading. You may obtain a copy of your x-rays if needed for follow-up. It is not necessary for you to contact the Emergency Department for your results unless told to do so by the Emergency Department physician.

Return to the Emergency Department for: ☐ Chest Pain
☐ SOB    ☐ Fever    ☐ Worsening Abdominal Pain
☐ Nausea / Vomiting / Diarrhea    ☐ Other _____

☐ **FEVER SUPPLEMENT GIVEN** _____
☐ Written instructions given for _____

☐ **GENERAL INSTRUCTIONS**
_Flexeril every 8 hours as needed for spasms_
_Vicodin every 8 hours as needed for pain._
_____
_____
_____
_____

☐ **NOTE: MEDICATION WILL OR CAN CAUSE DROWSINESS.** Do not drive or operate heavy machinery for 8 hours after receiving medication in the Emergency Department.

I hereby acknowledge receipt of and understand the instructions indicated above. I understand that I have had emergency treatment only and that I may be released before all of my medical problems are known or treated. I will arrange for follow-up care as instructed.

_____    _____    _____
Physician/Nurse Signature       Date       Patient/Representative Signature

FORM 258 ED Rev. 08/95; 08/06; 1/7/08

01/27/2011  23:35    3374947355              GLOBAL MANAGEMENT E                    PAGE  01/24



# FAX

**DATE:** _1-28-2011_

**FAX TO:** _Jamie LeBlanc_

**FAX NO:** _225-231-0261_

**RE:** _Timesheets for L. Iboa_

**FROM:**    Global / ANN          **Number of pages** _25_

## If you do not receive all pages, please call (337) 477-1862 as soon as possible.

This facsimile transmission (and/or the documents accompanying it) may contain confidential, privileged information.  This information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are notified that any disclosure, copying, or distribution to this document is strictly prohibited.  If you have received this transmission in error, please notify us at (337) 494-7354.

## NOTES/COMMENTS:

_Jamie, I hope This is what you Need, Call_
_Me if you have questions_
_ANN_

MISSION:    Global Management Enterprise, LLC's mission is to provide full-service workforce management.  We aim to provide resources to meet the employer's needs, and key components to improve employee productivity.

3226 Lake Street | Lake Charles, LA 70601
Phone: 337.494.7354 | Fax: 337.494.7355 | Toll Free: 877.494.7354
Dalia R. Mathieu, President |

| 20 | PENDLETON | HARRY | CM18 | 2 | | | | |
|----|-----------|-------|------|---|---|---|---|---|
| 21 | POLANCO | CARLOS | CM18 | 2 | | | | |
| 22 | RODRIGUEZ | WILLIAM | CM18 | 2 | | | | |
| 23 | SALDANA JR. | HECTOR | CM18 | 2 | | | | |
| 24 | : | | CM18 | 2 | | | | |
| 25 | VENCES | FERNANDO | CM18 | 2 | OFF | | | |
| 26 | DELGADO | ALVARO | CM18 | 2 | | | | |
| 27 | DELGADO | MARIANO | CM18 | 2 | | | | |
| 28 | Barrera | Erasmo | CM18 | 2 | | | | |
| 29 | ESTRADA | JOSE | CM18 | 2 | | | | |
| 30 | Marin | Aracelis | CM18 | 2 | | | | |
| 31 | HERNANDEZ | BALTAZAR | CM18 | 2 | | | | |
| 32 | Luz | Iba | CM18 | 2 | | | | |
| 33 | JOSEPH | DERON | CM18 | 2 | | | | |
| 34 | LOPEZ | URI | CM18 | 2 | | | | |
| 35 | LOPEZ | GUILLERMO | CM18 | 2 | | | | |
| | BLAND | STEPHEN | CM18 | 2 | | | | |
| | Antonia Castilla | | | | | | | |
| TOTAL SCHEDULED FOR THE ZONE | | | | | 25 | | | |

Global Supervisor: _(signature)_

B.P./ Project Manager: _(signature)_

Approved that personal was present on: 8/24/10

8/24/10.

01/27/2011  23:35   3374947355          GLOBAL  MANAGEMENT  E                    PAGE  03/24

| # | Last Name | First Name | Code | | | Time In | Time Out | Signature |
|---|-----------|-----------|------|---|---|---------|----------|-----------|
| 58 | KETRENA | JESUS | | | | | 0600 | 1800 | Jesus Barganan |
| | ZARZOZA | CESAR | | | | | 0600 | 1800 | Cesar Barzoza |
| 20 | ORTIZ | OSCAR | CM18 | 1 | OFF | | | |
| 21 | PAREDES | RODRIGO | CM18 | 1 | OFF | | | |
| 22 | PEREZ | ISMAEL | CM18 | 1 | OFF | | | |
| 23 | PEREZ | JAVIER | CM18 | 1 | | | 0600 | 1800 | |
| 24 | RODRIGUEZ | ROBERTO | CM18 | 1 | OFF | | | |
| 25 | SILVA | JAIME | CM18 | 1 | OFF | | | |
| 26 | BERARD | MANUEL | CM18 | 1 | | | 0600 | 1800 | |
| 27 | BARRAGAN | JESUS | CM18 | 1 | | | 0600 | 1800 | Manuel K. Berard |
| 28 | NAVARRO | LUCILO | CM18 | 1 | | | 0600 | 1800 | Jesus Barragan |
| 29 | BROOKS | DARRELL | CM18 | 1 | | | 0600 | 1800 | Lucilo Navarro |
| 30 | CARRIZALEZ | HIPOLITO | CM18 | 1 | | | 0600 | 1800 | Darrell Brooks |
| 31 | CASTILLO | AMANCIO | CM18 | 1 | | | 0600 | 1800 | Hipolito Carrizalez |
| 32 | CAVAZOS | ALDO | CM18 | 1 | | | 0600 | 1800 | Amancio Castillo |
| 33 | CAVAZOS | ISOAR | CM18 | 1 | | | 0600 | 1800 | |
| 34 | CELLESTINE | ALLEN | CM18 | 1 | | | 0600 | 1800 | |
| | WELSH | GEORGE | | | | | 0600 | 1800 | |
| | WHITE | ANDREW | | | | | 0600 | 1800 | Andrew White |
| | BARRERA | EDGARD | | | | | 0600 | 1800 | George Barrera |
| | TOTAL SCHEDULED FOR THE ZONE | | | | 27 | | | |

Global Supervisor: _____

Approved that personal was present on:
B.P./ Project Manager: _____   8/25/010

01/27/2011  23:35   3374947355          GLOBAL MANAGEMENT E                    PAGE  04/24

Management Enterprise, LLC

Date: 8-20-10

Location: **GRAND TERRE II**

| # | LAST NAME | FIRST NAME | Loc. | ZONE | August 23 to August 29 | Time In | Time Out | Signature |
|---|-----------|-----------|------|------|------------------------|---------|----------|-----------|
| 1 | ADOLFO | CARLOS | CM1B | 2 | OFF | | | |
| 2 | ALLISON | REX | CM1B | 2 | OFF | | | |
| 3 | ALVAREZ | JOSE | CM1B | 2 | | | | |
| 4 | CARLOS | MARIO | CM1B | 2 | OFF | 0600 | 1300 | |
| 5 | CORONADA | FRANCISCO | CM1B | 2 | | 0600 | 1300 | |
| 6 | (signature) | | CM1B | 2 | | 0600 | 1600 | |
| 7 | DEVILLE | JACOBY | CM1B | 2 | | | | |
| 8 | GARCIA | HECTOR | CM1B | 2 | | 0600 | 1800 | |
| 9 | GARFIAS | JORGE | TRA2 | 2 | OFF | 0600 | 1400 | |
| 10 | GUERRA | JUAN | CM1B | 2 | | | | |
| 11 | HART | VICTOR | CM1B | 2 | | 0600 | 1800 | |
| 12 | IBARRA | LUCIO | CM1B | 2 | | 0600 | 1800 | |
| 13 | LAURO | CARLOS | CM1B | 2 | OFF | | | |
| 14 | LEDAY | MICHAEL | CM1B | 2 | | 0600 | 1800 | |
| 15 | LUNAR | SANTIAGO | CM1B | 2 | OFF | | | |
| 16 | MARMOLEJO | RICARDO J. | CM1B | 2 | OFF | | | |
| 17 | | | TRA2 | 2 | | 0600 | 1800 | |
| 18 | NARANJO | CARLOS. | CM1B | 2 | | 0600 | 1300 | |
| 19 | OLALDE | MARTIN | CM1B | 2 | OFF | 0600 | 1300 | |

 

**GLOBAL** Management Enterprise, LLC

| Date: | Aug/27/2010 | Location: | GRAND TERRE I |
|---|---|---|---|

| | Last Name | Loc. | Time In | Time Out | Signature |
|---|---|---|---|---|---|
| 1 | ACHESON, MARK | CM18 | 0600 | 1800 | |
| 2 | ALCANTRA, JOEL | CM18 | 0600 | 1800 | |
| 3 | ALVARADO, MARTIN | CM18 | 0600 | 1800 | |
| 4 | BARGUERENA, JESUS | CM18 | 0600 | 1800 | Jesus A Barguarena |
| 5 | BARRAGAN, JESUS | CM18 | 0600 | 1800 | |
| 6 | BARRERA, CESAR | CM18 | 0600 | 1800 | Cesar Barrera |
| 7 | BARRERA, ERASMO | CM18 | 0600 | 1800 | Erasmo Barrera |
| 8 | BERARD, MANUEL | CM18 | 0600 | 1800 | Manuel Berard |
| 9 | BROOKS, DARRELL | CM18 | 0600 | 1800 | Darrell W. Brooks |
| 10 | CARRIZALEZ, HIPOLITO | CM18 | 0600 | 1800 | Hipolit Carrizal |
| 11 | CASTILLEJO, ANTONIO | CM18 | 0600 | 1800 | Antonio Castilleja |
| 12 | CASTILLEJO, ARTURO | CM18 | 0600 | 1800 | Arturo Castilleja |
| 13 | CASTILLO, AMANCIO | CM18 | 0600 | 1800 | Amancio castillo |
| 14 | CAVAZOS, ALDO | CM18 | 0600 | 1800 | |
| 15 | CAVAZOS, ISOAR | CM18 | 0600 | 1800 | |
| 16 | CELLESTINE, ALLEN | CM18 | 0600 | 1800 | |
| 17 | CREEL, MICHEAL | CM18 | 0600 | 1800 | |
| 18 | DELACRUZ, LIBRADO | CM18 | 0600 | 1800 | Librado D. L. C |
| 19 | DUQUETTE, MICHAEL (FOREMAN) | CM18 | 0600 | 1800 | |
| 20 | GUEVARA, FERNANDO | CM18 | 0600 | 1800 | Fernando |
| 21 | HOLLISTER, RICCO | CM18 | 0600 | 1800 | Ricco Hollster |
| 22 | IBOA, LUZ MARIA | CM18 | 0600 | 1800 | Luz Maria Iboa |
| 23 | JUAREZ, DENNY | CM18 | 0600 | 1800 | Denny Juarez |
| 24 | LINARES, HECTOR | CM18 | 0600 | 1800 | Hector Linare |
| 25 | LOCHAN, KARAM (SUPERVISOR) | CM18 | 0600 | 1800 | Karam Lochan |

| Global Supervisor Signature: | Karam Lochan | BP Proyect Manager Signature: | |
|---|---|---|---|

 

Management Enterprise, LLC

Dat: Aug/28/2010

Location: **GRAND TERRE I**

| | Last Name | Loc. | Time In | Time Out | Signature |
|---|---|---|---|---|---|
| 1 | ACHESON, MARK | CM18 | 0600 | 1800 | |
| 2 | ALCANTRA, JOEL | CM18 | 0600 | 1800 | |
| 3 | ALVARADO, MARTIN | CM18 | 0600 | 1800 | SIGNATURE ON FILE (TRAILER ZONE) |
| 4 | BARGUERENA, JESUS | CM18 | 0600 | 1800 | Jesus A Barguerena |
| 5 | BARRAGAN, JESUS | CM18 | 0600 | 1800 | Jesus Barragan |
| 6 | BARRERA, CESAR | CM18 | 0600 | 1800 | Cesar Barrera |
| 7 | BARRERA, ERASMO | CM18 | 0600 | 1800 | Erasmo Barrera |
| 8 | BERARD, MANUEL | CM18 | 0600 | 1800 | Manuel R. Bent |
| 9 | BROOKS, DARRELL | CM18 | 0600 | 1800 | Darell W. Brook |
| 10 | CARRIZALEZ, HIPOLITO | CM18 | 0600 | 1700 | Hipolit Gonzalez |
| 11 | CASTILLEJO, ANTONIO | CM18 | 0600 | 1800 | Antonio Castilleja |
| 12 | CASTILLEJO, ARTURO | CM18 | 0600 | 1800 | Arturo Castilleja |
| 13 | CASTILLO, AMANCIO | CM18 | 0600 | 1800 | Amancio Castillo |
| 14 | CAVAZOS, ALDO | CM18 | 0600 | 1800 | |
| 15 | CAVAZOS, ISOAR | CM18 | 0600 | 1800 | |
| 16 | CELLESTINE, ALLEN | CM18 | 0600 | 1800 | Allen Celestine |
| 17 | CREEL, MICHEAL | CM18 | 0600 | 1800 | Micheal Creel |
| 18 | DELACRUZ, LIBRADO | CM18 | 0600 | 1800 | SIGNATURE ON FILE (TRAILER ZONE) |
| 19 | MANRIQUEZ, VIVIAN (FOREMAN) | CM18 | 0600 | 1800 | Vivian Tela Murgo |
| 20 | GUEVARA, FERNANDO | CM18 | 0600 | 1800 | Fernando Guevara |
| 21 | HOLLISTER, RICCO | CM18 | 0600 | 1800 | Ricco Hollister |
| 22 | IBOA, LUZ MARIA | CM18 | 0600 | 1800 | Luz ia Iba |
| 23 | JUAREZ, DENNY | CM18 | 0600 | 1800 | Jenny Juarez |
| 24 | LINARES, HECTOR | CM18 | 0600 | 1800 | Hector Linares |
| 25 | LOCHAN, KARAM (SUPERVISOR) | CM18 | 0600 | 1800 | SIGNATURE ON FILE (TRAILER ZONE) |

**Global Supervisor**
Signature: Viv Tela Murgo

**BP Proyect Manager**
Signature:

01/27/2011  23:35   3374947355          GLOBAL MANAGEMENT E                    PAGE  07/24

Date: Aug 29 2010

Location: GRAND TERRE I

Management Enterprise, LLC

| # | LAST NAME | FIRST NAME | Loc. | ZONE | August 30 to Sept. 5 | Time In | Time out | Signature |
|---|-----------|------------|------|------|----------------------|---------|----------|-----------|
| 1 | ACHESON | MARK | CM18 | 1 | | | | |
| 2 | ALCANTARA | JOEL | CM18 | 1 | | 6:AM | 6:PM | |
| 3 | ALVARADO | MARTIN | CM18 | 1 | | 6:AM | 6:PM | |
| 4 | BARGUERENA | JESUS | CM18 | 1 | TRANSPORTATION - DENVER | | | 601-40-320-061 |
| 5 | BARRERA | CESAR | CM18 | 1 | | 6:am | 6:pm | Cesar Barrera |
| 6 | BARRERA | ERASMO | CM18 | 1 | | 6:am | 6:pm | Erasmo Barrera |
| 7 | CASTILLEJO | ANTONIO | CM18 | 1 | | 6:pm | 18:50 | Antonio Castillejo |
| 8 | CASTILLEJO | ARTURO | CM18 | 1 | | 6:00 | 18:00 | Arturo Castillejo |
| 9 | CAVAZOS | RUBEN | CM18 | 1 | | 6:00 | 18:00 | |
| 10 | CELLESTINE | ALLEN | CM18 | 1 | | 6:00 | 18:00 | |
| 11 | CHAVEZ | ADALBERTO | CM18 | 1 | | 6:00 | 18:00 | |
| 12 | CREEL | MICHAEL | CM18 | 1 | | 6:00 | 18:00 | |
| 13 | DELACRUZ | LIBRADO | CM18 | 1 | | 6:00 | 18:00 | |
| 14 | GUEVARA | FERNANDO | CM18 | 1 | | 6:00 | 18:00 | |
| 15 | IBOA | LUZ MARIA | TRA2 | 1 | | 6:00 | 18:00 | |
| 16 | JIMENEZ | MARIO | TRA2 | 1 | | 6:00 | 18:00 | |
| 17 | JUAREZ | DENNY | CM18 | 1 | | 6:00 | 18:00 | Denny Juarez |
| 18 | LINARES | HECTOR | CM18 | 1 | | 6:00 | 18:00 | |
| 19 | LOCHAN | KARAM | TRA2/CM18 | 1 | | 6:am | 12 pm | |
| 20 | MANRIQUEZ | VIVIAN | TRA2 | 1 | | 6:00 | 18:00 | |
| 21 | MARMOLEJO | SERVANDO | CM18 | 1 | | | | |
| 22 | MORIN | ARCADIO | CM18 | 1 | | 06:00 | 1800 | |
| 23 | NELSON | JOHN | CM18 | 1 | | 6am | 12pm | |



01/27/2011  23:35  3374947355                     GLOBAL MANAGEMENT E                              PAGE  08/24

Date: Aug 30 2010

Location:

GRAND TERRE I

Management Enterprise, LLC

| # | LAST NAME | FIRST NAME | Loc. | ZONE | August 30 to Sept. 5 | Time In | Time out | Signature |
|---|-----------|------------|------|------|----------------------|---------|----------|-----------|
| 1 | ACHESON | MARK | CM18 | 1 | | | | |
| 2 | ALCANTARA | JOEL | CM18 | 1 | | 6:00 | 18:00 | |
| 3 | ALVARADO | MARTIN | CM18 | 1 | | | | |
| 4 | BARGUERENA | JESUS | CM18 | 2 | | | | |
| 5 | BARRERA | CESAR | CM18 | 1 | | 6:00 | 19:00 | |
| 6 | BARRERA | ERASMO | CM18 | 1 | | 6:00 | 18:00 | |
| 7 | CASTILLEJO | ANTONIO | CM18 | 1 | | 6:00 | 18:00 | Erastmo Barenera |
| 8 | CASTILLEJO | ARTURO | CM18 | 1 | | 6:00 | 18:00 | Antonio Castillejo |
| 9 | CAVAZOS | RUBEN | CM18 | 1 | | 6:00 | 18:00 | Arturo Castillejo |
| 10 | CELLESTINE | ALLEN | CM18 | 1 | | 6:00 | 18:00 | |
| 11 | CHAVEZ | ADALBERTO | CM18 | 1 | | 6:00 | 18:00 | |
| 12 | CREEL | MICHAEL | CM18 | 1 | | | | |
| 13 | DELACRUZ | LIBRADO | CM18 | 1 | | | | |
| 14 | GUEVARA | FERNANDO | CM18 | 1 | | 6:00 | 18:00 | |
| 15 | IBOA | LUZ MARIA | TRAZ | 1 | | 6:00 | 18:00 | |
| 16 | JIMENEZ | MARIO | CM18 | 1 | | 6:00 | 18:00 | Mario Jimenez |
| 17 | JUAREZ | DENNY | CM18 | 1 | | 6:00 | 18:00 | |
| 18 | LINARES | HECTOR | CM18 | 1 | | 6:00 | 18:00 | |
| 19 | LOCHAN | KARAM | TRAZ/CM18 | 1 | | | | |
| 20 | MANRIQUEZ | VIVIAN Sup | TRAZ | 1 | OFF | | | |
| 21 | MARMOLEJO | SERVANDO | CM18 | 1 | | 6:00 | 18:00 | |
| 22 | MORIN | ARCADIO | CM18 | 1 | | 6:00 | 19:00 | |
| 23 | NELSON | JOHN | CM18 | 1 | OFF | 6:00 | 18:00 | Arcadio Morin |

01/27/2011  23:35  3374947355                    GLOBAL  MANAGEMENT  E _____                    PAGE  09/24

Date: Aug 31 2010

Management Enterprise, LLC

Location:  GRAND TERRE I

| # | LAST NAME | FIRST NAME | Loc. ZONE | August 30 to Sept. 5 | Time In | Time out | Signature |
|---|-----------|------------|-----------|----------------------|---------|----------|-----------|
| 1 | ACHESON | MARK | CM18 | 1 | | 6:00 | 18:00 | |
| 2 | ALCANTARA | JOEL | CM18 | 1 | | 6:00 | 18:00 | |
| 3 | ALVARADO | MARTIN | CM18 | 1 | | 6:00 | 18:00 | |
| 4 | BARGUERENA | JESUS | CM18 | 1 | | 6:00 | 18:00 | |
| 5 | BARRERA | CESAR | CM18 | 1 | | 6:00 | 18:00 | Cesar Barguerena |
| 6 | BARRERA | ERASMO | CM18 | 1 | | 6:00 | 18:00 | Cesar Barguerena |
| 7 | CASTILLEJO | ANTONIO | CM18 | 1 | | 6:00 | 18:00 | Antonio Castilleja |
| 8 | CASTILLEJO | ARTURO | CM18 | 1 | | 6:00 | 18:00 | Arturo Castilleja |
| 9 | CAVAZOS | RUBEN | CM18 | 1 | | 6:00 | 18:00 | Rubin Johany C. |
| 10 | CELLESTINE | ALLEN | CM18 | 1 | | 6:00 | 18:00 | |
| 11 | CHAVEZ | ADALBERTO | CM18 | 1 | | 6:00 | 18:00 | |
| 12 | CREEL | MICHAEL | CM18 | 1 | | 6:00 | 18:00 | |
| 13 | DELACRUZ | LIBRADO | CM18 | 1 | OFF | 6:00 | 18:00 | |
| 14 | GUEVARA | FERNANDO | CM18 | 1 | | 6:00 | 18:00 | Fernando |
| 15 | IBOA | LUZ MARIA | TRAZ | 1 | | 6:00 | 18:00 | |
| 16 | JIMENEZ | MARIO | CM18 | 1 | | 6:00 | 18:00 | |
| 17 | JUAREZ | DENNY | CM18 | 1 | | 6:00 | 18:00 | Denny Juarez |
| 18 | LINARES | HECTOR | CM18 | 1 | | 6:00 | 18:00 | Hector Juarez |
| 19 | LOCHAN | KARAM | TRAZ/CM18 | 1 | OFF | 6:00 | 18:00 | |
| 20 | MANRIQUEZ | VIVIAN | TRAZ | 1 | | 6:00 | 18:00 | |
| 21 | MARMOLEJO | SERVANDO | CM18 | 1 | | 6:00 | 18:00 | |
| 22 | MORIN | ARCADIO | CM18 | 1 | | 6:00 | 18:00 | |
| 23 | NELSON | JOHN | CM18 | 1 | OFF | 6:00 | 18:00 | |

01/27/2011  23:35   3374947355          GLOBAL MANAGEMENT E                    PAGE  10/24

Date: _____

Location: _____          Management Enterprise, LLC          GRAND TERRE I

| # | LAST NAME | FIRST NAME | Loc. | ZONE | August 30 to Sept. 5 | Time In | Time out | Signature |
|---|-----------|-----------|------|------|------|---------|----------|-----------|
| 1 | ACHESON | MARK | CM18 | 1 | | 6:00 | 19:00 | _(signature)_ |
| 2 | ALCANTARA | JOEL | CM18 | 1 | | 6:00 | 18:00 | _(signature)_ |
| 3 | ALVARADO | MARTIN | CM18 | 1 | | 6:00 | 18:00 | _(signature)_ |
| 4 | BARGUERENA | JESUS | CM18 | 1 | | 6:00 | 18:00 | _(signature)_ |
| 5 | BARRERA | CESAR | CM18 | 1 | | 18:00 | 18:00 | _(signature)_ |
| 6 | BARRERA | ERASMO | CM18 | 1 | | 6:00 | 18:00 | _(signature)_ |
| 7 | CASTILLEJO | ANTONIO | CM18 | 1 | | 6:00 | 19:00 | Severino Bueeek |
| 8 | CASTILLEJO | ARTURO | CM18 | 1 | | 6:00 | 19:00 | Antonio Castilleja |
| 9 | CAVAZOS | RUBEN | CM18 | 1 | | 6:00 | 18:00 | Arturo Castilleja |
| 10 | CELLESTINE | ALLEN | CM18 | 1 | | 6:00 | 18:00 | _(signature)_ |
| 11 | CHAVEZ | ADALBERTO | CM18 | 1 | | 6:00 | 19:00 | _(signature)_ |
| 12 | CREEL | MICHAEL | CM18 | 1 | | 6:00 | 19:00 | _(signature)_ |
| 13 | DELACRUZ | LIBRADO | CM18 | 1 | | 6:00 | 19:00 | _(signature)_ |
| 14 | GUEVARA | FERNANDO | CM18 | 1 | OFF | — | — | OFF |
| 15 | IBOA | LUZ MARIA | TRA2 | 1 | | 6:00 | 19:00 | for 12/2 as |
| 16 | JIMENEZ | MARIO | CM18 | 1 | | 6:00 | 18:00 | Mario Jimenez |
| 17 | JUAREZ | DENNY | CM18 | 1 | | 6:00 | 18:00 | Denny Juarez |
| 18 | LINARES | HECTOR | CM18 | 1 | | 6:00 | 18:00 | Hector Linares |
| 19 | LOCHAN | KARAM | TRA2/GM | 18 | OFF | | | |
| 20 | MANRIQUEZ | VIVIAN Supervisor | | 1 | | 6:00 | 18:00 | _(signature)_ |
| 21 | MARMOLEJO | SERVANDO | CM18 | 1 | | 6:00 | 18:00 | _(signature)_ |
| 22 | MORIN | ARCADIO | CM18 | 1 | | 6:80 | 18:00 | _(signature)_ |
| 23 | NELSON | JOHN | CM18 | 1 | OFF | 6:00 | 18:00 | Arcadio morin |

Date: 6-2-2010

Location: GRAND TERRE I

Management Enterprise, LLC

| # | LAST NAME | FIRST NAME | Loc. | ZONE | August 30 to Sept. 5 | Time In | Time out | Signature |
|---|---|---|---|---|---|---|---|---|
| 1 | ACHESON | MARK | CM18 | 1 | | 6:00 | 18:00 | |
| 2 | ALCANTARA | JOEL | CM18 | 1 | | 6:00 | 18:00 | |
| 3 | ALVARADO | MARTIN | CM18 | 1 | | 6:00 | 18:00 | |
| 4 | BARGUERENA | JESUS | CM18 | 1 | | 6:00 | 18:00 | |
| 5 | BARRERA | CESAR | CM18 | 1 | | 6:00 | 18:00 | |
| 6 | BARRERA | ERASMO | CM18 | 1 | | 6:00 | 18:00 | |
| 7 | CASTILLEJO | ANTONIO | CM18 | 1 | | 6:00 | 18:00 | |
| 8 | CASTILLEJO | ARTURO | CM18 | 1 | | 6:00 | 18:00 | |
| 9 | CAVAZOS | RUBEN | CM18 | 1 | | 6:00 | 18:00 | |
| 10 | CELLESTINE | ALLEN | CM18 | 1 | | 6:00 | 18:00 | |
| 11 | CHAVEZ | ADALBERTO | CM18 | 1 | | 6:00 | 18:00 | |
| 12 | CREEL | MICHAEL | CM18 | 1 | | 6:00 | 18:00 | |
| 13 | DELACRUZ | LIBRADO | CM18 | 1 | | 6:00 | 18:00 | |
| 14 | GUEVARA | FERNANDO | CM18 | 1 | | | | OFF |
| 15 | IBOA | LUZ MARIA | TRA2 | 1 | | 6:00 | 18:00 | |
| 16 | JIMENEZ | MARIO | CM18 | 1 | | 6:00 | 18:00 | |
| 17 | JUAREZ | DENNY | CM18 | 1 | | 6:00 | 18:00 | |
| 18 | LINARES | HECTOR | CM18 | 1 | | 6:00 | 18:00 | |
| 19 | LOCHAN | KARAM | TRA2/CM 18 | 1 | OFF | | | |
| 20 | MANRIQUEZ | VIVIAN | TRA2 | 1 | OFF | | | |
| 21 | MARMOLEJO | SERVANDO | CM18 | 1 | | 6:00 | 18:00 | |
| 22 | MORIN | ARCADIO | CM18 | 1 | | 6:00 | 18:00 | |
| 23 | NELSON | JOHN | CM18 | 1 | OFF | | | |

Date: Sept. 3 2010

Location: _____ Management Enterprise, LLC          GRAND TERRE I

| # | LAST NAME | FIRST NAME | Loc. | ZONE | August 30 to Sept. 5 | Time In | Time out | Signature |
|---|-----------|-----------|------|------|---------------------|---------|----------|-----------|
| 1 | ACHESON | MARK | CM18 | 1 | | 6:00 | 16:00 | |
| 2 | ALCANTARA | JOEL | CM18 | 1 | | 6:00 | 16:00 | |
| 3 | ALVARADO | MARTIN | CM18 | 1 | | 6:00 | 16:00 | |
| 4 | BARGUERENA | JESUS | CM18 | 1 | | 6:00 | 16:00 | |
| 5 | BARRERA | CESAR | CM18 | 1 | | 6:00 | 16:00 | Cesar barguerena |
| 6 | BARRERA | ERASMO | CM18 | 1 | | 6:00 | 16:00 | Erasmo Barrera |
| 7 | CASTILLEJO | ANTONIO | CM18 | 1 | | 6:00 | 16:00 | Antonio Castilleja |
| 8 | CASTILLEJO | ARTURO | CM18 | 1 | | 6:00 | 16:00 | Arturo Castilleja |
| 9 | CAVAZOS | RUBEN | CM18 | 1 | | 6:00 | 16:00 | Ruben Cavazos |
| 10 | CELLESTINE | ALLEN | CM18 | 1 | | 6:00 | 16:00 | Allen Cellestine |
| 11 | CHAVEZ | ADALBERTO | CM18 | 1 | | 6:00 | 16:00 | Adalberto Ch |
| 12 | CREEL | MICHAEL | CM18 | 1 | | 6:00 | 16:00 | Michael C |
| 13 | DELACRUZ | LIBRADO | CM18 | 1 | | 6:00 | 16:00 | Librado Delacruz |
| 14 | GUEVARA | FERNANDO | CM18 | 1 | | 6:00 | 16:00 | OFF |
| 15 | IBOA | LUZ MARIA | TRA2 | 1 | | 6:00 | 6:00 | Luz Maria Iboa |
| 16 | JIMENEZ | MARIO | CM18 | 1 | | 6:00 | 16:00 | Mario Jiminez |
| 17 | JUAREZ | DENNY | CM18 | 1 | | 6:00 | 16:00 | Denny Juarez |
| 18 | LINARES | HECTOR | CM18 | 1 | | 6:00 | 16:00 | Hector Linares |
| 19 | LOCHAN | KARAM | TRA2/CM18 | 1 | OFF | | | |
| 20 | MANRIQUEZ | VIVIAN Subcontractor | TRA2 | 1 | | 6:00 | 16:00 | Vivian Chavez |
| 21 | MARMOLEJO | SERVANDO | CM18 | 1 | | 6:00 | 18:00 | Servando Marmolejo |
| 22 | MORIN | ARCADIO | CM18 | 1 | | 6:00 | 18:00 | Arcadio morin |
| 23 | NELSON | JOHN | CM18 | 1 | OFF | | | |

