UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| This Document Relates to: | * | SECTION: J(2) |
| No. 14-cv-00121, Howell Construction, Inc. v. Andry Lerner, L.L.C., et al | * * | JUDGE BARBIER MAG JUDGE WILKINSON |

## OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants Andry Lerner, L.L.C., Andry Law Group, L.L.C., Jonathan B. Andry, and Christina E. Mancuso submit this Opposition memorandum to Plaintiff's Motion for Reconsideration. Plaintiff's motion lacks any compelling reason to grant reconsideration. It is a thinly veiled effort to revive a case with meritless arguments that were rejected and/or neglected in their response to the Motion to Dismiss. Plaintiff cites to no caselaw that would support reconsideration.

The Court has considerable discretion in deciding whether to grant a motion for reconsideration, but must strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts. *Peter-Takang v. Dep't of Children & Family Servs.*, CIV.A. 14-1078, 2015 WL 4097157, at *2 (E.D. La. July 6, 2015) This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly," with relief being warranted only when the basis for relief is "clearly establish[ed]." *Id.* A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Rather, Courts in the Eastern District of Louisiana have generally

considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law. *Id. See also Database America, Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F. Supp. 1216, 1220 (D.N.J. 1993).

A motion for reconsideration, " '[is] not the proper vehicle for rehashing evidence, legal theories, or arguments....' ". *Id.* Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted. *Id.* When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Id.*

Defendant's Motion to Dismiss specifically states that defendants moved "this court for an order under F.R. Civ. P. 12(b)(6) to **dismiss the Complaint for Legal Malpractice** [R. 1] filed by Howell Construction Inc. because it fails to state a cause of action against the defendants upon which relief can be granted." *[R. 7]* There can be no dispute that the defendants' 12(b)(6) motion sought dismissal of **all** claims brought by the plaintiff. However, nowhere in Plaintiff's response to that motion did Howell attempt to separate the acts of legal malpractice as they do now.

Plaintiffs specifically argued in opposition to dismissal that their claim for damages under OPA was no longer viable when the defendants were discharged. Now, in an attempt to revive their case, they backtrack and agree that they would never have been able to maintain a lawsuit under OPA. *[R. 2488-1, Pg. 3]*

In their opposition, plaintiffs acknowledged the scope of Defendant's original motion, stating: "Defendants have moved (Doc.7) to **dismiss the legal malpractice claims** against them based upon an open-ended interpretation of the Oil Pollution Act's three-year statute of limitations and pre-suit presentment requirement […]" *[R. 10]* Plaintiff went on to say "Further, Andry Lerner, et al. asks the court to dismiss the legal malpractice case […]". In opposition to that motion to dismiss, plaintiff never argued that they had more than one claim, or that a part of the claim should survive the defendants' motion. Only now that the Court has agreed that dismissal of the entire case is warranted, does Plaintiff attempt to provide a new legal theory why their case should not be dismissed.

Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. Simon v. United States, 891 F.2d 1154, 1159 (5th Cir.1990) These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Id.*

Plaintiff cites to *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 stating that "rule 59(e) relief is warranted to correct manifest errors of law". *[R.24882-1, pg. 5]*. Plaintiff goes on to say that this court's ruling is manifestly unjust. However, the Fifth Circuit in *Templet* <u>actually</u> agreed with the district court below that reconsideration was not warranted. The court held the unexcused failure to oppose a summary judgment with evidence that was within the plaintiff's knowledge

was a valid basis for denying a subsequent motion for reconsideration. The Fifth Circuit went on to say that by denying the motion the district court was not manifestly unjust in law or fact.

Plaintiff cites to *Potier v. JBS Liberty Securities, No. 13-0789,* a case where the court denied reconsideration*,* to support their claim that the ruling should be reconsidered as manifestly unjust. In *Potier*, the plaintiff failed to oppose the rulings which he asked to be reconsidered. The court held that the plaintiff did not diligently pursue the relief they now seek.  Our case is similar to *Potier*, in that plaintiff made no attempt to oppose the dismissal of their complaint on grounds that their settlement claim was separate from an action under OPA. Plaintiff did not diligently pursue the relief they now seek by failing to oppose the dismissal on these grounds. Instead, they only specifically argued that their complaint for legal malpractice could not be dismissed based on the OPA claim prescribing under Andry's watch.

Plaintiff also makes passing reference to *Demahy v. Wyeth*, 702 F.3d 177, 184 (5th Cir. 2012). In *Demahy*, the plaintiff tried to argue that Judge Barbier's denial of a generic defendant's motion to dismiss was limited to certain failure to warn claims and that her other claims were not included. In contrast the Fifth Circuit pointed out that the generic defendant's motion stated that it sought to dismiss **all** of plaintiff's claims asserted against it and upheld the dismissal of plaintiff's case. That is also what happened in the case at hand.

