**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010

This document relates to:
No. 12-970

Claimant ID 100243047, Claim ID 254194

MDL NO. 2179

SECTION J

JUDGE BARBIER

MAG. JUDGE SHUSHAN

**MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT ID 100243047's MOTION TO CLARIFY, ALTER, OR AMEND THE COURT'S OCTOBER 3, 2018 ORDER**

JEFFREY W. WILLIS
MICHAEL L. EBER
ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1604
Telephone: (404) 522-4700
Facsimile: (404) 525-2224
Email: jwillis@rh-law.com

*Counsel for Claimant ID 100243047*

1

## PRELIMINARY STATEMENT

Claimant ID 100243047 is in the unique position of having a multi-million dollar Business Economic Loss claim for which the Settlement Program was still actively considering—until this Court's October 3, 2018 Order (Rec. Doc. 24945) ("Order")—whether to release a Moratoria Hold because the Claim does not include any Moratoria Losses. The Order cut short the Settlement Program's ongoing review of the Claim by ruling that all Remaining Moratoria Hold Claims are "deemed hereby EXCLUDED" from the Settlement. Order at 2 (emphasis omitted).

Unlike other Remaining Moratoria Hold Claims (for which exclusion may be appropriate), this Claim has not received the review provided for in Section 5.10.3.1.1 of the Settlement Agreement. In fact, the Moratoria Team has stated that the Claim "will be released" if Claimant provides sufficient evidence that the claiming facility did not sell products used in offshore oil and gas activities in the Gulf of Mexico from 2007–2011. In response, Claimant submitted definitive evidence, including expert testimony, demonstrating that the facility sold *no* such products. Because the Moratoria Team did not have time to review this evidence— some of which was submitted on October 1—Claimant submits that the Order is premature with respect to this particular Claimant.

The Court's ruling is based on the factual assumption that the Settlement Program "has no ability to process" such claims because BP and Class Counsel have failed to agree on the guidance contemplated by Exhibit 16 for making compensation determinations when a claim involves Moratoria Losses. Order at 2. But that factual assumption is not accurate in this particular case. Here, the Settlement Program *does* have the ability to decide—based on

affidavits and other evidence—that the Moratoria Hold should be released.  That determination does not depend in any way on guidance under Exhibit 16.

Pursuant to Federal Rules of Civil Procedure 23 and 59(e), as well as this Court's supervisory authority under the Settlement Agreement, Claimant simply requests clarification that the Order does not prevent the Moratoria Team from completing the review required by Section 5.10.3.1.1 of the Settlement Agreement and—if it determines that the Claim is not subject to the Moratoria Hold—releasing the Claim for further processing.

## BACKGROUND

Claimant ID 100243047 submitted a Business Economic Loss claim (Claim ID 254194) to the Settlement Program for an iron foundry (the "Claim").

The Claims Administrator placed the Claim on Moratoria Hold because it made a preliminary finding that Claimant manufactured "Valves, industrial-type (e.g., check, gate, glove, relief, safety)," a business activity marked with an "X" on Exhibit 19 under NAICS Code 332911.  The claiming facility, however, did not engage in any such activity, or any other activity requiring Moratoria Review under Exhibit 19, and did not sell any products used in offshore oil and gas activities.  Thus, Claimant has been working with the Claims Administrator's Moratoria Team for over a year to release the Moratoria Hold.

In June 2017, Claimant provided the Claims Administrator with Claimant's 10-K for fiscal year 2010, showing that the business segment that operated the claiming facility produced only ductile iron products, which are sold primarily to waterworks distributors, contractors, municipalities, utilities, and other governmental agencies.  *See* Exhibit 1, Letter to Claims Administration Reviewer, June 7, 2017, Doc ID 20715108.  This fact tended to confirm that the claiming facility did not provide significant services, goods, or supplies to the offshore oil and

gas industry.  The submission further stated that Claimant would determine whether the claiming

facility engaged in *any* manufacturing of "Valves, industrial-type (e.g., check, gate, glove, relief,

safety)," which is the only business activity marked with an "X" on Exhibit 19 under the NAICS

Code assigned to Claimant by the Claims Administrator.  *See id.* at 1.

