# Exhibit 3

**Devine, Brian P.**

| | |
|---|---|
| **From:** | Jason Russell <jrussell@dhecc.com> |
| **Sent:** | Thursday, April 12, 2018 8:28 AM |
| **To:** | Willis, Jeff |
| **Cc:** | Eber, Michael L.; Devine, Brian P. |
| **Subject:** | Re: Processing Stay Request - Rogers & Hardin LLP |

Jeff,

Here is the information the Moratoria team provided.

The Settlement Agreement prohibits the Claims Administrator from compensating claimants for any Moratoria Losses whatsoever. Accordingly, the Settlement Program is not permitted to process and pay claims that have losses related to the Moratoria unless and until the Parties reach agreement on how to remove those losses from the claim compensation, as the Parties are required to do under the terms of the Settlement Agreement.

In its review of Claim ID 254194, the Claims Administrator assigned NAICS Code 332911 (Industrial Valve Manufacturing), which is an Exhibit 19 NAICS Code that triggers Potential Moratoria Review to determine whether related claims require full Moratoria Losses Review. "Valves, industrial-type (e.g., check, gate, globe, relief, safety), manufacturing" is an X-marked business activity within Exhibit 19, Section I (NAICS Code 332911). Therefore, Mueller Water Products Inc. meets the DWH Exhibit 19, Section I potential moratoria loss criteria (Exhibit 19 Section I NAICS Code + engagement in one or more X-marked business activities within that NAICS Code), and related economic loss claims require Moratoria Losses Review.

In addition, the Claims Administrator's dedicated Moratoria Team determined the following: Claimant manufactures and markets products and services used in the transmission, distribution, and measurement of water. The company operates through two segments, Mueller Co. and Anvil. The Mueller Co. offers valves for water and gas systems, including iron gate, butterfly, tapping, check, plug, and ball valves; dry-barrel and wet-barrel fire hydrants; pipe repair products; small valves, meter bars, and line stopper fittings for use in gas systems; machines and tools for tapping, drilling, extraction, and installation; and municipal castings comprising manhole covers and street drain grates. The Anvil segment offers a range of products, including various fittings, couplings, hangers, valves, and related piping component system products for use in non-residential construction for fire protection, and engages in the design, engineering, fabrication and installation of petro-chemical and oilfield equipment. Anvil also manufactures a complete line of products used for oil & gas applications, including Catawissa wing unions, J.B. Smith swages and bull plugs, Gruvlok butterfly valves, and forged steel pipe fittings.  Claimant's types of products and services are heavily utilized in the offshore oil and gas industry in the Gulf of Mexico, and therefore the claim may include Moratoria Losses."

If Counsel is able to provide additional documentation not already in the claimant file establishing that the claim does not include any Moratoria Losses, he should upload it to the Portal and let you know when complete so that we can advise the Moratoria Team of its submission and they can review. The relevant documents vary from business to business, but complete 2007-2011 customer lists are often helpful in this analysis.  After additional review, if the claim is determined to have no Moratoria Losses, we will release the Moratoria hold and return the claim into the normal BEL review process.  However, if the Team identifies any potential Moratoria Losses, the hold must remain in place until the Parties provide the requisite guidance for making compensation determinations that adhere to the Moratoria Losses exclusion in the Settlement Agreement.

Please let me know if you have any questions.

Thank you,
Jason

-----Original Message-----
From: Willis, Jeff <JWillis@rh-law.com>
Sent: Friday, March 30, 2018 9:50 AM
To: Jason Russell <jrussell@dhecc.com>
Cc: Eber, Michael L. <meber@rh-law.com>; Devine, Brian P. <BDevine@rh-law.com>
Subject: Re: Processing Stay Request - Rogers & Hardin LLP

Jason,

Would you ask the Moratoria Team what else it might wish to see regarding this claim? We have access to ample amounts of information and to personnel who can address any questions. We can, for example, submit materials showing how ductile iron pipe is used (to transport potable water), further demonstrating that the business was uninvolved in the offshore oil & gas business. Please let us know. Thanks.

Sent from my iPhone

On Mar 28, 2018, at 5:08 PM, Willis, Jeff <JWillis@rh-law.com<mailto:JWillis@rh-law.com>> wrote:

Jason, FYI.  Thanks again.

