UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | | **Civil Action No. 2:10-MD-02179** |
| **"Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * | |
| | * | **SECTION J(2)** |
| **Applies to:** | | |
| **Civil Action No. 2:17-cv-04411** | | |
| **LAWSON ENVIRONMENTAL SERVICES, LLC** | | |
| | * | |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **BP EXPLORATION AND PRODUCTION SERVICES** | * | **MAGISTRATE JUDGE WILKINSON** |

**************************************

## RESPONSE TO RULE TO SHOW CAUSE

Plaintiff Lawson Environmental Services, LLC, through the undersigned attorneys, responds to the Rule to Show Cause by this Court on September 20, 2018, as follows:

On April 9, 2018, this Honorable Court issued PTO No. 66, which required all plaintiffs compliant with PTO No. 63 to submit a Particularized Statement of Claim to counsel for BP and the Plaintiff's Steering Committee ("PSC"). Pursuant to the PTO No. 66 and before the deadline imposed by the Court, Plaintiff sent it Particularized Statement of Claim ("PTO-66 Statement") to counsel for BP

and Plaintiff's Steering Committee.  Planitff's PTO –66 Statement is attached hereto at Exhibit "A".

According the submitted Exhibit 4 to this Court's Order, BP deemed Plaintiff's pleadings non-compliant with PTO No. 66 based solely on Plaintiff as failed to have responded to the damage question.  Plaintiff, by and through undersigned counsel, requests that this Court consider the following and deem this Plaintiff in compliance with PTO No. 66.

Plaintiff included with its PTO No. 66 Statement, a copy of the Petition filed with alleged an undetermined amount indemnity damages from BP for certain VOO claimants.  As the majority of these cases are still pending and have not reached a final judgment, it is impossible for Plaintiff to quantify this element of it damages.  BP acknowledged this in writing in MDL Document #24681, in which it stipulated that USES, another company similarly situated to Plaintiff, was not required to file a PTO 66 Statement because of the "unique nature" of the claims.  See attached Exhibit "B".

These indemnity damages were the only undetermined amount of damages alleged by Lawson.  The breach of contract claim for work order 213 quantified the amount at $40,000,000.00, for unlet work under the contract, as shown in the petition for damages which was included with the submission statement.

## **CONCLUSION**

Plaintiff has submitted a valid PTO 66 Statement and BP has filed a stipulation stating the similarly situated entities were not required to make a PTO 66 statement due to the "unique nature" of the claims. Plaintiff has shown proper cause to avoid dismissal of his case. Considering the above, it would be a grave injustice for the Court to dismiss Plaintiff's claim. Accordingly, the Court should find Plaintiff to be in Compliance with PTO-66.

Respectfully submitted,

**DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS**

**/s/ Kathryn W. Richard**
**KATHRYN W. RICHARD (# 26486)**
**101 Wilson Avenue**
**P.O. Box 3017**
**Houma, Louisiana 70361**
**Telephone: (985) 876-6410**