UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOWELL CONSTRUCTION, INC.** | * | **CIVIL ACTION** |
| | | **14-CV-00121** |
| **VERSUS** | * | |
| | | **SECTION: J(2)** |
| **ANDRY LERNER, L.L.C.,** | * | |
| **ANDRY LAW GROUP, L.L.C.** | | **JUDGE BARBIER** |
| **JONATHAN B. ANDRY AND** | * | |
| **CHRISTINA E. MANCUSO** | | |
| | * | **MAG. JUDGE WILKINSON** |

### REPLY MEMORANDUM

NOW INTO COURT, through undersigned counsel, Plaintiff, HOWELL CONSTRUCTION, INC. (hereinafter "Howell"), who respectfully submits this Reply Memorandum in reply to Defendants', ANDRY LERNER, LLC, ANDRY LAW GROUP, LLC, JONATHAN B. ANDRY AND CHRISTINA E. MANCUSO's (hereinafter collectively "Andry"), Opposition to Plaintiffs Motion for Reconsideration.

Howell's Complaint for Legal Malpractice [Doc. 1] itself is evidence that Howell alleged multiple acts of malpractice against Andry. Andry's Rule 12(b)(6) motion only sought dismissing Howell's claim as to Andry's handling of Howell's OPA claim. Their rule did not seek dismissal of the other claims of legal malpractice Howell asserted in its complaint as a result of (1) Andry's failure to recognize Howell's BP settlement program claim as a valid startup business for business economic losses, **and** (2) for improperly informing Howell that it did not qualify for the BP Settlement Program, **and** (3) for advising Howell to opt-out of the BP

1

settlement program having done so with no analysis as to the validity or the value of the possible OPA claim.

Howell filed suit in State Court also as a precaution in case the federal court suit lacked jurisdiction. When the federal suit was stayed indefinitely, Andry and his lawyers agreed to pursue the case in state court. It was not done to forum shop or pursue two cases at the same time.

Years of discovery conducted in the state court proceeding (all of which occurred after Andry's Rule 12(b)(6) motion was filed and briefed in this court) evidences Andry's malpractice in opting Howell out of the BP Settlement Program before ever evaluating the merits of the opt out case.

By foolishly leaving Howell out of the BP Settlement Program, a program Howell qualified for, Andry forever barred Howell's settlement claim. By doing so before even evaluating the merits of an opt out claim, Andry committed legal malpractice that has nothing to do with making or missing the OPA presentment deadline. They are separate claims.

Respectfully submitted,

/s/ *Jean-Paul Layrisson*
**SCANDURRO & LAYRISSON, LLC**
Jean-Paul Layrisson (Bar No. 20917)
Jean-Paul@scanlayr.com
Timothy D. Scandurro (Bar No. 20362)
Tim@scanlayr.com
Stephen O. Scandurro (Bar No. 20362)
Steve@scanlayr.com
Krista M. Eleew (Bar No. 34320)
Krista@scanlayr.com
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100

Facsimile: (504) 529-6199

AND

**MATTHEWS & WARRINER, LLC**
*/s/ Robert H. Matthews*
Robert H. Matthews, (Bar No. 9055)
Bobby@matthewswarriner.com
Pauline M. Warriner (Bar No. 22673)
Penny@matthewswarriner.com
230 Olivier Street
New Orleans, LA 70114
Telephone: 504-523-4542
Facsimile: 504-523-6139

**COUNSEL FOR
HOWELL CONSTRUCTION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing pleading and notice of electronic filing by first class mail to all non CM/ECF participants.

*/s/ Jean-Paul Layrisson*
Jean-Paul Layrisson