**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| | * | JUDGE BARBIER |
| | * | |
| This Document Relates to: | * | MAG. JUDGE WILKINSON |
| *All Claims In Pleading Bundle B3* | * | |

**BP'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' PTO 66 SHOW CAUSE SUBMISSIONS**

BP Exploration & Production Inc. and BP America Production Company (collectively "BP") hereby file their responses and objections to the submissions filed by plaintiffs in the B3 pleading bundle in response to the Court's September 20, 2018 Order to Show Cause Re: Compliance with PTO 66 (Rec. Doc. 24875) (the "Show Cause Order" or the "Order").

The Show Cause Order identified 159 plaintiffs who were required to "show cause in writing on or before October 11, 2018 why this Court should not dismiss his/her/its B3 claim(s) with prejudice for failing to comply with the requirements of PTO 66." (Show Cause Order at 3 (emphases omitted); *see also id.* at Exs. 2–4.)  113 plaintiffs whom the Court identified have submitted responses to the Show Cause Order.  BP responds to those 113 submissions, and addresses all 159 plaintiffs whom the Court required to show cause, as follows:

**I.       85 PLAINTIFFS SHOULD BE ADDED TO THE PTO 66 COMPLIANT LIST.**

The Show Cause Order identified 825 plaintiffs as compliant with PTO 66.  (Show Cause Order at 2, Ex. 1.)  Since the Show Cause Order, BP has determined that 85 additional plaintiffs are also now compliant with B3.  These plaintiffs are listed in Appendix 1.  First, BP has determined that 80 plaintiffs sufficiently amended their respective Particularized Statement of Claim ("PSOC") such that the prior deficiencies are now resolved.  Although these plaintiffs did

not comply with PTO 66 by the original submission deadline, BP does not object to including these individuals on the PTO 66 compliance list at this time.[1]

Second, BP has determined that three plaintiffs who are class members under the 2012 Amended Medical Settlement Agreement (Rec. Doc. 6427) (the "MSA") should be added to the PTO 66 compliance list. While those plaintiffs are MSA class members, they have asserted that they now only bring contract or non-exposure based personal injury claims that they contend have not been released pursuant to the MSA. BP does not object to including these three individuals on the PTO 66 compliance list.

Finally, two plaintiffs who submitted PSOCs in response to PTO 66 but *not* Sworn Statements in response to PTO 63 asserted they did not submit a response to PTO 63 because their complaint was not filed until *after* the PTO 63 process. One plaintiff, Shane Maddox Bruce, has since submitted a compliant PTO 63 Sworn Statement in his individual case and has now met the requirements of PTO 63. BP does not oppose including the second plaintiff, John Earl Miller, Jr., on the PTO 66 compliance list, provided that he likewise submits a compliant response to PTO 63.

In conclusion, BP agrees with including all of the 85 plaintiffs listed in Appendix 1 on the PTO 66 compliance list, as discussed above.

---

[1] On September 27, 2018, plaintiffs Tiffany Odoms, Individually and as Guardian of the Minor Surviving Children of the Decedent (the "Odoms Plaintiffs") moved to reconsider the dismissal of their case with prejudice for failure to comply with PTO 63. (*See Tiffany Odoms, et al. v. BP*, Case No. 2:16-cv-13201, 9/6/18 Order, Rec. Doc. 10, Ex. A at 20; 9/27/18 Mot. For Reconsideration, Rec. Doc. 24892.) BP subsequently has determined that, due to an administrative error in the process of matching the PTO 63 submission to the relevant underlying complaint in Case No. 2:16-cv-13201, the Odoms Plaintiffs should be deemed compliant with PTO 63. BP determined that the PTO 63 submission for the Odoms Plaintiffs was incorrectly matched to the complaint styled *Odoms v. BP*, Case No. 13-cv-02386. Upon review, there was no PTO 63 submission ever made for Case No. 13-cv-02386. Because the Odoms Plaintiffs have materially complied with PTO 63 and also materially complied with PTO 66, BP agrees that they should be included on the PTO 66 compliance list and has listed them in Appendix 1. BP disputes that Case No. 13-cv-02386 should remain on the compliance list due to the failure to comply with PTO 63, and has removed Case No. 13-cv-02386 from its compliance list.

