# Exhibit A –
# Motion to Correct Clerical Error

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>Applies to:<br><br>Civil Action No. 2:17-cv-06800<br><br>Michael E. Dean v. British Petroleum (BP) Oil Company | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

## MOTION TO CORRECT CLERICAL ERROR

Plaintiff, Michael E. Dean, by and through his undersigned counsel, hereby respectfully moves this Court pursuant to Rule 60(a) of the Federal Rules of Civil Procedure to correct a clerical error in the Order dated September 6, 2018, Document 13 ("Order").

Plaintiff filed a pro se complaint on May 15, 2017. It appears from the Order that BP identified this case as one that was dismissed for failing to comply with PTO-60 and/or PTO-63. This is factually incorrect. Plaintiff's case has <u>never</u> been dismissed. Thus, closing the case file is inappropriate.

The grounds for this motion are fully set forth in the Memorandum of Law in Support of this Motion filed contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests that this Court correct the clerical error in its Order by removing this case from the cases listed as being "Previously Dismissed for Non-Compliance with PTO 60 and/or PTO 63". The case appears as the last case on the list; number 665.

        Respectfully Submitted,

        /s/ Paul A. Dominick
_____
Paul A. Dominick    Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC 29402
PHONE: 843.577.9440
FACSIMILE: 843.720.1777
PDominick@nexsenpruet.com

and

Douglas M. Schmidt    Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE: 504-482-5711
FACSIMILE: 504-482-5755
Dglsschmdt@yahoo.com

*Counsel for Plaintiff Michael E. Dean*

Dated: October 4, 2018

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**<br><br>**Applies to:**<br><br>Civil Action No. 2:17-cv-06800<br><br>**Michael E. Dean v. British Petroleum (BP) Oil Company and BP Exploration & Production, Inc.** | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION TO CORRECT CLERICAL ERROR

On May 15, 2017, Plaintiff Michael E. Dean filed his *Pro Se* lawsuit in the District Court of Okaloose County, Florida, against British Petroleum (BP) Oil Company. On June 5, 2017, BP Exploration & Production, Inc. ("BP") received a copy of the *Pro Se* Complaint from the Plaintiff.

On July 7, 2017, BP filed a Notice of Removal removing Plaintiff's case from the District Court of Okaloose County, Florida, to the Northern District of Florida, Pensacola Division. At the same time BP filed a Motion to Stay the matter until it could be transferred and consolidated with MDL No. 2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*.

This Court issued its Conditional Transfer Order on July 14, 2017, moving this matter into the MDL. The case was subsequently transferred into the MDL from the District of Florida Northern Division on July 26, 2017, ECF No. 10.

On September 11, 2017, this Court docketed this case as subject to PreTrial Orders 1, 11, 12 (1st Amended), 25, 31, and 41 (2nd Amended), ECF No. 11.

The next item docketed in this case was the Order issued by this Court directing the Clerk to close the case, ECF No. 13, on September 6, 2018 (hereinafter the "Order").

It is important to look at the history behind this Court's order to understand the problem with ECF No. 13 and closing this case. On September 14, 2012, this Court issued PTO-25 which established "Pleading Bundle B3". Pleading Bundle B3 included "all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010".

On February 22, 2017, this Honorable Court issued Pretrial Order ("PTO") No. 63, which required all plaintiffs with claims previously contained in Pleading Bundle B3 to file individual complaints and sworn statements. As a result of PTO-63, this Court issued its Order on July 18, 2017, ECF No. 23047, establishing which cases were compliant with PTO-63 and which ones were dismissed for various issues noted in the Order. Plaintiff was not listed on the Order as either compliant or dismissed.

After this Court's Order, many motions were filed requesting reconsideration by the Court of its July 18, 2017 order. As a result, this Court issued its subsequent order on December 6, 2017, ECF No. 23735, noting which cases were compliant and which ones were dismissed. Again, Plaintiff was not listed on the Order as either compliant or dismissed.

At no time during the past year since the Plaintiff filed his complaint on May 15, 2017 has Plaintiff's case been listed in an order of this Court until the September 6, 2018 Order purporting to close this file. It appears that the list of cases was generated by BP as cases that were dismissed for failure to comply with PTO 60 and/or PTO 63. Plaintiff's case, however, was never dismissed. Thus, the clerical error should be corrected, and Plaintiff's case allowed to proceed to judgment.

Rule 60(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in

2

> a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

This is clearly a situation where the Court should allow the "clerical mistake to be corrected. Plaintiff is unaware of why counsel for BP included his case on a list of previously dismissed cases. Whatever reason existed for such action, the fact remains that Plaintiff's case has never been dismissed by the Court. Any motion for dismissal by BP should be made and considered by the Court before an administrative closing of the case file. Otherwise, Plaintiff's due process rights would be violated.

## CONCLUSION

Therefore, Plaintiff respectfully requests that this Court correct the clerical error in its Order and strike Plaintiff's case from the list of cases that have been dismissed. Since the case has not been dismissed, the case file should remain open for further proceedings.

Respectfully Submitted,

/s/ Paul A. Dominick
Paul A. Dominick     Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

and

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

*October 4, 2018*                              *Counsel for Plaintiff Michael E. Dean*

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion and Memorandum to Correct Clerical Error has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on October 4, 2018.

    /s/ Paul A. Dominick
Paul A. Dominick