# Exhibit A

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

## FULL AND FINAL RELEASE, SETTLEMENT, AND COVENANT NOT TO SUE

1.  Definitions: For purposes of this Full and Final Release, Settlement, and Covenant Not to Sue ("Release Agreement"), the following definitions shall apply, and in the case of defined nouns the singular shall include the plural and vice versa:

    a.  "Affiliate" means, with respect to any entity, any natural person or other entity that directly or indirectly, through one or more intermediaries, controls, or is controlled by, or is under common control with, such entity.

    b.  "BP Entities" shall mean BP p.l.c., BP America Production Co., BP Corporation North America Inc., BPXP, and any Affiliates, corporate parents, subsidiaries, predecessors, successors, indemnitors, subrogees, assigns, officers, directors, employees, agents, and representatives of any of the foregoing.

    c.  "BPXP" shall mean BP Exploration & Production Inc.

    d.  "Claimant" shall mean **Claimant ID #** ███████ individually, and the Claimant's Related Parties.

    e.  "Claimant's Related Parties" shall mean Claimant's Affiliates, corporate parents, subsidiaries, predecessors, successors, indemnitors, subrogees, assigns, officers, directors, employees, agents, representatives, trustees, insurers, reinsurers, heirs, beneficiaries, estates, executors, administrators, receivers, conservators, personal representatives, and any natural, legal, or juridical person or entity entitled or empowered to assert any claim on behalf of or in respect of Claimant, including if Claimant is a natural person any spouse of Claimant and if Claimant is a sole proprietorship any spouse of Claimant's proprietor.

    f.  "CSSP" shall mean the *Deepwater Horizon* Court Supervised Settlement Program established in MDL 2179 pursuant to the EPD Settlement Agreement.

    g.  "CSSP Claims" shall mean any claims filed in the CSSP regardless of the status of such claims or their disposition.

    h.  "*Deepwater Horizon* Incident" shall mean events, actions, inactions, and omissions leading up to and including the following: (i) all discharges of hydrocarbons or other substances from the Macondo Well, including discharges from, through, or into the *Deepwater Horizon* mobile offshore drilling unit (including its appurtenances), occurring on or after April 20, 2010, regardless of any subsequent movement of such hydrocarbons or other substances; (ii) the blow-out of the Macondo Well; (iii) the explosion and fire on the *Deepwater Horizon*; (iv) the sinking and/or loss of the *Deepwater Horizon*; (v) any and all containment efforts related to the Macondo Well; (vi) construction of relief wells related to the Macondo Well; (vii) any and all clean-up, remediation, removal, response, and/or

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

restoration efforts related to the foregoing, including but not limited to the Vessels of Opportunity program, the application of dispersants, and any diversion of fresh water; and (viii) operations of any claims facility related to the foregoing.

i.   "Economic Claims" shall mean any claim or cause of action related to economic loss, lost profits, lost earnings, lost income, property damage (including without limitation physical damage, diminished value, stigma, and lost or diminished sales or rentals), lost commissions, lost donations, lost contributions, lost grants, business interruption, breach of contract, loss of royalties, loss of subsistence use of natural resources, operating costs, or any other costs, losses, or damages, including without limitation any claim arising out of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702(b), state or federal common law, statute, or regulation, maritime law, tribal law, or any other applicable provision of law.

j.   "EPD Settlement Agreement" shall mean the Economic and Property Damages Settlement Agreement executed April 18, 2012 as amended May 2, 2012 and as approved by the United States District Court for the Eastern District of Louisiana on December 21, 2012 and upheld on judicial review by the United States Court of Appeals for the Fifth Circuit, which decision the U.S. Supreme Court declined to grant certiorari to review.

