**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | Civil Action No. 2:10-MD-02179 |
| | SECTION: J(2) |
| Applies to: | |
| Civil Action No. 2:17-cv-03415 | JUDGE CARL BARBIER |
| James Collier v. BP Exploration & Production, Inc. et. al. | MAG. JUDGE WILKINSON |

## REPLY OF PLAINTIFF JAMES COLLIER TO BP'S OBJECTIONS TO PLAINTIFF'S PTO 66 SHOW CAUSE SUBMISSION

Plaintiff James Collier ("Plaintiff"), through his undersigned attorneys, replies to Defendant BP's Objections and Responses to Plaintiffs' Pretrial Order No. 66 ("PTO 66") Show Cause Submissions, dated October 25, 2018, as follows:

Plaintiff James Collier asks that this Court, under Rule 60(b) of the Federal Rules of Civil Procedure, allow Plaintiff to amend his Particularized Statement of Claim ("PSOC") pursuant to Pretrial Order Number 66 to correct a previously overlooked scrivener's error in erroneously answering Question 9 in the affirmative.  Plaintiff also restates his argument and belief that the Plaintiffs identified by "Garretson Resolution Group" ("GRG") as being part of the MSA were erroneously identified by GRG's use of an outdated PTO No. 63 compliant list.

## BACKGROUND

On February 2, 2017, the Court issued PTO No. 63 which required the filing of individual complaints and the submission of a sworn statement.  A full, updated list of all PTO No. 63-compliant Plaintiffs is filed in this case as ECF No. 24268-1.  Plaintiff was noted by BP as non-

compliant with the requirements of PTO 63 and was noted as such on this Court's order as non-compliant with Pretrial Order No. 63, dated July 18, 2017.

Plaintiff filed a Motion for Reconsideration concerning whether or not Plaintiff was compliant with PTO 63 (ECF No. 23150).  This Court deemed Plaintiff to be compliant with the requirements of PTO 63 in its Order, dated December 6, 2017 (ECF No. 23735).  This list of PTO 63 compliant plaintiffs are the only plaintiffs left who have properly opted out of the settlement, filed their own individual lawsuit, and have properly asserted claims against BP.  Plaintiff Collier is one of those properly-opted out plaintiffs, according to the Court's own order in PTO 63.

Plaintiff's counsel, through an unfortunate and inadvertent error, answered Question 9 on the PSOC ("Did BP, a government, entity, or another company or entity hire you to perform cleanup work in response to the oil spill?") as yes, when the true, factual response is "no."  Plaintiff was hired by Oceaneering International to operate a crane on the Nakika Platform from July 22nd to July 30th of 2010 and again from August 11th to August 20th of 2010.  Plaintiff was not, in fact, a cleanup worker.  Out of a desire to provide as much detail as possible to BP regarding Plaintiff's claim, Plaintiff's counsel answered Questions 10 through 13 as if he were a "cleanup worker" under the meaning in the MSA.  However, Plaintiff was **not** a cleanup worker by any means, and thus was never properly a class member under the settlement.

This Court issued a Rule to Show Cause to Plaintiff on September 20, 2018, requiring that he show cause as to why his claim should not be dismissed due to his being what Defendant BP wrongly categorized him as a "GRG Confirmed Class Member."  In its showing to the Court, upon information and belief, BP did not identify any specific reason why it believed that Plaintiff Collier was a confirmed class member under the MSA, other than that the Garretson Group confirmed this status.  Thus, without any knowledge of this scrivener's error in Plaintiff's PSOC

Question 9, Plaintiff filed a response on October 10, 2018, ECF No. 24970, showing cause as to why he was not, in fact, a class member.

In Plaintiff's Motion to Reconsider this Court's dismissal of his claim under PTO 63, Plaintiff asserted, correctly, that he was not a member of the medical settlement class. This Court agreed, and deemed Plaintiff compliant with PTO 63, as stated above. Defendants are now attempting to have his case dismissed simply because of a scrivener's error in his PSOC, which was not brought to Plaintiff's attention until BP's objection to his response to the Rule to Show Cause. Plaintiff has been steadfast in his allegations that he is not, and has never been, a class member under the MSA. All of Plaintiff's pleadings to this court, aside from the obvious drafting error in his PSOC, have maintained that he is not a class member, and this Court agreed in its supplemental Order listing the plaintiffs compliant with PTO 63.

## **ARGUMENT**

Plaintiff requests that this Court allow Plaintiff to correct the scrivener's error in Question 9 of his PSOC and that the Court thus deem him in compliance with PTO 66. First, Plaintiff's error is immaterial because this Court has already accepted him as a proper B3 Plaintiff who was not a member of the class in the MSA. Such a pedantic technical error cannot qualify as meeting the standard of "materially deficient" in response, nor can it qualify as a bar to Plaintiff's legitimate lawsuit. Second, the Court is empowered to allow amendments to filings due to excusable negligence, inadvertence, or mistake. Under these circumstances, justice requires the Court to allow Plaintiff Collier to amend his PSOC to reflect that he is not, and never has been, a class member under the MSA.

Rule 60(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in

> a judgment, order, or other part of the record. The court may
> do so on motion or on its own, with or without notice."

This is clearly a situation where the Court should allow the "clerical mistake or a mistake arising from oversight or remission" in a "part of the record" to be corrected.

Furthermore, it has been plainly articulated that an inadvertent mistake, or excusable neglect, on the part of counsel should not warrant such extreme punishment for a party. "[P]arties should not be punished for their counsel's neglect except in extreme and unusual circumstances. Dismissal of a complaint with prejudice is a drastic remedy." *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974) (citing *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971) (holding that dismissal with prejudice should only be upheld after the trial court has resorted to "the wide range of lesser sanctions which it may impose.")). "[J]ustice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). Plaintiff does not deserve to have his claim, which has been stayed for years, dismissed with prejudice due to an inadvertent clerical error on the part of his attorney in responding to a one-sided questionnaire designed to provide heavily-detailed claim information to opposing counsel.

Dismissal with prejudice of Plaintiff's claim due to such an unintentional error would cause undue harm and grave injustice to Plaintiff, who has remained steadfast in his allegations and suffering throughout the eight years since the Gulf Oil Spill. Plaintiff has completed all of the requirements the Court has imposed upon him thus far, and through his amended response, has shown proper cause to avoid any dismissals from this Court.

## CONCLUSION

Thus far, Plaintiff has completed the requirements the Court has imposed upon him, and has shown proper cause to avoid dismissal of his case. Considering the above, it would be a grave

4

injustice for the Court to dismiss Plaintiff's claim.  Accordingly, the Court should find Plaintiff to be in compliance with PTO 66.

Respectfully Submitted,

 /s/ Paul A. Dominick

Paul A. Dominick        Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

And

Douglas M. Schmidt    Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

Dated:   October 26, 2018          *Counsel for Plaintiff, James Collier*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **Reply of Plaintiff James Collier to BP's Objections to Plaintiffs' PTO 66 Show Cause Submissions** has been served on all counsel by electronically uploading the same to File & Serve Xpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179 on October 26, 2018.

/s/ Paul A. Dominick

Paul A. Dominick