IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUSIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO 2179 |
| DEEPWATER HORIZON, IN THE | § | |
| GULF OF MEXICO | § | SECTION J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| | § | |
| | § | |
| | § | MAG. JUDGE WILKINSON |

## MEMORANDUM TO SUPPORT MOTION TO ENFORCE SETTLEMENT AGREEMENT ON BEHALF OF CLAIMANT 100256029

CLAIMANT 100256029 respectfully moves this Court to enforce the agreed terms of the two [1] Eligibility Notices and Full and Final Release, Settlement and Covenant Not to Sue "Releases" fully executed in the above referenced case. In support, Claimant 100256029 states as follows.

### INTRODUCTION

Claimant has not received fair and due process in relation to the settlement and payment of the claims at issue, and respectfully requests that this Court consider the issues at hand. Claimant, after years of review and analysis in the DHECC program, – and three years after the deadline to file opt outs – received notices of eligibility under two claim ids. The claims were unilaterally closed with no chance of appeal or review over 60 days after that notice. Such closure was more than 30 days after Claimant 100256029 signed and returned fully executed releases. Claimant respectfully prays the Court will review the inequitable situation, and issue payment.

### FACTUAL BACKGROUND

---

[1] Claim Ids 360133 and 279653.

1

First, it is important to note that Claimant 100256029 did not opt out of the DHECC settlement program. See Exhibit A.  Instead, Claimant, at all times, fully cooperated and participated in the DHECC claims program by registering, filing claims, submitting documents, appealing and submitting releases once a determination of payment was made, and at all times the DHECC acted in the same manner.  See Exhibit B.

Claimant 100256029 registered with the Deepwater Horizon Claims Center ("DHECC") on October 17, 2013.  Claimant 100256029 filed two BEL claims which were finalized on January 2, 2014, on behalf of both of the businesses filed under her individual tax return as two separate Schedule C entities. The claims were fully reviewed by the DHECC during 2013 to 2016.  Taxpayer identification was verified on April 29, 2014; May 27, 2014; April 23, 2015; July 30, 2015; August 3, 2015. Incompleteness notices were issued on the under separate Claim Id numbers, including 360133 and 279653: August 24, 2015, November 19, 2015; December 14, 2015, December 21, 2015; and April 13, 2016. Ultimately, after extensive DHECC review, two Notices of Eligibility were issued on October 4, 2016, and Claimant accepted same and gave up rights to appeal.

The deadline for re-review or reconsideration was November 2, 2016, and Claimant did not appeal. Claimant submitted two fully executed and signed releases. See Exhibits C and D. No appeal was filed by BP. See Exhibit E. No notice of appeal was provided to Claimant after the Release was submitted and received by DHECC on November 3, 2016.  More than thirty days later, the DHECC unilaterally closed the claim and never issued payment.  Exhibit E. Notice of closure was issued with no rights to appeal.  Efforts to reach out to the Appeals Panel, Law Firm Liaison, and Appeals Administrator were unsuccessful and a Request for Discretionary Review was formally filed. See Exhibit F.  Claimant reached out directly to BP.

See Exhibit G. Ultimately, it was recommended that out of an abundance of caution that a Request to Revoke the Out be filed.  On November 2, 2017, BP denied that request but incorrectly named the claimant showing the continued misunderstanding. BP denied "Liz Sells the Beaches, Inc. dba Lizard Barrett Beach Bungalows Realty; Lizard Realty. See Exhibit H. There is no such claimant. Claimant 100256029 never requested that Liz Sells the Beaches, Inc. be revoked. The names listed are not the "doing business as" names of the corporation. There are <u>three</u> separate tax filings for properties. Claimant now seeks a determination from this Court regarding the status of Claimant 100256029, and seeks to enforce the releases.[2]  Liz Sells the Beaches, is clearly identified as 100010545, and ONLY this Claimant submitted the Opt out on November 1, 2012, and did not seek to revoke its opt out. See Exhibit I. For these reasons, the Court must review the three separate claims, and not apply the opt out submitted ONLY ON CLAIMANT 100010545.

## **ANALYSIS**

Claimant respectfully requests assistance from this Court.  This Court issued its Order and Reasons on December 21, 2012, Rec. Doc. 8138 granting approval as fair, reasonable and adequate the Economic and Property Damages Settlement Agreement as Amended on May 2, 2012, including all amendments ("Settlement Agreement").  According to the Order, the Court also retained continuing jurisdiction over the members to interpret, implement, administer and enforce the Settlement Agreement.  BP and the DHECC alleged the Claimant is not a Class Member and entitled to recover under the Settlement Agreement, thus applicability is at issue. Claimant 100256029 asserts that she did not opt out and is a Class Member and there are no actions to support otherwise. Claimant turns to the Court for clarification and to request payment.

---

[2] Please note: Claimant filed a breach of contract in Houston, Texas out of an abundance of caution and due to the statue of limitations.  The parties have agreed to stay the action pending this determination.

The dispute turns on whether Claimant 100256029 opted out of the Settlement Agreement. The answer is clear. The opt out which the DHECC relies up specifically states that the Opt Out at issue related **only to the above-referenced claimant – Claimant 100010545 Liz Sells The Beaches, Inc.** See Exhibit I. Claimant 100256029 did not opt out, and all actions from 2012 to current confirm this position. See Exhibit A.  To take a document from another case and apply to an unrelated case, is inequitable and unjust under all circumstances.  See Exhibit A. To do so, three years after submittal of Claimant 100010545's opt out is egregious.

It should be noted that the list of Opts out was filed under seal November 21, 2012, per Appendix B-1 to the Court's December 12, 2012 Order.  Undersigned does not have access to the list and was unable to reconcile in 2012, and request the Court's review to determine if Claimant 100256029 is identified.  Counsel requested disclosure from the Law Firm Liaison in order to reconcile in 2012, and the DHECC could not comply. Counsel for Claimant ultimately received "Opt Out Notices" but – as expected- did not receive an opt out notice for Claimant100256029.  Claimant continued for years in the DHECC review process.

The confusion in this case is that Claimant had a related claim – Liz Sells the Beaches, Inc. ("Claimant 100010545") but that claim had a separate identification number and is a separate legal entity. Liz Sells the Beaches, Inc. did not have monthly profit and loss statements at the time the decision was to be made regarding the opt out.  See Exhibit A. Eligibility could not be verified and the decision was made to opt out Liz Sells the Beaches, Inc. which was a separate corporate entity and clearly identified as Claimant 100010545.  The DHECC would not have considered the claimants as one due to the separate tax returns, and the Court should not do so under the consideration of the Opt Out.

Claimant, for equitable reasons, requests that the Court review this dispute and confirm (1) Claimant 100256029 did not submit an opt out and the releases should be paid; and/or (2) both the DHECC and BP waived any right to appeal, and payment should be issued.

### CONCLUSION

This motion seeks to enforce terms of the fully executed settlement releases. This request is based not only on bedrock principles of contract law, but also express terms of the executed Release itself. Claimant ask this Court to enforce the clear terms of the Release and allow the Claims Administrator to pay the claims referenced in the applicable Release in Exhibits C and D and under the terms that existed when it was executed.

Respectfully submitted,

THE BUZBEE LAW FIRM

By: /S/ Caroline Adams
Anthony G. Buzbee (TA)
State Bar No. 24001820
S.D. Tex. I.D. No. 22679
Caroline E. Adams
State Bar No. 24011198
S.D. Tex. I.D. No. 27655
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing motion and attached memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this October 29, 2018.

                                                      */S/ Caroline Adams*
                                                      Caroline E. Adams