IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUSIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO 2179 |
| DEEPWATER HORIZON, IN THE | § | |
| GULF OF MEXICO | § | SECTION J |
| ON APRIL 20, 2010 | § | JUDGE BARBIER |
| | § | |
| | § | MAG. JUDGE WILKINSON |

## DECLARATION OF CAROLINE E. ADAMS

1. My name is Caroline E. Adams. I am over the age of twenty-one, am fully competent to make this affidavit, have personal knowledge of the facts and statements in this affidavit, and each of the facts and statements are true and correct.

2. I represent Claimant 100256029 who is an individual with two businesses related to condominium rentals and management on behalf of her own properties.

3. After fully reviewing her file and obtaining a damage analysis, I recommended that this Claimant 100256029 participate in the DHECC settlement program. As a result, I informed her that she did not need to sign and return an opt-out.

4. The same individual, Ms. Barrett is also a member of Liz Sells the Beaches, Inc., is identified as Claimant 100010545. Claimant 100010545 is a separate corporate entity and has its own Employer Identification Number issued by the federal government. The business conducted is different as it only manages third property rentals. This entity files its own tax returns. I recommended that this entity submit an opt-out because the entity did not have monthly profit and loss statements and eligibility could not be confirmed in the DHECC program.

5. The underlying member completed an opt out on behalf of Liz Sells the Beaches, Inc. but included her personal information solely to identify who was signing the Opt Out. To avoid any confusion, and to identify the applicable Claimant, I included a cover sheet with the return of the

EXHIBIT A

Opt Out so that Court, BP and DHECC would know that the Opt out was <u>solely and only for Liz Sells the Beaches Inc</u>. and identified as Claimant 100010545.

6. It appears that the DHECC knew that they were separate and I specifically confirmed that they were separate. In fact, on September 18, 2015, DHECC Liaison specifically contacted me regarding the relationship and an explanation was given regarding the three businesses. At this time, no opt out notice was given related to Claimant 100256029 and there were no actions by either party that the claim was opted out. At all times, the DHECC actively reviewed these claims, and confirmed eligibility in the program. Claimant 100256029 did not opt out. Payment of this claim should be made.

7. Due to the multitude of mailings to the clients and the misunderstandings, I requested a copy of the Opt Outs received by DHECC. A list was not provided in 2012, and the names were filed under seal. I have never received any list showing that the DHECC considered Claimant 100256029 an opt-out. The status was never in question as the claim proceeded in review with the DHECC and no Opt-Out Notice was received. After numerous incompleteness notices, conversations with analysts, supplementations of the record, and denials, two notices of eligibility were received. Claimant accepted. There is no record of any objection or notice of appeal filed by BP. Claimant did not appeal. BP did not appeal.

8. The DHECC would not have paid these three "claims" as one claim. They would have been issued three separate Claim Ids or Claimant Numbers. Here, there was two Claimant numbers covering three separate claims. To now, treat the three claims as one solely for the purpose of Opt Out is inequitable and unjust. Claimants 100256029 and 100010545 have different tax returns and different Claim numbers and should not be collapsed into one for purposes of opt out.

_[signature]_
Caroline E. Adams

SUBSCRIBED AND SWORN TO ME BEFORE ON October 29, 2018.

_[signature]_
Notary Public In and For the
State of Texas

**JESSE RUBIO**
Notary Public, State of Texas
Comm. Expires 04-08-2020
Notary ID 130612782