UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:** | **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL 2179**<br><br>**SECTION "J"** |
| | **This Document Relates To:** | |
| | *No. 15-4143, 15-4146 & 15-4654* | **District Judge Carl J. Barbier**<br><br>**Chief Magistrate Judge Joseph C. Wilkinson, Jr.** |

### MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF DISTRIBUTION OF THE ASSIGNED CLAIMS PORTION OF THE HALLIBURTON ENERGY SERVICES, INC. AND TRANSOCEAN LTD. SETTLEMENT AGREEMENTS

Patrick A. Juneau (the "Old Class Claims Administrator"), Claims Administrator of the Assigned Claims portion of the Halliburton Energy Services, Inc. ("HESI") Punitive Damages and Assigned Claims Settlement Agreement, Amended as of September 2, 2015 (Rec. Doc. 15322), and of the Assigned Claims portion of the Transocean Punitive Damages and Assigned Claims Settlement Agreement (Rec. Doc. 14644) (collectively, the "Settlement Agreements"), hereby submits this memorandum in support of his motion for approval of distribution of the Assigned Claims portions of the HESI and Transocean Settlement Agreements.

I.   BACKGROUND

On February 15, 2017, the District Court granted final approval to the Settlement Agreements (Rec. Doc. 22253). The District Court ordered that the Settlement Agreements, as they relate to the Assigned Claims portions, would be administered and implemented by the Old Class Claims Administrator through the existing DHEPDS Class structure for Assigned Claims

(Rec. Doc. 22252). Further, the District Court approved the Old Class Claims Administrator's Distribution Model for allocating the Assigned Claims portions of the Settlement Funds (the "Old Class Distribution Model") (Rec. Doc. 18796). The Old Class Distribution Model generally provided that, following the payment of reasonable and necessary administrative costs and expenses and withholding of appropriate reserve for estimated future expenses and contingencies, the Assigned Claims portion would be distributed to DHEPDS Class Members, with some exceptions, on a *pro rata* basis relative to the total payments issued under the DHEPDS[1], with certain minimum and maximum payment limits.

On December 10, 2015, the Allocation Neutral allocated the Settlement Funds between the New Class and the DHEPDS Class (the "Old Class") pursuant to Section 6 of the Settlement Agreements, allocating 72.8%, or $902,083,250, for Punitive Damages to the New Class (the "New Class Portion"), and 27.2%, or $337,666,750, for Assigned Claims to the Old Class (the "Old Class Portion") (Rec. Doc. 15653).

The current, estimated available balance of the Old Class Portion is $370,369,020.24 plus interest. The calculation to reach this figure is explained further in paragraph 28 of the Declaration of Michelle M. La Count, attached hereto as Exhibit 1 and referenced herein as the "La Count Decl."

For the reasons set forth below, the Old Class Claims Administrator recommends distributing the Old Class Portion in two phases: (i) an estimated $349,900,217.46, to be distributed as soon as practicable after approval by the Court and the running of the applicable

---

[1] In its Order approving the Old Class Distribution Model, the District Court also clarified that "In light of the process initiated by the Court-appointed Neutrals ('the Neutrals') in resolving various outstanding issues related to MDL 2179, the Court will consider a payment made pursuant to the Neutrals' process to be an 'amount paid to [a] claimant by the DHEPDS Court-Supervised Settlement Program' for purposes of the DHEPDS Class Distribution Model so long as that payment was related to a claim which at the time of settlement and withdrawal had not been fully and finally determined by the Settlement Program (i.e., all opportunities for Re-Review, Reconsideration and/or Appeal to the extent permissible had not been exhausted) and thus remained subject to the CSSP claims process." (Rec. Doc 22252 at p. 9).

appeal period, and (2) the remaining $24,750,000.00 on a rolling basis as the claims for which this amount was reserved have final determinations allowing for payment (La Count Decl., ¶ 29). Based thereon, the Old Class Claims Administrator recommends funding the HESI-Transocean Assigned Claims Comingled Distribution account established by the Settlement Administrator on behalf of the Old Class Claims Administrator for the purpose of making distributions to the Old Class with 27.2366808% of the proceeds from the HESI and Transocean Settlement Funds currently held in escrow (La Count Decl., ¶ 34(c)).

