IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | * | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, | * | |
| On April 20, 2010 | * | Section: J |
| | * | |
| This filing relates to: | * | District Judge Carl J. Barbier |
| *15-4143, 15-4146 & 15-4654* | * | |
| | * | Chief Magistrate Judge |
| | * | Joseph Wilkinson |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER**

**[APPROVING MOTION FOR APPROVAL OF DISTRIBUTION OF THE ASSIGNED CLAIMS PORTION OF THE HALLIBURTON ENERGY SERVICES, INC. AND TRANSOCEAN LTD. SETTLEMENT AGREEMENTS]**

**CONSIDERING** the request by Patrick A. Juneau (the "Old Class Claims Administrator"), Claims Administrator of the Assigned Claims portion of the Halliburton Energy Services, Inc. ("HESI") Punitive Damages and Assigned Claims Settlement Agreement, Amended as of September 2, 2015 (Rec. Doc. 15322), and of the Assigned Claims portion of the Transocean Punitive Damages and Assigned Claims Settlement Agreement (Rec. Doc. 14644) (collectively, the "Settlement Agreements"), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

The distribution of the Assigned Claims portion of the Settlement Agreements is approved. The Old Class Claims Administrator and Epiq Class Action and Claims Solutions, Inc. and other vendors are instructed to proceed with the distribution and the following actions specified under the direction and supervision of the Old Class Claims Administrator:

(a) Creation of a new, commingled Qualified Settlement Fund in the name of "HESI-Transocean Assigned Claims Combined Settlements Fund" with a distinct employer identification number;

(b) Establishing a distribution account with Huntington Bank such that funds will be secured by United States Government-backed Treasury instruments in the name of the HESI-Transocean Assigned Claims Combined Settlements Fund for the purpose of conducting the Old Class distribution;

(c) Funding the HESI-Transocean Assigned Claims Combined Settlements Fund with 27.2366808% of the proceeds from the HESI and Transocean Settlement Funds currently held in escrow by UBS (the "Escrow Agent"), plus a proportional share of the interest earned as of September 30, 2018, to create the comingled fund for distribution by transferring these funds from the Escrow Agent to Huntington Bank via wire transfer on or after October 1, 2018, at such time as the Court's Order approving the Motion for Approval of Distribution of the Assigned Claims Portion of the Halliburton Energy Services, Inc. and Transocean Ltd. Settlement Agreements is final;

(d) Establishing the administrative expense and cost reserve of $1,753,400.00 to be held back from the initial distribution;

(e) Establishing the tax return preparation reserve of $20,000.00 to be held back from the initial distribution;

(f) Establishing the Reserve Fund holdback of $24,750,000;

(g) Making any final updates to the estimated *pro rata* included in Section 30 of the La Count Decl. based on the final value of funds available or changes to eligible claims

pursuant to the methodology stated herein without further approval of the Court as long as the adjustment to the *pro rata* is 0.5% or less;

(h) Approving the Claims Administrator's claim determinations made pursuant to the methodology established based upon the Court's Order and Reasons (Rec. Doc. 22252), which included approval of the Old Class Distribution Model as discussed in Sections 8-20 of the La Count Decl.;

(i) Issuing payments via wire or check in the same manner as previously paid by the CSSP to eligible Old Class members, with the exception of claims included on the Reserve Claims list, upon an Order of the Court approving distribution being final; however, reserving unto the Old Class Claims Administrator the authority to hold back payments for (1) individuals/entities with missing, incomplete, or inaccurate IRS Forms W-9 or, in the Old Class Claims Administrator's discretion, to withhold 24% of the payment for forwarding to the IRS as backup withholding, (2) unresolved liens/third party claims, or (3) unresolved issues surrounding the rights of a trustee in bankruptcy to the award or part of the award;

(j) Reissuing checks on a monthly basis along with first time payments for eligible Reserve Claims that have been resolved in the month prior; initial payments will be made consistent with the methodology stated herein and the *pro rata* applied to all distributions in the initial Old Class distribution;

(k) Issuing IRS Forms 1099-MISC to attorneys and paid Old Class Members with reportable distributions and filing the same information with the IRS annually until distribution is complete;

(l) Retaining the Court's jurisdiction over the HESI-Transocean Assigned Claims Combined Settlements Fund and the Reserve Fund; should the Old Class Claims Administrator determine a residual distribution is necessary, the Old Class Claims Administrator shall file a motion with the Court for approval; and

(m) Requiring the Old Class Claims Administrator to close the HESI-Transocean Assigned Claims Combined Settlements Fund account one calendar year after issuance of the final eligible Reserve Claim check, further ordering accelerated escheatment of any residual funds to the states by the Old Class Claims Administrator at that time, unless a residual distribution order is pending with or entered by the Court prior to closure of the account.

New Orleans, Louisiana, this \_\_\_\_ day of _____, 2018.

_____
CARL J. BARBIER
United States District Judge