UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | : | MDL No. 2179 |
| IN RE:   OIL SPILL by the OIL RIG | : | |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | |
| APRIL 20, 2010 | : | SECTION: J(2) |
| | : | |
| **This Document Relates to**: **Case No. 2:13-cv-05083-CJB-JCW** | : | |
| | : | JUDGE BARBIER |
| | : | MAG. JUDGE WILKERSON |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**This Document Relates to**: **Case No. 2:13-cv-05083-CJB-JCW**

**MEMORANDUM IN SUPPORT OF MOTION TO REOPEN**

MAY IT PLEASE THE COURT:

Plaintiff, Michael T. Morrow, through undersigned counsel, files this memorandum in support of his Motion to Reopen the above captioned case, on the basis of failure of notice brought on by clerical error.  As state simply in the motion, neither plaintiff nor his counsel have ever received any notice of any step in the processing of this complex claim, including everything listed on separately docketed Case No. 2:13-cv-05083-CJB-JCW, including the dismissal of this action.

**AUTHORITY**

In the matter of *Ecosorb Int'l, Inc. v. Supply Pro, Inc.*, Civil Action No. H-12-1961  (U.S. D.C. S.D. [Houston Div.] Tex.  10/5/2012), where a case was found to have been transferred to the wrong district and dismissed and closed without notice to plaintiff, the district court held:

> Court finds that this case was transferred to the Eastern District of Louisiana due to clerical error. Accordingly, it is

ORDERED that Plaintiff's motion is GRANTED and the case REOPENED.....

In another matter involving the an entry of default judgment, which arose from inadvertent failure of defense counsel to properly notify counsel of removal of the original action, *Favaron v. Nat'l Union Fire Ens. Co.*, Civil Action No. 12-0393 (U.S. D.C. W.D. La. 8/14/2012), the district court found that the defendants were entitled to set aside the default judgment, based entirely on lack of notice accorded. Rather than a clerical error wrought by a large complex procedural facility, it was inadvertence of counsel. However the 'good cause' found as a basis for setting aside the default, was the same lack of proper notice preventing the party in each case from knowing the pitfalls laying ahead:

> It is well-settled "[f]or good cause shown the court may set aside an entry of default...." Fed. R. Civ. P. 55(c). "[T]he requirement of good cause' ... ha[s] generally been interpreted liberally." Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., m346 F.3d 552, 563 (5th Cir. 2003), citing Amberg v. Federal Deposit Ins. Corp., 934 F.2d 681, 685 (5th Cir. 1991). Three factors are examined for determining "good cause:" (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. Effjohn, 346 F.3d at 563, citing Lacy v. Sitel Corp., 227 F.3d 290,292 (5th Cir. 2000). These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. Effjohn, 346 F.3d at 563, citing Dierschke v. O'Cheskey, 975 F.2d 181,184 (5th Cir. 1992). Other factors may be considered, such as whether the party acted expeditiously to correct the default. Id. Favaron v. Nat'l Union Fire Ens. Co. (W.D. La., 2012).

> After considering the facts and record of this case, this Court concludes State National's failure to file an Answer in this matter was not willful; indeed, State National did not have notice that the case had been removed and was pending in this Court until it was served with a copy of the [Page 4] Clerk's Entry of Default on July 2, 2012. Similarly, the second factor weighs in favor of setting aside the default. Here, the matter has not substantially progressed, as the case has been pending in this Court for the relatively short period of six months, no scheduling order has been entered, no trial date has been set, and discovery has not begun. Finally, with respect to the third factor, this Court concludes, on its face, the plaintiff has presented a meritorious claim against State National, arguing State National had in full force and effect a policy of uninsured motorist insurance coverage for the damages sued upon in the original petition. Finally, this Court finds State

National acted expeditiously to correct the default as soon as it received notice that the lawsuit was pending against it in this Court. Favaron v. Nat'l Union Fire Ens. Co. (W.D. La., 2012).

The <u>record shows a troubling confluence of events</u> occurred in this matter, all depriving State National and/or its counsel of notice of the pending case..... There may be a good reason State National did not get notice along the way, yet no party has filed a response to the instant motion to <u>explain why notice was never given to State National and/or its counsel of the removal or the filing of motions seeking a default against it</u>. Favaron v. Nat'l Union Fire Ens. Co. (W.D. La., 2012).

*Favaron v. Nat'l Union Fire Ens. Co.*, supra at 3-4 (Emphasis added).

## CONCLUSION

The only notice in this case received by either plaintiff or his counsel was the notice attached to the Motion to Reopen as Exhibit "P-1," being the <u>Notice of Order dated 9/6/2018</u> closing Case No. 2:13-cv-05083-CJB-JCW, with notice of such Order, being the first notice ever provided to the plaintiff, or his lawyer, such notice in fact <u>served upon plaintiff's counsel on 9/18/2018</u>.

## PRAYER

WHEREFORE it is prayed that this separately captioned Case No. 2:13-cv-05083-CJB-JCW be re-opened.

Dated: <u>November ~~6th~~ 13th, 2018</u>    Respectfully submitted by

                                                     GEORGE J. TATE, P.L.L.C.

                                                   BY: /s/  *George J. Tate*
                                                        George J. Tate , Bar Roll No. 12663
                                                        130 Main Street - P. O. Box 817
                                                        Abbeville, LA  70511-0817
                                                        Telephone No. (337) 893-8335
                                                        Telefacsimile No. (800) 214-6152
                                                        Attorney for the Plaintiff
                                                        Michael T. Morrow

/s/ *Michael T. Morrow*
Michael T. Morrow

## CERTIFICATE OF SERVICE

Copies of this memorandum have been served on all parties or their attorneys via the court's CM/ECF system, on this  13th  day of November, 2018.

/s/ *George J. Tate*
George J. Tate , Bar Roll No. 12663