UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX | CIVIL ACTION NO: 2:14-CV-01026<br><br>JUDGE: CARL J. BARBIER |
| VERSUS | MAG. JUDGE WILKINSON |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC. | |

**PLAINTIFFS' RULE 60(b)(1) and 60(b)(6) MOTION FOR RELIEF FROM ORDER OF DISMISSAL**

NOW INTO COURT, through her undersigned counsel comes Plaintiff, Angela Thibodaux, respectfully moving this court from relief of this court's July 18, 2017 Compliance Order for Pre-Trial Order 63[1] which dismissed her claims with prejudice. Specifically, Plaintiff seeks an order of this court pursuant to Fed. R. Civ. P. art. 60(b)(1) and/or 60(b) which: (1) vacates the July 18, 2017 Compliance Order for Pre-Trial Order 63 as to Plaintiff's claims; (2) re-opens Ms. Thibodaux's case; and (2) permits Plaintiff to submit a declaration to the court as to the status of her claim in accordance with Pre-Trial Order 63.[2] Plaintiff submits that there is good cause for the granting of this motion, as stated below, and as more fully detailed in the attached memorandum in support, *to-wit*:

---
[1] R.Doc.23047
[2] R.Doc.22295

1

1.

On about May 7, 2014 Plaintiffs' counsel were emailed a copy of R.Doc.3 which contained Pre-Trial Orders ("PTO") #1, #11, #12, #25, #31, & #41 2nd Amended. PTO 12 required that Plaintiff's counsel to sign up for LNFS within ten (10) days of filing their complaint, and to forward a completed "MDL 2179 Counsel Contact Form" to liaison counsel for Plaintiffs and Defendants in the multi-district litigation.[3]

2.

PTO 12 additionally ordered that ". . . all service of documents filed in the MDL, shall be made via File & Serve," and that attorneys who fail to register for this service will no longer receive service of documents filed in the MDL.[4] However, documents ". . . [were to be] filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana."[5]

3.

However, PTO 25[6], which was issued on January 12, 2011, and served on the undersigned on about May 7, 2014, categorized Plaintiff's claims within bundle B3, added the instant claims with those of plaintiffs in the "Master Complaint," and provided that all claims in B3 *were stayed*.

4.

This court subsequently issued PTO 63[7] on February 22, 2017. However, PTO 63 was never served upon Plaintiff's counsel via email or otherwise, nor was Plaintiff otherwise

---

[3] PTO 12 (R.Doc.3-2 in this action)
[4] *Id.*
[5] *Id.*
[6] R.Doc. 3-3
[7] R.Doc.22295

2

provided with a copy of this order. PTO 63 required Plaintiffs herein to file a sworn written statement as to the status of their claims by April 12, 2017.

5.

"PTO 63 Compliance Order"[8] was then issued on July 18, 2017 ruling that Plaintiffs who did not file a sworn written statement by April 12, 2017 would have their claims dismissed with prejudice.

6.

Because the undersigned unintentionally failed to register for LNFS service, Plaintiff was not served with a copy of Compliance Order for Pre-Trial Order 63 issued on July 18, 2017[9] which appears to have dismissed all of Plaintiff's claims with prejudice. The PTO 63 Compliance Order provided that B3 claims not listed in Exhibit 1 were dismissed with prejudice.[10] Yet, the instant case was not listed therein.

7.

Multiple plaintiffs objected to Compliance Order for PTO 63, as motions for reconsideration which were apparently filed by multiple plaintiffs. The court thus set a deadline for responses to same, in the court's Order of August 23, 2017.[11]

8.

