UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA THIBODAUX, INDIVIDUALLYAND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX | CIVIL ACTION NO: 2:14-CV-01026<br><br>JUDGE: CARL J. BARBIER |
| VERSUS | MAG. JUDGE WILKINSON |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RULE 60(b)(1) and 60(b)(6) MOTION FOR RELIEF FROM ORDER OF DISMISSAL**

MAY IT PLEASE THE COURT:

**I.     Introduction**

Angela Thibodaux and her two (2) minor children filed suit on behalf of Glenn C. Thibodaux (deceased), Mrs. Thibodaux's husband, and the father of two minor children in this matter on May 5, 2014. Mr. Thibodaux and his wife Angela Thibodaux had been married for nearly 12 years, until he died on October 29, 2012 from pancreatic cancer. Mr. Thibodaux was an employee of Transocean Offshore Deepwater Drilling, Inc., working on the M/V Development Driller II, owned by Transocean. From about April 10, 2010 to April 4, 2011, Mr. Thibodaux was working on the Deep Water Horizon cleanup operation, wherein he was required to use and was exposed to certain toxic dispersants. It is Plaintiff's contention that Mr.

1

Thibodaux was exposed to dangerous levels of these toxic dispersants because BP and/or Transocean failed to provide him with adequate protective equipment to enable him to safely perform his job.

Plaintiff's wrongful death and survival action was involuntarily dismissed with prejudice due to an inadvertence by the undersigned to register for Lexis Nexis File & Serve ("LNFS" or "File & Serve") pursuant to Pre-Trial Order 12[1]. Because of this inadvertence, Plaintiff's counsel was never served with a copy of Pre-Trial Order 63[2], nor the Compliance Order for Pre-Trial Order 63[3] issued on July 18, 2017 which dismissed Plaintiff's claims with prejudice. Plaintiff's claims were dismissed without a hearing, without any showing of intentional delay or contumacious conduct by Plaintiff or Plaintiff's counsel, nor without even an indication as to why a lesser sanction, if any, would not be appropriate.

Plaintiff respectfully submits that her non-compliance with Pre-Trial Order 63 was inadvertence, warranting relief under Rule 60(b)(1) and/or Rule 60(b)(6), given that Plaintiff was never served with notice of the harsh sanctions that would be imposed on her should she fail to comply with Pre-Trial Order 63, and because more than six-hundred (600) other claims were similarly dismissed *in-globo*.

## II.   Relevant Facts

On about May 7, 2014 Plaintiff's counsel was emailed a copy of R.Doc.3 (in the undersigned's member case) which contained Pre-Trial Orders ("PTO") #1, #11, #12, #25, #31, & #41 2nd Amended. PTO 12 required that Plaintiff's counsel to sign up for LNFS within ten (10) days of filing their complaint, and to forward a completed "MDL 2179 Counsel Contact

---

[1] R.Doc.3-2
[2] R.Doc.R.Doc.22295 in the MDL litigation no. 2179
[3] R.Doc.23047

Form" to liaison counsel for Plaintiff and Defendants in the multi-district litigation.[4] This order also provided that the LNFS system would be the repository for all pleadings.   PTO 12 additionally ordered that ". . . all service of documents filed in the MDL, shall be made via File & Serve," and that attorneys who fail to register for this service will no longer receive service of documents filed in the MDL. However, documents ". . . [were to be] filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana."[5]

PTO No. 25 (R.Doc. 3-3) issued on January 12, 2011 which the undersigned was served with on about May 7, 2014, categorized Plaintiff's claims within bundle B3, which added the instant claims with those of plaintiffs in the "Master Complaint," and provided that all claims in B3 *were stayed*.

