# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX** | **CIVIL ACTION NO.:2:14-cv-01026**<br><br>**JUDGE:** |
| **VERSUS** | **MAGISTRATE JUDGE:** |
| **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC.** | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION

To: BP, P.L.C.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

1.

Please admit or deny that the defendant used the product "Corexit" during cleanup of the BP Deepwater Horizon oil spill.

2.

Please admit or deny that neither the products themselves nor their containers included

warnings or labels as to potential health hazards from April 20, 2010 to April 4, 2011.

3.

Please admit or deny that warnings were not included in product instructions nor did the

defendant warn employees of potential health hazards from April 20, 2010 to April 4, 2011.

4.

**EXHIBIT F**

Please admit or deny that the defendant never stopped use of Corexit after learning of potential health hazards.

5.

Please admit or deny that the defendant never instituted safety precautions and medical surveillance programs in connection with the use of Corexit.

6.

Please admit or deny that the defendant never employed a medical director or industrial hygienist upon learning of the health hazards of Corexit.

7.

Please admit or deny that during cleanup of the BP Deepwater Horizon oil spill that employees of BP, P.L.C. were exposed to Corexit during the normal and foreseeable use of the product.

8.

Please admit or deny that exposure to Corexit can cause cancer and other medical conditions.

9.

Please admit or deny that Corexit is a carcinogen.

10.

Please admit or deny that defendant learned that exposure to Corexit could cause cancer.

11.

Please admit or deny that defendant learned that those exposed through their employment could develop Corexit-related diseases.

12.

Please admit or deny that the defendant learned that its employees exposed to Corexit were developing Corexit-related diseases and were filing workers' compensation claims relative thereto.

13.

Please admit or deny that the defendant learned that its employees working in the same trade or trades as plaintiffs were developing Corexit-related diseases and were filing workers' compensation claims.

Respectfully submitted,

_____
J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
Via E-mail: jasmith@jarthursmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this _____ day of August, 2017.

_____
J. Arthur Smith, III

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

ANGELA THIBODAUX, INDIVIDUALLY           CIVIL ACTION NO.:2:14-cv-01026
AND ON BEHALF OF HER MINOR
CHILDREN, CAROLINE NICOLE
THIBODAUX AND TY JOSEPH THIBODAUX        JUDGE:
AND ON BEHALF OF THE ESTATE OF
GLENN CLARENCE THIBODAUX

VERSUS                                   MAGISTRATE JUDGE:

TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INC., BP, P.L.C., BP AMERICA, INC.,
BP CORPORATION NORTH AMERICA, INC.,
BP COMPANY NORTH AMERICA, INC., AND
BP PRODUCTS NORTH AMERICA, INC.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION

To: BP Corporation North America, Inc.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

1.

Please admit or deny that the defendant used the product "Corexit" during cleanup of the BP Deepwater Horizon oil spill.

2.

Please admit or deny that neither the products themselves nor their containers included warnings or labels as to potential health hazards from April 20, 2010 to April 4, 2011.

3.

Please admit or deny that warnings were not included in product instructions nor did the defendant warn employees of potential health hazards from April 20, 2010 to April 4, 2011.

4.

1

Please admit or deny that the defendant never stopped use of Corexit after learning of potential health hazards.

5.

Please admit or deny that the defendant never instituted safety precautions and medical surveillance programs in connection with the use of Corexit.

6.

Please admit or deny that the defendant never employed a medical director or industrial hygienist upon learning of the health hazards of Corexit.

7.

Please admit or deny that during cleanup of the BP Deepwater Horizon oil spill that employees of BP Corporation North America, Inc. were exposed to Corexit during the normal and foreseeable use of the product.

8.

Please admit or deny that exposure to Corexit can cause cancer and other medical conditions.

9.

Please admit or deny that Corexit is a carcinogen.

10.

Please admit or deny that defendant learned that exposure to Corexit could cause cancer.

11.

Please admit or deny that defendant learned that those exposed through their employment could develop Corexit-related diseases.

12.

Please admit or deny that the defendant learned that its employees exposed to Corexit were developing Corexit-related diseases and were filing workers' compensation claims relative thereto.

13.

Please admit or deny that the defendant learned that its employees working in the same trade or trades as plaintiffs were developing Corexit-related diseases and were filing workers' compensation claims.

Respectfully submitted,

_____

J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
E-mail: jasmith@jarthursmith.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this 18th day of August, 2017.

_____

J. Arthur Smith, III

3

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX** | **CIVIL ACTION NO.:2:14-cv-01026** |
| | **JUDGE:** |
| **VERSUS** | **MAGISTRATE JUDGE:** |
| **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC.** | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION

To: BP Products North America, Inc.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

1.

Please admit or deny that the defendant used the product "Corexit" during cleanup of the BP Deepwater Horizon oil spill.

2.

Please admit or deny that neither the products themselves nor their containers included warnings or labels as to potential health hazards from April 20, 2010 to April 4, 2011.

3.

Please admit or deny that warnings were not included in product instructions nor did the defendant warn employees of potential health hazards from April 20, 2010 to April 4, 2011.

4.

1

Please admit or deny that the defendant never stopped use of Corexit after learning of potential health hazards.

5.

Please admit or deny that the defendant never instituted safety precautions and medical surveillance programs in connection with the use of Corexit.

6.

Please admit or deny that the defendant never employed a medical director or industrial hygienist upon learning of the health hazards of Corexit.

7.

Please admit or deny that during cleanup of the BP Deepwater Horizon oil spill that employees of BP Products North America, Inc. were exposed to Corexit during the normal and foreseeable use of the product.

8.

Please admit or deny that exposure to Corexit can cause cancer and other medical conditions.

9.

Please admit or deny that Corexit is a carcinogen.

10.

Please admit or deny that defendant learned that exposure to Corexit could cause cancer.

11.

Please admit or deny that defendant learned that those exposed through their employment could develop Corexit-related diseases.

12.

