UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * CIVIL ACTION<br>* NO. 2:10-MD-2179<br>*<br>* SECTION "J" |
| THIS DOCUMENT RELATES TO:<br>CASE NO: 2:12-cv-968 | *<br>*<br>*<br>* JUDGE: BARBIER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM IN SUPPORT OF THE MODERN GROUP, LTD.
and TIGER RENTALS, LLC D/B/A TIGER SAFETY'S
MOTION FOR DISPOSITION OF CLAIM</u>**

MAY IT PLEASE THE COURT:

Defendants, THE MODERN GROUP, LTD and TIGER RENTALS, LLC, d/b/a TIGER SAFETY (hereafter sometimes referred to collectively as "TIGER"), respectfully submit this Memorandum in support of their motion for the disposition of claim of Eddie B. Brown (hereafter "Brown") to provide evidence in his claim for summary judgment on the grounds of *res judicata* or claim preclusion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Eddie B. Brown ("Brown") alleges in his petition herein that he was employed by TIGER and/or Global Safety Medics, LLC and that he was involved in the clean-up operations following the BP Deepwater Horizon/Macondo Project oil spill. He claims that between June 2010 and September 2010 he was exposed to and seriously injured by high levels of hydrocarbons and petrochemicals while working as a seaman aboard certain unidentified vessels. Brown seeks

recovery from TIGER pursuant to the general maritime laws of the United States and the Jones Act, 46 U.S.C. § 30104.

Initially Brown filed a claim seeking recovery for damages that he sustained as a clean-up responder. He was then made a defendant in the Transocean Deepwater Drilling limitation of liability proceedings in the United States District Court, Southern District of Texas. The case was transferred from the Southern District of Texas on August 20, 2010 to the Eastern District of Louisiana. Brown filed an Answer and reasserted his claim under the general maritime law on April 6, 2011 in Civil Action No. 10-2771. (Exhibit D).

It is believed that Brown and other clean-up responders seeking recovery were grouped in the First Amended Complaint and made part of the B3 Bundle pursuant to Pretrial Order No. 11 [Case Management Order No. 1], B3 wherein it was stated that "This Pleading Bundle will include all claims related to post explosion clean-up efforts and will be pled separately and uniformly in a Master Complaint, and such claims shall not be included in any other Pleading Bundles or Master Complaints." The order also stated under section E. Designation of Subsequently-Added Cases. "All cases subsequently added to this proceeding as a tag-along action or by removal or transfer to or original filing with this Court shall be assigned to a Pleading Bundle, as necessary or appropriate, in accordance with the above." (R. 569)

Claimant's counsel, Jerome Moroux, filed an answer and claim on behalf of Brown. Moroux withdrew from the representation of Brown on January 27, 2012.

On April 20, 2012, a Motion for Leave to Direct File Short Forms was filed in the multi-district ligation (2:10-md-02179) by Michael Pierce/Noah Wexler on behalf of several claimants, including Brown. (Exhibit E). The actual Direct Filing Short Form was concurrently filed in the Eastern District in Civil Action No. 10-8888 claiming severe and permanent injuries as a result of

exposure to dispersants, petrochemicals, and other harmful substances while participating in oil response efforts stemming from the Deepwater Horizon Explosion and subsequent oil spill. (Exhibit B).

Brown filed a Petition under the General Maritime Law and Jones Act in the 15th Judicial District Court, Lafayette Parish, Louisiana on March 5, 2018.  Brown claimed injuries from exposure to high levels of hydrocarbons and petrochemicals as a clean-up responder between June 2010 and September 2010, following the BP Deepwater Horizon/Macondo Project oil spill.  Brown alleges that he was permanently assigned to a commonly owned or controlled fleet of vessels chartered by BP American Production Co. in the Mississippi Canyon Block off the coast of Louisiana while employed by Global Safety Medics, LLC, Tiger Rentals, Ltd d/b/a Tiger Safety and The Modern Group, Ltd.

Brown's petition was removed to the United states District Court for the Western District of Louisiana Civil Action No. 6:18-cv-00274 on March 5, 2018 wherein Movers filed a Motion for Summary Judgment pursuant to the doctrine of *res judicata.*  Magistrate Judge Whitehurst rendered a Report and Recommendation that Movers' Motion for Summary Judgment be denied due to lack of evidence to establish that Brown was part of the B3 Bundle.

A thorough search of the record in the multi-district litigation and its associated cases was made for information regarding the disposition of Brown's claim.  The search was unsuccessful, as was calls to the Plaintiffs' Steering Committee members.  Contact was made with Jerome Moroux, plaintiff's original attorney, who refused to provide any information regarding the disposition of the claim.  Moroux withdrew his representation of Brown on January 23, 2012. Finally contact was made with Noah Wexler, counsel who filed a "Direct Filing Short Form" on

behalf of various claimants, including Brown, on April 20, 2012. Mr. Wexler attempted a search of his file but failed to find any information as to the disposition of Brown's claim.

Since the filing of the short form there is no evidence that Brown opted out, was dismissed, was withdrawn or settled. In order to satisfy Judge Whitehurst's concerns about evidence of Brown being part of the B3 Bundle, the records pertaining to the disposition of Brown's case are needed.

CONCLUSION

Movers filed a motion for summary judgement on the grounds of *res judicata* or claim preclusion. Movers are required to provide the court with the disposition of Brown's claims. Movers have made every effort to verify that Brown had not opted out, was not dismissed, and did not withdraw. However, the Class Settlement is sealed and it is only with an order by this Honorable Court that the disposition of Brown's claim can be verified. Movers respectfully request that an order be issued requiring the production of all pleadings, responsive pleadings, motions, memos, briefs, settlement documents, etc. which evidence the disposition of Eddie B. Brown's Claims.

                                                     Respectfully submitted:

                                                     ALLEN & GOOCH
                                                   A LAW CORPORATION

                                                   /s/ *John H. Hughes*
                                                   JOHN H. HUGHES (#14509)
                                                   2000 Kaliste Saloom Road, Suite 400
                                                   Lafayette, LA 70598-1129
                                                   337-291-1290 telephone
                                                   337-291-1295 facsimile
                                                   johnhughes@allengooch.com
                                                   ATTORNEY FOR
                                                   *Tiger Rentals, LLC. d/b/a Tiger Safety and*
                                                   *The Modern Group Ltd*