UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | CIVIL ACTION NO. 10-2771<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND CLAIM

Now into Court, by and through undersigned counsel comes EDDIE BILL BROWN, a person of the full age of majority and a resident of the State of Louisiana, and makes the following answer and claim against the Plaintiffs as follows:

### First Defense

The Complaint of Plaintiffs (collectively referred to herein as "TRANSOCEAN") fails to state a claim upon which relief can be granted.

### Second Defense

The accident of April 20, 2010, was caused by the fault and negligence of TRANSOCEAN, who had privity and knowledge of the unsafe, negligent and unseaworthy conditions of the MODU Deepwater Horizon which caused the accident; said privity and knowledge will act to bar limitation of liability herein.

**Third Defense**

Plaintiffs have failed to comply with the requirements of the Limitation of Liability Act, 46 U.S.C.A. §§ 30506 et seq., including without limitation, the failure to deposit adequate and proper security, which will act in bar of limitation herein.

**Fourth Defense**

And now, with full reservation of all defenses herein above asserted, EDDIE BILL BROWN answers the allegations of the Complaint of TRANSOCEAN for exoneration from or limitation of liability as follows:

1.

To the extent Plaintiffs' paragraph 1 requires an answer, its allegations are denied for a lack of sufficient information upon which to justify reasonable belief therein. Claimant admits that this Court has jurisdiction under the statute pled.

2.

Claimant admits the allegations contained in Plaintiffs' paragraphs 2, 3, 4, 5.

3.

To the extent Plaintiffs' paragraphs 6 and 8 require an answer, the allegations are denied for a lack of sufficient information upon which to justify reasonable belief therein.

4.

Claimant denies the allegations contained in Plaintiffs' paragraph 7.

5.

Claimant admits the allegations contained in paragraph 9 to the extent that the DEEPWATER

HORIZON sank on or about April 22, 2010. The other allegations contained in paragraph 9 are denied for lack of sufficient information to justify a belief therein.

6.

Claimant denies the allegations in Plaintiffs' paragraphs 10, 11, 12.

7.

To the extent Plaintiffs' paragraphs 13, 14, 15, 16, 17, 18, 19, 21, 22, 23 require an answer, its allegations are denied for a lack of sufficient information upon which to justify reasonable belief therein.

8.

Claimant denies the allegations in Plaintiffs' paragraph 20.

9.

To the extent Plaintiffs' paragraph 24 requires an answer, its allegations are denied for a lack of sufficient information upon which to justify reasonable belief therein.

## CLAIM

And now, in accordance with the provisions of Supplemental Rule F(5) of the Federal Rules of Civil Procedure, Claimant EDDIE BILL BROWN avers on information and belief the facts upon which he relies in support of his claim:

1.

Due to the negligence, carelessness and fault of the Plaintiffs as owner(s) and/or operators and/or charterer(s) of the Deepwater Horizon and the unseaworthiness of that vessel, all of which was in the privity and knowledge of TRANSOCEAN, on or before April 20, 2010, Claimant EDDIE BILL BROWN sustained severe personal injuries.

3

2.

Nothing that Claimant EDDIE BILL BROWN did or failed to do on occasion caused or in any way contributed to his injuries or the accident.

3.

Claimant EDDIE BILL BROWN is entitled to maintain an action and bring this claim for the following damages arising out of the above described injuries to Claimant:

(a) Claim is made for compensation for the physical, mental and emotional pain, suffering and impairment that has been and will be sustained by EDDIE BILL BROWN as a result of his injuries and for all damages to which he is entitled at law or in equity.

(b) Claim is made for punitive damages for the unreasonable, indifferent, reckless, arbitrary and capricious conduct of the Plaintiffs with regard to this accident and the cause of EDDIE BILL BROWN's injuries;

(c) Claim is made for costs of court, pre-judgment interest and post-judgment interest to which Claimant is entitled under the law and to have all expert witness fees taxed as costs;

(d) Claim is made for all other damages to which Claimant may prove entitlement at law or in equity.

4.

This claim is being made under protest and without prejudice to Claimant's position that this limitation is improper and should be dismissed. In the event that this Honorable Court concludes that limitation is improper, Claimant expressly reserves all claims and his rights to litigate said claims and actions under the General Maritime Laws in the state court of his choice, pursuant to the saving to suitors clause, 28 U.S.C.A. § 1331(1).

5.

The damages of Claimant are unliquidated at this time but will clearly exceed the limitation

fund for EDDIE BILL BROWN.

6.

Claimant desires and is entitled to a trial by jury in this matter.

**WHEREFORE,** Claimant, EDDIE BILL BROWN prays:

That the petition of TRANSOCEAN, for limitation of liability and/or exoneration from liability be denied.

That the injunction prohibiting legal proceedings be dissolved and Claimant be permitted to litigate his claims and actions under the General Maritime Laws in the state court of his choice, pursuant to the saving to suitors clause, 28 U.S.C.A. § 1331(1);

Alternatively, should this Honorable Court retain jurisdiction, Claimant prays:

That process in due form of law and according to the practice of this Honorable Court issue against Plaintiffs, citing them to appear and answer under oath, all and singular, the matter aforesaid;

That Claimant may have judgment for damages against Plaintiffs for an amount in excess of the limitation fund in compensatory and punitive damages, together with interest from the date of occurrence until paid and costs against the Plaintiffs;

That Claimant be granted a trail by jury in the instant matter;

That all experts' fees be taxed as costs;

That the Court grant Claimant such other and further relief, general and equitable, that the justice of the cause may require and to which he may be otherwise be entitled.

Respectfully submitted,

BROUSSARD & DAVID, L.L.C.

s/ Jerome H. Moroux
_____

Jerome H. Moroux (#32666)
600 Jefferson Street, Suite 700
Post Office Box 3524

5

Lafayette, Louisiana 70502-3524  
Phone: (337) 233-2323  
Fax: (337) 233-2353  
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been mailed to all known counsel of record, postage prepaid and properly addressed.

Lafayette, Louisiana, this _____ day of _____, 2011.

_____  
Jerome H. Moroux