UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J(2) |
| This Document Relates To: | * | JUDGE BARBIER |
| *All Remaining Cases in Pleading Bundle B1* | * * | MAG. JUDGE WILKINSON |

**ORDER**
**[Regarding the Motions for Reconsideration, Etc., of the PTO 65 Compliance Order]**

Before the Court are multiple motions (identified below) for seeking relief from the PTO 65 Compliance Order (Rec. Doc. 24686).[1]

**Procedural History**

Pretrial Order No. 65 ("PTO 65," Rec. Doc. 23825) required then-Remaining B1 Plaintiffs (listed in the Exhibits 1 & 2 to Rec. Doc. 23649) to provide written answers to four questions regarding the type and scope of the damages and causation alleged in their respective cases. The plaintiff, not the plaintiff's attorney, was required to sign the response and attest under penalty of perjury that the answers to all four questions were true and correct. Responses were due by April 11, 2018, three months after PTO 65 issued.

On May 25, 2018, the Court issued an Order to Show Cause Re: Compliance with PTO 65 ("Show Cause Order," Rec. Doc. 24558), which identified 233 Remaining

---

[1] Mark Canfora's request for oral argument (Rec. Doc. 24733) is denied.

B1 Plaintiffs that appeared to have complied with PTO 65. The Show Cause Order also identified 321 Remaining B1 Plaintiffs that appeared to be non-compliant with PTO 65. The Show Cause Order required the non-compliant Remaining B1 Plaintiffs to show cause in writing on or before June 15, 2018 why the Court should not dismiss his/her/its B1 claim(s) with prejudice for failing to comply with PTO 65.

The Court received several timely responses to the Show Cause Order. (*See* Rec. Doc. 24686 at 2, listing responses) The Court ruled on the responses and non-responses in the "PTO 65 Compliance Order" (Rec. Doc. 24686), issued on July 10, 2018. Four of the show cause respondents/plaintiffs were deemed compliant with PTO 65—their B1 claims, as well as the B1 claims of the 233 plaintiffs identified as PTO 65-compliant in the Show Cause Order, were not dismissed by the PTO 65 Compliance Order. (*See* Exhibit 1 to PTO 65 Compliance Order, Rec. Doc. 24686-1) The Court also found that 317 Remaining B1 Plaintiffs were non-compliant with PTO 65 and dismissed their B1 claims with prejudice. (*See* Exhibits 2 & 3 to PTO 65 Compliance Order, Rec. Docs. 24686-2 & 24686-3)

After the PTO 65 Compliance Order issued, a number of plaintiffs subsequently filed motions requesting that their claims be reinstated. These motions are variously styled as motions to reconsider, alter, amend, vacate, etc., the PTO 65 Compliance Order and are listed below: [2]

---

[2] The motion filed by the Estate of William Patrick Kinser ("Kinser") (Rec. Doc. 24694) is somewhat different from the other motions considered here. As noted in the Show Cause Order (*see* Rec. Doc. 24558 at 2 & 24558-4), Kinser's case was dismissed in 2016 for failing to comply with Pretrial Order No. 60. Accordingly, the PTO 65 Compliance Order did not list Kinser among the plaintiffs dismissed by that order. Like the other movants, Kinser does ask that the Court deem it compliant with PTO 65. However, as a threshold matter, Kinser's motion requests that the Court vacate the 2016 dismissal and deem it compliant with PTO 60.

2

|   | **Plaintiff(s)/Movant(s)**<br>(Plaintiffs represented by the same attorney are grouped together) | **Motion for Reconsideration, Etc.** | **Subsequent Filing** |
|---|---|---|---|
| A. | Roderic M. Wright<br>Barbara Wright<br>Destin Development, LLC | 24741<br>24742<br>24743 | |
| B. | Gilbert Johnson, Cornelius Johnson, Patricia Bailey, Wilfred Gallardo, Jr. | 24713 | |
| C. | Michelle Spaven-Daffin & James Sublett | 24700, 24716 | 24864 |
| D. | James-Michael Page | 24719 | 24819 |
| E. | Buzbee Law Firm (on behalf of multiple plaintiffs) | 24730 | 24874, 24890, 25051 |
| F. | Estate of William Patrick Kinser | 24694 | |
| G. | Beach Community Bank<br>Park National Corporation | 24701<br>24704 | |
| H. | Mark Canfora | 24732, 24733 | |

BP filed a response to these motions on September 6, 2018. (Rec. Doc. 24817; *see also* Response by Airborne Support, Inc., et al., Rec. Doc. 24817) Some of the plaintiffs/movants made subsequent filings, noted in the table above and described in the margin.[3]

