# EXHIBIT A

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

## SWORN STATEMENT REGARDING GENERAL MARITIME LAW CLAIMS (B1 CLAIMS)

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Wahl | Ken | | |

| Business Name | Last 4 digits of Plaintiff's social security number (if individual) or full Tax ID number (if business plaintiff) |
|---|---|
| N/A | 8558 |

| MDL 2179 Member Case Number | Attorney Name and Firm |
|---|---|
| 2-18-CV-11054 | Jason Joy<br>Jason Joy & Associates |

**Did you own or otherwise hold a proprietary interest\* in property that was physically damaged by oil from the *Deepwater Horizon* or Macondo well or by the spill response?**

☐ Yes   ☒ No   If yes:   See Response to PTO 65

Identify the nature and location of the property: _____

Identify the nature of the alleged damage: _____

Identify the date(s) of the alleged damage: _____

\* As a general rule, you held a proprietary interest in property if you owned it or had actual possession or control of the property.

**Did you work as a commercial fisherman in or near the Gulf of Mexico on or after April 20, 2010?**

☐ Yes   ☒ No   If yes:

Identify the dates on which you worked as a commercial fisherman: _____

Identify the employer(s) (if any) for which you worked as a commercial fisherman: _____

Identify the location(s) in which you worked as a commercial fisherman: _____

I state under penalty of perjury that the foregoing is true and correct. Executed on the following date at the following location:

Date: __11/30/2018__, 2017

Location (City and State): __Saint Petersburg, FL__

_____

Signature of Plaintiff (*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf*)


__Ken Wahl__
Print Name


**The service of this sworn statement and supporting information pursuant to this Order must be on both Counsel for BP and the PSC on or before April 5, 2017. Service can be made via United States mail at the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | Attn: Steven J. Herman |
| Kirkland & Ellis LLP | Herman, Herman, Katz & Cotlar, LLP |
| 300 North LaSalle St, | 820 O'Keefe Avenue |
| Suite 2400 | New Orleans, LA 70113 |
| Chicago IL 60654 | |

**Claimants represented by counsel may additionally or alternatively serve the sworn statements and any supporting information upon Plaintiffs' Steering Committee and Counsel for BP via File & ServeXpress ("F&S").**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| Applies to: | JUDGE BARBIER |
| | MAG. JUDGE WILKINSON |
| *ALL CASES* | |

## PRETRIAL ORDER NO. 64

### [CASE MANAGEMENT ORDER NO. 6]

Considering the need for organization of this complex litigation, the Court established eight separate "pleading bundles" for different categories of cases and claims. (PTO 11, Rec. Doc. 569). To facilitate the effective administration of the actions that now remain within those pleading bundles, the Court adopts the following Case Management Order No. 6.

### I. PLEADING BUNDLES

#### A. Personal Injury and Death Claims.

In Pretrial Order 25, the Court identified twenty actions in this multidistrict litigation that involved personal injury or wrongful death claims resulting directly from the events of April 20, 2010 and that fell within Pleading Bundle A. (Rec. Doc. 983-1). Most of those actions have now been resolved and dismissed.

With respect to the remaining Bundle A cases before the Court, the Court **ORDERS AS FOLLOWS**:

1. To the extent the personal injury or wrongful death claims of any remaining Bundle A plaintiff have been compromised by agreement with defendants, absent good cause

shown, such plaintiff shall file a dismissal of his or her claims with prejudice no later than March 22, 2017.

2.     No later than April 5, 2017, defendants in the Bundle A actions remaining at that time shall file with the Court a brief report not to exceed two pages regarding the status of any remaining Bundle A actions.

### B. Private Individual and Business Loss Claims.

#### B1.     Non-Governmental Economic Loss and Property Damages.

Pursuant to Pretrial Order 60 and its related orders, the Court dismissed the Amended B1 Master Complaint and all joinders therein, and all remaining B1 plaintiffs compliant with PTO 60 have now pled their claims through individual complaints. As of the Court's order of July 14, 2016, approximately 962 B1 plaintiffs had complied with PTO 60 and had not yet resolved their claims against BP. (Order re Compliance with PTO 60, Rec. Doc. 20996). On December 16, 2016, the Court identified an additional 57 B1 plaintiffs as compliant with PTO 60. (PTO 60 Reconciliation Order, Rec. Doc. 22003). The PTO 60-compliant B1 plaintiffs who have not subsequently dismissed their claims (the "Remaining B1 Plaintiffs") remain subject to further proceedings in MDL 2179.

With respect to the Remaining B1 Plaintiffs, the Court **ORDERS AS FOLLOWS**:

1.     *Motions as to Release.* To the extent BP believes, based on information available to it at this time, that any Remaining B1 Plaintiffs have released their B1 claims, BP shall file any dispositive motions on that issue no later than March 22, 2017.

