## EXHIBIT A

| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* No. 10-MD-2179 ||||
|---|---|---|---|
| PTO 65 VERIFIED STATEMENT REGARDING CAUSATION AND DAMAGES (B1 CLAIMS) ||||
| Last Name<br><br>Wahl | First Name<br><br>Ken | Middle Name/Maiden | Suffix |
| Business Name || Last 4 digits of Plaintiff's social security number (if individual) or full Tax ID number (if business plaintiff) ||
| MDL 2179 Member Case Number<br><br>2-18-CV-11054 || Attorney Name and Firm<br>Jason Joy<br>Jason Joy & Associates, PLLC ||

All "Remaining B1 Plaintiffs" (as defined in PTO 65) must answer the questions below regarding damages and causation. Responses must be as specific and accurate as practicable and shall be given under penalty of perjury. It is a violation of PTO 65 to submit an answer that is, for example, generic, vague, evasive, or misleading. **The plaintiff (not the plaintiff's attorney) must sign and date the verification and attestation at the end of this form.** Responses shall be filed in the record for the plaintiff's **individual lawsuit** (not the master docket for MDL 2179) by no later than **April 11, 2018**.

You may attach additional pages to this form if you need extra room to answer a question. Make sure to indicate the question you are continuing to answer.

1

**Question 1:** Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount.

Ken Wahl is making claims for compensatory damages for lost wages and impairment of earning capacity pursuant to 33 U.S.C § 2702. The plaintiff also has general maritime claims as he was a boat captain. The nature of the damages regarding the case with Ken Wahl (MDL 2179 Member Case Number) are from his loss of employment that was a direct result of the BP Deepwater oil spill. The dates of his employment loss occured from September 13, 2010 to July 11, 2011. The total amount of damages regarding this case are ~$171,855. The calculations used to arrive to the total amount of damages use his pay rate per day before the date by which he lost employment resulting from the oil spill, multiplied by the expected amount of days Ken Wahl was going to work during the time he was not employed (September 13, 2010 - July 11, 2011). The total damage amount also includes additional losses as a result of the oil spill including 401K withdrawal, per holiday pay and reliance costs.

**Question 2:** Describe specifically the evidence you rely on to prove the damages you allege in response to Question no. 1.

Plaintiff's records kept in the orinary course of business including, but not limited to: Tax Returns, Form W-2's, Paystubs, receipts, and bank records.

**Question 3:** Describe specifically how the Deepwater Horizon/Macondo Well incident and oil spill caused the damages you allege in response to Question no. 1.

Mr. Wahl's employer terminated him on or around September 13, 2010 after the clean-up efforts were finishing and his services were no longer in demand. Plaintiff's employer Edison Chouest Offshore was heavily involved with BP. Most of the jobs Plaintiff worked on were BP related. Following the Spill, these jobs were far less available. Despite diligent efforts, due to the timing of his termination, Plaintiff was not able to regain new employment for approximately 10 months (July of 2011).

> **Question 4:** Do you have at this time an expert who will opine as to any of your responses to the above questions? (Yes or No)
>
> Yes.

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above four questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the damages described in response to Question no. 1 were caused by the Deepwater Horizon/Macondo Well incident and oil spill.

Executed on the following date at the following location:

Date: __November 30__, 2018

Location (City and State): __Saint Petersburg, FL__

_Ken Wahl_ (signature)

Signature of Plaintiff*

*Plaintiff's Attorney *Cannot* Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

___Ken Wahl___

Print Name


_____

Title/Position (if signed on behalf of a business or other entity)


**The verified statement, must be filed into the record of the plaintiff's individual lawsuit (as opposed to the master docket for MDL 2179) no later than April 11, 2018.**

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| Applies to: | JUDGE BARBIER |
| *ALL CASES IN PLEADING BUNDLE B1* | MAGISTRATE JUDGE WILKINSON |

**PRETRIAL ORDER NO. 65**

**[Requiring Remaining B1 Plaintiffs to File Verified Statements Regarding Causation and Damages by April 11, 2018]**

The Court previously provided the parties access to a Neutrals' process that has resolved a large number of the B1 bundle cases in litigation and a large number of claims pending in the Economic and Property Damages Settlement Program. The Court will again authorize the Neutrals to attempt to resolve the B1 claims that remain in litigation. The Court asks that the parties engage with the Neutrals in an effort to resolve the remaining B1 bundle cases and claims.

