MINUTE ENTRY
WILKINSON, M. J.
DECEMBER 5, 2018

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |
| Civil Action Nos. 12-970, 15-4143, 15-4146 and 15-4654 | |

## CLAIMS APPEAL DETERMINATION AND REASONS
[Halliburton and Transocean Settlement]

The Claims Administrator has provided me with the Appeal Determination Notice, Court Review Request, Claim Form, Settlement Program Appeal Determination letter and the Memorandum in Support of Court Review Request submitted by claimants' counsel concerning the appeals of Larry and Kelly Tapp, Claim No. A94* * * * * * *;[1] Keith Fabre, Claim No. 8FF* * * * * * *; Ned Naquin, Claim No. 92B* * * * * * *; John Forester, Claim No. D3D* * * * * * *; Gerard Comeaux, Claim No. 5D7* * * * * * *; Peter Casbarian, Claim No. 26E* * * * * * *; Mark Dawson, Claim No. 3C8* * * * * *

---

[1] I note that this claim number applies to three (3) pieces of property owned by the Tapp claimants and listed as separate item numbers on the Claims Administrator's cases pending spreadsheet. This portion of this order remanding the claims is equally applicable to each appeal concerning those pieces of property.

**MJSTAR:   5:45**

\*; Kerry Lauricella, Claim No. 946\* \* \* \* \* \* \*;[2] Kevin and Kelly Poteet, Claim No. 9E6\* \* \* \* \* \* \*; Kirk Fabre, Claim No. C62\* \* \* \* \* \* \*; George Bezmalinovic, Claim No. EBB\* \* \* \* \* \* \*; and Dale Lebrun, Claim No. 1E6\* \* \* \* \* \* \* (collectively, "claimants") denying their claims for payment from the Halliburton/Transocean Settlement Agreements. Having reviewed these materials, the determination of the Claims Administrator is **AFFIRMED**.

The subject claims and the payments they seek are based upon a court-approved class action settlement. The court-approve New Class Distribution Model ("the Distribution Model") sets the binding parameters for payment of claims and constitutes the law governing payment. All class members, including these claimants, were given pre-approved notice of those parameters, and an opportunity to opt out of the settlement and pursue their own individual lawsuits for any reason, including if their properties or claim types did not fit within the payment parameters of the Distribution Model. These claimants did not opt out.

All 16 claims addressed in this order fall under the claim type Coastal Real Property. According to the Distribution Model,

> For purposes of identifying real property that was touched or physically damaged by oil or other substances from the Deepwater Horizon Incident . . . the same maps that were utilized in the [Deepwater Economic and Property Damage Settlement ("DHEPDS")] should be utilized . . . . In

---

[2] I note that this claim number applies to three (3) pieces of property owned by the claimant and listed as separate item numbers on the administrator's cases pending spreadsheet. This order is equally applicable to each appeal concerning those pieces of property.

general, areas included within those maps were <u>those areas that were monitored by the Deepwater Horizon Unified Command Shoreline Cleanup Assessment Teams ("SCAT") for the presence of oil following the Spill</u> . . . .these maps are the most appropriate tool for identifying those portions of real property that were likely touched by oil or other Spill-related substances from the Deepwater Horizon Incident and thus eligible for compensation under this Distribution Model.

Record Doc. No. 18797 at pp. 4–5 (emphasis added). All but one of the claimants' Court Review Requests rely on a privately commissioned environmental report that alleges proof of oiling from MC-252 on the shoreline of Bayou Barataria, a narrow waterway that flows along several (but not all) of claimants' properties ("the Barataria report").[3] <u>See</u> Plaintiff's Exhibit 1, "Affidavit of Kenneth Edward Landrum, Ph.D., PG, RSO." However, Dr. Kenneth Landrum, author of the Barataria report, explicitly stated in his affidavit that the area he surveyed for the report was neither monitored by SCAT, nor marked on any SCAT maps. <u>Id</u>.

Moreover, claimants' properties lie between 20 and 47 miles <u>outside</u> of the Coastal Real Property Claim Zone, the applicable compensation zone for the 16 claims addressed in this order. In regard to properties located outside of applicable compensation zones, the Distribution Model states the following:

Consistent with the eligibility requirements of the DHEPDS, a parcel not located within the Coastal Real Property Claim Zone . . . may be added to such zone <u>if the parcel is documented as oiled pursuant to SCAT or by an</u>

---

[3] I note that claimant Bezmalinovic's Court Review Request supporting documentation does <u>not</u> include the Barataria report, but rather includes a separate privately commissioned report that surveys land in the Slidell, Louisiana area ("the Slidell report"). Because Bezmalinovic's property is located in Belle Chasse, Louisiana, a considerable distance from Slidell, the Slidell report is irrelevant to Bezmalinovic's claim.

> official assessment conducted by the National Resources Trustees in connection with the Deepwater Horizon Incident. To be considered for zone inclusion, the claimant will need to file a Parcel Eligibility Determination Request with supporting documentation from SCAT or [Natural Resource Damages Assessment trustees] indicating the property was oiled for review and determination by the New Class Claims Administrator. No other parcels outside such zones shall be considered an eligible parcel.

Record Doc. No. 18797 at pp. 4–5 (emphasis added). Claimants have not provided documentation of oiling on their properties in the form of maps or documents covering SCAT-monitored areas, or documentation of oiling pursuant to a National Resources Damages Assessment. Claimants are thus ineligible for compensation under the Distribution Model.

The Distribution Model provides that in certain "extraordinary facts or circumstances" the court's equitable authority and discretion permit deviation from documentation requirements such as these. Id. at p. 27. I conclude that equitable authority in this class action settlement claims review and court appeal process is not so broad as to permit consideration of a privately commissioned expert report for properties outside of the approved zones in the absence of documentation from SCAT-monitored areas or a Natural Resources Damages Assessment. Consistency and reliability of results among all New Class claimants based upon a known and fixed evidentiary standard–i.e., SCAT-related documents or a Natural Resources Damages Assessment submitted by claimants–is a hallmark feature of equity. Record Doc. No. 21778 at p. 4. I will not apply the court's equitable authority so broadly as to encompass consideration of the Barataria report without any additional evidence from SCAT-monitored areas or a Natural Resources Damages

Assessment.[4]  It was not inequitable for the Claims Administrator to decline payment of claims like these when the claimants were provided the opportunity to opt out and pursue their <u>individualized</u> claims based on property locations and privately commissioned evidence <u>outside</u> of the court-approved payment parameters, but failed to do so.

The Claims Administrator's determination is consistent with the Settlement Agreements, the Allocation, and the court's orders approving the Settlement Agreements, the Distribution Model and the law supporting them, including equitable considerations. No sufficient basis requiring a different result has been provided.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**

---

[4] I note that the Slidell report included in claimant Bezmalinovic's Court Review Request is not only irrelevant to his claim for covering an area several miles away from his property, but also lacks additional evidence from SCAT-monitored areas or a Natural Resources Damages Assessment. Thus, the court's equitable authority cannot extend to consideration of the Slidell report.