MINUTE ENTRY
WILKINSON, M. J.
DECEMBER 7, 2018

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENT RELATES TO:<br><br>Civil Action Nos. 12-970, 15-4143, 15-4146 and 15-4654 | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

### CLAIMS APPEAL DETERMINATION AND REASONS
[Halliburton and Transocean Settlement]

The Claims Administrator has provided me with the Appeal Determination Notice, Court Review Request, Claim Form, Settlement Program Appeal Determination letter and the Memorandum in Support of Court Review Request submitted by claimants' counsel concerning the appeals of L&M Land, L.L.C., Claim No. ABA* * * * * * *;[1] New England Resorts of Mississippi, L.L.C., Claim No.1C5* * * * * * *;[2] and the Marion E. Elliot Trust, Claim No. 014* * * * * * * (collectively, "claimants") denying their claims for payment from the Halliburton/Transocean Settlement Agreements under the Wetlands

---

[1] I note that this claim number applies to three (3) pieces of property owned by the claimant and listed as separate item numbers on the administrator's cases pending spreadsheet. This order is equally applicable to each appeal concerning those pieces of property.

[2] I note that this claim number applies to twenty-nine (29) pieces of property owned by the claimant and listed as separate item numbers on the administrator's cases pending spreadsheet. This order is equally applicable to each appeal concerning those pieces of property.

MJSTAR: 2:25

Real Property framework. Having reviewed these materials, the determination of the Claims Administrator is **AFFIRMED**.

The subject claims and the payments they seek are based upon a court-approved class action settlement. The court-approved New Class Distribution Model ("the Distribution Model") sets the binding parameters for payment of claims and constitutes the law governing payment. All class members, including these claimants, were given pre-approved notice of those parameters, and an opportunity to opt out of the settlement and pursue their own individual lawsuits for any reason, including if their properties or claim types did not fit within the payment parameters of the Distribution Model. These claimants did not opt out.

All claims addressed in this order have been determined preliminarily eligible for compensation from settlement funds as Coastal Real Property. See Counsel's Letter, Court Determination Requests for L&M Land, L.L.C., New England Resorts of Mississippi, L.L.C., and the Marion E. Elliot Trust. Claimants argue nevertheless that their properties should be classified for payment as Wetlands Real Property, based on the alleged wetlands located on their properties and the proximity of their properties to the Wetlands Real Property Compensation Zone. Id. The Distribution Model does not provide for any properties outside of the State of Louisiana to be classified as Wetlands Real Property. Record. Doc. No. 6430-26, at p. 3, Exhibit 12A, Section 1(E). Despite their acknowledgment of this fact, claimants request that the rule be set aside and that the court "consider the fact that the [c]laimants' propert[ies are], in part, wetlands like those

Louisiana properties whose owners were allowed to recover under the wetlands framework." See Counsel's Letter, Court Determination Requests for L&M Land, L.L.C., New England Resorts of Mississippi, L.L.C., and the Marion E. Elliot Trust.

According to the Distribution Model,

> Consistent with the eligibility requirements of the DHEPDS, a parcel not located within the . . . Wetlands Real Property Claim Zone may be added to such zone <u>if the parcel is documented as oiled pursuant to SCAT [Shoreline Cleanup Assessment Teams] or by an official assessment conducted by the National Resources Trustees in connection with the Deepwater Horizon incident</u>. To be considered for zone inclusion, the claimant will need to file a Parcel Eligibility Determination Request with supporting documentation from SCAT or NRD [Neutral Resources Damages Assessment] indicating the property was oiled for review and determination by the New Class Claims Administrator.

Record Doc. No. 18797, at p. 5 (emphasis added). To argue that their properties should be classified as Wetlands Real Property rather than Coastal Real Property, all of these claimants' Court Review Requests rely on privately-commissioned expert reports to show wetlands on each of the claimants' properties. Court Review Requests for L&M Land, L.L.C., Exhibit 1, Permitting Exhibits; New England Resorts of Mississippi, L.L.C., Exhibit 1, Wetlands Dilineation, and the Marion E. Elliot Trust, Exhibit 1, Wetlands Delineation. As noted above, however, claimants have <u>not</u> provided documentation of oiling on their properties in the form of maps or documents covering SCAT-monitored areas, or documentation of oiling pursuant to a National Resources Damages Assessment. Claimants are thus ineligible for compensation under the Wetlands Real Property Claim Zone under the unambiguous terms of the Distribution Model.

The Distribution Model provides that in certain "extraordinary facts or circumstances" the court's equitable authority and discretion permit deviation from documentation requirements such as these. Record Doc. No. 18797, at p. 27 (emphasis added). I conclude that equitable authority in this class action settlement claims review and court appeal process is not so broad as to permit consideration of a privately commissioned expert report for properties outside of the approved zones in the absence of documentation from SCAT-monitored areas or a Natural Resources Damages Assessment. Consistency and reliability of results among all New Class claimants based upon a known and fixed evidentiary standard – i.e., SCAT-related documents or a Natural Resources Damages Assessment submitted by claimants – are hallmark features of equity. Record Doc. No. 21778, at p. 4. I will not apply the court's equitable authority so broadly as to encompass consideration of this privately-commissioned expert report without any additional evidence from SCAT-monitored areas or a Natural Resources Damages Assessment. It was not inequitable for the Claims Administrator to decline payment of claims like these when the claimants were provided the opportunity to opt out and pursue their individualized claims based on property locations not included in the designated Wetlands Real Property Compensation Zone and privately commissioned evidence outside of the court-approved payment parameters, but failed to do so.

In addition, in claimants' initial appeals to the New Class Claims Administrator, he determined that their properties were preliminarily eligible for compensation as Coastal Real Property, in the exercise of the administrator's own equitable authority and discretion.

No further exercise of this court's equitable authority and discretion in these appeals is justified.

The Claims Administrator's determination is consistent with the Settlement Agreements, the Allocation, and the court's orders approving the Settlement Agreements, the Distribution Model and the law supporting them, including equitable considerations. No basis requiring a different result has been provided.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**
**and**
**HESI/TRANSOCEAN SETTLEMENT**
**CLAIMS ADMINISTRATOR**