MINUTE ENTRY
WILKINSON, M. J.
DECEMBER 7, 2018

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |
| Civil Action Nos. 12-970, 15-4143, 15-4146 and 15-4654 | |

## CLAIMS APPEAL DETERMINATION AND REASONS
### [Halliburton and Transocean Settlement]

The Claims Administrator has provided me with the Appeal Determination Notice, Court Review Request, Claim Form, Settlement Program Appeal Determination letter, and the Memorandum in Support of Court Review Request concerning the appeals of Darleen Jacobs, Claim No. 293* * * * * * *[1] ("claimant") denying her claims for payment from the Halliburton/Transocean Settlement Agreements. Having reviewed these materials, the determination of the Claims Administrator is **AFFIRMED**.

The subject claims and the payments they seek are based upon a court-approved class action settlement. The court-approved New Class Distribution Model ("the Distribution Model") sets the binding parameters for payment of claims and constitutes the

---

[1] I note that this claim number applies to four (4) pieces of property owned by claimant and listed as separate item numbers on the Claims Administrator's cases pending spreadsheet. This order is equally applicable to each appeal concerning those pieces of property.

MJSTAR: 2:10

law governing payment.  All class members, including claimant, were given pre-approved notice of those parameters, and an opportunity to opt out of the settlement and pursue their own individual lawsuits for any reason, including if their properties or claim types did not fit within the payment parameters of the Distribution Model.  Claimant did not opt out.

All four claims addressed in this order fall under the claim type Coastal Real Property.  According to the Distribution Model,

> For purposes of identifying real property that was touched or physically damaged by oil or other substances from the Deepwater Horizon Incident . . . the same maps that were utilized in the [Deepwater Economic and Property Damage Settlement ("DHEPDS")] should be utilized . . . . In general, areas included within those maps were those areas that were monitored by the Deepwater Horizon Unified Command Shoreline Cleanup Assessment Teams ("SCAT") for the presence of oil following the Spill . . . .these maps are the most appropriate tool for identifying those portions of real property that were likely touched by oil or other Spill-related substances from the Deepwater Horizon Incident and thus eligible for compensation under this Distribution Model.

Record Doc. No. 18797 at pp. 4–5 (emphasis added).  Claimant's Court Review Requests rely on a privately commissioned environmental report that alleges proof of oiling on a tract of coastal land in Waveland, Mississippi, owned by claimant ("the Waveland report").  See "Preliminary Report on the Possible Effect of the BP Oil Spill on the Darlene Jacobs Tract near Waveland, Mississippi."  However, according to the zone maps included in claimant's Court Review Requests, the four properties addressed in this order are located in Diamondhead, D'Iberville, rural Hancock County, and rural Harrison County, Mississippi, ranging between five and thirty miles away from the area surveyed in the Waveland report.  See Court Review Requests, Zone Map Line Nos. 12, 14, 15, 16.  Thus, the Waveland

report addresses alleged oiling too far from the subject properties to offer dispositive support for the instant four claims.  In addition, claimant provides no evidence to show that the four properties that are the subject of these claims were monitored by SCAT or marked on any SCAT maps.

Claimant's properties lie between one half mile and 3.25 miles <u>outside</u> of the Coastal Real Property Claim Zone, the applicable compensation zone for the four subject properties.  As to properties located outside of applicable compensation zones, the Distribution Model states the following:

> Consistent with the eligibility requirements of the DHEPDS, a parcel not located within the Coastal Real Property Claim Zone . . . may be added to such zone <u>if the parcel is documented as oiled pursuant to SCAT or by an official assessment conducted by the National Resources Trustees in connection with the Deepwater Horizon Incident.</u>  To be considered for zone inclusion, the claimant will need to file a Parcel Eligibility Determination Request with <u>supporting documentation from SCAT or [Natural Resource Damages Assessment trustees] indicating the property was oiled</u> for review and determination by the New Class Claims Administrator.  <u>No other parcels outside such zones shall be considered an eligible parcel.</u>

Record Doc. No. 18797 at pp. 4–5 (emphasis added).  Claimant has not provided documentation of oiling on her properties in the form of maps or documents covering SCAT-monitored areas, or documentation of oiling pursuant to a National Resources Damages Assessment.  Claimant is thus ineligible for compensation under the Distribution Model.

The Distribution Model provides that in certain "extraordinary facts or circumstances" the court's equitable authority and discretion permit deviation from

documentation requirements such as these.  Id. at p. 27.  I conclude that equitable authority in this class action settlement claims review and court appeal process is not so broad as to permit consideration of a privately commissioned expert report for properties outside of the approved zones in the absence of documentation from SCAT-monitored areas or a Natural Resources Damages Assessment.  Consistency and reliability of results among all New Class claimants based upon a known and fixed evidentiary standard – i.e., SCAT-related documents or a Natural Resources Damages Assessment submitted by claimants – are hallmark features of equity.  Record Doc. No. 21778 at p. 4.  I will not apply the court's equitable authority so broadly as to encompass consideration of the Waveland report without any additional evidence from SCAT-monitored areas or a Natural Resources Damages Assessment.  Even if equity compelled consideration of the Waveland report, claimant's properties are located several miles away from the land surveyed in the report. It was not inequitable for the Claims Administrator to decline payment of claims like these when claimant was provided the opportunity to opt out and pursue her individualized claims based on property locations and privately commissioned evidence outside of the court-approved payment parameters, but failed to do so.

The Claims Administrator's determination is consistent with the Settlement Agreements, the Allocation, and the court's orders approving the Settlement Agreements, the Distribution Model and the law supporting them, including equitable considerations. No sufficient basis requiring a different result has been provided.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**
**AND**
**HESI/TRANSOCEAN CLAIMS ADMINISTRATOR**