# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 17-30912
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit
**FILED**
October 2, 2018
Lyle W. Cayce
Clerk

In Re: Deepwater Horizon:

_____

DACH VAN HOANG,

     Plaintiff - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP CORPORATION NORTH AMERICA, INCORPORATED; BP, P.L.C.; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; TRANSOCEAN HOLDINGS, L.L.C.,

     Defendants - Appellees

_____

TUOI PHAM, Shrimp Packer,

     Plaintiff - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP CORPORATION NORTH AMERICA, INCORPORATED; BP, P.L.C.; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; TRANSOCEAN HOLDINGS, L.L.C.,

     Defendants - Appellees

Case: 17-30912   Document: 00514733392   Page: 2   Date Filed: 11/23/2018
Case 2:10-md-02179-CJB-DPC   Document 25221-1   Filed 12/10/18   Page 2 of 10

No. 17-30912

DAVID EDWARDS,

        Plaintiff - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY, HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; TRANSOCEAN HOLDINGS, L.L.C.,

        Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:10-MD-2179, 2:16-CV-6071, 2:16-CV-6200, 2:16-CV-6696,
2:16-CV-5533, and 2:16-CV-5541

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

    Dach Van Hoang, Tuoi Pham, and David Edwards (collectively, "Plaintiffs") appeal the order of the district court dismissing their claims against various entities of BP, Transocean, and Haliburton that are connected to the Deepwater Horizon oil spill (collectively referred to as "BP"). We AFFIRM.

## I. Background

    This case presents another in the line of cases related to the Deepwater

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 17-30912    Document: 00514733392    Page: 3    Date Filed: 11/23/2018
Case 2:10-md-02179-CJB-DPC   Document 25221-1   Filed 12/10/18   Page 3 of 10

No. 17-30912

Horizon oil spill. Plaintiffs are three individuals that filed suit against BP for losses related to the Deepwater Horizon accident. Dach Van Hoang filed his claim doing business as Fulton Harbor Bait Stand, claiming to be affected by the oil spill. Tuoi Pham filed his claim as a shrimp packer.[1] David Edwards filed his claim as an individual who lost his job with the University of South Florida's Center for Ocean Technology as a result of the Deepwater Horizon accident. They are a part of the remaining group of plaintiffs from multidistrict litigation ("MDL") 2179, which was created following the Deepwater Horizon accident in 2010 to ensure that the people and entities affected by the accident with legitimate claims were able to recover from BP.

In April 2012, BP reached a settlement covering economic and property damage to a class of individuals and entities on the Gulf Coast. There is no dispute that Plaintiffs were covered by the settlement unless they opted out of its terms. A valid opt out required that a party submit a written request indicating an intent to opt out that was signed by the party by November 1, 2012. Dach Van Hoang and Tuoi Pham each submitted a timely opt out form. The district court found that David Edwards did not timely submit an opt out form because he did not personally sign the form, a conclusion David Edwards disputes on appeal.

At the inception of MDL 2179, the district court divided different groups of plaintiffs into administrative "pleading bundles," each with its own master complaint. Dach Van Hoang and Tuoi Pham each filed a short form joinder to adopt the master complaint of the B1 Bundle, which included claims for "private economic losses," on April 15, 2013. David Edwards filed his claim as

---

[1] The complaint for Tuoi Pham also lists Dach Van Hoang's information in the "Parties" section. This appears to be an error, as Tuoi Pham consistently identifies only as being in the shrimp business, either as a packer or a "header."

Case: 17-30912  Document: 00514733392  Page: 4  Date Filed: 11/23/2018
Case 2:10-md-02179-CJB-DPC  Document 25221-1  Filed 12/10/18  Page 4 of 10

No. 17-30912

a part of a mass action suit filed in Florida and transferred to MDL 2179 as a part of the B1 Bundle.

