# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

───────────

No. 17-30122

───────────

In re: Deepwater Horizon

United States Court of Appeals
Fifth Circuit

**FILED**
October 18, 2018

Lyle W. Cayce
Clerk

─────────────────────

JOAQUIN BARRERA, doing business as Restaurant Familiar Ah Caray,

    Plaintiff - Appellant

v.

BP, P.L.C.; BP AMERICA, INCORPORATED; BP PRODUCTS NORTH AMERICA, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION, INCORPORATED,

    Defendants - Appellees

─────────────────────────────

S.C.P.P. UNIDOS DE MATAMOROS, S.C. DE R.L.,

    Plaintiff - Appellant

v.

BP, P.L.C.; BP AMERICA, INCORPORATED; BP PRODUCTS NORTH AMERICA, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION, INCORPORATED,

    Defendants - Appellees

───────────────────────────────

S.C.P.P. 20 DE APRIL DEL POBLADO IGNACIO ZARAGOZA, S.C. DE R.L. DE C.V.,

    Plaintiff - Appellant

No. 17-30122

v.

BP, P.L.C.; BP AMERICA, INCORPORATED; BP PRODUCTS NORTH AMERICA, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION, INCORPORATED,

    Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before KING, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:

  This case presents another in the line of cases related to the Deepwater Horizon oil spill. The 104 appellants here (collectively referred to as "Plaintiffs") appeal the district court's order dismissing their claims with prejudice. We AFFIRM.

## I. Background

  Plaintiffs are individuals and associations located in Mexico that rely on the fishing industry as a primary source of income. They are a part of the remaining group of plaintiffs from multidistrict litigation ("MDL") 2179, which was created following the Deepwater Horizon accident in 2010 to ensure that the people and entities affected by the accident with legitimate claims could recover from appellees, various corporate entities of British Petroleum, collectively referred to as "BP."

  Following settlements of certain claims in the MDL, the district court issued pretrial order 60 ("PTO 60"), which required that all remaining individuals or entities whose claims had not been settled file individual lawsuits with the district court. Plaintiffs, along with other foreign plaintiffs,

2

No. 17-30122

filed a complaint which was transferred to the MDL court in May 2013. Significantly, PTO 60 required individual lawsuits to have a wet-ink signature from each plaintiff, to be received by the court by May 2, 2016. PTO 60 warned that non-compliance would result in "dismissal of their claims with prejudice without further notice."

Plaintiffs' attorneys filed a motion for extension of time and requested an additional ninety days to comply with PTO 60. They stated that they needed the additional time because they represented 1510 plaintiffs and it would be logistically difficult to comply. The district court granted a fourteen-day extension, but emphasized that "[n]o further extensions of time will be granted."

Plaintiffs' attorneys then filed a second motion for extension of time and explained that they were having technical filing issues, and that they had "clients that [were] out of town, out of the country, or working offshore and unable to respond to counsel in the 48-day window and [could] not provide the sworn declaration." The district court did not rule on the motion, and Plaintiffs did not properly file their declarations by the deadline. The district court then issued a show cause order, mandating that plaintiffs that failed to comply with PTO 60 "show cause in writing on or before June 28, 2016, why this Court should not dismiss their B1 claim(s) with prejudice for failing to comply with the requirements of PTO 60."

Plaintiffs' attorneys argued that: (1) certain plaintiffs should be granted additional time to submit the signed declaration, (2) other plaintiffs had, since the deadline, filed an individual declaration and had an individual lawsuit filed, and (3) the plaintiffs in the mass joinder complaint needed additional time to comply because of a "lack of electronic means, working offshore, inaccessibility, and change of contact information." BP countered that any plaintiffs that had not complied with PTO 60 by that time should be dismissed.

3

No. 17-30122

On December 16, 2016, the district court dismissed Plaintiffs' claims with prejudice. Plaintiffs filed a motion for reconsideration on January 13, 2017, and the district court denied that motion. Plaintiffs appeal the dismissal of their claims with prejudice and the denial of their Rule 59(e) and 60(b) motions.

## II. Standard of Review

We review matters concerning docket management for an abuse of discretion. *See Garcia v. Woman's Hosp. of Tex.*, 143 F.3d 227, 229 (5th Cir. 1998) (per curiam). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Elementis Chromium v. Coastal States Petroleum*, 450 F.3d 607, 610 (5th Cir. 2006) (internal quotation marks omitted) (quoting *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003)).

## III. Discussion

The parties agree that dismissal with prejudice is only permissible where there is "a clear record of delay or contumacious conduct by the plaintiff" and "where lesser sanctions would not serve the best interests of justice."[1] *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). However, as two of our sister circuits have held, there is a special deference required in the context of an

---

[1] Although our prior analysis surrounding whether a dismissal with prejudice is proper has predominantly been in the context of effectuating service and involuntary dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b), we have also indicated that the same standard applies in the case of dismissals with prejudice related to docket management. *See, e.g.*, *Price v. McGathery*, 792 F.2d 472, 474–75 (5th Cir. 1986) (per curiam). There have been, however, variations in the standard's precise language. *Compare Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) *with Tello v. C.I.R.*, 410 F.3d 743, 744 (5th Cir. 2005). We need not decide the exact parameters because, even assuming arguendo that we should apply the standard most favorable to the appellants here, they still do not prevail. Finally, aggravating factors are not required for a dismissal with prejudice. *Sealed Appellant*, 452 F.3d at 418.

