UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| | * | JUDGE BARBIER |
| This Document Relates To: *All Claims In Pleading Bundle B3* | * * * | MAG. JUDGE WILKINSON |

MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANT BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, AND BP AMERICA INC. ("BP") FOR ENTRY OF AN ORDER RELATING TO THE DISPOSAL OF CERTAIN SAMPLES

BP Exploration & Production Inc., BP America Production Company, and BP America Inc. ("BP") have moved this Court for an Order in the form submitted herewith, seeking, under ¶14 of Pretrial Order #1 ("PTO 1 ¶14"), which relates to preservation of samples, authorization to dispose of certain samples. The samples were collected to assist the Natural Resource Damage Assessment conducted by Federal and State natural resource Trustees to assess natural resource damages resulting from the *Deepwater Horizon* oil spill. A detailed overview of samples proposed for disposal, including the item source and collection date, is set forth in Exhibit A. In support, BP states as follows:

PTO 1 ¶14 provides for the preservation of potentially-relevant evidence, including materials "reasonably anticipated to be subject to discovery . . . ." PTO 1 ¶14 identifies many categories of materials requiring preservation, including "tangible things" related to the *Deepwater Horizon* incident. Issued in April 2010, PTO 1 requires all parties to preserve, among other things, physical samples taken from source and various locations in the Gulf region, and to preserve reports and analysis, for example, related to these samples.

The samples proposed for disposal in Exhibit A consist primarily of samples that have been analyzed and for which data is already available. Additional samples proposed for disposal that have not yet been analyzed consist of (1) water samples that are approximately four to eight and half years old; (2) tissue and sediment samples that are approximately four to eight and half years old; and (3) waste samples. BP has undertaken extensive and costly efforts to preserve these samples in a manner that minimizes any chemical, physical and biological degradation of these samples. The bulk of material has been stored in glass containers, and robust standard operating procedures have been employed to minimize any loss and degradation.

Despite these efforts, it is impossible to fully preserve these samples in the condition they were in at the time of collection. The best storage methods merely slow down the chemical, physical and biological changes that inevitably continue after the sample is collected. All of the samples proposed for disposal in this motion have exceeded the maximum time in which samples can be held before analysis, and still yield results that are considered reliable and valid under US EPA sampling protocols. *See, e.g.*, Methods of Chemical Analysis of Water and Wastes, Sample Preservation, EPA-600/4-79-020 (US EPA 1983). Due to the amount of time that has passed since the samples were initially collected, the degradation of these samples has rendered them virtually unusable.

A detailed overview of the samples selected for disposal is provided in the "Summary Tables" tab and the "Disposal Summary" Tab of Exhibit A. These tabs provide a description, the quantity of analyzed, the proposed disposal volume, the source, and storage medium of the samples.

All data and data analysis available that is related to this material, has been, and shall be, retained and made available to all requestors. In addition, any party with pending claims related

to this proceeding may request, at its own cost, a sample of this material before it is destroyed. BP's request recognizes the status of the litigation, protects the rights of parties with pending claims related to this litigation, and weighs both the high cost, and extremely limited value, of requiring BP to continue to maintain this material in this costly format. This proposal thus helps ensure that the costs and burdens of discovery and preservation obligations imposed by litigation are proportionate to the benefits of the discovery and preservation obligations.

Given the nature of this material, and out of an abundance of caution, BP here provides specific notice to the parties and the Court of its intention to dispose of certain samples, and respectfully requests the Court to grant approval of such disposal.

WHEREFORE, BP respectfully requests that this Court enter an Order in the form submitted herewith.

December 12, 2018                    Respectfully submitted,

*/s/ Don Haycraft*
Don Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Christina L. Briesacher
(christina.briesacher@kirkland.com)
Vanessa Barsanti
(vanessa.barsanti@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Attorneys for BP America Production Company
and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of December 2018.

                                      */s/ Don Haycraft*
                                      Don Haycraft