# Exhibit 3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION

CASE No. 8:10-bk-04517-CPM

ADVERSARY PROCEEDING:
CASE No. 8:12-ap-00771-CPM

**NAUSSERA N.ZADEH**
Petitioner/Plaintiff

VS:

**GOLF GOAST CLAIM FACILITY ("GCCF")**
**KENNETH R. FEINBERG ADMINISTRATOR/S:**
**ADMINISTRATOR/S OR REPRESENTATIVE/S**
**& OR SUCCESSORS FOR ("BP") SETTLEMENT AGENTS;**
**"DEEP WATER HORIZON ECONOMIC CLAIM CENTER":**

**NOTICE OF ADVERSARY COMPLAINT AND CORE PROCEEDING:**

**IN FEDERAL BANKRUPTCY COURT**

Hereby the petitioner /debtor Naussera N. Zadeh in bankruptcy court in the middle district court in Tampa Florida in the above reference case number files this core adversary proceedings against the GULF COAST CLAIM FACILITY KENETH R.FEINBERG The administrator/s and or successor administrators appointed after and etc. arising out of the legitimate claims filed legally under the law with the said gulf coast claim facility for the losses and claims arose out of the deepwater horizon oil exploration under water explosion and disaster under the claims arose and negotiated with the Federal and the state of Florida officials and namely the honorable attorney generals' office and the newly elected honorable attorney general of the state of Florida Pam Bondi the third party to all the claimants and the claim processed and paid under the agreement with the Florida state to the effected and thus qualified claimants with the proceed allocated for the payments under the separate agreement set aside for the payments of the claims without any court actions against the facility..

Thereby the petitioner /debtor filed his first claim on about June of 2011 and was considered fully qualified to receive full compensation and payments under the official

1

agreement from the funds that has been set aside for settlement with full and complete documentations and the very same records that has been submitted to this honorable court under the chapter 13 bankruptcy protection.

However to the lack of due diligence and grossly negligence acts by the accountants at the said claim facilities who have made continuous and erroneous calculations and mistakes without proper considerations to the all complete documents and tax returns correctly to evaluate and thus calculate the proper amounts of the claim according to the proper professional practices .Upon investigation by the local claim adjusters most of the errors has been timely detected and after request for errors corrected for payments according to the rules and the figures provided by and to the federal and state officials with the agreement with the said agencies with.

- **The Gulf Coast Claim Facility (The "GCCF") is the official way for Individuals and Businesses to file claims for costs and damages incurred as a result of the Deepwater Horizon Incident on April 20th 2010 ("The Oil Spill").The GCCF and its Claim Administrator/s, Kenneth R. Feinberg, act for on behalf of BP Exploration & Production, Inc.("BP") in fulfilling BP's Statuary obligation as a "responsible party" under Oil Pollution Act of 1990 ("OPA").**

However upon finding of the additional facts the claim facility has intentionally and deliberately has withheld and denied and delayed the first payment for the 2010 claim and again withheld, denied and delayed the balance of the claim for the 2010 and 2011 without just compensation and reasons.

**THE GULF COAST CLAIM FACILITY ADMINISTRATOR** has violated their agreement with state and federal officials and has violated the ethical and used unfair deceptive practices to withhold; delay; and deny the claim which is a taxable income and lost wages claim according to the federal and state laws in bankruptcy court protection.

The claim facility have and had the complete proof and records that has been submitted and also is before this honorable court and upon receiving of the notices to correct and to process the claims within the reasonable time of 14 days as it has been promised to the claimant.

The promised claims payments on record with submission of additional request for evolution has never been corrected on the face of the record of the prime fascia documents and inquires submitted timely before all deadlines and the inquiries submitted by the claimant in bankruptcy .the claims for the 2010 has been paid partially and the final payment and the balance remains to be paid accordingly for 2010-2011.

2

**1-** The payment for the balance of the 2010 and the 2011 remains to be paid according to the calculations and evaluations of the claim facility and as yet has not been paid.

**2-** The debtor /petitioner is under bankruptcy protection and this honorable court has subject matter jurisdiction over the taxable future income and the earnings of the debtor under the protection of the bankruptcy court.

**3-** The jurisdictions of this honorable court for this core preceding are under the bankruptcy rules and the code of the bankruptcy law.

**4-** Therefore the debtor/petitioner request for hearings and with proof of the complete prime fascia evidence and with full detailed records submitted with the claim facility in the jurisdiction of the court for hearing.

