# Exhibit 14-1

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In re:<br>NAUSSERA N. ZADEH,<br><br>Debtor. | No. 8:10-bk-4517-CPM<br><br>Chapter 13 |
| NAUSSERA N. ZADEH<br><br>Plaintiff,<br><br>v.<br><br>KENNETH R. FEINBERG, GULF COAST CLAIMS FACILITY, DEEP WATER HORIZON ECONOMIC CLAIM CENTER,<br><br>Defendants. | Adv. Pro. No. 8:12-ap-771 |

**MOTION TO STAY PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION BY DEFENDANTS FEINBERG AND GULF COAST CLAIMS FACILITY**

This case stems from the April 20, 2010 explosion and fire that occurred on the "Deepwater Horizon" oil rig, and the subsequent oil spill in the Gulf of Mexico. Pursuant to the Oil Pollution Act, 33 U.S.C. §§ 2701 *et seq.* ("OPA"), BP Exploration & Production, Inc. ("BP") was designated by the United States Coast Guard as a "responsible party" for the spill, which obligated BP to establish a procedure for the consideration and possible settlement of certain categories of claims for damages resulting from the spill. On June 16, 2010, President Barack Obama announced an agreement by which BP transferred its responsibility in that regard to Defendants Kenneth R. Feinberg and Feinberg Rozen, LLP, which operated as the Gulf Coast Claims Facility (the "GCCF") in receiving, processing, and (where appropriate) paying claims for damages arising from the spill. Plaintiff alleges that the Defendants have failed in various

respects to comply with OPA in handling his claim for damages arising from the spill that the Plaintiff submitted to them.

Defendants Feinberg and the GCCF have today filed a Notice of Tag-Along Case with the Judicial Panel on Multidistrict Litigation ("JPML"), seeking to have this case transferred to MDL 2179, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, pending in the Eastern District of Louisiana. A copy of the Notice appears at Tab A.

Defendants Feinberg and the GCCF hereby move to stay further proceedings in this case while the MDL Panel decides whether to order its transfer. The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S 248, 254 (1936); *see also Clinton v. Jones*, 620 U.S. 683, 706 (1997) ("The District Court has broad discretion to stay proceedings as incident to its power to control its own docket.").

Where, as here, the MDL Panel has already decided that coordination of cases stemming from the April 2010 oil spill is appropriate, and has designated a venue for the coordinated proceedings, a stay is particularly appropriate pending conditional transfer to those proceedings. *See, e.g., Cajun Offshore Charters, LLC v. BP, PLC*, 2010 U.S. Dist. LEXIS 111742, *5 (E.D. La. May 25, 2010) ("Courts frequently grant stays in cases when an MDL decision is pending.") (citing cases); *accord e.g., Kline v. Earl Stewart Holdings, LLC*, No. 10-80912-CIV, 2010 WL 3432824, at *1 (S.D. Fla. August 30, 2010) (same); *Ayers v. ConAgra Foods, Inc.*, No. H-08-3723, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009) (same); *Gavitt v. Merck & Co., Inc.*, No. 2:08-cv-755-FtM-UA-DNF, 2008 WL 4642782, at *1-2 (M.D. Fla. Oct. 20, 2008) (same); *New Mexico State Investment Council v. Alexander*, 317 B.R. 440, 446 (D. N.M. 2004) (same);

*Mathern v. Wyeth*, No. Civ.A. 04-2116, 2004 WL 1922028 at *1 (E.D. La. Aug. 25, 2004) (same); *Knearem v. Bayer Corp.*, Civil Action 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002) (same); *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001) (same); *Aikins v. Microsoft Corp.*, No. Civ.A. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (same); *Falgoust v. Microsoft Corp.*, No. CIV.A. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) (same).[1]

Courts traditionally weigh three factors to determine whether a stay should be ordered: (1) hardship to the moving party if a stay is not granted; (2) the judicial resources saved by avoiding duplicative litigation; and (3) potential prejudice to the non-moving party. *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1360, 1360 (C.D. Cal. 1997). Each of these factors weighs heavily in favor of a stay in this case.

First, if the case belongs in the MDL proceeding (as we believe it clearly does), the Defendants will be harmed by having to litigate here in the meantime, thereby losing the benefits of the coordination that multidistrict litigation is designed to confer. *See, e.g., New Mexico State Investment Council*, 317 B.R. at 446 ("[I]f the stay is not granted, Defendants may be prejudiced by the duplication in efforts required if they are forced to participate in pretrial proceedings in this forum and then the action is transferred to the MDL court.").

