Exhibit 14-2

# TAB A

## Notices

MDL No. 2179 IN RE: Oil Spill by
the Oil Rig "Deepwater Horizon"
in the Gulf of Mexico, on April 20,
2010

SET_FOR_HEARING

### United States

### United States Judicial Panel on Multidistrict Litigation

## Notice of Electronic Filing

The following transaction was entered by Sheehan, William on 7/15/2013 at 3:34 PM EDT and filed on
7/15/2013

| | |
|---|---|
| **Case Name:** | IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 |
| **Case Number:** | MDL No. 2179 |
| **Filer:** | |
| **Document Number:** | 1504 |

**Docket Text:**
**NOTICE OF POTENTIAL TAG-ALONG -- 1 Action(s) -- Filed by attorney Williams F.
Sheehan, counsel for: Kenneth R. Feinberg and Gulf Coast Claims Facility -- Florida
Middle District Court (8:12-ap-00771) (Attachments: # (1) Schedule of Actions, # (2)
Proof of Service, # (3) Exhibit A (Docket Sheet and Complaint - FLM 8:12-ap-00771))
(Sheehan, William)**


**MDL No. 2179 Notice has been electronically mailed to:**

Don Keller Haycraft    dkhaycraft@liskow.com

Stephen J Herman    sherman@hhklawfirm.com, rmiller@hhkc.com, rvalenti@hhkc.com

**MDL No. 2179 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP JPMLStamp_ID=1090522767 [Date=7/15/2013] [FileNumber=390273-0]
[7c5ad94387ff42168cdec9af87cf0096d65e869fe8942f1ba8675eeaaddce819ac2d9
7d654235e55c598d2a683a15c1040068c70d8ef52735ae17ad7e7e0754c]]
**Document description:**Schedule of Actions
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP JPMLStamp_ID=1090522767 [Date=7/15/2013] [FileNumber=390273-1]
[37ddc89a77b705beb04b7ef4f350aafca72322fa1cb35c5aa19f176231ce93053fe0c
0ef52beaf5b7776c9b2f93e5c3e98af083ac3132d4d079f86f1d6502148]]
**Document description:**Proof of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP JPMLStamp_ID=1090522767 [Date=7/15/2013] [FileNumber=390273-2]
[aefc52676216e2915c95a786a9fe26b3d62a1ca34ffd974b900775364a1012516b332
3be79b29e130cc2fc2d8ff1677d1f0e4bacce29e9bca911b9ef4cb9456f]]
**Document description:**Exhibit A (Docket Sheet and Complaint - FLM 8:12-ap-00771)
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP JPMLStamp_ID=1090522767 [Date=7/15/2013] [FileNumber=390273-3]
[01af8da6c2c59b8617623e780bd56a0200d5e1f83dd161ff298b1d362d6f0ab787af7
e6c0e1cc14b194d4f50e1d61dcab5011984571c1b8df8c5dd3a73d7ca98]]

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| OIL SPILL BY THE OIL RIG | ) | MDL Docket No. 2179 |
| "DEEPWATER HORIZON" IN THE | ) | |
| GULF OF MEXICO, ON APRIL 20, 2010 | ) | |
| | ) | |

## NOTICE OF RELATED ACTION UNDER JPML RULE 7.1(a)

To:  Clerk of the Panel
     Judicial Panel on Multidistrict Litigation
     Thurgood Marshall Federal Judiciary Building
     One Columbus Circle, N.B.
     Room G-255, North Lobby
     Washington, D.C. 20002-8004

Defendants Kenneth R. Feinberg and Gulf Coast Claims Facility hereby give notice

under J.P.M.L. Rule 7.1(a), that the case listed on the accompanying Schedule of Related

Actions is a potential tag-along relating to the actions that have been consolidated in *In Re: Oil*

*Spill By The Oil Rig "Deepwater Horizon" In The Gulf Of Mexico, On April 20, 2010*, MDL No.

2179.  This action was originally filed and is currently pending in the United States Bankruptcy

Court for the Middle District of Florida, Tampa Division.  A copy of the current docket sheet and

complaint is attached as Exhibit A.

This action involves numerous common questions of fact with the actions that the Panel

has previously transferred to the Eastern District of Louisiana as part of the above-captioned

multidistrict litigation, as summarized in the Panel's August 10, 2010 Transfer Order.  Among

other things, this case arises out of the same explosion, fire, and oil spill (*see* Notice of

Adversary Complaint & Core Proceeding at 1); it concerns the same claims process mandated by

the Oil Pollution Act (*see id.* at 1-3); and it alleges similar factual injuries and damages arising

from the oil spill (*see id.* at 2-6). Moreover, the Panel's August 10, 2010 Transfer Order expressly ruled that "[c]entralization may also facilitate closer coordination with Kenneth Feinberg's administration of the BP compensation fund" (Order at 3), and this new action directly implicates and raises overlapping factual and legal issues concerning Mr. Feinberg's former administration of the compensation fund. Accordingly, transfer of this case to the court supervising the MDL proceeding is required to achieve the stated purposes of the Panel's prior Transfer Order. The Panel's prior Transfer Order also refused to carve out claims under the Oil Pollution Act or matters relating to that Act's presentment requirement, issues that are also raised in the new complaint.

