# Exhibit 15

**UNITED STATES JUDICIAL PANEL**

**On**

**MULTIDISTRICT LITIGATION**

FILED VIA MAIL

AUG -9 2013



**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZONE"IN THE GULF OF MEXICO, ON APRIL 20, 2010**

**NAUSSERA N.ZADEH**

(CASE NO: 8-10-bk-04517-CPM)

(ADV.Proc.No.8:12-ap-00771-CPM)

VS.                                                                                                                            MDL NO.2179

**KENNETH R. FEINBERG, GULF COAST CLAIMS FACILITY, "GCCF"**

**NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-87)**

**AND NOTICE OF RELATED ACTIONS**

**MOTION TO VACATE THE (CTO-87) ORDER**
**PLAINTIFF'SMOTION TO TERMINATION AND REMAND AND MEMORANDUM OF LAW**

**Opposition of Removal from the Bankruptcy Court**

Pursuant to 28 U.S.C. § 1447(c) and this Court's local rules, Naussera N. Zadeh (herein after "Plaintiff"),

Hereby moves to remand this case to the Bankruptcy Circuit Court of the Middle district Tampa Florida, and or to The Sixth Judicial Circuit in and for Pinellas County, Florida for the reasons set out herein.

**PRELIMINARY STATEMENT:**

Defendants, with 13 offices located in the State of Florida, independently administer, settle and authorize the payment of certain claims asserted against BP as a result of the explosion at the Deep water Horizon rig and consequent spillage of oil into the Gulf of Mexico. Defendants, while repeatedly claiming the protocols under which they operate are structured to be compliant with the Oil Pollution Act of 1990 ("OPA") and apply the standards of OPA, circumvent many of the rights provided to victims of the BP oil spill under OPA. Defendants, in part by making numerous false statements of material fact to Plaintiff (See Complaint,), breached their legal duty to Plaintiff, failed to exercise reasonable care, and acted with reckless, willful, and wanton disregard for the taxable loss wages and livelihood of Plaintiff in their negligent operation of Defendant GCCF's claim intake, claim review, claim evaluation and claim settlement and payment services.

Defendants knew or should have known that their conduct, commonly referred to as a "Delay, Deny, Defend" strategy, would foreseeably result in the financial ruin of Plaintiff and cause irreversible damage to the health and the economic interests of Plaintiff in the active bankruptcy court in Middle District Of Tampa, Florida.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered legal injury and damages, plus applicable interest lost in an amount to be proven at trial, including, but not limited to, loss of Taxable Income and profit, loss of future certain bankruptcy protection, loss of economic prosperity and livelihood, loss of income, and other economic loss. Accordingly, Plaintiff filed this action against Defendants in the jurisdiction of the Florida Bankruptcy court as a core adversary complaint against the Defendant/s the civil matter otherwise would have been filled in the state circuit court as a civil action asserting claims arising exclusively under Florida state law in order to obtain recovery for the damages he incurred.

Defendants improperly requests the matter to remove this action by alleging that only the federal court in Louisiana and federal Courts has original jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

Defendants rely on two federal statutes OPA and the Outer Continental Shelf Lands Act ("OCSLA")-to allege this Court has original federal subject matter jurisdiction over this action...

- With respect to OPA, Defendants cannot cite to a single authority, statutory provision, or fragment of legislative history supporting **their position that OPA creates a basis for removal in** light of the fact that Plaintiff does not assert only a claim under OPA.
- Defendants merely state, "This case arises under OPA because..........all of Plaintiff's claims assert violations of OPA and will require an interpretation of OPA notwithstanding that Plaintiff's claims are purportedly asserted under state law.
- Plaintiff's allegations that Defendants violate OPA are evidence of Defendants' violation of their duty of due care, but do not create are movable federal question.

- In addition, the Court should reject Defendants' argument that they could remove this action based on OCSLA because OCSLA does not create a federal question that justifies removal of the adversary civil complaint from the Bankruptcy court or a state court to the federal court in Louisiana.
  With respect to diversity jurisdiction, as explained below, Defendants also fail to meet their burden of proving that complete diversity existed at the time of removal to the federal court. In short, Defendants have no basis to remove this action.

