# Exhibit 25

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In re: | No. 8:10-bk-4517-CPM |
| NAUSSERA N. ZADEH, | Chapter 13 |
| Debtor. | |
| NAUSSERA N. ZADEH | Adv. Pro. No. 8:12-ap-771 |
| Plaintiff, | |
| v. | |
| KENNETH R. FEINBERG, GULF COAST CLAIMS FACILITY, DEEP WATER HORIZON ECONOMIC CLAIM CENTER, | |
| Defendants. | |

## NOTICE OF FILING

Defendants hereby give notice of filing the Transfer Order from the Multidistrict Litigation Case styled *In Re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179.

Dated: October 2, 2013

Respectfully submitted,

/s/ Eric S. Adams
Eric S. Adams
Florida Bar No. 0090476
SHUTTS & BOWEN LLP
4301 W. Boy Scout Boulevard
Suite 300
Tampa, Florida 33607
Telephone: (813) 227-8122
Facsimile: (813) 229-8901
eadams@shutts.com
Counsel for Defendants Kenneth R. Feinberg and Gulf Coast Claims Facility

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that I *mailed the foregoing document and the notice of electronic filing by first-class mail to the following:

*Naussera N. Zadeh
428 Pasaje Avenue
Tarpon Springs, FL 34689
Plaintiff *Pro Se*

Kenneth C. Grace, Esq.
Sessions Fishman & Nathan LLP
3350 Buschwood Park Dr., Suite 195
Tampa, FL 33618
kgrace@sessions-law.biz

and

J. David Forsyth, Esq.
Sessions Fishman & Nathan LLP
201 Saint Charles Avenue Suite 3500
New Orleans, LA 70170
dforsyth@sessions-law.biz

Counsel for Defendant Deep Water Horizon Economic Claim Center

                /s/ *Eric S. Adams*
                Attorney

TPADOCS 20043288 1

Case 2:10-md-02179-CJB-DPC Document 25227-26 Filed 12/17/18 Page 4 of 9
Case 8:12-ap-00771-CPM Doc 27 Filed 10/02/13 Page 3 of 8
Case MDL No. 2179 Document 1634 Filed 10/02/13 Page 1 of 3

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

| | |
|---|---|
| Andrew J. Ditch v. Kenneth R. Feinberg, et al., <br> M.D. Florida, C.A. No. 2:13-00531 <br> Naussera N. Zadeh v. Kenneth R. Feinberg, <br> M.D. Florida, A.P. No. 8:12-00771 | ) <br> ) MDL No. 2179 <br> ) <br> ) |

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in these two actions (*Ditch* and *Zadeh*) separately move to vacate our orders conditionally transferring the actions to MDL No. 2179.[1] Responding defendants oppose the motions.[2]

In opposing transfer, the *Ditch* plaintiff argues that his action is "highly idiosyncratic" in nature,[3] in that he is alleging that defendants acted with reckless, willful, and wanton disregard for his business and livelihood in their administration of the Gulf Coast Claims Facility (GCCF), the entity through which individuals and businesses initially submitted claims for damages allegedly incurred as a result of the Deepwater Horizon oil spill.[4] We respectfully disagree. First, plaintiff's complaint

---

[*] Judge Sarah S. Vance took no part in the decision of this matter.

[1] Plaintiff in *Zadeh*, which is a bankruptcy adversary proceeding, is litigating *pro se*. We note we previously have transferred multiple adversary proceedings under Section 1407. *See In re Phar-Mor, Inc., Sec. Litig.*, MDL No. 959, 1994 WL 41830, at *1 n.2 (J.P.M.L. Jan 31, 1994) ("Because federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets").

[2] Responding defendants as to *Ditch* are Kenneth R. Feinberg (Feinberg), Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility (GCCF), and William G. Green, Jr. Responding defendants as to *Zadeh* are Feinberg and the GCCF.

