# Exhibit 28

United States Bankruptcy Court
Middle District of Florida

Zadeh,
      Plaintiff                                                            Adv. Proc. No. 12-00771-CPM

Feinberg,
      Defendant

# CERTIFICATE OF NOTICE

District/off: 113A-8         User: msara               Page 1 of 1               Date Rcvd: Oct 04, 2013
                                 Form ID: pdfdoc         Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 06, 2013.
dft        +Deep Water Horizon Economic  Claim Center,   P.O. Box 1439,    Hammond, LA 70404-1439
dft        Gulf Coast Claim Facility c/o Kenneth R. feinberg,,    P.O. Box 9658,   Dublin, OH  43017-4958
dft        +Kenneth R Feinberg,   Gulf Coast Claim Facility , Administrato,   5151 Blazer Pkwy, Ste. A,
         Dublin, OH 43017-9306
pla        +Naussera N Zadeh,   428 Pasaje Avenue,   Tarpon Springs, FL 34689-5726

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 06, 2013                                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 4, 2013 at the address(es) listed below:
         Eric S Adams    on behalf of Defendant Kenneth R Feinberg eadams@shutts.com,    shatfield@shutts.com
         Eric S Adams    on behalf of Defendant   Gulf Coast Claim Facility c/o Kenneth R. feinberg,
          Administrator eadams@shutts.com,    shatfield@shutts.com
         J David Forsyth    on behalf of Defendant   Deep Water Horizon Economic  Claim Center
          jdf@sessions-law.com
         Kenneth C. Grace    on behalf of Defendant   Deep Water Horizon Economic  Claim Center
          kgrace@sessions-law.biz,
          sfrederick@sessions-law.biz;evap@sessions-law.biz;mmoore@sessions-law.biz
                                                                                                                                      TOTAL: 4

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED OCT 2 2013
WILLIAM W. BLEVINS
CLERK

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

13-6014
13-6015

Andrew J. Ditch v. Kenneth R. Feinberg, et al.,
M.D. Florida, C.A. No. 2:13-00531
Naussera N. Zadeh v. Kenneth R. Feinberg,
M.D. Florida, A.P. No. 8:12-00771

MDL No. 2179

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in these two actions (*Ditch* and *Zadeh*) separately move to vacate our orders conditionally transferring the actions to MDL No. 2179.[1] Responding defendants oppose the motions.[2]

In opposing transfer, the *Ditch* plaintiff argues that his action is "highly idiosyncratic" in nature,[3] in that he is alleging that defendants acted with reckless, willful, and wanton disregard for his business and livelihood in their administration of the Gulf Coast Claims Facility (GCCF), the entity through which individuals and businesses initially submitted claims for damages allegedly incurred as a result of the Deepwater Horizon oil spill.[4] We respectfully disagree. First, plaintiff's complaint

---

[*] Judge Sarah S. Vance took no part in the decision of this matter.

[1] Plaintiff in *Zadeh*, which is a bankruptcy adversary proceeding, is litigating *pro se*. We note we previously have transferred multiple adversary proceedings under Section 1407. *See In re Phar-Mor, Inc., Sec. Litig.*, MDL No. 959, 1994 WL 41830, at *1 n.2 (J.P.M.L. Jan 31, 1994) ("Because federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets").

[2] Responding defendants as to *Ditch* are Kenneth R. Feinberg (Feinberg), Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility (GCCF), and William G. Green, Jr. Responding defendants as to *Zadeh* are Feinberg and the GCCF.

[3] Plaintiff expressly acknowledges, however, that his action is "closely related" to two other Middle District of Florida actions previously transferred to, and still pending in, the MDL. *See* Transfer Order (J.P.M.L. Oct. 6, 2011) (ECF No. 820); Transfer Order (J.P.M.L. Aug. 9, 201) (ECF No. 738). We note that plaintiffs in all three actions are represented by the same counsel.

[4] In August 2010, BP transferred responsibility for receiving certain claims arising out of the Deepwater Horizon incident to the GCCF. In March 2012, after the Economic and Property

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

- 2 -

contains multiple references to defendants' purported noncompliance with the Oil Pollution Act (OPA), and we expressly declined to carve out OPA claims in our initial centralization order. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010). Second, it appears that adjudicating plaintiff's claims will necessarily require an inquiry into whether, and in what amount, plaintiff was actually damaged by the oil spill. Indeed, a review of plaintiff's complaint confirms as much. *See, e.g., Ditch* Compl. ¶ 25 ("In sum, Plaintiff Ditch alleges that BP is responsible for the oil spill incident. . . . ."); ¶ 92 ("The damages suffered by Plaintiff Ditch and other victims of this oil spill will be enormous and on-going.").

Like the *Ditch* plaintiff, plaintiff in *Zadeh* challenges the manner in which the GCCF operated. And, as with *Ditch*, it is wholly unclear how plaintiff can recover for the alleged mishandling of his claim by the GCCF unless he can first establish that he is entitled to damages as a result of the spill. Also, as defendants persuasively argue, the *Zadeh* plaintiff's asserted violations of his "rights" to "a fair review and determination" of the claim he submitted to the GCCF, to "timely claim decisions," and to "timely payments" appear squarely to implicate the OPA's claim process, drawing into question the requirements, if any, that the OPA imposes on the responsible party when presented with a claim. *See Zadeh* Second Am. Compl. at 4. As mentioned above, the Panel expressly opted to include OPA claims in this MDL from the outset. *See* 731 F. Supp. 2d at 135. Plaintiff's arguments that his action is not a class action, and that it involves claims under Florida law are unpersuasive. Most actions in the MDL are individual actions, and dozens of them contain Florida law claims.

After considering all argument of counsel, we find that the *Ditch* and *Zadeh* actions involve common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). As explained above, these actions both have their genesis in alleged economic injury to plaintiffs resulting from the oil spill.

---

Damages Settlement was reached in principle, the GCCF ceased accepting, processing, or paying such claims. The record indicates that all claims-related information, files, and data previously submitted to the GCCF have been transferred to the settlement program.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil        Paul J. Barbadoro
Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan