# Exhibit 34

07/24/2013 15:34 727-939-0210 OFFICE DEPOT PAGE 03/07
Case 2:10-md-02179-CJB-DPC Document 25227-35 Filed 12/17/18 Page 2 of 7
Case 8:12-ap-00771 Document 3 Filed 07/25/13 Page 1 of 6

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZONE" IN THE GULF OF MEXICO, ON APRIL 20, 2010

MDL NO.2179

## NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-87)

## AND NOTICE OF RELATED ACTIONS

## MOTION TO VACATE THE (CTO-87) ORDER

Hereby The plaintiff NAUSSERA N.ZADEH/currently a debtor in the bankruptcy court in the middle district of TAMPA FLORIDA Files this notice of opposition to the conditional transfer order (CTO-87)opposed according with the Rule 7.1(c).within 7 day notice requirements to the:

CLERK OF THE PANEL
UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LIGATION
THURGOOD MARSHALL FEDERAL JUDICIARY BUILDING
ONE COLUMBOS CIRCLE, NE, ROOM G-255, NORTH LOBBY
WASHINGTON, DC 20002-8041

FAX: (202)502-2888

The order was filed on July 18th, 2013 and delivered on the eve of July 23rd, 2013 by mail for the pro Se Plaintiff that does not sum to 7 day notice requirements according to the federal rules of weekends and holidays.

Therefore the plaintiff prays for the honorable panel or the clerk to extend additional time if necessary for the plaintiff to file additional consolidated MOTION and brief to vacate the CTO order.

The action(s) on the conditional transfer does not involve the questions of fact that are common to the actions previously transferred to the Eastern District court of Louisiana and assigned to the honorable judge Barbier,but involves great matters of the bankruptcy court jurisdiction and the matters of automatic stay in bankruptcy court and plan payments and the all the future income of the plaintiff for

protection of the estate in bankruptcy court and the and adequate protection of the creditors and debtor against certain actions stayed in bankruptcy court until discharge of the case.

Also the Florida state laws involving the conduct of the administers of the claim facility (GCCF) as claimed in the complaints and request for relief.

The Power of the bankruptcy court has been vested to protect the estate and the debtor in bankruptcy with certain time limitations mandated by the bankruptcy law and the district court of Louisiana does not have any vested interest in the bankruptcy estate.

The honorable judge Barbier does not have any authority over the presiding judge in the bankruptcy court to issue automatic stays in bankruptcy court against certain creditors who are currently stayed under the bankruptcy court jurisdiction; nor can the violators of the automatic stay be sanctioned for violating the order of the bankruptcy court in Tampa Florida by the district court of Louisiana by the honorable judge Barbier.

The matter before the bankruptcy court is the taxable future income and the lost wages and future income of the debtor since April 20th 2010 to satisfy all creditors according to the confirmed on going plan payments to satisfy the trustee and the court on certain timely manners or dismissal of the case for nonpayment of the plan payments and all the proceeds of the adversary proceedings and lawsuits to be credited with the chapter 13 trustee until the completion of the plan payments within the next short period of time to bring the matters to final conclusion with speed in the bankruptcy court with greater efficiency over only one hearing rather than thousands of cases assigned to honorable judge Barbier.

The purpose of the bankruptcy is to collect all the future income of the debtor in timely expedited matters within the timeframe of the 60 month plan payments that since 2010, more than 40 month has lapsed and remains to be completed and any unpaid taxable income and loss of wages due from "GCCF"and the administration negligence mostly fall under the Florida state laws and sanctions and the decisions made by the courts in Florida and in the jurisdiction of the bankruptcy court to protect the estate in bankruptcy and the debtor in bankruptcy and certain creditors who are stayed of the automatic stay in bankruptcy court.

The transfer order and the tag along case burdens the Debtor/Plaintiff to violate the bankruptcy court's order to be burdened with additional debt; additional loss of earnings and wages and employment and all possible loss of the protection of the bankruptcy court and protection of the automatic stay current under the authority of the Bankruptcy court in the Middle district court in Tampa Florida.

The plaintiff /Debtor action is wholly different from the other class action complaints pending centralization in MDL No.2179 .The class action complaint pending centralization do not even address the misconduct of the administrators of "GCCF"neglegence.

Due to the factual allegations and important differences described above, claims are at all likely to be subject to discovery which significantly overlaps with the claims asserted by the class actionplaitiffs.

07/24/2013 16:34 727-939-0310 OFFICE DEPOT PAGE 05/07

Case 2:10-md-02179-CJB-DPC Document 25295-35 Filed 12/17/18 Page 4 of 7
Case FLM/8:12-ap-00771 Document 3-2 Filed 07/25/13 Page 3 of 6

Such transfers will not convenience the parties or the prospective witnesses who all live in the approximate of the Tampa Florida. Transfer will not promote just and efficient conduct of the litigation as required by 28U.S.C.& 1407(a).Therefore the panel should reject Notice of the related action and exclude the single –Plaintiff /Debtor action from the MDL No.2179.

