# Exhibit 38

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010         MDL NO. 2179

This filing relates to the following case only:

*Naussera N. Zadeh v. Feinberg, et al.*, Bankr. M.D. Fla. Case No. 8:10-bk-04517-CPM, Adv. Proc. No. 8:12-ap-00771-CPM

_____

**OPPOSITION OF DEFENDANTS KENNETH R. FEINBERG AND GULF COAST CLAIMS FACILITY TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-87)**

> William F. Sheehan
> Goodwin Procter LLP
> 901 New York Avenue, NW
> Washington, DC 20001
> Telephone: (202) 346-4303
> wsheehan@goodwinprocter.com
>
> Joseph A. Schwartz
> Goodwin Procter LLP
> 620 Eighth Avenue
> New York, NY 10018
> Telephone: (212) 459-7234
> jschwartz@goodwinprocter.com
>
> *Counsel for Defendants Kenneth R. Feinberg and Gulf Coast Claims Facility*

August 29, 2013

## INTRODUCTION

A conditional transfer order transferring a case to an MDL venue may be vacated only on a showing of good cause. *In re Grain Shipments*, 319 F. Supp. 533, 534 (J.P.M.L. 1970). Plaintiff has failed to make that showing. While he pleads causes of action stemming from alleged violations of the federal Oil Pollution Act in processing his claim, Plaintiff's claim, like all other consolidated claims in MDL 2179, depends on proving that Plaintiff suffered damages as a result of the Deepwater Horizon oil spill. Hence the transfer is warranted and Plaintiff's motion to vacate should be denied.

## BACKGROUND

### A.  The Oil Pollution Act.

The Oil Pollution Act of 1990, 33 U.S.C. §§ 2701 *et seq.* ("OPA"), defines a category of "responsible parties" for an oil spill who are strictly liable for the payment of claims for specified "removal" (*i.e.,* cleanup) costs and damages. 33 U.S.C. §§ 2701(32), 2702(a), (b). OPA also requires responsible parties to establish a procedure for receiving and attempting to settle such claims. Claimants must present their claims initially under that procedure. *See* § 2713(a) ("[A]ll claims for removal costs or damages shall be presented first to the responsible party."). If a claim presented to the responsible party is not settled, or 90 days pass without a response from the responsible party, then "the claimant may elect to commence an action in court against the responsible party" or "to present the claim to the" Oil Spill Liability Trust Fund, which is administered by the Coast Guard. 33 U.S.C. § 2713(c).

BP Exploration & Production, Inc. ("BP") was designated by the Coast Guard as a "responsible party" for the spill in the Gulf of Mexico that began after the drilling rig Deepwater Horizon exploded and sank in April 2010. BP initially established its own claims process, but in August 2010, based on an agreement with the White House, it transferred its OPA claims

processing responsibility to Kenneth R. Feinberg, who, with the law firm of Feinberg Rozen LLP, acted in the name of the Gulf Coast Claims Facility ("GCCF") to receive, assess, and possibly settle damages claims arising from the spill.

### B. Procedural History.

Plaintiff Naussera N. Zadeh filed a voluntary Chapter 13 proceeding in the Bankruptcy Court for the Middle District of Florida in February 2010.[1] Plaintiff allegedly filed a claim with the GCCF in or about June 2011 "for the losses and claims [that] arose out of the [D]eepwater [H]orizon oil exploration under water explosion and disaster." Complaint at 1.[2] The GCCF paid some, but not all, of the amounts claimed by Plaintiff. *Id.* at 2-3. In August 2012, Plaintiff filed an adversary proceeding against Defendants Feinberg and the GCCF (the "GCCF Defendants"), but failed to serve the complaint within the time permitted by the Federal Rules of Bankruptcy Procedure. In October 2012, Plaintiff requested that the Bankruptcy Court re-issue the summons and complaint, and in June 2013, the Plaintiff filed his Second Amended Complaint against the GCCF Defendants.

Plaintiff alleges that the GCCF Defendants "intentionally and deliberately [] withheld and denied and delayed the first payment for the 2010 claim and again withheld, denied and delayed the balance of the claim for the 2010 and 2011 [*sic*] without just compensation and reasons." Complaint at 2. Plaintiff's causes of action purport to state claims of "gender bias prejudice" and alleged violations of "the very principals of the rights the claimants that were promised to hold [*sic*]" (*id.* at 3-4), but in fact Plaintiff's claims all allege and depend on finding a violation of OPA. Thus, for example, the Complaint asserts that the GCCF Defendants denied Plaintiff's

---

[1] *See* Bankruptcy Pet. No. 8:10-bk-04517 (Bankr. M.D. Fla. filed Feb. 26, 2010) (Dkt. No. 1).

