MINUTE ENTRY
WILKINSON, M. J.
DECEMBER 17, 2018

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |
| Civil Action Nos. 12-970, 15-4143, 15-4146 and 15-4654 | |

## CLAIMS APPEAL DETERMINATION AND REASONS
[Halliburton and Transocean Settlement]

The Claims Administrator has provided me with the Appeal Determination Notice, Court Review Request, Claim Form, Settlement Program Appeal Determination letter and the Memorandum in Support of Court Review Request submitted by claimants' counsel concerning the appeal of Michael Molyneux, Claim No. 4DE* * * * * * * ("claimant"), denying his claim for payment from the Halliburton/Transocean Settlement Agreements. Having reviewed these materials, the determination of the Claims Administrator is **AFFIRMED**, essentially for the reasons provided by the Claims Administrator.

Claimant's Court Review Request is supported only by photographs that purport to show oiling on his property. See Court Review Request for Michael Molyneux, Plaintiff's Exhibit 4, 5. Claimant's property lies well <u>outside</u> of the Coastal Real Property Claim Zone, the applicable compensation zone for the claim addressed in this order. As to properties

| MJSTAR:  1:10 |
|---|

located outside of applicable compensation zones, the Distribution Model states the following:

> Consistent with the eligibility requirements of the DHEPDS, a parcel not located within the Coastal Real Property Claim Zone . . . may be added to such zone <u>if the parcel is documented as oiled pursuant to SCAT or by an official assessment conducted by the National Resources Trustees in connection with the Deepwater Horizon Incident.</u> To be considered for zone inclusion, the claimant will need to file a Parcel Eligibility Determination Request with <u>supporting documentation from SCAT or [Natural Resource Damages Assessment trustees] indicating the property was oiled</u> for review and determination by the New Class Claims Administrator. <u>No other parcels outside such zones shall be considered an eligible parcel.</u>

Record Doc. No. 18797 at pp. 4–5 (emphasis added). Claimant has not provided documentation of oiling in the form of maps or documents covering SCAT-monitored areas, or documentation of oiling pursuant to a National Resources Damages Assessment. Claimant is thus ineligible for compensation under the Distribution Model. The submitted photographic evidence is neither compelling <u>nor</u> conclusive.

The Distribution Model provides that in certain "extraordinary facts or circumstances" the court's equitable authority and discretion permit deviation from documentation requirements such as these. <u>Id.</u> at p. 27. I will not apply the court's equitable authority so broadly as to encompass consideration of these kinds of inconclusive photographs as sufficient proof of oiling without any additional evidence from SCAT-monitored areas or a Natural Resources Damages Assessment. No sufficient basis requiring a different result from the Claims Administrator's determination has been provided.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**