MINUTE ENTRY
WILKINSON, M. J.
DECEMBER 18, 2018

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |
| Civil Action Nos. 12-970, 15-4143, 15-4146 and 15-4654 | |

### CLAIMS APPEAL DETERMINATION AND REASONS
[Halliburton and Transocean Settlement]

The Claims Administrator has provided me with the Appeal Determination Notice, Court Review Request, Claim Form, Settlement Program Appeal Determination letter and the Memorandum in Support of Court Review Request submitted by claimants' counsel concerning the appeals of Cajun Holiday, Inc., Claim No. 964* * * * * * *; and Renee and Robert, Inc., Claim No. 450* * * * * * * (collectively, "claimants") denying their claims for payment from the Halliburton/Transocean Settlement Agreements. Having reviewed these materials, the determination of the Claims Administrator is **AFFIRMED**, essentially for the reasons provided by the Claims Administrator.

The Claims Administrator has already stated that "this [c]laimant will be allowed compensation under the New Class by virtue of eligibility for damage to their Coastal Real Property." Appeal Determination Notices for Cajun Holiday, Inc. and Renee and Robert,

MJSTAR:  1:10

Inc. I agree with the reasoning of the Claims Administrator that the claimants' claim for <u>additional</u> payment for their personal property damage is too causally attenuated to qualify for payment of maritime law punitive damages attributable to the conduct of the <u>Deepwater Horizon</u> case defendants. Claimants' own submission states, "BP employees and/or subcontractors working the cleanup of the oil spill stayed at [claimants' facilities] <u>which caused the damages to [claimants'] property</u>." Claim Forms for Cajun Holiday, Inc. and Renee and Robert, Inc., SWS-1 at p. 1 (emphasis added). Thus, the intervening act of claimants renting their property to cleanup workers in a contractual relationship caused the damage to their property, not the conduct of defendants that maritime punitive damages are designed to prevent and deter.

The Claims Administrator's determination is consistent with the Settlement Agreements, the Allocation, and the court's orders approving the Settlement Agreements, the Distribution Model and the law supporting them, including equitable considerations. No sufficient basis requiring a different result has been provided.

JOSEPH C. WILKINSON, JR.<br>
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**
**and**
**HESI/TRANSOCEAN SETTLEMENT**
**CLAIMS ADMINISTRATOR**