UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" in the GULF | * | |
| OF MEXICO, on APRIL 20, 2010 | * | SECTION J |
| | * | |
| This Document Relates to:  18cv11122 | * | JUDGE BARBIER |
| | * | MAGISTRATE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## CLAIMS ADMINISTRATOR'S MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS
## AND ALTERNATIVE MOTION TO STAY PENDING APPEAL

Defendant Patrick A. Juneau, in his official capacity as Claims Administrator of the

Deepwater Horizon Court Supervised Settlement Program administering the Deepwater Horizon

Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of

the Deepwater Horizon Economic and Property Damages Settlement Trust (the "Claims

Administrator" or "Mr. Juneau"), through undersigned counsel, respectfully submits this

memorandum in support of his motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) all claims against him in the Complaint filed by Mr. Donald M. Thibodeaux ("Mr.

Thibodeaux") in Case No. 2:18cv11122 on the docket of this Court, or, only alternatively, to stay

this matter pending the outcome of a related appeal to the United States Court of Appeal for the

Fifth Circuit in No. 18-31177 on the docket of the Fifth Circuit.

## I.   INTRODUCTION

In the aftermath of the Oil Spill, the federal government imposed a temporary moratorium

on offshore drilling. The Deepwater Horizon Economic and Property Damages Settlement

Agreement (the "Settlement Agreement") provided compensation for economic harm to

individuals and businesses in the Economic Class who were harmed by the oil spill, but the

1

Settlement Agreement expressly reserved claims for "Moratoria Losses," which losses were not "recognized or released under the [Settlement] Agreement, and are reserved to the Economic Class Members." Settlement Agreement § 3.3, Rec. Doc. 6430-1.[1] The Settlement Agreement defines a "Moratoria Loss" as "any loss whatsoever caused by or resulting from federal regulatory action or inaction directed at offshore oil industry activity—including shallow water and deepwater activity—that occurred after May 28, 2010, including the federal moratoria on offshore permitting and drilling activities imposed on May 28, 2010 and July 12, 2010 and new or revised safety rules, regulations, inspections or permitting practices." *Id.* at § 38.93. Given that claims for moratoria losses are excluded (but reserved to claimants) in the Settlement Agreement, the Claims Administrator is directed to identify for review by a dedicated moratoria loss team claims for individual economic loss submitted by individuals/employees of businesses or employers in the oil and gas industry and businesses or employers that provided support services to the oil and gas industry. *See id.* at §§ 5.10.2.2.1–2, 5.10.3.2.1–7.

The Claims Administrator determined that Mr. Thibodeaux's individual economic loss ("IEL") claim showed indicia of potential moratoria losses. The Settlement Agreement thus required a moratoria loss analysis to exclude moratoria losses (if any) from compensable non-moratoria losses. Pursuant to Exhibit 16 of the Settlement Agreement, the Settlement Program was working with BP and Class Counsel to "develop agreed upon guidance that the Claims Administrator shall apply in making compensation determinations that adhere to the moratoria exclusion in the settlement agreement." Settlement Agreement, Exh. 16, Rec. Doc. 6430-34 at 5–9.

---

[1] All record citations in this memorandum, unless otherwise stated, are to the MDL record in MDL No. 2179.

In the six years following the Settlement Agreement's execution, however, BP and Class Counsel did not "establish 'agreed' protocols or guidance to govern Moratoria Hold claims in the Settlement program." *See* October 3, 2018, Order, Rec. Doc. 24945 at 1. Without such guidance, the Claims Administrator could not process IEL claims subject to a Moratoria Hold or otherwise separate moratoria losses from non-moratoria losses.

Given this delay, on March 17, 2017, this Court granted claimants subject to a Moratoria Hold the option to exclude their claims from the Settlement Program and proceed in litigation. *Id.* The Neutrals process further substantially reduced by settlement a number of claims subject to moratoria hold. *Id.* at 2. Finally, on October 3, 2018, this Court entered an Order regarding the remaining moratoria hold claims which—absent the guidance from BP and Class Counsel required by the Settlement Agreement—the Claims Administrator "ha[d] no ability to process." *Id.* By this Order, all remaining unresolved claims subject to a "Moratoria Hold" in the Settlement Program, including Mr. Thibodeaux's IEL claim, were "**deemed hereby EXCLUDED** from the Settlement." *Id.* (emphasis in original). The Order further directs such claimants who wished to proceed in litigation to file individual lawsuits and sworn statements. *Id.* at 3.

Mr. Thibodeaux, however, has responded by seeking a declaratory judgment that he it is a member of the Class as defined in the Settlement Agreement, that he did not sustain moratoria losses, and that orders the Claims Administrator to process his claim under the "business economic loss framework." Complaint in 2:18cv11122, Rec. Doc. 1 at 65.[2]  In addition to filing this

---

[2] Given that Mr. Thibodeaux filed an "individual economic loss" claim—not a "business economic loss" claim—the Claims Administrator assumes that the request that Mr. Thibodeaux's claim be processed under the "business economic loss" framework is an error. A similar Complaint in member case no. 18cv11111 with a similar prayer for relief against the Claims Administrator was filed by Mr. Thibodeaux's attorney on behalf of his employer, MMR. *See* PTO 65 Verified Statement, 18cv11122, Rec. Doc. 10 at 4 (discussing Mr. Thibodeaux's employment with MMR).

declaratory judgment action against BP and others, Mr. Thibodeaux named the Claims Administrator, Patrick Juneau, as a Defendant.

