# EXHIBIT 2

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

DAVID DOUGHERTY, CPA, P.A.,

    Plaintiff,

v.

FARRELL AND PATEL, P.A.,

    Defendant.

CASE NO.: 2016-17925-CA-01

_____ /

### DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Farrell and Patel, P.A. ("Defendant") files its Amended Answer and Affirmative Defenses to Plaintiff David Dougherty, CPA, P.A.'s ("Plaintiff") Second Amended Complaint, and in support thereof states the following:

### I. INTRODUCTION

Defendant denies Plaintiff is entitled to any relief for any cause of action and demands strict proof thereof.

### II. JURISDICTION, VENUE & PARTIES

1. As to the allegation in paragraph 1 of the Second Amended Complaint, Defendant admits only that Defendant has brought forth an action against Defendant. Defendant denies Plaintiff is entitled to any relief for any cause of action and demands strict proof thereof.

2. Defendant is without knowledge as to whether Plaintiff is a professional association and whether Plaintiff is organized under the laws of the State of Florida and, therefore, denies these allegations in paragraph 2 and demands strict proof thereof.

3. Defendant is without knowledge as to whether Plaintiff operated a Certified Public Accounting firm with a principal place of business in Volusia County, Florida, and,

therefore, denies these allegations in paragraph 3 and demands strict proof thereof.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant denies Plaintiff states any viable causes of action and, therefore, denies the allegations in paragraph 6 and demands strict proof thereof.

### III.   FACTUAL ALLEGATIONS

7. Defendant admits the allegations in paragraph 7.

8. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 8 and demands strict proof thereof.

9. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 9 and demands strict proof thereof.

10. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 10 and demands strict proof thereof.

11. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 11 and demands strict proof thereof.

12. Defendant denies the allegations in paragraph 12 and demands strict proof thereof.

13. Defendant denies the allegations in paragraph 13 and demands strict proof thereof.

14. Defendant disputes Plaintiff's characterization of the number of clients Defendant retained within certain time frames and, therefore, denies the allegations in paragraph 14 and demands strict proof thereof.

15. Defendant disputes Plaintiff's characterization of the number of clients Defendant retained within certain time frames and, therefore, denies the allegations in paragraph 15 and demands strict proof thereof.

16. Defendant admits the allegations in paragraph 16.

– 3 –

17. To the extent paragraph 17's pleading of Exhibit B as an "agreement" is an allegation that Defendant accepted executed or accepted any terms included in Exhibit B, Defendant denies such allegations. Defendant admits Plaintiff provided Defendant with Exhibit B on or about October 1, 2010. As for any remaining allegations regarding the contents of Exhibit B, the exhibit is attached to the Second Amended Complaint and speaks for itself.

18. To the extent paragraph 18's pleading of Exhibit C as an "agreement" is an allegation that Exhibit C constitutes an agreement between the parties or that Exhibit C contains any operative terms of a business relationship between the parties, Defendant denies such allegations. Defendant admits Plaintiff was retained by Defendant to provide accounting services. As for any remaining allegations regarding the contents of Exhibit C, the exhibit is attached to the Second Amended Complaint and speaks for itself.

19. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations in paragraph 19 of the work performed by Plaintiff and, therefore, denies the remaining allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20 and demands strict proof thereof.

21. Defendant admits retaining Plaintiff to provide accounting services, which involved electronic transmittal of information from Defendant to Plaintiff, during certain phases. Defendant disputes the remaining characterizations in paragraph 21 of the work performed by Plaintiff, and, therefore denies the remaining allegations in paragraph 21.

22. Defendant admits Plaintiff was paid a fee for accounting services Plaintiff performed. Defendant denies the remaining allegations in paragraph 22.

23. Defendant admits Plaintiff was permitted certain access to Defendant's client files for the limited purposes of completing the accounting work Plaintiff was retained to perform.

Defendant denies the remaining allegations in paragraph 23.

