# EXHIBIT 3

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DAVID DOUGHERTY, CPA, P.A.,                   CASE NO: 2016-017925-CA-01

    Plaintiff,

vs.

FARRELL and PATEL, P.A.,

    Defendant.

_____/

## CONFIDENTIALITY AGREEMENT

1. Pretrial discovery in this case will require disclosure of information and production of documents comprising or including that which a party considers confidential and or proprietary.

2. For the purposes of this Agreement, the term "document(s)" shall be defined as including information produced in or attached to discovery, deposition transcripts, interrogatories, interrogatory answers, pleadings, motions, memoranda, or any other papers filed with the Court and all of the information contained within the foregoing. "Party" or "Parties" as used herein shall include the Parties to this litigation (including their officers and employees), their attorneys, together with the attorneys' legal and administrative staffs, and such other professional, paraprofessional and clerical personnel employed by the Parties or their attorneys to prepare and present the Party's claims or defenses.

3. Any Party producing documents may designate documents produced as "Confidential." This designation shall indicate counsel's good faith belief that (a) the document discloses the confidential, proprietary or financial information of a Party or sensitive personal information in a party's possession, or (b) disclosure of the document will impair or tend to

impair the proprietary interests of any Party or any nonparty entity with which any Party is affiliated, or (c) disclosure of the documents may violate Confidentiality Order(s) previously imposed any United States District Court having jurisdiction. Such designation shall invoke the protections of this Agreement and order approving. The inadvertent disclosure of any documents shall not act as a waiver of confidentiality.

4. As to each document marked as Confidential, the Parties, including their agents, employees, officers, directors, experts, witnesses, consultants, co-workers, successors in interest, records custodians, business principals and attorneys, shall not use, copy or disclose such document (or the contents thereof) for any purposes other than the litigation of this matter, and only in accordance with the terms of this Agreement, unless otherwise authorized by subsequent order of this Court. In addition, any document designated as Confidential that is filed with the Court as an exhibit to any deposition, brief, motion or memorandum must be treated in accordance with the provisions of paragraph 6, below.

5. Information or documents designated Confidential pursuant to this agreement shall be disclosed only to the Parties, shall be held in strict confidence, and under no circumstances shall be communicated to anyone other than the Parties, with the following exceptions (collectively, the "excepted persons"):

A. Any experts or third party consultants retained by the Parties or their attorneys in connection with this litigation; and

B. Any deponent, trial witness or potential witness associated with this litigation.

In the event that any of the excepted persons are provided access to any confidential documents, counsel so providing the confidential documents shall ensure that each excepted

person executes an affidavit in the form attached hereto as **Exhibit A**.

Notwithstanding the foregoing, in the event that any deponent, trial witness, or potential witness is unwilling to execute the affidavit, they may be shown copies of the confidential documents if necessary to facilitate their testimony, but they shall not be permitted to retain copies of the confidential documents, including any furnished or used as exhibits to any testimony transcript.

6. Unless otherwise agreed or ordered, documents covered by this agreement shall not be filed with the Court, unless, in the judgment of Parties or the Court, the Court should consider the documents in determining any matter pertaining to this action. Any documents designated as Confidential, when filed with the Court or served on any other Party, shall not be filed or served electronically, but shall be filed or served in a sealed envelope endorsed with the caption of this action and an indication of the contents thereof and bearing the following designation:

> CONFIDENTIAL:  THE ENCLOSED MATERIAL IS SUBJECT TO A STIPULATION OF CONFIDENTIALITY.  THIS ENVELOPE MAY NOT BE OPENED WITHOUT COURT ORDER EXCEPT BY AUTHORIZED COURT PERSONNEL, COUNSEL OF RECORD, OR PARALEGALS OR OTHER EMPLOYEES WORKING UNDER THEIR DIRECTION.

7. Should any Party dispute the claim of confidentiality of any document(s), the Party disputing the designation shall move for a ruling by the Court on the propriety of the designation setting forth the reasons for disputing the designation. Such motion must reflect that the Parties have conferred and were unable to resolve the dispute. During the pendency of the disputing Party's motion, however, the document(s) shall be deemed confidential and shall be covered by the provisions of this Agreement.

8. Presentation at trial of documents designated as Confidential will be resolved by

agreement of counsel or by order of the Court.

9. Final determination of this matter shall not terminate the limitations on use and disclosure imposed by this Agreement. At the end of the litigation of this matter, and within no more than 60 days of such final determination of this matter, all confidential documents, including all copies thereof, shall be returned to counsel for the Party designating such documents as confidential. Alternatively, the receiving Party or counsel may certify in writing that the documents have been destroyed.

10. The terms of this Agreement may be modified by the mutual consent, in writing, of the Parties.

11. This Agreement is also without prejudice to any Party's right to object to the disclosure of any Documents which such Party believes are (i) protected by any laws, rules, or regulations governing the protection and non-disclosure of protected health information, (ii) protected by any applicable laws or rules governing the protection and non-disclosure of trade secrets, or (iii) otherwise subject to objection under the Florida Rules of Civil Procedure

DAVID DOUGHERTY, CPA, P.A.

_____
David Dougherty, Principal
Date:

_____
David Dougherty, Individually
Date:

FARRELL & PATEL, P.A.

_____
By: Wesley J. Farrell, President
Date:

MORGAN & MORGAN

_____
Christian Savio, Esq.
*Counsel for Plaintiff*

RUSSOMANNO & BORRELLO, P.A.

_____
Herman J. Russomanno, Esq.
Herman J. Russomanno III, Esq.
*Counsel for Defendant*

CASE NO.: 2016017925CA01
Page 6 of 6

## EXHIBIT A

I hereby attest that counsel has explained the terms of the afore-stated Confidentiality Agreement (the "Agreement") entered into by David Dougherty, CPA, P.A., David Dougherty individually, and Farrell & Patel, P.A., and any accompanying order entered by the Court approving the Agreement in the lawsuit styled *David Dougherty, CPA, P.A., versus Farrell & Patel, P.A* (the "Action"), a civil action pending in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida and that I have agreed to be bound by the terms of the Agreement. Further, I certify that I will not use any of the information contained in any document which is the subject of the Agreement/order for any purpose other than in connection with the Action. I understand that if I do not abide by the terms of the Agreement/order, I may be subject to sanctions imposed by the Court, including, but not limited to, contempt of court.

Dated: 8/24/17

## DECLARATION

I declare pursuant to Florida Statute and under penalty of perjury that the foregoing is true and correct

Executed on _____

By _____