**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:**    Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL 2179** <br><br> **SECTION "J"** |
| **This Document Relates To:** <br> *No. 15-4143, 15-4146 & 15-4654* | **Judge Barbier** <br><br> **Chief Magistrate Judge Joseph C. Wilkinson, Jr.** |

---

**REPORT BY THE HALLIBURTON AND TRANSOCEAN SETTLEMENTS' OLD AND NEW CLASS CLAIMS ADMINISTRATOR**

| STATUS REPORT NO. | 13 | DATE | FEBRUARY 1, 2019 |
|---|---|---|---|

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:** **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL 2179** **SECTION "J"** |
| **This Document Relates To:** *No. 15-4143, 15-4146 & 15-4654* | **Judge Carl Barbier** **Chief Magistrate Judge Joseph C. Wilkinson, Jr.** |

**STATUS REPORT BY THE HALLIBURTON AND TRANSOCEAN SETTLEMENTS' OLD AND NEW CLASS CLAIMS ADMINISTRATOR STATUS REPORT NO. 13 FILED FEBRUARY 1, 2019**

The Old and New Class Claims Administrator (the "Claims Administrator") for the HESI Punitive Damages and Assigned Claims Settlement Agreement and the Transocean Punitive Damages and Assigned Claims Settlement Agreement ("Settlement Agreements") submits this Status Report pursuant to this Court's October 23, 2015 Order [Rec. Doc. 15481] to inform the Court on the status of implementation of the Settlement Agreements. All capitalized terms in this Status Report shall have the same meaning as in the Settlement Agreements and orders of this Court, or as otherwise set forth herein.

### I.   STATUS OF IMPLEMENTATION OF SETTLEMENT AGREEMENTS

#### A.   Overview

**Old Class**

The Claims Administrator commenced distribution on December 17, 2018, to eligible Old Class members.

**New Class**

At this time the Settlements Program is finalizing the New Class Claims Administrator's Motion for Distribution (the "Motion") and Memorandum in Support of the New Class Claims Administrator's Motion for Distribution (the "Memorandum") related to distribution of eligible claims for Personal Property claims including Vessel Physical Damage, Coastal Real Property - Personal Property Damage, Wetlands Real Property - Personal Property Damage, and Personal Property Damage in Excess of $500; Charterboat claims for Operators and Charterboat Crew; Loss of Subsistence claims; and Commercial Fisherman claim types including Menhaden, Shrimp, Oyster, Finfish, Blue Crab and Other Seafood, Individual Fishing Quota, and Seafood Crew. The remaining claim types of Coastal Real Property, Wetlands Real Property, Oyster Leaseholder, and Real Property Sales (the "Real Property" claim types) remain under review as discussed in Quarterly Report 12 [Rec. Doc. 25127] and will be included in a subsequent motion for distribution and memorandum to be filed by the Claims Administrator later in Spring 2019.

    **B.**   <u>**Claims Process**</u>

**Old Class**

Following the entry of the Court's Order Approving Motion for Approval of Distribution of the Assigned Claims Portion of the Halliburton Energy Services, Inc. and Transocean Ltd Settlement Agreements and the expiration of the applicable appeal window, distribution preparations ensued. On December 17, 2018, the Settlements Program issued wire payments totaling $161,968,679.54 and 38,164 checks with an aggregate value of $54,627,194.94.

Certain payments were not made on December 17, 2018, specifically those requiring manual validation that could not feasibly be completed between the passing of the appeals deadline and commencement of payments on December 17, 2018. These issues included: confirmation of values for liens carried over from the DHEPDS; validation of data for deceased, minor, incompetent, and dissolved business claimants with manual changes to their DHEPDS 1099s after claims review had been completed; parties who had requested changes of address without providing completed request forms; parties for which bankruptcy proceedings were identified requiring confirmation of next steps from the trustee; parties that did not have a valid, complete W-9 previously processed; reserve claims; and parties who had requested a change of representation for which a lien notice had to be mailed to the law firm being removed. Additionally holds were added in a limited number of instances where quality assurance reviews dictated manual review prior to release of the payment.

At this time the Settlements Program has completed initial review of all claims previously on hold for the reasons above, and most of the holds have been removed with a limited number requiring further follow up. A supplemental distribution totaling $3,276,291.92 in checks and $22,325,583.93 in wire transfers was completed on January 22, 2019, with data compiled as of January 3, 2019.

