UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J(2) |
| This Document Relates To: | * | JUDGE BARBIER |
| *Remaining Cases in the B1 Bundle* | * * | MAG. JUDGE WILKINSON |

PRETRIAL ORDER NO. 67
[CASE MANAGEMENT ORDER NO. 7, REGARDING REMAINING B1 CLAIMS]

In order to facilitate further the effective administration of this multidistrict litigation and the prosecution of the coordinated actions herein, the Court established eight separate "pleading bundles" for different categories of cases and claims. (Pretrial Order No. 11, Rec. Doc. 569). Under its inherent power, the Court also entered a series of pretrial orders to further manage this multidistrict litigation, including Pretrial Order No. 60 (Rec. Doc. 16050), which dismissed the Amended B1[1] Master Complaint and required all remaining B1 plaintiffs to proceed in individual lawsuits. In addition, the Court utilized a Court-sponsored Neutrals' process that resulted in the resolution of a large number of the former B1 cases.

Only those B1 plaintiffs who have complied with the Court's applicable pretrial orders to date (the "Remaining B1 Plaintiffs") are subject to further proceedings in MDL 2179. The Court now ORDERS this Case Management Order to assist the Court

---

[1] The former "B1" Bundle included claims for Non-Governmental Economic Loss and Property Damages by Private Individuals and Businesses.

in its evaluation of the allocation of remaining private individual and business loss claims and trial needs across its docket.

To aid in the further administration of the Remaining B1 Plaintiffs, the Court **ORDERS AS FOLLOWS:**

I.   **CMO for Exhibit 1 B1 Plaintiffs:**

In order to proceed with their pending actions, any plaintiff set forth in Exhibit 1 attached hereto, (the "Exhibit 1 B1 Plaintiffs"), and the properly served defendants in their actions, shall produce and exchange the following initial documents within each action as set forth below.

A.   **Initial Information Disclosures by Exhibit 1 Plaintiffs**

Each of the Exhibit 1 B1 Plaintiffs shall produce the categories of non-privileged documents and information listed on Attachment A by no later than **April 15, 2019**. A plaintiff's failure to comply with this document production deadline without good cause will be viewed by the Court as an affirmative failure to prosecute the action, and will result in dismissal of that pending action with prejudice.

B.   **Initial Information Disclosures by Defendants**

In each action where the plaintiff timely complies with the production set forth in paragraph I.A of this Order, each properly served defendant in that action must then produce the categories of non-privileged documents and information listed on Attachment B by no later than **June 14, 2019**. If no properly served defendant in the action has responded to the plaintiff's production without good cause, it will be viewed by the Court as an affirmative failure to defend the action, and will result in a default judgment in that pending action.

2

## C. Mandatory Mediation

In those actions where both plaintiffs and defendants have complied with the above document production requirements in I.A and I.B, the Court orders those parties to participate in good faith in a mandatory mediation session with Magistrate Judge Sally Shushan (Ret.), or such other person that the Court may designate as a mediator.

The Court-sponsored mandatory mediation session will be scheduled to begin on or after July 15, 2019, on a mediation date set at the Mediator's discretion. The Mediator also is authorized to require multiple Exhibit 1 B1 Plaintiffs to participate in a single, joint mediation session at the Mediator's discretion.

To aid in the Mediations, the following dates apply once a mediation date has been set:

- No later than **30 calendar days before the mediation date** the plaintiff is to have made an offer to settle the matter.

- No later than **15 calendar days before the mediation date**, the defendant is to have made a counter-offer/response to plaintiff's offer.

- No later than **10 calendar days prior to mediation date**, each party shall submit directly to the Mediator a confidential in-camera letter/memorandum in **native pdf** (not scanned). The confidential statement can be **NO LONGER THAN SEVEN PAGES DOUBLE SPACED**, should briefly outline the dispute, the damages, the value of the case, and what realistic amount the party would be willing to offer/accept to settle the matter. The confidential statements should also include the offers and responses previously exchanged between the parties. The letter/memorandum should be emailed to sallyshushan@gmail.com, or to the alternative Mediator if a different mediator has been designated for the mediation.

No additional information disclosure shall be required for the mediation. However, if a party believes additional information may assist in the mediation or in

3

preparing the case for trial, it may make such disclosures without prejudice to any arguments it may wish to make in the future about the scope of potential future discovery. Such disclosures, if any, shall not waive any rights and protections provided to expert witnesses by Rule 26 of the Federal Rules of Civil Procedure.

The mediation sessions shall take place in New Orleans. Any individual who made a Pretrial Order 65 or Pretrial Order 66 attestation for the EXHIBIT 1 B1 Plaintiff shall attend. BP shall pay the costs of the mediation. It is important that the party representatives who attend the mediation session have adequate discretion, authority, and information to resolve the dispute. If a party representative cannot comply with this, it is imperative that the mediator and all counsel be notified as soon as possible.

At the conclusion of the mediation session, the Mediator shall report back to the Court on whether the case was resolved. For unresolved matters, the Mediator shall also report to the Court on whether the parties conducted the mediation in good faith.

To the extent that parties are unable to resolve their claims at the mediation, the Court will set forth a further scheduling order for remaining discovery, dispositive motions, and trial.

## II.  CMO for Exhibit 2 B1 Plaintiffs

As to those plaintiffs set forth in Exhibit 2 attached hereto, the provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying responsive pleadings in all MDL 2179 matters and staying individual petitions or complaints no longer applies to those listed actions. Instead, in accordance with this Order, Defendants shall file any dispositive motions

4

as to the Remaining B1 Plaintiffs identified in Exhibit 2 attached hereto within **30 days** of the date of this Order. The Remaining B1 Plaintiffs identified in Exhibit 2 shall file a responsive pleading, if any, within **30 days** from the date such a dispositive motion is filed.

### III. Plaintiffs Jorey Danos and Clay Whittinghill

Plaintiff Jorey Danos (16-cv-5967 and 17-cv-3113) and Plaintiff Clay Whittinghill (10-cv-1984) should not be considered part of the B1 pleading bundle, as the claims they each allege are exposure type claims that are more appropriately dealt with in the B3 pleading bundle. For that reason, the Court orders that Plaintiff Jorey Danos's civil action 16-cv-5967 is deemed consolidated with his action number 17-cv-3113, and civil action 16-cv-5967 is ordered closed. Similarly, Clay Whittinghill's civil action 10-cv-1984 alleges claims more appropriately treated as a B3 claim, and for that reason, this action is excluded from Exhibit 1 or 2 to this Order and the provisions applicable to the B1 plaintiffs on those exhibits.

### IV. Stay of Proceedings

Other than as specifically provided in this Order, the provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying responsive pleadings in all MDL 2179 matters and staying individual petitions or complaints that fall within pleading bundles B1 and B3 remain in effect until further order of the Court.

New Orleans, Louisiana, this 5th day of February, 2019.

_____
United States District Judge

5