

62621291
Nov 01 2018
06:08PM

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sergio Valdivieso<br>          Plaintiff<br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>          Defendants | § § § § § § § § § | CIVIL ACTION NO. 2:12-cv-02004<br><br>SECTION: J<br><br>JUDGE BARBIER |

## PLAINTIFF'S RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO PLAINTIFFS' PTO 66 SHOW CAUSE SUBMISSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SERGIO VALDIVIESO, Plaintiff, and files this his *Response to Defendant BP's Objection and Responses to Plaintiffs' PTO 66 Show Cause Submissions*, and for good cause would respectfully show unto this Court the following:

I.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

II.

All prior conditions set by this Court have been complied with. In fact, Plaintiff was compliant with PTO 63, as reflected in the documents previously filed by Plaintiff and Defendants. Indeed, Defendants own filed documents show that Plaintiff was compliant with PTO 63.

Plaintiff would have timely filed his "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court), had he or his counsel been aware of PTO 66. This should be clearly evidenced by the docket sheets in the State Court, Southern District Court and the MDL (see attached Exhibits A and B), as all other requirements have been timely filed.

III.

As shown above, Plaintiff has causes of action against the Defendants, which were filed in 2012. In fact, Plaintiff's Original Petition was filed in the 164th District Court of Harris County, Texas. The claim was filed purely as a Jones Act claim against these Defendants and others, for the injuries sustained by him. (See attached Exhibit A). Defendants wrongfully removed Plaintiff's claims to the U.S. DISTRICT COURT SOUTHERN DISTRICT OF TEXAS (HOUSTON). Plaintiff filed a Motion for Reconsideration and a Motion to Remand back to State Court, which both of were denied. Plaintiff's case then was transferred to the MDL. (See attached Exhibit B).

Defendants have been acutely aware of all claims asserted by the Plaintiff there has been no undue surprise to them.

As evident in the Plaintiff's Jones Action petition, Plaintiff sustained injuries while working off the coast of Louisiana, specifically in or near Barataria Bay, located offshore of Grand Isle, Louisiana, and not an OCSLA jurisdiction. Since the injuries, Plaintiff has been provided

with NO Maintenance and/or Cure benefits, despite numerous requests, the original suit and all subsequent filed paperwork. Plaintiff, at the time of the sustained serious injuries, required medical care and to this day still does. He has further sustained injuries as a result of Medical Malpractice on his injuries. All of which support damages from defendant, and Defendant now argue "form over substance" to strike from the record all of Plaintiff's valid claims.

IV.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, Plaintiff's claims have been on file and known by these Defendants for almost seven years. Again, no party to this suit has been prejudiced or unduly surprised by the late filing of the *Particularized Statement of Claims* of Plaintiff. Counsel for Plaintiff has previously attached an affidavit and Exhibits attesting to these facts.

V.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned Counsel asks that this Court not penalize Plaintiff for Counsel's failure to receive or see PTO 66 and timely comply with its terms. Rather, Counsel asks that – if the Court feels that some sanction is warranted – that it be a sanction or fine against Counsel, and not against Plaintiff himself.

Lesser sanctions would serve the best interest of justice. "Lesser Sanctions include '[a]ssessments of fines, costs, or damages against the Plaintiff…conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (alterations in original) (quoting *Rogers*, 669 F.2d at 321-22).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Courts reconsider, retain and/or reinstate Plaintiff's claims under all appropriate cause numbers; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

Respectfully submitted,

*Charles F. Herd*

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: *Charles F. Herd*
Charles F. Herd, Jr.