Trace Number - ED101J016755465
Certified Document Number: 51507551 - Page 1 of 9

2012-12858 / Court: 164

Filed 12 March 1 P3:28
Chris Daniel - District Clerk
Harris County
ED101J016755465
By: Sharon Carlton

CAUSE NO. _____

| | | |
|---|---|---|
| SERGIO VALDIVIESO | § | IN THE DISTRICT COURT OF |
| | § | |
| v | § | |
| | § | |
| SOUTHERN CAT, INC., EASTERN | § | HARRIS COUNTY, TEXAS |
| RESEARCH GROUP, INC., BP PLC, BP | § | |
| PRODUCTS NORTH AMERICA INC., and | § | |
| BP AMERICA INC. | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SERGIO VALDIVIESO, complaining of SOUTHERN CAT, INC. (hereafter sometimes called "SOUTHERN CAT"), EASTERN RESEARCH GROUP, INC. (hereafter sometimes called "ERG"), BP PLC, BP PRODUCTS NORTH AMERICA INC., BP AMERICA INC. (hereafter sometimes collectively called "BP"); and hereinafter referred to collectively as "Defendants", and for cause of action would respectfully show unto this Honorable Court the following:

### I
### DISCOVERY PLAN LEVEL 2

1. Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190.

### II
### REQUESTS FOR DISCLOSURE

2. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.


EXHIBIT A

## III
## PARTIES

3. Plaintiff, SERGIO VALDIVIESO is a resident of Bradenton, FL 34209.

4. Defendant, SOUTHERN CAT, INC. is a foreign for-profit corporation doing business in the State of Texas and within the jurisdiction of this Honorable Court. Defendant may be served by and through its principal office located in Harris County, Texas, for service of process: 701 Brazos Street, Suite 720, Austin, TX 78701.

5. Defendant, EASTERN RESEARCH GROUP, INC. is a foreign for-profit corporation doing business in the State of Texas and within the jurisdiction of this Honorable Court. Defendant may be served by and through its principal office located in Harris County, Texas, for service of process: C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201.

6. Defendant, BP, PLC is a public limited company organized under the laws of the United Kingdom and at all times pertinent hereto, was qualified to do business and doing business in the State of Texas and within the jurisdiction of this Honorable Court. Defendant can be served with process by serving the Texas Secretary of State, with process to be forwarded to Defendant via its Corporate Office, North American Headquarters, 28300 Torch Parkway, Warrenville, IL 60555-3938.

7. Defendant, BP PRODUCTS NORTH AMERICA, INC. is a Maryland corporation, with its principal place of business in Houston, Texas, and doing business in the State of Texas and within this district. Defendant may be served with process through its registered agent at: Prentice Hall Corp System, 211 E. 7th Street, Suite 620, Austin, TX 78701.

8. Defendant, BP AMERICA, INC. is a Delaware corporation with its principal place of business in Warrenville, Illinois, but doing business in the State of Texas and within this

Certified Document Number: 51507551 - Page 2 of 9

district. Defendant may be served with process through its registered agent at: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

9. Defendants, BP Products North America Inc. and BP America Inc., are wholly owned subsidiaries of the global parent corporation, BP PLC, and they shall all be referred to herein collectively as "BP."

## IV
## FACTUAL BACKGROUND

10. At all times pertinent hereto, the Vessel, a twenty-four foot fiberglass fishing boat, was a vessel operated or under the control of Defendant BP and chartered by Defendant SOUTHERN CAT and/or ERG, and is a vessel within the jurisdiction of the United States, including the United States Coast Guard and relevant United States federal regulations.

## V
## JONES ACT SEAMAN

11. At the times pertinent hereto, Plaintiff, SERGIO VALDIVIESO, was employed by Defendant SOUTHERN CAT, as a Jones Act seaman and member of the crew of the subject Vessel, as provided in 46 USC § 30104, *et seq.*, was assigned by Defendants to the Vessel, and was acting within the course and scope of his employment as a seaman aboard that Vessel at all times relevant to the events forming the basis of this suit.

