## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sergio Valdivieso<br>    Plaintiff<br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>    Defendants | § § § § § § § § | CIVIL ACTION NO. 2:12-cv-02004<br><br>SECTION: J<br><br>JUDGE BARBIER |

### PLAINTIFF'S RESPONSE AND MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF JANUARY 31, 2019, DISMISSING PLAINTIFF'S CLAIMS FOR NON-COMPLIANCE WITH PTO 66

COMES NOW, SERGIO VALDIVIESO, Plaintiff and a Jones Act seaman, and files this his Response and Motion for Reconsideration to the Court's Order of January 31, 2019 (Rec. Doc. 25356), and for good cause would respectfully show unto this Court the following:

**I.**

Plaintiff, Sergio Valdivieso, is a claimant in the medical illness group and a member of the B3 Bundle of Plaintiffs.

**II.**

Plaintiff previously filed the following documents on the following dates:

(1) Plaintiff's Response to Court's Order to Show Cause (PTO 66), filed on October 11, 2018;
(2) Plaintiff's Supplemental Response to Court's Order to Show Cause, filed on October 19, 2018; and
(3) Plaintiff's Response to Defendants Objection re PTO 66, filed on November 1, 2018.

The three above-referenced documents are attached hereto as Exhibit A, and are being re-filed on today's date.

### III.

Plaintiff's counsel learned of the Order Dismissing Plaintiff's claims when it was received on January 31, 2019. (Rec. Doc. 25356). Plaintiff counsel then began doing research concerning the reference in that order indicating that the Court had not received the pleading described above, and for the first time learned on February 1, 2019, that the above referenced pleading were filed with Lexis Nexis, File & ServeXpress ("File & Serve") (Case No. 2:12cv02004 Case History List, attached hereto as Exhibit B), but those same filings did <u>not</u> make it to this Court. Apparently, this Court did not actually receive or have notice of the above-referenced filings, even though they had been filed through the File & Serve system.

### IV.
### FIRM TRANSITION

Plaintiff's counsel has handled the above-styled case since its inception in February 2012, including when it was transferred into the MDL 2179 on August 7, 2012. For the majority of this case's life, Plaintiff's counsel was employed by the Lanier Law Firm. At all times throughout this case, counsel has been diligent and responsive to all requirements by this Court. However, after an exhaustive search, neither counsel nor his assistant have any record of receiving notice of the Court's PTO 66 (Rec. Doc. 24282), which ultimately caused the untimely response to PTO 66 and the subsequent Show Cause Order (Rec. Doc. 24875). (More details are included in the enclosed pleadings, Exhibit A.)

In the beginning of August, 2018, counsel left from the Lanier Law Firm to start his own firm, the Herd Law Firm. Counsel was allowed to remain as counsel for the remaining MDL 2179 cases and take them with him to the Herd Law Firm. Counsel's legal assistant at the Lanier Law Firm did not transition firms; thus, counsel had to hire a new legal assistant. Plaintiff's counsel became aware of PTO 66 when he received the Order to Show Cause (Rec. Doc. 24875), on October 4, 2018. Plaintiff's counsel quickly prepared the above responses and requested that his legal assistant (now former legal assistant[1]), file the responses via the File & Serve system, which they both believed to be the MDL 2179 Master Docket for this Court.

---

[1] The former legal assistant referred to herein separated from the Herd Law Firm later in November 2018, so additional details about how she filed the former pleadings is not available.

Until January 31, 2019, when Plaintiff's counsel received the Court's Order dismissing its claim with prejudice (Rec. Doc. 25356), it was counsel's understanding that the responses were properly filed (i.e., MDL 2179 Master Docket). Upon further investigation, it was discovered that the former legal assistant submitted the responses via the File & Serve system, unaware that such filing did not simultaneously serve these pleadings within the Master Docket, as well. (*See* Exhibit B).

Both counsel and his former legal assistant erroneously thought the proper steps had been taken and completed in filing these pleadings fully, and that the Court also was receiving a copy. While there is no excuse for that mistake, it is Plaintiff's counsel's mistake alone. Plaintiff, Sergio Valdivieso, has done nothing wrong and should not be punished by denying him his due process.

