# EXHIBIT A

E-SERVICE
62552089
Oct 11 2018
04:13PM
File & ServeXpress

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179 SECTION: J JUDGE BARBIER |

-----------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| Brian Gortney, Individually, and on behalf of Pannex Corporation<br>Plaintiff<br>vs.<br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>Defendants | § § § § § § § § § | CIVIL ACTION NO. 2:15-CV-01047 SECTION: J JUDGE BARBIER |

## **PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

COMES NOW, BRIAN GORTNEY, INDIVIDUALLY, AND ON BEHALF OF PANNEX CORPORATION, Plaintiff, and files this his Response to the Court's Order to Show Cause (Document 24875) and for good cause would respectfully show unto this Court the following:

### I.

Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which was apparently issued on April 9, 2018. See executed Exhibit A for the completed Particularized Statement of Claim.

All prior conditions set by this Court have been complied with. Plaintiff was compliant with PTO 63, as reflected in the documents filed by Defendants. Plaintiff would have timely filed

his "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court) had he or his counsel been aware of PTO 66.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he previously failed to follow the requirements of PTO 66 on behalf of his client, until now, this medical claim under B3 has been on file for several years and Defendants have been long aware of such claim. No party to this suit has been or will be prejudiced by the late filing of the Particularized Statement of the Plaintiff. Counsel for Plaintiff has further attached an Affidavit, as Exhibit B, stating the facts as recited in this Response.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider that this Court retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show himself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of October 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.

## EXHIBIT A

> *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
> **Civil Action No. 10-MD-2179-CJB-SS**
>
> **PTO 66 PARTICULARIZED STATEMENT OF CLAIM**
> **FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** ___Brian Gortney___

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:** Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

### A.     YOUR BACKGROUND INFORMATION

1.    Current address:

Address Line 1: ___PO Box 1465 (mailing)___

Address Line 2: _____

City: ___Fort Walton Beach___     State: ___FL___     Zip: ___32549___

2.    Telephone number: ___850.502.3553___

3.    Maiden or other names used or by which you have been known, and the dates during which you were known by such names: _____

4.    Date and Place of Birth: ___May 6, 1979; Canton, OH___

5.    Male ___X___     Female _____



EXHIBIT

*A*

6.      Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| See Attachment 1 | |
| | |
| | |

7.      Employment Information:

   A.      Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Self-Employed | | 2008 - Present | Technology & Business Consultant; Entrepreneur |
| | | | |
| | | | |
| | | | |

8.      Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes __X__ No_____ If "Yes," when were you out of work and why? __I have been sick and unable to work as a result of my exposure to hydrocarbons and dispersants following the oil spill.__

**B.**     **THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.     Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

   Yes_____          No__X__

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

   **1.     Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement.  (Rec. Doc. 6427-1 at 11-12, 25).)

10.    Was your cleanup work performed onshore (on land) or offshore (on the water)?

   Onshore_____          Offshore_____          Both_____

11.    Were you hired as part of the Vessels of Opportunity ("VoO") Program?

   Yes_____          No_____

12.    Did you handle hazardous materials as part of your cleanup work?

   Yes_____          No_____

13.    Please set forth the following information about your cleanup work:

   A.     Your employer(s):_____

   B.     Your supervisor(s) at the employer(s) identified in Question No. 13(A):

          _____

   C.     A description of the work performed for employer(s) identified in Question No.

          13(A):_____  .

          _____

   D.     The date(s), time(s), and location(s) you performed the work described in Question

          No. 13(C):_____

          _____

E.   The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _____

_____

F.   Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): _____

_____

**2.   Residents/Tourists**

14.   Do you allege that you were exposed to oil or chemical dispersants while a ***resident*** of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes   X     No _____

15.   Do you allege that you were exposed to oil or chemical dispersants while a ***tourist*** in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes _____     No   X

16.   List all address(es) at which you resided in 2010:   234 Pelican Pl., Destin, FL, 32541

until 3/1/10, 52 Batchelors Button Dr., Miramar Beach, FL, 32550 thereafter.

