UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § | MDL 2179 |
| | § | SECTION: J |
| This Document Relates to: *All Claims In Pleading Bundle B3* | § § | JUDGE BARBIER |

-------------------------------------------------------------------------------

| | | |
|---|---|---|
| Brian W. Gortney            *Plaintiff* | § § § | CIVIL ACTION NO. 2:15-cv-01047 |
| vs. | § § | SECTION: J |
| BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.            *Defendants* | § § § § | JUDGE BARBIER |

**PLAINTIFF'S RESPONSE AND MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF JANUARY 31, 2019, DISMISSING PLAINTIFF'S CLAIMS FOR NON-COMPLIANCE WITH PTO 66**

COMES NOW, BRIAN GORTNEY, Plaintiff, and files this his Response and Motion for Reconsideration to the Court's Order of January 31, 2019 (Rec. Doc. 25356), and for good cause would respectfully show unto this Court the following:

I.

Plaintiff, Brian Gortney, is a claimant in the medical illness group and a member of the B3 Bundle of Plaintiffs.

II.

Plaintiff previously filed the following documents on the following dates:

(1) Plaintiff's Response to Court's Order to Show Cause (PTO 66), filed on October 11, 2018; and

(2) Plaintiff's Response to Defendant's Objection to Plaintiff's PTO 66 Submissions, filed on November 12, 2018.

The two above-referenced documents are attached hereto as Exhibit A, and are being re-filed on today's date.

### III.

Plaintiff's counsel learned of the Order Dismissing Plaintiff's claims when it was received on January 31, 2019. (Rec. Doc. 25356). Plaintiff counsel then began doing research concerning the reference in that order indicating that the Court had not received the pleading described above, and for the first time learned on February 1, 2019, that the above referenced pleadings were filed with Lexis Nexis, File & ServeXpress ("File & Serve") (see Case No. 2:15cv01047 Case History List, attached hereto as Exhibit B), but those same filings did <u>not</u> make it to this Court. Apparently, this Court did not actually receive or have notice of the above-referenced filings, even though they had been filed through the File & Serve system.

### IV.
### FIRM TRANSITION

Plaintiff's counsel has handled the above-styled case since its inception in April 2015, including when it was transferred into the MDL 2179 on April 17, 2015. For the majority of this case's life, Plaintiff's counsel was employed by the Lanier Law Firm. At all times throughout this case, counsel has been diligent and responsive to all requirements by this Court. However, after an exhaustive search, neither counsel nor his assistant have any record of receiving notice of the Court's PTO 66 (Rec. Doc. 24282), which ultimately caused the untimely response to PTO 66 and the subsequent Show Cause Order (Rec. Doc. 24875). (More details are included in the enclosed pleadings, Exhibit A.)

In the beginning of August 2018, counsel left the Lanier Law Firm to start his own firm, the Herd Law Firm. Counsel was allowed to remain as counsel for the remaining MDL 2179 cases and take them with him to the Herd Law Firm. Counsel's legal assistant at the Lanier Law Firm did not transition firms; thus, counsel had to hire a new legal assistant. Plaintiff's counsel became aware of PTO 66 when he received the Order to Show Cause (Rec. Doc. 24875), on October 4, 2018. Plaintiff's counsel quickly prepared responses #2 and #3 above and requested that his legal assistant (now former legal assistant[1]), file the responses via the File & Serve system, which they both believed to be the MDL 2179 Master Docket for this Court.

---

[1] The former legal assistant referred to herein separated from the Herd Law Firm later in November 2018, so additional details about how she filed the former pleadings is not available.

Until January 31, 2019, when Plaintiff's counsel received the Court's Order dismissing its claim with prejudice (Rec. Doc. 25356), it was counsel's understanding that the responses were properly filed (i.e., MDL 2179 Master Docket). Upon further investigation, it was discovered that the former legal assistant submitted the responses via the File & Serve system, unaware that such filing did not simultaneously serve these pleadings within the Master Docket, as well. (*See* Exhibit B).

Both counsel and his former legal assistant erroneously thought the proper steps had been taken and completed in filing these pleadings fully, and that the Court also was receiving a copy. While there is no excuse for that mistake, it is Plaintiff's counsel's mistake alone. Plaintiff, Brian Gortney, has done nothing wrong and should not be punished by denying him his due process.

"Courts have held that the party should not be deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." *Mesa v. Unocal Corp.*, No. 01-3438, 2003 U.S. Dist. LEXIS 3355, at *7 (E.D. La. Feb. 28, 2003) (determining whether to grant a Rule 60 motion); *citing* 11 Wright & Miller, Federal Practice and Procedure § 2857 (2d ed. 1987).

## V.
## NO PREJUDICE TO DEFENDANT

Although the Court apparently did not receive the above-referenced documents when they were filed through the File & Serve system, Defendant, BP, did have notice of and received Plaintiff's filings through File & Serve, as indicated by BP's Objection and Responses to Plaintiff's PTO 66 Show Cause Submissions, filed October 25, 2018 (Rec. Doc. 25110 at 3-4). While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66, and initially failed to follow the requirements of PTO 66 on behalf of his client, until now, this medical claim under B3 has been on file for several years, and Defendants have been long aware of such claim; Defendants will not be prejudiced. In *Mesa v. Unocal Corporation*, discussing whether to grant a similar motion (a Rule 60 motion), this Court analyzed, "A number of cases hold that discretion ordinarily should incline toward granting rather than denying relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue." *Id.*

Furthermore, Defendant BP apparently knew that these filings were not received by the Court, yet made no attempt to provide the Court with any of the above three missing filings, nor did it attempt to advise Plaintiff's counsel that the prior filings had not been posted on the Court's website or that the Court did not have the filings. BP's failings in this regard contradicts the Court's recognition and admonition "that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation." (Rec. Doc. 2 at 18).

With regard to determining whether a party's neglect of a deadline is excusable, the Supreme Court has held, "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993). *See also Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998). "These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Plaintiff has met each of the above factors, of course.

Therefore, Plaintiff asks the Court to: (1) take notice of the above-referenced filings (*see* Exhibit A); (2) note that they were filed April 11, 2017, and on October 11-November 12, 2018 (in response to the Court's Order, PTO 66, Rec. Doc. 24282); (3) consider them and the substance contained within them to establish that "Good Cause" has been shown; (4) determine that the Court's Order of January 31, 2019, regarding dismissal of this case (Rec. Doc. 25356 at 19-21), be rescinded; and (5) determine that, as Good Cause has been demonstrated, Plaintiff's claims are not dismissed and may proceed hereafter.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider and retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show himself justly entitled, either at law or in equity.

Respectfully submitted,

**HERD LAW FIRM, PLLC.**

By: _/s/ Charles F. Herd_
CHARLES F. HERD, JR.
TBA # 09504480
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Tel: 713-955-3699
Fax: 281-462-5180
CFH@HerdLawFirm.LAW

**CERTIFICATE OF SERVICE**

This is to certify that on this 13th day of February 2019, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

By: _/s/ Charles F. Herd, Jr._
Charles F. Herd, Jr.

5