Date: Sept. 4 2010

Location:

Management Enterprise, LLC

GRAND TERRE I

| # | LAST NAME | FIRST NAME | Loc. | ZONE | August 30 to Sept. 5 | Time in | Time out | Signature |
|---|-----------|------------|------|------|----------------------|---------|----------|-----------|
| 1 | ACHESON | MARK | CM18 | 1 | | | | |
| 2 | ALCANTARA | JOEL | CM18 | 1 | | | | |
| 3 | ALVARADO | MARTIN DRIVER | CM18 | 1 | | | | DRIVER |
| 4 | BARGUERENA | JESUS | CM18 | 1 | | | | |
| 5 | BARRERA | CESAR | CM18 | 1 | | | | |
| 6 | BARRERA | ERASMO | CM18 | 1 | | | | |
| 7 | CASTILLEJO | ANTONIO | CM18 | 1 | | | | Antonio Castilleja |
| 8 | CASTILLEJO | ARTURO | CM18 | 1 | | | | |
| 9 | CAVAZOS | RUBEN | CM18 | 1 | | | | |
| 10 | CELLESTINE | ALLEN | CM18 | 1 | | | | |
| 11 | CHAVEZ | ADALBERTO | CM18 | 1 | | | | |
| 12 | CREEL | MICHAEL | CM18 | 1 | | | | |
| 13 | | ALfonZO | CM18 | 1 | | | | |
| 14 | GUEVARA | FERNANDO | CM18 | 1 | | | | |
| 15 | IBOA | LUZ MARIA | TRAZ | 1 | | | | |
| 16 | JIMENEZ | MARIO | CM18 | 1 | | | | |
| 17 | JUAREZ | DENNY | CM18 | 1 | | | | Denny Juarez |
| 18 | LINARES | HECTOR | CM18 | 1 | | | | |
| 19 | LOCHAN | KARAM | TRA7/CM 18 | 1 | OFF | | | |
| 20 | MANRIQUEZ | VIVIAN Supervisor | TRA2 | 1 | | | | |
| 21 | MARMOLEJO | SERVANDO | CM18 | 1 | | | | |
| 22 | MORIN | ARCADIO | CM18 | 1 | | | | |
| 23 | NELSON | JOHN | CM18 | 1 | | | | |

Date: 9-5-2010

Location: GRAND TERRE I

Management Enterprise, LLC

| # | LAST NAME | FIRST NAME | Loc. | ZONE | August 30 to Sept. 5 | Time In | Time out | Signature |
|---|-----------|------------|------|------|---------------------|---------|----------|-----------|
| 1 | ACHESON | MARK | CM18 | 1 | | 6:00 | 12:00 | |
| 2 | ALCANTARA | JOEL | CM18 | 1 | | 6:00 | 12:00 | |
| 3 | ALVARADO | MARTIN Driver | CM18 | 1 | | 6:00 | 18:00 | DRIVER |
| 4 | BARGUERENA | JESUS | CM18 | 1 | | 6:00 | 18:00 | |
| 5 | BARRERA | CESAR | CM18 | 1 | | 6:00 | 18:00 | |
| 6 | BARRERA | ERASMO | CM18 | 1 | | 6:00 | 18:00 | |
| 7 | CASTILLEJO | ANTONIO | CM18 | 1 | | 6:00 | 18:00 | Antonio Castilleja |
| 8 | CASTILLEJO | ARTURO | CM18 | 1 | | 6:00 | 18:00 | Arturo Castilleja |
| 9 | CAVAZOS | RUBEN | CM18 | 1 | | 6:00 | 18:00 | |
| 10 | CELLESTINE | ALLEN | CM18 | 1 | | 6:00 | 18:00 | |
| 11 | CHAVEZ | ADALBERTO | CM18 | 1 | | 6:00 | 18:00 | |
| 12 | CREEL | MICHAEL | CM18 | 1 | | 6:00 | 18:00 | |
| 13 | DELACRUZ | LIBRADO OFIS | CM18 | 1 | OFF | | 12:00 | |
| 14 | GUEVARA | FERNANDO | CM18 | 1 | | 6:00 | 18:00 | |
| 15 | IBOA | LUZ MARIA DC | TRAZ | 1 | | 6:00 | 18:00 | |
| 16 | JIMENEZ | MARIO | CM18 | 1 | | 6:00 | 18:00 | |
| 17 | JUAREZ | DENNY | CM18 | 1 | | 6:00 | 18:00 | |
| 18 | LINARES | HECTOR | CM18 | 1 | | 6:00 | 18:00 | |
| 19 | LOCHAN | KARAM | TRAZ/CM 18 | 1 | | 6:00 | 18:00 | |
| 20 | MANRIQUEZ | VIVIAN | TRAZ | 1 | | 12:00 | 18:00 | Signature on file |
| 21 | MARMOLEJO | SERVANDO | CM18 | 1 | | 6:00 | 18:00 | |
| 22 | MORIN | ARCADIO | CM18 | 1 | | 6:00 | 18:00 | Arcadio Morin |
| 23 | NELSON | JOHN | CM18 | 1 | | 12:00 | 18:00 | Signature on File |



01/27/2011  23:35    3374947355              GLOBAL MANAGEMENT E                    PAGE  15/24

Date: 9/8/2010

Location: GRAND TERRE I

Management Enterprise, LLC

| # | LAST NAME | FIRST NAME | Loc. | ZONE | Sept. 6 to Sept. 12 | TIME IN | TIME OUT | T. HOURS | SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ACHESON | MARK | CPFC | 1 | OFF | | | 0:00 | |
| 2 | ALCANTARA | JOEL | CPFC | 1 | OFF | | | 0:00 | |
| 3 | ALVARADO | MARTIN | CPFC | 1 | OFF | | | 0:00 | |
| 4 | BARGUERENA | JESUS | CPFC | 1 | | | | 0:00 | |
| 5 | BARRAGAN | JESUS | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Jesus M Barragan navione |
| 6 | BARRERA | CESAR | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Jesus cabrera cm |
| 7 | BARRERA | ERASMO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Eras.Bons |
| 8 | BERARD | MANUEL | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Bertrand Bdn req 24 |
| 9 | BROOKS | DARREL | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Manuel Bos |
| 10 | CARRIZALEZ | HIPOLITO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | DARRIN wilson |
| 11 | CASTILLEJO | ANTONIO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Marcelle Camp |
| 12 | CASTILLO | ARTURO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Arturo Castillo |
| 13 | CASTILLO | AMANCIO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Amancio Castillo |
| 14 | CAVAZOS | RUBEN | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Ruben R Chavoge |
| 15 | CAVAZOS | ALDO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 16 | CAVAZOS | ISOAR | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 17 | CELLESTINE | ALLEN | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 18 | CHAVEZ | ADALBERTO | CPFC | 1 | OFF | | | 0:00 | |
| 19 | CREEL | MICHAEL | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 20 | DELACRUZ | LIBRADO | CPFC | 1 | OFF | | | 0:00 | |
| 21 | GUEVARA | FERNANDO | CPFC | 1 | OFF | | | 0:00 | |
| 22 | IBOA | LUZ MARIA | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 23 | JIMENEZ | MARIO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |



Date:                                    9/7/2010                    Location:              GRAND TERRE I



Management Enterprise, LLC

| # | LAST NAME | FIRST NAME | Loc. | ZONE | Sept. 6 to Sept. 12 | TIME IN | TIME OUT | T. HOURS | SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ACHESON | MARK | CPFC | 1 | OFF | | | 0:00 | |
| 2 | ALCANTARA | JOEL | CPFC | 1 | OFF | | | 0:00 | |
| 3 | ALVARADO | MARTIN | CPFC | 1 | OFF | | | 0:00 | |
| 4 | BARGUERENA | JESUS | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Jesus Barguerena |
| 5 | BARRAGAN | JESUS | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 6 | BARRERA | CESAR | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Cesar Barrera |
| 7 | BARRERA | ERASMO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Erasmo Barrera |
| 8 | BERARD | MANUEL | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Manuel Berard |
| 9 | BROOKS | DARREL | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Darrel Brooks |
| 10 | CARRIZALEZ | HIPOLITO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 11 | CASTILLEJO | ANTONIO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Antonio Castillejo |
| 12 | CASTILLEJO | ARTURO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Arturo Castillejo |
| 13 | CASTILLO | AMANCIO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Amancio Castillo |
| 14 | CAVAZOS | RUBEN | CPFC | 1 | | 6:00 | 18:00 | 12:00 | Ruben R. Cavazos |
| 15 | CAVAZOS | ALDO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 16 | CAVAZOS | ISOAR | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 17 | CELLESTINE | ALLEN | CPFC | 1 | OFF | 6:00 | 18:00 | 12:00 | Allen |
| 18 | CHAVEZ | ADALBERTO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 19 | CREEL | MICHAEL | CPFC | 1 | OFF | | | 0:00 | |
| 20 | DELACRUZ | LIBRADO | CPFC | 1 | OFF | | | 0:00 | |
| 21 | GUEVARA | FERNANDO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 22 | IBOA | LUZ MARIA | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |
| 23 | JIMENEZ | MARIO | CPFC | 1 | | 6:00 | 18:00 | 12:00 | |

Date: 9/26/2010

Location: GRAND TERRE II

GLOBAL — Management Enterprise, LLC

| # | LAST NAME | FIRST NAME | Loc. | ZONE | Sept. 20 to Sept. 26 | TIME IN | TIME OUT | T. HOURS | SIGNATURE |
|---|-----------|-----------|------|------|------|---------|----------|-----------|-----------|
| 1 | ALEXANDER | OFELIA | CAJUN | 2F | OUT | 6:00 | 12:00 | 6:00 | |
| 2 | COLLINS | CHRIS | CAJUN | 2F | IN | 12:00 | 18:00 | 6:00 | |
| 3 | COLLINS | LEONARD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 4 | FRANK | TYRONE | CAJUN | 2F | IN | 12:00 | 18:00 | 6:00 | |
| 5 | GARRICK | BILLY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 6 | GONZALEZ | REYNALDO | CAJUN | 2F | IN | 12:00 | 18:00 | 6:00 | |
| 7 | HARRIS | RONALD | CAJUN | 2F | IN. | | 18:00 | 6:00 | |
| 8 | HERNANDEZ | BALTAZAR | CAJUN | 2F | OUT | 12:00 | 18:00 | 6:00 | |
| 9 | IBOA | LUZ MARIA | CAJUN | 2F | OUT | 6:00 | 12:00 | 6:00 | |
| 10 | JOSEPH | DERON | CAJUN | 2F | OUT | 6:00 | 12:00 | 6:00 | |
| 11 | KINGSLEY | JOEL | CAJUN | 2F | | 6:00 | 12:00 | 6:00 | |
| 12 | LEVI | IVORY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 13 | LEWIS | BYRON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 14 | LOPEZ | GUILLERMO | CAJUN | 2F | OUT | 6:00 | 12:00 | 6:00 | |
| 15 | LOPEZ | URI | CAJUN | 2F | OUT | 6:00 | 12:00 | 6:00 | |
| 16 | MALONE | BRYAN | CAJUN | 2F | 12 | 6:00 | 18:00 | 12:00 | |

64

Date: 9/25/2010

Location:

... Management Enterprise, LLC

GRAND TERRE II

| # | LAST NAME | FIRST NAME | Loc. | ZONE | Sept. 20 to Sept. 26 | TIME IN | TIME OUT | T. HOURS | SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ALEXANDER | OFELIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 2 | COLLINS | CHRIS | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 3 | COLLINS | LEONARD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 4 | FRANK | TYRONE | CAJUN | 2F | OFF | 6:00 | 18:00 | 12:00 | |
| 5 | GARRICK | BILLY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 6 | GONZALEZ | REYNALDO | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 7 | HARRIS | RONALD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 8 | HERNANDEZ | BALTAZAR | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 9 | IBOA | LUZ MARIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 10 | JOSEPH | DERON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 11 | KINGSLEY | JOEL | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 12 | LEVI | IVORY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 13 | LEWIS | BYRON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 14 | LOPEZ | GUILLERMO | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 15 | LOPEZ | URI | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 16 | MALONE | BRYAN | CAJUN | 2F | 12 | 6:00 | 18:00 | 12:00 | |

64

Date: 9/24/2010     Location: GRAND TERRE II

Management Enterprise LLC

| # | LAST NAME | FIRST NAME | LOC. | ZONE | Sept. 20 to Sept. 26 | TIME IN | TIME OUT | T. HOURS | SIGNATURE |
|---|-----------|------------|------|------|----------------------|---------|----------|----------|-----------|
| 1 | ALEXANDER | OFELIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 2 | COLLINS | CHRIS | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 3 | COLLINS | LEONARD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 4 | FRANK | TYRONE | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 5 | GARRICK | BILLY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 6 | GONZALEZ | REYNALDO | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 7 | HARRIS | RONALD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 8 | HERNANDEZ | BALTAZAR | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 9 | IBOA | LUZ MARIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 10 | JOSEPH | DERON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 11 | KINGSLEY | JOEL | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 12 | LEVI | IVORY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 13 | LEWIS | BYRON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 14 | LOPEZ | GUILLERMO | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 15 | LOPEZ | URI | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 16 | MALONE | BRYAN | CAJUN | 2F | 12 | 6:00 | 18:00 | 12:00 | |

64

01/27/2011  23:35   3374947355                GLOBAL MANAGEMENT E                        PAGE  20/24

Date: 9/22/2010    Location:

Management Enterprises, LLC

GRAND TERRE II

| # | LAST NAME | FIRST NAME | Loc. ZONE | | Sept. 20 to Sept. 26 | TIME IN | TIME OUT | T. HOURS | SIGNATURE |
|---|-----------|------------|-----------|---|----------------------|---------|----------|-----------|-----------|
| 1 | ALEXANDER | OFELIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 2 | COLLINS | CHRIS | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 3 | COLLINS | LEONARD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 4 | FRANK | TYRONE | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 5 | GARRICK | BILLY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 6 | GONZALEZ | REYNALDO | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 7 | HARRIS | RONALD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 8 | HERNANDEZ | BALTAZAR | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 9 | IBOA | LUZ MARIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 10 | JOSEPH | DERON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 11 | KINGSLEY | JOEL | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 12 | LEVI | IVORY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 13 | LEWIS | BYRON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 14 | LOPEZ | GUILLERMO | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 15 | LOPEZ | URI | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 16 | MALONE | BRYAN | CAJUN | 2F | 10 | 6:00 | 18:00 | 12:00 | |

64

GLOBAL Management Enterprise, LLC

Date: 9/22/2010          Location:  GRAND TERRE II

| # | LAST NAME | FIRST NAME | Loc. | ZONE | Sept. 20 to Sept. 26 | TIME IN | TIME OUT | T. HOURS | SIGNATURES |
|---|-----------|------------|------|------|-----------------------|---------|----------|-----------|------------|
| 1 | ALEXANDER | OFELIA | CAJUN | 2F | 6:00 | 6:00 | 18:00 | 12:00 | |
| 2 | COLLINS | CHRIS | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 3 | COLLINS | LEONARD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 4 | FRANK | TYRONE | CAJUN | 2F | OFF | 6:00 | 18:00 | 12:00 | |
| 5 | GARRICK | BILLY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 6 | GONZALEZ | REYNALDO | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 7 | HARRIS | RONALD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 8 | HERNANDEZ | BALTAZAR | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 9 | IBOA | LUZ MARIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 10 | JOSEPH | DERON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 11 | KINGSLEY | JOEL | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 12 | LEVI | IVORY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 13 | LEWIS | BYRON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 14 | LOPEZ | GUILLERMO | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 15 | LOPEZ | URI | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 16 | MALONE | BRYAN | CAJUN | 2F | 12 | 6:00 | 18:00 | 12:00 | |

64

01/27/2011  23:35   3374947355                    GLOBAL MANAGEMENT E                    PAGE  22/24

Management Enterprise, LLC

Date: 9/21/2010                    Location:   GRAND TERRE II

| # | LAST NAME | FIRST NAME | LOC. | ZONE | Sept. 20 to Sept. 26 | TIME IN | TIME OUT | T. HOURS | SIGNATURE |
|---|-----------|-----------|------|------|---------------------|---------|----------|----------|-----------|
| 1 | ALEXANDER | OFELIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 2 | COLLINS | CHRIS | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 3 | COLLINS | LEONARD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 4 | FRANK | TYRONE | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 5 | GARRICK | BILLY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 6 | GONZALEZ | REYNALDO | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 7 | HARRIS | RONALD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 8 | HERNANDEZ | BALTAZAR | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 9 | IBOA | LUZ MARIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 10 | JOSEPH | DERON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 11 | KINGSLEY | JOEL | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 12 | LEVI | IVORY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 13 | LEWIS | BYRON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 14 | LOPEZ | GUILLERMO | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 15 | LOPEZ | URI | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 16 | MALONE | BRYAN | CAJUN | 2F | 12 | 6:00 | 18:00 | 12:00 | |

64

01/27/2011   23:35   3374947355                GLOBAL MANAGEMENT E                                    PAGE   23/24

Date: 9/20/2010                    Location: GRAND TERRE II

Management Enterprises, LLC

| # | LAST NAME | FIRST NAME | Loc. | ZONE | Sept. 20 to Sept. 26 | TIME IN | TIME OUT | T. HOURS | SIGNATURE |
|---|-----------|-----------|------|------|------|---------|----------|----------|-----------|
| 1 | ALEXANDER | OFELIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 2 | COLLINS | CHRIS | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 3 | COLLINS | LEONARD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 4 | FRANK | TYRONE | CAJUN | 2F | OFF | 6:00 | 18:00 | 12:00 | |
| 5 | GARRICK | BILLY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 6 | GONZALEZ | REYNALDO | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 7 | HARRIS | RONALD | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 8 | KINGSLEY | JOEL | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 9 | LEVI | IVORY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 10 | LEWIS | BYRON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 11 | MALONE | BRYAN | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 12 | McNEIL | DESMOND | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 13 | OZUNA | LUIS | CAJUN | 2F | OFF | 0:00 | 0:00 | 0:00 | |
| 14 | PELLERIN | PAUL MICHELLE | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 15 | POLANCO | JEAN | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 16 | TUCKER | CASANDRA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 17 | VARGAS | REY | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 18 | HERNANDEZ | BALTAZAR | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 19 | IBOA | LUZ MARIA | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |
| 20 | JOSEPH | DERON | CAJUN | 2F | | 6:00 | 18:00 | 12:00 | |

Sep. 19, 2010.

| # | Last Name | First Name | | Type | | | | | | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 21 | | | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 22 | | A | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 23 | DUQUETTE | MICHAEL | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | TO GTII |
| 24 | | | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 25 | | | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 26 | GUEVARA | FERNANDO | | CAJUN | 1 | | 12:00 | 18:00 | 6:00 | |
| 27 | | | | | | | | | | |
| 28 | HOLLISTER | RICCO | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 29 | IBOA | LUZ MARIA | | CAJUN | 1 | | 12:00 | 18:00 | 6:00 | |
| 30 | JIMENEZ | MARIO | | CAJUN | 1 | | 6:00 | 12:00 | 6:00 | |
| 31 | JOSEPH | DERON | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 32 | JUAREZ | DENNY | | CAJUN | 1 | | 12:00 | 18:00 | 6:00 | Denny Juarez |
| 33 | LINARES | HECTOR | | CAJUN | 1 | | 12:00 | 18:00 | 6:00 | |
| 34 | LOCHAN | KARAM | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 35 | | | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 36 | | | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 37 | MARMOLEJO | SERVANDO | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 38 | MORIN | ARCADIO | | CAJUN | 1 | | 12:00 | 18:00 | 6:00 | |
| 39 | NELSON | JOHN | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 40 | ORTIZ | OSCAR | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |
| 41 | PAREDES | RODRIGO | | CAJUN | 1 | | 6:00 | 12:00 | 6:00 | |
| 42 | PEREZ | ISMAEL | | CAJUN | 1 | | 12:00 | 18:00 | 6:00 | |
| 43 | PEREZ | JAVIER | | CAJUN | 1 | | 6:00 | 12:00 | 6:00 | Javier Perez |
| 44 | RODRIGUEZ | ROBERTO | | CAJUN | 1 | | 6:00 | 12:00 | 6:00 | Roberto Rodriguez |
| 45 | SILVA | JAIME | | CAJUN | 1 | | 12:00 | 18:00 | 6:00 | |
| 46 | WELSH | GEORGE | | CAJUN | 1 | | 6:00 | 18:00 | 12:00 | |

07/12/2011 11:20 FAX  3372334442            LSI LLC                              ☑0001/0027



# MEDICAL SPECIALTY

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Attn: Jamie Leblanc | Louisiana Specialty Institute, L.L.C. |

| COMPANY: | DATE: |
|---|---|
| LWCC | 7/11/2011 |

| FAX NUMBER: | TOTAL NO. OF PAGES, INCLUDING COVER: |
|---|---|
| 225.231.0261 | 27 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| 225.231.0895 | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Pt. Luz Maria Iboa | |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

501 W. ST. MARY BLVD., STE. 110
LAFAYETTE, LA 70506
P 337.233.8887   F 337.233.4442

# LOUISIANA SPECIALTY INSTITUTE

A Professional Limited Liability Company
Multi-Disciplinary Medical Treatment
501 West St. Mary Blvd., Ste. 110
Lafayette, LA 70506

Phone: (337) 233.8887

Fax: (337) 233.4442

July 11, 2011

LWCC
Attn: Jamie LeBlanc
P.O. Box 98052
Baton Rouge, LA 70898

***FIRST REQUEST***

RE:        Luz Maria Iboa
Claim #    159690

Dear Mr. Small,

The purpose of this letter is to request written authorization to proceed with an evaluation and follow-up care on the above named patient. Upon receipt of the confirmation of payment we will proceed with the scheduling of the following

## * EVALUATION & TREATMENT OF WORK RELATED INJURY

This letter may be faxed to us at 337.233.4442.

Please reply to this request promptly so we may proceed with the scheduling of these procedures. These procedures cannot be scheduled until written verification is received.

If either of these procedures are not authorized at this time, or if a second opinion is necessary, please advise us prior to signing the authorization.

If further information is needed, please feel free to contact me.

Sincerely,

B. Spell

Brandi I. Spell
Scheduling Coordinator

Is pre-cert required? _____

Pre-cert company: _____ Phone: _____

SIGNATURE_____ DATE: _____

FAXED

## LSI LLC
MEDICAL SPECIALTY

07/12/2011 11:21 FAX  3372334442                LSI LLC                                    ☑0003/0027

Jun 29 2011 11:12AM   HP LASERJET FAX                                                        p.1

# BACK & JOINT INJURY CLINIC
## CONFIDENTIAL INFORMATION VIA FACILE

DATE:  _6/29/11_                          TOTAL NUMBER PAGES SENT: _24_

| | |
|---|---|
| To: _Referral  Work Comp_ | From: Samuel Liscum, D.C. |
| Company: _Dr. Joseph Bozelle_ | **BACK & JOINT INJURY CLINIC** **d/b/a Human Performance: A** **Wellness & Rehab Center** |
| Fax Number: _(337) 233 - 4442_ | 1 Lakeshore Dr., Suite 1620 |
| Phone Number: _(337) 233 - 8887_ | Lake Charles, LA. 70629 |
| Re: _Referral: Pain  Management._ | Fax # (337) 439-7011 Office # (337) 439-7007 |

| Urgent | For Review | Please Comment | Please Reply | Please Recycle |
|---|---|---|---|---|

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader if this message is no the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the address above via the postal service.

**Notes & Comments**                                              Thank you

**Response and Comments:**

07/12/2011 11:21 FAX  3372334442          LSI LLC                           ☑0004/0027

Jun 29 2011 11:12AM  HP LASERJET FAX                                        P.2

# Back & Joint Injury Clinic

1 Lakeshore Dr.
Suite 1620
Lake Charles, LA. 70629
(337) 439 7007
Fax: (337)439-7011

06/29/2011

| | |
|---|---|
| **Requestor:** | Samuel Liscum, D.C. |
| **Patient Name:** | IBOA, LUZ MARIA |
| **Date of Injury:** | 09/02/2010 |
| **Date of Birth:** | ███1952 |
| **Social security:** | xxx-xx-7106 |
| **Employer:** | Global Management Enterprises, LLC |
| **Work Comp Carrier:** | Louisiana Worker's Compensation Corp. |
| **Carrier Claim#** | 159690 |
| **Adjustor:** | Mark Small |

**DIAGNOSIS:** These conditions are, within medical probability, directly caused by the work related injury of 09/02/2010.

1)  722.10:  Lumbar disc syndrome
2)  722.0:  Cervical disc syndrome
3)  724.4:  Lumbar radiculitus
4)  723.4:  Cervical radiculitus
5)  728.2:  De-conditioning syndrome
6)  728.85:  Myospasm

**RX:**   Pain Management Evaluation with Dr. Joseph Bozelle

Samuel Liscum, D.C.

# Charles R. Herring, D.C., D.A.B.C.C., F.I.C.C.

P.O. Box 86758
Baton Rouge, Louisiana 70879-6758
(225) 286-0091
Fax (225) 291-8708

June 24, 2011

Samuel Liscum, D.C.
1 Lakeshore Drive, Suite 1620
Lake Charles, Louisiana 70629

RE: Luz Maria Iboa
Carrier: LWCC
Claim No.: 159690
Claims Rep.: Mark Small

Your request for approval of diagnostic services on the above captioned individual has been reviewed in accordance with the statutes and the rules promulgated by the Office of Workers Compensation. The result of this review is as follows:

The requested EMG and NCV are DENIED because the tests do not appear to be medically necessary.

It is important for you to know that any DENIAL is based upon information provided by you and/or your office staff. If you have additional information that you believe should be considered in this denial LWCC will re-consider payment for the denied treatment upon receipt.

The determination of actual benefits to be paid will be made by LWCC upon receipt of the completed claim. Payment for the services provided is subject to statutory limitations. Eligibility is dependent upon:

1. The medical necessity for services provided.
2. The work-relatedness of the illness or injury.

If you disagree with this decision, you may appeal in accordance with Chapter 27, Utilization Review Guidelines.

cc:     LWCC
        Claims Representative

07/12/2011 11:22 FAX  3372334442              LSI LLC                              ☒0006/0027

Jun 29 2011 11:12AM  HP LASERJET FAX                                              p.5

# Back & Joint Injury Clinic

1 Lakeshore Dr.
Suite 1620
Lake Charles, LA. 70629
(337) 439 7007
Fax: (337)439-7011

May 26, 2011

| | |
|---|---|
| **Patient Name:** | IBOA, LUZ MARIA |
| **Date of Injury:** | 09/02/2010 |
| **Date of Birth:** | ▓▓/1952 |
| **Social security:** | xxx-xx-7106 |
| **Employer:** | Global Management Enterprises, LLC |
| **Work Comp Carrier:** | Louisiana Worker's Compensation Corp. |
| **Carrier Claim#** | 159690 |
| **Adjustor:** | Mark Small |

## FOLLOW-UP EVALUATION

**HISTORY OF PRESENT ILLNESS:** Ms. Luz Maria Iboa, 59 yr. old widowed female, presented today, 05/26/2011, for re-evaluation of the work related injuries that occurred on 09/02/2010 while working as a general laborer for Global Management Enterprises, LLC, which was contracted with British Petroleum for oil spill clean-up in Grand Isle, LA. Ms. Iboa speaks Spanish and was translated with help of her brother.

On 01/26/2011, Dr. McCoy reported on MRI of the lumbar spine disc bulge with foraminal narrowing at L4-L5, and disc bulges at L1-L2, L2-L3, and L5-S1. On 01/26/2011, Dr. McCoy reported disc bulges form C3-C4 disc to C7-T1 disc on MRI of the cervical spine.

Ms. Iboa has been in a home exercise and home therapy program since last evaluation on 04/12/2011. On 05/19/2011, Ms. Iboa completed a functional capacity evaluation (FCE) with David Reagan, PT. Ms. Iboa reported severe increase in pain following the evaluation. She reports her neck pain increased severely with pain and tingling into her right arm while she standing reaching and lifting with weights over her head. The patient reported increased low back pain into her right leg with bending and lifting. Ms. Iboa reports trying to do her home therapy and home exercise to get relief over the pastweek since the FCE, but her pain has not improved. Ms. Iboa is very concerned that she may have made her condition worse doing the evaluation with Mr. Reagan, P.T. I have not received Mr. Reagan's report.

**CHIEF COMPLAINT:** Ms. Iboa is reporting that she sustained a work-related injury to the low back, and neck, and she has been complaining as follows since the date of injury.

Luz Maria Iboa
Follow-Up Medical Report

05/26/2011
Page 1

**Low Back:** Since the FCE on 05/19/2011, Ms. Iboa is reporting of constant sharp low back pain that increases with walking, standing, bending, twisting, getting up, and/or getting dressed. Ms. Iboa reports she can only stand and/or walk for about 20 minutes. She notes frequent numbing, tingling into her right leg. Ms. Iboa rates her low back pain at 7/10, but at its worse it is 9/10.

**Neck Pain:** Since the FCE on 05/19/2011, Ms. Iboa is having constant sharp aching neck pain with throbbing headaches, and constant pain radiating into her right arm and hand. She reports the neck pain increases with moving her head, and reaching overhead. She is rates her neck pain at 8/10, but at its worse 9/10.