Interestingly, plaintiffs have already attempted to make this dual claim argument in State Court and failed. At the same time this matter was filed in this court, Plaintiffs filed almost the **exact same petition** in Civil District Court for the Parish of Orleans. After participating in discovery, Defendant filed a motion for summary judgment alleging that Plaintiff's could not prove a loss because the claim had not prescribed when they were discharged.

Plaintiff made a similar argument to Judge Cates as he does here. *Ex. 1 – Transcript of Hearing on Summary Judgment.* Counsel for plaintiff argued: "It should have been a partial summary judgment, 'cause the first act of negligence, we contend, was opting him out to begin with. He should have stayed in the settlement." Despite Plaintiff's contentions, Judge Cates agreed with Defendant that "plaintiff would be unable to prove that defendants were negligent in the handling of plaintiff's BP oil spill claim, [and] unable to prove that it suffered any loss caused by defendants' alleged negligence." *Ex. 2 – Judgment from Hearing on Summary Judgment.* This matter is now on appeal in the Fourth Circuit.

Howell simply cannot recover damages when their case was still viable after being discharged by Andry. This proposition can be found in numerous Louisiana cases, as well as cases from other jurisdictions.

In *Hartz v. Farrugia,* the Eastern district determined that defendants were not liable for loss of a claim that remained viable after the date the representation ended. CIV.A. 06-3164, 2009 WL 901767, at *6 (E.D. La. Mar. 31, 2009), aff'd, 360 Fed. Appx. 541 (5th Cir. 2010) (unpublished) In *Oyefodunn v. Spears*, 669 So.2d 1261 (La. App. 4th Cir. 1996), the court analyzed exactly when a plaintiff's underlying cause of action against a different defendant would have prescribed.  After finding that the plaintiff's claim against the original defendant did not prescribe while she was being represented by the attorney, the court found that the attorney had not committed legal malpractice, and dismissed all claims against the attorney. Id. at 1264.  Similarly, in *Darbonne v. Guillory*, 649 So.2d 681 (La. App. 3rd Cir. 11/2/94), a client sued her former attorney for legal malpractice, claiming that he had negligently failed to finally file a worker's compensation suit.  In analyzing whether the plaintiff stated a sufficient cause of action in legal malpractice against her former attorney, the court first looked to determine exactly when the

worker's compensation claim would have become time-barred. After analyzing the applicable time period, the court determined that the worker's compensation claim did not prescribe while the attorney was representing the client, and therefore the attorney could not have committed legal malpractice. *Id.* at 683. Accord: *Stelly v. Morrow, Ryan & Basset*, 62 So.3d 336, 339-340 (La. App. 3rd Cir. 2011).

Other jurisdictions also follow the same rationale. In *Steketee v. Lintz, Williams & Rotheberg,* 694 P2.d 1153, (Ca. 1985)*,* the plaintiff sued her former attorney for legal malpractice, contending that he failed to timely file a medical malpractice claim. After finding that the medical malpractice claim did not prescribe until approximately three months after the attorney stopped representing the client, the court dismissed the legal malpractice claim, stating: "An attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitation if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's action." *Id*. at 1159. *Cf. Harvey v. Mackay*, 440 N.E.2d 1022 (Il. 1982) (dismissing a legal malpractice claim where the court found that it was "apparent that plaintiff had over one year to pursue any potential actions against Harris Bank after defendant withdrew as her attorney."); and *Shelly v. Hansen*, 53 Cal. Rptr. 20 (Ca.2d Dis. 1966) (no malpractice claim where the underlying cause of action did not become time-barred while plaintiff was represented by the defendant attorney).

Because the claim for damages resulting from the Oil Spill possessed by Howell did not become time barred and lost while Howell was represented by Andry, plaintiff cannot prove the required elements of a legal malpractice claim under Louisiana law. As such, this Court's ruling dismissing the claims against Andry was correct.

CONCLUSION

Because this court's ruling dismissing all claims against defendants was correct, and because the plaintiff's instant Motion For Reconsideration fails to meet the stringent requirements of FRCP 59, plaintiff's motion should be denied.

Respectfully submitted:

*s/ Jordan L. Bollinger*

_____
LEWIS O. UNGLESBY (#12498)
JORDAN L. BOLLINGER (#35663)
UNGLESBY LAW FIRM
246 Napoleon Street
Baton Rouge, LA 70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record via the court's Electronic Filing System, this 12th day of October, 2018.

*s/ Jordan L. Bollinger*
_____
JORDAN L. BOLLINGER