In March 2018, Claimant followed up with a second submission, including an affidavit of

Claimant's Chief Financial Officer, demonstrating that the claiming facility engaged in ***no***

manufacturing of "Valves, industrial-type"—the sole activity that triggered Moratoria Review in

the first place.  *See* Exhibit 2, Letter to Claims Administration Reviewer, Mar. 27, 2018, Doc ID

20970271.  Claimant requested that the Claim be released from the Moratoria Hold.  *Id.* at 2.

In April 2018, the Claims Administrator responded with additional questions, as well as

helpful suggestions, from the Moratoria Team.  The Moratoria Team now focused on a broader

question of whether any of the claiming facility's products had been used in offshore oil and gas

activity in the Gulf of Mexico from 2007–2011.  The Claims Administrator made clear that the

Claim was still being processed and that "[a]fter additional review" it would be released from

Moratoria Hold "if the claim is determined to have no Moratoria Losses":

> If Counsel is able to provide additional documentation not already in the claimant
> file establishing that the claim does not include any Moratoria Losses, he should
> upload it to the Portal and let you know when complete so that we can advise the
> Moratoria Team of its submission and they can review. The relevant documents
> vary from business to business, but complete 2007-2011 customer lists are often
> helpful in this analysis. After additional review, if the claim is determined to have
> no Moratoria Losses, ***we will release the Moratoria hold*** and return the claim into
> the normal BEL review process.

Exhibit 3, Email from Jason Russell to Jeff Willis, Apr. 12, 2018 (emphasis added).

In June 2018, Claimant informed the Claims Administrator that it had obtained the 2007–

2011 customer lists suggested by the Moratoria Team.  Mr. Russell, on behalf of the Claims

Administrator, responded, "I'll let the Moratoria Team [know] to keep an eye out."  Exhibit 4, Email from Jason Russell to Jeff Willis, June 18, 2018.

Counsel undertook a thorough analysis of the 628 customers on the list to determine whether there was any likelihood that the facility's products had been purchased for use in offshore oil and gas activity.  There was none.  In July 2018, Claimant also engaged a petroleum engineer in California with expertise in the construction of water and wastewater transmission on offshore oil rigs so that Claimant could definitively address the Moratoria Team's question: whether the claiming facility's products were used in offshore oil and gas activity in the Gulf of Mexico from 2007 through 2011.

On October 1, 2018, Claimant provided the additional information to the Claims Administrator demonstrating that the Claim does not include Moratoria Losses.  Exhibit 5, Letter to Claims Administrator Reviewer, Oct. 1, 2018, Doc. ID 20991298.  This information includes a second affidavit from Claimant's Chief Financial Officer (*id.*, sub-exhibit A) and an affidavit from the expert in petroleum engineering and offshore oil and gas operations (*id.*, sub-exhibit B). The expert opined that, for at least seven enumerated reasons, "it is a ***virtual certainty*** that the [claiming] facility's products were not used in offshore oil and gas activities in the Gulf of Mexico in the years 2007 through 2011."  *Id.*, Sub-exhibit B, ¶ 8 (emphasis added).

On October 3, 2018, the Court entered its Order Regarding Remaining Claims in the Economic and Property Damages Settlement that Are Subject to Moratoria Hold.  (Rec. Doc. 24945.)  The Order provides (in relevant part) that any "Remaining Moratoria Hold Claims"[1] "will be deemed hereby EXCLUDED from the Settlement and instead may proceed with its

---

[1] The Order defines "Remaining Moratoria Hold Claims" as any claim (i) for which the claimant "has received a notice from the Settlement Program that his, her, or its claim is subject to a 'Moratoria Hold'" and (ii) that "has not been resolved to date."  Order at 2.

claim in litigation before this Court by compliance with the terms of this Order." Order at 2
(emphasis omitted). The Order is premised on the assumption that the Claims Administrator
"has no ability to process" any of the Remaining Moratoria Hold Claims. *Id.*

On October 4, 2018, the Claims Administrator thanked Claimant's counsel for the
additional information regarding the Claim and said, "I have notified the Moratoria Team."
Exhibit 6, Email from Jason Russell to Brian Devine, Oct. 4, 2018. On October 8, however, the
Claims Administrator notified Claimant's counsel that it is "closing" the Claim based on this
Court's ruling. Exhibit 7, Email from Jason Russell to Brian Devine, Oct. 8, 2018.