Jeff

Jeffrey W. Willis
Attorney at Law
ROGERS & HARDIN LLP
2700 International Tower | 229 Peachtree Street NE | Atlanta, GA 30303
T: 404.420.4619 | F: 404.230.0978 | Email: JWillis@rh-law.com<mailto:JWillis@rh-law.com>
Bio<http://www.rh-law.com/Attorneys/JeffreyWWillis> | vCard<http://www.rh-law.com/webportal/perform.v?obj=ve_oid:poid:Z1tOl9NPl0LPoDtRkfJDpKJE&action=vCard>
From: Willis, Jeff
Sent: Wednesday, March 28, 2018 5:08 PM
To: 'documents@liaisoncounsel.com<mailto:documents@liaisoncounsel.com>'
Cc: Mike Moore, Liaison Counsel; Drake Martin, Liaison Counsel; Patrick Juneau; Katy Askew; Patrick Hron
Subject: RE: Processing Stay Request - Rogers & Hardin LLP

All,

We request that the processing stay not be applied to the three claimants I have listed below. For various reasons, we will have a better chance at settling their claims through the Neutral process if the claims are allowed to proceed to notice. We understand that accounting review was nearly complete for the first two claimants prior to the implementation of the stay, and we need the Moratoria Team to review our pending request to release Mueller Water Products' claim from Moratoria Hold. Please let me know if you have any questions.

Mueller Copper Tube Company, Inc. (Claimant ID 100319411) Mueller Fittings LLC (Claimant ID 100327751) Mueller Water Products, Inc. (Claimant ID 100243047)

Thank you.

Jeff

Jeffrey W. Willis
Attorney at Law
ROGERS & HARDIN LLP
2700 International Tower | 229 Peachtree Street NE | Atlanta, GA 30303
T: 404.420.4619 | F: 404.230.0978 | Email: JWillis@rh-law.com<mailto:JWillis@rh-law.com>
Bio<http://www.rh-law.com/Attorneys/JeffreyWWillis> | vCard<http://www.rh-law.com/webportal/perform.v?obj=ve_oid:poid:Z1tOl9NPl0LPoDtRkfJDpKJE&action=vCard>
From: documents@liaisoncounsel.com<mailto:documents@liaisoncounsel.com> [mailto:documents@liaisoncounsel.com]
Sent: Monday, March 26, 2018 1:38 PM
To: Willis, Jeff
Cc: Mike Moore, Liaison Counsel; Drake Martin, Liaison Counsel; Patrick Juneau; Katy Askew; Patrick Hron; Stephen Palmer
Subject: Re: Processing Stay Request - Rogers & Hardin LLP

All:

By agreement of the parties and the court, we are requesting an extension of the processing stay until April 6, 2018.

Thanks,
Drake & Mike

From: "documents@liaisoncounsel.com<mailto:documents@liaisoncounsel.com>" <documents@liaisoncounsel.com<mailto:documents@liaisoncounsel.com>>
Date: Thursday, March 15, 2018 at 5:15 PM
To: Jeffrey Willis <JWillis@rh-law.com<mailto:JWillis@rh-law.com>>
Cc: Mike Moore Liaison Counsel Email <mike@liaisoncounsel.com<mailto:mike@liaisoncounsel.com>>, Drake Martin Liaison Counsel Email <drake@liaisoncounsel.com<mailto:drake@liaisoncounsel.com>>, Patrick Juneau <pjuneau@dheclaims.com<mailto:pjuneau@dheclaims.com>>, Katy Askew <kaskew@dheclaims.com<mailto:kaskew@dheclaims.com>>, Patrick Hron <phron@dheclaims.com<mailto:phron@dheclaims.com>>, Stephen Palmer <Stephen.Palmer@bp.com<mailto:Stephen.Palmer@bp.com>>
Subject: Processing Stay Request - Rogers & Hardin LLP

Jeff:

Please be reminded that your processing stay will expire on March 23, 2018.  Per Judge Barbier, processing stay requests can not extend beyond two weeks.

In the event you have any upcoming deadlines, please note that the processing stay affects the review and processing of claims in the following manner:

New Determinations:  The CSSP will not issue new determinations during the stay period.

CSSP Deadlines:  Pre-existing, pending deadlines will continue to run unless you ask for extension.  To request a deadline extension, "reply all" to this email with the following information:

  *   Claimant ID;
  *   Claim ID;

3

* Claimant Name;
* Current Deadline;
* Extension Request.

Discretionary Court Review:  The Court will not issue Discretionary Review decisions while the stay is pending.  Any deadline to request Discretionary Review or object to a request for Discretionary Review that would expire during the stay period will be extended to two weeks following removal of the stay.  To request a deadline extension, "reply all" to this email with the following information:

* Claimant ID;
* Claim ID;
* Claimant Name;
* Current Deadline;
* Extension Request.

Fifth Circuit:  We do not have the authority or discretion to stay or extend Fifth Circuit deadlines.  Any request to extend a Fifth Circuit deadline must be handled directly with that Court.

Thanks,
Drake & Mike

--------------------------------------------------------------------------------

This message and any attachments are intended for the use of the addressee(s) only and may be confidential and covered by the attorney/client and other privileges. If the reader is not the intended recipient, DO NOT READ, notify sender and delete this message. In addition, be aware that any disclosure, copying, distribution or use of the contents of this message is stri