II.     **46 PLAINTIFFS WHOM THE COURT REQUIRED TO RESPOND TO THE SHOW CAUSE ORDER FAILED TO MAKE ANY RESPONSIVE SHOW CAUSE FILING.**

In Exhibits 2–4 of the Show Cause Order, the Court identified 159 B3 plaintiffs who were required "to show cause in writing," by October 11, 2018, why their claims should not be dismissed with prejudice for failing to comply with PTO 66. (*See* Show Cause Order at 3 (emphasis omitted).) 46 of the B3 plaintiffs listed in Exhibits 2–4 of the Show Cause Order failed to make any show cause submission in response to the Order. These plaintiffs are listed in Appendix 2. This Court has previously dismissed with prejudice the claims of plaintiffs who were required to respond to a show cause order, but failed to do so. (*See, e.g.*, 7/10/18 PTO 65 Compliance Order, Rec. Doc. 24686 at 2 (dismissing with prejudice "for failing to comply with PTO 65" the claims of "B1 Plaintiffs who were required to respond to the Show Cause Order but did not").) Here, too, the claims of the 46 plaintiffs listed in Appendix 2 should be deemed non-compliant with PTO 66 and the Show Cause Order and dismissed with prejudice.

III.    **12 PLAINTIFFS WHO RESPONDED TO THE SHOW CAUSE ORDER HAD UNTIMELY PTO 66 SUBMISSIONS OR NO PTO 66 SUBMISSIONS.**

PTO 66 required plaintiffs to "complete, sign, and serve" his or her respective PSOC by *July 9, 2018.* (PTO 66, Rec. Doc. 24282 at 2.) For those plaintiffs represented by Nexsen Pruet, LLC and Douglas M. Schmidt, the Court later granted an extension for filing until *August 8, 2018.* (6/22/18 Order, Rec. Doc. 24671.) The Court identified those plaintiffs who submitted no PTO 66 responses in Exhibit 2 and who submitted untimely PTO 66 responses in Exhibit 4 of its Show Cause Order. Since the Show Cause Order was entered, twelve of these plaintiffs responded to the Show Cause Order: three of these 12 plaintiffs (Billy Ray Kelly, Jr., James Masters, Sergio Valdivieso) never submitted a PTO 66 submission whatsoever; seven plaintiffs (Jeffery Conerly, Sheri Allen Dorgan, Glyn Evans, Brian W. Gortney, II, Tishia Maria Harris, Margaret Norwood,

Mary Taylor[2]) submitted PSOCs *well over a month* after the August 8, 2018 deadline; and two plaintiffs (Antonio Woodland and Shunna Phillips) submitted PSOCs thirteen and twenty-seven days, respectively, after the August 8, 2018 deadline.  These plaintiffs are listed in Appendix 3.  This Court has deemed plaintiffs who did not submit any response or an untimely response to a pretrial order as non-compliant with that order, and has dismissed such plaintiffs' claims with prejudice.  (*See* 12/16/16 PTO 60 Reconciliation Order, Rec. Doc. 22003 at 14–15 (deeming plaintiffs who never submitted a response to PTO 60 as noncompliant and dismissing their complaints with prejudice); *id.* at 15–19 (dismissing various plaintiffs for filing response to PTO 60 after the Court-mandated deadline).)  The 12 plaintiffs listed in Appendix 3 should likewise be deemed noncompliant with PTO 66.

## IV.   ONE PLAINTIFF WHO RESPONDED TO PTO 66 DID NOT COMPLY WITH PTO 63 AND THUS HAS NO PENDING B3 CLAIM.

One plaintiff, Ashley Thompson, filed a complaint prior to PTO 63 but did not provide a Sworn Statement in response to PTO 63.  Accordingly, on July 18, 2017, this Court dismissed *with prejudice* Ms. Thompson's B3 claims.  (7/18/17 PTO 63 Compliance Order, Rec. Doc. 23047 at 2 (dismissing with prejudice claims of Remaining B3 Plaintiffs other than those who had complied with PTO 63).)  In particular, the Court ordered that 960 plaintiffs were "deemed to be compliant with PTO 63." (*Id.*)  These 960 plaintiffs were listed on Exhibit 1 to the Order.  (*Id.* at 2; *see also id.*, Ex. 1.)  Ms. Thompson was not listed among the 960 plaintiffs deemed compliant with PTO 63.  (*See id.*, Ex. 1 (listing PTO 63-compliant plaintiffs).)  The Court ordered that "B3 claims that

---

[2]    Mary Taylor did not make a PTO 66 submission until October 5, 2018 (over three months after the deadline), when she filed her response to the Court's Show Cause Order. (Rec. Docs. 24964, 24965.)  Not only was Ms. Taylor's PTO response untimely, ███████████████████████████████████
████████████████████████████████████████████████

are not listed in EXHIBIT 1 are DISMISSED WITH PREJUDICE." (*Id.* at 2 (capitalization in original).) Thus, Ms. Thompson's B3 claims were dismissed with prejudice.