k.   "Macondo Well" shall mean: (i) Macondo Well 1 (including MC-252#1, Well No. 001ST00BP00, MC-252#1 ST1, Well No. 001ST00BP01), Macondo Well 2 (including MC-252#2, Well No. 003ST00BP00), and Macondo Well 3 (including MC-252#3, Well No. 002ST00BP00) within Block 252, Mississippi Canyon, OCS Official Protraction Diagram, NH 16-10 existing on or before October 5, 2015 (the date a consent decree between the United States, BPXP, *inter alia*, was lodged); (ii) the *Deepwater Horizon* and its appurtenances, including the riser from the *Deepwater Horizon*; (iii) a coffer dam used in the course of removal work conducted during the discharge of oil from Block 252 of the Mississippi Canyon that began April 20, 2010; (iv) "the Macondo Well" as defined in the United States' Complaint in MDL 2179; and (v) the eight aliquots within Block 252, Mississippi Canyon, OCS Official Protraction Diagram, NH 16-10.

l.   "MDL 2179" shall mean the multidistrict litigation pending before the United States District Court for the Eastern District of Louisiana, titled *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (MDL 2179), including any and all claims or causes of action or theories of loss or damage that have been filed within, referred to, or otherwise consolidated thereunder.

m.   "MDL 2185" shall mean the multidistrict litigation pending before the United States District Court for the Southern District of Texas, titled *In re: BP p.l.c. Securities Litigation* (MDL 2185), including any and all claims or causes of action or theories of loss or damage that have been filed within, referred to, or otherwise consolidated thereunder.

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

n. "Medical Claims" shall mean claims or causes of action that have been or could
have been brought in connection with (i) personal injury or bodily injury (including
disease, mental or physical pain or suffering, emotional or mental harm, or anguish
or loss of enjoyment of life), and any progression and/or exacerbation of personal
injury or bodily injury, where such injury, progression, and/or exacerbation in
whole or in part arose from, was due to, resulted from, or was related to, directly or
indirectly, the *Deepwater Horizon* Incident, or wrongful death and/or survival
actions as a result of such injury, progression, and/or exacerbation; (ii) loss of
support, services, consortium, companionship, society, or affection, or damage to
familial relations arising out of any personal injury or bodily injury (including
disease, mental or physical pain or suffering, emotional or mental harm, or anguish
or loss of enjoyment of life) to another person, and any progression and/or
exacerbation of personal injury or bodily injury to another person, where such
injury, progression, and/or exacerbation in whole or in part arose from, was due to,
resulted from, or was related to, directly or indirectly, the *Deepwater Horizon*
Incident, or wrongful death and/or survival actions as a result of such personal or
bodily injury; (iii) increased risk, possibility, or fear of suffering in the future from
any disease, injury, illness, emotional or mental harm, condition, or death, in whole
or in part arising out of, due to, resulting from, or relating in any way to, directly or
indirectly, the *Deepwater Horizon* Incident; and/or (iv) medical screening and
medical monitoring for undeveloped, unmanifested, and/or undiagnosed conditions
that may in whole or in part arise out of, result from, or relate to, directly or
indirectly, the *Deepwater Horizon* Incident.

o. "Moratoria" shall mean any federal or state governmental action or inaction
directed at offshore oil or gas industry activity, including shallow water and
deepwater operations, that occurred on or after April 20, 2010, including, but not
limited to, the federal moratoria on offshore permitting and drilling activities,
effective date May 30, 2010 (NTL No. 2010-N04), the increased safety measures
issued by the U.S. Department of the Interior, effective date June 8, 2010 (NTL No.
2010-N05), the information requirements issued by the U.S. Department of the
Interior, effective date June 18, 2010 (NTL No. 2010-N06), the federal deepwater
drilling suspensions on or about July 12, 2010, and any other new or revised safety
rules, regulations, inspections, permitting practices, restrictions, or suspensions.

p. "Released Claims" shall mean any and all claims or causes of action, whether in
law or in equity, known or unknown, direct or indirect, past, present, or future,
arising from or related to the *Deepwater Horizon* Incident, or arising from or related
to Moratoria. "Released Claims" includes but is not limited to (i) Economic Claims;
(ii) CSSP Claims; (iii) Medical Claims; (iv) claims filed with any BP Entity, the
Gulf Coast Claims Facility, the federal Oil Spill Liability Trust Fund, any state or
local spill fund, and any other claims facility or fund; (v) any claims that were or
could have been asserted by Claimant in MDL 2179, MDL 2185, or both; and (vi)
any claims, including without limitation claims for economic damages, punitive
damages, exemplary damages, liens, injunctive relief, or other liabilities, that were
or could have been asserted by Claimant in any proceeding. For the avoidance of
doubt, "Released Claims" includes any and all such claims or causes of action