## II.    CLAIMS ADMINISTRATION PROCESS

The Old Class Claims Administrator engaged GCG to assist in the administration of the Settlement Agreements and in the implementation of the Old Class Distribution Model. GCG was also authorized to act as the Class Notice Administrator in connection with the Settlement Agreements. GCG's efforts are summarized in the La Count Declaration.

Considerable time, effort, and expense have already been incurred by the Deepwater Horizon Economic and Property Damages Settlement ("DHEPDS") Court Supervised Settlement Program ("CSSP") in reviewing and evaluating claims that also fit within the definition of the Assigned Claims for the Old Class. The terms of the DHEPDS Agreement have previously been reviewed by both the District Court and the U.S. Fifth Circuit and were found to be fair and equitable. Processing of claims within the CSSP has also been accompanied by extensive due process rights, including several iterations of review by the claims processors as well as appeal rights to an independent appeals panel, the District Court, and even the U.S. Fifth Circuit.

The Old Class Distribution Model therefore sought to leverage claim determinations made under the DHEPDS Agreement to take advantage of the extensive efforts and due process already expended under that program to avoid significant duplication of time and expense,

savings of which all work to the benefit of the Old Class. In this way, no Old Class Members were required to file additional claim or registration forms or submit any additional supporting documentation, and no additional claim form review was necessary to determine eligibility or payment amount. Rather, the final payment information from the CSSP was used in determining Assigned Claims payment amounts due under the Settlement Agreements[2].

While no claim intake or claim review was necessary under this approach, substantial data compilation, transfer, and analysis was required to ensure that the underlying information forming the basis of the distribution of the Old Class Portion was accurate and complete. First, claim status and payment information had to be transferred from the CSSP to the HESI/Transocean Distribution Database (the "Database") (La Count Decl., ¶ 8). The Database then had to be appended with information received from the Court-Appointed Neutrals (the "Neutrals") regarding payments made pursuant to the Neutrals' process; however, claims that had been fully and finally resolved with the CSSP as of the Neutrals' settlements and claims associated with non-DHEPDS Class Members (*e.g.*, excluded individuals/entities, opt outs) were omitted from this append to the Database (La Count Decl., ¶ 9, 10). The Database will also be "scrubbed" for potentially fraudulent filers and for potential payees to whom payment is restricted by OFAC regulations (La Count Decl., ¶ 21, 22).

### III. OLD CLASS DISTRIBUTION MODEL AND PAYMENTS

As per the Old Class Distribution Model approved by the District Court, all eligible DHEPDS Class Members who received a payment from the CSSP will receive a minimum payment of $100.00 in the Old Class distribution, with payments to Old Class Members limited

---

[2] By utilizing this efficient and effective approach, the Old Class Claims Administrator will complete the notification phase, claims data transfer, claims data analysis, adjustments pursuant to the Old Class Distribution Model, and the distribution to the Old Class at a total cost of under $2.4 million. This is just over one-third of the interest earned on the Old Class Proceeds, thus making 100% of the Old Class Proceeds plus nearly two-thirds of the interest earned available for distribution to the Old Class (La Count Decl., ¶ 29).

to a maximum of $150,000.00, subject to the adjustments below and described in greater detail in paragraphs 8 - 22 of the La Count Declaration.

Several payments technically issued by the CSSP will not be included in the Old Class distribution, either explicitly pursuant to the Old Class Distribution Model or by their very nature. For example, if a claimant was paid under the CSSP but later refunded or clawed back pursuant to Court Order, then that CSSP claimant will not be included in the Old Class distribution (La Count Decl., ¶ 12). Refunded appeal fees and 6% payments will also not be included in the Old Class distribution, because those payments were not based in any underlying CSSP claim determination (La Count Decl., ¶ 13). Payments made to DHEPDS claimants that were subsequently determined to be excluded parties under the DHEPDS Agreement or that had opted out of the DHEPDS Agreement will not be included in the Old Class distribution because those individuals and entities are not DHEPDS Class Members (La Count Decl., ¶ 15). Additionally, any individuals or entities that opted out of the HESI and Transocean Settlement Agreements were excluded (La Count Decl., ¶ 16).