On December 6, 2017 the court issued an order regarding reconsiderations sought by multiple B3 plaintiffs as to the compliance order for PTO 63.[12] No written reasons are contained

---

[8] R.Doc. 23047
[9] On about October 15, 2018, the undersigned's office attempted to register for File and Serve electronic access to the record at http://law.lexisnexis.com/fileand-serve-e-service, to obtain a copy of the July 18, 2017 order (R.Doc.23047) but the webpage and/or hyperlink was no longer valid. Thus, Plaintiff could not obtain a copy of the order of dismissal, but was able to obtain a copy of the order from the Eastern District's website.
[10] R.Doc.23047 p. 2
[11] R.Doc.23321
[12] R.Doc.23735

within this order for the actions taken by the court as to the denial and/or granting of these motions for reconsideration.

8.

Plaintiff did not receive a copy of, nor was she ever aware of PTO 63, the Compliance Order for PTO 63, or the December 6, 2017 Order, until R.Doc.21 was electronically served upon the undersigned on September 6, 2018 directing the clerk to close certain claims which were previously dismissed.

9.

To date, Plaintiff is unable to find any order lifting the stay ordered by this court on January 12, 2011[13]. According to Plaintiffs' Liaison Counsel, the stay was never lifted.[14]

10.

Plaintiff's claims were dismissed without a hearing, without any showing of intentional delay or contumacious conduct by Plaintiffs or Plaintiffs' counsel, nor without even an indication as to why a lesser sanction, if any, would not be appropriate as required by Fed. R. Civ. P. 41(b) and Fifth Circuit jurisprudence.

11.

Accordingly, Plaintiff respectfully submits that her non-compliance with Pre-Trial Order 63 was due only to inadvertence, warranting relief under Rule 60(b)(1) and/or Rule 60(b)(6), given that she was never served with notice of the harsh sanctions that would be imposed on her should she fail to comply with Pre-Trial Order 63.

---

[13] R.Doc.3-3, PTO 25
[14] **Exhibit A**, October 18, 2018 email from Steve Herman.

WHEREFORE, Plaintiff prays that this court enter an order which (1) vacates the July 18, 2017 Compliance Order for Pre-Trial Order 63 as to Plaintiff's claims; (2) re-opens Ms. Thibodaux's case; and (2) permits Plaintiff to submit a declaration to the court as to the status of her claim in accordance with Pre-Trial Order 63.[15]

Respectfully Submitted,

**SMITH LAW FIRM**

*/s/ J. Arthur Smith, III*
**J. ARTHUR SMITH, III** (#07730)
830 North Street
Baton Rouge, LA  70802
Telephone: (2265) 383-7716
Facsimile: (225) 383-7773
jasmith@jarthursmith.com
*Counsel for Plaintiff, Angela Thibodaux*

---

[15] R.Doc.22295

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the above and foregoing was electronically filed this day with the Clerk of Court for the Eastern District of Louisiana and that a copy of same was transmitted to all counsel of record by automatic operation of the Court's ECM/ECF filing system, and that a copy of same has been served via email as follows to:

| | |
|---|---|
| Mr. Richard J. Hymel<br>**Mahtook & LaFleur, L.L.C.**<br>1000 Chase Tower, 600 Jefferson St.<br>Lafayette, La. 70502<br>rhymel@mandllaw.com<br>*Counsel for Defendant,*<br>*Transocean Offshore*<br>*Deepwater Drilling, Inc.* | Mr. Don Haycraft<br>**Liskow & Lewis**<br>701 Poydras Street, Suite 5000<br>New Orleans, LA  70139<br>dkhaycraft@liskow.com<br>*Counsel for BP, PLC;*<br>*BP Products North America, Inc.;*<br>*BP Company North America, Inc.;*<br>*BP Corporation North America, Inc.;*<br>*and BP America, Inc.;* |

Mr. Chris Shows
**Pierce & Shows, APLC**
601 St. Joseph Street
Baton Rouge, La 70802
cshows@pierceandshows.com

  Baton Rouge, Louisiana this <u>21st </u>day of November, 2018.

                                   <u>   /s/ J. Arthur Smith, III   </u>
                                      J. Arthur Smith, III