This court subsequently issued PTO 63 (R.Doc.22295 on February 22, 2017). However, PTO 63 was never served upon Plaintiff's counsel via email or otherwise, nor was Plaintiff otherwise served with a copy of this order.   PTO 63 pertained to cases alleging all other damages, such as personal injury- which would apply to the claims of the instant Plaintiff.  PTO 63 required Mrs. Thibodaux to file a sworn written statement as to the status of her claims by April 12, 2017.   PTO 63 Compliance Order[6] was then issued on July 18, 2017 ruling that Plaintiffs who did not file a sworn written statement by April 12, 2017 were dismissed with prejudice.  Multiple plaintiffs objected to Compliance Order for PTO 63, and the court set a deadline for responses to same.[7] On December 6, 2017 the court issued an order regarding reconsiderations sought by multiple B3 plaintiffs as to compliance order for PTO 63.[8]   No

---

[4] PTO 12 (R.Doc.3-2 in this action)
[5] *Id.*
[6] R.Doc. 23047
[7] R.Doc.23321
[8] R.Doc.23735

written reasons are contained within this order for the actions taken by the court. Prior submissions were simply deemed compliant or not.

Because the undersigned unintentionally failed to register for LNFS service, Plaintiff never received a copy of R.Doc.23047,[9] which apparently dismissed all of Plaintiff's claims with prejudice. The PTO 63 Compliance Order provides that B3 claims not listed in Exhibit 1 are dismissed with prejudice.[10]   However, the instant case is not listed therein.  Plaintiff did not receive a copy of, nor was she aware of PTO 63 or the Compliance Order for PTO 63, until R.Doc.21 was electronically served upon the undersigned on September 6, 2018. To date, Plaintiff is unable to find any order lifting the stay ordered by this court on January 12, 2011[11] as to claims in the B3 bundle, to which Plaintiff's claims belong. In fact, according to Plaintiffs' Liaison Counsel, the stay was never lifted.[12]

## III.   <u>LAW AND ARGUMENT</u>

### A.  *Legal Standards for Rule 41(b) Involuntary Dismissal*

District courts have inherent power under Fed. R. Civ. P 41(b) to involuntarily dismiss claims due to Plaintiff's failure to prosecute a claim, for non-compliance with the Federal Rules of Civil Procedure, or for disobedience of a court order. Fed. R. Civ. P. 41(b) However, "a district court should issue a formal warning before resorting to the sanction of dismissal for failure to prosecute, but such a warning is not always required." § 2370 *Involuntary Dismissal-Want of Prosecution* 9 Fed. Prac. & Proc. Civ. § 2370 (3d ed.) (*citing In re Nora*, 417 Fed. Appx.573, 576 (7th Cir. 2011); *Thanedar v. Time Warner Communications of Houston, L.L.P.*,

---

[9] On about October 15, 2018, the undersigned's office attempted to register for File and Serve electronic access to the record at http://law.lexisnexis.com/fileand-serve-e-service, to obtain a copy of the 7/18/17 order (R.Doc.23047) but the page is apparently no longer valid. Thus, Plaintiff could not obtain a copy of the order of dismissal, but was able to obtain a copy of the order from the Eastern District's website.
[10] R.Doc.23047 p. 2
[11] R.Doc.3-3, PTO 25
[12] **Exhibit A**, October 18, 2018 email from Steve Herman.

227 Fed. Appx. 385 (5th Cir. 2007). The absence of notice or the failure to hold a hearing does not necessarily render a dismissal void; the adequacy of notice and a hearing turn on a party's knowledge of the consequences of his or her conduct." *Id.* (citing *SEC v. Packetport.Com, Inc.,* , 2007 WL 1521583 (D.C.Conn. 2007)) *"Prior notice or lack thereof is a key consideration in determining whether the district court abused its discretion." Id.* (*citing* S*tough v. Mayville Community Schools*, 138 F.3d 612 (6th Cir. 1998). In this case, Plaintiff never received any prior notice that her claims would be dismissed with prejudice if she failed to submit a declaration to the court advising of the status of her claims.