Please admit or deny that the defendant learned that its employees exposed to Corexit were developing Corexit-related diseases and were filing workers' compensation claims relative thereto.

13.

Please admit or deny that the defendant learned that its employees working in the same trade or trades as plaintiffs were developing Corexit-related diseases and were filing workers' compensation claims.

Respectfully submitted,

_____

J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
E-mail: jasmith@jarthursmith.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this 18th day of August, 2017.

_____

J. Arthur Smith, III

3

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX | CIVIL ACTION NO.:2:14-cv-01026

JUDGE: |
| VERSUS | MAGISTRATE JUDGE: |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC. | |

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

To: BP America, Inc.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

These Interrogatories and Requests for Production are propounded by, to be answered by defendant, BP America within the time limits allowed by federal law, such Interrogatories and Requests for Production to be deemed continuing pursuant to the fullest extent allowed by the Federal Code of Civil Procedure.

## I. DEFINITIONS

Unless otherwise indicated, as used herein:

1.      "Defendant" (or "Defendants") shall mean BP America, Inc. and shall also mean any of their past and present employees, agents, or representatives of same, and all persons acting or purporting to act on behalf of same for any purpose whatsoever.

1

2. "Document" or "Record" shall mean all written, printed, typed, recorded or graphic matter of every type and description, however and by whomever prepared, produced or reproduced, disseminated or made, in any form now or formerly in the possession, custody or control of the defendants, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilms, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions, and other writings and other magnetic, photographic, electronic, and sound recordings.

3. "Identify" or "Identity" shall mean, with respect to an individual, his name, telephone number(s), last known residence address and last known business address. "Identify" or "Identity" shall mean, with respect to a corporation, partnership, joint venture, or other business entity, its name and last known business address, and telephone number(s).

4. "All" shall mean "any" and vice versa.

5. "Relating to" (or a form thereof) shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

6. "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

## II. INTERROGATORIES TO BE ANSWERED

### 1.

Please state the full name and address of each and every person making answers to these Interrogatories; and if more than one person answers or assists in answering these Interrogatories, please state the number of the Interrogatory which was answered or assisted in being answered by each such person.

### 2.

Please state the correct name and addresses of BP America and any prior names the corporation has previously been known as.

3.

Please state the name, job title, employer, telephone number, and address of all persons known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following.

4.

Did you or anyone acting on your behalf obtain a written, recorded, or oral statement from the plaintiff or any person known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following?  If so, indicate each type of statement obtained, by whom it was taken, the address of the person taking it, the date it was taken, and whether it was signed by the party making the statement.

5.

If you have any defenses to the allegations asserted in plaintiff's Petition, please state:

a.      The facts upon which these defenses are based;

b.      The documents upon which you rely to support these defenses;

c.      The witnesses upon whom you rely to support these defenses, giving name and address of each;

d.      The expert upon whom you rely to support these defenses, giving name, address, and area of expertise of each.

6.

Do you contend that the incident made the basis of this lawsuit was, or may have been caused in part, or in whole, by the negligence of anyone other than BP America or those whom you represent?  If so, please state:

a.      The name of each person involved;

b.      In general, what each other person did that you contend was negligent.

7.

For each expert who has, or claims to have, knowledge of facts pertaining to any issue in this lawsuit, or for each person in your employment whom you consider to be such an expert, state:

a. Name, address, and job classification;

b. Field of competency;

c. Whether a written report was prepared; and if so, the date of each such report or reports;

d. The title, author, publisher, and date of publication of the treatises or other publications which each expert considers authoritative for his field of competency.

8.

State your version of the incident or incidents made the basis of this lawsuit.

9.

Have the defendants, their agents, servants, employees, insurers and/or representatives caused an activity check or other investigation of any type to be made on the plaintiffs? If so, please state:

a. The names and addresses of all persons making such activity checks and/or investigations;

b. The date any such activity check and/or investigation was conducted;

c. Who employed the person making such activity checks and/or investigations.

10.

Were any photographs made of the plaintiffs, their family or home, or any other aspect of this incident? If so, who has possession of such photographs?

11.

Are the defendants, their employees, agents, servants, and/or representatives aware of any telephone recordings that have been made of any conversation of plaintiffs or any witness or witnesses to this case?  If so, please state:

     a.      The name of the person making such recordings;

     b.      The person recorded;

     c.      The date of such recording;

     d.      Whether the recording has been transcribed; and if so, who has the transcription?

12.

Please state the full name, address and telephone number of each and every witness, whether lay witness, expert, physician, direct or rebuttal witness, which you intend or may consider calling at the trial on the merits of this matter.  In connection with your answer, please, in general terms, state the facts or opinions to which each witness is expected to testify.

13.

Please list with particularity each and every tangible thing, whether document, photograph, video tape, physical item of evidence, or otherwise, which you intend to or may consider introducing as evidence at the trial on the merits of this matter.

14.

Please provide all factual basis for every affirmative defense asserted in your responsive pleadings.

15.

Please provide the names of any and all witnesses you will or may call at the trial of this matter, including any and all persons who have any knowledge of the work done or requested on the plaintiff's vehicle.

16.

Has your organization or any of its subsidiaries had any involvement with the chemical "Corexit"? If so, please list:

a. all capacities in which defendant has used those chemicals;

b. the manner in which each product was stored;

c. safety practices of defendant pertaining to Corexit

d. the materials comprising the packaging, including warning labels; and

e. similar products used by defendant without Corexit

17.

Has your organization received any knowledge regarding hazards associated with Corexit? If so, please list all sources and dates from which the corporation received such warnings.

18.

Has your organization obtained information between exposure to Corexit and subsequent diseases or medical conditions which may develop as a result thereof? If so, please list all sources and dates from which the corporation received the information.

19.

Has your corporation been named as a party to litigation concerning exposure to Corexit prior to the filing of the lawsuit? If so, please list all cases.

20.

Did your corporation obtain information concerning contentions from the scientific community about Corexit when it was first released and being used?