## **Discussion**

The plaintiffs listed in Rows A, B, C, and D in the table above argue, inter alia, that they were not served with a copy of PTO 65, the Show Cause Order, or both. The other plaintiffs do not raise lack-of-service/notice arguments. In fact, some of the

---

[3] James Sublett filed a Motion for Leave to File Reply on September 14, 2018. (Rec. Doc. 24864) The Court will grant this motion and has considered Sublett's reply brief. James-Michael Page filed a reply on September 7, 2018. (Rec. Doc. 24819) Although Page did not request leave to file this brief, the Court has considered it. The Buzbee Law Firm filed three motions styled as "Motion for Leave to Amend PTO 65 Verified Statement . . . ." on September 20, September 26, and October 12, 2018. (Rec. Doc. 24874, 24890, 25051), which sought either to add signatures to previously submitted but unsigned PTO 65 statements or to submit, for the first time, a PTO 65 statement. The Court will deny each of these motions by the Buzbee Law Firm.

plaintiffs state that they were served with both PTO 65 and the Show Cause Order. (*See, e.g.*, Rec. Doc. 24701-1 at 3) The Court will briefly address the lack-of-service/notice arguments.

### A. Roderic M. Wright, Barbara Wright, and Destin Development

Roderic M. Wright, Barbara Wright, and Destin Development are represented by the same law firm and make identical arguments. These plaintiffs did not submit responses to PTO 65 until June 15, 2018, the deadline for responding to the Show Cause Order. Their claims were dismissed by the PTO 65 Compliance Order, prompting them to file the instant motions. (Rec. Docs. 24741-43)

Plaintiffs argue that their attorney was never served with PTO 65 and that he only knew about the Show Cause Order because the previous attorney forwarded a copy of the Show Cause Order to him. Plaintiffs' attorney admits, however, that he did not sign up to receive electronic service with File & ServeXpress ("File & Serve"), even though this was required under Pretrial Order No. 12 (Rec. Doc. 600) and First Amended Pretrial Order No. 12 (Rec. Doc. 18627) (collectively, "PTO 12"). PTO 12 warned that attorneys who failed to register with File & Serve would not receive documents filed in the MDL. As evidenced by the attached transaction summary (Exhibit 1 to this Order), File & Serve did email PTO 65 to the attorneys who registered with it for service.[4] Accordingly, it seems it was counsel's own fault that he did not receive a copy of PTO 65.

---

[4] PTO 65 was also posted to the Court's public website for MDL 2179, http://www.laed.uscourts.gov/OilSpill/OilSpill.htm.

Plaintiffs' attorney further claims that from the time he enrolled as counsel of record (November 9, 2016), he has diligently reviewed the individual dockets for his clients and never saw PTO 65. Like most documents in this MDL, however, PTO 65 was filed in the MDL master docket (No. 10-md-2179), not the individual dockets for member cases. Notably, Pretrial Order No. 1, which established the master docket and required that most filings occur there, is filed not only in the master docket (Rec. Doc. 2) but also in the individual dockets for these plaintiffs—the dockets counsel claims to have diligently reviewed. (*See* No. 13-01091, Rec. Doc. 3; No. 13-2420, Rec. Doc. 7; No. 13-00834, Rec. Doc. 3) Furthermore, the fact that counsel filed a Notice of Appearance in the master docket over a year before PTO 65 issued (*see* Rec. Doc. 21892) shows that he had actual, in addition to constructive, knowledge of the master docket.

Finally, counsel contends that the claims asserted by these plaintiffs are the property of a bankruptcy estate, and therefore should be pursued by the bankruptcy trustee. Assuming this is true, then the fact that these are not the proper plaintiffs and that the trustee has failed to appear and take the steps necessary to preserve and pursue these claims provides additional reasons to deny these motions. The MDL will move forward without these claims.

In conclusion, the Court DENIES Roderic M. Wright, Barbara Wright, and Destin Development's Motions for Relief from Order Dismissing Claims with Prejudice. (Rec. Doc. 24741, 24742, 24743)

**B. Gilbert Johnson, Cornelius Johnson, Patricia Bailey, Wilfred Gallardo, Jr.**

Gilbert Johnson, Cornelius Johnson, Patricia Bailey, and Wilfred Gallardo, Jr. are all represented by the same attorney. The plaintiffs did not submit a response to PTO 65 until July 23, 2018, when they jointly filed a Motion to Alter or Amend Judgment after the Court issued the PTO 65 Compliance Order. They argue that dismissal should be vacated because their attorney was not served with the Show Cause Order, even though she was registered for service with File & Serve.