2. *Motions as to Presentment.* To the extent BP believes that any Remaining B1 Plaintiffs have failed to comply with the presentment requirement of the Oil Pollution Act of 1990 ("OPA"), BP shall file any dispositive motions on that issue no later than March 22, 2017.

3. *Sworn Statement Regarding General Maritime Law Claims.* No later than **April 5, 2017**, each Remaining B1 Plaintiff who wishes to pursue a general maritime law claim shall complete, sign, and serve the attached **Sworn Statement**, EXHIBIT A to this Order, stating whether the plaintiff owned or otherwise held a proprietary interest in property that was physically damaged by oil from the Deepwater Horizon/Macondo Well or by the oil spill response. The Remaining B1 Plaintiffs must also state in the Sworn Statement whether he, she, or it worked as a commercial fisherman in or near the Gulf of Mexico at the time of the oil spill. The Sworn Statement shall be served by United States mail at the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | Attn: Steven J. Herman |
| Kirkland & Ellis LLP | Herman, Herman, Katz & Cotlar, LLP |
| 300 North LaSalle St, Suite 2400 | 820 O'Keefe Avenue |
| Chicago IL 60654 | New Orleans, LA 70113 |

Claimants represented by counsel may additionally or alternatively serve the Sworn Statements and any supporting information upon the Plaintiffs' Steering Committee and Counsel for BP via File & ServeXpress ("F&S"). If any Remaining B1 Plaintiff who wishes to pursue a general maritime law claim fails to provide the required sworn statement by April 5, 2017, that plaintiff's general maritime law claims shall be deemed waived and any such general maritime law claims shall be dismissed without further notice and with prejudice. By May 10, 2017, BP shall submit *in camera* to the Court and to the PSC (a) a list of Remaining B1 Plaintiffs that BP in good faith believes made submissions in response to this paragraph that complied with the requirements of

3

this paragraph; (b) a list of Remaining B1 Plaintiffs that made some form of submission in response to this paragraph, but whose submissions BP in good faith believes are materially deficient for one or more identified reasons; and (c) a list of Remaining B1 Plaintiffs who did not submit any response to this paragraph.

Furthermore, BP shall mail a copy of this PTO 64 to any Remaining B1 Plaintiffs who are not represented by an attorney.

### B2. RICO Claims.

The B2 pleading bundle includes claims brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, and was pled pursuant to a B2 Master Complaint (as amended, Rec. Doc. 1814), which was joined by six plaintiffs who also filed separate RICO actions. On July 15, 2011, this Court held, in accordance with the United States Supreme Court's decision in *Hemi Group, LLC v. City of New York*, 130 S. Ct. 983 (2010), that the RICO Master Complaint failed sufficiently to allege proximate causation of plaintiffs' injuries under RICO. (Order and Reasons as to B2 Master Complaint, Rec. Doc. 3330). Accordingly, the Court dismissed the B2 Master Complaint in its entirety. (*Id* at 10).

With respect to the plaintiffs remaining in this multidistrict litigation (including member cases 10-4487, 10-4489, 10-2749, 10-4490, and 11-00867) who have timely pled RICO claims and have not released those claims (the "Remaining B2 Plaintiffs"), the Court **ORDERS AS FOLLOWS**:

1. The Remaining B2 Plaintiffs shall show cause in writing no later than March 8, 2017, why their claims have not already been dismissed, or should not be dismissed, with prejudice on the basis of the Court's Order and Reasons dismissing the B2 Master Complaint. If

4

the Remaining B2 Plaintiffs file no response, the Court will direct the clerk to enter final judgments dismissing plaintiffs' claims in each of the Bundle B2 actions listed above.

2. Defendants shall file any response to the Remaining B2 Plaintiffs' show cause submissions no later than March 22, 2017.

### B3. Clean-Up, Medical Monitoring, and Post-April 20 Personal Injury Claims.

Claims in Bundle B3 were previously pled pursuant to a Master Complaint, in which thousands of plaintiffs joined. Pursuant to Pretrial Order 63, the Court dismissed the Amended B3 Master Complaint and required all remaining B3 plaintiffs with timely and unreleased claims to plead their claims through individual complaints and to submit a sworn statement regarding their claims. The Court will address further proceedings in the B3 Pleading Bundle upon completion of the process set forth in PTO 63.

### C. Public Damage Claims by Government Entities.

Claims in Pleading Bundle C by the United States, Gulf States, and foreign governments were filed by individual complaint. Claims by Local Government Entities ("LGEs") were pled pursuant to a Voluntary Master Complaint (Rec. Doc. 1510), with many LGEs filing individual actions as well. The vast majority of claims in Bundle C have been resolved and dismissed, and the Court dismissed the Voluntary Master Complaint for LGE claims on August 28, 2015. (Rec. Doc. 15269).