This Pretrial Order No. 65 ("PTO 65") is designed to facilitate the Neutrals' process. Additionally, as to those B1 bundle cases that are not settled via the Neutrals' process, this Pretrial Order serves as an important step toward bringing these cases to trial, whether that ultimately occurs in this Court or following remand to the transferor district.

As explained below, this PTO 65 requires Remaining B1 Plaintiffs (defined below) to provide sworn answers to four questions concerning damages and causation. **It is imperative that plaintiffs provide responses that are as specific and accurate as practicable.**

## I. Remaining Private Individual and Business Loss Claims

Pursuant to Pretrial Orders 60, 64, and their related orders, all B1 plaintiffs compliant with PTO 60 have now pled their claims through individual complaints, and it is only these B1 plaintiffs (the "Remaining B1 Plaintiffs") who are subject to further proceedings in MDL 2179 and this PTO 65. The Remaining B1 Plaintiffs are listed on Exhibits 1 and 2 to the Order as to the Motions for Reconsideration, Etc., of the PTO 64 Compliance Order (Rec. Doc. 23649).[1] To aid in the further administration of the Remaining B1 Plaintiffs, the Court **ORDERS AS FOLLOWS:**

**A.** *Damages and Causation Statement.* The Remaining B1 Plaintiffs have, in some form or fashion, alleged to have made presentment of their OPA claims. However, because those presentments were made several years ago, they do not necessarily represent the actual damages each Remaining B1 Plaintiff seeks in its pending litigation or explain how the plaintiff alleges that the damages sought were causally related to the Deepwater Horizon/Macondo Well incident and oil spill.

In order for the Court to understand the type and scope of the damages and causation alleged by the Remaining B1 Plaintiffs—independent of the sufficiency of any presentment previously made, which may be the subject of future orders—the Court now ORDERS that each Remaining B1 Plaintiff answer the following questions of the Court, as indicated on the attached Exhibit A:

---

[1] Exhibits 1 and 2 to the Order as to the Motions for Reconsideration, Etc. of the PTO 64 Compliance Order may also be found on the Court's public website for MDL 2179, www.laed.uscourts.gov/oilspill, under the entry for November 8, 2017.

2

1. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount.

2. Describe specifically the evidence you rely on to prove the damages you allege in response to Question no. 1.

3. Describe specifically how the Deepwater Horizon/Macondo Well incident and oil spill caused the damages you allege in response to Question no. 1.

4. Do you have at this time an expert who will opine as to any of your responses to the above questions?

**B.** *Verification and Attestation.* The answers to the above questions must be dated and verified by the signature of the plaintiff (and for businesses, the CEO, CFO, President, Owner, or similar senior corporate officer) attesting, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the answers provided to the Court to all four questions are true and correct, and specifically that the damages you allege in response to Question no. 1 were caused by the Deepwater Horizon/Macondo Well incident and oil spill.

**C.** *Filing of Verified Statements.* Each Remaining B1 Plaintiff who wishes to pursue any claim for damages must file the verified statement in the form attached hereto as Exhibit A into the record of the plaintiff's **individual lawsuit** (as opposed to the master docket for MDL 2179) by no later than **April 11, 2018**.

**II. Stay of Proceedings**

The provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying responsive pleadings in all MDL 2179 matters and staying individual petitions or complaints that fall within pleading bundles B1 and B3 remain in effect until further order of the Court.

3

New Orleans, Louisiana, this 11th day of January, 2018.

CARL J. BARBIER
United States District Judge

Note to Clerk. Mail copies of this PTO 65 and Exhibit A to the Remaining B1 Plaintiffs who are unrepresented:

Jacinto Manuel Allegue, No. 13-02574
Leoutha Batiste, No. 16-04154
Robert Evans, No. 16-03966
John F. Holt, No. 13-01183
Shelli J. Ladner, No. 16-03928
Stephen B. Morganstern, No. 13-01189
Patrick Murphy, No. 16-11769
Reginald Stanton, Sr., No. 16-03988