Meanwhile, the deadline to file a claim to recover under the class settlement for economic and property damages was June 8, 2015. Brent Coon, Plaintiffs' attorney here and David Edwards's attorney at the time, filed a motion on behalf of all class members represented by his firm to compel BP to inform him which of his firm's clients were considered to have "opted-out" of the settlement, "revoked their opt-out" of the settlement, or were "excluded" from the settlement. The court never ruled on the motion. At some point prior to June 8, 2015, all Plaintiffs all filed claims with the Court Supervised Settlement Program ("CSSP").

Following the settlements of other claims in the MDL court, the district court issued PTO 60 on March 29, 2016. In PTO 60, the district court dismissed the B1 Bundle Master Complaint and required that all remaining individuals or entities whose claims had not been settled file individual lawsuits, accompanied with signed sworn statements, with that court. Plaintiffs all complied with the order by filing their individual suits.[2]

The district court issued PTO 64 on February 22, 2017. As relevant here, PTO 64 mandated, "To the extent BP believes, based on information available to it at this time, that any [r]emaining B1 Plaintiffs have released their B1 claims, BP shall file any dispositive motions on that issue no later than March 22, 2017." BP moved to dismiss Plaintiffs' complaints on the grounds that they were bound by the terms of the class settlement. Specifically, BP argued that Plaintiffs had

---

[2] Despite the fact that David Edwards did not initially comply with PTO 60, as he did not file his individual lawsuit by May 16, 2016, BP deemed his complaint compliant. Thus, we will assume for the purposes of this appeal that his complaint was compliant for these purposes.

Case: 17-30912 Document: 00514733392 Page: 5 Date Filed: 11/23/2018
Case 2:10-md-02179-CJB-DPC Document 25221-1 Filed 12/10/18 Page 5 of 10

No. 17-30912

> (1) submitted claims to the CSSP, thus holding themselves out as settlement class members; (2) did not opt out of the class settlement; and (3) received a determination on their CSSP claim *other than* a determination that the Claims Administrator had determined them to be excluded from the settlement class. By their own representation and the Claims Administrator's confirmation, those plaintiffs are subject to the class release and this Court's injunction, and their claims should be dismissed.

Plaintiffs each filed an opposition to BP's motion to dismiss. Dach Van Hoang and Tuoi Pham each attached a copy of their opt out forms, representing that their records indicated that each had timely and validly opted out of the settlement. David Edwards argued that "all indications point[ed] to David Edwards having validly and timely opted out of the [settlement]." In support, he attached (1) an opt out form signed with the name "David K. Edwards," and (2) a list of individuals that had filed timely and valid opt out requests from the class that included the name "David E. Edwards." Plaintiffs all argued that their attorney could not determine whether they had revoked their opt outs, because the opt out forms were sent directly to the individuals rather than to the attorneys as well.

BP replied, arguing that Plaintiffs had all submitted claims in the CSSP and received a determination for their claims, which indicated that they intended to participate in the settlement. It noted that it had no record of a valid opt out for the relevant David Edwards–David K. Edwards–as only David E. Edwards appeared on the opt out list. Finally, it remarked that Dach Van Hoang and Tuoi Pham had revoked their opt outs through their former attorney.

On October 20, 2017, the district court dismissed Plaintiffs' claims. In doing so, it reviewed records from a report prepared by Garden City Group ("GCG"), a third party class claims administration vendor. The district court

Case: 17-30912    Document: 00514733392    Page: 6    Date Filed: 11/23/2018
Case 2:10-md-02179-CJB-DPC   Document 25221-1   Filed 12/10/18   Page 6 of 10

No. 17-30912

dismissed Dach Van Hoang and Tuoi Pham's claims because it determined that they validly revoked their opt outs based on a review of their revocations, attached as Exhibit Four to BP's reply but sealed in the district court. As to David Edwards, the dismissal was based upon the fact that the form submitted, while purportedly signed by David Edwards, appeared to be signed by his attorney, who was not permitted to validly opt out by signing on his client's behalf. It also did not find anything to support an argument that the David E. Edwards of Houston, Texas, who had validly opted out, was the same as the David K. Edwards of St. Petersburg, Florida, who was now trying to claim he had opted out. Plaintiffs timely appealed.[3]

## II. Discussion

### *A. Findings as to opt out status*

Plaintiffs' first argument is that the district court erred in concluding that David Edwards had not validly opted out of the class and that Dach Van Hoang and Tuoi Pham had validly revoked their prior opt outs. As these were findings of fact by the district court, we review for clear error. *See United States v. Olguin*, 643 F.3d 384, 395 (5th Cir. 2011).