Case: 17-30122    Document: 00514717813    Page: 5    Date Filed: 11/09/2018
Case 2:10-md-02179-CJB-DPC   Document 25222-1   Filed 12/10/18   Page 5 of 7

No. 17-30122

MDL.[2] The ability for "judges to enforce orders pertaining to the progress of their cases" is most important in "[MDL] cases, where the very purpose of the centralization before the transferee judge is the efficient progress of the cases in preparation for trial." *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3d Cir. 2013).

### A. *Clear Record of Delay or Contumacious Conduct*

Plaintiffs argue that the district court abused its discretion in making dismissal with prejudice the remedy for failing to comply with PTO 60. However, Plaintiffs repeatedly failed to provide the district court with any affidavits or other documentation to corroborate and explain their reasons for needing an extension of time. At first, Plaintiffs' attorneys stated that, "[l]ogistically, it is impossible to file each lawsuit individually after obtaining a signed declaration signed by each litigant by the deadline." But hundreds of other plaintiffs complied with PTO 60, demonstrating it was not logistically impossible. Despite receiving a fourteen-day extension with an explicit warning that no further extensions of time would be granted, Plaintiffs did not comply with PTO 60.

When Plaintiffs were ordered to show cause for why their claims should not be dismissed, they responded that "a number of the clients could not be reached within the time allotted by the Court," as they "were travelling, worked offshore for extended periods of time, do not have access to phones, computers, faxes, and/or are abroad." But Plaintiffs still did not submit any documentation or other evidence to the district court corroborating their

---

[2] *See, e.g.*, *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 243 (3d Cir. 2013) ("We review a district court's interpretation of its own orders with deference, particularly in the MDL context."); *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822 (D.C. Cir. 2009) ("District judges must have authority to manage their dockets, especially during massive litigation such as this [MDL], and we owe deference to their decisions whether and how to enforce the deadlines they impose.").

Case: 17-30122      Document: 00514717813      Page: 6      Date Filed: 11/09/2018
Case 2:10-md-02179-CJB-DPC   Document 25222-1   Filed 12/10/18   Page 6 of 7

No. 17-30122

explanation for the delay, nor did they show that their attorneys had attempted to contact the non-compliant plaintiffs. Plaintiffs were also given an opportunity to reply to BP's objections to their response to the show cause order, but provided the same explanation and once again, did not provide any corroborating documentation. In fact, aside from a few untimely individuals, Plaintiffs *never* filed sworn declarations that complied with PTO 60.[3] Nor have Plaintiffs provided records of calls or letters to show that their attorneys unsuccessfully attempted to contact them. Their attorneys have not procured affidavits from Plaintiffs, or representatives of Plaintiffs, indicating why a plaintiff could not be reached. Given the number of opportunities the district court gave Plaintiffs to either comply with PTO 60, explain why they could not do so, or show documentation of their attorneys' efforts, we hold Plaintiffs' failure to comply with PTO 60 constitutes a clear record of delay.[4]

### B. *Lesser Sanctions and the Best Interests of Justice*

We next consider whether lesser sanctions would serve the best interests of justice. "Lesser sanctions include '[a]ssessments of fines, costs, or damages against the plaintiff . . . conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (alterations in original) (quoting *Rogers*, 669 F.2d at 321–22). When it issued PTO 60, the district court expressly warned that non-compliance would lead to dismissal with prejudice. When the district court granted Plaintiffs'

---

[3] The plaintiffs who filed untimely declarations still failed to provide any reasonable explanation for the delay, despite numerous opportunities to do so. Nor did they provide evidence showing their attorneys had attempted to contact them.

[4] We recently upheld the same district court's decision to dismiss other plaintiffs' claims with prejudice based on their failure to comply with PTO 60—even after being given numerous opportunities to do so. *In re Deepwater Horizon*, 713 F. App'x 360, 362 (5th Cir. 2018) (per curiam), *cert. denied*, *Perez v. B.P., P.L.C.*, No.18-59, 2018 WL 3377965 (U.S. Oct. 1, 2018).

Case: 17-30122     Document: 00514717813     Page: 7     Date Filed: 11/09/2018
Case 2:10-md-02179-CJB-DPC   Document 25222-1   Filed 12/10/18   Page 7 of 7

No. 17-30122

extension request, it expressly stated no further extension would be granted. Even when Plaintiffs did not comply, the district court gave Plaintiffs multiple opportunities to explain why their claims should not be dismissed.

It is also unclear what lesser sanctions could have been appropriate following the district court's warnings and second chances. In issuing PTO 60, the district court sought to streamline proceedings by having all the remaining claims in the MDL filed in the same manner, each as an individual lawsuit. Any sanction other than dismissal would not achieve the desired effect of PTO 60, and would further delay the district court's efforts to adjudicate the MDL expeditiously. *See In re Asbestos*, 718 F.3d at 248.

In addition, unfortunately, there have been fraudulent claims filed on behalf of fictitious plaintiffs related to the Deepwater Horizon accident. *See, e.g., United States v. Warren*, 728 F. App'x 249, 251–52 (5th Cir. 2018) (per curiam), *cert. denied*, No. 17-9350, 2018 WL 3009122 (U.S. Oct. 1, 2018). Dismissal with prejudice is a proper remedy to prevent lawsuits from non-existent plaintiffs, which further hamper the resolution of meritorious claims by real plaintiffs. The district court's explicit warnings and second chances illustrate that lesser sanctions would not serve the best interests of justice.

For the reasons stated above, Plaintiffs' conduct satisfies both prongs of the standard for dismissing with prejudice. Thus, the district court did not abuse its discretion in dismissing Plaintiffs' claims with prejudice.

AFFIRMED.