## DISCRIMINATION AND GENDER BIAS PREJUDICE AGAINST THE CLAIMANTS:

Thus the said claim facility has violated and discriminated against the claimant within the very same class of the claimants and within the very same district and business related establishment with exact same identical occupation and income source within the exact geographical and physical business related establishment within the Pinellas county, within the State of Florida which has been badly effected as the result of the loss and the impact of the seafood industry and consumption with the proven tourist industry according to the available data from the local state and federal agencies report. In addition to the Pinellas County Local Governments' notice of legal action and suit against the BP in federal courts according to the record available.

However it is very and provably established that not only the claim facility has discriminated against the claimant in bankruptcy court and has also provably discriminated in the payments to the gender related discrimination and is and has fully paid the claims to the female employees and still pays in addition to the full complete payments after the release of full final settlement payments offer agreement has been paid out with higher amounts to the female employees than the male employees and the claimants with provable data and without the third party additional documentation not required by law nor requested by with the discovery of prime fascia evidence and data and witnesses…

**1-** The claim facility administers have intentionally withheld the taxable income of the debtor without just cause that has adversely effected the income of the debtor in chapter 13 wage earner bankruptcy to comply with all the earning reports to satisfy the court and the trustee of the status of the estate in bankruptcy.

3

**2-**The claim facility after change in the administrator has not acted in any capacity to pay the claims of the claimant in full amount but has contributed to delay the payments with additional burden of proof that has never been requested nor ever provided with any other applicant or claimant within the state of the Florida and the same exact establishment. Thus has again discriminated against the claimant in bankruptcy.

**3-**The claimant's taxable income would have been higher than the court records prove and the claims shall be higher than the rest of the claimants within the same establishment and occupation.

**4-**The claim facility has and is still holding the balance of the payments legally and lawfully due with provable data and documents under the law to the claimant or to the trustee for the 2010 balance and the 2011 taxable income and wages declared under the law of the federal and state income laws for compensation.

### The claim facility administrators and accountants have violated the very principals of the rights of the claimants that were promised to hold.

- 1-The right to equal treatment.
- 2-The right to equal access to the claim process.
- 3- The right to privacy of the claimant.
- 4-The right to the information about the claim.
- 5-The right to a fair review and determination of the claim.
- 6-the right to timely claim decisions.
- 7-The right to timely payments.
- 8- The right to ethical treatments.

### Deceptive conduct prohibited:

- Under the law of the state of Florida and statues and all the states under the federal and state regulatory police power the CPA must not engage in deceptive conduct:

4

- Deceptive includes fraud and misrepresentation or Omission s which a CPA either knows or should have known a capacity or tendency to deceive.

- Deceptive conduct is prohibited whether or not any one has been actually deceived.

- Deception includes not only deceptive statements but also includes in the knowing failure to disclose material facts.

### Discreditable conduct prohibited:

- (a)-Discreditable conduct when a CPA shall not engage in conduct discreditable to the accounting profession.

- (b)-Prohibited discreditable conduct, discreditable conduct includes but it is not limited to:

- (1)-Acts that reflect adversely on the CPA's honestly, integrity, trustworthiness, good moral character, or fitness as a CPA in other respects:

- (2)-Stating or implying an ability to improperly influence a government agency or official; or

- (30)-Failing to comply with any order issued by the board in the state of jurisdiction.

- There is provable air of deceit in the process of the claims by the facility and the claims adjusters and there is provable method of discrimination to the process which has been submitted for the claims to be paid by the administrators of the facility appointed to oversee the process that they have been committed to.

Hereby the debtor /petitioner requests this honorable court for hearing and for determination of the full payments of the claims of the taxable income and full settlement for the 2010 and 2011 claims remained to be paid in full amounts due.

- The debtor/ claimants reserves the right to petition the courts in jurisdiction for additional class settlement actions whatsoever permitted by the courts in jurisdictions for additional settlements appropriate.

- The claims arose out of the 2010 and 2011 are in the jurisdiction of this honorable court of bankruptcy protection for wage earner income under protection.

5

- The Gulf Coast Claim Facility is a private independent agency and of the jurisdiction of the federal courts and claims of the 2010 and 2011 was submitted to them in the local offices in the state of Florida in Clearwater, Pinellas county Florida.

- The claims were submitted prior to any other jurisdictions of the courts in Louisiana before the 2012 jurisdiction federal district court under the class action under way.

- Therefore the debtor /claimant request for release of the claims already on the record submitted within the jurisdiction of this honorable court for core proceedings and evidentiary hearing with the prime fascia evidentially documents on file with the **GULF COAST CLAIM FACILITY** who are still responsible to process the claims submitted by the claimant.