Second, a stay will conserve judicial resources and prevent inconsistent adjudications. There is no point in this Court immersing itself in the OPA statutory scheme if another judge will

---

[1] As discussed in the Notice, the Panel has previously transferred adversary proceedings under 28 U.S.C. § 1407, and we have no reason to expect that the Panel would treat this adversary proceeding differently than it would a civil case filed in the District Court. Indeed, "[b]ecause federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets." *In re Phar-Mor, Inc., Securities Litigation*, MDL No. 959, 1994 U.S. Dist. LEXIS 1971, 1994 WL 41830, at *1 n.2 (J.P.M.L. Jan 31, 1994).

ultimately be called on to decide the issues presented in this case. *See La. Stadium & Exposition Dist.*, 2009 WL 926982, at *1 (court granted a stay rather than "spend time familiarizing itself with the intricacies of a case . . . that will ultimately be heard by another judge."); *Falgoust v. Microsoft Corp.*, 2000 WL 462919, at *2 (stay to allow the JPML to consider transfer motion would best promote "the interests of judicial economy").

Third, as all of the cases cited above demonstrate, a stay pending the MDL Panel's decision will not significantly prejudice Plaintiff. Nothing in the complaint herein suggests that evidence or witnesses would be lost during a stay; the case is not on the eve of trial; and the Plaintiff has expended only limited resources to date. Accordingly, the benefits of a stay outweigh any claim of prejudice by Plaintiff. *See, e.g., Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial . . . there are still considerations of judicial economy that outweigh any prejudice.").

In these circumstances, a stay will best serve the interests of judicial economy and prevent undue prejudice to the defendants without harming the plaintiffs. Therefore, many of the courts from which various defendants have requested a stay pending action by the JPML in MDL 2179 to date have entered orders staying their respective cases. *See, e.g., Knight, et al. v. BP p.l.c., et al.*, No. 8:12-cv-01774 (M.D. Fla.) (Docket No. 9) (Scriven, D.J.); *Meinhart v. Halliburton Energy Servs., Inc.*, No. H-11-0073, 2011 WL 1463600, at *8 (S.D. Tex. April 4, 2011) ("In light of the potential for inconsistent judgments, a stay pending the JPML's decision whether to transfer is appropriate."); *Vath, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01273-MLCF-JCW, Order and Reasons, (E.D. La. May 25, 2010) ("there is a grave potential for conflicting discovery orders" which "mocks an efficient and orderly judicial system"); *see also* Stay Orders entered in *Trung M Le, et al. v. BP Exploration and Prod.*

4

*Inc., et al.*, No. H-11-1397 (S.D. Tex.); *QMCD, LP, et al. v. BP Exploration and Prod. Inc., et al.*, No 4:11-cv-00624 (S.D. Tex.); *JESCO Constr. Corp. v. BP America Prod. Co. Inc., et al.*, No. 4:10-cv-04964 (S.D. Tex.), *Cajun Offshore Charters, LLC v. BP p.l.c., et al.*, No. 2:10-cv-01341-MLCF-SS (E.D. La.); *Schouest, et al. v. BP Prods. N. Am. Inc., et al.*, No. 6:10-cv-00727-RFD-CMH (W.D. La.); *Ward, et al. v. BP p.l.c., et al.*, No. 4:10-cv-00157-SPM-WCS (N.D. Fla.); *Douglass, et al. v. Transocean Holdings, Inc., et al.*, No. 3:10-cv-00136 (N.D. Fla.); *Water St. Seafood Inc., et al. v. BP p.l.c., et al.*, No. 4:10-cv-00162-SPM-WCS (N.D. Fla.); *In re The Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 4:10-cv-01721 (S.D. Tex.); *Mason, et al. v. Transocean, Ltd., et al.*, No. 1:10-cv-00191-CG-B (S.D. Ala.); *Gaskins, et al. v BP p.l.c., et al.*, No. 2:10-cv-00738-PM-CMH (W.D. La.); *Joe Patti Seafood Co., et al. v. Transocean, Ltd., et al.*, No. 3:10-cv-00137-MCR-MD (N.D. Fla.); *Walsh v. BP p.l.c., et al.*, No. 3:10-cv-00143-RV-MD (N.D. Fla.); *Sevel, et al. v. BP p.l.c., et al.*, No. 1:10-cv-00179-HSO-JMR (S.D. Miss.); *Harris v. Transocean, Ltd., et al.*, No. 3:10-cv-00129-MCR-MD (N.D. Fla.); *Hopper, et al. v. Cameron Int'l Corp., et al.*, No. 1:10-cv-00173-HSO-JMR (S.D. Miss.); *Cajun Maid, LLC, et al. v. BP p.l.c., et al.*, No. 1:10-cv-00176- HS0-JMR (S.D. Miss.); *Destin, et al. v. BP p.l.c., et al.*, No. 3:10-cv-00141-MCR-MD (N.D. Fla.); *Trieu, et al. v. BP Exploration & Prod., Inc., et al.*, No. 1:10-cv-00177-LG-RHW (S.D. Miss.); *Staley v. Cameron Int'l Corp., et al.*, No. 1:10-cv-00181-LG-RHW (S.D. Miss.); *Daniels, et al. v. Cameron Int'l Corp., et al.*, No. 1:10-cv-00182-HSO-JMR (S.D. Miss.); *Van Duyn, et al. v. Cameron Int'l Corp., et al.*, No. 1:10-cv-00183-HSO-JMR (S.D. Miss.); *Grieshaber, et al. v. BP Prods. N. Am., Inc., et al.*, No. 1:10-cv-00185-HSO-JMR (S.D. Miss.); *Montagnet v. Transocean Ltd., et al.*, No. 1:10-cv-00201-HSO-JMR (S.D. Miss.); *Nguyen, et al. v. Transocean, Ltd., et al.*, No. 1:10-cv-00236-HSO-JMR (S.D.