The Panel has previously transferred adversary proceedings under 28 U.S.C. § 1407. *See In re Nat'l Arbitration Forum Trade Practices Litig.*, 729 F. Supp. 2d 1353, 1354 (J.P.M.L. 2010) (denying motion to vacate conditional transfer order of adversary proceeding because, *inter alia*, "[t]ransfer under Section 1407, however, is not dependent upon a total identity of parties and issues but rather on the existence of common questions of fact") (internal citation omitted); *In re Phar-Mor, Inc., Securities Litigation*, MDL No. 959, 1994 U.S. Dist. LEXIS 1971, 1994 WL 41830, at *1 n.2 (J.P.M.L. Jan 31, 1994) ("Because federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets.").

In short, this new case is a tag-along action that should be transferred to the Eastern

District of Louisiana for coordinated or consolidated pretrial proceedings as part of MDL No.

2179.


July 15, 2013                              Respectfully submitted,

                                           Kenneth R. Feinberg and
                                           Gulf Coast Claims Facility.


                                           By their counsel,
                                           /s/ William F. Sheehan _____

                                           William F. Sheehan
                                           Goodwin Procter, LLP
                                           901 New York Avenue, NW
                                           Washington, DC 20001
                                           Telephone: (202)346-4303
                                           Facsimile:   (202) 346-4444
                                           wsheehan@goodwinprocter.com

Before the Judicial Panel on Multidistrict Litigation

MLD-2179

*In Re Oil Spill By The Oil Rig "Deepwater Horizon"*
*In The Gulf Of Mexico, On April 20, 2010*

## SCHEDULE OF ADDITIONAL RELATED ACTIONS

| Case Caption | Court | Case Nos. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Naussera N. Zadeh<br><br>**Defendants:**<br>Kenneth R. Feinberg;<br>Gulf Coast Claims<br>Facility;<br>Deep Water Horizon<br>Economic Claim Center | Bankr. M.D.<br>Florida | Case No. 8:10-bk-<br>04517-CPM<br><br>Adv. Proc. No.<br>8:12-ap-00771-<br>CPM | Assigned to:<br><br>Bankruptcy<br>Judge Catherine<br>Peek McEwen |

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| OIL SPILL BY THE OIL RIG | ) | MDL Docket No. 2179 |
| "DEEPWATER HORIZON" IN THE | ) | |
| GULF OF MEXICO, ON APRIL 20, 2010 | ) | |

## PROOF OF SERVICE

I hereby certify that on this 15th day of July 2013, I served the foregoing Notice of Related Action Under J.P.M.L. Rule 7.1(a), Schedule of Related Actions, and accompanying exhibits on Plaintiff (who is proceeding *pro se*) and upon Defendant Deep Water Horizon Economic Claim Center by causing copies thereof to be mailed by United States Mail, first class, postage prepaid, to them as follows:

Naussera N. Zadeh
428 Pasaje Avenue
Tarpon Springs, FL 34689
Plaintiff *Pro Se*

Deep Water Horizon Economic Claim Center
935 Gravier Street
Suite 120
New Orleans, LA 70112-1608
Defendant

Bankr. M.D. Fla. No. 8:10-bk-04517-CPM,
Adv. Proc. No. 8:12-ap-00771-CPM

July 15, 2013

/s/ William F. Sheehan _____

William F. Sheehan
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202)346-4303
Facsimile: (202) 346-4444
wsheehan@goodwinprocter.com

Counsel for Defendants

# EXHIBIT A

ADV

# U.S. Bankruptcy Court
## Middle District of Florida (Tampa)
## Adversary Proceeding #: 8:12-ap-00771-CPM

*Assigned to:* Catherine Peek McEwen          *Date Filed:* 08/17/12
*Lead BK Case:* <u>10-04517</u>
*Lead BK Title:* Naussera N Zadeh
*Lead BK Chapter:* 13
*Demand:*

*Nature[s] of Suit:* 14 Recovery of money/property - other

---

### *Plaintiff*
----------------------
**Naussera N Zadeh**          represented **Naussera N Zadeh**
428 Pasaje Avenue          by PRO SE
Tarpon Springs, FL
34689
SSN / ITIN: xxx-xx-
6586

V.