## PROCEDURAL BACKGROUND

Defendants operate, conduct, engage in, or carry on a business or business venture in 13 offices located in the State of Florida. Defendants removes this action on the erroneous grounds that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff filed this action against Defendants in the Bankruptcy Court of the Middle district Tampa Florida Judicial Federal Court To protect the estate in the Bankruptcy court under the chapter 13th bankruptcy court protection in and for the Estate in the Pinellas County, Florida under the jurisdiction in the sixth judicial circuit court of Pinellas county Florida.

The claims asserting for (gross negligence, negligence, negligence per se), fraud, fraudulent inducement, promissory estoppel, and Discrimination in payment by coercive actions for settlement without proper calculations and considerations for the prime fascia legal documents that also are on file with the Bankruptcy court and the Chapter 13 trustee.

## SUMMARY OF ARGUMENT

Defendants argue that removal is proper because:

(1) "Federal District Courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States;'" and "this case arises under OPA because.....all of Plaintiff's claims assert violations of OPA and will require an interpretation of OPA notwithstanding that Plaintiff's claims are purportedly asserted under state law;"

(2) "33 U.S.C. § 2717(b) gives federal courts 'original jurisdiction over all controversies arising under this Act [OPA], without regard to the citizenship of the parties or the amount in controversy;'"

(3) Plaintiff's claims allegedly raise federal questions under OSCLA sufficient to support removal under 28 U.S.C. § 1441; and

(4) Complete diversity exists between the Plaintiff and the Defendants and **the amount in controversy exceeds $75,000.00** thereby giving Defendants the right to remove the case under 28 U.S.C. § 1441.

- All four arguments are without merit.
- Neither OPA nor OCSLA provides a basis for removal.
  **The amount in controversy claimed is less than $75,000.00** plus applicable state interest imposed by the state law. Therefore, the Court lacks subject matter jurisdiction.
- First, Defendants are not permitted to remove this action on the ground that this case "arises under" OPA or that Plaintiff's state law claims are preempted by federal law.

- Second, OPA does not provide original federal jurisdiction over claims for oil spill damages because it does not create a federal question where a plaintiff does not assert all claims under OPA's substantive provisions, nor does it preempt state common law claims.

In the present case, Plaintiff does not assert all of his claims or any claims only under OPA and relies mostly on state law for loss of income and unpaid Taxable income while in bankruptcy court and jurisdiction.

- Plaintiff's allegations that Defendants violated OPA are merely evidence of, at the very least, Defendants' negligence and do not create a removable federal question;
- Third, removal under OCSLA's jurisdictional provision in 43 U.S.C. § 1349 is improper because: (i) OCSLA must be read in conjunction with the later-enacted provisions of OPA that specifically preserve victims' rights to seek remedies in state court under state law; and

    (ii) The original jurisdiction provision in 43 U.S.C. § 1349(b) (1) (A) does not transform state law

Claims into federal questions removable under 28 U.S.C. § 1441;

- Fourth, Defendants fail to meet their burden of proving that complete diversity existed at the time of removal to the federal court.

## ARGUMENT AND AUTHORITIES:

### The Standard For Removal:

As the removing parties, Defendants bear the burden of establishing that removal is proper pursuant to 28 U.S.C. § 1441. The defendant must prove the jurisdictional requirements for removal by a preponderance of the evidence. *Leonard v. Enter. Rent A Car, 279 F.3d 967,972 (11th Cir. 2002).*

The Court must remand this case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

"The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper."*Gross v. Deberardinis, 722 F. Supp. 2d 532, 533 (D. Del. 2010) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 St. Ct. 868, 85 L. Ed. 1214 (1941).*

Even assuming Defendants' arguments may (but also may not) ultimately be successful in a motion to dismiss the state law claims, if this Court is uncertain whether it can exercise removal jurisdiction, it must err on the side of remand.

Now there is not the time to determine the merits of Defendants' dismissal or removal arguments. See *Hufnagel v. Omega Services Indus., Inc., 182 F. 3d 340,345 (5th Cir. 1999)* ("[A] district court should not pre-try a case to determine its removal jurisdiction.").