[3] Plaintiff expressly acknowledges, however, that his action is "closely related" to two other Middle District of Florida actions previously transferred to, and still pending in, the MDL. *See* Transfer Order (J.P.M.L. Oct. 6, 2011) (ECF No. 820); Transfer Order (J.P.M.L. Aug. 9, 201) (ECF No. 738). We note that plaintiffs in all three actions are represented by the same counsel.

[4] In August 2010, BP transferred responsibility for receiving certain claims arising out of the Deepwater Horizon incident to the GCCF. In March 2012, after the Economic and Property

Case 2:10-md-02179-CJB-DPC Document 25227-26 Filed 12/17/18 Page 5 of 9
Case 8:12-ap-00771-CPM Doc 27 Filed 10/02/13 Page 4 of 8
Case MDL No. 2179 Document 1634 Filed 10/02/13 Page 2 of 3

- 2 -

contains multiple references to defendants' purported noncompliance with the Oil Pollution Act (OPA), and we expressly declined to carve out OPA claims in our initial centralization order. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010). Second, it appears that adjudicating plaintiff's claims will necessarily require an inquiry into whether, and in what amount, plaintiff was actually damaged by the oil spill. Indeed, a review of plaintiff's complaint confirms as much. *See, e.g., Ditch* Compl. ¶ 25 ("In sum, Plaintiff Ditch alleges that BP is responsible for the oil spill incident. . . . ."); ¶ 92 ("The damages suffered by Plaintiff Ditch and other victims of this oil spill will be enormous and on-going.").

Like the *Ditch* plaintiff, plaintiff in *Zadeh* challenges the manner in which the GCCF operated. And, as with *Ditch*, it is wholly unclear how plaintiff can recover for the alleged mishandling of his claim by the GCCF unless he can first establish that he is entitled to damages as a result of the spill. Also, as defendants persuasively argue, the *Zadeh* plaintiff's asserted violations of his "rights" to "a fair review and determination" of the claim he submitted to the GCCF, to "timely claim decisions," and to "timely payments" appear squarely to implicate the OPA's claim process, drawing into question the requirements, if any, that the OPA imposes on the responsible party when presented with a claim. *See Zadeh* Second Am. Compl. at 4. As mentioned above, the Panel expressly opted to include OPA claims in this MDL from the outset. *See* 731 F. Supp. 2d at 135. Plaintiff's arguments that his action is not a class action, and that it involves claims under Florida law are unpersuasive. Most actions in the MDL are individual actions, and dozens of them contain Florida law claims.

After considering all argument of counsel, we find that the *Ditch* and *Zadeh* actions involve common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). As explained above, these actions both have their genesis in alleged economic injury to plaintiffs resulting from the oil spill.

---

Damages Settlement was reached in principle, the GCCF ceased accepting, processing, or paying such claims. The record indicates that all claims-related information, files, and data previously submitted to the GCCF have been transferred to the settlement program.

Case 2:10-md-02179-CJB-DPC Document 25227-26 Filed 12/17/18 Page 6 of 9
Case 8:12-ap-00771-CPM Doc 27 Filed 10/02/13 Page 5 of 8
Case MDL No. 2179 Document 1634 Filed 10/02/13 Page 3 of 3

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan

## Eric S. Adams

| | |
|---|---|
| From: | JPMLCMECF@jpml.uscourts.gov |
| Sent: | Wednesday, October 02, 2013 3:03 PM |
| To: | JPMLCMDECF@jpml.uscourts.gov |
| Subject: | Activity in Case MDL No. 2179 IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 Transfer Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States

United States Judicial Panel on Multidistrict Litigation

### Notice of Electronic Filing

The following transaction was entered on 10/2/2013 at 3:03 PM EDT and filed on 10/2/2013

| | |
|---|---|
| **Case Name:** | IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 |
| **Case Number:** | MDL No. 2179 |
| **Filer:** | |
| **Document Number:** | 1634 |