In the interest of the Judicial economy the bankruptcy court has the most efficient expedited time frame hearings to conclude all hearings within the framework of the bankruptcy court within a few day timetable to conclusion of the single plaintiff matter rather than years of litigations past all the time table and frames permitted the bankruptcy court framework .The potential prejudice to the plaintiff/debtor weigh in favor of the denying the stay and to vacate the conditional order of the transfer to MDL No.(2179) and the tag along action and the case to be remanded to the bankruptcy court for expedited hearing  and conclusion within days rather than years by causing delay in the hearings of the MDL class action and incurrence of astronomical professional fees and travel cost and expenses not permitted by the bankruptcy court order to incurred any new debt by the debtor in bankruptcy court.

The plaintiff further will be prejudiced for delays with emotional stress and economical loss due to the inability to travel to different state with deadlines to follow .The wage earner chapter 13 debtor plaintiff/ must complete and satisfy the plan payments without the loss of income and daily earnings thus the bankruptcy court is the only safety, security and protection for the debtor/ and plaintiff.

RESPECTFULLY SUBMITTED:

PLAINTIFF/DEBTORE

*[signature]* for christ

NAUSSERA N.ZADEH

428 PASAJE AVE.

TARPON SPRINGS, FLORIDA 34689

07/24/2013 15:34 727-939-0210 OFFICE DEPOT PAGE 06/07
Case 2:15-md-02179-CJB-DPC Document 25247 Filed 12/17/18 Page 5 of 7
Case FLM/8:12-ap-00771 Document 3 Filed 07/25/13 Page 4 of 9

**UNITED STATES JUDICIAL PANEL on MULTIDISTRICT LITIGATION**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 18, 2013

FILED
CLERK'S OFFICE

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

MDL No. 2179

## NOTICE OF FILING OF CONDITIONAL TRANSFER ORDER (CTO-87)

Today, the Judicial Panel on Multidistrict Litigation filed a conditional transfer order (CTO) involving the above-captioned matter. This matter is transferred pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. The order will be stayed for 7 days unless opposed in accordance with Rule 7.1(c).

Notices of Opposition should be filed by email or facsimile. Refer to Rule 3.2 for filing options and requirements. File one Notice of Opposition (with an attached schedule of actions, if necessary) if opposing the transfer of more than one action. A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and preferred. **Pleadings not exceeding a total of 10 pages, including exhibits, may be faxed to the Panel at (202) 502-2888;** otherwise file an original and one copy of all pleadings by delivery or mail to:

Clerk of the Panel
United States Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 20002-8041

The following deadline pertain to this CTO Notice:

**Notice of Opposition Due on or Before: July 25, 2013**

If/when Notices of Opposition are filed, Pro Se will be notified of subsequent briefing schedules and related filings.

Inasmuch as there is an unavoidable delay between notification of the pendency of a tag-along action and the filing of a CTO, Pro Se are required by Rule 7.1(b) to notify this office **by fax or mail**, of any official changes in the status of the tag-along action. Such changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

07/24/2013 15:34 727-939-0210 OFFICE DEPOT PAGE 07/07
Case 2:10-md-02179-CJB-DPC Document 2527-35 Filed 12/17/18 Page 6 of 7
Case FLM/8:12-ap-00771 Document 3 Filed 07/25/13 Page 5 of 6
Case MDL No. 2179 Document 1514 Filed 07/18/13 Page 1 of 2

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG
DEEPWATER HORIZON IN THE GULF OF
MEXICO, ON APRIL 20, 2010

MDL No. 2179

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO –87)

On August 10, 2010, the Panel transferred 44 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* 731 F.Supp.2d 1352 (J.P.M.L. 2010). Since that time, 779 additional action(s) have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Carl J Barbier.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Barbier.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the Eastern District of Louisiana for the reasons stated in the order of August 10, 2010, and, with the consent of that court, assigned to the Honorable Carl J Barbier.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

07/24/2013 15:34 727-939-0210 OFFICE DEPOT PAGE 02/07
Case 2:10-md-02179-CJB-DPC Document 25247-35 Filed 12/17/18 Page 7 of 7
Case FLM/8:12-ap-00771 Document 3 Filed 07/25/13 Page 6 of 6
Case MDL No. 2179 Document 1514 Filed 07/18/13 Page 2 of 2

IN RE: OIL SPILL BY THE OIL RIG
DEEPWATER HORIZON IN THE GULF OF
MEXICO, ON APRIL 20, 2010     MDL No. 2179

### SCHEDULE CTO-87 – TAG-ALONG ACTIONS

| DIST | DIV. | C.A.NO. | CASE CAPTION |
|---|---|---|---|
| **FLORIDA MIDDLE** | | | |
| FLM | 8 | 12-ap-00771 | Zadeh vs. Kenneth R. Feinberg, et al. |
| **TEXAS SOUTHERN** | | | |
| TXS | 4 | 13-02048 | Spartan Offshore Drilling, LLC v. BP Exploration &Production Inc. et al |