[2] A copy of the Plaintiff's Second Amended Complaint ("Complaint") appears at Exhibit A to the GCCF Defendants' Notice of Related Action, filed herein on July 15, 2013 (Dkt. No. 1504).

2

alleged "rights" "to a fair review and determination of the claim," "to timely claim decisions" and "to timely payments" – "rights" that all refer to the claims process mandated by OPA. *Id.* Indeed, Plaintiff argues that all his claims depend on showing that the GCCF Defendants, who acted "in fulfilling BP's [s]tatutory obligation as a 'responsible party' under [the] Oil Pollution Act of 1990" (Complaint at 2), violated OPA. Plaintiff's Motion to Vacate Conditional Transfer Order with Brief in Support (Dkt. No. 1556) ("Plaintiff's Memo") at 5.

On July 15, 2013, the GCCF Defendants filed herein a Notice of Related Action under J.P.M.L. Rule 7.1(a). Dkt. No. 1504. On July 18, 2013, the Clerk issued Conditional Transfer Order (CTO-87) transferring this action to MDL-2179. Dkt. No. 1514. Plaintiff thereafter noticed his objection to CTO-87 and moved to vacate CTO-87 on August 7, 2013. Dkt. No. 1556.

For the reasons stated below, the Court should reject Plaintiff's attempt to avoid having his claims adjudicated in MDL 2179 along with all other claimants alleging damages caused by the oil spill.

## ARGUMENT

This case is appropriate for transfer if (1) it involves "one or more common questions of fact" with the pending civil actions in MDL 2179, (2) transfer will "promote the just and efficient conduct of" the case, and (3) transfer on the whole serves the "convenience of parties and witnesses." 29 U.S.C. § 1407(a). We address each requirement in turn.

### A. The Case Raises Common Issues of Fact and Law.

Plaintiff may have couched his claims in unusual terms, but to prevail he will necessarily have to prove that he suffered damages as a result of the spill, just like all of the other plaintiffs whose claims are pending in MDL 2179. That is, if he cannot first establish that he is entitled to damages as a result of the spill, he cannot recover from the GCCF Defendants for any purported

3

mishandling of his claim.[3] Hence this case at its core is indistinguishable from the thousands of others that have already been transferred. Accordingly, to quote from this Panel's August 10, 2010 Transfer Order establishing MDL 2179, this case will "indisputably share factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it." Order, p. 3.

The Panel also ruled that "[c]entralization may also facilitate closer coordination with Kenneth Feinberg's administration of the BP compensation fund" (*id.*). That reason for consolidation applies with particular force here, where the GCCF Defendants' administration of the compensation fund is directly challenged. The OPA presentment issue, and what if any requirements OPA imposes on the responsible party when presented with a claim, are central issues in this case, again counseling in favor of transfer.

Finally, even if this case presents some issues of fact or law that are not common with other pending cases that have already been transferred to Judge Barbier, those issues may be readily and efficiently resolved in MDL 2179. Most of the cases transferred to MDL 2179 come with their own set of distinguishable facts, but that cannot be a reason to deny transfer. As the Panel noted in establishing this MDL, the transferee judge "has broad discretion to employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to address any differences among the cases and efficiently manage the various aspects of this litigation." Transfer Order of August 10, 2010, p. 3; *see also id.* ("Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization."); *In re Zicam Cold Remedy Mktg. and Sales Practices Litig.,* 655 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009) (transferee court may establish a pretrial program allowing non-

---

[3] Plaintiff effectively concedes this point in characterizing his damages as emanating "out of the [D]eepwater [H]orizon oil exploration under water explosion and disaster." Complaint, at 1.

4

common issues to proceed concurrently with common issues) (citing *In re Multi-Piece Rim Prods. Liab. Litig.,* 464 F. Supp. 969, 974 (J.P.M.L. 1979)).

B. **Transfer Will Promote The Just And Efficient Conduct Of Litigation.**

Plaintiff's suit seeks damages similar to thousands of other actions already transferred to MDL 2179. Transfer of this action to Judge Barbier will permit a single court to decide identical issues in these cases, thereby promoting uniformity, consistency, and predictability.

Plaintiff argues that his claims, now couched in terms of state tort law for, *e.g.*, negligence, raise issues sufficiently different from those already consolidated as to obviate the benefits of transfer. Plaintiff's Memo. at 4-9. But this Panel has previously considered and rejected similar arguments against transfer in cases asserting state law claims that depend on violations of OPA. *See Pinellas Marine Salvage v. Feinberg,* No. 8:11-cv-00582 (M. D. Fla.), and *Salvesen v. Feinberg, et al.,* No. 2-11-cv-00375-JES-SPC (M. D. Fla.), both transferred to MDL 2179.[4] A third case raising nearly identical issues, *Ditch v. Feinberg, et al.*, No. 2:13-cv-531-JES-UAM (M.D. Fla.), is currently *sub judice*.[5]