## II.   **LAW AND ANALYSIS**

### A.   Standard for dismissal under Rule 12(b)(6)

To state a claim upon which relief can be granted for purposes of a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Matter of ATP Oil & Gas Corp.*, 888 F.3d 122, 126 (5th Cir. 2018) (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must set forth sufficient facts to support the plaintiff's alleged grounds for entitlement to relief. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). Dismissal is appropriate if the allegations in a complaint could not raise a claim of entitlement to relief. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

A plaintiff has stated a claim in a declaratory judgment action only where an "actual controversy" exists. *See* 28 U.S.C. § 2201(a); *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). An actual controversy "exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *TOTAL Gas & Power N. Am., Inc. v. Fed. Energy Regulatory Comm'n*, 859 F.3d 325, 333 (5th Cir. 2017) (internal quotation marks and alterations omitted).

### B.   Mr. Thibodeaux has not stated a claim against the Claims Administrator.

Accepting all the facts of the Complaint as true, Mr. Thibodeaux has not stated a cause of action against the Claims Administrator, and his claim for declaratory judgment must be dismissed

---

MMR did file "business economic loss" claims that also were placed in Moratoria Hold. The Claims Administrator has likewise moved to dismiss or alternatively stay that case.

as to the Claims Administrator. There is no "actual controversy" between the Claims Administrator and Mr. Thibodeaux, whose claim the Court has deemed "**EXCLUDED** from the Settlement." October 3, 2018, Order, Rec. Doc. 24945 at 2 (emphasis in original).

Under the Settlement Agreement, the Claims Administrator *shall:*

- "*be responsible to the Court*;"
- "*serve as directed by the Court*;" and
- "*faithfully implement and administer the Settlement*, *according to its terms and procedures*, for the benefit of the Economic Class, consistent with this Agreement, and/or as agreed to by the Parties and/or *as approved by the Court*."

Settlement Agreement at § 4.3.1 (emphasis added). Mr. Juneau, accordingly, is responsible to this Court in his official capacity as the Claims Administrator and must administer the Settlement Agreement as directed and approved by this Court. Mr. Juneau does not have the discretion or authority to implement the Settlement in any other manner.

This Court deemed Mr. Thibodeaux's IEL claim excluded from the Settlement Program, and the Claims Administrator is bound to serve as directed by the Court and consider the claim excluded. Consistent with his duties under the Settlement Agreement, the Claims Administrator simply may not disregard or act contrary to a standing Court order.

Mr. Thibodeaux may have disagreed with the Claims Administrator's earlier decision to subject his claim to Moratoria Hold review in the first instance, but that is no longer relevant. The Court has determined that all claims that were in this status as of October 3, 2018 are deemed excluded from the Settlement. Rec. Doc. 24945 at 2. Mr. Juneau, therefore, has no immediate and real "adverse legal interest" to Mr. Thibodeaux. *See TOTAL Gas*, 859 F.3d at 333. His only interest is to implement a Settlement Agreement "according to its terms and procedures, for the benefit of the Economic Class . . . and/or as agreed to by the Parties and/or as approved by the Court," s*ee* Settlement Agreement at § 4.3.1, which Agreement no longer covers Mr. Thibodeaux's IEL claim.

Because the Court has deemed Mr. Thibodeaux's claim excluded, the Claims Administrator is bound to follow that determination unless and until he is directed otherwise.

> C.   In the alternative, the Claims Administrator requests a stay of this action pending an appeal of the October 3, 2018 Order.

In the alternative, the Claims Administrator requests a stay of this action pending the disposition of an appeal of the October 3, 2018 Order to the United States Court of Appeal for the Fifth Circuit in case No. 18-31177, to which the Claims Administrator has not been made a party. *See* Notice of Appeal, Rec. Doc. 25125 (appealing the October 3, 2018 Order excluding Mr. Thibodeaux's claims). "The district court has the inherent power to control its own docket, including the power to stay proceedings." *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006); *see also Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) ("A court is within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals."). In the event the Fifth Circuit affirms the October 3, 2018 Order, there certainly can be no actual controversy with the Claims Administrator for the reasons already discussed. Similarly, to the extent the Court might reverse or remand the October 3, 2018 Order, the Claims Administrator will be bound to follow the Court's further instructions as to the processing of moratoria hold claims. Therefore, a stay pending the outcome of the referenced appeal would serve the "interests of the parties, and appropriate conservation of judicial resources." *See id.*

## III.   **CONCLUSION**

Mr. Juneau should not have been named as a defendant in this declaratory judgment action and should be dismissed pursuant to Rule 12(b)(6) because no "actual controversy" exists between the Claims Administrator and Mr. Thibodeaux. Instead, the Claims Administrator is bound to follow the Court's October 3, 2018 Order excluding Mr. Thibodeaux's claim from the Settlement

Program.  To the extent any claims against Mr. Juneau are not dismissed, he respectfully requests a stay of this action pending the outcome of an appeal of the October 3, 2018 Order in Fifth Circuit case No. 18-31177.

Respectfully submitted,

*/s/ Richard C. Stanley*
Richard C. Stanley (La. Bar No. 8487)
Kathryn W. Munson (La. Bar No. 35933)
STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, LA  70112
Telephone: (504) 523-1580
rcs@stanleyreuter.com
kwm@stanleyreuter.com

-and-

J. David Forsyth (La. Bar. No. 5719)
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
400 Poydras St, Suite 2550
New Orleans, La 70130
Telephone: (504) 582-1500
jdf@sessions-law.com

Attorneys for Patrick A. Juneau, as Claims Administrator

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing memorandum has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of January, 2019.

*/s/ Richard C. Stanley*