A. **Phase I – GCCF.**

24. Defendant admits the allegations the allegations in paragraph 24.

25. Defendant admits the GCCF was headed by Ken Feinberg. Defendant denies the remaining allegations in paragraph 25 and demands strict proof thereof.

26. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 26 and demands strict proof thereof.

27. As to the allegations in paragraph 27, the GCCF claim settlement agreement speaks for itself and, therefore, no response from Defendant is required.

28. As to the allegations in paragraph 28, Defendant does not have any knowledge of a GFFC claims process period and, therefore, denies the allegations in paragraph 28 and demands strict proof thereof.

29. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations in paragraph 29 of the work performed by Plaintiff and, therefore, denies the remaining allegations in paragraph 29.

30. Defendant admits the allegations in paragraph 30.

B. **Phase II – DWH.**

31. Defendant admits the allegations in paragraph 31.

32. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 32 and demands strict proof thereof.

33. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 33 and demands strict proof thereof.

34. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies

the allegations in paragraph 34 and demands strict proof thereof.

35. Defendant denies Exhibit D discusses any changes in payment or memorializes any modification of any terms of any agreement between the parties. Defendant admits certain payments for accounting services were paid from the F&P Trust Account.

36. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations in paragraph 36 of the work performed by Plaintiff and, therefore, denies the remaining allegations in paragraph 36.

37. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations in paragraph 37 of the work performed by Plaintiff and, therefore, denies the remaining allegations in paragraph 37.

38. Defendant admits the allegation in paragraph 38.

C. **Phase III – Settlement Presentation.**

39. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 39 and demands strict proof thereof.

40. Defendant denies the allegations in paragraph 40 and demands strict proof thereof.

41. Defendant admits Plaintiff worked on claims for over 1,000 of Defendant's clients. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 41 and demands strict proof thereof.

42. Defendant denies the allegations in paragraph 42 and demands strict proof thereof.

D. **Payment of Plaintiff's Fees Owed.**

43. Defendant denies Plaintiff's allegation in paragraph 43 as to the number of claims on which Defendant paid Plaintiff.

44. Defendant admits ending Plaintiff's access to Defendant's client files. Defendant disputes Plaintiff's characterization of the facts in paragraph 44 and, therefore, denies the remaining allegations in paragraph 44 and demands strict proof thereof.

45. Defendant admits making certain payments to Plaintiff between June 2013 and December 2015. Defendant denies the remaining allegations in paragraph 45, and Defendant states that any payments that Defendant believes may be due to Plaintiff have already been tendered to Plaintiff by Defendant and to date. Plaintiff has refused to accept said payments.

46. Defendant denies the allegations in paragraph 46 and demands strict proof thereof.

47. Defendant denies the allegations in paragraph 47 and demands strict proof thereof.

48. Defendant denies the allegations in paragraph 48 and demands strict proof thereof.

49. Defendant denies the allegations in paragraph 49 and demands strict proof thereof.

50. Defendant denies the allegations in paragraph 50 and demands strict proof thereof.

51. Defendant admits Plaintiff has filed the current lawsuit but denies Plaintiff is entitled to any relief or fees for any cause of action and demands strict proof thereof.

## COUNT I – BREACH OF CONTRACT

52. Defendant repeats and reaffirms its responses to the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein.

53. Defendant denies the allegation in paragraph 53 on the grounds the allegation is too vague and broad in regards to the specific agreement to which paragraph 53 is referring.

54. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations in paragraph 54 of the work performed by Plaintiff and, therefore, denies the remaining allegations in paragraph 54.

55. Defendant admits retaining Plaintiff to provide accounting services, which Plaintiff was compensated for, during certain phases. Defendant disputes the remaining characterizations in paragraph 55 of the work performed by Plaintiff and, therefore, denies the remaining allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56 and demands strict proof thereof.

57. Defendant denies the allegations in paragraph 57 and demands strict proof thereof.

58. Defendant denies the allegations in paragraph 58. Defendant denies Plaintiff is entitled to the relief sought in the WHEREFORE clause following paragraph 58.