The Settlements Program is actively continuing to work on finalizing the distribution. Categories to be included include: claims with confirmed lienholder values – both the lienholder and any claimant residual portion; bankruptcy claims disclaimed by trustees of record; deceased, minor, incompetent, and dissolved business claims that have had alternate payee validation completed; claims with recently-submitted, valid W-9s; reserve claims paid after the reserve cutoff date of July 8, 2018 through December 31, 2018; and other cleared holds following completion of manual reviews for accuracy.

Items still on hold and in need of further processing include claims with unconfirmed liens, those in need of a bankruptcy court order to proceed with payment per the trustees' instructions, claimants without a valid W-9 requiring follow up, claims with representation changes where a lien has been filed by the former law firm that must be validated, incomplete changes of address requiring follow up, and reserve claims that have not been settled or paid. The Settlements Program will continue to clear these issues and distribute payments on a monthly basis or as directed by the Claims Administrator until all eligible claims are paid.

**New Class**

Claim processing has focused on two primary scopes:

(a) Review and resolution of appeals for Personal Property claims including Vessel Physical Damage, Coastal Real Property - Personal Property Damage, Wetlands Real Property - Personal Property Damage, and Personal Property Damage in Excess of $500; Charterboat claims for Operator and Charterboat Crew; Loss of Subsistence claims; and Commercial Fisherman claim types including Menhaden, Shrimp, Oyster, Finfish, Blue Crab and Other Seafood, Individual Fishing Quota, and Seafood Crew (collectively, the "New Class Distribution A Claims"); and

(b) Continued mapping reviews and deficiency processing for Coastal Real Property, Wetlands Real Property, Oyster Leaseholder, and Real Property Sales (the "Real Property" claim types).

Over the past several weeks, preparation has been underway for the New Class Distribution A Motion and Memorandum, including identification of all information necessary to fully apprise the Court of actions taken to date, the methods and procedures utilized in administration of the Settlement Agreements and the New Class Distribution Model, and any recommendations being made by the Claims Administrator (including the basis for such recommendations) pursuant to the authority reserved unto him in the New Class Distribution Model for the Court to consider.

At this time, 354 determination appeals, inclusive of both appeals for denials and for claims deemed eligible where the claimant disagreed with the valuation, remain under review. Initial follow up with the appealing parties has been completed. At this time 16 claims are in the process of being sent determination letters. An additional 55 claims have partially cured outstanding deficiencies and require further follow up as they may be able to cure the remaining issues. Of the remaining 283 appeals, the Settlements Program has completed exhaustive reviews and follow-up pursuant to the instructions of the Claims Administrator in an attempt to identify curative documents, if applicable, but these claims did not meet the eligibility requirements specified by the New Class Distribution Model. As such, these claims are being prepared for final determination by the Claims Administrator so that he may determine if any equitable relief is appropriate.

Chief Magistrate Judge Wilkinson has received no additional Court review requests since the last quarterly report. At this time the Court has 11 requests pending review after issuing 177 total decisions to date.

A number of Wetlands Real Property and Coastal Real Property claims remain out for GIS mapping and zone determination at this time, particularly those for municipalities and government-owned properties. The Settlements Program sent additional deficiency letters on January 29, 2019, and anticipates sending the first round of Real Property eligibility letters in the coming weeks in order to facilitate completion of this category in early spring 2019 and to begin preparing a motion and memorandum for distribution for those claim types at that time.

**Determinations and Distribution**

The Claims Administrator will continue to oversee the completion of the Old Class distribution until all claims have been paid pursuant to the Court-Approved Old Class Distribution Model and the Court's Order approving the distribution.

The New Class Distribution A is currently slated to occur at or near the end of the first quarter of 2019. In the coming weeks, the Claims Administrator will be filing a Motion and Memorandum to request approval to distribute along with a proposed order for consideration by the Court.

Both the Old Class and New Class distributions are subject to a reserve for DHEPDS claims that are potentially eligible to participate, but did not have final determinations as of July 9, 2018. Funds will be reserved for future administrative costs for both classes, including potential litigation expenses for the New Class as well.

New Class Distribution B for Real Property claims is anticipated to occur in late spring/early summer 2019, pending final approval by the Court.

## II.  CONCLUSION

The Claims Administrator respectfully submits this Status Report so that the Court may be fully apprised of the status of the implementation of the Settlement Agreements. In the event the Court would like additional information, the Claims Administrator is prepared to provide further details at the Court's request.

 /s/ Patrick A. Juneau
PATRICK A. JUNEAU
OLD & NEW CLASS CLAIMS ADMINISTRATOR