## VI
## JONES ACT NEGLIGENCE
## COUNT I

12. On or about June 9, 2010, as Plaintiff was performing his assigned duties as a seaman aboard the Vessel, while the Vessel was assisting in the cleanup of the BP Oil Spill and operating in or near Barataria Bay, located offshore Grand Isle, Louisiana, Plaintiff sustained serious and disabling personal injuries, including to Plaintiff's neck, shoulder, arm, and back,

and other parts of his body, while attempting to lift, position or reposition oil-absorbing boom. Said injuries were caused, in whole or in part, by the negligence of the Defendants, their agents, servants and/or employees. In particular, SOUTHERN CAT failed to provide a safe place to work, failed to provide proper equipment, supervision and training, and failed to inspect the Vessel, and its appurtenances and equipment, including the lack of a proper crane required to hoist, position, or lay the boom, and failed to warn its employees, including Plaintiff, of the dangers associated with their work assignments on that Vessel. Plaintiff was injured while working on the Vessel laying boom by hand, since the Vessel was not equipped with the proper crane or other mechanical hoisting equipment for the job. Plaintiff was required to hoist, hold and pull boom from the main deck of the boat, work which was so heavy that it ripped tissue in his shoulder and/or neck and caused various other injuries.

## VII
## UNSEAWORTHINESS
## COUNT II

13. Plaintiff's injuries were legally caused, in whole or in part, by the unseaworthiness of the Vessel, which at all relevant times was operated, controlled and/or chartered by Defendants. The Vessel was not equipped to properly and safely move and lay boom. The Vessel also was unseaworthy because the master and crew were not properly trained for the task at hand, nor was Plaintiff properly supervised or instructed in the boom-reporting operation being conducted when Plaintiff was injured.

## VIII
## MAINTENANCE AND CURE
## COUNT III

14. Plaintiff would show that on the above-mentioned and following dates, he was injured while acting as a seaman and employee of Defendant, SOUTHERN CAT, in the service

Certified Document Number: 51507551 - Page 4 of 9

of the Vessel. As a result, SOUTHERN CAT as his Jones Act employer had, and continues to have, a non-delegable duty to provide Plaintiff with all proper and timely maintenance and cure benefits. Plaintiff would show that: he has required medical treatment as a result of the subject accident and injuries; he has not reached maximum medical improvement; and his seaman-employer's duties to provide maintenance and cure benefits continue. Defendant SOUTHERN CAT has denied such payment and/or has paid benefits in an insufficient amount. As a result of Defendant's failure to pay and/or delay in timely providing and/or paying the proper amount of maintenance and cure benefits, Plaintiff has suffered further injuries and damages, for which he now sues.

15. In addition, Plaintiff would show that, after the injuries he received, he was owed the duty of maintenance and cure by SOUTHERN CAT, his Jones Act employer; that such duty began on the Vessel and has continued from day to day thereafter; and that said maritime employer failed to provide proper maintenance and cure benefits to Plaintiff. Plaintiff asserts that Defendant SOUTHERN CAT has been callous, willful, wanton, or otherwise tortious, for which punitive damages are recoverable, in breaching this duty owed to Plaintiff. Defendant SOUTHERN CAT also is liable for all reasonable and necessary attorneys' fees and costs incurred on Plaintiff's behalf in seeking to secure proper maintenance and cure benefits from Defendant.

## IX
## BP'S NEGLIGENCE
## COUNT IV

16. In addition to the above causes of action, Plaintiff would show that his exposure and resulting injuries were proximately caused by the negligence or other legal fault of Defendant, BP, acting through its officers, employees, representatives, agents or "company

Certified Document Number: 51507551 - Page 5 of 9

men," in failing to inspect the area(s) and operation(s) in question, in failing to adhere to recognized safety guidelines, in failing to ensure that the work area was free of hazards conditions and/or dangerous chemicals, in failing to provide personal protective equipment to the crew or ensure that the Vessel and her equipment, appurtenances, Master and crew were in all respects fit for their intended service, in allowing the master and crew to continue their work in an unsafe manner, and otherwise as may be shown in the trial of this case.