## V.
## NO PREJUDICE TO DEFENDANT

Although the Court apparently did not receive the above-referenced documents when they were filed through the File & Serve system, Defendant, BP, did have notice of and received Plaintiff's filings through File & Serve, as indicated by BP's Objection and Responses to Plaintiff's PTO 66 Show Cause Submissions, filed October 25, 2018 (Rec. Doc. 25110 at 3-4). While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66, and initially failed to follow the requirements of PTO 66 on behalf of his client, until now, this medical claim under B3 has been on file for several years, and Defendants have been long aware of such claim; Defendants will not be prejudiced.

Furthermore, Defendant BP apparently knew that these filings were not received by the Court, yet made no attempt to provide the Court with the missing filings, nor did it attempt to advise Plaintiff's counsel that the prior filings had not been posted on the Court's website or that the Court did not have the filings. BP's failings in this regard contradicts the Court's recognition and admonition "that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation." (Rec. Doc. 2 at 18).

## VI.
## PLAINTIFF IS A WARD OF THE ADMIRALTY COURT

Finally, as the Court will note from Plaintiff's prior pleadings in this case, Plaintiff, Sergio Valdivieso, is a Jones Act Seaman, was injured in the BP cleanup efforts, and has received **NO** Maintenance and Cure benefits whatsoever, despite numerous written requests by his counsel to counsel for his Jones Act Employer. Thus, Plaintiff as a Jones Act seaman has special benefits available to him (including timely provision of Maintenance and Cure benefits, as well as substantial punitive damages for the willful and wanton failure to provide such benefits), and as a "Ward of the Admiralty Court", Plaintiff is entitled to special protections and considerations by this Court. Plaintiff asks the Court to: (1) take notice of the above-referenced filings (see Exhibit A): (2), note that they were filed October 11-November 1, 2018 (in response to the Court's PTO 66, Rec. Doc. 24282),:(3) consider them and the substance contained within them to establish that "Good Cause" has been shown; (4) determine that the Court's Order of January 31, 2019, regarding dismissal of this case (Rec. Doc. 25356 at 19-21), be rescinded; and (5) determine that, as Good Cause has been demonstrated, Plaintiff's claims are not dismissed and may proceed hereafter.

## VII.
## EQUITY AND ADMIRALTY REQUIRE THAT PLAINTIFF'S CLAIMS PROCEED

Given the above, and the obvious evidence that counsel tried, and believed, that Plaintiff's prior pleadings had been received by the Court, and BP's intentional failure to notify Plaintiff's counsel that such pleadings, though filed, had not been received by the Court (so that undersigned counsel could re-file them), equity requires that Plaintiff's claims be allowed to proceed. The fact that Plaintiff as a Jones Act seaman also is a "ward of the Court", and the fact that NO Maintenance and Cure benefits whatever have been paid, it is equally clear that this Honorable Court should allow Plaintiff's maritime claims to proceed.

Therefore, Plaintiff asks the Court to: (1) take notice of the above-referenced filings (*see* Exhibit A); (2) note that they were filed October 11-November 1, 2018 (in response to the Court's Order, PTO 66, Rec. Doc. 24282); (3) consider them and the substance contained within them to establish that "Good Cause" has been shown; (4) determine that the Court's Order of January 31, 2019, regarding dismissal of this case (Rec. Doc.

25356 at 19-21), be rescinded; and (5) determine that, as Good Cause has been demonstrated, Plaintiff's claims are not dismissed and may proceed hereafter.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider and retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show himself justly entitled, either at law, in equity or in Admiralty.

Respectfully submitted,

**HERD LAW FIRM, PLLC.**

By:_____
CHARLES F. HERD, JR.
TBA # 09504480
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Tel: 713-955-3699
Fax: 281-462-5180
CFH@HerdLawFirm.LAW

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of February 2019, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY:_____
Charles F. Herd, Jr.