**C.   INFORMATION ABOUT YOUR B3 CLAIM**

17.   Are you claiming that you suffered damages from (*Check all that apply*):

   X   Bodily injury from exposure to oil and/or dispersants

_____ Bodily injury other than from exposure to oil and/or dispersants

_____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.     EXPOSURE CLAIMS**

18.     Were you exposed to oil, dispersants, or both?

Oil_____          Dispersants_____          Both   X

19.     How were you exposed? (*Check all that apply*)

A.     Inhalation              Yes  X          No_____

B.     Dermal (skin) contact    Yes   X        No_____

C.     Ingestion               Yes_____       No   X (to my knowledge)

D.     Other (please describe): _____

20.     What was the date(s) of your exposure?

Day: _____     Month:  See response to #21     Year: _____

21.     How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

Environmental exposure to both oil and dispersants daily/continuously from late April or early

May, 2010 through February, 2011.

_____

22.     What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

Exposure to both for the entire period (above) in Miramar Beach, FL.

_____

_____

_____

23.     For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

Daily/continuous exposure to both in the course of my daily life during the period above (#21),

and particularly whenever in proximity to the beach (~1000' from residence); a BP beach clean-

up staging area was also located ~500' away.  Visited the beach a number of times during

the period.

24.   Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _See response to #23 above._

_____

_____

_____

25.   _For cleanup workers only_:  Did you report your exposure to oil and/or dispersants to your direct supervisor?

Yes_____   No_____

26.   _If you answered "Yes" to Question No. 25,_ Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____

_____

_____

**E.   NON-EXPOSURE PERSONAL INJURY CLAIMS**

27.   For your non-exposure personal injury, please state:

A.   The nature of your injury:_____

B.   The date(s) of your injury:_____

C.   The location(s) of your injury:_____

D.   The work that you were performing when you sustained your injury:_____

_____

_____

E.   Identify any individual(s) who witnessed your injury:_____

_____

28.   Describe in as much detail as possible the circumstance(s) of your injury:_____

_____

_____

_____

**F.     INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29.     Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: <u>Starting in March 2010, I lived in Maramar Beach, Florida.  I usually ran (approximately 4 miles) daily on the footpath at the beach by my house.  My sysmptons began in May 2010. I was often at the waters edge for extended periods.</u>

30.     Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill: <u>See attached Exhibit 2.</u>

31.     On what date did you first report or seek treatment for your injury or illness: <u>I began feeling ill in May of 2010</u>

32.     On what date was your injury first diagnosed:   <u>February 6, 2011</u>

33.     Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
| Dr. Rodney Soto | 249 Mack Bayou Loop, Santa Rosa Beach, FL, 32459 |
| | |

34.    Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
| Dr. Derrick Lonsdale | 28575 Westlake Village Dr., Westlake, OH, 44145 |
| Dr. Sima Mirhashemi | 4321 Birch Street, Ste. 100, Newport Beach, CA, 92660 |
| Dr. Lester Lee | 18800 Main St., Ste. 106, Huntington Beach, CA, 92648 |
| Dr. Margarita Kullick | 5225 Wisconsin Ave., NW, Ste. 402, Washington, DC, 20015 |

35.    Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No ___X___. If *"Yes,"*

    A.    When? _____

    B.    Who diagnosed the injury (or condition) at that time? _____

        _____

        _____

    C.    Who treated the injury (or condition) at that time?_____

36.    Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

Yes ___X___ No_____. If *"Yes,"*

    A.    What date did you first experience such injury or condition?_____

    B.    What injury (or condition) was made worse? _____

            See Attachment 4 for responses to both A and B.

37.     Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Dr. Jose Jiminez | Sacred Heart Medical Group, 7720 US Hwy 98, Ste. 350, Destin, FL, 32550 |
| Dr. Rodney Soto | 249 Mack Bayou Loop, Santa Rosa Beach, FL, 32459 |
|  |  |
|  |  |
|  |  |

38.     Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

        Yes __X__    No _____

39.     Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: (a) Loss of personal income, starting May 2011 and continuing until the present date, due to illness, weakness, fatigue and inability to work. A loss of approximately $500,000.00. (b) Loss of income and growth business, Pannex Corporation, which ultimately had to be closed. Estimated loss of $2,000,000.00; (c) inability to develope and grow other businesses which I had started. Estimated loss of $500,000.00 and (d) cost of medical care in the past of more than $50,000.00, and continuing medical care in the future (a value unknown at this time).