**JOB DESCRIPTION:** Ms. Iboa reports she works as a general laborer. She describes her work as the following:

{X} Sit __ hrs/day     { } Drive ___ hrs/day     { } Work at computer ____ hrs/day
{X} Stand _10_ hrs/day     {X} Walk _8_ hrs/day
Lifting:  {X} 1-10 lbs         __ Occasionally    _X_ Frequently    __ Constantly
         {X} 11-25 lbs        __ Occasionally    _X_ Frequently    __ Constantly
         { } 26-50 lbs        __ Occasionally    __ Frequently     __ Constantly
         { } 51-100 lbs       __ Occasionally(pushing Cart)__ Frequently __ Constantly
         { } 101lbs or more   __ Occasionally    __ Frequently     __ Constantly
{X} Bending       __ Occasionally    _X_ Frequently    __ Constantly
{X} Twisting      __ Occasionally    _X_ Frequently    __ Constantly
{X} Reaching      __ Occasionally    _X_ Frequently    __ Constantly
{X} Push/Pull     __ Occasionally    _X_ Frequently    __ Constantly

Note: Per the Dictionary of Occupational Titles the above job description would place Ms. Iboa's occupation as a general laborer in the Physical Demand Strength Rating as Medium (M). The M-Medium Work - *Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects.* Physical Demand requirements are in excess of those for Light Work.

**PHYSICAL EXAMINATION:** Lumbar: Minor's sign is present. Right Achilles DTRs was 1+. Muscle strength evaluation reveals weakness of the right tibialis anterior and right iliopsoas. Sensory examination is decreased over the right L5, and S1 dermatome. There is no atrophy noted. Palpatory findings at the levels of L2-L5/S1 reveal pain, myofascial trigger points, spinal tenderness along with muscle guarding, worse on the right. Valsalva's is negative for low back pain. SLR is positive on the right at 35 degrees with low back pain, on the left at 65 degrees. The patient is able to perform Toe and Heel Walk Test. Kemp's test is positive worse on the left. Gaenslen's and Patrick-Fabere's tests elicit low back pain. AROM of the lumbar spine was decreased since last evaluation due to increased pain from evaluation: flexion: 30 degrees, extension: 10 degrees, right lateral flexion: 15 degrees, left lateral flexion: 15 degrees. AROM of lumbar spine is still limited due to muscle spasm and joint dysfunction.

**Cervical:** Rt. brachioradialis DTR was +1. DTR of the upper extremities were otherwise normal. Sensation to pinwheel was diminished over the right lateral forearm as compared to the left. Manual muscle testing the cervical spine demonstrated strength rated 5/5 of flexion, extension, rotation bilaterally, and lateral flexion bilaterally with neck pain and radiating pain from neck into mid back during testing. Cervical compression, distraction,

Luz Maria Iboa
Follow-Up Medical Report

05/26/2011
Page 2

shoulder depression and Jackson's test elicited pain into the right side of neck. Palpation elicited pain spasm, myofascial trigger points and spasm in the cervical and upper thoracic paraspinal muscles, worse on the right. AROM of the cervical spine was decreased since last evaluation due to increased pain from evaluation, flexion: 40 degrees, extension: 30 degrees, right lateral flexion: 25 degrees, left lateral flexion 35, right rotation: 40 degrees, and left rotation: 30 degrees.

**DIAGNOSIS:** These conditions are, within medical probability, directly caused by the work related injury of 09/02/2010.
1) 722.10: Lumbar disc syndrome
2) 722.0: Cervical disc syndrome
3) 724.4: Lumbar radiculitis
4) 723.4: Cervical radiculitis
5) 728.2: De-conditioning syndrome
6) 728.85: Myospasm

**RECOMMENDATIONS AND TREATMENT PLAN:**
1    Refer for EMG/NCV of upper and lower extremity. Patient to increase home exercise and home therapy program.

2.    If patient fails to respond to increase home therapy and home exercises to address increased pain from FCE on 05/19/2011, then Ms. Iboa is a candidate for physical medicine to all the injured area above (lumbar and cervical). *Ms. Iboa having osteoporosis and osteoarthritis will only complicate her recovery, and remove her from being a patient that can placed in guidelines for normal recovery times.* The patient will perform some or all the following on any given day for 12 treatment sessions/ three times a week for 4 weeks.

    97032  Electrical Muscle Stimulation (EMS)
    98941  Chiropractic Manipulative Therapy
    97140  Manual Therapy
    97012  Mechanical Traction
    97110  Therapeutic Procedures: up to 4 Units.
- General Stretching of Trunk, Upper and Lower Extremities
- Thera-Band Exercises
- Treadmill
- Wobble board
- Exercise Bike
- Stair exercises.

Goals/Rationale:
- ✓ Decrease pain.
- ✓ Decrease radicular pain.
- ✓ Increase balance and coordination.
- ✓ Increase ROM.
- ✓ Increase stability.
- ✓ Increase strength levels

Luz Maria Iboa
Follow-Up Medical Report

05/26/2011
Page 3

07/12/2011 11:23 FAX  3372334442              LSI LLC                              ☑0009/0027
Jun 29 2011 11:13AM  HP LASERJET FAX                                           P.8

- ✓ Increase mobility.
- ✓ Increase flexibility.
- ✓ Increase blood circulation to help promote the healing process.
- ✓ Promote functional restoration and return to work.

3.    The patient will be issued a Lumbar spinal support and issued Medrox, topical analgesic gel, to help decrease muscle spasms, help with pain control, and help facilitate healing.

4.    The patient will be issued EMS and TENS combination unit to help decrease muscle spasms, help with pain control, and help facilitate healing.

5.    The patient will follow-up in approximately 4 weeks.

6.    The patient is not at the point of MMI.

7.    The patient prognosis is favorable.

8.    The patient will be taken off of work due to her work-related injury.

9.    The patient is able to return to work at the capacity noted on her restricted work status for 03/07/2011.

10.   It is my opinion and based on practices in this area, the treatment recommended is reasonable and necessary.

If you have any questions regarding this patient please feel free to contact this office at your convenience.

Samuel E. Liscum, D.C.
LA LIC# 1563

**Attachments:**
Restricted work status dated 03/07/2011

**cc:**
Louisiana Worker's Compensation Corp.
Mr. Scott J. Pias, Attorney at Law

Luz Maria Iboa
Follow-Up Medical Report

05/26/2011
Page 4

**Back & Joint Injury Clinic**
1 Lakeshore Dr., Ste 1620
Lake Charles, LA. 70629

(337) 439-7007
(337) 439-7011

## WORK STATUS REPORT

| Employee Information | Doctors Information | Employers Information |
|---|---|---|
| Name: Luz Toca | Dr. Sam Liscum, D.C. | Name: Globe |
| DOI 9/2/10  SS# xxx-xx-7104 | | Phone & Fax (337) 494-7355 |
| Employee Description of Injury: Inj. N. LB. Fall on leafe while camping. T-Post | | Insurance Carrier Information  LWCC (225) 231-0261 |
| | | c/m # 159690 |

### Employee's Work Status Information
The injured employee's Medical Condition resulting from the worker's compensation injury:
- ☐ Will allow the employee to return to work as of _____ without restrictions
- ☒ Will allow the employee to return to work as of **2/7/2011** with restrictions listed below:
- ☐ Has prevented and still prevents the employee form returning to work as of _____ and is expected to continue through _____.   Additional Comments: _____

### POSTURE RESTRICTIONS | Activity Restrictions MOTION RESTRICTIONS | MISC. RESTRICTIONS

| POSTURE | Max hours / day | MOTION | Max hours / day | MISC. RESTRICTIONS |
|---|---|---|---|---|
| Standing | 0 2 3 4 | Walking | 0 2 3 4 | ☒ Max hours per day 8 |
| Sitting | 0 2 3 4 | Climbing | 0 2 3 4 | ☒ Breaks of 1 per 2½ |
| Kneeling | 0 2 3 4 | Grasping | 0 ② 3 4 | ☐ Must wear splint or cast |
| Stooping | 0 2 3 4 | Wrist flexion/extension | 0 2 3 4 | ☐ Must uses crutches |
| Push/Pull | 0 2 3 4 | Reaching | 0 2 3 4 | ☐ Not to operate heavy equipment |
| Twisting | 0 2 3 4 | Overhead | 0 2 3 4 | ☐ Only drive automatic |
| Bending | 0 2 3 ④ | Keyboarding | 0 2 3 4 | ☐ Other: |
| Other | 0 2 3 ④ | Other | 0 2 3 4 | |

### Other Restrictions
Other Restrictions: No lift > 20 lbs

These restrictions are based on the doctor's best understanding of the employee's essential job functions. If a particular restriction does not apply, it should be disregarded. If modified duty that meets these restrictions is not available, the patient should be considered to be off work. Note ~ these restrictions should be followed outside of work as well

### Medication Restriction (if any)
- ☐ Must take prescription medication
- ☐ Advised to take over the counter medication
- ☐ Medication may make drowsy

| Diagnosis for work injury | Treatment/Follow-up Appointment Information |
|---|---|
| 722.10 722.0 13.4 735.6( | Expected follows Services Include: |
| | ☐ Evaluation by treating doctor on _____ |
| | ☒ Referral to/Consult with _____ on _____ (date) at __:__ am/pm |
| | ☒ Physical medicine 3 X per week for 4 weeks, starting 3/10/2011 (date) at __:__ am/pm |

Today's Date: 1/7/2011

Employee's Signature: Luz Ma. via 1600

Doctor's Signature: [signature]



Open Air MRI of Lake Charles
3314 Lake Street
Lake Charles, LA 70601

Phone: 337-474-3333
Fax: 337-474-3330

Accredited by the American College of Radiology

**Report Provided For**
SAMUEL LISCUM DC
1 LAKE SHORE DR STE 1620
LAKE CHARLES, LA 70629

Fax: 337-439-7011

**Patient**
Name: LUZ M IBOA
MRN #: OLC-00000135615
Phone: 337-214-3119
DOB: xxxxx/1932
Exam Start: 1/26/2011  2:50:04PM          Gender: Female

**EXAMINATION: MRI EXAMINATION OF THE LUMBAR SPINE WITHOUT GADOLINIUM**

**DATED:** 1/26/11

**HISTORY:** Low back pain.

**COMPARISON EXAMINATION:** None.

**TECHNIQUE:** Sagittal T2, sagittal T1, axial T2 and axial T1 spin echo images through the lumbar spine were obtained without the use of gadolinium on the 1.5 Tesla closed MRI unit.

**FINDINGS:**

There is some slight depression of the superior cortical end plate of L2 with no abnormal marrow signal. I suspect this may merely represent a broad Schmorl's node. The lumbar elements are otherwise normal in height, alignment and marrow signal.

L1-L2:  Minimal disc bulge, otherwise normal.

L2-L3:  Minimal disc bulge, otherwise normal.

L3-L4:  Early facet arthropathy, otherwise normal.

L4-L5:  Small circumferential disc bulge. Mild facet arthropathy.  No spinal canal narrowing.  Minimal narrowing of both foramina.

L5-S1:  Minimal disc bulge.  Mild facet arthropathy.  No spinal canal narrowing.  No foraminal narrowing.

The conus medullaris terminates at T12-L1 and appears normal.

**IMPRESSION:**

**THERE ARE RATHER SMALL DISC BULGES AND MILD FACET ARTHROPATHY ALONG THE LUMBAR SPINE CAUSING NO SPINAL CANAL NARROWING AND NO SIGNIFICANT FORAMINAL NARROWING.**

Interpreting Radiologist



Printed: 1/27/2011  8:13 am                    IBOA, LUZ M (Exam 1066169)          Page 1 of 2

07/12/2011 11:24 FAX  3372334442          LSI LLC                        ☑0012/0027

Jun 29 2011 11:15AM  HP LASERJET FAX                              p. 11
                    1/28/2011 4:37 PM     FLANK -> 8,,13374397011        Page 2 of 3



Open Air MRI of Lake Charles
3114 Lake Street
Lake Charles, LA 70602

Phone: 337-474-3333
Fax: 337-474-3330

Accredited by the American College of Radiology

**Report Provided For**
SAMUEL LISCUM DC
1 LAKE SHORE DR STE 1620
LAKE CHARLES, LA 70629

Fax: 337-439-7011

**Patient**
Name: LUZ M ISOA
MRN #: OLC-00000136816
Phone: 337-314-3119
DOB: ●●●●●●1982
Exam Start: 1/26/2011  2:49:18PM          Gender: Female

**EXAMINATION: MRI EXAMINATION OF THE CERVICAL SPINE WITHOUT GADOLINIUM**

**DATED:** 01/26/2011

**HISTORY:** Neck pain. Back pain.

**COMPARISON EXAMINATION:** None.

**TECHNIQUE:** Sagittal T2 spin echo, sagittal T1 spin echo, and axial T2 gradient echo images through the cervical spine were obtained without the use of IV gadolinium on the 1.5 Tesla closed MRI unit.

**FINDINGS:**

The cervical elements are normal in height, alignment and marrow signal.

C2-C3:  Normal.

C3-C4:  Minimal disc bulge, otherwise normal.

C4-C5:  Minimal disc bulge, otherwise normal.

C5-C6:  Minimal disc bulge, otherwise normal.

C6-C7:  Minimal disc bulge, otherwise normal.

C7-T1:  Minimal disc bulge, otherwise normal.

The cervical portion of the spinal cord appears normal.

**IMPRESSION:**
THERE ARE MINIMAL DISC BULGES ALONG THE CERVICAL SPINE CAUSING NO SPINAL CANAL
NARROWING, NO CORD DEFORMATION AND NO FORAMINAL NARROWING.

Interpreting Radiologist

Victor McCoy, M.D.
Electronically Signed: 1/26/11  4:38 pm

Printed: 1/26/2011  4:37 pm

ISOA, LUZ M (Exam 1066168)

Page 1 of 2

07/12/2011 11:24 FAX  3372334442          LSI LLC                    ☒0013/0027

Jun 29 2011 11:15AM  HP LASERJET FAX                                      p. 12
FEB-16-2011  10:24AM  FROM-CLARK GUNDERSON

                                            3374335448            T-184  P.001/002  F-131

## Clark A. Gunderson, MD
### A Professional Medical Corporation
### 2615 Enterprise Boulevard
### Lake Charles, Louisiana 70601

Phone: (337) 436-2225
Fax: (337) 433-5448

Orthopedic Surgery
Spine Surgery
Hip and Knee Replacement Surgery

February 15, 2011

Samuel E. Liscum, DC
1 Lakeshore Drive, Suite 1620
Lake Charles, Louisiana 70629
Via facsimile – 337-439-7011

Re:  Luz M. Iboa – 82652

Dear Dr. Liscum:

Thank you for referring Luz Iboa for an orthopedic consultation relative to her neck and lower back complaints. As you know she is a 59 year old Hispanic woman who only speaks Spanish. She was seen with a relative as an interpreter. It is my understanding that she was working for a general contractor during the BP oil spill doing cleanup work. She was injured on 9-2-10 while carrying a post, and tripped on something and fell backwards landing on her lower back and hitting her head, and immediately had neck and lower back pain. She was seen by a company doctor and evaluated and given medications. She then went to Moss Regional Hospital, and then began chiropractic treatment. She has never returned to work.

At the present time the patient has neck and lower back pain with the lower back pain more severe. She states the neck pain is mild and is associated with some numbness in her left arm. The pain is worse with activities of daily living.

The pain in her lower back radiates down her left leg into her thigh. She describes this as constant, and more severe than the neck pain. This pain is aggravated by standing and walking. She had no bowel or bladder complaints. She has no previous history of neck or lower back complaints.

On examination the patient has no tenderness in the cervical spine. There is a full range of motion. She had normal strength, sensation, and reflexes in the upper extremities.

On examining the lumbar spine, the patient can dress and undress without difficulty. Her posture and gait are normal. She has a relatively full range of motion. Motor, sensory, and reflex examinations in the lower extremities are normal. There is tenderness about L5 bilaterally, as well as in the left

Clark A. Gunderson, MD ● 2615 Enterprise Blvd. ● Lake Charles, LA 70801 ● Phone (337) 439-0385 ● Fax (337) 433-5448

07/12/2011 11:25 FAX  3372334442                    LSI LLC                                        ☑0014/0027

Jun 29 2011 11:15AM  HP LASERJET FAX                                                                p. 13
FEB-15-2011 10:24AM  FROM-CLARK GUNDERSON                        3374335448        T-164  P.002/002  F-431

Luz M. Iboa – 82652
February 15, 2011
Page two

sacroiliac and sciatic notch region.  Straight leg raising examination is negative.

X-rays of the cervical spine are normal.  X-rays of the lumbar spine reveal mild degenerative changes at L4-5.  I reviewed the MRI of the cervical spine which is basically normal.  The MRI of the lumbar spine demonstrates some bulging in the L4-5 disc.

It is my impression that this patient has sustained a cervical and lumbar straining type injury.  It is difficult to evaluate this because of the language barrier.  I believe that she apparently has had significant improvement with the chiropractic care.  I have given her a prescription for an anti-inflammatory agent, and advised her to continue under your care, and return to see me in 4 weeks, at which time I advised her that I would probably release her to full duty.

I appreciate you sending this lady to us, and again many thanks.

Sincerely,

Clark A. Gunderson, M.D.

te
cc:   Jamie LeBlanc/LWCC
      fax: 225-231-0261

Clark A. Gunderson, MD ● 2615Enterprise Blvd. ● Lake Charles, LA 70601 ● Phone (337) 439-0385 ● Fax (337) 433-5448

07/12/2011 11:25 FAX  3372334442          LSI LLC                                ☑0015/0027
Jun 29 2011 11:15AM  HP LASERJET FAX                                                    P. 14

# Back & Joint Injury Clinic
1 Lakeshore Dr.
Suite 1620
Lake Charles, LA. 70629
(337) 439 7007
Fax: (337)439-7011

January 12, 2011

**Patient Name:**     IBOA, LUZ MARIA
**Date of Injury:**     09/02/2010
**Date of Birth:**     ▆▆/1952
**Social security:**     xxx-xx-7106
**Employer:**     Global Management Enterprises, LLC
**Work Comp Carrier:**     Louisiana Worker's Compensation Corp.
**Carrier Claim#**     159690
**Adjustor:**     Mark Small

## INITIAL EVALUATION

**HISTORY OF PRESENT ILLNESS:** Ms. Luz Maria Iboa, 59 yr. old widowed female, reports working for Global Management Enterprises, LLC in Grand Isle, LA. The patient speaks Spanish and was translated with help of her brother. She works as a general contractor for Global Management Enterprises, LLC, which was contracted with British Petroleum for oil spill clean-up. Ms. Iboa reports she was hired approximately a month prior to her injury, and she notes she had no neck pain and/or back pain while working for Global Management Enterprises, LLC until after the work related injury of 09/02/2010.

Ms. Iboa reports on Tuesday, September 02nd, 2010 while working for Global Management Enterprises, LLC she was carrying two t-post when she tripped over something and fell backwards, landing on her low back, and striking her head on the ground. Ms. Iboa reports she had immediate severe low back pain, neck pain, and mid back pain. The patient notes the injury was reported to her supervisor, and she was taken to a company doctor in Gran Isle, La at the direction of her supervisor. At the company doctor, Ms. Iboa reports she was evaluated with x-rays, and prescribed pain medication and muscle relaxants. Ms. Iboa reports she was told by her employer the reason for her pain is arthritis and osteoporsis. She was return to work light duty approximately a week after the injury of 09/02/10. Ms. Iboa reports the contract job in Grand Isle ended and she was relocated to Lake Charles, LA. The patient reports she has made no improvements with treatment from Dr. Lee. Ms. Iboa reports Dr. Lee still has her return to work at light duty, but her employer, Global Management Enterprises, LLC , has not put her back to work.

Ms. Iboa has continued constant aching low back pain, that increases with activity, and frequent sharp throbbing neck pain, and headaches. Ms. Iboa is very concerned that she

Luz Maria Iboa
Initial Medical Report

01/12/2011
Page 1

is not getting any better, and she has reported to my office today, 01/12/2011, for evaluation and treatment recommendations, because she is not receiving any medical attention that is helping her.

**CHIEF COMPLAINT:** Ms. Iboa is reporting that she sustained a work-related injury to the low back, and neck, and she has been complaining as follows since the date of injury.

Low Back: Ms. Iboa is reporting of constant aching lower back pain that radiates deep aching into her right leg. Her low back pain increases with walking, standing, sitting, bending, twisting, getting up, getting dressed. Ms. Iboa reports she can only stand and/or walk for short periods of time. Presently, she rates her low back pain at 6/10, but at its worse it is 9/10.

Neck Pain: Ms. Iboa reports constant dull aching neck pain that shoots into her right shoulder and down her right arm with occasional numbness and tingling into her fingers. She reports the neck pain is constant tight ache that feels like a heavy pressure. She reports some occasional dizziness and headaches. She reports the neck pain increases with turning her head, looking up, and reaching overhead. She is rates her neck pain at 5/10, but at its worse 9/10.

**PAST MEDICAL HISTORY:** Ms. Iboa reported no significant previous i8njuries to her low back and neck that required medical attention. Ms. Iboa reported having been working at Global Management Enterprises, LLC since being hired in July of 2010 with no low back pain, and/or neck pain while doing her general labor duties.

Apparently, Ms. Iboa has osteoporosis and osteoarthritis which given her age is highly likely. However, the injury to the neck and low back was due the trauma of falling backwards and striking the ground while carrying two t-posts. The osteoporosis and osteoarthritis if present will only complicate Ms. Iboa's recovery, and remove her from being a patient that can placed in guidelines for normal recovery times.

**MEDICATIONS:** Pain medication, and muscle relaxants. She reports no known allergies.

**WORK HISTORY:** Ms. Iboa reported having been working for Global Management Enterprises, LLC since being hired in July of 2010 as a general laborer. Ms. Iboa reported having been working at Global Management Enterprises, LLC since being hired in July of 2010 with no low back pain, and/or neck pain while doing her general labor duties, until the date of injury on 09/02/2010.

**JOB DESCRIPTION:** Ms. Iboa reports she works as a general laborer. She describes her work as the following:

{X} Sir ___ hrs/day      { } Drive ___hrs/day    { } Work at computer ____hrs/day
{X} Stand _10_ hrs/day      {X} Walk _8_ hrs/day
Lifting:  {X} 1-10 lbs           ___ Occasionally
          {X } 11-25 lbs         ___ Occasionally    _X_ Frequently    ___ Constantly
          { } 26-50 lbs          ___ Occasionally    _X_ Frequently    ___ Constantly
                                                    ___ Frequently    ____ Constantly

Luz Maria Iboa
Initial Medical Report
                                                            01/12/2011
                                                            Page 2

{ } 51-100 lbs        __ Occasionally(pushing Cart)__ Frequently __ Constantly
{ } 101 lbs or more   __ Occasionally          __ Frequently        __ Constantly
{X} Bending       . __ Occasionally     _X_ Frequently       __ Constantly
{X} Twisting        __ Occasionally     _X_ Frequently       __ Constantly
{X} Reaching        __ Occasionally     _X_ Frequently       __ Constantly
{X} Push/Pull       __ Occasionally     _X_ Frequently       __ Constantly

Note: Per the Dictionary of Occupational Titles the above job description would place Ms. Iboa's occupation as a general laborer in the Physical Demand Strength Rating as Medium (M). The M-Medium Work - *Exerting 20 to 50 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects. Physical Demand requirements are in excess of those for Light Work.*

**PHYSICAL EXAMINATION:** Lumbar: Right Achilles DTRs was 1+. Muscle strength evaluation reveals weakness of the right tibialis anterior, right gastroc, right hamstring, right iliopsoas, and left hamstring. The patient reported increased back pain with testing the hamstrings and iliopsoas muscles bilaterally. Sensory examination is decreased over the right L4, L5, and S1 dermatome. There is no atrophy noted.

Palpatory findings at the levels of T12/L1-L5/S1 reveal pain, myofascial trigger points, spinal tenderness along with muscle guarding. Valsalva's was is positive for low back pain. Straight Leg Raising is positive on the right at 45 degrees with low back pain into the right thigh, on the left at 60 degrees. The patient is able to perform Toe and Heel Walk Test. AROM of the lumbar spine was decreased in flexion at 20 degrees, extension at 5 degrees, right lateral flexion at 10 degrees, left lateral flexion at 10 degrees, right rotation at 15 degrees and left rotation at 10 degrees due to pain, muscle guarding, and joint dysfunction. Kemp's test is positive worse to the left. Gaenslen's and Patrick-Fabere's tests elicit low back pain.

Cervical: The patient was alert and oriented times three. Cranial nerves II-XII were normal. Rhomberg's test was negative. Valsalva's was positive for neck pain. Right brachioradialis DTR was +1. DTR of the upper extremities were otherwise normal. Sensation to pinwheel was diminished over the right lateral anterior forearm as compared to the left. Manual muscle testing the cervical spine demonstrated strength rated 5/5 of flexion, extension, rotation bilaterally, and lateral flexion bilaterally with neck pain and radiating pain from neck into mid back during testing. Manual muscle testing the left upper extremity demonstrated strength rated 4/5 of right shoulder serratus anterior test. AROM of the cervical spine was decreased in flexion at 30 degrees, extension at 35 degrees, right lateral flexion at 30 degrees, left lateral flexion at 20 degrees, right rotation at 50 degrees and left rotation at 45 degrees due to pain, muscle guarding, and joint dysfunction. Cervical compression, shoulder depression and Jackson's test elicited neck pain into the right shoulder. Cervical distraction tests provoked pain relief. Palpation elicited pain spasm, myofascial trigger points and spasm in the cervical and upper thoracic paraspinal muscles, worse on the right.

Luz Maria Iboa
Initial Medical Report

07/12/2011 11:26 FAX  3372334442          LSI LLC                                    Ø0018/0027
Jun 29 2011 11:17AM  HP LASERJET FAX                                              p.17

**DIAGNOSIS:** These conditions are, within medical probability, directly caused by the work related injury of 09/02/2010.
1) 722.10: Lumbar disc syndrome
2) 722.0: Cervical disc syndrome
3) 724.4: Lumbar radiculitus
4) 723.4: Cervical radiculitus
5) 728.2: De-conditioning syndrome
6) 728.85: Myospasm

## RECOMMENDATIONS AND TREATMENT PLAN:

1    Refer for MRI of the cervical spine and lumbar spine. Obtain Medical Records from previous doctors.

2.    The patient is a candidate for physical medicine to all the injured area above (lumbar, cervical, and left shoulder).  The patient will perform some or all the following on any given day for 12 treatment sessions/ three times a week for 4 weeks.

97010  Cryotherapy
97032  Electrical Muscle Stimulation (EMS)
98941  Chiropractic Manipulative Therapy
97140  Manual Therapy
97012  Mechanical Traction
97110  Therapeutic Procedures: up to 4 Units.
- General Stretching of Trunk, Upper and Lower Extremities
- Thera-Band Exercises
- Treadmill
- Wobble board
- Exercise Bike
- Stair exercises.

Goals/Rationale:

- ✓ Decrease pain.
- ✓ Decrease radicular pain.
- ✓ Increase balance and coordination.
- ✓ Increase ROM.
- ✓ Increase stability.
- ✓ Increase strength levels
- ✓ Increase mobility.
- ✓ Increase flexibility.
- ✓ Increase blood circulation to help promote the healing process.
- ✓ Promote functional restoration and return to work.

3.    The patient will be issued a Lumbar spinal support and issued Medrox, topical analgesic gel, to help decrease muscle spasms, help with pain control, and help facilitate

Luz Maria Iboa
Initial Medical Report

01/12/2011
Page 4

healing.

4.     The patient will be issued EMS and TENS combination unit to help decrease muscle spasms, help with pain control, and help facilitate healing.

5.     The patient will follow-up in approximately 4 weeks.

6.     The patient is not at the point of MMI.

7.     The patient prognosis is guarded.

8.     The patient will be taken off of work due to her work-related injury.

9.     The patient is currently and temporarily disabled and unable to return to work at any capacity because of the severity of her injuries.

10.    It is my professional opinion that the patient did suffer work-related injury pertaining to her low back and neck.

12.    The described mechanism of injury correlates directly with her current complaints. The patient having osteoporosis and osteoarthritis will only complicate her recovery, and remove her from being a patient that can placed in guidelines for normal recovery times.

13.    In light of this data being presented, it is my professional opinion that Ms. Iboa's disability to begin on 09/02/2010.

14.    It is my opinion and based on practices in this area, the treatment recommended is reasonable and necessary.

If you have any questions regarding this patient please feel free to contact this office at your convenience.

Samuel E. Liscum, D.C.
LA LIC# 1563

**Attachments:**
Off work status

**cc:**
Louisiana Worker's Compensation Corp.

Luz Maria Iboa
Initial Medical Report

01/12/2011
Page 5

# Back & Joint Injury Clinic

1 Lakeshore Dr.
Suite 1620
Lake Charles, LA. 70629
(337) 439 7007
Fax: (337)439-7011

February 09, 2011

| | |
|---|---|
| **Patient Name:** | IBOA, LUZ MARIA |
| **Date of Injury:** | 09/02/2010 |
| **Date of Birth:** | ▆▆/1952 |
| **Social security:** | xxx-xx-7106 |
| **Employer:** | Global Management Enterprises, LLC |
| **Work Comp Carrier:** | Louisiana Worker's Compensation Corp. |
| **Carrier Claim#** | 159690 |
| **Adjustor:** | Jamie LeBlanc |

## FOLLOW-UP EVALUATION

**HISTORY OF PRESENT ILLNESS:** Ms. Luz Maria Iboa, 59 yr. old widowed female, presented today, 02/09/2011, for re-evaluation of the work related injuries that occurred on 09/02/2010 while working as a general laborer for Global Management Enterprises, LLC, which was contracted with British Petroleum for oil spill clean-up in Grand Isle, LA. Ms. Iboa speaks Spanish and was translated with help of her brother.

On 01/26/2011, Dr. McCoy reported on MRI of the lumbar spine disc bulge with foraminal narrowing at L4-L5, and disc bulges at L1-L2, L2-L3, and L5-S1. On 01/26/2011, Dr. McCoy reported disc bulges form C3-C4 disc to C7-T1 disc on MRI of the cervical spine.

Ms. Iboa has completed a few physical medicine treatments here at this facility. The patient reports improved decreased pain in severity and frequency mobility from the treatment at this office, and she is sleeping better since starting her therapy. She states she continued low back pain into her legs, worse on the left, frequent neck pain into her right shoulder and upper back. Ms. Iboa reports her pain greatly interferes with her ability to do her activities of daily living.

**CHIEF COMPLAINT:** Ms. Iboa is reporting that she sustained a work-related injury to the low back, and neck, and she has been complaining as follows since the date of injury.