## ARGUMENT

**A.    The Moratoria Team Should Be Allowed to Complete the Evaluation Required by
Section 5.10.3.1.1**

Section 5.10.3.1.1 provides that a dedicated team will review the claims of businesses
with certain NAICS codes and descriptions "to determine whether their losses, or any portion
thereof, constitute Moratoria Losses." Settlement Agreement § 5.10.3.1.1; *see also id.*, Ex. 19.
If that review determines that the claim **does** include Moratoria Losses, then the claim is stuck in
Moratoria Hold because BP and Class Counsel have failed to provide guidance to the Claims
Administrator under Exhibit 16 on how "to distinguish among economic loss due to or resulting
from (i) moratoria and (ii) non-moratoria economic loss." *Id.*, Ex. 16 at 4–5. But if the
Moratoria Team determines that the claim **does not** include Moratoria Losses, then the failure of
Class Counsel and BP to agree to guidance under Exhibit 16 is completely immaterial. In that
case, the claim must be released from Moratoria Hold for further processing.

The Moratoria Team has been actively evaluating the Claim for this purpose—to
determine "whether . . . any portion" of Claimant's losses constitute Moratoria Losses—and has
been provided with definitive responses to its last set of questions. Because the Claim was being

actively considered for release from Moratoria Hold, this is *not* a situation where the Claims Administrator "has no ability to process" the claim any further.  *Cf.* Order at 2.  Accordingly, the Claim should not be excluded from the Settlement.

The principle that "like cases should be decided alike" demands that the Moratoria Team have the opportunity to decide whether the Claim seeks to recover Moratoria Losses.  When negotiating the Settlement, the parties "were in agreement that similarly situated claimants must be treated alike."  *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179, 2013 WL 10767663, at *2 (E.D. La. Dec. 24, 2013).  And BP itself has recently emphasized that "[t]he rule that like claims should be treated alike . . . goes to the heart of Settlement's fairness."  Brief of BP Appellants at 35–36, In re Deepwater Horizon, No. 17-30727, 5th Cir. Doc. No. 00514608517 (filed Aug. 20, 2018).

This principle is particularly relevant here because similarly situated BEL claimants got a completed Moratoria Review and release from Moratoria Hold.  *See, e.g.*, Appeal Panel Decision 2016-402 (affirming award made after the Settlement Program issued a "Moratoria Team Determination Memo" finding that claimant should be released from Moratoria Hold); Appeal Panel Decision 2017-1212 (affirming award where Moratoria Team had determined "that Claimant's records do not reveal any such excluded losses"); Appeal Panel Decision 2017-1444 (affirming award where Moratoria Team concluded that "no moratoria losses were found and the claim should proceed under the BEL framework").[2]  It would be fundamentally unfair for similarly situated claimants to have their claims approved while Claimant does not even get a full review of whether the Moratoria Hold is appropriate.

---

[2] For other instances where the Moratoria Team made a final determination that a claim should be released from Moratoria Hold, see Appeal Panel Decision 2017-1788; Appeal Panel Decision 2017-1913; Appeal Panel Decision 2017-2808; Appeal Panel Decision 2017-3864; Appeal Panel Decision 2017-4161; and Appeal Panel Decision 2018-365.

Excluding the Claim *before* the Claims Administrator decides whether or not the Claim actually seeks Moratoria Losses is contrary to the Settlement Agreement. As explained above, Section 5.10.3.1.1 requires the Moratoria Team "to determine whether [Claimant's] losses, or any portion thereof, constitute Moratoria Losses." That evaluation has not been completed.

In addition, Section 4.3.7 provides that "[t]he Settlement Program . . . *shall* use its best efforts to provide Economic Class Members with assistance, information, opportunities and notice so that the Economic Class Member has the *best opportunity* to be determined eligible for and receive the Settlement Payment(s) to which the Economic Class Member is entitled under the terms of the Agreement." Settlement Agreement § 4.3.7 (emphasis added). Here, Claimant would not receive "the best opportunity to be determined eligible" for compensation, *id.*, if the Court deems the Claim excluded before the Moratoria Team can review the materials that Claimant recently submitted.[3] Those materials conclusively demonstrate that Claimant should be released from Moratoria Hold because the Claim does not seek to recover any Moratoria Losses.