Nevertheless, Ms. Thompson submitted a PSOC in response to PTO 66. Due to her failure to provide a response to PTO 63, however, her claims have already been dismissed with prejudice. (*Id.*) "A dismissal with prejudice is a final judgment on the merits" and cannot be revived. *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003) (citations omitted); *see also Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-cv-2085-BN, 2017 WL 6406619, at *6 (N.D. Tex. Dec. 15, 2017) (a claim dismissed with prejudice "is not revived by [grant of] leave to file a second amended complaint"); *Hernandez v. Cent. Power & Light*, 880 F. Supp. 494, 496 (S.D. Tex. 1994) ("a dismissal with prejudice … foreclose[s] any resurrection of the claim"). Thus, Ms. Thompson has no claims to revive; her claims have been dismissed with prejudice, and she has no pending claim against BP and therefore is properly excluded from the PTO 66 compliance list.

## V.   12 PLAINTIFFS WHO ARE MSA CLASS MEMBERS HAVE RELEASED THEIR CLAIMS AND SHOULD BE DISMISSED WITH PREJUDICE.

Among the plaintiffs who were required to show cause pursuant to the Show Cause Order, the Claims Administrator for the MSA, Garretson Resolution Group ("GRG"), identified 15 individuals as class members under the MSA. Twelve of these class members bring B3 claims that they have released pursuant to the MSA. The MSA provides that the relevant class members "shall release and forever discharge [BP] from any liability for all claims … in connection with … [p]ersonal injury or bodily injury … where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT." (*See* MSA, Section XVI.A.1, Rec. Doc. 6427-1 at 103–04.) These 12 plaintiffs are listed in Appendix 4. These plaintiffs have been properly excluded from the PTO 66 compliance list.

The claims that MSA class members did not release were (1) claims "for non-exposure-based physical or bodily trauma injury that arose from, was due to, resulted from or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT" and (2) claims for economic and property damages, including contract claims. (*See id.*, Section XVI.G, Rec. Doc. 6427-1 at 108–09.) Conversely, all claims of personal injury related to exposure to oil or dispersants during the response to the *Deepwater Horizon* incident, among other things, **were** released. (*See id.*, Section XVI.A.1, Rec. Doc. 6427-1 at 103–04, 108–09.) These 12 plaintiffs who have submitted PSOCs are MSA class members and—per their PSOC submission—are only alleging personal injury claims related to exposure to oil and dispersants during the response to the *Deepwater Horizon* incident—the very claims that they released pursuant to the MSA.

Five of these 12 plaintiffs (Charles Bradley, Patrick Cage, Ronald Hicks, Anthony Kizzee, and Alvin Thompson) have not contested their status as MSA class members (Rec. Doc. 24967); one plaintiff (James Collier) alleged in his Show Cause response that he was not working on the *Deepwater Horizon* response (*see* Rec. Doc. 24970), but this assertion directly contradicts his PSOC form where he checked "Yes" to the question, "Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?" (Rec. Doc. 24970, Ex. A at Question 9); and one plaintiff (Richard McBride) claimed he was "a member of old class and member new class," and does not articulate why he is not a MSA class member (Rec. Doc. 25060 at 1 (capitalization omitted)). In addition, five plaintiffs have claimed they opted-out of the MSA. ████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████  For these reasons, the claims of these 12 plaintiffs should be

dismissed with prejudice.

## VI.   4 PLAINTIFFS WHO FILED SHOW CAUSE RESPONSES REMAIN NONCOMPLIANT WITH PTO 66.

Four plaintiffs—the estate of Lula Richardson, Shunna Phillips, Rico McBride, and Joe L.

Thompson—did not respond to questions in their PSOCs about damages and injury and have not

cured these deficiencies in their Show Cause response.  These plaintiffs are listed in Appendix 5.

In PTO 66, this Court required the plaintiffs to provide "responses that are as specific and accurate

as practicable," so that "the Court and the parties [could] better understand *the nature and scope*

*of the injuries, damages,* and causation *alleged.*"  (PTO 66, Rec. Doc. 24282 at 1–2 (emphasis

added).)  To that end, this Court required plaintiffs to "*complete* … the attached [PSOC]."  (*Id.*

(emphasis added).)  In completing the PSOC, the Court directed plaintiffs to "answer *every*

question to the best of your knowledge." (*Id.* at Ex. A at 1 (emphasis added).)  These 4 plaintiffs

submitted PSOCs that did not respond to key questions about the injury suffered, the circumstances

of the injury, and the amount of damages claimed. (*See id.* at Questions 24, 29, 39.)  And they

have not cured these deficiencies in their Show Cause responses.  Specifically, these plaintiffs

have not complied with PTO 66 in material respects:

- The Estate of Lula Richardson stated in its PSOC that it was "not able to obtain any medical records before [Ms. Richardson's] death" and therefore did not identify the injury suffered.  (*See* Show Cause Response of Estate of Lula Richardson, Rec. Doc. 25014 at Ex. D.) BP and the Court identified this response as deficient. (*See* Show Cause Order, Ex. 4 at 1.) But in its Show Cause response, the Estate provided no further information about the nature of Ms. Richardson's alleged injury, and instead simply repeated the same answer about her injury:  it was "not able to obtain any medical records before [Ms. Richardson's] death." (*See* Show Cause Response of Estate of Lula Richardson, Rec. Doc. 25014 at Ex. D.) The failure to identify any alleged injury from the spill is a material deficiency that has not been cured.