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

regardless of the legal or equitable theory or nature under which they are based or advanced including (but not limited to) legal and/or equitable theories under any federal, state, local, tribal, administrative, or international law, and including (without limitation) statutory law, codal law, regulation, common law, or equity, and whether based in maritime law, strict liability, negligence, gross negligence, punitive damages, nuisance, trespass, or all other legal and equitable theories, whether existing now or arising in the future, arising from or in any way relating to the *Deepwater Horizon* Incident, or arising from or related to Moratoria. Additionally, "Released Claims" includes any claims based on any legal or equitable theories (as defined in the sentence immediately preceding this one) that were or could have been advanced in Case Number 17-30727 filed in the United States Court of Appeals for the Fifth Circuit and the MDL 2179 proceedings and CSSP Claims leading up to Case Number 17-30727. Notwithstanding the foregoing, "Released Claims" shall not include claims for punitive or exemplary damages against Transocean Inc., Transocean Holdings LLC, Transocean Ltd., Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., Triton Asset Leasing GmbH and all and any of their Affiliates other than any natural person or entity that is also an Affiliate of any of the Released Parties, and Halliburton Energy Services Inc. and all and any of its Affiliates other than any natural person or entity that is also an Affiliate of any of the Released Parties

q. "Released Parties" shall mean anyone who is or could be responsible or liable in any way for the *Deepwater Horizon* Incident, Moratoria, or any damages related thereto, including (but not limited to) those liable or asserted to be liable for the Released Claims, whether a natural, legal, or juridical person or entity or a government entity, including but not limited to (i) the BP Entities; (ii) contractors and subcontractors of the BP Entities; (iii) the parties listed on Attachment A hereto and any related parties indemnified by any BP Entity with respect to the *Deepwater Horizon* Incident and/or Moratoria; (iv) the Deepwater Horizon Oil Spill Trust dated August 6, 2010; (v) the federal Oil Spill Liability Trust Fund and any state or local fund; and (vi) for each of the foregoing, their respective Affiliates, corporate parents, subsidiaries, predecessors, successors, indemnitors, subrogees, assigns, officers, directors, employees, agents, representatives, trustees, insurers, reinsurers, heirs, beneficiaries, estates, executors, administrators, receivers, conservators, and personal representatives.

r. The verb "releases," "released," and its cognate forms shall mean all forms of acts or deeds to release, acquit, forever discharge, and covenant not to sue on any sort of claim.

2. In consideration of the payment of ▌▌▌▌▌▌ from BPXP (and any previous payments Claimant has received in respect of Released Claims), Claimant hereby releases and covenants not to sue BPXP, all other BP Entities, and all other Released Parties from and for any and all Released Claims that Claimant may have or purport to have.

-4-

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

3.    Claimant agrees and understands that the consideration granted in Paragraph 2 above
      constitutes full, complete, sufficient, and total satisfaction of all Released Claims against
      all Released Parties.

4.    Claimant shall not assert against any Released Party any Released Claim, whether known
      or unknown, whether present or future, whether direct or indirect, and whether legal or
      equitable, arising from or in any way relating to the *Deepwater Horizon* Incident or arising
      from or in any way relating to Moratoria.

5.    By executing this Release Agreement, Claimant warrants and understands that it is forever
      giving up and discharging, without any right of legal recourse whatsoever, any and all
      rights it has or may have to the Released Claims against the Released Parties. Claimant
      agrees that Claimant, and all other natural persons or entities claiming by, through, or on
      behalf of Claimant, including Claimant's Related Parties, will forever be barred and
      enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or
      consenting to any judicial, arbitral, or regulatory action against the BP Entities and/or any
      other Released Parties with respect to the Released Claims.