On the other hand, increases or decreases in CSSP payments because of the DHEPDS appeals process will be taken into account in the Old Class distribution (La Count Decl., ¶ 14). Similarly, "true-up" payments issued by the CSSP as necessary from time to time will be considered an amount paid by the DHEPDS for purposes of the Old Class Distribution Model (La Count Decl., ¶ 18). And in situations where a DHEPDS claimant and BP have reached a claim compromise on appeal, the full value of the payment amount to be issued by the CSSP under that compromise will be utilized for purposes of the Old Class distribution, irrespective whether that compromise amount has been paid in full by the CSSP (La Count Decl., ¶ 17).

Third-party claims and bankruptcy issues will also be considered in the Old Class distribution (La Count Decl., ¶ 19, 20).

Additionally, DHEPDS Class members who withdrew active DHEPDS claims under the purview of the CSSP and received Neutrals' payments related to those claims are allowed to participate in the Old Class distribution. The Neutrals' payment data has been appended to existing DHEPDS claimant records and is considered equally along with the eligible payments made directly by the CSSP for purposes of *pro rata* allocation of the Net Settlement Fund (La Count Decl., ¶ 9).

## IV. ESTABLISHMENT OF RESERVE

In total, spanning the several claim types set forth in the DHEPDS Agreement, nearly 400,000 claims were submitted to the DHEPDS Claims Administrator. All had been processed to a full and final determination except for 887 claims that did not have final outcomes with the CSSP, the U.S. District Court for the Eastern District of Louisiana, or the U.S. Court of Appeals for the Fifth Circuit at the time allocation was completed in preparation for filing this motion (collectively, the "Reserve Claims") (La Count Decl., ¶ 11). Given these Reserve Claims remain in process, the Old Class Claims Administrator is unable to currently recommend a distribution of the entire Old Class Portion. Rather, the Old Class Claims Administrator recommends a partial distribution to those Old Class Members that have previously received payments from the CSSP with a reserve for potentially eligible Old Class Members that may eventually receive payments on their DHEPDS claims, as well as for any reasonable and necessary administrative costs for doing so.

The Old Class Claims Administrator believes that this approach will maintain the integrity of the Settlement Agreements by balancing the interest of the eligible Old Class

Members in receiving their payments as soon as practicable, without having to wait for the completion of lengthy appellate processes for each and every DHEPDS claim, against the need to ensure that funds are available for any Old Class Members which may eventually receive payments from the CSSP in the future following the full and final resolution of their claims.

To this end, the Old Class Claims Administrator has calculated a reasonable reserve by assessing the Reserve Claims, based on the best information currently available, to establish a potential value for these claims, taking into account if the claims appear as though they will be eligible or ineligible under the DHEPDS Agreement. If the Reserve Claim was eligible under the DHEPDS Agreement but was not yet fully adjudicated, then its current (but yet-to-be-final) value was utilized in estimating its potential associated *pro rata* payment from the Old Class Portion. In the event a Reserve Claim was appealed by a DHEPDS claimant or BP, the value sought by the DHEPDS claimant was used in establishing its reserve value. If, on the other hand, the Reserve Claim was ineligible, or if insufficient information was available because the Reserve Claim remained pending, then the Old Class Claims Administrator used the average payment amount of the underlying claim type to arrive at a reasonable reserve value, in the event that the Reserve Claim ends up eligible following final adjudication.

Based on these assumptions, the Old Class Claims Administrator determined that $22,500,000.00 was a reasonable hold back value to ensure that these Reserve Claims receive their *pro rata* share of the Old Class Portion under the Old Class Distribution Model. To safeguard against an undervaluation of the Reserve Claims or any other items identified after the initial distribution, the Old Class Claims Administrator retained an additional 10%, for a total of $24,750,000.00 (the "Reserve Fund") (La Count Decl., ¶ 11(d)). An additional sum of

$1,773,400.00 has been reserved for anticipated administrative fees and costs inclusive of tax preparation expenses for the comingled settlement fund (La Count Decl., ¶ 25).

## V. DHEPDS CLAIM DISPOSITIONS

Based on the foregoing, 154,674 DHEPDS claimants have been determined to be eligible for the Old Class distribution (La Count Decl., ¶ 23). On the other hand, 207,815 DHEPDS claims have been determined to be ineligible based on the Old Class Distribution Model, *i.e.*, because they did not receive payment in the DHEPDS, or as a result of one or more of the exceptions noted above in section III (La Count Decl., ¶ 24).