An involuntary dismissal under Fed. R. Civ P. 41(b) requires (1) a record of delay or contumacious conduct by the Plaintiff; (2) an express determination by the trial court that no lesser sanction would prompt diligent prosecution, or that  lesser sanction would be futile; and (3) a finding of one of three aggravating factors to be present: delay caused by the plaintiff, or actual prejudice to the defendant, or a showing of intentional delay by plaintiff's conduct. *Farmer v. La. Elec. & Financial Crimes Task Force*, Nos. 13-30422, 30423, 553 Fed. Appx. 386, 389-90 (5th Cir. 2014).  None of these factors are present in this case.

### B.  Plaintiffs Did Not Intentionally Disobey PTO 63, Nor Act Contumaciously

 The Fifth Circuit recently held that ". . . dismissal with prejudice is only permissible where there is a 'clear record of delay or contumacious conduct by the plaintiff' and where lesser sanctions would not serve the best interests of justice." *In re Deepwater Horizon,* 17-30122, 2018 WL 5077646, at *1. (5th Cir. Oct. 18, 2018). There, plaintiff filed a motion for an extension of time in the underlying MDL 2179 litigation in order to comply with PTO 60. PTO 60 ordered that individual lawsuits with signed declarations be filed by May 2, 2016, and warned that non-compliance would result in dismissal of claims with prejudice. Barrera's motion for an

5

extension of time was granted, noting that no further extensions would be granted. However, Barrera filed a second motion for an extension of time arguing that their clients were out of town, or out of the country, and could not provide sworn declarations within the time frame the court ordered. The district court did not rule on the motion, and the Barrera plaintiffs failed to timely submit signed declarations. The district court then entered a show cause order as to PTO 60. *Id.* The Barrera plaintiffs responded to the show cause order arguing that additional time was needed for certain plaintiffs to obtain signed declarations, that other plaintiffs had since filed individual declarations, and that plaintiffs in the mass joinder complaint needed additional time for compliance because of a "lack of electronic means, working offshore, inaccessibility, and change of contact information." *Id.* at *1. The Fifth Circuit held that because the Barrera *plaintiffs failed to provide corroborating evidence to explain the need for the continuances*, and – given *the number of opportunities* the district court granted plaintiffs to comply with PTO 60 or explain why they could not comply – Barrera's non-compliance with PTO 60 constituted a clear record of delay. *Id.* at 2-3

Here, Plaintiffs require additional time to comply with PTO 63 since they did not receive a copy of, nor were they even aware of PTO 63, or the Compliance Order for PTO 63, until R.Doc.21 was electronically served upon the undersigned on September 6, 2018 via this court's ECF/ECM filing system.

Further, neither Plaintiff nor Plaintiff's counsel willfully disobeyed PTO 63 or any other order of this court,[13] and there is no record or even any indication that Plaintiff has done so. The type of willful disobedience necessitating involuntary dismissal was addressed in *Vohwinkel v. Pembroke Cent. School Dist.,* No. 05-CV-37S, 2008 WL 2074078 (W.D. N.Y May 14, 2008). There, the court granted defendant's motion for summary judgment as unopposed and dismissed

---

[13] **Exhibit B**, Declaration of J. Arthur Smith, III

plaintiff's claims after plaintiff repeatedly failed to oppose defendant's motion for summary judgment. The court provided Vohwinkel at least four (4) different deadlines to oppose the motion, but Plaintiff failed to do so.  Plaintiff then hired a new attorney- who likewise failed to oppose the motion, and failed to attend an oral argument.  Accordingly, the court ruled ". . . it is the opinion of this court that plaintiff has no intention of complying with this court's orders or properly litigating this case." *Id.* at *4. Had Plaintiff in the case *sub judice* been served with PTO 63, she would have certainly complied with this court's order.[14] The Plaintiff respectfully submits that her attorneys' inadvertence is nothing comparable to the willful disobedience displayed in *Vohwinkel.*  Moreover, more than six-hundred (600) other cases were dismissed by this court on July 18, 2017 pursuant to the Compliance Order for PTO 63, suggesting doubt as to whether more than six-hundred (600) other attorneys received proper notice of PTO 63.