## III.  <u>DOCUMENTS TO BE PRODUCED</u>

### 1.

Please produce a certified copy of all policies of insurance issued to the defendant, BP America containing coverage for the incident which forms the basis of the complaint of plaintiff in the above-entitled and numbered action which would have been in full force and effect between April 20, 2010 and April 4, 2011 including primary and excess coverages.

### 2.

Please produce a copy of any and all written, recorded, or oral statements given by the plaintiffs or by anyone having knowledge of the facts which made the basis of the subject lawsuit involving the plaintiff.

### 3.

Please produce all Corexit instructions, manuals, warnings, and warning labels in the corporation's possession from between April 20, 2010 to April 4, 2011.

### 4.

Please produce all documents relating to the process by which the decision to give warnings or use warning labels was made in relation to the use of Corexit.

### 5.

Please produce internal departmental and committee documents concerning health issues associated with Corexit as well as any documents concerning this from medical or industrial hygiene personnel.

### 6.

Please produce correspondence and recommendations regarding working conditions, safety equipment, and safety programs, whether generated by insurance carriers, governmental agencies, or the defendant's own employees concerning Corexit.

### 7.

Please produce legible copies of each and every exhibit which defendants may or will introduce at trial of this matter, including but not limited to photographs, video tapes

(surveillance or otherwise), documentary evidence, physical items, models, displays, tangible things or evidence of any other sort which pertains to the subject matter of this litigation.

These Interrogatories and Requests for Production are deemed to be continuing so as to require additional answers or responses should additional information or documents become available to defendants in the future, and the information sought is for information and documents known to or available to defendants or obtainable by defendants.

Respectfully submitted,

J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
Via E-mail: jasmith@jarthursmith.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this ⎯18th⎯day of August, 2017.

J. Arthur Smith, III

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX | CIVIL ACTION NO.:2:14-cv-01026 JUDGE: |
| VERSUS | MAGISTRATE JUDGE: |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC. | |

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

To: BP Company North America, Inc.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

These Interrogatories and Requests for Production are propounded by, to be answered by defendant, BP Company North America, Inc. within the time limits allowed by federal law, such Interrogatories and Requests for Production to be deemed continuing pursuant to the fullest extent allowed by the Federal Code of Civil Procedure.

## I. DEFINITIONS

Unless otherwise indicated, as used herein:

1. "Defendant" (or "Defendants") shall mean BP Company North America, Inc. and shall also mean any of their past and present employees, agents, or representatives of same, and all persons acting or purporting to act on behalf of same for any purpose whatsoever.

2.      "Document" or "Record" shall mean all written, printed, typed, recorded or graphic matter of every type and description, however and by whomever prepared, produced or reproduced, disseminated or made, in any form now or formerly in the possession, custody or control of the defendants, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilms, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions, and other writings and other magnetic, photographic, electronic, and sound recordings.

3.      "Identify" or "Identity" shall mean, with respect to an individual, his name, telephone number(s), last known residence address and last known business address.  "Identify" or "Identity" shall mean, with respect to a corporation, partnership, joint venture, or other business entity, its name and last known business address, and telephone number(s).

4.      "All" shall mean "any" and vice versa.

5.      "Relating to" (or a form thereof) shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

6.      "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

## II.  <u>INTERROGATORIES TO BE ANSWERED</u>

### 1.

Please state the full name and address of each and every person making answers to these Interrogatories; and if more than one person answers or assists in answering these Interrogatories, please state the number of the Interrogatory which was answered or assisted in being answered by each such person.

### 2.

Please state the correct name and addresses of BP Company North America, Inc. and any prior names the corporation has previously been known as.

2

3.

Please state the name, job title, employer, telephone number, and address of all persons known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following.

4.

Did you or anyone acting on your behalf obtain a written, recorded, or oral statement from the plaintiff or any person known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following?  If so, indicate each type of statement obtained, by whom it was taken, the address of the person taking it, the date it was taken, and whether it was signed by the party making the statement.

5.

If you have any defenses to the allegations asserted in plaintiff's Petition, please state:

a.      The facts upon which these defenses are based;

b.      The documents upon which you rely to support these defenses;

c.      The witnesses upon whom you rely to support these defenses, giving name and address of each;

d.      The expert upon whom you rely to support these defenses, giving name, address, and area of expertise of each.

6.

Do you contend that the incident made the basis of this lawsuit was, or may have been caused in part, or in whole, by the negligence of anyone other than BP Company North America, Inc. or those whom you represent?  If so, please state:

a.      The name of each person involved;

b.      In general, what each other person did that you contend was negligent.

7.

For each expert who has, or claims to have, knowledge of facts pertaining to any issue in this lawsuit, or for each person in your employment whom you consider to be such an expert, state:

    a.      Name, address, and job classification;

    b.      Field of competency;

    c.      Whether a written report was prepared; and if so, the date of each such report or reports;

    d.      The title, author, publisher, and date of publication of the treatises or other publications which each expert considers authoritative for his field of competency.

8.

State your version of the incident or incidents made the basis of this lawsuit.

9.

Have the defendants, their agents, servants, employees, insurers and/or representatives caused an activity check or other investigation of any type to be made on the plaintiffs?  If so, please state:

    a.      The names and addresses of all persons making such activity checks and/or investigations;

    b.      The date any such activity check and/or investigation was conducted;

    c.      Who employed the person making such activity checks and/or investigations.

10.

Were any photographs made of the plaintiffs, their family or home, or any other aspect of this incident?  If so, who has possession of such photographs?

11.

Are the defendants, their employees, agents, servants, and/or representatives aware of any telephone recordings that have been made of any conversation of plaintiffs or any witness or witnesses to this case?  If so, please state:

a.    The name of the person making such recordings;

b.    The person recorded;

c.    The date of such recording;

d.    Whether the recording has been transcribed; and if so, who has the transcription?

12.

Please state the full name, address and telephone number of each and every witness, whether lay witness, expert, physician, direct or rebuttal witness, which you intend or may consider calling at the trial on the merits of this matter.  In connection with your answer, please, in general terms, state the facts or opinions to which each witness is expected to testify.