It does appear from the evidence submitted that File & Serve failed to serve the Show Cause Order on anyone. However, it does appear that File & Serve served PTO 65 on these plaintiffs' attorney. (*See* Exhibit 1, p. 27 to this Order) But even if the Court were to find that lack of service of the Show Cause Order is grounds to excuse the untimeliness of these PTO 65 submission, the Court would still find that the submissions of Gilbert Johnson (Rec. Doc. 24713-4), Cornelius Johnson (Rec. Doc. 24713-3), and Patricia Bailey (Rec. Doc. 24713-5) are materially noncompliant for other reasons. For example, their responses to the first question are wholly inadequate. The Court also questions whether these plaintiffs actually signed their PTO 65 responses, as discussed below with Wilfred Gallardo, Jr.

As to Wilfred Gallardo, Jr., the substance of his PTO 65 statement appears to be sufficient. However, the Court questions whether Wilfred Gallardo, Jr. in fact signed the PTO 65 statement. Rather, it appears that the signature from an earlier affidavit submitted in late 2012 or early 2013 was copied-and-pasted to the PTO 65 submission. (*Compare* pages 5 and 10 of Rec. Doc. 24713-6) Furthermore, the present

6

motion makes no attempt to explain why, despite his counsel being served with PTO 65, Gallardo failed to respond to PTO 65 by the April 11, 2018 deadline.

Accordingly, the Court ORDERS that by December 13, 2018, Wilfred Gallardo, Jr. and his attorney shall file a declaration under penalty of perjury, *see* 28 U.S.C. § 1746, signed by both Gallardo and his attorney, that explains (1) whether Gallardo actually signed the PTO 65 statement on July 9, 2018, as represented by that document (Rec. Doc. 24713-6 at p.5), and (2) why Gallardo failed to respond to PTO 65 by the April 11, 2018 deadline.

The Motion to Alter or Amend Judgment (Rec. Doc. 24713) is otherwise DENIED with respect to Gilbert Johnson, Cornelius Johnson, and Patricia Bailey.

### C. Michelle Spaven-Daffin and James Sublett

Michelle Spaven-Daffin and James Sublett are represented by the same attorneys. Their attorneys were served with a copy of PTO 65 by File & Serve, however, File & Serve did not serve them with a copy of the Show Cause Order. Nevertheless, it does not appear that Michelle Spaven-Daffin has ever submitted a PTO 65 statement. Consequently, the Court denies the Motion to Vacate Judgment (Rec. Doc. 24700) with respect to Michelle Spaven-Daffin.

In contrast to Spaven-Daffin, James Sublett did file a PTO 65 statement on July 30, 2018. (Rec. Doc. 24716) Furthermore, the responses in his submission are sufficient. As to why Sublett failed to respond to PTO 65 by the April 11, 2018 deadline, his counsel explains that Sublett is one of the handful of what this Order will refer to as "Moratoria Hold Opt-Outs," i.e., a plaintiff who elected under the

7

Order [Regarding Claims in the Economic Settlement that Are Subject to Moratoria Hold] (Rec. Doc. 22390) to opt-out of the Economic and Property Damages Class Settlement and file a lawsuit in 2017. Sublett's counsel further states, "As a result of [Sublett's] unique path toward becoming an opt-out claimant, [Sublett] was inadvertently omitted from counsel's list of opt-outs, which resulted in Plaintiff's failure to submit a compliant PTO 65 affidavit." (Rec. Doc. 24716 at 3)

Considering Sublett's somewhat unique position as a Moratoria Hold Opt-Out, the fact that Sublett's attorney did not receive service of the Show Cause Order (apparently due to the fault of File & Serve, not Sublett's attorney), and that, upon being dismissed by the PTO 65 Compliance Order, Sublett promptly submitted a PTO 65 statement containing sufficient responses along with a motion seeking to vacate the PTO 65 Compliance Order, the Court will grant Sublett's motion and re-open his case.

In conclusion, the Court GRANTS the Motion to Vacate Judgment Under FRCP 60(b)(1) with respect to James Sublett (Rec. Doc. 24700) and DENIES the Motion (Rec. Doc. 24700) with respect to Michelle Spaven-Daffin.

### D. James-Michael Page

James-Michael Page's circumstances are similar to James Sublett's in several respects. Page is a Moratoria Hold Opt-Out, Page's attorney was not served with the Show Cause Order, and, after receiving the PTO 65 Compliance Order, Page promptly filed a motion to vacate and submitted a PTO 65 response that, aside for its untimeliness, materially complied with PTO 65. Furthermore (and in contrast to

8

Sublett), Page's attorney was not served with PTO 65. Page's attorney states in an affidavit that he was registered for service with File & Serve at the time PTO 65 issued, however, File & Serve did not serve PTO 65 on him because it had previously deactivated his account for nonuse. Page's attorney further states that File & Serve did not notify him that it had deactivated his account.