Among the claims remaining in Pleading Bundle C is an action by the Mexican State of Yucatán (No. 13-06649). Before the Mexican State of Yucatán's action was transferred to this Court in December 2013, this Court had dismissed similar claims by the Mexican States of Veracruz, Tamaulipas, and Quintana Roo (Rec. Docs. 4848, 11281). The Fifth Circuit later

affirmed the dismissal of the Mexican States' claims. *In re Deepwater Horizon*, 784 F.3d 1019, 1021 (5th Cir.), *cert. denied sub nom. State of Veracruz, Republic of Mexico v. BP, P.L.C.*, 136 S. Ct. 536, 193 L. Ed. 2d 427 (2015).

With respect to the plaintiffs remaining in Pleading Bundle C, the Court **ORDERS AS FOLLOWS**:

1. Defendants in the Mexican State of Yucatán action (No 13-06649) are granted leave to file a motion seeking dismissal of the Mexican State of Yucatán's claims on or before April 5, 2017.

2. The Mexican State of Yucatán may file a response on or before April 26, 2017.

3. For the other actions remaining in Pleading Bundle C, the Court will address further proceedings in a later order.

### D1.   Injunctive and Regulatory Claims Against Private Parties.

Pleading Bundle D1 includes claims for injunctive relief and was pled pursuant to a Master Complaint (Rec. Doc. 880), which contained claims for injunctive relief filed by certain individual and organizational plaintiffs, several of which also filed separate actions within the D1 bundle. On June 16, 2011, this Court dismissed the D1 Master Complaint in its entirety. (Order and Reasons As to D1 Master Complaint, Rec. Doc. 2784). One D1 plaintiff, the Center for Biological Diversity, sought and obtained a final judgment dismissing its claims on the basis of the June 16, 2011 order. On appeal, the Fifth Circuit affirmed the dismissal of the Center's claims, with the exception of the Center's claims under the Emergency Preparedness Community Right to Know Act ("EPCRA"), 42 U.S.C. § 11004. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413 (5th Cir. 2013). On remand, this Court dismissed the Center's EPCRA

6

claims after finding, among other things, that petroleum is excluded from the list of hazardous substances whose release triggers EPCRA's notice requirements. (Rec. Doc. 15352). The Center took no appeal, and the time for doing so has now passed.

With respect to any plaintiffs remaining in this multidistrict litigation, including member cases 10-03255 and 10-03879, who have timely pled claims in the D1 bundle and have not released those claims (the "Remaining D1 Plaintiffs"), the Court **ORDERS AS FOLLOWS**:

1. The Remaining D1 Plaintiffs shall show cause in writing no later than March 22, 2017 why their claims should not be dismissed with prejudice on the basis of the Court's Order and Reasons dismissing the D1 Master Complaint, the Fifth Circuit's decision at 704 F.3d 413, and the Court's September 14, 2015 Order dismissing the Center's EPCRA claims.

2. Defendants shall file any response to the Remaining D1 Plaintiffs' show cause submissions on or before April 19, 2017.

## II. OTHER CLAIMS.

### A. False Claims Act Relator Action.

Case No. 12-987, *United States of America ex rel. Adam W. Dillon v. BP p.l.c., et al.*, which was consolidated with these proceedings in January 2013, is a relator action filed putatively on behalf of the United States of America for alleged violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. The putative relator alleges, *inter alia*, that defendants issued "false reports regarding the volume of oil released into the Gulf of Mexico following the April 20, 2010, explosion on the Deepwater Horizon floating oil rig, said false reports and certifications intended to avoid fines imposed for violation of the Clean Water Act, 33 U.S.C. §1321(b)(7)(A)." (*Dillon* Compl. at 1).

7

On April 4, 2016, the Court entered a Consent Decree among BP, the United States, and the five Gulf States. (Rec. Doc. 16093). Under the Consent Decree, BP agreed to pay "$82.6 million in settlement of the United States' claims under the False Claims Act, 31 U.S.C. § 3729 *et seq.*," and the United States covenanted not to sue any BP entity for any False Claims Act claim arising from the Deepwater Horizon Incident. (*Id.* at ¶¶ 24, 60.)

Accordingly, **IT IS HEREBY ORDERED** that

1. Plaintiff in Case No. 12-987 shall show cause in writing on or before March 22, 2017 why his claims should not be dismissed with prejudice, in whole or in part, on the basis of the Consent Decree.

2. Defendants shall file any response to the plaintiff's show cause submission no later than April 19, 2017.

### III. STAY OF PROCEEDINGS.

Except as explicitly set forth above, the provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying all cases consolidated with MDL 2179 remain in effect until further order of the Court.

New Orleans, Louisiana, this 22nd day of February, 2017.

CARL J. BARBIER
United States District Judge

8