BP argue that the mere filing of claims with the CSSP makes Plaintiffs members of the settlement class. This argument ignores that if Plaintiffs did subsequently properly opt out (without revoking the opt-out), they are not bound by the settlement. In other words, they are not barred from arguing that they did actually opt out.[4]

The crux of Plaintiffs' argument on this issue is that BP is not to be

---

[3] Plaintiffs efforts on appeal to unseal certain records sealed in the district court were unsuccessful.

[4] Because filing a CSSP claim does not automatically make an individual unable to file an independent lawsuit if the individual otherwise opted out, BP's waiver argument fails; Plaintiffs, by arguing that they opted out, have contested BP's argument that they cannot file their independent lawsuits.

Case: 17-30912 Document: 00514733392 Page: 7 Date Filed: 11/23/2018
Case 2:10-md-02179-CJB-DPC Document 25221-1 Filed 12/10/18 Page 7 of 10

No. 17-30912

believed as to the content of its records. They maintain that David Edwards's opt out form was either lost or missed when the opt outs were being catalogued. They also appear to distrust BP's assertion that Dach Van Hoang and Tuoi Pham actually submitted revocations of their opt outs, because Mr. Coon did not represent either of them at the time and, as Vietnamese is their native language, "[t]hey have a limited understanding of what, if anything they might have signed back in 2012, including optout [sic] forms and/or opt out revocation forms."

Plaintiffs contend that "BP's records are in many cases <u>TOTALLY WRONG</u>" and that the district court clearly erred by "simply trust[ing] them with regard to their records." Plaintiffs do appear to have identified some errors in BP's records determining who opted out of the settlement. However, they have not identified any errors related to their own claims. Further, the district court did not "simply trust" BP, but had an opportunity to review documents submitted by GCG and Plaintiffs' filings before determining that Plaintiffs' individual lawsuits should be dismissed.

Plaintiffs also argue that GCG, though ostensibly a third party, is "merely an extension of BP's army of pencil pushers handling oil spill claims" because it is paid by BP. Plaintiffs have not presented any evidence that GCG is actually controlled by BP. Speculation alone is insufficient to support any claim of improper control by BP over GCG such that the district court could not rely on GCG's records as a neutral third party. *Cf. In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Plaintiffs also argue that the CSSP and GCG "perpetuated waste, lost documents, and [created] unnecessary red tape," which led to bureaucratic errors. They argue that this violated Section 4.3.7 of the settlement, which provided that the CSSP use its "best efforts" ensure parties that participated

Case: 17-30912    Document: 00514733392    Page: 8    Date Filed: 11/23/2018
Case 2:10-md-02179-CJB-DPC   Document 25221-1   Filed 12/10/18   Page 8 of 10

No. 17-30912

in the settlement could recover on their claims. Plaintiffs identified certain problems that could be related to bureaucratic issues, such as a box that was lost when being sent between locations to process claims and evidence that BP's private settlement program and the CSSP contacted clients of Mr. Coon's firm with conflicting statements about whether that client had opted out of the settlement. Once again, however, Plaintiffs have not presented any evidence of this related to their own claims and, therefore, have not shown clear error.

Relatedly, Plaintiffs argue that, because there was no standard opt out form, the forms were "[m]any times . . . not clear." This argument is not relevant here, as Plaintiffs do not argue that any of their opt out forms were "not clear"; rather, the problem is that that BP argues that one was not signed by the claimant and the other two were revoked.