### ILLEGAL COERCIVE ACTIONS AND METHOD USED FOR SETTLEMENT:

There are provable method of coercive actions taken against the law by the GULF COAST CLAIM FACILITY for settlement without the proper calculations of the eligible and fully documented claim against the claimant in bankruptcy court to deny the claim as whole or to hinder and delay the claimant to settle in need of the funds without the bankruptcy court approval prior to June 4th of 2012.Many multiple requests for corrections against these corrective actions has been denied or never been responded by the G.C.C.F. in their capacity as accountants responsible for processing the claims in timely manners. The multiple and continuous requests for corrections by the local claim adjusters to pay the claim had caused inter office irritation for the accountants in their headquarters and thus in dismissal of the trustworthy local claim adjusters in their honest capacity to communicate the prime fascia evidence to the G.C.C.F. and thus as the result of the failure to correct the proper method of the calculations based on the BI-WEEKLY pay structure has caused AN INTENTIONAL PREJUDICE AND BIAS AGAINST THE CLAIMANT TO DENY HIS JUST AND PROPER METHOD OF EVALUTION OF HIS CLAIMS FOR FULL PAYMENT within the same jurisdiction and the denial of timely payments for 2010 and 2011 calendar years to June 4th 2012 payable.

These methods of settlement and coercive actions has been ruled illegal activity against the claimants by the federal and Florida state agencies and The United States Congress Committee to oversee the payment process and distribution to the legitimate statuary claimants effected by the environmental disaster

Therefor the petitioner/debtor/claimant request this honorable court for jurisdiction and hearings and request for relief under the law of the federal/state/and bankruptcy law to proceed with this core adversary proceedings against the above mentioned named

6

respondents/defendants in their capacity for full evidentiary hearing with evidence and witnesses of the claim facility namely MICHEAL-ANGEL-SMITTY of the claim facility in Clearwater in Florida for full payment without delay and applicable interest accrued with possible legal attorney cost and expenses for bringing this action for payment settlement for 2010 and 2011 period settlement before June 4th 2012.

- The GULF COAST CLAIM FACILITY (THE "GCCF") is to fulfill BP'S STATUARY OBLIGATION as a "responsible party" under Pollution Act of 1990 ("OPA").in the amounts of approximated 59,000.00 plus additional loss wages for the periods filed.

- RE-REWIEU ELECTION FORM (GCCF 1119) Date of Determination Letter: December 7th 2011 Deadline was submitted for RE-REWIEU ELECTION FORM PERIOR TO January 6th 2012 for the approximate 59,000.00 plus additional loss wages.

- To accept an outstanding (GCCF 1119) Transition Process Final Payment Offer that is dated prior to June 4th 2012, that has not expired due to recalculation period requested ; and /or IS STILL PENDING on two claim numbers issued by the GCCF for the remaining of the approximate 59,000.00 plus additional loss wages.

- Therefore THE CLAIM has not been paid in full amount and withheld for two claim numbers created by the GCCF the payments by the coercive actions of the G.C.C.F. for minimum quick settlements without consideration to timely filed and requested revaluation with proper and timely requested correction in calculation of the claims withheld instead of full timely payments to the claimant in bankruptcy prior to the June 4th 2012 for the approximate 59,000.00 plus additional loss wages.

- This honorable court also is empowered to oversee and to enforce additional agreement for settlement for 2012 and prior to June 4th 2012 and beyond and after June 4th for the purpose of the lost taxable income and wages and the future income necessary to complete the chapter 13 bankruptcy for successful completion without further delays. Since the jurisdictions are vested in federal courts for the claims against one or all the agencies responsible for payments of the all the claims currently under way in the class action settlements.

Debtor/claimant/petitioner:
CLAIM ID: 3528637
NAUSSERA N. ZADEH

NAUSSERA N. ZADEH
428 PASAJE AVE.
TARPON SPRINGS FL.34689-5726

Certificate of service:

Hereby the claimant/plaintiff certifies that the true copy of the said documents has been sent by the Certified US Mail/and or regular US Mail delivery to the following on this day of October-----, 2012.

1-Attorney for claimant in chapter 13:
TIMOTHY PERENICH ATTORNEY AT LAW
25749 US Highway 19 N.
CLEARWATER, FL. 33763

2-OFFICE OF UNITED STATES TRUSTEE:   THE CLAIMANT/PLAINTIFF:
501 ESAT POLK STREET                                    NAUSSERA N. ZADEH
ROOM 1200                                                          428 PASAJE AVE.
TAMPA FL. 33602                                                TARPON SPRINGS FL.34689

3-JON M. WAAGE:                                               NAUSSERA N. ZADEH
CHAPTER 13 TRUSTEE:
P.O. BOX 25001
BRADENTON FL.34206-5001

4-OFFICE OF ATTORNEY GENERAL:
HONERABLE ATTORNEY GENERAL PAM BONDI
STATE OF FLORIDA:
THE CAPITAL PL-01
TALLAHASSEE, FL.32399-1050