5

Miss.); *Brian Howard's Charter Fishing LLC, et al. v. Transocean Ltd., et al.*, No. 1:10-cv-00207-HSO-JMR (S.D. Miss.); *Barker, et al. v. BP p.l.c., et al.*, No. 1:10-cv-00225-HSO-JMR (S.D. Miss.); *T&D Fishery, LLC, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01332-MLCF-KWR (E.D. La.); *Gulf Crown Seafood, Inc. v. BP p.l.c., et al.*, 2:10-cv-01344-MLCF-JCW (E.D. La.); *Friloux, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01246-MLCF-JCW (E.D. La.); *Fishing Magicians Charters, LLC, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01338-MLCF-JCW (E.D. La.); *Bill's Oyster House, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01308-MLCF-ALC (E.D. La.); *Faris, et al. v. Transocean, Ltd., et al.*, No. 3:10-cv-00222 (E.D. Tenn.); *St. Romain, et al. v. BP p.l.c., et al.*, 6:10-cv-00836-RTH-CMH (W.D. La.); *Richard, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01438-MLCF-JCW (E.D. La.); *Ocean Reef Realty, Inc. v. Transocean Holdings, Inc.*, No. 3:10-cv-00132-LC-MD (N.D. Fla.); *Dugas, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01322-MLCF-DEK (E.D. La.); *Kunstler, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01345-MLCF-ALC (E.D. La.); *Williams v. Transocean, Ltd., et al.*, No. 2:10-cv-01243-MLCF-SS (E.D. La.); *Rodrigue, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01325-MLCF-KWR (E.D. La.); *Carrone, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01315-MLCF-JCW (E.D. La.); *Smith, et al. v. BP p.l.c., et al.*, No. 1:10-cv-00200-B (S.D. Ala.); *Cajun Crab, LLC, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01516-MLCF-ALC (E.D. La.); *Raffield Fisheries, Inc., et al. v. BP p.l.c., et al.*, No. 5:10-cv-00114-RS-EMT (N.D. Fla.); *Kilgore Realty, LLC, et al. v. Transocean, Ltd., et al.*, No. 3:10-cv-00156-RS-EMT (N.D. Fla.); *Destin Fishing Fleet, Inc., et al. v. BP p.l.c., et al.*, No. 3:10-cv-00160-RV-EMT (N.D. Fla.); *Creech v. Transocean Ltd., et al.*, No. 3:10-cv-00158-RV-EMT (N.D. Fla.); *Taliancich v. BP p.l.c., et al.*, No. 2:10-cv-01489-MLCF-DEK (E.D. La.); *Sophisticated Lady, L.L.C., et al. v. BP p.l.c., et al.*, No. 2:10-cv-01387-MLCF-DEK (E.D. La.); *Titeline Charter Serv., L.L.C. v. BP p.l.c., et al.*, No.