### *Defendant*
----------------------
**Kenneth R**          represented **Kenneth R Feinberg**
**Feinberg,**          by PRO SE
***Administrator Or***
***new Successors***
Gulf Coast Claim
Facility ,
Administrato
5151 Blazer Pkwy,
Ste. A
Dublin, OH 43017-
4958

### *Defendant*
----------------------
**Gulf Coast Claim**          represented **Gulf Coast Claim Facility c/o Kenneth R. feinberg, Administrator**
**Facility c/o Kenneth**          by PRO SE
**R. feinberg,**
**Administrator,** *or*
**Representatives for**

**BP Settlement
agents**
P.O. Box 9658
Dublin, OH 43017-
4958


**Defendant**
----------------------
**Deep Water            represented Deep Water Horizon Economic Claim Center
Horizon Economic                    by PRO SE
Claim Center**
P.O. Box 1439
Hammond, LA
70404

| Filing Date | # | Docket Text |
|---|---|---|
| 08/17/2012 | 1 (8 pgs) | Complaint by Naussera N Zadeh against Keneth R Feinberg, Gulf Coast Claim Facility Administrator. Filing Fee Not Required. Nature of Suit: [14 (Recovery of money/property - other)]. (Bernadette) (Entered: 08/21/2012) |
| 08/17/2012 | 2 | Summons Issued Summons Issued on Keneth R Feinberg . Answer Due 09/17/2012; Gulf Coast Claim Facility Administrator . Answer Due 09/17/2012. If one or more defendants are the United States or an officer or agency thereof, add an additional five days to the Answer Due date. (Bernadette) (Entered: 08/21/2012) |
| 08/21/2012 | | Issued Summons forwarded to Attorney for Plaintiff or pro se Plaintiff for service (related document(s) 2 ). (Bernadette) (Entered: 08/21/2012) |
| 09/11/2012 | | Change of address submitted to the Court on August 31, 2012 by the debtor Naussera N Zadeh in general case 8:10-bk-04517-CPM, 428 Pasaje Avenue, Tarpon Springs FL 34689. (Susan T.) (Entered: 09/11/2012) |
| 09/19/2012 | 3 (7 pgs) | Request *To Reissue Summons in an Adversary Proceeding Issued on Defendants by Error of the Clerk of Court* Filed by Plaintiff Naussera N Zadeh. (Bernadette) Modified on 10/10/2012 (Bernadette). (Entered: 09/27/2012) |
| | 6 (10 pgs) | Amended Complaint Nature of Suit: 14 (Recovery of money/property - other) by Naussera N Zadeh against Golf Coast Claim Facility ("GCCF"), Kenneth R. Feinberg Administrator/s: Administrators/s or Representative/s & or |

| 10/09/2012 | | Successors for ('BP") Settlement Agents:, Deep Water Horizon Economic Claim Center. (related document(s)1). (Bernadette) (Entered: 10/31/2012) |
| --- | --- | --- |
| 10/26/2012 | 4 (2 pgs) | Notice of Preliminary Hearing on Plaintiff's Request To Reissue Summons in an Adversary Proceeding Issued on Defendants by Error of the Clerk of Court . Hearing scheduled for 12/5/2012 at 03:30 PM at Tampa, FL - Courtroom 8B, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue. (Bernadette) (Entered: 10/26/2012) |
| 10/28/2012 | 5 (4 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) (Related Doc # 4)). Notice Date 10/28/2012. (Admin.) (Entered: 10/29/2012) |
| 12/05/2012 | 11 (1 pg) | Hearing Proceeding Memo: Hearing Held - **APPEARANCES:** Naussera Zadeh; Kelly Ballard; Timothy Perenich for Debtor; William Faulkner & Sarah Richardson for Pinellas County Tax Collector; Christina LeBlanc for Pinellas County Property Appraiser; Marsha Rydberg for Brian & Debra Bolves; Eric Adams for Gulf Coast Claim Facility... **RULING:** Request To Reissue Summons in an Adversary Proceeding Issued on Defendants by Error of the Clerk of Court Filed by Plaintiff Naussera N Zadeh. (Lewis, Bernadette) Modified on 10/10/2012 (Doc #3)... **GRANTED; COURT TO ISSUE ALIAS SUMMONS...BENCH ORDER SIGNED...** Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). **This docket entry/document is not an official order of the Court.** (Dkt) (Entered: 12/10/2012) |
| 12/07/2012 | 7 (2 pgs) | Order *Granting Motion to Reissue Summons* (related document(s)3). Signed on 12/7/2012 (Bernadette) (Entered: 12/07/2012) |
| 12/07/2012 | 8 (2 pgs) | Service of Previously Entered Order/Notice via Bankruptcy Noticing Center. Title of Previously Entered Document: Order Granting Motion to Reissue Summons Entered on the Docket December 7, 2012 (related document(s)7). (Bernadette) (Entered: 12/07/2012) |
| 12/07/2012 | 9 | Alias Summons Issued on Gulf Coast Claim Facility c/o Kenneth R. feinberg, Administrator Date Issued 12/7/2012, Answer Due 1/7/2013 . (Bernadette) **(See the "Corrective Action Taken" entry dated 12/07/2012.)** Modified on 12/07/2012 (Bernadette). (Entered: 12/07/2012) |