*The St. Joe Company v. Transocean Offshore Deep water Drilling, Inc., C.A. No.1:10-cv-968-LPS, 2011 U.S. Dist. LEXIS 26391 (March 15, 2011, Decided)*

Plaintiff's Allegations That Defendants Violate OPA Are Evidence of Defendants' Violation of Their Duty of Due Care, But Do Not Create a Removable Federal Question.

- Defendants erroneously contend that OPA provides a basis for removal because "all of Plaintiff's claims assert violations of OPA and will require an interpretation of OPA....."

- This is inaccurate. For example, an interpretation of OPA shall not be required to prove Plaintiff's fact-bound and situation-specific allegations in regard to false Statements of material I fact made to Plaintiff(Complaint), negligent operation of Defendants' claim intake, claim review, claim evaluation and claim settlement and payment services, and the "Delay, Deny, Defend" strategy employed by Defendants (See Complaint,).

- Defendants "bear the burden of proving" that federal jurisdiction over this purely state-claim suit exists, and that it existed at the time of removal.

*Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1294 (11th Cir. 2008).If the court has any doubts about the "propriety of federal jurisdiction," moreover, those doubts "should be resolved in favor of remand to the state court." Id. If federal jurisdiction does exist in this case, the basis for it must be present on the face of the complaint, *Kemp v. International Business Machines Corp.,*109F.3d 708, 712 (11th Cir. 1997), for the plaintiff is always the master of his own claim.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). This requires that we consider the allegations of Plaintiff's Complaint to determine if the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." *Empire Health Choice Assurance, Inc. v. McVeigh,*547 U.S. 677, 690 (2006).Every claim alleged in Plaintiff's Complaint arises under state, not federal, law and only a "special and small category" of such state law complaints could possibly raise the substantial question of federal law necessary to justify removal on federal question grounds. *Empire Health Choice, at 547 U.S. 699*.

It remains important under the removal case law that the plaintiff has not alleged, and has no interest in alleging, all a federal claim. *Ekas v. Burris,* 2007 U.S. LEXIS84340 at *9-12 (S.D. Fla. Nov.14, 2007).

As the courts in this circuit have emphasized, state law Complaints are particularly unsuitable for removal where the disputed federal issue is "between private parties" and "will not be dispositive of all of plaintiffs" claims, which are „fact-bound and situation specific." *"Certified Enterprises, LLC v. Dauphin Creek Apartments, LLC,*2009 U.S. Dist. LEXIS 80306 at *15 (S.D. Fla. June 24, 2009), quoting from *Empire Health Choice, at 547U.S. 700-01.See also Adventure Outdoors, at 552 F.3d at 1299.* (similarly viewing a

fact-specific dispute between private parties that merely raised a contested federal issue as insufficient to support federal question removal);*Dunlap v. G&L Holding Group, Inc.,381 F.3d1285, 1290(11th Cir. 2004)* (noting that the mere presence of a federal issue in a state cause of action will not ordinarily suffice for removal). This is such a case.

<u>In Empire Health Choice, the Supreme Court was careful to note, in distinguishing its holding from that of Grable & Sons Metal Products, Inc. v. Darue Engineering &Manufacturing, 545 U.S. 308 (2005), that removal in state cases which raise federal issues between non-diverse parties is seldom justified- particularly where permitting removal would disturb a "congressionally approved balance of federal and state judicial responsibilities.</u>


<u>Grable, at 545 U.S. 314. As the Supreme Court remarked in Empire Health Choice: "In sum, Grable Emphasized that it takes more than a federal element „to open the „arising under" door" . . .</u>

This case cannot be squeezed into the slim category Grable exemplifies." Id., at 547 U.S. 701.In short, Plaintiff's Complaint, which merely refers to federal law (OPA) as a standard of conduct under which Defendants repeatedly claim they operate, cannot be squeezed into the "slim category" of cases eligible for removal on federal question grounds. A state complaint that refers to a federal act only as the necessary standard of care does not, as a matter of law, frame a substantial federal question.