**Docket Text:**
TRANSFER ORDER re: pldg. (9 in FLM/2:13-cv-00531, 7 in FLM/8:12-ap-00771, [1562] in MDL No. 2179), (6 in FLM/2:13-cv-00531, [1549] in MDL No. 2179), (6 in FLM/8:12-ap-00771, [1556] in MDL No. 2179)

**Transferring 2 action(s) - MDL No. 2179, FLM/2:13-cv-00531, FLM/8:12-ap-00771**

**Signed by Judge John G. Heyburn II, Chairman, PANEL ON MULTIDISTRICT LITIGATION, on 10/2/2013.**

**Associated Cases: MDL No. 2179, FLM/2:13-cv-00531, FLM/8:12-ap-00771 (JG)**

| | |
|---|---|
| **Case Name:** | Zadeh vs. Kenneth R. Feinberg, et al. |
| **Case Number:** | FLM/8:12-ap-00771 |
| **Filer:** | |

**Document Number:** 9

1

**Docket Text:**
TRANSFER ORDER re: pldg. (9 in FLM/2:13-cv-00531, 7 in FLM/8:12-ap-00771, [1562] in MDL No. 2179), (6 in FLM/2:13-cv-00531, [1549] in MDL No. 2179), (6 in FLM/8:12-ap-00771, [1556] in MDL No. 2179)

Transferring 2 action(s) - MDL No. 2179, FLM/2:13-cv-00531, FLM/8:12-ap-00771

Signed by Judge John G. Heyburn II, Chairman, PANEL ON MULTIDISTRICT LITIGATION, on 10/2/2013.

Associated Cases: MDL No. 2179, FLM/2:13-cv-00531, FLM/8:12-ap-00771 (JG)

**Case Name:** Ditch v. Feinberg et al
**Case Number:** FLM/2:13-cv-00531
**Filer:**
**Document Number:** 12

**Docket Text:**
TRANSFER ORDER re: pldg. (9 in FLM/2:13-cv-00531, 7 in FLM/8:12-ap-00771, [1562] in MDL No. 2179), (6 in FLM/2:13-cv-00531, [1549] in MDL No. 2179), (6 in FLM/8:12-ap-00771, [1556] in MDL No. 2179)

Transferring 2 action(s) - MDL No. 2179, FLM/2:13-cv-00531, FLM/8:12-ap-00771

Signed by Judge John G. Heyburn II, Chairman, PANEL ON MULTIDISTRICT LITIGATION, on 10/2/2013.

Associated Cases: MDL No. 2179, FLM/2:13-cv-00531, FLM/8:12-ap-00771 (JG)

**MDL No. 2179 Notice has been electronically mailed to:**

Stephen J Herman     sherman@hhklawfirm.com, rmiller@hhkc.com, rvalenti@hhkc.com

Don Keller Haycraft     dkhaycraft@liskow.com

**MDL No. 2179 Notice will not be electronically mailed to:**

**FLM/8:12-ap-00771 Notice has been electronically mailed to:**

William F. Sheehan     wsheehan@goodwinprocter.com, chawley@goodwinprocter.com

**FLM/8:12-ap-00771 Notice will not be electronically mailed to:**

Deep Water Horizon Economic Claim Center
935 Gravier Street
Suite 120
New Orleans, LA 70112-1608

Naussera N Zadeh

428 Pasaje Avenue
Tarpon Springs, FL 34689

**FLM/2:13-cv-00531 Notice has been electronically mailed to:**

William F. Sheehan    wsheehan@goodwinprocter.com, chawley@goodwinprocter.com

Eric S. Adams    eadams@shutts.com

Brian J. Donovan    brianjdonovan@verizon.net

**FLM/2:13-cv-00531 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP JPMLStamp_ID=1090522767 [Date=10/2/2013] [FileNumber=413500-0]
[8a8f6fd3f26736ec84264091ba1b3a621802866ccc6235a22beb99b79adea8005190c
213f25c30cb9c51fb407247dcb7d514a0156ab16314cf638281ffd6dae8]]