C. **Transfer Will Promote The Convenience Of The Parties And Witnesses.**

Section 1407 requires the Panel to consider the convenience of all the parties, not just the plaintiff. *See, e.g., In re Vernitron Sec. Litig.,* 462 F. Supp. 391, 393-94 (J.P.M.L. 1978). The key issue under Section 1407 is whether this case and the others before Judge Barbier share common issues of fact and, as we have shown, this case at its core will raise fact issues

---

[4] *IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" In the Gulf of Mexico, on April 20, 2010,* MDL 2179 Dkt. No. 738, Case No. FLM/8:11-cv-00582 Dkt. No. 12; MDL 2179 Dkt. No. 820, Case no. FLM/2:11-cv-00375 Dkt. No.27.

[5] Plaintiff raises several objections to federal jurisdiction over this case under 28 U.S.C. §§ 1331 and 1332 and to the alleged "removal" of this case under 28 U.S.C. § 1441. As both Plaintiff's bankruptcy petition and this adversary proceeding were originally filed in the Bankruptcy Court for the Middle District of Florida, this case was never "removed" to federal court, and federal jurisdiction exists under 28 U.S.C. § 1334. *See also* Complaint at 3 (alleging that jurisdiction of the Bankruptcy Court arises under "the bankruptcy rules and the code of the bankruptcy law").

5

concerning BP's liability for the spill that are identical to those presented in the vast majority of the cases that comprise MDL 2179. Discovery on those issues should not be duplicated in this case standing alone. *See In re Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968) ("Of course it is to the interest of each plaintiff to have all of the proceedings in his suit handled in his district. But the Panel must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law.").

In sum, this case arises out of the same explosion, fire, and oil spill as underlie all the existing MDL 2179 cases, concerns the same claims process mandated and governed by OPA, and will require similar proofs of factual injuries and damages arising from the spill. The Panel has already transferred other cases asserting claims under OPA – including *Pinellas Marine* and *Salvesen, supra* – and this case should be transferred as well.

## CONCLUSION

The Court should deny Plaintiff's motion to vacate CTO-87 and transfer *Zadeh v. Feinberg, et al.,* Bankr. M.D. Fla. Case No. 8:10-bk-04517-CPM, Adv. Proc. No. 8:12-ap-00771-CPM, to MDL 2179.

    Respectfully submitted,

    /s/ William F. Sheehan
    William F. Sheehan
    Goodwin Procter LLP
    901 New York Avenue, N.W.
    Washington, D.C. 20001
    Tel.: 202.346.4000
    Fax.: 202.346.4444
    E-mail: wsheehan@goodwinprocter.com

    Joseph A. Schwartz
    Goodwin Procter LLP
    620 Eighth Avenue
    New York, NY 10018
    Telephone: (212) 459-7234
    jschwartz@goodwinprocter.com

August 29, 2013    *Counsel for Defendants Kenneth R. Feinberg and Gulf Coast Claims Facility*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| OIL SPILL BY THE OIL RIG ) | MDL Docket No. 2179 |
| "DEEPWATER HORIZON" IN THE ) | |
| GULF OF MEXICO, ON APRIL 20, 2010 ) | |
| ) | |

## PROOF OF SERVICE

    I hereby certify that on this 29th day of August 2013, that the foregoing Opposition of Defendants Kenneth R. Feinberg and Gulf Coast Claims Facility to Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-87) was filed electronically with the Clerk of the Judicial Panel on Multidistrict Litigation through the ECF System, and I also certify that the foregoing Opposition of Defendants Kenneth R. Feinberg and Gulf Coast Claims Facility to Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-87) was served this day on all counsel of record using the CM/ECF system, which shall send notification of such filing to all registered participants as identified on the Notice of Electronic Filing (NEF). I also certify that a copy of the foregoing Opposition of Defendants Kenneth R. Feinberg and Gulf Coast Claims Facility to Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-87) shall be served via United States Mail, first class, postage prepaid, to the following:

    Naussera N. Zadeh
    428 Pasaje Avenue
    Tarpon Springs, FL 34689
    Plaintiff *Pro Se*

    Deep Water Horizon Economic Claim Center
    935 Gravier Street
    Suite 120
    New Orleans, LA 70112-1608
    Defendant

    Bankr. M.D. Fla. No. 8:10-bk-04517-CPM,
        Adv. Proc. No. 8:12-ap-00771-CPM

August 29, 2013                                        /s/ William F. Sheehan _____

                                                                    William F. Sheehan
                                                                    Goodwin Procter, LLP
                                                                    901 New York Avenue, NW
                                                                    Washington, DC 20001
                                                                    Telephone: (202)346-4303

Facsimile: (202) 346-4444
wsheehan@goodwinprocter.com

Counsel for Defendants Kenneth R. Feinberg and Feinberg Rozen LLP

2