### COUNT II – BREACH OF IMPLIED-IN-FACT CONTRACT

59. Defendant repeats and reaffirms its responses to the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein.

60. Defendant admits Plaintiff has brought a claim for breach of implied-in-fact contract. Defendant denies Plaintiff is entitled to any relief for any cause of action and demands strict proof thereof.

61. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations in paragraph 61 of the work performed by Plaintiff and, therefore, denies the remaining allegations in paragraph 61.

62. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations in paragraph 62 of the work performed by Plaintiff and, therefore, denies the remaining allegations in paragraph 62.

63. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining

characterizations in paragraph 63 of the work performed by Plaintiff and, therefore, denies the remaining allegations in paragraph 63.

64. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations, including the allegation that Plaintiff's services were necessary, in paragraph 64 of the work performed by Plaintiff, and, therefore denies the remaining allegations in paragraph 64 and demands strict proof thereof.

65. Defendant admits the factual allegations in subparagraphs "a", "b", and "d". To the extent the remaining statements in paragraph 65 and subparagraph "c" are legal conclusions, such conclusions are the province of the Court and do not call for a response from Defendant. Defendant denies all remaining allegations in paragraph 65 and subparagraphs and demands strict proof thereof.

66. Defendant admits the factual allegations in subparagraphs "a" and "c". Defendant denies Plaintiff's allegations in subparagraph "b" as characterized. To the extent the remaining statements in paragraph 66 are legal conclusions, such conclusions are the province of the Court and do not call for a response from Defendant. Defendant denies all remaining allegations in paragraph 66 and subparagraphs and demands strict proof thereof.

67. To the extent the statements in paragraph 67 are a legal conclusion, such conclusions are the province of the Court and do not call for a response from Defendant. Defendant denies all remaining allegations in paragraph 67 and demands strict proof thereof.

68. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations in paragraph 68 of the work performed by Plaintiff, and, therefore denies the remaining allegations in paragraph 68 and demands strict proof thereof.

69. Defendant denies the allegations in paragraph 69 of an agreement as characterized by Plaintiff was reached between parties and demands strict proof thereof.

70. Defendant denies the allegations in paragraph 70 of an agreement as characterized by Plaintiff was reached between parties and demands strict proof thereof.

71. Defendant denies the allegations in paragraph 71 and demands strict proof thereof.

72. Defendant denies the allegations in paragraph 72 and demands strict proof thereof.

73. Defendant denies the allegations in paragraph 73 and demands strict proof thereof.

74. Defendant denies the allegations in paragraph 74. Defendant denies Plaintiff is entitled to the relief sought in the WHEREFORE clause following paragraph 74.

## COUNT III – PROMISSORY ESTOPPEL

75. Defendant repeats and reaffirms its responses to the allegations set forth in paragraphs 1 through 51 and 65 above as if fully set forth herein.

76. Defendant admits Plaintiff has brought a claim for promissory estoppel. Defendant denies Plaintiff is entitled to any relief for any cause of action and demands strict proof thereof.

77. Defendant admits retaining Plaintiff to provide accounting services, which required continual revisions, during certain phases. Defendant disputes the remaining characterizations in paragraph 77, and all its subparagraphs, of the work performed by Plaintiff, and, therefore denies the remaining allegations in paragraph 77 and all its subparagraphs demands strict proof thereof.

78. Defendant denies the allegations in paragraph 78 and demands strict proof thereof.

79. To the extent the statements in paragraph 79 are a legal conclusion, such statements are the province of the Court and do not call for a response from Defendant. Defendant denies all remaining allegations in paragraph 79 demands strict proof thereof.

80. Defendant denies the allegations in paragraph 80 and demands strict proof thereof.

81. Defendant denies the allegations in paragraph 81 and demands strict proof thereof.

82. Defendant denies the allegations in paragraph 82 and demands strict proof thereof. Defendant denies Plaintiff is entitled to the relief sought in the WHEREFORE clause following paragraph 82.