## X
## ADDITIONAL CLAIMS
## COUNT IV

17. Additionally, Plaintiff was exposed to dangerous chemicals, petroleum, and hydrocarbons from the oil spill and from dispersants which BP insisted on using to clean up the oil spill on the surface of the water. Plaintiff and the crew were not properly trained regarding the hazard presented to them on the Vessel. Plaintiff also was not provided with the necessary safety gear, or personal protective equipment, or adequate tools or machinery to hoist, retrieve or lay the boom or other oil-spill equipment. Defendants failed to warn Plaintiff and the other members of the crew regarding the hazards, which were known or should have been known to BP, SOUTHERN CAT, and ERG. Also, these Defendants failed to provide Plaintiff with a safe place to work, and proper and adequate protection from these hazards. Finally, the Vessel was insufficiently supervised and manned, which forced Plaintiff and other members of the crew to be exposed to these hazards. As a result of these acts of negligence, and others to be shown at trial, by BP, SOUTHERN CAT and/or ERG, Plaintiff sustained injuries for which he now sues.

Certified Document Number: 51507551 - Page 6 of 9

## XI
## PUNITIVE DAMAGES, FROM DEFENDANTS' GROSS NEGLIGENCE

18.. Plaintiff also sues for punitive and exemplary damages, due to the gross negligence of Defendants.

## XII
## VENUE

19. Plaintiff would show that one or more of the Defendants' principal offices, on information and belief, is in Harris County, Texas. On that basis, venue is proper in Harris County, Texas.

## XIII
## DAMAGES

20. By reason of the occurrences made the basis of this action, including conduct on the part of all Defendants, Plaintiff sustained disabling bodily injuries. Plaintiff has suffered physical pain and mental anguish and needs additional medical treatment.

21. As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and his earning capacity may have been impaired permanently.

22. Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

23. As a result of the injuries sustained in the occurrence of June 9, 2010, and the continuing days thereafter, Plaintiff has suffered in the past and, in reasonable medical probability, will continue to suffer in the future.

24. Plaintiff is physically impaired as a result of the injuries he sustained on or about July 21, 2010, as a consequence, he has lost the ability to perform household services.

Certified Document Number: 51507551 - Page 7 of 9

25. The long term effects of exposure to chemical dispersants and petroleum in the degree and duration sustained by Plaintiff are largely unknown. Plaintiff will require medical monitoring to guard against the potential serious and life-threatening chronic health effects from this exposure for the rest of his life.

## XIV
## OTHER PROVISIONS

26. Plaintiff did not cause or contribute to the injuries asserted or damages claimed herein.

27. Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a result of the occurrences made the basis of this lawsuit.

## XV
## JURY DEMAND

28. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury.

## XVI

WHEREFORE, Plaintiff requests that Defendants be summoned to appear and answer, and that, on final trial, Plaintiff have Judgment against Defendants SOUTHERN CAT, INC.; EASTERN RESEARCH GROUP, INC.; BP PLC; BP PRODUCTS NORTH AMERICA INC.; and BP AMERICA INC. for:

1. All damages permitted at law;
2. Reasonable attorneys' fees;
3. Pre-judgment interest;
4. Post-judgment interest;
5. Costs of suit;

Certified Document Number: 51507551 - Page 8 of 9

6. Punitive damages; and

7. Such other and further relief, in admiralty, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANIER LAW FIRM P.C.**

By: _____
W. MARK LANIER
TBA # 11934600
CHARLES F. HERD, JR.
TBA # 09504480
LAWRENCE P. WILSON
TBA # 21704100
6810 F.M. 1960 West
Houston, Texas 77069
Telephone: 713-659-5200
Fax: 713-659-2204

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 51507551 - Page 9 of 9



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 2, 2012

Certified Document Number:     51507551

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com