40.     Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

        Yes_____    No __X__

        If "Yes":

        A.     From whom did you receive this compensation or reimbursement?_____

        _____

    B.      When did you receive this compensation or reimbursement?_____

_____

    C.      What was the amount of the compensation or reimbursement?_____

_____

## G.   CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

    Yes_____    No_____

42.    Was the contract that you claim was breached made as part of the VoO Program?

    Yes_____    No_____

43.    Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.    Describe how the contract was breached:_____

_____

_____

45.    *If you were part of the VoO Program*:  Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

_____

_____

_____

48.     Describe specifically how the breach of contract you allege in response to Question No. 44
        caused the damages you allege in response to Question No. 47.

_____

_____

_____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: ___October 11_____, 2018

Location (City and State): ___Alexandria, VA_____

_____
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf.  For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.*

___Brian Gortney_____
Print Name

_____
Title/Position (*if signed on behalf of a business or other entity*)

**By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:**

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn:  J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

**BRIAN GORTNEY**

**EXHIBIT 1 TO EXHIBIT A OF PTO 66**

**DOCUMENT 24282-1**

1) March 1, 2010 to February 28, 2011 – 52 Batchelor Button Drive, Miramar Beach, Florida 32549
2) Cleveland, Ohio
   a) March – October 2011
   b) August 2012 to March 2013
3) Reno, Nevada
4) Laguna Beach, California
5) Alexandria, VA – March 2013 to present



**BRIAN GORTNEY**

**EXHIBIT 2 TO EXHIBIT A OF PTO 66**

**DOCUMENT 24282-1**

**Symptoms**

From initial exposure in late April and early May 2010, either at various times or continuously, and to vary degrees, I have experienced the following symptoms related to the oil spill:

1) Respiratory: Difficulty breathing (both partial inspiration and shortness of breath), burning in the lungs.
2) Sinus: Epistaxis, bloody mucus and phlegm, burning sinuses, moderate-to-severe congestion.
3) Ocular: Irritation/burning eyes, blurry vision, conjunctivitis, floaters.
4) GI/Digestive: Nausea, vomiting, diarrhea, food allergies (resulting in inflammation, paresthesia, emotional instability), generalized GI inflammation/bloating, nutritional deficiencies, dysbiosis, poor digestion, floating stool, intestinal parasitosis.
5) Renal: Urinary tract infection, nocturia, kidney pain on urination
6) Oral: Sore throat.
7) General/Physical: Fatigue, insomnia/inability to sleep, mild-to-severe internal tremor/quivering upon waking, weight loss, loss of muscle mass, skin became extremely pale.
8) Cardiovascular: Tachycardia, lymphadenopathy, and associated pain.
9) PNS: Left side paresthesia- left arm, hand, foot, cheek.
10) CNS/Cognitive: Headache, dizziness, brain fog, difficulty focusing/concentrating, executive cognitive dysfunction, vocabulary problems, often severe medium and short-term memory problems, inability to focus, attention deficit, poor judgment, lack of motivation, anhedonia, failure to thrive.
11) Emotional: High levels of stress, mild-to-severe depression, mild-to-severe anxiety, general instability and irrationality.



## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

--------------------------------------------------------------------------------

| | | |
|---|---|---|
| Brian Gortney, Individually, and on behalf of Pannex Corporation<br>Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>Defendants | § § § § § § § § § § | CIVIL ACTION NO. 2:15-CV-01047<br><br>SECTION: J<br><br>JUDGE BARBIER |

### AFFIDAVIT OF CHARLES F. HERD, JR.

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENCE |
| COUNTY OF HARRIS | § | |

"My name is Charles F. Herd, Jr.;  I am over age 18, legally competent, and make this affidavit as my free act and deed and based upon my personal knowledge.

I am Plaintiff's counsel in the above case, as well as dozens of other cases pending or previously pending in the BP MDL and in various individual and group cases and claims related to it.

I graduated with a LL.M. in Admiralty from Tulane Law School in 1984, and since then have practiced maritime law, primarily in Houston, Texas. On August 1, 2018, I created the Herd Law Firm, but before then, I was the maritime lawyer at the Lanier Law Firm, also located in Houston, TX.