**Low Back:** Ms. Iboa is reporting of constant aching lower back pain. She notes increased low back pain with walking, standing, sitting, bending, twisting, getting up, getting dressed. Ms. Iboa reports she can only stand and/or walk for about 10-15 minutes. She

Luz Maria Iboa
Follow-Up Medical Report

02/09/2011
Page 1

notes frequent burning, numbing, tingling into her left leg more than right. Ms. Iboa rates her low back pain at 4/10, but at its worse it is 7/10.

<u>Neck Pain:</u> Ms. Iboa reports constant dull aching neck pain that shoots into her right shoulder and down her right arm with occasional numbness and tingling into her fingers. She reports the neck pain is constant tight ache that feels like a heavy pressure. She reports some occasional dizziness and headaches. She reports the neck pain increases with turning her head, looking up, and reaching overhead. She is rates her neck pain at 5/10, but at its worse 9/10.

**JOB DESCRIPTION:** Ms. Iboa reports she works as a general laborer. She describes her work as the following:

{X} Sit ___ hrs/day      { } Drive ___ hrs/day      { } Work at computer ___ hrs/day
{X} Stand _10_ hrs/day    {X} Walk _8_ hrs/day
Lifting:  {X} 1-10 lbs      ___ Occasionally     _X_ Frequently      ___ Constantly
          {X} 11-25 lbs     ___ Occasionally     _X_ Frequently      ___ Constantly
          { } 26-50 lbs     ___ Occasionally     ___ Frequently      ___ Constantly
          { } 51-100 lbs    ___ Occasionally(pushing Cart) ___ Frequently  ___ Constantly
          { } 101 lbs or more ___ Occasionally   ___ Frequently      ___ Constantly
{X} Bending    ___ Occasionally    _X_ Frequently      ___ Constantly
{X} Twisting   ___ Occasionally    _X_ Frequently      ___ Constantly
{X} Reaching   ___ Occasionally    _X_ Frequently      ___ Constantly
{X} Push/Pull  ___ Occasionally    _X_ Frequently      ___ Constantly

Note: Per the Dictionary of Occupational Titles the above job description would place Ms. Iboa's occupation as a general laborer in the Physical Demand Strength Rating as Medium (M). The M-Medium Work - *Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects.* Physical Demand requirements are in excess of those for Light Work.

**PHYSICAL EXAMINATION:** <u>Lumbar:</u> Right Achilles DTRs was 1+. Muscle strength evaluation reveals weakness of the right tibialis anterior, right iliopsoas, and left hamstring. The patient reported increased back pain with testing the hamstrings and iliopsoas muscles bilaterally. Sensory examination is decreased over the right L5, and S1 dermatome. There is no atrophy noted.

Palpatory findings at the levels of L1/L2-L5/S1 reveal pain, myofascial trigger points, spinal tenderness along with muscle guarding, worse on the right. Straight Leg Raising is positive on the right at 60 degrees with low back pain. Valsalva's was is positive for low back pain into the right thigh, on the left at 70 degrees. The patient is able to perform Toe and Heel Walk Test. Kemp's test is positive worse to the left. Gaenslen's and Patrick-Fabere's tests elicit low back pain.

AROM of the lumbar spine was improved: flexion at 20 degrees to 35, extension from 5 degrees to 10 degrees, right lateral flexion: 10 degrees to 15 degrees, left lateral flexion: unchanged at 10 degrees, right rotation unchanged at 15 degrees, and left rotation: from 10 degrees to 20 degrees. AROM of lumbar spine though improved is still limited due to pain, muscle guarding, and joint dysfunction.

Luz Maria Iboa
Follow-Up Medical Report

Cervical: Valsalva's was negative for neck pain. Rt. brachioradialis DTR was +1. DTR of the upper extremities were otherwise normal. Sensation to pinwheel was diminished over the right lateral anterior forearm as compared to the left. Manual muscle testing the cervical spine demonstrated strength rated 5/5 of flexion, extension, rotation bilaterally, and lateral flexion bilaterally with neck pain and radiating pain from neck into mid back during testing. Manual muscle testing the left upper extremity demonstrated strength rated 4/5 of right shoulder serratus anterior test. Cervical compression, shoulder depression and Jackson's test elicited neck pain into the right shoulder. Cervical distraction tests provoked pain relief. Palpation elicited pain spasm, myofascial trigger points and spasm in the cervical and upper thoracic paraspinal muscles, worse on the right. AROM of the cervical spine was improved since last evaluation on 01/12/2011, flexion: from 30 degrees to 45 degrees, extension: from 35 degrees to 45, right lateral flexion: from 30 degrees to 40, left lateral flexion from 20 degrees to 50, right rotation from 50 degrees to 60, and left rotation from 45 degrees to 55 degrees. Obvious improvement but still limited due to pain, muscle guarding, and joint dysfunction.

## INITIAL ISOTONIC MUSCLE TESTING – See attached Report

**DIAGNOSIS:** These conditions are, within medical probability, directly caused by the work related injury of 09/02/2010.

1)   722.10: Lumbar disc syndrome
2)   722.0: Cervical disc syndrome
3)   724.4: Lumbar radiculitis
4)   723.4: Cervical radiculitis
5)   728.2: De-conditioning syndrome
6)   728.85: Myospasm

## RECOMMENDATIONS AND TREATMENT PLAN:

1     Refer for Dr. Clark Gunderson for orthopedic evaluation of cervical spine and lumbar spine.

2.     The patient is a candidate for physical medicine to all the injured area above (lumbar and cervical). *Ms. Iboa having osteoporosis and osteoarthritis will only complicate her recovery, and remove her from being a patient that can placed in guidelines for normal recovery times.* The patient will perform some or all the following on any given day for 18 treatment sessions/ three times a week for 6 weeks.

97010 Cryotherapy
97032 Electrical Muscle Stimulation (EMS)
98941 Chiropractic Manipulative Therapy
97140 Manual Therapy
97012 Mechanical Traction
97110 Therapeutic Procedures: up to 4 Units.
  • General Stretching of Trunk, Upper and Lower Extremities
  • Thera-Band Exercises
  • Treadmill
  • Wobble board
  • Exercise Bike

Luz Maria Iboa
Follow-Up Medical Report

- Stair exercises.

**Goals/Rationale:**

- ✓ Decrease pain.
- ✓ Decrease radicular pain.
- ✓ Increase balance and coordination.
- ✓ Increase ROM.
- ✓ Increase stability.
- ✓ Increase strength levels
- ✓ Increase mobility.
- ✓ Increase flexibility.
- ✓ Increase blood circulation to help promote the healing process.
- ✓ Promote functional restoration and return to work.

3.    The patient will be issued a Lumbar spinal support and issued Medrox, topical analgesic gel, to help decrease muscle spasms, help with pain control, and help facilitate healing.

4.    The patient will be issued EMS and TENS combination unit to help decrease muscle spasms, help with pain control, and help facilitate healing.

5.    The patient will follow-up in approximately 4 weeks.

6.    The patient is not at the point of MMI.

7.    The patient prognosis is guarded.

8.    The patient will be taken off of work due to her work-related injury.

9.    The patient is currently and temporarily disabled and unable to return to work at any capacity because of the severity of her injuries.

10.    It is my opinion and based on practices in this area, the treatment recommended is reasonable and necessary.

If you have any questions regarding this patient please feel free to contact this office at your convenience.

_____
Samuel E. Liscum, D.C.
LA LIC# 1563

**Attachments:**
Off work status

**cc:**
Louisiana Worker's Compensation Corp.
Mr. Scott J. Pias, Attorney at Law

Luz Maria Iboa
Follow-Up Medical Report

# Back & Joint Injury Clinic

1 Lakeshore Dr.
Suite 1620
Lake Charles, LA. 70629
(337) 439 7007
Fax: (337)439-7011

March 04, 2011

**Patient Name:**        IBOA, LUZ MARIA
**Date of Injury:**       09/02/2010
**Date of Birth:**        ████/1952
**Social security:**      xxx-xx-7106
**Employer:**             Global Management Enterprises, LLC
**Work Comp Carrier:**    Louisiana Worker's Compensation Corp.
**Carrier Claim#**        159690
**Adjustor:**             Jamie LeBlanc

## FOLLOW-UP EVALUATION

**HISTORY OF PRESENT ILLNESS:** Ms. Luz Maria Iboa, 59 yr. old widowed female, presented today, 03/04/2011, for re-evaluation of the work related injuries that occurred on 09/02/2010 while working as a general laborer for Global Management Enterprises, LLC, which was contracted with British Petroleum for oil spill clean-up in Grand Isle, LA. Ms. Iboa speaks Spanish and was translated with help of her brother.

On 01/26/2011, Dr. McCoy reported on MRI of the lumbar spine disc bulge with foraminal narrowing at L4-L5, and disc bulges at L1-L2, L2-L3, and L5-S1. On 01/26/2011, Dr. McCoy reported disc bulges form C3-C4 disc to C7-T1 disc on MRI of the cervical spine.

Ms. Iboa has completed 6 physical medicine treatments since her last evaluation on 02/09/2011. She reports decreased pain in severity and frequency, and increased strength and mobility from the treatment at this office. Ms. Iboa reports her pain interferes with her ability to do her activities of daily living.

On 02/15/2011, Dr. Gunderson, orthopedist, evaluated patient and recommended she continue treatment at my office for 12 more sessions of physical medicine treatments.

**CHIEF COMPLAINT:** Ms. Iboa is reporting that she sustained a work-related injury to the low back, and neck, and she has been complaining as follows since the date of injury.

**Low Back:** Ms. Iboa is reporting of frequent sharp low back pain with walking, standing, sitting, bending, twisting, getting up, and/or getting dressed. Ms. Iboa reports she can only stand and/or walk for about 20-25 minutes. She notes frequent burning, numbing,

Luz Maria Iboa
Follow-Up Medical Report

03/04/2011
Page 1

07/12/2011 11:29 FAX  3372384442          LSI LLC                        ☑0025/0027

Jun 29 2011 11:21AM  HP LASERJET FAX                                    p.24

tingling into her left leg more than right. Ms. Iboa rates her low back pain at 2/10, but at its worse it is 6/10.

Neck Pain: Ms. Iboa reports occasional sharp neck pain with some occasional dizziness and headaches. She reports the neck pain increases with turning her head, looking up, and reaching overhead. She is rates her neck pain at 2/10, but at its worse 5/10.

**JOB DESCRIPTION:** Ms. Iboa reports she works as a general laborer. She describes her work as the following:

{X} Sit ___ hrs/day    { } Drive ___ hrs/day    { } Work at computer ___ hrs/day
{X} Stand _10_ hrs/day    {X} Walk _8_ hrs/day
Lifting:  {X} 1-10 lbs
          {X} 11-25 lbs          ___ Occasionally    _X_ Frequently    ___ Constantly
          { } 26-50 lbs          ___ Occasionally    _X_ Frequently    ___ Constantly
          { } 51-100 lbs         ___ Occasionally    ___ Frequently    ___ Constantly
          { } 101lbs or more     ___ Occasionally(pushing Cart) ___ Frequently ___ Constantly
{X} Bending          ___ Occasionally    ___ Frequently    ___ Constantly
{X} Twisting         ___ Occasionally    _X_ Frequently    ___ Constantly
{X} Reaching         ___ Occasionally    _X_ Frequently    ___ Constantly
{X} Push/Pull        ___ Occasionally    _X_ Frequently    ___ Constantly
                     ___ Occasionally    _X_ Frequently    ___ Constantly

Note: Per the Dictionary of Occupational Titles the above job description would place Ms. Iboa's occupation as a general laborer in the Physical Demand Strength Rating as Medium (M). The M-Medium Work - *Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects.* Physical Demand requirements are in excess of those for Light Work.

**PHYSICAL EXAMINATION:** Lumbar: Right Achilles DTRs was 1+. Muscle strength evaluation reveals weakness of the right tibialis anterior and right iliopsoas. Sensory examination is decreased over the right L5, and S1 dermatome. There is no atrophy noted. Palpatory findings at the levels of L2-L5/S1 reveal pain, myofascial trigger points, spinal tenderness along with muscle guarding, worse on the right. Valsalva's is negative for low back pain. Straight Leg Raising is positive on the right at 70 degrees with low back pain, on the left at 85 degrees. The patient is able to perform Toe and Heel Walk Test. Kemp's test is positive on the left. Gaenslen's and Patrick-Fabere's tests elicit low back pain. AROM of the lumbar spine was improved: flexion at 35 degrees to 50, un changed in extension at 10 degrees, right lateral flexion: 15 degrees to 20 degrees, left lateral flexion: 10 degrees to 25 degrees. AROM of lumbar spine though improved is still limited due to muscle spasm and joint dysfunction.

Cervical: Rt. brachioradialis DTR was +1. DTR of the upper extremities were otherwise normal. Sensation to pinwheel was diminished over the right lateral forearm as compared to the left. Manual muscle testing the cervical spine demonstrated strength rated 5/5 of flexion, extension, rotation bilaterally, and lateral flexion bilaterally with neck pain and radiating pain from neck into mid back during testing. Manual muscle testing the left upper extremity demonstrated strength rated 5/5 of right shoulder serratus anterior test. Cervical compression, shoulder depression and Jackson's test elicited neck pain into the right side of neck. Cervical distraction tests provoked pain relief. Palpation elicited pain spasm, myofascial trigger points and spasm in the cervical and upper thoracic paraspinal

Luz Maria Iboa
Follow-Up Medical Report

03/04/2011
Page 2

muscles, worse on the right.  AROM of the cervical spine was improved since last evaluation on 02/09/2011, flexion: from 45 degrees to 55 degrees, extension: unchanged at 45 degrees, right lateral flexion: unchanged at 40 degrees, left lateral flexion from 50 degrees to 55, right rotation from 60 degrees to 65, and left rotation from 55 degrees to 60 degrees. Obvious improvement but still limited due to muscle spasm and joint dysfunction.

## PROGRESS ISOTONIC MUSCLE TESTING – See attached Report 03/07/2011

**DIAGNOSIS:** These conditions are, within medical probability, directly caused by the work related injury of 09/02/2010.
1)  722.10:  Lumbar disc syndrome
2)  722.0:  Cervical disc syndrome
3)  724.4:  Lumbar radiculitus
4)  723.4:  Cervical radiculitus
5)  728.2:  De-conditioning syndrome
6)  728.85:  Myospasm

## RECOMMENDATIONS AND TREATMENT PLAN:
1    Continue home exercise and home therapy program.

2.    The patient is a candidate for physical medicine to all the injured area above (lumbar and cervical).  *Ms. Iboa having osteoporosis and osteoarthritis will only complicate her recovery, and remove her from being a patient that can placed in guidelines for normal recovery times.*  The patient will perform some or all the following on any given day for 12 treatment sessions/ three times a week for 4 weeks.

   97032  Electrical Muscle Stimulation (EMS)
   98941  Chiropractic Manipulative Therapy
   97140  Manual Therapy
   97012  Mechanical Traction
   97110  Therapeutic Procedures:  up to 4 Units.
- General Stretching of Trunk, Upper and Lower Extremities
- Thera-Band Exercises
- Treadmill
- Wobble board
- Exercise Bike
- Stair exercises.

Goals/Rationale:

- ✓ Decrease pain.
- ✓ Decrease radicular pain.
- ✓ Increase balance and coordination.
- ✓ Increase ROM.
- ✓ Increase stability.
- ✓ Increase strength levels
- ✓ Increase mobility.
- ✓ Increase flexibility.

Luz Maria Iboa
Follow-Up Medical Report

07/12/2011 11:30 FAX  3372334442          LSI LLC                                    ☑0027/0027

Jun 29 2011 11:21AM   HP LASERJET FAX                                            p.26

    ✓ Increase blood circulation to help promote the healing process.
    ✓ Promote functional restoration and return to work.

3.     The patient will be issued a Lumbar spinal support and issued Medrox, topical analgesic gel, to help decrease muscle spasms, help with pain control, and help facilitate healing.

4.     The patient will be issued EMS and TENS combination unit to help decrease muscle spasms, help with pain control, and help facilitate healing.

5.     The patient will follow-up in approximately 4 weeks.

6.     The patient is not at the point of MMI.

7.     The patient prognosis is favorable.

8.     The patient will be taken off of work due to her work-related injury.

9.     The patient is able to return to work at the capacity noted on her restricted work status for 03/07/2011.

10.     It is my opinion and based on practices in this area, the treatment recommended is reasonable and necessary.

If you have any questions regarding this patient please feel free to contact this office at your convenience.

Samuel E. Liscum, D.C.
LA LIC# 1563

**Attachments:**
Restricted work status dated 03/07/2011
Isotonic Muscle Test 03/07/2011
cc:
Louisiana Worker's Compensation Corp.
Mr. Scott J. Pias, Attorney at Law

Luz Maria Iboa
Follow-Up Medical Report

03/04/2011
Page 4



**LWCC**®   *How Workers' Comp is SUPPOSED to*

About LWCC | Features & Benefits | Employment | LWCC Intera

| To: | Dr. Bozell |
|---|---|
| Attn: | Brandi |
| From: | Leblanc, Jamie |
| | jleblanc@lwcc.com |
| Date: | Aug 11 2011 01:26:31 PM |

| Claim #: | 159690 |
|---|---|
| Claimant: | IBOA LUZ |

Subject:  Fax from LWCC Claims

Comments:  Please be advised that the request for pain management is approved. However, he is only entitled to pain management or chiropractic treatment; not both.

Thanks,

Jamie LeBlanc
Claim Representative

**** This fax was sent by RightFax server - BUCKEYE2.TERRA.PRV ****

Outgoing Fax Notification:

Notice for:    IMAGERIGHT
Call to:       3372334442, [50522-]
Remote id:     3372334442
Queued at:     13:26, August 11, 2011
Sent at:       13:27, August 11, 2011
Phone line:    1
Pages:         2
Status code:   OK
Status:        OK

Patient Name: Luz Iboa                                    Chart Number: 86252

Today's Date: 6/7/11          Date of Last Exam: 3-15-11      Date of Injury: 9.2.10

Chief Complaint: Neck     LBP

Activity Level: N=Normal   D=Difficult
  Walking ___  Sitting ___   Sleeping ___  Bathing/Dressing: ___   Other: (R) Shoulder
                                                                            (L) g—

Pain:   Location:   Neck      Upper Spine      Lower Back
        Severity:   Mild      Moderate         Severe
        Timing:     Constant  Occasional

Activities that increase pain: Arx

Activities that decrease pain: nog

Better or worse than last exam?:   Better   Worse   No Change

Other symptoms or problems associated with chief complaint: ___

Interval HX:   ___ HX unchanged from last visit        Changes ___
               ___ No new meds                          New meds ___
               ___ No new allergies                     New allergies ___

Current Work Status:  No Duty   Light Duty   Full Duty

Current Medications: mobic — would naproxen-Rx

Exam: neg for PCC doubt.

"Conditional Valid"
Work 8 h/d
Lift 10#
Carry 10#
Alt Sitting & Standing.
No Cont Bending.
Mod Duty As Above   375 BID
Naproxen
R + PRN

Clark A. Gunderson, MD • 2615 Enterprise Blvd. • Lake Charles, LA 70601 • Phone (337) 439-0385 • Fax (337) 433-5448

## Clark A. Gunderson, MD
### A Professional Medical Corporation
### 2615 Enterprise Boulevard
### Lake Charles, Louisiana 70601

Phone: (337) 436-2225
Fax: (337) 433-5448

Orthopedic Surgery
Spine Surgery
Hip and Knee Replacement Surgery

Date: ___6-7-11___

Patient: ___Luz Iboa___

THIS WILL STATE AND CERTIFY THAT I HAVE SEEN THE ABOVE NAMED INDIVIDUAL
FOR PROFESSIONAL ADVICE AND CARE

[X] IN MY OFFICE

[ ] AT THE HOSPITAL

[X] PLEASE EXCUSE FROM WORK / SCHOOL FOR THIS DATE


THE ABOVE NAMED INDIVIDUAL

[ ] IS RELEASED TO RETURN TO REGULAR DUTY

[X] IS ABLE TO RETURN TO MODIFIED DUTY

[ ] IS UNABLE TO RETURN TO WORK AT THIS TIME AND WILL BE RE-EVALUATED

[ ] THIS PATIENT IS SCHEDULED TO RETURN HERE FOR RE-EVALUATION ON _____

[ ] THIS PATIENT IS REFERRED ELSEWHERE FOR FURTHER TREATMENT

[X] IS RELEASED FROM MY CARE


Additional note: No constant bending, work up to 8 hrs,
lift up to 15 lbs, carry up to 10 lbs, alternate
sitting + standing,

Clark A Gunderson MD                              Amy

84187

# Back & Joint Injury Clinic
1 Lakeshore Dr.
Suite 1620
Lake Charles, LA. 70629
(337) 439 7007
Fax: (337)439-7011

May 26, 2011

**Patient Name:**        IBOA, LUZ MARIA
**Date of Injury:**       09/02/2010
**Date of Birth:**        ████/1952
**Social security:**      xxx-xx-7106
**Employer:**             Global Management Enterprises, LLC
**Work Comp Carrier:**    Louisiana Worker's Compensation Corp.
**Carrier Claim#**        159690
**Adjustor:**             Jamie LeBlanc

## FOLLOW-UP EVALUATION

**HISTORY OF PRESENT ILLNESS:** Ms. Luz Maria Iboa, 59 yr. old widowed female, presented today, 05/26/2011, for re-evaluation of the work related injuries that occurred on 09/02/2010 while working as a general laborer for Global Management Enterprises, LLC, which was contracted with British Petroleum for oil spill clean-up in Grand Isle, LA. Ms, Iboa speaks Spanish and was translated with help of her brother.

On 01/26/2011, Dr. McCoy reported on MRI of the lumbar spine disc bulge with foraminal narrowing at L4-L5, and disc bulges at L1-L2, L2-L3, and L5-S1. On 01/26/2011, Dr. McCoy reported disc bulges form C3-C4 disc to C7-T1 disc on MRI of the cervical spine.

Ms. Iboa has been in a home exercise and home therapy program since last evaluation on 04/12/2011. On 05/19/2011, Ms. Iboa completed a functional capacity evaluation (FCE) with David Reagan, PT. Ms. Iboa reported severe increase in pain following the evaluation. She reports her neck pain increased severely with pain and tingling into her right arm while she standing reaching and lifting with weights over her head. The patient reported increased low back pain into her right leg with bending and lifting. Ms. Iboa reports trying to do her home therapy and home exercise to get relief over the pastweek since the FCE, but her pain has not improved. Ms. Iboa is very concerned that she may have made her condition worse doing the evaluation with Mr. Reagan, P.T. I have not received Mr. Reagan's report.

**CHIEF COMPLAINT:** Ms. Iboa is reporting that she sustained a work-related injury to the low back, and neck, and she has been complaining as follows since the date of injury.

84188

**Low Back**: Since the FCE on 05/19/2011, Ms. Iboa is reporting of constant sharp low back pain that increases with walking, standing, bending, twisting, getting up, and/or getting dressed. Ms. Iboa reports she can only stand and/or walk for about 20 minutes. She notes frequent numbing, tingling into her right leg. Ms. Iboa rates her low back pain at 7/10, but at its worse it is 9/10.

**Neck Pain**: Since the FCE on 05/19/2011, Ms. Iboa is having constant sharp aching neck pain with throbbing headaches, and constant pain radiating into her right arm and hand. She reports the neck pain increases with moving her head, and reaching overhead. She is rates her neck pain at 8/10, but at its worse 9/10.

**JOB DESCRIPTION:** Ms. Iboa reports she works as a general laborer. She describes her work as the following:

{X} Sit __ hrs/day  { } Drive ___ hrs/day  { } Work at computer ____ hrs/day
{X} Stand _10_ hrs/day  {X} Walk _8_ hrs/day

| Lifting: | | Occasionally | Frequently | Constantly |
|---|---|---|---|---|
| {X} 1-10 lbs | | ___ Occasionally | _X_ Frequently | ___ Constantly |
| {X } 11-25 lbs | | ___ Occasionally | _X_ Frequently | ___ Constantly |
| { } 26-50 lbs | | ___ Occasionally | ___ Frequently | ___ Constantly |
| { } 51-100 lbs | | ___ Occasionally(pushing Cart) | ___ Frequently | ___ Constantly |
| { } 101lbs or more | | ___ Occasionally | ___ Frequently | ___ Constantly |
| {X} Bending | ___ Occasionally | _X_ Frequently | ___ Constantly | |
| {X} Twisting | ___ Occasionally | _X_ Frequently | ___ Constantly | |
| {X} Reaching | ___ Occasionally | _X_ Frequently | ___ Constantly | |
| {X} Push/Pull | ___ Occasionally | _X_ Frequently | ___ Constantly | |

Note: Per the Dictionary of Occupational Titles the above job description would place Ms. Iboa's occupation as a general laborer in the Physical Demand Strength Rating as Medium (M). The M-Medium Work - *Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects.* Physical Demand requirements are in excess of those for Light Work.

**PHYSICAL EXAMINATION:** **Lumbar:** Minor's sign is present. Right Achilles DTRs was 1+. Muscle strength evaluation reveals weakness of the right tibialis anterior and right iliopsoas. Sensory examination is decreased over the right L5, and S1 dermatome. There is no atrophy noted. Palpatory findings at the levels of L2-L5/S1 reveal pain, myofascial trigger points, spinal tenderness along with muscle guarding, worse on the right. Valsalva's is negative for low back pain. SLR is positive on the right at 35 degrees with low back pain, on the left at 65 degrees. The patient is able to perform Toe and Heel Walk Test. Kemp's test is positive worse on the left. Gaenslen's and Patrick-Fabere's tests elicit low back pain. AROM of the lumbar spine was decreased since last evaluation due to increased pain from evaluation: flexion: 30 degrees, extension: 10 degrees, right lateral flexion: 15 degrees, left lateral flexion: 15 degrees. AROM of lumbar spine is still limited due to muscle spasm and joint dysfunction.

**Cervical:** Rt. brachioradialis DTR was +1. DTR of the upper extremities were otherwise normal. Sensation to pinwheel was diminished over the right lateral forearm as compared to the left. Manual muscle testing the cervical spine demonstrated strength rated 5/5 of flexion, extension, rotation bilaterally, and lateral flexion bilaterally with neck pain and radiating pain from neck into mid back during testing. Cervical compression, distraction,

shoulder depression and Jackson's test elicited pain into the right side of neck.  Palpation elicited pain spasm, myofascial trigger points and spasm in the cervical and upper thoracic paraspinal muscles, worse on the right.  AROM of the cervical spine was decreased since last evaluation due to increased pain from evaluation, flexion: 40 degrees, extension: 30 degrees, right lateral flexion: 25 degrees, left lateral flexion 35, right rotation: 40 degrees, and left rotation: 30 degrees.

**DIAGNOSIS:** These conditions are, within medical probability, directly caused by the work related injury of 09/02/2010.
1)      722.10:  Lumbar disc syndrome
2)      722.0:  Cervical disc syndrome
3)      724.4:  Lumbar radiculitus
4)      723.4:  Cervical radiculitus
5)      728.2:  De-conditioning syndrome
6)      728.85:  Myospasm

**RECOMMENDATIONS AND TREATMENT PLAN:**
1       Refer for EMG/NCV of upper and lower extremity.  Patient to increase home exercise and home therapy program.

2.      .If patient fails to respond to increase home therapy and home exercises to address increased pain from FCE on 05/19/2011, then Ms. Iboa is a candidate for physical medicine to all the injured area above (lumbar and cervical).  *Ms. Iboa having osteoporosis and osteoarthritis will only complicate her recovery, and remove her from being a patient that can placed in guidelines for normal recovery times.*  The patient will perform some or all the following on any given day for 12 treatment sessions/ three times a week for 4 weeks.

        97032  Electrical Muscle Stimulation (EMS)
        98941  Chiropractic Manipulative Therapy
        97140  Manual Therapy
        97012  Mechanical Traction
        97110  Therapeutic Procedures:  up to 4 Units.
           • General Stretching of Trunk, Upper and Lower Extremities
           • Thera-Band Exercises
           • Treadmill
           • Wobble board
           • Exercise Bike
           • Stair exercises.
        Goals/Rationale:

           ✓ Decrease pain.
           ✓ Decrease radicular pain.
           ✓ Increase balance and coordination.
           ✓ Increase ROM.
           ✓ Increase stability.
           ✓ Increase strength levels

✓ Increase mobility.
✓ Increase flexibility.
✓ Increase blood circulation to help promote the healing process.
✓ Promote functional restoration and return to work.

3.      The patient will be issued a Lumbar spinal support and issued Medrox, topical analgesic gel, to help decrease muscle spasms, help with pain control, and help facilitate healing.

4.      The patient will be issued EMS and TENS combination unit to help decrease muscle spasms, help with pain control, and help facilitate healing.

5.      The patient will follow-up in approximately 4 weeks.

6.      The patient is not at the point of MMI.

7.      The patient prognosis is favorable.

8.      The patient will be taken off of work due to her work-related injury.

9.      The patient is able to return to work at the capacity noted on her restricted work status for 03/07/2011.

10.     It is my opinion and based on practices in this area, the treatment recommended is reasonable and necessary.

If you have any questions regarding this patient please feel free to contact this office at your convenience.

Samuel E. Liscum, D.C.
LA LIC# 1563

**Attachments:**
Restricted work status dated 03/07/2011

**cc:**
Louisiana Worker's Compensation Corp.
Mr. Scott J. Pias, Attorney at Law

84191

# Back & Joint Injury Clinic
1 Lakeshore Dr.
Suite 1620
Lake Charles LA., 70629
(337) 439 7007

Patient Name: _Luz Iboa_          Date: _5/26/11_

Subjective: _____

_____

Objective: _RXM - see report_

_____

Assessment: _____

_____

Plan: _____ Continue Treatment
Minimal Exam (99201)  Medium Exam (99203)
Minimal Re-exam (99211)  Medium Re-exam (99213)

Joint Mobilization (98940) _____ (98941)_____ (98942)_____ (98943)_____, to increase articular motion and flexibility.

EMS (97032) _____ Area: _____ (units)_____ (time)_____ (min ea. area) for muscle training and restructure.

Whirlpool (97022) Area: _____ for muscle relaxation, training, and restructure.

Manual Therapy (97140 – 97159) Area: _____ for restoration of movement, and stretching to decrease pain.

Mechanical Traction: (97012) Area: _____ for stretching and increased mobility.