Although the evidence in favor of removing the Moratoria Hold is compelling, Claimant is not asking the Court to decide that issue today. Instead, Claimant simply requests an opportunity for the Moratoria Team to decide the issue.

Thus, Claimant asks the Court to clarify that the October 3 Order does not prevent the Moratoria Team from completing its review to determine whether to release the Claim from Moratoria Hold.

---

[3] Nor did Claimant receive "notice," § 4.3.7, that the Claim would be deemed excluded if the Moratoria Team did not release the hold before October 3, 2018.

**B.**      **This Motion Does Not Affect Claims Requiring the Application of Moratoria Guidance Under Exhibit 16**

In the Order, the Court ruled that claims on Moratoria Hold must be excluded from the Settlement because BP and Class Counsel are "at an unresolvable impasse" in trying to agree on guidance for the Claims Administrator to make compensation determinations that adhere to the moratoria exclusion in the Settlement Agreement. Order at 1. The Order states that the Claims Administrator, therefore, has "no ability to process those remaining, unresolved claims that are subject to a 'Moratoria Hold' in the Settlement Program." Order at 2.

Claimant does not dispute the Court's general finding that the Claims Administrator is unable to process many (or even most) claims that are in Moratoria Hold. But that finding is unwarranted with respect to *this* particular claim. In this case, the Claims Administrator *does* have the ability to process—indeed, it was actively considering—whether Claim 254194 should be released from Moratoria Hold because it has no relationship to offshore oil and gas activity.

The fact that the Moratoria Team has not yet considered all the evidence submitted by Claimant also distinguishes this motion from those in which other claimants with Moratoria Hold claims have unsuccessfully sought relief from the Court. *See* Order of Oct. 4, 2018, Rec. Doc. 24951 (ordering that such motions are denied and/or moot). Those other claimants challenged final determinations by the Moratoria Team that that their claims included Moratoria Losses. For example, Claimant ID 100036154 and Claimant ID 100036101 essentially asked the Court to overrule the Moratoria Team's final determination that the claims should remain on hold. *See* Rec. Doc. 23726-2 at 2 ("In response to Counsel's Moratoria Hold objections and additional submissions, the Moratoria Team has further reviewed its initial determinations regarding [two claimants] … [and] has determined that the claims must remain on Moratoria Hold"). Likewise,

Turner Industries Group, LLC, asked the Court to "*order the release* of its three Claims from their respective Moratoria holds."  Rec. Doc. 22755-1 (emphasis added).

Here, by contrast, the Moratoria Team has not considered all the evidence.  Claimant has not received a decision on whether the Claim includes Moratoria Losses.  And Claimant only seeks the limited relief of allowing the Moratoria Team to finish evaluating "whether [Claimant's] losses, or any portion thereof, constitute Moratoria Losses."  § 5.10.3.1.1.

## **CONCLUSION**

Claimant ID 100243047 respectfully asks the Court to clarify that its October 3, 2018 Order does not apply to Claim ID 254194 because the Moratoria Team has not completed its review of whether the Claim seeks to recover Moratoria Losses.  If the Court wishes to expedite the resolution of this issue, it could also instruct the Moratoria Team to make its final decision (whether to release the Moratoria Hold) by a specific date, as the Court deems appropriate.

Respectfully submitted, this 12th day of October, 2018.

> */s/ Jeffrey W. Willis*
> Jeffrey W. Willis
> Georgia Bar No. 766575
> Michael L. Eber
> Georgia Bar No. 859338
> ROGERS & HARDIN LLP
> 2700 International Tower
> Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1604
> Telephone: (404) 522-4700
> Facsimile: (404) 525-2224
> Email: jwillis@rh-law.com
>           meber@rh-law.com
>
> *Counsel for Claimant ID 100243047*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2018, I filed and served the foregoing pleading via Lexis/Nexis File & Serve and through this Court's CM/ECF Filing System with the Clerk of Court of the United States District Court for the Eastern District of Louisiana thereby effecting service on all counsel of record.

<u>/s/ Jeffrey W. Willis</u>
Jeffrey W. Willis
Georgia Bar No. 766575
ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1604
Telephone: (404) 522-4700
Facsimile: (404) 525-2224
Email: jwillis@rh-law.com

*Counsel for Claimant ID 100243047*

11