- Shunna Phillips[3] similarly did not identify any alleged injury suffered in her PSOC (which was also untimely), saying only "pending medical records." (*See* Show Cause Response of Shunna Phillips, Rec. Doc. 25020 at Ex. D.) BP and the Court identified this response as deficient. (*See* Show Cause Order, Ex. 4 at 2.) But in her Show Cause response, Ms. Phillips provided no additional information in her response and still identifies no alleged injury, repeating simply "pending medical records." (*See* Show Cause Response of Shunna Phillips, Rec. Doc. 25020 at Ex. D.) The deficiency in her PSOC has not been cured.

- In response to Question 39 of the PSOC, which asked the plaintiffs to quantify their damages, plaintiff Rico McBride stated "[d]octor [b]ills," but did not provide any estimated amount (or description) of his alleged damages. (*See* Show Cause Response of Rico McBride, Rec. Doc. 25059 at Question 39.) BP and the Court identified this response as deficient. (*See* Show Cause Order, Ex. 4 at 2.) Mr. McBride did not attempt to cure this deficiency in his response to the Show Cause Order, instead providing the same deficient response. (*See* Show Cause Response of Rico McBride, Rec. Doc. 25059 at Question 39.)

- BP determined that the responses of Joe L. Thompson to Questions 24, 29, and 39 were deficient. (*See* PSOC of Joe L. Thompson, Appendix 6 at Questions 24 (merely stating "[e]xposure oil spill" "[e]ver[y] day [from] 2010 May thr[o]u[gh] Jun[e]"), 29 (merely stating "[a]ll [b]odily [i]njury" with no further specificity), and 39 (providing amount of damages but no description of how amount was determined); Show Cause Order, Ex. 4 at 3.) Mr. Thompson did not attempt to cure this deficiency in his response to the Show Cause Order; in fact, he did not provide an updated PSOC at all. (*See* Show Cause Response of Joe L. Thompson, Rec. Doc. 25061.)

This Court has previously dismissed with prejudice claims of plaintiffs who failed to respond to key questions raised by a PTO. (*See* 7/18/17 PTO 63 Compliance Order, Rec. Doc. 23047 at 2 & Ex. 2 at 1–6 (dismissing with prejudice claims of B3 plaintiffs who did not respond to PTO 63 inquiry about class status and type of B3 claim alleged).) These four claims remain non-compliant with PTO 66, and should be dismissed with prejudice.

---

[3]  As detailed above in Section III, Shunna Phillips is also not compliant with PTO 66 because she submitted her PSOC well after the Court-mandated deadline. (*See supra* at 4.)

WHEREFORE, BP respectfully requests that the Court (i) dismiss with prejudice those plaintiffs identified in Appendices 2, 3, 4, and 5; and (ii) deny Ms. Ashley Thompson's request to revive her previously-dismissed claim.


October 25, 2018                                      Respectfully submitted,


                                                     */s/ Don Haycraft*
                                                     Don Haycraft (Bar #14361)
                                                     R. Keith Jarrett (Bar #16984)
                                                     **LISKOW & LEWIS**
                                                     One Shell Square
                                                     701 Poydras Street, Suite 5000
                                                     New Orleans, Louisiana 70139-5099
                                                     Telephone:  (504) 581-7979
                                                     Fax No.  (504) 556-4108

                                                     Matthew T. Regan, P.C.
                                                     (matthew.regan@kirkland.com)
                                                     A. Katrine Jakola, P.C.
                                                     (katie.jakola@kirkland.com)
                                                     J. Andrew Langan, P.C.
                                                     (andrew.langan@kirkland.com)
                                                     Christina L. Briesacher
                                                     (christina.briesacher@kirkland.com)
                                                     Vanessa Barsanti
                                                     (vanessa.barsanti@kirkland.com)
                                                     **KIRKLAND & ELLIS LLP**
                                                     300 North LaSalle
                                                     Chicago, IL 60654
                                                     Telephone:  (312) 862-2000

                                                     *Attorneys for BP America Production Company*
                                                     *and BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Objections and Responses to Plaintiffs' PTO 66 Show Cause Submissions** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25th day of October 2018.

*/s/ Don Haycraft*
Don Haycraft