6.    Claimant further warrants and understands that it is forever giving up and discharging any
      rights it may have as to any costs, damages, causes of action, claims, or other relief
      (including attorneys' fees) arising from or related to the *Deepwater Horizon* Incident, or
      arising from or in any way relating to Moratoria, even if Claimant is not currently aware
      of such costs or damages and even if such costs or damages arise in the future (e.g.,
      additional oil impacts) or do not manifest themselves until some future date. Claimant
      expressly waives and releases with prejudice, and shall be deemed to have released and
      waived with prejudice, any and all rights that it may have under any law, codal law, statute,
      regulation, adjudication, quasi-adjudication, decision, administrative decision, common
      law principle, or other source of legal, equitable, regulatory, or other authority, that would
      otherwise limit the effect of this Release Agreement to those claims or matters actually
      known or suspected to exist at the time of execution of the Release Agreement.
      **CLAIMANT ACKNOWLEDGES THAT THIS CERTIFICATION IS
      CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.**

7.    To the extent that Claimant has retained, engaged, employed, or otherwise utilized a private
      attorney, accountant, expert, or other service provider to represent or otherwise assist
      Claimant in connection with a Released Claim, Claimant acknowledges and agrees that
      Claimant, and not the Released Parties, is solely responsible for any attorneys' fees and
      costs, accountants' fees and costs, experts' fees and costs, and other service providers' fees
      and costs. Claimant and Claimant's counsel hereby acknowledge and agree that the
      payment to be paid to Claimant pursuant to Paragraph 2 includes monies that fully and
      finally satisfy any and all fees and costs in respect to representation of or assistance to
      Claimant by any counsel, accountant, expert, or other service provider, whether current or
      former, including but not limited to any fees and costs asserted by lien or privilege, in
      connection with Released Claims and the rights of such counsel, accountant, expert, or
      other service provider to them that are being released by the Release Agreement.

-5-

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

8.   If Claimant commences, files, initiates, or institutes any new action or other proceeding for any Released Claim against any Released Party in any federal or state court, arbitral tribunal, or administrative or other forum, (a) such action or other proceeding shall be dismissed with prejudice and at Claimant's cost; provided, however, before any costs may be assessed, Claimant shall be given reasonable notice and an opportunity voluntarily to dismiss such new action or proceeding with prejudice; and (b) the respective Released Party shall be entitled to recover any and all related costs and expenses (including attorneys' fees) from any Claimant in violation or breach of its obligations under this Release Agreement.

9.   By executing this Release Agreement, Claimant acknowledges that it has consulted with an attorney of its own choosing prior to accepting any settlement payment or signing any release of legal rights and warrants that it has done so to its satisfaction prior to execution of this Release Agreement.   **CLAIMANT ACKNOWLEDGES THAT THIS CERTIFICATION OF CONSULTATION WITH ITS OWN COUNSEL IS CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.**

10.  By executing this Release Agreement, Claimant warrants that it has read and understood the terms of the Release Agreement and that it executes the Release Agreement voluntarily and without being pressured or influenced by, or relying on, any statement or representation made by any person acting on behalf of any BP Entity or other Released Party.

11.  In consideration of the benefits provided under this Release Agreement, all Released Claims by or on behalf of Claimant against any and all Released Parties shall be dismissed with prejudice in any lawsuit in which Claimant is a party. Within ten (10) days of the date of an order by the United States Court of Appeals for the Fifth Circuit remanding all claimant appeal portions of Fifth Circuit Case No. 17-30727 (not BP's appeal as consolidated as part of No. 17-30727) by both Claimant and BPXP, Claimant shall file or cause to be filed a motion to dismiss with prejudice of any and all litigation concerning any Released Claims filed by or on behalf of Claimant against the BP Entities or any other of the Released Parties, in the form specified in Attachment B. Within ten (10) days of the entry by the U.S. District Court for the Eastern District of Louisiana of a dismissal of the of the Released Claims at issue in the form specified as Attachment B, Claimant shall file or cause to be filed a notice of withdrawal with prejudice of all pending CSSP Claims, Medical Claims, and claims filed with any BP Entity, the Gulf Coast Claims Facility, the federal Oil Spill Liability Trust Fund, any state or local spill fund, and any other claims facility or fund, by or on behalf of Claimant (if any). Claimant also will withdraw from any existing class action and will not join any new class actions or similar procedural devices concerning the Released Claims. To enable the Parties to effectuate the dismissals referenced above and this settlement, the Parties agree to jointly file a motion to remand Claimant's appeal, currently consolidated as part of, Fifth Circuit Case Number 17-30727, to remand that appeal to return jurisdiction to the United States District Court for the Eastern District of Louisiana.