## VI. NET DISTRIBUTION FUND FOR OLD CLASS DISTRIBUTION

As mentioned in section I above, the fund available for the Old Class distribution, less the funds set aside for Reserve Claims and future administrative costs and expenses, is approximately $349,900,217.46.

The Old Class was originally allocated $337,666,750.00, prior to the addition of interest earned, of the combined HESI and Transocean Settlement Funds per the determination of the Allocation Neutral (La Count Decl., ¶ 27). The Court has previously approved payments for administrative fees and expenses totaling $7,182,501.97 to date, $558,702.61 of which was associated with the Old Class (La Count Decl., ¶ 25).

Furthermore, following motion by Class Counsel (Rec. Doc. 24881), the Court previously ordered the inclusion of the outstanding balance of the Insurance Proceeds Recovery Fund established by Section 5.14 of the DHEPDS Agreement (Rec. Doc 6276-1) in the amount of $32,702,270.24, along with accrued interest, to be included in the Old Class distribution (Rec. Doc. 24887) (La Count Decl., ¶ 28).

Future administrative fees and expenses anticipated for the Old Class distribution[3] are $1,773,400, assuming that 1) only one primary distribution is necessary; 2) payments related to Reserve Claims occur on a monthly rolling basis (rather than requiring further motions with the Court for disbursement); 3) administrative fees and expenses account for tax preparation and federal taxes on interest earned through 2020; and 4) any escheatment occurs over two rounds within the same calendar year to close the Assigned Claims Settlements Program (La Count Decl., ¶ 25).

As noted above in section IV, $24,750,000.00 will be held in the Reserve Fund to account for the Reserve Claims as well as any other, yet-to-be-identified items that may warrant post-distribution adjustment (La Count Decl., ¶ 26).  In the event that Settlement Funds remain after all eligible claims, including eligible Reserve Claims, have received distribution, the Old Class Claims Administrator will petition the Court with respect to the remaining funds, if any (La Count Decl., ¶ 25).

Therefore, beginning with the HESI and Transocean Settlement Funds allocated to the Old Class by the Allocation Neutral, and after subtracting previously incurred and expected future administrative costs and expenses and the Reserve Fund, and after adding interest earned and expected to be earned and the balance of the Insurance Proceeds Recovery Fund, the Old Class Net Settlement Fund will be $349,900,217.46 (La Count Decl., ¶ 29).

## VII.   ESTIMATED *PRO RATA* DISTRIBUTION

Based on the Old Class Distribution Model approved by the Court and described above in sections II and III, and applied to sections V and VI of this memorandum, 35,481 Old Class claimants are expected to receive the minimum $100.00 payment, and 138 Old Class claimants

---

[3] During distribution, the Old Class Claims Administrator will continue to submit invoices to the Court for consideration and approval on a quarterly basis as fees and expenses are accrued.

are expected to receive the maximum $150,000.00 payment (La Count Decl., ¶ 30). All other eligible Old Class claimants will receive a *pro rata* share of the remaining funds, estimated to be 2.2233425% of the amount paid by the CSSP depending on the final value of funds available once additional interest is included or changes to eligible claims pursuant to the methodology stated herein, without further approval of the Court as long as the adjustment to the *pro rata* is 0.5% or less[4] (La Count Decl., ¶ 30, 34(g)).

## VIII.   TAX REPORTING

Old Class Members or their attorneys who receive reportable Old Class distribution payments will receive IRS Forms 1099-MISC as applicable under IRS regulations depending on payment value and the underlying DHEPDS claim type (La Count Decl., ¶ 31, 33). To facilitate this process and accurate tax reporting, eligible Old Class Members will be required to submit IRS Forms W-9 if a complete and accurate IRS Form W-9 was not already on file with the CSSP (La Count Decl., ¶ 31). Absent a complete and accurate Form W-9, Old Class distribution payments may be subject to a backup withholding of 24% which will be paid to the IRS on the claimant's behalf[5] (La Count Decl., ¶ 32).

Respectfully submitted,

/s/ Patrick A. Juneau
PATRICK A. JUNEAU
Old Class Claims Administrator

---

[4] An adjustment up to 0.5% will have a net effect of $750 or less, even at the maximum payment of $150,000.
[5] Alternatively, the Old Class Claims Administrator may opt to hold the payment to the eligible claimant to allow it 30 days to respond prior to distributing the payment less the 24% withholding amount.