### C.  No Express Determination Has Been Made Regarding Lesser Sanctions, or What Prejudice Defendants Will Suffer

The Compliance Order for PTO 63 does not even specifically cite <u>*this claim*</u> as being dismissed.  Thus, it remains unclear if this matter is actually dismissed.  This Order is also silent as to whether lesser sanctions would be possible or that lesser sanctions would be futile, in contravention of Fifth Circuit jurisprudence. *See Farmer*, *supra.* Likewise PTO 63 does not indicate what prejudice Defendants *may* suffer should this matter be permitted to proceed to a merits determination. In *In re Deepwater Horizon,* 17-30122, *supra.,* the Fifth Circuit considered the fact that after plaintiffs were determined to be non-compliant with PTO 60, the district court gave them multiple opportunities to explain *why their claims should not be dismissed*. *Id.* at * 7. Plaintiff in the case at bar has been granted no such opportunity.

---

[14] *Id.*

## IV.     Relief From a Judgment Under Rule 60

### A. *Factors for Consideration Under Seven Elves Weigh in Favor of Granting Plaintiff's Relief*

The Fifth Circuit has held that Rule 60(b) is "a grand reservoir of equitable power to do justice in a particular case that may be tapped by the district court in the sound exercise of its discretion, and within the strictures inherent in the underlying objectives of the rule." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981). There, the court applied eight (8) factors in reversing and remanding the trial court's judgment denying defendants' Rule 60(b) Motion. In *Seven Elves* defendants had sought relief under Rule 60(b) as to a judgment against them because they were not present at trial. The Fifth Circuit considered:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Id.* at 402.

In *Seven Elves* defendants failed to inform their attorney of their new address, however the attorney became indirectly aware of the defendant's new address during a deposition. Defendants subsequently terminated the attorney, and when the court issued a notice of trial, the terminated attorney mailed the trial notice to defendants' former address, which was invalid. As a result, defendants did not appear at trial, a default judgment for damages of $250,000 were entered against them. Defendants were not aware of this judgment until being served with a show

cause order for a writ of execution, upon receipt of which, defendants filed a Rule 60(b) motion for relief about six (6) month after the trial court judgment. *Id.* at 399. First, the court found there was no indication that the motion was being used to appeal the judgment, and that the motion was filed within "a reasonable time" as it was brought within one year of the entry of judgment. Next, the court found that judgment was entered in defendants' absence, prior to taking any evidence, and without defendants having an opportunity to present their case, and that Rule 60(b) would be liberally construed in considering such a "truncated proceeding." Third, the court found merit in defendants' case, evidenced by affidavits incorporated therein to cite facts which could assist in showing the existence of an element in plaintiff's malicious prosecution claim. Finally, the court found that defendants were deprived of an opportunity to present the merits of their case because of unusual circumstances, namely: that their absence at trial resulted from their attorneys' representation that no action would be required of them unless and until he contacted them; that the attorney withdrew from the case without actually being relieved as their attorney of record; that the attorney did not appear at trial; and that the defendants did not receive notice of the trial date.

As in *Seven Elves*, the instant motion is not a substitute for an appeal, as there has been no determination of the merits of Plaintiffs' claims. Admittedly, this motion is being brought more than one (1) year from the Order of dismissal. However, this motion is being brought about two and one-half (2 ½) months after the undersigned was served with the Order (R.Doc.21) to the clerk to close this case, which was when the undersigned first learned of the dismissal with prejudice. Further, the July 18, 2017 Order was entered without service upon, or a response from Plaintiff. Plaintiff's complaint herein states a validly pled wrongful death claim. No discovery

has taken place in this case, except for written discovery issued to Defendants, which has not

been answered, and because the undersigned was advised that this case had been stayed.