13.

Please list with particularity each and every tangible thing, whether document, photograph, video tape, physical item of evidence, or otherwise, which you intend to or may consider introducing as evidence at the trial on the merits of this matter.

14.

Please provide all factual basis for every affirmative defense asserted in your responsive pleadings.

15.

Please provide the names of any and all witnesses you will or may call at the trial of this matter, including any and all persons who have any knowledge of the work done or requested on the plaintiff's vehicle.

16.

Has your organization or any of its subsidiaries had any involvement with the chemical "Corexit"? If so, please list:

a. all capacities in which defendant has used those chemicals;

b. the manner in which each product was stored;

c. safety practices of defendant pertaining to Corexit

d. the materials comprising the packaging, including warning labels; and

e. similar products used by defendant without Corexit

17.

Has your organization received any knowledge regarding hazards associated with Corexit? If so, please list all sources and dates from which the corporation received such warnings.

18.

Has your organization obtained information between exposure to Corexit and subsequent diseases or medical conditions which may develop as a result thereof? If so, please list all sources and dates from which the corporation received the information.

19.

Has your corporation been named as a party to litigation concerning exposure to Corexit prior to the filing of the lawsuit? If so, please list all cases.

20.

Did your corporation obtain information concerning contentions from the scientific community about Corexit when it was first released and being used?

### III.  <u>DOCUMENTS TO BE PRODUCED</u>

1.

Please produce a certified copy of all policies of insurance issued to the defendant, BP Company North America, Inc. containing coverage for the incident which forms the basis of the complaint of plaintiff in the above-entitled and numbered action which would have been in full force and effect between April 20, 2010 and April 4, 2011 including primary and excess coverages.

2.

Please produce a copy of any and all written, recorded, or oral statements given by the plaintiffs or by anyone having knowledge of the facts which made the basis of the subject lawsuit involving the plaintiff.                    3.

Please produce all Corexit instructions, manuals, warnings, and warning labels in the corporation's possession from between April 20, 2010 to April 4, 2011.

4.

Please produce all documents relating to the process by which the decision to give warnings or use warning labels was made in relation to the use of Corexit.

5.

Please produce internal departmental and committee documents concerning health issues associated with Corexit as well as any documents concerning this from medical or industrial hygiene personnel.

6.

Please produce correspondence and recommendations regarding working conditions, safety equipment, and safety programs, whether generated by insurance carriers, governmental agencies, or the defendant's own employees concerning Corexit.

7.

Please produce legible copies of each and every exhibit which defendants may or will introduce at trial of this matter, including but not limited to photographs, video tapes

7

(surveillance or otherwise), documentary evidence, physical items, models, displays, tangible things or evidence of any other sort which pertains to the subject matter of this litigation.

These Interrogatories and Requests for Production are deemed to be continuing so as to require additional answers or responses should additional information or documents become available to defendants in the future, and the information sought is for information and documents known to or available to defendants or obtainable by defendants.

Respectfully submitted,

_____
J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
E-mail: jasmith@jarthursmith.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this ___18th___ day of August, 2017.

_____
J. Arthur Smith, III

8

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX | CIVIL ACTION NO.:2:14-cv-01026  JUDGE: |
| VERSUS | MAGISTRATE JUDGE: |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC. | |

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

To: BP Corporation North America, Inc.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

    These Interrogatories and Requests for Production are propounded by, to be answered by defendant, BP Corporation North America, Inc. within the time limits allowed by federal law, such Interrogatories and Requests for Production to be deemed continuing pursuant to the fullest extent allowed by the Federal Code of Civil Procedure.

### I. DEFINITIONS

Unless otherwise indicated, as used herein:

1.    "Defendant" (or "Defendants") shall mean BP Corporation North America, Inc. and shall also mean any of their past and present employees, agents, or representatives of same, and all persons acting or purporting to act on behalf of same for any purpose whatsoever.

2.      "Document" or "Record" shall mean all written, printed, typed, recorded or graphic matter of every type and description, however and by whomever prepared, produced or reproduced, disseminated or made, in any form now or formerly in the possession, custody or control of the defendants, including but not limited to letters, correspondence, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilms, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions, and other writings and other magnetic, photographic, electronic, and sound recordings.

3.      "Identify" or "Identity" shall mean, with respect to an individual, his name, telephone number(s), last known residence address and last known business address.  "Identify" or "Identity" shall mean, with respect to a corporation, partnership, joint venture, or other business entity, its name and last known business address, and telephone number(s).

4.      "All" shall mean "any" and vice versa.

5.      "Relating to" (or a form thereof) shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

6.      "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

## II.  INTERROGATORIES TO BE ANSWERED

1.

Please state the full name and address of each and every person making answers to these Interrogatories; and if more than one person answers or assists in answering these Interrogatories, please state the number of the Interrogatory which was answered or assisted in being answered by each such person.

2.

Please state the correct name and addresses of BP Corporation North America, Inc. and any prior names the corporation has previously been known as.

2

3.

Please state the name, job title, employer, telephone number, and address of all persons known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following.

4.

Did you or anyone acting on your behalf obtain a written, recorded, or oral statement from the plaintiff or any person known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following?  If so, indicate each type of statement obtained, by whom it was taken, the address of the person taking it, the date it was taken, and whether it was signed by the party making the statement.

5.

If you have any defenses to the allegations asserted in plaintiff's Petition, please state:

a.    The facts upon which these defenses are based;

b.    The documents upon which you rely to support these defenses;

c.    The witnesses upon whom you rely to support these defenses, giving name and address of each;

d.    The expert upon whom you rely to support these defenses, giving name, address, and area of expertise of each.

6.

Do you contend that the incident made the basis of this lawsuit was, or may have been caused in part, or in whole, by the negligence of anyone other than BP Corporation North America, Inc. or those whom you represent?  If so, please state:

a.    The name of each person involved;

b.    In general, what each other person did that you contend was negligent.