Considering Page's somewhat unique position as a Moratoria Hold Opt-Out, the fact that Page's attorney did not receive service of PTO 65 or the Show Cause Order (despite Page's attorney apparently having signed up to receive notice through File & Serve), and that, upon being dismissed by the PTO 65 Compliance Order, Page promptly submitted a PTO 65 statement containing sufficient responses along with a motion seeking to vacate the PTO 65 Compliance Order, the Court will GRANT Page's Motion to Vacate Judgment (Rec. Doc. 24719) and re-open his case.

> **E. Buzbee Law Firm (on behalf of multiple plaintiffs)**
> **F. Estate of William Patrick Kinser**
> **G. Beach Community Bank & Park National Corporation**
> **H. Mark Canfora**

The Buzbee Law Firm (on behalf of multiple plaintiffs), Estate of William Patrick Kinser, Beach Community Bank, Park National Corporation, and Mark Canfora do not present any arguments that warrant reconsidering, altering, amending, or vacating the PTO 65 Compliance Order or otherwise reinstating their claims. Their motions are denied for essentially the reasons advanced by BP. The Court further notes that the Fifth Circuit has affirmed, in published and unpublished opinions, dismissal for failure to comply with Pretrial Order No. 60, which preceded
9

PTO 65. *See In Re: Deepwater Horizon (Barrera)*, 907 F.3d 232 (5th Cir. 2018); *In Re: Deepwater Horizon (Perez)*, 713 F. App'x 360 (5th Cir. 2018) (unpublished).

## Conclusion

Accordingly,

**IT IS ORDERED** that the following motions are **DENIED:**

- Roderic M. Wright's Corrected Motion for Relief from Order Dismissing Claim with Prejudice (Rec. Doc. 24741);

- Barbara Wright's Corrected Motion for Relief from Order Dismissing Claim with Prejudice (Rec. Doc. 24742);

- Destin Development, LLC's Corrected Motion for Relief from Order Dismissing Claim with Prejudice (Rec. Doc. 24743);

- Buzbee Law Firm's Motion for Reconsideration Under Federal Rule of Civil Procedure 59(e), Alternatively Federal Rule of Civil Procedure 60(b), of PTO 65 Compliance Order (Rec. Doc. 24730);

- Buzbee Law Firm's Motions for Leave to Amend PTO 65 Verified Statement (Rec. Docs. 24874, 24890, 25051);

- The Estate of William Patrick Kinser's Motion for Clarification, or in the Alternative, Motion to Deem Plaintiff's Complaint Compliant with PTO 60 and Subject to Further Proceedings (Rec. Doc. 24694);

- Beach Community Bank's Motion to Alter or Amend Judgment (Rec. Doc. 24701);

- Park National Corporation's Motion to Alter or Amend Judgment (Rec. Doc. 24704); and

- Mark Canfora's Motion for Reconsideration [unspecified] (Rec. Doc. 24732)

**IT IS FURTHER ORDERED** that James-Michael Page's Motion to Vacate Judgment (Rec. Doc. 24719) is **GRANTED** and his claims are **REINSTATED.** The Clerk shall reopen James-Michael Page's case, No. 17-6083.

**IT IS FURTHER ORDERED** that Michelle Spaven-Daffin and James Sublett's Motion to Vacate Judgment under FRCP 60(b)(1) (Rec. Doc. 24700) is **GRANTED IN PART** and **DENIED IN PART** as follows: the claims of James Sublett are **REINSTATED**; the claims of Michelle Spaven-Daffin remain **DISMISSED.** The Clerk shall reopen James Sublett's case, No. 17-6044.

**IT IS FURTHER ORDERED** that James Sublett's Motion for Leave to File Reply (Rec. Doc. 24864) is **GRANTED.**

**IT IS FURTHER ORDERED** that Gilbert Johnson, Cornelius Johnson, Patricia Bailey, and Wilfred Gallardo, Jr.'s Motion to Alter or Amend Judgment (Rec. Doc. 24713) is **DENIED IN PART** and the claims of Gilbert Johnson, Cornelius Johnson, Patricia Bailey remain **DISMISSED**. The Court reserves ruling with respect to Wilfred Gallardo, Jr., and **FURTHER ORDERS** that by December 13, 2018, Wilfred Gallardo, Jr. and his attorney shall file a declaration under penalty of perjury, *see* 28 U.S.C. § 1746, signed by both Gallardo and his attorney, that explains (1) whether Gallardo actually signed the PTO 65 statement on July 9, 2018, as

represented by that document (Rec. Doc. 24713-6 at p.5), and (2) why Gallardo failed to respond to PTO 65 by the April 11, 2018 deadline.

New Orleans, Louisiana, this 29th day of November, 2018.

_____
United States District Judge

**Note to Clerk: File a copy of this Order in 10-md-2179 and the two cases re-opened by this Order, 17-6083 (James-Michael Page) and 17-6044 (James Sublett).**