Plaintiffs next take issue with the fact that their "request[s] to reconcile opt-out forms . . . [were] rejected or ignored" by the district court. They argue that Mr. Coon's law firm needed to conduct a wide scale reconciliation, which would include BP and GCG providing information to Mr. Coon's firm regarding the opt out status of all individuals, because the forms "were so messed up that there was no way to separate [Mr. Coon's firm's] claims from those of other law firms." For example, Plaintiffs argue that if David Edwards could see the purported opt out form for David K. Edwards, he could determine if that form had been recorded correctly. In essence, they argue that Mr. Coon's law firm must be able to verify a large number of BP's and GCG's records, not just those involving these clients.[5]

With respect to David Edwards, there is no evidence that his form was "lost" or "missed." GCG did have a copy of an opt out form submitted by David

---

[5] The district court did not clearly err when it did not permit Mr. Coon's law firm to have access to all of the opt out documentation; that information is clearly excessive as to the three plaintiffs here.

8

Case: 17-30912 Document: 00514733392 Page: 9 Date Filed: 11/23/2018
Case 2:10-md-02179-CJB-DPC Document 25221-1 Filed 12/10/18 Page 9 of 10

No. 17-30912

Edwards, but it was not sufficient because it was signed by his attorney rather than by him. Plaintiffs did submit copy of a purported opt out form that David Edwards had signed to accompany David Edwards's opposition to BP's motion to dismiss his claims, but the district court did not credit that form. This was within its discretion as the form was not accompanied by any evidence that it was, in fact, a copy of the true and correct form that David Edwards submitted to GCG. Further, Plaintiffs have presented nothing to suggest that "David E. Edwards," who did validly opt out, is actually the "David K. Edwards" here. The district court did not find this evidence sufficient to show that the relevant David Edwards opted out, and we cannot say that it was clear error to do so.

Plaintiffs also appear to argue that they could show Tuoi Pham and Dach Van Hoang did not revoke their opt outs if they had an opportunity to view the sealed documents. However, the district court ordered BP to turn over the sealed documents to Plaintiffs' counsel. Plaintiffs' counsel never objected, filed a motion to compel, or otherwise noted that he had not received the documents that the district court ordered BP to turnover. Thus, this argument has been waived.

### *B. Timing of notification as to opt out status*

Plaintiffs' second broad argument is that the district court erred by not mandating that BP make them aware of their opt out status prior to the deadline to submit a claim with the CSSP. As the notification of individuals as to their opt out status was a matter of docket management, we review for an abuse of discretion.[6] *See Garcia v. Woman's Hosp. of Tex.*, 143 F.3d 227, 229 (5th Cir. 1998) (per curiam).

---

[6] Plaintiffs argue that the district court's delay in dismissing their individual claims indicates that BP unreasonably delayed in either determining who opted out of the settlement or informing those that did or did not opt out of their status. But BP simply followed the district court's mandate as to timing, and fault cannot be attributed to them for

Case: 17-30912    Document: 00514733392    Page: 10    Date Filed: 11/23/2018
Case 2:10-md-02179-CJB-DPC   Document 25221-1   Filed 12/10/18   Page 10 of 10

No. 17-30912

Although Plaintiffs argue that they were prejudiced, it is unclear from the record how this is so. Plaintiffs' argument is apparently that they were prejudiced due to the district court's delay in forcing BP to confront the alleged problems with its determinations of who had opted out "until it was too late for Appellants to act." Yet Plaintiffs were all permitted to file claims with the CSSP, such that they were not deprived of an opportunity to do so by the alleged delay. Plaintiffs were also able to maintain their individual lawsuits up until the time that the district court actually determined that they were a part of the settlement class. Although Plaintiffs were almost completely unsuccessful with their CSSP claims, there is no allegation that the failure of the CSSP claims was in any way due to the delay in determining whether Plaintiffs had opted out. Because Plaintiffs have not demonstrated harm, they cannot maintain their claim that any delay in notification was an abuse of discretion.

AFIRMED.

---

doing so. Therefore, the question is whether the district court abused its discretion allowing the CSSP claim filing deadline to pass prior to mandating that BP produce the list of opt outs.