5-GULF COAST CLAIM FACILITY "GCCF":
KENNETH R. FEINBERG ADMINISTRATOR
P.O. BOX 9658
DUBLIN, OH. 43017-4958

6-GULF COAST CLAIM FACILITY "GCCF":
KENNETH R. FEINBERG ADMINISTRATOR
5151 BLAZER PKWY., SUITE A
DUBLIN, OH. 43017-4958

7-DEEP WATER HIRIZON ECONOMIC CLAIM CENTER:
P.O. BOX 1439
HAMMOND, LA. 70404-1439

8-ATTORNEY FOR GOLF COST CLAIM FACILITY:
GOODWIN PROCTOR LLP
THE New York TIME BUILDING
620 EIGTH AVENUE
NEW YORK, NY 10018

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER (Court Use Only) OCT - 9 2012 |
|---|---|
| **PLAINTIFFS**<br>NAUSSERA N.ZADEH | **DEFENDANTS**<br>GOLF GOAST CLAIM FACILITY ("GCCF) COURT, TAMPA FLORIDA<br>KENNETH R. FEINBERG ADMINISTRATOR/S:<br>ADMINISTRATOR/S OR REPRESENTATIVE/S<br>& OR SUCCESSORS FOR ("BP") SETTLEMENT AGENTS;<br>"DEEP WATER HORIZON ECONOMIC CLAIM CENTER": |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known)<br>GOODWIN PROCTOR LLP<br>THE NEW YORK TIME BUILDING 620 EIGTH AVENUE NEW YORK N.Y. 10018 |
| **PARTY** (Check One Box Only)<br>[X] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [X] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
CLAIMS OF COST AND DAMAGES INCURRED AS A RESULT OF THE DEEPWATER HORIZON INCIDENT ON APRIL 20th 2010(THE OIL SPIL). THE GULF COAST CLAIM FACILITY AND ITS CLAIM ADMINISTER/S ,KENNETH R.FEINBERG,ACT FOR ON BEHALF OF BP EXPLORATION &PRODUCTION,INC.(BP)IN FULFILLING BP's STATUARY OBLIGATION AS "AREPONSIBLE PARTY"UNDER OIL POLLUTION ACT OF 1990 ("OPA").FOR UNPAID CLAIMS TO THE PETITINER/PLAINTIFF FOR LOST WAGES AND COST TO DEFFEND THIS MATTER FOR NON PAYMENTS

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - Recovery of Money/Property | FRBP 7001(6) - Dischargeability (continued) |
|---|---|
| [ ] 11-Recovery of money/property - §542 turnover of property | [ ] 61-Dischargeability - §523(a)(5), domestic support |
| [ ] 12-Recovery of money/property - §547 preference | [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury |
| [ ] 13-Recovery of money/property - §548 fraudulent transfer | [ ] 63-Dischargeability - §523(a)(8), student loan |
| [1] 14-Recovery of money/property - other | [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | [ ] 65-Dischargeability - other |
| [ ] 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | [ ] 71-Injunctive relief - reinstatement of stay |
| [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h) | [ ] 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| [ ] 41-Objection / revocation of discharge - §727(c),(d),(e) | [ ] 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| [ ] 51-Revocation of confirmation | [ ] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | [ ] 01-Determination of removed claim or cause |
| [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other**<br>[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| [ ] Check if this case involves a substantive issue of state law | [X] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ 58,000.99 |

**Other Relief Sought**
RELIEF FOR COPMLETE CALCULATIONS AND PAYMENTS IN FULL FOR THE LOSS WAGES AND INCOME WITH FULL DUCUMENTATION SUBMITTED TIMELY AND LEGALLY UNDER THE AGREMENT WITH STATE AND FEDERAL AGENCIES CAUSED BY THE OIL SPIL ("OPA ACT") AND DAMAGES PLUS INTEREST FOR WITHOLDING THE FUNDS AND ATTORNEY COST FOR TRAIL IF NECESSARY IN LIGTH OF DESCRIMINATION OF PAYMENTS WITHIN THE SAME CLASS OF CLAIMANTS WITHIN THE FLORIDA STATE AND RELATED LOSSES.

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>NAUSSERA N.ZADEH | | BANKRUPTCY CASE NO.<br>8:10-bk-04517-CPM |
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE DISTRICT FLORIDA | DIVISIONAL OFFICE<br>TAMPA DIVISION | NAME OF JUDGE<br>HONERABLE CATHERINE PEEK McEwen. |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>NAUSSERA N.ZADEH *(signature)* | | |
| DATE<br>OCTOBER ,5th ,2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>NAUSSERA N.ZADEH | |

Print Form

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.