6

2:10-cv-01507-MLCF-KWR (E.D. La.); *Le, et al. v. BP p.l.c., et al.*, No. 5:10-cv-00124-RS-MD (N.D. Fla.); *Moret v. Transocean, Ltd., et al.*, No. 4:10-cv-10043-JEM (S.D. Fla.); *Balius, et al. v. BP p.l.c., et al.*, No. 1:10-cv-00262-LG- RHW (S.D. Miss.); *D&H Outfitters, LLC, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01556-MLCF-SS (E.D. La.); *Le, et al. v. BP p.l.c., et al.*, No. 4:10-cv-01970 (S.D. Tex.) ; *Chu, et al. v. BP p.l.c., et al.*, No. 4:10-cv-01972 (S.D. Tex.); *Nguyen v. BP p.l.c., et al.*, No. 4-10-cv-02030 (S.D. Tex.); *Nguyen, et al. v. BP p.l.c., et al.*, No. 4:10-cv-01968 (S.D. Tex.); *Le, et al. v. BP p.l.c., et al.*, No. 4-10-cv-01971 (S.D. Tex.); *Gautreaux v. BP p.l.c., et al.*, No. 2:10-cv-01539-MLCF-JCW (E.D. La.); *Duet, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01519-MLCF-ALC (E.D. La.); *Stevenson v. BP p.l.c., et al.*, No. 2:10-cv-01611-MLCF-ALC (E.D. La.); *Salley, d/b/a Sure Shot Charters v. Transocean, Holdings, Inc., et al.*, No. 3:10-cv-00133-MCR-MD (N.D. Fla.); *Harris, et al. v. Transocean, Ltd., et al.*, No. 3:10-cv-00134-LC-MD (N.D. Fla.); *Nguyen, et al. v. BP p.l.c., et al.*, No. 4:10-cv-01969 (S.D. Tex.); *Nguyen, et al. v. BP p.l.c., et al.*, No. 1:10-cv-00241-HSO- JMR (S.D. Miss.); *Barhanovich v. BP p.l.c., et al.*, No. 1:10-cv-258-HSO-JMR (S.D. Miss.); *Wilson v. BP p.l.c., et al.*, No. 1:10-cv-263-HSO-JMR (S.D. Miss.); *Davis, et al. v. Cameron Int'l Corp., et al.*, No. 4:10-cv-01852 (S.D. Tex.); *Kritzer, et al. v. Transocean Ltd., et al.*, No. 4:10-cv-01854 (S.D. Tex.); *Thigpen, et al. v. BP p.l.c., et al.*, No. 1:10-cv-280-LG-RHW (S.D. Miss.); *Nobles v. BP p.l.c., et al.*, No. 3:10-cv-00468-TJC-MCR (M.D. Fla.); *Kleppinger, et al. v. Transocean Offshore Deepwater Drilling, Inc., et al.*, No. 4:10-cv-01851 (S.D. Tex.); *Todd v. Transocean Ltd., et al.*, No. 3:10-cv-00213 (S.D. Tex.); *Chimin v. Transocean Ltd., et al.*, No. 3:10-cv-00212 (S.D. Tex.); *Coratella, et al. v. BP p.l.c., et al.*, No. 8:10-cv-01337-RAL-TGW (M.D. Fla.); *Jones, et al. v. Cameron Int'l Corp.*, No. 4:10-cv-02354 (S.D. Tex.); *Dung, et al. v. BP Exploration & Prod. Inc.*, No. 4:10-cv-