| | | |
|---|---|---|
| 12/07/2012 | | **Corrective Action Taken** *(Related Doc: Alias Summons Issued on Gulf Coast Claim Facility c/o Kenneth R. feinberg, Administrator Date Issued 12/7/2012, Answer Due 1/7/2013 .)* **Deficiency:** The document was incorrectly entered in the case by the Clerk's office. **Solution:** The Clerk's office has entered the correct document in the correct case, if applicable. **No further action required** (related document(s) 9 ). (Bernadette) (Entered: 12/07/2012) |
| 12/09/2012 | <u>10</u> (4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # <u>8</u>)). Notice Date 12/09/2012. (Admin.) (Entered: 12/10/2012) |
| 06/14/2013 | <u>12</u> (2 pgs) | Alias Summons Issued on Gulf Coast Claim Facility c/o Kenneth R. feinberg, Administrator Date Issued 6/14/2013, Answer Due 7/15/2013 . (Bernadette) (Entered: 06/14/2013) |
| 06/14/2013 | <u>13</u> (2 pgs) | Alias Summons Issued on Gulf Coast Claim Facility c/o Kenneth R. feinberg, Administrator Date Issued 6/14/2013, Answer Due 7/15/2013 . (Bernadette) (Entered: 06/14/2013) |
| 06/14/2013 | | Issued Summons forwarded to Attorney for Plaintiff or pro se Plaintiff for service (related document(s)<u>12</u>, <u>13</u>). (Bernadette) (Entered: 06/14/2013) |
| 06/21/2013 | <u>14</u> (10 pgs) | Second Amended Complaint Nature of Suit: 14 (Recovery of money/property - other) by Naussera N Zadeh against Deep Water Horizon Economic Claim Center, Kenneth R Feinberg, Gulf Coast Claim Facility c/o Kenneth R. feinberg, Administrator. (related document(s)<u>6</u>). (Bernadette) (Entered: 06/27/2013) |
| 06/21/2013 | <u>15</u> (2 pgs) | Alias Summons Service Executed on GCCF - Kenneth Feinberg, Administrator Filed by Defendant Gulf Coast Claim Facility c/o Kenneth R. feinberg, Administrator (related document(s)<u>13</u>,<u>14</u>). (Bernadette) Modified on 6/27/2013 (Bernadette). (Entered: 06/27/2013) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/03/2013 10:47:28 | | | |
| **PACER Login:** | gp1610 | **Client Code:** | 126607/203111 |

| **Description:** | Docket Report | **Search Criteria:** | 8:12-ap-00771-CPM Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>NAUSSERA N. ZADEH | DEFENDANTS<br>GOLF COAST CLAIM FACILITY ("GCCF")<br>KENNETH R. FEINBERG ADMINISTRATOR/S:<br>ADMINISTRATOR/S OR REPRESENTATIVE/S<br>& OR SUCCESSORS FOR ("BP") SETTLEMENT AGENTS:<br>"DEEP WATER HORIZON ECONOMIC CLAIM CENTER": |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>EX- Attorney for claimant in chapter 13:<br>TIMOTHY PERENICH ATTORNEY AT LAW<br>25749 US Highway 19 N. | **ATTORNEYS** (If Known)<br>ATTORNEY FOR GOLF COST CLAIM FACILITY:<br>GOODWIN PROCTOR LLP<br>THE New York TIME BUILDING NEW YORK N.Y.10018 |
| **PARTY** (Check One Box Only)<br>[X] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [X] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

• The Gulf Coast Claim Facility (The "GCCF") is the official way for Individuals and Businesses to file claims for costs and damages incurred as a result of the Deepwater Horizon Incident on April 20th 2010 ("The Oil Spill").The GCCF and its Claim Administrator/s, Kenneth R. Feinberg, act for behalf of BP Exploration & Production, Inc.("BP") in fulfilling BP's Statuary obligation as a "responsible party" under Oil Pollution Act of 1990 ("OPA").

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

| **FRBP 7001(1) - Recovery of Money/Property** | **FRBP 7001(6) - Dischargeability (continued)** |
|---|---|
| [ ] 11-Recovery of money/property - §542 turnover of property | [ ] 61-Dischargeability - §523(a)(5), domestic support |
| [ ] 12-Recovery of money/property - §547 preference | [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury |
| [ ] 13-Recovery of money/property - §548 fraudulent transfer | [ ] 63-Dischargeability - §523(a)(8), student loan |
| [14] 14-Recovery of money/property - other | [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | [ ] 65-Dischargeability - other |
| [ ] 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | [ ] 71-Injunctive relief - reinstatement of stay |
| [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h) | [72] 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| [ ] 41-Objection / revocation of discharge - §727(c),(d),(e) | [ ] 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| [ ] 51-Revocation of confirmation | [ ] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | [ ] 01-Determination of removed claim or cause |
| [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other**<br>[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
| [ ] Check if a jury trial is demanded in complaint | Demand $   59,999 |

Other Relief Sought

The Debtor/Claimant/Petitioner Requests and prays for relief from this honorable court for nonpayment of lost wages due to the Oil spill, the deceptive conduct and deceptive practices and discrimination within the same class of the claimants and selective denial of withholding of payments and requirements not requested nor disclosed to the claimants.