A complaint that presents only a"fact"specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law," does not present a federal issue that must be resolved in federal court. *Adventure Outdoors, at 552 F.3d 1299* (internal quotations omitted).*See also Empire Health Choice, at 547 U.S. 700; Grable, at 545 U.S. at 315*. This is such a case.

- All of the Supreme Court and Eleventh Circuit cases make it clear that removal of state law claims that incidentally involve federal issues are seldom removable unless they present discrete questions of federal law that are substantial and important–questions that a "federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Adventure Outdoors, 552 F.3d at 1295, quoting fromGrableat545 U.S. 314*.

- Plaintiff's Complaint does not present such a substantial federal question, let alone one that involved a "nearly pure issue of law," *Empire Health Choice, at 547 US 700*, a "crucial factor" to removal. *Adventure Outdoors, at 552 F.3d 1299*.C.

### **OPA Makes It Clear That Plaintiff May Bring State Law Claims**

### **In State Court or currently in the Federal Bankruptcy Court.**

- Defendants argue 33 U.S.C. § 2717(b) gives federal courts "original jurisdiction over all controversies arising under this Act [OPA], without regard to the citizenship of the parties or the amount in controversy.

"Disingenuously, Defendants fail to disclose that 33 U.S.C. § 2717(b) applies "except as provided in subsections (a) and (c) of this section," and that subsection:

- (c) Explicitly allows state courts to hear claims for oil spill damages, whether asserted under state law or even under OPA. See33 U.S.C. § 2717(b) and (c).

Furthermore, under OPA, an injured person may also bring a claim under state common law pursuant to 33 U.S.C. § 2718, which states in relevant part:

- (a)Nothing in this Act....shall-(1) affect, or be construed or interpreted as preempting, the authority of any State or political subdivision thereof from imposing any additional liability or requirements with respect to-(A) the discharge of oil or other pollution by oil within such State; or (2) affect, or be construed or interpreted to affect or modify in any way the obligations or liabilities of any person under....State law, including common law.
- (c) Nothing in this Act......shall in any way affect, or be construed to affect, the authority of the United States or any State or political subdivision thereof-(1)to impose additional liability or additional requirements.....relating to the discharge, or substantial threat of a discharge, of oil. In addition to explicitly preserving state statutory and common law claims for oil spill damages, OPA also expressly provides that these claims may be prosecuted in state court. In particular, as noted above, 33 U.S.C. § 2717 provides that:
- (c) A State trial court of competent jurisdiction over claims for removal costs or damages, as defined under this Act, may consider claims under this Act or State law and any final judgment of such court (when no longer subject to ordinary forms of review) shall be recognized, valid, and enforceable for all purposes of this Act.1.
- The legislative history demonstrates that Congress intended for OPA not to preempt state law claims. In the course of debating and enacting OPA, Congress articulated that its purpose was to consolidate several oil spill remediation regimes into a single act, which would benefit the victims of spills and give them the procedural advantage: What the Nation needs is a package of complimentary international, national, and State Laws that will adequately compensate victims of oil spills...
- Instead, there is a fragmented collection of Federal and State laws providing inadequate cleanup and damage remedies, Taxpayer subsidies to cover cleanup costs, third party damages that go
- uncompensated, and substantial barriers to victim recoveries-such as legal defenses, statutes of limitation, the corporate form, and the burdens of proof that favor those responsible for the spill. *See S. Rep. No. 101-94, at \*2 (1989), reprinted in 1990 U.S.C.C.A.N. 722.*
- The "fragmented collection" of pre-OPA federal statutes included OCSLA, the Clean Water Act, the Limitation of Liability Act of 1851 (for maritime claims), the Deep water Ports Act, and the Trans-Alaska Pipeline Authorization Act.Id.at *3, *6. The Legislature's intent to package these conflicting regimes into one cohesive whole did not, however, extend to intent to deprive the states of their power to provide rights of action for their own citizens.

- As noted in the Senate debate over OPA: To date, Federal legislation has affirmed the rights of States to protect their own air, water, and land resources by permitting them to establish State standards which are more restrictive than Federal Standards.
- [OPA] would permit such State laws to continue and would not preclude enactment of new State laws.