## COUNT IV – UNJUST ENRICHMENT

83. Defendant repeats and reaffirms its responses to the allegations set forth in paragraphs 1 through 51, 65 and 77 through 80 above as if fully set forth herein.

84. Defendant admits Plaintiff has brought a claim for unjust enrichment. Defendant denies Plaintiff is entitled to any relief for any cause of action and demands strict proof thereof.

85. Defendant admits in part the claims related only the GCCF and DWH. Defendant denies the remaining allegations in paragraph 85 and all implications arising therefrom and demands strict proof thereof.

86. Defendant denies the allegations in paragraph 86 and demands strict proof thereof.

87. Defendant generally admits Defendant is aware of services provided by and certain benefits from Plaintiff. Defendant denies Plaintiff's characterizations, in paragraph 87 and throughout the Second Amended Complaint, of the extent of services performed and benefits conferred and demands strict proof thereof.

88. Defendant generally admits Defendant is aware of services provided by and certain benefits from Plaintiff. Defendant denies Plaintiff's characterizations, in paragraph 88 and throughout the Second Amended Complaint, of the extent of services performed and benefits conferred and demands strict proof thereof.

89. Defendant denies the allegations in paragraph 89 and demands strict proof thereof.

90. Defendant denies the allegations in paragraph 90 and demands strict proof thereof.

91. Defendant denies the allegations in paragraph 91 demands strict proof thereof. Defendant

denies Plaintiff is entitled to the relief sought in the WHEREFORE clause following paragraph 91.

## COUNT V – FRAUD

92. Defendant repeats and reaffirms its responses to the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein.

93. Defendant admits Plaintiff has brought a claim for fraud. Defendant denies Plaintiff is entitled to any relief for any cause of action and demands strict proof thereof.

94. Defendant disputes Plaintiff's characterization of the claims process and, therefore, denies the allegations in paragraph 94 and demands strict proof thereof.

95. Defendant admits the existence of an email, attached as Exhibit E. Defendant denies Plaintiff's interpretation and characterization of the email, attached as Exhibit E, and demands strict proof thereof.

96. Defendant disputes Plaintiff's characterization of statements in paragraph 96 and, therefore, denies the allegations in paragraph 96 and demands strict proof thereof.

97. Defendant denies the allegations in paragraph 97 and demands strict proof thereof.

98. Defendant denies the allegations in paragraph 98 and demands strict proof thereof.

99. Defendant denies the allegations in paragraph 99 and demands strict proof thereof.

100. Defendant denies the allegations in paragraph 100 and demands strict proof thereof.

101. Defendant denies the allegations in paragraph 101 and demands strict proof thereof.

102. Defendant denies the allegations in paragraph 102 and demands strict proof thereof.

103. Defendant denies the allegations in paragraph 103 and demands strict proof thereof. Defendant denies Plaintiff is entitled to the relief sought in the WHEREFORE clause following paragraph 103.

## COUNT VI – NEGLIGENT MISREPRESENTATION

104. Defendant repeats and reaffirms its responses to the allegations set forth in paragraphs 1 through 51 and 94 through 96 above as if fully set forth herein.

105. Defendant admits Plaintiff has brought a claim for negligent misrepresentation. Defendant denies Plaintiff is entitled to any relief for any cause of action and demands strict proof thereof.

106. Defendant denies the allegations in paragraph 106 and demands strict proof thereof.

107. Defendant denies the allegations in paragraph 107 and demands strict proof thereof.

108. Defendant denies the allegations in paragraph 108 and demands strict proof thereof.

109. Defendant denies the allegations in paragraph 109 and demands strict proof thereof. Defendant denies Plaintiff is entitled to the relief sought in the WHEREFORE clause following paragraph 109.

## AFFIRMATIVE DEFENSES

Discovery and investigation has revealed that one or more of the following defenses are or may become available to Defendant in this matter. Defendant therefore asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and the facts warrant, Defendant may withdraw any of these defenses as may be appropriate. Further, Defendant hereby reserves the right to amend this Answer to assert additional defenses, counterclaims, and/or other claims and defenses as discovery proceeds. Further answering and by way of defenses, Defendant states the following:

1. <u>Statute of Frauds</u>: Plaintiff's claims are barred by the statute of frauds because the alleged oral agreement was intended to last longer than one year.