I have managed the firms' BP Oil Spill-related claims since about 2011. Many of those claims now are resolved, but some, including some B3 cases, remain open.



EXHIBIT
B

I typically get, and see, documents and pleadings filed in the Pacer system. However, I did not receive, or at a minimum did not see, this Court's order of April 9, 2018, Pretrial Order #66. I did not learn of it from any other source. I was not even aware of its existence until seeing the Court's Order of September 20, 2018, which to my surprise listed the above case, and two others I am handling, as being subject to dismissal and closure, based on some deficiency of filing. Upon further research into the issue, my staff and I discovered the existence of Order #66, on October 1, 2018.

I have checked with my legal assistant at the time, Ms. Belinda Lower, who advises that she likewise did not see, and was not aware of the existence of, this order until October 2, 2018. She normally prints out and flags important orders such as this, and she advises that she did not do so here.

I further investigated with the Lanier Law Firm I.T. department and have been advised that, once an email system becomes large (as mine is), Outlook does not assure that it will "manage" the email system fully, which it routinely does with smaller-sized email accounts. This may account for why I did not receive or see the April 9, 2018, order when it was sent.

Since I did not see Pre-Trial Order 66 until now, and was totally unaware of its contents or requirements, our office did not confer with clients, forward the "Particularized Statement of Claim" form, gather the requested details or documentation from clients, or finalize and file that claims form.

Had I been aware of Pre-Trial Order 66, or its requirements or contents, I can assure the Court that my staff and I would have been sure to have the relevant claims form and associated filings completed timely, on all such cases and claims.

I ask that the Court consider this information in granting Plaintiff the opportunity to file his Particularized Statement of Claim as ordered in PTO 66, now, and consider them timely-filed, for the reasons stated above.

FURTHER AFFIANT SAYETH NOT"

_____
Charles F. Herd, Jr.

Signed this the ___11___ day of October 2018 before the undersigned Notary Public.

_____
Pamela D. Kasperitis
Notary Public, State of Texas

PAMELA DEE ANN KASPERITIS
Notary Public, State of Texas
Comm. Expires 10-17-2019
Notary ID 5608853

E-SERVICE
62660193
Nov 12 2018
02:28PM
File & ServeXpress

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| Brian Gortney, Individually, and on behalf of Pannex Corporation,<br>Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>Defendants | § § § § § § § § § § | CIVIL ACTION NO. 2:15-CV-01047<br><br><br>SECTION: J<br><br><br>JUDGE BARBIER |

## PLAINTIFF BRIAN GORTNEY'S RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO EASTERN DISTRICT OF LOUISIANA'S PTO 66 SHOW CAUSE SUBMISSION

TO THE HONORABLE JUDGES OF SAID COURTS:

COMES NOW, Plaintiff, BRIAN GORTNEY, and files this his response to Defendant BP's Objection and Responses to Eastern District of Louisiana's PTO 66 Show Cause Submission Order, and for good cause would respectfully show unto this Court the following:

I.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's

Counsel's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

## II.

All prior conditions set by this Court have been complied with.  Plaintiff was compliant with PTO 60 and 63, as reflected in the documents filed by Defendants.  As described earlier, Plaintiff would have timely filed his "Particularized Statement of Claim" (a copy of which has previously been filed with this Court and with counsel), had he or his counsel been aware of PTO 66, when it was issued initially.

## III.

As shown above, Plaintiff has causes of action against Defendants, which were filed timely and properly.  In addition, Plaintiff  has complied with all previous orders of this Court. Defendants are not prejudiced by the late filing of the *Particularized Statement of Claims*, as they have had notice of all claims made by Plaintiff and all other orders of this Court have been complied with.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, this medical claim under B3 has been on file for several years, and Defendants have been long aware of such claim.  No party to this suit has been prejudiced by the late filing of the *Particularized Statement* of the Plaintiff.

## IV.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned counsel asks that this Court not penalize Plaintiff for his Counsel's failure to receive or see PTO 66 and timely comply with its terms.  Rather, Counsel asks that – if the Court feels

that such sanction is warranted – that it be a sanction or fine against undersigned Counsel himself, and not against the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider, retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show himself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.