Neuromuscular Reeducation: (97112) Area:_____ to improve movement, balance, coordination, kinesthetic sense, posture, and or therapy for sitting or standing.

Therapeutic Exercise (97110) Units_____ for increased joint motion, strength, functional capacity, and mobility.

Therapeutic Activity (97530) Units _____ to improve functional performance (bending, lifting, carrying, reaching)

Electrodes (A4595)          Narrative Int. (99080-01)  Narrative Fin. (99080-02)

Doctor Signature: _____, Sam Liscum, D.C.   Date _5/26/11_

Patient Signature: _Luz Maria Iboa_          Date _5/26/11_

I hereby authorize my insurance benefits be paid directly to the above medical provider realizing that I am responsible for any non-covered services and or treatments. I am aware that this is an Assignment of Benefits.

KEY TO BODY ASSESSMENT
## Key To Reading A Key Functional Assessment

✓ **Cover Letter**  Re: Luz Iboa    S-13-11

First we identify the validity or invalidity of the Assessment noting consistencies and inconsistencies as appropriate. Assessments are determined as one of the following:

**Valid** - the numbers can be used as safe capabilities.

✓ **Conditionally Valid** - although the numbers are safe and can be used, they are usually lower than actual capabilities. Client has **not** intentionally manipulated the results but has demonstrated an "early" termination point.

**Conditionally Invalid** - the numbers are not true representation of the client's capabilities. Client does not know their safe capabilities and worked beyond them.

**Invalid** - the numbers do not represent safe capabilities as the client intentionally manipulated the results of the Assessment.

Following this identification, we include highlights of any specific areas that we wish to draw to your attention. Based on the results and interfacing of the numbers of the Assessment, we respond to any specific questions you asked prior to the Assessment or in your referring cover letter. Included in this area are any recommendations we feel would help progress your client's return to work status while preventing further injuries. We also comment on the client's willingness to cooperate during the Assessment.

✓ **Functional Assessment Overview**
This form contains the summary of all safe capabilities demonstrated during the Assessment. Under sitting, standing and walking tolerances, you will find the number of hours per day circled that your client can participate in the activity as well as an identified duration of continuous participation prior to break. You can find specific weight capabilities for pushing and pulling, lifting at three levels (above shoulders, desk to chair and chair to floor) as well as carrying in the right hand and the left hand. Items are noted "minimally" prior to occasionally if your client can safely participate in the activity less than 5% of their day. If a frequent safe capability for each weighted activity can be identified it is included. You will find a checkmark in the "frequently" column if no specific number was found but results indicate that some amount would be appropriate on a frequent basis. The column will be blank if frequency has not been identified or if it is not safe for the client to perform the activity frequently.

You might see "occasional" in the yes box and a checkmark in the no box for repetitive foot, repetitive hand and head and neck motions. These indicate that the client can perform the activity occasionally but not on a repetitive basis. Any special notations, considerations, clarifications or suggestions are covered in the last section (page 2, #8). If identified, hand tolerances and comfortable standing work heights are also included.

✓ **Narrative**
This section contains the specific objective results of the client's performance during the Assessment. You will see patterns in graphing of the resistance and grip dynamometers. You will also find patterns in the progression of the weights and repetitions, responses on termination and pulse rates. For instance, you will see pulse rates on stairs higher than on lifting. If lifting activities were performed unilaterally (one-handed) as well as bilaterally (both hands) you will find RUE, LUE, and BUE in the left margin denoting right, left and bilateral (both) upper extremities.

Copyright.
© KEY Functional Assessments, Inc. 1986
All rights reserved. Reproduction without
written permission will invalidate your contract.
Reproduced with Written Permission of
Key Functional

2/13



PT ASSOCIATES
611 W. COLLEGE ST
LAKE CHARLES, LA 70605

86252

Luz Iboa          5-13-1

1/13

**David W. Regan, PT**
*Physical Therapist/Owner*

**Physical Therapy**
— *of Lake Charles* —
Where compassion, comprehensive care
and experience come together for you.

Comprehensive care
& treatment:

• Physical therapy

• Orthopedic rehabilitation

• Balance, dizziness & vertigo

• Fall prevention

• Musculoskeletal injuries

• Neurologic disorders

• Peripheral nerve injuries

• Postsurgical rehabilitation

• Work injuries

• Sports injuries

• Back & neck problems

• Shoulder, elbow, knee,
  foot & ankle injuries

• Arthritis, bursitis
  & tendonitis

• Strains & sprains

• Fractures & dislocations

• Anodyne® infrared light
  therapy for increasing
  circulation, reducing pain &
  treating peripheral neuropathy
  in extremities

05-13-11

TO:  DR. CLARK GUNDERSON

RE:  MS. LUZ IBOA
KEY Functional Capacity Evaluation

Dear Dr. Gunderson:

Enclosed please find the assessment as participated in by Luz Iboa on this scheduled appointment date at our Lake Charles office.

This is identified to be a conditionally valid representation of Ms. Iboa's present physical capabilities based upon consistencies and inconsistencies when interfacing grip dynamometer graphing, resistance dynamometer graphing, pulse rate variations, weights achieved, and selectivity of pain reports and pain behaviors.

The results identified in this assessment and Functional Assessment Overview represent the levels Ms. Iboa demonstrates as her safe physical capabilities. Working beyond these levels elicits symptoms she finds painful and problematic. Limited increase in pulse rates and weights achieved would indicate an early termination point. Ms. Iboa's actual safe capabilities may be slightly greater than demonstrated.

You may wish to note pain reports and pain behaviors during physical activities involving low back and cervical area. Medical management of these reports and behaviors may be indicated.

Body mechanics of forward bending at waist was demonstrated during weighted activities below waist height. Instruction in improving body mechanics may increase her overall safe lifting abilities.

The decreasing numbers demonstrated on grip and resistance dynamometer graphing over the course of the assessment may indicate fatigue and de-conditioning to physical activities. Participation in a muscle conditioning or work conditioning program may improve her tolerance to increasing levels of physical activities.

I would recommend that if Ms. Iboa is returned to physical activities that require weighted components that her activities be specific to the numbers identified within this assessment. A structured / modified work or home environment would be necessary so that activities would not exceed her current safe capabilities as demonstrated.

Call 337-477-8823
611 West College Street • Lake Charles, LA 70605 • Fax 337-477-0143
(I-210 between Lake & Ryan) • www.PTLakeCharles.com

PAGE 2 - KEY FCE - LUZ IBOA

Ms. Iboa was pleasant and cooperative during the assessment. Family members assisted with translation at breaks during the evaluation, and also used English-Spanish computer translation program during the evaluation. Thank you for allowing me to assist with this Functional Capacity Evaluation. If I can be of further assistance, please advise.

Sincerely,

David Regan, P.T.
KEY Assessment Specialist

4/13

4351

**COMMENTS: MAY 13, 2011**         **RE: LUZ IBOA**

FUNCTIONAL CAPACITY EVALUATION - CONDITIONALLY VALID

Ms. Iboa reported her occupation as GENERAL LABORER, employed by Global Management Enterprises, working full time at the time of her injury, with a reported work history with this employer approximately 15 days, performing oil spill clean up on sandy beach area in Grand Isle, LA. Work involved standing, walking, bending, stooping, squatting, lifting, carrying, pushing and pulling, using hand tools, handling supplies and materials of varied weights.

I did not receive a job description for Ms. Iboa and will rely on her description of job duties. The general description and essential physical demand requirements as described by Ms. Iboa describes work requirements of weighted activities lifting 10-20 lbs. was common, frequently, and occasionally 20 to 50 lbs., but unsure of exact weights. DOT Code 929.687-022 Title: LABORER, SALVAGE (any industry) is identified STRENGTH CATEGORY: MEDIUM. The job description given by Ms. Iboa may be identified in STRENGTH CATEGORY: MEDIUM.

Ms. Iboa reports a fall backwards to the ground while standing on ground level resulting in injury while working, with injury to neck and low back, which has required medical management, chiropractic treatment, physical rehab, and has been unable to return to work. You may wish to note the pain reports and pain behaviors involving neck and low back, during physical assessment activities.

As noted in during the evaluation, pulse rates did not increase to expected levels indicating that weights achieved may be less than actual capabilities. The results indicate an early termination point, and may occur due to fear of pain or re-injury.

Ms. Iboa DEMONSTRATED SAFE PHYSICAL CAPABILITIES consistent with FULL TIME (8 hour) workday activity, AT SEDENTARY and LIGHT level of STRENGTH activities WITH RESTRICTIONS INVOLVING CERVICAL IN NEUTRAL POSITION WITH PHYSICAL ACTIVITIES, LOW BACK ACTIVITIES TO OCCASIONAL, and LIMITED DURATIONS STANDING AND WALKING.

Ms. Iboa reports that she is not capable of performing all the essential functions of her prior job duties. Ms. Iboa's demonstrated capabilities on the Overview would indicate that HER SAFE CAPABILITIES AT THE PRESENT TIME ARE NOT WITHIN THE SCOPE OF HER PRIOR JOB DUTIES as described. As you may note, most physical activities are limited in tolerance to occasional, and limited stand, and walk activities. As noted in letter, pulse rates did not increase to expected levels and would indicate that weights achieved may be slightly less than actual safe capabilities.

5/13

**Page 2 - KEY FCE - COMMENTS - LUZ IBOA**

The final issue of case management, return to work status, or release to home activities of daily living, must be made by the client's physician. The information provided by the KEY Functional Capacity Evaluation provides data that may be used in making that determination.

David Regan, P.T.

6/13

## KEY METHOD OF FUNCTIONAL CAPACITY ASSESSMENTS

**WHOLE BODY ASSESSMENT**            Functional Assessment Overview

TO:  DR. CLARK GUNDERSON              FROM: DAVID REGAN, P.T.
RE:  MS. LUZ IBOA                              611 W. College Street
DOI:  09-02-10                                 Lake Charles, LA 70605
DOB: ███-52                                    337-477-8823
Date of Assessment:  05-13-11                  FAX-477-0143

**VALIDITY DETERMINATION:**      **CONDITIONALLY VALID**

Note: The information on this form is intended for use by the referring/authorizing party as data for determining the
capabilities or limitations of the injured individual. The information is intended to include functional limitations related to
pre-existing injury. It is assumed by the Assessment Specialist that all relevant medical information pertaining to the injure
individual has been provided to this agency..
Note: A check mark indicates an expected amount and that the specific frequent amount can not be identified within this
Assessment.

## FUNCTIONAL CAPACITIES EVALUATION

1.  In an ⑧ hour workday, client can (circle full capacity for each activity):

                                                    -RECOMMENDATIONS-
    a. SIT      1 - 2 - 3 - 4 - 5 - 6 - 7 - ⑧ hours _60 minute durations, regular breaks_

    b. STAND  1 - ② - ③ - 4 - 5 - 6 - 7 - 8 hours __20 minute durations, regular breaks_

    c. WALK   1 - 2 - 3 - 4 - 5 - ⑥ - 7 - 8 hours__frequent, moderately-long distances__

| 2.  Client is able to:  Not At All | Occasionally (1-33%) (up to 2 1/2hrs) | Frequently (34-66%) (2 ½- 5 1/2 hrs) | Continuously (67-100%) (over 5 1/2hrs) |
|---|---|---|---|
| a. Bend/stoop | x | | |
| b. Squat | partial | | |
| c. Crawl | x | | |
| d. Climb stairs | x | | |
| e. Reach above shoulder level (see next page #4) | | | |
| f. Crouch | partial x | | |
| g. Kneel | x | | |
| h. Balance | x | | |
| i. Push | 15.5# | | |
| j. Pull | 15.5# | | |

7/13

## KEY METHOD OF FUNCTIONAL CAPACITY ASSESSMENTS
**Functional Assessment Overview**                                  Whole Body Assessment

**Client Name:**        LUZ IBOA
**Validity Determination:**_____CONDITIONALLY VALID_____

| 3. Client can CARRY: (as with bucket or luggage) | Never | Occasionally (1-33%) (up to 2½ hrs) | Frequently (34-66%) (2½ - 5½ hrs) | Continuously (67-100%) (over 5½ hrs) |
|---|---|---|---|---|
| a.up to 10 pounds | | Left 07# | ✔ | |
| b.11 to 24 pounds | | Right 12# | ✔ | |
| ~~c.25 to 34 pounds~~ | | | | |
| ~~d. 35 to 50 pounds~~ | | | | |
| ~~e.51 to 74 pounds~~ | | | | |
| ~~f.75 to 100 pounds~~ | | | | |

| 4. Client can LIFT: | Never | Occasionally (1-33%) (up to 2 ½ hrs) | Frequently (34-66%) (2 ½ - 5 ½ hrs) | Continuously (67-100%) (over 5 ½ hrs) |
|---|---|---|---|---|
| a.up to 10 pounds | above shoulders 10.5# | | | |
| b.11 to 24 pounds | desk/chair 15# | | | |
| ~~c.25 to 34 pounds~~ | chair/floor 10.5# | | | |
| ~~d. 35 to 50 pounds~~ | | | | |
| ~~e. 51 to 74 pounds~~ | | | | |
| ~~f.75 to 100 pounds~~ | | | | |

| 5.Client can use: | | Not at all | Occasionally (1-33%) | Frequently (34-66%) | Continuously (67-100%) |
|---|---|---|---|---|---|
| a.Feet | Right | | | x | |
| | Left | | | x | |
| b.Hands - Simple grasping | Right | | | | x |
| | Left | | | | x |
| c.Hands - Firm grasping | Right | | | x | |
| | Left | | | x | |
| d.Hands - Fine manipulation | Right | | | | x |
| | Left | | | | x |
| | Static: | | | neutral position | |
| e.Head and neck: Flexion: | | | x | | |
| | Rotation: | | x | | |

**6.**Special restrictions, notations, or suggestions:

a.Validity determination:_____CONDITIONALLY VALID_____
b.Comfortable work heights:_____36 inches to 44 inches standing height from floor._____
c.Refer to narrative for details of Activities.
d.See cover letter for recommendations including:_____MEDICAL MANAGEMENT:_____
_____BODY MECHANICS EDUCATION;___MUSCLE / WORK CONDITIONING PROGRAM;___
_____STRUCTURED/MODIFIED HOME OR WORK ENVIRONMENT_____.

Signature of Assessment Specialist: _____  Date 05/13/11

8/13

(THIS REPORT CONTAINS CONFIDENTIAL INFORMATION)

## KEY FUNCTIONAL CAPACITY EVALUATION - NARRATIVE - WHOLE BODY ASSESSMENT

**CLIENT: LUZ IBOA**

**DATE OF BIRTH:** ▆▆▆-52

**DATE OF ASSESSMENT:** 05-13-11

**REFERRING PARTY:** DR. CLARK GUNDERSON

### TESTING AND OBSERVATIONS

I.    FUNCTIONAL ASSESSMENT OVERVIEW - Summarization of Narrative Report, in the form of a Functional Assessment Overview, is attached.

II.   REPETITIVE FOOT MOTION - Simulating foot control devices with 10 repetitions requested and completed on right and left with pain reports and pain behaviors on right "just a little" HANDS TO LOW BACK and on left "feel it" HANDS TO LOW BACK.

III.  LIFTING - assessed in increasing increments

From 30 to 63 inch height and return (ABOVE SHOULDERS)

Bilateral - 0 lbs. to 10.5 lbs. requiring 3 repetitions with activity performed at 6 lbs. UNDERHAND GRIP, STEP TURN, SLOW PACE, and at 10.5 lbs. "umm; no more" FACIAL GRIMACE and at termination "when lift up, pain in low back" HANDS TO LOW BACK.     (Pulse rate 66).

From 30 to 18 inch height and return (DESK/CHAIR LEVEL)

Bilateral - 0 lbs. to 15 lbs. requiring 5 repetitions with activity performed at 6 lbs. UNDERHAND GRIP, STEP TURN, FORWARD BENDING AT WAIST, SLOW PACE,  and at 10.5 lbs. "umm" HANDS TO LOW BACK, ARCHES LOW BACK and at 12.5 lbs. FACIAL GRIMACE "umm" and at 15 lbs. "whew; stop"  and at termination "bending over and lifting up, pain, a lot" HANDS TO LOW BACK.     (Pulse rate 72).

9/13

PAGE 2 - KEY FCE - LUZ IBOA

From 18 inches to floor and return (CHAIR/FLOOR LEVEL)

Bilateral - 0 lbs. to 10.5 lbs. requiring 3 repetitions with activity performed at 6 lbs. UNDERHAND GRIP, STEP TURN, FORWARD BENDING AT WAIST, SLOW PACE, FACIAL GRIMACE and at 8 lbs. "umm" FACIAL GRIMACE and at 10.5 lbs. "stop; stop there" and at termination HANDS TO LOW BACK "some pain in low back".    (Pulse rate 72).

IV.    BALANCE

TOE WALK –
10 feet forward and backward requested and completed with reports and behaviors BALANCE MAINTAINED, PLANTAR FLEXED POSITON MAINTAINED, FACIAL GRIMACE, EQUAL TIME ON LOWER EXTREMITIES with report "in low back" HANDS TO LOW BACK, ARCHES LOW BACK.

HEEL WALK –
10 feet forward and backward requested and completed with reports and behaviors BALANCE MAINTAINED, DORSI FLEXED POSITION MAINTAINED, EQUAL TIME ON LOWER EXTREMITIES and at termination "a little in low back" HANDS TO LOW BACK.

HEEL TO TOE WALK –
10 feet forward requested and completed with NO reports and NO pain behaviors BALANCE MAINTAINED, EQUAL TIME ON LOWER EXTREMITIES, SLOW PACE with report "ok".

BRAIDING – (cross over ambulation) –
10 feet right and left requested and completed with BALANCE MAINTAINED, EQUAL TIME ON LOWER EXTREMITIES GOING RIGHT AND LEFT, "not too bad; ok".

V.    PUSHING/PULLING - standing (36 inch hand placement level)

0 lbs. to 15.5 lbs. - push - requiring 6 repetitions
0 lbs. to 15.5 lbs. - pull - requiring 6 repetitions

Activity performed at 4.5 lbs. VERY SLOW PACE, FORWARD BENDING AT WAIST and at 15.5 lbs. JERKY PULLING MOVEMENT "no more" HANDS TO LOW BACK with report at termination "when bend forward, feel pain in low back" HANDS TO LOW BACK.   (Pulse rate 66/66 ).

10/13

PAGE 3 - KEY FCE - LUZ IBOA

VI.    CERVICAL MOBILITY - Range of motion demonstrated NEAR
       NORMAL LIMITS ALL DIRECTIONS with pain reports and pain
       behaviors on extension FACIAL GRIMACE, HANDS TO NECK "pain"
       and on forward flexion "a little on the right" and on right and left lateral
       flexion "a little" and on right rotation RIGHT HAND TO RIGHT NECK "a
       little pain" and on left rotation "RIGHT HAND TO RIGHT NECK "feel it".

VII.   SQUATTING - 5 repetitions requested and completed with reports and
       behaviors ½ SQUAT POSITION, SLOW-MODERATE SPEED,
       AVERAGE BODY POSTURING, HANDS ON THIGHS, FACIAL
       GRIMACE and at termination "pain in back going down and up" SITS.
       (Pulse rate 66).

VIII.  GAIT - 40 feet requested and completed with reports and behaviors
       SLOW-MODERATE CADENCE, EQUAL ARM SWING, EQUAL
       STRIDE LENGTH, EQUAL TIME ON LOWER EXTREMITIES,
       AVERAGE BASE OF SUPPORT, with report at termination "yeah,
       when step, feel it in my low back, across low back" SITS; HANDS RUB
       ACROSS LOW BACK.

IX.    CARRYING - as with bucket or luggage

0 lbs. to 12 lbs. - right - requiring 3 repetitions
0 lbs. to 07 lbs. - left - requiring 2 repetitions

Activity performed at 2 lbs. right and left CLOSED HAND GRIP, SLOW PACE
and at 7 lbs. right hand carry LEFT HAND TO LEFT NECK and at 12 lbs. right
hand carry "ohh; umm" SLOWER PACE, FACIAL GRIMACE "no more; stop;
whew" FACIAL GRIMACE, SITS and at termination HANDS TO LOW BACK
"hurts my low back, across low back". (Pulse rates  78/78 ).

X.     KNEELING - 5 feet forward and backward requested and 5 feet
       completed with report and behaviors FACIAL GRIMACE, SLOWLY TO
       POSITION, with report "some pain in low back".

XI.    CRAWLING - 5 feet forward and backward requested and 5 feet
       completed with reports and behaviors SLOWLY TO POSITION, SLOW
       PACE, EQUAL PATTERNING, EQUAL USE OF LOWER AND UPPER
       EXTREMITIES, FACIAL GRIMACE UP FROM POSITION with report "a
       lot of pain in low back, across low back" HANDS TO LOW BACK,
       ARCHES LOW BACK, SITS.

11/13

PAGE 4 - KEY FCE - LUZ IBOA

XII.  STAIRS – 1 step ascending and descending with 50 repetitions
requested and 17 completed with reports and behaviors at repetition 5
SLOW PACE and at repetition 17 "stop" HANDS TO LOW BACK, SITS
and at termination "when step up with right foot, feel it in low back"
RIGHT HAND TO RIGHT LOW BACK.  (Pulse rate 72).

XIII.  SITTING TOLERANCE - 60 minutes demonstrated during pen/paper
activity and history review with pain reports and pain behaviors at 25
minutes HANDS TO LOW BACK, SIDE BENDS IN CHAIR.

XIV.  STANDING TOLERANCE – 19 minutes demonstrated during
assembly/disassembly with reports and behaviors at 4 minutes ROLLS
HEAD AND NECK, SIDE BENDS LEFT and at 6 minutes "my neck"
HANDS TO NECK, SIDE BENDS HEAD AND NECK and at 9 minutes
"my neck" RIGHT HAND TO RIGHT NECK, SIDE BENDS HEAD AND
NECK "up higher is harder, better when at lower height" and at 13
minutes ROLLS HEAD AND NECK, ROTATES AND SIDE BENDS TO
LEFT and at 14 minutes HANDS TO NECK, HANDS RUB ACROSS
LOW BACK and at 19 minutes "ohh" SITS and at termination HANDS
TO NECK, LOW BACK; ROLLS HEAD AND NECK and "ohh; just hurts
my neck and low back, standing and working there; tired; ohh" FACIAL
GRIMACE; HANDS RUB ACROSS LOW BACK; RIGHT HAND TO
RIGHT NECK.  (Pulse rate 72).

XV.  WORK SURFACE HEIGHT - tested between 24 inch height to 60 inch
height with report/demonstration best standing work surface height
reported at 36 inches to 44 inches with report "not too high or too low;
doesn't hurt my neck or low back as much".

XVI.  GRIP COMPONENT - Dynamometer units - right hand dominant

| 18 / 20 / 21 / 20 / 14 | On right |
| 16 / 18 / 22 / 21 / 16 | On left at  9:28   a.m. following paperwork |
| | |
| 16 / 17 / 18 / 14 / 08 | On right |
| 12 / 13 / 16 / 14 / 09 | On left at 10:36   a.m. following lifting |
| | |
| 12 / 12 / 13 / 12 / 04 | On right |
| 09 / 10 / 11 / 12 / 08 | On left at 11:34   a.m. at termination |

Grip dynamometer graphing demonstrates consistency of patterning with
decreasing values of the three sets taken periodically throughout the
assessment.

12/13

PAGE 5 - KEY FCE - LUZ IBOA

## XVII.  RESISTANCE DYNAMOMETER

14 / 12 / 12 / 12  units at  9:31 a.m. following grip dynamometer
09 / 07 / 09 / 09  units at 10:14 a.m. following push/pull
09 / 05 / 06 / 09  units at 10:41 a.m. following carry
05 / 05 / 05 / 05  units at 11:31 a.m. at termination of testing

Resistance dynamometer measurements demonstrate consistency of range with decreasing values of the four sets taken periodically throughout the assessment.

## XVIII.  PULSE RATES

| | |
|---|---|
| 60 | Prior to testing |
| 66 | Following lifting to above shoulder level |
| 72 | Following lifting at desk/chair level |
| 72 | Following lifting at chair/floor level |
| 66 / 66 | Following push/pull activity |
| 78 / 78 | Following carrying activity |
| 72 | Following stair activity |
| 66 | Following squatting activity |
| 72 | Following standing activity |

## XIX.  VALIDITY DETERMINATION -  CONDITIONALLY VALID

David Regan, P.T.
KEY Assessment Specialist

13/13

# Back & Joint Injury Clinic

1 Lakeshore Dr.
Suite 1620
Lake Charles, LA. 70629
(337) 439 7007
Fax: (337)439-7011

March 04, 2011

| | |
|---|---|
| **Patient Name:** | IBOA, LUZ MARIA |
| **Date of Injury:** | 09/02/2010 |
| **Date of Birth:** | ███/1952 |
| **Social security:** | xxx-xx-7106 |
| **Employer:** | Global Management Enterprises, LLC |
| **Work Comp Carrier:** | Louisiana Worker's Compensation Corp. |
| **Carrier Claim#** | 159690 |
| **Adjustor:** | Jamie LeBlanc |

## FOLLOW-UP EVALUATION

**HISTORY OF PRESENT ILLNESS:** Ms. Luz Maria Iboa, 59 yr. old widowed female, presented today, 03/04/2011, for re-evaluation of the work related injuries that occurred on 09/02/2010 while working as a general laborer for Global Management Enterprises, LLC, which was contracted with British Petroleum for oil spill clean-up in Grand Isle, LA. Ms. Iboa speaks Spanish and was translated with help of her brother.

On 01/26/2011, Dr. McCoy reported on MRI of the lumbar spine disc bulge with foraminal narrowing at L4-L5, and disc bulges at L1-L2, L2-L3, and L5-S1. On 01/26/2011, Dr. McCoy reported disc bulges form C3-C4 disc to C7-T1 disc on MRI of the cervical spine.

Ms. Iboa has completed 6 physical medicine treatments since her last evaluation on 02/09/2011. She reports decreased pain in severity and frequency, and increased strength and mobility from the treatment at this office. Ms. Iboa reports her pain interferes with her ability to do her activities of daily living.

On 02/15/2011, Dr. Gunderson, orthopedist, evaluated patient and recommended she continue treatment at my office for 12 more sessions of physical medicine treatments.

**CHIEF COMPLAINT:** Ms. Iboa is reporting that she sustained a work-related injury to the low back, and neck, and she has been complaining as follows since the date of injury.

Low Back: Ms. Iboa is reporting of frequent sharp low back pain with walking, standing, sitting, bending, twisting, getting up, and/or getting dressed. Ms. Iboa reports she can only stand and/or walk for about 20-25 minutes. She notes frequent burning, numbing,

tingling into her left leg more than right. Ms. Iboa rates her low back pain at 2/10, but at its worse it is 6/10.

Neck Pain: Ms. Iboa reports occasional sharp neck pain with some occasional dizziness and headaches. She reports the neck pain increases with turning her head, looking up, and reaching overhead. She is rates her neck pain at 2/10, but at its worse 5/10.

**JOB DESCRIPTION:** Ms. Iboa reports she works as a general laborer. She describes her work as the following:

| | | | | |
|---|---|---|---|---|
| {X} Sit __ hrs/day | { } Drive ___hrs/day | { } Work at computer ____hrs/day | | |
| {X} Stand _10__ hrs/day | {X} Walk _8__ hrs/day | | | |
| Lifting: {X} 1-10 lbs | ___ Occasionally | _X_ Frequently | ___ Constantly | |
| {X } 11-25 lbs | ___ Occasionally | _X_ Frequently | ___ Constantly | |
| { } 26-50 lbs | ___ Occasionally | ___ Frequently | ___ Constantly | |
| { } 51-100 lbs | __ Occasionally(pushing Cart)___ Frequently | ___ Constantly | | |
| { } 101lbs or more | ___ Occasionally | ___ Frequently | ____ Constantly | |
| {X} Bending | ___ Occasionally | _X_ Frequently | ___ Constantly | |
| {X} Twisting | ___ Occasionally | _X_ Frequently | ___Constantly | |
| {X} Reaching | ___ Occasionally | _X_ Frequently | ___Constantly | |
| {X} Push/Pull | ___ Occasionally | _X_ Frequently | ___Constantly | |

Note: Per the Dictionary of Occupational Titles the above job description would place Ms. Iboa's occupation as a general laborer in the Physical Demand Strength Rating as Medium (M). The M-Medium Work - *Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects.* Physical Demand requirements are in excess of those for Light Work.

**PHYSICAL EXAMINATION:** Lumbar: Right Achilles DTRs was 1+. Muscle strength evaluation reveals weakness of the right tibialis anterior and right iliopsoas. Sensory examination is decreased over the right L5, and S1 dermatome. There is no atrophy noted. Palpatory findings at the levels of L2-L5/S1 reveal pain, myofascial trigger points, spinal tenderness along with muscle guarding, worse on the right. Valsalva's is negative for low back pain. Straight Leg Raising is positive on the right at 70 degrees with low back pain, on the left at 85 degrees. The patient is able to perform Toe and Heel Walk Test. Kemp's test is positive on the left. Gaenslen's and Patrick-Fabere's tests elicit low back pain. AROM of the lumbar spine was improved: flexion at 35 degrees to 50, un changed in extension at 10 degrees, right lateral flexion: 15 degrees to 20 degrees, left lateral flexion: 10 degrees to 25 degrees. AROM of lumbar spine though improved is still limited due to muscle spasm and joint dysfunction.

Cervical: Rt. brachioradialis DTR was +1. DTR of the upper extremities were otherwise normal. Sensation to pinwheel was diminished over the right lateral orearm as compared to the left. Manual muscle testing the cervical spine demonstrated strength rated 5/5 of flexion, extension, rotation bilaterally, and lateral flexion bilaterally with neck pain and radiating pain from neck into mid back during testing. Manual muscle testing the left upper extremity demonstrated strength rated 5/5 of right shoulder serratus anterior test. Cervical compression, shoulder depression and Jackson's test elicited neck pain into the right side of neck. Cervical distraction tests provoked pain relief. Palpation elicited pain spasm, myofascial trigger points and spasm in the cervical and upper thoracic paraspinal

muscles, worse on the right.  AROM of the cervical spine was improved since last evaluation on 02/09/2011, flexion: from 45 degrees to 55 degrees, extension: unchanged at 45 degrees, right lateral flexion: unchanged at 40 degrees, left lateral flexion from 50 degrees to 55, right rotation from 60 degrees to 65, and left rotation from 55 degrees to 60 degrees. Obvious improvement but still limited due to muscle spasm and joint dysfunction.