12.  As this Release Agreement is fully and completely resolving the Released Claims against the Released Parties, the BP Entities are hereby subrogated to any and all rights that

-6-

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

Claimant or any of Claimant's Related Parties have for Released Claims against the Released Parties. This Release Agreement is not intended to prevent any BP Entity from exercising its rights of contribution, subrogation, or indemnity under OPA or any other law.

13.     The payment to Claimant is made without any admission of liability or wrongdoing by BPXP, any other BP Entity, or any other Released Party, and is made purely by way of compromise and settlement.

14.     The United States District Court for the Eastern District of Louisiana will retain jurisdiction over this Release Agreement for the purposes of enforcement of the Release Agreement and any dispute(s) arising thereunder.  Claimant will request that the Court expressly reserve continuing and exclusive jurisdiction as stated in the Notice of Voluntary Dismissal(s) with Prejudice (Attachment B).

15.     Any and all disputes, cases, or controversies concerning this Release Agreement, including without limitation disputes concerning the interpretation or enforceability of this Release Agreement, shall be filed (a) in the United States District Court for the Eastern District of Louisiana accompanied by a legal request made on behalf of any complainant party (whether one or more of the Released Parties, the Claimant, any of the Claimant's Related Parties, or otherwise) for such dispute to be made part of MDL 2179, or (b) if, but only if, MDL 2179 has been terminated by the time any dispute concerning this Release Agreement is filed, in any United States District Court with venue. No action(s) concerning this Release Agreement shall be filed in any state court. Claimant and the Released Parties agree not to contest the existence of federal jurisdiction in MDL 2179 (or, if, but only if, MDL 2179 has been terminated by the time any dispute concerning this Release Agreement is filed, a United States District Court with venue).

16.     This Release Agreement constitutes the final, complete, and exclusive agreement and understanding between BPXP and Claimant and supersedes any and all other agreements, written or oral, between any BP Entity and Claimant with respect to such subject matter of this Release Agreement. This Release Agreement shall not be compared for any reason to any other form of release entered into between any parties as to claims arising out of the "*Deepwater Horizon* Incident."

17.     Neither Claimant nor BP shall make any public statement disparaging any BP Entity, Claimant, or Claimant Related Party with respect to this Release Agreement or the matters addressed herein.

18.     Payment shall be made according to the following instructions:

Tax ID (SSN or EIN):                      ██████████████

Payment Method (Check or Bank Wire):   ████████████

Mailing Address (for Check):

-7-

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

Mail To:                                   _____

Street Address:                            _____

City/State/Zip Code:                       _____

Wire Transfer Instructions (for Bank Wire):

Bank Name:                                 ██████████████

SWIFT/BIC Code (if applicable):            _____

Routing Transit Number:                    ██████████

Bank Street Address:                       ██████████████

Bank City/State/Zip Code                   ██████████████

Beneficiary Account Number:                █████████

Beneficiary Name:                          ██████████████████

19.   This Release Agreement shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the Released Parties.

20.   Claimant promises, agrees, acknowledges, represents, warrants, and covenants as follows: Claimant shall not assign or reassign, or attempt to assign or reassign, to any person or entity other than a BP Entity any rights or claims arising from or in any way related to the *Deepwater Horizon* Incident, or any rights or claims arising from or in any way related to Moratoria. Any such assignment or reassignment, or attempt to assign or reassign, to any natural person or entity other than a BP Entity shall be void, invalid, and of no force and effect.