Finally, the Plaintiff respectfully submits that the following significant factors are

relevant to the justice of the court's dismissal, and the deprivation of Plaintiff's day in court:

- this is a wrongful death action brought by a widow and her two (2) surviving children;

- PTO No. 25 (R.Doc. 3-3) issued on January 12, 2011 *stayed* all claims within B3, and this stay has never been lifted;

- the dismissal was for failure to submit information in a statement, the substantive content of which is primarily included in the complaint: (1) that Mr. Thibodaux was working for Transocean for one (1) year from April 2010 to April 2011; and (2) that he died as a result of contracting cancer because of his exposure to dispersants used in the cleanup efforts; and

- PTO 25, a prior order of this court, appears to have established the status of Plaintiffs' claims as categorized in B3, and not belonging to the Medical Benefits Class.

### B. *Relief From this Court's Compliance Order for PTO 63 is Warranted Under Rule 60(b)(1)*

Fed. R. Civ. P. 60(b) provides in pertinent part that ". . . [o]n motion and just terms, the

court may relieve a party or its legal representative from a final judgment, order, or proceeding

for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . (6) any

other reason that justifies relief."

> The rule does not assume to define the substantive grounds for vacating judgments, but merely prescribes the practice in proceedings to obtain relief. The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.

§ 2851 *History and Purpose of Rule*, 11 Fed. Prac. & Proc. Civ. § 2851 (3d ed.)

Numerous Rule 60 motions have been granted due to confusion about the procedural

posture of a proceeding or when a litigant did not receive service of process. § 2858 *Mistake,*

*Inadvertence, Surprise, or Excusable Neglect*, 11 Fed. Prac. & Proc. Civ. § 2858 (3d Ed.) In

10

*State v. Sparks*, 978 F.2d 226 (5ᵗʰ Cir. 1992) the Fifth Circuit granted defendant's Rule 60(b)(1)
motion because of his counsel's confusion about the procedural history of a related removal
proceeding. The court excused Sparks' mistaken belief that the government had the burden to re-
urge a motion to quash a subpoena once the subpoena proceeding was removed to federal court.
The Fifth Circuit ruled that this court abused its discretion in dismissing by failing to grant
Sparks' Rule 60 motion due to the ". . . extremely confusing procedural posture" of that case. *Id*.
at 228.   Similarly, in *Jolin v. Casto*, 238 F.R.D. 48 (D. Conn. 2006) the trial court granted
plaintiff's Rule 60 motion to re-open plaintiff's case based on plaintiff's misreading of the
court's notice that cases would be dismissed where no action was taken for a period of six (6)
months.  Discovery in that proceeding was ongoing and plaintiff's counsel was unaware of any
scheduling order.  The *Jolin* court ruled ". . . all doubts are to be resolved in favor of adjudication
on the merits." The court then concluded that the error was an honest mistake, not one of ill will,
nor an intentional act.  Plus, the court ruled that plaintiff's claim was "sufficiently grounded in
law so as to give the fact finder some determination to make." *Id.* at *50.  That is, *Jolins'* claim
stated the prima facie elements of a negligence action.   See also *In re Houston Oil Tr. Sec. Litig.
MDL-625*, 990 F.2d 625 (5th Cir.1993) reversing the dismissal and noting an absence in the
record of delay or contumacious conduct or an express determination that lesser sanctions would
not prompt diligent prosecution; *Norman v. U.S.* 377 F. Supp. 2d 96 (D.D.C. 2005), aff'd, 467
F.3d 773 (D.C. Cir. 2006) (counsel's lack of familiarity with electronic case filing system which
lead to failure to receive email notification of status conference constituted excusable neglect;
*Long v. Simmons*, 77 F.3d 878 (5ᵗʰ Cir. 1996) (vacating judgment of dismissal and remanding
where record was devoid of pro-se Plaintiff's willful disobedience of court order to submit
disclosure form to court nor any record that lesser sanctions were considered.) See also *Romero*

*v. Stephens*, No. 14-CV-40570, 624 Fed. Appx. 231 (5th Cir. 2015) (Rule 41(b) dismissal vacated and case remanded where pro-se plaintiff's motion for extension to respond to answer was lost in the mail, and no record of Plaintiff's willful disobedience existed in record, nor were lesser sanctions considered); and *Brown v. O'Leary*, 512 F.2d 485 (5th Cir. 1975)