7.

For each expert who has, or claims to have, knowledge of facts pertaining to any issue in this lawsuit, or for each person in your employment whom you consider to be such an expert, state:

a.   Name, address, and job classification;

b.   Field of competency;

c.   Whether a written report was prepared; and if so, the date of each such report or reports;

d.   The title, author, publisher, and date of publication of the treatises or other publications which each expert considers authoritative for his field of competency.

8.

State your version of the incident or incidents made the basis of this lawsuit.

9.

Have the defendants, their agents, servants, employees, insurers and/or representatives caused an activity check or other investigation of any type to be made on the plaintiffs?  If so, please state:

a.   The names and addresses of all persons making such activity checks and/or investigations;

b.   The date any such activity check and/or investigation was conducted;

c.   Who employed the person making such activity checks and/or investigations.

10.

Were any photographs made of the plaintiffs, their family or home, or any other aspect of this incident?  If so, who has possession of such photographs?

11.

Are the defendants, their employees, agents, servants, and/or representatives aware of any telephone recordings that have been made of any conversation of plaintiffs or any witness or witnesses to this case?  If so, please state:

a.      The name of the person making such recordings;

b.      The person recorded;

c.      The date of such recording;

d.      Whether the recording has been transcribed; and if so, who has the transcription?

12.

Please state the full name, address and telephone number of each and every witness, whether lay witness, expert, physician, direct or rebuttal witness, which you intend or may consider calling at the trial on the merits of this matter.  In connection with your answer, please, in general terms, state the facts or opinions to which each witness is expected to testify.

13.

Please list with particularity each and every tangible thing, whether document, photograph, video tape, physical item of evidence, or otherwise, which you intend to or may consider introducing as evidence at the trial on the merits of this matter.

14.

Please provide all factual basis for every affirmative defense asserted in your responsive pleadings.

15.

Please provide the names of any and all witnesses you will or may call at the trial of this matter, including any and all persons who have any knowledge of the work done or requested on the plaintiff's vehicle.

16.

Has your organization or any of its subsidiaries had any involvement with the chemical "Corexit"? If so, please list:

a. all capacities in which defendant has used those chemicals;

b. the manner in which each product was stored;

c. safety practices of defendant pertaining to Corexit

d. the materials comprising the packaging, including warning labels; and

e. similar products used by defendant without Corexit

17.

Has your organization received any knowledge regarding hazards associated with Corexit? If so, please list all sources and dates from which the corporation received such warnings.

18.

Has your organization obtained information between exposure to Corexit and subsequent diseases or medical conditions which may develop as a result thereof? If so, please list all sources and dates from which the corporation received the information.

19.

Has your corporation been named as a party to litigation concerning exposure to Corexit prior to the filing of the lawsuit? If so, please list all cases.

20.

Did your corporation obtain information concerning contentions from the scientific community about Corexit when it was first released and being used?

### III.  <u>DOCUMENTS TO BE PRODUCED</u>

1.

Please produce a certified copy of all policies of insurance issued to the defendant, BP Corporation North America, Inc. containing coverage for the incident which forms the basis of the complaint of plaintiff in the above-entitled and numbered action which would have been in full force and effect between April 20, 2010 and April 4, 2011 including primary and excess coverages.                    2.

Please produce a copy of any and all written, recorded, or oral statements given by the plaintiffs or by anyone having knowledge of the facts which made the basis of the subject lawsuit involving the plaintiff.

3.

Please produce all Corexit instructions, manuals, warnings, and warning labels in the corporation's possession from between April 20, 2010 to April 4, 2011.

4.

Please produce all documents relating to the process by which the decision to give warnings or use warning labels was made in relation to the use of Corexit.

5.

Please produce internal departmental and committee documents concerning health issues associated with Corexit as well as any documents concerning this from medical or industrial hygiene personnel.

6.

Please produce correspondence and recommendations regarding working conditions, safety equipment, and safety programs, whether generated by insurance carriers, governmental agencies, or the defendant's own employees concerning Corexit.

7.

Please produce legible copies of each and every exhibit which defendants may or will introduce at trial of this matter, including but not limited to photographs, video tapes

7

(surveillance or otherwise), documentary evidence, physical items, models, displays, tangible things or evidence of any other sort which pertains to the subject matter of this litigation.

These Interrogatories and Requests for Production are deemed to be continuing so as to require additional answers or responses should additional information or documents become available to defendants in the future, and the information sought is for information and documents known to or available to defendants or obtainable by defendants.

Respectfully submitted,

_____
J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
E-mail: jasmith@jarthursmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this ___ day of August, 2017.

_____
J. Arthur Smith, III

8

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX** | **CIVIL ACTION NO.:2:14-cv-01026**<br><br>**JUDGE:** |
| **VERSUS** | **MAGISTRATE JUDGE:** |
| **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC.** | |

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

To: BP Products North America, Inc.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

These Interrogatories and Requests for Production are propounded by, to be answered by defendant, BP Products North America, Inc. within the time limits allowed by federal law, such Interrogatories and Requests for Production to be deemed continuing pursuant to the fullest extent allowed by the Federal Code of Civil Procedure.

## I. DEFINITIONS

Unless otherwise indicated, as used herein:

1.     "Defendant" (or "Defendants") shall mean BP Products North America, Inc. and shall also mean any of their past and present employees, agents, or representatives of same, and all persons acting or purporting to act on behalf of same for any purpose whatsoever.

1

2.    "Document" or "Record" shall mean all written, printed, typed, recorded or graphic matter of every type and description, however and by whomever prepared, produced or reproduced, disseminated or made, in any form now or formerly in the possession, custody or control of the defendants, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilms, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions, and other writings and other magnetic, photographic, electronic, and sound recordings.

3.    "Identify" or "Identity" shall mean, with respect to an individual, his name, telephone number(s), last known residence address and last known business address.  "Identify" or "Identity" shall mean, with respect to a corporation, partnership, joint venture, or other business entity, its name and last known business address, and telephone number(s).