02129 (S.D. Tex.); *Litchfield Co., LLC, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01462 (D.S.C.); *Divine Fish House, Inc., et al. v. BP p.l.c., et al.*, No. 2:10-cv-01461 (D.S.C.); *Brandt, et al. v. BP p.l.c., et al.*, No. 2:10-cv-01460 (D.S.C.); *Rinke v. BP p.l.c., et al.*, No. 3:10-cv-00206-RV-EMT (N.D. Fla.); *Nguyen, et al. v. BP p.l.c., et al.*, No. 4:10-cv-02259 (S.D. Tex.); *Tran, et al. v. BP p.l.c., et al.*, No. 4:10-cv-02254 (S.D. Tex.); *Cynthia Joannou Revocable Trust, et al. v. BP p.l.c., et al.*, No. 2:10-cv-00380-CEH-SPC (M.D. Fla.); *Bennett, et al. v. BP p.l.c., et al.*, No. 10-cv-137-GFVT (E.D. Ky.); *Emerald Coast Prop. Group, LLP, et al. v. BP p.l.c., et al.*, No. 3:10-cv-00186-MCR-MD (N.D. Fla.); *Evans v. BP p.l.c., et al.*, No. 3:10-cv-00207-MCR-MD (N.D. Fla.); *Triad Seafood, Inc., et al. v. BP p.l.c., et al.*, No. 0:10-cv-61181-PAS (S.D. Fla.); *Rodriguez, et al. v. Transocean Ltd., et al.*, No. 3:10-cv-00221 (S.D. Tex.); *Phillips v. BP p.l.c., et al.*, No. 2:10-cv-01620-MLCF-KWR (E.D. La.); *Kansas, et al. v. Transocean, Ltd.*, No. 2:10-cv-01836-MLCF-KWR (E.D. La.); *Buras, et al. v. BP p.l.c., et al.*, No. 3:10-cv-00369-JJB-SCR (M.D. La.); *Woodward v. Transocean, Ltd., et al.*, No. 3:10-cv-00211 (S.D. Tex.); *Tran v. BP America Inc.*, No. 1:10-cv-00347-MAC (E.D. Tex.); *Tran v. BP America Inc.*, No. 1:10-cv-00345-MAC (E.D. Tex.); *Todd v. Transocean Ltd., et al.*, No. 3:10-cv-00213 (S.D. Tex.); *Chimin v. Transocean Ltd., et al.*, No. 3:10-cv-00212 (S.D. Tex.); *Aguilar, et al. v. Transocean Ltd., et al.*, No. 3:10-cv-00215 (S.D. Tex.); *Narcosis, Inc. v. BP p.l.c., et al.*, No. 8:10-cv-01312-SDM-TGW (M.D. Fla.); *J.J.S. Props., Inc. v. BP p.l.c., et al.*, No. 8:10-cv-01320-SDM-MAP (M.D. Fla.); *Galaris, et al. v. BP p.l.c., et al.*, No. 8:10-cv-01319-SDM-EAJ (M.D. Fla.); *1st Rate, LLC v. BP p.l.c., et al.*, No. 3:10-cv-00326-JJB-DLD (M.D. La.); *Stricker, et al. v. BP p.l.c., et al.*, No. 3:10-cv-00229-LC-EMT (N.D. Fla.); *Tran, et al. v. BP p.l.c., et al.*, No. 4:10-cv-02624 (S.D. Tex.); *Nguyen, et al. v. BP p.l.c., et al.*, No. 4:10- cv-02625 (S.D. Tex.); *Mai, et al. v. BP p.l.c., et al.*,

No. 4:10-cv-02621 (S.D. Tex.); *Tracy Acree Construction, Inc., et al. v. BP p.l.c., et al.*, No. 0:10-cv-61180-MGC (S.D. Fla.); *Phillips v. BP p.l.c., et al.*, No. 4:10-cv-00259-RH-WCS (N.D. Fla.); *Gold Fingers Jewelers & Gift Shop, Inc. v. BP p.l.c., et al.*, No. 8:10-cv-01317-SCB-MAP (M.D. Fla.); *Seta, et al. v. BP p.l.c., et al.*, No. 4:10-cv-02448 (S.D. Tex.); *Satchfield, et al. v. BP p.l.c., et al.*, No. 4:10-cv-02397 (S.D. Tex.); *Le, et al. v. BP p.l.c., et al.*, No. 4:10-cv-02619 (S.D. Tex.); *Le, et al. v. BP Exploration & Production Inc., et al.*, No. 4:11-cv-01397 (S.D. Tex.); *QMCD, et al. v. BP Exploration & Production Inc., et al.*, No. 4:11-cv-00624 (S.D. Tex.); *Jordan v. BP Exploration & Production Inc., et al.*, No. 4:12-cv-00002 (N.D. Fla.).[2] As in these cases, a stay is proper here.

## CONCLUSION

The motion for a stay pending the JPML's decision whether to transfer this case to MDL 2179 should be granted.

DATED: July 15, 2013

Respectfully submitted,

/s/ Eric S. Adams
Eric S. Adams
Florida Bar No. 0090476
SHUTTS & BOWEN LLP
100 S. Ashley Dr., Suite 1500
Tampa, Florida 33602
Telephone: (813) 227-8122
Facsimile: (813) 229-8901
eadams@shutts.com

Counsel for Defendants

---

[2] *But see Nat'l Vietnamese Am. Fishermen Emergency Ass'n, et al. v. BP p.l.c., et al.*, No. 4:10-cv-01607 (S.D. Tex. 2010) (denying motion to stay but suspending all deadlines).

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following:

Naussera N. Zadeh
428 Pasaje Avenue
Tarpon Springs, FL 34689
Plaintiff *Pro Se*

Deep Water Horizon Economic Claim Center
935 Gravier Street
Suite 120
New Orleans, LA 70112-1608


/s/ *Eric S. Adams*
Attorney


TPADOCS 19957148 1

10