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>NAUSSERA N. ZADEH | BANKRUPTCY CASE NO.<br>CASE No. 8:10-bk-04517-CPM |

| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE DISTRICT FLORIDA TAMPA DIVISION | DIVISIONAL OFFICE<br>TAMPA DIVISION | NAME OF JUDGE<br>HONERABLE: KATHERINE Peek McEwen |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>NAUSSERA N.ZADEH | DEFENDANT<br>KENNETH R. FEINBERG ADMINISTRA | ADVERSARY PROCEEDING NO.<br>8:12-ap-00771 |

| DISTRICT IN WHICH ADVERSARY IS PENDING<br>UNITED STATES BANKRUPTCY COURT MIDDLE DIST | DIVISIONAL OFFICE<br>TAMPA DIVISION | NAME OF JUDGE<br>HONERABLE: KATHERINE Peek McEwen |
|---|---|---|

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

NAUSSERA N. ZADEH
Petitioner/Plaintiff

| DATE<br>JUNE 18th 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>NAUSSERA N. ZADEH Petitioner/Plaintiff |
|---|---|

Print Form

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT FLORIDA
## TAMPA DIVISION

**CASE No. 8:10-bk-04517-CPM**

ADVERSARY PROCEEDING:
**CASE No. 8:12-ap-00771-CPM**

**NAUSSERA N.ZADEH**
Petitioner/Plaintiff

**VS:**

**GOLF COAST CLAIM FACILITY ("GCCF")**
**KENNETH R. FEINBERG ADMINISTRATOR/S:**
**ADMINISTRATOR/S OR REPRESENTATIVE/S**
**& OR SUCCESSORS FOR ("BP") SETTLEMENT AGENTS;**
**"DEEP WATER HORIZON ECONOMIC CLAIM CENTER":**
Defendant:

### NOTICE OF ADVERSARY COMPLAINT AND CORE PROCEEDING:

### IN FEDERAL BANKRUPTCY COURT

Hereby the petitioner /debtor Naussera N. Zadeh in bankruptcy court in the middle district court in Tampa Florida in the above reference case number files this core adversary proceedings against the GULF COAST CLAIM FACILITY KENETH R.FEINBERG The administrator/s and or successor administrators appointed after and etc. arising out of the legitimate claims filed legally under the law with the said gulf coast claim facility for the losses and claims arose out of the deepwater horizon oil exploration under water explosion and disaster under the claims arose and negotiated with the Federal and the state of Florida officials and namely the honorable attorney generals' office and the newly elected honorable attorney general of the state of Florida Pam Bondi the third party to all the claimants and the claim processed and paid under the agreement with the Florida state to the effected and thus qualified claimants with the proceed allocated for the payments under the separate agreement set aside for the payments of the claims without any court actions against the facility..

Thereby the petitioner /debtor filed his first claim on about June of 2011 and was considered fully qualified to receive full compensation and payments under the official

1

agreement from the funds that has been set aside for settlement with full and complete documentations and the very same records that has been submitted to this honorable court under the chapter 13 bankruptcy protection.

However to the lack of due diligence and grossly negligence acts by the accountants at the said claim facilities who have made continuous and erroneous calculations and mistakes without proper considerations to the all complete documents and tax returns correctly to evaluate and thus calculate the proper amounts of the claim according to the proper professional practices .Upon investigation by the local claim adjusters most of the errors has been timely detected and after request for errors corrected for payments according to the rules and the figures provided by and to the federal and state officials with the agreement with the said agencies with.

- **The Gulf Coast Claim Facility (The "GCCF") is the official way for Individuals and Businesses to file claims for costs and damages incurred as a result of the Deepwater Horizon Incident on April 20th 2010 ("The Oil Spill").The GCCF and its Claim Administrator/s, Kenneth R. Feinberg, act for on behalf of BP Exploration & Production, Inc.("BP") in fulfilling BP's Statuary obligation as a "responsible party" under Oil Pollution Act of 1990 ("OPA").**

However upon finding of the additional facts the claim facility has intentionally and deliberately has withheld and denied and delayed the first payment for the 2010 claim and again withheld, denied and delayed the balance of the claim for the 2010 and 2011 without just compensation and reasons.

**THE GULF COAST CLAIM FACILITY ADMINISTRATOR** has violated their agreement with state and federal officials and has violated the ethical and used unfair deceptive practices to withhold; delay; and deny the claim which is a taxable income and lost wages claim according to the federal and state laws in bankruptcy court protection.

The claim facility have and had the complete proof and records that has been submitted and also is before this honorable court and upon receiving of the notices to correct and to process the claims within the reasonable time of 14 days as it has been promised to the claimant.