The theory behind the Committee action is that the Federal statute is designed to provide basic protection for the environment and victims damaged by spills of oil. Any State wishing to impose a greater degree of protection for its own resources and citizens is entitled to do so. On the other hand, a State might feel adequately protected by the Federal statute and therefore choose not to enact additional State law. In any event, the Committee chose not to impose, arbitrarily, the constraints of the Federal regime on the States while at the same time preempting their rights to their own laws.Id.at

- *6.The Senate report also notes that: Preemption has been discussed by the members of the Committee more than any other Single issue. [OPA] does not embrace any preemption of State oil spill liability laws...Id.at *17.
- In considering a preemption argument made under OPA, the First Circuit held, "Congress

Did not intend the OPA to bar the imposition of additional liability by the States." *S. PortMarine, LLC v. Gulf Oil L.P.*, 234 F.3d 58, 65 (1st Cir. 2000).

The argument that OPA preempts state common law causes of action to recover damages in oil spill cases because the state actions would somehow conflict with OPA "was effectively put to rest in U.S. v. Locke, decided by the Supreme Court.

" *Williams v. Potomac Elec. Power Co.*, 115 F. Supp. 2d at 564-65 (D. Md. 2000) (citing *United States v. Locke*, 529 U.S. 89, 105 (2000)). Indeed, the state law "savings clause" contained in 33 U.S.C. § 2718 "was meant to allow the states to go beyond the basic protection of the federal law. The beneficiaries of the savings clause, therefore, are the victims of oil spills." *Nat'l Shipping Co. of Saudi Arabia v. Moran Mid-Atl. Corp.*, 924 F. Supp. 1436, 1448 (E.D. Va. 1996).

- The general rule is that state law claims are not preempted by a federal statute absent

"Extraordinary" language in the statute indicating Congressional intent to displace those

State claims. *Ortega v. HomEq Servicing*, 2010 WL 383368 at *4 (C.D. Cal. Jan. 25, 2010).

- The "dispositive question" is whether or not the supposedly preemptory statute "provides the

Exclusive cause of action." *Ortega*, 2010 WL 383368 at *4. Here, OPA's own state law savings clause renders it unambiguously non-exclusive. 33 U.S.C. § 2718.

- In short, OPA permits a plaintiff to assert state statutory and common law claims for

Damages incurred as a result of an oil spill, that such claims are not preempted, and that such

Claims may be asserted in state court.

2. The damages incurred by Plaintiff as a result Defendants' tortious acts may not be or are not recoverable by Plaintiff under OPA.

OPA is a strict liability statute. In order to recover damages, a claimant merely needs to show that his or her damages "resulted from" the oil spill. OPA states, "The responsible party for

A vessel or a facility from which oil is discharged, or which poses the substantial threat of a

Discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive

Economic zone is liable for the removal costs and damages that result from such incident." See

33 U.S.C. § 2702 (a). Damages "equal to the loss of profits or impairment of earning capacity due

To the injury, destruction, or losses of real property, personal property, or natural resources"are

recoverable by any claimant against the responsible party under OPA. 33 U.S.C. § 2702(b)(2) (E).

In the present case, Plaintiff's damages did not "result from" the oil spill. Defendants are

Not "responsible parties" under OPA. See 33 U.S.C. § 2701(32) (C).

- Defendants are independent contractors that administer, settle and authorize the payment of certain claims asserted against BP, the "responsible party." Here, Defendants' "Delay, Deny, Defend" strategy and associated tortious acts, not acts by BP, resulted in the financial ruin of Plaintiff. Accordingly, the damages incurred by Plaintiff as a result of Defendants' tortious acts may or are not recoverable by Plaintiff under OPA.

**OCSLA Does Not Grant Removal Jurisdiction Absent a Separate Federal Question**

Defendants further argue the case also arises under OCSLA, "which grants a federal

District court subject-matter jurisdiction of a case or controversy 'arising out of, or in connection

With....any operation conducted on the outer Continental Shelf which involves exploration,

Development or production of the minerals, of the subsoil and seabed of the outer Continental

Shelf.' 43 U.S.C. § 1349(b)(1)."