2. <u>Statute of Frauds</u>: Plaintiff's claims are barred by the statute of frauds because the alleged oral agreement charged Defendant to answer for the debt, default, or miscarriage of another

person.

3. <u>Implied Covenant of Good Faith and Fair Dealing Doctrine:</u> Plaintiff's claims are barred by the implied covenant of good faith and fair dealing doctrine because Plaintiff did not act consistently with the contract's purpose and frustrated the contract's purpose. Specifically, Defendant retained Plaintiff to perform accounting work requiring continual updating and revisions, based on the information received from clients and claims facilities, up through the payment of clients' claims. Plaintiff refused to update and revise the accounting on many clients' accounts.

4. <u>Repudiation Doctrine:</u> Plaintiff's claims are barred by the repudiation doctrine because Plaintiff first repudiated its duty of performance. Specifically, Defendant retained Plaintiff to perform accounting work requiring continual updating and revisions, based on the information received from clients and claims facilities, up through the payment of clients' claims. Plaintiff refused to update and revise the accounting on many clients' accounts.

5. <u>Same Damages - Breach of Contract and Fraud</u>: Plaintiff's fraud claim (which lies concurrently with Plaintiff's breach of contract claim) is barred because the damages sought in the fraud claim are not separate from the damages resulting from the breach of contract claim.

6. <u>Fraud:</u> Plaintiff is barred from collecting any damages from Defendant due to Plaintiff's fraudulent misrepresentations to Defendant. Defendant entered into an agreement with Plaintiff whereby Plaintiff represented to Defendant it would perform work for Defendant at a rate of $150.00 per hour. Plaintiff further represented to Defendant that all fees Plaintiff accrued on work performed on BP Oil Spill claims would be charged to the claimants or recouped directly from BP. These representations are memorialized in Exhibit D to Plaintiff's Second Amended Complaint. Based upon these representations, Defendant further engaged Plaintiff's services for work on the settlement presentment project. Over five years later, Plaintiff filed the present action

claiming the agreement regarding the settlement presentment project entitles Plaintiff to compensation from Defendant for all work Plaintiff performed during the Gulf Coast Claims Facility (GCCF) and Deep Water Horizon (DWH) phases of the BP claims process. Plaintiff's fraudulent misrepresentations that it would only charge Defendant an hourly rate of $150.00 for work performed during the settlement presentment project induced Defendant to enter into the agreement with Plaintiff for this work to Defendant's detriment.

Dated: October 17, 2018

Respectfully submitted,

**FARRELL | PATEL | JOMARRON | LOPEZ**
*Counsel for the Defendant*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone:   (305) 717-7530
Facsimile:   (305) 717-7539
Primary e-mail: eservice@justice360.com
Secondary e-mail: william@justice360.com

By: ___s/ William P. McCaughan Jr._____
    William P. McCaughan Jr., Esq,
    Florida Bar No. 41573

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy hereof was served via e-mail this 23rd day of October, 2018, to: Christian Savio, Esq., and Jonathan Huffman, Esq., csavio@forthepeople.com and jhuffman@forthepeople.com;. Herman Russomanno, Esq., hrussomanno@russomanno.com; herman2@russomanno.com.

          **FARRELL | PATEL |**
          **JOMARRON & LOPEZ**
          *Co-Counsel for Defendant*
          4300 Biscayne Boulevard, Suite 305
          Miami, Florida 33137
          Telephone:  (305) 717-7530
          Facsimile:  (305) 717-7539
          Primary e-mail: eservice@justice360.com
          Secondary e-mail: wmccaughan@justice360.com

          By: ___*/s/ William P. McCaughan, Jr.*___
                William P. McCaughan, Jr., Esq.
                Florida Bar No.: 41573

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**