**PROGRESS ISOTONIC MUSCLE TESTING** – See attached Report 03/07/2011

**DIAGNOSIS:** These conditions are, within medical probability, directly caused by the work related injury of 09/02/2010.
1)      722.10:  Lumbar disc syndrome
2)      722.0:  Cervical disc syndrome
3)      724.4:  Lumbar radiculitus
4)      723.4:  Cervical radiculitus
5)      728.2:  De-conditioning syndrome
6)      728.85:  Myospasm

**RECOMMENDATIONS AND TREATMENT PLAN:**
1       Continue home exercise and home therapy program.

2.      The patient is a candidate for physical medicine to all the injured area above (lumbar and cervical).  *Ms. Iboa having osteoporosis and osteoarthritis will only complicate her recovery, and remove her from being a patient that can placed in guidelines for normal recovery times.*   The patient will perform some or all the following on any given day for 12 treatment sessions/ three times a week for 4 weeks.

        97032   Electrical Muscle Stimulation (EMS)
        98941   Chiropractic Manipulati ve Therapy
        97140   Manual Therapy
        97012   Mechanical Traction
        97110   Therapeutic Procedures:  up to 4 Units.
        • General Stretching of Trunk, Upper and Lower Extremities
        • Thera-Band Exercises
        • Treadmill
        • Wobble board
        • Exercise Bike
        • Stair exercises.
        Goals/Rationale:

        ✓ Decrease pain.
        ✓ Decrease radicular pain.
        ✓ Increase balance and coordination.
        ✓ Increase ROM.
        ✓ Increase stability.
        ✓ Increase strength levels.
        ✓ Increase mobility.
        ✓ Increase flexibility.

✓ Increase blood circulation to help promote the healing process.
✓ Promote functional restoration and return to work.

3.     The patient will be issued a Lumbar spinal support and issued Medrox, topical analgesic gel, to help decrease muscle spasms, help with pain control, and help facilitate healing.

4.     The patient will be issued EMS and TENS combination unit to help decrease muscle spasms, help with pain control, and help facilitate healing.

5.     The patient will follow-up in approximately 4 weeks.

6.     The patient is not at the point of MMI.

7.     The patient prognosis is favorable.

8.     The patient will be taken off of work due to her work-related injury.

9.     The patient is able to return to work at the capacity noted on her restricted work status for 03/07/2011.

10.    It is my opinion and based on practices in this area, the treatment recommended is reasonable and necessary.

If you have any questions regarding this patient please feel free to contact this office at your convenience.

Samuel E. Liscum, D.C.
LA LIC# 1563

**Attachments:**
Restricted work status dated 03/07/2011
Isotonic Muscle Test 03/07/2011
**cc:**
Louisiana Worker's Compensation Corp.
Mr. Scott J. Pias, Attorney at Law

## Back & Joint Injury Clinic
1 Lakeshore Dr.
Suite 1620
Lake Charles LA., 70629
(337) 439 7007

Patient Name: _Luz Ibor_ Date: _3/4/11_

Subjective: _____
_____ RXM _____ see rep.tr _____

Objective: _____
_____
_____

Assessment: _____
_____

Plan: _____ Continue Treatment
Minimal Exam (99201)  Medium Exam (99203)    _no fu. rend_
Minimal Re-exam (99211)  Medium Re-exam (99213)

Joint Mobilization (98940) _____ (98941)_____ (98942)_____ (98943)_____, to increase articular motion and flexibility.

EMS (97032) _____ Area: _____ (units)_____ (time)_____ (min ea. area) for muscle training and restructure.

Whirlpool (97022)  Area: _____ for muscle relaxation, training, and restructure.

Manual Therapy (97140 – 97159)  Area: _____ for restoration of movement, and stretching to decrease pain.

Mechanical Traction: (97012) Area: _____ for stretching and increased mobility.

Neuromuscular Reeducation: (97112)  Area:_____ to improve movement, balance, coordination, kinesthetic sense, posture, and or therapy for sitting or standing.

Therapeutic Exercise (97110) Units_____ for increased joint motion, strength, functional capacity, and mobility.

Therapeutic Activity (97530)  Units _____ to improve functional performance (bending, lifting, carrying, reaching)

Electrodes (A4595)          Narrative Int. (99080-01)  Narrative Fin. (99080-02)

Doctor Signature: _____, Sam Liscum, D.C.   Date _3/4/11_

Patient Signature: _Luzmani Ibar_____   Date _3/4/11_

I hereby authorize my insurance benefits be paid directly to the above medical provider realizing that I am responsible for any non-covered services and or treatments.  I am aware that this is an Assignment of Benefits.

# Back & Joint Injury Clinic

1 Lakeshore Dr.
Suite 1620
Lake Charles, LA. 70629
(337) 439 7007
Fax: (337)439-7011

January 12, 2011

| | |
|---|---|
| **Patient Name:** | IBOA, LUZ MARIA |
| **Date of Injury:** | 09/02/2010 |
| **Date of Birth:** | ███/1952 |
| **Social security:** | xxx-xx-7106 |
| **Employer:** | Global Management Enterprises, LLC |
| **Work Comp Carrier:** | Louisiana Worker's Compensation Corp. |
| **Carrier Claim#** | 159690 |
| **Adjustor:** | Mark Small |

## INITIAL EVALUATION

**HISTORY OF PRESENT ILLNESS:** Ms. Luz Maria Iboa, 59 yr. old widowed female, reports working for Global Management Enterprises, LLC in Grand Isle, LA. The patient speaks Spanish and was translated with help of her brother. She works as a general contractor for Global Management Enterprises, LLC, which was contracted with British Petroleum for oil spill clean-up. Ms. Iboa reports she was hired approximately a month prior to her injury, and she notes she had no neck pain and/or back pain while working for Global Management Enterprises, LLC until after the work related injury of 09/02/2010.

Ms. Iboa reports on Tuesday, September 02nd, 2010 while working for Global Management Enterprises, LLC she was carrying two t-post when she tripped over something and fell backwards, landing on her low back, and striking her head on the ground. Ms. Iboa reports she had immediate severe low back pain, neck pain, and mid back pain. The patient notes the injury was reported to her supervisor, and she was taken to a company doctor in Gran Isle, La at the direction of her supervisor. At the company doctor, Ms. Iboa reports she was evaluated with x-rays, and prescribed pain medication and muscle relaxants. Ms. Iboa reports she was told by her employer the reason for her pain is arthritis and osteoporsis. She was return to work light duty approximately a week after the injury of 09/02/10. Ms. Iboa reports the contract job in Grand Isle ended and she was relocated to Lake Charles, LA. The patient reports she has made no improvements with treatment from Dr. Lee. Ms. Iboa reports Dr. Lee still has her return to work at light duty, but her employer, Global Management Enterprises, LLC , has not put her back to work.

Ms. Iboa has continued constant aching low back pain, that increases with activity, and frequent sharp throbbing neck pain, and headaches. Ms. Iboa is very concerned that she

Luz Maria Iboa
Initial Medical Report

is not getting any better, and she has reported to my office today, 01/12/2011, for evaluation and treatment recommendations, because she is not receiving any medical attention that is helping her.

**CHIEF COMPLAINT:** Ms. Iboa is reporting that she sustained a work-related injury to the low back, and neck, and she has been complaining as follows since the date of injury.

Low Back: Ms. Iboa is reporting of constant aching lower back pain that radiates deep aching into her right leg. Her low back pain increases with walking, standing, sitting, bending, twisting, getting up, getting dressed. Ms. Iboa reports she can only stand and/or walk for short periods of time. Presently, she rates her low back pain at 6/10, but at its worse it is 9/10.

Neck Pain: Ms. Iboa reports constant dull aching neck pain that shoots into her right shoulder and down her right arm with occasional numbness and tingling into her fingers. She reports the neck pain is constant tight ache that feels like a heavy pressure. She reports some occasional dizziness and headaches. She reports the neck pain increases with turning her head, looking up, and reaching overhead. She is rates her neck pain at 5/10, but at its worse 9/10.

**PAST MEDICAL HISTORY:** Ms. Iboa reported no significant previous i8njuries to her low back and neck that required medical attention. Ms. Iboa reported having been working at Global Management Enterprises, LLC since being hired in July of 2010 with no low back pain, and/or neck pain while doing her general labor duties.

Apparently, Ms. Iboa has osteoporosis and osteoarthritis which given her age is highly likely. However, the injury to the neck and low back was due the trauma of falling backwards and striking the ground while carrying two t-posts. The osteoporosis and osteoarthritis if present will only complicate Ms. Iboa's recovery, and remove her from being a patient that can placed in guidelines for normal recovery times.

**MEDICATIONS:** Pain medication, and muscle relaxants. She reports no known allergies.

**WORK HISTORY:** Ms. Iboa reported having been working for Global Management Enterprises, LLC since being hired in July of 2010 as a general laborer. Ms. Iboa reported having been working at Global Management Enterprises, LLC since being hired in July of 2010 with no low back pain, and/or neck pain while doing her general labor duties, until the date of injury on 09/02/2010.

**JOB DESCRIPTION:** Ms. Iboa reports she works as a general laborer. She describes her work as the following:

{X} Sit __ hrs/day      { } Drive ___ hrs/day      { } Work at computer ____ hrs/day
{X} Stand _10__ hrs/day      {X} Walk _8__ hrs/day
Lifting:   {X} 1-10 lbs      ___ Occasionally      _X_ Frequently      ___ Constantly
          {X } 11-25 lbs      ___ Occasionally      _X_ Frequently      ___ Constantly
          { } 26-50 lbs      ___ Occasionally      ___ Frequently      ____ Constantly

| | | | | |
|---|---|---|---|---|
| { } 51-100 lbs | __ Occasionally(pushing Cart)__ | | Frequently | __ Constantly |
| { } 101lbs or more | __ Occasionally | | Frequently | __ Constantly |
| {X} Bending | __ Occasionally | _X_ Frequently | __ Constantly | |
| {X} Twisting | __ Occasionally | _X_ Frequently | __ Constantly | |
| {X} Reaching | __ Occasionally | _X_ Frequently | __ Constantly | |
| {X} Push/Pull | __ Occasionally | _X_ Frequently | __ Constantly | |

Note: Per the Dictionary of Occupational Titles the above job description would place Ms. Iboa's occupation as a general laborer in the Physical Demand Strength Rating as Medium (M). The M-Medium Work - *Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects.* Physical Demand requirements are in excess of those for Light Work.

**PHYSICAL EXAMINATION:** <u>Lumbar</u>: Right Achilles DTRs was 1+. Muscle strength evaluation reveals weakness of the right tibialis anterior, right gastroc, right hamstring, right iliopsoas, and left hamstring. The patient reported increased back pain with testing the hamstrings and iliopsoas muscles bilaterally. Sensory examination is decreased over the right L4, L5, and S1 dermatome. There is no atrophy noted.

Palpatory findings at the levels of T12/L1-L5/S1 reveal pain, myofascial trigger points, spinal tenderness along with muscle guarding. Valsalva's was is positive for low back pain. Straight Leg Raising is positive on the right at 45 degrees with low back pain into the right thigh, on the left at 60 degrees. The patient is able to perform Toe and Heel Walk Test. AROM of the lumbar spine was decreased in flexion at 20 degrees, extension at 5 degrees, right lateral flexion at 10 degrees, left lateral flexion at 10 degrees, right rotation at 15 degrees and left rotation at 10 degrees due to pain, muscle guarding, and joint dysfunction. Kemp's test is positive worse to the left. Gaenslen's and Patrick-Fabere's tests elicit low back pain.

<u>Cervical</u>: The patient was alert and oriented times three. Cranial nerves II-XII were normal. Rhomberg's test was negative. Valsalva's was positive for neck pain. Right brachioradialis DTR was +1. DTR of the upper extremities were otherwise normal. Sensation to pinwheel was diminished over the right lateral anterior forearm as compared to the left. Manual muscle testing the cervical spine demonstrated strength rated 5/5 of flexion, extension, rotation bilaterally, and lateral flexion bilaterally with neck pain and radiating pain from neck into mid back during testing. Manual muscle testing the left upper extremity demonstrated strength rated 4/5 of right shoulder serratus anterior test. AROM of the cervical spine was decreased in flexion at 30 degrees, extension at 35 degrees, right lateral flexion at 30 degrees, left lateral flexion at 20 degrees, right rotation at 50 degrees and left rotation at 45 degrees due to pain, muscle guarding, and joint dysfunction. Cervical compression, shoulder depression and Jackson's test elicited neck pain into the right shoulder. Cervical distraction tests provoked pain relief. Palpation elicited pain spasm, myofascial trigger points and spasm in the cervical and upper thoracic paraspinal muscles, worse on the right.

**DIAGNOSIS:** These conditions are, within medical probability, directly caused by the work related injury of 09/02/2010.

1) 722.10: Lumbar disc syndrome
2) 722.0: Cervical disc syndrome
3) 724.4: Lumbar radiculitus
4) 723.4: Cervical radiculitus
5) 728.2: De-conditioning syndrome
6) 728.85: Myospasm

**RECOMMENDATIONS AND TREATMENT PLAN:**

1   Refer for MRI of the cervical spine and lumbar spine. Obtain Medical Records from previous doctors.

2.   The patient is a candidate for physical medicine to all the injured area above (lumbar, cervical, and left shoulder).   The patient will perform some or all the following on any given day for 12 treatment sessions/ three times a week for 4 weeks.

> 97010 Cryotherapy
> 97032 Electrical Muscle Stimulation (EMS)
> 98941 Chiropractic Manipulati ve Therapy
> 97140 Manual Therapy
> 97012 Mechanical Traction
> 97110 Therapeutic Procedures: up to 4 Units.
> - General Stretching of Trunk, Upper and Lower Extremities
> - Thera-Band Exercises
> - Treadmill
> - Wobble board
> - Exercise Bike
> - Stair exercises.

Goals/Rationale:

> ✓ Decrease pain.
> ✓ Decrease radicular pain.
> ✓ Increase balance and coordination.
> ✓ Increase ROM.
> ✓ Increase stability.
> ✓ Increase strength levels
> ✓ Increase mobility.
> ✓ Increase flexibility.
> ✓ Increase blood circulation to help promote the healing process.
> ✓ Promote functional restoration and return to work.

3.   The patient will be issued a Lumbar spinal support and issued Medrox, topical analgesic gel, to help decrease muscle spasms, help with pain control, and help facilitate

healing.

4.     The patient will be issued EMS and TENS combination unit to help decrease muscle spasms, help with pain control, and help facilitate healing.

5.     The patient will follow-up in approximately 4 weeks.

6.     The patient is not at the point of MMI.

7.     The patient prognosis is guarded.

8.     The patient will be taken off of work due to her work-related injury.

9.     The patient is currently and temporarily disabled and unable to return to work at any capacity because of the severity of her injuries.

10.    It is my professional opinion that the patient did suffer work-related injury pertaining to her low back and neck.

12.    The described mechanism of injury correlates directly with her current complaints. The patient having osteoporosis and osteoarthritis will only complicate her recovery, and remove her from being a patient that can placed in guidelines for normal recovery times.

13.    In light of this data being presented, it is my professional opinion that Ms. Iboa's disability to begin on 09/02/2010.

14.    It is my opinion and based on practices in this area, the treatment recommended is reasonable and necessary.

If you have any questions regarding this patient please feel free to contact this office at your convenience.

Samuel E. Liscum, D.C.
LA LIC# 1563

**Attachments:**
Off work status

**cc:**
Louisiana Worker's Compensation Corp.

**Back & Joint Injury Clinic**
1 Lakeshore Dr.
Suite 1620
Lake Charles LA., 70629
(337) 439 7007

Patient Name: _Luz Iboa_                Date: _1/12/11_

Subjective: _____

_____

Objective: _____ _Initial Eval._____

_____ _See Report_____

Assessment: _____

_____

Plan: _____ Continue Treatment
Minimal Exam (99201)  Medium Exam (99203)
Minimal Re-exam (99211)  Medium Re-exam (99213)

Joint Mobilization (98940) _____ (98941)_____ (98942)_____ (98943)_____, to increase articular motion and flexibility.

EMS (97032) ✓ Area: _Lsp_ (units)_1_ (time)_25_ (min ea. area) for muscle training and restructure. _97010_  _Cryotherapy_  _Lsp_

Whirlpool (97022)  Area: _____ for muscle relaxation, training, and restructure.

Manual Therapy (97140 – 97159)  Area: _Csp  Lsp_ for restoration of movement, and stretching to decrease pain.

Mechanical Traction: (97012) Area: _____ _Lsp_____ for stretching and increased mobility.

Neuromuscular Reeducation: (97112)  Area:_____ to improve movement, balance, coordination, kinesthetic sense, posture, and or therapy for sitting or standing.

Therapeutic Exercise (97110) Units_____ for increased joint motion, strength, functional capacity, and mobility.

Therapeutic Activity (97530) Units _____ to improve functional performance (bending, lifting, carrying, reaching) _w/s off til 1/19/11_   _Refer MRI Csp Lsp_

Electrodes (A4595)                    Narrative Int. (99080-01)  Narrative Fin. (99080-02)

Doctor Signature: _____ Sam Liscum, D.C.   Date _1/12/11_

Patient Signature: _Luz Maria Iboa_____   Date _1/12/11_

I hereby authorize my insurance benefits be paid directly to the above medical provider realizing that I am responsible for any non-covered services and or treatments.  I am aware that this is an Assignment of Benefits.

**Back & Joint Injury Clinic**
1 Lakeshore Dr., Ste 1620
Lake Charles, LA. 70629

(337) 439-7007
(337) 439-7011

## WORK STATUS REPORT

| Employee Information | Doctors Information | Employers Information |
|---|---|---|
| Name: _Luz Ibon_ | Dr. Sam Liscum, D.C. | Name: _Global Management_ |
| DOI _9/2/10_  SS# _____7106_ | | Phone & Fax (_337_)_444-7354_ /Fx _494-7355_ |
| Employee Description of Injury: _Severe NP, MBP, LBP after Falling Backwards while Carrying T-Posts_ | | Insurance Carrier Information: _LWCC 877-592-2864 ext 2727  Clm# 159690 (225)929-5621_ |

### Employee's Work Status Information

The injured employee's Medical Condition resulting from the worker's compensation injury:

☐ Will allow the employee to return to work as of _____ without restrictions
☐ Will allow the employee to return to work as of _____ with restrictions listed below:
☒ Has prevented and still prevents the employee form returning to work as of _1/12/11_ and is expected to continue through _1/19/11_. Additional Comments: _patients pain level, joint rest muscle guarding, & /weakness make a RTW unsafe at this tme_

### Activity Restrictions

| POSTURE RESTRICTIONS | Max hours / day | | | | MOTION RESTRICTIONS | Max hours / day | | | | MISC. RESTRICTIONS |
|---|---|---|---|---|---|---|---|---|---|---|
| Standing | 0 | 2 | 3 | 4 | Walking | 0 | 2 | 3 | 4 | ☐ Max hours per day ____ |
| Sitting | 0 | 2 | 3 | 4 | Climbing | 0 | 2 | 3 | 4 | ☐ Breaks of ____ per ____ |
| Kneeling | 0 | 2 | 3 | 4 | Grasping | 0 | 2 | 3 | 4 | ☐ Must wear splint or cast |
| Stooping | 0 | 2 | 3 | 4 | Wrist flexion/extension | 0 | 2 | 3 | 4 | ☐ Must uses crutches |
| Push/Pull | 0 | 2 | 3 | 4 | Reaching | 0 | 2 | 3 | 4 | ☐ Not to operate heavy equipment |
| Twisting | 0 | 2 | 3 | 4 | Overhead | 0 | 2 | 3 | 4 | ☐ Only drive automatic |
| Bending | 0 | 2 | 3 | 4 | Keyboarding | 0 | 2 | 3 | 4 | ☐ Other: |
| Other | 0 | 2 | 3 | 4 | Other | 0 | 2 | 3 | 4 | |

### Other Restrictions

Other Restrictions:

These restrictions are based on the doctor's best understanding of the employee's essential job functions. If a particular restriction does not apply, it should be disregarded. If modified duty that meets these restrictions is not available, the patient should be considered to be off work. Note – these restrictions should be followed outside of work as well

**Medication Restriction (if any)**

☐ Must take prescription medication
☐ Advised to take over the counter medication
☐ Medication may make drowsy

### Treatment/Follow-up Appointment Information

| Diagnosis for work injury: | Expected follow-up Services Include: |
|---|---|
| 1) 722.10 | ☐ Evaluation by treating doctor on _____ (date) at ___ : ___ am/pm |
| 2) 722.0 | ☒ Referral to/Consult with _MRT Cp Lop_ on _ASAP_ (date) at ___ : ___ am/pm |
| 3) 722.3 | ☒ Physical medicine _3_ X per week for _4_ weeks, starting on _1/13/11_ |
| 4) 723. 4 | |

| Today's Date: _1/12/2011_ | Employee's Signature: _Luz Maria Iboa_ | Doctor's Signature: |

## Back & Joint Injury Clinic
1 Lakeshore Dr.
Suite 1620
Lake Charles LA., 70629
(337) 439 7007

Patient Name: _Luz Iboa_       Date: _1/13/11_

Subjective: _Patient has constant aches LBP inc to sharp w/ walking standing bending. NP w/ freq HA she notes the HA interrupt sleep & NP radiate to the L arm_

Objective: _Severe pain, spasm MFTP, jt rest in Csp Lsp Minor's sign, keeps AROM dec._

Assessment: _722.10, 722.0, 724.4, 724.4 728.85_

Plan: _____ Continue Treatment
Minimal Exam (99201)  Medium Exam (99203)
Minimal Re-exam (99211)  Medium Re-exam (99213)

Joint Mobilization (98940) _____ (98941)_____ (98942)_____ (98943)_____ , to increase articular motion and flexibility.

EMS (97032) ___✓___ Area: _Lsp_ (units) _1_ (time) _15_ (min ea. area) for muscle training and restructure.

Whirlpool (97022) Area: _____ for muscle relaxation, training, and restructure.

Manual Therapy (97140 – 97159) Area: _Csp Lsp_ for restoration of movement, and stretching to decrease pain.

Mechanical Traction: (97012) Area: _Csp Lsp_ for stretching and increased mobility.

Neuromuscular Reeducation: (97112) Area:_____ to improve movement, balance, coordination, kinesthetic sense, posture, and or therapy for sitting or standing.

Therapeutic Exercise (97110) Units _4_ for increased joint motion, strength, functional capacity, and mobility. _AAROM Csp-4 3x10 ; Lsp-4 3x10 stabil. Csp 5- 20sec. Lsp-5- 20sec._

Therapeutic Activity (97530) Units _____ to improve functional performance (bending, lifting, carrying, reaching) _Patient reports relief after active/passive therapy ↑ mobility_

Electrodes (A4595)       Narrative Int. (99080-01)  Narrative Fin. (99080-02)

Doctor Signature: _[signature]_ , Sam Liscum, D.C.   Date _1/13/11_

Patient Signature: _Luz Maria Iboa_   Date _1/13/11_

I hereby authorize my insurance benefits be paid directly to the above medical provider realizing that I am responsible for any non-covered services and or treatments.  I am aware that this is an Assignment of Benefits.

**Back & Joint Injury Clinic**
1 Lakeshore Dr.
Suite 1620
Lake Charles LA., 70629
(337) 439 7007

Patient Name: _Luz Ibao_          Date: _1/14/11_

Subjective: _Constant aching LB w/ free numb/ting into legs worse Rt_
_NP occasionally, w/ HA w/ Rt arm. She notes_
_she can sleep better @ night since start treat_
_and doing exercises_

Objective: _Mod/Severe pain, spasm, jt rest in Csp Lsp._

Assessment: _722.10, 722.0, 724.4 723.4 728.2 728.85_

Plan: ___✓___ Continue Treatment
Minimal Exam (99201)  Medium Exam (99203)
Minimal Re-exam (99211)  Medium Re-exam (99213)

Joint Mobilization (98940) _____ (98941)_____ (98942)_____ (98943)_____, to increase articular motion and flexibility.

EMS (97032) _1_ Area: _Lsp_ (units) _1_ (time) _15_ (min ea. area) for muscle training and restructure.

Whirlpool (97022) Area: _____ for muscle relaxation, training, and restructure.

Manual Therapy (97140 - 97159) Area: _Lsp , Csp_ for restoration of movement, and stretching to decrease pain.

Mechanical Traction (97012) Area: _Lsp_ for stretching and increased mobility.

Neuromuscular Reeducation: (97112) Area:_____ to improve movement, balance, coordination, kinesthetic sense, posture, and or therapy for sitting or standing.

Therapeutic Exercise (97110) Units _4_ for increased joint motion, strength, functional capacity, and mobility. _Bicyc 10 m - AROM 2x10 Sp-6 Lp-6 Stretch Prayer, Cat sezone_
_5.B Lsp 2x30 -4_

Therapeutic Activity (97530) Units _____ to improve functional performance (bending, lifting, carrying, reaching)

Electrodes (A4595)          Narrative Int. (99080-01) Narrative Fin. (99080-02)

Doctor Signature: _[signature]_ Sam Liscum, D.C.   Date _1/14/11_

Patient Signature: _Luz Maria Ibao_   Date _1\14\11_

I hereby authorize my insurance benefits be paid directly to the above medical provider realizing that I am responsible for any non-covered services and or treatments. I am aware that this is an Assignment of Benefits.

**Back & Joint Injury Clinic**
1 Lakeshore Dr.
Suite 1620
Lake Charles LA., 70629
(337) 439 7007

Patient Name: _Luz Iboa_   Date: _1/17/11_

Subjective: _Constal dull achy, L3θ w/ ocasnl tinls inte less Rt > lt_
_Fen Alt PA of return_

Objective: _Mod/severe pain, + rest, spesm in Csp Lsp_

Assessment: _722.10, 722.0, 723.4 724.4 728.55_

Plan: _____ Continue Treatment
Minimal Exam (99201)  Medium Exam (99203)
Minimal Re-exam (99211)  Medium Re-exam (99213)

Joint Mobilization (98940) _____ (98941)_____ (98942)_____ (98943)_____, to increase articular motion and flexibility.

EMS (97032) _✓_ Area: _Lsp_ (units) _1_ (time) _15_ (min ea. area) for muscle training and restructure.

Whirlpool (97022) Area: _____ for muscle relaxation, training, and restructure.

Manual Therapy (97140 - 97159) Area: _Csp Lsp_ for restoration of movement, and stretching to decrease pain.

Mechanical Traction (97012) Area: _Csp Lsp_ for stretching and increased mobility.

Neuromuscular Reeducation: (97112) Area:_____ to improve movement, balance, coordination, kinesthetic sense, posture, and or therapy for sitting or standing.

Therapeutic Exercise (97110) Units _4_ for increased joint motion, strength, functional capacity, and mobility. _Bicsces.n   Sp-6 - Lsp-6 ARom 3x10  Stretch (spcb) @ 20 sc._
_Lsp Kne/Prays /Cat 20 sq      5.3. sit-up Lsp 6 3x10  Wall sit. Csp 3x10 (6)_
Therapeutic Activity (97530) Units _____ to improve functional performance (bending, lifting, carrying, reaching)

Electrodes (A4595)        Narrative Int. (99080-01) Narrative Fin. (99080-02)

Doctor Signature: _[signature]_, Sam Liscum, D.C.   Date _1/17/11_

Patient Signature: _Luz Maria Iboa_   Date _1/17/11_

I hereby authorize my insurance benefits be paid directly to the above medical provider realizing that I am responsible for any non-covered services and or treatments. I am aware that this is an Assignment of Benefits.

## Back & Joint Injury Clinic
1 Lakeshore Dr.
Suite 1620
Lake Charles LA., 70629
(337) 439 7007

Patient Name: _Luz Iboa_  Date: _1/19/11_

Subjective: _Const t aching LBP inc to sleep catch r/_
_throb__ at knee r/ activity. Freq NP r side Rt_
_shl._

Objective: _mod/ severe pain, spasm, MFTP, jt rest_
_in Lsp, Csp_

Assessment: _722.10, 722.0, 724.4, 723.4_

Plan: ___✓__ Continue Treatment
Minimal Exam (99201)  Medium Exam (99203)
Minimal Re-exam (99211)  Medium Re-exam (99213)

Joint Mobilization (98940) _____ (98941)_____ (98942)_____ (98943)_____, to increase articular motion and flexibility.

EMS (97032) __1__ Area: _Csp Lsp_ (units) _1_ (time) _15_ (min ea. area) for muscle training and restructure.

Whirlpool (97022) Area: _____ for muscle relaxation, training, and restructure.

Manual Therapy (97140 – 97159) Area: _____Lsc_____ for restoration of movement, and stretching to decrease pain.

Mechanical Traction: (97012) Area: _____Lse_____ for stretching and increased mobility.

Neuromuscular Reeducation: (97112) Area:_____ to improve movement, balance, coordination, kinesthetic sense, posture, and or therapy for sitting or standing.

Therapeutic Exercise (97110) Units __4__ for increased joint motion, strength, functional capacity, and mobility. _bicycle 15m~ Arom Csp-6 3x10 Lsp-6 3x10 Stretches Lo 3e70se Prayer, ext. S.3. Lp s.lt.s 3x10 (4) Csp (4) 3x10 well sats._
Therapeutic Activity (97530) Units _____ to improve functional performance (bending, lifting, carrying, reaching)

Electrodes (A4595)       Narrative Int. (99080-01) Narrative Fin. (99080-02)
Doctor Signature: _____ Sam Liscum, D.C.   Date _1/19/11_
Patient Signature: _Luz Maria Iboa_   Date _1/19/11_

I hereby authorize my insurance benefits be paid directly to the above medical provider realizing that I am responsible for any non-covered services and or treatments. I am aware that this is an Assignment of Benefits.