21.   Claimant represents and warrants that Claimant's undersigned representative has authority to execute this Release Agreement on behalf of Claimant and Claimant's Related Parties, and undersigned counsel hereby states that he or she verifies and is of the opinion that Claimant's undersigned representative has authority to execute this Release Agreement on behalf of Claimant and Claimant's Related Parties. Claimant further represents and warrants that (a) it is the sole and lawful owner of all right, title, and interest in and to every Released Claim and every matter that it purports to release; it is has not sold, assigned, transferred, hypothecated, pledged, or encumbered, or otherwise disposed of, in whole or in part, voluntarily or involuntarily, any Released Claim or any interest in such Released Claims; and no other party has any lien, security interest, or other legal or equitable right, title, or interest in any Released Claim; and (b) it has not made an insurance claim or received any insurance proceeds for any business or property claim arising from or in any

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

way relating to any Released Claim. **CLAIMANT ACKNOWLEDGES THAT THIS CERTIFICATION COMPLIES WITH ANY REQUIREMENT TO EXPRESSLY STATE THAT LIABILITY FOR SUCH CLAIMS IS INDEMNIFIED AND THAT THIS CERTIFICATION IS CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.**

22.   If Claimant is a natural person who has a living spouse, such spouse must personally sign below. If Claimant is a sole proprietorship and the proprietor thereof has a living spouse, such spouse of such proprietor must personally sign below. If Claimant is jointly owned by natural persons married to one another, both such spouses must personally sign below. As to each signature referenced in this paragraph, an electronic signature is insufficient. By signing below, each spouse represents and warrants that such spouse intends to, and does, release all Released Claims against the Released Parties, including for the avoidance of doubt any marital interest in any Released Claim.

| Claimant: | |
|---|---|
| | **CLAIMANT ID** ██████ |
| Claimant Signatory/Title (if applicable): | ████████████████ |
| Signed: | |
| Printed Signatory Name: | |
| Date: | |
| **Law Firm Name:** | **MOTLEY RICE LLC** |
| Signed: | *John A. Baden IV* |
| Printed Counsel Name: | John A. Baden IV |
| Date: | 5/2/2018 |
| Spouse (if applicable): | N/A |
| Signed: | |
| Printed Spouse Name: | N/A |
| Date: | |

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

| **Related Parties** | N/A |
| --- | --- |
| **First Related Party:** | |
| Related Party Signatory/Title | |
| Signed: | |
| Printed Signatory Name: | |
| Date: | |
| **Second Related Party:** | N/A |
| Related Party Signatory/Title | |
| Signed: | |
| Printed Signatory Name: | |
| Date: | |
| **Third Related Party:** | N/A |
| Related Party Signatory/Title | |
| Signed: | |
| Printed Signatory Name: | |
| Date: | |

**Accepted by BPXP:**

By: _Maria Liovis_

Date: _June 29, 2019_

ATTACHMENT A

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

Attachment A

**Released Parties**

Abdon Callais Offshore, Inc.
Admiral Robert J Papp Jr.
Admiral Thad Allen
Admiral Towing, LLC
Aerotek, Inc.
Airborne Support, Inc.
Airborne Support International, Inc.
Alaska Clean Seas, Inc.
Alford Safety Services Inc.
Alford Services Inc.
Ameri-Force, Inc.
Ameri-Force Craft Services, Inc.
American Pollution Control Corporation
Anadarko E&P Company LP
Anadarko Exploration & Production LP
Anadarko Petroleum Company
Anadarko Petroleum Corporation
Apex Environmental Services, LLC
Art Catering, Inc.
Ashland Services, LLC
B&B Environmental Services, Inc.
Belle Chasse Marine Transportation, Inc.
BJ Services Company, USA
Blue Marlin Services of Acadiana, LLC
Bobby Lynn's Marina, Inc.
BP America Inc.
BP America Production Company
BP Company North America Inc.
BP Corporation North America Inc.
BP Energy Company
BP Exploration (Alaska) Inc.
BP Global Special Products (Americas) Inc.
BP Holdings North America Limited
BP Exploration & Production Inc.
BP p.l.c.
BP Products North America Inc.
BP International Ltd.
BP Corporation North America Inc. Savings Plan Investment Oversight Committee
Brett Cocales
Brian Morel
Cabildo Services, LLC
Cabildo Staffing, LLC