Other factors for considering a Rule 60 motion are the ". . . parties' and society's interest in finality of judgments and avoidance of prejudice." *Mistake, Inadvertence, Surprise, or Excusable Neglect*, 11 Fed. Prac. & Proc. Civ. § 2858 (3d Ed.) (*citing Blois v. Friday,* 612 F.2d 938, 940 (5th Cir. 1980) "[S]light mistake by the attorney should not deprive the party of the opportunity to present [the] true merits of his claims." *Id.*

Plaintiffs are of course cognizant of the time delay set for a litigant to obtain relief under Rule 60(b)(1): no more than one (1) year after the entry of the judgment or order.   The undersigned did inadvertently fail to register for LNFS service of pleadings, which led to Plaintiff not being served with Compliance Order for PTO 63 which dismissed Plaintiffs claims. However, the Plaintiffs contend that the manner of service of pleadings in this matter has been inconsistent. Compliance Order for PTO 63 was never served upon Plaintiff's counsel via the court's ECM/ECF filing system, yet this court's September 6, 2018 order[15] was served upon the undersigned via ECM/ECF filing system. Had the undersigned been served with the Compliance Order for PTO 63 in the same manner as service was affected upon him regarding R.Doc.21, Plaintiff would have received ample notice, complied with this court's directive to submit a sworn statement,[16] and in any event – would have been able to file a Rule 60(b)(1) motion prior to now.

---

[15] R.Doc.21
[16] **Exhibit B**, Declaration of J. Arthur Smith, III

### C.  Alternatively, Relief From Compliance Order for PTO 63 is Warranted Under Rule 60(b)(6)

> The most common "other reason" for which courts have granted relief is *when the losing party fails to receive notice of the entry of judgment in time to file an appeal*. Relief has been deemed particularly appropriate when counsel was diligent about tracking the case, and through no fault of the party's, did not receive notice of the entry of judgment. . .

§ 2864 *Other Reasons Justifying Relief*, 11 Fed. Prac. & Proc. Civ. § 2864 (3d ed.).  (Emphasis added).

Plaintiff submits that she has diligently tracked the procedural posture of this matter, and that she did not receive a copy of the dismissal until well after her deadline to file an appeal. On September 5, 2014 the undersigned was notified by Richard Hymel, counsel for Defendant Transocean Offshore Deepwater Drilling, Inc., who confirmed Plaintiff's belief that this matter was still stayed.[17] On January 2, 2015 the undersigned received email correspondence from Mr. Hymel, reiterating that this claim remained stayed.[18] Plaintiff's counsel never even received an answer to their complaint. Indeed, Plaintiffs had not received notice of any action taken by the court for a couple of years.[19] Because of a concern of potential abandonment and no notice regarding the status of the stay order issued on January 12, 2011[20], Plaintiff's counsel served substantial discovery requests in the form of requests for admissions, requests for production of documents and interrogatories upon Defendants BP, P.L.C., BP America, Inc., BP Corporation North America, Inc., BP Company North America, Inc., and BP Products North America, Inc. on August 18, 2017.[21] Thus, Plaintiff certainly believed her claims remained pending as of August

---

[17] **Exhibit C**, and **Exhibit B-** Declaration of Mr. Smith, III
[18] **Exhibit D**
[19] It is Plaintiff's understanding that on February 23, 2017, Stephen J. Herman, the Plaintiff's Liaison counsel in the multi district litigation, posted a copy of PTO 63 on the Louisiana Association for Justice's "Eagles Listserv", a trial lawyer list serve. See **Exhibit E** attached.
[20] PTO No. 25 (R.Doc. 3-3)
[21] See **Exhibit F**, Plaintiff's discovery requests

18, 2017. Yet, according to Compliance Order for PTO 63, this matter had apparently been dismissed on July 18, 2017.