4.    "All" shall mean "any" and vice versa.

5.    "Relating to" (or a form thereof) shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

6.    "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

## II.  INTERROGATORIES TO BE ANSWERED

### 1.

Please state the full name and address of each and every person making answers to these Interrogatories; and if more than one person answers or assists in answering these Interrogatories, please state the number of the Interrogatory which was answered or assisted in being answered by each such person.

### 2.

Please state the correct name and addresses of BP Products North America, Inc. and any prior names the corporation has previously been known as.

2

3.

Please state the name, job title, employer, telephone number, and address of all persons known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following.

4.

Did you or anyone acting on your behalf obtain a written, recorded, or oral statement from the plaintiff or any person known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following?  If so, indicate each type of statement obtained, by whom it was taken, the address of the person taking it, the date it was taken, and whether it was signed by the party making the statement.

5.

If you have any defenses to the allegations asserted in plaintiff's Petition, please state:

a.     The facts upon which these defenses are based;

b.     The documents upon which you rely to support these defenses;

c.     The witnesses upon whom you rely to support these defenses, giving name and address of each;

d.     The expert upon whom you rely to support these defenses, giving name, address, and area of expertise of each.

6.

Do you contend that the incident made the basis of this lawsuit was, or may have been caused in part, or in whole, by the negligence of anyone other than BP Products North America, Inc. or those whom you represent?  If so, please state:

a.     The name of each person involved;

b.     In general, what each other person did that you contend was negligent.

7.

For each expert who has, or claims to have, knowledge of facts pertaining to any issue in this lawsuit, or for each person in your employment whom you consider to be such an expert, state:

    a.     Name, address, and job classification;

    b.     Field of competency;

    c.     Whether a written report was prepared; and if so, the date of each such report or reports;

    d.     The title, author, publisher, and date of publication of the treatises or other publications which each expert considers authoritative for his field of competency.

8.

State your version of the incident or incidents made the basis of this lawsuit.

9.

Have the defendants, their agents, servants, employees, insurers and/or representatives caused an activity check or other investigation of any type to be made on the plaintiffs?  If so, please state:

    a.     The names and addresses of all persons making such activity checks and/or investigations;

    b.     The date any such activity check and/or investigation was conducted;

    c.     Who employed the person making such activity checks and/or investigations.

10.

Were any photographs made of the plaintiffs, their family or home, or any other aspect of this incident?  If so, who has possession of such photographs?

11.

Are the defendants, their employees, agents, servants, and/or representatives aware of any telephone recordings that have been made of any conversation of plaintiffs or any witness or witnesses to this case?  If so, please state:

    a.     The name of the person making such recordings;

    b.     The person recorded;

    c.     The date of such recording;

    d.     Whether the recording has been transcribed; and if so, who has the transcription?

12.

Please state the full name, address and telephone number of each and every witness, whether lay witness, expert, physician, direct or rebuttal witness, which you intend or may consider calling at the trial on the merits of this matter.  In connection with your answer, please, in general terms, state the facts or opinions to which each witness is expected to testify.

13.

Please list with particularity each and every tangible thing, whether document, photograph, video tape, physical item of evidence, or otherwise, which you intend to or may consider introducing as evidence at the trial on the merits of this matter.

14.

Please provide all factual basis for every affirmative defense asserted in your responsive pleadings.

15.

Please provide the names of any and all witnesses you will or may call at the trial of this matter, including any and all persons who have any knowledge of the work done or requested on the plaintiff's vehicle.

16.

5

Has your organization or any of its subsidiaries had any involvement with the chemical "Corexit"? If so, please list:

a. all capacities in which defendant has used those chemicals;

b. the manner in which each product was stored;

c. safety practices of defendant pertaining to Corexit

d. the materials comprising the packaging, including warning labels; and

e. similar products used by defendant without Corexit

17.

Has your organization received any knowledge regarding hazards associated with Corexit? If so, please list all sources and dates from which the corporation received such warnings.

18.

Has your organization obtained information between exposure to Corexit and subsequent diseases or medical conditions which may develop as a result thereof? If so, please list all sources and dates from which the corporation received the information.

19.

Has your corporation been named as a party to litigation concerning exposure to Corexit prior to the filing of the lawsuit? If so, please list all cases.

20.

Did your corporation obtain information concerning contentions from the scientific community about Corexit when it was first released and being used?

### III. <u>DOCUMENTS TO BE PRODUCED</u>

1.

Please produce a certified copy of all policies of insurance issued to the defendant, BP Prodcuts North America, Inc. containing coverage for the incident which forms the basis of the complaint of plaintiff in the above-entitled and numbered action which would have been in full force and effect between April 20, 2010 and April 4, 2011 including primary and excess coverages.

2.

Please produce a copy of any and all written, recorded, or oral statements given by the plaintiffs or by anyone having knowledge of the facts which made the basis of the subject lawsuit involving the plaintiff.

3.

Please produce all Corexit instructions, manuals, warnings, and warning labels in the corporation's possession from between April 20, 2010 to April 4, 2011.

4.

Please produce all documents relating to the process by which the decision to give warnings or use warning labels was made in relation to the use of Corexit.

5.

Please produce internal departmental and committee documents concerning health issues associated with Corexit as well as any documents concerning this from medical or industrial hygiene personnel.

6.

Please produce correspondence and recommendations regarding working conditions, safety equipment, and safety programs, whether generated by insurance carriers, governmental agencies, or the defendant's own employees concerning Corexit.

7.

Please produce legible copies of each and every exhibit which defendants may or will introduce at trial of this matter, including but not limited to photographs, video tapes

(surveillance or otherwise), documentary evidence, physical items, models, displays, tangible things or evidence of any other sort which pertains to the subject matter of this litigation.

These Interrogatories and Requests for Production are deemed to be continuing so as to require additional answers or responses should additional information or documents become available to defendants in the future, and the information sought is for information and documents known to or available to defendants or obtainable by defendants.