The promised claims payments on record with submission of additional request for evolution has never been corrected on the face of the record of the prime fascia documents and inquires submitted timely before all deadlines and the inquiries submitted by the claimant in bankruptcy court .The claims for the 2010 has been paid partially and the final payment and the balance remains to be paid accordingly for 2010-2011.

2

**1-**The payment for the balance of the 2010 and the 2011 remains to be paid according to the calculations and evaluations of the claim facility and as yet has not been paid.

**2-**The debtor /petitioner is under bankruptcy protection and this honorable court has subject matter jurisdiction over the taxable future income and the earnings of the debtor under the protection of the bankruptcy court.

**3-**The jurisdictions of this honorable court for this core preceding are under the bankruptcy rules and the code of the bankruptcy law.

**4-**Therefore the debtor/petitioner request for hearings and with proof of the complete prime fascia evidence and with full detailed records submitted with the claim facility in the jurisdiction of the court for hearing.

## DISCRIMINATION AND GENDER BIAS PREJUDICE AGAINST THE CLAIMANTS:

Thus the said claim facility has violated and discriminated against the claimant within the very same class of the claimants and within the very same district and business related establishment with exact same identical occupation and income source within the exact geographical and physical business related establishment within the Pinellas county, within the State of Florida which has been badly effected as the result of the loss and the impact of the seafood industry and consumption with the proven loss record to tourist industry according to the available data from the local state and federal agencies report. In addition to the Pinellas County Local Governments' notice of legal action and suit against the BP in federal courts according to the record available.

However it is very and provably established that not only the claim facility has discriminated against the claimant in bankruptcy court and has also provably discriminated in the timely payments to the gender related discrimination and is and has fully paid the claims to the female employees and still pays in addition to the full complete payments after the release of full final settlement payments offer agreement has been paid out with higher amounts to the female employees than the male employees and the claimants with provable data and without the third party additional documentation not required by law nor requested by with the discovery of prime fascia evidence and data and witnesses...

**1-**The claim facility administers have intentionally withheld the taxable income of the debtor without just cause that has adversely effected the income of the debtor in chapter 13 wage earner bankruptcy to comply with all the earning reports to satisfy the court and the trustee of the status of the estate in bankruptcy.

3

**2-**The claim facility after change in the administrator has not acted in any capacity to pay the claims of the claimant in full amount but has contributed to delay the payments with additional burden of proof that has never been requested nor ever provided with any other applicant or claimant within the state of the Florida and the same exact establishment. Thus has again discriminated against the claimant in bankruptcy.

**3-**The claimant's taxable income would have been higher than the court records prove and the claims shall be higher than the rest of the claimants within the same establishment and occupation.

**4-**The claim facility has and is still holding the balance of the payments legally and lawfully due with provable data and documents under the law to the claimant or to the trustee for the 2010 balance and the 2011 taxable income and wages declared under the law of the federal and state income laws for compensation.

### The claim facility administrators and accountants have violated the very principals of the rights of the claimants that were promised to hold.

- 1-The right to equal treatment.

- 2-The right to equal access to the claim process.

- 3- The right to privacy of the claimant.

- 4-The right to the information about the claim.

- 5-The right to a fair review and determination of the claim.

- 6-The right to timely claim decisions.

- 7-The right to timely payments.

- 8- The right to ethical treatments.

### Deceptive conduct prohibited:

- Under the law of the state of Florida and statues and all the states under the federal and state regulatory police power the CPA must not engage in deceptive conduct:

4

- Deceptive includes fraud and misrepresentation or Omission s which a CPA either knows or should have known a capacity or tendency to deceive.

- Deceptive conduct is prohibited whether or not any one has been actually deceived.

- Deception includes not only deceptive statements but also includes in the knowing failure to disclose material facts.

**Discreditable conduct prohibited:**

- (a)-Discreditable conduct when a CPA shall not engage in conduct discreditable to the accounting profession.

- (b)-Prohibited discreditable conduct, discreditable conduct includes but it is not limited to:

- (1)-Acts that reflect adversely on the CPA's honestly, integrity, trustworthiness, good moral character, or fitness as a CPA in other respects:

- (2)-Stating or implying an ability to improperly influence a government agency or official; or

- (30)-Failing to comply with any order issued by the board in the state of jurisdiction.

- There is provable air of deceit in the process of the claims by the facility and the claims adjusters and there is provable method of discrimination to the process which has been submitted for the claims to be paid by the administrators of the facility appointed to oversee the process that they have been committed to.

Hereby the debtor /petitioner requests this honorable court for hearing and for determination of the full payments of the claims of the taxable income and full settlement for the 2010 and 2011 claims remained to be paid in full amounts due.

- The debtor/ claimants reserves the right to petition the courts in jurisdiction for additional class settlement actions whatsoever permitted by the courts in jurisdictions for additional settlements appropriate.

- The claims arose out of the 2010 and 2011 and 2012 are in the jurisdiction of this honorable court of bankruptcy protection for wage earner income under protection.