In support of their OCSLA argument, Defendants are able to *only cite Phillips v. BP LPC, 2010 U.S. Dist. LEXIS 84432 *3 (Aug. 17, 2010, N.D. Fla.).*

- In The St. Joe Company v. Transocean Offshore Deep water Drilling, Inc., C.A. No. 1:10-Cv-968-LPS, 2011 U.S. Dist. LEXIS 26391 (March 15, 2011, Decided), Plaintiff St. Joe, a Florida Corporation, sued Defendants Transocean Offshore Deep water Drilling, Inc., et al, Delaware business entities, in Delaware Superior Court asserting claims for negligence, gross Negligence and strict liability pursuant to Florida law for damages resulting from the BP oil spill in the Gulf of Mexico on April 22, 2010.

- Defendants removed the action to the U.S. District Court for the District of Delaware. In its notice of removal, Defendants allege that: (a) "this Court has federal question jurisdiction under OPA over claims alleged in the Complaint; and

(b) "Removal jurisdiction is appropriately based on OCSLA." The Court, while noting the Phillips' decision disagreed with Defendants and granted Plaintiff's motion to remand.

1. To the extent OCSLA conflicts with OPA's more specific provisions giving Plaintiffs the right to sue under state law in state court, OPA governs.

OCSLA cannot be the source of a removable federal question in this action because OCSLA, by its own terms, gives way to any other provision of law that reaches conduct occurring on the outer Continental Shelf:

"The specific application by this section of certain provisions of law to the subsoil and seabed of the outer Continental Shelf and the artificial islands, installations, and other devices referred to in subsection (a) of this section or to acts or offenses occurring or committed thereon shall not give rise to any inference that the application to such islands and structures, acts, or offenses of any other provision of law is not intended." 43 U.S.C. § 1333(f). See also Hufnagel v. Omega Serv. Indus., Inc., 182 F.3d 340,351, n.7 (5th Cir. 1999) (holding that § 1333(f) "makes clear that the applicability of OCSLA law...shall not give rise to any inference that other provisions of law...do not also apply").

Moreover, as discussed above, OPA merged a variety of pre-existing federal laws, include OCSLA, and explicitly reserved to the states the power to provide state law protections in their own courts for victims of an oil spill. Therefore, OPA, not OCSLA, is the salient federal jurisdictional statute and this Court need only resolve the question of whether federal question removal is proper under OPA, which for all the reasons discussed above in Section C, it is not.

In The St. Joe Company v. Transocean, Defendant Transocean initially argues that OPA,

Because of its comprehensive nature, trumps OCSLA in regard to oil spills, but then turns

Sharply and attempts to base removal jurisdiction on OCSLA. The U.S. District Court for the

District of Delaware concluded that Transocean's initial argument, that OPA is the "sole federal Law applicable in this area of maritime pollution," is correct. The St. Joe Company v. Transocean Offshore Deep water Drilling, Inc., 2011 U.S. Dist. LEXIS 26391 (March 15, 2011, Decided). OPA was intended by Congress to be the exclusive federal statute governing oil spills. *S. Port Marine, LLC v. Gulf Oil Ltd. P'ship, 234 F.3d 58, 65-66 (1st Cir. 2000); Tanguis v. M/V Westchester, 153 F. Supp. 2d at 867* (finding OPA creates a new, comprehensive federal scheme For recovery of oil spill cleanup costs and compensation for those injured by such spills). OPA Occupies the entire field of federal legislation with respect to liability for oil discharges to Navigable waters, and trumps any application of OCSLA to claims arising from such discharges.