## Back & Joint Injury Clinic
1 Lakeshore Dr., Ste 1620
Lake Charles, LA. 70629

(337) 439-7007
(337) 439-7011

### WORK STATUS REPORT

| Employee Information | Doctors Information | Employers Information |
|---|---|---|
| Name: *Luz Ibos* | Dr. Sam Liscum, D.C. | Name: *Global* |
| DOI 9/2/10   SS# xxx-xx-7156 | | Phone & Fax # *(337) 494-7355* |
| Employee Description of Injury: *Inj N, LB when fell on back carrying T-Post* | | Insurance Carrier Information *LWCC (225) 929-5621* |

### Employee's Work Status Information

The injured employee's Medical Condition resulting from the worker's compensation injury:

- ☐ Will allow the employee to return to work as of _____ without restrictions
- ☐ Will allow the employee to return to work as of _____ with restrictions listed below:
- ☑ Has prevented and still prevents the employee form returning to work as of 1/19/11 and is expected to continue through 1/26/11. Additional Comments: *Patient pain level, jt dysfxn, muscle guarding, make a RTW onsite @ this time*

### Activity Restrictions

| POSTURE RESTRICTIONS | Max hours / day | MOTION RESTRICTIONS | Max hours / day | MISC. RESTRICTIONS |
|---|---|---|---|---|
| Standing | 0 2 3 4 | Walking | 0 2 3 4 | ☐ Max hours per day _____ |
| Sitting | 0 2 3 4 | Climbing | 0 2 3 4 | ☐ Breaks of _____ per _____ |
| Kneeling | 0 2 3 4 | Grasping | 0 2 3 4 | ☐ Must wear splint or cast |
| Stooping | 0 2 3 4 | Wrist flexion/extension | 0 2 3 4 | ☐ Must uses crutches |
| Push/Pull | 0 2 3 4 | Reaching | 0 2 3 4 | ☐ Not to operate heavy equipment |
| Twisting | 0 2 3 4 | Overhead | 0 2 3 4 | ☐ Only drive automatic |
| Bending | 0 2 3 4 | Keyboarding | 0 2 3 4 | ☐ Other: |
| Other | 0 2 3 4 | Other | 0 2 3 4 | |

### Other Restrictions

Other Restrictions:

These restrictions are based on the doctor's best understanding of the employee's essential job functions. If a particular restriction does not apply, it should be disregarded. If modified duty that meets these restrictions is not available, the patient should be considered to be off work. Note – these restrictions should be followed outside of work as well

**Medication Restriction (if any)**

- ☐ Must take prescription medication
- ☐ Advised to take over the counter medication
- ☐ Medication may make drowsy

### Treatment/Follow-up Appointment Information

Diagnosis for work injury
1) 722.10
2) 722.0
3) 724.4
4) 723.4

Expected follow-up Services Include:
- ☐ Evaluation by treating doctor on _____ (date) at __ : __ am/pm
- ☑ Referral to/Consult with *MRI Sub* on *ASAP* (date) at __ : __ am/pm
- ☑ Physical medicine _X_ X per week for _4_ weeks, starting 1/19/1

| Today's Date: 1/19/11 | Employee's Signature: *Luz maria Iboa* | Doctor's Signature: |

DATE: 06/25/2018
TIME: 03:56 pm

LOUISIANA WORKERS' COMPENSATION CORPORATION
Claim Payments Report
For Payment Dates 10/01/1992 Through 06/25/2018
For Claim Number 159690
Claimant Iboa, Luz

REPORT: CL150R
PAGE 1
OF 4

Medical Payments

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|----------|--------|-------------|-------------|---------|---------|----------|
| 09/21/10 | 9002-0 | MEDICAL TREATMENT | $4.00 | 09/16/10 | 09/16/10 | 3979217 |
| 09/23/10 | 18609-4 | CHRISTUS MEDICAL GROUP | $146.00 | 09/14/10 | 09/14/10 | 3980378 |
| 10/04/10 | 38356-2 | RIVERO, JOSE | $33.00 | 09/05/10 | 09/05/10 | 3982788 |
| 10/04/10 | 25690-21 | DUANE, LUKE | $114.00 | 09/05/10 | 09/05/10 | 3982832 |
| 10/04/10 | 25690-1 | LADY OF THE SEA GENERAL HOSPITAL | $435.78 | 09/05/10 | 09/05/10 | 3982888 |
| 10/31/10 | 35403-0 | THIRD PARTY SOLUTIONS INC | $35.85 | 09/05/10 | 09/05/10 | 3990734 |
| 12/02/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $8.10 | 11/24/10 | 11/24/10 | 3999811 |
| 12/17/10 | 19518-0 | PHARMACY ASSOCIATES, INC. | $50.92 | 12/02/10 | 12/02/10 | 4003467 |
| 12/23/10 | 13527-0 | W O MOSS REGIONAL MEDICAL CENTER | $301.54 | 11/03/10 | 11/03/10 | Mltiple |
| 01/03/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $12.20 | 12/28/10 | 12/28/10 | 4006981 |
| 01/28/11 | 25249-0 | FONTENOT, BUSTER | $609.29 | 01/20/11 | 01/20/11 | 4015007 |
| 02/08/11 | 34712-0 | RADIOLOGY SPECIALIST LLC | $1,824.30 | 01/26/11 | 01/26/11 | 4017314 |
| 02/21/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $4.10 | 02/15/11 | 02/15/11 | 4020964 |
| 02/22/11 | 41412-2 | LISCUM, SAMUEL E. | $209.00 | 01/31/11 | 01/31/11 | 4021087 |
| 02/25/11 | 41412-2 | LISCUM, SAMUEL E. | $841.00 | 01/21/11 | 01/28/11 | Mltiple |
| 02/25/11 | 41412-2 | LISCUM, SAMUEL E. | $209.00 | 02/02/11 | 02/02/11 | 4022592 |
| 02/25/11 | 41412-2 | LISCUM, SAMUEL E. | $269.50 | 02/07/11 | 02/09/11 | 4022592 |
| 02/25/11 | 41412-2 | LISCUM, SAMUEL E. | $394.00 | 02/11/11 | 02/16/11 | 4022592 |
| 03/02/11 | 10356-1 | GUNDERSON, CLARK A. | $426.00 | 02/15/11 | 02/15/11 | 4024025 |
| 03/16/11 | 41412-2 | LISCUM, SAMUEL E. | $68.00 | 03/04/11 | 03/04/11 | 4027548 |
| 03/21/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $4.10 | 03/15/11 | 03/15/11 | 4028245 |
| 03/23/11 | 41412-2 | LISCUM, SAMUEL E. | $138.00 | 02/24/11 | 02/24/11 | 4029522 |
| 03/23/11 | 41412-2 | LISCUM, SAMUEL E. | $139.00 | 02/23/11 | 02/23/11 | 4029522 |
| 03/23/11 | 41412-2 | LISCUM, SAMUEL E. | $138.00 | 02/18/11 | 02/18/11 | 4029522 |
| 03/28/11 | 10356-1 | GUNDERSON, CLARK A. | $105.00 | 03/15/11 | 03/15/11 | 4030004 |
| 03/29/11 | 41412-2 | LISCUM, SAMUEL E. | $139.00 | 03/03/11 | 03/03/11 | 4030161 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/25/2018

TIME: 03:56 pm

REPORT: CL150R

PAGE 2

OF 4

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/25/2018

For Claim Number 159690

Claimant Iboa, Luz

**Medical Payments**

| Pymnt Dt | Vendor | Vendor Name | Amount Paid | From Dt | Thru Dt | Check No |
|----------|--------|-------------|-------------|---------|---------|----------|
| 04/05/11 | 41412-2 | LISCUM, SAMUEL E. | $88.00 | 03/07/11 | 03/07/11 | 4031985 |
| 04/06/11 | 41412-2 | LISCUM, SAMUEL E. | $68.00 | 03/09/11 | 03/09/11 | 4033125 |
| 04/07/11 | 41412-2 | LISCUM, SAMUEL E. | $1,341.00 | 01/12/11 | 01/19/11 | 4033446 |
| 04/20/11 | 41412-2 | LISCUM, SAMUEL E. | $168.00 | 03/24/11 | 03/24/11 | 4036800 |
| 04/20/11 | 41412-2 | LISCUM, SAMUEL E. | $168.00 | 03/22/11 | 03/22/11 | 4036800 |
| 04/20/11 | 41412-2 | LISCUM, SAMUEL E. | $334.00 | 03/29/11 | 04/01/11 | 4036800 |
| 04/20/11 | 41412-2 | LISCUM, SAMUEL E. | $234.00 | 04/07/11 | 04/12/11 | 4036800 |
| 04/20/11 | 41412-2 | LISCUM, SAMUEL E. | $166.00 | 04/05/11 | 04/05/11 | 4036800 |
| 06/02/11 | 25756-0 | PHYSICAL THERAPY ASSOCIATES OF LA INC | $566.10 | 05/13/11 | 05/13/11 | 4047654 |
| 06/10/11 | 41412-2 | LISCUM, SAMUEL E. | $68.00 | 06/02/11 | 06/02/11 | 4049873 |
| 06/10/11 | 41412-2 | LISCUM, SAMUEL E. | $68.00 | 05/26/11 | 05/26/11 | 4049873 |
| 06/15/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $42.60 | 01/12/11 | 02/16/11 | 4051532 |
| 06/15/11 | 10356-1 | GUNDERSON, CLARK A. | $105.00 | 06/07/11 | 06/07/11 | 4051441 |
| 06/17/11 | 41412-2 | LISCUM, SAMUEL E. | $186.00 | 04/15/11 | 04/26/11 | 4051907 |
| 06/20/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $4.10 | 06/07/11 | 06/07/11 | 4052156 |
| 07/05/11 | 19518-0 | PHARMACY ASSOCIATES, INC. | $4.10 | 06/20/11 | 06/20/11 | 4055957 |
| 07/08/11 | 41412-2 | LISCUM, SAMUEL E. | $240.00 | 06/17/11 | 06/20/11 | 4057416 |
| 07/11/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $58.31 | 02/15/11 | 06/07/11 | 4057807 |
| 07/26/11 | 41412-2 | LISCUM, SAMUEL E. | $240.00 | 06/27/11 | 07/01/11 | 4061442 |
| 07/26/11 | 41412-2 | LISCUM, SAMUEL E. | $240.00 | 06/23/11 | 06/24/11 | 4061442 |
| 08/25/11 | 9004-0 | TRAVEL & AMBULANCE SERVICE | $22.71 | 10/01/10 | 06/20/11 | 4070018 |
| 09/22/11 | 36757-0 | COMPLETE OCCUPATIONAL HEALTH SERVICES | $160.00 | 09/23/10 | 09/23/10 | 4077242 |
| 12/07/11 | 9011-0 | LUMP SUM SETTLEMENT | $57,500.00 | 12/07/11 | 12/07/11 | 4097877 |
| 12/29/11 | 9001-0 | DRUGS | $8.10 | 10/01/10 | 10/01/10 | 4103133 |

TOTAL: $68,738.70

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/25/2018
TIME: 03:56 pm

LOUISIANA WORKERS' COMPENSATION CORPORATION

Claim Payments Report

For Payment Dates 10/01/1992 Through 06/25/2018

For Claim Number 159690

Claimant Iboa, Luz

REPORT: CL150R
PAGE 3
OF 4

Indemnity Payments

| Payment Date | Comp Code | Comp | From Date | Thru Date | Type Comp | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|---|
| 01/25/2011 | TT | | 01/19/2011 | 01/25/2011 | INITIAL | 7 | $436.00 | $0.00 | $436.00 | 4014206 |
| 01/25/2011 | TT | | 01/26/2011 | 01/28/2011 | REGULAR | 3 | $186.86 | $0.00 | $186.86 | 4014207 |
| 01/28/2011 | TT | | 01/19/2011 | 01/28/2011 | ADJUSTMENT | 10 | $204.28 | $0.00 | $204.28 | 4015043 |
| 02/01/2011 | TT | | 01/29/2011 | 02/04/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4016302 |
| 02/08/2011 | TT | | 02/05/2011 | 02/11/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4018190 |
| 02/15/2011 | TT | | 02/12/2011 | 02/18/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4020059 |
| 02/22/2011 | TT | | 02/19/2011 | 02/25/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4022017 |
| 02/22/2011 | TT | | 01/12/2011 | 01/18/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4022018 |
| 03/01/2011 | TT | | 02/26/2011 | 03/04/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4023865 |
| 03/08/2011 | TT | | 03/05/2011 | 03/11/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4025617 |
| 03/15/2011 | TT | | 03/12/2011 | 03/18/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4027462 |
| 03/22/2011 | TT | | 03/19/2011 | 03/25/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4029321 |
| 03/29/2011 | TT | | 03/26/2011 | 04/01/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4031081 |
| 04/05/2011 | TT | | 04/02/2011 | 04/08/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4033036 |
| 04/12/2011 | TT | | 04/09/2011 | 04/15/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4034780 |
| 04/19/2011 | TT | | 04/16/2011 | 04/22/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4036614 |
| 04/26/2011 | TT | | 04/23/2011 | 04/29/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4038397 |
| 05/03/2011 | TT | | 04/30/2011 | 05/06/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4040247 |
| 05/10/2011 | TT | | 05/07/2011 | 05/13/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4042017 |
| 05/17/2011 | TT | | 05/14/2011 | 05/20/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4043653 |
| 05/24/2011 | TT | | 05/21/2011 | 05/27/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4045472 |
| 05/31/2011 | TT | | 05/28/2011 | 06/03/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4047238 |
| 06/07/2011 | TT | | 06/04/2011 | 06/10/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4049260 |
| 06/14/2011 | TT | | 06/11/2011 | 06/17/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4051257 |
| 06/21/2011 | TT | | 06/18/2011 | 06/24/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4053218 |
| 06/28/2011 | TT | | 06/25/2011 | 07/01/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4055195 |
| 07/05/2011 | TT | | 07/02/2011 | 07/08/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4056838 |
| 07/12/2011 | TT | | 07/09/2011 | 07/15/2011 | REGULAR | 7 | $579.00 | $0.00 | $579.00 | 4058848 |

* denotes a canceled transaction, and is not included in the total calculations

DATE: 06/25/2018                                                                                    REPORT: CL150R
TIME: 03:56 pm                                                                                       PAGE    4
                              LOUISIANA WORKERS' COMPENSATION CORPORATION                            OF      4

                                            Claim Payments Report
                              For Payment Dates 10/01/1992 Through 06/25/2018
                                         For Claim Number 159690
                                            Claimant Iboa, Luz

Indemnity Payments

| Payment Date | Comp Code | Type Comp | Thru Date | From Date | Days Pd | Gross | Adjust | Net | Check No |
|---|---|---|---|---|---|---|---|---|---|
| 07/19/2011 | TT | REGULAR | 07/22/2011 | 07/16/2011 | 7 | $579.00 | $0.00 | $579.00 | 4060577 |
| 07/26/2011 | TT | REGULAR | 07/29/2011 | 07/23/2011 | 7 | $579.00 | $0.00 | $579.00 | 4062372 |
| 08/02/2011 | TT | REGULAR | 08/05/2011 | 07/30/2011 | 7 | $579.00 | $0.00 | $579.00 | 4064159 |
| 08/09/2011 | TT | REGULAR | 08/12/2011 | 08/06/2011 | 7 | $579.00 | $0.00 | $579.00 | 4065812 |
| 08/16/2011 | TT | REGULAR | 08/19/2011 | 08/13/2011 | 7 | $579.00 | $0.00 | $579.00 | 4067592 |
| 08/23/2011 | TT | REGULAR | 08/26/2011 | 08/20/2011 | 7 | $579.00 | $0.00 | $579.00 | 4069459 |
| 08/30/2011 | TT | REGULAR | 09/02/2011 | 08/27/2011 | 7 | $579.00 | $0.00 | $579.00 | 4071462 |
| 09/06/2011 | TT | REGULAR | 09/09/2011 | 09/03/2011 | 7 | $579.00 | $0.00 | $579.00 | 4073220 |
| 09/13/2011 | TT | REGULAR | 09/16/2011 | 09/10/2011 | 7 | $579.00 | $0.00 | $579.00 | 4075104 |
| 09/20/2011 | TT | REGULAR | 09/23/2011 | 09/17/2011 | 7 | $579.00 | $0.00 | $579.00 | 4076909 |
| 09/27/2011 | TT | REGULAR | 09/30/2011 | 09/24/2011 | 7 | $579.00 | $0.00 | $579.00 | 4078772 |
| 10/04/2011 | TT | REGULAR | 10/07/2011 | 10/01/2011 | 7 | $579.00 | $0.00 | $579.00 | 4080659 |
| 10/11/2011 | TT | REGULAR | 10/14/2011 | 10/08/2011 | 7 | $579.00 | $0.00 | $579.00 | 4082690 |
| 10/18/2011 | TT | REGULAR | 10/21/2011 | 10/15/2011 | 7 | $579.00 | $0.00 | $579.00 | 4084569 |
| 10/25/2011 | TT | REGULAR | 10/28/2011 | 10/22/2011 | 7 | $579.00 | $0.00 | $579.00 | 4086461 |
| 11/01/2011 | TT | REGULAR | 11/04/2011 | 10/29/2011 | 7 | $579.00 | $0.00 | $579.00 | 4088430 |
| 11/08/2011 | TT | REGULAR | 11/11/2011 | 11/05/2011 | 7 | $579.00 | $0.00 | $579.00 | 4090517 |
| 11/15/2011 | TT | REGULAR | 11/18/2011 | 11/12/2011 | 7 | $579.00 | $0.00 | $579.00 | 4092389 |
| 11/22/2011 | TT | REGULAR | 11/25/2011 | 11/19/2011 | 7 | $579.00 | $0.00 | $579.00 | 4094257 |
| 11/29/2011 | TT | REGULAR | 12/02/2011 | 11/26/2011 | 7 | $579.00 | $0.00 | $579.00 | 4095683 |
| 12/06/2011 | TT | REGULAR | 12/09/2011 | 12/03/2011 | 7 | $579.00 | $0.00 | $579.00 | 4097651 |
| 12/13/2011 | TT | REGULAR | 12/16/2011 | 12/10/2011 | 7 | $579.00 | $0.00 | $579.00 | 4099946 |

TOTALS (excluding canceled transactions denoted by *):          $28,040.14    $0.00    $28,040.14

* denotes a canceled transaction, and is not included in the total calculations

LUZ IBOA

VERSUS

**GLOBAL MANAGEMENT
ENTERPRISES, LLC**

**DOCKET NO. 11-00696      DISTRICT 03**

**OFFICE OF WORKERS' COMPENSATION**

**STATE OF LOUISIANA**

<u>**ORDER OF APPROVAL**</u>

**CONSIDERING** the foregoing petition, exhibits and affidavits and having found that a bona fide dispute exists between the Employee, Luz Iboa and with Employer, Global Management Enterprises, LLC and its Insurer, Louisiana Workers' Compensation Corporation, and being of the opinion that the compromise settlement proposed is fair and equitable and that it is entered into primarily to avoid the litigation and is in substantial accord with the terms of Title 23, Chapter 10, Revised Statutes of Louisiana and that Employee hereby respectfully waives the requirement of LSA-R.S. 23:1271 (A)(3) which provides that six (6) months must lapse after termination of temporary total disability for approval of this settlement, the law and evidence being in favor of petitioners.

**IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment herein in favor of Luz Iboa and against Global Management Enterprises, LLC and its Insurer, Louisiana Workers' Compensation Corporation, ordering Employer and Insurer to pay to Employee, Luz Iboa, the sum of Fifty-Seven Thousand Five Hundred and 00/100 ($57,500.00) dollars.  Also, Employer and Insurer remain responsible for any previously pre-certified, authorized, reasonable and necessary, related medical treatment, including prescription medication, incurred prior to the date

14

of the signed Order of Approval based on the Louisiana fee schedule. Employee agrees to be responsible for payment of all other medical expenses to include prescription medications, whether incurred prior to or after the date of the signed Order of Approval.

Employee agrees that Employer and Insurer will not pay any further medical or weekly indemnity benefits nor will they pay any type of death benefits in the event that the Employee's death follows the date of this settlement.

This settlement constitute a full and final payment, settlement, satisfaction and compromise of any and all claims for worker's compensation, including any and all past and future medical expenses, any and all death benefits, any and all vocational rehabilitation expenses, any and all penalties, any and all attorneys' fees, any and all weekly or monthly benefits under Section 1221 and expenses due and to become due the said Luz Iboa by Global Management Enterprises, LLC and/or Louisiana Workers' Compensation Corporation, or either of them, arising under the Louisiana Workers' Compensation Law or any other laws of Louisiana or however, arising, on account of and/or growing out of the alleged accident and injuries to Luz Iboa which occurred on or about September 2, 2010 or at any other time, or anything else that may have occurred to Luz Iboa while employed by Global Management Enterprises, LLC.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon the said payment by Employer and Insurer of Fifty-Seven Thousand Five Hundred and 00/100 ($57,500.00) dollars to Employee, Luz Iboa, Employer and Insurer, shall be forever released and relieved from all past, present, and future medical expenses, rehabilitative expenses, workers' compensation benefits, penalties, attorney fees and any and all claims of whatsoever nature and kind, arising heretofore or which my hereafter arise under Title 23, Chapter 10, Revised Statutes of Louisiana, growing

out of any accident or injury or out of any medical treatment provided as a result of any accident or injury occurring prior to the date of this agreement.

**JUDGMENT READ, RENDERED AND SIGNED** in Lake Charles, Louisiana on this ⎯⎯ day of December, 2011.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
**HONORABLE JUDGE CHARLOTTE BUSHNELL**
**OFFICE OF WORKERS' COMPENSATION**

**TRUE COPY**

BY ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
OFFICE OF WORKER'S COMPENSATION
AUTHORIZED CERTIFICATION CLERK

RECEIVED
DISTRICT 3-LAKE CHARLES
2011 DEC 14 PM 2:33

16

**LUZ IBOA**

**VERSUS**

**GLOBAL MANAGEMENT
ENTERPRISES, LLC**

DISTRICT 3-LAKE CHARLE

**DOCKET NO. 11-00696**     **DISTRICT 03**

2011 DEC 14  PM 2:33

**OFFICE OF WORKERS' COMPENSATION**

**STATE OF LOUISIANA**

## MOTION AND ORDER TO DISMISS WITH PREJUDICE

Employee, Luz Iboa, who, upon suggesting to this Honorable Court that all claims and causes of action present in this litigation have been amicably resolved in accordance with the Joint Petition of Compromise Settlement, and as such, move this Honorable Court for an Order dismissing this litigation, with prejudice, each party to bear its own costs.

Respectfully submitted:

**LUZ IBOA, Employee**

**SCOTT J. PIAS**, Bar No. 10535
**ATTORNEY AT LAW**
522 Alamo Street
Lake Charles, Louisiana 70601
Telephone No. (337) 436-1288
Counsel for Employee, Luz Iboa

**RENEE C. WILLIS**, Bar Roll No. 22310
**JOHNSON, RAHMAN & THOMAS**
P.O. Box 98001
Baton Rouge, Louisiana 70808
Telephone No. (225) 231-0557
Counsel for Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation

26

LUZ IBOA

VERSUS

GLOBAL MANAGEMENT
ENTERPRISES, LLC

DOCKET NO. 11-00696     DISTRICT 03

OFFICE OF WORKERS' COMPENSATION

STATE OF LOUISIANA

RECEIVED
DISTRICT 3-LAKE CHARLE.
2011 DEC 14  PM 2: 30

## ORDER

CONSIDERING THE FOREGOING MOTION TO DISMISS:

IT IS HEREBY ORDERED that the claim of Luz Iboa, against Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation be dismissed, with prejudice, each party to bear its' own costs.

SIGNED this __14__ day of December, 2011, in Lake Charles, Louisiana.

_____
HONORABLE JUDGE CHARLOTTE BUSHNELL
OFFICE OF WORKERS' COMPENSATION

**TRUE COPY**

BY _____
OFFICE OF WORKER'S COMPENSATION
AUTHORIZED CERTIFICATION CLERK

LUZ IBOA                                              :        **OFFICE OF WORKERS' COMPENSATION**

VERSUS                                               :

                                                     :        **DOCKET NO: 11-00696 DISTRICT 03**

**GLOBAL MANAGEMENT**                                :        **STATE OF LOUISIANA**
**ENTERPRISES, LLC**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION & ORDER
### FOR APPROVAL OF ATTORNEY FEE

On Motion of plaintiff, through undersigned counsel, and on suggesting to the Court that undersigned counsel seeks approval of an attorney fee in the amount of ELEVEN THOUSAND FIVE HUNDRED AND NO/100 ($11,500.00) DOLLARS, representing an attorney fee of 20% pursuant to a full and final settlement of $57,500.00 as per the attached Petition for Settlement of Worker's Compensation Claim and as agreed upon by the parties, and in accordance with plaintiff's Affidavit attached hereto.

**CONSIDERING THE FOREGOING MOTION, IT IS HEREBY ORDERED** that plaintiff's counsel is entitled to an attorney fee in the amount of ELEVEN THOUSAND FIVE AND NO/100 ($11,5000.00) DOLLARS, representing an attorney fee of 20% regarding the full and final settlement of this matter in the amount of $57,500.00.

**THUS DONE** and **SIGNED** this ___14___ day of December 2011 at Lake Charles, Louisiana.

JUDGE, OWC
DISTRICT 03

SCOTT J. PIAS, #10535
522 Alamo Street
Lake Charles, LA 70601
Telephone: (337) 436-1288

**TRUE COPY**

BY _____
OFFICE OF WORKER'S COMPENSATION
AUTHORIZED CERTIFICATION CLERK

LUZ IBOA

VERSUS

GLOBAL MANAGEMENT
ENTERPRISES, LLC

DOCKET NO. 11-00696     DISTRICT 03

OFFICE OF WORKERS' COMPENSATION

STATE OF LOUISIANA

## RECEIPT AND RELEASE

Pursuant to the Order hereinbefore set forth, for and in consideration of the payment to Luz Iboa by Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation of the total sum of Fifty-Seven Thousand Five Hundred and 00/100 ($57,500.00) dollars to Luz Iboa and her attorney Scott J. Pias in cash, which receipt is hereby acknowledged this 13 day of December, 2011.

I do hereby release, acquit and forever discharge Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation and any and all of their agents, (including but not limited to vocational counselors, rehabilitation nurses, investigators and physicians), representatives, officers, stockholders, directors and employees from any and all liability under the laws of Louisiana or any other state for compensation, medical, surgical or hospital expenses, vocational rehabilitation expenses, any and all monies, including co-payments paid by Luz Iboa and/or any monies paid by any health insurance carrier, any and all death benefits, any and all penalties, any and all attorneys' fees, and all other amounts, if any, which might be due me by reason of the alleged accident which occurred on or about September 2, 2010 or any action subsequent to the accident by the parties released in this instrument or of any accident prior to the date hereof.

22

It is my intent and the intent of all parties hereto that this settlement will fully and finally resolve all claims I have under the Louisiana Workers' Compensation law arising out of the accidents on or about September 2, 2010, or any other accident or occupational disease which occurred at any time during my employment with my Employer. I hereby acknowledge, understand and intend that the amount being received in this settlement is in full, final and complete satisfaction of all such claims in their entirety against all parties hereto and all such other entities that might have any obligation or responsibility under the Louisiana Workers' Compensation law arising out of the accident on or about September 2, 2010, or any other accident or occupational disease which occurred at any time during my employment with my Employer.

I do further agree to indemnify and hold forever harmless the said Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation from any and all claims that may be made or asserted by me or by any provider of medical, surgical and hospital services, any and all prescriptions, any and all medicines, any and all mileage, any and all attorney fees and/or penalties, any and all monies, including co-payments that are or have been paid or owed to a health insurance carrier, any and all vocational rehabilitation, any and all death benefits, any and all medical or non-medical treatment or any type of weekly or monthly indemnity benefits of any kind provided on account of or following the alleged work accident on or about September 2, 2010 or any other accident or occupational disease which occurred at any time during my employment with my Employer whether such claim is made by way of an action based upon statutory lien, indemnity, contribution, subrogation or otherwise.

I understand that this settlement will release the Employer and Insurer from any obligation to pay past or future weekly benefits and past or future medical benefits, including any and all death benefits, for the accident on or about September 2, 2010 or any other accident or occupational disease which occurred at any time during my employment with my Employer. I understand that the Employer and Insurer agree to be responsible for the payment of any previously pre-certified, authorized, reasonable and medically necessary treatment, including any and all prescriptions to or on behalf of Employee, through the date of the signed Order of Approval. Thereafter, I, Luz Iboa, understand that any other medical bills, prescriptions or any other medical expenses are my responsibility and will not be paid by Employer and/or Insurer, whether incurred prior to or after the date of the Order of Approval.

I further release Employer and Insurer from any obligation for payment of any future or past medical expenses, weekly benefits, any and all vocational rehabilitation benefits, any and all penalties, any and all attorney's fees, any and all death benefits or anything whatsoever to which I or any of my representatives or heirs would be entitled under the Louisiana Workers' Compensation Act. I accept and understand that Employer and Insurer will not pay any further medical or weekly indemnity benefits nor will they pay any type of death benefits in the event that my death follows the date of this settlement.

The statements and representations contained herein are to be considered contractual in nature and not mere representations of fact.

This agreement shall be binding upon Employee's heirs, representatives, assigns, successors, ascendants and descendants, and Employee agrees to hold Employer and Insurer harmless from any claims by such persons or entities.

24

Thus done and signed at Lake Charles, Louisiana, this 13 day of December 2011, in the presence of the undersigned competent witnesses and me, notary, after due reading of the whole.