-1-

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

Cahaba Disaster Recovery LLC
Cal Dive International, Inc.
Cameron Corporation
Cameron International Corporation
Cameron International Corporation f/k/a Cooper Cameron Corporation
Cameron International Corporation d/b/a/ Cameron Systems Corporation
Center for Toxicology and Environmental Health L.L.C.
Chill Boats L.L.C.
Chouest Shorebase Services, LLC
Clean Harbors, Inc.
Clean Tank LLC
Clean Tank Inc.
Core Industries, Inc.
Core 4 Kebawk, LLC
Court Supervised Settlement Program in MDL 2179 and its Administrators, Employees, and
Agents
Crossmar, Inc.
Crowder/Gulf Joint Venture
Crowder Gulf Disaster Recovery
Danos and Curole Marine Contractors, LLC
Danos & Curole Staffing, L.L.C.
David Sims
Deepwater Horizon Oil Spill Trust, established under Delaware law in accordance with the trust
agreement titled, "Deepwater Horizon Oil Spill Trust" dated August 6, 2010, and entered into
among BP Exploration & Production Inc.; John S. Martin, Jr. and Kent D. Syverud, as individual
trustees; and Citigroup Trust-Delaware, N.A., as corporate trustee
Det Norske Veritas (DNV)
Diamond Offshore Company
DOF Subsea USA, Inc.
Don J. Vidrine
DRC Emergency Services, LLC
DRC Marine, LLC
DRC Recovery Services, LLC
Dril-Quip, Inc.
Dynamic Aviation Group, Inc.
Eagle Construction & Environmental Services, LLC a/k/a SWS Environmental, LLC f/k/a Eagle
SWS
Eastern Research Group, Inc.
Environmental Standards, Inc.
Environmental Safety & Health Consulting Services
Environmental Safety & Health Environmental Services
ES&H, Inc.
ESIS, Inc.
Exponent, Inc.
Faucheaux Brothers Airboat Services, Inc.

-2-

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

Federal Oil Spill Liability Trust Fund and any state or local fund
Kenneth Feinberg
Feinberg Rozen LLP
Fluor Corporation
Global Diving & Salvage, Inc.
Global Employment Services, Inc.
Global Fabrication, LLC
Global Marine International, Inc.
Graham Gulf Inc.
Grand Isle Shipyard Inc.
Gregg Walz
Guilbeau Marine, Inc.
Guilbeau Boat Rentals, LLC
Gulfmark Offshore, Inc.
Gulf Coast Claims Facility, Administrators, Employees, and Agents
Gulf Offshore Logistics, LLC
Gulf Offshore Logistics International, LLC
Gulf Services Industrial, LLC
Halliburton Company
Halliburton Energy Services, Inc.
HEPACO, Inc.
Hilcorp Energy Company
Hyundai Heavy Industries Co. Ltd, Inc.
Hyundai Motor Company
I-Transit Response, L.L.C
International Air Response, Inc.
Island Ventures II, LLC
JMN Specialties, Inc.
JNB Operating LLC
John Guide
K & K Marine, LLC
LLOG Exploration Offshore, L.L.C.
LLOG Bluewater, L.L.C.
LLOG Bluewater Holdings, L.L.C.
LaBorde Marine Services, LLC
Lane Aviation
Lawson Environmental Service LLC
Lawson Environmental Service & Response Company
Lee Lambert
Lloyd's Syndicate 1036 and other Lloyd's Syndicates named as defendants in MDL 2179
Lord Edmund John Browne
Lynden Air Cargo, LLC
Lynden, Inc.
Maco of Louisiana, LLC
Maco Services, Inc.