Additionally, Plaintiff's requested relief is warranted given the significant deprivation of due process rights as secured by the Fifth Amendment. In *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 429–30, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982), the court held in pertinent part that:

> The Court traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances. In *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), for example-where a plaintiff's claim had been dismissed for failure to comply with a trial court's order-the Court read the "property" component of the Fifth Amendment's Due Process Clause to impose "constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Id.*, at 209, 78 S.Ct., at 1094. Similarly, the Fourteenth Amendment's Due Process Clause has been interpreted as preventing the States from denying potential litigants use of established adjudicatory procedures, when such an action would be the equivalent of denying them an opportunity to be heard upon their claimed right[s].

*Id.* (internal citations omitted).

## CONCLUSION

Plaintiff has not engaged in any willful delay or contumacious conduct requiring dismissal of her claim as required under Fed. R. Civ P. 41(b), and the significantly confusing procedural posture of this matter weighs in favor of re-opening this matter as the Fifth Circuit has done with similar matters. Further, no express determination has been made regarding why a lesser sanction, if any, would not be appropriate instead of dismissing this case with prejudice. Despite that this court did issue PTO 63, and the Compliance Order for PTO 63, Plaintiff had no knowledge of the order to file a declaration, nor the harsh consequences which would follow

from her non-compliance, as set forth in PTO 63. The fact that more than six-hundred (600) other cases were similarly dismissed pursuant to the Compliance Order for PTO 63, suggesting that there may be doubt as to the adequacy of this notice. Mrs. Thibodaux respectfully requests that she be permitted an opportunity to comply with this court's PTO 63, and submit the required declaration: a significantly less burdensome request, than the opportunity for compliance afforded the Barrera plaintiffs in *In re Deepwater Horizon,* 17-30122, 2018 WL 5077646 (5th Cir. Oct. 18, 2018).   Additionally, the *Seven Elves*' considerations for granting a party relief under Rule 60 weigh in Plaintiff's favor.  Ms. Thibodaux, a widow, brings this wrongful death action on behalf of her children and herself for the death of their father and her husband.  Mrs. Thibodaux thus submits that her request is not lightly made, and this motion is not seeking an appeal on the merits, as the merits have never been considered by the court. Given these considerations, and the jurisprudence of the Fifth Circuit, Mrs. Thibodaux respectfully submits that the interest of justice can only be served by permitting her an opportunity to submit the required declaration, and permitting this matter to be re-opened.

Respectfully Submitted,

**SMITH LAW FIRM**

*/s/ J. Arthur Smith, III*
**J. ARTHUR SMITH, III** (#07730)
830 North Street
Baton Rouge, LA  70802
Telephone: (2265) 383-7716
Facsimile: (225) 383-7773
jasmith@jarthursmith.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing was electronically filed this day with the Clerk of Court for the Eastern District of Louisiana and that a copy of same was transmitted to all counsel of record by automatic operation of the Court's ECM/ECF filing system, and that a copy of same has been served via email as follows to:

Mr. Richard J. Hymel
**Mahtook & LaFleur, L.L.C.**
1000 Chase Tower, 600 Jefferson St.
Lafayette, La. 70502
rhymel@mandllaw.com
*Counsel for Defendant,*
*Transocean Offshore*
*Deepwater Drilling, Inc.*

Mr. Don Haycraft
**Liskow & Lewis**
701 Poydras Street, Suite 5000
New Orleans, LA  70139
dkhaycraft@liskow.com
*Counsel for BP, PLC;*
*BP Products North America, Inc.;*
*BP Company North America, Inc.;*
*BP Corporation North America, Inc.;*
*and BP America, Inc.;*

Mr. Chris Shows
**Pierce & Shows, APLC**
601 St. Joseph Street
Baton Rouge, La 70802
cshows@pierceandshows.com

Baton Rouge, Louisiana this 21st day of November, 2018.

__/s/ J. Arthur Smith, III___
J. Arthur Smith, III