Respectfully submitted,

_____
J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
Via E-mail: jasmith@jarthursmith.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this 18th day of August, 2017.

_____
J. Arthur Smith, III

8

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX | CIVIL ACTION NO.:2:14-cv-01026 |
| | JUDGE: |
| VERSUS | MAGISTRATE JUDGE: |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC. | |

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

To: BP, P.L.C.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

These Interrogatories and Requests for Production are propounded by, to be answered by defendant, BP, P.L.C. within the time limits allowed by federal law, such Interrogatories and Requests for Production to be deemed continuing pursuant to the fullest extent allowed by the Federal Code of Civil Procedure.

## I. DEFINITIONS

Unless otherwise indicated, as used herein:

1.  "Defendant" (or "Defendants") shall mean BP, P.L.C and shall also mean any of their past and present employees, agents, or representatives of same, and all persons acting or purporting to act on behalf of same for any purpose whatsoever.

2.    "Document" or "Record" shall mean all written, printed, typed, recorded or graphic matter of every type and description, however and by whomever prepared, produced or reproduced, disseminated or made, in any form now or formerly in the possession, custody or control of the defendants, including but not limited to letters, correspondence, telexes, telegrams, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilms, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions, and other writings and other magnetic, photographic, electronic, and sound recordings.

3.    "Identify" or "Identity" shall mean, with respect to an individual, his name, telephone number(s), last known residence address and last known business address.   "Identify" or "Identity" shall mean, with respect to a corporation, partnership, joint venture, or other business entity, its name and last known business address, and telephone number(s).

4.    "All" shall mean "any" and vice versa.

5.    "Relating to" (or a form thereof) shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

6.    "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

## II. <u>INTERROGATORIES TO BE ANSWERED</u>

1.

Please state the full name and address of each and every person making answers to these Interrogatories; and if more than one person answers or assists in answering these Interrogatories, please state the number of the Interrogatory which was answered or assisted in being answered by each such person.

2.

Please state the correct name and addresses of BP, P.L.C. and any prior names the corporation has previously been known as.

2

3.

Please state the name, job title, employer, telephone number, and address of all persons known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following.

4.

Did you or anyone acting on your behalf obtain a written, recorded, or oral statement from the plaintiff or any person known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following?  If so, indicate each type of statement obtained, by whom it was taken, the address of the person taking it, the date it was taken, and whether it was signed by the party making the statement.

5.

If you have any defenses to the allegations asserted in plaintiff's Petition, please state:

a.    The facts upon which these defenses are based;

b.    The documents upon which you rely to support these defenses;

c.    The witnesses upon whom you rely to support these defenses, giving name and address of each;

d.    The expert upon whom you rely to support these defenses, giving name, address, and area of expertise of each.

6.

Do you contend that the incident made the basis of this lawsuit was, or may have been caused in part, or in whole, by the negligence of anyone other than BP, P.L.C or those whom you represent?  If so, please state:

a.    The name of each person involved;

b.    In general, what each other person did that you contend was negligent.

7.

For each expert who has, or claims to have, knowledge of facts pertaining to any issue in this lawsuit, or for each person in your employment whom you consider to be such an expert, state:

    a.    Name, address, and job classification;

    b.    Field of competency;

    c.    Whether a written report was prepared; and if so, the date of each such report or reports;

    d.    The title, author, publisher, and date of publication of the treatises or other publications which each expert considers authoritative for his field of competency.

8.

State your version of the incident or incidents made the basis of this lawsuit.

9.

Have the defendants, their agents, servants, employees, insurers and/or representatives caused an activity check or other investigation of any type to be made on the plaintiffs?  If so, please state:

    a.    The names and addresses of all persons making such activity checks and/or investigations;

    b.    The date any such activity check and/or investigation was conducted;

    c.    Who employed the person making such activity checks and/or investigations.

10.

Were any photographs made of the plaintiffs, their family or home, or any other aspect of this incident?  If so, who has possession of such photographs?

11.

Are the defendants, their employees, agents, servants, and/or representatives aware of any telephone recordings that have been made of any conversation of plaintiffs or any witness or witnesses to this case?  If so, please state:

    a.      The name of the person making such recordings;

    b.      The person recorded;

    c.      The date of such recording;

    d.      Whether the recording has been transcribed; and if so, who has the transcription?

12.

Please state the full name, address and telephone number of each and every witness, whether lay witness, expert, physician, direct or rebuttal witness, which you intend or may consider calling at the trial on the merits of this matter.  In connection with your answer, please, in general terms, state the facts or opinions to which each witness is expected to testify.

13.

Please list with particularity each and every tangible thing, whether document, photograph, video tape, physical item of evidence, or otherwise, which you intend to or may consider introducing as evidence at the trial on the merits of this matter.

14.

Please provide all factual basis for every affirmative defense asserted in your responsive pleadings.

15.

Please provide the names of any and all witnesses you will or may call at the trial of this matter, including any and all persons who have any knowledge of the work done or requested on the plaintiff's vehicle.

16.

Has your organization or any of its subsidiaries had any involvement with the chemical "Corexit"? If so, please list:

a. all capacities in which defendant has used those chemicals;

b. the manner in which each product was stored;

c. safety practices of defendant pertaining to Corexit

d. the materials comprising the packaging, including warning labels; and

e. similar products used by defendant without Corexit

17.

Has your organization received any knowledge regarding hazards associated with Corexit? If so, please list all sources and dates from which the corporation received such warnings.

18.

Has your organization obtained information between exposure to Corexit and subsequent diseases or medical conditions which may develop as a result thereof? If so, please list all sources and dates from which the corporation received the information.

19.

Has your corporation been named as a party to litigation concerning exposure to Corexit prior to the filing of the lawsuit? If so, please list all cases.

20.

Did your corporation obtain information concerning contentions from the scientific community about Corexit when it was first released and being used?

## III.  <u>DOCUMENTS TO BE PRODUCED</u>

1.