5

- The Gulf Coast Claim Facility is a private independent agency and of the jurisdiction of the federal courts and claims of the 2010 and 2011 was submitted to them in the local offices in the state of Florida in Clearwater, Pinellas county Florida.

- The claims were submitted prior to any other jurisdictions of the courts in Louisiana State or federal courts before the 2012 jurisdiction federal district court under the class action under way.

- Therefore the debtor /claimant request for release of the claims already on the record submitted within the jurisdiction of this honorable court for core proceedings and evidentiary hearing with the prime fascia evidentially documents on file with the **GULF COAST CLAIM FACILITY** who are still responsible to process the claims submitted by the claimant.

## ILLEGAL COERCIVE ACTIONS AND METHOD USED FOR SETTLEMENT:

There are provable method of coercive actions taken against the law by the GULF COAST CLAIM FACILITY for settlement without the proper calculations of the eligible and fully documented claim against the claimant in bankruptcy court to deny the claim as whole or to hinder and delay the claimant to settle in need of the funds without the bankruptcy court approval prior to June 4th of 2012.Many multiple requests for corrections against these corrective actions has been denied or never been responded by the G.C.C.F. in their capacity as accountants responsible for processing the claims in timely manners. The multiple and continuous requests for corrections by the local claim adjusters to pay the claim had caused inter office irritation for the accountants in their headquarters and thus in dismissal of the trustworthy local claim adjusters in their honest capacity to communicate the prime fascia evidence to the G.C.C.F. and thus as the result of the failure to correct the proper method of the calculations based on the BI-WEEKLY pay structure has caused AN INTENTIONAL PREJUDICE AND BIAS AGAINST THE CLAIMANT TO DENY HIS JUST AND PROPER METHOD OF EVALUTION OF HIS CLAIMS FOR FULL PAYMENT within the same jurisdiction and the denial of timely payments for 2010 and 2011 and 2012 calendar years to June 4th 2012 payable.

## REQUEST FOR RELIEF:

These methods of settlement and coercive actions has been ruled illegal activity against the claimants by the federal and Florida state agencies and The United States Congress Committee to oversee the payment process and distribution to the legitimate statuary claimants effected by the environmental disaster.

Therefor the petitioner/debtor/claimant request this honorable court for jurisdiction and hearings and request for relief under the law of the federal/state/and bankruptcy law to proceed with this core adversary proceedings against the above mentioned named respondents/defendants in their capacity for full evidentiary hearing with evidence and

witnesses of the claim facility namely( MICHEAL-ANGEL-SMITTY) of the claim facility in Clearwater in Florida for full payment without delay and applicable interest accrued with possible legal attorney cost and expenses for bringing this action for payment settlement for 2010 and 2011 and 1012 period settlement before June 4th 2012.

- The GULF COAST CLAIM FACILITY (THE "GCCF") is to fulfill BP'S STATUARY OBLIGATION as a "responsible party" under Pollution Act of 1990 ("OPA").in the amounts of approximated 59,000.00 plus additional loss wages for the periods filed.

- RE-REWIEU ELECTION FORM (GCCF 1119) Date of Determination Letter: December 7th 2011 Deadline was submitted for RE-REWIEU ELECTION FORM PERIOR TO January 6th 2012 for the approximate 59,000.00 plus additional loss wages.

- To accept an outstanding (GCCF 1119) Transition Process Final Payment Offer that is dated prior to June 4th 2012, that has not expired due to recalculation period requested ; and /or IS STILL PENDING on two claim numbers issued by the GCCF for the remaining of the approximate 59,000.00 plus additional loss wages.

- Therefore THE CLAIM has not been paid in full amount and withheld for two claim numbers created by the GCCF the payments by the coercive actions of the G.C.C.F. for minimum quick settlements without consideration to timely filed and requested revaluation with proper and timely requested correction in calculation of the claims withheld instead of full timely payments to the claimant in bankruptcy prior to the June 4th 2012 for the approximate 59,000.00 plus additional loss wages.

- This honorable court also is empowered to oversee and to enforce additional agreement for settlement for 2012 and prior to June 4th 2012 and beyond and after June 4th for the purpose of the lost taxable income and wages and the future income necessary to complete the chapter 13 bankruptcy for successful completion without further delays. Since the jurisdictions are vested in federal courts for the claims against one or all the agencies responsible for payments of the all the claims currently under way in the class action settlements.

The  Debtor/Claimant/Petitioner Requests and prays for relief from this honorable court for nonpayment of lost wages due to the Oil spill, the deceptive conduct and deceptive practices and discrimination within the same class of the claimants and selective denial of withholding of payments and requirements not requested nor disclosed to the claimants.

Debtor/claimant/petitioner:
CLAIM ID:-3528637
NAUSSERA N. ZADEH

NAUSSERA N. ZADEH
428 PASAJE AVE.
TARPON SPRINGS FL.34689-5726

7

## Certificate of service June 18[th]2013:

Hereby the claimant/plaintiff certifies that the true copy of the said documents has been sent by the Certified US Mail delivery to the following on this day of June 18th, 2013.