2. The grant of "original jurisdiction" in OCSLA § 1349(b) (1) does not establish a basis for removal.

OCSLA does not create federal question removal jurisdiction because even though 4 U.S.C. § 1349 provides the district courts with subject-matter jurisdiction of a case or controversy arising out of, or in connection with....any operation conducted on the Outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf, that Section's grant of original jurisdiction to the district courts does not implicate a federal question for the type of claims that Plaintiff is asserting against Defendants. *Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 479, 484(1981).*

*The Supreme Court made this patently clear in Gulf Offshore Co. v. Mobil Oil Corp., where it permitted a plaintiff to assert tort claims in state court for injuries sustained on the Outer Continental Shelf lands because "nothing in the language, structure, legislative history, or underlying policies of OCSLA suggests that Congress intended federal courts to exercise exclusive jurisdiction" over all claims arising on the Outer Continental Shelf. 453 U.S. at 479, 484 (discussing claims for personal injury); see also Id. at 479, n.6 (making clear that 43 U.S.C. § 1333(a) (2) likewise does not confer exclusive jurisdiction to federal courts). The Gulf Offshore Court was careful to draw the distinction between sovereignty - which for the Outer Continental Shelf rests exclusively with the federal government - and each state's power to adjudicate its citizens' claims even when those claims arise from conduct that occurred within the area of federal sovereignty. Gulf Offshore Co., 453 U.S. at 481. The fact "[t]hat the location of the event giving rise to the suit is an area of exclusive federal jurisdiction rather than another State, does not introduce any new limitation on the forum State's subject-matter jurisdiction." Gulf OffshoreCo., 453 U.S. at 481-82.Thus, there is no doubt that Plaintiff may assert solely state law causes of action for conduct occurring on the Outer Continental Shelf. The only remaining question is whether such state court actions are removable as presenting federal questions pursuant to 28 U.S.C. § 1441(b) solely because they "arise out of or in connection with" OCSLA. They are not. It is clear that federal question jurisdiction does not*

exist "by virtue of jurisdiction under [OCSLA]." Tenn. GasPipeline v. Houston Cas. Ins. Co., 87 F.3d 150, 156 (5th Cir. 1996); see also Hufnagel, 182 F.3d at 351. Courts have repeatedly held that removal is impermissible whenever Plaintiff's well-pleaded complaint presents no claim "arising under the Constitution, treaties or laws of the United States," 28 U.S.C. § 1441(b), notwithstanding that the location of the incident falls within OCSLA's jurisdictional scope. Bulen v. Hall-Houston Oil Co., 953 F. Supp. 141, 145 (E.D. La. 1997) (OCSLA does not create removal jurisdiction over claim not otherwise presenting federal question). Indeed, "where the plaintiff has decided not to assert a federal claim [under OCSLA], although such a claim may be available to him...a defendant cannot use the unasserted federal claim as the basis for removing [the] case to federal court. Coody v. Exxon Corp., 630 F. Supp. at 205 (M.D. La. 1986).

Again, in analyzing Section 1349(b) (1) of OCSLA, the Supreme Court has stated that "the mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action." Gulf Offshore Co. v. Mobil Oil Corp., 453 US 473,479 (1981). The Supreme Court noted that in 43 U.S.C. § 1333(a) (1), "OCSLA declares the Outer Continental Shelf to be an area of 'exclusive federal jurisdiction,'" but this provision grants only exclusive political jurisdiction, not exclusive judicial jurisdiction. Id at 479-80. It follows that state courts are not prohibited from hearing controversies falling within OCSLA jurisdiction. The St. Joe Company v. Transocean, 2011 U.S. Dist. LEXIS 26391 (March 15, 2011, Decided).

Accordingly, 43 U.S.C. § 1349 does not create a federal question and does not justify Defendants' removal of this action.

### Diversity Jurisdiction Does Not Exist.

When considering a timely motion to remand for improper removal, the court must look only to the evidence in the record when the motion to remand was filed. In assessing whether removal was proper . . . , the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive. See Lowery v. Alabama Power Co., 483 F.3d at 1213-15 (11th Cir. 2007), cert. denied, 128 S.Ct. 2877 (2008).In Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004), the Eleventh Circuit clearly stated, "The Supreme Court has settled the law on how the citizenship of a limited partnership is determined for purposes of diversity jurisdiction. In Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990), the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization.494 U.S. at 195-96, 110 S.Ct. at 1021." In Rolling Greens, the Eleventh Circuit also clearly