WITNESSES:

_____

Tama Wilfert

LUZ IBOA

NOTARY PUBLIC

25

| RETURN TO: | 1. | Social Security No. ███ - ███ - 7106 |
|---|---|---|

**OFFICE OF WORKERS' COMPENSATION**

　　POST OFFICE BOX 94040

BATON ROUGE, LA  70804 - 9040

　For information call (504) 342-7576
　　or Toll Free (800) 201-3457

2.　Date of injury/illness ___09___ - ___02___ - ___2010___

3.　Part(s) of Body injured ___low back___

4.　OWC Docket Number ___11-00696___

5.　OWC District Number ___3___

## REQUEST FOR COMPROMISE
## OR LUMP SUM SETTLEMENT

_____
DATE OF APPROVAL

_____
JUDGE

### EMPLOYEE

6.　Name  Luz Iboa

　　Street or Box  2010 12th Street

　　City  Lake Charles

　　State  LA　　　　　Zip　　70601

　　Phone  (337)  274-3048

### EMPLOYEE'S ATTORNEY

7.　Name  Scott Pias

　　Street or Box  522 Alamo Street

　　City  Lake Charles

　　State　　　　LA　　　　Zip  70601

　　Phone  (337)  436-1288

### EMPLOYER

8.　Name  Global Management Enterprises, LLC

　　Street or Box  3226 Lake Street

　　City  Lake Charles

　　State　　　　LA　　　Zip　　70601

　　Phone  (337)　494-7354

### INSURER/ADMINISTRATOR
### (circle one)

9.　Name　　　Louisiana Workers' Compensation Corporation

　　Street or Box  2237 S. Acadian Thruway

　　City  Baton Rouge

　　State  Louisiana　　　　Zip  70808

　　Phone  (225)　924-7788

### EMPLOYER/INSURER'S ATTORNEY
### (circle one)

10.　Name  Renee C. Willis

　　Street or Box  2237 S. Acadian Thruway

　　City  Baton Rouge

　　State　　Louisiana　　　Zip  70808

　　Phone  (225)  231-0557

11. DATE OF SETTLEMENT CONFERENCE  N/A

12. TERMS AND AMOUNT OF SETTLEMENT:  $57,500.00

13. BENEFITS PAID TO DATE:
　　a) AVERAGE WEEKLY WAGE:  $1272.00
　　b) WORKERS' COMPENSATION BENEFITS:  $27,461.14
　　c) MEDICAL BENEFITS:  $10,621.31
　　d) DEATH BENEFITS:  N/A

14. ATTORNEY FEES PAID TO DATE:  N/A

15. ADDITIONAL FEES REQUIRED:  N/A

ATTACHMENTS REQUIRED:

| | | |
|---|---|---|
| X | JOINT PETITION | |
| X | FORM 1007 ATTACHED __X__ OR ON FILE ____ | |
| | FORM 1003 ATTACHED _____ OR ON FILE ____ | |
| X | EMPLOYEE AFFIDAVIT | |
| X · | EMPLOYER CONCURRENCE | |
| X | ALLEGATION OF LEGAL REPRESENTATION | |

| | |
|---|---|
| X | MOST RECENT MEDICAL REPORT |
| X | WAIVER OF RIGHTS UNDER L.R.S. 23:1271 |
| | FILING FEE PAID |
| X | ORDER OF DISMISSAL |
| | MOTION AND ORDER FOR ATTORNEY FEES |
| X | MOTION AND ORDER TO DISMISS 1008 (IF APPLICABLE) |

SUBMITTED BY:  Renee C. Willis

PHONE: (225)  231-0557

LDOL-WC-1011
REV. 1/98

LUZ IBOA                          :          OFFICE OF WORKERS' COMPENSATION

VERSUS                            :          DOCKET NO: 11-00696 DISTRICT 03

GLOBAL MANAGEMENT                 :          STATE OF LOUISIANA
ENTERPRISES, LLC

**************************************************************************

## MOTION & ORDER
## FOR APPROVAL OF ATTORNEY FEE

On Motion of plaintiff, through undersigned counsel, and on suggesting to the Court that undersigned counsel seeks approval of an attorney fee in the amount of ELEVEN THOUSAND FIVE HUNDRED AND NO/100 ($11,500.00) DOLLARS, representing an attorney fee of 20% pursuant to a full and final settlement of $57,500.00 as per the attached Petition for Settlement of Worker's Compensation Claim and as agreed upon by the parties, and in accordance with plaintiff's Affidavit attached hereto.

**CONSIDERING THE FOREGOING MOTION, IT IS HEREBY ORDERED** that plaintiff's counsel is entitled to an attorney fee in the amount of ELEVEN THOUSAND FIVE AND NO/100 ($11,5000.00) DOLLARS, representing an attorney fee of 20% regarding the full and final settlement of this matter in the amount of $57,500.00.

**THUS DONE** and **SIGNED** this _____ day of December 2011 at Lake Charles, Louisiana.

_____          _____
SCOTT J. PIAS, #10535                     JUDGE, OWC
522 Alamo Street                          DISTRICT 03
Lake Charles, LA 70601
Telephone: (337) 436-1288

**AFFIDAVIT**

**STATE OF LOUISIANA**

**PARISH OF CALCASIEU**

     BEFORE ME, the undersigned authority, a Notary Public, duly commissioned and

qualified in accordance with law, in and for the State and Parish aforesaid, personally came

and appeared _Luz Iboa_ being duly sworn, did state that:

  a.    SCOTT J. PIAS, Esq. has been retained to represent _Luz Iboa_
in his/her claim for workers' compensation benefits as a result of a work-
related injury occurring on or about _9/2/2010_ ;

  b.    Affiant has been advised by retained counsel that the attorney's fee in workers'
compensation cases is set by statute, and limits said fee to 20% of all sums
together with any additional attorney fees as provided by the Court;

  c.    Affiant has been informed and understands that much work in the way of legal
representation must be done in a workers' compensation claim, such as
monitoring the claim to insure that affiant obtains necessary and reasonable
medical care, continuously supervising and managing the claim so that affiant
is paid timely and in the correct amount his indemnity and so that that the
medical expenses are paid time, aiding and assisting affiant in his vocational
retraining and return to substantial gainful employment; being available to
affiant to discuss all questions concerning the claim status, and, finally,
participating in all legal proceedings in this claim and effecting a successful
resolution.

  d.    Affiant understands that routine and reasonable expenses will be incurred in
his/her representation, which initially will be borne by undersigned counsel,
but reimbursed by affiant at settlement of claim and/or Judgment;

  e.    Affiant does not have the means to pay undersigned counsel a set hourly fee
rate for his representation;

  f.    Affiant understands and agrees that undersigned counsel shall be entitled to
deduct a fee on any and all benefits affiant receives hereafter in accordance
with the amount of attorney fees as set forth above in the Court Order.

g.  Affiant designates undersigned counsel's office, located at 522 Alamo Street, Lake Charles, Louisiana, 70601, as the address he/she chooses for all payments of workers' compensation benefits to be sent.

_____Luz maria ibaa_____
_____, plaintiff

SWORN TO AND SUBSCRIBED before me, Notary Public, this __14__ day of
__December_____, 20_11_, Lake Charles, Louisiana.

_____
NOTARY PUBLIC

LUZ IBOA                                     DOCKET NO. 11-00696     DISTRICT 03

VERSUS                                        OFFICE OF WORKERS' COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                              STATE OF LOUISIANA

---

### JOINT PETITION FOR APPROVAL OF COMPROMISE SETTLEMENT PURSUANT TO LSA R.S. 23:1272

The joint petition of Employee, Luz Iboa, of the full age of majority and a resident of Lake Charles, Parish of Calcasieu, State of Louisiana, sometimes hereinafter referred to as "Employee"; Global Management Enterprises, LLC, a Louisiana limited liability company authorized to and doing business in the State of Louisiana, hereinafter referred to as "Employer", and Louisiana Workers' Compensation Corporation, a domestic insurance company authorized to do and doing business in the State of Louisiana, hereinafter referred to as "Insurer", who respectfully represents:

1.

Availing themselves of the provisions of the laws of Louisiana as set forth in LSA-R.S. 23:1271-1273, all petitioners seek the approval of this Honorable Court to a compromise of the claim for compensation and further show:

2.

On or about September 2, 2010, Employee, Luz Iboa, whose Social Security Number ends in 7106, was employed with Global Management Enterprises, LLC performing oil spill clean up work in Grande Isle when she tripped while carrying some metal posts causing her to fall and injure her lower back. Attached is a copy of the Employer's Report of Occupational Injury or Disease.

3.

On September 5, 2010, she presented to the ER at Lady of the Sea General Hospital in Grande Isle.  Lumbar x-ray showed lumbar spondylosis and osteoporosis.  She was prescribed Flexeril and Vicodin and advised to avoid lifting.  She was taken off work for 2 days and advised to perform seven days of light duty thereafter and follow up with general practitioner.

On September 14, she was seen by Dr. Boyer at Family Medical Center in Lake Charles for the back pain.  Her straight leg raise was good with good range of motion.  She was advised to return to work and take Flexeril and Motrin.

On September 23, 2010, she was seen at Complete Occupational Health Services in Galliano, Louisiana and diagnosed with low back pain myofascial and urinary tract infection.

In January, 2011 she began seeing Dr. Sam Liscum, a chiropractor with Back and Joint Injury Clinic.  She reported pain radiating into her right leg.  She also reported neck pain shooting into her right shoulder and arm with occasional numbness and tingling in her fingers.  He felt her osteoporosis and osteoporosis arthritis would complicate her recovery.  MRI of cervical spine done on January 26th shows minimal disc bulges causing no spinal canal narrowing.  MRI of lumbar spine showed small disc bulges and mild facet arthropathy along lumbar spine causing no spinal canal narrowing or no significant foraminal narrowing.

Dr. Liscum referred her to Dr. Clark Gunderson who reviewed her MRI studies and diagnosed a cervical and lumbar straining type injury.  He felt she had received significant improvement with the chiropractic care and recommended continued treatment.  He also prescribed anti-inflammatory medications.  She returned to him four weeks later on March 15, 2011 and was told to continue chiropractic care and remain off work as patient states she cannot do job.

A formal FCE was done on May 13, 2011 revealing sedentary and light level of activities for 8 hour workday.  Dr. Gunderson released her to return to work on June 7, 2011 with restrictions as follows:  working 8 hour day, lifting up to 15#, carrying up to 10#, alternating sitting and standing and no continuous bending.  He also prescribed Naproxen 375 and released her from his care.

4.

Employee's average weekly wage at the time of her accident was One Thousand Two Hundred Seventy-Two and 00/100 ($1,272.00) dollars with a corresponding compensation rate of Five Hundred Five and 00/100 ($405.00) dollars per week.

5.

Employer and Insurer have paid medical benefits totaling Ten Thousand Six Hundred Twenty-One and 31/100 ($10,621.31) dollars, and indemnity benefits totaling Twenty-Seven Thousand Four Hundred Sixty-One and 14/100 ($27,461.14) dollars.  TTD has been paid since January 12, 2011 and will be paid through the date of the signed Order of Approval.

6.

Employee contends that she is totally disabled, or in the alternative entitled to supplemental earnings benefits at a zero earnings capacity.

7.

Employer and Insurer dispute the nature and extent of Employee's injury and disability. Employer and Insurer contend that Employee is released to return to work and she is capable of performing light duty and deny that Employee is totally disabled as a result of any work injury. Employer and Insurer assert that this settlement is only a result of compromise in order to

dispose of the controversial issues before the Court. Finally, Employer and Insurer assert that the settlement amount described below is fair and adequate, and is not an admission of liability.

8.

In order to compromise and settle all the disputes existing herein, the Employee, Employer and its Insurer, subject to the approval of the Office of Workers' Compensation, have agreed to pay to the Employee, Fifty-Seven Thousand Five Hundred and 00/100 ($57,500.00) dollars, in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the Louisiana Workers' Compensation Act or all other claims or causes which the Employee may have or may hereafter acquire against the Employer or Insurer because of anything that may have occurred while Employee was employed by Employer or thereafter and particularly, but not exclusively, because of the injuries claimed to have been sustained by Employee on or about September 2, 2010.

9.

After mutually considering their respective claims and primarily to avoid litigation between them, all of the parties hereto have mutually agreed that a fair and just settlement of their respective rights would be attained by the payment by Employer and Insurer of the amount of Fifty-Seven Thousand Five Hundred and 00/100 ($57,500.00) dollars, and in exchange for said payment, Employee waives all claims to any and all past, present and/or future medical, rehabilitative, indemnity and workers' compensation benefits, death benefits, penalties, attorney's fees or benefits of any kind as it relates to any and all claims against Employer and Insurer as a result of said accident or any accident sustained during the course and scope of her employment with Employer.  This payment also is in full and final settlement, satisfaction and compromise of any and all claims for workers' compensation benefits of any type under the

4

Louisiana Workers' Compensation Act or all other claims or causes which the Employee may currently have or may in the future acquire against the Employer or Insurer arising from any medical treatment provided to Employee as a result of said accident, whether any condition resulting from the medical treatment is currently known or unknown to Employee or whether any condition resulting from the medical treatment subsequently develops and causes further disability or death of Employee.

10.

All medical bills paid for by Employer and Insurer for treatment rendered to Employee are set forth in the payment screen attached hereto. Pursuant to La. R.S. 23:1272(E), Employer and Insurer specifically deny any responsibility for any other medical bill of Employee not listed on the attached payment summary with the exception that the Employer and Insurer remain responsible for any previously pre-certified and authorized medical treatment that remains unpaid in accordance with the Fee Schedule until the Order of Approval is executed.

11.

In the settlement of all claims for workers' compensation, Luz Iboa agrees to accept and the Employer and Insurer agree to pay the sum of Fifty-Seven Thousand Five Hundred and 00/100 ($57,500.00) dollars. Employee understands that with this payment Employer and Insurer are relieved of any further obligations to provide past, present or future workers' compensation benefits of any type.

12.

Employee specifically waives the requirements of LSA-R.S. 23:1271(A)(3) which prohibits settlement within six months of the last medical treatment or temporary disability.

5

13.

Employer has been notified of the terms of the settlement and consents thereto.

14.

Employee is represented by Scott J. Pias, Esquire and further attests and warrants that this settlement has not been procured by duress.

15.

All parties have agreed to the compromise settlement hereto primarily to avoid litigation, subject to the approval of this Honorable Court, and all petitioners desire that this Honorable Court approve the proposed settlement upon its findings of the same is in substantial accord with the provisions of Title 23, Chapter 10, Revised Statutes of Louisiana. They desire that the judgment herein provide that upon the payment by Employer and Insurer of the amount of Fifty-Seven Thousand Five Hundred and 00/100 ($57,500.00) dollars to Employee, that both Employer and Insurer shall be forever released and relieved from any and all past, present and/or future liability to any and all claims of Employee of whatsoever nature and kind, arising heretofore, or which may hereafter arise under said statute, growing out of the accident or injuries described hereinabove or any other accident or injury occurring prior to this date.

16.

Employee contends that she has not applied for Social Security Disability insurance benefits. She also has not applied for or received Medicare benefits for any medical treatment including treatment for any work injuries as a result of the September 2, 2010 accident in question; that she does not currently have pending an application for Medicare benefits; that she does not intend on applying for Medicare benefits in the foreseeable future; that she understands that if she does apply for Medicare benefits and submits bills for treatment for the work related

6

injuries, these bills may be denied by Medicare.  Employee further attests that no medical treatment for the work related injury has been submitted to Medicare for payment.  In the event that medical treatment has been submitted to Medicare and payment made and as a result Medicare has a lien for conditional payments made by them, Employee agrees to reimburse Medicare and satisfy its lien.  Employee further agrees to defend, indemnify and hold the Insurer/Employer harmless from any claim made by Medicare for any conditional payments made by Medicare for the work related injury of Employee.  Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injuries to Medicare.  Employee understands that Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claims.

17.

All petitioners show that this settlement is fair and equitable and is made subject to approval of this Honorable Court.

**WHEREFORE,** the premises considered, petitioners pray that after due consideration of the compromise settlement presented, there be an Order of Approval by this Honorable Court, authorizing the compromise settlement to be made and that all of the parties be authorized to make the settlement as outlined in full, final and complete settlement of all claims against any parties herein named and approving said settlement and that there be judgment rendered herein dismissing with full prejudice all claims presented by Employee, Luz Iboa, as against Employer, Global Management Enterprises, LLC, and Insurer, Louisiana Workers' Compensation Corporation, their agents, employees, executive officers, representatives and any and all other persons, firms, corporations, partnerships, insurers and parties whomsoever for any and all

liability of Employee under the Louisiana Worker's Compensations laws of the State of Louisiana, tort laws or any other laws whatsoever and for all general and equitable relief.


**LUZ IBOA, Employee**
2010 12th Street
Lake Charles, LA 70601


**SCOTT J. PAIS**, Bar Roll No.10535
**ATTORNEY AT LAW**
522 Alamo Street
Lake Charles, Louisiana 70601
Telephone No. (337) 436-1288
Counsel for Employee, Luz Iboa


**RENEE C. WILLIS**, Bar Roll No. 22310
**JOHNSON, RAHMAN & THOMAS**
P.O. Box 98001
Baton Rouge, Louisiana 70808
Telephone No. (225) 231-0557
rwillis@lwcc.com
Counsel for Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation

LUZ IBOA

DOCKET NO. 11-00696    DISTRICT 03

VERSUS

OFFICE OF WORKERS' COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC

STATE OF LOUISIANA

### *AFFIDAVIT*

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

**BEFORE ME,** the undersigned authority, personally came and appeared:

**RENEE C. WILLIS**

who, first being duly sworn, did depose and say that:

She is the attorney for Employer, Global Management Enterprises, LLC and Insurer,
Louisiana Workers' Compensation Corporation, in the above and foregoing Petition and that all
of the allegations of fact therein contained are true and correct to the best of her information,
knowledge and belief.

She obtained consent to settle from Jamie LeBlance, claims adjuster, and Ann Simien,
representative with Global Management Enterprises, LLC.

**RENEE C. WILLIS, ESQUIRE**

**SWORN TO AND SUBSCRIBED** before me this ___7___ day of December, 2011.

**NOTARY PUBLIC**

Mary Crochet
Notary Public
ID No. 010098
My commission is for life.

9

**LUZ IBOA**

**DOCKET NO. 11-00696     DISTRICT 03**

**VERSUS**

**OFFICE OF WORKERS' COMPENSATION**

**GLOBAL MANAGEMENT
ENTERPRISES, LLC**

**STATE OF LOUISIANA**

### *AFFIDAVIT OF EMPLOYEE*

**STATE OF LOUISIANA**

**PARISH OF CALCASIEU**

     **BEFORE ME**, the undersigned Notary, and in the presence of the undersigned, competent witnesses, appeared:

**LUZ IBOA**

who, first being duly sworn, deposed and said that:

     She is one of the petitioners in the foregoing Joint Petition; that settlement proceedings have been explained to her by her counsel of record, Scott J. Pias; that she fully understands and has read the foregoing petition, including all of the attachments thereto, and all of the allegations of fact contained therein are true and correct to the best of her knowledge, information and belief; that she understands that the settlement she has entered is a full, final and complete settlement and compromise of all the workers' compensation claims she might have against the parties released and that the facts and allegations in the joint petition to settle the compensation claim are true and correct and that she waives the six month requirement of LSA-R.S. 23:1271(A)(3).

10

**SWORN TO AND SUBSCRIBED** before me on this *13* day of December, 2011, in Lake Charles, Louisiana, in the presence of the undersigned, competent witnesses.

**WITNESSES:**

_____            _____

Tamra Wilfert                      **LUZ IBOA, Employee**



_____

**NOTARY PUBLIC**

SCOTT J. PIAS
LOUISIANA BAR NO. 10535
CALCASIEU PARISH, LA
NOTARY PUBLIC
MY COMMISSION IS FOR LIFE

11

LUZ IBOA                              DOCKET NO. 11-00696      DISTRICT 03

VERSUS                               OFFICE OF WORKERS' COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                     STATE OF LOUISIANA

<u>*WAIVER*</u>

STATE OF LOUISIANA

PARISH OF CALCASIEU

**BEFORE ME,** the undersigned authority, a Notary Public duly commissioned and

Qualified in and for the Parish aforesaid, State of Louisiana, personally came and appeared:

**LUZ IBOA**

who, being first duly sworn, did depose and say:

1.

That she is of the full age of majority and resides in Lake Charles, Louisiana.

2.

That she was employed by Global Management Enterprises, LLC and was so employed

when she allegedly suffered a job-related accident on or about September 2, 2010.

3.

That she cannot read and write and understand the English language.  She can read and

write the Spanish language and the settlement documents have been interpreted for her by her

brother.

4.

That she has voluntarily entered into a workers' compensation compromise settlement

agreement with Employer, Global Management Enterprises, LLC and Insurer, Louisiana

12

Workers' Compensation Corporation for injuries arising as a result of the alleged accident on the aforementioned date.

5.

That pursuant to the aforementioned compromise settlement agreement, she has read the entire text of R.S. 23:1271, specifically noting Subpart A (3).

6.

That affiant fully understands the meaning and text of R.S. 23:1271, specifically noting Subpart A (3), which deals with waiting until the expiration of six months after termination of temporary total disability before entering into a compromise settlement.

7.

Whether or not this provision applies to this matter, she knowingly, intelligently and voluntarily waives her rights pursuant to R.S. 23:1271 Subpart A (3).

**THUS DONE AND SIGNED** on this ____ day of December, 2011, in Lake Charles, Louisiana.

_____
**LUZ IBOA, Employee**

**SWORN TO AND SUBSCRIBED** before me this 13 day of December 2011, in Lake Charles, Louisiana.

_____
NOTARY PUBLIC

SCOTT J. PIAS
LOUISIANA BAR NO. 10535
CALCASIEU PARISH, LA
NOTARY PUBLIC
MY COMMISSION IS FOR LIFE

OFFICIAL SEAL

13

LUZ IBOA                              DOCKET NO. 11-00696      DISTRICT 03

VERSUS                                OFFICE OF WORKERS' COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                      STATE OF LOUISIANA

## ORDER OF APPROVAL

    **CONSIDERING** the foregoing petition, exhibits and affidavits and having found that a bona fide dispute exists between the Employee, Luz Iboa and with Employer, Global Management Enterprises, LLC and its Insurer, Louisiana Workers' Compensation Corporation, and being of the opinion that the compromise settlement proposed is fair and equitable and that it is entered into primarily to avoid the litigation and is in substantial accord with the terms of Title 23, Chapter 10, Revised Statutes of Louisiana and that Employee hereby respectfully waives the requirement of LSA-R.S. 23:1271 (A)(3) which provides that six (6) months must lapse after termination of temporary total disability for approval of this settlement, the law and evidence being in favor of petitioners.

    **IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment herein in favor of Luz Iboa and against Global Management Enterprises, LLC and its Insurer, Louisiana Workers' Compensation Corporation, ordering Employer and Insurer to pay to Employee, Luz Iboa, the sum of Fifty-Seven Thousand Five Hundred and 00/100 ($57,500.00) dollars. Also, Employer and Insurer remain responsible for any previously pre-certified, authorized, reasonable and necessary, related medical treatment, including prescription medication, incurred prior to the date

14

of the signed Order of Approval based on the Louisiana fee schedule. Employee agrees to be responsible for payment of all other medical expenses to include prescription medications, whether incurred prior to or after the date of the signed Order of Approval.

Employee agrees that Employer and Insurer will not pay any further medical or weekly indemnity benefits nor will they pay any type of death benefits in the event that the Employee's death follows the date of this settlement.

This settlement constitute a full and final payment, settlement, satisfaction and compromise of any and all claims for worker's compensation, including any and all past and future medical expenses, any and all death benefits, any and all vocational rehabilitation expenses, any and all penalties, any and all attorneys' fees, any and all weekly or monthly benefits under Section 1221 and expenses due and to become due the said Luz Iboa by Global Management Enterprises, LLC and/or Louisiana Workers' Compensation Corporation, or either of them, arising under the Louisiana Workers' Compensation Law or any other laws of Louisiana or however, arising, on account of and/or growing out of the alleged accident and injuries to Luz Iboa which occurred on or about September 2, 2010 or at any other time, or anything else that may have occurred to Luz Iboa while employed by Global Management Enterprises, LLC.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon the said payment by Employer and Insurer of Fifty-Seven Thousand Five Hundred and 00/100 ($57,500.00) dollars to Employee, Luz Iboa, Employer and Insurer, shall be forever released and relieved from all past, present, and future medical expenses, rehabilitative expenses, workers' compensation benefits, penalties, attorney fees and any and all claims of whatsoever nature and kind, arising heretofore or which my hereafter arise under Title 23, Chapter 10, Revised Statutes of Louisiana, growing

15

out of any accident or injury or out of any medical treatment provided as a result of any accident or injury occurring prior to the date of this agreement.

   **JUDGMENT READ, RENDERED AND SIGNED** in Lake Charles, Louisiana on this _____ day of December, 2011.


_____
   **HONORABLE JUDGE CHARLOTTE BUSHNELL**
   **OFFICE OF WORKERS' COMPENSATION**

16

LUZ IBOA

VERSUS

GLOBAL MANAGEMENT
ENTERPRISES, LLC

DOCKET NO. 11-00696      DISTRICT 03

OFFICE OF WORKERS' COMPENSATION

STATE OF LOUISIANA

## AFFIDAVIT REGARDING MEDICARE BENEFITS

STATE OF LOUISIANA

PARISH OF CALCASIEU

**BEFORE ME,** the undersigned authority, personally came and appeared:

### LUZ IBOA

who, first being duly sworn, did depose and say that:

She was the Employee of Global Management Enterprises, LLC; that she has made a claim for workers' compensation benefits and has been paid workers' compensation benefits by Louisiana Workers' Compensation Corporation on behalf of its insured, Global Management Enterprises, LLC; that she has not applied for Social Security Disability benefits; that she has not received Medicare benefits for any medical treatment including treatment for any work injuries as a result of the September 2, 2010 accident in question; that Medicare has not made any conditional payments for any medical treatment for any work injuries as a result of the September 2, 2010 accident; that she does not intend on applying for Medicare benefits in the foreseeable future; that she understands that if she does apply for Medicare benefits and submits bills for treatment for the work related injury, these bills may be denied by Medicare. Employee asserts that the purpose of the compromise settlement is not to shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare. Employee understands

17

that Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

_____
LUZ IBOA, EMPLOYEE

**SWORN TO AND SUBMITTED**, before me, this _13_ day of December, 2011.

_____
NOTARY PUBLIC

SCOTT J. PIAS
LOUISIANA BAR NO. 10535
CALCASIEU PARISH, LA
NOTARY PUBLIC
MY COMMISSION IS FOR LIFE

OFFICIAL SEAL

18

**LUZ IBOA**

**VERSUS**

**GLOBAL MANAGEMENT
ENTERPRISES, LLC**

**DOCKET NO. 11-00696   DISTRICT 03**

**OFFICE OF WORKERS' COMPENSATION**

**STATE OF LOUISIANA**

## <u>AFFIDAVIT REGARDING MEDICARE BENEFITS</u>

**STATE OF LOUISIANA**

**PARISH OF CALCASIEU**

**BEFORE ME,** the undersigned authority, personally came and appeared:

### SCOTT J. PIAS

who, first being duly sworn, did depose and say that:

That he represents **LUZ IBOA:**

Further, that he has been told by the Employee that she has made a claim for workers' compensation benefits and has been paid workers' compensation benefits by Louisiana Workers' Compensation Corporation on behalf of its insured, Global Management Enterprises, LLC; that it is his appreciation that his client, Luz Iboa, has not applied for Social Security Disability benefits; that she has not received Medicare benefits for any medical treatment including treatment for any work injuries as a result of the September 2, 2010 accident in question; that Medicare has not made any conditional payments for any medical treatment for any work injuries as a result of the September 2, 2010 accident; that she does not intend on applying for Medicare benefits in the foreseeable future; that he understands that if she does apply for Medicare benefits and submits bills for treatment for the work related injury, these bills may be denied by Medicare.  Employee asserts that the purpose of the compromise settlement is not to

19

shift responsibility for payment of medical expenses resulting from the alleged work injury to Medicare.   Employee understands that Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation have relied upon this information in consideration of the settlement of Employee's claim.

_____
SCOTT J. PIAS

**SWORN TO AND SUBMITTED**, before me, this _13_ day of December, 2011.

_____
NOTARY PUBLIC

**JAN McINNIS HALLEY**
Notary Public ID No. 34936
CALCASIEU PARISH
Commission Expires at Death

20

LUZ IBOA

VERSUS

GLOBAL MANAGEMENT

DOCKET NO. 11-00696     DISTRICT 03

OFFICE OF WORKERS' COMPENSATION

STATE OF LOUISIANA

## *ATTORNEY'S STATEMENT*

Now comes the undersigned attorney who represents Employee, Luz Iboa, and he states as follows:

That he has conferred with the Employee with reference to the injuries she received in connection with her employment with the Employer and that he has examined the Joint Petition and the medical reports attached and has conferred with the Employee in detail concerning this settlement and the disputes existing between the Employee and the Employer; further that he has examined all of the documents in connection with this compensation settlement including this Attorney's Statement, Joint Petition, Release of All Claims, Affidavit and Order of Approval; that as a result of his discussion with Employee and his examination of these documents and as a result of his review of the medical reports, he is of the opinion that there is a bona fide and serious dispute existing among the parties and further that Employee is satisfied with the settlement and understands that the settlement she is giving to Employer is for full, final and complete release of all claims she might have against the Employer and other parties being released in the Release of All Claims and both he and Employee agree that the settlement is fair and equitable under the circumstances presented and that the settlement should be approved by the Office of Workers' Compensation.

THUS READ AND SIGNED on the 13 day of December, 2011, in Lake Charles, Louisiana.

SCOTT J. PIAS, Bar Roll No. 10535
ATTORNEY AT LAW
522 Alamo Street
Lake Charles, Louisiana 70601
Telephone No. (337) 436-1288
Counsel for Employee, Luz Iboa

21

LUZ IBOA                                  DOCKET NO. 11-00696      DISTRICT 03

VERSUS                                    OFFICE OF WORKERS' COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                          STATE OF LOUISIANA

## MOTION AND ORDER TO DISMISS WITH PREJUDICE

Employee, Luz Iboa, who, upon suggesting to this Honorable Court that all claims and

causes of action present in this litigation have been amicably resolved in accordance with the

Joint Petition of Compromise Settlement, and as such, move this Honorable Court for an Order

dismissing this litigation, with prejudice, each party to bear its own costs.

Respectfully submitted:

_____
LUZ IBOA, Employee

_____
SCOTT J. PIAS, Bar No. 10535
ATTORNEY AT LAW
522 Alamo Street
Lake Charles, Louisiana 70601
Telephone No. (337) 436-1288
Counsel for Employee, Luz Iboa

_____
RENEE C. WILLIS, Bar Roll No. 22310
JOHNSON, RAHMAN & THOMAS
P.O. Box 98001
Baton Rouge, Louisiana 70808
Telephone No. (225) 231-0557
Counsel for Global Management Enterprises, LLC and
Louisiana Workers' Compensation Corporation

26

LUZ IBOA                                  DOCKET NO. 11-00696     DISTRICT 03

VERSUS                                    OFFICE OF WORKERS' COMPENSATION

GLOBAL MANAGEMENT
ENTERPRISES, LLC                          STATE OF LOUISIANA

## ORDER

**CONSIDERING THE FOREGOING MOTION TO DISMISS:**

**IT IS HEREBY ORDERED** that the claim of Luz Iboa, against Global Management Enterprises, LLC and Louisiana Workers' Compensation Corporation be dismissed, with prejudice, each party to bear its' own costs.

**SIGNED** this _____ day of December, 2011, in Lake Charles, Louisiana.

_____
**HONORABLE JUDGE CHARLOTTE BUSHNELL**
**OFFICE OF WORKERS' COMPENSATION**

27