-3-

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

Marine Spill Response Corporation
Mark Bly
Mark Hafle
M-I L.L.C.
M-I Drilling Fluids L.L.C.
M-I Swaco
Miller Environmental Group, Inc.
Ministry of Economy, Trade and Industry of the Government of Japan
Mitchell Marine
Mitsui & Co. (USA), Inc.
Mitsui & Co. Ltd.
Mitsui Oil Exploration Co. Ltd.
ModuSpec USA, Inc.
Monica Ann LLC
Moran Environmental Recovery, LLC
MOEX Offshore 2007 LLC
MOEX USA Corporation
M/V Monica Ann
M/V Pat Tilman
M/V Damon B. Bankston
M/V Max Chouest
M/V Ocean Interventions
M/V C. Express
M/V Capt. David
M/V Joe Griffin
M/V Mr. Sidney
M/V Hilda Lab
M/V Premier Explorer
M/V Sailfish
M/V Seacor Washington
M/V Emerald Coast
M/V Admiral Lee
M/V Seacor Vanguard
M/V Whuppa Snappa
Nalco Energy Services, LP
Nalco Holding Company
Nalco Finance Holdings LLC
Nalco Finance Holdings Inc.
Nalco Holdings LLC
Nalco Company
National Response Corporation
Nature's Way Marine, LLC
Nautical Ventures, LLC
Nautical Solutions, LLC
O'Brien's Response Management, Inc

-4-

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

O'Brien's Response Management, LLC
Ocean Runner, Inc.
Ocean Therapy Solutions, LLC
Oceaneering International, Inc.
Odyssea Marine, Inc.
Offshore Cleaning Systems L.L.C.
Offshore Service Vessels, LLC
Offshore Inland Marine & Oilfield Services, Inc.
Oil Recovery Company, Inc. of Alabama
Oilfield Marine Contractors, LLC
ORM Holdings Inc.
ORM Holdings II LLC
Parsons Commercial Services Inc.
Parsons Commercial Technology Group, Inc.
Parsons Services Company
Parsons Facility Services Company
Parsons Corporation
Patriot Environmental Services Incorporated
Peneton Company
Perennial Contractors, LLC
Peneton Corporation
Production Services Network U.S., Inc.
QBE Marine & Energy Syndicate 1036
QBE Underwriting Ltd.
Quality Container, Inc.
Quality Energy Services, Inc.
Ranger Offshore, Inc.
Reel Pipe, LLC
Resolve Marine Services, Inc.
Robert Kaluza
Ronald W. Sepulvado
Schlumberger, Ltd.
Seacor Holdings Inc.
Seacor Marine, LLC
Seacor Marine, Inc.
Seacor Marine Holdings Inc.
Seacor Marine International, Inc.
Seacor Offshore LLC
Seacor Worldwide, Inc.
Sealion Shipping LTD
Sea Support Services, L.L.C.
Sea Tow of South Miss, Inc.
Seafairer Boat, LLC
Shamrock Management LLC et al.
Shoreline Services, LLC

CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO PTO NO. 38 AND FRE 408.

Siemens Financial, Inc.
Shoreline Construction, LLC
Smith Marine, Inc.
Southern Cat, Inc.
Southern Environmental of Louisiana, LLC
Sperry Drilling Services f/k/a Sperry Sun Drilling Services
Stallion Offshore Quarters, Inc.
Subsea 7 LLC
Tamara's Group, LLC
Team Labor Force, LLC
Technical Marine Maintenance Services, L.L.C.
The Modern Group, Ltd.
The Modern Group GP-SUB, Inc.
The O'Brien Group, LLC
The Response Group, Inc.
Tiburon Divers, Inc.
Tidewater, Inc.
Tidewater Marine LLC
Tiger Rentals, Ltd.
Tiger Safety, LLC
Toisa Limited
Total Safety U.S., Inc.
Transocean Deepwater Inc.
Transocean Holdings LLC
Transocean Inc.
Transocean Ltd.
Transocean Offshore Deepwater Drilling Inc.
Triton Asset Leasing GmbH
Twenty Grand Offshore, LLC
Twenty Grand Marine Service, LLC
Twenty Grand Offshore Inc.
USES/Construct Corps
United States Environmental Services, LLC
United States Maritime Services, Inc.
Viscardi Industrial Services, LLC
Weatherford International Ltd.
Weatherford U.S. L.P.
Witt O'Brien's LLC
Wood Group Production Services, Inc.
Worley Catastrophe Services, LLC
Worley Catastrophe Response, LLC