Please produce a certified copy of all policies of insurance issued to the defendant, BP, P.L.C. containing coverage for the incident which forms the basis of the complaint of plaintiff in the above-entitled and numbered action which would have been in full force and effect between April 20, 2010 and April 4, 2011 including primary and excess coverages.

2.

Please produce a copy of any and all written, recorded, or oral statements given by the plaintiffs or by anyone having knowledge of the facts which made the basis of the subject lawsuit involving the plaintiff.

3.

Please produce all Corexit instructions, manuals, warnings, and warning labels in the corporation's possession from between April 20, 2010 to April 4, 2011.

4.

Please produce all documents relating to the process by which the decision to give warnings or use warning labels was made in relation to the use of Corexit.

5.

Please produce internal departmental and committee documents concerning health issues associated with Corexit as well as any documents concerning this from medical or industrial hygiene personnel.

6.

Please produce correspondence and recommendations regarding working conditions, safety equipment, and safety programs, whether generated by insurance carriers, governmental agencies, or the defendant's own employees concerning Corexit.

7.

Please produce legible copies of each and every exhibit which defendants may or will introduce at trial of this matter, including but not limited to photographs, video tapes

7

(surveillance or otherwise), documentary evidence, physical items, models, displays, tangible things or evidence of any other sort which pertains to the subject matter of this litigation.

These Interrogatories and Requests for Production are deemed to be continuing so as to require additional answers or responses should additional information or documents become available to defendants in the future, and the information sought is for information and documents known to or available to defendants or obtainable by defendants.

Respectfully submitted,

_____
J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
Via E-mail: jasmith@jarthursmith.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this 18th day of August, 2017.

_____
J. Arthur Smith, III

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX | CIVIL ACTION NO.:2:14-cv-01026

JUDGE: |
| VERSUS | MAGISTRATE JUDGE: |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC. | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION

To: BP America, Inc.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

1.

Please admit or deny that the defendant used the product "Corexit" during cleanup of the BP Deepwater Horizon oil spill.

2.

Please admit or deny that neither the products themselves nor their containers included warnings or labels as to potential health hazards from April 20, 2010 to April 4, 2011.

3.

Please admit or deny that warnings were not included in product instructions nor did the defendant warn employees of potential health hazards from April 20, 2010 to April 4, 2011.

1

4.

Please admit or deny that the defendant never stopped use of Corexit after learning of potential health hazards.

5.

Please admit or deny that the defendant never instituted safety precautions and medical surveillance programs in connection with the use of Corexit.

6.

Please admit or deny that the defendant never employed a medical director or industrial hygienist upon learning of the health hazards of Corexit.

7.

Please admit or deny that during cleanup of the BP Deepwater Horizon oil spill that employees of BP America, Inc. were exposed to Corexit during the normal and foreseeable use of the product.

8.

Please admit or deny that exposure to Corexit can cause cancer and other medical conditions.

9.

Please admit or deny that Corexit is a carcinogen.

10.

Please admit or deny that defendant learned that exposure to Corexit could cause cancer.

11.

Please admit or deny that defendant learned that those exposed through their employment could develop Corexit-related diseases.

2

12.

Please admit or deny that the defendant learned that its employees exposed to Corexit were developing Corexit-related diseases and were filing workers' compensation claims relative thereto.

13.

Please admit or deny that the defendant learned that its employees working in the same trade or trades as plaintiffs were developing Corexit-related diseases and were filing workers' compensation claims.

Respectfully submitted,

_____
J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
Via E-mail: jasmith@jarthursmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this ___18th___ day of August, 2017.

_____
J. Arthur Smith, III

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA THIBODAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CAROLINE NICOLE THIBODAUX AND TY JOSEPH THIBODAUX AND ON BEHALF OF THE ESTATE OF GLENN CLARENCE THIBODAUX | CIVIL ACTION NO.:2:14-cv-01026  JUDGE: |
| VERSUS | MAGISTRATE JUDGE: |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., BP, P.L.C., BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., AND BP PRODUCTS NORTH AMERICA, INC. | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION

To: BP Company North America, Inc.
Through its counsel of record:
Richard Hymel
600 Jefferson St. Suite 1000
Lafayette, LA 70502

### 1.

Please admit or deny that the defendant used the product "Corexit" during cleanup of the BP Deepwater Horizon oil spill.

### 2.

Please admit or deny that neither the products themselves nor their containers included warnings or labels as to potential health hazards from April 20, 2010 to April 4, 2011.

### 3.

Please admit or deny that warnings were not included in product instructions nor did the defendant warn employees of potential health hazards from April 20, 2010 to April 4, 2011.

1

4.

Please admit or deny that the defendant never stopped use of Corexit after learning of potential health hazards.

5.

Please admit or deny that the defendant never instituted safety precautions and medical surveillance programs in connection with the use of Corexit.

6.

Please admit or deny that the defendant never employed a medical director or industrial hygienist upon learning of the health hazards of Corexit.

7.

Please admit or deny that during cleanup of the BP Deepwater Horizon oil spill that employees of BP Company North America, Inc. were exposed to Corexit during the normal and foreseeable use of the product.

8.

Please admit or deny that exposure to Corexit can cause cancer and other medical conditions.

9.

Please admit or deny that Corexit is a carcinogen.

10.

Please admit or deny that defendant learned that exposure to Corexit could cause cancer.

11.

Please admit or deny that defendant learned that those exposed through their employment could develop Corexit-related diseases.

2

12.

Please admit or deny that the defendant learned that its employees exposed to Corexit were developing Corexit-related diseases and were filing workers' compensation claims relative thereto.

13.

Please admit or deny that the defendant learned that its employees working in the same trade or trades as plaintiffs were developing Corexit-related diseases and were filing workers' compensation claims.

Respectfully submitted,

_____

J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
Via E-mail: jasmith@jarthursmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been mailed, postage paid, to all counsel of record

Baton Rouge, Louisiana, this 18th day of August, 2017.

_____

J. Arthur Smith, III

3