**1-EX- Attorney for claimant in chapter 13:**
TIMOTHY PERENICH ATTORNEY AT LAW
25749 US Highway 19 N.
CLEARWATER, FL. 33763

**2-OFFICE OF UNITED STATES TRUSTEE:**
501 ESAT POLK STREET
ROOM 1200
TAMPA FL. 33602

**3-JON M. WAAGE:**
CHAPTER 13 TRUSTEE:
P.O. BOX 25001
BRADENTON FL.34206-5001

**4-OFFICE OF ATTORNEY GENERAL:**
HONERABLE ATTORNEY GENERAL PAM BONDI
STATE OF FLORIDA:
THE CAPITAL PL-01
TALLAHASSEE, FL.32399-1050

**5-GULF COAST CLAIM FACILITY "GCCF":**
KENNETH R. FEINBERG ADMINISTRATOR
P.O. BOX 9658
DUBLIN, OH. 43017-4958

**6-GULF COAST CLAIM FACILITY "GCCF":**
KENNETH R. FEINBERG ADMINISTRATOR
5151 BLAZER PKWY., SUITE A
DUBLIN, OH. 43017-4958

**7-DEEP WATER HIRIZON ECONOMIC CLAIM CENTER:**
P.O. BOX 1439
HAMMOND, LA. 70404-1439

**8-ATTORNEY FOR GOLF COST CLAIM FACILITY:**
GOODWIN PROCTOR LLP
THE New York TIME BUILDING
620 EIGTH AVENUE
NEW YORK, NY 10018

**THE CLAIMANT/PLAINTIFF:**
NAUSSERA N. ZADEH
428 PASAJE AVE.
TARPON SPRINGS FL.34689

NAUSSERA N. ZADEH

Form B 250A (12/09)

## United States Bankruptcy Court

**MIDDLE** _____ District Of FLORIDA/TAMPA DIVISION

In re    NAUSSERA N. ZADEH    )    Case No.  8:10-bk-04517-CPM
_____
Debtor                       )
                             )    Chapter    #13
                             )
     NAUSSERA N. ZADEH        )
_____
Plaintiff                    )
                             )
v.                           )    Adv. Proc. No.  8:12-ap-00771-CPM
GOLF COAST CLAIM FACILITU("GCCF")KENNETH R. FEINBERG ADMINISTRATOR/SP )
_____
Defendant                    )

**Alias**    <u>SUMMONS IN AN ADVERSARY PROCEEDING</u>

To:("GCCF")KENNETH FEINBERG ADMINISTRATOR/S:REPRESENTATIVE/S&FOR SUCCESSORS("BP")SETTLEMENT AGENTS:

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached
to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of
this summons, except that the United States and its offices and agencies shall file a motion or answer
to the complaint within 35 days.

Address of the clerk:  LEE ANN BENNETT,CLERK OF THE BANKRUPTCY COURT
                       SAM M. GIBBONS UNITED STATES COURTHOUSE.
                       801 NORTH FLORIDA AVENUE TAMPA FLORIDA 33602

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:  N/A- NOT APPOINTED YET

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a status hearing has been set at the following time and place.

| Address | Room |
|---|---|
| SAM M. GIBBONS UNITED STATES COURTHOUSE. | Courtroom 8B |
| 801 NORTH FLORIDA AVENUE TAMPA FLORIDA 33602 | Date and Time |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS YOUR FAILURE WILL BE DEEMED
TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT
AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF
DEMANDED IN THE COMPLAINT.**

                    LEE ANN BENNETT  (Clerk of the Bankruptcy Court)

Date: 6-14-2013   By: Bernadette L.    (Deputy Clerk)

NAUSSERA N. ZADEH Plaintiff :VS.("GCCF")KENNETH
FEINBERG ADMINISTRATOR/S:REPRESENTATIVE/S&FOR
SUCCESSORS("BP")SETTLEMENT AGENTS:Defendant:

Adv Proc No: **8:12-ap-00771-CPM**

Plaintiff v Defendant

## CERTIFICATE OF SERVICE

I, __NAUSSERA N.ZADEH__, certify that service of this summons and a copy of the
complaint was made _____ by:

☑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed
to:

1.("GCCF")KENNETH FEINBERG ADMINISTRATOR/S:REPRESENTATIVE/S&FOR SUCCESSORS("BP")SETTLEMENT AGENTS:5151BLAZERPKWY.SUIT(A)DUBLIN,OH.43017-4958

☐ Personal Service: By leaving the process with the defendant or with an officer or
agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process
by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of
as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I
further certify that I am, and at all times during the service of process was, not less than 18 years of
age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date __6/18/2013__          Signature __Naussera Zadeh__

Print Name:     __NAUSSERA N.ZADEH__

Business Address: 428 PASAJE AVE. TARPON SPRINGS FLORIDA 34689