stated, "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Williams v. Best Buy Co., Inc., 269 F.3d at 1319 (11th Cir. 2001).In the present case, Defendants allege diversity jurisdiction exists in an unsupported conclusionary manner. Defendants, the removing parties, fail to adequately allege in their notice of removal the citizenships of Feinberg Rozen or of GCCF. And, nothing in the record establishes their citizenships. Only Defendants have full knowledge of the true citizenship of the Feinberg Rozen limited liability partnership and the citizenship of GCCF which has 13 offices located in the State of Florida and which has not filed with the Florida Secretary of State. To sufficiently allege the citizenships of Feinberg Rozen, an unincorporated business entity, Defendants must list the citizenships of all the partners of the limited liability partnership at the time of removal to the federal court. To sufficiently allege the citizenship of GCCF, an unincorporated business entity, Defendants must sufficiently allege the citizenship of GCCF at the time of removal to the federal court. It is insufficient for Defendants to merely state:

The Eleventh Circuit has held, "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284 (11th Cir. 1998) (citing Coker v. Amoco Oil

"Defendant GCCF is alleged to be an entity created by Feinberg and Feinberg Rozen."Defendants disingenuously allege that the joinder of Defendant or defendants as a non-diverse party.

Co., 709 F.2d 1440-41(11th Cir. 1983) (emphasis added). The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. Id.

In a recent case before this court, Selmer Salvesen has asserted facts which clearly state a potential cause of action against a Defendant named Green in state court. Indeed, the joinder of the defendant Green fits comfortably within the rule for permissive joinder of parties as provided in Rule 20 of the Federal Rules of Civil Procedure. With respect to the joinder of defendants, Rule 20 provides: "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Triggs, 709 F.2d at 1288.

Selmer M. Salvesen(Case 2:11-cv-00375-JES-SPC )has alleged, and has alleged, in part, that defendant Green, a resident of the State of Florida and an "Independent Adjuster - All Lines" licensed by the State of Florida, is: (a) the "Overseer" of all seafood claims for Defendant GCCF in the State of Florida; and (b) the "Liaison" to GCCF who is aware of, who participates in, and who is in charge of implementing Defendants' "Delay, Deny, Defend" strategy in regard to Plaintiff Selmer Salvesen's claim. Therefore, Salvesen's complaint states a potential cause of action against Green in state court. Accordingly, Green is not fraudulently joined and because there is not complete diversity among the parties, the federal courts do not have subject matter jurisdiction to hear this case. As the Eleventh

Circuit held in Triggs, this case should be remanded to Florida state court. Defendants failed to carry their burden of establishing complete diversity of citizenship because: (a) Defendants failed to adequately allege in their notice of removal the citizenships of Feinberg Rozen or of GCCF, both unincorporated business entities; and (b) the joinder of other defendants and the Defendant Green, a non-diverse party, is necessary and clearly not fraudulent.

## CONCLUSION:

For all the foregoing reasons, Plaintiff requests that the Court:

(1) Grant this motion;

(2) Remand this action to the federal bankruptcy court in Middle District Tampa Division or the sixth judicial Circuit Court of the Pinellas County, Florida.

(3) Grant Plaintiff his just costs and actual expenses, including future attorney's Fees, pursuant to 28 U.S.C. § 1447(c).

RESPECTFULY SUBMITTED:

PLAINTIFF/DEBTOR

NAUSSERA N. ZADEH

428 PASAJE AVE.

TARPON SPRINGS, FLORIDA 34689

SERTIFICATE OF SERVICE:

Hereby I NAUSSERA N.ZADEH certifies that mailed the true copy of the foregoing with first class U.S. mail delivery to the following on August 9th, 2013:

OFFICE OF THE UNITED STATES RTUSTEE:

501 EST POLK STREET

ROOM 1200

TAMPA FLORIDA 33602


WILLIAM F.SHEEHAN

GOODWIN PROCTOR, LLP

901 NEW YORK AVE, NW

WASHINGTON, DC 20001


ERIC ADAMS

SUTTS $ BOWEN LLP

100S.ASHLY DR., SUITE 1500

TAMPA FLORIDA 33602


DEEP WATER HORIZON ECONOMIC CLAIM CENTER

935 GRAVIER STREET, SUITE 120

NEW ORLEANS, LA 70112-1608